UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG<br>          "DEEPWATER HORIZON"<br>          in the GULF OF MEXICO,<br>          on APRIL 20, 2010, | *<br>*<br>*<br>*<br>*<br>* | MDL NO. 2179 |
| **This Document Relates To***:* | *<br>* | JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |
| *In the matter of BP Exploration &*<br>*Production Inc.*<br>**11-cv-2529** | *<br>*<br>*<br>*<br>* |  |

### STATE OF LOUISIANA'S MEMORANDUM
### IN SUPPORT OF MOTION TO REMAND

NOW INTO COURT, comes the State of Louisiana, through James D. "Buddy" Caldwell, Attorney General of the State of Louisiana, who respectfully submits this memorandum on behalf of the Louisiana Department of Environmental Quality ("LDEQ" or the "State"), and respectfully requests that this Honorable Court remand the administrative proceeding, *In the matter of BP Exploration & Production Inc.*, which has been consolidated with the above-captioned case, to the Louisiana Division of Administrative Law, for the reasons set forth below and as more fully described in the accompanying memorandum.

**II.     BACKGROUND**

On May 31, 2010, LDEQ issued a Consolidated Compliance Order & Notice of Potential Penalty ("Compliance Order") to BP Exploration & Production, Inc. ("BP"), Enforcement Tracking No. MM-CN-10-0823, pursuant to their authority granted by the Louisiana

Environmental Quality Act ("LEQA"), La. R.S. 30:2001 *et seq.*, and more specifically La. R.S. 30:2011(D)(6) and (14), La. R.S. 30:2025(C), 30:2050.2 and 30:2050.3(B).  The violations for which BP was cited resulted from the blowout, fire, and explosion of the *Deepwater Horizon*, and the resulting oil spill and activities associated therewith  These violations include (1) causing the unauthorized discharge of oil and other pollutants into the waters and coastline of the State of Louisiana in violation of La. R.S. 30:2075, 2076(A)(1)(a), and LAC 33:IX.1701.B; (2) causing the unauthorized disposal of solid waste to the waters and coastline of the State of Louisiana in violation of La. R.S. 30:2155 and LAC 33:VII.315.C; and, (3) failing to remediate the contaminated media caused by the unauthorized discharge in violation of La. R.S. 30:2077.

On June 30, 2010, BP filed a Request for Adjudicatory Hearing.  On September 2, 2011, DEQ granted the request for an adjudicatory hearing and sent the notice of decision to the Louisiana Division of Administrative Law – Environmental Quality Section ("LDAL") on September 8, 2011.  On September 16, 2011, LDAL docketed the request for a hearing – Docket No. 2011-15468-EQ – pursuant to the Louisiana Administrative Procedure Act, La. R.S. 49:950-971.  Jurisdiction is conferred to the LDAL pursuant to La. R.S. 49:991-999.

BP filed a Notice of Removal of Civil Action, removing the administrative proceeding to the United States District Court for the Middle District of Louisiana, Docket No. 3:11-cv-0655, on September 23, 2011.  BP alleges that the claims asserted by LDEQ are removable because they arise under federal law by reason of the Outer Continental Shelf Lands Act ("OCSLA") and are subject to the exclusive jurisdiction of the federal courts under the provisions of 43 U.S.C. § 1331.  BP further alleges that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims arise under OCSLA and that removal is proper under 28 U.S.C. § 1441(a) and (b).

Subsequent to Removal, the Judicial Panel on Multi-District Litigation ("JPML") issued a Conditional Transfer Order ("CTO") on September 28, 2011, and on October 6, 2011, this matter was transferred to this Court for coordinated or consolidated pretrial proceedings with MDL-2179. (Rec. Doc. 4247)  Notwithstanding the basis for removal asserted in the Notice of Removal, removal is not proper under 28 U.S.C. § 1441(a) or (b) because the Compliance Order issued by DEQ is a preliminary administrative action and is not a final agency decision or order. As a result, the Compliance Order pending before the LDAL is neither a civil action subject to judicial review, nor is it an action brought in State court.  Both of these requirements must be met in order for removal to be proper under 28 U.S.C. § 1441.  Therefore, the LDAL proceeding does not present a federal claim or right over which this Court would have original jurisdiction. The State of Louisiana respectfully requests that this Court remand this case to the LDAL in East Baton Rouge Parish.

