**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig      *      **MDL No. 2179**
"Deepwater Horizon" in the Gulf      *
of Mexico on April 20, 2010      *      **SECTION "J"**
     *      **JUDGE BARBIER**
**This Document Relates to:**      *
**No. 10-2771**      *
     *      **MAGISTRATE NO. 1**
     *      **MAGISTRATE SHUSHAN**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF ANADARKO ENTITIES
IN RESPONSE TO MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
REGARDING THE ALLEGED FAULT OF NON-PARTIES
AND/OR IMMUNE PARTIES (INCLUDING THE UNITED STATES)**

**MAY IT PLEASE THE COURT:**

       Anadarko Petroleum Corporation ("APC") and Anadarko E&P Company LP ("AE&P")

(collectively, "Anadarko") respectfully submit their memorandum in response to the Motion *in*

*Limine* of the Claimants-in-Limitation (hereafter "PSC"), seeking to exclude evidence of the

alleged "fault" of non-parties and/or immune parties, particularly the United States of America.

[Rec. Doc. 4158].

       First, the PSC's Motion should be denied because it fails to identify any specific evidence

to be excluded.  Second, to the extent that the PSC seeks to exclude all evidence of the United

States' conduct from the trial, the Motion must be denied because it is fatally overbroad.  Even if

the United States is statutorily immune from liability, evidence of the United States' conduct at

all stages of the incident is critical to a full understanding of the casualty and oil spill and cannot

be excluded from the trial.  Moreover, evidence of even a statutorily immune party's conduct is

relevant and necessary to adjudication of other parties' cross-claims for contribution and

indemnity and the associated allocation of fault amongst defendants that are not immune from liability to the Plaintiffs.

I.    **ARGUMENT**

    A.    **Standard Applicable to Motions *in Limine*.**

    Evidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds. *Fair v. Allen*, Civ. A. No. 09-2018, 2011 WL 830291, at *1 (W.D. La. 2011) (*citing Hawthorne Partners v. AT & T Tech., Inc*., 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)).  The Fifth Circuit has also cautioned against motions *in limine* that are "made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial." *Collins v. Wayne Corp*., 621 F.2d 777, 784 (5th Cir. 1980).

    B.    **The PSC's Motion *in Limine* is Fatally Vague because the PSC Fails to Identify Any Specific Evidence to be Excluded.**

    The PSC fails to apprise the Court or the parties of the specific evidence it challenges. The PSC points to no specific evidence in the record, expert reports, or deposition transcripts, as examples of evidence of "fault" that must be excluded from trial.  Nor does the PSC specify what evidence would actually be excluded were the Motion to be granted.   This failure alone is sufficient to deny the Motion. *See, e.g., Sellers v. Canada Life Assur. Co.*, No. Civ.A. 00–1388, 2002 WL 58542, at *1 (E.D. La., Jan. 11, 2002) (denying motion *in limine* because it did not provide enough detail about specific items to be excluded) (Barbier, J.).

    Instead, the PSC in effect seeks a blanket ruling as a matter of law that the United States cannot be found to bear any measure of "fault" for the incident.  Motion at 4-8.  Thus, the PSC has not presented the Court with "an evidentiary issue that can be addressed in an *in limine* motion" and the Motion must be denied. *Johnson v. Big Lots Stores, Inc.*, 253 F.R.D. 381, 386

(E.D. La. 2008) (Vance, J.) (denying motion *in limine* that did not seek exclusion of evidence, but instead sought ruling on abstract issue of the parties' legal burdens).[1]

   C.   **Evidence of the Conduct of the United States Before and After the Incident is Relevant to Cross-Claims for Contribution and Indemnity and Cannot Be Excluded from the Trial.**

To the extent the PSC seeks the exclusion of evidence of all conduct of the United States, the Motion is grossly overbroad, and must be denied. With respect to Phase One of the trial, evidence of the United States' conduct before the explosion and oil spill is an essential component of the facts of the case, without which the incident cannot be fully understood.[2] For example, the MMS was involved at nearly every relevant stage of the incident, from the issuance of the minerals lease for Macondo Block 252 to BP, to the MMS's approval of the assignments of BP's lease interests to the Non-Operating Parties, and to the MMS's approval of BP's temporary abandonment operations at the Macondo Well.

Similarly, with respect to Phases Two and Three of the trial, the Coast Guard played an integral role in all post-explosion, oil spill containment and mitigation activities to be considered in those Phases. Even if the PSC were correct that evidence relevant to statutorily immune parties cannot be considered in a general allocation of fault, evidence of the Government's conduct is still plainly relevant to the defendants' cross-claims against each other for

---

[1]    Anadarko asserts no claims against the United States for contribution or indemnity and takes no position at this time on the question of whether the United States is immune from liability or can be found to bear "fault" for the incident. Anadarko does not waive, and expressly reserves, the right to assert that the United States bears some measure of fault for the incident.

