UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § | MDL No. 2179 <br> SECTION: J <br> JUDGE BARBIER <br> MAG. JUDGE SHUSHAN |
| Applies to:   10-2771 and All Cases | | |

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO FILE A SECOND AMENDED CROSS-CLAIM**

Pursuant to Federal Rule of Civil Procedure 72(a) and E.D. La. LR 72.2, Defendant Halliburton Energy Services, Inc. ("HESI"), files this Brief in Support of Motion to Review and Objection to Magistrate's Order Denying HESI's Motion for Leave to File Second Amended Cross-Claim, asking this Court to reconsider Magistrate Shushan's Order Denying HESI's Motion for Leave to File Second Amended Cross Claim (Dkt. No. 4267) and in support of the same, respectfully shows the Court as follows:

## INTRODUCTION

On October 11, 2011, Magistrate Shushan denied HESI's Motion for Leave to File Second Amended Cross-Claim, ("HESI's Motion for Leave"). Dkt. No. 4267. As discussed in HESI's Motion to Review,[1] HESI sought leave to file a second amended cross-claim against BP Exploration & Production, Inc. ("BP Exploration"), BP America Production Company ("BP

---

[1] "HESI's Motion to Review" means HESI's Motion to Review and Objection to Magistrate's Order Denying HESI's Motion for Leave to File Second Amended Cross-Claim.

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-CLAIMS**   Page 1 of 10

1768841 v2-24010/0002 PLEADINGS

America") and BP p.l.c. (collectively the "BP Entities" or "BP"), Dkt. No 3893, to amend its cross-claims against BP to add two additional fraud claims based upon newly discovered evidence.[2]  *See id*.  Specifically, HESI's proposed amended cross-claim adds claims against BP based on evidence that BP knew pre-Incident that the most shallow hydrocarbon zone (the "Concealed Sand") in the Macondo Well's production interval was significantly higher than it had represented to HESI both before and after the Incident.

> The parties briefed the issues related to HESI's Motion for Leave as follows:
>
> 1. Opposed Motion for Leave to File Second Amended Cross-Claims  (Dkt. No. 3893) ("HESI's Motion for Leave");
>
> 2. BP's Opposition to HESI's Motion for Leave to File Second Amended Cross-Claims  (Dkt. No.  4067) ("BP's Opposition");
>
> 3. HESI's Reply to BP's Opposition to HESI's Motion for Leave to File Second Amended Cross-Claims.  (Dkt. No.  4150) ("HESI's Reply");
>
> 4. BP's Response to HESI's Reply in Support of Its Motion for Leave to File Second Amended Cross-Claim (Dkt. No.  4187) ("BP's Response"); and
>
> 5. HESI's Sur-Reply to BP's Response to Halliburton's Reply in Support of its Motion for Leave to File Second Amended Cross-Claim (Dkt. No. 4270) ("HESI's Sur-Reply").

HESI incorporates into this memorandum its briefing in HESI's Motion for Leave, HESI's Reply, and HESI's Sur-Reply and the exhibits referenced therein.[3]  Dkt. No. 3893 (with Ex. A); Dkt. No. 4150 (with Exhs. 1-19); Dkt. No. 4270.

---

[2] The newly discovered evidence establishes that BP knew, pre-Incident, critical facts regarding the shallowest hydrocarbon zone (the "Concealed Sand") in the Macondo well's production interval and yet BP failed to disclose this information.  This new evidence was discovered during day one of the deposition of Galina Skripnikova, whose deposition was not taken until July 7, 2011, well after the deadline to file cross-claims in the Limitation Proceeding.

[3] Most of the exhibits were filed under seal by direct transmission to Magistrate Shushan's chambers.  HESI files these exhibits under seal here, as attachments to its Motion for Leave to File Exhibits Under Seal in compliance with E.D. La. LR 5.6.

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO**
**MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO**
**FILE SECOND AMENDED CROSS-CLAIMS**                               Page 2 of 10

Pursuant to Federal Rule of Civil Procedure 9(b), HESI's proposed amended cross-claim adds factual allegations stating, with particularity, the circumstances constituting BP's fraud.  *See* HESI's Motion for Leave, Ex. A at ¶¶ 61-80.  These allegations detail the importance of accurate information related to the highest hydrocarbon bearing zone in order to place the top of the cement ("TOC") so as to comply with federal regulations and to properly cement a well.  *See* 30 C.F.R. § 250.421.

