**KANNER & WHITELEY, L.L.C.**
701 Camp Street
New Orleans, Louisiana 70130
(504) 524-5777
FAX: (504) 524-5763

October 12, 2011

**Via Electronic Mail**:  *Sally_Shushan@laed.uscourts.gov*
The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

      Re:    *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179* – Compliance with Discovery Order to the State of LA. [Rec. Doc. 3965].

Dear Judge Shushan:

      The State of Louisiana hereby submits this status report regarding its efforts related to the discovery Order issued by your Honor on September 9, 2011. [Rec. Doc. 3965][Regarding Louisiana's Motion for Reconsideration (Rec. doc. 3956)] ("Reconsideration Order").[1] Following this Court's initial Order on September 1, 2011, the State broadened its efforts to include the undertaking described in that Order. However, although the State has begun to produce additional materials, even with the relief granted by this Court following Louisiana's Motion to Reconsider, the volume of information that requires processing remains substantial and the State can only report partial compliance with the Court's Order at this time.

      As previously advised, the State will continue its discovery efforts and is in a position to more fully explain its progress as described below and in the attached Declaration of Jim Burns of eMag Solutions, LLP, the State's vendor for the collection, processing and production of both electronically stored information (ESI) and hard copy materials. On October 7, 2011, the first deadline in this Court's Reconsideration Order, the State was able to produce Phase 1 and 2 ESI from a review of over 47,000 pages in the Louisiana Department of Environmental Quality's ("LDEQ") possession.[2] This is, however, only a partial set of the LDEQ's information[3] and does

---

[1] On September 8, 2011, the State sought reconsideration and/or relief from this Court's Order dated September 1, 2011, granting, in part, BP's Motion to Compel Louisiana's Responses to BP's Discovery Requests. 9/1/11 Order [Regarding BP's Motion to Compel Discovery from Louisiana (Rec. Doc. 3795)] [Rec. Doc. 3882]. Your Honor graciously provided the State with some additional time within which to comply with the Court's Order.
[2] Consistent with the Court's September 9, 2011 Order, the State will not introduce anything not produced prior to September 23, 2011 into evidence at the Phase 1 trial. 9/9/11 Order ¶4 [Rec. Doc. 3965].

1

not include materials from any of the other Tier One Agencies which are still being processed. As described in the attached Declaration, the efforts to collect, process and review the information from both Tier One and Tier Two agencies has continued at an expedited pace, since the Court's original Order compelling discovery. The State will continue its efforts in this vein and will provide weekly supplemental productions; however, at present, our ESI vendor anticipates that even with round the clock effort, "collecting, processing and filtering of all of the State's ESI will take 14 to 16 weeks." This does not include actual review for privilege and responsiveness.

As the State has described previously in connection with this discovery dispute, it is the collection, processing and review of the materials within the custody of each State agency or department that is the primary burden on the State. The actual information in the State's custody that will bear any relevance to those issues currently slated for trial Phases 1 and 2 (other than anecdotal or information already in the public record) is not substantial. In light of the expansive nature of the discovery sought by Defendants in this case, particularly the ESI, the State retained the vendor eMag Solutions to manage the project. As eMag describes in the attached Declaration, "[t]his project will be one of the largest ESI collection efforts for government agencies ever for litigation." (Declaration, ¶8). eMag's efforts thus far to collect the electronically stored information and hard copy materials from 15 State agencies and related departments that may have information regarding some aspect of the Gulf Oil Spill, the response efforts and the damages sustained are detailed in the attached.[4] As this Court is aware, the State's response and recovery efforts as well as the accrual of damages (both economic and environmental) are extensive and continue. While much of this information will not be relevant to any aspect of the Limitations Proceedings, the State, in an effort to manage the amount of discoverable information and with the goal of not having to repeatedly return to each individual agency and department every time the State is subjected to a new set of discovery, is gathering the information in a central location so that the discovery responses can ultimately be processed more efficiently and completely. Each agency, for example, presents unique issues of system and data management, such that searches on their individualized servers (often with software inadequate to run the types of searches proposed by Defendant(s)) were neither a sufficient nor adequate approach under these circumstances. At present, the estimated budget for this project is several million dollars.

The State intends to continue its production efforts on a rolling basis and consistent with this Court's direction. Moreover, the State remains committed to producing non-privileged materials responsive to BP's discovery requests pursuant the Court's Order as quickly as possible. Should you wish any additional information, please do not hesitate to ask. Your continued consideration is greatly appreciated.

---

[3] Based on the amount of data within LDEQ that is potentially related to the *Deepwater Horizon* disaster and resulting damage, which is estimated to be approximately 3 terabytes, the data pull for the custodians of just this one agency is estimated to take 13 days. However, the agency list provided by BP requires a search of 15 State agencies.

[4] In addition, prior to the retention of eMag but following the receipt of the discovery requests, the State sought to collect any information regarding the issues in Phase 1 that was unique to Louisiana. Those materials were previously produced.

Sincerely,

KANNER & WHITELEY, L.L.C.

By: ____/Elizabeth Petersen/_____
   Elizabeth B. Petersen

EBP/kc

*Attachment:* Declaration of James Burns