UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF ISLAND VENTURES II, LLC, AS OWNER OF THE M/V JOE GRIFFIN, PETITIONING FOR EXONERATION FROM OR LIMITTION OF LIABILITY | CIVIL ACTION<br><br>NO.:  10-4168<br><br>SECTION "J"(1)<br><br>Hon. Carl J. Barbier<br>Mag. Judge Sally Shushan |

**FINAL JUDGMENT AND DECREE OF EXONERATION**

WHEREAS, a verified Complaint [Rec. Doc. 1, C.A. 10-4168] having been filed in this Court by Island Ventures II, LLC, as owner of the M/V JOE GRIFFIN (collectively "Limitation Petitioners") on October 20, 2010, praying for exoneration from or limitation of liability for all losses, damages, destruction and injury arising as a result of the April 20, 2010, explosion and subsequent sinking of the Mobile Offshore Drilling Unit DEEPWATER HORIZON and the discharge of hydrocarbons from the BP Macondo well;

WHEREAS, an Order approving Limitation Petitioners' Letters of Undertaking/Stipulation for Value having been duly entered on November 4, 2010 [Rec. Doc. 3, C.A. 10-4168], whereby the Court approved the Letters of Undertaking deposited by Limitation Petitioners in the amount of $30,033,625.00, representing the value of Limitation Petitioners' interest in the M/V JOE GRIFFIN, and freight then pending at the conclusion of the voyage on which the M/V JOE GRIFFIN rendered response to the DEEPWATER HORIZON's explosion

and fire on April 20-22, 2010;

WHEREAS, an Order having been entered on November 4, 2010 directing a monition to issue under the seal of this Court against all persons claiming damages for any loss, destruction, damage or injury arising out of the April 20, 2010, explosion and subsequent sinking of the DEEPWATER HORIZON and the discharge of hydrocarbons from the BP Macondo well, citing them to appear before this Court and make due proof of their respective Claims on or before April 20, 2011 [Rec. Doc. 3, C.A. 10-4168];

WHEREAS, upon the return of said monition proclamation having been duly made for all persons and entities claiming damages for any and all loss, damage, destruction and injury aforesaid to appear and answer the Complaint and to present their Claims, and whereas approximately sixty-six Claimants have presented Claims for damages to the Court; and

WHEREAS, no other person or entity having presented any other Claim, and the defaults of all other persons having been duly entered [Rec. Doc. 3199, C.A. 10-md-2179]; and the said Claimants having answered the Complaint; and Limitation Petitioners having duly filed their Motion to Dismiss;

WHEREAS the Court having made no determination of limitation of liability for lack of privity or knowledge, nor did the Court make a determination of negligence or fault of Limitation Petitioners;

WHEREAS the Court having rendered on October 12, 2011 its Order and Reasons [as to the B4 Pleading Bundle] holding that any loss, destruction, damage and injury was not foreseeable as a matter of law, as appears by the said Order and Reasons [Rec. Doc. 4285, C.A.

10-md-2179];

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

(1) That the damages described in Limitation Petitioners' Complaint for Exoneration from or Limitation of Liability were not foreseeable as a matter of law;

(2) That Limitation Petitioners be and hereby are discharged from all liability for the claims of damages by the limitation arising from or growing out of the incident referenced in Limitation Petitioners' Complaint; and

(3) That all Claims filed in Civil Action No. 10-4168 by any of the Claimants with respect to Limitation Petitioners' Complaint for Exoneration from or Limitation of Liability are hereby dismissed, with prejudice.

New Orleans, Louisiana, this _____ day of _____, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE