UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | : | |
| OF MEXICO, ON APRIL 20, 2010 | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | |
| 2:10-CV-02771 | : | MAGISTRATE JUDGE SHUSHAN |
| | : | |

**REPLY OF UNITED STATES OF AMERICA RE:
PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
REGARDING THE ALLEGED FAULT OF
NON-PARTIES AND/OR IMMUNE PARTIES (DOC. # 4158)**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      I.       The Pending Sovereign Immunity Motion [Doc. 2410]
             Should Be Granted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      II.      OPA Defenses Are Exclusive; Equitable Defenses
             Have No Place in OPA Litigation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      III.     The United States Is Immune from Suit Based on Response Activities. . . . . . . . 4

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

<u>CASES</u>

*America Cargo Transp., Inc. v. United States*,
    625 F.3d 1176 (9th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Apex Oil Co. v. United States*,
    208 F. Supp. 2d 642 (E.D. La. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*,
    358 F.3d 661 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Frederick v. United States*,
    386 F.2d 481 (5th Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Freeman v. United States*,
    556 F.3d 326 (5th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Hornbeck Offshore Transp., LLC v. United States*,
    569 F.3d 506 (D.C. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Johnson v. Sawyer*,
    47 F.3d 716 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Myers v. United States*,
    17 F.3d 890 (6th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Sellers v. Can. Life Assurance Co.*,
    2002 WL 58542 (E.D. La., January 11, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*In re S. Scrap Material Co., L.L.C.*,
    713 F. Supp. 2d 568 (E.D. La. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Barlow*,
    576 F. Supp. 2d 1375 (S.D. Fla. 208) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Dalm*,
    494 U.S. 596 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Olson*,
    546 U.S. 43 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Tug Colette Malloy*,
    507 F.2d 1019 (5th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## STATUTES AND REGULATIONS

33 U.S.C. § 1321(j)(5) .................................................... 4, 5

33 U.S.C. § 1321(j)(8) .................................................... 4, 5

33 U.S.C. § 2703(a) ......................................................... 3

42 U.S.C. § 9607(b) ......................................................... 2

## MISCELLANEOUS

Comm. on Pub. Works and Transp., *Oil Pollution Prevention, Response, Liab. & Comp. Act of 1989*, H.R. Rep. No. 101-242, (1989) .................................. 3

Section 2002 of Pub .L. No. 101-380 (OPA), note ..................................... 5

H.R. Rep. No. 101-653, 1990 WL 132747 .......................................... 1

S. Rep. No. 101-94, 1989 WL 225005 ............................................. 1

**PRELIMINARY STATEMENT**

The United States has not previously filed its own memorandum related to the PSC's Motion in Limine [Rec. Doc. 4158], but files this Reply to address certain issues raised by the Defendants' oppositions.  *See* BP's Opposition [Rec. Doc. 4392], Transocean's Opposition [Rec. Doc. 4393], & Anadarko's Opposition [Rec. Doc. 4394].

The sovereign immunity of the United States is a foundational predicate of the PSC's Motion in Limine.  On May 19, 2011, the United States filed its Motion to Dismiss the Third-Party Complaint and Cross-Claim filed against it by Transocean, as well as Transocean's Rule 14(c) tender to Plaintiffs.  [Rec. Doc. 2410.]  Only Transocean filed papers in response to the motion, after which the United States filed its Reply.  [Rec. Doc. 3122-2.]  That motion remains ripe for decision and establishes the United States' sovereign immunity in this oil spill litigation.

Notwithstanding BP's and Anadarko's binding non-opposition to the United States' Motion to Dismiss, those latter parties (and Transocean) made reference to the sovereign immunity issue in their oppositions to the PSC's Motion in Limine.  BP also misread and/or mis-stated certain provisions of OPA and the Clean Water Act.  This paper responds to those issues.[1]

**DISCUSSION**

**I.     The Pending Sovereign Immunity Motion [Rec. Doc. 2410] Should Be Granted.**

As stated, the United States' pending Motion to Dismiss is based on sovereign immunity. Transocean has no legal basis for bringing suit against the United States and the Court lacks subject matter jurisdiction over Transocean's allegations.  In its motion, the United States raised

---

[1]  The PSC's Motion in Limine also addresses the admissibility of evidence and/or exhibits.  The United States takes no position, at least at the present time, with respect to what evidence may or may not ultimately be admissible.  *Cf. Sellers v. Can. Life Assurance Co.*, 2002 WL 58542 (E.D. La., January 11, 2002) (J. Barbier) (denying without prejudice premature motion to exclude evidence).  Accordingly, the United States does not discuss arguments made by the responding parties regarding the alleged relevance of issues or evidence to those parties' fault and/or defenses.

