UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179<br><br>SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| No. 10-2771 | : | MAGISTRATE JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSES TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING THE ALLEGED FAULT OF NON-PARTIES AND/OR IMMUNE PARTIES (INCLUDING THE UNITED STATES)**

Plaintiffs do not, as Defendants appear to suggest, ask the Court to exclude *all* evidence for all purposes which may relate in some way to the conduct of non-parties or immune parties, including the United States. What plaintiffs seek is a ruling that: (1) under any and all laws applicable to the plaintiffs' claims comes the application of joint and several liability; (2) under joint and several liability the fault of non-parties and immune parties, including the United States, cannot be apportioned and, as such, (3) any evidence regarding the alleged *fault* of those parties is irrelevant and thereby must also be excluded. *See e.g., Sellers v. Canada Life Asurance Co.,* 2002 WL 58542 (E.D.La. 2002) (Barbier, J.) (Court may, in a motion *in limine,* determine the applicable rule of law). Even assuming *arguendo* that evidence relating to the conduct of non-parties or immune parties may be admissible for some purposes, it is clear that the alleged "fault" of non-parties or immune parties, (including the United States), should not be quantified as part of the February 2012 Limitation and Liability Trial.

1

A.     **Joint and several liability applies to all of the plaintiffs' claims.**

Despite the fact that joint and several liability applies to plaintiffs' claims under *all* applicable bodies of law, in their responses to plaintiffs' motion *in limine,* BP, Anadarko, and Transocean all continue to argue for the application of a comparative fault scheme which could, among other things, limit the plaintiffs' recovery by apportioning fault to non-parties or immune parties and/or limit the plaintiffs' recovery to each defendant's percentage of fault even if that defendant is immune from liability or insolvent.

Neither BP, Transocean nor Anadarko dispute the fact that the bodies of law applicable to the plaintiffs' claims are general maritime law and the Oil Pollution Act (OPA). Nor do those defendants dispute that maritime law applies joint and several liability which precludes the apportionment of fault for non-parties and immune parties. BP is the only defendant that argues, incorrectly, that OPA, like CERCLA, does not always apply joint and several liability; instead, BP contends comparative fault principles apply under OPA when the defendant can show that the harm to the plaintiff is "divisible." [Rec. Doc. 4392, pgs. 13-15]   As such, BP concludes that the fault of non-parties and immune parties can be apportioned under OPA, as it sometimes can under CERCLA, thereby supporting its' request to introduce evidence regarding the *fault* of immune parties such as the United States.  For obvious reasons, BP cites no support for its' flatly incorrect contention.

While the CERCLA statute provides for apportionment of liability between parties that in some circumstances can override the normal rules of joint and several liability, OPA, by contrast, does not. *See, e.g.*, *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599 (2009). Instead, the standard of liability under OPA "has been determined **repeatedly** to be strict, joint,

and several liability." *U.S. v. Bodenger,* 2003 WL 22228517, *2 (E.D.La. 2003) (Knowles, J.) citing S.Rep. 101–94, 11; 1990 U.S.C.C.A.N. 722, 732–733 ("That standard of liability has been determined repeatedly to be strict, joint, and several liability"); H.R. Rep. No. 101-653, 1990 WL 132747, at *2 (1990) (Conf. Rep.) (indicating that each "responsible party" should be responsible for 100% of all damages, irrespective of inter-party apportionment of fault); *Apex Oil Company, Inc. v. U.S.,* 208 F.Supp.2d 642, 652 (E.D.La. 2002) (same) (Engelhardt, J.); see also *In re Petition of Settoon Towing LLC,* 722 F.Supp.2d 710, 714 (E.D.La. 2010) (Lemmon, J.) ("When there is more than one responsible party under OPA, their liability is joint and several"); 3 BENEDICT ON ADMIRALTY §112(a)(2) (7th ed. rev.2004) (citing H.R. Conf. Rep. No. 101653, at 102 (1990), 1990 U.S.C.C.A.N. 779, 780)); *GMD Shipyard Corp. v. M/V ANTHEA Y,* 2004 WL 2251670, 12 (S.D.N.Y. 2004) (same). Since liability under OPA is **always** joint and several, BP's argument for the application of the "divisibility doctrine", a doctrine unique to a comparative fault scheme, fails.

**B.     The apportionment of fault to non-parties, immune parties, or insolvent parties is precluded under joint and several liability**.

