UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER |
| Applies to:  All Cases             2:10-cv-02771 | § § § § | MAG. JUDGE SHUSHAN |

**HALLIBURTON ENERGY SERVICES, INC'S RESPONSE IN OPPOSITION TO CROSS-DEFENDANT M-I L.L.C.'S MOTION TO DISMISS CROSS CLAIM**

Defendant Halliburton Energy Services, Inc. ("HESI"), respectfully submits this Response in Opposition to Cross-Defendant M-I L.L.C.'s Motion to Dismiss Cross-Claim, and in support thereof respectfully shows the Court as follows:

**INTRODUCTION AND PROCEDURAL HISTORY**

In its First Amended Cross-Claims, HESI asserts various claims arising out of the April 20, 2010 blowout and explosion aboard the MODU *Deepwater Horizon*, hereinafter (the "Incident"), against M-I L.L.C., ("M-I"). *See* First Am. Cross-Claims, (Doc. No. 445) at ¶¶ 1, 9, 34-35, 38-39, 42 and 53. These claims include contribution and indemnity, contractual indemnity and negligence. *Id*. In response, M-I filed its Motion to Dismiss Cross-Claim, ("M-I's Motion"), (Doc. No. 2828), seeking to dismiss only HESI's cross-claim for contractual indemnity. M-I's sole basis for its Motion is its view that "HESI is not a third-party beneficiary of any contract to which M-I is a party that pertains to this matter." Doc. No. 2828-1 at p. 2.

As discussed *infra*, M-I's argument is factually and legally incorrect and the allegations set forth in HESI's First Amended Cross-Claims easily satisfy the minimal requirements under

1

Federal Rule of Civil Procedure 12 to survive M-I's Motion.  Accordingly, M-I's Motion should be denied.

## STANDARD OF REVIEW

"Motions to dismiss under Rule 12(b)(6) 'are viewed with disfavor and are rarely granted.'"  *Lormand v. US Unwired*, 565 F.3d 228, 232 (5th Cir. 2009).  In considering a motion to dismiss for failure to state a claim, the complaint must be liberally construed in favor of the pleader, and all facts pleaded in the complaint taken as true.  *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt of La.*, *LLC*, No. 09-6270, 2010 U.S. Dist. Lexis 49869, *11 (E.D. La. April 26, 2010); *Lowrey v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1197).  "In other words, a motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts."  *Jefferson Parish Consol. Garbage Dist. No. 1*, 2010 U.S. Dist. Lexis 49869, at *13 (quoting *Ramming v. United States*, 281 F.3d 158, 161-62 (5th Cir. 2001)).  "[A] complaint 'does not need detailed factual allegations' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"  *Culliver v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).  In order to defeat a motion to dismiss, HESI must merely "plead enough facts 'to state a claim to relief that is plausible on its face.'"  *Wright v. Shell Offshore, Inc.*, No. 10-2108, 2011 U.S. Dist. Lexis 16290, at *5-6 (E.D. La. Feb. 17, 2011) (quoting *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009)).  As this Court has stated, "[a] claim is facially plausible when the plaintiff pleads facts that allow the court to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Wright*, 2011 U.S. Dist. Lexis 16290, at *6 (quoting *Iqbal*, 129 S. Ct. at 1949).

## DISMISSAL OF HESI'S CONTRACTUAL INDEMNITY CLAIM IS IMPROPER AS HESI IS AN INTENDED BENEFICIARY OF M-I'S CONTRACT WITH BP.

M-I contends that "there is only one contract at issue" and that based upon the terms of that contract, dismissal of HESI's cross-claim for contractual indemnity is proper. *See* Doc. No. 2828-1 p. 2. In support of its Motion, M-I relies upon the terms of the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services" between BP Exploration and Production, Inc. ("BP") and M-I (the "M-I/BP Contract," attached as Exhibit A) and various cases outlining the requirements for a contractual indemnity claim under Texas, Louisiana and general maritime law.[1] Despite M-I's contention to the contrary, more than one contract is at issue.

