UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF SEACOR HOLDINGS, INC., SEACOR OFFSHORE LLC and SEACOR MARINE, LLC AS BENEFICIAL OWNER, REGISTERED OWNER AND MANAGING OWNER OF THE M/V SEACOR VANGUARD PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION**<br><br>**NO.: 10-3896**<br><br>**SECTION "J"(1)**<br><br>Hon. Carl J. Barbier<br>Mag. Judge Sally Shushan |

**FINAL JUDGMENT AND DECREE OF EXONERATION**

WHEREAS, a verified Complaint [Rec. Doc. 1, C.A. 10-3896] having been filed in this Court by Seacor Holdings, Inc., Seacor Offshore LLC and Seacor Marine LLC, as beneficial owner, registered owner and managing owner of M/V SEACOR VANGUARD (collectively "Limitation Petitioners") on October 20, 2010, praying for exoneration from or limitation of liability for all losses, damages, destruction and injury arising as a result of the April 20, 2010, explosion and subsequent sinking of the Mobile Offshore Drilling Unit DEEPWATER HORIZON and the discharge of hydrocarbons from the BP Macondo well;

WHEREAS, an Order approving Limitation Petitioners' Letters of Undertaking/Stipulation for Value having been duly entered on October 29, 2010 [Rec. Doc. 4, C.A. 10-3896], whereby the Court approved the Letters of Undertaking deposited by Limitation Petitioners in the amount of $50,462,500.00, representing the value of Limitation Petitioners' interest in the M/V SEACOR VANGUARD and freight then pending at the conclusion of the

voyage on which the M/V SEACOR VANGIARD rendered emergency response, aid and assistance to the DEEPWATER HORIZON;

WHEREAS, an Order having been entered on October 29, 2010 directing a monition to issue under the seal of this Court against all persons claiming damages for any loss, destruction, damage or injury arising out of the April 20, 2010, explosion and subsequent sinking of the DEEPWATER HORIZON and the discharge of hydrocarbons from the BP Macondo well, citing them to appear before this Court and make due proof of their respective Claims on or before April 20, 2011 [Rec. Doc. 4, C.A. 10-3896];

WHEREAS, upon the return of said monition proclamation having been duly made for all persons and entities claiming damages for any and all loss, damage, destruction and injury aforesaid to appear and answer the Complaint and to present their Claims, and whereas approximately sixty-six Claimants have presented Claims for damages to the Court; and

WHEREAS, no other person or entity having presented any other Claim, and the defaults of all other persons having been duly entered [Rec. Doc. 3199, C.A. 10-md-2179]; and the said Claimants having answered the Complaint; and Limitation Petitioners having duly filed their Motion to Dismiss all claims except that of DuWayne Mason [Rec. Doc. 1941, C.A. 10-md-2179]; and the Court having rendered on October 12, 2011 its Order and Reasons [as to the B4 Pleading Bundle], granting the Motion to Dismiss as respects Limitation Petitioners, exonerating Limitation Petitioners and holding that any loss, destruction, damage and injury was not caused, as a matter of law, by the actionable negligence and/or fault of Limitation Petitioners as appears by the said Order and Reasons [Rec. Doc. 4285, C.A. 10-md-2179];

WHEREAS, the Court finds that the claim of DuWayne Mason [Rec. Doc. 1941, C.A. 10-md-2179] is based on a theory of fault that is separate and distinct from those asserted by all other Claimants subject to the Court's October 12, 2011 Order and Reasons [as to the B4 Pleading Bundle] and that, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of judgment as to the claims resolved by the Court's October 12, 2011 Order and Reasons [as to the B4 Pleading Bundle];

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

(1) That the damages described in Limitation Petitioners' Complaint for Exoneration from or Limitation of Liability were not caused, as a matter of law, by the actionable negligence and/or fault of Limitation Petitioners;

(2) That Limitation Petitioners be and hereby are forever exempted and discharged from all loss, damage, destruction or injury arising from or growing out of the incident referenced in Limitation Petitioners' Complaint;

(3) That all Claims filed in Civil Action No. 10-3896 by any of the Claimants with respect to Limitation Petitioners' Complaint for Exoneration from or Limitation of Liability, except the Claim of DuWayne Mason [Rec. Doc. 1941, C.A. 10-md-2179], are hereby dismissed, with prejudice; and

(4) That costs are assigned to and shall be borne by the Claimants.

New Orleans, Louisiana, this _____ day of _____, 2011.

                                                             _____
                                                             UNITED STATES DISTRICT COURT JUDGE