UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF ISLAND VENTURES II, LLC, AS OWNER OF THE M/V JOE GRIFFIN, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY** | **CIVIL ACTION No. 10-4168**<br><br>**SECTION "J"(1)**<br><br>Hon. Carl J. Barbier<br>Mag. Judge Sally Shushan |

**FINAL JUDGMENT AND DECREE OF EXONERATION**

WHEREAS, a verified Complaint (Rec. Doc. 1, C.A. 10-4168) having been filed in this Court by Island Ventures II, LLC as owner of the M/V JOE GRIFFIN (hereinafter "Limitation Petitioner") on November 2, 2010, praying for exoneration from or limitation of liability for all losses, damages, destruction and injury arising as a result of the April 20, 2010, explosion and subsequent sinking, on April 22, 2010, of the Mobile Offshore Drilling Unit DEEPWATER HORIZON, and the resulting discharge of hydrocarbons from the BP Macondo well;

WHEREAS, an Order approving Limitation Petitioner's Letter of Undertaking/ Stipulation for Value having been duly entered on November 4, 2010 (Rec. Doc. 3, C.A. 10-4168), whereby the Court approved the Letter of Undertaking deposited by Limitation Petitioner in the amount of $30,033,625.00, representing the value of Limitation Petitioner's M/V JOE GRIFFIN, and freight then pending at the conclusion of the voyage on which the M/V JOE

GRIFFIN rendered emergency response, aid and assistance to the DEEPWATER HORIZON on April 20-22, 2010;

WHEREAS, an Order having been entered on November 4, 2010, directing a monition to issue under the seal of this Court against all persons claiming damages for any loss, destruction, damage or injury arising out of as a result of the April 20, 2010, explosion and subsequent sinking, on April 22, 2010, of the DEEPWATER HORIZON, and the resulting discharge of hydrocarbons from the BP Macondo well, citing them to appear before this Court and make due proof of their respective Claims on or before April 20, 2011 (Rec. Doc. 3, C.A. 10-4168);

WHEREAS, upon the return of said monition proclamation having been duly made for all persons and entities claiming damages for any and all loss, damage, destruction and injury aforesaid to appear and answer the Complaint and to present their Claims; and whereas approximately sixty-six Claimants having presented Claims for damages, and stating said Claims to the Court; and

WHEREAS, no other person or entity having presented any other Claim, and the defaults of all other persons having been duly entered (Rec. Doc. 3199, C.A. 10-md-2179); and the said Claimants having answered the Complaint; and Limitation Petitioner having duly filed its Motion to Dismiss; and the Court having filed its Order and Reasons [As to the B4 Pleading Bundle], granting the Motion to Dismiss as respects Limitation Petitioner, exonerating Limitation Petitioner and holding that any loss, destruction, damage and injury was not caused, as a matter of law, by any actionable negligence and/or fault of Limitation Petitioner as appears by the Order and Reasons on file (Rec. Doc. 4285, C.A. 10-md-2179);

Accordingly, it is hereby ORDERED, ADJUDGED AND DECREED:

(1) That the damages described in Limitation Petitioner's Complaint for Exoneration from or Limitation of Liability were not caused, as a matter of law, by any actionable negligence and/or fault of Limitation Petitioner;

(2) That Limitation Petitioner be and hereby is forever exonerated, exempted and discharged from all loss, damage, destruction or injury arising from or growing out of the incident referenced in Limitation Petitioner's Complaint;

(3) That all Claims filed in Civil Action No. 10-4168 by any of the Claimants to Limitation Petitioner's Complaint for Exoneration from or Limitation of Liability are hereby dismissed, with prejudice; and

(4) That costs are assigned to and shall be borne by the Claimants.

New Orleans, Louisiana, this _____ day of _____, 2011.

_____
UNITED STATES DISTRICT COURT JUDGE