# EXHIBIT "A"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL NO. 2179**  **SECTION J** |
| **Applies to:** *All Cases* | **JUDGE BARBIER**  **MAGISTRATE JUDGE SHUSHAN** |

### ORDER

**[Regarding Louisiana's Failure to Comply with Orders for Production of Documents]**

On September 1, 2011, the Court issued an order regarding BP's motion to compel discovery from Louisiana (Rec. doc. 3795). The order sets forth the background and need for an order requiring Louisiana to produce documents. The order provided that:

1. By **Friday, September 23, 2011,** Louisiana shall complete its search of the State agencies identified by BP with the search terms, date ranges and custodians identified by BP and produce all non-privileged documents. The date ranges shall be modified so that they terminate at September 19, 2010.

2. By **Friday, September 16, 2011,** Louisiana and BP shall meet and confer on a proposed search protocol for hard copy and ESI from the Office of the Louisiana Attorney General. They shall report to the Court on the status of this protocol by **Wednesday, September 21, 2011.**

Rec. doc. 3882 at 6.

Louisiana sought reconsideration of the order as to the deadlines. The Court accommodated the request and the parties were ordered to proceed as follows:

1. By **Friday, September 16, 2011,** Louisiana and BP shall meet and confer on a proposed search protocol for hard copy and ESI from the Office of the Louisiana Attorney General. If they cannot agree on a protocol by **Wednesday, September 21, 2011,** then on that date they shall submit separate protocols as proposed orders. The Court shall enter the one which

        most meets the needs of the MDL.[1]

2.     By **Friday, October 7, 2011,** Louisiana shall complete its search of the "First Priority Tier" State agencies[2] (other than the Office of the Attorney General) with the search terms, date ranges (terminating on September 19, 2010) and custodians identified by BP and produce all non-privileged documents.

3.     By **Friday, October 28, 2011,** Louisiana shall complete its search of the "Second Priority Tier" State agencies (other than the Office of the Attorney General) identified by BP with the search terms, date ranges (terminating on September 19, 2010) and custodians identified by BP and produce all non-privileged documents.

4.     Louisiana shall not offer anything into evidence at the trial of Phase One which was not produced by **September 23, 2011.**

Rec. doc. 3965 at 2.[3]

On September 14, 2011, Louisiana notified the Court that it was not likely that it could comply fully with the deadlines in the September 9, 2011 order, but it was making every effort to comply. Rec. doc. 4058.

On October 12, 2011, Louisiana reported only partial compliance with the September 9, 2011 order. It contended that it needed a further <u>fourteen to sixteen weeks</u> to complete production. Rec. doc. 4401. On October 13, 2011, BP responded. It reported that since the September 9, 2011 order, Louisiana had produced 87 documents (806 pages *in toto*) from the Department of Environmental

---

    [1] The parties agreed to a protocol. Rec. doc. 4412.

    [2] <u>See</u> Elizabeth B. Petersen's letter of September 7, 2011 for the lists of First and Second Priority Tier State agencies. Rec. doc. 3962 (Exhibit A).

    [3] At the August 12, 2011 status conference, District Judge Barbier notified the parties that the trial would be segregated into at least three phases: Phase One would focus on events leading up to and including the April 20, 2010 explosion; Phase Two would focus on source control and oil discharge quantification issues; and Phase Three would focus on the remaining liability issues (disperants, clean-up, and other related issues). Rec. doc. 3727. The trial plan was adopted. Rec. doc. 4083. The parties were notified of the general outline of the trial plan at the July 8, 2011 status conference. Rec. doc. 3196.

Quality and nothing from the other First Priority Tier state agencies. It had produced no documents from the Office of the Attorney General. Rec. doc. 4334. After the working group conference on October 15, 2011, there was a conference in chambers with counsel for Louisiana and BP. Rec. doc. 4303 at 7.

On October 18, 2011, Louisiana submitted a report. Rec. doc. 4387. On October 19, 2011, the Court responded to the report. Rec. doc. 4403. On October 19, 2011, Louisiana replied. Rec. doc. 4402. On October 21, 2011, counsel for BP and Louisiana were notified that there would be a telephone conference on October 25, 2011 to discuss the status of Louisiana's document production. Louisiana was reminded that: (1) the depositions of expert witnesses for Phase One are to begin on November 14, 2011; (2) Louisiana's full Phase One production must be produced sufficiently in advance of that day; (3) the depositions of Phase Two fact witnesses are scheduled to begin on January 17, 2012; and (4) all Phase Two documents must be produced sufficiently in advance of that date for all parties to be adequately prepared. It was notified that the Court required firm assurances on document production to meet these deadlines or sanctions would have to be imposed. Rec. doc. 4404.

On October 25, 2011, there was a telephone conference with the undersigned and District Judge Barbier.[4] The Court emphasized that Louisiana must produce not only the documents within the deadlines, but also a privilege log for any relevant documents withheld from production. While the Court appreciates that Louisiana is required to expend public funds to produce the documents,

---

[4] Allan Kanner, T. Allen Usery, Elizabeth A. Petersen and John Gilmore, participated as counsel for Louisiana. Megan K. Terrell, Assistant Attorney General, Section Chief - Environmental, and Elizabeth Murrell with the Governor's office, also participated. BP was represented by Andrew Bloomer and Jeff Lamb.

3

it is necessary that its document production be completed so that this MDL proceeding may progress as scheduled.[5] Again, Louisiana was not able to provide firm deadlines for the completion of its document production. It may not jeopardize the orderly progress of this case.

IT IS ORDERED as follows:

1. By **Thursday, November 3, 2011**, Louisiana shall produce complete production of all Phase One documents in accord with the requirements of the September 1, 2011 discovery order as modified by the September 9, 2011 discovery order (Rec. docs. 3882 and 2965). By this same date, Louisiana shall provide a privilege log for all relevant documents for Phase One which Louisiana claims are protected from disclosure.

2. By **Monday, November 21, 2011,** Louisiana shall produce complete production of all Phase Two documents in accord with the requirements of the September 1, 2011 discovery order as modified by the September 9, 2011 discovery order (Rec. docs. 3882 and 2965). By this same date, Louisiana shall provide a privilege log for all relevant documents for Phase Two which Louisiana claims are protected from disclosure.

3. If Louisiana fails to comply with either of these deadlines, sanctions shall be imposed as follows: $2,500.00 per day for each day of non-compliance; at the end of seven (7) calendar days, the sanctions shall increase to $5,000.00 per day for each day of non-compliance; at the end of fourteen (14) calendar days, the sanctions shall increase to $10,000.00 per day for each day of non-compliance.

4. **At the end of twenty-one (21) days of non-compliance**, the Court will consider, either on

---

[5] If Louisiana contends that it has produced all Phase One documents, it may provide a certificate of completeness. See PTO no. 17 (Rec. doc. 740 at 10-11).

4

its own motion or the motion of any party, whether the claims of Louisiana in this MDL shall be dismissed in whole or in part for failure to prosecute.

**Any appeal of this order shall be filed by Monday, October 31, 2011 at 5:00 p.m.**

New Orleans, Louisiana, this 27th day of October, 2011.

                                            **SALLY SHUSHAN**
                                            **United States Magistrate Judge**

cc: District Judge Carl J. Barbier