# EXHIBIT
## "B"

Westlaw.

Page 1

Not Reported in F.Supp.2d, 2000 WL 1036221 (E.D.La.), 83 Fair Empl.Prac.Cas. (BNA) 1279
**(Cite as: 2000 WL 1036221 (E.D.La.))**

United States District Court, E.D. Louisiana.
Henry T. GAFFNEY
v.
U.S. DEPARTMENT OF ENERGY

No. CIV.A. 98-3772.
July 25, 2000.

ORDER AND REASONS

BERRIGAN, District J.

**\*1** Plaintiff Henry Gaffney has filed a motion to review the Magistrate Judge's Order (Rec.Doc. 50) addressing discovery in this case.[FN1] Gaffney primarily objects to limitation of his discovery requests to the period of January 1997 onward. Gaffney also objects to striking of certain requests for admissions and to the allegedly late opposition filed by the Defendant. For the reasons explained below, the Court PARTIALLY AFFIRMS and PARTIALLY VACATES the Magistrate Judge's Order.

> FN1. Gaffney actually titles his review motion "Objections to Magistrate Judge's June 2, 2000 Order on Discovery."

I. FACTS

Gaffney is an employee in the New Orleans office of the Strategic Petroleum Reserve Project Management Office, an agency within the United States Department of Energy. Gaffney filed the instant suit variously alleging discrimination by his employer based on (1) age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; (2) disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and/or the Rehabilitation Act of 1973, codified in various sections of 29 U.S.C; and (3) race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. He alleges discriminatory acts by his employer starting in 1984 through the present. He contends that all of the discrimination he alleges

is related in a progression of incidents of retaliation and discrimination starting in 1984, when he assisted a female employee alleging sexual harassment against his supervisor, Ted Williams. Despite this alleged perpetuation of retaliation and discrimination, Gaffney only first filed an administrative discrimination complaint in 1997.

The parties have been at odds on several pretrial matters, which the assigned Magistrate Judge has ably handled. On June 1, 2000, the Magistrate Judge issued a comprehensive ruling addressing discovery motions filed by both sides. *See* Rec. Doc. 50. In that Order, the Magistrate Judge (1) granted in part and denied in part the Defendant's motion for a protective order; (2) denied Gaffney's motion to deem his requests for admissions as admitted; (3) denied Gaffney's motion to preclude defense on all claims/allegations; and (4) granted in part and denied in part Gaffney's motion to compel the Defendant to respond to his discovery requests. *See id.* The Magistrate Judge effectively limited Gaffney's discovery requests to the period of 1997 onward pending this Court's resolution of the Defendant's soon to be heard motion to dismiss and for summary judgment (Rec.Doc. 47), which argues in part that Gaffney's pre-1997 allegations are barred for failure to exhaust administrative remedies. The Magistrate Judge found that limiting such voluminous requests in light of the pending dismissal motion was prudent. Gaffney primarily objects to this limitation. Gaffney additionally objects to striking of certain requests for admissions and to the allegedly late opposition filed by the Defendant.

II. ANALYSIS

A. Standard of Review

**\*2** Under Federal Rule of Civil Procedure Rule 72(a), a party may serve and file objections to a magistrate judge's orders regarding nondispositive pretrial matters if the objection is filed within ten (10) days after service of the order.[FN2] Federal law

Not Reported in F.Supp.2d, 2000 WL 1036221 (E.D.La.), 83 Fair Empl.Prac.Cas. (BNA) 1279
**(Cite as: 2000 WL 1036221 (E.D.La.))**

affords a magistrate judge broad discretion in the resolution of nondispositive discovery disputes. *See* Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Comeau v. Rupp,* 142 F.R.D. 683, 684 (D.Kan.1992). Thus, a district court reverses a magistrate judge's ruling on nondispositive pretrial matters only where the court finds such a ruling to be "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). *See also In re Combustion, Inc.,* 161 F.R.D. 54, 55 (W.D.La.1995). A motion to review is appropriate when a magistrate judge has obviously misapprehended a party's position, the facts, or the applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence. *Schrag v. Dinges,* 144 F.R.D. 121, 123 (D.Kan.1992). A party is not entitled to raise new theories or arguments in its objections that the party did not present before a magistrate judge. *See Cupit v. Whitley,* 28 F.3d 532, 535 (5th Cir.1994), *cert. denied,* 513 U . S. 1163, 115 S.Ct. 1128, 130 L.Ed.2d 1091 (1995). Considering this standard of review, Gaffney must overcome a high hurdle for this Court to grant the instant motion.

> FN2. This Court granted Gaffney's request for an extension to file his objections. *See* Rec. Doc. 52.

