UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § | MDL NO. 2179<br><br>SECTION J |
| This Document Relates To:<br>*All cases, 2-10-cv-2771 and 2:10-cv-04536* | § § § § § | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**TRANSOCEAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST BP TO ENFORCE BP'S CONTRACTUAL OBLIGATIONS, INCLUDING BP'S OBLIGATION TO DEFEND, INDEMNIFY AND HOLD TRANSOCEAN HARMLESS AGAINST POLLUTION CLAIMS**

Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC and Triton Asset Leasing GmbH (collectively "Transocean") hereby move pursuant to Fed. R. Civ. P. 56 for partial summary judgment on the counter-complaint, cross-complaint and third party complaint and claim in limitation filed by BP Exploration & Production Inc. ("BPXP") and BP America Production Company ("BPAP") (collectively "BP"), Dkt. 2074, on the cross-claim and third party complaint filed by BPXP, Dkt. 2075, on Counts 7 and 8 (¶¶ 88-125) of Transocean's Rule 13 Cross-Claims/Counterclaims, Dkt. 2068, and on Count 7 (¶¶ 59-85) of Transocean's Rule 13 Cross-Claims/Counterclaims and Rule 14 Third-Party Complaint, Dkt.2574, on the ground that the reciprocal indemnity provisions in the Drilling Contract between Transocean and BP require BP to defend, indemnify and hold Transocean harmless for "**ANY LOSS, DAMAGE, EXPENSE, CLAIM, FINE, PENALTY, DEMAND OR LIABILITY FOR POLLUTION OR CONTAMINATION . . . ARISING OUT OF OR CONNECTED WITH OPERATIONS UNDER THIS CONTRACT**"[1] and further provide that the obligations of the indemnifying party apply:

---

[1] The Drilling Contract excepts pollution "originating on or above the surface of the land or water" or to pollution "in any way caused by the drilling unit while it is off the drilling location, while underway or

- "WITHOUT LIMIT AND WITHOUT REGARD TO THE CAUSE OR CAUSES"

- "WITHOUT REGARD TO . . . PREEXISTING CONDITIONS, WHETHER SUCH CONDITIONS BE LATENT OR PATENT,"

- "WITHOUT REGARD TO . . . THE UNSEAWORTHINESS OF ANY VESSEL OR ANY VESSELS (INCLUDING THE DRILLING UNIT),"

- "WITHOUT REGARD TO . . . BREACH OF REPRESENTATION OR WARRANTY, EXPRESSED OR IMPLIED, BREACH OF CONTRACT, STRICT LIABILITY [OR] TORT" and

- "WITHOUT REGARD TO . . . THE NEGLIGENCE OF ANY PERSON OR PERSONS, INCLUDING THAT OF THE INDEMNIFIED PARTY . . . WHETHER SUCH NEGLIGENCE BE SOLE, JOINT OR CONCURRENT, ACTIVE, PASSIVE OR GROSS OR ANY OTHER THEORY OF LEGAL LIABILITY."

As demonstrated in the attached Statement of Undisputed Material Facts and Memorandum in Support of this Motion, there is no genuine dispute as to the terms of the governing Drilling Contract, which unambiguously require BP to defend, indemnify and hold Transocean harmless for the pollution claims at issue in this litigation.  It is settled law that an express indemnity agreement trumps rights of contribution.  While OPA provides that a responsible party such as BP may bring an action for contribution, 33 U.S.C. § 2709, OPA also permits "any agreement to insure, hold harmless, or indemnify a party to such agreement for *any liability* under this Act."  33 U.S.C. § 2710 (emphasis added).  The express terms of the Drilling

---

during drive off or drift off from the drilling location."  The reciprocal indemnity provisions require Transocean to indemnify BP for these forms of pollution.

Contract, therefore, override any contribution rights that BP would otherwise have, and BP's contribution claims must be dismissed.

For the reasons stated herein and in the accompanying Statement of Undisputed Material Facts and Memorandum in Support, and Affidavits and other evidentiary materials filed herewith, Transocean respectfully requests that its Motion for Partial Summary Judgment seeking to enforce BP's obligations in the Drilling Contract be granted, specifically that:

- The express indemnity promises made by BP in the Drilling Contract override any alleged rights of BP to contribution;
- The indemnity provisions agreed to by BP in the Drilling Contract are valid and enforceable against the OPA statutory backdrop, including indemnity for the uncapped liability that arises upon a finding that an incident resulted from gross negligence;
- BP's contribution claims are barred by BP's contractual promise to defend Transocean, and BP must defend Transocean against environmental wellhead pollution claims pending against it that arise from the Macondo blowout;
- BP cannot avoid its contractual promise by alleging that Transocean breached the Drilling Contract or that the *Deepwater Horizon* was unseaworthy;
- BP cannot avoid its contractual promise by alleging that Transocean or its employees were grossly negligent;
- BP is required to honor its promise to indemnify Transocean for CWA (and any other) civil penalties on account of pollution or contamination from the Macondo well;
- BP is required to honor its promise to pay the unpaid invoices referenced in Transocean's Motion for Partial Summary Judgment and the Memorandum in Support thereof;
- As a result of BP's failure to honor its promises in each of the above areas, BP be required to reimburse Transocean its attorneys' fees, costs, and expenses incurred in defending environmental claims for which BP is contractually obligated and those incurred in forcing BP to honor its contractual promises;
- And all other relief that the Court deems just and appropriate.

A proposed order is attached hereto.

Respectfully submitted,

By: /s/ Steven L. Roberts  
Steven L. Roberts (Texas, No. 17019300)  
Rachel Giesber Clingman (Texas, No. 00784125)  
Kent C. Sullivan (Texas, No. 19487300)  
Sutherland Asbill & Brennan LLP  
1001 Fannin Street, Suite 3700  
Houston, Texas 77002  
Telephone: (713) 470-6100  
Facsimile: (713) 654-1301  
Email: steven.roberts@sutherland.com,  
rachel.clingman@sutherland.com,  
kent.sullivan@sutherland.com,  

By: /s/ Kerry J. Miller  
Kerry J. Miller (Louisiana, No. 24562)  
Frilot, L.L.C.  
1100 Poydras Street, Suite 3700  
New Orleans, Louisiana 70163  
Telephone: (504) 599-8169  
Facsimile: (504) 599-8154  
Email: kmiller@frilot.com  

-and-

By: /s/ Brad D. Brian.  
Brad D. Brian (California, No. 79001)  
Allen M. Katz (California, No. 054933)  
Munger Tolles & Olson LLP  
355 South Grand Avenue, 35th Floor  
Los Angeles, California 90071  
Telephone: (213) 683-9100  
Facsimile: (213) 683-5180, (213) 683-4018  
Email: brad.brian@mto.com,  
allen.katz@mto.com  

-and-

By: /s/ Edwin G. Preis, Jr.  
Edwin G. Preis, Jr. (Louisiana, No. 1070)  
Richard J. Hymel (Louisiana, No. 20230)  
Preis & Roy PLC  
102 Versailles Boulevard, Suite 400  
Lafayette, Louisiana 70501  
Telephone: (337) 237-6062  
Facsimile: (337) 237-9129  
-and-  
601 Poydras Street, Suite 1700  
New Orleans, Louisiana 70130  
Telephone: (504) 581-6062  
Facsimile: (504) 522-9129  
Email: egp@preisroy.com, efk@preisroy.com  

15494067.1

4

Of Counsel:
John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Transocean*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and served on all counsel of record though LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 1st day of November, 2011.

/s/  Kerry J. Miller
    KERRY J. MILLER