

PL 101-380, 1990 HR 1465  Page 1
**PL 101-380**, August 18, 1990, 104 Stat 484
**(Cite as: 104 Stat 484)**

UNITED STATES PUBLIC LAWS
101st Congress - Second Session
Convening January 23, 1990

Copr. © West 1990 No Claim to Orig. Govt. Works

Additions and Deletions are not identified in this document.
For Legislative History of Act, see LH database or Report for
this Public Law in U.S.C.C. & A.N. Legislative History section.

PL 101-380 (HR 1465)
August 18, 1990
OIL POLLUTION ACT OF 1990

AN ACT to establish limitations on liability for damages resulting from oil pollution, to establish a fund for the payment of compensation for such damages, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States
of America in Congress assembled,

<< 33 USCA § 2701 NOTE >>

SECTION 1. SHORT TITLE.

This Act may be cited as the "Oil Pollution Act of 1990".

SEC. 2. TABLE OF CONTENTS.

 The contents of this Act are as follows:

TITLE I--OIL POLLUTION LIABILITY AND COMPENSATION

Sec. 1001. Definitions.

Sec. 1002. Elements of liability.

Sec. 1003. Defenses to liability.

Sec. 1004. Limits on liability.

Sec. 1005. Interest.

Sec. 1006. Natural resources.

Sec. 1007. Recovery by foreign claimants.

PL 101-380, 1990 HR 1465                                                                                                                Page 2
**PL 101-380**, August 18, 1990, 104 Stat 484
**(Cite as: 104 Stat 484)**

Sec. 1008. Recovery by responsible party.

Sec. 1009. Contribution.

Sec. 1010. Indemnification agreements.

Sec. 1011. Consultation on removal actions.

Sec. 1012. Uses of the Fund.

Sec. 1013. Claims procedure.

Sec. 1014. Designation of source and advertisement.

Sec. 1015. Subrogation.

Sec. 1016. Financial responsibility.

Sec. 1017. Litigation, jurisdiction, and venue.

Sec. 1018. Relationship to other law.

Sec. 1019. State financial responsibility.

Sec. 1020. Application.

## TITLE II--CONFORMING AMENDMENTS

Sec. 2001. Intervention on the High Seas Act.

Sec. 2002. Federal Water Pollution Control Act.

Sec. 2003. Deepwater Port Act.

Sec. 2004. Outer Continental Shelf Lands Act Amendments of 1978.

## TITLE III--INTERNATIONAL OIL POLLUTION PREVENTION AND REMOVAL

Sec. 3001. Sense of Congress regarding participation in international regime.

Sec. 3002. United States-Canada Great Lakes oil spill cooperation.

Sec. 3003. United States-Canada Lake Champlain oil spill cooperation.

Sec. 3004. International inventory of removal equipment and personnel.

Sec. 3005. Negotiations with Canada concerning tug escorts in Puget Sound.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**PL 101-380**, August 18, 1990, 104 Stat 484
**(Cite as: 104 Stat 484)**

# TITLE IV--PREVENTION AND REMOVAL
## Subtitle A--Prevention

Sec. 4101. Review of alcohol and drug abuse and other matters in issuing licenses, certificates of registry, and merchant mariners' documents.

Sec. 4102. Term of licenses, certificates of registry, and merchant mariners' documents; criminal record reviews in renewals.

Sec. 4103. Suspension and revocation of licenses, certificates of registry, and merchant mariners' documents for alcohol and drug abuse.

**\*485** Sec. 4104. Removal of master or individual in charge.

Sec. 4105. Access to National Driver Register.

Sec. 4106. Manning standards for foreign tank vessels.

Sec. 4107. Vessel traffic service systems.

Sec. 4108. Great Lakes pilotage.

Sec. 4109. Periodic gauging of plating thickness of commercial vessels.

Sec. 4110. Overfill and tank level or pressure monitoring devices.

Sec. 4111. Study on tanker navigation safety standards.

Sec. 4112. Dredge modification study.

Sec. 4113. Use of liners.

Sec. 4114. Tank vessel manning.

Sec. 4115. Establishment of double hull requirement for tank vessels.

