### 2009 Amendments

The times set in the former rule at 10 or 20 days have been revised to 14 or 21 days. See the Note to Rule 6.

## Rule D. Possessory, Petitory, and Partition Actions

In all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel, in all actions so maintainable with respect to the possession of cargo or other maritime property, and in all actions by one or more part owners against the others to obtain security for the return of the vessel from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

(Added Feb. 28, 1966, eff. July 1, 1966.)

### ADVISORY COMMITTEE NOTES

### 1966 Adoption

This carries forward the substance of Admiralty Rule 19.

Rule 19 provided the remedy of arrest in controversies involving title and possession in general. See *The Tilton*, 23 Fed.Cas.1277 (No. 14,054) (C.C.D.Mass.1830). In addition it provided that remedy in controversies between co-owners respecting the employment of a vessel. It did not deal comprehensively with controversies between co-owners, omitting the remedy of partition. Presumably the omission is traceable to the fact that, when the rules were originally promulgated, concepts of substantive law (sometimes stated as concepts of jurisdiction) denied the remedy of partition except where the parties in disagreement were the owners of equal shares. See *The Steamboat Orleans*, 36 U.S. (11 Pet.) 175 (1837). The Supreme Court has now removed any doubt as to the jurisdiction of the district courts to partition a vessel, and has held in addition that no fixed principle of federal admiralty law limits the remedy to the case of equal shares. *Madruga v. Superior Court*, 346 U.S. 556 (1954). It is therefore appropriate to include a reference to partition in the rule.

## Rule E. Actions In Rem and Quasi In Rem: General Provisions

**(1) Applicability.** Except as otherwise provided, this rule applies to actions in personam with process of maritime attachment and garnishment, actions in rem, and petitory, possessory, and partition actions, supplementing Rules B, C, and D.

**(2) Complaint; Security.**

**(a) Complaint.** In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

**(b) Security for Costs.** Subject to the provisions of Rule 54(d) and of relevant statutes, the court may, on the filing of the complaint or on the appearance of any defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant, or other party to give security, or additional security, in such sum as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court.

**(3) Process.**

**(a)** In admiralty and maritime proceedings process in rem or of maritime attachment and garnishment may be served only within the district.

**(b) Issuance and Delivery.** Issuance and delivery of process in rem, or of maritime attachment and garnishment, shall be held in abeyance if the plaintiff so requests.

**(4) Execution of Process; Marshal's Return; Custody of Property; Procedures for Release.**

**(a) In General.** Upon issuance and delivery of the process, or, in the case of summons with process of attachment and garnishment, when it appears that the defendant cannot be found within the district, the marshal or other person or organization having a warrant shall forthwith execute the process in accordance with this subdivision (4), making due and prompt return.

**(b) Tangible Property.** If tangible property is to be attached or arrested, the marshal or other person or organization having the warrant shall take it into the marshal's possession for safe custody. If the character or situation of the property is such that the taking of actual possession is impracticable, the marshal or other person executing the process shall affix a copy thereof to the property in a conspicuous place and leave a copy of the complaint and process with the person having possession or the person's agent. In furtherance of the marshal's custody of any vessel the marshal is authorized to make a written request to the collector of customs not to grant clearance to such vessel until notified by the marshal or deputy marshal or by the clerk that the vessel has been released in accordance with these rules.

**(c) Intangible Property.** If intangible property is to be attached or arrested the marshal or other person or organization having the warrant shall execute the process by leaving with the garnishee or other obligor a copy of the complaint and process requiring the garnishee or other obligor to answer as provided in Rules B(3)(a) and C(6); or the mar-

shal may accept for payment into the registry of the court the amount owed to the extent of the amount claimed by the plaintiff with interest and costs, in which event the garnishee or other obligor shall not be required to answer unless alias process shall be served.

**(d) Directions With Respect to Property in Custody.** The marshal or other person or organization having the warrant may at any time apply to the court for directions with respect to property that has been attached or arrested, and shall give notice of such application to any or all of the parties as the court may direct.

**(e) Expenses of Seizing and Keeping Property; Deposit.** These rules do not alter the provisions of Title 28, U.S.C., § 1921, as amended, relative to the expenses of seizing and keeping property attached or arrested and to the requirement of deposits to cover such expenses.

