1944 A.M.C. 1496                                                                                                                      Page 1

143 F.2d 831, 1944 A.M.C. 1496

American Maritime Cases

**NATIONAL SURETY CORPORATION, Appellant.**
vs.
**UNITED STATES OF AMERICA, Appellee.**
UNITED STATES CIRCUIT COURT OF APPEALS, FIFTH CIRCUIT
June 20, 1944

No. 10684

HUTCHESON, McCORD and WALLER, Ct. JJ.

**IMMIGRATION - 1211. Alien Seamen -. Escape -. 15. Penalties.**

Action on bond for clearance of vessel given pending determination of liability for fine imposed because of the escape of an alien seaman.

Defense: invalidity of notice to detain alien seaman under Executive Order No. 8429 requiring presentation of passport as prerequisite to shore leave. *Held:* the defendant surety may not inquire into the validity of the order. It gave its bond voluntarily, although the vessel was thereby released from a detention under duress.

The C.C.A. said in part (HUTCHESON, Ct. J.):

"This is a suit against a surety on a bond given to secure the payment of a fine imposed under the provisions of Sec. 20(a), Immigration Act of 1924, for failure to detain on board an alien seaman after being required to do so.

"(a) The seaman established to the satisfaction of the Boarding Officer at the port of arrival his full compliance with the five entry requirements of Rule 7, Subd. (E), Par. 6, Immigration Rules & Regulations, and (b) he was not detained because of breach of any of them, but solely because he failed to have an identifying travel document in the nature of a passport as required by Executive Order 8429, June 5, 1940, and had he had such an identifying travel document in the nature of a passport, he would have been permitted to enter.

"We agree with appellant that the general rule of law which governs the liability of sureties upon bonds is that the surety is not liable unless the principal is, and, therefore, may plead any defense available to the principal. But to this rule there are recognized exceptions. The surety is not excused where the principal when sued takes advantage of a matter of defense which is altogether of a personal character or where the extinction of the principal's obligation arises from a cause which originates in the law.

"The fact that the bond was given to release the ship and that there was to that extent duress practiced on the master was not, it could not be, set up by the surety as a defense to the bond, because, having voluntarily assumed the obligation of the bond to pay the amount of the fine assessed and not paid, the surety could not escape the obligation except by showing that the terms of the bond or action taken under it burdened it beyond what was legally demandable of it.

"It was competent for the boarding officer to act for the Immigration Officer in charge, *Lloyd Royal Belge Societe* vs. *Elting,* 2 Cir., 1932 A.M.C. 1499 , 61 F.(2d) 745.

"Another subordinate point made is that the order was not promulgated until after the seaman had sailed and to give it effect against him would be to give it a retroactive effect not intended, and *Transatlantica Italiana* vs. *Elting,* 2 Cir., 1933 A.M.C. 1246 , 66 F.(2d) 495, is cited in support. But this will not at all do, for here no effort is being

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

made to fine the ship or the seaman because of his shipping without having the required visa. The fine was assessed not because he departed for the United States without it, but because, without having it, he was allowed to escape ship and enter the United States after his detention had been ordered."

Rehearing denied July 18, 1944.

Writ of certiorari applied for Oct. 17, 1944.

Reported in full at 143 F.(2d) 831.

DELBERT M. TIBBETTS and JOHNS WEBB GRAHAM, for Appellant.

J. K. SMITH, Asst. U.S. Atty., for Appellee.

[OMITTED BY PUBLISHER IN ORIGINAL SOURCE]

Copyright (c) 1944 by American Maritime Cases, Inc.

C.C.A.5, 1944

143 F.2d 831, 1944 A.M.C. 1496

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.