UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| **THIS DOCUMENT RELATES TO 10-** | : | |
| **4536,** *United States v. BP Exploration and* | : | JURY TRIAL DEMANDED |
| *Production Inc., et al.* | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### REPLY BRIEF IN SUPPORT OF CAMERON'S MOTION TO STRIKE
### RULE 14(c) TENDER AND/OR TO DISMISS TENDERED CLAIM

Third-Party Defendant Cameron International Corporation ("Cameron"), respectfully submits this reply memorandum in support of its motion (Doc. 2894) to dismiss that part of the third-party claim of Defendant/Third Party Plaintiff BP Exploration and Production Inc. ("BPXP"), Doc. 2065 ¶ 10, which purports to "tender" to Cameron defense of the claim of the United States under the Oil Pollution Act of 1990 ("OPA").  In its opposition to this motion (Doc. 4302; the "BPXP Opposition"), BPXP makes no meaningful attempt to defend its *tender* of the United States OPA claim for defense by Cameron – and that is the sole subject of Cameron's motion.

The facts relevant to Cameron's motion are straightforward and not in dispute. The United States has sued for declaratory relief concerning the liability of a defined "responsible party." The relief sought by the United States is sought only against BPXP and others that are a defined "responsible party" under OPA.  Accordingly, the United States did not sue Cameron.

- 1 -

BPXP filed a third-party action against Cameron (Doc. 2065).  First, it sought contribution under OPA.  Cameron's motion does not concern that part of the BPXP third-party complaint, and Cameron answered the third-party complaint as a whole (Doc. 2872).

But BPXP's third-party complaint also "tendered" the United States OPA claim for direct defense by Cameron pursuant to Rule 14(c)(2).  Doc. 2065 ¶ 10.  It is only this *tender* in the BPXP complaint that is challenged by Cameron's motion "to Strike Rule 14(c) Tender and/or to Dismiss Tendered Claim."  Doc. 2894.  For this reason, BPXP's arguments to support its own claims against Cameron, BPXP Opposition, pp. 1-4, are irrelevant to Cameron's motion. Cameron will vigorously defend the claims made directly by BPXP, but those claims have nothing to do with the *tendered* claims of the United States addressed by Cameron's motion.

BPXP understands that if not stricken, the *tendered* "action proceeds as if the plaintiff [United States] had sued both the third-party defendant [Cameron] and the third-party plaintiff [BP]."  BPXP Opposition, p. 4 (quoting Rule 14(c)(2)).  The premise of any such an action, of course, must be that Cameron is a defined OPA "responsible party."  It is not. Indeed, BPXP readily concedes that "one can search BP's Third-Party Complaint in vain for any allegation by BP that Cameron is an OPA 'responsible party.'"  BPXP Opposition, p. 1.  Nor does any such allegation appear in the United States' complaint.  Cameron should not have to defend an OPA claim that is asserted *only* against those who are a defined "responsible party" under OPA – when Cameron is not such a defined "responsible party."

To cover up the flaws in its position, BPXP accuses Cameron of quarreling with Rule 14(c).  BPXP Opposition, p. 1.  To the contrary (and presuming for the purpose of this issue that the United States OPA claim arises under admiralty jurisdiction), Cameron understands the point of Rule 14(c).  But it objects to the *misuse* of the tender procedure by BPXP to force

- 2 -

Cameron (and the United States) to incur needless expense to litigate a claim that is not viable against Cameron.

Rule 14(a)(4) permits the filing of a motion "to strike" such an improper "third-party claim."  BPXP offers no substantive reason why its purported tender of the United States OPA claim should not be stricken.  It is no argument that Rule 14(a)(4) has never been used to strike such a tender.  The absence of precedent probably means that no litigant before BPXP has had the temerity to assert such a transparently improper tender.

Moreover, unless and until the tender is stricken, Cameron is required by Rule 14(c)(2) to defend the tendered United States claim. Cameron explicitly defended the tendered United States claim by moving for dismissal of that claim on the ground that Cameron is not a "responsible party" defined by OPA.  As the proponent of the tendered claim, the United States did not oppose Cameron's motion.  The claim of the United States tendered by BPXP should be dismissed outright.

BPXP notes that the United States may have subrogation claims against BPXP and Cameron.  BPXP Opposition, pp. 2, 5-6.  But even if true, that possibility is beside the point. The United States has only sought a declaratory judgment that defined "responsible parties" are liable under OPA.  BPXP, moreover, admits that any subrogation claims by the United States are at this point merely "potential" rather than actual claims. BPXP Opposition, p. 6.  BPXP's position on this point confirms that the tender is an abuse of Rule 14(c)(2).

Nor is it any consequence that BPXP advances the frivolous claim that Cameron was the "sole cause" of the Macondo well blowout.  BPXP Opposition, p. 5.  In the ***tendered*** claim, the United States makes no such allegation, seeking relief based solely on the OPA definitions of "responsible party."  BP is a defined "responsible party."  Cameron is not.

1074402v.1

Accordingly, Cameron's motion to terminate the tendered claim should be granted forthwith.  Because Cameron is not a defined "responsible party" under OPA, (a) BPXP's tender of the United States OPA claim should be stricken; or (b) the tendered OPA claim of the United States against Cameron should be dismissed.

Respectfully submitted,

/s/ Phillip A. Wittmann

| | |
|---|---|
| David J. Beck, T.A. | Phillip A. Wittmann, 13625 |
| dbeck@brsfirm.com | pwittmann@stonepigman.com |
| Joe W. Redden, Jr. | Carmelite M. Bertaut, 3054 |
| jredden@brsfirm.com | cbertaut@stonepigman.com |
| David W. Jones | Keith B. Hall, 24444 |
| djones@brsfirm.com | khall@stonepigman.com |
| Geoffrey Gannaway | Jared Davidson, 32419 |
| ggannaway@brsfirm.com | jdavidson@stonepigman.com |

BECK, REDDEN & SECREST, L.L.P.              STONE PIGMAN WALTHER WITTMANN L.L.C.
One Houston Center                          546 Carondelet Street
1221 McKinney, Suite 4500                   New Orleans, Louisiana  70130
Houston, TX  77010-2010                     504-581-3200
713-951-3700                                504-581-3361 (fax)
713-951-3720 (fax)

**ATTORNEYS FOR DEFENDANT
CAMERON INTERNATIONAL
CORPORATION**

1074402v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Reply Brief in Support of Cameron's Motion to Strike Rule 14(c) Tender and/or to Dismiss Tendered Claim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of November, 2011.

*/s/ Phillip A. Wittmann*
Phillip A. Wittmann

1074402v.1