## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig        MDL NO. 2179
       "Deepwater Horizon" in the Gulf
       of Mexico, on April 20, 2010        SECTION J

Applies to: *All Cases*        JUDGE BARBIER
       MAGISTRATE JUDGE SHUSHAN

## ORDER

### [Working Group[1] Conference on Friday, October 28, 2011]

**NOTE TO CELL PHONE PARTICIPANTS:**  Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else.  If you cannot participate for part of the conference, put your phone on mute.  Likewise for those who type during the conference.

1.       **BOP and Capping Stack.**

BP reported that the laser scan of the kinked riser is set for November 6, 2011.  The results will be made available to the parties.  BP and the U.S. are working on the protocol of the laser scan of the capping stack.

2.       **Phase Two Discovery.**

The PSC reported that drafts of the Rule 30(b)(6) deposition notices were circulated.  The U.S. commented on the two rounds of deposition notices and the attempt to segregate quantification and source control issues.

**Tuesday, November 8, 2011**, is the deadline for all parties to provide comments to the drafters of the Rule 30(b)(6) notices and to begin the meet and confer process with each responding party.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States.  (Rec. Doc. 1099).

**Tuesday, November 15, 2011**, is the deadline for submissions from the parties concerning remaining issues with the Rule 30(b)(6) notices.

On **Friday, November 18, 2011** the Court will take up the remaining Rule 30(b)(6) notice issues.

On **Tuesday, January 17, 2012** Phase Two fact depositions shall commence.

**3.**     **Transocean Discovery Issues**.

The US reported that the issue concerning document production could be removed from the agenda.

BP and Transocean presented argument on the Well Advisor Program issue.  BP contends that: (1) it received the Well Advisor Program after the depositions of Transocean representatives who would have been questioned about; and (2) Barry Braniff, who was designated to testify on the Program, did not use due diligence to talk to the Transocean employees who could respond on its behalf.  Transocean has certified that a diligent search was made for documents concerning the Program and all documents were produced to BP.  The Court will review the transcript of Braniff's deposition and rule on the issue.

**4.**     **U.S. Document Production.**

The requests from the US concerning document production from the Lawrence Livermore National Laboratory and the Secretary of Commerce were accepted.

**5.**     **Phase One Fact Depositions**.

Viator, Michael                         November 2

The Court confirmed that the 90 minutes permitted for the deposition is allocated to Halliburton.  Mr. Viator's counsel and BP will be permitted to ask a few "clean-up" questions at the

end.

McKay, Lamar          Houston               November 3 and 4

The location for the deposition in Houston is confirmed.

Maxie, Doyle                                November 4

The deposition is confirmed.

Powell, Heather       Houston               November 17

The deposition is confirmed.

Lt. Houck                                   November 21

The deposition is confirmed.

Leach, Gary

Transocean and Cameron reported that they do not require Leach's deposition.  The PSC will confirm whether it is acceptable to drop him from the schedule.

Coronado, Richard

BP, Cameron and the PSC will report after November 8.  The Court suggested that the parties consider deposing Coronado on November 14 and 15 during the first week of Phase One expert depositions.

Vidrine, Don

Transocean is waiting on a report from counsel for Vidrine on whether his physician will permit him to respond to the questions.

**6.      Deposition Designations Track**.

There was discussion concerning the deposition designations.  The Court will consider the schedule.   A proposed order for the amendment of the schedule was circulated on Tuesday,

November 1, 2011 for comment.

With regard to witnesses who took the Fifth Amendment to some or all of the questions in their depositions ("Fifth Amendment deponents"), the PSC reported that between four and six of those persons are in the first thirty priority depositions (Groups One and Two). The PSC was asked to prepare a list of the remaining Fifth Amendment deponents and put them at the end of the deposition designation process. Where there were objections to questions to Fifth Amendment deponents based on lack of foundation, the parties shall designate such portions of the depositions as they deem necessary to protect the record.

By **Friday, November 4, 2011,** the PSC will provide the good faith list, based on the current alignment of the parties, of those deponents that the PSC definitely intends to put into evidence. Then, as the list changes, the PSC will provide a revised list highlighting the changes.

