UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : : : : | MDL NO. 2179  SECTION: J |
| THIS DOCUMENT RELATES TO: ALL CASES | : : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**BP'S RESPONSE TO THE STATE OF LOUISIANA'S OBJECTIONS TO AND APPEAL FROM THE COURT'S OCTOBER 27, 2011 DISCOVERY ORDER [REC DOC. 4415]**

The State of Louisiana argues in its appeal that the imposition of sanctions for its persistent failure to comply with its discovery obligations and this Court's orders is an abuse of discretion because the State was not made a party to this action nor was the final trial plan issued until September 22, 2011.  Louisiana further asserts that BP's document requests were overbroad and imposed an unreasonable burden on the State.  Louisiana's appeal of Judge Shushan's October 27, 2011 Order is meritless, and the Court should deny it.

*First*, the State of Louisiana's arguments come nowhere close to satisfying the "heavy burden" required to overturn a magistrate judge's discovery orders, particularly here where Judge Shushan has taken a direct and hands-on approach to managing the discovery process and has a strong working knowledge of the facts and legal issues.

*Second*, the State of Louisiana has proceeded from at least May 3, 2011 as if it were a party to the Limitations Action, actively participating in the trial plan briefing on the scope of the Phase One-Three trials while knowing full well what its discovery obligations would entail.  Moreover, the State has never before asserted that it should not have to comply with its

discovery obligations because the Court did not rule on its motion to be made a party until September 22, 2011.  The Court should reject this afterthought argument.

*Third*, BP's Phase One document requests were both reasonable and squarely-aimed at issues to be decided in the Phase One trial, while the State of Louisiana's approach to its discovery obligations was both extreme and unreasonable.  The State first objected to BP's document requests wholesale and then neglected to engage an e-discovery vendor or conduct a diligent search for responsive documents until compliance with its discovery obligations was all but impossible.  Instead, the State conducted a cursory search for documents it believed were "unique to the state of Louisiana" and then declared its production complete—a position that is wholly inconsistent with the Rules of Civil Procedure and this Court's orders, and one that Judge Shushan properly rejected.

*Finally*, Louisiana reasserts its previous arguments that BP's document requests are overbroad and unduly burdensome.  Judge Shushan rejected these arguments outright in September, and Louisiana's attempt to resurrect them here is both untimely and insufficient to carry its "heavy burden."  The Court should affirm Judge Shushan's October 27 Order.

## I.   LOUISIANA CANNOT SATISFY THE "CLEARLY ERRONEOUS" STANDARD FOR ITS APPEAL

Magistrate judges are empowered to "hear and determine" pretrial matters pending before a federal district court.  28 U.S.C. § 636(b)(1)(A).  This power extends to matters of pretrial discovery.  *Beechgrove Redevelopment, LLC v. Carter & Sons*, No. 07-8446, 2009 WL 159287, at *1 (E.D. La. Jan. 21, 2009) (Barbier, J.).  Once tasked with this responsibility, a magistrate judge's determinations are given broad deference, and a party such as the State of Louisiana "who seeks to overturn a magistrate judge's order disposing of a discovery matter shoulders a heavy burden."  *See Hamilton v. First Am. Title Ins. Co.*, No. 3:07-CV-1442-G, 2010 WL

791421, at *4 (N.D. Tex. Mar. 8, 2010). To prevail, the challenging party must show the magistrate judge's discovery ruling was "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A) This standard is applied with "great deference afforded to the decision[s] of the magistrate" in the particular discovery matter. *See Seiferth v. Helicopteros Atuneros*, 2008 WL 5234416, at *2 (N.D. Miss. Dec. 12, 2008). Thus, barring "unusual and exceptional" circumstances, a magistrate judge's handling of a discovery dispute will be upheld. *See Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970).

