

**Effective: January 11, 2002**

United States Code Annotated Currentness
  Title 42. The Public Health and Welfare
    Chapter 103. Comprehensive Environmental Response, Compensation, and Liability (Refs & Annos)
      Subchapter I. Hazardous Substances Releases, Liability, Compensation (Refs & Annos)
      ➡ **§ 9607. Liability**

(a) Covered persons; scope; recoverable costs and damages; interest rate; "comparable maturity" date

Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section--

  **(1)** the owner and operator of a vessel or a facility,

  **(2)** any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

  **(3)** any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and

  **(4)** any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for--

    **(A)** all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;

    **(B)** any other necessary costs of response incurred by any other person consistent with the national contingency plan;

    **(C)** damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release; and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(D)** the costs of any health assessment or health effects study carried out under section 9604(i) of this title.

The amounts recoverable in an action under this section shall include interest on the amounts recoverable under subparagraphs (A) through (D). Such interest shall accrue from the later of (i) the date payment of a specified amount is demanded in writing, or (ii) the date of the expenditure concerned. The rate of interest on the outstanding unpaid balance of the amounts recoverable under this section shall be the same rate as is specified for interest on investments of the Hazardous Substance Superfund established under subchapter A of chapter 98 of Title 26. For purposes of applying such amendments to interest under this subsection, the term "comparable maturity" shall be determined with reference to the date on which interest accruing under this subsection commences.

(b) Defenses

There shall be no liability under subsection (a) of this section for a person otherwise liable who can establish by a preponderance of the evidence that the release or threat of release of a hazardous substance and the damages resulting therefrom were caused solely by--

**(1)** an act of God;

**(2)** an act of war;

**(3)** an act or omission of a third party other than an employee or agent of the defendant, or than one whose act or omission occurs in connection with a contractual relationship, existing directly or indirectly, with the defendant (except where the sole contractual arrangement arises from a published tariff and acceptance for carriage by a common carrier by rail), if the defendant establishes by a preponderance of the evidence that (a) he exercised due care with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) he took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions; or

**(4)** any combination of the foregoing paragraphs.

(c) Determination of amounts

**(1)** Except as provided in paragraph (2) of this subsection, the liability under this section of an owner or operator or other responsible person for each release of a hazardous substance or incident involving release of a hazardous substance shall not exceed--

**(A)** for any vessel, other than an incineration vessel, which carries any hazardous substance as cargo or residue, $300 per gross ton, or $5,000,000, whichever is greater;

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(B)** for any other vessel, other than an incineration vessel, $300 per gross ton, or $500,000, whichever is greater;

**(C)** for any motor vehicle, aircraft, hazardous liquid pipeline facility (as defined in section 60101(a) of Title 49), or rolling stock, $50,000,000 or such lesser amount as the President shall establish by regulation, but in no event less than $5,000,000 (or, for releases of hazardous substances as defined in section 9601(14)(A) of this title into the navigable waters, $8,000,000). Such regulations shall take into account the size, type, location, storage, and handling capacity and other matters relating to the likelihood of release in each such class and to the economic impact of such limits on each such class; or

**(D)** for any incineration vessel or any facility other than those specified in subparagraph (C) of this paragraph, the total of all costs of response plus $50,000,000 for any damages under this subchapter.

**(2)** Notwithstanding the limitations in paragraph (1) of this subsection, the liability of an owner or operator or other responsible person under this section shall be the full and total costs of response and damages, if (A)(i) the release or threat of release of a hazardous substance was the result of willful misconduct or willful negligence within the privity or knowledge of such person, or (ii) the primary cause of the release was a violation (within the privity or knowledge of such person) of applicable safety, construction, or operating standards or regulations; or (B) such person fails or refuses to provide all reasonable cooperation and assistance requested by a responsible public official in connection with response activities under the national contingency plan with respect to regulated carriers subject to the provisions of Title 49 or vessels subject to the provisions of Title 33, 46, or 46 Appendix, subparagraph (A)(ii) of this paragraph shall be deemed to refer to Federal standards or regulations.

**(3)** If any person who is liable for a release or threat of release of a hazardous substance fails without sufficient cause to properly provide removal or remedial action upon order of the President pursuant to section 9604 or 9606 of this title, such person may be liable to the United States for punitive damages in an amount at least equal to, and not more than three times, the amount of any costs incurred by the Fund as a result of such failure to take proper action. The President is authorized to commence a civil action against any such person to recover the punitive damages, which shall be in addition to any costs recovered from such person pursuant to section 9612(c) of this title. Any moneys received by the United States pursuant to this subsection shall be deposited in the Fund.

(d) Rendering care or advice

(1) In general

Except as provided in paragraph (2), no person shall be liable under this subchapter for costs or damages as a result of actions taken or omitted in the course of rendering care, assistance, or advice in accordance with the National Contingency Plan ("NCP") or at the direction of an onscene coordinator appointed under such plan, with respect to an incident creating a danger to public health or welfare or the environment as a result of any releases of a hazardous substance or the threat thereof. This paragraph shall not preclude liability for costs or damages as the result of negligence on the part of such person.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC   Document 4477-40   Filed 11/03/11   Page 4 of 351

(2) State and local governments

No State or local government shall be liable under this subchapter for costs or damages as a result of actions taken in response to an emergency created by the release or threatened release of a hazardous substance generated by or from a facility owned by another person. This paragraph shall not preclude liability for costs or damages as a result of gross negligence or intentional misconduct by the State or local government. For the purpose of the preceding sentence, reckless, willful, or wanton misconduct shall constitute gross negligence.

(3) Savings provision

This subsection shall not alter the liability of any person covered by the provisions of paragraph (1), (2), (3), or (4) of subsection (a) of this section with respect to the release or threatened release concerned.

(e) Indemnification, hold harmless, etc., agreements or conveyances; subrogation rights

**(1)** No indemnification, hold harmless, or similar agreement or conveyance shall be effective to transfer from the owner or operator of any vessel or facility or from any person who may be liable for a release or threat of release under this section, to any other person the liability imposed under this section. Nothing in this subsection shall bar any agreement to insure, hold harmless, or indemnify a party to such agreement for any liability under this section.

**(2)** Nothing in this subchapter, including the provisions of paragraph (1) of this subsection, shall bar a cause of action that an owner or operator or any other person subject to liability under this section, or a guarantor, has or would have, by reason of subrogation or otherwise against any person.

(f) Natural resources liability; designation of public trustees of natural resources

(1) Natural resources liability

In the case of an injury to, destruction of, or loss of natural resources under subparagraph (C) of subsection (a) of this section liability shall be to the United States Government and to any State for natural resources within the State or belonging to, managed by, controlled by, or appertaining to such State and to any Indian tribe for natural resources belonging to, managed by, controlled by, or appertaining to such tribe, or held in trust for the benefit of such tribe, or belonging to a member of such tribe if such resources are subject to a trust restriction on alienation: *Provided, however,* That no liability to the United States or State or Indian tribe shall be imposed under subparagraph (C) of subsection (a) of this section, where the party sought to be charged has demonstrated that the damages to natural resources complained of were specifically identified as an irreversible and irretrievable commitment of natural resources in an environmental impact statement, or other comparable environment analysis, and the decision to grant a permit or license authorizes such commitment of natural resources, and the facility or project was otherwise operating within the terms of its permit or license, so long as, in the case of damages to an Indian tribe occurring pursuant to a Federal permit or license, the issuance of that permit or license was not inconsistent with the fiduciary duty of the United States with respect to such Indian tribe. The President, or the authorized representative of any State, shall act on behalf of the public as trustee of such natural resources to recover for such damages. Sums recovered by the United States Govern-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ment as trustee under this subsection shall be retained by the trustee, without further appropriation, for use only to restore, replace, or acquire the equivalent of such natural resources. Sums recovered by a State as trustee under this subsection shall be available for use only to restore, replace, or acquire the equivalent of such natural resources by the State. The measure of damages in any action under subparagraph (C) of subsection (a) of this section shall not be limited by the sums which can be used to restore or replace such resources. There shall be no double recovery under this chapter for natural resource damages, including the costs of damage assessment or restoration, rehabilitation, or acquisition for the same release and natural resource. There shall be no recovery under the authority of subparagraph (C) of subsection (a) of this section where such damages and the release of a hazardous substance from which such damages resulted have occurred wholly before December 11, 1980.

(2) Designation of Federal and State officials

(A) Federal

The President shall designate in the National Contingency Plan published under section 9605 of this title the Federal officials who shall act on behalf of the public as trustees for natural resources under this chapter and section 1321 of Title 33. Such officials shall assess damages for injury to, destruction of, or loss of natural resources for purposes of this chapter and such section 1321 of Title 33 for those resources under their trusteeship and may, upon request of and reimbursement from a State and at the Federal officials' discretion, assess damages for those natural resources under the State's trusteeship.

(B) State

The Governor of each State shall designate State officials who may act on behalf of the public as trustees for natural resources under this chapter and section 1321 of Title 33 and shall notify the President of such designations. Such State officials shall assess damages to natural resources for the purposes of this chapter and such section 1321 of Title 33 for those natural resources under their trusteeship.

(C) Rebuttable presumption

Any determination or assessment of damages to natural resources for the purposes of this chapter and section 1321 of Title 33 made by a Federal or State trustee in accordance with the regulations promulgated under section 9651(c) of this title shall have the force and effect of a rebuttable presumption on behalf of the trustee in any administrative or judicial proceeding under this chapter or section 1321 of Title 33.

(g) Federal agencies

For provisions relating to Federal agencies, see section 9620 of this title.

(h) Owner or operator of vessel

The owner or operator of a vessel shall be liable in accordance with this section, under maritime tort law, and as provided under section 9614 of this title notwithstanding any provision of the Act of March 3, 1851 (46 U.S.C.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

183ff) or the absence of any physical damage to the proprietary interest of the claimant.

(i) Application of a registered pesticide product

No person (including the United States or any State or Indian tribe) may recover under the authority of this section for any response costs or damages resulting from the application of a pesticide product registered under the Federal Insecticide, Fungicide, and Rodenticide Act [7 U.S.C.A. § 136 et seq.]. Nothing in this paragraph shall affect or modify in any way the obligations or liability of any person under any other provision of State or Federal law, including common law, for damages, injury, or loss resulting from a release of any hazardous substance or for removal or remedial action or the costs of removal or remedial action of such hazardous substance.

(j) Obligations or liability pursuant to federally permitted release

Recovery by any person (including the United States or any State or Indian tribe) for response costs or damages resulting from a federally permitted release shall be pursuant to existing law in lieu of this section. Nothing in this paragraph shall affect or modify in any way the obligations or liability of any person under any other provision of State or Federal law, including common law, for damages, injury, or loss resulting from a release of any hazardous substance or for removal or remedial action or the costs of removal or remedial action of such hazardous substance. In addition, costs of response incurred by the Federal Government in connection with a discharge specified in section 9601(10)(B) or (C) of this title shall be recoverable in an action brought under section 1319(b) of Title 33.

(k) Transfer to, and assumption by, Post-Closure Liability Fund of liability of owner or operator of hazardous waste disposal facility in receipt of permit under applicable solid waste disposal law; time, criteria applicable, procedures, etc.; monitoring costs; reports

(1) The liability established by this section or any other law for the owner or operator of a hazardous waste disposal facility which has received a permit under subtitle C of the Solid Waste Disposal Act [42 U.S.C.A. § 6921 et seq.], shall be transferred to and assumed by the Post-closure Liability Fund established by section 9641 of this title when--

   (A) such facility and the owner and operator thereof has complied with the requirements of subtitle C of the Solid Waste Disposal Act [42 U.S.C.A. § 6921 et seq.] and regulations issued thereunder, which may affect the performance of such facility after closure; and

   (B) such facility has been closed in accordance with such regulations and the conditions of such permit, and such facility and the surrounding area have been monitored as required by such regulations and permit conditions for a period not to exceed five years after closure to demonstrate that there is no substantial likelihood that any migration offsite or release from confinement of any hazardous substance or other risk to public health or welfare will occur.

(2) Such transfer of liability shall be effective ninety days after the owner or operator of such facility notifies the Administrator of the Environmental Protection Agency (and the State where it has an authorized program under

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

section 3006(b) of the Solid Waste Disposal Act [42 U.S.C.A. § 6926(b) ] ) that the conditions imposed by this subsection have been satisfied. If within such ninety-day period the Administrator of the Environmental Protection Agency or such State determines that any such facility has not complied with all the conditions imposed by this subsection or that insufficient information has been provided to demonstrate such compliance, the Administrator or such State shall so notify the owner and operator of such facility and the administrator of the Fund established by section 9641 of this title, and the owner and operator of such facility shall continue to be liable with respect to such facility under this section and other law until such time as the Administrator and such State determines that such facility has complied with all conditions imposed by this subsection. A determination by the Administrator or such State that a facility has not complied with all conditions imposed by this subsection or that insufficient information has been supplied to demonstrate compliance, shall be a final administrative action for purposes of judicial review. A request for additional information shall state in specific terms the data required.

(3) In addition to the assumption of liability of owners and operators under paragraph (1) of this subsection, the Post-closure Liability Fund established by section 9641 of this title may be used to pay costs of monitoring and care and maintenance of a site incurred by other persons after the period of monitoring required by regulations under subtitle C of the Solid Waste Disposal Act [42 U.S.C.A. § 6921 et seq.] for hazardous waste disposal facilities meeting the conditions of paragraph (1) of this subsection.

(4)(A) Not later than one year after December 11, 1980, the Secretary of the Treasury shall conduct a study and shall submit a report thereon to the Congress on the feasibility of establishing or qualifying an optional system of private insurance for postclosure financial responsibility for hazardous waste disposal facilities to which this subsection applies. Such study shall include a specification of adequate and realistic minimum standards to assure that any such privately placed insurance will carry out the purposes of this subsection in a reliable, enforceable, and practical manner. Such a study shall include an examination of the public and private incentives, programs, and actions necessary to make privately placed insurance a practical and effective option to the financing system for the Post-closure Liability Fund provided in subchapter II of this chapter.

(B) Not later than eighteen months after December 11, 1980, and after a public hearing, the President shall by rule determine whether or not it is feasible to establish or qualify an optional system of private insurance for postclosure financial responsibility for hazardous waste disposal facilities to which this subsection applies. If the President determines the establishment or qualification of such a system would be infeasible, he shall promptly publish an explanation of the reasons for such a determination. If the President determines the establishment or qualification of such a system would be feasible, he shall promptly publish notice of such determination. Not later than six months after an affirmative determination under the preceding sentence and after a public hearing, the President shall by rule promulgate adequate and realistic minimum standards which must be met by any such privately placed insurance, taking into account the purposes of this chapter and this subsection. Such rules shall also specify reasonably expeditious procedures by which privately placed insurance plans can qualify as meeting such minimum standards.

(C) In the event any privately placed insurance plan qualifies under subparagraph (B), any person enrolled in, and complying with the terms of, such plan shall be excluded from the provisions of paragraphs (1), (2), and (3) of this subsection and exempt from the requirements to pay any tax or fee to the Post-closure Liability Fund un-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

der subchapter II of this chapter.

**(D)** The President may issue such rules and take such other actions as are necessary to effectuate the purposes of this paragraph.

### (5) Suspension of liability transfer

Notwithstanding paragraphs (1), (2), (3), and (4) of this subsection and subsection (j) of section 9611 of this title, no liability shall be transferred to or assumed by the Post-Closure Liability Trust Fund established by section 9641 of this title prior to completion of the study required under paragraph (6) of this subsection, transmission of a report of such study to both Houses of Congress, and authorization of such a transfer or assumption by Act of Congress following receipt of such study and report.

### (6) Study of options for post-closure program

(A) Study

The Comptroller General shall conduct a study of options for a program for the management of the liabilities associated with hazardous waste treatment, storage, and disposal sites after their closure which complements the policies set forth in the Hazardous and Solid Waste Amendments of 1984 and assures the protection of human health and the environment.

(B) Program elements

The program referred to in subparagraph (A) shall be designed to assure each of the following:

**(i)** Incentives are created and maintained for the safe management and disposal of hazardous wastes so as to assure protection of human health and the environment.

**(ii)** Members of the public will have reasonable confidence that hazardous wastes will be managed and disposed of safely and that resources will be available to address any problems that may arise and to cover costs of long-term monitoring, care, and maintenance of such sites.

**(iii)** Persons who are or seek to become owners and operators of hazardous waste disposal facilities will be able to manage their potential future liabilities and to attract the investment capital necessary to build, operate, and close such facilities in a manner which assures protection of human health and the environment.

(C) Assessments

The study under this paragraph shall include assessments of treatment, storage, and disposal facilities which have been or are likely to be issued a permit under section 3005 of the Solid Waste Disposal Act [42 U.S.C.A. § 6925] and the likelihood of future insolvency on the part of owners and operators of such facilities. Separate

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

assessments shall be made for different classes of facilities and for different classes of land disposal facilities and shall include but not be limited to--

**(i)** the current and future financial capabilities of facility owners and operators;

**(ii)** the current and future costs associated with facilities, including the costs of routine monitoring and maintenance, compliance monitoring, corrective action, natural resource damages, and liability for damages to third parties; and

**(iii)** the availability of mechanisms by which owners and operators of such facilities can assure that current and future costs, including post-closure costs, will be financed.

(D) Procedures

In carrying out the responsibilities of this paragraph, the Comptroller General shall consult with the Administrator, the Secretary of Commerce, the Secretary of the Treasury, and the heads of other appropriate Federal agencies.

(E) Consideration of options

In conducting the study under this paragraph, the Comptroller General shall consider various mechanisms and combinations of mechanisms to complement the policies set forth in the Hazardous and Solid Waste Amendments of 1984 to serve the purposes set forth in subparagraph (B) and to assure that the current and future costs associated with hazardous waste facilities, including post-closure costs, will be adequately financed and, to the greatest extent possible, borne by the owners and operators of such facilities. Mechanisms to be considered include, but are not limited to--

**(i)** revisions to closure, post-closure, and financial responsibility requirements under subtitles C and I of the Solid Waste Disposal Act [42 U.S.C.A. §§ 6921 et seq. and 6991 et seq.];

**(ii)** voluntary risk pooling by owners and operators;

**(iii)** legislation to require risk pooling by owners and operators;

**(iv)** modification of the Post-Closure Liability Trust Fund previously established by section 9641 of this title, and the conditions for transfer of liability under this subsection, including limiting the transfer of some or all liability under this subsection only in the case of insolvency of owners and operators;

**(v)** private insurance;

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC   Document 4477-40   Filed 11/03/11   Page 10 of 351

**(vi)** insurance provided by the Federal Government;

**(vii)** coinsurance, reinsurance, or pooled-risk insurance, whether provided by the private sector or provided or assisted by the Federal Government; and

**(viii)** creation of a new program to be administered by a new or existing Federal agency or by a federally chartered corporation.

(F) Recommendations

The Comptroller General shall consider options for funding any program under this section and shall, to the extent necessary, make recommendations to the appropriate committees of Congress for additional authority to implement such program.

(l) Federal lien

(1) In general

All costs and damages for which a person is liable to the United States under subsection (a) of this section (other than the owner or operator of a vessel under paragraph (1) of subsection (a) of this section) shall constitute a lien in favor of the United States upon all real property and rights to such property which--

**(A)** belong to such person; and

**(B)** are subject to or affected by a removal or remedial action.

(2) Duration

The lien imposed by this subsection shall arise at the later of the following:

**(A)** The time costs are first incurred by the United States with respect to a response action under this chapter.

**(B)** The time that the person referred to in paragraph (1) is provided (by certified or registered mail) written notice of potential liability.

Such lien shall continue until the liability for the costs (or a judgment against the person arising out of such liability) is satisfied or becomes unenforceable through operation of the statute of limitations provided in section 9613 of this title.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(3) Notice and validity

The lien imposed by this subsection shall be subject to the rights of any purchaser, holder of a security interest, or judgment lien creditor whose interest is perfected under applicable State law before notice of the lien has been filed in the appropriate office within the State (or county or other governmental subdivision), as designated by State law, in which the real property subject to the lien is located. Any such purchaser, holder of a security interest, or judgment lien creditor shall be afforded the same protections against the lien imposed by this subsection as are afforded under State law against a judgment lien which arises out of an unsecured obligation and which arises as of the time of the filing of the notice of the lien imposed by this subsection. If the State has not by law designated one office for the receipt of such notices of liens, the notice shall be filed in the office of the clerk of the United States district court for the district in which the real property is located. For purposes of this subsection, the terms "purchaser" and "security interest" shall have the definitions provided under section 6323(h) of Title 26.

(4) Action in rem

The costs constituting the lien may be recovered in an action in rem in the United States district court for the district in which the removal or remedial action is occurring or has occurred. Nothing in this subsection shall affect the right of the United States to bring an action against any person to recover all costs and damages for which such person is liable under subsection (a) of this section.

(m) Maritime lien

All costs and damages for which the owner or operator of a vessel is liable under subsection (a)(1) of this section with respect to a release or threatened release from such vessel shall constitute a maritime lien in favor of the United States on such vessel. Such costs may be recovered in an action in rem in the district court of the United States for the district in which the vessel may be found. Nothing in this subsection shall affect the right of the United States to bring an action against the owner or operator of such vessel in any court of competent jurisdiction to recover such costs.

(n) Liability of fiduciaries

(1) In general

The liability of a fiduciary under any provision of this chapter for the release or threatened release of a hazardous substance at, from, or in connection with a vessel or facility held in a fiduciary capacity shall not exceed the assets held in the fiduciary capacity.

(2) Exclusion

Paragraph (1) does not apply to the extent that a person is liable under this chapter independently of the person's ownership of a vessel or facility as a fiduciary or actions taken in a fiduciary capacity.

(3) Limitation

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Paragraphs (1) and (4) do not limit the liability pertaining to a release or threatened release of a hazardous substance if negligence of a fiduciary causes or contributes to the release or threatened release.

(4) Safe harbor

A fiduciary shall not be liable in its personal capacity under this chapter for--

**(A)** undertaking or directing another person to undertake a response action under subsection (d)(1) of this section or under the direction of an on scene coordinator designated under the National Contingency Plan;

**(B)** undertaking or directing another person to undertake any other lawful means of addressing a hazardous substance in connection with the vessel or facility;

**(C)** terminating the fiduciary relationship;

**(D)** including in the terms of the fiduciary agreement a covenant, warranty, or other term or condition that relates to compliance with an environmental law, or monitoring, modifying or enforcing the term or condition;

**(E)** monitoring or undertaking 1 or more inspections of the vessel or facility;

**(F)** providing financial or other advice or counseling to other parties to the fiduciary relationship, including the settlor or beneficiary;

**(G)** restructuring, renegotiating, or otherwise altering the terms and conditions of the fiduciary relationship;

**(H)** administering, as a fiduciary, a vessel or facility that was contaminated before the fiduciary relationship began; or

**(I)** declining to take any of the actions described in subparagraphs (B) through (H).

(5) Definitions

As used in this chapter:

(A) Fiduciary

The term "fiduciary"--

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(i)** means a person acting for the benefit of another party as a bona fide--

**(I)** trustee;

**(II)** executor;

**(III)** administrator;

**(IV)** custodian;

**(V)** guardian of estates or guardian ad litem;

**(VI)** receiver;

**(VII)** conservator;

**(VIII)** committee of estates of incapacitated persons;

**(IX)** personal representative;

**(X)** trustee (including a successor to a trustee) under an indenture agreement, trust agreement, lease, or similar financing agreement, for debt securities, certificates of interest or certificates of participation in debt securities, or other forms of indebtedness as to which the trustee is not, in the capacity of trustee, the lender; or

**(XI)** representative in any other capacity that the Administrator, after providing public notice, determines to be similar to the capacities described in subclauses (I) through (X); and

**(ii)** does not include--

**(I)** a person that is acting as a fiduciary with respect to a trust or other fiduciary estate that was organized for the primary purpose of, or is engaged in, actively carrying on a trade or business for profit, unless the trust or other fiduciary estate was created as part of, or to facilitate, 1 or more estate plans or because of the incapacity of a natural person; or

**(II)** a person that acquires ownership or control of a vessel or facility with the objective purpose of avoiding liability of the person or of any other person.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC   Document 4477-40   Filed 11/03/11   Page 14 of 351

(B) Fiduciary capacity

The term "fiduciary capacity" means the capacity of a person in holding title to a vessel or facility, or other-wise having control of or an interest in the vessel or facility, pursuant to the exercise of the responsibilities of the person as a fiduciary.

(6) Savings clause

Nothing in this subsection--

**(A)** affects the rights or immunities or other defenses that are available under this chapter or other law that is applicable to a person subject to this subsection; or

**(B)** creates any liability for a person or a private right of action against a fiduciary or any other person.

(7) No effect on certain persons

Nothing in this subsection applies to a person if the person--

**(A)(i)** acts in a capacity other than that of a fiduciary or in a beneficiary capacity; and

**(ii)** in that capacity, directly or indirectly benefits from a trust or fiduciary relationship; or

**(B)(i)** is a beneficiary and a fiduciary with respect to the same fiduciary estate; and

**(ii)** as a fiduciary, receives benefits that exceed customary or reasonable compensation, and incidental bene-fits, permitted under other applicable law.

(8) Limitation

This subsection does not preclude a claim under this chapter against--

**(A)** the assets of the estate or trust administered by the fiduciary; or

**(B)** a nonemployee agent or independent contractor retained by a fiduciary.

(o) De micromis exemption

(1) In general

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Except as provided in paragraph (2), a person shall not be liable, with respect to response costs at a facility on the National Priorities List, under this chapter if liability is based solely on paragraph (3) or (4) of subsection (a), and the person, except as provided in paragraph (4) of this subsection, can demonstrate that--

**(A)** the total amount of the material containing hazardous substances that the person arranged for disposal or treatment of, arranged with a transporter for transport for disposal or treatment of, or accepted for transport for disposal or treatment, at the facility was less than 110 gallons of liquid materials or less than 200 pounds of solid materials (or such greater or lesser amounts as the Administrator may determine by regulation); and

**(B)** all or part of the disposal, treatment, or transport concerned occurred before April 1, 2001.

(2) Exceptions

Paragraph (1) shall not apply in a case in which--

**(A)** the President determines that--

**(i)** the materials containing hazardous substances referred to in paragraph (1) have contributed significantly or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration with respect to the facility; or

**(ii)** the person has failed to comply with an information request or administrative subpoena issued by the President under this chapter or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the facility; or

**(B)** a person has been convicted of a criminal violation for the conduct to which the exemption would apply, and that conviction has not been vitiated on appeal or otherwise.

(3) No judicial review

A determination by the President under paragraph (2)(A) shall not be subject to judicial review.

(4) NonGovernmental third-party contribution actions

In the case of a contribution action, with respect to response costs at a facility on the National Priorities List, brought by a party, other than a Federal, State, or local government, under this chapter, the burden of proof shall be on the party bringing the action to demonstrate that the conditions described in paragraph (1)(A) and (B) of this subsection are not met.

(p) Municipal solid waste exemption

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(1) In general

Except as provided in paragraph (2) of this subsection, a person shall not be liable, with respect to response costs at a facility on the National Priorities List, under paragraph (3) of subsection (a) of this section for municipal solid waste disposed of at a facility if the person, except as provided in paragraph (5) of this subsection, can demonstrate that the person is--

    **(A)** an owner, operator, or lessee of residential property from which all of the person's municipal solid waste was generated with respect to the facility;

    **(B)** a business entity (including a parent, subsidiary, or affiliate of the entity) that, during its 3 taxable years preceding the date of transmittal of written notification from the President of its potential liability under this section, employed on average not more than 100 full-time individuals, or the equivalent thereof, and that is a small business concern (within the meaning of the Small Business Act (15 U.S.C. 631 et seq.)) from which was generated all of the municipal solid waste attributable to the entity with respect to the facility; or

    **(C)** an organization described in section 501(c)(3) of Title 26 and exempt from tax under section 501(a) of Title 26 that, during its taxable year preceding the date of transmittal of written notification from the President of its potential liability under this section, employed not more than 100 paid individuals at the location from which was generated all of the municipal solid waste attributable to the organization with respect to the facility.

For purposes of this subsection, the term "affiliate" has the meaning of that term provided in the definition of "small business concern" in regulations promulgated by the Small Business Administration in accordance with the Small Business Act (15 U.S.C. 631 et seq.).

(2) Exception

Paragraph (1) shall not apply in a case in which the President determines that--

    **(A)** the municipal solid waste referred to in paragraph (1) has contributed significantly or could contribute significantly, either individually or in the aggregate, to the cost of the response action or natural resource restoration with respect to the facility;

    **(B)** the person has failed to comply with an information request or administrative subpoena issued by the President under this chapter; or

    **(C)** the person has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the facility.

(3) No judicial review

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

A determination by the President under paragraph (2) shall not be subject to judicial review.

(4) Definition of municipal solid waste

(A) In general

For purposes of this subsection, the term "municipal solid waste" means waste material--

(i) generated by a household (including a single or multifamily residence); and

(ii) generated by a commercial, industrial, or institutional entity, to the extent that the waste material--

(I) is essentially the same as waste normally generated by a household;

(II) is collected and disposed of with other municipal solid waste as part of normal municipal solid waste collection services; and

(III) contains a relative quantity of hazardous substances no greater than the relative quantity of hazardous substances contained in waste material generated by a typical single-family household.

(B) Examples

Examples of municipal solid waste under subparagraph (A) include food and yard waste, paper, clothing, appliances, consumer product packaging, disposable diapers, office supplies, cosmetics, glass and metal food containers, elementary or secondary school science laboratory waste, and household hazardous waste.

(C) Exclusions

The term "municipal solid waste" does not include--

(i) combustion ash generated by resource recovery facilities or municipal incinerators; or

(ii) waste material from manufacturing or processing operations (including pollution control operations) that is not essentially the same as waste normally generated by households.

(5) Burden of proof

In the case of an action, with respect to response costs at a facility on the National Priorities List, brought under this section or section 9613 of this title by--

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**(A)** a party, other than a Federal, State, or local government, with respect to municipal solid waste disposed of on or after April 1, 2001; or

**(B)** any party with respect to municipal solid waste disposed of before April 1, 2001, the burden of proof shall be on the party bringing the action to demonstrate that the conditions described in paragraphs (1) and (4) for exemption for entities and organizations described in paragraph (1)(B) and (C) are not met.

(6) Certain actions not permitted

No contribution action may be brought by a party, other than a Federal, State, or local government, under this chapter with respect to circumstances described in paragraph (1)(A).

(7) Costs and fees

A nongovernmental entity that commences, after the date of the enactment of this subsection, a contribution action under this chapter shall be liable to the defendant for all reasonable costs of defending the action, including all reasonable attorney's fees and expert witness fees, if the defendant is not liable for contribution based on an exemption under this subsection or subsection (o) of this section.

(q) Contiguous properties

(1) Not considered to be an owner or operator

(A) In general

A person that owns real property that is contiguous to or otherwise similarly situated with respect to, and that is or may be contaminated by a release or threatened release of a hazardous substance from, real property that is not owned by that person shall not be considered to be an owner or operator of a vessel or facility under paragraph (1) or (2) of subsection (a) solely by reason of the contamination if--

**(i)** the person did not cause, contribute, or consent to the release or threatened release;

**(ii)** the person is not--

**(I)** potentially liable, or affiliated with any other person that is potentially liable, for response costs at a facility through any direct or indirect familial relationship or any contractual, corporate, or financial relationship (other than a contractual, corporate, or financial relationship that is created by a contract for the sale of goods or services); or

**(II)** the result of a reorganization of a business entity that was potentially liable;

**(iii)** the person takes reasonable steps to--

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC   Document 4477-40   Filed 11/03/11   Page 19 of 351

**(I)** stop any continuing release;

**(II)** prevent any threatened future release; and

**(III)** prevent or limit human, environmental, or natural resource exposure to any hazardous substance released on or from property owned by that person;

**(iv)** the person provides full cooperation, assistance, and access to persons that are authorized to conduct response actions or natural resource restoration at the vessel or facility from which there has been a release or threatened release (including the cooperation and access necessary for the installation, integrity, operation, and maintenance of any complete or partial response action or natural resource restoration at the vessel or facility);

**(v)** the person--

**(I)** is in compliance with any land use restrictions established or relied on in connection with the response action at the facility; and

**(II)** does not impede the effectiveness or integrity of any institutional control employed in connection with a response action;

**(vi)** the person is in compliance with any request for information or administrative subpoena issued by the President under this chapter;

**(vii)** the person provides all legally required notices with respect to the discovery or release of any hazardous substances at the facility; and

**(viii)** At the time at which the person acquired the property, the person

**(I)** conducted all appropriate inquiry within the meaning of section 9601(35)(B) of this title with respect to the property; and

**(II)** did not know or have reason to know that the property was or could be contaminated by a release or threatened release of one or more hazardous substances from other real property not owned or operated by the person.

(B) Demonstration

To qualify as a person described in subparagraph (A), a person must establish by a preponderance of the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

evidence that the conditions in clauses (i) through (viii) of subparagraph (A) have been met.

(C) Bona fide prospective purchaser

Any person that does not qualify as a person described in this paragraph because the person had, or had reason to have, knowledge specified in subparagraph (A)(viii) at the time of acquisition of the real property may qualify as a bona fide prospective purchaser under section 9601(40) of this title if the person is otherwise described in that section.

(D) Ground water

With respect to a hazardous substance from one or more sources that are not on the property of a person that is a contiguous property owner that enters ground water beneath the property of the person solely as a result of subsurface migration in an aquifer, subparagraph (A)(iii) shall not require the person to conduct ground water investigations or to install ground water remediation systems, except in accordance with the policy of the Environmental Protection Agency concerning owners of property containing contaminated aquifers, dated May 24, 1995.

(2) Effect of law

With respect to a person described in this subsection, nothing in this subsection--

**(A)** limits any defense to liability that may be available to the person under any other provision of law; or

**(B)** imposes liability on the person that is not otherwise imposed by subsection (a) of this section.

(3) Assurances

The Administrator may--

**(A)** issue an assurance that no enforcement action under this chapter will be initiated against a person described in paragraph (1); and

**(B)** grant a person described in paragraph (1) protection against a cost recovery or contribution action under section 9613(f) of this title.

(r) Prospective purchaser and windfall lien

(1) Limitation on liability

Notwithstanding subsection (a)(1) of this section, a bona fide prospective purchaser whose potential liability for a release or threatened release is based solely on the purchaser's being considered to be an owner or operat-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC   Document 4477-40   Filed 11/03/11   Page 21 of 351

or of a facility shall not be liable as long as the bona fide prospective purchaser does not impede the performance of a response action or natural resource restoration.

**(2) Lien**

If there are unrecovered response costs incurred by the United States at a facility for which an owner of the facility is not liable by reason of paragraph (1), and if each of the conditions described in paragraph (3) is met, the United States shall have a lien on the facility, or may by agreement with the owner, obtain from the owner a lien on any other property or other assurance of payment satisfactory to the Administrator, for the unrecovered response costs.

**(3) Conditions**

The conditions referred to in paragraph (2) are the following:

**(A) Response action**

A response action for which there are unrecovered costs of the United States is carried out at the facility.

**(B) Fair market value**

The response action increases the fair market value of the facility above the fair market value of the facility that existed before the response action was initiated.

**(4) Amount; duration**

A lien under paragraph (2)--

**(A)** shall be in an amount not to exceed the increase in fair market value of the property attributable to the response action at the time of a sale or other disposition of the property;

**(B)** shall arise at the time at which costs are first incurred by the United States with respect to a response action at the facility;

**(C)** shall be subject to the requirements of subsection (l)(3); and

**(D)** shall continue until the earlier of--

**(i)** satisfaction of the lien by sale or other means; or

**(ii)** notwithstanding any statute of limitations under section 9613 of this tile, recovery of all response

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

costs incurred at the facility.

CREDIT(S)

(Pub.L. 96-510, Title I, § 107, Dec. 11, 1980, 94 Stat. 2781; Pub.L. 99-499, Title I, §§ 107(a) to (d)(2), (e), (f), 127(b), (e), Title II, §§ 201, 207(c), Oct. 17, 1986, 100 Stat. 1628 to 1630, 1692, 1693, 1705; Pub.L. 99-514, § 2, Oct. 22, 1986, 100 Stat. 2095; Pub.L. 103-429, § 7(e)(2), Oct. 31, 1994, 108 Stat. 4390; Pub.L. 104-208, Div. A, Title II, § 2502(a), Sept. 30, 1996, 110 Stat. 3009-462; Pub.L. 104-287, § 6(j)(2), Oct. 11, 1996, 110 Stat. 3400; Pub.L. 107-118, Title I, § 102(a), Title II, §§ 221, 222(b), Jan. 11, 2002, 115 Stat. 2356, 2368, 2371.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1980 Acts. House Report No. 96-1016(Parts I and II) and Related Report No. 96-172, see 1980 U.S. Code Cong. and Adm. News, p. 6119.

1986 Acts. House Report No. 99-253(Parts I-V), House Conference Report No. 99-962, and Statement by President, see 1986 U.S. Code Cong. and Adm. News, p. 2835.

House Conference Report No. 99-841 and Statement by President, see 1986 U.S. Code Cong. and Adm. News, p. 4075.

1994 Acts. House Report No. 103-831, see 1994 U.S. Code Cong. and Adm. News, p. 3579.

1996 Acts. House Report No. 104-573, see 1996 U.S. Code Cong. and Adm. News, p. 3831.

2002 Acts. Statement by President, see 2001 U.S. Code Cong. and Adm. News, p. 1780.

References in Text

This chapter, referred to in text, originally read "this Act", meaning Pub.L. 96-510, Dec. 11, 1980, 94 Stat. 2767, as amended, known as the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, which is classified principally to this chapter [42 U.S.C.A. § 9601 et seq.]; see Tables for complete classification.

Such amendments, referred to in subsec. (a) closing par., probably means the amendments made by Pub.L. 99-499, Oct. 17, 1986, 100 Stat. 1613, known as the "Superfund Amendments and Reauthorization Act of 1986". For complete classification of that Act to the Code, see Short Title of 1986 Amendments note set out under section 9601 of this title and Tables.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Title 46 Appendix, referred to in subsec. (c)(2), was repealed by Pub.L. 109-304, Oct. 6, 2006, 120 Stat. 1709 which completed the codification of T. 46 into positive law. See Disposition Table preceding T. 46, Shipping, for disposition of former T. 46 Appendix to T. 46, Shipping.

Act of March 3, 1851 (46 U.S.C. 183ff), referred to in subsec. (h), was Act Mar. 3, 1851, c. 43, 9 Stat. 635, which was incorporated into the Revised Statutes as R.S. sections 4282 to 4287 and 4289, and was classified to sections 182, 183, and 184 to 188 of Title 46, Appendix, Shipping, prior to repeal by Pub.L. 109-304, § 19, Oct. 6, 2006, 120 Stat. 1710. See Disposition Table preceding Title 46, Shipping.

The Federal Insecticide, Fungicide, and Rodenticide Act, referred to in subsec. (i), is Act June 25, 1947, c. 125, as amended generally by Pub.L. 92-516, Oct. 21, 1972, 86 Stat. 973, which is classified generally to subchapter II (section 136 et seq.) of chapter 6 of Title 7, Agriculture. For complete classification of this Act to the Code, see Short Title note set out under section 136 of Title 7 and Tables.

The Solid Waste Disposal Act, referred to in subsec. (k)(1), (3), (6)(E)(i), is Title II of Pub.L. 89-272, Oct. 20, 1965, 79 Stat. 997, as amended generally by Pub.L. 94-580, § 2, Oct. 21, 1976, 90 Stat. 2795. Subtitle C of the Solid Waste Disposal Act is classified generally to subchapter III (section 6921 et seq.) of chapter 82 of this title. Subtitle I of that Act is classified generally to subchapter IX (section 6991 et seq.) of chapter 82 of this title. For complete classification of this Act to the Code, see Short Title of 1965 Acts note set out under section 6901 of this title and Tables.

Section 9641 of this title, referred to in subsec. (k)(1) to (3), (5), (6)(E)(iv), was repealed by Pub.L. 99-499, Title V, § 514(b), Oct. 17, 1986, 100 Stat. 1767.

Subchapter II of this chapter, referred to in subsec. (k)(4)(A) and (C), was in the original, "Title II of this Act", meaning Title II of Pub.L. 96-510, Dec. 11, 1980, 94 Stat. 2796, known as the Hazardous Substance Response Revenue Act of 1980, which enacted subchapter II of this chapter and sections 4611, 4612, 4661, 4662, and former sections 4681, and 4682 of Title 26, Internal Revenue Code. Sections 221 to 223 and 232 of Pub.L. 96-510, which were classified to sections 9631 to 9633 and 9641 of this title, comprising subchapter II of this chapter, were repealed by Pub.L. 99-499, Title V, §§ 514(b), 517(c)(1), Oct. 17, 1986, 100 Stat. 1767, 1774. For complete classification of Title II to the Code, see Short Title of 1980 Amendments note set out under section 1 of Title 26 and Tables.

The Hazardous and Solid Waste Amendments of 1984, referred to in subsec. (k)(6)(A), (E), is Pub.L. 98-616, Nov. 8, 1984, 98 Stat. 3221. For complete classification of this Act to the Code, see Short Title of 1984 Amendments note set out under section 6901 of this title.

The Small Business Act, referred to in subsec. (p)(1), is Pub.L. 85-536, July 18, 1958, 72 Stat. 384, as amended, which is classified generally to chapter 14A of Title 15 [42 U.S.C.A. § 631 et seq.] see Tables for complete classification.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

The date of the enactment of this subsection, referred to in subsec. (p)(7), probably means Jan. 11, 2002, the approval date of Pub.L. 107-118, 115 Stat. 2356, which enacted subsec. (p) of this section.

Codifications

Reference in the original text of subsec. (p)(5) of this section to "section 107 or 113" has been translated in the codified text as "this section or section 9613 of this title" to reflect the probable intent of Congress.

Amendments

2002 Amendments. Subsec. (o). Pub.L. 107-118, § 102(a), added subsec. (o).

Subsec. (p). Pub.L. 107-118, § 102(a), added subsec. (p).

Subsec. (q). Pub.L. 107-118, § 221, added subsec. (q).

Subsec. (r). Pub.L. 107-118, § 222(b), added subsec. (r).

1996 Amendments. Subsec. (c)(1)(C). Pub.L. 104-287, § 6(j)(2), substituted "section 60101(a) of Title 49" for "the Hazardous Liquid Pipeline Safety Act of 1979".

Subsec. (n). Pub.L. 104-208, § 2502(a), added subsec. (n).

1994 Amendments. Subsec. (c)(1)(C). Pub.L. 103-429, § 7(e)(2), substituted "hazardous liquid pipeline facility" for "pipeline".

1986 Amendments. Subsec. (a). Pub.L. 99-514, in penultimate sentence, substituted "Internal Revenue Code of 1986" for "Internal Revenue Code of 1954", which for purposes of codification was translated as "Title 26" thus requiring no change in text.

Pub.L. 99-499, § 107(b), added provisions, following numbered pars., relating to the accrual and rate of interest on amounts recoverable under this section.

Subsec. (a)(1). Pub.L. 99-499, § 107(a), struck out "(otherwise subject to the jurisdiction of the United States)" following "of a vessel".

Subsec. (a)(3). Pub.L. 99-499, § 127(b)(1), inserted "or incineration vessel" after "at any facility".

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC   Document 4477-40   Filed 11/03/11   Page 25 of 351

Subsec. (a)(4). Pub.L. 99-499, § 127(b)(2), in provisions preceding subpar. (A) inserted ", incineration vessels" after "treatment facilities".

Subsec. (a)(4)(A). Pub.L. 99-499, § 207(c)(1), added reference to Indian tribes.

Subsec. (a)(4)(D). Pub.L. 99-499, § 107(b), added subpar. (D).

Subsec. (c)(1)(A). Pub.L. 99-499, § 127(b)(3), inserted ", other than an incineration vessel," after "for any vessel".

Subsec. (c)(1)(B). Pub.L. 99-499, § 127(b)(4), inserted "other than an incineration vessel," after "for any other vessel,".

Subsec. (c)(1)(D). Pub.L. 99-499, § 127(b)(5), inserted "any incineration vessel or" before "any facility other".

Subsec. (d). Catchline. Pub.L. 99-499, § 107(c), substituted "Rendering care or advice" for "Activities pursuant to national contingency plan".

Subsec. (d)(1). Pub.L. 99-499, § 107(c), designated existing provisions as par. (1), in par. (1) as so designated added par. heading and exception relating to par. (2), added reference to liability for costs, substituted reference to liability for costs or damages for negligence on the part of such person for reference to liability for damages for gross negligence or intentional misconduct on the part of such person, and struck out provision that for the purpose of the preceding sentence, reckless, willful, or wanton misconduct would constitute gross negligence.

Subsec. (d)(2). Pub.L. 99-499, § 107(c), added par. (2).

Subsec. (d)(3). Pub.L. 99-499, § 107(c), added par. (3).

Subsec. (f)(1). Pub.L. 99-499, § 107(d)(1), designated existing provisions in part as par. (1), and in par. (1) as so designated added par. heading.

Pub.L. 99-499, § 207(c)(2)(A), in par. (1) as so designated inserted "and to any Indian tribe for natural resources belonging to, managed by, controlled by, or appertaining to such tribe, or held in trust for the benefit of such tribe, or belonging to a member of such tribe if such resources are subject to a trust restriction on alienation" after "State" the third place such word appears.

Pub.L. 99-499, § 207(c)(2)(B), inserted "or Indian tribe" after "State" the fourth place that word appears.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Pub.L. 99-499, § 207(c)(2)(D), which directed the insertion of the phrase "or the Indian tribe" after "State government", could not be executed, due to the prior amendment by section 107(d)(2) of Pub.L. 99-499, which in part amended this subsection so as to eliminate the phrase "State government".

Pub.L. 99-499, § 207(c)(2)(C), added provision that in the case of damages to an Indian tribe occurring pursuant to a Federal permit or license, the issuance of that permit or license must not have been inconsistent with the fiduciary duty of the United States with respect to such Indian tribe.

Pub.L. 99-499, § 107(d)(2), in par. (1), as so redesignated, substituted provisions that the Federal government as trustee under this subsection retain sums recovered, without further appropriation, for use only to restore, replace, or acquire the equivalent of such natural resources, and that the State acting in a similar capacity make funds available only for such purposes for provision that sums so recovered be available for use to restore, rehabilitate, or acquire the equivalent of such natural resources by Federal or State agencies, and added provision prohibiting double recovery.

Subsec. (f)(2). Pub.L. 99-499, § 107(d)(1), added par. (2).

Subsec. (g). Pub.L. 99-499, § 107(e), substituted cross reference to section 9620 of this title for provisions extending the applicability of this chapter to the Federal Government in the same manner and to the same extent, both procedurally and substantively, as any nongovernmental entity.

Subsec. (h). Pub.L. 99-499, § 127(e), inserted ", under maritime tort law," after "with this section" and inserted "or the absence of any physical damage to the proprietary interest of the claimant" before the period at the end thereof.

Subsec. (i). Pub.L. 99-499, § 207(c)(3), inserted "or Indian tribe" after "or any State".

Subsec. (j). Pub.L. 99-499, § 207(c)(4), inserted "or Indian tribe" after "or any State".

Subsec. (k)(5). Pub.L. 99-499, § 201, added par. (5).

Subsec. (k)(6). Pub.L. 99-499, § 201, added par. (6).

Subsec. (l). Pub.L. 99-499, § 107(f), added subsec. (l).

Subsec. (l)(3). Pub.L. 99-514 substituted "Internal Revenue Code of 1986" for "Internal Revenue Code of 1954", which for purposes of codification was translated as "Title 26" thus requiring no change in text.

Subsec. (m). Pub.L. 99-499, § 107(f), added subsec. (m).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Effective and Applicability Provisions

1996 Acts. Amendment by section 2502 of Title II of Div. A of Pub.L. 104-208 applicable with respect to claims not finally adjudicated as of Sept. 30, 1996, see section 2505 of Title II of Div. A of Pub.L. 104-208, set out as a note under section 6991b of this title.

1986 Acts. Amendment by Pub.L. 99-499 effective Oct. 17, 1986, see section 4 of Pub.L. 99-499, set out as a note under section 9601 of this title.

Delegation of Functions

Functions vested in the President by subsec. (c)(1)(C) of this section delegated to the Secretary of Transportation, see section 5(a) of Ex. Ord. No. 12580, Jan. 23, 1987, 52 F.R. 2923, set out as a note under section 9615 of this title.

Functions vested in the President by subsec. (c)(3) of this section delegated, with authority to redelegate, to the Coast Guard with respect to any release or threatened release involving the coastal zone, Great Lakes waters, ports, and harbors, see sections 5(b), 11(g) of Ex. Ord. No. 12580, Jan. 23, 1987, 52 F.R. 2923, set out as a note under section 9615 of this title.

Functions vested in the President by subsec. (c)(3) of this section delegated, subject to section 5(b) of Ex. Ord. No. 12580, and with authority to redelegate, to the Administrator of the Environmental Protection Agency, see sections 5(c), 11(g) of Ex. Ord. No. 12580, Jan. 23, 1987, 52 F.R. 2923, set out as a note under section 9615 of this title.

Functions vested in the President by subsec. (f)(1) of this section delegated to each of the Federal trustees for natural resources designated in the National Contingency Plan for resources under their trusteeship, see section 5(d) of Ex. Ord. No. 12580, Jan. 23, 1987, 52 F.R. 2923, set out as a note under section 9615 of this title.

Functions vested in the President by subsec. (f)(2)(B) of this section, to receive notification of the state natural resource trustee designations, delegated to the Administrator of the Environmental Protection Agency, see section 5(e) of Ex. Ord. No. 12580, Jan. 23, 1987, 52 F.R. 2923, set out as a note under section 9615 of this title.

Functions vested in the President by subsec. (k)(4)(B) of this section delegated to the Secretary of the Treasury, with the Administrator of the Environmental Protection Agency to provide the Secretary with such technical information and assistance as the Administrator may have available, see section 7(a) of Ex. Ord. No. 12580, Jan. 23, 1987, 52 F.R. 2923, set out as a note under section 9615 of this title.

Coordination of Titles I to IV of Pub.L. 99-499

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Any provision of Titles I to IV of Pub.L. 99-499, imposing any tax, premium, or fee; establishing any trust fund; or authorizing expenditures from any trust fund, to have no force or effect, see section 531 of Pub.L. 99-499, set out as a note under section 1 of Title 26, Internal Revenue Code.

Central Hazardous Materials Fund

Pub.L. 110-161, Div. F, Title I, Dec. 26, 2007, 121 Stat. 2116, as amended Pub.L. 111-88, Div. A, Title I, Oct. 30, 2009, 123 Stat. 2924, provided in part: "That hereafter [on or after Dec. 26, 2007], notwithstanding 31 U.S.C. 3302, sums recovered from or paid by a party including any fines or penalties, shall be credited to this account, to be available until expended without further appropriation: *Provided further*, That hereafter [on or after Dec. 26, 2007] such sums recovered from or paid by any party are not limited to monetary payments and may include stocks, bonds or other personal or real property, which may be retained, liquidated, or otherwise disposed of by the Secretary and which shall be credited to this account."

Similar provisions were contained in the following prior Appropriations Acts:

Pub.L. 109-54, Title I, Aug. 2, 2005, 119 Stat. 518.

Pub.L. 108-447, Div. E, Title I, Dec. 8, 2004, 118 Stat. 3041.

Pub.L. 108-108, Title I, Nov. 10, 2003, 117 Stat. 1243.

Pub.L. 108-7, Div. F, Title I, Feb. 20, 2003, 117 Stat. 218.

Pub.L. 107-63, Title I, Nov. 5, 2001, 115 Stat. 416.

Pub.L. 106-291, Title I, Oct. 11, 2000, 114 Stat. 922.

Pub.L. 106-113, Div. B, § 1000(a)(3) [Title I], Nov. 29, 1999, 113 Stat. 1535, 1501A-136.

Pub.L. 105-277, Div. A, § 101(e) [Title I], Oct. 21, 1998, 112 Stat. 2681-233.

Pub.L. 105-83, Title I, Nov. 14, 1997, 111 Stat. 1544.

Pub.L. 104-208, Div. A, § 101(d) [Title I], Sept. 30, 1996, 110 Stat 3009-182.

Pub.L. 104-134, Title I, § 101(c) [Title I], Apr. 26, 1996, 110 Stat. 1321-157.

Pub.L. 103-332, Title I, Sept. 30, 1994, 108 Stat. 2500.

Effect on Concluded Actions

Pub.L. 107-118, Title I, § 103, Jan. 11, 2002, 115 Stat. 2360, provided that: "The amendments made by this title [Pub.L. 107-118, Title I, § 101 et seq., Jan. 11, 2002, 115 Stat. 2356, enacting provisions set out as a note under 42 U.S.C.A. § 9601 and amending subsecs. (o) and (p) of this section and 42 U.S.C.A. § 9622(g)(7) to (12)]

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

shall not apply to or in any way affect any settlement lodged in, or judgment issued by, a United States District Court, or any administrative settlement or order entered into or issued by the United States or any State, before the date of the enactment of this Act [Jan. 11, 2002]."

Recovery of Costs

Pub.L. 104-303, Title II, § 209, Oct. 12, 1996, 110 Stat. 3681, provided that: "Amounts recovered under section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (42 U.S.C. 9607) [this section] for any response action taken by the Secretary in support of the civil works program of the Department of the Army and any other amounts recovered by the Secretary from a contractor, insurer, surety, or other person to reimburse the Department of the Army for any expenditure for environmental response activities in support of the Army civil works program shall be credited to the appropriate trust fund account from which the cost of such response action has been paid or will be charged."

CROSS REFERENCES

Amounts received under this section credited to,
Coast Guard Environmental Compliance and Restoration Account, see 14 USCA § 692.
Defense Environmental Restoration Account, see 10 USCA § 2703.
Diminishment of liability of persons under this section by financial responsibility provisions of Solid Waste Disposal Act,
Hazardous waste management, see 42 USCA § 6924.
Regulation of underground storage tanks relating to release, detection, prevention, and correction regulations, see 42 USCA § 6991b.
Regulation of underground storage tanks relating to state program approval, see 42 USCA § 6991c.
Health assessments costs relating to hazardous waste management recoverable as cost of response under this section, see 42 USCA § 6939a.
Retention by Secretary in manner provided by this section,
Civil penalties, forfeitures of property, and costs for marine sanctuaries violations, see 16 USCA § 1437.
Response costs and damages recovered by Secretary for destruction of marine sanctuaries resources, see 16 USCA § 1443.
Superfund appropriations to include punitive damages under this section, see 26 USCA § 9507.

LAW REVIEW COMMENTARIES

A right of contribution under CERCLA: The case for federal common law. Note, 71 Cornell L.Rev. 668 (1986).

Ability of CERCLA defendants to challenge cost-effectiveness of government cleanups. Daniel W. Coffey, 65 N.Y.St.B.J. 42 (Mar./Apr.1993).

Aftermath of Key Tronic: Implications for attorney's fee awards. Robert A. Mullins, 24 Envtl.L. 1513 (1994).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

After the bust: Landowner's liability when the property is used for the manufacture of methamphetamine. Comment, 13 San Joaquin Agric.L.Rev. 109 (2003).

All CERCLA plaintiffs are not created equal: private parties, settlements, and the UCATA. 30 Hous.L.Rev. 1979 (1994).

Allocation and uncertainty in the age of Superfund: A critique of the redistribution of CERCLA liability. Steven Ferrey, 3 N.Y.U.Envtl.L.J. 36 (1994).

Arguments advanced by insureds for coverage of environmental claims. Mark C. Raskoff, 22 Pac.L.J. 771 (1991).

Aviall Services v. Cooper Industries: Implications for the United States' liability under CERCLA, the "superfund law". Note, 56 Hastings L.J. 193 (2004-2005).

Avoiding environmental liabilities: A primer for business. Steven M. Wheeler & Edward Z. Fox, 23 Ariz.St.L.J. 483 (1991).

Bankruptcy versus environmental protection: Discharging future CERCLA liability in Chapter 11. Note, 14 Cardozo L.Rev. 1999 (1993).

Bankrupting CERCLA: Amending the Bankruptcy Code to allow CERCLA contingent claims for contribution. Kenneth W. Maxwell, 13 J.Energy Nat.Resources & Envtl.L. 431 (1993).

Breathing easy: Managing asbestos in real estate deals. Mary C. Bryant, 2 CBA Rec. 12 (July/August 1988).

Brownfield redevelopment: State-led reform of Superfund liability. Anne Slaughter Andrew, 10 Nat.Resources & Env't 27 (Winter 1996).

"Cape Fear" features of Superfund contribution litigation: Available remedies and extent of liability. William D. Evans, Jr., 75 Mich.B.J. 1170 (1996).

Case against intermediate owner liability under CERCLA for passive migration of hazardous waste. 93 Mich.L.Rev. 609 (1994).

CERCLA and Lender Liability: Why the Search for "Deep Pockets" Leads to Small Change. Stephen N. Moelis, 12 Cardozo L.Rev. 213 (1990).

CERCLA liability redefined: an analysis of the Small Business Liability Relief and Brownfields Revitalization Act and its impact on state voluntary cleanup programs. Note, 20 Ga. St. U. L. Rev. 1087 (2004).

CERCLA made simple: An analysis of the cases under the Comprehensive Environmental Response, Compensation and Liability Act of 1980. Lewis M. Barr, 45 Bus.Law. 923 (1990).

CERCLA remedy selection: Abandoning the quick fix mentality. 21 Ecology L.Q. 785 (1994).

CERCLA's natural resource damage provisions: A loophole for private landowners? 9 Admin.L.J.Am.U. 425 (1995).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

CERCLA's contribution provision: must a PRP face an administrative order or cost recovery action? Note, 53 Syracuse L.Rev. 209 (2003).

CERCLA's contribution to the federal brownfields problem: a proposal for federal reform. Sarah W. Rubenstein, 4 U. Chi. L. Sch. Roundtable 149 (1997).

Changing environment: Interpreting the pollution exclusion in the context of CERCLA liability. 44 Drake L.Rev. 153 (1995).

Cleaning up the confusion: Long Beach, Grand Trunk, and the scope of easement holder liability under CERCLA. 45 Emory L.J. 805 (1996).

Comparative analysis: The affirmative defense of an innocent landowner versus the prima facie case of a toxic tort plaintiff: Can CERCLA's innocent landowner provision be used as a defense in a toxic tort suit? Charles H. Sarlo, 16 Pace Env't L.Rev. 243 (1999).

Consorting with forests: Rethinking our relationship to natural resources and how we should value their loss. Katharine K. Baker, 22 Ecology L.Q. 677 (1995).

Contractors as unsuspecting responsible parties under Superfund. J. Randle Schick, 8 CBA Rec. 16 (Feb. 1994).

Corporate successor liability under CERCLA. Dennis G. Walsh, 79 Ill.B.J. 454 (1991).

Corporate successor liability under CERCLA: Who's next? Daniel H. Squire, William P. Ingram, and Don J. Frost, Jr., 43 Sw.L.J. 887 (1990).

Cost recovery by private parties under CERCLA: Planning a response action for maximum recovery. Arnold W. Reitze, Jr., Andrew J. Harrison, Jr., and Monica J. Palko, 27 Tulsa L.J. 365 (1992).

Criminal enforcement of environmental regulations. Daniel J. Gibby and Daniel L. Eide, 67 Fla.B.J. 72 (May 1993).

Crying wolf or is a wolf at the door?: Lender liability for environmental cleanup. Jeanmarie B. Tade, 32 S.Tex.L.Rev. 555 (1991).

Dancing the toxic two-step, part II: environmental problems in bankruptcy cases. Robin E. Phelan & Michael L. Hood, 41 Fed.B.News 282 (1994).

Defense contractor recovery of cleanup costs at contractor owned and operated facilities. Cheryl Lynch Nilsson, 38 A.F.L.Rev. 1 (1994).

Denying private attorney fee recovery under CERCLA: Bad law and bad policy. Karen M. McGaffey, 17 U.Puget Sound L.Rev. 87 (1993).

Developing doctrine of Rylands v. Fletcher: Hazardous waste remediation contractors beware. Andrew Allen Lemmon, 42 Loy.L.Rev. 287 (1996).

Developments in standing under CERCLA § 107. John N. Julian III, 11 Nat.Resources & Env't 45

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(Summer 1996).

Economizing on the sins of our past: Cleaning up our hazardous wastes. Barbara Ann White, 25 Hous.L.Rev. 899 (1988).

Enforcing environmental indemnification against a settling party under CERCLA. Daniel R. Avery, 23 Seton Hall L.Rev. 872 (1993).

Environmental due diligence: How to ensure compliance in real estate transactions. Patrick W. Dennis and Clifton J. McFarland, 14 L.A.Law. 22 (Jan. 1992).

Environmental justice and industrial redevelopment: Economics and equality in urban revitalization. Douglas A. McWilliams, 21 Ecology L.Q. 705 (1994).

Environmental law and foreign investment in the United States and the EEC: A practitioner's guide. Reed D. Rubinstein and Timothy M. Wittebort, 69 Mich.B.J. 642 (1990).

Environmental liabilities in business acquisitions. James W. Collier, 67 Mich.B.J. 58 (1988).

Environmental liability and the law of contracts. Douglas A. Henderson, 50 Bus.Law. 183 (1994).

Environmental liability and the limits of insurance. Kenneth S. Abraham, 88 Colum.L.Rev. 942 (1988).

Environmental liability for vendees and lenders. T. Bruce McGowin, 49 Ala.Law. 264 (1988).

Environmental primer--Reprise: General compendium on fundamental environmental statutes in bankruptcy. John W. Ames, Richardo I. Kilpatrick, Thomas J. Salerno & Patrick Casey Coston, 16 Am.Bankr.Inst.J. 8 (Mar.1997).

Expanding the scope of arranger liability under CERCLA. 43 U.Kan.L.Rev. 469 (1995).

Explaining environmental and tax policy incongruity twenty-five years later: Treatment of environmental remediation costs imposed by CERCLA under the Internal Revenue Code. Comment, 18 Tul. Envtl. L.J. 357 (2005).

Federal Claims Priority Act and the executor's duty to identify and satisfy a decedent's potential environmental response obligations. Edward N. Polisher and Clifford Scott Meyer, 64 Pa.B.A.Q. 27 (1993).

Federal environmental citizen provisions: Obstacles and incentives on the road to environmental justice. Eileen Gauna, 22 Ecology L.Q. 1 (1995).

Federal facilities and environmental compliance: Toward a solution. Stan Millan, 36 Loy.L.Rev. 319 (1990).

Federalism and CERCLA: Rethinking the role of federal law in private cleanup cost disputes. Ronald G. Aronovsky, 33 Ecology L.Q. 1 (2006).

Fiduciary's liability under CERCLA: The collision of fundamental policies--Beyond Ohio v. Kovacs and Midlantic National Bank v. New Jersey Department of Environmental Protection. David Van Epps, 21

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

N.Ky.L.Rev. (1994).

Financial institutions and hazardous waste litigation: Limiting the exposure to Superfund liability. Walter D. James, III, 28 Nat.Resources J. 329 (1988).

Getting snagged in the environmental liability web: The trouble with CERCLA and why the Brownfields Act provides only modest relief. Comment, 35 Tex. Tech L. Rev. 1325 (2004).

Groundwater contamination claims in Connecticut. Dean M. Cordiano and Lynn Anne Glover, 60 Conn.B.J. 167 (1986).

Guilty until innocent: Purchaser liability under Superfund. Todd M. Thornill, 46 J.Mo.B. 423 (1990).

Hazardous Waste: A threat to the lender's environment. Marcy Sharon Cohen, 19 UCC L.J. 99 (1986).

Hazardous wastes and workers' compensation: Some involving concerns. Mark E. Solomons, 21 Tort & Ins.L.J. 90 (1985).

Impact of landowner/lessor environmental risk on oil and gas lessee rights and obligations. David E. Pierce, 31 Tulsa L.J. 731 (1996).

Impact of the new EPA regulation on lender liability. Cathy Stricklin Krendl and Thomas J. Gibson, 21 Colo.Law. 2339 (1992).

In search of the institution in institutional controls: The failure of the small business liability relief and Brownfields Revitalization Act of 2002 and the need for Federal legislation. Comment, 12 N.Y.U. Envtl. L.J. 946 (2005).

Indemnification of superfund response costs. Steven G. Jeffery, 45 J.Mo.B. 107 (1989).

Inheritance of contaminated property: Blessing or curse? Thomas A. Packer and James W. Miller Jr., Prob. & Prop. 13 (Sept/Oct 1996).

Input sought from lending community as EPA and Congress confront superfund liability. Dierdre C. Menoyo and Michael J. Pappone, 3 Bankr.L.Rev. 5 (1991).

Insurance coverage for response costs under CERCLA. Dennis J. Dobbels, 48 J.Mo.B. 585 (1992).

Insurance coverage for superfund claims: Are response costs recoverable damages? Nancy W. Monts, 41 S.C.L.Rev. 871 (1980).

Insurance industry's 1970 pollution exclusion: An exercise in ambiguity. John S. Vishneski, III, Todd G. Zimmerman, Robert A. Creamer, and Judith N. Levi, 23 Loy.U.Chi.L.J. 25 (1991).

Insurance investments, environmental laws, and the acquisition of contaminated properties by life insur-ance companies. Malcom Pittman, 9 J.Ins.Reg. 5 (1990).

Interpretation of the consumer products exception in the definition of "facility" under CERCLA. 21 J.Legis. 141 (1995).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Interpreting Section 107(a)(3) of CERCLA: When has a person "arranged for disposal?" Jeffrey M. Gaba, 44 Sw.L.J. 1313 (1991).

Is CERCLA working? An analysis of the settlement and contribution provisions. 68 St.John's L.Rev. 493 (1994).

Judicial review of natural resource damage assessments under CERCLA: Implications of the right to trial by jury. 70 N.Y.U.L.Rev. 352 (1995).

Landowner-lessor liability under CERCLA. Anthony J. Rejfar, 53 Md.L.Rev. 157 (1994).

Lender environmental liability in Michigan: When does a lender "participate in management" or become an "owner or operator?". 1994 Det.C.L.Rev. 1115.

Lender liability under CERCLA: Shaping a new legal rule. 4 N.Y.U.Envtl.L.J. 61 (1995).

Legislative update on CERCLA lender and fiduciary liability. Stephen L. Kass and Jean M. McCarroll, 214 N.Y.L.J. 3 (Aug. 25, 1995).

Lessor and lessee liability under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA): The catch-22 of lease agreements. William P. Jensen, 32 S.Tex.L.Rev. 447 (1991).

Liabilities of landlords and tenants under CERCLA. Dorothy M. Helms and Nancy R. Jefferies, 41 S.C.L.Rev. 815 (1990).

Liability coverage for toxic tort, hazardous waste disposal and other pollution exposures. Thomas A. Gordon and Roger Westendorf, 25 Idaho L.Rev. 567 (1988-1989).

Liability for toxic waste cleanup. Anita R. Sokolsky, 12 L.A.Law. 14 (Jan. 1990).

Liability management in practice waste generators. Roger Strelow and John H. Claussen, 25 Hous.L.Rev. 943 (1988).

Liability of corporations and corporate officers, directors, and shareholders under Superfund: Should corporate and agency law concepts apply? Perry E. Wallace, Jr., 14 J.Corp.L. 839 (1989).

Liability of officers, directors and stockholders under CERCLA: The case for adopting state law. Richard G. Dennis, 36 Vill.L.Rev. 1367 (1991).

Liability of parent corporations for hazardous substance releases under CERCLA. Ronald G. Aronovsky and Lynn D. Fuller, 24 U.S.F.L.Rev. 421 (1990).

Liability of parent corporations for hazardous waste cleanup and damages. Note, 99 Harv.L.Rev. 986 (1986).

Liability of shareholders of closely held corporations under CERCLA. Robert D. Snook, 68 Conn.B.J. 422 (1994).

Long Beach Unified School District v. Dorothy B. Godwin Living Trust, et al., and Mobil Oil Corpora-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion, Powerline Oil Company: Determining the scope of easement holder liability under CERCLA. 25 Golden Gate U.L.Rev. 193 (1995).

Making a case for statutory amendment to CERCLA: Solving the section 107/section 113 cause of action controversy. 31 Tulsa L.J. 851 (1996).

Making things right: what businesses need to know about natural resource damage claims. E. Lynn Grayson and Sarah H. Halpin, 12 Bus.L.Today 16 (2002).

May CERCLA apply retroactively? John R. Jacus and Jan G. Laitos, 25 Colo.Law. 103 (Oct. 1996).

Multi-tort cases: a new role for federal common law? Georgene M. Vairo, 54 Fordham L.Rev. 167 (1985).

Municipal liability for household hazardous wastes: An analysis of the superfund statute and its policy implications. Molly A. Meegan, 79 Geo.L.J. 1783 (1991).

Municipal sewer authority liability: Should taxpayers be liable for cleanup costs? Robert M. Frye, 14 Stan.Envtl.L.J. 61 (1995).

Natural resource damage valuation. Frank B. Cross, 42 Vand.L.Rev. 269 (1989).

Natural resources damages under CERCLA: Here they come, ready or not. Andrew J. Simons and James M. Wicks, 63 St.John's L.Rev. 801 (1989).

Need for a principled expansion of the role of local government in environmental enforcement. Beverly Conerton and LeRoy Paddock, 16 Wm.Mitchell L.Rev. 949 (1990).

New definitions for "operator" and "arranger" liability under CERCLA. Mark Judson Mathews, 26 Colorado Lawyer No. 11, p. 101 (1997).

New directions in joint and several liability under CERCLA? Lynda J. Oswald, 28 U.C.Davis L.Rev. 299 (1995).

New EPA Superfund policy limits liability for passive groundwater contamination. Richard A. Horsch and Paul K. Milmed, 213 N.Y.L.J. 1 (June 29, 1995).

New era in environmental Law. Adam Babich, 20 Colo.Law. 435 (1991).

New federalism, old due process, retroactive revival: Constitutional problems with CERCLA's Amendment of state law. Alfred R. Light, 40 U.Kan.L.Rev. 365 (1992).

NOAA's new natural resource damage assessment scheme: It's not about collecting money. 53 Wash. & Lee L.Rev. 1513 (1996).

Nuisance law and petroleum underground storage tank contamination: Plugging the hole in the statutes. James B. Brown and Glen C. Hansen, 21 Ecology L.Q. 643 (1994).

Parent corporation's liability under CERCLA section 107 for the environmental violations of their subsidiaries. 31 Tulsa L.J. 819 (1996).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Piercing the corporate veil under CERCLA. John D. White and Kriste Kissner Sullivan, 54 Tex.B.J. 258 (1991).

Post-dissolution liability of corporations and their shareholders under CERCLA. Joel R. Burcat and Craig P. Wilson, 50 Bus.Law. 1273 (1995).

Private parties rights to recover losses from groundwater contamination in Arizona. Ariz.St.L.J. 3, 1985, p. 727.

Private plaintiff's prima facie case under CERCLA section 107. James L. Rogers, Jr. and Eugene C. Mc-Call, Jr., 41 S.C.L.Rev. 833 (1990).

Property owner liability for environmental contamination in California. Michael B. Hingerty, 22 U.S.F.L.Rev. 31 (1987).

Proposal to expand procedures for prompt judicial review of mechanic's liens. 48 Rec.Ass'n B.City N.Y. 742 (1993).

Public policy essay: Superfund retroactivity revisited. George Clemon Freeman, Jr., 50 Bus.Law. 663 (1995).

Raytheon Constructors, Inc. v. Asarco Inc.: The Tenth Circuit finds a successor in interest not liable for the cleanup costs of a mine site under CERLA . . . but what about state corporate law? Note, 18 Tul. Envtl. L.J. 219 (2004).

Reaping "green" harvests from "brownfields": Avoiding lender liability at contaminated sites: Part I. Scott H. Reisch, 26 Colo.Law. 3 (Jan.1997).

Rebirth of common law actions for addressing hazardous waste contamination. Tom Kuhnle, 15 Stan.Envtl.L.J. 187 (1996).

Recovering hazardous waste cleanup costs: The private cause of action under CERCLA. Jeffrey M. Gaba, 13 Ecology L.Q. 181 (1986).

Relationship between CERCLA sections 107 and 113. William D. Araiza, 72 Notre Dame L.Rev. 193 (1996).

Removal or remedial? The myth of CERCLA'S two-response system. Jerry L. Anderson, 18 Colum. J. Envtl. L. 103 (1993).

Reporting requirements for environmental contamination. David J. Freeman and Gregory R. Belcamino, 213 N.Y.L.J. 1 (April 11, 1995).

Resolving conflicts between bankruptcy law and the state police power. Ellen E. Sward, 1987 Wis.L.Rev. 403 (1987).

Return of lender liability. Stephen L. Kass and Michael B. Gerrard, 211 N.Y.L.J. 3 (Feb. 25, 1994).

The right of contribution under CERCLA after Cooper Industries v. Aviall Services. Wm. Bradford Reyn-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

olds and Lisa K. Hsiao, 18 Tul. Envtl. L.J. 339 (2005).

Risk allocation in delivery terms. Louis M. Guenin, 25 UCC L.J. 49 (1992).

Rule 10b-5 and RICO: Alternate remedies for environmental liabilities acquired by stock purchase of a closely-held corporation. Elizabeth Ann Glass Geltman, 26 Hous.L.Rev. 455 (1989).

Scope of the American rule as applied to CERCLA private contribution recovery actions. 30 New Eng.L.Rev. 407 (1996).

Searching for methods of conducting efficient CERCLA litigation: The argument in support of attorneys' fee awards in section 107 private cost recovery litigation. Comment, 42 DePaul L.Rev. 1029 (1993).

Secured creditor exemption under CERCLA. Robert J. Vincze, 62 J.Kan.B.Ass'n 18 (1993).

Shelter from the storm? EPA's final lender liability rules. Meryl R. Lieberman and Michael J. Case, 65 N.Y.St.B.J. 32 (Dec. 1993).

Simplifying CERCLA defenses to liability. Brian J. Pinkowski, 28 Urb.Law. 197 (1996).

Strategies for environmental justice: Rethinking CERCLA medical monitoring lawsuits. Colin Crawford, 74 B.U.L.Rev. 267 (1994).

Strict liability as an incentive for cleanup of contaminated property. Edmund B. Frost, 25 Hous.L.Rev. 951 (1988).

Successor corporate liability for improper disposal of hazardous waste. John C. Solomon, 7 W.New Eng.L.Rev. 909 (1985).

Successor liability in bankruptcy: Some unifying themes of intertemporal creditor priorities created by running covenants, products liability, and toxic-waste cleanup. David Gray Carlson, 50 Law & Con-temp.Probs. 119 (1987).

Successor liability under CERCLA. Kenneth B. Wright and Megan L. Wagner, 15 L.A.Law. 30 (Nov. 1992).

Successor liability under CERCLA: Whither substantial continuity? Kenneth K. Kilbert, 14 Penn St. En-vtl. L. Rev. 1 (2006).

The sun sets on federal common law: Corporate successor liability under CERCLA after *O'Melveny & Meyers*. Gregory C. Sisk and Jerry L. Anderson, 16 Va. Envtl. L.J. 505 (Summer 1997).

Superfund: It can happen to you. Richard W. Harris, 5 Nev.Law. 12 (Jan. 1997).

Superfund liability for financial institutions. Bernard J. Berry, Jr., Patricia M. Greeley and Patrick J. Mc-Namara, 96 Com.L.J. 59 (1991).

Superfund liability of franchisors. Stephen L. Kass and Michael B. Gerrard, 212 N.Y.L.J. 3 (Sept. 23, 1994).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Superfund response cost allocations: the law, the science, and the practice. Ridgway M. Hall, Jr., Robert H. Harris & Judith A. Reinsdorf, 49 Bus.Law. 1489 (1994).

Superfund's impact on real property transfers. Terence P. Brennan, 61 Okla.B.J. 1993 (1990).

The case that locked the door on attorneys' fees under CERCLA Section 107(a)(4)(B). 45 Cath.U.L.Rev. 311 (1996).

The Hazardous Waste Land. Jerry L. Anderson, 13 Va.Envtl.L.J. (Fall 1993).

The impact of the 1986 Superfund Amendments and Reauthorization Act on the commercial lending industry: A critical assessment. Comment, 41 U.Miami L.Rev. 879 (1987).

The once and future EPA lender regulations: Limiting lender liability for the cleanup of hazardous wastes. Jeffrey M. Gaba, 47 Consumer Fin.L.Q.Rep. 355 (1993).

There and back again: The progression and regression of contribution actions under CERCLA. Richard O. Faulk and Cynthia J. Bishop, 18 Tul. Envtl. L.J. 323 (2005).

Third-party defense to hazardous waste liability: Narrowing the contractual relationship exception. J.B. Ruhl, 29 S.Tex.L.Rev. 291 (1988).

Toxic tort litigation and the causation element: Is there any hope of reconciliation? Or a Fred Harris, Jr., 40 Sw.L.J. 909 (1986).

Toxic waste: Who pays the piper? A private party's federal and Texas rights to recovery of voluntary cleanup costs of toxic waste. Barbara Hanson Nellermoe, 20 St.Mary's L.J. 339 (1989).

Toxics and title insurance. Oscar H. Beasley and Maureen M. Muranaka, 10 L.A.Law. 19 (January 1988).

Trash troubles: Issues and options in managing municipal solid waste. 33 Hous.L.Rev. 499 (1996).

*United States v. Maryland Bank & Trust Co.*: Lender liability under CERCLA. Carolyn Rashby, 14 Ecology L.Q. 569 (1987).

Urban decay and the role of Superfund: Legal barriers to redevelopment and prospects for change. 43 Buff.L.Rev. 285 (1995).

Urban redevelopment, environmental liabilities for lenders and the cleanup of contaminated property. Christopher R. Schraff, 25 Cap.U.L.Rev. 77 (1996).

Warrior and the Druid--the DOD and environmental law. Michael Donnelly and James G. Van Ness, 33 Fed.B.News 37 (1986).

What price innocence? A realistic view of the innocent landowner defense under CERCLA. Debra L. Baker and Theodore G. Baroody, 22 St.Mary's L.J. 115 (1990).

When a security becomes a liability: Claims against lenders in hazardous waste cleanup. Note, 38 Hastings L.J. 1261 (1987).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

When the courts can't help: Preenforcement review of EPA actions under CERCLA. Robert Lamar Boese, 40 La.B.J. 68 (1992).

LIBRARY REFERENCES

American Digest System

   Environmental Law ☞ 445.

   Key Number System Topic No. 149E.

Corpus Juris Secundum

   CJS Federal Courts § 625, Findings of Fact by Trial Court--Actions Under Federal Statutes.
   CJS Health and Environment § 170, Refuse and Waste Disposal--Hazardous Waste; Superfund.
   CJS United States § 243, Defenses by Government.

RESEARCH REFERENCES

ALR Library

24 ALR, Fed. 2nd Series 133, Application of Requirement in § 107(A) of Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C.A. § 9607) that Public Cost-Recovery Actions Not be Inconsistent With National Contingency...

22 ALR, Fed. 2nd Series 233, Right of Private Party to Seek Cost Recovery Under CERCLA § 107(A), 42 U.S.C.A. § 9607(A), or Contribution Under CERCLA § 113(F)(1), 42 U.S.C.A. § 9613(F)(1), in Connection With Environmental Response--Post-C...

21 ALR, Fed. 2nd Series 559, To 2007 A.L.R. United States Supreme Court Review.

19 ALR, Fed. 2nd Series 303, Propriety, Under Rules 23(A) and 23(B) of Federal Rules of Civil Procedure, as Amended in 1966, of Class Action Seeking Relief Against Pollution of Environment.

17 ALR, Fed. 2nd Series 309, Construction and Application of § 401 Water Quality Certification Requirement Under Federal Clean Water Act, 33 U.S.C.A. § 1341.

12 ALR, Fed. 2nd Series 161, Innocent Owner Status Under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA).

193 ALR, Fed. 291, Appropriateness of Federal Court Abstention Under Colorado River Water Conservation District v. United States, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483, Given the Existence of Concurrent Parallel...

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

190 ALR, Fed. 1, Attorney's Fees Under § 505(D) or § 509(B)(3) of Federal Water Pollution Control Act Amendments of 1972 (Clean Water Act) (33 U.S.C.A. § 1365(D) or § 1369(B)(3)).

189 ALR, Fed. 403, Permissibility of "Overfiling" by Environmental Protection Agency to Enforce Federal Environmental Law Statutes.

186 ALR, Fed. 321, Aggregation of Claims of One Plaintiff Against Two or More Defendants to Determine Amount in Controversy Under 28 U.S.C.A. § 1332.

180 ALR, Fed. 61, Admissibility, Under Rule 803(8)(C) of Federal Rules of Evidence, of "Factual Findings Resulting from Investigation Made Pursuant to Authority Granted by Law".

163 ALR, Fed. 531, Actions Brought Under Federal Water Pollution Control Act Amendments of 1972 (Clean Water Act) (33 U.S.C.A. § 1251 et seq.)--Supreme Court Cases.

162 ALR, Fed. 371, Amount and Characteristics of Wastes as Equitable Factors in Allocation of Response Costs Pursuant to § 113(F)(1) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C.A....

158 ALR, Fed. 519, Requirement that There be Continuing Violation to Maintain Citizen Suit Under Federal Environmental Protection Statutes--Post-Gwaltney Cases.

157 ALR, Fed. 291, Supreme Court's Views as to Validity, Construction, and Application of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. §§ 9601 et seq).

151 ALR, Fed. 495, Decisions of Environmental Protection Agency (Epa) Approving or Disapproving State Implementation Plans as Interfering With Primary Role of States to Determine How National Ambient Air Quality Standards Should be Met...

148 ALR, Fed. 203, Equitable Considerations in Allocating Response Costs to Owner or Occupant of Previously Contaminated Facility in Action Pursuant to § 113 (F) of Comprehensive Environmental Response, Compensation, and Liability Act...

147 ALR, Fed. 469, What Constitutes "Facility" Within Meaning of § 101(9) of the Comprehensive, Environmental Response, Compensation, and Liability Act (CERCLA)(42 U.S.C.A. § 9601(9)).

146 ALR, Fed. 363, Equitable Allocation of Response Costs in Contribution Action Under § 113(F) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C.A. § 9613(F): Factors Affecting Response...

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

146 ALR, Fed. 531, Award of Costs and Attorneys' Fees in Judicial Review of Administrative Proceedings Under § 307(F) of Clean Air Act (42 U.S.C.A. § 7607(F)).

144 ALR, Fed. 285, Construction and Application of Statute of Limitations (42 U.S.C.A. § 9613(G)(1)) for Action Under § 107 of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607)...

143 ALR, Fed. 591, Application of Statutes of Limitations (42 U.S.C.A. § 9613(G)) in Action Under § 113(F) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9613(F)) For...

139 ALR, Fed. 123, Indemnification or Release Agreement as Covering Liability Under § 107(A) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607(a)).

140 ALR, Fed. 181, Private Entity's Status as Owner or Operator Under § 107(A)(1, 2) of Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C.A. § 9607(A)(1, 2)) (CERCLA).

142 ALR, Fed. 115, Application of Statute of Limitations (42 U.S.C.A. § 9613(G)(2)) in Action Under § 107 of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607) for Recovery Of...

135 ALR, Fed. 197, What Constitutes "Hazardous Waste" Subject to Regulation Under Resource Conservation and Recovery Act (42 U.S.C.A. §§ 6901 et seq.).

136 ALR, Fed. 117, What Constitutes "Disposal" for Purposes of Owner or Operator Liability Under § 107(A)(2) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)...

130 ALR, Fed. 431, Arranger Liability of State Government Under § 107(A) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607(a)).

131 ALR, Fed. 293, Secured Lender Liability: Application of Security Interest Exemption from Definition of "Owner or Operator" Under § 101(20)(A) of Comprehensive Environmental Response, Compensation, and Liability Act...

132 ALR, Fed. 77, Arranger Liability of Nongenerators Pursuant to § 107(A)(3) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607(A)(3)).

133 ALR, Fed. 293, Liability of Local Government Under § 107(A) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607(a)).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

123 ALR, Fed. 461, Liability of Dissolved Corporation or Corporation that Forfeited Charter in Action Pursuant to Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. §§ 9601 -9675)...

125 ALR, Fed. 315, Arranger Liability of Sellers Pursuant to § 107(A)(3) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607(A)(3)).

126 ALR, Fed. 265, Liability of Generators Pursuant to § 107(A)(3) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607(A)(3)).

127 ALR, Fed. 511, Liability of Federal Government Under § 107(A) of Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C.A. § 9607(a)).

118 ALR, Fed. 293, Determination Whether Substance is "Hazardous Substance" Within Meaning of § 101(14) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)...

120 ALR, Fed. 1, Establishing "Release or Threatened Release" of Hazardous Substance from Facility for Purposes of Liability Pursuant to § 107 of Comprehensive Environmental Response, Compensation, and Liability Act...

121 ALR, Fed. 173, Liability of Parent or Successor Corporation, or Corporate Shareholders, in Action Pursuant to Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. §§ 9601 -9675)...

122 ALR, Fed. 321, Liability of Individual Shareholder, or Director of Corporation that Owned Contaminating Facility in Action Pursuant to Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)...

112 ALR, Fed. 49, Transporter Liability Under § 107(A)(4) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607(A)(4)).

113 ALR, Fed. 1, What Are "Necessary Costs of Response" Within Meaning of § 107(A)(4)(B) of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9607(A)(4)(B)).

114 ALR, Fed. 1, Propriety of Negotiated Settlements in Government Cleanup Actions Under Federal Hazardous Waste Statutes.

115 ALR, Fed. 491, Liability Under § 7003 of Resource Conservation and Recovery Act (42 U.S.C.A. § 6973) Pertaining to Imminent Hazards from Solid or Hazardous Waste.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

116 ALR, Fed. 69, What Claims Fall Within Limitation Imposed by § 113(H) of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (42 U.S.C.A. § 9613(H)) on Judicial Review of Cases Arising Under...

107 ALR, Fed. 562, Application of Requirement in § 107(A) of Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C.A. § 9607(A)) that Private Cost-Recovery Actions be Consistent With National Contingency...

105 ALR, Fed. 21, Third-Party Defense to Liability Under § 107 of Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C.A. § 9607).

105 ALR, Fed. 110, Who is "Prevailing Party" So as to be Entitled to Award of Attorneys' Fees by Court Under Equal Access to Justice Act (28 U.S.C.A. § 2412(D)).

100 ALR, Fed. 35, Right to Intervene in Federal Hazardous Waste Enforcement Action.

91 ALR, Fed. 436, Right to Maintain Citizen Suit Under § 7002 of Resource Conservation and Recovery Act ( 42 U.S.C.A. § 6972).

94 ALR, Fed. 750, What Constitutes Modification of Stationary Source, Under § 111(A)(3), (4) of Clean Air Act (42 U.S.C.A. § 7411(A)(3), (4)), So as to Subject Source to Environmental Protection Agency's New Source Performance...

87 ALR, Fed. 217, Validity and Construction of § 106(A) and (B)(1) of Comprehensive Environmental Response, Compensation, and Liability Act (42 U.S.C.A. § 9606(A) and (B)(1)), Authorizing Equitable Abatement Actions And...

76 ALR, Fed. 46, Discretionary Exercise of Pendent Jurisdiction of Federal Court Over State Claim When Joined With Claim Arising Under Laws, Treaties, or Constitution of United States.

76 ALR, Fed. 762, What Constitutes Impairment of Proposed Intervenor's Interest to Support Intervention as Matter of Right Under Rule 24(A)(2) of Federal Rules of Civil Procedure in Environmental Actions.

72 ALR, Fed. 176, Private Contractor as "Authorized Representative" of Administrator of Environmental Protection Agency for Purpose of Inspections Conducted Under § 114 of Clean Air Act (42 U.S.C.A. § 7414).

72 ALR, Fed. 191, Pendent Jurisdiction of Federal Court Over State Claim Against Party Not Otherwise Subject to Federal Jurisdiction Where State Claim is Sought to be Joined With Claim Arising Under Laws, Treaties, or Constitution Of...

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

75 ALR, Fed. 328, Environmental Protection Agency's Classifications of Air Quality Control Regions Under § 107(D)(2) of Clean Air Act (42 U.S.C.A. § 7407(D)(2)).

70 ALR, Fed. 329, Governmental Recovery of Cost of Hazardous Waste Removal Under Comprehensive Environmental Response, Compensation and Liability Act (42 U.S.C.A. §§ 9601 et seq.).

29 ALR, Fed. 137, Federal Common Law of Nuisances as Basis for Relief in Environmental Pollution Cases.

2 ALR, Fed. 1027, What, Other Than Affidavits, Constitutes "Matters Outside the Pleadings," Which May Convert Motion Under Federal Rule of Civil Procedure 12(B)(C), Into Motion for Summary Judgment.

46 ALR 6th 345, Liability of Corporations for Climate Change and Weather Conditions.

26 ALR 6th 659, To 2007 A.L.R. United States Supreme Court Review.

13 ALR 6th 355, Liability of Successor Corporation for Injury or Damage Caused by Product Issued by Predecessor, Based on Mere Continuation or Continuity of Enterprise Exceptions to Nonliability.

48 ALR 5th 355, What Constitutes "Suit" Triggering Insurer's Duty to Defend Environmental Claims--State Cases.

39 ALR 5th 763, Recovery of Punitive Damages for Injuries Resulting from Transport, Handling, and Storage of Toxic or Hazardous Substances.

17 ALR 5th 327, Recovery of Damages for Expense of Medical Monitoring to Detect or Prevent Future Disease or Condition.

13 ALR 5th 600, Common-Law Strict Liability in Tort of Prior Landowner or Lessee to Subsequent Owner for Contamination of Land With Hazardous Waste Resulting from Prior Owner's or Lessee's Abnormally Dangerous or Ultrahazardous...

14 ALR 5th 695, Event Triggering Liability Insurance Coverage as Occurring Within Period of Time Covered by Liability Insurance Policy Where Injury or Damage is Delayed--Modern Cases.

86 ALR 4th 401, Validity, Construction, and Application of State Hazardous Waste Regulations.

87 ALR 4th 444, Liability Insurance Coverage for Violations of Antipollution Laws.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

73 ALR 4th 582, Tort Liability for Nonmedical Radiological Harm.

66 ALR 4th 685, Standing to Sue for Violation of State Environmental Regulatory Statute.

76 ALR 3rd 388, Validity, Construction, and Application of Statutes Requiring Assessment of Environmental Information Prior to Grants of Entitlements for Private Land Use.

81 ALR 3rd 1258, Validity of State Statutory Provision Permitting Administrative Agency to Impose Monetary Penalties for Violation of Environmental Pollution Statute.

53 ALR 3rd 184, Comment Note.--Contribution or Indemnity Between Joint Tortfeasors on Basis of Relative Fault.

46 ALR 3rd 428, Stockholder's Personal Conduct of Operations or Management of Assets as Factor Justifying Disregard of Corporate Entity.

12 ALR 2nd 695, May Federal Court, Acquiring Jurisdiction Because of Federal Question But Deciding Such Question Adversely to Party Invoking Jurisdiction, Decide Non-Federal Questions.

175 ALR 8, Validity of Contractual Provision by One Other Than Carrier or Employer for Exemption from Liability, or Indemnification, for Consequences of Own Negligence.

167 ALR 796, Implied Contract in Case of Trespass Upon Real Property.

162 ALR 261, Statutory Provision that Statute of Limitation Shall Not Apply to Action in Name of Municipality or Other Public Corporation, as Applicable to Actions Involving Proprietary as Distinguished from Governmental...

149 ALR 787, Liability of Corporation for Debts of Predecessor.

147 ALR 857, Duty of State Courts to Follow Decisions of Federal Courts, Other Than the Supreme Court, on Federal Questions.

137 ALR 268, Public Records as Notice of Facts Starting Running of Statute of Limitations Against Action Based on Fraud.

138 ALR 968, What Amounts to Joint Adventure.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

139 ALR 421, Power to Open or Modify "Consent" Judgment.

140 ALR 717, Duty of Federal Courts, Since Erie R. Co. v. Tompkins, in Determining Ultimate Federal Question, to Follow State Laws or State Court Decisions of Substantive Character, Upon Questions Which Are Preliminary, Incidental...

132 ALR 1048, Date or Event Contemplated by Term "Passage," "Enactment," "Effective Date," Etc., Employed by Statute in Fixing Time of Facts or Conditions Within Its Operation.

135 ALR 934, Jurisdiction of Declaratory Action as Affected by Pendency of Another Action or Proceeding.

135 ALR 1305, Validity of Statutory or Municipal Regulations as to Garbage.

120 ALR 855, Conflict of Laws as Regards Statutory or Contractual Provisions Relating to Right of Injured Person to Maintain Action Against Tort-Feasor's Insurer.

123 ALR 458, Individual Liability of Trustee or Other Fiduciary for Injury to Person or Property of Third Person Due to Negligence, or Violation of Statute or Ordinance, in Management of Trust Estate.

114 ALR 1500, Comment Note.--Duty of Federal Courts to Follow State Court Decisions on Questions of General Law or Commercial Law.

106 ALR 1241, Right to Set-Off, Counterclaim, or Recoupment Against the United States or a Sovereign Foreign State.

97 ALR 931, Period Covered by Lesse's, Sublesse's, or Assignee's Covenant to Pay Taxes or Assessments.

70 ALR 1218, Provisions in Lease, or Agreement for Extension of Lease, Respecting Payment of Rent or Taxes, as Covenants or Conditions.

64 ALR 213, Proportion of Obligation Enforceable by Way of Contribution Between Joint Obligors.

65 ALR 822, Oral Agreement Between Joint Obligors as to Extent of Liability Inter Se.

53 ALR 46, Limitation of Action Against Tenant for Years or for Life for Waste or Breach of Obligation as to Use and Care of Property.

29 ALR 839, Nuisance by Encroachment of Walls or Other Parts of Building on Another's Land as Permanent or

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Continuing.

8 ALR 1458, Liability of Employer for Acts of Janitor.

Encyclopedias

16 Am. Jur. Proof of Facts 2d 679, Liability of Parent Corporation for Acts of Subsidiary.

48 Am. Jur. Proof of Facts 2d 431, Arsenic Poisoning.

50 Am. Jur. Proof of Facts 2d 321, Ancient Documents.

3 Am. Jur. Proof of Facts 3d 225, Products Liability--Formaldehyde Fumes Emitted by Building Materials.

6 Am. Jur. Proof of Facts 3d 319, Act of God.

14 Am. Jur. Proof of Facts 3d 1, Nerve Injury from Exposure to Heavy Metals.

14 Am. Jur. Proof of Facts 3d 85, Radiation Injuries--Ionizing Radiation.

15 Am. Jur. Proof of Facts 3d 105, Nerve Injury from Exposure to Drugs.

16 Am. Jur. Proof of Facts 3d 115, Nerve Injury from Exposure to Industrial Agents.

24 Am. Jur. Proof of Facts 3d 609, Admissibility and Reliability of Laboratory Analysis of Soil, Water, and Air Samples in Environmental Litigation.

25 Am. Jur. Proof of Facts 3d 313, Toxic Torts: Proof of Medical Monitoring Damages for Exposure to Toxic Substances.

25 Am. Jur. Proof of Facts 3d 473, Liability for Dioxin Contamination.

33 Am. Jur. Proof of Facts 3d 113, Collusive Relationships in Construction Liens.

34 Am. Jur. Proof of Facts 3d 387, CERCLA Liability of Parent, Subsidiary and Successor Corporations.

34 Am. Jur. Proof of Facts 3d 465, Validity and Applicability of Contractual Allocations of Environmental Risk.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

36 Am. Jur. Proof of Facts 3d 471, Buyer's Claims Against Seller Who Fails to Disclose Environmental Condition of Property.

37 Am. Jur. Proof of Facts 3d 439, Recovery of Damages for Injury to Landowner's Property from Environmental Condition on Neighboring Land.

38 Am. Jur. Proof of Facts 3d 477, Insured's Proof that Pollution Exclusion Clause Does Not Bar Coverage for Environmental Claims.

39 Am. Jur. Proof of Facts 3d 483, Insured's Proof that Environmental Cleanup Costs Are Covered "Damages" Under CGL Insurance Policy.

49 Am. Jur. Proof of Facts 3d 173, Lender Liability for Contamination of Property by Hazardous Substances.

50 Am. Jur. Proof of Facts 3d 237, Citizens' Suits Under the Toxic Substances Control Act (TSCA).

55 Am. Jur. Proof of Facts 3d 155, Citizens' Suits Under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) and the Emergency Planning and Community Right-To-Know Act (EPCRA).

58 Am. Jur. Proof of Facts 3d 213, Proof of Insurer's Duty to Defend "Suit" Alleging Insured's Liability for Environmental Contamination.

80 Am. Jur. Proof of Facts 3d 281, Current Landowner's Right to Recover Cleanup Costs from Other Liable Parties Under § 107(A) of CERCLA.

47 Am. Jur. Trials 1, Environmental Law Litigation Under CERCLA.

49 Am. Jur. Trials 1, Handling Environmental Liability Insurance Claims Under Comprehensive General Liability Insurance Policies.

50 Am. Jur. Trials 471, Use and Examination of Experts in Environmental Litigation.

56 Am. Jur. Trials 369, Recovery of Damages for Property Devaluation Caused by Off-Site Environmental Hazards.

57 Am. Jur. Trials 1, Private Cost Recovery Actions Under CERCLA.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

59 Am. Jur. Trials 231, Contractual Indemnifications and Releases from Environmental Liability.

60 Am. Jur. Trials 73, Asbestos Injury Litigation.

68 Am. Jur. Trials 1, U.S. EPA Action Under the Comprehensive Environmental Response, Compensation, and Liability Act (Superfund).

79 Am. Jur. Trials 1, Parent Corporation's Liability for Lease of Subsidiary.

83 Am. Jur. Trials 119, Ex Parte Attachment of Parent Corporation's Treasury Stock.

Am. Jur. 2d Act of God § 14, Statutory Liability.

Am. Jur. 2d Corporations § 1646, Charter, Bylaw, or Contract Provisions.

Am. Jur. 2d Declaratory Judgments § 54, Scope of Declaratory Actions in Federal Courts.

Am. Jur. 2d Pollution Control § 854, Civil Injunctive Relief.

Am. Jur. 2d Pollution Control § 1140, Remedies.

Am. Jur. 2d Pollution Control § 1161, Preemption.

Am. Jur. 2d Pollution Control § 1165, Notification of Existence of Facility.

Am. Jur. 2d Pollution Control § 1171, Relation to State Law Remedies--Substitute Federal Statute of Limitations for Hazardous Substance Cases.

Am. Jur. 2d Pollution Control § 1190, Selection of Response Action; Administrative Record.

Am. Jur. 2d Pollution Control § 1192, Notice of Lien on Property.

Am. Jur. 2d Pollution Control § 1193, De Minimis Settlements.

Am. Jur. 2d Pollution Control § 1195, Cost Recovery Settlement Without Judicial Action.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Am. Jur. 2d Pollution Control § 1209, Arbitral Decision and Public Comment.

Am. Jur. 2d Pollution Control § 1216, Intervention by Nonsettlors to Contest Consent Decree.

Am. Jur. 2d Pollution Control § 1219, Preconditions to Enforcement.

Am. Jur. 2d Pollution Control § 1220, Preconditions to Enforcement--Cooperative Agreement With State.

Am. Jur. 2d Pollution Control § 1225, Consent Decree for Remedial Action.

Am. Jur. 2d Pollution Control § 1230, Covenant Not to Sue.

Am. Jur. 2d Pollution Control § 1232, Covenant Not to Sue--Special Covenants Not to Sue.

Am. Jur. 2d Pollution Control § 1233, Negotiation; Notice to Parties.

Am. Jur. 2d Pollution Control § 1239, Civil Suit Against Violator of Order.

Am. Jur. 2d Pollution Control § 1242, Action in Rem.

Am. Jur. 2d Pollution Control § 1243, Maritime Lien.

Am. Jur. 2d Pollution Control § 1247, Recovery of Government Response Costs.

Am. Jur. 2d Pollution Control § 1253, Exceptions to Bar.

Am. Jur. 2d Pollution Control § 1255, Ripeness.

Am. Jur. 2d Pollution Control § 1277, Review of Application.

Am. Jur. 2d Pollution Control § 1334, Parties.

Am. Jur. 2d Pollution Control § 1340, Affirmative Defenses.

Am. Jur. 2d Pollution Control § 1347, Award of Attorney's Fees.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Am. Jur. 2d Pollution Control § 1358, Direct Action for Contribution.

Am. Jur. 2d Pollution Control § 1359, Actions on Indemnity Agreements.

Am. Jur. 2d Pollution Control § 1382, Responsible Parties.

Am. Jur. 2d Pollution Control § 1383, To Whom Liability is Owed.

Am. Jur. 2d Pollution Control § 1384, Assessment of Damages.

Am. Jur. 2d Pollution Control § 1387, Rebuttable Presumption from Assessment of Damages.

Am. Jur. 2d Pollution Control § 1388, Relief Available in Suit.

Forms

Federal Procedural Forms § 29:115, Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)--In General.

Federal Procedural Forms § 29:116, Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)--Governmental Response; Abatement Procedure.

Federal Procedural Forms § 29:117, Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)--Recovery of Cleanup Costs and Damages.

Federal Procedural Forms § 29:118, Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA)--Subrogation Claims.

Federal Procedural Forms § 29:124, Declaration and Damage Claim--Response Costs for Release of Hazardous Substance [42 U.S.C.A. § 9607(a)].

Federal Procedural Forms § 29:125, Model § 122(G)(4) Consent Decree [42 U.S.C.A. § 9622(G)(4)].

Federal Procedural Forms § 29:126, Model § 122(G)(4) Administrative Order on Consent [42 U.S.C.A. § 9622 (G)(4)].

Federal Procedural Forms § 29:127, Complaint--By Private Party--Against Site Owner-Operator and Generators--For Recovery of Costs of Response to Comprehensive Environmental Response, Compensation and Liability

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Act...

Federal Procedural Forms § 29:128, Complaint--By Private Party--Against Previous Site Owner--For Recovery of Costs Under the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") [42 U.S.C.A....

Nichols Cyclopedia of Legal Forms Annotated § 72:1, Federal Regulation, Generally.

2A West's Federal Forms § 1716, For Cleanup and Investigatory Costs by Former Landowner.

16 West's Legal Forms § 6.11, Will for Unmarried Person Without Children--Contingent Bequest to Separate Contingent Trust for Underage Beneficiary.

16 West's Legal Forms § 7.16, Will for Unmarried Person With Children--All to Children (Or Sprinkling Family Trust If Any Underage Child)--To Separate Children's Trusts at Termination of Sprinkling Family Trust.

16 West's Legal Forms § 7.20, Will for Unmarried Person With Children--All to Children (With Separate Contingent Trust for Underage Child).

16 West's Legal Forms § 8.11, Will for Married Person Without Children--All to Surviving Spouse With Contingent Bequest to Named Beneficiaries or Separate Contingent Trust for Any Underage Beneficiary.

16 West's Legal Forms § 9.16, Will for Married Person With Children--All to Surviving Spouse With Contingent Bequest to Children (Or Sprinkling Family Trust If Any Underage Child)--To Separate Children's Trusts At...

16 West's Legal Forms § 9.20, Will for Married Person With Children--All to Surviving Spouse With Contingent Bequest to Children (With Separate Contingent Trust for Underage Child).

17 West's Legal Forms § 15.8, Rmta for Unmarried Person With Children--At Death of Grantor, All to Children...

17 West's Legal Forms § 12.10, Marital Trust Will for Married Person Without Children--Contingent Bequest to Separate Contingent Trust for Underage Beneficiary.

17 West's Legal Forms § 12.14, Outright to Surviving Spouse With Standby Bypass Trust for Property Disclaimed by Surviving Spouse--Contingent Bequest to Separate Contingent Trust for Underage Beneficiary.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

17 West's Legal Forms § 12.18, Marital Trust and Bypass Trust Will for Married Person Without Children-
-Contingent Bequest to Separate Contingent Trust for Underage Beneficiary.

17 West's Legal Forms § 15.13, Rmta for Unmarried Person With Children--At Death of Grantor, All to Chil-
dren...

17 West's Legal Forms § 15.18, Rmta for Unmarried Person With Children--At Death of Grantor, Rmta Termin-
ates by Distribution to Separate Children's Trusts.

17 West's Legal Forms § 17.11, Two-Grantor Rmta for Married Persons With Children--After Death of Surviv-
ing Grantor, to Sprinkling Family Trust If Any Underage Child--At Termination of Sprinkling Family Trust,
To...

17 West's Legal Forms § 17.16, Two-Grantor Rmta for Married Persons With Children--After Death of Surviv-
ing Grantor, to Sprinkling Family Trust If Any Underage Child--At Termination of Sprinkling Family Trust,
To...

17 West's Legal Forms § 17.21, Two-Grantor Rmta for Married Persons With Children--After Death of Surviv-
ing Grantor, to Separate Children's Trusts.

18 West's Legal Forms § 24.4, Section 2503(C) Present Interest Trust.

18 West's Legal Forms § 19.28, Two-Grantor Rmta for Married Person With Children--After Death of First
Grantor to Die, Trust Estate Divided Into Spouse's, Marital, and Bypass Funds--Spouse's, Marital, and Bypass.

18 West's Legal Forms § 19.93, Two-Grantor Rmta for Married Person With Children--After Death of First
Grantor to Die, Trust Estate Divided Into Spouse's and First Decedent's Funds--Spouse's Fund Passes to S.

18 West's Legal Forms § 25.17, Irrevocable Trust With Withdrawal Rights; One Grantor; Previously-Issued Life
Insurance Policy to be Transferred to Trustee; Trust for Benefit of Grantor's Descendants (And Optionally
Grantor&...

18 West's Legal Forms § 25.28, Irrevocable Trust With Withdrawal Rights; One Grantor; Trust for Benefit of
Grantor's Descendants; Trust Divides Immediately Into Separate Trusts; Separate Trust May Distribute for the
Health...

18 West's Legal Forms § 25.34, Irrevocable Trust With Withdrawal Rights; Two Grantors; Trust for Benefit of
Grantors' Descendants; Trust Divides Immediately Into Separate Trusts; Separate Trust May Distribute for the
Health...

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

21 West's Legal Forms § 23.9, Hazardous or Toxic Materials.

16A West's Legal Forms § 10.23, Bypass Trust Will for Sole Benefit of Surviving Spouse, Surviving Spouse Possesses Power of Appointment Over Bypass Trust, Bypass Trust Terminates After Death of Surviving Spouse by Distribution To...

16A West's Legal Forms § 10.87, Will With Bypass Fund Outright to Surviving Spouse With Standby Bypass Trust for Any Amount Disclaimed by Surviving Spouse With Bypass Trust for Sole Benefit of Surviving Spouse, Surviving Spouse...

16A West's Legal Forms § 11.32, Marital and Bypass Trust Will With Bypass Trust for Sole Benefit of Surviving Spouse, Surviving Spouse Possesses Power of Appointment Over Bypass Trust, Bypass Trust Terminates After Death Of...

17A West's Legal Forms § 18.12, One-Grantor Rmta for Married Person With Children--After Death of Grantor, Trust Estate Divided Into Marital and Bypass Funds--Bypass Fund Passes to Bypass Trust for Sole Benefit Of...

17A West's Legal Forms § 18.17, One-Grantor Rmta for Married Person With Children--After Death of Grantor, Trust Estate Divided Into Marital and Bypass Funds--Bypass Fund Passes to Bypass Trust for Sole Benefit Of...

17A West's Legal Forms § 18.22, One-Grantor Rmta for Married Person With Children--After Death of Grantor, Trust Estate Divided Into Marital and Bypass Funds--Bypass Fund Passes to Bypass Trust for Sole Benefit Of...

17A West's Legal Forms § 18.27, One-Grantor Rmta for Married Person With Children--After Death of Grantor, Trust Estate Divided Into Marital and Bypass Funds--Bypass Fund Passes to Bypass Trust for Sole Benefit Of...

17A West's Legal Forms § 19.13, Two-Grantor Rmta for Married Person With Children--After Death of First Grantor to Die, Trust Estate Divided Into Spouse's, Marital, and Bypass Funds--Spouse's, Marital, and Bypass.

17A West's Legal Forms § 19.18, Two-Grantor Rmta for Married Person With Children--After Death of First Grantor to Die, Trust Estate Divided Into Spouse's, Marital, and Bypass Funds--Spouse's, Marital, and Bypass.

17A West's Legal Forms § 19.23, Two-Grantor Rmta for Married Person With Children--After Death of First Grantor to Die, Trust Estate Divided Into Spouse's, Marital, and Bypass Funds--Spouse's, Marital, and Bypass.

American Jurisprudence Legal Forms 2d § 124:59, Right to Operate Municipal Garbage Collection and Disposal Service--Specific Condition--Indemnification of City.

Am. Jur. Pl. & Pr. Forms Indemnity § 64, Complaint in Federal Court--Right of Private Party to Contribution

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

and Indemnity for Costs Incurred in Clean-Up of Toxic Spill.

Am. Jur. Pl. & Pr. Forms Pollution Control § 126, Introductory Comments.

Am. Jur. Pl. & Pr. Forms Pollution Control § 127, Checklist--Plaintiff's Considerations in CERCLA Cost Recovery Action.

Am. Jur. Pl. & Pr. Forms Pollution Control § 129, Complaint in Federal Court--By Private Party--For Reimbursement of Cost of Removing Hazardous Substances and Related Damages Under CERCLA--Hazardous Substances Released Into Pond By...

Am. Jur. Pl. & Pr. Forms Pollution Control § 130, Complaint in Federal Court--By Private Party--Against Site Owner-Operator and Generators--For Recovery of Costs of Response Under CERCLA--Waste Recycling.

Am. Jur. Pl. & Pr. Forms Pollution Control § 131, Complaint in Federal Court--By Private Party--Against Former Site Owners--For Declaratory Relief and Recovery of Past and Future Response Costs and Damages--Pesticide Pollution...

Am. Jur. Pl. & Pr. Forms Pollution Control § 132, Complaint in Federal Court--By Private Party--For Cost Recovery and Contribution Under CERCLA and State Statutes.

Am. Jur. Pl. & Pr. Forms Pollution Control § 133, Complaint in Federal Court--By Private Party--Against Several Contaminators Under Umbrella Corporate Control, Including Previous Site Occupant--Sale and Leaseback of Contaminated Site&mdas...

Am. Jur. Pl. & Pr. Forms Pollution Control § 137, Answer--Affirmative Defense that Release was Caused by Third Party.

Am. Jur. Pl. & Pr. Forms Pollution Control § 138, Answer--Affirmative Defense that Defendant is Innocent Landowner.

Treatises and Practice Aids

Bankruptcy Service Lawyers Edition § 21:198, Stock Transfers.

Bankruptcy Service Lawyers Edition § 23:767, Preservation of Estate.

Bankruptcy Service Lawyers Edition § 42:423, Intervention of Right.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Bankruptcy Service Lawyers Edition § 42:435, Other Particular Applications.

Bankruptcy Service Lawyers Edition § 59:132, Miscellaneous.

Federal Procedure, Lawyers Edition § 26:619, The Government as Party.

Federal Procedure, Lawyers Edition § 32:962, Civil Injunctive Relief.

Federal Procedure, Lawyers Edition § 59:136, Federal Government.

Federal Procedure, Lawyers Edition § 77:147, Determination of Right to Jury Trial; Motion to Strike Demand.

Federal Procedure, Lawyers Edition § 32:1074, Who May Apply.

Federal Procedure, Lawyers Edition § 32:1269, Remedies.

Federal Procedure, Lawyers Edition § 32:1294, Superfund Law, Generally.

Federal Procedure, Lawyers Edition § 32:1297, Existence of Facility.

Federal Procedure, Lawyers Edition § 32:1302, Substitute Federal Statute of Limitations for Hazardous Substance Cases.

Federal Procedure, Lawyers Edition § 32:1323, Notice of Lien on Property.

Federal Procedure, Lawyers Edition § 32:1337, Filing of Pleadings.

Federal Procedure, Lawyers Edition § 32:1350, Intervention.

Federal Procedure, Lawyers Edition § 32:1353, Recovery of Punitive Damages.

Federal Procedure, Lawyers Edition § 32:1355, Recovery of Government Response Costs.

Federal Procedure, Lawyers Edition § 32:1358, Cooperative Agreement With State.

Federal Procedure, Lawyers Edition § 32:1360, State Authority to Enforce Superfund Standards.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Federal Procedure, Lawyers Edition § 32:1373, Covenant Not to Sue.

Federal Procedure, Lawyers Edition § 32:1385, Action in Rem.

Federal Procedure, Lawyers Edition § 32:1386, Maritime Lien.

Federal Procedure, Lawyers Edition § 32:1390, Exceptions to Bar.

Federal Procedure, Lawyers Edition § 32:1413, Review of Application.

Federal Procedure, Lawyers Edition § 32:1416, Withdrawal of Preauthorization.

Federal Procedure, Lawyers Edition § 32:1462, Filing Suit to Obtain Reimbursement--Burden of Proof.

Federal Procedure, Lawyers Edition § 32:1463, Scope of Review.

Federal Procedure, Lawyers Edition § 32:1471, Liability for Response Costs Incurred by Others.

Federal Procedure, Lawyers Edition § 32:1472, Liability for Response Costs Incurred by Others--Federal Facilities.

Federal Procedure, Lawyers Edition § 32:1473, Jurisdiction.

Federal Procedure, Lawyers Edition § 32:1476, Commencement of Action.

Federal Procedure, Lawyers Edition § 32:1479, Parties--Standing.

Federal Procedure, Lawyers Edition § 32:1482, No Preauthorization Required.

Federal Procedure, Lawyers Edition § 32:1483, No Presentment Required.

Federal Procedure, Lawyers Edition § 32:1484, Pleadings.

Federal Procedure, Lawyers Edition § 32:1485, Affirmative Defenses.

Federal Procedure, Lawyers Edition § 32:1486, No Right to Jury Trial.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Federal Procedure, Lawyers Edition § 32:1488, Burden of Proof.

Federal Procedure, Lawyers Edition § 32:1489, Relief Available.

Federal Procedure, Lawyers Edition § 32:1492, Award of Attorney's Fees.

Federal Procedure, Lawyers Edition § 32:1493, General Principles of Apportionment of Fault.

Federal Procedure, Lawyers Edition § 32:1495, Federal Common Law.

Federal Procedure, Lawyers Edition § 32:1496, State Law.

Federal Procedure, Lawyers Edition § 32:1501, Contribution Claim by Impleader in Civil Suit.

Federal Procedure, Lawyers Edition § 32:1502, Direct Action for Contribution.

Federal Procedure, Lawyers Edition § 32:1503, Actions on Indemnity Agreements.

Federal Procedure, Lawyers Edition § 32:1504, Direct Action Against Guarantor of Vessel or Facility.

Federal Procedure, Lawyers Edition § 32:1506, Limited Immunity.

Federal Procedure, Lawyers Edition § 32:1508, Contribution Action, Not Independent Cost-Recovery Suit.

Federal Procedure, Lawyers Edition § 32:1526, Responsible Parties; Liability to United States or Affected State or Indian Tribe.

Federal Procedure, Lawyers Edition § 32:1527, Designation of Trustees Authorized to Assess Damages.

Federal Procedure, Lawyers Edition § 32:1530, Rebuttable Presumption from Assessment of Damages.

Federal Procedure, Lawyers Edition § 32:1531, Relief Available in Suit.

West's Federal Administrative Practice § 5267, The Comprehensive Environmental Response, Compensation, and Liability Act.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

West's Federal Administrative Practice § 5277, Public and Private Actions.

Wright & Miller: Federal Prac. & Proc. § 2605, Reference to Masters--Nonjury Cases.

Wright & Miller: Federal Prac. & Proc. § 3656, Statutory Exceptions to Sovereign Immunity--In General.

Wright & Miller: Federal Prac. & Proc. § 4518, Determining the Content of Federal Common Law--In General.

NOTES OF DECISIONS

I. GENERALLY 1-130
II. COVERED PERSONS GENERALLY 131-180
III. OWNERS AND OPERATORS 181-240
IV. ARRANGERS 241-290
V. COSTS 291-360
VI. DEFENSES 361-440

I. GENERALLY

<Subdivision Index>

Generally 2
Actual contamination, causation 54
Actual release, causation 55
Admissions 100
Allocation or transfer of liability 58-62
    Allocation or transfer of liability - Generally 58
    Allocation or transfer of liability - Contribution 58a
    Allocation or transfer of liability - Conveyances 59
    Allocation or transfer of liability - Hold harmless agreements 60
    Allocation or transfer of liability - Indemnification 61
    Allocation or transfer of liability - Releases from liability 62
Amount, hazardous substances 41
Apportionment, joint and several liability 65
Approval or authorization, private party actions 34
Arranger, summary judgment 85
Arrangers, joint and several liability 66
Bankruptcy Code, construction with other laws 7
Bifurcation 84
Burden of proof 99
Causation 51-55, 86
    Causation - Generally 51
    Causation - Actual contamination 54
    Causation - Actual release 55

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

    Causation - Proximate cause 53

    Causation - Response 52

    Causation - Summary judgment 86

Chem-Dyne approach, joint and several liability 64

Choice of disposal site 47

Common law 12

Concentration or threshold levels, hazardous substances 41

Consent decrees 104

Constitutionality 1

Construction 5

Construction with Federal Rules of Civil Procedure 8

Construction with other laws 6, 7

    Construction with other laws - Generally 6

    Construction with other laws - Bankruptcy Code 7

Continuity of enterprise, successor liability 74

Contractors, persons entitled to maintain action 28

Contribution, allocation or transfer of liability 58a

Conveyances, allocation or transfer of liability 59

Corporations generally, successor liability 73

Costs, summary judgment 87

Counterclaims 83

Damages, natural resources 18

Declaratory judgment 102

Disposal 46

Disposal, summary judgment 88

Divisibility, joint and several liability 67

Elements of cause of action 36

Environmental impact statement, natural resources 19

Evidence preservation 106

Facilities 14

Federal liens 22

Federally permitted release 44

Gross negligence, local governments 50b

Hazardous substances 39-42

    Hazardous substances - Generally 39

    Hazardous substances - Concentration or threshold levels 41

    Hazardous substances - Mixtures 42

    Hazardous substances - Pollutants or contaminants distinguished 40

Hold harmless agreements, allocation or transfer of liability 60

Indemnification, allocation or transfer of liability 61

Injunctions 103

Innocent owners, persons entitled to maintain action 29

Intent 56

Intervention 81

Joint and several liability 63-71, 90

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Joint and several liability - Generally 63
Joint and several liability - Apportionment 65
Joint and several liability - Arrangers 66
Joint and several liability - Chem-Dyne approach 64
Joint and several liability - Divisibility 67
Joint and several liability - Particular cases 71
Joint and several liability - Partnerships 68
Joint and several liability - Potentially responsible parties 69
Joint and several liability - Summary judgment 90
Joint and several liability - Third-party defendants 70
Jurisdiction 77, 78
     Jurisdiction - Generally 77
     Jurisdiction - Pendent jurisdiction 78
Jury trial 97
Law governing 10
Lessees, persons entitled to maintain action 30
Liability insurer, persons entitled to maintain action 31
Liability, summary judgment 89
Limitations on liability amounts 15
Local governments 50a, 50b
     Local governments - Gross negligence 50b
Miscellaneous cases, summary judgment 95
Mixtures, hazardous substances 42
National Contingency Plan 23, 24
     National Contingency Plan - Generally 23
     National Contingency Plan - Versions of national contingency plan 24
National priorities list 25
Natural resources 17-20
     Natural resources - Generally 17
     Natural resources - Damages 18
     Natural resources - Environmental impact statement 19
     Natural resources - Persons entitled to maintain action 20
Notification 16
Operators, summary judgment 91
Particular cases, joint and several liability 71
Particular cases release not found 45a
Particular successors, successor liability 75
Parties 80
Partnerships, joint and several liability 68
Pendent jurisdiction 78
Personal injury actions, private party actions 35
Persons entitled to maintain action 20, 26-32
     Persons entitled to maintain action - Generally 26
     Persons entitled to maintain action - Contractors 28
     Persons entitled to maintain action - Innocent owners 29

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Persons entitled to maintain action - Lessees 30
Persons entitled to maintain action - Liability insurer 31
Persons entitled to maintain action - Natural resources 20
Persons entitled to maintain action - Potentially responsible parties 27
Persons entitled to maintain action - States 32
Pesticide products 21
Pleadings 82
Pollutants or contaminants distinguished, hazardous substances 40
Potentially responsible parties, joint and several liability 69
Potentially responsible parties, persons entitled to maintain action 27
Preservation of evidence 107
Preservation of evidence - Sanctions 107
Presumptions 98
Prima facie case 37, 38
Prima facie case - Generally 37
Prima facie case - Private party actions 38
Private party actions 33-35, 38
Private party actions - Generally 33
Private party actions - Approval or authorization 34
Private party actions - Personal injury actions 35
Private party actions - Prima facie case 38
Property within section 13
Proximate cause, causation 53
Punitive treble damages 57
Purpose 3
Release 43-45a, 62
Release - Generally 43
Release - Allocation or transfer of liability 62
Release - Federally permitted release 44
Release - Particular cases release not found 45a
Release - Threat of release 45
Remedial nature of section 4
Rendering care, assistance or advice 49
Response 48
Response, causation 52
Response, summary judgment 92
Retroactive effect 9
Review 105
Sanctions, preservation of evidence 107
Settlements and consent decrees 104
State regulation or control 11
States, persons entitled to maintain action 32
Stay of proceedings 96
Strict liability 50
Subrogation 76

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Successor liability 72-75
    Successor liability - Generally 72
    Successor liability - Continuity of enterprise 74
    Successor liability - Corporations generally 73
    Successor liability - Particular successors 75
Summary judgment 85-95
    Summary judgment - Arranger 85
    Summary judgment - Causation 86
    Summary judgment - Costs 87
    Summary judgment - Disposal 88
    Summary judgment - Joint and several liability 90
    Summary judgment - Liability 89
    Summary judgment - Miscellaneous cases 95
    Summary judgment - Operators 91
    Summary judgment - Response 92
    Summary judgment - Transporter 93
    Summary judgment - Useful product 94
Tenants, persons entitled to maintain action 30
Third-party defendants, joint and several liability 70
Threat of release 45
Time of filing action 79
Transporter, summary judgment 93
Useful product, summary judgment 94
Versions of national contingency plan 24
Weight and sufficiency of evidence 101

1. Constitutionality

To the extent CERCLA's unilateral administrative order (UAO) regime implicated protected property interests by imposing compliance costs and threatening fines and punitive damages, it satisfied due process, since UAO recipients could obtain a pre-deprivation hearing by refusing to comply and forcing the Environmental Protection Agency (EPA) to sue in federal court, and fines and treble damages could only be imposed if a court found that the UAO was proper, that the UAO recipient willfully failed to comply without sufficient cause, and that fines and treble damages were appropriate. General Elec. Co. v. Jackson, C.A.D.C.2010, 610 F.3d 110, 391 U.S.App.D.C. 299, rehearing en banc denied , certiorari denied 2011 WL 2175219. Constitutional Law ⚷ 4327; Environmental Law ⚷ 406(1)

Comprehensive Environmental Response, Compensation, and Liability Act statutes which authorize district court to award fines against person who willfully violates or refuses to comply with order of President under subsection authorizing Environmental Protection Agency to order clean up of toxic waste spill and which authorize treble damages, but which allow defense that failure to pay was in good faith and defense that spill was attributable to act of God, did not take agricultural chemical company's property in violation of due process clause. Wagner Seed Co. v. Daggett, C.A.2 (N.Y.) 1986, 800 F.2d 310. Constitutional Law ⚷ 4076; Environmental Law ⚷ 406(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC   Document 4477-40   Filed 11/03/11   Page 64 of 351

Statutory scheme for issuing unilateral administrative order (UAO) under CERCLA did not violate aircraft company's due process rights under *Ex Parte Young* to challenge UAO issued by EPA, which identified company as potentially responsible person (PRP) and directed company to excavate and dispose of trichloroethylene(TCE)-contaminated soils on land at county airport where Army Corps of Engineers allegedly operated TCE-vapor degreasor; penalties for failure to comply with UAO were subject to judicial discretion and were disallowed where PRP had sufficient cause not to comply with the order. Raytheon Aircraft Co. v. U.S., D.Kan.2007, 501 F.Supp.2d 1323. Constitutional Law ⟜ 4327; Environmental Law ⟜ 406(1)

CERCLA amendment barring federal courts from exercising jurisdiction over certain challenges to ongoing removal or remedial response actions precluded consideration of claim that conduct of Army Corps of Engineers (ACE) in attempting to abate methane gas migration from landfill violated Resource Conservation and Recovery Act, at least where Environmental Protection Agency (EPA) was not involved, which arguably might have permitted limited exercise of jurisdiction over actions characterized as remedial. Shea Homes Ltd. Partnership v. U.S., N.D.Cal.2005, 397 F.Supp.2d 1194. Environmental Law ⟜ 645

CERCLA regulated activities that substantially affected interstate commerce, and thus CERCLA did not violate commerce clause; CERCLA protected groundwater, an article of interstate commerce, from contamination caused by inactive hazardous waste sites, and CERCLA regulated activity that had affected significant harm to interstate industries such as agriculture and fishing. AlliedSignal, Inc. v. Amcast Intern. Corp., S.D.Ohio 2001, 177 F.Supp.2d 713. Commerce ⟜ 52.10; Environmental Law ⟜ 406(1)

CERCLA and its retroactivity do not violate the due process, ex post facto, or bill of attainder provisions of the Constitution. U.S. v. Rohm and Haas Co., D.N.J.1996, 939 F.Supp. 1142. Constitutional Law ⟜ 1100(1); Constitutional Law ⟜ 2800; Constitutional Law ⟜ 4327; Environmental Law ⟜ 406(1); Environmental Law ⟜ 408

Imposition of liability under Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) did not constitute unconstitutional taking, in light of mechanism provided by which parties held liable for response costs may allocate those costs among themselves through contribution suits. U.S. v. Shell Oil Co., C.D.Cal.1993, 841 F.Supp. 962, affirmed 281 F.3d 812, withdrawn and superseded on denial of rehearing 294 F.3d 1045, certiorari denied 123 S.Ct. 850, 537 U.S. 1147, 154 L.Ed.2d 849. Eminent Domain ⟜ 2.27(1)

CERCLA's imposition of joint and several liability for clean-up cost recovery does not raise constitutional equal protection issue. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1992, 812 F.Supp. 1528. Constitutional Law ⟜ 3721; Environmental Law ⟜ 406(1)

CERCLA is not unconstitutional ex post facto law. U.S. v. Amtreco, Inc., M.D.Ga.1992, 809 F.Supp. 959, motion to amend denied 858 F.Supp. 1189. Constitutional Law ⟜ 2800; Environmental Law ⟜ 408

CERCLA is not void for vagueness. U.S. v. Alcan Aluminum Corp., N.D.N.Y.1991, 755 F.Supp. 531, remanded 990 F.2d 711, on remand, opinion after remand from court of appeals 97 F.Supp.2d 248. Environmental Law

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

🔑 406(1)

CERCLA response cost recovery provision's unlimited degree of retroactivity does not violate due process. Continental Title Co. v. Peoples Gas Light and Coke Co., N.D.Ill.1997, 959 F.Supp. 893. Constitutional Law 🔑 4327; Environmental Law 🔑 408

In light of strong presumption of constitutionality that attaches to economic legislation and heavy burden on one complaining of due process [U.S.C.A. Const.Amends. 5, 14] violation to establish that legislature has acted in an arbitrary and irrational way, retroactive features of Solid Waste Disposal Act [Solid Waste Disposal Act, § 7703, as amended, 42 U.S.C.A. § 6973] and Comprehensive Environmental Response, Compensation, and Liability Act [Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 101 et seq., 42 U.S.C.A. § 9601 et seq.] statutory schemes, judged by the rational-purpose test, readily pass constitutional muster as against facial challenge to their validity. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law 🔑 408; Environmental Law 🔑 348

Section 9604 of this title authorizing Environmental Protection Agency to make immediate response to environmental emergencies but requiring the agency to bring subsequent action in federal court pursuant to this section to recover costs of remedial action from responsible persons did not violate due process rights of current and former owners and operators of industrial waste storage facility against whom the agency decided to undertake response action. J.V. Peters & Co., Inc. v. Ruckelshaus, N.D.Ohio 1984, 584 F.Supp. 1005, affirmed 767 F.2d 263. Constitutional Law 🔑 4326; Environmental Law 🔑 406(1)

## 2. Generally

Once an entity is identified as a potentially responsible party (PRP) under CERCLA, it may be compelled to clean up a contaminated area or reimburse the government for its past and future response costs. Burlington Northern and Santa Fe Ry. Co. v. U.S., U.S.2009, 129 S.Ct. 1870, 173 L.Ed.2d 812. Environmental Law 🔑 445(1)

Elements necessary for Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) cost recovery action are that site at issue must be facility, that defendant must be responsible person under CERCLA, that a release or threatened release of hazardous substance must have occurred, and that release or threatened release must have caused plaintiff to incur response costs. Licciardi v. Murphy Oil U.S.A., Inc., C.A.5 (La.) 1997, 111 F.3d 396. Environmental Law 🔑 438

United States' dual role as both enforcer of CERCLA and potentially responsible person (PRP) in unilateral administrative order (UAO) issued by Environmental Protection Agency (EPA) under CERCLA, which order identified aircraft company as potentially responsible person (PRP) and directed company to excavate and dispose of trichloroethylene(TCE)-contaminated soils on land at county airport where Army Corps of Engineers allegedly operated TCE-vapor degreasor, did not violate company's due process rights as applied; United States' status as PRP did not affect company's entitlement to sufficient cause defense under CERCLA, did not affect application of CERCLA penalty provisions against company, and did not affect company's opportunity to challenge validity

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

of UAO in judicial forum. Raytheon Aircraft Co. v. U.S., D.Kan.2007, 501 F.Supp.2d 1323. Constitutional Law ⚷ 4327; Environmental Law ⚷ 439; Environmental Law ⚷ 445(1)

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) requires all parties who at any time caused environmental hazard to exist, either by affirmative act or failure to take action, to be responsible for response costs. State of N.Y. v. SCA Services, Inc., S.D.N.Y.1992, 785 F.Supp. 1154. Environmental Law ⚷ 445(1)

3. Purpose

CERCLA's broad, remedial purpose is to facilitate prompt cleanup of hazardous waste sites and to shift cost of environmental response from taxpayers to parties who benefitted from wastes that caused harm. OHM Remediation Services v. Evans Cooperage Co., Inc., C.A.5 (La.) 1997, 116 F.3d 1574. Environmental Law ⚷ 437

Goals of CERCLA include discovery and removal of hazardous substances. HRW Systems, Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Environmental Law ⚷ 437

4. Remedial nature of section

CERCLA is remedial in nature, and court should not interpret response cost provisions in any way that apparently frustrates legislation's goals, in absence of specific congressional intent otherwise. U.S. v. Distler, W.D.Ky.1990, 741 F.Supp. 637, on reconsideration 865 F.Supp. 398. Environmental Law ⚷ 446

5. Construction

Four exceptions to liability as potentially responsible person (PRP) under CERCLA are narrowly interpreted. Otay Land Co. v. U.E. Ltd., L.P., S.D.Cal.2006, 440 F.Supp.2d 1152, vacated 338 Fed.Appx. 689, 2009 WL 2179739. Environmental Law ⚷ 445(1)

CERCLA's primary purpose is remedial one of cleaning up hazardous waste sites and, thus, CERCLA must be construed liberally to effectuate its two primary goals: enabling Environmental Protection Agency (EPA) to respond efficiently and promptly to toxic spills, and holding parties responsible for releases liable for costs of cleanup. U.S. v. Witco Corp., E.D.Pa.1994, 865 F.Supp. 245. Environmental Law ⚷ 437; Environmental Law ⚷ 407

Under CERCLA, liability is construed broadly. Penn Cent. Corp. v. U.S., Sp.Ct.R.R.R.A.1994, 862 F.Supp. 437. Environmental Law ⚷ 445(1)

District court construes liability provisions of Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) liberally, with view toward facilitating statute's broad remedial goals. U.S. v. Shell Oil Co., C.D.Cal.1993, 841 F.Supp. 962, affirmed 281 F.3d 812, withdrawn and superseded on denial of rehearing 294 F.3d 1045, certiorari denied 123 S.Ct. 850, 537 U.S. 1147, 154 L.Ed.2d 849. Environmental Law

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

☞ 407

Term "arranged" under CERCLA statute rendering person liable for response costs if person "arranged for disposal" of hazardous substances is entitled to liberal interpretation to promote overwhelmingly remedial statutory scheme. U.S. v. Arrowhead Refining Co., D.Minn.1992, 829 F.Supp. 1078. Environmental Law ☞ 445(1)

Three affirmative defenses to CERCLA liability are construed narrowly to further statute's broad remedial purposes. Lincoln Properties, Ltd. v. Higgins, E.D.Cal.1992, 823 F.Supp. 1528. Environmental Law ☞ 445(1)

6. Construction with other laws--Generally

CERCLA cost-recovery and contribution claims could not be asserted directly against liability insurers of former operator of hazardous waste facility pursuant to direct action provision of Resource Conservation Recovery Act (RCRA); plain language of RCRA's direct action provision applied only to claims concerning present and future threats to human health and the environment, plaintiffs were seeking to circumvent CERCLA's more specific direct action provision, and national policy underlying RCRA indicated that Congress intended to limit RCRA provision to claims concerning present and future threats to human health and the environment. South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., C.A.4 (S.C.) 2004, 372 F.3d 245. Environmental Law ☞ 445(1); Environmental Law ☞ 461; Insurance ☞ 3542

Claims procedures embodied in section of Comprehensive Environmental Response, Compensation and Liability Act which pertained to claims presented against superfund, and which contained 60-day notice provision, did not apply to private actions for recovery of response costs, in view of fact that one purpose of Act was to facilitate prompt cleanup of hazardous waste sites by placing ultimate financial responsibility on those responsible for hazardous wastes, and given recent congressional pronouncements regarding Act. Walls v. Waste Resource Corp., C.A.6 (Tenn.) 1987, 823 F.2d 977.

Suits in Admiralty Act did not defeat Comprehensive Environmental Response Compensation and Liability Act (CERCLA) claims brought by landowner against potentially responsible party (PRP), seeking contribution and recovery of costs related to environmental cleanup of harbor, since evidence did not establish that PRP's vessels were operated under control of United States and conducting business of United States during relevant time period. Arkema Inc. v. Anderson Roofing Co., Inc., D.Or.2010, 719 F.Supp.2d 1318. United States ☞ 78(7)

Rail corporation was not immune from CERCLA liability for contamination arising during period of rail corporation's operation of commuter services on behalf of state transportation authority, absent any immunity protection in Regional Rail Reorganization Act of 1973, and in light of CERCLA's express broad applicability notwithstanding other rules of law. Consolidated Rail Corp. v. U.S., Sp.Ct.R.R.R.A.1995, 883 F.Supp. 1565. Environmental Law ☞ 445(1)

Railroads that succeeded to ownership of environmentally contaminated rail yards, could not avoid liability under the CERCLA, even though the rail yards were transferred to preceding owner under the "fresh start policy" of the Regional Rail Reorganization Act of 1973, which also provided that conveyance shall be made "free and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

clear of any liens and encumbrances," as this provision merely served to verify the conveyance of marketable title vis-a-vis the properties, congressional intent to lessen current fiscal burdens impeding continuing railroad operations did not involve eliminating liability for environmental burdens, particularly those in the massive statutory enactment of CERCLA, and where Rail Act was amended by same Congress that passed CERCLA, which could have eliminated CERCLA environmental liability had it wished. Penn Cent. Corp. v. U.S., Sp.Ct.R.R.R.A.1994, 862 F.Supp. 437. Environmental Law ⟲ 445(1); Railroads ⟲ 30

Determination by Environmental Protection Agency (EPA) that solder dross was not sufficiently dangerous to justify imposing most stringent regulations under Solid Waste Disposal Act (SWDA) to govern day to day handling of dross did not imply that harm caused by solder dross' improper disposal would be insufficient to justify regulation under CERCLA. State of Cal. on Behalf of State Dept. of Toxic Substances v. Summer Del Caribe, Inc., N.D.Cal.1993, 821 F.Supp. 574, 125 A.L.R. Fed. 729. Environmental Law ⟲ 440

In civil action brought by government pursuant to Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), it was not relevant whether facility that released hazardous substances was properly placed on National Priorities List; provisions of CERCLA which conditionally authorize expenditure of superfund money for site cleanups are not conditions to section of CERCLA which provides for recovery of expended funds from parties responsible for pollution. U.S. v. Allied-Signal, Inc., S.D.Ind.1991, 820 F.Supp. 1118. Environmental Law ⟲ 446

Under CERCLA's scheme, one section governs liability, while another provision creates mechanism for apportioning that liability among responsible parties. U.S. v. ASARCO, Inc., D.Colo.1993, 814 F.Supp. 951. Environmental Law ⟲ 437

"Discretionary function" exception to Government's waiver of sovereign immunity under Federal Tort Claims Act (FTCA) was applicable, in action brought by Government to recover under CERCLA for costs incurred during cleanup of hazardous wastes, to counterclaims by owner and operator of site for conversion and property damage incurred during cleanup operation. U.S. v. Amtreco, Inc., M.D.Ga.1992, 790 F.Supp. 1576, reconsideration granted. United States ⟲ 130(7)

Resource Conservation and Recovery Act and its regulations did not preclude owner/operator of hazardous waste site from recovering Comprehensive Environmental Response, Compensation, and Liability Act response costs from generators of hazardous waste. Chemical Waste Management, Inc. v. Armstrong World Industries, Inc., E.D.Pa.1987, 669 F.Supp. 1285. Environmental Law ⟲ 445(1); Environmental Law ⟲ 444

Statute governing claim for payment out of superfund did not bar water company's action to recover cost of responding to contaminated ground water against owner of site which had previously been used as solid waste disposal facility. Artesian Water Co. v. Government of New Castle County, D.Del.1987, 659 F.Supp. 1269, affirmed 851 F.2d 643, rehearing denied. Environmental Law ⟲ 445(1)

Compliance with statute [Comprehensive Environmental Response, Compensation, and Liability Act of 1980, §

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

104, 42 U.S.C.A. § 9604] allowing United States to bring action to recover response costs incurred in cleaning up hazardous waste site is a prerequisite to response cost recovery. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law ⚖ 443

The Comprehensive Environmental Response, Compensation and Liability Act was intended to operate independently of and in addition to the Resource Conservation and Recovery Act. Mardan Corp. v. C.G.C. Music, Ltd., D.C.Ariz.1984, 600 F.Supp. 1049, affirmed 804 F.2d 1454.

Liability for response costs under this section is independent of authorized uses of response fund under § 9611 of this title and of cooperative agreement called for by § 9604(c)(3) of this title which prohibits President from taking "remedial" actions unless cooperative agreement between President and affected state has been entered into. U. S. v. Reilly Tar & Chemical Corp., D.C.Minn.1982, 546 F.Supp. 1100. Environmental Law ⚖ 446; Environmental Law ⚖ 439

7. ---- Bankruptcy Code, construction with other laws

Claims under CERCLA asserted by purchaser of company that bought former Chapter 11 debtor's contaminated property were not discharged in debtor's bankruptcy when acquired company did not have sufficient information to tie debtor to contamination before debtor's plan was confirmed, notwithstanding debtor's contention that acquired company had constructive knowledge of contamination prior to confirmation, given knowledge of its employees, many of whom had worked for debtor, that hazardous chemical spills had occurred and notation in employee's file that he had caused spill, inasmuch as there was no visible sign of contamination, testing, or publicity regarding spills, even debtor did not recognize existence of CERCLA liability before purchaser raised issue, and notation in employee file merely mentioned large product loss and thus would not have alerted acquired company to problem. AM Intern., Inc. v. Datacard Corp., C.A.7 (Ill.) 1997, 106 F.3d 1342. Bankruptcy ⚖ 3345

Contingent CERCLA claim predicated on otherwise valid declaratory judgment entered as to liability for response costs is subject to estimation pursuant to the Bankruptcy Code. In re Hemingway Transport, Inc., C.A.1 (Mass.) 1993, 993 F.2d 915, certiorari denied 114 S.Ct. 303, 510 U.S. 914, 126 L.Ed.2d 251, on remand 174 B.R. 148. Bankruptcy ⚖ 2829

Potential CERCLA claimant has, at the least, a "contingent claim" under CERCLA, for purpose of determining whether claims were postconsummation claims against debtor railroad not discharged under the Bankruptcy Act, when claimant can tie debtor to known release of hazardous substance which potential claimant knows will lead to CERCLA response costs and claimant has in fact conducted tests with regard to contamination problem. Matter of Chicago, Milwaukee, St. Paul & Pacific R. Co., C.A.7 (Ill.) 1992, 974 F.2d 775. Bankruptcy ⚖ 3343.4

Response costs incurred by United States Environmental Protection Agency (EPA) under CERCLA were prepetition "claims," dischargeable in bankruptcy, regardless of when such costs were incurred, that EPA did not yet know full extent of costs that it might one day incur and seek to impose upon debtor, or that EPA did not yet even know location of all sites at which hazardous wastes might be found, so long as such costs concerned re-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

lease or threatened release of hazardous waste that occurred before debtor filed his In re Chateaugay Corp., C.A.2 (N.Y.) 1991, 944 F.2d 997. Bankruptcy ☞ 3345

Governmental actions under the CERCLA to recover costs expended in response to completed environmental violations are not stayed by the violator's filing for bankruptcy. City of New York v. Exxon Corp., C.A.2 (N.Y.) 1991, 932 F.2d 1020. Bankruptcy ☞ 2402(3)

Liability of former debtor-railroad's successor-in-interest for CERCLA response costs was discharged upon consummation of debtor's bankruptcy under Bankruptcy Act of 1898 if United States possessed actual or constructive knowledge of its claim prior to bankruptcy discharge order and yet sat on its rights. Matter of Reading Co., E.D.Pa.1995, 900 F.Supp. 738, affirmed 115 F.3d 1111. Bankruptcy ☞ 3345

City's claim against Chapter 11 debtors, which arose from CERCLA claim for contribution, was claim for which both city and debtors were responsible, as required for claim to fall within scope of bankruptcy statute providing for disallowance of contingent contribution claims, notwithstanding city's contention that failure of state environmental agency to file timely proof of claim in debtors' cases vitiated requisite co-liability since agency was unable to seek payment from bankruptcy estate for future source control costs being sought by city, given that disallowance statute was premised on existence, rather than filing, of multiple claims. In re APCO Liquidating Trust, Bkrtcy.D.Del.2007, 370 B.R. 625. Bankruptcy ☞ 2830.5

"Exclusivity of remedy" clause in prepetition purchase-and-sales agreement for sale of industrial property of Chapter 11 debtor that was recognized to have significant environmental problems, when viewed as whole in context of provisions in agreement broadly and comprehensively outlining all potential environmental liability, both for problems discovered prior to and after closing, had to be interpreted as barring any non-contractual claim by buyer under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); accordingly, proof of claim filed by buyer for non-contractual CERCLA damages had to be disallowed, as barred by terms of prepetition purchase-and-sales agreement. In re Babcock & Wilcox Co., E.D.La.2010, 425 B.R. 266. Bankruptcy ☞ 2830.5

Order of confirmation of Chapter 11 plan discharged claims of prepetition purchaser of property from Chapter 11 debtor under CERCLA arising out of the deposit by debtor of hazardous materials on the property now owned by purchaser, or on neighboring property retained by debtor. In re Cottonwood Canyon Land Co., Bkrtcy.D.Colo.1992, 146 B.R. 992. Bankruptcy ☞ 3345

Resolution of declaratory judgment action by reorganized debtor seeking determination that debtor was discharged from debts arising out of any future action or cost recovery under the Comprehensive Environmental Response, Compensation and Liability Act required substantial and material consideration of CERCLA to determine when cause of action accrued, so as to determine whether bankruptcy confirmation discharged debtor from liability for CERCLA claim, in conjunction with consideration of Bankruptcy Code, and withdrawal of proceeding from bankruptcy court was therefore required. In re Combustion Equipment Associates, Inc., S.D.N.Y.1986, 67 B.R. 709. Bankruptcy ☞ 2103

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**8**. Construction with Federal Rules of Civil Procedure

Allowing defendant in suit to recover response costs under CERCLA to test or sample soil on property of non-party was consistent with plain language of Rules of Civil Procedure authorizing inspections of property owned by nonparties during discovery. Thomas v. FAG Bearings Corp., W.D.Mo.1994, 860 F.Supp. 663. Witnesses ☞ 8

CERCLA supersedes federal civil rule indicating that state law determines corporate capacity to be sued, and preempts state statutes on capacity of corporation to be sued. In re Tutu Wells Contamination Litigation, D.Virgin Islands 1993, 846 F.Supp. 1243. Corporations And Business Organizations ☞ 2522; Federal Courts ☞ 414

CERCLA supersedes Federal Rule of Civil Procedure which provides that capacity of corporation to be sued or to sue is determined under law in which corporation is organized, and thus CERCLA actions against dissolved corporations are permissible. Traverse Bay Area Intermediate School Dist. v. Hitco, Inc., W.D.Mich.1991, 762 F.Supp. 1298, 123 A.L.R. Fed. 763. Corporations And Business Organizations ☞ 3151

**9**. Retroactive effect

CERCLA cost allocation scheme may operate retroactively making potentially responsible party (PRP) responsible for actions taken before CERCLA was enacted and before PRP was aware that its actions might lead to environmental liability. Millipore Corp. v. Travelers Indem. Co., C.A.1 (Mass.) 1997, 115 F.3d 21. Environmental Law ☞ 408

CERCLA's response cost liability scheme applies retroactively to disposals occurring prior to CERCLA's enactment; by imposing liability upon former owners and operators, Congress manifested clear intent to reach conduct preceding CERCLA's enactment, and twin goals of cleaning up pollution preceding CERCLA's effective date and assigning responsibility to culpable parties can only be achieved through retroactive application of response cost liability provisions. U.S. v. Olin Corp., C.A.11 (Ala.) 1997, 107 F.3d 1506. Environmental Law ☞ 408

Comprehensive Environmental Response, Compensation, and Liability Act could be applied retroactively to preenactment costs incurred by government in cleaning up hazardous waste site. O'Neil v. Picillo, C.A.1 (R.I.) 1989, 883 F.2d 176, certiorari denied 110 S.Ct. 1115, 493 U.S. 1071, 107 L.Ed.2d 1022. Environmental Law ☞ 408

Even if the Comprehensive Environmental Response, Compensation, and Liability Act imposed liability for acts committed before its enactment, effect of such retroactivity was that a cause of action could arise after CERCLA's enactment, based upon preenactment conduct; thus, corporation's cause of action against dissolved corporation which previously owned property, to recoup response costs, arose after dissolution, and therefore could not be asserted. Levin Metals Corp. v. Parr-Richmond Terminal Co., C.A.9 (Cal.) 1987, 817 F.2d 1448. Corporations And Business Organizations ☞ 3084; Environmental Law ☞ 408

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Government was not entitled to contract costs from response action that were incurred before Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) became law. U.S. v. Gurley, E.D.Ark.2004, 317 F.Supp.2d 870, affirmed 434 F.3d 1064, rehearing and rehearing en banc denied. Environmental Law ⬤➞ 446

Version of innocent landowner defense as it existed at time underlying facts occurred, rather than as amended during litigation, applied to CERCLA action against corporate landowner for recovery of clean-up costs; application of amended version of defense would have retroactive effect due to additional substantive requirements imposed by amended version of defense, and there was a lack of clear congressional intent favoring such a result. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2003, 290 F.Supp.2d 198. Environmental Law ⬤➞ 408

Mining companies were liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for natural resource damages caused by release of hazardous substances from mine tailings, although dumping of tailings occurred prior to enactment of CERCLA; statute only excused liability if release and damages both occurred pre-enactment, and significant damages occurred post-enactment when government incurred expenses as it began studying injury caused by mining industry and how to clean it up. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. Environmental Law ⬤➞ 446

Retroactive application of CERCLA to responsible person whose alleged liability-creating conduct occurred prior to effective date of Act did not violate due process; person's alleged conduct created very harm that statute was designed to remedy, and imposition of liability did not interfere with its reasonable investment-based expectation. Combined Properties/Greenbriar Ltd. Partnership v. Morrow, E.D.Va.1999, 58 F.Supp.2d 675. Constitutional Law ⬤➞ 4327; Environmental Law ⬤➞ 408

CERCLA could be applied retroactively to impose liability upon parties for actions taken prior to enactment of CERCLA. In re Tutu Wells Contamination Litigation, D.Virgin Islands 1998, 994 F.Supp. 638. Environmental Law ⬤➞ 408

At least some of acts giving rise to CERCLA liability had apparently occurred at time of 1941 reorganization plan jointly filed by public utility company in gas business and its sister coke and chemical corporation, and those acts had therefore "accrued," at least in part, at time of plan, such that transfer of CERCLA liability under plan was not precluded by plan's "accrued or existing" limitation, despite claim that CERCLA liability did not "exist" at time of plan. North Shore Gas Co. v. Salomon, Inc., N.D.Ill.1997, 963 F.Supp. 694, affirmed in part , reversed in part 152 F.3d 642. Corporations And Business Organizations ⬤➞ 2787

CERCLA could be applied retroactively to impose liability upon parties for actions taken prior to adoption of CECLA. Gould Inc. v. A & M Battery & Tire Service, M.D.Pa.1996, 933 F.Supp. 431. Environmental Law ⬤➞ 408

CERCLA liability provisions are not retroactive, despite claims that retroactive application of Act would vindic-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ate its purpose more fully and that a lack of Congressional funding to pay for cleanups at all sites indicated Congressional intent for retroactivity; express and implied statutory language did not demonstrate clear legislative intent for retroactivity, legislative history was intentionally ambiguous due to political climate surrounding Act's enactment, real threat of punitive damages existed, and imposing liability would impair rights party possessed when he acted, increase party's liability for past conduct, or impose new duties with respect to transactions already completed. U.S. v. Olin Corp., S.D.Ala.1996, 927 F.Supp. 1502, reversed 107 F.3d 1506. Environmental Law ☞ 408

Environmental Protection Agency's (EPA) attempt to apply CERCLA liability against chemical manufacturer which ceased operations at site in 1982 exceeded Congress' commerce clause authority; CERCLA contains no jurisdictional element which ensures, through case-by-case inquiry, that it affects interstate commerce, and even assuming Act contained such provision, activity in question had virtually no effect on interstate commerce, as any contaminants still at site affected groundwater mostly by migrating through locally contained alluvial aquifer. U.S. v. Olin Corp., S.D.Ala.1996, 927 F.Supp. 1502, reversed 107 F.3d 1506. Commerce ☞ 52.10

Retroactive liability imposed under CERCLA extends to corporations that had undergone bankruptcy reorganizations prior to CERCLA's enactment. Matter of Reading Co., E.D.Pa.1995, 900 F.Supp. 738, affirmed 115 F.3d 1111. Environmental Law ☞ 408

Retroactive application of Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) does not violate due process; CERCLA's language and legislative history reveal Congress' conscious intent to compel correction of careless disposal of hazardous waste in the past by nation's industries. U.S. v. Shell Oil Co., C.D.Cal.1993, 841 F.Supp. 962, affirmed 281 F.3d 812, withdrawn and superseded on denial of rehearing 294 F.3d 1045, certiorari denied 123 S.Ct. 850, 537 U.S. 1147, 154 L.Ed.2d 849. Constitutional Law ☞ 4327; Environmental Law ☞ 408

Operator of manufacturing plant was not entitled to order precluding recovery of damages incurred before enactment of Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), where preenactment releases and injuries continued after enactment. U.S. v. Montrose Chemical Corp. of California, C.D.Cal.1993, 835 F.Supp. 534, reversed 104 F.3d 1507, 144 A.L.R. Fed. 669. Environmental Law ☞ 408

CERCLA liability can attach retroactively. HRW Systems, Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Environmental Law ☞ 408; Environmental Law ☞ 445(1)

CERCLA applies retroactively. Abbott Laboratories v. Thermo Chem, Inc., W.D.Mich.1991, 790 F.Supp. 135. Environmental Law ☞ 408

Retroactive application of CERCLA in a response cost recovery action does not violate due process despite contention that scheme under CERCLA is not rational or equitable in denying meaningful opportunity to challenge imposition of liability, imposing strict liability not only for a defendant's own prior acts but also for prior lawful acts of other parties, and abandoning requirement that liability bears some relation to harm defendant causes.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

U.S. v. Kramer, D.N.J.1991, 757 F.Supp. 397. Constitutional Law ☞ 4327; Environmental Law ☞ 408

Congress intended to impose liability retroactively under Comprehensive Environmental Response, Compensation, and Liability Act on responsible parties for preenactment response costs. City of Philadelphia v. Stepan Chemical Co., E.D.Pa.1990, 748 F.Supp. 283, 107 A.L.R. Fed. 539. Environmental Law ☞ 408

Chemical company's liability for present condition of a landfill containing hazardous waste resulting from past acts was not barred by the language of the Comprehensive Environmental Response, Compensation, and Liability Act or the United States Constitution where, although CERCLA contained no unequivocal statement that its liability provisions applied retroactively, its legislative history suggested that the statute was enacted as a means of compelling the waste disposal industry to correct its past mistakes and to provide solution for dangers posed by inactive, abandoned waste sites. U.S. v. Hooker Chemicals & Plastics Corp., W.D.N.Y.1988, 680 F.Supp. 546. Statutes ☞ 278.30; Environmental Law ☞ 408

CERCLA's response cost recovery provision applies retroactively. Continental Title Co. v. Peoples Gas Light and Coke Co., N.D.Ill.1997, 959 F.Supp. 893. Environmental Law ☞ 408

Retroactive application of the Comprehensive Environmental Response, Compensation, and Liability Act in civil action by United States pursuant to the Act to recover response costs incurred in cleaning up landfill did not impermissibly violate due process or impair right to contract. U.S. v. Dickerson, D.Md.1986, 640 F.Supp. 448. Constitutional Law ☞ 2745; Constitutional Law ☞ 4327; Environmental Law ☞ 408

Response costs incurred prior to effective date of Comprehensive Environmental Response, Compensation, and Liability Act are recoverable. Mayor and Bd. of Aldermen of Town of Boonton v. Drew Chemical Corp., D.C.N.J.1985, 621 F.Supp. 663. Environmental Law ☞ 408

Retroactive application of statute [Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 107(a), 42 U.S.C.A. § 9607(a)] allowing United States to recover response costs incurred in cleaning up hazardous waste site to prestatute conduct does not offend due process [U.S.C.A. Const.Amends. 5, 14]. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law ☞ 445(1)

Comprehensive Environmental Response, Compensation, and Liability Act of 1980, section 107(a) [42 U.S.C.A. § 9607(a)] providing for recovery of costs from parties responsible for release of hazardous substances provides for recovery of expenditures made by Government prior to effective date of statute. U.S. v. Ward, E.D.N.C.1985, 618 F.Supp. 884. Environmental Law ☞ 408

Retroactive application of Comprehensive Environmental Response, Compensation, and Liability Act to responsible parties for acts committed before enactment of the statute does not offend due process. U.S. v. Shell Oil Co., D.C.Colo.1985, 605 F.Supp. 1064. Constitutional Law ☞ 4327

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

This section could be applied retroactively to render transporters of hazardous waste to dump site liable for cleanup costs in light of clear and unequivocal statements and legislative history establishing congressional intent to override presumption against retroactive application of this section. State ex rel. Brown v. Georgeoff, N.D.Ohio 1983, 562 F.Supp. 1300. Environmental Law ⌘ 408

CERCLA imposes strict liability for "response" (cleanup) costs and may be applied retroactively. Northern States Power Co. v. Fidelity and Cas. Co. of New York, Minn.1994, 523 N.W.2d 657. Environmental Law ⌘ 445(1); Environmental Law ⌘ 408

10. Law governing

Given federal interest in uniformity and application of CERCLA, it is federal common law, not state law, which governs when corporate veil-piercing is justified under CERCLA for purpose of imposing "owner" liability. Lansford-Coaldale Joint Water Authority v. Tonolli Corp., C.A.3 (Pa.) 1993, 4 F.3d 1209. Federal Courts ⌘ 414

Court of Appeals would look to state law for guidance in interpreting separation agreement, under which company agreed to accept "all duties and liabilities" of another company related to gas business, with respect to CERCLA liabilities. John S. Boyd Co., Inc. v. Boston Gas Co., C.A.1 (Mass.) 1993, 992 F.2d 401. Federal Courts ⌘ 414

State law governed indemnification provisions between CERCLA responsible parties, because government's interests were unaffected by the allocation of liability between jointly and severally liable parties and thus uniform federal rule was unnecessary. U.S. v. Hardage, C.A.10 (Okla.) 1993, 985 F.2d 1427. Federal Courts ⌘ 412.1

Federal common law applies to question of successor liability under CERCLA. North Shore Gas Co. v. Salomon, Inc., N.D.Ill.1997, 963 F.Supp. 694, affirmed in part , reversed in part 152 F.3d 642. Federal Courts ⌘ 433

While it is clear that federal law governs validity of releases of federal causes of action, courts should look to state law to provide content of federal law. Teleflex Inc. v. Collins & Aikman Products Co., Inc., D.Conn.1996, 961 F.Supp. 368, affirmed 125 F.3d 845. Federal Courts ⌘ 412.1

Under Rhode Island law as predicted by the United States District Court for the District of Rhode Island, pollution exclusion clause, which precluded coverage for discharge of any pollutant that was expected or intended from standpoint of insured or from standpoint of person or organization for whose acts insured was liable, barred coverage for cleanup costs incurred by insured as result of its generation of hazardous waste and its private waste hauler's decision to dispose of waste at polluted site, even though insured contracted to have waste hauled to another site, since insured could be held liable for hauler's acts under strict liability scheme of Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). Providence Journal Co. v. Travelers Indem. Co., D.R.I.1996, 938 F.Supp. 1066. Insurance ⌘ 2278(17)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Effect of indemnification agreement on CERCLA liability is matter of contract interpretation and, thus, will be judged according to state law to extent that state law does not conflict with federal interests embodied in CER-CLA. Blackstone Valley Elec. Co. v. Stone & Webster, Inc., D.Mass.1994, 867 F.Supp. 73. Federal Courts ☞ 412.1

Determination of what is successor corporation so as to be subject to liability under CERCLA is governed by federal common law. Hunt's Generator Committee v. Babcock & Wilcox Co., E.D.Wis.1994, 863 F.Supp. 879. Federal Courts ☞ 414

Uniform federal veil piercing rule is appropriate in CERCLA context; there is a need for uniform enforcement of environmental legislation, application of state law could frustrate objectives of CERCLA, and application of federal law would not disrupt commercial relations predicated on state law. Atlantic Richfield Co. v. Blosenski, E.D.Pa.1994, 847 F.Supp. 1261. Federal Courts ☞ 414

In the Second Circuit, courts look to state contract law, rather than federal common law, to determine whether contracting parties intended to allocate responsibility for environmental cleanup. Folino v. Hampden Color and Chemical Co., D.Vt.1993, 832 F.Supp. 757. Federal Courts ☞ 412.1

Federal common law should be applied in area of successor liability under CERCLA. HRW Systems, Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Environmental Law ☞ 445(1)

Federal law "continuity of enterprise" test, rather than state law, would be utilized in determining whether to impose corporate successor liability under CERCLA respecting contamination at manufactured gas plant site formerly owned by corporate predecessor. HRW Systems, Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Federal Courts ☞ 433

Federal common law, rather than state law, governed party's capacity to be sued and liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., Inc., E.D.Va.1992, 814 F.Supp. 1266. Federal Courts ☞ 433

Federal common law is employed to interpret CERCLA with regard to whether parent corporation should be held liable as "owner" or "operator" for activities of subsidiary. Mobay Corp. v. Allied-Signal, Inc., D.N.J.1991, 761 F.Supp. 345. Federal Courts ☞ 433

Agreements among parties who are jointly and severally liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) allocating financial consequences of their liability are to be interpreted according to law of state in which they are made. Scott Galvanizing, Inc. v. Northwest EnviroServices, Inc., Wash.1993, 844 P.2d 428, 120 Wash.2d 573. Environmental Law ☞ 447

11. State regulation or control

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Provision of CERCLA indicating that it applies "[n]otwithstanding any other provision or rule of law" refers only to substantive liability, and does not express congressional intent to preempt state rules on how litigation proceeds, including a party's amenability to suit. Marsh v. Rosenbloom, C.A.2 (N.Y.) 2007, 499 F.3d 165. Environmental Law ⬤⬤ 411; States ⬤⬤ 18.31

Remedy which state sought to obtain through public nuisance and negligence causes of action, an unrestricted award of money damages for groundwater contamination, conflicted with, and thus was preempted by, Comprehensive Environmental Response, Compensation, and Liability Act's (CERCLA) comprehensive natural resources damages (NRD) scheme; for state to use an NRD recovery, which it would hold in trust, for some purpose other than to restore, replace, or acquire the equivalent of the injured groundwater would undercut Congress's policy objectives. New Mexico v. General Elec. Co., C.A.10 (N.M.) 2006, 467 F.3d 1223. States ⬤⬤ 18.91; Water Law ⬤⬤ 1126; Water Law ⬤⬤ 1141

Insurance coverage required by South Carolina law governing financial assurance requirements for hazardous waste facilities subject to Resource Conservation Recovery Act (RCRA) was limited to claims for present and future damage to public health and environment, and did not extend to claims for costs incurred in remediating past environmental harms, such as cost-recovery and contribution claims under CERCLA. South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., C.A.4 (S.C.) 2004, 372 F.3d 245. Environmental Law ⬤⬤ 435

Provision of local Comprehensive Municipal Environmental Response and Liability Ordinance (MERLO) purportedly granting city presumption of consistency with the National Contingency Plan (NCP) did not conflict with, and thus was not preempted by, CERCLA or California's Carpenter-Presley-Tanner Hazardous Substance Account Act (HSAA), which allegedly limited such presumption to federal and state governments and Indian tribes; cooperative agreement between city and state's Department of Toxic Substances Control (DTSC) declared that cleanup would be conducted in manner not inconsistent with NCP, and, because city was acting with state oversight, it was entitled to presumption afforded to state agencies. Fireman's Fund Ins. Co. v. City of Lodi, California, C.A.9 (Cal.) 2002, 302 F.3d 928, amended on denial of rehearing , certiorari denied 123 S.Ct. 1754, 538 U.S. 961, 155 L.Ed.2d 512, on remand 296 F.Supp.2d 1197. Environmental Law ⬤⬤ 411; Environmental Law ⬤⬤ 412; Municipal Corporations ⬤⬤ 53; Municipal Corporations ⬤⬤ 592(1)

Provision of local Comprehensive Municipal Environmental Response and Liability Ordinance (MERLO) permitting city to be compensated for damage to its natural resources did not conflict with, and thus was not preempted by, CERCLA or California's Carpenter-Presley-Tanner Hazardous Substance Account Act (HSAA) provisions requiring state to designate a city as its authorized representative before city could seek natural resource damages; regardless of any authority city might acquire by delegation, city retained independent authority to protect from damage its propriety interest in natural resources held in trust by city, and permitting city to recover for such damage did not conflict with either state or federal law. Fireman's Fund Ins. Co. v. City of Lodi, California, C.A.9 (Cal.) 2002, 302 F.3d 928, amended on denial of rehearing , certiorari denied 123 S.Ct. 1754, 538 U.S. 961, 155 L.Ed.2d 512, on remand 296 F.Supp.2d 1197. Environmental Law ⬤⬤ 411; Environmental Law ⬤⬤ 412; Municipal Corporations ⬤⬤ 53; Municipal Corporations ⬤⬤ 592(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Comprehensive Environmental Response, Compensation, and Liability Act did not preempt state corporation law which determined whether dissolved corporation had capacity to be sued. Levin Metals Corp. v. Parr-Richmond Terminal Co., C.A.9 (Cal.) 1987, 817 F.2d 1448. States ☞ 18.31

County's Colorado-law unjust enrichment claim against manufacturer, from which county purchased allegedly contaminated real property, was not preempted by Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) on basis that unjust enrichment claim sought same damages as CERCLA claim; even if recovery sought was identical, a county was allowed to seek alternative theories of recovery, even when only one of those theories could actually have been successful at trial, and county's unjust enrichment claim did not seek recovery of damages that were identical to those available under Plaintiff's CERCLA claim, such as monetary damages that were unavailable to private parties under CERCLA. Board of County Com'rs of County of La Plata, Colorado v. Brown Group Retail, Inc., D.Colo.2009, 598 F.Supp.2d 1185. Implied And Constructive Contracts ☞ 3; States ☞ 18.15

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) does not expressly preempt state law, but simply prohibits states from recovering compensation for same removal costs or damages or claims under both CERCLA and state or other federal laws. Booth Oil Site Administrative Group v. Safety-Kleen Corp., W.D.N.Y.2007, 532 F.Supp.2d 477. Environmental Law ☞ 411; States ☞ 18.31

CERCLA did not preempt state's common law claims against potentially responsible parties (PRP) for restitution, subrogation, and implied indemnity in connection with state's cleanup of hazardous waste site, even though common law claims sought recovery of same costs as state's CERCLA claims against PRPs, where state brought cost recovery action, rather than contribution action, it was possible that state might recover costs under common law that would not be available under CERCLA, such as costs not consistent with national contingency plan (NCP) or barred by limitations, and state law did not obstruct goals and purposes of Congress in including NCP requirement. New York v. Hickey's Carting, Inc., E.D.N.Y.2005, 380 F.Supp.2d 108. Environmental Law ☞ 411; Implied And Constructive Contracts ☞ 4; States ☞ 18.31

If State sought damages only for those injuries to State interests at industrial site beyond the reach of Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), e.g., pollution by release of petroleum products alone, or for injuries beyond the intended scope of Environmental Protection Agency's (EPA) prescribed remedial action, then there need not be a conflict between the state remedies and the purposes and objectives of CERCLA, even in the context of ongoing CERCLA remediation at the site; however, if State sought to use state tort claims to recover natural resource damages for the permanent loss of use of the groundwater at the site regardless of the ongoing remediation, or to recover additional damages from parties complying with an EPA order on the theory that the EPA's chosen remedy was somehow inadequate, conflict preemption principles would apply. New Mexico v. General Elec. Co., D.N.M.2004, 335 F.Supp.2d 1185. States ☞ 18.91; Water Law ☞ 1126; Water Law ☞ 1141; Environmental Law ☞ 411

CERCLA did not completely preempt owner's right under state law to seek contribution from other potentially responsible parties (PRP) for costs incurred in cleaning up hazardous waste facility, and thus owner's state court action was not removable to federal court on basis of federal question jurisdiction. Southeast Texas Environ-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

mental, L.L.C. v. BP Amoco Chemical Co., S.D.Tex.2004, 329 F.Supp.2d 853. Contribution ⟜ 5(1); Removal Of Cases ⟜ 25(1); States ⟜ 18.15

CERCLA preempted provisions of city ordinance that did not provide for contribution rights against city and thus effectively insulated city, as potentially responsible party (PRP) under CERCLA, from contribution liability for response costs at environmental contamination site, contrary to CERCLA's cost allocation scheme; provisions thwarted congressional intent to effectuate quick cleanups of hazardous waste sites and encourage voluntary private action to remedy environmental hazards. Fireman's Fund Ins. Co. v. City of Lodi, Cal., E.D.Cal.2003, 296 F.Supp.2d 1197. Environmental Law ⟜ 411; Municipal Corporations ⟜ 53

City could not interpose immunity defense in Pennsylvania's Political Subdivision Tort Claims Act (PSTCA), providing that "no local agency shall be liable for any damages on account of an injury to a person or property caused by an act of the local agency or an employee thereof or any other person," as a bar against CERCLA claims for contribution for clean-up costs at contaminated site. U.S. v. Union Corp., E.D.Pa.2003, 277 F.Supp.2d 478. Environmental Law ⟜ 447

Property owner's state claims for reimbursement for containment or removal costs against vendor's predecessor, based on allegations of hazardous waste releases, were preempted by CERCLA. Coastline Terminals of Connecticut, Inc. v. USX Corp., D.Conn.2001, 156 F.Supp.2d 203. Environmental Law ⟜ 411; States ⟜ 18.31

Plaintiff trucking company's state law claims against defendant trucking company and its owners were not completely preempted by CERCLA, and thus remand was warranted since claims did not state a federal cause of action sufficient for exercise of federal question jurisdiction, where Congress did not affirmatively intend for CERCLA to completely preempt state remedies, and it did not intend to occupy the field. Caldwell Trucking PRP Group v. Caldwell Trucking Co., Inc., D.N.J.2001, 154 F.Supp.2d 870. Removal Of Cases ⟜ 25(1); Removal Of Cases ⟜ 102; States ⟜ 18.31

Although proof of claim requirement imposed by Wisconsin statute addressing claims against governmental bodies was overridden by CERCLA as to federal causes of action directly relating to CERCLA claims, state-law claims of negligence, nuisance, and property damage did not enjoy same protection. INX Intern. Ink Co. v. Delphi Energy & Engine Management Systems, E.D.Wis.1996, 943 F.Supp. 993. Municipal Corporations ⟜ 741.25

State statutes governing capacity of dissolved corporation to be sued are preempted by overall purposes of CERCLA. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1996, 915 F.Supp. 1290, on reconsideration in part 956 F.Supp. 410. Corporations And Business Organizations ⟜ 3151; States ⟜ 18.15

CERCLA preempts state statutes of repose for dissolved corporations regardless of facts of a particular case. Chatham Steel Corp. v. Brown, N.D.Fla.1994, 858 F.Supp. 1130. Corporations And Business Organizations ⟜ 2991; States ⟜ 18.15

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

State statutes governing capacity of dissolved corporation to be sued are preempted by overall purposes of CER-CLA; "notwithstanding any other provision or rule of law" language in CERCLA specifically supercedes laws that would frustrate purpose of CERCLA and relieve otherwise responsible party from liability, corporate dissolution is not among enumerated defenses to CERCLA liability, and it was not Congressional intent to permit fifty different schemes of liability based on state statutes defining corporate capacity to be sued. AM Properties Corp. v. GTE Products Corp., D.N.J.1994, 844 F.Supp. 1007. Corporations And Business Organizations ⚷ 2991; States ⚷ 18.15

Michigan law, under which corporation can no longer be sued once it has completely wound up its affairs and distributed its assets, was preempted by CERCLA and did not preclude liability of dissolved corporation under CERCLA. BASF Corp. v. Central Transport, Inc., E.D.Mich.1993, 830 F.Supp. 1011. Corporations And Business Organizations ⚷ 2991; States ⚷ 18.15

CERCLA preempted state law concerning corporate capacity and superseded Federal Rule of Civil Procedure 17 stating that the capacity of a corporation to sue or be sued should be determined by the law under which it is organized. City and County of Denver v. Adolph Coors Co., D.Colo.1992, 813 F.Supp. 1471. Corporations And Business Organizations ⚷ 2524; States ⚷ 18.15

CERCLA preempted Ohio law defining corporate capacity to be sued. Stychno v. Ohio Edison Co., N.D.Ohio 1992, 806 F.Supp. 663. Corporations And Business Organizations ⚷ 2523; States ⚷ 18.15

CERCLA preempted Nevada notice of claim statutes with respect to decedent's estates to the extent that they purport to release a responsible party from liability. Soo Line R. Co. v. B.J. Carney & Co., D.Minn.1992, 797 F.Supp. 1472. Executors And Administrators ⚷ 223; States ⚷ 18.31

CERCLA, which renders corporation potentially liable for costs of removal or remedial actions to abate contamination from hazardous substances, did not preempt Washington statute prohibiting commencement of action or proceeding against corporation more than two years after its dissolution. Columbia River Service Corp. v. Gilman, W.D.Wash.1990, 751 F.Supp. 1448. Corporations And Business Organizations ⚷ 3154; States ⚷ 18.15

State law restrictions on dissolved corporation's capacity to be sued cannot prevent government action against corporation that would otherwise be liable under CERCLA but are, to extent of conflict, preempted by CER-CLA. U.S. v. Distler, W.D.Ky.1990, 741 F.Supp. 643. Corporations And Business Organizations ⚷ 3153

State law claims for recovery of costs spent for remediation of hazardous waste site were not preempted by CERCLA. Burlington Northern R. Co. v. Time Oil Co., W.D.Wash.1990, 738 F.Supp. 1339.

City's requirement of conditional use permit to regulate hazardous waste facility was not per se preempted by Resource Conservation and Recovery Act or Comprehensive Environmental Response, Compensation, and Liability Act. Ogden Environmental Services v. City of San Diego, S.D.Cal.1988, 687 F.Supp. 1436. Environmental

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Law 🗝 411

Comprehensive Environmental Response, Compensation, and Liability Act preempted state corporation law pertaining to capacity of dissolved corporation to be sued. U.S. v. Sharon Steel Corp., D.Utah 1987, 681 F.Supp. 1492. Corporations And Business Organizations 🗝 3151; States 🗝 18.15

Comprehensive Environmental Response, Compensation, and Liability Act mandating that political subdivisions be legally responsible for response costs incurred in taking removal or remedial actions at sites owned or operated by political subdivisions preempted Delaware Tort Claims Act which purported to say that political subdivisions are not so liable; thus, action by water company against county for response costs incurred as a result of release or threatened release of hazardous substances from landfill owned by county into aquifer used as primary source of supply by water company was not barred. Artesian Water Co. v. Government of New Castle County, D.C.Del.1985, 605 F.Supp. 1348. States 🗝 18.31

Massachusetts statute limiting landlord's right to indemnity from tenant for liability arising out of omission, fault, negligence, or other misconduct of lessor was not applicable with respect to Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) liability asserted with respect to leased property for which lease included provision for tenant to indemnify landlord, where there was no evidence tending to show any fault on part of landlord. In re Hemingway Transport, Inc., D.Mass.1991, 126 B.R. 650, affirmed 954 F.2d 1. Environmental Law 🗝 447

City's environmental ordinance under which city made information-gathering demands upon property owner's general liability insurer did not conflict with the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) so as to be preempted by CERCLA; insurer was not forced to choose between compliance with CERCLA and compliance with the ordinance, and the ordinance was consistent with the overall objectives of CERCLA. Unigard Insurance Co. v. City of Lodi, CA, E.D.Cal.1999, 1999 WL 33454809, Unreported. Environmental Law 🗝 411; Insurance 🗝 1103; Municipal Corporations 🗝 53

12. Common law

Under common law, polluter could escape any liability for response costs under CERCLA if it succeeded in proving that its oil emulsion, when mixed with other hazardous waste, either did not contribute to release and cleanup costs that followed, or contributed at most to only divisible portion of harm. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 1993, 990 F.2d 711, on remand 1996 WL 637559, opinion after remand from court of appeals 97 F.Supp.2d 248, affirmed 315 F.3d 179, petition for certiorari filed 2003 WL 22204173. Environmental Law 🗝 445(1)

13. Property within section

City's prior federal action against manufacturing site owner, including city's counterclaims for contribution, was not initial action for purposes of CERCLA provision stating that subsequent action for further response costs must be made within three years of completion of response action; allowing contribution claim to serve as action

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

would impermissibly subject action to two different limitation periods, and permitting any subsequent plaintiff to obtain benefit of the longer limitation period for subsequent actions would largely write limitations restriction for initial actions out of statute. Morrison Enterprises, LLC v. Dravo Corp., C.A.8 (Neb.) 2011, 638 F.3d 594. Environmental Law ⬤�old 671

With certain exceptions for Indian lands, CERCLA does not cover private property damage. Satsky v. Paramount Communications, Inc., C.A.10 (Colo.) 1993, 7 F.3d 1464, on remand 1996 WL 1062376. Environmental Law ⬤�old 446

Narrow railroad property adjacent to hazardous waste site was not part of site, and thus its current owner could not be held liable for CERCLA contribution, even though site owner had been required to remediate areas of waste on property which had migrated from site; property was naturally divisible from site, and had no connection to waste-generating activities conducted on site. Niagara Mohawk Power Corp. v. Consolidated Rail Corp., N.D.N.Y.2003, 291 F.Supp.2d 105, affirmed in part , reversed in part 596 F.3d 112. Environmental Law ⬤�old 445(1); Environmental Law ⬤�old 447

### 14. Facilities

Statutory exceptions to liability as potentially responsible person (PRP) under CERCLA come into play only after the definition of "facility" is found to apply to a particular site. Otay Land Co. v. U.E. Ltd., L.P., S.D.Cal.2006, 440 F.Supp.2d 1152, vacated 338 Fed.Appx. 689, 2009 WL 2179739. Environmental Law ⬤�old 443; Environmental Law ⬤�old 445(1)

The term "facility" within purview of this section permitting United States to recover response costs incurred in cleaning up hazardous waste site includes every place where hazardous substances come to be located. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law ⬤�old 438

### 15. Limitations on liability amounts

"Incident involving release," within meaning of CERCLA section limiting each owner/operator's liability for each release of hazardous substance or incident involving release of hazardous substance to costs of response plus $50 million, means occurrence or series of occurrences of relatively short duration involving single release or series of releases all resulting from or connected to event or occurrence; thus, series of events that lead up to spill of hazardous substance would be considered "incident involving release," but series of releases over long period of time might or might not. State of Cal. v. Montrose Chemical Corp. of California, C.A.9 (Cal.) 1997, 104 F.3d 1507, 144 A.L.R. Fed. 669. Environmental Law ⬤�old 446

CERCLA provision limiting fiduciary's liability to value of trust assets did not require that payment for potential liability be from trust assets, and thus did not conflict with restraint on alienation and sovereign immunity as applied to United States as trustee for Indian lands. U.S. v. Newmont USA Ltd., E.D.Wash.2007, 504 F.Supp.2d 1050. Environmental Law ⬤�old 410; Environmental Law ⬤�old 446; Indians ⬤�old 173; United States ⬤�old 125(9)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Comprehensive Environmental Response, Compensation and Liability Act's (CERCLA) $50 million cap on natural resource damages for each release or incident involving release of hazardous waste did not limit damages against operator of manufacturing plant for releases over its 50-year operation; releases from plant were not single release or incident involving release, subject to cap. U.S. v. Montrose Chemical Corp. of California, C.D.Cal.1993, 835 F.Supp. 534, reversed 104 F.3d 1507, 144 A.L.R. Fed. 669. Environmental Law ⟳ 446

16. Notification

There was no notice-and-waiting prerequisite to golf course's claim, under CERCLA, which sought only remediation costs based on allegations that parties that owned or controlled adjacent property were strictly liable for improper disposal of hazardous waste on its property. Innis Arden Golf Club v. Pitney Bowes, Inc., D.Conn.2007, 514 F.Supp.2d 328. Environmental Law ⟳ 659

United States' late notification to potentially responsible party (PRP) that it was a PRP was not action inconsistent with National Contingency Plan (NCP) or otherwise defense to recovery of response costs under CERCLA from PRP, despite claim that identification and notification of PRPs was "response" or "remedial action" required by CERCLA, and that failure to do so was arbitrary and capricious. U.S. v. Broderick Inv. Co., D.Colo.1997, 955 F.Supp. 1268, affirmed in part , reversed in part 200 F.3d 679. Environmental Law ⟳ 446

17. Natural resources--Generally

Operator had burden of proving that natural resource damages occurred before enactment of CERCLA and thus could not be recovered by governments in action to recover response costs. In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution, D.Mass.1989, 716 F.Supp. 676. Environmental Law ⟳ 464

18. ---- Damages, natural resources

Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) did not clearly express preference for physically restoring resources over acquiring comparable resources for the public's benefit so as to preclude Department of Interior from promulgating "Type B" natural resource damage assessment regulations requiring public trustees to consider equally strategies of restoration, replacement and acquisition of equivalent resources. Kennecott Utah Copper Corp. v. U.S. Dept. of Interior, C.A.D.C.1996, 88 F.3d 1191, 319 U.S.App.D.C. 128. Environmental Law ⟳ 446

"Damages" within meaning of provision of CERCLA pursuant to which recovery for natural resource damage is unavailable where damages occurred before Act's effective date apparently refers to monetary quantification stemming from injury rather than actual injury to natural resources. Aetna Cas. and Sur. Co., Inc. v. Pintlar Corp., C.A.9 (Idaho) 1991, 948 F.2d 1507. Environmental Law ⟳ 446

There could be no natural resource damages cognizable under CERCLA before harbor was closed unless governments introduce evidence of monetary quantification proximately stemming from PCB injury to environment. In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution, D.Mass.1989, 716 F.Supp.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

676. Environmental Law ⚷ 446

Under Comprehensive Environmental Response, Compensation, and Liability Act, damages to natural resources may be calculated on value basis and on cost-of-restoration basis, with calculation providing least recovery in terms of dollars appropriate measure of damages. State of Idaho v. Bunker Hill Co., D.Idaho 1986, 635 F.Supp. 665. Environmental Law ⚷ 446

Complaint seeking damages pursuant to this section was not subject to dismissal on theory that state had not yet expended funds for cleanup of hazardous waste site, in that complaint specifically set forth a claim for damages to state's natural resources in addition to its claim for response costs, and there was no requirement that money must be expended by state before it could seek to recover for damages to natural resources, state had properly alleged recoverable response costs, and initial response costs undertaken thus far by state were clearly authorized as costs of response. State of N.Y. v. General Elec. Co., N.D.N.Y.1984, 592 F.Supp. 291. Environmental Law ⚷ 645

Whether recovery of environmental cleanup remedial costs is sought under "response cost" subdivision of Comprehensive Environmental Response Compensation and Liability Act or the subdivision allowing recovery for damages to natural resources, recovery can be construed to be "damages," within meaning of comprehensive general liability policies. AIU Ins. Co. v. Superior Court, Cal.1990, 799 P.2d 1253, 274 Cal.Rptr. 820, 51 Cal.3d 807. Insurance ⚷ 2269

19. ---- Environmental impact statement, natural resources

Environmental impact statement exception to Comprehensive Environmental Response, Compensation, and Liability Act providing that no liability would be imposed if damages were specifically identified as irreversible and irretrievable commitment of natural resources in EIS could apply regardless of whether specific terms "irreversible" and "irretrievable" are used in EIS, if meaning is otherwise clear and unambiguous. State of Idaho v. Hanna Min. Co., C.A.9 (Idaho) 1989, 882 F.2d 392. Environmental Law ⚷ 445(1)

Lack of specific language in environmental impact statement denoting that water pollution resulting from historical mine activities was irreversible and irretrievable precluded mine operator's CERCLA trade-off defense after copper and cobalt mine was allowed to reopen even though statement did note that efforts to correct the current environmental damage were either unknown or economically infeasible; terms irreversible and irretrievable had to be specifically employed in the environmental impact statement to allow the owners to assert that defense. State of Idaho v. Hanna Min. Co., D.Idaho 1987, 699 F.Supp. 827, affirmed 882 F.2d 392. Environmental Law ⚷ 445(1)

20. ---- Persons entitled to maintain action, natural resources

CERCLA does not permit private parties to seek recovery for damages to natural resources held in trust by federal, state, or tribal governments nor does it allow public trustees to recover for damages to private property or other "purely private" interests. National Ass'n of Mfrs. v. U.S. Dept. of Interior, C.A.D.C.1998, 134 F.3d 1095,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

328 U.S.App.D.C. 271. Environmental Law ⚷ 446

Private water utility could not recover damages, under the Comprehensive Environmental Response, Compensation, and Liability Act, for loss of potential withdrawal from artesian wells threatened by pollution from adjacent landfill; the Act grants the right to assert claims for damages to natural resources only to governmental entities, not to private persons. Artesian Water Co. v. Government of New Castle County, C.A.3 (Del.) 1988, 851 F.2d 643, rehearing denied. Environmental Law ⚷ 444

Plaintiff who lacks standing to bring action for natural resource damages recovery under CERCLA also lacks standing to bring action for declaratory judgment regarding liability for future natural resource damages recovery. Borough of Sayreville v. Union Carbide Corp., D.N.J.1996, 923 F.Supp. 671. Declaratory Judgment ⚷ 300

Municipalities are not encompassed within meaning of "state" as defined by provision of CERCLA authorizing actions for harm to natural resources, and thus municipalities do not have standing to bring actions to recover for harm to natural resources. City of Toledo v. Beazer Materials and Services, Inc., N.D.Ohio 1993, 833 F.Supp. 646. Environmental Law ⚷ 654; Environmental Law ⚷ 444

Municipality lacked standing to bring action to recover natural resource damages under CERCLA; municipality was not "state," nor "authorized representative of a state", within meaning of CERCLA. Mayor and Council of Borough of Rockaway v. Klockner & Klockner, D.N.J.1993, 811 F.Supp. 1039. Environmental Law ⚷ 654

"State" as used in the CERCLA does not include political subdivisions of states, and thus town did not have authority to maintain action for natural resource damages and was not entitled, in seeking to recover response costs, to have burden placed on defendants to demonstrate that its response actions were inconsistent with the national contingency plan. Town of Bedford v. Raytheon Co., D.Mass.1991, 755 F.Supp. 469. Environmental Law ⚷ 444; Environmental Law ⚷ 464

Under a provision of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), allowing the federal government or a state to sue for damage for natural resources, the word "state" did not include local governments. Werlein v. U.S., D.Minn.1990, 746 F.Supp. 887, vacated in part on other grounds 793 F.Supp. 898. Environmental Law ⚷ 444

Comprehensive Environmental Response, Compensation, and Liability Act provision stating that liability for damage to natural resources is to United States or any state did not necessarily preclude city from bringing action to recover damage to natural resources under city's management or control allegedly suffered as result of dumping of hazardous waste at city landfill sites. City of New York v. Exxon Corp., S.D.N.Y.1986, 633 F.Supp. 609. Environmental Law ⚷ 446

Municipality was authorized representative of state of New Jersey for purposes of invoking provisions of Comprehensive Environmental Response, Compensation, and Liability Act to recover costs for cleanup as well as sue

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

for damages for injury to, destruction of, or loss of natural resources. Mayor and Bd. of Aldermen of Town of Boonton v. Drew Chemical Corp., D.C.N.J.1985, 621 F.Supp. 663. Environmental Law ⬤ 444

21. Pesticide products

Genuine issues of material fact existed, precluding summary judgment for pesticide manufacturer, on existence of alleged waste streams from pesticide factory for purposes of subjecting United States to owner liability under CERCLA for waste allegedly discharged from equipment owned by United States and leased to pesticide manufacturer. Elf Atochem North America, Inc. v. U.S., E.D.Pa.1994, 868 F.Supp. 707. Federal Civil Procedure ⬤ 2498.3

Genuine issues of material fact as to whether schematics of pesticide manufacturing equipment were correct in depicting government as owner of lead pipes and other components, and whether lead was actually dissolved by sulphuric acid and released into environment along with sulphuric acid, precluded summary judgment against government on claim seeking declaration of government's liability for response costs, as owner, under CERCLA. U.S. v. Witco Corp., E.D.Pa.1994, 865 F.Supp. 243. Federal Civil Procedure ⬤ 2498.3

Exclusion under CERCLA of "damages resulting from the application of pesticide product" prevents typical pesticide user from incurring CERCLA liability when he has done nothing more than purchase and apply pesticide in customary manner, but does not provide complete defense to CERCLA claim on ground that chemicals involved are registered pesticides. Jordan v. Southern Wood Piedmont Co., S.D.Ga.1992, 805 F.Supp. 1575. Environmental Law ⬤ 440

Evidence was insufficient to make determination as to whether receiver's use of pentachlorophenol in mortgagor's orchard filled pesticide function that would qualify for CERCLA's pesticide exception, precluding summary judgment in proceeding brought against receiver by mortgagee and mortgagor's stockholders. In re Sundance Corp., Inc., Bkrtcy.E.D.Wash.1993, 149 B.R. 641. Federal Civil Procedure ⬤ 2498.3

22. Federal liens

CERCLA provision for Environmental Protection Agency (EPA) to place notice of lien on property whose owners may be subject to liability for cleanup costs violates due process by not providing notice and predeprivation hearing to a property owner who claims that the property to be encumbered is not subject to or affected by a removal or remedial action. Reardon v. U.S., C.A.1 (Mass.) 1991, 947 F.2d 1509, 116 A.L.R. Fed. 667. Constitutional Law ⬤ 4327; Environmental Law ⬤ 406(1)

Lien on real property created by CERCLA when Environmental Protection Agency (EPA) determines that property owners may be liable for cleanup costs amounts to deprivation of a significant property interest within meaning of the due process clause. Reardon v. U.S., C.A.1 (Mass.) 1991, 947 F.2d 1509, 116 A.L.R. Fed. 667. Constitutional Law ⬤ 4327

Placement of federal lien on CERCLA site did not violate due process; although site owners' private interest was

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

significantly affected by the United States' action, the procedures that United States used to place lien on site effectively minimized risk of erroneous deprivation, and United States had substantial interest in site. U.S. v. Glidden Co., N.D.Ohio 1997, 3 F.Supp.2d 823, affirmed in part, reversed in part and remanded 204 F.3d 698. Constitutional Law ☞ 4327; Environmental Law ☞ 448

Where issue of whether Environmental Protection Agency's (EPA's) imposition of lien under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) amounted to deprivation of significant property interest protected by due process clause was pending before First Circuit, EPA's motion to dismiss complaint alleging due process violation would be denied without prejudice to review following issuance of opinion by First Circuit. Juniper Development Group v. U.S., D.Mass.1990, 774 F.Supp. 56. Federal Civil Procedure ☞ 1781

For Government to place lien on certain types of real property under the Comprehensive Environmental Response, Compensation, and Liability Act, property must belong to a party who is responsible for the costs, and it must be subject to or affected by Environmental Protection Agency action taken to respond or remedy the release of a hazardous substance. U.S. v. M. Genzale Plating, Inc., E.D.N.Y.1989, 723 F.Supp. 877.

23. National Contingency Plan--Generally

Language of Environmental Protection Agency (EPA) orders requiring owner of site and successor to former smelter to comply with "all applicable" laws and regulations in conducting cleanup of hazardous waste site did not require satisfaction of public comment requirements of national contingency plan (NCP) in order to show consistency with NCP for purposes of their contribution claims; contrary interpretation would render meaningless EPA regulation providing that consistency with NCP only required compliance with terms of EPA orders. Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc., C.A.10 (Kan.) 1996, 100 F.3d 792, amended 103 F.3d 80. Environmental Law ☞ 447

Gas supplier sufficiently alleged that it was in substantial compliance with relevant requirements of the National Contingency Plan (NCP), as required to state a reimbursement claim under CERCLA against gas station owners, by alleging that it had conducted response actions at the station under direct supervision of Puerto Rico agency, it had monitored its costs to ensure that they were incurred to accomplish necessary and appropriate response actions, it had accounted for those costs, it involved key stakeholders in development and implementation of its technically sound work plans culminating in an approvable corrective action plan filed with the agency and implemented in accordance with applicable procedures. Sanchez v. Esso Standard Oil De Puerto Rico, Inc., D.Puerto Rico 2010, 747 F.Supp.2d 261. Environmental Law ☞ 439

Environmental Protection Agency's (EPA) use of non-CERCLA response authority, and specifically, its use of Resource Conservation and Recovery Act (RCRA) response authority, at hazardous waste site was not per se inconsistent with National Contingency Plan (NCP), as required for recovery under CERCLA of costs incurred while overseeing site owner's performance under terms of RCRA order and consent decree; Congress did not intend to limit recovery under CERCLA's cost-recovery provision to costs of response actions taken under CERCLA, EPA's oversight of owner's performance was included within definition of "removal action" under CERCLA, several other courts have held that costs arising from RCRA compliance could be recovered in CERCLA

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

action, and absence of specific authorization in NCP for use of RCRA authority to respond to hazardous waste site did not necessarily mean that use of such authority was inconsistent with NCP. U.S. v. E.I. du Pont de Nemours & Co., Inc., W.D.N.Y.2004, 341 F.Supp.2d 215. Environmental Law ☞ 446

Regulation, providing that responsible parties "shall be liable for necessary costs of response actions to releases of hazardous substances incurred by any other person consistent with the" national contingency plan (NCP), only applied to cost-recovery actions, and not to derivative contribution actions, under CERCLA. E.I. Du Pont De Nemours and Co. v. U.S., D.N.J.2003, 297 F.Supp.2d 740, amended , certification denied 2004 WL 5496382 , affirmed 460 F.3d 515, vacated 127 S.Ct. 2971, 551 U.S. 1129, 168 L.Ed.2d 701, on remand 508 F.3d 126. Environmental Law ☞ 447

Dismissal of plaintiffs' common law claims against potentially responsible party (PRP) for environmental cleanup cost contribution and indemnity, as preempted by CERCLA, would be improper at pleading stage, on motion to dismiss; plaintiffs' related CERCLA claims could be barred, as defendant had not admitted that plaintiffs' response costs were incurred pursuant to the National Contingency Plan (NCP). Solvent Chemical Co. ICC Industries, Inc. v. E.I. Dupont De Nemours & Co., W.D.N.Y.2002, 242 F.Supp.2d 196. Environmental Law ☞ 673

Illinois Environmental Protection Agency's (IEPA) involvement in cleanup of landowner's contaminated property was not a substitute for compliance with public comment requirements of national contingency plan (NCP), and thus, landowner was barred from recovery under CERCLA cost recovery or contribution sections; there was no opportunity for public comment, there was no active state agency involvement, and while IEPA approved plan developed by landowner, IEPA merely received monthly status reports and final report. Estes v. Scotsman Group, Inc., C.D.Ill.1998, 16 F.Supp.2d 983. Environmental Law ☞ 447; Environmental Law ☞ 446

Strict compliance with National Contingency Plan (NCP) is not required under CERCLA but, rather, only substantial compliance is mandated. Anschutz Min. Corp. v. NL Industries, Inc., E.D.Mo.1995, 891 F.Supp. 492. Environmental Law ☞ 439

Language of CERCLA concerning costs consistent with the National Contingency Plan should not be considered an element for demonstrating liability of particular party for clean up costs. U.S. v. Western Processing Co., Inc., W.D.Wash.1990, 734 F.Supp. 930. Environmental Law ☞ 446

   24. ---- Versions of national contingency plan

To determine which version of national contingency plan (NCP) applies in government action seeking response costs under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), Court of Appeals looks to NCP that was in effect at time Environmental Protection Agency (EPA) incurred response costs, rather than to that in effect when EPA initiated its response actions. U.S. v. Chapman, C.A.9 (Cal.) 1998, 146 F.3d 1166. Environmental Law ☞ 446

In Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) contribution

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

action where plaintiff's response actions took place both before and after change in National Contingency Plan (NCP), applicable NCP version is NCP in effect at time costs were incurred; thus, more recent NCP applies to costs incurred after its effective date and to response actions already underway as of effective date, and earlier NCP applies to any cleanup completed prior to that date. Morrison Enterprises v. McShares, Inc., D.Kan.1998, 13 F.Supp.2d 1095, reversed 302 F.3d 1127. Environmental Law ⛘ 447

Issue of which National Contingency Plan (NCP) version to apply is one of law, not fact, in analyzing contribution action under Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA). Morrison Enterprises v. McShares, Inc., D.Kan.1998, 13 F.Supp.2d 1095, reversed 302 F.3d 1127. Contribution ⛘ 9(7)

### 25. National priorities list

Environmental Protection Agency's failure to respond to specific issues allegedly presented by hazardous waste site owner's comments to placement of site on national priorities list for cleanup was not arbitrary or capricious, where site owner did not present its objections in manner which could reasonably have permitted agency to examine its contentions but merely submitted 420 pages of documents without attempting to specify why documents were relevant to rule-making process. Northside Sanitary Landfill, Inc. v. Thomas, C.A.D.C.1988, 849 F.2d 1516, 270 U.S.App.D.C. 387, certiorari denied 109 S.Ct. 1528, 489 U.S. 1078, 103 L.Ed.2d 833. Administrative Law And Procedure ⛘ 763; Environmental Law ⛘ 453

This section is independent of the national priorities list of sites eligible for superfund money, since requirement for national priorities list was not intended to be a limitation on liability but rather was the result of great concern voiced in Congress that the limited trust fund monies not be used for ill-conceived or disorganized cleanup efforts. State of N.Y. v. General Elec. Co., N.D.N.Y.1984, 592 F.Supp. 291. Environmental Law ⛘ 443

Inclusion of possible hazardous waste site on national priorities list did not represent a determination of liability so that ripeness was lacking in suits brought by landlords for judgment to effect that they were not liable for any cost of cleanup of site and judgment to effect that any costs that did incur were necessary costs, such that those costs were recoverable from either the superfund or other parties responsible for the environmental damage. D'Imperio v. U.S., D.C.N.J.1983, 575 F.Supp. 248. Declaratory Judgment ⛘ 203

### 26. Persons entitled to maintain action--Generally

City was liable party that had been subject to enforcement action under CERCLA section permitting cost-recovery actions, as opposed to being party that voluntarily incurred costs of removing hazardous substance, and, thus, city could not maintain cost-recovery action under such section, even though some releases of hazardous substances for which city was liable may have initially originated at subsites other than subsite where city constructed well to extract and treat contaminated ground water, where city was subject to enforcement under CERCLA section and resolved its liability to federal government in administrative and judicially approved settlements. Morrison Enterprises, LLC v. Dravo Corp., C.A.8 (Neb.) 2011, 638 F.3d 594. Environmental Law ⛘ 444

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Individual who would have been eligible to receive screening under medical monitoring program that Agency for Toxic Substances and Disease Registry (ATSDR) was required to institute at nuclear reservation did not have constitutional standing to bring suit against Department of Energy (DOE) under CERCLA citizen suit provision to require DOE to make budget request for funding of ATSDR program, even though DOE was responsible under CERCLA for funding program; there was no guarantee that budget request would have resulted in funding, ATSDR could have sought alternative funding sources, ATSDR was not bound by DOE's actions or decisions, and only ATSDR had power to actually initiate program. Pritikin v. Department of Energy, C.A.9 (Wash.) 2001, 254 F.3d 791, certiorari denied 122 S.Ct. 1076, 534 U.S. 1133, 151 L.Ed.2d 977. Environmental Law ☞ 656

Trade association comprised of chlorine and chlorine product manufacturers had standing to challenge Environmental Protection Agency (EPA) rule setting maximum contaminant level goal (MCLG) for chloroform pursuant to Safe Drinking Water Act, since setting of MCLG could affect setting of cleanup standard for chloroform, and petitioners claimed they faced liability for cleanup of chloroform under CERCLA. Chlorine Chemistry Council v. E.P.A., C.A.D.C.2000, 206 F.3d 1286, 340 U.S.App.D.C. 494. Water Law ☞ 1984

Homeowners association and its members were not entitled to recover cleanup costs from developer and related defendant under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) since association and its members did not incur nor would they incur "response costs" as a result of defendants' disposal of hazardous substances on their residential lots; association and its members did not perform any investigation or remediation but, rather, retained a consultant and lawyers to review work performed by others and provide expertise in the litigation, and there was no evidence that the actions of their consultants or counsel furthered the cleanup of the residential lots. Bonnieview Homeowners Ass'n v. Woodmont Builders, L.L.C., D.N.J.2009, 655 F.Supp.2d 473. Environmental Law ☞ 446

In property owner's private cost recovery action under CERCLA, relevant area was properly divided into multiple parts, namely, shopping center site and city sewer into which dry cleaning business dumped wastewater containing a hazardous substance, where property owner's complaint alleged that city sewer was a facility separate from shopping center site, and finding that there were two facilities would not result in piecemeal litigation. Adobe Lumber, Inc. v. Hellman, E.D.Cal.2009, 658 F.Supp.2d 1188. Environmental Law ☞ 443

Allegations by owners of land located near chicken production farms that ammonia emitted by chicken droppings curtailed their activities and forced them to cancel outdoor events, and that failure of farm operators to report ammonia releases denied them access to critical information and impaired ability of government agencies to respond to releases, were sufficient to state injury in fact, as required to establish standing to sue farm operators under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) and the Emergency Planning and Community Right to Know Act (EPCRA). Sierra Club, Inc. v. Tyson Foods, Inc., W.D.Ky.2003, 299 F.Supp.2d 693. Environmental Law ☞ 656

Filipino citizens had standing to bring suit under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) to compel United States to conduct preliminary assessment of environmental pollution on former United States military bases in Philippines, where plaintiffs alleged that they may have been exposed

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

to contaminants and that their requests for preliminary assessments had been denied. Arc Ecology v. U.S. Dept. of Air Force, N.D.Cal.2003, 294 F.Supp.2d 1152, affirmed 411 F.3d 1092. Environmental Law ⟳ 656

Oklahoma city metropolitan utility authority had standing to bring CERCLA action against poultry businesses and Arkansas city that operated wastewater treatment plant used by poultry business, although utility authority had no independent source of revenue and had incurred no expenses related to action; Oklahoma utility authority leased facility it operated from city, incurred indebtedness through operation, was obligated to reimburse city for maintenance expenses, and contracted with Oklahoma Water Resources Board (OWRB) for evaluation and monitoring of services. City of Tulsa v. Tyson Foods, Inc., N.D.Okla.2003, 258 F.Supp.2d 1263, vacated pursuant to settlement. Environmental Law ⟳ 654

Company which formerly owned environmentally contaminated property had standing to bring suit against owner of neighboring property allegedly responsible for contamination, even though company had sold entirety of its assets to its parent corporation, and even though third party currently owned property; parent was plaintiff to action and possessed all legal rights once held by company, and both company and third party agreed that company would continue to fund operation of system used to remediate groundwater and soil contamination, which established "injury in fact." NutraSweet Co. v. X-L Engineering Corp., N.D.Ill.1996, 933 F.Supp. 1409, affirmed 227 F.3d 776. Environmental Law ⟳ 656

27. ---- Potentially responsible parties, persons entitled to maintain action

A private party that voluntarily undertakes a cleanup for which it may be held liable may pursue an action for direct recovery against another liable party under CERCLA provision governing recovery of response costs; provision creating right for a party to seek contribution from any other person who is liable or potentially liable during or following a CERCLA enforcement action is not exclusive. Atlantic Research Corp. v. U.S., C.A.8 (Ark.) 2006, 459 F.3d 827, certiorari granted 127 S.Ct. 1144, 549 U.S. 1177, 166 L.Ed.2d 910, affirmed 127 S.Ct. 2331, 551 U.S. 128, 168 L.Ed.2d 28. Environmental Law ⟳ 444; Environmental Law ⟳ 447

Owner of grain elevator facility that did not qualify for statutory defenses to CERCLA liability as potentially responsible party (PRP) was "potentially responsible party" and could not proceed against another PRP under both CERCLA's cost recovery provision and its contribution provision, but rather could proceed only with action for contribution. Morrison Enterprises v. McShares, Inc., C.A.10 (Kan.) 2002, 302 F.3d 1127. Environmental Law ⟳ 444; Environmental Law ⟳ 445(1); Environmental Law ⟳ 447

Former owner and operator of refinery site, which was potentially responsible person under CERCLA, could not bring CERCLA cost recovery action under alleged innocent-party exception to rule that potentially responsible parties may only bring actions for contribution, even if owner was responsible for only some of contamination at site, where owner did not attempt to allege or prove its entitlement to any statutory defense, and owner bore responsibility for at least some of hazardous materials spilled at site. Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., C.A.4 (N.C.) 1999, 191 F.3d 409. Environmental Law ⟳ 447; Environmental Law ⟳ 445(1)

CERCLA cost recovery action may only be brought by innocent parties that have undertaken clean-ups; action

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

brought by potentially responsible party (PRP) is by necessity a contribution action. New Castle County v. Halliburton NUS Corp., C.A.3 (Del.) 1997, 111 F.3d 1116, rehearing denied 116 F.3d 82. Environmental Law ☞ 447; Environmental Law ☞ 444

Potentially responsible party (PRP) that incurred slightly less than $2 million in groundwater remediation costs at contaminated waste disposal site was entitled to bring CERCLA cost recovery action against other PRPs, including settling party that had signed partial consent decree with state and federal government pertaining to soil remediation at same site and had sued PRP and others for contribution. Ashland Inc. v. GAR Electroforming, D.R.I.2010, 729 F.Supp.2d 526. Federal Civil Procedure ☞ 2397.5

Potentially responsible parties (PRPs) were allowed to bring a cost recovery action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) without the need to further prove the applicability of any statutorily defined defenses to PRP designation status. AMCAL Multi-Housing, Inc. v. Pacific Clay Products, C.D.Cal.2007, 518 F.Supp.2d 1194. Environmental Law ☞ 444; Environmental Law ☞ 445(1)

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) provision governing liability for response costs incurred by persons other than potentially responsible parties (PRPs) did not give a private PRP a statutory right to bring a cost recovery action against other PRPs; Congress created a separate contribution remedy, subject to specific conditions and limitations not included in the provision. Differential Development-1994, Ltd. v. Harkrider Distributing Co., S.D.Tex.2007, 470 F.Supp.2d 727. Environmental Law ☞ 444

Owner of contaminated site that sought contribution for remediation costs from co-owners, former owners, and arrangers lacked cause of action under CERCLA provision governing recovery of response costs, since owner was potentially responsible party (PRP) and it incurred remediation costs involuntarily, pursuant to consent decrees with the Department of Environmental Conservation. Niagara Mohawk Power Corp. v. Consolidated Rail Corp., N.D.N.Y.2008, 565 F.Supp.2d 399, affirmed in part , reversed in part 596 F.3d 112. Environmental Law ☞ 444; Environmental Law ☞ 447

Owner of contaminated site that sought contribution for remediation costs lacked implied cause of action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), since owner was potentially responsible party (PRP); although there had not been apportionment of liability, owner was liable for some of response costs as operator of manufactured gas plant that generated and disposed of coal tar and associated hazardous waste on site. Niagara Mohawk Power Corp. v. Consolidated Rail Corp., N.D.N.Y.2006, 436 F.Supp.2d 398, opinion after remand from court of appeals 565 F.Supp.2d 399, affirmed in part , reversed in part 596 F.3d 112. Environmental Law ☞ 445(1); Environmental Law ☞ 447

District court lacked subject matter jurisdiction to hear claim brought by aircraft company against United States, alleging that "pattern and practice" of Environmental Protection Agency (EPA) in issuing unilateral administrative orders identifying potentially responsible parties (PRPs) under Comprehensive Environmental Response, Compensation, and Liability (CERCLA) violated due process; CERCLA expressly banned pre-enforcement judicial review of EPA orders, and no exceptions were applicable. Raytheon Aircraft Co. v. U.S., D.Kan.2006, 435

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

F.Supp.2d 1136, on reconsideration in part 2007 WL 1299184, on reconsideration in part 2007 WL 2155661. Environmental Law ⬥ 645

Potentially responsible party (PRP) who is barred from seeking recovery in §§ 113(f) action under Comprehensive Environmental Response, Compensation, and Liability (CERCLA) maintains implied right to contribution under CERCLA §§ 107(a). Raytheon Aircraft Co. v. U.S., D.Kan.2006, 435 F.Supp.2d 1136, on reconsideration in part 2007 WL 1299184, on reconsideration in part 2007 WL 2155661. Environmental Law ⬥ 447

Landowner that was potentially responsible for environmental response costs under CERCLA could bring action for contribution under CERCLA against another potentially responsible party, although it was not the subject of a cost recovery action; CERCLA cost recovery action was not a condition precedent to a contribution suit. Mercury Mall Associates, Inc. v. Nick's Market, Inc., E.D.Va.2004, 342 F.Supp.2d 515, on reconsideration in part 368 F.Supp.2d 513. Environmental Law ⬥ 447

Landowner that was potentially responsible for environmental contamination response costs under CERCLA could not bring cost recovery action under CERCLA against another potentially responsible party; instead, landowner was required to seek relief under CERCLA's contribution provision. Mercury Mall Associates, Inc. v. Nick's Market, Inc., E.D.Va.2004, 342 F.Supp.2d 515, on reconsideration in part 368 F.Supp.2d 513. Environmental Law ⬥ 444

In action brought by land developer against energy company under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), seeking full cost recovery for environmental cleanup and containment, fact that developer was "non-polluting" potentially responsible party (PRP) did not obviate CERCLA's limitation of recovery among PRPs to contribution actions, and thus developer could not maintain cost recovery claim; statute specifically distinguished between responsible and non-responsible parties, not polluters and non-polluters, and developer did not qualify for "innocent owner" defense to recovery action, since it knew of contamination when it bought land. Union Station Associates, LLC. v. Puget Sound Energy, Inc., W.D.Wash.2002, 238 F.Supp.2d 1218. Environmental Law ⬥ 447

Potentially responsible parties (PRPs) may seek contribution from other PRPs under CERCLA toward actually incurred response costs, as well as declaration of other PRPs' liability for portion of future response costs properly allocable to other PRPs, even if exact amount of future costs is unknown. Organic Chemical Site PRP Group v. Total Petroleum Inc., W.D.Mich.1999, 58 F.Supp.2d 755. Environmental Law ⬥ 447

Substantial ground existed for difference of opinion on issue of whether potentially responsible parties (PRPs) could bring cost recovery actions under CERCLA instead of only CERCLA contribution actions, which thus supported certification of order for interlocutory appeal, in light of failure of Court of Appeals to address issue yet and disagreement among district courts of circuit. Cooper Industries, Inc. v. Agway, Inc., N.D.N.Y.1997, 987 F.Supp. 92. Federal Courts ⬥ 660.5

Potentially responsible party (PRP) under CERCLA has standing to sue for cost recovery, and is not limited to

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

suit for contribution; plain language of statute confers standing on "any other person" who incurs response costs, and word "innocent" would not be judicially engrafted onto that phrase. Adhesives Research Inc. v. American Inks & Coatings Corp., M.D.Pa.1996, 931 F.Supp. 1231. Environmental Law ⟨⟩ 656

Potentially responsible parties (PRPs) under CERCLA had standing to bring claims under CERCLA's cost recovery provision, and were not limited to action for contribution; plain language of standing provision grants standing to "any * * * person" who has incurred necessary response costs consistent with national contingency plan (NCP), and court would not engraft word "innocent" onto that phrase. Pinal Creek Group v. Newmont Min. Corp., D.Ariz.1996, 926 F.Supp. 1400, reversed 118 F.3d 1298, certiorari denied 118 S.Ct. 2340, 524 U.S. 937, 141 L.Ed.2d 711. Environmental Law ⟨⟩ 447; Environmental Law ⟨⟩ 656; Environmental Law ⟨⟩ 444

Potentially responsible party which has not formally admitted liability or been formally adjudicated liable is not limited to contribution action under CERCLA, but may bring cost recovery claim. Laidlaw Waste Systems, Inc. v. Mallinckrodt, Inc., E.D.Mo.1996, 925 F.Supp. 624. Environmental Law ⟨⟩ 447; Environmental Law ⟨⟩ 444

Potentially responsible parties (PRPs) under CERLCA were restricted to bringing contribution claim, and could not pursue cost recovery action, against other allegedly responsible parties, even though PRPs had not admitted their liability in administrative consent order and agreements. Borough of Sayreville v. Union Carbide Corp., D.N.J.1996, 923 F.Supp. 671. Environmental Law ⟨⟩ 447; Environmental Law ⟨⟩ 444

CERCLA plaintiffs were potentially responsible parties (PRPs) limited to bringing action for contribution against other PRPs; plaintiffs admitted generating substances that were transported and ultimately deposited at site, their wastes were by their own estimation present at site at time of cleanup, and they had proffered no evidence or even cogent argument contrary to finding that they were PRPs. Sun Co., Inc. (R & M) v. Browning-Ferris, Inc., N.D.Okla.1996, 919 F.Supp. 1523, reconsideration denied 926 F.Supp. 170, affirmed in part , reversed in part 124 F.3d 1187, 143 A.L.R. Fed. 755, certiorari denied 118 S.Ct. 1045, 522 U.S. 1113, 140 L.Ed.2d 110. Environmental Law ⟨⟩ 445(1)

County airport commission's status as potentially responsible party (PRP) precluded it from bringing cost recovery action against dry cleaning company which leased portion of commission's property, despite claims that commission had not yet been adjudicated liable and that commission was governmental entity entitled to bring suit. Johnson County Airport Com'n v. Parsonitt Co., Inc., D.Kan.1996, 916 F.Supp. 1090. Environmental Law ⟨⟩ 444

Party potentially responsible for response costs may maintain suit against another potentially responsible party to recover response costs. Chemical Waste Management, Inc. v. Armstrong World Industries, Inc., E.D.Pa.1987, 669 F.Supp. 1285. Environmental Law ⟨⟩ 444

Potentially responsible party (PRP) under CERCLA could not bring direct cost recovery action against second

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

PRP, but rather, was limited to bringing claim under CERCLA's contribution provision. Clear Lake Properties v. Rockwell Intern. Corp., S.D.Tex.1997, 959 F.Supp. 763. Environmental Law ☞ 444

**28.** ---- Contractors, persons entitled to maintain action

Hazardous waste spill at nonhazardous waste recycling facility "caused" plaintiff remediation contractor's response, for purposes of its action under CERCLA against waste shipper to recover plaintiff's response costs, which remained unpaid after facility's owner went out of business; there was no privity requirement that would permit only property owner to recover under CERCLA. OHM Remediation Services v. Evans Cooperage Co., Inc., C.A.5 (La.) 1997, 116 F.3d 1574. Environmental Law ☞ 445(1)

**29.** ---- Innocent owners, persons entitled to maintain action

Purchaser of site contaminated with hazardous substances was entitled to seek declaration of liability for future clean-up costs against vendor, as principally responsible party (PRP) for contamination, under CERCLA, since purchaser sought to establish liability for clean-up costs already incurred. Reichhold, Inc. v. U.S. Metals Refining Co., D.N.J.2007, 522 F.Supp.2d 724. Declaratory Judgment ☞ 82

Landowner could bring cost recovery action against other potentially responsible party (PRP) for direct response costs under CERCLA if it could establish elements of innocent landowner defense. 1325 'G' Street Associates, LP v. Rockwood Pigments, NA, Inc., D.Md.2002, 235 F.Supp.2d 458.

Landowners who were presumptive potentially responsible parties (PRPs) under CERCLA by virtue of their ownership could bring direct cost recovery claims seeking joint and several liability against another PRP who previously operated disposal facility on property, rather than only bringing contribution claims for which CERCLA would impose several liability, to extent that landowners could prove themselves to be "innocent landowners" within meaning of CERCLA. Boyce v. Bumb, N.D.Cal.1996, 944 F.Supp. 807. Environmental Law ☞ 447; Environmental Law ☞ 444

**30.** ---- Lessees, persons entitled to maintain action

CERCLA did not create right of action by tenant against landlord to recover costs of cleaning up asbestos dust accidentally released into leased space when walls containing asbestos were damaged by fire. People of State of Cal. v. Blech, C.A.9 (Cal.) 1992, 976 F.2d 525. Environmental Law ☞ 461; Environmental Law ☞ 437

**31.** ---- Liability insurer, persons entitled to maintain action

Under Washington law, claims filed against insured mining company in underlying CERCLA action, alleging release of hazardous substances into environment, were analogous to claims for trespass, nuisance and other interference with the use of private occupancy, and thus encompassed within personal injury liability endorsement of policy providing coverage for wrongful entry or other invasion of the right of private occupancy, absent presence of pollution exclusion provision under policy's personal injury liability endorsement. Newmont U.S.A. Ltd. and Dawn Mining Co. v. American Home Assur. Co., E.D.Wash.2011, 2011 WL 830106. Insurance ☞ 2310

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Liability insurer for potentially responsible party (PRP) could not, as innocent party, bring cost-recovery action under CERCLA to hold other PRPs jointly and severally liable for response costs it had incurred in connection with clean up of hazardous waste at contaminated site; insurer was not a party, innocent or otherwise, in the CERCLA sense, but rather was an insurer of PRP, and as insurer, it was limited to bringing subrogation action under CERCLA. California Dept. of Toxic Substances Control v. City of Chico, Cal., E.D.Cal.2004, 297 F.Supp.2d 1227. Environmental Law ☜ 444; Environmental Law ☜ 447; Insurance ☜ 3517

32. ---- States, persons entitled to maintain action

Water district that sued former landowner under Comprehensive Environmental Response Compensation and Liability Act (CERCLA), stemming from landowner's chemical storage, mixing, and packaging activities, had implied right to contribution under cost recovery provision of CERCLA; district was "person" under CERCLA as firm or corporation, complaint alleged that district incurred response costs for site investigation, monitoring and clean-up, and district had neither settled liability with government entity nor been subject of CERCLA suit for damages. Metropolitan Water Reclamation Dist. of Greater Chicago v. North American Galvanizing & Coatings, Inc., C.A.7 (Ill.) 2007, 473 F.3d 824, rehearing en banc denied. Environmental Law ☜ 444; Environmental Law ☜ 447

District court's error in requiring Washington State Department of Transportation (WSDOT) to proceed under CERCLA section governing recovery of responses costs incurred by "any other person," rather than by "state," was harmless, as district court would have reached same decision regarding WSDOT's compliance with National Contingency Plan (NCP) even under proper assignment of burden of proof. Washington State Dept. of Transp. v. Washington Natural Gas Co., Pacificorp, C.A.9 (Wash.) 1995, 59 F.3d 793. Environmental Law ☜ 690

33. Private party actions--Generally

Potentially responsible parties (PRPs) that signed consent decrees obligating them to reimburse government for Superfund site clean up costs were not entitled to pursue CERCLA cost recovery claims against customer of business that disposed of chemical waste at site, but instead their sole avenue for relief was claim for contribution; customer would have been barred from asserting contribution counterclaim if PRPs were allowed to bring cost recovery claim because PRPs had already entered consent decrees, and PRPs therefore would have been able to recover 100% of their costs from customer pursuant to joint and several liability available under CERCLA cost recovery provision despite their stipulated responsibility for portion of the contamination. Agere Systems, Inc. v. Advanced Environmental Technology Corp., C.A.3 (Pa.) 2010, 602 F.3d 204, certiorari denied 131 S.Ct. 646, 178 L.Ed.2d 479. Environmental Law ☜ 444; Environmental Law ☜ 447

Private party's cleanup of soil contamination satisfied requirements for removal actions, for purpose of recovering response costs from responsible party; responsible party was notified of potential cleanup, potential response actions were thoroughly evaluated, cleanup began in appropriate manner as soon as possible, and cleanup was performed in compliance with regulatory requirements. General Elec. Co. v. Litton Indus. Automation Systems, Inc., C.A.8 (Mo.) 1990, 920 F.2d 1415, certiorari denied 111 S.Ct. 1390, 499 U.S. 937, 113 L.Ed.2d 446, rehearing denied 111 S.Ct. 1697, 500 U.S. 911, 114 L.Ed.2d 91. Environmental Law ☜ 439

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

To prevail in private cost recovery action, plaintiff must establish that site on which hazardous substances are contained is "facility" under CERCLA's definition of that term, that release or threatened release of any hazardous substance from the facility has occurred, that such release or threatened release has caused plaintiff to incur response costs that were necessary and consistent with national contingency plan, and that defendant was within one of statutory classes of persons subject to liability. 3550 Stevens Creek Associates v. Barclays Bank of California, C.A.9 (Cal.) 1990, 915 F.2d 1355, certiorari denied 111 S.Ct. 2014, 500 U.S. 917, 114 L.Ed.2d 101. Environmental Law ⟨⟨⟨ 438

Term "other," used in provision of Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 107(a)(2)(B), 42 U.S.C.A. § 9607(a)(2)(B), creating private cause of action to recover any "other" necessary costs of response incurred by any other person consistent with national contingency plan, reasonably functions to distinguish between government response costs and private response costs. Wickland Oil Terminals v. Asarco, Inc., C.A.9 (Cal.) 1986, 792 F.2d 887, on remand 654 F.Supp. 955. Environmental Law ⟨⟨⟨ 446

Comprehensive Environmental Response, Compensation, and Liability Act creates private cause of action against responsible parties for recovery of necessary costs of response incurred by any other person consistent with national contingency plan which describes methods of responding to hazardous waste problems and sets forth guidelines for appropriate rules of state and federal agencies and private parties. Walls v. Waste Resource Corp., C.A.6 (Tenn.) 1985, 761 F.2d 311. Environmental Law ⟨⟨⟨ 461

Parties sued by the United States under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for the recovery and clean-up costs allegedly incurred by the United States at an industrial site, pled sufficient facts to make it plausible that at least some of their recovery expenses, either voluntary, compelled, or both, were more extensive in time and/or scope than those of the United States, as required to state a claim against another private party under CERCLA's cost-recovery provision. U.S. v. Pharmacia Corp., S.D.Ill.2010, 713 F.Supp.2d 785. Environmental Law ⟨⟨⟨ 444

Underlying civil action was not required for prior vendors to have private right of action against prior purchasers for contribution under CERCLA. McDonald v. Sun Oil Co., D.Or.2006, 423 F.Supp.2d 1114, motion granted 2006 WL 1720535, affirmed in part , reversed in part 548 F.3d 774, certiorari denied 129 S.Ct. 2825, 174 L.Ed.2d 552. Environmental Law ⟨⟨⟨ 447

CERCLA allows private parties who themselves are liable for response costs to bring direct response cost recovery claims against other potentially responsible parties (PRPs), rather than limiting liable parties only to contribution claims for which joint and several liability is not applicable, in light of purpose of CERCLA to encourage prompt voluntary cleanups. Charter Tp. of Oshtemo v. American Cyanamid Co., W.D.Mich.1995, 910 F.Supp. 332. Environmental Law ⟨⟨⟨ 447; Environmental Law ⟨⟨⟨ 444

For private party to recover under a CERCLA cost recovery action, it must prove that site is facility as defined by CERCLA, that release or threatened release of hazardous substance has occurred on site, that release or threatened release has caused them to incur response costs, and that each defendant falls within one of CERCLA's categories of liable parties. U.S. v. Taylor, M.D.N.C.1995, 909 F.Supp. 355. Environmental Law ⟨⟨⟨

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

438

Private party must prove four elements before it can prevail in cost recovery action under CERCLA: (1) site where hazardous substance is found is a facility; (2) there has been release or threatened release of hazardous substance from facility; (3) release or threatened release has caused private party to incur response costs that were necessary and consistent with national contingency plan; and (4) defendants fall within one of the four classes of parties subject to liability under the Act. Bunger v. Hartman, S.D.Fla.1994, 851 F.Supp. 461. Environmental Law ⚷ 438

Private party is not precluded from bringing CERCLA action to recover response costs where private party is, or may be, itself liable under CERCLA. City of North Miami, Fla. v. Berger, E.D.Va.1993, 828 F.Supp. 401. Environmental Law ⚷ 444

In order to establish private cost recovery action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), plaintiffs must prove that defendant falls under one of the four categories of covered persons, that site is "facility" as defined by CERCLA, that there has been release or threat of release of hazardous substance at facility, that release or threat of release caused plaintiff to incur response costs, and that plaintiff's costs were necessary costs of response consistent with National Contingency Plan. Warwick Administrative Group v. Avon Products, Inc., S.D.N.Y.1993, 820 F.Supp. 116. Environmental Law ⚷ 438

In private action to recover costs under CERCLA, plaintiff must establish that the defendant falls within one of the four classes of persons subject to liability, that a facility exists, that a hazardous substance has been released or is threatened to be released from that facility, and that release or threatened release has caused the plaintiff to incur response costs which are necessary and consistent with the national contingency plan. Burlington Northern R. Co. v. Woods Industries, Inc., E.D.Wash.1993, 815 F.Supp. 1384. Environmental Law ⚷ 438

"Private suits" under CERCLA are those which are brought against responsible parties in order to gain reimbursement for response costs. Hastings Bldg. Products, Inc. v. National Aluminum Corp., W.D.Mich.1993, 815 F.Supp. 228. Environmental Law ⚷ 461

Plaintiff seeking to establish a private CERCLA claim must show that defendant was the owner or operator of facility at time that hazardous substance was disposed of, and must prove that there was a release or threatened release which caused the occurrence of response costs, as those terms are defined in the Act. Stychno v. Ohio Edison Co., N.D.Ohio 1992, 806 F.Supp. 676. Environmental Law ⚷ 438

CERCLA section applicable to response costs incurred by "any other person" gives responsible or potentially responsible persons standing to bring action against owners-operators for response costs; allowing such parties to seek reimbursement supports underlying policy of encouraging prompt and complete response actions. Kelley v. Thomas Solvent Co., W.D.Mich.1990, 790 F.Supp. 710. Environmental Law ⚷ 656

To recover response costs in private response cost recovery action under CERCLA, private party must prove that

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

defendant falls within one or more of categories of "covered persons" under CERCLA; site in question is a "facility" as defined in CERCLA; release or threatened release of hazardous substances occurred on subject site; release or threatened release caused private party to incur costs; costs were necessary costs of response; and party's response actions were consistent with national contingency plan (NCP). Anspec Co., Inc. v. Johnson Controls, Inc., E.D.Mich.1992, 788 F.Supp. 951. Environmental Law ☞ 438

Private party who has incurred response costs as result of release or threatened release of hazardous material may bring action to recover costs if waste disposal site is "facility" within meaning of CERCLA, if release or threatened release of hazardous substance from facility has occurred, and if release or threatened release has caused plaintiff to incur response costs consistent with national contingency plan. Weyerhaeuser Corp. v. Koppers Co., Inc., D.Md.1991, 771 F.Supp. 1406. Environmental Law ☞ 438

In order to state a viable private action under CERCLA, plaintiff must prove: that defendant is within one of four statutory categories of covered persons liable for response costs; that there has been a release or threatened release of any hazardous substance from a facility; that such release or threatened release has caused plaintiff to incur response costs; and that the response costs were necessary and consistent with the national contingency plan. CP Holdings, Inc. v. Goldberg-Zoino & Associates, Inc., D.N.H.1991, 769 F.Supp. 432. Environmental Law ☞ 438

Comprehensive Environment Response Compensation Liability Act creates private cause of action against statutorily defined "responsible parties" for recovery of response costs incurred by any other person. Kalik v. Allis-Chalmers Corp., W.D.Pa.1987, 658 F.Supp. 631. Environmental Law ☞ 461

Private right of action existed under Comprehensive Environmental Response, Compensation, and Liability Act to recover response costs. Artesian Water Co. v. Government of New Castle County, D.C.Del.1985, 605 F.Supp. 1348.

Private parties had right to sue under under subsec. (a)(4)(B) of this section. Jones v. Inmont Corp., S.D.Ohio 1984, 584 F.Supp. 1425, reconsideration denied.

34. ---- Approval or authorization, private party actions

Prior government approval was not prerequisite to private recovery for cleanup costs under CERCLA. Richland-Lexington Airport Dist. v. Atlas Properties, Inc., C.A.4 (S.C.) 1990, 901 F.2d 1206. Environmental Law ☞ 446

Landowner was not required to obtain governmental approval prior to filing private action for response costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); government approval prior to initiation of private action is not required for consistency with national contingency plan (NCP). Marriott Corp. v. Simkins Industries, Inc., S.D.Fla.1993, 825 F.Supp. 1575. Environmental Law ☞ 658

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

City, as private party, was not required to obtain prior approval from Environmental Protection Agency or state Department of Environmental Conservation as precondition to commencement of cost recovery action under Comprehensive Environmental Response, Compensation, and Liability Act, where reimbursement was sought, not from Superfund, but directly from major corporations which generated and transported hazardous waste dumped at city landfill; disagreeing with *Wickland Oil Terminals v. ASARCO, Inc.*, 590 F.Supp. 72 (N.D.Cal.); *Bulk Distrib. Centers, Inc. v. Monsanto Co.*, 589 F.Supp. 1437 (S.D.Fla.). City of New York v. Exxon Corp., S.D.N.Y.1986, 633 F.Supp. 609. Environmental Law ☞ 658

Neighboring landowners who were allegedly damaged by hazardous waste generated by manufacturing plant were not required to obtain approval from federal or state government of their response cost before seeking recovery under Comprehensive Environmental Response, Compensation, and Liability Act of 1980. Fishel v. Westinghouse Elec. Corp., M.D.Pa.1985, 617 F.Supp. 1531.

The Comprehensive Environmental Response, Compensation, and Liability Act does not require prior governmental approval of response actions as a prerequisite to recover response costs by a private party; disagreeing with *Pinole Point Properties, Inc. v. Bethlehem Steel Corp.,* 596 F.Supp. 283. Artesian Water Co. v. Government of New Castle County, D.C.Del.1985, 605 F.Supp. 1348.

Consistency with national contingency plan for cleanup of hazardous waste disposal sites, not preauthorization or appearance on national priorities list, is all that is required for recovery under this section for private cleanup activities that are undertaken at hazardous waste disposal site in absence of governmental action with respect to particular site. Pinole Point Properties, Inc. v. Bethlehem Steel Corp., N.D.Cal.1984, 596 F.Supp. 283. Environmental Law ☞ 446

   35. ---- Personal injury actions, private party actions

Action in which county employee who suffered from leukemia allegedly caused by benzene exposure at county building where she worked, and her husband, claimed that employee had died of leukemia allegedly caused by workplace exposure to benzene, and that source of benzene was oil tanks formerly located at site of county office where employee worked, alleged that derivative of petroleum was source of employee's injuries, and thus came within petroleum exclusion to CERCLA's liability provisions. Wademan v. Concra, N.D.N.Y.1998, 13 F.Supp.2d 295. Environmental Law ☞ 440

No private cause of action to recover damages for personal injuries is expressly or impliedly created by Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) or Resource Conservation and Recovery Act (RCRA). Polcha v. AT & T Nassau Metals Corp., M.D.Pa.1993, 837 F.Supp. 94. Environmental Law ☞ 461; Environmental Law ☞ 385

   36. Elements of cause of action

In bringing action under CERCLA, government must establish that: defendant is one of four categories of covered persons listed in CERCLA as liable for costs of remedial action; site of cleanup is "facility" under CER-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

CLA; there is release or threatened release of hazardous substances at facility; as result of release or threatened release, government has incurred response costs; and costs incurred conform to national contingency plan as administered by Environmental Protection Agency (EPA). U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 1993, 990 F.2d 711, on remand 1996 WL 637559, opinion after remand from court of appeals 97 F.Supp.2d 248, affirmed 315 F.3d 179, petition for certiorari filed 2003 WL 22204173. Environmental Law ⚷ 438

To prevail in cost-recovery action under CERCLA, property owners had to establish release or threatened release of hazardous substance occurred from county's maintenance facility which caused owners to incur response costs that were consistent with national contingency plan. White v. County of Newberry, S.C., C.A.4 (S.C.) 1993, 985 F.2d 168. Environmental Law ⚷ 442; Environmental Law ⚷ 441

In order to establish a defendant's liability under CERCLA, site in question must be "facility" as defined by CERCLA, defendant must be "responsible person" for spill as defined by CERCLA, there must have been release of hazardous substances, and release must have caused plaintiff to incur response costs. Environmental Transp. Systems, Inc. v. ENSCO, Inc., C.A.7 (Ill.) 1992, 969 F.2d 503, 146 A.L.R. Fed. 685. Environmental Law ⚷ 438

Elements necessary for a prima facie case in a private-party lawsuit under CERCLA are: defendant must fall within one of four categories of covered persons; there must have been a "release or threatened release" of a hazardous substance from defendant's facility; the release or threatened release must cause the incurrence of response costs by the plaintiff; the plaintiffs' costs must be necessary costs of response consistent with the national contingency plan. Dedham Water Co. v. Cumberland Farms Dairy, Inc., C.A.1 (Mass.) 1989, 889 F.2d 1146, rehearing denied , clarified 901 F.2d 3, on remand 770 F.Supp. 41. Environmental Law ⚷ 438

CERCLA plaintiff must prove, at minimum, four elements: that waste disposal site is "facility" within meaning of CERCLA; that "release" or "threatened release" of "hazardous substance" from facility has occurred; that such release required expenditures of response costs that are consistent with national contingency plan; and that defendant falls within one of four classes of persons subject to CERCLA liability. U.S. v. Poly-Carb, Inc., D.Nev.1996, 951 F.Supp. 1518. Environmental Law ⚷ 438

To recover cleanup costs under CERCLA, private plaintiff must prove that defendant is within one of four categories of covered persons under CERCLA, that site is covered facility, that release or threatened release of hazardous substance at facility has occurred, that release or threatened release caused plaintiff to incur costs, and that plaintiff's response actions were consistent with National Contingency Plan (NCP). Bancamerica Commercial Corp. v. Trinity Industries, Inc., D.Kan.1995, 900 F.Supp. 1427, affirmed in part, reversed in part and remanded 100 F.3d 792, amended 103 F.3d 80. Environmental Law ⚷ 438

To succeed on claim under private action provisions of CERCLA, private party plaintiff must show that property on which hazardous substances were contained was "facility" within meaning of CERCLA, that release of hazardous substance from facility occurred or is threatened, that release or threatened release caused plaintiff to incur response costs necessary and consistent with National Contingency Plan, and that defendant was one of statutory classes of persons subject to liability. Dartron Corp. v. Uniroyal Chemical Co., Inc., N.D.Ohio 1995, 893

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

F.Supp. 730. Environmental Law ⬗═ 438

To trigger liability, CERCLA requires only presence at facility of any of CERCLA's listed hazardous sub-stances; for liability purposes, statute does not require any threshold quantity or concentration of hazardous sub-stance. Reichhold Chemicals, Inc. v. Textron, Inc., N.D.Fla.1995, 888 F.Supp. 1116. Environmental Law ⬗═ 441

To establish claim under this section plaintiff must prove: site in question is "facility" as defined in CERCLA; release or threatened release of hazardous substance has occurred; release or threatened release has caused plaintiff to incur response costs; and defendant is responsible party under CERCLA. Chatham Steel Corp. v. Brown, N.D.Fla.1994, 858 F.Supp. 1130. Environmental Law ⬗═ 438

To establish liability under CERCLA, plaintiff must demonstrate that there has been release or substantial threat of release of hazardous substance; from a facility; which caused plaintiff to incur response costs; and each of de-fendants fits within one of the categories of potentially responsible parties identified under CERCLA. U.S. v. A & N Cleaners and Launderers, Inc., S.D.N.Y.1994, 854 F.Supp. 229. Environmental Law ⬗═ 438

To establish CERCLA liability, government must show: (1) that defendants were persons within meaning of statute; (2) they owned or possessed hazardous substances; (3) by contract, agreement or otherwise, they ar-ranged for disposal or treatment of those wastes at facility; (4) release or threatened release of hazardous sub-stance at site occurred; and (5) response costs were incurred as result of release or threatened release. U.S. v. Wedzeb Enterprises, Inc., S.D.Ind.1994, 844 F.Supp. 1328. Environmental Law ⬗═ 438

To establish liability for hazardous substances releases under Comprehensive Environmental Response, Com-pensation, and Liability Act of 1980 (CERCLA), government must establish that site is facility, that release or threatened release of hazardous substance from site has occurred, that release or threatened release caused gov-ernment to incur response costs, and that defendants fall within at least one of four classes of covered persons. U.S. v. Shell Oil Co., C.D.Cal.1993, 841 F.Supp. 962, affirmed 281 F.3d 812, withdrawn and superseded on denial of rehearing 294 F.3d 1045, certiorari denied 123 S.Ct. 850, 537 U.S. 1147, 154 L.Ed.2d 849. Environ-mental Law ⬗═ 438

Claimant seeking recovery under CERCLA for recovery of costs incurred in responding to hazardous waste problems must show that: (1) waste disposal site is "facility" within meaning of CERCLA; (2) there has been "release" or "threatened release" of any "hazardous substance" from facility; (3) release or threatened release has caused plaintiff to incur response costs that are consistent with national contingency plan; and (4) defendant falls within one of four classes of persons subject to CERCLA liability. Lincoln Properties, Ltd. v. Higgins, E.D.Cal.1992, 823 F.Supp. 1528. Environmental Law ⬗═ 438

In order to make out cost recovery claim under CERCLA, claimant must prove defendant comes within one of four classes of "covered persons" identified in statute, there is release or a threatened release of hazardous sub-stances from facility, release or a threatened release caused claimant to incur response costs, costs incurred were

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

necessary costs of response and response costs incurred were consistent with national contingency plan. Reading Co. v. City of Philadelphia, E.D.Pa.1993, 823 F.Supp. 1218. Environmental Law ☞ 438

To impose cleanup liability under CERCLA, plaintiff must prove that release of hazardous substance occurred at site which is "facility," causing plaintiff to incur response costs, and that defendant is "responsible" person within meaning of statute. State of Cal. on Behalf of State Dept. of Toxic Substances v. Summer Del Caribe, Inc., N.D.Cal.1993, 821 F.Supp. 574, 125 A.L.R. Fed. 729. Environmental Law ☞ 438

To establish liability under CERCLA, plaintiff must prove that site is "facility," that defendant falls within at least one of the statutorily listed classes of "responsible persons," that there has been "release" or "threatened release" of hazardous substance from site, and that plaintiff has incurred response costs due to release or threatened release. Bowen Engineering v. Estate of Reeve, D.N.J.1992, 799 F.Supp. 467, affirmed 19 F.3d 642. Environmental Law ☞ 438

To prevail under Comprehensive Environmental Response, Compensation and Liability Act, plaintiff must establish that defendant falls within one or more of classes of liable persons and that "release" or "threatened release" of "hazardous substance" has occurred or is occurring and has caused United States to incur "response costs." U.S. v. Fleet Factors Corp., S.D.Ga.1988, 724 F.Supp. 955, affirmed and remanded on other grounds 901 F.2d 1550, rehearing denied 911 F.2d 742, certiorari denied 111 S.Ct. 752, 498 U.S. 1046, 112 L.Ed.2d 772, on remand 819 F.Supp. 1079.

To establish legal obligation under CERCLA, four elements must be established: there must be facility; there must be release or threatened release of hazardous substance at facility; there must be responsible person; and federal Government must have incurred necessary costs in responding to release at facility. U.S. v. Union Scrap Iron & Metal, D.Minn.1990, 123 B.R. 831. Environmental Law ☞ 438

37. Prima facie case--Generally

To state prima facie case under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), plaintiff must allege: (1) that waste disposal site is facility within meaning of Act; (2) that release or threatened release of hazardous substance from facility has occurred; (3) that such release or threatened release will require expenditure of response costs that are consistent with national contingency plan; and (4) that defendant falls within one of four classes of persons subject to CERCLA's liability provisions. Cose v. Getty Oil Co., C.A.9 (Cal.) 1993, 4 F.3d 700, as amended. Environmental Law ☞ 438

To establish prima facie case of liability in cost recovery action under Comprehensive Environmental Response, Compensation, and Liability Act, plaintiff must prove that site in question is "facility" as defined in Act, that defendant is responsible person under Act, that release or threatened release of hazardous substance has occurred, and that release or threatened release has caused plaintiff to incur response costs. Amoco Oil Co. v. Borden, Inc., C.A.5 (Tex.) 1989, 889 F.2d 664, clarified on denial of rehearing. Environmental Law ☞ 438

Federal government established prima facie case under CERCLA for recovery of response costs against owners

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

and operators of mine at which acid mine-drainage discharges occurred; prior court orders established that defendants were the liable parties and that mine was a CERCLA facility that had released hazardous substances, and government provided detailed evidence of the costs it had incurred during period at issue in responding to discharges at mine. U.S. v. Iron Mountain Mines, E.D.Cal.2010, 724 F.Supp.2d 1086. Environmental Law ☞ 465

United States established that it incurred response costs to clean up asbestos on owner's properties that were formerly used to mine and process asbestos, thereby establishing a prima facie case for liability against owner for response costs under CERCLA. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2002, 280 F.Supp.2d 1135, affirmed 429 F.3d 1224, certiorari denied 127 S.Ct. 379, 549 U.S. 951, 166 L.Ed.2d 268. Environmental Law ☞ 446

Elements of prima facie claim under CERCLA are: defendant must fall within one of four categories of "covered persons"; there must have been "release or threatened release" of hazardous substance from facility; release or threatened release must "cause the incurrence of response costs" by plaintiff; and response costs must be necessary costs and consistent with National Contingency Plan (NCP). Anschutz Min. Corp. v. NL Industries, Inc., E.D.Mo.1995, 891 F.Supp. 492. Environmental Law ☞ 438

To make out prima facie case of action under CERCLA, plaintiffs must establish that: defendant fits one of four classes of responsible parties, site is a facility, there is release or threatened release of hazardous substances at facility, plaintiff incurred costs responding to release or threatened release, and costs and response actions conform to national contingency plan set up under CERCLA and administered by Environmental Protection Agency (EPA) in order to prioritize hazardous substance release sites. U.S. v. Witco Corp., E.D.Pa.1994, 853 F.Supp. 139. Environmental Law ☞ 438

To establish prima facie case of liability in CERCLA cost recovery action, plaintiff must prove that site is "facility" defined under statute; release or threatened release of hazardous substance has occurred on site; release or threatened release has caused plaintiff to incur response costs; and each defendant falls within one of categories of "liable parties" under statute. Northwestern Mut. Life Ins. Co. v. Atlantic Research Corp., E.D.Va.1994, 847 F.Supp. 389. Environmental Law ☞ 438

To prove prima facie cause of action for liability for response costs under Comprehensive Environmental Response, Compensation, and Recovery Act (CERCLA), city must prove that defendant is responsible party, that site at which hazardous substances were disposed is facility, that there has been release or threatened release of hazardous substances into environment from facility, and that city incurred necessary costs responding to release or threatened release consistent with National Contingency Plan (NCP). City of New York v. Chemical Waste Disposal Corp., E.D.N.Y.1993, 836 F.Supp. 968. Environmental Law ☞ 438

For purpose of stating prima facie case in Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) cost recovery action, landowner was not required to allege commencement of cleanup procedures as part of its complaint; prima facie case under CERCLA does not include implementation of cleanup programs but, rather, all that is required is that release of hazardous substance caused necessary response costs

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

consistent with national contingency plan (NCP). Marriott Corp. v. Simkins Industries, Inc., S.D.Fla.1993, 825 F.Supp. 1575. Environmental Law ⚷ 446

The five elements of prima facie claim under CERCLA are: defendant fits in one of the four classes of responsible parties; site is a facility; there is release or threatened release of hazardous substances at the facility; plaintiff incurred costs responding to release or threatened release; and costs and response actions conform to National Contingency Plan set up under the Act and administered by the Environmental Protection Agency (EPA) in order to prioritize hazardous substance release sites throughout the nation. National R.R. Passenger Corp. v. New York City Housing Authority, S.D.N.Y.1993, 819 F.Supp. 1271. Environmental Law ⚷ 438

To establish prima facie case of liability under CERCLA, Environmental Protection Agency (EPA) must prove that site in question is a "facility," that defendant is a responsible person, that "release" or threatened release of "hazardous substance" has occurred, and that the release or threatened release has caused plaintiff to incur response costs. U.S. v. United Nuclear Corp., D.N.M.1992, 814 F.Supp. 1552. Environmental Law ⚷ 438

United States properly alleged prima facie case to recover response costs; it alleged that site was facility within meaning of CERCLA, that release or threatened release of hazardous substance occurred, that release caused Government to incur response costs not inconsistent with National Contingency Plan, and that each defendant was covered person. U.S. v. Fairchild Industries, Inc., D.Md.1991, 766 F.Supp. 405. Environmental Law ⚷ 438

There are four elements to prima facie liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA): (1) release of hazardous substances must have occurred, (2) at facility, (3) causing plaintiff to incur response costs, and (4) defendant must be a "responsible party." CPC Intern., Inc. v. Aerojet-General Corp., W.D.Mich.1991, 759 F.Supp. 1269, reconsideration denied.

To establish a prima facie case for liability in a response cost recovery action under CERCLA, the Government must show that: the site is a "facility"; "release" or "threatened release" of a "hazardous substance" from the site has occurred; the release or threatened release has caused the United States to incur response costs; and the defendants fall within at least one of the four classes of responsible persons described in the Act. U.S. v. Kramer, D.N.J.1991, 757 F.Supp. 397. Environmental Law ⚷ 438

Prima facie case of liability under CERCLA requires that site be facility, that there be release or threatened release of "hazardous substance" from site, that release or threatened release caused plaintiff to incur response costs, that defendants are covered persons, and that responsive actions taken and costs incurred were consistent with national contingency plan. B.F. Goodrich Co. v. Murtha, D.Conn.1991, 754 F.Supp. 960, affirmed 958 F.2d 1192. Environmental Law ⚷ 438

Prima facie case of liability for Government's response costs under Comprehensive Environmental Response, Compensation, and Liability Act is established by showing that site is "facility," "release" or threatened release of "hazardous substance" from site, release or threatened release has caused United States to incur "response

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

costs," and defendants are "owners" of facility. U.S. v. Serafini, M.D.Pa.1988, 706 F.Supp. 346. Environmental Law 438

**38.** ---- Private party actions, prima facie case

Under CERCLA's liability section, plaintiff makes prima facie case by establishing that defendant is "responsible party," site is a "facility," there has been release or there is threatened release of hazardous substances, plaintiff has incurred costs in response to release or threatened release, and response costs conform to national contingency plan. ABB Indus. Systems, Inc. v. Prime Technology, Inc., C.A.2 (Conn.) 1997, 120 F.3d 351. Environmental Law 438

For private plaintiff to establish prima facie CERCLA case for recovery of waste cleanup costs, he must show: that defendant is within one of four statutory categories of covered persons liable for such costs; that there has been release or there is threat of release of hazardous substance from a facility; that such release has caused plaintiff to incur cleanup and response costs; that costs expended were necessary; and that responsive actions taken and costs incurred were consistent with national contingency plan. Jordan v. Southern Wood Piedmont Co., S.D.Ga.1992, 805 F.Supp. 1575. Environmental Law 438

**39.** Hazardous substances--Generally

Environmental Protection Agency's (EPA) alleged failure to designate type of lead present in material containing mining byproducts did not preclude smelter's liability under CERCLA. A&W Smelter and Refiners, Inc. v. Clinton, N.D.Cal.1997, 962 F.Supp. 1232, affirmed in part, reversed in part and remanded 146 F.3d 1107. Environmental Law 445(1)

Hazardous substance must be involved before CERCLA liability may be imposed. Southern Pacific Transp. Co. v. California (Caltrans), C.D.Cal.1991, 790 F.Supp. 983. Environmental Law 440

**40.** ---- Pollutants or contaminants distinguished, hazardous substances

While distinction between "hazardous substance" and "pollutants or contaminants" is not important for purposes of National Priorities List (NPL), it is critical for purposes of cost recovery action; owner of land may not be liable for cleanup costs of pollutants or contaminants but is liable for costs incurred to clean up hazardous substances. U.S. v. United Nuclear Corp., D.N.M.1992, 814 F.Supp. 1552. Environmental Law 446; Environmental Law 440

**41.** ---- Concentration or threshold levels, hazardous substances

No minimum level of "hazardous substance" is required to trigger CERCLA coverage. A & W Smelter and Refiners, Inc. v. Clinton, C.A.9 (Cal.) 1998, 146 F.3d 1107. Environmental Law 441

No specific threshold level of hazardous substance gives rise to CERCLA liability. A&W Smelter and Refiners,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Inc. v. Clinton, N.D.Cal.1997, 962 F.Supp. 1232, affirmed in part, reversed in part and remanded 146 F.3d 1107. Environmental Law ⟾ 440

Exact concentration levels of hazardous substances at site were legally irrelevant to transporter's liability under CERCLA for cleanup costs; liability for response under CERCLA did not depend on presence of some minimum threshold level of hazardous substance. Atlantic Richfield Co. v. Blosenski, E.D.Pa.1994, 847 F.Supp. 1261. Environmental Law ⟾ 441

42. ---- Mixtures, hazardous substances

In determining whether a disposer of waste should be held liable under CERCLA for disposing of a hazardous substance, when the waste is a "mixture" in which individual components are easily separated, like lead-based paint, the dissociation of the hazardous substance from the waste can be presumed, and the disposer should be held liable for disposing of a hazardous substance. U.S. v. New Castle County, D.Del.1991, 769 F.Supp. 591, 118 A.L.R. Fed. 701. Environmental Law ⟾ 441

43. Release--Generally

Under CERCLA, there is substantial overlap in terms used to define "disposal" and "release" of a hazardous substance, so analysis of the "release" element required for CERCLA liability inevitably overlaps with "responsible party" analysis. Sycamore Indus. Park Associates v. Ericsson, Inc., C.A.7 (Ill.) 2008, 546 F.3d 847, rehearing and rehearing en banc denied , certiorari denied 129 S.Ct. 2002, 173 L.Ed.2d 1087. Environmental Law ⟾ 441; Environmental Law ⟾ 445(1)

Disposal of hazardous waste is not the same as a release of hazardous waste under CERCLA; he term "release" is broader than "disposal." Bob's Beverage, Inc. v. Acme, Inc., C.A.6 (Ohio) 2001, 264 F.3d 692. Environmental Law ⟾ 441

Companies that previously controlled property could not be liable under CERCLA for passive migration of hazardous chemicals that their predecessor allegedly spilled and that continued to gradually spread underground while they controlled site; there was no "disposal" or "release" of hazardous substance during passive migration. ABB Indus. Systems, Inc. v. Prime Technology, Inc., C.A.2 (Conn.) 1997, 120 F.3d 351. Environmental Law ⟾ 445(1); Environmental Law ⟾ 441

Landowner that sued potentially responsible parties (PRPs), seeking contribution and recovery of costs related to environmental cleanup of harbor, adequately alleged release of hazardous substances, as required to state claim under Comprehensive Environmental Response Compensation and Liability Act (CERCLA); complaint specified location of release, identified types of waste involved, and indicated that wastes had been found in sediments at site. Arkema Inc. v. Anderson Roofing Co., Inc., D.Or.2010, 719 F.Supp.2d 1318. Environmental Law ⟾ 441

Genuine issue of material fact as to source of "release" of tetrachlorethylene (PCE) into soil of residential apart-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ment complex and adjacent property precluded summary judgment on claims brought by complex seeking recovery from adjacent property owner for cleanup response costs, pursuant to Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). Walnut Creek Manor, LLC v. Mayhew Center, LLC, N.D.Cal.2009, 622 F.Supp.2d 918. Federal Civil Procedure ⚷ 2498.3

There was release of hazardous substances at smelting facility, as required to subject insurers of estate of deceased owner of facility to liability for response, removal, and remediation costs under CERCLA; site was contaminated with high levels of copper, lead, and dioxins, and contamination had migrated beyond property boundaries and contaminated neighboring properties. California Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp., E.D.Cal.2003, 298 F.Supp.2d 930. Environmental Law ⚷ 441

To recover response costs under CERCLA, there is no minimum requirement for a release or threat of release to have occurred. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2002, 280 F.Supp.2d 1135, affirmed 429 F.3d 1224, certiorari denied 127 S.Ct. 379, 549 U.S. 951, 166 L.Ed.2d 268. Environmental Law ⚷ 441; Environmental Law ⚷ 442

Passive water migration of hazardous substances, which was caused by seepage, leaching, and migration due to flowing water from variations in low and high water, although unaided by human conduct, was post-enactment "release" under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), since the hazardous substances were knowingly dumped into the waterways. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. Environmental Law ⚷ 441

So long as some constituent part of the wastes disposed contained some substance denominated as hazardous, liability under CERCLA will attach, and independent releasability of the substance, i.e., without effect of an intervening force, need not be established. Pfohl Brothers Landfill Site Steering Committee v. Allied Waste Systems, Inc., W.D.N.Y.2003, 255 F.Supp.2d 134, reconsideration denied 2003 WL 21518341. Environmental Law ⚷ 441

Presence of PCB-contaminated soil on the property constituted "release," for purpose of imposing CERCLA liability; release did not have to be on-going to come within statutory definition. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2002, 204 F.Supp.2d 318. Environmental Law ⚷ 441

Arsenic trioxide dust occurring when employees poured arsenic trioxide into chlorinators allegedly owned by government was discharge of hazardous substance at chlorinators for purposes of CERCLA claims against government, despite government's argument that any release occurred at private manufacturer's floor onto which dust landed rather than at chlorinators. Elf Atochem North America v. U.S., E.D.Pa.1996, 914 F.Supp. 1166. Environmental Law ⚷ 441

Presence of constituent elements of coal-tar on site of former manufactured gas plant and adjacent property and additional presence of tetrachloroethane, acetone, and methylene chloride on adjacent property was sufficient to meet CERCLA liability requirement of "release" of hazardous substance on site and property. HRW Systems,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Environmental Law ⚖ 441

Plaintiff failed to carry its burden of showing that state agency and purchasers of contaminated site were liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for agency's alleged puncturing barrels of sludge, burying other barrels and failing to remove some sludge at site, where plaintiff did not allege in its complaint or summary judgment motion that such incidents resulted in "releases." CPC Intern., Inc. v. Aerojet-General Corp., W.D.Mich.1991, 759 F.Supp. 1269, reconsideration denied.

44. ---- Federally permitted release

Spillage of polychlorinated biphenyls (PCBs) from transformers used on railcars was not a "federally permitted release" for which party with CERCLA cleanup liability could not seek contribution from others under CERCLA; to constitute "federally permitted release," discharge would have to be pursuant to permit issued under Solid Waste Disposal Act, no such permit had been issued, and regulation adopted under Toxic Substances Control Act, allowing use of railcar transformers in a nontotally enclosed manner, was not substantially equivalent to such permit. Reading Co. v. City of Philadelphia, E.D.Pa.1993, 823 F.Supp. 1218. Environmental Law ⚖ 447; Environmental Law ⚖ 441

Release of liquid containing hazardous materials out of uranium mine's tailings ponds and into various subterranean aquifers was not a "federally permitted release" such that Environmental Protection Agency (EPA) had to pursue remedies other than CERCLA action to recover its cleanup expenditures; although the New Mexico Environmental Improvement Division (the agency issuing license) knew of the seepage in question, by its plain language license did not purport to permit seepage into aquifers. U.S. v. United Nuclear Corp., D.N.M.1992, 814 F.Supp. 1552. Environmental Law ⚖ 441

Under CERCLA, costs of responding to federally permitted release may not be recovered unless it is shown that nonfederally permitted releases contributed to natural injury; even where releases were permitted, response costs may be recovered for any releases that were not expressly permitted, exceeded limitations of permit, or occurred at time when there was no permit. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1992, 812 F.Supp. 1528. Environmental Law ⚖ 441

45. ---- Threat of release

District court's finding that there had been no release or threatened release of hazardous substances from Superfund site was not clearly erroneous and, thus, owners of property near site were not entitled to damages for diminution in value of their property or for response costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); former employee of Environmental Protection Agency (EPA) testified that clean-up of site had been successful, and toxicologist testified that substances found on plaintiffs' property occurred naturally. Stewman v. Mid-South Wood Products of Mena, Inc., C.A.8 (Ark.) 1993, 993 F.2d 646, 120 A.L.R. Fed. 639, rehearing denied. Environmental Law ⚖ 465

Unsecured pile containing hazardous substance from mining operations was actually escaping or was threatening

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

to escape into environment, so as to permit attachment of CERCLA liability; material was unsecured and located in unfenced pile in corner of residential property, wind was observed to be blowing particles from pile, and children had been playing in pile for approximately one week. A&W Smelter and Refiners, Inc. v. Clinton, N.D.Cal.1997, 962 F.Supp. 1232, affirmed in part, reversed in part and remanded 146 F.3d 1107. Environmental Law ☞ 442; Environmental Law ☞ 441

CERCLA does not require that there has been release but, rather, imminent release is enough to trigger CERCLA coverage. Anschutz Min. Corp. v. NL Industries, Inc., E.D.Mo.1995, 891 F.Supp. 492. Environmental Law ☞ 442

There was "release or threatened release" of hazardous waste into environment within meaning of owner liability provision of CERCLA concerning streams of waste discharged from machines owned by United States into pesticide manufacturer's pipes which led directly to outdoor waste pit; release into environment did not have to be direct. Elf Atochem North America, Inc. v. U.S., E.D.Pa.1994, 868 F.Supp. 707. Environmental Law ☞ 442; Environmental Law ☞ 441

To establish liability for cleanup costs under CERCLA, government must demonstrate that: there has been a "release" or a "substantial threat of release" of a "hazardous substance"; from a "facility"; which caused the government to incur response costs; and each of the defendants fits within one of the categories of responsible parties identified under CERCLA. U.S. v. A & N Cleaners and Launderers, Inc., S.D.N.Y.1994, 842 F.Supp. 1543. Environmental Law ☞ 438

Private landowners met requirement that there be "threat of release of hazardous substances" for maintenance of private suit under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) by discovery of substances found through testing in their proximity to landfill, even though most concentrations were not found to be high; because concentrations of benzene in single monitoring well were detected at higher levels possibility existed that such substances might increase in concentration. Rhodes v. County of Darlington, S.C., D.S.C.1992, 833 F.Supp. 1163. Environmental Law ☞ 442

Allegations that owner of public storage tanks was ill-equipped to handle hazardous waste, unknowingly received hazardous waste, and failed to take necessary handling and labeling precautions did not establish "threat of release" of hazardous substance needed for owner to state claim to recover response costs from lessee under CERCLA; there was no allegation that liquid solution stored in tanks was capable of escaping into environment. Powell Duffryn Terminals, Inc. v. CJR Processing, Inc., N.D.Ill.1992, 808 F.Supp. 652. Environmental Law ☞ 442

45a. ---- Particular cases release not found

When there is no emission into the outside environment, but rather any hazard resulting from emission of the hazardous substance would be confined inside a building, there is no "release or threatened release," and thus there can be no liability under CERCLA. Sycamore Indus. Park Associates v. Ericsson, Inc., C.A.7 (Ill.) 2008, 546 F.3d 847, rehearing and rehearing en banc denied , certiorari denied 129 S.Ct. 2002, 173 L.Ed.2d 1087. En-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

vironmental Law ⟨⟩ 441; Environmental Law ⟨⟩ 442

Claim brought under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) by utility companies against former parent corporation, seeking to impose liability for pollution at manufactured gas plant, accrued as to six-year limitations period upon initiation of physical on-site construction of "remedial action" at plant site; there was no release or threatened release of hazardous material that precipitated action, but rather trench was installed to prevent migration of tars that were already in ground. Yankee Gas Services Co. v. UGI Utilities, Inc., D.Conn.2009, 616 F.Supp.2d 228. Environmental Law ⟨⟩ 671

Even if site that had been used as public target and skeet shooting range qualified as CERCLA facility, there was no evidence showing prerequisite release or threatened release of hazardous substances from facility into environment, including lead from expended lead shot that was deposited on ground, precluding liability of past landowners and operators of shooting range for CERCLA contribution. Otay Land Co. v. U.E. Ltd., L.P., S.D.Cal.2006, 440 F.Supp.2d 1152, vacated 338 Fed.Appx. 689, 2009 WL 2179739. Environmental Law ⟨⟩ 441; Environmental Law ⟨⟩ 442

46. Disposal

Vendor's sale to purchaser of industrial property with abandoned asbestos insulation in boiler-based steam heating system did not constitute "disposal" of hazardous substance, as required for vendor to be "responsible party," within meaning of CERCLA, since vendor did not place asbestos into or on any land or water so that asbestos would enter environment or be emitted into air or discharged into any waters, but rather, all insulation was either inside building or enclosed in pipe chase or metal case, and vendor did not transfer property with intent to dispose of hazardous substance. Sycamore Indus. Park Associates v. Ericsson, Inc., C.A.7 (Ill.) 2008, 546 F.3d 847, rehearing and rehearing en banc denied , certiorari denied 129 S.Ct. 2002, 173 L.Ed.2d 1087. Environmental Law ⟨⟩ 445(1)

Gradual passive migration of contamination, including tar-like and slag materials, through soil, which allegedly took place during prior owners' ownership of property, was not a "disposal" under CERCLA, and prior owners were thus not potentially responsible parties (PRPs) for purpose of present owner's cost recovery action; such interpretation was consistent with plain meaning of statutory definition of "disposal," as well as purpose and structure of CERCLA and CERCLA's legislative history. Carson Harbor Village, Ltd. v. Unocal Corp., C.A.9 (Cal.) 2001, 270 F.3d 863, certiorari denied 122 S.Ct. 1437, 535 U.S. 971, 152 L.Ed.2d 381, on remand 2003 WL 22005933. Environmental Law ⟨⟩ 441

"Disposal" of hazardous waste under CERCLA requires evidence of active human conduct, and addresses activity that precedes the entry of a substance into the environment; in addition, cross contamination by a former owner or operator constitutes a "disposal." Bob's Beverage, Inc. v. Acme, Inc., C.A.6 (Ohio) 2001, 264 F.3d 692 . Environmental Law ⟨⟩ 441

Plaintiff who claims that soil investigation conducted on property caused the spread of contaminants and constitutes "disposal" under CERCLA must show not only that investigation caused spread but also that investigation

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

was conducted negligently, as CERCLA contemplates that prospective purchasers be allowed to conduct soil investigations to determine whether property is contaminated. U.S. v. CDMG Realty Co., C.A.3 (N.J.) 1996, 96 F.3d 706. Environmental Law ⬤━ 441

Term "disposal" in the CERCLA is not limited to active human conduct, but, rather, "disposal" has a range of meanings, including not only active conduct, but also reposing of hazardous waste and its subsequent movement through the environment. Nurad, Inc. v. William E. Hooper & Sons Co., C.A.4 (Md.) 1992, 966 F.2d 837, 122 A.L.R. Fed. 743, certiorari denied 113 S.Ct. 377, 506 U.S. 940, 121 L.Ed.2d 288. Environmental Law ⬤━ 441

Term "disposal," as used in CERCLA refers only to affirmative act of discarding substance as waste, and not to productive use of substance. 3550 Stevens Creek Associates v. Barclays Bank of California, C.A.9 (Cal.) 1990, 915 F.2d 1355, certiorari denied 111 S.Ct. 2014, 500 U.S. 917, 114 L.Ed.2d 101. Environmental Law ⬤━ 441

Pennsylvania Department of Environmental Protection's (PADEP) disposal of Strontium-90, (Sr-90), a radioactive and hazardous nuclear byproduct material, constituted a "disposal of any hazardous substance" for purposes of PADEP's claim, under CERCLA, for reimbursement of response costs associated with cleanup of Sr-90. Pennsylvania v. Lockheed Martin Corp., M.D.Pa.2010, 684 F.Supp.2d 564. Environmental Law ⬤━ 440

Both owner's removal, stockpiling, and re-spreading of contaminated soil on the residential lots it was developing and movement of soils by the individual purchasers for various improvements on their lots constituted "disposal" under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), and therefore owner, its affiliated operator, and individual purchasers were potentially responsible parties (PRPs) subject to liability for cost of cleanup of hazardous waste under CERCLA. Bonnieview Homeowners Ass'n v. Woodmont Builders, L.L.C., D.N.J.2009, 655 F.Supp.2d 473. Environmental Law ⬤━ 441; Environmental Law ⬤━ 445(1)

Any passive migration of lead from expended lead shot or lead pellets into the soil or water at site of public shooting range that took place over the years was not a "disposal" of lead within meaning of CERCLA, and thus did not support finding that owners of land or operators of range were potentially responsible persons (PRPs). Otay Land Co. v. U.E. Ltd., L.P., S.D.Cal.2006, 440 F.Supp.2d 1152, vacated 338 Fed.Appx. 689, 2009 WL 2179739. Environmental Law ⬤━ 441

CERCLA does not impose disposal liability for mere "passive disposal" occurring by leakage or migration of hazardous substances into soil or water following their initial disposal. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1996, 915 F.Supp. 1290, on reconsideration in part 956 F.Supp. 410. Environmental Law ⬤━ 441

Asbestos removal costs were not recoverable in CERCLA suit; there was no allegation that buildings at issue were sold for anything other than continued operation of site and, thus, there was no "disposal" of hazardous substance. Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc., N.D.Ohio 1995, 904 F.Supp. 644. Environmental Law ⬤━ 446; Environmental Law ⬤━ 441

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Discharge of hazardous waste streams from equipment owned by United States through pipes owned by pesticide manufacturer to waste pond was "disposal" of waste at government's machines within meaning of owner liability provision of CERCLA; streams were waste rather than productive material, and waste streams were sent to pipes to get rid of, transfer, or throw out waste. Elf Atochem North America, Inc. v. U.S., E.D.Pa.1994, 868 F.Supp. 707. Environmental Law ☞ 441

For purposes of CERCLA response cost liability, "disposal" is not limited to initial introduction of contaminants into a site; disposal can include rearrangement of preexisting contaminated material. Ganton Technologies, Inc. v. Quadion Corp., N.D.Ill.1993, 834 F.Supp. 1018. Environmental Law ☞ 441

Presence of constituent elements of coal-tar on site of former manufactured gas plant and adjacent property and additional presence of tetrachloroethane, acetone, and methylene chloride on adjacent property indicated "disposal" of hazardous substance on site and property for purposes of CERCLA. HRW Systems, Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Environmental Law ☞ 441

Real estate developer did not "dispose of hazardous substances," so as to subject it to liability for response costs under CERCLA, when it buried site preparation debris, including tree limbs and other vegetation, and construction debris in right-of-way running through residential subdivision. Gallagher v. T.V. Spano Bldg. Corp., D.Del.1992, 805 F.Supp. 1120. Environmental Law ☞ 441

47. Choice of disposal site

It is not necessary for waste generator to choose particular disposal site employed by its waste hauler in order to be liable under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). Providence Journal Co. v. Travelers Indem. Co., D.R.I.1996, 938 F.Supp. 1066. Environmental Law ☞ 445(1)

48. Response

Former manufacturer was responsible for CERCLA response costs associated with pallets that had been contaminated with dioxin by leaking drums and contaminated soil, where manufacturer was responsible for response costs associated with dioxin contaminated soil. U.S. v. Vertac Chemical Corp., C.A.8 (Ark.) 2006, 453 F.3d 1031, rehearing and rehearing en banc denied , certiorari denied 127 S.Ct. 2098, 550 U.S. 903, 167 L.Ed.2d 812, certiorari denied 127 S.Ct. 2099, 550 U.S. 903, 167 L.Ed.2d 812. Environmental Law ☞ 445(1)

Decision by Environmental Protection Agency (EPA) to approve a removal action in response to releases or threats of releases of asbestos in and around town near asbestos mine was not arbitrary and capricious; absent immediate action, there was a widespread, looming threat that airborne toxic particles would continue to pose a substantial threat to public health. U.S. v. W.R. Grace & Co., C.A.9 (Mont.) 2005, 429 F.3d 1224, certiorari denied 127 S.Ct. 379, 549 U.S. 951, 166 L.Ed.2d 268. Environmental Law ☞ 439

Responsible parties are not liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) unless there is evidence that they posed threat to public or environment, and while CERCLA

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

plaintiff may prove that response costs were caused by release without resort to applicable legal standard of justification, bare proof that there was release is not enough; liability does not attach to the release of any quantity of hazardous substance but instead requires evidence that release justified response action. Licciardi v. Murphy Oil U.S.A., Inc., C.A.5 (La.) 1997, 111 F.3d 396. Environmental Law ⬤━ 446

Adjacent property owner failed to take reasonable steps to stop any continuing release, prevent threatened future release, or prevent or limit exposure of previously released tetrachlorethylene (PCE) into soil of his property and residential apartment complex, as was required to assert, pursuant to Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), that third party caused damages arising from release of PCE into soil under complex's land; although bank from which owner purchased property commissioned environmental assessment to determine presence of environmental contaminants, and assessment did not mention PCE, report stated it did not purport to be complete environmental review and did not completely examine then-current or past uses of property, and owner knew of limitations of report but did not take action to investigate any possible additional environmental contaminants. Walnut Creek Manor, LLC v. Mayhew Center, LLC, N.D.Cal.2009, 622 F.Supp.2d 918. Environmental Law ⬤━ 445(1)

49. Rendering care, assistance or advice

Liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) is generally strict and subject to very narrow defenses; if acts allegedly giving rise to liability were taken or omitted in course of rendering care, assistance, or advice in accordance with national contingency plan, then negligence must be proved. Stewman v. Mid-South Wood Products of Mena, Inc., W.D.Ark.1992, 784 F.Supp. 611. Environmental Law ⬤━ 445(1)

50. Strict liability

CERCLA cost recovery action imposes strict liability on potentially responsible parties (PRP) for costs associated with hazardous waste clean-up and site remediation. New Castle County v. Halliburton NUS Corp., C.A.3 (Del.) 1997, 111 F.3d 1116, rehearing denied 116 F.3d 82. Environmental Law ⬤━ 446; Environmental Law ⬤━ 445(1)

CERCLA imposes strict liability on, among others, all prior and present owners and operators of hazardous waste sites. Kelley v. E.P.A., C.A.D.C.1994, 15 F.3d 1100, 304 U.S.App.D.C. 369, rehearing denied 25 F.3d 1088, 306 U.S.App.D.C. 382, as amended , certiorari denied 115 S.Ct. 900, 513 U.S. 1110, 130 L.Ed.2d 784. Environmental Law ⬤━ 445(1)

To impose strict liability under CERCLA, government need only prove: (1) there was release or threatened release, (2) which caused incurrence of response costs, and that (3) defendant generated hazardous waste at cleanup site; government is not required to show that specific defendant's waste caused incurrence of cleanup costs. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 1993, 990 F.2d 711, on remand 1996 WL 637559, opinion after remand from court of appeals 97 F.Supp.2d 248, affirmed 315 F.3d 179, petition for certiorari filed 2003 WL 22204173. Environmental Law ⬤━ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) is remedial strict liability statute and its focus is on responsibility, not culpability. U.S. v. Mexico Feed and Seed Co., Inc., C.A.8 (Mo.) 1992, 980 F.2d 478. Environmental Law ⚷ 445(1)

CERCLA is strict liability statute, with only limited number of statutorily defined defenses available. General Elec. Co. v. Litton Indus. Automation Systems, Inc., C.A.8 (Mo.) 1990, 920 F.2d 1415, certiorari denied 111 S.Ct. 1390, 499 U.S. 937, 113 L.Ed.2d 446, rehearing denied 111 S.Ct. 1697, 500 U.S. 911, 114 L.Ed.2d 91. Environmental Law ⚷ 445(1)

Section of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) imposing strict liability on "any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities" encompasses any person who has caused hazardous substance to be transported to disposal site. Interfaith Community Organization v. Honeywell Intern., Inc., D.N.J.2003, 263 F.Supp.2d 796, affirmed 399 F.3d 248, certiorari denied 125 S.Ct. 2951, 545 U.S. 1129, 162 L.Ed.2d 869. Environmental Law ⚷ 445(1)

CERCLA is strict liability statute that imposes joint and several liability upon responsible parties (RPs) and/or potentially responsible parties (PRPs) in cost recovery actions, and several liability in contribution actions. Reynolds Metals Co. v. Arkansas Power & Light Co., E.D.Ark.1996, 920 F.Supp. 991. Environmental Law ⚷ 447; Environmental Law ⚷ 445(3)

Liability under CERCLA is strict and is joint and several, if environmental harm is indivisible. Town of New Windsor v. Tesa Tuck, Inc., S.D.N.Y.1996, 919 F.Supp. 662. Environmental Law ⚷ 445(3); Environmental Law ⚷ 445(1)

CERCLA imposes strict liability on responsible parties. E.S. Robbins Corp. v. Eastman Chemical Co., N.D.Ala.1995, 912 F.Supp. 1476. Environmental Law ⚷ 445(1)

Electric utility could not bring claim for strict liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) against combination gas and electric utility from which electric utility purchased manufactured gas plant site on which combination utility allegedly released hazardous substances, in addition to claims under two CERCLA sections creating liability on part of prior owners. Interstate Power Co. v. Kansas City Power & Light Co., N.D.Iowa 1991, 909 F.Supp. 1224. Environmental Law ⚷ 461

CERCLA imposes strict liability on classes of persons responsible for response costs without requiring any showing that specific hazardous wastes generated by given defendant caused release of hazardous substances that results in remedial action. Textron Inc. By and Through Homelite Div. v. Barber-Colman Co., W.D.N.C.1995, 903 F.Supp. 1570. Environmental Law ⚷ 445(1)

CERCLA imposes strict liability on certain classes of persons described therein, and it does not require any showing that specific hazardous waste generated by given defendant caused release of hazardous substances res-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ulting in remedial action. Textron Inc. By and Through Homelite Div. v. Barber-Colman Co., W.D.N.C.1995, 903 F.Supp. 1558. Environmental Law ⟨⟩ 445(1)

CERCLA imposes strict liability on certain classes of persons described therein, and does not require any showing that specific hazardous wastes generated by given defendant caused release of hazardous substances resulting in remedial action. Textron Inc. By and Through Homelite Div. v. Barber-Colman Co., W.D.N.C.1995, 903 F.Supp. 1546. Environmental Law ⟨⟩ 445(1)

This section imposes strict liability on responsible parties. Chatham Steel Corp. v. Brown, N.D.Fla.1994, 858 F.Supp. 1130. Environmental Law ⟨⟩ 445(1)

Liability under CERCLA is strict. State of N.Y. v. Lashins Arcade Co., S.D.N.Y.1994, 856 F.Supp. 153, affirmed 91 F.3d 353. Environmental Law ⟨⟩ 445(1)

Congress intended, in enacting Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), to make parties defined as covered persons in liability section of statute strictly liable, in that no showing of fault is required, for response costs, subject only to limited affirmative defenses set forth in liability section of statute. U.S. v. Shell Oil Co., C.D.Cal.1993, 841 F.Supp. 962, affirmed 281 F.3d 812, withdrawn and superseded on denial of rehearing 294 F.3d 1045, certiorari denied 123 S.Ct. 850, 537 U.S. 1147, 154 L.Ed.2d 849. Environmental Law ⟨⟩ 445(1)

CERCLA is strict liability statute whose primary purpose is to encourage cleanup; it envisions that sometimes cleanup must be paid for by those least responsible because those who are most responsible lack funds or cannot be found and tempers its severity with apportionment principle and with limited defenses that are rarely available. Lincoln Properties, Ltd. v. Higgins, E.D.Cal.1992, 823 F.Supp. 1528. Environmental Law ⟨⟩ 447; Environmental Law ⟨⟩ 445(1)

If party is determined to be responsible party under CERCLA, and other required elements are present, liability is strictly imposed. Reading Co. v. City of Philadelphia, E.D.Pa.1993, 823 F.Supp. 1218. Environmental Law ⟨⟩ 445(1)

In addition to being broad, liability under CERCLA for costs incurred when government responds to release or threatened release of hazardous substances is strict. U.S. v. Summit Equipment & Supplies, Inc., N.D.Ohio 1992, 805 F.Supp. 1422, reconsideration denied. Environmental Law ⟨⟩ 445(1)

Absent showing by preponderance of evidence that statutory affirmative defense has been satisfied, liability of covered parties for costs incurred in cleanup is strict. U.S. v. A & N Cleaners and Launderers, Inc., S.D.N.Y.1992, 788 F.Supp. 1317. Environmental Law ⟨⟩ 465; Environmental Law ⟨⟩ 445(1)

Liability for response costs under Comprehensive Environmental Response, Compensation, and Liability Act is

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

strict liability. Kelley v. Thomas Solvent Co., W.D.Mich.1989, 727 F.Supp. 1532. Environmental Law ⚷ 445(1)

Liability under CERCLA is strict, without regard to party's fault or state of mind. U.S. v. Parsons, N.D.Ga.1989, 723 F.Supp. 757. Environmental Law ⚷ 445(1)

Liability under CERCLA is strict, without regard to liable party's fault or state of mind. U.S. v. Bliss, E.D.Mo.1987, 667 F.Supp. 1298. Environmental Law ⚷ 445(1)

Statute, which permits United States to recover response costs incurred as result of release of hazardous substance from toxic waste disposal site, imposed strict liability on responsible parties. U.S. v. Stringfellow, C.D.Cal.1987, 661 F.Supp. 1053. Environmental Law ⚷ 445(1)

Defendants against whom Government sought recovery of response costs for cleanup of hazardous waste site pursuant to this chapter were subject to "strict liability," rather than lesser "negligence" standard of liability. U.S. v. Northeastern Pharmaceutical and Chemical Co., Inc., W.D.Mo.1984, 579 F.Supp. 823, affirmed in part , reversed in part 810 F.2d 726, certiorari denied 108 S.Ct. 146, 484 U.S. 848, 98 L.Ed.2d 102.

Strict liability was standard to be imposed upon an alleged past, nonnegligent, off-site generator of hazardous waste deposited at landfill, in action brought by United States under section 9606 of this title, subject only to affirmative defenses listed in this section; declining to follow *UnitedStates v. Reilly Tar & Chemical Corp.*, 546 F.Supp. 1100. U.S. v. Price, D.C.N.J.1983, 577 F.Supp. 1103.

Legislative history clearly establishes Congress' understanding that it was incorporating a standard of strict liability under this chapter. City of Philadelphia v. Stepan Chemical Co., E.D.Pa.1982, 544 F.Supp. 1135, reconsideration denied. Environmental Law ⚷ 445(1)

To make out claim under CERCLA for the recovery of its response costs, plaintiff must show that defendant qualified as "covered person" under CERCLA, that there was a release or threatened release of hazardous substances from facility, that this release or threatened release caused plaintiff to incur response costs, that costs incurred were necessary costs of response, and that these costs were also consistent with national contingency plan; if all of these requirements are met, then liability is strictly imposed. Reading Co. v. City of Philadelphia, E.D.Pa.1993, 155 B.R. 890. Environmental Law ⚷ 438

The Comprehensive Environmental Response Compensation and Liability Act (CERCLA) imposes strict liability upon culpable parties. Matter of Great Northern Forest Products, Inc., Bkrtcy.W.D.Mich.1991, 135 B.R. 46. Environmental Law ⚷ 445(1)

Liability imposed, under Comprehensive Environmental, Response, Compensation, and Liability Act of 1980, on owner or operator of facility for costs of removal or remedial action incurred by government in removal of

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

hazardous waste is strict liability. In re T.P. Long Chemical, Inc., Bkrtcy.N.D.Ohio 1985, 45 B.R. 278. Environmental Law ⚷ 445(1)

50a. Local governments, generally

Under section of CERCLA providing that no state or local government shall be liable for costs or damages as a result of actions taken in response to an emergency created by release or threatened release of a hazardous substance generated by or from a facility owned by another person, the proper inquiry is solely objective, i.e., was the government responding to an emergency caused by release or threatened release of hazardous substances; if so, then regardless of what subjective knowledge responders had about the hazards at issue when they first arrived on the scene, their CERCLA liability under the section permitting recovery of cleanup and prevention costs is limited to gross negligence or intentional misconduct in dealing with the emergency. AMW Materials Testing, Inc. v. Town of Babylon, C.A.2 (N.Y.) 2009, 584 F.3d 436. Environmental Law ⚷ 445(1)

50b. ------ Gross negligence, local governments, generally

The definition of "gross negligence" under section of CERCLA providing that no state or local government shall be liable for costs or damages as a result of actions taken in response to an emergency created by the release or threatened release of a hazardous substance generated by or from a facility owned by another person except when costs or damages are the result of gross negligence or intentional misconduct by the government comports with New York's common law definition of gross negligence as conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing. AMW Materials Testing, Inc. v. Town of Babylon, C.A.2 (N.Y.) 2009, 584 F.3d 436. Environmental Law ⚷ 445(1)

51. Causation--Generally

The traditional tort concept of causation plays little or no role in CERCLA's liability scheme; a party seeking to establish liability under CERCLA need not even show a specific potentially responsible party's (PRP) waste caused cleanup costs. Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., C.A.2 2010, 596 F.3d 112. Environmental Law ⚷ 445(1)

CERCLA imposes liability on individuals not based on their causing the release of hazardous substances, but based solely on their prior or current relationship to the polluted property. Canadyne-Georgia Corp. v. Nations-Bank, N.A. (South), C.A.11 (Ga.) 1999, 183 F.3d 1269, on remand 72 F.Supp.2d 1373. Environmental Law ⚷ 445(1)

CERCLA's broad reach extends liability all the way down causal chain, from those who generate waste through those who dispose of it. OHM Remediation Services v. Evans Cooperage Co., Inc., C.A.5 (La.) 1997, 116 F.3d 1574. Environmental Law ⚷ 445(1)

Because CERCLA imposes strict liability, plaintiffs generally need not prove causation, only that defendant is "covered person." OHM Remediation Services v. Evans Cooperage Co., Inc., C.A.5 (La.) 1997, 116 F.3d 1574. Environmental Law ⚷ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

In addition to imposing strict liability scheme, CERCLA does away with causation requirement. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 1993, 990 F.2d 711, on remand 1996 WL 637559, opinion after remand from court of appeals 97 F.Supp.2d 248, affirmed 315 F.3d 179, petition for certiorari filed 2003 WL 22204173. Environmental Law ⚷ 445(1)

Liability to United States for CERCLA response costs is matter of strict liability; liability, therefore, is not dependant on any showing of causation or fault. Farmland Industries, Inc. v. Morrison-Quirk Grain Corp., C.A.8 (Neb.) 1993, 987 F.2d 1335, rehearing denied. Environmental Law ⚷ 445(1)

Section of the Comprehensive Environmental Response, Compensation, and Liability Act holding liable owner and operator of a vessel or facility contains no causation requirement. State of N.Y. v. Shore Realty Corp., C.A.2 (N.Y.) 1985, 759 F.2d 1032. Environmental Law ⚷ 445(1)

Single reasonable inference created by evidence was that company had expended money to decontaminate land from chemicals originating from neighboring facility, thus establishing "causation" element of company's CERCLA claim; company did not use chlorinated volatile organic compounds (VOCs) in its manufacturing processes, while facility not only stored and used VOCs, but repeatedly dumped mop-bucket containing VOCs onto land adjacent to company's property, experts stated that VOCs journeyed to company's property via groundwater flow, VOCs contaminating company's property were identical to those detected in dumping area, and unrebutted scientific evidence also revealed that dumping was proximate or contributing cause, if not sole cause, of presence of VOCs on company's property. NutraSweet Co. v. X-L Engineering Corp., N.D.Ill.1996, 933 F.Supp. 1409, affirmed 227 F.3d 776. Environmental Law ⚷ 465

Causation is peripheral issue under CERCLA; plaintiff is not required to link defendant's conduct or defendant's waste firmly to release or threat of release. Reichhold Chemicals, Inc. v. Textron, Inc., N.D.Fla.1995, 888 F.Supp. 1116. Environmental Law ⚷ 445(1)

CERCLA did not require property owner who discovered perchloroethylene (PCE) in groundwater under property to prove element of causation in its action against adjoining landowner dry cleaner trade association and suburban sanitary commission for recovery of response costs. Westfarm Associates Ltd. Partnership v. International Fabricare Institute, D.Md.1993, 846 F.Supp. 422, affirmed 66 F.3d 669, 147 A.L.R. Fed. 747, certiorari denied 116 S.Ct. 1318, 517 U.S. 1103, 134 L.Ed.2d 471. Environmental Law ⚷ 445(1)

There need be no showing of causation of harm, merely ownership, to be covered persons under CERCLA. National R.R. Passenger Corp. v. New York City Housing Authority, S.D.N.Y.1993, 819 F.Supp. 1271. Environmental Law ⚷ 445(1)

Causation is irrelevant to finding of liability under section of CERCLA providing for recovery of costs incurred in and remaining future costs to be incurred for investigation, removal, and remedial activities in response to release or threatened release of hazardous substances; CERCLA unequivocally imposes strict liability on current owner of facility from which hazardous substances have been or may be released, without regard to causation.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

U.S. v. Pretty Products, Inc., S.D.Ohio 1991, 780 F.Supp. 1488. Environmental Law ⚷ 445(1)

Government need not trace each defendant's hazardous waste to specific release and response; causation requirement of CERCLA is satisfied by proof that hazardous substances like those contained in defendant's waste were found at site. U.S. v. Fairchild Industries, Inc., D.Md.1991, 766 F.Supp. 405. Environmental Law ⚷ 445(1)

   52. ---- Response, causation

In CERCLA response cost action, finding a causal connection between defendant's wastes and plaintiff's costs is not required; CERCLA imposes no such causation requirement, but rather requires that plaintiff establish that the release or threatened release caused the incurrence of response costs. U.S. v. Rohm and Haas Co., D.N.J.1996, 939 F.Supp. 1142. Environmental Law ⚷ 445(1)

In order to prevail on claim for recovery of response costs under CERCLA, causal relationship between defendant's hazardous waste and incurrence of response costs must be proven; text of CERCLA limits liability to response costs that are caused by release or threatened release, and traditional principles of tort law under strict liability do not support interpretation allowing for liability in absence of causation. Acushnet Co. v. Coaters Inc., D.Mass.1996, 937 F.Supp. 988, affirmed 191 F.3d 69, 162 A.L.R. Fed. 717. Environmental Law ⚷ 446

Landfill site owners' actions constituted "removal" and, thus, "response" under CERCLA, despite claim that their costs were for closing landfill pursuant to city regulations, and not for responding to release or threat of release of hazardous substances; owners claimed that their response was "removal" pursuant to CERCLA, their response actions may have been necessary to prevent, minimize or mitigate damage to public health or welfare or to environment, letter from New York State Department of Environmental Conservation (NYSDEC), reserving right to require further measures, implied that response actions were preventative and temporary in nature, urgency with which NYSDEC expressed need for closing landfill insinuated that closure was removal action, and excavation could be considered removal action. Prisco v. State of N.Y., S.D.N.Y.1995, 902 F.Supp. 374. Environmental Law ⚷ 439

Under CERCLA section providing for imposition of liability upon party for clean-up costs, it is not necessary for plaintiff to prove defendant's waste caused release or incurrence of response costs but, rather, plaintiff need only show that defendant caused contamination at site, and should therefore pay its fair share of clean-up costs; requiring plaintiff to link specific defendant with specific release or response would prove too difficult for plaintiff, especially in multigenerator context. Elf Atochem North America, Inc. v. U.S., E.D.Pa.1993, 833 F.Supp. 488. Environmental Law ⚷ 446

In order to establish liability under CERCLA for costs incurred in responding to release or threatened release of hazardous substances, government is not required to establish that defendant was at fault or caused the release or threatened release that prompted the remedial action in question but rather only that site in question is a "facility," that a release or threatened release of hazardous substance from site has occurred and has caused United States to incur response costs, and that defendants fall within at least one of four classes of responsible persons described in statute. U.S. v. Summit Equipment & Supplies, Inc., N.D.Ohio 1992, 805 F.Supp. 1422, re-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

consideration denied. Environmental Law ☞ 445(1); Environmental Law ☞ 438

Issue of causation in CERCLA action would involve factual determination of not whether defendants' hazardous waste caused response costs, but whether release or threatened release caused plaintiffs to incur response costs; this is not inquiry into plaintiffs' state of mind but instead is factual inquiry into circumstances of case and should focus on whether particular hazard justified any response actions. State of Ariz. v. Motorola, Inc., D.Ariz.1992, 805 F.Supp. 742. Environmental Law ☞ 446

53. ---- Proximate cause, causation

Landowner failed to demonstrate causal relationship between costs it incurred in cleaning polychlorinated bi-phenyl (PCB) contamination on its property and PCBs found on adjacent landowner's property, as required to establish prima facie case of CERCLA liability in private cost-recovery action against adjacent landowner. Innis Arden Golf Club v. Pitney Bowes, Inc., D.Conn.2009, 629 F.Supp.2d 175. Environmental Law ☞ 445(1)

Genuine issue of material fact as to whether adjacent property owner was "sole" cause of tetrachlorethylene (PCE) contamination on residential apartment complex's land precluded summary judgment on complex's af-firmative defense, pursuant to Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), that presence of PCE on its property was caused solely by third party. Walnut Creek Manor, LLC v. Mayhew Center, LLC, N.D.Cal.2009, 622 F.Supp.2d 918. Federal Civil Procedure ☞ 2498.3

Determination that hazardous substance migrated from leasehold to adjacent site was not essential to liability of lessee for cleanup costs at adjacent site, as CERCLA does not require proof of proximate cause and lessee could be held liable for costs incurred in responding to threatened release of hazardous substances on adjacent prop-erty. Burlington Northern R. Co. v. Woods Industries, Inc., E.D.Wash.1993, 815 F.Supp. 1384. Environmental Law ☞ 445(1)

Oil companies' acid waste cleanup costs incurred pursuant to CERCLA were new charges proximately caused "by reason of" companies' production of aviation gasoline for federal government during World War II, and government was thus obligated to reimburse companies for costs pursuant to taxes clause of their aviation-gas-oline-production contracts with companies; companies could only have avoided creating waste by reducing or stopping production in violation of their contractual obligation to satisfy government's wartime requirements, and once waste was produced, companies had no alternative but to dump it as there were no reasonable alternat-ive methods of disposal. Shell Oil Co. v. U.S., Fed.Cl.2010, 93 Fed.Cl. 439, motion to vacate denied 407 Fed.Appx. 430, 2011 WL 30106. Environmental Law ☞ 446; United States ☞ 70(18)

54. ---- Actual contamination, causation

To establish liability under CERCLA, it is not necessary to prove actual contamination of plaintiff's property by defendant's hazardous waste; only causation that is required is that defendant's releases or threatened releases caused plaintiff to incur response costs. Dedham Water Co. v. Cumberland Farms Dairy, Inc., C.A.1 (Mass.) 1989, 889 F.2d 1146, rehearing denied , clarified 901 F.2d 3, on remand 770 F.Supp. 41. Environmental Law

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

⚷ 445(1)

55. ---- Actual release, causation

"Type A" procedures promulgated under CERCLA which used predictive computer submodels to determine causation and injury, for purpose of calculating natural resource damage (NRD), based on limited, site-specific data without any on-site empirical verification, did not violate CERCLA section limiting recovery to damages "resulting from a release," and procedures were reasonable interpretation of CERCLA. National Ass'n of Mfrs. v. U.S. Dept. of Interior, C.A.D.C.1998, 134 F.3d 1095, 328 U.S.App.D.C. 271. Environmental Law ⚷ 446

Defendant who disposes of hazardous substances that are not independently releasable may still be held liable under CERCLA upon showing of threatened release, even though that defendant may not be required to pay damages during cost apportionment phase of litigation; requiring plaintiff to show more than release or threatened release would essentially require proof that specific defendant's hazardous substances caused release of hazardous substance contrary to strict liability scheme under CERCLA. B.F. Goodrich v. Betkoski, C.A.2 (Conn.) 1996, 99 F.3d 505, decision clarified on denial of rehearing 112 F.3d 88, certiorari denied 118 S.Ct. 2318, 524 U.S. 926, 141 L.Ed.2d 694. Environmental Law ⚷ 442

Where there is an actual release of a hazardous substance, private party seeking recovery of response costs under CERCLA need only demonstrate a nexus between defendant falling within one of the four statutorily defined classes and the response costs to hold that defendant liable; statute does not impose a causation element as a predicate to liability where defendant falls within one of the statutory classes and there has been an actual release. Louisiana-Pacific Corp. v. Beazer Materials & Services, Inc., E.D.Cal.1993, 811 F.Supp. 1421. Environmental Law ⚷ 445(1)

It is only a threatened release which must be the cause of response costs in order for them to be recovered from a potentially responsible party, and costs incurred in connection with an actual release may be recovered even if it is not established that the release of hazardous substances from the particular party's waste caused the response costs. City of New York v. Exxon Corp., S.D.N.Y.1991, 766 F.Supp. 177. Environmental Law ⚷ 446

56. Intent

Federal government sufficiently alleged that building owner willfully violated Environmental Protection Agency (EPA) unilateral administrative order by demolishing buildings contaminated with polychlorinated biphenyls (PCBs), as required for government to recover civil penalties for violation of order; government alleged that owner had complained about the expense of maintaining the contaminated buildings and was told, in response, that "[c]ertain disposal requirements may apply" if owner demolished buildings, and that, although the EPA told owner that it would need to "coordinate any plans for demolition of the buildings with EPA," owner demolished the buildings without notifying EPA. U.S. v. Dico, Inc., S.D.Iowa 2011, 2011 WL 677448. Environmental Law ⚷ 457

Professed lack of intent by landfill operator to violate the Resource Conservation and Recovery Act was irrelev-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ant to question whether civil penalties were warranted for failure to comply with information requests of the Environmental Protection Agency; explicit language of the Act requires willful intent only for criminal penalties, whereas civil penalties are strict liability offenses not requiring such proof. U.S. v. Liviola, N.D.Ohio 1985, 605 F.Supp. 96. Environmental Law ⚷ 457

57. Punitive treble damages

Punitive damages may be awarded under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) in addition to actual response costs. U.S. v. Carolina Transformer Co., C.A.4 (N.C.) 1992, 978 F.2d 832. Environmental Law ⚷ 457; Environmental Law ⚷ 446

Statute authorizing award of punitive damages up to three times amount of any costs incurred by CERCLA Fund as result of failure to take proper action in response to release or threat of release of hazardous substance permitted Government to recover up to total of four times response costs expended in cleaning up hazardous waste, that is, actual costs plus punitive damages equal to three times those costs, even though Government did not recover costs as subrogee of Fund. U.S. v. Parsons, C.A.11 (Ga.) 1991, 936 F.2d 526. Environmental Law ⚷ 446; Environmental Law ⚷ 457

In instances where CERCLA provisions, EPA regulations and policy statements, and any formal or informal hearings EPA may provide information which allows party subject to cleanup order to weigh, in advance, probability that cleanup order is valid or applicable, due process requires that treble damages may not be assessed for failure to comply if party opposing such damages had objectively reasonable basis for believing that EPA's cleanup order was inapplicable. Solid State Circuits, Inc. v. U.S.E.P.A., C.A.8 (Mo.) 1987, 812 F.2d 383. Constitutional Law ⚷ 4327

Private litigants cannot recover punitive damages under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Hatco Corp. v. W.R. Grace & Co. Conn., D.N.J.1994, 849 F.Supp. 931. Environmental Law ⚷ 446; Environmental Law ⚷ 457

Corporation, its successor, and its previous presidents were jointly and severally liable under Comprehensive Environmental Response, Compensation, and Liability Act for three times the response costs incurred and to be incurred by Government during cleanup action at site, where corporation was ordered by Environmental Protection Agency to clean up site but refused, and former presidents personally made that decision. U.S. v. Carolina Transformer, Inc., E.D.N.C.1989, 739 F.Supp. 1030, affirmed 978 F.2d 832. Corporations And Business Organizations ⚷ 1970; Corporations And Business Organizations ⚷ 2641(4); Environmental Law ⚷ 446

Government was not entitled, in action under CERCLA for reimbursement of response costs, to both reimbursement of its response costs and punitive damages in amount equal to three times its response costs; statute providing that punitive damages would be in addition to any costs recovered referred only to costs recovered pursuant to Superfund claim. U.S. v. Parsons, N.D.Ga.1990, 738 F.Supp. 1436, on subsequent appeal 936 F.2d 526. Environmental Law ⚷ 457; Environmental Law ⚷ 446

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Material question of fact, whether federal Government began to remove hazardous substances from farm on which they had been dumped prior to expiration of time set by Government for defendants to notify Government if they would clean up substances themselves, precluded entry of summary judgment for Government on claim for treble damages under CERCLA. U.S. v. Parsons, N.D.Ga.1989, 723 F.Supp. 757. Federal Civil Procedure ☞ 2498.3

Private litigants could not recover punitive damages under statute governing liability and compensation for pollution under the Comprehensive Environmental Response, Compensation, and Liability Act, in action to recover for alleged improper disposal of hazardous waste; although the statute permits private party to recover response costs, only the United States, state, or an Indian tribe may sue for damages for injury to natural resources, and punitive damages are not "necessary costs of response." Regan v. Cherry Corp., D.R.I.1989, 706 F.Supp. 145. Environmental Law ☞ 457; Environmental Law ☞ 446

Potential imposition of punitive damages for failure to comply with administrative order issued pursuant to Comprehensive Environmental Response, Compensation and Liability Act did not violate responsible parties' due process rights, since punitive damages could be assessed only where government proved that responsible parties had refused to comply with order in bad faith. Aminoil, Inc. v. U.S., C.D.Cal.1986, 646 F.Supp. 294. Constitutional Law ☞ 4320

Section of CERCLA permitting punitive damages to be assessed against party who fails "without sufficient cause" to comply with Environmental Protection Agency order [Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 107(c)(3), 42 U.S.C.A. § 9607(c)(3)] prohibits reviewing court from assessing punitive damages against party who fails to comply with EPA order in reasonable belief that it has a valid defense to that order. Wagner Elec. Corp. v. Thomas, D.C.Kan.1985, 612 F.Supp. 736. Environmental Law ☞ 457

A good-faith defense to validity of an order of the Environmental Protection Agency ordering a responsible party to clean up a hazardous waste site is sufficient to avoid imposition of punitive damages under the Comprehensive Environmental Response, Compensation, and Liability Act, and thus punitive damages provision of the Act is not unconstitutional on ground that the statute denies due process because penalties for disobeying it are so severe that they effectively intimidate party into not seeking judicial review; disagreeing with Aminoil, Inc. v. United States E.P.A., 599 F.Supp. 69. U.S. v. Reilly Tar & Chemical Corp., D.C.Minn.1985, 606 F.Supp. 412. Environmental Law ☞ 406(1)

Alleged responsible parties challenging subsec. (c)(3) of this section, were likely to prevail in showing that statutory penalty scheme violated their due process rights, since no opportunity was provided for hearing involving alleged responsible parties prior to issuance of administrative order and no procedure was provided through which alleged responsible parties promptly could challenge validity of administrative order or assessment of penalties, and therefore Government would be preliminarily enjoined from assessing penalties. Aminoil, Inc. v. U.S. E.P.A., C.D.Cal.1984, 599 F.Supp. 69. Environmental Law ☞ 701

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

58. Allocation or transfer of liability--Generally

Apportionment of nine percent of liability for environmental cleanup costs to railroads that owned parcel of land on which agricultural chemical storage and facility operated, which land was found to be contaminated by agricultural chemicals, was reasonable, under CERCLA; primary pollution at the site was on a portion of the facility most distant from parcel owned by railroads, the hazardous-chemical spills on the railroad-owned parcel contributed to no more than 10% of the total site contamination, some of which did not require remediation, and although the precise amount of hazardous chemicals contributed by a railroad-owned parcel or the exact percentage of harm caused by each chemical could not be determined, fewer spills occurred on the railroad-owned parcel and not all of them crossed to the site where most of the contamination originated. Burlington Northern and Santa Fe Ry. Co. v. U.S., U.S.2009, 129 S.Ct. 1870, 173 L.Ed.2d 812. Environmental Law ☞ 445(3)

Unconsented-to referral of CERCLA liability allocation issue to magistrate judge was reversible error, requiring remand for new trial, even though district court conducted de novo review of magistrate's proposed allocation; magistrate judge lacked jurisdiction to conduct equitable allocation proceeding, and thus there was nothing for district court to review. Beazer East, Inc. v. Mead Corp., C.A.3 (Pa.) 2005, 412 F.3d 429, certiorari denied 126 S.Ct. 1040, 546 U.S. 1091, 163 L.Ed.2d 857. United States Magistrates ☞ 14; United States Magistrates ☞ 31

While CERCLA cost recovery defendant can only avoid joint and several liability by demonstrating that harm at given site is divisible, parties to CERCLA contribution action may allocate liability among potentially responsible parties (PRP) based on equitable considerations. New Castle County v. Halliburton NUS Corp., C.A.3 (Del.) 1997, 111 F.3d 1116, rehearing denied 116 F.3d 82. Environmental Law ☞ 447

Courts will enforce contract allocating CERCLA liability when provisions of contract evince clear and unmistakable intent of parties to do so. Lion Oil Co., Inc. v. Tosco Corp., C.A.8 (Ark.) 1996, 90 F.3d 268. Environmental Law ☞ 447

Private parties may contractually allocate among themselves any loss they may suffer by imposition of CERCLA liability. Keywell Corp. v. Weinstein, C.A.2 (N.Y.) 1994, 33 F.3d 159. Environmental Law ☞ 447

The liability between potentially responsible parties (PRPs) under CERCLA is limited to each party's equitable share of the total liability. McDonald v. Sun Oil Co., D.Or.2006, 423 F.Supp.2d 1114, motion granted 2006 WL 1720535, affirmed in part , reversed in part 548 F.3d 774, certiorari denied 129 S.Ct. 2825, 174 L.Ed.2d 552. Environmental Law ☞ 447

Proposed consent judgment in CERCLA action was substantively fair; ample evidence showed that liability was properly apportioned according to comparative fault at Superfund site. 55 Motor Ave. Co. v. Liberty Industrial Finishing Corp., E.D.N.Y.2004, 332 F.Supp.2d 525. Federal Civil Procedure ☞ 2397.2

Volumetric apportionment of liability is not possible in CERCLA cost recovery action where there is insuffi-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

cient evidence to determine volume of waste each defendant contributed. U.S. v. Manzo, D.N.J.2003, 279 F.Supp.2d 558. Environmental Law ⚷ 465

Under CERCLA, private parties remain accountable to government for cost of liability, but are free among themselves to contract out of CERCLA liability. Dent v. Beazer Materials and Services, Inc., D.S.C.1995, 993 F.Supp. 923, affirmed 133 F.3d 914, published in full at 156 F.3d 523. Environmental Law ⚷ 447; Environmental Law ⚷ 446

Private parties may contractually allocate among themselves any loss they may suffer by imposition of CER-CLA liability, but cannot limit their liability to federal government. U.S. v. Occidental Chemical Corp., W.D.N.Y.1997, 965 F.Supp. 408. Environmental Law ⚷ 447

Private parties may contractually allocate among themselves any loss they may suffer by imposition of CER-CLA liability. Teleflex Inc. v. Collins & Aikman Products Co., Inc., D.Conn.1996, 961 F.Supp. 368, affirmed 125 F.3d 845. Environmental Law ⚷ 447

Proper method of allocating settling CERCLA defendants' response cost contribution was to determine percentage of total response costs attributable to portion of contaminated site for which all defendants were jointly and severally liable and to portion for which settling defendants alone bore responsibility, and to allocate settlement payments in accordance with those percentages. U.S. v. Broderick Inv. Co., D.Colo.1997, 955 F.Supp. 1268, affirmed in part , reversed in part 200 F.3d 679. Environmental Law ⚷ 447

Agreements entered into prior to enactment of CERCLA may nonetheless allocate CERCLA liability. SmithKline Beecham Corp. v. Rohm and Haas Co., E.D.Pa.1994, 854 F.Supp. 1201, reversed 89 F.3d 154. Environmental Law ⚷ 447

Courts will not permit party to insulate itself from liability under CERCLA by contract, but will look beyond parties' characterization of transaction to ascertain its true nature, and impose liability accordingly. U.S. v. Arrowhead Refining Co., D.Minn.1992, 829 F.Supp. 1078. Environmental Law ⚷ 445(1)

CERCLA expressly preserves right of private parties to contractually transfer to or release another from financial responsibility arising out of CERCLA liability. Village of Fox River Grove, Ill. v. Grayhill, Inc., N.D.Ill.1992, 806 F.Supp. 785. Environmental Law ⚷ 447; Release ⚷ 2

Contract provisions allocating CERCLA-type liabilities are enforceable even when those contracts have been entered into prior to enactment of CERCLA; test is not whether parties specifically referred to CERCLA in agreement, but rather, whether text of agreement conveys intention of parties to allocate CERCLA-type environmental liability. Armotek Industries, Inc. v. Freedman, D.Conn.1992, 790 F.Supp. 383. Environmental Law ⚷ 447

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

CERCLA liability can be transferred between private parties by contract. Mobay Corp. v. Allied-Signal, Inc., D.N.J.1991, 761 F.Supp. 345.

Although purchasers of property from Department of Natural Resources (DNR) could not have transferred their liability with regard to CERCLA suit brought by government, they and DNR were not precluded from agreeing with one another to apportion costs of any cleanup between themselves in any manner they saw fit, and, thus, liability for costs of cleanup validly could be transferred between them; DNR entered into agreement not as governmental claimant, but as party potentially liable for cleanup of site. Cordova Chemical Co. v. Department of Natural Resources, Mich.App.1995, 536 N.W.2d 860, 212 Mich.App. 144, appeal denied 554 N.W.2d 319, 453 Mich. 901. Environmental Law ⌐447

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) allows execution and enforcement of agreements allocating financial consequences of CERCLA liability among jointly and severally liable parties. Scott Galvanizing, Inc. v. Northwest EnviroServices, Inc., Wash.1993, 844 P.2d 428, 120 Wash.2d 573. Environmental Law ⌐447

   58a. ---- Contribution, allocation or transfer of liability

Grain elevator site owner and city could seek contribution from manufacturing site owner under CERCLA for response costs incurred operating well to remove hazardous substance from contaminated ground water that had migrated into city's ground water, even if the owners had released different contaminants at different facilities, and despite city's argument that common liability arises out of conduct leading to indivisible harm, as opposed to a single solution, where well removed hazardous substances for which city and both owners were responsible, making them jointly and severally liable for response costs incurred to operate it. Morrison Enterprises, LLC v. Dravo Corp., C.A.8 (Neb.) 2011, 638 F.3d 594. Environmental Law ⌐447

Equitable principles did not require entities involved in producing and manufacturing paper containing polychlorinated biphenyl (PCB) to contribute clean-up costs to a distinct body of water into which they did not dispose any PCBs, despite argument that their mobilization of PCBs caused the release of PCBs into the water; holding the entities liable for contribution would have conflicted with, or at least circumvented, CERCLA's bases for imposing liability. Appleton Papers Inc. v. George A. Whiting Paper Co., E.D.Wis.2011, 2011 WL 806411. Environmental Law ⌐447

Potentially responsible parties (PRPs) under CERCLA can bring a third party action seeking direct contribution from additional PRPs. McDonald v. Sun Oil Co., D.Or.2006, 423 F.Supp.2d 1114, motion granted 2006 WL 1720535, affirmed in part , reversed in part 548 F.3d 774, certiorari denied 129 S.Ct. 2825, 174 L.Ed.2d 552. Environmental Law ⌐447

   59. ---- Conveyances, allocation or transfer of liability

Under New York law, purchaser of potentially responsible party (PRP) was subject to liability under CERCLA as corporate successor to PRP with regard to any liability resulting from dumping of hazardous substances in

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

landfill by wholly owned subsidiary of PRP, although purchaser sold subsidiary's assets, dissolved its corporate form, and received subsidiary's remaining assets distributed as dividends; language in agreement of sale of subsidiary's assets established that environmental liabilities necessarily remained with subsidiary and were assumed by purchaser of PRP on liquidation and dissolution of subsidiary. Pfohl Brothers Landfill Site Steering Committee v. Allied Waste Systems, Inc., W.D.N.Y.2003, 255 F.Supp.2d 134, reconsideration denied 2003 WL 21518341. Corporations ⌫ 445.1

In contracting for sale of real property under agreement containing "as is" clause, parties intended to transfer all environmental liability from vendor to purchaser, precluding purchaser's recovery, pursuant to CERCLA, of response costs arising from release of hazardous substances on property, even though CERCLA had not been enacted when contract was executed; contract was specifically revised to ensure that vendor had no continuing responsibility for environmental conditions related to property and that any such liability would be transferred to purchaser, and purchaser knew of, or could reasonably have discovered, pollution problems at property. Velsicol Chemical Corp. v. Reilly Industries, Inc., E.D.Tenn.1999, 67 F.Supp.2d 893, affirmed 229 F.3d 1155. Vendor And Purchaser ⌫ 203

Chapter 7 trustee's conveyance of real property, together with permanently affixed items, did not constitute impermissible attempt to transfer liability under subsec. (e)(1) of this section, where trustee's conveyance of estate property to lessors was not maneuver calculated to result in cleanup at public expense by default, but rather, conveyance of property covered by agreement was essentially sale to separate, presumably solvent entity who, by assuming ownership of property, also incurred potential for liability for any Comprehensive Environmental Response, Compensation, and Liability Act costs incurred in connection with property. In re Wall Tube and Metal Products Co., Bkrtcy.E.D.Tenn.1986, 56 B.R. 918, appeal decided 831 F.2d 118.

   60. ---- Hold harmless agreements, allocation or transfer of liability

Phrase "ordinary course of the Chemical Business," in agreement under which buyer of chemical plant assumed obligations and liabilities arising in ordinary course of chemical business, together with reference to environmental claim in excluded liabilities section, created ambiguity as to scope of agreement, particularly whether it covered CERCLA liability, and, therefore, under New York law, extrinsic evidence had to be admitted to properly discern intent of parties. Hatco Corp. v. W.R. Grace & Co. Conn., C.A.3 (N.J.) 1995, 59 F.3d 400, rehearing and rehearing in banc denied. Evidence ⌫ 450(12)

Lease indemnification provision stating that lessor was to be held "harmless from any and every claim," though enacted prior to CERCLA, was nonetheless sufficient to effect indemnification from claims arising under CERCLA against lessor. Dent v. Beazer Materials and Services, Inc., D.S.C.1995, 993 F.Supp. 923, affirmed 133 F.3d 914, published in full at 156 F.3d 523. Environmental Law ⌫ 447

Pre-CERCLA indemnity clause in equipment lease agreement with government, providing that "Lessee agrees to save [government] harmless against any liability whatsoever because of accidents or injury to persons or property occurring in the operation or use of the Machinery by Lessee," did not indemnify government from lessee's CERCLA contribution claim, as indemnity clause was not broad waiver of all liabilities of any type whatsoever, but rather was waiver of all liabilities of specific nature. Elf Atochem North America v. U.S., E.D.Pa.1994, 866

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

F.Supp. 868. Environmental Law ☞ 447

Although agreements to indemnify or hold harmless are unenforceable against the government, CERCLA expressly preserves right of private parties to contractually transfer to or release another from financial liability stemming from CERCLA liability. Hydro-Manufacturing, Inc. v. Kayser-Roth Corp., R.I.1994, 640 A.2d 950. Environmental Law ☞ 447; Release ☞ 2

61. ---- Indemnification, allocation or transfer of liability

Government's obligation to indemnify contractor for liabilities arising out of or in connection with contract to construct and operate World War II ordnance plant, which encompassed contractor's CERCLA-related costs, remained in effect after contract was supplanted by termination supplement, which specifically exempted from release of rights and obligations that it otherwise effected the parties' rights and liabilities under contract provisions applicable to covenants of indemnity. E.I. DuPont de Nemours and Co., Inc. v. U.S., C.A.Fed.2004, 365 F.3d 1367, rehearing and rehearing en banc denied. Environmental Law ☞ 447

Indemnification provision in government contract for construction and operation of World War II ordnance plant, in which government agreed to hold contractor harmless against any loss, expense, or damage "of any kind whatsoever" arising from contract work, obligated government to reimburse contractor for costs it incurred pursuant to CERCLA, given absence of contention by government that provision's limiting conditions applied; theory that parties were unable, at the time of contracting, to conceive of CERCLA did not justify reading provision so as to exclude CERCLA costs in light of contract language indicating that indemnification was available for all claims, foreseeable or not. E.I. DuPont de Nemours and Co., Inc. v. U.S., C.A.Fed.2004, 365 F.3d 1367, rehearing and rehearing en banc denied. Environmental Law ☞ 447

Under New Jersey law, provision of contract for sale of business in which buyer agreed to indemnify seller for all losses, liabilities, damages, or deficiencies resulting from operation of business by buyer after first closing date and under which seller agreed to indemnify buyer for all material liabilities relating to conduct of business prior to first closing date was broad enough to include future CERCLA liabilities of parties even though CERCLA had not been enacted at time of sale. SmithKline Beecham Corp. v. Rohm and Haas Co., C.A.3 (Pa.) 1996, 89 F.3d 154. Environmental Law ☞ 447

Under Illinois law, language in indemnity agreement by which seller agreed to indemnify buyer of scrap processing facility for all obligations, responsibilities and liabilities, costs and expenses asserted against buyer "related to" environmental hazards "associated with" facility could not reasonably be understood to mean same thing as language in second indemnity agreement by which seller agreed to indemnify buyer for environmental hazards or contamination "located at, on, or near" second facility; language of first provision was relational whereas language of second provision was locational, and it was reasonable to infer that parties intended language to mean different things. Taracorp, Inc. v. NL Industries, Inc., C.A.7 (Ill.) 1996, 73 F.3d 738, rehearing and suggestion for rehearing en banc denied , on remand 1996 WL 501721. Indemnity ☞ 33(6)

CERCLA does not outlaw indemnification agreements, but merely precludes efforts to divest responsible party

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

of his liability; first sentence of subsection addressing indemnity speaks of transferring liability, i.e., of shifting liability from one person to another, which indemnification does not do, and second sentence permits sharing, just as first forbids shifting. Harley-Davidson, Inc. v. Minstar, Inc., C.A.7 (Wis.) 1994, 41 F.3d 341, rehearing and suggestion for rehearing en banc denied, certiorari denied 115 S.Ct. 1401, 514 U.S. 1036, 131 L.Ed.2d 289. Environmental Law ☞ 447

Indemnification agreements in property leases were intended to cover all forms of liability, including liability under CERCLA and Louisiana Environmental Quality Act (LEQA), and were valid methods of apportioning such liability, even though environmental liability under those statutes was not specifically contemplated at time of contracting; broad language of indemnification agreements evinced strong intent by lessee to indemnify lessor for all liability arising in connection with occupancy or use of land. Joslyn Mfg. Co. v. Koppers Co., Inc., C.A.5 (La.) 1994, 40 F.3d 750, rehearing denied. Indemnity ☞ 33(6)

Whether indemnification provision in contract between buyer and seller of coke manufacturing facility encompassed liability for response costs under CERCLA would be determined by state, not federal, law; issue did not require uniform body of law, objectives of CERCLA would not be frustrated by application of state law, application of federal rule would disrupt commercial relationships predicated on state law, and how parties apportioned their CERCLA liability among themselves did not affect their primary obligation to government. Beazer East, Inc. v. Mead Corp., C.A.3 (Pa.) 1994, 34 F.3d 206, 139 A.L.R. Fed. 701, rehearing denied, certiorari denied 115 S.Ct. 1696, 514 U.S. 1065, 131 L.Ed.2d 559. Federal Courts ☞ 412.1

Purchaser of metal recycling plant was not entitled to recover costs of environmental cleanup from two officers, directors, and majority shareholders of selling corporation as signatories to purchase agreement, where agreement clearly allocated risk of CERCLA liability, which purchaser assumed when indemnity period expired, as shortened by the signing of release. Keywell Corp. v. Weinstein, C.A.2 (N.Y.) 1994, 33 F.3d 159. Environmental Law ☞ 447

Within meaning of corporate bylaw providing for indemnity, under certain conditions, for officers and directors sued by reason of their corporate status, bylaw's prohibition of indemnification where such "would be against public policy" did not prohibit indemnification when corporate officer/director was personally liable under CERCLA for costs of hazardous waste site cleanup, since CERCLA allowed indemnity, and indemnification did not relieve officer/director of his liability to government, but rather only provided possible source of payment for damages resulting from that liability. U.S. v. Lowe, C.A.5 (Tex.) 1994, 29 F.3d 1005. Corporations And Business Organizations ☞ 1829

Indemnity agreement in sales contract transferring ownership of property subject of CERCLA action was sufficiently clear to require purchaser of property to assume liability for losses resulting from maintenance of any claim concerning pollution or nuisance, and costs incurred by vendor in order to resolve pollution claims brought against it by state of Illinois were clearly within scope of provision, and thus, purchaser was responsible for liability imposed on vendor under CERCLA. Kerr-McGee Chemical Corp. v. Lefton Iron & Metal Co., C.A.7 (Ill.) 1994, 14 F.3d 321, rehearing denied. Indemnity ☞ 33(6); Environmental Law ☞ 447

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Under New York law, indemnity and release provisions contained in agreements entered into in connection with sale of hazardous waste site were broad enough to require buyer of site to indemnify seller for CERCLA liability, notwithstanding that provisions predated enactment of CERCLA; language of provisions evidenced parties' clear and unmistakable intent that buyer indemnify seller for all liabilities related to site, even future unknown liabilities. Olin Corp. v. Consolidated Aluminum Corp., C.A.2 (N.Y.) 1993, 5 F.3d 10. Environmental Law ⟳ 447

Under Oklahoma law, hazardous waste generator was entitled to indemnification from waste transporter under language in contract attachment, which indemnifies question from all losses "resulting from" the transportation or disposal of the generator's hazardous waste; the term "resulting from" was type of all-inclusive and unambiguous language sufficient to exculpate generator for its strict generator liability under CERCLA. U.S. v. Hardage, C.A.10 (Okla.) 1993, 985 F.2d 1427. Indemnity ⟳ 33(6)

Contractual clause by which chemical formulator was to indemnify chemical company for damages resulting from failure of formulator to comply with all applicable federal, state and local laws did not violate public policy under the Comprehensive Environmental, Response, Compensation, and Liability Act (CERCLA). Jones-Hamilton Co. v. Beazer Materials & Services, Inc., C.A.9 (Cal.) 1992, 973 F.2d 688. Environmental Law ⟳ 447

No right of indemnification will be read into Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). U.S. v. Cannons Engineering Corp., C.A.1 (Mass.) 1990, 899 F.2d 79. Environmental Law ⟳ 447

There was not mutual assent to essential terms of alleged contract between industrial plant and waste removal company under New Jersey or Pennsylvania law, as required to enforce indemnity provision against waste removal in action brought by parties responsible for clean-up of waste removal site seeking recovery of site clean-up costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); contract was never signed, and parties' conduct did not conform to terms of purported contract. Agere Systems, Inc. v. Advanced Environmental Technology Corp., E.D.Pa.2008, 552 F.Supp.2d 515. Environmental Law ⟳ 447; Indemnity ⟳ 27

Potentially responsible party who lacks affirmative defenses against CERCLA liability for hazardous-substance release may not bring claim for indemnification for costs of cleanup, regardless of causation; CERCLA right of indemnification is intended for completely innocent parties. Elementis Chemicals, Inc. v. T H Agriculture and Nutrition, L.L.C., S.D.N.Y.2005, 373 F.Supp.2d 257. Environmental Law ⟳ 444; Environmental Law ⟳ 447

Purchaser of mobile home park was not precluded from recovering its CERCLA response costs from former owners, under indemnity contract, requiring owners to indemnify purchaser for any loss or liability resulting directly or indirectly from liability or obligation of owners that purchaser was not specifically required to assume, just because purchaser might have recouped some or all of its costs from increased rent paid by park tenants. Carson Harbor Village, Ltd. v. Unocal Corp., C.D.Cal.2003, 287 F.Supp.2d 1118, affirmed 433 F.3d 1260. En-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

vironmental Law ⚷ 447

There can be no contractual allocation of CERCLA liability without explicit language of indemnification, clearly manifesting parties' intent to transfer environmental liability. M & M Realty Co. v. Eberton Terminal Corp., M.D.Pa.1997, 977 F.Supp. 683. Environmental Law ⚷ 447

Indemnity agreement between waste hauler and plant owner encompassed CERCLA liability; hauler agreed "to indemnify and save [plant owner] free and harmless from and against any and all loss, damage, injury, liability, and any claim or claims therefore, including claims for injury to death to any and all persons or property * * * resulting directly or indirectly by collection, transportation, and disposal by [hauler]." U.S. v. Hardy, W.D.Ky.1996, 916 F.Supp. 1385. Environmental Law ⚷ 447

Purchaser of corporate assets had at least potential CERCLA liability, given facts and case law existing at time of purchaser's decision to settle with Environmental Protection Agency (EPA) and, thus, decision to settle was not undertaken as "volunteer," so as to preclude purchaser's recovery on indemnity agreement with seller's principal; while principal claimed that purchaser was not potentially responsible party (PRP) under CERCLA because it was not in existence at time of any relevant hazardous waste operations, whether asset purchaser could be held liable under CERCLA was, and remained, unsettled in First Circuit. Allwaste Environmental Services/ North Atlantic, Inc. v. Pastore, D.Me.1996, 911 F.Supp. 29. Environmental Law ⚷ 447

Seller of business located at site contaminated by coal tar purportedly removed from manufactured gas plant (MGP) was not entitled to indemnification from CERCLA liability pursuant to either language of indemnity clauses or extrinsic evidence offered in support of seller's interpretation thereof; indemnity provisions were written in both broad and restrictive language, including seller's express retention of certain liabilities, they did not specifically identify environmental liability or contain language preserving generality of broad language, there was no evidence that seller received plant drawings and documents prior to sale, knowledge of seller's employees who stayed on as buyer's employees would not be imputed to buyer, and evidence of customary practices in decommissioning MGPs did not warrant imposing knowledge upon buyer as to meaning of indemnity clauses. Interstate Power Co. v. Kansas City Power & Light Co., N.D.Iowa 1993, 909 F.Supp. 1241. Environmental Law ⚷ 447

Potentially responsible party (PRP) under CERCLA was not entitled to routine disbursements from second CERCLA defendant pursuant to indemnification agreement; fact that CERCLA did not preclude indemnification agreements did not mean that CERCLA ensured properly indemnified PRP that it would have priority of interest in indemnifying PRP's available assets. U.S. v. Keystone Sanitation Co., Inc., M.D.Pa.1995, 903 F.Supp. 803. Environmental Law ⚷ 447

Expiration of indemnity clause in purchase agreement did not shift liability for environmental costs to purchaser, absent indication in language of purchase agreement of any transfer or release of environmental liabilities and, thus, while purchaser was no longer indemnified by purchase agreement, none of its CERCLA claims were barred by agreement. Union Carbide Corp. v. Thiokol Corp., S.D.Ga.1994, 890 F.Supp. 1035. Vendor And Purchaser ⚷ 203

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Private indemnity clauses are effective to allocate CERCLA costs, but cannot transfer actual liability from one party to another. Elf Atochem North America v. U.S., E.D.Pa.1994, 866 F.Supp. 868. Environmental Law ⟳ 447

Purchaser of business could seek indemnification from seller for CERCLA liability where it was seeking it pursuant to contractual indemnification and was not seeking common-law indemnification and where it was seeking indemnity only for liability for which it was without fault in that it related to acts of prior owners. SmithKline Beecham Corp. v. Rohm and Haas Co., E.D.Pa.1994, 854 F.Supp. 1201, reversed 89 F.3d 154. Environmental Law ⟳ 447

Language in purchase agreement signed by successor at the time of its acquisition of manufacturer's pigment plant, providing that all representations, warranties and agreements contained in contract would survive closing and remain effective for period of three years, required successor to bring contractual indemnification claim for CERCLA response clause which it paid within three years of closing; term "agreements" was broad enough to include indemnification agreement contained in purchase agreement and established three-year period of limitations on all contractual indemnity claims. Pierson Sand & Gravel, Inc. v. Pierson Tp., W.D.Mich.1994, 851 F.Supp. 850, affirmed 89 F.3d 835. Environmental Law ⟳ 447

Landlord and tenant effectively allocated responsibility for environmental response costs in lease agreement; lease required landlord to indemnify tenant for any costs tenant incurred as result of landlord's failure to deliver premises in compliance with federal and state laws and made landlord responsible for any liability resulting from activities on premises prior to delivery. Folino v. Hampden Color and Chemical Co., D.Vt.1993, 832 F.Supp. 757. Indemnity ⟳ 33(6)

To create contractual duty of one party to indemnify or hold other harmless from CERCLA-type liability arising from that other's acts, unmistakable intent to do so must be expressed in unambiguous terms or be clearly implied; consequently, extrinsic evidence is for most part irrelevant to issue of parties' intent, and interpretation of agreement in issue will always be question of law ripe for summary judgment. Hatco Corp. v. W.R. Grace & Co.--Conn., D.N.J.1992, 801 F.Supp. 1309, vacated 59 F.3d 400, rehearing and rehearing in banc denied. Federal Civil Procedure ⟳ 2498.3; Environmental Law ⟳ 447

Paragraph of stock purchase agreement providing that, in event of breach of representations and warranties as to compliance with environmental laws, regulations and ordinances, "no claim for indemnification" could be made against seller unless notice of claim was given to seller by specified date was sufficiently specific to constitute transfer of CERCLA liability to buyer after that date. Armotek Industries, Inc. v. Freedman, D.Conn.1992, 790 F.Supp. 383. Environmental Law ⟳ 447

Counterclaims by alleged polluters seeking indemnification from state for any amount for which polluters were adjudged liable to United States in suit for damages under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) were not within state's waiver of Eleventh Amendment immunity. U.S. v. Montrose Chemical Corp. of California, C.D.Cal.1992, 788 F.Supp. 1485. Federal Courts ⟳ 266.1

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

If parties know hazardous nature of substance, it is fair to assume that parties are cognizant of possible liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and that parties intend indemnification clause to shift liability for response costs under CERCLA. Danella Southwest, Inc. v. Southwestern Bell Telephone Co., E.D.Mo.1991, 775 F.Supp. 1227, affirmed 978 F.2d 1263. Environmental Law ⚷ 447

CERCLA does not prohibit private parties from entering into indemnity agreements; though such agreements do not absolve parties of liability as to government, they may, however, form basis of action to obtain indemnification, and may also be asserted as defense in action between parties to agreement. Purolator Products Corp. v. Allied-Signal, Inc., W.D.N.Y.1991, 772 F.Supp. 124. Environmental Law ⚷ 447

Provision of real estate sales contract, under which purchasers released vendor from liability relating to presence of gasoline in ground, was not rendered unenforceable by Michigan statute prohibiting indemnification which would transfer any person who might be liable to any other person liability for leakage from underground gasoline storage tanks; statute also provided that nothing would bar agreement to hold harmless a party to such agreement for any liability under statute, and by analogy to corresponding provision of CERCLA statute provided that joint and several liability of all responsible parties, as to third parties, was retained but liable parties were entitled to shift risk of liability among themselves. Niecko v. Emro Marketing Co., E.D.Mich.1991, 769 F.Supp. 973, affirmed 973 F.2d 1296. Release ⚷ 15

Owner of hazardous waste site was not without fault with regard to PCB contamination and could not recover cleanup costs from manufacturer of electrical transformers that allegedly contained PCBs on indemnity theory; owner was at least partially at fault for PCB contamination at site when it released oils containing PCBs while stripping scrap transformers. Florida Power & Light Co. v. Allis-Chalmers Corp., S.D.Fla.1990, 752 F.Supp. 434. Environmental Law ⚷ 447

Provision of CERCLA that nothing bars any agreement to insure a party for liability under the statute did not create federal jurisdiction with respect to insurer's request for declaratory judgment that it was not liable under its policy to indemnify its insured or another for cleanup costs. Hudson Ins. Co. v. American Elec. Corp., M.D.Fla.1990, 748 F.Supp. 837, affirmed 957 F.2d 826, certiorari denied 113 S.Ct. 411, 506 U.S. 955, 121 L.Ed.2d 336. Federal Courts ⚷ 218

Language of release given by service station lessees to lessor whereby lessor was released from future arising causes of action of any sort, was sufficient to transfer lessor's liability under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Rodenbeck v. Marathon Petroleum Co., N.D.Ind.1990, 742 F.Supp. 1448. Release ⚷ 38

Potentially responsible party for clean up of PCBs at abandoned storage site that did not settle with United States could not obtain indemnity from parties who did settle; inferring equitable indemnity would be inconsistent with letter and intent of Comprehensive Environmental Response, Compensation, and Liability Act and nonsettling party failed to show any sort of contract or special relationship with settling parties which would support indemnification claim. Central Illinois Public Service Co. v. Industrial Oil Tank & Line Cleaning Service,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

W.D.Mo.1990, 730 F.Supp. 1498. Environmental Law ☜ 447

Reimbursement and indemnification clauses in World War II contract were drafted broadly enough to place the risk of unknown liabilities on the government, including liability for cleanup costs incurred pursuant to CER-CLA; clauses held the contractor harmless for "any loss, expense..., or damage..., of any kind whatsoever," and indemnification clause stated the clear "intention of this contract, that all work...is to be performed at the expense of the Government." E.I. DuPont De Nemours and Co., Inc. v. U.S., Fed.Cl.2002, 54 Fed.Cl. 361, reversed 365 F.3d 1367, rehearing and rehearing en banc denied. Environmental Law ☜ 447

Interpretation of indemnification clause in government contract as including government's assumption of liability for contractor's cleanup costs imposed by CERCLA was appropriate, notwithstanding that the costs were incurred many years after the termination of the contract, where clause contained no limitation to costs arising during the performance of the World War II contract, and there was no allegation that the events causing contractor's environmental liability occurred as a result of activities conducted at any time other than during the performance of the contract. E.I. DuPont De Nemours and Co., Inc. v. U.S., Fed.Cl.2002, 54 Fed.Cl. 361, reversed 365 F.3d 1367, rehearing and rehearing en banc denied. Environmental Law ☜ 447

Purchaser of mobile home park was not precluded from recovering its CERCLA response costs from former owners, under indemnity contract, requiring owners to indemnify purchaser for any loss or liability resulting directly or indirectly from liability or obligation of owners that purchaser was not specifically required to assume, just because purchaser might have recouped some or all of its costs from increased rent paid by park tenants. Carson Harbor Village Ltd. v. Unocal Corp., C.D.Cal.2003, 2003 WL 22005933, Unreported, amended and superseded 287 F.Supp.2d 1118, affirmed 433 F.3d 1260. Environmental Law ☜ 447

   62. ---- Releases from liability, allocation or transfer of liability

District court took improperly restricted view of term "liabilities" in release agreement between buyer and seller of chemical plant when court concluded that CERCLA liabilities did not exist at time of sale and that, therefore, assumption of liability clause could not have established that buyer had assumed them; court's reasoning was inconsistent with its earlier, correct pronouncement that broad assumption of environmental liability pre-dating CERCLA would be effective for post-CERCLA claims, and in circumstances, it was of no practical importance whether buyer's obligation to clean up site would be imposed by CERCLA, another federal statute, common law, or state statute. Hatco Corp. v. W.R. Grace & Co. Conn., C.A.3 (N.J.) 1995, 59 F.3d 400, rehearing and rehearing in banc denied. Release ☜ 30

CERCLA's statutory scheme does not implicitly require that release specifically refer to CERCLA liability in order to be effective in releasing CERCLA liability, in light of CERCLA's authorization for private ordering of ultimate risk distribution, and in light of potential for inadvertent failures to release CERCLA liability when such release is intended to be included in general release of all liability. Fisher Development Co. v. Boise Cascade Corp., C.A.3 (N.J.) 1994, 37 F.3d 104. Release ☜ 31

Statutory language of Comprehensive Environmental Response, Compensation, and Liability Act of 1980

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(CERCLA) did not prohibit releases between tort-feasors in suits for contribution and, thus, vendor's release of all claims against purchasers of equipment and property could be effective to bar vendor's cause of action seeking contribution for cleanup of toxic waste. AM Intern., Inc. v. International Forging Equipment Corp., C.A.6 (Ohio) 1993, 982 F.2d 989. Release ☞ 30

Municipality, as subsequent owner of contaminated property, could make claim against prior owner under cost recovery provision of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), although release between municipality and prior owner precluded municipality from seeking any future property damage claims against prior owner; there was nothing contained in release that prevented municipality from bringing claim regarding any cleanup of site. Borough of Throop v. Gould Electronics, Inc., M.D.Pa.2001, 302 F.Supp.2d 366. Environmental Law ☞ 445(1)

In cases where intent of parties is clear, breadth of provision allocating CERCLA liability is not disputed, and injured party affirms contract, federal law dictates that courts enforce releases of CERCLA liability. Teleflex Inc. v. Collins & Aikman Products Co., Inc., D.Conn.1996, 961 F.Supp. 368, affirmed 125 F.3d 845. Release ☞ 2

Railroad which transferred rail yard to new rail corporation, and was released from claims by government during valuation proceedings under the Regional Rail Reorganization Act of 1973, was not released from government's claims under the CERCLA, even if government had knowledge of environmental contamination, and even though government specifically preserved other claims in release, where CERCLA was not yet in effect, government's release was unambiguous, relatively narrow rather than general, and concerned only with the valuation of properties transferred, and CERCLA claims were not clearly and unambiguously referred to. Penn Cent. Corp. v. U.S., Sp.Ct.R.R.R.A.1994, 862 F.Supp. 437. Release ☞ 30

Release agreement entered into prior to enactment of CERCLA which is broad enough to encompass any and all claims, or which clearly refers to environmental liability, covers CERCLA liability. Village of Fox River Grove, Ill. v. Grayhill, Inc., N.D.Ill.1992, 806 F.Supp. 785. Release ☞ 30

To extent that agreement to insure, hold harmless or indemnify seller from CERCLA liability prevents purchaser from asserting CERCLA claim against seller, agreement can be viewed as "release." Hatco Corp. v. W.R. Grace & Co.--Conn., D.N.J.1992, 801 F.Supp. 1309, vacated 59 F.3d 400, rehearing and rehearing in banc denied. Release ☞ 2

Release executed by landowner upon surrender of property to predecessor to Finance Authority of Maine, which release indicated that landowner was discharged from all causes of action arising out of or in relation to the real estate, was not an "indemnification," "hold harmless" or similar agreement prohibited under certain circumstances by CERCLA, but, rather, was "release" that relieved landowner from liability to Authority. Waterville Industries, Inc. v. First Hartford Corp., D.Me.1991, 124 B.R. 411. Release ☞ 30

Pursuant to consent order entered into by Department of Natural Resources (DNR) and purchaser of property

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

from DNR, DNR agreed to assume any financial liability associated with environmental contamination at site beyond amount parties agreed to in consent order, despite DNR's claim that parties did not intend to transfer liability under CERCLA, which did not exist at time of consent order; release provision of consent order provided that purchaser would have no responsibility or liability in connection with any corrective actions which DNR "or any other governmental agency may hereafter deem necessary or advisable in connection with the contamination." Cordova Chemical Co. v. Department of Natural Resources, Mich.App.1995, 536 N.W.2d 860, 212 Mich.App. 144, appeal denied 554 N.W.2d 319, 453 Mich. 901. Judgment ☞ 91

63. Joint and several liability--Generally

Even under joint and several liability, a district court is not supposed to fashion an award that allows a plaintiff in a CERCLA case to recover from a defendant the costs associated with the cleanup of waste that the plaintiff itself has contributed to the site; while joint and several liability allows a plaintiff to collect from a single defendant the collective liability of all defendants, it does not permit a plaintiff to recover from a defendant the costs to undo what the plaintiff itself has done. Agere Systems, Inc. v. Advanced Environmental Technology Corp., C.A.3 (Pa.) 2010, 602 F.3d 204, certiorari denied 131 S.Ct. 646, 178 L.Ed.2d 479. Environmental Law ☞ 445(3)

Potentially responsible party (PRP) who may bear some liability for contaminating site, including PRP who voluntarily incurs cleanup costs but has not been sued or settled suit for cleanup costs, may bring a cause of action for cost recovery under CERCLA provision stating that various parties may be responsible for any "necessary costs of response incurred by any other person consistent with the national contingency plan," and need not rely as exclusive remedy on CERCLA provision authorizing PRP to seek contribution only if PRP had been sued or settled cleanup suit. E.I. DuPont de Nemours and Co. v. U.S., C.A.3 (N.J.) 2007, 508 F.3d 126. Environmental Law ☞ 444

Where multiple persons are liable under CERCLA, either as past or present owners or otherwise, for response costs incurred with respect to a particular site, their liability is joint and several for the entire costs incurred unless a liable person can establish that the environmental harms reflected in the total costs incurred were fairly divisible between the liable persons, in which case several liability may be apportioned between multiple liable persons by applying, in accordance with congressional intent, federal common-law apportionment principles. Dent v. Beazer Materials and Services, Inc., C.A.4 (S.C.) 1998, 156 F.3d 523. Environmental Law ☞ 447; Environmental Law ☞ 445(3)

Where harm caused by hazardous waste is indivisible, liability under CERCLA is joint and several. OHM Remediation Services v. Evans Cooperage Co., Inc., C.A.5 (La.) 1997, 116 F.3d 1574. Environmental Law ☞ 445(3)

Common-law principles of joint and several liability could be applied in CERCLA action to recover response costs to determine whether aluminum manufacturer that deposited hazardous substances at hazardous waste site could be held liable for government's full response costs, less what had been recovered from settling defendants. U.S. v. Alcan Aluminum Corp., C.A.3 (Pa.) 1992, 964 F.2d 252, rehearing denied, on remand 892 F.Supp. 648. Environmental Law ☞ 445(3)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Unlike CERCLA cause of action for recovery of response costs, liability under CERCLA contribution action is not joint and several, but several only. U.S. v. Consolidation Coal Co., S.D.Ohio 2002, 184 F.Supp.2d 723, affirmed in part , vacated in part 345 F.3d 409.

Once liability under CERCLA is established, if defendant fails to prevail on divisibility argument as to any particular CERCLA hazardous substance, it is jointly and severally liable for entire response cost. Cooper Industries, Inc. v. Agway, Inc., N.D.N.Y.1997, 956 F.Supp. 240. Environmental Law ☞ 445(3)

Joint and several liability under CERCLA applies only to proved wrongdoer who has in fact caused harm to plaintiff. Memphis Zane May Associates v. IBC Mfg. Co., W.D.Tenn.1996, 952 F.Supp. 541. Environmental Law ☞ 445(1)

Liability on CERCLA cost recovery claim is joint and several, while liability under CERCLA contribution claim is merely several. Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc., N.D.Ohio 1995, 904 F.Supp. 644. Environmental Law ☞ 447; Environmental Law ☞ 445(3)

Liability under CERCLA is joint and several unless defendant can show that damages are divisible. Textron Inc. By and Through Homelite Div. v. Barber-Colman Co., W.D.N.C.1995, 903 F.Supp. 1570. Environmental Law ☞ 445(3)

Liability under CERCLA is joint and several unless defendant can show that damages are divisible. Textron Inc. By and Through Homelite Div. v. Barber-Colman Co., W.D.N.C.1995, 903 F.Supp. 1558. Environmental Law ☞ 445(3)

Liability under CERCLA is joint and several for cost recovery actions but merely several for contribution actions. Kaufman and Broad-South Bay v. Unisys Corp., N.D.Cal.1994, 868 F.Supp. 1212. Environmental Law ☞ 447; Environmental Law ☞ 445(3)

Strict liability has been adopted under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) when hazardous waste is at same site that has been contaminated; one whose waste is disposed of at site is presumed to be jointly and severally liable for entire contamination at that site. Thomas v. FAG Bearings Corp., W.D.Mo.1994, 846 F.Supp. 1382, on reconsideration in part 860 F.Supp. 663. Environmental Law ☞ 445(3); Environmental Law ☞ 445(1)

Liability is joint and several among responsible parties under Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), that is, among all parties covered by four classes defined by statute. U.S. v. Shell Oil Co., C.D.Cal.1993, 841 F.Supp. 962, affirmed 281 F.3d 812, withdrawn and superseded on denial of rehearing 294 F.3d 1045, certiorari denied 123 S.Ct. 850, 537 U.S. 1147, 154 L.Ed.2d 849. Environmental Law ☞ 445(3)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Current owner of property established elements of joint and several liability of previous owner under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); site was facility where hazardous substances were located, releases and threatened releases of hazardous substances occurred at site, releases and threatened releases caused current owner to incur response costs, and former owner was covered person. Hatco Corp. v. W.R. Grace & Co.-Conn., D.N.J.1993, 836 F.Supp. 1049, opinion modified on reconsideration 849 F.Supp. 987. Environmental Law ☞ 445(1)

Liability under CERCLA is joint and several and, thus, proportionate amount of waste for which one is responsible is immaterial. U.S. v. American Cyanamid Co., D.R.I.1992, 786 F.Supp. 152. Environmental Law ☞ 445(3)

Although permitting imposition of joint and several liability, Comprehensive Environmental Response, Compensation, and Liability Act does not mandate joint and several liability. U.S. v. Shell Oil Co., D.C.Colo.1985, 605 F.Supp. 1064. Environmental Law ☞ 445(3)

Congress in enactment of this chapter did not intend to preclude imposition of joint and several liability. U.S. v. A & F Materials Co., Inc., S.D.Ill.1984, 578 F.Supp. 1249.

64. ---- Chem-Dyne approach, joint and several liability

*Chem-Dyne* approach, under which defendant who seeks to avoid imposition of joint and several liability is required to prove amount of harm it caused, is appropriate framework for resolving issues of joint and several liability in CERCLA cases. Matter of Bell Petroleum Services, Inc., C.A.5 (Tex.) 1993, 3 F.3d 889. Environmental Law ☞ 445(3)

65. ---- Apportionment, joint and several liability

Quotation from city clerk contained in local newspaper that recent tests of well at manufacturing plant showed no trichlorethylene (TCE), submitted by bankruptcy trustee in opposition to Environmental Protection Agency's (EPA's) motion for summary judgment on its claim against debtor under CERCLA for harm to a municipal well located near manufacturing plant in which debtor had an interest, was insufficient to demonstrate that there was no continuous plume of groundwater contamination extending from the plant to the municipal well and that the contamination at the municipal well was distinct from contamination at the plant, as required for apportioning CERCLA liability among responsible parties. U.S. Bank Nat. Ass'n v. U.S. E.P.A., C.A.6 (Ohio) 2009, 563 F.3d 199, rehearing and rehearing en banc denied. Bankruptcy ☞ 2164.1

A defendant may avoid joint and several liability under CERCLA if the defendant demonstrates that the harm is divisible; in that event, damages should be apportioned according to the harm to the environment caused by that particular tort-feasor. Acushnet Co. v. Mohasco Corp., C.A.1 (Mass.) 1999, 191 F.3d 69, 162 A.L.R. Fed. 717. Environmental Law ☞ 447; Environmental Law ☞ 445(3)

CERCLA cost recovery defendant may seek apportionment where there is reasonable basis for determining con-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tribution of each cause to single harm. New Castle County v. Halliburton NUS Corp., C.A.3 (Del.) 1997, 111 F.3d 1116, rehearing denied 116 F.3d 82. Environmental Law ⌾ 447

Court of Appeals' ruling on prior appeal did not preclude district court from taking additional evidence on remand prior to apportioning CERCLA defendants' liability; although ruling did bind district court to apportion liability under volumetric theory proposed by defendant and accepted by Court of Appeals, actual apportionment was left to district court to determine after Court of Appeals remanded "for further proceedings." U.S. v. Bell Petroleum Services, Inc., C.A.5 (Tex.) 1995, 64 F.3d 202, rehearing denied. Federal Courts ⌾ 951.1

Former owner of chrome-plating facility met its burden of proving that there was reasonable basis for apportioning liability between it and other former owners on volumetric basis, precluding imposition of joint and several liability in CERCLA action based on groundwater contamination; it was reasonable to assume that respective harm done by each of the former owners was proportionate to the volume of chromium-contaminated water each discharged into the environment, and former owner introduced evidence from which reasonable and rational approximation of each owner's individual contribution to the contamination could be made. Matter of Bell Petroleum Services, Inc., C.A.5 (Tex.) 1993, 3 F.3d 889. Environmental Law ⌾ 447; Environmental Law ⌾ 445(3)

In order to warrant apportionment of hazardous waste cleanup costs, owner of portion of site must show that there is reasonable basis for determining contribution of each owner to single harm; partial owner must show that there is way to determine what portion of harm is fairly attributable to it, as opposed to other responsible parties, and merely showing that owner owns only portion of site is insufficient. U.S. v. Rohm and Haas Co., C.A.3 (Pa.) 1993, 2 F.3d 1265, rehearing and rehearing in banc denied. Environmental Law ⌾ 447

Potentially responsible party (PRP) did not meet his burden of showing divisibility of harm at particular site by preponderance of concrete and specific evidence, in response action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), where there was evidence of substantial flooding at site during 1960s which caused commingling of contaminants, and that due to the commingling of waste from PRP's operation and other sources it was impossible to determine whose hazardous substances were released at which locations at site. U.S. v. Gurley, E.D.Ark.2004, 317 F.Supp.2d 870, affirmed 434 F.3d 1064, rehearing and rehearing en banc denied. Environmental Law ⌾ 445(3)

Harms arising from current owners' ownership of hazardous waste site could not be divided on volumetric basis in CERCLA cost recovery action, despite owners' contention that ratio of contamination attributable to them could be determined by comparing weight of lead contamination escaping from waste oil lagoons during their ownership and activities with total weight of lead contamination found in surrounding areas, where owners did not present sufficient evidence to enable court to divide harm on volumetric basis or expert testimony supporting theory's internal coherence, or account for independent factors such as relative toxicity and migratory potential. U.S. v. Manzo, D.N.J.2003, 279 F.Supp.2d 558. Environmental Law ⌾ 445(3)

Government erected slurry wall at hazardous waste site at which release occurred in part to address environmental contamination problems to which emulsion deposited at site by aluminum manufacturer contributed,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

thereby making manufacturer jointly and severally liable for cost of slurry wall in government's action for response costs under CERCLA, given that emulsion contained polychlorinated biphenyls (PCBs), contributed to above-background levels of nickel in site's groundwater, and had capacity to absorb and transport hazardous substances and thus contributed to migration of hazardous materials at site. U.S. v. Alcan Aluminum Corp., N.D.N.Y.2000, 97 F.Supp.2d 248, affirmed 315 F.3d 179, certiorari denied 124 S.Ct. 1039, 540 U.S. 1103, 157 L.Ed.2d 887. Environmental Law ☞ 446

In seeking to avoid imposition of joint and several liability for response costs under CERCLA, defendant bears burden of establishing reasonable basis for apportioning liability, which is question of law, as well as showing amount of harm defendant caused, which is question of fact. U.S. v. Wallace, N.D.Tex.1996, 961 F.Supp. 969. Environmental Law ☞ 692; Environmental Law ☞ 464

Where CERCLA defendant seeks to apportion damages according to its own contribution to harm, it is defendant's burden to establish that damages are capable of such apportionment. Cooper Industries, Inc. v. Agway, Inc., N.D.N.Y.1997, 956 F.Supp. 240. Environmental Law ☞ 464

CERCLA defendants bear burden of establishing reasonable basis for apportioning liability or that harms are distinct. Memphis Zane May Associates v. IBC Mfg. Co., W.D.Tenn.1996, 952 F.Supp. 541. Environmental Law ☞ 464

Expert's methodology in calculating poundage of worn journal bearings that CERCLA defendants delivered to railroad parts foundry was reasonable approach for estimating defendants' contributions to lead contamination at site, despite claims that expert relied upon records from only few of years at issue and that estimates assumed consistent usage of foundry by defendants as opposed to use of competing operations or use of one of operator's other foundries in other parts of country. Pneumo Abex Corp. v. Bessemer and Lake Erie R. Co., Inc., E.D.Va.1996, 936 F.Supp. 1250. Evidence ☞ 555.9

Apportionment of harm in CERCLA cost recovery action involving harbor was not warranted on basis of geographic divisibility even though contaminants came from different sources around harbor and Environmental Protection Agency (EPA) divided harbor into eastern and western portions for purposes of remediation measures; though levels of contamination varied within harbor, the different intermingled hazardous substances presented single environmental harm of sediment contamination harmful to marine organisms and dangerous to human health. State of Wash. v. U.S., W.D.Wash.1996, 922 F.Supp. 421. Environmental Law ☞ 445(3)

Potentially responsible parties (PRP) under CERCLA could not escape CERCLA liability, in action brought by other PRPs, by proving that harm was capable of reasonable apportionment but, rather, liability was subject only to statutorily prescribed defenses. Akzo Coatings, Inc. v. Aigner Corp., N.D.Ind.1995, 909 F.Supp. 1154. Environmental Law ☞ 445(1)

Where environmental harm is indivisible, liability under CERCLA cost recovery section is joint and several and if party is found jointly and severally liable, it has burden of establishing that harm is divisible and damages are

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

capable of apportionment or bear responsibility for full cleanup costs, whereas liability under CERCLA contribution section is several and if party is found severally liable, the burden is on one bringing action to prove party's share of damages. U.S. v. Taylor, M.D.N.C.1995, 909 F.Supp. 355. Environmental Law ☜ 447; Contribution ☜ 9(6); Environmental Law ☜ 464; Environmental Law ☜ 445(3)

"Orphan shares," defined as response costs attributable to bankrupt or financially insolvent potentially responsible parties (PRP) under CERCLA, would be apportioned among all solvent PRPs that were parties in litigation, including plaintiffs, in amounts corresponding to their relative equitable responsibility for any indivisible harm for which joint and several liability otherwise applied. Charter Tp. of Oshtemo v. American Cyanamid Co., W.D.Mich.1995, 898 F.Supp. 506. Environmental Law ☜ 447

Generally, inquiry into apportionment of liability under CERCLA is intensely factual and burden on defendant is substantial. U.S. v. Alcan Aluminum Corp., M.D.Pa.1995, 892 F.Supp. 648, affirmed 96 F.3d 1434, certiorari denied 117 S.Ct. 2479, 521 U.S. 1103, 138 L.Ed.2d 988. Environmental Law ☜ 447

Volume of lead contamination contributed to site of former gun range by personnel at different levels of government and divisibility of site into separate ranges provided reasonable basis for apportioning CERCLA response costs liability among responsible parties instead of imposing joint and several liability; government personnel used firing range, but not discrete trap or skeet shooting range. Kamb v. U.S. Coast Guard, N.D.Cal.1994, 869 F.Supp. 793. Environmental Law ☜ 447; Environmental Law ☜ 445(3)

Before former owner of contaminated site of chemical plant was required to prove divisibility defense or that environmental harm was capable of reasonable apportionment, current owner was required to make prima facie showing that former owner was responsible for release. Hatco Corp. v. W.R. Grace & Co. Conn., D.N.J.1994, 849 F.Supp. 987. Environmental Law ☜ 464

To avoid liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for portion of site used by both former and current owner, former owner must establish that harm in question was capable of reasonable apportionment based on contribution of each party by demonstrating relationship between basis offered and release of hazardous substances at site. Hatco Corp. v. W.R. Grace & Co.-Conn., D.N.J.1993, 836 F.Supp. 1049, opinion modified on reconsideration 849 F.Supp. 987. Environmental Law ☜ 447

Joint and several liability would be imposed under CERCLA on sellers of spent lead acid batteries, as the environmental harm at contaminated site was not reasonably apportionable; there would never be enough evidence in case from which reasonable volumetric study could be constructed. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., Inc., E.D.Va.1992, 814 F.Supp. 1269. Environmental Law ☜ 445(3)

Issue of apportionment of response costs can arise in CERCLA action first in regard to whether harm resulting from two or more causes is capable of apportionment among separate causes, and second, if defendants are found to be jointly and severally liable, in regard to attempt by defendant to seek to limit amount of damages it

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

would ultimately have to pay by seeking order of contribution apportioning damages among defendants. State of Ariz. v. Motorola, Inc., D.Ariz.1992, 805 F.Supp. 749. Environmental Law ⚷ 447; Environmental Law ⚷ 445(3)

Joint and several liability will be imposed on parties to release of hazardous substances unless defendants are able to establish that reasonable basis exists for apportioning harm among them. U.S. v. Gurley Refining Co., E.D.Ark.1992, 788 F.Supp. 1473, affirmed in part , reversed in part 43 F.3d 1188, rehearing and suggestion for rehearing en banc denied, certiorari denied 116 S.Ct. 73, 516 U.S. 817, 133 L.Ed.2d 33. Environmental Law ⚷ 445(3)

CERCLA liability is joint and several unless liable parties establish divisibility of harm and reasonable basis for apportionment of liability among themselves. Purolator Products Corp. v. Allied-Signal, Inc., W.D.N.Y.1991, 772 F.Supp. 124. Environmental Law ⚷ 445(3)

In the absence of rational basis for apportionment of harm caused by spraying of oil containing dioxin and TCP, company which generated the waste, company which arranged for its transportation, and company which undertook the transportation and spraying were jointly and severally liable for response costs. U.S. v. Bliss, E.D.Mo.1987, 667 F.Supp. 1298. Environmental Law ⚷ 445(3)

Joint and several liability should be imposed upon defendants found to be responsible for creation of hazardous waste dump under this section, unless defendants establish that reasonable basis exists for apportioning harm among them. U.S. v. Wade, E.D.Pa.1983, 577 F.Supp. 1326. Environmental Law ⚷ 445(3)

While court may use equitable factors to apportion damages in apportionment phase of CERCLA case, defendants remain jointly and severally liable. State of Ariz. v. Motorola, Inc., D.Ariz.1991, 139 F.R.D. 141. Environmental Law ⚷ 447; Environmental Law ⚷ 445(3)

66. ---- Arrangers, joint and several liability

Defendant was not liable as "arranger" under CERCLA in connection with shipments to site of substances which were not contained at site; after 13 years of testing, no evidence of those substances had been discovered at site, and engineer stated in affidavit that no by-products associated with breakdown of those substances had been identified at site. T H Agriculture & Nutrition Co., Inc. v. Aceto Chemical Co., Inc., E.D.Cal.1995, 884 F.Supp. 357. Environmental Law ⚷ 445(1)

67. ---- Divisibility, joint and several liability

There was no evidence that environmental harm at manufacturing facility used by debtor was distinct from the harm at a municipal well located approximately one and a half miles south of the facility, as required to support bankruptcy trustee's claim for divisibility of the harm such that CERCLA liability could be apportioned among responsible parties. U.S. Bank Nat. Ass'n v. U.S. E.P.A., C.A.6 (Ohio) 2009, 563 F.3d 199, rehearing and rehearing en banc denied. Bankruptcy ⚷ 2830.5; Bankruptcy ⚷ 2927

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Aluminum manufacturer whose waste emulsion was deposited at two hazardous waste disposal sites failed to demonstrate that harm done at sites was divisible, as required for manufacturer to escape joint and several liability under CERCLA; manufacturer's argument that its waste emulsion was harmless was unreasonable in light of district court's finding that emulsion contained polychlorinated biphenyls (PCBs), and manufacturer failed to address effects of its waste emulsion as a whole, and instead inappropriately focused on constituents of its waste individually. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 2003, 315 F.3d 179, certiorari denied 124 S.Ct. 1039, 540 U.S. 1103, 157 L.Ed.2d 887. Environmental Law ☞ 445(3)

A defendant need not prove that its "waste did not, or could not, contribute" to any of the harm at a CERCLA site in order to establish divisibility of harm, because it is also possible to prove divisibility of single harms based on volumetric, chronological, or other types of evidence; a site may also be divisible if a defendant can establish that it consists of "non-contiguous" areas of contamination. U.S. v. Hercules, Inc., C.A.8 (Ark.) 2001, 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Environmental Law ☞ 445(3)

CERCLA cost recovery defendant that seeks apportionment has burden to prove that harm is divisible and that damages are capable of some reasonable apportionment. New Castle County v. Halliburton NUS Corp., C.A.3 (Del.) 1997, 111 F.3d 1116, rehearing denied 116 F.3d 82. Contribution ☞ 9(6)

Joint and several liability for pollution cleanup cost may be imposed under Comprehensive Environmental Response, Compensation, and Liability Act even though actor's role in creating hazardous site was small, if harm is indivisible; responsibility party may seek contribution from other potential responsible parties. U.S. v. R.W. Meyer, Inc., C.A.6 (Mich.) 1991, 932 F.2d 568. Environmental Law ☞ 447; Environmental Law ☞ 445(3)

Landowner was jointly and severally liable with operator of electroplating facility and its president for Government's cost to remove hazardous substances causing indivisible harm. U.S. v. R.W. Meyer, Inc., C.A.6 (Mich.) 1989, 889 F.2d 1497, certiorari denied 110 S.Ct. 1527, 494 U.S. 1057, 108 L.Ed.2d 767.

Environmental harm at brownfield site contaminated with arsenic and lead released by prior operators of fertilizer manufacturing and granulation plants was indivisible under CERCLA; there was no accurate calculation of volume of contaminants released by operators, and there was no reasonable estimate of additional volume of soil contaminated by subsequent earthmoving and development activities. Ashley II of Charleston, LLC v. PCS Nitrogen, Inc., D.S.C.2010, 2010 WL 3893599, amended and superseded 746 F.Supp.2d 692, on reconsideration in part 2011 WL 2119234, amended and superseded 2011 WL 2119256. Environmental Law ☞ 445(3)

Genuine issue of material fact as to whether harm caused by material that truck-parts company took to smelting facility for processing was divisible with reasonable certainty precluded summary judgment on state department of toxic substances control's (DTSC) claim that company was jointly and severally liable under CERCLA for response, removal, and remediation costs resulting from release of hazardous substances at facility. California Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp., E.D.Cal.2003, 298 F.Supp.2d 930. Federal Civil Procedure ☞ 2498.3

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Response costs associated with contamination at Superfund site focusing on investigation, design and remediation of lead waste produced by manufacturer of mica products were not divisible, and thus manufacturer was fully liable for such costs under CERCLA; allegedly unique and non-volatile nature of manufacturer's waste stream did not obviate governmental objective of remediating lead contamination of soil at site. U.S. v. Spaulding Composites Co., Inc., D.N.J.2002, 202 F.Supp.2d 336. Environmental Law ⟨⟩⌁ 445(3)

Aluminum manufacturer failed to show that harm arising from releases at hazardous waste sites at which it deposited emulsion for disposal was divisible, as required to limit its liability in government's action for CERCLA response costs for cleanup of sites, given extreme conditions at one site and emulsion's mobilizing effect on other hazardous wastes at both sites, which contributed significantly to overall contamination. U.S. v. Alcan Aluminum Corp., N.D.N.Y.2000, 97 F.Supp.2d 248, affirmed 315 F.3d 179, certiorari denied 124 S.Ct. 1039, 540 U.S. 1103, 157 L.Ed.2d 887. Environmental Law ⟨⟩⌁ 445(3)

While divisibility of harm is defense to CERCLA cost recovery claim, as to which liability is joint and several, it is not defense to contribution claim, as to which there is no joint and several liability among defendants. Kalamazoo River Study Group v. Rockwell Intern., W.D.Mich.1998, 991 F.Supp. 890. Environmental Law ⟨⟩⌁ 447; Environmental Law ⟨⟩⌁ 445(3)

CERCLA defendant will not be held jointly and severally liable to governmental or nonliable private plaintiff where defendant can demonstrate that harm at given site is "divisible," that is, that there are distinct harms or reasonable basis for determining contribution of each cause to single harm. U.S. v. Vertac Chemical Corp., E.D.Ark.1997, 966 F.Supp. 1491, affirmed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Environmental Law ⟨⟩⌁ 445(3)

CERCLA defendant can avoid joint and several liability by showing that harm is capable of being divided among its various causes, e.g., by presenting evidence of relative toxicity, migratory potential, degree of migration or synergistic capacities of hazardous substances at issue; this includes showing that hazardous substances occupy separate and distinct geographic areas of contamination. Memphis Zane May Associates v. IBC Mfg. Co., W.D.Tenn.1996, 952 F.Supp. 541. Environmental Law ⟨⟩⌁ 445(3)

Despite presentation of evidence indicating several sources of lead contamination at CERCLA site and that contaminated sand from railroad parts foundry remained in certain portions of site, defendants who sold scrap journal bearings to foundry failed to provide district court with way to separate harms or costs of cleanup; harm was indivisible. Pneumo Abex Corp. v. Bessemer and Lake Erie R. Co., Inc., E.D.Va.1996, 936 F.Supp. 1250. Environmental Law ⟨⟩⌁ 445(3)

If harm at a CERCLA site is divisible, party is liable only for that portion of harm caused by that party, and party claiming that harm is divisible bears burden of proof. Akzo Coatings, Inc. v. Aigner Corp., N.D.Ind.1993, 909 F.Supp. 589. Environmental Law ⟨⟩⌁ 445(3); Environmental Law ⟨⟩⌁ 464

Liability under CERCLA is joint and several unless defendant can show that damages are divisible. Textron Inc.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

By and Through Homelite Div. v. Barber-Colman Co., W.D.N.C.1995, 903 F.Supp. 1546. Environmental Law ⌔ 445(3)

Under CERCLA, even where responsible party's individual role in creating hazardous site is small, it may be held jointly and severally liable for entire cost of response and cleanup of site if harm or damage at site is indivisible. Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., D.Utah 1994, 868 F.Supp. 1278, affirmed 52 F.3d 1522. Environmental Law ⌔ 445(3)

Environmental harm at hazardous waste site was divisible geographically and, therefore, owner of property containing pentachlorophenol pond plume was not liable for plume emanating from processing plant in CERCLA action based on soil and groundwater contamination, in view of evidence that there were two separate areas of groundwater contamination, that neither owner nor its predecessor ever had ownership interest in land on which processing plant stood, and that processing plant plume neither merged with pond plume nor migrated onto owner's land. U.S. v. Broderick Inv. Co., D.Colo.1994, 862 F.Supp. 272. Environmental Law ⌔ 445(3)

Joint and several liability under CERCLA was appropriate, where releases over many years could not be separated out to calculate separate harm from each release, and there was no way to separate harms from different sources. Northwestern Mut. Life Ins. Co. v. Atlantic Research Corp., E.D.Va.1994, 847 F.Supp. 389. Environmental Law ⌔ 445(3)

CERCLA imposes joint and several strict liability for harm which is not indivisible between multiple actors, and once it is determined that party falls within classification of "responsible party," liability attaches without regard to fault or state of mind. U.S. v. Arrowhead Refining Co., D.Minn.1992, 829 F.Supp. 1078. Environmental Law ⌔ 445(1)

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) defendants bear burden of demonstrating that harm is divisible, and that their liability thus should not be joint and several. State of N.J., Dept. of Environmental Protection and Energy v. Gloucester Environmental Management Services, Inc., D.N.J.1993, 821 F.Supp. 999. Environmental Law ⌔ 464

Fact that district court may have been better able to determine defendant's battery contribution to battery shredding facility, which recovered lead from discarded large commercial batteries, as opposed to contributions of other defendants did not warrant imposition only of several liability for response costs in CERCLA action; court's decision to impose joint and several liability upon defendant was not based solely on nine-year record keeping void, but rather on indivisibility of harm at shredding facility's battery site and regardless of court's ability to better determine defendant's battery contribution, it was no better able to determine its contribution of hazardous lead to site. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co. Inc., E.D.Va.1993, 814 F.Supp. 1285, opinion clarified 822 F.Supp. 322. Environmental Law ⌔ 445(3)

If two parties are not jointly and severally liable under CERCLA because harm is divisible, one party could assert independent cost recovery claim against the other because there is no common liability and therefore no

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

right of contribution. U.S. v. ASARCO, Inc., D.Colo.1993, 814 F.Supp. 951. Environmental Law ☞ 445(3)

Liability under CERCLA for response costs is joint and several only where harm is indivisible. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1992, 812 F.Supp. 1528. Environmental Law ☞ 445(3)

Although liability under CERCLA typically is joint and several, if harm is divisible, liability may be imposed against responsible party in proportion to damage that it actually caused. U.S. v. Wedzeb Enterprises, Inc., S.D.Ind.1992, 809 F.Supp. 646. Environmental Law ☞ 445(3)

Liability under CERCLA is joint and several, when there are multiple defendants, unless defendant can demonstrate that harm suffered is divisible. State of Ariz. v. Motorola, Inc., D.Ariz.1992, 805 F.Supp. 749. Environmental Law ☞ 445(3)

Responsible parties may be held jointly and severally liable under CERCLA, and CERCLA generally imposes joint and several liability upon persons except when they can show that the harm is divisible. Soo Line R. Co. v. B.J. Carney & Co., D.Minn.1992, 797 F.Supp. 1472. Environmental Law ☞ 445(3)

Owner of two of three properties upon which hazardous wastes had been spilled or discarded, thereby causing contamination of well field which served as public water supply, and lessee of one of those two properties, did not meet their burden of proving that response costs they incurred in relation to water field contamination were divisible, for purposes of avoiding joint and several liability under CERCLA. Kelley v. Thomas Solvent Co., W.D.Mich.1990, 790 F.Supp. 710. Environmental Law ☞ 445(3)

Where environmental harm is indivisible, liability under CERCLA is joint and several. U.S. v. A & N Cleaners and Launderers, Inc., S.D.N.Y.1992, 788 F.Supp. 1317. Environmental Law ☞ 445(3)

To establish divisibility of harm and thus avoid joint and several liability for response costs under CERCLA, potentially responsible parties must offer a reasonable basis for apportioning harm among them, and fact that a potentially responsible party sent a potentially identifiable volume of waste to the site does not mean that its liability should be apportioned by volume, since volume alone does not reflect the individual and interactive qualities of the hazardous substances. U.S. v. Kramer, D.N.J.1991, 757 F.Supp. 397. Environmental Law ☞ 445(3)

Environmental harm inflicted at hazardous waste site was indivisible, so that responsible party was jointly and severably liable for recovery costs, where contaminants found in the soil and water were commingled. U.S. v. Alcan Aluminum Corp., N.D.N.Y.1991, 755 F.Supp. 531, remanded 990 F.2d 711, on remand, opinion after remand from court of appeals 97 F.Supp.2d 248. Environmental Law ☞ 445(3)

Where arsenic was present, probably from more than one source, at multiparty source and some was traceable to one party, and where the harm from the arsenic was not shown to be divisible because the entire site had to be cleaned to remove the hazardous waste, that party was liable for clean up costs despite its claim that it had re-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

moved all of its materials which contained arsenic and that the amount of arsenic traceable to it was insubstantial. U.S. v. Western Processing Co., Inc., W.D.Wash.1990, 734 F.Supp. 930. Environmental Law ⬅️ 445(1)

Burden of demonstrating that harm suffered by the Government as result of contamination by hazardous substances is in fact divisible, so that joint and several liability does not apply, rests with the defendants. Kelley v. Thomas Solvent Co., W.D.Mich.1989, 727 F.Supp. 1532. Environmental Law ⬅️ 464

In CERCLA action to recover response costs, defendants seeking to avoid joint and several liability sufficiently alleged divisibility of harm by asserting that their liability should be proportionate to their contribution to endangerment and costs, taking into account percentage of total volume of materials disposed of at site, nature and relative toxicity of materials, and relative contributions of other defendants and that response actions taken by Government were unrelated to defendant's particular waste. U.S. v. Marisol, Inc., M.D.Pa.1989, 725 F.Supp. 833 . Environmental Law ⬅️ 673

Parties are jointly and severally liable for damages under CERCLA, unless harm to environment caused by disposal of hazardous substances is divisible and reasonable basis exists to apportion harm. U.S. v. Parsons, N.D.Ga.1989, 723 F.Supp. 757. Environmental Law ⬅️ 445(3)

Former owner-operators of facility and successor operators were jointly and severally liable for costs incurred for necessary response actions to clean up contamination that were consistent with National Contingency Plans, pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act; former owner-operators and successor operators of facility from which release of hazardous substance occurred that prompted incurrence of response costs were responsible persons under CERCLA, and harm suffered was indivisible, since it was not possible to distinguish contamination due solely to acts of either set of parties. Versatile Metals, Inc. v. Union Corp., E.D.Pa.1988, 693 F.Supp. 1563. Environmental Law ⬅️ 445(3)

Upon potentially responsible party's showing that harm was divisible and proof of such party's contribution, such party's liability for response costs at hazardous waste site would be several, but upon determination that harm was indivisible, court would have option as to whether to impose joint and several liability for response costs upon all potentially responsible parties. Allied Corp. v. Acme Solvents Reclaiming, Inc., N.D.Ill.1988, 691 F.Supp. 1100. Environmental Law ⬅️ 445(3)

Liability of landowner, operator of electroplating facility and officer responsible for disposal of chemical wastes for costs expended by Government in undertaking "Immediate Removal Action" was joint and several, in view of indivisibility of the harm. U.S. v. Northernaire Plating Co., W.D.Mich.1987, 670 F.Supp. 742, affirmed 889 F.2d 1497, certiorari denied 110 S.Ct. 1527, 494 U.S. 1057, 108 L.Ed.2d 767. Environmental Law ⬅️ 445(3)

Harm caused by toxic waste disposal site and synergistic effects of commingling of different wastes was indivisible and justified imposition of joint and several liability on owners and operators, generators of waste, and transporters of waste from generators to facilities for response costs incurred as result of release of hazardous substance from toxic waste disposed site. U.S. v. Stringfellow, C.D.Cal.1987, 661 F.Supp. 1053. Environmental

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Law ☞ 445(3)

68. ---- Partnerships, joint and several liability

Real estate partnership was "responsible person" under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) where, at time of disposal of hazardous materials, partnership owned disposal site; statutory definition of "person" encompassed partnerships, "disposal" definition covered activities engaged in by partnership's tenant, and partnership received lease payments from tenant during disposal. U.S. v. 175 Inwood Associates LLP., E.D.N.Y.2004, 330 F.Supp.2d 213. Environmental Law ☞ 445(1)

General partners of partnership, which was record owner of building and which was potentially liable under CERCLA, could be held jointly liable, as liability attached through partnership's ownership of site. In re Tutu Wells Contamination Litigation, D.Virgin Islands 1993, 846 F.Supp. 1243. Partnership ☞ 353

69. ---- Potentially responsible parties, joint and several liability

CERCLA allows joint and several liability when specific damage cannot be attributed to particular potentially responsible parties (PRPs). Millipore Corp. v. Travelers Indem. Co., C.A.1 (Mass.) 1997, 115 F.3d 21. Environmental Law ☞ 445(3)

In general, CERCLA cost recovery action imposes joint and several liability on potentially responsible parties (PRP). New Castle County v. Halliburton NUS Corp., C.A.3 (Del.) 1997, 111 F.3d 1116, rehearing denied 116 F.3d 82. Environmental Law ☞ 445(3)

Potentially responsible party (PRP) was improperly joined to suit brought against it by United States and other PRPs to pending Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) action, alleging fraudulent transfers under Federal Debt Collection Practices Act (FDCPA) and Federal Priority Act (FPA) to avoid remediation costs for environmental contamination; government sought relief from each defendant based upon alleged transfers which were separate and distinct from transfers by others. U.S. v. Katz, S.D.Ohio 2006, 494 F.Supp.2d 645. Federal Civil Procedure ☞ 387.1

United States was entitled to have private parties held jointly and severally liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), even though certain federal agencies were themselves potentially responsible parties (PRPs). U.S. v. Gurley, E.D.Ark.2004, 317 F.Supp.2d 870, affirmed 434 F.3d 1064, rehearing and rehearing en banc denied. Environmental Law ☞ 445(3)

Potentially responsible party (PRP) contesting assertion of joint and several liability in government's CERCLA cost recovery action has burden to establish divisibility. U.S. v. Atlas Lederer Co., S.D.Ohio 2001, 282 F.Supp.2d 687. Environmental Law ☞ 464

CERCLA liability for remediation costs is joint and several unless the potentially responsible party (PRP) can

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

prove the harm is divisible. Pfohl Brothers Landfill Site Steering Committee v. Allied Waste Systems, Inc., W.D.N.Y.2003, 255 F.Supp.2d 134, reconsideration denied 2003 WL 21518341. Environmental Law ⟨key⟩ 445(3)

Former owner of hazardous waste site, which was neither "truly innocent" nor had undertaken voluntary cleanup of site, could seek contribution but not joint and several cost recovery from other potentially responsible parties. Great Lakes Container Corp. v. Columbus Steel Drum Co., Inc., E.D.Mich.1999, 54 F.Supp.2d 706. Environmental Law ⟨key⟩ 447; Environmental Law ⟨key⟩ 444

CERCLA does not permit claim by one potentially responsible party (PRP) against other PRPs for joint and several liability, but rather, claim by one PRP against another PRP is necessarily claim for contribution. Kalamazoo River Study Group v. Rockwell Intern., W.D.Mich.1998, 991 F.Supp. 890. Environmental Law ⟨key⟩ 447; Environmental Law ⟨key⟩ 444

Liability under CERCLA's cost recovery provision is joint and several unless potentially responsible party (PRP) can demonstrate that harm it causes is divisible, which is very difficult proposition to establish. Laidlaw Waste Systems, Inc. v. Mallinckrodt, Inc., E.D.Mo.1996, 925 F.Supp. 624. Environmental Law ⟨key⟩ 445(3)

Liability section of CERCLA imposes joint and several liability on potentially responsible parties (PRP) regardless of fault. Reichhold Chemicals, Inc. v. Textron, Inc., N.D.Fla.1995, 888 F.Supp. 1116. Environmental Law ⟨key⟩ 445(3)

Notwithstanding existence of indemnification agreements, all potentially responsible parties under CERCLA are jointly and severally liable to government for clean-up and/or closure costs. U.S. v. Lang, E.D.Tex.1994, 864 F.Supp. 610. Environmental Law ⟨key⟩ 445(3)

70. ---- Third-party defendants, joint and several liability

Owner of grain elevator facility did not qualify for third-party defense from CERCLA liability as potentially responsible party (PRP) when owner conceded that spill of carbon tetrachloride on its property occurred while supplier was preparing to unload grain fumigant as part of delivery to owner, and thus occurred "in connection with contractual relationship between" owner and supplier. Morrison Enterprises v. McShares, Inc., C.A.10 (Kan.) 2002, 302 F.3d 1127. Environmental Law ⟨key⟩ 445(1)

Third-party defendant was "potentially responsible party" that was thus entitled to maintain CERCLA contribution action, even though that third-party defendant denied its potential liability; it was enough that it was sued under CERCLA and that no court had yet cleared it of liability. OHM Remediation Services v. Evans Cooperage Co., Inc., C.A.5 (La.) 1997, 116 F.3d 1574. Environmental Law ⟨key⟩ 447

Liability of initial defendant sued by the Government in response cost recovery action under CERCLA is joint and several, but liability of third-party defendants is several only. U.S. v. Kramer, D.N.J.1991, 757 F.Supp. 397.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Environmental Law ☞ 445(3)

71. ---- Particular cases, joint and several liability

Imposition of joint and several liability for response costs was warranted in United States' action under CER-CLA to recover costs it incurred in cleaning up site, despite purported owner's contention that it was possible to divide liability by looking at placement of hazardous materials at time of clean up, where site formerly operated as single, unitary operation, contamination was found on almost every parcel of facility, parcels were contiguous, fact that chemicals came to rest in any particular place when production ended was largely happenstance, and products and chemicals continued to migrate between parcels after operations at facility had ceased. U.S. v. Capital Tax Corp., C.A.7 (Ill.) 2008, 545 F.3d 525. Environmental Law ☞ 445(3)

Finding that aluminum manufacturer's waste emulsion deposited at hazardous waste disposal sites absorbed con-taminants at sites and facilitated their transport throughout, thereby contributing to the breadth of environmental contamination at sites, supported manufacturer's joint and several liability under CERCLA for response costs in-curred by government in cleaning up sites. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 2003, 315 F.3d 179, certiorari denied 124 S.Ct. 1039, 540 U.S. 1103, 157 L.Ed.2d 887. Environmental Law ☞ 445(3)

No wood-treating substances were released by former owners during their ownerships of property, and thus they could not be held to have released those constituents for purposes of apportioning response cost liability under CERCLA simply because, unbeknownst to them and beyond any means of their control, wood-treating sub-stances were leaching onto their property from their release point at creosote processing facility on adjacent property by subsurface migration. Dent v. Beazer Materials and Services, Inc., C.A.4 (S.C.) 1998, 156 F.3d 523. Environmental Law ☞ 441

Liability of rifle lens manufacturer and its lessee under CERCLA for current owner's recoverable response costs was joint and several, even though there were three general areas of solvent contamination on site, where manu-facturing operations contributed to contamination in each area, there was little to no evidence as to how geo-graphic distinctions impacted recoverable response costs already incurred, and evidence did not establish to any degree of reasonable probability number of lenses manufactured or volume of solvents used and disposed of while lessee operated plant. Board of County Com'rs of County of La Plata, Colorado v. Brown Group Retail, Inc., D.Colo.2011, 2011 WL 816792. Environmental Law ☞ 445(3)

Industrial plant and waste removal company were not joint tortfeasors both liable to third party under Pennsylvania law in action by parties responsible for site clean-up seeking recovery under Comprehensive En-vironmental Response, Compensation, and Liability Act (CERCLA) of costs incurred for site clean-up, and thus industrial plant was not entitled to contribution by waste removal company. Agere Systems, Inc. v. Advanced Environmental Technology Corp., E.D.Pa.2008, 552 F.Supp.2d 515. Environmental Law ☞ 445(3); Environ-mental Law ☞ 447

Former parent corporation did not operate manufactured gas plant in place of or in joint venture with utility company, for purposes of company's claim under Comprehensive Environmental Response, Compensation, and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Liability Act (CERCLA), seeking to impose liability for pollution at plant; record did not indicate that parent was aware of utility company's actions regarding tar at facility or of company's own inspections. Yankee Gas Services Co. v. UGI Utilities, Inc., D.Conn.2009, 616 F.Supp.2d 228. Corporations And Business Organizations 1654; Joint Adventures 1.1

Plaintiffs in CERCLA response cost action, including successor of railroad parts foundry operators and city, and defendants, including sellers of scrap journal bearings to foundry, would be required to equally bear costs of cleanup of lead contamination at site, given that parties were fully involved in transport, disposal, or treatment of hazardous substances, that parties were only able to roughly distinguish contributions to site contamination, that some defendants indicated recalcitrance to cooperate with government officials, that nonsettling defendants had not performed or financed performance of any response activities, that parties profited from foundry arrangement, and that nothing in record suggested that any of parties were unable to pay share of cleanup costs. Pneumo Abex Corp. v. Bessemer and Lake Erie R. Co., Inc., E.D.Va.1996, 936 F.Supp. 1250. Environmental Law 447

Deeds conveying properties to rail corporation pursuant to final system plan (FSP) for restructuring of regional rail service were intended to limit rail corporation's exposure to liability only for post-conveyance acts and, thus, any apportionment of CERCLA liability for contamination of property would have to consider limitations expressed in conveyance documents; CERCLA liability would be joint and several unless reasonable basis existed for dividing harm. Consolidated Rail Corp. v. U.S., Sp.Ct.R.R.R.A.1995, 883 F.Supp. 1565. Environmental Law 447

Joint and several liability would control in property owner's CERCLA action for recovery of response costs against suburban sanitary commission and adjoining landowner arising from discovery of perchloroethylene (PCE) in groundwater under property, unless defendants could carry their burden of demonstrating either existence of distinct environmental harms or reasonable basis for determining contribution of each defendant to that harm. Westfarm Associates Ltd. Partnership v. International Fabricare Institute, D.Md.1993, 846 F.Supp. 422, affirmed 66 F.3d 669, 147 A.L.R. Fed. 747, certiorari denied 116 S.Ct. 1318, 517 U.S. 1103, 134 L.Ed.2d 471. Environmental Law 445(3)

72. Successor liability--Generally

Imposition of CERCLA liability for pre-enactment conduct was not in violation of substantive due process rights of successor of railroads that previously owned property on which wooden box which allegedly released hazardous substances was buried; though CERCLA did in fact impose significant economic costs on successor, successor was not a party upon whom liability could be imposed based on acts or promises of an unrelated third party, and liability to be imposed was not substantially disproportionate to parties' experience. Franklin County Convention Facilities Authority v. American Premier Underwriters, Inc., S.D.Ohio 1999, 61 F.Supp.2d 740, affirmed but criticized 240 F.3d 534. Constitutional Law 4327; Environmental Law 408

Federal common law of successor liability applies to successor liability questions arising under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). Ninth Ave. Remedial Group v. Allis-Chalmers Corp., N.D.Ind.1996, 195 B.R. 716. Environmental Law 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

73. ---- Corporations generally, successor liability

Congress included successor corporations within descriptions of entities that are potentially liable under CER-CLA for cleanup costs; i.e., term "corporation" in CERCLA includes successor corporation. Anspec Co., Inc. v. Johnson Controls, Inc., C.A.6 (Mich.) 1991, 922 F.2d 1240, 121 A.L.R. Fed. 685, on remand 788 F.Supp. 951. Corporations And Business Organizations ☞ 2641(4)

Purchaser of assets of wholly owned subsidiary, at liquidation of subsidiary, did not assume all responsibility for any CERCLA liability arising from subsidiary's dumping of waste in landfill, and thus CERCLA liability for wholly owned subsidiary was transferred to PRP upon its receipt of wholly owned subsidiary's liquidated assets as liquidating dividends, and purchaser of PRP assumed that CERCLA liability; purchaser of PRP's assets did not purchase stock, but only purchased plants. Pfohl Brothers Landfill Site Steering Committee v. Allied Waste Systems, Inc., W.D.N.Y.2003, 255 F.Supp.2d 134, reconsideration denied 2003 WL 21518341. Corporations ☞ 215; Corporations ☞ 445.1

Allegation in state's complaint, in action to recover response costs under CERCLA, that defendant was "successor corporation to CSI under the substantial continuity theory" provided defendant with sufficient notice of nature and basis of claim against it, where court provided citations to cases describing elements of substantial continuity test, and further alleged that defendant had "purchased the assets of CSI." Commonwealth of Pennsylvania Dept. of Environmental Protection v. Concept Sciences, Inc., E.D.Pa.2002, 232 F.Supp.2d 454.

Question of successor liability of purchaser of corporate assets in context of CERCLA action is resolved in accordance with federal common law. Town of Oyster Bay v. Occidental Chemical Corp., E.D.N.Y.1997, 987 F.Supp. 182. Federal Courts ☞ 433

Under the "substantial continuity" test, corporate asset purchaser was not liable under CERCLA as successor corporation in absence of evidence of common ownership or personnel, inadequate consideration, lack of arms-length transaction, purchaser's notice of seller's potential CERCLA liability, or continuation of business at issue after transaction. Ekotek Site PRP Committee v. Self, D.Utah 1996, 948 F.Supp. 994. Corporations And Business Organizations ☞ 2724(4)

Although CERCLA section prohibiting responsible parties from extricating themselves from liability by entering into indemnification agreement with another party ensured that owner of chemical corporation allegedly generating CERCLA liability could not dodge its potential liability, that section did not prevent subsequent owner of chemical corporation from being added to chain of clean-up accountability as "successor corporation." U.S. v. Lang, E.D.Tex.1994, 864 F.Supp. 610. Corporations And Business Organizations ☞ 2724(4)

Purchaser of assets of potentially responsible party, which was engaged in business of reconditioning and re-selling used barrels or drums and which had hauled waste to landfill, was not "successor corporation" that could be held liable under CERCLA for cleanup of landfill site; purchaser engaged in business much like that of seller, and there was no indication that employees were different or that they did different jobs, but ownership of companies did not overlap, purchaser had no knowledge of potential liability of seller, and apparently only one

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

hauler linked seller with landfill. Hunt's Generator Committee v. Babcock & Wilcox Co., E.D.Wis.1994, 863 F.Supp. 879. Corporations And Business Organizations ⟨⟩ 2724(4)

Although successor corporation might have valid third-party action against owner of predecessor corporation as result of successor's CERCLA liability based on shipments of hazardous materials by the owner, that did not absolve it of its CERCLA liability. U.S. v. Hardage, W.D.Okla.1990, 761 F.Supp. 1501. Corporations And Business Organizations ⟨⟩ 2679(6)

A manufacturing company that bought all the stock of a corporation that allegedly disposed of hazardous substances at a site some 12 years earlier could be liable under CERCLA for the present landowner's response costs; facts of action could establish that manufacturing company should be held liable as the corporate successor of a potentially liable party. GRM Industries, Inc. v. Wickes Mfg. Co., W.D.Mich.1990, 749 F.Supp. 810. Corporations And Business Organizations ⟨⟩ 2755

Purchaser of corporation's assets was continuation of and entered de facto merger with seller and was liable as successor corporation for seller's PCB contamination of river and harbor at plant site, even though purchase agreement excluded liability arising from seller's use and disposal of PCBs, even though seller received shares of purchaser's parent corporation, and even though seller was revived for limited purpose of defending the suit; although capacitors manufactured by purchaser were not PCB-impregnated, purchaser's decision not to use PCBs did not fundamentally alter quality of capacitors or marketplace's perceptions of them. In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution, D.Mass.1989, 712 F.Supp. 1010. Corporations And Business Organizations ⟨⟩ 2724(4)

74. ---- Continuity of enterprise, successor liability

"Substantial continuity test" could not be used to determine successor liability under CERCLA; test departed from common law rules of successor liability that had to be applied in CERCLA actions, since CERCLA did not specifically address issue of successor liability. New York v. National Services Industries, Inc., C.A.2 (N.Y.) 2003, 352 F.3d 682, on remand 380 F.Supp.2d 122. Corporations And Business Organizations ⟨⟩ 2641(4)

In determining whether successor corporation is "mere continuation" of predecessor for purposes of determining successor liability under CERCLA, "substantial continuity test," addressing whether successor maintains same business with same employees doing same jobs under same supervisors, working conditions, and production processes, and produces same products for same customers, is more consistent with CERCLA goals and thus superior to older more inflexible "identity test," requiring existence of single corporation after transfer of assets, with identity of stock, stockholders, and directors. B.F. Goodrich v. Betkoski, C.A.2 (Conn.) 1996, 99 F.3d 505, decision clarified on denial of rehearing 112 F.3d 88, certiorari denied 118 S.Ct. 2318, 524 U.S. 926, 141 L.Ed.2d 694. Corporations And Business Organizations ⟨⟩ 2641(4)

Corporation which purchased assets of waste oil service company was not responsible party liable as "substantial continuation successor" to company, for purposes of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); corporation was larger, preexisting corporation, which bought

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

company's assets in arm's length transaction to service one of its several rerefineries, corporation had no actual notice of offending storage tanks, and company had stopped using the "dirty" assets well before sale of assets. U.S. v. Mexico Feed and Seed Co., Inc., C.A.8 (Mo.) 1992, 980 F.2d 478. Corporations And Business Organizations ⇔ 2724(4)


There was sufficient continuity between predecessor corporation and successor corporation to warrant holding successor corporation liable for Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) response costs, for prior discharge of transformer oil containing polychlorinated biphenyls (PCBs), in view of continuity in employees and supervisory personnel, former sole shareholder's continued influence over operations, transfer of equipment and inventory, continuity of product line and assets, successor corporation's representations to customers, and possibility that transfer was part of an effort to avoid environmental liability. U.S. v. Carolina Transformer Co., C.A.4 (N.C.) 1992, 978 F.2d 832. Corporations And Business Organizations ⇔ 2641(4)


Corporate successor liability could not be imposed under CERCLA on corporation which purchased assets of company which marketed hazardous waste, under continuing business enterprise exception, where purchaser did not have actual notice of company's potential CERCLA liability, and purchaser did not continue company's business of marketing hazardous waste. Louisiana-Pacific Corp. v. Asarco, Inc., C.A.9 (Wash.) 1990, 909 F.2d 1260. Corporations And Business Organizations ⇔ 2724(4)

Corporation was not subject to successor liability under CERCLA or Connecticut law under "continuity of enterprise" or "substantial continuity" theories, even though it was formed by potentially responsible party's (PRP) supervisory employees, and corporation employed some of PRP's former employees, where PRP continued to exist as legal and viable entity, there were sound reasons for corporation's formation, there was no evidence that corporation's formation was done to avoid environmental liabilities, corporation's operations were carried out at location different than that used by PRP, corporation did not retain all of PRP's former employees, corporation was solely manufacturing concern, whereas PRP was formerly in manufacturing and sales, neither held itself out as other, corporation had customers other than PRP, and corporation maintained separate books. Durham Mfg. Co. v. Merriam Mfg. Co., D.Conn.2003, 294 F.Supp.2d 251. Corporations And Business Organizations ⇔ 2724(4)


Corporation which purchased assets of box manufacturer was not mere continuation of seller and thus could not incur successor liability under CERCLA for seller's disposal of hazardous waste; buying corporation purchased assets of on-going concern in arms' length transaction, operated it under new name, sought to expand on existing client base, over time made manufacturing and other changes, and did not have notice of selling corporation's potential liability under CERCLA. Town of Oyster Bay v. Occidental Chemical Corp., E.D.N.Y.1997, 987 F.Supp. 182. Corporations And Business Organizations ⇔ 2724(4)


Purchaser of waste company's assets was successor corporation under continuity of enterprise theory of corporate successor liability and thus was liable under CERCLA for cleanup costs apportioned to waste company's alleged contribution of spent batteries to site, even if purchaser acquired waste company only for one of its subdi-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

visions that dealt with recycled paper; most of personnel at waste company became employees of purchaser, business was not interrupted by sale, waste company's name was retained by purchaser, and all assets in waste company's accounts receivable were transferred and continued under purchaser after closing. Gould, Inc. v. A & M Battery and Tire Service, M.D.Pa.1997, 950 F.Supp. 653. Corporations And Business Organizations ☞ 2724(4)

Pursuant to "substantial continuity" test for successor liability, corporation was liable under CERCLA as successor of prior operators of shipyard, even absent notice to corporation of potential liability for contamination; corporation operated shipyard doing same kind of business, using same name, at same location, for many of same customers, and using many of same assets, managers, executives and employees previously used by prior operators. State of Wash. v. U.S., W.D.Wash.1996, 930 F.Supp. 474. Corporations And Business Organizations ☞ 2641(4)

Purchaser of business which had disposed of hazardous substances at landfill was not liable under CERCLA as seller's successor, even assuming viability of "continuity of enterprise" doctrine in CERCLA context under Michigan law; case involved pre-CERCLA sale of assets, and evidence was insufficient to establish that purchaser knew about dumping of hazardous waste at landfill at time of asset purchase. U.S. v. Vermont American Corp., W.D.Mich.1994, 871 F.Supp. 318. Corporations And Business Organizations ☞ 2724(4)

Successor corporation that acts as mere continuation of predecessor will inherit CERCLA liability despite explicit contractual provisions to contrary. Blackstone Valley Elec. Co. v. Stone & Webster, Inc., D.Mass.1994, 867 F.Supp. 73. Corporations And Business Organizations ☞ 2641(4)

In CERCLA context, under expanded version of "mere continuation" exception to rule that purchaser of corporation does not assume all of purchased corporation's liabilities, i.e., under "substantial continuation exception," court considers whether purchaser retains same employees, retains same supervisory personnel, retains same production facilities, continues to produce same product, retains same name, retains same assets and continues business operations, and holds itself out to public as continuation of same venture. U.S. v. Distler, W.D.Ky.1991, 865 F.Supp. 398. Corporations And Business Organizations ☞ 2724(4)

Factors to be considered under "continuity of enterprise" approach to corporate successor liability under CERCLA include whether or not purchaser retains same employees and production facilities, produces same products, maintains same assets and business operations, retains same business name, and holds itself out to public as continuation of previous enterprise. U.S. v. Atlas Minerals and Chemicals, Inc., E.D.Pa.1993, 824 F.Supp. 46. Corporations And Business Organizations ☞ 2724(4)

Corporation which bought former corporate owner of manufactured gas plant in 1953 could be held liable under CERCLA and Maryland law as successor respecting contamination at plant site, despite facts that buyer did not manufacture gas and that buyer never owned plant; buyer was "mere continuation" of seller's business, buyer assumed liabilities of seller in articles of transfer, and facts supported finding that 1953 transaction was de facto merger. HRW Systems, Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Buyer of paint manufacturing business could not be held liable for CERCLA cleanup costs relating to seller's presale improper disposal of hazardous wastes on theory of de facto consolidation or merger, where there was no continuity of shareholders, and little continuity of management and personnel and buyer closed a storage facility and discontinued manufacture of certain products that seller manufactured. Allied Corp. v. Acme Solvents Reclaiming, Inc., N.D.Ill.1993, 812 F.Supp. 124. Corporations And Business Organizations ⟨⟩⟶ 2724(4)

Purchaser of assets of corporation potentially liable under the CERCLA could not, itself, be held liable for its predecessor's alleged statutory violations, on theory that it merely continued its predecessor's business enterprise by conducting same general business, at same location, with same assets, phone number and address, where plaintiff failed to demonstrate sufficient continuity of stock, shareholders or directors or that requiring such shareholder continuity would frustrate CERCLA's remedial purpose. Sylvester Bros. Development Co. v. Burlington Northern R.R., D.Minn.1990, 772 F.Supp. 443. Corporations And Business Organizations ⟨⟩⟶ 2724(4)

Substantial continuation of a previous business existed sufficient to raise material issues of fact as to successor liability under the CERCLA purchase of previous business was likely performed with full knowledge of possible liability associated with hazardous waste disposal. U.S. v. Western Processing Co., Inc., W.D.Wash.1990, 751 F.Supp. 902. Federal Civil Procedure ⟨⟩⟶ 2498.3

Allegations in Government's complaint, that substantial continuity existed between corporation which arranged for disposal of hazardous substances and successor corporation which retained same employees, many of same supervisory personnel, same production facilities and name, and continued producing same product line, were sufficient to state CERCLA claim against successor under "continuity of enterprise" exception to rule against successor liability. U.S. v. Distler, W.D.Ky.1990, 741 F.Supp. 637, on reconsideration 865 F.Supp. 398. Corporations And Business Organizations ⟨⟩⟶ 2731

"Substantial continuity" existed between successor and predecessor corporations, and thus successor could be held liable under Comprehensive Environmental Response, Compensation, and Liability Act, where successor took over all of predecessor's business operations and continued to operate business in same manner, companies had same individuals as directors, employees and officers, and companies at one time shared same offices, mailing address and telephone number. U.S. v. Carolina Transformer Co., Inc., E.D.N.C.1989, 739 F.Supp. 1030, affirmed 978 F.2d 832. Corporations And Business Organizations ⟨⟩⟶ 2724(4)

Even if purchaser of corporate assets cannot be held liable for claims asserted under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) on "substantial continuity" theory, successor liability may be imposed under traditional "mere continuity" exception to prohibition against successor liability if plaintiff shows that there is identity of stock, stockholders and directors between purchasing corporation and seller. Ninth Ave. Remedial Group v. Allis-Chalmers Corp., N.D.Ind.1996, 195 B.R. 716. Corporations And Business Organizations ⟨⟩⟶ 2724(4)

75. ---- Particular successors, successor liability

Purchaser of many of agricultural chemical company's assets was not liable, under fraudulently-entered transac-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion exception providing for successor liability of asset purchasers, for contribution to owners of property leased by chemical company for CERCLA soil contamination cleanup costs; although purchaser knew of environmental problems and bought only "clean" assets, sale did not provide means for company to escape CERCLA liability and was not constructed solely to circumvent liability, purchaser paid appraised value for assets, and nothing suggested that appraisal was inaccurate. Atchison, Topeka and Santa Fe Ry. Co. v. Brown & Bryant, Inc., C.A.9 (Cal.) 1997, 159 F.3d 358. Corporations And Business Organizations ⟲ 2842

Original property owner's failure, after inspection of property in compliance with CERCLA, to notify successor owner that site contained pollutants did not absolve successor owner for its failure to address environmental pollution at site and did not preclude liability of successor owner under CERCLA; there was no indication that original owner was under any duty to inform successor of its findings, particularly since successor was privy to information that gave rise to original owner's inspection, and successor took no action to clean up site even after Illinois Environmental Protection Agency and United States Environmental Protection Agency undertook preliminary investigations of site. Kerr-McGee Chemical Corp. v. Lefton Iron & Metal Co., C.A.7 (Ill.) 1994, 14 F.3d 321, rehearing denied. Environmental Law ⟲ 445(1)

When buyer of gas and electric company sold gas portion of the company the environmental liabilities for coal gas waste of the gas and electric company did not disappear, but, rather, those liabilities travelled to successor of the gas and electric company. John S. Boyd Co., Inc. v. Boston Gas Co., C.A.1 (Mass.) 1993, 992 F.2d 401. Corporations And Business Organizations ⟲ 2724(4)

Purchase and sale agreement between brownfield site owner and previous owner that operated storage facility on site released previous owner from any liability associated with site cleanup costs under CERCLA; agreement's release cause discharged previous owner from any and all claims and liabilities, whether for contribution or otherwise. Ashley II of Charleston, LLC v. PCS Nitrogen, Inc., D.S.C.2010, 2010 WL 3893599, amended and superseded 746 F.Supp.2d 692, on reconsideration in part 2011 WL 2119234, amended and superseded 2011 WL 2119256. Environmental Law ⟲ 447

Material issues of fact existed as to whether trichloroethylene (TCE) was released at airport site during operations of aircraft company's predecessor at site, and as to whether predecessor disposed of paint strippers containing phenols in disposal pond which mixed with TCE in groundwater and caused TCE to degrade more rapidly and mobilize more quickly in site's soil and groundwater, precluding summary judgment for United States on its CERCLA cost recovery claim against company arising from environmental contamination of site. Raytheon Aircraft Co. v. U.S., D.Kan.2007, 532 F.Supp.2d 1306, reconsideration denied 2008 WL 647068. Federal Civil Procedure ⟲ 2498.3

Buyer of manufacturer of the dry-cleaning machines supplied to laundromat was not subject to arranger liability under CERCLA for machines' releases of hazardous substance into wastewater, resulting in contamination of the surrounding soil and ground water; buyer did not own manufacturer during the time of the alleged "arrangement" between manufacturer and laundromat and did not expressly or impliedly assume seller's CERCLA liability as seller's corporate successor. Vine Street, LLC v. Keeling ex rel. Estate of Keeling, E.D.Tex.2006, 460 F.Supp.2d 728. Corporations And Business Organizations ⟲ 2724(4); Environmental Law

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

☞ 445(1)

Current owners of hazardous waste site were not absolved of liability in CERCLA cost recovery action, despite their contention that they had reduced site's contamination by engaging in efforts to remediate site and releasing only water from waste oil lagoons on property, in light of evidence that owners had merely backfilled lagoons, owners did not attempt to keep lagoons intact in order to prevent unnecessary spills, and natural attenuation and bio-degradation only covered contaminants but did not eliminate them. U.S. v. Manzo, D.N.J.2003, 279 F.Supp.2d 558. Environmental Law ☞ 445(1)

Lessee of building on site contaminated by chromium waste demonstrated that successor-in-interest to chromium manufacturer was liable in cost recovery action brought under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), and thus also was entitled to recover future response costs under CERCLA. Interfaith Community Organization v. Honeywell Intern., Inc., D.N.J.2003, 263 F.Supp.2d 796, affirmed 399 F.3d 248, certiorari denied 125 S.Ct. 2951, 545 U.S. 1129, 162 L.Ed.2d 869. Environmental Law ☞ 446

Evidence that semiconductor manufacturer shipped 32,605 gallons of spent solvents containing various hazardous wastes and one million gallons of hydrofluoric acid to waste treatment and disposal facility, and that hydrofluoric acid was contaminated with arsenic, established that purchaser of semiconductor manufacturer, having assumed all of debts, liabilities and obligations of manufacturer, was jointly and severally liable under CERCLA for response costs incurred in cleanup of hazardous substances at site, absent evidence that each batch of wastes sent to site had been effectively neutralized. U.S. v. Wallace, N.D.Tex.1996, 961 F.Supp. 969. Environmental Law ☞ 445(1)

Railroad could not be held liable for acts of contamination perpetrated by other railroads before Regional Rail Reorganization Act of 1973 mandated transfer of rail yards to railroad seeking declaratory relief, for purposes of any apportionment of CERCLA liability among responsible parties; district court deciding CERCLA issues could instead decide to impose joint and several liability if no reasonable basis for apportionment existed. Consolidated Rail Corp. v. U.S., Sp.Ct.R.R.R.A.1995, 883 F.Supp. 1565. Environmental Law ☞ 445(1)

Purchaser of assets of waste hauling business was liable as "successor" to seller for response costs in CERCLA action for cleanup of hazardous waste disposal site, where purchaser retained same employees, supervisory personnel, and production facilities, purchaser produced same products, continued with same assets and general business operations, and purchaser retained name and held itself out as continuation of previous enterprise. Atlantic Richfield Co. v. Blosenski, E.D.Pa.1994, 847 F.Supp. 1261. Corporations And Business Organizations ☞ 2724(4)

Lessee of facility had successor liability under CERCLA, where it assumed some liabilities of former operator under terms of asset purchase agreement, and it continued same production and research activities conducted by former operator using its production facilities and key supervisory personnel. Northwestern Mut. Life Ins. Co. v. Atlantic Research Corp., E.D.Va.1994, 847 F.Supp. 389. Corporations And Business Organizations ☞ 2724(4)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Solid waste transporter that purchased assets, name and business of previously existing transporter, was not subject to successor liability under CERCLA for hazardous waste allegedly deposited at landfill prior to acquisition. B.F. Goodrich Co. v. Murtha, D.Conn.1993, 840 F.Supp. 180. Corporations And Business Organizations ⚷ 2724(4)

Successor to sole proprietorship business which sold spent lead-acid batteries was subject to liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) in same fashion as successor corporations; business continued to be operated in same general fashion as under previous owner without significant change in personnel, products, facilities, or name. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., Inc., E.D.Va.1992, 814 F.Supp. 1266. Environmental Law ⚷ 445(1)

Unfairness, if any, in allowing buyer of chemical corporation's assets to realize benefit of assets while not having to incur costs of environmental cleanup of disposal site used by seller was insufficient to impose successor liability on buyer to share costs of cleanup, in light of public policy of alienability of property, which would be impaired if prospective purchaser would be forever accountable for toxic substance liability of any company that had ever disposed of, treated, or used toxic substances in any phase of its operations. City Environmental, Inc. v. U.S. Chemical Co., E.D.Mich.1993, 814 F.Supp. 624, affirmed 43 F.3d 244. Corporations And Business Organizations ⚷ 2724(4)

76. Subrogation

Liability insurer for potentially responsible party (PRP) could not pursue subrogation cause of action, under CERCLA, against other PRPs, to recover costs it had incurred in connection with clean-up of hazardous waste at contaminated site, where insurer had agreed to defend insured in related CERCLA cost-recovery suit under reservation of rights; permitting the insurer to pursue subrogation cause of action could interfere with and unfairly restrict insured's defense of related suit. California Dept. of Toxic Substances Control v. City of Chico, Cal., E.D.Cal.2004, 297 F.Supp.2d 1227. Environmental Law ⚷ 447; Insurance ⚷ 3517

77. Jurisdiction--Generally

Potential CERCLA liability of foreign parent company of former owner of majority interest in metal reclamation facility could not be used as substitute for personal jurisdiction over parent, which had to be independently established for purposes of CERCLA claims against parent. American Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, C.A.9 (Cal.) 1996, 94 F.3d 586, supplemented 95 F.3d 1156. Federal Courts ⚷ 86

In absence of stated federal claims, district court would retain supplemental jurisdiction over claims brought by landowner against potentially responsible party (PRP) under Oregon Superfund Act, notwithstanding fact that landowner had brought no Comprehensive Environmental Response Compensation and Liability Act (CERCLA) claims against PRP, where both categories of claims related to contribution and cost recovery for environmental cleanup of harbor. Arkema Inc. v. Anderson Roofing Co., Inc., D.Or.2010, 719 F.Supp.2d 1318. Federal Courts ⚷ 18

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

District court had personal jurisdiction over potentially responsible party (PRP) in suit brought against it by United States and other PRPs to pending Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) action, alleging fraudulent transfers under Federal Debt Collection Practices Act (FDCPA) and Federal Priority Act (FPA) to avoid remediation costs for environmental contamination; PRP's company operated in forum, and PRP had been lifelong resident of forum. U.S. v. Katz, S.D.Ohio 2006, 494 F.Supp.2d 645. Federal Courts ⟊ 76.35

Claims of class of Oklahoma citizens against former operator of zinc smelter, its parent, and its successor, did not constitute a challenge to CERCLA cleanup, and thus district court lacked subject matter jurisdiction over action alleging nuisance, trespass, strict liability, and unjust enrichment; approach adopted by Environmental Protection Agency (EPA) at smelter site was part of pilot program designed to rely on enforcement resources of Oklahoma Department of Environmental Quality (ODEQ), and, although EPA retained right under memorandum of understanding with ODEQ to declare memorandum terminated in event cleanup efforts were deemed insufficient, EPA classified site as one that was deferred for action by state authority. Coffey v. Freeport-McMoRan Copper & Gold Inc., W.D.Okla.2009, 623 F.Supp.2d 1257, affirmed 581 F.3d 1240. Environmental Law ⟊ 645

Forum contacts of holding company's wholly-owned subsidiary could not be imputed to holding company for purposes of establishing general personal jurisdiction over holding company in action for contribution and cost recovery under federal and state environmental laws, given that subsidiary did not necessarily perform functions that holding company otherwise would have had to perform, that facts alleged did not show that holding company's supervision over person serving as subsidiary's president, chief executive officer, and sole director exceeded that normally associated with parent-subsidiary relationships, that subsidiary did not play role in underlying site contamination, that subsidiary paid dividends to holding company, and that holding company and subsidiary observed corporate formalities and respected their independent forms. Action Mfg. Co., Inc. v. Simon Wrecking Co., E.D.Pa.2005, 375 F.Supp.2d 411. Federal Courts ⟊ 82

Plaintiffs' assertion, in state law-based personal injury action against landfill operators, that uniform accrual date of CERCLA rendered claims timely, did not by itself confer federal question jurisdiction; CERCLA did not preempt state actions nor create federal cause of action, no essential element of plaintiffs' claims depended on federal law, and assertion of uniform date was possible defense, not part of claims. In re Pfohl Bros. Landfill Litigation, W.D.N.Y.1999, 67 F.Supp.2d 177. Federal Courts ⟊ 241; Federal Courts ⟊ 246

Federal district court had no basis to exercise subject matter jurisdiction over claims asserted by potentially responsible party (PRP) in CERCLA cost recovery action against its insurer for indemnity and defense; claims were not closely enough allied to underlying CERCLA claims to justify supplemental jurisdiction, nor was there any viable federal cause of action assertable under CERCLA directly against the insurer. Johnson Controls, Inc. v. Irving Rubber & Metal Co., Inc., M.D.Pa.1996, 920 F.Supp. 612. Federal Courts ⟊ 15

Special court, Regional Rail Reorganization Act of 1973, had jurisdiction to interpret policies purposes and provisions of orders conveying property to rail corporation, final system plan (FSP) for restructuring of regional rail service, statutes creating FSP, and conveyance documents, for purposes of rail corporation's claims for declara-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion of nonliability under CERCLA, railroad's counterclaim concerning contamination before railroad allegedly had any contact with property, and state transportation authority's cross-claim against United States. Consolidated Rail Corp. v. U.S., Sp.Ct.R.R.R.A.1995, 883 F.Supp. 1565. Railroads ☞ 30

Traditional notions of fair play and substantial justice supported exercise of personal jurisdiction over nonresident seller of spent batteries, in action under CERCLA, consistent with due process where, compared to interest of plaintiffs who had signed consent decree obligating them to conduct and finance cleanup of contaminated soil at site in Florida, South Carolina defendant's burden of defending suit in Florida was not significant, plaintiffs would face significant burden if they had to sue all non-Florida defendants in their home states, in that there were six states involved in four different federal circuits, Florida had compelling sovereign interest in protecting the health and welfare of its citizens, and exercising jurisdiction would further the social policies embodied in CERCLA. Chatham Steel Corp. v. Brown, N.D.Fla.1994, 858 F.Supp. 1130. Constitutional Law ☞ 3965(4); Federal Courts ☞ 76.35

Basic constitutional and civil procedure principles govern scope of personal jurisdiction in action to recover cleanup costs under CERCLA. State of Idaho v. M.A. Hanna Co., D.Idaho 1993, 819 F.Supp. 1464. Federal Courts ☞ 74

Transfer of case to district court was appropriate, where the Court of Federal Claims lacked subject matter jurisdiction over complaint because all of plaintiff's claims arose under either CERCLA or the Federal Tort Claims Act, plaintiff could have brought these claims initially in the District Court, and transfer was in the interest of justice because counsel for the government contended that plaintiff should file his claims in the Court of Federal Claims. Tarrant v. U.S., Fed.Cl.2006, 71 Fed.Cl. 554. Federal Courts ☞ 1158

78. ---- Pendent jurisdiction

In action by owner/operator of chemical manufacturing and distribution facilities from which hazardous-substance releases had occurred seeking indemnification from previous owners, and asserting claims under both CERCLA and state law, district court would not retain jurisdiction over state-law contract claims once CERCLA claims were dismissed pretrial, even though contract disputes related to field regulated by federal law; state-law claims would not have been sufficient to confer original jurisdiction on district court, and judicial efficiency would not be promoted by retaining jurisdiction given that court had decided no motions and had addressed no merits. Elementis Chemicals, Inc. v. T H Agriculture and Nutrition, L.L.C., S.D.N.Y.2005, 373 F.Supp.2d 257. Federal Courts ☞ 18

Court which was exercising jurisdiction over action for CERCLA cleanup costs by landlord against tenant would exercise pendent jurisdiction over state common-law claims for breach of contract, reimbursement of costs, specific performance, nuisance and negligence, and strict liability, and claim for violation of the state Unfair Trade Practices Act. Arawana Mills Co. v. United Technologies Corp., D.Conn.1992, 795 F.Supp. 1238. Federal Courts ☞ 15

Federal district court had federal question jurisdiction over action to recover cleanup costs against insurer of

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

"owner or operator" under CERCLA, and had jurisdiction over state law claims that were pendent to federal law claim. Port Allen Marine Services, Inc. v. Chotin, M.D.La.1991, 765 F.Supp. 887. Federal Courts ☞ 15; Federal Courts ☞ 218

Fact that CERCLA authorizes plaintiffs to recover litigation costs does not mean that those costs alone provide jurisdictional basis for untried state claims in federal court. Bolin v. Cessna Aircraft Co., D.Kan.1991, 759 F.Supp. 692. Federal Courts ☞ 218

Where state claims and CERCLA claim differed significantly in various respects, particularly as to the nature of the legal issues, the required degree of culpability, and the applicable defenses, and where state claims substantially predominated the CERCLA claim, court exercising jurisdiction over the CERCLA claim would not exercise pendent jurisdiction over state claims. Commerce Holding Co., Inc. v. Buckstone, E.D.N.Y.1990, 749 F.Supp. 441. Federal Courts ☞ 15

79. Time of filing action

Subrogation cause of action by liability insurer of potentially responsible party (PRP) against other PRPs to recover response costs, under CERCLA, that it had incurred to date on behalf of its insured in connection with clean-up of hazardous waste at contaminated site, was not ripe, under California or federal common law, absent showing that sum paid by insurer constituted insured's total response costs under CERCLA or that insured had been fully compensated, i.e., made whole, for its losses. California Dept. of Toxic Substances Control v. City of Chico, Cal., E.D.Cal.2004, 297 F.Supp.2d 1227. Environmental Law ☞ 662

Action seeking response costs under CERCLA may be litigated before cleanup is complete. Weyerhaeuser Corp. v. Koppers Co., Inc., D.Md.1991, 771 F.Supp. 1406. Environmental Law ☞ 671

80. Parties

Death of defendant in CERCLA action to recover remediation costs from other potential responsible parties (PRP) following settlement with site owner warranted substitution of defendant's estate and executor of his estate; CERCLA claims against defendant, based on corporate veil piercing theory, survived his death. U.S. v. Atlas Lederer Co., S.D.Ohio 2007, 494 F.Supp.2d 649. Abatement And Revival ☞ 57; Federal Civil Procedure ☞ 356; Federal Civil Procedure ☞ 362

Real estate partnership that owned site where hazardous materials were abandoned was not entitled to apportion its liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), since partnership's liability did not flow from its introduction of materials to site, there was only single cause of harm, and former tenant that released materials was not party to instant action. U.S. v. 175 Inwood Associates LLP., E.D.N.Y.2004, 330 F.Supp.2d 213. Environmental Law ☞ 447

Co-tenants were indispensible parties in action by owner of partial interest in real property to recover response costs from third party under Comprehensive Environmental Response, Compensation and Liability Act

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(CERCLA). Goodwin v. Phillips Petroleum Co., C.A.8 (Ark.) 2000, 210 F.3d 378, 2000 WL 485193, Unreported. Environmental Law ⚷ 657

81. Intervention

For purposes of determining timeliness of Indian tribe's motion to intervene in state's suit against poultry producer for its disposal of poultry waste in the Illinois River Watershed (IRW), which was within the boundaries of Indian tribe, tribe's delay of more than four years before its eve-of-trial motion to intervene was unjustified; tribe made no showing that it ever had reason to rely on the state to pursue many of its interests on its behalf, and even assuming that tribe reasonably believed when the state filed its suit that the tribe would be protected by the suit from incurring future costs to remedy the alleged pollution, tribe could still be charged with a delay of almost a year when it began negotiations with state to assign its interests to state. Oklahoma ex rel. Edmondson v. Tyson Foods, Inc., C.A.10 (Okla.) 2010, 619 F.3d 1223. Federal Civil Procedure ⚷ 320

Contribution right of railroad company, as a non-settling potentially responsible party (PRP) under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), was sufficient for intervention in action brought by government against 44 defendants to recover entire cleanup costs and natural resources damages at a particular site, after government lodged a consent decree, under which settling defendants would enjoy immunity from contribution actions or claims for the site; government sought to hold railroad company liable for full cost of cleanup, minus offset from the proposed settlement, a total of about $23 million, CERCLA recognized an important interest in seeking contribution to share that burden, and the risk of injury was great because judicial approval would automatically cut off the right to seek contribution from the settling defendants as PRPs. U.S. v. Albert Inv. Co., Inc., C.A.10 (Okla.) 2009, 585 F.3d 1386. Federal Civil Procedure ⚷ 331

Municipal corporation which had been formed by cities for purpose of collecting and disposing of garbage and rubbish would not be allowed to permissively intervene in action in which corporation's insurer sought indemnification from cities for cleanup costs incurred by corporation under CERCLA; corporation's rights would not be adversely affected by litigation, and corporation granted insurer right to bring action in corporation's name pursuant to its environmental impairment liability (EIL) policies. American Special Risk Ins. Co. ex rel. South Macomb Disposal Authority v. City of Centerline, E.D.Mich.1999, 69 F.Supp.2d 944. Federal Civil Procedure ⚷ 338

82. Pleadings

District court did not abuse its discretion in denying grain elevator site owner leave to amend its complaint to assert claim under CERCLA provision allowing for contribution action, following adverse grant of summary judgment, where owner could have reasonably offered amended complaint before deadline, but made tactical choice to pursue its claims under a more generous CERCLA provision, and mere possibility of lost claims not even mentioned to district court fell far short of demonstrating that district court abused its discretion. Morrison Enterprises, LLC v. Dravo Corp., C.A.8 (Neb.) 2011, 638 F.3d 594. Federal Civil Procedure ⚷ 1935.1

Individual plaintiffs failed to state claims against landfill which allegedly contaminated air, ground and water supply under Comprehensive Environmental Response, Compensation, and Liability Act by omitting allegation

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

that they personally incurred response costs consistent with national contingency plan or took actions in response to allegedly hazardous conditions at landfill; expenditures incurred by state and federal environmental protection agencies were insufficient to cause of action on behalf of individuals. McGregor v. Industrial Excess Landfill, Inc., C.A.6 (Ohio) 1988, 856 F.2d 39. Environmental Law ☞ 446

On motion for summary judgment in federal government's CERCLA action against owners and operators of mine, defendants' statement in opposition brief failed to raise fact issue with respect to whether Environmental Protection Agency (EPA) acted in arbitrary and capricious manner in responding to acid mine-drainage discharges, as would preclude defendants' liability to government for EPA's response costs; statement indicated that defendants believed they could, if given more time, present arguments that EPA's remedial actions were inconsistent with National Contingency Plan (NCP) governing response to hazardous substance release, but defendants did not elaborate on how they would do this or what evidence led them to even speculate that the response actions were inconsistent with the NCP. U.S. v. Iron Mountain Mines, E.D.Cal.2010, 724 F.Supp.2d 1086. Federal Civil Procedure ☞ 2498.3

Allegations by Pennsylvania Department of Environmental Protection (PADEP), that it had incurred in excess of 20 million dollars in unreimbursed response costs related to the cleanup and removal of Strontium-90 (Sr-90), a radioactive and hazardous nuclear byproduct material, left behind by manufacturer of thermoelectric generators, were sufficient to state a claim under CERCLA for reimbursement of response costs associated with cleanup, even though site had been decommissioned by Nuclear Regulatory Commission (NRC). Pennsylvania v. Lockheed Martin Corp., M.D.Pa.2010, 684 F.Supp.2d 564. Environmental Law ☞ 443

Landlord sufficiently alleged cause of action under CERCLA, against tenants, for recovery of costs and damages incurred in cleaning up contaminated site, where complaint alleged that tenants fit within the definition of "person" under CERCLA, that tenants were "operators" of the rented facility, that there was a release of hazardous substances at facility during time of operation, and that landlord incurred response costs that were necessary and in conformity with the national contingency plan. Schenectady Industrial Corp. v. Upstate Textiles, Inc., N.D.N.Y.2010, 689 F.Supp.2d 282. Environmental Law ☞ 438

Landowners who sued potentially responsible parties (PRPs), alleging contamination by release of trichloroethylene (TCE) from adjacent property, failed to aver that they incurred response costs, as required to state claim under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); complaint failed specifically to allege any expenditures consistent with National Contingency Plan (NCP). General Cable Industries, Inc. v. Zurn Pex, Inc., E.D.Tex.2006, 561 F.Supp.2d 653. Environmental Law ☞ 446

Owners of landfill adequately pled release of hazardous substances in support of CERCLA claim against waste hauler defendants; owners alleged that defendants all deposited solid waste on owners' property, specifically identified what hazardous substances were released, and alleged that defendants were liable for hazardous substances which were characteristic of and by-products of solid waste defendants deposited. Prisco v. State of N.Y., S.D.N.Y.1995, 902 F.Supp. 374. Environmental Law ☞ 673

Allegations that prior owners engaged in construction activities on site contaminated by hazardous waste was

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

sufficient to allege "disposal" within meaning of CERCLA. Portsmouth Redevelopment and Housing Authority v. BMI Apartments Associates, E.D.Va.1993, 827 F.Supp. 354. Environmental Law ⌒ 441

Failure to allege compliance with national contingency plan required dismissal of CERCLA action for private party response costs. Bunger v. Hartman, S.D.Fla.1992, 797 F.Supp. 968. Environmental Law ⌒ 673

Allegation that vendor sold building containing asbestos with knowledge that building itself was to be disposed of was sufficient to satisfy "disposal" element of claim under CERCLA seeking to recover cleanup costs. CP Holdings, Inc. v. Goldberg-Zoino & Associates, Inc., D.N.H.1991, 769 F.Supp. 432. Environmental Law ⌒ 441

Conclusory allegations that merely mirror the terms of CERCLA are insufficient to plead that plaintiff has incurred response costs consistent with the national contingency plan; complaint must specify at least one cognizable response cost incurred by each named plaintiff prior to filing the lawsuit. Cook v. Rockwell Intern. Corp., D.Colo.1991, 755 F.Supp. 1468. Environmental Law ⌒ 673

### 83. Counterclaims

District court should not have dismissed with prejudice CERCLA counterclaim seeking declaratory judgment declaring operator of hazardous waste site liable for environmental claims involving sites owned by third parties that might arise against operator and which might be related to former aluminum operations at site, where no actual controversy existed at any third-party site; thus, counterclaim should have been dismissed without prejudice. Olin Corp. v. Consolidated Aluminum Corp., C.A.2 (N.Y.) 1993, 5 F.3d 10. Federal Civil Procedure ⌒ 1837.1

Counterclaim for recoupment against New Jersey Department of Environmental Protection (NJDEP) was not viable in context of CERCLA action; CERCLA had its own, independent statutory framework which limited counterclaims to those authorized by CERCLA, and recoupment doctrine, with its tenuous basis in common law, could not serve as substitute for clearly expressed congressional intent to subject NJDEP to state or non-CERCLA federal law counterclaims, as to which it would otherwise be immune, when CERCLA itself expressly limited its waiver of sovereign immunity to CERCLA counterclaims. U.S. v. Rohm and Haas Co., D.N.J.1996, 939 F.Supp. 1157. Environmental Law ⌒ 446

Counterclaim, in government's Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) response cost action, by owner and operator of ship from which drums of arsenic trioxide were lost seeking recoupment of costs of complying with administrative cleanup order did not meet requirements for recoupment claim against government, even though claim and counterclaim arose out of single incident; counterclaim was not limited to offset against any amount government might recover, but, rather, sought full reimbursement for expenses incurred under order. U.S. v. M/V Santa Clara I, D.S.C.1993, 819 F.Supp. 507. United States ⌒ 130(7)

### 84. Bifurcation

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Bifurcation of issues in CERCLA trial that would involve initial trial on issue of plaintiff property owner's compliance with national contingency plan (NCP) and subsequent trial, if necessary, on remaining liability issues, damages, and attorneys' fees was not warranted, where only one defendant remained in the case, and duplication of testimony and evidence would likely be unavoidable. ABB Indus. Systems, Inc. v. Prime Technology, Inc., D.Conn.1998, 32 F.Supp.2d 38. Federal Civil Procedure ⟨⟩ 1959.1

In order to effectively and cost-efficiently utilize services of special masters and electronic filing, docketing, and service system, CERCLA litigation involving extremely large number of parties would be bifurcated into settlement stage, pretrial phase devoted to discovery, motion practice and further settlement efforts under supervision of special masters, and disposition stage involving dispositive motions and/or trial; case involved 23 named plaintiffs bringing action on behalf of themselves and 66 other parties, and naming as defendants 1,181 individual and corporate entities. Active Products Corp. v. A.H. Choitz & Co. Inc., N.D.Ind.1995, 163 F.R.D. 274. Federal Civil Procedure ⟨⟩ 1991

### 85. Summary judgment--Arranger

Genuine issue of material fact as to whether company arranged for disposal or treatment of any hazardous substances by owner of toxic dumps precluded summary judgment in favor of company in state's suit under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) to clean up dumps. State of N.Y. v. Allied Corp., N.D.N.Y.1992, 789 F.Supp. 93. Federal Civil Procedure ⟨⟩ 2498.3

### 86. ---- Causation, summary judgment

Dispute over whether suburban sanitary commission caused tetrachloroethylene (PCE) contamination of land was not material and did not preclude summary judgment in favor of property owner on its CERCLA claim against commission, in light of commission's burden under CERCLA to prove that it had not caused contamination after owner had established prima facie case against commission. Westfarm Associates Ltd. Partnership v. Washington Suburban Sanitary Com'n, C.A.4 (Md.) 1995, 66 F.3d 669, 147 A.L.R. Fed. 747, certiorari denied 116 S.Ct. 1318, 517 U.S. 1103, 134 L.Ed.2d 471. Federal Civil Procedure ⟨⟩ 2498.3

Genuine issue of material fact as to whether release of pollutants at CERCLA defendants' properties caused plaintiffs to incur response costs at two sites precluded summary judgment as to defendants' liability. Memphis Zane May Associates v. IBC Mfg. Co., W.D.Tenn.1996, 952 F.Supp. 541. Federal Civil Procedure ⟨⟩ 2498.3

Genuine issue of material fact as to whether release or threat of release of hazardous substances and resulting damages were caused solely by third party precluded summary judgment under CERCLA in favor of wrecking company which transported and disposed of demolition debris at landfill; it was not established that company deposited debris only in areas other than those in which release or threat of release of hazardous substances was found, plaintiff landfill owners' expert based his assessment in support of liability on his own observation of site and on assessment of preliminary site assessment conducted by state agency, and company failed to show that hazardous substances found at site had to have been deposited after time of company's final deposits. Prisco v. State of N.Y., S.D.N.Y.1995, 902 F.Supp. 374. Federal Civil Procedure ⟨⟩ 2498.3

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**87.** ---- Costs, summary judgment

Genuine issue of material fact as to amount of response costs attributable to activities of current owner of industrial site precluded summary judgment in favor of current owner in CERCLA liability action against former owner of site particularly in absence of any undisputed segregable amount of response costs attributable solely to former owner. Hatco Corp. v. W.R. Grace & Co.--Conn., D.N.J.1992, 801 F.Supp. 1309, vacated 59 F.3d 400, rehearing and rehearing in banc denied. Federal Civil Procedure ⚯ 2498.3

**88.** ---- Disposal, summary judgment

Genuine issue of material fact as to whether operator of chemical manufacturing business "disposed" of hazardous substances at site precluded summary judgment for operator as to CERCLA contribution claim against it; amount of aluminum released by operator into environment allowed reasonable inference that its operations were not as clean as it claimed. Elf Atochem North America, Inc. v. U.S., E.D.Pa.1993, 833 F.Supp. 488. Federal Civil Procedure ⚯ 2498.3

There were genuine issues of material fact, precluding summary judgment for successor corporation in CERCLA response cost action, as to whether predecessor corporation's assistance in cleanup of site showed active involvement with fly ash on site which involvement could constitute "disposal." U.S. v. Petersen Sand and Gravel, Inc., N.D.Ill.1992, 806 F.Supp. 1346, on reconsideration. Federal Civil Procedure ⚯ 2498.3

**89.** ---- Liability, summary judgment

If government establishes in CERCLA action each element on undisputed facts, and defendant is unable to demonstrate by preponderance of evidence existence of one of three affirmative defenses set forth in CERCLA, then government is entitled to summary judgment on issue of liability, even when genuine issues of material fact remain as to appropriate damages. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 1993, 990 F.2d 711, on remand 1996 WL 637559, opinion after remand from court of appeals 97 F.Supp.2d 248, affirmed 315 F.3d 179, petition for certiorari filed 2003 WL 22204173. Federal Civil Procedure ⚯ 2498.3

Once each element of test for CERCLA response cost liability has been established, plaintiff is entitled to summary judgment on issue of liability, even where genuine issue exists as to appropriate damages; where plaintiff seeking summary judgment establishes liability as matter of law, action then proceeds on issue of damages. E.P.A. By and Through U.S. v. TMG Enterprises, Inc., W.D.Ky.1997, 979 F.Supp. 1110. Federal Civil Procedure ⚯ 2498.3

Liability under CERCLA is strict, so once prima facie case of liability is established then plaintiff is entitled to summary judgment on that issue, even where genuine issue exists as to the appropriate damages; in effect, bifurcated determination is made, where plaintiff establishes liability as matter of law on summary judgment and then goes to trial to determine damages. U.S. v. United Nuclear Corp., D.N.M.1992, 814 F.Supp. 1552. Federal Civil Procedure ⚯ 1961; Federal Civil Procedure ⚯ 2498.3; Environmental Law ⚯ 445(1)

To establish prima facie case of liability in CERCLA cost recovery action, plaintiff must prove that site in ques-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion is "facility" as defined in statute, that defendant is responsible person under statute, that release or threatened release of hazardous substance has occurred, and that release or threatened release has caused plaintiff to incur response costs; if plaintiff establishes each of these elements and defendant is unable to establish applicability of one of the defenses listed in statute, plaintiff is entitled to summary judgment on liability issue, even when genuine issues remain regarding apportionment of damages among responsible parties. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., Inc., E.D.Va.1992, 814 F.Supp. 1269. Federal Civil Procedure ⚬—➝ 2498.3; Environmental Law ⚬—➝ 438

If plaintiff establishes each of elements establishing prima facie case of liability for contribution under CERCLA, and defendant is unable to establish applicability of statutory defenses, plaintiff is entitled to summary judgment on issue of liability, even where amount of appropriate damages is in dispute. Clear Lake Properties v. Rockwell Intern. Corp., S.D.Tex.1997, 959 F.Supp. 763. Federal Civil Procedure ⚬—➝ 2498.3

90. ---- Joint and several liability, summary judgment

Existence of factual dispute as to whether potentially responsible parties' liability to government in CERCLA cost recovery action was joint and several or divisible did not preclude entry of summary judgment on issue of liability. U.S. v. Atlas Lederer Co., S.D.Ohio 2001, 282 F.Supp.2d 687. Federal Civil Procedure ⚬—➝ 2498.3

Divisibility of harm may be used to preclude summary judgment as to joint and several liability in CERCLA claim. Akzo Coatings, Inc. v. Aigner Corp., N.D.Ind.1993, 909 F.Supp. 589. Federal Civil Procedure ⚬—➝ 2498.3

91. ---- Operators, summary judgment

Summary judgment would not be granted in favor of state defendants as to claim that state was "operator" of landfill site so as to support imposition of CERCLA liability on ratification theory, by virtue of "sting" operation established by state through its employees, despite claim that state Department of Environmental Conservation (DEC) Director of Law Enforcement was sole official with sufficient authority to authorize, and therefore to ratify, employees' acts, and that Director denied any knowledge of employees' involvement; plaintiff site owner advanced evidence that state officials in policy-making positions were aware of "sting" operation on site, and owner's evidence raised adequate concern about state awareness to render point disputed question of fact. Prisco v. State of N.Y., S.D.N.Y.1995, 902 F.Supp. 400. Federal Civil Procedure ⚬—➝ 2498.3

92. ---- Response, summary judgment

Affidavits proffered by current site owner bringing CERCLA suit, opposing summary judgment on claim that demolition costs were not "necessary response costs" recoverable under CERCLA, contradicted deposition testimony of owner's own executives that demolition of building was carried out because it was economically beneficial and would avoid potential problems resulting from trespassers onto site and, thus, affidavits had to be discounted and could not create factual issue; owner's executives testified that demolition of building was not necessary component of corrective action, and justification offered in affidavits could not contradict such sworn testimony. Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc., N.D.Ohio 1995, 904 F.Supp. 644. Federal

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Civil Procedure ⟳ 2539

Genuine issues of material fact as to whether release or threatened release of hazardous waste by defendants justified each particular responsive action by city for cleanup of hazardous waste at city landfill precluded summary judgment on city's CERCLA claim to recover response costs. State of Ariz. v. Motorola, Inc., D.Ariz.1992, 805 F.Supp. 742. Federal Civil Procedure ⟳ 2498.3

Material issues of fact existed as to whether city's response activities were consistent with revised national oil and hazardous substances pollution contingency plan, precluding summary judgment in action to recover response costs under Comprehensive Environmental Response, Compensation, and Liability Act. City of Philadelphia v. Stepan Chemical Co., E.D.Pa.1990, 748 F.Supp. 283, 107 A.L.R. Fed. 539. Federal Civil Procedure ⟳ 2498.3

Material issues of fact existed as to whether landowner's response to hazardous substances on property was remedial or removal action within meaning of Comprehensive Environmental Response, Compensation, and Liability Act, what National Contingency Plan requirements attached and whether landowner complied with those requirements, precluding summary judgment in landowner's action to recover response costs from former owners of property. Carlyle Piermont Corp. v. Federal Paper Bd. Co., Inc., S.D.N.Y.1990, 742 F.Supp. 814. Federal Civil Procedure ⟳ 2498.3

93. ---- Transporter, summary judgment

Affidavits of transporter's general manager and environmental manager which stated that the transporter never took wastes to a location not previously selected by the generators and that generators either accepted or rejected the services offered by the transporter in its proposals, which included permits for disposal of particular site, raised genuine issue of material fact as to transporter's liability under CERCLA. U.S. v. Hardage, W.D.Okla.1990, 761 F.Supp. 1501. Federal Civil Procedure ⟳ 2498.3

Fact issue as to whether State Highway Department transported waste to hazardous waste site precluded summary judgment in action seeking to hold state liable for response costs under Comprehensive Environmental Response, Compensation, and Liability Act as "transporter" of hazardous waste under Act. U.S. v. New Castle County, D.Del.1989, 727 F.Supp. 854, 130 A.L.R. Fed. 725. Federal Civil Procedure ⟳ 2498.3

94. ---- Useful product, summary judgment

Genuine issue of material fact existed as to whether seller of used mineral oil filtered prior to sale sold new useful product or sold oil merely to get rid of it, precluding summary judgment in seller's favor as to CERCLA liability. Ekotek Site PRP Committee v. Self, D.Utah 1996, 948 F.Supp. 994. Federal Civil Procedure ⟳ 2498.3

Genuine issue of material fact as to whether seller of used mineral oil filtered prior to sale sold new useful product or sold oil merely to get rid of it precluded summary judgment against seller as to its CERCLA liability; record raised inference that oil such as that sold could be used as hydraulic fluid, transformer oil, and fuel.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Ekotek Site PRP Committee v. Self, D.Utah 1996, 932 F.Supp. 1328, reconsideration denied 932 F.Supp. 1319. Federal Civil Procedure ⟨⟩ 2498.3

95. ---- Miscellaneous cases, summary judgment

Genuine issue of material fact existed as to municipality's awareness of problem with hazardous substance and sufficiency of its actions in response to that problem, precluding summary judgment on behalf of prior landowner under cost recovery provision of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Borough of Throop v. Gould Electronics, Inc., M.D.Pa.2001, 302 F.Supp.2d 366. Federal Civil Procedure ⟨⟩ 2498.3

Genuine issues of material fact existed, precluding summary judgment, on number of drums of hazardous waste at site, who dumped drums, whether drums were dumped after owner obtained property, whether other hazardous waste was dumped during period of ownership, and thus whether owner and related parties could incur operator liability under CERCLA for failing to prevent disposal of hazardous substance on property by third parties during period of ownership. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1996, 915 F.Supp. 1290, on reconsideration in part 956 F.Supp. 410. Federal Civil Procedure ⟨⟩ 2498.3

Genuine issue of material fact as to whether government financed contractor's arsenic trichloride chlorinators for manufacture of poison gas component during World War II, and thereby gained title to equipment under law in effect at time, precluded summary judgment of CERCLA liability claims and secured creditor exemption to extent they depended on government ownership of equipment. Elf Atochem North America v. U.S., E.D.Pa.1996, 914 F.Supp. 1166. Federal Civil Procedure ⟨⟩ 2498.3

Genuine issue of material fact as to whether former operator of facility deposited, spilled, leaked or placed hazardous substances on land so that they could enter environment precluded summary judgment as to whether operator and former owners were "responsible persons" under CERCLA; owners and operator claimed that while record indicated that operator deposited, spilled, leaked, or placed certain hazardous substances onto concrete floor of building, there was no evidence that such hazardous substances could enter environment, while current owner bringing contribution suit pointed to circumstantial evidence that substances used by operator traveled through cracks and joints in concrete to reach subsoil and groundwater on property. Premium Plastics v. LaSalle Nat. Bank, N.D.Ill.1995, 904 F.Supp. 809. Federal Civil Procedure ⟨⟩ 2498.3

Genuine issue of material fact as to whether disposal of hazardous materials occurred during CERCLA defendant's ownership and operation of site precluded summary judgment as to defendant's CERCLA liability, even though defendant's liability may have been de minimis, given that only leakage as opposed to spillage apparently occurred during its ownership period; long-time employee at site testified without rebuttal that there was continual spillage into ground of methylene chloride, a hazardous chemical, during defendant's ownership of site. Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc., N.D.Ohio 1995, 904 F.Supp. 644. Federal Civil Procedure ⟨⟩ 2498.3

Genuine issue of material fact as to whether waste hauler hauled waste from plant precluded summary judgment

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

in favor of plant owner in CERCLA suit on ground that waste was not hauled to polluted site; while hauler stated that he could not be absolutely certain whether he worked for plant owner during period at issue, when read as whole, his testimony indicated that he believed that he removed wastewater and sludge from plant and took it to site during relevant period, and to extent that recollection of plant owner's former employee was different, question was for trial. Textron Inc. By and Through Homelite Div. v. Barber-Colman Co., W.D.N.C.1995, 903 F.Supp. 1546. Federal Civil Procedure ⌔⟊⟊ 2498.3

There were issues of fact precluding summary judgment on building owner's contribution claim against prior lessee under CERCLA with respect to claim asserted against owner by railroad whose tracks were under owner's building, arising from asbestos containing material flaking from underside of buildings onto tracks, as to whether lessee had knowledge of the material during the years it leased the site, for purposes of innocent landowner defense, whether lessee exercised due care, and whether release or disposal of the materials was caused by acts of parties other than lessee. National R.R. Passenger Corp. v. New York City Housing Authority, S.D.N.Y.1993, 819 F.Supp. 1271. Federal Civil Procedure ⌔⟊⟊ 2498.3

Genuine issue of material fact, precluding summary judgment for responsible parties on their claim that government was not entitled to reimbursement under CERCLA for costs expended for use of purge wells and installation of barrier system at site of contaminated groundwater, existed as to whether such installation was arbitrary or capricious. Kelley v. Thomas Solvent Co., W.D.Mich.1990, 790 F.Supp. 719. Federal Civil Procedure ⌔⟊⟊ 2498.3

Material issues of fact as to whether owner and operator of land subject to cleanup order under CERCLA disposed of hazardous substances at time they owned or operated site precluded granting summary judgment in favor of successors of predecessor to corporation that was owner when pollution allegedly occurred on their counterclaim in owner and operator's action seeking reimbursement of cleanup costs; owner and operator contended they were insulated from liability under "third party" defense and successors failed to submit sufficient proof to establish that migration and/or leaking of hazardous substances had occurred throughout owner and operator's past or present ownership and operation of facility. Anspec Co., Inc. v. Johnson Controls, Inc., E.D.Mich.1992, 788 F.Supp. 951. Federal Civil Procedure ⌔⟊⟊ 2498.3

Material issues of fact existed as to whether agreement existed between state agency and companies whereby agency would clean up groundwater contamination at site to be acquired by companies, whether parent company was party to alleged agreement and whether agency's efforts to clean up site constituted emergency response entitled to immunity from liability, precluding summary judgment in action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). CPC Intern., Inc. v. Aerojet-General Corp., W.D.Mich.1991, 759 F.Supp. 1269, reconsideration denied. Federal Civil Procedure ⌔⟊⟊ 2498.3

Genuine issues of material fact, as to whether commercial real estate purchaser in 1969 would have purchased 225 acre site without inspecting it prior to purchase, precluded summary judgment on innocent landowner defense, in action brought under the Comprehensive Environmental Response, Compensation and Liability Act. U.S. v. Serafini, M.D.Pa.1988, 711 F.Supp. 197. Federal Civil Procedure ⌔⟊⟊ 2498.3

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

### 96. Stay of proceedings

Stay of litigation was necessary with regard to counterclaim for declaratory relief invalidating "White Croaker Regulation" of California Code of Regulations which was filed by defendants in state's suit for damages under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) so that court could consider issue at length. U.S. v. Montrose Chemical Corp. of California, C.D.Cal.1992, 788 F.Supp. 1485. Action ☞ 68

District court would grant motion for stay of action and discovery pending Environmental Protection Agency's (EPA) selection of remedy for superfund site in insured's action against insurers for declaration as to insurers' duty to defend environmental cleanup claims; rather than engage in costly discovery and motions practice, stay would best serve interests of economy and efficiency for court. Vermont Gas Systems, Inc. v. U.S. Fidelity & Guar. Co., D.Vt.1993, 151 F.R.D. 268. Action ☞ 69(7); Federal Civil Procedure ☞ 1271

### 97. Jury trial

Defendants in cost recovery actions under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) are not entitled to jury trials, since such actions seek purely equitable relief. California Dept. of Toxic Substances Control v. Alco Pacific, Inc., C.D.Cal.2002, 217 F.Supp.2d 1028. Jury ☞ 14(1)

Withdrawal of natural resources damages claim in CERCLA action did not deprive defendant of right to jury trial, particularly as claim was, at least to some degree, "legal" in nature, and relief sought was money from individual who was, in reality, no more than tort-feasor; it exulted form over substance to contend that case involved only equitable issue of "restitution" because plaintiffs sought to recover money as costs of investigating and remediating contaminated site. State of N.Y. v. Lashins Arcade Co., S.D.N.Y.1995, 888 F.Supp. 27. Jury ☞ 14(1)

Action by government seeking to recover removal and remedial costs under CERCLA allegedly incurred in cleanup of Superfund site was not "action at law" in which defendants had Seventh Amendment right to jury trial; there was no overpayment of money owed, but, rather, government merely sought payment for monetary outlays made to effectuate cleanup. U.S. v. Lang, E.D.Tex.1994, 870 F.Supp. 722. Jury ☞ 14(2)

There was no right to jury trial of CERCLA cost recovery action; restitution, which was remedy sought in cost recovery action, was equitable remedy. Hatco Corp. v. W.R. Grace & Co.-Conn., D.N.J.1994, 859 F.Supp. 769, affirmed 59 F.3d 400, rehearing and rehearing in banc denied.

Plaintiff was not entitled to jury trial on its CERCLA claims. Town of Jaffrey v. Town of Fitzwilliam, D.N.H.1994, 846 F.Supp. 3. Jury ☞ 14(1)

CERCLA action to recover response costs is equitable in nature and therefore no jury right attaches to it. American Cyanamid Co. v. King Industries, Inc., D.R.I.1993, 814 F.Supp. 209. Jury ☞ 14(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC    Document 4477-40    Filed 11/03/11    Page 174 of 351

Although plaintiff and defendants in action brought by plaintiff, seeking recovery under CERCLA for response costs allegedly incurred in connection with alleged environmental cleanup of plaintiff's property, both sought jury trial, jury trial would not be had, where there was no right to jury trial in case brought under CERCLA provision for recovery of response costs and defendants unilaterally withdrew their consent before jury was even chosen. Thaler v. PRB Metal Products, Inc., E.D.N.Y.1993, 810 F.Supp. 49. Jury ☞ 25(10.5)

Buyer of allegedly contaminated manufacturing facilities was not entitled to jury trial with respect to count seeking response costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); relief provided for in that section was equitable in nature. GL Industries of Michigan, Inc. v. Forstmann-Little, S.D.Ind.1991, 800 F.Supp. 695. Jury ☞ 14(2)

Right to jury trial existed as to all of property owner's claims against prior owner in connection with recovery of response costs, although there is no right to jury trial on Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) restitution claims where there was indemnification claim under Pennsylvania law and Pennsylvania law provided for right to jury trial on such a claim. Tri-County Business Campus Joint Venture v. Clow Corp., E.D.Pa.1992, 792 F.Supp. 984. Jury ☞ 14(1)

There is no right to a jury trial in CERCLA cost recovery actions. Gopher Oil Co., Inc. v. Union Oil Co. of California, D.Minn.1991, 757 F.Supp. 998, remanded in part on other grounds 955 F.2d 519.

Action for recovery of expenses incurred in response to release of hazardous substances was equitable in nature and no jury right attached. U.S. v. Mexico Feed and Seed Co., Inc., E.D.Mo.1990, 729 F.Supp. 1250. Jury ☞ 14(1)

Natural resource damage claims of United States and Commonwealth of Massachusetts against alleged polluters under Comprehensive Environmental Response, Compensation, and Liability Act, seeking recovery for damages to harbor caused by PCP contamination, presented legal issues and were required to be tried to a jury under Seventh Amendment. In re Acushnet River & New Bedford Harbor Proceedings re Alleged PCB Pollution, D.Mass.1989, 712 F.Supp. 994. Jury ☞ 14(1)

Action for recovery under Comprehensive Environmental Response, Compensation, and Liability Act was equitable action so that defendant had no right to jury trial; action sought restitution or reimbursement of costs expended in order to respond to health and environmental danger presented by hazardous substances. U.S. v. Northernaire Plating Co., W.D.Mich.1988, 685 F.Supp. 1410, affirmed 889 F.2d 1497, certiorari denied 110 S.Ct. 1527, 494 U.S. 1057, 108 L.Ed.2d 767. Jury ☞ 14(1)

Residents and property owners in confirmed dioxin sites were not entitled to jury trial in their suit under the Comprehensive Environmental Response, Compensation, and Liability Act to recover response costs; action was equitable in nature, even though residents and owners claimed that they were seeking to recover damages associated with forced evacuation of their homes. Wehner v. Syntex Corp., N.D.Cal.1987, 682 F.Supp. 39. Jury ☞ 14(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Defendant in civil action by United States under the Comprehensive Environmental Response, Compensation, and Liability Act to recover response costs incurred in cleaning up landfill was not entitled to jury trial. U.S. v. Dickerson, D.Md.1986, 640 F.Supp. 448. Jury ⌐= 14(1)

Electrical equipment rebuilder and its principal shareholder were not entitled to jury trial in action by Government and state of North Carolina seeking to recover costs in cleaning up sites at which transformer fluid containing polychlorinated biphenyls had been dumped. U.S. v. Ward, E.D.N.C.1985, 618 F.Supp. 884. Jury ⌐= 14(1)

Type of relief available under Comprehensive Environmental Response, Compensation, and Liability Act [Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 107, 42 U.S.C.A. § 9607] is equitable in nature and thus jury trial was not available for private action for response costs brought under Act. Wehner v. Syntex Corp., E.D.Mo.1984, 618 F.Supp. 37. Jury ⌐= 14(1)

There is no right to jury trial in cost reimbursement actions under the Comprehensive Environmental Response, Compensation and Liability Act, where plaintiffs seek merely equitable relief, the return of monies expended for the cleanup of hazardous wastes. U.S. v. Mottolo, D.C.N.H.1985, 605 F.Supp. 898. Jury ⌐= 14(1)

Resolution of issues as to whether Chapter 11 debtors were subject to joint and several liability in connection with clean-up of properties they had owned and whether divisibility of harm defense was available required substantial and material application and interpretation of CERCLA, and thus mandatory withdrawal of reference of debtors' objection to United States' proofs of claim was warranted, where question of whether debtors had presented evidence supporting apportionment of liability would require extensive consideration of proof disclosing relative toxicity, migratory potential, degree of migration, and synergistic capacities of hazardous substances at site, and CERCLA and Bankruptcy Code arguably conflicted in that former sought full recovery of costs incurred or to be incurred in connection with clean-up while latter sought prompt discharge of liability. In re Dana Corp., S.D.N.Y.2007, 379 B.R. 449. Bankruptcy ⌐= 2103

## 98. Presumptions

In cost recovery action under CERCLA, response action's consistency with national contingency plan (NCP) is presumed, and to rebut it, defendant must show that response action itself, rather than individual costs, was inconsistent with NCP. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2002, 280 F.Supp.2d 1135, affirmed 429 F.3d 1224, certiorari denied 127 S.Ct. 379, 549 U.S. 951, 166 L.Ed.2d 268. Environmental Law ⌐= 464

In CERCLA cost recovery suit, plaintiff must initially produce evidence, in form of documents, direct testimony or circumstantial evidence, sufficient to prove defendant's waste reached particular site, but where unidentifiable waste is then moved from that site to another, there is rebuttable presumption that generator's waste was included in shipment, and thus, each generator bears burden of producing evidence to exculpate itself. E.P.A. By and Through U.S. v. TMG Enterprises, Inc., W.D.Ky.1997, 979 F.Supp. 1110. Environmental Law ⌐= 465; Environmental Law ⌐= 464

## 99. Burden of proof

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Verdict sheet in building owner's action seeking compensation for costs incurred in dealing with release of hazardous substances during fire in building, which asked jury whether owner proved that at some time, during their presence at scene of fire, city and fire company were not taking action in response to an emergency created by the release or threatened release of a hazardous substance, improperly placed burden on owner to disprove affirmative defense under section of CERCLA providing that no state or local government would be liable for costs or damages as a result of actions taken in response to an emergency created by release or threatened release of hazardous substance. AMW Materials Testing, Inc. v. Town of Babylon, C.A.2 (N.Y.) 2009, 584 F.3d 436. Environmental Law ⌧ 693

Government has no burden of proof with respect to what caused release of hazardous waste and triggered response costs in action under CERCLA; it is defendant that bears that burden. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 1993, 990 F.2d 711, on remand 1996 WL 637559, opinion after remand from court of appeals 97 F.Supp.2d 248, affirmed 315 F.3d 179, petition for certiorari filed 2003 WL 22204173. Environmental Law ⌧ 464

Company that was liable as CERCLA arranger had burden of demonstrating that there was reasonable basis for determining contribution of each cause to single harm; this burden was substantial. U.S. v. Vertac Chemical Corp., E.D.Ark.1997, 966 F.Supp. 1491, affirmed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Contribution ⌧ 9(6)

CERCLA plaintiff bore burden of persuading court that petroleum exclusion did not apply, particularly as exclusion did not appear as affirmative defense. U.S. v. Poly-Carb, Inc., D.Nev.1996, 951 F.Supp. 1518. Environmental Law ⌧ 464

In CERCLA cost recovery action, defendants have the burden of proving that the costs are not consistent with the national contingency plan (NCP). U.S. v. Rohm and Haas Co., D.N.J.1996, 939 F.Supp. 1142. Environmental Law ⌧ 464

While CERCLA plaintiff, in order to survive summary judgment motion, must present evidence sufficient to support, by preponderance of evidence, finding that defendant's hazardous waste was disposed of at site in question, plaintiff may satisfy this burden through use of circumstantial evidence. Dana Corp. v. American Standard, Inc., N.D.Ind.1994, 866 F.Supp. 1481. Federal Civil Procedure ⌧ 2498.3

In private CERCLA action, plaintiff bears burden of establishing that each of prima facie elements for imposition of cleanup liability exist, i.e., that: cite in question is "facility"; defendant is "responsible person"; there was release or threat of release of hazardous substances; and such release caused plaintiff to incur necessary costs consistent with National Contingency Plan (NCP). G.J. Leasing Co., Inc. v. Union Elec. Co., S.D.Ill.1994, 854 F.Supp. 539, affirmed 54 F.3d 379. Environmental Law ⌧ 438

Standard required for reimbursement of response costs under CERCLA for United States or any state is governed by less demanding burden of proof than that for "persons." Village of Fox River Grove, Ill. v. Grayhill,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Inc., N.D.Ill.1992, 806 F.Supp. 785. Environmental Law ⚷ 446

100. Admissions

State employee's unsworn statement that he introduced second state employee to landfill site owner only after consultation with his superiors could have been considered admission of party opponent in action brought by site owner alleging that state was operator of site for purposes of imposing CERCLA liability by virtue of "sting" operation state allegedly established through its employees and, thus, statement would not qualify as hearsay and, accordingly, would not be disregarded for purposes of summary judgment; finding that statement was admission of party opponent would not require prior showing that employee was state actor for purposes of CERCLA liability, but would merely require showing that he was state servant making statement concerning matter within scope of agency or employment, made during existence of relationship. Prisco v. State of N.Y., S.D.N.Y.1995, 902 F.Supp. 400. Federal Civil Procedure ⚷ 2545

101. Weight and sufficiency of evidence

Customer of business that disposed of chemical waste at Superfund site preserved for appellate review its argument that a stipulation was not competent evidence of the volumes of waste that the business acquired from its customers, where customer objected to its admission at trial in potentially responsible parties' (PRPs) action seeking cost recovery and contribution from customer under CERCLA by reminding the district court that it had not joined the stipulation, customer stated that it did not agree or stipulate and that it was not waiving any kind of objection, and court confirmed that the stipulation was of limited scope and did not involve customer. Agere Systems, Inc. v. Advanced Environmental Technology Corp., C.A.3 (Pa.) 2010, 602 F.3d 204, certiorari denied 131 S.Ct. 646, 178 L.Ed.2d 479. Environmental Law ⚷ 707

Final pollution report indicating that Environmental Protection Agency (EPA) may have been over-cautious in its initial assessment of Resource Conservation and Recovery Act (RCRA) threat did not establish that EPA had acted in arbitrary or capricious manner by undertaking CERCLA removal action, where, among other things, removal inspection graphically depicted site as "war zone" with hundreds of deteriorating and leaking drums strewn throughout property, evidence that waste materials had been buried below ground, and high concentrations of styrene and acetone vapors in the air, and report purported to detail only those RCRA wastes recovered during excavation. U.S. v. JG-24, Inc., C.A.1 (Puerto Rico) 2007, 478 F.3d 28. Environmental Law ⚷ 439

In the absence of any other evidence, finding of hazardous substance "above background levels" is not sufficient to support a finding that a release of hazardous substances caused response costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) as there is no evidence to find that release justified response costs. Licciardi v. Murphy Oil U.S.A., Inc., C.A.5 (La.) 1997, 111 F.3d 396. Environmental Law ⚷ 446

Owner of landfill site failed to prove that industrial entity that regularly caused refuse to be deposited at the site was responsible under CERCLA for some of the costs that owner incurred in cleaning up contamination at the site, where owner did not present credible evidence that entity deposited liquid trichloroethylene (TCE) at the site, which was the compound that had required the ground water remediation; rather, evidence was stronger that

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

other entities were the source of the liquid TCE, and also that septic waste disposal and waste water sludge were a more likely cause of the contamination than entity's waste stream. Seneca Meadows, Inc. v. ECI Liquidating, Inc., W.D.N.Y.2006, 427 F.Supp.2d 279. Environmental Law ⬖ 445(1)

Government's documentation of costs incurred in clean up of hazardous waste site was adequate under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); government supported its costs by variety of documents including time sheets, travel vouchers, contract invoices, inter-agency agreement bills and cooperative agreement payment requests, and contract payments were further documented with project officer invoice approvals and proof of payment, which included amount and date paid. U.S. v. Gurley, E.D.Ark.2004, 317 F.Supp.2d 870, affirmed 434 F.3d 1064, rehearing and rehearing en banc denied. Environmental Law ⬖ 446

Aluminum manufacturer failed to show that government's use of carbon filtration system in remediating contamination at hazardous waste site at which manufacturer's emulsion was disposed was inconsistent with national contingency plan (NCP) and arbitrary and capricious, and therefore was jointly and severally liable for response costs associated with water treatment performed using system under CERCLA, despite its claim that system would not effectively remediate its waste because oil in emulsion would coat carbon granules and prevent absorption; evidence showed that system effectively treated waste and that highly organic content of waste so treated was partially attributable to presence of emulsion, and system was employed as part of court-ordered remedy. U.S. v. Alcan Aluminum Corp., N.D.N.Y.2000, 97 F.Supp.2d 248, affirmed 315 F.3d 179, certiorari denied 124 S.Ct. 1039, 540 U.S. 1103, 157 L.Ed.2d 887. Environmental Law ⬖ 445(3)

There was insufficient evidence that city disposed of hazardous substances at landfill to support imposition of CERCLA liability; while there was some evidence that city dumped demolition trash and debris at landfill, there was no evidence that such material contained hazardous substances, and expert's testimony as to types of material that might contain polyaromatic hydrocarbons (PAHs) and whether those materials might be present in city's demolition debris was speculative, unsupported by factual basis, and lacked probative value. Town of New Windsor v. Tesa Tuck, Inc., S.D.N.Y.1996, 935 F.Supp. 300. Environmental Law ⬖ 441

Landfill site owner produced sufficient evidence that state authorities delayed closing down site after violations were found in connection with alleged "sting" operation to overcome state defendants' motion for summary judgment as to their CERCLA liability under ratification theory; evidence revealed dispute as to whether state kept site open for period of time despite request by state Department of Environmental Conservation (DEC) that it be closed for environmental violations. Prisco v. State of N.Y., S.D.N.Y.1995, 902 F.Supp. 400. Federal Civil Procedure ⬖ 2498.3

Discovery of additional paint cans at site of former landfill did not strengthen claim against painting contractor which was too speculative to support CERCLA liability for response costs arising from hazardous waste at site, in absence of direct evidence that contractor's potentially hazardous waste actually had been disposed of at site; affirmative evidence from waste collection service indicated that painting contractor's paint waste had been disposed of elsewhere and other customers of service also generated paint-related wastes that could have been source of hazardous paint-related wastes found at site. Acme Printing Ink Co. v. Menard, Inc., E.D.Wis.1995,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

891 F.Supp. 1289. Environmental Law ⚷ 445(1)

Facts that several partial loads of rubbish from unknown sources had been disposed of at former landfill, and that relatively common hazardous wastes found at landfill resembled wastes that cleaning company might have dumped through waste collection service which had used landfill, were insufficient to support conclusion that cleaning service company's waste was actually dumped at former landfill for purposes of incurring response cost liability under CERCLA and Resource Conservation and Recovery Act (RCRA). Acme Printing Ink Co. v. Menard, Inc., E.D.Wis.1994, 870 F.Supp. 1465, on reconsideration in part 891 F.Supp. 1289. Environmental Law ⚷ 441

Evidence that corporate employee uncovered some hazardous material and smeared it on track of bulldozer he was operating was insufficient to establish that corporation's officers and directors were engaged in "disposal" of hazardous waste under CERCLA. Com. of Mass. v. Blackstone Valley Elec. Co., D.Mass.1991, 777 F.Supp. 1036, vacated 67 F.3d 981. Environmental Law ⚷ 441

102. Declaratory judgment

Successor owner's claim for declaratory judgment that prior owners of dump were liable to Environmental Protection Agency (EPA) to extent of successor's CERCLA liability for contamination at dump became ripe for adjudication upon EPA's initiation of CERCLA cost-recovery action, although CERCLA's objective of avoiding piecemeal litigation might require subject matter of declaratory judgment action to be determined in conjunction with government's cost-recovery action. Gopher Oil Co. v. Bunker, C.A.8 (Minn.) 1996, 84 F.3d 1047, amended. Declaratory Judgment ⚷ 82

Vendor of land allegedly contaminated by hazardous waste could bring counterclaim seeking declaratory judgment of nonliability under Comprehensive Environmental Response, Compensation, and Liability Act, even though vendor had not incurred any "response costs"; purchaser had notified vendor of pending claim against vendor for reimbursement of response costs, and vendor made no claim that it was entitled to reimbursement from Superfund or anyone else. Levin Metals Corp. v. Parr-Richmond Terminal Co., C.A.9 (Cal.) 1986, 799 F.2d 1312. Declaratory Judgment ⚷ 323

Where Environmental Protection Agency had notified both lessor and lessee of land on which oil had been dumped and from which oil subsequently leaked that either or both could be required to pay government for its cost of cleaning up oil spill and they had been notified that hearings were in progress to determine actual penalty, there was "actual controversy" between lessor and lessee so that lessor could maintain declaratory judgment action seeking determination of lessor's right to indemnity against lessee, if any, resulting from liability for cleanup operations. Caldwell v. Gurley Refining Co., C.A.8 (Ark.) 1985, 755 F.2d 645. Declaratory Judgment ⚷ 186

Potentially responsible party (PRP), having obtained CERCLA contribution from other PRPs in case involving multisource spillage of chlorinated solvents, was entitled to declaration of their liability for future costs, though any recovery of such costs remained subject to available defenses. City of Wichita, Kansas v. Trustees of APCO

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Oil Corp. Liquidating Trust, D.Kan.2003, 306 F.Supp.2d 1040. Declaratory Judgment ☞ 82

Purchaser's claim to hold vendor responsible for at least part of cost of environmental remediation was ripe, and, thus, purchaser could pursue declaratory judgment that vendor was liable as responsible party for response costs, even if vendor was contractually insulated from liability for full amount. Allied Princess Bay Co. No. 2 v. Atochem North America, Inc., E.D.N.Y.1993, 855 F.Supp. 595. Declaratory Judgment ☞ 82

Declaratory judgment for future remediation costs against all defendants was proper, where defendants were jointly and severally liable for contamination of facility. Northwestern Mut. Life Ins. Co. v. Atlantic Research Corp., E.D.Va.1994, 847 F.Supp. 389. Declaratory Judgment ☞ 82

Plaintiff can receive declaratory judgment under CERCLA on strength of monitoring and assessment costs, even if plaintiff has not yet incurred any cleanup costs; monitoring and assessment costs are recoverable response costs. Bowen Engineering v. Estate of Reeve, D.N.J.1992, 799 F.Supp. 467, affirmed 19 F.3d 642. Declaratory Judgment ☞ 82

District court could determine by way of declaratory judgment future liability under CERCLA of owners and operators of disposal site and generators and transporters of hazardous waste for response costs incurred by the United States, though the court could not actually award costs until they were incurred. U.S. v. Hardage, W.D.Okla.1989, 733 F.Supp. 1424, affirmed in part, reversed in part on other grounds 982 F.2d 1436, certiorari denied 114 S.Ct. 300, 510 U.S. 913, 126 L.Ed.2d 248. Declaratory Judgment ☞ 82

To be granted declaratory judgment on issue of liability of vendor for response costs in cleaning up hazardous waste site, purchaser had to establish four factors: that the chemical plant in question was a "facility"; that vendor was a "covered party" as defined by CERCLA; that a "release" or "threatened release" of a hazardous substance from the plant had occurred; and that, as a result, purchaser had incurred response costs. Southland Corp. v. Ashland Oil, Inc., D.N.J.1988, 696 F.Supp. 994, on reargument. Declaratory Judgment ☞ 82

Plaintiff's claim for declaratory relief against defendant under this section was ripe for adjudication where plaintiff had conducted considerable cleanup activities at hazardous waste disposal site and alleged that it would continue those cleanup operations. Pinole Point Properties, Inc. v. Bethlehem Steel Corp., N.D.Cal.1984, 596 F.Supp. 283.

Case in which Ohio sought cleanup costs from transporter's hazardous waste dump site was appropriate case for declaratory judgment on issue of liability where controversy between parties had advanced to a very "real" level and city had already sustained damages. State ex rel. Brown v. Georgeoff, N.D.Ohio 1983, 562 F.Supp. 1300. Declaratory Judgment ☞ 204

103. Injunctions

Owners of 15 industrial facilities that were responsible, at least in part, for sites' environmental contamination

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

did not allege facts sufficient to demonstrate, even by inference, that they could possibly prevail on their CER-CLA contribution claims against United States when owners did not set out in complaint any facts suggesting that cleanups at any of contaminated sites were undertaken pursuant to suit, settlement, or consent decree, as required for potentially responsible party (PRP) to seek CERCLA contribution. E.I. DuPont De Nemours and Co. v. U.S., C.A.3 (N.J.) 2006, 460 F.3d 515, vacated 127 S.Ct. 2971, 551 U.S. 1129, 168 L.Ed.2d 701, on remand 508 F.3d 126. Environmental Law ☞ 447

Injunctions, per se, are not barred in CERCLA enforcement suit brought by Environmental Protection Agency (EPA) for response costs because in some instances injunctions may be required to insure compliance with National Contingency Plan. U.S. v. Princeton Gamma-Tech, Inc., C.A.3 (N.J.) 1994, 31 F.3d 138, rehearing and rehearing in banc denied. Environmental Law ☞ 700

No private cause of action for injunctive relief exists under Comprehensive Environmental Response, Compensation, and Liability Act against owners and operators as defined by Act. Cadillac Fairview/California, Inc. v. Dow Chemical Co., C.A.9 (Cal.) 1988, 840 F.2d 691. Environmental Law ☞ 700

Agricultural chemical company, which sought preliminary injunction against order of Environmental Protection Agency that required company to clean up toxic chemical spill or pay fines or treble damages and which alleged that order represented taking without due process and that threat of fines and penalties penalized company for attempting to seek judicial review, was required to show that company would suffer noncompensable harm without injunction and that harm arose from constitutional violations which would be either successful or substantial challenges to validity of statute which authorizes order. Wagner Seed Co. v. Daggett, C.A.2 (N.Y.) 1986, 800 F.2d 310. Environmental Law ☞ 701

Industrial site owner, investigating and cleaning up hazardous wastes spilled mostly be prior owner, was entitled to injunctive relief, under Resource Conservation Recovery Act (RCRA), requiring former owner to pay its portion of warranted CERCLA response costs and to participate in clean-up to extent practicable. Nashua Corp. v. Norton Co., N.D.N.Y.2000, 116 F.Supp.2d 330. Environmental Law ☞ 700

CERCLA generator defendants would be granted injunctive relief against defendant owners or operators of CERCLA site to prevent and/or halt their dissipation of assets; generator defendants showed reasonable likelihood that owner/operator defendants and generator defendants would be held strictly, joint and severally liable for $11.9 million remedy, that owner/operator defendants would be assessed significant share of that amount against cash and other assets in their possession, and that owner/operator defendants had transferred and would continue to transfer assets to their adult children, trusts, corporation which they controlled, and relatives in order to avoid paying potential CERCLA judgment, and that they would be without funds to satisfy CERCLA judgment absent injunctive relief. U.S. v. Keystone Sanitation Co., Inc., M.D.Pa.1995, 903 F.Supp. 803. Environmental Law ☞ 700

Preliminary injunction was not appropriate in suit for clean-up costs under Comprehensive Environmental Response Compensation and Liability Act to freeze assets of trust established to wind down assets of alleged polluter to ensure satisfaction of money judgment; assets were neither cause nor effect of alleged illegality, and in

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

absence of alleged fraud or attempts to transfer assets out of jurisdiction. State of N.Y. v. Panex Industries, Inc., W.D.N.Y.1994, 860 F.Supp. 977. Environmental Law ☞ 701

CERCLA provides private persons no cause of action for injunctive relief to compel removal of hazardous waste site. Gache v. Town of Harrison, N.Y., S.D.N.Y.1993, 813 F.Supp. 1037. Environmental Law ☞ 700

District court did not have power to issue injunctive relief to CERCLA plaintiff pursuant to inherent equitable powers of court to compel cleanup of contaminated water supply wells and groundwater resources despite un-availability of injunctive relief under CERCLA; based on analysis of statutory scheme of CERCLA and its legis-lative history, Congress clearly indicated its intent to limit injunctive relief to federal government. Mayor and Council of Borough of Rockaway v. Klockner & Klockner, D.N.J.1993, 811 F.Supp. 1039. Environmental Law ☞ 700

Plaintiff may not request injunctive relief under CERCLA. Arawana Mills Co. v. United Technologies Corp., D.Conn.1992, 795 F.Supp. 1238. Environmental Law ☞ 700

Comprehensive Environmental Response, Compensation, and Liability Act allows forms of injunctive relief in favor of private party other than injunction requiring others to clean hazardous sites. T & E Industries, Inc. v. Safety Light Corp., D.N.J.1988, 680 F.Supp. 696. Environmental Law ☞ 700

Injunctive power under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 was expressly and inescapably limited to the President; therefore, no implied authority existed under the Act to issue injunctive relief to the Utah Department of Health for the purpose of cleaning up toxic waste. Utah State Dept. of Health v. Ng, D.Utah 1986, 649 F.Supp. 1102. Environmental Law ☞ 700

104. Settlements and consent decrees

Government's settlement with third party that agreed to clean up hazardous waste site did not provide govern-ment with complete relief, until endangerment had actually been abated, and settlement thus did not preclude government's action against another potentially responsible party (PRP), under CERCLA, to enforce adminis-trative order requiring PRP to assist in financing and implementation of remedial response actions at site. U.S. v. Occidental Chemical Corp., C.A.3 (Pa.) 1999, 200 F.3d 143. Environmental Law ☞ 439

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) settlement was procedur-ally fair, even though de minimis potentially responsible parties were not allowed to join major party consent decree or informed in advance that they would be excluded therefrom. U.S. v. Cannons Engineering Corp., C.A.1 (Mass.) 1990, 899 F.2d 79. Compromise And Settlement ☞ 61

Settlement agreement and release entered into by purchaser and vendor of plant, equipment and related real property barred purchaser's private action under Comprehensive Environmental Response, Compensation and Liability Act against vendors; settlement agreement released vendor from all claims "in any way connected"

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

with purchase agreement, language indicated that parties intended to settle more than certain discrete accounting issues, and agreement and release evidenced parties' intent to end various disputes over facility once and for all. Mardan Corp. v. C.G.C. Music, Ltd., C.A.9 (Ariz.) 1986, 804 F.2d 1454. Compromise And Settlement ⟜ 16(1); Release ⟜ 39

Proposed consent judgment in CERCLA action was reasonable, although proposed plan did not provide for cleanup of certain contamination at Superfund site, where proposed remedy was comprehensive and effective, given that proposed plan did not immunize any defendant from future liability for contamination left to be investigated and cleaned up separately, and proposed consent judgment would adequately compensate the public for costs of the cleanup. 55 Motor Ave. Co. v. Liberty Industrial Finishing Corp., E.D.N.Y.2004, 332 F.Supp.2d 525. Federal Civil Procedure ⟜ 2397.2

Consent decree under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) was "procedurally fair," although final records of decision (RODs) were not issued for three of five operable units in overall site prior to public comment period; completion of RODs on those units did not have any appreciable effect on estimated damages figure for site as whole, damages estimate that formed basis for settlement was contained in restoration and compensation determination plan (RCDP), which was available to the public during the comment period, and many comments concerning adequacy of settlement focused on such estimate. U.S. v. Fort James Operating Co., E.D.Wis.2004, 313 F.Supp.2d 902. Federal Civil Procedure ⟜ 2397.2

Consent decree under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) was "reasonable," although decree did not mandate payment of full equitable share of natural resource damages and considerable amount of money was earmarked for recreational enhancement projects; CERCLA had joint and several liability scheme, only alternative was complex and lengthy litigation, decree achieved early settlement, public was satisfactorily compensated for estimated natural resource damages, and decree provided for purchase of considerable acreage for wetland preservation or restoration and habitat restoration. U.S. v. Fort James Operating Co., E.D.Wis.2004, 313 F.Supp.2d 902. Federal Civil Procedure ⟜ 2397.2

Consent decree under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) was "reasonable," although decree did not mandate payment of full equitable share of natural resource damages and considerable amount of money was earmarked for recreational enhancement projects; CERCLA had joint and several liability scheme, only alternative was complex and lengthy litigation, decree achieved early settlement, public was satisfactorily compensated for estimated natural resource damages, and decree provided for purchase of considerable acreage for wetland preservation or restoration and habitat restoration. U.S. v. Fort James Operating Co., E.D.Wis.2004, 313 F.Supp.2d 902. Federal Civil Procedure ⟜ 2397.2

Consent decree in CERCLA litigation would be enforced, such that trust would be allowed to implement the selected remedy of discharging pretreated effluent through a township's sewage collection system for final treatment at a county's sewage treatment plant; the trust had carried out its obligations under the consent decree in creating a groundwater extraction system and an on-site groundwater pre-treatment system, and radionuclide levels in the treated groundwater met stringent drinking water standards; moreover, untreated landfill water posed a danger to the community and environment if nothing was done. New Jersey, Dept. of Environmental

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Protection v. Gloucester Environmental Management Services, Inc., D.N.J.2003, 264 F.Supp.2d 165. Federal Civil Procedure ⛄ 2397.6

Under CERCLA, once a consent decree containing a specific remedy is entered by the federal court, neither the parties themselves, the non-parties, nor the Court can alter that remedy, absent a modification of the Consent Decree itself. New Jersey, Dept. of Environmental Protection v. Gloucester Environmental Management Services, Inc., D.N.J.2003, 264 F.Supp.2d 165. Federal Civil Procedure ⛄ 2397.4

Federal government's failure to plead claims against third and fourth-party defendants impleaded by primary defendant in CERCLA action did not, by itself, preclude approval of consent decree that would settle government's claims against primary defendant and third and fourth-party defendants. U.S. v. Davis, D.R.I.1998, 11 F.Supp.2d 183, affirmed 261 F.3d 1. Federal Civil Procedure ⛄ 2397.2

Although settlement agreements indicated that plaintiffs agreed to move for dismissal of all future claims, and did not limit claims to those arising under CERCLA, court would only address those claims arising under CERCLA, the substantive statute of the action, despite possible future application of Resource Conservation and Solid Waste Disposal Act, § 7002(a)(1)(B), as amended, 42 U.S.C.A. § 6972(a)(1)(B); Recovery Act (RCRA) or other environmental laws to site and parties; action was initiated under CERCLA and Declaratory Judgment Act, not under any other environmental law. Pneumo Abex Corp. v. Bessemer and Lake Erie R. Co., E.D.Va.1996, 936 F.Supp. 1274. Compromise And Settlement ⛄ 15(1)

"Substantive fairness," for purposes of judicial review of consent decree in CERCLA litigation, encompasses concepts of corrective justice and accountability; where court finds that Environmental Protection Agency's (EPA) use of available data to apportion liability for purposes of consent decree falls along broad spectrum of plausible approximations, judicial intrusion is unwarranted. U.S. v. Wallace, N.D.Tex.1995, 893 F.Supp. 627. Federal Civil Procedure ⛄ 2397.2

Government reserved its right to seek reimbursement from potentially responsible party (PRP) under CERCLA in partial consent judgment (PCJ) resolving Resource Conservation and Recovery Act (RCRA) suit and, thus, PCJ did not unconditionally bar CERCLA suit; covenant not to sue meant that government could bring another action against PRP only if PRP failed to comply with PCJ, new contamination was discovered, or contamination was discovered which was unknown to government at time it entered into PCJ. U.S. v. Martell, N.D.Ind.1995, 887 F.Supp. 1183. Judgment ⛄ 731

Resolution of litigation by voluntary settlement is favored because parties and public avoid time and expense of taking case to trial, and this policy is particularly strong where government has brought suit to obtain compliance with law and determines that settlement of dispute by consent decree is in public interest. U.S. v. Atlas Minerals and Chemicals, Inc., E.D.Pa.1994, 851 F.Supp. 639. Compromise And Settlement ⛄ 2; Federal Civil Procedure ⛄ 2397.1

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Provisions of consent decree providing for community relations program through state environmental agency satisfied requirements of National Contingency Plan (NCP) for purposes of removal action under CERCLA cost recovery provision. Greene v. Product Mfg. Corp., D.Kan.1993, 842 F.Supp. 1321. Environmental Law ☞ 446

There was no violation of doctrine of unconstitutional conditions when government, as condition of proposed settlement, offered to permit potentially responsible party under CERCLA to conduct its own investigation only upon surrender of right of judicial review of potential punitive penalties regarding future work. Louisiana Pacific Corp. v. Beazer Materials & Services, Inc., E.D.Cal.1994, 842 F.Supp. 1243. Compromise And Settlement ☞ 7.1

Proposed consent decree settling CERCLA action involving alleged discharge of wastewater into ocean, and activities such as mosquito abatement that may have resulted in discharge of hazardous substances such as DDT into environment, involving public agencies, was procedurally fair despite contrary claims made by nonsettling private corporations; special master had held settlement conferences with each set of defendants, had submitted recommendation indicating, and conclusively showing, that negotiations were in good faith and that decree was procedurally and substantively fair, and had assured court that all negotiations were between experienced counsel, adversarial in nature and held at arms length. U.S. v. Montrose Chemical Corp. of California, C.D.Cal.1993, 827 F.Supp. 1453, vacated 50 F.3d 741, on remand 883 F.Supp. 1396. Federal Civil Procedure ☞ 2397.2

Arizona Department of Environmental Quality (ADEQ) was free to negotiate and settle with any potentially responsible party it chose in connection with CERCLA action, as long as ADEQ operated in good faith; state was not required to open negotiations to all potentially responsible parties and did not have to telegraph its settlement offers. State of Ariz. ex rel. Woods v. Nucor Corp., D.Ariz.1992, 825 F.Supp. 1452, affirmed 66 F.3d 213. Compromise And Settlement ☞ 67

A consent decree intended to settle claims arising out of the cleanup of a landfill was not unfair in manner in which it allocated responsibility among potential responsible parties, despite contention that responsibility should be based on volumetric share alone; fact that consent decree reflected a determination of liability based on toxicity as well as volumetric share did not render the decree unfair, court would not make an independent evaluation of relative toxicity, concerns over potential liability were speculative, and EPA's negotiating practice was a practical and reasonable process for achieving settlements. U.S. v. Acton Corp., D.N.J.1990, 749 F.Supp. 616, published at.

Court would dismiss from action under Comprehensive Environmental Response, Compensation, and Liability Act, defendants who had settled with plaintiffs, where settlement agreements were negotiated in good faith and were entered under terms that were reasonable and just. Central Illinois Public Service Co. v. Industrial Oil Tank & Line Cleaning Service, W.D.Mo.1990, 730 F.Supp. 1498. Compromise And Settlement ☞ 7.1

Consent decrees in action to recover response costs would be entered as final judgments although decrees resolved fewer than all claims; consent decrees resolved all liability of settling defendants and there was no just reason to delay entry of final judgment. U.S. v. Cannons Engineering Corp., D.Mass.1989, 720 F.Supp. 1027,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC   Document 4477-40   Filed 11/03/11   Page 186 of 351

affirmed 899 F.2d 79. Federal Civil Procedure ⟐ 2579

Settlement decree in case brought under Comprehensive Environmental Response, Compensation, and Liability Act which either directly or by reference to related administrative order called for recovery of approximately 83% of total amount eventually spent to clean up hazardous waste site was reasonable and in line with objectives of CERCLA. U.S. v. McGraw-Edison Co., W.D.N.Y.1989, 718 F.Supp. 154. Federal Civil Procedure ⟐ 2737.5

In reviewing proposed settlement under Comprehensive Environmental Response, Compensation, and Liability Act, court should consider fairness, reasonableness, and consistency with CERCLA's goals. Kelley v. Thomas Solvent Co., W.D.Mich.1989, 717 F.Supp. 507. Compromise And Settlement ⟐ 61

Terms of settlement in CERCLA suit arising out of landfill hazardous waste pollution between city, acting as a "state" under settlement provision of Act, and some users of landfill, was fair and reasonable; good faith of parties, adequate factual record, risk of litigation and other factors warranted approval of approximately $13.8 million settlement. City of New York v. Exxon Corp., S.D.N.Y.1988, 697 F.Supp. 677. Compromise And Settlement ⟐ 61

Consent decrees in CERCLA action brought by government, reflecting total monetary settlement value of $725,000, would be entered even though government had incurred at least $6,475,000 in response costs, as decrees were more significant than their face monetary value indicated, and more importantly, mismanagement of matter had severely weakened government's chances for recovery of any substantial portion of its response costs and expenses; Environmental Protection Agency's (EPA) on scene coordinator had expended $1,235,000 in unsuccessful attempt to remove hazardous substances via solvent extraction, a new and relatively unestablished technology, and had decided to exceed $1 million ceiling on removal actions, and each defendant had significant defenses to their respective liability. U.S. v. Shaffer Equipment Co., S.D.W.Va.1994, 158 F.R.D. 80. Federal Civil Procedure ⟐ 2397.2

105. Review

United States Supreme Court would not address claim by buyer of aircraft engine maintenance sites found to have been contaminated as result of leakage of petroleum and other hazardous substances into ground that, under CERCLA, it could recover any other necessary costs of response incurred by any other person consistent with national contingency plan even though it was potentially responsible person (PRP), since courts below did not consider claim. Cooper Industries, Inc. v. Aviall Services, Inc., U.S.2004, 125 S.Ct. 577, 543 U.S. 157, 160 L.Ed.2d 548, on remand , on remand 2006 WL 2263305. Federal Courts ⟐ 461

Judicial review of decision of Environmental Protection Agency (EPA) to conduct a removal action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) was limited to whether the EPA considered the eight factors under applicable rule. U.S. v. W.R. Grace & Co., C.A.9 (Mont.) 2005, 429 F.3d 1224, certiorari denied 127 S.Ct. 379, 549 U.S. 951, 166 L.Ed.2d 268. Environmental Law ⟐ 645

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

District court's interpretation of Comprehensive Environmental Response, Compensation, and Liability Act is reviewed de novo. Cose v. Getty Oil Co., C.A.9 (Cal.) 1993, 4 F.3d 700, as amended. Federal Courts ☜ 776

Appellate court reviews district court's factual finding that there was no release or threatened release of hazardous substances from Superfund site to see if it is clearly erroneous. Stewman v. Mid-South Wood Products of Mena, Inc., C.A.8 (Ark.) 1993, 993 F.2d 646, 120 A.L.R. Fed. 639, rehearing denied. Environmental Law ☜ 708

Owner of property affected by groundwater contamination failed to point to any dispositive matter overlooked by the District Court, as would warrant reconsideration of judgment for neighboring manufacturer in owner's CERCLA action seeking reimbursement of costs it spent to avoid liability for removal of hazardous waste allegedly discharged by manufacturer, where the court considered exhibits presented by owner and correctly applied standard for liability, and new evidence presented by owner would not change court's conclusions based on overwhelming qualitative weight of the evidence and testimony presented at trial. Champion Laboratories, Inc. v. Metex Corp., D.N.J.2010, 677 F.Supp.2d 748. Federal Civil Procedure ☜ 2655

Given the strong and clear intent behind Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) to limit judicial review to the administrative record, and failure of Washington Department of Transportation and shopping center owner to explain why the administrative record needed to be supplemented with specific regard to the response actions selected by the Environmental Protection Agency (EPA), Department and owner would be limited to the administrative record when advancing arguments that the response actions selected by the EPA were inconsistent with the national contingency plan, or arbitrary and capricious, or otherwise not in accordance with the law, in action to recover past and future response and clean-up costs at superfund site. U.S. v. Washington Dept. of Transp., W.D.Wash.2006, 450 F.Supp.2d 1207. Environmental Law ☜ 686

Under CERCLA, once a consent decree containing a specific remedy is entered by the federal court, neither the parties themselves, the non-parties, nor the Court can alter that remedy, absent a modification of the Consent Decree itself. New Jersey, Dept. of Environmental Protection v. Gloucester Environmental Management Services, Inc., D.N.J.2003, 264 F.Supp.2d 165. Federal Civil Procedure ☜ 2397.4

Ultimate termination of CERCLA litigation would not be materially advanced by certification for immediate appeal of issue of whether CERCLA preempted state capacity laws to extent that their operation would shield dissolved corporation from CERCLA liability, and thus, issue would not be certified, despite split of authority among federal courts; even if Court of Appeals were to agree that CERCLA did not preempt state law, it would have been argued that corporation at issue was improperly dissolved, and thus, still subject to CERCLA liability. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1997, 956 F.Supp. 421. Federal Courts ☜ 660.5

106. Evidence preservation, generally

Property owner breached its duty to preserve evidence when environmental consulting firm it had hired disposed of soil samples from its property and related data and documents, and thus was subject to sanctions in its CER-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

CLA cost-recovery action against potentially responsible party (PRP), despite owner's contentions that it gave PRP notice of samples, and that PRP had not demonstrated that it intended to use or rely on evidence during litigation, where owner recognized that analysis of soil samples was key evidence in case, owner only notified PRP that its engineers had taken samples from PRP's property, owner did not notify PRP that samples would be destroyed, and owners' consultants and experts did not utilize full range of analyses on soil samples, including tests that could have exculpated PRP. Innis Arden Golf Club v. Pitney Bowes, Inc., D.Conn.2009, 257 F.R.D. 334. Federal Civil Procedure ⚫➙ 1636.1

107. ---- Sanctions, preservation of evidence, generally

Appropriate sanction for property owner's destruction of soil samples from its property and related data and documents was preclusion of evidence based on soil samples in owner's CERCLA cost-recovery action against potentially responsible party (PRP), even if owner did not purposefully destroy evidence to advantage it or disadvantage PRP, where owner's counsel outlined importance of evidence and emphasized need to avoid being accused of destroying evidence, but did not issue evidence-preservation directive, and PRP was unable to conduct analysis on which it might have developed evidence that contaminants on owner's property were not caused by release from PRP's property. Innis Arden Golf Club v. Pitney Bowes, Inc., D.Conn.2009, 257 F.R.D. 334. Federal Civil Procedure ⚫➙ 1636.1

II. COVERED PERSONS GENERALLY

<Subdivision Index>

Bankruptcy debtors 145

Banks 137

Choice of disposal site, transporters 136

Corporations 138-143

    Corporations - Generally 138

    Corporations - Dissolved corporations 139

    Corporations - Officers of corporation 141

    Corporations - Parent and subsidiary corporations 142

    Corporations - Stockholders or shareholders 143

    Corporations - Successor corporations 140

Covered persons generally 131

Creditors 144

Debtors 145

Dissolved corporations 139

Engineers 146

Estates 147

Indian tribes, covered persons generally 157

Landlords and tenants 148

Lessees 148

Manufacturers 149

Miscellaneous covered persons 156

Municipalities, potentially responsible parties 134

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Officers of corporation, corporations 141
Oil companies 150
Parent and subsidiary corporations 142
Plaintiff or defendant 132
Potentially responsible parties 133, 134
        Potentially responsible parties - Generally 133
        Potentially responsible parties - Municipalities 134
States and state authorities 151
Stockholders or shareholders, corporations 143
Successor corporations 140
Tenants 148
Toxic dumps 154
Transporters 135, 136
        Transporters - Generally 135
        Transporters - Choice of disposal site 136
Trustees 152
Vendors 153
Waste streams 155

131. Covered persons generally

CERCLA makes four classes of people liable for response costs or contribution; responsible party is current owner or operator of a facility, any person who owned or operated facility at the time of disposal of hazardous substance, any person who arranged for disposal or treatment, or arranged for transport for disposal or treatment, of hazardous substances at the facility, or any person who accepts or accepted hazardous substances for transport to sites selected by such person. U.S. v. CDMG Realty Co., C.A.3 (N.J.) 1996, 96 F.3d 706. Environmental Law ⬤⟳ 445(1)

Four classes of persons strictly liable for releases of hazardous substances under CERCLA are: current owners and operators of facility where hazardous substances were disposed; past owners or operators who owned or operated facility at time of disposal; transporters of hazardous substances; and persons who arranged for disposal or treatment at any facility containing such substance. Courtaulds Aerospace, Inc. v. Huffman, E.D.Cal.1993, 826 F.Supp. 345. Environmental Law ⬤⟳ 445(1)

CERCLA establishes strict liability for present and former owners of hazardous waste disposal sites, transporters of wastes, and generators of waste who arrange for transport and disposal of wastes; liability for cleanup costs may be imposed on one, two, or all three of the responsible parties, regardless of each entity's relative degree of fault or responsibility for creating polluted site. Village of Morrisville Water & Light Dept. v. U.S. Fidelity & Guar. Co., D.Vt.1991, 775 F.Supp. 718. Environmental Law ⬤⟳ 445(1)

CERCLA subjects "responsible parties," that is, current owner or operator of hazardous substance facility, any person who owned or operated such facility at time of disposal of hazardous substances there, any person who arranged for treatment or disposal of hazardous substances at facility, or any person who accepts or accepted hazardous substances for transport to treatment or disposal facility selected by them from which release occurs,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

to potential liability for response costs. In re DuFrayne, Bkrtcy.E.D.Pa.1996, 194 B.R. 354. Environmental Law ⚷ 445(1)


**132.** Plaintiff or defendant, covered persons generally

In private action to recover "response costs" under Comprehensive Environmental Response, Compensation and Liability Act, it is defendant, not plaintiff, who must be "covered person." General Elec. Co. v. Litton Business Systems, Inc., W.D.Mo.1989, 715 F.Supp. 949, affirmed 920 F.2d 1415, certiorari denied 111 S.Ct. 1390, 499 U.S. 937, 113 L.Ed.2d 446, rehearing denied 111 S.Ct. 1697, 500 U.S. 911, 114 L.Ed.2d 91. Environmental Law ⚷ 446


**133.** Potentially responsible parties, covered persons generally--Generally

Customer of business that disposed of chemical waste at Superfund site preserved for appellate review its argument that CERCLA did not allow other potentially responsible parties (PRPs) to pursue a cost recovery claim against customer for sums they paid pursuant to private settlements, as opposed to sums paid directly to the Environmental Protection Agency (EPA), where customer argued in reply to PRPs' proposed findings of fact and conclusions of law that they could not bring the cost recovery claims, and the district court ruled on the issue by holding that the PRPs did have claims for costs they had contributed via the private settlement agreements. Agere Systems, Inc. v. Advanced Environmental Technology Corp., C.A.3 (Pa.) 2010, 602 F.3d 204, certiorari denied 131 S.Ct. 646, 178 L.Ed.2d 479. Environmental Law ⚷ 707


Landowner could not seek to recoup cleanup costs for environmental contamination under CERCLA's cost recovery provision, despite not qualifying for statutory defenses to liability as potentially responsible party (PRP), under theory that it was "innocent" PRP with no responsibility for spill; "innocent PRP" exception to liability was inconsistent with CERCLA's underlying purposes. Morrison Enterprises v. McShares, Inc., C.A.10 (Kan.) 2002, 302 F.3d 1127. Environmental Law ⚷ 444


Owner of shopping center where hazardous chemical contamination occurred and operator of dry-cleaning establishment that disposed of wastewater containing hazardous chemicals into sewer system were potentially responsible parties (PRPs) within meaning of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) provision governing liability for response costs incurred by persons other than potentially responsible parties (PRPs). Differential Development-1994, Ltd. v. Harkrider Distributing Co., S.D.Tex.2007, 470 F.Supp.2d 727. Environmental Law ⚷ 445(1)


Property owner adequately alleged that purported prior owners of contaminated rail yard were potentially responsible parties (PRPs) under CERCLA, in action seeking contribution, indemnity, and recovery for costs incurred in connection with environmental cleanup at the property, although purported prior owners claimed that their prior ownership included only land abutting the property at issue, where property owner alleged that purported prior owners operated rail facility on the property at time of disposal of hazardous substance, and arranged for transport of hazardous materials to the facility for disposal. Frontier Communications Corp. v. Barrett Paving Materials, Inc., D.Me.2009, 631 F.Supp.2d 110. Environmental Law ⚷ 447

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Designation of aircraft company as only potentially responsible person (PRP) in unilateral administrative order (UAO) issued by Environmental Protection Agency (EPA) under CERCLA, which order directed company to excavate and dispose of trichloroethylene(TCE)-contaminated soils on land at county airport where Army Corps of Engineers allegedly operated TCE-vapor degreasor although federal government allegedly was also PRP, was not illegal exaction or shifting of liability, as would violate company's procedural due process rights; CERCLA did not relieve private PRPs from liability when federal agency was also PRP, company was still potentially liable for at least some portion of clean up costs, directing company to bear costs of cleanup and to seek reimbursement for costs from other responsible parties was not illegal, and EPA was not required to issue UAO to every PRP under CERCLA. Raytheon Aircraft Co. v. U.S., D.Kan.2007, 501 F.Supp.2d 1323. Constitutional Law ⚷ 4327; Environmental Law ⚷ 439; Environmental Law ⚷ 445(1)

Prior purchasers were potentially responsible parties (PRPs) under CERCLA, even after they conveyed land to other persons, since they retained full rights to calcine on property and were its owners, and mercury from calcine was contaminating the land. McDonald v. Sun Oil Co., D.Or.2006, 423 F.Supp.2d 1114, motion granted 2006 WL 1720535, affirmed in part , reversed in part 548 F.3d 774, certiorari denied 129 S.Ct. 2825, 174 L.Ed.2d 552. Environmental Law ⚷ 445(1)

Because the essential purpose of CERCLA is to place the ultimate responsibility for the clean-up of hazardous waste on those responsible for problems caused by the disposal of chemical poison, the four classes of responsible parties listed in the statute are not meant to circumscribe recovery, but rather to ensure that all who may have financially benefited from commercial activities involving hazardous wastes are forced to bear subsequent costs in remedying the environmental harms caused by that waste. Vine Street LLC v. Keeling, E.D.Tex.2005, 362 F.Supp.2d 754. Environmental Law ⚷ 445(1)

That municipality which qualified as potentially responsible party (PRP) under CERCLA had claimed defense to strict joint and several liability imposed upon PRPs by CERCLA did not permit municipality to proceed as a party without CERCLA liability by enforcing its own municipal environmental ordinance. Fireman's Fund Ins. Co. v. City of Lodi, Cal., E.D.Cal.2003, 296 F.Supp.2d 1197. Environmental Law ⚷ 445(1)

City's statement in consent order entered into with state department of environmental quality that it was "potentially responsible person" within meaning of CERCLA was not binding on city in determining whether its action against manufacturers that released industrial solvent into groundwater was cost recovery action or contribution action under CERCLA, where consent order expressly stated that it was not admission of liability. City of Portland v. Boeing Co., D.Or.2001, 179 F.Supp.2d 1190.

Under Comprehensive Environmental Response, Compensation, and Liability Act, potentially responsible party for clean up of PCBs at abandoned storage site that did not settle with United States could be liable for more than its fair share of cleanup costs. Central Illinois Public Service Co. v. Industrial Oil Tank & Line Cleaning Service, W.D.Mo.1990, 730 F.Supp. 1498. Environmental Law ⚷ 447

134. ---- Municipalities, potentially responsible parties, covered persons generally

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

City was potentially responsible party (PRP) under CERCLA by virtue of its cooperative agreement with state agency, under which city incurred substantial liability for past and future response costs based upon its contribution to environmental contamination of city site, continued to be under threat of legal compulsion to perform remedial work, and accepted responsibility for cleaning up contamination site. Fireman's Fund Ins. Co. v. City of Lodi, Cal., E.D.Cal.2003, 296 F.Supp.2d 1197. Environmental Law ⚷ 445(1)

Municipalities may be held liable as "potentially responsible parties" for response costs. State of N.J., Dept. of Environmental Protection and Energy v. Gloucester Environmental Management Services, Inc., D.N.J.1993, 821 F.Supp. 999. Environmental Law ⚷ 445(1)

135. Transporters, covered persons generally--Generally

District court's conclusion in CERCLA contribution action that potentially responsible parties (PRP) were "transporters" was not clearly erroneous, in light of evidence that PRPs themselves brought their own waste down to site on their own trucks, PRPs had substantial input in decision as to whether to send waste to site, and PRPs redirected third parties' trucks carrying hazardous waste from their place of business to site. American Cyanamid Co. v. Capuano, C.A.1 (R.I.) 2004, 381 F.3d 6. Environmental Law ⚷ 445(1)

Environmental contractor that provided groundwater assessment services to chemical plant was not a "transporter" of hazardous waste, as would support imposition of liability upon contractor in CERCLA contribution action brought by plant owners; even if contractor's conduct resulted in unintended migration of ethylene dichloride, there was no evidence that contractor moved the ethylene dichloride to another facility or site. Geraghty and Miller, Inc. v. Conoco Inc., C.A.5 (Tex.) 2000, 234 F.3d 917, rehearing denied 247 F.3d 243, certiorari denied 121 S.Ct. 2592, 533 U.S. 950, 150 L.Ed.2d 751. Environmental Law ⚷ 447

Excavator that spread some displaced contaminated soil from property over other parts of property was liable as "transporter" of hazardous substance under CERCLA for contribution to costs of removing contaminated soil from property, even though material was not conveyed to separate parcel of land but merely another area of same property. Kaiser Aluminum & Chemical Corp. v. Catellus Development Corp., C.A.9 (Cal.) 1992, 976 F.2d 1338. Environmental Law ⚷ 445(1)

Genuine issues of material fact, regarding whether used oil deliveries by potentially responsible party (PRP) were of magnitude to subject it to arranger or transporter liability, precluded summary judgment on Superfund site administrator's contribution claim under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Booth Oil Site Administrative Group v. Safety-Kleen Corp., W.D.N.Y.2007, 532 F.Supp.2d 477. Federal Civil Procedure ⚷ 2498.3

Evidence established that waste hauler that transported waste generated by other entities to hazardous waste site actively and substantially participated in selecting the site, and thus was a transporter liable for cleanup costs as a potentially responsible party (PRP) under CERCLA; circumstantial evidence that site's operator had no interactions with hauler's customers and that hauler actively advised customer that site was in compliance with waste-related laws and regulations raised inference that hauler, rather than its customers, selected the site. Ac-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion Mfg. Co., Inc. v. Simon Wrecking Co., E.D.Pa.2006, 428 F.Supp.2d 288, affirmed 287 Fed.Appx. 171, 2008 WL 2880324. Environmental Law ☞ 465

Carrier was not a "transporter" within meaning of CERCLA section authorizing cost recovery action against transporters; carrier did not intervene or participate in two shipments of caustic soda stored at facility, although carrier had transported caustic soda from the facility to various locations for industrial use. Puerto Rico Ports Authority v. PCI Intern. Inc., D.Puerto Rico 2002, 200 F.Supp.2d 61. Environmental Law ☞ 445(1)

Contractor which moved contamination from one area of site to another was not liable as "transporter" under CERCLA, as contractor had no control over selection of site to which contamination was transported; contractor did not do anything that it was not ordered to do by site owner, and all actions were approved by Iowa Department of Natural Resources. Interstate Power Co. v. Kansas City Power & Light Co., N.D.Iowa 1994, 909 F.Supp. 1284. Environmental Law ☞ 445(1)

Owner of hazardous waste disposal site who hired truck driver to transport waste to site from various waste generators was liable as "transporter" under CERCLA for cleanup costs. Atlantic Richfield Co. v. Blosenski, E.D.Pa.1994, 847 F.Supp. 1261. Environmental Law ☞ 445(1)

Transporter of municipal solid waste was not subject to remedial liability under CERCLA on grounds waste deposited at landfill contained hazardous substances. B.F. Goodrich Co. v. Murtha, D.Conn.1993, 840 F.Supp. 180 . Environmental Law ☞ 445(1)

Homeowner asserting private cost recovery action under CERCLA established that United States Navy was "transporter" of hazardous substances to facility and that there was release of hazardous substances at facility, and thus Navy was 95% liable for any response costs incurred by homeowners, where Navy in the mid-1930's took paints containing lead, copper and zinc and used asbestos gaskets and insulation to junkyard that later was home site. Price v. U.S. Navy, S.D.Cal.1992, 818 F.Supp. 1326, affirmed 39 F.3d 1011, on remand 1995 WL 447366. Environmental Law ☞ 445(1)

Gravel pit owner who hauled waste containing ferric ferrocyanide for operator of gas manufacturing facility and dumped that waste at its sand and gravel pit was liable under CERCLA as a person who accepted hazardous substance for transport to disposal facility and under Massachusetts law as person who directly or indirectly transported hazardous material to disposal site. Com. of Mass. v. Blackstone Valley Elec. Co., D.Mass.1992, 808 F.Supp. 912, 126 A.L.R. Fed. 737, supplemented 867 F.Supp. 78. Environmental Law ☞ 445(1)

Contractor who transported dioxin-contaminated dirt to disposal site was responsible party under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Danella Southwest, Inc. v. Southwestern Bell Telephone Co., E.D.Mo.1991, 775 F.Supp. 1227, affirmed 978 F.2d 1263. Environmental Law ☞ 445(1)

Company which sprayed oil at various sites where dioxin and TCP were later found in soil was liable for re-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

sponse costs as the owner of the tank farm from which the oil was removed, as the owner of one of the sites at which the oil was sprayed, and as the company which transported and disposed of the waste. U.S. v. Bliss, E.D.Mo.1987, 667 F.Supp. 1298. Environmental Law 445(1)

Corporation which arranged for disposal of hazardous wastes and for transporting of wastes was liable to United States for response costs incurred in cleaning up hazardous waste site as a transporter of hazardous substances under subsec. (a)(3) of this section. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law 445(1)

136. ---- Choice of disposal site, transporters, covered persons generally

Hazardous waste transporters are liable under CERCLA only if they actively participate in selection of disposal location. B.F. Goodrich v. Betkoski, C.A.2 (Conn.) 1996, 99 F.3d 505, decision clarified on denial of rehearing 112 F.3d 88, certiorari denied 118 S.Ct. 2318, 524 U.S. 926, 141 L.Ed.2d 694. Environmental Law 445(1)

To be held liable under CERCLA section imposing transporter liability on persons who accept hazardous substances for transport to disposal facilities "selected" by such person, transporter must be so engaged in selection process that holding it liable furthers one of CERCLA's central objectives: to hold all persons actively involved in storage or disposal of hazardous waste financially accountable for cost of remedying resulting harm to human health or environment. Tippins Inc. v. USX Corp., C.A.3 (Pa.) 1994, 37 F.3d 87. Environmental Law 445(1)

Transporter liability is predicated on site selection by the transporter. U.S. v. Hardage, C.A.10 (Okla.) 1993, 985 F.2d 1427. Environmental Law 445(1)

There was no evidence that owner of truck from which perchloroethylene (PCE) was pumped into barrels or landfill at manufacturing site made, or participated in, selection of disposal site for PCE, thus precluding imposition of transporter liability under CERCLA; there was evidence that site owner directed truck owner to use landfill. ACC Chemical Co. v. Halliburton Co., S.D.Iowa 1995, 932 F.Supp. 233. Environmental Law 445(1)

Trucking company which hauled fly ash to disposal site could not be liable for CERCLA response costs absent evidence that company selected site as location to deliver fly ash; party cannot be liable as transporter unless party actually selects site. U.S. v. Petersen Sand and Gravel, Inc., N.D.Ill.1992, 806 F.Supp. 1346, on reconsideration. Environmental Law 445(1)

Site selection is necessary element to "transporter liability" for hazardous waste deposited at facility as defined by Comprehensive Environmental Response, Compensation and Liability Act (CERCLA); under section of CERCLA applying to persons who transport hazardous substances to "disposal or treatment facilities, incineration vessels or sites selected by such person," phrase "selected by such person," modifies facilities and vessels as well as sites. Alcatel Information Systems, Inc. v. State of Ariz., D.Ariz.1991, 778 F.Supp. 1092. Environmental Law 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Transporters of hazardous waste can be held liable under CERCLA only where transporters have selected the site for delivery of the hazardous waste. U.S. v. Western Processing Co., Inc., W.D.Wash.1991, 756 F.Supp. 1416, 112 A.L.R. Fed. 705. Environmental Law 445(1)

Government established that transporter of hazardous waste selected disposal site on at least one occasion, as required for imposition of CERCLA liability; even though shipping tickets pertaining to customer's waste bore required signature of customer's personnel, that did not indicate that customer selected site for disposal of its waste, as shipping tickets were signed long after site selection decision had been made. U.S. v. Hardage, W.D.Okla.1990, 750 F.Supp. 1444. Environmental Law 445(1)

137. Banks, covered persons generally

Bank's close monitoring of landowner to which it was lending money did not provide basis for imposing CERCLA liability on the bank; encouragement of lender to follow consolidation plan which it had drawn also did not provide basis for liability. Kelley ex rel. Michigan Natural Resources Com'n v. Tiscornia, W.D.Mich.1993, 810 F.Supp. 901. Environmental Law 445(2)

138. Corporations, covered persons generally--Generally

Corporate form alone will not shield entities that exhibit significant indicia of responsibility from CERCLA liability. John Boyd Co. v. Boston Gas Co., D.Mass.1991, 775 F.Supp. 435. Corporations And Business Organizations 1063

139. ---- Dissolved corporations, covered persons generally

Delaware statute providing for three-year wind-up period following dissolution of corporation superseded common-law trust fund doctrine, which gave creditors equitable right to follow corporate assets post-dissolution, and thus barred state's CERCLA claims for environmental response costs against dissolved corporation and its shareholder-distributees that arose pre-dissolution but were not asserted until after expiration of wind-up period, even though statute did not explicitly address remedies available to corporate creditors against shareholder-distributees. Marsh v. Rosenbloom, C.A.2 (N.Y.) 2007, 499 F.3d 165. Corporations And Business Organizations 3154

CERCLA clause providing that the statute applies "notwithstanding any other provision or rule of law" does not authorize litigation against defunct corporation, since it refers only to substantive liability and does not displace ancillary rules influencing how litigation proceeds. Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co., C.A.7 (Ill.) 1995, 68 F.3d 1016. Corporations And Business Organizations 3151

Corporation that is dead but not buried, i.e., a dissolved corporation whose assets have yet to be distributed, would fall within CERCLA's definition of a person amenable to suit under CERCLA. Pfohl Brothers Landfill Site Steering Committee v. Allied Waste Systems, Inc., W.D.N.Y.2003, 255 F.Supp.2d 134, reconsideration denied 2003 WL 21518341. Corporations And Business Organizations 3151

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Dissolved company was subject to suit in state's action under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) to recover costs incurred in cleanup of site formerly owned by company, where, under state law, dissolved company continued to exist for purposes of winding up its affairs. New York v. Longboat, Inc., N.D.N.Y.2001, 140 F.Supp.2d 174.

Evidence that subsidiary's corporate existence had been abandoned for ten years supported finding that subsidiary was dissolved de facto so as to support shareholder derivative liability of parent corporation under CERCLA concerning response costs for hazardous waste disposed of by semiconductor manufacturer purchased by subsidiary; subsidiary's assets had been liquidated and, although subsidiary had officers, no officer meetings were held. U.S. v. Wallace, N.D.Tex.1996, 961 F.Supp. 969. Corporations And Business Organizations ⛐ 1702(4)

CERCLA liability may be imposed against "dead" corporation which has been dissolved, but whose assets have not yet been fully distributed. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1996, 915 F.Supp. 1290, on reconsideration in part 956 F.Supp. 410. Corporations And Business Organizations ⛐ 3084

Dissolved corporation was not "person" amenable to suit under CERCLA, even though insurance policies were issued to corporation and its predecessors and corporation had right to indemnification under purchase and sales agreement for contaminated sites; corporation was dissolved eight years before and distributed all of its assets more than three years before CERCLA action was commenced, and, as corporation could not assert claim against another party, policies and indemnification rights were not assets that rendered corporation amendable to suit under CERCLA. AM Properties Corp. v. GTE Products Corp., D.N.J.1994, 844 F.Supp. 1007. Corporations And Business Organizations ⛐ 3151

CERCLA allows suits against corporations without limitation as to whether corporation is dissolved or its assets have been distributed. U.S. v. SCA Services of Indiana, Inc., N.D.Ind.1993, 837 F.Supp. 946. Corporations And Business Organizations ⛐ 3151

Dissolved Oklahoma corporation was not "dead and buried," so as to preclude imposition of CERCLA liability, where corporation's assets included right to receive annual payments owed to corporation pursuant to purchase agreement, and former shareholder continued to receive payments under that agreement. Barton Solvents, Inc. v. Southwest Petro-Chem, Inc., D.Kan.1993, 836 F.Supp. 757. Corporations And Business Organizations ⛐ 3084

A dissolved corporation could be sued under CERCLA; if the resources of dissolved corporations were proven to be reasonably discrete and identifiable, those resources should be available for cleanup, and the party who benefitted from the cheap disposal should be held responsible. City and County of Denver v. Adolph Coors Co., D.Colo.1992, 813 F.Supp. 1471. Corporations And Business Organizations ⛐ 3151

Waste oil service company that used tanks on property for placement, storage and removal of waste oil was primarily liable under CERCLA for response costs after property was found to be contaminated with hazardous substances, even though company was dissolved before CERCLA action was brought. U.S. v. Mexico Feed and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Seed Co., E.D.Mo.1991, 764 F.Supp. 565, affirmed in part, reversed in part on other grounds 980 F.2d 478. Corporations And Business Organizations ⟷ 3084

If dissolved Michigan corporation presently held no assets, then it no longer existed, and was not "person" subject to suit under CERCLA. Traverse Bay Area Intermediate School Dist. v. Hitco, Inc., W.D.Mich.1991, 762 F.Supp. 1298, 123 A.L.R. Fed. 763. Corporations And Business Organizations ⟷ 3151

Corporation which had been dissolved nine years earlier and shareholder to whom corporate assets had been distributed could not be held liable under CERCLA for federal Government's response costs in cleaning up hazardous waste that corporation previously had disposed of. U.S. v. Distler, W.D.Ky.1990, 741 F.Supp. 643. Corporations And Business Organizations ⟷ 3151

140. ---- Successor corporations, covered persons generally

Under Ohio law, electronics manufacturer assumed all of its predecessor's CERCLA liability for hazardous substance disposal at manufacturing facility, including that which existed prior to execution of assignment agreement between the parties, pursuant to sections of agreement providing that manufacturer assumed the liabilities and obligations of the predecessor and that manufacturer agreed to perform all of the obligations to be performed or complied with on the part of predecessor under or in connection with the business or the obligations "arising from and after the date hereof." U.S. Bank Nat. Ass'n v. U.S. E.P.A., C.A.6 (Ohio) 2009, 563 F.3d 199, rehearing and rehearing en banc denied. Corporations And Business Organizations ⟷ 2724(4)

Acquisition of small, privately-held battery manufacturer by purchasing corporation constituted a de facto merger so as to render purchaser and its successor responsible under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for liability of battery manufacturer; purchaser acquired all of manufacturer's equipment and inventory, assumed tenancy of its manufacturing plant, and continued its production of batteries, sole shareholder of manufacturer received purchaser's stock and a seat on purchaser's board of directors, manufacturer ceased operations, liquidated, and dissolved as soon as legally and practically possible, and purchase agreement expressly provided that purchaser would assume manufacturer's contractual obligations and all other obligations appearing on manufacturer's balance sheet. U.S. v. General Battery Corp., Inc., C.A.3 (Pa.) 2005, 423 F.3d 294, certiorari denied 127 S.Ct. 41, 549 U.S. 941, 166 L.Ed.2d 250. Corporations And Business Organizations ⟷ 2724(4)

Successor-in-interest to chromium manufacturer was "covered person" under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), as required to hold successor liable in CERCLA cost recovery action for activities pertaining to on-site chromium waste contamination; manufacturer owned disposal site during time that it was actively disposing of waste, arranged for waste disposal, and transported waste to site through above-ground conveyor. Interfaith Community Organization v. Honeywell Intern., Inc., D.N.J.2003, 263 F.Supp.2d 796, affirmed 399 F.3d 248, certiorari denied 125 S.Ct. 2951, 545 U.S. 1129, 162 L.Ed.2d 869. Environmental Law ⟷ 445(1)

Reorganization plan jointly filed by public utility company in gas business and its sister coke and chemical cor-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

poration was asset purchase by which utility company did not expressly or implicitly succeed to alleged direct CERCLA liabilities of sister corporation resulting from operations of mineral ore processors in which sister corporation had invested; plan expressly excluded sister corporation's investment in processors from assets being transferred to utility company, utility company's parent apparently succeeded to sister corporation's investment in processors, and utility company had never been involved in mineral processing business. North Shore Gas Co. v. Salomon, Inc., N.D.Ill.1997, 963 F.Supp. 694, affirmed in part , reversed in part 152 F.3d 642. Corporations And Business Organizations ⟐ 2787

141. ---- Officers of corporation, corporations, covered persons generally

Former president of iron works company could not be held liable as officer, under CERCLA, to company or its owner for anticipated environmental cleanup costs at company's facilities as "operator" of company and person who "arranged" for disposal of its wastes, given agreement under which company promised to indemnify president for damages arising out of acts as officer or employee. Truck Components Inc. v. Beatrice Co., C.A.7 (Ill.) 1998, 143 F.3d 1057, rehearing and suggestion for rehearing en banc denied. Corporations And Business Organizations ⟐ 1970

Primary factor considered by federal courts for imposing strict liability on corporate officer under CERCLA is whether officer personally participated in disposal or transportation of hazardous substances. Analytical Measurements, Inc. v. Keuffel & Esser Co., D.N.J.1993, 816 F.Supp. 291. Corporations And Business Organizations ⟐ 1970

Corporate officers and directors who where not personally involved in storing of hazardous waste at site and who were not involved in managing and running corporation until after dumping of hazardous waste allegedly ceased could not be held personally liable under CERCLA. Com. of Mass. v. Blackstone Valley Elec. Co., D.Mass.1991, 777 F.Supp. 1036, vacated 67 F.3d 981. Corporations And Business Organizations ⟐ 1970

In determining whether individual in close corporation could have prevented or significantly abated hazardous waste discharge, and thus whether individual is liable for hazardous substance cleanup costs, court should weigh the factors of corporate individual's degree of authority in general, and specific responsibility for health and safety practices, including hazardous waste disposal. Kelley ex rel. Michigan Natural Resources Com'n v. ARCO Industries Corp., W.D.Mich.1989, 723 F.Supp. 1214. Corporations And Business Organizations ⟐ 1970

Corporate officers may not be held individually liable for hazardous waste cleanup under Comprehensive Environmental Response, Compensation, and Liability Act nor may direct liability be imposed on parent corporation without first piercing the corporate veil. Joslyn Corp. v. T.L. James & Co., Inc., W.D.La.1988, 696 F.Supp. 222, affirmed 893 F.2d 80, rehearing denied, certiorari denied 111 S.Ct. 1017, 498 U.S. 1108, 112 L.Ed.2d 1098. Environmental Law ⟐ 445(1)

142. ---- Parent and subsidiary corporations, covered persons generally

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

If any act of operating a corporate subsidiary's facility is done on behalf of a parent corporation, the existence of the parent-subsidiary relationship under state corporate law is simply irrelevant to the issue of direct liability under CERCLA's "operator" provision. U.S. v. Bestfoods, U.S.Mich.1998, 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232. Corporations And Business Organizations ☞ 1654

Former division of corporation could not seek reimbursement from corporation for anticipated environmental cleanup costs associated with emissions that preceded division's incorporation and subsequent sale; at its incorporation, former division agreed to indemnify corporation, and neither CERCLA, Resource Conservation Recovery Act (RCRA), nor Wisconsin common law permitted former division to disavow that commitment. Truck Components Inc. v. Beatrice Co., C.A.7 (Ill.) 1998, 143 F.3d 1057, rehearing and suggestion for rehearing en banc denied. Environmental Law ☞ 447

Former parent corporation did not operate manufactured gas plant in place of or in joint venture with utility company, for purposes of company's claim under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), seeking to impose liability for pollution at plant; fact that company inspected and removed holders at plant did not show parent's involvement or control over aspects of facility that caused pollution. Yankee Gas Services Co. v. UGI Utilities, Inc., D.Conn.2009, 616 F.Supp.2d 228. Corporations And Business Organizations ☞ 1654; Joint Adventures ☞ 1.1

Parent corporation will be held derivatively liable for acts of its subsidiary only upon factual determination that corporate formalities should be disregarded and corporate veil pierced. U.S. v. Wallace, N.D.Tex.1996, 961 F.Supp. 969. Corporations And Business Organizations ☞ 1053

CERCLA may impose liability on parent corporation for activities of its subsidiaries. In re Tutu Wells Contamination Litigation, D.Virgin Islands 1993, 846 F.Supp. 1243. Corporations And Business Organizations ☞ 1645

Parent corporation's separate corporate existence may be disregarded in Comprehensive Environmental Response, Compensation, and Liability Act case where subsidiary is or was at relevant time member of one of classes of persons potentially liable under Act, parent had substantial financial ownership interest in subsidiary, and parent controls or at relevant time controlled management and operations of subsidiary. U.S. v. Nicolet, Inc., E.D.Pa.1989, 712 F.Supp. 1193. Corporations And Business Organizations ☞ 1063

Corporation was directly liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), as generator or transporter of hazardous wastes, for wholly owned subsidiary's illegal disposal of hazardous materials; corporation was aware that subsidiary, over which it exercised pervasive control, was dumping hazardous wastes, and its lack of awareness that subsidiary's conduct was illegal was irrelevant. City of New York v. Exxon Corp., S.D.N.Y.1990, 112 B.R. 540, affirmed in part 932 F.2d 1020. Corporations And Business Organizations ☞ 1645

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**143. ---- Stockholders or shareholders, corporations, covered persons generally**

Federal pleading requirements do not compel specification in complaint of facts that would establish shareholder liability for corporate CERCLA liabilities, where sufficient facts were alleged to permit finding that corporation was closely held company so that shareholders might potentially be liable. Quadion Corp. v. Mache, N.D.Ill.1990, 738 F.Supp. 270. Corporations And Business Organizations ☞ 1701(2)

**144. Creditors, covered persons generally**

Function of conventional and management participation theories of secured creditor liability under CERCLA is to impose liability if secured creditor either acts as day-to-day manager, or otherwise directly affects or controls facility's hazardous substance handling or disposal practices without acting as day-to-day manager. U.S. v. Fleet Factors Corp., S.D.Ga.1993, 819 F.Supp. 1079. Environmental Law ☞ 445(2)

**145. Debtors, covered persons generally**

Hazardous waste cleanup cost claims arising from prepetition and preconsummation activities of the debtor could be asserted against the reorganized debtor, notwithstanding consummation order precluding future lawsuits against the reorganized debtor based on the debtor's activities; the cleanup claims were not discharged by the consummation order because the claims were based on the Comprehensive Environmental Response, Compensation, and Liability Act, which was not enacted until after the consummation order was entered, and a legal entity existed against which the claims could be asserted because the restructuring of the debtor was not "liquidation type" reorganization. Matter of Penn Cent. Transp. Co., C.A.3 (Pa.) 1991, 944 F.2d 164, certiorari denied 112 S.Ct. 1262, 503 U.S. 906, 117 L.Ed.2d 491. Bankruptcy ☞ 3568(1); Bankruptcy ☞ 3568(3)

Chapter 7 bankruptcy estate was potentially responsible party under the Comprehensive Environmental Response, Compensation, and Liability Act with respect to hazardous wastes in trailer located on real property, where corporate debtor had operated business while case was in Chapter 11 and owned trailer housing hazardous waste, and both trailer and waste were property of the estate. In re Sterling Steel Treating, Inc., Bkrtcy.E.D.Mich.1989, 94 B.R. 924. Environmental Law ☞ 445(1)

Estate could not avoid liability for costs incurred by EPA in performing postpetition environmental cleanup at site of debtor's plant on ground EPA acted as common-law volunteer in discharging estate's cleanup obligation and estate was therefore not obligated to reimburse EPA, where the Comprehensive Environmental Response, Compensation, and Liability Act imposed duty of cleanup on estate and also conferred statutory right of reimbursement on EPA if it discharged estate's duty. In re Peerless Plating Co., Bkrtcy.W.D.Mich.1987, 70 B.R. 943. Bankruptcy ☞ 2830.5

Estate of debtor chemical corporation was liable under Comprehensive Environmental, Response, Compensation, and Liability Act for expenses incurred by Environmental Protection Agency in removing drums of hazardous chemicals discovered on estate's property, even if drums could be regarded as having been abandoned by trustee. In re T.P. Long Chemical, Inc., Bkrtcy.N.D.Ohio 1985, 45 B.R. 278. Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

### 146. Engineers, covered persons generally

Actions of environmental engineering firm in digging series of pits to obtain samples of waste at former landfill site, then refilling pits with material that came out of them, was not disposal of waste subjecting firm to potential liability for response costs under CERCLA. Blasland, Bouck & Lee, Inc. v. City of North Miami, S.D.Fla.2000, 96 F.Supp.2d 1375. Environmental Law ⬤➤ 441

Absolute exemption from CERCLA liability does not exist for environmental engineers who conduct preacquisition environmental inquiries. K.C. 1986 Ltd. Partnership v. Reade Mfg., W.D.Mo.1998, 33 F.Supp.2d 1143. Environmental Law ⬤➤ 445(1)

### 147. Estates, covered persons generally

District court could take judicial notice of fact that state department of toxic substances control (DTSC) incurred costs in cleaning-up hazardous materials from smelting facility site, as required to subject insurers of estate of deceased owner of facility to liability for response, removal, and remediation costs under CERCLA, based upon history of case, findings of fact in related cases, and copies of invoices and bills submitted by DTSC. California Dept. of Toxic Substances Control v. Interstate Non-Ferrous Corp., E.D.Cal.2003, 298 F.Supp.2d 930. Evidence ⬤➤ 48

Fully distributed and closed estates whose distributees have not been involved in the activities which gave rise to CERCLA liability by any method other than inheritance are not subject to liability under CERCLA, and thus, such distributees can not be included in CERCLA's definition of "responsible person" or be held accountable under a trust fund theory. Norfolk Southern Ry. Co. v. Shulimson Bros. Co., Inc., W.D.N.C.1998, 1 F.Supp.2d 553 . Environmental Law ⬤➤ 445(1)

Fully disseminated and closed estates, whose beneficiaries do not remain involved in decedent's activities which gave rise to CERCLA liability, except by virtue of inheritance, are not covered under CERCLA and are not subject to liability. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co. Inc., E.D.Va.1993, 814 F.Supp. 1285, opinion clarified 822 F.Supp. 322. Environmental Law ⬤➤ 445(1)

### 148. Landlords and tenants, covered persons generally

Evidence supported finding that tenants lacked authority to control underground storage tanks (UST), and, thus, tenants could not be held liable under the CERCLA for clean up costs; terms of tenants' lease agreements established that their authority did not extend to UST, in that the lease agreements never conferred upon tenants any authority over UST, and lease agreements were precise in describing portions of property and buildings on the property that the tenants controlled. Nurad, Inc. v. William E. Hooper & Sons Co., C.A.4 (Md.) 1992, 966 F.2d 837, 122 A.L.R. Fed. 743, certiorari denied 113 S.Ct. 377, 506 U.S. 940, 121 L.Ed.2d 288. Environmental Law ⬤➤ 445(1)

Lessee of portion of facility had authority to control unleased portions of facility for liability under CERCLA; lessee installed underground storage tanks for gasoline, maintained laboratory trailers, stored drums of chemical

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

waste, and built greenhouses on unleased portions for use in experimenting with composting "explosives contaminated lagoon sludge" and nuclear isotopes. Northwestern Mut. Life Ins. Co. v. Atlantic Research Corp., E.D.Va.1994, 847 F.Supp. 389. Environmental Law ☞ 445(1)

149. Manufacturers, covered persons generally

Buyer of electrical transformers containing polychlorinated biphenyls (PCBs) failed to show that transformer manufacturers' transactions with buyer involved anything more than mere sales and, thus, manufacturers owed no duty under CERCLA to clean up scrap metal salvaging site at which PCBs were released into environment on theory that they arranged for the disposal; buyer failed to show that manufacturers had any involvement with buyer's decision to resell used transformers as scrap metal or that manufacturers otherwise arranged for buyer's disposal of contaminated transformer oil. Florida Power & Light Co. v. Allis Chalmers Corp., C.A.11 (Fla.) 1996, 85 F.3d 1514, rehearing denied. Environmental Law ☞ 445(1)

Despite the broad reach of CERCLA, Congress did not intend CERCLA to target legitimate manufacturers or sellers of useful products; a manufacturer who does nothing more than sell a useful, albeit hazardous product to an end user has neither generated, transported, nor arranged for the disposal of hazardous waste. Vine Street LLC v. Keeling, E.D.Tex.2005, 362 F.Supp.2d 754. Environmental Law ☞ 445(1)

Manufacturer of hazardous chemical was not "responsible party" within meaning of CERCLA; manufacturer was neither owner/operator of facility nor transporter of hazardous substances, and it did not enter into transaction for disposal of chemical when it sold its product for use by manufacturers of transformers and capacitors. U.S. v. Union Corp., E.D.Pa.2003, 277 F.Supp.2d 478. Environmental Law ☞ 445(1)

Allegations by plaintiff in CERCLA cleanup cost contribution action stated prima facie claim against defendant, although plaintiff did not plead that defendant was a "responsible party" pursuant to CERCLA; plaintiff asserted that defendant had maintained a manufacturing facility and alleged that defendant released hazardous substances from the facility. Solvent Chemical Co. ICC Industries, Inc. v. E.I. Dupont De Nemours & Co., W.D.N.Y.2002, 242 F.Supp.2d 196. Environmental Law ☞ 447

Genuine issue of material fact as to whether weapons manufacturer arranged for disposal or treatment of hazardous substances by provider of scrap metal removal and processing services precluded summary judgment against provider as to issue of whether manufacturer was "covered person" under CERCLA; provider's evidence included invoices for receipt of allegedly contaminated turnings and cuttings from manufacturer, testimony that manufacturer allowed various unknown wastes and sludge to be discarded into barrels containing those turnings and cuttings, testimony that turnings and cuttings commonly arrived at provider with discernable liquid flow, and soil tests indicating presence of similar hazardous substances in soil at manufacturer's premises and at provider's premises where manufacturer's materials were deposited. Saco Steel Co. v. Saco Defense, Inc., D.Me.1995, 910 F.Supp. 803. Federal Civil Procedure ☞ 2498.3

Liability under CERCLA is not limited to party who both owns a hazardous substance and decides how to dispose of it or treat it; even if manufacturer does not make critical decision as to how, when and by whom hazard-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ous substance is to be disposed, manufacturer may still be liable. State of Cal. on Behalf of State Dept. of Toxic Substances v. Summer Del Caribe, Inc., N.D.Cal.1993, 821 F.Supp. 574, 125 A.L.R. Fed. 729. Environmental Law ⟲⟼ 445(1)

Manufacturer and seller of chemical was not "covered person" liable under CERCLA for cleanup costs after accidental release of chemical, even though it described disposal method for chemical in data sheets provided to buyer, and technical bulletins and communications noted its expertise in handling chemical and invited inquiries. Jordan v. Southern Wood Piedmont Co., S.D.Ga.1992, 805 F.Supp. 1575. Environmental Law ⟲⟼ 445(1)

Wood preservative manufacturers were not liable or potentially liable for cleanup costs at site of wood processing facility on which waste preservative had been discarded; owners and operators of facility, not manufacturers, were responsible for disposing of waste preservative generated by treating process. Montana Pole & Treating Plant v. I.F. Laucks and Co., D.Mont.1991, 775 F.Supp. 1339, affirmed 993 F.2d 676. Environmental Law ⟲⟼ 445(1)

Manufacturer of aircraft components was "generator" of hazardous substances transported to landfill and was subject to liability under CERCLA. State of Ariz. v. Motorola, Inc., D.Ariz.1991, 774 F.Supp. 566. Environmental Law ⟲⟼ 445(1)

Manufacturers of electrical transformers could not be held liable, on restitution theory, for cost of cleaning up PCB contamination at hazardous waste site at which transformers were dismantled; neither electrical utility who sold the transformers to the owner of site, nor site owner, who dismantled the transformers, conferred any benefit on the manufacturers when they paid cleanup costs incurred in connection with site. Florida Power & Light Co. v. Allis-Chalmers Corp., S.D.Fla.1990, 752 F.Supp. 434. Implied And Constructive Contracts ⟲⟼ 4

Evidence in CERCLA suit established that textile manufacturer's release of trichloroethylene contaminated residential wells; hydrogeological study established hydraulic connection between manufacturing site and residential wells, and relationship between concentration on the property and plume overspreading residential area clearly established manufacturer's property as source of pollution. U.S. v. Kayser-Roth Corp., D.R.I.1989, 724 F.Supp. 15, affirmed 910 F.2d 24, rehearing denied, certiorari denied 111 S.Ct. 957, 498 U.S. 1084, 112 L.Ed.2d 1045. Environmental Law ⟲⟼ 445(1)

150. Oil companies, covered persons generally

Oil companies could not be held liable under CERCLA on theory that they aided and abetted their service station tenants' disposal of waste motor oil; nothing indicated that companies gave assistance or encouragement to the disposal or that they had knowledge of breach of duty concerning disposal of the oil. General Elec. Co. v. AAMCO Transmissions, Inc., C.A.2 (N.Y.) 1992, 962 F.2d 281. Environmental Law ⟲⟼ 445(1)

151. States and state authorities, covered persons generally

Language of Comprehensive Environmental Response, Compensation and Liability Act, as amended by the Su-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

perfund Amendments and Reauthorization Act, clearly evinces intent to hold states liable in damages in federal court. Pennsylvania v. Union Gas Co., U.S.Pa.1989, 109 S.Ct. 2273, 491 U.S. 1, 105 L.Ed.2d 1, on remand 743 F.Supp. 1144. Federal Courts ☞ 265

Language of the Superfund Amendments and Reauthorization Act makes clear congressional intent to subject states to suit in federal court under the liability provision of the Comprehensive Environmental Response, Compensation, and Liability Act. U.S. v. Union Gas Co., C.A.3 (Pa.) 1987, 832 F.2d 1343, certiorari granted 108 S.Ct. 1219, 485 U.S. 958, 99 L.Ed.2d 420, affirmed and remanded on other grounds 109 S.Ct. 2273, 491 U.S. 1, 105 L.Ed.2d 1, on remand 743 F.Supp. 1144. Environmental Law ☞ 445(1)

State governmental body is not automatically foreclosed from CERCLA liability merely because it is acting in regulatory capacity pursuant to statutory mandate; state governmental entities may be liable for response costs under any statutorily enumerated circumstances from which they are not expressly excluded. Transportation Leasing Co. v. State of Cal. (CalTrans), C.D.Cal.1993, 861 F.Supp. 931, 133 A.L.R. Fed. 635. Environmental Law ☞ 445(1)

152. Trustees, covered persons generally

By alleging that former trustee "negligently released or allowed the release of hazardous substances," former owner of site on which pesticide plant was located stated response costs claim against former trustee of trust that held general partnership interest in pesticide manufacturer pursuant to negligence exception to general exemption from CERCLA liability granted fiduciaries under Asset Conservation, Lender Liability, and Deposit Insurance Protection Act; claim satisfied low threshold of sufficiency prescribed by procedural rules. Canadyne-Georgia Corp. v. NationsBank, N.A. (South), C.A.11 (Ga.) 1999, 183 F.3d 1269, on remand 72 F.Supp.2d 1373. Environmental Law ☞ 673

United States and Indian tribe were "trustees" for purposes of CERCLA over federal and tribal land as well as migratory natural resources of fish, wildlife, birds, biota, water, and groundwater based on their involvement in management and control of such natural resources and applicable federal statutes give United States trusteeship duties over fish, wildlife, and birds. U.S. v. Asarco Inc., D.Idaho 2005, 471 F.Supp.2d 1063. Environmental Law ☞ 446

Absent wrongdoing in their individual capacity, trustees of trust which owned land on which metal plating and finishing business operated were not liable under CERCLA for environmental contamination insofar as their personal assets are concerned, but could be held liable in their fiduciary capacities to the extent of the assets held in the trust. Briggs & Stratton Corp. v. Concrete Sales & Services, M.D.Ga.1998, 20 F.Supp.2d 1356. Environmental Law ☞ 445(1)

Georgia trust law prohibited imposition of owner liability under CERCLA and Georgia Hazardous Site Response Act (HORA) against cotrustee for obligations of partnership concerning facility at which hazardous substances allegedly were released, despite facts that trust held general partnership interest in facility and fact that cotrustee held title to real property at facility as tenant in common; Georgia trust law recognized limitations

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

placed on control which trustee could exert over property held in trust and limited obligations of ownership accordingly. Canadyne-Georgia Corp. v. NationsBank, N.A. (South), M.D.Ga.1997, 982 F.Supp. 886, reversed 183 F.3d 1269, on remand 72 F.Supp.2d 1373. Environmental Law ⟨⟩ 445(1); Trusts ⟨⟩ 235

Where trustee had power to control use of trust property, and knowingly allowed property to be used for disposal of hazardous substances, then trustee is liable for response costs under CERCLA to same extent that trustee would be liable if trustee held property free of trust, and thus is personally liable for response costs regardless of trust's ability to indemnify trustee; this conclusion is reached under common law of trustee liability as set out in Restatement (Second) of Trusts. City of Phoenix, Ariz. v. Garbage Services Co., D.Ariz.1993, 827 F.Supp. 600, 13 Fiduc.Rep.2d 207. Environmental Law ⟨⟩ 445(1)

Bankruptcy trustee could not be held personally liable, under the federal Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) or the New Jersey Spill Compensation and Control Act, for remediation costs and lost property value where hazardous materials were found on property sold by the trustee as part of Chapter 11 debtor's bankruptcy proceedings; property owner seeking to sue trustee was a non-party to the bankruptcy proceeding, trustee had acted within the scope of his authority as bankruptcy trustee for debtor, trustee had not breached any fiduciary duty, and strong public policy weighed against holding bankruptcy trustees personally liable for debtors' environmental torts. Tennsco Corp. v. Estey Metal Products, Inc., D.N.J.1996, 200 B.R. 542. Bankruptcy ⟨⟩ 3009.5

153. Vendors, covered persons generally

Evidence supported district court's allocation, to vendor of real property, of 100% of the cleanup liability for land contaminated by petroleum products under CERCLA and its state counterpart; there was evidence vendor had engaged in fraud in inducement of contract with purchaser by stating that there had been no significant oil leakage problems from tanks located on property, even though vendor knew contrary was true. Gopher Oil Co., Inc. v. Union Oil Co. of California, C.A.8 (Minn.) 1992, 955 F.2d 519. Environmental Law ⟨⟩ 465

Vendor was not "covered person" within meaning of CERCLA for purposes of purchaser's private cost recovery claim for removal of asbestos from building, absent proof that any friable asbestos entered environment prior to sale of property. Yellow Freight System, Inc. v. ACF Industries, Inc., E.D.Mo.1995, 909 F.Supp. 1290. Environmental Law ⟨⟩ 445(1)

Material issues of fact concerning whether real estate vendor was "responsible person" within meaning of CERCLA environmental statutes precluded summary judgment on issue of whether vendor was liable to subsequent purchaser for alleged contamination on the property. G.J. Leasing Co., Inc. v. Union Elec. Co., S.D.Ill.1993, 825 F.Supp. 1363, order vacated in part on other grounds and modified on reconsideration 839 F.Supp. 21. Federal Civil Procedure ⟨⟩ 2498.3

154. Toxic dumps, covered persons generally

Companies which generated waste which was received by firm operating toxic dumps were liable parties in

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

state's suit for costs of cleanup of dumps under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). State of N.Y. v. Allied Corp., N.D.N.Y.1992, 789 F.Supp. 93. Environmental Law ⬤ 445(1)


155. Waste streams, covered persons generally

CERCLA imposed liability on generators contributing to waste stream where hazardous waste was traced to point of commingling and mismanagement, and random and unidentifiable waste was then removed and released at another location; liability would be imposed on showing that release site contained hazardous substances of same type disposed of by third-party generators. U.S. v. Distler, W.D.Ky.1992, 803 F.Supp. 46. Environmental Law ⬤ 445(1)


156. Miscellaneous covered persons

Rubber waste processor generated waste containing substances considered hazardous under CERCLA and thus was liable for cleanup costs; former employee of processor testified that waste was dumped at landfill and did not recall seeing waste dumped at the plant, processor generated some waste containing hazardous substances, and issues such as releasability and whether processor dumped waste exclusively at landfill went to allocation of liability, rather than liability under CERCLA. Pfohl Brothers Landfill Site Steering Committee v. Allied Waste Systems, Inc., W.D.N.Y.2003, 255 F.Supp.2d 134, reconsideration denied 2003 WL 21518341. Environmental Law ⬤ 440; Environmental Law ⬤ 441


Company that produced metal turnings or scrapings which were transported to CERCLA site was liable under CERCLA for dumping of materials at site. Cooper Industries, Inc. v. Agway, Inc., N.D.N.Y.1997, 956 F.Supp. 240. Environmental Law ⬤ 445(1)


Owner of tank farm which sold liquid to joint venture which in turn contracted with towing company to haul the liquid was not a "person" liable to towing company for recovery costs under the Comprehensive Environmental Recovery, Compensation, and Liability Act. Allied Towing Corp. v. Great Eastern Petroleum Corp., E.D.Va.1986, 642 F.Supp. 1339. Environmental Law ⬤ 445(1)


157. Indian tribes, covered persons generally

An Indian tribe is not a "person" under CERCLA upon whom liability may be imposed for cleanup of hazardous waste. Pakootas v. Teck Cominco Metals, Ltd., E.D.Wash.2009, 632 F.Supp.2d 1029. Environmental Law ⬤ 445(1)


III. OWNERS AND OPERATORS

<Subdivision Index>

Abandonment of property 184
Alter egos, corporations 198

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Bankruptcy debtors 207

Conservators 194

Consultants 196

Contractors 195

Control 182

Control of operations, corporations 199

Co-owners 191

Corporations 197-204

    Corporations - Generally 197

    Corporations - Alter egos 198

    Corporations - Control of operations 199

    Corporations - Employees 200

    Corporations - Officers of corporation 201

    Corporations - Parent and subsidiary corporations 202

    Corporations - Stockholders or shareholders 203

    Corporations - Successors 204

Counties 205

Creditors 206

Current owners or operators 188

Debtors 207

Easement holders 208

Employees, corporations 200

Equitable owners 192

Farm owners 209

Foreclosures 185

Knowledge 183

Landlords and tenants 210

Lessees 210

Migration of discharge 186

Municipalities 211

Nonowners 193

Officers of corporation, corporations 201

Oil companies 212

Original owners 190

Owners and operators generally 181

Parent and subsidiary corporations 202

Partnerships 213

Prior or previous owners 189

Railroads 214

States and state authorities 218

Stockholders or shareholders, corporations 203

Successors, corporations 204

Suppliers 215

Tenants 210

Time of disposal or release 187

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Title holders 216
United States 217
Vendors 219

181. Owners and operators generally

Once affirmative acts have been found to render someone an operator of a facility at which hazardous substances were disposed of, under CERCLA, it is no defense to liability for that operator to say it was not the actor responsible for a particular hazard, and operator is just as responsible for hazardous conditions caused by its neglect and omissions as it is for those caused by its affirmative acts. (Per Boggs, Circuit Judge, with one Circuit Judge concurring in part and one Circuit Judge concurring in the result.) U.S. v. Township of Brighton, C.A.6 (Mich.) 1998, 153 F.3d 307. Environmental Law ☞ 445(1)

As used in CERCLA provision identifying four categories of potentially responsible parties (PRPs), term "owners and operators of a facility" means either owners or operators, and not simply persons who both own and operate facility. Otay Land Co. v. U.E. Ltd., L.P., S.D.Cal.2006, 440 F.Supp.2d 1152, vacated 338 Fed.Appx. 689, 2009 WL 2179739. Environmental Law ☞ 445(1)

Party's status as "owner and operator," under CERCLA provision imposing liability for hazardous-substance release on owner/operator of facility from which release occurs, absent any affirmative defenses, is determined at time party's CERCLA indemnification claim accrues, i.e. when there is release or threat of release and costs are incurred, rather than at time indemnification is sought. Elementis Chemicals, Inc. v. T H Agriculture and Nutrition, L.L.C., S.D.N.Y.2005, 373 F.Supp.2d 257. Environmental Law ☞ 445(1)

CERCLA plaintiffs must demonstrate relationship between defendant and release or threatened release of hazardous substance; for defendants sued as "owners" or "operators" under CERLCA, plaintiff must show only that defendant currently owns or operates site. Memphis Zane May Associates v. IBC Mfg. Co., W.D.Tenn.1996, 952 F.Supp. 541. Environmental Law ☞ 445(1)

Leaking and spilling of hazardous substances during ownership of facility can result in imposition of CERCLA liability. Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc., N.D.Ohio 1995, 904 F.Supp. 644. Environmental Law ☞ 441

CERCLA liability for clean-up costs is triggered by ownership or operation of facility, not by responsibility for contamination. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1992, 812 F.Supp. 1528. Environmental Law ☞ 445(1)

Owner or operator of vessel or facility may be held liable for release of hazardous substances into environment. U.S. v. Wedzeb Enterprises, Inc., S.D.Ind.1992, 809 F.Supp. 646. Environmental Law ☞ 445(1)

Ownership alone triggers liability under the Comprehensive Environmental Compensation Liability Act, even though owner has not actively participated in generating or disposing of hazardous substance. First Capital Life

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Ins. Co. v. Schneider, Inc., Pa.Super.1992, 608 A.2d 1082, 415 Pa.Super. 204, appeal denied 614 A.2d 1142, 532 Pa. 645. Environmental Law ☞ 445(1)

182. Control, owners and operators

Under CERCLA, an "operator" is someone who directs the workings of, manages, or conducts the affairs of a facility; more specifically, operator must manage, direct, or conduct operations specifically related to pollution, that is, operations having to do with the leakage or disposal of hazardous waste, or decisions about compliance with environmental regulations. U.S. v. Bestfoods, U.S.Mich.1998, 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232. Environmental Law ☞ 445(1)

Individual who held ownership interest in company that mixed and repackaged herbicides on property was liable as an "operator," under CERCLA, for release of hazardous substances on property; individual's approval was necessary for any decisions involving large expenditures by company, he approved procedures such as rinsing out truck tanks containing herbicides, and he was responsible for making decisions regarding compliance with environmental laws. K.C.1986 Ltd. Partnership v. Reade Mfg., C.A.8 (Mo.) 2007, 472 F.3d 1009, on remand 2007 WL 2907876. Environmental Law ☞ 445(1)

Co-venturer had control over hazardous waste produced by manufacturing plant sufficient to establish constructive "ownership and possession" under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), since co-venturer had active interest in manufacturing plant through its option to buy plant which was secured by its contribution of one half of the construction costs, co-venturer had equal representation on committee that oversaw construction, operation and management of plant, and committee approved design plans, capital appropriations requests, and budgets of plant, all of which contemplated continued off-site waste disposal. GenCorp, Inc. v. Olin Corp., C.A.6 (Ohio) 2004, 390 F.3d 433, rehearing en banc denied , certiorari denied 126 S.Ct. 420, 546 U.S. 935, 163 L.Ed.2d 320, on remand 2005 WL 6088708. Environmental Law ☞ 445(1)

Genuine issues of material fact whether aircraft manufacturer managed, directed, or conducted operations at missile assembly and maintenance shop facility having to do with leakage or disposal of hazardous waste, whether manufacturer was responsible for specifications that governed operation of missile maintenance facilities, as opposed to U.S. Air Force, and whether any specifications for which manufacturer could have been responsible were specifically applicable to liquid oxygen (LOX) cleaning with trichloroethylene (TCE), and handling, storage, and disposal of the same from the shop facility precluded summary judgment in favor of city on its claim that manufacturer was liable under CERCLA and Washington's Model Toxics Control Act (MTCA) as an operator. City of Moses Lake v. U.S., E.D.Wash.2006, 458 F.Supp.2d 1198, motion to amend denied 468 F.Supp.2d 1274, clarification denied 472 F.Supp.2d 1220. Federal Civil Procedure ☞ 2498.3

Under CERCLA, owner/operator of chemical manufacturing and distribution facilities who was partly responsible for hazardous-substance contamination at facilities and that had not entered into CERCLA settlement with federal or state government could not seek contribution for cleanup costs from previous owners. Elementis Chemicals, Inc. v. T H Agriculture and Nutrition, L.L.C., S.D.N.Y.2005, 373 F.Supp.2d 257. Environmental Law ☞ 444; Environmental Law ☞ 447

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Evidence that sole owner of private water company was involved in management of drinking water supplies, worked closely with local water purveyors, and was engaged in urban water management plan did not establish that owner managed, directed, or conducted operations of wells, as required to hold owner liable for perchlorate contamination under CERCLA. Castaic Lake Water Agency v. Whittaker Corp., C.D.Cal.2003, 272 F.Supp.2d 1053. Water Law ☞ 1913

Carrier was not an "operator" of facility at which caustic soda was spilled, as defined under CERCLA, and thus carrier could not be a potentially responsible party (PRP), although carrier had made an effort to obtain control over the facility and its improvements by conditionally purchasing improvements, including tank in which soda was stored, negotiating with lessee for transfer of leasehold, where agreement was never formalized due to lessor's failure to issue its written approval, as required under lease agreement. Puerto Rico Ports Authority v. PCI Intern. Inc., D.Puerto Rico 2002, 200 F.Supp.2d 61. Environmental Law ☞ 445(1)

Real estate broker and its agent did not exert "substantial control" at contaminated site sufficient to establish Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) operator liability where there were no facts demonstrating "actual control" by broker and agent over tenant's decision to dispose of hazardous waste at property; broker and agent could not be held vicariously responsible under CERCLA operator liability for their failure to prevent tenant from storing torpedo tubes that allegedly released hazardous substances onto property. Lentz v. Mason, D.N.J.1997, 961 F.Supp. 709. Environmental Law ☞ 445(1)

Under "actual control" test for operator liability under CERCLA, operator liability may result from actual or substantial control over facility with active involvement in its activities, whereas, under "authority to control" test, operator liability may result from authority to control operations at facility or decisions involving disposal of hazardous wastes. Maxus Energy Corp. v. U.S., N.D.Tex.1995, 898 F.Supp. 399, affirmed 95 F.3d 1148. Environmental Law ☞ 445(1)

Even owner who does not have any control over disposal activity is still liable under CERCLA for waste disposed of at its facilities. Elf Atochem North America, Inc. v. U.S., E.D.Pa.1994, 868 F.Supp. 707. Environmental Law ☞ 445(1)

Under CERCLA, owner is liable for waste disposed of at owner's facilities, even if owner does not have any control over disposal activity. U.S. v. Witco Corp., E.D.Pa.1994, 865 F.Supp. 243. Environmental Law ☞ 445(1)

183. Knowledge, owners and operators

Owner of property at time hazardous materials leaked out of underground tanks was "covered person," within meaning of CERCLA; leakage constituted "disposal," even if owner never actively participated in any activity that caused leaks to occur, where owner knew or should of known that tanks were located on property and acted unreasonably by failing to cap or remove them. Southfund Partners III v. Sears, Roebuck and Co., N.D.Ga.1999, 57 F.Supp.2d 1369. Environmental Law ☞ 441

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

184. Abandonment of property, owners and operators

Liability to pay contribution for clean up of toxic waste was not evaded by alleged facility owner or operator abandoning property. AM Intern., Inc. v. International Forging Equipment, N.D.Ohio 1990, 743 F.Supp. 525, affirmed in part, reversed in part and remanded on other grounds 982 F.2d 989. Environmental Law ☞ 447

185. Foreclosures, owners and operators

Under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), property owner is liable for environmental cleanup of property that is contaminated if it has foreclosed upon it, and secured lender may be precluded after foreclosure and sale from suing former owners for money damages to cover costs of cleanup of any hazardous wastes discovered on the property. Resolution Trust Corp. v. Polmar Realty, Inc., S.D.N.Y.1991, 780 F.Supp. 177. Environmental Law ☞ 445(2)

186. Migration of discharge, owners and operators

Mere passive migration of contaminants released by prior owners during subsequent owner's tenure is insufficient to incur CERCLA liability. Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc., N.D.Ohio 1995, 904 F.Supp. 644. Environmental Law ☞ 441

Vendors of real property, who were not liable for cleanup costs under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) because they did not own property at time of toxic discharge from facility, were not subsequently rendered liable due to alleged migration of initial discharge to other parts of property, allegedly occurring during their period of ownership; vendors did not show degree of involvement with property, over and above simple ownership, necessary to incur CERCLA liability for migration of waste. Snediker Developers Ltd. Partnership v. Evans, E.D.Mich.1991, 773 F.Supp. 984. Environmental Law ☞ 445(1)

"Disposal" within meaning of statute, which establishes liability for response costs if person owned or operated facility at time of disposal of hazardous substance, did not mean general movement and migration of hazardous substance on property at time of ownership; rather, statute permits action only against prior owners or operators who owned site at time that hazardous substances were introduced into environment. Ecodyne Corp. v. Shah, N.D.Cal.1989, 718 F.Supp. 1454. Environmental Law ☞ 441

187. Time of disposal or release, owners and operators

Assignee of real property leases failed to establish that disposal of hazardous substance occurred during former owner's ownership of site, so as to render owner "responsible party" under CERCLA or Louisiana Environmental Quality Act (LEQA); district court was not clearly erroneous in concluding that owner did not dismantle entire wood treatment plant or allow any amount of hazardous substances to be discharged onto site. Joslyn Mfg. Co. v. Koppers Co., Inc., C.A.5 (La.) 1994, 40 F.3d 750, rehearing denied. Environmental Law ☞ 445(1)

Commercial purchaser alleged that vendor was "operator" of property at time when hazardous substances were

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

discharged, as required to state claim for declaratory judgment as to vendor's liability under Comprehensive Environmental Response Compensation and Liability Act (CERCLA); complaint averred that vendor was solely responsible for applying for hazardous waste identification permit, generating and storing waste at property, and other related activities. Pateley Associates I, LLC v. Pitney Bowes, Inc., D.Conn.2010, 704 F.Supp.2d 140. Environmental Law ⬡ 445(1)

Persons who owned the land and operated battery breaking business at the time lead and battery acid were released into the environment were liable under CERCLA. Chatham Steel Corp. v. Brown, N.D.Fla.1994, 858 F.Supp. 1130. Environmental Law ⬡ 445(1)

Landowner that disposes of hazardous substances on the site can be "responsible party" and "covered person" liable for response costs even if the substances were not released--did not enter in soil or groundwater--during owner's tenure. Allied Princess Bay Co. No. 2 v. Atochem North America, Inc., E.D.N.Y.1993, 855 F.Supp. 595. Environmental Law ⬡ 445(1)

Purchaser of property on which wood treating facility had been operated was not "responsible party" under CERCLA by virtue of fact that it dismantled portion of facility; contrary to prior owner's claim, evidence did not establish that purchaser allowed any amount of hazardous substances to be discharged as result of its removal of treatment cylinders and railroad ties, and there was no evidence that leaking of spilling of hazardous substances occurred during purchaser's brief period of ownership. Joslyn Mfg. Co. v. T.L. James & Co., Inc., W.D.La.1993, 836 F.Supp. 1264. Environmental Law ⬡ 445(1)

Operator and part owner of facility was covered person responsible for response costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), where he was operator and part owner of facility when hazardous substances were released at site. City of New York v. Chemical Waste Disposal Corp., E.D.N.Y.1993, 836 F.Supp. 968. Environmental Law ⬡ 445(1)

Material issues of fact regarding whether each of various chemicals found in soil were released during prior owners' ownership of hazardous waste site, precluded summary judgment for present owner in suit under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) for damages due to presence of hazardous chemicals in soil. Robertshaw Controls Co. v. Watts Regulator Co., D.Me.1992, 807 F.Supp. 144. Federal Civil Procedure ⬡ 2498.3

Owner of facility is not required to actually dispose of hazardous substances to be a "covered person" under CERCLA, but, rather, owner is merely required to own facility at time hazardous substances are disposed of on the site. Anspec Co., Inc. v. Johnson Controls, Inc., E.D.Mich.1992, 788 F.Supp. 951. Environmental Law ⬡ 445(1)

Evidence was insufficient, in action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) by buyer of used equipment against seller for costs incurred by buyer in cleaning up PCBs leaked from the machinery, to compel inference that equipment was leaking when it was sold, so as to make

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

seller a responsible party under CERCLA. C. Greene Equipment Corp. v. Electron Corp., N.D.Ill.1988, 697 F.Supp. 983. Environmental Law ⚬⟲ 445(1)

Purchasers of hazardous waste site, who allowed lessee to continue its manufacturing operation for a short period of time after sale, were subject to liability under CERCLA, as owners of property during time of disposal; engineer indicated that disposal took place throughout lessee's tenure at site. In re Diamond Reo Trucks, Inc., Bkrtcy.W.D.Mich.1990, 115 B.R. 559. Environmental Law ⚬⟲ 445(1)

188. Current owners or operators, owners and operators

Grain elevator site owner was liable party that had been subject to enforcement action under CERCLA section permitting cost-recovery actions, as opposed to being party that voluntarily incurred costs of removing hazardous substance, and, thus, owner could not maintain cost-recovery action under such section, where owner had been sued under such section for releases and potential releases of hazardous substances at site and had entered administrative settlements to resolve its liability, and settlement with Environmental Protection Agency (EPA) specifically obligated owner to operate well to remove hazardous substance from contaminated ground water as "liable party" under such section. Morrison Enterprises, LLC v. Dravo Corp., C.A.8 (Neb.) 2011, 638 F.3d 594, petition for certiorari filed 2011 WL 3048891. Environmental Law ⚬⟲ 444

Genuine issues of material fact as to whether purchaser of paint factory at tax sale had valid and enforceable contract to sell property to third party, and whether doctrine of equitable conversion applied, such that purchaser was not "owner" under CERCLA, precluded summary judgment in action brought by United States to cover costs it incurred in cleaning up hazardous waste on property. U.S. v. Capital Tax Corp., C.A.7 (Ill.) 2008, 545 F.3d 525. Federal Civil Procedure ⚬⟲ 2498.3

Current owners of land containing hazardous substances subject of suit by state of Illinois for cleanup was liable under CERCLA for all cleanup costs that were necessary and consistent with national contingency plan absent any demonstration that statutory defense was applicable to them. Kerr-McGee Chemical Corp. v. Lefton Iron & Metal Co., C.A.7 (Ill.) 1994, 14 F.3d 321, rehearing denied. Environmental Law ⚬⟲ 445(1)

For purposes of liability under CERCLA, present owner and operator of facility containing hazardous wastes is the individual or entity owning or operating facility at time lawsuit is brought. U.S. v. Fleet Factors Corp., C.A.11 (Ga.) 1990, 901 F.2d 1550, rehearing denied 911 F.2d 742, certiorari denied 111 S.Ct. 752, 498 U.S. 1046, 112 L.Ed.2d 772, on remand 819 F.Supp. 1079. Environmental Law ⚬⟲ 445(1)

Comprehensive Environmental Response, Compensation, and Liability Act section providing private cause of action where release or threatened release of hazardous substance causes response costs to be incurred against owner and operator of facility would be construed to impose strict liability on current owners of any facility which releases or threatens to release toxic substance, rather than merely to impose strict liability on owner and operator of facility who discharged hazardous materials and exclude present owners of properties previously contaminated. Tanglewood East Homeowners v. Charles-Thomas, Inc., C.A.5 (Tex.) 1988, 849 F.2d 1568. Environmental Law ⚬⟲ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Current owner of contaminated site qualified as "potentially responsible party" (PRP), for purposes of CER-CLA's contribution provision, where owner conducted operations directly involving disposal of hazardous waste when it directed contractor to demolish sediment tank containing solvents from prior owners' operation of rifle lens manufacturing plant. Board of County Com'rs of County of La Plata, Colorado v. Brown Group Retail, Inc., D.Colo.2011, 768 F.Supp.2d 1092, clarification denied 2011 WL 2669220. Environmental Law ⚷ 447

Those owners that purchased their homes in development after January 11, 2002, were exempt under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) from current owner liability for costs of cleanup of hazardous substances which developer disposed of because they satisfied the requirements for the "bona fide prospective purchaser" defense; owners conducted a facility inspection and obtained a title report that revealed no basis for further investigation. Bonnieview Homeowners Ass'n v. Woodmont Builders, L.L.C., D.N.J.2009, 655 F.Supp.2d 473. Environmental Law ⚷ 445(1)

Current owners of site that had been used as trap and skeet shooting range could not, through their own inaction, change character of expended lead shot that had accumulated at site during past operations into "solid waste" under Resource Conservation and Recovery Act (RCRA), so as to visit RCRA liability on prior owners and operators who had actively reclaimed shot from site. Otay Land Co. v. U.E. Ltd., L.P., S.D.Cal.2006, 440 F.Supp.2d 1152, vacated 338 Fed.Appx. 689, 2009 WL 2179739. Environmental Law ⚷ 700

Current owners of hazardous waste site failed to establish divisibility of liability in CERCLA cost recovery action on ground that waste oil lagoons on property overflowed at least one per year during activities of prior owners, but only one spill occurred during their ownership, in light of evidence that contaminated liquid and sediments from one portion of property were constantly migrating throughout site along erosion pathways and roads, owners physically transported contaminated material into another portion of site through their earth-moving activities, and contaminated material leaked from drums and filter-clay pile. U.S. v. Manzo, D.N.J.2003, 279 F.Supp.2d 558. Environmental Law ⚷ 445(3)

Current site owner, seeking contribution from former owner for hazardous waste cleanup costs, was not required to show that constituents later found to make up contamination were released during prior owner's ownership of site; rather, current owner only had to prove that hazardous substance was disposed of and released during prior owner's ownership of site and that current owner later incurred response costs. Sherwin-Williams Co. v. ARTRA Group, Inc., D.Md.2001, 125 F.Supp.2d 739. Environmental Law ⚷ 447

County was not past or present "owner" of segment of sewer line beneath road for purposes of CERCLA liability; county was granted by deed a right-of-way for highway and road purposes and installation of public utilities over and across land that later became road, shopping center owner was owner of fee interest in land on which right-of-way ran, sewer line itself was installed by shopping center owner under authority of encroachment permit issued by county, and there was no evidence that county ever acquired title to, or any possessory interest in, sewer line beneath road nor that county had control over line or authority to determine how it would be used. Lincoln Properties, Ltd. v. Higgins, E.D.Cal.1992, 823 F.Supp. 1528. Environmental Law ⚷ 445(1)

As current operator of contaminated facility, laboratory tenant was "responsible party" under CERCLA, even

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

absent showing that tenant had ability to control facility at time release of hazardous substance occurred. Clear Lake Properties v. Rockwell Intern. Corp., S.D.Tex.1997, 959 F.Supp. 763. Environmental Law ☞ 445(1)


189. Prior or previous owners, owners and operators

Owners of industrial facilities contaminated by hazardous waste, who as potentially responsible parties (PRPs) had incurred costs while voluntarily undertaking cleanup efforts at 15 sites, but had not been subject to suit or settled suit for cleanup costs, asserted viable cause of action against United States, as additional PRP who also previously owned sites, under CERCLA provision authorizing cost recovery from parties who may be responsible for any "necessary costs of response incurred by any other person consistent with the national contingency plan." E.I. DuPont de Nemours and Co. v. U.S., C.A.3 (N.J.) 2007, 508 F.3d 126. Environmental Law ☞ 444


Corporation that bought assets of dry cleaning business was not liable for actions of corporation that sold assets of dry cleaning business under de facto merger theory, for purposes of successor liability under CERCLA, when applying either traditional common-law principles or New York law, since there was no continuity of ownership between corporations. New York v. National Service Industries, Inc., C.A.2 (N.Y.) 2006, 460 F.3d 201. Corporations And Business Organizations ☞ 2724(4)


Predecessor of former warehouse owner who installed replacement septic system did not cause "disposal" of hazardous waste under CERCLA, as required to establish predecessor's liability under CERCLA for response costs incurred by former owner after purchaser discovered that water supply was contaminated; neither replacement of septic tank, or passive migration of hazardous waste which occurred during predecessor's ownership constituted "disposal" of hazardous waste. Bob's Beverage, Inc. v. Acme, Inc., C.A.6 (Ohio) 2001, 264 F.3d 692. Environmental Law ☞ 441


Prior owner or operator is potentially liable under CERCLA as "responsible party" if it controlled site at time of disposal of hazardous substance. ABB Indus. Systems, Inc. v. Prime Technology, Inc., C.A.2 (Conn.) 1997, 120 F.3d 351. Environmental Law ☞ 445(1)


Former owner liability under CERCLA could not be imposed against parent corporation that briefly owned contaminated property before transferring it to a subsidiary, absent evidence that additional release of hazardous substances occurred during parent's ownership. U.S. v. Cordova Chemical Co. of Michigan, C.A.6 (Mich.) 1997, 113 F.3d 572, certiorari granted 118 S.Ct. 621, 522 U.S. 1024, 139 L.Ed.2d 506, vacated 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232, vacated 118 S.Ct. 2317, 524 U.S. 924, 141 L.Ed.2d 692. Environmental Law ☞ 445(1)


Under CERCLA, for a prior owner, who owned a waste site at time of disposal to be liable in event of a release or threatened release, they must own land at time of disposal, not time of release; leaching of contaminants is included in definition of release, but not definition of disposal, and so owner during time when only leaching occurred is not liable under that provision. U.S. v. CDMG Realty Co., C.A.3 (N.J.) 1996, 96 F.3d 706. Environmental Law ☞ 441; Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Using term "person responsible" to describe former owner of hazardous waste site that had been held responsible to United States for response costs under CERCLA, without explaining CERCLA definition of "person responsible," was prejudicial error in action to determine former owner's liability to subsequent owner under CERCLA. Farmland Industries, Inc. v. Morrison-Quirk Grain Corp., C.A.8 (Neb.) 1993, 987 F.2d 1335, rehearing denied. Federal Courts ☞ 908.1; Indemnity ☞ 103

Owner of "facility" under Comprehensive Environmental Response, Compensation, and Liability Act that continued to release hazardous substance shared joint and several liability for remedial actions with prior owner of facility. Amoco Oil Co. v. Borden, Inc., C.A.5 (Tex.) 1989, 889 F.2d 664, clarified on denial of rehearing. Environmental Law ☞ 445(3)

Contract of sale between brownfield site owner and commercial property developer that previously owned site and constructed road extension on it released developer from any liability associated with site clean up costs under CERCLA; release clause expressly stated that it included response costs incurred by current owner under environmental laws. Ashley II of Charleston, LLC v. PCS Nitrogen, Inc., D.S.C.2010, 2010 WL 3893599, amended and superseded 746 F.Supp.2d 692, on reconsideration in part 2011 WL 2119234, amended and superseded 2011 WL 2119256. Environmental Law ☞ 447

Aircraft company's predecessor owned and operated public airport site at time that trichloroethylene (TCE) was released to the environment at the site, so as to entitle United States to cost recovery against company under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). Raytheon Aircraft Co. v. U.S., D.Kan.2008, 556 F.Supp.2d 1265, subsequent determination 2008 WL 2561099, affirmed 590 F.3d 1112. Corporations And Business Organizations ☞ 2641(4)

Former owner and developer of subdivision, which was located within boundaries of Central Eureka Mine Superfund Site, as determined by Environmental Protection Agency (EPA, was potentially responsible party (PRP) under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), where owner failed to produce any evidence contradicting his own admission that he was a PRP. U.S. v. Honeywell Intern., Inc., E.D.Cal.2008, 542 F.Supp.2d 1188. Environmental Law ☞ 445(1)

Past owners of land used as public trap and skeet shooting range and past operators of range did not qualify as potentially responsible persons (PRPs) under CERCLA when there was no evidence of past hazardous waste disposal at site. Otay Land Co. v. U.E. Ltd., L.P., S.D.Cal.2006, 440 F.Supp.2d 1152, vacated 338 Fed.Appx. 689, 2009 WL 2179739. Environmental Law ☞ 441; Environmental Law ☞ 445(1)

Manufactured gas plant (MGP) that operated in city for over 100 years and discharged tar-laden waste water into river was one source of polycyclic aromatic hydrocarbon (PAH) contamination in ten-acre cove of river, as required to hold prior owner of MGP liable under Resource Conservation and Recovery Act (RCRA) and Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). City of Bangor v. Citizens Communications Co., D.Me.2006, 437 F.Supp.2d 180, reconsideration denied 2006 WL 2516976. Environment-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

al Law ⚷ 445(1); Environmental Law ⚷ 460

Subsequent owners could be held responsible to prior owners under CERCLA and Oregon law only for direct contribution of any costs that constituted subsequent owner's equitable share; thus, prior owners could not seek reimbursement from subsequent owners for equitable share of costs that were allotted to prior owners. McDonald v. Sun Oil Co., D.Or.2006, 423 F.Supp.2d 1114, motion granted 2006 WL 1720535, affirmed in part , reversed in part 548 F.3d 774, certiorari denied 129 S.Ct. 2825, 174 L.Ed.2d 552. Environmental Law ⚷ 447

Owner of environmental cleanup site at time that cleanup costs were incurred, who asserted no affirmative defenses under CERCLA provision imposing liability for hazardous-substance releases, was potentially responsible person (PRP) and in turn could not bring CERCLA action for indemnification against previous owners allegedly partly responsible for contamination, regardless of fact that owner was also foreclosed from seeking contribution from previous owners due to fact that it had not been sued in CERCLA federal abatement or private cost-recovery action and had not entered into CERCLA settlement with federal or state government. Elementis Chemicals, Inc. v. T H Agriculture and Nutrition, L.L.C., S.D.N.Y.2005, 373 F.Supp.2d 257. Environmental Law ⚷ 444; Environmental Law ⚷ 445(1); Environmental Law ⚷ 447

Site owner's failure to produce hard evidence regarding precise location and size of dump site where drums containing trichloroethylene (TCE) were found, together with loss of evidence from site which may have indicated timing of dumping, precluded finding of previous owners' liability for cleanup costs under CERCLA, even though previous owners presented no evidence whatsoever regarding manner of TCE disposal; site owner's evidence raised suspicion regarding previous owners' actions, but preponderance of evidence was required. Crofton Ventures Ltd. Partnership v. G & H Partnership, D.Md.2000, 116 F.Supp.2d 633, affirmed in part , vacated in part 258 F.3d 292. Environmental Law ⚷ 465

Corporate potentially responsible party (PRP) asserting cost recovery and/or contribution claims under CERCLA against successor of corporation which once held minority ownership interest in PRP was not improperly attempting to pierce its own corporation veil, but rather, adequately alleged that successor was directly liable under CERCLA as former "owner or operator" of polluting facilities; complaint alleged that successor's predecessor corporation had control of and actively participated in operations of PRP. Pinal Creek Group v. Newmont Min. Corp., D.Ariz.1996, 926 F.Supp. 1400, reversed 118 F.3d 1298, certiorari denied 118 S.Ct. 2340, 524 U.S. 937, 141 L.Ed.2d 711. Corporations And Business Organizations ⚷ 2641(4)

Prior owner and operator of mining site was 80% liable under CERCLA for cleanup and containment costs of site, while current owner was 20% liable; contaminants representing bulk of hazardous waste were extracted by prior owner while current owner had only owned facility for short time and its operations of facility were minimal. Anschutz Min. Corp. v. NL Industries, Inc., E.D.Mo.1995, 891 F.Supp. 492. Environmental Law ⚷ 447

Prior owners held property at time of "disposal" of hazardous substances in drums within meaning of CERCLA, and thus were responsible parties liable for response costs, in light of owners' personal relocation of drums on property or arranging for such relocation, and in light of their maintenance of drums in manner allowing drums to deteriorate so that chemicals inside could have entered environment, regardless of whether drums already

were on property at time prior owners purchased it. State of N.Y. v. Almy Bros., Inc., N.D.N.Y.1994, 866 F.Supp. 668. Environmental Law ⚿ 441

Former owner of chemical plant was not responsible for any portion of remediation of metal contamination at site; current owner failed to make even most minimal showing that former owner was responsible for any of hazardous metals at site. Hatco Corp. v. W.R. Grace & Co. Conn., D.N.J.1994, 849 F.Supp. 987. Environmental Law ⚿ 445(1)

Prior owner of land was "covered person," within meaning of CERCLA where prior owner used hazardous substances in its manufacturing processes at the site which were not used by current owner and which required cleanup. Hatco Corp. v. W.R. Grace & Co. Conn., D.N.J.1994, 849 F.Supp. 931. Environmental Law ⚿ 445(1)

In order for present owner of land to establish prior owner's liability under CERCLA, site in question must be "facility" as defined by CERCLA, prior owner must be "responsible person" for spill as defined by CERCLA, there must be release of hazardous substance, and such release must cause present owner to incur response costs. National Acceptance Co. of America v. Regal Products, Inc., E.D.Wis.1993, 838 F.Supp. 1315. Environmental Law ⚿ 438

Responsible party liability under CERCLA should not be extended to all prior owners solely on the basis that rainfall causes hazardous materials to leach through the soil. Joslyn Mfg. Co. v. T.L. James & Co., Inc., W.D.La.1993, 836 F.Supp. 1264. Environmental Law ⚿ 445(1)

Former owner of facility under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) was not liable for response costs incurred by current owner that resulted from current owner's own pollution or inaction, divisible from harm caused by disposal of hazardous substances during former owner's ownership of site. Hatco Corp. v. W.R. Grace & Co.-Conn., D.N.J.1993, 836 F.Supp. 1049, opinion modified on reconsideration 849 F.Supp. 987. Environmental Law ⚿ 445(3)

Homeowners asserting private cost recovery action under CERCLA established prior owner's 1% liability for cleanup costs in connection with hazardous materials deposited before prior owner purchased property, where house construction on property involved excavation of soil for trench so that concrete footings could be placed in soil around perimeter of slab; prior owner was owner during time that disposal of hazardous substances occurred at property that resulted in release or threatened release causing homeowners to incur response costs. Price v. U.S. Navy, S.D.Cal.1992, 818 F.Supp. 1326, affirmed 39 F.3d 1011, on remand 1995 WL 447366. Environmental Law ⚿ 445(1)

To recover response costs from prior property owner under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), current property owner must establish that property involved is a "facility," that previous owner is a responsible person, that substances in question are hazardous substances under CERCLA, that there is a release or threatened release of hazardous substance which causes incurrence of response

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

costs, and that response costs, which were incurred by way of removal or remedial actions, were necessary and consistent with governing National Contingency Plan (NCP). Tri-County Business Campus Joint Venture v. Clow Corp., E.D.Pa.1992, 792 F.Supp. 984. Environmental Law ⟨key⟩ 438

Property owner's predecessors were not relieved of liability for cleanup costs under CERCLA by fact that levels of metals in soil samples taken from property were below California's relevant action levels; CERCLA liability would be triggered regardless of extent of prior owners' contribution of contamination to site. Mid Valley Bank v. North Valley Bank, E.D.Cal.1991, 764 F.Supp. 1377. Environmental Law ⟨key⟩ 445(1)

Under Comprehensive Environmental Response, Compensation, and Liability Act, former owner-operator of discharging facility would continue to be liable for any damage occurring from waste discharges which occurred while former owner was owner-operator. State of Idaho v. Bunker Hill Co., D.Idaho 1986, 635 F.Supp. 665. Environmental Law ⟨key⟩ 445(1)

190. Original owners, owners and operators

Under the CERCLA, original owner is strictly liable for costs incurred in responding to release of hazardous substances at the facility. Nurad, Inc. v. William E. Hooper & Sons Co., C.A.4 (Md.) 1992, 966 F.2d 837, 122 A.L.R. Fed. 743, certiorari denied 113 S.Ct. 377, 506 U.S. 940, 121 L.Ed.2d 288. Environmental Law ⟨key⟩ 445(1)

191. Co-owners, owners and operators

Owner of less than ten percent of hazardous waste facility's contaminated area was nevertheless "owner" for purposes of imposing joint and several liability; current owner of facility could be held liable without regard to whether it was sole owner or one of several owners. U.S. v. Rohm and Haas Co., C.A.3 (Pa.) 1993, 2 F.3d 1265, rehearing and rehearing in banc denied. Environmental Law ⟨key⟩ 445(1)

Landowner's option agreement requiring him to undertake certain costs of ownership of co-owner could not relieve co-owner of status as covered person liable for response costs and was not permissible agreement to insure, hold harmless, or indemnify; agreement had expired. Shapiro v. Alexanderson, S.D.N.Y.1990, 741 F.Supp. 472, reargument denied 743 F.Supp. 268. Environmental Law ⟨key⟩ 447

192. Equitable owners, owners and operators

Real estate broker and its agent were not "equitable owners" for purposes of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) "owner" liability based on their alleged exclusive obligation to manage and develop property that was contaminated by tenant. Lentz v. Mason, D.N.J.1997, 961 F.Supp. 709. Environmental Law ⟨key⟩ 445(1)

Prior owner being sued by purchasers for cost of removing allegedly hazardous waste stated third-party claim for indemnification from developer as equitable owner during period of dumping or as equitable owner with

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

duty to discover waste and inform prior owner. Con-Tech Sales Defined Ben. Trust v. Cockerham, E.D.Pa.1989, 715 F.Supp. 701. Indemnity ⟻ 97

193. Nonowners, owners and operators

District court's conclusion in CERCLA contribution action that hazardous waste brokers were "operators" of illegal hazardous waste site was not clearly erroneous, even if brokers did not own or transport hazardous waste themselves, where brokers developed idea for using site, prepared site for dumping, arranged for waste to be dumped at site, showed transporters where to dump on site, and collected payment and transmitted share to owner for dumping at site. American Cyanamid Co. v. Capuano, C.A.1 (R.I.) 2004, 381 F.3d 6. Environmental Law ⟻ 445(1)

Person who does not hold title to contaminated property may still be liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) as an "operator" if he participates in disposal of hazardous wastes at the site, or exercises substantial, actual control over the day-to-day operations of site. Lentz v. Mason, D.N.J.1997, 961 F.Supp. 709. Environmental Law ⟻ 445(1)

Nonowner of property is liable as "operator" under CERCLA if nonowner either actually participated in operation of facility or actually exercised control over, or was otherwise intimately involved in, operations of corporation immediately responsible for operation of facility. U.S. v. Vertac Chemical Corp., E.D.Ark.1993, 841 F.Supp. 884, affirmed 46 F.3d 803, certiorari denied 115 S.Ct. 2609, 515 U.S. 1158, 132 L.Ed.2d 853, reversed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579. Environmental Law ⟻ 445(1)

194. Conservators, owners and operators

Ownership liability under CERCLA can extend to conservators and executors only if they hold adequate indicia of ownership beyond bare legal title during period of disposals of hazardous substances into environment, in light of lesser form of title, if any, held by conservators and executors than that held by trustees who may incur CERCLA liability solely on basis of title; acts done by conservators and trustees generally require court approval. Castlerock Estates, Inc. v. Estate of Markham, N.D.Cal.1994, 871 F.Supp. 360. Environmental Law ⟻ 445(1)

195. Contractors, owners and operators

Soil stabilization contractor hired by developer to mix lime into soil contaminated by lead and arsenic in order to remediate the soil was not an "operator" within the meaning of CERCLA, as required for contractor to be liable under CERCLA; contractor did not exercise any discretion, but instead its activities were controlled and directed by company hired by developer to devise remediation plan. Ryland Group, Inc. v. Payne Firm, Inc., S.D.Ohio 2005, 492 F.Supp.2d 790. Environmental Law ⟻ 445(1)

Contractor was not liable as "owner or operator" under CERCLA, despite claim that contractor owned and operated site equipment that spread contamination, operated sewer trench during construction, and was site operator during cleanup effort at site before Environmental Protection Agency (EPA) was notified, as contractor had no

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

authority to control cause of contamination at time hazardous substances were released; contractor did not do anything that it was not ordered to do by site owner, and all actions were approved by Iowa Department of Natural Resources. Interstate Power Co. v. Kansas City Power & Light Co., N.D.Iowa 1994, 909 F.Supp. 1284. Environmental Law ☞ 445(1)

Under Texas law, environmental remediation contract did not place risk of differing or unexpected site conditions on contractor but, rather, parties intended contractor to rely upon site information provided in request for proposals (RFP); defendants, potentially responsible party under CERCLA and trustee of remediation fund, expressly informed contractor that site data provided was sufficient for bid preparation, defendants expressly precluded claims for additional compensation for different conditions only as to visually observable surface conditions, contractor was not in as good a position as defendants to assess sufficiency of bid information, and contractor's obligation under RFP to visit site did not require it to assume risk of subsurface variances. IT Corp. v. Motco Site Trust Fund, S.D.Tex.1994, 903 F.Supp. 1106. Contracts ☞ 198(1)

Paving contractor's obligation to level, grade, and backfill materials it dumped at landfill did not support operator liability under CERCLA for response costs concerning hazardous waste contained in landfill, absent any evidence that contractor played role in day-to-day operation and management of landfill. Acme Printing Ink Co. v. Menard, Inc., E.D.Wis.1994, 870 F.Supp. 1465, on reconsideration in part 891 F.Supp. 1289. Environmental Law ☞ 445(1)

196. Consultants, owners and operators

Former parent corporation did not operate manufactured gas plant in place of or in joint venture with utility company, for purposes of company's claim under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), seeking to impose liability for pollution at plant; fact that parent acted as consultant and engaged in bulk purchasing and contract formation for utility company did not demonstrate actual site operation. Yankee Gas Services Co. v. UGI Utilities, Inc., D.Conn.2009, 616 F.Supp.2d 228. Corporations And Business Organizations ☞ 1654; Joint Adventures ☞ 1.1

Environmental consultant hired by gasoline service station owner to check underground storage tanks for signs of environmental contamination was not a party liable for oil spill, within meaning of exception to statutory immunity under the Puerto Rico Public Policy Environmental Act, where he did not own station, and liability criteria under CERCLA was inapplicable. Marrero v. Esso Standard Oil Co., D.Puerto Rico 2004, 321 F.Supp.2d 301. Environmental Law ☞ 445(1)

197. Corporations, owners and operators--Generally

Under Puerto Rico law, owner of fiberglass product manufacturing company was personally liable under CERCLA for response costs incurred in cleaning up hazardous waste at manufacturing site, where company's corporate status was cancelled due to its failure to file annual reports with state, owner was only person who gave work instructions, owner hired workers, and owner was only person authorized to control company's bank account. U.S. v. JG-24, Inc., D.Puerto Rico 2004, 331 F.Supp.2d 14, affirmed 478 F.3d 28. Corporations And Business Organizations ☞ 1644; Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Company which never exercised any financial or operational control over operator of coal gasification plant, having acquired another's interest in the operator and then immediately liquidated the operator and transferred its assets to another entity, did not exercise any financial over the affairs of the operator nor the sort of persuasive control over hazardous waste policies or operations that would make it liable under CERCLA. John Boyd Co. v. Boston Gas Co., D.Mass.1991, 775 F.Supp. 435. Environmental Law ☞ 445(1)

Corporation, which was current owner of industrial chemical waste disposal site and was owner and operator of site when hazardous substances were disposed of at site, constituted a "covered person" liable for response costs incurred by the United States in cleaning up hazardous waste site under the Comprehensive Environmental Response, Compensation, and Liability Act [Comprehensive Environmental, Response, Compensation, and Liability Act of 1980, § 107(a)(1), 42 U.S.C.A. § 9607(a)(1)]. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law ☞ 445(1)

198. ---- Alter egos, corporations, owners and operators

Corporations formed by owner of hazardous waste disposal site after site was closed and that had never owned or operated site were liable as "alter egos" to owner's sole proprietorship for response costs in CERCLA action; corporations were mere shells, acting as facade for operations of dominant stockholder, owner of site, and corporations continued sole proprietorship's business using assets that remained sole proprietor's and operating under sole proprietor's control. Atlantic Richfield Co. v. Blosenski, E.D.Pa.1994, 847 F.Supp. 1261. Corporations And Business Organizations ☞ 1063

199. ---- Control of operations, corporations, owners and operators

Former parent corporation did not operate manufactured gas plant in place of or in joint venture with utility company, for purposes of company's claim under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), seeking to impose liability for pollution at plant; utility company's contract with parent was just one of many contracts it had with companies to perform services at plant. Yankee Gas Services Co. v. UGI Utilities, Inc., D.Conn.2009, 616 F.Supp.2d 228. Corporations And Business Organizations ☞ 1654; Joint Adventures ☞ 1.1

Utility which acquired gas company's subsidiary did not show that gas company controlled the operations of its subsidiaries which owned two manufactured gas plants (MGPs) before those subsidiaries were merged into acquired subsidiary, such that gas company incurred operator liability as to those sites under CERCLA and was liable for contribution to utility, given absence of evidence that gas company directly operated sites or had control over MGPs' pollution control or waste disposal activities, and given utility's failure to overcome presumption that, to the extent that gas company and subsidiaries shared officers and directors, those officers and directors actually acted on behalf of subsidiaries when acting as subsidiaries' officers and directors. Consolidated Edison Co. of New York, Inc. v. UGI Utilities, Inc., S.D.N.Y.2004, 310 F.Supp.2d 592, affirmed in part, reversed in part and remanded 423 F.3d 90, for additional opinion, see 153 Fed.Appx. 749, 2005 WL 2176072, certiorari denied 127 S.Ct. 2995, 551 U.S. 1130, 168 L.Ed.2d 702. Corporations And Business Organizations ☞ 1702(4)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

In determining whether corporation is "operator" liable under CERCLA for environmental violations of another corporation, under "actual control" test, corporation will only be held liable when there is evidence of substantial control exercised by it over activities of offending corporation. In re Tutu Wells Contamination Litigation, D.Virgin Islands 1998, 994 F.Supp. 638. Corporations And Business Organizations ⚷ 1644

Imposition of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) "operator" liability on a related company through the "actual control" standard requires "actual participation and control" over the other corporations' decision-making. Lentz v. Mason, D.N.J.1997, 961 F.Supp. 709. Environmental Law ⚷ 445(1)

200. ---- Employees, corporations, owners and operators

Evidence supported findings that employee of waste oil reclamation company personally participated in disposal of hazardous substances and had extensive authority over company's waste disposal and, thus, supported personal liability as "operator" within meaning of CERCLA; although employee was not officer, director or shareholder, he had substantial responsibility for waste disposal in his position as operational manager of facility, personally wrote letters to state pollution agency, and negotiated closing of waste pit. U.S. v. Gurley, C.A.8 (Ark.) 1994, 43 F.3d 1188, rehearing and suggestion for rehearing en banc denied, certiorari denied 116 S.Ct. 73, 516 U.S. 817, 133 L.Ed.2d 33. Environmental Law ⚷ 445(1)

201. ---- Officers of corporation, corporations, owners and operators

District court was required to determine whether individual who was president and principal shareholder of corporate defendants personally operated landfill at issue, rather than merely directing business of corporations that operated landfill, to determine whether individual could be held personally liable, jointly with corporations, in CERCLA contribution action. Browning-Ferris Industries of Illinois, Inc. v. Ter Maat, C.A.7 (Ill.) 1999, 195 F.3d 953, certiorari denied 120 S.Ct. 1832, 529 U.S. 1098, 146 L.Ed.2d 776, on remand 2000 WL 1716330. Corporations And Business Organizations ⚷ 1970

Under Puerto Rico law, It was appropriate to pierce corporate veil to hold corporation's president personally liable for response costs incurred in cleaning up hazardous waste site, where there were no stockholders, no payment of dividends, nonfunctioning officers and directors, failure to observe corporate formalities, absence of corporate records, and commingling of corporate funds through joint bank account with another company owned by president, and president hired workers, decided what products would be produced, supervised workers, and personally arranged for raw materials for fiberglass manufacturing operations. U.S. v. JG-24, Inc., D.Puerto Rico 2004, 331 F.Supp.2d 14, affirmed 478 F.3d 28. Corporations And Business Organizations ⚷ 1063

Former president of dissolved corporation could be held liable under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) for response costs attributable to release of hazardous substances while he was president. New York v. Longboat, Inc., N.D.N.Y.2001, 140 F.Supp.2d 174.

Corporate officers and directors may be held individually liable for response costs as "operators" under CER-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

CLA. Marriott Corp. v. Simkins Industries, Inc., S.D.Fla.1996, 929 F.Supp. 396. Corporations And Business Organizations ⟷ 1970

Personal liability could be imposed under Comprehensive Environmental Response, Compensation, and Liability Act, and Michigan Environmental Response Act upon officer of corporation which owned land as "owner or operator" of site contaminated by plating company; officer was vice president and president of corporation that held legal title to hazardous waste site, was member of corporation's board of directors, owned one third of corporation's stock, supervised installation of sewer intended to leach contaminants into ground, and was involved in property management activities such as rent collection from plating company. Kelley ex rel. State of Mich. v. Kysor Indus. Corp., W.D.Mich.1993, 826 F.Supp. 1089. Corporations And Business Organizations ⟷ 1970

Prevention test would be applied for determining whether or not a corporate officer may be held personally liable as an operator under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA); focus of inquiry would be whether corporate individual could have prevented hazardous waste discharge at issue. Robertshaw Controls Co. v. Watts Regulator Co., D.Me.1992, 807 F.Supp. 144. Corporations And Business Organizations ⟷ 1970

Condominium project owners' complaint against officers of corporate owners of adjacent property seeking to hold officers liable under CERCLA and Massachusetts law for alleged failure to inform condominium project owners of contamination of adjacent property when corporations discovered problem was insufficient; complaint failed to give fair notice of legal theory under which action was proceeding, it failed to state that individual officers were being charged under "owner and operator" category of CERCLA and Massachusetts statutory liability, complaint did not properly state claim under common law, and condominium project owners failed to allege that individual officers participated in and exerted control over contamination of site. Cash Energy, Inc. v. Weiner, D.Mass.1991, 768 F.Supp. 892. Corporations And Business Organizations ⟷ 2007(2)

Genuine issues of material fact, precluding summary judgment for dissolved corporation's president and secretary in action brought under CERCLA, existed as to their status with respect to corporation, ownership of property, and their personal involvement with disposal of hazardous substances at aircraft painting facility, and thus whether they could be held personally liable under CERCLA as owners or operators of facility. Columbia River Service Corp. v. Gilman, W.D.Wash.1990, 751 F.Supp. 1448. Federal Civil Procedure ⟷ 2498.3

State agencies and officials alleged sufficient responsibility by officers of corporation to state claims under the Comprehensive Environmental Response, Compensation and Liability Act against officers individually for environmental contamination allegedly caused by the corporation, based on allegations of ownership interest in facility and officers' responsibility for corporate management and operations. Kelley ex rel. Michigan Natural Resources Com'n v. Arco Industries Corp., W.D.Mich.1989, 721 F.Supp. 873. Corporations And Business Organizations ⟷ 2007(2)

202. ---- Parent and subsidiary corporations, owners and operators

To determine whether to impose direct CERCLA operator liability on parent corporation based on pollution

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

from subsidiary's facility, the question is not whether the parent operates the subsidiary, but rather whether the parent operates the facility, and that operation is evidenced by participation in the activities of the facility, not the subsidiary; control of the subsidiary, if extensive enough, gives rise to indirect liability under the veil-piercing doctrine, not direct liability. U.S. v. Bestfoods, U.S.Mich.1998, 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232. Corporations And Business Organizations ⚷ 1654

Direct operator liability under CERCLA is not limited, for corporate parent, to parent's sole or joint venture operation with polluting subsidiary. U.S. v. Bestfoods, U.S.Mich.1998, 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232. Corporations And Business Organizations ⚷ 1654

It is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to direct operator liability under CERCLA for its subsidiary's acts; to impose liability, Government would have to show that, despite the general presumption that directors are wearing their "subsidiary hats" and not their "parent hats" when acting for the subsidiary, directors acted in their capacities as parent directors when they committed polluting acts. U.S. v. Bestfoods, U.S.Mich.1998, 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232. Corporations And Business Organizations ⚷ 1654

Trial court's determination that intervening Supreme Court case would not alter earlier trial court ruling that parent company was liable as operator for trichloroethylene (TCE) contamination at subsidiary's facility, under CERCLA, was tantamount to determination that parent could not establish a potentially meritorious defense, and trial court thus applied appropriate legal analysis in determining whether parent was entitled to relief from earlier declaratory judgment holding parent liable for future response costs. U.S. v. Kayser-Roth Corp., C.A.1 (R.I.) 2001, 272 F.3d 89. Federal Civil Procedure ⚷ 2651.1

Piercing of corporate veil under Michigan law was not warranted, and parent corporation was not liable under CERCLA as operator based on extent of its control of its subsidiary that owned facility, for although parent had active interest in affairs of its subsidiary, there was not such a degree of control that separate personalities of the two corporations ceased to exist, nor was there showing that parent utilized corporate form to perpetrate fraud or other culpable conduct necessary to pierce veil; parent owned 100% of subsidiary and participated on subsidiary's board of directors, cross-pollinated officers were involved in decision-making and daily operations, parent actively participated in environmental matters, and parent exerted financial control over subsidiary through approval of budgets and capital expenditures. U.S. v. Cordova Chemical Co. of Michigan, C.A.6 (Mich.) 1997, 113 F.3d 572, certiorari granted 118 S.Ct. 621, 522 U.S. 1024, 139 L.Ed.2d 506, vacated 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232, vacated 118 S.Ct. 2317, 524 U.S. 924, 141 L.Ed.2d 692. Corporations And Business Organizations ⚷ 1063

Interpretation of CERCLA to impose operator liability directly on parent corporations whose own acts violate CERCLA is consistent with general thrust and purpose of legislation to extend liability to all those involved in creating harmful environmental conditions. Schiavone v. Pearce, C.A.2 (Conn.) 1996, 79 F.3d 248, on remand 77 F.Supp.2d 284. Corporations And Business Organizations ⚷ 1645

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Although parent corporation need only have authority to control, and exercise of actual or substantial control over operations of subsidiary in order to incur operator liability under CERCLA for subsidiary's on-site disposal practice, direct arranger liability under CERCLA requires causal connection or nexus between parent's conduct and subsidiary's arrangement for disposal, or off-site disposal itself. U.S. v. TIC Inv. Corp., C.A.8 (Iowa) 1995, 68 F.3d 1082, rehearing and suggestion for rehearing en banc denied, certiorari denied 117 S.Ct. 50, 519 U.S. 808, 136 L.Ed.2d 14. Corporations And Business Organizations ⟜ 1645

Parent and its subsidiary could be held liable on theory of operator liability under CERCLA for cleanup of oil gas waste created by company of which the parent purchased 97%; parent continually maintained presence among officers and directors of the company, president of company was also president of the parent's gas division, he was appointed by chairman of parent and reported directly to parent's officials and, thus, parent and subsidiary were responsible parties for oil gas waste created while they were linked to the company. John S. Boyd Co., Inc. v. Boston Gas Co., C.A.1 (Mass.) 1993, 992 F.2d 401. Corporations And Business Organizations ⟜ 1645

Genuine issues of material fact precluded summary judgment as to whether a mine operator's parent company was an operator of the mining site for purposes of CERCLA liability; triable fact issues existed as to the exact nature of the roles of multiple employees, whether those employees were acting on behalf of a mine operator, the parent, or both, and whether their activities had to do with the leakage or disposal of hazardous waste, or compliance with environmental regulations. Maine v. Kerramerican, Inc., D.Me.2007, 480 F.Supp.2d 357. Federal Civil Procedure ⟜ 2498.3

The mere fact that the parent and subsidiary share common directors is insufficient to impose CERCLA liability on the parent, since directors and officers holding positions with a parent and its subsidiary can and do "change hats" to represent the two corporations separately, despite their common ownership; thus, a general presumption exists that directors are wearing their "subsidiary hats" and not their "parent hats" when acting for the subsidiary and it cannot be enough to establish liability that dual officers and directors made policy decisions and supervised activities at a facility. Maine v. Kerramerican, Inc., D.Me.2007, 480 F.Supp.2d 348. Corporations And Business Organizations ⟜ 1063

Former parent corporation did not operate manufactured gas plant in place of or in joint venture with utility company, for purposes of company's claim under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), seeking to impose liability for pollution at plant; fact that parent was generally purchasing oil for its subsidiaries did not demonstrate that it was actually operating site at issue. Yankee Gas Services Co. v. UGI Utilities, Inc., D.Conn.2009, 616 F.Supp.2d 228. Corporations And Business Organizations ⟜ 1654; Joint Adventures ⟜ 1.1

Parent corporation's involvement in subsidiary's activities was sufficiently beyond the norms of parental supervision to establish that parent was an "operator" of the facility, thereby rendering its successor directly liable for contribution under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for its actions; parent and subsidiary had overlapping managers, directors, and employees, parent was involved in building, engineering design, and daily operations of subsidiary's facility, and involved in the design and fund-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ing of subsidiary's waste management and disposal systems. Basic Management Inc. v. U.S., D.Nev.2008, 569 F.Supp.2d 1106. Corporations And Business Organizations ⛓ 1654

Gas company did not incur CERCLA liability as "operator" of manufactured gas plant (MGP) sites owned by its subsidiary, and thus was not liable for contribution to sites' subsequent owner, notwithstanding allegations that gas company and subsidiary had shared officers and directors and that gas company controlled subsidiary's management and operations, in that there was no evidence that shared officers and directors served gas company's interests when acting on subsidiary's behalf, gas company's approval of subsidiary's expenditures and appointment as subsidiary's purchasing agent and consulting engineer fell within parameters of parent-subsidiary relationship, and the record was devoid of evidence establishing that gas company engaged in pollution or waste disposal activity at MGP sites. Consolidated Edison Co. of New York, Inc. v. UGI Utilities, Inc., S.D.N.Y.2004, 310 F.Supp.2d 592, affirmed in part, reversed in part and remanded 423 F.3d 90, for additional opinion, see 153 Fed.Appx. 749, 2005 WL 2176072, certiorari denied 127 S.Ct. 2995, 551 U.S. 1130, 168 L.Ed.2d 702. Corporations And Business Organizations ⛓ 1654

Parent corporation was not an "operator," within meaning of CERCLA, as required to establish liability for cleanup cost contribution of site owned by subsidiary; all of parent's actions in connection to the site involved interactions with subsidiary, any actions taken by parent fell within range of permissible actions by parent corporation with its subsidiary, and parent took no actions regarding site specifically related to pollution or environmental compliance. Interfaith Community Organization v. Honeywell Intern., Inc., D.N.J.2002, 215 F.Supp.2d 482. Environmental Law ⛓ 445(1)

Parent corporation's involvement in subsidiary's operation of mine was not sufficient to render parent liable under CERCLA as "operator" of mine, even though parent's president made decisions regarding mine, parent invoiced subsidiary for its services at mine, and creditors sent invoices relating to subsidiary to parent, where parent did not charge subsidiary management fee for performing functions relating to site, regulatory authorities charged with overseeing mine consistently acknowledged subsidiary as operator, decisions of parent's president regarding mine were typical of those one would expect of parent and largely unrelated to pollution control management or decisions, and subsidiary made all fundamental decisions concerning development of facility. U.S. v. Friedland, D.Colo.2001, 173 F.Supp.2d 1077. Corporations And Business Organizations ⛓ 1063

Parent corporation's actions regarding wholly owned subsidiary were not eccentric under norms of parental oversight, and thus government was not entitled to recover in its CERCLA cost recovery action against parent, although lawyer who coordinated parent's pollution programs attempted to dictate standards for subsidiary, where subsidiary did not comply with the standards and advice of the lawyer and the lawyer did not have authority to make demands of subsidiary. Bestfoods v. Aerojet-General Corp., W.D.Mich.2001, 173 F.Supp.2d 729. Corporations And Business Organizations ⛓ 1086(14)

Parent corporation was not "operator" of subsidiary's creosote plant, and thus incurred no direct liability for CERCLA clean-up costs, despite overlapped and intertwined management structure, absent evidence parent acted in manner inconsistent with traditional and typical relationship between parent and subsidiary; parent did not manage, direct, or conduct operations specifically related to pollution at plant, or have anything to do with leak-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

age or disposal of creosote, or with decisions about compliance with environmental regulations. Schiavone v. Pearce, D.Conn.1999, 77 F.Supp.2d 284. Corporations And Business Organizations ⚲ 1063

Parent corporation exercised such extensive actual control over subsidiary which owned hazardous waste site, and was sufficiently involved in affairs of subsidiary, that parent would be held directly liable under CERCLA as current operator; subsidiary did not have any employees and any business of subsidiary was handled by people employed or paid by parent, sales of assets of subsidiary were discussed at parent board meetings and proceeds were deposited into joint account held by parent, discovery of hazardous waste was handled by parent officers and attorney retained by parent, cost of environmental testing was paid by parent, and key decision not to pay property taxes on parcel was made by parent board. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1996, 915 F.Supp. 1290, on reconsideration in part 956 F.Supp. 410. Corporations And Business Organizations ⚲ 1063

Affiliation between company which formerly owned current CERCLA site owner and that company's parent and sister corporations did not justify, under Delaware law, piercing of corporate veil so as to impose operator or owner liability under CERCLA on parent and sister corporations, despite overlap of membership among boards of directors; current owner's president testified that he, not board, was directly responsible for facility operations and day-to-day management of site, and that he had ability to commit capital resources, boards of company and owner essentially functioned to consent to policies established by management team, which did not include individual shareholders who owned company's parent, and there was no evidence that company was not adequately capitalized, that it was not solvent, that dividends were not paid, that parent or sister corporations siphoned corporate funds or that company functioned as facade for dominant shareholder. Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc., N.D.Ohio 1995, 904 F.Supp. 644. Corporations And Business Organizations ⚲ 1063

Parent corporation which exercises persuasive control over autonomous subsidiary may be liable under "operator theory" for subsidiary's environmental torts; under that theory, parent is held responsible for its own actions as operator and, because liability is direct, court need not pierce veil. Kleen Laundry & Dry Cleaning Services, Inc. v. Total Waste Management, Inc., D.N.H.1994, 867 F.Supp. 1136.

Genuine issues of material fact as to extent of direct or derivative control asserted by dump site lessee's parent corporations over site precluded summary judgment as to parents' CERCLA liability as "owner or operator"; while lease stated that lessor remained "owner in possession and control" of property, manager from lessee's plant allegedly visited site to determine where waste should be disposed of and also allegedly addressed problems concerning access to dump site by unauthorized individuals and water run-off with lessor's personnel. U.S. v. TIC Inv. Corp., N.D.Iowa 1994, 866 F.Supp. 1173, affirmed in part , reversed in part 68 F.3d 1082, rehearing and suggestion for rehearing en banc denied, certiorari denied 117 S.Ct. 50, 519 U.S. 808, 136 L.Ed.2d 14. Federal Civil Procedure ⚲ 2498.3

For parent corporation to be held liable for subsidiary's response costs under CERCLA as an operator requires more than complete ownership and concomitant general authority or ability to control that which comes with ownership; at a minimum, it requires active involvement in activities of subsidiary which result in generation of hazardous waste. CBS, Inc. v. Henkin, N.D.Ind.1992, 803 F.Supp. 1426. Corporations And Business Organiza-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tions ☞ 1654

Parent corporation was directly liable as operator under CERCLA with respect to site formerly owned by its subsidiary, in view of parent's active participation in and significant control over subsidiary's business and decision making, both internally through subsidiary's board and management, and externally through policies of development company and actions of individual officials of parent. CPC Intern., Inc. v. Aerojet-General Corp., W.D.Mich.1991, 777 F.Supp. 549, affirmed in part , reversed in part 59 F.3d 584, rehearing granted , vacated 67 F.3d 586, on rehearing 113 F.3d 572, certiorari granted 118 S.Ct. 621, 522 U.S. 1024, 139 L.Ed.2d 506, vacated 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232, vacated 118 S.Ct. 2317, 524 U.S. 924, 141 L.Ed.2d 692. Corporations And Business Organizations ☞ 1654

Current owner of site contaminated by creosote and arsenic failed to show any facts justifying piercing corporate veil of prior owner of site so as to hold its parent corporation liable under CERCLA for response costs; although parent and prior owner had common stock ownership, officers, and directors, corporate formalities were strictly observed, parent and prior owner did not file consolidated financial statements or tax returns, and parent did not finance prior owner. Jacksonville Elec. Authority v. Eppinger and Russell Co., M.D.Fla.1991, 776 F.Supp. 1542, affirmed 996 F.2d 1107. Corporations And Business Organizations ☞ 1086(14)

Parent company of subsidiaries that operated manufactured gas plants (MGPs) did not manage, direct, or conduct operations at plants having to do with leakage or disposal of hazardous waste or decisions about compliance with environmental regulations, nor did its corporate predecessor at certain sites engage in such activities, and therefore parent company was not liable for soil and groundwater contamination at plant sites as CERCLA operator; evidence of overlapping officers and directors, close parental control of subsidiaries' expenditures, and parent's enthusiasm for subsidiaries' use of its patented gas machinery was not inconsistent with role of parent, or its predecessor, as investor in subsidiaries. Consolidated Edison Co. of N.Y., Inc. v. UGI Utilities, Inc., C.A.2 (N.Y.) 2005, 153 Fed.Appx. 749, 2005 WL 2176072, Unreported. Corporations And Business Organizations ☞ 1654

   203. ---- Stockholders or shareholders, corporations, owners and operators

Nothing in CERCLA makes corporate officers, let alone shareholders, vicariously liable for decisions that they did not make or approve, just because third parties' acts have produced corporate liability. Citizens Elec. Corp. v. Bituminous Fire & Marine Ins. Co., C.A.7 (Ill.) 1995, 68 F.3d 1016. Corporations And Business Organizations ☞ 1644; Corporations And Business Organizations ☞ 1958

President/majority shareholder of corporation could not be liable as "operator" under CERCLA for actions of corporation or its employees, as he did not actively participate, i.e., had no personal involvement, in CERCLA violating activity, specifically, employee's dumping of mop-bucket; the only evidence in record revealed that president was unaware of such activity until notified of it by State Environmental Protection Agency and State police, and that after such notification, he directed employee to cease such behavior. NutraSweet Co. v. X-L Engineering Corp., N.D.Ill.1996, 933 F.Supp. 1409, affirmed 227 F.3d 776. Corporations And Business Organizations ☞ 1970

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

There was genuine issue of material fact, to preclude summary judgment, as to whether individual was operator under CERCLA and California Hazardous Substance Account Act (HSAA) where he was polluting corporation's largest stockholder, member of board of directors and president; reasonable jury could find he had authority to control day-to-day operations where he represented to court in separate proceedings against corporation for pollution that he would implement proper practices and make sure problem was resolved, and would hire and fire people as necessary to take care of problem. State of Cal. on Behalf of California Dept. of Toxic Substances Control v. Celtor Chemical Corp., N.D.Cal.1995, 901 F.Supp. 1481. Federal Civil Procedure ⚷ 2498.3

Attorney who provided legal advice to corporate landfill operator, was corporate secretary and had 15% ownership interest in the corporation was not liable under CERCLA as "operator" for discharges of hazardous waste from the landfill; attorney did not have ultimate decision-making authority over corporation's development project and landfill operations and did not exercise actual control over landfill operations. City of North Miami, Fla. v. Berger, E.D.Va.1993, 828 F.Supp. 401. Attorney And Client ⚷ 26

"Owner" as used in CERCLA section defining potentially liable person as any person who at time of disposal of hazardous substance owned or operated facility at which hazardous substances were disposed of, is construed broadly such that sole stockholder who actively participates in management of corporation is personally liable under CERCLA as owner and operator. U.S. v. Amtreco, Inc., M.D.Ga.1992, 809 F.Supp. 959, motion to amend denied 858 F.Supp. 1189. Corporations And Business Organizations ⚷ 1644

Even if shareholder could be deemed to have constructively owned over 90% of stock of corporation which was previous owner of hazardous waste generating facility, that fact alone did not establish CERCLA liability for response costs where stockholder had not actually participated in activities of corporation. CBS, Inc. v. Henkin, N.D.Ind.1992, 803 F.Supp. 1426. Corporations And Business Organizations ⚷ 1654

Officer and minority shareholder of company that leased property to operators of facility was not personally liable as CERCLA "operator" of facility in connection with its disposal of hazardous substances, absent any contention that officer in fact participated in actual management of facility, exercised control over affairs of operators, or was intimately involved in their operations. Levin Metals Corp. v. Parr-Richmond Terminal Co., N.D.Cal.1991, 781 F.Supp. 1454. Corporations And Business Organizations ⚷ 1970

204. ---- Successors, corporations, owners and operators

Even if corporate successor liability for environmental cleanup costs could be established, under CERCLA, based on "substantial continuity" of predecessor and successor corporations, successor corporation that purchased operating assets of predecessor corporation that had engaged in mixing and repackaging of herbicides on contaminated property, but did not purchase property itself, was not subject to liability on basis of substantial continuity; even if principal of predecessor corporation held security interest in successor corporation, and principal ultimately regained corporate assets through voluntary foreclosure, there was no evidence that successor corporation had any intent to circumvent purposes of CERCLA or had any knowledge that property was contaminated. K.C.1986 Ltd. Partnership v. Reade Mfg., C.A.8 (Mo.) 2007, 472 F.3d 1009, on remand 2007 WL 2907876. Corporations And Business Organizations ⚷ 2724(4)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Successor of minority shareholder of mining corporation could not be held liable for environmental cleanup costs at mine site as "operator" under CERCLA, based on actions of predecessor's president, who also served as president of the mining corporation; although president served as primary liaison between the corporation and the predecessor, was involved in corporation's purchase of land, and took other executive actions, there was no evidence that he acted on behalf of the predecessor rather than the corporation. Raytheon Constructors, Inc. v. Asarco Inc., C.A.10 (Colo.) 2003, 368 F.3d 1214. Corporations And Business Organizations ⟝ 1654; Corporations And Business Organizations ⟝ 2724(4); Environmental Law ⟝ 445(1)

Company that acquired assets of waste hauler was successor to hauler's CERCLA liability under the de facto merger exception; although the hauler continued as a shell corporation after the acquisition, the acquiring corporation continued to operate an identical scrap metal business from the identical location using the hauler's former plant and equipment, and retained the same employees, management and ownership. Action Mfg. Co., Inc. v. Simon Wrecking Co., E.D.Pa.2006, 428 F.Supp.2d 288, affirmed 287 Fed.Appx. 171, 2008 WL 2880324. Corporations And Business Organizations ⟝ 2724(4)

"Substantial continuity" theory was not a valid theory of successor liability in Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) case; substantial continuity test was not a part of the general doctrine of successor liability in operation in most jurisdictions and therefore was not part of federal common law. Action Mfg. Co., Inc. v. Simon Wrecking Co., E.D.Pa.2005, 387 F.Supp.2d 439. Corporations And Business Organizations ⟝ 2641(4)

Parent corporation was not liable, under CERCLA, as "operator" of manufactured gas plants (MGPs) owned by its subsidiaries, and therefore gas company into which parent later merged incurred no successor CERCLA liability, inasmuch as there was no evidence showing parent's control over MGP operations having to do with leakage or disposal of hazardous waste or decisions about compliance with environmental regulations, evidence of overlapping corporate management was insufficient alone to establish operator liability, and subsequent owner of MGP sites failed to overcome presumption that officers and directors who were shared by parent and subsidiaries actually acted on subsidiaries' behalf when taking actions as subsidiaries' officers and directors. Consolidated Edison Co. of New York, Inc. v. UGI Utilities, Inc., S.D.N.Y.2004, 310 F.Supp.2d 592, affirmed in part, reversed in part and remanded 423 F.3d 90, for additional opinion, see 153 Fed.Appx. 749, 2005 WL 2176072, certiorari denied 127 S.Ct. 2995, 551 U.S. 1130, 168 L.Ed.2d 702. Corporations And Business Organizations ⟝ 1654; Corporations And Business Organizations ⟝ 2679(6)

Corporation which purchased uniform rental company as ongoing business and acquired all or substantially all of its assets, and which was on notice of company's potential environmental liabilities, was company's legal successor for CERCLA liability purposes, even though corporation employed different cleaning process from that which had given rise to company's liability. New York v. National Services Industries, Inc., E.D.N.Y.2001, 134 F.Supp.2d 275, vacated 352 F.3d 682, on remand 380 F.Supp.2d 122. Corporations And Business Organizations ⟝ 2724(4)

All three corporations created during reorganization of owner of contaminated property would be deemed successor owners and operators of coke plant and, thus, potentially liable under CERCLA for disposal of hazardous

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

substances on property prior to reorganization, absent any clarifying evidence on which company succeeded to liabilities for property; testimony of corporate counsel for one of new corporations blurred distinctions between surviving entities, and all three entities gave single collective response to interrogatories. City of Toledo v. Beazer Materials and Services, Inc., N.D.Ohio 1996, 923 F.Supp. 1001. Environmental Law ☞ 445(1)

Corporation was not "substantial continuation" of alleged predecessor corporation, so as to support imposition of CERCLA liability on theory of corporate successorship, despite claim that corporation held itself out as successor when it described itself to chancery court as "equitable stockholder and creditor" of predecessor corporation in connection with plan of dissolution, and when it was designated as predecessor corporation's successor tax agent and was entitled to receive federal income tax refunds attributable to predecessor corporation; assertion of rights under Securities Exchange Commission (SEC)-approved plan of dissolution was not same as corporation holding itself out to public as successor, and it made sense for corporation, the last remaining claimant under plan of dissolution, to take over responsibility for winding up predecessor corporation's tax affairs. Interstate Power Co. v. Kansas City Power & Light Co., N.D.Iowa 1993, 909 F.Supp. 1241. Corporations And Business Organizations ☞ 2724(4)

Under Delaware law, even if acquisition agreement executed by Chapter 11 debtor and purchaser of its operating division, and sale order entered in conjunction therewith, were ambiguous, the record showed that the parties' intent was that Superfund liabilities with respect to particular contaminated site were "assumed liabilities" of purchaser; letter of intent specifically indicated that Superfund liabilities would be assumed by purchaser if it went ahead with purchase, purchaser's attorneys indicated to other counsel that purchaser would be assuming Superfund liabilities, after acquisition agreement was signed purchaser's attorney undertook a comprehensive investigation of Superfund liabilities, including those related to this site, on day of sale hearing purchaser agreed to new language in sale order that emphasized that Superfund liabilities were being assumed, and after sale hearing purchaser did not dispute designation of these Superfund liabilities as assumed liabilities. In re Safety-Kleen Corp., Bkrtcy.D.Del.2008, 380 B.R. 716. Bankruptcy ☞ 3079

205. Counties, owners and operators

Under CERCLA, county and cities were not liable for property owner's response costs, associated with stormwater discharges from storm drains that they owned/maintained; county and cities had, and complied with, National Pollution Discharge Elimination System (NPDES) permits, which authorized discharges of stormwater containing pollutants, and no pre-permit releases of contaminants were shown to have occurred. Carson Harbor Village, Ltd. v. Unocal Corp., C.D.Cal.2003, 287 F.Supp.2d 1118, affirmed 433 F.3d 1260. Environmental Law ☞ 445(1)

New York county, which allegedly took interest in land in tax delinquency foreclosure sale that occurred long after disposal of allegedly hazardous substances, was not "owner" of site for CERCLA purposes; any title taken by county was in guise of secured creditor, and there was no relationship between its ownership interest and disposal activities at site. Delaney v. Town of Carmel, S.D.N.Y.1999, 55 F.Supp.2d 237. Environmental Law ☞ 445(1)

New York county's regulation of site for disposal of septic waste, and its subsequent orchestration of environ-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

mental review to assess implications of locating public water source near site, did not qualify it as "operator" of site for CERCLA purposes; county's actions were taken in furtherance of its sovereign or regulatory functions. Delaney v. Town of Carmel, S.D.N.Y.1999, 55 F.Supp.2d 237. Environmental Law ⟜ 445(1)

County airport commission was liable for CERCLA response costs where dry cleaning solvents were stored and used on commission's property, release was caused by improper storage and disposal practices and by boil-over of perchloroethylene, commission incurred response costs, and commission owned site at time of release. Johnson County Airport Com'n v. Parsonitt Co., Inc., D.Kan.1996, 916 F.Supp. 1090. Environmental Law ⟜ 445(1); Environmental Law ⟜ 441

County, by owning and operating landfill site, fell within purview of "covered person" under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Rhodes v. County of Darlington, S.C., D.S.C.1992, 833 F.Supp. 1163. Environmental Law ⟜ 445(1)

County could be liable for releases from its portion of sewer and its wells, despite fact that there was but one release when dry cleaners in shopping center placed perchloroethylene (PCE) into sewer pipes and county remained passive; one source or passive owner exception was not supported by overall structure or purpose of CERCLA. Lincoln Properties, Ltd. v. Higgins, E.D.Cal.1992, 823 F.Supp. 1528. Environmental Law ⟜ 441

Allegations that there was release or threatened release of hazardous substances at site which caused United States to incur response costs and that county owned part of facility at present time and owned another portion of facility at time of disposal of hazardous substances stated claim against county under CERCLA. U.S. v. Smuggler-Durant Min. Corp., D.Colo.1993, 823 F.Supp. 873. Environmental Law ⟜ 673

206. Creditors, owners and operators

Creditor of textile manufacturer was not liable for CERCLA cleanup costs under section of statute providing for liability by owner and operator of facility immediately prior to assumption of ownership by government entity; creditor had nothing to do with facility for approximately three and one-half years prior to foreclosure sale to Government. U.S. v. Fleet Factors Corp., C.A.11 (Ga.) 1990, 901 F.2d 1550, rehearing denied 911 F.2d 742, certiorari denied 111 S.Ct. 752, 498 U.S. 1046, 112 L.Ed.2d 772, on remand 819 F.Supp. 1079. Environmental Law ⟜ 445(1)

Party asserting that secured creditor exemption from CERCLA owner or operator liability applies bears burden of showing it is protected by that exemption. U.S. v. Fleet Factors Corp., S.D.Ga.1993, 821 F.Supp. 707. Environmental Law ⟜ 464

Secured lender exemption to CERCLA cleanup liability applies to lenders while they continue to hold security interest, and in some circumstances, even after security interest is extinguished and lender has become owner of its former collateral. In re DuFrayne, Bkrtcy.E.D.Pa.1996, 194 B.R. 354. Environmental Law ⟜ 445(2)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

207. Debtors, owners and operators

Liability under CERCLA based on an reorganized debtor's current ownership of hazardous waste site created claim running with land, dependent not at all on debtor's actions before or during reorganization, and liability survived reorganization. Matter of CMC Heartland Partners, C.A.7 (Ill.) 1992, 966 F.2d 1143. Bankruptcy ☜ 3651; Environmental Law ☜ 445(1)

Under Delaware law, where purchaser of one of Chapter 11 debtor's operating divisions expressly assumed liabilities under the sale order and the acquisition agreement, including the Superfund cleanup liabilities with respect to a particular contaminated site, purchaser was directly liable for the assumed liabilities, and debtor's creditors could assert those liabilities directly against purchaser. In re Safety-Kleen Corp., Bkrtcy.D.Del.2008, 380 B.R. 716. Bankruptcy ☜ 3079

Bankruptcy court order barring suits against reorganized railroad on any obligation incurred by railroad or bankruptcy trustee did not prohibit Environmental Protection Agency (EPA) from bringing CERCLA action against railroad as owner and operator of hazardous waste site, seeking to hold railroad liable in its capacity as present owner of site. Matter of Chicago, Milwaukee, St. Paul and Pacific R. Co., N.D.Ill.1991, 130 B.R. 521, affirmed 966 F.2d 1143. Bankruptcy ☜ 3651

208. Easement holders, owners and operators

City's current actual control over right-of-way contaminated with benzene rendered city potentially liable under CERCLA as operator of right-of-way; after acquiring right-of-way, city investigated potential contamination, notified environmental agencies, and erected fence and took other precautions to secure site. City of Toledo v. Beazer Materials and Services, Inc., N.D.Ohio 1996, 923 F.Supp. 1013. Environmental Law ☜ 445(1)

Paving contractor's long term agreement providing right to use landfill for dumping of its solid waste was easement rather than lease and, thus, paving contractor could not be burdened with obligations of ownership of landfill and could not incur owner liability under CERCLA for response costs. Acme Printing Ink Co. v. Menard, Inc., E.D.Wis.1994, 870 F.Supp. 1465, on reconsideration in part 891 F.Supp. 1289. Environmental Law ☜ 445(1)

209. Farm owners, owners and operators

Owner of farm to which drums containing hazardous chemicals were transported, and on which drums were stored, was liable for cleanup costs under CERCLA, notwithstanding his allegations, unsupported by any evidence in record, that he was away from farm at time drums were delivered and had not given his permission for storage of drums on farm. U.S. v. Parsons, N.D.Ga.1989, 723 F.Supp. 757. Environmental Law ☜ 445(1)

210. Landlords and tenants, owners and operators

Lessee/sublessor did not possess sufficient attributes of ownership over subleased lot to be held strictly liable as an owner under CERCLA for environmental contamination of lot, regardless of whether lessee was simply rent

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

conduit between lessor and sublessee; despite having some attributes of ownership with respect to lot, such as responsibility for general maintenance and obligations for insurance and property tax increases, lessee lacked most of bundle of rights associated with ownership, while lessor retained many such rights and obligations, including reserved rights to enter property and to use lot for specified purposes and responsibility to make structural repairs. Commander Oil Corp. v. Barlo Equipment Corp., C.A.2 (N.Y.) 2000, 215 F.3d 321, certiorari denied 121 S.Ct. 427, 531 U.S. 979, 148 L.Ed.2d 436. Environmental Law ⌐⊸ 445(1)

Site control alone is an improper basis for the imposition on lessees/sublessors of owner liability for environmental cleanup costs under CERCLA. Commander Oil Corp. v. Barlo Equipment Corp., C.A.2 (N.Y.) 2000, 215 F.3d 321, certiorari denied 121 S.Ct. 427, 531 U.S. 979, 148 L.Ed.2d 436. Environmental Law ⌐⊸ 445(1)

Management agent for apartment buildings could be found to be operator of the property for purposes of CERCLA who prepared annual budgets for complex and required resident manager to regularly report expenses to it, regularly inspected apartment buildings, ordered resident manager to implement major improvements and repair programs, ordered resident management to make specific repairs, received complaints from tenants, and prepared proposed rent increases for approval by the owner and the Department of Housing and Urban Development. Redwing Carriers, Inc. v. Saraland Apartments, C.A.11 (Ala.) 1996, 94 F.3d 1489, 140 A.L.R. Fed. 691. Environmental Law ⌐⊸ 445(1)

For former tenants to be held liable under the CERCLA for disposal of underground storage tanks, tenants need not exercise actual control in order to qualify as operators, so long as authority to control facility was present. Nurad, Inc. v. William E. Hooper & Sons Co., C.A.4 (Md.) 1992, 966 F.2d 837, 122 A.L.R. Fed. 743, certiorari denied 113 S.Ct. 377, 506 U.S. 940, 121 L.Ed.2d 288. Environmental Law ⌐⊸ 445(1)

Landowners, who entered into lease with company which stored hazardous waste on land, were liable under Comprehensive Environmental Response, Compensation, and Liability Act for state and federal governments' costs for partial removal of hazardous waste from lands, although landowners claimed they were innocent absentee landlords; statute imposes strict liability in that it extends liability to owners of waste facilities regardless of their degree of participation subsequent to disposal of hazardous waste, landowners did not dispute their ownership of land, and landowners did not dispute that hazardous waste releases occurred on land during their period of ownership. U.S. v. Monsanto Co., C.A.4 (S.C.) 1988, 858 F.2d 160, certiorari denied 109 S.Ct. 3156, 490 U.S. 1106, 104 L.Ed.2d 1019. Environmental Law ⌐⊸ 445(1)

There was no evidence that commercial lessee of real property that had been contaminated with polychlorinated biphenyls (PCBs), trichloroethane (1,1,1-TCA), and acetone actually disposed of hazardous substances during the time it operated facility on the property, as required to support property owner's claim against lessee for strict liability under CERCLA. Emerson Enterprises, LLC v. Kenneth Crosby New York, LLC, W.D.N.Y.2011, 2011 WL 915667. Environmental Law ⌐⊸ 445(1)

Lessee that operated drop yard on brownfield site was potentially responsible party (PRP) subject to contribution liability for response costs under CERCLA; lessee's construction work spread arsenic and lead contamination that already existed in soil. Ashley II of Charleston, LLC v. PCS Nitrogen, Inc., D.S.C.2010, 2010 WL 3893599,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

amended and superseded 746 F.Supp.2d 692, on reconsideration in part 2011 WL 2119234, amended and superseded 2011 WL 2119256. Environmental Law ☞ 447

In landlord's suit under CERCLA, which sought contribution from tenants for clean-up and removal of hazardous waste on rental property, testimony of tenant's employee regarding the corporate relationship between the tenants raised fact question as to degree of control each tenant had over hazardous waste at the time of contamination, precluding summary judgment on ground that both tenants were "operators" of facility and thus potentially responsible parties (PRP) for purposes of CERCLA contribution. Schenectady Industrial Corp. v. Upstate Textiles, Inc., N.D.N.Y.2010, 689 F.Supp.2d 282. Federal Civil Procedure ☞ 2498.3

As owner of property where release of hazardous material occurred, landlord was potentially responsible party under CERCLA, and thus landlord was not entitled to bring CERCLA cost recovery action against tenant. Bello v. Barden Corp., D.Conn.2002, 180 F.Supp.2d 300. Environmental Law ☞ 444; Environmental Law ☞ 445(1)

Real estate broker and its agent, that allegedly had exclusive obligation to manage and develop property that was contaminated by tenant, were not lessees for purposes of Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) owner liability, especially where they were not alleged to have participated in any decision involving the disposal of hazardous wastes on the property. Lentz v. Mason, D.N.J.1997, 961 F.Supp. 709. Environmental Law ☞ 445(1)

Real estate broker and its agent, that allegedly had exclusive obligation to manage and develop property that was contaminated by tenant, were not liable for contamination as operator under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) unless they had power to control disposal activities allegedly undertaken by tenant. Lentz v. Mason, D.N.J.1997, 961 F.Supp. 709. Environmental Law ☞ 445(1)

Courts, when determining liability of lessee under CERCLA as "owner-operator," generally look to how much control over and responsibility for use of site lessor maintains; of particular import in finding lessee liability is degree of control that lessee is able to exert over activity on property which directly results in release or threatened release of hazardous substances; where lessee has no authority to control activity causing damage, he is not liable as "owner-operator." U.S. v. TIC Inv. Corp., N.D.Iowa 1994, 866 F.Supp. 1173, affirmed in part, reversed in part 68 F.3d 1082, rehearing and suggestion for rehearing en banc denied, certiorari denied 117 S.Ct. 50, 519 U.S. 808, 136 L.Ed.2d 14. Environmental Law ☞ 445(1)

Evidence that portion of building became part of defendant's leasehold and that it asserted control over use of the property was sufficient to show that it was an "owner" for purposes of CERCLA liability. Burlington Northern R. Co. v. Woods Industries, Inc., E.D.Wash.1993, 815 F.Supp. 1384. Environmental Law ☞ 445(1)

Tenant that was also sublessor was "owner" within meaning of CERCLA statute making owner potentially liable for response costs; lease with landlords gave to tenant right to sublet all or part of property, to evict tenants, to determine use of property by subtenants, to collect rents, and to enforce all obligations of subtenants, lease re-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

quired tenant to keep premises in good repair, and landlords and subtenants looked to tenant as party exercising control over use and maintenance of property. U.S. v. A & N Cleaners and Launderers, Inc., S.D.N.Y.1992, 788 F.Supp. 1317. Environmental Law ⟨⟩ 445(1)

Property owner and lessee, which had operated wood treatment plant on site, were jointly and severally liable for environmental damage which resulted from leaks of hazardous chemicals during plant's operation; CERCLA imposed strict liability on both owner and operator without reference to whether they caused or contributed to release or threat of release. Weyerhaeuser Co. v. Koppers Co., Inc., D.Md.1991, 771 F.Supp. 1420. Environmental Law ⟨⟩ 445(3)

211. Municipalities, owners and operators

Whether city and fire company that responded to a fire at a commercial facility were operators of the facility within meaning of CERCLA was an issue for the jury in building owner's action seeking compensation for costs incurred in dealing with the release of hazardous substances during the fire. AMW Materials Testing, Inc. v. Town of Babylon, C.A.2 (N.Y.) 2009, 584 F.3d 436. Environmental Law ⟨⟩ 692

Town and fire company, which exercised authority over the property during the course of the fire at industrial facility pursuant to its contract with the town, were not "operators" of the facility within meaning of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); there were no activities that town and fire company conducted in connection with the facility other than responding to emergencies and issuing of permits for the storage and use of hazardous substances. AMW Materials Testing, Inc. v. Town of Babylon, E.D.N.Y.2004, 348 F.Supp.2d 4, affirmed in part , vacated in part 187 Fed.Appx. 24, 2006 WL 851772 . Environmental Law ⟨⟩ 445(1)

City which purchased property laden with trichloroethylene (TCE) even though the property was identified as a source location for groundwater contamination within groundwater contamination site was an "owner of a facility," and thus, a "potentially responsible party" (PRP), under CERCLA cost recovery provision. City of Wichita v. Aero Holdings, Inc., D.Kan.2000, 177 F.Supp.2d 1153. Environmental Law ⟨⟩ 445(1)

Town, which had entered into agreement with former property owner to permit disposal of septic waste, was not "operator" of site, within meaning of CERCLA, absent showing of actual and substantial control of site; although town required that certain precautions be taken at site to protect local environment, it did not exercise ongoing control over disposal activities at site. Delaney v. Town of Carmel, S.D.N.Y.1999, 55 F.Supp.2d 237. Environmental Law ⟨⟩ 445(1)

212. Oil companies, owners and operators

Oil companies which had an easement to run a pipeline through property constituting a hazardous waste facility were not "operators" required under CERCLA to assist in payment of cleanup costs of facilities; there was no indication of leakage from pipe, or that oil companies had taken any part in the day-to-day management of facility. Long Beach Unified School Dist. v. Dorothy B. Godwin California Living Trust, C.A.9 (Cal.) 1994, 32 F.3d

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

1364. Environmental Law ⟶ 445(1)

Lessee waste oil service company and its president and active manager were owners and operators of waste oil tanks and, thus, "responsible parties" for purposes of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), despite their argument that they were ignorant of any polychlorinated biphenyl (PCB) contamination of oil they hauled; company hauled oil from many clients who were generating PCB-contaminated oil, company stored oil in tanks, no one else used the tanks, and the tanks and surrounding soil were highly contaminated with PCBs. U.S. v. Mexico Feed and Seed Co., Inc., C.A.8 (Mo.) 1992, 980 F.2d 478. Environmental Law ⟶ 445(1)

213. Partnerships, owners and operators

Individuals who formed real estate partnership were "responsible persons" under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) as to site where hazardous materials were abandoned, pursuant to general partnership liability under New York law, where partnership owned site, and assets of partnership were insufficient to satisfy its liability. U.S. v. 175 Inwood Associates LLP., E.D.N.Y.2004, 330 F.Supp.2d 213. Environmental Law ⟶ 445(1)

214. Railroads, owners and operators

In government's action for recovery under CERCLA of costs expended to clean up hazardous substances at well field which served as public water supply, which substances had allegedly been released on three nearby properties, railroad which owned two of those properties, one of which was leased to chemical company, was liable for some parts of hazardous wastes found there; evidence showed that railroad sometimes removed train cars from rented property in unsealed condition, allowing residual chemicals to escape, and that it moved at least one leaking rail car to rented property, and with respect to other property, railroad's own expert conceded that contaminations migrated to water field and overlapped with other contaminants there. Kelley v. Thomas Solvent Co., W.D.Mich.1990, 790 F.Supp. 710. Environmental Law ⟶ 445(1)

Railway was not "responsible person" that could be sued by plant owner under CERCLA with respect to accident in which rail car struck above-ground pipeline that delivered hydrochloric acid to plant, causing pipeline to shift onto shoreline of adjacent waterway, given that relevant "vessel or facility" had to belong to liable party, and that pipeline, as relevant "vessel or facility" from which acid threatened to discharge, belonged to plant owner. Tetra Technologies, Inc. v. Kansas City Southern Ry. Co., C.A.5 (La.) 2005, 122 Fed.Appx. 99, 2005 WL 19506, Unreported. Environmental Law ⟶ 445(1)

215. Suppliers, owners and operators

Supplier of chemical product was not operator within meaning of CERCLA even though supplier provided instructions to trucking company as to type of equipment expected to be used and safety precautions expected to be taken during unloading process where contracts between supplier and company specified that company would perform services as independent contractor, supplier did not own any of trucks in which product was delivered, and supplier's employees did not drive or ride in trucks or participate in off-loading of product at manufacturing

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

plant. E.S. Robbins Corp. v. Eastman Chemical Co., N.D.Ala.1995, 912 F.Supp. 1476. Environmental Law ☞ 445(1)


**216.** Title holders, owners and operators

Although interest of partners and limited partner permitted them to share in profits and losses of partnership, as well as receive distribution of partnership's assets and any allocation of income, where they did not hold title to the partnership's assets under state law, they were not "owners" of property for purposes of liability under CER-CLA. Redwing Carriers, Inc. v. Saraland Apartments, C.A.11 (Ala.) 1996, 94 F.3d 1489, 140 A.L.R. Fed. 691. Partnership ☞ 371


Cleanup cost liability of owners or operators under CERCLA attaches to party if it holds title to property that comprises facility or if party had authority to control cause of contamination at time hazardous substances were released into environment. Castlerock Estates, Inc. v. Estate of Markham, N.D.Cal.1994, 871 F.Supp. 360. Environmental Law ☞ 445(1)


Holder of legal title to one of the lots located at site which contained hazardous waste was liable under CER-CLA and Massachusetts law as owner of portion of site from or at which there had been release or threat of release. Com. of Mass. v. Blackstone Valley Elec. Co., D.Mass.1992, 808 F.Supp. 912, 126 A.L.R. Fed. 737, supplemented 867 F.Supp. 78. Environmental Law ☞ 445(1)


Holding legal title to real property in Illinois as trustee to land trust is not "owning" property for purposes of CERCLA response costs; under Illinois land trust laws, trustee's sole duty is to hold and dispose of legal title and beneficiary retains full management and control of land trust. U.S. v. Petersen Sand and Gravel, Inc., N.D.Ill.1992, 806 F.Supp. 1346, on reconsideration. Environmental Law ☞ 445(1)


**217.** United States, owners and operators

District court did not clearly err in finding airfield operator solely liable for trichloroethylene (TCE) contamination at public airport, in operator's cost recovery action against United States under CERCLA; operator failed to present evidence that U.S. Army either used or released TCE during its earlier operation of airfield. Raytheon Aircraft Co. v. U.S., C.A.10 (Kan.) 2009, 590 F.3d 1112. Environmental Law ☞ 445(1)


Owner of facility that retrofitted rocket motors for the United States and later voluntarily cleaned up the contamination caused by this work was entitled to seek recovery of its response costs from the United States under CERCLA provision allowing recovery of costs of response incurred by "any other person" besides the United States government or a state or an Indian tribe. Atlantic Research Corp. v. U.S., C.A.8 (Ark.) 2006, 459 F.3d 827, certiorari granted 127 S.Ct. 1144, 549 U.S. 1177, 166 L.Ed.2d 910, affirmed 127 S.Ct. 2331, 551 U.S. 128, 168 L.Ed.2d 28. Environmental Law ☞ 444


Federal government did not exercise actual control over operations at zinc mine during World War II, so as to render it liable as "operator" for hazardous waste clean-up under CERCLA, even though it imposed price and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

labor restrictions intended to protect its efforts to acquire zinc for munitions production, provided financing backing for mine, and entered into output contract with mine; these actions were not sufficient, jointly or separately, to establish that government was "operator." East Bay Mun. Utility Dist. v. U.S. Dept. of Commerce, C.A.D.C.1998, 142 F.3d 479, 330 U.S.App.D.C. 31. Environmental Law ☞ 445(1)

Government managed design and location of waste dumps for four mines in which mining companies mined phosphate ore, and thus government was operator, subject to liability under CERCLA, for costs associated with selenium contamination that were incurred at mines' waste dumps; government engineer stated that he designed waste dump and that government told mining company that it would implement waste dump government's way or not at all, government officials met, without companies, to discuss waste dump design and locations, and government regularly inspected mines to ensure compliance with mining plans and waste disposal guidelines. Nu-West Min. Inc. v. U.S., D.Idaho 2011, 768 F.Supp.2d 1082. Environmental Law ☞ 445(1)

United States did not own or operate public airport site at the time that trichloroethylene (TCE) was released to the environment at the site, as required to entitle aircraft company to cost recovery and contribution against the United States under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA); at time site was an army airfield, army neither used, nor released, TCE during its operations. Raytheon Aircraft Co. v. U.S., D.Kan.2008, 556 F.Supp.2d 1265, subsequent determination 2008 WL 2561099, affirmed 590 F.3d 1112. Environmental Law ☞ 445(1); Environmental Law ☞ 447

United States was "owner" of former open-pit uranium mine located on Indian reservation, and thus was subject to liability under CERCLA for response costs incurred in cleaning mine up, even though property had been allocated to individual tribe member in severalty pursuant to General Allotment Act, where land was not patented before passage of Indian Reorganization Act, United States had extensive responsibilities under Indian Mineral Leasing Act to lease mineral rights for tribe's benefit, Congress divested tribe of its right of use and occupancy to all or certain portions of reservation, United States executed mining leases that granted various authority and responsibilities to United States rather than tribe, and United States was involved in determining whether mine would prove to be good source of uranium concentrate and, throughout leasehold, reviewed and approved lessee's mining plans. U.S. v. Newmont USA Ltd., E.D.Wash.2007, 504 F.Supp.2d 1050. Environmental Law ☞ 445(1); Indians ☞ 192

Evidence failed to establish that chlorinated solvents were used in vapor degreasers during Army Air Forces' engine overhaul operations which occurred in airport buildings during the World War II period when buildings were owned by the United States; thus, county, which later acquired ownership of airport, was not entitled to contribution from the United States for response costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Miami-Dade County, Fla. v. U.S., S.D.Fla.2004, 345 F.Supp.2d 1319. Environmental Law ☞ 441; Environmental Law ☞ 447

Evidence failed to establish that the United States Air Force managed, directed, or conducted operations specifically related to pollution at airport facilities leased by military contractor to perform engine overhaul work, and therefore United States was not an "operator" of contractor so as to be subject to Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); evidence failed to establish that there existed a

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

contemporaneous belief or understanding by anyone that the U.S. Air Force, or any other federal agency, was responsible for or involved in operations creating wastes or industrial waste management of contractor or other airport tenants or for making decisions about contractor's compliance with environmental laws and regulations. Miami-Dade County, Fla. v. U.S., S.D.Fla.2004, 345 F.Supp.2d 1319. Environmental Law ⚖ 445(1)

Federal government was not "operator" of mines during World War II, for purpose of determining whether it was liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for natural resource damages from mine tailings; although there was threat of seizure and government set price for metals, threat was never triggered and government did not control who could purchase metals at given prices, mining companies owned the equipment used in mines and mills, and mining companies controlled the mechanisms creating tailings and disposal of tailings. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. United States ⚖ 125(9)

United States, as bare legal title holder of unpatented mining claims in national forest, was not liable as "owner" under CERCLA for contamination caused by claimholders; United States received no financial benefit from its lands subject to unpatented mining claims, lacked power to retain title to its land if claimant sought title, could not set boundaries of conveyance or establish terms of sale based upon land's value, was not allowed to exclude individuals from land, and could only regulate mining activities in national forests in order to protect surface resources. U.S. v. Friedland, D.Colo.2001, 152 F.Supp.2d 1234. Environmental Law ⚖ 445(1)

United States' financial incentive program to encourage discovery of new sources for copper, lead, and zinc immediately following World War II did not constitute exercise of requisite degree of authority or control over mine to subject United States to operator liability under CERCLA for cleanup of acid mine drainage; mining company voluntarily applied for and received funds for its proposed exploratory drilling under program, and thus any changes in its operations to mine in particular place or way resulted from its own decision to seek federal funding, not from any governmental directive. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1997, 987 F.Supp. 1277. Environmental Law ⚖ 445(1)

United States' activities to encourage zinc and copper mining production during World War II did not constitute exercise of requisite degree of authority or control over mine to subject United States to operator liability under CERCLA for cleanup of acid mine drainage; government's assistance, facilitation, monitoring, and incentives did not involve day-to-day management or control over basic operational decisions such as whether to mine at all, how much to produce, where on mountain to mine, and whether to ameliorate creation of acid mine drainage. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1997, 987 F.Supp. 1277. Environmental Law ⚖ 445(1)

Broad principle that operator liability under CERCLA generally would not extend beyond person operating facility, absent circumstances indicating that failure to extend liability to another entity would result in perpetration of fraud or wrong, precluded extension of operator liability to United States with regard to actions of manufacturer under defense contracts for production of military aircraft engines. Rospatch Jessco Corp. v. Chrysler Corp., W.D.Mich.1995, 962 F.Supp. 998, as amended. Environmental Law ⚖ 445(1)

Although Air Force had heightened level of involvement in manufacturing of military aircraft engines by de-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

fense contractor, Air Force did not exercise sufficiently substantial control over, or active involvement in, activities of contractor to support imposition of CERCLA operator liability under actual control test; although government loaned money to contractor, supplied equipment, kept representatives at plant, and determined whether to pay overtime, contractor sought out defense work, management decisions were made exclusively by contractor, Air Force was not involved in manner of production except by contract specifications, and contractor's procurement department purchased supplies necessary to maintain plant. Rospatch Jessco Corp. v. Chrysler Corp., W.D.Mich.1995, 962 F.Supp. 998, as amended. Environmental Law ☞ 445(1)

United States did not control operations of shipyard, so as to become "operator" under CERCLA, even though United States allegedly supervised shipyard production through placement of on-site supervisors and inspectors; United States did not require any changes in procedures or conduct any of work, primary concern of government inspectors and accountants was efficiency and cost control, and none of cited activities related to actually controlling activity that produced pollution. State of Wash. v. U.S., W.D.Wash.1996, 930 F.Supp. 474. Environmental Law ☞ 445(1)

Under actual control test, United States could not be held liable as "operator" under CERCLA in connection with environmental contamination at site of plant which manufactured herbicide used in war, as United States did not exercise actual or substantial control over operations at plant; United States personnel did not hire, fire, discipline or manage any of manufacturer's personnel working at herbicide production process at plant, and did not control or participate in manufacturer's waste disposal activities. Maxus Energy Corp. v. U.S., N.D.Tex.1995, 898 F.Supp. 399, affirmed 95 F.3d 1148. Environmental Law ☞ 445(1)

While United States is a "person" under CERCLA, liability can be imposed only when government acts as operator of a business concern, not when it is acting in governmental or regulatory capacity. U.S. v. American Color and Chemical Corp., M.D.Pa.1994, 858 F.Supp. 445. Environmental Law ☞ 445(1)

Federal government did not become "operator" of rail yard, and did not subject itself to liability under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), when it undertook environmental clean-up activities at yard. In re Paoli R.R. Yard PCB Litigation, E.D.Pa.1992, 790 F.Supp. 94, affirmed 980 F.2d 724. Environmental Law ☞ 445(1)

218. States and state authorities, owners and operators

State thruway authority was not "responsible party" under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) as owner or operator of a facility where there was no evidence that hazardous substances were deposited, stored, disposed of, placed, or otherwise located on the authority's property. Town of New Windsor v. Tesa Tuck, Inc., S.D.N.Y.1996, 935 F.Supp. 305. Environmental Law ☞ 445(1)

219. Vendors, owners and operators

Commercial purchaser alleged that vendor was "owner" of property at time when hazardous substances were discharged, as required to state claim for declaratory judgment as to vendor's liability under Comprehensive En-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

vironmental Response Compensation and Liability Act (CERCLA); complaint averred that vendor had de facto ownership interest in property, since lease created by sale-leaseback agreement imposed upon vendor all costs and obligations relating to property as though it were sole owner. Pateley Associates I, LLC v. Pitney Bowes, Inc., D.Conn.2010, 704 F.Supp.2d 140. Environmental Law ☞ 445(1)

IV. ARRANGERS

<Subdivision Index>

Agreements and contracts 245

Arrangers generally 241

Broker 252

Contractors 253

Control 242

Corporations 254-257

    Corporations - Generally 254

    Corporations - Officers and directors of corporation 255

    Corporations - Parent and subsidiary 256

    Corporations - Stockholders or shareholders 257

Counties 258

Creditors 262

Delivery of product, sales or transfers 250

Developers 259

Intent 244

Knowledge 243

Manufacturers 260

Miscellaneous transactions 266

Municipalities 261

Nexus to hazardous substance 246

Officers and directors of corporation, corporations 255

Ownership or possession 247

Parent and subsidiary, corporations 256

Sales or transfers 248-250

    Sales or transfers - Generally 248

    Sales or transfers - Delivery of product 250

    Sales or transfers - Value or usefulness of product 249

Secured creditors 262

States 263

Stockholders or shareholders, corporations 257

Transportation 264

Treatment of hazardous substances 251

United States 265

Usefulness of product, sales or transfers 249

Value or usefulness of product, sales or transfers 249

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

241. Arrangers generally

CERCLA liability under the arranger provision would attach for environmental contamination if an entity were to enter into a transaction for the sole purpose of discarding a used and no longer useful hazardous substance. Burlington Northern and Santa Fe Ry. Co. v. U.S., U.S.2009, 129 S.Ct. 1870, 173 L.Ed.2d 812. Environmental Law ☞ 445(1)

When determining whether party "arranged for" disposal of hazardous substance to incur CERCLA liability, there is no per se rule, and court must focus on all of the facts in particular case; CERCLA does not define phrase "arranged for" and legislative history offers little guidance. South Florida Water Management Dist. v. Montalvo, C.A.11 (Fla.) 1996, 84 F.3d 402. Environmental Law ☞ 445(1)

Person that generates hazardous substances and arranges for their disposal is strictly liable under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), regardless of whether person was at fault or whether substance actually caused or contributed to any damage, for all costs of remediating environmental damages at site at which substances ultimately are disposed. St. Paul Fire and Marine Ins. Co. v. Warwick Dyeing Corp., C.A.1 (R.I.) 1994, 26 F.3d 1195. Environmental Law ☞ 445(1)

The determination whether an entity is an arranger under CERCLA requires a fact-intensive inquiry that looks beyond the parties' characterization of the transaction as a "disposal" or "sale" and seeks to discern whether the arrangement was one Congress intended to fall within the scope of CERCLA's strict-liability provisions. U.S. v. Washington State Dept. of Transp., W.D.Wash.2009, 665 F.Supp.2d 1233, reconsideration denied 2009 WL 3413638. Environmental Law ☞ 445(1)

Once it has been determined that seller intended to arrange for disposal of hazardous substance by selling lead enclosed in contaminated battery casings, strict liability takes effect, and it is responsible under CERCLA for any resulting damages. U.S. v. Atlas Lederer Co., S.D.Ohio 2001, 282 F.Supp.2d 687. Environmental Law ☞ 445(1)

Generally speaking, to be found liable under CERCLA as an "arranger", party must have either been in actual or constructive ownership or possession of the hazardous wastes, or party must be found to have had the authority or duty to exercise control of the hazardous substance; such authority must be exercised by some affirmative act, which can consist of a failure to act. Briggs & Stratton Corp. v. Concrete Sales & Services, Inc., M.D.Ga.1998, 990 F.Supp. 1473, affirmed 211 F.3d 1333. Environmental Law ☞ 445(1)

In absence of contract or agreement, court must look to totality of circumstances, including any affirmative acts to dispose, to determine whether transaction involved arrangement for disposal, for purposes of arranger liability under CERCLA. E.P.A. By and Through U.S. v. TMG Enterprises, Inc., W.D.Ky.1997, 979 F.Supp. 1110. Environmental Law ☞ 445(1)

To prove CERCLA arranger liability, plaintiffs were required to show that company was an arranger, that release or threatened release from facility occurred, that plaintiffs incurred response costs as result, and that costs

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

were necessary and consistent with national contingency plan. U.S. v. Vertac Chemical Corp., E.D.Ark.1997, 966 F.Supp. 1491, affirmed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Environmental Law ☞ 445(1)

Whether arrangement for disposal of hazardous substances occurred within meaning of CERCLA depends on totality of circumstances, on case-by-case basis. U.S. v. Gordon Stafford, Inc., N.D.W.Va.1997, 952 F.Supp. 337. Environmental Law ☞ 445(1)

For party to liable as "arranger" under CERCLA, substances disposed of must have been "hazardous" under CERCLA, party must have "owned or possessed" substances, and it must have "arranged" for their disposal. Transportation Leasing Co. v. State of Cal. (CalTrans), C.D.Cal.1993, 861 F.Supp. 931, 133 A.L.R. Fed. 635. Environmental Law ☞ 445(1)

Whether party "arranged for disposal" of hazardous substance to cause liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) depends on facts of each case and must be decided by reviewing entire record. U.S. v. Gordon Stafford, Inc., N.D.W.Va.1993, 810 F.Supp. 182. Environmental Law ☞ 445(1)

Whether arrangement for disposal of hazardous substances exist depends upon facts of each case in action under CERCLA. U.S. v. Wedzeb Enterprises, Inc., S.D.Ind.1992, 809 F.Supp. 646. Environmental Law ☞ 445(1)

242. Control, arrangers

United States did not exercise requisite control to be held liable, pursuant to broad theory of arranger liability under CERCLA, for cleanup costs associated with "non-benzol" wastes that were incurred at site at which oil companies dumped acid waste from aviation fuel refineries during World War II, even though United States could have exercised control over companies' disposal of such waste, given that United States never owned waste and did not exercise actual control over, or have direct ability to control, waste's disposal. U.S. v. Shell Oil Co., C.A.9 (Cal.) 2002, 294 F.3d 1045, certiorari denied 123 S.Ct. 850, 537 U.S. 1147, 154 L.Ed.2d 849. United States ☞ 125(9)

Oil companies were not "arrangers" of their service station tenants' disposal of waste oil and, therefore, were not liable on that basis under CERCLA, even if companies had ability or opportunity to control the disposal, and even though companies leased underground storage tanks to tenants, sold virgin motor oil to them, and exercised control over certain aspects of tenants' businesses; companies had no obligation to exercise control over disposal of waste oil. General Elec. Co. v. AAMCO Transmissions, Inc., C.A.2 (N.Y.) 1992, 962 F.2d 281. Environmental Law ☞ 445(1)

Plant supervisor for chemical manufacturer could be held individually liable for having arranged for transportation and disposal of hazardous substances where he had authority to control handling and disposal of hazardous substances, and was directly responsible for arranging for transportation and disposal of hazardous substances.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

U.S. v. Northeastern Pharmaceutical & Chemical Co., Inc., C.A.8 (Mo.) 1986, 810 F.2d 726, certiorari denied 108 S.Ct. 146, 484 U.S. 848, 98 L.Ed.2d 102. Environmental Law ⚷ 445(1)

While the ability to exercise control over the waste may not be sufficient to impose arranger liability on its own under CERCLA, if there is also an obligation to manage waste disposal then there may be liability. U.S. v. Washington State Dept. of Transp., W.D.Wash.2009, 665 F.Supp.2d 1233, reconsideration denied 2009 WL 3413638. Environmental Law ⚷ 445(1)

Town, which had entered into agreement with former property owner to permit disposal of septic waste, did not "arrange" for disposal or treatment of hazardous substances at site, for purposes of CERCLA liability, absent showing that town was actively involved in timing, manner, or location of disposal, or that it had obligation to control septic waste haulers to whom it issued permits to use site. Delaney v. Town of Carmel, S.D.N.Y.1999, 55 F.Supp.2d 237. Environmental Law ⚷ 445(1)

Bus manufacturer's specification of the coating required on various parts sent to be electroplated by metal finishing and plating business did not constitute an affirmative act constituting control of disposal of wastes generated by electroplater in applying the coatings sufficient to impose CERCLA arranger liability on manufacturer; specifications related to type of coating and final result required for each part to be coated but did not specify chemicals or method to be used and did not indicate how resulting chemical wastes would be disposed of. Briggs & Stratton Corp. v. Concrete Sales & Services, Inc., M.D.Ga.1998, 990 F.Supp. 1473, affirmed 211 F.3d 1333. Environmental Law ⚷ 445(1)

Merely exercising business influence over a company does not equate to controlling that company's hazardous waste disposal methods sufficient to impose arranger liability under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). Briggs & Stratton Corp. v. Concrete Sales & Services, Inc., M.D.Ga.1997, 971 F.Supp. 566, affirmed 211 F.3d 1333. Environmental Law ⚷ 445(1)

"Authority to control" test is appropriate for arranger liability of corporate officer under CERCLA; to hold otherwise would encourage persons in authority to turn blind eye to method of disposal of their corporation's hazardous substances, which would contravene underlying policy of CERCLA. U.S. v. TIC Inv. Corp., N.D.Iowa 1994, 866 F.Supp. 1173, affirmed in part , reversed in part 68 F.3d 1082, rehearing and suggestion for rehearing en banc denied, certiorari denied 117 S.Ct. 50, 519 U.S. 808, 136 L.Ed.2d 14. Corporations And Business Organizations ⚷ 1970

Attorney who provided legal advice to corporate landfill operator and independent contractor that provided technical and engineering services in connection with operation of landfill were not "arrangers" subject to response cost liability under CERCLA; neither attorney nor contractor had any operational control over landfill and could not direct movement or disposal of waste deposited there. City of North Miami, Fla. v. Berger, E.D.Va.1993, 828 F.Supp. 401. Environmental Law ⚷ 445(1)

243. Knowledge, arrangers

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

While it is true that in some instances an entity's knowledge that its product will be leaked, spilled, dumped, or otherwise discarded may provide evidence of the entity's intent to dispose of its hazardous wastes, for purpose of determining the entity's liability under the arranger provision of CERCLA, knowledge alone is insufficient to prove that an entity planned for the disposal, particularly when the disposal occurs as a peripheral result of the legitimate sale of an unused, useful product. Burlington Northern and Santa Fe Ry. Co. v. U.S., U.S.2009, 129 S.Ct. 1870, 173 L.Ed.2d 812. Environmental Law ⛓ 445(1)

A party may not become an arranger under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) through inadvertence; the party must have some intent to make preparations for the disposal of hazardous waste, though that intent goes to the matter of disposing waste generally, not to disposing of it in a particular manner or at a particular location, and the requisite intent may be inferred from the totality of the circumstances and need not depend on the parties' own characterizations of their transactions. GenCorp, Inc. v. Olin Corp., C.A.6 (Ohio) 2004, 390 F.3d 433, rehearing en banc denied , certiorari denied 126 S.Ct. 420, 546 U.S. 935, 163 L.Ed.2d 320, on remand 2005 WL 6088708. Environmental Law ⛓ 445(1)

In determining whether party "arranged for" disposal or treatment of hazardous substance to incur CERCLA liability, while factors such as party's knowledge of disposal, ownership of hazardous substances, and intent are relevant to determining whether there has been an arrangement for disposal, factors are not necessarily determinative of liability in every case. South Florida Water Management Dist. v. Montalvo, C.A.11 (Fla.) 1996, 84 F.3d 402. Environmental Law ⛓ 445(1)

Army Corps of Engineers was not required under CERCLA to contribute to costs of entities involved in producing and manufacturing paper containing polychlorinated biphenyl (PCB) in cleaning up PCB-contaminated river, even though there was evidence suggesting that there was some leakage of PCBs back into the river as a result of the Corps' dredging activities, and some of this could have occurred during a time when the dangers of PCB contamination were widely known, given the vast disparities in the parties' knowledge. Appleton Papers Inc. v. George A. Whiting Paper Co., E.D.Wis.2011, 2011 WL 806411. Environmental Law ⛓ 447

Knowledge that a process inherently results in the disposal of hazardous chemicals can give rise to arranger liability under CERCLA section which imposes liability for the costs of cleaning up hazardous waste on any person who arranged for disposal or treatment of hazardous substances. Celanese Corp. v. Coastal Water Authority, S.D.Tex.2007, 475 F.Supp.2d 623. Environmental Law ⛓ 445(1)

Property owner's allegations that chemical manufacturer knew at the time dry-cleaning fluid was made and sold that the dry cleaning process inherently resulted in the release of chemicals into the ground were sufficient to state claim against the manufacturer for arranger liability under CERCLA in action arising from alleged contamination of owner's property. Vine Street LLC v. Keeling, E.D.Tex.2005, 362 F.Supp.2d 754. Environmental Law ⛓ 445(1)

Exploration contracts and activities undertaken by Bureau of Mines (BOM) during World War II created "arranger" liability for United States under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for natural resource damages from tailings, since United States should have known that ex-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ploration would have created mining tailings and government encouraged generation of tailings from exploration. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. United States ☞ 125(9)

Corporation "arranged for disposal of hazardous substances," and was thus "responsible person" under CERCLA, by allowing private parties to take away what private parties believed to be drums of used hydraulic oil, but which turned out to contain hazardous solvents; corporation's executives did not have conclusive knowledge of what was taken, executives conceded that solvents were stored on corporation's property and could have been mixed with oil, and private parties removed all available drums. Illinois v. Grigoleit Co., C.D.Ill.2000, 104 F.Supp.2d 967. Environmental Law ☞ 445(1)

Knowledge of waste disposal arrangement must be alleged, at a minimum, for arranger liability under CERCLA to be triggered. In re Tutu Wells Contamination Litigation, D.Virgin Islands 1998, 994 F.Supp. 638. Environmental Law ☞ 445(1); Environmental Law ☞ 673

General knowledge that work for which a company contracts with another to perform would result in the generation of hazardous wastes does not in itself make contractor an "arranger" for disposal of such waste under CERCLA; such general knowledge does not equate to actual knowledge of performer's methods of disposing of the wastes, nor does it show actual involvement in the waste disposal. Briggs & Stratton Corp. v. Concrete Sales & Services, Inc., M.D.Ga.1998, 990 F.Supp. 1473, affirmed 211 F.3d 1333. Environmental Law ☞ 445(1)

Knowledge of the waste disposal arrangement must be alleged, at a minimum, for arranger liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) to be triggered. Lentz v. Mason, D.N.J.1997, 961 F.Supp. 709. Environmental Law ☞ 445(1)

Fact that batteries were sold to broker and then sent to battery recycling facility did not preclude imposition of CERCLA arranger liability against sellers, in light of evidence that sellers knew destination of their batteries; plant manager testified that less than one percent of scrap batteries purchased were delivered to any other site. Gould Inc. v. A & M Battery & Tire Service, M.D.Pa.1996, 933 F.Supp. 431. Environmental Law ☞ 445(1)

Business engaged in collection and transportation of waste to disposal sites could be held liable as arranger under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) for arranging with another business, after finding that its disposal site was unavailable for customer's drummed waste, to deliver such waste to other business' yard for disposal, notwithstanding that business was not aware of actual disposal site. State of N.Y. v. SCA Services, Inc., S.D.N.Y.1994, 844 F.Supp. 926. Environmental Law ☞ 445(1)

Owners of buildings erected over railroad tracks, who made affirmative decision not to remove asbestos containing material (ACM) from pillars and undersides of buildings, after being notified that ACM was flaking onto tracks, were persons who arranged for "disposal" of hazardous substances, so as to be covered parties under CERCLA. National R.R. Passenger Corp. v. New York City Housing Authority, S.D.N.Y.1993, 819 F.Supp. 1271. Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Sellers of used, surplus equipment at blind auction sales were liable under CERCLA as generators of hazardous substances for costs associated with disposal of that equipment, even though they did not know that purchaser intended to scrap their equipment rather than reusing it; sellers could not avoid CERCLA liability simply by keeping blinders on during transaction. U.S. v. Summit Equipment & Supplies, Inc., N.D.Ohio 1992, 805 F.Supp. 1422, reconsideration denied. Environmental Law ⟲ 445(1)

Lack of admissible evidence as to whether chemical company provided manufacturer with extra DDT (dichloro-diphenyl-trichloro-ethane) as "spillage allowance" in manufacturer's processing of company's technical-grade DDT did not foreclose claim against company for arranger liability under CERCLA; circumstantial evidence could be relied on to establish that company anticipated DDT loss. Levin Metals Corp. v. Parr-Richmond Terminal Co., N.D.Cal.1991, 781 F.Supp. 1452. Environmental Law ⟲ 465

Under CERCLA, generators of waste can be liable for disposal of waste at particular site even when defendants did not know that substances would be deposited at that site or in fact believed that they would be deposited elsewhere. U.S. v. Hardage, W.D.Okla.1990, 750 F.Supp. 1444. Environmental Law ⟲ 445(1)

244. Intent, arrangers

An entity may qualify as an "arranger" of the disposal of hazardous substances, for purpose of liability provision of CERCLA, when it takes intentional steps to dispose of a hazardous substance. Burlington Northern and Santa Fe Ry. Co. v. U.S., U.S.2009, 129 S.Ct. 1870, 173 L.Ed.2d 812. Environmental Law ⟲ 445(1)

In determining arranger liability under CERCLA, once it has been demonstrated that a party possessed the requisite intent to be an arranger, the party cannot escape liability by claiming that it had no intent to have the waste disposed in a particular manner or at a particular site. U.S. v. Cello-Foil Products, Inc., C.A.6 (Mich.) 1996, 100 F.3d 1227. Environmental Law ⟲ 445(1)

Federal government sufficiently alleged that owner of buildings contaminated with polychlorinated biphenyls (PCBs) and its parent company "arranged for disposal" of the PCBs by taking intentional steps to dispose of the PCBs, as required for government to recover for its response costs related to cleanup of disposal site under CERCLA; government alleged that defendants "arranged with [third party] to dismantle" contaminated buildings, and it could reasonably be inferred that defendants planned for the disposal of the PCBs, although government did not allege specific facts regarding this intent, because crucial evidence of intent was likely to be in the exclusive possession, custody, or control of defendants, and it would be unrealistic and unduly restrictive to require government to submit detailed pleadings about that intent. U.S. v. Dico, Inc., S.D.Iowa 2011, 2011 WL 677448. Environmental Law ⟲ 445(1)

In determining whether to impose CERCLA arranger liability on scrap metal collector, district court would consider several factors when assessing collector's intent with respect to sale of lead plates from used batteries to operator of secondary lead smelter: type of agreement arranged between parties, benefits reaped by parties as a result of their transaction, and purpose and or motive of transaction. RSR Corp. v. Avanti Development, Inc., S.D.Ind.1999, 69 F.Supp.2d 1119. Environmental Law ⟲ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

In order to impose arranger liability under CERCLA, defendant must have intended to get rid of its hazardous waste, though plaintiff need not prove intent to cause "disposal" as that term is statutorily defined. Ekotek Site PRP Committee v. Self, D.Utah 1996, 932 F.Supp. 1328, reconsideration denied 932 F.Supp. 1319. Environmental Law ⬩ 445(1)

Section of CERCLA imposing liability on person who "arranged for" disposal of hazardous substances does not require proof of defendant's intent to dispose of hazardous substance. Chatham Steel Corp. v. Brown, N.D.Fla.1994, 858 F.Supp. 1130. Environmental Law ⬩ 445(1)

Purchasers of solvents that were delivered in drums were not subjected to arranger liability under CERCLA when they returned drums containing solvent residues to solvents' producer in exchange for deposit, and solvents were released into environment when drums were rinsed by producer, absent showing that purchasers intended to dispose of residual amounts of hazardous substances remaining in returned drums; purpose of returning drums was to recover deposits that purchasers had paid, and disposal of residues was merely incidental to drum return. U.S. v. Cello-Foil Products, Inc., W.D.Mich.1994, 848 F.Supp. 1352, reversed 100 F.3d 1227. Environmental Law ⬩ 445(1)

245. Agreements and contracts, arrangers

Co-venturer "arranged for" hazardous waste disposal in its own capacity, for purpose of manufacturer's contribution claim under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), where parties entered into agreement to build manufacturing plant, generation of toxic waste was natural by-product of manufacturing process, and co-venturer knew that process generated hazardous waste when it approved plant design specifications and capital expenditure requests because construction plans specifically provided that hazardous waste generated by plant would be placed in drums and buried at off-site location. GenCorp, Inc. v. Olin Corp., C.A.6 (Ohio) 2004, 390 F.3d 433, rehearing en banc denied , certiorari denied 126 S.Ct. 420, 546 U.S. 935, 163 L.Ed.2d 320, on remand 2005 WL 6088708. Environmental Law ⬩ 445(1); Environmental Law ⬩ 447

Supplier was an "arranger" for purposes of CERCLA liability in Environmental Protection Agency's (EPA) response cost action against participants in manufacture of Agent Orange which led to pollution of site by dioxin; supplier and manufacturer entered into "toll conversion agreement" under which supplier provided key component to manufacturer, and manufacturer did not purchase component, but instead, it offset the value of the component from the price of the end product that it sold to supplier. U.S. v. Hercules, Inc., C.A.8 (Ark.) 2001, 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Environmental Law ⬩ 445(1)

Alleged failure of limited partners in partnership which owned property with respect to cleaning up tar seeps discovered on the property did not amount to "arrangement" for disposal of the hazardous substance so as to impose arranger liability on the limited partners, even though they may have agreed to remove substance from the site and dispose of it elsewhere. Redwing Carriers, Inc. v. Saraland Apartments, C.A.11 (Ala.) 1996, 94 F.3d 1489, 140 A.L.R. Fed. 691. Partnership ⬩ 371

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Agreement amongst reorganized Chapter 11 debtor, third party, and Illinois Environmental Protection Agency (IEPA), as part of plan of reorganization, obligating third party to indemnify debtor for all debtor's CERCLA liability at scrap processing facility that debtor had purchased from third party, included indemnification for arranger liability under CERCLA for battery-breaking activities at site pursuant to battery processing agreement. Taracorp, Inc. v. NL Industries, Inc., C.A.7 (Ill.) 1996, 73 F.3d 738, rehearing and suggestion for rehearing en banc denied , on remand 1996 WL 501721. Environmental Law ☞ 447

Chemical company which contracted with chemical formulator to formulate raw materials provided by company into wood preservation compounds, which retained ownership of all materials it supplied the formulator, and whose agreement with formulator contemplated 2% spillage of materials, "arranged for disposal" of toxic substances within meaning of liability provision of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Jones-Hamilton Co. v. Beazer Materials & Services, Inc., C.A.9 (Cal.) 1992, 973 F.2d 688. Environmental Law ☞ 445(1)

Landowner seeking contribution and recovery of costs related to environmental cleanup of harbor adequately alleged arranger liability as to potentially responsible party (PRP) under Comprehensive Environmental Response Compensation and Liability Act (CERCLA), where complaint averred that PRP took intentional steps to dispose of hazardous substances by contracting with transportation company to dispose of wastes at common facility. Arkema Inc. v. Anderson Roofing Co., Inc., D.Or.2010, 719 F.Supp.2d 1318. Environmental Law ☞ 445(1); Environmental Law ☞ 447

Although wrecking company did not deposit construction and demolition material at landfill site as part of alleged "sting" operation aimed at gathering information about waste hauling industry, company entered into agreement with site owners which permitted company to transport and dispose of demolition debris on site, and in fact transported and disposed of such waste, thus subjecting itself to CERCLA liability as "responsible party." Prisco v. State of N.Y., S.D.N.Y.1995, 902 F.Supp. 374. Environmental Law ☞ 445(1)

Admissions that federal, state, county, and city personnel had discharged firearms containing lead bullets at site of former gun range pursuant to contract or agreement established that government personnel contributed in some extent to lead contamination of site and, thus, that governments were "responsible parties" within meaning of CERCLA. Kamb v. U.S. Coast Guard, N.D.Cal.1994, 869 F.Supp. 793. Environmental Law ☞ 445(1)

Whether company which contracted to have plastic-insulated copper wire burned and smelted was "strictly liable" under CERCLA for arranging for disposal of hazardous ash which resulted in burning of plastic insulation was fact question precluding summary judgment in suit for cleanup costs. Courtaulds Aerospace, Inc. v. Huffman, E.D.Cal.1993, 826 F.Supp. 345. Federal Civil Procedure ☞ 2498.3

No agreement existed between Michigan Department of Natural Resources and corporate purchasers of site regarding groundwater contamination problem at site that could be basis of subjecting Department and purchasers to CERCLA liability as "arrangers" for unchecked spread of groundwater contamination at site. CPC Intern., Inc. v. Aerojet-General Corp., W.D.Mich.1991, 777 F.Supp. 549, affirmed in part , reversed in part 59 F.3d 584, rehearing granted , vacated 67 F.3d 586, on rehearing 113 F.3d 572, certiorari granted 118 S.Ct. 621, 522 U.S.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

1024, 139 L.Ed.2d 506, vacated 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232, vacated 118 S.Ct. 2317, 524 U.S. 924, 141 L.Ed.2d 692. Environmental Law 445(1)

State's approval of manifests, which allowed generator or transporter to deposit hazardous waste at landfill, was not agreement with hazardous waste disposer that would have permitted State to be held liable as "arranger" under CERCLA; manifests merely allowed deposit of waste at landfill and did not require such disposal, even after approval. Hassayampa Steering Committee v. State of Ariz., D.Ariz.1991, 768 F.Supp. 697. Environmental Law 445(1)

Prior operator of hazardous waste site stated cause of action against Michigan Department of Natural Resources for recovery of response costs under Comprehensive Environmental Response, Compensation, and Liability Act section for one who has arranged for treatment or disposal of hazardous substances at site by alleging that Department entered into contract with subsequent operator accepting responsibility for disposal of certain wastes and that the Department arranged for disposal of the pollutants. CPC Intern., Inc. v. Aerojet-General Corp., W.D.Mich.1989, 731 F.Supp. 783. Environmental Law 445(1)

Buyer of all coal tar at rates lower than market prices was not "generator" of hazardous waste at seller's facility; buyer had no contractual obligation to accept all output; and buyer's vice-president merely provided names of potential raw coal suppliers. U.S. v. Consolidated Rail Corp., D.Del.1990, 729 F.Supp. 1461. Environmental Law 445(1)

Seller of drums of used transformer oil which contained hazardous substances was a responsible party under this chapter despite contention that it did not arrange for disposal or treatment of hazardous substances because it merely sold oil to dragway to be used as dragway owner saw fit, and did not enter into an agreement or arrangement to have oil deposited or otherwise placed on drag strip. State of N.Y. v. General Elec. Co., N.D.N.Y.1984, 592 F.Supp. 291. Environmental Law 445(1)

246. Nexus to hazardous substance, arrangers

Although arranger liability under CERCLA can attach to parties that do not have active involvement regarding timing, manner, or location of disposal, there must be some nexus between potentially responsible party and disposal of hazardous substance. General Elec. Co. v. AAMCO Transmissions, Inc., C.A.2 (N.Y.) 1992, 962 F.2d 281. Environmental Law 445(1)

Dry-cleaning operator, which disposed of wastewater containing hazardous chemicals into sewer system, was subject to liability for response costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) as an "arranger." Differential Development-1994, Ltd. v. Harkrider Distributing Co., S.D.Tex.2007, 470 F.Supp.2d 727. Environmental Law 445(1)

To establish CERCLA defendant's liability, United States must only establish minimal causal nexus between defendant's hazardous waste and harm caused by release at particular disposal site. E.P.A. By and Through U.S. v. TMG Enterprises, Inc., W.D.Ky.1997, 979 F.Supp. 1110. Environmental Law 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Direct liability under CERCLA will extend to party only where there is nexus to decision on disposition of hazardous substance but derivative arranger liability does not require actual participation in wrongful conduct. U.S. v. Wallace, N.D.Tex.1996, 961 F.Supp. 969. Environmental Law ⊙➞ 445(1)

CERCLA liability under theory finding person liable as "arranger" if there is sufficient nexus between defendant and complained of hazardous substance is found not only where defendant was actively involved in decisions regarding hazardous waste disposal, but also where defendant was obligated to control hazardous substances. U.S. v. TIC Inv. Corp., N.D.Iowa 1994, 866 F.Supp. 1173, affirmed in part , reversed in part 68 F.3d 1082, rehearing and suggestion for rehearing en banc denied, certiorari denied 117 S.Ct. 50, 519 U.S. 808, 136 L.Ed.2d 14. Environmental Law ⊙➞ 445(1)

Sufficient nexus may be established between defendant and complained of hazardous substances, for purposes of holding defendant liable as "arranger" for CERCLA response costs, either by showing defendant's actual involvement in disposing of hazardous substances or by showing defendant's obligation to control hazardous substances. Pierson Sand & Gravel, Inc. v. Pierson Tp., W.D.Mich.1994, 851 F.Supp. 850, affirmed 89 F.3d 835. Environmental Law ⊙➞ 445(1)

For liability to attach under statute that imposes CERCLA liability on any person who "arranged for" disposal or treatment of hazardous substances at facility owned by another, there must be sufficient nexus between potentially responsible party and items disposed; this nexus may be established by showing actual involvement in decision to dispose of by showing obligation to control hazardous substance. U.S. v. Fleet Factors Corp., S.D.Ga.1993, 821 F.Supp. 707. Environmental Law ⊙➞ 445(1)

Material issues of fact as to whether there was nexus between chemical companies' acts and ultimate disposal of DDT sufficient to warrant imposition of liability on the companies precluded granting summary judgment in favor of the companies on claim brought against companies under CERCLA. Levin Metals Corp. v. Parr-Richmond Terminal Co., N.D.Cal.1991, 781 F.Supp. 1448, clarified 781 F.Supp. 1452. Federal Civil Procedure ⊙➞ 2498.3

State could not be held liable under CERCLA as "arranger" where it did not actually own or possess hazardous substances deposited in landfill, nor did it have sufficient nexus with substances to demonstrate constructive ownership or possession. Hassayampa Steering Committee v. State of Ariz., D.Ariz.1991, 768 F.Supp. 697. Environmental Law ⊙➞ 445(1)

Allegations that companies and state agency agreed to have agency remedy groundwater contamination at site prior to companies' acquisition of site, if true, were sufficient to establish that companies and agency possessed requisite nexus to hazardous substances required to impose "arranger" liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). CPC Intern., Inc. v. Aerojet-General Corp., W.D.Mich.1991, 759 F.Supp. 1269, reconsideration denied. Environmental Law ⊙➞ 445(1)

Entity may only be liable under Comprehensive Environmental Response, Compensation, and Liability Act

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(CERCLA) provision rendering liable person who arranges for disposal, treatment, or transport of hazardous substances when plaintiff can demonstrate some type of nexus between allegedly responsible person and owner of hazardous substances; when only connection between person allegedly responsible for damage and hazardous waste itself is fact that party in question was attempting to remediate hazardous waste problems at site, liability does not arise under the CERCLA provision. Stilloe v. Almy Bros., Inc., N.D.N.Y.1991, 759 F.Supp. 95, on reconsideration 782 F.Supp. 731. Environmental Law ⚷ 445(1)

County and cities could not be liable, as arrangers, under CERCLA, for response costs that property owner incurred to cleanup lead that allegedly flowed onto property through storm drain systems that were owned or maintained by county and cities; although county and cities might have had obligation to maintain and monitor storm drain system, they never owned alleged waste, and never arranged with another party to dispose of it. Carson Harbor Village Ltd. v. Unocal Corp., C.D.Cal.2003, 2003 WL 22005933, Unreported, amended and superseded 287 F.Supp.2d 1118, affirmed 433 F.3d 1260. Environmental Law ⚷ 445(1)

247. Ownership or possession, arrangers

Landowners who contracted for aerial pesticide application of formulated pesticides were not liable under CERCLA for having "arranged for" disposal of hazardous substances to incur liability for contamination of spraying service's site as fact landowners owned pesticides during application process when it was spilled at site did not, by itself, imply sufficient control over application process to establish liability. South Florida Water Management Dist. v. Montalvo, C.A.11 (Fla.) 1996, 84 F.3d 402. Environmental Law ⚷ 445(1)

Federal government sufficiently alleged that parent company and its subsidiary "owned or possessed" polychlorinated biphenyls (PCBs) at the time they arranged for disposal of PCBs, as required for government to recover for its response costs related to cleanup of disposal site under CERCLA; government expressly alleged that subsidiary owned PCB-contaminated buildings when parent company arranged for them to be dismantled on subsidiary's behalf, and although government did not expressly allege that parent company either owned or possessed PCBs when arranging their disposal, there was a reasonable inference that parent company exercised actual control over PCB-contaminated buildings by arranging for them to be dismantled. U.S. v. Dico, Inc., S.D.Iowa 2011, 2011 WL 677448. Environmental Law ⚷ 445(1)

A CERCLA arranger need not have owned or possessed the hazardous substance at issue to be held liable as an arranger. Vine Street, LLC v. Keeling ex rel. Estate of Keeling, E.D.Tex.2006, 460 F.Supp.2d 728. Environmental Law ⚷ 445(1)

Company that arranged for chemical manufacturer to manufacture product for company out of material supplied by company was liable under CERCLA as an arranger; company owned material it supplied to manufacturer for processing into new product, company retained ownership interest in material during processing stage, company owned product that was returned, generation of hazardous substances was inherent during processing of company's material, and processing by manufacturer resulted in release of hazardous substances. U.S. v. Vertac Chemical Corp., E.D.Ark.1997, 966 F.Supp. 1491, affirmed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Environmental Law ⚷ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Owner of truck from which perchloroethylene (PCE) was pumped into barrels or landfill at manufacturing site was not subject to arranger liability under CERCLA, as owner did not "own or possess" PCE; even if owner was in physical possession of PCE while it passed through pump, owner never had right to make disposal decisions, and owner did not manufacture, formulate, sell, or deliver any PCE or otherwise add to amount of hazardous material that site owner would have used to clean its pipes regardless of who provided pump. ACC Chemical Co. v. Halliburton Co., S.D.Iowa 1995, 932 F.Supp. 233. Environmental Law ⌐⌐ 445(1)

For party to liable as "arranger" under CERCLA, substances disposed of must have been "hazardous" under CERCLA, party must have "owned or possessed" substances, and it must have "arranged" for their disposal. Transportation Leasing Co. v. State of Cal. (CalTrans), C.D.Cal.1993, 861 F.Supp. 931, 133 A.L.R. Fed. 635. Environmental Law ⌐⌐ 445(1)

Ownership is not an essential element of liability under CERCLA of one who arranges for disposal of hazardous substances. Burlington Northern R. Co. v. Woods Industries, Inc., E.D.Wash.1993, 815 F.Supp. 1384. Environmental Law ⌐⌐ 445(1)

Under subsec. (a)(3) of this section imposing liability for response costs on any person who arranges for disposal or treatment of hazardous wastes, person arranging for disposal is not required to actually own or possess the hazardous waste. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law ⌐⌐ 445(1)

248. Sales or transfers, arrangers--Generally

An entity could not be held liable as an arranger for disposal of hazardous substances under CERCLA merely for selling a new and useful product if the purchaser of that product later, and unbeknownst to the seller, disposed of the product in a way that led to contamination. Burlington Northern and Santa Fe Ry. Co. v. U.S., U.S.2009, 129 S.Ct. 1870, 173 L.Ed.2d 812. Environmental Law ⌐⌐ 445(1)

Nail manufacturer that was customer of electroplating facility did not arrange for disposal of hazardous substances by facility in manner that would support imposition of liability upon manufacturer in CERCLA contribution action brought by property owners, even if manufacturer loaned money to facility and knew that electroplating process generated hazardous waste, absent evidence that manufacturer took any action or had any intent to dispose of hazardous substances, that loan money was used for any specific purpose, or that manufacturer knew of or had power to control facility's disposal practices. Concrete Sales and Services, Inc. v. Blue Bird Body Co., C.A.11 (Ga.) 2000, 211 F.3d 1333. Contribution ⌐⌐ 9(6); Environmental Law ⌐⌐ 445(2); Environmental Law ⌐⌐ 445(1)

Sale of spent automotive batteries to lead reclamation plant was 'arrangement for treatment,' under CERCLA provision assessing liability for response costs. Catellus Development Corp. v. U.S., C.A.9 (Cal.) 1994, 34 F.3d 748. Environmental Law ⌐⌐ 445(1)

Sellers of used lead-acid batteries "arranged" for disposal of batteries' lead-contaminated casings, and thus were

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

subject to liability under CERCLA in government's action to recover its costs in responding to release of hazardous substances at battery disposal site, even if sellers had no control over process leading to release of hazardous substances, believed that owner/operator of site was disposing of casings in environmentally responsible manner, and intended only to enter into sale of valuable commodity or useful product, where sellers did not sell lead in form of raw material, but rather sold junk batteries that had to be "cracked" in order for scrap lead to be extracted from casings, sellers made no effort to remove all hazardous material before selling batteries, and owner/operator never re-sold or processed whole batteries that it purchased, but rather drained acid into pit and ground casings for disposal at site. U.S. v. Atlas Lederer Co., S.D.Ohio 2001, 282 F.Supp.2d 687. Environmental Law ☞ 445(1)

Company that sold scrap carbon steel separator sheets to second company, which in turn resold materials to CERCLA site operator, was liable under CERCLA for dumping of materials at site. Cooper Industries, Inc. v. Agway, Inc., N.D.N.Y.1997, 956 F.Supp. 240. Environmental Law ☞ 445(1)

Arranger liability under CERCLA may be found even after arranger transferred title to, and control over, hazardous substances. U.S. v. Poly-Carb, Inc., D.Nev.1996, 951 F.Supp. 1518. Environmental Law ☞ 445(1)

If party merely sells product, without additional evidence that transaction includes arrangement for alternate disposal of hazardous substance, CERCLA liability would not be imposed. Ekotek Site PRP Committee v. Self, D.Utah 1996, 932 F.Supp. 1328, reconsideration denied 932 F.Supp. 1319. Environmental Law ☞ 445(1)

Mere sale of property containing hazardous substances is insufficient to impose CERCLA liability on seller as "responsible party" who "arranged for" disposal or treatment of hazardous substances. G.J. Leasing Co., Inc. v. Union Elec. Co., S.D.Ill.1994, 854 F.Supp. 539, affirmed 54 F.3d 379. Environmental Law ☞ 445(1)

Characterizing transaction as "sale" rather than "arrangement for disposal or treatment" did not protect party from liability under CERCLA, as relevant inquiry was who decided to place waste into hands of facility which contained hazardous wastes. State of Cal. on Behalf of State Dept. of Toxic Substances v. Summer Del Caribe, Inc., N.D.Cal.1993, 821 F.Supp. 574, 125 A.L.R. Fed. 729. Environmental Law ☞ 445(1)

Questions of fact precluded summary judgment on issue whether manufacturers arranged for disposal or treatment of hazardous wastes at facility when they sold capacitors containing polychlorinated biphenyls (PCBs) to facility owner; there were factual issues whether capacitors were garbage and refuse, whether they were hazardous waste, whether manufacturers disposed of them, and whether they arranged for disposal. U.S. v. Wedzeb Enterprises, Inc., S.D.Ind.1992, 809 F.Supp. 646. Federal Civil Procedure ☞ 2498.3

In situations where defendant characterizes its transaction with party who has disposed of and/or treated its hazardous substances as "sale" rather than "arrangement," CERCLA liability may be found in following circumstances: where defendant sells its hazardous waste substances and makes crucial decision on how its substances are disposed of or treated; where defendant retains ownership of its substances and has authority to control way its substances are treated and/or disposed of; and where defendant sells its hazardous substances to facility with

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

knowledge its substances will be disposed of there. U.S. v. Pesses, W.D.Pa.1992, 794 F.Supp. 151. Environmental Law ⟷ 445(1)

To be liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for spread of groundwater contamination at site, agency and companies involved in sale of site must have made arrangement that specifically involved groundwater contamination problem. CPC Intern., Inc. v. Aerojet-General Corp., W.D.Mich.1991, 759 F.Supp. 1269, reconsideration denied. Environmental Law ⟷ 445(1)

Suppliers of chemicals for treating wood were not responsible parties liable for response costs incurred in cleaning up wood treatment facility, and thus, those suppliers could not be held liable to owner of treatment facility for contribution; mere sale of substances by suppliers for use in the wood treatment process did not constitute arranging for disposal or treatment of hazardous substance, even when process runoff containing substances was placed at same site. Edward Hines Lumber Co. v. Vulcan Materials Co., N.D.Ill.1988, 685 F.Supp. 651, affirmed 861 F.2d 155, rehearing denied. Environmental Law ⟷ 447; Environmental Law ⟷ 445(1)

Original owner and generator of waste, by conveying entire property to new owner, while foreseeing that waste mud might be sold as landfill by future owner, did not "arrange for" disposal of that mud on site developed by redevelopment authority, and thus, was not "covered person" within meaning of Comprehensive Environmental Response, Compensation, and Liability Act. Jersey City Redevelopment Authority v. PPG Industries, D.N.J.1987, 655 F.Supp. 1257. Environmental Law ⟷ 445(1)

249. ---- Value or usefulness of product, sales or transfers, arrangers

In determining whether transaction was for discard of hazardous substances or for sale of valuable materials, for CERCLA purposes, courts focus on several factors: intent of parties to contract as to whether materials were to be reused entirely or reclaimed and then reused, value of materials sold, usefulness of materials in condition in which they were sold, and state of product at time of transferral. Pneumo Abex Corp. v. High Point, Thomasville and Denton R. Co., C.A.4 (Va.) 1998, 142 F.3d 769, certiorari denied 119 S.Ct. 407, 525 U.S. 963, 142 L.Ed.2d 330. Environmental Law ⟷ 445(1)

Even if ownership of toxic chemicals was transferred from vendor to purchasers in sale of vendor's assets, vendor did not arrange for "disposal" of chemicals within meaning of Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA) by merely selling chemical compounds to purchasers at time that chemicals were useful and had value and, thus, vendor was not liable party for cleanup of chemical's threat to environment resulting from purchasers' failure to maintain facilities. AM Intern., Inc. v. International Forging Equipment Corp., C.A.6 (Ohio) 1993, 982 F.2d 989. Environmental Law ⟷ 441; Environmental Law ⟷ 445(1)

Sale of asbestos-containing products for useful consumption is not "arranging for disposal" of hazardous substance at "facility" under CERCLA. Dayton Independent School Dist. v. U.S. Mineral Products Co., C.A.5 (Tex.) 1990, 906 F.2d 1059, rehearing denied.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

The vendor of a useful product which through its normal course produces a hazardous substance, such as a battery, is not an "arranger" under CERCLA; a sale of a useful product, however, does not establish a complete defense from "arranger" liability. City of Moses Lake v. U.S., E.D.Wash.2006, 458 F.Supp.2d 1198, motion to amend denied 468 F.Supp.2d 1274, clarification denied 472 F.Supp.2d 1220. Environmental Law ☜ 445(1)

Used lead-acid battery was not "useful product," and thus seller of batteries to recycler was not thereby exempted from CERCLA arranger liability, as battery was not used for its original intended purpose. U.S. v. Atlas Lederer Co., S.D.Ohio 2000, 85 F.Supp.2d 828. Environmental Law ☜ 445(1)

Scrap metal collector's sale of lead plates from used batteries to secondary lead smelter was a bona fide sale of a useful product, rather than the arrangement for disposal or treatment of plates, and thus, collector was not liable as an arranger under CERCLA, where intent of both parties to transaction was for it to be a bona fide transaction of a useful product, and plates were commercially valuable product at time of sale. RSR Corp. v. Avanti Development, Inc., S.D.Ind.1999, 69 F.Supp.2d 1119. Environmental Law ☜ 445(1)

Sale of lead plates recycled from used batteries that were sold to smelting operation was sale of commercially valuable product, rather than arrangement for disposal or treatment of hazardous substance, and thus seller was not "responsible person" liable under CERCLA for response costs in cleaning up contamination at lead smelting facility; reclaiming lead plates was objective of seller's business operations. RSR Corp. v. Avanti Development, Inc., S.D.Ind.1999, 68 F.Supp.2d 1037. Environmental Law ☜ 445(1)

Copper reclamation business "arranged for disposal" of hazardous substances, for purposes of CERCLA arranger liability, when, after shutting down its operations, it sold scrap wire that remained on its premises to scrap metal dealer, thereby creating threat that hazardous substances contained in insulation would be released into environment during reclamation process; although copper retained some residual value, insulation material did not, and reclamation of copper necessitated removal and disposal of insulation. E.P.A. By and Through U.S. v. TMG Enterprises, Inc., W.D.Ky.1997, 979 F.Supp. 1110. Environmental Law ☜ 445(1)

Chemical intermediates manufacturer's sale of polychlors to herbicide manufacturer involved sale of useful product, and thus chemical manufacturer was not liable under CERCLA as arranger, even though polychlors required further processing before polychlors could be put to intended use and herbicide manufacturer was chemical manufacturer's only customer for polychlors; chemical manufacturer sold herbicide manufacturer a legitimate, technical grade chemical product at substantial profit for use as raw material in herbicide manufacturer's operations. U.S. v. Vertac Chemical Corp., E.D.Ark.1997, 966 F.Supp. 1491, affirmed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Environmental Law ☜ 445(1)

Sale of a useful, although hazardous substance, to serve particular purpose, is not an "arrangement" for disposal and will not impose CERCLA liability. U.S. v. Vertac Chemical Corp., E.D.Ark.1997, 966 F.Supp. 1491, affirmed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Environmental Law ☜ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

When party sells product incidentally containing hazardous substance but having value as being useful for the purpose for which it is manufactured, transaction is less likely to be an "arrangement" to dispose of hazardous substance for purposes of liability under CERCLA, but if product has no value for the purpose for which it was manufactured and contains hazardous substance, then it is more likely that sale is an "arrangement" to dispose of the substance. Chatham Steel Corp. v. Brown, N.D.Fla.1994, 858 F.Supp. 1130. Environmental Law ☞ 445(1)

Seller of property on which was located power plant containing asbestos did not "arrange for the disposal" of asbestos and other allegedly hazardous substances, so as to render seller "responsible party" under CERCLA; seller believed that property and attached equipment had commercial value and use in commercial resale market, and transaction was not "sham" for disposal of hazardous waste. G.J. Leasing Co., Inc. v. Union Elec. Co., S.D.Ill.1994, 854 F.Supp. 539, affirmed 54 F.3d 379. Environmental Law ☞ 445(1)

Where buyer of solder dross heated it, separated it into usable and unusable materials, and buried unusable materials, seller "arranged for" disposal or treatment within meaning of CERCLA. State of Cal. on Behalf of State Dept. of Toxic Substances v. Summer Del Caribe, Inc., N.D.Cal.1993, 821 F.Supp. 574, 125 A.L.R. Fed. 729. Environmental Law ☞ 445(1)

Sellers of spent lead acid batteries to lead reclamation operator for recycling were "arrangers for disposal or treatment" of hazardous material and were thus responsible persons under CERCLA for purposes of cost recovery action; only remaining "use" of batteries sold was to reclaim lead, a hazardous substance, from them. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., Inc., E.D.Va.1992, 814 F.Supp. 1269. Environmental Law ☞ 445(1)

Mining company had not "arranged for disposal" of hazardous substance within meaning of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) by selling used transformers to dealer of used mining equipment, absent any evidence that transformers at time of sale were inoperable or so contaminated with PCB's as to be worthless; transformers were in working condition and had average useful life of at least 12 more years at time of sale. U.S. v. Gordon Stafford, Inc., N.D.W.Va.1993, 810 F.Supp. 182. Environmental Law ☞ 445(1)

If company sells equipment that contains hazardous substances to another company for purpose other than its disposal, it will not be liable under CERCLA for costs that result from purchaser's subsequent decision to dispose of the product after use; however, if sale is for purpose of disposing of equipment, seller will be liable for costs resulting from that disposal even if equipment is valuable and usable at time of sale. U.S. v. Summit Equipment & Supplies, Inc., N.D.Ohio 1992, 805 F.Supp. 1422, reconsideration denied. Environmental Law ☞ 445(1)

Persons who sold scrap materials to site owner "arranged" for treatment and disposal of hazardous substances at site within meaning of CERCLA, where scrap materials necessarily require processing in order to be productively used, and processing created hazardous waste. U.S. v. Pesses, W.D.Pa.1992, 794 F.Supp. 151. Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Because there was no affirmative act to get rid of asbestos beyond sale of it as part of complete, useful product for use in structures, allegations of complaint failed to reveal that there had been arrangement for "disposal" of hazardous substances, as required to impose liability for recovery costs incurred in removal of asbestos from structures under Comprehensive Environmental Response, Compensation, and Liability Act, notwithstanding that asbestos might have come to eventually flake off and pose health risk. Prudential Ins. Co. of America v. U.S. Gypsum, D.N.J.1989, 711 F.Supp. 1244. Environmental Law ⟨⚷⟩ 445(1)

250. ---- Delivery of product, sales or transfers, arrangers

Chemical manufacturer was not "responsible person" under CERCLA for chemicals spilled from trucks owned by common carrier it hired for delivery; manufacturer did not "arrange for" disposal of chemicals in that it did not intentionally arrange for chemicals to be spilled. Amcast Indus. Corp. v. Detrex Corp., C.A.7 (Ind.) 1993, 2 F.3d 746, certiorari denied 114 S.Ct. 691, 510 U.S. 1044, 126 L.Ed.2d 658. Environmental Law ⟨⚷⟩ 445(1)

Supplier of chemical product was not arranger within meaning of CERCLA even though supplier was aware of risks involved in transporting product and expressed concern that product would be handled safely where deliveries were made by independent contractor. E.S. Robbins Corp. v. Eastman Chemical Co., N.D.Ala.1995, 912 F.Supp. 1476. Environmental Law ⟨⚷⟩ 445(1)

251. Treatment of hazardous substances, arrangers

Term "treatment of hazardous substances" as used in CERCLA refers to party arranging for processing of discarded hazardous substance or processing resulting in discard of hazardous substances. Pneumo Abex Corp. v. High Point, Thomasville and Denton R. Co., C.A.4 (Va.) 1998, 142 F.3d 769, certiorari denied 119 S.Ct. 407, 525 U.S. 963, 142 L.Ed.2d 330. Environmental Law ⟨⚷⟩ 439

252. Broker, arrangers

Real estate broker and its agent who allegedly had exclusive obligation to manage and develop property that was contaminated by tenant were not liable as arrangers under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) where complaint did not allege they had control over the use of the property, as control could not be inferred from fact that broker and agent acted as plaintiffs' agent in lease to tenant. Lentz v. Mason, D.N.J.1997, 961 F.Supp. 709. Environmental Law ⟨⚷⟩ 445(1)

Broker of used batteries sold to lead reclamation facility was "responsible person" to whom arranger liability under CERCLA attached, even though broker did not own or possess batteries; broker made initial contact with facility and received profit margin from its dealings with facility. Gould, Inc. v. A & M Battery and Tire Service, M.D.Pa.1997, 954 F.Supp. 1020. Environmental Law ⟨⚷⟩ 445(1)

253. Contractors, arrangers

Methanol pipeline operator's allegation that contractor it had hired to design and supervise installation of raw water pipeline below and perpendicular to its methanol pipeline disposed of or arranged for disposal of hazard-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

ous substances at the site stated claim for "arranger" liability under CERCLA section which imposes liability for the costs of cleaning up hazardous waste on any person who arranged for disposal or treatment of hazardous substances. Celanese Corp. v. Coastal Water Authority, S.D.Tex.2007, 475 F.Supp.2d 623. Environmental Law 445(1)

Federal electrical contractor did not "arrange for disposal" of transformers which contained polychlorinated biphenyl (PCB) to scrap/junk yard site, and was thus not liable under CERCLA for response costs; only evidence regarding contractor's knowledge of transformer disposal was that subcontractor informed contractor that he had found a buyer who would use transformers for their normal business purpose of supplying electricity, and government presented no evidence that contractor knew or should have known that transformers would ultimately arrive at scrap/junk yard site. U.S. v. North Landing Line Const. Co., E.D.Va.1998, 3 F.Supp.2d 694. Environmental Law 445(1)

254. Corporations, arrangers--Generally

Contractor was not liable under CERCLA as "arranger" in connection with environmental contamination at site, as contractor had no authority to control disposal of hazardous substances; contractor did not do anything that it was not ordered to do by site owner, and all actions were approved by Iowa Department of Natural Resources. Interstate Power Co. v. Kansas City Power & Light Co., N.D.Iowa 1994, 909 F.Supp. 1284. Environmental Law 445(1)

Corporation which arranged for disposal of hazardous wastes was liable to the United States for response costs incurred in cleaning up hazardous waste site as a "waste generator" under subsec. (a)(3) of this section. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law 445(1)

255. ---- Officers and directors of corporation, corporations, arrangers

Chairman of board and chief executive officer (CEO) of manufacturing company exercised sufficient indirect control over company's off-site disposal of hazardous waste to support imposition of arranger liability under CERCLA against him personally, even if he was not personally involved in, or aware of, details of company's disposal arrangement with dump; CEO was responsible for all of company's decisionmaking and left employees no choice but to continue inexpensive historical disposal arrangement with dump. U.S. v. TIC Inv. Corp., C.A.8 (Iowa) 1995, 68 F.3d 1082, rehearing and suggestion for rehearing en banc denied, certiorari denied 117 S.Ct. 50, 519 U.S. 808, 136 L.Ed.2d 14. Corporations And Business Organizations 1970

To extent that Uniform Commercial Code (UCC) had any application to issue of whether president of engineering company arranged for disposal of hazardous substances within meaning of CERCLA when he obtained removal of polychlorinated biphenyls (PCB) transformers and drums of waste oil from property after confronting transformer seller, president could not violate federal environmental laws in returning regulated goods. U.S. v. Gordon Stafford, Inc., N.D.W.Va.1997, 952 F.Supp. 337. Environmental Law 445(1)

Company's president was "arranger" and, thus, a "responsible person" under CERCLA, even though he did not

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

specifically authorize employee to dump mop-buckets, which activity was allegedly responsible for environmental contamination of neighboring property; president had actual control over company's hazardous substances. NutraSweet Co. v. X-L Engineering Corp., N.D.Ill.1996, 933 F.Supp. 1409, affirmed 227 F.3d 776. Corporations And Business Organizations ☞ 1970

State's failure to raise alter ego or corporate veil piercing issue, in suit under the Comprehensive Environmental Response, Compensation and Liability Act to recover costs incurred in cleanup of an allegedly hazardous waste site, did not entitle individual defendant, who was president, treasurer and sole shareholder of defendant corporation, to judgment as a matter of law on state's federal CERCLA and state law claims, as there were alternative grounds for individual defendant's liability on those claims, such as for arranging disposal of hazardous wastes. U.S. v. Mottolo, D.C.N.H.1985, 605 F.Supp. 898.

256. ---- Parent and subsidiary, corporations, arrangers

Parent corporation's involvement in subsidiary's activities was sufficiently beyond the norms of parental supervision to establish that parent was an "arranger" of the facility, thereby rendering its successor directly liable for contribution under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for its actions; parent and subsidiary had overlapping managers, directors, and employees, parent was involved in building, engineering design, and daily operations of subsidiary's facility, and involved in the design and funding of subsidiary's waste management and disposal systems. Basic Management Inc. v. U.S., D.Nev.2008, 569 F.Supp.2d 1106. Corporations And Business Organizations ☞ 1654

Corporate parent of manufacturer of dry-cleaning machines supplied to laundromat was subject to arranger liability under CERCLA for machines' releases of hazardous substance into wastewater, resulting in contamination of the surrounding soil and ground water; manufacturer, which had substantial input into laundromat's design and layout, installation of the equipment and plumbing of the machines to drains leading directly to the building's sewer lines, testing of the facility's equipment, and training of the facility's attendants, had the authority to and did exercise actual control over the specific method and manner of hazardous substance's disposal, and the laundromat was owned or operated by another person or entity. Vine Street, LLC v. Keeling ex rel. Estate of Keeling, E.D.Tex.2006, 460 F.Supp.2d 728. Corporations And Business Organizations ☞ 1645

Parent corporation was not subject to arranger liability under CERCLA or Delaware Hazardous Substance Cleanup Act (HSCA) in connection with facility owned by its subsidiary, even if parent's employee controlled process by which waste from facility was disposed, absent evidence that parent owned or possessed waste at issue. BP Amoco Chemical Co. v. Sun Oil Co., D.Del.2004, 316 F.Supp.2d 166. Corporations And Business Organizations ☞ 1654

Parent corporation was not liable under CERCLA as "arranger" of disposal of hazardous waste produced at mine operated by its subsidiary, despite contention that parent's officers were involved in making operational decisions at mine, where parent's involvement in operation of mine was limited to isolated instances wherein parent sent subsidiary invoices for its services, and subsidiary made all fundamental decisions concerning development of facility before parent acquired subsidiary's stock. U.S. v. Friedland, D.Colo.2001, 173 F.Supp.2d 1077.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**257. ---- Stockholders or shareholders, corporations, arrangers**

Successor of minority shareholder of mining corporation could not be held liable for environmental cleanup costs at mine site as "arranger" under CERCLA, based on actions of predecessor's president, who in his capacity as member of corporation's board, directed the purchase of property with the knowledge and intent that it serve as a disposal site for mine tailings, absent evidence that president acted on behalf of the predecessor rather than the mining corporation. Raytheon Constructors, Inc. v. Asarco Inc., C.A.10 (Colo.) 2003, 368 F.3d 1214. Corporations And Business Organizations ☞ 1654; Corporations And Business Organizations ☞ 2724(4); Environmental Law ☞ 445(1)

**258. Counties, arrangers**

County and county disposal districts actually "owned and possessed" governmental waste they generated themselves, for purposes of determining arranger liability for CERCLA response costs. Transportation Leasing Co. v. State of Cal. (CalTrans), C.D.Cal.1993, 861 F.Supp. 931, 133 A.L.R. Fed. 635. Environmental Law ☞ 445(1)

Although county board of supervisors was "municipality," it was not exempt from "arranger" liability under CERCLA, and thus had standing to claim reimbursement from Chapter 11 debtor, where board's contingent liability for response costs should be determined in board's federal district court action against debtor that property sold by debtor was facility encumbered by hazardous substances. In re New York Trap Rock Corp., Bkrtcy.S.D.N.Y.1993, 153 B.R. 648. Bankruptcy ☞ 2822.1; Environmental Law ☞ 445(1)

**259. Developers, arrangers**

Entities that participated in development of subdivision on site of property upon which substantial amounts of highly toxic waste had accumulated might be shown to be arrangers for, or transporters of, toxic materials, for purposes of imposing liability under Comprehensive Environmental Response, Compensation, and Liability Act sections providing private cause of action where release or threatened release of hazardous substance causes response costs to be incurred although waste had been accumulated on property during operation of facility by different entity. Tanglewood East Homeowners v. Charles-Thomas, Inc., C.A.5 (Tex.) 1988, 849 F.2d 1568. Environmental Law ☞ 445(1)

**260. Manufacturers, arrangers**

Manufacturer of agricultural chemicals that sold those chemicals to agricultural chemical storage and distribution facility was not liable as an "arranger" of the disposal of the chemicals, under CERCLA, for soil and water contamination at facility site; although manufacturer was aware that minor, accidental spills occurred during the transfer of chemicals from the common carrier to the facility's storage tanks after the product had come under the facility's stewardship, the manufacturer did not intend or arrange for such spills, as it took numerous steps to encourage its distributors, including facility, to reduce the likelihood of spills, providing them with detailed safety manuals, requiring them to maintain adequate storage facilities, and providing discounts for those that took safety precautions. Burlington Northern and Santa Fe Ry. Co. v. U.S., U.S.2009, 129 S.Ct. 1870, 173 L.Ed.2d 812. Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Chemical manufacturer was not "responsible person" for chemicals spilled from trucks owned by common carrier it hired; manufacturer did not "arrange for" disposal of chemicals in that it did not intentionally arrange for chemicals to be spilled. Amcast Indus. Corp. v. Detrex Corp., C.A.7 (Ind.) 1993, 2 F.3d 746, certiorari denied 114 S.Ct. 691, 510 U.S. 1044, 126 L.Ed.2d 658. Environmental Law ☞ 445(1)

Even though manufacturer of useful product does not make critical decisions as to how, when, and by whom hazardous substance in product is to be disposed of, manufacturer may be held liable for cleanup costs under Comprehensive Environmental Response, Compensation, and Liability Act if there is evidence that manufacturer was party responsible for "otherwise arranging" for disposal of hazardous substance. Florida Power & Light Co. v. Allis Chalmers Corp., C.A.11 (Fla.) 1990, 893 F.2d 1313. Environmental Law ☞ 445(1)

Equitable principles entitled paper mills and other entities that treated and/or released wastewater containing polychlorinated biphenyl (PCB) into polluted river, and incurred substantial costs in cleaning up the river, to contribution under CERCLA from entities involved in producing and manufacturing paper containing polychlorinated biphenyl (PCB) for areas of the river into which the producing and manufacturing entities polluted; although the paper mills and other entities seeking contribution may have discharged roughly half of the PCBs into the river, and although some of them may have polluted the river in other ways, they did not share any of the culpability for the PCB pollution giving rise to the CERCLA action, as the producing and manufacturing entities created, mobilized, and profited from the PCBs at issue. Appleton Papers Inc. v. George A. Whiting Paper Co., E.D.Wis.2011, 2011 WL 806411.

Dry cleaner's allegations that dry cleaning machine manufacturers specifically designed machines for storage, application and disposal of hazardous chemicals were insufficient to plead manufacturers disposed of hazardous waste, as required for arranger liability under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) for contamination of cleaner's property. Team Enterprises, LLC v. Western Inv. Real Estate Trust, E.D.Cal.2010, 721 F.Supp.2d 898, affirmed 2011 WL 3100338. Environmental Law ☞ 445(1)

Genuine issue of material fact whether aircraft manufacturer, which designed the layout of the equipment in missile assembly and maintenance shop facility and installed the equipment, exercised the requisite amount of control over disposal of trichloroethylene (TCE) at the facility precluded summary judgment in favor of city on its claim that manufacturer was liable as an "arranger" under CERCLA and Washington's Model Toxics Control Act (MTCA). City of Moses Lake v. U.S., E.D.Wash.2006, 458 F.Supp.2d 1198, motion to amend denied 468 F.Supp.2d 1274, clarification denied 472 F.Supp.2d 1220. Federal Civil Procedure ☞ 2498.3

In CERCLA contribution action arising from remediation of environmental contamination at metal plating and finishing business site, bus manufacturer that contracted for electroplating of its parts was not liable based on CERCLA arranger liability; provision of parts was not tantamount to ordering disposal of hazardous wastes, knowledge of run-down condition of electroplater's operations was not knowledge that wastes were improperly disposed of, and return of finished product for reprocessing was insufficient nexus upon which to predicate arranger liability. Briggs & Stratton Corp. v. Concrete Sales & Services, Inc., M.D.Ga.1998, 990 F.Supp. 1473, affirmed 211 F.3d 1333. Environmental Law ☞ 447; Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Manufacturer of nails that contracted with metal plating and finishing business for electroplating of nails was not liable as a Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) arranger for contamination caused by plating business' disposal of hazardous materials generated in electroplating process; manufacturer neither owned nor possessed nor had any authority or duty to control or dispose of hazardous materials generated in electroplating and did not know that hazardous wastes inherent in galvanization process were improperly disposed. Briggs & Stratton Corp. v. Concrete Sales & Services, Inc., M.D.Ga.1997, 971 F.Supp. 566, affirmed 211 F.3d 1333. Environmental Law ☞ 445(1)

Chemical companies that arranged for another manufacturer to process companies' technical grade DDT could not avoid claim for arranger liability under CERCLA on grounds that DDT released by manufacturer was not "waste" to companies because they did not discard it and that manufacturer, rather than companies, in fact owned and discarded DDT; at issue was DDT that was released into environment, rather than DDT that was put to productive use. Levin Metals Corp. v. Parr-Richmond Terminal Co., N.D.Cal.1991, 781 F.Supp. 1448, clarified 781 F.Supp. 1452. Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Manufacturers of technical grade pesticide were potentially liable for cost to clean up site operated by pesticide formulator and packager, whether or not manufacturer owned pesticides throughout formulation process; manufacturers were potentially liable as persons that arranged for disposal of hazardous substances. U.S. v. Aceto Agr. Chemicals Corp., S.D.Iowa 1988, 699 F.Supp. 1384, affirmed in part, reversed in part on other grounds 872 F.2d 1373, 115 A.L.R. Fed. 817, rehearing denied. Environmental Law ⬭⬭ 445(1)

Where manufacturer of jet aircraft arranged for spent aluminum etch caustic solution to be disposed of at a site owned by operator of oil reclamation process, manufacturer could be held liable under this chapter if the caustic solution were found to be a hazardous waste, even though the decision to give the waste to the operator was governed by the marketplace, i.e., the highest bidder. U.S. v. A & F Materials Co., Inc., S.D.Ill.1984, 582 F.Supp. 842. Environmental Law ⬭⬭ 445(1)

261. Municipalities, arrangers

Municipality may be liable for response costs under CERCLA as a potentially responsible party if it arranges for the disposal of hazardous substances. B.F. Goodrich Co. v. Murtha, C.A.2 (Conn.) 1992, 958 F.2d 1192. Environmental Law ⬭⬭ 445(1)

Trace elements of hazardous chemicals discovered in barrels which city had buried as part of general, scheduled cleanup of airport debris were not sufficient to subject city to "arranger" liability under the Comprehensive Environmental Response Compensation and Liability Act (CERCLA) to firefighter allegedly injured when exposed to these chemicals while doing live-fire drills at airport, given complete lack of evidence that city intended to dispose of chemical waste. Struhar v. City of Cleveland, N.D.Ohio 1998, 7 F.Supp.2d 948. Environmental Law ⬭⬭ 445(1)

City did not actually exercise its power of eminent domain to appropriate contaminated property under Ohio law and, thus, city was not entitled to protection of CERCLA's innocent landowner defense for government entities which acquire contaminated property by eminent domain; city had been able to negotiate purchase of contaminated right-of-way at former coke plant from prior owners without having to resort to use of its eminent domain powers. City of Toledo v. Beazer Materials and Services, Inc., N.D.Ohio 1996, 923 F.Supp. 1013. Eminent Domain ⬭⬭ 2.27(1); Environmental Law ⬭⬭ 445(1)

City's regulatory conduct with respect to removal of abandoned vehicles from public and private property did not give rise to CERCLA "arranger" liability; that conduct was nothing more than noncontributory exercise of city's sovereign power to abate public nuisances created by presence of abandoned vehicles. Lincoln v. Republic Ecology Corp., C.D.Cal.1991, 765 F.Supp. 633. Environmental Law ⬭⬭ 445(1)

Indirect support that city provided to railroad, following the incorporation of railroad transit authority which was subsidized by city and counties, was not such as to render it liable as "operator" or "arranger" under CERCLA

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

when PCBs leaked from electric transformers on railroad cars into railroad bed; plaintiff failed to show that city's position was "fundamentally different" from that of counties which also subsidized transit authority, on theory that city exerted dominating power over transit authority and thus controlled railroad's operations. Reading Co. v. City of Philadelphia, E.D.Pa.1993, 155 B.R. 890. Environmental Law 👌 445(1)

262. Secured creditors, arrangers

For purposes of determining failed textile printing plant's secured creditor's liability for CERCLA response costs, creditor "arranged for" disposal of plant's hazardous waste through its agreement with industrial liquidator that liquidator would prepare site for and conduct auction of plant's equipment, machinery, and remaining inventory; although agreement did not expressly provide for disposal, creditor was aware that site contained large quantities of hazardous substances, and its knowledge of that fact, general familiarity with site, and knowledge that liquidator's auction preparation activities necessarily would include some clean-up of site to make it safe for public access indicated that creditor at least should have known liquidator would handle hazardous substances in completing its task. U.S. v. Fleet Factors Corp., S.D.Ga.1993, 821 F.Supp. 707. Environmental Law 👌 445(2)

Government could assert claims against secured creditor for having arranged for disposal of hazardous substances, despite failure to assert claims in original complaint, in light of complaint's general claim for relief under CERCLA, unusual procedural history of case, creditor's extensive discovery on situation at textile plant, and similarity of facts with complaint's claim for operator liability. U.S. v. Fleet Factors Corp., S.D.Ga.1993, 819 F.Supp. 1079. Federal Civil Procedure 👌 884.1

Lender that took title to assets of alleged polluter and subsequently sold the assets was not subject to liability under CERCLA as an "arranger," where lender did not make any crucial decisions regarding disposal of hazardous substances or take any other action regarding disposal, but, rather, lender sold the assets in order to maintain value of its secured interest. Ashland Oil, Inc. v. Sonford Products Corp., D.Minn.1993, 810 F.Supp. 1057. Environmental Law 👌 445(2)

263. States, arrangers

State Department of Natural Resources did not incur arranger liability under CERCLA when it negotiated with corporation for acquisition of contaminated site and when it agreed with corporation on plan to clean up ground water contamination; Department escaped liability pursuant to CERCLA's environmental emergency provision where it acted in good faith to address groundwater contamination at site. U.S. v. Cordova Chemical Co. of Michigan, C.A.6 (Mich.) 1997, 113 F.3d 572, certiorari granted 118 S.Ct. 621, 522 U.S. 1024, 139 L.Ed.2d 506, vacated 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141 L.Ed.2d 43, on remand 156 F.3d 1232, vacated 118 S.Ct. 2317, 524 U.S. 924, 141 L.Ed.2d 692. Environmental Law 👌 445(1)

Washington State Department of Transportation (WSDOT) "arranged" for disposal of hazardous substances, and, thus, it was a liable party under CERCLA from whom United States could recover its un-reimbursed costs incurred in response to releases and threatened releases of hazardous substances of a Superfund site where highway connector was being constructed, where WSDOT designed, constructed, and operated drainage systems whose sole function was to collect highway runoff and dispose of it into nearby water-bodies, knowing that the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

runoff contained hazardous substances, and there was an actual release of the hazardous substances into the environment. U.S. v. Washington State Dept. of Transp., W.D.Wash.2010, 716 F.Supp.2d 1009. Environmental Law ⟜ 445(1)

State could not be held liable under CERCLA as "arranger" for disposal of hazardous waste at landfill where State had not been authorized by any actual owners of waste to decide where and how it would be deposited; State had no involvement with process until after generator or transporter had decided to deposit waste at landfill and submitted manifests seeking permission to do so. Hassayampa Steering Committee v. State of Ariz., D.Ariz.1991, 768 F.Supp. 697. Environmental Law ⟜ 445(1)

State's decision making authority with respect to place at which hazardous waste was disposed did not make it an "arranger" for the disposal or treatment of hazardous waste liable for response costs under Comprehensive Environmental Response, Compensation, and Liability Act, absent evidence that state either owned or possessed any hazardous wastes that were disposed at site. U.S. v. New Castle County, D.Del.1989, 727 F.Supp. 854, 130 A.L.R. Fed. 725. Environmental Law ⟜ 445(1)

264. Transportation, arrangers

Corporation which transported waste to a disposal site, from which it was later removed and taken to another site at which release and contamination occurred, was not an "arranger" liable for response costs under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); corporation did not hold or store waste, did not select the site where release occurred, transport any waste there, or know that waste was being transported there, and did not counsel customers on their waste disposal. U.S. v. Davis, D.R.I.1998, 1 F.Supp.2d 125. Environmental Law ⟜ 445(1)

265. United States, arrangers

United States was arranger, subject to liability under CERCLA, for cleanup costs associated with selenium contamination that were incurred at four mining sites at which mining company mined phosphate ore and removed middle waste shale; United States owned middle waste shale that was source of hazardous selenium, United States had authority, at all times, to control disposal of mining waste on land it owned since no mining or waste disposal could occur without its approval, and United States exercised actual control over disposal, and showed its intent that disposal take place, by requiring its lessees to cover outer surface of waste dumps with layer of middle waste shale. Nu-West Min. Inc. v. U.S., D.Idaho 2011, 2011 WL 832482. Environmental Law ⟜ 445(1)

United States was liable for contribution under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) as an arranger since United States had the authority to control and exercise some actual control over the disposal of waste at the site; United States owned the raw materials, the process materials, the products and by-products, and the wastes before, during, and after processing, it contracted for the building of the complex including waste disposal facilities, and it knew and approved of the waste disposal activities at the facility. Basic Management Inc. v. U.S., D.Nev.2008, 569 F.Supp.2d 1106. United States ⟜ 78(17)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Evidence failed to establish that United States managed, directed, or conducted operations specifically related to pollution at airport facilities leased by military contractor, and therefore United States was not an "arranger" so as to be subject to Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); evidence showed Air Force was a customer who hired contractor and paid for overhaul and repair services-including contractor's management and supervision of that work-under terms and conditions similar to those afforded to contractor's commercial customers, that contractor's waste management matters were governed solely by contractor's executives and Port Authority personnel, and that United States did not own the hazardous substances used by contractor to perform the engine overhaul service contracts. Miami-Dade County, Fla. v. U.S., S.D.Fla.2004, 345 F.Supp.2d 1319. Environmental Law ⚷ 445(1)

Evidence failed to establish that United States managed, directed, or conducted operations specifically related to pollution at airport facilities leased by military contractor, and therefore United States was not an "arranger" so as to be subject to Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); evidence showed Air Force was a customer who hired contractor and paid for overhaul and repair services-including contractor's management and supervision of that work-under terms and conditions similar to those afforded to contractor's commercial customers, that contractor's waste management matters were governed solely by contractor's executives and Port Authority personnel, and that United States did not own the hazardous substances used by contractor to perform the engine overhaul service contracts. Miami-Dade County, Fla. v. U.S., S.D.Fla.2004, 345 F.Supp.2d 1319. Environmental Law ⚷ 445(1)

Federal government was "arranger" of hazardous substances, for purpose of determining whether it was liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for natural resource damages from mine tailings in construction of Interstate 90; although State of Idaho contractor had primary day to day supervision over construction, federal government paid 92% of construction costs, exercised ultimate authority approval over plans, specifications and estimates (PS & E) right down to change orders of less that $1,000, conducted audits and investigations on regular basis, and Federal Highway Agency approved use of tailings as borrow areas and as source material for construction. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. Environmental Law ⚷ 445(1); United States ⚷ 125(9)

United States was not "arranger" or owner of hazardous substances under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for mining activities of unpatented mining claims which occurred prior to passage of Federal Land Policy and Management Act of 1976; although United States had legal interest in those lands, Bureau of Land Management (BLM) did not have authority to regulate mining activities and environmental damage that may have flowed from such mining activities prior to 1976 and it could not be established that BLM failed to regulate mining activities or arranged for disposal of tailings from unpatented mining claims after 1976. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. Environmental Law ⚷ 445(1); United States ⚷ 125(9)

Federal government was not "arranger" of hazardous substances during World War II, for purpose of determining whether it was liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for natural resource damages from mine tailings; although United States was aware that waste was being produced and manufacturing was carried out under government contracts and pursuant to government pro-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

grams that gave it priority over other manufacturing, government did not direct manner of disposal of tailings and mining companies voluntarily entered into contracts and profited from sale. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. United States ⬤━ 125(9)

Federal government was not "arranger" of hazardous substances, for purpose of determining whether it was liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for natural resource damages from mine tailings; although Bureau of Mines (BOM), as sponsoring organization, approved and funded experimental floodplain reclamation study on how land impacted by tailings could be reclaimed by moving tailings to tailings ponds, BOM did not propose study and it did not control or arrange for disposal of tailings. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. United States ⬤━ 125(9)

Government's mere allocation of raw materials to private poison gas manufacturing facility during World War II was not equivalent to supplying raw materials, for purposes of government's potential arranger liability under CERCLA for contamination at facility. Elf Atochem North America v. U.S., E.D.Pa.1996, 914 F.Supp. 1166. Environmental Law ⬤━ 445(1)

United States could not be held liable under CERCLA as "arranger for disposal" of hazardous wastes in connection with environmental contamination resulting from production of herbicide for use in war, despite claim that it supplied raw material, controlled and possessed manufacturer's work in process and final product, and knew that generation of hazardous waste was inherent in production process; relationship between United States and manufacturer was that of buyer-seller, and United States never owned raw materials from which herbicide was manufactured but, rather, merely facilitated manufacturer's acquisition of critical ingredient from third party. Maxus Energy Corp. v. U.S., N.D.Tex.1995, 898 F.Supp. 399, affirmed 95 F.3d 1148. Environmental Law ⬤━ 445(1)

United States could not be held liable under CERCLA as either operator or arranger, arising from its purchase of Agent Orange, where there was no evidence that it actually participated in actual management or daily operations of manufacturing facility, it neither supplied raw materials used to make Agent Orange nor owned or possessed raw materials, and it did not dictate manner in which wastes were to be disposed of or in any way control disposal of wastes. U.S. v. Vertac Chemical Corp., E.D.Ark.1993, 841 F.Supp. 884, affirmed 46 F.3d 803, certiorari denied 115 S.Ct. 2609, 515 U.S. 1158, 132 L.Ed.2d 853, reversed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579. Environmental Law ⬤━ 445(1)

266. Miscellaneous transactions, arrangers

Limited partners in partnership which owned apartment building site and contracted for parking lot repaving and gas line work did not have CERCLA arranger liability based on fact that hazardous substances may have been exposed during those operations. Redwing Carriers, Inc. v. Saraland Apartments, C.A.11 (Ala.) 1996, 94 F.3d 1489, 140 A.L.R. Fed. 691. Partnership ⬤━ 371

Question of whether the Army Corps of Engineers (USACE) qualified as an arranger under CERCLA when it

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

took intentional steps to dispose of a hazardous substance through the granting of permits to dredge contaminated waterways was a fact issue that could not be determined on the pleadings, considering the USACE's involvement with dredging the waterways in light of CERCLA's strict liability standard. U.S. v. Washington State Dept. of Transp., W.D.Wash.2009, 665 F.Supp.2d 1233, reconsideration denied 2009 WL 3413638. Environmental Law ☞ 692

Company that incurred CERCLA arranger liability arising from its arrangement with chemical manufacturer to manufacture product for company out of material supplied by company was liable for its share, as determined by CERCLA contribution section, of all response costs, where hazardous substances were generated during processing of material on behalf of company, substances were disposed of at site and off-site areas, and substances caused contamination at site. U.S. v. Vertac Chemical Corp., E.D.Ark.1997, 966 F.Supp. 1491, affirmed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Environmental Law ☞ 447

Broker of spent batteries sold to reclamation facility was liable under CERCLA as arranger, regardless of whether broker physically touched batteries; all that was necessary was that broker disposed of batteries at site, and physical touching of batteries was irrelevant. Gould, Inc. v. A & M Battery and Tire Service, M.D.Pa.1997, 954 F.Supp. 1014. Environmental Law ☞ 445(1)

## V. COSTS

<Subdivision Index>

Administrative expenses 310

Air quality monitoring 325

Allocation or apportionment of costs 304

Alternate water supply 311

Asbestos removal 312

Ascertainment of danger 309

Attorney fees, litigation expenses 322

Biological monitoring 326

Burden of proof, national contingency plan 300

Calculation of costs 305

Consultants 313

Costs and interests generally 291

Diminution in property value 314

Documentation of costs, national contingency plan 296

Economic loss 316

Environmental monitoring 327

Evacuation costs 315

Evaluation of site 317

Future costs 306

Health risk assessments 318

Identification of responsible parties 319

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Indirect costs 307, 308
    Indirect costs - Generally 307
    Indirect costs - Overhead 308
Interest 337
Investigation 320
Litigation expenses 321, 322
    Litigation expenses - Generally 321
    Litigation expenses - Attorney fees 322
Lost-use 323
Medical monitoring 328
Miscellaneous cases, national contingency plan 301
Miscellaneous cases, necessary costs 293
Miscellaneous costs 338
Monitoring 324-328
    Monitoring - Generally 324
    Monitoring - Air quality monitoring 325
    Monitoring - Biological monitoring 326
    Monitoring - Environmental monitoring 327
    Monitoring - Medical monitoring 328
National contingency plan 294-301
    National contingency plan - Generally 294
    National contingency plan - Burden of proof 300
    National contingency plan - Documentation of costs 296
    National contingency plan - Miscellaneous cases 301
    National contingency plan - Presumptions 299
    National contingency plan - Public comment 297
    National contingency plan - Removal or remedial action 298
    National contingency plan - Substantial compliance 295
Necessary costs 292, 293
    Necessary costs - Generally 292
    Necessary costs - Miscellaneous cases 293
Overhead, indirect costs 308
Oversight 329
Planning 330
Presumptions 335
Presumptions, national contingency plan 299
Private-party actions 303
Public comment, national contingency plan 297
Removal or remedial action, national contingency plan 298
Resource Conservation Recovery Act plan 302
State law compliance costs 332
Substantial compliance, national contingency plan 295
Testing 331
Time of incurring costs 336
Travel 333

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Water treatment 334

291. Costs and interests generally

CERCLA provides potentially responsible party (PRP) with cause of action to recover, from other PRPs, costs incurred in voluntarily cleaning up contaminated site; abrogating *I. Dupont de Nemours & Co. v. United States,* 460 F.3d 515. U.S. v. Atlantic Research Corp., U.S.2007, 127 S.Ct. 2331, 551 U.S. 128, 168 L.Ed.2d 28. Environmental Law 🖙 444

Resin manufacturer and its principal were not entitled to hearing to determine amount of response costs that state could incur in the future in remediating manufacturer's environmentally contaminated property in state's action to obtain access to site and to establish liability of manufacturer and principal for remediation costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), given that default judgment entered against manufacturer and principal merely declared them liable for state's future response costs, such that request for hearing was premature, and that manufacturer and principal would be entitled to raise any appropriate objections to state's costs in any action brought by state to recover its costs. New York v. Green, C.A.2 (N.Y.) 2005, 420 F.3d 99. Federal Civil Procedure 🖙 2421

Property owner was not entitled, under CERCLA, to recover from potentially responsible parties (PRP) monies it expended in paying New York State Department of Environmental Conservation (DEC) for the costs of environmental clean-up response incurred by the DEC in remediating owner's property, where owner was not required to expend its own funds to remediate property, but rather, was reimbursing DEC for costs DEC incurred. Chitayat v. Vanderbilt Associates, E.D.N.Y.2010, 702 F.Supp.2d 69. Environmental Law 🖙 444

Superfund site administrator that brought contribution action against former corporate landowners and other potentially responsible parties (PRPs) was entitled to amend complaint to pursue cost recovery claim under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), since administrator had voluntarily incurred cleanup costs before entering into consent order with state. Booth Oil Site Administrative Group v. Safety-Kleen Corp., W.D.N.Y.2007, 532 F.Supp.2d 477. Environmental Law 🖙 673

Because CERCLA expressly provides for recovery of costs of a removal action, a CERCLA plaintiff need not show that it incurred actual cleanup costs in order to recover response costs. Vine Street, LLC v. Keeling ex rel. Estate of Keeling, E.D.Tex.2006, 460 F.Supp.2d 728. Environmental Law 🖙 446

Absent evidence indicating that the Environmental Protection Agency (EPA) conducted removal of contaminated soil on landowner's property in arbitrary or capricious manner, government was entitled, under CERCLA, to recover entire amount of its direct response costs related to removal. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2003, 290 F.Supp.2d 198. Environmental Law 🖙 446

Costs incurred by agency of Department of Health and Human Services (DHHS), in conducting health related activities at asbestos contaminated site, were adequately documented by the government, and thus government could recover such costs, under CERCLA, from former and current owners of asbestos mine areas on site, ab-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

sent showing that costs were inconsistent with national contingency plan (NCP); government submitted cost summaries, time sheets, contractor invoices, travel vouchers, progress reports and voluminous other information in support of costs, as well as testimony of two senior agency employees. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2003, 280 F.Supp.2d 1149. Environmental Law ⬅➾ 446

CERCLA imposes no obligation on the United States to minimize its response costs for the benefit of responsible parties who are liable for the costs. U.S. v. Glidden Co., N.D.Ohio 1997, 3 F.Supp.2d 823, affirmed in part, reversed in part and remanded 204 F.3d 698. Environmental Law ⬅➾ 446

To establish damages under CERCLA, plaintiff must show that response costs incurred were necessary and consistent with National Contingency Plan and reasonable under circumstances. Northwestern Mut. Life Ins. Co. v. Atlantic Research Corp., E.D.Va.1994, 847 F.Supp. 389. Environmental Law ⬅➾ 446

292. Necessary costs--Generally

Potentially responsible party (PRP) that cannot sue for contribution for its voluntary cleanup costs under CERCLA contribution provision, due to absence of preexisting civil action, may still seek indemnification from other PRPs under CERCLA provision making PRP liable for "any other necessary costs of response incurred by any other person consistent with the national contingency plan." Viacom, Inc. v. U.S., D.D.C.2005, 404 F.Supp.2d 3. Environmental Law ⬅➾ 447

CERCLA response costs were not "necessary," and thus not recoverable from responsible party, if they were duplicative of other costs, wasteful, or otherwise unnecessary to address hazardous substances at issue. Waste Management of Alameda County, Inc. v. East Bay Regional Park Dist., N.D.Cal.2001, 135 F.Supp.2d 1071. Environmental Law ⬅➾ 446

To establish that a remediation cost is "necessary" and recoverable under CERCLA, plaintiff must establish that an actual and real threat exists prior to initiating a response action, and when conditions at site do not pose any plausible threat to the environment, the response cannot be deemed necessary, and recovery must be denied. Carson Harbor Village, Ltd. v. Unocal Corp., C.D.Cal.1997, 990 F.Supp. 1188, affirmed in part , reversed in part 227 F.3d 1196, rehearing en banc granted 240 F.3d 841, opinion withdrawn and superseded on rehearing 270 F.3d 863, certiorari denied 122 S.Ct. 1437, 535 U.S. 971, 152 L.Ed.2d 381, on remand 2003 WL 22005933. Environmental Law ⬅➾ 446

293. ---- Miscellaneous cases, necessary costs

Landfill owner incurred "response costs" during remediation of contaminated landfill site that were recoverable against defendant company, under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) provision permitting the general recovery of cleanup and prevention costs, despite fact that owner had remediated site pursuant to consent order with New York State Department of Environmental Conservation (DEC); owner sought to recover costs for remediation it performed itself, and remediation avoided additional contamination and saved itself, other potentially liable parties, and the state and federal governments cleanup

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

costs. W.R. Grace & Co.-Conn. v. Zotos Intern., Inc., C.A.2 (N.Y.) 2009, 559 F.3d 85. Environmental Law ☞ 446

Utility's costs to clean up sites of manufactured gas plants were "costs of response" within meaning of CERCLA provision permitting private parties to pursue cost recovery actions; operator had incurred response costs in that it was incurring costs of removal and remedial action at the sites of the plants, and those costs were not imposed on operator as result of an administrative or court order or judgment. Consolidated Edison Co. of New York, Inc. v. UGI Utilities, Inc., C.A.2 (N.Y.) 2005, 423 F.3d 90, for additional opinion, see 153 Fed.Appx. 749, 2005 WL 2176072, certiorari denied 127 S.Ct. 2995, 551 U.S. 1130, 168 L.Ed.2d 702. Environmental Law ☞ 446

Plaintiff's allegation that he was required by state and local agencies to incur "response costs" that he sought to recover from defendant allegedly responsible for hazardous waste contamination was sufficient to support a claim that incurrence of such costs was "necessary" under section of the Superfund Act providing that party responsible for disposal of hazardous substance shall be liable for "necessary cost of response" incurred by a private party. NL Industries, Inc. v. Kaplan, C.A.9 (Cal.) 1986, 792 F.2d 896. Environmental Law ☞ 446

Environmental protection agency (EPA) payroll expenses and travel expenses incurred in conducting response actions in connection with the clean up of hazardous substances from real property, costs incurred by EPA in seeking to recover from the property owner, EPA contractor expenses for work conducted in connection with the property, EPA indirect/oversight costs, and Department of Justice (DOJ) enforcement costs totaling $1,392,734.14 were recoverable by the government under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), where it was undisputed that the costs were supported by adequate documentation. U.S. v. 718 West Wilson Ave., Glendale, Cal., 91203, Lot 17 of Tract No. 4531, C.D.Cal.2011, 2011 WL 1496325. Environmental Law ☞ 446

Purchaser of hazardous waste site could not recover costs from former owner under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) because the costs could not be shown to have furthered the cleanup of the property; instead, costs were incurred for purchaser's own business purposes or were incurred in the course of attempting to convince state government that it had no liability for the releases. 500 Associates, Inc. v. Vermont American Corp., W.D.Ky.2011, 768 F.Supp.2d 914. Environmental Law ☞ 446

District Court's conclusion that owner of property affected by groundwater contamination did not incur any costs that were "necessary costs of response" under CERCLA was not a clear error of law or fact, as would warrant reconsideration of judgment for neighboring manufacturer in owner's CERCLA action seeking reimbursement of costs it spent to avoid liability for removal of hazardous waste allegedly discharged by manufacturer, where owner had identified alleged cause of the contamination before it incurred costs it sought to recover. Champion Laboratories, Inc. v. Metex Corp., D.N.J.2010, 677 F.Supp.2d 748. Environmental Law ☞ 446; Federal Civil Procedure ☞ 2653

Alleged response costs incurred by owners of residential apartment complex, which included expenditure for expert reports to determine source of "release" of tetrachloroethylene (PCE) into soil of complex and adjacent property, were "necessary" and thus recoverable pursuant to Comprehensive Environmental Response, Compensa-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion and Liability Act (CERCLA); owners also sought to recover response costs for work performed in order to assist with and help plan eventual remediation and cleanup efforts. Walnut Creek Manor, LLC v. Mayhew Center, LLC, N.D.Cal.2009, 622 F.Supp.2d 918. Environmental Law ☞ 446

United States was not precluded from recovering response costs under CERCLA for clean up of former open-pit uranium mine located on Indian reservation, although mining companies claimed government's action was arbitrary and capricious because Environmental Protection Agency's (EPA) record of decision (ROD) was not supported by the administrative record because effect of dispute resolution process between the EPA and Indian tribe was not adequately addressed, where government did not seek costs incurred designing and constructing the remedy selected in the ROD, but, rather, government sought costs incurred studying and understanding the site and developing a series of cleanup alternatives, and if EPA failed to properly document impact of those discussions in the ROD, that deficiency occurred after the period of response costs germane to government's action. U.S. v. Newmont USA Limited, E.D.Wash.2007, 504 F.Supp.2d 1077. Environmental Law ☞ 439

The costs incurred by city with regard to installation of the supplemental water main, installation of intertie to connect two zones, construction of new reservoir, modification of another reservoir, and rebuild of well were not in response to trichloroethylene (TCE) contamination in city's wellfield and therefore, were not "necessary," as was required to be recoverable in CERCLA action against aircraft manufacturer. City of Moses Lake v. U.S., E.D.Wash.2006, 458 F.Supp.2d 1198, motion to amend denied 468 F.Supp.2d 1274, clarification denied 472 F.Supp.2d 1220. Environmental Law ☞ 446

Where a potentially responsible party cannot meet the specific requirements to state a claim for contribution under CERCLA, potentially responsible party can bring a claim under CERCLA for cleanup costs; potentially responsible party that voluntarily works with a government agency to remedy environmentally contaminated property should not have to wait to be sued to recover cleanup costs since contribution provision is not meant to be the only way to recover cleanup costs. Vine Street LLC v. Keeling, E.D.Tex.2005, 362 F.Supp.2d 754. Environmental Law ☞ 445(1); Environmental Law ☞ 447

Environmental cleanup work conducted by association of companies that released polychlorinated biphenyls (PCBs), on lake upstream from site, was reasonably necessary and was within the contemplation of the administrative order by consent (AOC) requiring the association to fund a Remedial Investigation and Feasibility Study (RI/FS) at the Site and its surrounding area, and thus costs from cleanup of lake, would be considered in determining allocation of CERCLA cleanup cost liability. Kalamazoo River Study Group v. Eaton Corp., W.D.Mich.2002, 258 F.Supp.2d 736, affirmed 355 F.3d 574. Environmental Law ☞ 446

Response costs incurred to cleanse groundwater and soil at site covered with asphalt and enclosed by fence were not necessary to address threats to public health or the environment, and thus not recoverable from former owner under CERCLA; there was no evidence that animals or plants were adversely affected by contaminated groundwater, that groundwater contaminated any creeks, lakes, or ponds downstream, that anyone drank contaminated water from site, or that groundwater flowed into underground sources of drinking water and contaminated them. Southfund Partners III v. Sears, Roebuck and Co., N.D.Ga.1999, 57 F.Supp.2d 1369. Environmental Law ☞

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

446

Cleanup costs expended by purchaser of environmentally contaminated site were necessary and consistent with National Contingency Plan (NCP), as required for recovery under CERCLA; it would have been impractical for purchaser to segregate contaminants which were intermixed with nonhazardous solid waste, decision to expand excavation beyond areas identified in initial cleanup plan was appropriate, and increase in excavated material by more than 50% from amount initially estimated did not require Explanation of Significant Differences (ESD). Marriott Corp. v. Simkins Industries, Inc., S.D.Fla.1996, 929 F.Supp. 396. Environmental Law ⬖ 446

City's costs for contractors' monitoring, assessment and evaluation of extent of benzene and other hazardous contamination of right-of-way and adjacent hot spots were "necessary" response costs for purposes of city's CERCLA claims against prior owners and operators of site; contractors's investigation and findings confirmed presence of benzene contamination. City of Toledo v. Beazer Materials and Services, Inc., N.D.Ohio 1996, 923 F.Supp. 1001. Environmental Law ⬖ 446

Site owner failed to carry burden of establishing that costs incurred in investigating environmental contamination at site were both necessary and consistent with national contingency plan (NCP), as required to recover under CERCLA, as investigatory costs were not incurred in response to perceived threat to human health or environment; rather, decision to hire environmental consultants was made in order to further identify barriers to development of site. Foster v. U.S., D.D.C.1996, 922 F.Supp. 642. Environmental Law ⬖ 446

Purchaser's costs associated with its cleanup of asbestos and polychlorinated biphenyls (PCBs) were not "necessary" within meaning of CERCLA for purposes of private cost recovery action against vendors, in light of evidence that purchaser undertook investigation and abatement actions to place site in condition to use it in trucking operations, and absent any evidence of immediate threat to public health or environment at site; no persuasive evidence indicated possibility that PCBs or asbestos would migrate into river, and purchaser removed PCBs and asbestos from separate parcel at site two years before commencing cleanup of parcel at issue. Yellow Freight System, Inc. v. ACF Industries, Inc., E.D.Mo.1995, 909 F.Supp. 1290. Environmental Law ⬖ 446

294. National contingency plan, costs--Generally

CERCLA authorizes United States to recover costs incurred in overseeing private party removal and remedial actions, to extent such costs are consistent with National Contingency Plan; overruling United States v. Rohm & Haas Co., 2 F.3d 1265. U.S. v. E.I. Dupont De Nemours and Co. Inc., C.A.3 (Del.) 2005, 432 F.3d 161. Environmental Law ⬖ 446

To show that government's response action was inconsistent with National Contingency Plan, so as to avoid reimbursement to government of its costs in remedying defects at waste disposal site, defendant must demonstrate that Environmental Protection Agency acted arbitrarily and capriciously in choosing particular response action to respond to hazardous waste site problems. U.S. v. Hardage, C.A.10 (Okla.) 1992, 982 F.2d 1436, certiorari denied 114 S.Ct. 300, 510 U.S. 913, 126 L.Ed.2d 248. Environmental Law ⬖ 446

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

While section 107 of Comprehensive Environmental Response, Compensation, and Liability Act of 1980 [42 U.S.C.A. § 9607(a)] imposes a form of strict liability against owners and operators of hazardous waste facilities and transporters of hazardous waste, government's right to recover against such parties is limited by requirement that recoverable costs be not inconsistent with national contingency plan prescribed in section 105 of Act [42 U.S.C.A. § 9605]. J.V. Peters & Co., Inc. v. Administrator, E.P.A., C.A.6 (Ohio) 1985, 767 F.2d 263. Environmental Law ⬤⟶ 446

United States could not recover response costs under CERCLA from potentially responsible party (PRP) in excess of National Contingency Plan's (NCP) time and cost limitations to extent that government acted arbitrarily and capriciously in choosing response action. U.S. v. Sensient Colors, Inc., D.N.J.2008, 580 F.Supp.2d 369. Environmental Law ⬤⟶ 446

Once the government has established the amount of its response costs related to clean-up of a hazardous waste site, a defendant may only avoid recovery of those costs under CERCLA if it can prove that the costs were incurred in a manner inconsistent with the National Contingency Plan (NCP); in order to prove that costs were not incurred in a manner consistent with the NCP, a defendant must prove that the government's choice of response action was arbitrary and capricious. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2003, 290 F.Supp.2d 198. Environmental Law ⬤⟶ 446

Determining appropriate removal and remedial action involves specialized knowledge and expertise, and thus, choice of particular cleanup method is matter within discretion of Environmental Protection Agency (EPA); as such, even if court would have made different decision regarding proper action, EPA's decision will not be found to be inconsistent with national contingency plan (NCP) unless it is in contravention of NCP guidelines. E.P.A. By and Through U.S. v. TMG Enterprises, Inc., W.D.Ky.1997, 979 F.Supp. 1110. Environmental Law ⬤⟶ 439; Environmental Law ⬤⟶ 686

For potentially responsible party (PRP) under CERCLA to show that response costs incurred by United States were inconsistent with National Contingency Plan (NCP), and thus not recoverable, PRP was only required to show that costs were incurred due to arbitrary and capricious choice of response actions, and was not required to additionally show that departure from NCP resulted in expenditures demonstrably in excess of those that would have been incurred absent such departure. U.S. v. Broderick Inv. Co., D.Colo.1997, 955 F.Supp. 1268, affirmed in part , reversed in part 200 F.3d 679. Environmental Law ⬤⟶ 446

Showing that costs incurred by United States during cleanup of hazardous waste site are consistent with National Contingency Plan is not required for CERCLA liability in government actions. U.S. v. Amtreco, Inc., M.D.Ga.1992, 809 F.Supp. 959, motion to amend denied 858 F.Supp. 1189. Environmental Law ⬤⟶ 446

Regulatory requirements for private party remedial actions to be consistent with the national contingency plan, so that response costs can be recovered under CERCLA, are: appropriate site investigation and analysis of remedial alternative; compliance with regulatory scoring, development, and selection criteria; selection of cost-efficient response; and provision of opportunity for public comment concerning selection of remedy. Channel Master Satellite Systems, Inc. v. JFD Electronics Corp., E.D.N.C.1990, 748 F.Supp. 373. Environmental Law

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

☞ 446

Under Comprehensive Environmental Response, Compensation, and Liability Act, Government's cleanup costs were required only to be consistent with national contingency plan, and were not required to be reasonable and necessary. U.S. v. Bell Petroleum Services, Inc., W.D.Tex.1990, 734 F.Supp. 771, reversed in part, vacated in part on other grounds 3 F.3d 889. Environmental Law ☞ 446

 295. ---- Substantial compliance, national contingency plan, costs

Regardless of whether compliance with National Contingency Plan (NCP) was a damages issue or a liability issue, genuine issue of material fact as to whether there was "substantial compliance" with NCP when city undertook project to reduce the levels of trichloroethylene (TCE) in wells precluded summary judgment in favor of city on its claim against aircraft manufacturer under CERLCA that release or threatened release of TCE caused city to incur response costs. City of Moses Lake v. U.S., E.D.Wash.2006, 458 F.Supp.2d 1198, motion to amend denied 468 F.Supp.2d 1274, clarification denied 472 F.Supp.2d 1220. Federal Civil Procedure ☞ 2498.3

Responsible party's costs were not required to be in strict compliance with national contingency plan in order to be recoverable in contribution action under CERCLA; substantial compliance was sufficient. Central Maine Power, Co. v. F.J. O'Connor Co., D.Me.1993, 838 F.Supp. 641. Environmental Law ☞ 447

 296. ---- Documentation of costs, national contingency plan

Documentation of the United States Department of Justice's (DOJ) enforcement costs in connection with hazardous waste site litigation was not inconsistent with requirements of National Contingency Plan (NCP), as required for recovery of costs by federal government under CERCLA; despite site owner's contention that DOJ records lacked sufficient detail, documentary evidence, including time records and travel vouchers, declaration filed by counsel which summarized tasks worked on and completed by DOJ personnel, and testimony on DOJ's direct and indirect costs by certified public accountant and acknowledged expert in cost accounting, who opined that DOJ's enforcement costs during were accurately and equitably determined using accounting system that met appropriate standards, were sufficient to provide accurate accounting of DOJ's enforcement costs as required by NCP. U.S. v. E.I. du Pont de Nemours & Co., Inc., W.D.N.Y.2004, 341 F.Supp.2d 215. Environmental Law ☞ 446

Payroll summaries accurately reflected costs incurred in payroll expenses, and were not inconsistent with national contingency plan (NCP) under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), where accountants verified that Environmental Protection Agency (EPA) payroll charges were accurate and reasonable, and payroll summaries were sufficiently supported by underlying documentation and were sufficiently randomly tested by witnesses for both parties. U.S. v. Gurley, E.D.Ark.2004, 317 F.Supp.2d 870, affirmed 434 F.3d 1064, rehearing and rehearing en banc denied. Environmental Law ☞ 446

Potentially responsible party (PRP) failed to show that response costs of United States were inconsistent with national contingency plan (NCP) under Comprehensive Environmental Response, Compensation, and Liability

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Act (CERCLA), after United States made prima facie case, which was based upon testimony of witnesses, and 26,000 pages of underlying documentation and summaries of costs. U.S. v. Gurley, E.D.Ark.2004, 317 F.Supp.2d 870, affirmed 434 F.3d 1064, rehearing and rehearing en banc denied. Environmental Law ⚷ 446

Owner of contaminated land complied with National Contingency Plan (NCP) in undertaking to remove soil contaminated with K024, and thus, was entitled to recover response costs from predecessor in interest; current owner had sufficient evidence at hand to conclude that removal action was appropriate, adequately assessed cost effectiveness of excavation and removal project, and maintained historical documents, memorandum, photographs, and evidence of costs incurred. Hatco Corp. v. W.R. Grace & Co. Conn., D.N.J.1994, 849 F.Supp. 931. Environmental Law ⚷ 446

297. ---- Public comment, national contingency plan, costs

CERCLA plaintiff failed to provide for public comment regarding remedial action, and thus, was not in substantial compliance with National Contingency Plan (NCP), as required to recover response costs, even though plaintiff complied with requirements of Minnesota Pollution Control Agency's (MPCA) Voluntary Investigation and Cleanup (VIC) Program, and held two public meetings; MPCA's involvement was not substitute for public comment, first meeting merely provided information, and plaintiff had retained contractor to conduct thermal desorption process even before second public meeting was held. Union Pacific R. Co. v. Reilly Industries, Inc., D.Minn.1997, 981 F.Supp. 1229, opinion vacated in part on reconsideration 1998 WL 1768404, affirmed 215 F.3d 830. Environmental Law ⚷ 446

Excavation of contaminated soil was not in substantial compliance with 1990 National Contingency Plan (NCP) due to owner's failure to inform public or seek public input about decision to excavate and, thus, owner's excavation costs were not response costs under CERCLA and were not recoverable from other responsible parties. Alcan-Toyo America, Inc. v. Northern Illinois Gas Co., N.D.Ill.1995, 904 F.Supp. 833. Environmental Law ⚷ 446

298. ---- Removal or remedial action, national contingency plan, costs

Owner of landfill site could seek to recover from another potentially responsible party, namely, an industrial entity that regularly caused refuse to be deposited at the site, some of the costs that it incurred in cleaning up contamination at the site, under CERCLA provision which allowed private parties to pursue cost recovery actions. Seneca Meadows, Inc. v. ECI Liquidating, Inc., W.D.N.Y.2006, 427 F.Supp.2d 279. Environmental Law ⚷ 444

Whether property owner's clean up actions were remedial or amounted to removal, and thus whether owner's costs complied with national contingency plan (NCP), as required to establish liability under CERCLA, was factual dispute that could not be resolved on defendant's motion to bifurcate trial. ABB Indus. Systems, Inc. v. Prime Technology, Inc., D.Conn.1998, 32 F.Supp.2d 38. Environmental Law ⚷ 692

Requirements for proving that remedial action is consistent with national contingency plan for hazardous waste

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

cleanup are more stringent than those for removal action. Reading Co. v. City of Philadelphia, E.D.Pa.1993, 823 F.Supp. 1218. Environmental Law ⚷ 439

299. ---- Presumptions, national contingency plan, costs

Environmental Protection Agency's (EPA's) CERCLA response costs are presumed consistent with National Contingency Plan, and are thus recoverable from responsible party, unless responsible party overcomes this presumption by establishing EPA's response action giving rise to costs is inconsistent with National Contingency Plan. U.S. v. E.I. Dupont De Nemours and Co. Inc., C.A.3 (Del.) 2005, 432 F.3d 161. Environmental Law ⚷ 464

When government initiates CERCLA action to recover response costs, such costs are presumed to be consistent with National Contingency Plan (NCP), and potentially responsible parties (PRPs) bear burden of proving otherwise. U.S. v. Atlas Lederer Co., S.D.Ohio 2001, 282 F.Supp.2d 687. Environmental Law ⚷ 464

City was not entitled to presumption afforded states that its response costs were consistent with National Contingency Plan (NCP), and not unnecessary or excessive; it must prove that costs were necessary and consistent with the NCP to make prima facie case for response costs. City of New York v. Chemical Waste Disposal Corp., E.D.N.Y.1993, 836 F.Supp. 968. Environmental Law ⚷ 464

300. ---- Burden of proof, national contingency plan, costs

To demonstrate that the government's activities were inconsistent with its National Contingency Plan, so as to avoid reimbursement of the government's costs in remedying defects at a toxic waste site under CERCLA, the defendant must demonstrate that the government acted arbitrarily and capriciously in failing to consider cost, or in selecting a remedial alternative that is not cost-effective. Raytheon Aircraft Co. v. U.S., C.A.10 (Kan.) 2009, 590 F.3d 1112. Environmental Law ⚷ 446

To establish Environmental Protection Agency's (EPA's) CERCLA response action is inconsistent with National Contingency Plan, and thus not recoverable, responsible party must show EPA acted arbitrarily and capriciously in choosing response action. U.S. v. E.I. Dupont De Nemours and Co. Inc., C.A.3 (Del.) 2005, 432 F.3d 161. Environmental Law ⚷ 446

CERCLA provision allowing government to recover costs of remedying problems at waste disposal site, so long as activities are "not inconsistent with that National Contingency Plan," imposed upon defendant burden of proof of establishing inconsistency with Plan. U.S. v. Hardage, C.A.10 (Okla.) 1992, 982 F.2d 1436, certiorari denied 114 S.Ct. 300, 510 U.S. 913, 126 L.Ed.2d 248. Environmental Law ⚷ 464

If federal government or state sues to recover response costs under CERCLA, then burden is on defendant to establish that expenditures were inconsistent with national contingency plan (NCP) by establishing that agency acted arbitrarily and capriciously in choosing particular response action. Com. of Mass. v. Blackstone Valley Elec. Co., D.Mass.1994, 867 F.Supp. 78. Environmental Law ⚷ 464; Environmental Law ⚷ 446

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Burden of proof to establish compliance with National Contingency Plan (NCP) by preponderance of evidence rests with CERCLA plaintiffs in cost-recovery suit. Greene v. Product Mfg. Corp., D.Kan.1993, 842 F.Supp. 1321. Environmental Law ☞ 465; Environmental Law ☞ 464

City was not a "state" for burden of proof purposes under CERCLA, and thus city seeking to recover response costs from responsible party had burden to show that its response actions were consistent with national contingency plan (NCP); moreover, city was acting as a market participant, rather than in a governmental role, in acting to clean up site. Sherwin-Williams Co. v. City of Hamtramck, E.D.Mich.1993, 840 F.Supp. 470. Environmental Law ☞ 464

Regardless of whether 1985 National Contingency Plan (NCP) or 1990 plan applied to resolution of questions relating to property owner's incurrence of response costs, consistency of response costs with plan was an element of property owner's prima facie case for recovery of those costs from prior owner, and property owner bore burden of proving that its response costs were consistent with applicable plan. Tri-County Business Campus Joint Venture v. Clow Corp., E.D.Pa.1992, 792 F.Supp. 984. Environmental Law ☞ 464; Environmental Law ☞ 446

Once United States presents prima facie case for response costs in action under CERCLA, burden shifts to defendants to show that those response costs are inconsistent with National Contingency Plan. U.S. v. American Cyanamid Co., D.R.I.1992, 786 F.Supp. 152. Environmental Law ☞ 464

Private party seeking to recover response cost bears the burden of pleading and proving that the costs incurred are consistent with the national contingency plan. Commerce Holding Co., Inc. v. Buckstone, E.D.N.Y.1990, 749 F.Supp. 441. Environmental Law ☞ 673; Environmental Law ☞ 464

Defendants attempting to meet burden of proving that response costs sought by the United States are inconsistent with the national contingency plan, and thus unrecoverable, must demonstrate that agency's choices of response costs were arbitrary and capricious. U.S. v. Hardage, W.D.Okla.1989, 733 F.Supp. 1424, affirmed in part, reversed in part on other grounds 982 F.2d 1436, certiorari denied 114 S.Ct. 300, 510 U.S. 913, 126 L.Ed.2d 248. Environmental Law ☞ 446

Although agencies' choices concerning negotiation and litigation strategy do not involve type of scientific and public health concerns involved in choice of what removal action to take under Comprehensive Environmental Response, Compensation, and Liability Act, so that litigation and related activities may not deserve same deferential arbitrary and capricious review that is applied to agencies' choice of cleanup remedy, in reviewing any agency response decision for cost effectiveness under national contingency plan, burden remains on defendant to show that agencies' action was not cost effective. U.S. v. Northernaire Plating Co., W.D.Mich.1988, 685 F.Supp. 1410, affirmed 889 F.2d 1497, certiorari denied 110 S.Ct. 1527, 494 U.S. 1057, 108 L.Ed.2d 767. Environmental Law ☞ 686; Environmental Law ☞ 464

Firms from which recovery of costs of cleanup of toxic waste were sought had burden of proof to show that

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

costs which United States incurred were inconsistent with national contingency plan since they were seeking benefits of an exception to prohibition of a statute. U.S. v. Ottati & Goss, Inc., D.N.H.1985, 630 F.Supp. 1361. Environmental Law ⟐ 464

301. ---- Miscellaneous cases, national contingency plan, costs

Adherence to consent order executed by owner of contaminated properties and New York's Department of Environmental Conservation (DEC) established owner's compliance with the National Contingency Plan under CERCLA. Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., C.A.2 2010, 596 F.3d 112. Environmental Law ⟐ 439

Airfield operator failed to satisfy its burden of establishing that government's costs in conducting expanded site inspection in order to list public airport that was contaminated with trichloroethylene (TCE) on National Priorities List (NPL) were inconsistent with National Contingency Plan, and thus government's costs were recoverable under CERCLA, even though airport was never listed on NPL; government's decision to discontinue its pursuit of listing on NPL did not establish its inconsistency with National Contingency Plan. Raytheon Aircraft Co. v. U.S., C.A.10 (Kan.) 2009, 590 F.3d 1112. Environmental Law ⟐ 446

Use of iron reactive barrier in remediation of hazardous waste disposal site, in lieu of pump and treatment method recommended by Environmental Protection Agency (EPA), was consistent with national contingency plan, such that cost of barrier was proper item of damages recoverable in contribution action under CERCLA, given that EPA consented to all work performed at site and that barrier was more cost effective and performed more effectively than pump and treat remedy was expected to perform. Caldwell Trucking PRP v. Rexon Technology Corp., C.A.3 (N.J.) 2005, 421 F.3d 234. Environmental Law ⟐ 447

Alleged response costs incurred by owners of real property, which included expenditure of $237,273 for such things as site investigation, soil sampling, and risk assessment in responding to release or threatened release of hazardous substances from adjacent superfund site, were not "consistent" with National Contingency Plan (NCP), since those costs were not tied in any manner to actual containment or clean-up of environmental contamination. Young v. U.S., C.A.10 (Okla.) 2005, 394 F.3d 858. Environmental Law ⟐ 446

Government's removal of empty drums from property that also contained deteriorating drums containing hazardous substances was not inconsistent with national contingency plan (NCP), and thus costs of removal of empty drums were properly included in cleanup costs of site; there was no evidence that removing empty drums raised costs significantly, that empty drums would have been accepted by ordinary landfill, or that such disposition would have been less costly than actual disposition. U.S. v. 150 Acres of Land, C.A.6 (Ohio) 2000, 204 F.3d 698. Environmental Law ⟐ 446

Actions of Washington State Department of Transportation (WSDOT) in connection with environmental cleanup were inconsistent with national contingency plan (NCP) to sufficiently high degree that WSDOT's actions were arbitrary and capricious and, thus, it was not entitled to recover response costs under CERCLA; WSDOT failed to assess accurately both nature and extent of threat from polycyclic aromatic hydrocarbons (PAHs) in soil,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

failed to consider import of varying degrees of contamination even after discovery of additional material, failed to evaluate alternatives in manner prescribed in NCP, and failed to provide opportunity for public comment. Washington State Dept. of Transp. v. Washington Natural Gas Co., Pacificorp, C.A.9 (Wash.) 1995, 59 F.3d 793 . Environmental Law ☞ 446

Determination that Environmental Protection Agency's (EPA's) decision to implement alternative water supply as interim measure pending completion of final remedial action was arbitrary and capricious in CERCLA action based on groundwater contamination precluded EPA from recovering its costs for designing and constructing system; because decision to implement system was arbitrary and capricious, it was inconsistent with the National Contingency Plan (NCP). Matter of Bell Petroleum Services, Inc., C.A.5 (Tex.) 1993, 3 F.3d 889. Environmental Law ☞ 446

Under Washington law, response costs insured incurred pursuant to a settlement agreement with the Environmental Protection Agency (EPA), under which a subsidiary would perform a remedial investigation/feasibility study (RI/FS), were covered "damages" within the meaning of umbrella and excess umbrella liability policies, despite claim that they were not incurred "under CERCLA"; RI/FS was being carried out consistent with CERCLA's National Contingency Plan, and the settlement agreement represented a compromise of a CERCLA liability property damages claim. Teck Metals, Ltd. v. Certain Underwriters at Lloyd's, London, E.D.Wash.2010, 735 F.Supp.2d 1260. Insurance ☞ 2269

National Contingency Plan (NCP) did not prohibit United States from removing nonhazardous material from Superfund site, and thus United States could recover, in CERCLA action to recover costs it incurred in response to release or threatened release of hazardous substances at site, costs it incurred in removing nonhazardous material in course of cleaning up site. U.S. v. Sensient Colors, Inc., D.N.J.2008, 580 F.Supp.2d 369. Environmental Law ☞ 439; Environmental Law ☞ 446

In a CERCLA action to recover costs for the cleanup of a hazardous substance, the costs associated with the removal or remediation efforts undertaken by an Indian tribe can be avoided by the defendants alleged to have caused the release of the substance only if the defendants can show the costs are not inconsistent with the national contingency plan (NCP), whereas removal or remedial costs incurred by any other person require that other person to show their removal or remediation costs are consistent with the NCP before he will be allowed to recover. Pakootas v. Teck Cominco Metals, Ltd., E.D.Wash.2009, 632 F.Supp.2d 1029. Environmental Law ☞ 439; Environmental Law ☞ 445(1)

Alleged response costs incurred by owners of residential apartment complex, which included expenditure for expert reports to determine source of "release" of tetrachlorethylene (PCE) into soil of complex and adjacent property, were not consistent with National Contingency Plan (NCP), since complex had only performed a few investigations of soil, and since CERCLA-quality cleanup had not yet begun; costs could be recoverable when cleanup was completed and once complex showed that it substantially complied with NCP. Walnut Creek Manor, LLC v. Mayhew Center, LLC, N.D.Cal.2009, 622 F.Supp.2d 918. Environmental Law ☞ 446

Even if regulation requiring that any response action carried out in compliance with the terms of an order issued

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

by the Environmental Protection Agency (EPA) be consistent with national contingency plan (NCP) did not apply, the response costs incurred by coal tar processing plant operator were in substantial compliance with the regulation, and thus the costs were consistent with the NCP, and thus foundry operator was liable to plant operator in the plant operator's CERCLA section authorizing contribution for response costs; regulations in earlier NCP applied to actions by government, rather than those of a private party. AlliedSignal, Inc. v. Amcast Intern. Corp., S.D.Ohio 2001, 177 F.Supp.2d 713. Environmental Law ⬤⬤447; Environmental Law ⬤⬤446

Property owner substantially complied with national contingency plan (NCP), and thus was entitled to recover contribution for necessary and reasonable remediation costs from other potentially responsible parties (PRPs) under CERCLA, even though owner failed to conduct remedial investigation or prepare feasibility study (RI/FS) before selecting its remedial method of soil excavation and off-site disposal, absent evidence of any other significantly more cost effective permanent remedial alternative that complied with state regulations. Sealy Connecticut, Inc. v. Litton Industries, Inc., D.Conn.2000, 93 F.Supp.2d 177. Environmental Law ⬤⬤447; Environmental Law ⬤⬤446

United States' CERCLA removal action with respect to site containing deteriorating drums of hazardous waste was not inconsistent with national contingency plan (NCP), even though United States removed empty drums and large underground storage tank which contained no hazardous wastes; removal of nonhazardous waste from site was not prohibited by NCP, United States had valid reasons for removing empty drums and tank, and site owners failed to show that removal of such materials resulted in demonstrable excessive costs. U.S. v. Glidden Co., N.D.Ohio 1997, 3 F.Supp.2d 823, affirmed in part, reversed in part and remanded 204 F.3d 698. Environmental Law ⬤⬤446

Environmental Protection Agency's (EPA) failure to reconsider selected remedy for environmental contamination after discovering that actual solid concentration of sludges was more than three times original estimate was not harmless, so as to allow cost recovery under CERCLA despite noncompliance with national contingency plan (NCP); EPA's own documents indicated that returning solids to site for remediation during following phase would have resulted in savings of between $385,165 and $890,787. U.S. v. Broderick Inv. Co., D.Colo.1997, 963 F.Supp. 951, affirmed in part , reversed in part 200 F.3d 679. Environmental Law ⬤⬤690

Environmental Protection Agency's (EPA) failure to conduct additional suitability studies, particularly regarding solid concentration of sludges, prior to choosing response action did not violate national contingency plan (NCP), so as to preclude recovery of costs from responsible party, despite some support in administrative record for theory that proper sampling was not conducted because of EPA's insistence on expedited clean-up schedule; documents indicated that obtaining accurate measure of solid concentration would have been prohibitively expensive and time consuming, if not practically impossible. U.S. v. Broderick Inv. Co., D.Colo.1997, 963 F.Supp. 951, affirmed in part , reversed in part 200 F.3d 679. Environmental Law ⬤⬤446

Environmental Protection Agency (EPA) violated national contingency plan (NCP) in failing to re-evaluate selected remedy for environmental contamination after discovering that actual solid concentration of sludges was more than three times original estimate, and thus, additional costs associated with increased solids would be disallowed in CERCLA cost recovery suit; responses to higher concentration resulted in price increase of 61 per-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

cent above original estimate. U.S. v. Broderick Inv. Co., D.Colo.1997, 963 F.Supp. 951, affirmed in part , reversed in part 200 F.3d 679. Environmental Law ⟶ 446

In selecting target for maximum acceptable cancer risk after clean-up at contaminated site, Environmental Protection Agency (EPA) acted arbitrarily and capriciously in incorporating possible, but highly improbable, on-site residential land-use scenario in its evaluation, and thus, increased costs attributable to EPA's utilization of 10-5 cancer risk factor, rather than 10-4 factor, were inconsistent with National Contingency Plan (NCP) and nonrecoverable. U.S. v. Broderick Inv. Co., D.Colo.1997, 955 F.Supp. 1268, affirmed in part , reversed in part 200 F.3d 679. Environmental Law ⟶ 446

In selecting target for maximum acceptable cancer risk at contaminated site, Environmental Protection Agency (EPA) acted arbitrarily and capriciously in assuming that cancer risk would remain unchanged following its multimillion dollar sludge removal operation, and thus, increased costs attributable to EPA's utilization of 10-5 cancer risk factor, rather than 10-4 factor, were inconsistent with National Contingency Plan (NCP) and nonrecoverable. U.S. v. Broderick Inv. Co., D.Colo.1997, 955 F.Supp. 1268, affirmed in part , reversed in part 200 F.3d 679. Environmental Law ⟶ 446

Cleanup work performed by current owner of site and successor to former smelter was in compliance with Environmental Protection Agency (EPA) orders and, thus, deemed consistent with National Contingency Plan (NCP) for purposes of CERCLA contribution actions against other potentially responsible parties (PRPs), despite failure to investigate areas adjacent to site; EPA orders only addressed areas within site, and on-site landfill satisfied EPA requirement to comply with potentially applicable Kansas regulations. Bancamerica Commercial Corp. v. Trinity Industries, Inc., D.Kan.1995, 900 F.Supp. 1427, affirmed in part, reversed in part and remanded 100 F.3d 792, amended 103 F.3d 80. Environmental Law ⟶ 447

Response costs incurred at hazardous waste site were consistent with national contingency plan and recoverable under the Comprehensive Environmental Response, Compensation, and Liability Act, where potentially liable parties made only self-serving conclusions, unsupported by specific facts in the record objecting to amounts incurred by the United States for response actions. U.S. v. Serafini, M.D.Pa.1992, 795 F.Supp. 723, order vacated on reconsideration 898 F.Supp. 287, affirmed 135 F.3d 767. Environmental Law ⟶ 446

Owner of industrial plant was not entitled to recover, under Comprehensive Environmental Response, Compensation, and Liability Act, response costs from previous owner incurred in cleaning up PCB contamination of plant since owner did not comply with requirements of national contingency plan; owner did not show that any specific requirement of plan was inappropriate to specific site and problem, did not consider all factors to be assessed in determining what type of remedial action would be considered, did not develop remedial alternatives, and did not provide opportunity for public comment on remedial action to be selected. Amland Properties Corp. v. Aluminum Co. of America, D.N.J.1989, 711 F.Supp. 784. Environmental Law ⟶ 446

302. Resource Conservation Recovery Act plan, costs

Industrial site owner could not recover costs incurred to formulate Resource Conservation Recovery Act

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

(RCRA) plan as CERCLA response costs. Nashua Corp. v. Norton Co., N.D.N.Y.2000, 116 F.Supp.2d 330. Environmental Law 446

303. Private-party actions, costs

Private party which cleaned up hazardous waste site was entitled to recover all expenses from responsible party, where all cleanup work performed was necessary to meet state standards. General Elec. Co. v. Litton Indus. Automation Systems, Inc., C.A.8 (Mo.) 1990, 920 F.2d 1415, certiorari denied 111 S.Ct. 1390, 499 U.S. 937, 113 L.Ed.2d 446, rehearing denied 111 S.Ct. 1697, 500 U.S. 911, 114 L.Ed.2d 91. Environmental Law 446

Activities financed by private litigants that are closely tied to actual environmental cleanup, significantly benefit entire cleanup, and serve statutory purpose by facilitating prompt and effective cleanup are type of cost expenditures that CERCLA recognizes to be included in cost recovery actions. In re Combustion, Inc., W.D.La.1996, 968 F.Supp. 1112. Environmental Law 446

CERCLA private party response cost claim may not be maintained absent allegations of at least one type of response cost cognizable under CERCLA in order to make out a prima facie case. Romeo v. General Chemical Corp., N.D.Cal.1994, 922 F.Supp. 287. Environmental Law 673

Under CERCLA provision governing liability for response costs incurred by person other than United States, state, or Indian tribe, private party plaintiff must prove that costs incurred were both necessary and consistent with national contingency plan. City of Heath, Ohio v. Ashland Oil, Inc., S.D.Ohio 1993, 834 F.Supp. 971. Environmental Law 464; Environmental Law 446

Privately incurred response costs may be recovered under Comprehensive Environmental Response, Compensation and Liability Act when consistent with national contingency plan without prior governmental approval. State of N.Y. v. Shore Realty Corp., E.D.N.Y.1986, 648 F.Supp. 255. Environmental Law 446

304. Allocation or apportionment of costs

Generally, response costs are apportioned, in common meaning of that word, late in CERCLA action, under equitable considerations. U.S. v. Broderick Inv. Co., D.Colo.1994, 862 F.Supp. 272. Environmental Law 447

United States' alleged allocation of other sites' response costs to site for which United States sought to hold defendants liable would go beyond bounds of nexus between defendants and response costs and would be improper. U.S. v. Fairchild Industries, Inc., D.Md.1991, 766 F.Supp. 405. Environmental Law 446

305. Calculation of costs

Revised indirect rate methodology used by Environmental Protection Agency (EPA) to calculate its indirect response costs associated with cleanup of asbestos contaminated site fairly allocated indirect costs of EPA's super-

fund program to specific sites and complied with relevant accounting standard, and thus EPA could recover its indirect costs from former and current owner of abandoned asbestos mine, applying provisional indirect rate of 35.53 for relevant years. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2003, 280 F.Supp.2d 1149. Environmental Law ⟐ 446

United States Department of Justice's calculation of costs incurred in litigating action under Comprehensive Environmental Response, Compensation, and Liability Act not by adding up each and every specific cost accumulated in litigation, but by figuring, on annual basis, what portion of department's total costs were allocated to case was not unreasonable or inaccurate so that Department of Justice was entitled to recover $35,473. U.S. v. Northernaire Plating Co., W.D.Mich.1988, 685 F.Supp. 1410, affirmed 889 F.2d 1497, certiorari denied 110 S.Ct. 1527, 494 U.S. 1057, 108 L.Ed.2d 767. Federal Civil Procedure ⟐ 2735

   306. Future costs

Ordering party found liable for environmental contamination under CERCLA to pay monetary damages for deposit in escrow account to fund future cleanup of contamination was award of future response costs in violation of CERCLA. Stanton Road Associates v. Lohrey Enterprises, C.A.9 (Cal.) 1993, 984 F.2d 1015, certiorari granted 114 S.Ct. 633, 510 U.S. 1023, 126 L.Ed.2d 592, certiorari dismissed 114 S.Ct. 652, 510 U.S. 1031, 126 L.Ed.2d 609. Environmental Law ⟐ 446

Hazardous waste generators could be held jointly and severally liable for future removal costs at hazardous waste site even if it were not shown that such work would ever be needed. O'Neil v. Picillo, C.A.1 (R.I.) 1989, 883 F.2d 176, certiorari denied 110 S.Ct. 1115, 493 U.S. 1071, 107 L.Ed.2d 1022. Environmental Law ⟐ 445(3)

Manufacturer did not have any continuing liability to municipality for future response costs under CERCLA, where recovery of response costs already incurred was time-barred or otherwise was not "necessary." City of Moses Lake v. U.S., E.D.Wash.2007, 472 F.Supp.2d 1220. Environmental Law ⟐ 446

CERCLA claim for future response costs arising from land that had been used as public shooting range was not yet ripe for review where landowner and its parent company were still in process of creating remedial action plan and it was unknown whether they would ultimately satisfy public participation requirement or be inconsistent in other ways with national contingency plan. Otay Land Co. v. U.E. Ltd., L.P., S.D.Cal.2006, 440 F.Supp.2d 1152, vacated 338 Fed.Appx. 689, 2009 WL 2179739. Environmental Law ⟐ 662

Owner of hazardous waste site, found to be entitled to contribution from former owner for incurred response costs, was also entitled to declaratory judgment of liability for contribution to future response costs, regardless of speculative nature of future costs. Sherwin-Williams Co. v. ARTRA Group, Inc., D.Md.2001, 125 F.Supp.2d 739. Declaratory Judgment ⟐ 82

Even issues about shares of accountability for remediation costs already incurred at CERCLA site could not be answered by preponderance of evidence, and for added practical reasons, predictions about future costs and

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

equitable shares were necessarily even more uncertain. Acushnet Co. v. Coaters, Inc., D.Mass.1997, 972 F.Supp. 41, affirmed 191 F.3d 69, 162 A.L.R. Fed. 717. Contribution ☞ 9(6)

Landowner's mere expenditure of investigatory costs did not establish that future costs of cleanup of soil and groundwater contamination would be consistent with national contingency plan (NCP) and, thus, landowner could not recover under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for future cleanup costs, absent other proof of cleanup's consistency with NCP. Marriott Corp. v. Simkins Industries, Inc., S.D.Fla.1993, 825 F.Supp. 1575. Environmental Law ☞ 446

County could be declared liable in CERCLA action for future response costs that were consistent with national contingency plan (NCP), even though government could not actually recover costs not yet incurred. U.S. v. Smuggler-Durant Min. Corp., D.Colo.1993, 823 F.Supp. 873. Environmental Law ☞ 446

307. Indirect costs--Generally

Environmental Protection Agency's (EPA's) treatment of attorney fees as payments made to an outside vendor did not prevent government from collecting indirect costs in action against owner of contaminated property for recovery of clean-up costs under CERCLA. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2003, 290 F.Supp.2d 198. Environmental Law ☞ 446

Indirect costs incurred by the United States in connection with disposal site could be recovered as response costs under CERCLA. U.S. v. Hardage, W.D.Okla.1989, 733 F.Supp. 1424, affirmed in part, reversed in part on other grounds 982 F.2d 1436, certiorari denied 114 S.Ct. 300, 510 U.S. 913, 126 L.Ed.2d 248. Environmental Law ☞ 446

308. ---- Overhead, indirect costs

Indirect costs of employee labor and overhead expenses were recoverable "response costs" in CERCLA cost recovery suit. Amcast Indus. Corp. v. Detrex Corp., N.D.Ind.1992, 822 F.Supp. 545, affirmed in part , reversed in part 2 F.3d 746, certiorari denied 114 S.Ct. 691, 510 U.S. 1044, 126 L.Ed.2d 658. Environmental Law ☞ 446

Insofar as indirect costs were attributable to overhead expenses needed to support government's cleanup of water well field and surrounding areas, they were reimbursable under CERCLA. Kelley v. Thomas Solvent Co., W.D.Mich.1990, 790 F.Supp. 719. Environmental Law ☞ 446

309. Ascertainment of danger, costs

Plaintiff seeking recovery of response costs under CERCLA is not required to show that it incurred costs by acting to contain a release threatening the public health or environment, and was entitled to recover cost of ascertaining danger posed by actual or threatened release of hazardous substances, as CERCLA did not impose any quantitative threshold for determining whether release or threatened release occurred, but release or threatened release may not involve only materials excluded under CERCLA. Johnson v. James Langley Operating Co., Inc.,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

C.A.8 (Ark.) 2000, 226 F.3d 957. Environmental Law ☜ 446; Environmental Law ☜ 441; Environmental Law ☜ 442

310. Administrative expenses, costs

All costs, including indirect costs, administrative expenses, and initial investigative costs incurred by government are recoverable under CERCLA section imposing on owners of hazardous waste sites and generators and transporters of hazardous waste liability for governmental costs of removal or remedial action. U.S. v. American Cyanamid Co., D.R.I.1992, 786 F.Supp. 152. Environmental Law ☜ 446

Under Comprehensive Environmental Response, Compensation, and Liability Act, Government could recover prejudgment interest as well as all costs incurred in course of rectifying conditions at hazardous waste site so long as such costs were not inconsistent with National Contingency Plan; allowable costs included all of Government's investigative and administrative expenditures and costs of mounting litigation to recover response costs, including attorney fees. U.S. v. Mottolo, D.N.H.1988, 695 F.Supp. 615.

311. Alternate water supply, costs

Subdivision developers could not recover response costs relating to alternate water supply (AWS) system under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), where invoice from engineering firm did not indicate fees charged were related to study of AWS, no evidence indicated AWS study was result of release or threatened release of hazardous substances, and plan for AWS was required as part of subdivision application. Leonard Partnership v. Town of Chenango, N.D.N.Y.1991, 779 F.Supp. 223. Environmental Law ☜ 446

Costs of security fence, mound slope and site repairs, alternative water supply, well plugging, access agreements, and site maintenance, all undertaken by steering committee of hazardous waste disposal site, were "necessary costs of response . . . " consistent with national contingency plan for which steering committee was entitled to recovery; however, steering committee failed to meet its burden of demonstrating that its claim for cost of bedrock studies, expert panel field investigation, oversight of EPA work, manned characterization studies, drum disposal, remedial design, and hydrological/hydrogeological studies were "necessary costs of response . . . " consistent with the national contingency plan, and thus, steering committee could not recover those costs. U.S. v. Hardage, W.D.Okla.1990, 750 F.Supp. 1460, affirmed 982 F.2d 1436, certiorari denied 114 S.Ct. 300, 510 U.S. 913, 126 L.Ed.2d 248. Environmental Law ☜ 446

City residents could not recover increased water charges and taxes as response costs under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) which resulted when the city was required to pay for and provide alternative water supply for its residents; the city had settled its suit to recover the costs from the alleged polluters and had been compensated for its expenditures. Werlein v. U.S., D.Minn.1990, 746 F.Supp. 887, vacated in part 793 F.Supp. 898. Environmental Law ☜ 446

Costs to area residents of obtaining alternate water supplies after their wells were contaminated by hazardous

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

waste were appropriate response costs under Comprehensive Environmental Response, Compensation and Liability Act. Lutz v. Chromatex, Inc., M.D.Pa.1989, 718 F.Supp. 413. Environmental Law ⟐ 446

Water company's provision of alternative water supplies to its customers after discovery of ground water contamination was not appropriate response action under Comprehensive Environmental Response, Compensation, and Liability Act, and costs water company had incurred or would incur were not "necessary costs of response" which could be recovered from owner of toxic waste site. Artesian Water Co. v. Government of New Castle County, D.Del.1987, 659 F.Supp. 1269, affirmed 851 F.2d 643, rehearing denied. Environmental Law ⟐ 446

312. Asbestos removal, costs

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) does not provide private right of action to recover costs of removal of asbestos-containing materials from structures of buildings. Dayton Independent School Dist. v. U.S. Mineral Products Co., C.A.5 (Tex.) 1990, 906 F.2d 1059, rehearing denied. Environmental Law ⟐ 461

Site owner's removal of asbestos from power plant building, polychlorinated biphenyls (PCB) sampling and investigation costs, were not "necessary" costs of response, as required to recover under CERCLA; owner failed to show actual or potential risks posed by asbestos-related conditions at site, removal of asbestos was not necessary to bring facility into compliance with National Emission Standards For Hazardous Air Pollution (NESHAP) regulations, and there was no evidence of release of PCBs which had caused owner to incur response costs. G.J. Leasing Co., Inc. v. Union Elec. Co., S.D.Ill.1994, 854 F.Supp. 539, affirmed 54 F.3d 379. Environmental Law ⟐ 446

Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) does not provide for private right of action based on presence of asbestos containing materials in building nor does it provide private right of action for removal of those materials. Black v. Carey Canada, Inc., S.D.Miss.1990, 791 F.Supp. 1120. Environmental Law ⟐ 442; Environmental Law ⟐ 461; Environmental Law ⟐ 439

Commercial lessee had no cause of action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) against lessor to recover costs incurred in removing asbestos dust resulting from fire damage. Anthony v. Blech, C.D.Cal.1991, 760 F.Supp. 832, affirmed 976 F.2d 525. Environmental Law ⟐ 445(1)

Comprehensive Environmental Response, Compensation, and Liability Act did not provide private cause of action for renovators of building to sue previous owners to recover costs of removal of building materials containing asbestos. Retirement Community Developers, Inc. v. Merine, D.Md.1989, 713 F.Supp. 153. Environmental Law ⟐ 461; Environmental Law ⟐ 437

313. Consultants, costs

Fees paid to environmental consultant by purchaser of environmentally distressed property were not necessary

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

response costs and could not be recovered from vendor under CERCLA; fees were incurred in connection with consultant's monitoring of vendor's remediation efforts for purchaser's benefit, and thus were unrecoverable litigation-related expenses, and fees also were not incurred as a result of vendor's remediation and detoxification of property, as required to be reimbursable costs. Black Horse Lane Assoc., L.P. v. Dow Chemical Corp., C.A.3 (N.J.) 2000, 228 F.3d 275. Environmental Law ⟨⟩ 446

Costs city paid to its consultant to prepare a letter complaining about Environmental Protection Agency's (EPA) chosen remedy of new well for adjacent privately owned system were not "necessary," as was required to be recoverable in CERCLA action against aircraft manufacturer; when city, via consultant, offered comments on the already completed adjacent well, the city had accomplished its own cleanup of its wellfield, and city's comments were not closely tied to cleanup of aquifer as a whole, but instead to preserving cleanup of its own wells. City of Moses Lake v. U.S., E.D.Wash.2006, 458 F.Supp.2d 1198, motion to amend denied 468 F.Supp.2d 1274, clarification denied 472 F.Supp.2d 1220. Environmental Law ⟨⟩ 446

Expenses incurred by professional consultants engaged to identify and locate potentially responsible parties (PRPs) and to perform other services related to site remediation were necessary costs of recovery allowable under CERCLA. In re Combustion, Inc., W.D.La.1996, 968 F.Supp. 1112. Environmental Law ⟨⟩ 446

314. Diminution in property value, costs

Private property owners whose land was near allegedly contaminated landfill could not recover diminution in value to their property as "response costs" under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Rhodes v. County of Darlington, S.C., D.S.C.1992, 833 F.Supp. 1163. Environmental Law ⟨⟩ 446

Damages for diminution in property value and lost income were not recoverable as "response costs" under Comprehensive Environmental Response, Compensation, and Liability Act. Piccolini v. Simon's Wrecking, M.D.Pa.1988, 686 F.Supp. 1063. Environmental Law ⟨⟩ 446

315. Evacuation costs

Evacuation costs in private party CERCLA recovery action were not properly within scope of recoverable "response costs" where no evacuation was conducted by Federal Emergency Management Agency (FEMA) or other government officials, but, rather, where public health officials ordered a "shelter in place" requiring residents in affected areas to stay inside their homes. Romeo v. General Chemical Corp., N.D.Cal.1994, 922 F.Supp. 287. Environmental Law ⟨⟩ 446

316. Economic loss, costs

Economic damages, including lost rentals and the properties' diminution in value, litigation-related attorney fees and the experts' fees were not CERCLA response costs recoverable on property owner's contribution claim. Vine Street, LLC v. Keeling ex rel. Estate of Keeling, E.D.Tex.2006, 460 F.Supp.2d 728. Environmental Law ⟨⟩ 446; Environmental Law ⟨⟩ 447

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Upon proper proof of costs, city and city redevelopment and housing authority could recover from CERCLA response cost defendants for employees' time spent in responding to contamination for which defendants were partially responsible, despite claim that lost time was form of economic loss not recoverable under CERCLA. Pneumo Abex Corp. v. Bessemer and Lake Erie R. Co., Inc., E.D.Va.1996, 936 F.Supp. 1250. Environmental Law ⚷ 446

### 317. Evaluation of site, costs

Costs that railroad company paid to environmental consultants to evaluate site which company leased to tenant who ran a scrap material yard, and costs paid to develop a plan of remedial action, constituted investigation and testing costs cognizable under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), irrespective of whether company had incurred actual clean-up costs. Soo Line R. Co. v. Tang Industries, Inc., N.D.Ill.1998, 998 F.Supp. 889. Environmental Law ⚷ 446

Fact that city hired contractors to monitor, assess and evaluate hazardous substances at site in connection with city's potential litigation did not preclude city from recovering expenses as response costs under CERCLA. City of Toledo v. Beazer Materials and Services, Inc., N.D.Ohio 1996, 923 F.Supp. 1001. Environmental Law ⚷ 446

Town which operated landfill on portion of landowner's land could be liable under CERCLA for "response costs" arising from site visit and report completed by landowner's environmental consultant, even though evaluation was not complete or final evaluation of site; obtaining preliminary information on levels of hazardous substances in surrounding soil and sediment was necessary step before any further action could be properly taken. Gache v. Town of Harrison, N.Y., S.D.N.Y.1993, 813 F.Supp. 1037. Environmental Law ⚷ 446

### 318. Health risk assessments, costs

Medical testing program conducted by agency of Department of Health and Human Services (DHHS) to determine whether past and current residents of town located near an abandoned asbestos mine suffered adverse health effects from exposures to asbestos was "health effects study," and thus the costs incurred by the agency in conducting study were recoverable in government's CERCLA cost-recovery action against former and current owners of mine areas. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2003, 280 F.Supp.2d 1149. Environmental Law ⚷ 446

Expenses incurred for preparation of formal health risk assessments are not compensable as "response costs" under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); definitions of "remove, removal, remedy and remedial action" uniformly refer to acts involving cleanup of hazardous sites or assessment of environmental damage at those sites but there is no indication that Congress meant to include health risk assessments in category of response costs. Redland Soccer Club, Inc. v. Department of Army of U.S., M.D.Pa.1992, 801 F.Supp. 1432. Environmental Law ⚷ 446

### 319. Identification of responsible parties, costs

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Private litigant's activities in identifying other potentially responsible parties (PRP) were "necessary costs of response" recoverable under CERCLA; those efforts might be performed by professionals who were not lawyers, and such fee award recognized role that private litigant's search for other responsible parties played in uncovering Air Force's disposal of waste at site and prompting Environmental Protection Agency (EPA) to initiate its enforcement action against Air Force. Key Tronic Corp. v. U.S., U.S.Wash.1994, 114 S.Ct. 1960, 511 U.S. 809, 128 L.Ed.2d 797, on remand 30 F.3d 1105. Environmental Law ⬤⟝ 446

320. Investigation, costs

Alleged response costs incurred by owners of real property, which included expenditure of $237,273 for such things as site investigation, soil sampling, and risk assessment in responding to release or threatened release of hazardous substances from adjacent superfund site, were not "necessary" under CERCLA, since those costs were not tied in any manner to actual containment or clean-up of environmental contamination. Young v. U.S., C.A.10 (Okla.) 2005, 394 F.3d 858. Environmental Law ⬤⟝ 446

Costs which subdivision property owners sought to recover as response costs in private action under the Comprehensive Environmental Response, Compensation, and Liability Act relocation costs, investigatory costs, and cost of dikes and trenches--could be recovered in action against entities involved in development of subdivision on property site on which highly-toxic waste had accumulated. Tanglewood East Homeowners v. Charles-Thomas, Inc., C.A.5 (Tex.) 1988, 849 F.2d 1568. Environmental Law ⬤⟝ 446

County's failure to conduct widespread interviews prior to commencing field work for its remedial investigation was immaterial and insubstantial deviation from technical requirements of national contingency plan (NCP), which were not mandatory in any event, and thus did not bar county's claim against prior owners of property used for county jail pursuant to CERCLA for response costs incurred in remedial action, where there were no residential neighborhoods directly impacted by contamination at property and offsite, no community organizations ever contacted county about issue despite local media coverage, county implemented community relations plan, and public would have additional opportunities to learn about site and comment on proposed remedial actions. Board of County Com'rs of County of La Plata, Colorado v. Brown Group Retail, Inc., D.Colo.2011, 768 F.Supp.2d 1092, clarification denied 2011 WL 2669220. Environmental Law ⬤⟝ 439

In Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) action against aircraft company for its predecessor's release of trichloroethylene (TCE) into environment, United States could recover costs incurred as a result of site investigation undertaken for the purpose of listing public airport site on national priorities list (NPL) for hazardous waste sites eligible for long-term remedial action financed under federal superfund program, even though site was never listed on the NPL. Raytheon Aircraft Co. v. U.S., D.Kan.2008, 556 F.Supp.2d 1265, subsequent determination 2008 WL 2561099, affirmed 590 F.3d 1112. Environmental Law ⬤⟝ 443; Environmental Law ⬤⟝ 446

Although potentially responsible party (PRP) could not equitably be required to share in remediation of national priorities list (NPL) site, PRP was required to bear 10% of costs of investigating presence of polychlorinated biphenyl (PCB) Aroclor 1254 site, in CERCLA cleanup cost contribution by association of companies that released PCBs; PCBs were discovered at PRP's facility, PRP lacked historical records, and PRP benefited from as-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

sociation's investigation of site. Kalamazoo River Study Group v. Eaton Corp., W.D.Mich.2002, 258 F.Supp.2d 736, affirmed 355 F.3d 574. Environmental Law ⟳ 447

To show that investigative costs are "necessary" within meaning of CERCLA, party seeking recovery must demonstrate that costs were incurred in response to threat to human health or environment and that costs were necessary to address that threat; costs must be precipitated by release of hazardous substance and necessary to remediation thereof. Foster v. U.S., D.D.C.1996, 926 F.Supp. 199. Environmental Law ⟳ 446

CERCLA, which does not address traditional state tort remedies, would not support recovery of expenses incurred by residents of city over which cloud of nitrogen tetroxide formed, particularly claimed costs of investigating and monitoring contamination, expenditures for cleansing their property, and costs expended during temporary partial evacuation of city; residents themselves took no active steps toward cleanup but, rather, others neutralized chemical threat, residents left their residences primarily in fear of their own safety, not to further goal of prompt, efficient cleanup, and there were no allegations which would support finding that any hazard remained which was even worth investigating, monitoring, or remedying. Holloway v. Gaylord Chemical, E.D.La.1996, 922 F.Supp. 1154. Environmental Law ⟳ 446

Investigation of hazardous waste site was necessary and resulted in adequate preliminary assessment of nature of contamination in strict compliance with 1985 National Contingency Plan (NCP) and, thus, investigation costs were consistent with NCP and recoverable response costs under CERCLA. Alcan-Toyo America, Inc. v. Northern Illinois Gas Co., N.D.Ill.1995, 904 F.Supp. 833. Environmental Law ⟳ 446

Cost of Resource Conservation and Recovery Act (RCRA) facility assessment and investigation performed on solid waste management units could be recovered under CERCLA, as such costs were incurred in response to release or threatened release of hazardous substance, despite claim that such costs were routine business expenses and, thus, could not be "response costs" under CERCLA; fact that site owner was required by state or federal law to comply with certain procedures at units did not remove prior owner's CERCLA liability. Union Carbide Corp. v. Thiokol Corp., S.D.Ga.1994, 890 F.Supp. 1035. Environmental Law ⟳ 446

Potentially responsible party under CERCLA stated cognizable claim for relief as to assertion that government should have been barred from recovery of costs allegedly incurred in connection with site investigation due to government's actions in retaliation for party's refusal to give up due process rights to judicial review as condition of proffered settlement; party was not limited to arguing that some of costs incurred were not recoverable on ground that they were inconsistent with National Contingency Plan (NCP). Louisiana Pacific Corp. v. Beazer Materials & Services, Inc., E.D.Cal.1994, 842 F.Supp. 1243. Environmental Law ⟳ 446

Costs of initial investigation and monitoring of release are recoverable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) without showing that they were consistent with National Contingency Plan (NCP). City of New York v. Chemical Waste Disposal Corp., E.D.N.Y.1993, 836 F.Supp. 968 . Environmental Law ⟳ 446

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Nearby landowners failed to make requisite showing of causal connection between alleged release of hazardous materials from landfill, response made by them and necessary costs incurred pursuant to that response where they offered no evidence to support their conclusory allegations that site had caused them to incur necessary response costs; in other words, plaintiff incurred expenses in order to determine if there were an injury and such investigative costs could be recovered, but only if they existed as part of a plan for cleanup that was consistent with National Contingency Plan (NCP), and that was properly authorized; moreover, landowners did not consume water on their properties located next to landfill nor had any federal, state or municipal authorities determined that site posed threat to health or environment. Rhodes v. County of Darlington, S.C., D.S.C.1992, 833 F.Supp. 1163. Environmental Law ☞ 446

Landowner was not required to prove consistency with national contingency plan (NCP) for its investigatory costs in order to state prima facie case in Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) cost recovery action; detailed NCP provisions governing other response actions cannot reasonably be applied to preliminary monitoring and evaluation of release of hazardous substances. Marriott Corp. v. Simkins Industries, Inc., S.D.Fla.1993, 825 F.Supp. 1575. Environmental Law ☞ 446

Site investigation conducted by owners of former manufactured gas plant site and adjacent property at which constituent elements of coal-tar and other hazardous wastes were present constituted "necessary costs of response" under CERCLA, despite facts that investigation was performed to further owners' litigation interests, that owners declined invitation of former plant site owner to delay their investigation until former owner conducted its own investigation, and that owners investigated only for purpose of confirming presence of coal-tar. HRW Systems, Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Environmental Law ☞ 446

Generally, investigative costs incurred by a private party after the Environmental Protection Agency (EPA) has initiated a remedial investigation, unless authorized by the EPA, are duplicative and therefore not recoverable under CERCLA; also, where costs had been incurred solely to defend against government's action, they are not "necessary" within meaning of provision allowing private parties to recover response costs which are "necessary." Louisiana-Pacific Corp. v. Beazer Materials & Services, Inc., E.D.Cal.1993, 811 F.Supp. 1421. Environmental Law ☞ 446

Landlord stated cause of action for response costs under CERCLA by alleging that tenant was operating facility on the property and that hazardous substances were being deposited there, that hazardous substances were released there during the tenant's occupancy, and that landlord had paid for investigations, study and assessment of soil and groundwater contaminations. Arawana Mills Co. v. United Technologies Corp., D.Conn.1992, 795 F.Supp. 1238. Environmental Law ☞ 437

Under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), former owner of hazardous waste site that admitted that occasionally minor spills of organic solvents drained into dry well was liable to present owner for initial investigatory and monitoring costs incurred in determining scope of soil contamination; compliance with National Contingency Plan (NCP) was not precondition to recovery of preliminary investigatory and monitoring costs. Carlyle Piermont Corp. v. Federal Paper Bd. Co., Inc., S.D.N.Y.1990, 742 F.Supp. 814. Environmental Law ☞ 446; Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

State urban development corporation which conducted investigation and cleanup of PCBs failed to show that costs of investigation were caused by release or threat of release from site, as at time corporation undertook costs of investigation it had no protectible interest in property that was subject of investigation, and it acquired interest in property at least one year after it incurred costs of prepurchase environmental evaluation. Pennsylvania Urban Development Corp. v. Golen, E.D.Pa.1989, 708 F.Supp. 669. Environmental Law ☞ 446

321. Litigation expenses, costs--Generally

Litigation costs were recoverable under CERCLA. Louisiana-Pacific Corp. v. ASARCO Inc., C.A.9 (Wash.) 1994, 24 F.3d 1565, rehearing denied, as amended , certiorari denied 115 S.Ct. 780, 513 U.S. 1103, 130 L.Ed.2d 674.

Material issues of fact existed as to whether certain fees and costs requested as response costs by aircraft company in its CERCLA action against United States, including litigation-related expenses and expenses stemming from search for potentially responsible parties (PRPs), were beyond scope of allowable fees and costs, precluding summary judgment for United States on its challenge to company's requested recovery. Raytheon Aircraft Co. v. U.S., D.Kan.2007, 532 F.Supp.2d 1306, reconsideration denied 2008 WL 647068. Federal Civil Procedure ☞ 2498.3

United States Department of Justice's (DOJ) enforcement costs incurred in connection with hazardous waste site litigation were recoverable by federal government under CERCLA's cost-recovery provision; distinction between litigation and non-litigation costs prohibiting private party from recovering litigation-related attorney fees and costs under CERCLA did not apply to federal government. U.S. v. E.I. du Pont de Nemours & Co., Inc., W.D.N.Y.2004, 341 F.Supp.2d 215. Environmental Law ☞ 446

Determination that private litigation-related fees are not recoverable in CERCLA cost recovery action does not signify that all payments made to a lawyer are unrecoverable under CERCLA; some lawyers' work that is closely tied to actual cleanup may constitute necessary cost and be a recoverable cost of response, clearly distinguishable from litigation expenses. Nutrasweet Co. v. X-L Engineering Corp., N.D.Ill.1996, 926 F.Supp. 767. Environmental Law ☞ 720(2)

CERCLA plaintiff bringing private action against prior owner and operator of mining site would be awarded all reasonable fees connected with litigation, and that amount would not be affected by liability allocation. Anschutz Min. Corp. v. NL Industries, Inc., E.D.Mo.1995, 891 F.Supp. 492. Environmental Law ☞ 720(2); Environmental Law ☞ 447

Private party litigation costs, including attorney fees, are "enforcement activities" under CERCLA and, therefore, are recoverable as response costs under CERCLA. Hastings Bldg. Products, Inc. v. National Aluminum Corp., W.D.Mich.1993, 815 F.Supp. 228. Environmental Law ☞ 720(2)

"Response costs" recoverable under CERCLA do not include private party's litigation expenses in private cost recovery action. Abbott Laboratories v. Thermo Chem, Inc., W.D.Mich.1991, 790 F.Supp. 135. Environmental

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Law 🗝 720(2)

Attorney fees and costs of litigation are not recoverable by private litigant under CERCLA; while CERCLA provides for recovery of attorney fees and litigation costs by United States, no analogous portion of statute entitles private party to recover for legal action taken. U.S. v. Hardage, W.D.Okla.1990, 750 F.Supp. 1460, affirmed 982 F.2d 1436, certiorari denied 114 S.Ct. 300, 510 U.S. 913, 126 L.Ed.2d 248. Environmental Law 🗝 720(2)

322. ---- Attorney fees, litigation expenses, costs

Litigation-related attorney fees for prosecuting private response recovery action against Air Force were not recoverable "necessary costs of response" under CERCLA, as "enforcement activities" do not encompass private party's action to recover cleanup costs from other potentially responsible parties (PRP); relevant provisions of CERCLA do not expressly mention recovery of such fees, and Congress' inclusion of two express fee awards provisions elsewhere in CERCLA amendments, and its omission of similar provision in either of two sections that expressly authorize contribution claims, strongly suggested deliberate decision not to authorize such awards in private cost recovery action. Key Tronic Corp. v. U.S., U.S.Wash.1994, 114 S.Ct. 1960, 511 U.S. 809, 128 L.Ed.2d 797, on remand 30 F.3d 1105. Environmental Law 🗝 446; Environmental Law 🗝 720(2)

Washington State Department of Transportation (WSDOT) could reasonably have believed that, with benefit of presumption of consistency with national contingency plan (NCP), its actions would satisfy requirements of NCP and, thus, district court did not abuse its discretion in denying attorney fees incurred to prove noncompliance with NCP following WSDOT's failure to admit noncompliance in CERCLA litigation; because WSDOT lacked expertise on environmental matters, it consulted with Washington State Department of Ecology (WSDOE) and private consultant to test material, determine appropriate remedial action, and comply with applicable environmental law, and WSDOT's actions followed pattern set forth in NCP, at most general level. Washington State Dept. of Transp. v. Washington Natural Gas Co., Pacificorp, C.A.9 (Wash.) 1995, 59 F.3d 793. Environmental Law 🗝 720(2)

Attorney fees awarded to Environmental Protection Agency (EPA) in CERCLA action were associated with identification of potentially responsible parties for cleanup of hazardous waste site and, thus, were recoverable as necessary part of EPA's legitimate enforcement activities even though EPA's actions against those potentially responsible parties had been dismissed; attorney fees were not related to EPA's status as prevailing party. U.S. v. Gurley, C.A.8 (Ark.) 1994, 43 F.3d 1188, rehearing and suggestion for rehearing en banc denied, certiorari denied 116 S.Ct. 73, 516 U.S. 817, 133 L.Ed.2d 33. Environmental Law 🗝 720(2)

Attorney fees are not recoverable under CERCLA. Louisiana-Pacific Corp. v. ASARCO Inc., C.A.9 (Wash.) 1994, 24 F.3d 1565, rehearing denied, as amended , certiorari denied 115 S.Ct. 780, 513 U.S. 1103, 130 L.Ed.2d 674.

Plaintiffs could not recover attorney fees arising from litigation of private recovery action under Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA); CERCLA does not explicitly

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

authorize award of litigation fees, and litigation fees are not "necessary response costs," for purposes of CER-CLA. FMC Corp. v. Aero Industries, Inc., C.A.10 (Utah) 1993, 998 F.2d 842. Environmental Law ⇝ 720(2)

CERCLA did not authorize award of attorneys' fees to private litigants as part of response costs incurred in cleaning up property contaminated by hazardous substance. Stanton Road Associates v. Lohrey Enterprises, C.A.9 (Cal.) 1993, 984 F.2d 1015, certiorari granted 114 S.Ct. 633, 510 U.S. 1023, 126 L.Ed.2d 592, certiorari dismissed 114 S.Ct. 652, 510 U.S. 1031, 126 L.Ed.2d 609. Environmental Law ⇝ 720(2)

Private party, which prevailed in its action to recover CERCLA response costs from responsible party, was entitled also to recover attorney fees and expenses. General Elec. Co. v. Litton Indus. Automation Systems, Inc., C.A.8 (Mo.) 1990, 920 F.2d 1415, certiorari denied 111 S.Ct. 1390, 499 U.S. 937, 113 L.Ed.2d 446, rehearing denied 111 S.Ct. 1697, 500 U.S. 911, 114 L.Ed.2d 91. Federal Civil Procedure ⇝ 2727; Environmental Law ⇝ 720(2)

Attorney fees incurred by property owner seeking insurance coverage relating to contamination of property and attorney fees associated with maintaining cost database were incurred primarily to assist with its litigation against prior owners and to serve its interests by shifting responsibility for costs elsewhere, and thus did not qualify as recoverable response costs under CERCLA. Board of County Com'rs of County of La Plata, Colorado v. Brown Group Retail, Inc., D.Colo.2011, 768 F.Supp.2d 1092, clarification denied 2011 WL 2669220. Environmental Law ⇝ 720(2)

CERCLA contained no statutory language limiting recovery to "reasonable" fees or costs, and thus government was entitled to recover all attorney fees it incurred in connection with successful CERCLA cost recovery action, even if government overstaffed case and used it as training vehicle for several junior lawyers. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2004, 334 F.Supp.2d 105, amended 2004 WL 4951369. Environmental Law ⇝ 720(2)

Provision of city ordinance that allowed city to recover attorney fees incurred in hazardous waste litigation, despite city's status as potentially responsible party (PRP) under CERCLA, gave city litigation advantage that frustrated CERCLA's purpose of effectuating prompt remediation and resolution of disputes, and therefore was preempted by CERCLA. Fireman's Fund Ins. Co. v. City of Lodi, Cal., E.D.Cal.2003, 296 F.Supp.2d 1197. Environmental Law ⇝ 411; Municipal Corporations ⇝ 53

Otherwise recoverable response costs under CERCLA are not deemed unrecoverable merely because work has been performed by and costs are paid to attorney. In re Combustion, Inc., W.D.La.1996, 968 F.Supp. 1112. Environmental Law ⇝ 720(2)

Testimony and records established that 78% of $354,902.53 in attorney fees and costs requested by manufacturer were reasonable and necessary in enforcing indemnity agreement with landfill operator concerning CERCLA liability; attorney for manufacturer testified that entire amount was reasonable based on nationally competitive rates, expert witness for manufacturer testified that entire legal fees requested were reasonable based on

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

number of hours spent on legal task, market rates, and multiplier of one, but expert witness for landfill operator testified that only $25,000 of requested fees were clearly compensable. U.S. v. Hardy, W.D.Ky.1995, 916 F.Supp. 1373, motion to amend denied 916 F.Supp. 1385. Environmental Law ☞ 447

Attorney fees are not recoverable under CERCLA. Saco Steel Co. v. Saco Defense, Inc., D.Me.1995, 910 F.Supp. 803. Environmental Law ☞ 720(2)

CERCLA plaintiff could not recover attorney fees incurred for litigation, despite claim that litigation costs were incurred to finalize "identification" of defendants as responsible parties, so as to bring costs within identification exception to rule that litigation expenses are not recoverable. Plaskon Electronic Materials, Inc. v. Allied-Signal, Inc., N.D.Ohio 1995, 904 F.Supp. 644. Environmental Law ☞ 720(2)

Attorney expenses were recoverable as CERCLA response costs only as they related to site cleanup activities and, thus, reasonable amount of recoverable expenses would be calculated as percentage of total expenses from each invoice based on proportion of attorney fees determined to be recoverable from that invoice. Bancamerica Commercial Corp. v. Trinity Industries, Inc., D.Kan.1995, 900 F.Supp. 1427, affirmed in part, reversed in part and remanded 100 F.3d 792, amended 103 F.3d 80. Environmental Law ☞ 720(2)

Private causes of action under CERCLA include cost of attorney fees, in order to conserve finite resources of government and encourage prompt attention to environmental problems. Anschutz Min. Corp. v. NL Industries, Inc., E.D.Mo.1995, 891 F.Supp. 492. Environmental Law ☞ 720(2)

Attorney fees associated with bringing cost recovery action under CERCLA are not recoverable as necessary "response costs"; only those attorney fees for work that is closely tied to actual cleanup may be recovered. Union Carbide Corp. v. Thiokol Corp., S.D.Ga.1994, 890 F.Supp. 1035. Environmental Law ☞ 720(2)

Attorney fees are not "necessary costs of response" to release or threatened release of hazardous substances and, therefore, are not recoverable under CERCLA. Allied Princess Bay Co. No. 2 v. Atochem North America, Inc., E.D.N.Y.1993, 855 F.Supp. 595. Environmental Law ☞ 720(2)

Private parties are entitled to recover attorney fees in cost recovery action brought under CERCLA. Hillsborough County v. A & E Road Oiling Service, Inc., M.D.Fla.1994, 853 F.Supp. 1402. Environmental Law ☞ 720(2)

Attorney fees are generally not recoverable as response costs in CERCLA private cost recovery actions brought by private litigants. Companies for Fair Allocation v. Axil Corp., D.Conn.1994, 853 F.Supp. 575. Environmental Law ☞ 720(2)

Private plaintiffs may not recover attorney fees under CERCLA. Yslava v. Hughes Aircraft Co., D.Ariz.1993, 845 F.Supp. 705. Environmental Law ☞ 720(2)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Plaintiffs in cost-recovery suit under CERCLA could not recover attorney fees incurred in litigating recovery action, but could seek to recover reasonable and necessary attorney fees for removal-related nonlitigation activities. Greene v. Product Mfg. Corp., D.Kan.1993, 842 F.Supp. 1321. Environmental Law ⟨⟩ 720(2)

Section of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) expressly designating costs of enforcement activities as recoverable by private parties in actions for response costs permits private party to recover its attorney fees and costs. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., Inc., E.D.Va.1993, 826 F.Supp. 961. Environmental Law ⟨⟩ 446; Environmental Law ⟨⟩ 720(2)

All necessary attorney fees would be includable in recovery of "necessary costs of response" by prevailing parties in CERCLA action respecting site of former manufactured gas plant and adjacent property at which constituent elements of coal-tar and other hazardous substances were present. HRW Systems, Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Environmental Law ⟨⟩ 720(2)

Attorneys' fees were not recoverable as part of response costs under CERCLA. Kaufman and Broad-South Bay v. Unisys Corp., N.D.Cal.1993, 822 F.Supp. 1468. Environmental Law ⟨⟩ 720(2)

Attorney fees are not "response costs" under CERCLA. Price v. U.S. Navy, S.D.Cal.1992, 818 F.Supp. 1326, affirmed 39 F.3d 1011, on remand 1995 WL 447366. Environmental Law ⟨⟩ 720(2)

Private party could cover attorneys' fees and costs of litigation as necessary "response costs" under CERCLA provision designating costs of enforcement activities as recoverable by private parties. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., Inc., E.D.Va.1993, 814 F.Supp. 1281. Environmental Law ⟨⟩ 720(2)

Attorney fees are not recoverable as "necessary costs" of "enforcement activities" related to removal of hazardous substances under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). Alloy Briquetting Corp. v. Niagara Vest, Inc., W.D.N.Y.1992, 802 F.Supp. 943. Environmental Law ⟨⟩ 720(2)

Attorney fees are not available as response costs in private party actions under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Redland Soccer Club, Inc. v. Department of Army of U.S., M.D.Pa.1992, 801 F.Supp. 1432. Environmental Law ⟨⟩ 720(2)

Defendants were entitled to attorney fees and costs, if any, to extent which such relief defeated or diminished state's claims for attorney fees and costs against defendants in suit brought under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). U.S. v. Montrose Chemical Corp. of California, C.D.Cal.1992, 788 F.Supp. 1485. States ⟨⟩ 199

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Attorney fees in private actions are not recoverable "response costs" under CERCLA. Anspec Co., Inc. v. Johnson Controls, Inc., E.D.Mich.1992, 788 F.Supp. 951. Environmental Law ⚷ 720(2)

Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) does not authorize private parties to recover attorney fees as part of "response costs"; CERCLA does not explicitly permit private parties to recover attorney fees. Santa Fe Pacific Realty Corp. v. U.S., E.D.Cal.1991, 780 F.Supp. 687. Environmental Law ⚷ 720(2)

Attorney fees are not recoverable as "response costs" under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Leonard Partnership v. Town of Chenango, N.D.N.Y.1991, 779 F.Supp. 223. Environmental Law ⚷ 720(2)

323. Lost-use, costs

Governments of the United States and Alaska, acting as trustees of public under Clean Water Act and CERCLA, had authority to recover for all lost-use damages caused by *Exxon Valdez* oil spill, precluding suit for lost-use damages by private parties. Alaska Sport Fishing Ass'n v. Exxon Corp., C.A.9 (Alaska) 1994, 34 F.3d 769. Environmental Law ⚷ 214; Environmental Law ⚷ 444

324. Monitoring, costs--Generally

Fees paid to environmental consultant by purchaser of environmentally distressed property were not necessary response costs and could not be recovered from vendor under CERCLA; fees were incurred in connection with consultant's monitoring of vendor's remediation efforts for purchaser's benefit, and thus were unrecoverable litigation-related expenses, and fees also were not incurred as a result of vendor's remediation and detoxification of property, as required to be reimbursable costs. Black Horse Lane Assoc., L.P. v. Dow Chemical Corp., C.A.3 (N.J.) 2000, 228 F.3d 275. Environmental Law ⚷ 446

Government monitoring or oversight of private party remedial or removal action was "response" under CERCLA, thus permitting United States to recover its costs incurred therein; Environmental Protection Agency (EPA) oversight is integral and critical part of removal and remedial actions and of enforcing terms of governing order or consent decree, and absurd incongruity would result if government were allowed to recover its costs for oversight of its own contractors, but not costs of oversight of private party contractors. U.S. v. Lowe, C.A.5 (Tex.) 1997, 118 F.3d 399. Environmental Law ⚷ 446

Private water utility could recover, under the Comprehensive Environmental Response, Compensation, and Liability Act, for costs incurred in monitoring and evaluating impact of leachate on artesian wells threatened with pollution from adjacent landfill; monitoring endeavors were suitable to ensure that water, which utility obtained pursuant to state approval, remained uncontaminated, and nothing in the Act required utility to rely solely on the state's preliminary monitoring efforts. Artesian Water Co. v. Government of New Castle County, C.A.3 (Del.) 1988, 851 F.2d 643, rehearing denied. Environmental Law ⚷ 446

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

In chemical manufacturer's action seeking equitable allocation of response costs under CERCLA for groundwater contamination, declaratory judgment, allocating to benzene hexachloride (BHC) producer located west of chemical manufacturer and chlorinated aliphatic compound manufacturer located south of chemical manufacturer equitable shares of future operation, monitoring, and maintenance costs for groundwater remediation system (GWRS), was not warranted; at time of trial, state department of environmental conservation (DEC) was still considering alternative remedial proposals to account for presence of chlorinated aliphatics in groundwater, indicating that final judgment regarding allocation of future costs to any party other than chemical manufacturer would be premature. New York v. Solvent Chemical Co., Inc., W.D.N.Y.2010, 685 F.Supp.2d 357. Environmental Law ⟬═ 447

Initial investigation and monitoring costs are recoverable under CERCLA irrespective of the National Contingency Plan (NCP). American Nat. Bank and Trust Co. v. Harcros Chemicals, Inc., N.D.Ill.1998, 997 F.Supp. 994. Environmental Law ⟬═ 446

Initial monitoring, assessment, and evaluation expenses are recoverable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) even without any subsequent recoverable response costs. City of New York v. Chemical Waste Disposal Corp., E.D.N.Y.1993, 836 F.Supp. 968. Environmental Law ⟬═ 446

Costs of monitoring and investigating hazardous waste site were "response costs" under CERCLA and Vermont Waste Management Act (VWMA). Folino v. Hampden Color and Chemical Co., D.Vt.1993, 832 F.Supp. 757. Environmental Law ⟬═ 446

Investigatory and monitoring costs alleged in landowner's complaint were "response costs," for purpose of stating prima facie cost recovery action under Comprehensive Environmental Response, Compensation, and Liability Act. Marriott Corp. v. Simkins Industries, Inc., S.D.Fla.1993, 825 F.Supp. 1575. Environmental Law ⟬═ 446

In context of claim for costs of environmental, biological and medical monitoring asserted against governmentally indemnified contractors in connection with releases from federal facility currently subject of ongoing study by Agency for Toxic Substances and Disease Registry (ATSDR) under section 9604 of this title, such costs could not be regarded as "necessary" so as to entitle plaintiffs to private response cost recovery under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); plaintiffs' claims are product of activities indistinguishable from those being performed by federal government at nuclear reservation pursuant to CERCLA, and such costs, to extent they differ or in any way deviated from those performed by government, could not be deemed "necessary." In re Hanford Nuclear Reservation Litigation, E.D.Wash.1991, 780 F.Supp. 1551. Environmental Law ⟬═ 446

Expenses incurred for monitoring waste site and developing cleanup plan are recoverable response costs. In re Allegheny Intern., Inc., W.D.Pa.1991, 126 B.R. 919, affirmed 950 F.2d 721. Environmental Law ⟬═ 446

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

### 325. ---- Air quality monitoring, costs

Costs incurred by city for collecting and analyzing groundwater samples at landfills, conducting hydrogeological studies and air quality monitoring at landfill and conducting waste oil remediation study at landfill were response costs within meaning of Comprehensive Environmental Response, Compensation, and Liability Act. City of New York v. Exxon Corp., S.D.N.Y.1986, 633 F.Supp. 609. Environmental Law ⚷ 446

### 326. ---- Biological monitoring, costs

Costs to area residents for biological monitoring of their physical condition caused by alleged release of toxic chemicals into their wells were not "response costs" that were compensable under Comprehensive Environmental Response, Compensation and Liability Act. Lutz v. Chromatex, Inc., M.D.Pa.1989, 718 F.Supp. 413. Environmental Law ⚷ 446

### 327. ---- Environmental monitoring, costs

Municipality, as subsequent owner of contaminated property, was not precluded under preemption doctrine from recovering costs for monitoring, assessment, and evaluation of hazardous substances for that property under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), although prior owner entered into consent orders with Environmental Protection Agency (EPA) and Pennsylvania Department of Environmental Protection (PaDEP) regarding comprehensive investigation of that property and subsequent corrective measures; municipality was required to take its own action and abate nuisances, there was no expressed or indirect intention of legislature to preempt whole field, and such costs were recoverable as necessary response costs. Borough of Throop v. Gould Electronics, Inc., M.D.Pa.2001, 302 F.Supp.2d 366. Environmental Law ⚷ 664

Liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) encompassing all necessary costs of response include expenses for investigating, testing, sampling and monitoring environmental contamination. Hatco Corp. v. W.R. Grace & Co.-Conn., D.N.J.1993, 836 F.Supp. 1049, opinion modified on reconsideration 849 F.Supp. 987. Environmental Law ⚷ 446

"Response costs," within meaning of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), included any costs residents or property owners incurred or might in future incur for medical, environmental and biological monitoring in connection with clean up at nuclear reservation site. In re Hanford Nuclear Reservation Litigation, E.D.Wash.1991, 780 F.Supp. 1551. Environmental Law ⚷ 446

### 328. ---- Medical monitoring, costs

Medical monitoring costs were not "response costs" within meaning of CERCLA and, thus, CERCLA bar against challenges to federal removal or remedial actions did not preclude class action asserting state medical monitoring tort claims against operating contractors of plutonium production facility, even though Agency for Toxic Substances and Disease Registry (ATSDR) might administer medical monitoring program some time in future; ATSDR costs were recoverable by government under separate statutory cause of action. Durfey v. E.I.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

DuPont De Nemours & Co., C.A.9 (Wash.) 1995, 59 F.3d 121. Damages ⌕ 43; Environmental Law ⌕ 446

"Response costs" under CERCLA, did not include long-term medical monitoring to detect latent disease which may result from airborne pollutants released while hazardous waste site was being cleaned up. Daigle v. Shell Oil Co., C.A.10 (Colo.) 1992, 972 F.2d 1527. Environmental Law ⌕ 446

A CERCLA claimant is not required to develop, implement, or obtain government approval for a more extensive removal or remedial action before being able to recover for investigatory and monitoring costs. Vine Street, LLC v. Keeling ex rel. Estate of Keeling, E.D.Tex.2006, 460 F.Supp.2d 728. Environmental Law ⌕ 439

Private parties may not recover medical monitoring costs as costs of response under the Comprehensive Environmental Response Compensation and Liability Act (CERCLA). Struhar v. City of Cleveland, N.D.Ohio 1998, 7 F.Supp.2d 948. Environmental Law ⌕ 446

To extent that city and city redevelopment and housing authority sought to recover from CERCLA response cost defendants the cost of medical testing and screening conducted to assess effect of release or discharge on public health or to identify potential public health problems presented by release, they presented cognizable CERCLA claim. Pneumo Abex Corp. v. Bessemer and Lake Erie R. Co., Inc., E.D.Va.1996, 936 F.Supp. 1250. Environmental Law ⌕ 446

Personal medical monitoring costs cannot be justified as preventing the spread of contaminants under CERCLA, and are not encompassed in "other actions" under CERCLA; thus, whether expended for personal or public health, medical monitoring costs are not recoverable as response costs in private CERCLA action. Romeo v. General Chemical Corp., N.D.Cal.1994, 922 F.Supp. 287. Environmental Law ⌕ 446

Private plaintiffs may not recover medical monitoring costs as "response costs" under CERCLA; even assuming private party could recover "response costs," medical monitoring programs do not constitute "response costs" under CERCLA. Yslava v. Hughes Aircraft Co., D.Ariz.1993, 845 F.Supp. 705. Environmental Law ⌕ 446

"Response costs" under CERCLA did not include cost of medical monitoring to detect onset of any latent disease caused by exposure to hazardous waste. Price v. U.S. Navy, S.D.Cal.1992, 818 F.Supp. 1322, affirmed 39 F.3d 1011, on remand 1995 WL 447366. Environmental Law ⌕ 446

Residents' costs of obtaining medical surveillance due to Government's alleged contamination of landfill were not "response costs" under CERCLA; claim for medical monitoring did not relate to public health, but rather related to health of each family member; neither did expenses for buying books and photocopying reports, attending conferences and cost of posting signs constitute CERCLA response costs; these expenses did not advance CERCLA's purpose of achieving prompt, thorough and cost-effective clean up of hazardous waste site. Woodman v. U.S., M.D.Fla.1991, 764 F.Supp. 1467. Environmental Law ⌕ 446

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Costs of medical testing to monitor the health effects of a release or a threatened release of a hazardous substance are not recoverable under CERCLA. Cook v. Rockwell Intern. Corp., D.Colo.1991, 755 F.Supp. 1468. Environmental Law ☜ 446

Costs for medical monitoring, including medical surveillance, health effect studies, and health assessments were not "response costs" recoverable in private plaintiff cost recovery actions brought under CERCLA by neighbors of battery processing plant. Ambrogi v. Gould, Inc., M.D.Pa.1990, 750 F.Supp. 1233. Environmental Law ☜ 446

The cost of medical monitoring was not recoverable as a response cost under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) where relief sought was primarily personal treatment for disease, and was not related to public health. Werlein v. U.S., D.Minn.1990, 746 F.Supp. 887, vacated in part on other grounds 793 F.Supp. 898. Environmental Law ☜ 446

Costs of future medical monitoring may be recovered as response costs under the Comprehensive Environmental Response, Compensation, and Liability Act, provided that plaintiffs meet their burden of proving that such costs are necessary and consistent with the national contingency plan. Williams v. Allied Automotive, Autolite Div., N.D.Ohio 1988, 704 F.Supp. 782. Environmental Law ☜ 464; Environmental Law ☜ 446

329. Oversight, costs

Provision of CERCLA clearly stating that "notwithstanding any other provision of law," a private party will reimburse the United States for all costs incurred in cleanup was not ambiguous, in light of CERCLA's imposition of strict liability without limitation on amount of liability, and thus, Environmental Protection Agency's (EPA) failure to comply with Economy Act's procedures before entering interagency agreement with Bureau of Reclamation (BOR) did not preclude EPA from recovering its cleanup oversight costs from facility owner. U.S. v. Chromalloy American Corp., C.A.5 (Tex.) 1998, 158 F.3d 345, rehearing and suggestion for rehearing en banc denied 174 F.3d 200. Environmental Law ☜ 446

Costs involved in governmental oversight of private party clean-up, which government is entitled to recover under CERCLA, are not general administrative costs incurred by administrative agency, but costs incurred in relation to oversight of remedial or removal action at specific site. U.S. v. Lowe, C.A.5 (Tex.) 1997, 118 F.3d 399. Environmental Law ☜ 446

Government may not recover from private parties cost of government oversight of remedial activity performed by private party pursuant to CERCLA. Lenox Inc. v. Reuben Smith Rubbish Removal, D.N.J.2000, 91 F.Supp.2d 743. Environmental Law ☜ 446

Oversight costs fall within CERCLA's definitions of "removal" and "remedial" costs, and may therefore be recovered under CERCLA. Town of New Windsor v. Tesa Tuck, Inc., S.D.N.Y.1996, 935 F.Supp. 317. Environmental Law ☜ 446

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Oversight costs fall within CERCLA's definitions of "removal" and "remedial" costs, and may therefore be recovered under CERCLA. Town of New Windsor v. Tesa Tuck, Inc., S.D.N.Y.1996, 935 F.Supp. 317. Environmental Law ⚷ 446

Costs which represent government's direct action in monitoring and remedying release of hazardous substances may be considered response costs under CERCLA, but oversights costs incurred by Environmental Protection Agency (EPA) in monitoring and reviewing work of others are not recoverable. Bancamerica Commercial Corp. v. Trinity Industries, Inc., D.Kan.1995, 900 F.Supp. 1427, affirmed in part, reversed in part and remanded 100 F.3d 792, amended 103 F.3d 80. Environmental Law ⚷ 446

Government oversight costs incurred in monitoring cleanup of hazardous site conducted by private parties are not recoverable as removal or remedial costs under CERCLA. U.S. v. Serafini, M.D.Pa.1994, 898 F.Supp. 287, affirmed 135 F.3d 767. Environmental Law ⚷ 446

Under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), United States could recover its costs for overseeing performance of remedial actions conducted by private parties; oversight costs were part and parcel of all costs of removal action, and statute made no distinction between government's direct monitoring of release and its monitoring of private party cleanup response. U.S. v. Lowe, S.D.Tex.1994, 864 F.Supp. 628, affirmed 118 F.3d 399. Environmental Law ⚷ 446

Government could not recover from company the costs and expenses government incurred as result of its oversight of cleanup and remediation of superfund site by private third party; such costs are not recoverable "response costs" under CERCLA. U.S. v. Witco Corp., E.D.Pa.1994, 853 F.Supp. 139. Environmental Law ⚷ 446

330. Planning, costs

Costs which may be covered under CERCLA include those for such activities as investigations, monitoring, and testing to identify the extent of danger to the public health or welfare or the environment, or to identify the extent of the release of hazardous substances, and planning and implementation of a response action; also recoverable are indirect costs associated with those items and with the enforcement of CERCLA provisions, including administrative costs incurred by the staffs of the regulatory agencies involved and by the Department of Justice. U.S. v. Alcan Aluminum Corp., N.D.N.Y.1991, 755 F.Supp. 531, remanded 990 F.2d 711, on remand, opinion after remand from court of appeals 97 F.Supp.2d 248. Environmental Law ⚷ 446

331. Testing, costs

Cleanup costs recoverable under CERCLA include not only direct cost of removing hazardous wastes, but of site testing, studies, and similar response costs, direct or indirect. U.S. v. Bogas, C.A.6 (Ohio) 1990, 920 F.2d 363. Environmental Law ⚷ 446

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Testing and security expenditures alleged by property owner, with respect to hazardous substances for which predecessor property owners were allegedly responsible, fell within ambit of damages available under Comprehensive Environmental Response, Compensation, and Liability Act. Cadillac Fairview/California, Inc. v. Dow Chemical Co., C.A.9 (Cal.) 1988, 840 F.2d 691. Environmental Law ☞ 446

Expenses incurred in testing groundwater concentrations of heavy metals and migration of particles of smelter slag at hazardous waste site constituted "costs of response" which could be recovered in private cause of action under Comprehensive Environmental Response, Compensation, and Liability Act of 1980, § 107(a)(2)(B), 42 U.S.C.A. § 9607(a)(2)(B). Wickland Oil Terminals v. Asarco, Inc., C.A.9 (Cal.) 1986, 792 F.2d 887, on remand 654 F.Supp. 955. Environmental Law ☞ 446

Genuine issue of material fact existed as to whether Environmental Protection Agency (EPA) incurred substantial costs for sampling-related activities during its remedial investigation that were duplicative and unnecessary, precluding summary judgment for government on its motion for summary judgment on issue of response costs as to the sampling alleged to have been unnecessary and duplicative, in government's action against mining companies under CERCLA for cleanup of former open-pit uranium mine located on Indian reservation. U.S. v. Newmont USA Limited, E.D.Wash.2007, 504 F.Supp.2d 1077. Federal Civil Procedure ☞ 2498.3

Cost of expert environmental study was recoverable under CERCLA regardless of its consistency with national contingency plan. Saco Steel Co. v. Saco Defense, Inc., D.Me.1995, 910 F.Supp. 803. Environmental Law ☞ 446

Public health related medical testing expenses, as opposed to costs of medical treatment, were not recoverable response costs under Comprehensive Environmental Response, Compensation, and Liability Act; medical testing expenses were not necessary for cleanup of hazardous substances and did not facilitate cost effective cleanup of hazardous waste site. Bolin v. Cessna Aircraft Co., D.Kan.1991, 759 F.Supp. 692. Environmental Law ☞ 446

Although costs incurred in treatment of personal injury or disease caused by unlawful release or discharge of hazardous substances were not recoverable under Comprehensive Environmental Response, Compensation and Liability Act, cost of medical testing and screening conducted to assess the effect of the release or discharge on public health or to identify potential public health problems presented by the release were recoverable under the act as "necessary costs of response." Brewer v. Ravan, M.D.Tenn.1988, 680 F.Supp. 1176.

In action brought under this chapter, costs such as medical testing could be included in response costs for which generator was liable. Jones v. Inmont Corp., S.D.Ohio 1984, 584 F.Supp. 1425, reconsideration denied. Environmental Law ☞ 446

332. State law compliance costs

Town was not precluded from showing that release or threatened release of hazardous substances at its landfill caused it to incur response costs, as required to prevail on CERCLA claims against contributors to landfill, on

grounds that town would have had to incur costs at issue simply to comply with ordinary state landfill closure and maintenance regulations; town's compliance or noncompliance with state law did not preclude liability under CERCLA, and costs incurred in complying with other laws, including state law, could constitute CERCLA response costs. Town of New Windsor v. Tesa Tuck, Inc., S.D.N.Y.1996, 919 F.Supp. 662. Environmental Law ⚷ 446

Approximately $ 1.7 million that owner of mobile home park received in increased rental income after rental review board approved its rent increase application did not constitute "compensation for removal costs pursuant to State law," so as to preclude owner from recovering costs, under CERCLA, that it incurred to clean-up hazardous waste on property; board's decision to allow rent increase was not designed solely to compensate owner for its expenditures in remediating property. Carson Harbor Village Ltd. v. Unocal Corp., C.D.Cal.2003, 2003 WL 22005933, Unreported, amended and superseded 287 F.Supp.2d 1118, affirmed 433 F.3d 1260. Environmental Law ⚷ 446

333. Travel, costs

The United States presented prima facie case of its entitlement under CERCLA to response costs in amount of $5,441,201.25 for direct payroll and travel costs incurred by the Environmental Protection Agency (EPA) for both EPA headquarters and Regional VII staffs, for direct enforcement costs and vendor costs of the Department of Justice (DOJ), and contract costs, where it presented affidavits of EPA and DOJ employees charged with accumulating cost data, supported by summaries of cost data accumulated in connection with site, and source of data. U.S. v. Hardage, W.D.Okla.1989, 733 F.Supp. 1424, affirmed in part, reversed in part on other grounds 982 F.2d 1436, certiorari denied 114 S.Ct. 300, 510 U.S. 913, 126 L.Ed.2d 248. Environmental Law ⚷ 446

334. Water treatment, costs

Operators of public water supply system were not entitled to recover from dairy the costs of building and operating water treatment plant to remove pollutants; pollution of well field was not caused by release of contaminants from facility, and, although according to testimony in case, dairy was blatant polluter, record did not support contention that treatment plant was built in response to threat of release of contaminants from facility. Dedham Water Co. v. Cumberland Farms Dairy, Inc., D.Mass.1991, 770 F.Supp. 41, affirmed 972 F.2d 453. Environmental Law ⚷ 446

335. Presumptions, costs

Costs incurred by Environmental Protection Agency (EPA) in connection with hazardous waste site were presumed to be reasonable under CERCLA. U.S. v. Amtreco, Inc., M.D.Ga.1994, 858 F.Supp. 1189. Environmental Law ⚷ 464

336. Time of incurring costs

Montana could not recover, under CERCLA, restoration costs from company and its predecessors, which operated copper smelters, for injuries to terrestrial natural resources, allegedly arising from mining and mineral pro-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

cessing operations, since claims were based on injuries, destruction or loss, which occurred wholly before enactment of CERCLA. Montana v. Atlantic Richfield Co., D.Mont.2003, 266 F.Supp.2d 1238, motion denied 273 F.Supp.2d 1159. Environmental Law ⟜ 446

Complaint brought by state of Colorado under section of Comprehensive Environmental Response, Compensation and Liability Act [42 U.S.C.A. § 9607] providing for liability for damages caused by releases of hazardous substances which alleged that state had incurred costs of response to releases of hazardous substances and threatened releases, including sampling and analytical services, was sufficient to satisfy requirement that plaintiff begin cost of cleanup and incur some expenses before it can initiate an action. State of Colo. v. ASARCO, Inc., D.C.Colo.1985, 616 F.Supp. 822.

Prior to actually undertaking cleanup effort at site of hazardous chemical spill, investigation costs and attorney fees do not constitute "response costs" recoverable under this chapter; only once party has begun to implement government-authorized cleanup program may such costs be recaptured. Bulk Distribution Centers, Inc. v. Monsanto Co., S.D.Fla.1984, 589 F.Supp. 1437. Environmental Law ⟜ 720(2); Environmental Law ⟜ 446

337. Interest, costs

Demands made by former operator of herbicide blending facility on contaminated property, in its discovery disclosures and third-party complaints seeking contribution under CERCLA, were sufficiently specific to put other parties on notice of amounts at issue and to support accrual of prejudgment interest from dates of such demands; even if former operator did not demand specific amounts from each defendant, specific amounts of money were named, case involved only handful of third-party defendants, most of which were related in some way to each other, and specific amounts were difficult to determine prior to district court's entry of allocation order. K.C.1986 Ltd. Partnership v. Reade Mfg., C.A.8 (Mo.) 2007, 472 F.3d 1009, on remand 2007 WL 2907876. Environmental Law ⟜ 447; Interest ⟜ 46(2)

Prejudgment interest may be awarded in contribution action under CERCLA, although it is not mandatory. Caldwell Trucking PRP v. Rexon Technology Corp., C.A.3 (N.J.) 2005, 421 F.3d 234. Interest ⟜ 39(2.20)

District court abused its discretion in finding that CERCLA plaintiffs seeking contribution failed to meet prejudgment interest demand requirement; one plaintiff sent defendant letter stating that plaintiff had incurred $45,818 for environmental work performed at site, that plaintiff believed defendant was responsible for those costs, and that defendant should mail plaintiff check, and other plaintiff notified defendant in complaint that plaintiff had incurred response costs "in excess of $1 million," for which it was seeking reimbursement. Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc., C.A.10 (Kan.) 1996, 100 F.3d 792, amended 103 F.3d 80. Interest ⟜ 39(2.20)

Environmental Protection Agency's (EPA's) complaint in CERCLA action satisfied requirement of written demand for specified response costs as prerequisite to award of prejudgment interest; therefore, prejudgment interest could be assessed from date complaint was filed. Matter of Bell Petroleum Services, Inc., C.A.5 (Tex.) 1993, 3 F.3d 889. Interest ⟜ 66

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Prejudgment interest provision of Superfund Amendment and Reauthorization Act could be retroactively applied after Government undertook removal action and commenced suit to recover response costs, even though Act had specific, effective date; district court had discretion to award prejudgment interest even before Act authorized it. U.S. v. R.W. Meyer, Inc., C.A.6 (Mich.) 1989, 889 F.2d 1497, certiorari denied 110 S.Ct. 1527, 494 U.S. 1057, 108 L.Ed.2d 767. Interest ⬅︎⬆︎ 39(2.20)

Government's recovery of prejudgment interest in CERCLA action against aircraft company whose predecessor released trichloroethylene (TCE) into the environment accrued on date which government made its initial demand for payment in excess of $1 million, rather than date of revised demand for payment. Raytheon Aircraft Co. v. U.S., D.Kan.2008, 556 F.Supp.2d 1265, subsequent determination 2008 WL 2561099, affirmed 590 F.3d 1112. Interest ⬅︎⬆︎ 39(2.20); Interest ⬅︎⬆︎ 46(1)

Arbitration panel seeking to determine and allocate financial responsibility for responding to and remediating hazardous substances contaminating area in Arkansas once used for barite mining did not manifestly disregard CERCLA in awarding prejudgment interest; it was not clear whether CERCLA was the only applicable basis for awarding prejudgment interest or that prerequisites for obtaining prejudgment interest under CERCLA, including written demand for a specified amount of response costs, had not been met. Halliburton Energy Services, Inc. v. NL Industries, S.D.Tex.2008, 553 F.Supp.2d 733. Alternative Dispute Resolution ⬅︎⬆︎ 329

Prejudgment interest accrues under CERCLA from the later of (1) the date payment of a specified amount is demanded in writing, or (2) the date of the expenditure concerned. Vine Street, LLC v. Keeling ex rel. Estate of Keeling, E.D.Tex.2006, 460 F.Supp.2d 728. Interest ⬅︎⬆︎ 39(2.20)

Settling defendants who had agreed to clean up hazardous waste site in their consent decree with the Environmental Protection Agency (EPA) were not entitled to prejudgment interest for period after they sent demand letter to nonsettling waste hauler; demand, which sought roughly a third of projected total cost of remediating the entire site from party responsible for less than 4% of the waste at the site, was unreasonably high, and the settling defendants had recovered more in settlements than they had spent on response costs to date. Action Mfg. Co., Inc. v. Simon Wrecking Co., E.D.Pa.2006, 428 F.Supp.2d 288, affirmed 287 Fed.Appx. 171, 2008 WL 2880324. Interest ⬅︎⬆︎ 39(2.20); Interest ⬅︎⬆︎ 46(2)

Government was entitled to compound prejudgment interest on amount recovered in cost recovery action under CERCLA. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2003, 290 F.Supp.2d 198. Interest ⬅︎⬆︎ 39(2.20); Interest ⬅︎⬆︎ 60

District court would exercise its discretion under Kentucky law to award prejudgment interest to manufacturer on amount it paid to government to resolve its CERCLA liability, but would not be allowed to recover additional prejudgment interest on legal fees and costs it incurred in action to enforce agreement requiring landfill operator to indemnify manufacturer for its CERCLA liability. U.S. v. Hardy, W.D.Ky.1995, 916 F.Supp. 1373, motion to amend denied 916 F.Supp. 1385. Interest ⬅︎⬆︎ 39(2.20)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Neither original nor amended complaints constituted written demand for "specified amount," as required by a CERCLA section specifying date from which interest accrues; complaint did not seek recovery of response costs and, while amended complaints sought response costs, they did not specify any amount. State of Colo. v. U.S., D.Colo.1994, 867 F.Supp. 948. Interest ☞ 66

Method of interest calculation in cost recovery action under CERCLA was controlled by CERCLA, not by state law. U.S. v. American Cyanamid Co., D.R.I.1992, 786 F.Supp. 152. Interest ☞ 56

Provision of CERCLA providing for recovery of interest on response costs applied to response costs incurred by State before adoption of Superfund Amendments and Reauthorization Act of 1986. State of Colo. v. Idarado Min. Co., D.Colo.1990, 735 F.Supp. 368. Environmental Law ☞ 408

Government was entitled to seek recovery of interest and enforcement costs in action brought under Comprehensive Environmental Response, Compensation and Liability Act. U.S. v. Mexico Feed and Seed Co., Inc., E.D.Mo.1990, 729 F.Supp. 1250. Environmental Law ☞ 446

Attorney fees and prejudgment interest were properly recoverable as response costs under Comprehensive Environmental Response, Compensation, and Liability Act. General Elec. Co. v. Litton Business Systems, Inc., W.D.Mo.1989, 715 F.Supp. 949, affirmed 920 F.2d 1415, certiorari denied 111 S.Ct. 1390, 499 U.S. 937, 113 L.Ed.2d 446, rehearing denied 111 S.Ct. 1697, 500 U.S. 911, 114 L.Ed.2d 91. Environmental Law ☞ 720(2); Interest ☞ 39(2.20)

Prejudgment interest, like attorney fees and other costs, was recoverable in action brought under Comprehensive Environmental Response, Compensation, and Liability Act as part of costs to Government of removing hazardous substances from site even before enactment of amendment specifically providing for recovery of prejudgment interest. U.S. v. Northernaire Plating Co., W.D.Mich.1988, 685 F.Supp. 1410, affirmed 889 F.2d 1497, certiorari denied 110 S.Ct. 1527, 494 U.S. 1057, 108 L.Ed.2d 767. Interest ☞ 39(2.20)

338. Miscellaneous costs

Where government takes direct action to investigate, evaluate, or monitor hazardous waste release, threat of release, or danger posed by such problem, activity is "removal" and its costs are recoverable; this includes costs, no matter at what stage incurred, of ascertaining whether and to what extent risk has been reduced or eliminated by chosen response, as well as costs for activities intended to enable government to formulate position on what would be most appropriate response action at given facility. U.S. v. Rohm and Haas Co., C.A.3 (Pa.) 1993, 2 F.3d 1265, rehearing and rehearing in banc denied. Environmental Law ☞ 446

Acid waste cleanup costs incurred by oil companies pursuant to CERCLA were a new "charge" reimbursable by federal government under taxes clause of its World War II contracts with companies for their production of aviation gasoline; while specific CERCLA liability was not contemplated by parties when contracts were signed, such liability was clearly a new "charge" under plain meaning of that term, which included costs and expenses. Shell Oil Co. v. U.S., Fed.Cl.2010, 93 Fed.Cl. 439, motion to vacate denied 407 Fed.Appx. 430, 2011 WL

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

30106. Environmental Law ☞ 446; United States ☞ 70(18)

VI. DEFENSES

<Subdivision Index>

Act of God 364
Act of war 365
Affirmative defenses 363-363b
    Affirmative defenses - Generally 363
    Affirmative defenses - Emergency responses 363a
    Affirmative defenses - Security interest exception 363b
Ambient defense 382
"As is" clause 383
Assumption of risk 384
Authorization for use 385
Causation 386
Caveat emptor 387
Collateral estoppel 388
Common carrier 390
Consent order 389
Contracts, innocent owner 375
Contracts, third party act or omission 367
Criminal proceedings 391
De minimis defense 392
Defenses generally 361
Disclaimer 393
Distinct harm, divisibility 394b
Divisibility 394-394b
    Divisibility - Distinct harm 394b
    Divisibility - Preventive actions 394a
Due care 395
Due care, third party act or omission 368
Emergency responses, affirmative defenses 363a
Equitable defenses 396-400
    Equitable defenses - Generally 396
    Equitable defenses - Estoppel 397
    Equitable defenses - Laches 398
    Equitable defenses - Unclean hands 399
    Equitable defenses - Waiver 400
Estoppel, equitable defenses 397
Exclusive nature of statutory defenses 362
Failure to state claim 401
Fifth Amendment taking 402
Foreseeability 403

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Foreseeability, third party act or omission 370
Government contractor 404
Government owners, innocent owner 380
Indispensable parties 405
Inheritance, third party act or omission 371
Innocent owner 374-381
    Innocent owner - Generally 374
    Innocent owner - Contracts 375
    Innocent owner - Government owners 380
    Innocent owner - Inquiry 377
    Innocent owner - Knowledge 376
    Innocent owner - Miscellaneous cases 381
    Innocent owner - Prior owners 379
    Innocent owner - Time of acquisition 378
Inquiry, innocent owner 377
Involuntary acquisition 406
Knowledge, innocent owner 376
Laches, equitable defenses 398
Law of case 407
Limitations 416
Miscellaneous cases, innocent owner 381
Miscellaneous cases, third party act or omission 373
Mitigation of damages 408
National contingency plan 409
Pesticide 410
Pleading, third party act or omission 372
Precaution, third party act or omission 369
Preventive actions, divisibility 394a
Prior owners, innocent owner 379
Reasonableness of response 411
Recycling 412
Regulatory compliance 413
Res judicata 414
Security interest exception, affirmative defenses 363b
Sovereign immunity 415
Statute of limitations 416
Storage 417
Tax 418
Third party act or omission 366-373
    Third party act or omission - Generally 366
    Third party act or omission - Contracts 367
    Third party act or omission - Due care 368
    Third party act or omission - Foreseeability 370
    Third party act or omission - Inheritance 371
    Third party act or omission - Miscellaneous cases 373

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

      Third party act or omission - Pleading 372
      Third party act or omission - Precaution 369
    Time of acquisition, innocent owner 378
    Unclean hands, equitable defenses 399
    Useful product 419
    Waiver, equitable defenses 400

**361.** Defenses generally

CERCLA imposes strict liability on responsible parties, subject only to listed statutory affirmative defenses. City of Portland v. Boeing Co., D.Or.2001, 179 F.Supp.2d 1190.

Defendant may defeat Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) liability by proof of affirmative defense, including defenses listed in CERCLA. U.S. v. Poly-Carb, Inc., D.Nev.1996, 951 F.Supp. 1518. Environmental Law ⚷ 445(1)

Otherwise liable party may avoid CERCLA liability only by establishing one of three affirmative defenses set forth in statute. Reichhold Chemicals, Inc. v. Textron, Inc., N.D.Fla.1995, 888 F.Supp. 1116. Environmental Law ⚷ 445(1)

Affirmative defenses outlined in Comprehensive Environmental Response, Compensation, and Liability Act allowed defendant to evade liability if release of hazardous waste and damage are caused solely by an act of God or war, or by acts of third parties outside a contractual relationship with the defendant. Violet v. Picillo, D.R.I.1986, 648 F.Supp. 1283. Environmental Law ⚷ 445(1)

**362.** Exclusive nature of statutory defenses

There are only three defenses to imposition of CERCLA liability on generator of hazardous waste: act of God, act of war, and act or omission of third party. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 1993, 990 F.2d 711, on remand 1996 WL 637559, opinion after remand from court of appeals 97 F.Supp.2d 248, affirmed 315 F.3d 179, petition for certiorari filed 2003 WL 22204173. Environmental Law ⚷ 445(1)

Under CERCLA, defenses not listed in response cost recovery provision are not available to defeat CERCLA liability. U.S. v. Rohm and Haas Co., D.N.J.1996, 939 F.Supp. 1142. Environmental Law ⚷ 445(1)

Equitable defenses of laches, statutes of limitation, doctrine of unclean hands, failure to mitigate damages, estoppel, waiver, consent and release, and equity were barred under CERCLA; defenses listed in CERCLA were exclusive. U.S. v. Smuggler-Durant Min. Corp., D.Colo.1993, 823 F.Supp. 873. Environmental Law ⚷ 445(1)

Owner of facility that produced lead-acid batteries would be liable under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for response costs necessitated by release of hazardous

substances at facility; although owner argued that it had valid affirmative defenses which preclude partial summary judgment on issue of liability, clear meaning of statute and relevant case law indicated that only available defenses were those listed in statute. U.S. v. Allied-Signal, Inc., S.D.Ind.1993, 820 F.Supp. 1120. Environmental Law ⚷ 445(1)

In action to recover response costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), former owner of subject property could not assert as affirmative defenses that actions alleged by plaintiff in complaint were not required by or consistent with requirements of CERCLA, that plaintiff was barred by equitable doctrines of laches, waiver, and estoppel from seeking contribution, that plaintiff sought to recover costs other than those "necessary" for clean up, that defendants were free from negligence, or that plaintiff assumed any risk when he purchased property; statutory affirmative defenses to CERCLA liability are exclusive. Thaler v. PRB Metal Products, Inc., E.D.N.Y.1993, 815 F.Supp. 99, affirmed 28 F.3d 102. Environmental Law ⚷ 445(1)

Only defenses recognized under CERCLA providing for nonliability is where release is due to act of God; act of war; or act or omission of wholly unrelated third party. State of Ariz. v. Motorola, Inc., D.Ariz.1992, 805 F.Supp. 742. Environmental Law ⚷ 445(1)

Person who is otherwise liable for cleanup costs under CERCLA may avoid liability only by establishing one of the three affirmative defenses enumerated in the Act. U.S. v. Azrael, D.Md.1991, 765 F.Supp. 1239. Environmental Law ⚷ 446

Liability for specified response costs under this section is absolute, subject only to defenses of acts of God, acts of war, and certain acts or omissions of third parties. U. S. v. Reilly Tar & Chemical Corp., D.C.Minn.1982, 546 F.Supp. 1100. Environmental Law ⚷ 445(1)

363. Affirmative defenses--Generally

The section of CERCLA which states that no state or local government shall be liable for costs or damages as a result of actions taken in response to an emergency created by the release or threatened release of a hazardous substance generated by or from a facility owned by another person provides an affirmative defense to all three of CERCLA's cost-shifting provisions. AMW Materials Testing, Inc. v. Town of Babylon, C.A.2 (N.Y.) 2009, 584 F.3d 436. Environmental Law ⚷ 445(1)

Under doctrine of res judicata, prior proceeding in Bankruptcy Court filed by oil refining company and executrix, on behalf of estate of her deceased mother, barred their action asserting same claim for declaratory judgment that Environmental Protection Agency (EPA) was prohibited from seeking any portion of fraudulent transfers to mother by her husband who filed for bankruptcy to prevent EPA from collecting judgment in underlying suit, under CERCLA, to recover response costs at oil waste pits. Followell v. U.S., C.A.8 (Ark.) 2008, 532 F.3d 707, rehearing denied. Judgment ⚷ 542; Judgment ⚷ 588

To the extent that nonsettling mining company's motion for summary judgment sought a default judgment

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

against State of Maine and its Department of Environmental Protection (DEP) in suit to recover response costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and Maine law, the motion was moot; once court approved consent decree between State, DEP, and mining company's codefendant, the state of Maine and DEP were formally terminated as parties. Maine v. Kerramerican, Inc., D.Me.2007, 480 F.Supp.2d 375. Federal Courts ⌐ 13.25

City's alleged entitlement to affirmative defense to CERCLA liability for environmental contamination had no bearing on whether city was potentially responsible party (PRP) under CERCLA or whether city ordinance permitting city to investigate and remediate hazardous waste contamination of its soil and groundwater was preempted by CERCLA. Fireman's Fund Ins. Co. v. City of Lodi, Cal., E.D.Cal.2003, 296 F.Supp.2d 1197. Environmental Law ⌐ 411; Environmental Law ⌐ 445(1); Municipal Corporations ⌐ 53

363a. ---- Emergency responses, affirmative defenses, defenses

City and fire company that responded to fire at commercial facility during which hazardous materials were released were immune from liability under CERCLA pursuant to CERCLA section providing that no local government would be liable for costs or damages as a result of actions taken in response to an emergency created by release or threatened release of hazardous substances generated by or from a facility owned by another person, even if city and company did not have subjective awareness of threat of hazardous materials release at time of their initial response to fire; there was objective existence of emergency, and decisions made in fighting fire were well within industry standards. AMW Materials Testing, Inc. v. Town of Babylon, C.A.2 (N.Y.) 2009, 584 F.3d 436. Environmental Law ⌐ 445(1)

363b. ---- Security interest exception, affirmative defenses, defenses

CERCLA security interest exception did not preclude gas supplier's claim against gas station owners, seeking reimbursement for clean-up of soil contamination, where owners did not hold a security interest in the station or underground storage tanks as a creditor pursuant to some security agreement. Sanchez v. Esso Standard Oil De Puerto Rico, Inc., D.Puerto Rico 2010, 747 F.Supp.2d 261. Environmental Law ⌐ 445(2)

364. Act of God, defenses

Presence of asbestos in town that was near abandoned asbestos mine area was not natural phenomenon of exceptional, inevitable, and irresistible character, and thus former and current owners of mine could not rely on "act of God" defense, under CERCLA, to avoid liability for costs incurred by the United States to cleanup asbestos contaminated site. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2003, 280 F.Supp.2d 1149. Environmental Law ⌐ 445(1)

Owner of properties that were formerly used to mine and process vermiculite, which contained asbestos, was not entitled to rely on "act of God defense," to avoid liability, under CERCLA, for response costs that United States incurred to clean up contaminated properties; fact that vermiculite and asbestos were naturally-occurring on properties was not natural phenomenon of exceptional, inevitable, and irresistible character, which would have triggered defense, and even if it was, United States responded to asbestos and asbestos-contaminated vermiculite

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

that was by-product of vermiculite processing. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2002, 280 F.Supp.2d 1135, affirmed 429 F.3d 1224, certiorari denied 127 S.Ct. 379, 549 U.S. 951, 166 L.Ed.2d 268. Environmental Law ⊶ 445(1)

Spills of hazardous substances, caused by bursting of pipes occasioned by unprecedented cold spell, were not caused by "act of God," so as to absolve principal of bankrupt corporate owner of hazardous waste site from liability for response costs of cleanup, given evidence that numerous other factors antedating cold weather contributed to the spills. U.S. v. Barrier Industries, Inc., S.D.N.Y.1998, 991 F.Supp. 678. Environmental Law ⊶ 445(1)

Absence of evidence that items which fell in windstorm contained phenolic caustic precluded CERCLA defendant from establishing act of God defense to arranger liability regarding spilled caustic. U.S. v. Poly-Carb, Inc., D.Nev.1996, 951 F.Supp. 1518. Environmental Law ⊶ 445(1)

District court would exercise its discretion to address substance of CERCLA defendant's argument in support of act of God defense, despite apparent unfairness of pursuing that affirmative defense for first time on remand; while it did seem incongruous that defendant could have judgment entered against it and, on appeal, obtain remand only on issue of apportionment of liability, then raise on appeal complete defense to liability based on act of God defense, district court did have discretion to address merits of that affirmative defense. U.S. v. Alcan Aluminum Corp., M.D.Pa.1995, 892 F.Supp. 648, affirmed 96 F.3d 1434, certiorari denied 117 S.Ct. 2479, 521 U.S. 1103, 138 L.Ed.2d 988. Federal Courts ⊶ 951.1

"Act of God" defense defined by CERCLA was inapplicable in connection with loss overboard of containers of arsenic trioxide, as well as spills of magnesium phosphide, both of which resulted from storm; inclement weather was predicted by weather service and known by captain and crew prior to their departure, and several crew members stated that they were told to expect bad weather and directed to take extra precautions to insure that vessel and its cargo were secured for rough sea. U.S. v. M/V Santa Clara I, D.S.C.1995, 887 F.Supp. 825. Environmental Law ⊶ 445(1)

Heavy rainfall was not exceptional natural phenomenon and was not "act of God" within meaning of defenses to payment of response costs incurred as result of release of hazardous substance from toxic waste disposal site, where rains were foreseeable based on normal climatic conditions, and where harm caused by rain on toxic waste disposal facility could have been prevented through design of proper drainage channels. U.S. v. Stringfellow, C.D.Cal.1987, 661 F.Supp. 1053. Environmental Law ⊶ 445(1)

365. Act of war, defenses

Oil companies could not invoke "act of war" defense under Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERCLA), so as to escape liability for dumping hazardous substances which were disposed of following production of aviation fuel during World War II; although federal government's regulation of production of aviation fuel during war was exceptionally far reaching, term "act of war" as used in CERCLA could not reasonably be construed to cover either government's wartime contracts to purchase aviation

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

fuel or its regulation of oil companies' production of aviation fuel. U.S. v. Shell Oil Co., C.D.Cal.1993, 841 F.Supp. 962, affirmed 281 F.3d 812, withdrawn and superseded on denial of rehearing 294 F.3d 1045, certiorari denied 123 S.Ct. 850, 537 U.S. 1147, 154 L.Ed.2d 849. Environmental Law ☞ 445(1)

366. Third party act or omission, defenses--Generally

"Third-party" defense to CERCLA response cost claim is in nature of affirmative defense, which defendant abandons by failing to assert it in timely fashion. U.S. v. Mottolo, C.A.1 (N.H.) 1994, 26 F.3d 261. Environmental Law ☞ 673

Precautionary requirement for assertion of third party defense to CERCLA liability is satisfied by taking precautionary steps against foreseeable actions of third parties responsible for hazardous substances in question. Foster v. U.S., D.D.C.1996, 922 F.Supp. 642. Environmental Law ☞ 445(1)

Statutorily enumerated CERCLA defenses are affirmative defenses which shift burden of proof from plaintiff to defendant to show by preponderance of evidence that release or threatened release of toxic substances was due solely to act of third party. Reichhold Chemicals, Inc. v. Textron, Inc., N.D.Fla.1995, 888 F.Supp. 1116. Environmental Law ☞ 445(1); Environmental Law ☞ 465; Environmental Law ☞ 464

Defendant can defeat CERCLA liability by demonstrating: that third party was sole cause of release or threatened release of hazardous substance; that act or omission of third party causing release did not occur in context of direct or indirect contractual relationship between defendant and third party; and that defendant took due care and precautions to prevent foreseeable acts or omissions by third party causing release or threatened release. City of Detroit v. A.W. Miller, Inc., E.D.Mich.1994, 842 F.Supp. 957. Environmental Law ☞ 445(1)

Liability for response costs under CERCLA is strict liability, subject only to limited third-party defense. Kelley v. Thomas Solvent Co., W.D.Mich.1990, 790 F.Supp. 710. Environmental Law ☞ 445(1)

Court could not accept something "close to" defense that act or omission of third party caused release or threat of release of hazardous substance for which United States incurred response costs; statute itself limited the permissible allegations. U.S. v. Fairchild Industries, Inc., D.Md.1991, 766 F.Supp. 405. Environmental Law ☞ 445(1)

In action by the Government under this section to recover response costs at landfill site, the only defense available, in absence of act of God or act of war, is complete absence of causation, and that defense has three elements: the release or threatened release was caused solely by an act or omission of an unrelated third party who was not an employee or agent of defendant and with whom defendant did not have a contractual relationship; defendant exercised due care as to the hazardous substance; and defendant took precautions against foreseeable acts or omissions of the unrelated third party. U.S. v. Kramer, D.N.J.1991, 757 F.Supp. 397. Environmental Law ☞ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**367.** ---- Contracts, third party act or omission, defenses

General partners which never had direct or indirect contractual relationship with either original owner of property or contractor which built apartment complex on the site, the only two parties whose conduct potentially caused release or threatened release of hazardous substances, established third-party defense to claim by original owner under CERCLA. Redwing Carriers, Inc. v. Saraland Apartments, C.A.11 (Ala.) 1996, 94 F.3d 1489, 140 A.L.R. Fed. 691. Partnership ☞ 353

Landowner is precluded from raising third-party defense under CERCLA only if contract between landowner and third party somehow is connected with handling of hazardous substances; mere existence of contractual relationship between owner of land on which hazardous substances are or have been disposed and third party whose act or commission was sole cause of release or threatened release of such hazardous substances into environment does not foreclose owner of land from escaping liability. Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp., C.A.2 (N.Y.) 1992, 964 F.2d 85. Environmental Law ☞ 445(1)

Genuine issue of material fact as to whether release of hazardous substances on landowner's land occurred in connection with lease agreement between landowner and lessee, a manufacturer, precluded summary judgment for state against landowner on issue of whether CERCLA third-party defense was available to landowner. New York v. Fried, S.D.N.Y.2006, 430 F.Supp.2d 151. Federal Civil Procedure ☞ 2498.3

Property owner's contract to purchase property from prior owner, who had released hazardous wastes on site, was type of contractual relationship which precluded current owner from asserting third party defense to CERCLA liability. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2002, 204 F.Supp.2d 318. Environmental Law ☞ 445(1)

Contractual relationship between a CERCLA defendant and a third party must have a connection to the act or omission that resulted in the contamination to preclude the defendant from establishing a third-party defense under the CERCLA section requiring that the third party not have caused the release "in connection with a contractual relationship" with the defendant; to hold that any contractual relationship precludes asserting the defense would render the words "in connection with" mere surplusage. American Nat. Bank and Trust Co. v. Harcros Chemicals, Inc., N.D.Ill.1998, 997 F.Supp. 994. Environmental Law ☞ 445(1)

Indirect contractual relationship arose between chemical company and city when company deeded its environmentally contaminated property to city board of education, so as to preclude city's use of third party defense in CERCLA action brought after board deeded part of property to city. U.S. v. Occidental Chemical Corp., W.D.N.Y.1997, 965 F.Supp. 408. Environmental Law ☞ 445(1)

For purposes of third party defense to CERCLA liability, act or omission of third party resulting in liability must not occur in such a way that there is connection between act and contractual relationship with defendant. U.S. v. Poly-Carb, Inc., D.Nev.1996, 951 F.Supp. 1518. Environmental Law ☞ 445(1)

Oil companies could not invoke "acts of third party" defense under Comprehensive Environmental Response,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Compensation, and Liability Act of 1980 (CERCLA), by claiming that governments of United States, Japan and Germany were responsible for presence of hazardous substances which were disposed of following production of aviation fuel during World War II; CERCLA expressly prohibited invocation of the defense, since oil companies arranged to have waste disposed of in context of contractual relationship with United States. U.S. v. Shell Oil Co., C.D.Cal.1993, 841 F.Supp. 962, affirmed 281 F.3d 812, withdrawn and superseded on denial of rehearing 294 F.3d 1045, certiorari denied 123 S.Ct. 850, 537 U.S. 1147, 154 L.Ed.2d 849. Environmental Law ⟜ 445(1)

County's creation of maintenance district and subsequent annexation of shopping center into district did not give rise to contractual relationship between center and county so as to preclude county's assertion of CERCLA third-party defense in response to action brought by center and its dry cleaning tenants seeking recovery of response costs; county unilaterally imposed assessment on land in district and determined apportionment of benefits among assessed properties and thus, county's creation of district bore none of hallmarks of contract and did not beget contractual relationship and even if there was contract between county and center, it was not connected with handling of hazardous substances. Lincoln Properties, Ltd. v. Higgins, E.D.Cal.1992, 823 F.Supp. 1528. Environmental Law ⟜ 445(1)

Contract between tenants and subtenant was connected with handling of hazardous substances, and, thus, third-party defense to liability for response costs was unavailable to tenant, where lease provided that premises were to be used for dry cleaning. U.S. v. A & N Cleaners and Launderers, Inc., S.D.N.Y.1992, 788 F.Supp. 1317. Environmental Law ⟜ 445(1)

Where one of the third parties whom waste generator claimed was solely responsible for release of hazardous substance was a waste disposal company with whom the generator had contractual relationship for disposal of waste, generator could not establish that the release of hazardous substances was caused solely by the act or omission of third parties other than the generator. City of New York v. Exxon Corp., S.D.N.Y.1991, 766 F.Supp. 177. Environmental Law ⟜ 445(1)

Contractual relationship between county and owners of landfill, pursuant to which county operated landfill, did not preclude county from asserting and attempting to prove third-party defense under CERCLA for alleged acts or omissions of owners after dissolution of contractual relationship; alleged acts and omissions of owners after contractual relationship dissolved were not "in connection with" contractual relationship. Shapiro v. Alexanderson, S.D.N.Y.1990, 743 F.Supp. 268. Environmental Law ⟜ 445(1)

Contractual relationship between purchaser of gas manufacturing facility site and former operator of the facility did not preclude former operator from raising defense under CERCLA provision protecting party from liability for damages resulting from act or omission of third party. Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp., W.D.N.Y.1990, 737 F.Supp. 1272, reconsideration denied 767 F.Supp. 456, affirmed 964 F.2d 85. Environmental Law ⟜ 445(1)

368. ---- Due care, third party act or omission, defenses

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Purchaser of environmentally contaminated property exercised "due care" regarding contamination, as required to prevail on third-party defense to CERCLA liability, even though purchaser did not supplant, duplicate, or underwrite remedial investigation/feasibility study (RI/FS) previously commissioned by state and federal agencies to address the pollution, which ensued from activities which occurred more than 15 years prior to purchase; purchaser maintained water filter on its property, regularly took water samples and had them analyzed by laboratory for volatile organic compound (VOC) contamination, instructed all tenants to avoid discharging hazardous substances into waste and septic systems, incorporated that requirement into tenant leases, and conducted inspections to ensure compliance. State of N.Y. v. Lashins Arcade Co., C.A.2 (N.Y.) 1996, 91 F.3d 353. Environmental Law ☞ 445(1)

Corporate landowner failed to establish that it took due care with respect to contaminated soil on its property, as required for application of CERCLA's innocent landowner defense in action for recovery of clean-up costs; government submitted unrebutted testimony establishing landowner's failure to comply with notice of violation (NOV) ordering landowner to inform property visitors of soil contamination and hazards, as well as landowner's failure to properly store contaminated soil following its removal. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2003, 290 F.Supp.2d 198. Environmental Law ☞ 465

Lessee of building on site contaminated by chromium waste qualified for "third party" defense to liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), and thus was entitled to bring cost recovery action against successor-in-interest to chromium manufacturer, since manufacturer was solely responsible for dumping of waste at site, and lessee exercised requisite due care with regard to waste by cooperating with state environmental agency in its attempts to compel successor to conduct investigation and remediation of property. Interfaith Community Organization v. Honeywell Intern., Inc., D.N.J.2003, 263 F.Supp.2d 796, affirmed 399 F.3d 248, certiorari denied 125 S.Ct. 2951, 545 U.S. 1129, 162 L.Ed.2d 869. Environmental Law ☞ 444; Environmental Law ☞ 445(1)

There was no substantial ground for differing with opinion that party must take affirmative action to meet "due care" requirement of third party defense to CERCLA liability, nor would termination of litigation be materially advanced by certification for interlocutory appeal of issue of whether "due care" required defendants to secure site or prevent contaminant migration, particularly given advanced age of fact witnesses, and thus, court would not grant certification. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1997, 956 F.Supp. 421. Federal Courts ☞ 660.5

Depending on nature of hazardous waste and other circumstances, due care requirement of third party/innocent purchaser affirmative defense to CERCLA liability would include those steps necessary to protect public from health or environmental threat; it would be counterintuitive if responsible party could assert due care defense by refusing to take necessary steps simply because those steps later become components in subsequent remediation plan, the costs of which may be assessed against party. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1997, 956 F.Supp. 410. Environmental Law ☞ 445(1)

Owner of CERCLA site was not entitled to rely on third party/innocent purchaser affirmative defense to CERCLA liability absent exercise of due care after discovery of hazardous substances on property; fact that some ac-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tion was taken to deter unauthorized dumping did not negate fact that, as to contamination on property, main steps taken were to try to minimize, if not eliminate, any liability for cleanup at site. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1997, 956 F.Supp. 410. Environmental Law ⚖ 445(1)

To satisfy "due care" requirement of third-party defense to arranger liability under CERCLA, defendant had to show that it took necessary steps to prevent foreseeable adverse consequences arising from its sale of phenolic caustic to chemical processing plant where caustic was spilled. U.S. v. Poly-Carb, Inc., D.Nev.1996, 951 F.Supp. 1518. Environmental Law ⚖ 445(1)

Sole general partner of partnership which owned environmentally contaminated site failed to exercise due care or take appropriate precautionary measures regarding contamination, thus precluding partner's assertion of innocent landowner or third party defense to CERCLA liability; it was incumbent upon partner to investigate possible contamination at site, given commercial/industrial setting, high duty of inquiry attached to commercial transactions, relative ease with which contamination could have been discovered prior to purchase from United States, real estate experience of partners, and disparity between purchase price and appraised value of site without contamination, and, additionally, even after discovering contamination, partners took no steps to abate it, to notify appropriate regulatory authorities or adjoining landowners, or to secure site or restrict access to it. Foster v. U.S., D.D.C.1996, 922 F.Supp. 642. Environmental Law ⚖ 445(1)

Owner was not entitled to rely on innocent purchaser affirmative defense to CERCLA liability absent exercise of due care after discovery of hazardous substances on property; upon being informed of discovery of hazardous waste dump site, owner failed to cooperate in sealing off area, did not engage in any affirmative action to guard against potentially dangerous situation for over ten years while environmental agencies investigated situation and foreseeable weather conditions caused hazardous waste to migrate, and ceased paying property taxes in hope that county or town officials would foreclose and take away ownership responsibility. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1996, 915 F.Supp. 1290, on reconsideration in part 956 F.Supp. 410. Environmental Law ⚖ 445(1)

Owner was not entitled to rely on third-party affirmative defense to CERCLA liability absent exercise of due care after discovery of hazardous substances on property; owner did not close off site, did not erect warning signs, did not retain security to protect against trespassers, and did nothing to prevent additional illegal dumping at site. Idylwoods Associates v. Mader Capital, Inc., W.D.N.Y.1996, 915 F.Supp. 1290, on reconsideration in part 956 F.Supp. 410. Environmental Law ⚖ 445(1)

Owners of property on which dry cleaning establishment was located failed to establish that they fulfilled due care and precautionary requirements, making CERCLA's third party and innocent landowner defenses unavailable in government's action for response costs; in addition to inquiring as to dry cleaning business' disposal practices, landowners should have made inquiries to environmental officials regarding status of property and legality of their tenants' and subtenants' disposal practices following receipt of information regarding investigations into ground water contamination. U.S. v. A & N Cleaners and Launderers, Inc., S.D.N.Y.1994, 854 F.Supp. 229. Environmental Law ⚖ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

369. ---- Precaution, third party act or omission, defenses

Suburban sanitary commission was not entitled to third-party defense to CERCLA liability for tetrachloroethylene (PCE) contamination of land adjacent to dry cleaner's property, in light of commission's knowledge that dry cleaner used PCE and that it poured hazardous substances into commission's sewer pipes, and in light of commission's failure to take any precautions against contamination despite awareness that its sewer pipes were cracked. Westfarm Associates Ltd. Partnership v. Washington Suburban Sanitary Com'n, C.A.4 (Md.) 1995, 66 F.3d 669, 147 A.L.R. Fed. 747, certiorari denied 116 S.Ct. 1318, 517 U.S. 1103, 134 L.Ed.2d 471. Environmental Law ⚷ 445(1)

In light of property owner's knowledge concerning nature of tenants' activities before closing, it could not be said that releases and threats of release resulting from those activities were caused solely by tenants or that property owner took precautions against those foreseeable acts or omissions so as to be entitled to assert affirmative defense under the Comprehensive Environmental Response, Compensation, and Liability Act. State of N.Y. v. Shore Realty Corp., C.A.2 (N.Y.) 1985, 759 F.2d 1032. Environmental Law ⚷ 445(1)

Company which sold spent batteries to battery recycler did not take the necessary precautions so as to be able to assert defense to liability under CERCLA that release of hazardous substance was result of act or omission of third party, where seller did not attempt to discover how recycler broke open the batteries or disposed of the crushed battery casings and recycler's disposal practices would have been obvious to anyone who visited the site. Chatham Steel Corp. v. Brown, N.D.Fla.1994, 858 F.Supp. 1130. Environmental Law ⚷ 445(1)

370. ---- Foreseeability, third party act or omission, defenses

Public policy did not require application of third-party defense to protect suburban sanitary commission from CERCLA liability for contamination resulting from dry cleaner's foreseeable disposal of tetrachloroethylene (PCE) into cracked sewer pipes; defense still would allow sewer operator to avoid liability for any unforeseeable dumping of hazardous substances into domestic plumbing. Westfarm Associates Ltd. Partnership v. Washington Suburban Sanitary Com'n, C.A.4 (Md.) 1995, 66 F.3d 669, 147 A.L.R. Fed. 747, certiorari denied 116 S.Ct. 1318, 517 U.S. 1103, 134 L.Ed.2d 471. Environmental Law ⚷ 445(1)

371. ---- Inheritance, third party act or omission, defenses

A person who inherits contaminated property, thereby becoming an owner and a potentially responsible party under CERCLA, is entitled to assert the innocent landowner defense and escape liability; Congress created this exception to CERCLA liability in order not to disturb state law controlling the descent and distribution of property. Norfolk Southern Ry. Co. v. Shulimson Bros. Co., Inc., W.D.N.C.1998, 1 F.Supp.2d 553. Environmental Law ⚷ 445(1)

Property received by inheritance is not automatically excluded from CERCLA liability; responsible person who has acquired property by inheritance or bequest is liable under CERCLA unless he can show by preponderance of the evidence that the release of hazardous substance was caused solely by third party, that he exercised due care with respect to the hazardous substance, and that he took precautions against foreseeable acts caused by the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

third party and the consequences that could result from those acts. Soo Line R. Co. v. B.J. Carney & Co., D.Minn.1992, 797 F.Supp. 1472. Environmental Law ☞ 445(1)


**372.** ---- Pleading, third party act or omission, defenses

Former owner of Superfund site failed to adequately allege third party defense from liability under CERCLA for response costs incurred by United States in cleaning up site, despite owner's claim that contamination was caused by unrelated third party, where owner did not allege that third party was sole cause of damage, or that owner took precautions against consequences that could foreseeably result from third party's acts or omissions. U.S. v. Sensient Colors, Inc., D.N.J.2008, 580 F.Supp.2d 369. Environmental Law ☞ 445(1)


Defendant in CERCLA response cost recovery action was not entitled to CERCLA defense for acts or omissions of third parties where defendant stated in answer that any injury was caused by parties over whom defendant had no control, as defense did not comply with allegation requirements in CERCLA, and defendant failed to allege it took precautions against foreseeable acts or omissions of any such third party. U.S. v. Rohm and Haas Co., D.N.J.1996, 939 F.Supp. 1142. Environmental Law ☞ 445(1)


Defendant in CERCLA action to recover response costs did not properly plead third-party defense where it alleged that third-party was proximate, rather than sole, cause of release of hazardous substance in question and that acts or omissions were committed by persons over whom it had "no control." U.S. v. Marisol, Inc., M.D.Pa.1989, 725 F.Supp. 833.


Allegations that release or threatened release of hazardous substances was due in whole or in part to acts or omissions of third parties over which defendant had no control and with which it had no contractual relationship did not state defense to action for recovery of response costs; there was no allegation that defendant exercised due care with respect to hazardous substances and took precautions against foreseeable acts and omissions of third party. Kelley v. Thomas Solvent Co., W.D.Mich.1989, 714 F.Supp. 1439. Environmental Law ☞ 445(1)


**373.** ---- Miscellaneous cases, third party act or omission, defenses

Overpacking of leaking drums by Environmental Protection Agency (EPA) and subsequent manufacturer at chemical plant, in effort to contain further contamination by dioxin at site, was not contamination solely caused by act of third party, and thus such overpacking did not absolve former manufacturer of CERCLA response cost liability for ongoing contamination caused by dioxin. U.S. v. Vertac Chemical Corp., C.A.8 (Ark.) 2006, 453 F.3d 1031, rehearing and rehearing en banc denied , certiorari denied 127 S.Ct. 2098, 550 U.S. 903, 167 L.Ed.2d 812, certiorari denied 127 S.Ct. 2099, 550 U.S. 903, 167 L.Ed.2d 812. Environmental Law ☞ 445(1)


Defendants, who generated hazardous waste which was stored at waste storage facility and who were liable under Comprehensive Environmental Response, Compensation, and Liability Act for state and federal governments' costs for partial removal of hazardous waste, failed to establish existence of affirmative defense to liability that all of their waste had been removed from facility prior to cleanup; defendants offered only conclusory allegations principally based on information and belief that their waste, prior to cleanup, was transported from fa-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

cility to other sites, and there was uncontroverted proof that containers bearing each of defendants' markings remained present at site at time of cleanup. U.S. v. Monsanto Co., C.A.4 (S.C.) 1988, 858 F.2d 160, certiorari denied 109 S.Ct. 3156, 490 U.S. 1106, 104 L.Ed.2d 1019. Environmental Law ⬿ 445(1)

One who purchases land from a polluting owner or operator generally cannot present a third-party defense to liability for cleanup costs under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). U.S. v. Honeywell Intern., Inc., E.D.Cal.2008, 542 F.Supp.2d 1188. Environmental Law ⬿ 445(1)

Genuine issue of material fact as to whether third party caused toxic spills on landowner's land precluded summary judgment for state against landowner on issue of whether CERCLA third-party defense was available to landowner. New York v. Fried, S.D.N.Y.2006, 430 F.Supp.2d 151. Federal Civil Procedure ⬿ 2498.3

Owner of properties that were formerly used to mine and process asbestos failed to establish third-party defense to liability, under CERCLA, for costs incurred by United States in response to releases or threats of releases of asbestos on properties; owner presented no evidence of third-party actions that might have caused contamination. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2002, 280 F.Supp.2d 1135, affirmed 429 F.3d 1224, certiorari denied 127 S.Ct. 379, 549 U.S. 951, 166 L.Ed.2d 268. Environmental Law ⬿ 445(1)

United States was not entitled to third party defense to arranger liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) for its part in release of hazardous substances, since government could not establish that releases were sole cause of third party. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. United States ⬿ 125(9)

Owner of contaminated property adjacent to town landfill established third-party defense to CERCLA liability; release of hazardous substances was caused solely by act or omission of town and industrial generators, parties to whom owner was not contractually or otherwise related, and there was no evidence that, after being notified of encroachment on its property, owner could or should have taken any steps beyond those taken regarding hazardous substances concerned. Town of New Windsor v. Tesa Tuck, Inc., S.D.N.Y.1996, 935 F.Supp. 310. Environmental Law ⬿ 445(1)

Current owner of contaminated site established affirmative defense to liability under CERCLA for state's response costs resulting from release of contaminants by third parties who operated dry cleaning business at site; current owner had no direct or indirect contractual relationship with third parties or persons who owned site at time dry cleaning business operated, release occurred 15 years before current owner purchased site, and amount of pollutants had declined since current owner's purchase. State of N.Y. v. Lashins Arcade Co., S.D.N.Y.1994, 856 F.Supp. 153, affirmed 91 F.3d 353. Environmental Law ⬿ 445(1)

Manufacturer of mineral wool which created "shot" as by-product and had delivered shot to site required to be cleaned up could not utilize defense to CERCLA clean up cost liability available in cases where release was caused solely by act or omission of third party. Louisiana-Pacific Corp. v. ASARCO, Inc., W.D.Wash.1990, 735

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

F.Supp. 358. Environmental Law ⊷ 445(1)

Sole shareholders of bankrupt cloth printing facility were not entitled to third-party defense to CERCLA liability for Government's response costs for removal of hazardous chemicals found in rusting drums; even if they were told by secured lender not to sell or otherwise dispose of those chemicals because they were marketable, they could have obtained bankruptcy court approval to do so in their capacity as active managers of debtor-in-possession. U.S. v. Fleet Factors Corp., S.D.Ga.1988, 724 F.Supp. 955, affirmed and remanded on other grounds 901 F.2d 1550, rehearing denied 911 F.2d 742, certiorari denied 111 S.Ct. 752, 498 U.S. 1046, 112 L.Ed.2d 772, on remand 819 F.Supp. 1079. Environmental Law ⊷ 445(1)

374. Innocent owner, defenses--Generally

Innocent landowner or third-party defense under CERCLA requires defendant to prove by preponderance of evidence that another party was sole cause of release of hazardous substances and damages caused thereby, that other responsible party did not cause release in connection with contractual, employment, or agency relationship with defendant, and that defendant exercised due care and guarded against foreseeable acts or omissions of responsible party. Westfarm Associates Ltd. Partnership v. Washington Suburban Sanitary Com'n, C.A.4 (Md.) 1995, 66 F.3d 669, 147 A.L.R. Fed. 747, certiorari denied 116 S.Ct. 1318, 517 U.S. 1103, 134 L.Ed.2d 471. Environmental Law ⊷ 465; Environmental Law ⊷ 445(1)

To get a release from Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) liability based on innocent landowner status, the landowner must not have himself or herself allowed or permitted any storage, must not have contributed to release of any substance and, and most importantly, the landowner has the burden of proof to show that he had neither actual nor constructive knowledge at the time of purchase that property had been used for hazardous waste materials. U.S. v. Honeywell Intern., Inc., E.D.Cal.2008, 542 F.Supp.2d 1188. Environmental Law ⊷ 445(1); Environmental Law ⊷ 464

A party asserting the "innocent owner" defense to a cost recovery action under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) must prove the following elements by a preponderance of the evidence: (1) another party was the sole cause of the release of hazardous substances and the damages caused thereby; (2) the purchasing landowner did not actually know or have reason to know of the presence of the hazardous substance at the time of acquisition; (3) the purchasing landowner undertook appropriate inquiry at the time of acquisition, in order to minimize liability; and (4) the purchasing landowner exercised due care once the hazardous substance was discovered. Degussa Constr. Chem. Operations, Inc. v. Berwind Corp., E.D.Pa.2003, 280 F.Supp.2d 393. Environmental Law ⊷ 445(1); Environmental Law ⊷ 465

To avail itself of "truly innocent" defense to CERCLA liability, potentially responsible party (PRP) must demonstrate: (1) that another party was sole cause of release of hazardous substances and damages caused thereby; (2) that other party did not cause release in connection with contractual, employment, or agency relationship with PRP; and (3) that PRP exercised due care and guarded against foreseeable acts or omissions of other party. Great Lakes Container Corp. v. Columbus Steel Drum Co., Inc., E.D.Mich.1999, 54 F.Supp.2d 706. Environmental Law ⊷ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Affirmative defense from CERCLA liability based on status as innocent landowner requires landowner to show that release or threatened release of hazardous substance and resulting damages were caused solely by act or omission of third party, that third party's act or omission did not occur in connection with contractual relationship with landowner, that landowner exercised due care with respect to hazardous substance, and that landowner took precautions against third party's foreseeable acts or omissions and against foreseeable consequences resulting therefrom. Acme Printing Ink Co. v. Menard, Inc., E.D.Wis.1994, 870 F.Supp. 1465, on reconsideration in part 891 F.Supp. 1289. Environmental Law ⟡ 445(1)

Innocent landowner defense to cleanup liability under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) was designed to apply only to current owners of property, in other words, defendants, under subsec. (a) (1) of this section, who are innocent landowners yet, but for the innocent landowner exception, would be held liable under CERCLA because any assertion of the third party defense against predecessor in title who actually polluted land would have failed under "in connection with" limitation because of contractual relationship between landowner and third party arising out of deed or contract for deed. Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp., W.D.N.Y.1991, 767 F.Supp. 456, affirmed 964 F.2d 85. Environmental Law ⟡ 445(1)

Innocent landowner defense under Comprehensive Environmental Response, Compensation, and Liability Act is an affirmative defense, and defendant asserting it has burden of establishing by a preponderance of evidence that it is entitled to that defense. State of Wash. v. Time Oil Co., W.D.Wash.1988, 687 F.Supp. 529. Environmental Law ⟡ 445(1); Environmental Law ⟡ 465; Environmental Law ⟡ 464

To qualify for "innocent landowner" defense of CERCLA, purchaser must show that he exercised due care with respect to hazardous substance and took precautions against foreseeable acts or omissions of any third parties and consequences that could foreseeably result from acts or omissions; purchaser cannot shield himself with his asserted ignorance of nature of hazard. In re Hemingway Transport, Inc., Bkrtcy.D.Mass.1994, 174 B.R. 148. Environmental Law ⟡ 445(1)

375. ---- Contracts, innocent owner, defenses

Owners of CERCLA site containing deteriorating drums of hazardous waste did not acquire site after disposal of hazardous wastes, and thus owners failed to show, for purposes of innocent landowner defense, that the instruments through which they acquired title did not constitute a contractual relationship; leakage and spillage occurred on site as late as five years after owners acquired site. U.S. v. Glidden Co., N.D.Ohio 1997, 3 F.Supp.2d 823, affirmed in part, reversed in part and remanded 204 F.3d 698. Environmental Law ⟡ 445(1)

Innocent owner defense to CERCLA liability was unavailable to contaminated site's present owner and related corporations, in that acquisition of site from prior owner's bankruptcy trustee created indirect contractual relationship with party responsible for contaminating site, corporations knew about contamination at time of acquisition, hazardous substance used by present owner was present at site, and purge wells at site were not in operation. CPC Intern., Inc. v. Aerojet-General Corp., W.D.Mich.1991, 777 F.Supp. 549, affirmed in part , reversed in part 59 F.3d 584, rehearing granted , vacated 67 F.3d 586, on rehearing 113 F.3d 572, certiorari granted 118 S.Ct. 621, 522 U.S. 1024, 139 L.Ed.2d 506, vacated 118 S.Ct. 1876, 524 U.S. 51, 157 A.L.R. Fed. 735, 141

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

L.Ed.2d 43, on remand 156 F.3d 1232, vacated 118 S.Ct. 2317, 524 U.S. 924, 141 L.Ed.2d 692. Environmental Law ⬤⤳ 445(1)

Lessors of property to operator whose manufacturing process resulted in disposal of hazardous waste could not rely on "innocent purchaser" or "innocent landowner" defenses to liability under CERCLA, in light of contractual relationship between lessors and operator. In re Diamond Reo Trucks, Inc., Bkrtcy.W.D.Mich.1990, 115 B.R. 559. Environmental Law ⬤⤳ 445(1)

376. ---- Knowledge, innocent owner, defenses

If property was purchased from a polluting owner after disposal or placement, and the purchaser did not know and had no reason to know that hazardous substances were disposed of there, the innocent landowner defense to liability for cleanup costs under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) applies. U.S. v. Honeywell Intern., Inc., E.D.Cal.2008, 542 F.Supp.2d 1188. Environmental Law ⬤⤳ 445(1)

Prior purchasers were not entitled to innocent landowner status, and thus did not qualify for third-party affirmative defense to CERCLA response cost claim, where prior purchasers knew that property contained mercury mine, they knew that bricks on property contained dangerous levels of mercury, and they knew that mercury was dangerous substance, but only remediation efforts performed by prior purchasers was to have experts review file and visit site for current lawsuit. McDonald v. Sun Oil Co., D.Or.2006, 423 F.Supp.2d 1114, motion granted 2006 WL 1720535, affirmed in part , reversed in part 548 F.3d 774, certiorari denied 129 S.Ct. 2825, 174 L.Ed.2d 552. Environmental Law ⬤⤳ 445(1)

Even if corporate landowner could establish that release of contaminants from transformers on its property was caused solely by act or omission of third party, landowner failed to offer sufficient evidence that it had no reason to know of presence of contaminants on property, as required for application of CERCLA's innocent landowner defense in action for recovery of clean-up costs; government proffered expert testimony indicating that an environmental assessment of property would have been required prior to purchase of property, which landowner never performed or made any meaningful inquiry into. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2003, 290 F.Supp.2d 198. Environmental Law ⬤⤳ 465; Evidence ⬤⤳ 571(1)

"Innocent landowner" defense to CERCLA liability did not apply to landowner, even though contamination of land was caused solely by third party, where landowner's predecessor rented land to third party and knew of disposal of hazardous wastes on land during period of rental contract. U.S. v. Broderick Inv. Co., D.Colo.1994, 862 F.Supp. 272. Environmental Law ⬤⤳ 445(1)

377. ---- Inquiry, innocent owner, defenses

Current owner of site where operation of manufactured gas plant had resulted in deposition of hazardous wastes was liable for CERCLA contribution; owner could not claim "innocent owner" defense absent evidence that it had engaged in appropriate inquiry when it purchased property, and there was evidence that it had itself trans-

ported and disposed of hazardous substances when it tore down plant's coke ovens and used bricks for fill. Niagara Mohawk Power Corp. v. Consolidated Rail Corp., N.D.N.Y.2003, 291 F.Supp.2d 105, affirmed in part , reversed in part 596 F.3d 112. Environmental Law ⌖ 445(1); Environmental Law ⌖ 447

Owner of properties that were formerly used to mine and process asbestos was not an "innocent purchaser" of properties, so as to support finding that it was not liable under CERCLA for response costs that United States incurred to clean up asbestos from properties; although owner asserted that at the time it purchased properties, there was no active mining and that it was not aware of presence of asbestos on properties, owner did not make any inquiry into previous ownership and uses of properties, let alone all appropriate inquiry, before purchasing properties. U.S. v. W.R. Grace & Co.-Conn., D.Mont.2002, 280 F.Supp.2d 1135, affirmed 429 F.3d 1224, certiorari denied 127 S.Ct. 379, 549 U.S. 951, 166 L.Ed.2d 268. Environmental Law ⌖ 445(1)

Purchasers of contaminated land did not make appropriate inquiry prior to purchasing land, and accordingly could not assert "innocent landowner" defense to liability for CERCLA response costs, where purchasers and their representatives did not even visit land to view it prior to purchase. U.S. v. Serafini, M.D.Pa.1990, 791 F.Supp. 107. Environmental Law ⌖ 445(1)

378. ---- Time of acquisition, innocent owner, defenses

Individual owners of condominium units acquired the premises on the date each owner received title to his or her individual unit, not on earlier date that title to property as a whole was acquired by partnership made up of individual owners, which initially purchased property and then sold units to individual owners, and owners thus were not entitled to innocent owner affirmative defense, in action under CERCLA arising from presence of mercury on the premises, because they were aware of mercury at time of their individual purchases. Grand Street Artists v. General Elec. Co., D.N.J.1998, 28 F.Supp.2d 291. Environmental Law ⌖ 445(1)

Grandchildren of original owner of site were barred from asserting "innocent landowner" defense in CERCLA suit, where they received their interest in the property by means of an instrument transferring title or possession five years before disposal or placement of hazardous substance on the site ceased. Steego Corp. v. Ravenal, D.Mass.1993, 830 F.Supp. 42. Environmental Law ⌖ 445(1)

Partnership that owned parcel of property for which harm was indivisible during time of disposal or placement of hazardous substances thereon was jointly and severally liable under CERCLA for response costs incurred in cleanup that were not attributable to plaintiff, and partners individually and their wives were not entitled to innocent landowner defense even though they acquired their interests in property after disposal; partners were notified in letter from office of Virginia Attorney General to partnership, at least three months prior to transfer of portions of property from partnership to them as individuals, of potential hazardous waste problems thereon, and wives question to them, inquiry of state, or cursory investigation of site would have revealed existence of or potential for contamination. Chesapeake and Potomac Telephone Co. of Virginia v. Peck Iron & Metal Co., Inc., E.D.Va.1992, 814 F.Supp. 1269. Environmental Law ⌖ 445(1)

Tenant acquired property when it entered lease with landlords, not when it subsequently entered lease with sub-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tenant, and, therefore, could not invoke innocent purchaser defense to liability for response costs caused by subtenant's release of hazardous substances; although there was prior lease of dry well portion of property eventually leased to subtenant, lease with landlords gave possession of entire property and made no exception for dry well. U.S. v. A & N Cleaners and Launderers, Inc., S.D.N.Y.1992, 788 F.Supp. 1317. Environmental Law ☞ 445(1)

379. ---- Prior owners, innocent owner, defenses

Innocent owner defense under CERCLA is available to prior owners of contaminated property. ABB Indus. Systems, Inc. v. Prime Technology, Inc., C.A.2 (Conn.) 1997, 120 F.3d 351. Environmental Law ☞ 445(1)

Prior owner of property containing hazardous substance subject of suit by state of Illinois for cleanup was not "innocent landowner" and was liable under CERCLA for all cleanup costs that were necessary and consistent with national contingency plan, where predecessor owner was aware of wood preservatives on site and made no attempt to remove polluting chemicals. Kerr-McGee Chemical Corp. v. Lefton Iron & Metal Co., C.A.7 (Ill.) 1994, 14 F.3d 321, rehearing denied. Environmental Law ☞ 445(1)

Provision of CERCLA limiting application of innocent landowner exception to third-party defense in cases where landowner obtains actual knowledge relating to hazardous substances was not intended to completely abrogate right of previous owners to raise third-party defense. Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp., C.A.2 (N.Y.) 1992, 964 F.2d 85. Environmental Law ☞ 445(1)

If excavation contractors were sole cause of arsenic contamination on Central Eureka Mine Superfund Site, former owner and developer of subdivision, which was located within boundaries of Site, was not "innocent landowner" relieved of liability under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) for cleanup costs, since owner contracted for that work. U.S. v. Honeywell Intern., Inc., E.D.Cal.2008, 542 F.Supp.2d 1188. Environmental Law ☞ 445(1)

380. ---- Government owners, innocent owner, defenses

City that owned right-of-way through brownfield site was potentially responsible party (PRP) subject to contribution liability for response costs under CERCLA; deed transferred all ownership rights to city. Ashley II of Charleston, LLC v. PCS Nitrogen, Inc., D.S.C.2010, 2010 WL 3893599, amended and superseded 746 F.Supp.2d 692, on reconsideration in part 2011 WL 2119234, amended and superseded 2011 WL 2119256. Environmental Law ☞ 447

Consent decrees entered into between state and federal governments and settling party in CERCLA cost recovery action pertaining to contaminated soil at waste disposal site did not bar non-settling potentially responsible party (PRP) that incurred groundwater cleanup costs at same site from later bringing a cost recovery action against settling party. Ashland Inc. v. GAR Electroforming, D.R.I.2010, 729 F.Supp.2d 526. Federal Civil Procedure ☞ 2397.5

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

CERCLA's innocent landowner defense for governmental entity which acquires a facility through the exercise of eminent domain authority by purchase or condemnation was separate from involuntary acquisition defense set forth in separate provision, and was not available to city which asserted the involuntary acquisition defense but failed to raise the innocent landowner defense in its original response brief, in city's private party response cost recovery action against 27 defendants. City of Wichita v. Aero Holdings, Inc., D.Kan.2000, 177 F.Supp.2d 1153 . Environmental Law ☞ 445(1)


381. ---- Miscellaneous cases, innocent owner, defenses

Conclusion by district court was not clearly erroneous, that former manufacturer at chemical plant did not prove by preponderance of evidence that dioxin cross-contamination to what otherwise would have been non-hazardous 2,4-D waste drums had been prevented by subsequent manufacturer's production runs, and thus reasonable basis for divisibility did not exist on that basis, in government's lawsuit under CERCLA which sought environmental response costs for cleanup of chemical manufacturing site; plant equipment contained dioxin and 2,4,5-T after nearly eight years of 2,4-D production. U.S. v. Vertac Chemical Corp., C.A.8 (Ark.) 2006, 453 F.3d 1031, rehearing and rehearing en banc denied , certiorari denied 127 S.Ct. 2098, 550 U.S. 903, 167 L.Ed.2d 812, certiorari denied 127 S.Ct. 2099, 550 U.S. 903, 167 L.Ed.2d 812. Environmental Law ☞ 445(3)


A party cannot escape CERCLA liability based on innocent owner defense for performing a soil investigation negligently and thereby unnecessarily spreading pollution. U.S. v. CDMG Realty Co., C.A.3 (N.J.) 1996, 96 F.3d 706. Environmental Law ☞ 445(1)


Commercial property developer that engaged in earthmoving activities on site contaminated by arsenic and lead could not rely on innocent landowner defense to avoid contribution liability for response costs under CERCLA; developer's earthmoving activities agitated soil, causing new release of hazardous substances, and developer made no effort to inform environmental authorities after discovering contamination. Ashley II of Charleston, LLC v. PCS Nitrogen, Inc., D.S.C.2010, 2010 WL 3893599, amended and superseded 746 F.Supp.2d 692, on reconsideration in part 2011 WL 2119234, amended and superseded 2011 WL 2119256. Environmental Law ☞ 447


Genuine issue of material fact existed as to whether city was a cause of at least some of the contamination resulting from dry cleaning business's dumping of wastewater containing a hazardous substance into floor drain connected to city sewer, precluding summary judgment for city, pursuant to the innocent-party defense, in property owner's private cost recovery action under CERCLA. Adobe Lumber, Inc. v. Hellman, E.D.Cal.2009, 658 F.Supp.2d 1188. Federal Civil Procedure ☞ 2498.3


Federal government was not the sole cause of the release of hazardous substances from World War II airplane crash on landowners' property, as element of landowners' innocent landowner defense to liability for cleanup costs under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), and thus landowners were potentially responsible parties (PRP) for purposes of contribution, where landowners actively spread contaminated soil from the initial 3000 square feet crash site to more than 16 acres. Lewis Operating Corp. v. U.S., C.D.Cal.2007, 533 F.Supp.2d 1041. Environmental Law ☞ 445(1); Environmental Law ☞ 447


© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Owner of shopping center, which was in a contractual relationship with its tenant, and the tenant, which operated a dry-cleaning establishment that disposed of wastewater containing hazardous chemicals into sewer system and which contracted for the delivery of chemicals which were spilled into the environment by delivery company, were not innocent landowners for purposes of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). Differential Development-1994, Ltd. v. Harkrider Distributing Co., S.D.Tex.2007, 470 F.Supp.2d 727. Environmental Law ⬤═ 445(1)

Owner and developer of subdivision, which was located within boundaries of Eureka Mine Superfund Site, as determined by Environmental Protection Agency (EPA), contributed to release of arsenic on Site, and thus could not cast blame, pursuant to innocent landowner defense to liability for cleanup costs under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), solely on mine, where owner took affirmative action in developing his land, namely, actively grading and excavating it; it was reasonable to expect that any contaminants in soil would have been agitated and thereby released as a result. U.S. v. Honeywell Intern., Inc., E.D.Cal.2008, 542 F.Supp.2d 1188. Environmental Law ⬤═ 445(1)

Corporate landowner failed to demonstrate that contamination from transformers on its property was caused solely by act or omission of third party, as required for application of CERCLA's innocent landowner defense in action for recovery of clean-up costs; landowner attempted to establish that previous owner disposed of transformers on property through witness testimony, but testimony was rife with credibility problems, and while there was evidence to indicate that previous owner operated junk yard on property, government offered testimony from credible witnesses regarding presence of transformers on property during corporate landowner's ownership. U.S. v. Domenic Lombardi Realty, Inc., D.R.I.2003, 290 F.Supp.2d 198. Environmental Law ⬤═ 445(1)

Even if facility already contained hazardous wastes when purchased by current owner, owner's failure to make any attempt to remove hazardous substances or reduce any possible threat caused by them once it became aware of their existence precluded assertion of "innocent landowner" defense. Containerport Group, Inc. v. American Financial Group, Inc., S.D.Ohio 2001, 128 F.Supp.2d 470. Environmental Law ⬤═ 445(1)

Even if residential real estate developer, which had purchased property many years after dumping of hazardous substances had ceased, was still current owner after tax foreclosure sale, it was innocent third-party purchaser, and thus was not "responsible party" under CERCLA. Delaney v. Town of Carmel, S.D.N.Y.1999, 55 F.Supp.2d 237. Environmental Law ⬤═ 445(1)

Suburban sanitary commission that operated sewer serving adjoining property failed to establish affirmative innocent landowner defense based on complete absence of causation in property owner's CERCLA action against commission and adjoining landowner dry cleaner trade association for recovery of response costs arising from discovery of perchloroethylene (PCE) in groundwater under property, where commission designed sewer to leak and neglected to repair cracks its interior, and commission expected small industrial customers like landowner to pour hazardous substances into sewer. Westfarm Associates Ltd. Partnership v. International Fabricare Institute, D.Md.1993, 846 F.Supp. 422, affirmed 66 F.3d 669, 147 A.L.R. Fed. 747, certiorari denied 116 S.Ct. 1318, 517 U.S. 1103, 134 L.Ed.2d 471. Environmental Law ⬤═ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Innocent landowner CERCLA defense applied to owner of property adjacent to former manufactured gas plant site respecting claim of corporate successor to plant owner against property owner, despite presence of hazardous substances other than constituent elements of coal-tar on property; there was no implication that property owner failed to exercise due care or take appropriate precautions to insure nonoccurrence of pollution, and assertion that property owner caused "some" of problem was speculative. HRW Systems, Inc. v. Washington Gas Light Co., D.Md.1993, 823 F.Supp. 318. Environmental Law ☞ 445(1)

County Forest Preserve District was entitled to innocent owner defense in CERCLA response cost action absent any evidence to show that Preserve or its employees were responsible for disposal on site or that any disposal occurred after Preserve acquired property by eminent domain; preserve notified State Environmental Protection Agency and took remedial action as soon as it discovered disposal. U.S. v. Petersen Sand and Gravel, Inc., N.D.Ill.1992, 806 F.Supp. 1346, on reconsideration. Environmental Law ☞ 445(1)

"Innocent landowner" defense to claim under Comprehensive Environment Response, Compensation, and Liability Act of 1980 would not be available to shareholders of recycling corporation, to extent Government could establish that polychlorinated biphenyls were deposited on corporation's land during period of shareholders' ownership of stock. U.S. v. Pacific Hide & Fur Depot, Inc., D.Idaho 1989, 716 F.Supp. 1341, 105 A.L.R. Fed. 1. Environmental Law ☞ 445(1)

382. Ambient defense

Finding that waste emulsion deposited at hazardous waste disposal site by aluminum manufacturer contained polychlorinated biphenyls (PCBs), which was amply supported by the record, precluded manufacturer's escape from CERCLA liability for response costs incurred by government in cleaning up environmental contamination at disposal site under special exception designed to shield from liability those who contributed hazardous substances that did not exceed natural background levels and did not themselves trigger incurrence of response costs, inasmuch as PCBs were made-made substances without natural background levels. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 2003, 315 F.3d 179, certiorari denied 124 S.Ct. 1039, 540 U.S. 1103, 157 L.Ed.2d 887. Environmental Law ☞ 445(1)

If defendant in CERCLA action to recover cleanup costs could show that concentration of naturally occurring metals and other compounds in uncontaminated areas around site was equal to or less than those found in the site, one could assume that substances were not put there by defendant and defendant would prevail on its ambient defense. U.S. v. Davis, D.R.I.1992, 794 F.Supp. 67. Environmental Law ☞ 445(1)

383. "As is" clause, defenses

Purchase of business "as is" does not absolve seller from CERCLA liability; strict liability may be avoided only by knowing agreement to accept risk of abnormally hazardous activity, and "as is" contract does not automatically amount to knowing agreement. Mobay Corp. v. Allied-Signal, Inc., D.N.J.1991, 761 F.Supp. 345. Environmental Law ☞ 447

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Provisions of Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), independently of state law, preclude party from avoiding strict liability for response costs under CERCLA by relying on "as is" provision contained in deed transferring contaminated land. Wiegmann & Rose Intern. Corp. v. NL Industries, N.D.Cal.1990, 735 F.Supp. 957. Environmental Law ⚷ 445(1)

Clause in contract for sale of property by which purchaser agreed to purchase the property "as is" did not bar purchaser's subsequent action against vendor to recover hazardous waste cleanup costs; clause was effective to preclude only causes of action based on breach of warranty theory, whereas purchaser's suit was based not upon warranty theory but upon statutory cause of action created by CERCLA. International Clinical Laboratories, Inc. v. Stevens, E.D.N.Y.1989, 710 F.Supp. 466. Contracts ⚷ 205.30

384. Assumption of risk, defenses

Assumption of risk is not valid defense to CERCLA cost recovery action. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1992, 812 F.Supp. 1528. Environmental Law ⚷ 445(1)

Doctrine of assumption of risk applied in state's action to recover costs of clean up of hazardous waste placed by defendant in Love Canal, as state had actual notice of presence of waste when it acquired property; however, that defense did not bar recovery, but amount of damages otherwise recoverable were to be diminished in proportion which culpable conduct attributable to state bore to culpable conduct which caused damages. U.S. v. Hooker Chemicals & Plastics Corp., W.D.N.Y.1989, 722 F.Supp. 960. Environmental Law ⚷ 447

385. Authorization for use, defenses

That release of hazardous substances may have been federally permitted in part does not alone prevent recovery of response costs; if some of the harm resulted from permitted releases, and other parts of the harm from non-permitted releases, the burden is on the party alleged to have made the releases to prove that the harm is divisible. Pennsylvania v. Lockheed Martin Corp., M.D.Pa.2010, 684 F.Supp.2d 564. Environmental Law ⚷ 441

Fact that Environmental Protection Agency had authorized use of polychlorinated biphenyls (PCBs) in transformers used on railroad cars did not preclude CERCLA liability for discharge of PCBs. Reading Co. v. City of Philadelphia, E.D.Pa.1993, 823 F.Supp. 1218. Environmental Law ⚷ 441

386. Causation, defenses

Defenses of minimal involvement or limited proof of responsibility do have a role in the CERCLA scheme; they come in to play during the damages phase when the court is charged with equitably apportioning the costs of the cleanup among the potentially responsible parties (PRPs). Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., C.A.2 2010, 596 F.3d 112. Environmental Law ⚷ 447

Although CERCLA imposes strict liability on persons as listed in CERCLA as responsible, defendant may escape joint and several liability for response costs if it shows that its waste, when mixed with other hazardous

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

wastes, did not contribute to release and cleanup costs incurred, or that, at most, it contributed to only divisible portion of harm. U.S. v. Wallace, N.D.Tex.1996, 961 F.Supp. 969. Environmental Law ☞ 445(3); Environmental Law ☞ 445(1)

In CERCLA response cost recovery action, the affirmative defenses of due care and lack of causation with respect to contamination cannot be used to avoid liability as CERCLA applies strict liability standard and causation is irrelevant once prima facie case is proven. U.S. v. Rohm and Haas Co., D.N.J.1996, 939 F.Supp. 1142. Environmental Law ☞ 445(1)

Defenses available to defendants in CERCLA cost recovery suit are limited by statute, and liability may be imposed without proof of causation. Adhesives Research Inc. v. American Inks & Coatings Corp., M.D.Pa.1996, 931 F.Supp. 1231. Environmental Law ☞ 445(1)

Lack of causation defense fell within ambit of CERCLA's divisibility of harm/causation defense and could be raised as bar to CERCLA liability. Hatco Corp. v. W.R. Grace & Co.--Conn., D.N.J.1992, 801 F.Supp. 1309, vacated 59 F.3d 400, rehearing and rehearing in banc denied. Environmental Law ☞ 445(1)

387. Caveat emptor, defenses

Doctrine of caveat emptor was not available as a defense to an action brought by a purchaser of property under the Comprehensive Environmental Response, Compensation, and Liability Act against the corporate successors of a manufacturer of asbestos seeking contribution for cleanup costs of property, even though purchaser's predecessor-in-interest had inspected land prior to purchase and knew of past use of property and possibility that environmental cleanup costs might be incurred in future; factors pertaining to doctrine of caveat emptor could be considered only in mitigation of amount due. Smith Land & Imp. Corp. v. Celotex Corp., C.A.3 (Pa.) 1988, 851 F.2d 86, rehearing denied, certiorari denied 109 S.Ct. 837, 488 U.S. 1029, 102 L.Ed.2d 969. Environmental Law ☞ 447

In response cost recovery action under CERCLA, defendants could not assert defenses of caveat emptor, unclean hands, estoppel, in pari delicto, waiver, laches, or failure of the Government to do equity. U.S. v. Kramer, D.N.J.1991, 757 F.Supp. 397. Environmental Law ☞ 445(1)

New York state common-law doctrine of caveat emptor did not bar action against operator of gas manufacturing facility for response costs under CERCLA after purchaser of site discovered hazardous waste on the property, where CERCLA was not in effect at time property was purchased. Westwood Pharmaceuticals, Inc. v. National Fuel Gas Distribution Corp., W.D.N.Y.1990, 737 F.Supp. 1272, reconsideration denied 767 F.Supp. 456, affirmed 964 F.2d 85. Environmental Law ☞ 445(1)

388. Collateral estoppel, defenses

Under Minnesota law, prior state court judgment collaterally estopped successor owner of dump from claiming that indemnity agreement required prior owners to indemnify successor for CERCLA liability for contamination

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

at dump; although state court judgment referred to Minnesota Environmental Response and Liability Act (MERLA), intent of indemnity agreement with regard to later enacted environmental laws was fully litigated by successor in state court, and issue was finally determined on its merits adversely to successor. Gopher Oil Co. v. Bunker, C.A.8 (Minn.) 1996, 84 F.3d 1047, amended. Judgment ☞ 828.16(1)

Issues in prior Clean Water Act (CWA) suit against waste oil reclamation company were not identical to issues in subsequent CERCLA action against company president and employee and, thus, did not support assertion of collateral estoppel defense; CWA action concerned whether substance disposed of was "oil" within meaning of CWA and whether company was operator under CWA, which differed from issues in CERCLA action concerning whether substance fell within CERCLA's petroleum exclusion and whether company president and employee were operators under CERCLA. U.S. v. Gurley, C.A.8 (Ark.) 1994, 43 F.3d 1188, rehearing and suggestion for rehearing en banc denied, certiorari denied 116 S.Ct. 73, 516 U.S. 817, 133 L.Ed.2d 33. Judgment ☞ 715(3)

Finding in earlier phase of CERCLA cost-recovery action that contamination at site was traceable in part to recycling plant operations did not collaterally estop responsible parties from asserting that some portion of contamination was also traceable to city's sewage system, such that city was potentially responsible party (PRP) that was liable for contribution costs under CERCLA; issues were not identical. U.S. v. Union Corp., E.D.Pa.2003, 277 F.Supp.2d 478. Environmental Law ☞ 447

Trustee of landfill was collaterally estopped from relitigating issue of its ownership of landfill for purposes of liability under CERCLA where trustee was party to condemnation proceeding and had incentive in that proceeding to litigate adequately and fully issue of ownership on behalf of trust beneficiaries; trustee acting as fiduciary to beneficiary's estate had fiduciary duty to litigate issue fully in condemnation proceedings. City of Phoenix, Ariz. v. Garbage Services Co., D.Ariz.1993, 816 F.Supp. 564. Judgment ☞ 720

Prior proceedings, wherein district court found, as upheld on appeal, that 100% of spent acid waste dumped by oil companies was attributable to former aviation gas program, pursuant to companies' expired contracts with federal government to produce aviation gasoline during World War II, collaterally estopped government from relitigating government's liability for indemnifying companies for full costs of acid waste clean-up, under CERCLA, rather than partial indemnification excluding clean-up costs for acid waste resulting from companies' reuse of waste in other products prior to dumping. Shell Oil Co. v. U.S., Fed.Cl.2010, 93 Fed.Cl. 153. Judgment ☞ 713(1)

Doctrine of collateral estoppel barred government's claim that portion of non-benzol waste at CERCLA hazardous waste site was not attributable to World War II aviation gas program in which oil companies produced avgas pursuant to government contracts, and thus that United States was not required by aviation gasoline supply contracts to reimburse companies for entire CERCLA clean-up costs, where trial court in prior proceedings had allocated 100 percent of costs of cleaning up non-benzol waste to government, and non-benzol findings were necessary to Court of Appeals' decisions to affirm trial court's allocation. Shell Oil Co. v. U.S., Fed.Cl.2009, 86 Fed.Cl. 470, remanded 2010 WL 2026085. Judgment ☞ 725(6)

389. Consent order, defenses

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Affirmative defense that consent decree and CERCLA barred plaintiff from seeking cleanup cost contribution would not be stricken; ambiguity existed as to the scope of contribution sought by plaintiffs and disputed questions of contract law were raised concerning the scope of contribution protection afforded by consent decree. Solvent Chemical Co. ICC Industries, Inc. v. E.I. Dupont De Nemours & Co., W.D.N.Y.2002, 242 F.Supp.2d 196. Federal Civil Procedure ☞ 1108.1

Consent order, which was entered prior to city's acquisition of facility identified as a source location for groundwater contamination within groundwater contamination site, and which obligated the previous owner of the facility to identify, eliminate and control all active groundwater contamination source areas at the facility, did not absolve city, as current owner of the facility, of response-cost liability under CERCLA. City of Wichita v. Aero Holdings, Inc., D.Kan.2000, 177 F.Supp.2d 1153. Federal Civil Procedure ☞ 2397.5

390. Common carrier, defenses

Common carrier status of transporter defendants in suit brought under CERCLA could not be raised as defense, as common carrier defense does not fall within enumerated defenses permitted by CERCLA. U.S. v. Western Processing Co., Inc., W.D.Wash.1991, 756 F.Supp. 1416, 112 A.L.R. Fed. 705. Environmental Law ☞ 445(1)

391. Criminal proceedings, defenses

State employee's guilty plea to official misconduct for writing to landfill site owner on state Department of Environmental Conservation (DEC) letterhead with intent to gain commercial benefit from landfill, and his guilty plea to obstructing governmental administration by failing to disclose involvement with landfill to State Standing Committee on Environmental Conservation, did not demonstrate conclusively that employee was not running state-authorized "sting" operation at landfill site, so as to preclude imposition of CERCLA liability on state defendants under ratification theory; pleas made no mention of employee's non-commercial activities. Prisco v. State of N.Y., S.D.N.Y.1995, 902 F.Supp. 400. Environmental Law ☞ 445(1)

392. De minimis defense, defenses

"De minimis non curat lex" (the law does not concern itself with trifles) is not available defense to liability for CERCLA response costs. Transportation Leasing Co. v. State of Cal. (CalTrans), C.D.Cal.1993, 861 F.Supp. 931, 133 A.L.R. Fed. 635. Environmental Law ☞ 445(1)

The "de minimis" defense was not available in CERCLA cost recovery action. U.S. v. Davis, D.R.I.1992, 794 F.Supp. 67. Environmental Law ☞ 445(1)

393. Disclaimer, defenses

Warranty disclaimer was effective to preclude only causes of action based upon breach-of-warranty theory, and statutory cause of action created by Comprehensive Environmental Response, Compensation, and Liability Act was not precluded by such disclaimer provision. Mardan Corp. v. C.G.C. Music, Ltd., D.C.Ariz.1984, 600 F.Supp. 1049, affirmed 804 F.2d 1454. Sales ☞ 267

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**394.** Divisibility, defenses

Conclusion by district court was not clearly erroneous, that former manufacturer at chemical plant did not prove by preponderance of evidence, due to cross-contamination and commingling of dioxin, that there existed reasonable basis for divisibility of hazardous drummed waste, in government's lawsuit under CERCLA which sought environmental response costs for cleanup of chemical manufacturing site. U.S. v. Vertac Chemical Corp., C.A.8 (Ark.) 2006, 453 F.3d 1031, rehearing and rehearing en banc denied , certiorari denied 127 S.Ct. 2098, 550 U.S. 903, 167 L.Ed.2d 812, certiorari denied 127 S.Ct. 2099, 550 U.S. 903, 167 L.Ed.2d 812. Environmental Law ⟲ 445(3)

Aluminum manufacturer whose waste emulsion was deposited at two hazardous waste disposal sites failed to demonstrate that harm done at sites was divisible, as required for manufacturer to escape joint and several liability under CERCLA; manufacturer's argument that its waste emulsion was harmless was unreasonable in light of district court's finding that emulsion contained polychlorinated biphenyls (PCBs), and manufacturer failed to address effects of its waste emulsion as a whole, and instead inappropriately focused on constituents of its waste individually. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 2003, 315 F.3d 179, certiorari denied 124 S.Ct. 1039, 540 U.S. 1103, 157 L.Ed.2d 887. Environmental Law ⟲ 445(3)

Potentially responsible party's (PRP) claim that extent of its liability for response costs under CERCLA "should be proportionate to [its] contribution to the harm or endangerment" at site spoke to contribution, not divisibility of harm, and thus did not constitute proper defense in government's CERCLA action, where PRP did not allege any reasonable basis for apportioning harm, but merely claimed that "responsibility" for harm could be divided among several PRPs, which it named as third party defendants in contribution action. U.S. v. Sensient Colors, Inc., D.N.J.2008, 580 F.Supp.2d 369. Environmental Law ⟲ 445(3); Environmental Law ⟲ 447

Divisibility of harm is defense to joint and several liability under CERCLA, which is imposed with a finding of liability under CERCLA cost recovery section. U.S. v. Vertac Chemical Corp., E.D.Ark.1997, 966 F.Supp. 1491 , affirmed 247 F.3d 706, certiorari denied 122 S.Ct. 665, 534 U.S. 1065, 151 L.Ed.2d 579, on remand 364 F.Supp.2d 941. Environmental Law ⟲ 445(1)

Divisibility of harm is recognized as a valid affirmative defense in CERCLA response cost recovery action, even though it is not a defense to liability, and is a judicially crafted allocation principle designed to remediate the harshness of joint and several liability applied under CERCLA on those potentially responsible parties (PRPs) who have contributed a relatively lesser portion of hazardous substances to a CERCLA facility. U.S. v. Rohm and Haas Co., D.N.J.1996, 939 F.Supp. 1142. Environmental Law ⟲ 445(3)

Remedial investigation report stating that town "operated landfill from 1962 to 1976, reportedly accepting both municipal and industrial wastes," and that landfill had "encroached onto adjacent properties" was insufficient to establish that hazardous substances encroached upon strip of adjacent property during period that property was owned by government, as required for imposition of CERCLA liability; while it was claimed that government had raised divisibility-of-harm defense on which it bore burden of proof, an element of liability had not been es-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

tablished and, thus, burden of proof did not shift to government. Town of New Windsor v. Tesa Tuck, Inc., S.D.N.Y.1996, 935 F.Supp. 315. Environmental Law 🔑 464; Environmental Law 🔑 445(1)

Before former owner of contaminated site of chemical plant was required to prove divisibility defense or that environmental harm was capable of reasonable apportionment, current owner was required to make prima facie showing that former owner was responsible for release. Hatco Corp. v. W.R. Grace & Co. Conn., D.N.J.1994, 849 F.Supp. 987. Environmental Law 🔑 464

394a. ---- Preventive actions, divisibility, defenses

Conclusion by district court was not clearly erroneous, that former manufacturer at chemical plant did not prove by preponderance of evidence that it prevented dioxin cross-contamination to what otherwise would have been non-hazardous 2,4-D waste drums by cleaning production vessels in way that plant equipment did not contain dioxin, and thus reasonable basis for divisibility did not exist on that basis, in government's lawsuit under CERCLA which sought environmental response costs for cleanup of chemical manufacturing site; expert testified that it was likely that some contamination would remain in equipment. U.S. v. Vertac Chemical Corp., C.A.8 (Ark.) 2006, 453 F.3d 1031, rehearing and rehearing en banc denied , certiorari denied 127 S.Ct. 2098, 550 U.S. 903, 167 L.Ed.2d 812, certiorari denied 127 S.Ct. 2099, 550 U.S. 903, 167 L.Ed.2d 812. Environmental Law 🔑 445(3)

394b. ---- Distinct harm, divisibility, defenses

Conclusion by district court was not clearly erroneous, that former manufacturer at chemical plant did not prove by preponderance of evidence that 2,4,5-T stillbottom drums constituted distinct harm, and thus reasonable basis for divisibility did not exist on that basis, in government's lawsuit under CERCLA which sought environmental response costs for cleanup of chemical manufacturing site; stillbottoms leaked onto ground when former manufacturer owned plant. U.S. v. Vertac Chemical Corp., C.A.8 (Ark.) 2006, 453 F.3d 1031, rehearing and rehearing en banc denied , certiorari denied 127 S.Ct. 2098, 550 U.S. 903, 167 L.Ed.2d 812, certiorari denied 127 S.Ct. 2099, 550 U.S. 903, 167 L.Ed.2d 812. Environmental Law 🔑 445(3)

395. Due care, defenses

Claim that parties allegedly involved in waste disposal acted in proper and reasonable manner, exercised due care, complied with all laws and regulations concerning waste disposition, and otherwise conducted their operations reasonably and lawfully was not applicable in United States' civil action under the Comprehensive Environmental Response, Compensation, and Liability Act to recover response costs incurred in cleaning up landfill; the Act imposed strict liability for enumerated classes of defendants subject to enumerated limited defenses. U.S. v. Dickerson, D.Md.1986, 640 F.Supp. 448. Environmental Law 🔑 445(1)

In action brought by United States to recover response costs incurred in cleaning up hazardous waste site, defenses based upon claims that defendants were not negligent or that they exercised due care could not be used to avoid strict liability imposed by statute. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law 🔑 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

396. Equitable defenses--Generally

"Pay when paid" clause between city and environmental engineering firm it hired to perform environmental cleanup, conditioning city's obligation to pay firm upon city's being reimbursed by state for approved work, was not defense to firm's direct cost-recovery action against city under CERCLA seeking payment for work performed but uncompensated; city's contention that firm should not be able to "end run" around clause via CERCLA amounted to equitable defense to CERCLA liability and thus was statutorily barred. Blasland, Bouck & Lee, Inc. v. City of North Miami, C.A.11 (Fla.) 2002, 283 F.3d 1286. Environmental Law ☞ 445(1)

Equitable defenses are not available in CERCLA response cost recovery action. U.S. v. Rohm and Haas Co., D.N.J.1996, 939 F.Supp. 1142. Environmental Law ☞ 445(1)

Equitable defenses are not available in cost recovery suits under CERCLA. Union Carbide Corp. v. Thiokol Corp., S.D.Ga.1994, 890 F.Supp. 1035. Environmental Law ☞ 445(1)

Equitable defenses are insufficient and unavailable as defenses to liability claim under CERCLA. U.S. v. Martell, N.D.Ind.1995, 887 F.Supp. 1183. Environmental Law ☞ 445(1)

Equitable considerations cannot serve as defense to liability under CERCLA; although equitable considerations might come into play in damage allocation phase of CERCLA case, introduction into liability phase is improper. U.S. v. Atlas Minerals and Chemicals, Inc., E.D.Pa.1992, 797 F.Supp. 411. Environmental Law ☞ 447; Environmental Law ☞ 445(1)

Equitable defenses are not available in CERCLA cost recover actions; overruling *Violet v. Picillo,* 648 F.Supp. 1283. U.S. v. Davis, D.R.I.1992, 794 F.Supp. 67. Environmental Law ☞ 445(1)

Equitable defenses to Government claims for CERCLA response costs are unavailable. U.S. v. Pretty Products, Inc., S.D.Ohio 1991, 780 F.Supp. 1488. Environmental Law ☞ 445(1)

Comprehensive Environmental Response, Compensation, and Liability Act would be construed to impose strict liability upon designated parties, subject only to defenses specifically enumerated in statute, and would not be construed to permit supplementation of statutory defenses provided under CERCLA with equitable defenses. Versatile Metals, Inc. v. Union Corp., E.D.Pa.1988, 693 F.Supp. 1563. Environmental Law ☞ 445(1)

Equitable defenses are proper under Comprehensive Environmental Response, Compensation, and Liability Act in determining liability, nature of remedy and amount of damage. U.S. v. Conservation Chemical Co., W.D.Mo.1985, 619 F.Supp. 162. Environmental Law ☞ 445(1)

397. ---- Estoppel, equitable defenses

Purchaser of wholly owned subsidiary and subsidiary were not equitably estopped from asserting statute of lim-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

itations as defense to land fill steering committee's New York law fraudulent conveyance claims in action seeking environmental cleanup contribution costs, although committee asserted that defendants' involvement in settlement negotiations prevented it from filing suit, absent documents or facts establishing that the steering committee members had agreed not to commence legal action against other committee members during committee negotiations. Pfohl Brothers Landfill Site Steering Committee v. Allied Waste Systems, Inc., W.D.N.Y.2003, 255 F.Supp.2d 134, reconsideration denied 2003 WL 21518341. Limitation Of Actions ⇒ 13

Defenses of estoppel, laches, waiver, unclean hands, caveat emptor, offset, good faith, governmental compulsion, third-party causation, absence of abnormally hazardous or dangerous activity, contributory negligence, comparative negligence, assumption of risk, secondary or passive liability and failure to mitigate damages could not be raised as bar to CERCLA liability. Hatco Corp. v. W.R. Grace & Co.--Conn., D.N.J.1992, 801 F.Supp. 1309, vacated 59 F.3d 400, rehearing and rehearing in banc denied. Environmental Law ⇒ 445(1)

Even if equitable defenses of estoppel, release and/or waiver and laches, asserted by facility owner could not defeat Government's claim for response costs, they still could be available as to Government's other claims; therefore, district court could not strike those affirmative defenses solely on ground that they were not contained in statute setting forth exemptions from response cost liability. U.S. v. Walerko Tool and Engineering Corp., N.D.Ind.1992, 784 F.Supp. 1385. Estoppel ⇒ 62.2(4); Federal Civil Procedure ⇒ 1112; Federal Civil Procedure ⇒ 1113; Federal Civil Procedure ⇒ 1116; Environmental Law ⇒ 672; Release ⇒ 44.1

Defenses of laches, unclean hands, estoppel, and impermissible retroactive application of Comprehensive Environmental Response, Compensation, and Liability Act are not available in action for response costs. Kelley v. Thomas Solvent Co., W.D.Mich.1989, 727 F.Supp. 1532. Environmental Law ⇒ 445(1); Environmental Law ⇒ 672

   398. ---- Laches, equitable defenses

Equitable doctrine of laches may not be applied as defense to liability in private party cost recovery action under CERCLA, though such equitable factors may be considered at apportionment stage. Town of Munster, Ind. v. Sherwin-Williams Co., Inc., C.A.7 (Ind.) 1994, 27 F.3d 1268. Environmental Law ⇒ 672

Doctrine of laches was not applicable to bar cost recovery claim under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA); laches was not within enumerated causation-based affirmative defenses. Velsicol Chemical Corp. v. Enenco, Inc., C.A.6 (Tenn.) 1993, 9 F.3d 524, rehearing and suggestion for rehearing en banc denied. Environmental Law ⇒ 672

Equitable defense of laches was presumptively inapplicable to property owner's cost recovery claim under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) against predecessor in interest; although owner had report which stated that there was contamination at the property, it was not clear whether property was contaminated with trichloroethylene (TCE). Degussa Constr. Chem. Operations, Inc. v. Berwind Corp., E.D.Pa.2003, 280 F.Supp.2d 393. Environmental Law ⇒ 672

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**399.** ---- Unclean hands, equitable defenses

Equitable defense of unclean hands against Environmental Protection Agency (EPA) was not available in cost recovery action under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA). U.S. v. Sensient Colors, Inc., D.N.J.2009, 649 F.Supp.2d 309. Environmental Law ⌾⟶ 445(1)

CERCLA does not provide for unclean hands defense; CERCLA liability is subject only to statutory defenses. U.S. v. Occidental Chemical Corp., W.D.N.Y.1997, 965 F.Supp. 408. Environmental Law ⌾⟶ 445(1)

Unclean hands was no defense to action to recover contribution for clean up of toxic waste. AM Intern., Inc. v. International Forging Equipment, N.D.Ohio 1990, 743 F.Supp. 525, affirmed in part, reversed in part and remanded on other grounds 982 F.2d 989.

"Unclean hands" was no defense in property owner's action to recover from former owner cost of cleaning up cyanide-based electroplating solutions and residues that had been dumped on owner's property, even if owner subsequently sold property without disclosing previous dumping. General Elec. Co. v. Litton Business Systems, Inc., W.D.Mo.1989, 715 F.Supp. 949, affirmed 920 F.2d 1415, certiorari denied 111 S.Ct. 1390, 499 U.S. 937, 113 L.Ed.2d 446, rehearing denied 111 S.Ct. 1697, 500 U.S. 911, 114 L.Ed.2d 91. Environmental Law ⌾⟶ 445(1)

Even assuming that "unclean hands" doctrine was available as defense, fact that owners of scrap metal business had previously been cited by the Environmental Protection Agency for their improper storage and handling of PCB's did not preclude owners from suing manufacturers and suppliers of electrical components which contained PCB's to recover clean-up costs and damages under the Comprehensive Environmental Response Compensation and Liability Act and state products liability law. Kalik v. Allis-Chalmers Corp., W.D.Pa.1987, 658 F.Supp. 631. Environmental Law ⌾⟶ 444

**400.** ---- Waiver, equitable defenses

Equitable defenses of waiver/estoppel, laches, and unclean hands would not be stricken from defendants' answer in CERCLA enforcement action, even though such defenses are not specifically listed as defenses to such action; motions to strike are disfavored and this issue is heavily disputed among lower courts. U.S. v. Martell, N.D.Ind.1994, 844 F.Supp. 454. Federal Civil Procedure ⌾⟶ 1108.1; Federal Civil Procedure ⌾⟶ 1116

Equitable defenses such as waiver, estoppel, and unclean hands, are not available to defeat CERCLA cost recovery claims. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1992, 812 F.Supp. 1528. Environmental Law ⌾⟶ 445(1)

**401.** Failure to state claim, defenses

Affirmative defense of failure to state claim would not be stricken as insufficient in CERCLA contribution suit, particularly as defendant argued that, even assuming contamination of site was result of application of pesticides

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

during period of defendant's occupation of site, that fact alone would not establish defendant's liability under CERCLA in light of CERCLA's exemption for application of registered pesticide. State of N.Y. v. Almy Bros., Inc., N.D.N.Y.1997, 971 F.Supp. 69. Federal Civil Procedure ⚷ 1108.1

 402. Fifth Amendment taking, defenses

Holding aluminum manufacturer jointly and severally liable under CERCLA for cleanup costs incurred at hazardous waste disposal sites at which manufacturer's waste emulsion was deposited did not result in an unconstitutional taking adverse to manufacturer, or a deprivation of its Fourteenth Amendment right to due process. U.S. v. Alcan Aluminum Corp., C.A.2 (N.Y.) 2003, 315 F.3d 179, certiorari denied 124 S.Ct. 1039, 540 U.S. 1103, 157 L.Ed.2d 887. Eminent Domain ⚷ 2.27(1); Environmental Law ⚷ 445(3)

Fifth Amendment taking claim could not properly be asserted in defense of CERCLA claims brought by United States; defenses to CERCLA were limited to those set forth in the Act. U.S. v. American Color and Chemical Corp., M.D.Pa.1994, 858 F.Supp. 445. Eminent Domain ⚷ 266; Environmental Law ⚷ 445(1)

 403. Foreseeability, defenses

Defenses alleging lack of foreseeability of damages, contributory or comparative negligence by United States, and exercise of due care were irrelevant in determining existence and scope of defendants' potential strict liability for response costs under CERCLA. U.S. v. Fairchild Industries, Inc., D.Md.1991, 766 F.Supp. 405. Environmental Law ⚷ 445(1)

 404. Government contractor, defenses

Government contractor defense was inapplicable in action brought by property owners against private contractor that conducted CERCLA cleanup operation, alleging commission of tortious acts that caused property damage during operation. Amtreco, Inc. v. O.H. Materials, Inc., M.D.Ga.1992, 802 F.Supp. 443. Torts ⚷ 429

Authority delegated to agencies under executive orders issued pursuant to First War Powers Act of 1941 authorized federal government's contractual reimbursement of oil companies for acid waste cleanup costs incurred pursuant to CERCLA as a result of companies' performance of World War II aviation-gasoline-production contracts, and Anti-Deficiency Act (ADA) thus did not bar companies' claims against government for reimbursement. Shell Oil Co. v. U.S., Fed.Cl.2010, 93 Fed.Cl. 439, motion to vacate denied 407 Fed.Appx. 430, 2011 WL 30106. War And National Emergency ⚷ 1112

 405. Indispensable parties, defenses

Defenses of failure to join indispensable parties and that government's claims for response costs under CERCLA were barred because any releases were de minimis were insufficient defenses to CERCLA liability. U.S. v. Smuggler-Durant Min. Corp., D.Colo.1993, 823 F.Supp. 873. Environmental Law ⚷ 445(1)

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

**406.** Involuntary acquisition, defenses

City's purchase of environmentally contaminated property to build roads and park did not constitute involuntary purchase under CERCLA provision exempting from liability local governments that acquire property by necessity and do not contribute to release of hazardous waste; purchase did not qualify as a circumstance in which government involuntarily acquires title by virtue of its function as sovereign, and circumstances of acquisition did not satisfy plain meaning of word involuntary, as city evaluated land carefully and considered problems of buried waste before taking title. U.S. v. Occidental Chemical Corp., W.D.N.Y.1997, 965 F.Supp. 408. Environmental Law ⬌ 445(1)

If owner and operator of hazardous waste disposal site put grantee's name on deed without grantee's knowledge or consent, grantee continued to be ignorant of fact that his name was on deed, and grantee took action to correct what was saw as error as soon as he found his name was on deed, it would be inequitable, even under CERCLA strict liability regime, to hold grantee liable for response costs as "owner" of site. Atlantic Richfield Co. v. Blosenski, E.D.Pa.1994, 847 F.Supp. 1261. Environmental Law ⬌ 445(1)

**407.** Law of case, defenses

Prior decision concluding that CERCLA provision prohibiting Environmental Protection Agency (EPA) from ordering removal or remedial action in response to naturally occurring substances permitted EPA response to release of any natural substance released in altered form, or to release of substance not altered by natural process, was law of the case and precluded new challenge to EPA response so long as specific remedies selected by EPA addressed releases that were artificially altered by mining. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1997, 987 F.Supp. 1244. Courts ⬌ 99(6)

**408.** Mitigation of damages, defenses

Current owners of hazardous waste site were not absolved of liability in CERCLA cost recovery action, despite their contention that they had reduced site's contamination by engaging in efforts to remediate site and releasing only water from waste oil lagoons on property, in light of evidence that owners had merely backfilled lagoons, owners did not attempt to keep lagoons intact in order to prevent unnecessary spills, and natural attenuation and bio-degradation only covered contaminants but did not eliminate them. U.S. v. Manzo, D.N.J.2003, 279 F.Supp.2d 558. Environmental Law ⬌ 445(1)

Claim that government failed to mitigate its damages did not relieve mine owners of liability under CERCLA for cost recovery, absent evidence of governmental misfeasance or delay. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1992, 812 F.Supp. 1528. Environmental Law ⬌ 446

**409.** National contingency plan, defenses

Potentially responsible party's (PRP) defense that government's response costs in cleaning up Superfund site were inconsistent with National Contingency Plan (NCP) was only defense to recoverability of particular response costs, but not to PRP's liability under CERCLA. U.S. v. Sensient Colors, Inc., D.N.J.2008, 580

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

F.Supp.2d 369. Environmental Law ⚷ 445(1); Environmental Law ⚷ 446

Inconsistency with national contingency plan (NCP) is defense only to recoverability of particular response costs, not defense to liability under CERCLA. E.P.A. By and Through U.S. v. TMG Enterprises, Inc., W.D.Ky.1997, 979 F.Supp. 1110. Environmental Law ⚷ 446; Environmental Law ⚷ 445(1)

Proper way to resolve claim that United States Coast Guard deviated from National Contingency Plan (NCP) in pre-CERCLA response to release of hazardous substances was as affirmative defense to scope of United States' recovery of costs under Comprehensive Environmental Response, Compensation, and Liability Act rather than as countersuit for contribution against Government. U.S. v. Skipper, E.D.N.C.1991, 781 F.Supp. 1106. Environmental Law ⚷ 447

410. Pesticide, defenses

CERCLA's pesticide exemption did not preclude imposition of CERCLA liability for farm owner's spraying of hazardous substance-containing pesticides in manner which caused off-site drift; even though pesticides were registered under FIFRA, owner had improperly applied them. U.S. v. Tropical Fruit, S.E., D.Puerto Rico 2000, 96 F.Supp.2d 71. Environmental Law ⚷ 440

411. Reasonableness of response, defenses

Arguments that individual response costs are unreasonable, excessive, duplicative, improper, and not cost-effective do not provide any defense in CERCLA cost recovery action, as National Contingency Plan (NCP) only requires government to evaluate cost-effectiveness of competing CERCLA remedies. U.S. v. Kramer, D.N.J.1995, 913 F.Supp. 848. Environmental Law ⚷ 446

All response costs not inconsistent with the national contingency plan are recoverable under CERCLA, and thus it is not a proper defense to such a recovery action to allege that such costs are "improper," "remote, speculative and contingent," or "unreasonable, duplicative and not cost-effective." U.S. v. Kramer, D.N.J.1991, 757 F.Supp. 397.

412. Recycling, defenses

Recycling provision of CERCLA exempting certain materials from definition of solid waste did not preclude imposition of arranger liability against manufacturer who arranged for disposal of its scrap steel with site owner who then eventually resold scrap for recycling by others. Cooper Industries, Inc. v. Agway, Inc., N.D.N.Y.1997, 987 F.Supp. 92. Environmental Law ⚷ 440

413. Regulatory compliance, defenses

Environmental Protection Agency's (EPA) apparent failure to comply with its internal procedures or policies regarding its interagency agreement for Bureau of Reclamation (BOR) to assist in cleanup oversight activities did

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

not create any cognizable rights in facility owner and did not dissolve owner's obligation under CERCLA and consent decree to pay all costs of oversight. U.S. v. Chromalloy American Corp., C.A.5 (Tex.) 1998, 158 F.3d 345, rehearing and suggestion for rehearing en banc denied 174 F.3d 200. Federal Civil Procedure ⬤⟐ 2397.5; Environmental Law ⬤⟐ 446

Municipalities' compliance with state and federal regulations for disposal of municipal solid waste was no defense to liability for proven disposition of hazardous substances in that waste. B.F. Goodrich Co. v. Murtha, D.Conn.1991, 754 F.Supp. 960, affirmed 958 F.2d 1192. Environmental Law ⬤⟐ 445(1)

 414. Res judicata, defenses

Doctrine of res judicata barred purchaser's suit against vendor under Comprehensive Environmental Response, Compensation, and Liability Act to recover response costs incurred in conducting remedial activities as result of polychlorinated biphenyl contamination released by vendor, where purchaser had previously brought action against vendor for fraud and misrepresentation in sale of building, and purchaser apparently possessed sufficient information to construct theory of recovery under Act in that action, even though purchaser did not attempt to recover damages under Act in first action. Aliff v. Joy Mfg. Co., C.A.4 (W.Va.) 1990, 914 F.2d 39. Judgment ⬤⟐ 713(2)

Natural resource damages claim of United States against mining companies under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) was not barred by res judicata; although State of Idaho entered into settlement agreement with mining companies for natural resource damages, and United States was consulted and was aware of settlement, State was not in privity with United States when it entered into settlement agreement because trusteeship was divided based on actual management and control. Coeur D'Alene Tribe v. Asarco Inc., D.Idaho 2003, 280 F.Supp.2d 1094, modified in part 471 F.Supp.2d 1063. Judgment ⬤⟐ 702

Petroleum company that was sued by railway companies under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), stemming from alleged contamination of companies' properties, demonstrated that present claim involved same causes of action as earlier claim involving same parties that was dismissed with prejudice via consent judgment, as required for res judicata to bar present claim; notwithstanding railway companies' contention that earlier claim involved contamination by "oil," and present action involved contamination by things "other than oil," railway companies alleged in earlier claim that petroleum company's predecessor in interest spilled "oil and other petroleum products" on properties at issue. Norfolk Southern Corp. v. Chevron U.S.A., Inc., M.D.Fla.2003, 279 F.Supp.2d 1250, reversed 371 F.3d 1285, rehearing and rehearing en banc denied 116 Fed.Appx. 255, 2004 WL 1800684. Judgment ⬤⟐ 585(2)

 415. Sovereign immunity, defenses

State's Eleventh Amendment immunity applied to bar homeowners' CERCLA claim against state officers for response costs for well contamination allegedly caused by hazardous substances emanating from prison, inasmuch as Congress lacked authority to abrogate state immunity in enacting CERCLA, regardless of whether CERCLA was enacted pursuant to Commerce Clause or to Congress' Article I spending power. Burnette v. Carothers,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

C.A.2 (Conn.) 1999, 192 F.3d 52, certiorari denied 121 S.Ct. 657, 531 U.S. 1052, 148 L.Ed.2d 560. Federal Courts ⟜ 265; Federal Courts ⟜ 269

CERCLA does not provide exemption from municipalities arranging for disposal of municipal solid waste that contains hazardous substances simply because the municipality undertakes that action in furtherance of its sovereign status. B.F. Goodrich Co. v. Murtha, C.A.2 (Conn.) 1992, 958 F.2d 1192. Environmental Law ⟜ 445(1)

State sovereignty did not exempt Washington State Department of Transportation (WSDOT) from CERCLA liability for discharge of hazardous substances into water-bodies near highway connector; even if WSDOT's operation of state highway system was a sovereign function of the state government which WSDOT performed non-negligently, CERCLA was a strict liability statute that applied to states and state agencies as well as private entities. U.S. v. Washington State Dept. of Transp., W.D.Wash.2010, 716 F.Supp.2d 1009. Environmental Law ⟜ 445(1); States ⟜ 191.9(4)

By signing consent decree governing remediation plan for radioactive waste site that it owned, Commonwealth of Kentucky did not waive its sovereign immunity against action under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA) by subcontractor for costs associated with remedial work it performed at site; subcontractor's responsibility for clean-up of site resulted exclusively from contract with supervising contractor and Commonwealth was not party to contract. D.L. Braughler Co., Inc. v. Kentucky, E.D.Ky.2003, 271 F.Supp.2d 937. Federal Courts ⟜ 266.1

Indiana did not waive Eleventh Amendment immunity in CERCLA suit brought by private plaintiff through statute giving authority to Commissioner of Indiana Department of Environmental Management (IDEM) to bring suits under CERCLA and Indiana's prior appearances in other CERCLA cases; nothing in statute indicated willingness on part of state to be sued in federal court in any CERCLA case. Ninth Ave. Remedial Group v. Allis-Chalmers Corp., N.D.Ind.1997, 962 F.Supp. 131. Federal Courts ⟜ 266.1

State did make general waiver of Eleventh Amendment immunity by bringing CERCLA suit in federal court. U.S. v. Iron Mountain Mines, Inc., E.D.Cal.1996, 952 F.Supp. 673. Federal Courts ⟜ 266.1

Counterclaims asserted against Commonwealth of Pennsylvania by potentially responsible parties (PRPs) under CERCLA, attempting to characterize Commonwealth as owner/operator of cleanup site, were barred by sovereign immunity; PRPs' challenge to costs incurred and actions undertaken pursuant to cleanup effort had to be made via challenge to their consistency with National Contingency Plan. U.S. v. American Color and Chemical Corp., M.D.Pa.1995, 885 F.Supp. 111. States ⟜ 191.9(1)

Congressional waiver of the states' Eleventh Amendment immunity contained in CERCLA applies when state otherwise qualifies as responsible party but is not a general waiver of the states' immunity. U.S. v. Azrael, D.Md.1991, 765 F.Supp. 1239. Federal Courts ⟜ 266.1

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

State cannot avail itself of Eleventh Amendment sovereign immunity defense when sued to recover cleanup costs under Comprehensive Environmental Response, Compensation and Liability Act, and therefore may be held liable for costs of cleanup of environmental hazard caused or contributed to by the state. Rodenbeck v. State of Ind., Leaking Underground Storage Tank Div. of Dept. of Environmental Management, N.D.Ind.1990, 742 F.Supp. 1442. Federal Courts ☞ 265

State was entitled to Eleventh Amendment immunity from property owner's suit against it in federal court for indemnification and contribution, even assuming that state became "operator" of hazardous waste site when it declared site a "crime scene," so as to subject state to suit under CERCLA for reimbursement of cleanup costs; state could not be considered to have voluntarily waived its immunity to federal suit when it took what it believed to be necessary police action in declaring property a "crime scene." U.S. v. Freeman, W.D.N.Y.1988, 680 F.Supp. 73.

Mere fact that city may have been acting in sovereign capacity in order to provide transportation for its citizens when it entered into arrangement with railroad to upgrade railroad's service did not entitle city to sovereign immunity from claim for response costs asserted against it as an alleged owner or operator of railroad cars from which contaminants leaked to ground. Reading Co. v. City of Philadelphia, E.D.Pa.1993, 155 B.R. 890. Municipal Corporations ☞ 723

Waiver of Small Business Administration's (SBA's) sovereign immunity effected by "sue and be sued" statute was not impliedly restricted by absence of provision waiving sovereign immunity from environmental liability in CERCLA, Resource Conversation and Recovery Act (RCRA), and Clean Water Act (CWA). Aces & Eights Realty, LLC. v. Hartman, W.D.N.Y.2002, 2002 WL 31663515, Unreported. United States ☞ 53(14)

    416. Statute of limitations, defenses

Comprehensive Environmental Resources, Compensation and Liability Act (CERCLA) provision, tolling the state tort statute of limitations until the plaintiff knew or should have known of both her injury and its cause, did not apply to negligence and conspiracy claims, under Mississippi law, asserted against owner of wood treatment plan, alleging that plant released environmental contamination that caused breast cancer, where plaintiff failed to offer evidence or explanation as to how the plant's emissions give rise to CERCLA coverage through the statutory terms used in the CERCLA tolling provision. Barnes ex rel. Estate of Barnes v. Koppers, Inc., C.A.5 (Miss.) 2008, 534 F.3d 357. Limitation Of Actions ☞ 95(5)

CERCLA cost recovery action has three-year or six-year statute of limitations, depending on type of action, but CERCLA contribution action has only a three-year statute of limitations which begins running from time of judgment. Catellus Development Corp. v. L.D. McFarland Co., D.Or.1995, 910 F.Supp. 1509. Contribution ☞ 9(3); Environmental Law ☞ 670; Limitation Of Actions ☞ 49(6)

Defendants in litigation under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) did not waive affirmative defenses of statute of limitations and laches, even though they failed to file answer to first amended complaint; defendants were not required to file answer to first amended complaint,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

and even if they were, court had discretion to permit amendment of the pleading. Stanley Works v. Snydergeneral Corp., E.D.Cal.1990, 781 F.Supp. 659. Federal Civil Procedure ☞ 755


### 417. Storage, defenses

Storage exception to CERCLA liability for hazardous materials merely stored rather than disposed of did not apply to manufacturer who paid site owner to remove scrap steel permanently from manufacturer's property, even if site owner stockpiled scrap at site and eventually resold it for recycling by other manufacturers. Cooper Industries, Inc. v. Agway, Inc., N.D.N.Y.1997, 987 F.Supp. 92. Environmental Law ☞ 441


### 418. Tax, defenses

Manufacturers of tetrachloroethylene (PCE) were not absolved from potential liability under Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), by virtue of paying environmental tax under Superfund Law. City of Merced v. Fields, E.D.Cal.1998, 997 F.Supp. 1326. Environmental Law ☞ 445(1)


### 419. Useful product, defenses

Dry cleaner's allegations that dry cleaning machine manufacturer designed and sold equipment that created a hazardous waste were insufficient to plead an arrangement to dispose of hazardous substances, as required to overcome manufacturer's useful product defense in cleaner's action alleging violations of the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA); transaction between parties only involved the sale, which did not create or involve hazardous substances directly, and manufacturer did not arrange for cleaner's disposal of any such substances. Team Enterprises, LLC v. Western Inv. Real Estate Trust, E.D.Cal.2010, 721 F.Supp.2d 898, affirmed 2011 WL 3100338. Environmental Law ☞ 445(1)


"Useful product" defense providing that CERCLA liability may not attach if transaction involves sale of new useful product containing hazardous substance, did not preclude imposition of CERCLA liability against manufacturer regardless of fact that its scrap steel might have been reclaimed or recycled after resale by site operator, where manufacturer contracted with site operator merely to get rid of steel scrap. Cooper Industries, Inc. v. Agway, Inc., N.D.N.Y.1997, 987 F.Supp. 92. Environmental Law ☞ 445(1)


Batteries sold to battery recycling facility were not to be used for their originally intended purpose, but rather for reclaiming of lead within batteries, and thus sales did not fall within "useful product" defense to CERCLA liability for arrangement for disposal or treatment of hazardous substance. Gould Inc. v. A & M Battery & Tire Service, M.D.Pa.1996, 933 F.Supp. 431. Environmental Law ☞ 445(1)


Defense to CERCLA liability for "sale of a useful product" does not apply if purpose of sale is to get rid of or treat waste or a by-product. State of Cal. on Behalf of State Dept. of Toxic Substances v. Summer Del Caribe, Inc., N.D.Cal.1993, 821 F.Supp. 574, 125 A.L.R. Fed. 729. Environmental Law ☞ 445(1)


42 U.S.C.A. § 9607, 42 USCA § 9607

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Case 2:10-md-02179-CJB-DPC   Document 4477-40   Filed 11/03/11   Page 351 of 351

Current through P.L. 112-28 approved 8-12-11

Westlaw. (C) 2011 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT