# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

J. Andrew Langan
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

July 27, 2011

**Via E-mail**

Warren Anthony Fitch
Bingham McMutchen LLP
2020 K Street NW
Washington, DC
20006

Re:     Anadarko's Position Regarding Scope of Dennis Sustala's July 29, 2011
Deposition as a 30(b)(6) designee for Topic 7

Dear Tony:

I write in response to your July 21, 2011 letter regarding Anadarko's position on the scope of 30(b)(6) Topic No. 7, and I am copying the other parties so that BP's position is clearly understood in advance of the deposition. We believe that the focus of Topic No. 7 is regulatory in nature; to the extent your letter seeks to expand this topic beyond that narrow focus, BP believes that effort is both untimely and improper.

First, Topic 7 is regulatory in nature:

The background, basis (or bases), intent, preparation, drafting, submission and approval of BP's Application for Permit to Modify the temporary abandonment procedure on or around April 16, 2010, including the deviations, if any, between that procedure and the procedure(s) described in (a) the April 12, 2010 Drilling Plan, (b) the April 14, 2010 Morel "Forward Ops" E-Mail, or (c) the April 20, 2010 "Ops Note".

Your letter seeks to expand the scope of Topic 7 to encompass, among other things, the engineering and risk management rationale for the temporary abandonment procedures, not to mention the implementation of those procedures. Your letter also suggests that the negative test procedures as performed should now be included within Topic 7, an expansion far beyond any fair reading of the text, which, on its face, relates only to the April 16, 2010 Application for Permit to Modify and any deviations in the procedures described in the three other documents.

Second, multiple BP 30(b)(6) witnesses have already testified regarding the very topics for which you now seek to expand the scope of Topic 7. With respect to the engineering and risk

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

Exhibit 12

# KIRKLAND & ELLIS LLP

Warren Anthony Fitch
July 27, 2011
Page 2

management rationales for the temporary abandonment procedures, Jim Cowie (Topics 6, 8, 14, 18) and Ian Little (17) have already testified with respect to: "the decision not to displace seawater and set the cement plug at approximately 3,300' below the mud line" (Topic 6); "the estimated... time and/or cost savings realized by" various decisions related to the temporary abandonment procedures, both as drafted and implemented (Topic 8); "BP's evaluations of... and or reservoir engineering and/or temporary abandonment plan (and all changes or amendments thereto) for the Macondo Well in response to well control events" (Topic 14); "the determination of the well design for the Macondo Well," insofar as it relates to topics including the "temporary abandonment procedure" (Topic 17); and, "analysis or evaluation of risks associated with design and operational decisions... concerning operations and activities... at the Macondo Well during the period from February 1 through April 20, 2010, *including but not limited to...*" the risk register or risk assessment tool (Topic 18).[1]

Additionally, as your letter acknowledges, BP has produced many fact witnesses and voluminous documents that have addressed the engineering and implementation aspects of the temporary abandonment procedures which you now seek to include in Topic 7. These witnesses include: Ian Little, Jim Cowie, Lee Lambert, John Guide, Greg Walz, Brett Cocales, and Jon Sprague. BP is also producing as a fact witness the person within the regulatory group who actually submitted the APM to the MMS, Heather Powell (whose deposition has been tentatively scheduled for October 20).

Third, this request to expand Topic 7 is not timely. The 30(b)(6) topics were the subject of discussion, negotiation, and ultimately agreement between the Plaintiffs Liaison Counsel, Defense Liaison Counsel, Counsel for the States, and Coordinating Counsel for the U.S. In fact, Topic No. 7 appeared in its present form on the Plaintiffs' initial proposed list of 30(b)(6) topics on February 16. Anadarko participated in this process and did not seek to alter the scope of Topic No. 7 during the several weeks of negotiations on the scope of the BP 30(b)(6) topics, nor did Anadarko object to the scope of this topic at any time during the several months since the topics were finalized and approved by the court. It is far too late for Anadarko to seek to change the scope of Topic No. 7.

Although Magistrate Judge Shushan did recently suggest that a party could reach out to another party in advance of a 30(b)(6) deposition if "you definitely believe that an area of questioning that is important to you is encompassed within that area of testimony," she certainly did not sanction attempts to expand and re-write the topics that have been in place for four

---

[1] *See* The BP Parties' Fourth Amended Responses and Objections to Plaintiffs' Agreed 30(b)(6) Deposition Notice with 30(b)(5) Document Requests, served May 11, 2011.

# KIRKLAND & ELLIS LLP

Warren Anthony Fitch
July 27, 2011
Page 3

months.[2] Nor did she invite a four-page letter setting out an extensive laundry list of items that do not fall within the scope of the original one-sentence 30(b)(6) topic.  Indeed, it is one thing to have a good faith dispute regarding whether the "suitability... of the BOP" encompasses regulatory compliance (the issue that prompted the discussion before Magistrate Judge Shushan on July 15); it is another matter altogether to expand the subject matter's scope well beyond the fair reading of this unambiguous and narrow topic.

Further, your letter purports to provide "a list of sources Anadarko believes the designee should be familiar with in order properly [sic] to be prepared to testify concerning this topic as a corporate representative under Fed. R. Civ. P. 30(b)(6)."  This is not how the 30(b)(6) process works.  It is no more proper for Anadarko to dictate the source material for which BP speaks through its 30(b)(6) witness than it would be for BP to provide Anadarko a list of questions that you should ask said witness.

Finally, it appears that the main thrust of your letter is not so much intended to further Anadarko's defenses in the MDL as it is to attack BP, which is beyond the scope permitted by Judge Barbier's July 15, 2011 Order granting BP's Motion to Stay Proceedings Between BP and Anadarko and Magistrate Judge Shushan's May 13 Order granting Anadarko's Motion To Compel From BP. BP reserves its rights with respect to this issue.

We are proffering Dennis Sustala as a 30(b)(6) witness to testify with respect to the regulatory-focused Topic 7, and we will oppose any effort by Anadarko or any other party at this late stage to seek additional, cumulative testimony regarding other subject matters.

Sincerely,

*Andrew Langan*

J. Andrew Langan, P.C.

cc:    Plaintiffs Liaison Counsel
       Defense Liaison Counsel
       Mike Underhill

---

[2] *See* July 15, 2011 Transcript of Discovery Conference Before Magistrate Judge Shushan.

# KIRKLAND & ELLIS LLP

Warren Anthony Fitch
July 27, 2011
Page 4

> Hon. Attorney General Luther Strange
> Cory Maze
> Donald E. Godwin
> James P. Roy
> Stephen J. Herman
> Robert Cunningham