July 28, 2011


J. Andrew Langan
andrew.langan@kirkland.com
300 North LaSalle Street
Chicago, Illinois 60654

        Re:  <u>In re: Deepwater Horizon</u>
             **MDL No. 2179**

Dear Andy:

Thank you for including us in your response to Tony regarding tomorrow's 30(b)(6) deposition on Topic No. 7. Although we do not have the benefit of Tony's letter and understanding, we disagree with your interpretation of Topic No. 7's scope.

Topic No. 7 explicitly includes the "background, basis (or bases), intent, preparation . . ." of the temporary abandonment procedure and BP's application to the MMS. Indeed, the topic further relates BP's application to the MMS with the other plans on April 12th, 14th, and 20th. Accordingly, we believe questions regarding all of the temporary abandonment procedures between April 12, 2010 and April 20, 2010, are within the scope as it would be directly relevant to the background, basis, and certainly BP's intent in modifying its application with the MMS on April 16, 2010. Likewise questions regarding BP's risk assessment and safety process would directly pertain to the background, basis, intent, and preparation of BP's temporary abandonment plan and its application to the MMS. We believe the designated corporate representative should be able to respond to BP's own risk assessment and safety analysis pertaining to the entirety of topic No. 7. Safety and risk considerations should be a major part of the "background, basis (or bases), intent, preparation" etc. of BP's temporary abandonment plan and we plan to question the deponent accordingly.

Curiously, you seem to object to questions regarding the negative pressure test, even though such a test should be a part of a deepwater drilling temporary abandonment procedure and, therefore, would be important as background and planning questions on an application to modify the same. This is especially true in light of the fact that such a procedure does not seem to automatically be a part of BP's policies and procedures for temporary abandonment and would be proper to ask to the designated corporate representative.

We do not agree with your timeliness and expansion objections and believe each of these lines of questions fall within the proper scope of Topic No. 7.

Exhibit 13

If you object to our interpretation, please let us know today so that we can consult the Court on this important matter. I look forward to hearing from you.

Very truly yours,

Jeffrey A. Breit

cc: Hon. Sally Shsushan
    W. Anthony Fitch, Esq.
    Defense Liaison Counsel