UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION: J |
| | * | |
| This Document Relates to: | * | JUDGE BARBIER |
| Case No. 2:10-CV-02771 | * | |
| | * | MAGISTRATE SHUSHAN |
| | * | |
| *   *   *   *   *   *   *   *   *   *   *   * | | |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## MOEX OFFSHORE 2007 LLC'S MOTION TO
## DISMISS DRIL-QUIP, INC.'S CROSS-CLAIMS

John F. Pritchard
Edward Flanders
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

Christopher McNevin
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................ 1

II. THE COURT'S B1 ORDER PRECLUDES DRIL-QUIP'S
CROSS-CLAIM FOR CONTRIBUTION UNDER
MARITIME LAW ............................................................................................................... 1

III. DRIL-QUIP'S CONTRIBUTION CROSS-CLAIM ALSO
FAILS AS A GENERAL MATTER .................................................................................. 4

IV. THE B1 ORDER PRECLUDES DRIL-QUIP'S
CONTRIBUTION CLAIM UNDER OPA, WHICH WOULD
BE GOVERNED BY PRINCIPLES OF PROPORTIONATE
FAULT ................................................................................................................................. 5

CONCLUSION .................................................................................................................................. 7

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ................................................................................................. 2

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..................................................................................................... 2

*Cape Flattery Ltd. v. Titan Maritime LLC*,
    607 F. Supp. 2d 1179 (D. Hawaii 2009) ...................................................................... 5

*Key v. Wise*,
    629 F.2d 1049 (5th Cir. 1980) ..................................................................................... 3

*Loumar v. Smith*,
    698 F.2d 759 (5th Cir.1983) ........................................................................................ 4

*Marathon Pipeline Co. v. LaRoche Indus., Inc.*,
    944 F. Supp. 476 (E.D. La. 1996) ................................................................................ 5

*Posavina Shipping co. v. Alex C Corp.*,
    2010 WL 4292328 (D. Mass. Nov. 1, 2010) ............................................................... 5

*United States v. U.S. Smelting, Refining & Mining Co.*,
    339 U.S. 186 (1950) ..................................................................................................... 3

*United States v. Mendez*,
    102 F.3d 126 (5th Cir. 1996) ....................................................................................... 3

*United States v. Reliable Transfer Co.*,
    421 U.S. 397 (1975) ..................................................................................................... 6

## RULES AND STATUTES

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1

MOEX Offshore 2007 LLC ("Offshore") respectfully submits this reply memorandum in further support of its motion to dismiss the cross-claim of third-party defendant Dril-Quip, Inc. ("Dril-Quip") pursuant to Fed. R. Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted.[1]

## I.  INTRODUCTION

Consisting of barely one page of text, Dril-Quip's Response in Opposition to Offshore's Motion to Dismiss its Cross-Claims (Dkt. #4308; "Opp.") seems to recognize that the Court's August 26, 2011 Order and Reasons as to Motions to Dismiss the B1 Master Complaint (Dkt. # 3830) ("B1 Order") forecloses Dril-Quip's cross-claim for contribution from Offshore.

The allegations against Offshore in Dril-Quip's Cross-Claims focus on Offshore's contractual access to certain information regarding the Macondo Well.  *See* Dkt. #2467 at ¶¶34-35.  As set forth below, the B1 Order squarely rejected that argument as a basis for liability against Offshore.  Moreover, Dril-Quip's opposition fails to respond substantively to Offshore's other arguments in favor of dismissal.  Therefore, based on both the B1 Order and the arguments in Offshore's opening memorandum, Dril-Quip's Cross-Claim against Offshore must be dismissed.

## II.  THE COURT'S B1 ORDER PRECLUDES DRIL-QUIP'S CROSS-CLAIM FOR CONTRIBUTION UNDER MARITIME LAW

In the B1 Order, the Court found that "BP was solely responsible for the drilling operations" under the Operating Agreement, and also that any access to information that Offshore "may have had did not give rise to a duty to intercede in an independent contractor's operations," especially because there was no allegation that Offshore had

---

[1] Unless otherwise noted, the abbreviations and citation forms adopted in Offshore's Opening Memorandum (Dkt #2888-1) are continued herein.

access to any information not already available to BP and Transocean personnel either onshore or on the rig.  B1 Order at 28.

