UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
| **Case No. 2:10-CV-02771** | * | |
| | * | **MAGISTRATE SHUSHAN** |
| | * | |
| *   *   *   *   *   *   *   *   *   *   *   * | | |

REPLY MEMORANDUM OF
MOEX USA CORPORATION IN SUPPORT OF ITS MOTION TO DISMISS
DRIL-QUIP, INC.'S CROSS-CLAIM

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

## TABLE OF CONTENTS

Page

ARGUMENT ..................................................................................................................................1
DRIL-QUIP'S CROSS-CLAIM FAILS TO STATE A CLAIM
AGAINST MOEX USA ..................................................................................................................1
CONCLUSION ................................................................................................................................3

# TABLE OF AUTHORITIES

## CASES

*Dadgostar v. St. Croix Fin. Center, Inc.*,
    2011 WL 4383424 (D. V.I. Sept. 20, 2011) ...................................................................1

## RULES AND STATUTES

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1

MOEX USA Corporation ("MOEX USA") respectfully submits this reply memorandum in further support of its motion to dismiss the cross-claim (Dkt. #2467; "Cross-Claim") of third-party defendant Dril-Quip, Inc. ("Dril-Quip") pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.[1]

## ARGUMENT

## DRIL-QUIP'S CROSS-CLAIM FAILS TO STATE A CLAIM AGAINST MOEX USA

As pointed out in MOEX USA's Opening Memorandum (Dkt. #2892-1), Dril-Quip's Cross-Claim does not include any specific allegations of fault, contractual liability or statutory liability against MOEX USA. Instead, the Cross-Claim alleges <u>only</u> that "[t]he Plaintiffs/Claimants purportedly named Moex USA as a party because it serves as part of the corporate construct through which Moeco [an apparent reference to MOEX USA's parent company] owns, dominates, controls and benefits from the activities of MOEX Offshore." Cross-Claim ¶36.

As MOEX USA argued, such a general, conclusory allegation does not suffice, under federal pleading standards, to support a claim against a parent corporation for its subsidiary's alleged obligations. Dkt. #2892-1 at 1-2 and cases cited; *accord Dadgostar v. St. Croix Fin. Center, Inc.,* 2011 WL 4383424, *12-13 & n.13 (D. V.I. Sept. 20, 2011) (dismissing conclusory allegations of veil-piercing). Rather than attempting to supplement the allegations of its Cross-Claim, in its Response in Opposition to MOEX USA's Motion to Dismiss its Cross-Claims ("Opp."), Dril-Quip <u>says nothing about MOEX USA</u> and fails to respond to any of the arguments raised in MOEX USA's

---

[1] Unless otherwise noted, the abbreviations and citation forms adopted in MOEX USA's Opening Memorandum (Dkt. #2892-1), are continued herein.

Opening Memorandum. Dril-Quip's Cross-Claim against MOEX USA must therefore be dismissed.

In addition, Dril-Quip's underlying contribution allegations – even if they applied to MOEX USA – are insufficient and must be dismissed. MOEX USA hereby adopts and incorporates the arguments in the Reply Memorandum in Support of MOEX Offshore 2007 LLC's Motion to Dismiss Third-Party Defendant Dril-Quip, Inc.'s Cross-Claims, filed contemporaneously herewith. As set forth in that Memorandum with respect to Offshore, (i) the Court's Order as to Motions to Dismiss the B1 Master Complaint (Dkt. #3830) ("B1 Order") precludes Dril-Quip's Cross-Claim because the Court has determined that Offshore was not negligent, owed no duties, and lacked operational control over the Macondo Well or the *Deepwater Horizon*; (ii) Dril-Quip's opposition fails to respond meaningfully to Offshore's substantive arguments in favor of dismissal; (iii) Dril-Quip's conclusory allegations are insufficient to state a claim for contribution; and (iv) Dril-Quip cannot plausibly allege fault on the part of Offshore.

The same points hold true for MOEX USA, with even greater force. MOEX USA was not a party to the Operating Agreement, and being "part of [a] corporate construct" (Cross-Claim ¶36), without more, is insufficient to support a claim for veil-piercing. Accordingly, Dril-Quip's Cross-Claim must be dismissed as against MOEX USA for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the foregoing reasons, Dril-Quip's cross-claim against MOEX USA should be dismissed.

Dated:  November 7, 2011

        Respectfully submitted,

        <u>s/ Jack McKay</u>
        Jack McKay
        jack.mckay@pillsburylaw.com
        PILLSBURY WINTHROP SHAW PITTMAN LLP
        2300 N Street, N.W.
        Washington, D.C. 20037-1122
        Telephone (202) 663-8439
        Facsimile (202) 663-8007

        **COUNSEL FOR MOEX USA CORPORATION**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 7, 2011.

s/ Jack McKay<br>
Jack McKay