**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | **MDL No. 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | **JUDGE BARBIER** |
| **All Cases and Cause No. 2:10-CV-02771** | * | |
| | * | **MAGISTRATE NO. 1** |
| | * | |
| | * | **MAGISTRATE SHUSHAN** |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**REPLY MEMORANDUM IN SUPPORT OF MOEX USA CORPORATION'S
MOTION  TO DISMISS FIRST AMENDED CROSS-CLAIMS OF DEFENDANT
HALLIBURTON ENERGY SERVICES INC.**

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

ARGUMENT ................................................................................................................................. 1

HALLIBURTON'S CROSS-CLAIMS SHOULD BE DISMISSED
BECAUSE THEY FAIL TO STATE A CLAIM AGAINST MOEX USA .................................. 1

CONCLUSION ............................................................................................................................. 4

## <u>TABLE OF AUTHORITIES</u>

### CASES

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009) ..........................................................................................................1

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................................................................1

*Court-Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd,*
    2011 WL 1232986 (S.D. Fla. Mar. 31, 2011) ...............................................................1, 2

*Dadgostar v. St.Croix Fin. Center, Inc.,*
    2011 WL 4383424 (D. V.I. Sept. 20, 2011) ......................................................................1

### STATUTES

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1

MOEX USA Corporation ("MOEX USA") respectfully submits this reply memorandum in further support of its motion to dismiss the cross-claims (Dkt. #445 in Case No. 10-2771; "Cross-Claims") of defendant Halliburton Energy Services, Inc. ("Halliburton") pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## ARGUMENT

### HALLIBURTON'S CROSS-CLAIMS SHOULD BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM AGAINST MOEX USA

Halliburton's  Cross-Claims do not include any specific allegations of tortuous conduct, statutory liability or contractual liability against MOEX USA.  The Cross-Claims also do not allege that MOEX USA's corporate veil should be pierced.

Although Halliburton now asserts that MOEX USA's corporate veil should be pierced (Opp. at 17-18), any veil-piercing allegations must meet the standards of *Iqbal* and *Twombly*.[2]  Here, the Cross-Claims indicate that MOEX USA is a separate company from its subsidiary, MOEX Offshore 2007 LLC ("Offshore").  *Compare* Dkt. #445 at ¶13 (alleging that Offshore is a Delaware corporation) *with id.* at ¶14 (alleging that MOEX USA is a Delaware corporation and that "MOEX USA is the parent company of MOEX USA Offshore 2007 LLC").

Moreover, Halliburton's Opposition to MOEX USA's Motion to Dismiss its First Amended Cross-Claims (Dkt. #4310; "Opp.") does not attempt to supplement the Cross-Claims' factual allegations against MOEX USA.  Rather, it states that MOEX USA is

---

[1]   Unless otherwise noted, the abbreviations and citation forms adopted in MOEX USA's Opening Memorandum (Dkt. #2882-1) are continued herein

[2]   *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *Dadgostar v. St.Croix Fin. Center, Inc.,* 2011 WL 4383424, *12-13 & n.13 (D. V.I. Sept. 20, 2011) (dismissing conclusory allegations of veil-piercing); *Court-Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd,* 2011 WL 1232986, *6-7 (S.D. Fla. Mar. 31, 2011) (applying *Iqbal* and *Twombly* to veil-piercing allegations and dismissing complaint against parent corporation).

Offshore's parent company (*id.* at 2-3) and that "<u>MOECO</u> [Mitsui Oil Exploration Co., Ltd.] is the corporate parent and alter ego of MOEX Offshore and is vicariously liable for the conduct of its subsidiary" (*id.* at 17).  There is no <u>factual</u> allegation in either the Cross-Claims or the Opposition of alter ego liability, vicarious liability, or any other kind of liability against MOEX USA.

Alleging liability against MOECO is not the same as alleging liability against its subsidiary, MOEX USA.  Alleging liability against Offshore is not the same as alleging liability against its parent, MOEX USA.  To state a claim <u>against MOEX USA</u>, the Cross-Claims must allege some plausible and legally valid ground for imposing liability <u>upon MOEX USA</u>, either directly or by imputation.  Halliburton fails utterly to do so. Because Halliburton has not even bothered to articulate any ground for suing MOEX USA, its Cross-Claims against MOEX USA must be dismissed.

With respect to the merits of the points that Halliburton does argue, MOEX USA adopts herein and incorporates the arguments in the Reply Memorandum of Offshore, filed contemporaneously herewith.  As set forth in that Memorandum, (i) the Cross-Claims are precluded by the Court's Order as to Motions to Dismiss the B1 Master Complaint (Dkt. # 3830) ("B1 Order") because the Court has already determined that Offshore cannot be held liable for negligence because it lacked operational control and owed no duties; (ii) without operational control, Offshore had no capacity to authorize unsafe practices; (iii) Offshore cannot be held liable for "hiring" BP, the 65% owner of the lease, as the Operator; and (iv) the Cross-Claims afford no basis for imposing vicarious liability on Offshore for BP's actions and omissions.

What is true for Offshore is true with greater force for MOEX USA.  In particular, Halliburton's Opposition is based almost entirely on the assertion that liability should be imposed on "MOEX" as a party to the Operating Agreement (Dkt. #1414-2).  *See* Opp. at 5-6, 7-8, 11-13, 15-17.  While Offshore has shown independently that the Operating Agreement establishes its *lack of* control over the project, it bears emphasis that <u>MOEX USA was not a party to the Operating Agreement at all</u>.  That is easily determined as a matter of law:  the Operating Agreement lists Offshore as a party; it does not list MOEX USA; and it contains an integration clause stating clearly that it "contains the final and entire agreement of the Parties for the matters covered by this Agreement" and "may not be modified or changed except by written amendment signed by the Parties."  Dkt. #1414-2 at 1 (Preamble) & Art. 26.5.5.  Neither Halliburton nor anyone else has pleaded the existence of any agreement or amendment that would have made MOEX USA a party to the Operating Agreement.

In sum, by defining both Offshore and MOEX USA as "MOEX" (Opp. at 1 n.1), Halliburton seeks to establish MOEX USA's liability by sleight-of-hand.  Absent any allegation of misconduct against MOEX USA, the Cross-Claims fail to plead a claim upon which relief can be granted and should be dismissed with prejudice.

## CONCLUSION

For the reasons stated herein and in MOEX USA's Opening Memorandum,

Halliburton's Cross-Claims against MOEX USA must be dismissed in their entirety.

Date:  November 7, 2011

Respectfully submitted,

s/ Jack McKay
Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 7, 2011.


s/ Jack McKay
Jack McKay