## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION: J |
| | * | |
| This Document Relates to: | * | |
| All Cases and No. 2:10-CV-02771, | * | JUDGE BARBIER |
| | * | |
| | * | |
| | * | MAGISTRATE SHUSHAN |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### REPLY MEMORANDUM IN SUPPORT OF
### MOEX USA CORPORATION'S MOTION  TO DISMISS
### THE FIRST AMENDED CROSS-CLAIMS OF M-I, L.L.C.

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

ARGUMENT ........................................................................................................................1

M-I'S CROSS-CLAIMS SHOULD BE DISMISSED FOR FAILURE
TO STATE CLAIMS AGAINST MOEX USA ...................................................................1

CONCLUSION....................................................................................................................4

## TABLE OF AUTHORITIES

### CASES

*Ashcroft v. Iqbal,*
    129 S. Ct. 1937 (2009)..................................................................................................2

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)......................................................................................................2

*Court-Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd,*
    2011 WL 1232986 (S.D. Fla. Mar. 31, 2011).........................................................3

*Dadgostar v. St.Croix Finance Center, Inc.,*
    2011 WL 4383424 (D. V.I. Sept. 20, 2011) .........................................................3

### STATUTES

Fed. R. Civ. P. 12(b)(6)........................................................................................................1

33 U.S.C. §2701(32) ............................................................................................................2

MOEX USA Corporation respectfully submits this reply memorandum in further support of its motion to dismiss the First Amended Cross-Claims (Dkt. #2531; "Cross-Claims") of defendant M-I LLC ("M-I") pursuant to Fed. R. Civ. P. 12(b)(6).[1]

## ARGUMENT

### M-I'S CROSS-CLAIMS SHOULD BE DISMISSED FOR FAILURE TO STATE CLAIMS AGAINST MOEX USA

MOEX USA demonstrated in its Opening Memorandum that M-I's Cross-Claims contain no factual allegations that would, if proven, establish MOEX USA's liability for anything.  Instead, M-I seeks to create liability by sleight-of-hand, adopting the term "MOEX Parties" to refer to multiple entities without making any specific allegations that MOEX USA committed any wrongful act.  M-I's Opposition to MOEX USA's motion to dismiss the Cross-Claims (Dkt. #4322; "Opp.") continues in the same vein.

The single paragraph that M-I devotes to MOEX USA (Opp. 6-7) does not attempt to marshall any factual allegations that would support liability.  That's because no such allegations could be made:  MOEX USA was not a party to the Operating Agreement with BP and Anadarko.  *See* Opening Memorandum at 2.  While MOEX Offshore 2007 LLC ("Offshore") was a party, MOEX USA was not identified as such (*see* Opening Memorandum at 1) and the Operating Agreement's "Entire Agreement" clause precludes any argument that it became a party without formal amendment.  *See* Dkt. #1414-2, Operating Agreement at Art. 26.5.5 ("This Agreement contains the final and entire agreement of the Parties for the matters covered by this Agreement…. This Agreement may not be modified or changed except by written amendment signed by the

---

[1]   Unless otherwise noted, the abbreviations and citation forms adopted in MOEX USA's Opening Memorandum (Dkt. #2905-1) are continued herein.

Parties."); *id.* at Preamble, p. 1 (defining "Parties").  Nor was MOEX USA a party to the Lease of the Macondo prospect.

Referring to footnote 12 in the Court's B1 Order,[2] M-I asserts that MOEX USA is a proper party because this Court found it 'plausible' that "MOEX USA will be found to be a Responsible Party under OPA."  Opp. at 6.  In fact, the Court did not refer specifically to MOEX USA.  Rather, in footnote 11 of the B1 Order, the Court wrote: "Although minority party lessees, Anadarko and MOEX contest their status as Responsible Parties.  Neither has been formally named as a Responsible Party at this time."  B1 Order at 28 n.11 (emphasis added).  The Court then wrote further in footnote 12:  "Because it is plausible that Anadarko and MOEX will be found to be Responsible Parties and thus liable under OPA, OPA claims are not dismissed."  B1 Order at 29 n.12.

By "MOEX" in footnotes 11 and 12, the Court was obviously referring to Offshore, not MOEX USA.  Although Offshore was a "minority party lessee," MOEX USA was never a lessee or permittee of any kind for the Macondo Prospect; it was simply Offshore's parent company.  Thus, there is no ground for holding MOEX USA liable as a Responsible Party under OPA, 33 U.S.C. §2701(32)(C).

M-I's casual allusion to veil-piercing – *i.e.*, the reference to "MOEX USA's liability for MOEX Offshore's conduct" (Opp. at 6) – is insufficient to salvage a claim against MOEX USA.  Like other claims, allegations of veil-piercing are subject to the pleading standards of *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  While the Cross-Claims assert, without any factual support, that Mitsui Oil Exploration Co., Ltd is the "corporate parent and/or

---

[2]  Order and Reasons as to Motions to Dismiss the B1 Master Complaint, Dkt. # 3830.

2

alter ego" of Offshore, they contain no allegation whatsoever that <u>MOEX USA</u> was the "alter ego" of Offshore.  Consequently, to the extent they seek hold MOEX USA liable for Offshore's obligations, the Cross-Claims must be dismissed.  *See Dadgostar v. St.Croix Fin. Center, Inc.,* 2011 WL 4383424, *12-13 & n.13 (D. V.I. Sept. 20, 2011) (dismissing conclusory allegations of veil-piercing); *Court-Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd,* 2011 WL 1232986, *6-7 (S.D. Fla. Mar. 31, 2011) (applying *Iqbal* and *Twombly* to veil-piercing allegations and dismissing complaint against parent corporation).

Finally, in any event, M-I's underlying claims for contribution and indemnification must be dismissed on the merits.  MOEX USA hereby adopts and incorporates the arguments in the Offshore's Reply Memorandum in support of its motion to dismiss M-I's Cross-Claims, filed contemporaneously herewith.  As set forth at greater length there, the B1 Order precludes M-I's cross-claims for contribution and indemnity because Offshore was held not to have been legally at fault.  What is true for Offshore applies with greater force to MOEX USA, which was a stranger to both the Operating Agreement and the Lease.  Accordingly, M-I's Cross-Claims must be dismissed as against MOEX USA for failure to state a claim upon which relief can be granted.

**CONCLUSION**

For the reasons stated herein and in MOEX USA's Opening Memorandum, M-I's

Cross-Claims against MOEX USA Corporation must be dismissed in their entirety.

Date: November 7, 2011

Respectfully submitted,

s/ Jack McKay
Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 7, 2011.

s/  Jack McKay               
Jack McKay