IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: 10-2771 | |

**DEFENDANT DRIL-QUIP, INC.'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
CAMERON'S CROSS-CLAIMS FOR FAILURE TO STATE A CLAIM**

Defendant Dril-Quip, Inc., submits this its Reply Memorandum in Support of Its Motion to Dismiss Cameron's International Corporation (Cameron)'s Cross-Claims for Failure to State a Claim, and would show:

**ARGUMENT**

A.  **Rule 13(g)**

Cameron's assertion that the two sections of Federal Rule of Civil Procedure 13(g) should be construed separately to provide an exception to Rule 8 finds no warrant in Rule 13 itself, the history of the Rules, or recent case law. Cameron itself offers no primary or secondary support for the construction. Neither does the leading Federal Rules treatise. See 6 Charles A. Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure §§1431-33 (2010). Moreover, throughout their history, the Rules have been construed in harmony with each other. *See, e.g., Cleary Bros. v. Christie Scow Corp*., 176 F.2d 370 (2nd Cir. 1949) (civil and admiralty discovery rules to be construed in harmony with each other); *Prudential Ins. Co. of America v. Saxe,* 134 F.2d 16 (D.C. Cir. 1944) (Rule 13(a) to be construed in harmony with Rule 42). If this practice were to be foregone in the case of Rule 13(g), one would expect to find explicit

authorizing language in the rule; no such language appears.  Finally, Cameron's suggestion that because only contribution claims are involved, Rule 8 standards need not be met, has been squarely considered and rejected.  *See Ciemniecki v. Parker McKay P.A.*, 2010 WL 4746214, *4 (D.N.J., Nov, 15, 2010 (citing *Mathis v. Camden Cnty.*, No. 08-6129, 2009 U.S. Dist. LEXIS 113045, at *34-38, n. 14, 2009 WL 4667094 (D.N.J. Dec. 3, 2009) (applying Rule 8 as interpreted by the Supreme Court in *Iqbal* and *Twombly* to cross claims for contribution under the JTCL); *see also Conn. Gen. Life Ins. Co. v. Universal Ins. Co*., 838 F.2d 612, 623 (1st Cir. 1988) (applying Rule 8 to a cross-claim asserted pursuant to Rule 13 ( g)); *Ford Motor Co. v. Edgewood Props.*, No. 06-4266, 2008 U.S. Dist., LEXIS 84776, at *58-60 (D.N.J. Oct. 16, 2008).  As in *Ciemniecki*, Cameron must "allege sufficient factual detail to make the claim plausible" in order "[t]o state a viable cross-claim."

**B.     Deficient Pleading**

Both OPA and "other law" require that the right to contribution be based on concurrent wrongdoer status.  But manufacturing and/or designing oilfield equipment does not constitute a tort.  Cameron's barebones suggestion in its Cross-Claims merely asserts liability by association.

After *Twombly* and *Iqbal,* Rule 8 requires more.  *See, e.g.,* Robert G. Bone, Twombly, *Pleading Rules and the Regulation of Court Rules*, 94 Iowa L. Rev. 873, 885-86 (2009) ("…[W]hat the *Twombly* court requires are allegations that differ in some significant ways from the baseline… in a way that supports a higher probability of wrongdoing than is ordinarily associated with baseline conduct").  This does not mean that it is enough to show that it is plausible that the blowout and explosion on the *Deepwater Horizon* resulted from some person's fault and that Dril-Quip was in a position to be such a person.  Dril-Quip's involvement as the manufacturer of the wellhead may be well-known, but what is neither known nor alleged by

Cameron is any fact tending to show a failure or malfunction attributable to the wellhead. Cameron does not provide such facts. *Iqbal* states, "A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1940. *Twombly* states, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Fifth Circuit recently reversed the denial of a motion to dismiss for these very reasons. *See Higgenbotham v. Connatser*, 420 Fed.App'x. 466, 466 (5th Cir. 2011) (unpublished opinion).[1] Cameron's cross complaint does not contain enough factual content to allow this court to draw a reasonable inference that Dril-Quip is liable for the misconduct alleged. Rather, it contains nothing more than "labels and conclusions" and "formulaic recitation of the elements" of claims against Dril-Quip. Accordingly, Cameron's Cross-claims should be dismissed for fatal factual insufficiency.

