IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG             MDL NO.  2179
"*DEEPWATER HORIZON*" in the
GULF OF MEXICO, on April 20, 2010          SECTION:  J

                                            JUDGE BARBIER

                                            MAGISTRATE JUDGE SHUSHAN

THIS DOCUMENT RELATES TO:
ALL CASES AND 10-2771

**DEFENDANT DRIL-QUIP, INC.'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
HALLIBURTON'S CROSS-CLAIMS**

Defendant Dril-Quip, Inc. ("Dril-Quip") respectfully stands by the procedural summary

of the instant controversy set forth in its Memorandum of Law in Support of Its Motion to

Dismiss Halliburton's Cross-Claims, at 1-3 [Doct. No. 2887-1].

**ARGUMENT**

**A.      Pleading Standards**

Halliburton Energy Services, Inc. ("HESI") argues that Rule 8 still requires no more than

notice pleading, even after *Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, ____ U.S.

____, 129 S. Ct. 1937 (2009), and that, measured against this requirement, their cross-claims

state a plausible claim against Dril-Quip.  *See* Halliburton Energy Services, Inc.'s Response in

Opposition to Defendant Dril-Quip's Motion to Dismiss First Amended Cross-Claim [Doct.

4309] ("Response in Opposition…"), 2-3.  But the Court should not be misled by the attempt to

frame HESI's barebones pleadings in the most favorable manner, because its first premise is

false, and even if it were not, the flattering frame cannot save the excessively abstract claim

HESI has pled against Dril-Quip.

Elsewhere in this case, *see* Doct. 4305, relying on a case from the D.C. Circuit and the federal pleading forms, the BP Parties contend that "*Twombly* leaves the long-standing fundamentals of notice pleading in place."   Opposition at 5 (quoting *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 15 (D.C. Cir. 2008)).  But *Fame Jeans* was decided before *Iqbal* and has been questioned by a later D.C. Circuit opinion, *see Tooley v. Napolitano*, 586 F.3d 1006 (D.C. Cir. 2009), and most interpreters of *Twombly-Iqbal* disagree with its conclusion.  *See, e.g.,* A. Benjamin Spencer, *Plausibility Pleading,* 93 B.C.L.Rev. 431 (2008) ("Notice pleading is dead."); Scott Dodson, *Pleading Standards After Bell Atlantic v. Twombly*, 93 Va. L.Rev. In Brief (2007), available at http.//www.virginialawreview.org/inbrief/2007/07/09/Dodson.pdf ("… rule 8 now requires notice-plus pleading for all cases …").  As for the pleading forms, they do what HESI's pleadings fail to do: state enough facts to permit a reasonable inference of wrongdoing on the part of the defendant.  *See* A. Benjamin Spencer, *Understanding Pleading Doctrine*, 108 Mich.L.Rev.1, 15 (2009) (discussing Federal Form 11).  Professor Spencer demonstrates the inadequacy of a product liability claim that is remarkably similar to the pleadings on which HESI relies because, when stripped of conclusory and tendentious language, that claim fails adequately to support an inference of defendant's fault.  *See id*. at 15-16.

**B.     Deficient Pleading**

In their Opposition, HESI argues its own claims by repeating them.  *See* Opposition at 4. Yet those statements still fail to meet federal pleading standards as Dril-Quip explained in its original memorandum of law, *see* Doct. 2887-1 at 7-8, and HESI has made no response to Dril-Quip's critique.  Stripped of conclusory language, as *Twombly* and *Iqbal* mandate, HESI's claims assert only that Dril-Quip manufactured or designed oilfield equipment and assisted in its installation.  Manufacturing and/or designing oilfield equipment and assisting in its installation

do not constitute a tort.  HESI sets forth no facts suggesting improper conduct on Dril-Quip's part, only the conclusion that it took place.  Functionally, they merely assert liability by association with an ill-fated drilling project.

After *Twombly* and *Iqbal,* Rule 8 requires more.  *See, e.g.,* Robert G. Bone, *Twombly*, *Pleading Rules and the Regulation of Court Rules*, 94 Iowa L. Rev. 873, 885-86 (2009) ("…[W]hat the *Twombly* court requires are allegations that differ in some significant ways from the baseline… in a way that supports a higher probability of wrongdoing than is ordinarily associated with baseline conduct").  This does not mean that it is enough to show that it is plausible that the blowout and explosion on the *Deepwater Horizon* resulted from some person's fault and that Dril-Quip was in a position to be such a person.  Dril-Quip's involvement as the manufacturer of the wellhead may be undisputed, but what is neither known nor alleged by HESI or any other party is any *fact* tending to show a failure or malfunction attributable to the wellhead.  *Iqbal* states, "A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  129 S.Ct. at 1940.  *Twombly* states, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ."  550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The Fifth Circuit recently reversed the denial of a motion to dismiss for these very reasons.  *See Higgenbotham v. Connatser*, 420 Fed.App'x. 466, 466 (5th Cir. 2011) (unpublished opinion).[1]  HESI's counter-complaint does not contain enough factual content to allow this court to draw a reasonable inference that Dril-Quip is liable for the

