IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: 10-2771 and 10-4536 | |

**DEFENDANT DRIL-QUIP, INC.'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
TRANSOCEAN'S THIRD-PARTY CLAIMS AND
CROSS-CLAIMS FOR FAILURE TO STATE A CLAIM**

Defendant Dril-Quip, Inc. ("Dril-Quip") generally accepts the procedural summary of the instant controversy set forth in Transocean's Response to Dril-Quip's Motions to Dismiss [Doc. No. 4275] (1) Transocean's Cross-Claims [Doc. No. 2068] and (2) Transocean's Third-Party Complaints [Doc. Nos. 1320 and 2574] ("Transocean's Response") at 2-4, except that it would also note: (1) when Plaintiff Buddy Trahan alleged negligence and gross negligence against all defendants and products liability against six of them, including Dril-Quip, he did so on the basis of two laundry lists of acts or omissions, one 26 items in length, the other thirteen, identified only to "Defendants," (2) only now, in its Response, has Transocean gone beyond mere incorporation by reference of other claimants' pleadings, arguing by its terms the sufficiency of Trahan's pleading, and (3) by grouping the response to Dril-Quip's Motion to Dismiss the Third-Party Compliant, which included the Rule 14(c) tender, with responses to purely bilateral claims, Transocean has obscured the staggering burden the tender imposed on Dril-Quip: the defense of thousands of suits that do not ever purport to state a claim against it.

# ARGUMENT

**A.     B1 and B3 orders**

Dril-Quip submits that, despite Transocean's equivocation about the status of Dril-Quip's factual sufficiency challenge to Transocean's pleadings, see Response at 3-4, 5, the only credible reading of the B1 and B3 Orders, in light of Dril-Quip's intervening Brief [Doc. No. 3999], is that that challenge is the "particular" argument the Court preserved in its B3 order. As noted in the Brief, support for this position may be found in:

> (a) the limitation of the Order and Reasons to Defendants' B1 Motions and legal sufficiency issues raised therein;
>
> (b) the absence of any explicit treatment of, or finding on, the factual sufficiency ground;
>
> (c) the absence of any summarizing language (e.g., "all relief not granted herein is denied") in the Order and Reasons;
>
> (d) the clear mandate of the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), and of the Fifth Circuit in cases like *Funk v. Stryker*, 631 F.3d 777 (2011), to review each complaint for nonconclusory factual allegations that establish the plausibility of a cognizable legal claim against each defendant;
>
> (e) the differences among the complaints, cross-complaints, and countercomplaints Dril-Quip has moved to dismiss; and
>
> (f) the outstanding Motion to Dismiss Transocean's Third-Party Complaint [Doc. No. 1902].

Brief [Doc. No. 3999] at 3. The Court's B3 Order affirms this assessment of the status of Dril-Quip's motions. *See* Doc. No. 4159.

**B.     Deficient Pleading**

In its Response, Transocean selects Trahan's complaint as the most particularized statement of claims among the many adoptions by reference effected by Transocean in

Document 2068. Yet Trahan's complaint, while admittedly more particular than the vast majority of adopted instruments, which say nothing about Dril-Quip, still fails to meet federal pleading standards. In his own Response to Dril-Quip's motion to dismiss his complaint, Trahan did not try to address the merits of Dril-Quip's contention that the complaint does not satisfy those standards. Rather, he stated "Plaintiff's complaint alleges that Dril-Quip manufactured and/or designed the wellhead that connects to the blowout preventer at the sea floor and the lock down seal assembly[1] on the *Deepwater Horizon*. Therefore, Plaintiff sued Dril-Quip for negligence and products liability." Trahan Response at 4. But manufacturing and/or designing oilfield equipment does not constitute a tort. In this passage, Trahan admits his real theory of the case: he sued Dril-Quip *because it was there*. Now, Transocean similarly asserts liability by association.

