IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO:<br>10-2771 | |

**DEFENDANT DRIL-QUIP, INC.'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
WEATHERFORD U.S., L.P. AND WEATHERFORD, INC.'S
CROSS-CLAIM AND COUNTERCLAIM/CROSS-CLAIM
FOR FAILURE TO STATE A CLAIM**

Defendant Dril-Quip, Inc. ("Dril-Quip") generally accepts the procedural summary of the instant controversy set forth in Weatherford U.S., L.P. and Weatherford International, Inc. ("Weatherford")'s Response to Dril-Quip's Motions to Dismiss [Doc. No. 4317] Weatherford's Cross-Claims and Counterclaim/Cross-Claim [Doc. No. 3253].

**ARGUMENT**

**A.   B1 and B3 orders**

Dril-Quip submits that, despite Weatherford's suggestion about the status of Dril-Quip's factual sufficiency challenge to Weatherford's pleadings, see Response at 4-5, the only credible reading of the B1 and B3 Orders, in light of Dril-Quip's intervening Brief [Doc. No. 3999], is that that challenge is the "particular" argument the Court preserved in its B3 order.  As noted in the Brief, support for this position may be found in:

  (a) the limitation of the Order and Reasons to Defendants' B1 Motions and legal sufficiency issues raised therein;

  (b) the absence of any explicit treatment of, or finding on, the factual sufficiency ground;

    (c)  the absence of any summarizing language (e.g., "all relief not granted herein is denied") in the Order and Reasons;

    (d)  the clear mandate of the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009), and of the Fifth Circuit in cases like *Funk v. Stryker*, 631 F.3d 777 (2011), to review each complaint for nonconclusory factual allegations that establish the plausibility of a cognizable legal claim against each defendant;

    (e)  the differences among the complaints, cross-complaints, and countercomplaints Dril-Quip has moved to dismiss; and

    (f)  the outstanding Motion to Dismiss Transocean's Third-Party Complaint [Doc. No. 1902].

Brief [Doc. No. 3999] at 3. The Court's B3 Order affirms this assessment of the status of Dril-Quip's motions. *See* Doc. No. 4159.

**B.**    **Deficient Pleading**

In its Response, Weatherford repeats the broadly-worded allegations of fault and indemnity set forth in its claims against Dril-Quip. *See* Response at 3; Doct. 2481. These charges still fail to meet federal pleading standards. Weatherford stated "the blowout, fire and spill were caused by the products liability, breach of contract, fault, negligence, inattention to duty, breach of duty, breach of warranty …, breach of statutory duty, rules and regulations, and other violations of law and contract" and alleged that Dril-Quip admitted that it provided services and equipment to BP. Response at 3. But general headings do not constitute tort allegations, and providing oilfield equipment and related services does not constitute a tort. In this passage, Weatherford admits its real theory of the case: it sued Dril-Quip *because it was there*.

After *Twombly* and *Iqbal,* Rule 8 requires more. *See, e.g.,* Robert G. Bone, Twombly, *Pleading Rules and the Regulation of Court Rules*, 94 Iowa L. Rev. 873, 885-86 (2009) ("…[W]hat the *Twombly* court requires are allegations that differ in some significant ways from

2

the baseline… in a way that supports a higher probability of wrongdoing than is ordinarily associated with baseline conduct"). This does not mean that it is enough to show that it is plausible that the blowout and explosion on the *Deepwater Horizon* resulted from some person's fault and that Dril-Quip was in a position to be such a person. Dril-Quip's involvement as the manufacturer of the wellhead may be admitted, Response at 3-6, but what is neither known nor alleged by Weatherford is any fact tending to show a failure or malfunction attributable to the wellhead. Weatherford's page of superficial pleading maxims, *see id.*, does not provide such facts and the isolated disavowal of "detailed factual allegations" in *Twombly*, 550 U.S. at 555-56, cited in Response at 7, does not save it. *Iqbal* states, "A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S.Ct. at 1940. In the same sentence Weatherford cites for the proposition that detail is not required, *Twombly* states, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Fifth Circuit recently reversed the denial of a motion to dismiss for these very reasons. *See Higgenbotham v. Connatser*, No. 420 Fed.App'x. 466, 466 (5th Cir. 2011) (unpublished opinion).[1] Weatherford's claims do not contain enough factual content to allow this court to draw a reasonable inference that Dril-Quip is liable for the misconduct alleged. Rather, they contain nothing more than "labels and conclusions" and "formulaic recitation of the elements" of Weatherford's claims against Dril-

