UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | |
| | : | JUDGE BARBIER |
| **THIS DOCUMENT RELATES TO** | : | MAG. JUDGE SHUSHAN |
| **ALL CASES** | : | |
| | : | |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

## MOTION TO EXCLUDE TESTIMONY BEFORE CONGRESS

Pursuant to the Court's Order Regarding Schedule for BP Motions *in Limine* and Responses to PSC Issues, Dkt. No. 4468, Cameron International Corporation ("Cameron") respectfully moves for an order excluding the introduction at trial of any evidence regarding the testimony of any witness before Congress or any committee or subcommittee of Congress regarding the Macondo disaster and precluding any expert witness from relying on such testimony.

1.

Exhibit 6001 on the PSC's List of 300 is the transcript of the June 17, 2011 Committee Hearing by the U.S. House of Representatives Committee on Energy and Commerce, Subcommittee on Oversight and Investigations, at which Tony Hayward testified.

2.

Cameron objects to the admission of this testimony, and any other congressional testimony related to the Macondo disaster, except to the extent such testimony is admissible as an admission of a party under Federal Rule of Evidence 801(d)(2).

3.

1

Testimony of a witness before Congress or any of its committees or subcommittees tasked with investigating the *Deepwater Horizon* incident is hearsay, as it is plainly testimony given outside of trial introduced to establish the truth of the matter asserted. *See* Fed. R. Evid. 801(c).

4.

Congressional testimony does not meet any of the hearsay exceptions.

5.

Accordingly, the testimony of Tony Hayward and others called to testify before Congress or one of its committees is inadmissible hearsay.

6.

Further, experts should not be allowed to rely on that inadmissible hearsay, and they should not be allowed to disclose to the fact finder the inadmissible hearsay as being information that they considered.

WHEREFORE, Cameron International Corporation moves for an order: (1) excluding Exhibit 6001, as well as any other testimony before Congress relating to the Macondo disaster, except to the extent admissible as an admission of a party under Rule 801(d)(2); (2) prohibiting any expert from relying on Exhibit 6001 and other testimony before Congress relating to the Macondo disaster; and (3) precluding the disclosure of Exhibit 6001 and other testimony before Congress as information that any expert considered.

1074937v.1

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com

BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX 77010-2010
713-951-3700
713-951-3720 (fax)

/s/ Phillip A. Wittmann
Phillip A. Wittmann, 13625
    pwittman@stonepigman.com
Carmelite M. Bertaut, 3054
    cbertaut@stonepigman.com
Keith B. Hall, 24444
    khall@stonepigman.com
Jared A. Davidson, 32419
    jdavidson@stonepigman.com

STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana 70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CAMERON
INTERNATIONAL CORPORATION**

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Exclude Testimony Before Congress has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

/s/ Phillip A. Wittmann

3

1074937v.1