UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : | MDL NO. 2179 SECTION: J JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL CASES | : : : | MAG. JUDGE SHUSHAN |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

**MEMORANDUM IN SUPPORT OF
<u>MOTION TO EXCLUDE TESTIMONY BEFORE CONGRESS</u>**

Pursuant to the Court's Order Regarding Schedule for BP Motions *in Limine* and Responses to PSC Issues, Dkt. No. 4468, Cameron International Corporation ("Cameron") respectfully files this memorandum in support of its motion for an order excluding the introduction at trial of any evidence regarding the testimony of any witness before Congress or any committee or subcommittee of Congress regarding the Macondo disaster and precluding any expert witness from relying on such testimony.

    (a)    <u>Congressional Testimony is Inadmissible Hearsay</u>

Exhibit 6001 on the PSC's List of 300 is the transcript of the June 17, 2011 Committee Hearing by the U.S. House of Representatives Committee on Energy and Commerce, Subcommittee on Oversight and Investigations, at which Tony Hayward testified. Cameron objects to the admission of this testimony, and any other congressional testimony related to the Macondo disaster. Testimony of a witness before Congress or any of its committees or subcommittees tasked with investigating the *Deepwater Horizon* incident is hearsay, as it is plainly testimony given outside of trial introduced to establish the truth of the matter asserted. *See* Fed. R. Evid. 801(c).

1

Congressional testimony does not meet any of the hearsay exceptions. For example, congressional testimony is not admissible under Rule 804(b)(1), which requires that the declarant be unavailable and only if the party against whom the testimony is offered "had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1). Because none of the parties to the MDL were invited to attend or participate in the examination of Mr. Hayward at the June 17 hearing, such testimony does not satisfy Rule 804(b)(1). *See, e.g.*, *Roucher v. Traders & General Ins. Co.*, 235 F.2d 423, 424 (5th Cir. 1956) (holding that testimony given by a witness at previous trial, in action to which neither the instant plaintiff nor anyone representing him or in privity with him was a party, was not admissible against plaintiff under any circumstances"); *see also S.E.C. v. Shainberg*, 316 F. App'x 1, 2008 WL 749561 (2d Cir. 2008) (holding that excerpts from investigation testimony taken by the SEC from owner of affiliated brokerage firm were not admissible under hearsay exception for former testimony of unavailable declarant, in SEC's securities fraud action, absent showing that the SEC had the opportunity and similar motive to develop the testimony).

Nor does congressional testimony satisfy the "public records" exception to the hearsay rule. Rule 803(8)(C) provides an exception to the hearsay rule for "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(C).

Testimony of a witness subpoenaed to testify before Congress does not constitute factual findings of a public office or agency. *See Pearce v. E.F. Hutton Group, Inc.*, 653 F. Supp. 810, 815 (D.D.C. 1987) (holding that neither testimony before the House Subcommittee

on Crime nor a statement of the subcommittee chairman could be admitted under Rule 803(8)(C), because the rule applies only to factual findings, not to witness testimony).

Accordingly, the testimony of Tony Hayward and others called to testify before Congress or one of its committees is inadmissible hearsay.[1]

    (b)    <u>Experts Cannot Rely on Inadmissible Congressional Testimony</u>

Federal Rule of Evidence 703 permits an expert to base her opinion on facts that are inadmissible if they are of a type "reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703. As amended in 2000, Rule 703 provides that "[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect." *Id*.

The Advisory Committee notes to Rule 703 provide helpful guidance with respect to how otherwise inadmissible evidence can make its way to the jury through expert testimony:

> When information is reasonably relied upon by an expert and yet is admissible only for the purpose of assisting the jury in evaluating an expert's opinion, a trial court applying this Rule must consider the information's probative value in assisting the jury to weigh the expert's opinion on the one hand, and the risk of prejudice resulting from the jury's potential misuse of the information for substantive purposes on the other. ***The information may be disclosed to the jury, upon objection, only if the trial court finds that the probative value of the information in assisting the jury to evaluate the expert's opinion substantially outweighs its prejudicial effect***. If the otherwise inadmissible information is

---

[1] Of course, congressional testimony may be admissible as an admission against the party that provided the testimony, which in the case of Exhibit 6001 is BP. *See* Fed. R. Evid. 801(d). However, the admission of evidence under Rule 801(d)(2) does not admit the evidence for all purposes, but only against the party that made the admission. Fed. R. Evid. 801(d)(2); WEINSTEIN'S FEDERAL EVIDENCE § 801.30[1] (citing *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000)).

