## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ZIMMER DUROM HIP CUP PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br>All Actions | Master Docket No.  09-4414 (SDW)<br>MDL No. 2158<br><br>**CASE MANAGEMENT ORDER 3: ORDER ESTABLISHING COMMON BENEFIT FUND** |

This Order is entered to provide for the fair and equitable sharing among plaintiffs of the cost of services performed and expenses incurred by Plaintiffs' Liaison Counsel and other attorneys acting for and providing a common benefit of all plaintiffs in this complex litigation, and good cause appearing.

IT IS THIS 21 day of January, 2011

ORDERED as follows:

1.      Plaintiffs' Liaison Counsel shall establish an interest-bearing account to receive and disburse funds as provided in this Order at a reputable, federally insured bank with offices in the State of New Jersey, which shall be approved by Order of the Court.  These funds will be held as funds subject to the direction of the Court and are hereinafter referred to as the "Common Benefit Fund." No party or attorney has any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person by Order of the Court.  These funds do not constitute the separate property of any party or attorney and are not subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed to a specific person as provided by Court Order.

2.     Subject to approval by further Order of the Court, the bank at which the Common

Benefit Fund account is opened shall act as escrow agent and keep detailed records of all

deposits and withdrawals from the Common Benefit Fund. Upon approval by the Court, any

fees charged by the bank for acting as escrow agent shall be paid from the Common Benefit

Fund. Except as provided in paragraph 9 of this Order, the escrow agent shall release no

information concerning the Common Benefit Fund without further Order of this Court.

3.     All plaintiffs and their attorneys in cases centralized in *In re Zimmer Durom Hip

Cup Products Liability Litigation*, MDL-2158 ("MDL Cases") and who have, beginning

December 2, 2010, agreed or agree to settle, compromise, dismiss, or reduce the amount of a

claim or, with or without trial, recover a judgment for monetary damages or other monetary

relief, including compensatory and punitive damages, with respect to any Zimmer Durom Cup

Hip Implant product liability claims are subject to a four percent (4%) assessment of the

plaintiffs' Gross Monetary Recovery, to be withheld by defendants and paid into the Common

Benefit Fund by defendants, as provided herein. The Court reserves the right to change this

percentage based on the factors set forth in Model Rule of Professional Conduct 1.5 for

determining the reasonableness of a fee.

4.     "Gross Monetary Recovery" shall be the gross amount paid by defendants to

plaintiffs for final resolution of a claim.

5.     Two percent (2%) of the assessment shall be deemed fees to be subtracted from

the attorneys' fees portions of individual fee contracts between plaintiffs and their attorneys. The

remaining two percent (2%) of the assessment shall be deemed to be costs to be subtracted from

the client portion of the individual fee contracts.

6.     If for any reason the assessment is not or has not been withheld in a MDL Case, the plaintiff and his/her attorney are deemed jointly responsible for promptly paying the assessment into the Common Benefit Fund. Nothing in this Order shall be deemed to modify, alter, or change the terms of any fee contracts between plaintiffs' counsel and their individual clients.

7.     Defendants shall make quarterly payments into the Common Benefit Fund of all assessments withheld from settlement checks delivered in MDL Cases in the previous quarter. The first payment shall be made on or before April 24, 2011, and shall be for assessments withheld from settlement checks delivered in MDL Cases from December 2, 2010, to March 31, 2011.

8.     Quarterly statements from the escrow agent shall be provided to Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel, and the Court, showing, with respect to the funds controlled by the escrow agent, only the aggregate of the quarterly deposits, disbursements, interest earned, financial institution charges, if any, and current balance. The escrow agent shall release no additional information to any party without further order of this Court.

9.     Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing functions in accordance with this Order will be set at a time and in a manner established by the Court, after due notice to all counsel. The Court shall receive and consider recommendations from Plaintiffs' Liaison Counsel concerning distribution of the Common Benefit Fund. The following standards and procedures are to be utilized by any counsel who seeks fee and/or expense reimbursement.

     a.     **Time Reporting**

i.     Only time spent on matters common to all claimants in the MDL and that has been authorized by Plaintiffs' Liaison Counsel ("common benefit work"), including common benefit time spent on the bellwether cases, will be considered in determining fees.   No time spent on developing or processing individual issues in any case for an individual client will be considered or should be submitted, except as set forth in Paragraph 9, above.

