UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179<br>SECTION: J |
| This document relates to:<br><br>2:10-cv-02771;<br>2:10-cv-02179 | § § § § § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**REPLY IN SUPPORT OF M-I L.L.C.'S MOTION TO DISMISS
WEATHERFORD'S CROSS-CLAIM**

Weatherford claims to be an unnamed third-party beneficiary of the M-I/BP contract. However, Weatherford does not allege facts sufficient to establish that M-I and BP clearly intended their contract to benefit Weatherford. Weatherford alleges that the contract need not specifically identify it; however, Weatherford has failed to plead any facts or point to any provisions of the contract to evidence that M-I and BP contracted for Weatherford's benefit. Weatherford makes a conclusory assertion that it is a member of the "indemnitee group," but it asserts no facts to establish it falls within the category of contractors M-I agreed to indemnify. Dkt. No. 4314 at 6. Because Weatherford fails to allege sufficient facts to state a claim for which relief may be granted, the court must dismiss its contractual indemnity claim under Federal Rule of Civil Procedure 12(b)(6).

**ARGUMENT**

**I.  THIRD-PARTY BENEFICIARY LAW REQUIRES A CLEAR INTENT TO BENEFIT.**

M-I's contract with BP provides that it is governed by maritime law, and in the alternative, Texas law. No matter what body of law governs Weatherford's claims, the

requirements to establish third-party beneficiary status are functionally identical. Maritime and Texas law both have substantively similar requirements for third-party beneficiary status. Regardless of what laws governs Weatherford's claims, it has failed to allege the elements that will establish it as a third-party beneficiary.

Under general maritime law, "a promise must be made directly for the benefit of a third party to support a claim by that third party under the contract." *Atl. & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.*, 750 F.2d 457, 459 n.3 (5th Cir. 1985). The parties must clearly and expressly intend to bestow a benefit upon a third party, and that benefit must not be merely incidental to the primary purpose of the contract. *See Wallace v. Texaco, Inc.*, 681 F.2d 1088, 1090 (5th Cir. 1982).

Similarly, under Texas law, parties are generally presumed to contract for themselves, and a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the contracting parties. *Palma v. Verex Assurance, Inc.*, 79 F.3d 1453, 1457 (5th Cir. 1996) (applying Texas law); *Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501, 503-04 (Tex. 1975) ("[A] contract will not be construed as having been made for the benefit of third parties unless it clearly appears that such was the intention of the contracting parties." (citation omitted)).[1]

---

[1] Moreover, even if Louisiana law governed, the law is functionally the same. Under Louisiana law, there are "three criteria for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So. 2d 1206, 1212 (La. 2006). Such a stipulation "is never presumed, and the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear." *Doucet v. Nat'l Maint. Corp.*, 822 So. 2d 60, 66 (La. Ct. App. 2002) (emphasis omitted). Furthermore, to establish this stipulation for a third party, "the third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract." *Id*. (emphasis omitted).

## II. THE M-I/BP CONTRACT DOES NOT EVIDENCE A CLEAR INTENT TO BENEFIT WEATHERFORD.

While Weatherford correctly notes that the contract need not specifically name Weatherford for it to assert third-party beneficiary status, the contract must plainly evidence an intent to benefit Weatherford. *See Atl. & Gulf Stevedores*, 750 F.2d at 459 n.3. Nothing in the M-I/BP contract plainly shows the contracting parties contemplated a benefit to Weatherford. Accordingly, Weatherford is not entitled to indemnity against M-I.

Weatherford alleges that under the M-I/BP contract, it qualifies as a third-party beneficiary because M-I agreed to indemnify "all other contractors." This does not put it within the class of entities protected by the indemnity agreement. M-I only agreed to indemnify the "company group" and the "service company group," M-I/BP Contract," § 2, ¶ 19, not, as Weatherford argues, "all other contractors." In its petition, Weatherford fails to allege sufficient facts to show that it qualifies as a member of the "service company group."

Furthermore, M-I only agreed to indemnify those in the "service company group" that also have provided substantially similar reciprocal releases of liability in favor of M-I. Here, Weatherford alleges that it has a reciprocal indemnity agreement, but it fails to allege that the agreement is substantially similar. Weatherford also has failed to honor any indemnity agreement to indemnify M-I. Weatherford cannot claim the "benefits" of the contract, yet ignore those provisions requiring it to indemnify BP's contractors. *Grillet v. Sears, Roebuck & Co.*, 927 F.2d 217, 220 (5th Cir. 1991) ("A party cannot be permitted to retain the benefits received under a contract and at the same time escape the obligations imposed by the contract.").

Weatherford has not alleged any facts showing language in the M-I/BP contract establishing that the parties intended to directly benefit Weatherford. Weatherford also fails to allege any facts to support its conclusory assertion that it is within the group of contractors M-I

3

agreed to indemnify. Weatherford merely incidentally benefitted from M-I's contract with BP, and that is an insufficient basis to establish a third-party beneficiary relationship. Because Weatherford is not a party to the contract between BP and M-I and cannot show that the contract shows a clear intention to benefit it, M-I is not contractually liable to indemnify Weatherford.

## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss Weatherford's Cross-Claim to the extent discussed above under Federal Rule of Civil Procedure 12(b)(6).

November 7, 2011                                     Respectfully submitted,

**OF COUNSEL:**                                 MORGAN, LEWIS & BOCKIUS LLP
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon                                   By: /s/ *Hugh E. Tanner*
dleon@morganlewis.com.                              Hugh E. Tanner
Texas Bar No. 24002463                              htanner@morganlewis.com
5300 Wachovia Financial Center                      Texas Bar No. 19637400
200 South Biscayne Boulevard                        1000 Louisiana, Suite 4000
Miami, Florida 33131                                Houston, Texas 77002
Telephone:    (305) 415-3000                        Telephone:    (713) 890-5000
Facsimile:    (305) 415-3001                        Facsimile:    (713) 890-5001

Denise Scofield
dscofield@morganlewis.com                       **ATTORNEY FOR DEFENDANT**
Texas Bar No. 00784934                          **M-I L.L.C.**
1000 Louisiana, Suite 4000
Houston, Texas 77002
Telephone:    (713) 890-5000
Facsimile:    (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendant M-I L.L.C.'s Reply in Support of M-I L.L.C.'s Motion to Dismiss Weatherford's Cross-Claim has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 7th day of November, 2011.

                        /s/ *Hugh E. Tanner*
                        Hugh E. Tanner