# EXHIBIT A

**UNITED STATES DISTRICT OF COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | § | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" | § | |
| IN THE GULF OF MEXICO, | § | SECTION: J |
| ON APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to:           *All Cases* | § | |
|                       *No. 10-2771* | § | MAG. JUDGE SHUSHAN |
|                       *No. 10-4536* | § | |

**HALLIBURTON ENERGY SERVICES, INC.'S REPLY TO BP'S OPPOSITION TO MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY BP'S FRAUD AND FRAUDULENT CONCEALMENT CLAIMS IN BP'S CROSS-COMPLAINT AND <u>THIRD-PARTY COMPLAINT</u>**

# TABLE OF CONTENTS

Introduction ...................................................................................................................................1

Background .................................................................................................................................2

Argument and Authorities..........................................................................................................3

      A.      This Court Should Dismiss BP's Fraud Claims as Compulsory Counterclaims to HESI's Contract Action.......................................................................................3

      B.      The Limitation Action Trial Plan Does Not Contemplate Adjudication of HESI's Contract Action Against BP. ....................................................................5

      C.      Public Policy Does Not Mandate Adjudication of HESI's Contract Action in the Limitation Action Trial. ..................................................................................6

      D.      HESI Has Not Waived its Right to Litigate its Contract Action in Texas State Court. .........................................................................................................8

Conclusion and Prayer ..............................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Best Buy Stores, L.P. v. Developers Diversified Realty Corp.*
  2006 U.S Dist. LEXIS 89182 (D. Minn. Dec. 8, 2006). ..........................................................8

*Checkpoint Fluidic Sys. Intn'l, Ltd. v. Guccione, Sr. et al.*
  2011 U.S. Dist. LEXIS 82902 (E.D. La. July 28, 2011)............................................................3

*Columbia Plaza Corp. v. Security National Bank*
  525 F.2d 620 (D.C. Cir. 1975) ..................................................................................................3

*Johnson v. Zerbst*
  304 U.S. 458 (1938)..................................................................................................................9

*Lonatro et al. v. Orleans Levee District*
  2011 U.S. Dist. LEXIS 89395 (E.D. La. Aug. 11, 2011) ..........................................................4

*Park Club, Inc. v. Resolution Trust Corp.*
  967 F.2d 1053 (5th Cir. 1992) ..................................................................................................4

*United States v. Dodson*
  288 F.3d 153 (5th Cir. 2002) ....................................................................................................9

*West Gulf Maritime v. ILA Deep Sea Local 24*
  751 F.2d 721 (5th Cir. 1985) ....................................................................................................5

**STATUTES**

28 U.S.C. § 1407............................................................................................................... 1, 7-8

Defendant Halliburton Energy Services, Inc. ("HESI") files this Reply to BP's Opposition to HESI's Motion to Dismiss or, Alternatively, to Stay BP's Fraud and Fraudulent Concealment Claims in BP's Cross-Complaint and Third-Party Complaint, and in support of the same, respectfully shows the Court as follows.

## INTRODUCTION

BP's response to HESI's Motion to Dismiss[1] completely ignores the governing law relating to compulsory counterclaims and is completely based upon the notion that this Court's Amended Pretrial Order 41 (the Trial Plan) grants this Court trial jurisdiction over all cases transferred to and pending in MDL 2179, rather than just a Limitation Action. BP's contention is simply wrong and is contrary to 28 U.S.C. § 1407.

Based upon the clear, unambiguous language of § 1407, matters transferred to MDL 2179 are to be returned to the transferor court after the conclusion of pre-trial proceedings. Nothing within § 1407 contemplates a change of venue for trial proceedings of any matter the JPML transfers. *See* 28 U.S.C. § 1407. Moreover, the very Trial Plan governing the approaching February 2012 trial does not contemplate the inclusion of any private contract actions by and amongst the parties. *See* PTO 41. Rather, the upcoming trial in the Limitation Action focuses upon the Incident and allocation of responsibility for the Incident. While contribution may be considered in the allocation of liability, any contractual interpretation of whether certain parties are contractually obligated to indemnify one another is not included within the Trial Plan. *See id*. Finally, BP's Fraud Claims share common issues of fact and law with HESI's contract claims against BP. Because of this commonality, pursuant to Rule 13(a), BP's Fraud Claims, and any other attempt by BP to nullify its contractual obligations to HESI, are compulsory to HESI's

---

[1]"HESI's Motion to Dismiss" means HESI's Motion to Dismiss or, Alternatively, to Stay BP's Fraud and Fraudulent Concealment Claims in BP's Cross-Complaint and Third-Party Complaint (Dkt. No. 2941) and its Memorandum in Support thereof (Dkt. No. 2941-1).

contract claims and should be simultaneously considered following remand to the transferor court.

