**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : | MDL No. 2179 |
| | : | SECTION: J |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE SHUSHAN |
| ………………………………………………... | : | |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION INTO EVIDENCE OF THE JOINT INVESTIGATION REPORT AND TESTIMONY**

As the Court is well aware, the United States Coast Guard and the Bureau of Ocean Energy Management and Enforcement conducted an investigation into the *Deepwater Horizon* incident (the "Joint Investigation"). The Joint Investigation generated testimony from a number of witnesses and documents and culminated in the issuance of a single, two-volume report issued on September 14, 2011. Under a federal statute, supported by consistent, well-established case law, none of this material is admissible into evidence in this case. Nor may the parties circumvent this prohibition by having expert witnesses either cite this material in their Rule 26 reports or testimony or rely upon it for their proffered opinions.

**ARGUMENT**

**I. The Report of the Joint Investigation Is Inadmissible.**

Under 46 U.S.C. § 6308, "no part of a report of a marine casualty investigation conducted under [46 U.S.C. §] 6301 . . . shall be admissible as evidence . . . in any civil . . . proceedings . . . ." The report of the Joint Investigation is plainly inadmissible in these civil proceedings. *See, e.g.*, *In re Complaint of Crosby Tugs, L.L.C.*, Civil Action nos. 02-1225, 02-1222, 2004 WL 5482859 at *2 (E.D. La. Aug. 16, 2004) (finding it "clear that the . . . Coast Guard's marine casualty

report is inadmissible . . . ."); *Baker Hughes Oilfield Operations, Inc. v. Seabulk Tankers, Inc.*, No. Civ.A.03-1230, 2004 WL 859199 at *1 (E.D. La. Apr. 20, 2004) ("By the plain language of [46 U.S.C. § 6308], the Coast Guard report disputed here is not admissible evidence . . . ."); *In re TT Boat Corp.*, No. CIV. A. 98-0494, CIV. A. 98-1109, 1999 WL 169458 at *1 (E.D. La. Mar. 25, 1999) ("By the plain language of [46 U.S.C. § 6308], . . . the [Coast Guard investigation] report may not be introduced into evidence by any party and no portion of the report may be considered an admission of liability by any person referred to in the report.").

Both volumes of the Joint Investigation's report on the *Deepwater Horizon* accident are inadmissible. Neither the participation of the Bureau of Ocean Energy Management, Regulation and Enforcement in the investigation nor the release of the Joint Investigation's findings in two volumes alters the statue's preclusive effect. As reflected in its Convening Order, hearing transcripts, and published report, the ***full*** Joint Investigation was fundamentally an investigation "conducted under [46 U.S.C. §] 6301" as required to trigger the admissibility bar of 46 U.S.C. § 6308. *See* JOINT DEPARTMENT OF THE INTERIOR AND DEPARTMENT OF HOMELAND SECURITY STATEMENT OF PRINCIPLES AND CONVENING ORDER REGARDING INVESTIGATION INTO THE MARINE CASUALTY, EXPLOSION, FIRE, POLLUTION, AND SINKING OF MOBILE OFFSHORE DRILLING UNIT DEEPWATER HORIZON, WITH LOSS OF LIFE IN THE GULF OF MEXICO at 21-22 APRIL 2010 (2011) ("Convening Order"); BUREAU OF OCEAN ENERGY MANAGEMENT, REGULATION AND ENFORCEMENT, REPORT REGARDING THE CAUSES OF THE APRIL 20, 2010 MACONDO WELL BLOWOUT (2011) ("BOEMRE Report") ("The Convening Order provides that relevant statutes and regulations . . . govern the [Joint Investigation] and that the [Joint Investigation]'s public hearings be conducted in accordance with the [United States Coast Guard]'s rules and procedures relating to Marine Boards of Investigation."). *See also* Convening Order at 1 ("In

cases where the procedures of a Marine Board of Investigation and a Panel Investigation appear to differ, the procedures for a Marine Board of Investigation shall govern."). The PSC's efforts to drive an artificial wedge between these documents is belied by the plain language of the Convening Order. *See* Convening Order (2011) ("Upon completion, the Joint Investigation . . . will issue a ***single report*** . . . containing the evidence adduced, the facts established thereby, and its conclusions and recommendations.") (emphasis added).

