UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: All Actions ……………………………………………….. | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE
TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING
PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS
CONCERNING CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

The PSC seeks (and no doubt other parties will seek) to introduce evidence regarding prior criminal, civil, and regulatory proceedings against BP, and in particular, fines, penalties, and other adverse results of such proceedings. These efforts run afoul of both settled principles within Fifth Circuit case law and established evidentiary prohibitions in the Federal Rules of Evidence, and this material should be excluded from evidence.

**I.  Evidence of Prior Fines and Penalties Is Barred by Rule 404(b).**

As set forth in BP's motion *in limine* regarding prior incidents, the arguments of which BP incorporates herein by reference, Rule 404(b) generally precludes the introduction of "other crimes, wrongs, or acts . . . to show action in conformity therewith." Also as set forth in that motion, in order to be admissible notwithstanding Rule 404(b), the proponent of the evidence must show it is both relevant and does not run afoul of the prohibitions of Rule 403.[1]

---

[1] Please note that BP's motion *in limine* regarding plaintiffs' attempt to admit documents into evidence as "public records" also discusses some of this same material. The current motion provides an independent, alternative basis for excluding these materials from evidence – regardless of whether any qualify as public records under the hearsay exception in Rule 803(8).

1

The evidence of prior fines and penalties against BP that the PSC has proffered (both in deposition testimony and its proposed exhibit lists) is irrelevant to the proceedings before the Court. The documents the PSC seeks to introduce containing fine or penalty assessments against BP run the gamut from negotiated settlements between BP and the government based on allegations of improper trading activity, *see generally* Proposed Trial Exhibit 6010, to instances of alleged improper disposal of hazardous materials in Alaska, *see* Proposed Trial Exhibit 6005. Despite the variety of content amongst these documents, what they all have in common is their irrelevance to the instant proceedings.[2]

Indeed, the efforts of the PSC to inject into the upcoming trial documents describing monetary censures arising out of wholly unrelated past events is so beyond the pale of acceptable practice that it rarely merits discussion in the published case law. Nevertheless, in the rare instance where the issue has been addressed, courts have uniformly excluded such material from evidence. *See, e.g.*, *Gotlin ex rel. County of Richmond v. Lederman*, No. 04 CV 3736(ILG), 2010 WL 1779984, at *8 (E.D.N.Y. May 3, 2010) (finding evidence plaintiffs sought to introduce in malpractice and fraud litigation relating to wholly irrelevant prior professional censure and penalty assessment to have "no relevance" under Rule 401). As with the proffered evidence discussed in BP's motion *in limine* regarding prior acts, no party has advanced any basis on which to establish the necessary factual similarity between this information and

---

[2] *See also* Proposed Trial Exhibit 870 ($87 million OSHA fine based on Texas City incident);; Proposed Trial Exhibit 6008 ($20 million penalty under Clean Water Act based on plea agreement arising out of Alaska environmental incident); Proposed Trial Exhibit 6006 ($50 million penalty under Clean Air Act based on plea agreement arising out of Texas City incident). The following exhibits on the PSC's initial list of 300 trial exhibits are inadmissible to the extent they contain or reference prior adverse criminal, civil, or regulatory proceedings or conduct unrelated to the Macondo well incident: TREX-00870, TREX-06005, TREX-06006, TREX-06008, TREX-06010, TREX-06027, TREX-06028, TREX-03820.

2

anything involving the Macondo Well in order to show any relevance of these fines and penalties to any of the issues in this case.

That this evidence is also unduly prejudicial under Rule 403 almost goes without saying. Evidence of prior wrongdoing is simply not allowed to prove a party acted wrongfully on another occasion, and no party has made any argument that any of the exceptions to this rule apply. Nor could they – there is no conceivable basis on which a prior fine or penalty could be probative of BP's "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," Rule 404(b), with regard to the events involving the Macondo Well.

Nor is any of this information admissible under the theory that it is a "statement against interest." In many of the documents for which admission is sought by the PSC, BP's payment of a fine or penalty comes as a result of a non-adjudicated enforcement action without a formal written acknowledgment of guilt on the part of the Company. *See, e.g.*, Proposed Trial Exhibit 870 (assessment of penalties by OSHA arising out of agency's monitoring of prior settlement agreement). Because of their non-adjudicative quality, such payments are inadmissible under Fifth Circuit case law. *See Inglinsky v. Player*, Civil Action No. 08-650-BAJ-CN, 2010 WL 4925000, at *6 (M.D. La. July 16, 2010) (holding that a party's "payment of a fine" without submission of corresponding written guilty plea "is not admissible as an admission against interest . . . ."); *Gayton v. Trux Transportation, Inc.*, Civil Action File No. 1:05-CV-3249-TWT, 2006 WL 3266488, at *3 & n.2 (N.D. Ga. Nov. 9, 2006) (same); *see also Swann v. Huttig Sash & Door Co.*, 436 F.2d 60, 63 (5th Cir. 1970) (employee's payment of a fine not admissible as an admission against employee's principal); *Johnson v. Empire Machinery Co.*, 256 F.2d 479, 482 (5th Cir. 1958) (same).

Many of these documents are also inadmissible under Rule 408.  Regardless of whether they might otherwise be admissible, the PSC and others would still be prohibited from introducing evidence of BP's actual payment of any fine or penalty.  *See Masemer v. Delmarva Power & Light Co.*, 723 F. Supp. 1019, 1022-23 (D. Del. 1989) (prohibiting, pursuant to Rule 408, introduction of evidence tending to establish that defendant Company "paid the OSHA fine.")  In *Masemer*, plaintiffs brought a wrongful death action against defendant company arising out of an on-job accident.  In the aftermath of the accident, OSHA levied a fine against the defendant company; the company quickly paid this fine in the hopes of resolving matters and restoring its safe business practices.

During the course of trial proceedings, the plaintiff family sought to introduce "the fact that [the company] paid the OSHA fine."  *Id.* at 1022.  The trial court rejected these efforts.  Reasoning that the payment of the fine was, for practical purposes, an offer of compromise designed to resolve the tumultuous state of affairs and safety concerns following the employee's death, the court found that, under Rule 408, evidence of such conduct was inadmissible in the suit against the company.  Underlying the court's reasoning was its recognition that a ruling to the contrary might "undermine the public policy of encouraging compromise and settlement of similar fines . . . ."  *Id.* at 1023.

BP stands in a similar position regarding its own penalties and fines.  In each instance, the Company's decision to either enter into a negotiated plea resolution or accept an administrative enforcement action was borne out of a desire to restore normal, safe operating conditions and avoid disruptive litigation.  Documents conveying the outcome of such dealings (*e.g.*, Proposed Trial Exhibit 6005; Proposed Trial Exhibit 870) are shielded from admissibility under Rule 408.

## CONCLUSION

BP respectfully requests that the Court enter an Order barring from admission into evidence documents or testimony concerning prior unrelated criminal, civil, or regulatory proceedings and their outcomes, including, but not limited to, the proposed exhibits specifically identified above.

Dated: November 7, 2011 		Respectfully submitted,

/s / Don K. Haycraft.

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

6

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

/s/  Don K. Haycraft