UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER  MAGISTRATE JUDGE |
| ………………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN
LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE
REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER
CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

The PSC and other parties have made it well clear that they intend to elicit testimony, introduce documents, and proffer expert opinions concerning a number of prior incidents in which they claim BP's conduct was unsafe, negligent, or otherwise inappropriate, and that BP's history and alleged "culture" of risk and irresponsibility with regard to the health and safety of its employees, the public, and the environment is probative of the causes of the oil spill at issue in this case. They fully intend to dedicate a substantial portion of their case to establishing that BP's corporate "character" was a cause of the Macondo Well incident. Indeed, it is no exaggeration to say that this theory is the centerpiece of their anticipated case.

The PSC's strategy raises a fundamental choice for the Court. Is Phase I of the trial going to be about the drilling of the Macondo Well, what occurred on board the *Deepwater Horizon*, and the acts of the firms and individuals that led to the sinking of the vessel and the resulting oil spill? Or, are the Court and the parties going to spend weeks sparring over the facts, causes, and implications of an exhaustive list of several-years-worth of industrial accidents involving one of the world's largest energy companies – ***none*** of which involved deepwater oil drilling, loss of control of a well, or an oil spill with any probative similarity to what occurred on

1

board the *Deepwater Horizon* or at the Macondo Well? Common sense dictates the obvious answer, which is also mandated by the law.

No motion the Court decides in this case will have a greater impact on the record that will be generated by the Phase I trial. It is critical that the Court enforce the rules that will keep the trial from degenerating into an unconfined, otiose, and unfair exploration of events wholly unrelated to the issues set for adjudication. Happily, the law on this issue is clear and fully aligned with the practical mandate to limit the evidence at trial to that necessary to determining what caused the *Deepwater Horizon* oil spill.

## I.   Evidence Concerning Prior Incidents Is Barred by Rule 404(b).

Federal Rule of Evidence 404(b) prohibits the introduction of evidence of prior alleged improper conduct by BP: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." In order to avoid this prohibition, evidence must satisfy two separate tests: First, it must have relevance to an issue beyond that of the adverse party's character, *i.e.*, it must satisfy Rule 401; second, its probative value must not be substantially outweighed by the risk of undue prejudice, confusion, delay, and waste of time, *i.e.*, it must not run afoul of Rule 403. *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (establishing the doctrine in the Fifth Circuit); *see, e.g.*, *United States v. Ashoor*, No. 10-20354, 2011 WL 1659780, at *3 *et seq.* (5th Cir. Apr. 29, 2011) (describing and applying *Beechum* doctrine); *Walker v. Yellow Freight Systems, Inc.*, No. Civ.A. 98-3565, 1999 WL 955364, at *2 *et seq.* (E.D. La. Oct. 19, 1999) (same).

The PSC's efforts to introduce prior-incident evidence fail on both accounts. Courts in the Fifth Circuit have shown a steady willingness to exclude evidence regarding past incidents on these grounds. *See, e.g.*, *Lett v. Texas Department of Criminal Justice*, 228 F.3d 409 (5th Cir. 2000) (affirming district court exclusion of prior investigation report under Rule 404); *Bibbins v.*

*City of Baton Rouge*, 489 F. Supp. 2d 562, 584-85 (M.D. La. 2007) (finding evidence of prior unrelated conviction and sentence facially within the scope of one of the exceptions to Rule 404(b) but ultimately inadmissible for failure to satisfy Rule 403); *United States v. Richmond*, No. CRIM. A. 00-321, 2001 WL 1117235, at *2 (E.D. La. Sept. 21, 2001) (excluding evidence related to an alleged criminal scheme pursuant to Rule 404(b)); *Dowthitt v. Johnson*, 180 F. Supp. 2d 832, 848 (S.D. Tex. 2000) (finding documents detailing prior law enforcement investigation report inadmissible under Rule 404(b)); *Yellow Freight*, 1999 WL 955364, at *2 (excluding evidence of prior accidents pursuant to Rule 404(b)); *see also Smith v. Great West Casualty Co.*, Civil Action No. 05-4654, 2007 WL 4114342, at *1 (E.D. La. Nov. 15, 2007) (Barbier, J.) (finding evidence of prior conviction and offender status inadmissible under Rule 609). The same result should obtain here.

      **A.**      **Evidence Regarding Prior Incidents Is Not Relevant.**

The first part of the *Beechum* inquiry requires a showing that the prior acts sought to be introduced are "relevant to an issue other than the defendant's character[.]" *United States v. Peters*, 283 F.3d 300, 312 (5th Cir. 2002). At the heart of this relevance inquiry is a question of similarity: "The relevance of [prior acts offered into evidence] 'is a function of [their] similarity . . .,' and similarity must be determined with respect to the particular issue to which the [prior acts are] addressed." *United States v. Raymond*, Criminal Action No. 09-157, 2011 WL 4716234, at *2 (E.D. La. Oct. 5, 2011).

