UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION J |
| This document relates to: | § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |
| 2-10-cv-02771; 2-10-cv-04536 | § § § § § | |

**REPLY IN SUPPORT OF DEFENDANT M-I L.L.C.'S MOTIONS TO DISMISS TRANSOCEAN'S CROSS-CLAIMS/COUNTERCLAIMS AND <u>THIRD-PARTY CLAIMS</u>**

Transocean's opposition fails to establish that it has a right to a contract-based remedy against M-I L.L.C. ("M-I"). Transocean does not argue that it had a contractual relationship with M-I. In addition, Transocean does not argue that it was a third-party beneficiary of any other contract. Because Transocean does not contest these two points, the court must dismiss its claim for breach of the warranty of workmanlike performance under Federal Rule of Civil Procedure 12(b)(6).

<u>ARGUMENT</u>

**I.   TRANSOCEAN MISUNDERSTANDS M-I'S MOTIONS.**

Contrary to Transocean's arguments, M-I does not base its motions on Federal Rule of Civil Procedure 8. M-I simply argues that even taking everything pleaded as true, Transocean did not state a claim for which relief can be granted under Rule 12(b)(6). *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Thus, Transocean's arguments that it satisfied Rule 8's notice

pleading requirements, *see* Opp. 3-4, are irrelevant.  Transocean's asserted legal theory—breach of the warranty of workmanlike performance—is clear; it just does not apply in this case.

## II.  TRANSOCEAN HAS NOT PLEADED A VALID CLAIM FOR BREACH OF THE WARRANTY OF WORKMANLIKE PERFORMANCE.

M-I's motions to dismiss assert two grounds for rejecting Transocean's breach of warranty of workmanlike performance theory against M-I:  Transocean did not have a contract with M-I, and Transocean did not plead it was the third-party beneficiary of any contract involving M-I.  Transocean admits to the lack of contractual relationship with M-I, and it does not claim to be a third-party beneficiary of M-I's contract with BP.  Opp. 2-3.  That ends the analysis, and under governing law, this Court should dismiss Transocean's claim.

Transocean vaguely argues instead that the warranty of workmanlike performance "may" extend to parties without a direct contractual relationship.  Opp. 3.  Yet Transocean has alleged no facts showing any reason such an extension should apply here.

Transocean cites two cases for its argument that the warranty "may" extend beyond a contractual relationship:  *Whisenant v. Brewster-Bartle Offshore Co.*, 446 F.2d 394 (5th Cir. 1971) and *Todd Shipyards Corp. v. Turbine Service, Inc.*, 674 F.2d 401 (5th Cir. 1982).  In *Whisenant*, the Fifth Circuit affirmed the application of the warranty of workmanlike performance in a situation without privity of contract because the circumstances showed that the party without privity was in "the zone of modern law that recognizes rights in *third-party beneficiaries*."  446 F.2d at 401 (emphasis added).  *Todd Shipyards* merely summarily repeated *Whisenant*'s holding.  674 F.2d at 417.  Thus, these cases recognize that a third-party beneficiary relationship is the lynchpin to applying the warranty of workmanlike performance outside of a direct contractual relationship.  *See also Waterman Steamship Corp. v. Dugan & McNamara, Inc.*, 364 U.S. 421, 424-25 (1960) (stating that shipowner's right of indemnity against stevedore

company is based on third-party beneficiary theory); *Loffland Bros. Co. v. Roberts*, 386 F.2d 540, 549 (5th Cir. 1967) (noting that ships and shipowners are third-party beneficiaries of stevedoring contracts). Unlike those cases, Transocean, in its claim against M-I and in its briefing, has never once claimed to be a third-party beneficiary of BP's contract with M-I.

Transocean pleaded no facts that could show the existence of a third-party beneficiary relationship. It merely states, without any supporting authority, that the existence of a contract for services on the *Deepwater Horizon* and Transocean's suit "for a breach of warranty arising out of M-I's provision of these services" is all that is required. Opp. 4. This is incorrect. "Under well settled contract principles, a promise must be made directly for the benefit of a third party to support a claim by that third party under the contract." *Atl. & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.*, 750 F.2d 457, 459 n.3 (5th Cir. 1985); *accord Palma v. Verex Assurance, Inc.*, 79 F.3d 1453, 1457 (5th Cir. 1996) (applying Texas law); *Doucet v. Nat'l Maint. Corp.*, 822 So. 2d 60, 66 (La. Ct. App. 2002) (Louisiana law). This intent must be evidenced solely in the contractual language. *See Palma*, 79 F.3d at 1457; *BP Oil Int'l, Ltd. v. Empresa Estatal Petroleos de Ecuador*, No. 04-20911, 2008 WL 162889, at *3 (5th Cir. Jan. 16, 2008) (Texas and federal maritime law). An incidental benefit to a third party is insufficient to establish third-party beneficiary status. *See Atl. & Gulf Stevedores*, 750 F.2d at 459 n.3; *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So. 2d 1206, 1212 (La. 2006) (Louisiana law). Transocean has not alleged that it was a third-party beneficiary, much less pleaded any facts showing language in the M-I/BP contract establishing that the parties intended to directly benefit Transocean. Transocean merely incidentally benefitted from M-I's contract with BP, and that is an insufficient basis to establish a third-party beneficiary relationship.

Transocean admits it does not have a contract with M-I.  Transocean never once alleges to be a third-party beneficiary of the M-I/BP contract.  Therefore, under Fifth Circuit law, Transocean has failed to state a claim for which relief can be granted for the contract-based remedy of breach of the warranty of workmanlike performance.

## CONCLUSION

For the foregoing reasons, M-I respectfully requests that this Court dismiss Transocean's Cross-Claims/Counterclaims and Third Party Claims to the extent discussed above under Federal Rule of Civil Procedure 12(b)(6).

November 7, 2011                                      Respectfully submitted,

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com.
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:	(305) 415-3000
Facsimile:	(305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:	(713) 890-5000
Facsimile:	(713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ *Hugh E. Tanner*
      Hugh E. Tanner
      htanner@morganlewis.com
      Texas Bar No. 19637400
      1000 Louisiana, Suite 4000
      Houston, Texas  77002
      Telephone:	(713) 890-5000
      Facsimile:	(713) 890-5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply in Support of Defendant M-I L.L.C.'s Motions to Dismiss Transocean's Cross-Claims/Counterclaims and Third Party Claims has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 7th day of November, 2011.

      /s/ *Hugh E. Tanner*
      Hugh E. Tanner