UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG<br>           "DEEPWATER HORIZON" in the<br>           GULF OF MEXICO on<br>           APRIL 20, 2010<br><br>This document relates to:<br><br>2:10-cv-02771 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**REPLY IN SUPPORT OF M-I L.L.C.'S MOTION TO DISMISS
HALLIBURTON'S CROSS-CLAIM**

Halliburton claims to be an unnamed third-party beneficiary of the M-I/BP contract. However, Halliburton does not allege facts sufficient to establish that M-I and BP clearly intended their contract to benefit Halliburton. Halliburton makes a conclusory assertion that it is a member of the "service company group" but asserts no facts to establish it falls within the category of contractors M-I agreed to indemnify. Dkt. No. 4444 at 4. Because Halliburton fails to allege sufficient facts to state a claim for which relief may be granted, the court must dismiss its contractual indemnity claim under Federal Rule of Civil Procedure 12(b)(6).

**ARGUMENT**

**I.    THIRD-PARTY BENEFICIARY LAW REQUIRES A CLEAR INTENT TO BENEFIT.**

M-I's contract with BP provides that it is governed by maritime law, and in the alternative, Texas law. No matter what body of law governs Halliburton's claims, the requirements to establish third-party beneficiary status are functionally identical. Maritime and Texas law both have substantively similar requirements for third-party beneficiary status. Regardless of what laws governs Halliburton's claims, it has failed to allege the elements that will establish it as a third-party beneficiary.

1

Under general maritime law, "a promise must be made directly for the benefit of a third party to support a claim by that third party under the contract." *Atl. & Gulf Stevedores, Inc. v. Revelle Shipping Agency, Inc.*, 750 F.2d 457, 459 n.3 (5th Cir. 1985).  The parties must clearly and expressly intend to bestow a benefit upon a third party, and that benefit must not be merely incidental to the primary purpose of the contract.  *See Wallace v. Texaco, Inc.*, 681 F.2d 1088, 1090 (5th Cir. 1982).

Similarly, under Texas law, parties are generally presumed to contract for themselves, and a contract will not be construed as having been made for the benefit of a third party unless it clearly appears that such was the intention of the contracting parties.  *Palma v. Verex Assurance, Inc.*, 79 F.3d 1453, 1457 (5th Cir. 1996) (applying Texas law); *Corpus Christi Bank & Trust v. Smith*, 525 S.W.2d 501, 503-04 (Tex. 1975) ("[A] contract will not be construed as having been made for the benefit of third parties unless it clearly appears that such was the intention of the contracting parties." (citation omitted)).  To be able to recover as a third-party beneficiary, Halliburton must prove that BP and M-I "intended for [Halliburton] to benefit by their written agreement[]" as evidenced "solely from the language of the contract."  *Palma*, 79 F.3d at 1457.[1]

## II.    THE M-I/BP CONTRACT DOES NOT EVIDENCE A CLEAR INTENT TO BENEFIT HALLIBURTON.

Halliburton alleges that under the M-I/BP contract, it qualifies as a third-party beneficiary because M-I agreed to indemnify the "service company group."  However, this assertion does not put it within the class of entities protected by the indemnity agreement.  In its cross-claim,

---

[1] Moreover, even if Louisiana law governed, the law is functionally the same.  Under Louisiana law, there are "three criteria for determining whether contracting parties have provided a benefit for a third party: 1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee."  *Joseph v. Hosp. Serv. Dist. No. 2*, 939 So. 2d 1206, 1212 (La. 2006).  Such a stipulation "is never presumed, and the intent of the contracting parties to stipulate a benefit in favor of a third party must be made manifestly clear."  *Doucet v. Nat'l Maint. Corp.*, 822 So. 2d 60, 66 (La. Ct. App. 2002) (emphasis omitted).  Furthermore, to establish this stipulation for a third party, "the third-party relationship must form the consideration for a condition of the contract, and the benefit may not be merely incidental to the contract."  *Id*. (emphasis omitted).

Halliburton fails to allege sufficient facts to show that it qualifies as a member of the "service company group." Halliburton does not allege that it is a contractor that contracted with BP to perform the type of "work," as described under the contract, sufficient to establish itself as a member of the indemnitee "service company group."

Furthermore, M-I only agreed to indemnify those in the "service company group" that also have provided substantially similar reciprocal releases of liability in favor of M-I. However, Halliburton fails to allege that its agreement is substantially similar. While Halliburton points to a provision in its contract with BP that BP will "use its reasonable endeavors to ensure" that its other contracts have substantially similar indemnity provisions, notably, Halliburton fails to point to any provision in its contract reflecting such "substantially similar indemnity provision." Halliburton has also failed to honor any indemnity agreement to indemnify M-I. Halliburton cannot claim the "benefits" of the contract, yet ignore those provisions requiring it to indemnify BP's contractors. *Grillet v. Sears, Roebuck & Co.*, 927 F.2d 217, 220 (5th Cir. 1991) ("A party cannot be permitted to retain the benefits received under a contract and at the same time escape the obligations imposed by the contract.").

Halliburton has not alleged any facts showing language in the M-I/BP contract establishing that the parties intended to directly benefit Halliburton. Halliburton also fails to allege any facts to support its conclusory assertion that it is within the group of contractors M-I agreed to indemnify. Halliburton merely incidentally benefitted from M-I's contract with BP, and that is an insufficient basis to establish a third-party beneficiary relationship. Because Halliburton is not a party to the contract between BP and M-I, and cannot show that the contract shows a clear intention to benefit it, M-I is not contractually liable to indemnify Halliburton.

**CONCLUSION**

For the foregoing reasons, M-I respectfully requests that this Court dismiss Halliburton's Cross-Claim to the extent discussed above under Federal Rule of Civil Procedure 12(b)(6).

November 7, 2011                                       Respectfully submitted,

**OF COUNSEL:**                                        MORGAN, LEWIS & BOCKIUS LLP
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon                                          By: /s/ *Hugh E. Tanner*
dleon@morganlewis.com.                                       Hugh E. Tanner
Texas Bar No. 24002463                                       htanner@morganlewis.com
5300 Wachovia Financial Center                               Texas Bar No. 19637400
200 South Biscayne Boulevard                                 1000 Louisiana, Suite 4000
Miami, Florida  33131                                        Houston, Texas  77002
Telephone:    (305) 415-3000                                 Telephone:    (713) 890-5000
Facsimile:    (305) 415-3001                                 Facsimile:    (713) 890-5001

Denise Scofield
dscofield@morganlewis.com                              **ATTORNEY FOR DEFENDANT**
Texas Bar No. 00784934                                 **M-I L.L.C.**
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:    (713) 890-5000
Facsimile:    (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendant M-I L.L.C.'s Reply in Support of M-I L.L.C.'s Motion to Dismiss Halliburton's Cross-Claim has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 7th day of November, 2011.

    /s/ *Hugh E. Tanner*
    Hugh E. Tanner