**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| |
|---|
| In re:  Oil Spill by the Oil Rig<br>*Deepwater Horizon* in the Gulf<br>Of Mexico, on April 20, 2010<br><br>This document applies to:<br>*All Cases* |

MDL No. 2179

SECTION: J

JUDGE BARBIER

MAGISTRATE SHUSHAN

### TRANSOCEAN'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ALL PARTS OF THE JOINT INVESTIGATION TEAM REPORT AND ALL TESTIMONY GIVEN BEFORE THE JOINT INVESTIGATION TEAM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Transocean Offshore Deepwater Drilling Inc.; Transocean Holdings LLC; Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively, "Transocean") and file this their Memorandum in Support of Motion in Limine to exclude from the February 27, 2012 trial of liability, limitation, exoneration and fault allocation any and all parts of the Joint Investigation Team's Report of its investigation into the events of April 20-22, 2010 and all testimony given before the Joint Investigation Team.

### FACTUAL BACKGROUND

On April 27, 2010 the Department of the Interior and the Department of Homeland Security released a joint Statement of Principles and Convening Order beginning the agencies' joint investigation of the BP Oil Spill.[1]  The Statement of Principles and Convening Order provides expressly that the joint investigation is to be conducted pursuant to 46 U.S.C. § 6301:

---

[1] Joint Department of the Interior and Department of Homeland Security Statement of Principles and Convening Order Regarding Investigation into the Marine Casualty, Explosion, Fire, Pollution, and Sinking of Mobile Offshore

> The Joint Investigation is convened pursuant to agency authorities and will be conducted pursuant to the procedures contained in 43 U.S.C. § 1348, 14 U.S.C. § 141, 46 U.S.C. §§ 6301 *et seq.*, 33 C.F.R. § 140, Subpart C; 30 C.F.R. §§ 250.186-191, and 46 C.F.R. Part 4.  (Convening Order ¶ 3.)

> The Joint Investigation team will investigate thoroughly the matter hereby submitted to it in accordance with the provisions of 43 U.S.C. § 1348, 46 U.S.C. § 6301 *et seq.*, and the applicable regulations thereunder.  (Convening Order ¶ 4.)

As described on the Coast Guard's website, "Homeport," The Joint Investigation Team ("JIT")'s "report is comprised of Volume I, covering the areas of investigation under the jurisdiction of the Coast Guard; Volume II, covering the areas of the investigation under BOEMRE jurisdiction; and a supplement to Volume I – the Final Action Memo from Coast Guard Commandant Adm. Bob Papp," available at https://homeport.uscg.mil (visited Nov. 2, 2011).

The trial of liability, limitation, exoneration and fault allocation is scheduled to begin in these civil proceedings on February 27, 2012.  Plaintiffs have submitted to the Court an October 17, 2011 letter brief arguing that some portions of the JIT report, and some testimony given before the JIT, may be admissible at trial.  [Dkt. 4340.]

## ARGUMENT AND CITATION OF AUTHORITY

### A.    "No Part" of the JIT Report May Be Admitted Into Evidence.

#### 1.    46 U.S.C. § 6308 is Unambiguous.

Congress has expressly and unambiguously forbidden the use in civil proceedings of reports of investigations conducted pursuant to Chapter 63 of the Shipping Code.  46 U.S.C. § 6308(a) provides:

---

Drilling Unit Deepwater Horizon, with Loss of Life in the Gulf of Mexico 21-22 April 2010, available at http://www.dhs.gov (visited August 31, 2011).

