UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| **THIS DOCUMENT RELATES TO ALL CASES** | : : : | MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## MOTION TO EXCLUDE EVIDENCE REGARDING MBI REPORT

Pursuant to the Court's Order Regarding Schedule for BP Motions *in Limine* and Responses to PSC Issues, Dkt. No. 4468, Cameron International Corporation ("Cameron") respectfully moves for an order excluding the introduction at trial of any evidence or expert testimony/opinions regarding or relating to the MBI Report.

(a)

The Bureau of Ocean Energy Management Enforcement and Regulation ("BOEMRE") and the United States Coast Guard ("USCG") served as co-chairs in investigating the Deepwater Horizon incident. The USCG and BOEMRE issued a single Marine Board of Investigation ("MBI") report, after a single Joint Investigation convened pursuant to 46 U.S.C. § 6301.

(b)

Cameron objects to the admission of the MBI Report into evidence, or of any expert testimony/opinions regarding or relating to the MBI Report.

(c)

The Joint Investigation was conducted pursuant to 46 U.S.C. §§ 6301 *et seq*. Accordingly, pursuant to 46 U.S.C. § 6308(a), which states "no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact,

1075070v.1

opinions, recommendations, deliberations, or conclusions, shall be admissible as evidence or subject to discovery in any civil or administrative proceedings," the MBI Report is inadmissible.

(d)

This Court has already held that MBI records are subject to § 6308(a).  (See Order, Docket # 3071.)

(e)

Further, experts should not be allowed to rely upon or cite to MBI Reports that that are inadmissible under § 6308(a).

WHEREFORE, Cameron International Corporation moves for an order:  (1) the MBI Report, as well as any other testimony regarding the contents of the MBI Report; and (2) prohibiting any expert from relying on or citing to the MBI Report.

Respectfully submitted,

| | |
|---|---|
| David J. Beck, T.A.<br>    dbeck@brsfirm.com<br>Joe W. Redden, Jr.<br>    jredden@brsfirm.com<br>David W. Jones<br>    djones@brsfirm.com<br>Geoffrey Gannaway<br>    ggannaway@brsfirm.com<br><br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 McKinney, Suite 4500<br>Houston, TX  77010-2010<br>713-951-3700<br>713-951-3720 (fax) | */s/ Phillip A. Wittmann*<br>Phillip A. Wittmann, 13625<br>    pwittman@stonepigman.com<br>Carmelite M. Bertaut, 3054<br>    cbertaut@stonepigman.com<br>Keith B. Hall, 24444<br>    khall@stonepigman.com<br>Jared A. Davidson, 32419<br>    jdavidson@stonepigman.com<br><br>STONE PIGMAN WALTHER WITTMANN L.L.C.<br>546 Carondelet Street<br>New Orleans, Louisiana  70130<br>504-581-3200<br>504-581-3361 (fax)<br><br>**ATTORNEYS FOR CAMERON**<br>**INTERNATIONAL CORPORATION** |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion in Limine to Exclude Evidence Regarding MBI Report has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

*/s/ Phillip A. Wittmann*

3

1075070v.1