UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : | MDL NO. 2179 SECTION: J JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL CASES | : : : | MAG. JUDGE SHUSHAN |

. . .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

### MEMORANDUM IN SUPPORT OF
### MOTION TO EXCLUDE EVIDENCE REGARDING MBI REPORT

Cameron International Corporation ("Cameron") respectfully submits this Memorandum in Support of its Motion in Limine to Exclude Evidence Regarding MBI Report, and, pursuant to the Court's Order Regarding Schedule for BP Motions *in Limine* and Responses to PSC Issues, Docket # 4468, respectfully moves for an order excluding the introduction at trial of any evidence or expert testimony/opinions regarding or relating to the MBI Report.

### I.     INTRODUCTION

In their letter dated October 17, 2011 regarding "Admissibility of MBI-Related Testimony and/or Reports" ("Plaintiffs' letter"), Plaintiffs address a number of issues related to the admissibility of materials related to the Marine Board of Investigation ("MBI") and the evidence and report that resulted from the MBI's work.  It is Cameron's position that the entirety of the MBI report is inadmissible.  The MBI's Joint Investigation Team ("JIT") falls within the scope of 46 U.S.C. § 6308, and so "no part of a report" from the JIT is admissible at trial.

Cameron approaches the issue from a unique perspective.  Months ago, Cameron took a position somewhat similar to the position Plaintiffs now take.  Cameron argued for a narrow construction of § 6308 when it moved to compel certain materials from JIT consultant Det

1

Norske Veritas ("DNV"). Cameron's contentions were rejected, and the Court denied the motion to compel. In doing so, the Court "disagree[d] with Cameron's narrow reading of the scope of the statute." (**See Order, Docket # 3071, p. 4.**) The Court has spoken as to the scope of § 6308, and Plaintiffs' request for the Court to take a different position now is misguided and comes far too late. Section 6308 was cited as the rationale for denying Cameron discovery on key issues related to the JIT's investigation. For any portion of the JIT report now to be admitted into evidence at trial would be patently unfair. It cannot be the case that § 6308 permits admissibility of a report at trial where that same statute precludes parties from discovering the information underlying that very report.

Additionally, to the extent any expert report or opinion cites or relies upon the JIT Report, that expert report or opinion should not be admitted at trial.

## II.  ARGUMENT & AUTHORITIES

1. <u>The Joint Investigation was Conducted Pursuant to 46 U.S.C. §§ 6301 *et seq.*</u>

From its inception, the Joint Investigation that led to the issuance of the MBI Report operated under the auspices of 46 U.S.C. §§ 6301 *et seq.* In a Convening Order dated April 27, 2010, the Department of the Interior and the Department of Homeland Security (the "Agencies") adopted a "statement of principles" that would govern a JIT. The Bureau of Ocean Energy Management Enforcement and Regulation ("BOEMRE")[1] and the United States Coast Guard ("USCG") were to serve as co-chairs in investigating the Deepwater Horizon incident. (**See Exhibit A.**) The Convening Order made clear that the Joint Investigation would be conducted pursuant to, *inter alia*, 46 U.S.C. §§ 6301 *et seq.* (**See Exhibit A, ¶ 3.**)

---

[1] The Convening Order references Minerals Management Service ("MMS"), which has since been replaced by BOEMRE.

2. <u>46 U.S.C. § 6308 Renders Inadmissible the Joint Investigation Report.</u>

Because the Joint Investigation was conducted pursuant to 46 U.S.C. §§ 6301 *et seq.*, the resulting report is clearly inadmissible in this civil litigation:

> ***Notwithstanding any other provision of law***, ***no part of a report of a marine casualty investigation <u>conducted under section 6301</u>*** of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, ***shall be admissible as evidence or subject to discovery in any civil or administrative proceedings*** . . . .

46 U.S.C. § 6308(a) (emphasis added).

Faced with the clear statutory prohibition against admissibility of a marine casualty investigation report, the Plaintiffs attempt to hack the JIT's report in two, and ask this Court to apply different rules and standards to two parts of the report. Plaintiffs' letter suggests that, "[e]ven if the Coast Guard Report is inadmissible, the report conducted and released by [BOEMRE] is not a marine casualty investigation as provided by 46 U.S.C. § 6308(a)." There is no basis in law or fact to treat any part of the Joint Investigation's report as outside the scope of § 6308.

