JOINT DEPARTMENT OF THE INTERIOR
AND
DEPARTMENT OF HOMELAND SECURITY
STATEMENT OF PRINCIPLES AND CONVENING ORDER
REGARDING
INVESTIGATION INTO THE MARINE CASUALTY, EXPLOSION, FIRE,
POLLUTION, AND SINKING OF MOBILE OFFSHORE DRILLING UNIT
DEEPWATER HORIZON, WITH LOSS OF LIFE
IN THE GULF OF MEXICO 21-22 APRIL 2010

1. The Department of the Interior and the Department of Homeland Security (collectively, "the Agencies") have determined that a joint investigation ("Joint Investigation") of the April 21-22, 2010 explosion and sinking of the mobile offshore drilling unit DEEPWATER HORIZON is warranted. Therefore, the Agencies hereby adopt the following statement of principles and convening order regarding the Joint Investigation. Each Agency, at its discretion, may elect to adopt additional internal measures to govern direction and oversight of their respective portion of the Joint Investigation.

2. The Outer Continental Shelf Lands Act ("OCSLA") grants the Secretaries of the Agencies the authority to investigate incidents resulting from operations on the U.S. Outer Continental Shelf ("OCS"). 43 U.S.C. § 1348. The Minerals Management Service ("MMS"), a unit of the Department of the Interior, and the United States Coast Guard ("USCG"), a component of the Department of Homeland Security, have identified a process for conducting investigations under the authority of the OCSLA in a Memorandum of Agreement ("MOA"), dated 27 March 2009. As set forth in the MOA, the MMS investigates incidents associated with, *inter alia*, exploration and drilling operations for hydrocarbons on the OCS, and the USCG investigates, *inter alia*, deaths, injuries, property loss, and environmental damage arising from such incidents.

3. A Joint Investigation is hereby convened in accordance with the MOA, as modified herein. The Joint Investigation is classified as a Coast Guard Marine Board of Investigation within the meaning of 46 C.F.R. § 4.09 and a Panel Investigation within the meaning of 30 C.F.R. § 250.191. The Joint Investigation is convened pursuant to agency authorities and will be conducted pursuant to the procedures contained in 43 U.S.C. § 1348, 14 U.S.C. § 141, 46 U.S.C §§ 6301 *et seq.*, 33 C.F.R. § 140, Subpart C; 30 C.F.R. §§ 250.186-191, and 46 C.F.R. Part 4.

4. The Agencies intend to conduct the Joint Investigation as follows: The MMS and the USCG will co-chair the Joint Investigation. The Joint Investigation team will investigate thoroughly the matter hereby submitted to it in accordance with the provisions of 43 U.S.C. § 1348, 46 U.S.C. § 6301 *et seq.*, and the applicable regulations thereunder. The Joint Investigation shall have the powers of both Agencies, and, for the public hearing portions of the Joint Investigation, shall follow the policies and procedures for a Marine Board of Investigation contained in 46 C.F.R. § 4.09 and the Coast Guard Marine Safety Manual, Volume V. In cases where the procedures of a Marine Board of Investigation and a Panel Investigation appear to differ, the procedures for a Marine Board of Investigation shall govern. Any issue involving procedure may be referred to

the Chief of the Accident Investigation Board of the MMS, and the Chief of USCG Office of Investigations and Casualty Analysis. They will refer any unresolved procedural issue to the Chief, Office of Offshore Regulation, MMS, and the Commandant, Director of Prevention Policy (CG-54), USCG, who will consider the matter together and provide guidance jointly to the Joint Investigation.

5. Upon completion, the Joint Investigation team will issue a single report to the Director, MMS, and the Commandant, USCG, containing the evidence adduced, the facts established thereby, and its conclusions and recommendations. The report shall meet the requirements of both the MMS and USCG. Any conclusions or recommendations concerning commendatory actions or misconduct which would warrant further inquiry shall be referred by separate correspondence to the cognizant Regional Coordinator or District Commander. Similarly, any information warranting further evaluation for potential civil violations or criminal activity shall be referred in accordance with applicable procedures. On days that the Joint Investigation conducts a public hearing, a daily summary of significant events shall be transmitted to the Chief of the Accident Investigation Board and the Chief of USCG Office of Investigations and Casualty Analysis. The Joint Investigation team will report its progress, as may be requested by superior authority designated by the Department of Interior or the Department of Homeland Security.

6. The report should be completed and submitted simultaneously to the Director, MMS, and the Commandant, USCG, within nine months of the convening date. If this deadline cannot be met, at least thirty calendar days prior, a written explanation for the delay and the expected completion date shall be submitted to the Director, MMS, and Commandant, USCG. The Joint Investigation team is encouraged to submit interim recommendations intended to prevent similar casualties, if appropriate, early in the Joint Investigation.

7. Prior to submission of the team's report to the Director, MMS, and the Commandant, USCG, the Joint Investigation team will confer with the Chief of the Accident Investigation Board and the Chief of USCG Office of Investigations and Casualty Analysis, both of whom will review the report and reconcile any remaining issues to the maximum extent practicable. If the respective Chiefs are unable to reconcile any remaining issues, they will elevate the issues to appropriate officials within their respective Agency.

8. The Director, MMS, and the Commandant, USCG, will jointly sign and release the final report. If either Agency differs with the other concerning any conclusions or recommendations, either Agency may issue a supplemental or separate report.

9. David Dykes, MMS, and Captain Hung Nguyen, USCG, are designated as Co-Chairs of the Joint Investigation. Other Members and the Recorder of the Joint Investigation will be designated by separate correspondence, and each Agency has the right to be equally represented. Agency costs for the Joint Investigation shall be borne by the Agency incurring the expense.

10. The Government of Marshall Islands, the flag state administration of the DEEPWATER HORIZON has requested to participate in this Joint Investigation. It shall be designated as a Party In Interest and given the rights associated with such status in accordance with 46 U.S.C. § 6303.

_[signature]_
THAD W. ALLEN
Admiral, U.S. Coast Guard
Commandant

Date: APR 2 6 2010

_[signature]_
JANET NAPOLITANO
Secretary
Department of Homeland Security

Date: APR 2 7 2010

_[signature]_
S. ELIZABETH BIRNBAUM
Director
Minerals Management Service

Date: APR 2 7 2010

_[signature]_
KEN SALAZAR
Secretary
Department of the Interior

Date: APR 2 7 2010