

**A Professional Corporation**

DALLAS  HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax

GodwinRonquillo.com

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:   214.939.4412
DIRECT FAX:   214.939.4803
DGodwin@GodwinRonquillo.com

November 7, 2011

**BY EMAIL AND OVERNIGHT DELIVERY**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana  70130

Re:   **Other Miscellaneous Issues Arising from PSC List of 300**

Dear Judge Barbier:

In accordance with the Court's November 2, 2011 Order setting a briefing schedule concerning motions in limine [Docket No. 4468], Halliburton Energy Services, Inc. ("HESI") writes to advise the Court of certain miscellaneous issues arising from the PSC's list of 300 exhibits [Order, ¶ 5]. HESI objects to, and moves to strike, the following exhibits identified by the PSC which do not appear to be addressed by the subject matter of the other briefs relating to motions in limine.

## I.   Inadmissible Hearsay

PSC Proposed Exhibit No. TREX-20012:   This exhibit is a series of tables with handwriting indicating that they are "N2 Summaries." This exhibit is not admissible against HESI pursuant to Rule 802 of the Federal Rules of Evidence because it contains out of court statements offered for the truth of the matters asserted, and it does not fall within any exception to that rule. In addition to being hearsay, this document fails to comply with the FED. R. EVID. 106 requirement for completeness because it is unclear where the information relied upon was obtained or whether all necessary information is included in its entirety.[1]

---

[1] In footnote 4 of its October 17, 2011 letter to the Court regarding "Alleged Daubert/702 Issues," the PSC references Exhibit No. TREX-20012, and generally states that this, and other exhibits, "are also admissible for reasons similar to those outlined in this letter." HESI notes that the PSC did not address HESI's objection relating to the FED. R. EVID. 106 requirement for completeness. In any event, HESI objects to, and moves to strike, Exhibit No. TREX-2012 for the reasons set forth in this letter and in HESI's other briefing.

The Honorable Carl J. Barbier
November 7, 2011
Page 2

## II. Matters Irrelevant to and Extraneous to the Macondo Incident

PSC Proposed Exhibit No. TREX-0380: This exhibit purports to be the "final draft" of a "Cement Slurry and Spacer Testing Protocol and Test Matrix for BP – GOM," presumably prepared by BP. This document is irrelevant to this case because the subject matter does not relate to the April 20, 2010 events at the Macondo Well. FED. R. EVID. 402. Furthermore, this document, presumably prepared by BP, lacks foundation pursuant to FED. R. EVID. 602 as no witness has testified as having knowledge of the document's subject matter. There is no evidence that this document is an actual testing protocol and no evidence that any of the information contained in the document applied to HESI or the Macondo Well. Accordingly, the document is inadmissible against HESI.

PSC Proposed Exhibit No. TREX-01601: This exhibit is an email exchange between Joseph Keith and Greg Navarett, Kelly Gray, Randy Hopper, Earl Fly, Jose Ortiz, John Gisclair and Chris Wilson concerning a February 2010 lockup of the mudloggers' computers on the *Deepwater Horizon* requiring a computer reboot. Mr. Gray testified that the issue was resolved and that he was not aware of any issues with the mudloggers computers on April 20, 2010. *See* Exhibit 1 at 183:8-184:10; 188:3-13; 204:1-205:2; 391:6-23. There is no evidence that there were any issues with the mudloggers' equipment on April 20, 2010 and no evidence tying the February 2010 lockup of the mudloggers equipment (or HESI's InSite software) to anything that occurred on April 20, 2010. Accordingly, the exhibit should be excluded as extraneous and irrelevant pursuant to FED. R. EVID. 402.

