

## Beck Redden & Secrest
A Registered Limited Liability Partnership

November 7, 2011

Re:   MDL No. 2179
      In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
      In the Gulf of Mexico on April 20, 2010

---

Honorable Sally Shushan
Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Dear Judge Shushan:

      Cameron respectfully submits this supplemental brief on the Court's ability to compel the attendance of witnesses to testify at trial. Specifically, this brief addresses whether two Cameron employees, David McWhorter and Melvin Whitby, are subject to trial subpoenas issued by this Court. Messrs. McWhorter and Whitby may not be compelled to testify at trial, as both live outside the Court's subpoena range and neither is an officer of Cameron.

      As stated in its October 12, 2011 letter brief on this issue, Cameron submits that the Court can compel the attendance of parties, designated corporate representatives of parties, and their officers, but that Rule 45 does *not* provide the Court the power to compel the appearance of "critical employees."

      Rule 45(a)(2)(A) requires that a subpoena commanding attendance at a trial must issue from the district court where the trial will occur. Fed. R. Civ. P. 45(a)(2)(A). Rule 45(c)(3)(A)(ii) provides that a court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held." Fed. R. Civ. P. 45(c)(3)(A)(ii). Accordingly, only parties and their self-appointed corporate designees and officers can be compelled to attend trial from outside Rule 45's geographic limitations.

383.00017/489272.v1

David J. Beck
dbeck@brsfirm.com
One Houston Center
1221 McKinney Street, Suite 4500 ~ Houston, Texas 77010
Telephone 713.951.3700 ~ Facsimile 713.951.3720
www.brsfirm.com

As stated in Cameron's October 12 briefing on this issue, the PSC's contention that the Court can compel the attendance of "critical employees" irrespective of the limitations of Rule 45 is without support. We will not repeat the arguments made there, but note that we could find no authority requiring an employee of a party who was not a corporate representative or officer to attend trial more than 100 miles from where the employee resides or works.

1. David McWhorter

Mr. McWhorter is a Vice President of Engineering and Quality for the Drilling Systems Division of Cameron. McWhorter Dep. Vol. I at 13:16-18. Mr. McWhorter has lived and worked in Houston, Texas since 2005. *Id.* at 25:6-13. The Drilling Systems Division is just one of 11 different business operating units within the Cameron corporate structure. *Id.* at 16:11-21; *see also* http://www.c-a-m.com/Forms/CamProfile.aspx. Mr. McWhorter is *not* an officer of Cameron. *See* http://www.c-a-m.com/Forms/BoardOfDirectors.aspx; http://www.c-a-m.com/Forms/ExecutiveOfficers.aspx; *American Cas. Co. v. M.S.L. Industries, Inc., Howards Indus. Div.*, 406 F.2d 1219, 1221 (7th Cir. 1969) (noting that vice president of marketing of division was only an officer of division, not of corporation itself, under the "generally accepted meaning of a corporate officer"); *see also Omnibank of Mantee v. United Southern Bank*, 607 So. 2d 76, 83–84 (Miss. 1992) (concluding that individual was an officer because he "was the man in charge" of one of the corporation's principal business units). Rather, Mr. McWhorter is three positions subordinate to a company officer; Mr. McWhorter reports to the President of the Drilling Systems Division, Glen Chiasson, who reports to Cameron's Chief Operating Officer, John Carne. McWhorter Dep. Vol. I at 13:21-14:6. Mr. McWhorter was not appointed by the board of directors, and his position was not created by the charter or by-laws of the corporation. 19 C.J.S. Corporations §530 ("The power to elect officers is generally vested in the directors . . . ."); 18 Am. Jur. 2d Corporations §1168 ("An office is usually created by the charter or bylaws of the corporation . . . ."). Under Rule 45, Mr. McWhorter cannot be compelled to attend trial.

Nor can the Court compel Mr. McWhorter's appearance at trial as Cameron's corporate representative. Although Cameron designated Mr. McWhorter as its corporate representative for purposes of depositions in this case, it is Cameron's choice whether to call Mr. McWhorter to testify at trial. *See, e.g., Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006) ("[T]here is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition."). A company's corporate representative or representatives at trial need not be the same as those who testified on behalf of the company during depositions. *See, e.g., Johnson v. Big Lots Stores, Inc.*, 2008 WL 6928161, *5 (E.D. La. May 2, 2008) ("[N]othing in Rule 30(b)(6) requires a corporate party to call its designees as witnesses or bars it from calling another of its employees as a witness."); *see also* 8 Wright & Miller, Federal Practice and Procedure §2103 (3d ed. 2011) ("[T]he testimony of the representative designated to speak for the corporation are [sic] admissible against it. But as with any other party statement, they are not 'binding' in the sense that the corporate party is forbidden to call the same or another witness to offer different testimony at trial.").

2. Melvin Whitby

      Mr. Whitby is the Director of Engineering Technology for Cameron Drilling Systems. Whitby Dep. Vol. 1 at 11:10-14. Mr. Whitby reports to Mr. McWhorter. *Id.* at 23:9-10. Mr. Whitby has lived in Houston, Texas for 31 years, Whitby Dep. Vol. II at 619:13-14, and has worked for Cameron in Houston for the past 16 years, Whitby Dep. Vol. I at 18:15-16. He is not an officer of Cameron. *See* http://www.c-a-m.com/Forms/BoardOfDirectors.aspx; http://www.c-a-m.com/Forms/ExecutiveOfficers.aspx. As a non-officer employee who works and resides outside the Court's subpoena range, Mr. Whitby cannot be compelled to testify at trial. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii); *In re Volkswagen AG*, 371 F.3d 201, 205 n.4 (5th Cir. 2004) (per curiam) (noting the limited power to subpoena to non-party witnesses).

      It is noteworthy that both Mr. McWhorter and Mr. Whitby sat for two days of depositions during Phase I discovery in this matter. No party has complained of being denied an opportunity to question extensively either witness. Under Rule 45 and the applicable caselaw, neither Mr. McWhorter nor Mr. Whitby can be compelled to testify live at the trial of this case.

      Thank you for your consideration.

                                                      Sincerely yours,

                                                      David J. Beck

cc:     Liaison Counsel
        States' Coordinating Counsel