# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

333 South Hope Street
Los Angeles, California  90071

R. Alexander Pilmer
To Call Writer Directly:
(213) 680-8405
alexander.pilmer@kirkland.com

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500

November 7, 2011

**VIA EMAIL**                                          **IN CAMERA SUBMISSION**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

       *Re:*    *In re Oil Spill by the Oil Rig "Deepwater Horizon," MDL No. 2179*

Dear Magistrate Judge Shushan,

As BP indicated last Friday, I write to request the Court's assistance in resolving a dispute between BP and certain other parties regarding the scope of testimony contained in the transcript for Mr. Lucas's deposition that must be stricken because it constitutes privileged information.  During the deposition of Matthew J. Lucas, subject to a reservation by BP, the PSC and others examined Mr. Lucas regarding a document (BP-HZN-BLY00180368-371, marked as Ex. 513) that BP clawed back based on an assertion of privilege. As Your Honor may recall, while the PSC disputed BP's privilege claim, the Court ruled that the document was in fact privileged and all copies should be destroyed. (Mar. 24, 2011 Order, D.I. 1729)

In connection with the process of designating deposition testimony for use during the Phase I trial, the PSC and other parties have designated testimony from Mr. Lucas's deposition concerning the privileged document and information contained in or derived from the privileged document.  Like the document Your Honor already ruled on, the testimony at issue is privileged because it either (i) concerns the motive, strategy, and process behind the request for the legal advice provided in Exhibit 513 or (ii) consists of counsel reading the contents of the privileged document into the record.

Chicago      Hong Kong      London      Munich      New York      Palo Alto      San Francisco      Shanghai      Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan

November 7, 2011
Page 2

BP has met and conferred with the PSC and other parties regarding the designated testimony, and all parties agree that the following portions of designated testimony are privileged and should be stricken:

| Table 1: Lucas Privileged Deposition Designations - Agreed[1] | |
|---|---|
| 356:3-7 | 372:20-373:7 |
| 356:19-357:6 | 373:11-12 |
| 358:6-360:5 | 375:16-18 |
| 361:5-18 | |

\*      \*      \*      \*      \*

---

[1] All privileged testimony BP seeks to strike from Mr. Lucas's deposition transcript is listed by page and line number in the tables below, and attached as Exhibit A. The entries in Table 1 are color-coded red, the entries in Table 2 are color-coded yellow, and the entries in Table 3 are color-coded orange.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan


November 7, 2011
Page 3


BP asserts the following designated testimony is also privileged, but the PSC and/or Halliburton dispute BP's assertion of privilege:[2]

| Table 2: Lucas Privileged Deposition Designations - In Dispute ||
| :---: | :---: |
| 351:3-4 | 362:25-363:9† |
| 351:8-9 | 363:16-19† |
| 351:19-352:10 | 363:23-364:9† |
| 353:15-354:9[3] | 375:6-15[4] |
| 354:18-355:12[5] | 375:19-24 |
| 360:6-13 | 376:18-377:1† |
| 360:22-24 | 384:13-16 |
| 361:3-4 | 384:20-21 |
| 361:19-20 | 599:11-13† |

The Court ruled in March that Exhibit 513 is privileged; permitting the parties to designate this testimony for use at trial is inconsistent with the Court's prior ruling and very purpose of Pretrial Order No. 14's protection against inadvertent production of privileged materials.[6]

---

[2] BP's privilege assertions for all of the designations in Table 2 are disputed solely by the PSC unless otherwise noted. Where Halliburton concurs with the PSC, the designations are marked with a †. Where Halliburton is in partial agreement, the details are separately footnoted. Should the Court uphold BP's privilege claims, BP will withdraw its conditional counter-designation of page 597:19-598:4.

[3] Halliburton disputes the privilege only for 354:4-9.

[4] Halliburton disputes the privilege only for 375:6-11.

[5] Halliburton disputes the privilege only for 354:18-355:5.

[6] In fact, Mr. Dart, special counsel for the State of Louisiana, agreed that BP was not waiving privilege by permitting questioning regarding the document in question, "to the extent that a privilege exists." (Lucas Dep., 357:7-358:2, attached as Exhibit A). At that time, no other party objected to Mr. Dart's concession that privilege was not waived.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan

November 7, 2011
Page 4

      In addition to the portions of Mr. Lucas's deposition that are the subject of the parties' deposition designations for the Phase I trial, BP also requests that all other privileged testimony from Mr. Lucas's deposition (not presently designated by any party), listed in the table below, likewise be stricken from the transcript:

| Table 3: Other Lucas Privileged Testimony | |
|---|---|
| 361:21-362:24 | 598:5-599:10 |
| 363:10-15 | 610:15-611:24 |
| 369:10-372:19 | 613:12-21 |
| 379:11-382:16 | 627:12-628:6 |
| 596:19-597:10 | |

\*      \*      \*      \*      \*

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan

November 7, 2011
Page 5


To give full effect to the Court's prior order upholding BP's clawback of the inadvertently produced document marked as Exhibit 513, BP requests that (i) the court reporter be ordered to prepare a revised transcript wherein all privileged testimony is redacted; (ii) all parties be ordered to destroy prior paper and electronic versions of the transcript, substituting instead the new redacted version; (iii) with respect to the parties' deposition designations, that inData/Worldwide be ordered to delete all designations held privileged, as well as any highlighted excerpts from Exhibit 513, before submission of any portion of the transcript and related materials to the Court in connection with the Phase I trial; and (iv) that the parties be ordered to submit to inData revised two-page summaries to the extent any party's summary of Mr. Lucas's deposition designations includes any of the portions of his testimony identified in the tables above.

Respectfully,


/s/ R. Alexander Pilmer

RAP/rst

Attachments (4)

cc:     James Roy
        Steve Herman
        Mike Underhill
        Corey Maze
        Defense Steering Committee