**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | § | |
| "DEEPWATER HORIZON" in the | § | **MDL No. 2179** |
| GULF OF MEXICO on | § | |
| APRIL 20, 2010 | § | **Section J** |
| | § | |
| Applies to: | § | **Judge Carl J. Barbier** |
| | § | **Magistrate Judge Sally Shushan** |
| All Cases | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT M-I L.L.C.'S OPPOSITION TO ANADARKO'S MOTION IN *LIMINE*
REGARDING EVIDENCE OF ITS KNOWLEDGE OR ACCESS TO
INFORMATION ABOUT WELL DESIGN AND OPERATIONS**

Anadarko Petroleum Corporation and Anadarko E&P Company LP (collectively, "Anadarko") filed a motion in *limine* to exclude evidence regarding their knowledge of or access to information about the well design or operations of the *Deepwater Horizon*.  Dkt. No. 4319 at 1.  Anadarko argues that because the Court held in its dismissal rulings regarding the B1 and B3 Master Complaints that Anadarko had no duty that could support a negligence claim against it, any such evidence about its knowledge of or access to information is irrelevant and should be excluded.  Anadarko's motion should be denied for three reasons.

*First*, this evidence is relevant to M-I's cross-claims against Anadarko.  Phase One of the trial will include issues relevant to cross-claims and allocation of fault between the defendants.  Dkt. No. 4083 at 2.   M-I filed cross-claims against Anadarko based in part on Anadarko's knowledge of and access to information about the well and drilling operations pursuant to Anadarko's relationship with BP pursuant to the Joint Operating Agreement ("JOA").  Dkt. No. 2531, ¶¶ 61-66; *see also* Dkt. No. 4322 at 4-5.  Anadarko has moved to dismiss M-I's cross-

claims, and M-I has responded, but the Court has not yet ruled. Dkt. Nos. 2927, 4322. Thus, M-I's cross-claims are still pending, and the evidence Anadarko seeks to exclude is undisputedly relevant to those cross-claims.

*Second*, interactions between Anadarko and other defendants pursuant to the JOA—such as whether and to what extent Anadarko consulted with anyone about health, safety, and environmental issues or operational issues—could have implications for other defendants' liability (M-I also has cross-claims against BP). For example, communications between a defendant and Anadarko about problems on the well could show the scope of that defendants' knowledge at a given point in time. Anadarko's motion thus sweeps much too broadly.

*Third*, as a partner in the Macondo well, Anadarko was one of the few parties with a vested interest in the outcome of the operations and potential liability under OPA for discharge of oil from the well. Anadarko, therefore, has a perspective regarding the operations that other parties do not—profit from the well. If the Court were to grant Anadarko's motion and exclude this relevant evidence, the Court would limit its ability to gain a full understanding of the facts of the case. By denying the motion, the Court retains the ability to understand the knowledge of a party with a profit motive—other than the operator—and can disregard this evidence if deemed irrelevant, without prejudice.

For these reasons, M-I respectfully requests that the Court deny Anadarko's motion in *limine* regarding evidence of its knowledge of and access to information about the well and drilling operations.

November 8, 2011                              Respectfully submitted,

**OF COUNSEL:**                              MORGAN, LEWIS & BOCKIUS LLP
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon                               By: _/s/ Hugh E. Tanner_____
dleon@morganlewis.com.                           Hugh E. Tanner
Texas Bar No. 24002463                           htanner@morganlewis.com
5300 Wachovia Financial Center                   Texas Bar No. 19637400
200 South Biscayne Boulevard                     1000 Louisiana, Suite 4000
Miami, Florida  33131                            Houston, Texas  77002
Telephone:     (305) 415-3000                    Telephone:     (713) 890-5000
Facsimile:     (305) 415-3001                    Facsimile:     (713) 890-5001

Denise Scofield
dscofield@morganlewis.com                   **ATTORNEY FOR DEFENDANT**
Texas Bar No. 00784934                      **M-I L.L.C.**
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:     (713) 890-5000
Facsimile:     (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant M-I L.L.C.'s Opposition to Anadarko's Motion in Limine Regarding Evidence of Its Knowledge Of or Access To Information About Well Design and Operations has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 8th day of November, 2011.

  /s/ *Hugh E. Tanner*

Hugh E. Tanner