# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

November 4, 2011

**HAND DELIVERY**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, LA  70130

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

Re:    Response to the PSC's October 17, 2011 Letter Regarding "Alleged *Daubert*/702 Issues within Defendants' Business Records; Bly Interview Notes; and Other Misc. Business Records"

Dear Judge Barbier and Magistrate Judge Shushan:

On October 17, 2011, the PSC submitted letters to the Court covering certain issues raised by the PSC's "List of 300" Exhibits:   (1) MBI Testimony and Reports; (2) E-Mail Strings; (3) Alleged *Daubert*/702 Issues within Defendants' Business Records: Bly Interview Notes; and Other Misc. Business Records; (4) Public Records / Govt. Reports; (5) Alleged "Subsequent Remedial Measures"; and (6) Prior Safety Incidents.  On November 2, 2011, Magistrate Judge Shushan entered an order setting a schedule for defendants' responses to those letters.   In accordance with that schedule, the purpose of this letter is to respond to the PSC's letter regarding "Alleged *Daubert*/702 Issues within Defendants' Business Records; Bly Interview Notes; and Other Misc. Business Records."

In connection with this submission, BP is providing the Court with a CD containing various exhibits from the PSC's "List of 300."[1]

---

[1] That CD contains the following exhibits from the PSC's "List of 300" that are discussed herein: TREX 00151, TREX 00816, TREX 01966, and TREX 04447.

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

# KIRKLAND & ELLIS LLP

November 4, 2011
Page 2

      1.      <u>The Internal Investigation Team Report (Trial Exhibit 00001) is Generally Admissible</u>

BP agrees that when an organization imposes a business duty to conduct an investigation following an incident, and the other requirements of Federal Rule of Evidence 803(6) are met, reports of that investigation are generally admissible under the business records exception to the hearsay rule.[2] *See, e.g., Brauninger v. Motes*, 260 Fed. Appx. 634, 637-38 (5th Cir. 2007). Thus, the September 8, 2010 *Deepwater Horizon* Accident Investigation Report (Trial Exhibit 00001) (referred to below as the Internal Investigation Team Report, or IIT Report) is generally admissible.[3]

      2.      <u>Interview Notes From the IIT Investigation Should Be Evaluated On A Case-By-Case Basis</u>

The PSC urges a categorical rule that all interviews from the IIT investigation should be admitted into evidence. This goes too far. As the PSC's submission demonstrates, the IIT team conducted numerous interviews. And, as set forth in BP's Response to the PSC's October 17, 2011 Submission On E-mail Strings, to be filed November 11, 2011, whether a particular document qualifies for the business record exception to the hearsay rule depends on a variety of facts and circumstances specific to each document. Some examples relating to the IIT interview notes are set forth below.

           a.      <u>Certain of the IIT Interview Notes Contain Two Levels of Hearsay; The PSC Must Establish A Hearsay Exception For Each Level of Hearsay.</u>

Certain IIT interview notes cited by the PSC contain two levels of hearsay: (1) the interviewer's account of what the interviewee said; and (2) the underlying statement by the interviewee.

The PSC contends that the IIT interview notes meet the requirements of the business records exception to the hearsay rule because the preparation of the interview notes was a regular business practice in which BP employees had a business duty to participate, and because the

---

[2] BP's arguments regarding the applicability of the business records exception to the hearsay rule to various exhibits in the PSC's "List of 300" are set forth in BP's Response to the PSC's October 17, 2011 Submission On E-mail Strings, to be filed on November 11, 2011.

[3] Depending on the Court's resolution of BP's Motion in Limine to Preclude the Introduction into Evidence of the Joint Investigation Report and Testimony, to be filed November 7, 2011, certain very limited portions of the IIT Report that are based on Joint Investigation testimony may be inadmissible.

## KIRKLAND & ELLIS LLP

November 4, 2011
Page 3

other requirements of Federal Rule of Evidence 803(6) are met.  At best, however, this establishes an exception for the first layer of hearsay (the recording of the interview by a BP employee or agent).  But while the PSC's arguments apply to the first level of hearsay (the interviewer's account of what the interviewee said), they do not apply to the second level of hearsay (what the interviewee said).[4]

The PSC bears the burden of demonstrating that the each level of hearsay (including the interviewee's statements) falls within the business records exception to the hearsay rule.[5]  Under Fifth Circuit law, the PSC has not met this burden.  As explained in *U.S. v. Ismoila,* 100 F.3d 380 (5th Cir. 1996):

> Double hearsay exists when a business record is prepared by one employee from information supplied by another [employee or party].  If both the source and the recorder of the information, as well as <u>every other participant in the chain</u> producing the record, are <u>acting in the regular course of business</u>, the multiple hearsay is excused by Rule 803(6).

