

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

**Kerry J. Miller**
**Telephone: (504)599-8194**
**Facsimile:  (504)599-8145**
**E-mail:  kmiller@frilot.com**

November 10, 2011

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

>  Re:    E-Mail Strings Produced by Defendants

Dear Judge Barbier:

On October 17, 2011, the PSC submitted a letter brief concerning the admissibility of email strings produced by Defendants.  Essentially, the PSC asks this Court to admit **all** emails produced by Defendants into evidence without specific case-by-case consideration of the various forms of hearsay inherent within the emails. As outlined below, the law clearly does not support the PSC's proposal to categorically admit emails without specifically satisfying the requirements of the applicable hearsay exceptions.

> A.    Business Records

The emails the PSC seeks to admit are indisputably hearsay, that is, they are "statement[s], other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." FED. R. EVID. 801, 802.  It is axiomatic that hearsay is inadmissible unless the evidence is not offered for the truth of the matter asserted or it satisfies the elements of a hearsay exception. *Id.*

The PSC states "all of the relevant e-mail communications produced by Defendants are admissible business records."  While it is true that emails can sometimes be business records, it is not true that all emails meet the requirements of the business record hearsay exception under Rule 803(6) simply because they were produced by a business litigant.  Instead, each email has to be individually scrutinized in order to ensure that all of the elements of the hearsay exception are satisfied.

Emails are only admissible under the business records exception if they meet the standards set forth in Rule 803(6).  Rule 803(6) provides:

Honorable Sally Shushan
United States Magistrate Judge
Page 2 of 4
November 10, 2011

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, ... unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

FED. R. EVID. 803(6). The Fifth Circuit has enunciated the following elements that must be met before hearsay can be admitted as a business record:

1. the document must have been made 'at or near' the time of the matters recorded therein;

2. the document must have been prepared by, or from information transmitted by a person 'with knowledge of the matters recorded';

3. the person or persons who prepared the document must have prepared it in furtherance of some undertaking, enterprise or business which can fairly be termed a 'regularly conducted business activity';

4. it must have been the 'regular practice' of that business activity to prepare documents of that nature; and

5. the documents must have been retained and kept in the course of that or some other regularly conducted business activity.

*Wilander v. McDermott Intern., Inc.*, 887 F.2d 88, 91 (5th Cir. 1989). "The rationale underlying [the business records exception] to the rule against hearsay is that the inherent reliability of business records is 'supplied by systematic checking, by regularity, and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation.'" *United States v. Wells*, 262 F.3d 455, 462 (5th Cir. 2001) (quoting Fed. R. Evid. 803(6) Committee Note).

The Fifth Circuit has recognized that neither a paper document, such as a letter or memo or note, nor an email, falls within the business records exception of Rule 803(6) simply because it concerns a business matter. *United States v. Robinson*, 700 F.2d 205, 209-210 (5th Cir. 1983); *Rambus, Inc. v. Infineon Technologies AG*, 348 F. Supp. 698, 704 (E.D. Vir. 2004) ("[T]he 'mere presence of a document … in the retained files of a business entity do[es] not by itself qualify that document as a record of regularly conducted activity.'") (citations omitted); *see also Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC*, 2008 WL 1999234, *12 (S.D. Tex. 2008). Instead, courts must examine whether it was the business duty of an employee to make and maintain emails as part of his job duties and whether the employee routinely sent or received and maintained the emails. *See id.* (requiring the proponent to satisfy the elements of

the business records hearsay exception before admission of an email); *New York v. Microsoft*, 2002 WL 649951, *2 (D.D.C. Apr.12, 2002) (declining to admit emails under the business records hearsay exception because there was a "complete lack of information regarding the practice of composition and maintenance of" the emails); *United States v. Ferber*, 966 F. Supp. 90, 98 (D. Mass. 1997) (holding that "in order for a document to be admitted as a business record, there must be some evidence of a business duty to make and regularly maintain records of this type," and finding that emails submitted by the government did not fall under the business records exception because "while it may have been [an employee's] routine business practice to make such records, there was no sufficient evidence that [the employer] required such records to be maintained").

Therefore, a party seeking to introduce an email made by an employee about a business matter under the hearsay exception of Rule 803(6) must show that the employer imposed a business duty to make and maintain such a record and that this practice was regularly conducted such that a business could rely upon its accuracy of the document. The PSC largely ignores these requirements in its attempt to gain admission of hearsay evidence.

### B. Multiple Levels of Hearsay

Further, Rule 805 requires that all levels of hearsay conform to an exception to the hearsay rule in order to be admissible. *Ramirez v. Gonzales*, 225 Fed. Appx. 203, 210 (5th Cir. 2007) (quoting Fed. R. Evid. 805). As the Fifth Circuit noted:

> If both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business, the multiple hearsay is excused by Rule 803(6). However, if the source of the information is an outsider, Rule 803(6) does not, by itself, permit the admission of the business record. The outsider's statement must fall with in another hearsay exception to be admissible because it does not have the presumption of accuracy that statements made during the regular course of business have.

*Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) (citing *United States v. Baker*, 693 F.2d 183, 188 (D.C. Cir. 1982)). Thus, even if one of the Defendants maintained the email in the regular course of business, Plaintiffs would, at a minimum, have to establish it was both the regular business practice of Defendant to forward such emails, internally or externally, and that it was the business practice of the outsider to compose such emails. *See State of New York v. Microsoft Corp.*, 2002 WL 649951, *3-4 (D.D.C. 2002).

### C. Party Opponent Admissions

Additionally, all emails cannot automatically be considered non-hearsay under Rule 801 because they were produced by Defendants. A statement is not hearsay if it is offered against a party and is . . . (B) a statement of which the party has manifested an adoption or belief in its truth, or . . . (D) a statement made by the party's agent or servant concerning a matter within the

Honorable Sally Shushan
United States Magistrate Judge
Page 4 of 4
November 10, 2011

scope of the agency or employment, made during the existence of the relationship. FED. R. EVID. 801(d)(2)(B) & (C).

First, the statement can only be offered against the individual party who made the admission if it meets the standard or Rule 801. *Id.* Further, under Rule 801(d)(2)(B), the statement must be one which the party has *manifested* an adoption or belief in is truth. *Id.* (emphasis added).

Also, Rule 801(d)(2) requires the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's or servant's employment. *Callon Petroleum Co. v. Big Chief Drilling*, 548 F.2d 1174, 1177 n.3 (5th Cir. 1977); *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986). The PSC has not laid the requisite foundation or otherwise satisfied the Rules making the hearsay emails admissible.

### D.   Conclusion

Ultimately, each email must be individually scrutinized to ensure that the requirements of the applicable hearsay exception are met. The PSC has not met its burden of showing that the evidentiary predicate and foundational requirements have been met with respect to each of the emails in question. Moreover, many of the emails cited by Plaintiff are either emails that were not prepared or maintained in the regular course of the Defendant's business, include outsiders who have not been shown to have prepared or preserved such emails in the regular course of business, or include multiple layers of hearsay that do not meet an applicable exception. As such, the Court should deny the PSC's request to categorically admit the emails in question without individualized review.

As always, we appreciate the Court's consideration of these matters.

Sincerely,

*/s/ Kerry J. Miller*

Kerry J. Miller

cc:   Hon. Sally Shushan (via e-mail)
      All Counsel (via e-mail)