**STONE PIGMAN WALTHER WITTMANN L.L.C.**

COUNSELLORS AT LAW

546 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130-3588
(504) 581-3200
FAX (504) 581-3361
www.stonepigman.com

PHILLIP A. WITTMANN
DIRECT DIAL: (504) 593-0804
DIRECT FAX:  (504) 596-0804
E-Mail: pwittmann@stonepigman.com

OUR FILE NUMBER

45,600

November 11, 2011

Honorable Carl J. Barbier
Judge, United States District Court
Eastern District of Louisiana, Section "J"
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

    Re:    **Hearsay Objection to E-Mail String**

Dear Judge Barbier:

    The Plaintiffs provided an initial list of 300 exhibits that they wish to use at trial. Cameron has objected to several, including TREX-03419, an email chain that constitutes inadmissible hearsay.

**1.    TREX-03419 is not a business record.**

TREX-03419 is an email exchange in which a Transocean employee asks about events "over the last year" and another employee responds. Federal Rule of Evidence 801 defines hearsay to include a verbal or written assertion, other than one made by the declarant while testifying at trial, offered into evidence to prove the truth of the matter asserted. Statements that constitute hearsay are not admissible, except as otherwise provided by law. *See* Fed. R. Evid. 802. In response to Cameron's objection to TREX-03419, the Plaintiffs argue that the business records exception to the hearsay rule applies. The Plaintiffs' argument is erroneous. The business records exception applies to:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . ..

*See* Fed. R. Evid. 803(6).

1075590v.1

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE   2

November 11, 2011

Thus, a document must satisfy five requirements to satisfy the business records exception — the record must: (1) be a memorandum or data compilation that records "acts, events, conditions, opinions, or diagnoses"; (2) it must be made "at or near the time" of the events it records; (3) it must be made by, or from information transmitted by, a person with knowledge of the events recorded; (4) the record must have been actually kept in the course of a regularly conducted activity; and (5) it must have been the regular practice of the business or organization to make and maintain such records. *See id.* Further, the party offering the record into evidence must demonstrate that these requirements are met through *testimony* of the custodian of the record or some other qualified witness. *See id.*

The rationale for the existence of a business records exception is that certain data and record compilations have an "unusual reliability," based on "systematic checking, by regularity and continuity which produce habits of precision." *See United States v. Wells,* 262 F.3d 455, 462 (5th Cir. 2001) (citing Fed. R. Evid. 803(6), Notes of Advisory Committee on Proposed Rules). Further, Rule 803(6) itself and the Advisory Committee notes indicate that the business records exception should apply only where circumstances indicate trustworthiness and the person recording information has an incentive for accuracy, rather than some other incentive, such as an incentive to justify his actions.

The Plaintiffs suggest that TREX-03419 satisfies the business records exception because "company employees regularly" — meaning *frequently* — send emails. But frequency of communication is not sufficient to satisfy either the rationale of the business records exception or the five express requirements of Rule 803(6).

   a.   **The challenged e-mail chain fails to satisfy either the rationale or the plain language of Rule 803(6).**

The rationale of the business records rule is the *exceptional indicia of reliability* associated with certain records. Classic examples of such documents are sales records, telephone logs, and other contemporaneous records of activity or occurrences. *See United States v. Metallo,* 908 F.2d 795 (11th Cir. 1990), *cert. denied,* 112 S. Ct. 1483 (1992) (accounting reports); *United States v. Massey,* 89 F.3d 1433 (11th Cir. 1996), *cert. denied,* 117 S. Ct. 983 (1997) (sales receipts). Such records might be generated frequently, but the exceptional indicia of reliability that justifies an exception to the hearsay rule is not based on mere frequency. Rather, it is based on a company's policy and practice of the routine, precise recordation of events.

If mere frequency of communication was an exceptional indicator of reliability, then normal speech should qualify for an exception to the hearsay rule because people frequently speak. But no such exception exists. Indeed, people frequently communicate in a variety of ways, including by email. The mere frequency of those communications is not in itself an exceptional indicator of reliability, and therefore the mere frequency of communication does not satisfy the rationale of the business records exception.

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE   3

November 11, 2011

Further, TREX-03419 does not satisfy the five express requirements of Rule 803(6). For example, the Plaintiffs do not even attempt to argue that TREX-03419 is a record or compilation of "acts, events, conditions, opinions, or diagnoses." In fact, TREX-03419 is an email exchange in which a Transocean employee requests certain information that can be used in determining whether the other employees had complied with certain recommendations he had made "over the last year," and in considering changes that could be made to "standardize some of the processes." The request for information is not a compilation of past events, nor is the reply email a routine compilation of events. Instead, it was a reply to an ad hoc inquiry, and was a reply in which the author of the email likely had an incentive to demonstrate his compliance with the prior recommendations.

Second, the Plaintiffs ignore the requirement that, for a record to qualify as admissible under the business records exception, it must have been *the policy of the company to make the record at issue.* As both the plain language of Rule 803(6) and the jurisprudence applying it make clear, it is not sufficient that an employee happened to make and keep a document, or even that an employee frequently did so. See *Rambus, Inc. v. Infineon Technologies AG*, 348 F. Supp. 2d 698, 705-6 (E.D. Va. 2008) ("The fact that an employee 'routinely' takes meeting notes and keeps them, is quite different from whether a company policy directs the employee to do so.").

