

# GODWIN RONQUILLO
A Professional Corporation

**DALLAS  HOUSTON**

Attorneys and Counselors

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:   214.939.4412
DIRECT FAX:   214.939.4803
DGodwin@GodwinRonquillo.com

**GodwinRonquillo.com**

November 11, 2011

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

    Re:    **HESI Response to PSC Letter regarding Admissibility of Email Strings**

Dear Judge Barbier:

    Halliburton Energy Services, Inc. ("HESI") responds to the PSC's October 17, 2011 letter addressing the admissibility of email strings produced by the Defendants ("PSC Ltr."). Rec. doc. 4340-1. While HESI agrees with some propositions in the PSC Letter, the PSC proposes an improper framework for determining the admissibility of an email. Determining whether an email is admissible for the truth of the matter asserted — or for any purpose — does not depend on whether it was internal to the corporate party producing it or whether it included communications with third parties. Rather, admissibility depends on the application of the Rules of Evidence to the communication, regardless of whether it originated in an electronic form. An email, like a memo printed on paper, is a method of transporting a record. It is not a business record for the purposes of the hearsay rule exception simply by virtue of being an email produced by a corporate party. By arguing that a company-produced-and-maintained email is admissible with no further showing, the PSC conflates the preliminary authenticity requirement with the more difficult hearsay hurdle.

I.    **Emails Should Be Treated as Any Other Document for the Purpose of Admitting Evidence.**

    Out-of-court statements are hearsay whether spoken, in a hand-written document, or in emails. Emails are treated no differently from any other type of evidence when it comes to determining admissibility. Parties offering emails as evidence must contend with hearsay objections just as they would with handwritten correspondence. *See CA, Inc. v. Simple.com, Inc.*, 780 F. Supp. 2d 196, 227 (E.D.N.Y. 2009) (citing 5-900 WEINSTEIN'S FEDERAL EVIDENCE § 900.07)). To be admissible, emails must meet an exception to hearsay. Further, as with any

The Honorable Carl J. Barbier
November 11, 2011
Page 2

other evidence, whether an email qualifies as admissible trial evidence depends on the context in which the proponent wishes to use it. *See DirecTV, Inc. v. Murray*, 307 F. Supp. 2d 764, 773 (D. S.C. 2004). "Neither a paper document, such as a letter or memo or note, nor an email, falls within the business-records exception of Rule 803(6) simply because it concerns a business matter." *Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC*, Civ. A. No. H-06-1330, 2008 WL 1999234, *12 (S.D. Tex. May 8, 2008) (citing *United States v. Robinson*, 700 F.2d 205, 209-10 (5th Cir. 1983)).

II. **Emails May Be Admitted as Business Records or Other Exceptions to Hearsay If the Proponent of the Document Provides a Proper Foundational Basis Under the Rules of Evidence.**

The PSC contends that emails produced by a defendant are admissible as business records. *See* FED. R. EVID. 803(6). However, emails are not *per se* admissible for the truth of the matter asserted or admissible as to all Defendants just because they were kept in the regular course of business. Whether evidence is admissible under Rule 803(6), or any other hearsay exception for that matter, is "chiefly a matter of trustworthiness." *United States v. Wells*, 262 F.3d 455, 459-60 (5th Cir. 2001). The mere creation and maintenance of emails is *not* the "regularly conducted business activity" necessary to trigger Rule 803(6). Rather, the email must *contain information* "kept in the course of a regularly conducted business activity" and meet the other requirements of Rule 803(6).

Rule 803(6) provides an exception to the hearsay rule for "records of regularly conducted activity." FED. R. EVID. 803(6); *see also World Wide St. Preachers' Fellowship v. Town of Columbia, Louisiana*, No. 05-0513, 2008 U.S. Dist. LEXIS 90674, *22 (W.D. La. 2008). As a preliminary matter the evidence must be authentic or "shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification." FED. R. EVID. 803(6); *see e.g., DirecTV, Inc.*, 307 F. Supp. 2d. at 772-73. The Rule then provides four requirements to establish the business record exception:

> (1) "A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses,"

> (2) "made at or near the time by, or from information transmitted by, a person with knowledge,"

> (2) "if kept in the course of a regularly conducted business activity, and"

> (4) "if it was the regular practice of that business activity to make the memorandum, report, record or data compilation."

