# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

November 14, 2011

**HAND DELIVERY**

The Honorable Carl J. Barbier
United States District Judge
United States District Court
500 Poydras Street, Room C-268
New Orleans, LA 70130

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

Re:     MDL 2179--E-Mail Strings Produced by Defendants, The Business Records
Exception To The Hearsay Rule, and Party Admissions

Dear Judge Barbier and Magistrate Judge Shushan:

BP submits this response to the PSC's October 17 letter regarding "E-Mail Strings
produced by Defendants."  BP respectfully suggests that the PSC goes too far in suggesting a rule
that all e-mails are admissible as business records or party admissions.  While some e-mail strings
are admissible, others are not.  This is true among the "List of 300" documents picked by the PSC,
and also of documents beyond the "List of 300."

This letter also addresses the PSC's interpretation of the business records exception and the
party admission rule in its letter.  In summary:

- The business records exception does not apply to e-mails and other documents prepared
  primarily in anticipation of litigation. *See Palmer v. Hoffman*, 318 U.S. 109 (1943).

- Even if a record relates to a business matter, the business records exception applies only if
  the offering party establishes by a preponderance of the evidence that, among other things,
  the "the employer imposed a business duty to make and maintain such a record."[1]

---

[1]     *See Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners*, *LLC*, Civil Action No. H-06-1330, 2008 WL
1999234 at \*12 (S.D. Tex. May 8, 2008) (emphasis added); *see also Imperial Trading Co. v. Travelers Prop.
Cas. Co. of Am.*, Civil Action No. 06-4262, 2009 WL 2382787 (E.D. La. July 31, 2009) (letter that was isolated
and unique could not be considered to fall within Fed. R. Evid. 803(6) hearsay exception because
"'[m]emoranda that are casual, isolated, or unique do not qualify as business records.'") (*quoting* 5 Weinstein's
Federal Evidence § 803.08[2] (2d ed. 2009)); *Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389,
397 (D. Conn. 2008) *aff'd*, 587 F.3d 132 (2d Cir. 2009).

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

- The PSC argues that, even if a document is not a business record, it is admissible against all defendants so long as it qualifies as a party admission against one defendant under Federal Rule of Evidence 801(d)(2).  In fact, in a multi-defendant case, a Rule 801(d)(2) admission as to one defendant may not be considered in determining the liability of other defendants, unless it is admissible on other grounds as to those defendants.

- Although the witness required to establish the foundation for the business records exception need not be an employee of the party that authored the document, the witness must have familiarity with the records-keeping systems of that party.

**1.    It Is The PSC's Burden To Demonstrate By A Preponderance of the Evidence That the Business Records Exception To the Hearsay Rule Applies.**

Once a party properly makes a hearsay objection, the burden shifts to the proponent of evidence to show by a preponderance of evidence that the evidence fell within an exclusion or exception to the hearsay rule.  *See, e.g., Sowders v. TIC United Corp.*, Civil Action No. SA-05-CA-309-06, 2007 WL 3171797, at *1 (W.D. Tex. Aug. 15, 2007).

**2.    The Question of Whether Emails Are Business Records Is More Nuanced Than the PSC Suggests.  For Example, Trial Exhibit 3092 Contains Inadmissible Hearsay.**

Even if An E-mail Concerns a Business Matter, The Offeror Still Must Prove That The Employer Imposed A Business Duty To Prepare the E-mail On That Subject

The PSC argues that relevant e-mails are categorically admissible as business records.  While e-mails may sometimes be admissible as business records, this is not always true:  "Neither a paper document, such as a letter or memo or note, nor an email, falls within the business-records exception of Rule 803(6) simply because it concerns a business matter."  *See Canatxx*, 2008 WL 1999234, at *12 (emphasis added); *Imperial Trading Co.*, 2009 WL 2382787.

