UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico on April 20, 2010** | * | |
| | * | **SECTION: J** |
| **This Document Relates to:** | * | |
| **Cases in Pleading Bundles A, B1 and C** | * | |
| **as Enumerated in Attachment 1** | * | **JUDGE BARBIER** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **SHUSHAN** |
| | * | |

* * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUBSTITUTE BP
EXPLORATION & PRODUCTION, INC. AS PLAINTIFF IN AMENDED
CROSS-CLAIMS OF MOEX OFFSHORE 2007 LLC**

Philip D. Nizialek (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

MAY IT PLEASE THE COURT:

MOEX Offshore 2007 LLC ("Offshore") respectfully submits this memorandum in support of its motion, pursuant to Federal Rules of Civil Procedure 17(a) and 25(c), to substitute BP Exploration & Production Inc. ("BPXP") as cross-claim plaintiff in the Amended Cross-Claims filed by Offshore in the above-captioned matters (Doc. 4385).

**Factual Background**

On April 19, 2011, Offshore filed cross-claims (the "Offshore Cross-Claims") against the following entities: BPXP; BP America Production Company; and BP p.l.c. (together, "BP"); Triton Asset Leasing GmbH; Transocean Holdings LLC; Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc. (together, "Transocean"); Halliburton Energy Services, Inc. and Sperry Drilling Services (together, "Halliburton"); Weatherford U.S. L.P. and Weatherford International, Inc.(together, "Weatherford"); M-I, LLC, and Cameron International Corporation ("Cameron"). Although directed to the Limitation Action commenced by Transocean, these cross-claims were filed in Case No. 2:10-md-02179 (Document 2008).

The next day, April 20, 2011, Offshore filed its Answer and Defenses to the petition in the Limitation Action, and included a substantially identical set of Offshore Cross-Claims against the same parties. This document was filed in Case No. 2:10-cv-02771 (Document 420).

On May 20, 2011, Offshore and BPXP became parties to a Confidential Settlement Agreement, Mutual Releases and Agreement to Indemnify (the "Settlement"). Among other things, the Settlement provided that (a) Offshore released its claims against

BPXP and its affiliates; and (b) Offshore assigned to BPXP all right, title and interest in its cross-claims against the other defendants.

Subsequently, Offshore moved to amend the Cross-Claims filed in MDL No. 2170. Among other things, the proposed Amended Offshore Cross-Claims deleted the claims against BPXP and its affiliates; deleted the claims against Weatherford; deleted various allegations against the other cross-claim defendants; and made various clarifying and conforming changes to the remaining allegations. *See* Document 4356. In the same motion, Offshore sought to dismiss the Cross-Claims filed in 2:10-cv-02771 as duplicative. Offshore's motion was granted in all respects on October 21, 2011. *See* Document 4384. The Amended Offshore Cross-Claims were filed by the Court that same day. *See* Document 4385.

Before filing the accompanying motion to substitute, the movant attempt to obtain consent for the filing and granting of the motion from all parties having an interest to oppose. In response to its invitations for consent, comment and/or objection, counsel for movant received no objections to this motion. BP consented to this motion to substitute. Counsel for Cross-Claim Defendant Transocean advised that Transocean does not oppose this motion. Counsel for the other Cross-Claim Defendants, Halliburton, M-I, LLC, Cameron and Dril-Quip, Inc. were provided with copies of the motion, the accompanying memorandum in support and proposed order and did not object. M-I, LLC commented that it was concerned because other parties are not continue to prosecute the cross-claims. Halliburton commented that "[g]iven that, at present, Halliburton still has a cross-claim pending against MOEX, we believe it is premature to have BP substituting in as the

named party. Therefore, while we have not determined whether we will actively oppose the motion, we cannot agree to it at this time."

## ARGUMENT

### BPXP SHOULD BE SUBSTITUTED FOR OFFSHORE AS CROSS-CLAIM PLAINTIFF

Because BPXP has become the owner of the Amended Offshore Cross-Claims, it is now the real party in interest with respect to those claims. Therefore, BPXP should be substituted for Offshore as cross-claim plaintiff.

Under Fed. R. Civ. P. 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." As assignee, BPXP has become the real party in interest for all of the Offshore Cross-Claims. *See La-Tex Supply Co. v. Fruehauf Trailer Division, Fruehauf Corp.*, 444 F.2d 1366 (5th Cir. 1971) (holding that assignee of claims was the real party in interest).

Substitution pursuant to Federal Rule 25(c) is an appropriate method of ensuring that Rule 17(a) is followed. *See* Fed. R. Civ. P. 17(a)(3) (real party in interest may "be substituted into the action"); Fed. R. Civ. P. 25(c) ("If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party.").

Substitution of BPXP as plaintiff in the Amended Offshore Cross-Claims will not alter the factual allegations in that pleading. Thus, substitution will not prejudice the cross-claim defendants. *See Engines Southwest, Inc. v. Kohler Co.*, No. 03-1460, 2006 WL 1896071, at *4 (W.D. La. July 7, 2006) ("Rule 17(a) substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants.").

## CONCLUSION

For the foregoing reasons, this Court should enter the proposed Order submitted herewith, which substitutes BPXP as the cross-claim plaintiff in the Amended Offshore Cross-Claims.

Dated: November 15, 2011

        Respectfully submitted,

        *s/ Philip D. Nizialek*_____
        Philip D. Nizialek (La. Bar No. 24180)
        M. Hampton Carver (La. Bar No. 3947)
        CARVER, DARDEN, KORETZKY, TESSIER,
        FINN, BLOSSMAN & AREAUX, LLC
        1100 Poydras Street, Suite 3100
        New Orleans, LA 70163
        Telephone: (504) 585-3800
        Fax: (504) 585-3801

        **ATTORNEYS FOR**
        **MOEX OFFSHORE 2007 LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing Memorandum was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 15, 2011.

        *s/ Philip D. Nizialek*_____

4812-3459-1246, v. 1