**DRAFT**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**LIAISON COUNSEL MEMORANDUM**

**PROVIDING REPORT FOR 11/18/11 STATUS CONFERENCE**

Liaison Counsel submit this report for the status conference on November 18, 2011.

**1. Pre-Trial Orders:**

Since the last status report for the conference on October 21, the Court has entered no additional pre-trial orders.

**2. The Status of the JPML Proceedings:**

Since the parties submitted the last status report on October 18, 2011, the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") has issued three new Conditional Transfer Orders conditionally transferring nine additional cases to this Court.  To date, a total of thirty-nine CTOs have been issued.  As of November 15, 2011, there are approximately 612 total cases

that have been transferred to MDL 2179.  As a result of dismissals, currently only 535 cases are active before the Court.   (Over 109,200 short form joinders have been filed in MDL 2179.)   Of the active cases, 287 cases have been transferred by the JPML.  The following issues remain undecided:

- One objection was filed regarding CTO-31.  Briefing is complete and pursuant to its notice of hearing session in Savannah, Georgia for its December 1, 2011, the Panel has set it as a matter to be considered without oral argument.

- One objection was filed regarding CTO-32.  Briefing is complete and pursuant to its notice of hearing session for its December 1, 2011, the Panel has set it as a matter to be considered without oral argument.   Plaintiff State of Mississippi has moved the Panel to stay consideration of CTO-32 until after the United States District Court Southern District of Mississippi rules on its motion for remand.

- One objection was filed regarding CTO-33.  Briefing is complete and pursuant to its notice of hearing session for its December 1, 2011, the Panel has set it as a matter to be considered without oral argument.

- One objection was filed regarding CTO-35.  Briefing is continuing and pursuant to its notice of hearing session for its December 1, 2011, the Panel has set it as a matter to be considered without oral argument.

- One objection was filed regarding CTO-37.  Briefing is to be complete by November 29, 2011.  It is unlikely the motion will be decided prior to the Panel's next hearing after the December 1, 2011 hearing, which is scheduled for January 26, 2012.

- One objection was filed regarding CTO-38.  Briefing is to be complete by December 1,

2011.  It is unlikely the motion will be decided prior to the Panel's next hearing after the December 1, 2011 hearing, which is scheduled for January 26, 2012.[1]

### 3.  **Status of State-Filed Lawsuits**:

At least forty Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (one case); Mobile County, Alabama (two cases); Harris County, Texas (five cases); Galveston County, Texas (three cases); Jefferson Parish, Louisiana (two cases); Lafayette Parish, Louisiana (one case); Lafourche Parish, Louisiana (five cases); Orleans Parish, Louisiana (four cases); Plaquemines Parish, Louisiana (five cases); Terrebonne Parish, Louisiana (two cases); St. Bernard Parish, Louisiana (one case); Hillsborough County, Florida (one case); Leon County, Florida (five cases); Harrison County, Mississippi (one case); Jackson County, Mississippi (one case); and Gwinnett County, Georgia (one case).  These cases include:

- Twenty-three personal injury suits, including (1) two suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) twenty-one suits brought by oil spill response workers;
- Ten lawsuits alleging loss of commercial revenues or personal income and/or diminished real property value as a result of the oil spill;
- Two breach of contract suits by the owners/operators of vessels participating in the Vessels of Opportunity oil spill response program;
- Three suits alleging primarily the breach of sale, lease, or services agreements related to the spill response efforts;

---

[1]     Attached is a chart showing the status of the Conditional Transfer Orders.

- One *pro se* suit alleging that BP was negligent in failing to implement plaintiff's process for re-oxygenation of Gulf waters in the region of the oil spill; and

- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property.

Texas courts have set winter 2012 through spring 2012 trial dates in a number of state court personal injury cases related to MDL 2179.  These cases include a lawsuit that alleges personal injuries sustained aboard the Deepwater Horizon on April 20, 2010 and which is set for trial approximately three months after the commencement of the Phase 1 trial in MDL 2179. Also included are four personal injury cases brought by oil spill response workers set for trial as early as January 2012.  The five Texas cases set for trial are:

- *Young, Dewone, et al. v. Ranger Offshore, Inc., et al.*, No. 63165 (Galveston County, Tex.) (January 9, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Eldridge, Christopher v. BP p.l.c., et al.*, No. 63537 (Galveston County, Tex.) (April 2, 2012 trial date in case alleging personal injury to an oil spill response worker; December 15, 2011 mediation scheduled with Magistrate Judge Shushan);

