# EXHIBIT F

IRON MOUNTAIN®

EFFECTIVE DATE: Sept. 28, 2011
DEPOSIT ACCOUNT NUMBER: 39963

# DISCOVERY ESCROW SERVICES AGREEMENT

This Discovery Escrow Services Agreement (the "Agreement") is entered into by and between **Halliburton Energy Services, Inc.** ("Producing Party"); and Iron Mountain Intellectual Property Management, Inc., and Iron Mountain Information Management, Inc. (collectively referred to herein as "Iron Mountain"); each individually referred to herein as a "Party" and collectively as "the Parties." Certain individual representatives of BP Exploration & Production, Inc., and BP America Production Company (collectively referred to herein as "Accessing Company") are the recipients of access to intellectual property under the Agreement, but are not Parties to the Agreement.

A. Certain software intellectual property is owned by Producing Party (the "Intellectual Property").

B. In order to provide the attorneys and litigation experts of the Accessing Company with access to review the Intellectual Property in a secure and controlled fashion, Producing Party desires to retain the services of Iron Mountain to store the Intellectual Property at a secure facility provided and maintained by Iron Mountain in accordance with the requirements of this Agreement (the "Secure Facility"), and to provide such secure and controlled access to the Intellectual Property at the Secure Facility by certain individual representatives of Accessing Company (defined in Article 3.1 below as the "Authorized Personnel").

C. In order to ensure the control and security of the Intellectual Property, the parties have devised a security protocol to be followed by Iron Mountain in connection with Iron Mountain's control and protection of the Intellectual Property and all access to the Intellectual Property (the "Security Protocol"). Such Security Protocol is set forth in Article 3 of this Agreement.

NOW, THEREFORE, Producing Party and Iron Mountain agree, as follows:

## ARTICLE 1 – DEPOSIT MATERIAL

1.1 <u>Deposit of Intellectual Property</u>. Producing Party is to provide the equipment on which the Intellectual Property will be made available for review by Authorized Personnel at the Secure Facility (the "Equipment"). Upon the execution of this Agreement by the parties, Producing Party shall deliver the Equipment with the Intellectual Property installed thereon to Iron Mountain (the "Deposit Materials"), which Iron Mountain shall store and maintain in the Secure Facility as set forth in the Security Protocol. The Deposit Material shall be considered highly confidential by Iron Mountain and shall be treated in a manner consistent with Iron Mountain's treatment of its own confidential information, but in no case exercising less than a reasonable degree of care.

1.2 <u>Identification of Deposit Materials</u>. Producing Party will provide an accurate and complete description of all Deposit Material sent to Iron Mountain using the Deposit Materials Description form attached hereto as Exhibit 1. A completed Exhibit 1 must accompany each and every deposit made with Iron Mountain.

Page 1 of 13

Exhibit No. 7344
Worldwide Court Reporters, Inc.

DocuSign Envelope ID: DAC36A61-3828-4CE2-B1B3-CB8F1F2F0262

## ARTICLE 2 – USE OF SECURE FACILITY

2.1 <u>Operational Requirements.</u> Producing Party shall comply with Iron Mountain's reasonable operational requirements regarding security and access to the Secure Facility provided to Producing Party in writing, and as modified from time to time by written notice to Producing Party. Producing Party acknowledges that an extraordinary frequency of Producing Party's Intellectual Property deposits may require Iron Mountain to incur additional costs, which Producing Party agrees to pay provided Iron Mountain gives written notice to Producing Party thereof in advance and Producing Party accepts such additional costs. Producing Party acknowledges that any requests for other equipment and/or services (i.e. computers, printers, fax machines, telephone service, internet access, etc.), or an extraordinary number of scheduled requests made by Accessing Company to access the Intellectual Property may require Iron Mountain to incur additional costs, which may be charged to Producing Party provided Iron Mountain gives written notice to Producing Party thereof in advance and Producing Party accepts such additional costs.

