# EXHIBIT H

1

```
 1                     UNITED STATES DISTRICT COURT

 2                   THE EASTERN DISTRICT OF LOUISIANA

 3                             AT NEW ORLEANS

 4

 5   IN RE:   OIL SPILL BY THE OIL RIG     *    10-MD-2179-CJB-SS
              DEEPWATER HORIZON IN THE     *
 6            GULF OF MEXICO ON            *
              APRIL 20, 2010               *    October 14, 2011
 7                                         *
                                           *
 8   Applies to:   All Cases               *    9:30 a.m.
     ****************************************
 9

10

11                    DISCOVERY STATUS CONFERENCE

12                BEFORE THE HONORABLE SALLY SHUSHAN

13                  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19
     SUSAN A. ZIELIE, RPR, FCRR
20   Official Court Reporter
     HB 406
21   500 Poydras Street
     New Orleans, Louisiana 70130
22   susan_zielie@laed.uscourts.gov
     504.589.7791
23

24
     Proceedings Recorded by Computer-aided Stenography Transcription
25   Software.
```

```
 1   APPEARANCES:

 2

 3   For the Plaintiffs:        Breit Drescher Imprevento & Walker
                                BY:   JEFFREY A. BREIT, ESQ.
 4                              1000 Dominion Tower
                                999 Waterside Drive
 5                              Lafayette LA 70502

 6   For the Plaintiffs:        Levin Papantonio Thomas Mitchell
                                BY:    BRIAN H. BARR, ESQ.
 7                              316 South Baylen Street, Suite 600
                                Pensacola, FL 32502
 8

 9   For the Plaintiffs:        Herman Herman Katz & Cotlar LLP
                                BY:   STEPHEN J HERMAN, ESQ.
10                              820 O'Keefe Avenue
                                New Orleans, LA 70113
11
     For the Plaintiffs:        Williamson & Rusnak
12                              BY:   JIMMY WILLIAMSON, ESQ.
                                4310 Yoakum Boulevard
13                              Houston TX 77006

14   For the Plaintiffs:        Levin Papantonio Thomas Mitchell
                                  Rafferty & Proctor
15                              BY:   BRIAN H. BARR, ESQ.
                                316 South Baylen Street, Suite 600
16                              Post Office Box 12308
                                Pensacola, FL 32591
17
     For the Federal            US Department of Justice
18   Government Interests:      BY:   R. MICHAEL UNDERHILL, ESQ.
                                SARAH D. HIMMELHOCK, ESQ.
19                              450 Golden Gate Avenue, Rm. 7-5395
                                San Francisco CA 94102
20
     For the United States      Environmental Enforcement Section
21   Of America:                US Department of Justice
                                BY:   STEVE O'ROURKE, ESQ.
22                              PO Box 7611
                                Washington DC 20044
23
     For the State Interests:   Attorney General of Alabama
24                              BY:   COREY L. MAZE, ESQ.
                                500 Dexter Avenue
25                              Montgomery, Al 36130
```

```
 1   APPEARANCES:

 2   For the Defendant:          Liskow & Lewis, APLC
                                 BY:  DON K. HAYCRAFT, ESQ.
 3                               701 Poydras Street, Suite 5000
                                 New Orleans LA 70139
 4
     For the Defendant:          Kirkland & Ellis, LLP
 5                               BY:  J. ANDREW LANGAN, ESQ.
                                      MARK J. NOMELLINI, ESQ.
 6                                    BRIAN A. KAVANAUGH, ESQ.
                                 300 N. Lasalle
 7                               Chicago, IL 60654

 8
     For the Defendant:          Kirkland & Ellis, LLP
 9                               BY:  ROBERT R. GASAWAY, ESQ.
                                 655 Fifteenth Street NW
10                               Washington DC 20005

11   For the Defendant:          Frilot, LLC
                                 BY:  KERRY J. MILLER, ESQ.
12                               1100 Poydras Street, Suite 3700
                                 New Orleans LA 70163
13
     For the Defendant:          Sutherland Asbill & Brennan, LLP
14                               BY:  RACHEL GEISBER CLINGMAN, ESQ.
                                 1001 Fannin Street, Suite 3700
15                               Houston TX 77002

16   For the Defendant:          Stone Pigman Walther Wittman, LLC
                                 BY:  PHILLIP A. WITTMAN, ESQ.
17                               546 Carondelet Street
                                 New Orleans LA 70130
18
     For the Defendant:          Godwin Ronquillo, PC
19                               BY:  DONALD E. GODWIN, ESQ.
                                 1201 Elm Street, Suite 1700
20                               Dallas TX 75270

21   For the Defendant:          Godwin Ronquillo, PC
                                 BY:  R. ALAN YORK, ESQ.
22                               1331 Lamar, Suite 1665
                                 Houston TX 770101
23
     For the Defendant:          Kuchler Polk Schell Weiner
24                                 & Richeson, LLC
                                 BY:  DEBORAH D. KUCHLER, ESQ.
25                               1615 Poydras Street, Suite 1300
                                 New Orleans LA 70112
```

```
 1  APPEARANCES:

 2  For the Defendant:          Bingham McCutchen, LLP
                                BY:  WARREN A. FITCH, ESQ.
