# EXHIBIT J

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| J. Andrew Langan, P.C.<br><br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

May 23, 2011

**Via Electronic Mail and UPS**                                                                        **CONFIDENTIAL**

Donald Godwin
Godwin Ronquillo PC
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041

    Re: In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of
       Mexico on April 20, 2010, MDL No. 2179

Dear Don:

  We write to request that Halliburton comply with its discovery obligations and produce the documents called for in BP's First and Second Requests for Production of Documents to Halliburton. (*See* The BP Parties' First Request for Production of Documents to Halliburton at RFP Nos. 1-4, 13-28, 31-33, 51-54, 61-65; The BP Parties' Second Request for Production of Documents to Halliburton at RFP Nos. 1-5, 7-12, 14-23, 31, 38, 39, 52, 56, 60-61).  Specifically, BP has become aware of the following documents that Halliburton has failed to produce:

1. **Post-Incident Gas Flow Potential Studies.**  It is clear from Mr. Serio's deposition, including Deposition Exhibit 2109, that after the Macondo incident Halliburton conducted a study or studies where it looked at the Gas Flow Potential for various wells where Halliburton performed cementing in the Gulf of Mexico. Indeed, Halliburton described this data as "very important." (Deposition Ex. 2109). BP requests that Halliburton produce this information.

2. **Opticem RealTime Data.**  Halliburton's own documents indicate that Opticem RealTime should have been run during the cement job on April 19th. (*See* 04-28-2011 Serio Deposition Tr. at 356-358, Deposition Ex. 2128 at 10). Mr. Chaisson testified that he downloaded all of the cement data onto a flash drive and transferred the data to his computer before he left the rig. (3-16-2011 Chaisson Deposition Tr. at 46-47). BP

## KIRKLAND & ELLIS LLP

Donald Godwin
May 23, 2011
Page 2

    requests that Halliburton produce the abovementioned flash drive or the downloaded data.

3. **Opticem Program.** Halliburton has refused to produce a functional copy of Opticem citing trade secret concerns. (HESI's Objections and Responses to the BP Parties' First Requests for Production of Documents, at 12). Halliburton's refusal to comply with its discovery obligations is unfounded, as there is a two tier discovery order in place designed to address Halliburton's professed concerns. However, in the interest of cooperation, BP would be agreeable to Halliburton providing a fully functional and representative version of Opticem during a 30(b)(6) deposition, during which a trained Halliburton witness will be requested to perform Opticem runs replicating the modeling performed by Mr. Gagliano for the Macondo Well, as well as using additional inputs provided by BP, and print the results. In the event of such deposition, BP reserves its right to seek additional information at a later date.

4. **Data and Inputs Used by Gagliano to Generate Opticem Models for Macondo Well.** Halliburton has refused to produce native data files for OptiCem, citing trade secret concerns. (HESI's Objections and Responses to the BP Parties' First Requests for Production of Documents, at 12). Halliburton's refusal to comply with its discovery obligations is unfounded, as there is a two tier discovery order in place designed to address Halliburton's professed concerns. Further, facts and data which Halliburton used to generate OptiCem reports do not constitute Halliburton trade secrets. BP requests that Halliburton produce all data and inputs used by Jesse Gagliano to generate Opticem Models for the Macondo well.

5. **Electronic copies of previously produced Opticem files with the ".adi" extension.** Halliburton has produced numerous emails attaching .adi files without producing the .adi attachments in a viewable format. Halliburton has refused to produce .adi files, citing trade secret concerns. (HESI's Objections and Responses to the BP Parties' First Request for Production of Documents, at 12). Halliburton's refusal to comply with its discovery obligations is unfounded as there is a two tier discovery order in place designed to address Halliburton's professed concerns. BP requests that Halliburton produce copies of all previously produced Opticem files with the .adi extension.

6. **Global Laboratory Best Practices.** BP requests that Halliburton produce a full and complete copy of Halliburton's Global Laboratory Best Practices.

## KIRKLAND & ELLIS LLP

Donald Godwin
May 23, 2011
Page 3

7. **Cementing Technology Manual.** BP requests that Halliburton produce a full copy of Halliburton's Cementing Technology Manual.

8. **Documents relating to the March 5, 2010 cement testing reflected at HAL_0506906 and the March 7, 2010 cement testing reflected at HAL_0506909.** Two days prior to the deposition of Timothy Quirk, Halliburton's designated corporate representative on "[a]ll actual and/or contemplated foam stability tests and/or cement testing," Halliburton produced Cement Lab Weigh-Up Sheets dated March 5, 2010 and March 7, 2010, reflecting tests which had been conducted for the Macondo well production casing cement job. BP requests that Halliburton produce any and all documents relating to the March 5, 2010 and March 7, 2010 cement testing, as well as any other documents responsive to Request for Production No. 20 from the BP Parties to Halliburton.

9. **Documents relating to post-incident slurry testing at the Duncan and Broussard facilities.** Halliburton's corporate representative, Tim Quirk, testified during his deposition that Halliburton performed post-incident testing of a representative slurry at its Duncan, Oklahoma facility. (Mar. 21, 2011 Quirk Dep. at 88:15-90:1.) Quirk further testified that he, himself, mixed a sample slurry using the design of the Macondo slurry, and that he participated in post-incident testing on this slurry. (Mar. 21, 2011 Quirk Dep. at 100:1-10, 103:21-25, 390:19-392:1.) BP requests that Halliburton produce any and all documents relating to the post-incident slurry testing at the Duncan and Broussard facilities.

The above listed documents constitute examples of documents BP currently knows are missing from Halliburton's productions, and BP will follow up with any further discovery issues after reviewing future Halliburton productions.

In the interest of efficiency and to avoid the unnecessary recalling of witnesses, BP must receive these vital documents in advance of the upcoming depositions of Christopher Haire, Vincent Tabler, Tommy Roth, and Ronald Faul. BP requests that Halliburton produce the aforementioned documents and information by Tuesday, May 31, 2011. BP further requests a meet and confer during the week of May 23, 2011, pursuant to Federal Rule of Civil Procedure 37, to discuss the status of Halliburton's production and any categories of documents that Halliburton is unwilling to produce.

Please feel free to contact me with any questions or concerns.

# KIRKLAND & ELLIS LLP

Donald Godwin
May 23, 2011
Page 4

                                             Sincerely,

                                           J. Andrew Langan, P.C.

JAL/mceo

cc:    Richard C. Godfrey, P.C.
        Don K. Haycraft
        Carter Williams
        Connie S. Delgado
        Geoff Gannaway
        Dennis Barrow
        Daniel Schubert
        John C. Funderbank
        Mary Rose Alexander
        Michael G. Lemoine