UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| Applies to:<br><br>*All cases*<br>and No. 10-2771 | § § § § | MAG. JUDGE SHUSHAN |

**HALLIBURTON'S OBJECTIONS TO THE PROPOSED PHASE TWO 30(b)(6) DEPOSITION NOTICE OF HALLIBURTON ENERGY SERVICES, INC., DEFENDANT (WITH 30(b)(2) DOCUMENT REQUESTS)**

In response to the Court's request, Halliburton Energy Services, Inc. ("HESI") hereby tenders the following objections to the proposed Phase Two 30(b)(6) Deposition Notice of Halliburton Energy Services, Inc., Defendant (With 30(b)(2) Document Requests) (the "Proposed Notice"), attached hereto as Exhibit A.

**General Objections**

1. By tendering or not tendering an objection, and/or by presenting a witness with regard to any specific topic, HESI does not represent that it, in fact, is in possession of any information responsive to any specific topic designated, and reserves its right to inform the parties that it is not in possession of any such responsive information.

2. HESI generally objects to the Proposed Notice to the extent it seeks information related to Phase One of this litigation. HESI has previously tendered for deposition its corporate representatives on the Phase One 30(b)(6) topics issued by the parties. Topics relating to information prior to April 22, 2010, are generally Phase One

topics for which HESI should not be required to present a 30(b)(6) representative for deposition.

3. HESI generally objects to the Proposed Notice as being overly broad, unduly burdensome, vague and ambiguous. Many, if not most, of the proposed 30(b)(6) topics seek "all knowledge" or "all information" relating to certain broadly defined subjects. Such topic areas are overly broad, vague and ambiguous, and would impose upon HESI an undue burden in trying to fully respond. Likewise, topics related to a "Worst Case Scenario" are vague and ambiguous, and fail to provide HESI with sufficient information to determine appropriately responsive information.

4. HESI objects to the Proposed Notice to the extent any proposed topic would call for the disclosure of information protected by the attorney client and/or attorney work product privileges, or by any other privilege recognized in law.

5. HESI generally objects to the Document Requests included in the Proposed Notice. Given the expansive universe of documents in this matter, document discovery among the parties has consistently been conducted through the use of agreed upon search terms. The Document Requests included in the Proposed Notice purport to require HESI to make a generalized inquiry for any documents that may be relevant to any topics contained in the Proposed Notice, and further require HESI to identify by bates numbers previously produced documents that may be relevant. Neither requirement is consistent with the manner discovery has been taken in this case, and, as drafted, the Document Requests would place an undue burden on HESI in attempting to fully respond.

**Specific Objections - Topic Areas**

Subject to, and specifically incorporating, the general objections listed above, HESI tenders the following specific objections to the Proposed Notice:

1. HESI objects to Proposed Topic 1 (including subparts a-i) to the extent such topics involve information related to Phase One. HESI further objects to Topic 1 (including subparts a, b, c, d, g, h, and i) as overly broad, vague, ambiguous, and unduly burdensome. HESI further objects to the extent Topic 1 requests identification of all documents relating to the topic.

2. HESI objects to Proposed Topic 2, including its subparts, as overly broad, vague, ambiguous, and unduly burdensome. Further, this topic seeks irrelevant information (specifically, information relating to well control methods not attempted at the Macondo Well), and covers an unduly long time period (ten years). HESI further objects to the extent Topic 1 requests identification of all documents relating to the topic.

3. HESI objects to Proposed Topic 3, including its subparts, to the extent such topic involves information related to Phase One. HESI further objects to Topic 3, including its subparts, as overly broad, vague, ambiguous, and unduly burdensome. HESI further objects to the extent Topic 3 requests identification of all documents relating to the topic.

4. HESI objects to Proposed Topic 4, including its subparts, to the extent such topic involves information related to Phase One. HESI further objects to Topic 4, including its subparts, as overly broad, vague, ambiguous, and unduly burdensome. HESI further objects to the extent Topic 4 requests identification of all documents relating to the topic.

5. HESI objects to Proposed Topic 5, including its subparts, to the extent such topic involves information related to Phase One. HESI further objects to Topic 5, including its subparts, as overly broad, vague, ambiguous, and unduly burdensome. HESI further objects to the extent Topic 5 requests identification of all documents relating to the topic.

6. HESI objects to Proposed Topic 6, including its subparts, to the extent such topic involves information related to Phase One. HESI further objects to Topic 6, including its subparts, as overly broad, vague, ambiguous, and unduly burdensome. HESI further objects to the extent Topic 6 requests identification of all documents relating to the topic.

7. HESI objects to Proposed Topic 7, including its subparts, to the extent such topic involves information related to Phase One. HESI further objects to Topic 7, including its subparts, as overly broad, vague, ambiguous, and unduly burdensome. HESI further objects to the extent Topic 7 requests identification of all documents relating to the topic.

