UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| Relates to:  No. 10-8888 Doc. Ref. No. 63576 | * * | JUDGE BARBIER |
| Vessel of Opportunity (VoO) Contract Disputes | * * * | MAG. JUDGE SHUSHAN |
| ********************************************* | * | |

**BP PARTIES' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE THE AFFIDAVITS OF PHILLIP LEVINE, JR. AND BARRY ROGERS**

In their Reply Brief, Plaintiffs attach affidavits from two VoO Vessel Owners who were not selected as VoO Focus Plaintiffs—and from whom no discovery has been taken—to support their arguments that are not supported by the actual provisions of the Master Vessel Charter Agreement ("MVCA").  These affidavits and any argument related to them in Plaintiffs' Reply brief should be stricken from the record and not considered by the Court because: (1) they were brought for the first time in Plaintiffs' Reply; (2) they fall far outside the scope of the VoO Case Management Order governing the summary judgment motion; and (3) allowing the affidavits to be used would unfair to the Defendants, who would not have an adequate opportunity to respond.

After considerable discussion between the parties and with the Court, the Court entered the agreed VoO Case Management Order ("VoO CMO") (Dkt. 3207) on July 8, 2011. (Attached as Exhibit A.) The VoO CMO created a limited discovery and mediation program for moving the VoO contract cases towards "efficient and effective" resolution.  To that end, the

VoO CMO provided for both BP and the Plaintiffs to each select 3 "VoO Focus Plaintiffs" in order to "tee up" the legal issues related to the MVCA for the Court:

> MR. LANGAN: Your Honor, my only other -- well, our only other thought was that if we are going to tee up legal issues, our thought was why don't we select, both sides, a couple of focus plaintiffs or test cases --
> THE COURT: Prototype cases --
> MR. LANGAN: -- prototype cases --
> THE COURT: -- right.
> MR. LANGAN: -- that will present the legal issue, rather than trying to do this --
> THE COURT: I agree with that. That makes perfect sense.

Ex. B, June 26, 2011 Status Conf. Tr. at 30:1-11.

In accordance with the VoO CMO's provisions and purpose of "teeing up" the legal issues for the Court, the parties have spent more than four months focusing their efforts on selecting the six VoO Focus Plaintiffs and conducting discovery related them. To that end, BP produced thousands of documents related to the VoO Focus Plaintiffs,[1] propounded interrogatories on each of the six Focus Plaintiffs,[2] and deposed five of the six VoO Focus Plaintiffs.[3]

Also in accordance with the VoO CMO, on September 15, 2011, Plaintiffs filed their motion for partial summary judgment regarding the interpretation of the MVCA, specifically as it applies to VoO Focus Plaintiff Hoi Nguyen, who was hand-selected by the Plaintiffs.[4] BP filed its Response brief on October 27, 2011. On November 3, 2011, Plaintiffs filed their Reply which included affidavits from and arguments related to two VoO participants (the "New

---

[1] Paragraph 8 of the VoO CMO states: "By August 12, 2011, the BP defendants shall produce all VoO contracts and other documents in their possession, custody or control that are associated with the VoO contracts and associated property damages at issue, if any, with respect to each of the VoO Focus Plaintiffs."

[2] Paragraph 12 of the VoO CMO states, in relevant part: "The BP defendants shall be limited to serving no more than 15 interrogatories, including subparts, on each VoO Focus Plaintiff . . ."

[3] Due to the scheduling preferences of the Plaintiffs, BP will depose the sixth Focus Plaintiff in December.

[4] Further demonstrating the impropriety of Plaintiffs' attempt to submit affidavits from two non-Focus Plaintiffs is that fact that Plaintiffs' own partial summary judgment brief states that "the real issue in this motion is simply the application of the terms of the Master Vessel Charter Agreement" and that "the construction of a contract presents a question of law for the Court," Plfs.' Mem. at 6 (Dkt. 4035).

Evidence")—Phillip Levine, Jr. and Barry Rogers—neither of whom were selected as VoO Focus Plaintiffs and neither of whom were mentioned in Plaintiffs' Motion for Summary Judgment or BP's Response brief.

