## IN RE: DEEPWATER HORIZON LITIGATION
## MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

November 16, 2011

*VIA* E-MAIL

*IN CAMERA* SUBMISSION

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130
E-Mail: Ben_Allums@laed.uscourts.gov

Re:  E-Mail Strings - Cameron's Objection to TREX-03419

Dear Judge Barbier,

On October 17, 2011, the PSC submitted a Letter Brief addressing the admissibility of e-mail strings produced by the Defendants. On November 11, 2011, Cameron transmitted a response to the letter contending that one e-mail string is inadmissible. In addition to original October 17th Letter Brief and Reply Letter Brief dated November 16, 2011,[1] the PSC further responds to Cameron's submission respectfully as follows:

Cameron objects to a single e-mail communication as alleged hearsay: TREX-03419.[2] That document is an e-mail string dating from February 2010. The initial e-mail was authored by Buddy Trahan, a Transocean employee, and sent to several other Transocean employees. The subject of the communication is "Tracking." In it, Trahan

---

[1] By separate letter dated November 16, 2011, the PSC responded to the arguments proffered by BP, Transocean, and Halliburton regarding the admissibility of Defendant-produced e-mail communications. The PSC incorporates by reference the arguments set forth in both that letter and its October 17, 2011 letter addressing the general admissibility of e-mail communications produced by Defendant parties.

[2] The PSC attaches TREX-03419 as an exhibit to this letter.

1

indicates that the correspondence "is a follow up from several e-mails sent over the last year." He notes that he has "asked [recipients] to manage several key issues" and "would like some re-assurance this was done." Trahan then lists ten such "issues" for which he seeks information, including the latest blowout preventer hose registry; the latest battery inventory; the "riser inspection"; the "riser bolts and inserts"; the latest inspection of co-flex hoses; "smoke/gas detection"; and "drill pipe, drill collar, and sub inspection." James Kent, one of the e-mail's recipients, later identified Trahan's e-mail during his deposition and, indeed, confirmed that, in sending it, Trahan was seeking information regarding the ten listed issues. Dep. Tr. of James Kent 51-52.[3]

After receiving Trahan's e-mail, Kent forwarded it five days later to other Transocean employees. In this communication, Kent requests an update regarding "information about the BOP [blowout preventer]." Kent then states, "I know we have changed bonnets, pods, slip joints, connector, failsafe valves and so [sic]." He closes by asking the e-mail recipients for information-gathering assistance.

Transocean was responsible for the maintenance of the Deepwater Horizon's rig equipment. The e-mail string contained in TREX-03419 obviously related to Transocean's maintenance responsibilities aboard the drilling rig. Each key "issue" identified by Trahan corresponds to equipment on the Deepwater Horizon or information related to the rig's operation. As such, the e-mail string is clearly made and kept by Transocean in the ordinary course of business.

In addition to being a party admission by Transocean, TREX-03419 meets each of the business records requirements set forth by *Wilander*. The communication captures the attempts by Transocean employees to ensure that equipment on the Deepwater Horizon was properly maintained, and that information necessary to the rig's operation was properly stored.[4] Trahan sent the e-mail as part of his regular business activity - to ensure maintenance of the rig. Kent, in turn, forward the e-mail communication in the same such attempt. To discount the reliability of the string because "it was a reply to an ad hoc inquiry," as Cameron suggests, misses the point. The e-mail communication was an inquiry related to Transocean's maintenance of the rig, which, for purposes of the Deepwater Horizon, was its regular business activity. The employees participating in the e-mail discussion had every incentive to speak truthfully and reliably to one another and, therefore, the contents of the e-mail string are likely to be reliable.[5]

---

[3] The relevant portion of James Kent's deposition is attached as an exhibit hereto.

[4] *See* Dep. Tr. of James Kent at 54-55 (explaining that Trahan's request for "smoke/gas detection" related to information Transocean regularly maintained on deepwater drilling rigs).

[5] *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 205 (4th Cir. 2000); *United States v. Wells*, 262 F.3d 455, 459-60 (5th Cir. 2001).

What is more, Transocean regularly created and retained e-mail communications relating to its work on the Deepwater Horizon.[6]  Transocean produced TREX-03419 and, prior to production, stored the e-mail communication on its server.  Thus, contrary to Cameron's speculation, Transocean did not, by some coincidence, "happen[] to make and keep" this document; rather, it retained and stored all e-mail communications related to its work on the Deepwater Horizon.

Finally, Cameron argues that the document was not created at or near the time of the events recorded therein.  This contention is without merit.  In his initial communication, Trahan is attempting to ascertain the *current* equipment status, as of February 2010, for several key components of the Deepwater Horizon.  Kent's reply e-mail reflects his understanding of the *current* status for components of the blowout preventer.  In short, Trahan and Kent both recorded their *current* understanding at or near the time TREX-03419 was created.  Indeed, Kent testified that his e-mail reflected his understanding that the rig's bonnets, pods, slip joints, connectors, and failsafe valves had all been serviced.  Depo. Tr. of James Kent at 59.

The document, as noted, is also excepted from the hearsay rule as a party admission by Transocean, under Rule 801(d)(2).

For the foregoing reasons, and for the reasons previously submitted, the PSC respectfully suggests that TREX-03419 is admissible.

Respectfully submitted,

JAMES PARKERSON ROY
STEPHEN J. HERMAN
*Plaintiffs' Liaison Counsel*

Enclosures (submitted *in camera*)

cc: Hon. Sally Shushan (*via* E-Mail)
    DEFENSE LIAISON COUNSEL  (*via* E-Mail)
    Mike Underhill, Esq. (*via* E-Mail)
    Hon. Luther Strange (*via* E-Mail)
    Mike O'Keefe (*via* E-Mail)

---

[6] *Wilander*, 887 F.2d at 91 (indicating that a business record is one that is regularly created by a company, as well as one that is retained and kept in the course of that business).