UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| IN RE: THE COMPLAINT AND | : | |
| PETITION OF TRITON ASSET | : | JURY TRIAL DEMANDED |
| LEASING GMBH, et al. | : | |
| | : | |
| **THIS DOCUMENT RELATES TO 10-** | : | |
| **2771** | : | |

. .  . .   . .  . .   . .  . .  . .   . .  . .   . .  . .   . .  . .  . .   . .  . .   . .  . .   . .  . .   . .  . .  . .

## ANSWER OF CROSS-DEFENDANT CAMERON INTERNATIONAL CORPORATION TO AMENDED CROSS-CLAIMS OF MOEX OFFSHORE 2007 LLC, TOGETHER WITH COUNTERCLAIMS AND CROSS-CLAIMS

Pursuant to the Federal Rules of Civil Procedure and Pretrial Order No. 11 in this proceeding, Cameron International Corporation ("Cameron") respectfully answers the Amended Cross-Claims of Third-Party Defendant MOEX Offshore 2007 LLC ("Cross-Claims"; Doc. 4385 in 10-MDL-2179), and files counterclaims against MOEX and cross-claims against other Third Party Defendants as Cross-Defendants, as follows:

### Jury Demand

Cameron demands trial by jury of all issues in this action so triable.

### Reservation of Right to Amend

Discovery is ongoing.   Cameron therefore reserves its right to amend this pleading.

-1-

1076165v.1

## Responding to Allegations in the Cross-Claims

To the extent that the allegations of the Cross-Claims are not expressly admitted below, Cameron lacks knowledge or information sufficient to form a belief about the truth of, and therefore denies, those allegations.

1.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1.

2.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2.

3.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3.

4.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6.

7.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7.

8.      Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8.

9.      Cameron admits the allegations in paragraph 9.

1076165v.1

10.     Although it denies that any of the cross-claims are validly based on admiralty or maritime law, Cameron admits the allegations in the first sentence of paragraph 10 on the basis of the allegations made in the Cross-Claims.  Cameron denies the allegations in the second sentence of paragraph 10.  In response to the third sentence of paragraph 10, Cameron admits only that venue over the underlying limitation action is proper in this District.  Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10.

11.     In response to paragraph 11 of the Complaint, Cameron incorporates by reference its answers (Docs. 2472 and 4114) to the referenced complaints.

12.     In response to paragraph 12, Cameron admits that a blowout of the Macondo well resulted in explosions and fires on the *Deepwater Horizon*; that the *Deepwater Horizon* was a mobile offshore drilling unit conducting deepwater offshore drilling and related activities for the purpose of ultimately producing hydrocarbon resources from the Macondo well on the outer Continental Shelf in the Gulf of Mexico; and that subsequent to the blowout of the Macondo well, the *Deepwater Horizon* sank and oil spilled from the Macondo well into the Gulf, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12.

13.     In response to paragraph 13, Cameron admits that the Macondo Well was located in Mississippi Canyon Block 252 in the Gulf of Mexico, and that in April 2010, BP Exploration was conducting operations on the Macondo Well as the designated Operator under a lease granted to it by the former Mineral Management Service, but lacks knowledge or

-3-

information sufficient to form a belief about the truth of the remaining allegations in paragraph 13.

14.     Cameron repeats its responses to paragraphs 1-13.

15.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

16.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 16.

17.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17.

18.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 18.

19.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19.

20.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 20.

21.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22.

23.     Cameron repeats its responses to paragraphs 1-22.

-4-

24.     Paragraph 24 is a qualifying statement that requires no response.

25.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.

26.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26.

27.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

28.     Cameron repeats its responses to paragraphs 1-27.

29.     Paragraph 29 is a qualifying statement that requires no response.

30.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30.

31.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31.

32.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

33.     Cameron repeats its responses to paragraphs 1-32.

34.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 34.

35.     Cameron admits the allegations in paragraph 35.

36.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

37.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

38.     Cameron repeats its responses to paragraphs 1-37.

39.     Cameron lacks knowledge or information sufficient to form a belief about the truth of allegations in paragraph 39.

40.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40.

41.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41.

42.     Cameron repeats its responses to paragraphs 1-41.

43.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43.

44.     Cameron denies the allegations in paragraph 44.

1076165v.1

45.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45.

46.     Cameron repeats its responses to paragraphs 1-45.

47.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47.

47.     Cameron repeats its responses to paragraphs 1-47.

49.     Cameron denies the allegations in paragraph 49.

50.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50.

51.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51.

52.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52.

53.     Cameron repeats its responses to paragraphs 1-52.

54.     Paragraph 54 is a qualifying statement that requires no response.

55.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

56.     Cameron denies the allegations in paragraph 56.

57.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 57.

58.     Cameron repeats its responses to paragraphs 1-57.

1076165v.1

59.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59.

60.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60.

61.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61.

62.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62.

63.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63.

64.     Cameron repeats its responses to paragraphs 1-63.

65.     Paragraph 65 is a qualifying statement that requires no response.

66.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 66.

67.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67.

68.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68.

69.     Cameron repeats its responses to paragraphs 1-68.

70.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70.

