UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : | MDL NO. 2179 SECTION: J JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL CASES | : : : : | MAG. JUDGE SHUSHAN |

. .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .

**CAMERON'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO
OTHER PARTIES' MOTIONS RELATED TO MBI/JIT PROCEEDINGS**

Cameron International Corporation ("Cameron") respectfully submits this Memorandum in Support of its Response to Other Parties' Motions Related to MBI/JIT Proceedings.

## I.   INTRODUCTION

Multiple parties have now, in their filings, addressed a number of issues associated with admissibility of evidence related to the MBI/JIT proceedings:

- Plaintiffs sent the Court a letter regarding "Admissibility of MBI-Related Testimony and/or Reports" ("Plaintiffs' Letter," Docket #4340).

- BP filed briefing in support of its Motion *in Limine* to Preclude the Introduction into Evidence of the Joint Investigation Report and Testimony ("BP Motion," Docket # 4511)

- Transocean filed briefing in support of its Motion *in Limine* to Exclude All Parts of the Joint Investigation Team Report and All Testimony Given Before the Joint Investigation Team ("Transocean Motion," Docket #4519)

- Halliburton filed briefing in support of its Motion to Exclude the JIT Report of Investigation ("Halliburton Motion," Docket # 4522)

- Cameron filed briefing in support of its Motion *in Limine* to Exclude Evidence Regarding MBI Report ("Cameron Motion," Docket # 4520)

After reviewing all of the briefing submitted thus far, Cameron wishes to address some of the issues raised by other parties, and to clarify further Cameron's position regarding specific

types of evidence from the MBI/JIT proceedings. Specifically, in this Response, Cameron explains that:

1. DNV's Report is the result of part of the MBI/JIT investigation and is incorporated into the JIT Report. It is therefore inadmissible under § 6308.

2. Factual testimony and evidence from the MBI/JIT investigation may be used or admitted at trial if permitted under the Federal Rules of Evidence. However, all expert testimony and reports from the investigation are inadmissible and may not be used at trial.

## II.   ARGUMENT & AUTHORITIES

1. <u>The DNV Report, as part of the JIT Investigation and Report, is Not Admissible.</u>

As explained in the Cameron Motion (Docket # 4520), the JIT/MBI operated under the auspices of 46 U.S.C. §§ 6301 *et al.*, and so the resulting JIT Report is clearly inadmissible in this civil litigation. That conclusion is based on a straightforward reading of the relevant statute:

> ***Notwithstanding any other provision of law***, ***no part of a report of a marine casualty investigation*** <u>***conducted under section 6301***</u> of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, ***shall be admissible as evidence or subject to discovery in any civil or administrative proceedings*** . . . .

46 U.S.C. § 6308(a) (emphasis added). The USCG and BOEMRE issued a single report, after a single Joint Investigation convened pursuant to 46 U.S.C. § 6301. The entirety of that report, which includes both volumes with all appendices, is inadmissible under § 6308, which forbids use in a civil proceeding of "***any part***" of the report. Because the DNV Report is relied upon in, and is attached as an appendix to, the JIT Report, it may not be used at trial or admitted into evidence.

In the context of its ruling on Cameron's Motion to Compel, this Court made clear that the protections of § 6308 extend to the work of DNV:

> Cameron also contends that the order establishing the JIT did not establish DNV and other consultants as members of the JIT. ***The Court concurs with U.S. that in***

2

> *this instance the Section 6308 protection applies to the marine casualty investigation of the Deepwater Horizon as an activity and not to specific categories of personnel involved in the investigation.*
>
> Cameron urges that the deliberative process privilege does not apply to communications between DNV, a government consultant, and the JIT or internal communications within DNV. *The U.S. argues that, by virtue of its relationship with the government, DNV acted as an extension of the JIT. The Court agrees*, essentially for the reasons advanced by the U.S., that Section 6308 is not a deliberative process privilege.

(*See Order, Docket # 3071, p. 4* (emphasis added)**.**)  This Court has ruled that "DNV acted as an extension of the JIT," and so there is no basis for suggesting that the DNV Report, which is a constituent part of the inadmissible JIT Report, might be admissible. Just as the JIT's "findings of fact, opinions, recommendations, deliberations, or conclusion" are inadmissible, so too are the "findings of fact, opinions, recommendations, deliberations, or conclusions" of DNV, which "acted as an extension of the JIT."

> 2. Factual evidence – but not expert opinions -- from the MBI/JIT investigation may be used or admitted at trial.

