UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG      MDL NO. 2179
"DEEPWATER HORIZON" in the
GULF OF MEXICO, on April 20, 2010     SECTION:   J

                                                                       JUDGE BARBIER

                                                                       MAGISTRATE JUDGE SHUSHAN

THIS DOCUMENT RELATES TO:
2:10-cv-03168

## Certain Claimants' Response to Motion to Establish Account and

## Reserve for Litigation Expenses

Daniel Barron, Douglas Brown, Christopher Choy, Yancy Keplinger, James Brent Mansfield, Terry Sellers, William Stoner and Dominique Ussin (Survivors) file this response to the PSC's motion requesting a set-aside of a portion of settlement proceeds for their eventual fee.

**Filing with the Gulf Coast Claims Facility ("GCCF") is Not the Same as Filing in Court .** The federal lawsuit is separate from the claims process in the GCCF.

http://www.oilspillcourtcase.com/ (PSC's Website) (last visited November 21, 2011) (emphasis in original). Through its website, the PSC acknowledges that its efforts to seek what will likely be the largest recovery in maritime history is separate from the GCCF. As a result, the GCCF should not get fees from GCCF settlements.

Moreover, for those, like the undersigned, who represent personal injury plaintiffs who were on the *Deepwater Horizon*, even if those persons settle outside of the GCCF,

the PSC should either receive no – or a nominal – fee because lawyers representing such persons have invested a substantial amount of time and money prosecuting those cases. Their posture is different than a typical mass tort case in which a plaintiff lawyer stockpiles cases, does little work, and the PSC does all the work for that lawyer.

## I.

## Factual Background

Survivors were on the *Deepwater Horizon*. Some were airlifted to hospitals. All were injured in the accident and have been under the care of multiple doctors.

They previously filed suit in Harris County, Texas state court. Those cases were removed and transferred to this Court. Motions to remand are pending.

## II.

## Argument

**I.     The PSC Should not get fees From Settlements with the GCCF.**

   A.     <u>The GCCF is Separate Avenue to Recover</u>.

As the GCCF website makes clear,[1] the Coast Guard designated BP as a "responsible party" under OPA. Even before litigation in this Court was fully organized, BP established a procedure for the payment or settlement of claims for costs and damages incurred as a result of the spill. Thereafter, the White House issued a press release announcing that (1) BP would replace its claims facility with a new and different claims facility, the GCCF, and (2) BP would establish a $20 billion escrow fund administered by

---

[1] http://gulfcoastclaimsfacility.com/faq#Q1 (last visited November 21, 2011).

Kenneth R. Feinberg. The GCCF and Mr. Feinberg exercise their own judgment with respect to the evaluation and payment of claims.

To state the obvious, the GCCF process exists irrespective of the massive litigation in this Court. Indeed, the PSC's website acknowledges this fact:

> **Filing with the Gulf Coast Claims Facility ("GCCF") is Not the Same as Filing in Court .** The federal lawsuit is separate from the claims process in the GCCF.

http://www.oilspillcourtcase.com/ (PSC's Website) (last visited November 21, 2011) (emphasis in original). The GCCF's existence provides litigants with a second avenue of recovery. This distinction was confirmed by this Court's order that recounted the PSC's position about making sure the GCCF fully discloses a person's rights in this Court. (Doc. 1098 at 3) (PSC requested that the GCCF "[a]ffirmatively advise claimants (on the website, Release, and in all communications) of the pendency of the MDL 2179 litigation, the availability of Short-Form Joinders (without the need of an attorney or the payment of a filing fee), and the existence of the Liability/Limitation/Test Case Trial in February 2012 in New Orleans").[2] The PSC also recognized that certain additional remedies may be available in this Court compared to the GCCF. (*Id.* at 4). Based on this reasoning, the Court ordered the GCCF to disclose that claimants can seek relief in this Court if they are not satisfied with the compensation offered by the GCCF. (*Id.* at 14) (GCCF must "[f]ully disclose to claimants their options under OPA if they do not accept a final payment, including filing a claim in the pending MDL 2179 litigation").

---

[2] http://www.gulfcoastclaimsfacility.com/EDLA_Order_in_MDL.PDF.

B.  Any Settlement or Judgment Will be Separate From the Remedies Available Through the GCCF.

By all estimations, the settlement that will ultimately resolve the tome of cases in this Court will be the largest in maritime history. Importantly, this settlement will be separate from the $20 billion dollar GCCF fund. More than likely, there will be direct settlement with attorneys, many on the PSC, who represent tens of thousands of those who were damaged by the spill. For others, there will be a mechanism separate from the GCCF set up to quantify a litigant's damages. This process and these settlements will have nothing to do with the work that has been done so far with the GCCF. If there is no settlement, the ultimate judgments will be separate from the relief available through the GCCF.

On its website, the PSC has drawn a distinction between with settlements through the GCCF versus litigation.

> The litigation provides a way for claimants to make a claim for damages and other relief against BP, Transocean, Halliburton and other Defendants *beyond what BP may or may not voluntarily pay through the GCCF*.

http://www.oilspillcourtcase.com/CommonlyAskedQuestions.aspx ("How is this different from the GCCF.") (emphasis added) (last visited November 21, 2011). It seems illogical to allow the PSC to emphasis alternative avenues of relief and still take a fee from an avenue that would exist even if no person or company had yet to file suit concerning the exposition and resulting spill.

