RECORDER'S MEMORANDUM
This instrument is of poor quality at the time of imaging

CAUSE NO. 2011-23589

| | | |
|---|---|---|
| NYOKA CURTIS, AS NEXT FRIEND OF TREAVOR RAY CURTIS, A MINOR | § § § | IN THE DISTRICT COURT |
| V. | § § | HARRIS COUNTY, TEXAS |
| BP EXPLORATION AND PRODUCTION, INC., BP, PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., AND HALLIBURTON ENERGY SERVICES, INC. | § § § § § § | 129TH JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
APR 20 2011
Time: _____
By: _____ Harris County, Texas
Deputy

## ORIGINAL PETITION IN INTERVENTION OF WYMAN E. WHEELER

COMES NOW WYMAN E. WHEELER, Intervenor in the above-styled and numbered cause, and pursuant to Tex. R. Civ. P. 60, files his Original Petition in Intervention, seeking to intervene as Plaintiff in the above-styled and numbered cause.

In support thereof, Intervenor, Wyman E. Wheeler, would show this Court as follows:

I.

Pursuant to Rules 190.1 and 190.4 of the TEXAS RULES OF CIVIL PROCEDURE, Intervenor intends to conduct discovery under Level 3.

II.

Defendant BP EXPLORATION AND PRODUCTION, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, C. T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

Defendant BP, PLC is a foreign corporation duly licensed to do business in the State of Texas and is doing business in the State.

Defendant BP AMERICA, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, C. T. Corporation

-1-

**EXHIBIT 2**

Page 1 of 8

System, 350 North St. Paul St., Dallas, Texas 75201.

Defendant BP PRODUCTS NORTH AMERICA, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, Prentice Hall Corp. System, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

Defendant HALLIBURTON ENERGY SERVICES, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, C.T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

III.

Venue in this case is proper in Harris County, Texas because Defendants, BP EXPLORATION AND PRODUCTION, INC. and HALLIBURTON ENERGY SERVICES, INC., have their principal places of business in Harris County, Texas.

Furthermore, venue is proper under the provisions of Section 15.005 of the Texas Civil Practice & Remedies Code because there are two or more parties joined as Defendants and this cause of action is a joint and indivisible cause. The causes of action arise out of the same transaction, occurrence, or series of transactions or occurrences. The causes of action are so intimately connected as to justify the joinder of these Defendants in the suit and are so intimately connected that they need to be joined to avoid a multiplicity of suits.

Additionally, Intervenor specifically invokes his rights under Tex. Civ. Prac. & Rem. Code § 71.031, which is commonly known as the "open forum" provision, and chooses to maintain this action in the state district courts of Texas.

-2-

**EXHIBIT 2**
Page 2 of 8

## IV.

### THE ORIGINAL LAWSUIT

Plaintiffs sued Defendants, BP EXPLORATION AND PRODUCTION, INC., BP, PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., AND HALLIBURTON ENERGY SERVICES, INC., for damages arising from an explosion and fire that occurred on the MODU, *Deepwater Horizon*, on April 20, 2010. On that date, Plaintiffs' decedent, Stephen Ray Curtis, was killed. Wyman E. Wheeler, Intervenor, herein, was seriously injured during the events which caused Curtis' death.

## V.

A party may intervene as a plaintiff if he is asserting a claim which arises from the same transaction or occurrence and has a common question of law or fact with the original claim. Tex. R. Civ. P. 40; see also *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990); *E & B Carpet Mills v. State*, 776 S.W.2d 286, 290 (Tex. App. -- Austin 1989, writ dism'd).

## VI.

It has become necessary to bring this suit by reason of serious and permanent injuries sustained by Wyman E. Wheeler on or about April 20, 2010. At the time of the injuries made the basis of this suit, Intervenor was aboard the MODU, *Deepwater Horizon*, as a member of the crew and was so aboard the vessel working in the course and scope of his employment at the time of his injuries. This suit is, therefore, instituted under and controlled by the terms and provisions of Title 46, United States Code Annotated, Section 30104 and following, commonly referred to as the "Jones Act," incorporating the Federal Employers' Liability Act, and under general maritime law.

# EXHIBIT 2

Accordingly, Wyman E. Wheeler was a seaman employed by the operator of the *Deepwater Horizon* or BP Exploration and Production, Inc. Intervenor would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries. To the contrary, the occurrence in which Intervenor was injured was proximately caused by the negligence, as that term is understood in law, by Defendants, their agents, servants and employees, who were acting in the course and scope of their employment for the Defendants at all times material to this action.

