UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * MDL NO. 2179 <br> * <br> * SECTION J <br> * <br> * JUDGE BARBIER |
| THIS DOCUMENT RELATES TO: | | * <br> * MAG. JUDGE SUSHAN |
| IN RE: TRITON ASSET LEASING, GmbH Case No. 2:10-cv-2771-CJB-SS, 2:11-CV-00893 and 2:11-CV-00895 | | * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### JEFFERSON ENTITIES' OPPOSITION TO PSC'S MOTION TO ESTABLISH ACCOUNT AND RESERVE FOR LITIGATION EXPENSES

NOW INTO COURT, through undersigned counsel, come the Parish of Jefferson, Jefferson Parish Service Districts and Political Subdivisions (a complete list is attached hereto as Exhibit "A"), City of Kenner, Town of Grand Isle, Grand Isle Independent Levee District, Town of Jean Lafitte, Lafitte Area Independent Levee District, City of Gretna, City of Westwego and City of Harahan (collectively referred to as "Jefferson Entities") who adopt the argument and opposition of the Plaquemines Parish Government and the Port of Plaquemines Parish and file this opposition to the PSC's motion to establish account and reserve for litigation expenses for the following reasons, to-wit:

### INTRODUCTION

A six percent (6%) across-the-board assessment against the gross amount of all settlements, judgments or other payments to be placed in a common benefit fund that is being sought by the Plaintiffs' Steering Committee (PSC) is not a fair or just assessment, particularly for the government entities involved in this litigation. First, the pre-trial work of the PSC has not

and will not benefit the Jefferson Entities in litigating their claims and damages. Second, counsel for the Jefferson Entities does not have the authority to agree or consent to any contribution or set aside to a common benefit fund without prior authorization from the respective governing authorities. Third, the PSC's request is premature and overly broad given the disparate nature and posture of the claims at this time in the litigation.

## ARGUMENT

### I. The PSC's Proposed 6% Assessment is Inequitable

#### A. Jefferson Entities' Claims Almost Exclusively Fall Under OPA's Strict Liability

The Jefferson Entities have contracted with the two undersigned law firms to represent them in this matter for damages sustained as a result of the blow out and subsequent oil spill. Both law firms have until this point and will continue to advance all costs and expenses incurred in this matter. All of the Jefferson Entities' claims largely arise under the Oil Pollution Act of 1990 ("OPA") which provides for strict liability against the designated Responsible Party(ies). 33 U.S.C. § 2701, *et seq.* As a result of the strict liability nature, the claims of the Jefferson Entities almost exclusively entail establishing and quantifying their damages.

Both law firms hired herein have already and will continue to hire independent experts to establish and quantify their clients' damages. The billable hours incurred thus far are extensive and both law firms anticipate that they will incur significant costs and man hours in representation of the Jefferson Entities. The Jefferson Entities have and will continue to rely on their own efforts and resources in establishing and quantifying their damages. The PSC has not and will not be involved in the hiring of these experts in this matter, nor will the PSC incur any billable hours or other costs related to establishing Jefferson Entities' damages.

2

Furthermore, the PSC's efforts thus far in the litigation, including proving negligence, assigning liability, and establishing causes of the blow out and discharge of the oil, have not inured to the benefit of Jefferson. The common benefit fund simply is not equitable where the Jefferson Entities will benefit from the PSC's work and where the PSC has not shown how its efforts have benefited the Jefferson Entities. Absent any showing by the PSC, the request for a six percent (6%) across-the-board set aside is premature and should be denied.

Moreover, the damages sought by the Jefferson Entities are *sui generous* and complex, including, but not limited to damages to facilities, roads, infrastructure, land loss due to accelerated coastal erosion, increased burden and cost of flood control, dedication of the government resources to the spill response, delay in other parish projects, increased cost of insurance and borrowing, and stigma damages including impact on tourism, the seafood industry and the economic development of the area. Calculation of those damages will be exclusively performed by the experts hired by the Jefferson Entities. The work of the PSC does lend itself to the calculation of the damages of the Jefferson Entities.

The focus of the PSC in the litigation thus far has been on the cause of the blow out and the liability of the defendants involved. The PSC has not made a showing how its efforts in that regard will benefit the Jefferson Entities and, therefore, the PSC's motion should be denied in law and in fact.

## II. Jefferson Entities Lack Authority to Agree to a Set Aside Without Proper Authorization from the Respective Governing Authorities.

The Jefferson Entities lack the authority to consent to any contribution or set aside to a common benefit fund to the PSC without prior authorization from the respective governing authorities, whether the power is vested to the Parish President, Parish Councils, the Mayors or

3

the City Councils. Here, there has been no opportunity for any the government entities to consider, much less approve such a set aside. Therefore, the Jefferson Entities must oppose the PSC's request.

### III. The PSC's Motion and Proposed Order is Premature, Vague and Overly Broad.

The Jefferson Entities adopt the law and argument presented in Plaquemines Parish's section titled the same.

### CONCLUSION

For the above and foregoing reasons, a six percent (6%) across-the-board set aside on the gross amount of any and all settlements, judgments or other payments to the Jefferson Entities is inequitable. The PSC has made no showing how these government entities will benefit from their pre-trial work. The PSC's Motion to Establish Account and Reserve for Litigation Expenses should not be denied, and if not denied outright, it should be deferred as it pertains to these government entities until there is a showing by the PSC that these parties have benefitted from their work, at which time the Court should determine the amount, if any, of such a holdback.

November 21, 2011                     Respectfully submitted,

**COLVIN LAW FIRM**
A Professional Law Company

_____
**DAVID L. COLVIN**, La. Bar #4353, Trial Attorney
230 Huey P. Long Avenue
Gretna, LA 70053
Telephone: (504) 367-9001
Facsimile: (504) 367-0650
Email: davec@dcolvinlaw.com

Attorney for the Plaintiffs, Town of Grand Isle, Grand Isle Independent Levee District, Town of Jean Lafitte, Lafitte Area Independent Levee District, City of Gretna, City of Westwego and City of Harahan

AND

s/ Daryl A. Higgins
**DARYL A. HIGGINS (#06868)**
**GAUDRY, RANSON, HIGGINS &**
**GREMILLION, LLC**
Oakwood Corporate Center
401 Whitney Avenue, Suite 50
Gretna, Louisiana 70056
Telephone: (504) 362-2466
Fax: (504) 362-5938
Email: dhiggins@grhg.net
Attorney for Plaintiffs, Parish of Jefferson, Jefferson Parish Service Districts and Political Subdivisions (See Exhibit "A" attached hereto for complete list), and City of Kenner

## CERTIFICATE OF SERVICE

I hereby certify that on November 21st, 2011, I electronically filed the foregoing Motion with the Clerk of Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF System, and provided notice by and through LexisNexis to all counsel of record.

David L. Colvin