UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig  "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179  SECTION: J |
| Applies to: *Pleading Bundle C.* | * * | JUDGE BARBIER |
| Applies to:  No. 10-2771 | * * | MAGISTRATE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN OPPOSITION OF PLAQUEMINES PARISH GOVERNMENT AND THE PORT OF PLAQUEMINES PARISH TO PSC'S MOTION TO ESTABLISH A COURT SUPERVISED ACCOUNT AND RESERVE FOR COMMON BENEFIT LITIGATION EXPENSES**

**NOW INTO COURT,** through undersigned counsel, come Plaquemines Parish, a political subdivision of the State of Louisiana and the Port of Plaquemines Parish (Plaquemines Parish and the Port of Plaquemines Parish collectively referred to herein as "Plaquemines Parish"), who submit this Opposition to the PSC's motion to establish a court-supervised account and reserve for common benefit litigation expenses.

Plaquemines Parish objects to the PSC's request that six percent (6%) be secured from the gross amount of all settlements, judgments or payments obtained from any Defendant in this matter because:  (1) the sequestration of settlement and/or judgment proceeds that may be received by Plaquemines Parish is improper given the fact that the PSC has made no showing

{N0529958 -}

that its pre-trial work will provide any benefit whatsoever to Plaquemines Parish; (2) Counsel for Plaquemines Parish lack the authority to consent to any contribution or set aside to the common benefit fund without the prior authorization of the President of Plaquemines Parish and the approval of the Parish Council and, due to the hasty scheduling of this Motion by the PSC, consent cannot be obtained in the limited time provided; and (3) the PSC's request is premature and overly broad given the disparate nature and posture of the claims resulting from the *Deepwater Horizon* disaster.

## ARGUMENT

**I.     The PSC's proposed 6% sequestration is inequitable because the PSC has made no showing that its work will provide any benefit to Plaquemines Parish.**

**A.     Plaquemines Parish's Claims Fall Under OPA's Strict Liability Regime**

In connection with its claims, Plaquemines Parish contracted with two separate law firms to represent it in this matter (the "Retained Counsel"). The Retained Counsel is obliged to advance all costs and expenses for experts to evaluate and quantify the claims of Plaquemines Parish. Since Plaquemines Parish was the most severely impacted parish or county as a result of the BP Spill, Plaquemines Parish, for strategic and other reasons, will be retaining its own experts to present its claims and the damages it has and will sustain as a result of the BP Spill.

The lion's share of Plaquemines Parish's claims resulting from the *Deepwater Horizon* disaster arise under the Oil Pollution Act ("OPA"), which provides for strict liability against the designated responsible parties (the "Responsible Parties"). 33 U.S.C. § 2701, *et seq.* Due to the strict liability nature of the statute, Plaquemines Parish's principal task will be to establish and quantify the damages it has and will sustain as a result of the acts or omissions of the Responsible Parties. Plaquemines Parish's Retained Counsel has been and will continue to be the laboring oar in this endeavor.

Retained Counsel anticipates that it will incur significant costs and man hours in its representation of Plaquemines Parish. Retained Counsel has already expended several hundred thousand dollars worth of billable hours in this litigation and approximately $100,000 of fees and costs. Plaquemines Parish is relying exclusively on its own efforts and resources to establish and quantify damages through the employment of numerous independent experts, including, but not limited to, experts in economics, accounting, marine biology, oceanography, coastal restoration, tourism and flood protection.

The cases cited by the PSC supporting a 6% "holdback" are easily distinguishable from Plaquemines Parish's strict liability claims in this MDL. The cases cited by the PSC primarily are mass personal injury or products liability MDLs where claimants rely significantly upon the discovery work of the steering committee to develop evidence establishing liability and regarding the causal relationship between a product or event and the development of injury. *See, In re Vioxx Prods Liab. Litig.* (MDL No. 1657), 760 F.Supp.2d 640 (E.D. La. 2010); *In re Zyprexa Prod. Liab. Litig.,* (MDL No. 1596), 467 F. Supp.2d 256 (E.D. N.Y. 2006); *In re Diet Drugs Prods. Liab. Litig.*(MDL No. 1203), 369 F.3d 306 (3d Cir. 2002). Significantly, none of the cases cited by the PSC involves the application of a strict liability statute such as OPA and, therefore, provide no support for withholding any portions of any settlement or judgment Plaquemines Parish may ultimately recover in this matter.

