UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010<br><br>Applies to:<br><br>2-10-cv-02771<br>2-10-cv-04536 | § § § § § § § § § § § § § | MDL No. 2179<br><br>Section J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

### DEFENDANT M-I L.L.C.'S OPPOSITION TO TRANSOCEAN'S MOTION FOR LEAVE TO FILE ITS SURREPLY IN OPPOSITION TO M-I L.L.C.'S MOTIONS TO DISMISS TRANSOCEAN'S CROSS-CLAIMS/ COUNTERCLAIMS AND THIRD PARTY CLAIMS

Transocean seeks leave to file a surreply regarding M-I's motions to dismiss Transocean's cross-claims/counterclaims and third-party claims. Because Transocean has shown no compelling reason for granting the motion, it should be denied.

"Surreplies are heavily disfavored." *Weems v. Hodnett*, No. 10-CV-1452, 2011 WL 2731236, at *1 (W.D. La. July 13, 2011); *Nijjar v. Schott (In re Schott)*, Nos. 10-54276, 11-05030, 2011 WL 3862026, at *13 (Bankr. W.D. Tex. Aug. 30, 2011). This is because they "usually just repeat[] arguments from the memorandum in opposition" and "often amount to little more than a strategic effort by the nonmovant to have the last word on a matter." *Weems*, 2011 WL 2731263, at *1. Therefore, the party seeking to file a surreply must demonstrate a compelling justification, such as the need to respond to a new argument or theory raised the first time in the movant's reply. *Id.*; *see also Schott*, 2011 WL 3862026, at *13.

No compelling grounds warrant a surreply here. Transocean implies that M-I raised new legal arguments in its reply, but that is incorrect. In its motions to dismiss, M-I asserted two

grounds for dismissing Transocean's claim for breach of the warranty of workmanlike performance: Transocean had no contract with M-I to provide services, and Transocean did not plead it was a third-party beneficiary of the M-I/BP contract. In its reply, M-I restated those two grounds and then distinguished in detail the two cases Transocean cited in its opposition. M-I was not required to somehow anticipate that Transocean would cite these two cases and distinguish them in its opening motions. That is the function of a reply.

Further briefing on these motions is not needed. Transocean's surreply does nothing more than elaborate on the argument made in its opposition. Transocean has shown no reason why these arguments could not have been included in its opposition. The length of M-I's reply compared to its motions is irrelevant. M-I did not exceed the page limit in its reply, and it appropriately responded to Transocean's opposition arguments.

For these reasons, the Court should deny Transocean's motion for leave to file a surreply. *See Schott*, 2011 WL 3862026, at *13 (striking surreply where no explanation given for not making surreply arguments earlier); *Berkman v. City of Keene*, Civil Action No. 3:10-CV-2378-B, 2011 WL 3268214, at *5 (N.D. Tex. July 29, 2011) (denying motion for leave to file surreply where reply brief did not raise new issues but merely responded to issues in opposition).

In the alternative, if the Court grants Transocean's motion, M-I requests an opportunity to respond to Transocean's surreply. As the moving party, M-I is entitled to have the final say in presenting its motion to the Court and responding to arguments against its motion. *See Schott*, 2011 WL 3862026, at *13; *Weems*, 2011 WL 2731263, at *1.

## CONCLUSION

For the foregoing reasons, the Court should deny Transocean's motion for leave to file a surreply. In the alternative, if the Court allows Transocean to file a surreply, M-I requests on opportunity to file a responsive brief.

November 21, 2011                                  Respectfully submitted,


**OF COUNSEL:**                                    MORGAN, LEWIS & BOCKIUS LLP
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon                                      By:  /s/ *Hugh E. Tanner*
dleon@morganlewis.com.                                   Hugh E. Tanner
Texas Bar No. 24002463                                   htanner@morganlewis.com
5300 Wachovia Financial Center                           Texas Bar No. 19637400
200 South Biscayne Boulevard                             1000 Louisiana, Suite 4000
Miami, Florida  33131                                    Houston, Texas  77002
Telephone:     (305) 415-3000                            Telephone:     (713) 890-5000
Facsimile:     (305) 415-3001                            Facsimile:     (713) 890-5001

Denise Scofield
dscofield@morganlewis.com                          **ATTORNEY FOR DEFENDANT**
Texas Bar No. 00784934                             **M-I L.L.C.**
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:     (713) 890-5000
Facsimile:     (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendant M-I L.L.C.'s Opposition to Motion for Leave to File Its Sur-Reply in Opposition to M-I L.L.C.'s Motions to Dismiss Transocean's Cross-Claims/Counterclaims and Third Party Claims has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 21st day of November, 2011.

/s/ *Hugh E. Tanner*

Hugh E. Tanner