**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179  CIVIL ACTION NO. 2:10-MD-02179 |
| SECTION:  J | |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER  MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Opposition[1] to Motion to Establish Account and Reserve for Litigation Expenses

The Court should deny the Plaintiffs' Co-Liaison Counsel's and PSC's motion (Doc. R. 4507) because:

1.      the Court lacks jurisdiction over AI cases not before the Court and AI cases that were improperly removed to federal court;

2.      while performing a great deal of work, the PSC has not conferred a "substantial benefit" on AI claimants; and

3.      a 6% "across the board" assessment on all classes of claimants fails to take into account the differing benefits derived by each distinct class.

The PSC's motion details the important work it has performed in this litigation.  From the motion, it is clear that the PSC has performed a valuable service to many classes of claimants.  However, this work has only benefited some classes.  Other classes of claimants

---

[1] This motion is filed on behalf of Arnold & Itkin LLP and all of their *Deepwater Horizon*-related clients (collectively as "AI").  To the extent that the defendants in this case do not object to the PSC's request that the defendants solely fund the PSC's "account and reserve" and the defendants' funding is in addition to the settlements they pay AI (as opposed to holding back a portion of AI's settlement funds), AI has no opposition.  However, to the extent that the PSC's motion seeks relief against claimants' attorneys or the claimants themselves, AI does object.

have received no benefit from the PSC's work.  AI falls into one of those classes that has received no benefit from the PSC's work.  AI has litigated and settled its cases without the assistance of any other parties.  AI has not relied on any of the PSC's work product.  AI has not even settled with parties that are defendants in MDL-2179.  The settlements have been with the GCCF fund that was created before the PSC was formed.  Since AI is not "piggy backing" on the PSC's work, it should not have to pay common benefit fees/expenses to the PSC.  Similarly, AI should not be required to hold back settlement funds in contemplation of later paying common benefit fees.  Consequently, the Court should deny the PSC's motion.

### A.     The Court lacks jurisdiction to award the relief requested as to AI claims

A federal court cannot award attorneys' fees or common benefit fees in cases it lacks jurisdiction over.  *Avitts v. Amoco Prod. Co.*, 53 F.3d 690 693-94 (5th Cir. 1995) ("The district court lacked subject matter jurisdiction over this action and was therefore without authority to enter its [attorneys' fees] orders."); *In re Showa Denko K.K. L–Tryptophan Products Liability Litigation II*, 953 F.2d 162, 165–66 (4th Cir.1992) (district court lacked jurisdiction to order contributions from parties who were not before the court, including unfiled claims that might be settled); *Hartland v. Alaska Airlines*, 544 F.2d 992, 1001 (9th Cir.1976) (trial court lacked jurisdiction to order non-parties to contribute to a common benefit fund); *In re Genetically Modified Rice Litigation*, 2010 WL 716190 (E.D.Mo. Feb. 24, 2010).  If a district court cannot award common benefit fees in cases it lacks jurisdiction over, it similarly cannot order parties it lacks jurisdiction over to "hold back" settlement funds in contemplation of subsequently awarding those funds either.

All AI cases before the Court were filed in state court, but improperly removed to federal court based on the argument that OCSLA provides removal jurisdiction.  A motion to

remand has been filed for each case.  It is clear that these cases were improperly removed and should be remanded to state court.  Other AI cases are pending in state court or have not been filed in *any* court.  The Court lacks subject matter jurisdiction over all these cases.  To the extent the PSC asks AI to hold back settlement funds, the Court lacks jurisdiction to grant this request and it should be denied.

**B.     The PSC is not entitled to fees and/or expenses because its work has not conferred a benefit on AI claimants**

The PSC correctly notes that is only entitled to compensation for "work that has demonstrably provided a benefit" to those it seeks compensation from.  Doc. R. 4507-1 at pg. 32; *See also BTZ, Inc. v. Great Northern Nekoosa Corp.*, 47 F.3d 463, 465 (1st Cir. 1995) (common benefit fees not allowed where common benefit attorneys' work did not "actually cause" the benefit ultimately received by the other parties).  As outlined in its motion, the PSC has devoted significant time and resources to this litigation.  However, this work has not "demonstrably provided a benefit" to AI.  While the work product outlined in the PSC's motion is surely valuable to many classes of claimants properly before the Court, the PSC's work has not provided any benefit to AI cases.[2]  AI should not be assessed money (or be required too hold back money) for work which has no application to their cases.

AI has settled cases with the GCCF.  The GCCF fund was created prior to the PSC's creation.  It was not created due to the PSC's efforts and settlement funds received by AI from the GCCF have not been the product of the PSC's work.  AI settled these cases based

---

[2] The work outlined in the PSC's memorandum has no application to Bundle A or OPA cases.  This is especially true since all settlement discussions have focused exclusively on individualized damages with no dispute as to liability.  Further, AI has not utilized any of the PSC's discovery, experts, legal research, etc.

upon AI's work and without relying on any assistance from the PSC. Liability has never been a question (or even disputed) in settlement negotiations.  Instead, all negotiations have dealt with questions of inherently individualized damages which the PSC has not been in a position to perform work on.  Since the PSC's efforts have not impacted any AI settlements, common benefit fees are not justified for AI cases.  Holding back settlement funds under these circumstances is similarly unwarranted.

C.     **A 6% across the board assessment in unfair and the November 7, 2011 starting date is arbitrary**

While AI disputes that the any holdback is proper, to the extent the Court does order a holdback, AI adopts and incorporates the arguments made by Plaintiff Buddy Trahan (Doc. R. 4657) at pg. 6-8 regarding the "overinclusiveness" of the PSC's motion (i.e. Section II(B)).[3]  AI also adopts and incorporates the arguments made on pg. 4-6 of Trahan's brief regarding "underinclusiveness" due to the arbitrary November 7, 2011 settlement date when holdbacks are to start (Section II(A)).

### Conclusion

AI does not dispute that the PSC has performed great amounts of work in this litigation.  Nor does AI dispute that the PSC has conferred a substantial benefit on many different classes of other claimants.  However, to the extent the PSC asks AI to holdback settlement funds or asks the GCCF (or defendants) to not fully fund settlements to AI, the Court should deny these requests.

---

[3] AI does not adopt this section of Trahan's brief to the extent it can be read as acknowledging that some nominal holdback may be proper.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory D. Itkin*

_____
Kurt B. Arnold, Texas Bar No. 24036150
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
Michael E. Pierce, Texas Bar No. 24039117
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
pskrabanek@arnolditkin.com
mpierce@arnolditkin.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 21, 2011.

*/s/ Cory D. Itkin*

_____
Cory D. Itkin