UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Working Group[1] Conference on Friday, November 18, 2011]

**NOTES TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

1.  **Ceding Time for Experts**.

    On November 21, an order was issued.

2.  **BOP and Capping Stack.**

    BP reported that it is working on the revised protocol for disassembly of flanges and other components of the Capping Stack for the purpose of taking measurements.

    Captain Englebert's reports will be shared with all parties, but they will not be filed in the record. The issue of paying Captain Englebert's November 7, 2011 invoice will be deferred until **December 2**.

3.  **Cement Testing.**

    The U.S. and the Court will confer at **1:00 p.m. on November 22**, regarding completion of the cement testing.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

4. **Transocean Discovery Issues**.

On November 21, BP reported agreement with Transocean on the stipulation for the Well Advisor Program.

5. **Discovery from the U.S.**

The US reported that it may not be able to meet the **November 30** privilege log deadline and may require an additional week to complete it. It is on track to comply with the remaining **November 30** deadlines.

The US raised an issue concerning the logging of post-April 20, 2011 attorney-client communications. It asked whether an email forwarding an email from an attorney qualifies as an attorney-client communication which does not have to be logged. BP responded that it logged such communications. The Court requested that BP consider the issue and determine whether it should be changed so that such forwarding emails are not logged. BP's decision will resolve the issue for all parties going forward.

BP filed a motion to compel interrogatory responses from the U.S. The U.S. reported that it will try to respond by **November 22**. A telephone conference is scheduled with the U.S. and BP for **9:00 a.m. on November 23.**

6. **Alabama Discovery**.

Alabama's request for an extension until **November 30** to complete production of Phase Two documents was granted. It may require an additional week to complete the privilege log.

BP reported that it will respond to Alabama's Phase Two document production requests on **November 30** with privilege logs to follow.

7. **Louisiana Document Production**.

The Governor's office reported that it is working with BP to provide an efficient and productive process for discovery. BP confirmed the communications. Louisiana's deadline for production was extended to **November 30.**

BP reported that it will communicate with Louisiana concerning some issues with Louisiana's certification on Phase One document production.

8. **Phase One Deposition Designations**.

Pursuant to the agreement of the parties, the Court will notify Jordan Ray with inData to turn off the notification feature. A final email will be sent to all parties by inData notifying them that the uploading of a deposition is complete.

For the Mark Hay deposition bundle all deadlines continued by one week.

**November 25** is the deadline for the PSC to designate any additions to the November 7 prioritized list. **December 2** is the deadline for all parties other than the PSC to designate depositions for use at trial which were not identified by the PSC. Thereafter an amended designation schedule will be issued to account for the additional depositions.

9. **Phase One Exhibits**.

**November 23** is the deadline for all parties to make "clean-up" revisions to the November 14 good faith exhibit lists.

As the pretrial schedule proceeds, including the deposition designation process, the parties are encouraged to further refine the good faith exhibit list with deletions and, if necessary, additions.

BP and Halliburton reported that the parties are working through authenticity objections. If there are serious authenticity issues, the parties shall bring them to the Court's attention as

promptly as possible.  All deadlines for raising authenticity objections, however, are deferred.

**10.** **Motions *in Limine***.

BP commented that the PSC presented a motion relating to BP's temporary abandonment procedure. The parties were asked to identify any motions and/or letter briefs on evidentiary issues which are not on the amended *in limine* schedule.  They will be added to the schedule.

The PSC reported that it was treating all of the exhibits submitted with its filings on motions *in limine* as confidential.  It also reported on its filing on hearsay issues regarding interview notes. There was confirmation that as to the Bly/non-governmental reports motion, the deadline to respond is **December 5**.

For the parties with witnesses who took the Fifth Amendment, the parties are not required to do specific objections to the questions in the designations.  Instead, they can wait until there is a ruling on the motion *in limine* on Fifth Amendment questioning.

**11.** **MDL 2185 Securities Litigation**.

The reports of the experts for the PSC and the U.S. in MDL 2179 may be shared with the plaintiffs in MDL 2185.  The reports of the experts for all other parties in MDL 2179 shall not be shared with the plaintiffs in MDL 2185.

