UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

### BP'S OBJECTIONS TO THE PSC'S HOLD BACK MOTION TO ESTABLISH ACCOUNT AND RESERVE FOR LITIGATION EXPENSES

The PSC's hold back motion—which seeks to establish an account for potential future settlements—is objectionable and should be denied.

*First*, to the extent the PSC seeks to hold back any portion of settlements made between defendants, such a request is improper. Under the law, settlement hold backs are allowed on the theory that the moving counsel's efforts create a common fund that benefits *plaintiffs*. The PSC, which is the direct adversary of the defendants, cannot show that its alleged efforts benefit any *defendant*, and thus there is no legal basis to impose a hold back on settlements between defendants.

*Second*, according to the PSC, its hold back motion is limited solely to future settlement payments. (Mem. at 37.) BP takes the PSC at its word, but in the event the PSC later moves for a hold back order applying to past settlements, BP specifically reserves all rights to oppose any such request if and when it is made.

*Third*, the Court has no jurisdiction over non-parties, including GCCF claimants, who are not before the Court. As a result, the Court has no authority to order that a hold back be deducted from any payment made to such non-parties.

*Fourth*, it is improper for the PSC to request, or for the Court to order, that defendants pay a percentage on top of or in addition to any future settlement, rather than to hold back a portion of such a settlement.  It is a clear violation of due process to order a defendant to pay *anything* on a claim unless and until that defendant is found liable on the merits.

*Finally*, the GCCF is not a party to MDL 2179 and, as a result, this Court lacks jurisdiction over the GCCF and cannot order it to hold back any portion of future settlements it may enter into with GCCF claimants.

At bottom, the PSC's hold back motion is about nothing more than a dispute between competing plaintiffs' lawyers for control over fees.  Such a dispute is not a proper basis for a hold back of potential settlements that have yet to occur.  The PSC's motion should be denied.

## OBJECTIONS[1]

*First*, BP objects to the PSC's hold back motion to the extent that the PSC seeks to hold back any portion of settlements entered into between defendants.  Such an unprecedented extension of the common benefit doctrine is improper and unwarranted.  Settlement hold backs are allowed, in limited circumstances where there is appropriate jurisdiction, because the moving counsel's efforts create a common fund that benefits *plaintiffs*, as the PSC concedes and its own authorities show. (*See* Mem. at 32 ("The only work entitled to compensation from a common benefit fund is *work that has demonstrably provided a benefit to all plaintiffs*, or to a defined group of plaintiffs as a whole—the common benefit work.") (emphasis added); *id.* at 29 (citing *Smiley v. Sincoff*, 958 F.2d 498, 501 (2d Cir. 1992) ("District courts have exercised this power to establish fee structures designed to compensate committee members for their work *on behalf of all*

---

[1] BP notes that the current motion does not seek an actual award of fees.  Should the PSC seek such an award in the future, including but not limited to an award based on a common benefit theory, BP reserves all rights to oppose all or any part of such a request.

*plaintiffs* involved in consolidated litigation."); *Walitalo v. Iacocca*, 968 F.2d 741, 747 (8th Cir. 1992) ("It is well established that courts can impose liability for court-appointed counsel's fees *on all plaintiffs benefiting* from their services")) (emphasis added).)  The PSC is suing defendants; it is not providing any benefit to them.  In addition, the PSC cannot show that it has any involvement in or effect on settlements between defendants.

*Second*, BP objects to the PSC's hold back motion to the extent it is not limited exclusively to future payments.  In this respect, BP acknowledges that at present the PSC explicitly disavows any intention to seek a hold back from "payments previously made." (Mem. at 37.)  BP explicitly reserves all rights to object to any future attempt by the PSC to assess a hold back against previously made payments.  Moreover, in light of this concession in the PSC's own moving papers, any hold back order that the Court issues should only apply prospectively as of the date of such order, and not as of the date of the PSC's motion.

*Third*, BP objects to any hold back order to the extent that it applies to future settlements with GCCF claimants or other parties over whom this Court does not have jurisdiction.  As the Court will recall, the PSC persuaded the Court—over BP's objection—to table the issue of class certification. (PTO #11 (Doc. 569) at 12.)  As a result, this Court has no jurisdiction over any future-settling GCCF claimants who are not parties to MDL 2179.

