UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG § | | MDL-2179 |
| "DEEPWATER HORIZON" § | | |
| in the GULF OF MEXICO, on § | | |
| APRIL 20, 2010 § | | SECTION "J" |
| § | | |
| THIS DOCUMENT RELATES TO: § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* § | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STATE OF LOUISIANA'S MOTION FOR LEAVE TO FILE RESPONSE TO THE PSC'S REPLY IN SUPPORT OF MOTION TO ESTABLISH ACCOUNT AND RESERVE FOR LITIGATION EXPENSES

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who respectfully requests that this Court grant it leave to file the attached Response to the Reply Brief in Further Support of the PSC's Motion to Establish Account and Reserve for Litigation Expenses filed on November 23, 2011 [Rec. Doc. 4717].  On November 23, 2011, this Court granted the PSC leave to file its Reply Brief [Rec. Doc. 4716].  However, the PSC's Reply is inconsistent with its previously submitted Order and raises new concerns not presented within the time frame allowed by the Court for comment on the proposed Order.  Accordingly, the State requests that this Court grant leave to file the attached Response to the PSC's Reply.

Dated this 23rd day of November, 2011.

Respectfully submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL<br><br>James Trey Phillips<br>First Assistant Attorney General<br>Megan K. Terrell<br>Assistant Attorney General<br>Section Chief –Environmental<br>State of Louisiana<br>P.O. Box 94005<br>Baton Rouge, LA 70804-9005<br>Telephone: (225) 326-6708 | KANNER & WHITELEY, LLC<br><br>/s/ Allan Kanner<br>Allan Kanner<br>Elizabeth B. Petersen<br>David A. Pote<br>Douglas R. Kraus<br>701 Camp Street<br>New Orleans, LA 70130<br>Telephone: (504) 524-5777<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |
| HENRY DART,<br>ATTORNEYS AT LAW P.C.<br><br>/s/ Henry T. Dart<br>Henry T. Dart<br>Grady J. Flattmann<br>510 N. Jefferson St.<br>Covington, LA 70433<br>Telephone: (985) 809-8093<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** | USRY, WEEKS, &<br>MATTHEWS, APLC<br><br>/s/ T. Allen Usry<br>T. Allen Usry<br>1615 Poydras St.<br>Suite 12<br>New Orleans, LA 70112<br>Telephone: (504) 592-4641<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |
| SHOWS, CALI, BERTHELOT &<br>WALSH, LLP<br><br>/s/ E. Wade Shows<br>E. Wade Shows<br>628 St. Louis Street<br>Baton Rouge, LA 70802<br>Telephone: (225) 346-1461<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** | MARTEN LAW, PLLC<br><br>/s/ Bradley M. Marten<br>Bradley M. Marten<br>Linda R. Larson<br>1191 Second Avenue<br>Suite 2200<br>Seattle, WA 98101<br>(206) 292-2600<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL-2179 |
| "DEEPWATER HORIZON" | § | |
| in the GULF OF MEXICO, on | § | |
| APRIL 20, 2010 | § | SECTION "J" |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* | § | |

*************************************************************************************

**STATE OF LOUISIANA'S RESPONSE TO PSC'S REPLY
IN SUPPORT OF ITS MOTION TO ESTABLISH
ACCOUNT AND RESERVE FOR LITIGATION EXPENSES**

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who files this Response to the Reply Brief in Further Support of the PSC's Motion to Establish Account and Reserve for Litigation Expenses filed on November 23, 2011 [Rec. Doc. 4717]. On November 21, 2011, consistent with this Court's Order of November 10, 2011, the State of Louisiana filed its Response to the PSC's Motion to Establish Account and Reserve for Litigation Expenses and its attached Order. [Rec. Doc. 4507]

