# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

November 15, 2011

**By Electronic Mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

    Re:    BP's Motion to Compel the United States to Answer Fully Phase 1 Interrogatories, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179

Dear Judge Shushan:

    This letter brings to the Court's attention a narrow Phase 1 written discovery dispute between BP and the United States. Unlike other Phase 1 discovery issues under discussion between these two parties, this one issue has not yet proven amenable to an agreed-upon resolution — either as to its substance or even as to an extension of the current deadline for presenting it to the Court.

    Specifically, the United States's responses to 10 of 14 Interrogatories served by BP that address Phase 1 topics attempt to take advantage of Federal Rule of Civil Procedure 33(d). Unfortunately, each of these 10 interrogatory response — responses 1, 2, 5, 6, 7, 21, 22, 23, 29 and 30 — are facially deficient.

    Rule 33(d) permits responding parties to answer interrogatories by "specifying" business records in instances where "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records." But crucially, this option of pointing out documents as an interrogatory response requires a responding party to "specify" the records "that must be reviewed" in "sufficient detail" to "enable the interrogating party to locate and identify them as readily as the responding party could." *Id.*

    Here, while the United States had plainly relied on Rule 33(d) in 10 responses, it has failed adequately to specify the documents being pointed to in any of them. Instead of providing the specificity Rule 33(d) requires, the United States has merely referred BP to broad categories

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
November 15, 2011
Page 2

of essentially unspecified documents appearing in the United States' voluminous, unsegregated, undifferentiated document productions; for example, "documents produced in response to BP's request for production of documents, particularly Requests for Production 1-7, 12, and 41-62." (*See, e.g.,* Ex. 3 at 105-06.) Because Rule 33(d) requires much more, BP brings this matter before the Court and respectfully requests the Court to compel the United States to provide the further specificity to which BP is entitled.

### BACKGROUND

As the deadline for Phase 1 motions to compel approached, BP raised five issues with the United States regarding Phase 1 written discovery. (*See* Ex. 1.) Due to the cooperation of counsel for the United States, only one of these five issues needs to be addressed by the Court at this time. (*See* Ex. 2.)

Specifically, BP raised questions about the content of some of the United States's privilege log entries, but the United States extended BP's motion to compel deadline for privilege log entries until December 30, 2011. (*See* Ex. 1 at 1-2; Ex. 2 at 1.)

In addition, BP provided comparison statistics showing significant numbers of unique emails are resident only on the Department of Interior's "Zantaz" archive server, from which the United States has so far declined to collect and produce documents. Given the large number of unique documents that are likely to exist only in this location, BP requested that the United States produce responsive, non-privileged documents resident on the server. The Parties continue to meet and confer on this issue and have agreed BP's deadline for filing a motion to compel as to the issue will be December 15, 2011 (absent further extension). (*See* Ex. 1 at 5-6; Ex. 2 at 2.)

Finally, BP also raised questions of unidentified document custodians — an issue already covered by this Court's October 19, 2011 Order — that the parties are positioned to continue to work together and resolve without immediate Court involvement. (*See* Ex. 1 at 4-5; Ex. 2 at 2.)

Hence, only two Phase 1 written discovery issues remain of the five initially raised by BP. The first of these issues is quickly addressed. BP inquired whether the United States has concluded its Phase 1 document productions. (Ex. 1 at 7.) The United States has not yet answered this question, and BP reserves its rights to file additional motions to compel regarding Phase 1 discovery issues that arise as the United States continues to produce Phase 1 documents. The second issue, regarding the sufficiency of the United States's interrogatory responses, is hereby presented to the Court for resolution.

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
November 15, 2011
Page 3

### ANALYSIS

BP has served 30 Interrogatories on the United States. (*See* Exs. 3-5.) Of these 30 interrogatories, the United States has categorized 14 as related to Phase 1. Of these 14 Phase 1 Interrogatories, the United States answered 10 — namely, Interrogatory Responses 1, 2, 5, 6, 7, 21, 22, 23, 29 and 30 — by pointing BP to document productions. All 10 of these Rule 33(d) responses are deficient.

