

U.S. Department of Justice

Environment and Natural Resource Division

---

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-0180*
*Sarah.Himmelhoch@usdoj.gov*

November 15, 2011

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
 Eastern District of Louisiana
Hale Boggs Federal Building
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

      Re:    MDL 2179: United States' Initial Objections to Draft Phase II Rule 30(b)(6)
              Deposition Notice to the United States

Dear Judge Shushan:

      The United States objects to the proposed Rule 30(b)(6) Notice to the United States (attached) as overly broad and exceptionally burdensome. The proposed deposition notice contains 108 separate enumerated topics, many of which are overly broad in and of themselves.

      BP itself has noted the inappropriate nature of such deposition notices. In Phase I of this litigation, BP argued to this Court as follows:

> THE COURT: How do you-all want to try to tackle the mess that has been created with the 30(b)(6) notices? Any ideas?
>     Andy, I've read your letter in detail.
> MR. LANGAN: You have read our letter. We appreciate that. I don't want to repeat what's in there.
>     I think my headlines are this. My headlines are there is a role for 30(b)(6). We're not saying there is not. We're happy to work on appropriate 30(b)(6). If you want -- our position is, please pick a number, and just tell the parties to live with it, along with they've got to be tailored and focused and not overly broad. We'll make it work.
>     But, frankly, 105 is out of control. You know, and I'm not sure if they would say even three hundred was okay. There has got to be a limit.

> Now, in the Katrina case I think Mr. Roy was involved in, I think the court cut it from 160 to 30. Okay, 30, fine. But I guess what I would say is, I promise you, if you just set a number, these good lawyers are going to make it work. If we leave it open-ended, then we're going to be here over and over and over, again.

Tr. of Discovery Status Conference Proceedings at 44-45 (Mar. 4, 2011) (Doc. No. 1556).

BP's comments were made in the context of the very broad phase of this litigation that encompassed many issues. Now the parties are turning to Phase II discovery, which addresses only two issues: source control and quantification. If "105 [topics] is out of control" for a broad phase of discovery, then 108 topics are more than out of control for the much narrower Phase II discovery.

Accordingly, the United States requests that the parties be directed to recall this proposed notice and revise it to contain a reasonable number of topics. The United States is willing to accept BP's proposal of 30 topics, or even a generous 40 topics. The current total of 108, however, is simply inappropriate and overly burdensome.

In order to keep the parties on track to complete the deposition notices in time to allow depositions to begin in mid-January 2011, the United States proposes that the parties be given until November 30, 2011 to provide a narrowed Rule 30(b)(6) notice to the United States. The United States then proposes that the parties meet and confer regarding the revised notice and provide a final agreed notice or notice with objections from the United States to the Court on or before December 20, 2011.

In sum, the parties should be given clear instructions on the appropriate number of topics and then given a fair opportunity to meet and confer to resolve any objections to the narrowed notice.

        Sincerely,

        /s/ Sarah D. Himmelhoch

        Sarah D. Himmelhoch
        Senior Litigation Counsel for E-Discovery
        Environment & Natural Resources Division

cc:    Liaison and Coordinating Counsel