# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

November 16, 2011

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street
New Orleans, LA  70130

    Re:  In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

  BP disagrees with the position taken by the United States in its Nov. 15, 2011 letter that the proposed Rule 30(b)(6) Notice to the United States ("Notice") for Phase 2 discovery is overly broad or exceptionally burdensome.  The government's position is, in essence, that because the Court limited BP's Phase 1 Rule 30(b)(6) deposition topics to thirty-five, the United States should not be required to provide Rule 30(b)(6) discovery on basically more than the same number of topics in Phase 2.  This position does not square with the approach the Court has taken to Phase 2 discovery to date, and should be rejected.

  As an initial matter, the United States' attempt to treat the number of topics permitted in Phase 1 as the ceiling (or even as guidance) for the number of Phase 2 topics is inappropriate given the disparate approaches to discovery between the Phases.  BP's position about the reasonableness of 30 topics in Phase 1 was informed by the fact that the parties had also requested over 100 BP fact witnesses who would also be testifying about Phase 1 issues.  The Court has determined that Phase 2 fact discovery will be conducted primarily through Rule 30(b)(6) depositions, not fact witnesses.  It is therefore necessary for BP to rely on the Rule 30(b)(6) process for nearly all the evidence that it will be able to adduce through depositions in order to prepare for Phase 2 of the trial.

  As the Court might expect, much of the evidence important to the Phase 2 claims that the United States and other parties have stated against BP is in the possession of the United States, by virtue of the United States' role in directing source control efforts and in estimating the amount of discharge from the MC 252 Well.  If the government believes that BP's list of topics can be reduced, BP has every incentive to do so, just as it hopes to be able to reduce the list of 65

Hong Kong  London  Los Angeles  Munich  New York  Palo Alto  San Francisco  Shanghai  Washington, D.C.

K&E 20482186.1

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
November 16, 2011
Page 2

subjects, including subparts, sent to BP. The solution is hardly to require BP to withdraw the current list of proposed topics, and to try to propose a new list.

In addition to possessing much of the information critical for Phase 2, the United States' activities relevant to source control and quantification were conducted by many different organizations within the government. That is one reason why BP has been obliged to present a large number of proposed topics to the government. For example, at least four different National Labs (Los Alamos, Lawrence Livermore, Lawrence Berkeley, and Sandia) participated in the United States' management of the source control effort and in the government's estimates of discharge from the MC 252 Well. For that reason, it has been necessary to include a number of the same topics for each of the four National Labs. The alternative was to propose separate Notices for each of those National Labs, treating them each as entities separate from the rest of the United States, which was an approach to which the Justice Department objected.

BP provided their list of proposed 30(b)(6) topics to the United States on November 9th and believes that, rather than working against an arbitrary limit on the number of Rule 30(b)(6) topics to be addressed by the United States or any other party, the parties should try to negotiate on the need for specific topics in order to prepare for Phase 2 of the trial. That is certainly the approach that BP intends to try to take in addressing the draft Rule 30(b)(6) notice sent to BP on November 10th, which, counting subparts, covers 65 separate subjects.

While an extension of the time to negotiate objections may be appropriate, at a minimum, the United States should be required to meet and confer regarding the topics that BP has proposed. BP would appreciate the Court's guidance and direction, and is available on short notice for a call with the Court and the parties for that purpose.

Sincerely,

Andrew Langan, P.C. /neo

Andrew Langan, P.C.

AL /cs


cc:   MDL Liaison and Coordinating Counsel

K&E 20482186.1