UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding BP's Motion to Compel U.S. to Answer Fully Phase One Interrogatories (Rec. doc. 4728)]

On November 15, 2011, BP submitted a letter motion to compel the U.S. Rec. doc. 4728. The U.S. submitted an opposition. Rec. doc. 4732. There was a telephone discovery conference on November 15, 2011 with Rob Gasaway participating for BP and Sarah Himmelhoch participating for the U.S.

BP seeks a definitive statement from the U.S. that it completed its Phase One discovery responses. The statement by the U.S. in its November 22, 2011 letter is sufficient.

BP seeks further responses to ten interrogatories seeking Phase One information. Interrogatory no. 30 seeks the identification of persons employed by the U.S. in connection with efforts to cap, seal, contain or collect hydrocarbons from the well. This interrogatory seeks Phase Two information. No action will be taken on this interrogatory. If the parties are unable to resolve this interrogatory after conferring in connection with Phase Two discovery, BP may re-urge the need for a further response to this interrogatory.

The remaining nine interrogatories concern Phase One. BP contends that part of the relief it seeks is to prevent it from being "ambushed" or surprised at the trial of Phase One. Considering the responses by the U.S., the Phase One discovery conducted by the parties, the expert discovery

and the pretrial procedures for the identification of exhibits and witnesses, the risk of surprise is minimal.

BP cites the responses it provided to the PSC as indicative of the type of response that the U.S. should have provided. It contends that a simple response of "see our production" is insufficient. The U.S. responds that, while it has not done what the BP did in response to the PSC's interrogatories, it has done more than say "see our production." The Court finds that the responses are sufficient. The Court appreciates the precedential effect of this ruling. As has often been said in this case, "[t]he door swings both ways." For example with regard to interrogatory nos. 5 through 7, the U.S. contends that it provided BP with the documents in their native format as well as the index to the records. At this point the burden on BP and the U.S. is substantially the same to extract the information sought by BP. This ruling shall apply equally when discovery is sought from BP by the U.S. or any other party, including the PSC, when production is made in the manner the U.S. has provided.

IT IS ORDERED that BP's motion to compel the U.S. to answer fully Phase One interrogatories (Rec. doc. 4728) is DENIED.

New Orleans, Louisiana, this 28th day of November, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**