UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| Relates to: *All Cases.* | * * | JUDGE BARBIER |
| (Including No. 10-2771) | * * | MAG. JUDGE SHUSHAN |

**ORDER ESTABLISHING COURT-SUPERVISED ACCOUNT
AND RESERVE FOR COMMON BENEFIT LITIGATION EXPENSES**

CONSIDERING the Motion to Establish a Court-Supervised Account and Reserve for Litigation Expenses, associated briefing, the record, and applicable law:

IT IS ORDERED that Defendants shall deposit an amount equivalent to four percent (4%) of the gross monetary settlements, judgments or other payments made on or after November 7, 2011, by or on behalf of one or more Defendants to the State of Alabama or the State of Louisiana, arising out of the Macondo / *Deepwater Horizon* disaster,[1] into a court-supervised escrow account, in order to establish a fund from which common benefit litigation fees and/or expenses may be paid, if and as awarded by the

---

[1] The requirement to deposit "an amount equivalent to" the designated percentage is intended to afford the parties flexibility in settlement negotiation. Presumably the plaintiffs will attempt to negotiate settlement with one or more Defendants whereby the defendant(s) might agree to pay common benefit fees (and/or other attorneys' fees) *over and above* the settlement corpus, as part of the terms of the negotiated settlement. In the event, however, that the defendant(s) in question is (are) not willing to voluntarily fund the reserve over and above the settlement amount, the reserve (absent a final judgment or other order requiring Defendants to pay some or all attorneys' fees) would be "held back" out of the judgment, settlement or other payment to the plaintiff. While Plaintiffs may reserve the right to seek common benefit and/or other attorneys' fees under some potentially applicable fee-shifting provision, nothing in *this* Order would *require* a defendant to pay the plaintiff's common benefit and/or other attorneys' fees.

922465.1

- 1 -

Court, at an appropriate time, pursuant to procedures to be determined by future order of the Court.

**IT IS FURTHER ORDERED** that Defendants, or any agent or representative acting on a Defendant's behalf, shall deposit an amount equivalent to six percent (6%) of the gross monetary settlements, judgments or other payments made on or after November 7, 2011, by or on behalf of one or more Defendants to any other plaintiff, putative classmember or other claimant, arising out of the Macondo / *Deepwater Horizon* disaster, (with the exception of settlements, judgments or other payments to the United States),[2] into a court-supervised escrow account, in order to establish a fund from which common benefit litigation fees and/or expenses may be paid, if and as awarded by the Court, at an appropriate time, pursuant to procedures to be determined by future order of the Court.

Defendants shall tender such deposits to the Clerk of Court, 500 Poydras Street, Room C-151, New Orleans, Louisiana 70130, for deposit into the MDL No. 2179 Account and Reserve for Common Benefit Litigation Expenses ("MDL No. 2179 Reserve Account").

All deposits to the MDL No. 2179 Reserve Account shall be accompanied by information identifying the party and attorney making the deposit; the Defendant on whose behalf the payment is being made; the gross amount of the settlement, judgment or other payment; and the plaintiff, claimant or putative classmember to whom the settlement, judgment or other payment was made.

Such information shall be kept confidential, and access to such information shall be limited in accordance with the procedures set forth under Pre-Trial Order No. 9;

---

[2] Nor is this Order intended to apply to judgments, settlements or other payments between or among BP, Transocean, Cameron, Halliburton, Weatherford, M1, Anadarko, MOEX, and/or the Clean-Up/Responder Defendants.

accordingly, Phil Garrett CPA shall track such information and prepare periodic reports to Court and Plaintiff Co-Liaison. Any further disclosure of such information shall require an order from this Court.

No party or attorney shall have any individual right to any of the deposits made into or funds maintained in this Court-supervised account; nor will such funds constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney; nor shall such funds be allocated, disbursed or distributed except as provided by further order of this Court.

Any questions regarding the filing procedures with the Clerk of Court should be direct to Kim Lange, Financial, Clerk of Court, 504-589-7786, kim_lange@laed.uscourts.gov.

Questions regarding the substance of any such deposits shall be directed to Philip Garrett, CPA, Garrett and Company CPA's, 117 Fairgrounds Boulevard, Bush, Louisiana 70431, 985-635-1500, pgarrett@garrettco.com.

**S**IGNED at New Orleans, Louisiana, this ____ day of _____, 2011.

 

                                                                                         **Hon. Carl J. Barbier**
                                                                                         **U.S. District Court Judge**