UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| **THIS DOCUMENT RELATES TO ALL CASES** | : : : | MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### CAMERON'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY BEFORE CONGRESS

Pursuant to the Court's Order Regarding Schedule for BP Motions *in Limine* and Responses to PSC Issues (Dkt. No. 4572), Cameron respectfully files this reply in support of its Motion to Exclude Testimony Before Congress (Dkt. No. 4506) to address the PSC's arguments regarding the admissibility of such testimony (Dkt. No. 4671).

**Argument**

The PSC contends that congressional testimony is admissible under the public records exception to the hearsay rule, Rule 803(8)(C). (Dkt. No. 4671 at 9). The PSC's position ignores the plain language of that Rule.

Federal Rule of Evidence 803(8)(C) provides an exception to Rule 802's prohibition on hearsay for

> [r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness..

1

Congressional testimony of a subpoenaed witness, like Tony Hayward, does not constitute "factual findings resulting from an investigation."  The PSC fails to explain how any such testimony could be considered a "factual finding."

Black's Law Dictionary's entry for "finding" cross-references "finding of fact," which is defined as a "determination by a judge, jury, or administrative agency of a fact supported by the evidence in the record, usu[ally] presented at the trial or hearing."  Black's Law Dictionary, "Finding of Fact" (9th ed. 2009).  The Supreme Court has defined a "factual finding" in the scope of Rule 803(8)(C) as "[a] conclusion by way of reasonable inference from the evidence." *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 164 (1988) (citing Black's). Of course, to satisfy Rule 803(8)(C), the finding must be made by the investigating body. Congressional testimony by a subpoenaed witness is not a "finding."

The cases cited by the PSC are inapposite.  None addresses the elements for the admission of hearsay under Rule 803(8)(C), on which the PSC relies.  (Dkt. No. 4671 at 9). Moreover, the cases cited from the Fifth Circuit deal with the admission of certified court records, not congressional hearing testimony.  *See, e.g.*, *Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 291-92 (5th Cir. 2002) (addressing admissibility of a judge's statement during court proceeding); *United States v. Mayfield*, 31 F. App'x 160, 2001 WL 1751481, at *1 (5th Cir. 2001) (addressing the admissibility of prior convictions in criminal matter).

Court records themselves, like pleadings, orders, and prior convictions may be admissible as public records because they may be considered records of regularly conducted activities of a government body; however, transcripts of witness testimony whether in court or

before a congressional committee are comprised of two layers of hearsay—both the testimony itself and the transcript of the testimony are out of court statements that must each satisfy a hearsay exception. *See, e.g.*, *United States v. Ismoila*, 100 F.3d 380, 391 (5th Cir. 1996) (stating that statements of bank customers contained on bank records constitutes double hearsay). Neither the PSC nor the cases it cites articulate a basis that would satisfy both layers of hearsay.

The PSC's position for the admissibility of testimony as public records would eviscerate the hearsay rule and the narrow exception for former testimony under Rule 804(b)(1). That rule excepts from the hearsay exclusion former testimony only where certain conditions are satisfied. Fed. R. Evid. 804(b)(1) (requiring an oath, adequate opportunity to cross-examine on substantially the same issue, and present unavailability of the witness); *see also United States v. North*, 910 F.2d 843, 905–08 (D.C. Cir. 1990), *opinion vacated on another issue on rehearing*, 920 F.2d 940 (holding that the district court properly excluded congressional testimony because there was no identity of parties and thus, no opportunity for cross examination). The PSC does not contend that the former testimony exception is satisfied here. The PSC's interpretation of the public records exception would allow the admission of virtually all former testimony in any tribunal irrespective of whether the conditions of Rule 804(b)(1) are met. This interpretation of the public records exception would swallow the rule.

The congressional testimony of Tony Hayward is not a "finding" of an investigation. The testimony is an out of court statement made during a congressional hearing at which none of the other parties to this litigation were invited or permitted to ask questions. The testimony does not meet any of the hearsay exceptions and should be excluded.

## Conclusion

For the reasons set out above and in its Motion to Exclude Congressional Testimony, Cameron respectfully respects that the Court grant its Motion, and for such other and further relief to which it is justly entitled.

Respectfully submitted,

| | |
|---|---|
| David J. Beck, T.A.<br>　dbeck@brsfirm.com<br>Joe W. Redden, Jr.<br>　jredden@brsfirm.com<br>David W. Jones<br>　djones@brsfirm.com<br>Geoffrey Gannaway<br>　ggannaway@brsfirm.com<br><br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 McKinney, Suite 4500<br>Houston, TX  77010-2010<br>713-951-3700<br>713-951-3720 (fax) | */s/ Phillip A. Wittmann*<br>Phillip A. Wittmann, 13625<br>　pwittman@stonepigman.com<br>Carmelite M. Bertaut, 3054<br>　cbertaut@stonepigman.com<br>Keith B. Hall, 24444<br>　khall@stonepigman.com<br>Jared A. Davidson, 32419<br>　jdavidson@stonepigman.com<br><br>STONE PIGMAN WALTHER WITTMANN L.L.C.<br>546 Carondelet Street<br>New Orleans, Louisiana  70130<br>504-581-3200<br>504-581-3361 (fax)<br><br>**ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION** |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply in Support of its Motion to Exclude Testimony Before Congress has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of November, 2011.

                 */s/ Phillip A. Wittmann*

1076934v.1