UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING INSTANCES OF PRIOR ALLEGED IMPROPER CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

The PSC, the United States, and Halliburton all claim that evidence of other incidents should come into evidence because these systemic "failures in process safety," supposedly caused the Macondo Well incident.  None of these discussions come to terms with BP's motion. The Macondo Well incident may or may not have been caused by a failure of "process safety" at BP.  But that must be established based on BP's conduct – its "process safety" decision, actions, and conduct – *with regard to the Macondo Well*, not based on how its management, employees, and "systems" acted or did not act at other times and in other contexts.  Starkly put, even assuming, as the other parties claim, that "BP failed to learn from and correct known systemic and management-level causes of these previous incidents," Rule 404(b) prohibits the use of this fact to prove that these alleged "systemic and management-level causes" triggered the Macondo Well incident.  Such "proof" does not "complete the story."  Rather, it substitutes unsubstantiated inference and undue prejudice for evidence probative of BP's conduct regarding the Macondo Well.

The PSC first argues that Rule 404(b) does not even apply because evidence of other incidents is "otherwise established." That position is untenable. Despite repeated protestations

1

to the contrary, all parties opposing BP's motion seek to offer evidence of other incidents to show that they were *caused by* BP's "process safety failures" or BP's "safety culture" and that, *therefore*, those same "failures" and "culture" *led to* the Macondo Well incident.  This is precisely what Rule 404(b) prohibits: using prior acts to prove a party acted in the same manner in a subsequent case.[1]

Tellingly, the replying parties all but sidestep the required analysis under Rule 404(b). They argue that the evidence satisfies the relevance requirement of Rule 401 by claiming that the other incidents are "similar" to the Macondo Well because "process safety" provides a common thread linking all incidents together.  This is circular logic: the first hurdle to be cleared is that the *incidents* themselves are similar – not that they fit some theory supposedly linking everything together.  Yet the other parties would have the Court hold that their ipse dixit that all of BP's incidents were caused by the same alleged "systemic" failure therefore renders them similar for admissibility purposes.  Without an underlying set of similar facts, such "similarities" exist nowhere but in the lawyers' imaginations.

Nor do any of the parties makes a serious argument under the second prong of the Rule 404(b) inquiry – that the evidence not violate Rule 403.  Halliburton has a section heading devoted to the issue, but its argument is simply the old chestnut that prejudicial evidence is fine, but unfairly prejudicial evidence is not.  Halliburton provides no substantive response to BP's argument that introduction of this evidence will unfairly imply that BP should be held liable on the basis of other, unrelated conduct.  The PSC takes a different approach, claiming that Rule

---

[1] The parties also try to use the fact that BP's experts discuss these incidents (and BP's conduct with regard to them) as grounds for denying BP's motion in limine.  BP is entitled to respond to others' experts with its own so as to preserve its rights in the event the Court denies this motion.  Should the Court grant BP's motion, there will be no need at trial for any "process safety" expert testimony beyond the narrow topic of "process safety" at the Macondo Well.  Similarly, the parties should not be allowed to circumvent Rule 404(b) via expert reports.  It is not permissible for an expert to rely upon or regurgitate evidence that does not pass the relevance and prejudice tests embodied in Rule 404(b).

403 simply does not apply in bench trials. With all due respect to the Court, and with open acknowledgment that the Rule 403 analysis can be different depending on whether a judge or jury is the finder of fact, there is no justification for taking the position that a Federal Rule of Evidence, expressly *not* limited to jury trials, can or should be ignored. A judge may be better able to police the purposes for which evidence is considered, but that does not justify the admission of evidence that violates the Rule, regardless of who hears it.

Even so, the PSC's argument proves too much, because if Rule 403 is to go by the boards, so too does the Court's power to exclude evidence on the ground that its introduction would cause "undue delay, waste of time, or needless presentation of cumulative evidence." This is perhaps the most pressing reason for excluding this evidence – which threatens to turn the trial into an inquisition into BP's historical conduct. But, passing references aside, none of the oppositions filed to BP's motion ever bother to address this glaring concern – certainly, the issue is never substantively considered by any of the replying parties.[2]

