UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: All Actions  ………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE
TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING
PRIOR ADVERSE CRIMINAL, CIVIL, OR REGULATORY PROCEEDINGS
CONCERNING CONDUCT UNRELATED TO THE MACONDO WELL INCIDENT**

All of the responses filed to BP's motion were consolidated with responses to BP's motion to preclude evidence of prior, unrelated incidents. In these consolidated responses, no party made separate arguments under Rule 404 as to why the fact or results of prior adverse proceedings should be admitted into evidence. Contrary to the assumption made by the consolidated responses, the analysis as to prior legal proceedings is different than the analysis with regard to prior incidents and presents an even more powerful case for exclusion.

When the issue is simply a prior incident, one can argue whether it was similar enough to the Macondo Well incident to warrant consideration at trial. The argument with regard to a prior judgment, fine, or penalty is different. The fact that BP (or anyone else) was judged liable or culpable adds an additional layer of dissimilarity that is impossible to overcome. The purpose of Phase I of the *Deepwater Horizon* trial is to determine liability for the loss of control of the well. One could, hypothetically, make a case that the Court should admit evidence of a prior loss of control of a well, but even then, there would *still* be no grounds for admitting evidence that BP had been fined because of that prior incident. The fact of the fine (as opposed to the loss of control of the well) does not make it any more or less likely that BP is responsible for the loss of

1

control of the Macondo Well.  As noted in BP's opening memorandum, courts routinely make this distinction and exclude such evidence, and no party has cited authority to the contrary.

The second prong of the Rule 404(b) argument – undue prejudice – is likewise different, and even more emphatic in mandating the exclusion of the proffered evidence.  Again, hypothetically, under certain circumstances not present here, parties might be able to debate the degree of prejudice raised by introducing evidence of prior conduct.  But in *this case*, there is no denying that admitting evidence of prior adverse outcomes inescapably forms an impression of guilt or liability that is entirely inconsistent with any notion of fundamental fairness.  Again, no party has addressed this important distinction, and their failure to do so amounts to an admission that they have no basis to dispute BP's proposal to keep this evidence out at trial.

The only portion of BP's motion that any party bothered to respond to in detail was BP's contention that the prior-outcome evidence should also be excluded under Rule 408 – given that many of the items at issue were the result of negotiations, compromises, or settlements with authorities.  Here, Halliburton argues that Rule 408 does not exclude evidence obtained in unrelated, dissimilar proceedings, and that, since BP argues that the other incidents which gave rise to these outcomes were dissimilar, therefore, Rule 408 does not preclude the admission of that evidence.

This is too cute by half.  BP invoked Rule 408 as an alternative ground for excluding such evidence.  In other words, since Rule 404 *requires* a finding of similarity for evidence to be admissible, BP is only relying on Rule 408 to the extent the Court rules that some portion of the evidence in question is similar enough to the Macondo Well incident to overcome Rule 404's similarity requirement.  In such an event, *because of that similarity*, Rule 408 is activated and

serves to bar such evidence, provided that, as BP can show, it embodies the outcome of a settlement or compromise.

Finally, as with prior incident evidence, it would be disingenuous to exclude this evidence as irrelevant or unduly prejudicial or a waste of time and then allow it to be relied upon by experts to express opinions as to BP's conduct or the cause of the Macondo Well incident. And certainly, following a determination of inadmissibility, BP's own experts would likewise be precluded from relying upon these prior incidents in connection with their opinions. The whole point is to limit the issues at trial to those directly relevant to why there was a loss of control at the Macondo Well. Abstract extrapolation from unrelated incidents and prior regulatory proceedings focused on different operations, different facilities, different personnel, different conduct, and different factual circumstances can serve no purpose but to undermine the legitimacy of this trial's outcome.

## **CONCLUSION**

BP respectfully requests that the Court enter an Order excluding from evidence all documents and testimony arising from prior adverse proceedings involving BP.

Dated:  November 28, 2011

Respectfully submitted,

/s / Don K. Haycraft.

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of November, 2011.

/s/ Don K. Haycraft__