UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN
LIMINE TO PRECLUDE THE INTRODUCTION INTO EVIDENCE
OF THE JOINT INVESTIGATION REPORT AND TESTIMONY**

The responses to BP's motion to preclude the introduction of Joint Investigation ("JIT") materials have revealed broad areas of agreement among the parties. All the parties agree that Volume I of the JIT's report is inadmissible, and all but the PSC agree that Volume II is likewise barred from evidence by 46 U.S.C. § 6301. All the parties but the PSC agree that JIT testimony is inadmissible, and BP and the United States agree that this rule does not change simply because a witness is unavailable at trial and that it also precludes the use of JIT testimony to impeach witnesses who do testify at trial. And all the parties agree that certain factual information – objective evidence that exists independently of the JIT – is not inadmissible simply because it may have been used in JIT proceedings. Finally, the parties generally agree that, to the extent documents or testimony is inadmissible, these prohibitions cannot be circumvented by expert witnesses in their reports or testimony.

**I.      Both Volumes of the JIT's Report Are Inadmissible.**

The PSC continues to cling to the position that the "single report" of the JIT is legally divisible so as to allow half of the report into evidence. This flies in the face of both the facts and the law.

1

As recounted in BP's opening memorandum, the *full* JIT was convened "pursuant to" and "in accordance with" *both* MMS authorizing statutes and 46 U.S.C. § 6301.  The plain text of the Convening Order makes clear that, part and parcel with the "joint" nature of the investigative efforts, the *full* investigation was imbued with authority under *both* Coast Guard (*i.e.*, 46 U.S.C. § 6301) and former-MMS, current-BOEMRE statutes.  This grant of investigative authority pursuant to 46 U.S.C. § 6301 did not suddenly end upon issuance of the first volume of the JIT's report – a fact made plain in the text of the second volume of that same report:  "The Convening Order provides that relevant statutes and regulations relating to both the [United States Coast Guard] and [Bureau of Ocean Energy Management, Regulation and Enforcement] govern the JIT and that the JIT's public hearings be conducted in accordance with the [United States Coast Guard]'s rules and procedures relating to Marine Boards of Investigation."  Report at 10.  And, "[u]pon completion" of its investigative efforts, the "Joint Investigation [issued] a *single report* . . . containing the evidence adduced, the facts established thereby, and its conclusions and recommendations."  Convening Order at 2.  The JIT itself described the report as a whole, two volumes notwithstanding:  "The [JIT] today released its final investigative report. . . [t]he report is comprised of Volume I, covering . . . Coast Guard [issues]; Volume II, covering . . . [BOEMRE] issues; and a supplement to Volume I . . . .").  Press Release.  The fact that the Report was divided into areas of Coast Guard and BOEMRE *expertise* does not change the *authority* under which the report was issued.

*Nexen Petroleum* confirms this result.  The plaintiff in that case argued that, because a document reflecting the findings of a Coast Guard 46 U.S.C. § 6301 investigation was generated under a statute other than 46 U.S.C. § 6301, it was therefore admissible.  *Nexen Petroleum U.S.A., Inc. v. Sea Mar Division of Pool Well Services Co.*, Civil Action No. 06-3043, 2007 WL

2874805, at *4 (E.D. La. Sept. 26, 2007).  This was an obvious end run around 46 U.S.C. § 6308, and the court would have none of it.  Noting how the document in question "necessarily reveals the findings of fact, opinions, and conclusions of the investigation[,]" the court reasoned that, were parties able to admit such documents through a "backdoor" on 46 U.S.C. § 6308, they would be able to "frustrate the stated purpose of the law" by "admit[ing] . . . the very material [46 U.S.C. § 6308] seeks to exclude."  *Id.*  The same holds true here – admitting Volume II of the JIT's report would render the exclusion of Volume I a nullity.

## II.    JIT Testimony Is Inadmissible and May Not Be Used for Other Purposes.

The PSC fails to cite *any* support for the proposition that JIT testimony is admissible.  It also fails to distinguish authority holding precisely the contrary.  The PSC's only argument is its own supposition as to what Congress intended in passing the law.  To the extent the Court even needs to engage this issue in terms of policy, the submission of the United States confirms that the policy behind the statute is to guarantee witnesses that their JIT testimony will not be used in subsequent proceedings.

