**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| |
|---|
| In re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf Of Mexico, on April 20, 2010 <br><br> This document applies to: *All Cases* |

MDL No. 2179

SECTION: J

JUDGE BARBIER

MAGISTRATE SHUSHAN

**TRANSOCEAN'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION IN LIMINE TO PRECLUDE BLANKET INTRODUCTION
OF THE NATIONAL COMMISSION AND CHIEF COUNSEL REPORTS**

The Federal Rules of Evidence do not permit blanket admission of the Report of the

National Commission and accompanying Chief Counsel's Report (collectively, "the Reports") as

evidence in this civil action. The Rules also prohibit the admission of Tony Hayward's

Congressional testimony as evidence in these proceedings except as a party admission against

BP.

**I.   The Reports Are Inadmissible.**

The Reports are inadmissible hearsay. Plaintiffs (and Defendant Cameron) suggest that

the Reports may be admitted under the exception to the hearsay rule for certain "public records,"

described in Fed. R. Evid. 803(8). But as discussed in Transocean's opening memorandum, the

Reports lack the trustworthiness required for application of the Rule 803(8) exception. The

Reports were produced by a commission and general counsel's staff without expertise in the

subject matter at issue, under a strict six-month time limit, without subpoena power to compel

production of all potentially relevant evidence, and with a mandate to recommend governmental

reforms, a motivation not relevant to these proceedings. The Reports are, in short, insufficiently

trustworthy to be imported into this civil action as evidence of the truth of the matters asserted therein.

This conclusion is reinforced by the fact that the hearsay problem inherent in admission of a written report is only the **first** of the evidentiary problems posed by use of the Reports in this action. *See Dresser v. Ohio Hempery, Inc.*, 2011 WL 2416595, at *9-10 (E.D. La. June 13, 2011) ("hearsay within hearsay," while not necessarily fatal to admission of an alleged public record, militates against admission); *Fowler v. Firestone Tire & Rubber Co.*, 92 F.R.D. 1, 2 (N.D. Miss. 1980) (refusing to admit NHTSA report under 803(8) where the report was not "the product of an adversary proceeding" and was "based, at least in part, on evidence which would clearly be inadmissible if independently offered at the trial of this cause"). The Reports include dozens of references to the JIT proceedings, inadmissible under 46 U.S.C. § 6308, *see e.g.,* National Commission Report at 307-08 nn. 4, 5, 8, 19, 23, 24, 26, 28, 29, 30-33 and many more citations to the "Bly Report," *see, e.g., id.* at 308 nn. 27, 35, 56 – a second level of hearsay which may be admitted into evidence in this action only against BP. The Reports are also (at best) cumulative of admissible evidence and therefore inadmissible under Fed. R. Evid. 403. *See, e.g.*, *Bertucci Contracting Corp. v. M/V Grain Union*, 1996 WL 210712, at *2 (E.D. La. April 29, 1996) (finding Coast Guard report inadmissible under Fed. R. Evid. 403 where it would constitute "needless presentation of cumulative evidence").

The National Commission was not subject to § 6308, presumably did not distinguish between citations to the Bly Report "against" BP or "against" any other party, and was not concerned with eliminating cumulative evidence in an adversary proceeding. But § 6308 and the Federal Rules of Evidence **do** apply in this proceeding, and they should not be circumvented by blanket admission of the Reports into evidence.

II.     **Congressional Testimony is Not Generally Admissible.**

Congressional testimony is likewise inadmissible hearsay as a general rule, and Plaintiffs'

suggestion that Mr. Hayward's Congressional testimony could be admitted against any party

other than BP should be rejected.  Prior testimony is quintessential hearsay, as illustrated by the

fact that Fed. R. Evid. 804(b) specifically delineates the circumstances in which a hearsay

exception for former testimony may be appropriate.  This is entirely consistent with *Cozzo v.*

*Tangipahoa Parish Council--President Government*, 279 F.3d 273 (5th Cir. 2002), and the other

cases cited at pages 7 and 8 of Plaintiffs' November 21, 2011 memorandum [Dkt. 4671].  None

of the cases cited by Plaintiffs stands for the proposition that Congressional testimony may

automatically be admitted in this proceeding as evidence of the truth of the matters asserted.  In

*Cozzo*, for example, a state court judge's comment included in a transcript was admitted as

evidence of the intent of the order, not as evidence of the truth of the matter asserted.

Under Rule 804(b), former testimony would have to be testimony under oath and even

then may be admitted only in specific situations that do not exist here and which plainly are not

satisfied with respect to the use of Mr. Hayward's testimony before Congress.  And even if these

requirements could be satisfied, the substance of the proffered testimony would still have to meet

the requirements of the Federal Rules of Evidence (and not contain additional layers of hearsay,

for example).  There is, in short, no basis for a ruling that Congressional testimony is generally

admissible in this action for use against all parties.

III.    **Conclusion**

For the foregoing reasons and those stated in its opening memorandum, Transocean

respectfully requests that the Court reject the PSC's requests (1) that the Reports be admitted in

Case 2:10-md-02179-CJB-DPC  Document 4747  Filed 11/28/11  Page 4 of 5

their entirety and (2) that the Congressional testimony of Tony Hayward be admitted as to parties

other than BP.

Respectfully submitted,

By:    /s/ Steven L. Roberts                              By:    /s/ Kerry J. Miller
Steven L. Roberts (Texas, No. 17019300)        Kerry J. Miller (Louisiana, No. 24562)
Rachel Giesber Clingman (Texas, No. 00784125)   Frilot, L.L.C.
Kent C. Sullivan (Texas, No. 19487300)          1100 Poydras Street, Suite 3700
Sutherland Asbill & Brennan LLP                 New Orleans, Louisiana 70163
1001 Fannin Street, Suite 3700                  Telephone: (504) 599-8169
Houston, Texas 77002                            Facsimile: (504) 599-8154
Telephone: (713) 470-6100                       Email: kmiller@frilot.com
Facsimile:  (713) 654-1301
Email:  steven.roberts@sutherland.com
rachel.clingman@sutherland.com                  -and-
kent.sullivan@sutherland.com

                                                By:    /s/ Edwin G. Preis, Jr.
                                                Edwin G. Preis, Jr. (Louisiana, No. 10703)
                                                Richard J. Hymel (Louisiana, No. 20230)
                                                Preis & Roy PLC
                                                102 Versailles Boulevard, Suite 400
                                                Lafayette, Louisiana 70501
                                                Telephone: (337) 237-6062
                                                Facsimile: (337) 237-9129
                                                -and-
                                                601 Poydras Street, Suite 1700
                                                New Orleans, Louisiana 70130
                                                Telephone: (504) 581-6062
                                                Facsimile: (504) 522-9129
                                                Email: egp@preisroy.com, rjh@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

4

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com


Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com


*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.


/s/  Kerry J. Miller