

**U.S. Department of Justice**

Civil Division, Torts Branch
Admiralty & Aviation
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
*Overnight Delivery Address:*
*7th Floor, Room 7-5395*
*450 Golden Gate Avenue*
*San Francisco, CA 94102-3463*

Telephone: (415) 436-6648
Facsimile: (415) 436-6632
Email: mike.underhill@usdoj.gov

<u>Via E-Mail and Hand Delivery</u>

November 18, 2011

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

    Re:    <u>United States' Response to BP's Motion in Limine To Preclude the Introduction Into Evidence of Other Governmental Reports and Documents [Doc. 4515]</u>

Dear Judge Barbier and Magistrate Judge Shushan:

    The United States hereby responds to BP's and other defendants' motions in limine to preclude the introduction into evidence of other governmental reports and documents. *See* Motions in Limine by BP, Halliburton, Transocean, and Cameron. [Docket Nos. 4515, 4523, 4521, and 4506, respectively.]

    Given the extraordinary nature of the Deepwater Horizon blowout and oil spill, multiple government entities conducted investigations. The parties have separately addressed the admissibility of the Joint Investigation Team (JIT) report. [Docket Nos. 4511, 4522, 4519, and 4520 and responses to those motions.] The JIT report is inadmissible under a statute specific to marine casualty investigations, 46 U.S.C. § 6308. Similarly, a federal statute precludes the use of a Chemical Safety Board investigation report, 42 U.S.C. § 7412(r)(6)(G). Thus, the JIT report and the Chemical Safety Board report are inadmissible as a matter of law. *See generally In re MNM Boates, Inc.*, 2009 WL 4723178, *1 n.1 (E.D. La. Dec. 4, 2009) (noting the inadmissibility of a Coast Guard report under 46 U.S.C. § 6308).

    In the present motion, BP reserves the right to object to unspecified portions of expert reports that rely on the JIT report or the Chemical Safety Board report. Courts have generally ruled that expert witnesses may not testify about a marine casualty report, and that the marine report does not become admissible simply because expert relies on it or cites its findings. *See Baker Hughes Oilfield Operators v. Seabulk Tankers, Inc.*, 2004 WL 859199 (E.D. La. Apr. 20, 2004). Thus, the JIT report

and the Chemical Safety Board report do not become admissible by being quoted in or attached to an expert's report.[1] An expert report that cites or references the JIT report or Chemical Safety Board report is not necessarily inadmissible, however, nor is the expert automatically barred from offering any testimony. *Id.* In that scenario, the Court would consider whether the expert's opinion is supported by adequate bases outside of the inadmissible sections of the report. *Id.*

Turning to the other challenged reports, the President's Oil Spill Commission Report and the Chief Counsel's Report are public records. The Commission was created by the authority of the President of the United States through an Executive Order.[2] Exec. Order No. 13543, 75 Fed. Reg. 29,397 (May 21, 2010). The Executive Order directed the submission of the "final public report." *Id.* Rule 803(8) of the Federal Rules of Evidence sets forth the hearsay exception for public records and reports. The Supreme Court has held that portions of investigatory reports otherwise admissible under Rule 803(8)(C) are not inadmissible merely because they state a conclusion or opinion. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988). The reports are presumed to be trustworthy under Rule 803(8). *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991).

The Commission Report and the Chief Counsel's Report thus fall under the public records hearsay exception, but the contents of the reports must still be examined for other evidentiary issues under the Federal Rules of Evidence. *See FDIC v. Mmahat*, 907 F.2d 546, 551 (5th Cir. 1990) (examining hearsay issues within public records); *John McShain, Inc. v. Cessna Aircraft Co.*, 563 F.2d 632, 635–36 (3d Cir. 1977) (holding that witness statements found within a government accident report were inadmissible double hearsay). For example, each layer of hearsay in the reports must be accounted for independently by its own hearsay exception. In *McShain*, the Third Circuit affirmed the district court's excluding a large number of reports of a certain type of aircraft accident because of the burden involved in such "a lengthy attempt to sift out admissible hearsay, as well as an inquiry into the 'circumstances bearing on the trustworthiness' of the investigators' conclusions." *Id.* at 636.

---

[1] To the extent certain evidentiary materials in the JIT report might otherwise be admissible at trial, the United States does not object to the use of purely factual evidence, such as raw data, photographs of the BOP, and test data and measurements from BOP testing at Michoud, that otherwise would be unavailable to the parties. This latter type of evidence is, of course, distinguishable from the inadmissible JIT and DNV reports that render findings and conclusions drawn *from* the testing. Those reports, which make findings and conclusions based upon the testing and testing data, are subject to the evidentiary preclusion of 46 U.S.C. § 6308(b).

[2] The Commission was chaired by Senator Bob Graham and William K. Reilly, who previously served as co-chair of the National Commission on Energy Policy and the Administrator of the EPA. (OSC Report, Ex. 4941, App. A, "Commission Members.") The other Commission members have a wide variety of backgrounds and qualifications, including engineering, biological oceanography, and environmental policy, as well as prior experience with the Exxon Valdez oil spill. The Commission appointed Chief Counsel Fred H. Bartlit to investigate root causes of the blowout. The Chief Counsel's report supports the Commission's report, and separately sets forth its investigate methodology. (Ex. 986 at 2-3.)

It is beyond the scope of the present motion to conduct a line-by-line analysis of these large reports to screen them for admissibility. This Circuit has ruled, however, that excluding portions of a government report is an acceptable way to address hearsay within hearsay or other inadmissable evidence contained in a report. *Moss*, 933 F.2d at 1310. Accordingly, if the Court deems the reports to be admissible in part, the reports will need to be redacted to exclude inadmissible portions, including JIT materials, double hearsay, and any other portions of the reports that are inadmissible under the Federal Rules of Evidence.

Finally, BP also seeks to strike congressional hearing testimony. The testimony of witnesses before Congress, and statements of members of Congress themselves, are subject to a straightforward analysis under the Federal Rules of Evidence. The statements and testimony would need to be considered to determine if they are hearsay, and subject to an exception such as state of mind, whether they are offered for the truth of the matter asserted, whether they are subject to admissions by a party-opponent, whether they are prior statements under Rule 801(d)(1), and so on. Analysis would need to be made on a case-by-case basis. Such arguments on specific portions of congressional hearings are not before the Court at this time.

Thank you for your consideration of the United States' response.

                                                                  Respectfully submitted,

                                                                  R. Michael Underhill
                                                                  Attorney in Charge
                                                             Dept. Of Justice, Torts Branch
                                                        West Coast and Pacific Rim Office

cc: (via e-mail)
    Plaintiffs' Liaison Counsel
    States Coordinating Counsel
    Defendants' Liaison Counsel
    Steve O'Rourke, DOJ, ENRD
    Ben Alums
    Mike O'Keefe