UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER |
| Applies to: | § § | MAG. JUDGE SHUSHAN |
| *All cases* and No. 10-2771, No. 10-4536, No. 11-1054, and No. 11-1986 | § § | |

### HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT REGARDING INDEMNITY ISSUES

**NOW INTO COURT**, comes Halliburton Energy Services, Inc. ("HESI") and, pursuant to Fed. R. Civ. P. 56, respectfully files this Motion for Summary Judgment Regarding Indemnity Issues,[1] and respectfully shows the Court as follows:

**I.     Basis For Motion**

As more fully set out in HESI's Memorandum in Support of Its Motion For Summary Judgment Regarding Indemnity Issues and its Statement of Undisputed Material Facts, both incorporated herein by reference, HESI and BP Exploration & Production, Inc. ("BPXP") entered into a contract for services on April 15, 2009 (the "Contract"). The Contract provides that BPXP will indemnify HESI for any and all claims related to a blowout or uncontrolled well condition and for any and all claims relating to pollution and/or contamination from the reservoir.

Specifically, pursuant to § 19.6 of the Contract, BPXP agreed to the following:

---

[1] Prior to the JPML's transfer of HESI's Contract Action to the MDL proceedings, HESI timely filed its Motion to Remand. By filing this summary judgment motion, HESI does not waive its right to seek remand of this case to Texas state court and notes its intent to preserve any rights to such remand as set out in its motion. *See Pavone v. Mississippi Riverboat Amusement Corp.*, 52 F.3d 560, 567-68 (5th Cir. 1995).

**HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR                                                            PAGE** 1
**SUMMARY JUDGMENT REGARDING INDEMNITY ISSUES**

> Subject to Clauses 19.1 and 19.4(b), but notwithstanding anything contained elsewhere in the CONTRACT to the contrary, COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] against all claims, losses, damages, costs (including legal costs) expenses and liabilities resulting from:
>
> ….
>
> (b) blowout, fire, explosion, cratering, or any uncontrolled well condition (including the costs to control a wild well and the removal of debris);
>
> (c) damage to any reservoir, aquifer, geological formation or underground strata or the loss of oil or gas therefrom . . . .

Contract at p. 22.

In addition BPXP also agreed as follows:

> Notwithstanding the provisions of Clause 19.3(a) and except as provided by Clause 19.1(a), Clause 19.1(b), and Clause 19.4(b), COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] from and against any claim of whatsoever nature arising from pollution and/or contamination including without limitation such pollution or contamination from the reservoir or from the property or equipment of COMPANY GROUP [BP and its affiliates] arising from or related to the performance of the CONTRACT.

Contract at pp. 21-22.

Finally, pursuant to the Contract, BPXP agreed to give the indemnity provisions their broadest possible meaning and reach. Specifically, § 19.7 provides:

> All exclusions, releases of liabilities and indemnities given under this Clause (save for those under Clauses 19.3(a) [HESI employees] and 19.3(b) [HESI equipment]) and Clause 21 [consequential losses] shall apply irrespective of cause and notwithstanding the negligence or breach of duty (whether statutory or otherwise) of the indemnified PARTY or any other entity or party and shall apply whether or not the claim, liability, damage, or expense in question is:

>   (a)   predicated on sole, joint or concurrent fault, negligence (whether active, passive or gross), strict liability, statutory duty, contractual indemnity or otherwise at law, or
>
>   (b)   sought directly or indirectly by way of recovery, indemnification, or contribution by any person or entity against COMPANY GROUP, SERVICE COMPANY GROUP, or CONTRACTOR GROUP as the case may be.

Contract at pp. 22-23.

Despite its clear and unambiguous duty to indemnify and defend HESI against the claims arising from the *Deepwater Horizon* Incident, BPXP has failed and refused to do so. BPXP's failure to comply with its indemnity obligations under the Contract constitutes a breach of the Contract. HESI asks this Court to grant summary judgment in its favor and enter a ruling that BPXP is obligated to indemnify HESI fully against any and all claims arising from the *Deepwater Horizon* Incident.

## II.   Relief Requested

Based upon the Contract's clear and unambiguous indemnity provisions, HESI asks that this Court rule, as a matter of law, that HESI is entitled to indemnity from BPXP for any and all claims arising from the *Deepwater Horizon* Incident. More specifically, HESI asks this Court to enter an order:

   1.   Granting HESI judgment in Cause No. 11-cv-1986 that HESI is entitled to full and complete indemnity, including payment of defense costs, from BP for claims related to the *Deepwater Horizon* Incident; and

   2.   Denying BP's contribution claims and denying BP's requested declaratory relief seeking absolution from its indemnity obligations in Cause Nos. 10-md-2179, 10-cv-2771, 10-cv-4536, and 11-cv-1054.

Dated:  November 30, 2011

        Respectfully Submitted,

        **GODWIN RONQUILLO PC**

        **By:**   /s/  *Donald E. Godwin*
        Donald E. Godwin
        *Attorney-in-charge*
        State Bar No. 08056500
        DGodwin@GodwinRonquillo.com
        Bruce W. Bowman, Jr.
        State Bar No. 02752000
        BBowman@GodwinRonquillo.com
        Jenny L. Martinez
        State Bar No. 24013109
        JMartinez@GodwinRonquillo.com
        Floyd R. Hartley, Jr.
        State Bar No. 00798242
        FHartley@GodwinRonquillo.com
        Gavin E. Hill
        State Bar No.  00796756
        GHill@GodwinRonquillo.com
        Renaissance Tower
        1201 Elm, Suite 1700
        Dallas, Texas 75270-2041
        Telephone: (214) 939-4400
        Facsimile: (214) 760-7332

        and

        R. Alan York
        State Bar No. 22167500
        AYork@GodwinRonquillo.com
        Jerry C. von Sternberg
        State Bar No.  20618150
        JVonSternberg@GodwinRonquillo.com
        Misty Hataway-Coné
        State Bar No.  24032277
        MCone@GodwinRonquillo.com
        1331 Lamar, Suite 1665
        Houston, Texas 77010
        Telephone:  713.595.8300
        Facsimile:  713.425.7594

        **ATTORNEYS FOR DEFENDANT**
        **HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Motion for Summary Judgment Regarding Indemnity Issues has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 30th day of November, 2011.

                              /s/ Donald E. Godwin  
                              Donald E. Godwin