**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010, | § | |
| | § | JUDGE BARBIER |
| Applies to: | § | |
| | § | MAG. JUDGE SHUSHAN |
| *All cases* | § | |
| and No. 10-2771, No. 10-4536, No. 11- | § | |
| 1054, and No. 11-1986 | | |

_____

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF**
**HALLIBURTON ENERGY SERVICES, INC.'S**
**MOTION FOR SUMMARY JUDGMENT**
**<u>REGARDING INDEMNITY ISSUES</u>**

   **NOW INTO COURT**, comes Halliburton Energy Services, Inc. ("HESI") and
respectfully files this Statement of Undisputed Material Facts in Support of Its Motion for
Summary Judgment Regarding Indemnity Issues, pursuant to Fed. R. Civ. P. 56 and Local Rule
56.1 (February 2011), and respectfully shows the Court as follows:

   1.     On April 15, 2009, BP Exploration & Production, Inc. ("BPXP") contracted with
HESI to perform cementing operations and provide certain other related support services in the
Gulf of Mexico in the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well
Services, BPM-09-00255 (the "Contract").

   2.     A true and correct copy of the Contract is attached as Exhibit A to HESI's
Memorandum in Support of Its Motion for Summary Judgment Regarding Indemnity Issues.

   3.     At the time of the *Deepwater Horizon* Incident, HESI was providing services to
BPXP pursuant to the Contract at the Macondo well.

   4.     Pursuant to the Contract, and subject only to certain inapplicable exceptions,
BPXP agreed to indemnify HESI for any losses or claims arising out of a blowout, any personal

injury/wrongful death claims by BP employees, any claims arising out of damage to BP's equipment, any claims or losses arising from pollution or contamination from the reservoir, and any third party claims arising out of BP's negligence or breach of duty.

5.      Pursuant to the Contract, and in the event of claims arising from a blowout or uncontrolled well event or claims arising from pollution or contamination from the reservoir, HESI agreed to indemnify BPXP for any personal injury/wrongful death claims by HESI employees, any claims arising out of damage to HESI's equipment, and any claims or losses arising from pollution occurring on HESI's premises or originating from HESI's property or equipment located above the surface of the land or water arising from or relating to the performance of the Contract.

6.      Pursuant to § 19.6 of the Contract, BP agreed to the following:

> Subject to Clauses 19.1 and 19.4(b), but notwithstanding anything contained elsewhere in the CONTRACT to the contrary, COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] against all claims, losses, damages, costs (including legal costs) expenses and liabilities resulting from:
>
> ....
>
> (b) blowout, fire, explosion, cratering, or any uncontrolled well condition (including the costs to control a wild well and the removal of debris);
>
> (c) damage to any reservoir, aquifer, geological formation or underground strata or the loss of oil or gas therefrom . . . .

7.      Pursuant to § 19.4(a) of the Contract, BP agreed to the following:

> Notwithstanding the provisions of Clause 19.3(a) and except as provided by Clause 19.1(a), Clause 19.1(b), and Clause 19.4(b), COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] from and against any claim of whatsoever nature arising from pollution and/or contamination including without limitation such pollution or contamination from the reservoir or from the property

or equipment of COMPANY GROUP [BP and its affiliates] arising from or related to the performance of the CONTRACT.

8.      The Contract contains the following **"FAIR NOTICE DISCLOSURE STATEMENT"** at the very beginning of the Contract:

> BOTH PARTIES TO THIS CONTRACT ACKNOWLEDGE THAT THIS STATEMENT COMPLIES WITH ANY REQUIREMENT TO EXPRESSLY STATE LIABILITY FOR NEGLIGENCE OF THE INDEMNITEE (EXPRESS NEGLIGENCE RULE), IS CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.

9.      Section 19.10 of the Contract provides: "CONTRACTOR [HESI] and COMPANY [BP] expressly acknowledge that the indemnities and releases of liability contained in this CONTRACT require assumption of liability for the negligence of the other party."

10.     Section 19.7 of the Contract provides:

> All exclusions, releases of liabilities and indemnities given under this Clause (save for those under Clauses 19.3(a) [HESI employees] and 19.3(b) [HESI equipment]) and Clause 21 [consequential losses] shall apply irrespective of cause and notwithstanding the negligence or breach of duty (whether statutory or otherwise) of the indemnified PARTY or any other entity or party and shall apply whether or not the claim, liability, damage, or expense in question is:
>
> (a)   predicated on sole, joint or concurrent fault, negligence (whether active, passive or gross), strict liability, statutory duty, contractual indemnity or otherwise at law, or
>
> (b)   sought directly or indirectly by way of recovery, indemnification, or contribution by any person or entity against COMPANY GROUP, SERVICE COMPANY GROUP, or CONTRACTOR GROUP as the case may be.

11.     On May 5, 2010, HESI made a demand on BPXP for indemnity and defense under the Contract (the "Indemnity Demand").

12.     A true and correct copy of the Indemnity Demand is attached as Exhibit C to HESI's Memorandum in Support of Its Motion for Summary Judgment Regarding Indemnity Issues.

13.     On June 25, 2010, BPXP responded to the Indemnity Demand declining indemnity and defense by claiming that it was premature for BPXP to take a definitive position (the "Indemnity Response").

14.     A true and correct copy of the Indemnity Response is attached as Exhibit D to HESI's Memorandum in Support of Its Motion for Summary Judgment Regarding Indemnity Issues.

15.     On August 4, 2010, HESI replied to the Indemnity Response renewing its request that BPXP provide indemnity and defense for claims arising from the *Deepwater Horizon* Incident (the "Indemnity Reply").

16.     A true and correct copy of the Indemnity Reply is attached as Exhibit E to HESI's Memorandum in Support of Its Motion for Summary Judgment Regarding Indemnity Issues.

17.     BPXP has consistently refused to honor its indemnity and defense obligations under the Contract, and has sought to nullify those obligations.

18.     Four HESI employees filed claims relating to the *Deepwater Horizon* Incident.

19.     HESI originally agreed to indemnify BPXP for HESI employee claims, subject to future developing facts.

20.     HESI resolved two of the four employee claims.

21.     In response to indemnity requests from BPXP relating to the two remaining HESI employee claims, HESI informed BPXP that BPXP's failure to honor its indemnity obligations

constituted a prior breach of the Contract's indemnity provisions, relieving HESI of its indemnity obligations (the "HESI Indemnity Denials").

22.     True and correct copies of the HESI Indemnity Denials are attached as Exhibits F and G to HESI's Memorandum in Support of Its Motion for Summary Judgment Regarding Indemnity Issues.

23.     HESI has made no claim relating to losses of its equipment in the *Deepwater Horizon* Incident.

24.     The oil released in association with the *Deepwater Horizon* Incident was released below the surface of the water from the reservoir into which the Macondo well was being drilled.

25.     No pollution relating to the *Deepwater Horizon* Incident occurred on HESI's premises.

26.     No pollution relating to the *Deepwater Horizon* Incident originated from HESI equipment located above the surface of the land or water.

Dated:  November 30, 2011

Respectfully Submitted,

GODWIN RONQUILLO PC

By:  /s/  Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
FHartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
GHill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No.  20618150
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No.  24032277
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment Regarding Indemnity Issues has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 30th day of November, 2011.

/s/ Donald E. Godwin
Donald E. Godwin