# EXHIBIT B

2011-23914 / Court: 157

CAUSE NO. _____

Filed 11 April 19 P4:20
Chris Daniel - District Clerk
Harris County
ED101J016275113
By: Furshilla McGee

| | | |
|---|---|---|
| HALLIBURTON ENERGY SERVICES, INC., | ) | IN THE DISTRICT COURT OF |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | HARRIS COUNTY, TEXAS |
| BP EXPLORATION AND PRODUCTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | ____ JUDICIAL DISTRICT |

## ORIGINAL PETITION

Plaintiff Halliburton Energy Services, Inc. ("HESI") files its Original Petition against Defendant BP Exploration and Production, Inc. ("BP") and, in support of its causes of action, respectfully shows the following:

### I.
### NATURE OF THE CASE

1. On April 15, 2009, BP engaged HESI to perform cementing operations and to provide certain other drilling support services (*e.g.*, mudlogging, measurement while drilling) in the Gulf of Mexico, which came to include the oil and gas well located on Mississippi Canyon Block 252 (the "Macondo Well"). The parties' agreement was memorialized in the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services, BPM-09-00255 (the "Contract"). Pursuant to the Contract, BP agreed to indemnify, release, defend and hold harmless HESI against: (1) all claims, losses, damages, costs (including legal costs) expenses and liabilities arising from blowout, fire, explosion, cratering or any uncontrolled well condition; (2) all pollution and/or contamination claims not originating from HESI's equipment or property; (3) personal injury or wrongful death claims by BP's employees; (4) claims arising out of damage or loss to BP's property or equipment; and (5) claims made by third parties that result from BP's

PLAINTIFF'S ORIGINAL PETITION                                                                                         Page 1

negligence or breach of duty.

2. On April 20, 2010, a blowout, fire, explosion, and uncontrolled well condition (the "Blowout") occurred at the Macondo Well. The Blowout led to the death of 11 individuals, alleged injuries to many others, and a large oil spill in the Gulf of Mexico. As a result, thousands of plaintiffs have filed hundreds of lawsuits against BP and other parties connected to the drilling operations at the Macondo Well, including HESI ("Blowout Litigation").

3. On May 5, 2010, approximately two weeks after the Blowout, HESI asked BP to honor its indemnity obligations under the Contract. At that time, HESI agreed to indemnify BP for claims made by HESI's employees, "tender[ed] to BP the defense and indemnity of Halliburton in all relevant lawsuits and claims related to the [Blowout]" and "request[ed] BP's agreement that it will be responsible for the cost of Halliburton's defense in all such actions and will satisfy any judgments rendered and/or fund settlements thereof." In its response, sent more than a month and a half later, BP claimed that it "cannot determine that it is obligated to defend or indemnify Halliburton." Reserving its rights and deferring any substantive response, BP alleged that "the facts are not sufficiently developed" and it "cannot conclude that it is obligated to defend or indemnify Halliburton." On August 4, 2010, HESI asked BP to reconsider its refusal to accept its defense and indemnity obligations, noting that such obligations were plainly triggered by the Blowout Litigation. Several months later, BP still has not responded. All the conditions precedent to BP's duty to defend and indemnify HESI have occurred. Nonetheless, BP has, to date, refused to satisfy its contractual commitment to defend and indemnify HESI.

4. HESI seeks a declaratory judgment mandating that BP defend HESI in the Blowout Litigation and indemnify and hold HESI harmless against all claims, losses, damages, costs (including legal costs), expenses and liabilities arising out of the Blowout, the explosion

PLAINTIFF'S ORIGINAL PETITION                                                                 Page 2

and fire aboard the Deepwater Horizon drilling rig, and the resulting oil spill. Pursuant to the Contract, HESI also seeks damages arising out of BP's breach of its duty to defend HESI in the Blowout Litigation and its duty to indemnify HESI from all claims, losses, damages, costs (including legal costs), expenses, and liabilities arising out of the Blowout, including, in particular, under Clauses 19.4 and 19.6 of the Contract. HESI further seeks to recover from BP any damages that it suffers due to BP's failure to obtain a reciprocal indemnification provision in favor of HESI from BP's other contractors, in violation of Clause 19.9.

