# EXHIBIT D

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Richard C. Godfrey, P.C.
To Call Writer Directly:
(312) 862-2391
richard.godfrey@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

June 25, 2010

**BY FIRST CLASS MAIL AND FACSIMILE**

James W. Ferguson
Vice President & Deputy General Counsel
Halliburton Energy Services, Inc.
2107 CityWest Blvd., Bldg. 4-1319A
Houston, Texas 77042-3051
Fax: 713-839-4565

Halliburton Energy Services, Inc.
1401 McKinney Street, Suite 2400
Houston, Texas 77010
ATTN: Merv Swan
Fax: 713-759-2622

Re: Deepwater Horizon Indemnities

Dear Mr. Ferguson:

I am in receipt of your letter dated May 5, 2010 regarding the indemnity provisions in the April 15, 2009 Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services between BP Exploration and Production, Inc. and Halliburton Energy Services, Inc. BPM-09-00255 (the "Contract"). We appreciate your reaching out to us on these important matters and are hopeful that we may be able to reach agreement in how to proceed on these issues.

BP feels strongly that, as a top priority, BP and Halliburton should cooperate to address and resolve, as promptly as possible, the claims of the workers and heirs of workers who suffered personal injury onboard the Deepwater Horizon on April 20, 2010. As discussed in detail below, we are interested in coordinating with you regarding these claims to provide an expeditious and just outcome for those who were injured.

BP also hopes to work with Halliburton in respect to the issues and claims that may implicate the pollution and contamination indemnity provisions of the Contract. These indemnity issues, however, are intertwined with the ongoing investigations and the allegations in the claims asserted to date. Thus, at this time, BP cannot determine that it is obligated to defend or indemnify Halliburton. Accordingly, BP reserves its rights, and acknowledges that Halliburton may want to do the same, in regard to the indemnities set forth in the Contract. In the meantime, BP recommends that we jointly focus our immediate attention on the prompt and fair resolution of the personal injury claims. Our position is more fully set out below.

Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

KIRKLAND & ELLIS LLP

June 25, 2010
Page 2

**Personal Injury Claims.** Clause 19.1(b) of the Contract provides that Halliburton shall defend and indemnify and hold harmless BP from all claims by the employees of Halliburton and its subsidiaries, affiliates or contractors, for personal injury that are related to work performed under the Contract. Under Clause 19.1(b), and any other applicable provisions, BP hereby tenders to Halliburton the defense and indemnity of BP in all actions for personal injury filed by an employee of Halliburton, or any affiliate or contractor, arising out of the Deepwater Horizon incident. This tender includes, but is not limited to, the defense and indemnity of the personal injury claims of Christopher Haire, a Halliburton employee who is a plaintiff in *Davis, et al. v. Cameron Int'l Corp., et al.*, which previously was pending in the District Court of Harris County, Texas as Case No. 2010-27591 and has been removed and currently is pending as Case No. 4:10-cv-01852 in the Southern District of Texas, Houston Division, as well as the personal injury claim of Cathleena Willis, an employee of Sperry Sun which we understand to be an affiliate of Halliburton, filed in *Kritzer, et al. v. Transocean Offshore Deepwater Drilling Inc., et al.*, which previously was pending as Cause No. 62,738 in County Court Three, Galveston County, Texas and has been removed and currently is pending as Case No. 4:10-cv-01854, United States District Court for the Southern District of Texas, Galveston Division. BP's tendering of claims under Clause 19.1(b) is without prejudice to any other rights BP may have. BP has retained Kirkland & Ellis LLP and Andrews Kurth LLP to represent it in the claims and suits in question, and BP requests that these firms continue to represent BP if Halliburton accepts the tender. Given BP's reservation of its rights on the pollution and contamination indemnities, as discussed below, BP will understand and accept that Halliburton may likewise want to reserve its rights regarding the Clause 19.1 indemnity.

Setting aside the ultimate responsibilities under the Contract for the personal injury claims, BP is committed to a prompt and fair resolution of all personal injury claims related to the Deepwater Horizon incident, including those brought by Halliburton's employees. Accordingly, with BP's approval, I have asked John Hickey to serve as BP's liaison to coordinate with Halliburton over the handling of all of the personal injury claims. I have requested that John contact you to arrange a meeting with whomever will serve as Halliburton's liaison for these claims. My hope is that this meeting will produce agreement for how to proceed in bringing these claims to a prompt and fair resolution, while reserving to BP and Halliburton all of their respective defenses toward both the claimants.

