# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

| | | |
|---|---|---|
| Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

November 23, 2011

**HAND DELIVERY**

| | |
|---|---|
| The Honorable Carl J. Barbier<br>United States District Judge<br>United States District Court<br>500 Poydras Street, Room C-268<br>New Orleans, LA 70130 | The Honorable Sally Shushan<br>United States Magistrate Judge<br>United States District Court<br>500 Poydras Street, Room B345<br>New Orleans, LA 70130 |

Re:  MDL 2179--Reply Re E-Mail Strings Produced by Defendants, The Business Records Exception To The Hearsay Rule, and Party Admissions

Dear Judge Barbier and Magistrate Judge Shushan:

BP hereby submits this reply to the PSC in support of its request to exclude certain e-mail strings proffered by the PSC. In its October 17 letter, the PSC argued that "all of the relevant e-mail communications produced by Defendants are admissible business records." (PSC 10/17/2011 Ltr. at 1). The PSC has now backed off that position, but still argues that the business record exception is satisfied if the proponent can "show that the document was 'retained' and 'kept' in the regular course of business." (PSC 11/16/2011 Ltr. at 3 n.4). As discussed below, the PSC's revised standard is also incorrect. However, as also shown below, there are a number of areas for which the parties share common ground.

**1.  The PSC Does Not Dispute That The Party Seeking to Admit Evidence Bears The Burden Of Proof.**

The proffering party bears the burden of proving that it is a party admission or that it qualifies for an exception to the hearsay rule. The PSC does not dispute this.

**2.  The PSC Does Not Dispute That Party Admissions By One Defendant Are Not Admissible In Determining The Liability Of Other Defendants.**

BP's prior submission addressed at length the rule that party admissions by one defendant are not admissible for the purpose of determining the liability of other defendants. In its response, the PSC does not dispute this point.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

### 3.   Transocean's Subpoena Response (TREX-1178) Is Not a Business Record; It Is Only Admissible Against Transocean.

TREX-1178 is Transocean's response to subpoena.  The PSC acknowledges that documents prepared in anticipation of litigation are not business records.  But the PSC argues:

> The fact that a document was used or otherwise produced in response to a subpoena does not exclude the possibility that the document was originally - or also - made and kept in the ordinary course of business.  (PSC 11/16/2011 Ltr. at 4) (emphasis added).

The PSC then suggests that: (1) Appendix H to Transocean's Internal Investigation Report contains the same information as TREX-1178; and (2) it is possible, but not certain, that Appendix H to the Transocean Report was prepared before TREX-1178.  *Id.* at 4-5.

The PSC's arguments are based on speculation, and are insufficient to meet PSC's burden of proving that TREX-1178 is a business record.  First, TREX-1178 contains different information from Appendix H.  Second, the primary drafter of the Transocean Report did not even join the team until November 2010, well after Transocean's response to the June 25 subpoena.  (Walsh Dep. 11:14-20, 75:4-7, Aug. 24, 2011).  Third, the PSC does not know whether the information contained in TREX-1178 was first gathered for TREX-1178, or for Transocean's Internal Investigation.

Notwithstanding its burden of proof, the PSC apparently acknowledges (by use of the phrase "originally - or also," as quoted above) that Appendix H may have been drafted after TREX-1178.  The PSC likewise apparently acknowledges that the information in TREX-1178 may have originally been gathered for Transocean's subpoena response and not for Transocean's internal investigation.  The PSC is thus left with the speculative argument that, even if TREX-1178 was prepared in anticipation of litigation, and even if TREX-1178 was prepared before Appendix H, the writing of Transocean's Report (and Appendix H) somehow cleanses TREX-1178 of the fact that it was prepared in anticipation of litigation and is thus not a business record.  In other words, the PSC is suggesting that a non-business-record becomes a business record if the information from the non-business-record is later included in an internal investigation report.  But the PSC cites no caselaw for this speculative argument.  For example, *Brauninger v. Motes*, 260 F. App'x. 634, 638 (5th Cir. 2007), cited by the PSC, did not involve circumstances where a company had prepared a non-business-record subpoena response which was then rendered a business record because the same information was included in an internal investigation report.

BP respectfully submits that there is a simple answer to this dispute:  if the PSC believes that the Transocean Report contains all the information in TREX-1178, the PSC should seek to admit the Transocean Report.  It is simply cumulative for the PSC to attempt to seek what it alleges to be the same information in the form of two separate documents.

