

# GODWIN RONQUILLO
A Professional Corporation

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:   214.939.4412
DIRECT FAX:    214.939.4803
DGodwin@GodwinRonquillo.com

DALLAS HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax

GodwinRonquillo.com

November 28, 2011

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

Re:   HESI's Reply To United States' November 18, 2011 Letter Brief
      Regarding Admissibility Of The Joint Investigation Report

Dear Judge Barbier:

In further support of its Motion to Exclude the JIT Report of Investigation [Rec. doc. 4522] ("HESI's Motion"), Halliburton Energy Services, Inc. ("HESI") submits this Reply to the November 18, 2011 Letter Brief of the United States concerning admissibility of the Joint Investigation Report.

I.   **The JIT Report and Associated Testimony May Be Admissible for Impeachment Purposes or for Witnesses Who Invoked Fifth Amendment Rights.**

As stated in HESI's Motion, the JIT Report *might* be admissible for purposes of impeachment and the Court should defer ruling on admissibility for this purpose until trial. Furthermore, the JIT testimony of a witness who is now "unavailable" because of an invocation of Fifth Amendment right against self-incrimination *might* be admissible under certain circumstances under Fed. R. Evid. 804(b) and Fifth Circuit precedent.[1] The two out-of-circuit cases cited by the United States fail to support its position that such testimony is inadmissible

---

[1] The PSC correctly cites to cases from the Eastern District of Louisiana in which courts have deferred ruling on certain marine casualty reports offered for impeachment purposes. The PSC also properly cites to a law review article noting that testimony in a Coast Guard hearing may be used to impeach a witness at trial or be admissible if the witness is "unavailable."

regardless of the circumstances. *See In re Eternity Shipping, Ltd.*, 444 F.Supp. 2d 347, 363 n.56 (D. Md. 2006) and *In re American Milling Co.*, 270 F.Supp. 2d 1068, 1074-75 (E.D. Mo. 2003).

*In re Eternity Shipping, Ltd.* sheds no light on whether 46 U.S.C. § 6301 bars Coast Guard testimony if offered for purposes of impeachment or because invocation of the Fifth Amendment makes a witness "unavailable." The court in *In re Eternity Shipping, Ltd.*, refused to admit a transcript of an inspector's previous interview with the Coast Guard. *See* 444 F.Supp. 2d at 363 n.56. However, the inspector had clearly testified at a subsequent deposition. *See id.* at 355-56. The Coast Guard interview was offered to show that crane defects were present at the time of inspection, not for impeachment of the inspector for prior inconsistent statements. *See id.* at 363.

*In re American Milling Co.* actually supports HESI's position, not that of the United States. Pursuant to 49 U.S.C. § 1154(b), the court ruled that Captain Johnson's testimony before the National Transportation and Safety Board was inadmissible at trial, but only because the court determined that "such documents are not admissible for impeachment purposes as Capt. Johnson's trial testimony was consistent with all prior testimony at these administrative hearings." *In re American Milling Co.*, 270 F.Supp. 2d at 1074. The court clearly considered the possibility that the prior testimony was admissible under Fed. R. Evid. 801(d)(1) despite the statutory prohibition. *See id.* 49 U.S.C. § 1154(b) is relevantly similar to 46 U.S.C. § 6301 in terms of prohibiting admission of a part of a report produced under the relevant statute. Accordingly, *In re American Milling Co.* supports HESI's contention that this Court should defer until trial any ruling on the admissibility of evidence offered for impeachment purposes or because the witness is "unavailable" due to invocation of Fifth Amendment rights against self-incrimination.

Based on the arguments set forth above, HESI respectfully requests that the Court grant its motion to exclude from evidence the entire Report of Investigation of the Joint Investigation Team.

Respectfully submitted,

*Donald E. Godwin*

Donald E. Godwin