

# GODWIN RONQUILLO
A Professional Corporation

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:    214.939.4412
DIRECT FAX:    214.939.4803
DGodwin@GodwinRonquillo.com

DALLAS  HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

November 28, 2011

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

Re:   HESI's Reply To Plaintiffs' Opposition To Its Motion
       To Exclude The JIT Report Of Investigation

Dear Judge Barbier:

In further support of its Motion to Exclude the JIT Report of Investigation [Rec. doc. 4522] ("HESI's Motion"), Halliburton Energy Services, Inc. ("HESI") submits this Reply to Plaintiffs' Opposition to Motions in Limine [Rec. doc. 4649] ("Opposition"), and respectfully shows the Court as follows:

Although the PSC mistakenly contends that the BOEMRE Report (Volume II of the JIT Report) is admissible,[1] it is worth noting that the PSC now accepts HESI's position that the Coast Guard Report (Volume I of the JIT Report) is inadmissible. On page ten of the PSC's Opposition, the PSC states that "Volume 1 is clearly the Coast Guard's marine casualty investigation report and is inadmissible." In fact, the PSC, HESI, BP, Transocean, and Cameron all agree that Volume I of the JIT Report is inadmissible pursuant to 46 U.S.C.A. §6308.

---

[1] The PSC's contention is incorrect for the reasons set forth in HESI's Motion and in the briefing of the United States, Transocean, BP, and Cameron on this particular issue. *See* November 18, 2011 Letter Brief of the United States re "United States' Response to BP's Motion in Limine to Preclude Introduction of Evidence of the Joint Investigation Report and Testimony," pp. 1-3; Transocean's Memorandum in Support of Motion in Limine To Exclude All Parts of the Joint Investigation Team Report [Rec. doc. 4519-1], pp. 3-4; BP's Memorandum in Support of Its Motion in Limine To Preclude The Introduction Into Evidence of the Joint Investigation Report, [Rec. doc. 4511-1], pp. 1-4; Cameron's Memorandum in Support of Motion To Exclude Evidence Regarding MBI Report [Rec. doc. 4520-1], pp. 2-5.

The Honorable Carl J. Barbier
November 28, 2011
Page 2

      Based on the arguments set forth above, HESI respectfully requests that the Court grant its motion to exclude from evidence the entire Report of Investigation of the Joint Investigation Team.

                                    Respectfully submitted,

                                    Donald E. Godwin

1799332 v4-24010/0002 PLEADINGS