

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:     214.939.4412
DIRECT FAX:      214.939.4803
DGodwin@GodwinRonquillo.com

DALLAS   HOUSTON

Attorneys and Counselors

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332   Fax

GodwinRonquillo.com

November 28, 2011

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

      Re:     HESI's Reply in Further Support Of Its Motion To Exclude
                  The National Commission Reports

Dear Judge Barbier:

      Halliburton Energy Services, Inc. ("HESI") filed HESI's Motion to exclude from evidence the report of the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling ("Commission") and its Chief Counsel's report (together, "the Reports"). The PSC and Cameron have failed to support their responding contentions that the Reports are admissible under the public records exception to the hearsay rule.[1]  *See* Fed. R. Evid. 803(8). The PSC's Response and Cameron's Response fail to address many of HESI's points and cite to little relevant authority.  Rec. doc. 4650-1 ("PSC Resp."); Rec. doc. 4644 ("Cameron Resp."). For the reasons set forth in HESI's Motion, as well as those discussed below, Rule 803(8) does not except the Reports from the hearsay rule.

**ARGUMENT AND AUTHORITIES**

      A.     The Commission is not a "public office or agency."  HESI established in its Motion that the Commission is not "a public office or agency." The response by the PSC and Cameron in opposition are unfounded and without authority. PSC Resp. at 4; Cameron Resp. at 3. Both simply ignore the Federal Advisory Committee Act ("FACA") and the limited statutory

---

[1] Similarly, the letter brief submitted by the United States adds nothing substantive to the PSC's arguments.

The Honorable Carl J. Barbier
November 28, 2011
Page 2

role of a presidential advisory committee as "advisory only."  FACA §2(b), 9(b).  Commission members are neither government employees nor public officials.  http://www.oilspillcommission.gov/page/commission-members.  The Commission has no authority and no ability to exercise any sovereign power, or to do anything other than make recommendations.  FACA §§2(b), 9(b).  Accordingly, it cannot be a public office or agency.

     B.    <u>The Reports are not "matters observed" by a public official</u>.  HESI further established that Rule 803(8)(B) cannot apply because the Reports are not "matters observed" by a public official.  The PSC's response, in its entirety, to this assertion is that HESI's argument is "clearly misplaced."[2]  PSC Resp. at 3.  As shown by HESI, and not disputed by the PSC, the Commission members are neither government employees nor public officials and the Commission's sources were not public officials who directly observed matters with a duty imposed by law to report them.  HESI's Motion, at 4.  For the reasons set out in HESI's Motion, Rule 803(8)(B) does not apply to exempt the Reports from the hearsay rule.

     C.    <u>The Commission had no authority to make fact findings</u>.  Pursuant to executive order and statute, the Commission was only given authority to make *recommendations*, not "fact findings" within the meaning of Rule 803(8)(C).[3]  Exec. Order 13,543, 75 Fed. Reg. 29,397 (May 21, 2010); FACA §§2(b), 9(b).  Accordingly, the Commission had no "authority granted by law" to make fact findings.  In noting such in HESI's Motion, HESI cited *United States v. Durrani*, 659 F. Supp. 1183, 1186 (D. Conn. 1987), *aff'd*, 835 F.2d 410 (2nd Cir. 1987).  In response, the PSC labeled HESI's assertions as "vague" and highlighted that the *Durrani* court held that the report at issue was inadmissible because it lacked trustworthiness.[4]  PSC Resp. at 4.  The *Durrani* court did hold the report inadmissible on trustworthiness grounds.  However, the court first observed that the report itself provided a basis for its ruling of inadmissibility under Rule 803(8)(C).  The report in *Durrani* provided that the Board was *not* established as an investigative body or to determine matters of criminal culpability, but rather to gather facts, place them in their proper historical context, and make recommendations.  Accordingly, the court found that the report did not satisfy the Rule 803(8)(C) requirement that factual findings sought to be admitted must result from an investigation made pursuant to authority granted by law.  The same is true here, and the PSC cited no contrary authority in response to *Durrani*[5] and no

---

[2] According to the PSC, HESI's arguments that the Commission is not a "public office or agency," "had no authority granted by law or duty imposed by law to report fact findings," and "did not have any public officials that reported 'matters observed'" are "clearly misplaced," but the PSC addresses only the first two arguments. PSC Resp. at 3.

