

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:      214.939.4412
DIRECT FAX:       214.939.4803
DGodwin@GodwinRonquillo.com

DALLAS   HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

November 28, 2011

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

    Re:    HESI's Reply to PSC's Response to HESI's Miscellaneous Objection to PSC's "List of 300"

Dear Judge Barbier:

In reply to the PSC's letter of November 18, 2011 regarding HESI's Miscellaneous Objections to the "List of 300," HESI respectfully shows the Court as follows:

**TREX – 20012: N2 Job Summaries.**

This exhibit contains several tables that appear to be portions of spreadsheets regarding cement slurries. The first page and/or title page appears to be missing, and in its place is a handwritten note indicating that these documents are "N2 Summaries." Although the source of the information provided is not identified and the PSC admits that BP produced the document in this incomplete state, the PSC simply declares the document complete for its own purposes. The PSC fails to indicate what effort, if any, has been made to ensure that the document obtained from BP includes all necessary information in its entirety. The PSC's unsupported assertion of completion does not comport with Rule 106 that "an adverse party may require the introduction at that time of any other part or other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Under the Rule, HESI has the right to require the PSC to produce this document in its entirety, and it is not HESI's burden to obtain the remainder of a document the PSC proposes to use as an exhibit. If the PSC is not in

The Honorable Carl J. Barbier
November 28, 2011
Page 2

possession of the document in its entirety, that is not HESI's fault, nor does it negate the requirement for completeness under the Rule.

Furthermore, the PSC's attempt to rely on Federal Rule of Evidence 803(6) as an exception to HESI's hearsay objection is unsubstantiated. To fall under the asserted exception, Rule 803(6) requires that the record or document relied upon was (1) "made at or near the time by, or from information transmitted by, a person with knowledge" and (2) "kept in the course of a regularly conducted business activity." Importantly, these requirements must be "shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification . . . ." The PSC has not offered testimony of the custodian or another qualified witness to meet the requirements to authenticate this collection of information as a data compilation regularly kept by BP in the course of its business. Likewise, the PSC has not provided any certification or written declaration from such a custodian or qualified person and has offered no evidence of a statute permitting certification. The PSC's unsubstantiated assertion that this exhibit is "clearly a data compilation" meets none of the Rule 803 requirements. Therefore, this document is hearsay and inadmissible under the Federal Rules of Evidence.

**TREX – 00380: Cement Slurry and Spacer Testing Protocol.**

The PSC asserts that this document is relevant in that it purports to establish a standard of care for cement slurry testing. However, the mere existence of a **draft** version of a testing protocol does not make any fact of consequence in this case more or less probable, as is required for relevance under Federal Rule of Evidence 401. The PSC has produced no evidence that this draft was in fact an adopted testing protocol governing HESI and/or cementing on the Macondo well at the time of the April 20, 2010 blowout. Therefore, the document should be excluded as irrelevant under Rule 402.

Regardless, even if the document was relevant, it is inadmissible because it lacks the proper foundation and has not been authenticated. The PSC has again offered its unsupported assertion that a document is an "authentic business record," without providing any method of authentication. The PSC relies on Federal Rules of Evidence 901 and 902 to argue that a proper foundation for admissibility can be established through means other than testimony. However, this document does not fall under any of the enumerated categories of self-authenticating documents in Rule 902. Additionally, it does not fall within any of the enumerated illustrations under Rule 901(b). While these illustrations are not an exhaustive list, the PSC must still offer *some* explanation as to how the document could be authenticated, if not through witness testimony. The PSC has failed to do so. Merely stating that testimony is not necessary for authentication and proclaiming a document to be an authentic business record without providing any basis for that assertion is insufficient under the Federal Rules of Evidence.

The Honorable Carl J. Barbier
November 28, 2011
Page 3

**TREX – 01601: E-mail re: INSITE Problems.**

The PSC fails to respond to HESI's point that there is no evidence of any problems with the mudlogger's equipment on April 20, 2010, and no evidence tying the February 2010 lock-up to anything that occurred on April 20, 2010. Accordingly, the PSC has failed to establish how this exhibit is relevant.

