UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § | MDL NO. 2179<br><br>SECTION J |
| This Document Relates To:<br>*All cases and No.: 2-10-cv-2771* | § § § § | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**TRANSOCEAN'S RESPONSE IN OPPOSITION TO
CAMERON'S MOTION FOR SUMMARY JUDGMENT**

Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. (hereinafter collectively referred to as "Transocean") file this Response to the Motion for Summary Judgment of Cameron International Corporation:

Cameron contends that it is entitled to summary judgment on all causes of action asserted against Cameron in Transocean's Rule 13 Cross-Claims/Counter-Claims (Document No. 2068). Cameron bases this contention on Cameron's claim that it is entitled as a matter of law to contractual indemnity for three types of potential liability arising out of the *Deepwater Horizon* explosion, sinking and subsequent discharges from the Macondo well: (1) injuries and deaths of Transocean employees and invitees onboard the *Deepwater Horizon*; (2) damage to Transocean and its affiliates' property; and (3) damages resulting from well pollution. There has never been any dispute about Transocean's contractual indemnity obligations with respect to the first two categories. Transocean consistently and repeatedly acknowledged those indemnity obligations and offered to defend and indemnify Cameron for injuries and deaths of the Purchaser Group. Transocean also accepted its indemnity obligation for property of the Purchaser Group. In

Exhibit 12 to Cameron's Statement of Material Facts, Transocean responded to Cameron's demand for indemnity by accepting responsibility for injuries and deaths of Transocean's employees. The suggestion that Transocean has repudiated its indemnity obligations with respect to the first two categories, above, is incorrect. Transocean agrees it is obligated to indemnify Cameron for injuries and deaths of Purchaser Group and for damage to and loss of property of the Purchaser Group.

Only Cameron's third category of indemnity demands, damages resulting from well pollution, is in dispute. Cameron's demand is based on the following indemnity provision contained in the Terms and Conditions agreement that accompanied the original sale of the blowout preventer (BOP) by Cameron:

> In the event that Purchaser [Transocean] is entitled to indemnity under any contract with its customers or suppliers with respect to pollution, loss of hydrocarbons, damage to reservoirs, loss of hole or other damages associated with blowout or loss of well control, Purchaser will provide Seller Group [Cameron] with the benefit of such indemnity to the fullest extent possible.

(Exhibit 4 to Cameron's Statement of Material Facts).

There are two potential means by which Cameron would be entitled to indemnity. First, Cameron could be entitled to indemnity directly from BP as a named indemnitee or third-party beneficiary under the Drilling Contract. Cameron acknowledges that it is not a named indemnitee or a third-party beneficiary of the Drilling Contract and, therefore, is not entitled to direct indemnity from BP.

Second, if Transocean owed indemnity directly to Cameron, Transocean in turn would be entitled to indemnity from BP under the indemnity provisions of the Drilling Contract. Indeed, Cameron agrees that BP owes indemnity to Transocean, including indemnity obligations of Transocean to Cameron, if any.

According to Cameron, the pollution indemnity provision in the Terms and Conditions agreement, noted above, clearly and unequivocally states that Transocean has a direct obligation to indemnify Cameron for pollution liability, even if caused by Cameron's own fault, even if Transocean is not entitled to indemnity from BP under the Drilling Contract, and although, by Cameron's own admission, Cameron is not a named indemnitee or third-party beneficiary of the Drilling Contract's indemnity provisions.  Settled maritime law requires contractual indemnity provisions to be clearly and unambiguously worded to require the type of indemnity being sought.  In light of this mandate, the pollution indemnity provision in the Terms and Conditions does not clearly and unequivocally impose a direct obligation on Transocean to indemnify Cameron for pollution liability from the Macondo well, particularly not liability resulting from Cameron's own fault.  The provision reflects that Transocean has no direct obligation to indemnify Cameron.  Moreover, because Cameron is not a named indemnitee or third-party beneficiary of the indemnity provisions of the Drilling Contract, there is no "benefit" of the Drilling Contract's indemnity to provide to Cameron, thus it is not "possible," regardless of whether Transocean is entitled to indemnity from BP under the Drilling Contract.

For the aforementioned reasons, Cameron's Motion for Summary Judgment should be denied with regard to Cameron's claims for indemnity for liability for pollution emanating from the Macondo well.

Respectfully submitted,

By:  /s/ Steven L. Roberts  
Steven L. Roberts (Texas, No. 17019300)  
Rachel Giesber Clingman (Texas, No. 00784125)  
Kent C. Sullivan (Texas, No. 19487300)  
Sutherland Asbill & Brennan LLP  
1001 Fannin Street, Suite 3700  
Houston, Texas 77002  
Telephone: (713) 470-6100  
Facsimile: (713) 654-1301  
Email: steven.roberts@sutherland.com,  
rachel.clingman@sutherland.com,  
kent.sullivan@sutherland.com,

By:  /s/ Kerry J. Miller  
Kerry J. Miller (Louisiana, No. 24562)  
Frilot, L.L.C.  
1100 Poydras Street, Suite 3700  
New Orleans, Louisiana 70163  
Telephone: (504) 599-8169  
Facsimile: (504) 599-8154  
Email: kmiller@frilot.com

-and-

By:  /s/ Edwin G. Preis, Jr.  
Edwin G. Preis, Jr. (Louisiana, No. 1070)  
Richard J. Hymel (Louisiana, No. 20230)  
Preis & Roy PLC  
102 Versailles Boulevard, Suite 400  
Lafayette, Louisiana 70501  
Telephone: (337) 237-6062  
Facsimile: (337) 237-9129  
-and-  
601 Poydras Street, Suite 1700  
New Orleans, Louisiana 70130  
Telephone: (504) 581-6062  
Facsimile: (504) 522-9129  
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:  
John M. Elsley (Texas, No. 0591950)  
Royston, Rayzor, Vickery & Williams LLP  
711 Louisiana Street, Suite 500  
Houston, Texas 77002  
Telephone: (713) 224-8380  
Facsimile: (713) 225-9945  
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)  
Goforth Geren Easterling LLP  
4900 Woodway, Suite 750  
Houston, Texas 77056  
Telephone: (713) 650-0022  
Facsimile: (713) 650-1669  
Email: dangoforth@goforthlaw.com

4

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com,
allen.katz@mto.com

*Counsel for Transocean*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and served on all counsel of record though LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 30th day of November, 2011.

/s/  Kerry J. Miller
KERRY J. MILLER