# EXHIBIT A

OPA also allows for the possibility that a Responsible Party may seek statutory contribution from other parties. However, where, as here, BP has entered into a contractual indemnity agreement with HESI that specifically addresses liability arising from contribution claims, and where such a broad indemnity agreement is specifically authorized by the statute under which BP seeks contribution, BP's claim must be subject to the intent of the parties as expressed in the Contract. BP agreed to indemnify HESI for exactly the type of claim it now seeks to assert, and this Court should grant HESI's summary judgment to enforce the contractual indemnity agreement. *See e.g., Joslyn Mfg. Co. v. Koppers Co.*, 40 F.3d 750, 754 (5th Cir. 1994) (noting that, like OPA, "[w]hile CERCLA does not permit the avoidance of liability *vis-à-vis* the government, both CERCLA and LEQA specifically recognize the enforceability of indemnification agreements which allocate environmental liability among responsible parties.").

### C. Allegations of Gross Negligence Do Not Nullify BP's Indemnity Obligations.

In its indemnity response letter and in its claims, BP has raised the issue of whether HESI's actions related to the Macondo well constitute gross negligence. *See e.g.*, Ex. D; *see also* (Dkt. No. 2082, 2083). HESI maintains that its actions, directed and approved by BP, were not negligent, much less grossly negligent. Nonetheless, even presuming that HESI's actions did constitute gross negligence, which HESI denies, that fact would be insufficient to nullify BP's contractual indemnity obligations to HESI. Furthermore, BP has an existing duty to defend HESI regardless of whether gross negligence is ultimately found to be indemnifiable.[9]

---

[9] The duty to defend is separate and distinct from the duty to indemnify and that distinction is recognized and enforced under maritime law. *See, e.g., Clement v. Marathon Oil Co.*, 724 F. Supp. 431, 433 (E.D. La. 1989) (finding (a) allegations in complaint fell within the terms of the indemnification clause; (b) vessel owner owed indemnitee a defense; and (c) vessel owner "*should have assumed [indemnitee's] defense based on the contract and pleadings*") (emphasis added); *In re Horizon Vessels, Inc.*, No. H-03-3280, 2005 U.S. Dist. LEXIS 42110, *38 (S.D. Tex. Nov. 18, 2005), *opinion adopted as modified*, 2005 U.S. Dist. LEXIS 42117 (S.D. Tex. Dec. 22, 2005) (holding that, under maritime law, the general contractor was entitled to the cost of defending itself in the ongoing action). The duty to defend is triggered by the allegations in the pleadings and exists even where some of the allegations in the underlying action fall outside of the indemnification provision. *See Valley Health Systems, LLC v.*