# Exhibit 14

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ACY J. COOPER, JR. AND RONNIE LOUIS ANDERSON, ETC. | CIVIL ACTION |
| VERSUS | NO. 10-1229 |
| BP, plc, ET AL | SECTION "N" (1) |

# <u>O R D E R</u>

Subject to further orders of the Court, **IT IS ORDERED** that Plaintiffs' request for a Protective Order is hereby **GRANTED** in the following respects:

## I. PRESERVATION ORDER

1. The Defendants, Transocean Offshore Deepwater Drilling, Inc., Deepwater Horizon, BP Products North America, Inc., Halliburton Energy Services, Cameron International Corporation d/b/a Cameron Systems Corporation and MI SWACO, through their officers, agents, employees, and subcontractors, are ordered:

(a) To reasonably refrain and resist from any changing, alteration and/or destruction of any documents pertaining to the April 20, 2010 explosion or subsequent efforts expended in connection with such event, including all information stored, held or maintained in electronic format or via the internet; and to take immediate action to prevent the automatic and/or systematic programmed deletion or discarding of such documents.

1

(b)  To reasonably refrain and resist from any changing, alteration and/or destruction of any and all tools, instrumentalities, and/or devices which may have been used by workers, in any capacity, as well as any work authorizations or other documents indicating status of work at the time of the event in question as well as any and all physical evidence of any kind in any way connected with the accident and/or accident scene in question.

2.    This order shall **not** be construed in any way to restrict the direction or activities of any of the Defendants or any local, state or federal governmental entity or agency in their investigation, recovery, well control, remedial or rescue efforts.

3.    Except for good cause shown, each Defendant shall create and maintain and promptly update a confidentiality/privilege log in a searchable electronic format that can be used with commercially available database software (e.g., Microsoft Access) identifying the following information for each document produced or made available in this litigation: the documents (a) beginning and ending Bates numbers; (b) date; (c) title; (d) document type; (e) author(s); (f) recipient(s); and (g) confidentiality status (e.g., Confidential, Highly Confidential, or Non--Confidential, as defined hereinbelow).  Each Defendant shall update the confidentiality/privilege log on the first business day of each month. Each confidentiality/privilege log shall reflect all documents produced or declared confidential by the Defendant by the fifteenth day of the prior month. Documents designated "Confidential-Subject to Protective Order" or "Highly Confidential-Subject to Protective Order" that inadvertently do not appear on the confidentiality/privilege log are nonetheless "Confidential" or "Highly Confidential Information" under this Order.

4.    Such confidentiality/privilege log shall be subject to prompt production at a future date and time pursuant to further Order of the Court.  Production of such confidentiality/privilege log shall be made within seven (7) days of any such order, and the confidentiality/privilege log produced shall be complete up through the fifteenth day of the month prior to that in which it is produced.

5.    It is expressly understood by and between the parties that in identifying and designating Confidential Information or Highly Confidential-Restricted Information in this litigation, the parties shall be relying upon the terms and conditions of this Protective Order.

6.    No provisions of this Protective Order shall restrict any party's counsel from rendering advice to its clients with respect to this Action and, in the course thereof, relying upon Confidential or Highly Confidential Information, provided that in rendering such advice, counsel shall not disclose any other party's Confidential or Highly Confidential Information other than in a manner provided for in this Protective Order.

7.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended, modified, superseded or vacated.  This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this Action.

## II.  PROTECTIVE ORDER

8.    **IT IS FURTHER ORDERED** that, for purposes of this Order, the Designation of Confidential or Highly Confidential-Restricted Information are defined and treated as follows:

3

(1)    *"Confidential Information"* as used herein means any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, whether it is a document (electronic or otherwise), information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory response, or information otherwise revealed.  In designating discovery materials as Confidential Information, the Producing Party shall do so in good faith consistent with the provisions of this Protective Order and the rulings of the Court, and shall not be overly broad in designating information as Confidential Information under this Protective Order.

Specific documents and discovery responses produced by a Producing Party shall be designated as Confidential Information by marking the pages of the document that contain Confidential Information as follows: "CONFIDENTIAL  —  SUBJECT TO PROTECTIVE ORDER."

