# Exhibit 21

# UNITED STATES DISTRICT OF COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL § | | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" § | | |
| IN THE GULF OF MEXICO, § | | SECTION: J |
| ON APRIL 20, 2010 § | | |
| § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |

**THIS DOCUMENT RELATES TO ALL CASES**

**HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS OF PRETRIAL ORDER NO. 1**

Defendant Halliburton Energy Services, Inc. ("HESI") files this Memorandum in Support of Motion For Relief from Preservation of Evidence Obligations of Pretrial Order No. 1,[1] and respectfully represents to the Court as follows:

---

[1] In addition to Paragraph 14 of this Court's Pretrial Order No. 1, HESI is also subject to evidence preservation orders/requests as follow: Preservation Order in *Cooper et al. v. BP et al.*, In the Eastern District of Louisiana, Cause No. 10-1229 (transferred to this Court on August 21, 2010); Preservation Order in *National Vietnamese American Fishermen Emergency Association et al. v. BP et al.*, Cause No. 10-1607, In the Southern District of Texas (transferred to this Court on August 12, 2010); Preservation Order in *Stone, et al. v. Transocean Offshore Deepwater Drilling, Inc., et al.*, Cause No. 10-1851, In the Southern District of Texas (transferred to this Court on September 22, 2010); Preservation Request Letters from the Department of Justice and from the State Attorneys General for the States of Louisiana, Texas, Mississippi, Alabama, Florida, Virginia, North Carolina, New Jersey, Delaware, Rhode Island, Maryland, Maine, Massachusetts, South Carolina, Georgia, Connecticut, New Hampshire, and New York. HESI requests that proper steps be taken to insure that any turnover of the material referenced herein does not violate any of these orders/requests.

**HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF
MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS
OF PRETRIAL ORDER NO. 1**                                                             Page 1

1. On August 12, 2010, the Joint Investigation,[2] charged with conducting an investigation into the Mobile Offshore Drilling Unit (MODU) *Deepwater Horizon* incident,[3] served HESI with a subpoena pursuant to its authority under 43 U.S.C. § 1348(f) and 46 U.S.C. § 6304. A true and correct copy of the subpoena is attached hereto as Exhibit 1. The subpoena commands HESI to produce and permit inspection, testing, and/or sampling of various "materials/samples" used by HESI in the cementing process, specifically those listed in HESI's response to a subpoena issued by the United States Chemical Safety & Hazard Investigation Board, and those listed in HESI's Deepwater Horizon Post Job Reports. *See* Exhibit 1, pp. 1-2. The subpoena also commands the production of:

> any available solidified cement materials used in the well or tests reported in the Halliburton Post Job Reports, . . . representative samples of any additional materials that may have been added to the cements listed in Halliburton's Post Job Reports, . . . and representative samples of any other cement or cement components that were used [in the well].

*Id.*

2. Section 1348 of OCSLA[4] sets forth provisions regarding the enforcement of safety and environmental regulations. 43 U.S.C. § 1348. Section 1348 requires the enforcement of safety and environmental regulations by the Secretary of the Interior and the Secretary of the Department of Homeland Security, the department under which the USCG operates. *Id.* Section 1348(d)(2) requires the BOEMRE and the USCG to investigate and to produce a public report on each major fire, each major oil spillage, and any death or serious injury occurring as a result of

---

[2]The Joint Investigation is conducted by the United States Coast Guard (USCG) and the Bureau of Ocean Energy Management, Regulation and Enforcement (BOEMRE). For ease of reference, the Joint Investigation will be referred to herein as the JIT (Joint Investigation Team).

[3]As the Court is aware, the JIT sits as an independent investigatory body authorized by Congress pursuant to enabling statutes and regulations. *See*, 46 U.S.C. §§ 6301, *et seq*.; 43 U.S.C. § 1348; 14 U.S.C. § 141; 33 C.F.R. § 140, Subpart C; and 30 C.F.R. §§ 250.186-.191.

[4]*See generally*, 43 U.S.C. §§ 1331-1356(a).

**HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR RELIEF FROM PRESERVATION OF EVIDENCE OBLIGATIONS**
**OF PRETRIAL ORDER NO. 1** Page 2

operations conducted pursuant to OCSLA. 43 U.S.C. § 1348(d)(1)-(2). Additionally, OCSLA gives the BOEMRE and the USCG the power to issue subpoenas that summon witnesses and require production of evidence while conducting its investigation. 43 U.S.C. § 1348(f).

3.  The JIT has also commanded production pursuant to 46 U.S.C. § 6301, *et seq.*, which grants the USCG authority to investigate a "marine casualty or accident." *See* 46 U.S.C. § 6301, *et seq.* This statute mandates the investigation of "marine casualties" to determine, as closely as possible:

(1) the cause of the casualty, including the cause of any death;

(2) whether an act of misconduct, incompetence, negligence, unskillfulness, or willful violation of law committed by any individual licensed, certificated, or documented under. . . 46 USCS §§ 7101 *et seq.* has contributed to the cause of the casualty, or to a death involved in the casualty, so that appropriate remedial action under. . . 46 USCS §§ 7701 *et seq.* may be taken;

(3) whether an act of misconduct, incompetence, negligence, unskillfulness, or willful violation of law committed by any person, including an officer, employee, or member of the Coast Guard, contributed to the cause of the casualty, or to a death involved in the casualty;

(4) whether there is evidence that an act subjecting the offender to a civil penalty under the laws of the United States has been committed, so that appropriate action may be undertaken to collect the penalty;

(5) whether there is evidence that a criminal act under the laws of the United States has been committed, so that the matter may be referred to appropriate authorities for prosecution; and

(6) whether there is need for new laws or regulations, or amendment or repeal of existing laws or regulations, to prevent the recurrence of the casualty.

