# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

December 2, 2011

**VIA-ELECTRONIC MAIL AND HAND DELIVERY**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

Re: MDL 2179: BP's Outstanding Authenticity Issues and Objections

Dear Magistrate Judge Shushan:

Per the Court's order of November 18, 2011, BP submits this summary of certain authenticity issues that remain to be resolved, including issues that the parties are still actively working on.

BP and the PSC have been working cooperatively to resolve the vast majority of authenticity objections and issues that BP raised on September 12, 2011 and regarding the PSC's "Sample 300" trial exhibit list. The exhibits with outstanding authenticity objections and other issues fall mainly into three categories, described in greater detail in this letter: (1) exhibits with Japanese translation issues, (2) exhibits that BP understands that the PSC is curing through its work with Worldwide, and (3) exhibits apparently created by counsel, including graphics, that BP believes have not been properly authenticated.[1]

1. Exhibits with Japanese Translation Issues

BP has objected to certain exhibits that include translations from Japanese. While these translation issues may not strictly speaking be authenticity issues, they are nonetheless issues that the parties will need to work through at some point. According to counsel for MOEX, translation issues may affect the following exhibits: 2884, 2888, 2889, 2890, 2892, 2899, 3458, 3462, 3463, 2883a, 2888a, 2897A, 2899A, 2900 (Ishii), 2900A (Ishii), 2901 (Ishii), 2901A

---

[1] BP has not included in this list or this submission "one-off" authenticity issues that do not apply to groups of documents. BP will include any outstanding "one-off" issue in its objections scheduled for December 30, 2011.

**KIRKLAND & ELLIS LLP**

December 2, 2011
Page 2

(Ishii), 2902 (Ishii), 2902A (Ishii), 2903 (Ishii), 2903A (Ishii), 3458A, 3463A, 2881, 2883, 2897, 2898, 3453, 3454, 2871 (Ishii), 2881a, 2898A, 3453A, 3454A.

During the deposition of Naoki Ishii on June 29, 2011, counsel for Moex and counsel for the PSC agreed to work through these translation issues:

> **Mr. Pritchard:** Thank you, Mr. Fineman. I would just like to state for the record the agreement I believe we have reached with both you and with counsel for the Department of Justice regarding some of the translations of documents that we have received.
>
> On Friday and over the weekend we received hundreds of translations of documents from the original Japanese. We have had our own translators check these translations for accuracy and found that in some cases the translations were fine, in other cases there were inaccuracies, and in some cases there were serious inaccuracies.
>
> So in the interest of the deposition proceeding efficiently, we have reached agreement that you and the government will nevertheless be able to use these translations during the course of the deposition. And I suggest that the translations be marked for identification and that you base your questions on the English translations.
>
> Mr. Ishii will review the same documents in the original Japanese version, and he will respond based upon his understanding of the documents as he reviews them in the original Japanese.
>
> And we have agreed with both you and the government's counsel that we will work out a process after the deposition is complete for dealing with the accuracy of the transaction -- of the documents.
>
> Is that acceptable to you?
>
> **Mr. Fineman:** Yes.

It is BP's understanding that MOEX and the PSC have not yet resolved these issues, but that MOEX and the PSC intend to work through them in good faith.

# KIRKLAND & ELLIS LLP

December 2, 2011
Page 3

2. <u>Exhibits To Be Cured through the PSC's Work with Worldwide</u>

It is BP's understanding that the PSC continues to work with Worldwide to address authenticity issues associated with certain exhibits, by substituting corrected versions of those exhibits. BP understands that documents with the following types of problems will be cured through this process: documents with attorney handwriting or highlighting, incomplete documents (where pages or family members are missing), and exhibits where multiple documents from different families are combined into one and need to be separated. It is also BP's understanding that the PSC will work with Worldwide to cure authenticity issues not only for the deposition exhibits marked by the PSC, but also for the deposition exhibits marked by other parties. BP will continue to work cooperatively with the PSC to resolve any outstanding issues regarding these exhibits with the assistance of Worldwide.

3. <u>Counsel-Created Exhibits That Have Not Been Properly Authenticated</u>

BP believes that the following exhibits, apparently created by counsel for the PSC, have not been authenticated and are not admissible: 2905, 3497, 3498, 3818, 3821, 3862, 3869, 7160, and 7184.[2]

Setting aside for a moment whether or not these documents can be used <u>as demonstratives</u>, they should not be <u>admitted into evidence</u>, including because the PSC has generally offered no evidence regarding what data was used, whether the underlying data was authentic, *etc.* Examples are set forth below[3]:

- Exhibit 2905, an uncertified transcript of remarks by former BP employee Kevin Lacy.

- Exhibit 3497, a graphic created by PSC counsel that contains various alleged facts and quotations about "lost returns," without citations to the sources of these facts and quotations, making it difficult to judge the authenticity of the underlying data.

- Exhibit 3498, a graphic created by PSC counsel that contains various alleged facts and quotations about "lost returns," without citations to the sources of these facts and quotations, making it difficult to judge the authenticity of the underlying data.

---

[2] As it does not appear on any party's November 14, 2011 Good Faith Exhibit List, it appears BP's authenticity objection to Exhibit 2384 is moot. BP reserves the right to object to this exhibit if any party attempts to offer it at trial.

[3] These exhibits are being provided with this letter for *in camera* review.

KIRKLAND & ELLIS LLP

December 2, 2011
Page 4

- Exhibits 3818, 3821, 3862, 3869, and 7160, graphics created by PSC counsel, which contain various alleged facts and quotations about non-Macondo incidents and "BP process safety history," without citations to the sources of the facts and quotations, making it difficult to judge the authenticity of the underlying data.

- Exhibit 7184, a graphic created by PSC counsel which contains various alleged facts and quotations about "BP criminal history," without citations to the sources of the facts and quotations, making it difficult to judge the authenticity of the underlying data.

The PSC has disagreed with BP's objections to these documents. The PSC has argued that certain of BP's objections to graphics are not authenticity-based. It is true that there are non-authenticity-based reasons for excluding these graphics, including that they are hearsay. Without accepting that the PSC's arguments as correct, BP is willing to defer consideration of these issues until December 30, 2011 (when the non-authenticity objections will be exchanged per the Court's order).

BP looks forward to continuing to work with the other parties to resolve BP's remaining authenticity objections and issues.[4]

Sincerely,

*Andy Langan*/dr

Andrew Langan, P.C.

AL/dr

---

[4] BP and the PSC have not yet met and conferred with respect to authenticity objections served on November 14 (for depositions from July through November). The parties are in the process of scheduling that meet and confer. In addition, the PSC and other parties served their exhibit lists on November 14. These exhibit lists, which are voluminous, will likely yield more authenticity objections, which the parties are due to provide December 30, per the Court's September 2, 2011 order ("December 30, 2011 is the deadline for contesting the authenticity of any Reliance Exhibits and any other exhibits identified for the first time on the final exhibit lists").

## KIRKLAND & ELLIS LLP

December 2, 2011
Page 5

cc:  Steve Herman
James Roy
Defense Liaison Counsel
Mike Underhill
Hon. Attorney General Luther Strange
Cory Maze
Ben Allums
Mike O'Keefe