# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

December 2, 2011

**By E-mail**

The Honorable Carl J. Barbier
United States District Judge
United States District Court
500 Poydras Street, Room C-268
New Orleans, LA 70130

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re: BP's Reply to the PSC's November 28, 2011 letter re Interview Notes and E-Mail Strings

Dear Judge Barbier and Magistrate Judge Shushan:

In its November 28, 2011 letter, the PSC "generally takes the position that documents produced by Defendants in this litigation, (including both notes of interviews conducted in accordance with the defendants' own established protocols and 'mixed recipient' e-mail strings), are the producing party's Business Records, admissible for all purposes, against all defendants, under Federal Rule of Evidence 803(6)." BP respectfully submits that the PSC's broad position is inconsistent with the Federal Rules and is unsupported by the law or by exhibits that the PSC has identified.

A corporate defendant will inevitably produce many documents from its files that are not business records, such as documents copied from the internet or news clippings, documents prepared in anticipation of litigation, documents that do not communicate information witnessed "at or near" the time of the writing, and documents which the company did not impose a business duty to prepare. The PSC's proposed rule would make any of these produced documents a business record, excepted from the hearsay rule. This construction of the business records exception is plainly incorrect - a document is not an admissible business record just because it was produced by a corporation. *See, e.g., U.S. Commodities Futures Trading Commission v. Dizona*, 594 F.3d 408, 415-16 (5th Cir. 2010) (finding that exhibits produced by defendant's employer were improperly admitted under business records exception because exhibits' proponent failed to produce a witness to provide foundation); *Knauff v. Dorel Juvenile Group*, civ. no. SA:08-CV-336-XR, 2010 WL 114014, at *5 n.5 (W.D. Tex. Jan. 6, 2010) (finding that party seeking to offer documents produced by defendant would have to establish that documents fell within a hearsay exception). Notably, the text of Fed. R. Evid. 803(6) does not specify that

Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
The Honorable Sally Shushan
December 2, 2011
Page 2

any document produced by a defendant is admissible as a business record. Rather, Fed. R. Evid. 803(6) only excepts from the hearsay rule records that meet its multiple requirements:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. Fed. R. Evid. 803(6).

Even the PSC's own exhibits demonstrate that its interpretation of the business records exception is overbroad. For example, TREX-06027, which is included in the PSC's "List of 300," is an internet article published on May 17, 2010 by "IWatch News" entitled "Renegade Refiner: OSHA Says BP Has 'Systemic Safety Problem.'"Another version of this article, formatted differently and posted on the Center for Public Integrity's internet site, can be found in BP's production at BP-HZN-2179MDL03425300 - BP-HZN-2179MDL03425303 (enclosed with this letter). Based on the PSC's construction of the business records rule, this article - which is, according to the Fifth Circuit, "classic, inadmissible hearsay," *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005) - would be admissible for all purposes against all defendants because it was produced by BP, notwithstanding that BP had nothing to do with the article's creation. This is not a valid application of the business records exception. *Knauff*, at *5. This and other examples discussed in the parties' letters to date which come from the PSC's own "List of 300" (such as TREX-01178, a Transocean subpoena response, and TREX-03092, a Halliburton e-mail which contains a Cobalt employee's discussion of MBI hearings), demonstrate that the business-records exception needs to be addressed on a case-by-case basis, and that the PSC's proposed rule that all documents produced by defendants are business records is extremely overbroad.

The PSC states in its Nov. 28, 2011 letter that it does not intend to "engage in a line-by-line analysis of each document." BP respectfully submits that effectively eliminating the prohibition against hearsay by admitting for any purpose any document produced by a defendant is even less desirable. Even the PSC's own hand-picked documents from the PSC's "List of 300"[1] establish that a careful analysis of exhibits is the best approach.

---

[1] If the Court wishes, BP can provide other examples from beyond the PSC's selected "List of 300."

# KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
The Honorable Sally Shushan
December 2, 2011
Page 3

       As always, we appreciate the Court's time and consideration in this matter.

                                          Respectfully submitted,

                                          /s/ Andrew Langan, P.C.

                                          Andrew Langan, P.C.

cc:    Steve Herman
        James Roy
        Defense Liaison Counsel
        Mike Underhill
        Hon. Attorney General Luther Strange
        Cory Maze
        Ben Allums
        Mike O'Keefe