AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Commonwealth of Massachusetts

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | ) ) ) ) ) ) | Civil Action No.   MDL No. 2179<br><br>(If the action is pending in another district, state where:<br>Eastern District of Louisiana |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Massachusetts Institute of Technology
Through: Kirk D. Kolenbrander, Vice President & Secretary of the Corporation
Room 3-207, Massachusetts Institute of Technology
77 Massachusetts Avenue, Cambridge, MA 02139-4307

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: | Office of the Vice President & Secretary of the Corporation Room 3-207 Massachusetts Institute of Technology, 77 Massachusetts Avenue, Cambridge, MA 02139-4307 | Date and Time: 12/23/2011 10:00 am |
|---|---|---|

The deposition will be recorded by this method:  **Court Reporter**

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Notice of Deposition by Written Question

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/30/2011

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:
Anthony Tarricone; Kreindler & Kreindler LLP; 277 Dartmouth Street, Boston, Massachusetts 02116 (617)424-9100

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. MDL No. 2179

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : : : : : | MDL No. 2179<br><br>SECTION J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

## PLAINTIFFS' NOTICE OF DEPOSITION BY WRITTEN QUESTIONS

To:   **Massachusetts Institute of Technology**
Through:
Kirk D. Kolenbrander
Vice President and Secretary of the Corporation
Room 3-207, Massachusetts Institute of Technology
77 Massachusetts Avenue, Cambridge, MA 02139-4307

**PLEASE TAKE NOTICE** that, under Rule 31 of the Federal Rules of Civil Procedure, the attorneys for Plaintiffs will take the deposition of the **Massachusetts Institute of Technology** by written questions on the **23rd day of December, 2011 at 10:00 a.m.**, at 77 Massachusetts Avenue, Cambridge, MA 02139-4307.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), **Massachusetts Institute of Technology** will designate one or more officers, agents, or other persons who is the most knowledgeable to testify on its behalf with respect to matters set forth in Exhibit "A", which is attached hereto and made a part hereof.

The deposition will be taken by court reporter, unless sufficient responses are provided in writing to undersigned counsel by December 23, 2011 in which case the responses may be certified before a notary public.

A copy of the questions to be asked at the deposition is attached.

Under Federal Rules of Civil Procedure 30 (b)(6), 31(a)(1), and 45(a)(1)(C), **Massachusetts Institute of Technology** is also required to produce the information set forth in Exhibit "A," which is attached hereto and made a part hereof, at the deposition.

Respectfully submitted,

| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

## PLAINTIFFS' STEERING COMMITTEE

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail: mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this ___ day of _____, 2011.

                                                s/ James Parkerson Roy and Stephen J. Herman

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : : : : : | MDL NO. 2179<br><br>SECTION J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

## DEPOSITION BY WRITTEN QUESTIONS

### INSTRUCTIONS

1. If, in compiling the information responsive to Ex. "A", you encounter any ambiguities when construing a request, you shall notify undersigned counsel of the alleged ambiguity at least one week prior to the scheduled deposition in order to allow undersigned counsel an opportunity to clarify said ambiguities.

2. If you object to responding to any of the requests set forth in Ex. "A", in whole or in part, you shall notify undersigned counsel in writing of the objection, basis for the objection, and provide all factual and legal justifications that you believe support your objection or failure to respond at least one week prior to the scheduled deposition in order to allow undersigned counsel an opportunity resolve any such objection.

3. If you deem any request set forth in Ex. "A" to call for privileged information, and assert such privilege so as to avoid divulging such information, at least one week prior to the scheduled deposition you shall notify undersigned counsel of same, in writing, including providing all of the information set forth below, in order to allow undersigned counsel an opportunity resolve any such objection.

Provide a list with respect to each item of information or each document so withheld, stating:

a. Description of allegedly privileged information, communication or document withheld;

b. Persons present during or participating in the allegedly privileged communication, or Author, recipient, and/or possessors of the information or document withheld;

  c. Date of the allegedly privileged communication and/or that the information or document was created;

  d. Subject matter of the allegedly privileged information, communication or document withheld;

  e. Type of information, communication or document withheld (e.g., letter, memorandum, photograph, computer database);

  f. Nature of privilege(s) claimed.

 4. The request for information set forth in Ex. "A" is continuing in nature. If other information comes into your possession or are brought to your attention, timely supplementation of the responses in accordance with the F.R.C.P. is required.

