**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig               **MDL NO. 2179**
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010          **SECTION J**

Applies to: *All Cases*                        **JUDGE BARBIER**
                                        **MAGISTRATE JUDGE SHUSHAN**

<u>ORDER</u>

**[Working Group[1] Conference on Friday, December 2, 2011]**

**NOTES TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

1.      <u>**DNV Request**</u> .

The Chemical Safety Board ("CSB") requests interviews of DNV personnel. DNV responded that the CSB should review the JIT testimony of DNV personnel and the depositions of the DNV personnel in this MDL. The JIT testimony is available to the CSB. DNV requested that the MDL parties consent to providing CSB with the depositions. The U.S. proposed an order whereby the depositions would be provided to the CSB subject to the condition that it treat the depositions  in accord with certain laws prohibiting the disclosure of confidential information. Transocean objects and contends that CSB must comply with PTO 13, particularly in light of the recent conditional transfer of CSB's formal claims to the MDL.

The parties agreed to confer further and report at the conference on **December 9**.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

2.     **MDL 2185 Securities Case**.

The request for BP's expert reports was not addressed.  It is deferred to **December 9**.

3.     **BOP and Capping Stack**.

On **November 22, 2011**, the order regarding the laser scan protocol for the damaged riser (Rec. doc. 4698) was signed.

The U.S. approved BP's proposed protocol for disassembly of flanges and other components of the Capping Stack for the purpose of taking measurements.  If no party objects to the protocol by **noon on Monday, December 5, 2011**, the order for this protocol will be signed.

BP proposed an allocation of Captain Englebert's November 7, 2011 invoice.  If there is no objection to the allocation by the close of business on **Tuesday, December 6, 2011**, it shall be deemed approved.  Each party shall remit its allocated portion of the invoice as promptly as possible to Captain Englebert.  A similar procedure shall be followed with further invoices from Captain Englebert.

4.     **Cement Testing**.

The Court reported that, after conferring with the U.S., the target for the completion of the cement testing is **Thursday, December 15**.

5.     **Post-April 20, 2011 Attorney-Client Communications**.

At the November 18 conference, the US raised an issue concerning the logging of post-April 20, 2010 attorney-client communications.  After considering the issue, BP proposed a change in the procedure.

For privilege logs prepared after **December 2, 2011**, all parties, including the U.S., are not required to log privileged forwarded emails of post-April 20, 2010 communications exchanged

2

between the Producing Party and their counsel or among counsel for the Producing Party, even when the forwards involve solely non-attorneys.  Of course, if the non-attorneys add comments that are responsive and non-privileged, they will be produced.

6.     **Discovery from the U.S.**

The November 30 deadline for the U.S. to provide privilege logs for documents from EOP, DOE and ACOE is extended to **Tuesday, December 20.**

Anadarko raised an issue concerning the need for the U.S. to respond requests for admissions and interrogatories before the commencement of Phase Two depositions.  The U.S. responded that it is working on Phase Two stipulations which will resolve at least some of the RFAs.

A meeting was scheduled with BP and the U.S. concerning the Phase Two discovery deadlines.

The U.S. reported that it circulated a proposed order to permit BP and the U.S. to dispose of duplicate and trash documents generated by the IDP.

7.     **Alabama Discovery**.

Alabama and BP reported that they exchanged Phase Two document production.  They will report on the status of the privilege logs on **December 9**.

8.     **Louisiana Document Production**.

The Court reported on the progress with Louisiana's document production.  A conference with Louisiana and BP is set for **Monday, December 5**.

9.     **Phase One Deposition Designations**.

There has been some slippage in the completion of the designations by the PSC/U.S.  The Court reiterated that it is the goal for designations by the PSC/U.S. to be completed before other

parties are required to make their designations.

The PSC did not make any additions to its prioritized list of depositions for use at the trial of Phase One.  By **Monday, December 5**, the defendants shall complete their prioritized list of additional depositions for use at trial which were not identified by the PSC.  An amended designation schedule will be issued to account for the additional depositions.

**10.**    **Phase One Exhibits**.

After the conference, the Court received BP's letter of December 2, 2011 concerning outstanding authenticity issues and objections.

