UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ………………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN
LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE
RELATED TO SETTLEMENTS AMONG THE PARTIES**

The Court has already ruled that evidence related to settlements among the parties is inadmissible at trial. PTO 38 states:

> Settlement Communications[1] are not discoverable or admissible in this MDL absent a court order issued after the party seeking discovery or admission of such communications has demonstrated good cause.

PTO 38 at 2. By its plain text, PTO 38 prohibits the introduction into evidence any document related to a settlement – including, obviously, settlement agreements. BP anticipates, however, that some parties may nevertheless seek to introduce the fact that various settlements have occurred and/or the terms of such settlements during Phase I of the trial. Such efforts would not only contradict the letter and spirit of PTO 38, but are also prohibited under Federal Rules of Evidence 402, 403, and 408.

Under Rule 408, evidence of "furnishing, promising, . . . offering[,] . . . accepting, promising to accept, or offering to accept . . . a valuable consideration in compromising or

---

[1] "Settlement Communications" are defined as "(a) oral or written communications that occurred between April 20, 2010 and [July 8, 2011] relating to the settlement of the Subject Claims; (b) oral settlement discussions between any Parties concerning any Subject Claims that take place after the date of [PTO 38]; and (c) materials in written or electronic form that are: (i) prepared for purposes of settlement negotiations with respect to any Subject Claims, (ii) exchanged by and between the negotiating parties in settlement negotiations with respect to any Subject Claims after the date of [PTO 38], and (iii) labeled in accordance with Paragraph 5 [of PTO 38]." *Id.* at 1-2. "Subject Claims" are defined as "claims or defenses arising out of the explosion, fire and oil spill that commenced at the *Deepwater Horizon* on April 20, 2010." *Id.* at 1.

1

attempting to compromise [a] claim" is inadmissible.  Fed. R. Evid. 408(a)(1).   This prohibition on admissibility applies in all instances where a party seeks to "prove or disprove the validity or amount of a disputed claim[.]"  Fed. R. Evid. 408.  Rule 408 also expressly prohibits the use of settlement evidence for impeachment purposes.  *See Id.* ("[Settlement] [e]vidence . . . is not admissible . . . to impeach by a prior inconsistent statement or a contradiction.")  The Advisory Committee notes make clear that Rule 408 excludes not only "evidence of conduct or statements made in compromise negotiations" but also "the offer or completed compromise itself."  Rule 408 Advisory Cmt. Notes (1972).

BP anticipates that, to the extent other parties oppose this motion, they will argue that they can introduce evidence of settlements for the purpose of "proving a witness's bias or prejudice."  Fed. R. Evid. 408(b).  But this exception is quite narrow, and there is no basis for concluding that it applies in this case.  As an initial matter, a party seeking to take advantage of the exception must make some showing that the proffered evidence is being admitted to prove "bias or prejudice."  *Helen of Troy Ltd. v. John Paul Mitchell Systems, Inc.*, No. EP-05-CA-365-FM, 2007 WL 1858819, at *7-8 (W.D. Tex. June 26, 2007) (rejecting argument under Rule 408(b) on account of party's failure to show "that any of these exceptions apply in the present case").  No party has done so in this case.

Nor is there any reason to think it will be possible for any party to make such a showing.  There is nothing about any of the settlements entered into in matters related to the *Deepwater Horizon* that gives any party or witness any incentive to alter evidence or testimony from what it would have otherwise given.  If anything, the settlements, by generally reducing (though not necessarily eliminating) potential liability for certain parties, reduce the risk of erroneous testimony motivated by a desire to avoid an adverse finding or judgment.  The law shows that the

primary purpose of this exception is to address situations where a witness who might not otherwise be willing to testify comes forward and there is reason to suspect that, absent a settlement between the witness and one of the parties, the witness would not have testified. *See, e.g.*, *Howell v. American Live Stock Ins. Co.*, 483 F.2d 1354, 1358 (5th Cir. 1973) (affirming exclusion of evidence of settlement with witness where there was no showing witness' appearance was connected with settlement). No such situation exists in this case.

Even if there were a plausible argument for admission of this evidence under Rule 408(b), the fact and terms of any settlements would still be inadmissible under Rules 402 and 403. The fact that two parties have settled is, for purposes of establishing liability for the loss of control of the Macondo Well, irrelevant under Rule 402. *See, e.g.*, *See Hernandez v. UPS Supply Chain Solutions, Inc.*, 496 F. Supp. 2d 778, 783 (W.D. Tex. 2007) ("[The policy of] [e]xclusion of settlement offers is based on . . . such evidence [being] *irrelevant* because the offer may be motivated by a desire for peace rather than a concession of weakness or liability[.]" (emphasis added) (citing Rule 408 Advisory Cmt. Notes (1972)); *Scott v. Turner Industries Group, LLC*, Civil Action No. 09-872, 2011 WL 5023842, at *5 (M.D. La. Oct. 19, 2011) (finding settlement discussions inadmissible as "irrelevant" under Rule 402); *United States v. Miller*, 588 F.3d 897, 902, 904 n.9 (5th Cir. 2009) (upholding trial court's exclusion of settlement evidence and noting that, "[e]ven if the evidence was admissible [under Rule 408]" it was "excludable on the grounds of relevance."); *Huey v. Super Fresh/Sav-A-Center, Inc.*, Civil Action No. 07-1169, 2009 WL 604914, at *1 (E.D. La. Mar. 9, 2009) (finding settlement information excludable under Rule 408 and deeming party's arguments to the contrary based on the evidence being "relevant" for non-prohibited purposes to be neither "convinc[ing]" nor "persua[sive]"); *WordPerfect Corp. v. Financial Services Marketing Corp.*, No. 95-10367, 1996 WL 254830, at *3 (5th Cir. Apr. 15,

