UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER MAG. JUDGE SHUSHAN |
| Applies to:   All Cases | | |

**HESI'S OPPOSITION TO BP'S *EX PARTE* MOTION TO STRIKE THE RICHARD VARGO AFFIDAVIT AND HESI'S REPLY IN SUPPORT OF ITS MOTION TO <u>DISQUALIFY OR REQUEST FOR RELIEF IN THE ALTERNATIVE</u>**

Halliburton Energy Services, Inc. ("HESI") respectfully submits its opposition to BP Exploration & Production, Inc. and BP America Production Co.'s (together, "BP") *Ex Parte* Motion to Strike the Richard Vargo Affidavit and Halliburton's Reply in Support of Its Motion to Disqualify or Request for Relief in the Alternative (Rec. Doc. 4783) (the "Motion to Strike").

**I.
<u>INTRODUCTION</u>**

Richard Vargo's affidavit rebuts the untenable position taken by BP and CSI in their responses to HESI's motion to disqualify ("HESI's Motion") – the assertion that HESI did not have a confidential relationship with *its own employee*, Michael Viator.  BP's response to HESI's Motion also alleges that Viator was not privy to confidential or privileged information while working for HESI.  These allegations, raised for the first time in BP and CSI's response briefing, are directly rebutted by Richard Vargo, the HESI employee who assigned Viator to assist HESI's defense counsel in this litigation.  HESI's reply is, therefore, consistent with its original briefing

and Fifth Circuit law.  In addition, Vargo's affidavit does not allow HESI to improperly use the attorney-client privilege as alleged.  Accordingly, the Motion to Strike should be denied.

## II.
## ARGUMENT

The affidavit of Richard Vargo properly rebuts allegations presented by BP.  In response to HESI's Motion, BP puts Michael Viator's status at issue by contesting, surprisingly, the confidential relationship between HESI and Viator, and by denying that Viator ever had access to any confidential information.  These unfounded assertions in BP's response forced HESI to provide the court with evidence of the confidential relationship between HESI and Viator and the information to which Viator had access.  HESI offers no new legal argument in its reply – only an affidavit rebutting the positions taken by BP in its response.  BP's claim that it has been "sandbagged" is bizarre in light of the fact that BP has access to Viator, its expert's employee.  Furthermore, even if the court were to construe the reply and Vargo affidavit as unfairly raising new issues, that concern was preemptively cured when the court allowed BP to file its surreply.  *See* BP's Sur-Reply in Opposition to Halliburton's Motion to Disqualify Michael Viator, Fred Sabins, and CSI Technologies, Inc. and to Strike Expert Opinions, Rec. Doc., (submitted via email, Dec. 2, 2011); *see Blanchard and Co. v. Heritage Capital Corp.*, No. 3:97-CV-0690-H, 1997 U.S. Dist. LEXIS 19397, *3 (N.D. Tex. December 1, 1997) (finding "no palpable injustice" if leave to file a surreply is granted).  Accordingly, Vargo's affidavit may be considered by the Court.

In addition, BP's sword and shield argument is inaccurate and inapplicable to the facts and procedural circumstances before the Court.  The sword and shield doctrine applies when a party places information protected by a privilege at issue through some affirmative act for its

own benefit. *See Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989). Typically, this occurs when a party invokes an advice of counsel defense. *See Newmarkets Partners, LLC v. Sal, Oppenheim Jr. & CIE. S.C.A*., 258 F.R.D. 95, 107 (S.D.N.Y. 2009) (the "quintessential example" of privilege forfeiture is an advice of counsel defense). Even when the doctrine applies, the courts will limit discovery to the scope of the waiver. *See Conklin*, 883 F.2d at 435.

In the present case, at his March of 2011 deposition, Richard Vargo properly refused to answer questions that would reveal privileged information or work product. BP's claim that HESI now uses that information as a "sword" is disingenuous. The Vargo affidavit at issue does not disclose previously withheld privileged information; it simply rebuts the claims made by BP and CSI in their responses. In early October, HESI discovered that BP's experts hired Viator, a former HESI in-house expert and tasked him to work against HESI. The issues before the Court concern Viator's work duties and his actions both at HESI and CSI. HESI had no reason to use any privilege as a "sword" at Vargo's deposition, and HESI does not do so now. Rather, in response to its former expert's side switching, HESI continues to *shield* its confidential and privileged information by seeking disqualification of those who have access and want to use such information against HESI.

