# EXHIBIT 37

In Support of

Plaintiff United States' Memorandum of Law in Support of the
United States' Second Motion for Partial Summary Judgment; and
Statement of Undisputed Material Facts in Support Thereof



Jul 15 2011
6:25PM

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION:  J |
| | * | JUDGE BARBIER |
| Applies to: *All Cases* | * | MAG. JUDGE SHUSHAN |

**RESPONSE ON BEHALF OF TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN DEEPWATER INC., AND TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. TO BP PARTIES' FIRST SET OF INTERROGATORIES**[1]

Pursuant to Federal Rules of Civil Procedure 26 and 34, TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN DEEPWATER INC., AND TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. (collectively, "Respondents") object to the BP Parties' ("BP") First Set of Interrogatories ("BP's Interrogatories") as follows:

**GENERAL OBJECTIONS**

These General Objections are hereby incorporated into each specific response below.

---

[1] Although BP's Interrogatories also name Transocean Ltd. and Transocean Inc., these parties object generally to BP's Interrogatories, and to each individual Interrogatory, on the grounds that this Court lacks personal jurisdiction over Transocean Ltd. and Transocean Inc.  Transocean Ltd. and Transocean Inc. so object with full reservation of rights, and by appearing now do not waive personal jurisdiction.  On May 6, 2011, this Court entered a Special Appearance by Transocean Ltd. and Transocean Inc. and ordered a standstill of jurisdictional discovery, allowing counsel to accept service of process without waiver of jurisdiction (Docket Number 2274).  Transocean Ltd. and Transocean Inc. have not consented to personal jurisdiction, and therefore, pending resolution of the standstill, BP's Interrogatories as to Transocean Ltd. and Transocean Inc. are not proper.

United States. However, when those rigs are moved to less hospitable jurisdictions, Transocean can have great difficulty employing a U.S. citizen to command and chair those rigs. Most importantly, flagging a rig to the Marshall Islands does not result in any exemption from operational requirements for operating in U.S. waters. Transocean remains under U.S. Coast Guard jurisdiction for its operations in the waters of the United States. Further, there is no tax advantage to foreign flagging. There is some nominal financial benefit because some of the Marshall Islands fees are less than in other venues; however, Transocean flags some of its vessels to the Marshall Islands for logistical, rather than financial, reasons. Respondents have produced non-privileged responsive documents relating to the flagging of the *Deepwater Horizon* to the Marshall Islands, including Marshall Islands licenses, certificates, and inspections.

**INTERROGATORY NO. 34:**

Identify all Transocean drilling vessels in operation from January 1, 2009 through December 31, 2010 that were United States-flagged.

**RESPONSE TO INTERROGATORY NO. 34:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Respondents also object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. By way of example, Transocean owns more than 130 rigs, but only two, the *Marianas* and *Deepwater Horizon*, performed work on the Macondo well. As such, the vast majority of these rigs have no bearing on the events of April 20, 2010.

Respondents further object to this Interrogatory on the grounds that it seeks information that is publically available. Subject to and without waiving the foregoing specific and General Objections, Respondents state that information about Transocean's more than 130 rigs, including information regarding flagging, is available on Transocean's website at http://www.deepwater.com/fw/main/List-by-Name-16.html.

**INTERROGATORY NO. 35:**

State whether you contend that the *Deepwater Horizon* was a "self-propelled MODU" or a "dynamically-positioned vessel" for purposes of the Minimum Safe Manning Certification under the International Convention for the Safety of Life at Sea ("SOLAS"). State all the factual bases that support your contention; identify all persons with knowledge of whether the *Deepwater Horizon* was a "self-propelled MODU" or a "dynamically-positioned vessel" for purposes of the Minimum Safe Manning Certification under SOLAS; and identify all documents relating to whether the *Deepwater Horizon* was a "self-propelled MODU" or a "dynamically-positioned vessel" for purposes of the Minimum Safe Manning Certification under SOLAS.

**RESPONSE TO INTERROGATORY NO. 35:**

In addition to the General Objections set forth above, Respondents object to this Interrogatory on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Respondents also object to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Respondents state that the *Deepwater Horizon* was a self-propelled MODU. In addition, Respondents have produced non-privileged responsive documents, including the

Respectfully submitted,

| | |
|---|---|
| \_\_\_\_\_/s/ Steven L. Roberts\_\_\_\_\_<br>Steven L. Roberts (Texas, No. 17019300)<br>Rachel Giesber Clingman (Texas, No. 00784125)<br>Kent C. Sullivan (Texas, No. 19487300)<br>Teri L. Donaldson (Florida, No. 784310)<br>Sutherland Asbill & Brennan LLP<br>1001 Fannin Street, Suite 3700<br>Houston, Texas 77002<br>Telephone: (713) 470-6100<br>Email: steven.roberts@sutherland.com,<br>rachel.clingman@sutherland.com,<br>kent.sullivan@sutherland.com,<br>teri.donaldson@sutherland.com | By: \_\_\_\_\_/s/ Kerry J. Miller\_\_\_\_\_<br>Kerry J. Miller (Louisiana, No. 24562)<br>Frilot, L.L.C.<br>1100 Poydras Street, Suite 3700<br>New Orleans, Louisiana 70163<br>Telephone: (504) 599-8169<br>Facsimile: (504) 599-8154<br>Email: kmiller@frilot.com<br>Facsimile: (713) 654-1301<br><br>-and-<br><br>By: \_\_\_\_\_/s/ Edwin G. Preis, Jr.\_\_\_\_\_<br>Edwin G. Preis, Jr. (Louisiana, No. 10703)<br>Edward F. Kohnke, IV (LA, No. 07824)<br>Preis & Roy PLC<br>102 Versailles Boulevard, Suite 400<br>Lafayette, Louisiana 70501<br>Telephone: (337) 237-6062<br>Facsimile: (337) 237-9129<br>-and-<br>601 Poydras Street, Suite 1700<br>New Orleans, Louisiana 70130<br>Telephone: (504) 581-6062<br>Facsimile: (504) 522-9129<br>Email: egp@preisroy.com,<br>efk@preisroy.com |

**Of Counsel:**
Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Deepwater Inc., and Transocean Offshore Deepwater Drilling Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on July 15, 2011.

s/Kerry J. Miller