# Exhibit F



**DALLAS** HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax

GodwinRonquillo.com

CAROLYN R. RAINES
DIRECT DIAL:    214.939.4452
DIRECT FAX:    214.527.3137
CRaines@GodwinRonquillo.com

December 5, 2011

**BY EMAIL**

Barbara M. Harding
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005

Re:     *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179*

Dear Barbara:

This letter addresses the issues raised in BP's November 9, 2011 letter to Halliburton Energy Services, Inc. ("HESI") and the subsequent November 23, 2011 meet and confer.  First, as discussed during the meet and confer, HESI reviewed the documents listed on its privilege logs and produced any documents inadvertently withheld as privileged.  HESI identified the Bates numbers of the documents produced on its amended privilege logs served in October 2011.

Second, the Affidavit of HESI's Senior Vice President and Deputy General Counsel, James W. Ferguson, more than sufficiently satisfies Judge Shushan's request for sworn testimony demonstrating that the activities relevant to the documents on HESI's privilege logs were undertaken at the direction of counsel.  In addition to Mr. Ferguson's Affidavit, HESI's September 8, 2011 letter extensively discussed HESI's work product protection on fact finding and analysis performed at the direction of counsel.  Among other things, the September 8th letter established that 1) HESI produced documents relating to certain activities that were undertaken by individual employees of HESI, which were not done at the direction of counsel and are not covered by any separate privilege; and 2) HESI did not produce documents relating to activities HESI undertook post-incident at the direction of counsel in anticipation of litigation because such documents are privileged.

Unfortunately, BP misconstrues HESI's September 8th letter to confuse what work was done at the direction of counsel and what work was not.  As stated in the September 8th letter, the efforts of Ronald Sweatman to organize a team to investigate certain issues related to the Macondo incident were not directed by counsel.  HESI, therefore, produced documents related to the fact gathering or analysis done by this team.  However, HESI never represented, as BP now implies, that any communications between HESI's counsel and Mr. Sweatman are not privileged.  Likewise, HESI never represented that Tommy Roth or Anthony Badalamenti never performed work at the direction of counsel.  HESI has always maintained that some HESI employees performed post-incident analysis at the direction of counsel in anticipation of litigation, and that

**GODWIN RONQUILLO PC**

Barbara M. Harding
December 5, 2011
Page 2 of 3

documents reflecting these instances are withheld for privilege and described in detail on HESI's privilege logs.

Third, in BP's November 9, 2011 letter, BP claims that their discovery of several privilege log discrepancies calls for written assurances that HESI reviewed all privilege log entries and that the descriptions provided in the logs fairly describe the documents that HESI withheld. However, as summarized below, HESI already corrected the discrepancies and produced the relevant documents:

- Due to a clerical error, HESI's third privilege log listed an email between Brian Morel, Jesse Gagliano, Mark Hafle, Brett Cocales and Gregory Walz as entry number 30.  When HESI determined that this email was inadvertently included on its privilege log, HESI corrected its third privilege log to reflect that this document was produced as HAL_0010648.  This document was produced on December 15, 2010.

- Due to a clerical error, HESI's third privilege log listed a draft of appendices from Transocean's Deepwater Horizon Accident Investigation Report as entry number 16. When HESI determined that this document was inadvertently included on its privilege log, HESI corrected its third privilege log to reflect that this document was produced as HAL_1229755 to HAL_1229790, a version of which was produced as early as May 5, 2011.

- Due to a clerical error, HESI's third privilege log listed a draft BP Washington Briefing regarding the Deepwater Horizon Interim Incident Investigation as entry number 15. When HESI determined that this document was inadvertently included on its privilege log, HESI corrected its third privilege log to reflect that this document was produced as HAL_1229659 to HAL_1229706, a version of which was produced as early as May 27, 2011.

- HESI amended its tenth privilege log to reflect, among other things, that HESI produced entry number 611 (HAL_1217978 to HAL_1217981).  Due to a clerical error, the Bates number of the produced document was incorrectly listed on the privilege log and will be corrected.  However, a version of this document was produced as early as May 29, 2011.

- HESI amended its tenth privilege log to reflect, among other things, that HESI produced entry number 742 (HAL_1223087 to HAL_1223091).  Due to a clerical error, the Bates number of the produced document was incorrectly listed on the privilege log and will be corrected.  However, a version of this document was produced as early as April 24, 2011.

- HESI amended its thirteenth privilege log to reflect, among other things, that HESI produced redacted entry number 66 (HAL_1145087 to HAL_1145089, which was produced on October 7, 2011).  Due to a clerical error, the Bates number of the produced document was incorrectly listed on the privilege log and will be corrected.

GODWIN RONQUILLO PC

Barbara M. Harding
December 5, 2011
Page 3 of 3


These clerical errors did not prejudice BP.  All non-privileged and responsive documents were produced and the privilege log entries were corrected with Bates number references.  It is unreasonable, to say the least, for BP to complain about six corrected entries on HESI's privilege logs when BP does not even list the Bates numbers of documents it removes from BP's privilege logs.  BP's corrected entries simply disappear from BP's privilege logs, leaving no Bates numbers to ascertain BP's errors.  As we discussed during our meet and confer, the six documents described above do not represent "mass errors" in HESI's privilege logs.  You also represented that there were not "mass errors" in BP's 60 privilege logs.  Please let me know if you wish to exchange written mutual assurances that each party has reviewed the entries in their privilege logs to verify that the descriptions provided in the logs fairly describe the documents withheld.

As discussed on the call, it is our understanding that BP will send an explanation of the specificity that BP thinks is required of HESI to satisfy Judge Shushan's September 27, 2011 Order.

HESI looks forward to prompt resolution of these issues.

Sincerely,

Carolyn R. Raines, Shareholder

CRR:alb