IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>*<br>* | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br><br>*All cases* | *<br>*<br>*<br>* | Judge Barbier<br><br>Magistrate Judge Shushan |

**BP'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
REJECTING TRANSOCEAN'S CLAIM FOR INDEMNIFICATION
FOR FINES, PENALTIES, AND PUNITIVE DAMAGES**

Pursuant to Federal Rule of Civil Procedure 56, BP America Production Company ("BPAP"), BP Exploration & Production Inc., and BP p.l.c. (collectively, "BP") move for partial summary judgment on Count 7 of Transocean's Rule 13 Cross-Claims/Counterclaims, Dkt. 2068, and on Count 7 of Transocean's Rule 13 Cross-Claims/Counterclaims and Rule 14 Third-Party Complaint, Dkt. 2574. Specifically, BP seeks a judgment that neither BPAP nor any other BP entity has any contractual obligation to indemnify Transocean for fines and penalties, including those under the Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("CWA"), or for punitive damages.

As explained in BP's Memorandum in Opposition to Transocean's Motion for Partial Summary Judgment and in Support of BP's Cross-Motion for Partial Summary Judgment Relating to Alleged Contractual Indemnities ("BP Memorandum" or "BP Mem."), the plain terms of the Drilling Contract between BPAP and Transocean Holdings LLC do not create an indemnity obligation that extends to the extraordinary obligation to indemnify Transocean for punitive damages. *See* BP Mem. at 4-5, 23. It is well settled that a court may determine the meaning of an unambiguous contract as a matter of law on summary judgment. *See, e.g.*,

Case 2:10-md-02179-CJB-DPC   Document 4827   Filed 12/07/11   Page 2 of 5

*Constitution State Ins. Co. v. Iso-Tex Inc.*, 61 F.3d 405, 407, 409-10 (5th Cir. 1995).  Here, the Court can and should determine on the basis of the clear and unambiguous terms of the contract that BP is entitled to summary judgment foreclosing Transocean's claims with respect to indemnity for punitive damages.

In addition, even putting the terms of the Drilling Contract to one side, federal law and public policy prohibit contractual indemnification both for statutory fines or penalties and for punitive damages.

In the context of numerous federal statutory schemes imposing fines or penalties for statutory violations, courts have held that private contracts purporting to provide indemnities that shift financial responsibility for the fines or penalties are void as contrary to public policy.  Such arrangements would improperly undermine the intended deterrent effect of the fines and penalties.  *See, e.g.*, *Chung v. Overseas Navigation Co.*, 774 F.2d 1043 (11th Cir. 1985) (contractual indemnity covering a civil penalty imposed for a violation of 46 U.S.C. § 596 — which required prompt payment of seamen's wages — "would contravene the public policy implicit in the statute"); *Globus v. Law Research Serv., Inc.*, 418 F.2d 1276, 1288 (2d Cir. 1969) (where "[c]ivil liability under section 11 [of the Securities Act of 1933] was designed not so much to compensate the defrauded purchaser as to promote enforcement of the Act and to deter negligence," permitting contractual indemnification would be contrary to public policy); *Beerman Realty Co. v. Alloyd Asbestos Abatement Co.*, 653 N.E.2d 1218, 1223 (Ohio Ct. App. 1995) (holding invalid indemnification agreements for penalties under the Clear Air Act).

The same rationale applies to fines and penalties under the CWA.  The Supreme Court has held that a central objective of civil penalties under the CWA is to provide for "retribution and deterrence," and that an "important characteristic" of the penalties is that they are designed

2

to "exac[t] punishment."  *Tull v. United States*, 481 U.S. 412, 422, 423 n.7 (1987).  Thus, under established precedent, fines and penalties under the CWA cannot be contractually indemnified.

Similar policies prohibit a contractual agreement to indemnify another for punitive damages.  Indeed, this Court has held that under maritime law indemnification of punitive damages is against public policy.  "No clearer example of a situation which would subvert the purposes of awarding punitive damages can be imagined than to permit such indemnification."  *Daughdrill v. Ocean Drilling & Exploration Co. (ODECO)*, 665 F.Supp. 477, 481-82 (E.D. La. 1987); *see also Rollins v. Peterson Builders, Inc.*, 761 F. Supp. 918, 929 (D.R.I. 1990).

For these reasons and those set forth in the BP Memorandum, BP respectfully requests that the Court enter partial summary judgment holding that neither BPAP nor any other BP entity is required to indemnify Transocean for (1) fines and penalties, including those under the CWA, or (2) punitive damages.

Date:  December 7, 2011	Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
R. Chris Heck
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Patrick F. Philbin
Kirkland & Ellis LLP
655 Fifteenth Street N.W.
Washington, DC  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200


Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of December, 2011.

                                                /s/ Don K. Haycraft
                                                Don K. Haycraft