**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| *All Cases* | * * | Magistrate Judge Shushan |

**PROPOSED ORDER DENYING TRANSOCEAN'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING BP'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT RELATING TO ALLEGED CONTRACTUAL INDEMNITIES**

The Court has considered Transocean's Motion For Partial Summary Judgment Against BP To Enforce BP's Contractual Obligations, Including BP's Obligation To Defend, Indemnify And Hold Transocean Harmless Against Pollution Claims; BP's Opposition to that Motion; BP's Cross-Motion For Partial Summary Judgment Rejecting Transocean's Claim For Indemnification For Fines, Penalties, And Punitive Damages; and all responses and replies to that Motion and Cross-Motion.

The Court ORDERS that Transocean's Motion for Partial Summary Judgment is DENIED, and that BP's Cross-Motion for Partial Summary Judgment is GRANTED.  The Court determines that with respect to BP's Cross-Motion for Partial Summary Judgment there are no genuine disputes as to any material fact and that BP is entitled to judgment as a matter of law that neither BP America Production Company ("BPAP") nor any other BP entity is required to indemnify Transocean for (1) fines and penalties, including those under the Clean Water Act, 33 U.S.C. § 1251 *et seq.* ("CWA"), or (2) punitive damages.

In support of this Order, the Court makes the following rulings:

1.      Under the plain language of Paragraph 24.2 of the December 9, 1998 Drilling Contract between BPAP and Transocean Holdings, LLC (the "Drilling Contract"), neither BPAP nor any other BP entity is obligated to indemnify Transocean for pollution or contamination costs if Transocean was grossly negligent.

2.      Under the plain language of Paragraph 24.2 of the Drilling Contract, neither BPAP nor any other BP entity is obligated to indemnify Transocean for pollution or contamination costs arising from strict liability claims, including for unseaworthiness or for removal costs or damages under the Oil Pollution Act, 33 U.S.C. § 2701 *et seq.* ("OPA").

3.      Maritime law prohibits indemnification for gross negligence and therefore, regardless of the language of the Drilling Contract, Transocean cannot be indemnified if Transocean was grossly negligent.

4.      If any act on the part of Transocean materially increased the risk, or prejudiced the rights, of BPAP, then any obligation of BPAP or any other BP entity to indemnify Transocean is discharged under the Drilling Contract.

5.      If Transocean breached a provision of the Drilling Contract that is material to BPAP's indemnification obligations under the Drilling Contract, then any obligation of BPAP or any other BP entity to indemnify Transocean is discharged under the Drilling Contract.

6.      If Transocean failed to comply with the Drilling Contract or perform its obligations thereunder, then Transocean cannot recover for any unpaid invoices.

7.      Federal law prohibits indemnification for fines and penalties, including those under the CWA, and therefore, regardless of the language of the Drilling Contract, Transocean cannot be indemnified for fines and penalties.

8.      Under the plain language of the Drilling Contract, neither BPAP nor any other BP entity is obligated to indemnify Transocean for punitive damages.

9.      Maritime law prohibits indemnification for punitive damages, and therefore, regardless of the language of the Drilling Contract, Transocean cannot be indemnified for punitive damages.

10.      Under maritime law, an indemnitor's duty to defend is co-extensive with its duty to indemnify.  Unless the parties expressly agree to a broader duty to defend, the duty to defend simply requires the indemnitor to pay for an indemnitee's litigation costs when and if the indemnitor is ultimately found to have a duty to indemnify.  Under the Drilling Contract, the duty to defend is co-extensive with the duty to indemnify and therefore neither BPAP nor any other BP entity has a duty to pay Transocean's defense costs at this time.


IT IS SO ORDERED

New Orleans, Louisiana, this _____ day of _____, 2011.


_____
CARL J. BARBIER