# Exhibit 2

PRE-TRIAL ORDER ATTACHMENT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA and STATE OF LOUISIANA,<br><br>      Plaintiffs,<br><br>v.<br><br>CITGO PETROLEUM CORPORATION,<br><br>      Defendant. | Civil Action No. 2:08-cv-893<br><br>Judge Richard T. Haik, Sr.<br><br>Mag. Judge Patrick J. Hanna |

**UNITED STATES' CITATIONS ON THE INTERPRETATION
AND APPLICATION OF THE PENALTY PROVISIONS
IN SECTION 311(b) OF THE CLEAN WATER ACT**

(1989), *reprinted in* 1990 U.S.C.C.A.N. 722, 724.

Clean Water Act penalties are to punish and deter. *Tull v. United States*, 481 U.S. 412, 422-24 (1987). As the Fifth Circuit succinctly put it, the statutory purpose of Section 311 is "to achieve the result of clean water as well as to deter conduct causing spills." *Coastal States*, 643 F.2d at 1128. The punitive and deterrent value of Section 311(b)(7)(A) civil penalties is central to achieving the policies and purposes of the Clean Water Act: the threat of significant civil penalties creates a strong incentive for industry to take precautions to prevent oil spills. The heightened civil penalties in Section 311(b)(7)(D) discourage gross negligence and willful misconduct by increasing penalty exposure.[2]

Clean Water Act enforcement "is designed to be simple, speedy and straightforward." *United States v. Gulf Park Water Co., Inc.*, 972 F. Supp. 1056, 1059 (S.D. Miss. 1997). Courts within the Fifth Circuit have repeatedly employed a "top-down" approach to determine the appropriate amount of civil penalties for violation of environmental protection laws. Under the top-down approach, courts "begin by calculating the maximum possible penalty, then reducing that penalty only if mitigating circumstances are found to exist." *United States v. Marine Shale Processors*, 81 F.3d 1329, 1337 (5th Cir. 1996).[3] "[P]enalties assessed by judges should be

---

[2] Pursuant to Section 311(s) of the CWA, 33 U.S.C. § 1321(s), penalties recovered by the United States for actions under Section 311 do not go to the general Treasury but instead are deposited in the "Oil Spill Liability Trust Fund" established under 26 U.S.C. § 9509, *inter alia*, to fund cleanups of future discharges of oil and to compensate victims of oil spills.

[3] For this proposition, the Fifth Circuit favorably cited *Tyson Foods, Inc.*, 897 F.2d at 1142 ("If [the court] chooses not to impose the maximum, it must reduce the fine in accordance with the [CWA penalty] factors . . . .") and *United States v. B&W Investment Properties*, 38 F.3d 362, 368 (7th Cir. 1994) ("In considering fines under the [Clean Air] Act, courts generally presume that the maximum penalty should be imposed."). *See also Pound v. Airosol Co., Inc.*, 498 F.3d 1089, 1095 (10th Cir. 2007) (quoting *Marine Shale* and *B&W Investment* in support of the top-down penalty approach used by the district court).
  District courts in the Fifth Circuit use the top-down approach outlined in *Marine Shale. See,*

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA:

IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

  */s/ Jason T. Barbeau*
JASON T. BARBEAU
Trial Attorney (D.C. Bar No. 468200)
David F. Askman (Wyoming Bar No. 5-2683)
Joseph W.C. Warren (D.C. Bar No. 452913)
U.S. Department of Justice
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044
(202) 616-8908 (telephone)
(202) 616-6584 (facsimile)
jason.barbeau@usdoj.gov

STEPHANIE A. FINLEY
United States Attorney

Of Counsel:
Edwin M. Quinones
Office of Regional Counsel
Region 6, U.S. EPA
1445 Ross Avenue
Dallas, TX 75202-2733

KAREN J. KING (#23508)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA 70501-6832
(337) 262-6618 (telephone)
(337) 262-6693 (facsimile)
karen.king@usdoj.gov