# EXHIBIT 36

In Support of

Plaintiff United States' Memorandum of Law in Support of the
United States' Second Motion for Partial Summary Judgment; and
Statement of Undisputed Material Facts in Support Thereof



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION:  J |
| | * | JUDGE BARBIER |
| Applies to: *All Cases* | * | MAG. JUDGE SHUSHAN |

**RESPONSE ON BEHALF OF TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN DEEPWATER INC., AND TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. TO BP PARTIES' FIRST SET OF REQUESTS FOR ADMISSION[1]**

Pursuant to Federal Rules of Civil Procedure 26 and 34, TRITON ASSET LEASING GMBH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN DEEPWATER INC., AND TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. (collectively, "Respondents") object to the BP Parties' ("BP") First Requests for Admission ("BP's Requests for Admission") as follows:

---

[1] Although BP's Requests for Admission also name Transocean Ltd. and Transocean Inc., these parties object generally to BP's Requests for Admission, and to each individual Request for Admission, on the grounds that this Court lacks personal jurisdiction over Transocean Ltd. and Transocean Inc.  Transocean Ltd. and Transocean Inc. so object with full reservation of rights, and by appearing now do not waive personal jurisdiction.  On May 6, 2011, this Court entered a Special Appearance by Transocean Ltd. and Transocean Inc. and ordered a standstill of jurisdictional discovery, allowing counsel to accept service of process without waiver of jurisdiction (Docket Number 2274).  Transocean Ltd. and Transocean Inc. have not consented to personal jurisdiction, and therefore, pending resolution of the standstill, BP's Requests for Admission as to Transocean Ltd. and Transocean Inc. are not proper.

8. Respondents respond to BP's Requests for Admission solely for the purpose of and in relation to the above-captioned action. Respondents' responses are made subject to any and all objections to competence, relevance, materiality, and admissibility that would require the exclusion at the time of trial of any statement in response to these Requests for Admission. Respondents reserve their right to interpose any such objections at the time of trial.

9. Respondents have not fully completed their investigation of the facts relating to this case and have not fully completed their preparation for trial or obtained all documents relative to this case or BP's Requests for Admission. Respondents also have not completed discovery from other parties in this case. All of the responses contained herein are based only upon the information and documents that are currently available to and specifically known to Respondents. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to additions to, changes in and variations from the contentions set forth herein. The following responses to BP's Request for Admissions are given without prejudice to Respondents' right to produce evidence of any subsequently discovered fact or facts which Respondents may later recall, discover, or locate. Respondents reserve the right to supplement or amend the responses herein.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that the *Deepwater Horizon* was a vessel for purposes of maritime law.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by

Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that the *Deepwater Horizon* was a vessel.

**REQUEST FOR ADMISSION NO. 2:**

Admit that the *Deepwater Horizon* was a dynamically positioned vessel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that the *Deepwater Horizon* was a dynamically positioned vessel.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the *Deepwater Horizon*'s blowout preventer was an appurtenance of the *Deepwater Horizon*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that the *Deepwater Horizon*'s blowout preventer was an appurtenance of the *Deepwater Horizon*.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Transocean is the world's largest contractor of offshore drilling rigs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Respondents also object to this Request for Admission on the grounds that the term "largest" is vague and ambiguous. By way of example, it is not clear if "largest" refers to the number of drilling rigs, number of personnel, number of contracts, gross revenue, or some other measurement. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that Transocean is a leading international provider of offshore contract drilling services for oil and gas wells.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Triton Asset Leasing GmbH was the owner of the *Deepwater Horizon*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that Triton Asset Leasing GmbH was the owner of the *Deepwater Horizon*.

**REQUEST FOR ADMISSION NO. 6:**

Admit that no other entity besides Triton Asset Leasing GmbH was the owner of the *Deepwater Horizon*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that no other entity besides Triton Asset Leasing GmbH was the owner of the *Deepwater Horizon*.

**REQUEST FOR ADMISSION NO. 7:**

Admit that one or more of the Transocean *Deepwater Horizon* Companies was the operator of the *Deepwater Horizon*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Respondents also object to this Request for Admission on the grounds that the term "operator of the *Deepwater Horizon*" is vague, ambiguous, and misleading. BP was operator of the Macondo well; Transocean was the drilling contractor. Respondents further object to this Request for Admission to the extent it implies Transocean had assumed or was otherwise responsible for any of the duties or obligations of the Macondo well operator. BP, as operator of the Macondo well, retained full authority over well design, drilling operations, casing and cementing processes, temporary abandonment procedures and testing, and determination and implementation of appropriate well-control procedures, among other responsibilities. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that BP

7

contracted Transocean to provide the *Deepwater Horizon* drilling rig and the personnel to operate it. As such, Transocean was involved in the day-to-day operations of the *Deepwater Horizon*.

