UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § | MDL No. 2179<br><br>Section J |
| This Document Relates to:<br>*All Cases, 2:10-cv-2771 and*<br>*2:10-cv-04536* | § § § | Judge Barbier<br><br>Magistrate Judge Shushan |

**MOTION OF THE INTERNATIONAL ASSOCIATION OF
DRILLING CONTRACTORS FOR LEAVE TO FILE AMICUS
CURIAE BRIEF IN RELATION TO TRANSOCEAN'S MOTION
FOR PARTIAL SUMMARY JUDGMENT (Rec. Doc. 4457-2)**

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW, The International Association of Drilling Contractors ("IADC"), and moves the Court for leave to file the attached amicus curiae brief in relation to Transocean's Motion for Partial Summary Judgment (Rec. Doc. 4457-2) and would respectfully show as follows:

The IADC is an independent trade association that has represented the interests of oil and gas drilling contractors worldwide for more than 70 years. Its membership exceeds 1,400 companies, predominantly drilling contractors, and Transocean is a contractor member. A full list of the IADC's members can be found on its website at http://www.iadc.org.

The IADC's contract-drilling members own most of the world's land and offshore drilling units and drill the vast majority of the wells that produce our planet's oil and gas. This includes virtually all of the mobile offshore drilling units operating in areas under the jurisdiction of the United States. The IADC's membership also includes oil and gas

producers, oil service companies, and manufacturers and suppliers of oilfield equipment and services. BP is a producer member of the IADC. The IADC holds Accredited Observer status at the International Maritime Organization and the International Seabed Federation, specialized agencies of the United Nations. From its Houston headquarters, the IADC educates its members through programs and publications and develops industry training and accreditation standards. The IADC also has offices in and chapters throughout the United States and the world.

The mission of the IADC is to support every aspect of the oil and gas drilling industry. This includes improving health, safety and environmental practices; advancing drilling and completion technology; and championing responsible contract terms, drilling standards, practices, legislation, and regulations that promote safe, efficient, and environmentally sound drilling operations worldwide. Its support for the industry includes publishing model forms for contracts that govern the contractual relationships involving drilling contractors. The model contract terms prepared by the IADC Contracts Committee are not just used throughout the United States but also internationally. They include provisions addressing responsible and appropriate allocation of risks that follow industry custom and practice so as to facilitate an industry that is vital to the security of the United States. In an era where more than 30% of our oil is produced from the Gulf of Mexico, the importance of appropriate and reliable provisions allocating risks attendant to oil and gas drilling and exploration in the Gulf of Mexico cannot be overstated.

The IADC and its members have a strong and compelling interest in the resolution of the issue as to whether indemnity for gross negligence violates public policy under the

general maritime law of the United States that is presented in Transocean's Motion for Partial Summary Judgment. The IADC seeks leave of this Honorable Court to submit the attached Amicus Brief relating to this issue. In this regard, the IADC's model form contract, which is used by, and serves as a guideline for, its members in the offshore drilling industry, contains similar indemnity language to the contract at issue in this case.

Members in the industry rely on the indemnity provisions published by the IADC to establish the rights and obligations of the parties as respects allocation of the risks associated with offshore drilling operations. These risks generally are intended to be allocated by and between the parties regardless of cause, including gross negligence. Therefore, the Court's ruling on this issue will impact an untold number of existing contractual relationships. More important, however, is the fact that the contractual provisions are intended to commercially and fairly allocate risks, not only to the party most able to manage the risk, but also in accordance with the ability of the parties to insure or undertake to accept the risk. Upsetting the balance that has been negotiated among the different interests and that has been accepted as custom and practice in the industry for decades threatens to jeopardize the survival of the contractors upon whom the industry and our national security depend. Accordingly, IADC members have a substantial interest in the outcome of this litigation and respectfully request that the Court grant leave to file the attached amicus curiae brief.

Respectfully submitted,

BROWN SIMS, P.C.

By: /s/ Lisa M. Africk
    Lisa M. Africk (#26724)
    650 Poydras Street, Suite 2200
    New Orleans, Louisiana 70130
    Telephone: 504.569-1007
    Telecopier: 504.569-9255
    lafrick@brownsims.com

*ATTORNEYS FOR THE INTERNATIONAL ASSOCIATION OF DRILLING CONTRACTORS*

OF COUNSEL:

Kenneth G. Engerrand
Texas Bar No. 06619500
kengerrand@brownsims.com
Robert M. Browning
Texas Bar No. 00796264
rbrowning@brownsims.com
1177 West Loop South, Tenth Floor
Houston, Texas 77027-9007
Telephone: 713.629-1580
Telecopier: 713.629-5027

## CERTIFICATE OF CONFERENCE

I hereby certify that BP has expressed its opposition to this motion.

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send an electronic notice of to all CM/ECF participants.

    /s/ Lisa M. Africk
    Lisa M. Africk