UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE NO. 1 |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE SHUSHAN |
| No. 10-2771, 10-04536 and all cases | * | |
| in which Cameron International | * | |
| is named as a Defendant | * | |
| | * | |
| * * * * * * * * * * * * | | |

## REPLY BRIEF OF MOEX USA CORPORATION IN FURTHER SUPPORT OF ITS MOTIONS TO DISMISS THE CROSSCLAIMS OF CAMERON INTERNATIONAL CORPORATION

Robert S. Stassi T.A. (La. Bar No. 25259)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEYS FOR MOEX USA CORPORATION**

EXHIBIT F

TABLE OF CONTENTS

(1)  THE MOTIONS TO DISMISS PENDING IN THIS MDL
     TO WHICH THIS BRIEFING APPLIES ........................................................................ 1

(2)  ARGUMENT .................................................................................................................. 2

     a).  Rule 8(a)(2)'s Pleading Requirements
          Applicable To Complaints Are Also Applicable
          To Contingent Cross-Claims For Contribution ..................................................... 2

     b).  Cameron's Crossclaims Against MOEX USA
          for Contribution Under the General Maritime Law (Cameron's
          "Eleventh Claim") Must be Dismissed ................................................................. 4

     c).  Cameron's Request for Leave to Amend Should be Denied ................................. 5

(3)  CONCLUSION ............................................................................................................... 6

**MAY IT PLEASE THE COURT:**

MOEX USA Corporation ("MOEX USA") respectfully submits this Reply Brief in further support of its motions to dismiss the Crossclaims of Cameron International Corporation ("Cameron").

## (1).
## THE MOTIONS TO DISMISS PENDING IN
## THIS MDL TO WHICH THIS BRIEFING APPLIES

This brief ("Reply") replies to Cameron's Opposition Brief (Rec. Doc. 4304) ("Opposition") and further supports the following motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Cameron's crossclaims, counterclaims and third-party claims against MOEX USA ("Crossclaims"):

> *Motion MOEX USA Corporation to Dismiss Cross-Claims Of Cameron International Corporation for Failure to State a Claim Upon Which Relief Can Be Granted* **(Rec. Doc. 2946)**, which moved to dismiss three duplicate crossclaims of Cameron against MOEX USA for contribution under general maritime law. These crossclaims are found in the record at Rec. Doc. 412 in #10-2771, at Rec. Doc. 2472 in #10-2179, and Rec. Doc. 2474 in #10-2179;

> *Motion Of MOEX USA Corporation To Dismiss Cross-Claims Of Cameron International Corporation For Failure To State A Claim Upon Which Relief Can Be Granted* **(Rec. Doc. 3631)**, which moved to dismiss two duplicative sets of crossclaims by Cameron, namely: (i) Answer of Cross-Defendant Cameron to Crossclaims of Anadarko Defendants, Together with Counterclaims and Crossclaims (applicable to No. 10-2771) (Rec. Doc. 2867), and; (ii) Answer of Cross-Defendant Cameron to Crossclaims of MOEX Offshore 2007, LLC, Together with Counterclaims and crossclaims (applicable to Docket No. 10-2771) (Rec. Doc. 2868).

Cameron's Opposition only addresses MOEX USA's motion to dismiss found at Rec. Doc. 2946. Accordingly, MOEX USA's motion found in the Rec. at Doc. 3631 should be granted as unopposed. In the alternative, since Cameron's Crossclaims against MOEX USA

contain substantially identical allegations (or a lack thereof), the Court should grant both of MOEX USA's motions based on MOEX USA's prior briefing and this Reply.

### (2).
### ARGUMENT

Cameron's Crossclaims against MOEX USA assert identical claims for contribution under general maritime law only. In each of the Crossclaims, Cameron's contribution claim against MOEX USA under general maritime law consists of a single paragraph enumerated as the "Eleventh Claim." Nowhere in the Crossclaims or in the Opposition is it alleged that MOEX USA is a responsible party under the Oil Pollution Act ("OPA").

The Crossclaims do not identify or include any specific factual allegations that show that MOEX USA owed any tort duty to the Plaintiffs (and by extension contribution to Cameron). Accordingly, MOEX USA moved to dismiss Cameron's pursuant to Rule 12(b)(6) because, on their face, the Crossclaims' bare bones allegations do not include basic, necessary facts which would need to be proven to obtain relief under the alleged theories of contribution under general maritime law (or other laws).

### *a). Rule 8(a)(2)'s Pleading Requirements Applicable To Complaints Are Also Applicable To Contingent Cross-Claims For Contribution*

In its Opposition, Cameron says nothing about MOEX USA. Cameron, without citing any legal authorities, tries to correct its wholly deficient pleadings only by telling the Court that the second sentence of Rule 13(g) permits contingent contribution crossclaims "without imposing the 'statement of claim' obligation of Rule 8(2)(a) and the first sentence of 13(g)." (Opposition, p.3-4). On the contrary, Rule 8(a)(2)'s pleading requirements applicable to complaints have repeatedly been found to be applicable to contingent cross-claims for

