UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * | MDL No. 2179<br><br>SECTION "J"<br>JUDGE BARBIER |
| THIS DOCUMENT RELATES TO NO. 10-2771 | * * * * | MAGISTRATE NO. 1<br>MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION OF MITSUI OIL EXPLORATION CO., LTD, BY SPECIAL APPEARANCE, TO DISMISS CROSS-CLAIMS OF CAMERON INTERNATIONAL CORPORATION

MAY IT PLEASE THE COURT:

Mitsui Oil Exploration Company, Ltd. ("MOECO"), by special limited appearance through its undersigned counsel, with full reservation of rights, without waiving formal service of process with respect to any Complaint, Counterclaim, or Cross-Claim, or any other pleading asserting a claim against MOECO in this MDL, and without waiving any defenses or objections based on personal jurisdiction in this MDL, respectfully submits this Memorandum in Support of its Motion to Dismiss Cross-Claims of Cameron International Corporation ("Cameron") for failure to state a claim upon which relief can be granted and/or for lack of personal jurisdiction. For the following reasons, MOECO's Motion should be granted pursuant to Federal Rules of Civil Procedure 12(b)(2) and/or 12(b)(6).

As noted in MOECO's Motion, on June 20, 2011, Cameron named MOECO as a "Cross-Defendant" in two (2) duplicative sets of cross-claims and/or counter-claims. In each of the referenced pleadings, Cameron fails to assert any allegations or causes of action targeted

EXHIBIT G

specifically at or against MOECO. In fact, MOECO's name appears only in one place in each of the cross-claims: MOECO is identified only in the introductory paragraph naming the Cross-Defendants. (Rec. Doc. 2867 in #10-2771 at p. 46, and Rec. Doc. 2868 in #10-2771 at p. 30). Cameron also asserts contribution cross-claims under the General Maritime Law against all "Cross-Defendants," including, presumably, MOECO (Rec. Doc. 2867 (¶ 450) in #10-2771, and Rec. Doc. 2868 (¶ 228) in #10-2771) [1].

To the extent the referenced pleadings actually assert any cross-claims against MOECO (which MOECO does not concede), then pursuant to Federal Rule of Civil Procedure 10(c), MOECO expressly incorporates and adopts as if set forth in full herein the arguments made by MOEX USA Corporation ("MOEX USA") in its Motion and supporting Memorandum of Law to Dismiss the Cross-Claims of Cameron International Corporation for Failure to State a Claim Upon Which Relief Can Be Granted (Rec. Doc. 2946 and Rec. Doc. 2946-1) and the arguments made by MOEX Offshore 2007 LLC ("MOEX Offshore") regarding Cameron's cross-claim for contribution under the General Maritime Law in its Motion and supporting Memorandum of Law to Dismiss the Cross-Claims of Cameron International Corporation for Failure to State a Claim Upon Which Relief Can Be Granted (Rec. Doc. 2955 and Rec. Doc 2955-1, at pp. 15-17). The incorporated documents are attached hereto for the Court's convenience as Exhibits "A" and "B" respectively.

Cameron's cross-claims must also be dismissed for lack of personal jurisdiction. In an "Agreed Stipulation for Stay of Jurisdictional Discovery," Cameron stipulated and agreed that as it pertained its cross-claims against MOECO, "deferral of discovery and briefing on the issues of personal jurisdiction with respect to MOECO would be in the interests of judicial economy and

---

[1] MOECO does not respond to Cameron's cross-claim for contribution under OPA (Rec. Doc. 2867 (¶ 449) in #10-2771, and Rec. Doc. 2868 (¶ 227) in #10-2771), as Cameron has not alleged that MOECO is a responsible party under OPA.

prudent allocation of resources," and that thus, "[a]ll jurisdictional discovery and briefing regarding MOECO is stayed until the conclusion of the 2012 Limitation/Liability Trial, or further order of this Court." (Rec. Doc. 2706 at 2, ¶ 2). Accordingly, the issue of whether this Court has personal jurisdiction over MOECO for the purposes of adjudicating Cameron's cross-claims will not be determined until after the February 27, 2012 Trial. Any adjudication as to Cameron's cross-claims prior thereto will not be binding on MOECO in any subsequent proceeding, and should thus be dismissed.

WHEREFORE, MOECO prays that this Court dismiss all cross-claims asserted by Cameron against MOECO, including those set forth in the pleading at Rec. Doc. 2867 and Rec. Doc. 2868, for failure to state a claim upon which relief can be granted, and/or for lack of personal jurisdiction.

DATED: Aug. 8, 2011

                                                                *s/ William T. Finn*
                                         William T. Finn (La. Bar. No. 1359)
                                         CARVER, DARDEN, KORETZKY, TESSIER,
                                         FINN, BLOSSMAN & AREAUX, LLC
                                         1100 Poydras Street, Suite 3100
                                         New Orleans, LA 70163
                                         Telephone: (504) 585-3800
                                         Fax: (504) 585-3801
                                         **ATTORNEYS FOR**
                                         **MITSUI OIL EXPLORATION CO., LTD.**

- 4 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing Memorandum to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on Aug, 8, 2011.

*s/ William T. Finn*

4821-3415-6554, v. 2