# DODSON
## —— HOOKS & ——
# FREDERICK

A Professional Law Corporation

Richard J. Dodson                                             jerry@dodsonhooks.com

September 1, 2011

***Via Certified Mail, Return Receipt***
***Art. No. 7006 0810 0002 4316 9450***
***& Regular U.S. Mail***
Mr. Clayton J. Matherne
P.O. Box 345
Rockport, LA 70374

> RE:  *Clayton Matherne v Guilbeau Marine, Inc., et al.*, USDC, EDLA 2:11-cv-01437
> and
> *Clayton J. Matherne v Hugh P. Lambert and Lambert and Nelson, APLC*;
> Civil District Court, Orleans Parish, No. 11-8738, Division N-8.

Dear Mr. Matherne:

After careful review and consideration, this law firm, including me as well as Richard J. Dodson decline to provide further representation to you in the captioned cases. In both of the captioned lawsuits, we will be filing Motions to Withdraw representation of you, by this law firm, those captioned matters. A copy of each of the captioned lawsuits is enclosed. You need to obtain legal representation for yourself in both of these lawsuits immediately.

                                        Sincerely,

                                        **DODSON, HOOKS & FREDERICK, APLC**

                                        Michael T. Beckers

RJD/MTB/jlj/an
Encls.
cc: Richard J. Dodson
    Stanley J. Jacobs

☞JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Clayton J. Matherne

## DEFENDANTS
Guilbeau Marine Inc. and/or Guilbeau Boat Rentals L.L.C.

(b) County of Residence of First Listed Plaintiff  **Lafourche Parish**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Lafourche Parish**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jacobs Manuel Kain & Aarnodt, 500 St. Louis St, NOLA 504-523-1444;
Dodson, Hooks & Frederick, 1 City Plaza, Ste. 850, 445 North Blvd.
Baton Rouge, LA 70802. 225-756-0222

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**46 U.S.C. 688**
Brief description of cause:
Clayton Matherne - Personal injury due to toxic exposure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   06/17/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| CLAYTON J. MATHERNE | * | CIVIL ACTION NO: |
| --- | --- | --- |
| VERSUS | * | |
| | * | SECTION NO: |
| GUILBEAU MARINE, INC. AND/OR, | * | |
| GUILBEAU BOAT RENTALS, LLC, | * | MAG: |
| BP AMERICA INC., BP P.L.C., BP | * | |
| EXPLORATION & PRODUCTION INC. | * | |

## SEAMAN'S COMPLAINT
(Jury Trial)

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Clayton J. Matherne, respectfully representing as follows:

1.

Plaintiff, Clayton J. Matherne, is a person of the full age of majority and resident domiciliary of the Parish of Lafourche, State of Louisiana.

2.

Made defendants herein are:

a) British Petroleum America, Inc., ("BP America") a non-Louisiana corporation licensed to do and doing business within the jurisdiction of this Honorable Court and having its domicile in the State of Delaware;

b) British Petroleum Exploration & Production, Inc. ("BP Exploration") a Delaware corporation with its principal place of business in Warrenville, Illinois;

c) British Petroleum P.L.C. ("BP P.L.C.") a British public limited company with its corporate headquarters in London, England (BP Exploration, BP America, and BP P.L.C. are herein after collectively referred to as "BP");

d) Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, LLC, a Louisiana corporation licensed to do and doing business within the jurisdiction of this Honorable Court.

3.

Jurisdiction of this Honorable Court is proper under 28 U.S.C. §1333 as this is an admiralty/maritime claim.

4.

This matter is governed by 46 U.S.C. Section 688 ("The Jones Act") and the General Maritime Law. In the alternative, this matter is governed by the Sieracki doctrine and 33 U.S.C Section 901 et seq., including Section 905(b) and Section 933.

5.

At all times relevant to the instant Complaint, plaintiff was directly employed by defendant, Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, LLC, as a seaman under the purview of the Jones Act.

6.

At all times relevant to the instant Complaint, plaintiff was assigned to and working aboard the MV CYRUS ANTHONY and MV NOONIE G, a vessel owned and/or operated and/or controlled and/or chartered by defendant, GUILBEAU MARINE, INC. AND/OR GUILBEAU BOAT RENTALS, LLC.

7.

At all times relevant to the instant Complaint, the purpose and mission of this vessel and those assigned to the vessel was to contain the oil spilling out of the Deep Horizon well, resulting from the DEEPWATER HORIZON explosion of April 20, 2010. In that regard, plaintiff was also working under the supervision, direction, and control of defendant, BP, in accomplishing this task.

8.

