UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : | MDL NO. 2179 SECTION: J JUDGE BARBIER |
| **THIS DOCUMENT RELATES TO ALL CASES** | : : : | MAG. JUDGE SHUSHAN |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

**CAMERON'S OPPOSITION IN PART TO BP'S MOTION
TO EXCLUDE EVIDENCE OF SETTLEMENT AGREEMENTS**

Pursuant to the Court's Order Amending Schedule for BP Motions *in Limine* and Responses to PSC Issues (Dkt. No. 4572), Cameron respectfully opposes in part BP's motion to exclude evidence of settlement agreements (Dkt. No. 4813).  As set out below, Cameron requests that BP's motion be denied to the extent it seeks to preclude the admission of settlements to show a witness's bias or prejudice without affording the offering party the opportunity to make such a showing, and to the extent it seeks to preclude a nonsettling party's right to settlement credits or offsets, in this phase of the proceedings, or later.

**Analysis**

**A.      Exclusion of Settlements as Evidence of Bias or Prejudice is Premature**

Federal Rule of Evidence 408(a) generally precludes admission of settlement agreements as evidence of a settling party's liability or for impeachment purposes.  That Rule provides as follows:

> Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:

1

>   (1) furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and
>
>   (2) conduct or a statement made during compromise negotiations about the claim—except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.

Evidence of settlement agreements is, however, admissible to show a witness's bias or prejudice. Rule 408(b) provides as follows: "The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution."

BP suggests that because there has not been a showing by any party of bias or prejudice resulting from settlements, the Court should grant its motion. But evidence of bias or prejudice does not arise until trial, and therefore BP's request is premature. Moreover, evidence of bias or prejudice resulting from settlements would not manifest until *after* a settlement is reached. To date, BP has reached settlements only with its joint-operating partners in the Macondo well, Anadarko and MOEX. Should other settlements be reached before trial, either with other co-defendants or the PSC, evidence of any bias or prejudice caused by those settlements would not become evident until trial, at which point the Court can consider BP's Rule 402 and 403 evidentiary concerns. Accordingly, an order at this time precluding the introduction at trial of settlement evidence would be premature. Cameron requests that the Court deny BP's motion to exclude settlement evidence to the extent such evidence is admissible to show bias or prejudice.

**B.      Settlements are Admissible to the Establish a Party's Right to Set Off**

1078445v.1

Cameron also requests that the Court deny BP's motion to the extent it seeks to preclude the use of settlement agreements, at this phase or later proceedings, as evidence of settlement credit or set off. There is a general presumption in the Fifth Circuit against double recovery. *See In re Texas General Petroleum Corp.*, 52 F.3d 1330, 1340 (5th Cir. 1995). The burden of proof is on the party claiming the credit "to show that the damages assessed against it have 'in fact and in actuality' been previously covered." *Wood v. Diamond M Drilling Co.*, 691 F.2d 1165, 1171 (5th Cir. 1982), *cert. denied*, 460 U.S. 1069 (1983); *see also Cates v. United States*, 451 F.2d 411, 417-18 n.20 (5th Cir. 1971). If the nonsettling defendant is not a party to the settlement negotiations, however, he need only show that the settling parties settled a claim on which the nonsettling defendant is liable. *U.S. Indus. v. Touche Ross & Co.*, 854 F.2d 1223, 1262 (10th Cir. 1988). The burden then shifts to the settling party to offer proof that the settlement does not provide him with a double recovery. *McDermott, Inc. v. Clyde Iron*, 979 F.2d 1068, 1080 (5th Cir. 1992), *rev'd in part on other grounds sub nom. McDermott, Inc. v. AmClyde*, 511 U.S. 202 (1994); *U.S. Indus.*, 854 F.2d at 1262-63. "The best way for a party to satisfy his burden is to offer as proof the written settlement, which should specifically stipulate the allocation of damages to each cause of action." *In re Texas General Petroleum Corp.*, 52 F.3d at 1340 (quoting *Hess Oil V.I. Corp. v. UOP, Inc.*, 861 F.2d 1197, 1209 (10th Cir. 1988)).

Settlement agreements are not only relevant to evidence a party's set off, but are "the best way" to establish how damages have been allocated between settlements. *Id.* Cameron requests that BP's motion to exclude evidence of settlements be denied to extent it seeks to preclude the use of settlements as necessary to establish any nonsettling parties' rights to settlement credits.

1078445v.1

**Conclusion**

Cameron respectfully requests that the Court deny BP's motion to exclude evidence of settlement agreements to the extent it seeks to preclude the admissibility of settlement agreements to show a witness's bias or prejudice.  The Court also should deny BP's motion to the extent it seeks to preclude the admission of settlement agreements at this phase or in later proceedings to show a party's right to settlement credit.

Respectfully submitted,

| | |
|---|---|
| David J. Beck, T.A.<br>    dbeck@brsfirm.com<br>Joe W. Redden, Jr.<br>    jredden@brsfirm.com<br>David W. Jones<br>    djones@brsfirm.com<br>Geoffrey Gannaway<br>    ggannaway@brsfirm.com<br>BECK, REDDEN & SECREST, L.L.P.<br>One Houston Center<br>1221 McKinney, Suite 4500<br>Houston, TX  77010-2010<br>713-951-3700<br>713-951-3720 (fax) | */s/ Phillip A. Wittmann*<br>Phillip A. Wittmann, 13625<br>    pwittman@stonepigman.com<br>Carmelite M. Bertaut, 3054<br>    cbertaut@stonepigman.com<br>Keith B. Hall, 24444<br>    khall@stonepigman.com<br>Jared A. Davidson, 32419<br>    jdavidson@stonepigman.com<br>STONE PIGMAN WALTHER WITTMANN L.L.C.<br>546 Carondelet Street<br>New Orleans, Louisiana  70130<br>504-581-3200<br>504-581-3361 (fax)<br>**ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION** |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Opposition in Part to BP's Motion to Exclude Evidence of Settlement Agreements has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of December, 2011.

                                                                              */s/ Phillip A. Wittmann*

1078445v.1