UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN RESPONSE TO HESI'S LETTER BRIEF SEEKING EXCLUSION OF EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES**

In a letter dated December 5, 2011, HESI argues that the Court should generally exclude evidence of subsequent remedial measures undertaken by the parties pursuant to Federal Rule of Evidence 407. In support of its argument, HESI undertakes a general description of the Rule and its application, but cites no specific examples of how or to what extent Rule 407 should apply to the proffered evidence in this case.

BP's position is that it would be a mistake for the Court to make any broad, general ruling excluding evidence under Rule 407. Any potential application of Rule 407 should be carefully considered so as not to exclude relevant, probative evidence of the various parties' responses to the incident. Many of the issues in this case will concern how parties responded to the loss of control at Macondo, centering on the specific actions they took in the days, weeks, and months following the sinking of the *Deepwater Horizon*. An overly broad application of Rule 407 may interfere with a full and fair adjudication of such issues, sweeping in conduct undertaken in response to the spill that, while *remedial* in the sense of "corrective," does not qualify as a *subsequent remedial measure* excludable under Rule 407 given its independent relevance as evidence of parties' responses to the incident.

1

Regardless of how the Court rules on the pending motions regarding evidence of unrelated incidents and prior industrial accidents, evidence of the parties' conduct (whether before, during, or after the sinking of the *Deepwater Horizon*) concerning the procedures, products, and equipment relevant to the drilling of the Macondo Well should not be excluded generally under Rule 407.

Dated: December 12, 2011                           Respectfully submitted,

/s / Don K. Haycraft.

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration &
Production Inc. & BP America Production
Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of December, 2011.

/s/  Don K. Haycraft__