**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | **MDL No. 2179** |
| | **SECTION: J** |
| **This Document Relates to:** ***All Cases*** | **JUDGE BARBIER** |
| **(Including No. 10-2771)** | **MAGISTRATE SHUSHAN** |

**MEMORANDUM IN OPPOSITION TO BP'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF SETTLEMENTS AMONG THE PARTIES**

Plaintiffs respectfully submit the following Memorandum in Opposition to BP's Motion to Exclude "evidence, questions, or arguments that include the fact of settlement or the terms of any settlement for purposes of the Phase I trial" [Doc 4813-1]:

**MAY IT PLEASE THE COURT:**

While Federal Rule of Evidence 408 bars proof - where such proof is offered to show the validity or amount of the disputed claim - that any party furnished, promised, or offered a valuable consideration in compromising or attempting to compromise a claim, the Rule expressly allows a party to offer evidence of a settlement agreement "for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." Fed. R. Evid. 408(b).

BP's failure to identify the particular evidence it seeks to exclude is alone sufficient reason for the Court to deny its motion. *See Auenson v. Lewis*, 1996 WL 457258 at *1 (E.D. La.

Aug. 12, 1996) (explaining that because motions *in limine* are "disfavored," such "evidentiary rulings should be reserved until trial so that questions of foundation, competency, relevancy, and potential prejudice may be resolved in the proper context"). But even if the Court wishes to address the admissibility of settlement evidence generally, it should deny BP's motion.

The fact that BP has settled claims with third parties is potentially relevant to prove the bias or prejudice of witnesses who may testify during Phase I, and Rule 408 expressly permits parties to proffer settlement evidence for just such a purpose. *See WordPerfect Corp. v. Fin. Servs. Mktg. Corp.*, 85 F.3d 619 (5th Cir. 1996) (evidence of a compromise agreement may be admissible to show bias or prejudice).

For example, it is public knowledge that in October of 2010 BP reached a settlement agreement with Anadarko.[1] Prior to their agreement, Anadarko's primary focus was to establish that BP had acted with gross negligence, thereby vitiating Anadarko's contribution obligations under the Macondo Operating Agreement.[2] Now, however, in light of the settlement agreement, the interests of the parties have completely re-aligned: Anadarko has no incentive to prove that BP acted with gross negligence, but is, rather, aligned with BP in attempting to show negligence, or gross negligence, on the part of Halliburton and/or Transocean.

---

[1] The settlement agreement was produced as "Highly Confidential" in redacted form as BP-HZN-2179MDL04585671 thru BP-HZN-2179MDL04585703. While titled "CONFIDENTIAL" and designated "Highly Confidential" by BP under PTO No. 13, the salient terms of the agreement were disclosed by BP in a Press Release: "BP Announces Settlement with Anadarko…" (Oct. 17, 2011), available at: http://www.bp.com/genericarticle.do?categoryId=2012968&contentId=7071823.

[2] *See, e.g.,* "Anadarko Blames BP for Rig Disaster," *The Wall Street Journal*, June 19, 2010, *available at* http://online.wsj.com/article/SB10001424052748704122904575315244230579982.html (in which Anadarko's Chairman and CEO released a statement stating: "The mounting evidence clearly demonstrates that this tragedy [the April 20, 2010 explosion] was preventable and the direct result of BP's reckless decisions and actions").

Specifically, Anadarko is obligated to pay BP the sum of $4 billion.[3] The parties released all claims against one another related to the *Deepwater Horizon* incident, and BP agreed to indemnify its former adversary for numerous civil claims that may be awarded in this litigation.[4] Significantly, the agreement provides that BP will reimburse Anadarko twelve-and-a-half percent (12.5%) of any recoveries from third-parties such as Transocean and Halliburton, up to $1.5 billion.[5] This is directly relevant to credibility, bias and a fair understanding of the true alignment of the parties.[6,7]

Evidence that BP has reached compromise agreements with plaintiffs or other claimants will also be relevant to a valuation of actual harm in this case. Perhaps not in Phase One, Two or Three, but in any subsequent determination of the appropriate *quantum* of punitive damages, actual harm is determined by compiling not only the formal judgments rendered against a defendant, but also the private recoveries achieved through contractual or other means. *See In re Exxon Valdez*, 236 F.Supp.2d 1043, 1058 (D. Alaska 2002). In *Exxon Valdez*, the defendant was found liable for two compensatory judgments totaling $20.3 million. *In re Exxon Valdez*, 236

[3] CONFIDENTIAL SETTLEMENT AGREEMENT, Section 3.1.

