**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**LIAISON COUNSEL MEMORANDUM**

**PROVIDING REPORT FOR 12/16/11 STATUS CONFERENCE**

Liaison Counsel submit this report for the status conference on December 16, 2011.

1. **Pre-Trial Orders:**

Since the last status report for the conference on November 18, the Court has entered no

additional pre-trial orders.

2. **The Status of the JPML Proceedings:**

Since the parties submitted the last status report on November 15, 2011, the Judicial

Panel on Multidistrict Litigation ("JPML" or "Panel") has issued one new Conditional Transfer

Order conditionally transferring one additional case to this Court.  To date, a total of forty CTOs

have been issued.   As of December 13, 2011, there are approximately 624 total cases that have

been transferred to MDL 2179.  (Nearly 110,000 short form joinders have been filed in MDL 2179.)   As a result of dismissals, currently about 532 cases are active before the Court.  Of the active cases, 294 have been transferred by the JPML, while many others were originally filed in this District.  The following issues remain undecided:

- One objection was filed regarding CTO-31.  Briefing is complete, and, pursuant to its notice of hearing session for its December 1, 2011, the Panel has set it as a matter to be considered without oral argument.

- One objection was filed regarding CTO-32.  On November 15, 2011, the United States District Court Southern District of Mississippi remanded the case to Mississippi state court.  On November 16, 2011, the Panel vacated CTO-32.

- One objection was filed regarding CTO-33.  Briefing is complete, and, pursuant to its notice of hearing session for its December 1, 2011, the Panel has set it as a matter to be considered without oral argument.

- One objection was filed regarding CTO-35.  Briefing is complete.  It is unlikely the motion will be decided prior to the Panel's next hearing which is scheduled for January 26, 2012.

- One objection was filed regarding CTO-37.  Briefing is complete.  It is unlikely the motion will be decided prior to the Panel's next hearing which is scheduled for January 26, 2012.

- One objection was filed regarding CTO-38.  Briefing is complete.  It is unlikely the motion will be decided prior to the Panel's next hearing which is scheduled for January

26, 2012.[1]

### 3.  Status of State-Filed Lawsuits:

At least forty-seven Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (one case); Mobile County, Alabama (one case); Harris County, Texas (four cases); Galveston County, Texas (three cases); Jefferson Parish, Louisiana (two cases); Lafayette Parish, Louisiana (one case); Lafourche Parish, Louisiana (seven cases); Orleans Parish, Louisiana (three cases); Plaquemines Parish, Louisiana (five cases); Terrebonne Parish, Louisiana (two cases); St. Bernard Parish, Louisiana (one case); St. Tammany Parish, Louisiana (one case); Collier County, Florida (one case); Franklin County, Florida (one case); Gulf County, Florida (one case); Hillsborough County, Florida (one case); Leon County, Florida (eight cases); Harrison County, Mississippi (two cases); Jackson County, Mississippi (one case); and Gwinnett County, Georgia (one case).  These cases include:

- Twenty-four personal injury suits, including (1) two suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) twenty-two suits brought by oil spill response workers;

- Fourteen lawsuits alleging loss of commercial revenues or personal income and/or diminished real property value as a result of the oil spill;

- Three breach of contract suits by the owners/operators of vessels participating in the Vessels of Opportunity oil spill response program;

- Four suits alleging primarily the breach of sale, lease, or services agreements related to the spill response efforts;

---

1  Attached is a chart showing the status of the Conditional Transfer Orders.

- One *pro se* suit alleging that BP was negligent in failing to implement plaintiff's process for re-oxygenation of Gulf waters in the region of the oil spill; and

- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property.

Texas courts have set trial dates in the first half of 2012 in a number of state court personal injury cases related to MDL 2179.  These cases include a lawsuit that alleges personal injuries sustained aboard the Deepwater Horizon on April 20, 2010 and which is set for trial approximately three months after the commencement of the Phase 1 trial in MDL 2179.  Also included are four personal injury cases brought by oil spill response workers set for trial as early as January 2012.  The five Texas cases set for trial are:

- *Young, Dewone, et al. v. Ranger Offshore, Inc., et al.*, No. 63165 (Galveston County, Tex.) (January 9, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Eldridge, Christopher v. BP p.l.c., et al.*, No. 63537 (Galveston County, Tex.) (April 2, 2012 trial date in case alleging personal injury to an oil spill response worker; December 15, 2011 mediation scheduled with Magistrate Judge Shushan has been cancelled as to BP, but one other defendant is expected to participate);

