IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

December 12, 2011

BY HAND AND *VIA* E-MAIL

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130
E-Mail: Ben_Allums@laed.uscourts.gov

Re:  Subsequent Remedial Measures (Halliburton)

Dear Judge Barbier,

On October 17, 2011, Plaintiffs submitted a LETTER BRIEF [Doc 4340-3] prompted by BP's objections to some of the Plaintiffs' "List of 300" Trial Exhibits based on Rule 407.

Thereafter, BP advised the plaintiffs and the Court that it was withdrawing such objections and would not be filing a motion *in limine* on this issue.

Halliburton, nevertheless, submitted a Letter Brief on December 5, 2011, seeking to exclude "the admission of any evidence of subsequent remedial measures on the part of HESI."

Halliburton does not identify, for either Plaintiffs or the Court, any specific "subsequent remedial measure" or Trial Exhibit.

Halliburton sets forth the basic parameters, policies, and exceptions to the prohibition of Rule 407 that the PSC had previously outlined in its letter of October 17th, but, it is respectfully submitted, incorrectly characterizes the narrowness of the exceptions to the rule.

Federal Rule of Evidence 407 does not prohibit admission of subsequent remedial measures, where, as the rule states, the measures are "offered for another purpose, such as

1

proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment." Fed. R. Evid. 407.

Halliburton should have identified specific Trial Exhibits, so that Plaintiffs could then come forth with a proper basis for offering the measure / evidence other than HESI's negligence or gross negligence leading up to the events of April 20, 2010.

Nevertheless, out of an abundance of caution, the PSC respectfully responds below to a few of the legal arguments raised by Halliburton.

First, in examining these exceptions, Halliburton argues, without cited authority, that "such exceptions are construed narrowly by the courts."[1] Halliburton states, as an example of this pronouncement, that the feasibility exception is rarely applicable and only available if the feasibility of the measure is actually controverted by the defendant. Plaintiffs agree that the controverted requirement is necessary, and was recognized in the PSC's October 17th submission. But the rarity of the exception (if any) is likely based on the frequency with which defendants actually contests feasibility. Stated another way: a defendant's actual challenge of feasibility may be rare, but when it does, the admission of the evidence of a subsequent remedial measure to establish feasibility at the time of the event is not rare at all.

Second, evidence of such measures is admissible to establish causation. *See Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 429 (5th Cir. 2006). As the Court is aware, this is a multi-party case, where various Defendants are making substantive arguments that the cause of the Macondo event was due solely or partially to the actions of a different defendant. For instance, BP places blame on Halliburton for the cement that was used at the Macondo Well, and Halliburton in turn suggests that BP was responsible for the operation, including the design of the cement program. Either way, the PSC is permitted to offer evidence against Halliburton (or any party) to show causation or control, even if the evidence is a subsequent remedial measure. *See Reese v. Mercury Marine Div. of Burnswick Corp.*, 793 F.2d 1416, 1428-29 (5th Cir. 1986) (finding that the subsequent remedial measure was not excluded under Rule 407 where the defendant argued at trial that another party had final authority over whether to warn the customer about the use of the product).

In a detailed Fifth Circuit subsequent remedial measures case, the Court reversed the district court for excluding evidence of subsequent remedial measures and outlined <u>multiple</u> reasons the evidence was admissible. *See Brazos*, 469 F.3d at 429 (holding "[r]ule 407 does not preclude the admission of subsequent remedial measures on grounds other than to prove culpability). In discussing FRE 407, the Court never discussed the rarity or narrowness of the exception. In fact, if anything, the Court ruled that Rule 407's prohibition was narrow – *i.e.,* the evidence is <u>only</u> excluded if it is offered to show negligence or culpability only. *Id.* The court explained that such evidence is admissible to prove causation and ruled that the exceptions even permitted the admission of post-

---

[1] Halliburton Letter Brief, at p.2.

2

incident subsequent remedial measure recommendations detailed in an investigative report. *Id.* at 429-32. Accordingly, there are a variety of proper reasons to admit evidence against Halliburton that may also be a subsequent remedial measure.

In short, because Halliburton has not identified any "inadmissible" Exhibit or other evidence, the Court should deny Halliburton's motion to exclude evidence of subsequent remedial measures.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,

JAMES PARKERSON ROY
STEPHEN J. HERMAN
*Plaintiffs' Liaison Counsel*

cc: Hon. Sally Shushan (*via* E-Mail)
 DEFENSE LIAISON COUNSEL  (*via* E-Mail)
 Mike Underhill, Esq. (*via* E-Mail)
 Hon. Luther Strange (*via* E-Mail)
 Mike O'Keefe (*via* E-Mail)