**U.S. Department of Justice**

Civil Division, Torts Branch
Admiralty & Aviation
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463

Telephone: (415) 436-6648
Facsimile:  (415) 436-6632
Email: mike.underhill@usdoj.gov

*Overnight Delivery Address:*
*7th Floor, Room 7-5395*
*450 Golden Gate Avenue*
*San Francisco, CA 94102-3463*

<u>Via E-Mail and Hand Delivery</u>

December 12, 2011

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Re: Motions in Limine of Transocean, Cameron, and Halliburton to "Exclude Non-Governmental Reports" [Docket Nos. 4812, 4811; Halliburton <u>Undocketed Letter Brief Dated 12/5/11</u>]

Dear Judge Barbier and Magistrate Judge Shushan:

    The United States files this letter brief combining its responses to the Motions in Limine filed by Transocean, Cameron, and Halliburton to "Exclude Non-Governmental Reports." [Docket Nos. 4812, 4811; Halliburton undocketed Letter Brief Dated 12/5/11.]

    Essentially, the moving parties seek to exclude other parties' internal investigation reports, at least on the basis of the "business records" exception to the hearsay rule. Federal Rule of Evidence 803(6). Thus, Transocean objects to characterization of BP's "Bly Report" as a business record, whereas Halliburton and Cameron seek exclusion of both the Bly Report and Transocean's internal investigation. Significantly, however, all agree that such reports fall within the scope of party admissions (*e.g.*, the Bly Report *vis-a-vis* BP). As such, all agree the reports do not constitute hearsay and are admissible as against each report's sponsor. Federal Rule of Evidence 801(d)(2).[1]

    These concessions by Halliburton, Transocean, and Cameron that the BP and Transocean reports constitute party admissions within the scope of Rule 801(d)(2) effectively moot the issue as to whether the reports separately are admissible as business records. In

---

[1] Although Transocean does not expressly admit that its own report is a party admission and thus admissible as against itself, the logic of its argument concerning BP and the Bly Report perforce requires that conclusion.

short, the Bly report will be admitted as part of the record, as will the Transocean report.[2] Indeed, in many critical respects the BP and Transocean reports are in substantial agreement.

Take, for example, the all-critical April 20th negative pressure test that forms a significant basis for the claims of gross negligence against both defendants. BP's Bly Report and Transocean's report each admit that the test was conducted by BP and Transocean personnel. Both also admit that the test was declared a success despite a pressure differential (1,400 psi on the drill pipe vs. zero pressure on the kill line) that required the test be declared *unsuccessful*. Both also admit that the rationale for declaring the disastrous test a success was a purported phenomenon described as a "bladder effect" or "annular compression"– a phenomenon that both parties admit does not exist. Indeed, the Bly investigation was fielded with approximately fifty investigative personnel and spent approximately $10 million, yet *still* could find *no* evidence of such a phenomenon.[3] Quoting from the admission in the Bly Report:

> After discussing this concept [the bladder effect], the rig crew and the well site leader reportedly concluded that the explanation was plausible. However, the investigation team [Bly investigators] could find no evidence that this phenomenon is possible, leaving the 1,400 psi unexplained *unless it was caused by pressure from the reservoir*.[4]

Similarly, after exhaustive company investigations, both the BP and Transocean reports conclude, in substantial agreement, that the well began to flow before 9:00 p.m. BP admits that hydrocarbons began their deadly flow into the well at 8:52 p.m. [TREX-00001, pp. 92, 106.], whereas Transocean's report admits that it could have been even as early as 8:38 p.m. [TREX-04248, p. 102.] Both reports admit that the first explosion occurred at approximately 9:49 p.m., meaning that both defendants admit that the well was flowing for approximately an hour or more before the first explosion – yet neither BP nor Transocean prevented the disaster. Indeed, both reports admit that the defendants were unaware that the well had blown out until it began unloading onto the rig floor at 9:40 and then geysered up through the derrick. [*See, e.g.*, TREX-00001, pp. 27.]

More examples could be provided, but it suffices for purposes of this letter brief to say that the two reports are admissible as against their respective sponsors pursuant to Rule 801(d)(2) and those admissions will provide critical evidence.

---

[2] We note that the reports and/or sections of the reports may be admissible for other reasons, *e.g.*, not admitted for the truth of the matter asserted, *etc.*

[3] Bly Report, TREX-00001, p. 89; Transocean Report, TREX-04248, p. 123. *See also* Boots and Coots Negative Pressure Test Report for BP, TREX-00190; Mark Bly Deposition, p. 374.

[4] *Id.*, Bly Report, Exh. 1, p. 89 (emphasis added).

We note that the Halliburton, Transocean, and Cameron motions in limine do not specifically address witness interviews taken as part of the investigations. The United States has already addressed issues pertaining to witness interviews in its Letter Brief dated November 18th [Docket No. 4760, pp. 2-5]. In that letter, which we incorporate by reference as though fully set forth herein, we noted the admissibility of various statements as being admissible pursuant to, *inter alia*:

o   Admissions pursuant to Rule 801(d)(2), and thus not hearsay;

o   Not offered for the truth of the matter asserted, and thus not hearsay

o   If hearsay, within the state of mind exception to the hearsay rule.

For the reasons discussed above, the BP and Transocean reports, as well as witness interviews, are admissible on multiple alternative grounds. Indeed, the moving parties expressly concede that the reports are admissible pursuant to Fed.R.Evid. 801(d)(2).

Respectfully submitted,

R. Michael Underhill
Attorney in Charge
Dept. Of Justice, Torts Branch
West Coast and Pacific Rim Office

cc: (via e-mail)
   Plaintiffs' Liaison Counsel
   States Coordinating Counsel
   Defendants' Liaison Counsel
   Steve O'Rourke, DOJ, ENRD
   Ben Alums
   Mike O'Keefe