U.S. Department of Justice

Civil Division, Torts Branch
Admiralty & Aviation
P.O. Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463

*Overnight Delivery Address:*
*7th Floor, Room 7-5395*
*450 Golden Gate Avenue*
*San Francisco, CA 94102-3463*

Telephone: (415) 436-6648
Facsimile: (415) 436-6632
Email: mike.underhill@usdoj.gov

<u>Via E-Mail and Hand Delivery</u>        December 12, 2011

The Honorable Carl J. Barbier            The Honorable Sally Shushan
United States District Judge             United States Magistrate Judge
500 Poydras Street, Room C-268           500 Poydras Street, Room B-345
New Orleans, Louisiana 70130             New Orleans, Louisiana 70130

    Re:    Opposition of United States to "BP's Motion in Limine to Preclude the Introduction of Evidence Related to Settlements Among the Parties" [Docket No. 4813]

Dear Judge Barbier and Magistrate Judge Shushan:

    The United States files this letter brief in partial opposition to "BP's Motion in Limine to Preclude the Introduction of Evidence Related to Settlements." [Docket No. 4813.] The United States fully agrees with BP that evidence related to pre-settlement negotiations and communications are inadmissible and non-discoverable pursuant to, *inter alia*, PTO 38. For the non-exhaustive reasons set out below, however, the motion should be denied to the extent it seeks a blanket ruling that the following are inadmissible: (a) the fact a settlement between parties has occurred; (b) the amount of the settlement; and (c) the terms of the final agreed upon settlement.[1]

    BP cites to Federal Rule of Evidence 408(a) ("Compromise Offers and Negotiations") as supporting its motion. To the extent Rule 408 would apply, however, Rule 408(b) conditions subsection (a) and states (italicized emphasis added):

> (b) Exceptions. The court may admit this evidence for another purpose, *such as* proving a witness's bias or prejudice ...

---

[1] There may be any number of reasons why evidence of the factors related to (a) through (c) may be admissible. This letter brief merely sets out some of the more obvious examples of why the motion should be denied.

In fact, the potential for bias exists in this case because of settlements that already have occurred between BP and three parties with whom it has settled. Those settlements amount to indemnity agreements between BP and its settlement partners, *i.e.*, Anadarko, MOEX, and Weatherford. Under the terms of the agreements, BP has accepted substantial payments ($4 billion from Anadarko alone), in return for which BP will indemnify its settlement partners in the event they are liable for certain claims and causes of action stemming from the BP/Deepwater Horizon tragedy. It does not stretch the bounds of credulity to understand that testimony by or on behalf of any one of BP's settlement partners could be motivated to further BP's litigation interests. Very simply, the financial motivation for BP to attempt to control the presentation of evidence solicited or submitted by its settlement partners/indemnitees is more than a mere hypothetical possibility and, in any event, falls within the "bias or prejudice" exception of Rule 408(b).

For the same reasons discussed above, the probative value of the admissibility of settlements satisfies the relevancy requirement of Rule 402 and, in turn, the balancing of interests under Rule 403.[2] This is particularly true due to the fact the case is to be tried to the bench, as BP concedes. [Memorandum, page 2, footnote 2.] Indeed, the settlements are public knowledge primarily because BP made them the subject of press releases that disclosed many terms of the settlements, including their respective amounts. This is not a passive case of attempting to close the corral gate after the horse has bolted – here, BP itself opened the gate and chased the horse out.

Finally, the "such as" qualifier of Rule 408(b) makes clear that "bias or prejudice" are not the only reasons why evidence of the settlements are admissible. Thus, another example of why the settlements must be considered are their relevance to the United States' civil penalty claim under section 311(b)(7) of the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(7). Section 311(b)(8) of the CWA lists eight penalty factors that the Court "shall consider" in determining the penalty. 33 U.S.C. § 1321(b)(8). These penalty factors include "the economic impact of the penalty on the violator" and "any other matters as justice may require." *Id.* Both factors are directly relevant to the settlements, particularly the "economic impact" criterion. Although BP's motion apparently concedes that it seeks exclusion of settlement related evidence solely for the Phase I trial, out of prudence the United States notes that the settlements would be relevant to the penalty factors to be considered, at the very least, in subsequent phase(s). Moreover the Court has admonished the parties to avoid duplicating evidence in the various phases, CMO # 3, which appears to call for admitting these settlements during Phase 1.

---

[2] Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## Conclusion

For the reasons discussed above, the United States respectfully requests that BP's motion be denied to the extent it seeks a blanket ruling that the following are inadmissible: (a) the fact a settlement between parties has occurred; (b) the amount of the settlement; and (c) the terms of the final agreed upon settlement

Respectfully submitted,

R. Michael Underhill
Attorney in Charge
Dept. Of Justice, Torts Branch
West Coast and Pacific Rim Office

cc: (via e-mail)
    Plaintiffs' Liaison Counsel
    States Coordinating Counsel
    Defendants' Liaison Counsel
    Steve O'Rourke, DOJ, ENRD
    Ben Alums
    Mike O'Keefe