# EXHIBIT 3



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "*Deepwater Horizon*" | * | |
| In the Gulf of Mexico, | * | SECTION: J |
| on April 20, 2010 | * | |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | MAGISTRATE JUDGE SHUSHAN |

All Actions

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SUPPLEMENTAL OBJECTIONS AND RESPONSES OF DEFENDANT ANADARKO PETROLEUM CORPORATION TO REVISIONS TO THE UNITED STATES' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS**

## GENERAL OBJECTIONS AND RESERVATION OF RIGHTS

1.      Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendant Anadarko Petroleum Corporation ("Responding Party"), through undersigned counsel, hereby incorporates its responses to the United States' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admissions served on July 25, 2011, and submits the following supplemental responses and objections to the Revisions to the United States' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission (collectively "Requests"), served on Responding Party on September 9, 2011, including the accompanying definitions and instructions, insofar as they conflict with, or purport to impose obligations beyond those of the Federal Rules of Civil Procedure or the Rules and Orders of this Court. Responding Party will respond to the United States' Requests in accordance with such Rules and Orders.

2.      Responding Party objects to the Requests to the extent they seek documents or information outside the scope of Pretrial Order No. 11, which provides that Phase I Discovery

17.     Except as noted hereinafter, Responding Party objects to the Requests as a whole to the extent that they seek documents that came into the possession, custody, or control of Responding Party after April 20, 2010, the date of the Incident.  Responding Party objects to the Requests to the extent they purport to require Responding Party to re-produce the document productions of other parties that have been made in these litigations either pre- or post-consolidation, or in connection with investigations such as that being conducted by the Deepwater Horizon Joint Investigation Team ("MBI").

18.     Responding Party objects to the Requests as a whole to the extent they seek information or documents unrelated to the Macondo Prospect, the Macondo Well known as MC 252 # 1 Macondo Well, the *Deepwater Horizon's* operations at the Macondo Well, or the Incident. Responding Party will only provide information and/or documents relating to the Macondo Prospect, the Macondo Well, the Deepwater Horizon's operations at the Macondo Well, or the Incident.

19.     Responding Party objects to the extent the United States seeks information or documents not in the possession of Responding Party, including, but not limited to, information or documents in the possession of outside counsel, consultants, or vendors or to the extent the United States seeks to require Responding Party to create documents not already in existence.

20.     These General Objections are incorporated by reference into each of the following responses, and any objection or response by Responding Party to any instruction or request is made without waiver of, and subject to, these General Objections.

### SPECIFIC SUPPLEMENTAL OBJECTIONS AND RESPONSES

### REQUESTS FOR ADMISSION

#### REQUEST FOR ADMISSION NO. 1:

Admit that an exploratory well was constructed on Macondo Prospect, the "Macondo Well."

A/74521805.1

RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Responding Party incorporates its General Objections.  Responding Party also objects to this Request for Admission ("RFA") because the undefined terms "exploratory well" and "constructed" are vague and ambiguous.

Subject to and without waiving these objections, based on information available in the public domain, Responding Party responds as follows: Admit.

REQUEST FOR ADMISSION NO. 2:

Admit that the Macondo Well is located on the Outer Continental Shelf approximately 50 miles from the Mississippi River delta.

RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Responding Party incorporates its General Objections.

Subject to and without waiving these objections, based on information available in the public domain, Responding Party responds as follows: Admit.

REQUEST FOR ADMISSION NO. 3:

Admit that strings of casing, cement, production casing, casing hanger, casing accessories, and the well head were installed in the Macondo Well prior to April 20, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 3:

Responding Party incorporates its General Objections.  Responding Party also objects to this RFA because the undefined term "casing accessories" is vague and ambiguous.

Subject to and without waiving these objections, based on information available in the public domain, Responding Party responds as follows: Admit.

REQUEST FOR ADMISSION NO. 4:

Admit that there was a loss of well control and a blowout of the Macondo Well on or about April 20, 2010.

6

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

     Responding Party incorporates its General Objections.

     Subject to and without waiving these objections, based on information available in the public domain, Responding Party responds as follows: Admit.

REQUEST FOR ADMISSION NO. 5:

Admit that oil flowed from the Macondo Well into the Gulf of Mexico within 200 nautical miles of the United States' coastline following the blowout on April 20, 2010.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

     Responding Party incorporates its General Objections.  Responding Party further objects to this RFA to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  In addition, Responding Party objects to this RFA because the undefined phrases "flowed from the Macondo Well" and "following the blowout" are vague and ambiguous.

