# EXHIBIT 13

Jul 25 2011
8:16PM
38884699

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| ........................................................ | : | |

### BP EXPLORATION & PRODUCTION INC.'S RESPONSES AND OBJECTIONS TO THE UNITED STATES' FIRST SET OF INTERROGATORIES AND SECOND SET OF REQUESTS FOR PRODUCTION

Defendant BP Exploration & Production Inc. ("BP"), by its undersigned Counsel, and, pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, hereby submits the following responses to the United States' First Set of Interrogatories and Second Set of Requests for Production.

### SPECIFIC RESPONSES AND OBJECTIONS

BP responds as follows to the United States' specific interrogatories and requests for production, subject to and without waiving its general objections, each and every one of which are specifically incorporated into each individual response below.[1]

### INTERROGATORIES

1.      Identify each and every person who participated in answering these interrogatories, indicating the number of each interrogatory for which each person supplied information.

### RESPONSE:

BP objects to this interrogatory on the grounds that the United States' use of the term "participated" is vague, ambiguous, and undefined. BP further objects that this request is

---

[1] BP's general objections are set forth at pages 48 - 56.

26. Identify all Authorizations for Expenditure (AFE) that You finalized with MOEX and the Anadarko Defendants related to the Macondo Well, and state the purpose, date and amount of each AFE.

**RESPONSE:**

BP objects to this request on the grounds that the United States' use of the phrase "finalized with MOEX and the Anadarko Defendants" is vague, ambiguous, and undefined.

Subject to its specific and general objections, BP states that it has produced the signed Authorizations for Expenditure for the Macondo Well at Bates Nos. BP-HZN-2179MDL00057193 through BP-HZN-2179MDL00057208. Accordingly, the burden of ascertaining the answer to this interrogatory is substantially the same for United States as it is for BP, and BP therefore refers the United States to these documents in accordance with Federal Rule of Civil Procedure 33(d).

To the extent the United States' interrogatory seeks additional information, BP objects on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

27. Identify all agreements for payment, cash calls, calls for future payments, invoices or joint interest billings (JIB) (collectively, "request for payment") that You sent to MOEX and the Anadarko Defendants related to the Macondo Prospect, and for each request for payment, describe when You made the request for payment, how it was transmitted, and for what services or costs the request was made.

**RESPONSE:**

BP objects to this interrogatory on the grounds that it is compound and contains multiple subparts that should be counted as separate interrogatories. BP further objects to this interrogatory on the grounds that the United States' use of the phrase "agreements for payment, cash calls, calls for future payments, invoices or joint interest billings (JIB) (collectively, "request for payment")" is vague, ambiguous, and undefined.

Subject to its specific and general objections, BP states that it has produced the joint interest billings to Anadarko and MOEX for the Macondo Well at Bates Nos. BP-HZN-2179MDL02379479 through BP-HZN-2179MDL02379481, BP-HZN-2179MDL02379484 through BP-HZN-2179MDL02379489, BP-HZN-2179MDL02379490 through BP-HZN-2179MDL02379492, BP-HZN-2179MDL02379499 through BP-HZN-2179MDL02379504, BP-HZN-2179MDL02379513 through BP-HZN-2179MDL02379515, BP-HZN-2179MDL02379517 through BP-HZN-2179MDL02379521, BP-HZN-2179MDL02379522 through BP-HZN-2179MDL02379524, BP-HZN-2179MDL02379532 through BP-HZN-2179MDL02379535, BP-HZN-2179MDL02379545 through BP-HZN-2179MDL02379548, and BP-HZN-2179MDL02423585 through BP-HZN-2179MDL02423590. In addition, a letter dated November 24, 2009, from Michael J. Beirne to MOEX with the subject "Macondo Lease Exchange Agreement Invoice" has been produced at Bates No. DWHMX00071496. Accordingly, the burden of ascertaining the answer to this interrogatory is substantially the same for United States as it is for BP, and BP therefore refers the United States to these documents in accordance with Federal Rule of Civil Procedure 33(d).

To the extent the United States' interrogatory seeks additional information, BP objects on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

28.    Identify all payments made by the Anadarko Defendants to You related to the Macondo Prospect and for each such payment, describe when the Anadarko Defendants made the payment, which Anadarko Defendant made the payment, how the payment was transmitted or tendered, to which request for payment it corresponded, and for what services, costs or other purposes the payment was made.

