

# GODWIN RONQUILLO
A Professional Corporation

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:   214.939.4412
DIRECT FAX:    214.939.4803
DGodwin@GodwinRonquillo.com

DALLAS   HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

December 5, 2011

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana 70130

Re: <u>Exclusion of Evidence of Subsequent Remedial Measures under FRE 407</u>

Dear Judge Barbier:

  In accordance with the Court's November 14, 2011 Order setting a briefing schedule concerning motions in limine [Rec. doc. 4572, ¶ 9], and in response to the PSC's letter brief of October 17, 2011, HESI moves, pursuant to Fed. R. Evid. 407, to exclude evidence of subsequent remedial measures on the part of HESI.

  The PSC's October 17, 2011 letter brief is focused exclusively on ten exhibits appearing on the PSC's "List of 300" to which BP has objected on the basis of Rule 407. HESI did not object to any of the exhibits on the PSC's "list of 300" on the basis of Rule 407, but submits this letter brief to make clear that it objects to the admission of any evidence of subsequent remedial measures on the part of HESI.

  The foundation of FRE 407 is rooted in public policy. Without the rule, parties might be dissuaded from implementing remedial measures and increasing safety based on the fear that these measures could be held against them to prove culpability. *See* Fed. R. Evid. 407, Advisory Committee Note (1972); *see also Jones v. H.W.C., Ltd.*, No. 01-3818, 2003 U.S. Dist. Lexis 49, at *10 (E.D. La. January 3, 2003).

  To uphold the integrity of this rule, a court must consider the purpose for which the evidence is offered and the implications of admitting that evidence. If admitting the evidence could be construed as a confession of culpability or negligence, it is properly excluded by Rule 407. For example, the Fifth Circuit has held that a manual revised after the occurrence of an incident was properly excluded by Rule 407 when the act of making

The Honorable Carl J. Barbier
December 5, 2011
Page 2

changes to the manual could be viewed as an admission that the previous manual was insufficient. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 763 (5th Cir. 1989).

While there are exceptions to Rule 407, such exceptions are construed narrowly by the courts. If a party intends to use evidence of a subsequent remedial measure for a purpose not forbidden by the rule, it must be shown that the evidence is probative of a permissible purpose that is *actually in controversy*. *See, e.g., Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 587 (10th Cir. 1987) (where control was not controverted, proffered evidence would be "either cumulative or trespass inferentially into the Rule 407 prohibited terrain of proof of culpable conduct.") The three examples of potential exceptions are: 1) feasibility of the precautionary measure, 2) impeachment, and 3) ownership/control. HESI is unaware of any actual controversy regarding any subsequent remedial measure it may have taken, and thus none of the exceptions are applicable.

**Feasibility**

The feasibility exception of Rule 407 is rarely applicable. The main underpinning of the feasibility exception is that it cannot be argued unless the issue of feasibility is actually controverted by the defendant. *See Grenada Steel Industries, Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 888-89 (5th Cir. 1983); *Jones*, 2003 U.S. Dist. Lexis 49, at *10 (feasibility not controverted). Without a declaration by a party that the measures it took were the *only* acceptable measures and no others would have been feasible, the mere fact that the party maintains its opinion about the sufficiency of its measures will not be counted against it. *See Mills*, 886 F.2d at 763 (rejecting application of the feasibility exception where defendants maintained the acceptability of a pre-incident airplane manual but did not contest the feasibility of adopting a better manual).

Even if alternate measures were considered, but not adopted, prior to the incident in question, courts still do not favor the feasibility exclusion. A mere discussion of the trade-offs or benefits involved when deciding which precautionary measures to take will not be sufficient to place feasibility at issue. *See Gauthier v. AMF, Inc.*, 788 F.2d 634, 638 (9th Cir. 1986).

**Impeachment**

The use of evidence of subsequent remedial measures for impeachment purposes is closely examined by the courts and, again, is rarely accepted, particularly given that the proffered exception is often merely a disguised attempt to gain admission of the evidence to prove culpability or negligence. The argument that a subsequent remedial measure might in some way contradict the testimony of a defense witness is not enough to allow this exception to apply. *See Hardy v. Chemetron Corp.*, 870 F.2d 1007, 1011 (5th Cir. 1989) (rejecting attempt to invoke impeachment exception as "semantic manipulation" that was intended to circumvent Rule 407 and prove negligence). If impeachment was

permitted to mean simple contradiction, the impeachment exception would swallow the rule. *See id.* (citing *Public Service Co. of Indiana v. Bath Iron Works Corp.*, 773 F.2d 783, 792 (7th Cir. 1985)); *Bickerstaff v. South Central Bell Tel. Co.*, 676 F.2d 163, 168 (5th Cir. 1982); *Wilkinson v. Hyatt Corp.*, No. 92-1821, 1993 U.S. Dist. LEXIS 4809, at *4 (E.D. La. April 9, 1993) (noting that the Fifth Circuit has directed district courts to "guard against the improper admission of evidence to prove prior negligence under the guise of impeachment").

Courts have regularly held that, in order for impeachment to be a viable exception to FRE 407, a defense witness' testimony regarding the safety of measures actually taken must amount almost to a guarantee. For example, if a defense witness were to testify that a measure in place prior to the incident in question was unquestionably the safest available, a court might be amenable to allowing evidence of subsequent remedial measures for impeachment purposes. *See Muzyka v. Remington Arms Co., Inc.*, 774 F.2d 1309, 1313-14 (5th Cir. 1985) (finding that evidence of subsequent remedial measures should have been allowed where the "core of the defense" revolved around the absolute safety of the rifle, calling it "premier," "the best," and "the safest...of its kind on the market"). Absent such extreme statements, the impeachment exception is unlikely to apply. *See, e.g., Wilkinson* 1993 U.S. Dist. LEXIS 4809, at *5-6 (refusing to apply impeachment exception to Rule 407 absent an indication that the defendant would "boast...extravagantly" regarding the safety measures in place at the time of the incident).

Additionally, the Fifth Circuit has been reluctant to allow evidence of subsequent remedial measures when it is apparent that the plaintiff is merely using the exception to circumvent the rule's protection against offering the evidence to prove negligence. *See Hardy*, 870 F.2d at 1011 ("semantic manipulation"); *see also Wilkinson*, 1993 U.S. Dist. LEXIS 4809, at *4.

### Ownership/Control

Like the feasibility exception, the ownership/control exception will only be applicable if the defendant has disputed ownership or control. *See Jones* 2003 U.S. Dist. Lexis 49, at *10 (holding that the ownership/control exception was inapplicable where there was no controversy concerning defendant drilling company's ownership or control over the equipment Plaintiff was using when he was injured). Where ownership/control is not disputed, admitting evidence regarding that issue would serve no purpose, since the fact that the issues are uncontroverted is cumulative in proving control. *Id.*; *see also Hull*, 812 F.2d at 587.

The Honorable Carl J. Barbier
December 5, 2011
Page 4

      For the foregoing reasons, HESI moves to exclude any evidence of subsequent remedial measures on the part of HESI, and reserves the right to object and brief its position in greater detail if a party identifies specific evidence of any such subsequent remedial measure on the part of HESI.

                                      Respectfully submitted,

                                      Donald E. Godwin