

SCOTT C. BARNES
BRIAN H. BARR
M. ROBERT BLANCHARD
BRANDON L. BOGLE
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
RACHAEL R. GILMER
KRISTIAN KRASZEWSKI
KIMBERLY R. LAMBERT
FREDRIC G. LEVIN
MARTIN H. LEVIN

ROBERT M. LOEHR
KATHERINE McFARLAND
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
K. LEA MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO

ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
AMANDA R. SLEVINSKI
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
AARON L. WATSON

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

BEN W. GORDON, JR.

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

December 8, 2011

**VIA ELECTRONIC MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Lousiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

      Re:  In re Oil Spill by the Oil Rig "Deepwater Horizon," MDL No. 2179

Dear Judge Shushan:

      The meet and confer process on the proposed 30(b)(6) notices is coming to a conclusion, and the PSC believes most issues have been resolved.  However, at least one issue that runs across multiple notices will require guidance from the Court.

      The crux of the issue is how far the parties will be required to "look back" for information prior to April 20, 2010.  The PSC has requested the following topic which it believes is appropriate for Phase 2 discovery and will not overburden any of the parties.  The request reads as follows:

*For any and all attempts between January 1, 2000 and April 20, 2010, to cap, control, contain, shut in, limit flow from, and/or kill an uncontrolled flowing subsea Gulf of Mexico well by any of the Methods and any other method(s) used but not listed above:*

    *(a) The total cost that [Party] incurred to complete each attempt and/or Method, including but not limited to, labor, payments made to contractors and/or other entities working under the direction of [Party], materials, overhead and the costs of removal of any replaced components, parts, equipment, material, and/or supplies;*

    *(b) The process of approval to fund and/or implement each attempt and/or Method, including the responsibility and identity of each person involved;*

The Honorable Sally Shushan
December 8, 2011
Page 2

> (c) A description of the manner and methodology, including computer models, used to 2assess each attempt and/or Method;
> (d) A description of the rationale for each attempt and/or Method made or prepared for approval within [Party];
> (e) Dates when planning began for each attempt and/or Method, including the length of time used to plan and budget;
> (f) An explanation of the timeline for the steps involved in planning and/or implementing each attempt and/or Method, including both the design of any equipment and the steps involved in the implementation process;
> (g) The identity of [Party] employees and contractors who planned, managed, and/or supervised the implementation of each attempt and/or Method;
> (h) A description of each office, department, or other organization at [Party] that participated in the planning, budgeting, engineering, approval, supervision, coordination, and/or implementation of each attempt and/or Method; and
> (i) For work actually performed by [Party], [Party's] contractors, and/or any other entity working under the direction of [Party], an explanation of and timeline for the steps involved in performing the work, the identity of [Party] employees and contractors who performed the work, and the identity of custodians (with documents) recording the performance of each effort.

Several parties believe that the January 1, 2000 "look back" date is overbroad. BP has suggested a "look back" date of January 1, 2008. The PSC believes that the "look back" date requested is appropriate. This is especially true given the prior Orders of this Court.

The PSC filed Interrogatories and Requests for Production to BP in November, 2010. (Attached as Exhibit A). Request for Production No. 29, asked BP to "produce any documents relating to the use and effectiveness of "junk shots," "top hats," or "relief wells" as a means of controlling or sealing a well, including the Macondo Well." BP objected to this request as overbroad given the open timeframe of the request. After hearing from the parties, the Court ordered that the appropriate "look back" date for this request was January 1, 1997. (Rec. Doc. No. 1459)(Attached as Exhibit B). Thus, the parties, and specifically BP, have already been required to produce documents back to 1997 that overlap with the 30(b)(6) topic above.

The PSC recognizes that the 30(b)(6) topic above is broader than Request for Production No. 29 in that it is requesting more information than just information on "junk shots," "top hats," or "relief wells." For this reason, the PSC narrowed the look back date by three years. Given the potential that the number of actual uncontrolled, flowing subsea Gulf of Mexico is limited, this request is not overbroad or overly burdensome to any party.

The Honorable Sally Shushan
December 8, 2011
Page 3

    We thank you for your consideration.

                                                                 Respectfully,

                                                                 Brian H. Barr

cc:
All Liaison Counsel

OFFICE: 316 S. BAYLEN STREET · SUITE 600 · PENSACOLA, FL 32502
CORRESPONDENCE: P.O. BOX 12308 · PENSACOLA, FL 32591    CONTACT: (850) 435-7000 · (850) 435-7020 FAX · WWW.LEVINLAW.COM