**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**<br><br>**This Pleading Applies to:**<br><br>**2:10-CV-04182 (***State of Alabama v. BP p.l.c. et al.***)**<br><br>***and***<br><br>**2:10-CV-04183 (***State of Alabama v. Transocean et al.***)** | **MDL No. 2179**<br><br>**SECTION: J**<br><br>**JUDGE BARBIER**<br><br>**MAGISTRATE JUDGE SHUSHAN** |

**ANSWER OF MOEX OFFSHORE 2007 LLC AND MOEX USA CORPORATION TO THE STATE OF ALABAMA'S FIRST AMENDED COMPLAINT**

Defendants MOEX Offshore 2007 LLC ("Offshore") and MOEX USA Corporation ("MOEX USA") hereby answer the First Amended Complaint (the "Complaint") of the State of Alabama ("Alabama") as follows.[1]

## Construction of this Pleading

The section headings herein are those used by Alabama in the Complaint. Offshore and MOEX USA have used those headings solely for convenience. Offshore and MOEX USA do not thereby adopt, agree with or endorse any statement, express or implied, in any of the section headings. Further, Offshore and MOEX USA answer only on behalf of themselves, and this Answer should not be construed to make any admissions on behalf of Mitsui Oil Exploration Company, Ltd. ("MOECO"). Except as expressly pleaded herein, Offshore and MOEX USA deny the allegations in the Complaint.

## Nature of Action

1.       Offshore and MOEX USA admit that on April 20, 2010, a blowout occurred aboard the mobile offshore drilling rig *Deepwater Horizon* in the Gulf of Mexico, that the *Deepwater Horizon* subsequently sunk, and that an oil spill occurred following the blowout. Offshore and MOEX USA deny the balance of the allegations in Paragraph 1.

2.       Insofar as the allegations of Paragraph 2 refer to Offshore and MOEX USA, the answering defendants deny all of the allegations in paragraph 2. Insofar as the allegations of Paragraph 2 refer to parties other than Offshore or MOEX USA, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

---

[1]   This paper is filed jointly on behalf of Offshore and MOEX USA. Both entities have joined in this filing pursuant to the Court's expressed desire to limit the number of motions and supporting papers submitted. Nonetheless, each entity maintains a separate corporate status and, by joining in this submission, does not waive any and all separate defenses that it may have.

3.      The allegations in Paragraph 3 concern events about which Offshore and MOEX USA have no direct knowledge or involvement, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

4.      Offshore and MOEX USA admit that Paragraph 4 purports to describe the objectives of the Complaint, but deny that Alabama is entitled to any relief against either of them, including without limitation all of the relief identified in Paragraph 4.

5.      Paragraph 5 contains a purported reservation of rights, to which no responsive pleading is required.

## PARTIES, JURISDICTION, AND VENUE

### *Parties*

6.      Offshore and MOEX USA admit the allegations in Paragraph 6.

7.      Paragraph 7 states legal characterizations and conclusions as to which no responsive pleading is required.

8.      Paragraph 8 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief in the truth of those allegations, except Offshore and MOEX USA admit that BP Exploration & Production Inc. was the designated operator for the Macondo lease, and that this designation was approved by MMS.

9.      Paragraph 9 concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except Offshore and MOEX USA admit, upon information and belief, that BP America Production Company was a party to Drilling Contract No. 980249 with Transocean Holdings, Inc.

10.     Paragraph 10 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief in the truth of those allegations.

11.     Paragraph 11 concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except Offshore and MOEX USA admit that BP Exploration & Production Inc. was the lease operator of the Macondo Prospect site, and respectfully refer the Court to the Operating Agreement dated as of October 1, 2009 for BP Exploration & Production Inc.'s responsibilities thereunder.

12.     Paragraph 12 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

13.     Paragraph 13 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

14.     Paragraph 14 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

15.     Paragraph 15 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Offshore and MOEX USA admit, on information and belief, that Transocean Holdings Incorporated was sent a letter from the U.S. Coast Guard dated

April 28, 2010 that, among other things, designated the *Deepwater Horizon* as the source of an oil discharge under the Oil Pollution Act.

