# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Pleading Relates to:<br><br>Case No. 11-cv-0516 (*State of Louisiana v. BP Exploration et al.*)<br><br>and<br><br>Case No. 10-cv-03059 (*State of Louisiana v. Triton Asset Leasing et al.*) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

## ANSWER OF MOEX OFFSHORE 2007 LLC AND MOEX USA CORPORATION TO THE STATE OF LOUISIANA'S FIRST AMENDED COMPLAINT

Defendants MOEX Offshore 2007 LLC ("Offshore") and MOEX USA Corporation ("MOEX USA") hereby answer the First Amended Complaint (the "Complaint") of the State of Louisiana ("Louisiana") as follows.[1]

### Construction of this Pleading

The section headings herein are those used by Louisiana in the Complaint.  Offshore and MOEX USA have used those headings solely for convenience.  Offshore and MOEX USA do not thereby adopt, agree with or endorse any statement, express or implied, in any of the section headings.  Further, Offshore and MOEX USA answer only on behalf of themselves, and this Answer should not be construed to make any admissions on behalf of Mitsui Oil Exploration Company, Ltd. ("MOECO").  Except as expressly pleaded herein, Offshore and MOEX USA deny the allegations in the Complaint.

### <u>INTRODUCTION</u>

1.      The allegations in Paragraph 1 concern events about which Offshore and MOEX USA have no direct knowledge or involvement, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

2.      The allegations in Paragraph 2 concern events about which Offshore and MOEX USA have no direct knowledge or involvement, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

3.      Paragraph 3 states legal characterizations, conclusions and arguments as to which no responsive pleading is required.

---

[1]  This paper is filed jointly on behalf of Offshore and MOEX USA.  Both entities have joined in this filing pursuant to the Court's expressed desire to limit the number of motions and supporting papers submitted.  Nonetheless, each entity maintains a separate corporate status and, by joining in this submission, does not waive any and all separate defenses that it may have.

## NATURE OF ACTION

4.      In response to the first sentence of Paragraph 4, Offshore and MOEX USA admit that on April 20, 2010, a blowout occurred aboard the mobile offshore drilling rig *Deepwater Horizon* in the Gulf of Mexico and that the *Deepwater Horizon* subsequently sank.  In response to the second sentence of Paragraph 4, Offshore and MOEX USA admit that, following the blowout, oil discharged from the marine riser pipe, which was part of the vessel *Deepwater Horizon*.  The remaining allegations in Paragraph 4 concern events about which Offshore and MOEX USA have no direct knowledge or involvement, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

5.      The allegations in Paragraph 5 concern events about which Offshore and MOEX USA have no direct knowledge or involvement, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

6.      Offshore and MOEX USA admit that Paragraph 6 purports to characterize the relief requested in the Complaint, and deny that Louisiana is entitled to any of the relief sought from Offshore or MOEX USA.

7.      Offshore and MOEX USA admit that Paragraph 7 purports to characterize the declaratory relief sought by Louisiana, and deny that Louisiana is entitled to any of the relief sought from Offshore or MOEX USA.

8.      Offshore and MOEX USA admit that Paragraph 8 purports to characterize the allegations of Louisiana's complaint.  The answering defendants deny that they are liable for any of the claims asserted against them by Louisiana.

9.      Offshore and MOEX USA admit that Paragraph 9 purports to characterize another lawsuit filed by Louisiana in the Court, and respectfully refer the Court to that complaint for its content.

10.     Offshore and MOEX USA admit that Paragraph 10 purports to describe claims for civil penalties asserted by Louisiana, and deny that Offshore or MOEX USA is liable to Louisiana for such penalties.  Offshore and MOEX USA affirmatively aver that Louisiana's claims for civil penalties under state law were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

11.     Paragraph 11 contains a characterization of Louisiana's pleading, as to which no responsive pleading is required.  To the extent that the allegations in Paragraph 11 relate to them, Offshore and MOEX USA deny that it is appropriate to group three separate companies – Offshore, MOEX USA and MOECO – and refer to them together as "MOEX."  The three companies were not involved with the Macondo well in the same manner, and possess different defenses.  Among other things,  MOEX USA and MOECO were not parties to the Operating Agreement and were not lessees of the Macondo Prospect.

