## UNITED STATES DISTRICT OF COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STATE OF LOUISIANA,** | § | **MDL No. 2179** |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **SECTION:  J** |
| | § | |
| **BP EXPLORATION &** | § | |
| **PRODUCTION, INC.; BP** | § | |
| **CORPORATION NORTH** | § | |
| **AMERICA, INC.; BP AMERICA,** | § | |
| **INC.; BP AMERICA PRODUCTION** | § | |
| **COMPANY; BP P.L.C.;** | § | |
| **ANADARKO PETROLEUM** | § | |
| **CORPORATION; ANADARKO** | § | |
| **E&P COMPANY LP; MOEX** | § | **JUDGE BARBIER** |
| **OFFSHORE 2007 LLC; MOEX USA** | § | **MAG. JUDGE SHUSHAN** |
| **CORPORATION; MITSUI OIL** | § | |
| **EXPLORATION CO., LTD.;** | § | |
| **TRANSOCEAN HOLDINGS LLC;** | § | |
| **TRITON ASSET LEASING GMBH;** | § | |
| **TRANSOCEAN DEEPWATER,** | § | |
| **INC.' TRANSOCEAN OFFSHORE** | § | |
| **DEEPWATER DRILLING, INC.;** | § | |
| **TRANSOCEAN LTD.; CAMERON** | § | |
| **INTERNATIONAL** | § | |
| **CORPORATION F/K/A COOPER-** | § | |
| **CAMERON CORPORATION;** | § | |
| **HALLIBURTON ENERGY** | § | |
| **SERVICES, INC.; M-I, LLC, and** | § | |
| **WEATHERFORD U.S. L.P.** | § | |
| **Defendants** | § | |
| | § | |
| **This Pleading Relates to:** | § | |
| **11-cv-0516** | § | |
| **10-cv-03059** | § | |
| | § | |
| | § | |

_____

**HALLIBURTON ENERGY SERVICES INC.'S RESPONSE TO THE STATE OF
LOUISIANA'S FIRST AMENDED COMPLAINT**

Defendant Halliburton Energy Services, Inc. ("HESI") files this Response to the State of
Louisiana's First Amended Complaint in accordance with Federal Rule of Civil Procedure 5 and
EDLA L.R. 7.5,[1] and respectfully shows as follows:

## ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond
to the various headings and subheadings in the State of Louisiana's First Amended Complaint
("Louisiana's Complaint").  However, to the extent a response is required, HESI denies each and
every allegation, heading and/or subheading set forth in Louisiana's Complaint.

For answer to each and every allegation of the State of Louisiana, HESI responds as
follows:

1.      HESI admits that after a blowout, explosion and fire, the *Deepwater Horizon*
sank, resulting in an oil spill approximately fifty miles off the coast of Louisiana.  HESI further
admits that after the April 20, 2010 Incident, oil washed ashore the coast and wetlands of
Louisiana.  HESI is without sufficient knowledge or information to form a belief as to the truth
of the remaining allegations set forth in Paragraph 1.

2.      HESI is without sufficient knowledge or information to form a belief as to the
truth of the allegations set forth in Paragraph 2, but denies that it caused or contributed to the
damages claimed.  To the extent the allegations set forth in Paragraph 2 draw any legal
conclusions, no response is required.

3.      Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No.
4578), any claim for compensatory damages, fines, and penalties asserted under state law are

---

[1] Citations to this Court's local rules are noted as "EDLA L.R." followed by the specific rule number.

preempted and thus dismissed.  *See* Dkt. No. 4578.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 3, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 3 draw any legal conclusions, no response is required.

4.     HESI admits that: on April 20, 2010, during temporary abandonment procedures, a blowout, explosion, and fire occurred on the *Deepwater Horizon*; the rig thereafter sank; an oil spill ensued as oil escaped the blowout preventer ("BOP"), the lower marine riser package ("LMRP") and riser pipe, which were connected to the wellhead on the Macondo well; the oil escaped into the waters of the Gulf of Mexico; and oil washed ashore the coastline of the State of Louisiana.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4.

5.     HESI admits that oil washed ashore the coast of Louisiana and into the waters of the State of Louisiana.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 5, but denies that it caused or contributed to the damages claimed.

6.     HESI denies that the State of Louisiana is entitled to declaratory relief, statutory damages, compensatory or punitive damages, response costs, and civil penalties from HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6 as they apply to other defendants, but denies that it caused or contributed to the damages claimed.

7.     Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claim for declaratory relief under the Oil Spill and Prevention Response Act ("OSPRA") is preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  HESI

denies that the State of Louisiana is entitled to declaratory relief under the Oil Pollution Act ("OPA") 33 U.S.C. § 2701 *et seq.*, from HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7 as they apply to other defendants, but denies that it caused or contributed to the damages claimed.  The terms of OPA and OSPRA, La. R.S. 30:2452 *et seq.* speak for themselves.

8.     Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under OSPRA and state law are preempted and dismissed and the State of Louisiana's claims for nuisance and trespass under general maritime law are also dismissed.  *See* Dkt. No. 4578, p. 26.  HESI denies the allegations set forth in Paragraph 8 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 as they apply to other defendants, but denies that it caused or contributed to the damages claimed.

9.     Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under OSPRA and request for declaratory relief under OSPRA are dismissed.  *See* Dkt. No. 4578, p. 26.  The terms and allegations of Louisiana's Complaint against several Transocean Entities speak for themselves.

10.     Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578) the State of Louisiana's claims for civil penalties and costs under the Louisiana Environmental Quality Act, La. R.S. 30:2001 *et seq.* are preempted, and thus dismissed.  *See* Dkt. No. 4578, p. 26.  HESI denies that it caused or contributed to the damages claimed.

11.     HESI denies that the State of Louisiana is entitled to relief against HESI, and HESI further denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 11 identify the parties, no response is required.

