UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Working Group[1] Conference on Friday, December 9, 2011]

**NOTES TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

1. **DNV Request**.

The Chemical Safety Board ("CSB") requests interviews of DNV personnel. DNV responded that the CSB should review the JIT testimony of DNV personnel and the depositions of the DNV personnel in this MDL. The JIT testimony is available to the CSB. DNV requested that the MDL parties consent to providing CSB with the depositions. The U.S. proposed an order whereby the depositions would be provided to the CSB subject to the condition that it treat the depositions in accord with certain laws prohibiting the disclosure of confidential information. Transocean objected and contended that CSB must comply with PTO 13, particularly in light of the recent conditional transfer of CSB's formal claims to the MDL.

No action was take on this at the December 9 conference, the parties shall report on the status of their meet-and-confer at the **December 16** conference.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

**2.     MDL 2185 Securities Case.**

The request for BP's expert reports is resolved. This will be removed from the agenda.

**3.     BOP and Capping Stack.**

There were no objections to the allocation of Captain Engelbert's November 7, 2011 invoice. It is deemed approved and each party shall remit payment to Captain Engelbert as promptly as possible.

**4.     Requests for Videos**

If any party wants video of the work at Michoud done pursuant to the protocols, the requests shall be made to Captain Englebert with a copy to the Court. The videographer will make a copy and charge the requesting party directly.

**5.     Cement Testing.**

The target for completing the cement testing is **December 15.** At the **December 16** conference, the U.S. shall report on the status of the cement testing.

**6.     Discovery from the U.S.**

BP and the U.S. will submit a proposed order to adjust the deadlines for the document production by the U.S.

The U.S. will be permitted to extend the deadline for responses to defendants' requests for admissions and interrogatories. By **December 15**, the U.S. shall notify the Court of its requested deadline for responding to defendants' requests for admissions and interrogatories.

If the U.S. does not receive any objection to its proposed order to permit BP and the U.S. to dispose of duplicate and trash documents generated by the IDP by **December 14**, the order shall be submitted to Judge Barbier.

2

**7.**     **<u>Alabama Discovery</u>**.

Alabama reported that it has completed Phase Two document production and produced its privilege logs.

**8**.     **<u>Louisiana Document Production</u>**.

The Court reported on the status of Louisiana's document production. A further conference with counsel for Louisiana and BP is set for **December 19.**

**9.**     **<u>Phase One Deposition Designations</u>**.

The defendants submitted 69 additional depositions for use at trial which were not identified by the PSC. An amended designation schedule was issued (Rec. doc. 4841).

**10.**    **<u>Phase One Exhibits</u>**.

    I.     <u>Authenticity Issues</u> - See BP's letter of December 2, 2011 concerning three authenticity issues.

        A.     Exhibits with Japanese translations issues. The U.S. and the PSC reported on the translations prepared by the U.S. MOEX reported that if there are any issues with the accuracy of the translations, it will communicate with the U.S.

        B.     Exhibits to be cured through the PSC's work with Worldwide. The PSC reported that it is working on these exhibits with Worldwide.

        C.     9 counsel-created exhibits. BP and the PSC disagree on these exhibits. If the issue cannot be resolved, they will be brought to the attention of the Court on **December 30.**

    II.    <u>Exhibits which were not produced</u>. At the December 2 conference, Transocean raised two issues concerning documents found on the parties' exhibit lists which

were not produced. **December 22** is the deadline for providing missing Bates numbers for these documents or producing the documents which were not produced. Questions were raised about a DNV KPMG database where the documents may not have Bates numbers. On **December 16**, BP shall report on this database.

III. <u>Exhibits and Deposition Designations</u>. Different versions of the same exhibits were used in depositions. The PSC reported that: (1) the parties will find the original document as produced; (2) this document will be submitted to Indata; (3) a concordance will be prepared; (4) if the exhibit appears in different versions or under different Bates numbers, the different versions and Bates numbers will be referred to in the concordance.

IV. <u>Use of Exhibits During the Remaining Expert Depositions</u>. The Court urged that: (1) the parties use the exhibit number for a document as it appears on the preliminary exhibit list; and (2) any exhibits presented to any expert in a binder with tabs be identified by preliminary exhibit number as well as the tab number.

V. <u>Exhibit "Clean-Up" and Use of Exhibits During Trial of Phase One</u>. The parties are engaged in the "clean-up" of the exhibits for listing on the parties' final exhibit lists. During the trial and as much as possible in the remaining pre-trial proceedings, the parties shall refer to the exhibits by the numbers that will be used on the parties' final exhibit lists. Once the trial begins, the parties shall use the exhibit numbers as they are referred to on the parties' final exhibit lists. If it is necessary to refer to an exhibit by another number, for example if an excerpt of a deposition is read to a witness and the excerpt refers to a document by another number, the parties shall

refer to both the number in the deposition and the number on the parties' final exhibit lists. The use of numbers from the final exhibit lists is also required so that InData will be able to access the exhibits from its data base for display on the screens in the courtroom.

