UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG          :     MDL NO. 2179
      "DEEPWATER HORIZON" in the     :
      GULF OF MEXICO, on               :     SECTION:  J
      APRIL 20, 2010                    :     JUDGE BARBIER
                                        :     MAG. JUDGE SHUSHAN
**THIS DOCUMENT RELATES TO**             :
**10-3059, 11-516**                      :     JURY TRIAL DEMANDED
                                        :

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

**ANSWER OF DEFENDANT CAMERON TO FIRST
AMENDED COMPLAINT OF THE STATE OF
LOUISIANA, TOGETHER WITH CROSS-CLAIMS**

Cameron International Corporation ("Cameron") respectfully files this answer in response to the First Amended Complaint filed by the State of Louisiana ("Complaint"; Doc. 2031), together with cross-claims against the other defendants named in the Complaint, as follows:

**Jury Demand**

Cameron demands trial by jury of all issues in these proceedings so triable.

1

## Reservation of Right to Amend

Discovery is ongoing. Cameron therefore reserves its right to amend this pleading.

## Responding to Allegations in the Complaint

Subject to the affirmative factual allegations made by Cameron in support of its claims for affirmative relief in this and other pleadings in these proceedings [Doc. 412 in 10-2771 ¶¶ 29-87; the "Cameron Allegations"], which are hereby incorporated by reference pursuant to F.R. Civ. P. 10(c), Cameron responds as follows to the numbered allegations in the Complaint. Any factual allegation of the Complaint that is not admitted in the following paragraphs of this section or in the Cameron Allegations is denied.

1. Cameron admits that on April 20, 2010, a well being developed on the Outer Continental Shelf blew out, resulting in explosions and fires, and ultimately the sinking of the mobile offshore drilling unit the *Deepwater Horizon* and the release of oil from the well into the subsurface waters of the Gulf of Mexico. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 1.

2. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 2.

3. The first sentence of paragraph 3 purports to describe the claims being asserted in the Complaint and requires no response. Cameron admits that Louisiana has a residual one-year prescription period for the filing of tort claims. Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 3.

2

4.      To the extent that paragraph 4 purports to describe the claims asserted in the Complaint, it requires no response.  Cameron admits that the blow out described in paragraph 1 occurred during the conduct of abandonment procedures, and that the blowout ultimately resulted in the release of oil from the wellhead, through the BOP and the LMRP and out breaks in the marine riser pipe into the Gulf of Mexico.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 4.

5.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 5.

6.      Paragraph 6 purports to describe the Complaint and requires no response.

7.      Paragraph 7 purports to describe the Complaint and requires no response.

8.      To the extent that the statements of paragraph 8 purport to describe the claims asserted in the Complaint, they require no response.  Cameron denies that it committed any wrong of any nature associated with the claims asserted in the Complaint.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 8.

9.      In response to paragraph 9, Cameron avers that the referenced pleadings speak for themselves.

10.      In response to paragraph 10, Cameron avers that the referenced pleadings speak for themselves.

11.      Paragraph 11 is a listing of the Defendants from which the State of Louisiana purports to seek relief and requires no response.

1078670v.1

12.     Cameron admits the allegations in the first sentence of paragraph 12.  The second sentence of paragraph 12 purports to describe the Complaint and requires no response. Cameron denies the third sentence of paragraph 12.

13.     In response to the first sentence of paragraph 13, Cameron avers that OPA and LOSPRA speak for themselves.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 13.

14.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 14.

15.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 15.

16.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 16.

17.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 17.

18.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 18.

19.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 19.

20.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 20.

21.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 21.

1078670v.1

22.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 22.

23.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 23.

24.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 24.

25.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 25.

26.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 26.

27.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 27.

28.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 28.

29.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 29.

30.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 30.

31.      Cameron admits the allegations in paragraph 31.

32.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 32.

33.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 33.

1078670v.1

34.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 34.

35.     Cameron admits the allegations in the first paragraph 35.  Cameron denies the allegations in the second paragraph 35.

36.     Because the state law claims of the State of Louisiana have been dismissed, paragraph 36 requires no response.

37.     Cameron admits that venue is proper in the Eastern District of Louisiana under 33 U.S.C. § 2717(b) and 43 U.S.C. § 1349(b)(1).  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 37.

