UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| **THIS DOCUMENT RELATES TO** | : | |
| **10-4182, 10-4183** | : | JURY TRIAL DEMANDED |
| | : | |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

**ANSWER OF DEFENDANT CAMERON TO THE
STATE OF ALABAMA'S FIRST AMENDED
<u>COMPLAINT, TOGETHER WITH CROSS-CLAIMS</u>**

Cameron International Corporation ("Cameron") respectfully files this answer in response to the The State of Alabama's First Amended Complaint ("Complaint"; Doc. 1872), together with cross-claims against the other defendants named in the Complaint, as follows:

**Jury Demand**

Cameron demands trial by jury of all issues in these proceedings so triable.

**Reservation of Right to Amend**

Discovery is ongoing.   Cameron therefore reserves its right to amend this pleading.

**Responding to Allegations in the Complaint**

Subject to the affirmative factual allegations made by Cameron in support of its claims for affirmative relief in this and other pleadings in these proceedings [Doc. 412 in 10-2771 ¶¶ 29-87; the "Cameron Allegations"], which are hereby incorporated by reference pursuant to F.R. CIV. P. 10(c), Cameron responds as follows to the numbered allegations in the

1

Complaint.  Any factual allegation of the Complaint that is not admitted in the following paragraphs of this section or in the Cameron Allegations is denied.

1.     Cameron admits that on April 22, 2010, a well being developed on the Outer Continental Shelf blew out, resulting in explosions and fires, and ultimately the sinking of the mobile offshore drilling unit the *Deepwater Horizon* and the release of oil from the well into the subsurface waters of the Gulf of Mexico.  The second sentence of paragraph 1 describes the Complaint and requires no further response.  To the extent that the third sentence of paragraph 1 includes Cameron as one of the "Defendants," Cameron denies the allegations in the third sentence of paragraph 1.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 1.

2.     To the extent that the allegations in paragraph 2 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 2.

3.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 3.

4.     Paragraph 4 purports to describe the Complaint and requires no response.

5.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 5.  The second sentence of paragraph 5 is a reservation of rights that requires no response.

6.     Cameron admits the allegations in paragraph 6.

7.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 7.

8.     Cameron admits that BP Exploration held a lease with the MMS with respect to Mississippi Canyon Block 252, and that BP Exploration was designated a "responsible party" by the Coast Guard.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 8.

9.     Cameron admits that BP America was a successor party to the Drilling Contract for the *Deepwater Horizon*.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 9.

10.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 10.

11.     The first sentence of paragraph 11 is a reference convention that requires no response.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 11.

12.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 12.

13.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 13.

14.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 14.

15.     Cameron admits that Transocean Holdings was a successor party to the Drilling Contract and that Transocean Holdings was designated a "responsible party" by the

1078678v.1

Coast Guard.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 15.

16.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 16.

17.     The first sentence of paragraph 17 is a reference convention that requires no response.  Cameron admits that Transocean entities provided the *Deepwater Horizon* for operations at the Macondo site pursuant to the Drilling Contract.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 17.

18.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 18.

19.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 19.

20.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 20.

21.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 21.

22.     Cameron admits the allegations in the first two sentences of paragraph 22. With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001.  Cameron denies the remaining allegations in paragraph 22.

4

23.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 23.

24.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 24.

25.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 25.

26.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 26.

27.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 27.

28.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 28.

29.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 29.

30.     Paragraph 30 is a reference convention that requires no response.

31.     Except as alleged in the Cameron Allegations and except as provided in the agreements referenced in paragraph 31, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 31.

32.     To the extent that the allegations in paragraph 32 are directed to Cameron, Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 32.

33.     Cameron denies the allegations in paragraph 33.

34.     Cameron admits the allegations in paragraph 34.

35.     Because the claims referenced in paragraph 35 have been properly dismissed, paragraph 35 requires no response.

36.     Cameron admits that this court has authority over pretrial matters in this case pursuant to order of the JPML.  Cameron denies the remaining allegations in paragraph 36.

37.     Paragraph 37 is a reservation of rights that requires no response.

38.     In response to paragraph 38, Cameron avers that the referenced Lease speaks for itself.

39.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 39.

40.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 40.

