**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG      §<br>          "DEEPWATER HORIZON" in the  §<br>          GULF OF MEXICO on        §<br>          APRIL 20, 2010          §<br>                          §<br>      This document relates to:      §<br>                          §<br>          Nos. 2:10-CV-03059;      §<br>            2:11-CV-00516        §<br>                          §<br>                          §<br>                          §<br>―――――――――――――――――――――  § | MDL No. 2179<br><br>SECTION: J<br><br>Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

**DEFENDANT M-I L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES TO THE
STATE OF LOUISIANA'S FIRST AMENDED COMPLAINT**

Subject to and without waiving its Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6), M-I L.L.C. ("M-I"), for its answer and affirmative defenses to the claims of the State of Louisiana ("Louisiana"), states as follows:

1.      The first sentence of Paragraph 1 contains background information to which no response is required.  To the extent that a response is necessary, M-I admits that on April 20, 2010, a blowout occurred at the Macondo well, located approximately 50 miles off the coast of Louisiana, and an explosion and fire occurred aboard the mobile offshore drilling rig *Deepwater Horizon*, resulting in the sinking of the *Deepwater Horizon* and an oil spill in the Gulf of Mexico.  M-I denies the remaining allegations of Paragraph 1 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

2.      M-I denies the allegations in the fourth sentence of Paragraph 2, insofar as they are directed at M-I.  The allegations in the fifth sentence of Paragraph 2 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the

remaining allegations of Paragraph 2, insofar as they are directed at M-I, for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

3.     The allegations of Paragraph 3 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 3 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

4.     M-I admits that on April 20, 2010, a blowout occurred at the Macondo well and an explosion and fire occurred aboard the mobile offshore drilling rig *Deepwater Horizon*, resulting in the sinking of the *Deepwater Horizon* and an oil spill in the Gulf of Mexico.  M-I denies the remaining allegations of Paragraph 4 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

5.     M-I denies the allegations of Paragraph 5 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

6.     The allegations of Paragraph 6 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 6, insofar as they are directed at M-I.

7.     The allegations of Paragraph 7 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 7, insofar as they are directed at M-I.

8.     The allegations of Paragraph 8 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 8, insofar as they are directed at M-I.

9.      The allegations of Paragraph 9 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 9 for lack of knowledge or information sufficient to form a belief about the truth of said allegation.

10.     The allegations of Paragraph 10 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 10, insofar as they are directed at M-I.

11.     The allegations of Paragraph 11 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, upon information and belief, M-I admits the allegations of Paragraph 11, insofar as they are directed at M-I.

12.     Upon information and belief, M-I admits the allegations in the first sentence of Paragraph 12.  The allegations in the second sentence of Paragraph 12 do not require a response as they are not allegations of fact.  The third sentence of Paragraph 12 contains legal conclusions, and therefore no response is required.  To the extent that a response is necessary, M-I denies the remaining allegations of Paragraph 12, insofar as they are directed at M-I, for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

13.     Paragraph 13 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 13 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

14.     The first sentence of Paragraph 14 contains legal conclusions, and therefore no response is required.  The allegations in the second sentence of Paragraph 14 do not require a

response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 14, insofar as they are directed at M-I.

15.     The allegations of Paragraph 15 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 15 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

16.     The allegations of Paragraph 16 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 16 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

17.     The allegations of Paragraph 17 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 17 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

18.     The allegations of Paragraph 18 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 18 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

19.     The allegations of Paragraph 19 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 19 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

20.     The allegations of Paragraph 20 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 20 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

21.     The allegations of Paragraph 21 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 21 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

22.     The allegations of Paragraph 22 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 22 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

23.     The allegations of Paragraph 23 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 23 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

24.     The allegations of Paragraph 24 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 24 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

25.     The allegations of Paragraph 25 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph

25 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

26.     The allegations of Paragraph 26 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 26 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

27.     The allegations of Paragraph 27 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 27 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

28.     The allegations of Paragraph 28 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 28 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

29.     The allegations of Paragraph 29 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 29 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

30.     The allegations of Paragraph 30 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 30 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

31.     The allegations of Paragraph 31 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 31 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

32.     The allegations of Paragraph 32 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 32 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

33.     Upon information and belief, M-I admits the allegations of Paragraph 33 except that it denies that its principal office is located in the State of Delaware.

