## UNITED STATES DISTRICT OF COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to:  All Cases | § | |
|       2:10-cv-04182 | § | MAG. JUDGE SHUSHAN |
|       2:10-cv-04183 | § | |
| | § | |

_____

### HALLIBURTON ENERGY SERVICES INC.'S ANSWER TO THE STATE OF ALABAMA'S FIRST AMENDED COMPLAINT

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to the State of Alabama's First Amended Complaint pursuant to Federal Rule of Civil Procedure 5 and EDLA L.R. 5.6,[1] and respectfully shows as follows:

### ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the various headings and subheadings in the State of Alabama's First Amended Complaint ("Alabama's Complaint").  However, to the extent a response is required, HESI denies each and every allegation, heading and/or subheading set forth in Alabama's Complaint.

For answer to each and every allegation of the State of Alabama, HESI responds as follows:

1.      HESI denies that it engaged in grossly negligent, wanton, or reckless conduct in the drilling and operation of the Macondo well, the operation of the *Deepwater Horizon*, and the containment of the Spill; and HESI further denies that it caused any damages complained of by

_____

[1] Citations to this Court's local rules are noted as "EDLA L.R." followed by the specific rule number.

the State of Alabama and that it is responsible for the Spill.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 1 except to admit that on April 20, 2010, a blowout, explosion, and fire occurred on the mobile offshore drilling rig *Deepwater Horizon*; thereafter the rig sank and an oil spill ensued.

2.      HESI denies that its actions resulted in or caused the blowout of the Macondo well and the explosion, burning, and sinking of the *Deepwater Horizon* and that its actions resulted in the release of crude oil and other pollutants into the waters of the Gulf of Mexico and the State of Alabama.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 2.

3.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3.

4.      Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims for compensatory damages, fines, and penalties asserted under state law are preempted and thus dismissed.   *See* Dkt. No. 4578, p. 15.   HESI denies that the State of Alabama is entitled to fines, penalties, compensatory, punitive, or other damages against HESI under Alabama or federal law.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4.

5.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5.

6.      The allegations contained in Paragraph 6 are admitted.

7.      The allegations contained in Paragraph 7 draw legal conclusions; thus no response is required.

8.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8, except to admit that BP Exploration & Production, Inc. ("BP Exploration") was a lease holder and designated operator in the lease granted by the Minerals Management Service ("MMS") allowing it to perform oil exploration, drilling, and production-related operations in Mississippi Canyon Block 252, the location known as "Macondo."  HESI further admits that BP Exploration was designated as a "responsible party" by the United States Coast Guard under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2714.

9.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9.  HESI notes that the terms of any Drilling Contract speak for themselves.

10.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10.

11.      Paragraph 11 collectively defines BP Exploration, BP America, and BP p.l.c., parties, as "BP" thus no response is required.  HESI is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 11, except to admit that "BP" was a lease operator at the Macondo site and, as a result, was responsible for assessing the geology of the Macondo site, engineering the well design, obtaining the requisite regulatory approval, and overseeing any subcontractors.  HESI is without sufficient information or knowledge as to whether BP complied with the terms of its lease with MMS.

12.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12 except HESI admits that Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and

Transocean Deepwater, Inc. have each claimed to be the owner, managing owner, owners *pro hac vice*, and/or operators of the *MODU Deepwater Horizon*.

13.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13 except HESI admits that Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. have each claimed to be the owner, managing owner, owners *pro hac vice*, and/or operators of the *MODU Deepwater Horizon*.

14.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 except HESI admits that Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. have each claimed to be the owner, managing owner, owners *pro hac vice*, and/or operators of the *MODU Deepwater Horizon*.

15.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15 except HESI admits that Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. have each claimed to be the owner, managing owner, owners *pro hac vice*, and/or operators of the *MODU Deepwater Horizon*.   HESI further admits that Transocean Holdings was named a "responsible party" under OPA.  The terms of the contract between Transocean Holdings and BP speak for themselves.

16.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16 except HESI admits that Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and

Transocean Deepwater, Inc. have each claimed to be the owner, managing owner, owners *pro hac vice*, and/or operators of the *MODU Deepwater Horizon*.

17.      Paragraph 17 collectively defines Transocean Ltd., Transocean Deepwater, Transocean Offshore, Transocean Holdings, and Triton parties as "Transocean," thus no response is required.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 17, except to admit that "Transocean" provided the *Deepwater Horizon* vessel and personnel to operate it.  To the extent the allegations set forth in Paragraph 17 draw any legal conclusions, no response is required.

18.      The allegations of Paragraph 18 are denied, except to admit that HESI is a Delaware Corporation with its principal place of business in Houston, Texas and HESI does business in Alabama.  HESI was engaged by BP Exploration to perform certain limited cementing operations and to provide certain other drilling support services (e.g., mudlogging, directional drilling, measurement while drilling) in the Gulf of Mexico, which came to include the Macondo well.  HESI denies each and every other allegation contained in Paragraph 18.

19.      The allegations set forth in Paragraph 19 are denied, except HESI admits that Sperry Drilling Services (formerly Sperry Sun Drilling Services) is a product service line of HESI and was engaged by BP to perform certain limited services as set forth in the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services, BPM-09-00255.  HESI denies that Sperry Drilling Services is a separate entity for purposes of allocation of liability.  To the extent Paragraph 19 collectively defines HESI and its product service line as "Halliburton," no response is required.

