UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| **THIS PLEADING APPLIES TO:** | * | JUDGE BARBIER |
| | * | |
| Civil Action Nos.: | * | MAGISTRATE SHUSHAN |
| 2:10-cv-04182, 2:10-cv-04183, | * | |
| 2:10-cv-2771 and 10-cv-2179 | * | |

## ANSWER OF WEATHERFORD U.S., L.P. TO THE STATE OF ALABAMA'S FIRST AMENDED COMPLAINT (REC. DOC. 1872)

**NOW INTO** COURT, through undersigned counsel, comes Weatherford U.S., L.P. ("Weatherford") and pursuant to Pre-trial Order No. 11 (Case Management Order No. 1) ("CMO 1"), as clarified by Pre-trial Order No. 25 and this Court's Order Regarding Defendants' Responsive Pleading Deadlines dated November 21, 2011 (Rec. Doc. 4662), on information and belief files this its answer and defenses to the First Amended Complaint (the "Amended Complaint") (Rec. Doc. 1887) filed by the State of Alabama ("Alabama").  This Answer is filed with the full reservation of all defenses reserved to Weatherford pursuant to Pre-trial Order No. 25, ¶ 15, none of which are waived:

{N2397217.1}

1

## FIRST DEFENSE

The Amended Complaint fails to state a claim against Weatherford upon which relief can be granted.

## SECOND DEFENSE

Any damages that Alabama may have sustained were caused by the negligence of others over whom this defendant has no control nor responsibility nor for whom this defendant can be held responsible.

## THIRD DEFENSE

The Amended Complaint fails to state any cause of action against Weatherford.

## FOURTH DEFENSE

Alabama's claims for damages were caused by the unseaworthiness of vessels neither owned, chartered or operated by Weatherford and any unseaworthiness of the vessels cannot be attributed to Weatherford, nor can Weatherford be held liable therefore.

## FIFTH DEFENSE

Weatherford specifically pleads intervening and superseding cause(s) as a defense to Alabama's claims.

## SIXTH DEFENSE

All claims alleged by Alabama against Weatherford are preempted by the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq.*, and Alabama has no cause of action against Weatherford for any of the claims made.

**SEVENTH DEFENSE**

All General Maritime Law claims alleged by Alabama in its Amended Complaint that do not allege physical damage to a propriety interest are barred under the *Robins Dry Dock* rule in accordance with the Court's Order and Reasons of November 14, 2011 (Rec. Doc. 4578).

**EIGHTH DEFENSE**

All state law claims alleged by Alabama in its Amended Complaint, including all claims for civil penalties, are preempted by the General Maritime Law in accordance with the Court's Order and Reasons of November 14, 2011 (Rec. Doc. 4578).

**NINTH DEFENSE**

Under the Court's Order and Reasons of November 14, 2011 (Rec. Doc. 4578), all General Maritime Law claims for nuisance and trespass alleged by Alabama in its Amended Complaint fail to state a cause of action against Weatherford.

**TENTH DEFENSE**

And now answering more particularly the numbered allegations of the Amended Complaint:

**I.**

With respect to the allegations contained in Paragraph 1, except to admit that a blowout, explosion, and multiple fires occurred on April 20, 2010 resulting in the sinkning of the *Deepwater Horizon*, the remaining allegations are denied as to Weatherford and are otherwise denied for lack of sufficient information upon which to base a belief therein.

## II.

The allegations contained in Paragraphs 3, 9-14, 16-22, 24-28, 38-51, 53-54, 56, 58-67, 77, 80-81, 88-89, 95, 107, 112, 116, 119, 122, 150-52, 156, 188-89, 191-92, 194, and 211, including all subparts, are denied for lack of sufficient information upon which to base a belief therein.

## III.

The allegations contained in Paragraphs 2, 55, 57, 68, 70, 72-76, 78, and 130, including all subparts, are denied as they might apply to Weatherford, and otherwise are denied for lack of sufficient information upon which to base a belief therein.

## IV.

The allegations contained in Paragraphs 6-7, 29, 31, 69, 96, 98, 108-110, 113-15, 117-18, 120-21, 123-25, 129, 137-47, 149, 153-55, 157-68, 187, 190, 193, 195-204, 206, 208-10, and 369-72, including all subparts, call for legal conclusions and, as such, this defendant should not be required to answer. However, if an answer is deemed necessary, then they are denied for lack of sufficient information to justify a belief therein.

