UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the | * | |
| Gulf of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| **THIS PLEADING APPLIES TO:** | * | JUDGE BARBIER |
| | * | |
| Civil Action Nos.: | * | MAGISTRATE SHUSHAN |
| 2:10-cv-2771, 2:10-cv-2179, | * | |
| 2:11-cv-0516, and 2:10-cv-03059 | * | |

<u>**WEATHERFORD U.S., L.P.'S ANSWER AND DEFENSES TO THE
STATE OF LOUISIANA'S FIRST AMENDED COMPLAINT**</u>

**NOW INTO COURT**, through undersigned counsel, comes Weatherford U.S., L.P. ("Weatherford") and pursuant to Pre-trial Order No. 11 (Case Management Order No. 1) ("CMO 1"), as clarified by Pre-trial Order No. 25 and this Court's Order Regarding Defendants' Responsive Pleading Deadlines dated November 21, 2011 (Rec. Doc. 4662), on information and belief, files this its Answer and Defenses to the First Amended Complaint (the "Amended Complaint") (Rec. Doc. 2031) filed by the State of Louisiana ("Louisiana"). This Answer is filed with the full reservation of all defenses reserved to Weatherford pursuant to Pre-trial Order No. 25, ¶ 15, none of which are waived:

## ANSWER AND DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Weatherford upon which relief can be granted.

### SECOND DEFENSE

Any damages that Louisiana may have sustained were caused by the negligence and/or strict liability of others over whom this defendant has no control nor responsibility nor for whom this defendant can be held responsible.

### THIRD DEFENSE

The Amended Complaint fails to state any cause of action against Weatherford.

### FOURTH DEFENSE

Louisiana's claims for damages were caused by the unseaworthiness of vessels neither owned, chartered nor operated by Weatherford and any unseaworthiness of the vessels cannot be attributed to Weatherford, nor can Weatherford be held liable therefore.

### FIFTH DEFENSE

Weatherford specifically pleads intervening and superseding cause(s) as a defense to Louisiana's claims.

### SIXTH DEFENSE

All claims alleged by Louisiana against Weatherford are preempted by the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq.*, and Louisiana has no cause of action against Weatherford for any of the claims made.

**SEVENTH DEFENSE**

All General Maritime Law claims alleged by Louisiana in its Amended Complaint that do not allege physical damage to a propriety interest are barred under the *Robins Dry Dock* rule in accordance with the Court's Order and Reasons of November 14, 2011 (Rec. Doc. 4578).

**EIGHTH DEFENSE**

All state law claims alleged by Louisiana in its Amended Complaint, including all claims for civil penalties, are preempted by the General Maritime Law in accordance with the Court's Order and Reasons of November 14, 2011 (Rec. Doc. 4578).

**NINTH DEFENSE**

Under the Court's Order and Reasons of November 14, 2011 (Rec. Doc. 4578), all General Maritime Law claims for nuisance and trespass alleged by Louisiana in its Amended Complaint fail to state a cause of action against Weatherford.

**TENTH DEFENSE**

**AND NOW**, answering more particularly the numbered allegations of the Amended Complaint, Weatherford avers as follows:

I.

The allegations contained in Paragraphs 1, 5, 9, 15-24, 26-33, 38-45, 48-51, 57-60, 62-77, 81-85, 90-105, 109-113, 115-133, 138, 140, 143-151, 156, 159-160, 172, 193, 202, 205, 211, 221, 272-274 and 279-281 of the Amended Complaint, including any and all subparts thereof, are denied for lack of sufficient information upon which to base a belief therein.

II.

The allegations contained in Paragraphs 2, 8, 52-56, 61, 86-87, 106-108, 136, 139, 141-142, 192, 204, 206, 212-218, 220, 271 and 291-292 of the Amended Complaint are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

III.

The allegations contained in Paragraphs 3, 6-7, 13-14, 25, 78-80, 88-89, 152, 155, 157-158, 161-167, 170-171, 196, 198-200, 203, 207-210, 219, 223, 275-278, 282-284, 392 and 393 of the Amended Complaint call for legal conclusions and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to base a belief therein.

IV.

With respect to the allegations contained in Paragraph 4 of the Amended Complaint, except to admit that on April 20, 2010, a well blowout on the *Deepwater Horizon* occurred in the Gulf of Mexico and, as a result, explosions, fire and the sinking of the vessel occurred, Weatherford denies the allegations for lack of sufficient information upon which to base a belief therein.

V.

The allegations contained in Paragraphs 11, 154, 169, 182, 191, 197, 224, 240, 250, 260, 294, 302, 309, 317, 324, 329, 335, 341, 348, 355, 362, 369 and 380 of the Amended Complaint do not appear to require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied.

VI.

The allegations contained in Paragraph 201 of the Amended Complaint are admitted.

VII.

With respect to the allegations contained in Paragraph 10 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

VIII.

With respect to the allegations contained in Paragraph 12 of the Amended Complaint, except to admit that the State of Louisiana is a sovereign state of the United States, Weatherford denies the allegations for lack of sufficient information upon which to base a belief therein.

IX.

With respect to the allegations contained in Paragraph 34 of the Amended Complaint, except to admit that Weatherford U.S., L.P. has its principal office in the State of Texas and that Weatherford U.S., L.P. is doing business in the State of Louisiana and in this District, Weatherford denies the allegations.

X.

