**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | **MDL No. 2179** |
| **"*Deepwater Horizon*"** in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION: J** |
| | * | |
| **This Document Relates to:** | * | |
| **Nos. 10-2179; 11-00516; 10 -03059** | * | |
| | * | **JUDGE BARBIER** |
| | * | **MAGISTRATE SHUSHAN** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**JOINT ANSWER OF ANADARKO PETROLEUM CORPORATION**
**AND ANADARKO E&P COMPANY LP TO THE**
**COMPLAINT OF THE STATE OF LOUISIANA,**
**PART OF PLEADING BUNDLE "C" IN ACCORDANCE WITH**
**PTO NO. 11 [CMO NO. 1] SECTION III(C) ["C BUNDLE"]**

Anadarko Petroleum Corporation ("APC") and Anadarko E&P Company LP ("Anadarko E&P") (together "Anadarko"), by and through their undersigned counsel, answers the First Amended Complaint ("Complaint") of the State of Louisiana ("Louisiana") (Rec. Doc. 2031) in accordance with PTO No. 11 [CMO No. 1] Section III(C) ["C Bundle"] (Rec. Doc. 569) as follows:

## INTRODUCTION

1.      The allegations in Paragraph 1 of the Complaint consist of the State of Louisiana's characterization of the nature of its case and require no response.  To the extent a response is deemed required, Anadarko admits that an explosion and fire occurred on the mobile offshore drilling unit ("MODU") *Deepwater Horizon* on April 20, 2010, resulting in the release of oil into the waters of the Gulf of Mexico, but is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in this paragraph and therefore denies same.

2.      The allegations in Paragraph 2 of the Complaint consist of the State of Louisiana's characterization of its case and require no response.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies same.

3.      The allegations in Paragraph 3 of the Complaint consist of the State of Louisiana's characterization of its case and require no response.  To the extent a response is required, Anadarko denies the State of Louisiana's ability to preserve its claims for natural resource damages and other forward looking claims that are subject to ongoing assessments.

## NATURE OF ACTION

4.      The allegations in Paragraph 4 of the Complaint consist of the State of Louisiana's characterization of its case and require no response.  To the extent a response is required, Anadarko admits that an explosion and fire occurred on the MODU *Deepwater Horizon* on April 20, 2010 and that the *Deepwater Horizon* subsequently sank on April 22, 2010. Anadarko also admits that, as a result, oil flowed from the *Deepwater Horizon* into and upon waters of the Gulf of Mexico and that, after April 20, 2010, oil flowed from the *Deepwater*

2

*Horizon*, including the blowout preventer ("BOP") stack and the marine riser, into and upon waters of the Gulf of Mexico and adjoining shorelines of the United States.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 4 of the Complaint and therefore denies same.

5.      The allegations in Paragraph 5 of the Complaint are conclusions of law and characterizations of damages to which no response is required.  To the extent a response is required, Anadarko denies the first sentence of Paragraph 5 and is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 5 of the Complaint and therefore denies same insofar as it pertains to Anadarko.

6.      The allegations in Paragraph 6 of the Complaint consist of Louisiana's characterization of the nature of its case and requested relief and require no response.  To the extent Louisiana's Complaint still seeks to recover under state law claims and General Maritime Law against Anadarko, Anadarko responds that such claims have been dismissed by this Court's Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

7.      The allegations in Paragraph 7 of the Complaint consist of Louisiana's characterization of its case and the requested relief and require no response.  To the extent a response is required, Anadarko states that 33 U.S.C. § 2701 *et seq.* and La. R.S. 30:2452 *et seq.* speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  To the extent Louisiana's Complaint still seeks to recover under state law claims, Anadarko responds that such claims have been dismissed by this Court's Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

8.      Certain allegations in Paragraph 8 of the Complaint are conclusions of law to which no response is required.  The remaining allegations in Paragraph 8 of the Complaint consist of Louisiana's characterization of the nature of their case and the requested relief and require no response.  To the extent Louisiana's Complaint still seeks to recover under state law claims and General Maritime Law against Anadarko, Anadarko responds that such claims were dismissed by the Court as of November 14, 2011.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  Anadarko further states that OPA and OSPRA speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

9.      In response to Paragraph 9, Anadarko admits that the State of Louisiana has filed a Complaint against several Transocean Entities for declaratory relief under OPA and OSPRA, and that the case number is 10-cv-03059.

10.     The allegations in Paragraph 10 of the Complaint consist of Louisiana's characterization of the nature of their case and the relief requested and require no response.  To the extent Louisiana's Complaint still seeks to recover under state law, Anadarko responds that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  Anadarko further states that La. R.S. 30:2001 *et seq.* speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

11.     The allegations in Paragraph 11 of the Complaint consist of Louisiana's characterization of the nature of their case and a characterization of the references used in the

4

Complaint and require no response.

## PARTIES

12.     The allegations in Paragraph 12 of the Complaint constitute conclusions of law to which no response is required.  Anadarko admits that the State of Louisiana is a sovereign state of the United States and has brought the instant action.  To the extent Louisiana's Complaint still seeks to recover under state law claims and General Maritime Law against Anadarko, Anadarko states that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

13.     Certain allegations in Paragraph 13 of the Complaint constitute conclusions of law and characterizations of the references used in the Complaint to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies same.  Anadarko further states that 33 U.S.C. § 2706, La. R.S. 30:2480, Louisiana Administrative code 43:XXIX.101(A), and Governor Jindal's May 20, 2010 letter to President Barack Obama speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

14.     The allegations in Paragraph 14 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies same.  To the extent Louisiana's Complaint still seeks to recover under state law claims and General Maritime Law against Anadarko, Anadarko states that such claims were dismissed by the Court

as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

15.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies same.

16.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore denies same.

17.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and therefore denies same.

18.     In response to Paragraph 18, Anadarko admits that a TO entity lease the MODU *Deepwater Horizon* to BP.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 18 of the Complaint and therefore denies same.

19.     Certain allegations in Paragraph 19 constitute conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 19 of the Complaint and therefore denies same.

20.     In response to Paragraph 20, Anadarko admits that Anadarko E&P Company, LP, is a Delaware limited partnership with its principal place of business in The Woodlands, Texas, and is doing business in the State of Louisiana and in this District.

21.     In response to Paragraph 20, Anadarko admits that Anadarko Petroleum Corporation ("APC") is incorporated in the State of Delaware with its principal place of business in The Woodlands, Texas and is doing business in the State of Louisiana and in this District.

6

22.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and therefore denies same.

23.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and therefore denies same.

24.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and therefore denies same.

25.     Certain allegations in Paragraph 25 constitute conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 25 of the Complaint and therefore denies same.

26.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and therefore denies same.

27.     Certain allegations in Paragraph 27 constitute conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 27 of the Complaint and therefore denies same.

28.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies same.

29.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies same.

30.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and therefore denies same.

31.     Anadarko is without sufficient information or knowledge to form a belief as to the

truth of the allegations in Paragraph 31 of the Complaint and therefore denies same.

32.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and therefore denies same.

33.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and therefore denies same.

34.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and therefore denies same.

## JURISDICTION AND VENUE

35.     The allegations in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies that this Court has jurisdiction based on Louisiana's failure to comply with OPA's presentment requirement, which is a prerequisite to jurisdiction under OPA.  33 U.S.C. § 2713. Anadarko further states that 33 U.S.C. §2717 and 28 U.S.C. § 2201(a) speaks for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

35.[1]    The allegations in Paragraph 35 of the Complaint constitute conclusions of law to which no response is required.  Nonetheless, Anadarko admits that this Court has jurisdiction over "all Cases of admiralty and maritime jurisdiction" pursuant to Article III, Section 2.

