## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "*Deepwater Horizon*" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION: J |
| | * | |
| This Document Relates to: | * | |
| Nos. 10-2179; 10-04182; 10-04183 | * | |
| | * | |
| | * | JUDGE BARBIER |
| | * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

## JOINT ANSWER OF ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY LP TO THE COMPLAINT OF THE STATE OF ALABAMA, PART OF PLEADING BUNDLE "C" IN ACCORDANCE WITH PTO NO. 11 [CMO NO. 1] SECTION III(C) ["C BUNDLE"]

Anadarko Petroleum Corporation ("APC") and Anadarko E&P Company LP ("Anadarko E&P") (together "Anadarko"), by and through their undersigned counsel, answer the First Amended Complaint ("Complaint") of the State of Alabama ("Alabama") (Rec. Doc. 1872) in accordance with PTO No. 11 [CMO No. 1] Section III(C) ["C Bundle"] (Rec. Doc. 569) as follows:

**NATURE OF ACTION**

1.      The allegations in Paragraph 1 consist of Alabama's characterization of the nature of its case and require no response.  To the extent a response is deemed required with respect to the allegations in the first sentence, Anadarko admits that an explosion and fire occurred on the mobile offshore drilling unit ("MODU") *Deepwater Horizon* on April 20, 2010, resulting in the release of oil into the waters of the Gulf of Mexico.  The allegations in the last two sentences of Paragraph 1 are conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies same.

2.      The allegations in Paragraph 2 consist of Alabama's characterization of the nature of the case or are conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the first sentence in Paragraph 2, and is without sufficient information or knowledge to form a belief as to the truth of the allegations in the remainder of Paragraph 2 and therefore denies the same.

3.      The allegations in Paragraph 3 consist of Alabama's perception of the impact the Incident had on the image and attractiveness of Alabama's coastline and require no response.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies the same.

4.      The allegations in Paragraph 4 consist of Alabama's characterization of the nature of its case and require no response.  Certain allegations in Paragraph 4 are conclusions of law to which no response is required.  To the extent Alabama's Complaint still seeks to recover under state law claims and general maritime law against Anadarko, Anadarko responds that such claims have been dismissed by this Court's Order and Reasons [As to the Motions to Dismiss the

2

Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578).

5.     The statements in Paragraph 5 consist of Alabama's reservations of its right to amend its Complaint and requires no response.  To the extent a response is required, Anadarko denies that Alabama is entitled to such rights, and is otherwise without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies same.

**PARTIES, JURISDICTION, AND VENUE**

*Parties*

6.     The statement in Paragraph 6 of the Complaint is a characterization of the references used in the Complaint and requires no response.  To the extent a response is required, Anadarko admits that Alabama is a sovereign State of the United States.

7.     The allegations in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko admits that the Alabama Attorney General is the chief law officer of the State of Alabama and states that Ala. Code §§ 36-15-12 and -21 speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

8.     The first sentence in Paragraph 8 of the Complaint contains, *inter alia*, a characterization of the references used in the Complaint and requires no response.  Certain of the remaining allegations in Paragraph 8 are conclusions of law to which no response is required. Anadarko admits the second and third sentences of Paragraph 8Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 8 of the Complaint and therefore denies same.

3

9.      The first sentence in Paragraph 9 of the Complaint contains, *inter alia*,   a characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 9 of the Complaint and therefore denies same.

10.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 10 of the Complaint and therefore denies same.

11.     The first sentence in Paragraph 11 of the Complaint is a characterization of the references used in the Complaint and requires no response.  The allegations in the second sentence of Paragraph 11 are conclusions of law to which no response is required.  To the extent a response is required, Anadarko admits that BP Exploration & Production, Inc. was a leaseholder and the designated operator in the lease granted by the former Minerals Management Service allowing BP Exploration & Production to perform oil exploration, drilling, and production-related operations in Mississippi Canyon Block 252.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 11 of the Complaint and therefore denies same.

12.     The first sentence in Paragraph 12 of the Complaint contains, *inter alia*, a characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 12 of the Complaint and therefore denies same.

13.     The first sentence in Paragraph 13 of the Complaint contains, *inter alia*, a characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of

4

the allegations in Paragraph 13 of the Complaint and therefore denies same.

14.     The first sentence in Paragraph 14 of the Complaint contains, *inter alia*, a characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 14 of the Complaint and therefore denies same.

15.     The first sentence in Paragraph 15 of the Complaint contains, *inter alia*, a characterization of the references used in the Complaint and requires no response.  Anadarko admits that the Coast Guard designated Transocean Holdings, LLC as a "responsible party" for the *Deepwater Horizon* incident under the Oil Pollution Act of 1990, 33 U.S.C. § 2714.  Anadarko admits that a Transocean entity leased the *Deepwater Horizon* to BP.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 15 of the Complaint and therefore denies same.

16.     The first sentence in Paragraph 16 of the Complaint contains, *inter alia,* a characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 16 of the Complaint and therefore denies same.

17.     Anadarko admits that a Transocean entity provided the *Deepwater Horizon* vessel and personnel to operate it.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 17 of the Complaint and therefore denies same.

18.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies same.

19.     The last sentence in Paragraph 19 of the Complaint contains a characterization of

the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 19 of the Complaint and therefore denies same.

20.    The first sentence in Paragraph 20 of the Complaint contains, *inter alia*, a characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 20 of the Complaint and therefore denies same.

21.    The allegations in Paragraph 21 of the Complaint are a characterization of the references used in the Complaint or are conclusions of law and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 21 of the Complaint and therefore denies same.

22.    The first sentence in Paragraph 22 of the Complaint contains, *inter alia*, a characterization of the references used in the Complaint and requires no response.  Certain of the remaining allegations in Paragraph 22 are conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 22 of the Complaint and therefore denies same.

23.    The first sentence in Paragraph 23 of the Complaint contains, *inter alia,* a characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 23 of the Complaint and therefore denies same.

24.    Anadarko admits the allegations in Paragraph 24.

25.    Anadarko admits the allegations in Paragraph 25.

26.    The first sentence in Paragraph 26 of the Complaint contains, *inter alia,* a

A/74619609.4

characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint and therefore denies same.

27.     The first sentence in Paragraph 27 of the Complaint contains, *inter alia,* a characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and therefore denies same.

28.     The first sentence in Paragraph 28 of the Complaint contains, *inter alia,* a characterization of the references used in the Complaint and requires no response.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies same.

29.     Certain of the allegations in Paragraph 29 are conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies same.

30.     Paragraph 30 of the Complaint is a characterization of the references used in the Complaint and requires no response.

