UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § MDL-2179 § § § SECTION "J" § |
| THIS DOCUMENT RELATES TO: | § JUDGE BARBIER § |
| *All cases* | § MAG. JUDGE SHUSHAN |

*******************************************************************************

**STATE OF LOUISIANA, OFFICE OF THE GOVERNOR'S MOTION FOR LEAVE TO FILE A MEMORANDUM IN SUPPORT OF THE PSC'S *REVISED* PROPOSED ORDER ESTABLISHING COURT-SUPERVISED ACCOUNT AND RESERVE FOR COMMON BENEFIT LITIGATION EXPENSES AND MEMORANDUM IN SUPPORT**

**Now into Court comes** the Office of the Governor of the State of Louisiana, who, for reasons more fully explained herein, respectfully moves for leave to file a memorandum in support of the PSC's revised Proposed Order establishing a court-supervised account and reserve for the potential payment of common benefit litigation expenses and attorney fees. The Governor requests leave to file this memorandum to clarify the position of the State as to State Recoveries.[1]

The PSC's Revised Order is case-specific and narrowly drawn. It does not preclude the parties from negotiating fee-related issues and still allows the flexibility for plaintiffs to negotiate

---

[1] The Governor, as Chief Executive Officer of the State of Louisiana, has a constitutional and statutory duty and authority to determine what is in the best interests of the State, even in litigation. This is also consistent with the attorney-client relationship generally. *See*, *Williams v. McKeithen*, 1990 WL 265971 (M.D. La. 7/20/1990) and *U.S. v. State of Louisiana*, 751 F. Supp. 608 (E.D. La. 1990). *See also, State of Louisiana ex rel. Guste v. Louisiana Bd. of Highways,* 275 So.2d 207, 213 (La. App. 1st Cir.1973), *aff'd,* 289 So.2d 82 (La.1974); *see also Kemp v. Stanley,* 204 La. 110, 15 So.2d 1, 9 (1943); *Ricks v. Department of State Civil Service,* 200 La. 341, 8 So.2d 49, 59-60 (1942); *State ex rel. Strauss v. Dubuclet,* 25 La. Ann.161 (1873).

a settlement with any defendant that would allow for the payment of attorney fees over and above, rather than as a reduction from recoveries. With regard to its application to the State of Louisiana, it is likewise case-specific, narrowly drawn, and would apply only to *monetary* settlements of the State of Louisiana. The Office of the Governor believes that this narrowly drawn order, which merely establishes a court-managed fund, would not violate the Louisiana Constitution or other laws of the State, nor would it impinge upon the State's sovereignty. Because the motion does not purport to assign fees or costs to any party but merely would establish a fund that would be subject to future properly-noticed motions and appealable rulings from this Court, there does not appear to be any impingement upon Eleventh Amendment concerns. While the State has not waived immunity as it would relate to substantive claims asserted against the State by a party, this Court nevertheless has general authority over and discretion in the management of the MDL litigation, to which the State voluntarily subjected itself when it filed claims directly in the federal court. As drafted and as it relates to the State of Louisiana, the PSC's motion would not apply to non-monetary settlements and/or judgments, which would therefore exclude elements of a settlement that would provide restoration "credit" or would be funded from non-state resources, such as federal Clean Water Act fines.[2]

The Office of the Governor suggests *one* addition to the proposed order to explicitly state that it does not apply or require any amount to be reserved from payments made to governmental

---

[2] The Natural Resource Damage Assessment process is expected to result in a project-oriented restoration strategy that would afford the RP "restoration credit" that could be applied toward its liability to restore, replace, or obtain comparable resources, and would therefore fall within the meaning of the term "non-monetary settlements." The term could be applied to other elements of a settlement, including Supplemental Environmental Projects, for example. SEPS might be part of a settlement, but might be funded from federal Clean Water Act penalties or other sources. Likewise, other forms of settlement that bring value to the citizens and economy of the State could potentially fall within the terms of either "non-monetary" State recoveries or simply non-State recoveries.

entities directly from a responsible party to reimburse the government entity for ongoing response costs, increased agency costs related to response, or costs incurred through participation in the NRDA process.  This amendment to the order would clarify its application to these non-disputed reimbursements, avoid ambiguity on this issue, and avoid potential disruption of ongoing response and NRDA activities.

In litigation as complex and multi-faceted as this, it is in the best interest of the State and the PSC to work closely, identify aligned interests, and jointly pursue litigation strategies in furtherance of those interests.  Although OPA provides for strict liability for the RP, this case is unlike any other oil spill – not only in this State but in the United States.  There are many complex issues of fact and law being raised by the numerous defendants in this case.  The Office of the Governor believes that the focus of the State should, at this stage, be on collaboratively working with the PSC to obtaining favorable results (i.e. recovery) for the State taxpayers *and* the thousands of our citizens who have private claims pending in the MDL, claims which the PSC is helping pursue.  The Office of the Governor and the PSC have been working collaboratively toward this end.

The Governor has confidence this Court will diligently exercise its duties, neutrally and thoroughly, in evaluating the *legal* propriety of assessing a common benefit fee, generally and in specific instances, as well as the *factual* propriety of awarding any fee or reimbursement of expenses (generally and specifically) from the fund.  The order makes none of those determinations – it merely establishes a fund (with deposits properly accounted for), which may be accessed at a later date pursuant to properly noticed motions and orders of the Court.  Because that money is merely held pending further action by this Court, because the order does not purport to impinge upon any governmental functions or obligations, and because agreeing to

hold only 4% pending further action by the Court confers substantial advantages in the working relationship with the PSC, the Governor does not oppose it and does not believe it prejudices the State.[3]

/s/ Elizabeth Murrill
Elizabeth Baker Murrill
Executive Counsel,
Office of the Governor
State of Louisiana
Bar Roll No. 20685
P. O. Box 94004
Baton Rouge, LA 70804-9004
Telephone: 225-342-8212
Email: elizabeth.murrill@la.gov

## Certificate of Service

I hereby certify that the above and foregoing Motion for Leave to File Memorandum in Support and Memorandum in Support will be filed into the record via the Court's ECF electronic filing system and will be served on all counsel via Lexis-Nexis File & Serve, pursuant to Pre-Trial Order No. 12, this 14th day of December, 2011.

/s/ Elizabeth Murrill

---

[3] The Attorney General for the State of Alabama filed a letter with this Court stating that Alabama did not oppose the PSCs prior draft order. It presumably would similarly not oppose the revised order, as it does not change anything with regard to Alabama recoveries and is more specific regarding what it does not cover.