IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| **THIS PLEADING APPLIES TO ALL 10-04182 and 10-04183** | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**DRIL-QUIP'S ANSWER TO THE FIRST AMENDED COMPLAINT OF
THE STATE OF ALABAMA**

In accordance with the Court's orders regarding deadlines for filing responsive pleadings Dril-Quip, Inc. ("Dril-Quip") hereby responds to the State of Alabama's First Amended Complaint (the "Complaint"), upon information and belief as follows:

**ANSWER**

By way of introduction, Dril-Quip notes that it is not a named party to the Complaint, and the Plaintiff has not alleged therein any factual basis for fault and/or declaratory relief on account of Dril-Quip's actions in connection with the *Deepwater Horizon*. Dril-Quip moved to dismiss the Complaint [Rec. Doc. No. 2442] and has contended elsewhere that the Court has yet to address the factual sufficiency of Plaintiffs' claims and allegations contained in the various complaints which Dril-Quip has been joined with issue to by virtue of the Rule 14(c) Third-Party Complaint filed by Transocean in the Limitation Action [Rec. Doc. No. 1320]. *See* Rec. Doc. Nos. 1320 and 3999. Dril-Quip expressly denies that it waives this position by filing this answer to the Complaint. However, while Dril-Quip denies any obligation to respond to the Plaintiff's Complaint, as a result of the Court's Order affirming Dril-Quip's status as a 14(c) defendant, *see* Rec. Doc. Nos. 3830 and 4209, and the operation of Federal Rule of Civil Procedure 14(c), Dril-

Quip files this Answer, only out of an abundance of caution and only insofar as the Complaint asserts allegations or claims that could implicate Dril-Quip by operation of law.

1. The allegations contained in Paragraphs 3, 9-14, 16-22, 24-28, 38-51, 53-54, 56, 58-67, -77, 80-81, 95, 107, 112, 116, 119, 122, 150-52, 156, 188-89, 191-92, 194, and 211, including all subparts, are denied for lack of sufficient information to upon which to base a belief therein.

2. The allegations contained in Paragraphs 2, 55, 57, 68, 70, 72-76, 78, and 130, including all subparts, are denied as they might apply to Dril-Quip, and otherwise are denied for lack of sufficient information upon which to base a belief therein.

3. The allegations contained in Paragraphs 6-7, 29, 31, 69, 96, 98, 108-110, 113-115, 117-18, 120-21, 123-25, 129, 137-47, 149, 153-55, 157-68, 187, 190, 193, 195-204, 206, 208-10, and 369-72, including all subparts, call for legal conclusions and, as such, do not require an answer on the part of Dril-Quip. However, if an answer is necessary, the allegations are denied for a lack of sufficient information upon which to base a belief therein.

4. The allegations contained in Paragraphs 4-5, 32, 33-37 71, 90-93, 97, 99-106, 111, 131-35, 212-16, 218-19, 127-128, 170 and 174-185, including all subparts, call for legal conclusions and, as such do not require a response from Dril-Quip. However, if an answer is deemed necessary, the allegations are denied for a lack of sufficient information upon which to base a belief therein.

5. The allegations contained in Paragraphs 52, 79, 82-87, 171-73, and 217, including all subparts are denied.

6. In Paragraphs 94, 136, 148, 169, 186, 205, 220, 227, 233, 27, 256, 264, 282, 290, 303, 309, 317, 324, 328, 339 and 346 of the Amended Complaint, Alabama makes statements with respect to realleging and reavering prior allegations. To the extent that those paragraphs

require an answer, then Dril-Quip adopts any answer or defense filed by it with respect to any paragraph of the Amended Complaint in response to these Paragraphs.

7. With respect to the allegations contained in Paragraphs 221-26, 228-32, 234-38, 240-46, 248-55, 257-63, 265-81, 283-89, 291-302, 304-08, 310-16, 318-23, 325-27, 329-38, 340-45 and 347-68, including all subparts, of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. To the extent a response is deemed necessary, the allegations are denied as they might apply to Dril-Quip, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

## **AFFIRMATIVE DEFENSES**

1. Dril-Quip sets forth its affirmative defenses, which apply to all live claims unless otherwise noted. By setting forth these affirmative defenses, Dril-Quip does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff.

### **Ripeness**

2. The Plaintiff's claims for relief are not ripe.

### **Failure to State a Claim**

3. The Plaintiff has failed to state a claim upon which relief can be granted.

4. The Plaintiff has failed to plead much less satisfy conditions precedent to recovery.

5. The Plaintiff's claims are barred to the extent that the Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### **Oil Pollution Act**

6. Dril-Quip asserts all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §2701 *et seq.*, including without limitation:

a. Plaintiff has failed to make presentment of some or all of their claims as required under OPA.

b. Plaintiff has no right of action against Dril-Quip to the extent it is not a responsible party as defined under OPA.

c. OPA does not provide for or allow a determination of joint and several liability but requires an apportionment of fault.

### Duty

7. Dril-Quip owes no duty to Plaintiff because it supplied a component part to a sophisticated purchaser for use in an integrated system, and the component part was not defective when delivered to BP.

### Causation

8. The Plaintiff's complain of harm not caused or contributed to in any manner by Dril-Quip, its alleged servants, employees, agents, or anyone for whom Dril-Quip is responsible. The incident and resulting harm that are subject of the Complaint were caused by the fault, negligence, breach of contract, breach of warranty, and/or statutory and regulatory violations of other persons, entities, or sovereigns for whom Dril-Quip is not legally responsible.

9. The injuries and resulting damages alleged to have been sustained by the Plaintiff resulted from a superseding or intervening cause for which Dril-Quip is not responsible.

10. The injuries and resulting damages alleged to have been sustained by the Plaintiff were not proximately caused by any acts and/or omissions of Dril-Quip.

11.     The injuries and resulting damages alleged to have been sustained by the Plaintiff were not foreseeable as a matter of law.

### Damages

12.     The Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

13.     Any affirmative defenses pleaded by the other Defendants and not pleaded by Dril-Quip are incorporated herein to the extent such defenses do not conflict with Dril-Quip's affirmative defenses.

14.     Dril-Quip reserves the right to amend its Answer, Rule 12(b) defenses and other defenses and to assert cross-claim and third-party claims, as appropriate.

### GENERAL DENIAL

Dril-Quip denies all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

### PRAYER FOR RELIEF

With respect to the Prayer for Relief, Dril-Quip denies that Plaintiff is entitled to the relief requested.

        Respectfully submitted,

        **WARE, JACKSON, LEE & CHAMBERS, LLP**

BY:  /s/ C. Dennis Barrow, Jr.
      Don Jackson
      Texas Bar No. 10476000
      Fed ID No. 6915
      C. Dennis Barrow, Jr.
      Texas Bar No. 00796169
      Fed ID No. 20624
      2929 Allen Parkway, 42nd Floor
      Houston, TX 77019
      Phone: (713) 659-6400
      Fax: (713) 659-6262
      Counsel for Defendant, Dril-Quip, Inc.

## CERTIFICATE OF SERVICE

I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Middle District of Alabama, Northern Division, by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on December 14, 2011.

        /s/ C. Dennis Barrow, Jr.
        C. Dennis Barrow, Jr.