IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "*DEEPWATER HORIZON*" in the GULF OF MEXICO, on April 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| **THIS PLEADING APPLIES TO ALL 10-3059 and 11-516** | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**DRIL-QUIP'S ANSWER AND AFFIRMATIVE DEFENSES TO THE STATE OF LOUISIANA'S FIRST AMENDED COMPLAINT**

In accordance with the Court's orders regarding deadlines for filing responsive pleadings Dril-Quip, Inc. ("Dril-Quip") hereby responds to the Complaint for Declaratory Judgment of The State of Louisiana, Plaintiff (the "Complaint"), upon information and belief as follows:

## ANSWER

By way of introduction, Dril-Quip notes that it is not a named party to the Complaint, and the Plaintiff has not alleged therein any factual basis for fault and/or declaratory relief on account of Dril-Quip's actions in connection with the *Deepwater Horizon*. Dril-Quip moved to dismiss the Complaint [Rec. Doc. No. 2442] and has contended elsewhere that the Court has yet to address the factual sufficiency of Plaintiffs' claims and allegations contained in the various complaints which Dril-Quip has been joined with issue to by virtue of the Rule 14(c) Third-Party Complaint filed by Transocean in the Limitation Action [Rec. Doc. No. 1320]. *See* Rec. Doc. Nos. 1320 and 3999. Dril-Quip expressly denies that it waives this position by filing this answer to the Complaint. However, while Dril-Quip denies any obligation to respond to the Plaintiff's Complaint, as a result of the Court's Order affirming Dril-Quip's status as a 14(c) defendant, *see* Rec. Doc. Nos. 3830 and 4209, and the operation of Federal Rule of Civil Procedure 14(c), Dril-Quip files this Answer, only out of an abundance of caution and only insofar as the Complaint asserts allegations or claims that could implicate Dril-Quip by operation of law.

**1.** The allegations contained in Paragraphs 1, 5, 9, 15-24, 26-33, 38-45, 48-51, 57-60, 62-77, 81-85, 90-105, 109-113, 115-133, 138, 140, 143-151, 156, 159-160, 172, 193, 202, 205, 2011, 221, 272-274 and 279-281 of the Amended Complaint, including any and all subparts thereof, are denied for sufficient information upon which to base a belief therein.

**2.** The allegations contained in Paragraphs 2, 8, 52-56, 61, 86-87, 1-06-108, 136, 139, 141-142, 192, 204, 206, 212-218, 220, 271 and 291-292 of the Amended Complaint are denied as they might apply to Dril-Quip, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

**3.** The allegations contained in Paragraphs 3, 6-7, 13-14, 78-80, 88-89, 152, 155, 157-158, 161-167, 170-171, 196, 198-200, 203, 207-210, 219, 223, 275-278, 282-284, 392 and 393 of the Amended Complaint call for legal conclusions and, as such, do not require a response by Dril-Quip. To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to base a belief therein.

**4.** The allegations contained in Paragraphs 11, 154, 169, 182, 191, 197, 224, 240, 250, 260, 294, 302, 309, 317, 324, 329, 335, 341, 348, 355, 362, 369 and 380 of the Amended Complaint do not appear to require a response by Dril-Quip. To the extent that a response is deemed necessary, the allegations are denied.

**5.** In Paragraphs 153, 168, 181, 190, 195, 222, 239, 249, 259, 270, 293, 301, 308, 316, 323, 328, 334, 340, 347, 354, 361, 368, 379 and 386 of the Amended Complaint, Plaintiff makes statements with respect to realleging and incorporating by reference prior allegations. To the extent these paragraphs require a response by Dril-Quip, then Dril-Quip adopts any and all answers and defenses filed by it with respect to any paragraphs of the Amended Complaint in response thereto.

**6.**	With respect to the allegations of Paragraphs 173-180, 183-189, 225-232, 295-300, 303-307, 310-315, 318-322, 325-327, 330-333, 336-339, 342-346, 349-353, 356-360, 363-367, 370-378 and 381-385 of the Amended Complaint, no response is required to the allegations pursuant to the Court's Order of November 14, 2011, dismissing all state law claims. Alternatively, the allegations Paragraphs 173-180, 183-189, 225-232, 295-300, 303-307, 310-315, 318-322, 325-327, 330-333, 336-339, 342-346, 349-353, 356-360, 363-367, 370-378 and 381-385 of the Amended Complaint are not directed at Dril-Quip and call for legal conclusions and, as such, do not require a response by Dril-Quip.  To the extent that a response is required, the allegations are denied for lack of sufficient information to form a belief therein.

