UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J JUDGE BARBIER |
| This Document Relates to: *All Cases* | * * * | MAG. JUDGE SHUSHAN |

*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\**

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE BP TESTIMONY AND ARGUMENTS REGARDING BOP REGULATORY COMPLIANCE OR TEMPORARY ABANDONMENT PLAN**

NOW INTO COURT come Plaintiffs who respectfully submit the following Reply memorandum in support of their *Motion in Limine to Exclude Evidence and Argument Regarding BOP Regulatory Compliance or Temporary Abandonment Plan*.

**I.    BP is Stuck with the Testimony Regarding BOP Regulatory Compliance (or Lack Thereof).**

BP designated two 30(b)(6) witnesses to address the issue of BP compliance with the Code of Federal Regulations. Both were asked specific questions, clearly set forth in the 30(b)(6) notice, regarding actions, processes, oversights, audits, and/or other management systems in place to insure that the Deepwater Horizon's BOP complied. Both testified they lacked any knowledge of such systems or processes.

First and foremost, in its Response, BP concedes that its second corporate representative Mr. Frazelle could not answer who at BP is responsible for Section 250.416(e) compliance. BP Response, at 3. Instead, BP tries to argue that a different corporate representative (Mr. Rich) answered the question by stating that the Application

1

for Permission to Drill ("APD") process "went through" BP's Drilling Engineers and BP's Regulatory Group.   This is unacceptable.

Whatever "went through" may mean - it certainly does not mean the official submission of a document to the Government for approval.  This BP answer fails to provide the name of the actual person responsible for submitting this particular APD to the MMS.  Mr. Rich does not identify a name.  He does not even identify who physically transmits the authorization to the MMS.  He merely identifies a "channel" of information without identifying the sender.  This hide-the-name tactic should be stopped with an Order prohibiting BP from arguing or introducing evidence that authorization was submitted to the MMS for this APD.

As for the other inadequate testimony, BP provides a graph trying to explain away the rest of Mr. Frazelle's non-answers by referring to other witnesses who were not corporate representative designees.  BP refers to the following witnesses who were not designees on this area of inquiry: Mr. Rich; Brett Cocales; and Sherie Douglas.  When it is not referring to other witnesses, BP argues semantics of whether a particular question was "asked" in precisely the correct way to require a response.  Rather than re-argue the testimony, Plaintiffs merely direct the Court's attention to the quoted and cited testimony in its Memorandum in Support and the deposition itself attached thereto.

Interestingly, BP does direct the Court to the testimony of Ms. Douglas (BP's regulatory compliance employee) to provide the "answers" to some of Mr. Frazelle's non-answers.  BP suggests that Ms. Douglas testified on the issues of the APD submission process, the calculation of the Maximum Anticipated Surface Pressure ("MASP") in the APD, and 30 CFR 250.416(e), implying that Plaintiffs are not

2

prejudiced because we asked these questions of a fact witness. [Rec. Doc. 4850] BP Response, at 5.  Plaintiffs are willing to accept this testimony (along with Heather Powell's)[1] as BP's corporate testimony in lieu of a third deposition for this area of inquiry or other sanctions.

Both Ms. Douglas and Ms. Powell are BP Regulatory Advisors specific to the *Deepwater Horizon.* Both testified that nothing was ever done to check the accuracy or veracity of the information filed with the MMS. Both of these BP Regulatory Advisors could not identify what actions were taken by BP to comply with numerous regulations. Deposition of Scherie Douglas, at 45-46, attached as Exhibit 1; Deposition of Heather Powell, at 193-96, attached as Exhibit 2.  Furthermore, Ms. Douglas testified that she had never, for Macondo or any other well, filed any documents with the MMS showing that the BOP was capable of shearing the drill pipe as required by 30 C.F.R 250.416(e). Douglas Deposition, at 285-86, attached as Exhibit 3.

