U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED DEC 13 2011

LORETTA G. WHYTE
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010
Adagio, LLC v. TransOcean, Ltd., et al.,
S.D. Florida, C.A. No. 0:11-61900 ) MDL No. 2179

EDLA
SEC J/1

11-3099

TRANSFER ORDER

**Before the Panel:** Pursuant to Rule 7.1, plaintiff moves to vacate our order conditionally transferring its action to MDL No. 2179. Responding defendants[1] oppose the motion to vacate.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously transferred to MDL No. 2179, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Moreover, transfer is warranted for the reasons set out in our original order directing centralization. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010). This action, in which plaintiff seeks recovery for economic losses allegedly resulting from the oil spill is similar to others previously transferred to this MDL.

In opposing transfer, plaintiff argues, *inter alia*, that its action differs from previously-centralized actions in that it is not alleging its property was physically impacted by oil and related pollutants, but, rather, that its business was impacted by the public's perception and fear of long-term environmental destruction stemming from the oil spill. We are not persuaded by this argument; however, as a number of actions already in the MDL share a similar indirect damages theory.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred

---

[1] BP p.l.c.; BP Exploration & Production Inc.; BP America Inc.; BP Products North America Inc.; Halliburton Energy Services, Inc; M-I L.L.C. (M-I); Transocean Offshore Deepwater Drilling Inc.; Transocean Deepwater Inc.; and Transocean Holdings LLC.

___Fee ___
___Process___
_X_Dktd ___
___CtRmDep___
___Doc. No.___

Case 2:10-md-02179-CJB-DPC   Document 4949   Filed 12/13/11   Page 2 of 2

Case MDL No. 2179   Document 907   Filed 12/13/11   Page 2 of 2

- 2 -

to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul G. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |