**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE |
| ………………………………………………... | : | SHUSHAN |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN
LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE
RELATED TO SETTLEMENTS AMONG THE PARTIES**

Only the PSC and the U.S. oppose BP's motion in limine to preclude the introduction of

evidence related to settlements.  Both make two arguments:  first, that the facts and terms of

settlements should be admissible to show the "bias or prejudice" of witnesses; and second, that

the particulars of settlements may be relevant to calculations of damages and penalties in latter

phases of the trial.  Neither of these arguments justifies an exception to the letter or spirit of the

prohibition in Rule 408 against allowing settlement-related evidence to taint a determination of

liability.

Neither the PSC nor the U.S. has demonstrated that any witness' anticipated testimony

will trigger the "bias or prejudice" exception to Rule 408.  Indeed, neither offers any logical

explanation as to how the fact that an entity has entered into a settlement agreement with BP will

improperly shape the testimony of individuals affiliated with that entity.  Indemnification of a

witness (or his employer) should not be presumed to render the witness' testimony suspect.  If

anything, the opposite inference is warranted.  All else being equal, a reduction in the threat of

potential liability should reduce any monetary or other incentive to shape testimony to avoid

liability.  How exactly are witnesses somehow less likely to tell the truth because these entities have settled most of their claims against BP?  The simple answer is that they are not.[1]

The PSC's example of Anadarko proves the point.  They argue that prior to settlement Anadarko's "primary focus" was to establish that BP acted with gross negligence, but that this "focus" has now shifted to proving that Halliburton or Transocean are liable.  This is pure speculation.  BP and Anadarko have always had a shared interest in showing that BP is not liable, as it would be extremely difficult for Anadarko to be held liable if BP were not liable.  By the same token, Anadarko would have always welcomed a finding that liability lies with Halliburton or Transocean, as protection against a finding against BP and, by extension, Anadarko.  To the extent that Anadarko may have stood (but may no longer stand) to benefit from a finding that BP acted with gross negligence, the settlement has reduced the risk that any testimony may be improperly biased against BP.  This is not a case where a witness has "changed his story" after being "paid off."  Quite the contrary.  Monetary pressures and incentives have been reduced.  Any threat to bias has been reduced, not heightened.

The other argument advanced by the PSC and the U.S. is that the terms of settlements entered into by BP may at some point be relevant to damage or penalty calculations − though both seem to agree that such evidence is not necessary for purposes of Phase I.  Given the admitted irrelevance to liability, and the relatively straightforward nature of the evidence at issue, this hypothetical concern is insufficient to justify making an exception to the general rule. Indeed, to the extent it is necessary for the Court to consider these facts, BP suspects that this can

---

[1] One indication that the concerns cited by the PSC and the US are motivated by something other than a legitimate concern that witnesses will offer biased testimony is that much, if not all, of the "testimony" that the PSC and the U.S. claim they need to show is biased will likely be presented via designations of deposition testimony that pre-dates any relevant settlement.

be done via stipulation and/or judicial notice. No practical purpose is served by taking up the

limited time for witness testimony with questions about post-litigation settlements among parties.

## CONCLUSION

BP respectfully requests that the Court make clear that the prohibitions in PTO 38 apply

with equal force to evidence, questions, or arguments that include the fact of settlement or the

terms of any settlement for purposes of the Phase I trial.

Dated: December 19, 2011                          Respectfully submitted,


                                                  /s / Don K. Haycraft.
                                                  Don K. Haycraft (Bar #14361)
                                                  R. Keith Jarrett (Bar #16984)
                                                  LISKOW & LEWIS
                                                  One Shell Square
                                                  701 Poydras Street, Suite 5000
                                                  New Orleans, Louisiana 70139-5099
                                                  Telephone: (504) 581-7979
                                                  Facsimile: (504) 556-4108

                                                  and

                                                  Richard C. Godfrey, P.C.
                                                  (richard.godfrey@kirkland.com)
                                                  J. Andrew Langan, P.C.
                                                  (andrew.langan@kirkland.com)
                                                  Timothy A. Duffy, P.C.
                                                  (tim.duffy@kirkland.com)
                                                  Kirkland & Ellis LLP
                                                  300 North LaSalle Street
                                                  Chicago, IL 60654
                                                  Telephone: (312) 862-2000
                                                  Facsimile: (312) 862-2200

                                                  and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration &*
*Production Inc. & BP America Production*
*Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of December, 2011.

/s/  Don K. Haycraft__