UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf Of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This document applies to: *All Cases* | JUDGE BARBIER |
| | MAGISTRATE SHUSHAN |

**TRANSOCEAN'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE BP'S INTERNAL INVESTIGATION REPORT (BLY REPORT) AND OTHER NON-GOVERNMENTAL REPORTS**

The Bly Report is, at best, one party's preferred presentation of disputed facts (in a second- or third-hand retelling), together with opinion testimony offered without regard to the requirements of Fed. R. Evid. 701, 702, 703 or 705. BP argues that the Bly Report is admissible as a "business record" because BP had an internal procedure requiring such reports, and that the Report is sufficiently unrelated to the threat of litigation to fall outside the holding of *Palmer v. Hoffman*, 318 U.S. 109 (1943). But BP issued the Bly Report after litigation had begun, and admission of the Bly Report as evidence *in litigation* is exactly what BP seeks, notwithstanding that whatever facts could be gleaned from the Report are otherwise available to the Court from more direct sources and unadulterated by any party's analysis or opinion.[1]

The Bly Report is quintessentially inadmissible, as is readily apparent from comparison of this case with those upon which BP relies for its argument that "post-incident reports are

---

[1] As BP acknowledges (BP Br. [Dkt. No. 4869] at 1 n.1), other non-governmental reports of the incident are also inadmissible; these reports do not even purport to be the results of regularly-conducted business activity (except, perhaps, the business activity of offering analysis and opinions, in which case the reports cannot be admitted because of their failure to meet the requirements for opinion and expert testimony).

routinely admitted under Rule 803(6)." (BP Br. [Dkt. 4869] at 2.) In all but one of the cases cited by BP in this argument, the alleged "business record" was maintained by a third party (not one of the defendants) or the party that maintained the alleged "business record" *opposed* its admission into evidence. *See West v. Drury Co.*, 2009 WL 1532491 (N. D. Miss. June 2, 2009) (defendant sought to introduce incident reports prepared by two non-parties to the litigation); *Matthews v. Remington Arms Co.*, 2009 WL 1220541 (W.D. La. May 4, 2009) (defendant in products liability action arising out of a shooting accident sought to exclude its own incident reports regarding alleged explosions of the rifle model at issue); *Dawson Farms, LLC v. BASF Corp.*, 2008 WL 4600934 (W.D. La. Oct. 15, 2008) (defendant in action alleging damage to crops from herbicide sought to exclude other farmers' complaints about the herbicide); *DiStefano v. Otis Elevator Co.*, 1997 WL 572895 (E.D. La. Sept. 15, 1997) (defendant elevator company sought to exclude reports of prior incidents relating to the elevator at issue); *see also Montes v. Phelps Dodge Indus., Inc.*, 481 F. Supp. 2d 700, 709 (W.D. Tex. 2006) (cited at page 4-5 of BP's brief) (defendant's alleged business record was sufficiently trustworthy for admission under 803(6); "there is no better proof of that [trustworthiness] than the fact that Plaintiff himself relied upon the record in his Response to Defendant's Motion").

       The lone exception is *Brauninger v. Motes*, 260 F. App'x 634 (5th Cir. 2007) (cited at page 2 and discussed at note 2 of BP's brief). In that Title VII action challenging the employer's investigation of sexual harassment complaints, the court admitted under 803(6) only the statements of the investigating employees themselves – that is, written statements establishing that an investigation was conducted. *Id.* at 637. The **substance** of the investigation – the second-hand account of what allegedly was said and done – was admitted as non-hearsay only to show "what was said to [the investigators], and thus what [the investigators] relied on in making the

decision to fire Brauninger." *Id*. The *Brauninger* court did not allow hearsay statements recorded in an "internal report" to substitute for direct evidence in the case.

None of the cases cited in opposition to Transocean's motion provides any support for admission of the Bly Report in these proceedings. On the contrary, and as discussed in Transocean's opening brief, the Bly Report falls squarely within the rule established by *Palmer v. Hoffman*, 318 U.S. 109 (1943) that litigation-minded post-incident reports are not admissible as business records whether or not the party that prepared the report had an internal procedure requiring that such reports be prepared. *See also Dreyfus Ashby, Inc. v. S/S "Rouen,"* 1989 WL 151685, at *3 (S.D.N.Y. Dec. 12, 1989) ("even assuming without deciding that Dunston's statement was taken pursuant to Maher's ordinary and regular practice following any mishap, this case comes within the rationale of *Palmer v. Hoffman*").

BP fails altogether to address the additional problem that much of the Report apparently is based on second- or third-hand accounts (the full extent of the problem is not easily ascertained because the Report is not sufficiently specific in its citations). (*See* BP Br. at 5 ("[s]etting aside" the issue of double hearsay).) The Report falls far short of the "with knowledge" requirement of Fed. R. Evid. 803(6)(A), and BP offers no response to the indisputable point that "[b]oth levels of hearsay must conform to a hearsay exception to be admissible," *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1311 (5th Cir. 1991).

There is no reason to allow BP to offer as evidence its own account of disputed facts and opinion testimony unconstrained by the relevant rules of evidence. Accordingly, and as discussed more fully in Transocean's opening brief, Transocean respectfully requests that the Bly Report and testimony based on the Bly Report, as well as any other non-governmental

reports on the Macondo incident, be excluded, subject to application of Fed. R. Evid. 801(d)(2), from the record in this action.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
kent.sullivan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2011, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller