**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig         **MDL NO. 2179**
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010       **SECTION J**

Applies to: *All Cases*              **JUDGE BARBIER**
                       **MAGISTRATE JUDGE SHUSHAN**

<u>**ORDER**</u>

**[Working Group[1] Conference on Friday, December 16, 2011]**

**NOTES TO CELL PHONE PARTICIPANTS:**  Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else.  If you cannot participate for part of the conference, put your phone on mute.  Likewise for those who type during the conference.

1.      <u>**DNV Request**</u>.

      With the consent of the parties, an order regarding release of the depositions of DNV employees Thompson and Kenney (Red. doc. 4938) was entered.

2.      <u>**BOP and Capping Stack**</u>.

      Captain Englebert reports that between January 16 and February 3, 2012 work will be done on the examination of the capping stack.  **The parties that will attend must submit names, driver's license and citizen information to Captain Engelbert by no later than January 6, 2012 via email at sueenglebert@sseeservices.com.**

      Captain Englebert submitted an invoice for November 2011, dated December 12, 2011.  BP proposed an allocation among it, the U.S. and Cameron.  The parties are to report any objection. If there is no objection, they are to pay their allocated share as promptly as possible.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States.  (Rec. Doc. 1099).

3.      **Discovery from the U.S.**

The U.S. and BP reported on the status of the production by the U.S.

The U.S. reported that it will file its proposed order to permit BP and the U.S. to dispose of duplicate and trash documents generated by the IDP as an unopposed motion.

By **Wednesday, December 21**, the U.S. will file its opposition to BP's motion to compel documents located on the BOEMRE Zantaz server (Rec. doc. 4926).  BP will file its reply on **Friday, December 23**.

Transocean seeks production of emails concerning Lt. Cmdr. Houck.  The U.S. reports that the USCG has additional documents relating to fire rescue.  After the DOJ receives the documents, it will produce them and reschedule Houck's deposition.

4.      **Alabama Discovery**.

There was no report of any issue with Alabama's Phase Two document production or its privilege logs.

5.      **Louisiana Document Production**.

Louisiana and BP continue to work to resolve their Phase One and Two document production issues.  A further conference with counsel for Louisiana and BP is set for **December 27.**

6.      **Phase One Deposition Designations**.

The parties did not report any issue with the deposition designations.

7.      **Phase One Exhibits**.

MOEX reported that the issue of Japanese translations exists only with respect to Mr. Ishii. It agreed with the U.S. that it will object to what it believes are inaccuracies in the deposition translation at the time it objects to exhibits.

2

The PSC reports that it anticipates that it will be resolve all authenticity issues with original documents with Worldwide.

The authenticity issues between the PSC and BP with the 9 counsel-created exhibits are deferred. Any unresolved issues will be brought to the Court's attention by **December 30.**

**December 22** is the deadline for providing missing Bates numbers for documents and for the production of documents which have not been produced. Transocean raised an issue as to the deadline for objections to the exhibits which will be identified by December 22. The schedule (revised as of December 14 and attached to Rec. doc. 4901) provides that: (a) **January 13, 2012** is the deadline for parties to exchange final exhibit lists, including all impeachment exhibits, and witness lists; and (b) **January 20, 2012** is the deadline for all remaining objections to exhibits.

The U.S. raised an issue concerning the identification of impeachment exhibits in relation to the witness list. The PSC responded with its understanding of the purpose of the impeachment exhibit provision. The Court replied that it would review the provisions in the schedule.

Judge Barbier's form pre-trial notice on the preparation of a pre-trial order contains the following:

> If a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he may *ex parte* request a conference with the Court and make his position known to the Court *in camera*.

Such a procedure shall not be employed in any phase of the limitation trial. All impeachment exhibits must be included on the final exhibit list on January 13, 2012. The schedule (revised as of December 14) provides that "[e]xcept for good cause shown, the parties will not be permitted to add exhibits . . . after . . . January 13, 2012." It is deemed that good cause is present to modify the exhibit list by January 20, 2012 to add exhibits for use in the cross-examination of a witness who

3

is identified on January 13, 2012 and who has not been deposed.

