IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| *All cases* | * * | Magistrate Judge Shushan |

**BP'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
REJECTING HALLIBURTON ENERGY SERVICES, INC.'S CLAIMS FOR
INDEMNIFICATION FOR PUNITIVE DAMAGES, FINES, AND PENALTIES**

Pursuant to Federal Rule of Civil Procedure 56, BP p.l.c., BP Exploration & Production Inc. ("BPXP"), and BP America Production Company (collectively, "BP") move for partial summary judgment on Count I (Breach of Contract) and Count II (Declaratory Relief) of Halliburton Energy Services, Inc.'s ("HESI") Original Petition filed in Case No. 2:11-cv-01986-CJB-SS.  Specifically, BP seeks a judgment that neither BPXP nor any other BP entity has any contractual obligation to indemnify HESI for fines, penalties, or punitive damages.

As explained in BP's Memorandum in Opposition to Halliburton Energy Services, Inc.'s Motion for Summary Judgment and in Support of BP's Cross-Motion for Partial Summary Judgment Regarding Indemnity Issues ("BP Memorandum" or "BP Mem."), the plain terms of the Well Services Contract between BPXP and HESI do not create an indemnity obligation that extends to the extraordinary obligation to indemnify HESI for punitive damages, fines, or penalties.  *See* BP Mem. §§ IV.A-B.  A court may determine the meaning of an unambiguous contract as a matter of law on summary judgment.  *See, e.g.*, *Constitution State Ins. Co. v. Iso-Tex Inc.*, 61 F.3d 405, 407, 409-10 (5th Cir. 1995).  Here, the Court can and should determine on the basis of the clear and unambiguous terms of the contract that BP is entitled to summary

judgment foreclosing HESI's claims with respect to indemnity for fines, penalties, or punitive damages.

In addition, even putting the terms of the Well Services Contract to one side, federal law, maritime law, and public policy prohibit contractual indemnification both for punitive damages and statutory fines or penalties. Indeed, this Court has held that under maritime law indemnification of punitive damages is against public policy. "No clearer example of a situation which would subvert the purposes of awarding punitive damages can be imagined than to permit such indemnification." *Daughdrill v. Ocean Drilling & Exploration Co. (ODECO)*, 665 F. Supp. 477, 481-82 (E.D. La. 1987); *see also Rollins v. Peterson Builders, Inc.*, 761 F. Supp. 918, 929 (D.R.I. 1990). *See* BP Mem. § IV.A.

Similar policies prohibit a contractual agreement to indemnify another for fines or penalties. In the context of numerous federal statutory schemes imposing fines or penalties for statutory violations, courts have held that private contracts purporting to provide indemnities that shift financial responsibility for the fines or penalties are void as contrary to public policy. The same rationale applies to fines and penalties under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331 *et seq.* ("OCSLA"), which may be imposed on HESI. Indemnification for these penalties is contrary to public policy because the penalties are primarily designed to punish and deter rather than to serve a remedial purpose. *See* BP Mem. § IV.B.

For these reasons and those set forth in BP's Memorandum, BP respectfully requests that the Court enter partial summary judgment holding that neither BPXP nor any other BP entity is required to indemnify Halliburton for (1) punitive damages, or (2) any fines and penalties, including those under OCSLA.

Date:  December 21, 2011				Respectfully submitted,


						/s/ Don K. Haycraft
						Don K. Haycraft (Bar #14361)
						R. Keith Jarrett (Bar #16984)
						Liskow & Lewis
						701 Poydras Street, Suite 5000
						New Orleans, Louisiana 70139-5099
						Telephone: (504) 581-7979
						Facsimile: (504) 556-4108

						and

						Richard C. Godfrey, P.C.
						J. Andrew Langan, P.C.
						R. Chris Heck
						Kirkland & Ellis LLP
						300 North LaSalle Street
						Chicago, IL 60654
						Telephone: (312) 862-2000
						Facsimile: (312) 862-2200

						Patrick F. Philbin
						Kirkland & Ellis LLP
						655 Fifteenth Street N.W.
						Washington, DC  20005
						Telephone: (202) 879-5000
						Facsimile: (202) 879-5200

						Robert C. "Mike" Brock
						Covington & Burling LLP
						1201 Pennsylvania Avenue, NW
						Washington, DC 20004-2401
						Telephone: (202) 662-5985

						*Attorneys for BP p.l.c., BP Exploration &*
						*Production Inc., and BP America Production*
						*Company*

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of December, 2011.

                /s/ Don K. Haycraft
                Don K. Haycraft