IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| *All Cases* | * * | Magistrate Judge Shushan |

**PROPOSED ORDER DENYING HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT AND GRANTING BP'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING INDEMNITY ISSUES**

The Court has considered Halliburton Energy Services, Inc.'s Motion For Summary Judgment Regarding Indemnity Issues; BP's Opposition to that Motion; BP's Cross-Motion For Partial Summary Judgment Rejecting Halliburton Energy Services, Inc.'s Claims For Indemnification For Punitive Damages, Fines, And Penalties; and all responses and replies to that Motion and Cross-Motion.

The Court ORDERS that Halliburton Energy Services Inc.'s ("HESI") Motion for Summary Judgment is DENIED, and that BP's Cross-Motion for Partial Summary Judgment is GRANTED.  The Court determines that with respect to BP's Cross-Motion for Partial Summary Judgment there are no genuine disputes as to any material fact and that BP is entitled to judgment as a matter of law that neither BP Exploration & Production Inc. ("BPXP") nor any other BP entity is required to indemnify HESI for punitive damages, fines, or penalties.

In support of this Order, the Court makes the following rulings:

1. Under the plain language of the Well Services Contract, neither BPXP nor any other BP entity is obligated to indemnify HESI if HESI committed fraud by, for example, making fraudulent statements or fraudulently concealing material information.

2. Maritime law prohibits indemnification for fraud, and therefore, regardless of the language of the Well Services Contract, HESI cannot be indemnified if HESI committed fraud by, for example, making fraudulent statements or fraudulently concealing material information.

3. Maritime law prohibits indemnification for gross negligence and therefore, HESI cannot be indemnified if HESI was grossly negligent.

4. If any act on the part of HESI materially increased the risk, or prejudiced the rights, of BPXP, then any obligation of BPXP or any other BP entity to indemnify HESI is discharged under the Well Services Contract.

5. If HESI breached a provision of the Well Services Contract that is material to BPXP's indemnification obligations under the Well Services Contract, then any obligation of BPXP or any other BP entity to indemnify HESI is discharged under the Well Services Contract.

6. Under the plain language of the Well Services Contract, neither BPXP nor any other BP entity is obligated to indemnify HESI for punitive damages.

7. Under the plain language of the Well Services Contract, neither BPXP nor any other BP entity is obligated to indemnify HESI for fines or penalties.

8. Maritime law prohibits indemnification for punitive damages, and therefore, regardless of the language of the Well Services Contract, HESI cannot be indemnified for punitive damages.

9. Federal law prohibits indemnification for fines and penalties, and therefore, regardless of the language of the Well Services Contract, HESI cannot be indemnified for fines and penalties.

10. Under maritime law, an indemnitor's duty to defend is co-extensive with its duty to indemnify. Unless the parties expressly agree to a broader duty to defend, the duty to defend

simply requires the indemnitor to pay for an indemnitee's litigation costs when and if the indemnitor is ultimately found to have a duty to indemnify.  Under the Well Services Contract, the duty to defend is co-extensive with the duty to indemnify and therefore neither BPXP nor any other BP entity has a duty to pay HESI's defense costs at this time.

IT IS SO ORDERED

New Orleans, Louisiana, this _____ day of _____, 2011.

_____
CARL J. BARBIER