# EXHIBIT G

**In Support of**

**Defendant Dril-Quip's Memorandum of Law in Support of Dril-Quip's Motion for Summary Judgment Against All Claims**

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
 2

 3    IN RE:  OIL SPILL        )    MDL NO. 2179
      by the OIL RIG,          )
 4    DEEPWATER HORIZON in     )    SECTION "J"
      the GULF OF MEXICO,      )
 5    April 20, 2010           )    JUDGE BARBIER
                               )
 6                             )    MAG. JUDGE
                               )    SHUSHAN
 7
```



```
                  * * * * * * * * * * * * * *
                          VOLUME 2
                  * * * * * * * * * * * * * *
```

             Deposition of **MARTIN BREAZEALE**,
taken at Pan-American Building, 601 Poydras
Street, 11th Floor, New Orleans, Louisiana,
70130, on the 17th of May, 2011.

                    **GAUDET KAISER, L.L.C.**
                   Board-Certified Court Reporters

```
 1                   Objection to form.
 2        A.    These other wells?
 3        Q.    Yes, sir.
 4        A.    I know they existed, but I
 5   don't -- I don't -- I did not work on any
 6   of these particular wells.
 7        Q.    Were you aware of the difference
 8   between these wells and the Macondo in
 9   terms of the drilling window as referred to
10   here?
11              MR. KEEGAN:
12                   Objection to form.
13        A.    No, sir.  Because this -- the
14   Macondo well was referred to internally
15   with BP or in the industry as the tight
16   hole, and a lot of information didn't go
17   out on it.  It was on a need-to-know basis,
18   and I was not an --  one of those that
19   needed to know, so I wouldn't have been
20   involved in those conversations.
21        Q.    What's your understanding of the
22   reasons for that policy, that -- that
23   information about a well like Macondo would
24   be published on a need-to-know basis?
25        A.    Protection of proprietary
```

1   information.
2        Q.   Can you be more specific about
3   what you mean?
4        A.   Geological information that BP
5   wants kept internal, that they don't want
6   to publicize.
7        Q.   And why would it be more
8   appropriate to publicize for other wells
9   but not this one because of that?
10            MR. KEEGAN:
11                 Objection to form.
12       Q.   I'm not sure I understand the --
13  the difference.
14       A.   The majority of exploration
15  wells are tight holes because they're
16  exploration.  Nobody really knows what's
17  there until you drill the well.  And they
18  don't want that information on the street.
19  They'd prefer to keep that in-house until
20  it's fully evaluated and they've determined
21  whether it's economically feasible to
22  produce or not.
23       Q.   Mr. Bellow goes on in this
24  e-mail in reference to the kick event, to
25  call this a huge learning opportunity.

```
 1                REPORTER'S CERTIFICATE
 2
 3              I, THU BUI, CCR, RPR, Certified
 4    Court Reporter, State of Louisiana, State
 5    of Texas, do hereby certify that the
 6    above-mentioned witness, after having been
 7    first duly sworn by me to testify to the
 8    truth, did testify as hereinabove set
 9    forth;
10              That the testimony was reported
11    by me in shorthand and transcribed under my
12    personal direction and supervision, and is
13    a true and correct transcript, to the best
14    of my ability and understanding;
15              That I am not of counsel, not
16    related to counsel or the parties hereto,
17    and not in any way interested in the
18    outcome of this matter.
19
20
21                    _____
                      THU BUI, CCR, RPR
22                    Certified Court Reporter
                      State of Louisiana
23                    State of Texas
24
25
```