# EXHIBIT PP

**In Support of**

**Defendant Dril-Quip's Memorandum of Law in Support of Dril-Quip's Motion for Summary Judgment Against All Claims**

```
 1              UNITED STATES  DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
 2
 3  IN RE:  OIL SPILL          )    MDL NO. 2179
    BY THE OIL RIG             )
 4  "DEEPWATER HORIZON" IN     )    SECTION "J"
    THE GULF OF MEXICO, ON     )
 5  APRIL 20, 2010             )    JUDGE BARBIER
                               )    MAG. JUDGE SHUSHAN
 6
 7
 8
 9
10
11
12
13
14
15
16
17                  *****************
                         VOLUME 2
18                  *****************
19
20
21       Deposition of Paul Tooms, Individually and as
    a Corporate Representative, taken at Kirkland & Ellis
22  International, 30 St. Mary Axe, 22nd Floor, London EC3A
    8AF, England, United Kingdom, on the 17th of June,
23  2011.
24
25
```

**PURSUANT TO CONFIDENTIALITY ORDER**

1     A.   I do.

2     Q.   Mr. Thierens testified that those discussions
3  were on the order of "What if" discussions.  Would you
4  agree with that characterization?

5     A.   They were -- they were more a -- it was
6  certainly considered as a possibility, rather than a --
7  a certainty, so it was a -- they could have -- it could
8  have lifted.

9     Q.   Were those discussions about a possibility
10 discussions that occurred before actual evidence was
11 obtained about what was going on inside the wellhead?

12    A.   Yes.

13    Q.   Did you later form an opinion as to whether or
14 not the hanger lifted?

15    A.   Yes, I did.

16    Q.   And what is that opinion?

17    A.   My opinion was I couldn't -- I couldn't
18 understand the -- the logic that -- that suggested that
19 the hanger might have lifted in the first place.

20         And then my opinion after that was when we did
21 the well kill, that that showed that the hanger almost
22 certainly hadn't lifted because of the -- the -- the
23 calculations of volumes and pressures, as we pumped in
24 the heavy mud into the well.

25    Q.   And do you believe that that opinion that the

**PURSUANT TO CONFIDENTIALITY ORDER**

1  hanger did not lift is based upon a reasonable degree
2  of Engineering certainty?
3              MR. GODWIN:  Object to form.
4    A.   Yes.  We -- we had models for what the -- the
5  mud volume and -- and pressure decrease curve would
6  have looked like, if the mud was being displaced into
7  the casing, or if it was being displaced into the
8  annulus or, indeed, if it was being displaced into
9  both, and it was clearly in the -- in the region of
10 just the casing.
11   Q.   You were also asked questions about whether
12 you had heard of anyone seeing inside the wellhead,
13 using an ROV.  Do you recall that, questions a few
14 minutes ago?
15   A.   Whether I had seen the -- whether somebody had
16 seen the -- whether -- whether I had a conversation
17 with someone who had seen the hanger lift?
18   Q.   Right.  Correct.  My question to you is:  Are
19 you familiar enough with the wellhead system to know
20 that it is physically impossible to see through the
21 steel cylinder of the wellhead to the interior where
22 the hanger is, using an ROV?
23              MR. GODWIN:  Object to form.
24   A.   Yes, I got quite familiar with the -- what we
25 had to do to see through the -- the wellhead or the

```
 1                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
 2
 3   IN RE:  OIL SPILL           )     MDL NO. 2179
     by the OIL RIG,             )
 4   DEEPWATER HORIZON IN        )     SECTION "J"
     the GULF OF MEXICO,         )
 5   April 20, 2010              )     JUDGE BARBIER
                                 )
 6                               )     MAG. JUDGE
                                 )     SHUSHAN
 7
 8              REPORTER'S CERTIFICATION
         TO THE ORAL AND VIDEOTAPED DEPOSITION OF
 9                     PAUL TOOMS,
       INDIVIDUALLY AND AS A CORPORATE REPRESENTATIVE
10                    JUNE 17, 2011
                        VOLUME 2
11
12      I, Emanuel A. Fontana, Jr., Certified Shorthand
     Reporter in and for the State of Texas, hereby certify
13   to the following:
14      That the witness, PAUL TOOMS, was duly sworn by
     the officer and that the transcript of the oral
15   deposition is a true record of the testimony given by
     the witness;
16
        That the deposition transcript was submitted on
17             , 2011, to the witness or to
     Attorney                              , for the witness to
18   examine, sign, and return to Worldwide Court Reporters,
     Inc., by                         , 2011.
19
        That the amount of time used by each party at the
20   deposition is as follows:
21       Mr. Cernich - 1 Hour, 53 Minutes
         Ms. Hertz - 57 Minutes
22       Mr. Roberts - 1 Hour, 3 Minutes
         Mr. Godwin - 1 Hour, 16 Minutes
23       Mr. Barrow - 5 Minutes
         Mr. Bruno - 15 Minutes
24
25
```

**PURSUANT TO CONFIDENTIALITY ORDER**

1   I further certify that I am neither counsel for, related to, nor employed by any of the parties in the
2   action in which this proceeding was taken, and further that I am not financially or otherwise
3   interested in the outcome of the action.
4   SUBSCRIBED AND SWORN to by me on this 17th day of June, 2011.
5
6
7                        _____
                         Emanuel A. Fontana, Jr., RPR
8                        Texas CSR No. 1232
                         Expiration Date: 12/31/12
9                        Worldwide Court Reporters
                         Firm Registration No. 223
10                       3000 Weslayan, Suite 235
                         Houston, Texas   77027
11                       (713) 572-2000
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**PURSUANT TO CONFIDENTIALITY ORDER**