# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELOUISE PEPION COBELL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:96CV01285 (RCL) |
| ) | |
| GALE NORTON, Secretary of the ) | |
| Interior, et al. ) | FILED |
| ) | |
| Defendants. ) | JAN 1 7 2003 |
| _____) | CLERK, U.S. DISTRICT COURT |
| | DISTRICT OF COLUMBIA |

## OPINION

This matter comes before the Special Master on Interior Defendants' Motion and Memorandum Regarding Proposal to (1) Restore and Search Retained Backup Tapes Containing E-mail; (2) Implement Real-time Capture of E-mail Traffic and Incorporation of E-mail into a Searchable Archive; and (3) Replace Indefinite Retention of Backup Tapes Containing E-mail with Backup of Searchable E-mail Archive, ("Motion to Restore and Capture E-mails"), Plaintiffs' opposition and Defendants' reply thereto. For the reasons stated below, Interior's Motion to Restore and Capture E-mails is GRANTED.

BACKGROUND

On June 11, 1998, plaintiffs requested "all documents prepared or signed by past or present attorneys in the Solicitor's Office and relating to the administration of the IIM Trust which express legal advice, conclusions, opinions, assessments, instructions or directions. . . ." Third Request for Production of Documents ("Third Request") at ¶¶ 2, 3, and 5. Defendants responded on July 2, 1998 by filing a Motion for Protective Order in which they argued that the requested documents should be shielded from disclosure pursuant to the attorney-client and

1733

deliberative process privileges as well as the work product doctrine. See Motion for Protective Order at 1-2. On November 9, 1998 the Court denied defendants' Motion without opinion.

On November 20, 1998, Interior filed its Motion for Reconsideration asking the Special Master to revisit that portion of the Court's order implicating the production of e-mail messages retrieved from backup tapes. Citing the unduly burdensome nature of searching the backup tapes for electronic mail messages, Interior maintained that production of paper printouts of the electronic messages rendered "unreasonable and duplicative" the need to search the backup tapes. Motion for Reconsideration at 4.

The Special Master disagreed and, on May 11, 1999, ordered defendants to produce those e-mail documents responsive to Plaintiffs' Third Request forthwith. Special Master Opinion and Order at 5 (May 11, 1999).[1] More than one year later, on August 2, 2000, defendants sought "clarification" of the May 11 opinion, questioning: (1) whether the Special Master Order required defendants to search only the cache of 206 backup tapes retained by the agency for use in a separate independent investigation or whether it imposed a broader, ongoing obligation that includes all tapes – even those produced at Department of Interior Regional and Area Offices; (2) whether the Special Master Order should be revisited in light of the Court's December 21, 1999 ruling; and (3) whether the burden of searching backup tapes was unreasonable in light of the procedural posture of the case and in light of defendants' policy of maintaining the identical e-mail information in hard copy. Special Master Opinion at 2 (July 27, 2001). The Special Master,

---

[1] By separate opinion issued the same date, the Special Master granted plaintiffs' motion to compel production of certain documents after finding that they were not protected by either the attorney-client or deliberative-process privilege. See Cobell v. Babbitt, Opinion and Order at 7-18 (May 11, 1999).

on July 27, 2001, held that defendants were obligated to retain and search all e-mail backup tapes generated by the Office of the Solicitor and that this obligation was neither mitigated by the underlying litigation posture or by Interior's policy of generating paper copies of its electronic transmissions. See generally Special Master Opinion (July 27, 2001).

INTERIOR'S E-MAIL PROPOSAL

In response to the July 27, 2001 Opinion, Interior filed the instant motion in which it proposes: (1) to conduct a physical inventory of backup tapes in the possession of the Office of the Solicitor, Bureau of Indian Affairs, Office of the Special Trustee, Office of the Secretary, Office of Historical Trust Accounting, Office of Policy, Management and Budget, Office of the Assistant Secretary for Indian Affairs, Minerals Management Service, Bureau of Land Management and Office of Hearings and Appeals – collectively referred to as the "Designated Offices" (Motion to Restore and Capture E-mails at 4-5); (2) to restore e-mails from those tapes, reduce multiple occurrences of an identical e-mail to a single unique document ("de-dupe"), upload all unique e-mails to a searchable storage medium and then search those transmissions (Motion to Restore and Capture E-mails at 9); and (3) to capture all e-mail traffic generated and received by the Designated Offices and route those transmissions to an off-site searchable e-mail archive. Motion to Restore and Capture E-mails at 10. ("E-Mail Proposal").

