UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding BP's Motion to Designate A Substitute Cement Expert (Rec. doc. 4922)]**

On December 8, 2011, Halliburton's motion to disqualify Michael Viator, Fred Sabins and CSI Technologies, Inc. ("CSI") was granted. Rec. doc. 4838. On December 16, 2011, the District Judge denied BP's appeal of the December 8, 2011 order. Rec. doc. 4944. On December 12, 2011, BP filed a motion to designate a substitute expert. Rec. doc. 4868.

BP argues that it satisfies the Fifth Circuit's four part test in <u>Betzel v. State Farm Lloyds</u>, 480 F.3d 704 (5th Cir. 2007).[1] Halliburton disagrees. For the reasons cited by BP, the Court finds that BP's motion satisfies the four part test. BP shall: (1) identify its substitute expert by **Tuesday, January 3, 2012**; (2) serve the report by **Monday, January 9, 2012**; and (3) produce the expert for deposition by no later than **Monday, January 16, 2012.**

In granting Halliburton's motion to disqualify Fred Sabins, the Court said:

> The question of whether the imputed disqualification rule should be applied to Fred Sabins and CSI is difficult, but there is a critical factor present in this case which requires the application of the rule which is not present in <u>Stencil</u> or <u>BP</u>

---

[1] In <u>Betzel</u>, the Fifth Circuit stated:

> We hold that the district court abused its discretion in excluding Betzel's late-designated witnesses. We review such exercises of discretion by considering four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice.

480 F.3d at 707 (footnote and quotation marks omitted).

>    Amoco. Sabins created the dilemma in which the court finds itself. General policy objectives aim to ensure that parties have access to expert witnesses who possess specialized knowledge and to allow experts to pursue their professional calling. Id. But "[f]ederal courts have inherent power to disqualify expert witnesses where or when it is necessary to protect the integrity of the adversary process, and/or to promote public confidence in the legal system." BP Amoco, 500 F. Supp. 2d at 960 (citations omitted).
>
>    The sole cause of this motion to disqualify is Sabins' decision to hire Viator. Once he was hired, Sabins did not erect a sufficient screen to prevent Viator from having any contact whatsoever concerning CSI's work for BP. To the contrary, whatever screen Sabins may have erected, he ignored by having Viator perform work on the BP consultation.

Rec. doc. 4838 at 10-11 (footnote omitted).

While the Court is mindful of the general policy objective of ensuring that parties have access to expert witnesses with specialized knowledge, it shall be incumbent on BP to demonstrate affirmatively on **Monday, January 9, 2012**, by affidavit or otherwise that the substitute expert did not have any have any contact with the work Viator performed as an internal investigator at Halliburton or the expert work performed by CSI or Sabins for BP in this litigation.

IT IS ORDERED that BP's motion to designate a substitute expert (Rec. doc. 4922) is GRANTED as provided herein.

New Orleans, Louisiana, this 27th day of December, 2011.

                                                **SALLY SHUSHAN**
                                                **United States Magistrate Judge**