**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL-2179 |
| "DEEPWATER HORIZON" | § | |
| in the GULF OF MEXICO, on | § | |
| APRIL 20, 2010 | § | SECTION "J" |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATE OF LOUISIANA'S OPPOSITION TO THE PSC'S PROPOSED ORDER ESTABLISHING COURT-SUPERVISED ACCOUNT AND RESERVE FOR COMMON BENEFIT LITIGATION EXPENSES

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who files this Opposition to the PSC's Proposed Order Establishing Court-Supervised Account and Reserve for Common Benefit Litigation Expenses filed on November 28, 2011 ("Proposed Order"). [Rec. Doc. 4739-2].  The State files this Opposition in an abundance of caution, because the PSC's Sur-Reply and accompanying Proposed Order were not submitted as a new motion, even though they depart substantially from and raise new concerns not previously addressed in the PSC's prior Order submitted to the Court in connection with its initial Motion to Establish Account and Reserve for Litigation Expenses.  [Rec. Doc. 4507]

While the State believes that the PSC should file a renewed motion fully addressing issues regarding deductions from State recoveries, as is contemplated by the Federal and Local Rules and to provide the State an opportunity to adequately respond, *see* State of Louisiana's Motion to Strike PSC's Filing of Sur-Reply in Support of Its Motion to Establish Account and

Reserve for Litigation Expenses [Rec. Doc. 4780], the State responds to such issues to the best of its ability given the information presently before it.  The Court should reject the Proposed Order for a number of reasons.  Initially, the manner in which the Proposed Order was submitted is procedurally defective and thus deprives the parties of the opportunity to fully respond to the PSC's broad and far reaching request.  Additionally, the Proposed Order does not address or consider the factual and legal complexities associated with the State's claims and possible recoveries.  Finally, the Proposed Order seeks to establish an unprecedented, indefinite diversion of State funds that are necessary to adequately counter the damage occasioned by the *Deepwater Horizon* incident.   As described more fully below, the State respectfully requests that this Court reject the Proposed Order submitted by the PSC in connection with its proposed Sur-Reply.

      **1.  Inadequate Record**

The PSC's proposal for holdback out of State recoveries to be reserved for potential payment of common benefit litigation fees that is provided in its Sur-Reply and associated Proposed Order raises but does not resolve issues related to the State of Louisiana's complex claims and the availability of a contingency fee out of any State recoveries.  These issues were not raised in the PSC's initial Order, which did not contemplate a deduction from Louisiana's recoveries in order to fund the reserve account.  Rather, the initial Order proposed that Defendants place 4% of any settlement with the State into a reserve account for the potential payment of common benefit fees as is found to be appropriate under the circumstances.  The PSC's new Order proposes an alternative to Defendants' deposits into the fund: "[T]he reserve . . . would be 'held back' out of the judgment, settlement or other payment to the [State]."  PSC's Proposed Order Establishing Court-Supervised Account and Reserve for Common Benefit Litigation Expenses, p.1 n.1 [Rec. Doc. 4739-2].

As reflected in the State's recent filings in connection with the Motion to Establish Account and Reserve, and associated replies as filed by the PSC, issues regarding deductions from State recoveries, which are likely to be substantial (especially if natural resource damage ("NRD") recoveries are included), should be addressed in any order proposed by the PSC, and the State should be permitted the opportunity to respond.  State recoveries are intended, among other things, to restore damaged ecosystems and Louisiana's impacted economy, *i.e.,* to make the citizens of Louisiana whole for injuries associated with this disaster.  The PSC's claim against Louisiana also implicates important Eleventh Amendment concerns.  Any effort by the PSC to deduct any portion of State recoveries for a holdback fund should be addressed by a new or amended motion and a proposed order that sets forth the specific relief sought by the PSC and provides the State and other interested parties with the opportunity to fully respond.  Resolution of these issues now will serve to address the specifics of Louisiana's legal and factual circumstances and avoid unnecessary confusion or claim of detrimental reliance by the PSC over the availability of State recoveries for payment of common benefit fees.

