STATE OF LOUISIANA & MDL 2179 PLAINTIFFS' STEERING COMMITTEE

HOLD-BACK AGREEMENT

**WHEREAS** the State of Louisiana ("State"), through the Governor of the State of Louisiana Bobby Jindal ("Governor"), and the Plaintiffs' Steering Committee ("PSC"), Court-appointed in MDL No. 2179 and associated case proceedings, including the Transocean Limitation Action (No. 10-2771), ("MDL" or "MDL/Limitation"), pursuant to Pre-Trial Order No. 8 (Oct. 8, 2010), through Co-Liaison Counsel, James Parkerson Roy and Stephen J. Herman, (hereinafter collectively "Parties"), have entered into a JOINT PROSECUTION AND COORDINATION AGREEMENT dated November __, 2011, recognizing a common interest with respect to claims against BP, Transocean, Halliburton, Cameron, Anadarko, Weatherford, MOEX, M1-Swaco, and other defendants in the MDL/Limitation ("Defendants") arising out of the Macondo / Deepwater Horizon incident and spill, and agreeing to coordinate their efforts and strategy regarding same;

**AND WHEREAS** the State seeks to limit the State's potential responsibility for the payment of common benefit fees and/or costs in this matter.

1. Subject to the provisions set forth herein, the Parties acknowledge that this agreement is limited and specific to claims arising out of the Macondo / Deepwater Horizon incident, and is based upon the State's desire to resolve any dispute regarding common benefit fees and costs in connection with this litigation.

2. The State will not oppose a motion by the PSC, for itself and other common benefit attorneys, for an order ("Order") by the MDL 2179 Transferee Court ("Court") requiring Defendants to deposit into a Court-supervised qualified settlement or other escrow account ("Hold-Back Reserve Fund") the equivalent of up to four percent (4%) of any settlement, judgment or other payment to the State of Louisiana henceforth arising out of the Macondo / Deepwater Horizon incident and spill ("State Recoveries" or "State of Louisiana Recoveries"),[1] subject to the following terms and conditions:

3. In the first instance, the Parties will pursue a settlement strategy to have the Defendants pay directly into the Hold-Back Reserve Fund an amount for common benefit fees and costs equivalent to four percent (4%) of State Recoveries and this amount shall be over and above State Recoveries. If Defendants refuse or fail to do same, then the Order shall require

---

[1] The Parties understand, acknowledge and agree that the PSC, for itself and other common benefit attorneys, will be seeking to establish the Hold-Back Reserve Fund (and ultimately a common benefit cost and/or fee award) with respect to the recoveries of other plaintiffs and/or claimants, and that such Hold-Back Reserve Fund (and/or award) may exceed four percent (4%) of the recoveries of plaintiffs and/or claimants other than the State of Louisiana. The State of Louisiana will not oppose the establishment of a Hold-Back Reserve Fund nor a common benefit cost and/or fee award of more than four percent (4%) on the recovery of any plaintiffs and/or claimants other than the State of Louisiana.

Defendants to reserve up to four percent (4%) from any settlement, judgment or other payment by Defendants to the State and deposit this amount directly into the Hold-Back Reserve Fund; however, no amount will be "reserved" from State Recoveries that are non-monetary in nature. The State reserves the right to object to and/or appeal from any judgment or order to the extent that it would require a deposit of more than four percent (4%) of State Recoveries.

