# Krystal Crowell

| | |
|---|---|
| **From:** | Steve Herman <SHERMAN@hhkc.com> |
| **Sent:** | Friday, December 16, 2011 3:22 PM |
| **To:** | 'Ben_Allums@laed.uscourts.gov' |
| **Cc:** | 'James Roy'; 'Elizabeth Murrill'; Allan Kanner; 'Defense Counsel (BP) (dsc2179@liskow.com)'; 'mike.underhill@usdoj.gov'; 'lstrange@ago.state.al.us'; 'Maze, Corey'; 'Sally_Shushan@laed.uscourts.gov'; 'mike_okeefe@laed.uscourts.gov'; 'Francis E. McGovern (mcgovern@law.duke.edu)' |
| **Subject:** | MDL 2179 - Revised Proposed Hold-Back Order |

Dear Ben,

Please find attached a revised Proposed Order which includes the additional language suggested by the Governor's Office relating to the reimbursement of ongoing out-of-pocket response and/or NRD assessment costs.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,
Plaintiffs' Liaison Counsel

---

**From:** Steve Herman
**Sent:** Wednesday, December 14, 2011 7:19 PM
**Subject:** MDL 2179 - Filing by the Louisiana Governor's Office

Dear Ben,

Please find enclosed a courtesy copy of a recent filing by the Governor of the State of Louisiana with respect to the PSC's Motion to Establish Court Supervised Account and Reserve for Litigation Expenses.

Respectfully submitted,
Plaintiffs' Liaison Counsel

---

**From:** Steve Herman
**Sent:** Wednesday, December 14, 2011 4:31 PM
**Subject:** MDL 2179 - PSC's Response to Motions for Leave Filed by the LA AG

Dear Ben,

Please find enclosed a courtesy copy of the PSC's Response to the Motions for Leave filed by counsel for the Louisiana AG with respect to the PSC's Motion to Establish Court Supervised Account and Reserve for Litigation Expenses.

As always, we appreciate the Court's time and consideration in this matter.

Respectfully submitted,
Plaintiffs' Liaison Counsel

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee.  Please do not read, copy, or disseminate it unless you are the addressee.  If you have received it in error, please call us (collect) immediately at (504) 581-4892 and ask to speak with the message sender.  Also, we would appreciate your forwarding the message back to us and deleting it from your system.  Thank you.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE: OIL SPILL by the OIL RIG** | * | **MDL NO. 2179** |
| **"DEEPWATER HORIZON" in the** | * | |
| **GULF OF MEXICO, on APRIL 20, 2010** | * | |
| | * | |
| | * | **SECTION J** |
| **Relates to:** *All Cases.* | * | |
| | * | **JUDGE BARBIER** |
| **(Including No. 10-2771)** | * | |
| | * | **MAG. JUDGE SHUSHAN** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORDER ESTABLISHING COURT-SUPERVISED ACCOUNT
AND RESERVE FOR COMMON BENEFIT LITIGATION EXPENSES**

**CONSIDERING** the Motion to Establish a Court-Supervised Account and Reserve for Litigation Expenses, associated briefing, the record, and applicable law:

**IT IS ORDERED** that Defendants shall deposit an amount equivalent to four percent (4%) of the gross monetary settlements, monetary judgments or other monetary payments made on or after November 7, 2011, by or on behalf of one or more Defendants to the State of Alabama or the State of Louisiana, arising out of the Macondo / *Deepwater Horizon* disaster,[1] into a court-supervised escrow account, in order to

