**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL NO. 2179**<br><br>**SECTION J** |
| **This document relates to:** | **Judge Barbier** |
| **All Cases** | **Magistrate Judge Shushan** |

---

**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S DECEMBER 28, 2011 ORDER AND REASONS AS TO THE PSC'S MOTION TO ESTABLISH ACCOUNT AND RESERVE FOR LITIGATION EXPENSES**

BP respectfully requests that the Court clarify and reconsider portions of its December 28, 2011 Order and Reasons as to the PSC's Motion to Establish Account and Reserve for Litigation Expenses ("Order") (Doc. 5022) in an expedited fashion.  First, the Order contains conflicting directives because it purportedly applies retroactively to November 7, 2011, but it also provides that defendants do not have to fund the escrow account above and on top of any settlements paid.  Because neither BP nor the GCCF has control over the funds that have been paid between November 7, 2011 and the present, they are therefore unable to comply with the Order without clarification from the Court.  Second, the Order is internally inconsistent in that the Court limited its application to state court plaintiffs but did not apply the same limiting principles to the GCCF claimants over whom it similarly lacks jurisdiction in most cases.

First, the Court's Order provides that Defendants are required to implement the order by "withhold[ing] and deposit[ing]" the appropriate amounts into the escrow account.  (Order at 10.)  But the Order also purports to apply retroactively to payments made on or after November 7, 2011.  Since BP and the GCCF no longer have control over the money from payments made

between November 7 and the present, they cannot "withhold" any money from those payments that have already been made; that money is now in the hands of claimants.  Moreover, the Order also provides "in the event [ ] that the defendant(s) in question is (are) not willing to voluntarily fund the reserve over and above the settlement amount, the reserve (absent a final judgment or other order requiring Defendants to pay some or all attorneys' fees) would be reserved or 'held back' out of the monetary judgment, monetary settlement or other monetary payment to the plaintiff, pending future action by the Court… [N]othing in *this* Order would *require* a defendant to pay the plaintiff's common benefit and/or other attorneys' fees."  (*Id.* at 10 n.4 (emphasis in original).)

Given this clear statement that defendants are not required to pay the hold-back amount, BP and the GCCF clearly do not have to deposit into the escrow account six percent (6%) of payments made between November 7, 2011 and the present if they are unable to withhold it from payments made to claimants.  BP therefore requests that the Court clarify its order so that it only applies prospectively as of a date certain as of December 28, 2011 or later.

*In re OSB Antitrust Litigation*, 2009 WL 579376 (E.D. Pa. Mar. 4, 2009), dealt with the related question of whether Class Counsel could seek payment of fees from settlements entered into by opt outs.  The court denied this request because "[t]he money the opt-outs have already received from settlement funds is obviously no longer under the control of either Plaintiffs or Defendants.  Accordingly, the common fund doctrine does not afford me jurisdiction to order non-Parties - such as the opt-outs - to pay Class Counsel's fees."  Id. at *3.[1]  Likewise, here, the

---

[1]    Here, of course, the Court tabled any Rule 23 proceedings as part of PTO 11 (Doc. 569) and there is no certified class, so the Court cannot have jurisdiction over putative class members at this point.  *See, e.g.*, *In re Baycol Prods.*, No. MDL 1431MJD/JGL, 2004 WL 1058105, at *3 (D. Minn. May 3, 2004) (holding that a transferee court's jurisdiction in an MDL is limited to cases and controversies between persons who are properly parties to the cases transferred; holding that since no class had yet been certified, putative class members were not before the court and, by choosing to settle, were opting out of the class)  Of course, to the extent that any GCCF

money already paid to GCCF claimants is no longer under the control of BP or the GCCF, and the Court cannot order it withheld.

Second, BP seeks reconsideration of the Order because the Court limited its application to state court plaintiffs but did not apply the same limiting principles to the GCCF claimants. Following *In re Latex Gloves Products Liability Litigation*, 2003 U.S. Dist. LEXIS 18118 (E.D. Pa. Sept. 5, 2003), which takes a relatively expansive view of the court's jurisdiction,[2] the Court ordered that the hold-back order "will not apply to state-court cases wherein plaintiff's counsel has or had no other cases in this MDL and who have not participated in or had access to the discovery conducted in this MDL." (Order at 9.) But the Court did not consider or discuss the same limiting jurisdictional principles in connection with the GCCF claimants, many of whom are not represented by counsel at all. (*Cf.* BP's Objections (Doc. 4696) at 3-5 (discussing why the Court does not have jurisdiction over many GCCF claimants).) There is no reason why these limiting principles should not apply with equal force to the GCCF claimants who are not before

---

claimants have filed still-pending Short Form Joinders or otherwise filed in federal court, the Court has jurisdiction over such parties.

