IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179 <br> SECTION J |
| This document relates to: <br> *All Cases* | * * * | Judge Barbier <br> Magistrate Judge Shushan |

**BP'S SUR-REPLY IN OPPOSITION TO HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR SUMMARY JUDGMENT REGARDING INDEMNITY ISSUES**

The HESI Reply makes two especially inaccurate statements regarding BP's claims and arguments.[1]  *First*, the HESI Reply asserts that "BP is not seeking independent damages from HESI in this case based upon allegedly fraudulent conduct," but instead is only seeking to "pass through damages sought by third-parties for alleged losses suffered as a result of the oil spill." HESI Reply at 8-9.  HESI's assertion is incorrect.  In BP America Production Company ("BPAP") and BP Exploration & Production Inc.'s ("BPXP," and collectively with "BPAP," the "BP Parties") Cross-Complaint and Third-Party Complaint Against Halliburton, Dkt. 2082 (the "BP Parties' Complaint"), the BP Parties seek damages from HESI including "the amount of costs and expenses incurred by BP to clean up and remediate the oil spill … the lost profits from and/or diminution in value of the Macondo prospect, and all other costs and damages incurred by BP related to the *Deepwater Horizon* incident and resulting oil spill."  The BP Parties' Complaint, Prayer ¶ 2.  The BP Parties' losses from the costs of source control, containment, lost

---

[1] BP disagrees with the legal arguments made in the HESI Reply as well, but limits this Sur-Reply to two particularly false and misleading statements regarding BP's positions.

profits, and diminished value (among other damages) are not "damages sought by third-parties." Instead, they are all direct damages to the BP Parties that they are seeking to recover from HESI.

*Second*, HESI asserts that "BP's Response makes no specific argument that gross negligence allegations nullify BP's indemnity obligation to HESI for actual damages." HESI Reply. at 4. HESI's assertion is untrue. BP plainly argues that maritime law prohibits indemnification for gross negligence and "gross negligence by HESI will also suffice to eliminate *any* indemnity obligation" for damages of any kind. Dkt. 4977, BP's Opposition to HESI at 9-14 (emphasis added); *see also* 12/16/11 Mot. Hr'g Tr. at 38 (BP counsel explaining that "[i]f consequential damages, compensatory damages or punitives or fines and penalties flow from grossly negligent conduct, none of that should be indemnifiable").

For the reasons set forth above and in BP's prior memorandum, HESI's Motion for Summary Judgment Regarding Indemnity Issues should be denied.

Date: January 2, 2012                                       Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
R. Chris Heck
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Patrick F. Philbin
Kirkland & Ellis LLP
655 Fifteenth Street N.W.
Washington, DC  20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 2nd day of January, 2012.

                                                /s/ Don K. Haycraft
                                                Don K. Haycraft