UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20,2010 | MDL NO. 2179<br><br>SECTION "J" (1) |
| This document relates to:  11-275 (consolidated with 11-274) | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

### RANGER INSURANCE LIMITED'S MEMORANDUM IN SUPPORT OF PROPOSED PARTIAL FINAL JUDGMENT

Michael J. Maloney
Maloney★Martin, L.L.P.
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 759-1600 – telephone
(713) 759-6930 – facsimile
E-mail: mjmaloney@maloneymartinllp.com

Robin M. Ziek
Robin M. Ziek, Attorney at Law
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 222-8030 – telephone
(713) 759-6930 – facsimile
E-mail: rziek@sbcglobal.net

Dwayne R. Day
Dwayne Day, P.C.
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 284-1618 – telephone
(713) 759-6930 – facsimile
E-mail: dday@ddaylaw.com

*Counsel for Ranger Insurance Limited*

Dated: January 6, 2012

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. FACTS ....................................................................................................................................2

III. ARGUMENT AND AUTHORITIES ....................................................................................3

    A. The Standard for Entering a Partial Final Judgment. ................................................3

    B. The Court's Order and Reasons Disposes of the Parties' Competing Coverage Claims For Sub-surface Pollution Related Liabilities. ..................................................................................................................3

    C. There is No Just Reason to Delay Entry of a Partial Final Judgment. ......................................................................................................................4

    D. The Proposed Partial Final Judgment Offered by RANGER, Excess Underwriters and Transocean, Accurately States the Holdings of the Court in its Order and Reasons. .....................................................4

IV. CONCLUSION .......................................................................................................................5

## TABLE OF AUTHORITIES

**Cases**

*Ackerman v. FDIC*, 973 F. 2d 1221, 1224 (5th Cir. 1992) ............................................................. 3

*Boudeloche v. Tnemec Co.*, 693 F. 2d 546, 547 (5th Cir. 1982) ...................................................... 3

*Fed. R. Civ. P. 12(c)* ..................................................................................................................... 1

*Fed. R. Civ. P. 54(b)* ..................................................................................................................... 1

*Fed. R. Civ. P. 56* ......................................................................................................................... 1

*Fed. R. Evid. 201(b)* ..................................................................................................................... 2

FEDERAL PRACTICE AND PROCEDURE § 2660 AT 2 (1973) .............................................. 3

## I.   INTRODUCTION

On July 8, 2011, the BP Parties filed their Motion For Judgment on the Pleadings in Case Nos. 11-274 and 11-275 seeking a final judgment on the pleadings of all claims presented in the consolidated Insurance Actions.[1]  Anadarko and MOEX joined in the BP Parties' motion.[2]  On November 15, 2011, this Court issued its Order and Reasons [As to the Insurance Actions] denying the BP Parties' motion for judgment on the pleadings and effectively granting the declarations that **RANGER INSURANCE LTD.** ("**RANGER**"), Certain Underwriters at Lloyds, London and Various Insurance Companies (collectively "Excess Underwriters"), and Transocean sought in their respective Complaints for Declaratory Judgment and Complaint for Intervention.[3]  The BP Parties' Counterclaim was not at issue in the Motion for Judgment on the Pleadings and therefore, was not addressed by the Court's Order and Reasons.

Subsequent to the Court's Order, Excess Underwriters sought leave of court to file a Motion for Summary Judgment under *Fed. R. Civ. P. 56* which would be a final appealable judgment under *Fed. R. Civ. P. 54(b)*.  The parties have agreed that a final appealable judgment under *Fed. R. Civ. P. 12(c)* would achieve the finality the parties have sought in lieu of seeking a *Fed. R. Civ. P. 56* judgment.

The Court's Order and Reasons and its analysis of the issues, clearly disposed of the coverage issues in the Insurance Actions as to the sub-surface pollution related coverage issues.[4]

---

[1] The Insurance Actions were two Declaratory Judgment actions brought by **RANGER** and Excess Underwriters to determine whether insurance coverage was provided to BP Parties as "additional insureds" for sub-surface pollution related liabilities.

[2] On December 16, 2011, the Court entered an Order substituting BP for Anadarko and MOEX in the Insurance Actions. (Doc. No. 4945).

[3] Rec. Doc. 4588.

