UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>This document relates to: 11-275 (consolidated with 11-274) | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

# MEMORANDUM IN SUPPORT OF
# PROPOSED PARTIAL FINAL JUDGMENT

Richard N. Dicharry (Bar # 4929)
George M. Gilly (Bar #6234)
Evans Martin McLeod (Bar #24846)
Kyle S. Moran (Bar #33611)
PHELPS DUNBAR LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: Richard.Dicharry@phelps.com
George.Gilly@phelps.com
Marty.McLeod@phelps.com
Kyle.Moran@phelps.com

**ATTORNEYS FOR CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND VARIOUS INSURANCE COMPANIES**

**TABLE OF CONTENTS**

I.  INTRODUCTION ...........................................................................................................1

II. FACTS ESTABLISHED BY THE PLEADINGS............................................................2

III. LAW AND ARGUMENT ................................................................................................4

    A. The Standard for Entering a Partial Final Judgment .......................................................4

    B. The Analysis in the Court's Order and Reasons Provides Finality on the Parties' Competing Coverage Claims ......................................................5

    C. There is No Just Reason for Delay for Entering a Partial Final Judgment..................................................................................................................5

    D. Underwriters' Proposed Partial Final Judgment Accurately States the Holdings of the Court in its Order and Reasons ...........................................6

IV. CONCLUSION.................................................................................................................7

# **TABLE OF AUTHORITIES**

## **CASES**

*Ackerman v. FDIC*,
    973 F.2d 1221 (5th Cir.1992) ...................................................................................... 4

*Curtiss-Wright Corp. v. Gen. Elec. Co.*,
    446 U.S. 1 (1980) ........................................................................................................ 4

*H & W Indus., Inc. v. Formosa Plastics Corp., USA*,
    860 F.2d (5th Cir.1988) .............................................................................................. 4

*Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*,
    914 F.2d 74 (5th Cir. 1990) ........................................................................................ 3

*Thurman v. Wood Group Production Services, Inc.*,
    2010 WL 5437948 (E.D. La. 2010) ............................................................................ 4

## **OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(c) .................................................................................. 1,2

Federal Rule of Civil Procedure 54(b) ............................................................................. 2, 4, 8

Federal Rule of Civil Procedure 56 ....................................................................................... 2

Federal Rule of Evidence 201(b) ........................................................................................... 3

5C Charles Alan Wright & Arthur R. Miller
    *Federal Practice and Procedure* § 1368 (3d ed. 2008) .................................................. 2

#### I.      INTRODUCTION

The *Deepwater Horizon* incident has resulted in two coverage actions involving Transocean's insurance program, Civil Action No. 11-274 and No. 11-275 ("the Insurance Actions").  The Court has succinctly summarized these actions:

> Simply stated, the issue is the extent of "additional insured" coverage, if any, to which BP is entitled by virtue of the insurance contracts procured by Transocean as the named insured.[1]

On July 8, 2011, BP filed its motion for judgment on the pleadings seeking "a final judgment in its favor in respect to all claims presented in the Complaints" in the Insurance Actions.[2] Anadarko and MOEX joined in BP's motion.[3]  On November 15, 2011, this Court issued its detailed Order and Reasons denying BP's motion for judgment on the pleadings.  The Court's analysis found in the Order and Reasons clearly disposed of the declarations that Certain Underwriters at Lloyds, London and Various Insurance Companies (collectively "Underwriters"), Ranger Insurance Ltd. and Transocean seek in their respective complaints for declaratory judgment and complaint in intervention.[4]  The claims for "additional insured" coverage are separable from the other claims in the case.  There therefore is no just reason for delay for entry of a partial final judgment.  Underwriters, Ranger, Transocean and BP all agree that such a judgment is both appropriate and necessary.

When the Court authorized BP to file its motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), it authorized BP to submit matters which, strictly speaking, are outside the

---

[1] Rec. Doc. 4588 at p. 3.

[2] Rec. Doc. 3211.

[3] On December 16, 2011, the Court entered an Order substituting BP for Anadarko and MOEX in the Insurance Actions. (Rec. Doc. 4945).

[4] Rec. Doc. 4588.

1

pleadings.[5]  BP filed its motion along with the drilling contract and the insurance policies, and Underwriters responded with certain other material.  After the Court denied BP's motion, Underwriters requested leave to move for a summary judgment under Fed. R. Civ. P. 56 that would be a final and appealable judgment under Fed. R. Civ. P. 54(b).  Before responding, BP suggested that the proper way to achieve finality would be to use Fed. R. Civ. P. 12(c) rather than Fed. R. Civ. P. 56.  Because the material facts as to which there is no genuine issue are all found in the attachments to BP's motion for judgment on the pleadings, there appears to be little difference between the two approaches, and Underwriters are willing to have an immediate judgment entered under Fed. R. Civ. P. 12(c) rather than pursue the summary judgment route.  The Court's Order and Reasons clearly disposed of the coverage issues in the Insurance Actions.[6]  A partial final judgment pursuant to Fed. R. Civ. P. 54(b) will provide finality.[7]

## II.     FACTS ESTABLISHED BY THE PLEADINGS

BP's pleadings and exhibits do not contain sufficient factual matter, if accepted as true, to state a claim for relief.  See generally, 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (3d ed. 2008).  A Rule 12(c) motion is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by

---

[5]Rec. Doc. 2593 at pp. 2-3.

