UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010** | **MDL NO. 2179**<br><br>**SECTION "J" (1)**<br><br>**JUDGE BARBIER** |
| **APPLIES TO: 11-274 c/w 11-275** | **MAGISTRATE SHUSHAN** |

## PARTIAL FINAL JUDGMENT

On November 15, 2011, the Court issued its Order and Reasons (**Rec. Doc. 4588**) ("Order and Reasons") denying a Motion for Judgment on the Pleadings filed by BP plc, BP Exploration & Production, Inc., BP America Production Company, BP Corporation North America, Inc., BP Company North America, Inc., BP Products North America, Inc., BP America, Inc., and BP Holdings North America Limited (collectively, "BP") in Action Nos. 11-274 and 11-275 ("Insurance Actions"). Anadarko E&P Company, LP, and Anadarko Petroleum Corporation (collectively, "Anadarko") and MOEX Offshore 2007 LLC ("MOEX") joined in BP's Motion for Judgment. On stipulation by and between Certain Underwriters at Lloyd's, London and Various Insurance Companies' ("Underwriters"), Ranger Insurance Limited ("Ranger"), Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean"), and BP, Anadarko and MOEX, the Court now rules that, pursuant to the terms of the Court's Order and Reasons, judgment on the pleadings should be granted against BP, Anadarko and MOEX in favor of Underwriters, Ranger and Transocean on the declarations sought by Underwriters', Ranger's and Transocean's complaints.

This final judgment is compelled by the specific holdings of the Court's November 15, 2011 Order and Reasons which are set forth below:

(1) The Court holds that under Section II of the Policies, BP is an additional insured only for liabilities assumed by Transocean under the terms of the Drilling Contract. **Rec. Doc. 4588, at 39**;

(2) Under Article 24.2 of the Drilling Contract, the Court finds that BP assumed responsibility for Macondo well oil release pollution liabilities. **Rec. Doc. 4588, at 40-41**;

(3) Because Transocean did not assume Macondo well oil release liabilities under Article 24.1 of the Drilling Contract, there is no additional insurance obligation in favor of BP for these liabilities. **Rec. Doc. 4588, at 41**; and

(4) Because Transocean did not assume the oil pollution risks pertaining to the Deepwater Horizon incident—BP did—Transocean was not required to name BP as an additional insured as to those risks. Because there is no insurance obligation as to those risks, BP is not an "Insured" (or "additional insured") for those risks. **Rec. Doc. 4588, at 42**.

In accordance with these specific holdings, and consistent with the declarations sought by Underwriters, Ranger and Transocean, all claims by BP, Anadarko and MOEX for coverage under the Policies for the sub-surface pollution liabilities BP, Anadarko and MOEX have incurred and will incur with respect to the Macondo well oil release are dismissed with prejudice.

There being no just reason for delay and good cause appearing, a partial final judgment is hereby entered, under Fed. R. Civ. P. 54(b), in favor of the Underwriters, Ranger and Transocean

- 3 -

and against BP, Anadarko and MOEX on the Underwriters', Ranger's and Transocean's complaints.

    IT IS SO ORDERED, in New Orleans, Louisiana, on this \_\_\_\_ day of January, 2012.

                                                 _____
                                               The Honorable Carl J. Barbier
                                               United States District Judge