## II.     LAW AND ARGUMENT

Removal is governed by 28 U.S.C. § 1441 and as a general matter, removal statutes are to be construed strictly against removal and for remand.[1]  Removal jurisdiction also must be strictly construed due to the significant federalism concerns associated with removal.[2]  The burden is on the removing party to show that federal jurisdiction exists and that removal was proper.[3]  The removal statute provides, in pertinent part:

> **(a)** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

---

[1] *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.ed 720 (5th Cir. 2002).
[2] *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988).
[3] *Id.* at 723, citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

3

**(b)** Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.[4]

The plain language of this statute limits removal to "civil actions" brought in "State court." Neither of those conditions existed when BP removed the Compliance Order proceedings; therefore, BP cannot show that federal jurisdiction exists or that removal was proper.

### A. The Compliance Order is Not a Final Enforcement Action Subject to Judicial Review Because the Adjudicatory Hearing is Not a Civil Action Subject to Removal.

The proceeding on which BP bases its removal is not a civil action subject to removal. LDEQ compliance orders are orders issued by the secretary requiring a respondent to comply with specified provisions of the LEQA.[5] However, compliance orders do not become final enforcement actions, i.e. enforceable, until (1) either the time period for filing a request for an adjudicatory hearing lapses without a request being filed;[6] or (2) the LDAL issues a final decision or order in an adjudication proceeding.[7] Neither requirement has occurred in this case.

Judicial review of a final agency action is provided for in La. R.S. 49:964, which provides that "a person who is aggrieved by *a final decision or order in an adjudication proceeding* is entitled to judicial review."[8] Until the adjudication proceedings are complete, the Compliance Order is not a final decision or order subject to judicial review. More importantly, because the Louisiana Legislature delegated administrative adjudications of LDEQ compliance

---

[4] 28 U.S.C. § 1441(a) and (b).
[5] La. R.S. 30:2004(19).
[6] La. R.S. 30:2050.2(C).
[7] La. R.S. 30:2050.5; La. R.S. 49:958.
[8] La. R.S. 49:964(A) (emphasis added).

4

orders to the LDAL in the first instance, an LDEQ determination, and the administrative review thereof, is not a civil action.

In *Wooley v. State Farm*,[9] the Louisiana Supreme Court opined that the APA does not confer judicial power on an executive branch agency. *Wooley* involved an action brought by the Commissioner of Insurance requesting declaratory and injunctive relief on the constitutionality of the provisions of the APA that created the LDAL and provided for the authority of administrative law judges ("ALJ").[10] In holding that the adjudication at issue in *Wooley* was not a "civil matter" within the meaning of La. Const. Art. V., Sec. 16(A),[11] the Court reasoned:

> [A]dministrative agencies are a governmental hybrid whereby they exercise powers similar to those exercised by all three branches of our government. *Albe v. Louisiana Worker's Comp. Corp.*, 97-0581, p. 8 (La. 10/21/97), 700 So.2d 824, 828. While the adjudicative and fact-finding powers exercised by the ALJ mimic those exercised by Article V courts, *see id*., we conclude that they occurred in the regulatory context and were a quasi-judicial function rather than a strictly judicial function.
>
> ***
>
> A quasi-judicial function is one that involves the use of some discretion, but is of a different type than a judicial decision. *Hood Motor Co. Inc. v. Lawrence*, 320 So.2d 111, 115 n. 4 (La. 1975). The function is somewhere between strictly judicial and ministerial. *Id*. The legislature has frequently vested quasi-judicial authority in administrative agencies. *In the Matter of American Waste & Pollution Control Co.*, 588 So.2d 367, 369 (La. 1991).[12]

---

[9] 893 So.2d 746 (La. 2005).
[10] *Id*. at 750.
[11] *Id*. at 763 (La. Const. art. V, sec. 1 vests the judicial power of the state in the courts making up the judicial branch of government, the supreme court, courts of appeal, district courts, and other constitutionally-authorized courts; article V, section 16 grants courts original jurisdiction of all civil and criminal matters and appellate jurisdiction as provided by law).
[12] 893 So.2d 746, 763-64; *see also American Waste*, 588 So.2d 367, 372 (holding that DEQ determinations are not civil matters within the meaning of La. Const. art. V, sec. 16(A) because the Constitution's grant of original jurisdiction in all civil matters to the district courts contemplates first instance judicial adjudications); *Moore v. Roemer*, 567 So.2d 75, 79 (La. 1990) ("[o]riginal jurisdiction refers to jurisdiction in the first instance" and "designates the adjudicative tribunal in which the initial adjudication is made").