[2]    In contrast to the conduct of the United States, Anadarko's mere knowledge of or access to information about well design and/or operations on the Macondo Prospect has already been held not to have given rise to any duty to act on the part of Anadarko. Therefore, as a matter of law, Anadarko's knowledge or access to information did not cause or contribute to the casualty or oil spill, and is irrelevant to the appropriate allocation of fault to other defendants, or any other disputed issue of fact. *See* Motion *in Limine* to Exclude Evidence Regarding the Anadarko Entities' Knowledge or Access to Information About Well Design and/or Operations on the Macondo Prospect from the Limitation of Liability Trial [Rec. Doc. 4319].

contribution and indemnity that likely will be at issue in all Phases of the Trial, and cannot practically be excluded.

In a comparative fault system, whether a party or non-party to a litigation may be immune from liability to the plaintiff is irrelevant to whether, as a factual matter, the immune party in some way caused or contributed to the plaintiff's injuries.  *See, e.g., Washington v. Department of Transportation,* 8 F.3d 296, 299 (5th Cir. 1993) (applying Louisiana law, court ruled that evidence of statutorily-immune employer's fault must be admitted in employee's injury action against third-party tortfeasor).  Such evidence is relevant to claims for contribution and indemnity, and the associated allocation of fault, amongst joint tortfeasors who do not enjoy immunity from liability.  *See, e.g., Espaniola v. Cawdrey Mars Joint Venture,* 707 P.2d 365, 372-73 (Haw. 1985) (holding evidence of statutorily immune employer's negligence was admissible for allocation purposes, and not for liability purposes).  For example, evidence related to the United States' conduct or fault may be relevant to issues of intervening and/or superseding cause, that might cut off a defendant's liability to Plaintiffs entirely.  *See, e.g., Grand Acadian, Inc. v. Fluor Corp.,* 2:07 CV 295, 2010 WL 1253530, at *3 (W.D. La., Mar. 29, 2010) (denying motion *in limine* to exclude evidence related to separate lawsuit against non-party Federal Emergency Management Agency, because evidence was "relevant to the issues of intervening/superseding cause and comparative fault" between parties).

The PSC erroneously relies only on cases in which joint tortfeasors' claims against each other for contribution and indemnity were not before the court and so, unlike this case, allocation of fault was not necessary at trial.[3]  *Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716,

---

[3]      Moreover, the Eleventh Circuit's holding in *Ebanks v. Great Lakes Dredge & Dock Co*., 688 F.2d 716, 722 (11th Cir.1982) was based on the assumed propriety of subsequent contribution claims against settling defendants, an assumption no longer valid after *McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994) (adopting the "proportionate share rule" that settling defendants settle only their proportionate

722 (11th Cir. 1982), on which the PSC heavily (but erroneously) relies, illustrates this point. In *Ebanks* the jury was asked to consider whether one defendant, Great Lakes, was liable to one plaintiff, Ebanks, under the Jones Act. The Eleventh Circuit held that it was error for the district court to instruct the jury to allocate fault for the plaintiff's injuries between Great Lakes and other potentially responsible non-parties, because "[i]f the jury had found the causation in the negligence which it found against Great Lakes, and Great Lakes considered that the total amount of damages for the injuries received by these plaintiffs was disproportionate for it to bear, it could have obtained contributions against Chevron, as it had already undertaken to do, in a different proceeding." *Id.* at 722. The distinction with this case is obvious. Here, the defendants have cross-claimed against each other for contribution in the same case in which the Plaintiffs' claims are to be adjudicated, and the Court has already ruled that evidence related to the defendants' cross-claims is to be addressed in the Limitation of Liability Trial.[4] PTO 41 [Rec. Doc. 4083] at 2.

Because here both the Plaintiffs' claims and the defendants' cross-claims for contribution and indemnity are to be adjudicated in the same trial, all evidence relevant to allocation of fault between the defendants is relevant and should not be excluded. *See, e.g., Bordelon v. Consolidated Georex Geophysics*, 628 F. Supp. 810, 812 (W.D. La. 1986) (holding that evidence of settling joint tortfeasor's fault is relevant in trial in order to apply comparative fault); *Geyer v. USX Corp.*, 896 F. Supp. 1440, 1450 (E.D. Mich. 1994) (allocation of fault for purposes of plaintiff's claims against defendants and defendants' contribution claims occurs at trial).

---

share of fault, and cannot sue or be sued for contribution unless they extinguish the entire indebtedness to the plaintiff).

[4]     *Cimino v. Raymark Industries, Inc.* 151 F.3d 297, 327 (5th Cir. 1998) and *Gideon v. Johns-Manville Sales Corp.*, 761 F.2d 1129, 1140-41 (5th Cir. 1985), on which the PSC also rely, are inapposite, because neither involved joint tortfeasors cross-claims against each other for contribution and indemnity.

## II.      CONCLUSION

The PSC's Motion in *Limine* should be denied because it is vague and ambiguous, in that it fails to identify any specific evidence to be excluded.  Additionally, the Motion is overbroad, because even if the United States is immune from liability, evidence of the United States' conduct is essential to a full understanding of the facts of the case, and relevant to the contribution and indemnity claims of the non-immune parties.  The Court should deny the PSC's vague and overbroad Motion *in Limine* to exclude all evidence of the "fault" of the United States from the Limitation of Liability Trial.

Respectfully submitted,

DATED: Oct. 24, 2011                     BINGHAM McCUTCHEN LLP

/s/ *Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on October 24, 2011.

_____/s/ *Ky E. Kirby*_____
Ky E. Kirby