## ARGUMENT AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 72(b)(3), this Court's review of Magistrate Shushan's Order is de novo.  *See* Fed. R. Civ. P. 72(b)(3).  Specifically, in reviewing HESI's Motion to Review and Brief in Support, this Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate with instructions."  *Id.*

**I.    THE COURT'S APRIL 20, 2011, DEADLINE SHOULD NOT BAR THE ADDITION OF CLAIMS.**

This Court's Stipulated Order Governing Deadlines in Connection with Petitioners' Rule 14(c) Third-Party Complaint and Certain Bundle C Pleadings (Dkt. No.  1730) provides a May 20, 2011 deadline for filing "[a]ll Cross-claims by 14(c) Third-Party Defendants (including the United States Government) against any other 14(c) Third Party Defendant (except for the United States Government against which cross-claims are due on 4/20/11)."  This deadline is only applicable to the Limitation Proceeding.  *See* Dkt. No.  1730-1.  No deadline is in place for filing

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO
MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO
FILE SECOND AMENDED CROSS-CLAIMS**                                                                                          **Page 3 of 10**

1768841 v2-24010/0002 PLEADINGS

cross-claims in cases pending in the MDL. *See id.* Thus, at a minimum, HESI should be allowed to file its Second Amended Cross-Claims in MDL 2179.

Moreover, given the breadth of discovery in this proceeding, the relatively short amount of time since the Incident and the months left before trial, allowing HESI to add these claims at this stage in the litigation would not prejudice BP nor would it impact the February, 2012 Phase One trial.

## II. HESI DID NOT DISCOVER THAT BP KNEW, PRE-INCIDENT, ABOUT THE CONCEALED SAND UNTIL GALINA SKRIPNIKOVA'S JULY 7, 2011 DEPOSITION.

Galina Skripnikova, a BP petrophysicist, examined the lithology and wireline data for the Macondo Well and classified or identified the various zones in the well. *See* Depo. of R. Bodek 438:15-25, 439:1-5; *see* Exhibit 12. During Phase One discovery, BP witnesses repeatedly deferred to Skripnikova, testifying that she "would have the proper tool to analyze the full suite of data that was collected on the wellbore to analyze these zones" (Depo. of C. Bondurant 216:1-18; *see* Exhibit 13) and that Galina Skripnikova was "responsible" for identifying the hydrocarbon zones in the well. *See* Depo. of G. Vinson (6/24/11) 53:11-18; *see* Exhibit 14. Thus, it is not surprising that HESI learned — for the first time — that BP knew of the existence of a shallower hydrocarbon-bearing sand ("Concealed Sand") *before* HESI's cementing job, the explosion and well blowout during Skripnikova's July 7, 2011 deposition. The identification of the higher zone is critical to the location and placement of the TOC. BP previously represented to HESI that the most-shallow hydrocarbon-bearing sand was significantly shallower than the Concealed Sand, which, unbeknownst to HESI, caused the TOC to be noncompliant with MMS regulations. BP's prior representations were key in the design of the cement job for the Macondo

BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO
MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO
FILE SECOND AMENDED CROSS-CLAIMS                               Page 4 of 10

1768841 v2-24010/0002 PLEADINGS

Well.  Indeed, had HESI known about the Concealed Sand, HESI would not have pumped the job unless, and until, BP made or approved changes to the cement plan or well design.

As she conceded in her July testimony, Skripnikova sent an email to her colleagues on April 13, 2010 discussing BP's initial assessment that the shallowest hydrocarbon-bearing sand in the Macondo well was located deeper than the Concealed Sand.[4]  After sending the email, Skripnikova returned to her land-based office and, after having several engineers look into the issue, BP identified the Concealed Sand as probable gas.  *See* Depo. G. Skripnikova 211:4-25, 212:1-3.  *See* Dkt. No.  4150, Ex. 1.[5]  Skripnikova further testified:

> Q:   So here's my question:  When was this more data available such that this analysis which caused you-all to highlight as a probable hydrocarbon zone, the [Concealed Sand], when was that analysis done?
>
> A:   The analysis was done the day of the incident.
>
> Q:   The day of the incident?
>
> A:   Yes.
>
> Q:   After the cement job was done, right?
>
> A:   Yes.