-1-

threshold jurisdictional defenses, and, specifically, the "private party analogue" requirement for subject matter jurisdiction in negligence cases against the United States. *See, e.g.,* cases cited in the United States' moving papers and reply, including *United States v. Olson*, 546 U.S. 43 (2005) (holding that courts must look for an analogy to a private person, not to a state or municipal entity, in determining if the United States' sovereign immunity has been waived under the FTCA); *Johnson v. Sawyer*, 47 F.3d 716, 727-28 (5th Cir. 1995); *America Cargo Transp., Inc. v. United States*, 625 F.3d 1176 (9th Cir. 2010); *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506 (D.C. Cir. 2009); *Myers v. United States*, 17 F.3d 890 (6th Cir. 1994). Should the Court desire it, the United States stands prepared to file additional subject matter jurisdiction motion(s) were the pending motion to be denied.[2]

## II.   OPA Defenses Are Exclusive; Equitable Defenses Have No Place in OPA Litigation.

Transocean argues that evidence of the conduct of the United States is relevant to its "affirmative defenses" of offset and recoupment. Transocean's Opposition [Rec. Doc. 4393 at 6-8]. This argument fails because equitable defenses are not permitted under OPA or, for that matter, the Clean Water Act. To the extent necessary, the United States is prepared to file a motion to dismiss Transocean's affirmative defenses,[3] but, in short, the only defenses to strict liability claims under OPA are those enumerated in the statute, *i.e.*, that the discharge was caused solely by (1) act of God, (2) an act of war, or (3) a third party not in a contractual relationship with the responsible party. 33 U.S.C. § 2703(a). *Cf.* CERCLA, 42 U.S.C. § 9607(b), and case law under CERCLA, *e.g.*, *Apex Oil Co. v. United States*, 208 F. Supp. 2d 642, 652 (E.D. La.

---

[2] As noted in the Motion to Dismiss, the United States has reserved the right to file for dismissal on other sovereign immunity bases, including the discretionary function exception. *See Freeman v. United States*, 556 F.3d 326, 334-35 (5th Cir. 2009) (dismissal of claims based upon post-Katrina response).

[3] To the extent Transocean mistakenly labeled purported affirmative *defenses* as affirmative *claims*, the issue is fully briefed in the United States' Reply Memorandum in Support of its Motion to Dismiss [Rec. Doc. 3122-2].

-2-

2002); *see also Cal. Dep't of Toxic Substances Control v. Neville Chem. Co.*, 358 F.3d 661, 672 (9th Cir. 2004).  Lest there be any doubt that Congress intended OPA's statutory defenses to be exclusive:

> The Committee emphasizes that the defenses specifically enumerated are intended to be the only defenses available to a responsible party and no other defenses are allowed to the strict, joint, and several liability which is established in the bill.

Comm. on Pub. Works and Transp., *Oil Pollution Prevention, Response, Liab. & Comp. Act of 1989*, H.R. Rep. No. 101-242, Part 1, at 32 (1989).  "Defenses available to a responsible party are limited to those specifically enumerated in the bill." *Id.* at 39.

Thus, equitable defenses, such as recoupment, are not permitted under strict liability statutes with enumerated defenses, such as OPA and CERCLA.  *Neville*, 358 F.3d at 672; *see also United States v. Tug Colette Malloy*, 507 F.2d 1019, 1023 (5th Cir. 1975) (denying defendants' indemnity claim because it would undermine strict liability imposed by the Rivers and Harbors Act); *United States v. Barlow*, 576 F. Supp. 2d 1375, 1381-82 (S.D. Fla. 2008) (National Marine Sanctuaries Act).  Accordingly, equitable recoupment has no place in this litigation as the parties' recovery and defenses are governed by the strict liability statutes.

Even if equitable recoupment could be invoked by a defendant here, the doctrine does not, by its own terms, apply.  *See generally United States v. Dalm*, 494 U.S. 596, 606-11 (1990).  Recoupment must arise from the same transaction or occurrence as the government's claim, and must seek the same form or nature of relief as that sought by the government.  *Frederick v. United States*, 386 F.2d 481, 488 (5th Cir. 1967); *In re S. Scrap Material Co., L.L.C.*, 713 F. Supp. 2d 568, 584 (E.D. La. 2010).  The United States brought suit under OPA and the CWA.  Transocean's allegations against the United States are not OPA or CWA claims.  The government's lawsuit sounds in strict liability, whereas Transocean's recoupment allegations are based on purported negligence.  Transocean's liability as a defendant flows from its status as a

-3-

responsible party under OPA, whereas Transocean's recoupment allegations seek no such declaration under OPA. Accordingly, Transocean's purported recoupment allegations cannot diminish the Government's sovereign immunity here.

### III. The United States Is Immune from Suit Based on Response Activities.

BP argues that the United States is not immune for its post-spill response, *see* BP's Opposition [4392] at 15-17, although this argument is purely academic as BP makes no claim against the United States.[4] Nonetheless, the United States responds to clarify that it is, indeed, immune from suit for its post-spill response. The Clean Water Act establishes the government's immunity for post-spill response actions:

> (j) National Response System . . .
>
> (8) United States Government Not Liable. The United States Government is not liable for any damages *arising from* its actions or omissions *relating to any response plan required by this section*.