Since all bodies of law applicable to plaintiffs' claims apply joint and several liability, the fault of any non-parties, immune parties, or insolvent parties is irrelevant to the plaintiffs' claims. BP argues that evidence of non-party, immune party and/or insolvent party fault is nonetheless relevant to determine Defendants' relative fault. BP is mistaken. Since the "fault" of those parties cannot be apportioned, any evidence regarding their *fault* is certainly irrelevant and inadmissible. *See, e.g; N. & S. Am. Shipping v. United States,* 352 F.Supp.2d 734, 743-44 (E.D.La. 2005) (explaining that "there can be no third-party suit against a joint tort-feasor where

3

the tortfeasor has statutory immunity from the first-party plaintiff" (internal quotations omitted)). Again, plaintiffs do not seek to exclude any mention whatsoever of the conduct of immune parties or non-parties. Plaintiffs merely seek to exclude evidence offered by Defendants in an attempt to place "fault" on such parties - or to argue for the allocation or other quantification of same.

This 31st day of October, 2011.

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

### PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Brian H. Barr | Robin L. Greenwald |
| LEVIN, PAPANTONIO, THOMAS, | WEITZ & LUXENBERG, PC |
| MITCHELL, ECHSNER & PROCTOR, PA | 700 Broadway |
| 316 South Baylen St., Suite 600 | New York, NY  10003 |
| Pensacola, FL 32502-5996 | Office:  (212) 558-5802 |
| Office:  (850) 435-7045 | Telefax: (212) 344-5461 |
| Telefax: (850) 436-6187 | E-Mail:  rgreenwald@weitzlux.com |
| E-Mail: bbarr@levinlaw.com | |
| | Rhon E. Jones |
| Jeffrey A. Breit | BEASLEY, ALLEN, CROW, METHVIN, |
| BREIT DRESCHER & IMPREVENTO | PORTIS & MILES, P. C. |

4

999 Waterside Drive, Suite 1000  
Norfolk, VA 23510  
Office: (757) 670-3888  
Telefax: (757) 670-3895  
E-Mail: jbreit@bdbmail.com  

Elizabeth J. Cabraser  
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP  
275 Battery Street, 29th Floor  
San Francisco, CA 94111-3339  
Office: (415) 956-1000  
Telefax: (415) 956-1008  
E-Mail: ecabraser@lchb.com  

Philip F. Cossich, Jr.  
COSSICH, SUMICH, PARSIOLA & TAYLOR  
8397 Highway 23, Suite 100  
Belle Chasse, LA 70037  
Office: (504) 394-9000  
Telefax: (504) 394-9110  
E-Mail: pcossich@cossichlaw.com  

Robert T. Cunningham  
CUNNINGHAM BOUNDS, LLC  
1601 Dauphin Street, P. O. Box 66705  
Mobile, AL 36660  
Office: (251) 471-6191  
Telefax: (251) 479-1031  
E-Mail: rtc@cunninghambounds.com  

Alphonso Michael "Mike" Espy  
MORGAN & MORGAN, P.A.  
188 East Capitol Street, Suite 777  
Jackson, MS 39201  
Office: (601) 949-3388  
Telefax: (601) 949-3399  
E-Mail: mike@mikespy.com  

Calvin C. Fayard, Jr.  
FAYARD & HONEYCUTT  
519 Florida Avenue, SW  
Denham Springs, LA 70726  
Office: (225) 664-4193  
Telefax: (225) 664-6925  
E-Mail: calvinfayard@fayardlaw.com  

218 Commerce St., P.O. Box 4160  
Montgomery, AL 36104  
Office: (334) 269-2343  
Telefax: (334) 954-7555  
E-Mail: rhon.jones@beasleyallen.com  

Matthew E. Lundy  
LUNDY, LUNDY, SOILEAU & SOUTH, LLP  
501 Broad Street  
Lake Charles, LA 70601  
Office: (337) 439-0707  
Telefax: (337) 439-1029  
E-Mail: mlundy@lundylawllp.com  

Michael C. Palmintier  
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'  
618 Main Street  
Baton Rouge, LA 70801-1910  
Office: (225) 344-3735  
Telefax: (225) 344-0522  
E-Mail: mpalmintier@dphf-law.com  

Paul M. Sterbcow  
LEWIS, KULLMAN, STERBCOW & ABRAMSON  
601 Poydras Street, Suite 2615  
New Orleans, LA 70130  
Office: (504) 588-1500  
Telefax: (504) 588-1514  
E-Mail: sterbcow@lksalaw.com  

Scott Summy  
BARON & BUDD, P.C.  
3102 Oak Lawn Avenue, Suite 1100  
Dallas, TX 75219  
Office: (214) 521-3605  
Telefax: (214) 599-1172  
E-Mail: ssummy@baronbudd.com  

Mikal C. Watts  
WATTS GUERRA CRAFT, LLP  
Four Dominion Drive, Building 3, Suite 100  
San Antonio, TX 78257  
Office: (210) 447-0500  
Telefax: (210) 447-0501  
E-Mail: mcwatts@wgclawfirm.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Reply Brief has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31st day of October, 2011.

/s/ James Parkerson Roy and Stephen J. Herman