To succeed on its third-party beneficiary indemnity claim, HESI must demonstrate that BP and M-I intended for HESI to benefit by their written agreement, based on the language of the contract.[2] Moreover, "'intended' third party beneficiaries of contracts may seek enforcement of the contract; 'incidental' beneficiaries may not[.]"[3] However, the M-I/BP Contract cannot be viewed in isolation, particularly considering the plain language of the Contract as well as the reciprocal indemnity language in HESI's contract with BP.

---

[1] It is appropriate, in this setting, for the Court to consider the M-I/BP Contract because its terms are central to HESI's Cross-Claims. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (considering terms of the insurance contracts at issue in ruling on a motion to dismiss because the contracts were central to the plaintiffs' claims and defendants attached the contracts to their motions to dismiss); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000) (noting approvingly that "various other circuits have specifically allowed that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in plaintiff's complaint and are central to her claim'") (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

[2] *See* Doc. No. 2828-1 at p. 2 (quoting *Palma v. Verex Assurance, Inc.*, 79 F.3d 1453, 1457 (5th Cir. 1996)) (applying Texas law).

[3] *Atlantic & Gulf Stevedores, Inc., v. Revelle Shipping Agency, Inc.*, 750 F.2d 457, 459 (5th Cir. 1985) (citing the Restatement of the Law of Contracts 2d §§ 302, 304, 315 (1981)).

The plain language of the M-I/BP Contract belies M-I's argument that HESI is not an intended beneficiary of the agreement. Specifically, Clause 19.3(a) of the M-I/BP Contract, titled "Loss, Damage, Injury or Death suffered by Third Parties," provides:

> CONTRACTOR[4] shall be responsible for and shall release, save, indemnify, defend and hold harmless COMPANY GROUP[5] and SERVICE COMPANY GROUP[6] from and against all claims, losses, damages, costs (including legal costs), expenses and liabilities in respect of personal injury including death or disease or loss of or damage to the property or equipment of any Third Party to the extent that any such injury, loss or damage is caused by the negligence or breach of duty (whether statutory or otherwise) of CONTRACTOR GROUP.

Similarly, Clause 19.4(b), regarding damages from pollution, provides:

> CONTRACTOR shall be responsible for and shall release, save, indemnify, defend and hold harmless COMPANY GROUP and SERVICE COMPANY GROUP from and against any claim of whatsoever nature arising from pollution occurring on the premises of CONTRACTOR GROUP or originating from the property or equipment of CONTRACTOR GROUP located above the surface of the land or water arising from or relating to the performance of the CONTRACT.

Under the terms of the M-I/BP contract, "SERVICE COMPANY GROUP" means "any contractor(s) other than CONTRACTOR who have entered into contract(s) with COMPANY and are engaged by COMPANY to provide services or perform WORK at the WORKSITE or engaged by COMPANY to provide services or perform work in connection with the WORK." *See* M-I/BP Contract at p. 2. Thus, even by their own terms, the indemnity clauses of the M-I/BP Contract contemplate and extend to third-party beneficiaries, such as HESI. Moreover, by

---

[4] The M-I/BP Contract defines "CONTRACTOR" as "M-I L.L.C." on page 2.

[5] "COMPANY GROUP" refers to BP and its related entities. *See* M-I/BP Contract at p. 2.

[6] "SERVICE COMPANY GROUP" is defined as "any SERVICE COMPANY, its sub-contractors of any tier, its and their affiliates[.]" HESI is indisputably part of the SERVICE COMPANY GROUP.

their own terms, the indemnity clauses in the M-I/BP Contract are intended to be read in light of a second, contemplated agreement between the SERVICE COMPANY GROUP and BP.

It is undisputed that HESI is a contractor that entered into a contract with BP and was engaged to do work on the Macondo Well[7] and under the terms of the M-I/BP Contract, qualified as a contractor within the SERVICE COMPANY GROUP. M-I and BP intended for contractors within the SERVICE COMPANY GROUP to be third-party beneficiaries:

> It is the intent of the PARTIES hereto that the releases of liability and indemnities furnished by CONTRACTOR . . . shall apply: (a) save as provided below **for the benefit of the SERVICE COMPANY GROUP** in the case of the releases of liability and indemnities furnished by CONTRACTOR[.]"