B. Discussion

1. *Pre-1997 Claims*

The Defendant argues in its motion to dismiss and for summary judgment, among other things, that all of Gaffney's pre-1997 discrimination/retaliation claims are barred for failure to exhaust administrative remedies. Gaffney, on the other hand, claims that his claims should be saved under the "continuous violation" doctrine. If the Defendant's argument is correct, it would be unduly burdensome to require the Defendant to comply with all of Gaffney's voluminous discovery requests covering 1984 through 1996. Accordingly, it is prudent for the court to rule now on the legal issue of whether the pre-1997 claims are barred rather than defer a

decision until ruling on the defendant's dismissal/ summary judgment motion. The court has determined that the parties have sufficiently briefed the issue already; thus, a ruling now will prejudice neither party.

In extending federal anti-discrimination law to federal employers, Congress provided that the Equal Employment Opportunity Commission ("EEOC") handle complaints and other related matters for federal sector employment. *See* 42 U.S.C. § 2000e-16(b). Exhaustion of EEOC administrative remedies is a prerequisite for a district court's subject matter jurisdiction over a federal employee's employment discrimination case. *See Randel v. United States Department of the Navy,* 157 F.3d 392, 395 (5th Cir.1998); *Tolbert v. United States,* 916 F.2d 245, 247-48 (5th Cir.1990); *Hogan v. United States,* Civ. Action 99-0868, 1999 WL 1138529, at *3 (E.D.La. Dec. 7, 1999). According to the EEOC's regulations promulgated under that congressional mandate, an aggrieved employee who believes he has suffered discrimination on the basis of race, color, religion, sex, national origin, or handicap must initiate contact with an Equal Employment Opportunity ("EEO") counselor within forty-five (45) days of the date of the alleged discriminatory incident. *See* 29 C.F.R. § 1614.105(a).[FN3] EEO counseling may extend anywhere between thirty (30) and ninety (90) days depending on the situation. *See* 29 C.F.R. § 1614.105(d)-(f). At the conclusion of counseling, the counselor must issue to the aggrieved employee a notice of his or her right to file a discrimination complaint with his or her employing federal agency. *See id.* The aggrieved employee must then file a complaint with the federal agency that allegedly discriminated against him or her within fifteen (15) days of receiving notice of the right to file a discrimination complaint. *See* 29 C.F.R. § 1614.106(a)-(b).

> FN3. Before 1992, EEOC regulations required an aggrieved employee to initiate contact with an EEOC counselor within thirty (30) days. This difference however

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-SS Document 4451-2 Filed 10/31/11 Page 4 of 7
Case 2:10-md-02179-CJB-SS Document 3951-2 Filed 09/03/11 Page 3 of 6
Page 3

Not Reported in F.Supp.2d, 2000 WL 1036221 (E.D.La.), 83 Fair Empl.Prac.Cas. (BNA) 1279
**(Cite as: 2000 WL 1036221 (E.D.La.))**

does not affect any of the Court's analysis in the instant case.

**\*3** It is clear from the face of the pleadings that Gaffney did not comply with the EEOC's regulations or the time period for filing an administrative complaint before 1997 because either he failed to initiate contact with an EEO counselor or decided not to follow through with a complaint in each pre-1997 instance.[FN4] Gaffney however claims that all of the alleged discrimination/retaliation is so interconnected that the pre-1997 incidents should not be barred but rather saved by the "continuing violation" doctrine.

> FN4. Gaffney has provided an affidavit attesting that he did seek EEO counseling on several occasions between 1984 and 1996. *See* Rec. Doc. 43 (Opposition to Defendant's Motion for a Protective Order), Ex. 7 (Affidavit of Anthony J. Sanchez, III). The affidavit confirms however that in each instance Gaffney decided not to pursue an administrative discrimination complaint but rather chose to challenge the adverse employment decisions through review by the Merit Systems Protection Board ("MSPB"). *See id.*

The "continuing violation" doctrine, as applied by the United States Court of Appeals for the Fifth Circuit, is an equitable remedy that "relieves a[n aggrieved employee alleging discrimination] ... from the burden of proving that the entire violation occurred within the actionable period provided the plaintiff can show a series of related acts, one or more of which falls within the limitations period." *Webb v. Cardiothoracic Surgery Associates of North Texas,* 139 F.3d 532, 537 (5th Cir.1998) (citing *Messer v. Meno,* 130 F.3d 130, 134-35 (5th Cir.1997)).

A district court's inquiry into whether an alleged series of incidents constitutes a "continuing violation" and thus exempts the plaintiff's claims from the normal time limitations "turns on the facts

and context of each particular case." *Berry v. Board of Supervisors of L.S.U.,* 715 F.2d 971, 981 (5th Cir.1983). However, the Fifth Circuit has provided three non-exhaustive factors for courts to consider in such an inquiry.