Sec. 4116. Pilotage.

Sec. 4117. Maritime pollution prevention training program study.

Sec. 4118. Vessel communication equipment regulations.

## Subtitle B--Removal

Sec. 4201. Federal removal authority.

Sec. 4202. National planning and response system.

Sec. 4203. Coast Guard vessel design.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Sec. 4204. Determination of harmful quantities of oil and hazardous substances.

Sec. 4205. Coastwise oil spill response endorsements.

Subtitle C--Penalties and Miscellaneous

Sec. 4301. Federal Water Pollution Control Act penalties.

Sec. 4302. Other penalties.

Sec. 4303. Financial responsibility civil penalties.

Sec. 4304. Deposit of certain penalties into oil spill liability trust fund.

Sec. 4305. Inspection and entry.

Sec. 4306. Civil enforcement under Federal Water Pollution Control Act.

TITLE V--PRINCE WILLIAM SOUND PROVISIONS

Sec. 5001. Oil spill recovery institute.

Sec. 5002. Terminal and tanker oversight and monitoring.

Sec. 5003. Bligh Reef light.

Sec. 5004. Vessel traffic service system.

Sec. 5005. Equipment and personnel requirements under tank vessel and facility response plans.

Sec. 5006. Funding.

Sec. 5007. Limitation.

TITLE VI--MISCELLANEOUS

Sec. 6001. Savings provisions.

Sec. 6002. Annual appropriations.

Sec. 6003. Outer Banks protection.

Sec. 6004. Cooperative development of common hydrocarbon-bearing areas.

TITLE VII--OIL POLLUTION RESEARCH AND DEVELOPMENT PROGRAM

Sec. 7001. Oil pollution research and development program.

TITLE VIII--TRANS-ALASKA PIPELINE SYSTEM

Sec. 8001. Short title.

Subtitle A--Improvements to Trans-Alaska Pipeline System

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Sec. 8101. Liability within the State of Alaska and cleanup efforts.

Sec. 8102. Trans-Alaska Pipeline Liability Fund.

Sec. 8103. Presidential task force.

Subtitle B--Penalties

Sec. 8201. Authority of the Secretary of the Interior to impose penalties on Outer Continental Shelf facilities.

Sec. 8202. Trans-Alaska pipeline system civil penalties.

Subtitle C--Provisions Applicable to Alaska Natives

Sec. 8301. Land conveyances.

Sec. 8302. Impact of potential spills in the Arctic Ocean on Alaska Natives.

***486** TITLE IX--AMENDMENTS TO OIL SPILL LIABILITY TRUST FUND, ETC

Sec. 9001. Amendments to Oil Spill Liability Trust Fund.

Sec. 9002. Changes relating to other funds.

TITLE I--OIL POLLUTION LIABILITY AND COMPENSATION

<< 33 USCA § 2701 >>

Sec. 1001. DEFINITIONS.

 For the purposes of this Act, the term--

 (1) "act of God" means an unanticipated grave natural disaster or other natural phenomenon of an exceptional, inevitable, and irresistible character the effects of which could not have been prevented or avoided by the exercise of due care or foresight;

 (2) "barrel" means 42 United States gallons at 60 degrees fahrenheit;

 (3) "claim" means a request, made in writing for a sum certain, for compensation for damages or removal costs resulting from an incident;

 (4) "claimant" means any person or government who presents a claim for compensation under this title;

 (5) "damages" means damages specified in section 1002(b) of this Act, and includes the cost of assessing these damages;

 (6) "deepwater port" is a facility licensed under the Deepwater Port Act of 1974 (33 U.S.C. 1501-1524);

 (7) "discharge" means any emission (other than natural seepage), intentional or unintentional, and includes, but is not limited to, spilling, leaking, pumping, pouring, emitting, emptying, or dumping;

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

PL 101-380, 1990 HR 1465                                                                                                         Page 92
**PL 101-380**, August 18, 1990, 104 Stat 484
**(Cite as: 104 Stat 484)**

  (3) by inserting after "other Federal" the first place it appears the following: "or State".