**(f) Procedure for Release From Arrest or Attachment.** Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules. This subdivision shall have no application to suits for seamen's wages when process is issued upon a certification of sufficient cause filed pursuant to Title 46, U.S.C. §§ 603 and 604 or to actions by the United States for forfeitures for violation of any statute of the United States.

**(5) Release of Property.**

**(a) Special Bond.** Whenever process of maritime attachment and garnishment or process in rem is issued the execution of such process shall be stayed, or the property released, on the giving of security, to be approved by the court or clerk, or by stipulation of the parties, conditioned to answer the judgment of the court or of any appellate court. The parties may stipulate the amount and nature of such security. In the event of the inability or refusal of the parties so to stipulate the court shall fix the principal sum of the bond or stipulation at an amount sufficient to cover the amount of the plaintiff's claim fairly stated with accrued interest and costs; but the principal sum shall in no event exceed (i) twice the amount of the plaintiff's claim or (ii) the value of the property on due appraisement, whichever is smaller. The bond or stipulation shall be conditioned for the payment of the principal sum and interest thereon at 6 per cent per annum.

**(b) General Bond.** The owner of any vessel may file a general bond or stipulation, with sufficient surety, to be approved by the court, conditioned to answer the judgment of such court in all or any actions that may be brought thereafter in such court in which the vessel is attached or arrested. Thereupon the execution of all such process against such vessel shall be stayed so long as the amount secured by such bond or stipulation is at least double the aggregate amount claimed by plaintiffs in all actions begun and pending in which such vessel has been attached or arrested. Judgments and remedies may be had on such bond or stipulation as if a special bond or stipulation had been filed in each of such actions. The district court may make necessary orders to carry this rule into effect, particularly as to the giving of proper notice of any action against or attachment of a vessel for which a general bond has been filed. Such bond or stipulation shall be indorsed by the clerk with a minute of the actions wherein process is so stayed. Further security may be required by the court at any time.

If a special bond or stipulation is given in a particular case, the liability on the general bond or stipulation shall cease as to that case.

**(c) Release by Consent or Stipulation; Order of Court or Clerk; Costs.** Any vessel, cargo, or other property in the custody of the marshal or other person or organization having the warrant may be released forthwith upon the marshal's acceptance and approval of a stipulation, bond, or other security, signed by the party on whose behalf the property is detained or the party's attorney and expressly authorizing such release, if all costs and charges of the court and its officers shall have first been paid. Otherwise no property in the custody of the marshal, other person or organization having the warrant, or other officer of the court shall be released without an order of the court; but such order may be entered as of course by the clerk, upon the giving of approved security as provided by law and these rules, or upon the dismissal or discontinuance of the action; but the marshal or other person or organization having the warrant shall not deliver any property so released until the costs and charges of the officers of the court shall first have been paid.

**(d) Possessory, Petitory, and Partition Actions.** The foregoing provisions of this subdivision (5) do not apply to petitory, possessory, and partition actions. In such cases the property arrested shall be released only by order of the court, on such terms and conditions and on the giving of such security as the court may require.

**(6) Reduction or Impairment of Security.** Whenever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given; and if the surety shall be or become insufficient, new or additional sureties may be required on motion and hearing.

**(7) Security on Counterclaim.**

**(a)** When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

**(b)** The plaintiff is required to give security under Rule E(7)(a) when the United States or its corporate instrumentality counterclaims and would have been required to give security to respond in damages if a private party but is relieved by law from giving security.

**(8) Restricted Appearance.** An appearance to defend against an admiralty and maritime claim with respect to which there has issued process in rem, or process of attachment and garnishment, may be expressly restricted to the defense of such claim, and in that event is not an appearance for the purposes of any other claim with respect to which such process is not available or has not been served.

**(9) Disposition of Property; Sales.**

**(a) Interlocutory Sales; Delivery.**

(i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:

(A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;

(B) the expense of keeping the property is excessive or disproportionate; or

(C) there is an unreasonable delay in securing release of the property.