7.    **Phase One Expert Depositions.**

The Court reported that it was working on a revised schedule for Weeks Four, Five and Six. The parties were reminded that requests for examination time were due on October 28, 2011.

8.    **Production of Anadarko's Settlement Agreement**

BP produced the agreement for *in camera* inspection. The Court will rule on the requests for production. BP confirmed that, other than the transfer of the MC 252 lease interests, there were no other commercial agreements with Anadarko at the time of the settlement.

9.    **Motions *in Limine*.**[2]

There were no objections to Anadarko's requests that oral argument on its motions to dismiss

---

[2] Includes objections to 300 exhibits. Since October 28, the motions in limine and objections to 300 exhibits were merged into one topic.

4

the cross-claims against it (Rec. Docs. 2479, 2924, 3260, and 2927) be heard at the same time as oral argument on its motion *in limine.*

There was agreement that motions *in limine* to preclude evidence regarding prior incidents also includes prior alleged improper conduct.

There was agreement that the schedule for motions *in limine* as modified by Transocean was acceptable and will be entered.

**A.      Briefing Requirements.**

All memoranda in support of these motions shall have a **10 page limitation,** opposition briefs will be limited to **10 pages** with **5 page** replies.  To the extent that aligned parties have the same position, they are to file joint briefs or split the page allocation.

The parties shall file their briefs with any <u>confidential information</u> redacted on the copy that is filed in the record.  They will provide an unredacted copy with exhibits to Judge Barbier and the redacted copy with any confidential exhibits will be filed under seal.  That way, the record is made with the sealed copy, and the public record will also reflect what the filing is.

**B.      PSC Motion to Strike In-House Experts.**

The PSC said it would not take any action until it sees the reports filed on November 7; the deadline for rebuttal reports.

**10.      <u>Authenticity Objections</u>.**

There was no report.

**11.      <u>Clean-Up Responder Defendants</u>**

Mike Lyle reported on the status of the discovery schedule.

12. **BP's Motion to Compel Halliburton to Provide Investigation Materials.**

It will be removed from the agenda.  BP and Halliburton may request that it be reinstated, if they are unable to resolve the matter.

13. **Completion of Phase One written discovery**.

On October 19, 2011, an order regarding the November 7, 2011 deadline was issued.  Rec. doc. 4363.  The Court clarified the deadline for parties to exchange final good faith exhibit lists including all Reliance Exhibits is November 14, 2011.

14. **Phase One Witnesses**

By the **close of business on Wednesday, November 2, 2011**, the parties will identify those individuals they believe they are required (because of Fed. R. Civ. P. 45) to bring to the February 27, 2011 trial to testify live.  This does not include any individuals who a party may choose to have testify live at the trial without regard to the requirements of Rule 45.

15. **Transocean's Motion to Dismiss** (Rec. doc. 3873).

Transocean agreed that its motion to dismiss is moot.

16. **Stipulations for Phase One Trial**.

The parties are working on the stipulations.  They anticipate further submissions by November 4, 2011.

17. **Trial Planning Agenda**.

The parties were notified of a letter from Courtroom Connect regarding its CEO's relationship with Kenneth Feinberg.

There was discussion of the allocation of time for opening statements.  A draft of the allocation with the current alignment of the parties was distributed.  It is likely that Judge Barbier

will defer final action on this until closer to the trial.

18. **Confidentiality Order**.

The PSC reported that it will circulate a proposed order for the confidentiality of deposition testimony.

19. **Conference Schedule.**

| | |
|---|---|
| Friday, November 4, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 11, 2011 | No conference set.  There will be no in person or telephone conference on November 11, 2011. |
| Friday, November 18, 2011 | After  Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, November 25, 2011 | No conference set. |
| Friday, December 2, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 16, 2011 | After  Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 23, 2011 | No conference set. |
| Friday, December 30, 2011 | No conference set. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After  Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 2nd day of November, 2011.

_____
**SALLY SHUSHAN**
**U.S. MAGISTRATE JUDGE**