There are no such "unusual and exceptional" circumstances here. As set forth more fully below, the State of Louisiana petitioned to be made a party to the Limitations Action and filed three separate trial plan briefs in an attempt to define the scope of this Action, all the while knowing what discovery BP sought. At the same time, rather than engaging proactively with BP to address any objections about discovery and promptly begin its search for responsive documents, the State stonewalled by filing outright objections to 66 of BP's 70 document requests and unilaterally limiting its response to the remaining four RFPs. BP negotiated this discovery dispute with the State of Louisiana for more than three months to no avail before filing its motion to compel. Louisiana then had the opportunity to make its arguments to Judge Shushan regarding the purported over-breadth of BP's requests and the burden BP's requests imposed on the State. Judge Shushan rejected the State's arguments and ordered it to comply with its discovery obligations. *See* 9/1/11 Ord. [Rec. Doc. 3882]. The State of Louisiana then sought limited reconsideration of Judge Shushan's Order and received extended deadlines to comply. *See* 9/9/11 Ord. [Rec. Doc. 3965]. Since then, Louisiana has produced a paltry 2400 pages of documents from four state agencies, and none at all from the Office of the Attorney General. With expert depositions now a mere two weeks away and the Phase One trial three

3

months away, it was entirely proper for Judge Shushan to issue an order contemplating sanctions if Louisiana's failure to comply with its long-overdue discovery obligations continued.

Affording deference is especially appropriate here where Judge Shushan has taken a direct, hands-on approach to managing the discovery process and has developed a strong working knowledge of the facts and legal issues. *See, e.g., Sherman v. Harrah's New Orleans Casino*, No. 06-2379, 2008 WL 3914970, at *3 (E.D. La. Aug. 20, 2008) (affirming pretrial discovery order when magistrate judge was "intimately familiar with the details surrounding the parties' discovery dispute"); *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *7 (D.N.J. Oct. 27, 2006) (affirming magistrate judge's pretrial order when magistrate was "actively involved in discovery" and had "a thorough knowledge of the proceedings"); *Cornell Univ. v. Hewlett-Packard Co.*, No. 5:01-CV-1974, 2006 WL 5097358, at *1 (N.D.N.Y. Feb. 27, 2006) ("deference is particularly appropriate in a case…which presents exceptionally complex discovery issues requiring intensive involvement on the part of the magistrate judge….").  That is the case here, and the Court should affirm Judge Shushan's Order.

## II.     LOUISIANA IS A PARTY TO THIS ACTION, HAS ACTED AND BEEN TREATED AS A PARTY, AND HAS NOT BEEN PREJUDICED

Louisiana asserts that it has only recently been made a party to the Limitations Action and the Phase One and Phase Two trials and, therefore, is prejudiced by the Court's requirement that Louisiana participate in the discovery process implemented by the Court months ago to allow the parties to prepare for those trials.  This argument is disingenuous at best and should be rejected.

*First*, the State has never before asserted this argument as grounds for why it should not have to comply with its discovery obligations—not in correspondence with BP, not in its response to BP's motion to compel, not in its motion for reconsideration, and not in its "status

4

updates" to Judge Shushan regarding its document production efforts.   Instead, the State has proceeded from May 3, 2011 as if it were a party to the Limitations Action despite knowing full well what its discovery obligations would entail.   The State's new argument is belied by the way the parties, including Louisiana, and the Court have proceeded since May.   Louisiana is a party to this Action, has proceeded as if it is a party to this Action, and has been treated as if it was a party to this Action, and Judge Shushan's order compelling Louisiana to satisfy its discovery obligations as a party to this Action was not clearly erroneous or contrary to law.

**Second**, the State of Louisiana has known since April 2011 about the possible scope of the Phase One and Phase Two trials and actively participated in the trial plan briefing regarding the scope of these trials.   *See* Louisiana 4/13/11 Position Brief Regarding Issues For February 2012 Liability Trial [Rec. Doc. 1947]; Louisiana's 4/26/11 Trial Plan Reply [Rec. Doc. 2129]; and Louisiana's 6/16/11 Response to Order Requesting Briefing on Trial Plan Issues [Rec. Doc. 2669].   At the same time Louisiana was attempting to shape the Limitations trials via its trial plan briefing, the State also moved to be made a plaintiff in the Limitations Action.   *See* Louisiana's 5/3/11 Motion for Leave to File a Claim in the Limitations Proceedings [Rec. Doc. 4033].   Although it is true that the scope of the Phase One and Phase Two trials, and their concomitant discovery obligations, are different from what Louisiana urged the Court to order in its trial plan briefing and in its response to BP's motion to compel, it is also true that Louisiana has had ample opportunity to be heard on those issues, and that the State has been aware of the scope of the Phase One and Phase Two trials—and the scope of discovery for those trials—for months.   Louisiana has not been prejudiced in any way by the fact that it was not officially made a party to this Action until September 2011.