Discussing plaintiffs' "attempt to avoid dismissal by suggesting that they do not argue for vicarious liability of the Non-Operating Defendants, but rather that Anadarko and MOEX were directly negligent," the Court further concluded that "adding a 'direct-duty' label to their claims does not add merit to them."  *Id.* at 28-29.  Accordingly, the Court ruled that there can be no "plausible general maritime negligence claim" against Offshore (*id.* at 29), and held that "[a]ll general maritime negligence claims against … MOEX are dismissed, as Plaintiffs have failed to state a plausible claim against the Non-Operating lessees/Defendants" (*id.* at 39).

The B1 Order is fatal to Dril-Quip's cross-claim for contribution under general maritime law.  In fact, Dril-Quip has acknowledged that such a claim is not viable unless the Court "revisit[s] its ruling on the negligence of the Anadarko and Moex [sic] parties."  Opp. at 2.  However, Dril-Quip urges that Offshore's motion to dismiss its cross-claim should nonetheless be denied because the Court could reconsider its B1 Order or "another basis for concurrent liability of these parties with Dril-Quip and other defendants [could] emerge."  *Id.*

It is the pleader's burden to state a plausible claim for relief.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that a complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss).  It is insufficient for a party to speculate that the Court

2

might "revisit its ruling" on a dispositive issue,[2] or to conjecture that "another basis for concurrent liability" might "emerge" without saying what that basis would be.

The Dril-Quip Cross-Claim is based squarely on Offshore's "rights to information regarding the Macondo well" (Dkt. #2467 at ¶35), and thus is precluded by the Court's prior holding that Offshore's access to information "did not give rise to a duty to intercede in an independent contractor's operations." B1 Order at 28.  Having already decided in the B1 Order that the maritime negligence claims against Offshore must be dismissed, this Court should apply the "law of the case" doctrine and reach the same conclusion here with regard to Dril-Quip's sole cross-claim, against Offshore and seeks contribution.

The rule of law of the case is "based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter." *United States of America and Interstate Commerce Commission v. United States Smelting, Refining & Mining Co.*, 339 U.S. 186, 198 (1950); *see also United States v. Mendez*, 102 F.3d 126, 131 (5th Cir. 1996) ("The doctrine of the law of the case 'expresses the practice of courts generally to refuse to reopen what has been decided'" and "creates a strong presumption of finality within the case"); *Key v. Wise*, 629 F.2d 1049, 1054 (5th Cir. 1980) (noting that the law of the case rule is "predicated on the premise that ... it would be impossible for [a] … court 'to perform its duties satisfactorily and efficiently' and expeditiously 'if a question, once considered and decided by it were to be litigated anew in the same case'").  Thus, a court "will follow a ruling previously made unless the prior ruling was erroneous, is no

---

[2] In fact, the Court did revisit its ruling on the B1 Complaint.  Deciding numerous motions to dismiss the Bundle B3 Master Complaint, this Court <u>adhered to</u> its B1 Order and dismissed the entirety of the B3 Complaint as against Offshore based on the same reasoning.  *See* Doc. 4159 at 6, 23.

3

longer sound, or would work an injustice." *Loumar v. Smith*, 698 F.2d 759, 762 (5th Cir.1983).

None of those limited circumstances applies here. The Court's ruling that "access to information" did not create a tort duty for non-operating investors was correct when issued as to the B1 Bundle; it was subsequently reaffirmed by the Court in the B3 Order; and it is eminently just because it does not impose on pure investors undefined, unreasonable and unmanageable duties to interfere with their independent contractors' operations. Thus, the Court should apply the B1 Order and dismiss Dril-Quip's cross-claim for contribution against Offshore.

### III. DRIL-QUIP'S CONTRIBUTION CROSS-CLAIM ALSO FAILS AS A GENERAL MATTER

Aside from pointing out that the B1 Order did not dismiss OPA claims against Offshore, Dril-Quip's opposition fails to address the legal merits of its Cross-Claim for contribution. In fact, Dril-Quip does not respond to any of the arguments raised in Offshore's motion to dismiss. For example, Dril-Quip has not contested Offshore's argument that Dril-Quip's conclusory allegations of entitlement to contribution failed to meet the applicable federal pleading standard (Dkt. #2888-1 at 4-5). Also, Offshore's argument that Dril-Quip cannot recover on its contribution cross-claim because it does not plausibly allege fault on the part of Offshore (*id.* at 5-8) now applies with even greater force in light of the B1 Order, which rejected the notion that Offshore's status as a 10% investor and/or access to information regarding the Macondo Well rose to the level of operational control or otherwise created a tort duty. *See* B1 Order at 28-29.