**C.   Leave to Amend**

Cameron seeks leave to amend its claims in the event the Court finds them insufficient. Dril-Quip opposes such relief. Because the proposed amendment would disrupt the current pretrial schedule, Cameron must show good cause to amend. *See S & W Enters., LLC v. South Trust Bank of Ala. N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). As Cameron cannot show sufficient diligence to satisfy this standard, *see, e.g., Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.,* 591 F.3d 458 (5th Cir. 2009), repleading at this point in the case would amount to an exercise in creative writing, exacerbating the litigation burdens already imposed on Dril-Quip, and

---

[1] Just this year, several other circuits have upheld dismissals based on *Twombly* and *Iqbal*. *See Burtch v. Milberg Factions, Inc.*, __ F.3d __, 2011 WL 5027511 (3d Cir., Oct. 24, 2011); *McCauley v. City of Chicago*, __ F.3d __, 2011 WL 4975644 (7th Cir., Oct. 20, 2011); *Jones v. STOA International/Florida, Inc.*, 422 Fed. App'x 851, at *1 (14th Cir. 2011); *Artuso v. Vertex Pharmaceuticals, Inc.*, 637 F.3d 1, at *3 (1st Cir. 2011).

disrupting a "massive multidistrict litigation." *See, e.g., In re Enron Corp.*, 610 F. Supp. 2d 600, 652-54 (S.D. Tex. 2009).

Analysis of the factors set forth in *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161 (5th Cir. 2010), should not persuade the Court to grant leave to replead. Only one Dril-Quip representative has been deposed, and no party sought leave to amend on the basis of his testimony. Moreover, the claims in question postdated many other depositions and document discovery, as well as investigative reports. In short, Cameron had ample time to investigate and material to review before pleading.

The second factor, "the importance of the amendment," cannot be justified on the ground asserted (that the alternative is dismissal), because that is so often the case that amendment would rarely be denied. Moreover, the importance of the amendment may be judged by Cameron's approach to pleading its case against Dril-Quip throughout its history: state nonspecific allegations, file a defense of those allegations on the deadline date, and include a request to replead without offering even a suggestion of the proposed content of such a pleading. Such a predicate establishes the *unimportance* to Cameron of its claims against Dril-Quip; by contrast, as shown below, elimination of those claims would afford long-needed relief to Dril-Quip.

The third and fourth factors also cut against repleading. Dril-Quip has already noted the prejudice to it of having had to defend for more than a year against hundreds of thousands of claims that fail to allege factual wrongdoing against it. *See* Motion to Dismiss Transocean's Third-Party Claims [Doc. No. 1902], 6. Such prejudice could only be compounded by specification of those claims less than four months before a trial that the Court has repeatedly

stated will not be continued.  *See, e.g.,* Order [Regarding Halliburton's Motion to File Second Amended Cross-Claim [Doc. No. 3893]] (E.D. La., Oct. 11, 2011). [Doc. No. 4267]

### CONCLUSION

In short, Dril-Quip moves to dismiss because Cameron has not pled facts tending to show that Dril-Quip's conduct was actionable in any way or that it was involved in any of the alleged conduct that *is* arguably actionable.  Dril-Quip acknowledges that Cameron likely has a cause of action against someone but has failed to provide any facts that plausibly suggest that Dril-Quip is that someone.  Therefore, the Court should dismiss Cameron's claims against Dril-Quip because no claim upon which relief may be granted has been stated against it and deny leave to replead.

Date:   November 7th, 2011

                                        Respectfully submitted,

                                        **WARE, JACKSON, LEE & CHAMBERS, LLP**

                                        BY: /s/ C. Dennis Barrow, Jr
                                            Don Jackson
                                            Texas Bar No. 10476000
                                            Fed ID No. 6915
                                            C. Dennis Barrow, Jr.
                                            Texas Bar No. 00796169
                                            Fed ID No. 20624
                                            America Tower
                                            2929 Allen Parkway, 42nd Floor
                                            Houston, TX 77019
                                            Phone :  (713) 659-6400
                                            Fax    :  (713) 659-6262

                                      *Attorneys for Defendant, Dril-Quip, Inc.*

**CERTIFICATE OF SERVICE**

      I certify that the above and foregoing Reply Memorandum of Law in Support of Motion to Dismiss will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

                                  /s/ C. Dennis Barrow, Jr.
                                  C. Dennis Barrow, Jr.