---

[1] Just this year, several other circuits have upheld dismissals based on *Twombly* and *Iqbal*.  *See Burtch v. Milberg Factions, Inc.*, __ F.3d __, 2011 WL 5027511 (3d Cir., Oct. 24, 2011);  *McCauley v. City of Chicago*, __ F.3d __, 2011 WL 4975644 (7th Cir., Oct. 20, 2011); *Jones v. STOA International/Florida, Inc.*, 422 Fed. App'x 851, at *1 (14th Cir. 2011); *Artuso v. Vertex Pharmaceuticals, Inc.*, 637 F.3d 1, at *3 (1st Cir. 2011).

misconduct alleged.   Rather, it contains nothing more than "labels and conclusions" and "formulaic recitation of the elements" of several parties' claims against Dril-Quip.   Accordingly, HESI's Cross-Claim should be dismissed for fatal factual insufficiency.

HESI asserts that recent district court cases should control this case.   See Response in Opposition at 5-6 (citing *Wright v. Shell Offshore Inc*., No. 10-2108, 2011 WL 690530 (E.D. La. Feb. 17, 2011).   Dril-Quip respectfully disagrees.   *Wright* and *Singleton* involved claims for injuries and death due to plaintiff's longtime exposure to benzene.   *See* 2011 WL 690530 at *1. That allegation alone provides more information than the allegations against Dril-Quip.   Because benzene exposure has been a subject of litigation for quite some time, its dangers are well known.   *See, e.g., Indus. Union Dep't, AFL-CIO v. Am. Petroleum Inst*., 448 U.S. 607 (1980) (adjudicating status of OSHA role on permissible exposure).   A claim that a defendant caused injury with its benzene products gives that defendant significant information concerning the plaintiff's claims.   Moreover, the extended exposure period renders it less likely that specific periods and manners of exposure can be known prior to discovery.   By contrast, HESI had pleaded no factual link between Dril-Quip's product and the blowout/explosion or his injuries, and Dril-Quip is grouped with defendants who supplied starkly different products and services from its own, under different contracts imposing different duties.   It may be reasonable in *Wright* to build a liability syllogism such as: defendants manufactured benzene; benzene injured plaintiff; therefore one or more defendants injured plaintiff.   No such syllogism can be constructed for this litigation.   At present, HESI's position seems to be that something went wrong on the Macondo project, and Dril-Quip may be liable because it furnished something for the project.   That is not enough, and *Wright* does not hold otherwise.

### C. Negligence Law

HESI contends that Dril-Quip's argument that it did not owe a duty to Plaintiff because it did not control any operation on the *Deepwater Horizon* is mistaken because the issue of control is only relevant if Plaintiff is alleging vicarious liability.  Response in Opposition at 6-7.  But the contention is wrong, because the *issue* is whether Dril-Quip owed or breached a duty of care to persons on board the *Deepwater Horizon*.  *See Canal Barge Co. v. Torco Oil Co*., 220 F.3d 370, 376 (5th Cir. 2000).  The issue of duty is a matter of law.  *See id.* at 376.  It turns principally on the "scope of the risk that negligent conduct foreseeably entails."  *Id.* at 377 (quoting *Consolidated Aluminum Corp. v. C. F. Bean Corp.,* 833 F.2d 65, 67 (5th Cir. 1987)).  The absence of control over operations serves to limit the scope of Dril-Quip's duty to the foreseeable consequences of furnishing a piece of equipment to BP because it demonstrates that Dril-Quip engaged in no other independent conduct on the rig, just as the absence of control in *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548 (5th Cir. 1987), meant that Shell Offshore had engaged in no conduct that would strip it of its status as a passive principal and expose it to liability.[2]

---

[2] HESI dismisses *Ainsworth*, and its progeny as vicarious liability cases.  This characterization is not accurate.  *Ainsworth* turned on the applicability of *an exception* to Louisiana's general rule that a principal is not liable for the offenses of an independent contractor.  *See* 829 F.2d at 550.  That exception "imposes liability on a principal in the negligent acts of an independent contractor when the principal retains or exercises operational control."  *Id.*  Control has been held to be the decisive factor in other maritime contracts as well.  *See, e.g., Agrico Chemical Co. v. M/V BEN W. MARTIN*, 664 F.2d 85, 91 (5th Cir. 1981) (control entails responsibility for fault in barge contract case).  The point is, whether liability is vicarious or direct, a party must exercise responsibility over actions to be held liable for their consequences.  *See also* Restatement (Third) of Torts §5 (1998) (component parts doctrine).