After *Twombly* and *Iqbal*, Rule 8 requires more. *See, e.g.,* Robert G. Bone, Twombly, *Pleading Rules and the Regulation of Court Rules*, 94 Iowa L. Rev. 873, 885-86 (2009) ("…[W]hat the *Twombly* court requires are allegations that differ in some significant ways from the baseline… in a way that supports a higher probability of wrongdoing than is ordinarily associated with baseline conduct"). This does not mean that it is enough to show that it is plausible that the blowout and explosion on the *Deepwater Horizon* resulted from some person's fault and that Dril-Quip was in a position to be such a person. Dril-Quip's "involvement" as the manufacturer of the wellhead may be "undisputed," Response at 2, 6, but what is neither known nor alleged by Trahan is any fact tending to show a failure or malfunction attributable to the wellhead. Transocean's page of superficial pleading maxims, *see* Response at 5-6, does not provide such facts. *Iqbal* states, "A claim has factual plausibility when the pleaded factual

---

[1] Trahan refers to the "lockdown seal assembly." Dril-Quip does not manufacture a lockdown seal assembly. Dril-Quip assumes Trahan is referencing Dril-Quip's lockdown sleeve and its seal assembly, two separate pieces of equipment, only one of which was actually installed in the Macondo well.

3

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1940. *Twombly* states, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Fifth Circuit recently reversed the denial of a motion to dismiss for these very reasons. *See Higgenbotham v. Connatser*, 420 Fed.App'x 466, 466 (5th Cir. 2011) (unpublished opinion).[2] Trahan's complaint does not contain enough factual content to allow this court to draw a reasonable inference that Dril-Quip is liable for the misconduct alleged. Rather, it contains nothing more than "labels and conclusions" and "formulaic recitation of the elements" of Trahan's claims against Dril-Quip. Accordingly, Transocean's Cross-claims and Third-Party Complaints, which rely on Trahan's complaint, should be dismissed for fatal factual insufficiency[3].

## C.   Negligence Law

Transocean contends that Dril-Quip's contention that it did not owe a duty to Plaintiff because it did not control any operation on the *Deepwater Horizon* is mistaken because the issue of control is only relevant if Plaintiff is alleging vicarious liability. Response at 10. But the contention is wrong, because the *issue* is whether Dril-Quip owed or breached a duty of care to Transocean. *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000). The issue of duty is a matter of law. *See id.* at 376. It turns principally on the "scope of the risk that negligent conduct foreseeably entails." *Id.* at 377 (quoting *Consolidated Aluminum Corp. v. C.*

---

[2] Just this year, several other circuits have upheld dismissals based on *Twombly* and *Iqbal*. *See Burtch v. Milberg Factions, Inc.*, __ F.3d __, 2011 WL 5027511 (3d Cir., Oct. 24, 2011); *McCauley v. City of Chicago*, __ F.3d __, 2011 WL 4975644 (7th Cir., Oct. 20, 2011); *Jones v. STOA International/Florida, Inc.*, 422 Fed. App'x 851, at *1 (14th Cir. 2011); *Artuso v. Vertex Pharmaceuticals, Inc.*, 637 F.3d 1, at *3 (1st Cir. 2011).
[3] Dril-Quip's Motion to Dismiss Trahan's complaint remains pending and, for the same reasons, that complaint should be dismissed as well. *See* Doc. No. 1554.

*F. Bean Corp.,* 833 F.2d 65, 67 (5th Cir. 1987)). The absence of control over operations serves to limit the scope of Dril-Quip's duty to the foreseeable consequences of furnishing a piece of equipment to BP because it demonstrates that Dril-Quip engaged in no other independent conduct on the rig, just as the absence of control in *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548 (5th Cir. 1987), meant that Shell Offshore had engaged in no conduct that would strip it of its status as a passive principal and expose it to liability.[4]

Examination of Paragraph 26 of Trahan's incorporated complaint illustrates the point. All of the failures and violations listed there (except those too vague to be given any weight)[5] concern drilling operations in which Dril-Quip did not participate and over which it exercised no control. Accordingly, Dril-Quip cannot be held accountable for that conduct because it did not engage in it, directly or indirectly.

**D.     Leave to Amend**

Citing *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161 (5th Cir. 2010), Transocean seeks leave to amend its claims in the event the Court finds them insufficient. Dril-Quip opposes such relief. Because the proposed amendment would disrupt the current pretrial

---

[4] Transocean dismisses *Ainsworth*, and its progeny as vicarious liability cases. This characterization is not accurate. *Ainsworth* turned on the applicability of *an exception* to Louisiana's general rule that a principal is not liable for the offenses of an independent contractor. *See* 829 F.2d at 550. That exception "imposes liability on a principal in the negligent acts of an independent contractor when the principal retains or exercises operational control." *Id.* Control has been held to be the decisive factor in other maritime contracts as well. *See, e.g., Agrico Chemical Co. v. M/V BEN W. MARTIN*, 664 F.2d 85, 91 (5th Cir. 1981) (control entails responsibility for fault in barge contract case). The point is, whether liability is vicarious or direct, a party must exercise responsibility over actions to be held liable for their consequences. *See also* Restatement (Third) of Torts §5 (1998) (component parts doctrine).