---

[1] Just this year, several other circuits have upheld dismissals based on *Twombly* and *Iqbal*. *See Burtch v. Milberg Factions, Inc.*, __ F.3d __, 2011 WL 5027511 (3d Cir., Oct. 24, 2011); *McCauley v. City of Chicago*, __ F.3d __, 2011 WL 4975644 (7th Cir., Oct. 20, 2011); *Jones v. STOA International/Florida, Inc.*, 422 Fed. App'x 851, at *1 (14th Cir. 2011); *Artuso v. Vertex Pharmaceuticals, Inc.*, 631 F.3d 1, at *3 (1st Cir. 2011).

Quip.[2]   Accordingly, Weatherford's Cross-claim and Counterclaim/Cross-Claim Complaints, should be dismissed for fatal factual insufficiency.

**C.   Negligence Law**

Weatherford contends that Dril-Quip's contention that it did not owe a duty to Plaintiff because it did not control any operation on the *Deepwater Horizon* is mistaken because the issue of control is only relevant if Plaintiff is alleging vicarious liability. Response at 10. But the contention is wrong, because the *issue* is whether Dril-Quip owed or breached a duty of care to Weatherford. *See Canal Barge Co. v. Torco Oil Co.*, 220 F.3d 370, 376 (5th Cir. 2000). The issue of duty is a matter of law. *See id.* at 376. It turns principally on the "scope of the risk that negligent conduct foreseeably entails." *Id.* at 377 (quoting *Consolidated Aluminum Corp. v. C. F. Bean Corp.,* 833 F.2d 65, 67 (5th Cir. 1987)). The absence of control over operations serves to limit the scope of Dril-Quip's duty to the foreseeable consequences of furnishing a piece of equipment to BP because it demonstrates that Dril-Quip engaged in no other independent conduct on the rig, just as the absence of control in *Ainsworth v. Shell Offshore, Inc.,* 829 F.2d 548 (5th Cir. 1987), meant that Shell Offshore had engaged in no conduct that would strip it of its status as a passive principal and expose it to liability.[3]

---

[2] Weatherford's contention that its own allegations are as detailed as Dril-Quip's, *see* Response at 5, is irrelevant and false. It is irrelevant because it should be raised in Weatherford's own motion to dismiss, not a response in opposition; the quality of Weatherford's pleadings does not depend on Dril-Quip's. It is false because Dril-Quip's allegations set forth the equipment it alleges to have failed and the source of their failure. Doct. 2467.

[3] Weatherford dismisses *Ainsworth*, and its progeny as vicarious liability cases. This characterization is not accurate. *Ainsworth* turned on the applicability of *an exception* to Louisiana's general rule that a principal is not liable for the offenses of an independent contractor. *See* 829 F.2d at 550. That exception "imposes liability on a principal in the negligent acts of an independent contractor when the principal retains or exercises operational control." *Id.* Control has been held to be the decisive factor in other maritime contracts as well. *See, e.g., Agrico Chemical Co. v. M/V BEN W. MARTIN*, 664 F.2d 85, 91 (5th Cir. 1981) (control entails responsibility for fault in barge contract case). The point is, whether liability is vicarious or direct, a party must exercise responsibility over actions to be held liable for their

Examination of Weatherford's claims illustrates the point. All of the failures and violations listed there (except those too vague to be given any weight) concern drilling operations in which Dril-Quip did not participate and over which it exercised no control. Accordingly, Dril-Quip cannot be held accountable for that conduct because it did not engage in it, directly or indirectly.