>admitted under this balancing test, the trial judge must give a limiting instruction upon request, informing the jury that the underlying information must not be used for substantive purposes. *See* Rule 105. In determining the appropriate course, the trial court should consider the probable effectiveness or lack of effectiveness of a limiting instruction under the particular circumstances . . . The amendment provides ***a presumption against disclosure to the jury of information used as the basis of an expert's opinion*** and not admissible for any substantive purpose, when that information is offered by the proponent of the expert.

Fed. R. Evid. 703, advisory committee notes (emphasis added).

*Curry v. Chevron USA, Inc.*, 779 F.2d 272 (5th Cir. 1985) is instructive. In *Curry*, the Fifth Circuit considered whether an expert could rely upon an NTSB report in formulating his opinion, despite a statute that provided that no part of a NTSB report was admissible in civil litigation. The Fifth Circuit explained that while an expert should not be permitted to rely upon **conclusions** contained in such reports, **factual portions** of the report could be relied upon by experts, provided that such factual portions were of the type reasonably relied upon by experts in a given field. *Id.*; s*ee also McLeod v. Era Aviation, Inc.*, 1996 WL 109302, at *2 (E.D. La. Mar. 12, 1996) ("[F]actual portions of the NTSB report may be admissible and relied upon by experts but any opinions, conclusory statements, or conclusions on the probable cause of the accident contained in these reports shall be excluded from trial nor used by an expert."); *Baker Hughes Oilfield Operations, Inc. v. Seabulk Tankers, Inc.*, 2004 WL 859199, at *1 (E.D. La. Apr. 20, 2004) (striking portions of expert report that "reiterate[] the findings included in the Coast Guard report" but not striking the expert's conclusions because "it [did] not appear his conclusions rel[ied] on the Coast Guard report").

Although the 703 balancing test must be conducted on a case-by-case basis, under the Rule 703 presumption against disclosure and *Curry*, congressional testimony of interested party witnesses is unlikely to satisfy the "substantially outweighs" balancing test. The

4

congressional testimony is inadmissible in part because no other party had an opportunity to cross examine these witnesses. Moreover, congressional hearings are often filled with inflammatory and politically charged statements that have no basis in the courts. *See Pearce*, 653 F. Supp at 816–17 ("[T]here is the danger of unfair prejudice to defendant . . . because of the . . . often inflammatory or exaggerated statements made in testimony before Congress or by a political official."). And, absent extraordinary circumstances, there could be little probative value in an expert's reliance on inadmissible congressional testimony in light of the wealth of sworn deposition testimony in this case.

## CONCLUSION

For the foregoing reasons, this Court should enter an order: (1) excluding Exhibit 6001, as well as any other testimony before Congress relating to the Macondo disaster, except to the extent such testimony is admissible as an admission of a party under Federal Rule of Evidence 801(d)(2); (2) prohibiting any expert from relying on Exhibit 6001 and other testimony before Congress relating to the Macondo disaster; and (3) precluding the disclosure of Exhibit 6001 and other testimony before Congress relating to the Macondo disaster as information that any expert considered.

5

1074922v.3

Respectfully submitted,

| | |
|---|---|
| David J. Beck, T.A.<br>　　dbeck@brsfirm.com<br>Joe W. Redden, Jr.<br>　　jredden@brsfirm.com<br>David W. Jones<br>　　djones@brsfirm.com<br>Geoffrey Gannaway<br>　　ggannaway@brsfirm.com<br><br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 McKinney, Suite 4500<br>Houston, TX  77010-2010<br>713-951-3700<br>713-951-3720 (fax) | /s/ Phillip A. Wittmann_____<br>Phillip A. Wittmann, 13625<br>　　pwittman@stonepigman.com<br>Carmelite M. Bertaut, 3054<br>　　cbertaut@stonepigman.com<br>Keith B. Hall, 24444<br>　　khall@stonepigman.com<br>Jared A. Davidson, 32419<br>　　jdavidson@stonepigman.com<br><br>STONE PIGMAN WALTHER WITTMANN L.L.C.<br>546 Carondelet Street<br>New Orleans, Louisiana  70130<br>504-581-3200<br>504-581-3361 (fax)<br><br>**ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION** |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Motion to Exclude Testimony Before Congress has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Phillip A. Wittmann_____

1074922v.3