ii.     All counsel shall keep a daily record of their time spent in connection with common benefit work on this litigation indicating with specificity the hours stated in tenth-of-an-hour increments, location and particular activity (e.g., "conducted deposition of John Doe").   Time entries that are not sufficiently detailed may not be considered for common benefit payments.

iii.     The time report must list the name and title of all persons in the submitting firm who work on the case, together with the number of years the attorney has been in practice, the current number of hours each individual worked for the reported month, the current rate in effect for each individual for that month, the current monthly lodestar (fee) amount, the cumulative hours, and the cumulative lodestar.   The number of hours each person worked is to be itemized and totaled according to the Time Code categories described on the time report.   Once an individual appears on the time report, they shall remain on the time report with at least the cumulative amounts carried forward on all future reports.   The cumulative

columns are running totals based on historical amounts.  Changes to the cumulative amounts only occur when new monthly amounts are added to the cumulative amounts from the previous report.  If there are no new current amounts, the cumulative totals remain the same.  Hourly rate changes shall not be applied retroactively to change cumulative totals.

iv.     A listing of all time with proper classification shall be submitted by the 20th of each month denoting:

1.  <u>Date</u>

2.  <u>Description</u>

3.  <u>Code</u>

4.  <u>Timekeeper name</u>

5.  <u>Time (.1 hour increments)</u>

v.     The following 10 codes shall be used in completion of the time reports:

1.     Investigation and Research

2.     Discovery

3.     Pleadings, Briefs, and Pretrial motions (excluding class certification)

4.     Court Appearances

5.     Litigation Strategy and Analysis

6.     Trial Preparation and Trial

7.     Appeals

8.     Settlement

9.     Administrative (as directed by Plaintiffs' Liaison Counsel)

10.     Travel

vi.     Time and expense reports shall be submitted electronically to Plaintiffs' Liaison Counsel at wfleishman@lchb.com, with a copy to hfoster@lchb.com.   If reports have been submitted to Plaintiffs' Liaison Counsel previously, only the monthly updates as specified in this Order need to be submitted.  If sent by mail, the reports should be directed to:

> Wendy R. Fleishman, Esq.
> Lieff, Cabraser, Heimann & Bernstein, L.L.P.
> 250 Hudson St., 8th Floor
> New York, NY  10013
> Telephone: 212-355-9500
> Fax: 212-355-9592

**b.     Expense Reporting**

i.     Expense reports should itemize out-of-pocket, case-related expenses in the column for the current monthly amounts and the column for the cumulative amounts.  If there is a "Miscellaneous/Other" expense item on a report, the item must describe on that month's report the nature of the "Miscellaneous/Other" item.   Routine office supplies are not compensable expenses.  Good judgment shall be used on travel and other expenses, and shall be kept within reasonable limits.  Personal expenses such as entertainment will not be allowed.  Airline travel is to be billed at coach fare; any upgrades will be at the individual's own expense.

ii.     Unless otherwise addressed below, each expense claim must be properly documented by a receipt or some other form of proof of payment acceptable for ultimate presentation and approval by the Court.  Copies of receipts need to be submitted on a monthly basis.  Originals must be available for production upon request.   Cash advances will not be

considered for reimbursement without evidence of payment made with the cash. Generally, costs in the categories below shall be considered costs compensable from the Common Fund:

1.  Court, filing and service costs of common pleadings;

2.  Deposition and court reporter costs of common pleadings;

3.  Document Depository; Creation and Administration – Equipment for Liaison Counsel Matters (including but not limited to LexisNexis service, website, and other such administrative items, if established);

4.  Equipment and leases for group common expenses (e.g., computer equipment);

5.  Expert witness' and consultants' fees used for the common benefit of all plaintiffs;

6.  Extraordinary postage (mass mailing) or electronic notice;

7.  Printing, copying, coding, scanning (outside vendor or extraordinary and related solely to common issues);

8.  Research by outside third party;

9.  Telephone conference calls (third party);

10. Common Witness expenses including travel;

11. Translation Costs; and,

12. Travel by Liaison Counsel to Court hearings and conferences.

iii.  The following limitations shall apply with respect to any expenses for which counsel seeks reimbursement from the Common Fund.

1.  Long Distance and Cellular Telephone:  Long distance and cellular telephone charges must be documented.  Copies of the telephone bills must be submitted with notations as to which charges relate to this MDL.

2.  Shipping, Courier, and Delivery Charges:  All claimed expenses must be documented with bills showing the

sender, origin of the package, recipient, and destination of the package.