## BACKGROUND

Prior to BP filing any cross-claims or third-party claims in these proceedings, on April 19, 2011, HESI filed suit against BP Exploration & Production Inc. ("BP") to enforce the indemnity provisions in HESI's Contract with BP (the "Contract"). In compliance with the mandatory forum-selection clause within the Contract, HESI filed its claims in the 157th Judicial District Court, Harris County, Texas, Cause No. 2011-23914 (the "Contract Action").

After HESI filed the Contract Action, BP filed its (1) Cross-Complaint and Third-Party Complaint Against HESI in the MDL and Limitation proceeding (Dkt. No. 2082) and (2) its Third-Party Complaint Against HESI for contribution in the Department of Justice proceeding (Dkt. No. 2083). In both of those pleadings, BP asserts claims against HESI for fraud and fraudulent concealment (the Fraud Claims) relating to HESI's performance and representations under the Contract. *See* Dkt. No. 2082 at ¶¶ 117-131; Dkt. No. 2083 at ¶¶117-129. BP contends that HESI made certain "material false statements and misrepresentations to BP . . . both before and after the explosion." Dkt. No. 2082 at ¶¶ 3, 118. In essence, BP contends that HESI's purported fraud nullifies BP's indemnity obligations under the Contract and that are at issue in the Contract Action. *See* Dkt. Nos. 2082, 2083.

Though filed as cross-claims and/or third-party claims BP's Fraud Claims are compulsory counterclaims to the Contract Action and are subject to the mandatory forum-selection and venue clause contained in the Contract. The Contract expressly states:

> This CONTRACT shall be construed and enforced in accordance with the GENERAL MARITIME LAW of the United States wherever permissible; otherwise, the laws of the State of Texas shall apply, excepting therefrom any conflicts of laws rules which might provide for the application of the laws of another jurisdiction. Subject to Clause 28 [non-binding mediation], the PARTIES agree to submit *any dispute arising hereunder to the jurisdiction of the courts of*

2

>*the State of Texas* and further agree that *venue* for the resolution of any such dispute *shall* be found in *Harris County*, Texas.

Contract, ¶ 27.5 (capitals in original, italics added).  BP contends that "all disputes between BP and [HESI] arising out of the Deepwater Horizon incident are currently pending in MDL 2179, including the indemnification and contribution claims upon which [HESI]'s entire compulsory counterclaim challenge is premised."  *See* Dkt. No. 4318 at 1.  BP's assertion is legally and factually incorrect.

## ARGUMENT AND AUTHORITIES

**A.     This Court Should Dismiss BP's Fraud Claims as Compulsory Counterclaims to HESI's Contract Action.**

Federal Rule of Civil Procedure 13(a) provides that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a).  Therefore, because BP's claims are compulsory counterclaims in the Contract Action, the Court should grant HESI's Motion to Dismiss.  None of BP's arguments suggest otherwise.  Rules 13(a) and 12(b)(6) provide the proper vehicles for dismissal of the compulsory counterclaims to a lawsuit that are filed in a subsequent lawsuit.  *Columbia Plaza Corp. v. Security National Bank*, 525 F.2d 620 (D.C. Cir. 1975)(examining dismissal under Rule 13(a)); *Checkpoint Fluidic Sys. Intn'l, Ltd. v. Guccione, Sr. et al.*, 2011 U.S. Dist. LEXIS 82902 (E.D. La. July 28, 2011)(examining dismissal under Rule 12(b)(6)).

HESI's first-filed Contract Action is specifically based upon BP's breach of its duties and obligations under the Contract, including, among other things, BP's indemnity obligations. Likewise, BP's Fraud Claims against HESI relate directly to alleged promises and representations

3

in the Contract and HESI's performance under the Contract. Indeed, those claims necessarily and inherently rely on the Contract. As such, BP's contract-based cross-claims and third-party claims against HESI for fraud and fraudulent concealment (filed after the Contract Action, and focused on nullifying BP's contractual indemnity obligations) should be dismissed from this proceeding or, in the alternative, stayed.