This same rule would apply even without these express statements by the USCG and BOEMRE. In *Nexen Petroleum*, a plaintiff sought to introduce a Coast Guard "'Enforcement Summary.'" *Nexen Petroleum*, 2007 WL 2874805 at *3. The Enforcement Summary was produced at the conclusion of a Coast Guard investigation into that emergency situation that had been conducted pursuant to 46 U.S.C. § 6301, but was itself released under an unrelated statutory authority, 46 U.S.C. § 7703. The court concluded this did not make the summary admissible.

The court first noted that, while the Enforcement Summary had not been formally issued under 46 U.S.C. § 6301, it had nevertheless been created as "part of the [Coast Guard's] investigative report." *Id.* at *4. In its discussion, the court emphasized how the statute "provides that no part of a report of an ***investigation*** conducted pursuant to 46 U.S.C. § 6301 shall be admissible." *Id.* (emphasis in original). The court recognized that the document "necessarily reveals the findings of fact, opinions, and conclusions of the investigation[,]" and reasoned that, were parties able to admit such documents through a "backdoor" on 46 U.S.C. § 6308's admissibility bar, they would be able to "frustrate the stated purpose of the law" by "admit[ing] . . . the very material [46 U.S.C. § 6308] seeks to exclude." *Id.*

As in *Nexen Petroleum*, Volume II of the Joint Investigation's report was clearly generated in the process of an investigation authorized pursuant to 46 U.S.C. § 6301. Even more

fundamentally, Volume II of the Joint Investigation's report "necessarily reveals" such thing as the "findings of fact, opinions, and conclusions" of that 46 U.S.C. § 6301 authorized investigation. Volume II acknowledges that "[t]his [r]eport is based on the investigative record developed by the [Joint Investigation] . . . ." BOEMRE Report at10.[1] Just as with the summary in *Nexen Petroleum*, Volume II of the Joint Investigation's report is inadmissible.[2]

## II. Testimony and Other Documents Generated by the Joint Investigation Are Inadmissible.

The hearings of the Joint Investigation were convened under the authority of 46 U.S.C. § 6301 and were conducted in accordance with the Coast Guard's rules and procedures relating to Marine Boards of Investigation. *See* Convening Order (2011) ("The Joint Investigation . . . will be conducted pursuant to the procedures . . . in . . . 46 U.S.C. [§] 6301 *et seq.*"; "The Joint Investigation team will investigate . . . in accordance with the provisions of . . . 46 U.S.C. § 6301 *et seq.*"); BOEMRE Report at 10 ("The Convening Order provides that . . . the [Joint Investigation]'s public hearings be conducted in accordance with the [United States Coast Guard]'s rules and procedures relating to Marine Boards of Investigation."). The admission in a private civil trial of the testimony and other materials generated is thus prohibited pursuant to 46

---

[1] This point is borne out by Volume II's copious citations and references to and excerpts from: (1) Joint Investigation hearing testimony and (2) documents gathered in the course of the Joint Investigation. *E.g.*, p. 26 of Volume II contains references to nine separate "MBI"-tagged documents generated in the course of the Joint Investigation; p. 47 of Volume II contains references to three separate Joint Investigation hearings. These are merely illustrative; similar instances occur throughout.

[2] These principals obviously compel the exclusion of any document to the extent it reproduces or otherwise conveys any part of the substance or content of the Joint Investigation report, including the following exhibits on the PSC's initial list of 300 trial exhibits are inadmissible to the extent they contain or reference Joint Investigation materials or testimony: TREX-00001 (Bly Report), TREX-00002 (Bly Report Appendix K), TREX-02032 (MBI Testimony of Jesse Gagliano), TREX-04448 (MBI Testimony of Mark Hafle), and TREX-20013 (MBI Testimony of Jimmy Harrell). The Bly report can be cured via redaction; the raw MBI testimony obviously cannot.