Critically, federal courts have held that it is the party introducing the prior bad acts which bears the burden of establishing the similarity between the prior acts and the particular issues in the live proceedings to which those prior acts are addressed. *See, e.g.*, *Ferguson v. Valero Energy Corp.*, Civil Action No. 06-540, 2010 WL 2164493, at *4 (E.D. Pa. May 27, 2010); *Willis v. TRC Companies Inc.*, Civil Action No. 05-1010, 2008 WL 3911040, at *7 (W.D. La.

Aug. 25, 2008). In assessing this similarity, distance of time, separation of place, and, of course, overall difference of circumstances, all weigh against a finding of sufficient similarity to satisfy the *Beechum* inquiry. *See Yellow Freight*, 1999 WL 955364, at *1-2 (finding evidence of prior accidents inadmissible pursuant to Rule 404(b) in light of party's argument that accidents sought to be admitted were not "'substantially similar in time, place [or] circumstance' as the accident [at issue in the litigation] . . . ."); *Mathias v. Accor Economy Lodging, Inc.*, No. 01 C 6329, 2002 WL 1611582, at *3 (N.D. Ill. July 22, 2002) (finding evidence of prior infestation inadmissible pursuant to Rule 404(b) in light of fact that prior incident sought to be admitted was "four years prior to incident at issue [in the litigation] and occurred in a different state . . . .").

The past incidents the PSC seeks to introduce are wholly dissimilar to the events that occurred in the drilling of the Macondo Well by the *Deepwater Horizon*. Stating the obvious, this case centers on a series of events that took place during the drilling of the Macondo Well – it concerns actions taken onboard a deepwater drilling rig hired by BP, owned and operated by Transocean, and the work of several other contractors. The events the PSC seeks to bring into evidence range have nothing to do with these facts. Instead, the range from a series of decade-old system failures that occurred at a BP petrochemical facility in Scotland (Grangemouth), to the rupture of a corroded pipeline in Alaska (Pruhoe Bay), to an explosion at the BP Texas City refinery in 2005.[1] Other than the unremarkable fact that industrial accidents have occurred at BP facilities – an unsurprising fact that is true for every large industrial corporation – there is nothing to link any of these incidents to the *Deepwater Horizon* oil spill. Other than waving around the general notion that these other incidents speak to BP's approach and culture – *i.e.*,

---

[1] The following exhibits on the PSC's initial list of 300 trial exhibits fall within the purview of this motion: TREX-03814, TREX-03820, TREX-03823, TREX-03824, TREX-03861, TREX-03864, TREX-03866, TREX-06011, TREX-06012, TREX-06013, TREX-06026, TREX-06027, TREX-06028, TREX-06250, TREX-06262, and TREX-20006.

BP's corporate character with respect to "safety" – neither the PSC nor any other party has made *any* showing that these other incidents have any probative similarity to what occurred at the Macondo Well.

### B. Evidence Regarding Prior Incidents Is Unduly Prejudicial, Will Confuse the Issues, and Cause Undue Delay and Waste Time.

The second part of the *Beechum* inquiry focuses on the whether the past incidents sought to be introduced run afoul of Rule 403.[2]  *See Beechum*, 582 F.2d at 911.  Under Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

When performing this second half of the *Beechum* inquiry, courts are particularly attuned to three factors.  First, "the remoteness [in time] of the [prior] acts may weaken [their] probative value . . . ."  *United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir. 1996).  Second, the less similar the prior acts to the issues at play in the instant proceedings, the better the case for those prior acts' inadmissibility pursuant to Rule 404(b).  *See Beechum*, 582 F.2d at 915 (describing how the probative value of prior acts "correlates positively" with their similarity to the live issues (for example, the offense charged) in the proceedings); *Raymond*, 2011 WL 4716234, at *4.  Third, the availability of other, relevant evidence concerning what actually occurred at the

---

[2] The PSC makes much of the fact that the concern for the introduction of unduly prejudicial evidence expressed in Rule 403 is tempered in a bench trial.  This is true, but only goes so far.  The Rule applies nonetheless, and no amount of deference to the Court's ability to discern distinctions in the evidence justifies the introduction of inadmissible evidence.  More fundamentally, the PSC takes an unduly narrow view of the purpose of Rule 403.  The Rule's concerns are not limited to "undue prejudice" and "confusion of the issues," but include "undue delay, waste of time, or needles presentation of cumulative evidence."  These concerns, if anything, are heightened in this bench trial, where the presentation of pointless prior-incident evidence threatens to more than overwhelm the Court's time and resources and severely delay (and call into question) the adjudication of the key threshold issues of causation.