### § 6308.  Information barred in legal proceedings

**(a)** Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.

46 U.S.C. § 6308(a).

By its plain terms, Section 6308 requires that all parts of the JIT Report, and any excerpts from the JIT report, be excluded from evidence.  *See, e.g.*, *Baker Hughes Oilfield Operations, Inc. v. Seabulk Tankers, Inc.*, No. Civ.A.03-1230, 2004 WL 859199, at *1 (E.D. La. Apr. 20, 2004) ("By the plain language of [46 U.S.C. § 6308(a)], the Coast Guard report disputed here is not admissible evidence in this case."); *Tokio Marine & Fire Ins. Co. v. M/V Flora*, No. Civ.A. 97-1154, 1998 WL 516110, at *2 (E.D. La. Aug. 18, 1998) (striking report from motion for partial summary judgment; "the report may not be introduced into evidence by any party"); *Tenn. Valley Auth. v. Vulcan Materials Co. (In re Crounse Corp.)*, 956 F. Supp. 1384, 1390 (W.D. Tenn. 1997) (marine casualty report "is not admissible in this civil matter").  Section 6308 also requires that any portion of an expert report that quotes or relies on the JIT Report be excluded from evidence.  *See, e.g.*, *Baker Hughes*, 2004 WL 859199, at *1 ("The entire third page of Torborg's expert report reiterates the findings included in the Coast Guard report.  The Court will excise the portion of Torborg's report relating to the Coast Guard report and any opinion shown to be predominantly based upon that report.").

> 2.  Volume II of the JIT Report is Part of the JIT Report and Therefore Inadmissible.

Plaintiffs have argued that the statute should not apply to "the BOEMRE Report" – that is, Volume II of the JIT Report.  (*See* Dkt. 4340, Oct. 17, 2011 MIB Letter Brief at 3.)  The argument is inconsistent with § 6308 and at odds with Judge Shushan's June 28, 2011 Order

interpreting the scope of § 6308 with respect to certain Det Norske Veritas ("DNV") documents [Dkt. 3071].

The exclusionary rule provided in § 6308(a) does not refer to a "Coast Guard Report." It refers instead to "a report of a marine casualty investigation conducted under section 6301 of this title." That is, the trigger for application of § 6308 is whether the report at issue is of "an investigation conducted under section 6301" of Title 46.

The Joint Investigation undeniably was so conducted. The "Statement of Principles and Convening Order" issued by the Department of the Interior and the Department of Homeland Security with respect to the Joint Investigation explicitly provides that "[t]he Joint Investigation is convened pursuant to agency authorities and will be conducted pursuant to the procedures contained in 43 U.S.C. § 1348, 14 U.S.C. § 141, **46 U.S.C. § 6301** *et seq.*, 33 C.F.R. § 140, Subpart C; 30 C.F.R. §§ 250.186-191, and 46 C.F.R. Part 4." (Convening Order ¶ 3). (Emphasis added.) The report of that investigation – in its entirety – is inadmissible under § 6308.

That conclusion is confirmed by Judge Shushan's June 28, 2011 Order denying a motion to compel production of certain DNV documents. Judge Shushan rejected the argument that § 6308 did not extend to "non-Coast Guard personnel" [Dkt. 2962 at 4]: "The Court concurs with U.S. that in this instance the Section 6308 protection applies to the marine casualty investigation of the Deepwater Horizon as an activity and not to specific categories of personnel involved in the investigation." [Dkt. 3071 at 4.] The same conclusion applies here: Volume II of the JIT Report, like Volume I, is a report of a single marine casualty investigation, jointly undertaken. Both volumes of the report are inadmissible under 46 U.S.C. § 6308, regardless of the "specific categories of personnel" involved in preparing them.

4

3.   46 U.S.C. § 6308 Includes No Exception for "Raw Materials".