The Convening Order leaves no doubt that the Joint Investigation was to operate as a unified MBI. For example, the Convening Order states that:

A. "The ***Joint Investigation is classified as a Coast Guard Marine Board of Investigation*** . . . ." (***See Exhibit A, ¶ 3*** (emphasis added)**.**)

B. "The Joint Investigation team shall have the powers of both Agencies, and, for the public hearing portions of the Joint Investigation, ***shall follow the policies and procedures for a Marine Board of Investigation*** . . . ." (***See Exhibit A, ¶ 4*** (emphasis added)**.**)

C. "In cases where the procedures of a Marine Board of Investigation and a Panel Investigation appear to differ, ***the procedures for a Marine Board of Investigation shall govern***." (***See Exhibit A, ¶ 4*** (emphasis added)**.**)

      D.      "Upon completion, *the Joint Investigation team will issue a single report* . . . ." (*See Exhibit A, ¶ 5* (emphasis added)**.**) "The Director, MMS, and the Commandant, USCG, will *jointly sign and release* the final report." (***See Exhibit A, ¶ 8*** (emphasis added)**.**)

Given that the clear intent that the JIT was to operate as a Marine Board of Investigation under 46 U.S.C. § 6301 *et seq.*, and that the resulting work product was to be issued as "a single report," Plaintiffs' attempt to apply different rules to different segments of the report is misguided. Even the Plaintiffs' choice of nomenclature – reference to a "Coast Guard Report" and a supposedly separate "BOEMRE Report" – ignores the unitary nature of the Joint Investigation and its written report. In the cover letter accompanying the JIT Report, USCG Admiral Papp and BOEMRE Director Bromwich explain that the Report contains two volumes, and each "complements the other." (***See Exhibit B.***) Admiral Papp and Director Bromwich made clear that the two volumes constituted a single report: "Together, [the volumes] provide a comprehensive assessment of the incident. The two volumes comprise the completed joint Report of Investigation." (***See Exhibit B.***)

The USCG and BOEMRE issued a single report, after a single Joint Investigation convened pursuant to 46 U.S.C. § 6301. The entirety of that report – ***both volumes*** – is inadmissible under § 6308. Plaintiffs cannot point to any authority suggesting that the participation of BOEMRE in the JIT in any way vitiates the preclusive effect of the statute, which by its own terms forbids use in a civil proceeding of "***any part***" of the report of an investigation conducted under § 6301. The only case cited by Plaintiffs is the *Lloyd's* decision, in which an MMS report was admitted into evidence. *Underwriters at Lloyd's London v. OSCA, Inc.*, No. 03-20398, 2006 WL 941794, at *7 (5th Cir. Apr. 12, 2006). That case did not involve § 6308, and contains no mention of § 6308. *Lloyd's* stands only for the proposition that one court, under certain circumstances, admitted an MMS report into evidence. *Lloyd's* does ***not*** suggest

(and Cameron is aware of no case that suggests) that when the MMS (or BOEMRE) is part of a Joint Investigation under 46 U.S.C. § 6301 *et seq.*, that any portion of the Joint Investigation Report is admissible.

3. This Court Has Already Held that MBI Records Are Subject to § 6308.

The question now before this Court is one that has already been answered.  With the issue of § 6308 squarely presented to it, the Court read the statute broadly, and held not just that the JIT members are subject to the statute, but went so far as to hold that a "governmental consultant" fell within the scope of § 6308.  As the Court will recall, these matters were raised months ago in Cameron's Motion to Compel.  On June 28, 2011, the Court denied Cameron's Motion, held that § 6308 provided protection to the United States, and foreclosed certain discovery Cameron sought regarding the Joint Investigation.  (***See Order, Docket # 3071.***)  It would be beyond the pale for § 6308 to be used as a shield by BOEMRE's consultant to bar Cameron from obtaining discovery, and then to have the volume of the JIT Report that includes information from that same consultant admitted as evidence at trial.  To do so would require a complete reversal of this Court's previous position, and Cameron would then be forced to respond at trial to opinions about which it was denied discovery.