PSC Proposed Exhibit Nos. TREX-02003 & TREX-02004: TREX-02003 is an email from Mark Traylor to various HESI personnel concerning agreements between HESI and BP which took place prior to the incident at the Macondo Well. TREX-02004 is an email from Jim Grier to Dave Abernathy, Joe Foster, Richard Vaclavik, Jan Erik Klungyveit, George Sutherland, and James Bement concerning agreements between HESI and BP which took place prior to the incident at the Macondo Well. Because there is no evidence tying these agreements or discussions to anything that occurred on April 20, 2010, the exhibits should be excluded as extraneous and irrelevant pursuant to FED. R. EVID. 402.

PSC Proposed Exhibit No. TREX-01047: This exhibit is an email from Robert Bodek BP's Operations Geologist, to Earl Fly regarding "Alex Voltaire." The email references a mud program from October 2009 that is completely unrelated to this case and unrelated to the April 20, 2010 events at the Macondo Well. Therefore, the proposed exhibit is irrelevant and inadmissible. FED. R. EVID. 402. This exhibit is also inadmissible hearsay. FED. R. EVID. 802.

The Honorable Carl J. Barbier
November 7, 2011
Page 3

### III. Misleading Exhibits

PSC Proposed Exhibit No. TREX-01057: This exhibit is an email from Robert Bodek to Brian Morel regarding "Macondo LOT #4" wherein Mr. Bodek makes an unfounded conclusory statement about the quality of HESI's February 2010 cement job on the 18" Liner in the Macondo Well. When questioned about the email, Mr. Bodek made it clear that he had no personal knowledge of the cement job and no basis for questioning its quality. Specifically, Mr. Bodek testified that: (1) he wrote this email after a "poor leak-off test"; (2) "there's several ways you can get an undesirable low leak-off test"; (3) "[a] poor cement job is one of the ways"; (4) he "did not know it was the cement job"; and (5) "[he] was kidding." *See* Exhibit 2 at 158:13-159:13. Because this proposed exhibit is not based on the personal knowledge of author, Mr. Bodek, it is inadmissible. *See* FED. R. EVID. 602; *see also Gomez-Gonzalez v. Rural Opportunities, Inc.*, 626 F.3d 654, 666 (1st Cir. 2010)(finding email inadmissible for hearsay and lack of personal knowledge per Rule 602).

PSC Proposed Exhibit No. TREX-04996: This exhibit is an email to Alan O'Donnell from Dawn Peyton estimating the Macondo Well outflow rate after the disaster. Ms. Peyton testified that this estimate "was made up with a ton of assumptions," that she "didn't have any access to any kind of real data," and that she "definitely did not have enough information to make any kind of accurate determination of flow rate." *See* Exhibit 3 at 53:7-55:7. Accordingly, Ms. Peyton's statement about flow rate is misleading, unreliable, not based on personal knowledge, and inadmissible pursuant to FED. R. EVID. 701 and 602. Furthermore, because the email purports to contain an attachment which is not included, it fails to comply with the FED. R. EVID. 106 requirement for completeness.

### IV. Improperly Bundled Exhibits

PSC Proposed Exhibit No. TREX-01966: This exhibit is an improperly bundled collection of documents including an email from Patrick O'Bryan to Mike Zanghi regarding the "Bladder effect"; a document entitled "Temporary Abandonment Procedure"; handwritten notes of Bob Kaluza; handwritten notes taken from an interview of Lee Lambert; and typed notes from Bob Kaluza's interview. HESI objects to the improper bundling of unrelated documents as one exhibit. HESI, however, understands that the PSC has agreed to correct this problem, which may moot HESI's objection.

### V. Conclusion

Based upon the arguments above, and as may be briefed in greater detail in separate submissions to the Court pursuant to the Court's briefing schedule, HESI's respectfully requests that the Court sustain HESI's objections to and/or strike the PSC's Phase I exhibits identified in this motion.

The Honorable Carl J. Barbier
November 7, 2011
Page 4

                                               Sincerely yours,

                                               Donald E. Godwin

cc:

Plaintiffs' Liaison Counsel
Defendants' Liaison Counsel