*Id.* at 392 (emphasis added) (internal citations omitted).  The PSC has not demonstrated that statements made by interviewees to the IIT were made during the "regular course of business," that the interviewees' statements were all made pursuant to a business duty imposed by their respective employers, or that all of the other elements of the business-records exception have been satisfied.  *See generally* discussion of business records in BP's Response to the PSC's October 17, 2011 Submission On E-mail Strings, to be filed on November 11, 2011.

In an effort to avoid this problem, the PSC argues that the second layer of hearsay (the interviewee's statements) are admissible because they are exempt from the hearsay rule as an admission by a party opponent under Federal Rule of Evidence 801(d)(2).  To meet its burden of

---

[4] *See Hook v. Regents of University of California*, 394 Fed. Appx. 522, 530 (10th Cir. 2010) (holding that the proponent of the evidence must identify an exception to the hearsay rule for each layer of hearsay contained in internal investigation interview notes); *see also Kelly ex rel. all Heirs at Law of Kelly v. Labouisse*, Civil Action No. 3:07cv631TSL-JCS, 2009 WL 427103, at *3 (S.D. Miss. Feb. 19, 2009) (("[T]he mere fact that one level of a multiple-level statement qualifies as "non-hearsay" does not excuse the other levels from Rule 805's mandate that each level satisfy an exception to the hearsay rule for the statement to be admissible.") (quoting *U.S. v. Dotson*, 821 F.2d 1034, 1035 (5th Cir.1987)).

[5] *See Sowders v. United Corp.*, 2007 WL 3171797, at *1 (W.D. Tex. Aug. 15, 2007) ("Once a party properly makes a hearsay objection, the burden shifts to the proponent of evidence to show by a preponderance of evidence that the evidence fell within an exclusion or exception to the hearsay rule."); *see also Kelly*, 2009 WL 427103, at *3 ((proponent also bears the burden of showing that a statement is a party admission) (*citing U.S. v. Saks*, 964 F.2d 1514, 1524 (5th Cir.1992)).

## KIRKLAND & ELLIS LLP

November 4, 2011
Page 4

demonstrating that an interviewee's underlying statements are admissible against BP under Rule 801(d)(2)(D), the PSC must clear at least two hurdles:

- First, for an interviewee's statement to qualify as a party admission under Rule 801(d)(2)(D), the offering party must demonstrate that the statement concerned "a matter within the scope of the agency or employment." Fed. R. Evid. 801(d)(2)(D). Statements that do not concern matters within the scope of the interviewee's agency or employment are not admissible under this rule. *Id.*

- Second, for an interviewee's statement to be admissible against BP, that statement must not only meet the requirements of Fed. R. Evid. 801(d)(2), but also must be made by an employee or agent of BP -- not an employee or agent of Transocean, Halliburton, *etc. Id.*

The PSC cannot meet these requirements for all of the IIT interview notes, or even for the interview notes included in the PSC's "List of 300." For example, TREX-00816 consists of the IIT's notes from its May 14, 2010 interview of Jesse Gagliano. Mr. Gagliano is a Halliburton employee. Thus, while TREX-00816 is admissible for the purposes of determining Halliburton's liability, it is not admissible for the purposes of determining BP's liability. *See, e.g.*, *United States v. Hay*, 122 F.3d 1233, 1236-37 (9th Cir. 1997) ("The hearsay statement is therefore admissible against Bartholomew under the party admission exemption. Fed.R.Evid. 801(d)(2)(A). The party admission exemption does not apply to Hay, however. Because this statement was improperly admitted against Hay, reversal is warranted if the improper admission was not harmless. We agree with Hay's contention that the admission of this statement was not harmless.").[6]

The PSC contends that BP has "argued that the contents of a business record are admissible only against the producing Defendant." (PSC October 17, 2011 Submission On E-

---

[6] *See also e.g., Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) ("On appeal, Stalbosky argues that Blakeley's statement was admissible under Rule 801(d)(2) of the Federal Rules of Evidence as an admission by Belew, a party-opponent. Belew is a party to this action, but the statements that are at issue here were not offered against Belew, but rather against Three Rivers to establish its knowledge of Belew's prior criminal history. Under Rule 801(d)(2)(A), a party's statement is admissible as non-hearsay only if it is offered against that party. The district court therefore properly refused to consider Blakeley's affidavit."); *United States v. Sauza-Martinez*, 217 F.3d 754, 760 (9th Cir. 2000) ("Ortiz's post-arrest statements were admissible as substantive evidence against her under Federal Rule of Evidence 801(d)(2)(A) as an admission of a party-opponent, as well to impeach her denial of the statements; but, Ortiz's statements were damaging hearsay as to Sauza and were not admissible against him as substantive evidence under any theory."); *Canter v. Hardy*, 188 F. Supp. 2d 773, 784 (E.D. Mich. 2002) ("Like the plaintiff in Stalbosky, Plaintiffs here offer Debra Parmentier's February 1995 statement not against Parmentier but rather against her co-defendants to establish the co-defendants' culpability. The statement, thus, is not admissible against the State Police Defendants or the RNI Defendants.").