The Fifth Circuit has emphasized the importance of the requirement that, in order for a company's document to qualify for the business records exception, the company must have had both a policy and regular practice of making such a record. In *United States v. Parker*, 358 F., App'x 524 (5th Cir. 2009), an IRS agents' handwritten notes regarding a particular taxpayer satisfied the requirements of 803(6). The handwritten notes were made on a standard form — IRS Form 9297, which is entitled "Summary of Taxpayer Contact." *See id.* at 527. The IRS agent testified that it was the regular practice of the IRS to make such a record, and that the IRS *required* her to keep such records. *See id.*

Contrasting facts are demonstrated in *U.S. Commodities Futures Trading Commission*, 594 F.3d 408, 417 (5th Cir. 2010), a prosecution for market manipulation. In that case, the parties disputed the admissibility of a spreadsheet with notes showing trading activity. Although the document was a record of business activity, the Fifth Circuit held that the document was inadmissible hearsay and did not qualify for the business records exception because the party offering the evidence failed "'to establish that it was the regular practice of that business activity' to have the notes made." *See id.* at 417.

In *United States v. Brown*, 553 F.3d 768 (5th Cir. 2008), the defendants were pharmacy owners who offered certain records from their pharmacy's computer system. The defendants attempted to use an expert witness to demonstrate that the records satisfied the requirements for admission into evidence under the business records exception to the hearsay rule. The Fifth Circuit held the testimony was insufficient. The expert knew how to operate the pharmacy's computer, but he had no first-hand knowledge of the pharmacy's record keeping

practices. *See id.* at 793. Thus, he could not establish that it was the pharmacy's policy and practice to keep any particular records.

On similar reasoning, the court excluded emails as inadmissible hearsay in *Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389 (D. Conn. 2008), *aff'd*, 587 F.3d 132 (2d Cir. 2009), *cert. denied*, 131 S. Ct. 127 (2010). The court noted that, for a document to qualify for the business record hearsay exception, the proponent of the evidence "must show that the employer imposed a business duty to make and maintain such a record." *See id.* at 397. The emails were excluded in *Kempthorne* because the proponent did not make that showing. *See id.*

In this case, the Plaintiffs offer no evidence that it was the routine practice and policy of Transocean, much less that Transocean imposed a duty, for its employees to make and keep the particular sort of emails contained in TREX-03419.

Third, the Plaintiffs ignore the requirement that a document must be made "at or near the time" of the events that the document records in order for it to qualify for the business records exception. The email string in TREX-03419 begins with a Transocean employee requesting information relating to recommendations he had made "over the last year." The reply email references events and documents, but the text of the reply gives no details about the timing of the events and documents that it references, and the Plaintiffs have not made any attempt to fill in the gap. Thus, the Plaintiffs fail to demonstrate that TREX-03419 was made at or near the time of the events discussed therein.

Further, the Plaintiffs fail to demonstrate with testimonial evidence that TREX-03419 satisfies the remaining two requirements for admission under the business records exception. In order for the document to be admissible as a business record, the Plaintiffs must demonstrate that TREX-03419 satisfies all five requirements of Rule 803(6), but the Plaintiffs fail to show that any of the requirements are met. Accordingly, TREX-03419 constitutes inadmissible hearsay and should be excluded.

    b.    **The Plaintiffs' cases are entirely consistent with Cameron's objection.**

The cases cited by the Plaintiffs illustrate that e-mails can be admissible under the business records exception if they satisfy all the requirements of 803(6), but Cameron does not dispute that proposition. The problem with TREX-03419 is that it does not satisfy these requirements. Indeed, the Plaintiffs' cases are distinguishable based on the contrast between TREX-03419 and the emails at issue in the cited cases.

For example, the Plaintiffs cite *Canataxx Gas Storage Ltd. v. Siverhawk Capital Partners, LLC*, 2008 WL 1999234 (S.D. Tex. 2008) as a case in which emails were admitted under the business records exception. In that case, a company regularly received sales orders by email, and the company made it a policy to keep those emails as the company's records of sales. *See id.* at *12. The emails satisfied all the requirements of 803(6). The emails were a

STONE PIGMAN WALTHER WITTMANN L.L.C.

PAGE   5

November 11, 2011

compilation or a record of an activity, they were made at the time of the activity by a person who received the sales orders in the course of regular, routine business activity, and the company made it a practice and policy to keep the emails as its records of sale.  Thus, in contrast to TREX-03419, the emails at issue in *Canataxx* were a classic type of business record — a record of sales — even though the records were kept in electronic form rather than in a sales journal.

The Plaintiffs also cite *DirecTV, Inc. v. Murray*, 307 F. Supp. 2d 764 (D. S.C. 2004), but the emails in that case were similar to those in *Canataxx*. In *DirecTV*, a company received orders by email, and as a regular, routine matter, the company kept those emails as records of the orders. *See id.* at 772-3.

2.      **As to Cameron, TREX-03419 is not an admission.**

Finally, TREX-03419 cannot be an admission *as to Cameron* because the e-mails in the document were not written or sent by a Cameron employee or agent. *See* Fed. R. Evid. 801.

For these reason, Cameron objects to the admissibility of TREX-03419.

Respectfully yours,

*Phil Wittmann*

Phillip A. Wittmann

PAW/jpb

383.00017/489477.v1

1075590v.1