FED. R. EVID. 803(6). The Rule also contains a catch-all safeguard. Evidence is not admissible even if it is authentic and meets the four requirements if "the source of information or the method

The Honorable Carl J. Barbier
November 11, 2011
Page 3

or circumstances of preparation indicate lack of trustworthiness." FED. R. EVID. 803(6). Thus, an email transmitting a weekly status report sent by a person with knowledge of the data contained therein would be admissible. But, an email containing banter among colleagues would not be admissible for the truth of the matter asserted. For example, Trial Exhibit 01084 may be admissible for the purpose of BP's state of mind in that it was on notice that the largest mud particle used was 710 microns, but not for the truth of Mr. Bodek's ability to walk on water.

To be admissible, an email must contain information that was created as part of a "regular practice." "Absence of routineness raises lack of motivation to be accurate." FED. R. EVID. 803(6), Advisory Comm.'s Notes, 56 F.R.D. 183, 310 (1972). For example, a report prepared for use in litigating, not railroading, is not inadmissible in a railroad crossing collision case. *Id.* at 309-10 (discussing *Palmer v. Huffman*, 318 U.S. 109 (1943)). Moreover, for evidence to be admissible under Rule 803(6), the information must have been compiled pursuant to official duties. *Robinson*, 700 F.2d at 210.

The Rule 803(6) exception functions as a test to ensure the reliability of the evidence, and it requires that the data in question be a product of a business function. "The element of unusual reliability of business records is said variously to be supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation." FED. R. EVID. 803(6), Advisory Comm.'s Notes, 56 F.R.D. 183, 308 (1972).

The proponent of the email must demonstrate the business record foundation for each level of hearsay. For example, double hearsay exists when the record is prepared by an employee with information supplied by another person. *United States v. Blechman*, 657 F.3d 1052, 1065 (10th Cir. 2011). If the person who provides the information is an outsider to the business and, therefore, is not under a business duty to provide accurate information, the reliability rationale that underlies the business records exception does not apply. *Id.* (citations omitted). Each actor in the chain of information must be acting in the regular course of business or "an essential link in the trustworthiness chain fails." *Id.* (citations omitted); *see also* FED. R. EVID. 803(6), Advisory Comm.'s Notes, 56 F.R.D. 183, 308-09 (1972) ("If, however, the supplier of the information does not act in the regular course, an essential link is broken; the assurance of accuracy does not extend to the information itself, and the fact that it may be recorded with scrupulous accuracy is of no avail"). Thus, for an email "string" to be admissible, the proponent of the evidence must provide a foundation for the statements of each declarant in the string. *See State of New York v. Microsoft Corp.*, No. Civ. A. 98-1233, 2002 WL 649951, *3 (D.D.C. Apr. 12, 2002) (rejecting admission of chain email where foundation not established for each declarant therein).

The PSC cites several cases for the proposition that emails are admissible under the business records exception. A close examination of these cases, however, demonstrates that email evidence must pass the same reliability tests as any other evidence. *See United States v. Stein*, No. S1-05-Crim-0888, 2007 WL 3009650, *1 (S.D.N.Y. 2007) (noting that emails are not