The PSC also suggests that the business records exception applies whenever a document "was created regularly, concerns a business activity, and an employee of the Producing Defendant 'sent or received and maintained' the correspondence with the outside employee."  (PSC Letter at 3).  But even if the document was created regularly and concerns a business activity, "an email made by an employee about a business matter under the hearsay exception under Rule 803(6) must show that the employer imposed a business duty to make and maintain such a record." *Canatxx*, 2008 WL 1999234, at *12 (emphasis added);[2] *Schaghticoke Tribal Nation*, 587 F. Supp. 2d at 397.

---

[2]    As the Court explained in *Canatxx*, one of the cases cited by the PSC:

Courts have applied a similar approach to emails. A party seeking to introduce an email made by an employee about a business matter under the hearsay exception under Rule 803(6) must show that the employer imposed a business duty to make and maintain such a record.  Courts examine whether it was the business duty of an employee to make and maintain emails as part of his job duties and whether the employee routinely sent or received and maintained the emails. *See DirecTV, Inc. v. Murray*, 307 F. Supp. 2d 764, 772-73 (D.S.C. 2004) (finding that sales records contained in emails were admissible under the business records hearsay exception when the sales orders were regularly received by email and the emails were retained as records of each order); *New York v. Microsoft*, Civil Action No. 98-1233(CKK), 2002 WL 649951, at *2

The *DirecTV* case, cited by the PSC, further establishes that there is no categorical rule that all e-mails are admissible as business records:  "The <u>question is a close one</u>, but Trone's declaration, together with Houck's affidavit, at least in this posture, satisfy the business records exception to the hearsay rule, and simultaneously solve plaintiff's authentication problem." *DirecTV, Inc. v. Murray*, 307 F. Supp. 2d 764, 772 (D.S.C. 2004) (emphasis added).

In *United States v. Robinson*, 700 F.2d 205 (5th Cir. 1983), which involved alleged extortion and misrepresentation in connection with the construction of a well, the Fifth Circuit ruled that the document in question did not constitute a business record even though the author regularly made such notes at business meetings:

> On appeal Robinson objects to the admission and use of a page of handwritten notes, called the "Emerson notes" after their author, William Emerson, who <u>regularly made such notes at meetings of the Board of Supervisors for his own use in his role as county purchasing clerk</u>. The specific notes in question contained information concerning the new county well.

> The relevant portion of the notes reads:

> "$5500 *Emerg*. New Well [at] Success Barn 600′ 4″—Arlan stated he will call & have someone do it.—No quotes required—New info—received 3 quotes—see P.O. 12323." *Id.* at 209-210, n. 4 (emphasis added).

The Court ruled that, even though the notetaker regularly made such notes at Board meetings, the business records exception did not apply because there was no evidence that the organization had imposed a business duty to create the records:

> We conclude that these notes may not be considered "records of regularly conducted activity," admissible under Rule 803(6), Federal Rules of Evidence, absent a showing that Emerson regularly compiled them as part of his official duties.  Eure's testimony verifying Emerson's note-taking habit may suffice to bring the notes under Rule 803(6), but

---

(D.D.C. Apr. 12, 2002) (declining to admit emails under the business records hearsay exception because there was a "complete lack of information regarding the practice of composition and maintenance of" the emails); *United States v. Ferber*, 966 F.Supp. 90, 98 (D.Mass.1997) (holding that "in order for a document to be admitted as a business record, <u>there must be some evidence of a business duty to make and regularly maintain records of this type</u>," and finding that emails submitted by the government did not fall under the business records exception because "<u>while it may have been **[an employee's]** routine business practice to make such records</u>, there was <u>no sufficient evidence that **[the employer]** required such records to be maintained</u>."); but see *Piere v. RBC Liberty Life Ins.*, Civil Action No. 05-1042-C, 2007 WL 2071829, at *2 (M.D. La. July 13, 2007) (finding that emails fell within Rule 803(6) because they were prepared by employees "during the ordinary course of business," but declining to note whether it was the business duty of the employees to make and maintain emails as part of their job duties).