- *McCormick, Donald v. Alford Safety Services Inc. d/b/a Falck Alford Safety Services, et al.*, 2011-02141 (Harris County, Tex.) (April 16, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Hebert, James v. BP p.l.c., et al.*, 2010-38791, (Harris County, Tex.) (May 14, 2012 trial date in case alleging personal injury to an oil spill response worker; December 15, 2011 mediation scheduled with Magistrate Judge Shushan);

- *Young, Robert v. BP Exploration and Production, Inc., et al*., No. 2010-73622 (Harris County, Tex.) (June 4, 2012 trial date in case brought by an employee of Art Catering alleging injuries sustained in April 20, 2010 incident; December 22, 2011 mediation scheduled).

Motion practice, written discovery, document production, and fact witness depositions have been proceeding in some state court cases.  BP is working with Special Master McGovern and Magistrate Judge Shushan to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court.  As a result of these efforts, the Plaintiff in *Hebert* recently agreed to move the trial date from February 6, 2012 to May 14, 2012, and the *Eldridge* and *Hebert* cases are scheduled for mediation before Magistrate Judge Shushan on December 15, 2011.

In addition to the forty cases discussed above, there are eight shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in state courts in Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation).  All eight cases are currently stayed.

**4.  <u>Status of MDL-2185</u>:**

- <u>Securities Litigation</u>.   On November 4, 2011, Judge Ellison heard oral argument on motions to dismiss the two consolidated amended complaints and the motion is under submission.

- <u>Derivative Litigation</u>.  On September 15, Judge Ellison granted BP's motion to dismiss plaintiffs' consolidated amended complaint on *forum non conveniens* grounds, holding that the courts of England are the appropriate forum for the litigation.  On October 3, the

defendants filed with the court a stipulation to the jurisdiction of the English courts.  On October 12, plaintiffs filed a motion to amend the court's September 15 decision. Defendants filed their opposition brief on October 31, and plaintiffs filed their reply on November 10.

- ERISA Litigation.  Defendants moved to dismiss plaintiffs' consolidated amended complaint on July 26.  Plaintiffs filed their opposition brief on September 23, and defendants filed their reply brief on November 7.

- Dividend Class Action.  On September 20, BP p.l.c. moved to dismiss this putative class action, brought on behalf of holders of BP American Depositary Shares based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater Horizon explosion and oil spill.  Plaintiff's opposition brief was filed on October 26, with BP p.l.c.'s reply brief due on November 18.

- Discovery Coordination.  In the securities, derivative, and ERISA cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice.  MDL 2185 plaintiffs have been attending MDL 2179 depositions pursuant to this Court's PTOs 17 and 27.  In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.

## 5.  **Written and Deposition Discovery:**

Extensive written discovery and document production for Phase One has occurred, with

Phase 2 discovery proceeding as well.  The parties have produced in excess of 43 million pages of documents.  As of the date of the status conference, 246 depositions have been taken.  More than 6657 documents have been marked as deposition exhibits.  In anticipation of the Phase 1 trial, the parties are currently engaged in an extensive program of designating deposition testimony (as well as counter designations and objections to same).

a small number of further Phase 1 fact depositions remain in November, and then a large number of expert depositions are now scheduled to be taken through December and early January.  The PSC, the United States, the petitioners-in-intervention, and the Rule 14(c) defendants have provided Phase 1 expert reports, with more than 30 rebuttal expert reports served on November 7.

The parties continue to work on scheduling Phase Two depositions and discovery, including the drafting of Rule 30(b)(6) deposition notices as the first wave of Phase 2 deposition discovery.  Unresolved objections to draft Rule 30(b)(6) deposition notices are to be submitted to the Court by the date of this status report for resolution by the Court by November 18, 2011. Under Magistrate Judge Shushan's direction, the parties expect that Phase 2 fact depositions will commence in mid January 2012.

The parties continue to meet with Magistrate Judge Shushan on many Fridays to schedule depositions and discuss pending discovery issues.

## 6. <u>Vessels of Opportunity Case Management</u>:

Pursuant to the Case Management Order for the Vessels of Opportunity contract cases, the parties have selected six VoO Focus Plaintiffs to participate in limited discovery and an

expedited mediation process.  Both sides have produced documents and answered interrogatories related to the six VoO Focus Plaintiffs.  To date, five of the six VoO Focus Plaintiffs and one BP witness have been deposed, and the parties are working on completing the limited deposition discovery called for by the CMO.  More than 1600 VoO Contract Claim Plaintiff Fact Sheets were filed by the October 6 deadline set in the CMO.