## ARTICLE 3 – SECURITY PROTOCOL

3.1 <u>Authorized Personnel.</u> Exhibit 2, as supplied by Producing Party upon execution of this Agreement, sets forth a list of individual representatives of Accessing Company and Producing Party who are authorized to access the Deposit Materials ("Authorized Personnel"), which list shall be subject to additions or deletions of individuals upon Producing Party's submission of written, signed notice to Iron Mountain. Such notice may be provided by email from a representative of Producing Party to Iron Mountain. Iron Mountain shall provide updated list of Authorized Personnel to Secure Facility within three (3) business days of receipt of updates to Authorized Personnel list. Producing Party hereby certifies that the individuals properly added to such list are authorized to review the Deposit Materials. Iron Mountain will allow access to the Deposit Materials by the Authorized Personnel only in accordance with the Security Protocol.

3.2 <u>Confidentiality and Security of Secure Facility and Deposit Materials</u>
At all times, the Deposit Materials will be locked inside the Secure Facility, made available for review by Authorized Personnel in the Secure Facility, all subject to the procedures set forth in this Security Protocol. Authorized Personnel will be allowed to review the Deposit Materials only in the Secure Facility and only after executing a Confidentiality Agreement with Iron Mountain in the form set forth as Exhibit 5. Under no circumstances will Authorized Personnel be allowed to remove the Deposit Materials from the Secure Facility.

3.3 <u>Access to Secure Facility by Producing Party and/or Authorized Personnel</u>
Iron Mountain shall provide Authorized Personnel access to the Secure Facility weekdays between the hours of 8:00 AM and 5:00 PM (excluding holidays). Two (2) days advanced notice to Iron Mountain of a request for access shall be required and access is subject to availability. The workspace provided will accommodate a maximum of 8 Authorized Personnel at the same time. Iron Mountain shall require proper identification of Authorized Personnel prior to any access to the Secure Facility or the Deposit Materials at any time. Iron Mountain shall not provide or enable any individual access to the Secure Facility or the Deposit Materials without first verifying that such individual is in fact an Authorized Personnel by following the following procedure:

    (i) Obtain from the Authorized Personnel, upon each entry, a photo identification card sanctioned by the government of a State of the United States or by the United States federal government (a "Photo ID")
    (ii) Locate the name found on such Photo ID on the list of Authorized Personnel set forth on Exhibit 2 of the Agreement
    (iii) Compare the photo on such Photo ID to the appearance of individual presenting such Photo ID.

DocuSign Envelope ID: DAC3BA81-3828-4CE2-B1B3-CB8F1F2F0262

      (iv)  Confirm that the Authorized Personnel has signed Exhibit 5 Confidentiality Agreement Regarding Customer Audits and Inspections prior to their first access to the Secure Facility.

      (v)  If there is any material failure of the above requirements, the person seeking access to the Secure Facility shall be denied.

3.4   Visitation Logs

Iron Mountain shall keep a log identifying the Authorized Personnel accessing the Secure Facility or the Deposit Materials. The log shall include the following information:

    (i)  the name of the person attempting to access the Secure Facility or the Deposit Materials;

    (ii)  the signature of the person attempting to access the Secure Facility or the Deposit Materials;

    (ii)  the time of each entry to and each departure from the Secure Facility; and

    (iii)  the name of the Iron Mountain employee or employees who authenticated the identity of the person seeking access to the Secure Facility or the Deposit Materials.

## ARTICLE 4 - TERM AND TERMINATION

4.1   Term. The initial term of this Agreement is for a period of one (1) year ("Initial Term") with automatic renewals for additional one (1) year terms ("Renewal Term") (collectively, the "Term"), unless and until one of the following events occur, at any time during the Term: (a) written notice of termination is delivered by Producing Party to Iron Mountain not less than thirty days prior to the termination date; or (b) the Agreement is terminated by Iron Mountain for nonpayment pursuant to Section 4.2; or (c) any time after the Initial Term, Iron Mountain provides sixty (60) days' prior written notice to the Producing Party of Iron Mountain's intent to terminate this Agreement. If the Effective Date is not specified on the first page of this Agreement, then the last date noted on the signature blocks of this Agreement shall be the Effective Date.