 3                              2020 K Street NW
                                Washington DC 20006
 4
     For the Defendant:         Ware, Jackson, Lee & Chambers
 5                              BY:  C. DENNIS BARROW, JR, ESQ.
                                2929 Allen Parkway, 42nd Floor
 6                              Houston TX 77019

 7  For the Defendant:          Galloway Johnson Tompkins Burr
                                   & Smith
 8                              BY:  JOHN E. GALLOWAY, ESQ.
                                One Shell Square
 9                              701 Poydras Street, 40th Floor
                                New Orleans LA 70139
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1          Your Honor, we would ask that you have give me a brief
2    deposition, a short deposition, for an hour and a half.  And, if
3    you think it ought to be shorter, whatever you think is
4    appropriate, I'll do.  We'll do it right here in New Orleans.  If
5    for some reason Lori thinks it needs to be in Houston, I'll do it
6    whenever he wants to do it.
7          I would suggest these dates when I'm available to do it.
8    I'll do it any time on any of these dates.  October 27th, Judge.
9    October 31st.  November 1st.  Or November 2nd.
10         If none of those four dates work for Mr. Viator and Lori
11   Mince, then I will rearrange my schedule to be there whenever he
12   will be available.  And thank you for your time.
13         THE COURT:  Thanks, Don.
14         MR. GODWIN:  Thanks, Judge.
15         THE COURT:  All right, Lori, your second appearance of
16   the day.
17         MS. MINCE:  Good morning.  Lori Mince on behalf of CSI
18   and Mr. Viator.
19         Mr. Viator, as Mr. Godwin said, left Halliburton I
20   believe in March, and joined CSI about four weeks later as a
21   research engineer.  And he has had no involvement in CSI 's work
22   for BP, with the exception of some scientific journal research
23   that he did as background, you know, published research, that he
24   was asked to do during that time period in his affidavit.
25         He was an employee at CSI, left the company, and his

1   name was put in on this list to go to the vault.  He's never been
2   to the vault, he's never reviewed any Halliburton documents while
3   at CSI, but his name got put on that list.  Which immediately
4   raised a concern on the part of Halliburton, which they
5   immediately expressed.  And which we acknowledged was a concern
6   that they had.  And so he will not be participating in any visit
7   to the vault.  He will not be performing any work.  And he hasn't
8   in the past performed any work.
9          His affidavit, I went through -- I went through with him
10  carefully what he had done while at CSI and asked him whether he
11  had disclosed any information about his work at Halliburton on
12  Macondo or related to Macondo.
13         And so, I think if you look at paragraph 5 of the
14  affidavit, it's not limited to Mr. Viator's own interpretation of
15  what is or is not confidential.  Which, as you and I know,
16  sometimes one person's definition of confidential may not comport
17  with anothers.  But I was very careful to go through with Mr.
18  Viator:  Have you discussed your work with Halliburton related to
19  Macondo?  Confidential or not confidential, have you discussed it
20  all?
21         And he said:  No, I have not, other than on the first
22  day of my employment or in my interview I informed Mr. Sabins,
23  who was interviewing me for the position, that I have done some
24  work on it so that he would know that going into it.  And Mr.
25  Sabins responded:  Okay, thank you for telling me you did that

1    work, don't tell me anything about what it was.

2           So what we have here is a concern that is based

3    exclusively on the fact that Mr. Viator's name ended up on that

4    list.  That was done, you know, two weeks ago.  His name is on

5    the list, the concern is raised, we immediately said:  Nope, he's

6    not going, he won't go to the vault.  And that's the sole basis

7    of the concern.

8           In order to allay the concerns, we obtained the

9    affidavit.

10          I have also personally reviewed Mr. Viator's time

11   records at CSI to confirm that the only time he has logged is for

12   the scientific literature literature review.

13          Mr. Sabins has been a consulting expert to CSI in this

14   case, and he may or has been designated as a testifying expert in

15   the case.  And so the issue before this Court at some point might

16   be an argument by Halliburton that Mr. Sabins should be

17   disqualified on the basis of his having confidential information

18   of Halliburton or some impropriety.  And the way for Halliburton

19   -- there's no evidence of that at this point.  And Halliburton,

20   if Mr. Sabins is designated as a testifying expert, Halliburton

21   will have the opportunity to depose Mr. Sabins to ask him whether

22   or not he obtained any confidential information during the time

23   that Mr. Viator was employed at CSI.  So they will have their

24   ability to cross examine the expert, which is the person that

25   they're concerned about.

1        And so, under all of these facts, I would say that there
2   just has been no good cause showing to take Mr. Viator away from
3   his work and cause him to have to appear for a deposition in this
4   case.
5        Mr. Godwin has said that these don't answer his
6   questions, he still has questions.  And I have invited him to
7   tell me what are the questions.  I mean, do you want to see his
8   time records?  What is the fact that you want to know that's not
9   in this affidavit, and maybe I can answer it for you.
10       But, based on what we have in front of us, there just
11  has been no good cause showing to require a deposition from a
12  witness who has not been designated as a fact witness in this
13  case.
14       MR. GODWIN:  Judge, may I respond?
15       MR. LANGAN:  I think I have something to say.  I think
16  BP is a stakeholder.
17       THE COURT:  Go ahead.  Andy, I've never denied you an
18  opportunity to be heard.
19       MR. LANGAN:  Mr. Sabins is our expert.  We obviously
20  endorse what Ms. Mince has said.
21       I just want to add a sort of institutional process here.
22  We're all way too busy in this case getting ready for atrial to
23  have a frolicking detour based on frankly what is speculation and
24  frankly paranoia by counsel for Halliburton.  If we're going to
25  go down the road of chasing every rabbit down the rabbit horn