8. HESI objects to Proposed Topic 8, including its subparts, to the extent such topic involves information related to Phase One. HESI further objects to Topic 8, including its subparts, as overly broad, vague, ambiguous, and unduly burdensome.

9. HESI objects to Proposed Topic 9, including its subparts, to the extent such topic involves information related to Phase One. HESI further objects to Topic 9, including its subparts, as overly broad, vague, ambiguous, and unduly burdensome.

10. HESI objects to Proposed Topic 10 as overly broad, vague, ambiguous and unduly burdensome. Further, no time limit is included for the topic other than subpart b

which is limited only to anytime prior to April 20, 2010. HESI further objects to Topic 10 as irrelevant and not reasonably calculated to lead to the discovery of relevant information. Costs incurred by HESI, if any, related to wells unassociated with the Macondo Well have no bearing on any issues presented in this case. Topic 10 is also overly broad and unduly burdensome because subpart a contains no geographic limitation.

11. HESI objects to Proposed Topic 11 as overly broad, vague, ambiguous and unduly burdensome. Further, no time limit is included for the topic other than subpart b which is limited to anytime after April 20, 2010. HESI further objects to Topic 11 because "Worst Case Scenario" is an undefined term, making the Topic vague and ambiguous. Finally, Topic 11 is overly broad and unduly burdensome because subpart a of the Topic contains no geographic limitation.

12. HESI objects to Proposed Topic 12 to the extent such topic involves information related to Phase One. HESI has previously presented numerous deponents in Phase One who have specifically addressed and discussed the information contained in the referenced email.

13. HESI has no objection to Topic 13.

14. HESI objects to Proposed Topic 14 to the extent such topic involves information related to Phase One. HESI further objects to Topic 14 as overly broad, vague, ambiguous, and unduly burdensome.

15. HESI objects to Proposed Topic 15 to the extent it calls for HESI to represent the position of a party other than itself. Otherwise, HESI has no objection to Topic 15.

16. HESI objects to Proposed Topic 16 as overly broad, vague, ambiguous and unduly burdensome. HESI further objects to Topic 16 because "Worst Case Scenario" is an undefined term, making the Topic vague and ambiguous.

17. HESI objects to Proposed Topic 17 as overly broad, vague, ambiguous and unduly burdensome. Further, no time or geographic limit is included, making Topic 17 overly broad and unduly burdensome.

18. HESI objects to Topic 18 as overly broad, vague, ambiguous and unduly burdensome.

19. HESI has no objection to Topic 19.

20. HESI objects to Proposed Topic 20 to the extent such topic involves information related to Phase One. HESI further objects to Topic 20 as overly broad, vague, ambiguous, and unduly burdensome.

21. HESI has no objection to Topic 21.

22. HESI has no objection to Topic 22.

23. HESI objects to Proposed Topic 23 as overly broad, vague, ambiguous and unduly burdensome.

24. HESI objects to Proposed Topic 24 as overly broad, vague, ambiguous and unduly burdensome.

25. HESI objects to Proposed Topic 25 as this topic specifically relates to Phase One issues. HESI further objects to Topic 25 as overly broad, vague, ambiguous, and unduly burdensome. HESI further objects to the extent Topic 25 purports to be a request for production or identification of documents.

26. HESI objects to Proposed Topic 26 as this topic specifically relates to Phase One issues. HESI further objects to Topic 26 as overly broad, vague, ambiguous, and unduly burdensome. HESI further objects to the extent Topic 26 purports to be a request for production or identification of documents.

### Specific Objections – Document Requests

Subject to, and specifically incorporating, the general objections listed above, HESI tenders the following specific objections to the Proposed Notice:

1. HESI objects to Document Request 1 to the extent it seeks information protected by the attorney client and/or attorney work product privileges.

2. HESI objects to Document Request 2 as being outside the standard process for document discovery in this litigation and as being overly broad, unduly burdensome, vague and ambiguous.

3. HESI objects to Document Request 3 to the extent such request calls for the production of a custodial file. As a corporate designee, a corporate representative would have no "custodial file" as that term is commonly understood. Further, HESI objects to this document request to the extent it is outside the standard process for document discovery in this litigation and to the extent it calls for production of documents previously produced or equally available to all parties.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
FHartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
GHill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No.  20618150
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No.  24032277
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing following Halliburton's Objections to the Proposed Phase Two 30(b)(6) Deposition Notice of Halliburton Energy Services, Inc., Defendant (With 30(b)(2) Document Requests) has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 15th day of November, 2011.

/s/ Donald E. Godwin
Donald E. Godwin