These affidavits and related argument should be stricken from the record and not considered by the Court when considering Plaintiffs' Motion.  In the Fifth Circuit, Courts should not consider evidence or arguments raised for the first time in a reply brief.  *See, e.g.*, *Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F.App'x 307, 315 (5th Cir. 2008) ("It is the practice of . . . the district Courts to refuse to consider arguments raised for the first time in reply briefs."); *Johnson v. Enjoy The City, Inc.*, No. 3:09-CV-0357-L, 2010 WL 815689, at *2 (N.D. Tex. Mar. 10, 2010) ("The court declines to consider arguments or evidence raised for the first time in a reply brief. . ."), *Marshall v. Fulton*, No. 3:08-CV-1921-L, 2009 WL 2136408, at *4 (N.D. Tex. July 17, 2009) (same).  This is particularly true when allowing the new evidence would deprive the non-moving party a meaningful opportunity to respond to the new evidence or allegations.  *See, e.g., Spring Indus., Inc v. Amer. Motorists Ins.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991); *United States v. Jones*, No. 3:10-CV-2361-BH, 2011 WL 5166402, at *1 n.1 (N.D. Tex. Nov. 1, 2011).

First, it is undisputed that the affidavits and argument based on them were not raised until Plaintiffs' Reply brief.  On that basis alone, the New Evidence should be stricken from the record.

Second, the New Evidence is outside the scope and purpose of the VoO CMO, as neither affiant is a VoO Focus Plaintiff.  The Court explicitly allowed each party to select three Focus Plaintiffs in order to provide a basis for Plaintiffs' Summary Judgment Motion.  Plaintiffs made their selections and later selected one of those three VoO Focus Plaintiffs on which to base their

summary judgment motion.  The parties have undertaken extensive discovery over four months relating to the VoO Focus Plaintiffs.  By attempting to bring in evidence from two non-VoO Focus Plaintiffs,[5] Plaintiffs are attempting to circumvent the VoO CMO and render inconsequential much of the discovery undertaken in these proceedings.

      Third, if Plaintiffs are allowed to supplement their summary judgment motion with the New Evidence submitted for the first time in their Reply, BP will not have a meaningful opportunity to test these new allegations or to respond to them.  Plaintiffs could have selected either affiant as a VoO Focus Plaintiff.  They chose not to.  If they had, BP would have conducted internal discovery related to each affiant's participation in the VoO program and would have had the opportunity to depose each affiant to test the veracity of their claims.  By giving BP an extension on its Response deadline to ensure that BP had the opportunity to depose Mr. Hoi Nguyen—the only VoO plaintiff specifically discussed in Plaintiffs summary judgment motion—before submitting its Response, Plaintiffs have already conceded the importance of allowing BP an opportunity to depose the VoO participants upon whom their summary judgment motion is based.  By submitting affidavits from two non-VoO Focus Plaintiffs and waiting to do so until their Reply brief, Plaintiffs have deprived BP of the opportunity to respond meaningfully to these allegations which they are now attempting to incorporate into their summary judgment motion.  Because allowing the affidavits and related argument to stay in the record would be manifestly unfair to BP, they should be stricken from the record.

---

[5] To date, nearly 1700 VoO plaintiffs have submitted Plaintiff Fact Sheets as set forth in the VoO CMO.  The fact that Plaintiffs have had to cherry-picked two plaintiffs out of 1700—neither of which have been subject to discovery—further illustrates the weakness of Plaintiffs' strained arguments related to the MVCA.

4

## **CONCLUSION**

For the foregoing reasons, BP respectfully requests that this Court strike and refuse to consider the affidavits of Phillip Levine, Jr. and Barry Rogers and any argument in Plaintiffs Reply brief based on those affidavits.

Dated: November 16, 2011                                Respectfully submitted,

By: /s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone:  (202) 662-5985

*Attorneys for BP Exploration & Production Inc.*
*& BP America Production Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of November, 2011.

                                            /s/ Don K. Haycraft