71.     Except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71.

72.     Cameron repeats its responses to paragraphs 1-71.

73.     Cameron denies the allegations in paragraph 73.

74.     Cameron denies the allegations in paragraph 74.

75.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 75.

76.     In response to paragraph 76, Cameron states that OPA speaks for itself.

77.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 77.

78.     Cameron repeats its responses to paragraphs 78.

79.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 79.

1076165v.1

80.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 80.

81.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 81.

82.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 82.

83.     Cameron repeats its responses to paragraphs 1-82.

84.     Paragraph 84 is a qualifying statement that requires no response.

85.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 85.

86.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 86.

87.     Cameron repeats its responses to paragraphs 87.

88.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 88.

89.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89.

90.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 90.

91.     Cameron repeats its responses to paragraphs 1-90.

92.     With respect to the BOP that was attached to the wellhead of the Macondo Well on April 20, 2010, Cameron states that, in accordance with design specifications required

-10-

by Vastar/BP and ordered by its customer R&B Falcon/Transocean, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally manufactured to R&B Falcon/Transocean in 2001, but denies the remaining allegations in paragraph 92.

93.     In response to paragraph 93, Cameron states that if the BOP had been properly maintained and properly operated prior to the blowout, explosions and fires that occurred the night of April 20, 2010, the BOP could have prevented the blowout, but denies the remaining allegations in paragraph 93.

94.     In response to paragraph 94, Cameron states that it manufactured certain but not all features of the BOP in use at the Macondo Well on April 20, 2010.

95.     Cameron denies the allegations in paragraph 95.

96.     Cameron denies the allegations in paragraph 96.

97.     Cameron denies the allegations in paragraph 97.

98.     Cameron denies the allegations in paragraph 98.

99.     Cameron denies the allegations in paragraph 99.

100.     Cameron repeats its responses to paragraphs 1-99.

101.     Cameron denies the allegations in paragraph 101.

102.     Cameron denies the allegations in paragraph 102.

103.     Cameron denies the allegations in paragraph 103.

104.     Cameron repeats its responses to paragraphs 1-103.

105.     Paragraph 105 is a qualifying statement that requires no response.

106.     Cameron denies the allegations in paragraph 106.

107.    Cameron denies the allegations in paragraph 107.

108.    Cameron denies the allegations in paragraph 108.

109.    Cameron denies the allegations in paragraph 190.

**Failure to State a Claim, Affirmative Defenses, Counterclaims and Cross-Claims**

110.    Cameron incorporates by reference the allegations, legal arguments, affirmative defenses and counterclaims and crossclaims stated in paragraphs 174-228 of its answer to the original cross-claim of MOEX (Doc. 2868).  In further support of its counterclaims and cross-claims, and except as alleged in paragraphs 29-87 of Document 412 in No. 10-2771, Cameron incorporates by reference the allegations in paragraphs 16-48 and 127-152 of the original cross-claim of MOEX (Doc. 2008).

**Demand for Judgment**

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1.    That Cross-Plaintiff MOEX Offshore 1007 LLC take nothing by its Cross-Claims;

2.    That Cameron recover indemnity from the Transocean Cross-Defendants for any liability that Cameron incurs under the Cross-Claims, including repayment of any amount paid by Cameron to resolve any such liability;

3.    That Cameron recover from the Transocean Cross-Defendants the attorneys' fees and other costs it incurs in defending the Cross-Claims;

-12-

4.      That Cameron recover from the Transocean Cross-Defendants its reasonable attorneys' fees and other costs incurred in enforcing their indemnity obligations under the MSA;

5.      That in the alternative, Cameron recover complete indemnity from the Counter-Defendants, the Transocean Cross-Defendants, BP America, BP E&P and Halliburton for any liability that Cameron incurs under the Cross-Claims on the ground that Cameron is not a negligent defendant;

6.      That in the event Cameron is held jointly liable with Counter-Defendant or any Cross-Defendant for damages covered by 33 U.S.C. § 2702(b), Cameron recover contribution from such Counter-Defendant and/or Cross-Defendants pursuant to the terms of 33 U.S.C. § 2709;

7.      That in the alternative, in the event Cameron is held jointly liable with Counter-Defendant or any Cross-Defendant for damages under general maritime or other law, Cameron be awarded contribution from such Counter-Defendants and/or Cross-Defendants under general maritime law or other law;

8.      That Cameron recover from Counter-Defendant and Cross-Defendants its costs of court in this action; and

1076165v.1

9.     That Cameron recover such other and further relief from the Counter-Defendant and Cross-Defendants to which it may show itself entitled.

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

and

*/s/ Phillip A. Wittmann*

Phillip A. Wittmann, 13625
    pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
    cbertaut@stonepigman.com
Keith B. Hall, 24444
    khall@stonepigman.com
Jared Davidson, 32419
    jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CROSS-DEFENDANT COUNTER-PLAINTIFF CAMERON INTERNATIONAL CORPORATION**

-14-

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Answer of Cross-Defendant Cameron International Corporation to Amended Cross-Claims of MOEX Offshore 2007 LLC, Together with Counterclaims and Cross-Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of November, 2011.

*/s/ Phillip A. Wittmann*
Phillip A. Wittmann

-15-