The scope of materials within the scope of § 6308's prohibition is limited – only "findings of fact, opinions, recommendations, deliberations, [and] conclusions" are specifically mentioned as inadmissible.  Notably, § 6308 does not preclude the use at trial of purely factual information that would otherwise be admissible at trial, just because those facts were developed in an MBI proceeding.  For example, Judge Duval has permitted the use at trial of photographs despite the fact that the report in which they were contained was inadmissible under § 6308.  *In re Danos & Curole Marine Contractors, Inc.,* 278 F. Supp. 2d 783, 785 (E.D. La. 2003).  The Court noted that photographs were not "the type of conclusory items which [§ 6308] seeks to exclude."  *Id.*  Rather, the pictures were purely factual, "merely illustrate[d] the condition of the objects depicted," and were therefore admissible.

3

Cameron respectfully agrees with the Plaintiffs that Judge Duval interpreted § 6308 properly, and drew the proper line between ***admissible facts*** developed during an MBI proceeding and ***inadmissible opinions and conclusions*** resulting from that proceeding. ***(Plaintiffs' Letter, p. 2)***.  In this case, for example, otherwise admissible factual testimony from MBI witnesses and pictures taken or objective facts obtained by DNV are not rendered inadmissible by § 6308.  However, "expert" opinions (such as those elicited from, and offered by, DNV are not admissible.  While it has filed no recent briefing on the subject of JIT proceedings, the United States (which, of course, hired DNV in the first place) is taking the same position that Cameron advocates here.  On November 16, 2011, the United States presented for deposition its retained expert, Dr. Rory Davis.  ***(Exhibit A***, p. 8***)***.  Dr. Davis (who is not affiliated with DNV) was the lead author of a document entitled "Expert Report Deepwater Horizon Blowout Preventer Examination and Testing," submitted on behalf of the Department of Justice ("DOJ").  ***(Exhibit A***, pp. 10-11***)***.  In his report, Dr. Davis explained why, in his opinion, the DwH BOP did not seal the Macondo Well.  ***(Exhibit A***, p. 13***)***.  During the course of the deposition, Dr. Davis explained that he did rely upon the objective data from DNV's analysis, but not DNV's opinions: "In general, I use data that DNV obtained, and the activities at Michoud, I do not use their analysis or their opinions." ***(Exhibit A***, p. 68***)***.  Whenever questions were posed to Dr. Davis regarding the DNV Report, Ms. Michelle Delemarre of the DOJ invoked § 6308 and refused to let him answer.

> Q.    And does the finite element analysis that DNV performed support the conclusion that the drill pipe was offset at the time the blind shear rams are closed?
>
> MS. DELEMARRE:  I have to object to the question.  ***You're asking him to opine on a Report that falls within 6308.  I have to instruct him not to answer.***  If you wish to rephrase, I think you can do so without referencing the other thing.

4

*(Exhibit A*, p. 67*)*.

> Q.     You were aware, weren't you, at the time you wrote your initial Report that DNV had concluded that an upward force had bent the pipe in the BOP?
>
> MS. DELEMARRE:  Hang on.  Let me just state an objection for the record.  It's our position that *6308* pro -- *prohibits the use of DNV conclusions in this case*.

*(Exhibit A*, p. 151-52*)*.

 The approach taken by Dr. Davis and counsel for the United States, Cameron submits, mirrors that of Judge Duval in *Danos*, and is the appropriate means of handling DNV's Report: factual data from DNV is admissible, but analyses and opinions are not.

Cameron also agrees with the Plaintiffs that, if the Federal Rules of Evidence would permit the admission of factual testimony at trial, § 6308 does not alter that result.  *(Plaintiffs' Letter, p. 2-3)*. As examples, the MBI testimony of a given witness may be offered into evidence if it would be admissible: (1) as a prior statement under FED. R. EVID. 801(d)(1); (2) as an admission of a party opponent under FED. R. EVID. 801(d)(2); (3) as former testimony under FED. R. EVID. 804(b)(1); or (4) as a statement against interest under FED. R. EVID. 804(b)(3).

### III.     CONCLUSION & PRAYER

WHEREFORE, Cameron International Corporation prays for an order excluding the introduction at trial of any findings of fact, opinions, recommendations, deliberations or conclusions from the MBI Report, as well as any expert testimony and/or opinions from or referenced within the MBI Report.

1076298v.1

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com

BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

/s/ Phillip A. Wittmann
Phillip A. Wittmann, 13625
    pwittman@stonepigman.com
Carmelite M. Bertaut, 3054
    cbertaut@stonepigman.com
Keith B. Hall, 24444
    khall@stonepigman.com
Jared A. Davidson, 32419
    jdavidson@stonepigman.com

STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of November, 2011.

/s/ Phillip A. Wittmann

1076298v.1