These facts lead to a simple conclusion: the PSC should be compensated for cases that settle within the context of this lawsuit and should not be compensated for settlement

outside this Court – i.e., with the GCCF. In the lawsuit, they have retained experts, attended scores of depositions, and briefed a morass of legal issues. In the GCCF, they have done nothing but encourage the Court to oversee speech by the GCCF to ensure that claimants understand the distinction between the two avenues of recovery.

    C.    <u>If this Court Disagrees With the Foregoing, the PSC's Fees for Settlements Through the GCCF Should be Less Than Settlements Within this Litigation</u>.

The undersigned hesitates to make an alternative point because allowing the PSC to take any fee from settlements effectuated outside this litigation is neither reasonable nor logical. And sometimes, Courts are willing to baby split to find middle ground in legal positions even if one position seems more reasonable than the other. But if the Court disagrees with the notion that the PSC should not benefit from settlements with the GCCF, the PSC's fee from settlements effectuated through the GCCF should be nominal.

The reality is that apart from asking this Court to restrain speech by the GCCF, the 200,000+ lawyer hours spent prosecuting this case have not been used to keep the machinery of the GCCF going. Those lawyers have not evaluated claims for the GCCF or assisted claimants (except those they represent) through the GCCF process. They have effectively prosecuted this case that more than likely, will afford litigants with a separate avenue of recovery. Despite the PSC's position illustrated by statements on their website that the GCCF is separate from the PSC, if the Court is going to set aside a portion of recoveries with the GCCF, it should be no more than one percent.

**II.    There Should be no Recovery of Fees From Injury Cases.**

While it is not clear from its motion, the PSC may be seeking a recovery of fees associated with personal injury settlements.[3] Again, it is the Survivors' position that no fees should be taken if they choose to settle with the GCCF. But even if the Survivors choose not to settle with the GCCF and ultimately settle directly with the defendants, the Court should not allow the PSC to receive a fee, for three reasons.

First, the Survivor's counsel stand prepared to litigate and try to verdict their cases. Their lawsuit—premised on the Jones Act and general maritime law—was improperly removed by Cameron premised on the fact that their claims were not maritime related. The frivolity of that argument will not be fully debated here because it is amply briefed in pending motions to remand, but needless to say, this Court is sitting, for some claims, under Rule 9(h), Transocean filed a Rule 14 motion, which was granted, and men died and men and women were injured within the service of a vessel in navigation. This Court has already held that these claims are maritime related. The fact that the Court has chosen to not rule on those motions and remand them to state court does not change the fact that counsel stood and stands ready to fully litigate their cases.

Second, a Limitation proceeding is not a class action, as the PSC's website acknowledges. http://www.oilspillcourtcase.com/CommonlyAskedQuestions.aspx. It is through a class/mass action that the PSC is ordinarily afforded a fee. These are one-off cases.

---

[3] Many, many injury victims have already settled with the GCCF. To the undersigned's knowledge, the PSC did not seek any fees from those settlements. It does not make sense to take fees from those who settled later in the day after the physical and emotional injuries were better understood.

Third, consistent with the first point, undersigned counsel has invested hundreds of thousands of dollars prosecuting his cases, retaining experts, including one who attended many of the BOP inspections, attending depositions, and participating in every single Coast Guard hearing. These cases are unlike the typical mass or class action case. In pharmaceutical cases – or indeed, fisherman cases – the lawyer has little "skin in the game," invests very little time and money in the case, and instead, stockpiles cases hoping to take advantage of a future settlement. These facts are quite different because undersigned counsel has spent a great deal of money (that the PSC obviously was not obligated to pay), participated in various aspects of the case in anticipation of trying it some day, and stands and stood ready to take the case the distance.

Ultimately, the settlement of oil spills claims in this case will likely be the largest in maritime history and oil spill victims who chose not to seek recovery through the GCCF should have to pay a reasonable amount of fees. Due to the distinction between those claims and the Survivors' claims, the Court should not order that the Survivors share a portion of their recovery, if they settle outside of the GCCF, with the PSC. If the Court disagrees, the PSC's fee should be very nominal, no more than one percent.

### III. Generally, the PSC's Requested Fee is far too High.

Survivors have taken the position that no fee should be awarded to the PSC for settlements with the GCCF and for survivors of the casualty, even for settlements outside the context of the GCCF. Putting aside those arguments, even for the typical oil spill claimant who chooses not to settle with the GCCF, the PSC's fee should be far less than what is requested. That is because the anticipated settlement or value of those cases will

likely be the largest in maritime history. Historically, in cases in which PSCs have received a high percentage, they have mostly been in cases with "tricky liability" resulting in a small mass settlement.

This case is different. The Defendants have virtually stipulated to liability and more effort has been expended by Defendants to blame the other than to defend itself. The quantum of those that have been affected by the casualty and resulting spill far exceeds the typical mass or class action in which a PSC has been awarded fees. That means that in all probability that a recovery in this case will be enormous and a small amount of fees will fully compensate the PSC for their risks and efforts.

Because of these facts, for non-injured claims, the undersigned suggests that the PSC receive no more than 1.5 to 2 percent of any gross settlement.

Respectfully submitted,

**GORDON, ELIAS & SEELY, L.L.P.**

*R. Todd Elias*

R. Todd Elias
Federal:            21551
Texas Bar No.:      00787427
Steve Gordon
Texas Bar No. :     08207980
Jeff Seely
Texas Bar No.:      24033172
1811 Bering Drive, Suite 300
Houston, Texas  77057
Telephone:          713-668-9999
Facsimile:          713-668-1980

**CERTIFICATE OF SERVICE**

      I certify that the above and foregoing Amended Complaint will be served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in Accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 217, on this 21st day of November, 2011.

*R. Todd Elias*
R. Todd Elias