## VII.

The BP Defendants were negligent and grossly negligent in the following particulars:

1) failing to provide a safe place to work;

2) rushing the drilling operation to save money;

3) use of improper well control services;

4) utilizing improper material to control the pressure in the well;

5) failing to use the proper weight and type of drilling mud to control the pressure in the well and prevent a blowout and explosion;

6) continuing drilling operations once they knew or should have known that a blowout would occur;

7) failing to heed warnings from other contractors of the dangers involved with use of the well control materials that BP chose to use in the critical hours before the blowout;

8) misinterpreting the results of the negative pressure test;

9) participation in improper cement design, testing, quality assurance and risk assessment;

10) other acts of negligence.

-4-

# EXHIBIT 2

The Halliburton Defendant was negligent and grossly negligent in the following particulars:

1) failing to design an appropriate cement plan for the well;

2) failing to properly execute and confirm a successful cement job;

3) failing to critically and properly assess problems with foam stability contamination and fluid loss potential prior to the job;

4) failing to fully test the cement slurry prior to execution of the job;

5) other acts of negligence.

## VIII.

Defendants owed to Intervenor a duty to furnish him a safe place to work and a seaworthy vessel, and as applied to Intervenor, Defendants failed in those respects and such unseaworthiness of MODU, *Deepwater Horizon*, caused and resulted in the injuries and damages sustained by Intervenor. These conditions were brought about and caused by Defendants. The conditions created by the negligent and grossly negligent conduct set forth in paragraph VII rendered the vessel unseaworthy, and those allegations are incorporated by reference herein as if set forth verbatim. The negligent and grossly negligent conduct of Defendants were not isolated acts and omissions, but were pervasive and repeated frequently during the drilling of the well and, as such, resulted in an improper method of operation. Intervenor alleges further that Defendants engaged in improper and unreasonable dangerous methods of operation in drilling the well, and their conduct created conditions that rendered the MODU, *Deepwater Horizon*, unseaworthy and resulted in Intervenor's injuries.

## IX.

Intervenor would show that the above-described incident was proximately caused by the aforementioned negligence and gross negligence of Defendants. Defendants breached their legal duties and such breach caused the injuries and damages to Intervenor.

Intervenor would show that Defendants were negligent through acts and omissions, jointly and severally, by and through agents, servants, and/or employees, acting in the course and scope of their respective employments, individually and/or collectively.

## X.

In the occurrence made the basis of this suit, Intervenor sustained severe bodily injuries. By reason of these injuries and the damages flowing in law therefrom this suit is maintained. Because of the nature and severity of the injuries sustained, Intervenor has sustained physical pain and mental anguish and in reasonable probability he will continue to suffer physical pain and mental anguish in the future. At the time of the occurrence made the basis of this suit, Intervenor was a healthy, able-bodied working man. He has and will suffer physical impairment and disfigurement. Because of the occurrence in question, Intervenor has sustained very painful and disabling physical injuries that have caused him to sustain a loss of earnings and wage earning capacity and household services in the past and this condition will exist into the future. Because of the nature and severity of the injuries he sustained, Intervenor has required medical treatment in the past and in reasonable probability will require other and additional medical treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

# EXHIBIT 2

## XI.

Intervenor incorporates by reference the allegations in paragraph VII and VIII above as if set forth verbatim herein. These allegations demonstrate that Defendants acted with conscious disregard and indifference to the rights, welfare and safety of the men aboard the *Deepwater Horizon*, including Wyman E. Wheeler, Intervenor. As a result, Intervenor is entitled to punitive damages in an amount to be assessed by the trier of fact.

## XII.

Intervenor would additionally say and show that he is entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of his damages herein and Intervenor here and now sue specifically for recovery of pre-judgment and post-judgment interest as provided by law.

WHEREFORE, PREMISES CONSIDERED, Wyman E. Wheeler, Intervenor, prays that Defendants be cited to appear and answer herein, that upon final trial and hearing hereof Plaintiff recover his damages in accordance with the evidence, that he recover costs of Court herein, interest to which he is entitled under law, and for such other and further relief, general and special, legal and equitable to which he may show himself justly entitled.

Respectfully submitted,

**HORTMAN HARLOW BASSI
ROBINSON & McDANIEL, PLLC**

By: _____
CHRISTOPHER B. McDANIEL
Texas Bar No.24075440
Post Office Drawer 1409
Laurel, Mississippi 39441
(601) 649- 8611
(601) 649-6062 (fax)
E-Mail: cmcdaniel@hortmanharlow.com

**ATTORNEYS FOR INTERVENOR**

-8-

# EXHIBIT 2

Page 8 of 8