PSC's ongoing efforts to prove negligence, assign liability among the various defendants, and establish a cause or causes for the blow out and subsequent discharge of oil do not inure to the "benefit" of Plaquemines Parish. The PSC has not indicated how any of its efforts will bestow any particular benefit to Plaquemines Parish in proving its damages. Simply put, the PSC's common benefit work to establish liability for general maritime law purposes is of no

benefit to Plaquemines Parish's OPA claims because the liability of the Responsible Parties is already established by OPA.

Further, the damages sought by Plaquemines Parish are *sui generous* and complex. The work of the PSC does not lend itself to a calculation of the unique damages of Plaquemines Parish, which, *inter alia*, include damages to Plaquemines Parish facilities, roads, infrastructure, land loss due to accelerated coastal erosion, increased burden and cost of flood control, the affect of the fresh water diversion on Plaquemines Parish properties and income streams, dedication of Plaquemines Parish resources (personnel, facilities) to spill response, delay on ongoing restoration projects and parish infrastructure projects, increased cost of insurance and borrowing, and stigma damages which impact both tourism and future economic development in Plaquemines Parish.

With all due respect to the work of the PSC, which has been focused almost exclusively on determining the cause of the DEEPWATER HORIZON disaster, the PSC has made no showing whatsoever that its efforts will provide any value or benefit to Plaquemines Parish. Absent any such showing, the PSC's Motion has no basis in law or in fact.

**II.    Plaquemines Parish lacks the authority to agree to a set aside without proper authorization pursuant to the Parish Charter.**

Retained Counsel for Plaquemines Parish lacks the authority to consent to any contribution or set aside to the common benefit fund to the PSC without the prior authorization of the President of Plaquemines Parish and the approval of the Parish Council. Pursuant to Section 5.02 (A) of the Plaquemines Parish Charter, the Parish President is vested with the Power to employ special counsel with the approval of the Parish Council. Compensation for services rendered is likewise subject to the approval of the President and Parish Council. *See*, Plaquemines Parish Charter, Section 5.02(D) (attached as Exhibit "A").

Due to the hasty scheduling of the PSC's Motion, Retained Counsel has only been given eleven (11) days to prepare a reply. Under these circumstances, it has not been possible for Retained Counsel to review the PSC's Motion with the President or meet with Parish Council to obtain their advices, let alone for the matter to be placed upon the Parish Council agenda for a vote. Therefore, as a practical matter, Retained Counsel must oppose the PSC's Motion.

### III.    The PSC's Motion and Proposed Order is premature, vague and overly broad.

The PSC's Motion and proposed Order is deficient because it is premature, vague and overly broad. As noted in the argument in Part I, any holdback is inappropriate until the PSC has made a showing that its work product will provide a benefit to Plaquemines Parish. At a minimum, the PSC's Motion is premature and this Court should defer a ruling on the Motion until a showing has been made by the PSC that it has provided a benefit to Plaquemines Parish and, only then, a determination made by this Court as to what is an equitable amount, if any, to withhold.

The PSC's Motion and proposed Order are impermissibly vague and overly broad. As an initial matter, the PSC's proposed Order does not specify how the sequestered amount is to be assessed between retained counsel and claimants. Typically, a holdback will specify a percentage of costs assessed to the client and a percentage assessed to counsel as fees. *See e.g., In re Vioxx Prods. Liab. Litig., supra.* The PSC does not address the issue and, instead, suggests that it be put off until an unspecified date somewhere down the road. As to Plaquemines Parish at least, the PSC has put the cart before the horse. If and when it establishes that it has provided some benefit to Plaquemines Parish, these issues can be timely addressed by this Court.

The PSC's proposed Order is also improper in that it seeks to have Defendants withhold 6% of the gross settlements, judgments or other payments made to "any other plaintiff, putative

class member or other claimant, arising out of the Macondo/*Deepwater Horizon* disaster*"*.[1] As such, the PSC requests that this Court order parties and non-parties alike to contribute to the common benefit fund. For instance, under the PSC's proposal, claimants seeking a direct settlement through the GCCF and those with claims not transferred and pending in various state courts will be required to contribute to the common benefit fund in this MDL upon reaching settlement or judgment.[2] Plaquemines Parish suggests that such an Order overreaches and would be in contravention of established precedent concerning the ability of a court to reach non-parties and, therefore, must be rejected.