**12.** **Richard Coronado and other Phase One Experts**.

The PSC requested its default allotment of examination time for Coronado as though he will be deposed as a Phase One fact witness for two days.  BP reiterated its request for substantial time with Coronado.  Coronado's deposition will not exceed two days.  The PSC requested its default allotment of examination time for Graham Vinson and Dan Farr.  Orders will be issued for the allocation of the examination time for Phase One experts for Weeks Four to Six.

13. **Halliburton's Motion to Disqualify** (Rec. doc. 4595)

BP's opposition is due on **November 23**.

BP reported that it may present one or two motions with respect to Halliburton. The parties were asked to seek expedited consideration on all motions.

14. **The Four Corners of Reports of Experts**.

The PSC contends that where a person was deposed as fact witness and the employer provides Rule 26 disclosures, the person's expert testimony is limited by the Rule 26 disclosures. Because they are so limited, it will not take their depositions. The Court stressed that this issue was raised in several prior conferences and each time it is raised in the abstract. An expert should not be allowed to express an opinion if it is not in their report. If a party disagrees or if a party contends that this rule has been violated, it should raise the issue.

15. **Phase One Witnesses Who Will Testify Live at Trial**

BP reported that it accepted Cameron's explanation for why it was not required to produce David McWhorter and Melvin Whitby in person at the trial.

The PSC reported that, given the current alignment of interests and assuming that there is not a dramatic change before the trial, it is satisfied with the parties' identification of witnesses they are required to bring to the trial to testify in person.

If any party is dissatisfied with the parties' identification of such witnesses, they shall notify the Court by **December 2**.

16. **Phase One Stipulations**.

The parties were asked to try to make as much progress as possible on the stipulations by **December 2**.

5

**17.     B3 Stipulations**.

The Responder Defendants and the U.S. reported that they are working on stipulations. The parties are working on the stipulations requested by Nalco.

**18.     B3 Discovery**.

The proposed schedule for limited B3 discovery from BP related to Corexit will be entered as an order.

**19.     Demonstrative Exhibit for Deposition Designations**.

No demonstrative exhibits will be provided to Judge Barbier prior to commencement of trial on February 27, 2012.

**20.     Phase Two Depositions.**

Where a Phase Two Rule 30(b)(6) deposition is sought from a party, a custodial file production for the corporate designee is not required unless the designee was not one of the negotiated custodians for electronic searches for Phase Two document production. If there is such a designee and the parties cannot resolve the issue of a custodial file production, it shall be raised with the Court. With respect to third parties, the parties shall proceed with a Rule 45 subpoena *duces tecum* to secure the documents well in an advance of a Rule 30(b)(6) deposition.

BP noted that some of the examination of a Rule 30(b)(6) designee may be used for the purpose of establishing the need for a later fact deposition. If leave is granted for such a fact deposition, it noted that any custodial production would be in advance of the deposition.

The PSC noted an issue regarding service of deposition notices on certain third parties. The parties will meet and confer and report on **December 2**.

**21.** **<u>The Objection by the U.S. to BP's Rule 30(b)(6) Notice</u>**.

There was discussion.  The Court will rule on the objection.

**22.** **<u>Phase Two Stipulations</u>**.

BP reported that the US and BP are working on the stipulations.  They may have proposed stipulations by December 2.  The issue of a schedule for preparing such stipulations was deferred.

**23.** **<u>Phase One versus Phase Two</u>**.

Anadarko submitted samples of post-Phase One and Clean Water Act issue designations that it contends should be pulled out of the deposition designations.  A ruling will be issued.  Designations will not be re-done.  The issue is the procedure to be followed going forward.

**24.** **<u>Pleading Extension</u>**.

BP will submit an unopposed order for an extension for the parties to answer the complaints of Alabama and Louisiana.

**25.** **<u>Removal of Confidentiality Stamps</u>**.

PTO 47 (paragraph 4) provides for the physical removal of confidentiality stamps which are no longer deemed confidential.  Worldwide is authorized to remove the confidentiality stamps from those documents.

**26.** **<u>Conference Schedule.</u>**

| | |
|---|---|
| Friday, November 25, 2011 | <u>No conference set</u>. |
| Friday, December 2, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 16, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 23, 2011 | <u>No conference set</u>. |

| | |
|---|---|
| Friday, December 30, 2011 | <u>No conference set</u>. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 22nd day of November, 2011.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**