The law is clear: courts have no authority or jurisdiction to assess a hold back from settlements with plaintiffs who are not before them.  The Fourth Circuit established this principle in *In re Showa Denko K.K. L-Tryptophan Products Liability Litigation-II*, 953 F.2d 162 (4th Cir. 1992).  In that case, the court invalidated certain provisions of the district court's hold back order because they "compel[led] contributions from plaintiffs in state or federal litigation who are not before the court and *by claimants who have chosen not to litigate but to compromise their claims outside of the court*." *Id.* at 166.  As the court explained, "[c]laimants who have not sued

3

and plaintiffs in state and untransferred federal cases have not voluntarily entered the litigation before the district court nor have they been brought in by process. The district court simply has no power to extend the obligations of its order to them." *Id.*; *see also*, *e.g.*, *In re Baycol Prods.*, No. MDL 1431MJD/JGL, 2004 WL 1058105, at *3 (D. Minn. May 3, 2004) (concurring with *Showa Denko* that a transferee court's jurisdiction in an MDL is limited to cases and controversies between persons who are properly parties to the cases transferred; holding that since no class had yet been certified, putative class members were not before the court and, by choosing to settle, were opting out of the class); *In re OSB Antitrust Litig.*, No. 06-826, 2009 WL 579376, at *3 (E.D. Pa. Mar. 4, 2009) (citing *Showa-Denko* and holding that the court had no jurisdiction over opt-out plaintiffs); *In re Linerboard Antitrust Litig.*, 292 F. Supp. 2d 644, 664 (E.D. Pa. 2003) (citing *Showa Denko* in holding that "any order sequestering funds from settlements and other recoveries in the tag-along actions [brought by plaintiffs who had opted out of certified class] should not extend to nontransferred cases").[2]

This Court has likewise followed *Showa Denko*'s holding that a federal court's jurisdiction cannot be expanded to encompass parties not before the court. *See Dorsey v. Manufacturers Life Ins. Co.*, No. CIV. A. 97-2389, 1997 WL 703354, at *3 (E.D. La. Nov. 10, 1997) (citing *Showa Denko* in holding that consolidation of a suit is not a substitute for jurisdiction); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, MDL No. 07-1873, 2010 WL 1489894, at *1 (E.D. La. Apr. 12, 2010) (citing *Showa Denko* in holding that a federal court

---

[2] *See also In re Genetically Modified Rice Litig.*, No. 4:06 MD 1811 CDP, 2010 WL 716190, at *4-5 (E.D. Mo. Feb. 24, 2010) (following *Showa Denko* in refusing to include state court cases in hold back order because court had no jurisdiction to do so); *In re FedEx Ground Package Sys., Inc., Employment Practices Litig.*, 3:05-MD-527 RM, 2011 WL 611883, at *3 (N.D. Ind. Feb. 11, 2011) (citing *Showa Denko* in holding that court had no jurisdiction to apply order mandating contribution to a common benefit fund for cases "derivative" of the MDL or that "rely on the work performed in the MDL"); *accord Hartland v. Alaska Airlines*, 544 F.2d 992, 1001-02 (9th Cir. 1976) (granting mandamus petition after district court had required non-parties to pay into a common benefit fund because the court "had not even a semblance of jurisdiction" over non-parties).

4

did not have jurisdiction over a plaintiff if the state court from which the case was transferred did not originally have jurisdiction over the plaintiff).

The PSC's suggestion that the Court can issue a hold back order because it currently has jurisdiction over defendants does not resolve the problem with the Court's lack of authority in the absence of class certification. (*See* Mem. at 27.) The hold back would still come from the payments to those future GCCF claimants, and therefore the Court must have jurisdiction over those individuals and entities. As *Showa Denko* held, structuring provisions in an order to "indirectly reach[ ] the same result achieved directly" through impermissible provisions is still improper "due to the same overreaching defect." *Showa Denko*, 953 F.2d at 166 (striking portion of order that "effectively order[ed] Showa Denko to exact the assessments if it wishes to settle"); *see also In re Genetically Modified Rice Litig.*, 2010 WL 716190, at *5 (holding that the court could not "order the defendants to withhold amounts they may end up owing the state plaintiffs").