The State of Louisiana's Response asserted no objection to the proposed Order Establishing Court-Supervised Account and Reserve for Common Benefit Litigation Expenses [Rec. Doc. 4507-2], which was submitted in connection with the Motion to Establish Account and Reserve for Litigation Expenses, because the Order, as drafted, did not contemplate a deduction from the recoveries of the State of Louisiana in order to fund the reserve account, but instead proposed to order the Defendants to pay into the reserve account, an amount over and

above, and in addition to, amounts paid to the State. *See* State of Louisiana's Response to the Motion to Establish Account and Reserve for Litigation Expenses [Rec. Doc. 4687]. The Defendants that opposed the PSC's Motion interpreted the Order in the same way.[1] The State did not and does not object to the proposed Order as read by the State and certain Defendants, to require that Defendants deposit the equivalent of 4% of any settlement, judgment or payments with the State of Louisiana into a reserve for potential payment of common benefit fees as are appropriate under the circumstances. However, without filing an amended Order for consideration, the PSC instead filed a Reply Brief in Further Support of the PSC's Motion to Establish Account and Reserve for Litigation Expenses that set forth its rather novel interpretation of the submitted Order. [Rec. Doc. 4717] The State specifically objects to and opposes this proposed "interpretation" of the Order currently before the Court as being inconsistent with the Order as written.

As stated above, the PSC's Reply, instead of seeking to submit changes in the written language of the proposed Order associated with its initial Motion to Establish Account and Reserve for Litigation Expenses, instead sets forth an expansive interpretation of that proposed Order. Specifically, the PSC's Reply asserts, in part, that:

> The Proposed Order Does Not "Shift" Attorneys Fees to Defendants
> While the defendants might ultimately be responsible to Plaintiffs for attorneys' fees under one or more fee-shifting provisions, the Proposed Order does not compel the defendants to

---

[1] *See* Halliburton Energy Services, Inc.'s *Ex Parte* Motion To Join In And Adopt The Arguments Made In The Weatherford Entities' Memorandum In Opposition To The PSC's Motion To Establish Account And Reserve For Litigation Expenses [Rec. Doc. 4668]; Weatherford U.S., L.P. And Weatherford International, Inc.'s Memorandum In Opposition To The PSC's Motion To Establish Account And Reserve For Litigation Expenses [Rec. Doc. 4660]; State Of Louisiana's Response To The Motion To Establish Account And Reserve For Litigation Expenses [Rec. Doc. 4687]; BP's Objections To The PSC's Hold Back Motion To Establish Account And Reserve For Litigation Expenses [Rec. Doc. 4696].

2

>fund the hold-back reserve fund over and above the plaintiff's recovery. Rather, the Order, as proposed, affords the parties the flexibility to negotiate a resolution whereby either the defendant agrees to fund the reserve over and above the settlement amount, or the entire reserve is "held back" out of the settlement amount - or where the reserve is funded on a shared basis. Nothing in the Order, as proposed, would require a defendant to pay attorneys' fees.[2]

Reply Brief in Further Support of the PSC's Motion to Establish Account and Reserve for Litigation Expenses, pp. 2-3 [Rec. Doc. 4717]. The State should not be required to respond to an "interpretation" of a submitted order, especially where the interpretation proposes alternative deposits: first by the Defendants and, failing that, deposits out of State recoveries, where no such language appears in the Order. It is clear that there is current controversy over the scope of the Order itself. Rather than having the current Order signed or not signed, it is respectfully submitted that a preferable course of action would be to require the PSC to re-submit its request and provide a new order that appropriately addresses issues raised by the PSC's Reply. At that time, the State can respond to the new order and any associated proposal that Defendants hold back a reserve out of recoveries owed to the State of Louisiana for an award of common benefit fees.[3]

The PSC's proposed interpretation of the Order it submitted as requiring Defendants to deduct a percentage from Louisiana's recoveries raises, but does not address or resolve, issues

---

[2] To be sure: The PSC will, of course, attempt to negotiate settlement with one or more Defendants wherein the Defendants agree to pay common benefit fees (and/or other attorneys' fees) over and above the settlement corpus as part of the terms of the negotiated settlement. In the event, however, that Defendants are not willing to voluntarily fund the reserve out of their own pockets, the reserve (absent a final judgment requiring Defendants to pay some or all attorneys' fees) would be "held back" out of the judgment, settlement or other payment to the plaintiff.