Although Federal Rule of Civil Procedure 33(d) permits parties to produce documents in response to an interrogatory "if the burden of ascertaining the answer will be substantially the same for either party," the Rule crucially requires responding parties to "specify[] the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1). As the Rule's Advisory Notes explain, "directing the interrogating party to a mass of business records ... [is] an abuse of the option" because "a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." Fed. R. Civ. P. 33, Advisory Notes (1980).

Here, the United States's responses furnish little or no information that would permit BP to locate the precise documents the United States is "specifying." The document productions BP has received from the United States, which comprise 3.6 million documents and more than 22 million pages, are not segregated according to, and do not otherwise identify, which produced documents are being furnished in response to which specific RFPs.

Accordingly, the United States's practice of repeatedly pointing BP to documents produced in response to certain RFPs is the effective — and entirely defective — equivalent of saying, "see our production;" in other words, a clear failure to reasonably identify responsive documents. *See Akers v. Shaw Envtl., Inc.*, No. 09-915, 2011 WL 867524, at *3-*4 (W.D. La. Mar. 14, 2011) (holding inadequate under Fed. R. Civ. P. 33(d) references to "unspecified and in globo documents" and the response "please see all documents attached hereto as well as documents previously produced"); *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2007 WL 1959193, at *5 (E.D. La. June 27, 2007) ("[V]ague references to documents of this sort do not satisfy the requirements of Fed. R. Civ. P. 33(d)."); *see also Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983) (holding that an interrogatory response pointing to "partnership books of accounts, banking accounts, records, computer printouts, ledgers, and other documents" was insufficient under Rule 33(d), then-numbered 33(c)).

Indeed, even if the United States were to "specify" expansive Bates number ranges, this, too, would be insufficiently specific to comply with Rule 33(d). *See O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 278 (C.D. Cal. 1999) ("Thus, when voluminous documents are

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
November 15, 2011
Page 4

produced under Rule 33(d), they must be accompanied by indices designed to guide the searcher to the documents responsive to the interrogatories."); *see also Graske v. Auto-Owners Ins. Co.*, 647 F. Supp. 2d 1105, 1108-09 (D. Neb. 2009) (finding 7,000 pages insufficiently specific under Fed. R. Civ. P. 33(d)).

***The Court should compel the United States to provide adequate responses.*** Whichever way the issue is viewed, it is clear that the United States should supplement its responses so they point BP to some reasonably defined universe of documents from among the millions of documents produced to date.

We note in this regard that in almost all instances BP's own Rule 33(d) responses to the United States's interrogatories identify documents by Bates numbers, and, even in those few instances where they do not, BP had agreed to conduct reasonable searches to produce responsive documents. (*See* BPXP's Objections and Resps. to the United States's First Set of Interrogs. (July 25, 2011).) Although Rule 33(d) does not mechanically require responding parties to provide individual Bates ranges or numbers in each and every instance, courts routinely approve the practice, *see Heerden v. Board of Sup'rs of Louisiana State Univ. & Agr. & Mech. Coll.*, No. 10-155-D-M2, 2011 WL 293758, at *3 & n.6 (M.D. La. Jan. 27, 2011) (citing cases), and this Court should adopt it as regards the United States's responses to BP interrogatories 1, 2, 5, 6, 7, 21, 22, 23, 29 and 30.

### CONCLUSION

For the foregoing reasons BP respectfully requests that the Court grant its motion to compel.

Respectfully submitted,

Robert R. Gasaway

Enclosures
cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
J. Andrew Langan, P.C.
Mark J. Nomellini
Stuart A.C. Drake
Joseph A. Eisert

Joel M. Gross
Barry E. Fields, P.C.
Don K. Haycraft
Defense Liaison Counsel
Plaintiffs' Liaison Counsel
Hon. Luther Strange
Corey L. Maze