The PSC elaborates on one of the recognized exceptions, "control," claiming that the fact that BP has had accidents in the past shows "the control exerted by BP plc from London." It claims that the Board of Directors' alleged responsibility for "implementing" a safety plan drafted following the Texas City incident in the Gulf of Mexico, and its alleged failure to apply it to MODUs, is probative of BP's liability. The PSC's example, however, actually runs in support of a finding of *inadmissibility*. Nothing about proving this assertion requires the introduction into evidence of anything about the Texas City incident – or any other incident for that matter. If

---

[2] The recent reports filed and testimony given by the PSC's "process safety" experts demonstrate that allowing this evidence would consume several days with testimony and argument concerning not only BP's prior incidents, but also incidents involving other major oil companies – whose safety processes and experience the PSC's experts claim show BP was less safe than its competitors. In fact, BP's safety record is not different from (and in some respects is better than) the safety record of these other companies. Regardless of the outcome of this debate, Rule 404(b) instructs that it is not to be used to prove BP's liability for BP's actions with regard to the Macondo Well.

the Board or anyone else was supposed to follow a plan and failed to do so, the PSC should be required to prove as much without injecting prior conduct evidence into the case.

Halliburton attempts to argue that the challenged evidence shows "absence of mistake or accident." As with the PSC's "control" theory, this theory – were it plausible, which it is not – does not require prior incident evidence. It only requires evidence of BP's "process safety" as it was considered and exercised at the Macondo Well. Likewise, Halliburton's and the PSC's "knowledge" and "causation" arguments also fail. BP's "knowledge" that a failure of process safety could lead to an accident does not depend on the introduction of evidence of other incidents that do not share factual characteristics with the Macondo Well incident. "Causation" will be established or rebutted based on how BP acted with respect to the Macondo Well, not how it acted at other times, in other places, and in different factual circumstances.

The United States also argues that evidence proves "motive." If the parties are intent on showing that BP was motivated to take undue risks and make poor safety decisions based on greed, they should be required to prove as much with evidence that BP in fact took such risks and made such decisions in connection with the Macondo Well – not by trying to establish that BP allegedly took risks or sacrificed safety in wholly different circumstances.

The United States claims that its effort to prove that the Macondo Well incident was the result of "gross negligence or willful misconduct" by BP requires consideration of "all the circumstances" surrounding the incident and that, in turn, this necessitates expanding the scope of the trial to include prior incidents. Not so. The cases cited by the United States simply note that a series of decisions or events leading up to an injury may be admissible even if only the last act actually caused the harm. *See*, *e.g.*, *Water Quality Ins. Syndicate v. United States*, 632 F. Supp. 2d 108, 114-15 (D. Mass. 2009) (decisions made shortly before the accident could be

considered); *Tug Ocean Prince, Inc. v. United States*, 584 F.2d 1151, 1164 (2d Cir. 1978) (same). These cases do not endorse allowing prior incidents into evidence.

The United States' next argument – that prior incident evidence is "intrinsic" – fares no better. Evidence that "completes the story" or provides "the immediate context" is admissible in this case, but this simply begs the question of whether a fire in a chemical plant, or any of the other incidents the parties seek to inject into this case, are somehow an integral part of proving what occurred at the Macondo Well. They are not. No case cited by the United States stretches this concept so far. *See*, *e.g.*, *United States v. Yi*, 460 F.3d 632 (5th Cir. 2006) (in a trial where defendant was charged with bringing counterfeit goods into the country, the jury could hear he was arrested at the same time for immigration violations and attempting to bribe a federal agent).

The final argument of the United States is that BP's "prior violations" are relevant to any assessment of penalties under the Clean Water Act. As an initial matter, there is no reason why evidence of any such prior violation could not be heard if and when it becomes necessary to determine the dollar amount of any penalty to be assessed against BP. More fundamentally, however, as the cases cited by the United States confirm, the "prior violations" of which the Clean Water Act speaks are limited to prior violations *of the Clean Water Act*, and, moreover, to "similar violations." *United States v. Gulf Park Water Co.*, 14 F. Supp. 2d 854, 864 (S.D. Miss. 1998). The United States has not cited any authority for allowing into evidence anything like the diverse array of accidents that they are intent on injecting into this case under the guise of the Clean Water Act's "prior violations" provision.

## CONCLUSION

BP respectfully requests that the Court enter an Order excluding from evidence all documents and testimony concerning other past BP incidents.

5

Dated:  November 28, 2011	Respectfully submitted,

/s / Don K. Haycraft.

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of November, 2011.

                                                                 /s/  Don K. Haycraft__