The notion that this statutory protection evaporates simply because the witness who gave the testimony is not present at the trial has no basis in law or logic.  The general guidance in Rule 804 does not trump the exclusionary rule imposed by 46 U.S.C. § 6308.  This would go without saying, but the fact that the statute indicates that it applies "***notwithstanding any other provision of law***" resolves any possible doubt.  As the United States confirms, to engraft this exception into the law would severely undermine the conduct of future investigations.

The PSC and Halliburton's assertion that the statute does not prevent the use of JIT testimony to impeach a witness fares no better.  There is no support for this distinction in the statute, the Federal Rules of Evidence, or the case law.  Indeed, courts have repeatedly warned

3

against allowing parties to circumvent bars on admission "under the guise of impeachment." *See, e.g.*, *Fraiche v. Sonitrol of Baton Rouge*, Civil Action No. 08-392-JJB-DLD, 2011 WL 1168287, at *2 (M.D. La. Mar. 29, 2011) (quoting *Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1011 (5th Cir. 1989)); *see also Martin v. Nabors Offshore Corp.*, Civil Action No. 00-3284, 2002 WL 34359734, at *2 (E.D. La. Apr. 2, 2002).

### III.   Evidence of Independent Objective Facts Is Generally Admissible.

BP agrees that objective, factual materials that either: (1) existed independently of JIT proceedings and just happened to be used in the course of those proceedings (such as pre-existing photographs); or (2) may have been generated in the course of the JIT's work, but would likely have been generated independent of the JIT (such as the work of DNV), is not barred from admission by 46 U.S.C. § 6308.  BP does not expect much controversy to arise with regard to pre-existing evidence that was simply used in the JIT.  Care should be taken, however, to make sure the parties do not distort or abuse this exception with regard to materials generated in connection with the work of the JIT.

Some responses to BP's motion have relied upon *Danos & Curole* for the proposition that certain facts arising in the course of a Coast Guard investigation may be admissible at trial, but have ignored the later case of *Crosby Tugs*, which distinguished *Danos & Curole* and drew a more principled line to separate the admissible from the inadmissible.  *In re Crosby Tugs, L.L.C.*, Civil Action Nos. 02-1225, 02-1222, 2004 WL 5482859, at *2 (E.D. La. Aug. 16, 2004).  In *Crosby Tugs*, the court found photographs taken (by the Coast Guard) in the course of a Coast Guard marine casualty investigation to be ***inadmissible***.  In its opinion, the court emphasized both that an alternative, non-Coast-Guard photograph existed which purportedly covered the

same facts as the photograph at issue and that the methodology of the Coast Guard photograph was not subject to cross-examination.

The lessons here are twofold: (1) to the extent objective material is controversial at all, it should not be used when there is alternative evidence available that was not generated in connection with the JIT; (2) parties must have a full and fair opportunity to challenge provenance and reliability, which may vary depending upon the circumstances. Thus, for example, a photograph taken by the Coast Guard for which a party cannot cross-examine the photographer may be inadmissible, but a photograph taken by DNV where the accuracy of the photograph can be challenged or confirmed at trial would generally be admissible. Note, however, that none of this applies to material generated either by the JIT itself or in the course of actual proceedings, such as advocacy or testimony, all of which is inadmissible.

## IV.  Expert Witnesses Should Play By These Same Rules.

No party has advanced a credible argument for the proposition that, whatever ruling the Court makes regarding the above issues, different rules should apply to experts. The case law explains why: of the many courts that have found this evidence to be inadmissible, not one has gone on to rule that, regardless, experts may rely upon it. To the contrary, the courts have been meticulous in excluding those portions of expert reports (and other items) that rely upon materials barred by 46 U.S.C. § 6308. Particularly in a case such as this, where many of the issues in dispute will be the subject of expert testimony, it would surely be inappropriate to allow the proofs to be shaped by inadmissible JIT evidence under the guise of expert testimony.

## CONCLUSION

BP respectfully requests that the Court enter an Order barring from evidence the report and any transcripts of testimony generated in the course of the JIT and barring the recitation of or reliance upon such materials by expert witnesses in their reports or testimony.

Dated:  November 28, 2011 Respectfully submitted,

/s / Don K. Haycraft.

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of November, 2011.

                                                                         /s/  Don K. Haycraft__