## II.
## DISCOVERY CONTROL PLAN

5.  HESI intends to conduct discovery under TEX. R. CIV. P. 190.4 (Level 3).

## III.
## THE PARTIES

6.  HESI is a Delaware corporation with its principal place of business in Texas.

7.  BP is a Delaware corporation with its principal place of business in Harris County, Texas. BP may be served through its registered agent for process at CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas, 77002.

## IV.
## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over HESI's claims against BP because the relief sought falls within the jurisdictional limits of this Court pursuant to TEX. CIV. PRAC. & REM. CODE § 37.003.

9.  Venue is proper in this judicial district pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(3) because BP's principal office is located in Harris County, Texas. Venue is also proper in Harris County pursuant to TEX. CIV. PRAC. & REM. CODE § 15.020 because § 27.5 of the Contract specifically provides that "venue for the resolution of any such dispute [arising

under the Contract] shall be found in Harris County, Texas."

## V.
## FACTS

### The BP-HESI Indemnity Agreement

10. On April 15, 2009, BP contracted with HESI to perform cementing operations and provide certain other related support services in the Gulf of Mexico. Among other agreements in the Contract, the parties made commitments to indemnify each other in particular circumstances. Generally, BP agreed to indemnify HESI for any losses or claims arising out of a blowout, any personal injury/wrongful death claims by BP employees, any claims arising out of damage to BP's equipment, any claims or losses arising from pollution or contamination, and any third party claims arising out of BP's negligence or breach of duty. While the Contract sets out numerous indemnity obligations between BP and HESI, BP's unequivocal agreement to indemnify HESI for claims arising from a blowout and from pollution or contamination is applicable and controlling regarding the Blowout Litigation.

### Indemnity for Blowout and Uncontrolled Well Event Claims

11. The plain and unequivocal language of the Contract requires BP to defend and indemnify HESI from virtually all claims arising out of the Blowout. Pursuant to § 19.6 of the Contract, BP agreed to the following:

> Subject to Clauses 19.1 and 19.4(b), but notwithstanding anything contained elsewhere in the CONTRACT to the contrary, COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] against all claims, losses, damages, costs (including legal costs) expenses and liabilities resulting from:
>
> ....
>
> (b) blowout, fire, explosion, cratering, or any uncontrolled well condition (including the costs to control a wild well and the removal of debris).

**PLAINTIFF'S ORIGINAL PETITION**  Page 4

(c) damage to any reservoir, aquifer, geological formation or underground strata or the loss of oil or gas therefrom . . . .

12.   The only exceptions to BP's obligation under § 19.6 are contained in §§ 19.1 and 19.4(b) which relate to claims by HESI's employees (which responsibility HESI has accepted), claims arising out of damage to HESI's property or equipment (which claims do not exist), and claims for pollution originating from HESI's property and equipment (which claims are inapplicable here). BP's duty to indemnify HESI for claims arising from a blowout or uncontrolled well condition applies "notwithstanding anything contained elsewhere in the CONTRACT to the contrary."

## Pollution Claims

13.   In addition to BP's obligation under § 19.6(b) to indemnify HESI for claims resulting from a blowout or uncontrolled well event, BP also agreed to indemnify HESI from any claims arising from pollution or contamination, including such claims related to performance of the Contract. More specifically, under § 19.4(a) BP agreed as follows:

> Notwithstanding the provisions of Clause 19.3(a) and except as provided by Clause 19.1(a), Clause 19.1(b), and Clause 19.4(b), COMPANY [BP] shall save, indemnify, release, defend and hold harmless CONTRACTOR GROUP [HESI and its subcontractors] from and against any claim of whatsoever nature arising from pollution and/or contamination including without limitation such pollution or contamination from the reservoir or from the property or equipment of COMPANY GROUP [BP and its affiliates] arising from or related to the performance of the CONTRACT.