**Pollution and Contamination Indemnities.** In regard to the indemnities set forth in Clauses 19.4 and 19.6 of the Contract, the situation is complex, both factually and legally, and we think it is premature for either BP or Halliburton to take a definitive position. BP, congressional subcommittees, government agencies, and others continue to examine the causes of the Deepwater Horizon incident and the conduct and obligations of the various parties, and plaintiffs continue to file additional lawsuits with allegations regarding the facts. In addition,

**KIRKLAND & ELLIS LLP**

June 25, 2010
Page 3

your letter does not identify the factual and legal predicates on which Halliburton intends to rely in invoking Clauses 19.4 and 19.6. Accordingly, at this time, BP cannot conclude that it is obligated to defend or indemnify Halliburton. Indeed, the facts may prove that Halliburton is obligated to defend and indemnify BP or that Halliburton has materially breached the Contract in respect to these matters or otherwise is not entitled to indemnification from BP.

Additional contract provisions are also relevant to this question. For example, under Clause 4.2 of the Contract, Halliburton "shall carry out all of its obligations under the Contract and shall execute the Work with all due care and diligence and with the skill to be expected of a reputable contractor experienced in the types of work to be carried out under the Contract." Likewise, Clause 4.3 provides that Halliburton "shall take full responsibility for the adequacy, stability, health, safety, and environmental protection of all its operations and methods necessary for the performance of the Work ... ."

In addition, under applicable law BP may not be obligated to defend or indemnify Halliburton based on the facts alleged in the pending actions, including but not limited to the allegations that Halliburton was grossly negligent. *See, e.g., Todd Shipyards Corp. v. Turbine Service, Inc.*, 674 F.2d 401, 411 (5th Cir. 1982) ("[g]ross negligence ... will invalidate an exemption from liability"); *Smith v. Golden Triangle Raceway*, 708 S.W.2d 574, 576 (Tex. App. 1986); *Broom v. Leebron & Robinson Rent-A-Car, Inc.*, 626 So. 2d 1212, 1216 (La. Ct. App. 1993). Many of the lawsuits allege that Halliburton was grossly negligent.

Further, if Halliburton's acts materially increased the risk, or prejudiced the rights, of BP, then BP may not be obligated to defend or indemnify Halliburton. *See Hiern v. St. Paul-Mercury Indem. Co.*, 262 F.2d 526, 529 (5th Cir. 1959) (setting forth the "general rule of law that any act on the part of an indemnitee which materially increases the risk, or prejudices the rights, of the indemnitor, will discharge the indemnitor under the contract of indemnity"); *Gen. Ins. Co. of Am. v. Fleeger*, 389 F.2d 159, 161 n. 3 (5th Cir. 1968) ("an act on the part of an indemnitee which materially increases the risk or prejudices the right of the indemnitor will discharge the indemnitor to the extent that he has been damaged as a result of that act"). Many, if not all, of the lawsuits allege that Halliburton was negligent, grossly negligent, or engaged in willful misconduct that, if true, would have materially increased BP's risks or prejudiced its rights.

Because the facts are not sufficiently developed on these issues, BP reserves all of its rights in respect to Clauses 19.4 and 19.6, and we propose, and are willing to accept, a reciprocal reservation of rights from Halliburton. If Halliburton is not prepared to reserve its rights on these issues, then we respectfully request that you identify the operative facts and law that you

## KIRKLAND & ELLIS LLP

June 25, 2010
Page 4

believe establish, at this time, Halliburton's right to indemnification under Clauses 19.4 and 19.6 so that BP may consider these.

    Please let me know if I should direct this letter to another authorized Halliburton representative. Please direct any response in regard to these issues to me, and, as indicated above, please coordinate with John Hickey in regard to the personal injury cases. Thank you for your careful attention to this matter, and do not hesitate to call should you have any questions or would like to discuss any issues raised in this letter.

Sincerely,

*Richard C. Godfrey*, P.C.
Richard C. Godfrey, P.C.