For these reasons, BP respectfully requests that the Court rule that the PSC has not sustained its burden of demonstrating that TREX-1178 is a business record; instead, TREX-1178 is a party admission by Transocean, and thus is only admissible for determining Transocean's liability and not BP's.

### 4. TREX-03112 Contains Two Levels of Hearsay; the PSC Addresses Only One.

As BP explained in its November 11 letter, TREX-3112 contains two levels of hearsay. It is a June 10, 2010 email from Christopher Haire of Halliburton to Vincent Tabler of Halliburton stating, among other things, "I read some report that stated that the two negative tests we did were considered successful?" (TREX 3112) (emphasis added).

This e-mail contains two levels of hearsay: (1) the statements from "some report," and (2) the statements by Mr. Haire characterizing the statements from "some report." The PSC addresses only item (2).[1] But the first level of hearsay - the statements from "some report" - are independently sufficient to render the document inadmissible. *See United States v. Ismoila*, 100 F.3d 380, 392 (5th Cir. 1996) (all levels of hearsay must be cured).

### 5. The PSC Does Not Dispute That, For the Business Records Exception to Apply, the Proponent Must Demonstrate That the Employer Imposed a Business Duty To Make and Maintain Such a Record.

The PSC does not dispute that, for the business records exception to the hearsay rule to apply, the proponent must demonstrate that the employer "imposed a business duty to make and maintain such a record." *See* PSC 11/16/2011 Ltr. at 3 n.4.

The PSC argues, however, that the above standard from *Canatxx* (a case repeatedly) cited by the PSC) and other cases is satisfied if the proponent demonstrates "that the document was 'retained' and 'kept' in the regular course of business." *See* PSC 11/16/2011 Ltr. at 3 n.4. Not so. In addition to demonstrating that the employee regularly retained and kept the document, the proponent must show, inter alia, that: (1) the employee regularly prepared the document; and (2) that the employer required the employee to regularly prepare and maintain the document.[2] As the Fifth Circuit explained in *United States v. Robinson*, 700 F.2d 205 (5th Cir. 1983), even where a clerk "regularly made such notes at meetings of the Board of Supervisors for his own use in his role as county purchasing clerk," the business records exception was not satisfied where the government did not "establish that 'it was the regular practice of that business activity' to have the notes made." *Id.* at 209-10.

The PSC argues that "the law regarding the admissibility of e-mail communications as business records has steadily evolved in favor or an increasingly liberal admissibility standard." (PSC 11/16/2011 Ltr. at 2 n.3). This is untrue. Courts have always required parties seeking to admit e-mails as business records to meet the requirements of Rule 803(6). *See, e.g., Park W. Radiology v. CareCore Nat'l. LLC*, 675 F.Supp.2d 314, 333-34 (S.D.N.Y. 2009) (declining to admit e-mails as business records).

---

[1] While BP does not agree with the PSC's arguments regarding (2), it does not re-address them here, as even a single level of hearsay makes the document inadmissible.

[2] *See, e.g., Wilander v. McDermott, Int'l, Inc.*, 887 F.2d 88, 91 (5th Cir. 1989); *Canatxx Gas Storage, Ltd. v. Silverhawk Capital Partners LLC*, Civil Action No. H-06-1330, 2008 WL 1999234, at *12 (S.D. Tex. May 8, 2008).

### 6. The PSC Does Not Dispute That A Witness Establishing the Foundation For the Business Records Exception Must Have Familiarity With the Record-Keeping System of The Offering Party.

As set forth in *United States v. Pelullo*, 964 F.2d 193 (3d Cir. 1992) - a case originally cited by the PSC - a witness providing the foundation for the business-records exception "<u>have familiarity with the record[s]-keeping system of the [party]</u>." *Id.* at 201-202 (emphasis added) (citation omitted).

### 7. There Are No Special Rules For "Mixed Recipient" Email Communications

The PSC does not cite any cases setting forth special rules for "mixed recipient" e-mail communications, or even a single case that uses the phrase "mixed recipient" e-mail. As with all e-mails and other documents, the standard rules apply <u>to each communication and each level of hearsay in the e-mail string</u>:

- that it was made at or near the time of the matters recorded therein by a person with knowledge of the matters recorded

- that it was maintained and prepared by the employee as a part of a regularly conducted business activity

- that the employer required the employee to maintain and prepare it as part of a regularly conducted business activity

- that the witness establishing foundation have familiarity with the relevant record-keeping systems.[3]

If these requirements are not independently met for each level of the e-mail chain, the document is not admissible. *See United States v. Ismoila*, 100 F.3d 380 at 392 (5th Cir. 1996) (business records requirements must be met for "every other participant in the chain producing the record").