[3] Ironically, on page 7 of its response, Cameron noted that the Commission was "tasked with providing *recommendations*." (emphasis added).

[4] Cameron simply ignores *Durrani*.

[5] *Durrani* was affirmed by the Second Circuit, which stated the court's ruling was well within its discretion. *United States v. Durrani*, 835 F.2d 410 (2nd Cir. 1987).  As HESI demonstrated in its Motion, the basis on which the Second Circuit stated that the *Durrani* court's exercise of discretion was "perhaps ill-advised" does not apply here.  HESI's Motion at 5, n.3; *see* 835 F.2d at 425.

The Honorable Carl J. Barbier
November 28, 2011
Page 3

contrary authority dealing with a presidential advisory committee or a non-authoritative body of any kind.

      D.    <u>The Reports are not final</u>.  The PSC provides no authority that the Reports are final because they are not drafts, and, as HESI demonstrated, the Reports themselves provide that they are based on incomplete data.  HESI Motion at 6.

      E.    <u>The Reports lack trustworthiness</u>.  Additionally, Rule 803(8) does not apply in this instance because the Reports lack trustworthiness.  HESI's Motion at 6-9.  HESI conducted an analysis of the factors for trustworthiness set forth in the advisory committee notes to Rule 803(8), demonstrating that the committee members lacked special skill, that the hearings were insufficient, and that there were issues with the commission members' motivations.  HESI also pointed out the unsoundness of the commissions' methods, including a lack of procedural safeguards, the lack of subpoena power, and a lack of evidentiary standards.  The combination of these factors establishes that the Reports lack trustworthiness.

      The PSC failed to address the problematic issues HESI raised with regard to the questionable nature of the hearing and the Commission's methods.  As to whether any "special skill and experience" buttresses the trustworthiness of the Reports, the Commission lacked oil and gas experience.  The Commission's mission was, in part, to "examine relevant facts and circumstances concerning the root causes of the Deepwater Horizon oil disaster," yet the Commission did not have one member with <u>any</u> relevant industry experience.  The PSC's argument that the Commission hired staff to offer technical advice,[6] misses this point.  Even assuming that the Commission was a "public office or agency" with "authority granted by law" to make fact findings (which it is not), the persons charged with making those findings lacked the relevant skills and experience.  This lack of experience contributes to the Reports' lack of trustworthiness.

      Attacking HESI's showing of "motivational problems," the PSC interestingly cited two cases in which motivational problems <u>did</u> exist because the reporting bodies—congressional subcommittees—were politically motivated.  PSC Resp. at 5.  Furthermore, political motivation aside, the court in *Durrani* questioned the motivation of the underlying sources due to the notorious nature of the underlying event and the threat of criminal prosecution.  Similar factors and concerns certainly apply in this case.  659 F. Supp. at 1187.

      F.    <u>The Reports are expert reports that do not comply with Rule 702</u>.  Finally, the PSC, the United States, and Cameron fail to address the fact that the Reports are *de facto* expert reports.  As HESI previously noted, the Reports are inadmissible because they are the functional equivalent of expert reports that fail to meet the requirements of Fed. R. Evid. 702.

---

[6] The PSC also states that one of the Commission members is a highly-trained engineer, currently serving as the Dean of the School of Engineering at Harvard University. PSC Resp. at 5. While Dr. Murray is presumably qualified in her field of surface and condensed matter physics, HESI's point was that the Commission exhibits a lack of experience in the <u>energy industry</u>.

## CONCLUSION

      The Reports are not the types of public reports that Rule 803(8) exempts from the hearsay rule. Moreover, the Reports are inadmissible because they are *de facto* expert reports. Accordingly, HESI's Motion to Exclude the Reports should be granted.

      Respectfully submitted,

      *Donald E. Godwin*

      Donald E. Godwin

1798804 v4-24010/0002 CORR