**TREX 02003** & **TREX – 02004: E-mails re: Operational Inefficiencies**

The PSC asserts that these emails shed light on the operations of the rig leading up to the April 20, 2010 blowout. However, these emails are irrelevant because they primarily relate to Sperry's operations on a different well and are not in any way pertinent to the circumstances surrounding the incident on April 20, 2010. The emails discuss a contractual obligation regarding Sperry's operations on the Deepwater Horizon when it was drilling the **Kodiak #2 well**. Sperry's contractual obligations relating to other wells are not at issue in this case. The agreements and contractual obligations discussed were entered into long before the Deepwater Horizon began drilling the Macondo well; therefore, discussions regarding such agreements do not have any bearing on any fact of consequence in this matter. Given that the emails do not address any activities or operations on the Deepwater Horizon or the events leading up to the incident on April 20, 2010, they are inadmissible and irrelevant under Rule Federal Rule of Evidence 402.

**TREX – 01047: Robert Bodek E-mail Exchange.**

The PSC fails to provide any basis for its assertion that this email is relevant. Federal Rule of Evidence 401 defines relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." This October 2009 email, written six months before the blowout on the Deepwater Horizon, refers to a different rig (the Marianas).[1] Alex Voltaire, the employee being discussed in the email, was not on board the Deepwater Horizon at any point during drilling operations on the Macondo well. In fact, his only involvement with the Macondo well was his short stint on board the **Marianas** rig in October 2009. The PSC provides no explanation as to how the actions of a single employee aboard a different rig over 6 months prior to the blowout relate in any way to the circumstances surrounding the incident on April 20, 2010. Whether or not Alex Voltaire was performing his job duties adequately on the Marianas rig is not of consequence to the determination of any issue within this case and is therefore irrelevant under Rule 402.

The PSC also argues that this email should be admissible under the business records hearsay exception. However, even if the exhibit was relevant, the PSC has not adequately established its admissibility under the exception claimed. The PSC has,

---

[1] The email begins with the statement by George Gray that "I'm out here on the Marianas."

The Honorable Carl J. Barbier
November 28, 2011
Page 4

again, merely declared a document to be a business record without laying the proper foundation for admissibility under this exception as required by Federal Rule of Evidence 803(6). The PSC even fails to identify precisely *whose* business record this purports to be.[2] No testimony, written certification, or statute permitting certification has been offered toward the PSC's assertion that the email falls within this hearsay exception.

Finally, the PSC's claim that this email constitutes an admission and/or adoptive admission is also unfounded. George Gray, a BP employee, states in the email that he does not believe Alex Voltaire was doing his job properly. In his reply, Earl Fly states "Shawn feels it would be best if Alex did not return to the rig." TREX-01047. At no point in the email does Mr. Fly indicate agreement on his part or on the part of HESI or Sperry as a whole with Mr. Gray's assertion that Mr. Voltaire was not doing his job properly. Further, there is no indication of who "Shawn" is, and there is no explanation of why he or she came to the decision to remove Mr. Voltaire. This cannot be construed as an admission by HESI and at most can be seen as Mr. Fly relaying an opinion that was expressed to him by a person not involved in the email chain. This email is therefore inadmissible hearsay under Federal Rule of Evidence 802.

**TREX – 01057: Robert Bodek E-mail re: Quality of Cement Job.**

This email does not address, or in any way relate, to process safety in deepwater drilling, as the PSC claims. The statement in question is merely a flippant comment that Mr. Bodek himself explained was a joke. *See* Exhibit 2 at 158:13-159:13 (attached to HESI's Nov. 7, 2011 letter, Rec. Doc. 4525). Additionally, Mr. Bodek testified that he lacks personal knowledge regarding cementing and the ability to rate the quality of a cement job. Specifically, Mr. Bodek stated as follows:

> (1) "understanding cement jobs and performing cement jobs aren't in my area of responsibility"; (2) "my involvement in this well ends at wireline evaluation; (3) "operations involved in cementing and temporary abandoning a well do not fall under my role and responsibility"; and (4) "I know very, very, very little about the cementing process."

Thus, this exhibit is inadmissible under Rule 602 due to the lack of personal knowledge of the author of the statement.

HESI agrees that its objections to TREX-04996 and TREX-01966 have been mooted, as noted by the PSC in its November 18, 2011 letter brief.

---

[2] The PSC simply states that "these are business records of both Halliburton and/or BP."

The Honorable Carl J. Barbier
November 28, 2011
Page 5

      Based on the arguments set forth above, HESI respectfully requests that the Court sustain HESI's objections to and/or strike the PSC's Phase I exhibits identified herein.

                                        Respectfully submitted,

                                        Donald E. Godwin