(2)    *"Highly Confidential-Restricted Information"* as used herein means any information that the Producing Party believes in good faith constitutes, reflects, discloses, or contains information subject to protection under Fed. R. Civ. P. 26(c) or other applicable law, and that contain highly sensitive and competitive information, the disclosure of which to persons other than those designated in this Protective Order would pose a substantial risk of serious harm, economic or otherwise, to the Producing Party.   In designating discovery materials as Highly Confidential-Restricted Information, the Producing Party shall do so in good faith consistent with

4

the provisions of this Protective Order and the rulings of the Court, and shall not be overly broad in designating information as Confidential Information under this Protective Order.

Specific documents and discovery responses produced by a Producing Party shall be designated as Highly Confidential-Restricted Information by marking the pages of the document that contain Confidential Information as follows: "HIGHLY CONFIDENTIAL — RESTRICTED — SUBJECT TO PROTECTIVE ORDER."

(3)   Where the Producing Party is a defendant, "Competitor" as used herein shall mean any other defendant that provides the same or similar services as the Producing Party.

(4)   Information, other than .tiff images, produced in electronic form (including but not limited to electronic files, databases, programs, tapes, discs or other electronic information) ("Electronic Material") not physically marked as otherwise required under Paragraphs (1) and (2) above, may be designated as Confidential or Highly Confidential-Restricted by marking the outside of the storage medium on which the information is produced or by making the designation in writing. The Receiving Party shall mark any hard copy print-outs and the storage medium of any permissible copies of Electronic Material designated as Confidential or Highly Confidential-Restricted with the appropriate "CONFIDENTIAL  —  SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL-RESTRICTED  —  SUBJECT TO PROTECTIVE ORDER" legend.

(5)   Information disclosed at a deposition taken in connection with this Action may be designated by the Producing Party as Confidential Information or Highly Confidential-Restricted Information by designating the portions of the transcript in a letter to be served on the court reporter and all counsel within seven (7) business days of the date the court reporter makes the transcript

5

available for the Producing Party's review.  The letter shall direct the court reporter to indicate the portions designated as Confidential Information or Highly Confidential-Restricted Information and segregate them as appropriate.  Designations of transcripts will apply to audio, video, or other recordings of the testimony.  The court reporter shall clearly mark any transcript released prior to the expiration of the seven (7) day period as "Confidential-Subject to Further Confidentiality Review" or "Highly Confidential-Restricted Information."  Such transcripts will be treated as Confidential Information or Highly Confidential-Restricted Information and shall be fully subject to this Protective Order, until the expiration of the seven (7) days after the transcript was made available by the court reporter.  If the Producing Party does not serve a designation letter within the seven (7) day period, then the entire transcript will be deemed not to contain Confidential Information or Highly Confidential-Restricted Information.  The parties may agree to a reasonable extension of the seven (7) day period for serving the designation letter.

   (6) A party in this Action may designate as Confidential or Highly Confidential-Restricted any document or information produced, or testimony given, by any other person or entity that the party reasonably believes qualifies as such party's Confidential or Highly Confidential Information pursuant to this Protective Order.  If any third party produces information that any party in good faith believes constitutes its Confidential or Highly Confidential-Restricted Information, the party claiming confidentiality shall designate the information as such within seven (7) days of its receipt of such information.  Any party receiving information from a third party shall treat such information pursuant to this Protective Order during this seven (7) day period while all parties have an opportunity to review the information and determine if it should be designated as Confidential or

Highly Confidential-Restricted Information. Any party designating third party information as Confidential or Highly Confidential-Restricted shall have the same rights as a Producing Party under this Order with respect to such information.

(7) Subject to Paragraph (11) below, the Receiving Party may disclose Confidential Information only to the following people:

   (a)   Counsel for the Receiving Party, including any in-house counsel employed by such party, and the attorneys, paralegals, stenographic, and clerical staff employed by such counsel who are working on the Action under the direction of such counsel and to whom it is necessary that the Confidential Information be disclosed for purposes of the Action;

   (b)   With respect to any Confidential Information produced by any plaintiff or third party with respect to plaintiff, any employee of the Defendants to whom it is necessary to disclose such information for the purpose of assisting in, or consulting with respect to, the preparation of this Action;

   (c)   Stenographic employees, court reporters, and videographers recording or transcribing testimony in this Action;

(d)    The Court, any Special Master appointed by the Court, and any members of their staffs to whom it is necessary to disclose the Confidential Information;

(e)    Subject to Paragraph (5), any witness during a deposition;

(f)    Counsel for claimants in other pending litigation alleging property damage, personal injury, or any economic loss arising from the alleged contamination: (i) already operating under a protective order governing the use of confidential information, or (ii) agrees to be bound by this Order and signs the certification described in Paragraph (9) below;

(g)    Any outside consultant or expert who has signed the certification described in Paragraph (9) below; and

(h)    Any representative of any of the Receiving Party's insurance carriers who has signed the certification described in Paragraph (9) below.