*See* 46 U.S.C. § 6301 (1)–(6). In investigating marine casualties, 46 U.S.C. § 6304 grants the USCG authority to issue subpoenas that command the attendance and testimony of witnesses, including parties-in-interest, and the production of any evidence. 46 U.S.C. § 6304(a). The subpoena authority granted by § 6304 is coextensive with the civil jurisdiction of a district court of the United States for the district in which the investigation is conducted. *Id*.

4. HESI has also been served with a subpoena *duces tecum* issued by the Department of the Interior, Office of Inspector General (DOI-OIG). A true and correct copy of the DOI-OIG subpoena *duces tecum* is attached hereto as Exhibit 2. The DOI-OIG subpoena commands HESI to produce "all cement or cement samples or fragments from the Block 252 Lease or the Deepwater Horizon, including that referenced during the testimony of Jesse Gagliano before the Marine Board the week of August 23, 2010, as well as all analysis, testing data, and results related to such cement." *Id.*

5. The Inspector General Act of 1978 (IG Act) established Inspectors General in various federal agencies, including the Department of the Interior. 5 U.S.C. App. 3. Inspectors General have broad authority to, *inter alia*, "provide policy direction for and to conduct, supervise, and coordinate audits and investigations relating to the programs and operations of such establishment." 5 U.S.C. App. 3, § 4. In carrying out the provisions of the IG Act, Inspectors General are authorized to:

> [r]equire by subpoena the production of all information, documents, reports, answers, records, accounts, papers, and other data in any medium (including electronically stored information, as well as any tangible thing) and documentary evidence necessary in the performance of the functions assigned by this Act, which subpoena, in the case of contumacy or refusal to obey, shall be enforceable by order of any appropriate United States district court . . .

5 U.S.C. App. 3 § 6(a)(4).

6. HESI has possession, custody, and/or control of the following components of the material used by HESI in the Deepwater Horizon cementing jobs (collectively, the "Cementing Components") and is willing to produce them to the United States: 1) the physical components from the Deepwater Horizon job listed on the document titled "Attachment "C" to Halliburton's Energy Service, Inc.'s Response to U. S. Chemical Safety & Hazard Investigation Board's

Subpoena Hal-1SUBDOC8," which was attached to the JIT's subpoena (Exhibit 1 hereto) as Attachment A; 2) 1 quart of ZoneSeal – 2000 from the same lot used on the Deepwater Horizon project on April 19, 2010; and 3) 2 gallons and one quart of the SCR-100 from the same lot used on the Deepwater Horizon on April 19, 2010. HESI can also make available each of the liquid and dry additives of the type used on the Deepwater Horizon, but does not have possession of any quantity of those additives from the same batch or lot as was used on the Deepwater Horizon project, except as listed in 1), 2) and 3) above. HESI has agreed to make these additional materials available to the JIT in an amount and at a time to be later determined by HESI and the JIT.

7. HESI is agreeable to turning over all of the Cementing Components in response to the JIT's subpoena (Exhibit 1) and the JIT is willing to take custody of the Cementing Components. The JIT intends to solicit input from all interested parties regarding the development of a protocol for testing the Cementing Components.

8. Upon information and belief, the Cementing Components deteriorate over time. Accordingly, the JIT has represented it would like to take possession of the Cementing Components as soon as reasonably practicable.

9. The JIT will maintain chain of custody in accordance with its physical evidence collection protocol, a true and correct copy of which is attached hereto as Exhibit 3. This is the same protocol that was provided to the Court and Plaintiffs' and Defendants' Interim Liaison Counsel in connection with the recovery of the BOP.

10. The DOI-OIG has represented that HESI's compliance with the subpoena issued by the JIT (Exhibit 1), will satisfy the subpoena issued by DOI-OIG (Exhibit 2).

THEREFORE, HESI moves the Court to enter an order permitting it to release the Cementing Components to the JIT and otherwise relieving HESI from any contrary obligations as may be set forth in the Court's Pretrial Order No. 1, as amended. A proposed order is attached.

Dated October 7, 2010

**Respectfully Submitted,**

**GODWIN RONQUILLO PC**

By: /s/ Donald E. Godwin

Donald E. Godwin
dgodwin@godwinronquillo.com
Bruce W. Bowman, Jr.
bbowman@godwinronquillo.com
Jenny L. Martinez
jmartinez@godwinronquillo.com
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
Telephone: 214.939.4400
Facsimile: 214.760.7332

and

R. Alan York
ayork@godwinronquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2010 a copy of the foregoing Halliburton Energy Services, Inc.'s Memorandum in Support of Motion for Relief from Preservation of Evidence Obligations of Pretrial Order No. 1 was filed electronically with the Clerk of the Court using the CM/ECF system, and that an electronic version of this document was forwarded by e-mail to all liaison counsel.

/s/ Donald E. Godwin