## GENERAL DEFINITIONS

"**YOU**," "**YOUR**," and/or "**M.I.T.**" means **Massachusetts Institute of Technology** and/or its subsidiaries, affiliates and/or brother/sister corporations, partnerships, limited liability companies, programs, departments, schools, and/or academies (including, but not limited to, the Operations Academy and/or Projects Academy), and/or any and all of its administrators, executives, members, employees, representatives, faculty, agents, attorneys, and/or other persons acting on its behalf and/or under its direction and/or control.

"**REPRESENTATIVE**" means administrators, executives, members, employees, agents, and/or other persons acting on its behalf and/or under its direction and/or control.

"**BP**" means British Petroleum and/or its subsidiaries, affiliates and/or brother/sister corporations, partnerships, limited liability companies, programs, departments, schools, and/or academies (including, but not limited to, the Operations Academy and/or Projects Academy), and/or any and all of its administrators, executives, members, employees, representatives, faculty, agents, attorneys, and/or other persons acting on its behalf and/or under its direction and/or control.

"**DOCUMENT**" means all information recorded in any form including, but not limited to, writings, drawings, charts, graphs, photographs, video recordings, or any other data compilations.

"**IDENTIFY**" or "**IDENTIFICATION**" when used with respect to an individual means to state his full name, his present or last known employer, his present or last known job title, and his present or last known address.

"**IDENTIFY**" or "**IDENTIFICATION**" when used with reference to a document, tangible item and/or information means to state the type of document, information or item (e.g; documents, electronically stored information ("ESI"), originals, drafts, and/or complete and legible copies thereof, photographs, and/or recordings of every kind or nature including, but not limited to letters, records, logs, diaries, correspondence, memoranda, contracts, telegrams, telexes, reports, notes, maps, transcripts, cover sheets, transmittal sheets, invoices, lists, internal or interoffice communications, directives, records of meetings, telephone or other communications, vouchers, accounting records, tallies, calculations, diagrams, charts, advertising brochures, computer printouts, pictures, newspaper clippings, books, magazines, texts, pamphlets, tapes, video or audio, computer tapes, drawings, slides, power-point presentations, sketches, and drafts of any of the foregoing), its current or last known location and custodian, and the date it was prepared and/or created.

"**OPERATIONS ACADEMY**" means the program developed by you for BP and/or between you and BP, started in or around 2007, and includes any and all programs, sessions, courses, lectures, portions or otherwise of said Academy.

"**PROJECTS ACADEMY**" means the program developed by you for BP and/or between you and BP, started in or around 2003, and includes any and all programs, sessions, courses, lectures, portions or otherwise of said Academy.

"**INFORMATION**" when used herein means, but is not limited to, documents, ESI, photographs, recordings of every kind or nature including, but not limited to letters, records, logs, diaries, correspondence, memoranda, contracts, telegrams, telexes, reports, notes, maps, transcripts, cover sheets, transmittal sheets, invoices, lists, internal or interoffice communications, directives, records of meetings, telephone or other communications, vouchers, accounting records, tallies, calculations, invoices, bills, payments, diagrams, charts, advertising, brochures, printouts, pictures, newspaper clippings, books, magazines, texts, pamphlets, tapes, video or audio, computer tapes, drawings, slides, power-point presentations, sketches, and drafts of any of the foregoing.

"**ESI**" when used herein means any type of electronically stored information in your possession, custody or control, in whatever form or medium it is kept in the usual course of business. ESI includes, but is not limited to, emails, text messages, word processing files, imaged documents, electronic spreadsheets, electronically generated reports, sound files, video files, data compilations, databases, and electronic computer files of any type, and all metadata associated with ESI of any type or medium.

"**COMMUNICATION**" or "**EXCHANGE**" means the transmittal of information in the form of facts, ideas, inquiries or otherwise in any form or fashion. This includes, but is not limited to, information provide by you to BP and vice versa.

"**REGARDING**" means relating to, referring to, describing, evidencing, concerning or constituting.

The following rules of construction apply to all discovery requests:

1. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

2. The use of the singular form of any word includes the plural and vice versa.

3. The use of the masculine when referring to an individual includes the feminine and vice versa.

4. In addition to the definitions given to the terms set forth above, the common and/or dictionary definitions to those terms shall also apply.

The deposition will continue from day to day until completed or adjourned by the mutual agreement of counsel. You are invited to attend and exercise such rights to which your are entitled under the law.