Transocean raised the issue of documents found on the parties' exhibit lists which were not produced.  BP added that the exhibit lists contain some documents which were produced, but the exhibit lists do not contain the Bates numbers.  As promptly as possible the parties shall identify with Bates numbers all documents on their exhibit lists.  If the exhibit lists contain any documents which have not previously been produced, they shall be produced as promptly as possible.  A party is not required to object to a document until it has been produced.

On **December 9**, the parties shall update the Court on the identification and production of documents on the good faith exhibit lists.

**11.**    **Motions *in Limine***.

The amended schedule for BP motions in limine and the responses to the PSC's October 17, 2011 letters (Rec. doc. 4340) provided thirteen categories of "anticipated motions/responses."  The following categories were submitted to Judge Barbier for decision: No. 1 (email strings); No. 2 (MBI report and testimony); No. 3 (other government reports), No. 5 (other miscellaneous issues arising from PSC list of 300); No. 6 (prior alleged improper conduct unrelated to incident); and No. 7 (prior

adverse criminal, civil or regulatory proceeding unrelated to incident).  Category no. 4 (Daubert/702) issues will be submitted to Judge Barbier after the receipt of the replies on December 12, 2011.

There was discussion about Category no. 10 (preclude evidence regarding discussions and settlements) in light of PTO 38 relating to the confidentiality of settlement negotiations (Rec. doc. 3201).  The motion shall be filed on **December 5** in accord with the order.

The Court noted that all discussions regarding possible settlement are strictly confidential. Information exchanged between the parties and with the Court shall not be shared with others unless the parties who have shared information agree to such disclosure.  Some documents which may be exchanged may be subject to specific confidentiality agreements. All documents and information exchanged are subject to PTO #13 as "highly confidential," and all information are covered by PTO #38 and Rule 408 of the Rules of Evidence.

The deadlines for Category no. 11 (preclude inappropriate evidence arising from deposition designations or anticipated testimony) were reset for **January 9** (motion), **January 16** (response), and **January 23** (reply).

The Court reiterated Judge Barbier's position that: (a) he will not rule on every objection that is asserted in the deposition designations; and (b) he will rule on those that are material to his findings of fact.

12.   **Phase One Experts**.

The schedule for Week Six will be issued shortly.  A proposed schedule for the rebuttal experts in January will be issued as soon as Transocean is able to confirm Dan Farr's availability.

13.   **Halliburton's Motion to Disqualify CSI and Sabins** (Rec. doc. 4595).

Fred Sabins' deposition is set for December 14 and 15.  If the motion is not resolved,

5

including any appeal, before the deposition, the deposition shall be rescheduled.

14. **Phase One Witnesses Who Will Testify Live at Trial**

BP will respond to the PSC's requests for Ellis Armstrong.

15. **Phase One Stipulations**.

The parties reported on the status of Phase One stipulations.  They shall update the Court on

**December 9**.

16. **B3 Stipulations**.

The U.S. reported that it is working with the Responder Defendants on stipulations.  The

parties are working on the stipulations requested by Nalco.  They shall update the Court on

**December 9**.

17. **Demonstrative Exhibit for Deposition Designations**.

There was discussion about demonstrative exhibits.

Approximately **three weeks** before the start of the February 27 trial **ALL** parties will be

required to simultaneously exchange demonstrative exhibits.  Thereafter the parties will be given

some latitude to modify and/or present additional demonstrative exhibits for good cause and with

reasonable notice to all parties to respond to developments in the trial.  A firm date will be set for

the exchange.

18. **Phase Two Depositions**.

The PSC noted an issue regarding service of deposition notices on certain third parties.  The

parties will meet and confer and report on **December 9**.

19.     **Phase Two Stipulations**.

By **December 9** BP anticipates that it will present to all parties' stipulations which are agreed to by the U.S. and BP.

20.     **Deadlines for Phase One**.

The deadlines for final exhibit lists and live trial witness lists are extended to **January 13.** The Court will circulate a revised schedule for Phase One.

21.     **Pretrial Order**.

There was discussion concerning whether a formal pretrial order should be required. The Court will discuss the matter with Judge Barbier and report.

22.     **Conference Schedule**.

| | |
|---|---|
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 16, 2011 | After  Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 23, 2011 | No conference set. |
| Friday, December 30, 2011 | No conference set. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After  Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 5th day of December, 2011 .

_____
     **SALLY SHUSHAN**
**United States Magistrate Judge**