1996) (upholding district court's exclusion of settlement evidence under both Rule 408 and Rule 402); *see also Bilski v. Commissioner*, 69 F.3d 64, 67 (5th Cir. 1995) (discussing case's procedural history and noting that lower court deemed settlement negotiation evidence inadmissible under Rule 408 and, "in any event," on the basis of the evidence being irrelevant). There simply is no logical basis on which to conclude that the fact that some of the parties have resolved claims and potential claims in this case has any bearing on the issues before the Court in Phase I of this trial.

Moreover, this evidence must also be excluded as unduly prejudicial under Rule 403.[2] Courts routinely hold that, to the extent that the introduction of settlement evidence allows any implication as to the question of liability, its questionable relevance is outweighed by the danger it will factor into an assessment of liability. *See, e.g.*, *Unique Properties*, 2004 WL 1278021, at *1 (finding settlement discussions inadmissible under Rule 403); *Williams v. Chevron U.S.A., Inc.*, 875 F.2d 501, 504 (5th Cir. 1989) (upholding, under Rule 403, lower court's exclusion of evidence of settlement despite fact that evidence was being introduced for a purpose beyond those prohibited in Rule 408); *Fenner Investments, Ltd. v. Hewlett-Packard Co.*, Civil Action No. 6:08-CV-273, 2010 WL 1727916, at *3 & n.2 (E.D. Tex. Apr. 28, 2010) (finding settlement agreements "properly excluded" under Rule 403 because of their "potential for prejudice and . . . confusion" without even bothering to "consider the applicability . . . of Rule 408."); *Glaze v. G & B Marine, Inc.*, No. Civ. A. 95-1845, at *1 (E.D. La. Jan. 27 ,1997) (finding specific terms of

---

[2] As they have repeatedly argued in other contexts, some parties will no doubt assert that any concerns under Rule 403 are inapplicable in this bench trial. Not so. BP is well aware that the Court is aware of the various settlements that have occurred related to this matter. That is not the issue. The issue is whether the evidence presented at trial (and the record generated for any appeals) should include unduly prejudicial facts. Moreover, this argument takes no account of the other concerns enumerated in Rule 403, such as undue delay and cumulative evidence, both of which are likely to result from diversions necessitated by the introduction of settlement information into the trial, which will then have to be explained and put in the proper context by the settling parties.

settlement agreement to be inadmissible due to both the specific prohibition of Rule 408 and concerns of confusion considered pursuant to Rule 403); *DSC Communications Corp. v. Next Level Communications*, 929 F. Supp. 239, 252 (E.D. Tex. 1997) (upholding earlier exclusion of indemnification agreements under both Rule 403 and 408 on account of those agreements' containing "reference[s] to settlement negotiations that transpired in [the] case."); *see also, e.g.*, *United States v. Ragsdale*, No. 93-5257, 1994 WL 122207, at *3 (5th Cir. 1994) (upholding lower court's exclusion of settlement evidence based on reasoning drawing on prohibitions of Rules 403 and 408).

Excluding all settlement evidence from the Phase I trial is the only outcome consistent with the policy of the promotion of settlements embodied in Rule 408. *See MCI Communication Services, Inc. v. Hagan*, 641 F.3d 112, 117 (5th Cir. 2011) (recognizing that the purpose of Rule 408 "'is . . . to encourage settlements by fostering free and full discussion of the issues'" and citing cases (quoting *Ramada Development Co. v. Rauch*, 644 F.2d 1097, 1106 (5th Cir. 1981))). Telling parties that have settled claims, are contemplating settling claims, or that may wish to settle claims in the future, that the fact will be used against their interests at trial cannot help but chill and jeopardize this policy and reduce the chance of negotiated resolutions of the claims at issue in this litigation.

## **CONCLUSION**

BP respectfully requests that the Court make clear that the prohibitions in PTO 38 apply with equal force to evidence, questions, or arguments that include the fact of settlement or the terms of any settlement for purposes of the Phase I trial.

Dated: December 5, 2011								Respectfully submitted,


								/s / Don K. Haycraft.


								Don K. Haycraft (Bar #14361)
								R. Keith Jarrett (Bar #16984)
								LISKOW & LEWIS
								One Shell Square
								701 Poydras Street, Suite 5000
								New Orleans, Louisiana 70139-5099
								Telephone: (504) 581-7979
								Facsimile: (504) 556-4108

								and

								Richard C. Godfrey, P.C.
								(richard.godfrey@kirkland.com)
								J. Andrew Langan, P.C.
								(andrew.langan@kirkland.com)
								Timothy A. Duffy, P.C.
								(tim.duffy@kirkland.com)
								Kirkland & Ellis LLP
								300 North LaSalle Street
								Chicago, IL 60654
								Telephone: (312) 862-2000
								Facsimile: (312) 862-2200

								and

								Robert C. "Mike" Brock
								(mbrock@cov.com)
								Covington & Burling LLP
								1201 Pennsylvania Avenue, NW
								Washington, DC 20004-2401
								Telephone: (202) 662-5985

								*Attorneys for the BP Exploration &
								Production Inc. & BP America Production
								Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of December, 2011.

/s/  Don K. Haycraft__