Of course, the cases cited in BP's motion are readily distinguished from the facts and legal issues before this Court.[1] *See* Rec. Doc. 4783 at 3, 6 (citing *New Phoenix Sunrise Corp. v. C.I.R.,* No. 09-2354, 2010 WL 4807077 at *8 (6th Cir. 2010) (attorney-client privilege waived where taxpayer raised a reasonable cause defense premised on reliance on its legal counsel's tax opinion); *Chevron Corp. v. Pennzoil Co.,* 974 F.2d 1156, 1162-63 (9th Cir. 1992) (attorney-

---

[1] None of the cases cited in BP's Motion to Strike involve expert disqualification.

client privilege waived where party asserted advice of counsel as a defense, putting at issue the tax advice it received); *In re Edmond*, 934 F.2d 1304, 1308 (4th Cir. 1991) (rejecting attempt to assert the Fifth Amendment privilege after execution of summary judgment affidavit); *Chao v. Tyson Foods, Inc.*, 568 F. Supp. 2d 1300, 1327-28 (N.D. Ala. 2008) (striking declaration as summary judgment evidence in Fair Labor Standards Act action where party asserted a claim on the merits based on underlying evidence it refused to produce); *Medtronic Sofamor Danek, Ind. v. Michelson*, No. 01-2373 MlV, 2003 WL 23407605 at *7, 2003 U.S. Dist. LEXIS 25156 at *13 (W.D. Tenn. Dec. 2, 2003) (finding "sword and shield" argument applicable where witness executed a declaration then refused to answer questions at his deposition about the declaration)). None of these cases have anything to do with disqualifying an expert who switches sides and the firm who seeks to benefit therefrom. BP's "sword and shield" argument is inapplicable to the present case. Furthermore, given that BP, not HESI, has access to Viator now, BP's claim that Vargo's affidavit is unfair because it contains information that BP was prevented from obtaining during discovery is equally unfounded. Rec. Doc. 4783 at 9.

### III.
### CONCLUSION

Vargo's affidavit does not provide previously withheld privileged information, but rebuts factual inaccuracies raised for the first time in BP and CSI's response briefing. The Court may properly consider Vargo's affidavit, and for the same reasons, HESI's reply brief. Accordingly, BP's Motion to Strike should be denied.

### IV.
### PRAYER

HESI prays that upon considering its Opposition to BP's *Ex Parte* Motion to Strike the Richard Vargo Affidavit and Halliburton's Reply in Support of Its Motion to Disqualify or

Request for Relief in the Alternative, the Court deny said motion. HESI also prays for all other relief, legal and equitable, to which it is justly entitled.

Dated:  December 5, 2011.

>Respectfully Submitted,
>
>**GODWIN RONQUILLO PC**
>
>By: /s/ *Donald E. Godwin*
>Donald E. Godwin
>*Attorney-in-charge*
>State Bar No. 08056500
>dgodwin@GodwinRonquillo.com
>Bruce W. Bowman, Jr.
>State Bar No. 02752000
>bbowman@GodwinRonquillo.com
>Jenny L. Martinez
>State Bar No. 24013109
>jmartinez@GodwinRonquillo.com
>Floyd R. Hartley, Jr.
>State Bar No. 00798242
>fhartley@GodwinRonquillo.com
>Gavin E. Hill
>State Bar No.  00796756
>ghill@GodwinRonquillo.com
>Renaissance Tower
>1201 Elm, Suite 1700
>Dallas, Texas 75270-2041
>Telephone: (214) 939-4400
>Facsimile: (214) 760-7332
>
>and
>
>R. Alan York
>AYork@GodwinRonquillo.com
>Jerry C. von Sternberg
>JVonSternberg@GodwinRonquillo.com
>Misty Hataway-Coné
>MCone@GodwinRonquillo.com
>1331 Lamar, Suite 1665
>Houston, Texas 77010
>Telephone:  713.595.8300
>Facsimile:  713.425.7594
>
>**ATTORNEYS FOR DEFENDANT**
>**HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Opposition to BP's *Ex Parte* Motion to Strike the Richard Vargo Affidavit and Halliburton's Reply in Support of Its Motion to Disqualify or Request for Relief in the Alternative was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this 5th day of December 2011.

/s/ Donald E. Godwin
Donald E. Godwin