**REQUEST FOR ADMISSION NO. 8:**

Admit that no BP entity was an operator of the *Deepwater Horizon*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Respondents also object to this Request for Admission on the grounds that the term "operator of the *Deepwater Horizon*" is vague, ambiguous, and misleading. BP was operator of the Macondo well; Transocean was the drilling contractor. Respondents further object to this Request for Admission to the extent it implies Transocean had assumed or was otherwise responsible for any of the duties or obligations of the Macondo well operator. BP, as operator of the Macondo well, retained full authority over well design, drilling operations, casing and cementing processes, temporary abandonment procedures and testing, and determination and implementation of appropriate well-control procedures, among other responsibilities. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that BP contracted Transocean to provide the *Deepwater Horizon* drilling rig and the personnel to operate it. In this sense, BP was not the operator of the *Deepwater Horizon*. As operator of the Macondo well, however, BP stationed its own personnel on the *Deepwater Horizon*, including two well site leaders and a well site trainee. The well site leaders exercised BP's authority on the rig, directed and supervised operations, and coordinated the activities of contractors.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the *Deepwater Horizon*'s Offshore Installation Managers ("OIMs") are employed by Transocean Deepwater Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that the *Deepwater Horizon*'s OIMs are employed by Transocean Deepwater Inc.

**REQUEST FOR ADMISSION NO. 13:**

Admit that on April 20, 2010, Jimmy Harrell was the OIM aboard the *Deepwater Horizon*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that Jimmy Harrell was the OIM aboard the *Deepwater Horizon* on April 20, 2010.

**REQUEST FOR ADMISSION NO. 14:**

Admit that the *Deepwater Horizon* was required to have a properly licensed Master aboard on April 20, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2.  Subject to and without waiving the foregoing specific and General Objections, Respondents admit that Curt Kuchta was the Master aboard the *Deepwater Horizon* on April 20, 2010.

**REQUEST FOR ADMISSION NO. 17:**

Admit that the *Deepwater Horizon*'s OIM was responsible for the *Deepwater Horizon*'s operations while a well is being drilled.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2.  Respondents further object to this Request for Admission to the extent it implies Transocean had assumed or was otherwise responsible for any of the duties or obligations of the Macondo well operator.  BP, as operator of the Macondo well, retained full authority over well design, drilling operations, casing and cementing processes, temporary abandonment procedures and testing, and determination and implementation of appropriate well-control procedures, among other responsibilities.  Subject to and without waiving the foregoing specific and General Objections, Respondents admit that the OIM was the senior Transocean manager onboard who coordinated rig operations while a well is being drilled with BP's well site leaders and generally managed the Transocean crew.  As operator of the Macondo well,

however, BP stationed its own personnel on the *Deepwater Horizon*, including two well site leaders and a well site trainee.  The well site leaders exercised BP's authority on the rig, directed and supervised operations, and coordinated the activities of contractors.

**REQUEST FOR ADMISSION NO. 18:**

Admit that the *Deepwater Horizon*'s OIM was responsible for the performance of all Transocean personnel while a well is being drilled.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2.  Respondents further object to this Request for Admission to the extent it implies Transocean had assumed or was otherwise responsible for any of the duties or obligations of the Macondo well operator.  BP, as operator of the Macondo well, retained full authority over well design, drilling operations, casing and cementing processes, temporary abandonment procedures and testing, and determination and implementation of appropriate well-control procedures, among other responsibilities.  Subject to and without waiving the foregoing specific and General Objections, Respondents admit that the OIM was the senior Transocean manager onboard who coordinated rig operations while a well is being drilled with BP's well site leaders and generally managed the Transocean crew.  As operator of the Macondo well, BP stationed its own personnel on the *Deepwater Horizon*, including two well site leaders and a well site trainee.  The well site leaders exercised BP's authority on the rig, directed and supervised operations, and coordinated the activities of contractors.

14

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents deny this Request.

**REQUEST FOR ADMISSION NO. 21:**

Admit that under Transocean's policies, the Person-In-Charge ("PIC") is the individual who is fully responsible for onboard activities or activities directly related to the vessel.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Respondents further object to this Request for Admission to the extent it implies Transocean had assumed or was otherwise responsible for any of the duties or obligations of the Macondo well operator. BP, as operator of the Macondo well, retained full authority over well design, drilling operations, casing and cementing processes, temporary abandonment procedures and testing, and determination and implementation of appropriate well-control procedures, among other responsibilities. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that the PIC holds overriding authority in situations involving safety and pollution prevention based upon written procedures, policies, recognized industry safe working practice, and relevant codes and standards. As operator of the Macondo well, however, BP stationed its own personnel on the *Deepwater Horizon*, including

16

two well site leaders and a well site trainee. The well site leaders exercised BP's authority on the rig, directed and supervised operations, and coordinated the activities of contractors.