contribution. *Texas Water Supply Corp. v. R. F. C.*, 204 F.2d 190, 196-97 (5th Cir. 1953)(Answer and cross-claim which merely referred to answer and cross-claim in another pending action did not sufficiently set forth claim under Rule of Civil Procedure providing that a pleading shall contain a short and plain statement of the claim showing that the pleader is entitled to relief); *Lee v. Morial*, 37 Fed.Appx. 88, FN10 (5th Cir. 2002)(Rule 8(a)(2)'s requirement that a pleading must contain a short and plain statement of the claim applies to crossclaims); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995)(Rule 8(a)(2) applies to crossclaims); *Glens Falls Indem. Co. v. U.S. ex rel. and to Use of Westinghouse Elec. Supply Co.*, 229 F.2d 370, 374 (9th Cir. 1956)(even crossclaim made contingent upon ultimate adjudication of claimant's liability to plaintiff and brought under Rules required to contain a "short and plain statement of the claim showing the pleader entitled to relief on the contingency stated as required by F.R.Civ.P. Rule 8(a)."); *Washington Building Realty Corporation v. Peoples Drug Stores*, 161 F.2d 879, 879-80 (D.C. Cir. 1947)(crossclaim does not allege sufficient facts as required by Rule 8(a) to support contribution claim); *In re Taxable Mun. Bond Securities Litigation*, 1993 WL 591418, *1 (E.D.La.1993)(in connection with Rule 12(b)(6) motion to dismiss, contingent cross-claims and the third-party claims were examined for legal sufficiency of factual pleading under Rule 8(a)(2)).

In *Connecticut General Life Ins. Co. v. Universal Ins. Co.*, 838 F.2d 612, (1st Cir. 1988), the First Circuit rejected a similar argument by a crossclaimant. The crossclaimant pointed to the permissive crossclaim provisions of Rule 13(g) and the facts alleged by the plaintiff, and characterized its claim not as a "separate and independent action between co-parties," but as a "contingent remedy requested on the basis of the result in the original complaint filed." *Id.*, at

622-23. In reversing the district court and dismissing the crossclaim, the First Circuit panel noted:

> But Rule 13(g) is not a general provision for indemnity or contribution. It is purely a procedural device for facilitating affirmative claims for relief among co-parties to a lawsuit. See 3 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 13.34[1], at 13-213 n. 11 (1987); 6 C. Wright & A Miller, FEDERAL PRACTICE & PROCEDURE § 1431, at 162 (1971). The pleading requirements of Rule 8(a) apply to Rule 13(g) cross-claims, which must "contain ... a short and plain statement ... showing that the pleader is entitled to relief." See *Washington Building Realty Corp. v. Peoples Drug Stores, Inc.*, 161 F.2d 879, 880 (D.C.Cir.1947); *Paur v. Crookston Marine, Inc.*, 83 F.R.D. 466, 471 (D.N.D.1979).

*Id.*, at 622-23.

Under the authorities cited in its memorandum in support (Rec. Doc. 2946-1), Dismissal of Cameron's Crossclaims against MOEX USA is proper pursuant to Rule 12(b)(6) because, on its face, the Crossclaims fail to allege basic facts necessary to obtain relief under the theory specifically enumerated as contribution under maritime law.

### b). *Cameron's Crossclaims Against MOEX USA for Contribution Under the General Maritime Law (Cameron's "Eleventh Claim") Must Be Dismissed*

In its Opposition, Cameron says nothing about its conclusory, general maritime law contribution claims against MOEX USA. Presumably, Cameron fails to oppose MOEX USA's motion to dismiss the claims because Cameron' recognizes that maritime law claims are simply not viable as to MOEX USA in light of the Court's Order and Reasons dated August 26, 2011, Rec. Doc. 3830 (the "Decision"). In the Decision, the Court held that, to maintain a general maritime law claim, a party making claims against MOEX USA must show MOEX USA's negligence or actual fault.

Applying the holding in *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988), this Court found that MOEX USA has no fault in this case because it had no operational control over the *Deepwater Horizon* or the drilling of the Macondo Well. *See*, Decision, at 28-29, 39. As fully explained in MOEX USA's memoranda in support of its motions to dismiss, a party is only entitled to contribution in proportion to the negligence or fault of the party from whom contribution is sought. Since contribution is the defendant's right to collect from other *responsible* parties the amount the defendant has paid more than its proportionate share of fault, a non-negligent party such as MOEX USA cannot be liable for contribution.

In its Crossclaims, Cameron does not allege any facts purporting to show MOEX USA's separate fault; rather, Cameron only alleges, in an impermissibly conclusory fashion, that its claims of MOEX USA's liability are "[b]ased on allegations of the Complaint and the allegations of claims made in this action." Cameron does not allege that MOEX USA had operational involvement in, control of, supervisory authority over or any access at all to any information not already available to BP and Transocean personnel either onshore or on the rig. Under the Decision, in the absence of that access, control or involvement, MOEX USA owed no tort duty to the Plaintiffs, and by extension can owe no contribution to Cameron under general maritime law. *See*, Decision at 28-29, 39.

### c). *Cameron's Request for Leave to Amend Should be Denied*

In light of this Court's findings set forth in the Decision, there are no allegations which Cameron can make, should it be allowed to amend, which can cure the present deficiencies and/or which can support a sustainable claim against MOEX USA. Accordingly, MOEX USA respectfully submits that Cameron's alternative request for leave to amend should be denied.

## (3).
## CONCLUSION

WHEREFORE, MOEX USA Corporation prays that the Court dismiss all Crossclaims asserted against it by Cameron for failure to state a claim upon which relief can be granted.

DATED: November 7, 2011          Respectfully submitted,

*s/ Robert S. Stassi*
Robert S. Stassi T.A. (La. Bar No. 25259)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEYS FOR MOEX USA CORPORATION**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 7, 2011.

/s/ Robert S. Stassi

4830-1884-2125, v. 1