At all times relevant to the instant Complaint, Plaintiff was under the direction, supervision, and/or control of Defendants as a direct employee and/or borrowed employee. Defendants are therefore jointly and solidarily liable to Plaintiff for the incidents and injuries set forth and described herein under the Jones Act, the general maritime law, including the doctrine of unseaworthiness, and, in the alternative, the provisions of the Sieracki Doctrine and the provisions of the Longshore Harbor Worker's Compensation Act, 33 U.S.C. 901, et seq., including but not limited to Sections 905(b) and 933.

9.

On or about April 20, 2010, an explosion and fire destroyed the Deepwater Horizon offshore drilling rig in the Gulf of Mexico off of the southeast coast of Louisiana. For months after the explosion and fire, crude oil gushed from the site of the explosion in unprecedented amounts.

10.

Upon information and belief, defendant, BP, contracted with and/or hired Defendant, Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, LLC, to utilize the MV CYRUS ANTHONY and MV NOONIE G in connection with crews providing clean up work following the oil spill.

11.

Plaintiff, Clayton J. Matherne, was assigned to work aboard the MV CYRUS ANTHONY and MV NOONIE G under the direction and control of his direct employer and Defendant, Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, LLC, as well as under the direction and control of Defendant, BP.

3

12.

At all times relevant herein, Plaintiff worked, ate and slept aboard the MV CYRUS ANTHONY and MV NOONIE G during which time he contributed to its mission and function while maintaining a connection to the vessel that was substantial in both duration and nature.

13.

While working aboard the MV CYRUS ANTHONY and MV NOONIE G under the direction and control of Defendants, Plaintiff was exposed to oil and/or toxic oil and/or toxic chemicals and/or toxic materials. This exposure caused significant and permanent physical and mental injuries to Plaintiff.

14.

Plaintiff was seen by Dr. Benjamin F. Walton on July 28, 2010 who rendered an opinion on July 30, 2010 that the Plaintiff be seen by a pulmonologist to evaluate him from a respiratory standpoint. Dr. Walton recommended that Plaintiff continue to take medication consisting of Albuterol, Prednisone and Advair. Dr. Walton prescribed a wheelchair because Plaintiff complained of shortness of breath and declared him unfit for duty from work.

15.

On the 19th day of August, 2010, Plaintiff executed a settlement agreement wherein he mistakenly resolved any and all claims he may have against BRITISH PETROLEUM AMERICA, INC., BRITISH PETROLEUM EXPLORATION & PRODUCTION, INC., BRITISH PETROLEUM P.L.C., GUILBEAU MARINE, INC. AND/OR GUILBEAU BOAT RENTALS, LLC for the amount of TWENTY ONE THOUSAND DOLLARS AND NO/100.

16.

At the time of the settlement, the Plaintiff was a Jones Act seaman and a ward of the

Court.

17.

At the time of the settlement, the plaintiff was under active medical care for catastrophic injuries sustained as a result of the accident of April 20, 2010 and had not reached maximum medical cure. Plaintiff was not aware of the extent of his injuries. Plaintiff did not have a full appreciation of his rights or of the consequences and the effect of his action when he executed the release. Specifically, while Plaintiff was represented by counsel, Plaintiff did not know that he was releasing any claims against BP or any of its related companies. Moreover, the amount of compensation, based on the severity of Plaintiff's injuries, shocks the conscience and is wholly inadequate and invalid consideration.

18.

Plaintiff prays that the settlement be set aside against BRITISH PETROLEUM AMERICA, INC., BRITISH PETROLEUM EXPLORATION & PRODUCTION, INC., BRITISH PETROLEUM P.L.C., GUILBEAU MARINE, INC. AND/OR GUILBEAU BOAT RENTALS, LLC and allowed to have his day in Court.

19.

The incident forming the subject matter of this litigation occurred through no fault of Plaintiff, but instead as a direct result of the negligence and fault of defendants, GUILBEAU MARINE, INC. AND/OR GUILBEAU BOAT RENTALS, LLC and BP, as well as, their employees, agents and/or servants for which they are responsible. Plaintiff asserts a cause of action against Defendants under the Jones Act, the general maritime law, including the doctrine of unseaworthiness, and, in the alternative, the Sieracki doctrine and 33 U.S.C. Section 901 *et seq.*, including Section 905(b) and Section 933. Plaintiff asserts these causes of action against

Defendants and their employees, agents and/or servants for which they are responsible in one or more of the following non-exclusive respects:

(a) Failure to take the necessary and reasonable steps to protect the health and welfare of plaintiff and other persons working aboard the MV CYRUS ANTHONY and MV NOONIE G;