[4] Sections 4.1 and Section V.

[5] Section 4.6.

[6] Where evidence of a settlement or compromise agreement is admissible to show that a witness is biased or is not credible, the evidence is *a fortiori* relevant. *See United States v. Abel*, 469 U.S. 45, 52 (1984) (explaining that proof of bias is "almost always relevant" because the finder of fact "has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony"). Thus, BP's Rule 402 arguments are without merit. BP's 403 argument is similarly baseless, particularly in the context of a bench trial.

[7] BP argues that "[t]here is nothing about any of the settlements entered into in matters related to the *Deepwater Horizon* that gives any party or witness any incentive to alter evidence or testimony from what it would have otherwise given." [Doc. 4813-1 at 2.] Not only does the PSC disagree with this bald assertion, but it is also one that, even if true today, may no longer hold by the time of trial. BP may very likely settle with one or more remaining parties prior to commencement of Phase I. Further, a witness who would otherwise have testified adversely to BP's interest may alter his or her testimony because of such a compromise. This is yet another reason to deny BP's motion and allow these arguments to be revisited in the context of trial.

F.Supp.2d at 1058. Exxon argued that in order to compute total compensatory damages—and thus arrive at an accurate figure upon which to base punitive damages—the court was limited to the $20.3 million figure. *Id.* The court disagreed, and ultimately considered numerous pre-judgment payments paid to various affected parties, as well as the value of several settlement agreements entered into with parties affected by its conduct. *Id.* Once these payments were appropriately factored, the court calculated total actual harm at over $507 million. *Id.* at 1060. The Supreme Court later adopted this analysis and affirmed the award of punitive damages based on the total actual harm. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 514 (2008). In the instant matter, BP has acknowledged billions of dollars in damages paid by and through the Gulf Coast Claims Facility. BP has also, upon information and belief, settled claims directly with injured parties. The sum value of these payments must ultimately be considered in order to calculate the actual harm component of compensatory damages. *See In re Exxon Valdez*, 236 F.Supp.2d at 1058-1060.

With respect to the BP-MOEX Settlement Agreement, Plaintiffs further respectfully refer the Court to their ***in camera*** submission to Judge Shushan dated July 5, 2011.

Finally, PTO 38 does not preclude admission of settlement evidence. The Court's Order bars "settlement communications" absent a showing of good cause. By its very terms, then, the Court anticipated that the offering party would be afforded an opportunity to demonstrate good cause justifying admission. BP's motion *in limine,* however, appears to request a blanket ruling. Such a request is unwarranted, especially in light of the good-cause safeguard imposed by PTO 38. What is more, PTO 38 speaks only to "settlement communications"; the order does not encompass the final settlement agreements.

## Conclusion

For the above and foregoing reasons, the BP Defendants' Motion *in limine* to preclude the introduction of evidence related to settlements among the parties should be denied.

This 12th day of December, 2011.

Respectfully submitted,

/s/ Stephen J. Herman
**Stephen J. Herman**, La. Bar No. 23129
**HERMAN HERMAN KATZ & COTLAR LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhkc.com
*Plaintiffs Liaison Counsel*

/s/ James Parkerson Roy
**James Parkerson Roy**, La. Bar No.11511
**DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com
*Plaintiffs Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Brian H. Barr
LEVIN, PAPANTONIO
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street

275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail: mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464

Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of December, 2011.

s/ James Parkerson Roy and Stephen J. Herman