- *McCormick, Donald v. Alford Safety Services Inc. d/b/a Falck Alford Safety Services, et al.*, 2011-02141 (Harris County, Tex.) (April 16, 2012 trial date in case alleging personal injury to an oil spill response worker);

- *Hebert, James v. BP p.l.c., et al.*, 2010-38791, (Harris County, Tex.) (May 14, 2012 trial date in case alleging personal injury to an oil spill response worker) (The December 15,

2011 mediation previously scheduled with Magistrate Judge Shushan has been cancelled.);

- *Young, Robert v. BP Exploration and Production, Inc., et al*., No. 2010-73622 (Harris County, Tex.) (June 4, 2012 trial date in case brought by an employee of Art Catering alleging injuries sustained in April 20, 2010 incident; December 22, 2011 mediation scheduled).

Motion practice, written discovery, document production, and fact witness depositions have been proceeding in some state court cases.  BP is working with Special Master McGovern and Magistrate Judge Shushan to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court.

In addition to the forty-seven cases discussed above, there are eight shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in state courts in Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation).  All eight cases are currently stayed, and defendants are in the process of seeking their dismissal pursuant to Judge Ellison's decision dismissing the shareholder derivative actions in MDL 2185.

4. Status of MDL-2185:

- Securities Litigation.   On November 4, 2011, Judge Ellison heard oral argument on motions to dismiss the two consolidated amended complaints, and the motion is now under submission.

- Derivative Litigation.  On September 15, Judge Ellison granted BP's motion to dismiss plaintiffs' consolidated amended complaint on *forum non conveniens* grounds, holding that the courts of England are the appropriate forum for the litigation.  On October 3, the

defendants filed with the court a stipulation to the jurisdiction of the English courts.  On November 23, Judge Ellison denied plaintiffs' motion to amend the court's September 15 decision.  On December 8, Judge Ellison entered a final judgment dismissing the cases.

- ERISA Litigation.   Defendants moved to dismiss plaintiffs' consolidated amended complaint on July 26.  Those motions are fully briefed as of November 7, and argument is scheduled to be held on January 20.

- Dividend Class Action.  On September 20, BP p.l.c. moved to dismiss this putative class action, brought on behalf of holders of BP American Depositary Shares based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater Horizon explosion and oil spill.  The motion is fully briefed as of November 18, and argument is scheduled to be held on February 10.

- Discovery Coordination.   In the securities and ERISA cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice.  MDL 2185 plaintiffs have been attending MDL 2179 depositions pursuant to this Court's PTOs 17 and 27 and have received copies of certain expert reports submitted in MDL 2179.  In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.

5.  **Written and Deposition Discovery:**

Extensive written discovery and document production has occurred for Phase One, with Phase 2 discovery now proceeding.  The parties have produced in excess of 58 million pages of

documents.  As of the date of the status conference, 280 depositions will have been taken.  More than 6951 documents have been marked as deposition exhibits.  In anticipation of the Phase 1 trial, the parties continue the extensive program of designating deposition testimony (as well as counter designations and objections to same).

The PSC, the United States, the petitioners-in-intervention, and the Rule 14(c) defendants have provided Phase 1 expert reports and more than 30 rebuttal expert reports.  A large number of expert depositions are now scheduled to be taken through December and early January.

The parties continue to work on scheduling Phase Two depositions and discovery, including completion of Rule 30(b)(6) deposition notices as the first wave of Phase 2 deposition discovery, as well as potential stipulations as to basic facts.  Under Magistrate Judge Shushan's direction, the parties now expect that Phase 2 fact depositions will begin in late February 2012.

The parties continue to meet with Magistrate Judge Shushan on many Fridays to schedule depositions and discuss pending discovery issues.

**6.  Vessels of Opportunity Case Management**:

Pursuant to the Case Management Order for the Vessels of Opportunity contract cases, the parties have selected six VoO Focus Plaintiffs to participate in limited discovery and an expedited mediation process.  Both sides have produced documents and answered interrogatories related to the six VoO Focus Plaintiffs.  To date, all six VoO Focus Plaintiffs and all 3 BP witness, including one serving as a 30(b)(6) representative, have been deposed, completing the limited deposition discovery called for by the CMO.  More than 1600 VoO Contract Claim Plaintiff Fact Sheets were filed by the October 6 deadline set in the CMO.