     Subject to and without waiving these objections, based on information available in the public domain, Responding Party responds as follows: Deny.

## RESPONSE TO INTERROGATORY NO. 2(a):

     Responding Party denies RFA No. 5 because, based on the discovery to date, the oil discharged from the *Deepwater Horizon* and its appurtenances, e.g., the blowout preventer and riser.

SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 5:

     Subject to and without waiving its General Objections and the specific objections set forth above, Responding Party responds as follows: Responding Party admits that oil from the MC 252 reservoir flowed through the Macondo Well and was discharged to the Gulf of Mexico

7

from the *Deepwater Horizon* and then from the broken riser pipe and/or BOP after the *Deepwater Horizon's* sinking.  Responding Party admits that, in some areas, oil migrated to within 200 nautical miles of the United State's coastline.  Except as expressly admitted, Responding Party denies this RFA.

**REQUEST FOR ADMISSION NO. 6:**

Admit that oil flowed from the Macondo Well into the Gulf of Mexico for several months following April 20, 2010 until the Macondo Well was finally capped on July 15, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Responding Party incorporates its General Objections.  Responding Party further objects to this RFA to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this RFA because the undefined phrase "flowed from the Macondo Well" is vague and ambiguous.

Subject to and without waiving these objections, based on information available in the public domain, Responding Party responds as follows: Deny.

**RESPONSE TO INTERROGATORY NO. 2(b):**

Responding Party denies RFA No. 6 because, based on the discovery to date, the oil discharged from the *Deepwater Horizon* and its appurtenances, e.g., the blowout preventer and riser.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Subject to and without waiving its General Objections and the specific objections set forth above, Responding Party responds as follows: Responding Party admits that oil from the MC 252 reservoir flowed through the Macondo Well and was discharged to the Gulf of Mexico from the *Deepwater Horizon* and then from the broken riser pipe and/or BOP after the

8

*Deepwater Horizon's* sinking. Responding Party admits that the oil flowed from April 20, 2010 until July 15, 2010. Except as expressly admitted, Responding Party denies this RFA.

## REQUEST FOR ADMISSION NO. 7:

Admit that the oil discharged from the Macondo Well caused a film or sheen or discoloration on the surface of the waters of the Gulf of Mexico.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Responding Party incorporates its General Objections. Responding Party further objects to this RFA to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to this RFA because the undefined phrases "discharged from the Macondo Well" and "film or sheen or discoloration" are vague and ambiguous.

Subject to and without waiving these objections, based on information available in the public domain and after conducting a reasonable inquiry from third parties, Responding Party responds as follows: Deny.

## RESPONSE TO INTERROGATORY NO. 2(c):

Responding Party denies RFA No. 7 because, based on the discovery to date, the oil discharged from the *Deepwater Horizon* and its appurtenances, e.g., the blowout preventer and riser. Responding Party also denies that all waters of the Gulf of Mexico were impacted by a "film or sheen or discoloration." Responding Party admits that there was a film, sheen or discoloration on the surface of some portions of the waters of the Gulf of Mexico.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Subject to and without waiving its General Objections and the specific objections set forth above, Responding Party responds as follows: Responding Party admits that oil from the

9

MC 252 reservoir flowed through the Macondo Well and was discharged to the Gulf of Mexico from the *Deepwater Horizon* and then from the broken riser pipe and/or BOP after the *Deepwater Horizon's* sinking. Responding Party admits that there was a film, sheen or discoloration on the surface of some portions of the waters of the Gulf of Mexico. Except as expressly admitted, Responding Party denies this RFA.

## REQUEST FOR ADMISSION NO. 8:

Admit that oil from the Macondo well spread through the waters of the Gulf of Mexico to within 3 miles of the coastline of the United States and onto adjoining shorelines.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Responding Party incorporates its General Objections. Responding Party further objects to this RFA to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to this RFA because the undefined phrases "from the Macondo Well," "spread through the waters of the Gulf of Mexico," and "adjoining shorelines" are vague and ambiguous.

Subject to and without waiving these objections, based on information available in the public domain and after conducting a reasonable inquiry from third parties, Responding Party responds as follows: Deny.

## RESPONSE TO INTERROGATORY NO. 2(d):

Responding Party denies RFA No. 8 because, based on the discovery to date, the oil discharged from the *Deepwater Horizon* and its appurtenances, e.g., the blowout preventer and riser. Further, Responding Party denies RFA No. 8 because the oil impacted only a portion of the waters within the Gulf of Mexico. Based on information available in the public domain, Responding Party admits that in some areas oil migrated to within 3 miles of the coastline of the

10

United States and in some areas it migrated onto shorelines.

## SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Subject to and without waiving its General Objections and the specific objections set forth above, Responding Party responds as follows: Responding Party admits that oil from the MC 252 reservoir flowed through the Macondo Well and was discharged to the Gulf of Mexico from the *Deepwater Horizon* and then from the broken riser pipe and/or BOP after the *Deepwater Horizon's* sinking.  Responding Party admits that in some areas oil migrated to within 3 miles of the coastline of the United States and in some areas it migrated onto shorelines. Except as expressly admitted, Responding Party denies this RFA.

## REQUEST FOR ADMISSION NO. 9:

Admit that as of April 20, 2010, MMS had not approved the AEP assignment of its interest in the Lease to APC.

## RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Responding Party incorporates its General Objections.  Responding Party further objects to this RFA to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party objects to this RFA because it calls for a legal conclusion.  Responding Party also objects to this RFA because it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, Responding Party responds as follows: Deny.

## RESPONSE TO INTERROGATORY NO. 2(e):

Responding Party denies RFA No. 9 because MMS's approval of the AEP assignment to APC deemed the assignment effective as of April 1, 2010 per MMS regulations, based on MMS

11

Canyon 252 Lease following the April 20, 2010 Incident to the date of the capping of the Well and because, based on the discovery to date, the oil discharged from the *Deepwater Horizon* and its appurtenances, e.g., the blowout preventer and riser.   AEP assigned its interest in Lease No. OCS-G 32306 to APC, effective April 1, 2010.  Responding Party admits that APC was a lessee of the Mississippi Canyon 252 Lease following the April 20, 2010 Incident to the date of the capping of the Well. *See also* Responding Party's response to RFA No. 9.

REQUEST FOR ADMISSION NO. 11:

Admit that You paid invoices from BP for the costs of the components that were installed in the Macondo Well, including the strings of casing, cement, production casing, casing hanger, casing accessories, and the well head.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Responding Party incorporates its General Objections.  Responding Party further objects to this RFA to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party also objects to the defined term "You" as overly broad, confusing, beyond the scope of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, and compound because "You" is defined as "Anadarko Petroleum Corporation" and "Anadarko Petroleum Corporation" is defined to include "relevant predecessors, successors, subsidiaries" which may then include AEP.  Responding Party also objects because the undefined terms "costs," "components," and "casing accessories" are vague and ambiguous.  Responding Party also objects to this RFA to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, Responding Party responds as follows: Deny.

13

RESPONSE TO INTERROGATORY NO. 2(g):

Responding Party denies RFA No. 11 because AEP did not pay invoices from BP for the costs of the components that were installed in the Macondo Well.  APC made payments on certain Joint Interest Billing invoices ("JIBs") from BP which provide a description of the items covered as set forth therein.  APC refers the United States to the JIBs.  Persons with knowledge of certain facts that support Responding Party's response to RFA No. 11 include Jim Bryan and Jerry Byrd.  Documents that support Responding Party's response to RFA No. 11 include certain JIBs, Bates Nos. ANA-MDL-000230694 through ANA-MDL-000230693; ANA-MDL-000230696 through ANA-MDL-000230695; ANA-MDL-000230698 through ANA-MDL-000230697; and ANA-MDL-000230700 through ANA-MDL-000230699. *See also* Responding Party's Response to Interrogatory No. 18.

**REQUEST FOR ADMISSION NO. 12:**

Admit that You are a partial owner of the components that were installed in the Macondo Well, including the strings of casing, cement, production casing, casing hanger, and the well head.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Responding Party incorporates its General Objections.  Responding Party further objects to this RFA to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party also objects to this RFA because it calls for a legal conclusion.  Responding Party also objects to the defined term "You" as overly broad, confusing, beyond the scope of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, and compound because "You" is defined as "Anadarko Petroleum Corporation" and "Anadarko Petroleum Corporation" is defined to include "relevant predecessors, successors, subsidiaries" which may then include AEP.  Responding Party also

14

objects because the undefined terms "partial owner" and "components" are vague and ambiguous. Responding Party also objects to this RFA to the extent it calls for a legal conclusion.

Subject to and without waiving these objections, Responding Party responds as follows: Deny.