31

32.     Did MOEX and the Anadarko Defendants have full access to the information provided for in the Joint Operating Agreement, including WellSpace and InSite Anywhere? Describe such information, their access, and identify any complaint you received from MOEX or the Anadarko Defendants concerning access to such information and the steps You took to address such complaints, if any.

**RESPONSE:**

BP objects to this interrogatory on the grounds that it is compound and contains multiple subparts that should be counted as separate interrogatories.   BP further objects to this interrogatory on the grounds that it is overbroad, unreasonable, and unduly burdensome.   BP further objects on the grounds that this interrogatory seeks information not relevant to the claims or defenses of any party.   Additionally, BP objects to this interrogatory on the grounds that the United States' use of the phrases "full access," "provided for in the Joint Operating Agreement, including WellSpace and InSite Anywhere," and "Describe such information, their access" is vague, ambiguous, and undefined.

Subject to its specific and general objections, BP states that MOEX and Anadarko had access to the information to which they were entitled under the terms of the Macondo Prospect Offshore Deepwater Operating Agreement.   BP refers the United States to the documents produced at Bates Nos. BP-HZN-2179MDL00054328 through BP-HZN-2179MDL00054572. MOEX and Anadarko also had access to WellSpace, and INSITEAnywhere.   BP further states that it is not aware of any instance before April 20, 2010, where Anadarko or MOEX complained of not receiving information to which they were entitled under the Macondo Prospect Offshore Deepwater Operating Agreement.   There was one occasion when Paul Chandler, an Anadarko employee, asked BP why Anadarko was not receiving certain drilling reports. (*See* ANA-MDL-000065762.)

To the extent the United States' interrogatory seeks additional information, BP objects on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

33.    Prior to April 20, 2010, did You provide Information to MOEX and the Anadarko Defendants about any issues with well control, including without limitation loss return events, kicks, and other issues, at the Macondo Well? If so, Identify your communications with and the Information You provided to MOEX and the Anadarko Defendants concerning such issues and identify the facts that support your response.

**RESPONSE:**

BP objects to this interrogatory on the grounds that the United States' use of the phrases "issues with well control" and "loss return events, kicks, and other issues" is vague, ambiguous and undefined. BP further objects to this interrogatory on the grounds that it is overbroad and unduly burdensome.

Subject to its specific and general objections, BP states that, while the meaning of the term "issue" is not entirely clear, BP informed Anadarko and MOEX about significant well control events at the Macondo Well. In addition, after BP encountered the pay zone in April, a number of the operations at the Macondo Well had the purpose of maintaining well control, leading up to temporary abandonment. The co-owners were informed via a number of channels and on a number of occasions about these operations, including by formal contractual and advisory communications, such as Authorizations for Expenditure, through reports about day-to-day operations at the Macondo Well, and in ad hoc communications between BP and Anadarko and MOEX technical personnel. While some of the conversations were likely technical in nature, BP is not presently able to reconstruct the specific content of every such conversation which may be responsive to this interrogatory. BP will conduct a reasonable search of non-privileged documents for communications between BP and Anadarko or MOEX regarding the

36

## VERIFICATION

I, Bill Kirton, an officer of BP America Inc., BP America Production Company, and BP Exploration & Production Inc., having undertaken a reasonable inquiry under the circumstances into the process by which the foregoing response to interrogatories were compiled, hereby certify, under penalty of perjury, that, to the best of my knowledge, information, and belief, the foregoing response accurately reflects the information available to BP America Inc., BP America Production Company, and BP Exploration & Production Inc. as specified therein.

State of Texas          :
                        :    ss.
County of Harris   :

Sworn and ascribed to before me
this 25th day of July, 2011

_____
Notary Public

MICHELLE L. KITTLE
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP 12/29/2012

Dated:  July 25, 2011                              Respectfully submitted,

**AS TO RESPONSES TO
INTERROGATORIES**
By: /s/ Bill Kirton
BP America Inc.
501 Westlake Park Blvd.
Houston, Texas 77079

*BP America Inc., BP America Production
Company, and BP Exploration &
Production Inc.*

**AS TO OBJECTIONS AND TO
RESPONSES TO REQUESTS FOR
DOCUMENTS**

By:  /s/ J. Andrew Langan, P.C.

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

and

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing response has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 25th day of July, 2011.

/s/   J. Andrew Langan, P.C.