16.     Paragraph 16 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

17.     Paragraph 17 concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

18.     Paragraph 18 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

19.     Paragraph 19 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

20.     Paragraph 20 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

21.     To the extent that Paragraph 21 contains a characterization of Plaintiffs' pleading, no responsive pleading is required.  To the extent that Paragraph 21 contains a factual allegation, it concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

22.     The allegations in Paragraph 22 concern parties other than Offshore and MOEX USA and events in which neither was involved.   Offshore and MOEX USA are without

knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23.      Paragraph 23 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

24.      Paragraph 24 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

25.      Paragraph 25 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

26.      In response to the first sentence of Paragraph 26, Offshore and MOEX USA deny that Offshore is a Delaware corporation, affirmatively aver that Offshore is a Delaware Limited Liability Company, and admit that Offshore's principal place of business is located in Houston, Texas.  In response to the second sentence of Paragraph 26, Offshore and MOEX USA deny that Offshore does business in Alabama.  In response to the third sentence of Paragraph 26, the answering defendants affirmatively aver that MOEX USA is the sole member of Offshore.

27.      Offshore and MOEX USA admit the allegations in the first sentence of Paragraph 27.  In response to the second sentence of Paragraph 27, the answering defendants affirmatively aver that MOEX USA is the sole member of Offshore.

28.      Offshore and MOEX USA admit the first sentence of Paragraph 28. With respect to the second sentence of Paragraph 28, Alabama does not reference where MOECO "identified" those subsidiaries or affiliates "[a]s of June 30, 2010," so Offshore and MOEX USA are unable

to admit or deny the portion of the sentence that precedes the colon.  With respect to the portion of the second sentence of Paragraph 28 that follows the colon, Offshore and MOEX USA admit that the companies identified are direct or indirect subsidiaries or affiliates of MOECO. Offshore and MOEX USA deny the third sentence of Paragraph 28.

29.    In response to Paragraph 29, Offshore and MOEX USA admit that MOEX USA is a wholly-owned subsidiary of MOECO and that MOEX USA is the sole member of Offshore. Offshore and MOEX USA deny the other allegations in Paragraph 29.

30.    Paragraph 30 contains a characterization of Alabama's pleading, as to which no responsive pleading is required.  To the extent that the allegations in Paragraph 11 relate to them, Offshore and MOEX USA deny that it is appropriate to group three separate companies – Offshore, MOEX USA and MOECO – and refer to them together as "MOEX."  The three companies were not involved with the Macondo well in the same manner, and possess different defenses.  Among other things,  MOEX USA and MOECO were not parties to the Operating Agreement and were not lessees of the Macondo Prospect.

31.    In response to the first sentence of Paragraph 31, Offshore and MOEX USA deny that either of them was a lessee of the *Deepwater Horizon*.  In response to the second sentence of Paragraph 31, Offshore and MOEX USA admit that BP Exploration, as the Operating Party, and Offshore, as a Non-Operating Party, entered into the Operating Agreement, which was effective as of October 1, 2009.  In response to the third sentence of Paragraph 31, Offshore and MOEX USA admit that on or about December 17, 2009, BP E&P, Offshore, Anadarko and Anadarko E&P executed a document entitled "Ratification and Joinder of Operating Agreement" for the Macondo Prospect site.  In response to the fourth and fifth sentences of Paragraph 31, Offshore and MOEX USA  admit that, immediately following the execution of the Ratification and

Joinder of Operating Agreement, the parties' interests in the lease to the Macondo Prospect site were BP Exploration, 65%; Offshore, 10%; Anadarko E&P, 22.5%; and Anadarko, 2.5%. Offshore and MOEX USA deny the other allegations in Paragraph 31.

32.     Paragraph 32 contains legal conclusions to which no responsive pleading is required.  To the extent Paragraph 32 is read as containing a factual allegation as to Offshore or MOEX USA, they deny it.