## **PARTIES**

12.     Offshore and MOEX USA admit the first sentence of Paragraph 12.  The second and third sentences of Paragraph 12 state legal characterizations and conclusions as to which no responsive pleading is required.

13.     Paragraph 13 states legal characterizations and conclusions as to which no responsive pleading is required.

14.     Paragraph 14 states legal characterizations and conclusions as to which no responsive pleading is required.

15.     Paragraph 15 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

16.     Paragraph 16 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

17.     Paragraph 17 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

18.     Paragraph 18 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except Offshore and MOEX USA admit, on information and belief, that BP America Production Company was a party to Drilling Contract No. 980249 with Transocean Holdings, Inc.

19.     Paragraph 19 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

20.     Paragraph 20 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

21.     Paragraph 21 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

22.     In response to Paragraph 22, Offshore and MOEX USA admit that Offshore is a Delaware Limited Liability Company; admit that Offshore's principal place of business is located in Houston, Texas, and deny that Offshore does business in Louisiana.

23.     In response to Paragraph 23, Offshore and MOEX USA admit that MOEX USA is a Delaware corporation with its principal place of business in Houston, Texas, and deny that MOEX USA does business in Louisiana.

24.     In response to Paragraph 24, Offshore and MOEX USA admit that MOECO is a corporation organized and existing under the laws of Japan; admit that MOECO's principal place of business is in Tokyo, Japan; admit that MOEX USA is a wholly-owned subsidiary of MOECO; and admit that MOEX USA is the sole member of Offshore.

25.     Offshore and MOEX USA deny the allegations in Paragraph 25.

26.     Paragraph 26 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

27.     Paragraph 27 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

28.     Paragraph 28 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

29.     Paragraph 29 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

30.     Paragraph 30 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

31.     Paragraph 31 concerns parties other than Offshore or MOEX USA. Offshore and MOEX USA are without knowledge or information sufficient to form a belief in the truth of those allegations.

32.     Paragraph 32 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

33.     Paragraph 33 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

34.     Paragraph 34 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## JURISDICTION AND VENUE

35.     The Complaint contains two paragraphs numbered "35."   Both iterations of Paragraph 35 state legal conclusions to which no responsive pleading is required.

36.     Paragraph 36 states legal conclusions to which no responsive pleading is required.

37.     Paragraph 37 states legal conclusions to which no responsive pleading is required.

## FACTUAL ALLEGATIONS

### The Defendants and Their Wrongful Conduct

38.     In response to the first two sentences Paragraph 38 of the Complaint, Offshore and MOEX USA admit that BP E&P was the holder of Lease No. OCS-G 32306 granted by the MMS through Lease Sale #206 for Mississippi Canyon Block 252, effective as of June 1, 2008. In response to the third sentence of Paragraph 38, the answering defendants admit that Offshore was granted a 10% record title interest in the Lease effective October 1, 2009, and respectfully refers the Court to the Lease documents for their terms.   Offshore and MOEX USA lack knowledge or information sufficient to form a belief as to the truth of the fourth sentence of Paragraph 38.

39.     In response to the first sentence of Paragraph 39, Offshore and MOEX USA admit that Offshore entered into an Operating Agreement with BP E&P that was effective as of October 1, 2009; admit that on or about December 17, 2009, BP E&P, Offshore, Anadarko and Anadarko E&P executed a document entitled "Ratification and Joinder of Operating Agreement" for the Macondo Prospect site; and admit that, immediately following the execution of the Ratification and Joinder of Operating Agreement, the parties' interests in the lease to the Macondo Prospect site were BP Exploration, 65%; Offshore, 10%; Anadarko E&P, 22.5%; and Anadarko, 2.5%.  Offshore and MOEX USA deny that MOEX USA was a party to the Operating Agreement and deny that MOEX USA held any interest in the lease for the Macondo Prospect site.  In response to the second sentence of Paragraph 39, Offshore and MOEX USA admit that BP E&P was the designated operator for the Macondo lease; affirmatively aver that this designation was approved by MMS; and deny that BP acted as the agent for either one of them.

40.    In response to Paragraph 40, Offshore and MOEX USA admit that BP sought a permit from MMS for deepwater drilling and admit that MMS approved BP's application. Except as so pleaded, Offshore and MOEX USA lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40.