12.     HESI admits that Louisiana is a sovereign state of the United States.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 12.  To the extent the jurisdictional allegations set forth in Paragraph 12 draw any legal conclusions, no response is required.

13.     Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under OSPRA and for request declaratory relief under OSPRA are dismissed.  *See* Dkt. No. 4578, p. 26.  The terms of 30 U.S.C. § 2706, La. R.S. 30:2480, Louisiana Administrative Code 43:XXIX.101(A), and any correspondence from Governor Bobby Jindal to President Barack Obama dated May 20, 2010 speak for themselves.  To the extent Paragraph 13 identifies the Louisiana Oil Spill Coordinator's Office and various statutes providing its authority, no response is required.

14.     Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under OSPRA and request for declaratory relief under OSPRA are dismissed.  *See* Dkt. No. 4578, p. 26.  HESI denies that the State of Louisiana is entitled to declaratory relief against HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 as they apply to other defendants, but denies that it caused or contributed to the damages claimed.

15.     HESI admits that BP Exploration & Production, Inc. ("BP E&P") conducts deepwater drilling and completion operations in the Gulf of Mexico.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 15.

16.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16.

17.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17.

18.     HESI admits that BP America Production Company was a party to a drilling contract with Transocean Ltd. for the drilling of the Macondo well by the *Deepwater Horizon*. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 18.

19.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19.

20.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20.

21.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21.

22.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22.

23.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23.

24.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24.

25.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25.  To the extent the allegations set forth in Paragraph 25 draw any legal conclusions, no response is required.

26.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26.

27.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27.

28.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28.

29.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29.

30.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30.

31.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31.

32.     HESI admits the allegations set forth in Paragraph 32, except to note that Sperry Drilling Services is a product services line and not a division of HESI.

33.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33.

34.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34.

35.     (a).[2] Pursuant to this Court's Order and Reasons (Dkt. No. 4578), this Court has admiralty jurisdiction over these proceedings.  *See* Dkt. No. 4578.  The remaining jurisdictional allegations set forth in Paragraph 35 (a) draw legal conclusions to which no response is required. The Oil Pollution Act, 33 U.S.C. §2717, and the Declaratory Judgment Act, 28 U.S.C. § 2201 speak for themselves.

---

[2] The State of Louisiana's First Amended Complaint contains two paragraphs numbered 35.  So as to avoid confusion, the first paragraph numbered 35 is answered herein as number 35(a) while the second paragraph numbered 35 is answered herein as number 35(b).

35.     (b).     Pursuant to this Court's Order and Reasons (Dkt. No. 4578), this Court has admiralty jurisdiction over these proceedings.  *See* Dkt. No. 4578.  The remaining jurisdictional allegations set forth in Paragraph 35 (b) draw legal conclusions to which no response is required. Article III, Section 2 of the United States Constitution speaks for itself.

36.     Pursuant to this Court's Order and Reasons (Dkt. No. 4578), the State of Louisiana's claims for civil penalties and other state law claims are preempted and dismissed. *See* Dkt. No. 4578.  Thus, HESI denies the allegations set forth in Paragraph 36.

37.     HESI admits that venue is proper in this district.  HESI notes that 28 U.S.C. § 1391, 33 U.S.C. §2717, and La. R.S. 30:2025 speak for themselves.  HESI denies that it caused or contributed to the damages claimed

38.     HESI admits that BP E&P is the holder of Lease No. OCS-G 32306 granted by the United States Minerals Management Service ("MMS") for Block 252, Mississippi Canyon, (the "Lease"), allowing BP E&P to conduct oil exploration and production activities in Block 252.  HESI further admits that Anadarko and MOEX obtained percentage interests in the Lease. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 38.

39.     HESI admits that BP E&P maintained a 65% ownership and operation stake in the Lease while Anadarko obtained a 25% ownership interest and MOEX obtained a 10% interest. HESI further admits that BP E&P is the designated operator for the Macondo Prospect.  HESI would note that any Assignment of Record Title Interest in Federal OCS Oil and Gas Lease, the Macondo Prospect Offshore Deepwater Operating Agreement or Joint Operating Agreement ("JOA"), and Designation of Operator speak for themselves.

40.     HESI admits the allegations set forth in Paragraph 40.

41.     HESI admits that on or about October 2009, BP E&P began drilling the Macondo well and that BP E&P had contracted with one or more of the Transocean Entities for the use of the *Marianas* to initially conduct drilling on the Macondo well.  HESI denies the allegations set forth in Paragraph 41 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41 as they apply to other defendants, except HESI would note that any contractual agreements between BP E&P and Transocean speak for themselves.

42.     HESI admits the allegations set forth in Paragraph 42.

43.     HESI admits that the *Deepwater Horizon* rig included various pieces of equipment such as subsea equipment and appurtenances, including, but not limited to, a blowout preventer ("BOP"), a lower marine riser package ("LMRP"), and a marine riser and associated piping ("riser pipe").  HESI further admits that the BOP was attached to the wellhead on the Macondo well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 43.

44.     HESI admits: that M-I, also known as M-I SWACO, was a contractor involved with the drilling operations on the *Deepwater Horizon*; that M-I provided drilling fluids, including drilling mud, for drilling operations on the rig; that M-I provided support and supervisory personnel to oversee and manage the use of drilling fluids in well; that M-I personnel participated in the mud displacement activities that preceded the Incident on April 20, 2010; and that the proper use of drilling fluids, including the selection of spacer materials and the displacement and circulation of drilling mud, is an important step in the effort to temporarily plug the Macondo well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 44.

45.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45.

46.     HESI admits: that Weatherford manufactured the float collar that was utilized during drilling operations on the *Deepwater Horizon*; that the float collar is a casing component that is installed at the bottom of the casing string; that the float collar is essentially a one-way valve to prevent the backflow of drilling fluids into the casing; and that the float collar aids in the prevention of hydrocarbons from entering the casing and escaping the well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 46.