**11.   Motions *in Limine*.**

The parties were encouraged to submit their motions *in limine* as soon as possible rather than wait until January 23, 2012.

On November 5, 2011, the PSC filed a motion *in limine* to exclude BP testimony and argument regarding BOP regulatory compliance or temporary abandonment plan. Rec. doc. 4484. BP responded on December 9. Rec. doc. 4850. **December 16** is the deadline the PSC to reply.

The status of the thirteen categories of motions *in limine* in the amended schedule (Rec. doc. 4572) is:

**No. 1.** (email strings). Submitted.

**No. 2.** (MBI report and testimony). Submitted.

**No. 3**. (other government reports). Submitted.

**No. 4.** (BP and others to respond to PSC letter alleged Daubert/702 issues will be submitted to Judge Barbier after the receipt of the replies on December 12, 2011. Halliburton submitted a letter memorandum on December 5.

**No. 5.** (other miscellaneous issues arising from PSC list of 300). Submitted.

**No. 6.** (prior alleged improper conduct unrelated to incident). Submitted.

**No. 7.** (prior adverse criminal, civil or regulatory proceeding unrelated to incident). Submitted.

**No. 8**. On December 5, Cameron and Transocean filed motions to exclude non-governmental reports. BP reported that it would not file such a motion.

**No. 9.** BP reported that it would not respond to the PSC's letter of October 17 concerning subsequent remedial measures. It reported that the PSC inadvertently claimed in its October 17 submission that BP was objecting to 10 documents on subsequent-remedial-measures grounds. BP's objections provided to the PSC on October 14 did not include any subsequent-remedial-measures objections. On December 5, Halliburton submitted a letter on its request for exclusion of subsequent remedial measures.

**No. 10**. On December 5, BP filed a motion to exclude introduction of evidence related to settlements among the parties.

The responses to nos. 8 through 10 were due on **December 12.** The replies are due on **December 19.**

**No. 11.** (preclude inappropriate evidence arising from deposition designations or anticipated testimony).

**No. 12.** (preclude clawback evidence).

**No. 13**. (other appropriate motions).

Nos. 11 through 13 are to be filed by **January 9.** Oppositions are due on **January 16**, and replies are due on **January 23**.

12. **Phase One Experts**.

The schedule for Week Six was issued. Rec. doc. 4808. The allocation of examination time for rebuttal experts was issued. Rec. doc. 4831. A schedule for the rebuttal experts was entered on December 12.

6

Halliburton's request for the withdrawal of its designation of Hamlin Jennings as an expert is granted without objection.

The deposition of M-I's in-house expert, Jim Friedheim, will not occur on December 20-21. It will be reset for January 5-6 or January 11-13.  By **December 15** counsel shall report on their availability for the alternate dates of Jim Friedheim.

Weatherford has the following experts scheduled for December 16 through 23:

| | |
|---|---|
| G. McCormack | December 16 (450 minutes) and December 19 (190 minutes) |
| D. Calvert | December 19 (225 minutes) and December 20 (450 minutes) |
| M. Woolie | December 21 (450 minutes) and December 22 (175 minutes) |
| B. Lirette | December 22 (210 minutes) and December 23 (450 minutes). |

If McCormack's deposition is completed on December 16, Calvert's deposition would begin at 8:30 a.m. on Monday, December 19.  Weatherford requested similar changes for the other experts.  As of December 12, Transocean, Anadarko, MOEX, BP, Halliburton and the U.S. agreed to this procedure.  The remaining parties are asked to respond as promptly as possible.

**13.    Halliburton's Motion to Disqualify**.

The deposition of Fred Sabins is cancelled pending resolution of the appeal.

**14.    Phase One Witnesses Who Will Testify Live at Trial**

BP will respond to the PSC's requests for Ellis Armstrong.

**15.    Phase One Stipulations**.

The parties reported on the status of Phase One stipulations.  The parties were urged to move this process forward because of the approaching deadlines.  BP circulated a list around November 18.  Weatherford responded.  Halliburton reported that it would respond.  At the December 16

7

conference each party shall report on the status of the Phase One stipulations.

16. **B3 Stipulations**.

The U.S. reported that it submitted a revised draft to the Responder Defendants. The parties are working on the stipulations requested by Nalco. They shall update the Court on **December 16.**

17. **Demonstrative Exhibits.**

The deadline for exchange of demonstrative exhibits is **February 1, 2012.**

18. **Phase Two Depositions.**

The Phase Two depositions are set to start on **Thursday, February 23, 2012.** BP requested that the Court reconsider this date in light of the Phase Two discovery scheduling order to be submitted by BP and the U.S.

The PSC reported that it appeared that the issue regarding service of deposition notices on certain third parties was resolved. BP noted that it served Woods Hole Oceanographic Institution.

19. **Phase Two Stipulations**.

On December 12, 2011, BP distributed Phase Two Source Control fact stipulations that it and the U.S. prepared for consideration. BP reports that the stipulations are focused on an objective timeline of the Source Control effort.