38.     Cameron admits the allegations in the first sentence of paragraph 38.  With respect to the remaining allegations in paragraph 38, Cameron avers that the Lease speaks for itself.

39.     With respect to the allegations in paragraph 39, Cameron avers that the referenced agreements and documents speak for themselves.

40.     Cameron admits the allegations in paragraph 40.

41.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Cameron admits that the *Deepwater Horizon* was a dynamically positioned MODU owned and operated by Transocean entities, and that in 2010, BP E&P hired Transocean to drill the Macondo Well with the *Deepwater Horizon*.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 42.

43.     Cameron admits the allegations in paragraph 43.

6

44.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 44.

45.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 45.

46.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 46.

47.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 47.

48.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 48.

49.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 49.

50.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 50.

51.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 51.

52.     To the extent that the allegations in paragraph 52 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron denies the remaining allegations in paragraph 52.

53.     To the extent that the allegations in paragraph 53 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 53.

1078670v.1

54.     To the extent that the allegations in paragraph 54 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 54.

55.     To the extent that the allegations in paragraph 55 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 55.

56.     To the extent that the allegations in paragraph 56 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 56.

57.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 57.

58.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 58.

59.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 59.

60.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 60.

61.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 61.

1078670v.1

62.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 62.

63.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 63.

64.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 64.

65.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 65.

66.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 66.

67.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 67.

68.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 68.

69.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 69.

70.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 70.

71.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 71.

72.     In response to the allegations in paragraph 72, Cameron avers that the referenced regulations speak for themselves.

1078670v.1

73.     With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001. To the extent that the allegations in paragraph 73 are inconsistent with that statement, Cameron denies those allegations and denies that the allegation that the BOP and its control systems were not properly functioning on April 20, 2010.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 73.

74.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 74.

75.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 75.

76.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 76.

77.     In response to the allegations in paragraph 77, Cameron avers that the referenced testimony speaks for itself.

78.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 78.  In response to the second sentence of paragraph 78, Cameron avers that the referenced regulations speak for themselves.

1078670v.1

79.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 79.

80.     In response to paragraph 80, Cameron avers that the referenced standards and regulations speak for themselves.

81.     In response to paragraph 81, Cameron avers that the referenced audit speaks for itself.

82.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 82.

83.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 83.

84.     In response to paragraph 84, Cameron avers that the referenced testimony speaks for itself.

85.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 85.  In response to the second sentence of paragraph 85, Cameron avers that the referenced report is inadmissible and speaks for itself in any event.

86.     To the extent that the allegations in paragraph 86 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 86.

87.     To the extent that the allegations in paragraph 87 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron

11

Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 87.

88.     In response to paragraph 88, Cameron avers that OCSLA and its implementing regulations speak for themselves.

89.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first and last sentences of paragraph 89.  In response to the second and third sentences of paragraph 89, Cameron avers that the referenced regulations speak for themselves.

90.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 90.

91.     In response to the allegations in paragraph 91, Cameron avers that the referenced testimony speaks for itself.

92.     In response to the allegations in paragraph 92, Cameron avers that the referenced testimony speaks for itself.

93.     In response to the allegations in paragraph 93, Cameron avers that the referenced testimony speaks for itself.

94.     In response to paragraph 94, Cameron avers that the referenced testimony speaks for itself.

95.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 95.

96.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 96.

97.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 97.

98.     In response to paragraph 98, Cameron avers that the referenced system document speaks for itself.

99.     Cameron admits the allegations in the first sentence of paragraph 99. Cameron lacks knowledge or information sufficient to form a belief about the allegations in the second and last sentences of paragraph 99.  In response to the third sentence of paragraph 99, Cameron avers that the referenced report speaks for itself.

100.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 100.

101.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 101.

102.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 102.

103.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 103.

104.     In response to paragraph 104, Cameron avers that the referenced agreement speaks for itself.

105.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 105.