41.     Cameron admits that the MMS approved an initial exploration plan for the Macondo prospect.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 41.

42.     In response to the allegations in paragraph 42, Cameron avers that the application for a permit referenced in paragraph 42 speaks for itself.

43.     Cameron admits that the *Deepwater Horizon* was a dynamically positioned MODU owned and operated by Transocean entities.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 43.

44.     Cameron admits that the Drilling Contract applied to the *Deepwater Horizon*, but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 44.

45.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 45.

46.     Cameron admits that the Macondo prospect is in the Gulf of Mexico, with the nearest state being the State of Louisiana and that drilling operations at the Macondo prospect ultimately extended over 18,000 feet into the subsoil of the Outer Continental Shelf. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 46.

47.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 47.

48.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 48.

49.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 49.

50.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 50.

51.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 51.

52.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 52.

53.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 53.

54.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 54.

7

55.     To the extent that the allegations in paragraph 55 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 55.

56.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 56.

57.     To the extent that the allegations in paragraph 57 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 57.

58.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 58.

59.     To the extent that the allegations in paragraph 59 are directed at Cameron, Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 59.

60.     To the extent that the allegations in paragraph 60 are directed at Cameron, Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 60.

61.     To the extent that the allegations in paragraph 61 are directed at Cameron, Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks

1078678v.1

knowledge or information sufficient to form a belief about the remaining allegations in paragraph 61.

62.     Cameron denies the allegations in paragraph 62.

63.     To the extent that the allegations in paragraph 63 are directed at Cameron, Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 63.

64.     To the extent that the allegations in paragraph 64 are directed at Cameron, Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 64.

65.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 65.  The second sentence of paragraph 65 is a reservation of rights that requires no response.

66.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 66.

67.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 67.

68.     To the extent that the allegations in paragraph 68 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 68.

9

69.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 69.

70.     To the extent that the allegations in paragraph 70 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 70.

71.     To the extent that the allegations in paragraph 71 include Cameron as one of the "Defendants," Cameron denies those allegations.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 71.

72.     To the extent that the allegations in paragraph 72 include Cameron as one of the "Defendants," Cameron denies those allegations.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 72.

73.     To the extent that the allegations in paragraph 73 include Cameron as one of the "Defendants," Cameron denies those allegations.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 73.

74.     To the extent that the allegations in paragraph 74 include Cameron as one of the "Defendants," Cameron denies those allegations.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 74.

75.     To the extent that the allegations in paragraph 75 include Cameron as one of the "Defendants," Cameron denies those allegations.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 75.

76.     To the extent that the allegations in paragraph 76 include Cameron as one of the "Defendants," Cameron denies those allegations.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 76.

77.     Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 77.

78.     To the extent that the allegations in paragraph 78 include Cameron as one of the "Defendants," Cameron denies those allegations.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 78.

79.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 79.

80.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 80.

81.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 81.

82.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 82.

83.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 83.

84.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 84.

85.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 85.

1078678v.1

86.     Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 86.

87.     Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in the first sentence of paragraph 87.  In response to the remainder of paragraph 87, Cameron avers that the referenced order speaks for itself.

88.     In response to paragraph 88, Cameron avers that the referenced public actions speaks for themselves.

89.     In response to the first sentence of paragraph 89, Cameron avers that the referenced announcement speaks for itself.  Cameron lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of paragraph 89.

90.      To the extent that the allegations in paragraph 90 include Cameron as one of the "Defendants," Cameron denies those allegations.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 90.

91.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 91.

92.     The first sentence of paragraph 92 is a purported description of the Complaint and requires no response.  Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 92.

93.     To the extent that paragraph 93 is a reservation of rights it requires no response.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 93.

94.     In response to paragraph 94, Cameron repeats its responses to paragraphs 1-93.

95.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 95.

96.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 96.

97.     To the extent that the allegations in paragraph 97 include Cameron as one of the "Defendants," Cameron denies those allegations.   Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 97.

98.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 98.

99.     Cameron denies the allegations in paragraph 99.

100.    To the extent that the allegations in paragraph 100 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 100.

101.    To the extent that the allegations in paragraph 101 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 101.

102.    To the extent that the allegations in paragraph 102 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 102.

1078678v.1

103. To the extent that the allegations in paragraph 103 include Cameron as one of the "Defendants," Cameron denies those allegations. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 103.