34.     The allegations of Paragraph 34 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 34 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

35.     M-I admits that the Court has subject-matter jurisdiction over the claims in this case.

35.     M-I admits that the Court has subject-matter jurisdiction over the claims in this case.

36.     M-I admits that the Court has subject-matter jurisdiction over the claims in this case.

37.     M-I admits that venue is proper in this district.

38.     Paragraph 38 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 38 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

39.     Paragraph 39 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 39 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

40.     Paragraph 40 contains background information to which no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 40 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

41.     Upon information and belief, M-I admits that on or around October 2009, drilling began on the Macondo Well using Transocean's *Marianas* and that M-I provided drilling fluids, attendant services, and a recommended drilling-fluids program for the well based on information provided by the operator and subject to operator approval.  M-I denies the remaining allegations of Paragraph 41 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

42.     Upon information and belief, M-I admits the allegations of Paragraph 42.

43.     Upon information and belief, M-I admits the allegations of Paragraph 43.

44.     M-I denies that it is "also known as M-I SWACO[.]"  M-I admits that it provided drilling fluids, attendant services, and a recommended drilling-fluids program for the well based on information provided by the operator and subject to operator approval.  M-I denies the remaining allegations of Paragraph 44.

45.     Upon information and belief, M-I admits the allegations in the second and third sentences of Paragraph 45.  M-I denies the remaining allegations of Paragraph 45, insofar as they are directed at M-I.

46.     The allegations of Paragraph 46 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 46 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

47.     M-I denies the allegations of Paragraph 47, insofar as they are directed at M-I, for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

48.     The allegations of Paragraph 48 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 48 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

49.     The allegations of Paragraph 49 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 49 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

50.     The allegations of Paragraph 50 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 50 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

51.     The allegations of Paragraph 51 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 51 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

52.     M-I denies the allegations of Paragraph 52, insofar as they are directed at M-I.

53.     M-I denies the allegations of Paragraph 53, insofar as they are directed at M-I.

54.     M-I denies the allegations of Paragraph 54, insofar as they are directed at M-I.

55.     M-I denies the allegations of Paragraph 55, insofar as they are directed at M-I.

56.     M-I denies the allegations of Paragraph 56, insofar as they are directed at M-I.

57.     The allegations of Paragraph 57 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 57 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

58.     The allegations of Paragraph 58 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 58 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

59.     The allegations of Paragraph 59 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 59 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

60.     The allegations of Paragraph 60 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 60 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

61.     The allegations of Paragraph 61 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 61 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

62.     The allegations of Paragraph 62 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 62 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

63.     The allegations of Paragraph 63 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 63 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

64.     The allegations of Paragraph 64 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 64 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

65.     The allegations of Paragraph 65 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph

65 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

66.     The allegations of Paragraph 66 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 66 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

67.     The allegations of Paragraph 67 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 67 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

68.     The allegations of Paragraph 68 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 68 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

69.     The allegations of Paragraph 69 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 69 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

70.     The allegations of Paragraph 70 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 70 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

71.     The allegations of Paragraph 71 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 71 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

72.     Paragraph 72 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 72 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

73.     The allegations of Paragraph 73 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 73 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

74.     The allegations of Paragraph 74 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 74 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

75.     The allegations of Paragraph 75 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 75 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

76.     The allegations of Paragraph 76 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph

76 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

77.     The allegations of Paragraph 77 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 77 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

78.     The allegations of Paragraph 78 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 78 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

79.     The allegations of Paragraph 79 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 79 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

80.     The allegations of Paragraph 80 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 80 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

81.     The allegations of Paragraph 81 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 81 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

82.     The allegations of Paragraph 82 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 82 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

83.     The allegations of Paragraph 83 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 83 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

84.     The allegations of Paragraph 84 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 84 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

85.     The allegations of Paragraph 85 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 85 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

86.     M-I denies the allegations of Paragraph 86, insofar as they are directed at M-I.

87.     M-I denies the allegations of Paragraph 87, insofar as they are directed at M-I.

88.     The allegations of Paragraph 88, including all subparts, are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 88 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

89.     Paragraph 89 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 89 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

90.     The allegations of Paragraph 90 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 90 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

91.     The allegations of Paragraph 91 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 91 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

92.     The allegations of Paragraph 92 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 92 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

93.     The allegations of Paragraph 93 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 93 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

94.     The allegations of Paragraph 94 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph

94 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

95.     The allegations of Paragraph 95 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 95 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

96.     The allegations of Paragraph 96 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 96 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

97.     The allegations of Paragraph 97 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 97 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

98.     The allegations of Paragraph 98 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 98 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

99.     The allegations of Paragraph 99 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 99 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

100.     The allegations of Paragraph 100 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 100 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