20.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20, except to admit that M-I, LLC ("M-I") provided

mud products, including but not limited to drilling fluids and spacers for work on the *Deepwater Horizon*.

21.     Paragraph 21 is an identifying paragraph, thus no response is required; however HESI denies that it was involved in all aspects of drilling, cementing, and temporary abandonment activities, and further denies that its actions caused and/or contributed to the Spill.

22.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22, except to admit that Cameron International Corporation f/k/a Cooper-Cameron Corporation ("Cameron") manufactured, designed, supplied, and/or installed the blowout preventer on the *Deepwater Horizon*.

23.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 23, except to admit that Weatherford U.S. L.P. ("Weatherford") manufactured, designed, marketed, sold, and/or distributed the casing components utilized on the Macondo well, including but not limited to the float collar, shoe, and centralizers and Weatherford provided the personnel and equipment for running the casing and casing components into the well bore.

24.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24, except to admit that Anadarko Petroleum Corporation Co. ("Anadarko") is an oil and gas exploration and production company.

25.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25, except to admit that Anadarko E&P Company LP. ("Anadarko E&P") is an oil and gas exploration and production company.

26.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26.

27.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27.

28.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28.

29.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29.   To the extent the allegations set forth in Paragraph 29 draw any legal conclusions, no response is required.

30.     Paragraph 30 is an identifying paragraph, thus no response is required.

31.     HESI admits that Anadarko, Anadarko E&P, and MOEX Offshore each held an interest in a lease granted by the MMS for Block 252, Mississippi Canyon before and/or at the time of the Spill.  Specifically, Anadarko E&P held a 22.5% interest in the lease at the Macondo site; Anadarko held a 2.5% interest in the lease at the Macondo site; and MOEX Offshore held a 10% interest in the lease at the Macondo site.  HESI further admits that INSITE real-time data was transmitted from the *Deepwater Horizon* on April 20, 2010.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 31.  To the extent the allegations set forth in Paragraph 31 draw any legal conclusions, no response is required.

32.     Pursuant to this Court's Order and Reasons (Dkt. No. 4578), HESI denies that any state's law is applicable.  HESI further denies that it is liable jointly, severally and solidarily under any state, federal, or maritime law and/or under OPA.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 32.  To the extent the allegations set forth in Paragraph 32 draw any legal conclusions, no response is required.

33.     Pursuant to this Court's Order and Reasons (Dkt. No. 4578) this Court has admiralty jurisdiction over these proceedings and general maritime law is applicable.   The remaining jurisdictional allegations set forth in Paragraph 33 draw legal conclusions to which no response is required.

34.     Pursuant to this Court's Order and Reasons (Dkt. No. 4578) this Court has admiralty jurisdiction over these proceedings.   The remaining jurisdictional allegations set forth in Paragraph 34 draw legal conclusions to which no response is required.   HESI would show that the Oil Pollution Act, 33 U.S.C. § 2717 speaks for itself.

35.     Pursuant to this Court's Order and Reasons (Dkt. No. 4578) this Court has admiralty jurisdiction over these proceedings.   The remaining jurisdictional allegations set forth in Paragraph 35 draw legal conclusions to which no response is required.

36.     HESI admits that venue is proper in this district.   HESI would note that 28 U.S.C. § 1391, 28 U.S.C. § 1407, and the Order issued by the JPML speak for themselves.

37.     Paragraph 37 reserves the State of Alabama's right to seek transfer of any issues not resolved in these proceedings back to the Middle District of Alabama, thus no response is required.

38.     HESI admits the allegations set forth in Paragraph 38.

39.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39.

40.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40.

41.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41, except HESI admits that the MMS approved BP's Initial Exploration Plan for the Macondo prospect.

42.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42, except HESI would note that the terms of the MMS permit issued to BP speaks for itself.

43.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43, except HESI admits that the *Deepwater Horizon* was a dynamically-positioned, semi-submersible deepwater drilling vessel.

44.     HESI admits that the *Deepwater Horizon* was owned and operated by one or more Transocean Entities, and BP Exploration contracted with one or more of the Transocean Entities for the use of the *Deepwater Horizon* in drilling the Macondo well, located in the Mississippi Canyon Block 252.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 44, except HESI would note that the terms of any Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co., and any amendments thereto, speak for themselves.

45.     HESI denies that it had actual and/or constructive knowledge that its safety performance during offshore drilling operations was poor.  HESI further denies that it had actual or constructive knowledge of significant problems related to the *Deepwater Horizon*'s equipment and maintenance, including problems with the vessel's BOP, electronic alarm systems, ballast systems used to stabilize the vessel in the water, and other significant deficiencies that could lead to loss of life, serious injury, or environmental damage as a result of inadequate use and/or

failure of equipment.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 45.

46.     HESI denies that it knew or should have known that the threat of blowouts increases as drilling depths increase.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 46, except HESI admits that the *Deepwater Horizon* was conducting drilling operations in excess of 18,000 feet deep.

47.     HESI denies that it struggled with the Macondo well before the events of April 20, 2010 and that it was responsible for factors relating to the well's geology.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 47.

48.     HESI denies that it chose to violate industry guidelines and government regulations and ignore warnings from its own employees and contractors on the *Deepwater Horizon* to reduce costs and save time on the behind schedule and over budget Macondo well. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 48.

49.     HESI denies that it made reckless decisions concerning well design, cementing, and well integrity testing that prioritized speed and cost-savings over safety and industry best practice.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 49.

50.     HESI denies that it chose to utilize a "long string" design for the Macondo well. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 50.