## V.

The allegations contained in Paragraphs 4-5, 32, 71, 90-93, 97, 99-106, 111, 131-35, 212-16, and 218-19, including all subparts, call for legal conclusions and, as such, this defendant should not be required to answer. However, if an answer is deemed necessary, then they are denied as they might apply to Weatherford, and otherwise are denied for lack of sufficient information upon which to base a belief therein.

## VI.

The allegations contained in Paragraphs 52, 79, 82-87, 171-73, and 217, including all subparts, are denied.

## VII.

The allegations contained in Paragraphs 127-28, 170, and 174-85, including all subparts, call for legal conclusions and, as such, this defendant should not be required to answer. However, if an answer is deemed necessary, then they are denied.

## VIII.

In Paragraphs 94, 136, 148, 169, 186, 205, 220, 227, 233, 239, 247, 256, 264, 282, 290, 303, 309, 317, 324, 328, 339, and 346 of the Amended Complaint, Alabama makes statements with respect to realleging and reavering prior allegations. To the extent that these paragraphs require an answer, then Weatherford adopts any answer or defense filed by it with respect to any paragraph of the Amended Complaint in response to these Paragraphs.

## IX.

With respect to the allegations contained in Paragraph 8, Weatherford admits that BP Exploration was designated as a responsible party by the U.S. Coast Guard. The remaining allegations of Paragraph 8, including footnote 1, are denied for lack of sufficient information to justify a belief therein.

## X.

With respect to the allegations contained in Paragraph 15, Weatherford admits that Transocean Holdings was designated as a responsible party by the U.S. Coast Guard.

The remaining allegations of Paragraph 15 are denied for lack of sufficient information to justify a belief therein.

## XI.

Except to admit that Weatherford U.S., L.P. is a Louisiana limited partnership with its principal place of business in Houston, Texas and was doing business in Alabama at all pertinent times and that Weatherford U.S., L.P. provided various services, equipment, and products, the allegations contained in Paragraph 23 of the Amended Complaint are denied.

## XII.

With respect to the allegations in Paragraph 126 of the Amended Complaint, Weatherford admits that part of its business is the design, manufacture, and selling of float collars and that a Weatherford float collar was utilized on the Macondo well. The remaining allegations contained in Paragraph 126 of the Amended Complaint are denied.

## XIII.

Weatherford admits the allegations of Paragraphs 30 and 207 of the Amended Complaint.

## XIV.

The allegations contained in Paragraphs 33-35 call for legal conclusions and, as such, this defendant should not be required to answer.  However, if an answer is deemed necessary, it is admitted that this Court has jurisdiction over properly asserted admiralty and maritime claims.  All remaining allegations in Paragraphs 33-35 are denied.

{N2397217.1}

6

**XV.**

The allegations contained in Paragraphs 36-37 call for legal conclusions and, as such, this defendant should not be required to answer. However, if an answer is deemed necessary, the allegations in Paragraphs 36-37 are denied.

**XVI.**

With respect to the allegations contained in Paragraphs 221-26, 228-32, 234-38, 240-46, 248-55, 257-63, 265-81, 283-89, 291-302, 304-08, 310-16, 318-23, 325-27, 329-38, 340-45, 347-68, including all subparts, of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

**XVII.**

Weatherford denies the allegations of any preamble, preliminary statement, prayer, misnumbered or unnumbered paragraphs of the Amended Complaint.

**WHEREFORE**, Weatherford prays that its answer be deemed good and sufficient and after due proceedings had, there be judgment in its favor, dismissing all claims and for all costs of these proceedings.

Respectfully submitted:

*/s/ Glenn G. Goodier*

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:  (504) 582-8174
Facsimile:  (504) 589-8174
E-mail:  ggoodier@joneswalker.com;
rbertram@joneswalker.com;
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre
600 Jefferson Street, Suite 1600
Lafayette, , Louisiana  70501-5100
Telephone:  (337) 593-7624
E-mail:  mlemoine@joneswalker.com;
grusso@joneswalker.com;
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/ Glenn G. Goodier*
GLENN G. GOODIER

{N2397217.1}

8