The allegations contained in Paragraphs 35-36, including the separate and duplicative Paragraph 35, of the Amended Complaint call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, Weatherford admits that this Court has jurisdiction over properly asserted admiralty and maritime claims.

All remaining allegations in Paragraphs 35-36, including the separate and duplicative Paragraph 35, are denied.

XI.

The allegations contained in Paragraph 37 of the Amended Complaint call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, Weatherford admits that venue is proper.

XII.

With respect to the allegations contained in Paragraph 46 of the Amended Complaint, except to admit that a Weatherford manufactured float collar was utilized on the Macondo Well, Weatherford denies the allegations.

XIII.

The allegations contained in Paragraphs 47 and 287-290 of the Amended Complaint are denied.

XIV.

With respect to the allegations contained in Paragraph 114 of the Amended Complaint, except to admit that the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order centralizing and transferring litigation arising from the *Deepwater Horizon* disaster to the Eastern District of Louisiana, Weatherford denies the allegations for lack of sufficient information upon which to base a belief therein.

XV.

With respect to the allegations contained in Paragraph 134 of the Amended Complaint, except to admit that the federal government issued a six-month moratorium on deepwater

drilling, Weatherford denies the allegations for lack of sufficient information upon which to base a belief therein.

XVI.

With respect to the allegations contained in Paragraph 135 of the Amended Complaint, except to admit that on October 12, 2010, the federal government announced that it was lifting the drilling moratorium, Weatherford denies the allegations for lack of sufficient information upon which to base a belief therein.

XVII.

With respect to the allegations contained in Paragraph 137 of the Amended Complaint, except to admit that BP established the Gulf Coast Claims Facility, Weatherford denies the allegations for lack of sufficient information upon which to base a belief therein.

XVIII.

In Paragraphs 153, 168, 181, 190, 195, 222, 239, 249, 259, 270, 293, 301, 308, 316, 323, 328, 334, 340, 347, 354, 361, 368, 379 and 386 of the Amended Complaint, Louisiana makes statements with respect to realleging and incorporating by reference prior allegations.  To the extent that these paragraphs require a response by Weatherford, then Weatherford adopts any and all answers and defenses filed by it with respect to any paragraphs of the Amended Complaint in response thereto.

XIX.

With respect to the allegations of Paragraphs 173-180, 183-189 and 225-232 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims.  Alternatively, the allegations of Paragraphs

173-180, 183-189 and 225-232 of the Amended Complaint are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to base a belief therein.

XX.

With respect to the allegations of Paragraphs 194 and 233-238 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations of Paragraphs 194 and 233-238 of the Amended Complaint call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXI.

The allegations of Paragraphs 241-248 of the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXII.

With respect to the allegations of Paragraphs 251-258 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing Louisiana's nuisance claims. Alternatively, the allegations of Paragraphs 251-258 of

the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXIII.

With respect to the allegations of Paragraphs 261-269 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing Louisiana's trespass claims. Alternatively, the allegations of Paragraphs 261-269 of the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXIV.

With respect to the allegations contained in Paragraphs 285-286 of the Amended Complaint, except to admit that part of its business is the design, manufacture, selling and distributing of float collars and that a Weatherford float collar was utilized on the Macondo Well, Weatherford denies the allegations.

XXV.

With respect to the allegations of Paragraphs 295-300 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations of Paragraphs 295-300 of the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXVI.

With respect to the allegations of Paragraphs 303-307 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations of Paragraphs 303-307 of the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXVII.

With respect to the allegations of Paragraphs 310-315 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations of Paragraphs 310-315 of the

{N2397215.1}

10

Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXVIII.

With respect to the allegations of Paragraphs 318-322 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations of Paragraphs 318-322 of the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXIX.

With respect to the allegations of Paragraphs 325-327 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations of Paragraphs 325-327 of the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to

Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

## XXX.

With respect to the allegations of Paragraphs 330-333 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations of Paragraphs 330-333 of the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

## XXXI.

With respect to the allegations of Paragraphs 336-339 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations of Paragraphs 336-339 of the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXXII.

With respect to the allegations of Paragraphs 342-346, 349-353, 356-360, 363-367, 370-378 and 381-385 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations of Paragraphs 342-346, 349-353, 356-360, 363-367, 370-378 and 381-385 of the Amended Complaint, including any and all subparts thereof, are not directed at Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXXIII.

The allegations contained in Paragraphs 387-391 of the Amended Complaint, including any and all subparts thereof, are not directed to Weatherford and call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

XXXIV.

Weatherford denies the allegations of any preamble, preliminary statement, prayer, misnumbered or unnumbered paragraphs of the Amended Complaint.

**WHEREFORE**, Weatherford prays that this its Answer and Defenses be deemed good and sufficient and after due proceedings had, there be judgment in its favor, dismissing all claims and for all costs of these proceedings.

Respectfully submitted:

*/s/  Glenn G. Goodier*

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:	(504) 582-8174
Facsimile:	(504) 589-8174
E-mail:	ggoodier@joneswalker.com;
	rbertram@joneswalker.com;
	lsannino@joneswalker.com


MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
Jones, Walker, Waechter, Poitevent,
  Carrère & Denègre, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, , Louisiana  70501-5100
Telephone:	(337) 262-9024
E-mail:	mlemoine@joneswalker.com;
	grusso@joneswalker.com;
	dlongman@joneswalker.com
*Counsel for Weatherford U.S., L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2011, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.


*/s/  Glenn G. Goodier*
GLENN G. GOODIER

{N2397215.1}