36.     The allegations in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies that the Court has supplemental jurisdiction over any state law claims alleged in the Complaint because

---

[1] The State of Louisiana's Complaint appears to have inadvertently repeated the Paragraph numbered "35."  For consistency, Anadarko has adopted the Complaint's formatting.

state law does not apply to this case.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

37.     The allegations in Paragraph 37 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko admits that venue is proper in this District.

## FACTUAL ALLEGATIONS

### The Defendants and Their Wrongful Conduct

38.     Anadarko admits that BP acquired a ten-year lease from the former United States Minerals Management Service ("MMS") to search for and exploit hydrocarbon reservoirs at the Macondo Prospect in Mississippi Canyon Block 252, 48 miles off the coast of Louisiana, and such lease became effective June 1, 2008 ("Macondo Prospect lease").  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in the last sentence of Paragraph 38 of the Complaint and therefore denies same.

39.     Anadarko admits that, pursuant to an assignment approved by MMS, MOEX Offshore 2007 LLC obtained a 10% ownership interest in the lease for Mississippi Canyon Block 252 in the Gulf of Mexico, effective October 1, 2009, and that it was a party to the Macondo Prospect Offshore Deepwater Operating Agreement ("Operating Agreement").   Anadarko admits, pursuant to an assignment approved by MMS and as contemplated by the Operating Agreement, APC held a 25% interest in the Macondo Prospect lease, effective April 1, 2010. Anadarko admits that BP E&P retained a 65% interest in the Macondo Prospect lease, and is the designated operator for operations conducted pursuant to the Macondo Prospect lease.  Anadarko further states that the Operating Agreement and the Designation of Operator form speak for

9

themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 39 of the Complaint and therefore denies same.

40.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies same.

41.     Anadarko admits that the Transocean *Marianas*, a mobile offshore drilling unit, was used for the drilling operations within Block 252, Mississippi Canyon, Official Protraction Diagram NH 16-10, pursuant to Lease No. OCS-G 32306 starting on or about October of 2009 and ending on or about November 2009.   Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint and therefore denies same.

42.     Anadarko admits that the *Deepwater Horizon*, a mobile offshore drilling unit, replaced the Transocean *Marianas* for the purpose of drilling operations within Block 252, Mississippi Canyon, Official Protraction Diagram NH 16-10, pursuant to Lease No. OCS-G 32306, and drilling operations resumed on or about February of 2010 and continued until April 2010. Anadarko also admits that temporary abandonment procedures were ongoing at the time of the incident.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 42 of the Complaint and therefore denies same.

43.     Anadarko admits that the *Deepwater Horizon* had as part of its operating equipment and appurtenances a BOP and a Lower Marine Riser Package, a marine riser, associated piping and other equipment.

44.     Certain allegations in Paragraph 44 represent Louisiana's understanding of

10

deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 44 of the Complaint and therefore denies same.

45.     Certain allegations in Paragraph 45 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 45 of the Complaint and therefore denies same.

46.     Certain allegations in Paragraph 46 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 46 of the Complaint and therefore denies same.

47.     Certain allegations in Paragraph 47 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 47 of the Complaint and therefore denies same.

### BP p.l.c. - Single Business Enterprise

48.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies same.

49.     Certain allegations in Paragraph 49 of the Complaint constitute characterizations of the references used in the Complaint and require no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 49 of the Complaint and therefore denies same.

50.     Anadarko is without sufficient information or knowledge to form a belief as to the

A/74622811.4

truth of the allegations in Paragraph 50 of the Complaint and therefore denies same.

51.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies same.

52.     The allegations in Paragraph 52 of the Complaint constitute conclusions of law to which no response is required.  To the extent Louisiana's Complaint still seeks to recover under state law and General Maritime Law against Anadarko, Anadarko states that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko denies the allegations in Paragraph 52 of the Complaint insofar as they pertain to Anadarko.

53.     Certain allegations in Paragraph 53 of the Complaint constitute conclusions of law to which no response is required.  To the extent Louisiana's Complaint still seeks to recover under state law and General Maritime Law against Anadarko, Anadarko states that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko denies the allegations insofar as they pertain to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 53 of the Complaint and therefore denies same.

54.     Certain allegations in Paragraph 54 of the Complaint constitute conclusions of law to which no response is required.  To the extent Louisiana's Complaint still seeks to recover under state law and General Maritime Law against Anadarko, Anadarko states that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to

Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the last sentence of Paragraph 54, and is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 54 of the Complaint and therefore denies same.

55.     The allegations in Paragraph 55 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states 30 C.F.R. § 250 *et seq.* and API RP 65 and 75 speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they pertain to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 55 of the Complaint and therefore denies same.

56.     Certain allegations in Paragraph 56 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations in the last sentence of Paragraph 56 insofar as they pertain to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 56 of the Complaint and therefore denies same.

57.     Certain allegations in Paragraph 57 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 57 of the Complaint and therefore denies same.

58.     Certain allegations in Paragraph 58 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient

A/74622811.4

information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 58 of the Complaint and therefore denies same.

59.     Certain allegations in Paragraph 59 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 59 of the Complaint and therefore denies same.

60.     Certain allegations in Paragraph 60 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 60 of the Complaint and therefore denies same.

61.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and therefore denies same.

62.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore denies same.

63.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies same.

64.     Certain allegations in Paragraph 64 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 64 of the Complaint and therefore denies same.

65.     Certain allegations in Paragraph 65 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko further states 30 C.F.R. § 250.428 speaks for itself, and Anadarko refers to the source cited for its words, substance,

14

meaning, content or context thereof.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 65 of the Complaint and therefore denies same.

66.     Certain allegations in Paragraph 66 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 66 of the Complaint and therefore denies same.

67.     Certain allegations in Paragraph 67 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 67 of the Complaint and therefore denies same.

68.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of  the allegations in Paragraph 68 of the Complaint and therefore denies same.

69.     Certain allegations in Paragraph 69 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 69 of the Complaint and therefore denies same.

70.     Certain allegations in Paragraph 70 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko admits that an explosion occurred on the *Deepwater Horizon* on the night of April 20, 2010.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 70 of the Complaint and therefore denies same.

71.     Certain allegations in Paragraph 71 represent Louisiana's understanding of

deepwater drilling processes to which no response is required.   Anadarko admits that the *Deepwater Horizon* sank on April 22, 2010.   Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 71 of the Complaint and therefore denies same.

72.    Certain allegations in Paragraph 72 of the Complaint constitute conclusions of law and Louisiana's understanding of deepwater drilling processes to which no response is required.   Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 72 of the Complaint and therefore denies same.

73.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and therefore denies same.

74.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and therefore denies same.

75.    Certain allegations in Paragraph 75 of the Complaint constitute conclusions of law to which no response is required.   Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 75 of the Complaint and therefore denies same.

76.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 76 of the Complaint and therefore denies same.

77.    Certain allegations in Paragraph 77 of the Complaint constitute conclusions of law and Louisiana's understanding of deepwater drilling processes to which no response is required.   Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 77 of the Complaint and therefore denies

A/74622811.4

same.

78.     Certain allegations in Paragraph 78 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states 30 C.F.R. § 250.451(d) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 78 of the Complaint and therefore denies same.

79.     Certain allegations in Paragraph 79 of the Complaint constitute conclusions of law to which no response is required.   Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 78 of the Complaint and therefore denies same.

80.     The allegations in Paragraph 80 of the Complaint constitute conclusions of law and Louisiana's understanding of the deepwater drilling industry to which no response is required.  Anadarko further states that the National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling Report to the President speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 80 of the Complaint and therefore denies same.

81.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore denies same.

82.     In response to Paragraph 82, Anadarko admits that there was an explosion on the *Deepwater Horizon* on April 20, 2010.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 82 of the

Complaint and therefore denies same.

83.    Certain allegations in Paragraph 83 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 83 of the Complaint and therefore denies same.

84.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and therefore denies same.