31.     The allegations in the sixth sentence of Paragraph 31 are conclusions of law to which no response is required.  The allegations in the last sentence of Paragraph 31 relate to claims against Anadarko which have been dismissed and, therefore, are denied.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26; *see also* Order and Reasons [As to Motions to Dismiss the B1 Master Complaint] (Rec. Doc. 3830) at 39.  With respect to the remaining allegations, Anadarko admits that BP was the sole lease operator of the *Deepwater Horizon.*

7

Anadarko admits that on or about October 1, 2009, BP E&P, as the Operating Party, and MOEX Offshore, as a Non-Operating Party, entered into the Macondo Prospect Offshore Deepwater Operating Agreement ("Operating Agreement"), and that MOEX Offshore 2007 LLC obtained a 10% ownership interest in the lease for Mississippi Canyon Block 252 in the Gulf of Mexico. Anadarko further admits that on or about December 17, 2009, BP E&P, MOEX Offshore, Anadarko, and Anadarko E&P executed a "Joinder" of the Operating Agreement.   Anadarko admits that subsequent to the Joinder and prior to April 1, 2010, APC and Anadarko E&P held 2.5% and 22.5% interests, respectively, in the Macondo Prospect lease, and that Anadarko E&P transferred its 22.5% interest in the lease to APC effective April 1, 2010.

32.     The allegations in Paragraph 32 are conclusions of law to which no response is required and, to the extent a response is required, they are denied insofar as they pertain to Anadarko.

### Jurisdiction

33.     The allegations in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required.   Nonetheless, Anadarko admits that this Court has jurisdiction over "all Cases of admiralty and maritime jurisdiction" pursuant to Article III, Section 2.   To the extent a response is required, Anadarko admits that Alabama designates this case as an admiralty or maritime case, and that Alabama requests a non-jury trial, pursuant to Rule 9(h).

34.     The allegations in Paragraph 34 of the Complaint constitute conclusions of law to which no response is required.   To the extent a response is required, Anadarko denies that this Court has jurisdiction based on Alabama's failure to comply with OPA's presentment requirement, which is a prerequisite to jurisdiction under OPA.   33 U.S.C. § 2713.

35.     The allegations in Paragraph 35 of the Complaint constitute conclusions of law to

8

which no response is required.  To the extent a response is required, Anadarko denies that the Court has supplemental jurisdiction over any state law claims alleged in the Complaint because state law does not apply to this case.  *See* Order and Reasons, 10-md-02179 (Rec. Doc. 4578) at Para. 3 at 26.

### *Venue*

36.    The allegations in Paragraph 36 of the Complaint constitute conclusions of law to which no response is required.  Nonetheless, Anadarko admits that venue is proper in this District.

37.    The allegations in Paragraph 37 constitute a reservation of rights to which no response is required.  To the extent a response is required, Anadarko denies that Plaintiffs are entitled to such rights.

### GENERAL ALLEGATIONS

### *The Macondo Lease, and BP's Exploration Plan and Drilling Permit*

38.    Anadarko admits the allegations in Paragraph 38 of the Complaint.

39.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies same.

40.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies same.

41.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies same.

42.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies same.

### *The Deepwater Horizon's Poor Safety and Maintenance Record*

43.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint and therefore denies same.

44.     In response to the allegations in Paragraph 44 of the Complaint, Anadarko admits that a Transocean entity leased the *Deepwater Horizon* to BP.   Anadarko states that the December 9, 1998 Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co. for RBS-8D *Deepwater Horizon* ("Drilling Contract"), and its amendments, speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 44 of the Complaint and therefore denies same.

45.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies same.

### The Macondo Well

46.     Certain of the allegations in Paragraph 46 are conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 46 of the Complaint and therefore denies same.

47.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies same.

48.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 48 of the Complaint and therefore denies same.

### Conduct Leading Up to the Explosion

49.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies same.

A/74619609.4

50.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore denies same.

51.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies same.

52.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies same.

53.     Anadarko denies the allegations in Paragraph 53 insofar as they apply to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore denies same.

54.     Certain allegations in Paragraph 54 represent Alabama's understanding of deepwater drilling processes to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 54 and therefore denies same.

55.     Certain allegations in Paragraph 55 represent Alabama's understanding of deepwater drilling processes to which no response is required.  To the extent a response to Paragraph 55 is required, Anadarko denies the allegations insofar as they apply to Anadarko. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 55 of the Complaint and therefore denies same.

56.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies same.

57.     Certain allegations in Paragraph 57 represent Alabama's understanding of deepwater drilling processes to which no response is required.  To the extent a response to Paragraph 57 is required, Anadarko denies the allegations insofar as they apply to Anadarko.

11

Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 57 of the Complaint and therefore denies same.

58.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and therefore denies same.

59.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies same.

60.    Certain of the allegations in Paragraph 60 are conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 60 of the Complaint and therefore denies same.

61.    Certain of the allegations in Paragraph 61 are conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 61 of the Complaint and therefore denies same.

62.    Certain of the allegations in Paragraph 62 are conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 62 of the Complaint and therefore denies same.

63.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies same.

64.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore denies same.

65.    The second sentence in Paragraph 65 of the Complaint constitutes a reservation of

A/74619609.4

rights to which no response is required.  To the extent a response is required, Anadarko admits that the investigation of the BOP and other matters related to the disaster at the Macondo well is still ongoing and denies that Alabama has any right to amend the Complaint.

66.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore denies same.

67.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies same.

68.     The allegations in Paragraph 68 and its lettered sub-parts (a) through (t) of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 68 and its lettered sub-parts (a) through (t) of the Complaint and therefore denies same.

69.     The allegations in Paragraph 69 of the Complaint constitute conclusions of law to which no response is required.

70.     The allegations in Paragraph 70 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 70 of the Complaint and therefore denies same.

## Post-Explosion Conduct

71.     The allegations in Paragraph 71 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response to Paragraph 71 is required, Anadarko

denies the allegations insofar as they apply to Anadarko.

72.     Anadarko denies the allegations in Paragraph 72 insofar as they apply to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 72 and therefore denies same.

73.     Anadarko denies the allegations in Paragraph 73 insofar as they apply to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 73 of the Complaint and therefore denies same.

74.     Anadarko denies the allegations in Paragraph 74 insofar as they apply to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 74 of the Complaint and therefore denies same.

75.     Anadarko denies the allegations in the first sentence of Paragraph 75 insofar as they apply to Anadarko.  Anadarko states that Material Data Safety Sheets for Corexit EC9500A and Corexit EC9527A speak for themselves, and Anadarko refers to the sources cited for its words, substance, meaning, content or context thereof.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 75 of the Complaint and therefore denies same.

76.     Anadarko denies the allegations in the last sentence of Paragraph 76 insofar as they apply to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 76 of the Complaint and therefore denies same.