**7.**	Dril-Quip denies the allegations of any preamble, preliminary statement, prayer, misnumbered or unnumbered paragraphs of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Dril-Quip sets forth its affirmative defenses, which apply to all live claims unless otherwise noted. By setting forth these affirmative defenses, Dril-Quip does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiff.

### Standing

2. The Plaintiff lacks standing because it has not alleged nor can it prove an actual or threatened injury caused by Dril-Quip's conduct and redressable by this court.

### Ripeness

3. The Plaintiff's claims for relief are not ripe.

### Failure to State a Claim

4. The Plaintiff has failed to state a claim against Dril-Quip upon which relief can be granted.

5. The Plaintiff has failed to plead much less satisfy conditions precedent to recovery.

6. The Plaintiff's claims are barred to the extent that the Plaintiff seeks to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Oil Pollution Act

7. Dril-Quip asserts all defenses available under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §2701 *et seq*., including without limitation:

a. Plaintiff has failed to make presentment of some or all of their claims as required under OPA.

b.     Plaintiff has no right of action against Dril-Quip to the extent it is not a responsible party as defined under OPA.

c.     OPA does not provide for or allow a determination of joint and several liability but requires an apportionment of fault.

### Louisiana Oil Spill Prevention and Response Act

8.     Dril-Quip asserts all defenses available under the Louisiana Oil Spill Prevention and Response Act ("OSPRA"), La. Rev. Stat. § 30:2451, *et seq.*, including without limitation:

a.     Plaintiff has failed to make presentment of some or all of their claims as required under OSPRA.

b.     Plaintiff has no right of action against Dril-Quip to the extent it is not a responsible party as defined under OSPRA.

c.     OSPRA does not provide for or allow a determination of joint and several liability but requires an apportionment of fault.

### Duty

9.     Dril-Quip owes no duty to Plaintiff because it supplied a component part to a sophisticated purchaser for use in an integrated system, and the component part was not defective when delivered to BP.

### Causation

10.    The Plaintiff complains of harm not caused or contributed to in any manner by Dril-Quip, its alleged servants, employees, agents, or anyone for whom Dril-Quip is responsible. The incident and resulting harm that are subject of the Complaint were caused by the fault, negligence, breach of contract, breach of warranty, and/or statutory and regulatory violations of other persons, entities, or sovereigns for whom Dril-Quip is not legally responsible.

11.     The injuries and resulting damages alleged to have been sustained by the Plaintiff resulted from a superseding or intervening cause for which Dril-Quip is not responsible.

12.     The injuries and resulting damages alleged to have been sustained by the Plaintiff were not proximately caused by any acts and/or omissions of Dril-Quip.

13.     The injuries and resulting damages alleged to have been sustained by the Plaintiff were not foreseeable as a matter of law.

**Damages**

14.     The Plaintiff may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

15.     The Plaintiff has not reasonably mitigated its damages.

16.     Dril-Quip is entitled to set off, should any damages be awarded against it, in the amount recovered by Plaintiff with respect to the same alleged injuries.

17.     Any affirmative defenses pleaded by the other Defendants and not pleaded by Dril-Quip are incorporated herein to the extent such defenses do not conflict with Dril-Quip's affirmative defenses.

18.     Dril-Quip reserves the right to amend its Answer, Rule 12(b) defenses and other defenses and to assert cross-claim and third-party claims, as appropriate.

**GENERAL DENIAL**

Dril-Quip denies all allegations of the Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

**PRAYER FOR RELIEF**

With respect to the Prayer for Relief, Dril-Quip denies that Plaintiff is entitled to the relief requested.

Respectfully submitted,

**WARE, JACKSON, LEE & CHAMBERS, LLP**

BY:  /s/ C. Dennis Barrow, Jr.
     Don Jackson
     Texas Bar No. 10476000
     Fed ID No. 6915
     C. Dennis Barrow, Jr.
     Texas Bar No. 00796169
     Fed ID No. 20624
     2929 Allen Parkway, 42nd Floor
     Houston, TX 77019
     Phone: (713) 659-6400
     Fax: (713) 659-6262
     Counsel for Defendant, Dril-Quip, Inc.

## CERTIFICATE OF SERVICE

I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on December 14, 2011.

/s/ C. Dennis Barrow, Jr.
C. Dennis Barrow, Jr.