Ms. Powell testified that as a Regulatory Advisor for BP, she received no training from BP, at any time, on regulatory compliance, interpretation, or instruction despite that her job requirements included providing guidance and interpretation of the regulations to the BP personnel, including the engineering department.  Powell Deposition, at 19, 25 attached as Exhibit 4.  Additionally, neither Ms. Douglas nor Ms. Powell knew of any process within BP to verify, audit, oversee, or confirm the validity of information BP was submitting to the MMS.  Douglas Deposition, at 37-39, attached as Exhibit 5; Powell Deposition, at 21-22, attached as Exhibit 6.

---

[1] BP also refers to Ms. Powell (as well as Ms. Douglas again) as someone who could fill in Mr. Frazelle's non-answers on the issues related to the Temporary Abandonment procedure.  BP Response, at 8.

This Court should order (and Plaintiffs accept) the designation of Ms. Douglas' and Ms. Powell's testimony cited above as BP's official corporate position. This solution alleviates the need for yet another deposition at this late date and partly adopts a suggestion posited by BP. Allowing the designation of fact witnesses as Rule 30(b)(6) corporate representative testimony is an efficient alternative to sanctions and within the court's broad discretion under Rule 37(b). *McLeod, Alexander, Powel & Apffel*, 894 F.2d 1482, 1486 (5th Cir. 1990) (quoting *Sciambra v. Graham News Co.*, 841 F.2d 651, 655 (5th Cir. 1988)); *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990).

**II.     BP Should be Precluded at Trial from Introducing Evidence or Arguing Who Authored the Temporary Abandonment Procedure and Whether Any BP Representative Conducted a Risk Assessment of It.**

In its Response, BP fails to address the quoted testimony that BP's corporate representative did not know who authored the Temporary Abandonment Plan and who, if anyone, conducted a risk-assessment of the changes:

Q.   And as you sit here today on behalf of BP, you have no knowledge, have seen no documents as to exactly how this Abandonment Plan was authored, who authored it, or who reviewed it to determine whether or not the Risk Assessment or any changes needed to be made.

   Ms. Harding: Object to form.

Q.   (By Mr. Sterbcow) Correct?

A.   Correct.

Deposition of Andrew Frazelle, at 65, attached as Exhibit 21 to Plaintiffs' Motion.

While the Response generally addresses authorship issues, it does not address the authorship of the Temporary Abandonment Plan itself. BP Response, at 7. Most important, the Response fails to address the challenge that the Rule 30(b)(6) witness

4

could not answer whether a risk-assessment was conducted on the Temporary Abandonment Plan.

BP should be limited at trial to this testimony. BP should be precluded from introducing exhibits or testimony that is contrary to the testimony of its corporate representative that it has no knowledge of any risk-assessment being conducted. FED R. CIV. PROC. 37(b)(2)(A)(ii) ("prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence").

The same is true of Mr. Frazelle's inability to explain reasons for the changes to the Temporary Abandonment procedure. On behalf of BP, Mr. Frazelle answered he did not know. BP is limited to that answer through trial in what it can introduce and what it can argue. BP's attempt, in its Response, to fill in the gaps of Mr. Frazelle's non-answers by pointing to testimony from <u>nine</u> other witnesses[2] does not alleviate its Rule 30(b)(6) burden to "make a good-faith effort to designate knowledgeable representatives." *Brazos River Authority v. GE Ionics, Inc.,* 469 F.3d 416, 433 (5th Cir. 2006). The representatives must testify about the organization's collective knowledge and information. *FCC v. Mizuho Medy Co. Ltd.,* 257 F.R.D. 679, 681 (S.D. Cal. 2009).

## Conclusion

For the above and foregoing reasons, Plaintiffs' Motion in *Limine* should be granted.

This <u>16th</u> day of <u>December</u>, <u>2011</u>.

---

[2] BP pointed to the following nine witnesses to explain Mr. Frazelle's non-answers: Jim Cowie; Ian Little; Brett Cocales; Scherie Douglas; John Guide; Lee Lambert; Heather Powell; Ronnie Sepulvado; and Greg Walz. <u>BP Response</u>, at 8.