The documents in the DNV KPMG database are not Bates numbered.  BP reported that the non-Bates numbered DNV KPMG database will be used for the trial.

The parties are encouraged to use the exhibit numbers from the preliminary exhibit lists in the remaining expert depositions.

There was discussion about books and other publicly available information.  The PSC and BP shall continue to confer on the best solution to this issue so that the pertinent information can be displayed in the courtroom.  This will be on the January 6 agenda.

**8.    Motions _in Limine_.**

The parties did not raise any issue on the motions _in limine_.

The PSC's motion _in limine_ to exclude BP testimony and argument regarding BOP regulatory compliance or temporary abandonment plan has been briefed (Rec. docs. 4484, 4850 and 4940) and will be submitted to Judge Barbier.

The status of the thirteen categories of motions _in limine_ in the amended schedule (Rec. doc. 4572) is:

**No. 1.** (email strings).  Submitted.

**No. 2.** (MBI report and testimony).  Submitted.

**No. 3**. (other government reports).  Submitted.

**No. 4.**  (BP and others to respond to PSC letter alleged Daubert/702 issues).  Submitted.

**No. 5.** (other miscellaneous issues arising from PSC list of 300).  Submitted.

**No. 6.** (prior alleged improper conduct unrelated to incident).  Submitted.

**No. 7.** (prior adverse criminal, civil or regulatory proceeding unrelated to incident).

Submitted.

**No. 8**. (Cameron and Transocean motions to exclude non-governmental reports).  Submitted.

**No. 9.**  (Halliburton's request for exclusion of subsequent remedial measures).  Submitted.

**No. 10**.  (BP's motion to exclude introduction of evidence related to settlements among the parties).  Submitted.

**No. 11.**  (preclude inappropriate evidence arising from deposition designations or anticipated testimony).

**No. 12.** (preclude clawback evidence).

**No. 13**.  (other appropriate motions).

**Nos. 11 through 13** are to be filed by **January 9.**  Oppositions are due on **January 16**, and replies are due on **January 23**.

9.   **Phase One Experts**.

A.   <u>Jim Friedheim</u>.

The deposition of M-I's in-house expert, Jim Friedheim, will be reset for January 5-6 at the request of M-I.

B.   <u>Weatherford Schedule Changes</u>.

The request by Weatherford for changes in the schedule for G. McCormack, D. Calvert, M. Woolie and B. Lirette was granted.  If McCormack's deposition is completed on December 16, Calvert's deposition will begin at 8:30 a.m. on December 19 and it will go for a full day (450 minutes).  Lirette's deposition will begin on December 22 at 8:30 a.m. and go for a full day (450 minutes) without regard to when Woolie's deposition is completed.

C.    Richard Strickland.

Halliburton's request for leave to provide a revised rebuttal report to correct flow rate calculations is granted.

D.    Submission of Reports to Judge Barbier.

By **January 17, 2012**, the deadline for Daubert motions, each party shall submit a binder with hard copies of the reports and the only substantive exhibits for each of their experts. Reliance exhibits, *curriculum vitae*, publications and other non-substantive exhibits shall be submitted electronically. The parties may provide a CD containing the non-substantive material.

**10.    Phase One Witnesses Who Will Testify Live at Trial**

BP contends Ellis Armstrong is not an officer. If the PSC and BP cannot resolve the issue, they will submit letters on the issue before the January 6, 2012 conference.

**11.    Phase One Stipulations.**

By **December 31, 2011,** all parties, except for the PSC and Weatherford, shall report to BP as to whether they can agree to the proposed stipulations and propose any new stipulations. BP shall try to incorporate these responses by January 6. If it is able to do this before January 6 and circulate it to all parties, the PSC shall attempt to respond to what BP and the other parties have been able to agree on.