Phase I of Interior's endeavor has already been completed by Ernst & Young who determined that the Designated Offices housed a total of 7,088 e-mail backup tapes generated between May 1, 1999 and November 30, 2001. To implement the remaining two phases, Interior proposes to retain the services of ZANTAZ Inc. ("ZANTAZ") – "the largest outsourced service provider that delivers secure storage, archiving and instantaneous retrieval solutions for

electronic messages and all related attachments." Motion to Restore and Capture E-mails, Ex. 1 (DEF0043318). Given the estimated $5 million cost of this effort (February 20, 2002 Letter from United States Department of Justice Attorney Peter B. Miller to Special Master Alan L. Balaran and Plaintiffs' counsel Dennis M. Gingold at 2), Interior, before entering into a final contract with ZANTAZ, seeks advance concurrence from the Special Master that the E-Mail Proposal "addresses the July 2001 Opinion and related orders regarding the search and production of e-mails from retained e-mail backup tapes and from future e-mail traffic" and "relieves the Interior Defendants of the financial and administrative burden of indefinitely generating and retaining e-mail backup tapes as soon as ZANTAZ has implemented its real-time capture of e-mail traffic and its own backup procedures." Motion to Restore and Capture E-mails at 6.

Plaintiffs oppose Interior's efforts on the grounds that the E-Mail Proposal constitutes a transparent attempt by Interior to avoid complying with the July 27, 2001 Opinion of the Special Master. Plaintiffs object specifically to the exclusion of certain key offices and bureaus from the list of Designated Offices, to the proposed "periodic" apprisal of the Special Master, to the use of search terms and to the methodology involved in de-duping the responsive e-mails – that they contend will result in "massive spoliation" of key information such as transmission receipt times, modification dates and other "embedded" data.

The Special Master conveyed similar concerns to Interior and requested confirmation: (1) that the National Business Center ("NBC"), the Bureau of Reclamation ("BOR") and the Office of Surface Mining ("OSM") would be included in the list of Designated Offices; (2) that e-mail traffic captured from the Designated Offices would contain information residing on the servers of these offices operated by Interior employees as well as third parties and contractors; (3) that there

-4-

exist no other collections of e-mails that should be incorporated into the E-Mail Proposal; (4) that e-mails generated by official laptops would be captured and archived for storage and retrieval; (5) that no information contained on Interior's e-mails would be lost or overwritten; (6) that all e-mails on servers would be captured on backup tapes for restoration or captured in real time and housed on ZANTAZ' archival system; and (7) that archived transmissions would be compared to those residing on e-mail servers to verify complete and accurate capture.[2]

By letter dated September 20, 2002, Interior Associate Deputy Secretary James Cason assured the Special Master: (1) that NBC, BOR and OSM would be included among the Designated Offices (and that the Office of the Chief Information Officer would amend the recent Federal Register notice accordingly); (2) that all Designated Office e-mail servers had been identified and a list of these servers would be provided to the Special Master; (3) that there are no other e-mail collections to be incorporated into the E-Mail Proposal; (4) that e-mails generated or received by official laptops assigned to Designated Offices would be transmitted through a server identified as part of the E-Mail Proposal; (5) that e-mails would be copied to the ZANTAZ digital safe, with originals returned to Interior; (6) that all e-mails traveling on the server would be captured for cataloging and storing; and (7) that restored and captured e-mails would be checked against existing back-up tapes during the startup period when there is an overlap between the two.[3]

---

[2] The Special Master also inquired into the deadlines for obligating funds for the E-Mail Proposal and into the procedures Interior would employ to update the Special Master of its progress.