### 2. PSC's Proposed Order Avoids the Unique Nature and Complexities of State Claims and Recoveries

The PSC's Proposed Order for a holdback out of State recoveries, as currently structured, does not address the complexities and nuances of the State of Louisiana's claims or the legality of a contingency fee out of any State recoveries for private attorneys not retained to represent the State.  For example, the Proposed Order does not specifically address issues such as (but not limited to): (1) the legality of a deduction from recoveries that may be exempt from a claim for common benefit or contingency fees under applicable and established law; (2) the proposed method of assessment, if any, of a fee or percentage from a State recovery that is non-cash in

nature; (3) the applicability or non-applicability of the proposed Order to future payments made to the State on settlements that were confected prior to November 7, 2011 (the date contained in the PSC's proposed Order); and (4) the prospect of a possible transfer of money out of State Treasury Fund accounts. Without specific provisions regarding these issues in the Proposed Order, entry of the PSC's revised Order would leave many unanswered questions on how to handle issues such as those identified above.

Additionally, the PSC's efforts to obtain a contingency fee out of NRD and/or civil penalty recoveries are unprecedented.[1] Several of the statutes that form the basis for the State's claims in this matter specifically dedicate any recoveries to environmental funds and/or environmental restoration. These dedications appear as "use restrictions," which are contained in certain environmental statutes. Such restrictions prohibit the use of state recoveries for the payment of common benefit fees. Any recovery of damages under the Oil Pollution Act ("OPA") is to be retained by the natural resource trustee(s) in a trust account, and shall be used "only to reimburse or pay costs incurred by the trustee under subsection (c) of this section with respect to the damaged natural resources. Any amounts in excess of those required for these reimbursements and costs shall be deposited into the [Oil Spill Liability Trust Fund]." 33 U.S.C. § 2706(f) (2011). Thus, pursuant to OPA, a trustee may only use NRD recoveries for the restoration, replacement, or acquisition of an equivalent of the natural resource; the use of such recovery to pay an attorney fee would be in violation of OPA's use restriction.[2] Various federal courts have refused to permit NRD recoveries to be paid towards attorneys' fees under federal

---

[1] Although the Court's November 14, 2011, Order found that the State's civil penalties were not cognizable in light of OPA, *see* Order and Reasons [Rec. Doc. 4578], the State will ultimately avail itself of its appellate rights as to the viability of Louisiana's claims, including those for civil penalties, under State laws in connection with this spill.

[2] Further, settlements for natural resource damages under OPA require public notice and comment; yet, the PSC's Proposed Order fails to provide for or address such requisites. *See* 15 C.F.R. §990.25 (2011).

environmental statutes, including OPA and the Comprehensive Environmental Response, Compensation and Liability Act. *See, e.g., Idaho v. Hanna Mining Co.*, 883 F.2d 392, 396 (9th Cir. 1989) (rejecting attorneys' fees in connection with an NRD claim under CERCLA); *Gen. Elec. Co. v. U.S. Dep't of Commerce*, 128 F.3d 767, 776 (D.C. Cir. 1997) (finding that states could not recover "attorneys' fees incurred in pursuing litigation of a natural resource damage claim" under OPA).

### 3. The PSC's Request Improperly Seeks a Contingency Fee on the State of Louisiana's Recoveries and Ignores the State's Right to Control its Claims

The State opposes the proposed holdback by the PSC as it relates to all state recoveries. The PSC's Motion to Establish Account and Reserve, as clarified by its Sur-Reply and the attached order, seeks a novel and unwarranted reduction from State recoveries to pay attorneys who have not been hired by the State nor requested to act on the State's behalf.   Such a reduction of State recoveries, in addition to violating both the spirit and letter of federal laws and regulations as described above, would indefinitely divert funds needed now to fuel the State's damaged economic and environmental recovery to a "holdback" account.  The PSC has not even begun to demonstrate the legal necessity of such an extreme remedy that would prevent the immediate application of the entire amount of State recoveries to urgent economic and environmental recovery.

The PSC asserted in its initial Motion the necessity that this Court "establish this Court-supervised fund in order to preserve this *res* intended to compensate and reimburse PSC members and other Common Benefit Attorneys for common benefit contributions to the litigation, as may be ultimately ordered or awarded by the Court."  Mtn. to Establish Account and Reserve [Rec. Doc. 4507], at 37.   The PSC argues that such an escrow fund is warranted in

5

order to provide a mechanism for equitable reimbursement for its "necessary work for the common benefit of all plaintiffs." *Id.*, at 30.  If the premise of the reserve fund is to ensure payment to the PSC of common benefit fees, the PSC should be required to show a threat to their ultimate recovery sufficient to warrant the creation of a fund.  There is no basis or necessity that a portion of monies recovered by, or awarded to, the State be held indefinitely rather than utilized for the purpose of the State's immediate recovery efforts, which are necessary, in part, to avoid permanent damage to the State's economy and ecology.  The PSC has made no showing that it is at risk of not recovering from the State following an appropriately entered, and thus enforceable, judgment to pay legally assessable common benefit fees, if any, after they are earned.  At the time when this Court ultimately makes a determination on the propriety and availability of a common benefit award from the State's recovery, the PSC may attempt to prove the entitlement and legality of such recoveries under a full and fair evidentiary hearing.  Simply put, the establishment of an escrow fund to hold portions of state recoveries is not necessary or appropriate in this case.