4. The PSC, on behalf of itself and other common benefit attorneys, may seek an award from the Court of common benefit fees and costs to be paid out of the Hold-Back Reserve Fund. The State also may seek an award of common benefit fees and costs to be paid out of the Hold Back Reserve Fund, subject to the same common benefit rules and benefits as the PSC and other common benefit attorneys, in accord with Pre-Trial Order No. 9 and/or as otherwise may be ordered by the Court. The Parties recognize and agree that the amount of any award of common benefit fees and/or expenses to the PSC and other common benefit attorneys is within the sole discretion of the MDL 2179 Transferee Court, under the common benefit doctrine, and that this agreement does not, and shall not be construed to require or direct the Court to award the entirety of the Hold-Back Reserve Fund (or any particular amount) to the PSC and other common benefit applicants. The undersigned acknowledge that the Court will determine, at an appropriate time, pursuant duly noticed motion(s), what percentage or amount of common benefit fees and/or costs will be awarded out of the Hold-Back Reserve Fund and the allocation thereof, utilizing the prevailing and customary common benefit factors of the federal courts, as applied to the particular circumstances of the Macondo / Deepwater Horizon litigation. The decision(s) of the MDL 2179 Transferee United States District Court shall be binding on the Parties hereto and shall not be appealed by either the State or the PSC, as to any assessment, award, and/or allocation out of the Hold-Back Reserve Fund, as may be applicable to any State of Louisiana Recoveries. Provided, however, that all parties hereto reserve the right to submit to the District Court an objection to any submission which it believes to be fraudulent, excessive or misleading, in terms of the time, expenses or effort expended in furtherance of the litigation. Further, the Parties agree that all parties hereto may take a position regarding the appropriate allocation of common benefit fees between and/or among the common benefit attorneys who may be competing for a collective common benefit cost and/or fee award.

5. The PSC agrees that the PSC will not, on behalf of itself and/or other common benefit attorneys, request a Hold-Back Reserve Fund with respect to Louisiana State Recoveries of greater than four percent (4%) of any settlement, recovery or payment to the State of Louisiana henceforth arising from claims relating to the Macondo / Deepwater Horizon incident and spill; nor will the PSC seek, on behalf of itself and/or other common benefit attorneys, any other or additional award of common benefit fees or expenses from the State of Louisiana and/or to be taken out of State Recoveries beyond that which is contained in the Hold-Back Reserve Fund. In the event that an attorney who claims to have performed common benefit services attempts to seek a common benefit award to be taken out of the State of Louisiana's Recoveries, over and above the four percent (4%) of State Recoveries subject to the Hold-Back Reserve Account in accordance with the terms and provisions herein, the PSC shall join the State of Louisiana in any objection to such attorney's common benefit application or request.

6. Any funds deposited by Defendants into the Hold-Back Reserve Fund pursuant to the Order shall not be construed as funds received or recovered by the State, and any such deposit shall not be construed as a transfer of State Treasury Funds belonging to the State.

7. The PSC shall disclose to the State the existence of any current or future agreements with other states, or other Plaintiffs, but shall respect the confidentiality thereof.[2] If the PSC enters into any agreement with any state with respect to common benefit fees and/or expenses for a percentage less than four percent (4%) of that state's settlement, recovery or payment arising from claims relating to the Macondo / Deepwater Horizon incident and spill, the PSC represents and warrants that the same percentage will be offered to the State of Louisiana. To the extent necessary, the PSC will request Court approval of same. The State reserves the right to object to (and/or appeal from) a judgment or order to the extent that it would award a lower percentage of common benefit costs and fees with respect to the recoveries of some other state.

8. The PSC has not and will not voluntarily enter into any agreement with any private plaintiff with respect to common benefit fees and/or expenses for a percentage equal to or less than four percent (4%) of that plaintiff's settlement, recovery or payment arising from claims relating to the Macondo / Deepwater Horizon incident and spill.[3]

9. The MDL 2179 Transferee Court shall have continuing and exclusive jurisdiction over the interpretation and enforcement of this Agreement. Should any part of this agreement be rendered invalid by said Court, the invalid portion of shall be severed and the remaining provisions shall remain in effect. Invalidation of a portion shall not render the entire agreement invalid.

This ___ day of November, 2011.

STATE OF LOUISIANA

BY: _____
Bobby Jindal, Governor, State of Louisiana

BY: _____
James "Buddy" Caldwell, Attorney General, State of Louisiana

---

[2] To the extent that any such agreement is subject to an obligation of confidentiality and permission to disclose is granted by the parties to the agreement in question, the State of Louisiana agrees to maintain confidentiality over such document and its contents, and to observe any applicable work product, joint-prosecution, and/or common-interest privileges.

[3] Paragraph 8 is *not* intended to apply to the pre-existing voluntary hold-back agreement between and among the PSC members, which is contemplated to be ultimately superseded by a Court hold-back order.

4 | Hold-Back Agreement

MDL 2179 PLAINTIFFS' STEERING COMMITTEE

BY: _____
James Parkerson Roy, Co-Liaison Counsel

BY: _____
Stephen J. Herman, Co-Liaison Counsel