---

[1] The requirement to deposit "an amount equivalent to" the designated percentage is intended to afford the parties flexibility in settlement negotiation. Presumably the plaintiffs will attempt to negotiate settlement with one or more Defendants whereby the defendant(s) might agree to pay common benefit fees (and/or other attorneys' fees) *over and above* the settlement corpus, as part of the terms of the negotiated settlement.  In the event, however, that the defendant(s) in question is (are) not willing to voluntarily fund the reserve over and above the settlement amount, the reserve (absent a final judgment or other order requiring Defendants to pay some or all attorneys' fees) would be reserved or "held back" out of the monetary judgment, monetary settlement or other monetary payment to the plaintiff, pending future action by the Court. (No amount will be "reserved" from State of Alabama or State of Louisiana recoveries that are non-monetary in nature. Nor will any amount be reserved from payments to a State directly from a Responsible Party to reimburse the State for ongoing response costs, increased agency costs related to response, or costs incurred through participation in the NRDA process.) While Plaintiffs may reserve the right to seek common benefit and/or other attorneys' fees under

establish a fund from which common benefit litigation fees and/or expenses may be paid, if and as awarded by the Court, at an appropriate time, pursuant to procedures to be determined by future order of the Court.

**IT IS FURTHER ORDERED** that Defendants, or any agent or representative acting on a Defendant's behalf, shall deposit an amount equivalent to six percent (6%) of the gross monetary settlements, judgments or other payments made on or after November 7, 2011, by or on behalf of one or more Defendants to any other plaintiff, putative classmember or other claimant, arising out of the Macondo / *Deepwater Horizon* disaster, (with the exception of settlements, judgments or other payments to the United States),[2] into a court-supervised escrow account, in order to establish a fund from which common benefit litigation fees and/or expenses may be paid, if and as awarded by the Court, at an appropriate time, pursuant to procedures to be determined by future order of the Court.

Defendants shall tender such deposits to the Clerk of Court, 500 Poydras Street, Room C-151, New Orleans, Louisiana 70130, for deposit into the MDL No. 2179 Account and Reserve for Common Benefit Litigation Expenses ("MDL No. 2179 Reserve Account").

All deposits to the MDL No. 2179 Reserve Account shall be accompanied by information identifying the party and attorney making the deposit; the Defendant on whose behalf the payment is being made; the gross amount of the settlement, judgment

---

some potentially applicable fee-shifting provision, nothing in *this* Order would *require* a defendant to pay the plaintiff's common benefit and/or other attorneys' fees.

[2] Nor is this Order intended to apply to judgments, settlements or other payments between or among BP, Transocean, Cameron, Halliburton, Weatherford, M1, Anadarko, MOEX, and/or the Clean-Up/Responder Defendants.

or other payment; and the plaintiff, claimant or putative classmember to whom the settlement, judgment or other payment was made.

Such information shall be kept confidential, and access to such information shall be limited in accordance with the procedures set forth under Pre-Trial Order No. 9; accordingly, Phil Garrett CPA shall track such information and prepare periodic reports to Court and Plaintiff Co-Liaison. Any further disclosure of such information shall require an order from this Court.

No party or attorney shall have any individual right to any of the deposits made into or funds maintained in this Court-supervised account; nor will such funds constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney; nor shall such funds be allocated, disbursed or distributed except as provided by further order of this Court.

Any questions regarding the filing procedures with the Clerk of Court should be direct to Kim Lange, Financial, Clerk of Court, 504-589-7786, kim_lange@laed.uscourts.gov.

Questions regarding the substance of any such deposits shall be directed to Philip Garrett, CPA, Garrett and Company CPA's, 117 Fairgrounds Boulevard, Bush, Louisiana 70431, 985-635-1500, pgarrett@garrettco.com.

**SIGNED** at New Orleans, Louisiana, this ____ day of _____, 2011.

                                                              _____
                                                              **Hon. Carl J. Barbier**
                                                              **U.S. District Court Judge**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| Relates to: *All Cases.* | * * | JUDGE BARBIER |
| (Including No. 10-2771) | * * | MAG. JUDGE SHUSHAN |

***************************************

## ORDER ESTABLISHING COURT-SUPERVISED ACCOUNT AND RESERVE FOR COMMON BENEFIT LITIGATION EXPENSES

**CONSIDERING** the Motion to Establish a Court-Supervised Account and Reserve for Litigation Expenses, associated briefing, the record, and applicable law:

**IT IS ORDERED** that Defendants shall deposit an amount equivalent to four percent (4%) of the gross monetary settlements, monetary judgments or other monetary payments made on or after November 7, 2011, by or on behalf of one or more Defendants to the State of Alabama or the State of Louisiana, arising out of the Macondo / *Deepwater Horizon* disaster,[1] into a court-supervised escrow account, in order to