[2]   The *Latex Gloves* court nonetheless only extended its jurisdiction over state-court plaintiffs in those cases where the plaintiffs' attorneys had purposefully availed themselves of work product produced in the MDL. Indeed, the Case Management Order at issue required that these plaintiffs' attorneys submit themselves to the jurisdiction of the federal court in order to access that work product. *See Latex Gloves*, 2003 U.S. Dist. LEXIS 18118, at *2 n.2 (CMO "applies to actions filed in federal court that have been a part of the MDL, *actions in which plaintiff's counsel has signed the Confidentiality and Work Product Agreement of the Plaintiffs' Document Depository or accessed materials in the depository and agreed to be subject to CMO 48*, actions filed in state or federal court in which plaintiff's counsel has agreed, on the record, to be bound by the order, and, actions in which plaintiff's counsel has a fee-sharing arrangement with an attorney subject to the terms of the order") (emphasis added). Here, attorneys representing plaintiffs in other actions must similarly sign a certification submitting to the Court's jurisdiction in order to access confidential information in this case. (PTO 13 (Doc. 641).) BP does not concede that the *Latex Gloves* holding represents a warranted extension of a federal district court's jurisdiction, but notes that even under that case, there is no justification for extending the Court's jurisdiction to most GCCF claimants.

The *Latex Gloves* court distinguished *In re Showa Denko K.K. L-Tryptophan Products Liability Litigation-II*, 953 F.2d 162 (4th Cir. 1992), noting that "the *Showa Denko* transferee court's order was much more sweeping than" the order it issued. 2003 U.S. Dist. LEXIS 18118, at *5. Like the *Showa Denko* order that the Fourth Circuit held exceeded the district court's jurisdiction, the Court's order is similarly sweeping in its application to GCCF claimants without any limitation, such as a requirement that the claimants had filed an SFJ or are represented by an attorney who had accessed discovery conducted in the MDL.

this Court.  Therefore, the Court's order should only apply to those GCCF claimants who 1) have filed short form joinders or other federal cases that are now pending before the Court; or 2) are represented by attorneys who have cases pending in the MDL or have participated in or had access to the discovery conducted in the MDL.  There is no reason why the Court should treat GCCF claimants and state court plaintiffs differently in this regard.

Moreover, the court's findings related to the alleged benefits provided by the PSC to GCCF claimants do not alter this result.[3]  The issue is not whether the PSC's actions have benefited GCCF claimants but whether the Court has *jurisdiction* over those claimants.  Even under the expansive view of the court's jurisdiction in *Latex Gloves*, the court does not have any sort of jurisdiction over the majority of GCCF claimants.

## CONCLUSION

For the foregoing reasons, BP respectfully requests that the Court clarify and reconsider its December 28, 2011 Order and amend it such that 1) it does not apply retroactively to November 7, 2011; and 2) appropriate and necessary limitations are placed on the Order such that it does not apply to GCCF claimants over whom the Court lacks jurisdiction and only applies to those GCCF claimants who a) have filed short form joinders or other federal cases that are now pending before the Court; or b) are represented by attorneys who have cases pending in the MDL or have participated in or had access to the discovery conducted in the MDL.

---

[3]   BP does not concede that the PSC's actions have benefited GCCF claimants.  Should the PSC ask that the Court award fees on that basis in the future, BP reserves all rights to object.

Date:  December 30, 2011          Respectfully submitted,


          /s/ Don K. Haycraft
          Don K. Haycraft (Bar #14361)
          R. Keith Jarrett (Bar #16984)
          Liskow & Lewis
          701 Poydras Street, Suite 5000
          New Orleans, Louisiana 70139-5099
          Telephone: (504) 581-7979
          Facsimile: (504) 556-4108

          and

          Richard C. Godfrey, P.C.
          J. Andrew Langan, P.C.
          Kirkland & Ellis LLP
          300 North LaSalle Street
          Chicago, IL 60654
          Telephone: (312) 862-2000
          Facsimile: (312) 862-2200


          Robert C. "Mike" Brock
          Covington & Burling LLP
          1201 Pennsylvania Avenue, NW
          Washington, DC 20004-2401
          Telephone: (202) 662-5985

          *Attorneys for BP*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 30th day of December, 2011.

/s/ Don K. Haycraft
Don K. Haycraft