[4] **RANGER** does not believe that the Order and Reasons is dispositive of the BP Parties' remaining counterclaims as they relate to issues other than pollution related claims. However, if **RANGER** owes no coverage obligations to the BP Parties for the sub-surface pollution liabilities it claims in the Insurance

1

There is no just reason for delay for entry of a partial final judgment pursuant to *Fed. R. Civ. P. 54(b)*. Such partial final judgment will provide finality regarding the sub-surface pollution related coverage issues sought to be declared by the parties.[5]

**RANGER** also joins in the Memorandums in Support of the Proposed Partial Final Judgment as filed by Excess Underwriters and Transocean.

## II.   FACTS

**RANGER** requests the Court take judicial notice under *Fed. R. Evid. 201(b)* of the following facts which have been established by the pleadings:

1. On April 20, 2010, the *Deepwater Horizon*, which was owned and operated by Transocean, suffered a blowout of the Macando well and sank two (2) days later on April 22, 2010.

2. As a result, in addition to the loss of eleven (11) lives and physical injury to others, a massive release of oil below the surface emanated from the well contaminating a significant area of the Gulf of Mexico.

3. At the time, the *Deepwater Horizon* was conducting drilling activities pursuant to a Drilling Contract between Transocean and BP America Production Company (the "Drilling Contract").

4. Anadarko E&P Company LP, Anadarko Petroleum Corporation (collectively "Anadarko"), and MOEX Offshore 2007 LLC ("MOEX") are joint venturers with the BP Parties in the Macondo well.

5. At the time of this casualty, Transocean maintained its primary insurance coverage with **RANGER** and several excess policies with Excess Underwriters (the "Excess Policies").[6]

---

Actions, as the Court has already ruled, then **RANGER** would not owe any indemnity to the BP Parties, either directly or through an assignment or subrogation, for any sub-surface pollution-related liabilities. **RANGER** has always acknowledged that the BP Parties are additional insureds with respect to Transocean employee and subcontractor injury claims.

[5] BP Parties, Excess Underwriters, **RANGER** and Transocean agree that Rule 54(b) is appropriate, but disagree on the wording of the Partial Final Judgment.

[6] The Excess Policies were excess of a $50 million primary policy issued by Ranger and Transocean's own self-retention obligation.

6. Both the **RANGER** and Excess Policies have similar terms, conditions and exclusions.

### III.   ARGUMENT AND AUTHORITIES

**A.   The Standard for Entering a Partial Final Judgment.**

*Rule 54(b) of the Federal Rules of Civil Procedure* allows a District Court to certify for appeal an otherwise non-final Judgment. *Rule 54(b)* provides that, in cases involving multiple claims or multiple parties, an order disposing of one or more, but fewer [than] all, the claims or parties terminates the action in the district court only if the court (1) expressly determines that there is no just reason for delay, and (2) expressly directs an entry of judgment. A certification by the district court that meets these two requirements is "an essential prerequisite to an appeal." *Boudeloche v. Tnemec Co., 693 F. 2d 546, 547 (5th Cir. 1982) (quoting* 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2660 AT 2 (1973).

The determination of whether "there is no just reason for delay" is within the sound discretion of the Court. *Ackerman v. FDIC, 973 F. 2d 1221, 1224 (5th Cir. 1992).*

The intent that the district court entered a partial final judgment under *Fed. R. Civ. P. 54(b)* must be unmistakable; the intent must appear from the order or from documents referenced in the order.

**B.   The Court's Order and Reasons Disposes of the Parties' Competing Coverage Claims For Sub-surface Pollution Related Liabilities.**

The Court's Order and Reasons (Doc. 4588) has disposed of all the sub-surface pollution related coverage claims in the Insurance Actions. The Court concluded as follows:

> "Because Transocean did not assume the oil pollution risks pertaining to the Deepwater Horizon Incident – BP did – Transocean was not required to name BP as an additional insured as to those risks. Because there is no insurance obligation as to those risks, BP is not an "Insured" (or "additional insured") for those risks". (Doc. 4588, p. 42)

3

The Order and Reasons specifically denied the BP Parties' requests for declarations of coverage and effectively granted **RANGER**'s (Excess Underwriters' and Transocean's) requests for declarations. Entry of a partial final judgment will formally adjudicate the claims for declaratory judgment that the Court has already considered.