[6]The analysis found in the Order and Reasons also should be dispositive of BP's remaining counterclaims for breach of contract, subrogation and indemnity because those counterclaims claims are merely derivative of the coverage claims.  Logic dictates that if Underwriters owe no coverage obligations to BP for the sub-surface pollution liabilities it claims in the Insurance Actions, as the Court has already ruled, then Underwriters could not have breached, or anticipatorily breached, any insurance contract with BP. Nor would Underwriters owe any indemnity to BP, either directly or through an assignment or subrogation, for any pollution-related liabilities.  And Underwriters have always acknowledged that BP is an additional insured with respect to injury claims by Transocean employees and subcontractors.

[7]BP, Underwriters, Ranger and Transocean agree that Rule 54(b) is appropriate, but disagree on its wording.  A Rule 54(b) judgment is not proper merely because the parties agree to such.  Underwriters acknowledge that the Court must determine that the analysis found in its Order and Reasons supports final adjudication.

2

looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74 (5th Cir. 1990) (citations omitted).

The following are facts established by the pleadings or as to which this Court can take judicial notice under Fed. R. Evid. 201(b):

1. This matter arises out of the April 20, 2010, blowout of the Macondo Well and the subsequent explosion and fire aboard the *Deepwater Horizon*, which was owned and operated by Transocean.

2. This casualty resulted in a massive release of oil below the surface of the Gulf of Mexico.

3. At the time, the *Deepwater Horizon* was conducting drilling activities in Mississippi Canyon Block 252 pursuant to a drilling contract between Transocean and BP America Production Company (the "Drilling Contract").[8]

4. Anadarko E&P Company LP, Anadarko Petroleum Corporation (collectively "Anadarko"), and MOEX Offshore 2007 LLC ("MOEX") are joint venturers with BP in the Macondo well.

5. At the time of this casualty, Transocean maintained several excess policies to which Underwriters subscribed (the "Excess Policies").[9]

6. The Excess Policies have similar terms, conditions and exclusions as a policy provided by Ranger Insurance Limited.[10]

---

[8] A true and correct copy of the Drilling Contract was attached to BP's motion for judgment on the pleadings at Rec. Doc. 3211-2, Decl. of C. Wenk, Ex. C (TRN-MDL-0027313).

[9] The Excess Policies were excess of a $50 million primary policy issued by Ranger and Transocean's own self-retention obligation.

[10] True and correct copies of the Ranger Policy and Excess Policies were attached to BP's motion for judgment on the pleadings at Rec. Doc. 3211-2, Decl. of C. Wenk, Ex. D. (TRN-MDL-00237541)

3

### III.     LAW AND ARGUMENT

**A.  The Standard for Entering a Partial Final Judgment.**

Federal Rule of Civil Procedure 54(b) provides in part:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  Before issuing a judgment under Rule 54(b), the court must complete a two-step analysis.  *Thurman v. Wood Group Production Services, Inc.*, 2010 WL 5437948 at *2 (E.D. La. 2010).

First, the Court must determine whether the judgment is "final".  Is it an "ultimate disposition of an individual claim entered in the court of a multiple claims action"?  *Id.* (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980)).

Second, if the judgment is final, the Court must determine "whether there is any just reason for delaying the appeal of the individual final judgment." *Id.*  The determination of whether "there is no just reason for delay" is within the sound discretion of the Court.  *Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir.1992).  The Court should consider whether the appellate court "would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir.1988)(quoting *Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).

---

(Ranger Policy); Rec. Doc. 3211-2, Decl. of C. Wenk, Ex. E through Ex. L  (TRN-MDL-00235754 through 00236010) (the Excess Policies).

4

### B. The Analysis in the Court's Order and Reasons Provides Finality on the Parties' Competing Coverage Claims.

The Court's Order and Reasons has disposed of all the coverage claims in the Insurance Actions. As a matter of law[11], BP is not an additional insured for pollution liabilities under Transocean's insurance policies because Transocean did not assume those risks under the Drilling Contract.[12]

The Order and Reasons specifically denied BP's requests for declarations of coverage. A partial final judgment will formally adjudicate the claims and counterclaims for declaratory judgment that the Court has already carefully considered.

### C. There is No Just Reason to Delay Entry of a Partial Final Judgment.

Absent any prejudice to the parties, there should be no just reason to delay entry of a judgment. BP wants to appeal the Court's Order and Reasons, which by itself is interlocutory and not appealable. All the parties to the Insurance Actions agree that a prompt appeal is in the best interest of all interested parties. A partial final judgment is appropriate because it will preserve the parties' resources and will promote judicial economy by allowing for an early appeal of the coverage issues that the Court has conclusively decided. Otherwise, the parties would have to continue litigating BP's remaining counterclaims – which, at best, are derivative of the coverage claims. An appeal in the Insurance Actions will have no effect on the Limitation

---

[11] Noteworthy is that in its memorandum in support of its motion for judgment on the pleadings, BP stated that the issues before the Court were not factual, but instead, purely legal. (Rec. Doc. 3211-1 at p. 12).