The Louisiana Supreme Court, relying in part on *American Waste*, concluded that the administrative adjudication was not a civil matter because it was not within the district courts' constitutional grant of original jurisdiction.[13]

By removing the adjudicatory hearing regarding the Compliance Order, BP is purportedly asking this Court either to act in place of the LDAL and perform an administrative function that has been statutorily delegated to a State executive branch agency or to take cognizance of a judicial adjudication that has not yet occurred. However, both scenarios exceed this Court's jurisdiction. The constitutional courts of the United States may only exercise judicial power and without a specific grant of authority, this Court may not exercise administrative powers.[14] This Court cannot step into the shoes of the LDAL to review an action by LDEQ that is not yet a final action. Further, because there has been no final agency action in this case, judicial review is not available before the conclusion of the administrative adjudication.

In *F.T.C. v. Standard Oil Co. of California*,[15] the United States Supreme Court held that a complaint issued by the Federal Trade Commission ("FTC") was not a final agency action and therefore was not judicially reviewable.[16] In that case, the FTC issued a complaint alleging that FTC has reason to believe that the defendants were violating Section 5 of the Federal Trade Commission Act.[17] While adjudication of the complaint was pending before an ALJ, the defendants brought an action in federal district court seeking an order declaring the complaint

---

[13] 893 S0.2d 746, 765.
[14] *Postum Cereal Co. v. California Fig Nut Co.*, 272 U.S. 693 (1927); *see also Loop, Inc. v. Collector of Revenue*, 523 So.2d 201, 203 (La. 1987) (for the purpose of judicial review of administrative action, district courts are courts of limited jurisdiction and only have appellate jurisdiction to review administrative decisions as provided by the legislature or constitution); *Metro Riverboat Assoc., Inc. v. Louisiana Gaming Control Bd*, 01-0185 (10/16/11), 680 So.2d 656.
[15] 449 U.S. 232 (1980).
[16] *Id.*
[17] *Id.*

unlawful. The Supreme Court reversed the Court of Appeals and remanded for the dismissal of the complaint, stating:

> [T]he effect of the judicial review sought by Socal is likely to be interference with the proper functioning of the agency and a burden for the courts. Judicial intervention into the agency process denies the agency an opportunity to correct its own mistakes and to apply its expertise. *Weinberger v. Salfi*, 422 U.S. 749, 765, 95 S.Ct. 2457, 2466, 45 L.Ed.2d 522 (1975). Intervention also leads to piecemeal review which at the least is inefficient and upon completion of the agency process might prove to have been unnecessary. *McGee v. United States*, 402 U.S. 479, 484, 91 S.Ct. 1565, 1568, 29 L.Ed.2d 47 (1971); *McKart v. United States*, 395 U.S. 185, 195, 89 S.Ct. 1657, 1663, 23 L.Ed.2d 194 (1969).[18]

The adjudicatory proceeding pending before the LDAL for a review of LDEQ's Compliance Order is not a civil action for purposes of 28 U.S.C. § 1441. Further, because the Compliance Order is not a final agency action, judicial review of the Order is not proper until the conclusion of the LDAL administrative proceedings. The removal of this matter was improper and Louisiana respectfully requests that this Court remand the proceeding to the LDAL.