*Id*. at 212:4-16; *see also* HESI Reply at 4-6.[6]  While HESI did depose other BP witnesses before Skripnikova and queried the deponents regarding the sands in the Macondo well, those witnesses pointed to Skripnikova as the individual with requisite and particular knowledge on the issue, sufficient to support HESI's fraud claim against BP.  *See* HESI Reply at 6-8.

---

[4]  BP-HZN-MBI 00126430, previously attached as Exhibit 2, but filed under seal.

[5] HESI and BP filed exhibits under seal with their briefing to the Magistrate Shushan.  Those exhibits are cited by the same exhibit numbers used in the previously filed briefing.

[6] Testimony modified due to confidentiality concerns.

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO
MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO
FILE SECOND AMENDED CROSS-CLAIMS**                                                   Page 5 of 10

As Phase One discovery continued, HESI learned additional information supporting its fraud claims against BP that initially came to light in Skripnikova's deposition. Specifically, during the September 27, 2011 deposition of Victor Emanuel, HESI confirmed that BP had Schlumberger logs available to it prior to the Incident showing that the Concealed Sand was potentially hydrocarbon bearing and that it had been flagged as a "net pay sand[]." *See* Dkt. No. 4150, Ex. 19.

HESI has been diligent in its discovery and analysis of the enormous amount of data contained in the volumes of documents and depositions in this case. While BP complained to Magistrate Shushan that documents produced prior to April 20, 2011 disclosed the existence of the Concealed Sand, BP confuses its post-Incident knowledge with regard to the Concealed Sand with the fact that BP *knew* about this shallow hydrocarbon-bearing sand *before* the Incident yet failed to advise HESI so that it could incorporate this critical information into its cement modeling. *See* HESI Reply at 5-6. Other pre-Incident and post-Incident communications BP cited to Magistrate Shushan provide no support for BP's allegation that HESI knew or should have known of BP's pre-Incident knowledge of the shallower hydrocarbon zone prior to Skripnikova's deposition.

None of the post-Incident documents BP cited nullifies Skripnikova's deposition testimony that BP knew, on the very day of the Incident, that a shallower hydrocarbon-bearing zone existed in the Macondo well. Likewise, the post-Incident documents BP cited do nothing to alter the evidence, obtained for the first time in the Skripnikova deposition, that BP had pre-Incident knowledge that the Concealed Sands probably contained hydrocarbons.

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-CLAIMS**                                                                      **Page 6 of 10**

1768841 v2-24010/0002 PLEADINGS

At Skripnikova's deposition, HESI obtained evidence, for the first time, that BP not only negligently failed to identify and evaluate the sands in the Macondo well, but also had actual knowledge of potential hydrocarbon-bearing sands significantly higher in the production interval of the well than those disclosed during the planning of the cement job.  This evidence, newly discovered after this Court's deadline for cross-claims in the Limitation Proceeding but while Phase One discovery was still ongoing, supports an Order from this Court granting HESI's Motion and allowing the filing of HESI's Second Amended Cross-Claim.

### III. GRANTING HESI'S MOTION FOR LEAVE WILL NOT DELAY THE FEBRUARY 2012 PHASE ONE TRIAL SETTING OR REQUIRE ADDITIONAL PHASE ONE DISCOVERY.

Since April 21, 2010, all parties have diligently sought discovery regarding facts that led to the Incident and subsequent oil spill.  Should this Court reverse the Magistrate Shushan's Order, a delay of the February 2012 Phase One trial is unnecessary.  Re-opening of Phase One discovery would also be unnecessary.