33 U.S.C.§ 1321(j)(8) (emphasis added). BP argues that this section concerns only the approval of pre-spill response plans, citing 33 U.S.C. § 1321(j)(5), and that actions taken under the National Contingency Plan are addressed by § 1321(c)(4). BP's convoluted reading of the statute makes no sense. Section 1321(j)(8) is placed in subsection J, titled, "*National Response System*." The statute provides immunity for actions related to "any response plan required by

---

[4] BP also urges a proposition which is fundamentally incorrect and that needs no extended discussion here, *i.e.*, BP's assertion that liability under OPA is anything other than joint and several. When it passed OPA, Congress made clear its intention that responsible parties would be held jointly and severally liable: "The body of law already established under section 311 of the Clean Water Act [33 U.S.C. § 1321] is the foundation of the reported bill. . . [OPA] continues to rely on [33 U.S.C. § 1321] as the basic law providing for cleanup authority . . . and, by adopting the standard of liability under [33 U.S.C. § 1321] as the standard of liability under this Act, for liability of dischargers for cleanup costs for the discharge of oil. That standard of liability has been determined repeatedly to be strict, joint, and several liability. This bill adopts these standards for economic liability, as well as for removal costs and natural resource damages." S. Rep. No. 101-94 (1989) (Conf. Rep.), *as reprinted in* 1990 U.S.C.C.A.N. 722, 732-33, 1989 WL 225005; *accord* H.R. Rep. No. 101-653, 1990 WL 132747 at *2 (1990) (Conf. Rep.).

-4-

Case 2:10-md-02179-CJB-DPC   Document 4442   Filed 10/31/11   Page 9 of 12

-5-

this section," meaning all of Section 1321, which includes the National Contingency Plan, § 1321(d), and Area Contingency Plans, § 1321(j).  Section 1321(j)(5), cited by BP, titled "tank vessel, nontank vessel, and facility response plans," in no way limits the immunity granted to the United States.  The plain language of OPA provides immunity to the United States for all actions or omissions relating to response plans.  *See also Freeman*, 556 F.3d at 339-43 (affirming dismissal of actions challenging the United States' Katrina response).

BP further misunderstands OPA in arguing that it could file suit against the United States in the Court of Federal Claims pursuant to 33 U.S.C. § 1321(i).  Section 1321(i) does not apply to spills covered by OPA.  *See* Pub. L. No. 101-380, § 2002(a) (OPA):  "Subsections (f),(g), (h), and (i) of section 311 of the Federal Water Pollution Control Act (33 U.S.C. 1321) shall not apply with respect to any incident for which liability is established under 1002 of this Act." (This section of the Public Law is codified as a note at 33 U.S.C.A. § 1321.)

In making a similar argument, Transocean argues that the United States has waived its sovereign immunity by bringing suit against Transocean in Case No. 10-4536.  This contradicts the language and intent of OPA, as the statute is designed for the United States to be able to bring suit against a responsible party and still be immune from suit based on its involvement in the oil spill response.  If Congress had intended an affirmative suit by the United States under OPA to negate its sovereign immunity, Congress certainly could have drafted the statute to say so.

Dated:  October 31, 2011

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |

JAMES NICOLL  
Senior Counsel  
NANCY FLICKINGER  
Senior Attorney  
SARAH HIMMELHOCH  
Senior Attorney  
DEANNA CHANG  
SCOTT CERNICH  
A. NATHANIEL CHAKERES  
JUDY HARVEY  
MATT LEOPOLD  
GORDON YOUNG  
JEFFREY PRIETO  
ABIGAIL ANDRE  
Trial Attorneys  

/s/ Steven O'Rourke  
STEVEN O'ROURKE  
Senior Attorney  
U.S. Department of Justice  
Environmental Enforcement Section  
PO Box 7611  
Washington, DC 20044  
(202) 514-2779  
steve.o'rourke@usdoj.gov  

PETER F. FROST  
Director, Torts Branch, Civil Division  
Aviation & Admiralty Litigation  
STEPHEN G. FLYNN  
Assistant Director  
MICHELLE T. DELEMARRE  
SHARON K. SHUTLER  
JILL DAHLMANN ROSA  
JESSICA SULLIVAN  
JESSICA L. MCCLELLAN  
MALINDA LAWRENCE  
DAVID J. PFEFFER  
ROBIN HANGER  
LAURA MAYBERRY  
BRIENA STRIPPOLI  
Trial Attorneys  
U.S. Department of Justice  
Torts Branch, Civil Division  
PO Box 14271  
Washington, DC 20044  
(202) 616-4100  
(202) 616-4002 fax  

/s/ R. Michael Underhill  
R. MICHAEL UNDERHILL, T.A.  
Attorney in Charge, West Coast Office  
Torts Branch, Civil Division  
7-5395 Federal Bldg., Box 36028  
450 Golden Gate Ave.  
San Francisco, CA 94102-3463  
(415) 436-6648  
(415) 436-6632 fax  
mike.underhill@usdoj.gov

-7-

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31st day of October, 2011.

/s/ Jill Dahlmann Rosa
U.S. Department of Justice