M-I/BP Contact, Clause 19.9 (emphasis added). Therefore, the M-I/BP Contract clearly states the contractors, such as HESI, are entitled to the benefits afforded by the releases of liabilities and indemnities provided in that agreement. *See Palma,* 79 F.3d at 1457 (noting that to qualify as a third-party beneficiary, the plaintiff must establish that "the contract was made *at least in part* for her benefit") (emphasis added); *see also Greenslate v. Tenneco Oil Co.*, 623 F.Supp. 573, 576 (E.D. La. 1985) (general maritime law recognizes the validity of third-party beneficiary claims where contracting parties have manifested an intention to create rights in favor of non-contracting parties).

Moreover, when reviewing the M-I/BP Contract in light of HESI's own contractual agreement with BP, there is no doubt that HESI is a third-party beneficiary of the M-I/BP Contract. HESI's contract with BP (the "HESI/BP Contract," attached hereto as Exhibit B)[8]

---

[7] *See* HESI's Motion to Dismiss BP's Fraud and Fraudulent Concealment Claims, Doc. No. 2941, attaching as Exhibit A "Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services Between BP Exploration and Production, Inc. and Halliburton Energy Services, Inc."

[8] HESI attaches hereto excerpts from the HESI/BP Contract containing the relevant indemnity provisions at issue.

obligates BP, in its other contracts with Macondo Well service providers, to make HESI a third-party beneficiary. Specifically, the HESI/BP Contract provides that BP will

> use its reasonable endeavors to ensure that in its respective contracts with SERVICE COMPAN(IES) [such as M-I], the releases of liability, indemnities, defense, save and hold harmless provisions contained in such contracts in favor of CONTRACTOR GROUP [HESI] shall be substantially similar to the releases of liability, indemnities, defense, save and hold harmless provisions given by CONTRACTOR [HESI] in Clauses 19 and 21 herein in favor of SERVICE COMPANY GROUP [including M-I].

HESI/BP Contact, Clause 19.9. Thus, under HESI's Contract with BP, BP was required to identify HESI as a third-party beneficiary in the M-I/BP Contract. Simply put, HESI bargained for the indemnity clause in the M-I/BP Contract in its own agreement with BP. *Compare* HESI/BP Contract at Clauses 19.1, 19.3(a), 19.4(b), 19.7, and 19.9 *with* M-I/BP Contract at Clauses 19.1, 19.3(a), 19.4(b), 19.7 and 19.9. Accordingly, based upon the plain language of the M-I/BP Contract, in addition to the terms of the HESI/BP Contract, HESI is a third-party beneficiary of the M-I/BP Contract.

At a minimum, HESI has satisfied this Court's requirements to defeat M-I's Motion. *See Wright v. Shell Offshore, Inc.*, No. 10-2108, 2011 U.S. Dist. Lexis 16290, at *5-6 (E.D. La. Feb. 17, 2011) (recognizing that in order to defeat a motion to dismiss under Rule 12(b)(6) the nonmovant must merely "plead enough facts 'to state a claim to relief that is plausible on its face.'"). Accordingly, M-I's Motion should be denied.[9]

---

[9] In the unlikely event this Court determines that the facts pled are not sufficient to support HESI's cross-claim against M-I for contractual indemnity, HESI requests leave to amend its cross-claims. *See Gulf States Real Estate Servs. of Louisiana LLC v. Dominion Centre, LLC*, 2010 U.S. Dist. Lexis 54033, n.1 (E.D. La. 2010); *see also The Travelers Indemn. Co. v. Dammann & Co., Inc*., 594 F.3d 238, 256, n.14 (3d Cir. 2010).

## CONCLUSION

Because the plain language of the M-I/BP Contract clearly contemplates extending the parties' indemnity obligations to service companies such as HESI, HESI qualifies as an intended beneficiary of the M-I/BP Contract. HESI has stated a claim for contractual indemnity against M-I, and M-I's Motion must be denied.

## PRAYER

For these reasons, Halliburton Energy Services, Inc. respectfully requests the Court deny M-I, LLC's Motion to Dismiss Cross Claim, and for such other and further relief the Court may deem it justly entitled.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No. 24032277
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Response in Opposition to Defendant's Motion to Dismiss Cross-Claims was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this 31st day of October, 2011.

                                            /s/ Donald E. Godwin
                                            Donald E. Godwin