The first is subject matter. Do the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation? The second is frequency. Are the alleged acts recurring ... or more in the nature of an isolated work assignment or employment decision? The third factor, perhaps of most importance, is degree of permanence. Does the act have the degree of permanence which should trigger an employee's awareness of and duty to assert his or her rights, or which should indicate to the employee that the continued existence of the adverse consequences of the act is to be expected without being dependent on a continuing intent to discriminate?

> *Id.*

The Fifth Circuit applied this analysis in *Huckabay v. Moore,* 142 F.3d 233 (5th Cir.1998). In that case, a white employee alleged racial discrimination. He claimed that he was subject to a hostile work environment in which he was called racially derogatory terms and otherwise ridiculed and treated unfairly because of his race. The white employee also alleged that he was demoted and not promoted because of his race. The employer argued in part that the employee's claims were time-barred. In response, the employee contended that the "continuing violation" doctrine saved his claims.

The appellate court concluded that a hostile work environment claim may be a "continuing violation" where the workplace harassment has continued into the actionable period because a hostile work environment claim is "not the kind of violation that-like a discrete instance of discriminatory conduct-would put a worker on notice that his rights had been violated." *Id.* at 239 .[FN5] On the other hand, the court held that a demotion and a failure to promote are "isolated occurrence[s] apart

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC Document 4451-2 Filed 10/31/11 Page 5 of 7
Case 2:10-md-02179-CJB-SS Document 3951-6 Filed 09/03/11 Page 4 of 7

Page 4

Not Reported in F.Supp.2d, 2000 WL 1036221 (E.D.La.), 83 Fair Empl.Prac.Cas. (BNA) 1279
**(Cite as: 2000 WL 1036221 (E.D.La.))**

from the continuously hostile environment." *Id.* at 240. The court explained that "[t]hese discrete adverse actions, though [discriminatory] ..., cannot be lumped together with the day-to-day pattern of ... harassment, for they were isolated occurrences that should have put [the plaintiff] on notice that a claim accrued." *Id.*

> FN5. The "continuing violation" doctrine is not automatically applicable to every claim of continuing workplace harassment. Where the incidents in question are discrete and severe, they should be enough to place the employee on notice that his or her legal rights have been violated and that a claim has accrued. *See, e.g., Webb,* 139 F.3d at 538 (incidents of alleged sexual harassment including supervisor's sexual approaches and invitations at an out-of-town business meeting and the supervisor's touching of employee's inner thigh under her skirt triggered employee's duty to assert her rights and thus would not be saved by the "continuing violations" doctrine).

**\*4** The reasoning employed by the Fifth Circuit in *Huckabay* clearly applies to Gaffney's claims in the instant case. Gaffney claims several allegedly discriminatory failures to promote, repromote, or otherwise reassign beginning in 1984. These incidents are clearly discrete adverse employment actions that should have put Gaffney on notice that his legal rights may have been violated and that a claim had accrued. Gaffney pleads ignorance of his cause of action, alleging that he did not learn of his cause of action until 1997. He also variously asserts negligent and possibly malicious actions by various EEO officers to hide the true nature of his complaints. These excuses and unsupported assertions however are insufficient to convert Gaffney's allegations into a "continuing violation." Even though these adverse employment decisions were discrete incidents that should have placed Gaffney on notice that a claim had accrued, Gaffney failed to follow

through with an administrative discrimination complaint until 1997.

The gravamen of Gaffney's case is clearly the allegedly discriminatory adverse employment decisions. However, he does lodge other possibly pre-1997 allegations in his original and three amended complaints that could reasonably be seen as hostile work environment claims. Gaffney paints a continuing pattern of workplace harassment including the following: (1) isolation in the workplace, e.g., not being invited to planning meetings; (2) not being placed in the supervisor position when the supervisor is on leave even though he is allegedly the most experiences; (3) throwing away his opened and unopened mail; (4) a manager telling him he probably should have left the job; and (5) failing to take actions of most of his suggestion and failing to give him credit for those suggestions adopted. *See* Rec. Doc. 8 (First Amended Complaint), at 21-25.

The *Huckabay* opinion concluded that the "continuing violation" doctrine could apply to an ongoing pattern of workplace harassment not so discrete or severe as to place the aggrieved employee on notice that a claim has accrued. Gaffney's workplace harassment allegations, if true, seem to constitute such an ongoing pattern. Therefore, from the face of the pleadings alone, these claims only possibly may be saved by the "continuing violation" doctrine.[FN6]

> FN6. Gaffney also lodges one minor allegation of a discriminatory failure to purchase a back support device in 1996. *See* Rec. Doc. 8 (First Amended Complaint), at 16. This is clearly a discrete action rather than part of an ongoing hostile work environment claim.