SEC. 8102. TRANS-ALASKA PIPELINE LIABILITY FUND.

 (a) TERMINATION OF CERTAIN PROVISIONS.--

<< 43 USCA § 1653 >>

(1) REPEAL.--Section 204(c) of the Trans-Alaska Pipeline Authorization Act (43 U.S.C. 1653(c)) is repealed, effective as provided in paragraph (5).

<< 43 USCA § 1653 NOTE >>

(2) DISPOSITION OF FUND BALANCE.--

   (A) RESERVATION OF AMOUNTS.--The trustees of the Trans-Alaska Pipeline Liability Fund (hereafter in this subsection referred to as the "TAPS Fund") shall reserve the following amounts in the TAPS Fund--

    (i) necessary to pay claims arising under section 204(c) of the Trans-Alaska Pipeline Authorization Act (43 U.S.C. 1653(c));  and

    (ii) administrative expenses reasonably necessary for and incidental to the implementation of section 204(c) of that Act.

   (B) DISPOSITION OF THE BALANCE.--After the Comptroller General of the United States certifies that the requirements of subparagraph (A) have been met, the trustees of the TAPS Fund shall dispose of the balance in the TAPS Fund after the reservation of amounts are made under subparagraph (A) by--

    (i) rebating the pro rata share of the balance to the State of Alaska for its contributions as an owner of oil;  and then

    (ii) transferring and depositing the remainder of the balance into the Oil Spill Liability Trust Fund established under section 9509 of the Internal Revenue Code of 1986 (26 U.S.C. 9509).

   (C) DISPOSITION OF THE RESERVED AMOUNTS.--After payment of all claims arising from an incident for which funds **\*566** are reserved under subparagraph (A) and certification by the Comptroller General of the United States that the claims arising from that incident have been paid, the excess amounts, if any, for that incident shall be disposed of as set forth under subparagraphs (A) and (B).

   (D) AUTHORIZATION.--The amounts transferred and deposited in the Fund shall be available for the purposes of section 1012 of the Oil Pollution Act of 1990 after funding sections 5001 and 8103 to the extent that funds have not otherwise been provided for the purposes of such sections.

 (3) SAVINGS CLAUSE.--The repeal made by paragraph (1) shall have no effect on any right to recover or responsibility that arises from incidents subject to section 204(c) of the Trans-Alaska Pipeline Authorization Act (43 U.S.C. 1653(c)) occurring prior to the date of enactment of this Act.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

PL 101-380, 1990 HR 1465                                                                                                               Page 93
**PL 101-380**, August 18, 1990, 104 Stat 484
**(Cite as: 104 Stat 484)**

<< 43 USCA § 1653 >>

(4) TAPS COLLECTION.--Paragraph (5) of section 204(c) of the Trans-Alaska Pipeline Authorization Act (43 U.S.C. 1653(c)) is amended by striking the period at the end of the second sentence and adding at the end the following: ", except that after the date of enactment of the Oil Pollution Act of 1990, the amount to be accumulated shall be $100,000,000 or the amount determined by the trustees and certified to the Congress by the Comptroller General as necessary to pay claims arising from incidents occurring prior to the date of enactment of that Act and administrative costs, whichever is less.".

<< 43 USCA § 1653 NOTE >>

(5) EFFECTIVE DATE.--(A) The repeal by paragraph (1) shall be effective 60 days after the date on which the Comptroller General of the United States certifies to the Congress that--

   (i) all claims arising under section 204(c) of the Trans-Alaska Pipeline Authorization Act (43 U.S.C. 1653(c)) have been resolved,

   (ii) all actions for the recovery of amounts subject to section 204(c) of the Trans-Alaska Pipeline Authorization Act have been resolved, and

   (iii) all administrative expenses reasonably necessary for and incidental to the implementation of section 204(c) of the Trans-Alaska Pipeline Authorization Act have been paid.

 (B) Upon the effective date of the repeal pursuant to subparagraph (A), the trustees of the TAPS Fund shall be relieved of all responsibilities under section 204(c) of the Trans-Alaska Pipeline Authorization Act, but not any existing legal liability.