(ii) In the circumstances described in Rule E(9)(a)(i), the court, on motion by a defendant or a person filing a statement of interest or right under Rule C(6), may order that the property, rather than being sold, be delivered to the movant upon giving security under these rules.

**(b) Sales; Proceeds.** All sales of property shall be made by the marshal or a deputy marshal, or by other person or organization having the warrant, or by any other person assigned by the court where the marshal or other person or organization having the warrant is a party in interest; and the proceeds of sale shall be forthwith paid into the registry of the court to be disposed of according to law.

**(10) Preservation of Property.** When the owner or another person remains in possession of property attached or arrested under the provisions of Rule E(4)(b) that permit execution of process without taking actual possession, the court, on a party's motion or on its own, may enter any order necessary to preserve the property and to prevent its removal.

(Added Feb. 28, 1966, eff. July 1, 1966, and amended Apr. 29, 1985, eff. Aug. 1, 1985; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 1991, eff. Dec. 1, 1991; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 12, 2006, eff. Dec. 1, 2006.)

## ADVISORY COMMITTEE NOTES

### 1966 Adoption

Subdivisions (1), (2).

Adapted from Admiralty Rule 24. The rule is based on the assumption that there is no more need for security for costs in maritime personal actions than in civil cases generally, but that there is reason to retain the requirement for actions in which property is seized. As to proceedings for limitation of liability see Rule F(1).

Subdivision (3).

The Advisory Committee has concluded for practical reasons that process requiring seizure of property should continue to be served only within the geographical limits of the district. Compare Rule B(1), continuing the condition that process of attachment and garnishment may be served only if the defendant is not found within the district.

The provisions of Admiralty Rule 1 concerning the persons by whom process is to be served will be superseded by FRCP 4(c).

Subdivision (4).

This rule is intended to preserve the provisions of Admiralty Rules 10 and 36 relating to execution of process, custody of property seized by the marshal, and the marshal's return. It is also designed to make express provision for matters not heretofore covered.

The provision relating to clearance in subdivision (b) is suggested by Admiralty Rule 44 of the District of Maryland.

Subdivision (d) is suggested by English Rule 12, Order 75.

28 U.S.C., § 1921 as amended in 1962 contains detailed provisions relating to the expenses of seizing and preserving property attached or arrested.

Subdivision (5).

In addition to Admiralty Rule 11 (see Rule E(9)), the release of property seized on process of attachment or in rem was dealt with by Admiralty Rules 5, 6, 12, and 57, and 28 U.S.C., § 2464 (formerly Rev.Stat. § 941). The rule consolidates these provisions and makes them uniformly applicable to attachment and garnishment and actions in rem.

The rule restates the substance of Admiralty Rule 5. Admiralty Rule 12 dealt only with ships arrested on in rem process. Since the same ground appears to be covered more generally by 28 U.S.C., § 2464, the subject matter of Rule 12 is omitted. The substance of Admiralty Rule 57 is retained. 28 U.S.C., § 2464 is incorporated with changes of terminology, and with a substantial change as to the amount of the bond. See 2 Benedict 395 n. 1a [Reference is to the 6th Edition of Benedict on Admiralty and not to the current 7th Edition.] *The Lotosland*, 2 F.Supp. 42 (S.D.N.Y.1933). The



provision for
gency of atta
Subdivision (
Adapted fr
Subdivision (
Derived fr
Title 46, U
the Governm
presumably c
is the equiva
principle and
is defendant
parallel provi
Subdivision (
Under the
plaintiff will l
or maritime
and garnishm
is not availal
should not, h
against an a
which proces
claimant or d
jurisdiction o
respect to wh
served, espe
So far as at
principle hol
admiralty tra
to Rule 4(e) a
A similar
other than ad
of Rule 9(h).
whether mar
claims with
garnishment
claims with r
has not been
do not specify
the claim wit
garnishment
the other cl
considered b
admiralty an
9(h) are conc
specific prov
effect of unifi
of such an a
drawn from
such a provis
Subdivision (
Adapted fr
(a) is necess
tion of prope
particular st
§§ 2461–65.
The provis
able delay w
application.
Edition of Be
Edition]. Si

provision for general bond is enlarged to include the contingency of attachment as well as arrest of the vessel.