III.   **BP'S PHASE ONE DOCUMENT REQUESTS ARE SPECIFICALLY RELATED TO PHASE ONE ISSUES AND LOUISIANA'S POSITION IS EXTREME AND UNREASONABLE**

Louisiana also asserts in its appeal that BP's Phase One Requests for Production and related search terms are overbroad and seek information unrelated to the issues to be contested in the Phase One trial.  This is simply not true.  BP's document requests and search terms were designed expressly to capture information related to Phase One issues.  The following are just a few of BP's requests that the State of Louisiana asserted are objectionable on their face:

**REQUEST FOR PRODUCTION No. 6**

All documents referring or relating to the equipment and safety devices on Transocean's Deepwater Horizon rig, including but not limited to the blowout preventer.

**REQUEST FOR PRODUCTION No. 14**

All documents relating or referring to any defendant's or party's alleged failure to remotely monitor well conditions and well data for the MC252 Well.

**REQUEST FOR PRODUCTION No. 17**

All documents referring or relating to the drilling operations for the MC252 Well.

**REQUEST FOR PRODUCTION No. 19**

All documents referring or relating to the cementing of the MC252 Well, including any documents relating to the process of cementing the MC252 Well and the components of the cement slurry.

**REQUEST FOR PRODUCTION No. 21**

All documents relating or referring to stability tests and evaluations, including but not limited to positive and negative pressures tests and cement bond logs, performed or considered in connection with the MC252 Well.

**REQUEST FOR PRODUCTION No. 28**

All documents referring or relating to any efforts to activate the Deepwater Horizon's blowout preventer, its Emergency Disconnect System, or any other device used to address kicks, well control events, or emergencies.

**REQUEST FOR PRODUCTION No. 55**

6

> All documents referring or relating to BP's "Deepwater Horizon: Accident Investigation Report," dated September 8, 2010.

All of the forgoing requests are reasonable and are related to the issues to be determined during the Phase One trial, and the fact that implementation of BP's court-approved search terms may capture additional documents is irrelevant (as well as unavoidable in the age of electronic discovery). It is typical for parties engaged in discovery in complex cases to collect a large volume of documents and review those documents for relevance and privilege prior to producing a smaller volume of responsive documents to the other parties in the action. As Judge Shushan recognized, that is the process that BP and other parties have followed in this action—with great effort and at great expense—and there is no reason that the State of Louisiana should be treated differently.

The simple fact is that the State of Louisiana refused to engage in the normal document review and production process required by any party to a massive and complex case, claiming instead that it need only produce a narrow category of "information regarding the issues in Phase One that [are] unique to Louisiana." Louisiana Appeal Brf. at 9; *see also id.* at 7 n.7. Putting aside what "unique to Louisiana" could possibly mean, that is not the discovery standard mandated by the Federal Rules or the Court's discovery orders. BP is entitled to receive documents from Louisiana regarding the issues to be tried during the Phase One trial in this action, and that is precisely the scope of discovery that BP has sought from the State.

Conversely, the State's approach to its discovery obligations has been extreme and unreasonable, and the State's current predicament is solely a consequence of its intransigence. Louisiana did not engage BP in an effort to address any concerns the State had regarding BP's requests or search terms. Louisiana simply objected outright to all but four of BP's 70 document requests, asserted that only a few agencies had to be searched for documents responsive to those

four requests, and that only documents covering a ***four-day period in April 2010*** needed to be produced.  As this Court has noted, the State made no meaningful attempt to comprehensively search for responsive documents or engage the services of an e-discovery vendor until after BP moved to compel in late August.  Instead, Louisiana conducted a cursory survey of a few state agencies in an attempt to locate documents it thought were "unique to Louisiana."  The State then produced 216 pages of documents and—incredibly—pronounced its effort complete. Louisiana has never taken the position that it does not have additional documents responsive to BP's requests; in fact, the State has produced 2,430 pages of responsive documents since the Court issued its order on BP's motion to compel in September and will likely uncover and need to produce many more.  Nor has the State certified that its production is complete, as Judge Shushan invited it to do.  Louisiana has responsive documents in its possession, and it simply does not want to spend the time, effort, and money necessary to satisfy its discovery obligations. There is no basis for the State's position in the Federal Rules or this Court's orders.