In light of Dril-Quip's inability to advance plausible allegations of fault against Offshore, its Cross-Claim for contribution must be dismissed as against Offshore.

4

## IV. THE B1 ORDER PRECLUDES DRIL-QUIP'S CONTRIBUTION CLAIM UNDER OPA, WHICH WOULD BE GOVERNED BY PRINCIPLES OF PROPORTIONATE FAULT

The Court should reject Dril-Quip's argument that, notwithstanding the B1 Order, it should be permitted to maintain a claim for contribution under OPA (*see* Opp. at 1-2). OPA authorizes contribution claims against other parties liable under OPA or liable "under another law." See 33 U.S.C. §2709 ("A person may bring a civil action for contribution against any other person who is liable or potentially liable under this Act or another law."). Beyond identifying who may be sued, however, Section 2709 is not specific as to how liability should be apportioned among responsible and potentially responsible parties in contribution actions.

Courts addressing the issue have concluded that in an OPA contribution action, liability must be allocated in proportion to the parties' percentage of fault. *See Posavina Shipping Co. v. Alex C Corp.*, 2010 WL 4292328, at *15 (D. Mass.) (allocating damages in an OPA contribution case in proportion to fault); *see also Cape Flattery Ltd. v. Titan Maritime LLC*, 607 F. Supp. 2d 1179, 1188-89 (D. Hi. 2009) (suggesting OPA contribution claims would be calculated by proportion of fault); *Marathon Pipeline Co. v. LaRoche Industries Inc.*, 944 F. Supp. 476, 479 (E.D. La. 1996) (same). A leading treatise on maritime law likewise concludes that, "under OPA . . the responsible party . . . will be able to recover over against third parties . . . through contribution according to principles of comparative fault." Schoenbaum, Admiralty and Maritime Law § 18-2 n.26 (2004).

As these courts and scholars have recognized, OPA incorporates the rule that "principles of comparative fault" are used in allocating damages in maritime cases.

5

Schoenbaum, supra § 5-18. It was well-understood at the time that Congress adopted OPA that, in any maritime contribution case, liability would be allocated in proportion to degree of fault. *See U.S. v. Reliable Transfer Co.*, 421 U.S. 397, 411 (1975) (recognizing that comparative liability must be basis for allocating damages in maritime cases). Congress expressly adopted this background rule, providing in OPA that "Except as otherwise provided in this Act, [OPA] does not affect . . . admiralty or maritime law…." 33 U.S.C. § 2751.

This Court has already held that general maritime law governs this case, and that maritime law fills gaps in the statutory regime where OPA is silent. *See* B1 Order at 26 (holding that because OPA is silent with respect to claims against non-responsible parties, maritime law provides a remedy). Accordingly, like other courts addressing this issue, this Court should fill OPA's silence with respect to apportionment of liability among defendants with the established maritime law rule of comparative fault.

When the Court uses proportionate fault principles to determine liability for OPA contribution claims, the Cross-Claims for contribution under OPA must necessarily fail against Offshore in light of the Court's holding in the B1 Order that Offshore, as a non-operating party, had no operational control or negligence liability. Because it cannot plausibly be shown that Offshore was at fault, any OPA contribution claims against it should be dismissed with prejudice.

## CONCLUSION

For the reasons stated herein and in Offshore's Opening Memorandum, Dril-Quip's Cross-Claim must be dismissed in its entirety as against Offshore.

Dated: November 7, 2011

        Respectfully submitted,

        s/ John F. Pritchard
        John F. Pritchard
        Edward Flanders
        PILLSBURY WINTHROP SHAW PITTMAN LLP
        1540 Broadway
        New York, NY 10036-4039
        Tel. (212) 858-1000
        Fax (212) 858-1500
        john.pritchard@pillsburylaw.com
        edward.flanders@pillsburylaw.com

        Christopher McNevin
        PILLSBURY WINTHROP SHAW PITTMAN LLP
        725 South Figueroa Street, Suite 2800
        Los Angeles, CA 90017-5406
        Telephone (213) 488-7507
        Fax (213) 629-1033
        chrismcnevin@pillsburylaw.com

        **ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 7, 2011.

                                                  s/ John F. Pritchard
                                                    John F. Pritchard