Dril-Quip, reasoning analogically from *Ainsworth*, argues that it is outside the zone of duty for all operational conduct and omissions aboard the *Deepwater Horizon*.  It does not contend that it is not liable for its own acts.  Rather, it contends that its only acts were the sale of equipment and provision of associated installation services to BP and, therefore, that, as a matter of law, it has engaged in none of the conduct that complaining parties have identified as negligent.

Examination of HESI's cross-claims and its Response in Opposition illustrates the point. Except for the product liability claims, which are fatally conclusory, the failures and violations listed there concern drilling operations in which Dril-Quip did not participate and over which it exercised no control. Accordingly, Dril-Quip cannot be held accountable for that conduct because it did not engage in it, directly or indirectly.

**D.     Leave to Amend**

Although HESI does not appear to seek leave to amend its claims in the event the Court finds them insufficient, other parties have done so. Dril-Quip opposes such relief in all instances. Because the proposed amendment would disrupt the current pretrial schedule, HESI must show good cause to amend. *See S & W Enters., LLC v. South Trust Bank of Ala. N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). As HESI cannot show sufficient diligence to satisfy this standard, *see, e.g., Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.,* 591 F.3d 458 (5th Cir. 2009), repleading at this point in the case would amount to an exercise in creative writing, exacerbating the litigation burdens already imposed on Dril-Quip, and disrupting a "massive multidistrict litigation." *See, e.g., In re Enron Corp.*, 610 F. Supp. 2d 600, 652-54 (S.D. Tex. 2009).

Analysis of the factors set forth in *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161 (5th Cir. 2010), should not persuade the Court to grant leave to replead. Only one Dril-Quip representative has been deposed, and no party, including HESI, sought leave to amend on the basis of his testimony. Moreover, the claims in question postdated many other depositions and document discovery, as well as investigative reports. In short, the HESI had ample time to investigate and material to review before pleading.

The second factor, "the importance of the amendment," cannot be justified on the ground asserted (that the alternative is dismissal), because that is so often the case that amendment

would rarely be denied.  Rather than proffer an amendment and a motion for leave to file it, HESI has chosen to stand by its original assertions.  Such a predicate establishes the *unimportance* to HESI of its claims against Dril-Quip.

The third and fourth factors also cut against repleading.  Dril-Quip has already noted the prejudice to it of having had to defend for more than a year against hundreds of thousands of claims that fail to allege factual wrongdoing against it.  *See* Motion to Dismiss Transocean's Third-Party Claims [Doc. No. 1902], 6.  Such prejudice could only be compounded by specification of those claims less than four months before a trial that the Court has repeatedly stated will not be continued.  *See, e.g.,* Order [Regarding Halliburton's Motion to File Second Amended Cross-Claim [Doc. No. 3893]] (E.D. La., Oct. 11, 2011). [Doc. No. 4267]

## CONCLUSION

In short, Dril-Quip moves to dismiss because HESI has not pled facts tending to show that Dril-Quip's conduct was actionable in any way or that it was involved in any of the alleged conduct that *is* arguably actionable.  Even if HESI may have a cause of action in contribution against someone, it has failed to provide any facts that plausibly suggest that Dril-Quip is that someone.  Therefore, the Court should dismiss HESI's claims against Dril-Quip because no claim upon which relief may be granted has been stated against it and deny leave to replead.

Date:   November 7th, 2011

Respectfully submitted,

**WARE, JACKSON, LEE & CHAMBERS, LLP**


BY: /s/ C. Dennis Barrow, Jr
     Don Jackson
     Texas Bar No. 10476000
     Fed ID No. 6915
     C. Dennis Barrow, Jr.
     Texas Bar No. 00796169
     Fed ID No. 20624
     America Tower
     2929 Allen Parkway, 42nd Floor
     Houston, TX 77019
     Phone :  (713) 659-6400
     Fax     :  (713) 659-6262

     *Attorneys for Defendant, Dril-Quip, Inc.*


## CERTIFICATE OF SERVICE

       I certify that the above and foregoing Reply Memorandum of Law in Support of Motion to Dismiss will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.


     /s/ C. Dennis Barrow, Jr.
     C. Dennis Barrow, Jr.