   Dril-Quip, reasoning analogically from *Ainsworth*, argues that it is outside the zone of duty for all operational conduct and omissions aboard the *Deepwater Horizon*. *See* Dril-Quip Memorandum at 6-7. It does not contend that it is not liable for its own acts, as Transocean suggests. *See* Response at 10, 11. Rather, it contends that its only acts were the sale of equipment [and provision of associated installation services] to BP and, therefore, that as a matter of law it has engaged in none of the conduct that Trahan has identified as negligent. *See* Trahan Complaint ¶26 [Doct. 1 in Case 11-263].

[5] *See, e.g., id.,* subparagraph 11 ("Failing to exercise due care and caution").

5

schedule, Transocean must show good cause to amend.  *See S & W Enters., LLC v. South Trust Bank of Ala. N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).  As Transocean cannot show sufficient diligence to satisfy this standard, *see, e.g., Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.,* 591 F.3d 458 (5th Cir. 2009), repleading at this point in the case would amount to an exercise in creative writing, exacerbating the litigation burdens already imposed on Dril-Quip, and disrupting a "massive multidistrict litigation."  *See, e.g., In re Enron Corp.*, 610 F. Supp. 2d 600, 652-54 (S.D. Tex. 2009).

Transocean's analysis of the *Meaux* factors should not persuade the Court to grant leave to replead.  Its explanation for the flimsiness of its allegations—that they were made before Dril-Quip's "representatives" (sic) were deposed—is a makeweight; only one Dril-Quip representative has been deposed, and no party, including Transocean, sought leave to amend on the basis of his testimony.  Moreover, the claims in question postdated many other depositions and document discovery, as well as investigative reports.  In short, Transocean had ample time to investigate and material to review before pleading.

The second factor, "the importance of the amendment," cannot be justified on the ground asserted (that the alternative is dismissal), because that is so often the case that amendment would rarely be denied.  Moreover, the importance of the amendment may be judged by Transocean's approach to pleading the case throughout its history:  incorporate and tender nonspecific allegations of other parties, file a defense of those allegations on the deadline date, and include a request to replead without offering even a suggestion of the proposed content of such a pleading.  Such a predicate establishes the *unimportance* to Transocean of its claims against Dril-Quip; by contrast, as shown below, elimination of those claims would afford long-needed relief to Dril-Quip.

The third and fourth factors also act against repleading. Dril-Quip has already noted the prejudice to it of having had to defend for more than a year against hundreds of thousands of claims that fail to allege factual wrongdoing against it. *See* Motion to Dismiss Transocean's Third-Party Claims [Doc. No. 1902], 6. Such prejudice could only be compounded by specification of those claims less than four months before a trial that the Court has repeatedly stated will not be continued. *See, e.g.,* Order [Regarding Halliburton's Motion to File Second Amended Cross-Claim [Doc. No. 3893]] (E.D. La., Oct. 11, 2011). [Doc. No. 4267]

### CONCLUSION

In short, Dril-Quip moves to dismiss because neither Transocean nor its employee Trahan has pled facts tending to show that Dril-Quip's conduct was actionable in any way or that it was involved in any of the alleged conduct that *is* arguably actionable. Dril-Quip acknowledges that Trahan likely has a cause of action against someone, but he and, through him, Transocean have failed to provide any facts that plausibly suggest that Dril-Quip is that someone. Therefore, the Court should dismiss Transocean's claims against Dril-Quip because no claim upon which relief may be granted has been stated against it and deny leave to replead.

Date:   November 7th, 2011

                          Respectfully submitted,

                          **WARE, JACKSON, LEE & CHAMBERS, LLP**

                          BY: /s/ C. Dennis Barrow, Jr
                             Don Jackson
                             Texas Bar No. 10476000
                             Fed ID No. 6915
                             C. Dennis Barrow, Jr.
                             Texas Bar No. 00796169
                             Fed ID No. 20624

America Tower
2929 Allen Parkway, 42nd Floor
Houston, TX 77019
Phone :  (713) 659-6400
Fax    :  (713) 659-6262

*Attorneys for Defendant, Dril-Quip, Inc.*

**CERTIFICATE OF SERVICE**

     I certify that the above and foregoing Reply Memorandum of Law in Support of Motion to Dismiss will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

/s/ C. Dennis Barrow, Jr.
C. Dennis Barrow, Jr.