**D.     Leave to Amend**

Weatherford seeks leave to amend its claims in the event the Court finds them insufficient. Dril-Quip opposes such relief. Because the proposed amendment would disrupt the current pretrial schedule, Weatherford must show good cause to amend. *See S & W Enters., LLC v. South Trust Bank of Ala. N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). As Weatherford cannot show sufficient diligence to satisfy this standard, *see, e.g., Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.,* 591 F.3d 458 (5th Cir. 2009), repleading at this point in the case would amount to an exercise in creative writing, exacerbating the litigation burdens already imposed on Dril-Quip, and disrupting a "massive multidistrict litigation." *See, e.g., In re Enron Corp.*, 610 F. Supp. 2d 600, 652-54 (S.D. Tex. 2009).

Analysis of the factors set forth in *Meaux Surface Protection Inc. v. Fogleman*, 607 F.3d 161 (5th Cir. 2010) should not persuade the Court to grant leave to replead. Only one Dril-Quip representative has been deposed, and no party sought leave to amend on the basis of his testimony. Moreover, the claims in question postdated many other depositions and document

---

consequences. *See also* Restatement (Third) of Torts (Products Liability) §5 (1998) (component parts doctrine).

Dril-Quip, reasoning analogically from *Ainsworth*, argues that it is outside the zone of duty for all operational conduct and omissions aboard the *Deepwater Horizon*. It does not contend that it is not liable for its own acts. Rather, it contends that its only acts were the sale of equipment [and provision of associated installation services] to BP and, therefore, that as a matter of law it has engaged in none of the conduct that Weatherford has identified as negligent.

5

discovery, as well as investigative reports. In short, Weatherford had ample time to investigate and material to review before pleading.

The second factor, "the importance of the amendment," cannot be justified on the ground asserted (that the alternative is dismissal), because that is so often the case that amendment would rarely be denied. Moreover, the importance of the amendment may be judged by Weatherford's approach to pleading the case throughout its history: plead nonspecific allegations, file a defense of those allegations on the deadline date, and include a request to replead without offering even a suggestion of the proposed content of such a pleading. Such a predicate establishes the *unimportance* to Weatherford of its claims against Dril-Quip; by contrast, as shown below, elimination of those claims would afford long-needed relief to Dril-Quip.

The third and fourth factors also cut against repleading. Dril-Quip has already noted the prejudice to it of having had to defend for more than a year against hundreds of thousands of claims that fail to allege factual wrongdoing against it. *See* Motion to Dismiss Transocean's Third-Party Claims [Doc. No. 1902], 6. Such prejudice could only be compounded by specification of some of those claims less than four months before a trial that the Court has repeatedly stated will not be continued. *See, e.g.,* Order [Regarding Halliburton's Motion to File Second Amended Cross-Claim [Doc. No. 3893]] (E.D. La., Oct. 11, 2011). [Doc. No. 4267]

## CONCLUSION

In short, Dril-Quip moves to dismiss because Weatherford has failed to plead facts tending to show that Dril-Quip's conduct was actionable in any way or that it was involved in any of the alleged conduct that *is* arguably actionable. Dril-Quip acknowledges that Weatherford

6

may have a cause of action against someone, but it has failed to provide any facts that plausibly suggest that Dril-Quip is that someone. Therefore, the Court should dismiss Weatherford's claims against Dril-Quip because no claim upon which relief may be granted has been stated against it and deny leave to replead.

Date:   November 7th, 2011

                Respectfully submitted,

                **WARE, JACKSON, LEE & CHAMBERS, LLP**

                BY: /s/ C. Dennis Barrow, Jr
                  Don Jackson
                  Texas Bar No. 10476000
                  Fed ID No. 6915
                  C. Dennis Barrow, Jr.
                  Texas Bar No. 00796169
                  Fed ID No. 20624
                  America Tower
                  2929 Allen Parkway, 42nd Floor
                  Houston, TX 77019
                  Phone :  (713) 659-6400
                  Fax    :  (713) 659-6262

              *Attorneys for Defendant, Dril-Quip, Inc.*

## CERTIFICATE OF SERVICE

  I certify that the above and foregoing Reply Memorandum of Law in Support of Motion to Dismiss will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

                /s/ C. Dennis Barrow, Jr.
                C. Dennis Barrow, Jr.