3.    Postage Charges:  A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

4.    Telefax Charges:  Contemporaneous records should be maintained and submitted showing faxes sent and received.

5.    In-House Photocopy:  A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is $0.15 per page.

6.    Secretarial and Clerical time:  An itemized description of the task and time spent must be submitted for secretarial and clerical time.  All overtime must be approved before submission by Plaintiffs' Liaison Counsel.

7.    Computerized Research–Lexis/Westlaw:  Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.  Copies of all computerized research bills must be submitted with notations as to which charges relate to the MDL.

8.    Equipment Purchases:  Purchases of equipment, including laptop computer purchases for and utilized by the individual attorneys and their staff, even if used primarily for the MDL, are not to be claimed, absent special circumstances approved by  Liaison Counsel.

c.    **Form of Time and Expense Reports and the Submission Thereof**

i.    Each firm seeking fees from the Common Fund is required to maintain contemporaneous and detailed time and expense records.

ii.    Time and expense submissions must be made on forms authorized by and pursuant to the terms and schedule implemented by Plaintiffs' Liaison Counsel.  The Court approves the Time and Expense Report Forms attached as Exhibits B through D (Excel format).

-8-

iii.     The initial time and expense report shall cover the time period from inception of the MDL through January 31, 2011, and shall be submitted by February 20, 2011. Thereafter, Counsel shall, by the 20th day of each month, electronically submit to Plaintiffs' Liaison Counsel a report of their time and expense records for the preceding month in the manner and format set forth herein. Failure to keep time and expense reporting current may be grounds for denying any subsequent request for reimbursement.

iv.     Plaintiffs' Liaison Counsel shall summarize all time records for common benefit work by accumulated total of all time incurred during the particular reporting period and in prior periods. The summary report form may be obtained from Plaintiffs' Liaison Counsel by participating firms.

v.     Plaintiffs' Liaison Counsel is responsible for distributing reimbursement procedures and the forms associated herewith. Request for payments from the Common Benefit Fund for common benefit expenses shall include sufficient information to permit Plaintiffs' Liaison Counsel to account properly for costs and to provide adequate detail to the Court.

vi.     By March 31, 2011, and thereafter at the end of each calendar quarter, Plaintiffs' Liaison Counsel (and/or their designees) shall review time and expense submissions to determine what time and expense submissions are reimbursable. The determinations shall be timely communicated to each firm and each firm shall be given the opportunity to respond. Any firm that disagrees with a determination will be given the

right to seek review from this Court or its designee in a manner and at a time to be set forth in a future Order if so needed.

10.    Payments may be made from the Common Benefit Fund to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs in addition to their own client(s), including services provided and expenses incurred in preparation and trial of the bellwether cases. Attorneys eligible thereto are limited to Plaintiffs' Liaison Counsel, and other attorneys performing responsibilities approved by Plaintiffs' Liaison Counsel in MDL-2158.

11.    Such attorneys who maintain actions in state court and obtain rulings that inure to the benefit of all plaintiffs in the MDL shall be permitted to submit for common benefit treatment the time and expenses associated with obtaining such rulings. All such submissions must be timely made and accompanied by contemporaneous records certified to have been timely received. If an attorney whose cases are otherwise exempt from this Order applies for and receives common benefit treatment, all of the cases in which the attorney and/or his or her law firm are counsel of record are subject to assessment.

*strike*
*without*
*prejudice*
*MCA*
*qur*
*2/-1/*

12.    Payments to non-lawyers will only be allowed for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs, which have been specifically authorized by Plaintiffs' Liaison Counsel. Payment may, for example, be made for services and expenses related to obtaining, reviewing, and indexing hard copies or computerized images of documents; conducting depositions; and activities connected with the coordination of federal and state litigation. The Common Benefit Fund will not, however, be used to pay for services and expenses related to a particular case, such as the deposition of a treating physician, excluding common benefit services and expenses relating to

the bellwether cases, even if such activity results in some incidental and/or consequential benefit to other plaintiffs, or for an attorney to "learn the case."

13.    No amounts will be disbursed from the Common Benefit Fund without approval by the Court.

14.    If the Common Benefit Fund exceeds the amount needed to make all payments of court approved costs and fees, the Court may order a refund to those plaintiffs who have contributed to the Common Benefit Fund. Any such refund will be made in proportion to the amount of the contributions.

MADELINE COX ARLEO, U.S.M.J.