Likewise, BP's Fraud Claims satisfy the Fifth Circuit's test for compulsory counterclaims. In *Park Club, Inc. v. Resolution Trust Corp.*, the Fifth Circuit set forth the following four-part test to determine whether a counterclaim is compulsory:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

967 F.2d 1053, 1058 (5th Cir. 1992). An affirmative answer to *any* of these questions indicates the counterclaim is compulsory. *See id.*

BP's Fraud Claims relate to HESI's alleged performance and representations under the Contract. *See* Dkt. No. 2082 at ¶¶ 33-39, 117-131; Dkt. No. 2083 at ¶¶117-129. Without the Contract, BP has no basis for its claims. Thus, common issues of fact and law are raised by HESI's Contract Action and BP's Fraud Claims. In addition, because BP's Fraud Claims arose out of the same transaction or occurrence as HESI's Contract Action and any judgment in HESI's Contract Action would implicate BP's Fraud Claims, res judicata would bar BP's Fraud Claims absent the compulsory counterclaim rule. *See Lonatro et al. v. Orleans Levee District*, 2011 U.S. Dist. LEXIS 89395 (E.D. La. Aug. 11, 2011)(J. Barbier, presiding). Finally, the logical connection and relationship between HESI's contract claims and BP's Fraud Claims is apparent: BP's Fraud Claims attempt to nullify HESI's contract claims.

In addition, in *West Gulf Maritime Association v. ILA Deep Sea Local 24*, the Fifth Circuit Court of Appeals "recognized and applied the comity principles that underlie the first-filed rule," and held that a second-filed action involving issues "closely related" to a separate and first-filed action should have been dismissed or stayed. *West Gulf Maritime,* 751 F.2d 721, 722-31 (5th Cir. 1985). BP's Fraud Claims are certainly closely related to HESI's claims in the Contract Action, and should be dismissed as compulsory counterclaims.

**B.   The Limitation Action Trial Plan Does Not Contemplate Adjudication of HESI's Contract Action Against BP.**

BP contends that "Amended Pretrial Order 41 directs that 'all' issues related to the cause of the Deepwater Horizon incident be resolved in this MDL 2179 litigation, without limitation or exception as to [HESI] or BP's claims against one another: . . . ." *See* Dkt. No. 4318 at 8. Setting aside for a moment BP's attempt to blur the distinctions between the trial in the Limitation Action and the proper scope of MDL proceedings, BP misrepresents even the written scope of the Trial Plan itself. The Trial Plan for the February 2012 trial involves only the Limitation Action and the allocation of tort-based fault:

> The Trial will address all allocation of fault issues that may properly be tried to the Bench without a jury, including the negligence, gross negligence, or other bases of liability of, and the proportion of liability allocable to, the various defendants, third parties, and non-parties with respect to the issues, including limitation of liability.

Amended Pretrial Order 41 at 1 (Dkt. No. 4033); *see* Dkt. No. 4318 (BP's Opposition) at 8. The Trial Plan says nothing about addressing issues of one party's indemnification of another party for any liability that may be assessed as a result of the trial.

Moreover, the phases of the trial include: Phase One, the incident phase, which will address the conduct of the parties relevant to the loss of well control at the Macondo well, the ensuing fire and explosion on the *Deepwater Horizon*, and the initiation of the release of oil from

5

the Macondo well; Phase Two, the source control phase, which will address source control and quantification of discharge issues stemming from the April 22, 2010 until September 19, 2010; and Phase Three, the containment phase, which will address the parties' efforts to contain the oil discharged from the incident. *Id.* Again, the Trial Plan makes no reference to issues touching on HESI's contractual indemnity claim or BP's compulsory counterclaims based upon the Contract. The absence of any such reference is logical because HESI's Contract Action and BP's compulsory counterclaims (BP Fraud Claims) have no relevance or relation to the issues being addressed by the Court which are tort and liability issues involved in the Limitation Action.