U.S.C. § 6308 ("no part of a report of a marine casualty investigation conducted under [46 U.S.C. §] 6301 . . . shall be admissible as evidence . . . in any civil . . . proceedings . . . ."). *See Nexen Petroleum U.S.A., Inc. v. Sea Mar Division of Pool Well Services Co.*, Civil Action No. 06-3043, 2007 WL 2874805 at *3 (E.D. La. Sept. 26, 2007) ("[f]ederal law prohibits the introduction of documents generated in marine casualty investigations as evidence in civil . . . trials."); *Gabarick v. Laurin Maritime (America), Inc.*, 406 F. App'x 883, 889 n.4 (5th Cir. 2010) (calling into question admissibility of hearing transcripts and assigning error to district court's allocation of fault where allocation was based on content of hearing transcripts as contained in party's brief); *In re American Milling Co.*, 270 F. Supp. 2d 1068, 1074-75 (E.D. Mo. 2003) (finding Coast Guard investigation hearing transcript inadmissible in civil trial), *rev'd in part on other grounds*, *In re American Milling Co.*, 409 F.3d 1005 (8th Cir. 2005). *See also Royal Insurance Co. of America v. Laurelton Welding Service, Inc.*, No. Civ.A. 02-7781, 2004 WL 1336324 at *11 (E.D. Pa. June 16, 2004) (refusing to find party prejudiced by failure of counsel to object to use of Coast Guard hearing testimony on grounds that: (1) "[t]he underlying actions . . . have not yet been tried"; (2) "no party has even attempted to move the report into evidence"; (3) "the opportunity to object [to the transcript's admissibility will] still [be available] ….")).

Coast Guard regulations guiding the conduct of marine investigations classify the reports that emerge from these investigations to include all "of the facts as determined [in the] investigation." 46 C.F.R. § 4.07-10(a) (2011) ("Report of investigation."). This is done in part to ensure that the admissibility prohibition of 46 U.S.C. § 6308 will apply beyond the report itself to hearing transcripts and other Joint Investigation documents. *See* Symposium: Maritime Catastrophes: Marine Investigation and Mass Claim Practice, *Marine Casualty Investigations*, 85 TUL. L. REV. 1363 (2011) ("[T]he Coast Guard considers written statements, transcribed

testimony, and documentary evidence obtained during an investigation to be part of the report to which inadmissibility applies."); Admiralty Law Institute Symposium: A Sea Chest for Sea Lawyers, *Marine Casualty Investigations by the United States Coast Guard and the national Transportation Safety Board*, 75 TUL. L. REV. 1387 (2001) (noting these items are considered by the Coast Guard "to be part and parcel of the 'report' to which the prohibition of admissibility in [46 U.S.C.] § 6308 applies.").[3]

## III. Joint Investigation Testimony Remains Inadmissible Even When a Witness Is Unavailable.

The fact that a witness is unavailable does nothing to alter the broad bar against the admissibility of Coast Guard testimony. Indeed, in the fifteen years since 46 U.S.C. § 6308 was enacted, no reported decision of a federal court have ***ever*** permitted Coast Guard testimony to be introduced due to a witness's unavailability. The reason for this is conveyed in the plain language of 46 U.S.C. § 6308: "***Notwithstanding any other provision of law***, no part of a report of a marine casualty investigation conducted under [46 U.S.C. §] 6301 . . . shall be admissible as evidence . . . in any civil . . . proceedings . . . ." 46 U.S.C. § 6308(a). Thus, whether or not a witness is deemed "unavailable" under the Federal Rules of Evidence is ***irrelevant*** for purposes of 46 U.S.C. § 6308: the statutory prohibition on admissibility is absolute, not contingent on compatibility with evidentiary rules. *See United States v. Egan Marine Corp.*, No. 08 C 3160, 2011 WL 3489811 (N.D. Ill. Aug. 9, 2011) (recognizing that, on account of its "not withstanding any other provision of law" language, the statutory prohibition on admissibility in 46 U.S.C. § 6308 overrides contrary language in, for example, the Federal Rules of Evidence); *In re Ward*

[3] As with the Joint Investigation report itself, documents that contain or reference Joint Investigation testimony or other documents are likewise inadmissible.