5

Macondo Well weighs heavily against the value of admitting information about prior unrelated acts into evidence. *See Raymond*, 2011 WL 4716234, at *3 (citing *United States v. Chandler*, 368 Fed. App'x 495, 500 (5th Cir. 2010)).

As discussed above, the past incidents that the PSC seeks to bring into the trial are wholly dissimilar to, and temporally, operationally, and geographically removed from, the events involving the Macondo Well. No party has made a case for any factual similarity across these incidents to the conduct at issue in this case. Moreover, the PSC has had full opportunity to take discovery of the conduct of BP, the decisions and actions of its executives and employees and contractors, and the events that took place leading to and during the drilling and temporary abandonment of the Macondo Well. The PSC will have full opportunity to attempt to argue that any or all of this was risky, irresponsible, negligent, grossly negligent, or simply unsafe. No party has identified any need to search the archives of history for other BP incidents that did not involve any similar endeavor, purpose, or course of conduct in order for them to be able to show what occurred at the Macondo Well. There is no conceivable prejudice to the PSC's case that would flow from prohibiting it from spending time presenting evidence regarding what did or did not happen (let alone how or why it happened), 11 years ago at a chemical plant in Scotland, to take but one example.

But perhaps even more compelling is the simple truth that allowing evidence of past incidents into evidence will cripple the February trial and turn it into a time-destroying and issue-distracting frolic across history in a misguided attempt to hold BP liable for some abstract aggregation of snippets from its far-flung industrial operations over time. If this evidence is allowed, the trial will necessarily degenerate into a series of inquiries into past events and the parties will spend hours of time sparring over everything ***but*** what happened on the *Deepwater*

*Horizon* in the spring of 2010.  *See Landrieu Construction, Inc. v. DRC Emergency Services, LLC*, Civil Action No. 09-3418, 2010 WL 1817768, at *5 (E.D. La. Apr. 30, 2010) (granting motion *in limine* to exclude evidence of past acts sought to be admitted pursuant to Rule 404(b), noting substantial dissimilarity between live issues and facts of those past acts, and recognizing the risk in the event of a contrary ruling that the proceedings would become "a trial within a trial . . . ."); *In re Chicago Flood Litigation*, 93 C 1214, 1995 WL 437501, at *6 (N.D. Ill. July 21, 1995) ("[E]vidence regarding prior accidents may lead to a 'trial-within-a trial' by requiring the defendant to bring in extensive evidence to establish that the prior incident lacks probative value.").  Not only would this fail to serve the purposes of the trial – it would frustrate them beyond repair, as BP would be forced to respond and introduce its own additional evidence related to these historical incidents from across the globe, not only to defend its conduct with regard to those other incidents, but also to show why they have no bearing on this case.  This would improperly shift the burden to BP to prove these incidents were unrelated, when the law requires the PSC to establish relevance in the first instance.

BP is anxious to resolve the issues set for trial in February.  The Court and all the parties have worked, and continue to work, incredibly hard to allow this important proceeding to take place on a schedule that, given the events at issue, is nothing short of remarkable in the context of modern civil litigation.  Much of that work will be for naught if the trial itself does not efficiently address the proximate causes of the *Deepwater Horizon* accident and oil spill.  That goal will not be achieved if the PSC or other parties are allowed to turn the case into an inquisition into BP's corporate character or history.  They are free to argue what they will about BP as evidenced by and reflected in the events involving the Macondo Well.  The Federal Rules

7

of Evidence and basic principles of common sense and fairness prohibit them from attempting to make their case on the basis of unrelated instances of alleged inappropriate conduct.

Dated:  November 7, 2011					Respectfully submitted,


							/s / Don K. Haycraft.


							Don K. Haycraft (Bar #14361)
							R. Keith Jarrett (Bar #16984)
							LISKOW & LEWIS
							One Shell Square
							701 Poydras Street, Suite 5000
							New Orleans, Louisiana 70139-5099
							Telephone: (504) 581-7979
							Facsimile: (504) 556-4108

							and

							Richard C. Godfrey, P.C.
							(richard.godfrey@kirkland.com)
							J. Andrew Langan, P.C.
							(andrew.langan@kirkland.com)
							Timothy A. Duffy, P.C.
							(tim.duffy@kirkland.com)
							Kirkland & Ellis LLP
							300 North LaSalle Street
							Chicago, IL 60654
							Telephone: (312) 862-2000
							Facsimile: (312) 862-2200

							and

							Robert C. "Mike" Brock
							(mbrock@cov.com)
							Covington & Burling LLP
							1201 Pennsylvania Avenue, NW
							Washington, DC 20004-2401
							Telephone: (202) 662-5985

							*Attorneys for the BP Exploration &*
							*Production Inc. & BP America Production*
							*Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

                                                         /s/  Don K. Haycraft__