Plaintiffs also argue, relying solely on Judge Porteous's opinion (misidentified in Plaintiffs' letter brief as that of Judge Duval) in *In re Danos & Curole Marine Contractors, Inc.*, 278 F. Supp. 2d 783 (E.D. La. 2003), that "photos and other raw materials" included in the JIT Report but not constituting "findings of fact, opinions, deliberations, or conclusions" might be admissible.  [Dkt. 4340 at 2.]  Section 6308, however, includes no exception for "raw material" – on the contrary, the statute provides that "no part" of the JIT Report may be admitted, and courts routinely enforce this broad rule according to its terms.  *See, e.g.*, *Baker Hughes*, 2004 WL 859199, at *1 (Duval, J.) ("This Court intends to enforce 46 U.S.C. § 6308(a) by striking any portion of the Coast Guard Report, however it may be presented."); *see also Falconer v. Penn Maritime, Inc.*, 397 F. Supp. 2d 68, 70 (D. Me. 2005) ("The phrase 'no part' excludes the entire report and the list of specifically excluded contents is 'illustrative and not exclusive.'") (citing *In re Danos & Curole*, 278 F. Supp. at 785).  Indeed, Judge Porteous in *In re Danos & Curole* acknowledged that the list of excluded items recited in § 6308 is "illustrative and not exclusive," but declined on the facts presented in that case to exclude specific photographs included in a marine casualty report from the record.  Plaintiffs identify no such photographs or "raw material" at issue here, but ask for an abstract ruling applying § 6308 more narrowly than it has been applied in *In re Danos & Curole* or any other case.  Transocean respectfully submits that § 6308 includes no exception for photographs or "raw material" and requires that no part of the JIT Report be admitted into evidence.

4.   The Court Should Defer the Question Whether the JIT Report May Be Used for Impeachment.

Plaintiffs also suggest that some portion of the JIT Report might be admissible for impeachment, citing cases in which the question has been deferred (but never decided).

Transocean respectfully submits that the question should be deferred in this case as well, particularly in light of the limited universe of witnesses who could be "impeached" with the JIT Report and the general rule of inadmissibility imposed by § 6308.

### B. **Testimony Before the JIT Is Likewise Inadmissible.**

#### 1. <u>Testimony Taken at the JIT Hearings Is Inadmissible Under § 6308.</u>

Testimony given before the JIT, like the JIT Report, should also be excluded from evidence in this case. *See In re Am. Milling Co.*, 270 F. Supp. 2d 1068, 1074-75 (E.D. Mo. 2003) (transcript of marine casualty investigation inadmissible pursuant to § 6308), *rev'd in part on other grounds*, 409 F.3d 1005 (8th Cir. 2005). The purpose of § 6308 is to maintain and enforce the distinction between marine casualty investigations, which are designed and intended to enhance marine safety, and proceedings to fix civil or criminal liability. *See, e.g.*, H.R. Rep. No. 104-106, 104 Cong., 1st Sess. § 414 (1995) (observing with respect to an early version of § 6308 that "[t]he amendments made by this section will ensure that the deliberative process of Coast Guard casualty investigations will be unaffected by the prospects of future litigation"); *Falconer v. Penn Maritime, Inc.*, 397 F. Supp. 2d at 70 ("The statute's blanket prohibition avoids Coast Guard involvement in later civil proceedings, except as provided in § 6308(b)."); *In re Cozy Cove Marina, Inc.*, 521 F. Supp. 2d 504, 507 (E.D.N.C. 2007) ("Congress enacted this statute to prevent the Coast Guard from becoming embroiled in private litigation resulting from marine accidents.") (citing *Falconer*). In fulfillment of that purpose, and as recognized in Judge Shushan's June 28, 2011 Order regarding DNV documents, "the Section 6308 protection applies to the marine casualty investigation of the Deepwater Horizon as an activity . . . ." [Dkt. 3071 at 4.] Questions asked and answers given in hearings before the JIT therefore must also be excluded from evidence in this case pursuant to § 6308.