The Motion to Compel centered upon the work of DNV, which is a third-party witness hired by BOEMRE to examine the DwH BOP.  DNV issued a Final Report to BOEMRE and testified during the Joint Investigation proceedings.  DNV received a subpoena calling for production of certain documents, including:

    A.    Communications between DNV and JIT members or among JIT members, and including supporting government agency personnel when acting in furtherance of the investigation itself rather than ancillary roles such as contract administration.

    B.    DNV interim and draft reports and other project memoranda submitted to

the JIT for review and comment that were never made public.

C.  Internal DNV communications reflecting deliberations about the JIT's blowout preventer examination.

Cameron moved to compel the production of such documents, and the United States responded by arguing that those three categories of documents were inadmissible and not discoverable under § 6308. Cameron took the position that § 6308 does not protect the discovery of the information, and urged the Court not to extend the reach of § 6308 beyond the conclusions and deliberations contained in the DNV Report. (*See Docket # 2962*.) This Court ruled against Cameron, explaining that it "disagrees with Cameron's narrow reading of the scope of [§ 6308]." (*See Order, Docket # 3071, p.4*.) In doing so, the Court cited favorably to a federal district court case holding that "pursuant to Section 6308, a transcript of the Coast Guard's investigatory hearing was inadmissible and excluded by the Court." *In re Am. Milling Co.*, 270 F. Supp. 2d 1068, 1074-75 (E.D. Mo. 2003).

Perhaps most importantly for purposes of the matter currently before this Court, the Court explained that the protections of § 6308 extended not just to the members of the JIT:

> Cameron also contends that the order establishing the JIT did not establish DNV and other consultants as members of the JIT. *The Court concurs with U.S. that in this instance the Section 6308 protection applies to the marine casualty investigation of the Deepwater Horizon as an activity and not to specific categories of personnel involved in the investigation.*
>
> Cameron urges that the deliberative process privilege does not apply to communications between DNV, a government consultant, and the JIT or internal communications within DNV. *The U.S. argues that, by virtue of its relationship with the government, DNV acted as an extension of the JIT. The Court agrees*, essentially for the reasons advanced by the U.S., that Section 6308 is not a deliberative process privilege.

(*See Order, Docket # 3071, p. 4* (emphasis added)**.**)  In light of this Court's previous ruling, Plaintiffs' current position is untenable. Plaintiffs want this Court to determine that the volume

6

of the report they identify with BOEMRE is not subject to § 6308.  But the June 2011 Order in Docket #3071 applied § 6308 not just to BOEMRE, but also to DNV.  By holding that the work of DNV, an entity not formally part of the JIT and that was hired by BOEMRE, is subject to § 6308 protection, this Court has foreclosed Plaintiffs' argument that the work product of BOEMRE itself is not subject to § 6308.

In short, § 6308 has been interpreted in this case to apply broadly "to the marine casualty investigation[2] of the Deepwater Horizon as an activity and not to specific categories of personnel involved in the investigation."  Plaintiffs now ask this Court to reverse field, contravene its previous order, and determine admissibility based upon which "specific categories of personnel" were involved in the investigation.  Cameron urges this Court to again hold that § 6308 applies to the marine casualty investigation "as an activity" – an activity in which USCG and BOEMRE both played a role.  (*See Order, Docket # 3071, p.4*.)  It is impossible to square Plaintiffs' current position with the Order in Docket # 3071.  If the Plaintiffs are correct that BOEMRE's activities as part of the JIT are not subject to § 6308, then the Court would never have protected from discovery DNV's materials generated as part of BOEMRE's activities.