# KIRKLAND & ELLIS LLP

November 4, 2011
Page 5

mail Strings at 4).  That is incorrect:  BP has never taken that position.  The PSC is mixing the business records exception with the party admission rule.  Unlike the business records exceptions, the party admission rule is not an exception to the hearsay rule; rather, party admissions are not hearsay.  *See* Fed. R. Evid. 801(d).  Unlike a business record, an admission under Rule 801(d)(2) can only be used in determining the liability of the party making the admission, not in determining the liability of all parties as the PSC contends.  *See generally* the authorities cited in footnote 6.

For these reasons, BP respectfully requests that the Court rule that TREX-00816 (the IIT's May 14, 2010 notes of its interview of Jesse Gagliano) is admissible against Halliburton, but not against BP.

    3.    <u>Portions of IIT Interview Notes That Contain Three Levels of Hearsay Are Inadmissible, Except to the Extent They Are Party Admissions</u>

As discussed above, some IIT interview notes contain two levels of hearsay:  (1) statements by the interviewee; and (2) the interviewer's account of what the interviewer said.  Some IIT interview notes contain yet a third level of hearsay:  the statements of a third person not present at the interview, as related by the interviewee or the interviewer.  For example:

- TREX-00151, which is included on the PSC's List of 300, states:  "[Internal Investigation Team member] Steve [Robinson] referenced a quote attributed to [Transocean employee] Jimmy Harrell, suggesting that he had expressed concerns previously to his management, to wit:  'Are you [f-ing] happy, the rigs on fire now.  I knew this would happen.'"   (BLY 00124216)

  The PSC has not demonstrated that Mr. Harrell's post-incident statements fall within the business-records exception to the hearsay rule.  While Mr. Harrell's statement is a party admission by Transocean and thus admissible under Federal Rule of Evidence 802(d)(2) for the purposes of determining Transocean's liability, it is not admissible for the purposes of determining BP's liability.  *See generally* authorities cited in footnote 6.

- TREX-01966[7], also included on the PSC's "List of 300," contains hearsay within hearsay statements attributed to Transocean employees at BP-HZN-MBI00021264-66 and 76.  (*E.g.,* "Jason 'It will build to 1400 then level off'" (BP-HZN-MBI00021264); "Driller said we've seen this" (BP-HZN-MBI00021264); "Jason said 'Bob and Dan, this

---

[7] BP has also objected to TREX-01966 on the ground that it is a compilation of several separate documents into one exhibit.  The PSC has promised to cure this and similar objections.

# KIRKLAND & ELLIS LLP

November 4, 2011
Page 6

> happens all the time'" (BP-HZN-MBI00021276); "Jason said 'all company men do it differently, but this happens every time, when the riser is heavy the annular puts pressure on the down on fluid below'" (BP-HZN-MBI00021276.))  Like Mr. Harrell's statements in TREX-00151, these hearsay statements by Transocean employees in TREX-01966 are admissible against Transocean, but not against BP.

- TREX-04447 contains a hearsay within hearsay statement attributed to Kate Paine, a BP contractor: "I can't get a break on this well." (BLY00144214)  To the extent that the Court rules that its Boots & Coots order (Doc. 3346) applies and makes admissible the statements attributed to the contractor Kate Paine in Trial Exhibit 4447 as admissions under Rule 801(d)(2), BP respectfully preserves its objections.  BP's arguments to the contrary -- from the briefing on the Boots & Coots report (Rec. Doc. 3221) -- are respectfully incorporated by reference herein.

**Conclusion**

For the foregoing reasons, BP respectfully requests that the Court:

- rule that the IIT Report (TREX-0001) is generally admissible subject to footnote 3;

- reject the PSC's contention that IIT interview notes are categorically admissible;

- rule that TREX-00816 is admissible against Halliburton, but not against BP; and

- rule that the portions of TREX-00151 and TREX-01966 that contain hearsay statements by Transocean employees are admissible against Transocean, but not against BP. [8]

As always, we appreciate the Court's time and consideration in this matter.

Sincerely,

Andrew Langan, P.C.

---

[8] BP will address in separate submissions (provided for in Magistrate Judge Shushan's November 2, 2011 scheduling order) its objections to certain exhibits mentioned in footnote four of the PSC's letter: *e.g.*, TREX00986 (Oil Spill Commission Chief Counsel's Report), TREX006300 (Oil Spill Commission Report), and TREX004842 (Contractor Power Point).

# KIRKLAND & ELLIS LLP

November 4, 2011
Page 7


cc:     Steve Herman
        James Roy
        Defense Liaison Counsel
        Mike Underhill
        Hon. Attorney General Luther Strange
        Cory Maze
        Ben Allums
        Mike O'Keefe