The Honorable Carl J. Barbier
November 11, 2011
Page 4

automatically admissible as business records and must meet the requirements of 803(6)). In *Canatxx Gas Storage Ltd.*, the court engaged in a detailed examination of the foundation for admission of emails under hearsay exceptions including Rule 803(6). 2008 WL 1999234, at *11-15. The court required a party seeking to introduce an email by an employee about a business matter to show that the employer imposed a business duty to "make and maintain such a record." *Id.* at *12; *see also DirecTV*, 307 F. Supp. 2d at 772-73 (admitting emails for summary judgment purposes where Rules 902 and 803(6) are met in part by providing a foundation that the business regularly received orders via email); *LeBlanc v. Nortel Networks Corp.*, No. Civ. A. 3:03-CV-65, U.S. Dist. LEXIS 58366 *5-6 (M.D. Ga. Mar. 30, 2006) (considering as "likely" admissible under 803(6) conflicting emails relied upon by plaintiffs and defendants on summary judgment motions).[1]

Thus, a proper review of the admissibility of emails under hearsay exceptions should be no more or less rigorous than that for any other form of evidence. *See United States v. Safavian*, 435 F. Supp. 2d 36, 39-49 (D.D.C. 2006) (analyzing the authenticity and admissibility of emails); *State of New York v. Microsoft Corp.*, No. Civ. A. 98-1233, 2002 WL 649951, at *2-6 (D.D.C. Apr. 12, 2002) (rejecting admission of several emails where foundation not established for each declarant therein).

### III.  Email Correspondence is not Automatically Admissible for the Truth of the Matter Asserted as to All Defendants.

The PSC asserts that email correspondence is admissible "for Its Truth" as to all Defendants when produced by one Defendant. PSC Ltr. at 5. While this may be true for a particular piece of evidence, there is no such blanket rule. Email evidence is subject to the same rigorous tests for trustworthiness and reliability as other hearsay statements. Each email the PSC or any other party wishes to admit should be analyzed accordingly. In *Safavian*, the district court, on motion in limine, subjected multiple emails to a rigorous examination as to authenticity and admissibility under hearsay exceptions. 435 F. Supp. 2d at 39-49. The court examined whether certain emails were admissible under the co-conspirator hearsay exception in Rule 801(d)(2)(E) and ultimately found them inadmissible. *Id.* at 46-48. The Rules of Evidence limit admissibility of evidence as to co-conspirators. To admit evidence produced by one defendant (and thus authentic to that defendant) for the truth of the matter asserted as to all defendants would reach far beyond the carefully crafted, narrow bounds of the hearsay rules and their goal of ensuring trustworthiness and reliability of evidence. *Id.*

The PSC alleges that a forwarded email is admissible as an "adoptive admission" where an employee "adds to the email in some manner." PSC Ltr. at 4. Here, the PSC again attempts to stretch the Rules of Evidence beyond their bounds. Adoptive admission requires more than a

---
[1] While *Pierre v. RBC Liberty Life Ins.*, Civ. A. No. 05-1042-C, 2007 WL 2071928 (M.D. La. July 13, 2007), admitted emails prepared by the producing company's employees, it did so without analysis or any explanation of what the emails contained. *Id.* at *2.

The Honorable Carl J. Barbier
November 11, 2011
Page 5

mere addition "in some manner." Rather, the party forwarding the email must clearly indicate his adoption of the contents. *See Safavian*, 435 F. Supp. 2d at 44 (refusing to admit an email without such clear adoption), *cf. Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F. Supp. 2d 966, 973 (C.D. Cal. 2006) (incorporated email content admissible as vicarious adoptions "to the extent" the party's agent expresses approval thereof).

Likewise "mixed recipient" email correspondence is not *per se* admissible or inadmissible. Admissibility depends on the application of the Rules of Evidence to that particular correspondence for the particular use the proponent proposes. *See e.g., Safavian*, 435 F. Supp. 2d at 48-49 (rejecting the admissibility of an email copying the defendant).

## V.   CONCLUSION

Based upon the arguments above, HESI respectfully requests that the Court decline to grant the PSC's request to treat emails produced by HESI as business records without the foundation necessary to establish all requirements of Rule 803(6), or any other hearsay exception.

Respectfully submitted,

*Donald E. Godwin*

Donald E. Godwin