In the *Canatxx* case that the PSC cites, the court ruled that an e-mail was a business record, but only after the offering party had submitted an affidavit regarding the business duties imposed by the employer.  *Id.* at *13 ("affidavit that the email following his telephone conversation with Blackmon was 'made and/or kept by Silverhawk Capital Partners in the course of our regularly conducted business activity,' and '[i]t was Silverhawk's regular practice to make and/or keep these records'"; the affidavit also described "how, when, and why he sent the email," and "he wrote the email in the routine course of his duties as a Silverhawk principal").

authentication alone is not enough.  For the notes to be admissible under Rule 803(6), <u>the government also had to establish that "it was the regular practice of that business activity" to have the notes made</u>. This was not done.

*Id.* at 209-210 (emphasis added) (citation omitted); *see also Canatxx*, 2008 WL 1999234, at *12; *Imperial Trading Co.*, 2009 WL 2382787; *Schaghticoke Tribal Nation*, 587 F. Supp. 2d at 397.

<u>Trial Exhibits 3092 and 3112</u>

Trial Exhibits 3092[3] and 3112, which are included in the PSC's "List of 300," illustrate how these rules apply to specific documents.  Trial Exhibit 3092 is an e-mail exchange involving employees of Halliburton and non-party Cobalt International.  Portions of the e-mail from Carl Butler of Cobalt International state:

> I watched the USCG/BOEM investigation committee hearings yesterday.  Lawyers for most [of] the parties grilled John Guide, BP drlg supt for the Horizon, about why BP apparently ignored Halliburton's Opticem prediction of severe gas flow with 6 centralizers vs. moderate potential with more centralizers & minimal potential with a warehouse full of tools.  Like BP, we typically run centralizer subs which must be ordered in advance to ensure availability. . ...

The PSC argues that this type of "mixed e-mail correspondence" between Halliburton and Cobalt is admissible as a business record because it involved employees of a party via e-mail.  But the e-mail itself is far from an admissible business record under the rules set forth above; in fact it is inadmissible double hearsay.  The e-mail consists of (1) Cobalt employee Carl Butler's statements to a Halliburton employee regarding (2) what lawyers and witness John Guide stated at MBI hearings.  Such a discussion is not a business record and is not admissible.  The PSC has not established that Cobalt International "imposed a business duty [on Mr. Butler] to make and maintain such a record."  *Canatxx*, 2008 WL 1999234, at 12*; *Schaghticoke Tribal Nation*, 587 F. Supp. 2d at 397.  The PSC has introduced no evidence that Mr. Butler is required by Cobalt International to transcribe MBI testimony in the ordinary course of his duties; nor has the PSC introduced evidence that it is Mr. Butler's job to watch and report on MBI hearings.[4]  The fact that Mr. Butler used his employer's e-mail does not convert the content of his message into a business record of Cobalt, Halliburton, or BP.

Trial Exhibit 3112, also on the PSC's "List of 300," is likewise not a business record.  It is a June 10, 2010 email from Christopher Haire of Halliburton to Vincent Tabler of Halliburton stating, among other things, "I read <u>some report</u> that stated that the two negative tests that we did were considered successful?"  (TREX 3112) (emphasis added)  This email contains two levels of hearsay.  First, the statements from "some report" (unidentified) discussed by Mr. Haire are hearsay.  Second, the PSC has not demonstrated that Halliburton imposed on Mr. Haire a business

---

[3] Trial Exhibits 3092, 3112, 1178 and 6228, which are discussed herein, are included on the accompanying cd.

[4]    Thus, this discussion would be inadmissible even if there were not a statutory prohibition relating to the admissibility of MBI testimony.

duty to read and interpret unidentified reports about the April 20, 2010 incident, and his statements about the report are therefore hearsay as well.

As Trial Exhibits 3092 and 3112 and the caselaw illustrate, there is no basis for establishing a rule that all e-mails are admissible as business records, as the PSC urges.  BP respectfully requests that the Court rule that Trial Exhibits 3092 and 3112 contain inadmissible hearsay, and further, that documents be examined individually where there is a dispute about the business records exception, rather than invoking a blanket rule.