On September 15, one VoO Focus Plaintiff moved for partial summary judgment on contract claims.  Pursuant to the Court's Order, BP responded to that motion by October 27, and the Focus Plaintiff has filed a reply brief.  The Court set oral argument on the partial summary judgment motion for the November 18 status conference.  The parties have a pre-mediation conference with their agreed mediator on December 19 and will likely begin mediating the six VoO Focus Plaintiff cases as soon as practicable thereafter.

**7.  Insurance Coverage Case Management:**

On June 17, 2011, the First Excess Layer Insurers in the Transocean general liability program filed two interpleader actions (Case Nos. 11-1439 and 11-1440).  Last week, the parties to the interpleader actions reached tentative agreement on the terms of a process to resolve those two cases, and a joint update will be provided at the status conference.  In the two broader insurance actions (Case Nos. 11-274 and 11-275), BP's motion for judgment on the pleadings in respect to the Insurers' complaints (in which Anadarko and MOEX joined) was argued before this Court on September 16, and the parties await a ruling.

**8.  Status of BOP Testing:**

Custody of the BOP and other evidence maintained by the JIT passed to the Court on

October 1, 2011, and Captain Englebert (USCG Ret.) assumed her new role as Special Master to administer those items.  On several occasions through October, Captain Englebert oversaw steps to improve security for the BOP and its components; the BOP was chained down and lightning rods were installed to protect the "pods."  On November 7, Captain Englebert distributed her first monthly report regarding the status of the BOP and other items under Court administration at the evidence yard at the NASA facility at Michoud, Louisiana.  Also on November 7, BP executed its lease agreement with NASA for rental of the long term storage space at Michoud. This agreement is the follow on to the lease agreement that was in place for the BOP testing and preservation.

As to the capping stack, on October 19, the Parties conducted an inspection.  On October 20 and 21, and on November 8 through 10, Parties inspected BOP components and completed a laser scan of the damaged riser.  DOJ and BP currently plan a further inspection of Capping Stack components on November 15.

### 9.  Status of Cement Testing:

On or prior to July 29, 2011, cement testing was completed by Oilfield Testing & Consulting ("OTC"), the laboratory retained by the Joint Investigation Team ("JIT") to conduct cement testing.  *See* Court's Order dated July 1, 2011 (Record Doc. No. 3123).   On or about August 1, the JIT circulated OTC's report of the results of a portion of the cement tests.  On or about August 3, the JIT circulated another report setting out the results of the remaining tests.

On August 4, 2011, the JIT circulated a report by the U.S. Geological Survey ("USGS") regarding the forty "rock" samples collected from the deck of the *Damon Bankston*.  The USGS

report states that nine of the samples are consistent with cement, but that further testing will be required to determine if any of the cement "rocks" came from the Macondo well.  On August 8, the U.S. circulated a proposal for additional testing on the nine samples to liaison counsel.  The parties provided input on the additional testing.  On September 30, the Court entered an order on the allowing the JIT to conduct additional testing on the "rock" samples.   No   further   testing results have been issued since the parties submitted the last status report on October 18, 2011.

10.  **Motions in Limine**

In anticipation of trial, the parties are briefing a number of motions in limine relating to evidentiary issues under a schedule negotiated by the parties and entered in an Order by Magistrate Judge Shushan.  (Rec. Doc. 4468)   Some adjustments to the schedule are possible. The deadline for motions in limine is January 16, 2012.

11.  **Motions Set for Oral Argument:**

The Court has stated that it will hear oral argument on the following motions at this status conference:  (1) VoO Plaintiffs' Motion for Partial Summary Judgment on the Issue of Liability for Breach of Master Vessel Charter Agreement, Vessel of Opportunity Program (Rec. Doc. 4035); (2) Plaintiffs' Steering Committee's Motion in Limine to Exclude Evidence of the Alleged Fault of Non-Parties and Immune Parties (including the United States) (Rec. Doc. 4158); and (3) Anadarko's Motion in Limine to Exclude Evidence Regarding the Anadarko Entities' Knowledge of or Access to Information about Well Design and/or Operations on the Macondo Prospect from the Limitation of Liability Trial (Rec. Doc. 4319).

If the Court has any questions, all parties will be prepared to address them at Friday's

conference.

Respectfully submitted,


/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of November, 2011.

_____/s/ Don K. Haycraft_____
Don K. Haycraft