4.2   Termination. In the event of the nonpayment of fees owed by Producing Party to Iron Mountain, Iron Mountain shall provide written notice of delinquency to Producing Party. If the past-due payment is not received in full by Iron Mountain within one month of the date of such notice, then Iron Mountain shall have the right to suspend Authorized Personnel's access to Secured Facility or terminate this Agreement at any time thereafter by sending written notice of termination to Producing Party. If Producing Party provides written notice requesting the return of their Deposit Materials, then Iron Mountain will forward such notice informing the Accessing Company of this action.

4.3   Disposition of the Deposit Materials. Upon termination of this Agreement, Iron Mountain shall return or otherwise deliver the Deposit Materials to Producing Party in accordance with any and all reasonable instructions from Producing Party provided by Producing Party. The Producing Party will be responsible for fully deleting the Intellectual Property from any media on which it is stored by Producing Party.

## ARTICLE 5 - FEES

5.1   Fee Schedule. Iron Mountain is entitled to be paid, in advance, the fees applicable to the services requested by Producing Party and provided by Iron Mountain, as identified on fee schedule attached hereto as Exhibit 3. For any service requested by Producing Party which is outside of the scope of the services set forth in this Agreement, Iron Mountain will provide a written quote prior to rendering the requested service, and shall render such service only upon Producing Party's written acceptance of such quote and advance payment. For any services requested, Iron Mountain shall provide Producing Party with an invoice.

DocuSign Envelope ID: DAC9DA61-3828-4CE2-B1B3-CB8F1F2F0262

5.2   Payment Terms. The Party responsible for payment as designated in the Billing Contact Table ("**Paying Party**") shall pay to Iron Mountain all fees as set forth in Exhibit 3. All initial fees are due on execution of this Agreement. Payment for fees associated with any renewal terms due within thirty (30) days prior to the expiration of the current term, after Producing Party's receipt of a written, valid, undisputed invoice and in advance of Accessing Company's next visit to the Iron Mountain facility. If invoiced fees are not paid when they are due, Iron Mountain may terminate this Agreement in accordance with Section 4.2.

## ARTICLE 6 – LIABILITIES

6.1   Indemnification. Anything in this Agreement to the contrary notwithstanding, Producing Party at its own expense shall defend and hold Iron Mountain fully harmless against any claim or action asserted against Iron Mountain (specifically including costs and reasonable attorneys' fees associated with any such claim or action) to the extent such claim or action is based on an assertion that Iron Mountain's proper administration of this Agreement or Accessing Company's use of the Deposit Material, within the scope of this Agreement, infringes any patent, copyright, license or other proprietary right of any third party. When Iron Mountain has notice of a claim or action, it shall promptly notify Producing Party in writing. At its option, Producing Party may elect to control defense of such claim or action and may elect to enter into a settlement agreement, provided that no such settlement or defense shall include any admission or implication of wrongdoing on the part of Iron Mountain without Iron Mountain's prior written consent, which consent shall not be unreasonably delayed or withheld. Iron Mountain shall have the right to employ separate counsel and participate in the defense of any claim at its own expense.

6.2   Limitation of Liability. EXCEPT FOR: (I) LIABILITY FOR DEATH OR BODILY INJURY; (II) PROVEN GROSS NEGLIGENCE OR WILLFUL MISCONDUCT; OR (III) THE INFRINGEMENT INDEMNIFICATION OBLIGATIONS OF SECTION 6.1, ALL OTHER LIABILITY RELATED TO THIS AGREEMENT, IF ANY, WHETHER ARISING IN CONTRACT, TORT (INCLUDING NEGLIGENCE) OR OTHERWISE, OF ANY PARTY TO THIS AGREEMENT SHALL BE LIMITED TO THE AMOUNT EQUAL TO ONE YEAR OF FEES PAID TO IRON MOUNTAIN UNDER THIS AGREEMENT. IF CLAIM OR LOSS IS MADE IN RELATION TO A SPECIFIC DEPOSIT OR DEPOSITS, SUCH LIABILITY SHALL BE LIMITED TO THE FEES RELATED SPECIFICALLY TO SUCH DEPOSITS.