The seminal case on this issue is *In re Showa Denko K.K. L–Tryptophan Prod. Liab. Litig.,* 953 F.2d 162, 166 (4th Cir.1992) where the Fourth Circuit struck the portion of the MDL judge's order that provided that plaintiffs' expense fund assessments applied not only to cases already included in the MDL, but also to "actions venued in state courts, untransferred federal cases, and unfiled claims in which any MDL defendant is a party or payor." *Id.* at 164. The court found that "[c]laimants who have not sued and plaintiffs in state and untransferred federal cases have not voluntarily entered the litigation before the district court nor have they been brought in by process. The district court simply has no power to extend the obligations of its order to them." *Id.* at 166.[3] Should Plaquemines Parish settle with BP based upon its statutory presentment of

---

[1]    *See* PSC's proposed Order Establishing a Court-Supervised Account and Reserve For Common Benefit Litigation Expenses, p. 1. (Doc. 4507-2).

[2]    The PSC contends it benefits non-parties seeking settlement with the GCCF through its pursuit of claims regarding Mr. Feinberg relating to his alleged independence from BP and its "monitoring" of the GCCF process. *See,* PSC's Status Report and Memorandum in Support to Establish Account and Reserve for Litigation Expenses, p. 6. (Doc. 4507-1). This argument, however, fails to address the issue of the Court extending jurisdiction over non-parties.

[3]    *See also, In re Genetically Modified Rice Litig.,* (MDL 1811), 2010 WL 716190 (E.D. Mo. 2010) (finding that court did not have jurisdiction over non-transferred state court cases to require a hold back and contribution to PSC); *In re Baycol Prods. Litig.* (MDL 1431), 2004 WL 1058105 (D. Minn. 2004) (rejecting PSC's request to sequester 6% from non-parties who settled claims without filing suit against defendant); *In re Linerboard Antitrust*

damages, without any meaningful participation in this MDL, then Plaquemines Parish's situation would mirror those parties that have not already voluntarily entered into the litigation process before the District Court.

## **CONCLUSION**

The PSC's Motion must be denied because it calls for an inappropriate and impermissible sequestration of potential settlement, judgment or payment amounts that Plaquemines Parish may receive as a result of damages sustained in the BP Spill.  Indeed, the PSC has made no specific assertions, much less shown, that its efforts will provide any benefit to Plaquemines Parish whose claim is premised, largely, if not totally, on strict liability imposed by OPA.  The Retained Counsel is performing and will continue to perform all of the tasks necessary to fully and properly represent Plaquemines Parish.  At a bare minimum, a holdback with respect to Plaquemines Parish is premature and should be deferred until the PSC has made a demonstrable showing that it has provided any benefit to Plaquemines Parish at which time this Court could determine the amount, if any, of such a holdback.

Respectfully submitted,

PLAQUEMINES PARISH GOVERNMENT
Stephen C. Braud (#3412)
Parish Attorney
Michael L. Mullin (#9819)
Assistant Parish Attorney
8056 Hwy 23, Suite 300
Belle Chase, Louisiana 70037
Telephone:  (504) 297-5311
Facsimile:  (504) 297-5697

and

---

*Litig.*(MDL 1431), 292 F.Supp.2d 644, 664 (E.D. Pa. 2003)(rejecting PSC's request to sequester funds from settlements and recoveries in non-transferred cases).

/s Michael Vincenzo
HENRY A. KING, TA (#7393)
MICHAEL L. VINCENZO (#23965)
ERIC E. JARRELL  (#16982)
KING, KREBS & JURGENS, P.L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone:  (504) 582-3800
Facsimile:  (504) 582-1233
E-mail:  hking@kingkrebs.com

and

/s Scott R. Bickford
SCOTT R. BICKFORD (T.A. #1165)
LAWRENCE J. CENTOLA III (#27402)
NEIL F. NAZARETH (#28969)
usdcedla@mbfirm.com
338 Lafayette Street
New Orleans, Louisiana  70130
Telephone:  (504) 581-9065
Fax:  (504) 581-7635
E-mail:  hking@kingkrebs.com

and

**DAVID L. LANDRY (#7978)**
**The Law Office of David L. Landry**
1214 Parasol Place
Pensacola, Florida  32507
Telephone:  (850) 492-7240

Of Counsel,
Plaquemines Parish Government

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the above and foregoing has been served on all counsel by electronically uploading same on Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM / ECF System this 21st day of November, 2011.

                                                  /s Michael Vincenzo_____