*Fourth*, to the extent the PSC seeks a hold back paid by defendants as a percentage paid over and above any future settlements (Mem. at 29)—essentially a surcharge on any settlement paid by a defendant—there is no legal basis or precedent for such an order. A court has no power to order a defendant to pay ***anything*** until it is found liable on the merits and thus such an order would be a clear violation of due process. *See*, *e.g.*, *Fuentes v. Shevin*, 407 U.S. 67, 80-81 (1972); *cf. Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178-79 (1974) (holding that class counsel for plaintiffs could not shift costs of class notice to defendants prior to a finding of liability). Moreover, any argument for having defendants pay a hold back on top of the settlement amount contradicts the legal basis for such orders. As noted, settlement hold backs are predicated on the theory that counsel's efforts benefit the plaintiffs, not the defendants. The

PSC's efforts obviously do not benefit defendants, and thus there is no legal basis to order defendants to pay a hold back.

*Finally*, the GCCF itself is not a party to this MDL, and the Court therefore lacks authority or jurisdiction over it.  *See*, *e.g.*, Charles Alan Wright, *et al.*, 11A Fed. Prac. & Proc. Civ. § 2956 ("[N]o court can make a decree which will bind any one but a party; … it cannot lawfully enjoin the world at large, no matter how broadly it words its decree.") (quoting *Alemite Mfg. Corp. v. Staff,* 42 F.2d 832, 833 (2d Cir. 1930) (Hand, J.)).  Although BP recognizes that the Court has previously issued an order with respect to BP that addressed the GCCF's operations (Feb. 2, 2011 Order (Doc. 1098)), the Court found in that order that the GCCF is "a hybrid entity," (*id.* at 8), and that "BP does not control Mr. Feinberg's evaluation of individual claims." (*Id.* at 11.)  Moreover, the Court's previous order governed communications under Rule 23, where courts have traditionally enjoyed limited authority to protect members of a putative class. In contrast, to BP's knowledge, no similar authority could extend the Court's authority to non-parties in the context of hold back motions.  Indeed, any order compelling a non-party such as the GCCF to hold back a portion of settlement payments made to individual claimants (who are themselves non-parties) would contradict the Court's previous finding that the GCCF generally acts independently of BP in settling individual claims.

## CONCLUSION

For the foregoing reasons, BP respectfully requests that this Court deny the PSC's motion on the grounds that any hold back 1) cannot apply to settlements between defendants; 2) cannot apply to any future settlements made with parties that are not before the Court; 3) can only be deducted from a payment to the plaintiffs and under no circumstances can be paid by a defendant

6

on top of any settlement[3]; and 4) cannot apply as to any payments made by the GCCF, which is not a party to this MDL.

---

[3] BP also submits that any hold back should first come from the contingent fee of any attorney representing the settling claimant. *See*, *e.g.*, *In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972,* 549 F.2d 1006, 1016 (5th Cir. 1977) (holding that the district court could require that compensation of steering committee be deducted from fees paid to other attorneys); *Turner v. Murphy Oil USA, Inc.*, 422 F. Supp. 2d 676, 683 (E.D. La. 2006) (ordering that primary portion of hold back be deducted from attorneys' fees portion of funds and that only 2 percent be deemed costs and deducted from clients' portion of fund); *In re Linerboard Antitrust Litig.*, 292 F. Supp. at 669 (ordering that hold back amount should be deducted from attorneys' fees payable to individual plaintiffs' counsel). If the plaintiff is not represented by counsel or the contingent fee is insufficient, then the amount should be deducted from the gross settlement payment.

Dated: November 22, 2011                    Respectfully submitted,


                                            By: /s/ Don K. Haycraft

                                            Don K. Haycraft (Bar #14361)
                                            R. Keith Jarrett (Bar #16984)
                                            LISKOW & LEWIS
                                            One Shell Square
                                            701 Poydras Street, Suite 5000
                                            New Orleans, Louisiana  70139-5099
                                            Telephone:  (504) 581-7979
                                            Facsimile:  (504) 556-4108

                                            Richard C. Godfrey, P.C.
                                            (richard.godfrey@kirkland.com)
                                            J. Andrew Langan, P.C.
                                            (andrew.langan@kirkland.com)
                                            Kirkland & Ellis LLP
                                            300 North LaSalle Street
                                            Chicago, Illinois  60654
                                            Telephone: (312) 862-2000

                                            Robert C. "Mike" Brock
                                            (mbrock@cov.com)
                                            Covington & Burling LLP
                                            1201 Pennsylvania Avenue, NW
                                            Washington, DC 20004-2401
                                            Telephone: (202) 662-5985

                                            ***Attorneys for BP Exploration & Production Inc. &
                                            BP America Production Company***

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd day of November, 2011.

                /s/ Don K. Haycraft
                 Don K. Haycraft