[3] Additionally, while the Order as initially submitted by the PSC might incentivize Defendants to pay common benefit fees and costs over and above the amounts paid in settlements, judgments and/or payments to parties, the paradigm described by the PSC in its Reply (which gives Defendants the option to voluntarily pay common benefit fees over and above the amounts they pay in settlements, judgments or payments) actually vitiates any incentive for (or any perceived obligation of) the Defendants to ever agree to pay such costs and fees "out of their own pockets" and "voluntarily." According to the PSC, a Defendant can avoid making payment of such costs and fees simply by deciding not to do so.

such as (but not limited to): (1) the deduction from recoveries which may be exempt from a claim for common benefit or contingency fees under applicable and established law; (2) the proposed method of assessment, if any, of a fee or percentage from a State recovery that is non-monetary in nature; (3) the applicability or non-applicability of the proposed Order to future payments made to the State on settlements that were confected prior to November 7, 2011 (the date contained in the PSC's proposed Order); and (4) the prospect of a possible transfer of money out of State Treasury Fund accounts.  Because the PSC's proposed interpretation of the Order submitted in connection with its Motion to Establish Account and Reserve for Litigation Expenses would attempt to directly assess State recoveries, all of these issues (which are not raised if the Defendants are paying a percentage on top of the State's recovery) need to be explicitly addressed in a proposed Order.

Without an order specifically contemplating each of these scenarios, the State of Louisiana is not properly on notice of and cannot adequately respond with its positions, which may include positions already taken in the State of Louisiana's prior filings with this Court and with the Court of Appeals for the Fifth Circuit in connection with the State of Louisiana's petition for mandamus relief. *See, e.g.,* Motion and Memorandum for Leave to Request Creation of Separate Government Case Track and to Appoint Liaison Counsel [Rec. Doc. 248]; *Ex Parte* Motion for Hearing on Motion for Leave and Related Motion for Creation of Separate Government Case Track [Rec. Doc. 505];  Renewed *Ex Parte* Motion for Hearing on Motion to Create Government Track [Rec. Doc. 987];  *In re State of Louisiana*, No. 11-30178 (Petition for Writ of Mandamus or Prohibition (filed 2/2/11) and State of Louisiana's Reply to Plaintiff Steering Committee's Response to Petition for Writ of Mandamus (filed 4/8/11)).

4

Given the PSC's propensity to interpret the submitted Order expansively, in contradiction of its plain language, the Court should require that the PSC re-submit an order that specifically addresses, at a minimum, the scenarios described above so that the State and other parties are not required to respond to a moving target of "interpretation," rather than an order.  Accordingly, for the reasons set forth herein, the State of Louisiana requests that the current Order not be entered and that the Court direct the PSC to submit a revised Order that expressly addresses and sets forth the PSC's positions on the treatment and proposed assessment of recoveries, including but not limited to the scenarios identified above, so that the State of Louisiana, and any other party, may properly respond.

Dated this 23rd day of November, 2011.

Respectfully submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL | KANNER & WHITELEY, LLC<br><br>/s/ Allan Kanner |
| James Trey Phillips<br>First Assistant Attorney General<br>Megan K. Terrell<br>Assistant Attorney General<br>Section Chief –Environmental<br>State of Louisiana<br>P.O. Box 94005<br>Baton Rouge, LA 70804-9005<br>Telephone: (225) 326-6708 | Allan Kanner<br>Elizabeth B. Petersen<br>David A. Pote<br>Douglas R. Kraus<br>701 Camp Street<br>New Orleans, LA 70130<br>Telephone: (504) 524-5777<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |
| HENRY DART,<br>ATTORNEYS AT LAW P.C. | USRY, WEEKS, &<br>MATTHEWS, APLC |
| /s/ Henry T. Dart<br>Henry T. Dart<br>Grady J. Flattmann<br>510 N. Jefferson St.<br>Covington, LA 70433<br>Telephone: (985) 809-8093<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** | /s/ T. Allen Usry<br>T. Allen Usry<br>1615 Poydras St.<br>Suite 12<br>New Orleans, LA 70112<br>Telephone: (504) 592-4641<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |

6

SHOWS, CALI, BERTHELOT & WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

MARTEN LAW, PLLC

/s/ Bradley M. Marten
Bradley M. Marten
Linda R. Larson
1191 Second Avenue
Suite 2200
Seattle, WA 98101
(206) 292-2600
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Motion for Leave and Proposed Response to The PSC's Reply in Support of Motion To Establish Account And Reserve For Litigation Expenses has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of November, 2011.

                                                Kanner & Whiteley, L.L.C.

                                                _/s/ Allan Kanner_____
                                                Allan Kanner
                                                a.kanner@kanner-law.com