14.   Like § 19.6, the only exceptions to § 19.4(a) are contained in §§ 19.1 and 19.4(b), and these exceptions have either been assumed by HESI or do not apply. Outside of these narrow and largely inapplicable exceptions, BP must indemnify HESI from claims arising from pollution or contamination from the reservoir.

PLAINTIFF'S ORIGINAL PETITION                                                                                           Page 5

15. Furthermore, the Agreement contains the following **"FAIR NOTICE DISCLOSURE STATEMENT"** at the top of the first page:

> **BOTH PARTIES TO THIS CONTRACT ACKNOWLEDGE THAT THIS STATEMENT COMPLIES WITH ANY REQUIREMENT TO EXPRESSLY STATE LIABILITY FOR NEGLIGENCE OF THE INDEMNITEE (EXPRESS NEGLIGENCE RULE), IS CONSPICUOUS AND AFFORDS FAIR AND ADEQUATE NOTICE.**

16. This conspicuous fair-notice statement is reinforced by § 19.10 that provides: "CONTRACTOR [HESI] and COMPANY [BP] expressly acknowledge that the indemnities and releases of liability contained in this CONTRACT require assumption of liability for the negligence of the other party."[1]

### BP's Duty to Obtain Reciprocal Indemnity in Favor of HESI

17. Pursuant to § 19.1 of the Contract, HESI agreed to indemnify BP and other companies in the Service Company Group (BP's other contractors) against claims by HESI's employees (an obligation it is currently satisfying) and claims relating to HESI's equipment (inapplicable here). Similarly, BP agreed to obtain reciprocal indemnity obligations from its other contractors indemnifying HESI against claims brought by such other contractors' employees and claims involving such other contractors' equipment.

18. More specifically, under § 19.9 of the Contract, BP was required to:

> use its reasonable endeavors to ensure that in its respective contracts with SERVICE COMPANY(IES) [BP's contractors], the releases of liability, indemnities, defense, save and hold harmless provisions contained in such contracts in favor of CONTRACTOR GROUP [HESI and its subcontractors] shall be substantially similar to the releases of liability, indemnities, defense, save and hold harmless provisions given by CONTRACTOR [HESI] in Clauses 19 [personal injury/wrongful death/property damage] and 21 [consequential losses] herein in favor of SERVICE COMPANY GROUP [BP's contractors].

---

[1] HESI cites these Contract provisions solely to establish fair notice requirements. By citing to these sections of the Contract, HESI does not concede any negligence on its part.

PLAINTIFF'S ORIGINAL PETITION                                                                                   Page 6

19.   In the event BP was unable to obtain such indemnification provisions in favor of HESI from its contractors, BP agreed in § 19.9(b) to "without delay, notify CONTRACTOR [HESI] in writing with details of the additional risk being assumed by CONTRACTOR, as soon as is reasonably practicable thereafter . . . ." And, under that provision, "[f]ailure by COMPANY to issue such written notification as required herein will constitute a material breach of the terms of the CONTRACT."

20.   The agreement between BP and its Contractor, Transocean, does not contain the reciprocal indemnification language required by the Contract. Although BP apparently secured an amendment to its drilling contract with Transocean that includes certain reciprocal indemnification language (Amendment 38), that additional language was not to become effective until the renewal date of the BP-Transocean drilling contract, which would have been in September of 2010. At the time of the Blowout, therefore, there was no effective reciprocal indemnification provision. Prior to the Blowout, further, BP did not notify HESI of any inability to obtain such reciprocal indemnity commitments. And now HESI is a named defendant in a number of suits brought by Transocean employees (among other BP contractors). BP materially breached the Contract by failing to timely obtain reciprocal indemnity from other contractors and failing to provide HESI with notice of such failure.