### 8. The PSC Incorrectly Argues That All E-mails "Concerning Activities In Or Around The Macondo Tract" Qualify As Party Admissions.

The PSC incorrectly argues that "any e-mail communication written by a party's employee - and concerning activities in and around the Macondo tract - [is] an admission by a party opponent." (PSC 11/16/2011 Ltr. at 6). This is not true for several reasons that are not addressed by the PSC:

- such communications must also "relate to a matter within the scope of agency or employment," *see* Fed. R. Evid. 801(d)(2)(D),

---

[3] Fed. R. Evid. 803(6); *United States v. Robinson*, 700 F.2d 205 (5th Cir. 1983); *Canatxx Gas Storage, Ltd. v. Silverhawk Capital Partners LLC*, 2008 WL 1999234, at *12 (S.D. Tex. May 8, 2008); *United States v. Pelulo*, 964 F.2d 193 (3d Cir. 1992).

- even if Rule 801(d)(2) is applicable to a particular document, an admission may still be barred under other rules of evidence, such as Rule 401 (relating to relevance) and Rule 702 (relating to opinion testimony). *See Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 763 (7th Cir. 2003).

TREX 6228 -- one of the documents before the Court -- illustrates why these rules are important. TREX 6228 contains an instant message exchange between BP employees Daryl Kellingray and Bryan Chambers, in regard to the MBI hearing about the Macondo tract that they were watching on television or the internet. Accordingly, this document meets the PSC's incorrect test for a party admission: *i.e.*, it "concern[s] activities in and around the Macondo tract." (PSC 11/16/2011 Ltr. at 6. But this document does not meet the actual test for party admission set forth in Rule 801(d)(2)(D), because it does not concern "a matter within the scope of the agency or employment." Fed. R. Evid. 801(d)(2)(D). Instead, TREX 6228 contains a discussion of what MBI lawyers and Mr. John Guide said at MBI hearings about Macondo. The PSC does not dispute that it was not within the scope of either Mr. Kellingray's or Mr. Chambers' employment to analyze or discuss MBI proceedings.[4]

### 9. TREX 3092 Is Not a Cobalt Business Record.

TREX 3092 contains a Cobalt employee's account of MBI hearings. The PSC contends that the portions of TREX 3092 drafted by Halliburton are Halliburton business records. But the PSC then argues - without support or citation to evidence or authority - that "the document would appear to be a business record of Cobalt." (PSC 11/16/2011 Ltr. at 4 n.6). Setting aside the lack of evidence that Cobalt employees summarize MBI hearings in the ordinary course of business, the PSC cites no testimony of any witness who has "familiarity with the record[s]-keeping system of [Cobalt]." *United States v. Pelullo*, 964 F.2d 193, 201-202 (emphasis added) (citation omitted).

Finally, the PSC argues that the Cobalt employee's discussion of MBI hearings "goes to knowledge and notice to Halliburton." (PSC 11/16/2011 Ltr. at 4 n.6). However, the PSC does not explain why notice to Halliburton of MBI testimony is relevant or in dispute. And even if notice to Halliburton of MBI proceedings were at issue, the best evidence of this would be MBI transcripts showing that Halliburton attorneys attended, which are the subject of another motion *in limine.*

As always, we appreciate the Court's time and consideration in this matter.

---

[4] The PSC asserts that BP "has not objected to TREX-6228." (PSC 11/16/2011 Ltr. at 6 n.8). This is not so. The PSC did not include TREX-6228 in its "List of 300," and thus BP did not include an objection to this document in its "List of 300." However, the PSC included testimony taken directly from TREX-6228 in the PSC's deposition designations recently submitted to the Court, and BP objected in its letter of November 11, 2011. Finally, the PSC's November 16, 2011 letter discusses at length TREX 6221 and TREX 6225. But neither of those documents were discussed in the PSC's letter of October 17, 2011 or BP's letter of November 11, 2011. BP does not object to either of these documents.

Respectfully submitted,

/s/ Andrew Langan, P.C.

Andrew Langan, P.C.

cc: Steve Herman
James Roy
Defense Liaison Counsel
Mike Underhill
Hon. Attorney General Luther Strange
Cory Maze
Ben Allums
Mike O'Keefe