(8)  The Receiving Party may disclose Highly Confidential-Restricted Information only to the following people:

(a)    Outside Counsel for Defendants in this Action, including attorneys, paralegals, stenographic and clerical staff employed by such counsel who are working on the Action under the direction of such counsel and to whom it is necessary that the Highly Confidential-Restricted Information be disclosed for purposes of the Action;

(b)     In-house attorneys for Plaintiffs who are primarily responsible for the litigation and prosecution of the Action.  In-house attorneys for Plaintiffs who are not responsible for the litigation and prosecution of the Action, including any in-house attorneys with business relationships with any Plaintiff or Defendants or with any other day-to-day interactions with any Plaintiff or Defendants shall not have access to Highly Confidential Documents outside of those produced by the individual Plaintiff;

(c)     In-house attorneys for Defendants who are primarily responsible for the litigation and defense of the Action.  In-house attorneys for Defendants who are not responsible for the litigation and defense of the Action, including any in-house attorneys with business relationships with any Co-Defendant or with any other day-to-day interactions with any Co-Defendant shall not have access to Highly Confidential Documents outside of those produced by Defendants;

(d)     The Court, provided that the Highly Confidential-Restricted documents are filed under seal as set forth in Paragraph (20)(a) below;

(e)     Stenographic employees, court reporters, and videographers recording or transcribing testimony in this Action;

(f)     Any outside consultant or expert that has signed the certification described in Paragraph (9) below;

9

(g)     Subject to Paragraph (10) below, any witness during a deposition. Where a witness was a former employee, consultant, or agent of a Producing Party, and a current employee, consultant, or agent of a "Competitor" as defined in Paragraph (3), the parties shall meet and confer on an appropriate deposition protocol that protects "Highly Confidential" information;

(h)     Counsel for claimants in other pending litigation alleging property damage, personal injury, or any economic loss arising from the alleged contamination, provided that the proposed recipient is: (i) already operating under a protective order governing the use of confidential information, or (ii) agrees to be bound by this Order and signs the certification described in Paragraph (9) below; and

(i)     Any representative of any of the Receiving Party's insurance carriers who has signed the certification described in Paragraph (9) below.

(9)  Before disclosing any Confidential Information or Highly Confidential-Restricted Information to any person as permitted by this Order (other than the Court and its staff), such person shall be provided with a copy of this Protective Order, which he or she shall read.  Upon reading this Protective Order, such person shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms.  A file of all executed Certifications shall be maintained by outside counsel for the party obtaining them and shall be made available, upon request, for inspection by the Court *in camera*.  Persons who come into

contact with Confidential Information for clerical or administrative purposes, and who do not retain copies or extracts thereof, are not required to execute Certifications.

(10)   Before disclosing Confidential or Highly Confidential-Restricted Information to any person who is, independent of this litigation, a current director, officer, employee of, consultant to, or counsel for a "Competitor" as defined in Paragraph (3) above, the party wishing to make such disclosure shall give at least ten (10) days advance notice in writing to the counsel for the party who designated such information as confidential, providing the counsel who designated such information as Confidential with information concerning the proposed recipient that does not identify the proposed recipient but is sufficient to permit an informed decision to be made with respect to any potential objection.  If there is no consent to the disclosure within ten (10) days, the party wishing to make the disclosure may submit the information to the Court for a determination of whether the disclosure may be made.  The objecting party will have opportunities to (1) request that the Court direct the party wishing to make disclosure to produce additional information about the proposed recipient and (2) submit such papers and argument as it may feel necessary to allow the Court to make an informed decision.  If a motion is filed objecting to the proposed disclosure, the designated document or item shall not be disclosed unless and until ten days have elapsed after the appeal period from a Court order denying the motion.  Because only the party seeking to make the disclosure may know who the proposed recipient is, it is the responsibility of the party seeking to make the disclosure to determine prior to making any disclosure whether the proposed recipient is a person described in this Paragraph.