## DEPOSITION BY WRITTEN QUESTIONS

1. Please state your full name, occupation, and official title.

ANSWER:


2. Have you been provided with a subpoena for the production of the information set forth in Exhibit "A"?

ANSWER:


3. Do you understand that the subpoena requires the **Massachusetts Institute of Technology** to provide all information in its possession, custody, or control regarding the items set forth in Exhibit "A"?

ANSWER:

4.  Are you the custodian of records for **Massachusetts Institute of Technology**?

ANSWER:


5.  As part of your duties for **Massachusetts Institute of Technology**, are you the custodian of all information responsive to Exhibit "A" attached hereto?

ANSWER:


6.  Are you an authorized representative of **Massachusetts Institute of Technology** that is competent and qualified to confirm that the information provided is responsive to the subpoena?

ANSWER:


7.  Have you conducted a thorough search for all information regarding the items set forth in Exhibit "A"? If other persons assisted in performing said search, identify each and every person and specify to which item or items in Exhibit "A" that person was assigned and/or what information he found.

ANSWER:


8.  Please hand the originals or exact duplicates of the information regarding the items set forth in Exhibit "A" to the court reporter taking your deposition for photocopying and attachment to this deposition, unless copies are provided to undersigned counsel before December 23, 2011. If said information has not been clearly identified as to which item or items in Exhibit "A" it applies and/or relates, specify to which item each applies.

ANSWER:


9.  Have you now given true and correct originals or exact duplicates of all information in the possession, custody, and/or control of **Massachusetts Institute of Technology** regarding the items set forth in Exhibit "A" to the court reporter taking your deposition? If not, identify for the court reporter the information that you did not produce, explain why you did not produce them, and specify which item or items in Exhibit "A" to which they apply.

ANSWER:

10. Was all of the information that you provided kept in the regular course of the business of **Massachusetts Institute of Technology**?

ANSWER:

11. How long does **Massachusetts Institute of Technology** maintain the information that you have provided, and does **Massachusetts Institute of Technology** ever destroy its files? If your answer varies depending on the particular piece of information, provide a specific answer for each item of information.

ANSWER:

12. Are you aware of any other person or entity that may have possession of information identified in and/or responsive to Exhibit "A," other than the information that you produced? If so, please identify each and every such entity or person.

ANSWER:

13. Has the **Massachusetts Institute of Technology** ever been requested or directed by any person or entity to withhold, protect, or destroy for any reason, any and/or all of the information identified in and/or responsive to Exhibit "A"?

ANSWER:

14. Has any person or entity suggested that the **Massachusetts Institute of Technology** should withhold, protect or destroy for any reason, any and/or all of the information identified in and/or responsive to Exhibit "A"? If so, please identify each and every person or entity who conveyed this information to the **Massachusetts Institute of Technology** and when that event occurred.

ANSWER:

15. Do you know or have reason to believe that the information that you have produce has in any manner been edited, purged, culled, removed, deleted, destroyed, or otherwise altered? If so, please identify the specific information and why it was edited, purged, culled, removed, deleted, destroyed, or otherwise altered.

ANSWER:

16. Identify each and every person that attended the Operations Academy. For each person identified, provide:

   A. The full name and job title each person;

   B. The date(s) said person attended;

   C. If the Academy was divided into specific courses or topics, provide the name of each such course or topic attended by said person;

   D. If information was provided to that person during, before, or after the Operations Academy, specify all such information, and the form/manner in which it was provided (documents, power point, etc.).

ANSWER:

   A:

   B:

   C:

   D:

17. Identify each and every person that attended the Projects Academy. For each person identified, provide:

   A. The full name and job title each person;

   B. The date(s) said person attended;

   C. If the Academy was divided into specific courses or topics, provide the name of each such course or topic attended by said person;

   D. If information was provided to that person during, before, or after the Academy, specify all such information, and the form/manner in which it was provided (documents, power point, etc.).