**REQUEST FOR ADMISSION NO. 22:**

Admit that only one person could be the PIC of the *Deepwater Horizon* at any one time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that only one person could be the PIC of the *Deepwater Horizon* at any one time.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the Master was the PIC of the *Deepwater Horizon* when the *Deepwater Horizon* was in underway mode.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that the Master was the PIC of the *Deepwater Horizon* when the *Deepwater Horizon* was in underway mode.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2.  Subject to and without waiving the foregoing specific and General Objections, Respondents deny this Request.  Respondents further state that the Captain relieved the OIM the moment the emergency situation occurred.  The use of the general alarm and the public address system to muster indicated that the Captain had relieved the OIM.

**REQUEST FOR ADMISSION NO. 43:**

Admit that on April 20, 2010, there was no announcement over any public address system on the *Deepwater Horizon* to indicate that the master had relieved the OIM as the person in charge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2.  Subject to and without waiving the foregoing specific and General Objections, Respondents deny this Request.  Respondents further state that the Captain relieved the OIM the moment the emergency situation occurred.  The use of the general alarm and the public address system to muster indicated that the Captain had relieved the OIM.

**REQUEST FOR ADMISSION NO. 44:**

Admit that one or more of the Transocean *Deepwater Horizon* Companies was solely responsible for the operation of the *Deepwater Horizon*.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2.  Respondents also object to this Request for Admission on the grounds that the term "operation of the *Deepwater Horizon*" is vague, ambiguous, and misleading.  BP was operator of the Macondo well; Transocean was the drilling contractor.  In addition, the term "Transocean Deepwater Horizon Companies" is vague and ambiguous.  Respondents cannot determine to which companies, in particular, this request purports to pertain.  Respondents further object to this Request for Admission to the extent it implies Transocean had assumed or was otherwise responsible for any of the duties or obligations of the Macondo well operator.  BP, as operator of the Macondo well, retained full authority over well design, drilling operations, casing and cementing processes, temporary abandonment procedures and testing, and determination and implementation of appropriate well-control procedures, among other responsibilities.  Subject to and without waiving the foregoing specific and General Objections, Respondents admit that BP contracted Transocean to provide the *Deepwater Horizon* drilling rig and the personnel to operate it.  As such, Transocean was involved in the day-to-day operations of the *Deepwater Horizon*.

**REQUEST FOR ADMISSION NO. 45:**

Admit that in performing drilling operations using the *Deepwater Horizon* pursuant to the Drilling Contract, the Transocean *Deepwater Horizon* Companies were independent contractors.

example, Respondents had no say in, and no knowledge of, the risks BP knowingly took in the temporary abandonment procedures' cement design. Federal investigators have concluded that "BP's decision to use a long string production casing increased the difficulty of achieving zonal isolation during the cementing job" and "[w]hile the decision did not directly cause the blowout, it *increased the risk of cementing failure*." Additionally, the final cement job involved another series of what federal investigators charitably call "compromises" to the quality of the cement job, resulting from BP's last-minute decisions: BP decided, contrary to API and Halliburton recommendations, to not conduct a full bottoms up circulation; BP chose to use a smaller number of centralizers than recommended by Halliburton; and BP decided not to conduct a cement bond log to determine the integrity of the cement job. BP made these and other risky last-minute decisions without Transocean's knowledge. Without knowing what BP engineers had done and without knowing of the severe risks BP had chosen to take, Transocean drill crew was working in the dark. Federal investigators found no evidence "that BP ever communicated the above risks to its other contractors, primarily the Transocean rig crew." *See* Chief Counsel's Report, p. 103.

Respectfully submitted,

_____/s/ Steven L. Roberts_____ By: _____/s/ Kerry J. Miller_____
Steven L. Roberts (Texas, No. 17019300)   Kerry J. Miller (Louisiana, No. 24562)
Rachel Giesber Clingman (Texas, No. 00784125)   Frilot, L.L.C.
Kent C. Sullivan (Texas, No. 19487300)   1100 Poydras Street, Suite 3700
Teri L. Donaldson (Florida, No. 784310)   New Orleans, Louisiana 70163
Sutherland Asbill & Brennan LLP   Telephone: (504) 599-8169
1001 Fannin Street, Suite 3700   Facsimile: (504) 599-8154
Houston, Texas 77002   Email: kmiller@frilot.com
Telephone: (713) 470-6100   Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,
teri.donaldson@sutherland.com

                          -and-

By:      /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Edward F. Kohnke, IV (LA, No. 07824)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
              -and-
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com,
efk@preisroy.com

**Of Counsel:**
Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Deepwater Inc., and Transocean Offshore Deepwater Drilling Inc.*

234

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on July 15, 2011.

s/Kerry J. Miller