(b) Failure to properly investigate and conduct an adequate job risk analysis to recognize the danger of working in this general area following this explosion and oil spill;

(c) Failure to properly inspect and warn Plaintiff and others of the hazards present during these operations, including but not limited to the dangers of exposure to toxic materials;

(d) Failure to properly train personnel in the use of safety equipment aboard the vessel;

(e) Failure to provide Plaintiff with a reasonably safe place to work;

(f) Failure to adequately supervise operations aboard the vessel;

(g) Failure to provide adequate safety training, guidelines and proper safety precautions to Plaintiff and others;

(h) Failure to have an adequate and safe method for accomplishing the task during which Plaintiff was injured;

(i) Failure to provide proper and adequate safety equipment to Plaintiff and others;

(j) Failure to institute and maintain proper safety measures aboard the vessel;

(k) Failure to safely and properly operate, control and maintain the vessel; and

(l) Other negligent acts and/or omissions to be shown at the trial of this matter.

20.

As a result of said accident, Plaintiff sustained severe physical and mental injuries including but not limited to the development of a seizure disorder, memory problems, toxic poisoning, respiratory problems, skin rashes, stomach complications, and other long term health effects not known at this time. Plaintiff seeks the following damages in connection with his

injuries:

(a) Past and future lost/impaired wages, income, earning capacity and employment related benefits;

(b) Past and future physical pain and suffering, disability and disfigurement;

(c) Past and future mental and emotional pain and suffering, as well as, the loss of enjoyment of life;

(d) Past and future medical, custodial and rehabilitation expenses;

(e) Punitive damages;

(f) Past and future maintenance, cure and found; and

(g) Additional damages to be shown at the trial of this matter.

21.

Nothing Plaintiff did or failed to do caused or contributed to the above described accident and the resulting injuries.

22.

Plaintiff is entitled to prejudgment interest on damages from the date of loss. As to any damages which the Court determines are not properly subject to an award of prejudgment interest, plaintiff seeks interest from the date of judicial demand or, in the alternative, the date of judgment.

23.

Plaintiff is entitled to and requests a trial by jury on all issues raised in this Complaint.

WHEREFORE, Plaintiff, CLAYTON J. MATHERNE, prays that the settlement of August 19, 2010 be set aside. Plaintiff prays Defendants BRITISH PETROLEUM AMERICA, INC., BRITISH PETROLEUM EXPLORATION & PRODUCTION, INC., BRITISH PETROLEUM P.L.C., and GUILBEAU MARINE, INC. AND/OR GUILBEAU BOAT

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
для the
Eastern District of Louisiana

| | |
|---|---|
| Clayton Matherne<br>*Plaintiff*<br>v.<br>Guilbeau Marine Inc. et al<br>*Defendant* | ) ) ) ) ) Civil Action No. 2:11-cv-01437 |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To: BP America Inc. c/o CT Corporation System

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within __30__ days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date: 06/17/2011

*Signature of the attorney or unrepresented party*

Jodi J. Aamodt
*Printed name*

500 St. Louis Street, Ste. 200
New Orleans, LA 70130
*Address*

jmk_jodi@bellsouth.net
*E-mail address*

504-523-1444
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| Clayton J. Matherne <br> *Plaintiff* <br> v. <br> Guilbeau Marine Inc. et al <br> *Defendant* | Civil Action No. 2:11-cv-01437 |

## WAIVER OF THE SERVICE OF SUMMONS

To: __Jodi J. Aamodt__
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from __06/17/2011__, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Signature of the attorney or unrepresented party*

__BP America, Inc.__
*Printed name of party waiving service of summons*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

41ST JUDICIAL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

2011-8738


FILED
AUG 16 2011
DEPUTY CLERK
CIVIL DISTRICT COURT

| CLAYTON J. MATHERNE | * | CIVIL ACTION NO: |
|---|---|---|
| VERSUS | * | |
| | * | SECTION NO: N-8 |
| HUGH P. LAMBERT and LAMBERT AND NELSON, A PROFESSIONAL LAW CORPORATION | * * * | |

* * * * * * * * * * * * *

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, CLAYTON J. MATHERNE, respectfully representing as follows:

1.

Plaintiff, Clayton J. Matherne, is a person of the full age of majority and resident domiciliary of the Parish of Lafourche, State of Louisiana.

2.

Made defendants herein are:

a) HUGH P. LAMBERT, a personal of the full age of majority and resident domiciliary of the Parish of Orleans, State of Louisiana;

b) LAMBERT AND NELSON, A PROFESSIONAL LAW CORPORATION, a Louisiana corporation licensed to do and doing business within the jurisdiction of this Honorable Court.