On September 15, one VoO Focus Plaintiff moved for partial summary judgment on contract claims.  Pursuant to the Court's Order, BP responded to that motion by October 27, and the Focus Plaintiff filed a reply brief on November 3.  The Court heard oral argument on the partial summary judgment motion as to one Focus Plaintiff at the November 18 status conference, and the motion is under submission.  The parties have a pre-mediation conference with their agreed mediator on December 19 and will likely begin mediating the six VoO Focus Plaintiff cases as soon as practicable thereafter.

**7.   Insurance Coverage Case Management:**

In the two insurance declaratory judgment actions (Case Nos. 11-274 and 11-275), BP's motion for judgment on the pleadings (in which Anadarko and MOEX joined) in respect to the Insurers' complaints was denied by Order and Reasons issued on November 15, 2011.  The parties to those actions are in discussions concerning the appropriate next steps as well as an order to substitute BP for Anadarko and MOEX.

On June 17, 2011, the First Excess Layer Insurers in the Transocean general liability program filed two interpleader actions (Case Nos. 11-1439 and 11-1440).  The parties to these interpleader actions have reached agreement with respect to a procedure for submissions of certain covered claims for reimbursement, and on December 1, they jointly submitted a Stipulated Case Management Order for entry by Magistrate Judge Shushan.

**8.   Status of BOP Testing:**

Custody of the BOP and other evidence maintained by the JIT passed to the Court on October 1, 2011, and Captain Englebert (USCG Ret.) assumed her new role as Special Master to

administer those items.  Nothing of significance has occurred regarding the BOP since the last status.  Captain Englebert has taken additional steps to make sure the BOP is properly secured against threats posed by severe weather.  BP is in the process of completing lease arrangements with NASA to continue storage of the BOP and other evidence at Michoud through the summer of 2012.

As to the capping stack, BP has proposed a new protocol for additional forensic examination of the Capping Stack.  Work on that protocol will begin the week of December 12. The December 12 work involves mainly cleaning and preparation.  Additional work, including laser scan, will take place beginning the week of January 16, 2012.  All parties have been provided notice of this work and given the opportunity to comment on the protocol and to suggest additional testing (as appropriate).

9. **Status of Cement Testing:**

On or prior to July 29, 2011, cement testing was completed by Oilfield Testing & Consulting ("OTC"), the laboratory retained by the Joint Investigation Team ("JIT") to conduct cement testing.  *See* Court's Order dated July 1, 2011 (Record Doc. No. 3123).   On or about August 1, the JIT circulated OTC's report of the results of a portion of the cement tests.  On or about August 3, the JIT circulated another report setting out the results of the remaining tests.

On August 4, 2011, the JIT circulated a report by the U.S. Geological Survey ("USGS") regarding the forty "rock" samples collected from the deck of the *Damon Bankston*.  The USGS report states that nine of the samples are consistent with cement, but that further testing will be required to determine if any of the cement "rocks" came from the Macondo well.  On August 8,

the U.S. circulated a proposal for additional testing on the nine samples to liaison counsel.  The parties provided input on the additional testing.  On September 30, the Court entered an order allowing the JIT to conduct additional testing on the "rock" samples.  At the Court's urging, the testing is expected to be completed this month, with the results circulated shortly after the completion of testing.

10.  **Motions in Limine:**

In anticipation of trial, the parties continue to brief a number of motions in limine relating to evidentiary issues under a schedule negotiated by the parties and entered in an Order by Magistrate Judge Shushan.  (Rec. Doc. 4468)   Seven motions in limine have now been fully briefed and submitted to Judge Barbier for decision.  January 23 is the final deadline for any unscheduled motions in limine**.**

11.  **Motion for Partial Summary Judgment  by US Department of Justice:**

The Department of Justice has filed a motion for partial summary judgment versus BP, Transocean and Anadarko relating to certain issues relating to its claims under the Clean Water Act and OPA in the US's civil action in this proceeding.  (Rec. Doc. 4820)   The parties are discussing a briefing schedule for this motion.

12.  **Motions Set for Oral Argument:**

The Court has stated that it will hear oral argument on the following motions at this status conference:  (1) Transocean's Motion for Partial Summary Judgment against BP to Enforce BP's Contractual Obligations (Rec. Doc. 4457) (BP has brought a cross-motion versus Transocean, Rec Doc. 4827) and (2) Cameron's Motion for Summary Judgment Denying All Claims Asserted by Transocean and Declaring Obligations of Transocean to Indemnify and Defend Cameron

(Rec. Doc. 4524).

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

−11−

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of December, 2011.


_____/s/ Don K. Haycraft_____
Don K. Haycraft