### RESPONSE TO INTERROGATORY NO. 2(h):

Responding Party denies RFA No. 12 because the Lease Exchange Agreement did not create an ownership interest in the components or parts that were installed in the Macondo Well. APC directs the United States to the Operating Agreement, the Lease Exchange Agreement and the Well Participation Agreement, all of which have been produced in this litigation. *See also* Responding Party's response to RFA No. 11.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 12:

Subject to and without waiving its General Objections and the specific objections set forth above, Responding Party responds as follows: Responding Party denies RFA No. 12 on behalf of AEP because AEP is not a partial owner in the components that were installed in the Macondo Well. Responding Party denies RFA No. 12 on behalf of APC because the Lease Exchange Agreement did not create an ownership interest in the components or parts that were installed in the Macondo Well. APC did, however, sign the Well Participation Agreement which indicates that APC has agreed to participate in the Initial Exploratory Well. The Initial Exploratory Well was defined as "consist[ing] of all tangible personal property in the well."

### REQUEST FOR ADMISSION NO. 13:

Admit that You are partial owner of tangible personal property comprising the Macondo Well.

### RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Responding Party incorporates its General Objections. Responding Party further objects

A/74521805.1

to this RFA to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to this RFA because it calls for a legal conclusion. Responding Party also objects to the defined term "You" as overly broad, confusing, beyond the scope of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, and compound because "You" is defined as "Anadarko Petroleum Corporation" and "Anadarko Petroleum Corporation" is defined to include "relevant predecessors, successors, subsidiaries" which may then include AEP. Responding Party objects to this RFA to the extent it calls for a legal conclusion. Responding Party also objects to this RFA because the undefined phrases "partial owner" and "tangible personal property" are vague and ambiguous.

Subject to and without waiving these objections, Responding Party responds as follows: Deny.

### RESPONSE TO INTERROGATORY NO. 2(i):

Responding Party denies RFA No. 13 because the Lease Exchange Agreement did not create an ownership interest in the components or parts that were installed in the Macondo Well. APC directs the United States to the Operating Agreement, the Lease Exchange Agreement and the Well Participation Agreement, all of which have been produced in this litigation. *See also* Responding Party's response to RFA No. 11.

### SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Subject to and without waiving its General Objections and the specific objections set forth above, Responding Party responds as follows: Responding Party denies RFA No. 13 on behalf of AEP because AEP is not a partial owner in the tangible personal property comprising the Macondo Well. Responding Party admits RFA No. 13 on behalf of APC.

16

A/74521805.1

in the Macondo Prospect Area..."  BP submitted joint interest billing invoices to APC alone for a full 25% working interest share of the costs associated with the Macondo Well, and to the extent that APC paid those invoices it did so solely on its own behalf.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Alan O'Donnell was an employee of APC between January 2010 and the time of the Macondo Well Incident on April 20, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Responding Party incorporates its General Objections.  Responding Party also objects to this RFA to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving its objections, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Alan O'Donnell was not an employee of AEP between December 2009 and the time of the Macondo Well Incident on April 20, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Responding Party incorporates its General Objections.  Responding Party also objects to this RFA to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving its objections, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Alan O'Donnell, on behalf of AEP, signed an Authorization for Expenditure on [sic] for the Macondo Well on April 15, 2010.

27

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Responding Party incorporates its General Objections. Responding Party further objects to this RFA to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. Responding Party also objects because the undefined phrase "took action on behalf of AEP" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 27:**

Admit that Stuart Strife was an employee of APC between December 2009 and the time of the Macondo Well Incident on April 20, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Responding Party incorporates it General Objections. Responding Party also objects to this RFA to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving its objections, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 28:**

Admit that Stuart Strife was not an employee of AEP between December 2009 and the time of the Macondo Well Incident on April 20, 2010.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Responding Party incorporates its General Objections. Responding Party also objects to

28

Admit.

## REQUEST FOR ADMISSION NO. 33:

Admit that document Bates Nos. APC-HECI-000001601 through APC-HECI-000001840 is a true, complete and accurate copy of the Macondo Prospect Joint Operating Agreement.

## RESPONSE TO REQUEST FOR ADMISSION NO. 33:

Responding Party incorporates its General Objections.

Subject to and without waiving its objections, Responding Party responds as follows: Deny.

### RESPONSE TO INTERROGATORY NO. 2(v):

Responding Party denies RFA No. 33 because the RFA mis-cites the Bates prefix. The correct Bates Nos. that provide a true, complete and accurate copy of Macondo Prospect Joint Operating Agreement are Bates Nos. APC-HEC1-000001601 through APC-HEC1-000001840.