### *Jurisdiction*

33.     Paragraph 33 contains legal conclusions to which no responsive pleading is required.

34.     Paragraph 34 contains a legal conclusion to which no responsive pleading is required.

35.     Paragraph 35 contains a legal conclusion to which no responsive pleading is required.

### *Venue*

36.     Paragraph 36 contains legal conclusions to which no responsive pleading is required.

37.     Paragraph 37 contains a purported reservation of rights, to which no responsive pleading is required.

### GENERAL ALLEGATIONS

### *The Macondo Lease, and BP's Exploration Plan and Drilling Permit*

38.     On information and belief, Offshore and MOEX USA admit the allegations in Paragraph 38.

39.     Paragraph 39 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

40.     Offshore and MOEX USA admit that Paragraph 40 purports to paraphrase statements of BP.  On information and belief, the statements being paraphrased are contained in BP Exploration & Production Inc.'s Initial Exploration Plan for the Macondo Prospect site. Offshore and MOEX USA respectfully refer the Court to that document for its full content.

41.     In response to Paragraph 41, Offshore and MOEX USA admit that the MMS approved the Initial EP for the Macondo Prospect submitted by BP Exploration & Production Inc.

42.     In response to Paragraph 42, Offshore and MOEX USA admit that BP Exploration & Production Inc. sought a permit from the MMS for deepwater drilling.  Except as so pleaded, Offshore and MOEX USA lack knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 42.

### The Deepwater Horizon's Poor Safety and Maintenance Record

43.     In response to Paragraph 43, Offshore and MOEX USA admit, on information and belief, the following:  (1) the *Deepwater Horizon* was a dynamically-positioned semi-submersible mobile offshore drilling unit; and (2) it was put into service in February 2001.  On information and belief, Offshore and MOEX USA deny that the *Deepwater Horizon* was built for Transocean, but aver that it was built for R&B Falcon Drilling Co., which Transocean later acquired.

44.     In response to Paragraph 44, Offshore and MOEX USA admit, on information and belief, that at relevant times the *Deepwater Horizon* was owned by a Transocean-related entity (and/or one of its predecessors) and leased to BP (and/or one of its predecessors) for drilling exploratory wells at the Macondo Prospect site.  To the extent that Paragraph 44 refers to the December 9, 1998 Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co., as amended, Offshore and MOEX USA respectfully refer the Court to that document for its content.

45.     Paragraph 45 refers to the "Drilling Defendants," which do not include Offshore or MOEX USA.  As a result, Paragraph 45 does not assert any allegations against Offshore and/or MOEX USA to which a response is required.  To the extent a response is required, Offshore and MOEX USA lack knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 45.

### The Macondo Well

46.      In response to the first sentence of Paragraph 46, Offshore and MOEX USA admit the Macondo site is located in the Northern Gulf of Mexico.  The remaining allegations in Paragraph 46 concern parties other than Offshore or MOEX USA, events in which Offshore and MOEX USA were not involved, or statements of opinion concerning geologic characteristics of the Macondo site, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

47.     Paragraph 47 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  Offshore and MOEX USA consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

48.     Paragraph 48 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  Offshore and MOEX USA consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

### *Conduct Leading Up to the Explosion*

49.     Paragraph 49 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  Offshore and MOEX USA consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

50.     Paragraph 50 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

51.     Paragraph 51 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

52.     Paragraph 52 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

53.     Paragraph 53 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently

are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that the "other Defendants" referenced in Paragraph 53 include Offshore and/or MOEX USA, the answering defendants deny the allegation.

54.    Paragraph 54 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

55.    Paragraph 55 concerns parties other than than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that the "Defendants" referenced in Paragraph 55 include Offshore and/or MOEX USA, the answering defendants deny the allegations in Paragraph 55. Without limiting the foregoing, the second sentence of Paragraph 55 purports to quote a BP "mid-April plan review" without identifying that document with sufficient specificity for Offshore or MOEX USA to determine whether the quotation is accurate.