41.    In response to Paragraph 41, Offshore and MOEX USA deny that either of them "began drilling the Macondo Well." The balance of Paragraph 41 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the moving defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

42.    In response to Paragraph 42, Offshore and MOEX USA admit that the MODU *Deepwater Horizon* was a dynamically positioned, semi-submersible drilling rig that replaced the *Transocean Marianas*. The balance of Paragraph 42 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved. The moving defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

43.    Paragraph 43 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

44.    Paragraph 44 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

45.     Paragraph 45 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

46.     Paragraph 46 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

47.     Paragraph 47 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

### B.P. p.l.c. – Single Business Enterprise

48.     Paragraph 48 concerns parties other than Offshore and MOEX USA, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

49.     Paragraph 49 concerns parties other than Offshore and MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

50.     Paragraph 50 concerns parties other than Offshore and MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

51.     Paragraph 51 concerns parties other than Offshore and MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

52.     The answering defendants deny the allegations in Paragraph 52 insofar as they pertain to Offshore and MOEX USA.

53.     The answering defendants deny the allegations in Paragraph 53 insofar as they pertain to Offshore and MOEX USA.

54.     The first three sentences of Paragraph 54 concern parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.  The answering defendants deny the last sentence of Paragraph 54 insofar as it pertains to Offshore and MOEX USA; insofar as it pertains to other defendants, Offshore and MOEX USA lack knowledge or information sufficient to form a belief as to the truth of the last sentence of Paragraph 54.

55.     Insofar as Paragraph 55 refers to Offshore and/or MOEX USA, the answering defendants deny it.  Insofar as the allegations of Paragraph 55 refer to parties other than Offshore and MOEX USA, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

56.     Insofar as the allegations of Paragraph 56 refer to Offshore and/or MOEX USA, Offshore and MOEX USA deny all of the allegations in paragraph 56.  Insofar as the allegations of Paragraph 56 refer to parties other than Offshore and MOEX USA, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.

57.     Paragraph 57 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

58.     Paragraph 58 concerns parties other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

59.     Paragraph 59 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations

60.     Paragraph 60 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

61.     Paragraph 61 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

62.     Paragraph 62 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently

are without knowledge or information sufficient to form a belief as to the truth of those allegations.

63.     Paragraph 63 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

64.     Paragraph 64 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

65.     Paragraph 65 concerns a party other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

66.     Paragraph 66 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

67.     Paragraph 67 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

68.    Paragraph 68 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

69.    The allegations in Paragraph 69 concern events about which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

70.    The allegations in Paragraph 70 concern events about which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

71.    The allegations in Paragraph 71 concern events about which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

72.    Paragraph 72 fails to provide sufficient detail regarding the "MMS regulations and industry standards" to which it refers; thus, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of Paragraph 72.

73.    The allegations in paragraph 73 concern parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved.  Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.    Paragraph 74 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently

are without knowledge or information sufficient to form a belief as to the truth of those allegations.

75.     Paragraph 75 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

76.     Paragraph 76 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

77.     The first two sentences of Paragraph 77 refer to comments that are attributed to Ronald Sepulvado, Tyrone Benton, and Billy Stringfellow, but does not identify the source from which the purported comments were taken sufficiently for Offshore and MOEX USA to determine whether the comments quoted and/or referenced are correctly stated and/or accurately paraphrased.  Similarly, the third sentence of Paragraph 77 refers to testimony of John Guide, but does not identify the source from which the purported testimony was taken sufficiently for Offshore and MOEX USA to determine whether the comments quoted are correctly stated. Offshore and MOEX USA therefore are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78.     Paragraph 78 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Offshore and MOEX USA admit that Paragraph 78 purports to quote in paraphrase 30 C.F.R. § 250.451(d), and refer the Court to that regulation for its full content, which speaks for itself.

79.     Paragraph 79 states legal conclusions to which no responsive pleading is required. To the extent a response is required, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79.

80.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.     Paragraph 81 concerns parties other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

82.     Paragraph 82 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

83.     The allegations in Paragraph 83 concern events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

84.     Offshore and MOEX USA admit that Paragraph 84 purports to paraphrase the testimony of Michael Williams, and Offshore and MOEX USA respectfully refer the Court to Mr. Williams' full testimony for its content.