47.     HESI admits that non-HESI personnel aboard the *Deepwater Horizon* encountered problems when trying to convert the float collar after it was installed in the Macondo well and that the failure of the float collar to seal properly or any defect in the float collar could have allowed hydrocarbons to leak into the casing.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 47.

48.     HESI admits that BP p.l.c. is a global energy company with its headquarters in London, England and that BP has a number of corporate subsidiaries.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 48.  To the extent the allegations set forth in Paragraph 48 draw any legal conclusions, no response is required.

49.     HESI admits that BP creates Group Practices ("GP") or Group Defined Practices ("GDP") and Engineering Technical Practices ("ETP") and that BP E&P has issued GPs for well operations, zonal isolation, working with pressure, and well control.  HESI further admits that

BP p.l.c. implemented a corporate-wide operating management system ("OMS").   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 49.

50.     HESI is without sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 50.

51.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 51.

52.     HESI denies the allegations set forth in Paragraph 52 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 52 draw any legal conclusions, no response is required.

53.     HESI denies the allegations set forth in Paragraph 53 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 53 draw any legal conclusions, no response is required.

54.     HESI admits that before April 20, 2010, the Macondo well had experienced several lost circulation events and kicks and that as drilling progressed deeper, the tolerance between pore pressure and fracture gradient became tight.   HESI denies the remaining allegations set forth in Paragraph 54 as they pertain to HESI.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph

54 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 54 draw any legal conclusions, no response is required.

55.     HESI denies the allegations set forth in Paragraph 55 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 55 draw any legal conclusions, no response is required.  HESI would note that 30 C.F.R. §250 *et seq.*, API RP 65, and API RP 75 speak for themselves.

56.     HESI admits that at the time of the Incident, the Macondo well was behind schedule and over budget.  HESI denies the remaining allegations set forth in Paragraph 56 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 56 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 56 draw any legal conclusions, no response is required.

57.     HESI admits that prior to the Incident, BP E&P changed the original casing design to use a "long string" casing for the final casing string rather than a "liner/tieback" design. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 57.

58.     HESI admits the allegations set forth in Paragraph 58.

59.     HESI admits that BP E&P decided to forego a "bottoms up" circulation of drilling mud before cementing the well, and that "bottoms up" circulation would have allowed for testing the mud for gas influx, release of gas pockets, and removal of debris from the bottom of the well so that the cement would not become contaminated.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 59.

60.     HESI admits that after consultation with BP E&P, a nitrified foam cement slurry was used in the Macondo well.  HESI specifically denies that the foam cement slurry used in the Macondo well was unstable or that the slurry design allowed nitrogen breakout.  HESI denies the remaining allegations set forth in Paragraph 60 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 as they relate to other defendants.

61.     HESI admits that it performed a variety of services on the rig, including cementing services, and that there were four HESI employees stationed on the rig at the time of the Incident.  HESI denies that the cement slurry was unstable and that test results of the cement slurry used in the Macondo well demonstrated that slurry was unstable.  HESI denies the remaining allegations set forth in Paragraph 61 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 as they relate to other defendants.

62.     HESI denies the allegations set forth in Paragraph 62 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62 as they relate to other defendants.

63.     HESI denies that the spacer used in the Macondo well production casing cement job was a combination of Forma-set and Form-a-squeeze loss containment material pills ("LCM").  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 63.  To the extent the allegations set forth in Paragraph 63 draw any legal conclusions, no response is required.

64.     HESI admits that after the cement job, BP E&P and Transocean ran a negative pressure test; the test results were abnormal; an abnormal negative test can indicate a problem

with cement integrity; and that despite the abnormal test, they did not shut in the well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 64.

65.     HESI admits that BP E&P had a Schlumberger team on the rig to perform a cement bond log ("CBL") and that BP E&P sent the Schlumberger team home without performing the CBL which, among other things, assesses the integrity of the cement.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 65.  MMS regulation 30 C.F.R. § 250.428 speaks for itself.

66.     HESI admits that BP E&P decided not to deploy the long string casing hanger lockdown sleeve which could have locked the top of the long string casing at the wellhead.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 66.

67.     HESI admits that during the temporary abandonment procedures, but before the blowout, drilling mud was being offloaded to a waiting vessel.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 67, but denies that Sperry Sun was unable to monitor the well.

68.     HESI denies that warning signs of well flow were transmitted to the rig and to HESI's Houston office for almost an hour before hydrocarbons reached the rig, and HESI further denies that HESI rig workers ignored any warning signs of well flow.  HESI denies that it had any duty or obligation to have anyone in its Houston office monitoring real-time data.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 68.

69.     HESI admits that when drilling mud entered the rig floor, the vessel crew diverted the flow from the well into the mud-gas separator ("MGS"), a device used to separate gas out of the drilling mud and vent any gas into the air.  HESI denies the remaining allegations set forth in Paragraph 69 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 as they relate to other defendants.

70.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 70.

71.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 71.

72.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 72.  HESI would note that any MMS regulations or industry standards and their associated requirements speak for themselves.

73.     HESI admits that the *Deepwater Horizon's* BOP and its control systems was manufactured, designed, and installed by Cameron.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 73. The September 2009 and April 2010 rig audits of the *Deepwater Horizon* speak for themselves. To the extent the allegations set forth in Paragraph 73 draw any legal conclusions, no response is required.

74.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 74.  To the extent the allegations set forth in Paragraph 74 draw any legal conclusions, no response is required.

75.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75.  To the extent the allegations set forth in Paragraph 75 draw any legal conclusions, no response is required.

76.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76.  To the extent the allegations set forth in Paragraph 76 draw any legal conclusions, no response is required.

77.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77.  Any statements by Ronald Sepulvado, Tyrone Benton, Billy Stringfellow, John Guide, or others regarding a leak in the hydraulic system on the BOP speak for themselves.