At the **December 16** conference, the parties shall be prepared to: (a) discuss a schedule for responding to the proposed Phase Two stipulations and reaching agreement on them; and (b) report on whether the stipulations will moot any of the requests for admissions served on the U.S.

20. **BP's motions concerning Halliburton.**

On December 5, BP filed a motion for spoliation sanctions (Rec. doc. 4799). Halliburton shall respond by **December 16**. BP will reply on **December 23.** On December 7, BP filed a motion

to compel (Rec. doc. 4825). Halliburton shall respond by **December 19.** BP will reply on **December 28**.

21. **Pretrial Deadlines for Phase One Trial**.

   Attached is a revised schedule for Phase One.

22. **Pretrial Order.**

   Judge Barbier will not require the parties to prepare a formal pretrial order. Details of what will be required will be discussed during trial planning meetings.

23. **Woods Hole Oceanographic Rule 30(b)(6)**.

   BP, the PSC and the U.S. presented argument on the Rule 30(b)(6) deposition notice for Woods Hole Oceanographic.

24. **Conference Schedule.**

| | |
|---|---|
| Friday, December 16, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 23, 2011 | No conference set. |
| Friday, December 30, 2011 | No conference set. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 14th day of December, 2011.

                              **SALLY SHUSHAN**
                              United States Magistrate Judge

**PHASE ONE DEADLINES** [Revised-December 14, 2011]

| | |
|---|---|
| 12-12-2011 | Week Five of Phase One Expert Depositions. |
| 12-16-2011 | Status Conferences - Judge Barbier and Magistrate Judge Shushan. |
| | Group Six deposition bundles to Judge Barbier. |
| 12-19-2011 | Week Six of Phase One Expert Depositions. |
| 12-19-2011 | Replies on motions *in limine* re: non-governmental reports (Bly report); subsequent remedial measures; and evidence regarding settlement (Category nos. 8-10 on Rec. doc. 4572). |
| 12-23-2011 | No Status Conference. |
| 12-29-2011 | Group Seven deposition bundles to Judge Barbier. |
| 12-30-2011 | Deadline for exchange of non-authenticity objections to counsel-created exhibits. |
| 01-05-2012 | Begin Phase One Expert (rebuttal) depositions. |
| 01-06-2012 | Status Conference Magistrate Judge Shushan. |
| | Group Eight deposition bundles to Judge Barbier. |
| 01-09-2012 | Motions *in limine* re: inappropriate evidence arising from deposition designations (e.g. Fifth Amendment); and evidence regarding clawed back documents and similar issues (Category nos. 11-13 on Rec. doc. 4572). |
| 01-13-2012 | Conference with Magistrate Judge Shushan. |
| | Group Nine deposition bundles to Judge Barbier. |
| | Parties shall exchange final exhibit lists, including all impeachment exhibits, and witness lists.  Except for good cause shown, the parties will not be permitted to add exhibits or witnesses after this date. |
| 01-14-2012 | End Phase One Expert depositions. |
| 01-16-2012 | Martin Luther King Day. |
| | Responses to motions *in limine* re: inappropriate evidence arising from deposition designations (e.g. Fifth Amendment); and evidence regarding clawed back documents and similar issues (Category nos. 11-13 on Rec. doc. 4572). |
| 01-17-2012 | *Daubert* Motions deadline for Phase One Trial |

| | |
|---|---|
| 01-20-2012 | Status Conferences - Judge Barbier and Magistrate Judge Shushan. |
| | Group Ten deposition bundles to Judge Barbier. |
| | Objections to witness lists. |
| | Deadline for all remaining objections to exhibits. |
| 01-23-2012 | Deadline for all motions *in limine* and final pre-trial motions for matters relating to Phase One, including motions for summary judgment. |
| | Deadline for replies on motions *in limine* re: inappropriate evidence arising from deposition designations (e.g. Fifth Amendment); and evidence regarding clawed back documents and similar issues (Category nos. 11-13 on Rec. doc. 4572). |
| 01-25-2012 | Deadline for submissions for pre-trial conference on 2-3-11. |
| 01-27-2012 | Conference with Magistrate Judge Shushan. |
| | Group Eleven deposition bundles to Judge Barbier. |
| 01-31-2012 | Submit final pre-trial stipulations, witness and exhibit lists. |
| 02-01-2012 | Exchange **all** demonstrative aides. |
| 02-03-2012 | Final Pre-Trial Conference for Phase One. |
| | Group Twelve deposition bundles to Judge Barbier. |
| 02-06-2012 | Deadline for oppositions to all motions filed on January 23, 2012. |
| 02-07-2012 | Oppositions to *Daubert* Motions. |
| 02-08-2012 | Objections to demonstrative aides |
| 02-10-2012 | Group Thirteen deposition bundles to Judge Barbier. |
| 02-13-2012 | Replies in support of all motions filed on January 23, 2012. |
| | Replies to *Daubert* Motions. |
| 02-17-2012 | Group Fourteen deposition bundles to Judge Barbier. |

02-23-2012    Resolve all technology issues in courtroom and related space.

02-24-2012    Resolve all technology issues in courtroom and related space

02-27-2012    Phase One Trial.