106.     To the extent that the allegations in paragraph 106 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 106.

107.    To the extent that the allegations in paragraph 107 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 107.

108.    To the extent that the allegations in paragraph 108 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 108.

109.    Cameron admits that the Macondo Well blowout, the explosions resulting from the blowout, the sinking of the *Deepwater Horizon*, and the oil spill from the well all occurred approximately 50 miles off the coast of Louisiana, the nearest state coastline.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 109.

110.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 110.

111.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 111.

112.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 112.

113.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 113.

114.    In response to paragraph 114, Cameron avers that the orders of the JPML speak for themselves.

115.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 115.

116.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 116.

117.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 117.

118.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 118.

119.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 119.

120.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 120.

121.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 121.

122.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 122.

123.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 123.

124.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 124.

125.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 125.

1078670v.1

126. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 126.

127. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 127.

128. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 128.

129. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 129.

130. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 130.

131. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 131.

132. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 132.

133. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 133.

134. In response to paragraph 134, Cameron avers that the Interior orders speak for themselves and avers that it lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 134.

135. In response to paragraph 135, Cameron avers that the Interior orders speak for themselves and avers that it lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 135.

136.    To the extent that the allegations in paragraph 136 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 136.

137.    In response to paragraph 137, Cameron admits that a GCCF was established, but avers that OPA speaks for itself and that it lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 137.

138.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 138.

139.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 139.  To the extent that the allegations in the second sentence of paragraph 139 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 139.

140.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 140.

141.    To the extent that the allegations in paragraph 141 include Cameron as one of the "Defendants," Cameron denies those allegations.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 141.

142.    To the extent that the allegations in paragraph 42 include Cameron as one of the "Defendants," Cameron denies those allegations.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 142.

17

143.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 143.

144.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 144.

145.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 145.

146.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 146.

147.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 147.

148.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 148.

149.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 149.

150.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 150.

151.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 151.

152.    The first sentence of paragraph 152 describes the Complaint and requires no response.  Cameron lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of paragraph 152.

153-167.    Inasmuch as Count I of the Complaint is not asserted against Cameron, paragraphs 153-67 require no response.

168-80.      Inasmuch as Count II of the Complaint has been dismissed as pre-empted by OPA, paragraphs 168-80 require no response.

181-89.      Inasmuch as Count III of the Complaint is not asserted against Cameron, paragraphs 181-89 require no response.

190-194.      Inasmuch as Count IV of the Complaint has been dismissed as pre-empted by OPA, paragraphs 190-94 require no response.

195-221.      Inasmuch as Count V of the Complaint is not asserted against Cameron, paragraphs 195-221 require no response.

222-38.      Inasmuch as Count VI of the Complaint has been dismissed as pre-empted by OPA, paragraphs 222-38 require no response.

239.      In response to paragraph 239, Cameron repeats its responses to paragraphs 1-238.

240.      Paragraph 240 lists the Defendants named in Count VII and requires no response.

241.      To the extent that the allegations in paragraph 241 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 241.

242.      To the extent that the allegations in paragraph 242 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 242.

1078670v.1

243.     To the extent that the allegations in paragraph 243 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 243.

244.     To the extent that the allegations in paragraph 244 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 244.

245.     To the extent that the allegations in paragraph 245 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 245.

246.     Cameron denies the allegations in paragraph 246.

247.     To the extent that the allegations in paragraph 247 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 247.

248.     To the extent that the allegations in paragraph 248 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 248.

249-58.       Inasmuch as Count VIII has been dismissed as pre-empted by OPA, paragraphs 249-58 require no response.

259-69.    Inasmuch as Count IX has been dismissed, paragraphs 259-69 require no response.

270.    In response to paragraph 270, Cameron repeats its responses to paragraphs 1-269.

271.    Paragraph 271 lists the Defendants named in Count X and requires no response.

272.    With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 272.

273.    In response to paragraph 273, Cameron states that it was in the business of performing the acts described in the foregoing response to paragraph 272.

274.    In response to paragraph 274, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001.

275.    Cameron denies the allegations in paragraph 275.

276.    Cameron denies the allegations in paragraph 276.

277.    Cameron denies the allegations in paragraph 277.

278.    Cameron denies the allegations in paragraph 278.

21

279.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 279.

280.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 280.

281.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 281.

282.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 282.