104. To the extent that the allegations in paragraph 104 include Cameron as one of the "Defendants," Cameron denies those allegations. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 104.

105. To the extent that the allegations in paragraph 105 include Cameron as one of the "Defendants," Cameron denies those allegations. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 105.

106. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 106.

107. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 107.

108. Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 108.

109. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 109.

110. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 110.

14

111.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 111.

112.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 112.

113.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 113.

114.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 114.

115.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 115.

116.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 116.

117.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 117.

118.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 118.

119.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 119.

120.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 120.

121.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 121.

1078678v.1

122.     With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001. Cameron denies the remaining allegations in paragraph 122.

123.     Cameron denies the allegations in paragraph 123.

124.     Cameron denies the allegations in paragraph 124.

125.     Cameron denies the allegations in paragraph 125.

126.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 126.

127.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 127.

128.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 128.

129.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 129.

130.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 130.

131.     To the extent that the allegations in paragraph 131 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 131.

16

132.    To the extent that the allegations in paragraph 132 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 132.

133.    To the extent that the allegations in paragraph 133 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 133.

134.    To the extent that the allegations in paragraph 134 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 134.

135.    To the extent that the allegations in paragraph 135 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 135.

136.    In response to paragraph 136, Cameron repeats its responses to paragraphs 1-135.

137.    To the extent that the allegations in paragraph 137 are directed at Cameron, Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 137.

1078678v.1

138.    To the extent that the allegations in paragraph 138 are directed at Cameron, Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 138.

139.    To the extent that the allegations in paragraph 139 are directed at Cameron, Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 139.

140.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 140.

141.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 141.

142.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 142.

143.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 143.

144.    To the extent that the allegations in paragraph 144 are directed at Cameron, Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 144.

145.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 145.

146.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 146.

147.     To the extent that the allegations in paragraph 147 are directed at Cameron, Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 147.

148.     In response to paragraph 148, Cameron repeats its responses to paragraphs 1-147.

149.     Cameron denies the allegations in paragraph 149.

150.     Cameron admits that it was in the business of performing the acts described in the first sentence of the response to paragraph 122 above.   Cameron denies the remaining allegations in paragraph 150.

151.     In response to paragraph 151, Cameron avers that when manually activated before the explosion, the BOP equipment on the *Deepwater Horizon* did cut off the flow of hydrocarbons at the BOP.   Cameron denies the remaining allegations in paragraph 151.

152.     Cameron admits that it sold the BOP as originally assembled before modification to the predecessor of a Transocean Defendant in 2001, but denies the remaining allegations in paragraph 152.

153.     Cameron denies the allegations in paragraph 153.

154.     Cameron denies the allegations in paragraph 154.

155.     Cameron denies the allegations in paragraph 155.

156.     Cameron denies the allegations in paragraph 156.

157.     Cameron denies the allegations in paragraph 157.

1078678v.1

158.    Cameron denies the allegations in paragraph 158.

159.    Cameron denies the allegations in paragraph 159.

160.    Cameron denies the allegations in paragraph 160.

161.    Cameron denies the allegations in paragraph 161.

162.    Cameron denies the allegations in paragraph 162.

163.    Cameron denies the allegations in paragraph 163.

164.    Cameron denies the allegations in paragraph 164.

165.    Cameron denies the allegations in paragraph 165.

166.    Cameron denies the allegations in paragraph 166.

167.    Cameron denies the allegations in paragraph 167.

168.    Cameron denies the allegations in paragraph 168.

169.    In response to paragraph 169, Cameron repeats its responses to paragraphs 1-168.

170.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 170.

171.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 171.

172.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 172.

173.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 173.

174.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 174.

1078678v.1

175.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 175.

176.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 176.

177.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 177.

178.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 178.

179.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 179.

180.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 180.

181.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 181.

182.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 182.

183.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 183.

184.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 184.

185.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 185.

1078678v.1

186.   In response to paragraph 186, Cameron repeats its responses to paragraphs 1-185.

187.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 187.

188.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 188.

189.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 189.

190.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 190.

191.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 191.

192.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 192.

193.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 193.

194.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 194.

195.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 195.

196.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 196.

197.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 197.

198.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 198.