101.     The allegations of Paragraph 101 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 101 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

102.     The allegations of Paragraph 102 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 102 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

103.     The allegations of Paragraph 103 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 103 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

104.     The allegations of Paragraph 104, including all subparts, are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 104 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

105.     The allegations of Paragraph 105 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 105 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

106.     M-I denies the allegations of Paragraph 106, insofar as they are directed at M-I.

107.     M-I denies the allegations of Paragraph 107, insofar as they are directed at M-I.

108.     M-I denies the allegations of Paragraph 108, insofar as they are directed at M-I.

109.     M-I denies the allegations of Paragraph 109 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

110.     M-I denies the allegations of Paragraph 110 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

111.     M-I denies the allegations of Paragraph 111 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

112.     M-I denies the allegations of Paragraph 112 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

113.     The allegations of Paragraph 113 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 113 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

114.     Upon information and belief, M-I admits the allegations of Paragraph 114.

115.     M-I denies the allegations of Paragraph 115 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

116.    M-I denies the allegations of Paragraph 116 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

117.    M-I denies the allegations of Paragraph 117 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

118.    M-I denies the allegations of Paragraph 118 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

119.    M-I denies the allegations of Paragraph 119 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

120.    M-I denies the allegations of Paragraph 120 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

121.    M-I denies the allegations of Paragraph 121 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

122.    M-I denies the allegations of Paragraph 122 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

123.    M-I denies the allegations of Paragraph 123 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

124.    M-I denies the allegations of Paragraph 124 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

125.    M-I denies the allegations of Paragraph 125 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

126.     M-I denies the allegations of Paragraph 126 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

127.     M-I denies the allegations of Paragraph 127 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

128.     M-I denies the allegations of Paragraph 128 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

129.     M-I denies the allegations of Paragraph 129 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

130.     M-I denies the allegations of Paragraph 130 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

131.     M-I denies the allegations of Paragraph 131 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

132.     M-I denies the allegations of Paragraph 132 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

133.     Paragraph 133 contains legal conclusions, and therefore no response is required. To the extent that a response is necessary, M-I denies the allegations of Paragraph 133 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

134.     M-I admits that on May 28, 2010, the United States Department of the Interior Minerals Management Service issued a six-month moratorium on all new and existing deepwater drilling in the Gulf of Mexico.  M-I denies the remaining allegations of Paragraph 134 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

135.    Upon information and belief, M-I admits the allegations in the first sentence of Paragraph 135.  M-I denies the remaining allegations of Paragraph 135 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

136.    M-I denies the allegations of Paragraph 136 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

137.    The allegations of Paragraph 137 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 137 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

138.    The allegations of Paragraph 138 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 138 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

139.    M-I denies the allegations of Paragraph 139, insofar as they are directed at M-I.

140.    M-I denies the allegations of Paragraph 140 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

141.    M-I denies the allegations of Paragraph 141 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

142.    M-I denies the allegations of Paragraph 142, insofar as they are directed at M-I.

143.    The allegations of Paragraph 143 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 143 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

144.    The allegations of Paragraph 144 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 144 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

145.    The allegations of Paragraph 145 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 145 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

146.    The allegations of Paragraph 146 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 146 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

147.    The allegations of Paragraph 147 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 147 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

148.    The allegations of Paragraph 148 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 148 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

149.    The allegations of Paragraph 149 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 149 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

150.    The allegations of Paragraph 150 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 150 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

151.    The allegations of Paragraph 151 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 151 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

152.    The allegations of Paragraph 152 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 152, insofar as they are directed at M-I, for lack of knowledge or information sufficient to form a belief about the truth of said allegation.

153.    M-I repeats and realleges its answers to Paragraphs 1-152.

154.    The allegations of Paragraph 154 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 154 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

155.    The allegations of Paragraph 155 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 155 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

156.    The allegations of Paragraph 156 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 156 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

157.    The allegations of Paragraph 157 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 157 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

158.    The allegations of Paragraph 158 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 158 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

159.    The allegations of Paragraph 159 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 159 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

160.    The allegations of Paragraph 160 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 160 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

161.   The allegations of Paragraph 161 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 161 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

162.   The allegations of Paragraph 162 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 162 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

163.   The allegations of Paragraph 163 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 163 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

164.   The allegations of Paragraph 164 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 164 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

165.   The allegations of Paragraph 165 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 165 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

166.    The allegations of Paragraph 166 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 166 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

167.    The allegations of Paragraph 167 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 167 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