51.     HESI denies that it played any role in the decision-making concerning the casing materials and selection.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 51.

52.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52.

53.     HESI denies that it made any decision or acquiesced in any decision concerning the number of centralizers to be used on the casing in the Macondo well, and further denies the allegations set forth in Paragraph 53 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 53.

54.     HESI denies that it made any decision regarding the amount of circulation prior to the cement job, and further denies the allegations set forth in Paragraph 54 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54 as they relate to other defendants but denies that it caused or contributed to the damages claimed.

55.     HESI denies that it made any decision regarding whether to run a cement bond log, whether to set the lockdown sleeve, and denies that its cementing was risky.  HESI further denies the allegations set forth in Paragraph 55 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55 as they relate to other defendants, except to admit that BP chose not to run a cement bond log, but HESI denies that it caused or contributed to the damages claimed.

56.     HESI denies the allegations set forth in Paragraph 56 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in Paragraph 56 as they relate to other defendants, but denies that it caused or contributed to the damages claimed or that its foam cement was unstable.

57.     HESI denies the allegations set forth in Paragraph 57 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

58.     HESI denies the allegations set forth in Paragraph 58 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 58 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

59.     HESI denies the allegations set forth in Paragraph 59 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

60.     HESI denies the allegations set forth in Paragraph 60 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

61.     HESI denies the allegations set forth in Paragraph 61 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

62.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62.

63.     HESI denies the allegations set forth in Paragraph 63 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

64.     HESI denies the allegations set forth in Paragraph 64 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

65.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65.  To the extent the allegations set forth in Paragraph 65 reserve the State of Alabama's right to amend its pleadings, no response is required.

66.     HESI is without sufficient knowledge or information to form a belief as to the truth of allegations set forth in Paragraph 66.

67.     HESI denies the allegations set forth in Paragraph 67 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

68.     HESI denies the allegations set forth in Paragraph 68 (a)-(t) as they pertain to HESI and the cement or cement testing used on the production casing of the Macondo well as suggested in subparagraph (c) and elsewhere.   HESI is without sufficient knowledge or

information to form a belief as to the truth of the allegations set forth in Paragraph 68 (a)-(t) as they relate to other defendants but, denies that it caused or contributed to the damages claimed.

69.     HESI denies the allegations set forth in Paragraph 69 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

70.     HESI denies the allegations set forth in Paragraph 70 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 70 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

71.     HESI denies the allegations set forth in Paragraph 71 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 71 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

72.     HESI denies the allegations set forth in Paragraph 72 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 72 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

73.     HESI denies the allegations set forth in Paragraph 73 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 73 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

74.     HESI denies the allegations set forth in Paragraph 74 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 74 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

75.     HESI denies that it was involved in any decision to use dispersants and is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75.  HESI is also without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  The Hazardous Substance Fact Sheet for 2-Butoxy Ethanol, the Material Safety Data Sheets for both versions of Corexit, and 40 C.F.R. § 261 speak for themselves.

76.     HESI denies that it was involved in any decision to use dispersants and is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76.  HESI is also without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

77.     HESI denies that it was involved in any decision to use dispersants and is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77.  HESI is also without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

78.     HESI denies that it was involved in any decision to use dispersants and is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in

Paragraph 78.  HESI is also without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

79.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79, but denies that it caused or contributed to any of the damages claimed.

80.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 80.  HESI would note that 40 C.F.R. § 401.15 speaks for itself.

81.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81.

82.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 82, but denies that it caused or contributed to any of the damages claimed.  To the extent the allegations set forth in Paragraph 82 draw any legal conclusions, no response is required.

83.     HESI admits that NOAA restricted commercial and recreational fishing in parts of the Gulf of Mexico.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 83, but denies that it caused or contributed to any of the damages claimed.

84.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84, but denies that it caused or contributed to any of the damages claimed.

85.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85, but denies that it caused or contributed to any of the damages claimed.  To the extent the allegations set forth in Paragraph 85 draw any legal conclusions, no response is required.

86.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 86, but denies that it caused or contributed to any of the damages claimed.

87.     HESI admits that MMS issued a six-month moratorium on new and existing deepwater drilling in the Gulf of Mexico on May 28, 2010, suspending production in the Gulf of Mexico and halting approval of any new permits for deepwater drilling in the Gulf of Mexico. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 87, but denies that it caused or contributed to any of the damages claimed.

88.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 88, except HESI would note that any preliminary injunction issued by the United States District Court for the Eastern District of Louisiana and any suspensions issued by the Department of the Interior speak for themselves.

89.     HESI admits that on October 12, 2010, BOEMRE announced that the federal government would lift the drilling moratorium.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 89.

90.     HESI denies the allegations set forth in Paragraph 90 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 90 as they relate to other defendants, but denies that it caused

or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 90 draw any legal conclusions, no response is required.

91.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 91, but denies that it caused or contributed to any of the damages claimed.  To the extent the allegations set forth in Paragraph 91 draw any legal conclusions, no response is required.

92.     Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims for compensatory and punitive damages asserted under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 15.  HESI denies that it caused or contributed to any of the damages claimed and that it is liable for such damages under any law.

93.     Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims for compensatory and punitive damages asserted under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 15.  To the extent the allegations set forth in Paragraph 93 reserve the State of Alabama's right to amend its pleadings to assert a claim for additional damages under a different choice of law (e.g., non-state law), no response is required.  HESI denies that it is liable under any law.