85.    The allegations in Paragraph 85 represent Louisiana's understanding of deepwater drilling processes to which no response is required.  Anadarko further states that the Forensic Examination of the *Deepwater Horizon* Blowout Preventer performed by Det Norske Veritas for the Department of the Interior, dated March 21, 2011, speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 85 of the Complaint and therefore denies same.

86.    The allegations in Paragraph 86 of the Complaint constitute conclusions of law to which no response is required.  To the extent Louisiana's Complaint still seeks to recover under state law and General Maritime Law against Anadarko, Anadarko states that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they pertain to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 86

of the Complaint and therefore denies same.

87.     The allegations in Paragraph 87 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they pertain to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 87 of the Complaint and therefore denies same.

88.     The allegations in Paragraph 88 of the Complaint and its sub-parts (1) through (6) constitute conclusions of law to which no response is required.  Anadarko further states that 43 U.S.C. § 1331 *et seq.* and 30 C.F.R. § 251.6(a) speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

89.     The allegations in Paragraph 89 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that 30 C.F.R 200 *et seq.,* including 30 C.F.R. §§ 250.213(a), .219, and .250, speak for themselves, and Anadarko refers to the sources cited for its words, substance, meaning, content or context thereof.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 89 of the Complaint and therefore denies same.

90.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint and therefore denies same.

91.     In response to Paragraph 91 of the Complaint, Anadarko denies the statement attributed to Jim Hackett.  Anadarko admits the second sentence of Paragraph 91.

92.     In response to Paragraph 92, Anadarko states that Rex Tillerson's June 15, 2010 testimony before the U.S. House Committee on Energy and Commerce, Subcommittee on Energy and the Environment, hearing on "Offshore Drilling Operations and Safety", speaks for

itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint and therefore denies same.

93.     In response to Paragraph 93, Anadarko states that John Watson's June 15, 2010 testimony before the U.S. House Committee on Energy and Commerce, Subcommittee on Energy and the Environment, hearing on "Offshore Drilling Operations and Safety", speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 93 of the Complaint and therefore denies same.

94.     In response to Paragraph 94, Anadarko states that Marvin Odum's June 15, 2010 testimony before the U.S. House Committee on Energy and Commerce, Subcommittee on Energy and the Environment, hearing on "Offshore Drilling Operations and Safety", speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 94 of the Complaint and therefore denies same.

95.     In response to Paragraph 95, Anadarko states that the Baker Commission Report on the event at BP's Texas City refinery speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and therefore denies same.

A/74622811.4

96.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and therefore denies same.

97.     Certain allegations in Paragraph 97 constitute characterizations of the references in the Complaint to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 97 of the Complaint and therefore denies same.

98.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and therefore denies same.

99.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and therefore denies same.

100.     Certain allegations in Paragraph 100 of the Complaint constitute conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 100 of the Complaint and therefore denies same.

101.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and therefore denies same.

102.     The allegations in Paragraph 31 relate to claims against Anadarko which have been dismissed and, therefore, are denied.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26; *see also* Order and Reasons [As to Motions to Dismiss the B1 Master Complaint] (Rec. Doc. 3830) at 39.   To the extent further response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and therefore denies same.

21

103.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint and therefore denies same.

104.    The allegations in Paragraph 104 of the Complaint and its subparts a) through c) relate to claims against Anadarko which have been dismissed and, therefore, are denied.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26; *see also* Order and Reasons [As to Motions to Dismiss the B1 Master Complaint] (Rec. Doc. 3830) at 39.  To the extent further response is required, Anadarko states that the Operating Agreement speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

105.    The allegations in Paragraph 105 of the Complaint are conclusions of law to which no response is required.  To the extent Louisiana's Complaint still seeks to recover under state law and General Maritime Law against Anadarko, Anadarko states that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations in Paragraph 105 of the Complaint insofar as they pertain to Anadarko.

106.    The allegations in Paragraph 106 of the Complaint are conclusions of law to which no response is required.  To the extent Louisiana's Complaint still seeks to recover under state law and General Maritime Law against Anadarko, Anadarko states that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations in Paragraph 106 of the Complaint insofar as they pertain to Anadarko.

107.     The allegations in Paragraph 107 of the Complaint are conclusions of law to which no response is required.  Anadarko further states that 30 C.F.R. Part 250 *et seq.* speak for themselves, and Anadarko refers to the sources cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations in Paragraph 107 of the Complaint insofar as they pertain to Anadarko.

108.     The allegations in Paragraph 108 of the Complaint are conclusions of law to which no response is required.  To the extent Louisiana's Complaint still seeks to recover under state law and General Maritime Law against Anadarko, Anadarko states that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations in Paragraph 108 of the Complaint insofar as they pertain to Anadarko.

**The Disaster and Its impact on Louisiana**

109.     In response to Paragraph 109, Anadarko admits that an explosion and fire occurred on the MODU *Deepwater Horizon* on April 20, 2010 and that the *Deepwater Horizon* subsequently sank on April 22, 2010, resulting in the release of oil into the waters of the Gulf of Mexico.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 109 of the Complaint and therefore denies same.

110.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint and therefore denies same.

111.     In response to Paragraph 111, Anadarko admits that an explosion and fire occurred on the MODU *Deepwater Horizon* on April 20, 2010 and that the *Deepwater Horizon* subsequently sank on April 22, 2010.  Anadarko admits that Louisiana Governor Jindal declared

a state of emergency on April 29, 2010. Anadarko further states that Governor Jindal's declaration of emergency speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 111 of the Complaint and therefore denies same.

112.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint and therefore denies same.

113.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 113 of the Complaint and therefore denies same.

114.    Anadarko admits that the Multi-District Litigation Panel transferred pending proceedings to this Court by order entered August 10, 2010. Anadarko further states that the Transfer Order speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

115.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint and therefore denies same.

116.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint and therefore denies same.

117.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint and therefore denies same.

118.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint and therefore denies same.

119.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint and therefore denies same.

120.     Certain allegations in Paragraph 120 of the Complaint constitute conclusions of law and characterizations of the references used in the Complaint to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  Anadarko denies that Louisiana has any right to have the natural resource damage claims phased into litigation, and Anadarko is otherwise without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint and therefore denies same.

121.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint and therefore denies same.

122.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint and therefore denies same.

123.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint and therefore denies same.

124.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint and therefore denies same.

125.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint and therefore denies same.

126.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and therefore denies same.

127.     Anadarko is without sufficient information or knowledge to form a belief as to the

truth of the allegations in Paragraph 127 of the Complaint and therefore denies same.

128.    In response to Paragraph 128, Anadarko admits that NOAA instituted prohibition on commercial and recreational fishing in federal waters in the Gulf of Mexico on May 2, 2010 and subsequently expanded that area.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 128 of the Complaint and therefore denies same.

129.    The allegations in Paragraph 129 of the Complaint are conclusions of law to which no response is required.  Anadarko states that La. R.S. 43:214.1(A) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 129 of the Complaint and therefore denies same.

130.    The allegations in Paragraph 130 of the Complaint are conclusions of law and characterizations of damages to which no response is required.  Anadarko states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 130 of the Complaint and therefore denies same.

131.    The allegations in Paragraph 131 of the Complaint are conclusions of law and characterizations of damages to which no response is required.  Anadarko states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 131 of the Complaint and therefore denies same.

132.    In response to Paragraph 132, Anadarko states that the article by Kim Murphy, Death by Fire in the Gulf, LA Times, June 17, 2010; WDSU, *Officials: Cleanup Crews Trampling Pelican Nests*, accessed at http://www.WDSU.com/print/ 23909922/detail.htmlspeaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 132 of the Complaint and therefore denies same.

133.    The allegations in Paragraph 133 of the Complaint are conclusions of law and characterizations of damages to which no response is required.  Anadarko states that 33 U.S.C. § 2701(3) and La. R.S. 20:2454(25) speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  Anadarko states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the

27

allegations in Paragraph 133 of the Complaint and therefore denies same.