77.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 77 of the Complaint and therefore denies same.

78.     Anadarko denies the allegations in the first sentence of Paragraph 78 insofar as

A/74619609.4

they apply to Anadarko.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 78 of the Complaint and therefore denies same.

## DAMAGES TO THE STATE OF ALABAMA

### *Environmental Damages*

79.     The allegations in Paragraph 79 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 79 of the Complaint and therefore denies same.  To the extent Alabama's First Amended Complaint still seeks to recover under state law claims and general maritime law against Anadarko, Anadarko responds that such claims have been dismissed by this Court.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

80.     Certain allegations in Paragraph 80 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, Anadarko states that 40 C.F.R. § 401.15 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 80 of the Complaint and therefore denies same.

81.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and therefore denies same.

82.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and therefore denies same.

A/74619609.4

83.     In response to Paragraph 83, Anadarko admits that the National Oceanographic and Atmospheric Administration imposed certain restrictions on commercial and recreational fishing in the Gulf of Mexico after April 20, 2010.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 83 of the Complaint and therefore denies same.

84.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and therefore denies same.

### *Economic Damages*

85.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and therefore denies same.

86.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and therefore denies same.

87.     Anadarko admits that the United States Department of the Interior Minerals Management Service ("MMS") issued a six-month moratorium on deepwater drilling in the Gulf of Mexico on May 28, 2010.  Anadarko states that the May 28, 2010 Moratorium speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 87 of the Complaint and therefore denies same.

88.     In response to the allegations of Paragraph 88 of the Complaint, Anadarko admits that the United States District Court for the Eastern District of Louisiana granted a preliminary injunction as to the drilling moratorium on June 22, 2010.  Anadarko admits that the United States Department of the Interior lost its appeal of the injunction and issued new suspensions on

16

July 12, 2010.  Anadarko states that District Court's injunction and the Department of Interior's July 12, 2010 suspensions speak for themselves, and Anadarko refers to the sources cited for its words, substance, meaning, content or context thereof.

89.     In response to the allegations of Paragraph 89 of the Complaint, Anadarko admits that the United States Department of Interior's Bureau of Ocean Energy Management, Regulation, and Enforcement ("BOEMRE") lifted the drilling moratorium on October 12, 2010, and imposed certain requirements for resumption of drilling.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the remaining allegations in Paragraph 89 of the Complaint and therefore denies same.

90.     The allegations in Paragraph 90 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations in Paragraph 90 of the Complaint.

91.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 91 of the Complaint and therefore denies same.

92.     The allegations in Paragraph 92 are characterizations of alleged damages sought by the State of Alabama and conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 92 and its lettered sub-parts (a) through (j) of the Complaint and therefore denies same. To the extent Alabama's First Amended Complaint still seeks to recover under state law claims and general maritime law against Anadarko, Anadarko responds that such claims have been dismissed by this Court.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc.

4578) at 26.

93.     Certain allegations in Paragraph 93 of the Complaint constitute a reservation of rights, a characterization of damages, and conclusions of law to which no response is required. To the extent a response is required, Anadarko denies that Alabama has any right to amend the Complaint.  To the extent Alabama's First Amended Complaint still seeks to recover under state law claims and general maritime law against Anadarko, Anadarko responds that such claims have been dismissed by this Court.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

CAUSES OF ACTION

I.     <u>Claims Under General Maritime Law</u>

**A.     *Negligence***

94.     In response to Paragraph 94 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 93 above as if fully set forth herein. Anadarko states Alabama's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011, and therefore no responses are required.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

95.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and therefore denies same.

96.      The allegations in Paragraph 96 of the Complaint constitute conclusions of law to which no response is required.

97.     The allegations in Paragraph 97 of the Complaint constitute conclusions of law to

18

which no response is required.

98.     The claim contained in Paragraph 98 has been dismissed by court order as of November 14, 2011 (Rec. Doc. 4578), and therefore no response is required. To the extent a response is required, certain of the allegations in Paragraph 98 are conclusions of law to which no response is required. Anadarko admits that APC had access to Halliburton/Sperry Sun INSITE real time feed data that was transmitted from the *Deepwater Horizon* on April 20, 2010. Anadarko denies the remainder of the allegations contained in Paragraph 98 to the extent they pertain to Anadarko.

99.     The claim contained in Paragraph 99 has been dismissed by court order as of November 14, 2011 (Rec. Doc. 4578) insofar as it pertains to Anadarko, and therefore no response is required. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. The remaining allegations in Paragraph 99 of the Complaint constitute conclusions of law to which no response is required.

100.    The claim contained in Paragraph 100 has been dismissed by court order as of November 14, 2011 (Rec. Doc. 4578) insofar as it pertains to Anadarko, therefore no response is required. To the extent a response is required, the allegations in Paragraph 100 of the Complaint constitute conclusions of law to which no response is required.  .

101.    The allegations in Paragraph 101 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Anadarko denies the allegations in Paragraph 101 of the Complaint to the extent they pertain to Anadarko.

102.    The allegations in Paragraph 102 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Anadarko denies the

19

allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26; *see also* Order and Reasons [As to Motions to Dismiss the B1 Master Complaint] (Rec. Doc. 3830) at 39.

103.     The allegations in Paragraph 103 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

104.     The allegations in Paragraph 104 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

105.     The allegations in Paragraph 105 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

A/74619609.4

106.    The allegations in Paragraph 106 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

107.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 107 of the Complaint and therefore denies same.

108.    The allegations in Paragraph 108 of the Complaint constitute conclusions of law to which no response is required.

109.    The allegations in Paragraph 109 of the Complaint constitute conclusions of law to which no response is required.

110.    The allegations in Paragraph 110 of the Complaint constitute conclusions of law to which no response is required.

111.    The allegations in Paragraph 111 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko.  Anadarko further states that 46 U.S.C. §§ 3201-3205 and 33 C.F.R. §§ 96.230 and 96.250 speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

112.    In response to Paragraph 112, Anadarko admits that a Transocean entity leased the *Deepwater Horizon* to BP.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 112 of the Complaint and therefore denies same.

113.     The allegations in Paragraph 113 of the Complaint constitute conclusions of law to which no response is required.

114.     The allegations in Paragraph 114 of the Complaint and its subparts (a) through (j) constitute conclusions of law to which no response is required.

115.     The allegations in Paragraph 115 of the Complaint constitute conclusions of law to which no response is required.

116.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint and therefore denies same.

117.     The allegations in Paragraph 117 of the Complaint constitute conclusions of law to which no response is required.

118.     The allegations in Paragraph 118 of the Complaint and its sub-parts (a) through (d) of the Complaint constitute conclusions of law to which no response is required.

119.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint and therefore denies same.