Respectfully submitted,

| | |
|---|---|
| */s/ Stephen J. Herman* | */s/ James Parkerson Roy* |
| **STEPHEN J. HERMAN** (La. Bar #23129) | **JAMES PARKERSON ROY** (La. Bar #11511) |
| **Herman Herman Katz & Cotlar, LLP** | **Domengeaux Wright Roy & Edwards LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, LA  70113 | Lafayette, LA  70501 |
| Office:  (504) 581-4892 | Office:  (337) 233-3033 |
| Telefax:  (504) 569-6024 | Telefax:  (337) 233-2796 |
| E-Mail:  sherman@hhkc.com | E-Mail:  jimr@wrightroy.com |
| *Plaintiffs' Liaison Counsel* | *Plaintiffs' Liaison Counsel* |

## Plaintiffs' Steering Committee

| | |
|---|---|
| Brian H. Barr<br>LEVIN, PAPANTONIO, THOMAS, MITHCELL, ECHSNER & PROCTOR, PA<br>316 South Baylen Street, Suite 600<br>Pensacola, FL  32502-5996<br>Office:  (850) 435-7045<br>Telefax:  (850) 436-6187<br>E-Mail:  bbarr@levinlaw.com | Robin L. Greenwald<br>WEITZ & LUXENBERG, PC<br>700 Broadway<br>New York, NY  10003<br>Office:  (212) 558-5802<br>Telefax:  (212) 344-5461<br>E-Mail:  rgeeenwald@weitzlux.com |
| Jeffrey A. Breit<br>BREIT DRESCHER & IMPREVENTO<br>999 Waterside Drive, Suite 1000<br>Norfolk, VA  23510<br>Office:  (757) 670-3888<br>Telefax:  (757) 670-3895<br>E-Mail:  jbreit@bdbmail.com | Rhon E. Jones<br>BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.<br>218 Commerce Street, P.O. Box 4160<br>Montgomery, AL  36104<br>Office:  (334) 269-2343<br>Telefax:  (334) 954-7555<br>E-Mail:  rhon.jones@beasleyallen.com |
| Elizabeth J. Cabraser<br>LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA  94111-3339<br>Office:  (415) 956-1000<br>Telefax:  (415) 956-1008<br>E-Mail:  ecabraser@lchb.com | Matthew E. Lundy<br>LUNDY, LUNDY, SOILEAU & SOUTH, LLP<br>501 Broad Street<br>Lake Charles, LA  70601<br>Office:  (337) 439-0707<br>Telefax:  (337) 439-1029<br>E-Mail:  mlundy@lundylawllp.com |
| Philip F. Cossich, Jr.<br>COSSICH, SUMICH, PARSIOLA & TAYLOR<br>8397 Highway 23, Suite 100<br>Belle Chasse, LA  70037<br>Office:  (504) 394-9000<br>Telefax:  (504) 394-9110 | Michael C. Palmintier<br>deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGÉ<br>618 Main Street<br>Baton Rouge, LA  70801-1910<br>Office:  (225) 344-3735<br>Telefax:  (225) 344-0522 |

E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-mail: mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: Ervin@colson.com

Joseph F. Rice
MOTLEY RICE, LLC
28 Bridgeside Blvd.
Mount Pleasant SC 29465
Office: (843) 216-9000
Telefax: (843) 216-9450
E-Mail: jrice@motleyrice.com

E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: psterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP, LLC
Maison Grand Caillou
435 Corporate Drive, Suite 101
Houma, LA 70360
Office: (985) 876-7595
Telefax: (985) 876-7594
E-Mail: duke@williamslawgroup.org

**CERTIFICATE OF SERVICE**

       WE HEREBY CERTIFY that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 16th day of December, 2011.

                                                  /s/  James Parkerson Roy and Stephen J. Herman