**12.    B3 Stipulations.**

The U.S. and the Responder Defendants reported on the B3 stipulations. Because of the delay in completing the B3 stipulations, the Responder Defendants report that it may be necessary to amend deadlines in the scheduling order for limited B3 discovery. The Responder Defendants shall report on this at the January 6 conference.

6

13. **Phase Two Stipulations**.

The Court thanked the U.S. and BP for their work on the Phase Two stipulations.  The U.S. distributed CDs which permit the parties to access the source materials for the stipulations.  The PSC reported that it may have an issue where a stipulation is conclusory in nature rather than statements of fact.  The PSC shall respond by January 9, 2012.  Transocean will respond by January 9.

14. **BP's motions concerning Halliburton.**

Halliburton filed its opposition (Rec. doc. 4951) to BP's motion to compel (Rec. doc. 4824). BP shall reply on December 23.  Halliburton responded to BP's motion for spoliation sanctions (Rec. doc. 4799).  BP shall reply on December 28.

15. **Woods Hole Oceanographic Rule 30(b)(6)**.

The PSC's objection to BP's Rule 30(b)(6) topic to Woods Hole is overruled.

16. **Rule 30(b)(6) re "look back."**

There was discussion concerning the PSC's request in Phase Two discovery for a topic regarding prior attempts to "cap, control, contain, shut in, limit flow from, and/or kill an uncontrolled flowing subsea Gulf of Mexico well. . . ."  The PSC reported that it may be willing to modify the request to exclude Halliburton and MOEX.  It will also attempt to modify the language to satisfy BP's concerns.  Prior to the January 6 conference, the PSC and BP shall report on whether they can agree on the scope of the topic and if not, what disagreement remains.

17. **Trial Planning**.

A. Pre-trial Statement.

**On January 25, 2012,** each party shall submit a **pre-trial statement.**  It shall be doubled spaced and it shall be no longer than 10 pages.  The statement shall contain any matter the party

deems pertinent for Judge Barbier's consideration before the trial.  It may contain summaries of material facts or lists of contested facts or issues of law.  The parties shall not submit a formal pre-trial order.

B. <u>Final Witness List</u>.

There was discussion about the final witness list.  Judge Barbier's form pre-trial notice contains the following requirement:

> A list of witnesses for all parties, including the names, addresses and statement of the general subject matter of their testimony (it is not sufficient to designate the witness simply "fact," "medical" or "expert"), and an indiction in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

The final witness lists due on January 13, 2012 need not include subject matter descriptions if the witness has been deposed either as a fact witness or as an expert witness.[2]  If a deposition bundle has been submitted to Judge Barbier for a witness, the witness shall be identified by reference to:

a.  The number on the PSC's prioritized witness deposition cut list ("PPL").  For example, if W. Winters of BP is listed as a witness there will be reference to (PPL #89); or

b.  The number on the amended order (Rec. doc. 4841) for the defendants' prioritized witness list ("DPL").  For example if Kris Ravi is listed as a witness there will be a reference to (DPL #16).

This will assist Judge Barbier's ready access to the deposition summaries for given witnesses.

If the witness has been deposed as an expert witness during Weeks One through Six or in

_____

[2]  If the witness has not previously been deposed his address and a description of the projected testimony will be provided.

January 2012, the witness shall be identified as an expert with the date of the expert's deposition provided.

Finally, the parties shall indicate in good faith those witnesses who will be called in the absence of reasonable notice to opposing counsel to the contrary.

C. Courtroom Connect.

The parties report that Courtroom Connect has communicated with them.

D. Office Space.

The contact with GSA is Ken Livingston - (504) 589-6094, x-109; kenneth.livingston@gsa.gov.

**18.    Conference Schedule.**

| Friday, December 23, 2011 | No conference set. |
| Friday, December 30, 2011 | No conference set. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 20th day of December, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**

9