[3] In response to the Special Master's inquiry regarding deadlines for obligating funds and the method by which Interior would report to the Special Master, Interior stated that Special Master concurrence with the E-Mail Proposal must be received by 5:00 p.m. on September 25,

DISCUSSION

The Special Master credits the representations of the Associate Deputy Secretary and finds Interior's proposal to be sound.[4] Interior is prepared to spend millions of dollars and retain a firm with considerable credentials to assist with implementation of a proposal that responds directly to concerns raised by the Special Master.[5] After reviewing ZANTAZ' Statement of Work and other relevant documentation and attending the August 8, 2002 presentation, the Special Master finds that ZANTAZ possesses the technology and skill necessary to capture, archive and search Interior's e-mail transmissions. ZANTAZ' ability to initiate multiple search variations, accommodate additional bureaus and offices,[6] capture all sender and recipient information, and archive all information in a secure environment render it an appropriate candidate for implementing the E-Mail Proposal.[7]

---

2002 in order to "reasonably ensure [Interior's] ability to obligate funds" from the Fiscal Year 2002 budget and that Interior would provide ZANTAZ' monthly reports in the biweekly status reports already prepared for the Special Master.

[4] The Special Master's endorsement of Interior's plan should not be construed as one that relieves the agency of its obligations to produce to plaintiffs, once and for all, all responsive information contained on these backup tapes (as well as all relevant information captured and searched in the future). Plaintiffs have been seeking access to this information since June 11, 1998. Nor does this opinion have any impact on whatever consequences may flow from Interior's past failure to do so.

[5] ZANTAZ' credentials and proposed methodology are set out in Interior's Motion to Restore and Capture E-mails at Exhibit 1 B (DEF0043338); Exhibit 2, pp. 7 and 13; and Exhibit 3, pp. 1-2 and will not be repeated here.

[6] See ZANTAZ Statement of Work ("The Contractor shall implement Live E-Mail Capture for additional DOI bureaus not included in the original scope of this contract.") Statement of Work at 10, § 6.4 Option 3.

[7] USinternetworking ("USi"), at the direction of the Special Master, conducted a battery of tests to assess ZANTAZ' security controls. In a report to the Special Master dated September

For these reasons, Interior's Motion to Restore and Capture E-mails is GRANTED in accordance with the terms of the attached Order.

Respectfully submitted,

DATE: 9/25/02

Alan Balaran
SPECIAL MASTER

---

17, 2002, USi confirmed ZANTAZ' ability to securely archive Interior's e-mail transmissions. See also Motion to Restore and Capture E-mails at Exhibit 1 Attachment B (DEF0043341 - DEF0043343) and Exhibit 1 Attachment C (DEF0043344 - DEF0043399).

# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELOUISE PEPION COBELL, et al., )
)
        Plaintiffs, )
)
v. )   Civil Action Number 96-1285 (RCL)
)
GALE NORTON, Secretary of the )
Interior, et al., )
)
        Defendants. )
_____)

FILED
FEB - 7 2003
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## ORDER

For the reasons stated in the opinion of the Special Master on defendants' motion to restore and capture e-mails [1421-1], which opinion was filed on January 17, 2003, it is hereby ORDERED that defendants' motion be, and hereby is, GRANTED in accordance with the terms set forth in the Order of the Special Master [1734].

    SO ORDERED.

Date:  2-6-03

Royce C. Lamberth
United States District Judge

1793

# Exhibit 3

# Deepwater Proposal

- ## Phase 1 Search
  - 134 Custodians
  - 6 Year Date Range (04/20/2005 – 03/17/2011)
  - 800 GB Estimate

- ## Special Audit Center Server
  - Throughput up to 30 GB per day
  - Search across all mailboxes within BOEMRE (MMS)
  - Access for up to 15 end-users
  - Boolean Searches

- ## Cost Estimate
  - Audit Center Annual Subscription: $229,500
  - Audit Center Maintenance & Support: $108,000