The State of Louisiana has fiduciary responsibilities and obligations to protect Louisiana's citizens and resources.  The PSC's efforts to even tax the monies owed to the State of Louisiana and its citizens as a result of the impacts felt from the *Deepwater Horizon* spill have been, and continue to be, opposed by the State.  A holdback of 4%, which could extend for decades depending on the progress of this litigation, is extraordinary.  Additionally, the State has not requested, and in fact has opposed representation by the PSC in connection with the State's claims, which are largely distinct from those of the private parties the PSC represents.

As this Court and the United States Court of Appeals for the Fifth Circuit have previously acknowledged, the State has a constitutional right to control its own litigation of its claims[3], including decisions about who will work under the direction and control of the Attorney General, how the State will compensate its counsel, and how its recoveries will be spent.  Any payment to the PSC of common benefit fees from State recoveries has certainly been opposed.  A current holdback of funds from State use constituting a holdback fund for ultimate use for common benefit fees is likewise opposed by Louisiana as an impermissible impoundment of State funds that would violate the State's sovereignty.  *See Barton v. Summers*, 293 F.3d 944, 951 (6th Cir. 2002) ("Interference with the allocation of state funds, where Congress has explicitly enacted that states may allocate such funds as they please, is an interference with a special sovereign interest barred by the Eleventh Amendment.").  In addition to threatening the State's sovereign interests, the proposed holdback would stall the State's implementation of vital restoration and economic recovery efforts by freezing millions of dollars of the State's recoveries indefinitely.

Accordingly, for the reasons set forth herewith, the State of Louisiana respectfully requests that the proposed Order submitted in conjunction with the PSC's proposed Sur-Reply not be entered and that this Court deny the PSC's Motion to Establish Account and Reserve for Litigation Expenses.

Dated this 12th day of December, 2011.

Respectfully submitted,

---

[3] *See* Status Conf. (1/28/11) (Barbier, J.) ("Each state that files a claim in this litigation has a right to its own representation and to advance its own claims."); *In re State of Louisiana*, No. 11-30178 (5th Cir. Apr. 11, 2011) ("The district court has stated on the record that it does not intend to infringe Louisiana's sovereignty.  Further, the court, when specifically asked to do so, has exempted Louisiana from certain PTO provisions, and has indicated that it is open to entertaining future motions regarding the applicability of other PTO provisions.  In other words, the district court has made it clear that it will grant any relief that is due to Louisiana on an order-by-order basis.")

JAMES D. "BUDDY" CALDWELL
LOUISIANA ATTORNEY GENERAL

James Trey Phillips
First Assistant Attorney General
Megan K. Terrell
Assistant Attorney General
Section Chief –Environmental
State of Louisiana
P.O. Box 94005
Baton Rouge, LA 70804-9005
Telephone: (225) 326-6708

HENRY DART,
ATTORNEYS AT LAW P.C.

/s/ Henry T. Dart
Henry T. Dart
Grady J. Flattmann
510 N. Jefferson St.
Covington, LA 70433
Telephone: (985) 809-8093
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

SHOWS, CALI, BERTHELOT &
WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

KANNER & WHITELEY, LLC

 /s/ Allan Kanner
Allan Kanner
Elizabeth B. Petersen
David A. Pote
Douglas R. Kraus
701 Camp Street
New Orleans, LA 70130
Telephone: (504) 524-5777
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

USRY, WEEKS, &
MATTHEWS, APLC

/s/ T. Allen Usry
T. Allen Usry
1615 Poydras St.
Suite 12
New Orleans, LA 70112
Telephone: (504) 592-4641
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

MARTEN LAW, PLLC

/s/ Bradley M. Marten
Bradley M. Marten
Linda R. Larson
1191 Second Avenue
Suite 2200
Seattle, WA 98101
(206) 292-2600
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing State Of Louisiana's Motion For Leave To File Opposition To The PSC's Proposed Order Establishing Court-Supervised Account and Reserve for Common Benefit Litigation Expenses has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of December, 2011.

Kanner & Whiteley, L.L.C.


 _/s/ Allan Kanner_____
 Allan Kanner
 a.kanner@kanner-law.com