---

[1] The requirement to deposit "an amount equivalent to" the designated percentage is intended to afford the parties flexibility in settlement negotiation. Presumably the plaintiffs will attempt to negotiate settlement with one or more Defendants whereby the defendant(s) might agree to pay common benefit fees (and/or other attorneys' fees) *over and above* the settlement corpus, as part of the terms of the negotiated settlement. In the event, however, that the defendant(s) in question is (are) not willing to voluntarily fund the reserve over and above the settlement amount, the reserve (absent a final judgment or other order requiring Defendants to pay some or all attorneys' fees) would be reserved or "held back" out of the monetary judgment, monetary settlement or other monetary payment to the plaintiff, pending future action by the Court. (No amount will be "reserved" from State of Alabama or State of Louisiana recoveries that are non-monetary in nature. Nor will any amount be reserved from payments to a State directly from a Responsible Party to reimburse the State for ongoing response costs, increased agency costs related to response, or costs incurred through participation in the NRDA process.) While Plaintiffs may reserve the right to seek common benefit and/or other attorneys' fees under

establish a fund from which common benefit litigation fees and/or expenses may be paid, if and as awarded by the Court, at an appropriate time, pursuant to procedures to be determined by future order of the Court.

**IT IS FURTHER ORDERED** that Defendants, or any agent or representative acting on a Defendant's behalf, shall deposit an amount equivalent to six percent (6%) of the gross monetary settlements, judgments or other payments made on or after November 7, 2011, by or on behalf of one or more Defendants to any other plaintiff, putative classmember or other claimant, arising out of the Macondo / *Deepwater Horizon* disaster, (with the exception of settlements, judgments or other payments to the United States),[2] into a court-supervised escrow account, in order to establish a fund from which common benefit litigation fees and/or expenses may be paid, if and as awarded by the Court, at an appropriate time, pursuant to procedures to be determined by future order of the Court.

Defendants shall tender such deposits to the Clerk of Court, 500 Poydras Street, Room C-151, New Orleans, Louisiana 70130, for deposit into the MDL No. 2179 Account and Reserve for Common Benefit Litigation Expenses ("MDL No. 2179 Reserve Account").

All deposits to the MDL No. 2179 Reserve Account shall be accompanied by information identifying the party and attorney making the deposit; the Defendant on whose behalf the payment is being made; the gross amount of the settlement, judgment

---

some potentially applicable fee-shifting provision, nothing in *this* Order would *require* a defendant to pay the plaintiff's common benefit and/or other attorneys' fees.

[2] Nor is this Order intended to apply to judgments, settlements or other payments between or among BP, Transocean, Cameron, Halliburton, Weatherford, M1, Anadarko, MOEX, and/or the Clean-Up/Responder Defendants.

922465.1

- 2 -

or other payment; and the plaintiff, claimant or putative classmember to whom the settlement, judgment or other payment was made.

Such information shall be kept confidential, and access to such information shall be limited in accordance with the procedures set forth under Pre-Trial Order No. 9; accordingly, Phil Garrett CPA shall track such information and prepare periodic reports to Court and Plaintiff Co-Liaison. Any further disclosure of such information shall require an order from this Court.

No party or attorney shall have any individual right to any of the deposits made into or funds maintained in this Court-supervised account; nor will such funds constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney; nor shall such funds be allocated, disbursed or distributed except as provided by further order of this Court.

Any questions regarding the filing procedures with the Clerk of Court should be direct to Kim Lange, Financial, Clerk of Court, 504-589-7786, kim_lange@laed.uscourts.gov.

Questions regarding the substance of any such deposits shall be directed to Philip Garrett, CPA, Garrett and Company CPA's, 117 Fairgrounds Boulevard, Bush, Louisiana 70431, 985-635-1500, pgarrett@garrettco.com.

**SIGNED** at New Orleans, Louisiana, this _____ day of _____, 2011.

_____
**Hon. Carl J. Barbier**
**U.S. District Court Judge**