### C. There is No Just Reason to Delay Entry of a Partial Final Judgment.

The BP Parties have indicated their intent to appeal the Court's Order and Reasons. Absent any prejudice to the parties, there should be no just reason to delay entry of a judgment. All the parties to the Insurance Actions agree that a prompt appeal is in the best interest of all interested parties. A partial final judgment is appropriate because it will preserve the parties' resources and will promote judicial economy by allowing for an early appeal of the coverage issues that the Court has conclusively decided. Otherwise, the parties would have to continue litigating BP's remaining counterclaims – which, at best, are derivative of the coverage claims. An appeal in the Insurance Actions will have no effect on the limitation trial set to begin in February, and none of the parties in the limitation action will be prejudiced by an appeal here.

### D. The Proposed Partial Final Judgment Offered by RANGER, Excess Underwriters and Transocean, Accurately States the Holdings of the Court in its Order and Reasons.

If the Court agrees with the parties (1) that its Order and Reasons is a final adjudication of the sub-surface pollution related coverage claims in the Insurance Actions and (2) that there is no just reason for delay entry of a final judgment on the coverage claims, then **RANGER** respectfully submit that the Court should enter a Partial Final Judgment in the form attached as Exhibit "A". It is identical to the form order proposed by Excess Underwriters and Transocean.

The Court should hold that **RANGER**, Excess Underwriters and Transocean are entitled to judgment as a matter of law, granting declaratory relief as to sub-surface pollution related

4

coverage issues and dismissing the BP Parties' Counterclaims, solely as they relate to sub-surface pollution related coverage, as follows:

1. Under Section II of the Policies, BP is an additional insured only for liabilities assumed by Transocean under the terms of the Drilling Contract.[7]

2. Under Article 24.2 of the Drilling Contract, the Court finds that BP assumed responsibility for Macondo well oil release pollution liabilities.[8]

3. Because Transocean did not assume Macondo well oil release liabilities under Article 24.1 of the Drilling Contract, there is no additional insurance obligation in favor of BP for these liabilities.[9]

4. Because Transocean did not assume the oil pollution risks pertaining to the *Deepwater Horizon* incident – BP did – Transocean was not required to name BP as an additional insured as to those risks. Because there is no insurance obligation as to those risks, BP is not an "Insured" (or "additional insured") for those risks.[10]

## IV. CONCLUSION

The proposed Partial Final Judgment submitted by **RANGER**, Excess Underwriters and Transocean comports with the Court's Order and Reasons of November 15, 2011. It accurately reflects the rulings of this Court and will provide the finality necessary for a prompt appeal of the sub-surface pollution related coverage issues between **RANGER**, Excess Underwriters, Transocean and the BP parties. For these reasons, pursuant to *Fed. R. Civ. P. 54(b)*, **RANGER** respectfully request that the Court enter a Partial Final Judgment in the form attached as Exhibit "A" to Excess Underwriter's and Transocean's Memorandum submitted in support of the Proposed Partial Final Judgment.

---

[7] Rec. Doc. 4588 at p. 39.

[8] Rec. Doc. 4588 at pp.40-41.

[9] Rec. Doc. 4588 at p. 41.

[10] Rec. Doc. 4588 at p. 42.

**DATED**: January 6, 2012

Respectfully submitted,

| | |
|---|---|
| Michael J. Maloney | Robin M. Ziek |
| Maloney★Martin, L.L.P. | Robin M. Ziek, Attorney at Law |
| The Clocktower Building | The Clocktower Building |
| 3401 Allen Parkway, Suite 100 | 3401 Allen Parkway, Suite 100 |
| Houston, Texas  77019 | Houston, Texas  77019 |
| (713) 759-1600 – telephone | (713) 222-8030 – telephone |
| (713) 759-6930 – facsimile | (713) 759-6930 – facsimile |
| E-mail: mjmaloney@maloneymartinllp.com | E-mail: rziek@sbcglobal.net |

Dwayne R. Day
Dwayne Day, P.C.
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 284-1618 – telephone
(713) 759-6930 – facsimile
E-mail: dday@ddaylaw.com

*Counsel for Ranger Insurance Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing instrument to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on January 6, 2012.

   /s/ Michael J. Maloney            .
**Michael J. Maloney / Robin M. Ziek / Dwayne Day**