[12] Rec. Doc. 4588 at p. 42:
> Because Transocean did not assume the oil pollution risks pertaining to the Deepwater Horizon Incident – BP did – Transocean was not required to name BP as an additional insured as to those risks. Because there is no insurance obligation as to those risks, BP is not an "Insured" (or "additional insured") for those risks.

5

trial set to begin in February, and none of the parties in the Limitation Action will be prejudiced by an appeal here.

### D. Underwriters' Proposed Partial Final Judgment Accurately States the Holdings of the Court in its Order and Reasons.

If the Court agrees with the parties (1) that there should be a final adjudication of the coverage claims in the Insurance Actions and (2) that there is no just reason for delay entry of a final judgment on the coverage claims, then Underwriters respectfully submit that the Court should enter a Partial Final Judgment in the form attached to this Memorandum as Exhibit "A".

In BP's Counterclaims found in Defendants' Answer and Counterclaims, BP seeks a declaration that its rights to insurance coverage are governed by the insurance policies "and not by the Drilling Contract (to which the Counterclaim-Defendants are not parties) or any other contract or instrument."[13]  BP's Memorandum in Support of Motion for Judgment on the Pleadings made this the "sole issue" dividing the parties.[14]

In its Order and Reasons, this Court considered the language in the Excess Policies and the Drilling Contract as well as other materials submitted and held as follows:

> The Court finds that BP, under the Drilling Contract, assumed responsibility for Macondo well oil release pollution liabilities. BP's assumption of pollution responsibility is found in Article 24.2, in which BP assumes pollution liabilities not assumed by Transocean in Article 24.1.  Article 24.1 allocates to Transocean liabilities for pollution originating on or above the surface of the water.  The Deepwater Horizon Incident entailed a subsurface release; thus, Transocean did not assume pollution liabilities arising from the Incident.  Further, because Transocean did not assume these liabilities under Article 24.1 of the Drilling Contract, BP assumed them under Article 24.2's catch-all provision: responsibility for pollution arising out of or connected with operations under the contract and not assumed by Transocean in Article 24.1.  Because Transocean did not assume these liabilities,

---

[13]BP's Counterclaim, Prayer for Relief at ¶1(b).

[14]Rec. Doc. 3211-1 at p. 2.

> there is no additional insurance obligation in favor of BP for these liabilities.[15]
>
> ****
>
> Because Transocean did not assume the oil pollution risks pertaining to the Deepwater Horizon Incident – BP did – Transocean was not required to name BP as an additional insured as to those risks. Because there is no insurance obligation as to those risks, BP is not an "Insured" (or "additional insured") for those risks. Therefore, BP is not entitled to the declarations of coverage it seeks under Section II of the Policies. BP's motion for judgment on the pleadings must be denied.[16]

For these reasons, the Court should now hold that Underwriters, Ranger and Transocean are entitled to judgment as a matter of law dismissing BP's counterclaims for coverage and granting the following declaratory relief:

1. Under Section II of the Policies, BP is an additional insured only for liabilities assumed by Transocean under the terms of the Drilling Contract.[17]

2. Under Article 24.2 of the Drilling Contract, the Court finds that BP assumed responsibility for Macondo well oil release pollution liabilities.[18]

3. Because Transocean did not assume Macondo well oil release liabilities under Article 24.1 of the Drilling Contract, there is no additional insurance obligation in favor of BP for these liabilities.[19]

4. Because Transocean did not assume the oil pollution risks pertaining to the *Deepwater Horizon* incident – BP did – Transocean was not required to name BP as an additional insured as to those risks. Because there is no insurance

---

[15]*Id.* at pp. 40-41.

[16]*Id.* at p. 42.

[17]Rec. Doc. 4588 at p. 39.

[18]Rec. Doc. 4588 at pp.40-41.

[19]Rec. Doc. 4588 at p. 41.

7

obligation as to those risks, BP is not an "Insured" (or "additional insured") for those risks.[20]

## IV. CONCLUSION

Underwriters' proposed Partial Final Judgment is in line with the Court's Order and Reasons of November 15, 2011. It will accurately and fairly provide the finality that Underwriters, Ranger, Transocean and BP all agree is necessary for a prompt appeal of the coverage issues here. For these reasons, pursuant to Fed. R. Civ. P. 54(b), Underwriters respectfully request that the Court enter a Partial Final Judgment in the form attached as Exhibit "A".

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _/s/ George M. Gilly_

Richard N. Dicharry (Bar #4929)
George M. Gilly (Bar #6234)
Evans Martin McLeod (Bar #24846)
Kyle S. Moran (Bar #33611
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: Richard.Dicharry@phelps.com
George.Gilly@phelps.com
Marty.McLeod@phelps.co
Kyle.Moran@phelps.com

**COUNSEL FOR CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND VARIOUS INSURANCE COMPANIES**

---

[20] Rec. Doc. 4588 at p. 42.

8

PD.5885239.4

9

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12 on this 6th of January, 2012

*[signature]*