### B. Removal Was Improper Because the Compliance Order Was Not Brought in State Court.

This Court has authority to remand this matter because it is not a civil action subject to removal. Moreover, additional authority exists for remand because BP removed the matter from a State agency, not a State court. The plain language of 28 U.S.C. § 1441(a) clearly and conclusively authorizes removal only of a "civil action brought in a **State court** of which the district courts of the United States have original jurisdiction…" (emphasis added) *In the matter of BP Exploration & Production, Inc.* is an administrative enforcement action that, prior to removal, was pending before a State executive branch agency. The enforcement action was submitted to the LDAL to conduct an adjudicatory hearing pursuant to La. R.S. 30:2050.4(G)(1), which requires adjudicatory hearings to "proceed pursuant to the applicable rules of the

---

[18] *Id*. at 242.

department and the Administrative Procedure Act" ("APA").[19] The APA creates the LDAL, which is a division of the State created within the Louisiana Department of State Civil Service. La. R.S. 49:991. There is no doubt that the LDAL is a state agency and not a state court; therefore, the removal of this action was improper.

The Fifth Circuit has previously held that a state administrative enforcement action is not an action brought in state or federal court.[20] *Lockett v. EPA* involved a suit filed by property owners against the Environmental Protection Agency alleging violations of the Clean Water Act ("CWA"). At issue in that case was whether LDEQ's diligent prosecution of an administrative penalty under state law against the polluter barred the citizen suit.[21] Section 1365(a)(1) of the CWA allows citizens to sue any person who is alleged to be in violation of an effluent standard of limitation, subject to two exceptions.[22] First, citizens cannot file suit "if the Administrator [of the EPA] or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order."[23] Second, citizens are barred from filing suit for any violation "with respect to which a State has commenced and is diligently prosecuting an action under a State law comparable to this subsection…"[24]

Prior to the filing of the citizen suit, LDEQ issued a Compliance Order to the polluter for various violations at its water treatment facility.[25] As a result, the Fifth Circuit held that the restriction on citizen suits found in § 1365(a)(1) was not applicable "as neither the EPA nor the

---

[19] *See also* Louisiana Administrative Procedure Act, La. R.S. 49:950-971 and 49:991-999.
[20] *Lockett v. E.P.A.*, 319 F.3d 678, 683 (5th Cir. 2003).
[21] *Id.*
[22] 33 U.S.C. § 1365(a)(1).
[23] *Id.*
[24] 33 U.S.C. § 1319(g)(6).
[25] 319 F.3d 678, 681.

DEQ has brought an action in either state or federal court."[26] Here, as in *Lockett*, LDEQ issued a compliance order against BP under the LEQA, and the Fifth Circuit has unequivocally held that a LDEQ compliance order is not a civil action brought in state court.[27]

Statutory interpretation begins with the text of the statute and must be interpreted according to its plain language.[28] The language of the removal statute unambiguously refers to state courts; therefore, 28 U.S.C. § 1441(a) does not authorize the removal of administrative actions from state agencies not vested with judicial power. Because the administrative proceedings related to the Compliance Order were not brought in a "State court," this Court does not have independent jurisdiction or arising-under jurisdiction. As such, Louisiana respectfully requests that this Court remand *In the Matter of BP Exploration & Production Inc.* to the LDAL.

### C. That Louisiana Has Pending Actions In This Multidistrict Litigation Against BP that Contain Allegations Similar to Those in the Compliance Order Does Not Provide Grounds for Removal.

With no jurisdictional grounds on which to base removal, BP attempts to defend the removal of this administrative proceeding by stating that the allegations in the Compliance Order are similar to allegations made by the State in two other actions filed against BP that have been consolidated with MDL-2179.[29] In the State of Louisiana's First Amended Complaint (Rec. Doc. 2031), Louisiana asserted claims for civil penalties and costs pursuant to LEQA for the unauthorized discharge of oil, gas and other pollutants into the waters of the State and adjoining coastline of Louisiana as a result of the Gulf Oil Spill.[30] These claims are based on this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because LEQA claims are so related to

---

[26] *Id.* at 683.
[27] Interestingly, the compliance order resulted in a penalty assessment against the polluter, which led to a request for and the granting of a LDEQ adjudicatory hearing. *Id.* at 681. That an adjudicatory hearing was commenced did not alter the Court's finding that the administrative enforcement action was not a civil action brought in state court.
[28] *State of Alabama v. Marshall*, 626 F.2d 366 (5th Cir. 1980).
[29] BP's Notice of Removal of Civil Action, p. 3,, *In the Matter of BP Exploration & Production, Inc.*, Middle District of Louisiana, 3:11-cv-0655 (Rec. Doc. 1).
[30] Louisiana First Amended Complaint (Rec. Doc. 2031), ¶ 10, p. 5.