HESI's proposed amended cross-claim does not open a new line of inquiry requiring additional discovery.  Rather, the discovery sought to investigate HESI's previously filed negligence claims applies equally to HESI's proposed fraud claims against BP that it seeks leave to assert.  Furthermore, because so many witnesses deferred to Skripnikova during depositions regarding questions focused on the nature of BP's pre-Incident knowledge regarding the hydrocarbon zones in the Macondo well, it is unlikely that further deposition testimony will be needed.  It is also unlikely that further discovery will reveal direct evidence with regard to BP's intent to defraud because such intent is generally not susceptible to direct proof.  *Coffel v. Stryker Cor*p., 284 F.3d 625, 634 (5th Cir. 2002).  Because of this impediment, HESI will more than

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-CLAIMS**                                                                                           **Page 7 of 10**

1768841 v2-24010/0002 PLEADINGS

likely prove BP's fraud by circumstantial evidence. *Su v. M/V S. Aster*, 978 F.2d 462, 472 (9th Cir. Or. 1992); *Putnam Resources v. Pateman*, 958 F.2d 448, 459 (1st Cir. 1992)(citing *American Comm'n Ass'n v. Douds*, 339 U.S. 382 (1950)).  Accordingly, no further Phase One discovery should be necessary for HESI to establish its amended fraud claims against BP and the February, 2012 trial date would not be impacted if leave is granted.

### IV. LEAVE TO AMEND IS PROPER UNDER THIS COURT'S ORDERS AND THE FEDERAL RULES OF CIVIL PROCEDURE.

HESI's Motion for Leave was not filed on the eve of trial or years after the facts in question.  Rather, HESI filed its motion just weeks after first learning of BP's pre-Incident knowledge.  As HESI fully briefed to Magistrate Shushan, whether under this Court's case management orders or the Federal Rules of Civil Procedure, HESI is deserving of leave to amend its cross-claims against BP because good cause exists.

### CONCLUSION

For these reasons, HESI respectfully requests that this Court reverse Magistrate Shushan's Order (Dkt. No. 4267), sustain HESI's objections herein, and grant HESI leave to file its Second Amended Cross-Claims and for such other relief, general or specific, at law or in equity, to which HESI may be properly entitled.

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-CLAIMS**   **Page 8 of 10**

1768841 v2-24010/0002 PLEADINGS

          Respectfully Submitted,
          **GODWIN RONQUILLO PC**

          **By:**  /s/  *Donald E. Godwin*
          Donald E. Godwin
          *Attorney-in-charge*
          State Bar No. 08056500|
          dgodwin@GodwinRonquillo.com
          Bruce W. Bowman, Jr.
          State Bar No. 02752000
          bbowman@GodwinRonquillo.com
          Jenny L. Martinez
          State Bar No. 24013109
          jmartinez@GodwinRonquillo.com
          Floyd R. Hartley, Jr.
          State Bar No. 00798242
          fhartley@GodwinRonquillo.com
          Gavin E. Hill
          State Bar No.  00796756
          ghill@GodwinRonquillo.com
          Renaissance Tower
          1201 Elm, Suite 1700
          Dallas, Texas 75270-2041
          Telephone: (214) 939-4400
          Facsimile: (214) 760-7332

          and

          R. Alan York
          AYork@GodwinRonquillo.com
          Jerry C. von Sternberg
          JVonSternberg@GodwinRonquillo.com
          Misty Hataway-Coné
          MCone@GodwinRonquillo.com
          1331 Lamar, Suite 1665
          Houston, Texas 77010
          Telephone:  713.595.8300
          Facsimile:  713.425.7594

          **ATTORNEYS FOR DEFENDANT**
          **HALLIBURTON ENERGY SERVICES, INC.**

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-CLAIMS**     **Page 9 of 10**

1768841 v2-24010/0002 PLEADINGS

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s *Memorandum in Support of Motion to Review and Objections to Magistrate's Order* was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this 25th day of October, 2011.

                                    /s/ Donald E. Godwin
                                    Donald E. Godwin

**BRIEF IN SUPPORT OF MOTION TO REVIEW AND OBJECTIONS TO MAGISTRATE'S ORDER DENYING HESI'S MOTION FOR LEAVE TO FILE SECOND AMENDED CROSS-CLAIMS**     **Page 10 of 10**

1768841 v2-24010/0002 PLEADINGS