Considering the above discussion of the "continuing violation" doctrine and its application to the instant case, the Magistrate Judge's ruling precluding any pre-1997 discovery was in large part correct but however was also partially erroneous. On the face of the pleadings, any pre-1997 discrim-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2000 WL 1036221 (E.D.La.), 83 Fair Empl.Prac.Cas. (BNA) 1279
**(Cite as: 2000 WL 1036221 (E.D.La.))**

ination/retaliation claim based on adverse employment decisions or other discrete actions is clearly barred due to Gaffney's failure to exhaust administrative remedies either by not initiating contact with an EEO counselor within forty-five (45) days of the incidents or by not following through with an administrative discrimination complaint following counseling. However, discovery of pre-1997 materials addressing these discrete actions is not precluded simply because the claims themselves are barred; rather, "[t]he information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to discovery of admissible evidence." Fed.R.Civ.P. 26(b). *See also Burns v. Thiokol Chemical Corp.,* 483 F.2d 300, 304, n. 8 (5th Cir.1973); 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2008. The pre-1997 materials addressing discrete incidents may possibly lead to evidence relevant for purposes other than proving the barred pre-1997 claims, such as motive, intent, plan, etc. Therefore, considering the Court's legal ruling dismissing most of the pre-1997 claims, discovery requests covering pre-1997 adverse employment decisions and other discrete actions are appropriate only insofar as they are reasonably calculated to lead to evidence relevant for some purpose other than proving the barred claims themselves. Also, as explained above, the "continuing violation" doctrine may save Gaffney's pre-1997 hostile work environment claims; therefore, Gaffney is entitled to discovery of any requested pre-1997 materials addressing his hostile work environment claims.[FN7] If the parties themselves cannot determine which pre-1997 requests meet the above criteria, they should ask the Magistrate Judge to revisit the requests with this Court's ruling as guidance.

> FN7. The Court has not reviewed Gaffney's specific discovery requests. Because the gravamen of his complaint concerns adverse employment decisions, it is possible that very little or none of his discovery requests concern his hostile work environment claims.

2. *Other Issues*

**\*5** While the primary focus of Gaffney's motion to review the Magistrate Judge's Order focuses on the exclusion of pre-1997 materials, Gaffney additionally objects to striking of certain requests for admissions and to the allegedly late opposition filed by the Defendant.

Gaffney offers no reason for his objection to the striking of certain requests for admissions other than merely that he cannot understand why the Magistrate Judge denied these requests. This argument fails to demonstrate that these rulings are clearly erroneous or contrary to law. Therefore, this Court will not review these denials.

Gaffney does explain that he objects to the Magistrate Judge's acceptance of the Defendant's opposition papers because they were allegedly misfiled as a reply brief one day after opposition was due. The Defendant has explained the reasons it filed the brief as a reply brief. Nevertheless, even if the brief was a late opposition, the Magistrate Judge had the discretion under Federal Rule of Civil Procedure 6(b) to grant leave to file the brief late and did so by signing a motion for leave filed by the Defendant. *See* Rec. Doc. 48. The Magistrate Judge's exercise of discretion to grant leave to file the brief, even if it was one day late, was neither clearly erroneous nor contrary to law. Accordingly, the Court will not review this decision.

III. CONCLUSION

For the reasons explained above, IT IS ORDERED that Plaintiff Henry Gaffney's claims based on pre-1997 adverse employment decisions and other discrete actions are barred and thus hereby DISMISSED.

IT IS FURTHER ORDERED that Plaintiff Henry Gaffney's motion to review the Magistrate Judge (Rec.Doc. 50) is hereby GRANTED IN PART and DENIED IN PART. The Court PARTIALLY VACATES the Magistrate Judge's Order so as to permit discovery only of those requests covering the period between 1984 through 1996

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC  Document 44512  Filed 10/31/11  Page 7 of 7
Case 2:10-md-02179-CJB-SS  Document 3935-6  Filed 09/03/11  Page 6 of 6
Page 6

Not Reported in F.Supp.2d, 2000 WL 1036221 (E.D.La.), 83 Fair Empl.Prac.Cas. (BNA) 1279
**(Cite as: 2000 WL 1036221 (E.D.La.))**

that address: (a) the barred claims on adverse employment decisions or other discrete actions but reasonably lead to evidence for purposes other than proving those barred claims; and/or (b) the hostile work environment allegations. Accordingly, the Court ORDERS the Defendant to produce such materials. The Court AFFIRMS the remainder of the Magistrate Judge's Order.

E.D.La.,2000.
Gaffney v. U.S. Dept. of Energy
Not Reported in F.Supp.2d, 2000 WL 1036221 (E.D.La.), 83 Fair Empl.Prac.Cas. (BNA) 1279

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.