 (6) TUCKER ACT.--This subsection is intended expressly to preserve any and all rights and remedies of contributors to the TAPS Fund under section 1491 of title 28, United States Code (commonly referred to as the "Tucker Act").

<< 43 USCA § 1653 >>

(b) CAUSE OF ACCIDENT.--Section 204(c)(2) of the Trans-Alaska Pipeline Authorization Act (43 U.S.C. 1653(c)(2)) is amended by striking out "caused by" in the first sentence and inserting in lieu thereof "caused solely by".

 (c) DAMAGES.--Section 204(c) of the Trans-Alaska Pipeline Authorization Act (43 U.S.C. 1653(c)), as amended by this title, is further amended by adding at the end the following new paragraphs:

 "(13) For any claims against the Fund, the term 'damages' shall include, but not be limited to--

 "(A) the net loss of taxes, revenues, fees, royalties, rents, or other revenues incurred by a State or a political subdivision of a **\*567** State due to injury, destruction, or loss of real property, personal property, or natural resources, or diminished economic activity due to a discharge of oil; and

 "(B) the net cost of providing increased or additional public services during or after removal activities due to a discharge of oil, including protection from fire, safety, or health hazards, incurred by a State or political subdivision of a State.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**PL 101-380**, August 18, 1990, 104 Stat 484
**(Cite as: 104 Stat 484)**

"(14) Paragraphs (1) through (13) shall apply only to claims arising from incidents occurring before the date of enactment of the Trans-Alaska Pipeline System Reform Act of 1990. The Oil Pollution Act of 1990 shall apply to any incident, or any claims arising from an incident, occurring on or after the date of the enactment of that Act.".

(d) PAYMENT OF CLAIMS BY FUND.--Section 204(c)(3) of the Trans-Alaska Pipeline Authorization Act (43 U.S.C. 1653(c)(3)) is amended by adding at the end the following: "The Fund shall expeditiously pay claims under this subsection, including such $14,000,000, if the owner or operator of a vessel has not paid any such claim within 90 days after such claim has been submitted to such owner or operator. Upon payment of any such claim, the Fund shall be subrogated under applicable State and Federal laws to all rights of any person entitled to recover under this subsection. In any action brought by the Fund against an owner or operator or an affiliate thereof to recover amounts under this paragraph, the Fund shall be entitled recover prejudgment interest, costs, reasonable attorney's fees, and, in the discretion of the court, penalties.".

(e) OFFICERS OR TRUSTEES.--Section 204(c)(4) of the Trans-Alaska Pipeline Authorization Act (43 U.S.C. 1653(c)(4)) is amended--

(1) by inserting "(A)" after "(4)"; and

(2) by adding at the end the following:

"(B) No present or former officer or trustee of the Fund shall be subject to any liability incurred by the Fund or by the present or former officers or trustees of the Fund, other than liability for gross negligence or willful misconduct.

"(C)(i) Subject to clause (ii), each officer and each trustee of the Fund--

"(I) shall be indemnified against all claims and liabilities to which he or she has or shall become subject by reason of serving or having served as an officer or trustee, or by reason of any action taken, omitted, or neglected by him or her as an officer or trustee; and

"(II) shall be reimbursed for all attorney's fees reasonably incurred in connection with any claim or liability.

"(ii) No officer or trustee shall be indemnified against, or be reimbursed for, any expenses incurred in connection with, any claim or liability arising out of his or her gross negligence or willful misconduct.".

<< 43 USCA § 1651 NOTE >>

SEC. 8103. PRESIDENTIAL TASK FORCE.

(a) ESTABLISHMENT OF TASK FORCE.--

(1) ESTABLISHMENT AND MEMBERS.--(A) There is hereby established a Presidential Task Force on the Trans-Alaska Pipeline System (hereinafter referred to as the "Task Force") composed of the following members appointed by the President:

   (i) Three members, one of whom shall be nominated by the Secretary of the Interior, one by the Administrator of **\*568** the Environmental Protection Agency, and one by the Secretary of Transportation.

   (ii) Three members nominated by the Governor of the State of Alaska, one of whom shall be an employee of the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.