Subdivision (6).

Adapted from Admiralty Rule 8.

Subdivision (7).

Derived from Admiralty Rule 50.

Title 46, U.S.C., § 783 extends the principle of Rule 50 to the Government when sued under the Public Vessels Act, presumably on the theory that the credit of the Government is the equivalent of the best security. The rule adopts this principle and extends it to all cases in which the Government is defendant although the Suits in Admiralty Act contains no parallel provisions.

Subdivision (8).

Under the liberal joinder provisions of unified rules the plaintiff will be enabled to join with maritime actions in rem, or maritime actions in personam with process of attachment and garnishment, claims with respect to which such process is not available, including nonmaritime claims. Unification should not, however, have the result that, in order to defend against an admiralty and maritime claim with respect to which process in rem or quasi in rem has been served, the claimant or defendant must subject himself personally to the jurisdiction of the court with reference to other claims with respect to which such process is not available or has not been served, especially when such other claims are nonmaritime. So far as attachment and garnishment are concerned this principle holds true whether process is issued according to admiralty tradition and the Supplemental Rules or according to Rule 4(e) as incorporated by Rule B(1).

A similar problem may arise with respect to civil actions other than admiralty and maritime claims within the meaning of Rule 9(h). That is to say, in an ordinary civil action, whether maritime or not, there may be joined in one action claims with respect to which process of attachment and garnishment is available under state law and Rule 4(e) and claims with respect to which such process is not available or has not been served. The general Rules of Civil Procedure do not specify whether an appearance in such cases to defend the claim with respect to which process of attachment and garnishment has issued is an appearance for the purposes of the other claims. In that context the question has been considered best left to case-by-case development. Where admiralty and maritime claims within the meaning of Rule 9(h) are concerned, however, it seems important to include a specific provision to avoid an unfortunate and unintended effect of unification. No inferences whatever as to the effect of such an appearance in an ordinary civil action should be drawn from the specific provision here and the absence of such a provision in the general Rules.

Subdivision (9).

Adapted from Admiralty Rules 11, 12, and 40. Subdivision (a) is necessary because of various provisions as to disposition of property in forfeiture proceedings. In addition to particular statutes, note the provisions of 28 U.S.C., §§ 2461–65.

The provision of Admiralty Rule 12 relating to unreasonable delay was limited to ships but should have broader application. See 2 Benedict 404 [Reference is to the 6th Edition of Benedict on Admiralty and not to the current 7th Edition]. Similarly, both Rules 11 and 12 were limited to actions in rem, but should equally apply to attached property.

### 1985 Amendment

Rule E(4)(f) makes available the type of prompt post-seizure hearing in proceedings under Supplemental Rules B and C that the Supreme Court has called for in a number of cases arising in other contexts. See *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601 (1975); *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974). Although post-attachment and post-arrest hearings always have been available on motion, an explicit statement emphasizing promptness and elaborating the procedure has been lacking in the Supplemental Rules. Rule E(4)(f) is designed to satisfy the constitutional requirement of due process by guaranteeing to the shipowner a prompt post-seizure hearing at which he can attack the complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings. The amendment also is intended to eliminate the previously disparate treatment under local rules of defendants whose property has been seized pursuant to Supplemental Rules B and C.

The new Rule E(4)(f) is based on a proposal by the Maritime Law Association of the United States and on local admiralty rules in the Eastern, Northern, and Southern Districts of New York. E.D.N.Y. Local Rule 13; N.D.N.Y. Local Rule 13; S.D.N.Y. Local Rule 12. Similar provisions have been adopted by other maritime districts. E.g., N.D.Calif. Local Rule 603.4; W.D.La. Local Admiralty Rule 21. Rule E(4)(f) will provide uniformity in practice and reduce constitutional uncertainties.

Rule E(4)(f) is triggered by the defendant or any other person with an interest in the property seized. Upon an oral or written application similar to that used in seeking a temporary restraining order, see Rule 65(b), the court is required to hold a hearing as promptly as possible to determine whether to allow the arrest or attachment to stand. The plaintiff has the burden of showing why the seizure should not be vacated. The hearing also may determine the amount of security to be granted or the propriety of imposing counter-security to protect the defendant from an improper seizure.