## IV.   LOUISIANA'S RENEWED GENERALIZED OBJECTIONS TO THE BREADTH OF BP'S REQEUSTS FOR PRODUCTION ARE UNTIMELY AND INSUFFICIENT TO CARRY ITS BURDEN ON APPEAL

Setting aside that BP's Requests for Production are reasonable, and that the State of Louisiana's conduct has been extreme and unreasonable, Louisiana's rehash of its previous arguments that BP's Requests are overly broad and unduly burdensome is both untimely and insufficient to carry its "heavy burden."  These are the exact same arguments that Judge Shushan already considered and rejected in her September 1, 2011 Order, which held that "[s]ubject to the September 19, 2010 date range limitation, the RFPs, including the ones cited by Louisiana in its letter of August 29, 2011, are not overbroad for Phase One discovery.").  *See* 9/1/11 Order at 5 [Rec. Doc. 3882].  Moreover, "[t]here is no basis to object to BP's RFPs on the grounds that the cost of production outweighs the benefit."  (*Id.*)  Louisiana's attempt to refight this battle now is,

8

of course, untimely.  *See* Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy.  A party may not assign as error a defect in the order not timely objected to.").[1]

Nor do these arguments provide any basis for altering the Magistrate Judge's October 27, 2011 Order, or removing the threat of sanctions.  As BP pointed out in its original motion to compel, Louisiana's generalized objections provide no excuse for the State's failure to produce responsive documents.  *See*, *e.g.*, *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-85 (5th Cir. 1990) (objections that document requests were "'overbroad,' [ ] 'propounded with the intent to harass, delay, and abuse,'" "'irrelevant,'" and in some cases "'privileged'" were insufficient; objecting party "must have a valid objection to each [request] in order to escape the production requirement"); *In re Katrina Canal Breaches Consol. Litig.*, Civ. A. No. 05-4182, 2007 WL 1959193, at *6, 9 (E.D. La. June 27, 2007) (Fed. R. Civ. P. 34 "is structured in this way [so as to require that the part of the request that is objected to shall be specified] so that, in combination with Fed. R. Civ. Pro. 26(g)(2) both the requesting party and the court may be assured that *all* responsive, non-privileged materials are being produced, except to the extent a valid objection has been made").  Judge Shushan then gave the State an opportunity to correct its inadequate objections, directing that in its response the State should "provide the [Magistrate Judge] with its specific responses to the issues raised by BP, and not re-assert generalized objections."  8/25/11 Ord. [Rec. Doc. 3810].  But Louisiana persisted in following the same course of action; as Judge Shushan has held: "[u]nfortunately, Louisiana continues to rely on its generalized objections."  9/1/11 Ord. at 2 [Rec. Doc. 3882].

---

[1]     Louisiana did file a timely objection to the Magistrate Judge's September 1 Order, but its "objection and appeal [ ] relate[d] to the limited issue of the date set for compliance with the Order."  [Rec. Doc. 3950.]  The Magistrate Judge extended the deadlines for production in response to Louisiana's objection.  [Rec. Doc. 3965.]

In its appeal, Louisiana continues to assert the same improper and deficient generalized objections.[2]   As the Magistrate Judge correctly found, BP's requests are not overly broad or unduly burdensome, and Louisiana's objections are too generalized to justify its failure to fulfill its discovery obligations.  In the end, Louisiana's failure to satisfy its discovery obligations is not due to the breadth of BP's Requests, but is entirely due to the State's own conduct in this litigation.

## CONCLUSION

For the foregoing reasons, BP respectfully requests that this Court deny the State of Louisiana's appeal.

Dated: November 3, 2011                           Respectfully submitted,

By: /s/ Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

---

[2]   The only marginally specific objections that Louisiana has raised relate to the alleged burden involved in conducting BP's "complicated" searches, which Louisiana claims required it to hire an outside vendor.  The use of such outside vendors is commonplace, of course; as the Magistrate Judge explained in reference to Louisiana's prior complaints of burden, "[t]he burden described by Louisiana is no different than the burden that any other party to the February 2012 trial confronts.  There is no basis to object to BP's RFPs on the grounds that the cost of production outweighs the benefit."  (9/1/11 Ord. at 5[Doc. 3882].)

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

***Attorneys for BP Exploration & Production Inc. &
BP America Production Company***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3rd day of November, 2011.


/s/ Don K. Haycraft_____
Don K. Haycraft