The Court's proposed allocation of fault and tort-based liability in the Limitation Action for the April 20, 2010 incident does not require the adjudication of whether one defendant has contractually agreed to indemnify another for any such tort-based liability. As acknowledged by BP, Amended Pretrial Order 41 pertains to "the cause of the Deepwater Horizon incident . . . ." Dkt. No. 4318 at 8. The Trial Plan does not refer to any contractual claims (for indemnification or otherwise) between HESI and BP (or among other parties), and expressly contradicts BP's argument that the Limitation Action trial encompasses "all disputes" including HESI's Contract Action against BP for contractual indemnification.

**C.      Public Policy Does Not Mandate Adjudication of HESI's Contract Action in the Limitation Action Trial.**

BP also claims that "public policy, as expressed in 28 U.S.C. § 1407, to promote the just and efficient conduct of multidistrict litigation . . . far outweighs any individual interest [HESI] may have in enforcing a contractual forum selection clause." *See* Dkt. No. 4318 at 1. According to BP, "Section 1407 endeavors to achieve this goal by eliminating duplicative discovery, preventing inconsistent pretrial rulings, and conserving the resources of the parties, their counsel, and the judiciary." *Id.* at 11. BP's argument is based on the flawed premise that this Court's trial

6

in the Limitation Action somehow expands its limited pre-trial jurisdiction over matters pending in MDL 2179.

HESI filed its Contract Action in Texas state court in compliance with the Contract's mandatory venue provision. Over HESI's objections, its Contract Action was removed to federal court and transferred by the JPML to MDL 2179. In an apparent attempt to avoid its own chosen and contractually required venue for ultimate trial of contractual issues,[2] BP improperly commingles and confuses the separate issues of (1) trial in the Limitation Action of allocation of tort-based fault, and (2) adjudication of HESI's Contract Action for indemnity against BP, by arguing that there may be "potentially inconsistent rulings on issues pertinent to scores of other MDL 2179 actions, . . . ." *See* Dkt. No. 4318 at 13. In reality, BP's argument is nothing more than an attempt to impermissibly expand the scope of § 1407 and the jurisdiction of this Court in MDL 2179 beyond discovery and pretrial matters.

Here, the JPML determined, over HESI's objection, that the policies and goals of § 1407 are met by the transfer of HESI's Contract Action to MDL 2179 for pretrial and discovery proceedings. However, these same policies do not require the adjudication in the Limitation Action of HESI's Contract Action for indemnity and BP's compulsory counterclaims for fraud, properly pending only in MDL 2179 as a result of transfer over HESI's objection. Indeed, § 1407 specifically provides that "each action ... transferred shall be remanded by the panel at or before the conclusion of ... pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407(a).

Further, BP's argument concerning potential inconsistent rulings is equally unpersuasive. Any findings of tort-based fault among the parties in the Limitation Action will have no effect on whether the Contract obligates BP to indemnify HESI or whether HESI's actions somehow

---

[2]This is not the first or only instance of BP attempting to avoid the terms of its own contracts. *See e.g.*, Transocean Summary Judgment Motion on Indemnity Issues (Dkt. No. 4457).

7

nullify BP's indemnity obligations.  BP has failed to demonstrate any public policy that outweighs HESI's proper filing pursuant to the Contract's forum selection and venue clause, and the necessary jurisdictional implications of that pending proceeding based upon transfer to MDL 2179.

Finally, the authorities BP cites are irrelevant.  None of the cases BP relies upon provides any justification for this Court to exceed its authority under § 1407.  For example, BP relies upon the Minnesota federal district court decision in *Best Buy Stores, L.P. v. Developers Diversified Realty Corp*., No. 05-2310, 2006 U.S. Dist, LEXIS 89182 (D. Minn. Dec. 8, 2006), in support of its flawed argument as to potential inconsistent rulings.  While the *Best Buy* court did examine a forum selection clause, it ultimately found that the clause lacked "specific language to indicate the parties inten[t]."  *Best Buy Stores, L.P*., 2006 U.S. Dist. LEXIS 89182 at *12.  Moreover, because the forum selection clause in that case lacked specificity, and because eleven other parties opted not to seek its enforcement, the district court found that enforcement of the clause would be an "inefficient use of judicial resources and the parties' resources."  *Id*.  Such is not the case with HESI's Contract and BP's Fraud Claims.  There is no risk of inconsistent judicial decisions as the forum selection clause is only applicable to the contractual dispute between HESI and BP and BP's attempt to nullify its contractual obligations by asserting its Fraud Claims.  BP has failed to provide any justification for this Court to ignore well-established MDL jurisdictional guidelines.  Thus, dismissal is proper.