*Hornblower Proescher, Limitation Proceedings, M/V Jack London Commodore*, No. C-1708, 1999 A.M.C. 1612 (N.D. Cal. Apr. 8, 1999) (same).

## IV. Joint Investigation Materials May Not Be Used for Impeachment Purposes.

Similarly, in the fifteen years since 46 U.S.C. § 6308 was enacted, there is no reported decision from a federal court that has ***ever*** permitted Coast Guard investigation reports, testimony, or other documents to be introduced for purposes of impeachment in a private civil trial. Parties have repeatedly tried to argue that the policy and law underlying 46 U.S.C. § 6308's broad prohibition is somehow trumped for purposes of impeachment. But ***not once*** in the reported decisions has a Fifth Circuit court—or a court of any other circuit for that matter—endorsed such an argument, despite parties' repeated attempts to argue the position. *See, e.g.*, *Crosby Tugs*, 2004 WL 5482859 at *3 (refusing to grant party's request to use Coast Guard investigation report to impeach witness though deferring ultimate ruling on issue until trial); *Orgulf Transport Co. v. Magnolia Marine Transport*, No. CIV.A. 97-1411, CIV.A. 97-2200, CIV.A. 97-2910, CIV.A. 97-2911, CIV.A. 98-1484, CIV.A. 98-1486, CIV.A. 98-1880, 1999 WL 221125 at *1 (E.D. La. Apr. 12, 1999) (same); *TT Boat Corp.*, 1999 WL 169458 at *1 (same).

## V. Expert Reports and Opinions Are Inadmissible to the Extent They Reproduce, Reference, or Rely upon Joint Investigation Materials.

Section 6308 also precludes the introduction of expert reports or opinion testimony to the extent they reproduce, cite, or rely upon Joint Investigation materials. As established above, none these materials are admissible in a private civil trial. This rule cannot be circumvented by allowing this content into evidence simply because it is presented via another means, such as expert testimony. Consistent with this general prohibition, courts have made it clear that expert reports may not reproduce or reference a Joint Investigation report or its findings. This is

sensible: to hold otherwise would "frustrate the stated purpose of the law" by "admit[ing] . . . the very material [46 U.S.C. § 6308] seeks to exclude." *Nexen Petroleum*, 2007 WL 2874805 at *4.[4]

To the extent an expert report does contain such content, it must be stricken in relevant part. *See Baker Hughes*, 2004 WL 859199 at *1 (granting party's motion *in limine* to strike the "entire third page of expert['s] report" on grounds that it "reiterates the findings included in the Coast Guard [investigation] report."); *see also Louisiana ex rel. Department of Transportation and Development v. Kition Shipping Co.*, 653 F. Supp. 2d 633, 647-48 (M.D. La. 2009) ("exclude[ing]/strik[ing] all references to [and] . . . excerpts from" Coast Guard investigation report as contained in party's supporting memorandum and affidavits); *Sea Wolf Marine Towing*, No. 03 cv 5578(KMW)(THK), 2007 WL 3340931 at *1 n.2 (S.D.N.Y. Nov. 6, 2007) (ordering statement prepared and filed pursuant to local court rule struck to extent of statement's "references to" a Coast Guard investigative report).

Reports and opinions of experts are also barred to the extent they ***rely upon*** the Joint Investigation for their findings, analysis or conclusions. For example, in *Baker Hughes*, the court began by ordering an expert's report struck to the extent it "reiterate[d] the findings included in the Coast Guard [investigation] report[.]" *Baker Hughes*, 2004 WL 859199 at *1. Yet the court went on to scrutinize the assumptions and conclusions of the various experts' reports. It declared that, to the extent those experts' reports "rel[ied] on the Coast Guard [investigation] report" they would also be found inadmissible. *Id.*; *see also In re MNM Boates, Inc.*, Civil Action No. 07-1938, 2009 WL 4723178 at *1 n.1 (E.D. La. Dec. 4, 2009) (addressing