2.   Testimony Taken at the JIT Hearings Is Inadmissible Under Rule 804(b)(1),
Fed. R. Evid.

In addition to being inadmissible under § 6308,  testimony before the JIT is inadmissible under Rule 804(b)(1), Fed. R. Evid.  Plaintiffs have suggested that such testimony, which is otherwise hearsay inadmissible in these civil proceedings, might be admissible as to "unavailable" witnesses pursuant to Fed. R. Evid. 804(b)(1).  For testimony given at a prior hearing to be admissible under that rule, the party against whom the evidence is offered must have had "an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination" at the prior hearing.  Transocean had neither the opportunity nor a similar motive to develop the witnesses' testimony at the JIT hearings.  *United States v. Salerno*, 505 U.S. 317, 321 (1992) ("Nothing in the language of Rule 804(b)(1) suggests that a court may admit former testimony absent satisfaction of each of the Rule's elements.").  Plaintiffs have not even attempted to demonstrate how that requirement might be met with any particular allegedly "unavailable" witness, and the Court cannot assume that the requirement is met as to any or all witnesses who testified before the JIT.  *Id.* at 321; *cf. also United States v. Paducah Towing Co. (In re Paducah Towing Co.),* 692 F.2d 412, 418 (6th Cir. 1982) (prior testimony at Coast Guard license revocation hearing not admissible under Rule 804(b)(1) because party against whom the testimony was offered had not had a "meaningful opportunity to fully examine" the witness).

The very nature of the JIT hearings precluded any semblance of a full or fair examination of the witnesses. Such hearings are "merely investigatory," *Apex Oil Co. v. United States*, 208 F. Supp. 2d 642, 658 (E.D. La. 2002).  The relevant regulation governing such hearings expressly provides that MBI investigations are made "for the purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to affix civil or criminal responsibility." 46 C.F.R. § 407-1(b).  Neither Transocean nor the plaintiffs were parties to that

7

proceeding, and Transocean was not faced with the multitude of theories of liability asserted by the Plaintiffs here. *Jefferson Amusement Co. v. Lincoln Nat'l Life Ins. Co.*, 409 F.2d 644, 651 (5th Cir. 1969) (testimony in prior proceeding was inadmissible where the parties were different, "the issues are not substantially the same, and there was no motive [in the prior proceeding] to cross-examine [the witness] on the issues involved in the present suit") (citation omitted); *Chandler v. United States*, 875 F. Supp. 1250, 1263 (N.D. Tex. 1994) (testimony at prior proceeding inadmissible under Rule 804(b)(1) where the issues were different and party against whom the testimony was offered, therefore, "had no motive to develop the testimony by cross-examination").

The JIT hearings did not proceed according to the Federal Rules of Evidence, and cross-examination was minimal, at the order of the JIT members.  "The opportunity to develop testimony offered at another proceeding is not established by presence alone.  * * *  [W]e think it essential that the hearing involve the defendant qua defendant.  * * * [T]he fortuity of [the defendant's] appearance is not the equivalent of a full opportunity to develop testimony. Opportunity under 804(b)(1) means more than naked opportunity."  *United States v. Taplin*, 954 F.2d 1256, 1258 (6th Cir. 1992) (citations omitted).  Transocean was present at the JIT hearings solely as an interested party, with limited opportunity to cross-examine.  Transocean was not a defendant and was not facing allegations of civil liability by the JIT examiners, much less by the present Plaintiffs.  The witness testimony from the JIT hearings is not admissible in this action because the requirements of Rule 804(b)(1) have not been met.

Further, even if the Court found that some testimony before the JIT was not barred from these proceedings by 46 U.S.C. § 6308 or Rule 804(b)(1), the testimony in question would still have to be *otherwise admissible* – with a proper foundation, without inadmissible opinion

testimony, etc. – which also cannot be assumed in light of the procedural differences between the JIT hearings and these civil proceedings subject to the Federal Rules of Evidence.

## **CONCLUSION**

Neither the JIT report, nor raw materials, nor testimony from the hearings are admissible and should be excluded.  Accordingly, Transocean respectfully requests an order excluding from the trial currently set to begin on February 27, 2012, any and all parts of the JIT Report, any raw materials, and any and all testimony given before the JIT.

Respectfully submitted,

By:____/s/ Steven L. Roberts_____
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Teri L. Donaldson (Florida, No. 784310)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

By:____/s/ Kerry J. Miller_____
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By:____/s/ Edwin G. Preis, Jr._____
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

-and-

By:    /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Triton Asset Leasing GmbH,
Transocean Holdings LLC, Transocean
Offshore Deepwater Drilling Inc. and
Transocean Deepwater Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2011, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller
KERRY J. MILLER