Aside from the inconsistency of the relief the Plaintiffs now seek and the Order in Docket # 3071, Cameron also notes the unfairness of the Plaintiffs' position.  As the Court knows, Cameron takes issue with DNV's opinions, which is why it filed its Motion to Compel to obtain the materials described above.  When its Motion to Compel was denied, Cameron lost the opportunity to challenge the underpinnings of DNV's opinions.  The harshness of that result was alleviated by the assumption that the Court would apply § 6308 at trial the same way it had

---

[2] It is worth emphasizing that the Court viewed DNV's work as part of the "marine casualty investigation of the Deepwater Horizon," which is fatal to the Plaintiffs' position.

during discovery, such that the JIT Report would be inadmissible. Plaintiffs' position turns that assumption on its head. If any portion of the JIT Report is admitted, Cameron would be in the unfair position of attempting to rebut key issues and opinions about which it was denied discovery.

4. <u>Expert Reports and Opinions are Inadmissible to the Extent They Rely Upon the Joint Investigation Report.</u>

Just as the parties are precluded from introducing evidence of any JIT Report, so too are the expert witnesses in this litigation barred from relying upon the JIT Report for their reports and opinions. The preclusive effect of § 6308 would be rendered dead letter if it could be circumvented by an expert bootstrapping portions of the Report into his opinion by citing, referencing, or other relying upon them. The Eastern District of Louisiana has frowned upon attempts to admit into evidence the substance of a § 6308 report through another form because "[i]t would frustrate the stated purpose of the law to admit through a backdoor the very material the statute excludes." *See Nexen Petroleum U.S.A., Inc. v. Sea Mar Div. of Pool Well Servs. Co.*, No. 06-3043, 2007 WL 2874805, at *4 (E.D. La. Sept. 26, 2007).

The issue of experts relying upon reports subject to § 6308 was considered in *Baker Hughes Oilfield Operations, Inc. v. Seabulk Tankers, Inc.*, No. 03-1230, 2004 WL 859199 (E.D. La. Apr. 20, 2004). In the *Baker Hughes* case, the court considered a motion in limine to limit expert opinions to the extent they relied upon a USCG report. The court did not permit experts to rely upon a report precluded by § 6308:

> ***This Court intends to enforce 46 U.S.C. § 6308(a) by striking any portion of the Coast Guard report, however it may be presented***. Thus, the instant motion is GRANTED except as modified in the Court's disposition of the specific motions related to specific experts.
>
> The entire third page of ***Torborg's expert report reiterates the findings included in the Coast Guard report. The Court will excise the portion of***

> ***Torborg's report relating to the Coast Guard report and any opinion shown to be predominantly based upon that report***.

*Id.* at *1 (emphasis added).  The same result is appropriate here: any reference to the JIT Report should be stricken from expert reports, and no expert opinions should be presented that rely upon the JIT Report.

### III.   CONCLUSION & PRAYER

WHEREFORE, Cameron International Corporation prays for an order excluding the introduction at trial of any evidence or expert testimony/opinions regarding or relating to the MBI Report.

Respectfully submitted,

| | |
|---|---|
| David J. Beck, T.A.<br>    dbeck@brsfirm.com<br>Joe W. Redden, Jr.<br>    jredden@brsfirm.com<br>David W. Jones<br>    djones@brsfirm.com<br>Geoffrey Gannaway<br>    ggannaway@brsfirm.com<br><br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 McKinney, Suite 4500<br>Houston, TX  77010-2010<br>713-951-3700<br>713-951-3720 (fax) | */s/ Phillip A. Wittmann*_____<br>Phillip A. Wittmann, 13625<br>    pwittman@stonepigman.com<br>Carmelite M. Bertaut, 3054<br>    cbertaut@stonepigman.com<br>Keith B. Hall, 24444<br>    khall@stonepigman.com<br>Jared A. Davidson, 32419<br>    jdavidson@stonepigman.com<br><br>STONE PIGMAN WALTHER WITTMANN L.L.C.<br>546 Carondelet Street<br>New Orleans, Louisiana  70130<br>504-581-3200<br>504-581-3361 (fax)<br><br>**ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION** |

1075071v.1

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing Memorandum in Support of its Motion in Limine to Exclude Evidence Regarding MBI Report has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November, 2011.

                                                                              */s/ Phillip A. Wittmann*