**3.      Documents Prepared Primarily In Anticipation of Litigation Are Not Also Business Records.  Trial Exhibit 1178 Is Illustrative And Is Not A Business Record Nor Admissible Against BP.**

During the parties' meet and confer, the PSC suggested that Trial Exhibit 1178 (one of the exhibits in the PSC's "List of 300") may qualify as a business record.  BP disagrees.  Trial Exhibit 1178 is apparently a subpoena response drafted by Transocean.  It was prepared in anticipation of litigation.

Under *Palmer v. Hoffman*, 318 U.S. 109 (1943), documents prepared primarily in anticipation of litigation are not business records.  As the Court explained in *Brauninger v. Motes*, 260 F. App'x 634, 637 (5th Cir. 2007):

> Although rule 803(6) does not refer to an exception for business records prepared in anticipation of litigation, the exception amounts to a corollary of rule 803(6)'s requirement that admissible business records result from a "regularly conducted business activity"-and thus not from the mere anticipation of litigation. Construing the statutory predecessor to rule 803(6), the Supreme Court held that a railroad's accident reports were inadmissible where "those reports are not for the systematic conduct of the enterprise as a railroad business" but rather "are calculated for use essentially in the court." *Palmer v. Hoffman*, 318 U.S. 109, 114, 63 S.Ct. 477, 87 L.Ed. 645 (1943).  Applying *Palmer*, this court has deemed reports inadmissible where their "primary utility" is for litigation. *Broadcast Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 238 (5th Cir. 1988).

Accordingly, the Transocean subpoena response contained in Trial Exhibit 1178 is not a business record.

Federal Rule 801(d)(2) Admissions Against One Defendant Cannot Be Considered In Determining The Liability Of Another Defendant, Unless They Are Otherwise Admissible

Trial Exhibit 1178--discussed above--does contain admissions by Transocean under Rule 801(d)(2).  But, as discussed in the BP Parties' submission of November 4, 2011, while Rule 801(d)(2) admissions against Transocean may be used in determining Transocean's liability, they are not admissible in determining BP's liability.  *See* BP's November 4, 2011 Response to the PSC's October 17, 2011 Letter Regarding Alleged Daubert/702 Issues within Defendants'

Business Records; Bly Interview Notes; and Other Misc. Business Records, at 4; *see also United States v. Hay*, 122 F.3d 1233, 1236-37 (9th Cir. 1997) (citation omitted).[5]

For these reasons, BP respectfully requests that the Court rule that, while Trial Exhibit 1178 is admissible against Transocean under Rule 801(d)(2):  (1) Trial Exhibit 1178 is not a business record and (2) Trial Exhibit 1178 is not admissible against BP.

**4.      As To Trial Exhibit 1070, BP Respectfully Preserves Its Objections To the Boots & Coots Order (Doc. 3346).**

The PSC's letter also discusses Trial Exhibit 1070, as another example from the PSC's "List of 300."  It is an e-mail exchange between Jonathan Bellow, an employee of BP, and Gord Bennett, an employee of QO, Inc.[6]  BP's objection to Trial Exhibit 1070 states:

> Gord Bennett e-mail is hearsay (FRE 802) and PSC has not laid a business records foundation; to the extent covered by the Boots & Coots order (Doc. 3346), BP preserves its objections.

In its July 15, 2011 order as to the admissibility of the Boots & Coots Report, the Court ruled that the "Boots & Coots Report" falls "under 801(d)(2)(C), and accordingly is not hearsay." (Doc. 3346).  Like Boots & Coots, QO, Inc. (Bennet's employer) is an independent contractor.  To the extent that the Court rules that its Boots & Coots order (Doc. 3346) applies to QO, Inc. and makes admissible Gord Bennett's statements in Trial Exhibit 1070 as admissions under Rule 801(d)(2), BP respectfully preserves its objections.[7]  BP's arguments to the contrary--from the briefing on the Boots & Coots Report (Doc. 3321)--are respectfully incorporated by reference herein.