6.3   Consequential Damages Waiver. IN NO EVENT SHALL ANY PARTY TO THIS AGREEMENT BE LIABLE TO ANOTHER PARTY FOR ANY INCIDENTAL, SPECIAL, PUNITIVE OR CONSEQUENTIAL DAMAGES, LOST PROFITS, ANY COSTS OR EXPENSES FOR THE PROCUREMENT OF SUBSTITUTE SERVICES (EXCLUDING SUBSTITUTE ESCROW SERVICES), OR ANY OTHER INDIRECT DAMAGES, WHETHER ARISING IN CONTRACT, TORT (INCLUDING NEGLIGENCE) OR OTHERWISE EVEN IF THE POSSIBILITY THEREOF MAY BE KNOWN IN ADVANCE TO ONE OR MORE PARTIES.

## ARTICLE 7 – GENERAL

7.1   Right to Rely on Instructions. Iron Mountain may rely upon this Agreement, any instruction, document, or signature provided by Producing Party or Accessing Company as allowed under this Agreement. For avoidance of doubt, Accessing Company is not a Party to this Agreement and Iron Mountain will only respond to instructions from Accessing Company that are jointly signed by Producing Party. Iron Mountain will not be required to inquire into the truth or evaluate the merit of any statement or representation contained in any notice or document provided by Producing Party and Accessing Company. Iron Mountain will not be responsible for failure to act as a result of causes beyond the reasonable control of Iron Mountain.

DocuSign Envelope ID: DAC3BAB1-3828-4CE2-B1B3-CB8F1F2F0262

7.2 Controlling Law. The validity, interpretation, and performance of this Agreement shall be controlled by and construed under the laws of the State of Texas, USA, as if performed wholly within the state and without giving effect to the principles of conflicts of laws.

7.3 Entire Agreement. This Agreement, which includes the Exhibits attached hereto, embodies the entire understanding among the parties with respect to its subject matter and supersedes all previous communications, representations or understandings, either oral or written. Iron Mountain's only obligations are as set forth in this Agreement. No amendment or modification of this Agreement shall be valid or binding unless signed by all the parties hereto.

7.4 Notices. All notices, payments, invoices and other documents and communications shall be given to the parties at the addresses specified in the Notices Table of this Agreement. Electronic notice to the email address(es) provided in the Notice Table of this Agreement shall constitute proper notice under this Agreement. It shall be the responsibility of the parties to notify each other as provided in this Section in the event of a change of address. The parties shall have the right to rely on the last known address of the other parties. Unless otherwise provided in this Agreement, all documents and communications may be delivered by First Class mail. Any correctly addressed notice to last known address of the parties that is relied on herein and that is refused, unclaimed, or undeliverable because of an act or omission of the party to be notified as provided herein shall be deemed effective as of the first date that said notice was refused, unclaimed, or deemed undeliverable by electronic mail, the postal authorities by mail, through messenger or commercial express delivery services.

7.5 Successors. This Agreement shall be binding upon and shall inure to the benefit of the successors and assigns of the parties. However, no party shall have any obligation in performing this Agreement to recognize any successor or assign of any other party unless it receives clear, authoritative and conclusive written documentation of the change from the other party.

7.6 Subpoenas or Court Orders. In the event Iron Mountain receives a subpoena or other order of a court or other judicial tribunal pertaining to this Agreement, Iron Mountain shall promptly notify Producing Party unless prohibited by law, and shall cooperate with Producing Party in obtaining a protective order and/or in limiting the scope of any disclosure required of Iron Mountain. It shall be the responsibility of Producing Party to challenge any such order; provided, however, that Iron Mountain does not waive its rights to present its position with respect to any such order. Iron Mountain will not disobey any order of a court or other judicial tribunal pertaining to this Agreement.