### The Blowout Litigation and HESI's Indemnification Request

21.   Within days of the Blowout, plaintiffs across the country began filing lawsuits against entities connected with BP's drilling operations at the Macondo well, including various BP entities that operated the well and/or owned a 65% stake in the well (*e.g.*, BP Exploration & Production, Inc.; BP America Production Co.; BP p.l.c.); Anadarko Petroleum Co., Ltd. (owned 25% stake in the well); Moex Offshore (owned 10% stake in the well); Transocean Offshore

PLAINTIFF'S ORIGINAL PETITION                                                                                                Page 7

Certified Document Number: 48500988 - Page 7 of 13

Deepwater Drilling, Inc. (the drilling contractor who provided the drilling rig and services); Cameron International Corp. (manufacturer of the blowout preventer (BOP)); MI-SWACO (the provider of the drilling fluids); and HESI. With a few exceptions, most of those lawsuits fall into one of two categories: (1) personal injury/wrongful death lawsuits relating to workers who were injured or died as a result of the Blowout; and (2) pollution lawsuits brought by individuals and business alleging damages as the result of the oil spill from the Macondo Well.

22. As of the date of this filing, HESI is a named defendant in over 350 lawsuits alleging damages as the result of the Blowout. These lawsuits allege that HESI, among others, is responsible for both personal injuries suffered aboard the Deepwater Horizon and subsequent third party damages incurred as a consequence of the Blowout.

23. On May 5, 2010, HESI notified BP of the Blowout, complying with its notice obligations under § 19.8 of the Contract, which states that:

> If either PARTY becomes aware of any incident likely to give rise to a claim under the above indemnities, they shall notify the other and both PARTIES shall co-operate fully in investigating the incident.

24. In its notification letter, HESI tendered to BP the defense and indemnity of HESI in all relevant lawsuits and claims related to the Blowout, including the cases already filed as well as similar cases to be filed in the future. HESI requested that BP take over the costs of its defense in the Blowout Litigation and satisfy any judgments rendered and/or fund settlements. HESI further notified BP that it considered costs incurred in defense of the Blowout Litigation to fall within BP's indemnity and defense obligations under the Contract.

25. Honoring its own indemnity obligations under the Contract, HESI also agreed to indemnify BP and its contractors against the claims of HESI's employees.

26. On June 25, 2010, BP responded that it could not determine at that time whether it

is obligated to defend or indemnify HESI, that it was "premature for either BP or Halliburton to take a definitive position," and reserved its rights in regard to the indemnities. Although it refused to accept HESI's tender of defense, BP tendered to HESI the defense of two personal injury lawsuits filed by HESI employees. HESI accepted the tender of those two personal injury lawsuits.

27. Despite being a named defendant alongside HESI in the Blowout Litigation and being familiar with the factual allegations of plaintiffs' claims, BP incorrectly claimed that HESI failed to identify the factual and legal predicates on which it intends to rely in invoking §§ 19.4 and 19.6 of the Contract. HESI identified these predicates, but more importantly, BP is independently aware of them, and its obligations are clear under the Contract.

28. On August 4, 2010, HESI identified pertinent provisions of the parties' Contract, reminded BP of its various obligations, and urged BP to reconsider its reservations of rights with respect to HESI's request for indemnity.

29. BP has not responded to HESI's second request for defense and indemnity, and HESI continues to incur the expenses and costs associated with its defense in the Blowout Litigation.