(11)    Disclosure of Confidential Information or Highly Confidential-Restricted Information beyond the terms of this Protective Order may be made only if the Producing Party designating the material as Confidential or Highly-Confidential-Restricted consents in writing to such disclosure, or if the Court, after reasonable notice to all affected parties, orders such disclosure.

(12)    The Receiving Party, and any other persons having knowledge of Confidential Information or Highly Confidential-Restricted Information by virtue of their participation in this action, or by virtue of obtaining documents produced or disclosed in this Action pursuant to this Protective Order, shall use such Confidential Information or Highly Confidential-Restricted Information only as permitted herein.

(13)    This Protective Order does not address the offering of Confidential Information or Highly Confidential-Restricted Information in evidence at trial or any court hearing, but nothing contained in this Protective Order shall preclude any party from moving the Court at an appropriate time for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.

(14)    Nothing contained in this Protective Order shall preclude any party from using its own Confidential or Highly Confidential-Restricted Information in any manner it sees fit, without prior consent of any party or the Court.

12

(15)   Counsel shall take all reasonable and necessary steps to assure the security of any Confidential or Highly Confidential-Restricted Information and limit access to those persons authorized by this Order.

(16)   Any party that is served with a subpoena, formal written request from any state or federal government agency, or court order compelling the production of discovery materials produced by another party, which discovery materials have been designated as Confidential or Highly Confidential-Restricted Information, must immediately give written notice of such subpoena, formal written request from any state or federal government agency, or court order to the original Producing Party.  Upon receiving copies of such requests, the original Producing Party shall bear the burden of opposing, if it deems appropriate, the subpoena or other request on grounds of confidentiality.

(17)   If a Receiving Party learns of any unauthorized disclosure of Confidential or Highly Confidential-Restricted Information, it shall immediately upon learning of such disclosure (a) inform the Producing Party in writing of all pertinent facts relating to such disclosure, (b) make all reasonable efforts to prevent disclosure by each unauthorized person who received such information, and (c) make its best efforts to retrieve copies of the Confidential or Highly Confidential-Restricted Information.

(18)   Upon the conclusion of any attorney's last case in this Action, including any appeals related thereto, at the written request and option of the Producing Party, all discovery materials produced by the Producing Party and any and all copies, summaries, notes, compilations (electronic or otherwise), and memoranda related thereto, shall be returned within thirty (30) calendar

days to the Producing Party, provided, however, that counsel may retain their privileged communications, work product, certifications pursuant to Paragraph (9), and all court-filed documents even though they contain discovery materials produced by the Producing Party, but such retained privileged communications and work product and court-filed documents shall remain subject to the terms of this Protective Order. At the written request of the Producing Party, any person or entity having custody or control of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing discovery materials produced by the Producing Party shall deliver to the Producing Party an affidavit certifying that reasonable efforts have been made to assure that all such discovery materials produced by the Producing Party and any copies thereof, any and all records, notes, memoranda, summaries, or other written material regarding the discovery materials produced by the Producing Party (except for privileged communications, work product and court-filed documents as stated above) have been delivered to the Producing Party in accordance with the terms of this Protective Order.

(19) Changes in Designation of Information shall be treated as follows:

      (a) Inadvertent production of any document or information without a designation of confidentiality will not be deemed to waive a later claim to its Confidential or Highly Confidential-Restricted nature or preclude the Producing Party from designating such document or information as Confidential or Highly Confidential-Restricted at a later date.

14

(b)     Any Producing Party may designate as Confidential or Highly Confidential-Restricted, or withdraw such a designation from, any material that it has produced. Such redesignation shall be accomplished by notifying counsel for each party in writing of such redesignation. Upon receipt of any re-designation that designates material as Confidential or Highly Confidential-Restricted, the Receiving Party shall (a) treat such material in accordance with this Order, (b) take reasonable steps to notify any persons known to have possession of any such material of the re-designation under this Protective Order, and (c) promptly endeavor to retrieve all copies of such material from any persons known to have possession of such material who are not authorized to receive it under this Order.