ANSWER:

   A:

   B:

   C:

   D:

## EXHIBIT "A"

1. All information regarding the Operations Academy including, but not limited to:

    A. All information exchanged between you and BP <u>during</u> the Operations Academy;

    B. All information exchanged between you and BP <u>before</u> the Operations Academy;

    C. All information exchanged between you and BP <u>after</u> the Operations Academy;

2. For each and every BP representative that attended the Operations Academy, provide all information regarding that person including, but not limited to:

    A. The full name of each person that attended;

    B. The date or dates of said person's attendance;

    C. The location of said person's attendance;

    D. The total number of hours and/or time said person spent attending said Academy;

    E. If the Operations Academy was divided into separate courses, topics, or otherwise, provide the title and subject matter of each course attended by said person;

    F. The employer and job title of said person;

    G. Sign-in sheets and/or other information relating to the attendance by said person;

    H. Any other information indicating said person attended and/or completed Academy and/or a portion thereof including, but not limited to, certificates and/or awards.

3. All recordings of the Operations Academy or any portion thereof. This includes, but is not limited to, audio, video, or written recordings.

4. All information regarding the Projects Academy including, but not limited to:

    A. All information exchanged between you and BP <u>during</u> the Projects Academy;

    B. All information exchanged between you and BP <u>before</u> the Projects Academy;

    C. All information exchanged between you and BP <u>after</u> the Projects Academy.

5. For each and every BP representative that attended the Projects Academy, provide all information regarding their attendance including, but not limited to:

    A. The full name of each person that attended;

    B.     The date or dates of said person's attendance;

    C.     The location of said person's attendance;

    D.     The total number of hours and/or time said person spent attending said Academy;

    E.     If the Operations Academy was divided into separate levels, courses, topics, or otherwise, provide the title and subject matter of each course attended by said person;

    F.     The employer and job title of said person;

    G.     Sign-in sheets and/or other information relating to the attendance by said person;

    H.     Any other information indicating said person attended and/or completed Academy and/or a portion thereof including, but not limited to, certificates and/or awards.

6. All recordings of the Projects Academy or any portion thereof. This includes, but is not limited to, audio, video, or written recordings.

7. To the extent that you have not previously provided in response to one or more of the foregoing, information exchanged between you and BP regarding, in whole or in part:

    A.     BP's operations, safety, process safety, culture, corporate culture, improvement, behavior, risk assessment, management systems, audits, procedures, measurement, evaluation, planning, corrective action, ethics, mentoring, and/or leadership;

    B.     Accidents and/or incidents involving BP and/or its facilities including, but not limited to, the Texas City refinery, Thunder Horse, and/or Alaska North Slope/Prudhoe Bay pipelines.

    C     Other accidents and/or incidents involving offshore blowouts, explosions and/or oil spills, including but not limited to Piper Alpha, Montera and Deepwater Horizon.



## KREINDLER & KREINDLER LLP

TRADITION OF EXCELLENCE

277 Dartmouth Street
Boston, MA 02116-2805
(617) 424-9100
Fax: (617) 424-9120
www.kreindler.com

atarricone@kreindler.com
imccallister@kreindler.com

November 30, 2011

Mr. Kirk D. Kolenbrander
Vice President & Secretary of the Corporation
Massachusetts Institute of Technology
77 Massachusetts Avenue
Cambridge, MA 02139-4307

Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the
    Gulf of Mexico, on April 20, 2010

Dear Mr. Kolenbrander:

In connection with the above matter we are serving the attached deposition subpoena to you on behalf of the plaintiffs.

We are available to answer any questions or concerns which you or MIT's legal representatives have regarding this request. Please contact either Anthony Tarricone or myself with if you wish to discuss this matter.

Thank you for your attention to this matter.

Sincerely,

Ian McCallister

New York Office
750 Third Avenue, New York, NY 10017-2703
Tel: (212) 687-8181  Fax: (212) 972-9432

California Office
707 Wilshire Boulevard, Los Angeles, CA 90017-3613
Tel: (213) 622-6469  Fax: (213) 622-6019

# RETURN OF SERVICE

November 30, **2011**

I this day summoned the within named **Massachusetts Institute of Technology; Through Kirk D. Kolenbrander, Vice President and Secretary of the Corporation**

to appear as within directed by delivering to: **Doris Drake, Person in charge of the legal department**

In Hand, to wit : **77 Massachusetts Ave.**

in the **Cambridge** District of **Massachusetts** an attested copy of the

subpoena together with   0.00   fees for attendance and travel.

Service and Travel   $46.00 .

_____
Server

Paid Witness   $0.00

Total   $46.00

Subscribed and sworn before me,   James M. Desrosiers

this   **30th**   day of   **November**   , 2011.

_____
Notary Public
My commission expires March 5, 2015