3.

Plaintiff retained defendants as attorneys with respect to severe personal injuries he sustained while working for Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals, LLC (hereinafter sometimes referred to as "Guilbeau") to contain the oil spilling out of the Deepwater Horizon Well, resulting from the Deepwater Horizon explosion of April 20, 2010. In that regard, Plaintiff was also working under the direction, supervision and control of British Petroleum Company ("BP") as defendant "BP" contracted with and/or hired defendant Guilbeau Marine, Inc. and/or Guilbeau Boat Rentals LLC to utilize the MV CYRUS ANTHONY and MV NOONIE G in connection with said clean up work.

4.

While working for Guilbeau and/or BP, Plaintiff worked, ate and slept aboard the M/V CYRUS ANTHONY and M/V NOONIE G during which time he contributed to the mission of the vessels maintaining a connection to the vessels that was substantial in both direction and

nature.

5.

While working aboard the M/V CYRUS ANTHONY and M/V NOONIE G, Plaintiff was exposed to oil and/or toxic oil and/or toxic chemicals and/or toxic materials. This exposure caused significant and permanent, physical and mental injuries to Plaintiff.

6.

Plaintiff was seen by Dr. Benjamin F. Walton on July 28, 2010 who rendered an opinion on July 30, 2010 that Plaintiff be seen by a pulmonologist to evaluate him from a respiratory standpoint. Dr. Walton recommended that Plaintiff continue to take medication consisting of Albuterol, Prednisone and Advair. Dr. Walton prescribed a wheelchair because plaintiff was suffering from chemical pneumonitis and complained of shortness of breath and declared him unfit for duty from work. Previously on June 30th, 2010, Dr. Ben Birdsall had prescribed a hospital bed for plaintiff for inhalation illness.

7.

To date, Plaintiff remains in a wheelchair and remains totally disabled and unable to do work of any kind.

8.

On August 19, 2010, shortly after Plaintiff's consultation with Dr. Walton, Plaintiff settled his case against BP and Guilbeau in the amount of Twenty-One Thousand Dollars and No/100 ($21,000.00).

9.

At the time of the settlement, Plaintiff was a Jones Act seaman and a ward of the Court.

10.

Both the Supreme Court of Louisiana and the Supreme Court of the United States have made it emphatically clear that a seaman is ward of the Court and seaman's releases are carefully scrutinized by the Courts in order to fully protect the seaman's rights to adequate compensation for his injuries. In fact, the Louisiana Supreme Court, citing the United States Supreme Court, stated:

> [Seamen] are emphatically the wards of the [court]; and though not technically incapable of entering into a valid contract, they are treated in the same manner, as courts of equity are accustomed to treat young heirs, dealing with their expectancies, wards with their guardians, and cestuis que trust with their trustees. ... If there is any undue inequality in the terms, any disproportion in the bargain, any sacrifice of rights on one side, which are not compensated by extraordinary

2

benefits on the other, the judicial interpretation of the transaction is, that the bargain is unjust and unreasonable, that advantage has been taken of the situation of the weaker party, and that pro tanto the bargain ought to be set aside as inequitable. ... And on every occasion the court expects to be satisfied that the compensation for every material alteration is entirely adequate to the diminution of right or privilege on the part of the seamen.' *Harden v. Gordon* (CC) 2 Mason 541, Fed Cas No. 6047." *Garrett v. Moore-McCormack Co., supra* at 246-247, 63 S.Ct. at 251. See also, *Parodi v. American President Lines, Ltd.*, 269 F.Supp. 696 (N.D.Cal. 1967).

***

"The wardship theory has, as was recognized by the courts below, marked consequences on the treatment given seamen's releases. Such releases are subject to careful scrutiny. 'One who claims that a seaman has signed away his rights to what in law is due him must be prepared to take the burden of sustaining the release as fairly made with and fully comprehended by the seaman.' *Harmon v. United States* (CCA 5th 1932) 59 F(2d) 372, 373. We hold, therefore, that the burden is upon one who sets up a seaman's release to show that it was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights. The adequacy of the consideration and the nature of the medical and legal advice available to the seaman at the time of signing the release are relevant to an appraisal of this understanding." *Garrett v. Moore-McCormack Co., supra* at 247-248, 63 S.Ct. at 252. (Emphasis added).[1]

11.

Based on representations made by Defendants, Hugh Lambert and Lambert & Nelson, at the time of settlement, Plaintiff only believed that he was settling with Guilbeau Marine and/or Guilbeau Boat Rentals. Plaintiff was not aware that he would be settling his case against BP, or any of its affiliates, insureds or any potential parties that BP would be responsible for. Plaintiff was led to believe that he was only settling his claim against his employer and that he would still have available remedies against BP.