## REQUEST FOR ADMISSION NO. 34:

Admit that document Bates Nos. APC-MDL-000030610 through APC-MDL-000030612 is a true, complete and accurate copy of Anadarko's Ratification and Joinder of the Joint Operating Agreement.

## RESPONSE TO REQUEST FOR ADMISSION NO. 34:

Responding Party incorporates its General Objections.

Subject to and without waiving its objections, Responding Party responds as follows: Deny.

### RESPONSE TO INTERROGATORY NO. 2(w):

Responding Party denies RFA No. 34 because the RFA mis-cites the Bates prefix. The correct Bates Nos. that provide a true, complete and accurate copy of Anadarko's Ratification and Joinder of the Joint Operating Agreement are Bates Nos. ANA-MDL-000030610 through

31

ANA-MDL-000030612.

## REQUEST FOR ADMISSION NO. 35:

Admit that document Bates Nos. APC-MDL-000030613 through APC-MDL-000030650 is a true, complete and accurate copy of the Well Participation Agreement.

## RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Responding Party incorporates its General Objections.

Subject to and without waiving its objections, Responding Party responds as follows: Deny.

## RESPONSE TO INTERROGATORY NO. 2(x):

Responding Party denies RFA No. 35 because the RFA mis-cites the Bates prefix. The correct Bates Nos. that provide a true, complete and accurate copy of the Well Participation Agreement are Bates Nos. ANA-MDL-000030613 through ANA-MDL-000030650.

## REQUEST FOR ADMISSION NO. 36:

Admit that document Bates Nos. APC-MDL-000030651 through APC-MDL-000030681 is a true, complete and accurate copy of the Lease Exchange Agreement.

## RESPONSE TO REQUEST FOR ADMISSION NO. 36:

Responding Party incorporates its General Objections.

Subject to and without waiving its objections, Responding Party responds as follows: Deny.

## RESPONSE TO INTERROGATORY NO. 2(y):

Responding Party denies RFA No. 37 because the RFA mis-cites the Bates prefix. The correct Bates Nos. that provide a true, complete and accurate copy of the Lease Exchange Agreement are Bates Nos. ANA-MDL-000030651 through ANA-MDL-000030681.

REQUEST FOR ADMISSION NO. 37:

Admit that document Bates Nos. APC-SHS2A-00001082 through APC-SHS2A-00001084 is a true, complete and accurate copy of the initial Authorization for Expenditure.

RESPONSE TO REQUEST FOR ADMISSION NO. 37:

Responding Party incorporates its General Objections.

Subject to and without waiving its objections, Responding Party responds as follows: Admit.

REQUEST FOR ADMISSION NO. 38:

Admit that document Bates No. ANA-MDL-000030714 is a true, complete and accurate copy of the first Supplemental Authorization for Expenditure.

RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Responding Party incorporates its General Objections.

Subject to and without waiving its objections, Responding Party responds as follows: Admit.

REQUEST FOR ADMISSION NO. 39:

Admit that document Bates No. ANA-MDL-000030690 is a true, complete and accurate copy of the second Supplemental Authorization for Expenditure.

RESPONSE TO REQUEST FOR ADMISSION NO. 39:

Responding Party incorporates its General Objections.

Subject to and without waiving its objections, Responding Party responds as follows: Admit.

REQUEST FOR ADMISSION NO. 40:

Admit that documents Bates Nos. ANA-MDL-000030727 and ANA-MDL-000030728 are true, complete and accurate copies of the Authorization for Expenditure for the Production Casing and

33

Lock Down Sleeve purchase and installation.

## RESPONSE TO REQUEST FOR ADMISSION NO. 40:

Responding Party incorporates its General Objections.

Subject to and without waiving its objections, Responding Party responds as follows: Admit.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify each and every Person who participated in answering these interrogatories, indicating the number of each interrogatory for which each Person supplied Information.

## RESPONSE TO INTERROGATORY NO. 1:

Responding Party incorporates its General Objections.   Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.   In addition, Responding Party objects to this Interrogatory to the extent that it is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Interrogatory because the undefined term "participated" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party responds as follows: Responding Party's responses were prepared with the assistance of counsel.

## INTERROGATORY NO. 2:

For any response to Plaintiff United States' Requests to Admit other than an unqualified admission, please state the basis for Your response, state each fact in support of Your response, Identify each Person with knowledge of each such fact, and Identify each document that supports Your response.