56.    Paragraph 56 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

57.    The allegations in Paragraph 57 concern events about which neither Offshore nor MOEX USA had direct knowledge or involvement.  To the extent the allegations in the second sentence of Paragraph 57 are directed against Offshore and/or MOEX USA, Offshore and MOEX USA deny the allegations set forth therein.   Offshore and MOEX USA deny the

remaining allegations set forth in Paragraph 57 for the reason that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

58.     The allegations in Paragraph 58 are directed to parties other than Offshore and MOEX USA and concern events in which neither was involved.  Insofar as a response is required, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 are directed to parties other than Offshore and MOEX USA and concern events in which neither was involved.  Insofar as a response is required, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 are directed to parties other than Offshore and MOEX USA and concern events in which neither was involved.  Insofar as a response is required, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 are directed to parties other than Offshore and MOEX USA and concern events in which neither was involved.  Insofar as a response is required, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 are directed to parties other than Offshore and MOEX USA and concern events in which neither was involved.  Insofar as a response is required, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62.

63.     The allegations in Paragraph 63 are directed to parties other than Offshore and MOEX USA and concern events in which neither was involved.  Insofar as a response is required, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 are directed to parties other than Offshore and MOEX USA and concern events in which neither was involved.  Insofar as a response is required, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64.

65.     The allegations in the first sentence of Paragraph 65 concern events about which neither Offshore nor MOEX USA had direct knowledge or involvement. Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 65.  The second sentence of Paragraph 65 contains a purported reservation of rights, to which no responsive pleading is required.  To the extent a response is required, Offshore and MOEX USA deny the allegations of the second sentence of Paragraph 65.

66.     The allegations in Paragraph 66 concern events about which neither Offshore nor MOEX USA had direct knowledge or involvement.  Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 are directed to parties other than Offshore and MOEX USA and concern events in which neither was involved.  Insofar as a response is required, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67.

68.     Paragraph 68 and subparagraphs 68(a)-(i), (l)-(p) and (t) concern parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.   The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.   To the extent that the "Defendants" referenced in Paragraph 68 and subparagraphs 68(a)-(i), (l)-(p) and (t) include Offshore and/or MOEX USA, the answering defendants deny the allegations.

68(j).   The allegations in Paragraph 68(j) concern events about which neither Offshore nor MOEX USA had direct knowledge or involvement.   To the extent they are directed at Offshore and/or MOEX USA, Offshore and MOEX USA deny the allegations in Paragraph 68(j) for the reason that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

68(k).   The allegations in Paragraph 68(k) concern events about which neither Offshore nor MOEX USA had direct knowledge or involvement.   To the extent they are directed at Offshore and/or MOEX USA, Offshore and MOEX USA deny the allegations in Paragraph 68(k) for the reason that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

68(q).   The allegations in Paragraph 68(q) concern events about which neither Offshore nor MOEX USA had direct knowledge or involvement.   To the extent they are directed at Offshore and/or MOEX USA, Offshore and MOEX USA deny the allegations in Paragraph 68(q) for the reason that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

68(r).   The allegations in Paragraph 68(r) concern events about which neither Offshore nor MOEX USA had direct knowledge or involvement.   To the extent they are directed at

Offshore and/or MOEX USA, Offshore and MOEX USA deny the allegations in Paragraph 68(r) for the reason that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

68(s).   The allegations in Paragraph 68(s) concern events about which neither Offshore nor MOEX USA had direct knowledge or involvement.   To the extent they are directed at Offshore and/or MOEX USA, Offshore and MOEX USA deny the allegations in Paragraph 68(s) for the reason that they are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

69.   Paragraph 69 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.   The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

70.   Paragraph 70 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.   The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.   To the extent that the "Defendants" referenced in Paragraph 70 include Offshore and/or MOEX USA, the answering defendants deny the allegations.

### *Post-Explosion Conduct*

71.   Paragraph 71 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.   The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.   To the extent that the "Defendants" referenced in Paragraph 71 include Offshore and/or MOEX USA, the answering defendants deny the allegations.

72.     Paragraph 72 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that the "Defendants" referenced in Paragraph 72 include Offshore and/or MOEX USA, the answering defendants deny the allegations in Paragraph 72.

73.     Paragraph 73 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that the "Defendants" referenced in Paragraph 73 include Offshore and/or MOEX USA, the answering defendants deny the allegations in Paragraph 73.

74.     Paragraph 74 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that the "Defendants" referenced in Paragraph 74 include Offshore and/or MOEX USA, the answering defendants deny the allegations in Paragraph 74.