85.     The allegations in the first sentence of Paragraph 85 concern events in which Offshore and MOEX USA have no direct knowledge or involvement, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegations in the second sentence of Paragraph 85 concern parties other than

Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved. Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 85.

86.     To the extent the allegations of paragraph 86 are directed to Offshore and/or MOEX USA, they are denied.  To the extent the allegations in paragraph 86 concern parties other than Offshore and MOEX USA and/or events in which Offshore and MOEX USA were not involved, Offshore and MOEX USA are without knowledge to form a belief as to the truth of the allegations.

87.     Insofar as the allegations of Paragraph 87 are directed against Offshore and/or MOEX USA, the answering defendants deny those allegations.

88.     The first three sentences of Paragraph 88 (including the citations) state legal characterizations and conclusions as to which no responsive pleading is required.  To the extent a response is required, Offshore and MOEX USA admit that the first three sentences of Paragraph 88 purport to paraphrase and cite statutes and a regulation, and the answering defendants respectfully refer the Court to the cited statutes and regulation for their full content.  The final sentence of Paragraph 88 concerns parties other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

89.     Paragraph 89 contains legal characterizations and conclusions as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the regulations cited therein for their full content.

90.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 90.  The second sentence of Paragraph 90 purports to quote from an objection submitted by the BP Defendants to MMS, but does not identify the source from which the purported comments were taken sufficiently for Offshore and MOEX USA to determine whether the comments quoted are correctly stated.   Consequently, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 90.

91.     Paragraph 91 purports to quote from testimony that is attributed to "Jim Hackett, the CEO of Anadarko Petroleum," but does not identify the source from which the purported comments were taken sufficiently for Offshore and MOEX USA to determine whether the comments quoted are correctly stated.   Consequently, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91.

92.     The answering defendants admit that Paragraph 92 purports to quote testimony from "Rex Tillerson, ExxonMobil's CEO," given at the June 15, 2010 U.S. House Energy and Commerce Subcommittee on Energy and the Environment hearing on "Offshore Drilling Operations and Safety," and respectfully refer the Court to the transcript of that hearing for its full content.

93.     The answering defendants admit that Paragraph 93 purports to quote testimony from "John Watson, the CEO of Chevron," given at the June 15, 2010 U.S. House Energy and Commerce Subcommittee on Energy and the Environment hearing on "Offshore Drilling

Operations and Safety," and respectfully refer the Court to the transcript of that hearing for its full content.

94.     Paragraph 94 purports to quote from testimony from "[t]he President of Shell Oil, Marvin Odum," given at the June 15, 2010 U.S. House Energy and Commerce Subcommittee on Energy and the Environment hearing on "Offshore Drilling Operations and Safety," and respectfully refer the Court to the transcript of that hearing for its full content.

95.     Paragraph 95 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95.

96.     Paragraph 96 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

97.     Paragraph 97 concerns parties other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.  Offshore and MOEX USA consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

98.     The first sentence of Paragraph 98 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations.  The second sentence of Paragraph 98 purports to quote a statement by BP p.l.c., but does not identify the source from which the purported statement was

taken sufficiently for Offshore and MOEX USA to determine whether the statement is correctly quoted.

99.     Paragraph 99 concerns a party other than Offshore or MOEX USA, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of those allegations.

100.    Paragraph 100 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.   The answering defendants are consequently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100.

101.    Paragraph 101 concerns a party other than Offshore or MOEX USA and events in which Offshore and MOEX USA were not involved.   The answering defendants are consequently without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101.

102.    Offshore and MOEX USA deny the allegations in Paragraph 102.

103.    Offshore and MOEX USA deny the allegations in Paragraph 103.

104.    In response to Paragraph 104, Offshore and MOEX USA admit that Louisiana purports to paraphrase the Joint Operating Agreement; deny that the paraphrase of the Operating Agreement is complete or accurate; and respectfully refer the Court to the Operating Agreement for its full content.

105.    Offshore and MOEX USA deny the allegations in Paragraph 105.

106.    To the extent that Paragraph 106 is directed against Offshore and MOEX USA, the answering defendants deny the allegations in Paragraph 106.