78.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78.  30 C.F.R. § 250.451(d) speaks for itself.  To the extent the allegations set forth in Paragraph 78 draw any legal conclusions, no response is required.

79.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79.  Any applicable federal regulation speaks for itself.  To the extent the allegations set forth in Paragraph 79 draw any legal conclusions, no response is required.

80.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 80.  The National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling Report to the President and any API standards speak for themselves.

81.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81.  The BP September 2009 maintenance audit speaks for itself.

82.     HESI admits that at the time of the Incident, the Macondo well was behind schedule and one budget.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 82.

83.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 83.

84.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84.  Any testimony by Michael Williams speaks for itself.

85.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85.  The Forensic Examination of Deepwater Horizon Blowout Preventer performed by Det Norske Veritas (the "DNV BOP report") speaks for itself.

86.     HESI denies the allegations set forth in Paragraph 86 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 86 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  Any statute or regulation issued by the Occupational Safety and Health Administration ("OSHA") or the United States Coast Guard speaks for itself. To the extent the allegations set forth in Paragraph 86 draw any legal conclusions, no response is required.

87.     HESI denies the allegations set forth in Paragraph 87 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 87 as they relate to other defendants but denies that it caused or contributed to the damages claimed.

88.     HESI admits that pursuant to the Outer Continental Shelf Lands Act, lessees must file an Exploration Plan outlining the proposed drilling activities.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 88.  43 U.S.C. §§ 1331 and 1340, and 30 C.F.R. § 251.6(a) speak for themselves.

89.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 89.   30 C.F.R. § 200 *et seq.*, 30 C.F.R. § 250.213(a), § 250.219 and § 250.250 speak for themselves.   To the extent the allegations set forth in Paragraph 89 draw any legal conclusions, no response is required.

90.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 90.  BP's objection to the 2009 proposed MMS rule speaks for itself.

91.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 91.   The testimony of Jim Hackett, CEO of Anadarko Petroleum, and any assertion by Anadarko speak for themselves.

92.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 92.  The testimony of Rex Tillerson, ExxonMobil's CEO, speaks for itself.

93.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 93.   The testimony of John Watson, CEO of Chevron, speaks for itself.

94.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 94.   The testimony of Marvin Odum, President of Shell Oil, speaks for itself.

95.     HESI admits: that in 2000, a chemical plan in Grangemouth, Scotland, owned and operated by BP p.l.c. had a chemical release and fire; that in 2005 an explosion occurred at a Texas City refinery owned and operated by BP America, Inc.; and that in 2006, an oil pipeline leak occurred in Alaska at a BP America Inc. facility.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 95. The independent reports by the Baker Commission and by Booz, Allen, Hamilton speak for themselves.

96.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 96.

97.     HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 97.

98.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 98.   Any statements by BP p.l.c. regarding OMS speak for themselves.

99.     HESI admits that after the *Deepwater Horizon* incident, BP conducted an internal investigation into the causes of the Incident, but the investigation did not specifically address systemic problems at BP as potential causes of the Incident.   HESI is without sufficient

knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 99. To the extent the allegations set forth in Paragraph 99 draw any legal conclusions, no response is required.

100.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100. To the extent the allegations set forth in Paragraph 100 draw any legal conclusions, no response is required.

101.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 101.

102.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 102.

103.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 103.

104.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 104. The terms of the Operating Agreement between BP E&P, Anadarko, and MOEX speak for themselves.

105.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 105. To the extent the allegations set forth in Paragraph 105 draw any legal conclusions, no response is required.

106.    HESI denies the allegations set forth in Paragraph 106 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 106 as they relate to other defendants. To the extent the allegations set forth in Paragraph 106 draw any legal conclusions, no response is required.

107.    HESI denies that its actions with regard to the *Deepwater Horizon* violated any federal regulation, including but not limited to 30 C.F.R. § 250 *et seq.*  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 107 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 107 draw any legal conclusions, no response is required.

108.    HESI denies the allegations set forth in Paragraph 108 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 108 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 108 draw any legal conclusions, no response is required.

109.    HESI admits that the oil spill occurred approximately fifty miles off the coast of Louisiana.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 109, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 109 draw any legal conclusions, no response is required.

110.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 110.  To the extent the allegations set forth in Paragraph 110 draw any legal conclusions, no response is required.

111.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 111.  Any declaration of a state of emergency by Governor Bobby Jindal, and related statements, speak for themselves.

112.    HESI admits that oil washed ashore the shoreline of Venice, Louisiana and the Chandeleur islands.  HESI is without sufficient knowledge or information to form a belief as to

the truth of the allegations set forth in Paragraph 112, but denies that it caused or contributed to the damages claimed.

113.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 113.  Any Consolidated Compliance Orders and Notices of Potential Penalty issued by the Secretary of the LDEQ speak for themselves.

114.    HESI admits the allegations set forth in Paragraph 114.  The transfer order issued by the Judicial Panel on Multidistrict Litigation speaks for itself.

115.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 115.

116.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 116.

117.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 117.

118.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118.

119.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 119.

120.    Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under OSPRA are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 15, 26.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 120, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 120 draw any legal conclusions, no response is required.

121.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 121, but denies that it caused or contributed to the damages claimed.

122.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 122, but denies that it caused or contributed to the damages claimed.

123.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 123, but denies that it caused or contributed to the damages claimed.

124.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 124.

125.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 125.

126.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 126, but denies that it caused or contributed to the damages claimed.

127.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 127, but denies that it caused or contributed to the damages claimed.

128.    HESI admits that following the Spill, the NOAA restricted commercial and recreational fishing across large areas of the Gulf of Mexico. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 128, but denies that it caused or contributed to the damages claimed.

129.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 129, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 129 draw any legal conclusions, no response is required.  La. R.S. 43:214.1 speaks for itself.

130.    HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 130, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 130 draw any legal conclusions, no response is required.