283.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 283.

284.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 284.

285.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 285.

286.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 286

287.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 287

288.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 288.

289.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 289.

290.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 290.

291.     To the extent that the allegations in paragraph 291 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 291.

292.     To the extent that the allegations in paragraph 292 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 292.

293-300.     Inasmuch as Count XI is not asserted against Cameron, paragraphs 293-300 require no response.

301-07.     Inasmuch as Count XII has been dismissed as pre-empted by OPA, paragraphs 301-07 require no response.

308-15.     Inasmuch as Count XIII is not asserted against Cameron, paragraphs 308-15 require no response.

316-22.     Inasmuch as Count XIV is not asserted against Cameron, paragraphs 316-22 require no response.

323-27.     Inasmuch as Count XV is not asserted against Cameron, paragraphs 323-27 require no response.

328-33.     Inasmuch as Count XVI is not asserted against Cameron, paragraphs 328-33 require no response.

1078670v.1

334-39.      Inasmuch as Count XVII is not asserted against Cameron, paragraphs 334-39 require no response.

340-46.      Inasmuch as Count XVIII has been dismissed as pre-empted by OPA, paragraphs 340-46 require no response.

347-53.      Inasmuch as Count XIX has been dismissed as pre-empted by OPA, paragraphs 347-53 require no response.

354-60.      Inasmuch as Count XX has been dismissed as pre-empted by OPA, paragraphs 354-60 require no response.

361-67.      Inasmuch as Count XXI is not asserted against Cameron, paragraphs 361-67 require no response.

368-78.      Inasmuch as Count XXII is not asserted against Cameron, paragraphs 368-78 require no response.

379-85.      Inasmuch as Count XXIII has been dismissed as pre-empted by OPA, paragraphs 379-85 require no response.

386-91.      Inasmuch as Count XXIV is not asserted against Cameron, paragraphs 386-91 require no response.

392.     Paragraph 392 is a reservation of rights that requires no response.

393.     In response to paragraph 393, Cameron joins the demand for jury trial.

## Failure to State a Claim

394.   Even beyond the correct dismissal of state law claims in Doc. 4578, the Complaint does not state a valid claim upon which relief may be granted against Cameron for the following reasons:

a.   The Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq. ("OPA"), provides comprehensive remedies for oil spill costs and damages, including sections providing for the potential liability of Cameron to parties other than the State of Louisiana, and therefore displaces and pre-empts all the claims against Cameron asserted in the Complaint.

b.   The Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), preempts recovery against Cameron under admiralty law.

c.   In addition, recovery of any relief by the State of Louisiana against Cameron under the law of the OCSLA "adjacent state," here Louisiana, is barred for the reasons stated in the following section.

395.   The Complaint fails to state a claim upon which relief can be granted against Cameron for the following reasons:

a.   Under OCSLA, which applies to the claims in this case based on the blowout of an OCS well during drilling operations, any claim for relief that is not encompassed or preempted by OPA is governed exclusively by the law of the "adjacent state," here Louisiana, but only so long as the surrogate state law is not "inconsistent with" federal law.  43 U.S.C. § 1333(a).  OCSLA therefore expressly preempts the application of general maritime law.

1078670v.1

b.   The claims against Cameron in the Complaint are altogether barred by OCSLA because they are inconsistent with the comprehensive remedial scheme of OPA.

c.   To the extent the claims of the Complaint are applicable and not barred by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing those claims.  L.S.A. R.S. § 2491.A.

d.   The Complaint fails to state a claim upon which relief can be granted against Cameron under LOSPRA because it does not allege specific facts that any asserted claim is "not recoverable under" OPA. L.S.A. R.S. § 30:2488.C.

e.   The Complaint fails to state a claim upon which relief can be granted against Cameron under LOSPRA because the Complaint concedes that all federal remedies have not been exhausted as required by LOSPRA. L.S.A. R.S. § 2488.C.

f.   The Complaint fails to state a claim upon which relief can be granted against Cameron under LOSPRA because the Complaint affirmatively alleges facts demonstrating that Cameron is not a "responsible party" under LOSPRA inasmuch as persons who provide assistance in response to a threatened discharge of oil are excluded from that definition.  L.S.A. R.S. § 2454(22)(c).