199.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 199.

200.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 200.

201.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 201.

202.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 202.

203.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 203.

204.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 204.

205-19.    Inasmuch as Count II of the Complaint is not asserted against Cameron, paragraphs 205-19 require no response.

220-63.    Inasmuch as Counts IIIA.-F. of the Complaint have been dismissed as pre-empted by OPA, paragraphs 220-63 require no response.

264-81.    Inasmuch as Count III.G. of the Complaint is not asserted against Cameron, paragraphs 264-81 require no response.

23

282-327.       Inasmuch as Counts III.H.-M (first) of the Complaint have been dismissed as pre-empted by OPA, paragraphs 282-327 require no response.

328.      In response to paragraph 328, Cameron repeats its responses to paragraphs 1-327.

329.      To the extent that the allegations in paragraph 329 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 329.

330.      To the extent that the allegations in paragraph 330 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 330.

331.      To the extent that the allegations in paragraph 331 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 331.

332.      To the extent that the allegations in paragraph 332 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 332.

333.      To the extent that the allegations in paragraph 333 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron

Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 333.

334.    To the extent that the allegations in paragraph 334 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 334.

335.    To the extent that the allegations in paragraph 335 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 335.

336.    To the extent that the allegations in paragraph 336 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 336.

337.    To the extent that the allegations in paragraph 337 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 337.

338.    Paragraph 338 is a demand for judgment that requires no response.

339.    In response to paragraph 339, Cameron repeats its responses to paragraphs 1-338.

340.    To the extent that the allegations in paragraph 340 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron

1078678v.1

Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 340.

341.    To the extent that the allegations in paragraph 341 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 341.

342.    To the extent that the allegations in paragraph 342 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 342.

343.    To the extent that the allegations in paragraph 343 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 343.

344.    To the extent that the allegations in paragraph 344 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 344.

345.    Paragraph 345 is a demand for judgment that requires no response.

346-68.        Inasmuch as Count IV is not asserted against Cameron, paragraphs 346-68 require no response.

369.    In response to paragraph 369, Cameron joins the demand for jury trial.

370.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 370.

371.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first two sentences of paragraph 371.  The third sentence of paragraph 371 is a reservation of rights that requires no response.

372.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first two sentences of paragraph 372.  The third sentence of paragraph 372 is a reservation of rights that requires no response.

**Failure to State a Claim**

373.    Even beyond the correct dismissal of state law claims in Doc. 4578, the Complaint does not state a valid claim upon which relief may be granted against Cameron for the following reasons:

a.   The Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq. ("OPA"), provides comprehensive remedies for oil spill costs and damages, including sections providing for the potential liability of Cameron to parties other than the State of Alabama, and therefore displaces and pre-empts all the claims against Cameron asserted in the Complaint.

b.   The Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), preempts recovery against Cameron under admiralty law.

c.   In addition, recovery of any relief by the State of Alabama against Cameron under the law of the OCSLA "adjacent state," here Louisiana, is barred for the reasons stated in the following section.

27

374.    The Complaint fails to state a claim upon which relief can be granted against Cameron for the following reasons:

a.    Under OCSLA, which applies to the claims in this case based on the blowout of an OCS well during drilling operations, any claim for relief that is not encompassed or preempted by OPA is governed exclusively by the law of the "adjacent state," here Louisiana, but only so long as the surrogate state law is not "inconsistent with" federal law.  43 U.S.C. § 1333(a).  OCSLA therefore expressly preempts the application of general maritime law.

b.    The claims against Cameron in the Complaint are altogether barred by OCSLA because they are inconsistent with the comprehensive remedial scheme of OPA.

c.    To the extent the claims of the Complaint are applicable and not barred by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing those claims.  L.S.A. R.S. § 2491.A.

d.    The Complaint fails to state a claim upon which relief can be granted against Cameron under LOSPRA because it does not allege specific facts that any asserted claim is "not recoverable under" OPA.  L.S.A. R.S. § 30:2488.C.

e.    The Complaint fails to state a claim upon which relief can be granted against Cameron under LOSPRA because the Complaint concedes

that all federal remedies have not been exhausted as required by LOSPRA. L.S.A. R.S. § 2488.C.