168.    M-I repeats and realleges its answers to Paragraphs 1-167.

169.    No response is required to the allegations of Paragraph 169 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 169 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 169 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

170.    No response is required to the allegations of Paragraph 170 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 170 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 170 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

171.    No response is required to the allegations of Paragraph 171 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 171 are not directed at M-I, and therefore no response is required.  To

the extent that a response is necessary, M-I denies the allegations of Paragraph 171 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

172.    No response is required to the allegations of Paragraph 172 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 172 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 172 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

173.    No response is required to the allegations of Paragraph 173 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 173 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 173 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

174.    No response is required to the allegations of Paragraph 174 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 174 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 174 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

175.    No response is required to the allegations of Paragraph 175 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 175 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 175 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

176.    No response is required to the allegations of Paragraph 176 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.    Alternatively, the allegations of Paragraph 176 are not directed at M-I, and therefore no response is required.    To the extent that a response is necessary, M-I denies the allegations of Paragraph 176 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

177.    No response is required to the allegations of Paragraph 177 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.    Alternatively, the allegations of Paragraph 177 are not directed at M-I, and therefore no response is required.    To the extent that a response is necessary, M-I denies the allegations of Paragraph 177 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

178.    No response is required to the allegations of Paragraph 178 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.    Alternatively, the allegations of Paragraph 178 are not directed at M-I, and therefore no response is required.    To the extent that a response is necessary, M-I denies the allegations of Paragraph 178 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

179.    No response is required to the allegations of Paragraph 179 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.    Alternatively, the allegations of Paragraph 179 are not directed at M-I, and therefore no response is required.    To the extent that a response is necessary, M-I denies the allegations of Paragraph 179 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

180.    No response is required to the allegations of Paragraph 180 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.    Alternatively, the allegations of Paragraph 180 are not directed at M-I, and therefore no response is required.    To

the extent that a response is necessary, M-I denies the allegations of Paragraph 180 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

181.    M-I repeats and realleges its answers to Paragraphs 1-180.

182.    No response is required to the allegations of Paragraph 182 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 182 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 182 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

183.    No response is required to the allegations of Paragraph 183 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 183 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 183 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

184.    No response is required to the allegations of Paragraph 184 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 184 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 184 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

185.    No response is required to the allegations of Paragraph 185 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 185 are not directed at M-I, and therefore no response is required.   To

the extent that a response is necessary, M-I denies the allegations of Paragraph 185 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

186.    No response is required to the allegations of Paragraph 186 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 186 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 186 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

187.    No response is required to the allegations of Paragraph 187 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 187 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 187 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

188.    No response is required to the allegations of Paragraph 188 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 188 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 188 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

189.    No response is required to the allegations of Paragraph 189 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 189 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 189 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

190.    M-I repeats and realleges its answers to Paragraphs 1-189.

191.    No response is required to the allegations of Paragraph 191 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 191 do not require a response as they are not allegations of fact.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 191, insofar as they are directed at M-I.

192.    No response is required to the allegations of Paragraph 192 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 192 for lack of knowledge or information sufficient to form a belief about the truth of said allegation.

193.    No response is required to the allegations of Paragraph 193 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 193 for lack of knowledge or information sufficient to form a belief about the truth of said allegation.

194.    No response is required to the allegations of Paragraph 194 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 194, insofar as they are directed at M-I.

195.    M-I repeats and realleges its answers to Paragraphs 1-194.

196.    The allegations of Paragraph 196 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of

Paragraph 196 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

197.     The allegations of Paragraph 197 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 197 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

198.     The allegations of Paragraph 198 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 198 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

199.     The allegations of Paragraph 199 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 199 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

200.     The allegations of Paragraph 200 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 200 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

201.     The allegations of Paragraph 201 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 201 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

202.    The allegations of Paragraph 202 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 202 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

203.    The allegations of Paragraph 203 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 203 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

204.    The allegations of Paragraph 204 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 204 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

205.    The allegations of Paragraph 205 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 205 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

206.    The allegations of Paragraph 206 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 206 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

207.    The allegations of Paragraph 207 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 207 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

208.    The allegations of Paragraph 208 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 208 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

209.    The allegations of Paragraph 209 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 209 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

210.    The allegations of Paragraph 210 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 210 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

211.    The allegations of Paragraph 211 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 211 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

212.    The allegations of Paragraph 212 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 212 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

213.    The allegations of Paragraph 213 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 213 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

214.    The allegations of Paragraph 214 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 214 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

215.    The allegations of Paragraph 215 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 215 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

216.    The allegations of Paragraph 216 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 216 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