94.     Paragraph 94 is an incorporating paragraph, thus no response is required.

95.     HESI denies the allegations set forth in Paragraph 95 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 95 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

96.     HESI denies the allegations set forth in Paragraph 96 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 96 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

97.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 97.

98.     HESI admits that Anadarko, Anadarko E&P, and MOEX had access to Halliburton/Sperry Sun INSITE real-time data feed that was transmitted from the *Deepwater Horizon* on April 20, 2010.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 98, but denies that it caused or contributed to the damages claimed.

99.     Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 15.  HESI denies the allegations set forth in Paragraph 99 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 99 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 99 draw any legal conclusions, no response is required.

100.    HESI denies the allegations set forth in Paragraph 100 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 100 draw any legal conclusions, no response is required.

101.    HESI denies the allegations set forth in Paragraph 101 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 101 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

102.    HESI denies the allegations set forth in Paragraph 102 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 102 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

103.    HESI denies the allegations set forth in Paragraph 103 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 103 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

104.    HESI denies the allegations set forth in Paragraph 104 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 104 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

105.    HESI denies the allegations set forth in Paragraph 105 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 105 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

106.    Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 15.  HESI denies the allegations set forth in Paragraph 106 as they pertain to HESI.

HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 106 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  HESI would note that 33 U.S.C. § 1311 speaks for itself. To the extent the allegations set forth in Paragraph 106 draw any legal conclusions, no response is required.

107.    HESI admits that Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc. have each claimed to be the owner, managing owner, owners *pro hac vice*, and/or operators of the *MODU Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 107.  To the extent the allegations set forth in Paragraph 107 draw any legal conclusions, no response is required.

108.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 108.  To the extent the allegations set forth in Paragraph 108 draw any legal conclusions, no response is required.

109.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 109.  To the extent the allegations set forth in Paragraph 109 draw any legal conclusions, no response is required.

110.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegation set forth in Paragraph 110, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 110 draw any legal conclusions, no response is required.

111.    HESI denies the allegations set forth in Paragraph 111 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in Paragraph 111 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  HESI would note that 46 U.S.C. §§ 3201-3205 and 33 C.F.R. §§ 96.230 and 96.250 speak for themselves.

112.   HESI admits that at the time of the Incident, the *Deepwater Horizon* was leased from Transocean to BP and that BP was the operator of the vessel.  The remaining allegations in Paragraph 112 are denied as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 112 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

113.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 113.  To the extent the allegations set forth in Paragraph 113 draw any legal conclusions, no response is required.

114.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 114 (a)-(j), but denies that its testing was not comprehensive.  To the extent the allegations set forth in Paragraph 114 (a)-(j) draw any legal conclusions, no response is required.

115.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 115.  To the extent the allegations set forth in Paragraph 115 draw any legal conclusions, no response is required.

116.   HESI admits that it provided cementing operations and other drilling support services (e.g., mudlogging, directional drilling, measurement while drilling) in the Gulf of Mexico and onboard the *Deepwater Horizon* for BP.  HESI denies the remaining allegations set forth in Paragraph 116.

117.     To the extent the allegations set forth in Paragraph 117 draw legal conclusions, no response is required; otherwise, HESI denies the allegations in paragraph 117.

118.     HESI denies the allegations set forth in Paragraph 118 (a)-(d).

119.     HESI admits that M-I provided drilling fluids or "mud" for the drilling operations onboard the *Deepwater Horizon.* HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 119. To the extent the allegations set forth in Paragraph 119 draw any legal conclusions, no response is required.

120.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 120. To the extent the allegations set forth in Paragraph 120 draw any legal conclusions, no response is required.

121.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 121. To the extent the allegations set forth in Paragraph 121 draw any legal conclusions, no response is required.

122.     HESI admits that Cameron supplied the BOP that was in use on the *Deepwater Horizon*, but is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 122. To the extent the allegations set forth in Paragraph 122 draw any legal conclusions, no response is required.

123.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 123. To the extent the allegations set forth in Paragraph 123 draw any legal conclusions, no response is required.

124.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 124. To the extent the allegations set forth in Paragraph 124 draw any legal conclusions, no response is required.

125.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 125. To the extent the allegations set forth in Paragraph 125 draw any legal conclusions, no response is required.

126.    HESI admits that Weatherford supplied the float collar in use on the *Deepwater Horizon*, but is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 126.

127.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 127. To the extent the allegations set forth in Paragraph 127 draw any legal conclusions, no response is required.

128.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 128. To the extent the allegations set forth in Paragraph 128 draw any legal conclusions, no response is required.

129.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 129. To the extent the allegations set forth in Paragraph 129 draw any legal conclusions, no response is required. HESI would note that the terms of the Operating Agreement and the Lease Exchange Agreement speak for themselves.

130.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 130.

131.    HESI denies the allegations set forth in Paragraph 131 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 131 as they relate to other defendants, but denies that it caused or contributed to cause the damages claimed. To the extent the allegations set forth in Paragraph 131 draw any legal conclusions, no response is required.

132.    HESI denies the allegations set forth in Paragraph 132 (a)-(v) as they pertain to HESI and that its cementing and drilling procedures were risky as suggested in subparagraph (k). HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 132 (a)-(v) as they relate to other defendants, but denies it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 132 (a)-(v) draw any legal conclusions, no response is required.

133.    HESI denies the allegations set forth in Paragraph 133 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 133 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 133 draw any legal conclusions, no response is required.