### Economic Impact of Deepwater Drilling Moratorium

134.    In response to Paragraph 134, Anadarko admits that the United States Department of the Interior Minerals Management Service ("MMS") issued a six-month moratorium on deepwater drilling in the Gulf of Mexico on May 28, 2010.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the remaining allegations in Paragraph 134 of the Complaint and therefore denies same.

135.    In response to Paragraph 135 of the Complaint, Anadarko admits that the United States Department of Interior's Bureau of Ocean Energy Management, Regulation, and Enforcement ("BOEMRE") lifted the drilling moratorium on October 12, 2010 and imposed certain requirements for resumption of drilling.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the remaining allegations in Paragraph 135 of the Complaint and therefore denies same.

136.    The allegations in Paragraph 136 of the Complaint are conclusions of law to which no response is required.  Anadarko states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they pertain to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the remaining allegations in Paragraph 136 of the Complaint and therefore denies same.

### The BP Claims Procedure and Its Impacts on Louisiana's Economy

137.    Certain allegations in Paragraph 137 of the Complaint are conclusions of law to which no response is required.  In response to the remaining allegations in Paragraph 137, Anadarko admits that the Gulf Coast Claims Facility was established by BP for private claimants and that this Court has been asked to oversee the GCCF's interactions with the public.  Anadarko further states that 33 U.S.C. § 2705 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the remaining allegations in Paragraph 137 of the Complaint and therefore denies same.

138.    Certain allegations in Paragraph 138 of the Complaint are conclusions of law and characterizations of damages to which no response is required.   To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the remaining allegations in Paragraph 138 of the Complaint and therefore denies same.

### Economic Impacts on the State of Louisiana

139.    Certain allegations in Paragraph 139 of the Complaint are conclusions of law and characterizations of damages to which no response is required.  To the extent a response is required, Anadarko denies the allegations in the second sentence of Paragraph 139 insofar as they pertain to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 139 of the Complaint and therefore denies same.

140.    Certain allegations in Paragraph 140 of the Complaint are conclusions of law and characterizations of damages to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 140 of the Complaint and therefore denies same.

141.    Certain allegations in Paragraph 141 of the Complaint are conclusions of law and characterizations of damages to which no response is required.  To the extent a response is required, Anadarko denies the allegations in the second sentence of Paragraph 141 insofar as they pertain to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 141 of the Complaint and therefore denies same.

142.    The allegations in Paragraph 142 of the Complaint are conclusions of law and characterizations of damages to which no response is required.  To the extent Louisiana's First Amended Complaint still seeks to recover under state law and General Maritime Law against Anadarko, Anadarko responds that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent further response is required, Anadarko denies the allegations in the second sentence of Paragraph 142 insofar as they pertain to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 142 of the Complaint and therefore denies same.

**Presentment Procedure**

**Presentment by the State of Louisiana**

143.    Certain allegations in Paragraph 143 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies that government claims do not require presentment before proceeding to litigation.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). Anadarko is without

sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 143 of the Complaint and therefore denies same.

144.    Certain allegations in Paragraph 144 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 144 of the Complaint and therefore denies same.

145.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint and therefore denies same.

146.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 146 of the Complaint and therefore denies same.

147.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint and therefore denies same.

148.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 148 of the Complaint and therefore denies same.

149.    Certain allegations in Paragraph 149 of the Complaint constitute conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 149 of the Complaint and therefore denies same.

150.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint and therefore denies same.

151.    Certain allegations in Paragraph 151 of the Complaint constitute conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge

A/74622811.4

to form a belief as to the truth of the remainder of the allegations in Paragraph 151 of the Complaint and therefore denies same.

152.    The allegations in Paragraph 152 consist of Louisiana's characterization of the nature of its case and no response is required.  To the extent Louisiana's Complaint still seeks to recover under state law, Anadarko responds that such claims were dismissed by the Court as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that Louisiana has any right to have the natural resource damage claims and other forward looking costs and economic damages phased into the litigation, and Anadarko is otherwise without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 152 of the Complaint and therefore denies same.

## CLAIMS FOR RELIEF

### COUNT I

### Against BP, Anadarko, MOEX and Transocean Defendants

### Declaratory Judgment That Defendants Are Jointly,

### Strictly and Severally Liable Under OPA

153.    In response to Paragraph 153 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 152 above as if fully set forth herein.

154.    Anadarko admits that Count I is "alleged against BP, Anadarko, MOEX, and Transocean Defendants."

155.    The allegations in Paragraph 155 are conclusions of law to which no response is

32

required.  Anadarko states that 28 U.S.C. § 2201 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

156.    The allegations in Paragraph 156 are conclusions of law to which no response is required.

157.    The allegations in Paragraph 157 are conclusions of law to which no response is required.  Anadarko states that 33 U.S.C. § 2701 *et seq.*, including 33 U.S.C. § 2702(a) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

158.    The allegations in Paragraph 158 are conclusions of law to which no response is required.  Anadarko states that 33 U.S.C. § 2701(32) and 43 U.S.C. § 1301 speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

159.    The allegations contained in Paragraph 159 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that 33 U.S.C. § 2702(b)(2) speaks for itself, and Anadarko refers to the sources cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

160.    The allegations in Paragraph 160 are conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 160 of the Complaint and therefore denies same.

161.    The allegations contained in Paragraph 161 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that 33 U.S.C. §§ 2701(20)

33

and 2706(a)(2) and (d)(1) speak for themselves, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

162.    The allegations contained in Paragraph 162 of the Complaint constitute conclusions of law to which no response is required.   Anadarko states that 33 U.S.C. § 2702(b)(2)(B) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

163.    The allegations contained in Paragraph 163 of the Complaint constitute conclusions of law to which no response is required.   Anadarko states that 33 U.S.C. § 2702(b)(2)(D) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

164.    The allegations contained in Paragraph 164 of the Complaint constitute conclusions of law to which no response is required.   Anadarko states that 33 U.S.C. § 2702(b)(2)(F) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

165.    The allegations contained in Paragraph 165 of the Complaint constitute conclusions of law to which no response is required.   Anadarko states that 33 U.S.C. §§ 2704(c)(1)(A) and (c)(1)(B) speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

166.   The allegations contained in Paragraph 166 of the Complaint constitute conclusions of law and characterizations of requested relief to which no response is required. Anadarko states that 28 U.S.C. §§ 2201 and 2202, *et seq.* speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the requested relief insofar as it pertains to Anadarko.

167.   The allegations contained in Paragraph 166 of the Complaint constitute conclusions of law and characterizations of requested relief to which no response is required. Anadarko states that 28 U.S.C. § 2201 *et seq.*, Fed. R. Civ. P. 57, 33 U.S.C. 2701 *et seq.*, and 33 U.S.C. § 2717(f)(2) speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the requested relief insofar as it pertains to Anadarko.

## COUNT II

**Against BP, Anadarko, MOEX, Transocean, Cameron and Halliburton Defendants**

**Declaratory Judgment That Defendants Are Jointly, Strictly and Severally**

**Liable For Costs and Damages under OSPRA**

168.   In response to Paragraph 168 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 167 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

169.     Anadarko admits that Count II is "alleged against BP, Anadarko, MOEX, and Transocean, Cameron and Halliburton Defendants."  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

170.     The allegations in Paragraph 170 are conclusions of law to which no response is required.  Anadarko states that 28 U.S.C. § 2201 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

171.     Anadarko denies that this suit is ripe for adjudication under OSPRA.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

172.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint and therefore denies same.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading

36

Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

173.    The allegations in Paragraph 173 are conclusions of law to which no response is required.   Anadarko states that 33 U.S.C. §§ 2718(a)(1) and (c)(1) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

174.    The allegations in Paragraph 174 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2451, *et seq.*, including La. R.S. 30:2452(A), La. Const. art. IX Sec. 1, and Louisiana Administrative Code 43:XXIX.101(A) speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

175.    The allegations in Paragraph 175 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(22)(a) and (c) speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of

37

Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

176.    The allegations in Paragraph 176 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(20) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a further response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

177.    The allegations in Paragraph 177 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(22)(c) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a further response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

178.    The allegations in Paragraph 178 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(7) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of

38

Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

179.    The allegations in Paragraph 179 of the Complaint constitute conclusions of law to which no response is required.  The claim contained in Paragraph 179 has been dismissed by court order as of November 14, 2011 (Rec. Doc. 4578) insofar as it pertains to Anadarko, therefore no response is required.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the requested relief.