120.     The allegations in Paragraph 120 of the Complaint constitute conclusions of law to which no response is required.

121.     The allegations in Paragraph 121 of the Complaint constitute conclusions of law to which no response is required.

122.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint and therefore denies same.

123.     The allegations in Paragraph 123 of the Complaint constitute conclusions of law to which no response is required.

124.     The allegations in Paragraph 124 of the Complaint constitute conclusions of law

to which no response is required.

125.    The allegations in Paragraph 125 of the Complaint constitute conclusions of law to which no response is required.

126.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and therefore denies same.

127.    The allegations in Paragraph 127 of the Complaint constitute conclusions of law to which no response is required.

128.    The allegations in Paragraph 128 of the Complaint constitute conclusions of law to which no response is required.

129.    The allegations in Paragraph 129 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

130.    Insofar as they pertain to Anadarko, Anadarko denies the allegations in Paragraph 130.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 130 of the Complaint and therefore denies same. Anadarko further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

131.    The allegations in Paragraph 131 of the Complaint constitute conclusions of law

to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

132.    The allegations in Paragraph 132 of the Complaint and its sub-parts (a) through (v) constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

133.    The allegations in Paragraph 133 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

134.    The allegations in Paragraph 134 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States

24

of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

135. The allegations in Paragraph 135 of the Complaint and its sub-parts (a) through (k) constitute conclusions of law and characterizations of damages to which no response is required. To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

**B.** *Gross Negligence And Willful Misconduct*

136. In response to Paragraph 136 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 135 above as if fully set forth herein. Anadarko states that Alabama's claim against Anadarko for negligence under the General Maritime Law has been dismissed by court order as of November 14, 2011, and therefore no responses are required. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

137. The allegations in Paragraph 137 of the Complaint constitute conclusions of law to which no response is required.

138. The allegations in Paragraph 138 of the Complaint constitute conclusions of law to which no response is required.

139. The allegations in Paragraph 139 of the Complaint constitute conclusions of law to which no response is required.

140. The allegations in Paragraph 140 of the Complaint constitute conclusions of law

25

to which no response is required.

141.    The allegations in Paragraph 141 of the Complaint constitute conclusions of law to which no response is required.

142.    The allegations in Paragraph 142 of the Complaint constitute conclusions of law to which no response is required.

143.    The allegations in Paragraph 143 of the Complaint constitute conclusions of law to which no response is required.

144.    The allegations in Paragraph 144 of the Complaint constitute conclusions of law to which no response is required.

145.    The allegations in Paragraph 145 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to Alabama in connection with the matters alleged in the Complaint. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

146.    The allegations in Paragraph 146 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

147.    The allegations in Paragraph 147 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the

26

allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to Alabama in connection with the matters alleged in the Complaint. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

**C.**     ***Strict Liability for Manufacturing And/Or Design Defect***

**Cameron**

148.     In response to Paragraph 148 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 147 above as if fully set forth herein.

149.     The allegations in Paragraph 149 of the Complaint constitute conclusions of law to which no response is required.

150.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint and therefore denies same.

151.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint and therefore denies same.

152.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 152 of the Complaint and therefore denies same.

153.     The allegations in Paragraph 153 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 241 of the Complaint and therefore denies same.

154.     The allegations in Paragraph 154 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without

sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 154 of the Complaint and therefore denies same.

155.    The allegations in Paragraph 155 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint and therefore denies same.

156.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 156 of the Complaint and therefore denies same.

157.    The allegations in Paragraph 157 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 157 of the Complaint and therefore denies same.

158.    The allegations in Paragraph 158 of the Complaint constitute conclusions of law to which no response is required.

159.    The allegations in Paragraph 159 of the Complaint constitute conclusions of law to which no response is required.

160.    The allegations in Paragraph 160 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 160 of the Complaint and therefore denies same.

161.    The allegations in Paragraph 161 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in

28

Paragraph 161 of the Complaint and therefore denies same.

162.    The allegations in Paragraph 162 of the Complaint and its sub-parts (a) through (j) constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint and therefore denies same.

163.    The allegations in Paragraph 163 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint and therefore denies same.

164.    The allegations in Paragraph 164 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 164 of the Complaint and therefore denies same.

165.    The allegations in Paragraph 165 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 165 of the Complaint and therefore denies same.

166.    The allegations in Paragraph 166 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint and therefore denies same.

167.    The allegations in Paragraph 167 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without

A/74619609.4

sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 167 of the Complaint and therefore denies same.

168.    The allegations in Paragraph 168 of the Complaint constitute conclusions of law to which no response is required.

**D.**    ***Strict Liability for Manufacturing And/Or Design Defect***

### Weatherford

169.    In response to Paragraph 169 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 168 above as if fully set forth herein.

170.    The allegations in Paragraph 170 of the Complaint constitute conclusions of law to which no response is required.

171.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint and therefore denies same.

172.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint and therefore denies same.

173.    Certain allegations in Paragraph 173 represent Alabama's understanding of deepwater drilling processes to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 173 of the Complaint and therefore denies same.

174.    The allegations in Paragraph 174 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint and therefore denies same.

175.     The allegations in Paragraph 175 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint and therefore denies same.

176.     The allegations in Paragraph 176 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint and therefore denies same.

177.     The allegations in Paragraph 177 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint and therefore denies same.

178.     The allegations in Paragraph 178 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 178 of the Complaint and therefore denies same.

179.     The allegations in Paragraph 179 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint and therefore denies same.

180.     The allegations in Paragraph 180 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in

A/74619609.4

Paragraph 180 of the Complaint and therefore denies same.

181.    The allegations in Paragraph 181 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint and therefore denies same.

182.    The allegations in Paragraph 182 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint and therefore denies same.

183.    The allegations in Paragraph 183 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 183 of the Complaint and therefore denies same.

184.    The allegations in Paragraph 184 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint and therefore denies same.

185.    The allegations in Paragraph 185 of the Complaint constitute conclusions of law to which no response is required.

**E.**    *Strict Liability for Manufacturing And/Or Design Defect*

**Halliburton**

186.    In response to Paragraph 186 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 185 above as if fully set forth

herein.

187.    The allegations in Paragraph 187 of the Complaint constitute conclusions of law to which no response is required.

188.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint and therefore denies same.

189.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint and therefore denies same.

190.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 190 of the Complaint and therefore denies same.

191.    Certain allegations in Paragraph 191 represent Alabama's understanding of deepwater drilling processes to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 191 and therefore denies same.

192.    Certain allegations in Paragraph 192 represent Alabama's understanding of deepwater drilling processes to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 192 and therefore denies same.

193.    The allegations in Paragraph 193 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 193 of the Complaint and therefore denies same.

194.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 194 of the Complaint and therefore denies same.