9

other claims in Louisiana's Complaint.  The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition cannot base subject-matter jurisdiction on the supplemental-jurisdiction statute.[31]

Additionally, the LEQA claims asserted in Louisiana's First Amended Petition were brought pursuant to La. R.S. 30:2025(B), which authorizes Louisiana to file civil actions to recover damages and penalties for violations of LEQA. Notably, subsection (c) of this provision preserves the State's authority to file "other actions or proceedings which are authorized by Subsections…C…of this Section or by any other provision of this Subtitle."[32]  The Compliance Order that is the subject of the current removal was issued by LDEQ pursuant to, *inter alia*, La. R.S. 30:2025(C), authorizing compliance orders and emergency cease and desist orders. Therefore, the LEQA does not prohibit the State from filing administrative proceedings concurrently with a civil action.  Finally, this Court exercises jurisdiction over the civil action for penalties pursuant to its supplemental jurisdiction and 28 U.S.C. § 1367 does not provide a basis for removal jurisdiction.

## III.   CONCLUSION

28 U.S.C. § 1441 limits removal to "civil actions" brought in "State court."  The LDAL administrative proceeding regarding the Compliance Order is not a civil action, nor was it brought in, or removed from, a State court.  Removal statutes are to be construed strictly against removal and for remand, and in this case, BP cannot show that federal jurisdiction exists or that

---

[31] *In re Estate of Tabas,* 879 F.Supp. 464 (E.D.Pa.1995); *Zewe v. Law Firm of Adams & Reese,* 852 F.Supp. 516, 520 (E.D.La.1993) ("a district court does not have supplemental jurisdiction under 28 U.S.C. § 1367 to entertain the merits of claims in a state court proceeding which was removed without original jurisdiction); *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir.1995) (§ 1367(c)(3) did not apply where the district court never had original jurisdiction).
[32] La. R.S. 30:2025(B)(1)(c).

removal was proper. The State of Louisiana respectfully requests that this Court remand this proceeding to the LDAL.

Dated this 24th day of October, 2011

Respectfully Submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL | KANNER & WHITELEY, LLC |
| | /s/ Allan Kanner |
| James Trey Phillips | Allan Kanner |
| First Assistant Attorney General | Elizabeth B. Petersen |
| Megan K. Terrell | David A. Pote |
| Assistant Attorney General | Douglas R. Kraus |
| Section Chief –Environmental | 701 Camp Street |
| State of Louisiana | New Orleans, LA 70130 |
| P.O. Box 94005 | Telephone: (504) 524-5777 |
| Baton Rouge, LA 70804-9005 | **Special Counsel for Plaintiff** |
| Telephone: (225) 326-6708 | **Attorney General, State of Louisiana** |
| | |
| HENRY DART,<br>ATTORNEYS AT LAW P.C. | USRY, WEEKS, &<br>MATTHEWS, APLC |
| /s/ Henry T. Dart | /s/ T. Allen Usry |
| Henry T. Dart | T. Allen Usry |
| Grady J. Flattmann | 1615 Poydras St. |
| 510 N. Jefferson St. | Suite 12 |
| Covington, LA 70433 | New Orleans, LA 70112 |
| Telephone: (985) 809-8093 | Telephone: (504) 592-4641 |
| **Special Counsel for Plaintiff** | **Special Counsel for Plaintiff** |
| **Attorney General, State of Louisiana** | **Attorney General, State of Louisiana** |
| | |
| SHOWS, CALI, BERTHELOT &<br>WALSH, LLP | MARTEN LAW, PLLC |
| | /s/ Bradley M. Marten |
| /s/ E. Wade Shows | Bradley M. Marten |
| E. Wade Shows | Linda R. Larson |
| 628 St. Louis Street | 1191 Second Avenue |
| Baton Rouge, LA 70802 | Suite 2200 |
| Telephone: (225) 346-1461 | Seattle, WA 98101 |
| **Special Counsel for Plaintiff** | (206) 292-2600 |
| **Attorney General, State of Louisiana** | **Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing State of Louisiana's Motion to Remand has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of October, 2011.

                                                            Kanner & Whiteley, L.L.C.

                                                            _/s/ Allan Kanner_____