The foregoing requirements for prior court review or proof of exigent circumstances do not apply to actions by the United States for forfeitures for federal statutory violations. In such actions a prompt hearing is not constitutionally required, *United States v. Eight Thousand Eight Hundred and Fifty Dollars*, 103 S.Ct. 2005 (1983); *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663 (1974), and could prejudice the government in its prosecution of the claimants as defendants in parallel criminal proceedings since the forfeiture hearing could be misused by the defendants to obtain by way of civil discovery information to which they would not otherwise be entitled and subject the government and the courts to the unnecessary burden and expense of two hearings rather than one.

### 1987 Amendment

The amendments are technical. No substantive change is intended.

**1991 Amendment**

These amendments are designed to conform this rule to Fed.R.Civ.P. 4, as amended. They are intended to relieve the Marshals Service of the burden of using its limited personnel and facilities for execution of process in routine circumstances. Doing so may involve a contractual arrangement with a person or organization retained by the government to perform these services, or the use of other government officers and employees, or the special appointment by the court of persons available to perform suitably.

**2000 Amendment**

Style changes have been made throughout the revised portions of Rule E. Several changes of meaning have been made as well.

**Subdivision (3).** Subdivision (3) is amended to reflect the distinction drawn in Rule C(2)(c) and (d). Service in an admiralty or maritime proceeding still must be made within the district, as reflected in Rule C(2)(c), while service in forfeiture proceedings may be made outside the district when authorized by statute, as reflected in Rule C(2)(d).

**Subdivision (7).** Subdivision (7)(a) is amended to make it clear that a plaintiff need give security to meet a counterclaim only when the counterclaim is asserted by a person who has given security to respond in damages in the original action.

**Subdivision (8).** Subdivision (8) is amended to reflect the change in Rule B(1)(e) that deletes the former provision incorporating state quasi-in-rem jurisdiction. A restricted appearance is not appropriate when state law is invoked only for security under Civil Rule 64, not as a basis of quasi-in-rem jurisdiction. But if state law allows a special, limited, or restricted appearance as an incident of the remedy adopted from state law, the state practice applies through Rule 64 "in the manner provided by" state law.

**Subdivision (9).** Subdivision 9(b)(ii) is amended to reflect the change in Rule C(6) that substitutes a statement of interest or right for a claim.

**Subdivision (10).** Subdivision 10 is new. It makes clear the authority of the court to preserve and to prevent removal of attached or arrested property that remains in the possession of the owner or other person under Rule E(4)(b).

**2006 Amendment**

Rule E is amended to reflect the adoption of Rule G to govern procedure in civil forfeiture actions.

**HISTORICAL NOTES**

**References in Text**

Sections 603 and 604 of Title 46, referred to in subd. (4)(f), were repealed by Pub.L. 98–89, § 4(b), Aug. 26, 1983, 97 Stat. 600, section 1 of which enacted Title 46, Shipping.

## Rule F. Limitation of Liability

**(1) Time for Filing Complaint; Security.** Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to statute. The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended; or (b) at the owner's option shall transfer to a trustee to be appointed by the court, for the benefit of claimants, the owner's interest in the vessel and pending freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended. The plaintiff shall also give security for costs and, if the plaintiff elects to give security, for interest at the rate of 6 percent per annum from the date of the security.

**(2) Complaint.** The complaint shall set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited. The complaint may demand exoneration from as well as limitation of liability. It shall state the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination; the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon; whether the vessel was damaged, lost, or abandoned, and, if so, when and where; the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are; and the amount of any pending freight recovered or recoverable. If the plaintiff elects to transfer the plaintiff's interest in the vessel to a trustee, the complaint must further show any prior paramount liens thereon, and what voyages or trips, if any, she has made since the voyage or trip on which the claims sought to be limited arose, and any existing liens arising upon any such subsequent voyage or trip, with the amounts and causes thereof, and the names and addresses of the lienors, so far as known; and whether the vessel sustained any injury upon or by reason of such subsequent voyage or trip.

**(3) Claims Against Owner; Injunction.** Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.

**(4) Notice to Claimants.** Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with