**D.    HESI Has Not Waived its Right to Litigate its Contract Action in Texas State Court.**

BP acknowledges that HESI sought to vacate the JPML's conditional order transferring HESI's Contract Action to MDL 2179.  Despite this undisputed fact, BP argues that HESI "waived its right to invoke the forum selection clause of the Well Services Contract with BP by engaging in conduct inconsistent with it."  *See* Dkt. No. 4318 at 1, 6, 15-16 (citing Dkt. No. 612

at 2-3).³  BP also recognizes and cites HESI's argument that "BP's fraud claims 'should not be included in the February 2012 trial' but instead 'severed' and re-filed by BP in [HESI]'s 'Indemnity Lawsuit' in Harris County, Texas on account that BP's fraud claims purportedly constitute compulsory counterclaims to [HESI]'s Texas lawsuit."  *See* Dkt. No. 4318 at 8 (citing Dkt. No. 2670 at 6-7).  Given HESI's steadfast opposition to transfer of its Contract Action to this proceeding, and its consistent argument that BP's Fraud Claims are compulsory counterclaims that should be dismissed and refiled as such in the Contract Action (now pending in MDL 2179 for pretrial purposes), BP's argument that HESI has waived any rights lacks legal and factual credibility.

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege."  *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938).  The Fifth Circuit has held that waiver "occurs by an affirmative choice by [a party] to forego any remedy available to him, presumably for real or perceived benefits resulting from the waiver."  *United States v. Dodson*, 288 F.3d 153, 160 (5th Cir. 2002).

By its proper filing of its Contract Action in Harris County, Texas, and through its Motion to Dismiss, HESI has repeatedly and consistently asserted that its Contract Action against BP, and BP's compulsory counterclaims thereto, should be adjudicated in Texas state

---

³ BP also alleges that HESI has waived its right to invoke the Contract's forum selection clause because HESI has not sought to dismiss BP's contribution claim or its request for a declaratory judgment that it is not liable for indemnity under the Contract.  Initially, BP again improperly blurs the line between allocation of tort liability and contractual indemnity.  HESI recognizes that the Court intends to allocate the parties' respective liability, for purposes of the Limitation Action, in the February 2012 trial.  But, as set out previously, allocation of tort liability does not address the parties' contractual obligations, which are the sole focus of HESI's Motion to Dismiss.  Moreover, BP's alleged request for declaratory judgment relief is inextricably intertwined with its fraud claims.  For example, in its Limitation Action Cross-Claims, BP specifically incorporates "the allegations set forth above" (which would necessarily include its Fraud Claims) into its request for declaratory relief.  *See* BP Response, Ex. D ¶143.  Likewise, in its Southern District of Texas filing, BP makes no formal claim for declaratory relief, instead only including a general request in its prayer for relief which, again, would necessarily be based upon its substantive claims including its Fraud Claims.  These arguments provide no support for BP's allegations that HESI has waived any rights under the forum selection clause.

court in Harris County, Texas. HESI has not relinquished or abandoned its right to enforce the forum-selection and venue clauses in the Contract and there is no evidence or indication otherwise. BP's waiver argument is without merit.

## CONCLUSION AND PRAYER

For the reasons set forth above, HESI respectfully requests that the Court grant its Motion (Dkt. No. 2941) and dismiss, pursuant to Rules 12(b)(3), 12(b)(6), and 13(a), or, in the alternative, stay the fraud and fraudulent concealment claims against it filed by BP Exploration & Production Inc. and BP America Production Company (Dkt. Nos. 2082, 2083). HESI also respectfully requests all such further and other relief to which it may be justly entitled at law and in equity.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin.*
Donald E. Godwin
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
BBowman@GodwinRonquillo.com
Jenny L. Martinez
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
FHartley@GodwinRonquillo.com
Gavin Hill
GHill@GodwinRonquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Reply to BP's Opposition to Halliburton Energy Services, Inc.'s Motion to Dismiss or, Alternatively, to Stay BP's Fraud and Fraudulent Concealment Claims in BP's Cross-Complaint and Third-Party Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this _____ day of November, 2011.

                                                                             /s/ Donald E. Godwin
                                                                            Donald E. Godwin