[4] To be clear, reference to the Joint Investigation does ***not*** render inadmissible evidence that is supported by another course and is otherwise admissible, though reference to the Joint Investigation as a source would still be improper. Similarly, the prohibition does not extend to documents (such as statements taken immediately after the Incident, for example) that may have later been referenced or used in the course of the Joint Investigation.

parties' concern that court's findings were invalid because of court's reliance on the testimony of experts who had "relied on the Coast Guard [investigation] report to some extent.").

This prohibition on experts' reports' reliance on content that is inadmissible pursuant to 46 U.S.C. § 6308 was also recognized in *Ward Hornblower*. *Ward Hornblower*, 1999 A.M.C. 1612. In the case, heard before a special master tasked with resolving settlement and discovery issues, private litigants sought to recover for the drowning death of their family member; the family member had jumped from the third deck of a cruise ship and drowned. Prior to the commencement of private litigation, the Coast Guard had conducted a marine casualty investigation pursuant to 46 U.S.C. § 6301. Experts attempted to rely on the Coast Guard report of that investigation "as the basis for . . . their [own expert] opinions." *Id.* at 1615. Recognizing that the prohibition on admissibility under 46 U.S.C. § 6308 extended to experts' reliance on investigation reports, the Special Master found that:

> [T]he parties' expert witnesses cannot use the [coast guard investigation report] as the basis for any of their opinions. While [Federal Rule of Evidence] 703 provides that if that facts or data are "of a type reasonably relied upon by experts in their particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence," the language of 46 U.S.C. § 6308 prohibits experts from relying on coast guard [investigation] reports because this statute excludes such evidence "[n]otwithstanding any other provision of law."

*Id.* (citing FED. R. EVID. 703; 46 U.S.C. § 6308).

In the recently issued *Egan Marine* decisions, the defendant, EMC Corporation, moved to strike government expert reports that contained and relied on a Coast Guard investigation report prepared pursuant to 46 U.S.C. § 6301. In response, the government argued that, while the investigation report was generally inadmissible, pursuant to Federal Rule of Evidence 703, its experts were still allowed to "use inadmissible facts or data to form the basis of [their] opinion[s] . . . ." *Egan Marine*, 2011 WL 3489811 at *4. The court in *Egan Marine* flatly rejected this

position, pointing out that "the broad exclusion provided by [46 U.S.C.] § 6308 is not at odds with [the contrary provision in] Federal Rule of Evidence 703 . . . due to the 'not withstanding any other provision of law' clause [in 46 U.S.C. § 6308]." *Id.* (citing *Ward Hornblower,* 1999 A.M.C. 1612). Thus, the court recognized the "not withstanding any other provision of law" clause for what it is: an override of evidentiary exceptions (*i.e.*, "other provision[s] of law") that, absent the clause, might be used to circumvent the prohibition of 46 U.S.C. § 6308. Relying on this understanding of 46 U.SC. § 6308, the court ruled that the investigation report was inadmissible, that any portions of the experts' reports that "rely on and [are] . . . substantially based on" that report were inadmissible, and that all references to the Coast Guard investigation report be struck from the experts' reports. *Id.* There is no case law to the contrary that supports any other rule in this case.[5]

**CONCLUSION**

BP respectfully requests that the Court enter an Order barring from evidence the report and any transcripts of testimony generated in the course of the Joint Investigation and barring the recitation of or reliance upon such materials by expert witnesses in their reports or testimony.

[5] In theory, an expert's report could be so replete with references to or reliance upon Joint Investigation materials that the entire report or the whole of the expert's testimony should be stricken. While BP reserves the right to so argue with regard to any specific expert report should the facts warrant, its current expectation is that 46 U.S.C. § 6308 will require striking only portions of expert reports and testimony.

Dated: November 7, 2011

Respectfully submitted,

/s / Don K. Haycraft.

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. “Mike” Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

/s/ Don K. Haycraft