**5.      Mixed E-mail Correspondence Is Not *Per Se* Admissible In Its Entirety As The PSC Suggests:  Exhibit 3092 Demonstrates This.**

The PSC suggests that "mixed recipient" e-mail correspondence is *per se* admissible as a business record.  Again, the reality is more nuanced.

The PSC cites no cases that excuse the requirement that the proponent demonstrate that "the employer imposed a business duty to make and maintain such a record" for strings with multiple e-mails.  *Canatxx*, 2008 WL 1999234, at *12; *Schaghticoke Tribal Nation*, 587 F. Supp. 2d at 397.  The "business duty" rule applies not only to maintaining records but also to making records.  *Id.*  In such mixed e-mail cases, the offering party must prove that each of the two

---

[5]     *See also Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000); *United States v. Sauza-Martinez*, 217 F.3d 754, 760 (9th Cir. 2000); *Canter v. Hardy*, 188 F. Supp. 2d 773, 784 (E.D. Mich. 2002).

[6]     QO, Inc.'s contract with BP, which includes an independent contractor provision at 10.01, is included on the accompanying CD.

[7]     The PSC's letter does not even mention Mr. Bennett's employer QO, Inc., much less contend that QO, Inc. imposed a business duty on Gord Bennett to make and maintain such a record, as would be required to meet the business records exception to the hearsay rule.

employers "imposed a business duty to make" such records.  *Canatxx*, cited by the PSC, is not to the contrary:  it apparently contains an e-mail authored by a single party.  *Canatxx*, 2008 WL 1999234, at *10.  *LeBlanc v. Nortel Networks Corp.*, No. Civ. A. 3:03-cv-65, 2006 WL 839180 (M.D. Ga. Mar. 30 2006), also cited by the PSC, may not have involved a "mixed recipient" e-mail at all; rather, it is equally possible that *LeBlanc* involved two separate "emails, one in which Lara Donaldson of Montreal Trust states to Anna Ventresca of Nortel that the mailing was 'completed,' and another in which Ventresca directs Nortel to wire Montreal Trust funds to pay for the mailing."  *Id.* at *5.  Moreover, the *LeBlanc* court did not discuss whether or not there was evidence that the two separate employers had each imposed business duties on the two parties to create the two e-mails, as required to qualify for the business records exception.

Contrary to the PSC's suggestion, the fact that part of an e-mail is admissible as a business record does not mean that an entire email is a business record.  The Fifth Circuit law on this subject is well established.  As the Fifth Circuit held in *United States v. Ismoila*, 100 F.3d 380 (5th Cir. 1996):

> Double hearsay exists when a business record is prepared by one employee from information supplied by another employee. If both the source and the recorder of the information, as well as <u>every other participant in the chain producing the record, are acting in the regular course of business, the multiple hearsay is excused by Rule 803(6).</u>  *Id.* at 392 (emphasis added).

Again, Trial Exhibit 3092 illustrates how these rules apply to specific documents.  As discussed above, the portions of Trial Exhibit 3092 discussing Cobalt International employee Carl Butler's account of the MBI hearing are not admissible.  In seeking to admit the entire document as a business record, the PSC apparently relies on the fact that Halliburton "regularly maintained" Mr. Butler's account of MBI testimony in Halliburton's e-mail servers.  But, under the authorities cited above, this is not enough to make the entire document admissible.

**6.   E-Mail Correspondence Is Not Necessarily Admissible As An Adoptive Admission.**

The PSC argues that, even if they are not admissible as business records, mixed e-mail communications are admissible as admissions under Rule 801(d)(2).  This is incorrect, and again Trial Exhibit 3092 serves as an example.  Even assuming *arguendo* that what Mr. Guide said in MBI hearings was admissible as an admission (*See* BP's Mot. in Limine to Preclude the Introduction Into Evidence of the Joint Investigation Report and Test,, 2:10-md-2179, Nov. 7, 2011), there is a second level of hearsay at issue:   Mr. Butler's statements framing in his words what Mr. Guide and MBI lawyers said.  Mr. Butler works for Cobalt International.  Mr. Butler's statements regarding what Mr. Guide and MBI lawyers said are not an admission as to BP.