7.7 Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be an original, but all of which together shall constitute one instrument.

Remainder of page left intentionally blank -- Signature page follows.

AGREED AND ACCEPTED:

| PRODUCING PARTY HALLIBURTON ENERGY SERVICES, INC. | |
|---|---|
| Signature | *[signature]* |
| Print Name | Stephanie Bragg |
| Title | VP Litigation |
| Date | Sept 22, 2011 |

| IRON MOUNTAIN INFORMATION MANAGEMENT, INC. | | IRON MOUNTAIN INTELLECTUAL PROPERTY MANAGEMENT, INC. | |
|---|---|---|---|
| Signature | | Signature | |
| Print Name | | Print Name | |
| Title | | Title | |
| Date | | Date | |

Approved as to IPM Operational Content:
Iron Mountain IPM Service Delivery

*[signature]*

I. Nicole King, Esq., Contracts Specialist
Date: September 22, 2011

Approved as to Form and Legal Content:
Iron Mountain Legal Department

*[signature]*

Barbara O'Neil Smith, Senior Contracts Specialist
Date: September 22, 2011

NOTICES TABLE, BILLING CONTACT TABLE AND EXHIBITS FOLLOW

DocuSign Envelope ID: DAC3BA81-3828-4CE2-B1B3-CB8F1F2F0262

**AGREED AND ACCEPTED:**

| PRODUCING PARTY HALLIBURTON ENERGY SERVICES, INC. | |
|---|---|
| Signature | |
| Print Name | Jenny Martinez |
| Title | |
| Date | |

| IRON MOUNTAIN INFORMATION MANAGEMENT, INC. | | IRON MOUNTAIN INTELLECTUAL PROPERTY MANAGEMENT, INC. | |
|---|---|---|---|
| Signature | Michael Gordon (DocuSigned) | Signature | M (signed) |
| Print Name | Michael Gordon | Print Name | Mary N. English |
| Title | Territory Vice President | Title | Vice President, Operations |
| Date | September 22, 2011 | 11:45 PT | Date | 9/27/11 |

Approved as to IPM Operational Content:
Iron Mountain IPM Service Delivery

*[signature]*

I. Nicolo King, Esq., Contracts Specialist
Date: September 22, 2011

Approved as to Form and Legal Content:
Iron Mountain Legal Department

*[signature]*

Barbara O'Neil Smith, Senior Contracts Specialist
Date: September 22, 2011

NOTICES TABLE, BILLING CONTACT TABLE AND EXHIBITS FOLLOW

DocuSign Envelope ID: DAC3BA81-3828-4CE2-B1B3-CB8F1F2F0262

**PRODUCING PARTY NOTICES TABLE:**

All notices for Producing Party will be sent to the person at the address set forth below. Requests to change this information should be given in writing by an authorized employee of the Producing Party.

| | |
|---|---|
| Company | Godwin Ronquillo PC |
| Name | Jenny Martinez |
| Title | Shareholder |
| Email Address | jmartinez@godwinronquillo.com |
| Street Address | 1201 Elm Street, Suite 1700 |
| City/State | Dallas, TX |
| Zip Code | 75270 |
| Phone Number | 214-939-4620 |
| Fax Number | 214-527-3119 |

**ACCESSING COMPANY NOTICES TABLE:**

All notices for Accessing Company will be sent to the person at the address set forth below. Requests to change this information should be given in writing by an authorized employee of the Accessing Company.

| | |
|---|---|
| Company | Kirkland & Ellis LLP |
| Name | Xanath McKeever |
| Title | Partner |
| Email Address | xanath.mckeever@kirkland.com |
| Street Address | 333 South Hope St. |
| City/State | Los Angeles, CA |
| Zip Code | 90071 |
| Phone Number | (213) 680-8537 |
| Fax Number | (213) 680-8500 |