## VI.
## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

30. Paragraphs 1 through 29 are incorporated by reference as if fully set forth herein.

31. All conditions precedent to BP's obligations under the Contract have occurred.

32. Consistent with the Contract, HESI demanded that BP fulfill its indemnification obligations under the Contract.

33.  BP has refused to perform its indemnification obligations to HESI under the Contract.

34.  Defendant BP has materially breached the Agreement in at least the following ways:

   a.  BP failed (and continues to fail) to defend HESI in the Blowout Litigation;

   b.  BP failed (and continues to fail) to save, indemnify, release, defend and hold harmless HESI from and against any claims, losses, damages, costs (including legal costs) expenses, and liabilities arising out of the Blowout;

   c.  BP failed to save, indemnify, release, defend and hold harmless HESI from and against any claims, losses, damages, costs (including legal costs) expenses, and liabilities arising from pollution and/or contamination; associated with the Blowout;

   d.  BP failed to obtain a reciprocal indemnification provision from other contractors through which BP's contractors would agree to indemnify HESI for any claims, losses or damages brought by such contractors' employees and any claims relating to such contractors' equipment *and* BP failed to notify HESI of its failure to secure these reciprocal indemnity obligations.

35.  BP's failures to perform the foregoing material obligations under the Contract constitute material breaches of the Contract, as dictated by § 19.9 of the Contract, and such beaches have caused damages to HESI.

## COUNT II
### (Declaratory Relief)

36.  Paragraphs 1 through 38 are incorporated by reference as if fully set forth herein.

**PLAINTIFF'S ORIGINAL PETITION**            Page 10

Certified Document Number: 48500988 - Page 10 of 13

37. A justiciable controversy exists between HESI and BP as to BP's duties and responsibilities to defend and indemnify HESI in connection with the Blowout Litigation.

38. HESI seeks a declaratory judgment to settle and to afford relief from uncertainty and insecurity with respect to the rights, status, and other legal relations between it and BP under the Contract.

39. First, HESI seeks a declaration that BP has a duty to defend HESI in all litigation arising out of the Blowout and that BP is liable for all costs of defending HESI in the Blowout Litigation, including but not limited to attorneys' fees that HESI has and will incur in the future defending itself therein.

40. Second, HESI seeks a declaration that BP has a duty to indemnify HESI for any and all liability, including attorneys' fees and exemplary damages,[2] if any, arising out of the Blowout and that BP must indemnify HESI and hold HESI harmless against the claims asserted in the Blowout Litigation.

## VII.
## REQUEST FOR DISCLOSURE

41. Pursuant to TEX. R. CIV. P. 194, HESI requests that BP disclose, within 50 days of service of this Petition and request, the information or material described in TEX. R. CIV. P. 194.2.

## VIII.
## CONDITIONS PRECEDENT

42. All conditions precedent to HESI's claim for relief have been performed or have occurred.

---

[2] Section 19.7 of the contract provides that the indemnities therein are applicable regardless of whether claims are predicated on negligence or gross negligence.

PLAINTIFF'S ORIGINAL PETITION                                                    Page 11

## IX.
## DEMAND FOR JURY TRIAL

43.  HESI demands a jury trial and tenders the appropriate fee with this Petition.

### PRAYER FOR RELIEF

WHEREFORE, for these reasons, HESI asks that BP be cited to appear and answer, and on final trial, that HESI has judgment against BP for the following:

a. A declaration mandating that BP save, indemnify, release, defend and hold harmless HESI from and against any claims, losses, damages, costs (including legal costs) expenses, and liabilities arising out of and/or related to the Blowout;

b. Actual damages;

c. Attorneys' fees and costs, including such as are allowed under CIV. PRAC. & REM. CODE § 37.009;

d. Prejudgment and postjudgment interest calculated at the highest rate allowable under the law;

e. Costs of suit;

f. All other relief, in law and in equity, to which HESI may be entitled.

Respectfully submitted

## GODWIN RONQUILLO PC

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@godwinronquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@godwinronquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@godwinronquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@godwinronquillo.com

Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
ayork@godwinronquillo.com
State Bar No. 22167500
Misty Hataway-Coné
mcone@godwinronquillo.com
State Bar No. 24032277

1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR HALLIBURTON ENERGY SERVICES, INC.**

Certified Document Number: 48500988 - Page 13 of 13