(c)     Any party may object to the propriety of the designation (or re-designation) of specific material as Confidential or Highly Confidential-Restricted by serving a written objection upon the Producing Party's counsel. The Producing Party or its counsel shall thereafter, within ten (10) calendar days, respond to such objection in writing by either: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. If the Objecting Party and the Producing Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue after meeting and

conferring, the Objecting Party may move the Court for an order striking the designation within ten (10) days after written notice that the parties meet and confer efforts have ended. Counsel may agree to reasonable extensions or reductions of the ten (10) day period, if necessary, and nothing herein shall prevent a party from requesting expedited consideration by the Court. On such a motion, the Producing Party shall have the burden of proving that good cause exists for the designation at issue and that the material is entitled to protection as Confidential or Highly Confidential-Restricted Information under applicable law. The material(s) in issue shall continue to be treated in the manner as designated by the Producing Party until the Court orders otherwise. A Receiving Party does not waive its right to challenge a Confidential or Highly Confidential-Restricted Information designation by electing not to raise a challenge promptly after the original designation is disclosed and may challenge a designation at such time as the Receiving Party deems appropriate.

(20) **IT IS FURTHER ORDERED** Service and Filing of Papers With Confidential or Highly-Confidential-Restricted Information is as follows:

16

(a)     The Parties will use the following procedure for submitting to the Court papers consisting of, relating to, containing, incorporating, reflecting, describing or attaching Confidential or Highly Confidential-Restricted Information: any such material shall be filed in a sealed envelope, labeled with the case name, case number, the motion to which the documents relate, and a listing of the titles of the documents in the envelope, and shall bear the legend: THIS DOCUMENT CONTAINS CONFIDENTIAL OR HIGHLY CONFIDENTIAL-RESTRICTED INFORMATION COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT EXPRESS ORDER OF THE COURT.  Such material shall be kept under seal until further order of the Court; however, such materials shall be available to the Court and counsel of record, and to all persons entitled to receive such information under the terms of this Order.

(b)     Within seven (7) business days of the submission of any material under seal, the parties shall confer to determine if the Producing Party objects to the filing of the subject Confidential or Highly Confidential Information in unsealed form.  To the extent of the parties agreement

17

concerning the treatment of the subject Confidential or Highly Confidential Information, the filing party may file the subject materials in unsealed form. To the extent the parties are unable to reach agreement, either party may file a motion to address the appropriate treatment of the subject materials. On such a motion, the Supplying Party shall have the burden of proving the material is Confidential or Highly Confidential Information. The material shall remain sealed unless the Court orders otherwise.

(c)    When submitting deposition testimony pursuant to the previous Paragraph that has been designated as Confidential or Highly Confidential-Restricted, the submitting party shall submit, to the extent reasonably possible, only those pages of the deposition transcript that are cited, referred to, or relied on by the submitting party.

Considering the foregoing, **IT IS ORDERED** that the **Motion for Protective Order and Request for Status Conference (Rec. Doc. No. 3)** is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein. At this stage, the Court concludes that a status conference on this issue is unnecessary.

New Orleans, Louisiana, this 5th day of May, 2010.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

18

# EXHIBIT "A"

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

ACY J. COOPER, JR. AND RONNIE LOUIS          CIVIL ACTION
ANDERSON, ETC.

VERSUS                                                        NO.  10-1229

BP, plc, ET AL                                                SECTION "N" (1)

# <u>CERTIFICATION</u>

I hereby certify that I have read the Protective Order entered in the above-captioned action and that I understand the terms thereof.

I agree to be bound by the Protective Order.

I further agree to submit to the jurisdiction of this Court for purposes of enforcing the Protective Order, and I understand that the Court may impose sanctions on me for any violation of the Protective Order.

I understand that these certifications are strictly confidential, that counsel for each party are maintaining the certifications without giving copies to the other side, and that the parties expressly agreed and the Court ordered that except in the event of a violation of this Order, the parties will make no attempt to seek copies of the certifications or to determine the identities of persons signing them.  I further understand that if the Court finds that any disclosure is necessary to investigate a violation of this Order, the disclosure will be limited to outside counsel only and outside counsel shall not disclose any information to their clients that could tend to identify any certification signatory unless and until there is specific evidence that a particular signatory may have violated the Order, in which case limited disclosure may be made with respect to that signatory.

**Date:** _____

_____

**(Signature)**

**Name:** _____

**(Typed or Printed)**

20