12.

Following his execution of the settlement documents and after retaining new counsel, Plaintiff learned for the first time that he had allegedly settled any and all claims he may have against BP and that there would be no further recovery available to him, at least without intervention of the Court, despite the fact that $21,000.00 is wholly inadequate to compensate Plaintiff for the injuries sustained as a direct result of BP and/or Guilbeau.

13.

In addition to this suit, Plaintiff has also filed a claim in the United States District Court for the Eastern District of Louisiana to invalidate the settlement agreement. Specifically, based on the medical records available at the time of settlement, Plaintiff was under active medical care

---

[1] *Neely v. Hollywood Marine, Inc.*, 530 So. 2d 1116, 1122 (La. 1988).

3

for catastrophic injuries sustained as a result of the accident of April 20, 2010 and had not reached maximum medical care. At the time of the purported settlement agreement, Plaintiff was not aware of the extent of his injuries and was a "ward of the court." Further, Plaintiff did not have a full appreciation of his rights or of the consequences and the effect of his action when he executed the release. Moreover, the amount of the compensation, based on the severity of Plaintiff's injuries, shocks the conscience and is wholly inadequate and invalid consideration.

14.

Plaintiff's attorneys, Hugh Lambert and Lambert & Nelson, failed to adequately explain to Plaintiff the nature and consequences of his actions. Again, when the underlying settlement agreement was executed, Plaintiff was advised by Defendants that he was only settling his claims against Guilbeau and that he would be able to pursue further actions against BP and its affiliated companies.

15.

At the time Plaintiff allegedly settled any and all claims arising out of his exposure to toxic substances which have resulted in Plaintiff being permanently and totally disabled, Plaintiff was not aware that he was settling the entirety of his claims, nor was he aware of the full extent of his injuries. The actions of Defendants, in failing to fully explain to Plaintiff the nature and consequences of his actions, and in fact advising Plaintiff that he would still be able to pursue a claim against BP is a breach of the standard of care required of attorneys practicing law in Louisiana.

16.

The actions of Defendants have caused Plaintiff further mental anguish than what he previously sustained as a result of the April 20, 2010 accident. While the underlying accident caused Plaintiff to be permanently and totally disabled, he had the opportunity to obtain complete relief from the culpable parties. Now, however, Plaintiff finds himself only 36 years old and incapable of caring for himself or his family. This has added extreme stress and mental anguish to the already devastating injuries Plaintiff has had to endure.

17.

As a result of said accident, Plaintiff sustained severe physical and mental injuries including but not limited to the development of a seizure disorder, memory problems, toxic poisoning, respiratory problems, skin rashes, stomach complications, and other long term health

effects not known at this time that Plaintiff may be forever precluded from recovering against BP as a result of Defendants' breach of the standard of care expected of attorneys in Louisiana. Accordingly, Plaintiff seeks the following damages in connection with his injuries:

(a) Past and future lost/impaired wages, income, earning capacity and employment related benefits;

(b) Past and future physical pain and suffering, disability and disfigurement;

(c) Past and future mental and emotional pain and suffering, as well as, the loss of enjoyment of life;

(d) Past and future medical, custodial and rehabilitation expenses;

(e) Punitive damages;

(f) Past and future maintenance, cure and found; and

(g) Additional damages to be shown at the trial of this matter.

18.

Plaintiff is entitled to prejudgment interest on damages from the date of loss. As to any damages which the court determines are not subject to an award of prejudgment interest, Plaintiff seeks interest from the date of judicial demand or, in the alternative, the date of judgment.

18.

Plaintiff is entitled to and requests a trial by jury on all issues raised in this Petition for Damages.

**WHEREFORE**, Plaintiff, prays Defendants HUGH LAMBERT and LAMBERT AND NELSON, A PROFESSIONAL LAW CORPORATION, be served with a copy of this lawsuit and that after a trial by jury and all due proceedings, there be judgment rendered in favor of the Plaintiff, plus all due interests and costs. Plaintiff also prays for all other appropriate general and equitable relief necessary and proper under the circumstances.

DODSON, HOOKS & FREDERICK, APLC

BY: _____
RICHARD J. DODSON #4982
Jerry@dodsonhooks.com
**MICHAEL BECKERS #30197**
Michael@dodsonhooks.com
112 Founders Drive
Baton Rouge, LA 70810
Telephone: (225) 756-0222
Facsimile: (225) 756-0025

**SERVICE INSTRUCTIONS ON NEXT PAGE**