34

Responding Party relied on its knowledge of BP's reputation and experience with drilling deepwater wells in the Gulf of Mexico in general, and specifically in the region around Mississippi Canyon 252; BP's safety awards from the government; and Responding Party's past experience with BP as operator. Responding Party did not perform additional due diligence with respect to BP related to Health, Safety or Environment prior to entering into the Lease Exchange Agreement with BP.

INTERROGATORY NO. 17:

Identify all agreements for payment, cash calls, calls for future payments, invoices or joint interest billings (JIB) (collectively, "request for payment") that BP sent Anadarko pursuant to the Joint Operating Agreement, and for each request for payment, describe when Anadarko received the request for payment, how it was transmitted, and for what services or costs the request was made.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party incorporates its General Objections.   Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to the defined term "Anadarko" as overly broad, confusing, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to this Interrogatory to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, Responding Party responds as follows: BP sent requests for payment to APC, but none to AEP. The Bates Nos. for these documents are as follows:

A/74521805.1

| Invoice Period | Services and Costs | Bates Number |
|---|---|---|
| 01, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381 | MC BLK 252 Cash Call Request for 003 / 2010: $5,200,000.00 | BP-HZN-2179MDL2752577 through BP-HZN-2179MDL2752582 |
| 2, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381 | MC BLK 252 Basic Ownership Cash Call Request for 004 / 2010: $10,094,494.00 | BP-HZN-2179MDL02379545 through BP-HZN-2179MDL02379548 |
| 3, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381 | MC BLK 252 Basic Ownership Cash Call Request for 005 / 2010: $12,908,570.86 | BP-HZN-2179MDL02379484 through BP-HZN-2179MDL02379489 |
| 4, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381 | MC BLK 252 Basic Ownership Cash Call Request for 006 / 2010: $6,864,000.00 | BP-HZN-2179MDL02379499 through BP-HZN-2179MDL02379504 |
| 5, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381 | MC BLK 252 Basic Ownership Cash Call Request for 007 / 2010: $168,888,992.61 | ANA-MDL-000073379 through ANA-MDL-000073383 |
| 6, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381 | MC BLK 252 Basic Ownership Cash Call Request for 008 / 2010: $465,132,490.88 | ANA-MDL-000230558 through ANA-MDL-000230564 |
| July 2010<br><br>JIB<br>Invoice No.<br>072010070003670 | MC BLK 252 Basic Ownership/DW/Cash Call: $1,235,856,665.29 | ANA-MDL-000199705 through ANA-MDL-000199711 |
| 8, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381002 | MC BLK 252 Basic Ownership Cash Call Request for 010 / 2010: $522,080,000.00 | ANA-MDL-000184856 through ANA-MDL-000184862 |
| September 2010<br><br>JIB<br>Invoice No.<br>0920100070003670 | MC BLK 252 Basic Ownership/DW/Cash Call: $1,068,449,379.54 | ANA-MDL-000230582 through ANA-MDL-000230587 |

A/74521805.1

| 10, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381002 | MC BLK 252 Basic Ownership Cash Call Request for 012 / 2010: $77,639,005.88 | ANA-MDL-000198029 through ANA-MDL-000198049 |
| 11, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381002 | MC BLK 252 Basic Ownership Cash Call Request for 001 / 2011: $190,581,661.05 | ANA-MDL-000230599 through ANA-MDL-000230636 |
| 12, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381002 | MC BLK 252 Basic Ownership Cash Call Request for 002 / 2011: $170,459,434.94 | ANA-MDL-000230637 through ANA-MDL-000230692 |

All non-privileged or otherwise non-protected documents referenced in this Interrogatory response related to the Macondo Well have been produced.

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:

Subject to and without waiving its General Objections and the specific objections set forth above, Responding Party responds as follows: BP sent requests for payment to APC, but none to AEP. The Bates Nos. for these documents are as follows:

| Invoice Period | Services and Costs | Bates Number |
| --- | --- | --- |
| 01, 2010<br><br>Invoice:<br>0120100070003670<br>Venture: 199381 | MC BLK 252 Cash Call Request for 003 / 2010: $5,200,000.00<br><br>*(Total Invoice Amount: $21,084,117.60)* | BP-HZN-2179MDL2752577 through BP-HZN-2179MDL2752582 |
| 2, 2010<br><br>Invoice:<br>0220100070003670<br>Venture: 199381 | MC BLK 252 Basic Ownership Cash Call Request for 004 / 2010: $10,094,494.00<br><br>*(Total Invoice Amount: $14,458,349.04)* | BP-HZN-2179MDL02379545 through BP-HZN-2179MDL02379548 |
| 3, 2010<br><br>Invoice:<br>0320100070003670<br>Venture: 199381 | MC BLK 252 Basic Ownership Cash Call Request for 005 / 2010: $8,704,763.00<br><br>*(Total Invoice Amount: $16,412,588.01)* | BP-HZN-2179MDL02379484 through BP-HZN-2179MDL02379489 |
| 4, 2010<br><br>Invoice: | MC BLK 252 Basic Ownership Cash Call Request for 006 / 2010: $6,864,000.00 | BP-HZN-2179MDL02379499 through BP-HZN-2179MDL02379504 |

A/74521805.1

| 0420100070003670 Venture: 199381 | *(Total Invoice Amount: $1,234,812.55)* | |
|---|---|---|
| 5, 2010<br><br>Invoice: 0520100070003670<br>Venture: 199381 | MC BLK 252 Basic Ownership Cash Call Request for 007 / 2010: $168,888,992.61<br><br>*(Total Invoice Amount: $272,203,375.09)* | ANA-MDL-000073379 through ANA-MDL-000073383 |
| 6, 2010<br><br>Invoice: 0620100070003670<br>Venture: 199381 | MC BLK 252 Basic Ownership Cash Call Request for 008 / 2010: $465,132,490.88<br><br>*(Total Invoice Amount: $919,395,530.30)* | ANA-MDL-000230558 through ANA-MDL-000230564 |
| July 2010<br><br>JIB Invoice No. 072010070003670 | MC BLK 252 Basic Ownership/DW/Cash Call: $1,235,856,665.29<br><br>*(Total Invoice Amount: $1,235,856,665.29)* | ANA-MDL-000199705 through ANA-MDL-000199711 |
| 8, 2010<br><br>Invoice: 0920100070003670<br>Venture: 199381002 | MC BLK 252 Basic Ownership Cash Call Request for 010 / 2010: $522,080,000.00<br><br>*(Total Invoice Amount: $1,241,977,072.29)* | ANA-MDL-000184856 through ANA-MDL-000184862 |
| September 2010<br><br>JIB Invoice No. 0920100070003670 | MC BLK 252 Basic Ownership/DW/Cash Call: $1,068,449,379.54<br><br>*(Total Invoice Amount: $1,068,449,379.54)* | ANA-MDL-000230582 through ANA-MDL-000230587 |
| 10, 2010<br><br>Invoice: 1020100070003670<br>Venture: 199381002 | MC BLK 252 Basic Ownership Cash Call Request for 012 / 2010: $77,639,005.88<br><br>*(Total Invoice Amount: $586,758,256.39)* | ANA-MDL-000198029 through ANA-MDL-000198049 |
| 11, 2010<br><br>Invoice: 1120100070003670<br>Venture: 199381002 | MC BLK 252 Basic Ownership Cash Call Request for 001 / 2011: $190,581,661.05<br><br>*(Total Invoice Amount: $666,730,023.52)* | ANA-MDL-000230599 through ANA-MDL-000230636 |
| 12, 2010<br><br>Invoice: 1220100070003670 | MC BLK 252 Basic Ownership Cash Call Request for 002 / 2011: $170,459,434.94 | ANA-MDL-000230637 through ANA-MDL-000230692 |

A/74521805.1

| Venture: 199381002 | *(Total Invoice Amount: $1,282,562.19)* | |

All non-privileged or otherwise non-protected documents referenced in this Interrogatory response related to the Macondo Well have been produced.

## INTERROGATORY NO. 18:

Identify all payments made by Anadarko to BP related to the Macondo Prospect and for each such payment, describe when Anadarko made the payment, which Anadarko entity made the payment, how the payment was transmitted or tendered, to which request for payment it corresponded, and for what services, costs or other purposes the payment was made.