75.     Paragraph 75 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that the "Defendants" referenced in Paragraph 75 include Offshore and/or MOEX USA, the answering defendants deny the allegations in Paragraph 75.

76.     Paragraph 76 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations

therein.  To the extent that the "Defendants" referenced in Paragraph 76 include Offshore and/or MOEX USA, the answering defendants deny the allegations in Paragraph 76.

77.     Paragraph 77 concerns events in which Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

78.     Paragraph 78 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that the "Defendants" referenced in Paragraph 78 include Offshore and/or MOEX USA, the answering defendants deny the allegations in Paragraph 78.

## DAMAGES TO THE STATE OF ALABAMA

### *Environmental Damages*

79.     Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 79.

80.     Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 80.

81.     Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 81.

82.     Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 82.

83.    Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 83, and respectfully refer the Court to the restrictions described therein for their content.

84.    Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 84.

*Economic Damages*

85.    Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 85.

86.    Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 86.

87.    Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 87, and respectfully refer the Court to the moratorium order issued by MMS for its content.

88.    Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 88, and respectfully refer the Court to the preliminary injunction and suspensions described therein for its content.

89.    Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 89, and respectfully refer the Court to the BOEMRE announcement cited therein for its content.

90.    Paragraph 90 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations

therein.  To the extent that the "Defendants" referenced in Paragraph 90 include Offshore and/or MOEX USA, the answering defendants deny the allegations in Paragraph 90.

91.     Offshore and MOEX USA are without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 91.

92.     Offshore and MOEX USA deny that Alabama is entitled to recover any damages from them, including without limitation those identified and/or described in Paragraph 92.

93.     Paragraph 93 contains a purported reservation of rights, to which no responsive pleading is required.

## CAUSES OF ACTION

### I.   Claims Under General Maritime Law

**A.  *Negligence***

94.-135.     The allegations in Paragraphs 94-135 need not be answered because Alabama's negligence claim under general maritime law was dismissed, as against Offshore and MOEX USA, by the Court in its November 14, 2011 decision (Doc. 4578).

**B.  *Gross Negligence and Willful Misconduct***

136.-147.     The allegations in Paragraphs 136-147 need not be answered because Alabama's negligence claim against Offshore and MOEX USA under general maritime law was dismissed by the Court in its November 14, 2011 decision (Doc. 4578) and the willful misconduct claim is not directed against Offshore and MOEX USA.

**C.  *Strict Liability for Manufacturing And/Or Design Defect***

### Cameron

148. – 168.     Paragraphs 148-168 are not directed against Offshore or MOEX USA.

**D.** *Strict Liability for Manufacturing And/Or Design Defect*

**Weatherford**

169.-185.        Paragraphs 169-185 are not directed against Offshore or MOEX USA.

**E.** *Strict Liability for Manufacturing And/Or Design Defect*

**Halliburton**

186.-204.        Paragraphs 186-204 are not directed against Offshore or MOEX USA.

**II.**        **The Oil Pollution Act**

**BP, Transocean, Anadarko, Anadarko E&P, and MOEX**

205.        Offshore and MOEX USA reallege their answers to each and every allegation set forth in all preceding paragraphs as if fully restated here.

206.        Offshore and MOEX USA admit that Paragraph 206 purports to quote from and paraphrase the Oil Pollution Act, and respectfully refer the Court to that statute for its full content.

207.        In response to Paragraph 207, Offshore and MOEX USA admit on information and belief that, on or about April 28, 2010, the U.S. Coast Guard sent a letter to BP Exploration & Production Inc. and one to Transocean Holdings Inc. regarding the responsibility to advertise for claims, and respectfully refer the Court to those letters for their full content.  Except as so admitted, Offshore and MOEX USA deny the allegations in Paragraph 207.

208.        Paragraph 208 is not directed against Offshore or MOEX USA.

209.        In response to the first sentence of Paragraph 209, Offshore and MOEX USA admit that Offshore held a 10% interest in the lease to Block 252, Mississippi Canyon.  The answering defendants deny that MOEX USA held any interest in the lease to Block 252, Mississippi Canyon, and deny the balance of Paragraph 209.