107.    Paragraph 107 contains a legal conclusion as to which no responsive pleading is required.  To the extent that an answer is required, Offshore and MOEX USA deny Paragraph 107 insofar as it is directed against them.

108.    Offshore and MOEX USA deny Paragraph 108 insofar as it is directed against them.

## The Disaster and Its Impact on Louisiana

109.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109.

110.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110.

111.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

112.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112.

113.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.    Paragraph 114 purports to paraphrase an August 10, 2010 order of the United States Judicial Panel on Multidistrict Litigation, and Offshore and MOEX USA respectfully refer the Court to that Order for its full text.

115.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115.

116.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116.

117.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117.

118.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118.

119.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119.

120.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 120.  The second sentence of Paragraph 120 contains a procedural request or argument to the Court, to which no responsive pleading is required.

121.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121.

122.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122.

123.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123.

124.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124.

125.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125.

126.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126.

127.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127.

128.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128.

129.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129.

130.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130.

131.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131.

132.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132.

133.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 133.  The second sentence of Paragraph 133 contains legal conclusions to which no responsive pleading is required.

**<u>Economic Impact of Deepwater Drilling Memorandum</u>**

134.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and respectfully refer the Court to the moratorium order for its content.

135.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and respectfully refer the Court to the announcement cited therein for its content.

136.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136.

### The BP Claims Procedure and Its Impacts on Louisiana's Economy

137.    The first two sentences of Paragraph 137 (including the citation) state a legal conclusion to which no responsive pleading is required.  The balance of Paragraph 137 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

138.    Paragraph 138 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

### Economic Impacts on the State of Louisiana

139.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 139.  Insofar as the second sentence of Paragraph 139 is directed against Offshore and MOEX USA, the answering defendants deny it.

140.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140.

141.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141.

142.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 142.  Insofar as

the second and third sentences of Paragraph 142 are directed against Offshore and MOEX USA, the answering defendants deny those allegations.

## Presentment Procedure and Presentment by the State of Louisiana

143.    The first, second and third sentences of Paragraph 143 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved. The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.  The first two clauses of the fourth sentence in Paragraph 143 state conclusions of law as to which no responsive pleading is necessary. Answering the final clause of the fourth sentence in Paragraph 143, Offshore and MOEX USA deny that any claims have been presented to them by Louisiana.

144.    The first sentence of Paragraph 144 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.  Offshore and MOEX USA deny the second sentence of Paragraph 144 and deny that any claims have been presented to them by Louisiana.

145.-148.  Paragraphs 145-148 concern parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

149.    Paragraph 149 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those

allegations.  The allegation in Paragraph 149 concerning expenditures recoverable under OPA states a legal conclusion to which no responsive pleading is required.

150.    Paragraph 150 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.

151.    Paragraph 151 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved.  The answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of those allegations.  The allegation in Paragraph 151 concerning the documentation necessary to prove legitimate claims under OPA states a legal conclusion to which no responsive pleading is required.

152.    Paragraph 152 states legal characterizations, conclusions and arguments as to which no responsive pleading is required.

## CLAIMS FOR RELIEF

### COUNT I

**Against BP, Anadarko, MOEX and Transocean Defendants
Declaratory Judgment That Defendants Are Jointly,
Strictly and Severally Liable Under OPA**

153.    Offshore and MOEX USA reallege and incorporate by reference their answers to paragraphs 1 through 152.

154.    Paragraph 154 merely states the names of the defendants for this cause of action, and thus no responsive pleading is required.

155.    Paragraph 155 states legal characterizations and conclusions as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the statute cited therein for its full content.

156.    Paragraph 156 states a legal conclusion as to which no responsive pleading is required.

157.    Paragraph 157 states legal characterizations and conclusions as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the statute cited therein for its full content.

158.    Paragraph 158 states legal characterizations and conclusions as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the statutes cited therein for their full content.

159.    Offshore and MOEX USA deny the allegations in Paragraph 159.

160.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160.

161.    Offshore and MOEX USA deny the first sentence of Paragraph 161.  The remainder of Paragraph 161 states legal conclusions to which no responsive pleading is required, and the answering defendants respectfully refer the Court to the statutes cited therein for their full content.

162.    Offshore and MOEX USA deny the allegations in Paragraph 162, and respectfully refer the Court to the statute cited therein for its full content.