131.    HESI denies that any of its actions caused the harm complained of by the State of Louisiana.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 131.  To the extent the allegations set forth in Paragraph 131 draw any legal conclusions, no response is required.

132.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 132, but denies that it caused or contributed to the damages claimed.  The article, entitled "Death by Fire in the Gulf," written by Kim Murphy and published in the LA Times, speaks for itself.

133.    Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under OSPRA and other state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 133, but denies that it caused or contributed to the damages claimed.  La. R.S. 30:2454 (25) and 33 U.S.C. § 2701(30) speak for themselves.

134.    HESI admits that the United States Department of the Interior ordered a moratorium on deepwater drilling, thereby suspending activity at any deepwater drilling rigs operating off the coast of Louisiana.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 134, but denies that it caused or contributed to the damages claimed.

135.    HESI admits that the United States Department of the Interior lifted the moratorium on or about October 12, 2010.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 135, but denies that it caused or contributed to the damages claimed.

136.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 136, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 136 draw any legal conclusions, no response is required.

137.    HESI admits that BP established the Gulf Coast Claims Facility ("GCCF") for claims arising from the Incident.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 137.  OPA, and specifically 33 U.S.C. § 2705, speaks for itself.

138.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 138, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 138 draw any legal conclusions, no response is required.

139.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 139, but denies that it caused or contributed to the

damages claimed.  To the extent the allegations set forth in Paragraph 139 draw any legal conclusions, no response is required.

140.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 140, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 140 draw any legal conclusions, no response is required.

141.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 141, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 141 draw any legal conclusions, no response is required.

142.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 142, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 142 draw any legal conclusions, no response is required.

143.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 143.  To the extent the allegations set forth in Paragraph 143 draw any legal conclusions, no response is required.

144.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 144.  To the extent the allegations set forth in Paragraph 144 draw any legal conclusions, no response is required.

145.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 145.  To the extent the allegations set forth in Paragraph 145 draw any legal conclusions, no response is required.

146.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 146.

147.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 147.

148.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 148.

149.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 149.

150.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 150.

151.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 151.

152.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 152.  To the extent the allegations set forth in Paragraph 152 draw any legal conclusions, no response is required.

153.    Paragraph 153 is an incorporating paragraph, thus no response is required.

154.    Paragraph 154 is an identifying paragraph, thus no response is required.

155.    To the extent the allegations set forth in Paragraph 155 draw any legal conclusions, no response is required.

156.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 156.

157.    To the extent the allegations set forth in Paragraph 157 draw any legal conclusions, no response is required.

158.    To the extent the allegations set forth in Paragraph 158 draw any legal conclusions, no response is required.

159.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 159.   The contractual and other "agreements" between BP, Anadarko, MOEX, and Transocean, and 33 U.S.C. § 2702(b)(2) speak for themselves.   To the extent the allegations set forth in Paragraph 159 draw any legal conclusions, no response is required.

160.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 160.

161.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 161.   To the extent the allegations set forth in Paragraph 161 draw any legal conclusions, no response is required.   33 U.S.C. § 2706(a)(2), § 2701 (20), and § 2706 (d)(1) speak for themselves.

162.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 162.   To the extent the allegations set forth in Paragraph 162 draw any legal conclusions, no response is required.

163.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 163.   To the extent the allegations set forth in Paragraph 163 draw any legal conclusions, no response is required.

164.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 164.   To the extent the allegations set forth in Paragraph 164 draw any legal conclusions, no response is required.

165.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 165.  To the extent the allegations set forth in Paragraph 165 draw any legal conclusions, no response is required.  33 U.S.C. § 2704 (c)(1)(A) and § 2704 (c)(1)(B) speak for themselves.

166.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 166.  To the extent the allegations set forth in Paragraph 166 draw any legal conclusions, no response is required.  28 U.S.C. § 2201 and § 2202 *et seq.* speak for themselves.

167.    HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 167.  To the extent the allegations set forth in Paragraph 167 draw any legal conclusions, no response is required.  28 U.S.C. § 2201 *et seq.*, 33 U.S.C. § 2701 *et seq.*, and Federal Rule of Civil Procedure 57 speak for themselves.

168.    Paragraph 168 is an incorporating paragraph, thus no response is required.

169.    Paragraphs 169-180 allege a claim for declaratory judgment against BP, Anadarko, MOEX, Transocean, Cameron, and HESI.  Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claim for declaratory judgment based upon OSPRA is preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 169-180.

181.    Paragraph 181 is an incorporating paragraph, thus no response is required.

182.    Paragraphs 182-189 allege a claim for civil penalties for violations of the Louisiana Environmental Quality Act ("LEQA").  Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims for civil penalties for

violations of the LEQA are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 182-189.

190.    Paragraph 190 is an incorporating paragraph, thus no response is required.

191.    Paragraphs 191-194 allege a claim for recovery of response costs under La. R.S. 30:2025.  Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claim for recovery costs under state law is preempted and thus dismissed. *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 191-194.

195.    Paragraph 195 is an incorporating paragraph, thus no response is required.

196.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 196.

197.    Paragraph 197 is an identifying paragraph, thus no response is required.

198.    To the extent the allegations set forth in Paragraph 198 draw any legal conclusions, no response is required.

199.    To the extent the allegations set forth in Paragraph 199 draw any legal conclusions, no response is required.

200.    To the extent the allegations set forth in Paragraph 200 draw any legal conclusions, no response is required.

201.    HESI admits the allegations set forth in Paragraph 201.

202.    HESI admits the allegations set forth in Paragraph 202.  To the extent the allegations set forth in Paragraph 202 draw any legal conclusions, no response is required.

203.    To the extent the allegations set forth in Paragraph 203 draw any legal conclusions, no response is required.

204.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 204, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 204 draw any legal conclusions, no response is required.

205.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 205, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 205 draw any legal conclusions, no response is required.

206.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 206, but denies that it is strictly liable or that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 206 draw any legal conclusions, no response is required.