g.   If LOSPRA is not applicable to the claims against Cameron in the Complaint, and if the Louisiana Products Liability Act ("LPLA") is not

altogether preempted by OPA or OCSLA, LPLA would be the exclusive Louisiana law governing those claims.  L.S.A. R.S. § 2800.52.

h.  The Complaint fails to state a claim upon which relief can be granted against Cameron under the LPLA because it contains no allegations that any injury was proximately caused by an identified characteristic of a Cameron product that made the product unreasonably dangerous within the meaning of the Louisiana Act.  L.S.A. R.S. § 9:2800.54.A.

i.  The Complaint fails to state a claim upon which relief can be granted against Cameron because it contains no allegation stating any element of any theory of liability permitted by the LPLA.  L.S.A. R.S. §§ 9:2800.54.B, 9:2800.55-58.

j.  Cameron is immune from recovery under the Complaint allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A) and/or 42 U.S.C. § 4158.

k.  Cameron is immune from all claims in the Complaint arising from Cameron's actions or advice concerning response to the oil spill by the terms of L.S.A. R.S. §§ 30:2466.B.

l.  In the alternative, the Complaint fails to state a claim upon which relief could be granted against Cameron as product manufacturer under general maritime law for essentially the reasons stated in subsections i. and j. above.

**Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act**

396.    Cameron states that the claims against Cameron in the Complaint are barred by LOSPRA (e.g., ¶¶ 395.d-f), which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims, L.S.A. R.S. § 30:2491.A.

397.    Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

398.    While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Complaint is barred to the extent that it is based on an underlying claim of a private party that did not suffer injury to or destruction of property as described in L.S.A. R.S. § 30:2454(5)(b).

399.    While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Complaint is barred under LOSPRA because all such claims against Cameron are based on its provision of assistance "in response to a threatened discharge of oil by another person" within the meaning of subsection 2454(22)(c).  L.S.A. R.S. § 30:2454(22)(c).

400.    While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Complaint is barred by LOSPRA because of the misconduct and negligence of third parties within the meaning of L.S.A. R.S. § 30:2481(4).

1078670v.1

401.   While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA would limit the liability of Cameron under the Complaint in any event.  L.S.A. R.S. § 30:2479.

## Affirmative Defenses – Louisiana Products Liability Act

402.   To the extent that the claims of the Complaint are not displaced by OPA and/or OCSLA and/or are not subject to LOSPRA, the claims of the Complaint are barred by the LPLA, which establishes the exclusive theories of liability for product manufacturers, and Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA.  L.S.A. R.S. § 9:2800.51 *et seq.*

403.   Any alleged defect in a Cameron product at the time of the alleged injurious event was the result of changes to or in the product or its operation because the product did not receive reasonable care and/or maintenance by its owners or users.  L.S.A. R.S. § 9:2800.53(8)(c).

404.   Any alleged defect in a Cameron product at the time of the alleged injurious event either did not exist at the time the product left the control of Cameron or did not result from a reasonably anticipated alteration or modification of the product.  L.S.A. R.S. § 9:2800.54.C.

405.   Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product, with the knowledge within the relevant community of the product's characteristics.  L.S.A. R.S. § 9:2800.57B(1).

1078670v.1

406.    Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the users and handlers of the products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product.  L.S.A. R.S. §§ 9:2800.57B(2).

407.    Cameron's products met any express warranty applicable to those products.  *See* L.S.A. R.S. § 9:2800.58.

408.    Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time.  *See* L.S.A. R.S. § 9:2800.58.

409.    At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant may identify was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.  L.S.A. R.S. § 9:2800.59A.

410.    At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. L.S.A. R.S. § 9:2800.59B.

### Affirmative Defense – Contractor Immunity Under Louisiana Law

411.    To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's (i.e., Transocean's) specifications, Cameron is immune from liability for that defect.  L.S.A. R.S. § 9:2771.

### Limitation on Liability – OPA

412.    While denying that it is liable under the Complaint, Cameron states that its potential liability with respect to Tendered Claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2)(B).