f.  The Complaint fails to state a claim upon which relief can be granted against Cameron under LOSPRA because the Complaint affirmatively alleges facts demonstrating that Cameron is not a "responsible party" under LOSPRA inasmuch as persons who provide assistance in response to a threatened discharge of oil are excluded from that definition.  L.S.A. R.S. § 2454(22)(c).

g.  If LOSPRA is not applicable to the claims against Cameron in the Complaint, and if the Louisiana Products Liability Act ("LPLA") is not altogether preempted by OPA or OCSLA, LPLA would be the exclusive Louisiana law governing those claims.  L.S.A. R.S. § 2800.52.

h.  The Complaint fails to state a claim upon which relief can be granted against Cameron under the LPLA because it contains no allegations that any injury was proximately caused by an identified characteristic of a Cameron product that made the product unreasonably dangerous within the meaning of the Louisiana Act.  L.S.A. R.S. § 9:2800.54.A.

i.  The Complaint fails to state a claim upon which relief can be granted against Cameron because it contains no allegation stating any element of any theory of liability permitted by the LPLA.  L.S.A. R.S. §§ 9:2800.54.B, 9:2800.55-58.

j.   Cameron is immune from recovery under the Complaint allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A) and/or 42 U.S.C. § 4158.

k.   Cameron is immune from all claims in the Complaint arising from Cameron's actions or advice concerning response to the oil spill by the terms of L.S.A. R.S. §§ 30:2466.B.

l.   In the alternative, the Complaint fails to state a claim upon which relief could be granted against Cameron as product manufacturer under general maritime law for essentially the reasons stated in subsections i. and j. above.

**Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act**

375.   Cameron states that the claims against Cameron in the Complaint are barred by LOSPRA, which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims, L.S.A. R.S. § 30:2491.A.

376.   Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

377.   While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Complaint is barred to the extent that it is based on an underlying claim of a private party that did not suffer injury to or destruction of property as described in LS.A. R.S. § 30:2454(5)(b).

30

378.    While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Complaint is barred under LOSPRA because all such claims against Cameron are based on its provision of assistance "in response to a threatened discharge of oil by another person" within the meaning of subsection 2454(22)(c).  L.S.A. R.S. § 30:2454(22)(c).

379.    While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Complaint is barred by LOSPRA because of the misconduct and negligence of third parties within the meaning of L.S.A. R.S. § 30:2481(4).

380.    While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA would limit the liability of Cameron under the Complaint in any event.  L.S.A. R.S. § 30:2479.

### Affirmative Defenses – Louisiana Products Liability Act

381.    To the extent that the claims of the Complaint are not displaced by OPA and/or OCSLA and/or are not subject to LOSPRA, the claims of the Claim and Complaint are barred by the LPLA, which establishes the exclusive theories of liability for product manufacturers, and Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA.  L.S.A. R.S. § 9:2800.51 *et seq.*

382.    Any alleged defect in a Cameron product at the time of the alleged injurious event was the result of changes to or in the product or its operation because the product did not receive reasonable care and/or maintenance by its owners or users.  L.S.A. R.S. § 9:2800.53(8)(c).

31

383.   Any alleged defect in a Cameron product at the time of the alleged injurious event either did not exist at the time the product left the control of Cameron or did not result from a reasonably anticipated alteration or modification of the product.   L.S.A. R.S. § 9:2800.54.C.

384.   Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product, with the knowledge within the relevant community of the product's characteristics.   L.S.A. R.S. § 9:2800.57B(1).

385.   Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the users and handlers of the products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product.   L.S.A. R.S. §§ 9:2800.57B(2).

386.   Cameron's products met any express warranty applicable to those products.   *See* L.S.A. R.S. § 9:2800.58.

387.   Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time.   *See* L.S.A. R.S. § 9:2800.58.

388.   At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant

32

may identify was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.  L.S.A. R.S. § 9:2800.59A.

389.   At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. L.S.A. R.S. § 9:2800.59B.

### Affirmative Defense – Contractor Immunity Under Louisiana Law

390.   To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's (i.e., Transocean's) specifications, Cameron is immune from liability for that defect.  L.S.A. R.S. § 9:2771.

### Limitation on Liability – OPA

391.   While denying that it is liable under the Claim or Complaint, Cameron states that its potential liability with respect to Tendered Claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2)(B).