217.    The allegations of Paragraph 217 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 217 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

218.    The allegations of Paragraph 218 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 218 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

219.   The allegations of Paragraph 219 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 219 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

220.   The allegations of Paragraph 220 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 220 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

221.   The allegations of Paragraph 221 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 221 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

222.   M-I repeats and realleges its answers to Paragraphs 1-221.

223.   No response is required to the allegations of Paragraph 223 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 223 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 223 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

224.   No response is required to the allegations of Paragraph 224 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the

allegations of Paragraph 224 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 224 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

225.    No response is required to the allegations of Paragraph 225 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 225 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 225 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

226.    No response is required to the allegations of Paragraph 226 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 226 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 226 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

227.    No response is required to the allegations of Paragraph 227 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 227 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 227 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

228.    No response is required to the allegations of Paragraph 228 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 228 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 228 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

229.    No response is required to the allegations of Paragraph 229 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 229 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 229 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

230.    No response is required to the allegations of Paragraph 230 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 230 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 230 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

231.    No response is required to the allegations of Paragraph 231 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 231 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 231 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

232.    No response is required to the allegations of Paragraph 232 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 232 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 232 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

233.    No response is required to the allegations of Paragraph 233 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 233 are not directed at M-I, and therefore no response is required.  To

the extent that a response is necessary, M-I denies the allegations of Paragraph 233 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

234.   No response is required to the allegations of Paragraph 234 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 234 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 234 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

235.   No response is required to the allegations of Paragraph 235 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 235 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 235 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

236.   No response is required to the allegations of Paragraph 236 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 236 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 236 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

237.   No response is required to the allegations of Paragraph 237 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 237, including all subparts, are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 237 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

40

238.     No response is required to the allegations of Paragraph 238 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 238 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 238 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

239.     M-I repeats and realleges its answers to Paragraphs 1-238.

240.     The allegations of Paragraph 240 do not require a response as they are not allegations of fact.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 240, insofar as they are directed at M-I.

241.     M-I denies the allegations of Paragraph 241, insofar as they are directed at M-I.

242.     M-I denies the allegations of Paragraph 242, insofar as they are directed at M-I.

243.     M-I denies the allegations of Paragraph 243, insofar as they are directed at M-I.

244.     M-I denies the allegations of Paragraph 244, insofar as they are directed at M-I.

245.     M-I denies the allegations of Paragraph 245, including all subparts, insofar as they are directed at M-I.

246.     M-I denies the allegations of Paragraph 246, insofar as they are directed at M-I.

247.     M-I denies the allegations of Paragraph 247, including all subparts, insofar as they are directed at M-I.

248.     M-I denies the allegations of Paragraph 248, insofar as they are directed at M-I.

249.     M-I repeats and realleges its answers to Paragraphs 1-248.

250.    No response is required to the allegations of Paragraph 250 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 250 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 250, insofar as they are directed at M-I.

251.    No response is required to the allegations of Paragraph 251 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 251, insofar as they are directed at M-I.

252.    No response is required to the allegations of Paragraph 252 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 252, insofar as they are directed at M-I.

253.    No response is required to the allegations of Paragraph 253 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 253, insofar as they are directed at M-I.

254.    No response is required to the allegations of Paragraph 254 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 254, insofar as they are directed at M-I.

255.    No response is required to the allegations of Paragraph 255 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 255, insofar as they are directed at M-I.

256.    No response is required to the allegations of Paragraph 256 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, Paragraph 256 contains legal conclusions, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 256, insofar as they are directed at M-I.

257.    No response is required to the allegations of Paragraph 257 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 257, including all subparts, insofar as they are directed at M-I.

258.    No response is required to the allegations of Paragraph 258 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 258, insofar as they are directed at M-I.

259.    M-I repeats and realleges its answers to Paragraphs 1-258.

260.    No response is required to the allegations of Paragraph 260 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 260 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the

allegations of Paragraph 260 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

261.    No response is required to the allegations of Paragraph 261 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 261 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 261 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

262.    No response is required to the allegations of Paragraph 262 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 262 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 262 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

263.    No response is required to the allegations of Paragraph 263 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 263 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 263 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

264.    No response is required to the allegations of Paragraph 264 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 264 are not directed at M-I, and

therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 264 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

265.   No response is required to the allegations of Paragraph 265 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 265 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 265 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

266.   No response is required to the allegations of Paragraph 266 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 266 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 266 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

267.   No response is required to the allegations of Paragraph 267 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 267 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 267 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