134.    HESI denies the allegations set forth in Paragraph 134 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 134 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.   To the extent the allegations set forth in Paragraph 134 draw any legal conclusions, no response is required.

135.    Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims for compensatory and punitive damages asserted under state law are preempted and thus dismissed.   *See* Dkt. No. 4578, p. 15.   HESI denies the allegations set forth in Paragraph 135 (a)-(k) as they pertain to HESI.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 135 (a)-(k) as they relate to other defendants, but denies that it caused or contributed to the

damages claimed.  To the extent the allegations set forth in Paragraph 135 (a)-(k) draw any legal conclusions, no response is required.

136.    Paragraph 136 is an incorporating paragraph, thus no response is required.

137.    HESI denies the allegations set forth in Paragraph 137 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 137 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 137 draw any legal conclusions, no response is required.

138.    HESI denies the allegations set forth in Paragraph 138 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 138 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 138 draw any legal conclusions, no response is required.

139.    HESI denies the allegations set forth in Paragraph 139 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 139 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 139 draw any legal conclusions, no response is required.

140.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 140.  To the extent the allegations set forth in Paragraph 140 draw any legal conclusions, no response is required.

141.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 141.  To the extent the allegations set forth in Paragraph 141 draw any legal conclusions, no response is required.

142.    HESI denies the allegations set forth in Paragraph 142 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 142 as they relate to other defendants, but denies that it caused or contributed to the damages claimed and that its cement was inappropriate or improperly tested.  To the extent the allegations set forth in Paragraph 142 draw any legal conclusions, no response is required.

143.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 143.  To the extent the allegations set forth in Paragraph 143 draw any legal conclusions, no response is required.

144.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 144.  To the extent the allegations set forth in Paragraph 144 draw any legal conclusions, no response is required.

145.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 145.  To the extent the allegations set forth in Paragraph 145 draw any legal conclusions, no response is required.

146.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 146.  To the extent the allegations set forth in Paragraph 146 draw any legal conclusions, no response is required.

147.    HESI denies the allegations set forth in Paragraph 147 as they pertain to HESI, and specifically denies that it caused or contributed to the damages claimed and that it is liable

for any such damages.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 147.  To the extent the allegations set forth in Paragraph 147 draw any legal conclusions, no response is required.

148.    Paragraph 148 is an incorporating paragraph, thus no response is required.

149.    Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims for strict liability for manufacturing and/or design defect asserted under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  Therefore, to the extent Paragraphs 148-168 purport to establish any claim under state law, no response is required.  To the extent the claims are asserted under any other substantive law, HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 149.

150.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 150.  To the extent the allegations set forth in Paragraph 150 draw any legal conclusions, no response is required.

151.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 151.

152.    HESI admits that Cameron sold the BOP on the *Deepwater Horizon* to one or more of the Transocean Entities.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 152.

153.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 153.  To the extent the allegations set forth in Paragraph 153 draw any legal conclusions, no response is required.

154.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 154.  To the extent the allegations set forth in Paragraph 154 draw any legal conclusions, no response is required.

155.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 155.  To the extent the allegations set forth in Paragraph 155 draw any legal conclusions, no response is required.

156.    HESI admits that the two emergency methods of closing the BOP on the *Deepwater Horizon* that can be activated from the vessel (the high-pressure closure of the blind shear ram and the EDS) utilize electrical and hydraulic components and cables.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 156.  To the extent the allegations set forth in Paragraph 156 draw any legal conclusions, no response is required.

157.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 157.  To the extent the allegations set forth in Paragraph 157 draw any legal conclusions, no response is required.

158.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 158.  To the extent the allegations set forth in Paragraph 158 draw any legal conclusions, no response is required.

159.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 159.  To the extent the allegations set forth in Paragraph 159 draw any legal conclusions, no response is required.

160.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 160.  To the extent the allegations set forth in Paragraph 160 draw any legal conclusions, no response is required.

161.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 161.  To the extent the allegations set forth in Paragraph 161 draw any legal conclusions, no response is required.

162.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 162 (a)-(j).  To the extent the allegations set forth in Paragraph 162 (a)-(j) draw any legal conclusions, no response is required.

163.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 163.  To the extent the allegations set forth in Paragraph 163 draw any legal conclusions, no response is required.

164.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 164.  To the extent the allegations set forth in Paragraph 164 draw any legal conclusions, no response is required.

165.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 165.  To the extent the allegations set forth in Paragraph 165 draw any legal conclusions, no response is required.

166.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 166.  To the extent the allegations set forth in Paragraph 166 draw any legal conclusions, no response is required.

167.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 167.  To the extent the allegations set forth in Paragraph 167 draw any legal conclusions, no response is required.

168.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 168.  To the extent the allegations set forth in Paragraph 168 draw any legal conclusions, no response is required.

169.    Paragraph 169 is an incorporating paragraph, thus no response is required.

170.    Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims for strict liability for manufacturing and/or design defect asserted under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26.  To the extent the Court deems a response is required, HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 170.

171.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 171.  To the extent the allegations set forth in Paragraph 171 draw any legal conclusions, no response is required.

172.    HESI admits that Weatherford sold and delivered the float collar used in the Macondo well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 172.

173.    HESI admits the allegations set forth in Paragraph 173.

174.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 174.  To the extent the allegations set forth in Paragraph 174 draw any legal conclusions, no response is required.

175.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 175.  To the extent the allegations set forth in Paragraph 175 draw any legal conclusions, no response is required.