180.    The claim contained in Paragraph 180 has been dismissed by court order as of November 14, 2011 (Rec. Doc. 4578) insofar as it pertains to Anadarko, therefore no response is required.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the requested relief.

## COUNT III

### Against BP, Anadarko, MOEX and Transocean Defendants

### Civil Penalties for Violations of the Louisiana Environmental Quality Act

181.    In response to Paragraph 181 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 180 above as if fully set forth herein.  Anadarko further states that the State of Louisiana's claim against Anadarko pursuant to the Louisiana Environmental Quality Act ("LEQA"), LA. R.S. 30:2072  has been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

39

182.    In response to Paragraph 182, Anadarko admits that Count III is "alleged against BP, Anadarko, MOEX, and Transocean, Cameron and Halliburton Defendants."  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

183.    The allegations in Paragraph 183 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2072 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

184.    The allegations in Paragraph 184 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2076 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

185.    The allegations contained in Paragraph 185 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2075, 30:2076, and La. Admin. Code 33:IX.1701.B speak for themselves, and Anadarko refers to the

40

sources cited for their words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a further response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

186.    The allegations contained in Paragraph 186 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko states that La. R.S. 30:2025 and La. Admin. Code 33:I.703 and 705 speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

187.    The allegations contained in Paragraph 187 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 187 of the Complaint and therefore denies same.

188.    The allegations contained in Paragraph 188 of the Complaint constitute

conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2025 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a further response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

189.    The allegations contained in Paragraph 189 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

## COUNT IV

### Against All Defendants

### Recovery of Response Action Costs

190.    In response to Paragraph 190 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 189 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

191.    In response to Paragraph 191, Anadarko admits that Count IV is "alleged against

A/74622811.4

all Defendants."  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

192.    The allegations in Paragraph 192 constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint and therefore denies same.

193.    The allegations in Paragraph 193 constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 193 of the Complaint and therefore denies same.

194.    The allegations in Paragraph 194 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko states that La. R.S. 30:2025 speaks for itself, and Anadarko refers to the source cited for its words, substance,

meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a further response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

**COUNT V**

**Against BP, Anadarko, MOEX and Transocean Defendants**

**Oil Pollution Act Claim for Costs and Damages**

195.    In response to Paragraph 195 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 194 above as if fully set forth herein.

196.    The allegations in Paragraph 196 of the Complaint consist of conclusions of law and the State of Louisiana's characterization of their case and require no response.  To the extent a response is required, Anadarko denies the State of Louisiana's ability to preserve its claims for natural resource damages and other forward looking claims which are subject to ongoing assessments.

197.    Anadarko admits that Count V is "alleged against the BP, Anadarko, MOEX, and Transocean Defendants."

198.    The allegations contained in Paragraph 198 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that 33 U.S.C. § 2702(a) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

44

199.    The allegations contained in Paragraph 199 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that 33 U.S.C. § 2701(32) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

200.    The allegations contained in Paragraph 200 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that 33 U.S.C. § 2704(a)-(c) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a further response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

201.    Anadarko admits that the United States Coast Guard designated Transocean Holdings and BP E&P as "responsible parties" for the *Deepwater Horizon* incident under the Oil Pollution Act of 1990, 33 U.S.C. § 2714.

202.    The allegations in Paragraph 202 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the "Statement of BP Exploration & Production Inc. Re Applicability of Limitation of Liability Under Oil Pollution Act of 1990," filed on October 19, 2010, and "Order re: Applicability of Limit of Liability Under Oil Pollution Act of 1990 to BP Exploration & Production (and its affiliates), dated December 23, 2010, speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

203.    The allegations contained in Paragraph 203 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that 33 U.S.C. § 2702(b) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

204.    The allegations in Paragraph 204 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that 33 U.S.C. § 2702 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a further response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

205.    The allegations in Paragraph 205 of the Complaint constitute conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 205 of the Complaint and therefore denies same.

206.    The allegations in Paragraph 206 of the Complaint constitute conclusions of law to which no response is required. Anadarko further states that 33 U.S.C. § 3701(20) and 33 U.S.C. § 2706(a)(2) speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  To the extent a further response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

207.    The allegations in Paragraph 207 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that 33 U.S.C. § 2706(d)(1) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

208.    The allegations contained in Paragraph 208 of the Complaint constitute conclusions of law to which no response is required.   Anadarko states that 33 U.S.C. § 2702(b)(2) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

209.    The allegations contained in Paragraph 209 of the Complaint constitute

46

conclusions of law to which no response is required.  Anadarko states that 15 C.F.R. § 990.30 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

210.    The allegations contained in Paragraph 210 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that 15 C.F.R. 33 U.S.C § 990.30 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

211.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 211 of the Complaint and therefore denies same.

212.    The allegations contained in Paragraph 212 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

213.    The allegations contained in Paragraph 213 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

214.    The allegations contained in Paragraph 214 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

215.    The allegations contained in Paragraph 215 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko states that 33 U.S.C § 2702(b)(2)(A) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

47

216.    The allegations contained in Paragraph 216 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko states that 33 U.S.C § 2702(b)(2)(B) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

217.    The allegations contained in Paragraph 217 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko states that 33 U.S.C § 2702(b)(2)(C) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

218.    The allegations contained in Paragraph 218 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko states that 33 U.S.C § 2702(b)(2)(D) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

219.    The allegations contained in Paragraph 219 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko states that 33 U.S.C § 2702(b)(2)(E) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

220.    The allegations contained in Paragraph 220 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko states that 33 U.S.C § 2702(b)(2)(F) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required,

48

Anadarko denies the allegations insofar as they apply to Anadarko.

221.    The allegations contained in Paragraph 221 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## COUNT VI

**Against BP, Anadarko, MOEX, Transocean, Cameron and Halliburton Defendants**

**Louisiana Oil Spill Prevention and Response Act Claim for Costs and Damages.**

222.    In response to Paragraph 222 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 221 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

223.    The allegations in Paragraph 223 of the Complaint consist of the State of Louisiana's characterization of the nature of their case and require no response.  Anadarko states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the State of Louisiana's ability to preserve its claims for natural resource damages and other forward looking claims which are subject to ongoing assessments.

224.    Anadarko admits that Count VI is "alleged against BP, Anadarko, MOEX, Transocean, Cameron, and Halliburton Defendants."  Anadarko further states that the Court has

held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

225.    The allegations in Paragraph 225 of the Complaint constitute conclusions of law to which no response is required. Anadarko states that 33 U.S.C. §§ 2718(a)(1), (c)(1)  speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

226.    The allegations in Paragraph 226 of the Complaint constitute conclusions of law to which no response is required. Anadarko states that La. R.S. 30:2451, *et seq.*, including La. R.S. 30:2452(A), and La. Const. art. IX Sec. 1 speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

227.    The allegations in Paragraph 226 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that La. Admin. Code 43:XXIX.101(A) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held

50

that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

228.    The allegations in Paragraph 228 of the Complaint constitute conclusions of law to which no response is required. Anadarko states that La. R.S. 30:2454(22)(a), (c) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

229.    The allegations in Paragraph 229 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(20) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  The allegations in Paragraph 229 of the Complaint constitute conclusions of law to which no response is required.