A/74619609.4

195.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 195 of the Complaint and therefore denies same.

196.     The allegations in Paragraph 196 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint and therefore denies same.

197.     The allegations in Paragraph 197 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 197 of the Complaint and therefore denies same.

198.     The allegations in Paragraph 198 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 198 of the Complaint and therefore denies same.

199.     The allegations in Paragraph 199 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 199 of the Complaint and therefore denies same.

200.     The allegations in Paragraph 200 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 200 of the Complaint and therefore denies same.

201.     The allegations in Paragraph 201 of the Complaint constitute conclusions of law

34

to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 201 of the Complaint and therefore denies same.

202.    The allegations in Paragraph 202 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 202 of the Complaint and therefore denies same.

203.    The allegations in Paragraph 203 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

204.    The allegations in Paragraph 204 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

## II.      The Oil Pollution Act

### BP, Transocean, Anadarko, Anadarko E&P, and MOEX

205.    In response to Paragraph 205 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 204 above as if fully set forth herein.

206.    The allegations in Paragraph 206 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko states that 33 U.S.C. § 2701, *et seq.* speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

207.    Anadarko admits that the Coast Guard has named BP Exploration & Production, Inc., as a "responsible party" under OPA for the *Deepwater Horizon* incident.  Anadarko admits that the Coast Guard designated Transocean Holdings, LLC as a "responsible party" for the

*Deepwater Horizon* incident under OPA.  The remaining allegations in Paragraph 207 of the Complaint constitute conclusions of law to which no response is required.

208.    The allegations in Paragraph 208 of the Complaint constitute conclusions of law to which no response is required.

209.    In response to Paragraph 209 of the Complaint, Anadarko admits that MOEX Offshore 2007 LLC held a 10% ownership interest in the lease for Mississippi Canyon Block 252 in the Gulf of Mexico, effective October 1, 2009.  Anadarko admits that prior to April 1, 2010, APC and Anadarko E&P held 2.5% and 22.5% interests, respectively, in the Macondo Prospect lease, and Anadarko E&P transferred its 22.5% interest to APC effective April 1, 2010.  The second and third sentences of Paragraph 209 contain conclusions of law such that no response is required.  To the extent a response is required, Anadarko states that 33 U.S.C. §§ 2701(16), (32), and 2702 *et seq.* speaks for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

210.    The allegations in Paragraph 210 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko and states that 33 U.S.C. §§ 2704(c) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.  .

211.    The allegations in Paragraph 211 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko states that the "Statement of BP Exploration & Production Inc. Re Applicability of Limitation of Liability Under Oil Pollution Act of 1990," filed on October 19, 2010, speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

36

212.    The allegations in Paragraph 212 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. Anadarko further states that 33 U.S.C. § 2702(b)(1) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

213.    The allegations in Paragraph 213 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. Anadarko further states that 33 U.S.C. § 2702(b)(2)(A) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

214.    The allegations in Paragraph 214 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. Anadarko further states that 33 U.S.C. § 2702(b)(2)(B) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

215.    The allegations in Paragraph 215 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. Anadarko further states that 33 U.S.C. § 2702(b)(2)(D) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

216.    The allegations in Paragraph 216 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. Anadarko further states that 33 U.S.C. § 2702(b)(2)(F) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

217.    The allegations in Paragraph 217 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied. Anadarko further states that 33 U.S.C. § 2713(a) speaks for itself, and Anadarko refers to the

37

source cited for its words, substance, meaning, content or context thereof.

218.    The allegations in Paragraph 218 of the Complaint constitute conclusions of law and characterizations of the relief requested to which no response is required.  To the extent a response is required, Anadarko denies that the State of Alabama is entitled to a declaratory judgment insofar as it applies to Anadarko and further states that 28 U.S.C. § 2201 and 33 U.S.C. § 2717(f)(2) speak for themselves and Anadarko refers to the sources cited for their words, substance, meaning, content, or context thereof.

219.    The allegations contained in Paragraph 219 of the Complaint constitute characterizations of the relief requested by the State of Alabama, therefore no response is required.

### III.    State Law Claims for Relief

**A.    *Public Nuisance (Drilling Defendants, Cameron, and Weatherford)***

220.    In response to Paragraph 220, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 219 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Alabama's state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

221.    The allegations in Paragraph 221 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that Ala. Code § 6-5-120, *et seq.* speaks for itself and Anadarko refers to the sources cited for their words, substance, meaning, content, or context thereof.

222.    The allegations in Paragraph 222 of the Complaint constitute conclusions of law

and characterizations of damages to which no response is required.

223.    The allegations in Paragraph 223 of the Complaint constitute conclusions of law to which no response is required.

224.    The allegations in Paragraph 224 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

225.    The allegations in Paragraph 225 of the Complaint constitute conclusions of law to which no response is required.

226.    The allegations in Paragraph 226 of the Complaint constitute conclusions of law to which no response is required.

**B.**    ***Private Nuisance (Drilling Defendants, Cameron, and Weatherford)***

227.    In response to Paragraph 227, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 226 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of the State of Alabama's state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

228.    The allegations in Paragraph 228 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that Ala. Code § 6-5-120, *et seq.* speaks for itself and Anadarko refers to the sources cited for their words, substance, meaning, content, or context thereof.

229.    The allegations in Paragraph 229 of the Complaint constitute conclusions of law to which no response is required.

230.    The allegations in Paragraph 230 of the Complaint constitute conclusions of law

A/74619609.4

to which no response is required.

231.    The allegations in Paragraph 231 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

232.    The allegations in Paragraph 232 of the Complaint constitute conclusions of law to which no response is required.

**C.     *Trespass (Drilling Defendants, Cameron, and Weatherford)***

233.    In response to Paragraph 233, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 232 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Alabama's state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

234.    The allegations in Paragraph 234 of the Complaint constitute conclusions of law to which no response is required.

235.    The allegations in Paragraph 235 of the Complaint constitute conclusions of law to which no response is required.

236.    The allegations in Paragraph 236 of the Complaint constitute conclusions of law to which no response is required.

237.    The allegations in Paragraph 237 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

238.    The allegations in Paragraph 238 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

**D.     *Alabama Extended Manufacturer's Liability Doctrine (Cameron)***

239.     In response to Paragraph 239, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 238 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Alabama's state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

240.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 240 of the Complaint and therefore denies same.

241.     The allegations in Paragraph 241 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 241 of the Complaint and therefore denies same.

242.     The allegations in Paragraph 242 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 242 of the Complaint and therefore denies same.

243.     The allegations in Paragraph 243 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 243 of the Complaint and therefore denies same.

244.     The allegations in Paragraph 244 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in

41

Paragraph 244 of the Complaint and therefore denies same.