**7.   The Requirements For Establishing Foundation For The Business Records Exception: The Witness Must Have Familiarity With the Record-Keeping System of The Offering Party.**

The applicability of the business records exception must be demonstrated "by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification . . . ."  Fed. R. Evid. 803(6).

The PSC cites *United States v. Pelullo*, 964 F.2d 193 (3d Cir. 1992), for the proposition that "even where the author of an email has not directly testified, the foundation for admissibility has been established through a qualified witness possessing familiarity with the business activity." (PSC Ltr. at 3).  But *Pelullo* also states that a witness providing the foundation for the business-records exception "must have familiarity with the record[s]-keeping system of the [party]."[8]  *Id.* at *201-202 (emphasis added) (citation omitted); *United States v. Console*, 13 F.3d 641, 657 (3d Cir. 1993) (witness "must have familiarity with the record-keeping system").

**8.     The PSC Incorrectly Argues That E-mail Correspondence Admissible To Show Notice Is Therefore Admissible "In Its Entirety"; But Such Documents Are Not Admissible To Prove The Truth of the Matter Asserted.**

The PSC next suggests that e-mail correspondence admissible to show notice, knowledge, or state of mind is therefore admissible "in its entirety."  (PSC Letter at 5).  The PSC focuses on Trial Exhibit 1084, an e-mail from Robert Bodek to Paul Johnston dated March 24, 2010, which states:

> Leo (Mud Engineer w/MI) said that the largest particle size used in any application was 710 microns.

The PSC argues that this shows that Mr. Bodek had "knowledge of the mud engineer's opinion."  But the PSC then jumps to the conclusion that the "the Court should therefore admit the email communication in its entirety." (PSC Letter at 5) (emphasis added).  In fact, documents admissible for notice purposes are not admissible for the truth of the matter asserted.   *See, e.g., Brooks v. Stringer*, Civil Action No. 2:04-cv-120KS-MTP, 2007 WL 1087487, at *6 (S.D. Miss. Apr. 10, 2007) ("[d]efendants have moved to strike this statement as hearsay; however, it is being offered not for its truth, but to show notice . . . so it is admissible for that purpose only." (emphasis added)).

**9.     E-Mail Correspondence of the Producing Defendant Is Not Always An Admission of A Party Opponent, And Is Not Admissible As To All Defendants.**

The PSC next suggests that e-mail correspondence of a producing defendant is categorically an admission by a party opponent.  This is incorrect.

Under Rule 801(d)(2)(D) The PSC Must Demonstrate That Admissions By Employees Concerned "A Matter Within the Scope of Agency or Employment."

The burden of demonstrating the applicability of Rule 801(d)(2) falls on the offering party. *Kelly ex rel. all Heirs at Law of Kelly v. Labouisse*, Civil Action No. 3:07-cv-631TSL-JCS, 2009 WL 427103, at *3 (S.D. Miss. Feb. 19, 2009) (*citing United States v. Saks*, 964 F.2d 1514, 1524 (5th Cir. 1992)).

---

[8]     As the BP Parties stated in their September 28, 2011 Objections to the PSC's List of 300 sample exhibits, for those documents on the PSC's List of 300 to which the BP Parties have asserted no objection, "BP also reserves the right to add objections as to foundation (including regarding the applicability of the business records exception to the hearsay rule), depending on what foundation is established at a later date."