**IRON MOUNTAIN NOTICES TABLE:**

Notices and/or communications to Iron Mountain should be sent to:

| | |
|---|---|
| Company | Iron Mountain Intellectual Property Management, Inc. |
| Name | Martine Darby |
| Title | Attn: Contract Administration |
| Email Address | martine.darby@ironmountain.com |
| Street Address | 2100 Norcross Parkway, Suite 150 |
| City/State | Norcross, GA 30071 |
| Phone Number | (770) 239-9200 |
| Fax Number | (770) 239-9201 |

**BILLING CONTACT TABLE**

Please provide the name and contact information of the Paying Party under this Agreement. All invoices will be sent to this individual at the address set forth below.

| | |
|---|---|
| Company | Kirkland & Ellis LLP |
| Name | Xanath McKeever |
| Title | Partner |
| Email Address | xanath.mckeever@kirkland.com |
| Street Address | 333 South Hope St. |
| City/State | Los Angeles, CA |
| Zip Code | 90071 |
| Phone Number | (213) 680-8537 |
| Fax Number | (213) 680-8500 |

Invoice inquiries and fee remittances should be sent to:

Iron Mountain Intellectual Property Management, Inc.
PO Box 27131
New York, NY 10087-7131

**EXHIBIT 1**

## DEPOSIT MATERIALS DESCRIPTION

| Producing Party Name | Halliburton | | |
|---|---|---|---|
| Escrow Account Number | 39963 | SecureBase Account Number | |
| Deposit Name | | | |

| Media Type | Quantity | Serial Number(s) |
|---|---|---|
| ☒ Laptop Computer | 3 | HP/Compaq Model 2510p (×3): 1) SCNF82941R8  2) SCNF8043SF3  3) SCNF7381FFX |
| ☐ Desktop Computer | | |
| ☐ Computer Monitor | | |
| ☐ Keyboard | | |
| ☐ Mouse | | |
| ☒ Printer | 1 | HP Photosmart 0198-08-2432 |
| ☐ Copier | | |
| ☐ CD - DVD | | |
| ☐ Documents | | |
| ☒ Other (please describe below): | → Three laptop power cord  → One set of printer cables | |

| Delivery Method | | | |
|---|---|---|---|
| ☒ Physical Hand Delivery | | | |
| ☐ Commercial Express Mail | Carrier: | | Tracking #: |

| Iron Mountain Secure Facility Location | | Address for Return of Deposit Materials | |
|---|---|---|---|
| Company Name | Iron Mountain Information Management, Inc. | Company Name | Halliburton |
| Attn: | Shan Culliton | Attn: | Kevin Ellmore |
| Street Address | 3502 Bissonnet St | Street Address | 10200 Bellaire Blvd. |
| City, State, Zip Code | Houston, TX 77005 | City, State, Zip Code | Houston, TX 77072 |
| Phone | 832-721-6242 | Phone | 713-569-2441 |

| Deposit Certification | | | |
|---|---|---|---|
| ☐ I certify for Producing Party that the above described Deposit Material has been physically delivered or sent via commercial express mail carrier to Iron Mountain at the address above. | | ☐ Iron Mountain has inspected and accepted the above described Deposit Material. | |
| Name Print Name | | Name Print Name | |
| Date | | Date | |
| Email Address | | Email Address | |
| Telephone Number | | Telephone Number | |
| Fax Number | | Fax Number | |

**FOR IRON MOUNTAIN USE ONLY: (NOTED DISCREPANCIES ON VISUAL INSPECTION)**

DocuSign Envelope ID: DAC36A61-3626-4CE2-B1B3-CB8F1F2F0262

# EXHIBIT 1

## DEPOSIT MATERIALS DESCRIPTION

| Producing Party Name | | | |
|---|---|---|---|
| Escrow Account Number | 39963 | SecureBase Account Number | |
| Deposit Name | | | |

| Media Type | Quantity | Serial Number(s) |
|---|---|---|
| ☐ Laptop Computer | | |
| ☐ Desktop Computer | | |
| ☐ Computer Monitor | | |
| ☐ Keyboard | | |
| ☐ Mouse | | |
| ☐ Printer | | |
| ☐ Copier | | |
| ☐ CD - DVD | | |
| ☐ Documents | | |
| ☐ Other (please describe below): | | |