## RESPONSE TO INTERROGATORY NO. 18:

Responding Party incorporates its General Objections.    Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection.  Responding Party also objects to the defined term "Anadarko" as overly broad, confusing, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.  Responding Party also objects to this Interrogatory to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, Responding Party responds as follows: All non-privileged or otherwise non-protected responsive documents reflecting payments made by APC related to the Macondo Prospect have been produced.  The Bates Nos. for these documents are as follows:

| Payment Date | Payment Made By | Amount | Bates Number |
|---|---|---|---|
| 2/26/2010 | APC | $21,084,117.60 | ANA-MDL-000230694 through ANA-MDL-000230693 |
| 3/25/2010 | APC | $14,458,349.04 | ANA-MDL-000230696 through ANA-MDL-000230695 |
| 4/23/2010 | APC | $16,412,588.01 | ANA-MDL-000230698 through |

A/74521805.1

| | | | ANA-MDL-000230697 |
|---|---|---|---|
| 6/1/2010 | APC | $1,154,732.56 | ANA-MDL-000230700 through ANA-MDL-000230699 |

## SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 18:

Subject to and without waiving its General Objections and the specific objections set forth above, Responding Party responds as follows:

| Payment Date | Payment Made By | Supplemental Information | Amount | Bates Number |
|---|---|---|---|---|
| 2/26/2010 | APC | Ref. Doc. 400000722<br><br>Invoice Reference Number 00700036700110 0120100070003670<br><br>Ref. Date 02/06/2010 | $21,084,117.60 | ANA-MDL-000230694 through ANA-MDL-000230693 |
| 3/25/2010 | APC | Ref. Doc. 400000617<br><br>Invoice Reference Number 00700036700210 0220100070003670<br><br>Ref. Date 03/10/2010 | $14,458,349.04 | ANA-MDL-000230696 through ANA-MDL-000230695 |
| 4/23/2010 | APC | Ref. Doc. 400000753<br><br>Invoice Reference Number 00700036700310 0320100070003670<br><br>Ref. Date 04/06/2010 | $16,412,588.01 | ANA-MDL-000230698 through ANA-MDL-000230697 |
| 6/1/2010 | APC | Ref. Doc. 400001947<br><br>Invoice | $1,154,732.56 | ANA-MDL-000230700 through ANA-MDL-000230699 |

| | | Reference Number<br>00700036700410<br>0420100070003670<br><br>Ref. Date<br>05/11/2010 | | |
|---|---|---|---|---|

## INTERROGATORY NO. 19:

Identify any Anadarko employees, consultants or contractors who were assigned to monitor or did monitor drilling operations at the Macondo Well.

## RESPONSE TO INTERROGATORY NO. 19:

Responding Party incorporates its General Objections. Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to the defined term "Anadarko" as overly broad, confusing, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. In addition, as a non-operator, Responding Party never operated or controlled any aspect of any operations at the Macondo Well. Responding Party also objects to this Interrogatory to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. Responding Party also objects because the undefined phrase "monitor drilling operations" is vague and ambiguous.

Subject to and without waiving these objections, Responding Party responds as follows: As a non-operating party, Responding Party did not assign any employees, consultants or contractors to perform or monitor drilling operations at the Macondo Well as Responding Party understands the phrase "monitor drilling operations." *See also* Responding Party's response to Interrogatory No. 2(m).

A/74521305.1

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to the defined term "You" as overly broad, confusing, beyond the scope of this litigation, not reasonably calculated to lead to the discovery of admissible evidence, and compound because "You" is defined as "Anadarko Petroleum Corporation" and "Anadarko Petroleum Corporation" is defined to include "relevant predecessors, successors, subsidiaries" which may then include AEP. Responding Party also objects to this Request to the extent it seeks premature expert discovery. Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.

Subject to and without waiving these objections, as a non-operator, Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11.

Dated:  September 20, 2011

Respectfully submitted,

_____/s/ Ky E. Kirby_____

Ky E. Kirby
Ky.Kirby@bingham.com
Warren Anthony Fitch
Tony.Fitch@bingham.com
Michael B. Wigmore
Michael.Wigmore@bingham.com
BINGHAM MCCUTCHEN LLP
2020 K Street, NW
Washington, DC 20006-1806

79

Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
Jim.Dragna@bingham.com
BINGHAM MCCUTCHEN LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Deborah D. Kuchler (La. Bar No. 17013)
Janika Polk (La. Bar No. 27608)
Robert Guidry (La. Bar No. 28064)
KUCHLER POLK SCHELL
WEINER & RICHESON, LLC
1615 Poydras Street, Suite 1300
New Orleans, LA  70112

**ATTORNEYS FOR ANADARKO
PETROLEUM CORPORATION AND
ANADARKO E&P COMPANY LP**

80

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Supplemental Objections and Responses of Anadarko to Revisions to United States First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission (collectively "Requests"), dated September 9, 2011 has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 20th day of September, 2011.

/s/ Ky E. Kirby

A/74521305.1