210.     Offshore and MOEX USA deny Paragraph 210 insofar as it applies to them.

211.     In response to Paragraph 211, Offshore and MOEX USA admit that plaintiffs purport to describe a "Statement" of BP Exploration & Production Inc. filed on October 19, 2010, and respectfully refer the Court to that Statement for its content.

212.-216.     The answering defendants deny Paragraphs 212-216 insofar as those allegations apply to Offshore or MOEX USA.

217.     The answering defendants deny the allegations in Paragraph 217, to the extent that they apply to Offshore or MOEX USA, and affirmatively aver that Alabama has not made any presentment to Offshore or MOEX USA.

218.     In response to Paragraph 218, the answering defendants admit that Alabama purports to seek a declaratory judgment, but deny that the State of Alabama is entitled to any declaratory judgment against Offshore or MOEX USA.

219.     In response to Paragraph 219, the answering defendants admit that Alabama purports to seek damages pursuant to the OPA, but deny that Alabama is entitled to recover any damages from Offshore or MOEX USA.

### III.     State Law Claims for Relief

**A.  *Public Nuisance (Drilling Defendants, Cameron, and Weatherford)***

220.-226.     The allegations in Paragraphs 220-226 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 220-226 are not directed against Offshore or MOEX USA.

**B.   *Private Nuisance (Drilling Defendants, Cameron, and Weatherford)***

227.-232.        The allegations in Paragraphs 227-232 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 227-232 are not directed against Offshore or MOEX USA.

**C.   *Trespass (Drilling Defendants, Cameron, and Weatherford)***

233.-238.        The allegations in Paragraphs 233-238 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 233-238 are not directed against Offshore or MOEX USA.

**D.   *Alabama Extended Manufacturer's Liability Doctrine (Cameron)***

239. - 246.        The allegations in Paragraphs 239-246 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 239-246 are not directed against Offshore or MOEX USA.

**E.   *Alabama Extended Manufacturer's Liability Doctrine (Weatherford)***

247.-255.        The allegations in Paragraphs 247-255 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 247-255 are not directed against Offshore or MOEX USA.

**F.   *Alabama Extended Manufacturer's Liability Doctrine (Halliburton)***

256.-263.        The allegations in Paragraphs 256-263 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 256-263 are not directed against Offshore or MOEX USA.

**G.   *Fraudulent Concealment or Suppression of Material Facts (BP, Halliburton, and Transocean)***

264.-281.        The allegations in Paragraphs 264-281 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578);

further, Paragraphs 264-281 are not directed against Offshore or MOEX USA.

### H.  Civil Penalties under the Alabama Environmental Management Act

282.-289.      The allegations in Paragraphs 282-289 need not be answered because the state law claims for civil penalties were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

### I.  Civil Penalties for violations of the Alabama Water Pollution Control Act

290.-302.      The allegations in Paragraphs 290-302 need not be answered because the state law claims for civil penalties were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

### J.  Damages under the Alabama Water Pollution Control Act

303.-308.      The allegations in Paragraphs 303-308 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

### K.  Civil Penalties under the Alabama Air Pollution Control Act

309.-316.      The allegations in Paragraphs 309-316 need not be answered because the state law claims for civil penalties were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

### L.  Civil Penalties under the Alabama Hazardous Wastes Management Act

317.-323.      The allegations in Paragraphs 317-323 need not be answered because the state law claims for civil penalties were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

### M.  Civil Penalties under the Alabama Solid Waste Disposal Act

324.-327.      The allegations in Paragraphs 324-327 need not be answered because the state law claims for civil penalties were dismissed by the Court in its November 14, 2011

decision (Doc. 4578).

**M.  *Negligence***

328.-338.       The allegations in Paragraphs 328-338 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

**N.  *Wantonness***

339.-345.       The allegations in Paragraphs 339-345 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

**IV.     <u>Punitive Damages</u>**

346.-368.       Paragraphs 346-368 are not directed against Offshore or MOEX USA.