163.    Offshore and MOEX USA deny the allegations in Paragraph 163, and respectfully refer the Court to the statute cited therein for its full content.

164.    Offshore and MOEX USA deny the allegations in Paragraph 164, and respectfully refer the Court to the statute cited therein for its full content.

165.    Offshore and MOEX USA deny the allegations in Paragraph 165, and respectfully refer the Court to the statute cited therein for its full content.

166.    In response to Paragraph 166, the answering defendants deny that Louisiana is entitled to any of the relief requested as to Offshore and MOEX USA.

167.    In response to Paragraph 166, the answering defendants deny that Louisiana is entitled to any of the relief requested as to Offshore and MOEX USA.

## COUNT II

### Against BP, Anadarko, MOEX, Transocean, Cameron and Halliburton Defendants
### Declaratory Judgment That Defendants Are Jointly, Strictly and Severally
### Liable For Costs and Damages under OSPRA

168.-180.    The allegations in Paragraphs 168-180 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

## COUNT III

### Against BP, Anadarko, MOEX and Transocean Defendants
### Civil Penalties for Violations of the Louisiana Environmental Quality Act

181.-189.    The allegations in Paragraphs 181-189 need not be answered because the state law claims for civil penalties were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

## COUNT IV

### Against All Defendants
### Recovery of Response Action Costs

190.-194.    The allegations in Paragraphs 190-194 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

## COUNT V

### Against BP, Anadarko, MOEX and Transocean Defendants
### Oil Pollution Act Claim for Costs and Damages

195.    Offshore and MOEX USA reallege and incorporate by reference their answers to paragraphs 1 through 194.

196.    Paragraph 196 states legal characterizations, conclusions and arguments as to which no responsive pleading is required.

197.    Paragraph 197 merely states the names of the defendants for this cause of action, and thus no responsive pleading is required.

198.    The first sentence of Paragraph 198 states legal conclusions as to which no responsive pleading is required.  The second sentence of Paragraph 198 purports to quote from and paraphrase the Oil Pollution Act, and Offshore and MOEX USA respectfully refer the Court to that statute for its full content.

199.    Paragraph 199 states legal conclusions as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the statutes cited therein for their full content.

200.    The first three sentences of Paragraph 200 (including the citation) state legal characterizations and conclusions as to which no responsive pleading is required, and Offshore

and MOEX USA respectfully refer the Court to the statute cited therein for its full content. Offshore and MOEX USA deny the allegations in the final sentence of Paragraph 200.

201.    Paragraph 201 is not directed against Offshore or MOEX USA.

202.    Paragraph 202 is not directed against Offshore or MOEX USA.

203.    Paragraph 203 states legal characterizations and conclusions as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the statute cited therein for its full content.

204.    Offshore and MOEX USA deny the allegations in Paragraph 204.

205.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205.

206.    Offshore and MOEX USA deny the first sentence of Paragraph 206.   The remainder of Paragraph 206 states legal conclusions as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the statutes cited therein for their full content.

207.    Paragraph 207 states legal conclusions as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the statute cited therein for its full content.

208.    Paragraph 208 states a legal conclusion as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the statute cited therein for its full content.

209.    Paragraph 209 states a legal conclusion as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the regulation cited therein for its full content.

210.    Paragraph 210 states a legal conclusion as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the regulation cited therein for its full content.

211.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211.

212.-218.    Offshore and MOEX USA deny the allegations in Paragraphs 212 through 218.

219.    Paragraph 219 states a legal conclusion as to which no responsive pleading is required, and Offshore and MOEX USA respectfully refer the Court to the statute cited therein for its full content.

220.    Offshore and MOEX USA deny the allegations in Paragraph 220.

221.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221, except that the answering defendants deny that the costs and damages referenced in Paragraph 221 are recoverable from Offshore or MOEX USA.

**COUNT VI**

**Against BP, Anadarko, MOEX, Transocean, Cameron and Halliburton Defendants
Louisiana Oil Spill Prevention and Response Act Claim For Costs and Damages**

222.-238.    The allegations in Paragraphs 222-238 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

**COUNT VII**

**Against BP, Anadarko, MOEX, Transocean, Halliburton, Cameron and M-I Defendants
Negligence Under Maritime Law**

239.-248.      The allegations in Paragraphs 239-248 need not be answered because Louisiana's claim for negligence under maritime law was dismissed, as against Offshore and MOEX USA, by the Court in its November 14, 2011 decision (Doc. 4578).