207.    33 U.S.C. § 2706(d)(1) speaks for itself.  To the extent the allegations set forth in Paragraph 207 draw any legal conclusions, no response is required.

208.    33 U.S.C. § 2702(b)(2) speaks for itself.  To the extent the allegations set forth in Paragraph 208 draw any legal conclusions, no response is required.

209.    15 C.F.R. § 990.30 speaks for itself.  To the extent the allegations set forth in Paragraph 209 draw any legal conclusions, no response is required.

210.    15 C.F.R. § 990.30 speaks for itself.  To the extent the allegations set forth in Paragraph 210 draw any legal conclusions, no response is required.

211.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 211, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 211 draw any legal conclusions, no response is required.

212.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 212, but denies that it is strictly liable or that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 212 draw any legal conclusions, no response is required.

213.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 213, but denies that it is strictly liable or that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 213 draw any legal conclusions, no response is required.

214.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 214, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 214 draw any legal conclusions, no response is required.

215.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 215, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 215 draw any legal conclusions, no response is required.

216.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 216, but denies that it caused or contributed to the

damages claimed.  To the extent the allegations set forth in Paragraph 216 draw any legal conclusions, no response is required.  33 U.S.C. § 2702(b)(2)(B) speaks for itself.

217.    HESI denies the allegations set forth in Paragraph 217 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 217.  To the extent the allegations set forth in Paragraph 217 draw any legal conclusions, no response is required.  33 U.S.C. § 2702(b)(2)(C) speaks for itself.

218.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 218, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 218 draw any legal conclusions, no response is required.  33 U.S.C. § 2702(b)(2)(D) speaks for itself.

219.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 219, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 219 draw any legal conclusions, no response is required.  33 U.S.C. § 2702 (b)(2)(E) speaks for itself.

220.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 220, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 220 draw any legal conclusions, no response is required.  33 U.S.C. § 2702 (b)(2)(F) speaks for itself.

221.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 221, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 221 draw any legal conclusions, no response is required.

222.    Paragraph 222 is an incorporating paragraph, thus no response is required.

223.    Paragraphs 223-238 allege a claim for costs and damages under OSPRA. Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims for violations of OSPRA are preempted and thus dismissed. *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 223-238.

239.    Paragraph 239 is an incorporating paragraph, thus no response is required.

240.    Paragraph 240 is an identifying paragraph, thus no response is required.

241.    HESI denies that any of its actions were negligent, grossly negligent, or constituted willful misconduct.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 241 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 241 draw any legal conclusions, no response is required.

242.    HESI denies the allegations set forth in Paragraph 242 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 242 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 242 draw any legal conclusions, no response is required.

243.    HESI denies the allegations set forth in Paragraph 243 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 243 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 243 draw any legal conclusions, no response is required.

244.    HESI denies the allegations set forth in Paragraph 244 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in Paragraph 244 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 244 draw any legal conclusions, no response is required.

245.    HESI denies the allegations set forth in Paragraph 245 (a)-(w) as they pertain to HESI including, but not limited to, allegations that any of the cement or services provided were inadequate or improper.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 245 (a)-(w) as they relate to other defendants. To the extent the allegations set forth in Paragraph 245 (a)-(w) draw any legal conclusions, no response is required.

246.    The allegations set forth in Paragraph 246 draw legal conclusions.  Thus, no response is required.

247.    HESI denies the allegations set forth in Paragraph 247 (a)-(h) as they pertain to HESI and denies that it caused or contributed to the damages claimed.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 247 (a)-(h) as they relate to other defendants.  To the extent the allegations set forth in Paragraph 247 (a)-(h) draw any legal conclusions, no response is required.

248.    HESI denies that it was negligent and denies that it is jointly and severally liable to the State of Louisiana.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 248 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 248 draw any legal conclusions, no response is required.

249.    Paragraph 249 is an incorporating paragraph, thus no response is required.

250.    Paragraphs 250-258 allege a claim for nuisance under general maritime law. Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State

of Louisiana's claim for nuisance under general maritime law is dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 250-258.

259.    Paragraph 259 is an incorporating paragraph, thus no response is required.

260.    Paragraphs 260-269 allege a claim for trespass under general maritime law. Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claim for trespass under general maritime law is dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 260-269.

270.    Paragraph 270 is an incorporating paragraph, thus no response is required.

271.    Paragraph 271 is an identifying paragraph, thus no response is required.

272.    HESI admits that Cameron manufactured, designed, and supplied the *Deepwater Horizon'*s BOP that was installed at the Macondo wellhead.  HESI further admits that the BOP is a subsea device whose uses include closure of the well to prevent a blowout.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 272.

273.    HESI admits that Cameron manufactured, designed, and supplied the *Deepwater Horizon*'s BOP that was installed at the Macondo wellhead.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 273.  To the extent the allegations set forth in Paragraph 273 draw any legal conclusions, no response is required.

274.    HESI admits that Cameron sold and delivered the *Deepwater Horizon's* BOP to a Transocean entity.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 274.

275.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 275.

276.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 276.  To the extent the allegations set forth in Paragraph 276 draw any legal conclusions, no response is required.

277.    HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 277.  To the extent the allegations set forth in Paragraph 277 draw any legal conclusions, no response is required.

278.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 278.

279.    HESI admits that after consultation with BP, it designed the cement and/or nitrogen foam cement slurry (the "cement") used in connection with the Macondo well.  HESI denies the remaining allegations set forth in Paragraph 279.

280.    HESI admits that it provided cementing services and that, after consultation with BP, HESI designed the cement used in the Macondo well.  HESI denies the remaining allegations set forth in Paragraph 280.

281.    HESI admits that in 2010, after consultation with BP, it designed the cement used in the Macondo well.  HESI denies the remaining allegations set forth in Paragraph 281.

282.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 282.