### Immunity from Liability – Federal Response Authority

413.    While denying that it is liable under the Complaint, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act,  33 U.S.C. §§ 1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

### Alternative Affirmative Defenses – General Maritime Law

414.    While maintaining and without waiving its position that OCSLA makes Louisiana law applicable to any claims in this action as surrogate and exclusive federal law, Cameron asserts in the alternative, as a protective matter, the affirmative defenses stated in paragraphs 402-13 above.

415.    No Cameron product in use at the time of the alleged injurious incident departed from its intended design at the time it left the control of Cameron.

416.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the reasonably foreseeable risks of harm posed by the product could not have been reduced or avoided by the adoption of a reasonable alternative design.

1078670v.1

417.   At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, there were no feasible alternative designs of the product known by or reasonably available to Cameron that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

418.   In light of reasonably available scientific or technical knowledge or information at the time any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron could not have known of any feasible alternative design that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

419.   At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the Cameron warnings and instructions concerning that product were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

420.   No Cameron product in use at the time of the alleged injurious incident was dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product.

421.   After any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron issued warnings and instructions concerning the product that were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

422.   At the time of the injurious incident, the users of any Cameron product in use at the time of the alleged injurious incident knew or should have known of the dangers associated with that use.

1078670v.1

423.   At the time and place of the alleged injurious incident, any failure of a Cameron product to function as intended was caused solely by either the failure of owners, users and/or handlers of the product to take reasonable care of and/or properly maintain the product and/or its constituent parts or an alteration or modification of the product that could not have been reasonably foreseen by Cameron.

424.   The methods, standards, and techniques used by Cameron to design, manufacture, and label or provide instructions for or warnings about any Cameron product designed, manufactured, or labeled by Cameron that was in use at the time of the alleged injurious incident complied and were in conformity with the generally recognized state of the art at the time the products were designed, manufactured, or labeled by Cameron.

## Affirmative Defenses – Sole or Superseding/Intervening Causation

425.   Any injury sustained by the State of Louisiana was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

426.   Any injury sustained by the State of Louisiana was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

## Affirmative Defense – Reduction of Recovery Based on Fault of Others

427.   Under any applicable law, recovery by the State of Louisiana for any damages proximately caused by any product characteristic for which Cameron may be held liable is to be reduced and/or allocated to reflect the contributory fault of others, including the Cross-Defendants named below, and perhaps others revealed as discovery and pertinent investigations progress.  *See* LA. CIV. CODE art. 2323.

1078670v.1

**Affirmative Defense – Payment and/or Release**

428.    To the extent that the State of Louisiana has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is entitled to be relieved of any liability in this action to the extent of any such payment or release.

**Affirmative Defenses – Damage Recovery**

429.    The State of Louisiana is not entitled to double recovery of its provable damages.

430.    The State of Louisiana is not entitled to recover damages to the extent that the claimant failed to take reasonable action in mitigation of those damages.

**Affirmative Defense – Economic Loss Doctrine**

431.    Recovery against Cameron is barred or constrained by the economic loss doctrine.

**Cross-Claims**

432.    To the extent necessary, and now acting as Cross-Plaintiff, Cameron asserts as cross-claims against the other Defendants named in or tendered with respect to the Claim and named in the Complaint the cross-claims asserted against those cross-Defendants in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179.

1078670v.1

## Demand for Judgment

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1. That the State of Louisiana take nothing by its Complaint;

2. That Cameron recover from the State of Louisiana its costs of court in this action;

3. That as Cross-Plaintiff, Cameron recover from Cross-Defendants the relief set forth in the Demands for Judgment in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179; and

4. That Cameron recover such other and further relief from the State of Louisiana to which it may show itself entitled.

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

1078670v.1

and


/s/ Phillip A. Wittmann

Phillip A. Wittmann, 13625
    pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
    cbertaut@stonepigman.com
Keith B. Hall, 24444
    khall@stonepigman.com
Jared Davidson, 32419
    jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR DEFENDANT
CAMERON INTERNATIONAL
CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer of Defendant Cameron International Corporation to the First Amended Complaint of the State of Louisiana, Together with Cross-Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of December, 2011.

*/s/ Phillip A. Wittmann*
Phillip A. Wittmann