### Immunity from Liability – Federal Response Authority

392.   While denying that it is liable under the Claim or Complaint, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act, 33 U.S.C. §§ 1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

### Alternative Affirmative Defenses – General Maritime Law

393.   While maintaining and without waiving its position that OCSLA makes Louisiana law applicable to any claims in this action as surrogate and exclusive federal law, Cameron asserts in the alternative, as a protective matter, the affirmative defenses stated in paragraphs 381-92 above.

394.     No Cameron product in use at the time of the alleged injurious incident departed from its intended design at the time it left the control of Cameron.

395.     At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the reasonably foreseeable risks of harm posed by the product could not have been reduced or avoided by the adoption of a reasonable alternative design.

396.     At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, there were no feasible alternative designs of the product known by or reasonably available to Cameron that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

397.     In light of reasonably available scientific or technical knowledge or information at the time any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron could not have known of any feasible alternative design that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

398.     At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the Cameron warnings and instructions concerning that product were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

399.     No Cameron product in use at the time of the alleged injurious incident was dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product.

400.    After any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron issued warnings and instructions concerning the product that were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

401.    At the time of the injurious incident, the users of any Cameron product in use at the time of the alleged injurious incident knew or should have known of the dangers associated with that use.

402.    At the time and place of the alleged injurious incident, any failure of a Cameron product to function as intended was caused solely by either the failure of owners, users and/or handlers of the product to take reasonable care of and/or properly maintain the product and/or its constituent parts or an alteration or modification of the product that could not have been reasonably foreseen by Cameron.

403.    The methods, standards, and techniques used by Cameron to design, manufacture, and label or provide instructions for or warnings about any Cameron product designed, manufactured, or labeled by Cameron that was in use at the time of the alleged injurious incident complied and were in conformity with the generally recognized state of the art at the time the products were designed, manufactured, or labeled by Cameron.

## Affirmative Defenses – Sole or Superseding/Intervening Causation

404.    Any injury sustained by the State of Alabama was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

405.    Any injury sustained by the State of Alabama was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

35

**Affirmative Defense – Reduction of Recovery Based on Fault of Others**

406.    Under any applicable law, recovery by the State of Alabama for any damages proximately caused by any product characteristic for which Cameron may be held liable is to be reduced and/or allocated to reflect the contributory fault of others, including the Cross-Defendants named below, and perhaps others revealed as discovery and pertinent investigations progress.  *See* LA. CIV. CODE art. 2323.

**Affirmative Defense – Payment and/or Release**

407.    To the extent that the State of Alabama has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is entitled to be relieved of any liability in this action to the extent of any such payment or release.

**Affirmative Defenses – Damage Recovery**

408.    The State of Alabama is not entitled to double recovery of its provable damages.

409.    The State of Alabama is not entitled to recover damages to the extent that it failed to take reasonable action in mitigation of those damages.

**Affirmative Defense – Economic Loss Doctrine**

410.    Recovery against Cameron is barred or constrained by the economic loss doctrine.

**Cross-Claims**

411.    To the extent necessary, and now acting as Cross-Plaintiff, Cameron asserts as cross-claims against the other Defendants named in or tendered with respect to the Claim and named in the Complaint the cross-claims asserted against those cross-Defendants in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179.

**Demand for Judgment**

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1.  That the State of Alabama take nothing by its Complaint;

2.  That Cameron recover from the State of Alabama its costs of court in this action;

3.  That as Cross-Plaintiff, Cameron recover from Cross-Defendants the relief set forth in the Demands for Judgment in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179; and

4.  That Cameron recover such other and further relief from the State of Alabama to which it may show itself entitled.

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

1078678v.1

and

/s/ Phillip A. Wittmann

Phillip A. Wittmann, 13625
        pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
        cbertaut@stonepigman.com
Keith B. Hall, 24444
        khall@stonepigman.com
Jared Davidson, 32419
        jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR DEFENDANT
CAMERON INTERNATIONAL
CORPORATION**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Answer of Defendant Cameron International Corporation to the State of Alabama's First Amended Complaint, Together with Cross-Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of December, 2011.

/s/ Phillip A. Wittmann
Phillip A. Wittmann

38

1078678v.1