268.   No response is required to the allegations of Paragraph 268 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general

maritime law.  Alternatively, the allegations of Paragraph 268, including all subparts, are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 268 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

269.    No response is required to the allegations of Paragraph 269 pursuant to the Court's Order of November 14, 2011 dismissing claims of nuisance and trespass under general maritime law.  Alternatively, the allegations of Paragraph 269 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 269 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

270.    M-I repeats and realleges its answers to Paragraphs 1-269.

271.    The allegations of Paragraph 271 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 271 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

272.    The allegations of Paragraph 272 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 272 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

273.    The allegations of Paragraph 273 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 273 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

274.    The allegations of Paragraph 274 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 274 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

275.    The allegations of Paragraph 275 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 275 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

276.    The allegations of Paragraph 276 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 276 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

277.    The allegations of Paragraph 277 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 277 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

278.    The allegations of Paragraph 278 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 278 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

279.    The allegations of Paragraph 279 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 279 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

280.    The allegations of Paragraph 280 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 280 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

281.    The allegations of Paragraph 281 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 281 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

282.    The allegations of Paragraph 282 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 282 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

283.    The allegations of Paragraph 283 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 283 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

284.    The allegations of Paragraph 284 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 284 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

285.   The allegations of Paragraph 285 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 285 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

286.   The allegations of Paragraph 286 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 286 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

287.   The allegations of Paragraph 287 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 287 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

288.   The allegations of Paragraph 288 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 288 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

289.   The allegations of Paragraph 289 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 289 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

290.    The allegations of Paragraph 290 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 290 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

291.    The allegations of Paragraph 291, including all subparts, are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 291 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

292.    The allegations of Paragraph 292 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 292 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

293.    M-I repeats and realleges its answers to Paragraphs 1-292.

294.    No response is required to the allegations of Paragraph 294 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 294 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 294 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

295.    No response is required to the allegations of Paragraph 295 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 295 are not directed at M-I, and therefore no response is required.  To

the extent that a response is necessary, M-I denies the allegations of Paragraph 295 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

296.     No response is required to the allegations of Paragraph 296 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 296, including all subparts, are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 296 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

297.     No response is required to the allegations of Paragraph 297 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 297 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 297 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

298.     No response is required to the allegations of Paragraph 298 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 298 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 298 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

299.     No response is required to the allegations of Paragraph 299 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 299 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 299 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

300.    No response is required to the allegations of Paragraph 300 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 300 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 300 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

301.    M-I repeats and realleges its answers to Paragraphs 1-300.

302.    No response is required to the allegations of Paragraph 302 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 302 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 302 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

303.    No response is required to the allegations of Paragraph 303 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 303 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 303 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

304.    No response is required to the allegations of Paragraph 304 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 304 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 304 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

305.    No response is required to the allegations of Paragraph 305 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.    Alternatively, the allegations of Paragraph 305 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 305 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

306.    No response is required to the allegations of Paragraph 306 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.    Alternatively, the allegations of Paragraph 306 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 306 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

307.    No response is required to the allegations of Paragraph 307 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.    Alternatively, the allegations of Paragraph 307 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 307 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

308.    M-I repeats and realleges its answers to Paragraphs 1-307.

309.    No response is required to the allegations of Paragraph 309 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.    Alternatively, the allegations of Paragraph 309 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 309 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

310.    No response is required to the allegations of Paragraph 310 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 310 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 310 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

311.    No response is required to the allegations of Paragraph 311 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 311 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 311 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

312.    No response is required to the allegations of Paragraph 312 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 312 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 312 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

313.    No response is required to the allegations of Paragraph 313 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 313 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 313 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

314.    No response is required to the allegations of Paragraph 314 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 314 are not directed at M-I, and therefore no response is required.   To

the extent that a response is necessary, M-I denies the allegations of Paragraph 314 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

315.    No response is required to the allegations of Paragraph 315 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 315 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 315 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

316.    M-I repeats and realleges its answers to Paragraphs 1-315.

317.    No response is required to the allegations of Paragraph 317 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 317 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 317 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

318.    No response is required to the allegations of Paragraph 318 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 318 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 318 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

319.    No response is required to the allegations of Paragraph 319 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 319 are not directed at M-I, and therefore no response is required.  To

the extent that a response is necessary, M-I denies the allegations of Paragraph 319 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

320.    No response is required to the allegations of Paragraph 320 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 320 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 320 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

321.    No response is required to the allegations of Paragraph 321 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 321 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 321 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

322.    No response is required to the allegations of Paragraph 322 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 322 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 322 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