176.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 176.  To the extent the allegations set forth in Paragraph 176 draw any legal conclusions, no response is required.

177.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 177.  To the extent the allegations set forth in Paragraph 177 draw any legal conclusions, no response is required.

178.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 178.  To the extent the allegations set forth in Paragraph 178 draw any legal conclusions, no response is required.

179.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 179.  To the extent the allegations set forth in Paragraph 179 draw any legal conclusions, no response is required.

180.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 180.  To the extent the allegations set forth in Paragraph 180 draw any legal conclusions, no response is required.

181.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 181.  To the extent the allegations set forth in Paragraph 181 draw any legal conclusions, no response is required.

182.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 182.  To the extent the allegations set forth in Paragraph 182 draw any legal conclusions, no response is required.

183.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 183.  To the extent the allegations set forth in Paragraph 183 draw any legal conclusions, no response is required.

184.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 184.  To the extent the allegations set forth in Paragraph 184 draw any legal conclusions, no response is required.

185.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 185.  To the extent the allegations set forth in Paragraph 185 draw any legal conclusions, no response is required.

186.    Paragraph 186 is an incorporating paragraph, thus no response is required.

187.    Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims for strict liability for manufacturing and/or design defect asserted under state law are preempted and thus dismissed.  *See* Dkt. No. 4578, p. 26. Therefore, to the extent Paragraphs 187-204 purport to establish any claim under state law, no response is required.  HESI denies the remaining allegations set forth in Paragraph 187.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 187-204.

188.    HESI admits that it, along with BP, designed the cement slurry mix utilized on the Macondo well.  HESI further admits that it is in the business of providing cementing services in the oil and gas industry.  HESI denies the remaining allegations set forth in Paragraph 188.

189.    HESI admits that it, along with BP, designed the cement slurry mix utilized on the Macondo well.  HESI further admits that it is in the business of providing cementing services in the oil and gas industry.  HESI denies the remaining allegations set forth in Paragraph 189.

190.    HESI denies the allegations set forth in Paragraph 190.   To the extent the allegations set forth in Paragraph 190 draw any legal conclusions, no response is required.

191.    HESI admits that the cement pumped in the Macondo well, like all cement pumped in deepwater wells, is intended to fill the annulus between the casing and the well bore, to seal the formation, and to provide a plug in the bottom of the casing pipe to prevent an influx. HESI denies the remaining allegations set forth in Paragraph 191.

192.    HESI admits that any cement slurry utilized in a well bore must be of sufficient weight so as to avoid fracturing the formations surrounding the well, but also of sufficient strength to resist pressures within those formations from the hydrocarbon reservoirs.   HESI denies the remaining allegations set forth in Paragraph 192.

193.    HESI admits that the foamed cement slurry utilized in the Macondo well was injected with nitrogen gas.  HESI denies the remaining allegations set forth in Paragraph 193.  To the extent the allegations set forth in Paragraph 193 draw any legal conclusions, no response is required.

194.    HESI denies that the cement slurry utilized on the Macondo well production casing was unstable or that any testing conducted by HESI in February 2010 had any bearing on the stability of the cement slurry actually used on the Macondo well production casing.  HESI further denies that post-Incident testing of the cement slurry used at the Macondo well indicates that the cement slurry was unstable.

195.    HESI denies the allegations set forth in Paragraph 195.  To the extent the allegations set forth in Paragraph 195 draw any legal conclusions, no response is required.

196.    HESI denies the allegations set forth in Paragraph 196.  To the extent the allegations set forth in Paragraph 196 draw any legal conclusions, no response is required.

197.    HESI denies the allegations set forth in Paragraph 197.  To the extent the allegations set forth in Paragraph 197 draw any legal conclusions, no response is required.

198.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 198.  To the extent the allegations set forth in Paragraph 198 draw any legal conclusions, no response is required.

199.    HESI denies that the cement mixture used in the Macondo well was unreasonably dangerous.  HESI denies the remaining allegations set forth in Paragraph 199.  To the extent the allegations set forth in Paragraph 199 draw any legal conclusions, no response is required.

200.    HESI denies the allegations set forth in Paragraph 200.  To the extent the allegations set forth in Paragraph 200 draw any legal conclusions, no response is required.

201.    To the extent the allegations set forth in Paragraph 201 draw any legal conclusions, no response is required.  Otherwise, HESI denies the allegations set forth in Paragraph 201.

202.    HESI denies the allegations set forth in Paragraph 202.  To the extent the allegations set forth in Paragraph 202 draw any legal conclusions, no response is required.

203.    HESI denies that the cement mixture used in the Macondo well contained any manufacturing, design or other defect.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 203, but denies that it caused or contributed to the damages claimed and that it is liable for any such damages.

To the extent the allegations set forth in Paragraph 203 draw any legal conclusions, no response is required.

204.    HESI denies that the cement mixture used in the Macondo well contained any manufacturing, design, or other defect.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 204, but denies that it caused or contributed to the damages claimed and that it is liable for any such damages. To the extent the allegations set forth in Paragraph 204 draw any legal conclusions, no response is required.

205.    Paragraph 205 is an incorporating paragraph, thus no response is required.

206.    The allegations set forth in Paragraph 206 draw legal conclusions, thus no response is required.  HESI would note that the terms of OPA, 33. U.S.C. § 2701, *et seq.*, speak for themselves.

207.    HESI admits that the Coast Guard has identified BP Exploration and Transocean Holdings as responsible parties under OPA.  The terms of the Coast Guard's designations under OPA speak for themselves.