230.    The allegations in Paragraph 230 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(22)(c) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As

51

to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent further response is required, Anadarko denies the allegations in Paragraph 230 of the Complaint insofar as they pertain to Anadarko.

231.    The allegations in Paragraph 231 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(7) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

232.    The allegations in Paragraph 232 of the Complaint constitute conclusions of law to which no response is required.  The claim contained in Paragraph 232 has been dismissed by court order as of November 14, 2011 (Rec. Doc. 4578) insofar as it pertains to Anadarko, therefore no response is required.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the requested relief.

233.    The allegations contained in Paragraph 233 of the Complaint constitute conclusions of law to which no response is required.   Anadarko states that La. R.S. 30:2454(5)(b) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed.

Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

234.   The allegations contained in Paragraph 234 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(5)(c) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

235.   The allegations contained in Paragraph 235 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(5)(d) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

236.   The allegations contained in Paragraph 236 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that La. R.S. 30:2454(5)(a) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is

53

inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

237.    The allegations contained in Paragraph 237 of the Complaint constitute conclusions of law and characterizations of requested relief to which no response is required. Anadarko states that La. Admin. Code 43:XXIX.129(B)(1) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

238.    The allegations contained in Paragraph 238 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Louisiana's state law claims in the Complaint are dismissed. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## COUNT VII

### Against BP, Anadarko, MOEX, Transocean, Halliburton, Cameron M-I Defendants

### Negligence Under Maritime Law

239.    In response to Paragraph 239 of the Complaint, Anadarko restates and

incorporates by reference its responses in Paragraphs 1 through 238 above as if fully set forth herein.  Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

240.    In response to Paragraph 240, Anadarko admits that Count VII is "alleged against the BP, Anadarko, MOEX, Transocean, Halliburton, Cameron, and M-I Defendants." Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

241.    The allegations in Paragraph 241 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

242.    The allegations in Paragraph 242 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec.

Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

243.    The allegations in Paragraph 243 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

244.    The allegations in Paragraph 244 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

245.    The allegations in Paragraph 245 of the Complaint and its sub-parts (a) through (w) constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

246.     The allegations in Paragraph 246 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

247.     The allegations in Paragraph 247 of the Complaint and its sub-parts (a) through (h) constitute conclusions of law and characterizations of damages to which no response is required. Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

248.     The allegations in Paragraph 248 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

## COUNT VIII

**Against BP, Transocean, Anadarko, MOEX, Halliburton, M-I, and Cameron Defendants**

57

**Public and Private Nuisance Under Maritime Law**

249.     In response to Paragraph 249 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 248 above as if fully set forth herein.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

250.     Anadarko admits that Count VIII is "alleged against the BP, Transocean, Anadarko, MOEX, Halliburton, M-I, and Cameron Defendants."  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

251.     The allegations in Paragraph 251 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

252.     The allegations in Paragraph 252 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November

14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

253.    The allegations in Paragraph 253 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

254.    The allegations in Paragraph 254 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

255.    The allegations in Paragraph 255 of the Complaint and its sub-parts (a) through (w) constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

256.    The allegations in Paragraph 256 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

257.    The allegations in Paragraph 257 of the Complaint and its sub-parts (a) through (h) constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

258.    The allegations in Paragraph 258 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies this allegation insofar as it pertains to Anadarko.

## COUNT IX

### Against BP, Transocean, Anadarko, MOEX, Halliburton and Cameron Defendants
### Trespass Under Maritime Law

259.    In response to Paragraph 259, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 258 above as if fully set forth herein.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

260.    Anadarko admits that count IX is "alleged against the BP, Transocean, Anadarko,

60

MOEX, Halliburton, and Cameron Defendants."   Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

261.    The allegations in Paragraph 261 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

262.    The allegations in Paragraph 262 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

263.    The allegations in Paragraph 263 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to

Anadarko.

264.    The allegations in Paragraph 264 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

265.    The allegations in Paragraph 265 of the Complaint and its sub-parts (a) through (w) constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

266.    The allegations in Paragraph 266 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

267.    The allegations in Paragraph 267 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against

62

Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

268.   The allegations in Paragraph 268 of the Complaint and its sub-parts (a) through (h) constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

269.   The allegations in Paragraph 269 of the Complaint constitute conclusions of law to which no response is required.    Anadarko states that the State of Louisiana's claim against Anadarko under the General Maritime Law has been dismissed by court order as of November 14, 2011.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

## COUNT X

### Against Cameron, Halliburton and Weatherford Defendants

### Strict Products Liability Under Maritime Law

270.   In response to Paragraph 270, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 269 above as if fully set forth herein.

271.   Anadarko admits that Count X is "alleged against the Cameron, Halliburton, and

Weatherford Defendants."

272.    Anadarko admits that the *Deepwater Horizon* had as part of its operating equipment and appurtenances a BOP and a Lower Marine Riser Package, a marine riser, associated piping and other equipment.  The remaining allegations in Paragraph 272 of the Complaint constitute conclusions of law and the State of Louisiana's understanding of deepwater drilling procedures, to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 272 of the Complaint and therefore denies same.

273.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 273 of the Complaint and therefore denies same.

274.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 274 of the Complaint and therefore denies same.

275.    The allegations in Paragraph 275 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 275 of the Complaint and therefore denies same.

276.    The allegations in Paragraph 276 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 276 of the Complaint and therefore denies same.

277.    The allegations in Paragraph 277 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in

Paragraph 277 of the Complaint and therefore denies same.

278.    The allegations in Paragraph 278 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 278 of the Complaint and therefore denies same.

279.    The allegations in Paragraph 279 of the Complaint constitute conclusions of law and the State of Louisiana's understanding of deepwater drilling procedures, to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 279 of the Complaint and therefore denies same.

280.    The allegations in Paragraph 280 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 280 of the Complaint and therefore denies same.

281.    The allegations in Paragraph 281 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 281 of the Complaint and therefore denies same.

282.    The allegations in Paragraph 282 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 282 of the Complaint and therefore denies same.

283.    The allegations in Paragraph 283 of the Complaint constitute conclusions of law

to which no response is required. To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 283 of the Complaint and therefore denies same.

284.    The allegations in Paragraph 284 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 284 of the Complaint and therefore denies same.

285.    The allegations in Paragraph 285 of the Complaint constitute conclusions of law and the State of Louisiana's understanding of deepwater drilling procedures, to which no response is required. To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 285 of the Complaint and therefore denies same.

286.    The allegations in Paragraph 286 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 286 of the Complaint and therefore denies same.

287.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 287 of the Complaint and therefore denies same.

288.    The allegations in Paragraph 288 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 288 of the Complaint and therefore denies same.

289.    The allegations in Paragraph 289 of the Complaint constitute conclusions of law

to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 289 of the Complaint and therefore denies same.

290.    The allegations in Paragraph 290 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 290 of the Complaint and therefore denies same.

291.    The allegations in Paragraph 291 of the Complaint and its sub-parts (a) through (h) constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 291 of the Complaint and therefore denies same.

292.    The allegations in Paragraph 290 of the Complaint constitute conclusions of law to which no response is required.