245.     The allegations in Paragraph 245 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 245 of the Complaint and therefore denies same.

246.     The allegations in Paragraph 246 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

**E.     *Alabama Extended Manufacturer's Liability Doctrine (Weatherford)***

247.     In response to Paragraph 247, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 246 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Alabama's state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

248.     Certain allegations in Paragraph 248 represent Alabama's understanding of deepwater drilling processes to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 248 of the Complaint and therefore denies same.

249.     Certain allegations in Paragraph 249 represent Alabama's understanding of deepwater drilling processes to which no response is required.  The remaining allegations in Paragraph 249 of the Complaint constitute conclusions of law to which no response is required. Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 249 of the Complaint and therefore denies same.

250.     The allegations in Paragraph 250 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 250 of the Complaint and therefore denies same.

251.     The allegations in Paragraph 251 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 251 of the Complaint and therefore denies same.

252.     The allegations in Paragraph 252 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 252 of the Complaint and therefore denies same.

253.     The allegations in Paragraph 253 of the Complaint constitute conclusions of law to which no response is required.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 253 of the Complaint and therefore denies same.

254.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 254 of the Complaint and therefore denies same.

255.     The allegations in Paragraph 255 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

**F.**     ***Alabama Extended Manufacturer's Liability Doctrine (Halliburton)***

256.     In response to Paragraph 256, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 255 above as if fully set forth herein.  Anadarko further states

43

that the Court has held that state law is inapplicable to this case and all of Alabama's state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

257.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 257 of the Complaint and therefore denies same.

258.     The remaining allegations in Paragraph 258 of the Complaint constitute conclusions of law to which no response is required.    To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 258 of the Complaint and therefore denies same.

259.     The allegations in Paragraph 259 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 259 of the Complaint and therefore denies same.

260.     The allegations in Paragraph 260 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 260 of the Complaint and therefore denies same.

261.     The remaining allegations in Paragraph 261 of the Complaint constitute conclusions of law to which no response is required.    To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 261 of the Complaint and therefore denies same.

262.     The remaining allegations in Paragraph 262 of the Complaint constitute

conclusions of law to which no response is required.   To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 262 of the Complaint and therefore denies same.

263.   The allegations in Paragraph 263 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

**G.**   ***Fraudulent Concealment or Suppression of Material Facts  (BP, Halliburton, and Transocean)***

264.   In response to Paragraph 264, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 263 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Alabama's state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

265.   The allegations in Paragraph 265 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Alabama's state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

266.   Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 266 of the Complaint and therefore denies same.

267.   Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 267 of the Complaint and therefore denies same.

268.   Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 268 of the Complaint and therefore denies same.  Anadarko

further states that BP's Exploration Plan speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

269.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 269 of the Complaint and therefore denies same.  Anadarko states that the letter to Attorney General Eric Holder by Members of Congress on May 17, 2010, speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

270.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 270 of the Complaint and therefore denies same.

271.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 271 of the Complaint and therefore denies same.

272.    The allegations in Paragraph 272 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 272 of the Complaint and therefore denies same.

273.    Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 273 of the Complaint and therefore denies same.

274.    The allegations in Paragraph 274 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 274 of the Complaint and therefore denies same.

275.    The allegations in Paragraph 275 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without

sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 275 of the Complaint and therefore denies same.

276.    The allegations in Paragraph 276 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 276 of the Complaint and therefore denies same.

277.    The allegations in Paragraph 277 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 277 of the Complaint and therefore denies same.

278.    The allegations in Paragraph 278 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 278 of the Complaint and therefore denies same.

279.    The allegations in Paragraph 279 of the Complaint constitute conclusions of law to which no response is required.

280.    The allegations in Paragraph 280 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

281.    The allegations in Paragraph 281 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.

**H.**    *Civil Penalties under the Alabama Environmental Management Act*

282.    In response to Paragraph 282 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 281 above as if fully set forth

herein.  Anadarko states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

283.    In response to Paragraph 283 of the Complaint, Anadarko states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code. § 2-22A-1 to -16 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

284.    The allegations contained in Paragraph 284 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code. § 2-22A-5 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

285.    The allegations contained in Paragraph 285 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 285 of the Complaint and therefore denies same.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss

48

the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that AEMA speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

286.    The allegations contained in Paragraph 286 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that AEMA and AWPCA speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

287.    The allegations contained in Paragraph 287 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

288.    The allegations contained in Paragraph 288 of the Complaint constitute conclusions of law and characterizations of penalties to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

289.    The allegations contained in Paragraph 289 of the Complaint constitute conclusions of law and reservations of rights to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

**I.**     *Civil Penalties for Violations of the Alabama Water Pollution Act*

290.    In response to Paragraph 290, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 289 above as if fully set forth herein.  Anadarko further states that states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

291.    The allegations contained in Paragraph 291 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons (Rec. Doc. 4578). *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that Ala. Code. § 2-22-1 to -14 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

292.    The allegations contained in Paragraph 292 of the Complaint constitute

conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code. § 2-22-1(b)(2) and Ala. Admin. Code. r. 335-6-6-.02(ddd) speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

293.    The allegations contained in Paragraph 293 of the Complaint and its sub-parts (a) through (qq) constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.    Anadarko further states that the AWPCA speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

294.    The allegations contained in Paragraph 294 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code. § 2-22-9(i)(3) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

295.    The allegations contained in Paragraph 295 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has

51

held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Admin. Code r. 335-6-6-.03(1) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

296.     The allegations contained in Paragraph 296 of the Complaint constitute conclusions of law to which no response is required.   To the extent they require a response, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 296 of the Complaint and therefore denies same.   Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

297.     Anadarko denies the allegations in Paragraph 297 of the Complaint.

298.     The allegations contained in Paragraph 298 of the Complaint constitute conclusions of law and characterizations of penalties to which no response is required.   To the extent they require a response, the allegations are denied insofar as they apply to Anadarko. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.   Anadarko further states that Ala. Code. § 2-22-9(i)(3) and Ala. Admin. Code. r. 335-6-6-.03(l) speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

299.    The allegations contained in Paragraph 299 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code. § 2-22-9(i)(4) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

300.    The allegations contained in Paragraph 300 of the Complaint constitute conclusions of law and characterizations of penalties to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.    Anadarko further states that Ala. Code. § 2-22-9(i)(4) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

301.    The allegations contained in Paragraph 301 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Admin. Code r. 335-10-.06(a)-(c) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

53

302.    The allegations contained in Paragraph 302 of the Complaint constitute conclusions of law and characterizations of penalties to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that Ala. Admin. Code r. 335-10-.06(a)-(c) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

**J.     *Damages under the Alabama Water Pollution Control Act***

303.    In response to Paragraph 303, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 302 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