For a statement by a BP employee to qualify as a party admission, the offering party must demonstrate that the statement concerned "a matter within the scope of the agency or employment." Fed. R. Evid. 801(d)(2)(D).  Statements that do not concern matters within the scope of the agency or employment are not admissible under this rule. *Id.*

<u>Statements In Deposition Exhibit 6228 Are Not Admissible Under Rule 801(d)(2)</u>

Examples of BP statements that are not "a matter within the scope of the agency or employment" are contained in Deposition Exhibit 6228.  This document contains an instant message exchange between BP employees Daryl Kellingray and Bryan Chambers, in regard to the MBI hearing that they were watching on television or the internet:

Chambers:  can see that [the MBI attorneys] are working [BP employee David Sims] on the ve test and he is thinking ok on his feet I assume [BP employee John] Guide          is bad old fashioned bs

Kellingray:  Never worked with Guide so be interesting to see what he says if he does not plead the 5th

Mr. Kellingray was questioned extensively on these and related comments during his deposition.  The PSC has now designated this deposition testimony and submitted it to the Court. These statements are not party admissions under Rule 801(d)(2), because they do not concern matters "within the scope of agency or employment" of Mr. Chambers or Mr. Kellingray.[9]  It is not within the scope of agency or employment of Messrs. Chambers and Kellingray to:  (1) review and analyze MBI hearings; or (2) comment on the performance of witnesses.  Thus, BP respectfully requests that the Court rule that these statements within Deposition Exhibit 6228 (which are included in the PSC's deposition designations) are not party admissions, because they do not concern "a matter within the scope of the agency or employment."  Rule 801(d)(2)(D).

<u>Rule 801(d)(2) Does Not Trump All Other Rules Of Evidence, Such As Rule 401, Rules 701-702, and *Daubert*</u>

Even if Rule 801(d)(2) is applicable to a particular document, an admission may still be barred under other rules of evidence, such as Rule 401 (relating to relevance) and Rule 702 (relating to opinion testimony).  *See Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 763 (7th Cir. 2003).  In other words, "the rules calling for generous treatment of party-opponent admissions still do not stand for the proposition that Rule 801(d)(2) trumps all other Federal Rules of Evidence." *Id.*

<u>Trial Exhibit 3419</u>

The PSC argues that Trial Exhibit 3419 is admissible as a party admission, because it contains statements by Transocean.

---

[9]    At the relevant time, Kellingray was a Segment Engineering Technical Authority and a Cementing Sector Specialist, and Chambers was a Fluids Manager.

BP has not objected to Trial Exhibit 3419, and agrees that it is a party admission by Transocean.  But Trial Exhibit 3419 is not a basis for the Court to create a rule that all admissions are admissible as to all defendants.  As discussed above, in a multi-defendant case, to the extent documents are admissible as admissions (as opposed to business records), they are admissible only against the party making the statement.  *See, e.g.*, *United States v. Hay*, 122 F.3d 1233, 1236-37 (9th Cir. 1997); *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000); *United States v. Sauza-Martinez*, 217 F.3d 754, 760 (9th Cir. 2000); *Canter v. Hardy*, 188 F. Supp. 2d 773, 784 (E.D. Mich. 2002).

**Conclusion**

For the foregoing reasons, BP respectfully requests that the Court:

- rule that Trial Exhibits 3092 and 3112 contain inadmissible hearsay;

- rule that where a document such as Trial Exhibit 1178 is admissible against one defendant under Rule 801(d)(2), it is not admissible against other defendants unless a hearsay exception applies;

- rule that Trial Exhibit 1178 is not admissible against BP;

- rule that the statement in Trial Exhibit 1084 by a third-party engineer regarding particle size is not admissible for the truth of the matter asserted;

- rule that the portions of Deposition Exhibit 6228 discussing the MBI hearing are not admissible.[10]

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

/s/ Andrew Langan, P.C.

Andrew Langan, P.C.

cc:   Steve Herman
      James Roy
      Defense Liaison Counsel
      Mike Underhill
      Hon. Attorney General Luther Strange
      Cory Maze
      Ben Allums
      Mike O'Keefe

---

[10]   BP's remaining objections to the PSC's "List of 300" are included in the spreadsheet on the accompanying CD, which BP previously submitted on November 7.  BP will provide further information regarding its objections as the Court requests.  BP also reserves the right to object to documents beyond the PSC's "List of 300."