**Delivery Method**
- ☐ Physical Hand Delivery
- ☐ Commercial Express Mail    Carrier: _____    Tracking #: _____

| Iron Mountain Secure Facility Location | | Address for Return of Deposit Materials | |
|---|---|---|---|
| Company Name | Iron Mountain Information Management, Inc. | Company Name | |
| Attn: | | Attn: | |
| Street Address | | Street Address | |
| City, State, Zip Code | Houston, TX | City, State, Zip Code | |
| Phone | | Phone | |

**Deposit Certification**

| ☐ I certify for Producing Party that the above described Deposit Material has been physically delivered or sent via commercial express mail carrier to Iron Mountain at the address above. | | ☐ Iron Mountain has inspected and accepted the above described Deposit Material. | |
|---|---|---|---|
| Name | | Name | |
| Print Name | | Print Name | |
| Date | | Date | |
| Email Address | | Email Address | |
| Telephone Number | | Telephone Number | |
| Fax Number | | Fax Number | |

**FOR IRON MOUNTAIN USE ONLY: (NOTED DISCREPANCIES ON VISUAL INSPECTION)**

DocuSign Envelope ID: DAC3BA81-3828-4CE2-B1B3-CB8F1F2F0262

## EXHIBIT 2

## AUTHORIZED PERSONNEL

Account Number _29963_

### AUTHORIZED PERSONNEL FOR PRODUCING PARTY

| Name | Place of Employment Company/Firm Name | Phone Number | Email Address |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

### AUTHORIZED PERSONNEL FOR ACCESSING COMPANY

| Name | Place of Employment Company/Firm Name | Phone Number | Email Address |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

# EXHIBIT 3

## FEE SCHEDULE

| Discovery Escrow Agreement | |
|---|---|
| One Time Set-up | $1,500 |
| Annual Storage | $4,500 |
| Secure Discovery Facility Usage | |
| Discovery Facility Per Diem | $500 |
| Minimum # days paid in advance | 20 |
| Paying Party may buy additional blocks of five (5) days payable in advance | |

EXCLUDED IN THE FACILITY USAGE ARE:

- Does not include the use of Iron Mountain's telephone service, internet access, printers, fax machines or other business machines
- Producing Party to supply equipment (Central Processing Unit, monitors, printers, etc.) containing the deposit materials.
- Facility is not accessible or available on weekends, evenings or observed holidays
- Porting materials from one facility to another (if necessary), which will be done at cost according to the requirements by the parties

**EXHIBIT 2**

**AUTHORIZED PERSONNEL**

Account Number _____

### AUTHORIZED PERSONNEL FOR PRODUCING PARTY

| Name | Place of Employment Company/Firm Name | Phone Number | Email Address |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### AUTHORIZED PERSONNEL FOR ACCESSING COMPANY

| Name | Place of Employment Company/Firm Name | Phone Number | Email Address |
|---|---|---|---|
| Philip Chen | Kirkland & Ellis | (213) 680-8341 | philip.chen@kirkland.com |
| Barbara Harding | Kirkland & Ellis | (202) 879-5081 | barbara.harding@kirkland.com |
| David Mitchell | Kirkland & Ellis | (415) 439-1954 | david.mitchell@kirkland.com |
| Betty Yang | Kirkland & Ellis | (202) 879-5116 | betty.yang@kirkland.com |
| Fred Sabins | CSI Technologies | (281) 784-7990 | fsabins@csi-tech.net |
| Larry Waters | CSI Technologies | (281) 784-7990 | lwatters@csi-tech.net |
| Anthony Febbraro | CSI Technologies | (281) 784-7990 | afebbraro@csi-tech.net |
| Jessica Bassett | CSI Technologies | (281) 784-7990 | jbassett@csi-tech.net |
| David Brown | CSI Technologies | (281) 784-7990 | jbrown@csi-tech.net |
| Michael Viator | CSI Technologies | (281) 784-7990 | mviator@csi-tech.net |