**RESERVATION OF RIGHTS**

***Right to a Trial by Jury***

369.     In response to Paragraph 369, Offshore and MOEX USA admit that Alabama purports to demand a jury trial, but deny that Alabama is entitled to a jury trial.

370.     Paragraph 370 states legal characterizations and sets forth Alabama's intentions; no responsive pleading is required.

371.     Paragraph 371 contains purported reservations of rights, to which no responsive pleading is required.

***Right to File Amendments***

372.     Paragraph 372 contains a purported reservation of rights, to which no responsive pleading is required.

**<u>PRAYER FOR RELIEF</u>**

Offshore and MOEX USA deny that Alabama is entitled to any of the relief sought against them in its Prayer for Relief.

## FIRST DEFENSE

Offshore and MOEX USA are not liable under the Oil Pollution Act because they were not owners, operators or lessees of the vessel *Deepwater Horizon*.

## SECOND DEFENSE

MOEX USA is not liable under the Oil Pollution Act because it was not a party to the Operating Agreement and was not a lessee of the Macondo Prospect site.

## THIRD DEFENSE

To the extent that Alabama contends Offshore and MOEX USA are responsible parties under OPA, Alabama has failed to comply with OPA's requirement that all claims for removal costs or damages shall be presented first to Offshore or MOEX USA before suit is brought.  *See* 33 U.S.C. §2713.

## FOURTH DEFENSE

To the extent Offshore or MOEX USA is found liable under the Oil Pollution Act and damages are assessed against it, Offshore and/or MOEX USA is entitled to an allocation and/or apportionment of liability.

## FIFTH DEFENSE

The Complaint contains no substantive allegations against MOEX USA, and therefore fails to state a claim against MOEX USA.  The Complaint makes only conclusory allegations that MOEX USA is "dominated and controlled by MOECO" and that MOECO is an "alter ego" of MOEX USA.  *See* ¶ 29.  Such allegations provide no substantive ground for holding MOEX USA liable under any statute or common-law doctrine.

## SIXTH DEFENSE

Alabama has not reasonably mitigated damages.

## SEVENTH DEFENSE

If it is determined that Offshore or MOEX USA is liable as a responsible party under the Oil Pollution Act for all or any part of Alabama's damages, the amount of its liability is limited pursuant to 33 U.S.C. §2704(a).

## EIGHTH DEFENSE

Offshore and MOEX USA will rely on any and all further defenses that become available or appear during pretrial proceedings in this action or at trial.

## RESERVATIONS OF RIGHTS

Offshore and MOEX USA reserve the right to amend this Answer for the purpose of asserting additional defenses that may appear or become available.  In the event that any claim against Offshore or MOEX USA that has been dismissed is reinstated at some point in the future, or in the event that Alabama amends its Complaint, Offshore and MOEX USA reserve the right to amend this Answer for the purpose of asserting additional defenses to any such claims or amended pleading.

WHEREFORE, the answering defendants MOEX Offshore 2007 LLC and MOEX USA Corporation respectfully request that judgment on the merits be granted in their favor and against the State of Alabama; that the First Amended Complaint of the State of Alabama be dismissed as against them, with prejudice and with costs; and that the Court grant such other and further relief as may be just and proper.

Dated:  December 14, 2011

Respectfully submitted,

**As to paragraphs 22, 57-67, 68(j), (k), (q), (r) and (s), 148-168 and 239-246:**

*s/Philip D. Nizialek*
Philip D. Nizialek (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone:  (504) 585-3800
Fax:  (504) 585-3801

**COUNSEL FOR MOEX OFFSHORE 2007 LLC**

-and-

*/s/ Robert S. Stassi*
Robert S. Stassi (La. Bar No. 25259)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**COUNSEL FOR MOEX USA CORPORATION**

**As to all other portions of the Answer:**

*s/  John F. Pritchard*
John F. Pritchard
john.pritchard@pillsburylaw.com
Edward Flanders
edward.flanders@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

Christopher McNevin
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033
chrismcnevin@pillsburylaw.com

**COUNSEL FOR MOEX OFFSHORE 2007 LLC**

s/ _____*Jack McKay*_____
Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on December 14, 2011.

_____/s/___John F. Pritchard_____