**COUNT VIII**

**Against BP, Transocean, Anadarko, MOEX, Halliburton, M-I, and Cameron Defendants
Public and Private Nuisance Under Maritime Law**

249.-258.      The allegations in Paragraphs 249-258 need not be answered because Louisiana's claim for nuisance under maritime law was dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

**COUNT IX**

**Against BP, Transocean, Anadarko, MOEX, Halliburton and Cameron Defendants
Trespass Under Maritime Law**

259.-269.      The allegations in Paragraphs 259-269 need not be answered because the Louisiana's claim for trespass under maritime law was dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

**COUNT X**

**Against Cameron, Halliburton and Weatherford Defendants
Strict Products Liability Under Maritime Law**

270.-292.      Paragraphs 270-292 are not directed against Offshore or MOEX USA.

## COUNT XI

### Against BP, Transocean, Anadarko, and MOEX Defendants
### Neglience/Louisiana Civil Code Articles 2315 & 2316

293.-300.      The allegations in Paragraphs 293-300 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

## COUNT XII

### Against BP, Transocean, Anadarko, MOEX, Halliburton and Cameron Defendants
### Nuisance/Louisiana Civil Code Art. 667

301.-307.      The allegations in Paragraphs 301-307 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

## COUNT XIII

### Against BP, Transocean, MOEX and Anadarko Defendants
### Trespass

308.-315.      The allegations in Paragraphs 308-315 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

## COUNT XIV

### Against BP, Transocean, Anadarko and MOEX Defendants
### Strict Liability/Garde/Louisiana Civil Code Art. 2317

316.-322.      The allegations in Paragraphs 316-322 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

## COUNT XV

### Against BP, Transocean, Anadarko, MOEX and Halliburton Defendants
### Abnormally Dangerous/Ultra Hazardous Activity

323.-327.      The allegations in Paragraphs 323-327 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

## COUNT XVI

### Against Halliburton
### Neglience/Louisiana Civil Code Articles 2315 & 2316

328.-333.      The allegations in Paragraphs 328-333 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 328-333 are not directed against Offshore or MOEX USA.

## COUNT XVII

### Against Halliburton

### Trespass

334.-339.      The allegations in Paragraphs 334-339 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 334-339 are not directed against Offshore or MOEX USA.

Paragraphs 340-360 are not directed to Offshore or MOEX USA, and as such no response is required from Offshore or MOEX USA.  Insofar as a response may be required, Offshore and MOEX USA state as follows:

### Count XVIII against Cameron Neglience/Louisiana Civ. Code arts. 2315 and 2316

340-346.      The allegations in paragraphs 340-346 need not be answered because state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, paragraphs 340-346 are not directed against Offshore or MOEX USA.

### Count XIX against Cameron Trespass

347-353.        The allegations in paragraphs 347-353 need not be answered because the state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, paragraphs 347-353 are not directed against Offshore or MOEX USA.

### Count XX against Cameron Louisiana Products Liability Act

354-360.        The allegations in paragraphs 354-360 need not be answered because the state law claims were dismissed by this Court in its November 14, 2011 decision (Doc. 4578); further, paragraphs 354-360 are not directed against Offshore or MOEX USA.

### COUNT XXI

### Against Halliburton
### Louisiana Products Liability Act

361.-367.        The allegations in Paragraphs 361-367 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 361-367 are not directed against Offshore or MOEX USA.

### COUNT XXII

### Against BP, Transocean and Halliburton Defendants
### Fraudulent Concealment and Negligent Misrepresentation

368.-378.        The allegations in Paragraphs 368-378 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578); further, Paragraphs 368-378 are not directed against Offshore or MOEX USA.

## COUNT XXIII

### Against BP, Anadarko, MOEX, Transocean, Cameron and Halliburton Defendants
### Unjust Enrichment

379.-385.     The allegations in Paragraphs 379-385 need not be answered because Louisiana's state law claims were dismissed by the Court in its November 14, 2011 decision (Doc. 4578).