283.     HESI denies the allegations set forth in Paragraph 283.

284.     HESI denies that the cement presented an unreasonably dangerous condition. HESI denies the remaining allegations set forth in Paragraph 284.

285.     HESI admits that Weatherford manufactured the float collar that was utilized during drilling operations on the *Deepwater Horizon* and that the float collar aids in the prevention of hydrocarbons from entering the casing and escaping the well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 285.

286.     HESI admits that Weatherford manufactured the float collar that was utilized during drilling operations on the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 286.

287.     HESI admits that Weatherford manufactured the float collar that was utilized during drilling operations on the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 287.

288.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 288.

289.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 289.  To the extent the allegations set forth in Paragraph 289 draw any legal conclusions, no response is required.

290.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 290.  To the extent the allegations set forth in Paragraph 290 draw any legal conclusions, no response is required.

291.    HESI denies the allegations set forth in Paragraph 291 (a)-(h) as they pertain to HESI and denies that it caused or contributed to the damages claimed.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 291 (a)-(h) as they relate to other defendants.  To the extent the allegations set forth in Paragraph 291 (a)-(h) draw any legal conclusions, no response is required.

292.    HESI denies that it was negligent and denies that it is jointly and severally liable to the State of Louisiana.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 292 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 292 draw any legal conclusions, no response is required.

293.    Paragraph 293 is an incorporating paragraph, thus no response is required.

294.    Paragraphs 294-300 allege a claim for negligence under Louisiana state law. Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems that a response is required, HESI denies that the cement or services it provided were inadequate, improper, or unreasonable. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 294-300 as they relate to other defendants.

301.    Paragraph 301 is an incorporating paragraph, thus no response is required.

302.    Paragraph 302 is an identifying paragraph, thus no response is required.

303.    Paragraphs 303-307 allege a claim for nuisance under Louisiana state law. Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems that a response is required, HESI denies that the cement or services it provided were inadequate, improper, or unreasonable. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 303-307 as they relate to other defendants.

308.    Paragraph 308 is an incorporating paragraph, thus no response is required.

309.    Paragraph 309 is an identifying paragraph, thus no response is required.

310.    Paragraphs 310-315 allege a claim for trespass under Louisiana state law. Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  Therefore, to the extent Paragraphs 310-315 purport to establish any claim under state law, no response is required.

316.    Paragraph 316 is an incorporating paragraph, thus no response is required.

317.    Paragraph 317 is an identifying paragraph, thus no response is required.

318.    Paragraphs 318-322 allege a claim for strict liability under Louisiana state law. Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems that a response is required, HESI denies that the cement or services it provided were inadequate, improper, or unreasonable. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 318-322 as they relate to other defendants.

323.     Paragraph 323 is an incorporating paragraph, thus no response is required.

324.     Paragraph 324 is an identifying paragraph, thus no response is required.  To the extent the State of Louisiana asserts a claim for abnormally dangerous/ultra hazardous activity under state law; such claims are preempted and dismissed.  *See* Dkt. No. 4578, p. 26.

325.     HESI denies the allegations set forth in Paragraph 325 (a)-(d) as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 325 (a)-(d) as they relate to other defendants.  To the extent the allegations set forth in Paragraph 325 (a)-(d) draw any legal conclusions, no response is required.

326.     HESI denies the allegations set forth in Paragraph 326 as they pertain to HESI and denies that it caused or contributed to the damages claimed.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 326 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 326 draw any legal conclusions, no response is required.

327.     HESI denies that the State of Louisiana is entitled to recovery against HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 327 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 327 draw any legal conclusions, no response is required.

328.     Paragraph 328 is an incorporating paragraph, thus no response is required.

329.     Paragraph 329 is an identifying paragraph, thus no response is required.

330.     Paragraphs 330-333 allege a claim for negligence under Louisiana state law. Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p.

26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 330-333.

334.    Paragraph 334 is an incorporating paragraph, thus no response is required.

335.    Paragraph 335 is an identifying paragraph, thus no response is required.

336.    Paragraphs 336-339 allege a claim for trespass against HESI.  Regardless of whether the trespass claim is asserted under Louisiana state law or general maritime law, the claim has been dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 336-339.

340.    Paragraph 340 is an incorporating paragraph, thus no response is required.

341.    Paragraph 341 is an identifying paragraph, thus no response is required.

342.    Paragraphs 342-346 allege a negligence claim under Louisiana state law. Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 342-346; HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 342-346 as they relate to other defendants.

347.    Paragraph 347 is an incorporating paragraph, thus no response is required.

348.    Paragraph 348 is an identifying paragraph, thus no response is required.

349.    Paragraphs 349-353 allege a claim for trespass against Cameron.  Regardless of whether the trespass claim is asserted under Louisiana state law or general maritime law, the claim has been dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 349-353; HESI is without

sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 349-353 as they relate to other defendants.

354.    Paragraph 354 is an incorporating paragraph, thus no response is required.

355.    Paragraph 355 is an identifying paragraph, thus no response is required.

356.    Paragraphs 356-360 allege a claim for under the Louisiana Products Liability Act against Cameron.  Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 356-360; HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 356-350 as they relate to other defendants.

361.    Paragraph 361 is an incorporating paragraph, thus no response is required.

362.    Paragraph 362 is an identifying paragraph, thus no response is required.

363.    Paragraphs 363-367 allege a claim for under the Louisiana Products Liability Act against HESI.  Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Louisiana's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 363-367.

368.    Paragraph 368 is an incorporating paragraph, thus no response is required.

369.    HESI denies the allegations set forth in Paragraph 369 as they pertain to HESI and denies that it caused or contributed to the damages claimed.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph

369 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 369 draw any legal conclusions, no response is required.

370.    BOEMRE regulations 30 C.F.R. § 254.1(a), § 254.30, § 254.2, § 254.23 (g)(5), §254.2(b) speak for themselves.  To the extent the allegations set forth in Paragraph 370 draw any legal conclusions, no response is required.