323.    M-I repeats and realleges its answers to Paragraphs 1-322.

324.    No response is required to the allegations of Paragraph 324 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 324 are not directed at M-I, and therefore no response is required.   To

the extent that a response is necessary, M-I denies the allegations of Paragraph 324 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

325.   No response is required to the allegations of Paragraph 325 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 325, including all subparts, are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 325 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

326.   No response is required to the allegations of Paragraph 326 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 326 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 326 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

327.   No response is required to the allegations of Paragraph 327 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 327 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 327 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

328.   M-I repeats and realleges its answers to Paragraphs 1-327.

329.   No response is required to the allegations of Paragraph 329 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 329 are not directed at M-I, and therefore no response is required.   To

the extent that a response is necessary, M-I denies the allegations of Paragraph 329 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

330.    No response is required to the allegations of Paragraph 330 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 330 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 330 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

331.    No response is required to the allegations of Paragraph 331 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 331, including all subparts, are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 331 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

332.    No response is required to the allegations of Paragraph 332 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 332 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 332 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

333.    No response is required to the allegations of Paragraph 333 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 333 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 333 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

334.    M-I repeats and realleges its answers to Paragraphs 1-333.

335.    No response is required to the allegations of Paragraph 335 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 335 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 335 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

336.    No response is required to the allegations of Paragraph 336 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 336 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 336 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

337.    No response is required to the allegations of Paragraph 337 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 337 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 337 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

338.    No response is required to the allegations of Paragraph 338 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 338 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 338 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

339.    No response is required to the allegations of Paragraph 339 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 339 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 339 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

340.    M-I repeats and realleges its answers to Paragraphs 1-339.

341.    No response is required to the allegations of Paragraph 341 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 341 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 341 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

342.    No response is required to the allegations of Paragraph 342 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 342 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 342 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

343.    No response is required to the allegations of Paragraph 343 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 343 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 343 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

344.    No response is required to the allegations of Paragraph 344 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 344 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 344 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

345.    No response is required to the allegations of Paragraph 345 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 345 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 345 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

346.    No response is required to the allegations of Paragraph 346 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 346 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 346 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

347.    M-I repeats and realleges its answers to Paragraphs 1-346.

348.    No response is required to the allegations of Paragraph 348 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 348 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 348 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

349.    No response is required to the allegations of Paragraph 349 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 349 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 349 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

350.    No response is required to the allegations of Paragraph 350 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 350 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 350 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

351.    No response is required to the allegations of Paragraph 351 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 351 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 351 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

352.    No response is required to the allegations of Paragraph 352 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 352 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 352 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

353.    No response is required to the allegations of Paragraph 353 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 353 are not directed at M-I, and therefore no response is required.  To

the extent that a response is necessary, M-I denies the allegations of Paragraph 353 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

354.    M-I repeats and realleges its answers to Paragraphs 1-353.

355.    No response is required to the allegations of Paragraph 355 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 355 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 355 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

356.    No response is required to the allegations of Paragraph 356 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 356 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 356 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

357.    No response is required to the allegations of Paragraph 357 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 357 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 357 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

358.    No response is required to the allegations of Paragraph 358 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 358 are not directed at M-I, and therefore no response is required.  To

the extent that a response is necessary, M-I denies the allegations of Paragraph 358 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

359.    No response is required to the allegations of Paragraph 359 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 359 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 359 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

360.    No response is required to the allegations of Paragraph 360 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 360 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 360 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

361.    M-I repeats and realleges its answers to Paragraphs 1-360.

362.    No response is required to the allegations of Paragraph 362 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 362 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 362 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

363.    No response is required to the allegations of Paragraph 363 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 363 are not directed at M-I, and therefore no response is required.   To

the extent that a response is necessary, M-I denies the allegations of Paragraph 363 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

364.   No response is required to the allegations of Paragraph 364 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 364 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 364 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

365.   No response is required to the allegations of Paragraph 365 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 365 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 365 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

366.   No response is required to the allegations of Paragraph 366 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 366 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 366 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

367.   No response is required to the allegations of Paragraph 367 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 367 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 367 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

368.    M-I repeats and realleges its answers to Paragraphs 1-367.

369.    No response is required to the allegations of Paragraph 369 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 369 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 369 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

370.    No response is required to the allegations of Paragraph 370 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 370 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 370 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

371.    No response is required to the allegations of Paragraph 371 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 371 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 371 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

372.    No response is required to the allegations of Paragraph 372 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 372 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 372 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