208.    HESI admits that BP Exploration and Transocean Holdings were designated as "responsible parties" under OPA.  The terms of OPA speak for themselves.

209.    HESI admits that Anadarko, Anadarko E&P, and MOEX held leasehold interests in a lease granted by the MMS for Block 252, Mississippi Canyon (the "Macondo lease") before and at the time of the Spill; thus the parties were "lessees."   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 209.  HESI would note that the terms of OPA and specifically Sections 2701 (16) and

(32) speak for themselves.  To the extent the allegations set forth in Paragraph 209 draw any legal conclusions, no response is required.

210.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 210.  To the extent the allegations set forth in Paragraph 210 draw any legal conclusions, no response is required.

211.    The terms of BP's October 19, 2010 "State of BP Exploration & Production, Inc. Re Applicability of Limitation of Liability Under Oil Pollution Act of 1990" speak for themselves.  To the extent the allegations set forth in Paragraph 211 draw any legal conclusions, no response is required.

212.    The terms of OPA Section 2702(b)(1) speak for themselves.  To the extent the allegations set forth in Paragraph 212 draw any legal conclusions, no response is required.

213.    The terms of OPA Section 2702 (b)(2)(A) speak for themselves.  To the extent the allegations set forth in Paragraph 213 draw any legal conclusions, no response is required.

214.    The terms of OPA Section 2702 (b)(2)(B) speak for themselves.  To the extent the allegations set forth in Paragraph 214 draw any legal conclusions, no response is required.

215.    The terms of OPA Section 2702 (b)(2)(D) speak for themselves.  To the extent the allegations set forth in Paragraph 215 draw any legal conclusions, no response is required.

216.    The terms of OPA Section 2702 (b)(2)(F) speak for themselves.  To the extent the allegations set forth in Paragraph 216 draw any legal conclusions, no response is required.

217.    HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 217.  To the extent the allegations set forth in Paragraph 217 draw any legal conclusions, no response is required.

218.     The terms of the Declaratory Judgment Act, 28 U.S.C. § 2201, and OPA, 33 U.S.C. § 2717 (f)(2), speak for themselves.  HESI denies that it is liable to the State of Alabama individually, jointly, and severally, for removal costs and/or damages in this action, or any subsequent action or actions.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 218 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

219.     HESI denies that it is liable to the State of Alabama for any damages under OPA. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 219 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.

220.     Paragraphs 220-345 allege state law claims for relief including claims of public nuisance, private nuisance, trespass, negligence, wantonness, liability under the Alabama Extended Manufacturer's Liability Doctrine, fraudulent concealment or suppression of material facts, civil penalties under the Alabama Environmental Management Act, the Alabama Water Pollution Control Act, the Alabama Air Pollution Control Act, the Alabama Hazardous Wastes Management Act, the Alabama Solid Waste Disposal Act, and damages under the Alabama Water Pollution Control Act.  Pursuant to this Court's Order and Reasons, dated November 14, 2011 (Dkt. No. 4578), the State of Alabama's claims under state law, including civil penalties and damages under state law, are preempted and thus dismissed.  *See* Dkt. No. 4578 p. 26.  To the extent the Court deems a response is required, HESI denies the allegations against it in Paragraphs 220-345.[2]

346.     Paragraph 346 is an incorporating paragraph, thus no response is required.

---

[2] To the extent the allegations set forth in Paragraphs 328-345 allege claims under general maritime law, HESI denies those allegations.

347.     HESI denies the allegations set forth in Paragraph 347 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 347 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 347 draw any legal conclusions, no response is required.

348.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 348.  To the extent the allegations set forth in Paragraph 348 draw any legal conclusions, no response is required.

349.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 349.  To the extent the allegations set forth in Paragraph 349 draw any legal conclusions, no response is required.

350.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 350.  To the extent the allegations set forth in Paragraph 350 draw any legal conclusions, no response is required.

351.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 351.  To the extent the allegations set forth in Paragraph 351 draw any legal conclusions, no response is required.

352.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 352.  To the extent the allegations set forth in Paragraph 352 draw any legal conclusions, no response is required.

353.     HESI denies the allegations set forth in Paragraph 353 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 353 as they relate to other defendants, but denies that it caused

or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 353 draw any legal conclusions, no response is required.

354.    HESI denies the allegations set forth in Paragraph 354 as they pertain to HESI and that the cement was inappropriate or tested inappropriately.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 354 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 354 draw any legal conclusions, no response is required.

355.    HESI denies the allegations set forth in Paragraph 355 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 355 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 355 draw any legal conclusions, no response is required.

356.    HESI denies the allegations set forth in Paragraph 356 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 356 as they relate to other defendants, but denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 356 draw any legal conclusions, no response is required.

357.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 357.  To the extent the allegations set forth in Paragraph 357 draw any legal conclusions, no response is required.

358.    HESI denies the allegations set forth in Paragraph 358 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in Paragraph 358 as they relate to other defendants, but denies that it caused or contributed to the damages claimed. To the extent the allegations set forth in Paragraph 358 draw any legal conclusions, no response is required.

359. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 359. To the extent the allegations set forth in Paragraph 359 draw any legal conclusions, no response is required.

360. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 360. To the extent the allegations set forth in Paragraph 360 draw any legal conclusions, no response is required.

361. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 361. To the extent the allegations set forth in Paragraph 361 draw any legal conclusions, no response is required.

362. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 362. To the extent the allegations set forth in Paragraph 362 draw any legal conclusions, no response is required.

363. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 363. To the extent the allegations set forth in Paragraph 363 draw any legal conclusions, no response is required.

364. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 364. To the extent the allegations set forth in Paragraph 364 draw any legal conclusions, no response is required.

365. HESI denies the allegations set forth in Paragraph 365 (a)-(j) as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in Paragraph 365 (a)-(j) as they relate to other defendants, but denies that it caused or contributed to the damages claimed. To the extent the allegations set forth in Paragraph 365 (a)-(j) draw any legal conclusions, no response is required.

366. HESI denies the allegations set forth in Paragraph 366 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 366 as they relate to other defendants, but denies that it caused or contributed to the damages claimed. To the extent the allegations set forth in Paragraph 366 draw any legal conclusions, no response is required.

367. HESI denies that it consciously or deliberately engaged in oppression, fraud, wantonness, or malice. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 367 as they relate to other defendants, but denies that it caused or contributed to the damages claimed. To the extent the allegations set forth in Paragraph 367 draw any legal conclusions, no response is required.

368. HESI denies that the State of Alabama is entitled to punitive damages from HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 368 as they relate to other defendants, but denies that it caused or contributed to the damages claimed. To the extent the allegations set forth in Paragraph 368 draw any legal conclusions, no response is required.

369. Paragraph 369 reserves the State of Alabama's right to a jury trial, thus no response is required.

370. In Paragraph 370, the State of Alabama acknowledges this Court's February 27, 2012 trial setting to decide common issues of limitation and liability and the State of Alabama's intentions to participate in this trial. Thus, no response is required.

371.    Paragraph 371 reserves the right of the State of Alabama to seek a remand of any remaining issues and claims after the February 27, 2012 trial.  Thus, no response is required.

372.    Paragraph 372 reserves the right of the State of Alabama to amend its claims and damages and its right to make or alter an election to proceed in admiralty under Rule 9(h).  Thus, no response is required.

373.    The allegations set forth in the prayer for relief are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in the prayer as to other defendants.  To the extent the allegations set forth in the prayer for relief draw legal conclusions, no response is required. HESI also notes to this Court's Order and Reasons (Dkt. No. 4578) wherein the Court determined that state law is inapplicable and dismissed all state law claims.

## AFFIRMATIVE DEFENSES

WHEREFORE, HESI respectfully requests that the Court dismiss the State of Alabama's First Amended Complaint in this proceeding because:

### First Affirmative Defense

Certain claims and damages referred to in the State of Alabama's First Amended Complaint were dismissed, pursuant to this Court's Order and Reasons (Dkt. No. 4578).

### Second Affirmative Defense

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that the State of Alabama receives from any source as compensation for its alleged losses.

**Third Affirmative Defense**

The damages referred to in the State of Alabama's First Amended Complaint were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

**Fourth Affirmative Defense**

The incident and resulting alleged damages that are the subject of the State of Alabama's claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control.  Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

**Fifth Affirmative Defense**

The actions of others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Plaintiffs' alleged damages, and, therefore, the State of Alabama may not recover from HESI as a matter of law, and all such claims are barred in whole or in part by superseding and intervening causation.

**Sixth Affirmative Defense**

HESI did not owe any duty or warranty, either express or implied, to the State of Alabama and did not breach any such duty.

**Seventh Affirmative Defense**

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to the State of Alabama.  HESI is not liable under OPA or maritime law.

**Eighth Affirmative Defense**

HESI pleads the negligence, superseding negligence and/or breach of duty of the Transocean Entities, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire, and oil spill.

**Ninth Affirmative Defense**

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA, 33 U.S.C. § 2702(d)(2).

**Tenth Affirmative Defense**

OPA displaces and/or preempts the State of Alabama's claims with respect to its oil spill damages or otherwise.  HESI is not a Responsible Party as that term is defined in OPA, OPA limits or eliminates the State of Alabama's alleged right to recover for certain economic loss claims, OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

**Eleventh Affirmative Defense**

The State of Alabama has failed to plead, and cannot satisfy, conditions precedent to recovery.

**Twelfth Affirmative Defense**

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

**Thirteenth Affirmative Defense**

To the extent the damages sought are too speculative and/or too remote, the State of Alabama may not recover on its claims.

### Fourteenth Affirmative Defense

The injuries and resulting damages alleged to have been suffered by the State of Alabama were not foreseeable as a matter of law.

### Fifteenth Affirmative Defense

The State of Alabama has not reasonably mitigated its damages.

### Sixteenth Affirmative Defense

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's affirmative defenses.

### Seventeenth Affirmative Defense

HESI asserts any other defenses which it may be entitled to under Federal Rule of Civil Procedure 8(c).

### Eighteenth Affirmative Defense

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

### Nineteenth Affirmative Defense

Plaintiffs have failed to state a claim upon which relief may be granted.

### Twentieth Affirmative Defense

HESI would assert any combination of the foregoing first through nineteenth affirmative defenses.

## JURY DEMAND

Defendant Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**CONCLUSION**

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Plaintiff the State of Alabama's First Amended Complaint be deemed good and sufficient; that after due proceedings, there be judgment denying Plaintiff's claims, with all costs to be borne by Plaintiff; and for such other relief to which HESI may show itself to be justly entitled.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** __/s/  Donald E. Godwin__
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Answer to The State of Alabama's First Amended Complaint was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this _14th day of December, 2011.

/s/ Donald E. Godwin
Donald E. Godwin