## COUNT XI

### Against the BP, Transocean, Anadarko, and MOEX Defendants

### Negligence/Louisiana Civil Code Articles 2315 & 2316

293.    In response to Paragraph 293 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 292 above as if fully set forth herein.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

294.    Anadarko admits that Count XI is "alleged against the BP, Transocean, Anadarko,

and MOEX Defendants." Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

295. The allegations in Paragraph 295 of the Complaint constitute conclusions of law to which no response is required. Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

296. The allegations in Paragraph 296 of the Complaint and its sub-parts (a) through (t) constitute conclusions of law to which no response is required. Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

297. The allegations in Paragraph 297 of the Complaint constitute conclusions of law to which no response is required. Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

298. The allegations in Paragraph 298 of the Complaint constitute conclusions of law

to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

299.    The allegations in Paragraph 299 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

300.    The allegations in Paragraph 300 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

**COUNT XII**

**Against BP, Transocean, Anadarko, MOEX, Halliburton and Cameron Defendants**

**Nuisance/Louisiana Civil Code Art. 667**

301.    In response to Paragraph 301 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 300 above as if fully set forth herein.   Anadarko further states that the State of Louisiana's state law claims have been

dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

302.   Anadarko admits that Count XII is "alleged against the BP, Transocean, Anadarko, MOEX, Halliburton and Cameron Defendants."  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

303.   The allegations in Paragraph 303 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 303 of the Complaint and therefore denies same.

304.   The allegations in Paragraph 304 of the Complaint and its sub-parts (a) through (t) constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

305.   The allegations in Paragraph 305 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's state law claims

have been dismissed by the Court.   Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

306.   The allegations in Paragraph 306 of the Complaint constitute conclusions of law to which no response is required.   Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.   Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 306 of the Complaint and therefore denies same.

307.   The allegations in Paragraph 307 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.   Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.   Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## COUNT XIII

### Against BP, Transocean, MOEX and Anadarko Defendants

### Trespass

308.   In response to Paragraph 308 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 307 above as if fully set forth herein.   Anadarko further states that the State of Louisiana's state law claims have been

71

dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

309.    Anadarko admits that Count XIII is "alleged against the BP, Transocean, Anadarko, and MOEX Defendants." Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

310.    The allegations in Paragraph 310 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 310of the Complaint and therefore denies same.

311.    The allegations in Paragraph 311 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

312.    The allegations in Paragraph 312 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law

claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 312 of the Complaint and therefore denies same.

313.    The allegations in Paragraph 313  of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 313 of the Complaint and therefore denies same.

314.    The allegations in Paragraph 314 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 314 of the Complaint and therefore denies same.

315.    The allegations in Paragraph 315 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana,

Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

**COUNT XIV**

**Against the BP, Transocean Anadarko and MOEX Defendants**

**Strict Liability/Garde/Louisiana Civil Code Art 2317**

316.    In response to Paragraph 316 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 315 above as if fully set forth herein.   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

317.    Anadarko admits that Count XIV is "alleged against the BP, Transocean, Anadarko, and MOEX Defendants."  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

318.    The allegations in Paragraph 318 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 318 of the

74

Complaint and therefore denies same.

319.    The allegations in Paragraph 319 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).    To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 319 of the Complaint and therefore denies same.

320.    The allegations in Paragraph 320 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 320 of the Complaint and therefore denies same.

321.    The allegations in Paragraph 321 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 321 of the Complaint and therefore denies same.

322.     The allegations in Paragraph 322 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

**COUNT XV**

**Against the BP, Transocean, Anadarko, MOEX and Halliburton Defendants**

**Abnormally Dangerous/Ultra Hazardous Activity**

323.     In response to Paragraph 323 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 322 above as if fully set forth herein.     Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

324.     Anadarko admits that Count XV is "alleged against the BP, Transocean, Anadarko, MOEX, and Halliburton Defendants."   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

325.     The allegations in Paragraph 325 of the Complaint and its sub-parts (A) through (D) constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As

76

to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

326.    The allegations in Paragraph 326 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).   To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

327.    The allegations in Paragraph 327 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## COUNT XVI

### Against Halliburton

### Negligence/Louisiana Civil Code Articles 2315 & 2316

328.    In response to Paragraph 328 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 327 above as if fully set forth herein.   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec.

Doc. 4578).

329.     Anadarko admits that Count XVI is "alleged against Halliburton."   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

330.     The allegations in Paragraph 330 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 330 of the Complaint and therefore denies same.

331.     The allegations in Paragraph 331 of the Complaint and its sub-parts (a) through (e) constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 331 of the Complaint and its subparts (a) through (e) and therefore denies same.

332.     The allegations in Paragraph 332 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the

Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 332 of the Complaint and therefore denies same.

333.    The allegations in Paragraph 333 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required. Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## COUNT XVII

### Against Halliburton

### Trespass

334.    In response to Paragraph 334 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 333 above as if fully set forth herein. Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

335.    Anadarko admits that Count XVII is "alleged against Halliburton." Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

336.     The allegations in Paragraph 336 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 336 of the Complaint and therefore denies same.

337.     The allegations in Paragraph 337 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 337 of the Complaint and therefore denies same.

338.     The allegations in Paragraph 338 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 338 of the Complaint and therefore denies same.

339.     The allegations in Paragraph 339 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  Anadarko further

80

states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## COUNT XVIII

### Against Cameron

### Negligence/Louisiana Civil Code Articles 2315 & 2316

340.    In response to Paragraph 340 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 339 above as if fully set forth herein.   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

341.    Anadarko admits that Count XVIII is "alleged against Cameron."   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

342.    Anadarko admits that the *Deepwater Horizon* had as part of its operating equipment and appurtenances a BOP and a Lower Marine Riser Package, a marine riser, associated piping and other equipment.   The remaining allegations in Paragraph 342 of the Complaint constitute conclusions of law to which no response is required.   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana,

Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 342 of the Complaint and therefore denies same.

343.    The allegations in Paragraph 343 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 343 of the Complaint and therefore denies same.

344.    The allegations in Paragraph 344 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 344 of the Complaint and therefore denies same.

345.    The allegations in Paragraph 345 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 345 of

the Complaint and therefore denies same.

346.    The allegations in Paragraph 346 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the State of Louisiana is entitled to the relief requested.

**COUNT XIX**

**Against Cameron**

**Trespass**

347.    In response to Paragraph 347 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 346 above as if fully set forth herein.   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

348.    Anadarko admits that Count XIX is "alleged against Cameron."  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

349.    The allegations in Paragraph 349 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the

83

Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 349 of the Complaint and therefore denies same.

350.    The allegations in Paragraph 350 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 350 of the Complaint and therefore denies same.

351.    The allegations in Paragraph 351 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 332 of the Complaint and therefore denies same.

352.    The allegations in Paragraph 352 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response

84

is required, Anadarko denies the State of Louisiana is entitled to the relief requested.

353.     The allegations in Paragraph 353 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the State of Louisiana is entitled to the relief requested.

## COUNT XX

### Against Cameron

### Louisiana Products Liability Act

354.     In response to Paragraph 354 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 353 above as if fully set forth herein.   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

355.     Anadarko admits that Count XX is "alleged against Cameron."  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

356.     The allegations in Paragraph 356 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the

Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 356 of the Complaint and therefore denies same.

357.    The allegations in Paragraph 357 of the Complaint constitute conclusions of law to which no response is required. Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

358.    The allegations in Paragraph 358 of the Complaint constitute conclusions of law to which no response is required. Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 358 of the Complaint and therefore denies same.

359.    The allegations in Paragraph 359 of the Complaint constitute conclusions of law to which no response is required. Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 359 of the Complaint and therefore denies same.

360.    The allegations in Paragraph 360 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required. Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies the State of Louisiana is entitled to the relief requested.

## COUNT XXI

### Against Halliburton

### Louisiana Products Liability Act

361.    In response to Paragraph 361 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 360 above as if fully set forth herein.   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

362.    Anadarko admits that Count XXI "is alleged against Halliburton."  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578.

363.    The allegations in Paragraph 363 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and

87

Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 363 of the Complaint and therefore denies same.

364.    The allegations in Paragraph 364 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

365.    The allegations in Paragraph 365 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 365 of the Complaint and therefore denies same.

366.    The allegations in Paragraph 366 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 366 of the Complaint and therefore denies same.

367.    The allegations in Paragraph 367 of the Complaint constitute conclusions of law

and characterizations of the relief requested to which no response is required.  Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

**COUNT XXII**

**Against BP, Transocean and Halliburton Defendants**

**Fraudulent Concealment & Negligent Misrepresentation**

368.    In response to Paragraph 368 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 367 above as if fully set forth herein.