304.    The allegations contained in Paragraph 304 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that Ala. Code § 22-22-9(m)

54

speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

305.     The allegations contained in Paragraph 305 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that the AWPCA speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

306.     The allegations contained in Paragraph 306 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.

307.     The allegations contained in Paragraph 307 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that Ala. Code. § 22-22-9(n) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

308.     The allegations contained in Paragraph 308 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  To the

A/74619609.4

extent they require a response, the allegations are denied insofar as they apply to Anadarko. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that the AWPCA speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

**K.**   *Civil Penalties under the Alabama Air Pollution Act*

309.    In response to Paragraph 309, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 308 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

310.    The allegations contained in Paragraph 310 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code. §§ 22-28-1 to -23 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

311.    The allegations contained in Paragraph 311 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has

held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code. § 22-28-14 and Ala. Admin Code r. 335-3-1 to -20 speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

312. The allegations contained in Paragraph 312 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Admin. Code. r. 335-3-1-.02, -.03, and -.08 speaks for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

313. The allegations contained in Paragraph 313 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Admin. Code. r. 335-3-1-.02 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

314. The allegations contained in Paragraph 314 of the Complaint constitute conclusions of law and characterizations of penalties to which no response is required.

Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that Ala. Code § 22-22A-5(18)(c) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

315.    The allegations contained in Paragraph 315 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Admin. Code r. 335-3-1-.08 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

316.    The allegations contained in Paragraph 316 of the Complaint constitute conclusions of law and characterizations of penalties to which no response is required. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that the AAPCA speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

**L.**     ***Civil Penalties under the Alabama Hazardous Wastes Management Act***

A/74619609.4

317.    In response to Paragraph 317, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 316 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

318.    The allegations contained in Paragraph 318 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code § 22-30-1 to -24 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

319.    The allegations contained in Paragraph 319 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code § 22-30-12(b) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

320.    The allegations contained in Paragraph 320 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the

Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code § 22-30-3(4) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

321.   The allegations contained in Paragraph 321 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that the AHWMA speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

322.   The allegations contained in Paragraph 322 of the Complaint constitute conclusions of law and characterizations of penalties to which no response is required. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that Ala. Code. § 22-30-19(e) speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

323.   The allegations contained in Paragraph 323 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the

60

Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that the AHWMA speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

**M.**     ***Civil Penalties under the Alabama Solid Waste Disposal Act***

324.     In response to Paragraph 324, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 323 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

325.     The allegations contained in Paragraph 325 of the Complaint constitute conclusions of law to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. Anadarko further states that Ala. Code. §§ 22-27-1 to -18 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

326.     The allegations contained in Paragraph 326 of the Complaint constitute conclusions of law and characterizations of penalties to which no response is required. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading

61

Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko further states that Ala. Code. § 22-27-7 speaks for itself, and Anadarko refers to the source cited for its words, substance, meaning, content or context thereof.

327.    The allegations contained in Paragraph 327 of the Complaint constitute conclusions of law and characterizations of penalties to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko. Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

**M.**[1]    *Negligence*

328.    In response to Paragraph 328 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 327 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

329.    The allegations in Paragraph 329 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are

---

[1] The State of Alabama's Complaint appears to have inadvertently repeated the sub-part letter, M.  For consistency, Anadarko has adopted the Complaint's formatting.

dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

330.    The allegations in Paragraph 330 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

331.    The allegations in Paragraph 331 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

332.    The allegations in Paragraph 332 of the Complaint and its sub-parts (a) through (cc)[2] constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

---

[2] The State of Alabama's Complaint appears to have inadvertently repeated the sub-part letter, cc. within Paragraph 332 of the Complaint.  For consistency, Anadarko has adopted the Complaint's formatting.

A/74619609.4

333.    The allegations in Paragraph 333 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.

334.    The allegations in Paragraph 334 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

335.    The allegations in Paragraph 335 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

336.    The allegations in Paragraph 336 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

337.    The allegations in Paragraph 337 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  To the extent they require a

64

response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

338.    The allegations in Paragraph 338 of the Complaint constitute conclusions of law and characterizations of requested relief to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

**N.**    *Wantonness*

339.    In response to Paragraph 339 of the Complaint, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 338 above as if fully set forth herein.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

340.    The allegations in Paragraph 340 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of

65

Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

341.    The allegations in Paragraph 341 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

342.    The allegations in Paragraph 342 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

343.    The allegations in Paragraph 343 constitute conclusions of law and characterizations of damages to which no response is required.  To the extent they require a response, the allegations are denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

344.    The allegations in Paragraph 344 of the Complaint constitute conclusions of law to which no response is required.  To the extent they require a response, the allegations are

denied insofar as they apply to Anadarko.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

345.    The allegations in Paragraph 345 of the Complaint constitute conclusions of law and characterizations of relief requested to which no response is required.  Anadarko further states that the Court has held that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed.  *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

## IV.    Punitive Damages

346.    In response to Paragraph 346, Anadarko restates and incorporates by reference its responses in Paragraphs 1 through 345 above as if fully set forth herein.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

347.    The allegations contained in Paragraph 347 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint. *See* Order and Reasons [As to the Motions to Dismiss the

67

Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

348.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 348 of the Complaint and therefore denies same.

349.     Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 349 of the Complaint and therefore denies same.

350.     Certain allegations contained in Paragraph 350 of the complaint are conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 350 of the Complaint and therefore denies same.

351.     The allegations contained in Paragraph 351 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 351 of the Complaint and therefore denies same.

352.     The allegations contained in Paragraph 352 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 352 of the Complaint and therefore denies same.

353.     The allegations contained in Paragraph 353 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 353 of the Complaint and therefore denies same.

354.     The allegations contained in Paragraph 354 of the Complaint constitute

conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 354 of the Complaint and therefore denies same.

355.   The allegations contained in Paragraph 355 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 355 of the Complaint and therefore denies same.

356.   The allegations contained in Paragraph 356 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 356 of the Complaint and therefore denies same.

357.   The allegations contained in Paragraph 357 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 357 of the Complaint and therefore denies same.

358.   The allegations contained in Paragraph 358 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 358 of the Complaint and therefore denies same.

359.   The allegations contained in Paragraph 359 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 359 of the Complaint and therefore denies same.

A/74619609.4

360.    The allegations contained in Paragraph 360 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 360 of the Complaint and therefore denies same.

361.    The allegations contained in Paragraph 361 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 361 of the Complaint and therefore denies same.

362.    The allegations contained in Paragraph 362 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 362 of the Complaint and therefore denies same.

363.    The allegations contained in Paragraph 363 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 363 of the Complaint and therefore denies same.

364.    Certain allegations contained in Paragraph 364 of the complaint are conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 364 of the Complaint and therefore denies same.