## COUNT XXII

### Against BP and Transocean Defendants
### Punitive Damages

386.-391.     Paragraphs 386-391 are not directed against Offshore or MOEX USA.

## RESERVATION OF RIGHTS

392.     Paragraph 392 contains a purported reservation of rights, to which no responsive pleading is required.

## DEMAND FOR JURY TRIAL

393.     In response to Paragraph 393, Offshore and MOEX USA admit that the State of Louisiana purports to demand a jury trial, but deny that the State of Louisiana is entitled to a jury trial.

## PRAYER FOR RELIEF

Offshore and MOEX USA deny that Louisiana is entitled to any of the relief sought against them in its Prayer for Relief.

## FIRST DEFENSE

Offshore and MOEX USA are not liable under the Oil Pollution Act because they were not owners, operators or lessees of the vessel *Deepwater Horizon*.

## SECOND DEFENSE

MOEX USA is not liable under the Oil Pollution Act because it was not a party to the Operating Agreement and was not a lessee of the Macondo Prospect site.

## THIRD DEFENSE

To the extent that Louisiana contends Offshore and MOEX USA are responsible parties under OPA, Alabama has failed to comply with OPA's requirement that all claims for removal costs or damages shall be presented first to Offshore or MOEX USA before suit is brought.  *See* 33 U.S.C. §2713.

## FOURTH DEFENSE

To the extent Offshore or MOEX USA is found liable under the Oil Pollution Act and damages are assessed against it, Offshore and/or MOEX USA is entitled to an allocation and/or apportionment of liability.

## FIFTH DEFENSE

The Complaint contains no substantive allegations against MOEX USA, and therefore fails to state a claim against MOEX USA.  The Complaint makes only conclusory allegations that MOEX USA is "controlled by" MOECO and that MOECO is "an alter ego of its subsidiaries."  *See* ¶ 25.  Such allegations provide no substantive ground for holding MOEX USA liable under any statute or common-law doctrine.

## SIXTH DEFENSE

Louisiana has not reasonably mitigated damages.

## SEVENTH DEFENSE

If it is determined that Offshore or MOEX USA is liable as a responsible party under the Oil Pollution Act for all or any part of Louisiana's damages, the amount of its liability is limited

pursuant to 33 U.S.C. §2704(a).

## **EIGHTH DEFENSE**

Offshore and MOEX USA will rely on any and all further defenses that become available or appear during pretrial proceedings in this action or at trial.

## **RESERVATIONS OF RIGHTS**

Offshore and MOEX USA reserve the right to amend this Answer for the purpose of asserting additional defenses that may appear or become available.  In the event that any claim against Offshore or MOEX USA that has been dismissed is reinstated at some point in the future, or in the event that Alabama amends its Complaint, Offshore and MOEX USA reserve the right to amend this Answer for the purpose of asserting additional defenses to any such claims or amended pleading.

WHEREFORE, the answering defendants MOEX Offshore 2007 LLC and MOEX USA Corporation respectfully request that judgment on the merits be granted in their favor and against the State of Louisiana; that the First Amended Complaint of the State of Louisiana be dismissed as against them, with prejudice and with costs; and that the Court grant such other and further relief as may be just and proper.

Dated:  December 14, 2011

Respectfully submitted,

**As to paragraphs 31, 73, 78, 79, the second sentence of paragraph 85, paragraph 86, and paragraphs 340-360:**

_____ s/*Philip D. Nizialek*_____
Philip D. Nizialek (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone:  (504) 585-3800
Fax:  (504) 585-3801

**COUNSEL FOR MOEX OFFSHORE 2007 LLC**

-and-

_____ */s/ Robert S. Stassi*_____
Robert S. Stassi (La. Bar No. 25259)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**COUNSEL FOR MOEX USA CORPORATION**

**As to all other portions of the Answer:**

*s/  John F. Pritchard*_____
John F. Pritchard
john.pritchard@pillsburylaw.com
Edward Flanders
edward.flanders@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

Christopher McNevin
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033
chrismcnevin@pillsburylaw.com

**COUNSEL FOR MOEX OFFSHORE 2007 LLC**

s/____*Jack McKay*_____
Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on December 14, 2011.


_____ /s/    John F. Pritchard_____