371.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 371.

372.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 372.  Any statement by BP in correspondence to Attorney General Eric Holder dated May 17, 2010 speaks for itself.

373.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 373.  Any statements in the BOEMRE Decision Memorandum or details included in the BOEMRE memorandum speak for themselves.

374.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 374.

375.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 375.

376.    HESI denies the allegations set forth in Paragraph 376.

377.    HESI denies the allegations set forth in Paragraph 377 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 377 as they relate to other defendants but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 377 draw any legal conclusions, no response is required.

378.    HESI denies the allegations set forth in Paragraph 378 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 378 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 378 draw any legal conclusions, no response is required.

379.    Paragraph 379 is an incorporating paragraph, thus no response is required.

380.    Paragraph 380 is an identifying paragraph, thus no response is required.

381.    To the extent the allegations set forth in Paragraphs 381-385 are governed by state law, the claims are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 381.

382.    HESI denies that it was unjustly enriched.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 382 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 382 draw any legal conclusions, no response is required.  La. Civil Code Art. 2298 speaks for itself.

383.    HESI denies the allegations set forth in Paragraph 383 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 383 as they relate to other defendants but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 383 draw any legal conclusions, no response is required.

384.    HESI denies the allegations set forth in Paragraph 384 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in Paragraph 384 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 384 draw any legal conclusions, no response is required.

385.    HESI denies the allegations set forth in Paragraph 385 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 385 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 385 draw any legal conclusions, no response is required.

386.    Paragraph 386 is an incorporating paragraph, thus no response is required.

387.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 387.  To the extent the allegations set forth in Paragraph 387 draw any legal conclusions, no response is required.  Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), punitive damages are available only under general maritime law, not state common law.  *See* Dkt. No. 4578, p. 26.

388.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 388.  To the extent the allegations set forth in Paragraph 388 draw any legal conclusions, no response is required.

389.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 389 (a)-(o) but denies that the cement was used inappropriately as suggested in subparagraph (f).  To the extent the allegations set forth in Paragraph 389 (a)-(o) draw any legal conclusions, no response is required.

390.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 390 (a)-(j).  To the extent the allegations set forth in Paragraph 390 (a)-(j) draw any legal conclusions, no response is required.

391.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 391.  To the extent the allegations set forth in Paragraph 391 draw any legal conclusions, no response is required.

392.   Paragraph 392 reserves the State of Louisiana's right to amend its pleadings, thus no response is required.

393.   Paragraph 393 is the State of Louisiana's demand for a jury trial, thus no response is required.

394.   The allegations set forth in the prayer for relief and subparagraphs (1)-(14) are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in the prayer as to other defendants.  To the extent the allegations set forth in the prayer for relief and subparagraphs (1)-(14) draw legal conclusions, no response is required.  HESI also notes to this Court's Order and Reasons (Dkt. No. 4578) wherein the Court determined that state law is inapplicable and dismissed all state law claims.

## AFFIRMATIVE DEFENSES

WHEREFORE, HESI respectfully requests that the Court dismiss the State of Louisiana's First Amended Complaint in this proceeding because:

### First Affirmative Defense

Certain claims and damages referred to in the State of Louisiana's First Amended Complaint were dismissed, pursuant to this Court's Order and Reasons (Dkt. No. 4578).

### Second Affirmative Defense

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that the State of Louisiana receives from any source as compensation for its alleged losses.

### Third Affirmative Defense

The damages referred to in the State of Louisiana's First Amended Complaint were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

### Fourth Affirmative Defense

The Incident and resulting alleged damages that are the subject of the State of Louisiana's claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control. Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

### Fifth Affirmative Defense

The actions of others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Plaintiffs' alleged damages, and, therefore, the State of Louisiana may not recover from HESI as a matter of law, and all such claims are barred in whole or in part by superseding and intervening causation.

**Sixth Affirmative Defense**

HESI did not owe any duty or warranty, either express or implied, to the State of Louisiana and did not breach any such duty.

**Seventh Affirmative Defense**

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to the State of Louisiana.  HESI is not liable under OPA or maritime law.

**Eighth Affirmative Defense**

HESI pleads the negligence, superseding negligence and/or breach of duty of the Transocean Entities, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

**Ninth Affirmative Defense**

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2).

**Tenth Affirmative Defense**

OPA displaces and/or preempts the State of Louisiana's claims with respect to its oil spill damages or otherwise.  HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates the State of Louisiana's alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

**Eleventh Affirmative Defense**

The State of Louisiana has failed to plead, and cannot satisfy, conditions precedent to recovery.

### Twelfth Affirmative Defense

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

### Thirteenth Affirmative Defense

To the extent the damages sought are too speculative and/or remote, the State of Louisiana may not recover on its claims.

### Fourteenth Affirmative Defense

The injuries and resulting damages alleged to have been suffered by the State of Louisiana were not foreseeable as a matter of law.

### Fifteenth Affirmative Defense

The State of Louisiana has not reasonably mitigated its damages.

### Sixteenth Affirmative Defense

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's affirmative defenses.

### Seventeenth Affirmative Defense

HESI asserts any other defenses which it may be entitled to under Federal Rule of Civil Procedure 8(c).

### Eighteenth Affirmative Defense

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

### Nineteenth Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

**Twentieth Affirmative Defense**

HESI would assert any combination of the foregoing first through nineteenth affirmative defenses.

## JURY DEMAND

Defendant Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Plaintiff the State of Louisiana's First Amended Complaint be deemed good and sufficient; that after due proceedings, there be judgment denying Plaintiff's claims, with all costs to be borne by Plaintiff; and for such other relief to which HESI may show itself to be justly entitled.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** _/s/  Donald E. Godwin_
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Response to State of Louisiana's First Amended Complaint was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this <u>14</u>th day of December, 2011.

<u>/s/ Donald E. Godwin</u>
Donald E. Godwin