373.     No response is required to the allegations of Paragraph 373 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 373 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 373 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

374.     No response is required to the allegations of Paragraph 374 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 374 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 374 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

375.     No response is required to the allegations of Paragraph 375 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 375 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 375 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

376.     No response is required to the allegations of Paragraph 376 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 376 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 376 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

377.     No response is required to the allegations of Paragraph 377 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 377 are not directed at M-I, and therefore no response is required.   To

the extent that a response is necessary, M-I denies the allegations of Paragraph 377 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

378.    No response is required to the allegations of Paragraph 378 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 378 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 378 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

379.    M-I repeats and realleges its answers to Paragraphs 1-378.

380.    No response is required to the allegations of Paragraph 380 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 380 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 380 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

381.    No response is required to the allegations of Paragraph 381 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 381 are not directed at M-I, and therefore no response is required.   To the extent that a response is necessary, M-I denies the allegations of Paragraph 381 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

382.    No response is required to the allegations of Paragraph 382 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.   Alternatively, the allegations of Paragraph 382 are not directed at M-I, and therefore no response is required.   To

the extent that a response is necessary, M-I denies the allegations of Paragraph 382 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

383.    No response is required to the allegations of Paragraph 383 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 383 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 383 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

384.    No response is required to the allegations of Paragraph 384 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 384 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 384 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

385.    No response is required to the allegations of Paragraph 385 pursuant to the Court's Order of November 14, 2011 dismissing all state law claims.  Alternatively, the allegations of Paragraph 385 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 385 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

386.    M-I repeats and realleges its answers to Paragraphs 1-385.

387.    The allegations of Paragraph 387 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 387 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

388.    The allegations of Paragraph 388 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 388 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

389.    The allegations of Paragraph 389, including all subparts, are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 389 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

390.    The allegations of Paragraph 390, including all subparts, are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 390 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

391.    The allegations of Paragraph 391 are not directed at M-I, and therefore no response is required.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 391 for lack of knowledge or information sufficient to form a belief about the truth of said allegations.

392.    The allegations in the third and fourth sentences of Paragraph 392 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of Paragraph 392, insofar as they are directed at M-I, for lack of knowledge or information sufficient to form a belief about the truth of said allegation.

393.    The allegations of Paragraph 393 do not require a response as they are not allegations of fact.  To the extent that a response is necessary, M-I denies the allegations of

Paragraph 393, insofar as they are directed at M-I, for lack of knowledge or information sufficient to form a belief about the truth of said allegation.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The allegations of Louisiana's First Amended Complaint fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

The events giving rise to the injuries and damage alleged by Louisiana were not the result of any negligence, fault, or want of due care on the part of M-I or those for whom M-I may be responsible.

### THIRD DEFENSE

Neither M-I nor its employees, agents, and/or other representatives, or anyone for whom it was responsible, was in any manner negligent or guilty of any acts or omissions or breach of duty in connection with the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 involving the Macondo well site at Mississippi Canyon Block 252 and the MODU *Deepwater Horizon* and/or any damages, personal injuries or deaths allegedly sustained by any other party arising out of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

### FOURTH DEFENSE

At all materials times, parties outside of M-I's control were responsible for the safe operation of the MODU *Deepwater Horizon*. Therefore, M-I is neither liable nor responsible in

law or in fact for any acts, omissions, breach of duty or unseaworthy condition(s) attributable to any defendant and/or the MODU *Deepwater Horizon*.

**FIFTH DEFENSE**

The superseding and/or intervening negligence and/or breach of duty of parties other than M-I was the proximate cause of the blowout, explosions, fire, and oil spill occurring on or about April 20, 2010 made the basis of these proceedings.

**SIXTH DEFENSE**

M-I reserves the right to rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves the right to amend this Answer for purposes of asserting additional defenses.

WHEREFORE, M-I prays that judgment be entered against Louisiana on its claims against M-I.

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 415-3000
Facsimile:      (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:     (713) 890-5000
Facsimile:      (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

December 14, 2011

MORGAN, LEWIS & BOCKIUS LLP

By:  /s/ Hugh E. Tanner
      Hugh E. Tanner
      htanner@morganlewis.com
      Texas Bar No. 19637400
      1000 Louisiana, Suite 4000
      Houston, Texas  77002
      Telephone:     (713) 890-5000
      Facsimile:      (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Answer to the State of Louisiana's First Amended Complaint has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the Court's CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL No. 2179, on this 14th day of December, 2011.


_/s/ Hugh E. Tanner_
Hugh E. Tanner