369.    The allegations contained in Paragraph 369 constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko admits that County XXI is "alleged against BP, Transocean, and Halliburton."  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 369 of the Complaint and therefore denies same..

370.    The allegations in Paragraph 370 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that 30 C.F.R. §§ 254.1 *et seq.* speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

371.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 371 of the Complaint and therefore denies same.

372.    In response to Paragraph 372, Anadarko states that the Letter to Attorney General

89

Eric Holder from Members of Congress, dated May 17, 2010, speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 372 of the Complaint and therefore denies same.

373.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 373 of the Complaint and therefore denies same.

374.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 374 of the Complaint and therefore denies same.

375.    The allegations in Paragraph 375 of the Complaint constitute conclusions of law to which no response is required. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 375 of the Complaint and therefore denies same.

376.    The allegations in Paragraph 376 of the Complaint constitute conclusions of law to which no response is required. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 376 of the Complaint and therefore denies same.

377.    The allegations in Paragraph 377 of the Complaint constitute conclusions of law to which no response is required. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 377 of the Complaint and therefore denies same.

378.    The allegations in Paragraph 378 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required. To the extent they require a response, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## COUNT XXIII

## Against BP, Anadarko, MOEX, Transocean, Cameron and Halliburton Defendants

## Unjust Enrichment

379.   In response to Paragraph 379 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 378 above as if fully set forth herein.   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

380.   Anadarko admits that Count XXIII is "alleged against the BP, Anadarko, MOEX, Transocean, Cameron, and Halliburton Defendants."   Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).

381.   The allegations in Paragraph 381 of the Complaint constitute conclusions of law to which no response is required.  Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court.  Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578).  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 381 of the Complaint and therefore denies same.

382.   The allegations in Paragraph 382 of the Complaint constitute conclusions of law to which no response is required.  In response to Paragraph 382, Anadarko states La. Civ. Code

Art. 2298 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko further states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

383.    The allegations in Paragraph 383 of the Complaint constitute conclusions of law to which no response is required. Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

384.    The allegations in Paragraph 384 of the Complaint constitute conclusions of law to which no response is required. Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.

385.    The allegations in Paragraph 385 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required. Anadarko states that the State of Louisiana's state law claims have been dismissed by the Court. Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] ("Order and Reasons") (Rec. Doc. 4578). To the extent a response

is required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## COUNT XXIV

### Against BP and Transocean Defendants

### Punitive Damages

386.    In response to Paragraph 386 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 385 above as if fully set forth herein.

387.    The allegations in Paragraph 387 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 387 of the Complaint and therefore denies same.  Anadarko also incorporates by reference its responses to Paragraphs 108 through 151 above.

388.    The allegations in Paragraph 388 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 388 of the Complaint and therefore denies same.

389.    The allegations in Paragraph 389 of the Complaint and its subparts (a) through (o) constitute conclusions of law to which no response is required. To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 389 of the Complaint and therefore denies same.

390.    The allegations in Paragraph 390 of the Complaint and its subparts (a) through (j) constitute conclusions of law to which no response is required. To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth

93

of the allegations in Paragraph 390 of the Complaint and its subparts (a) through (j) and therefore denies same.

391.    The allegations in Paragraph 391 of the Complaint constitute conclusions of law and a characterization of the relief requested to which no response is required. To the extent they require a response, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## RESERVATION OF RIGHTS

392.    The allegations in Paragraph 392 of the Complaint constitute a reservation of rights to which no response is required.  Anadarko states that 33 U.S.C. § 2717(f)(2) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. To the extent a response is required, Anadarko denies that Louisiana is entitled to such rights, and is otherwise without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 392 of the Complaint and therefore denies same.

## DEMAND FOR JURY TRIAL

393.    The allegations in Paragraph 393 of the Complaint constitute a reservation of rights to which no response is required.  To the extent a response is required, Anadarko denies that Louisiana is entitled to such rights.

## PRAYER FOR RELIEF

394.    The unnumbered paragraph on page 107 contains characterizations of the relief requested by the State of Louisiana, not allegations of fact, therefore no response is required.  To the extent the State of Louisiana requests declaratory relief related to LOSPRA claims, that claim has been dismissed by court order as of November 14, 2011 (Rec. Doc. 4578).  To the extent a response is deemed required, Anadarko denies that the State of Louisiana is entitled to the relief requested.

## AFFIRMATIVE DEFENSES OF ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY LP

### GENERAL DENIAL

Anadarko denies each and every allegation of the Complaint not previously admitted, explained, qualified, or denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are precluded because any violations and/or damages that may have occurred were proximately caused by the acts or omissions of persons other than Anadarko, or by the superseding intervention of causes outside the control of Anadarko.

### THIRD AFFIRMATIVE DEFENSE

One or more of the claims in the Complaint do not impose joint and several liability, and, to the extent joint and several liability is appropriate, Anadarko is not jointly and severally liable for the damages alleged in the Complaint based on divisibility of the harms alleged.

### FOURTH AFFIRMATIVE DEFENSE

Louisiana has not reasonably mitigated damages.

### FIFTH AFFIRMATIVE DEFENSE

Louisiana's claims are barred, in whole or in part, because Louisiana is not entitled under the law to the damages that it seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

### SIXTH AFFIRMATIVE DEFENSE

95

Louisiana's claims are barred, in whole or in part, to the extent any payment of damages are required by others related to the same incident alleged as the basis for Louisiana's claims, and the damages sought by Louisiana must be offset to the extent of any such payment of damages.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Anadarko is found liable to Louisiana for any damages or injuries, Anadarko is entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

## EIGHTH AFFIRMATIVE DEFENSE

If it is determined that Anadarko is found liable to Louisiana, Anadarko is entitled to contribution from other parties or entities.  To the extent a counterclaim or cross-claim rather than an affirmative defense is necessary to preserve such right to obtain contribution from any potentially liable party, including Louisiana, Anadarko files this paragraph as a Counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, as set forth in full in the Claim, Answer and Cross-Claims of Third Party Defendants Anadarko Petroleum Corporation And Anadarko E&P Company LP, 10-cv-2771 (Limitation Rec. Doc. 338).

## NINTH AFFIRMATIVE DEFENSE

If it is determined that Anadarko is found liable to Louisiana, Anadarko is entitled to indemnity from other parties or entities.  To the extent a counterclaim or cross-claim rather than an affirmative defense is necessary to preserve such right to obtain indemnity from any potentially liable party, including Louisiana, Anadarko files this paragraph as a Counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, as set forth in full in the Claim, Answer and Cross-Claims of Third Party Defendants Anadarko Petroleum Corporation And

Anadarko E&P Company LP, 10-cv-2771 (Limitation Rec. Doc. 338).

## TENTH AFFIRMATIVE DEFENSE

Louisiana has failed to comply with 33 U.S.C. §2713 for purposes of their Oil Pollution Act claim.

## ELEVENTH AFFIRMATIVE DEFENSE

If it is determined that Anadarko is liable as a "responsible party" under the Oil Pollution Act for all or any part of Louisiana's damages, the amount of Anadarko's liability is limited pursuant to 33 U.S.C. §2704(a).

## TWELFTH AFFIRMATIVE DEFENSE

Anadarko will rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves its right to amend this Answer for purposes of asserting additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Anadarko prays for judgment as follows:

1.      Judgment on the merits in favor of Anadarko and against Louisiana; and

2.      For such other relief that this Court may deem just and proper.

A/74622811.4

Respectfully submitted,

DATED: December 14, 2011       BINGHAM McCUTCHEN LLP

/s/ *Ky E. Kirby*
Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

A/74622811.4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of December, 2011.

<u>     */s/ Ky E. Kirby*     </u>
Ky. E. Kirby