365.    The allegations contained in Paragraph 365 of the Complaint and its subparts (a) through (j) constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as

70

to the truth of any of the allegations in Paragraph 365 of the Complaint and its subparts (a) through (j) and therefore denies same.

366.    The allegations contained in Paragraph 366 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.   To the extent a response is required, Anadarko is without sufficient information or knowledge to form a belief as to the truth of any of the allegations in Paragraph 366 of the Complaint and therefore denies same.

367.    The allegations contained in Paragraph 367 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.  Anadarko is without sufficient information or knowledge to form a belief as to the truth of the remainder of the allegations in Paragraph 367 of the Complaint and therefore denies same.

368.    The allegations in Paragraph 368 of the Complaint constitute conclusions of law and characterizations of damages to which no response is required.  To the extent a response is required, Anadarko denies the allegations insofar as they apply to Anadarko, and further states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26.

71

## RESERVATION OF RIGHTS

### *Right to a Trial by Jury*

369.    The allegations in Paragraph 369 of the Complaint constitute a reservation of rights to which no response is required.  To the extent a response is required, Anadarko denies that Alabama is entitled to such rights, and is otherwise without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 369 of the Complaint and therefore denies same.

370.    The allegations in Paragraph 370 of the Complaint constitute characterization of the case and a reservation of rights to which no response is required.  To the extent a response is required, Anadarko admits that the Court has set a trial for February 27, 2012 to decide common issues of limitation and liability and that the Transocean Limitation Action is Civil Action No. 10-2771.  Anadarko further denies that Alabama is entitled to such rights, and is otherwise without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 370 of the Complaint and therefore denies same.

371.    The allegations in Paragraph 371 of the Complaint constitute conclusions of law and a reservation of rights to which no response is required.  To the extent a response is required, Anadarko denies that Alabama is entitled to such rights, and is otherwise without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 371 of the Complaint and therefore denies same.

### *Right to File Amendments*

372.    The allegations in Paragraph 372 of the Complaint constitute conclusions of law , characterizations of damages, and a reservation of rights to which no response is required.  To the extent a response is required, Anadarko denies that Alabama has any right to amend its First

Amended Complaint, and is otherwise without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 372 of the Complaint and therefore denies same.  further states that Fed. R. Civ. P. 9(h) and 15(a)(2)  speak for themselves, and Anadarko refers to the sources cited for their words, substance, meaning, content or context thereof.

### PRAYER FOR RELIEF

373.    The unnumbered paragraph on page 80 contains characterizations of the relief requested by the State of Alabama to which no response is required.  To the extent the State of Alabama requests declaratory relief, Anadarko states that the Court has ruled that Anadarko owed no duty to the State of Alabama in connection with the matters alleged in the Complaint and that state law is inapplicable to this case and all of Plaintiffs' state law claims in the Complaint are dismissed. *See* Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (Rec. Doc. 4578) at 26. To the extent a response is deemed required, Anadarko denies that the State of Alabama is entitled to the relief requested.

## AFFIRMATIVE DEFENSES OF ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY LP

### GENERAL DENIAL

Anadarko denies each and every allegation of the Complaint not previously admitted, explained, qualified, or denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are precluded because any violations

73

and/or damages that may have occurred were proximately caused by the acts or omissions of persons other than Anadarko, or by the superseding intervention of causes outside the control of Anadarko.

### THIRD AFFIRMATIVE DEFENSE

One or more of the claims in the Complaint do not impose joint and several liability, and, to the extent joint and several liability is appropriate, Anadarko is not jointly and severally liable for the damages alleged in the Complaint based on divisibility of the harms alleged.

### FOURTH AFFIRMATIVE DEFENSE

Alabama has not reasonably mitigated damages.

### FIFTH AFFIRMATIVE DEFENSE

Alabama's claims are barred, in whole or in part, because Alabama is not entitled under the law to the damages that it seeks, the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such damages.

### SIXTH AFFIRMATIVE DEFENSE

Alabama's claims are barred, in whole or in part, to the extent any payment of damages are required by others related to the same incident alleged as the basis for Alabama's claims, and the damages sought by Alabama must be offset to the extent of any such payment of damages.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent Anadarko is found liable to Alabama for any damages or injuries, Anadarko is entitled to have any reward or recovery mitigated or reduced accordingly by the contributory or comparative negligence of other individuals, entities, or vessels.

### EIGHTH AFFIRMATIVE DEFENSE

If it is determined that Anadarko is found liable to Alabama, Anadarko is entitled to

74

contribution from other parties or entities.  To the extent a counterclaim or cross-claim rather than an affirmative defense is necessary to preserve such right to obtain contribution from any potentially liable party, including Alabama, Anadarko files this paragraph as a Counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, as set forth in full in the Claim, Answer and Cross-Claims of Third Party Defendants Anadarko Petroleum Corporation And Anadarko E&P Company LP, 10-cv-2771 (Limitation Rec. Doc. 338).

### NINTH AFFIRMATIVE DEFENSE

If it is determined that Anadarko is found liable to Alabama, Anadarko is entitled to indemnity from other parties or entities.  To the extent a counterclaim or cross-claim rather than an affirmative defense is necessary to preserve such right to obtain indemnity from any potentially liable party, including Alabama, Anadarko files this paragraph as a Counterclaim pursuant to Rule 13(a) of the Federal Rules of Civil Procedure, as set forth in full in the Claim, Answer and Cross-Claims of Third Party Defendants Anadarko Petroleum Corporation And Anadarko E&P Company LP, 10-cv-2771 (Limitation Rec. Doc. 338).

### TENTH AFFIRMATIVE DEFENSE

Alabama has failed to comply with 33 U.S.C. §2713 for purposes of their Oil Pollution Act claim.

### ELEVENTH AFFIRMATIVE DEFENSE

If it is determined that Anadarko is liable as a "responsible party" under the Oil Pollution Act for all or any part of Alabama's damages, the amount of Anadarko's liability is limited pursuant to 33 U.S.C. §2704(a).

### TWELFTH AFFIRMATIVE DEFENSE

Anadarko will rely on any and all further defenses that become available or appear during

A/74619609.4

discovery proceedings in this action and specifically reserves its right to amend this Answer for purposes of asserting additional defenses.

## PRAYER FOR RELIEF

WHEREFORE, Anadarko prays for judgment as follows:

1.      Judgment on the merits in favor of Anadarko and against Alabama; and

2.      For such other relief that this Court may deem just and proper.

Respectfully submitted,

76

DATED: December 14, 2011

BINGHAM McCUTCHEN LLP

/s/ *Ky E. Kirby*
Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

A/74619609.4

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of December, 2011.

                                              */s/ Ky E. Kirby*
                                               Ky. E. Kirby