# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  OIL SPILL BY THE OIL RIG
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO, ON APRIL 20,
2010

APPLIES TO:  11-274 c/w 11-275

MDL NO. 2179

SECTION "J" (1)

JUDGE BARBIER

MAGISTRATE SHUSHAN

## BP'S MEMORANDUM IN SUPPORT OF BP'S PROPOSED ORDER FOR PARTIAL FINAL JUDGMENT IN THE INSURANCE ACTIONS

In its November 15, 2011 Order and Reasons (doc. no. 4588), the Court denied BP's Rule 12(c) motion for judgment on the pleadings in respect to the Insurers' complaints in the two consolidated Insurance Actions (Case Nos. 11-274 and 11-275).  BP's motion had sought a ruling on the pleadings in BP's favor on the specific "scope of coverage" issue presented by the Insurers' complaints.  *See* Order and Reasons, at 3.

At the December 16 status conference, the Court instructed the parties to confer and determine whether they might agree on the form of a Rule 54(b) partial final judgment, or some other order, to render the Court's Order and Reasons — which addresses the issue presented by BP's motion as a pure question of law — final and immediately appealable, without placing the burden on the Court of addressing yet another summary judgment motion.  *See* Status Hrg. Tr. (Dec. 16, 2011), at 29-31.  The parties have conferred and now agree that the most efficient way forward, which would enable prompt appellate review of the Court's Order and Reasons, would be for the Court to enter an order, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, granting a partial final judgment in favor of the Insurers on their complaints in Case Nos. 11-274 and 11-275.  The parties, however, have been unable to agree on the proper

language and scope of the order.  With the Court's approval, BP and the Insurers have committed to submit alternative proposed orders to which they each, respectively, would be willing to agree. BP's proposed order is attached hereto as Exhibit A.

Further (and alternatively), BP submits that the Court can and should avoid any issues raised by the parties' competing Rule 54(b) orders by certifying the legal rulings in its Order and Reasons for immediate appeal under 28 U.S.C. § 1292(b).  In either event, the Court should decline to enter the Insurers' proposed Rule 54(b) order because it goes beyond what the Insurers could have obtained if (contrary to fact) they had filed a mirror-image cross-motion for judgment on the pleadings, under Rule 12(c) of the Federal Rules of Civil Procedure, on the same question presented by BP's motion and addressed by the Court's Order and Reasons.  Any Rule 54(b) judgment, in BP's view, must be strictly limited in scope, as if the Insurers had cross-moved under Rule 12(c) for a mirror-image judgment on the face of the Insurers' complaints.

## **BACKGROUND**

The Court's November 15 Order and Reasons denied BP's Rule 12(c) motion for judgment on the pleadings.  BP had sought a ruling in its favor and against the Insurers in regard to the specific and limited declaratory relief prayed for in the Insurers' complaints in the Insurance Actions.  As explained in the Court's Order and Reasons:

> Simply stated, the issue is the ***extent*** of "additional insured" coverage, if any, to which BP is entitled by virtue of the insurance contracts procured by Transocean as the named insured.  Ranger [*i.e.*, the primary insurer], the Excess Insurers, and Transocean argue for a limited scope of coverage for BP:  only to the extent that Transocean is obligated in the Drilling Contract to indemnify BP.  BP argues for broad coverage:  coverage is not limited by the Drilling Contract and is interpreted solely in reference to the terms of the Insurance Policies.  [Order and Reasons at 3 (emphasis added)].

In support of its motion, BP argued that, under controlling Texas law, BP's status as an additional insured under the general liability insurance policies at issue must be determined, in part, by reference to the BP-Transocean Drilling Contract, but the *extent* (or

*scope*) of BP's insurance coverage is determined solely by the terms and conditions of the insurance policies themselves.  The Court disagreed with BP's reading of Texas law and, ruling as a matter of law and on the pleadings, denied BP's motion.

In particular, the Court ruled as follows:  (a) "The Court holds that the scope of Transocean's insurance obligation in the Drilling Contract determines the scope of additional insurance coverage available to BP under Section II of the Policies;" and (b) "the Court holds that under Section II of the Policies, BP is an additional insured only for liabilities assumed by Transocean under the terms of the Drilling Contract.  Thus, the Court must look to the terms of the Drilling Contract to determine the scope of coverage."  Order and Reasons, at 32, 39.

Three days after the Court issued its Order and Reasons, at the monthly status conference on November 18, 2011, the Insurers advised the Court that they believed that the appropriate next step would be for the Court to grant them leave "to file a motion for summary judgment asking that [the Court] enter a judgment consistent with [the November 15] order and reasons.  Then, *at that point, we would also ask that you certify it under 54(b), and then an appeal can be taken*."  Status Hrg. Tr. (Nov. 18, 2011), at 26:24 – 27:2 (emphasis added).  As counsel noted, "Obviously, we hope [that the BP Parties] don't appeal, but we anticipate they probably will."  *Id.* at 27:3-4.

In response to these comments, on November 28, BP advised the Court that it was willing to explore a Rule 54(b) order, as suggested by the Insurers, provided that BP and the Insurers could agree on an appropriate order.  BP then sent the Insurers a one-page, proposed Rule 54(b) order for consideration, noting that, in BP's view, the order could be entered forthwith, thereby granting an immediate partial final judgment for the Insurers and dispensing with the need for any summary judgment practice on the "scope of coverage" issue.

The Insurers rejected BP's proposal, and on December 14, 2011, they filed an *ex parte* motion requesting leave of Court to allow them to file a motion for summary judgment (doc. no. 4913). At the December 16 status conference, the Court urged the parties to discuss the matter further, noting its understanding that the parties had intended to propose a Rule 54(b) order: "*I thought what you all were going to do was going to be to confer and try to arrive at some sort of stipulation that would incorporate a 54(b) partial final judgment, which would then make the issue appealable.*" Status Hrg. Tr. at 29:10-14 (Barbier, J.) (emphasis added).

The parties subsequently conferred at length, with the following result: (a) the Insurers (and Transocean) have told BP that they now accept that an immediate Rule 54(b) order is an appropriate and more efficient way to proceed; (b) the Insurers have confirmed that they will withdraw their pending motion for leave and accompanying summary judgment motion; but (c) the parties have been unable to agree on the form of an appropriate Rule 54(b) order and thus, are submitting competing versions for the Court's consideration.[1] BP now respectfully asks that the Court enter its proposed order and not the Insurers' proposed order.

## ARGUMENT

## I.   THE COURT SHOULD ENTER BP'S PROPOSED RULE 54(B) ORDER.

### A.   Rule 54(b) Is An Appropriate And Available Mechanism.

Rule 54(b) provides in pertinent part, "[w]hen an action presents more than one claim for relief … or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly

---

[1] The parties have agreed to the following process, with the hope that this issue may be addressed and resolved at the January 19 status conference: each side will "submit[] its proposed Rule 54(b) order and supporting brief by January 6, 2012, and each will submit a reply to the other's proposal by January 13, 2012. No submission will exceed 10 pages. It is anticipated that Transocean will join in the Insurers' proposal; it is not anticipated that Transocean will file a separate proposal." Email from A. Moore and M. McLeod to B. Allums (Dec. 22, 2011).

determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  The rule allows a court

to certify for appeal an otherwise non-final ruling if the court "expressly determines that there is

no just reason for delay, and expressly directs an entry of judgment." *Bertrand v. Target Corp.*,

399 Fed. Appx. 857, 859 n.1 (5th Cir. 2010) (*quoting Boudeloche v. Tnemec Co., Inc.*, 693 F.2d

546, 547 (5th Cir. 1982)).  The purpose of Rule 54(b) is to make an immediate appeal available

to avoid a possible injustice or inefficiency resulting from a delay in entering judgment on a

distinct claim until after final adjudication of the entire case.  *See Sears, Roebuck & Co v.*

*Mackey*, 351 U.S. 427, 432 (1956).  Rule 54(b) thus provides certainty in determining when a

final and appealable judgment has been entered and permits parties to proceed to appeal, where

appropriate, without delay.  *Id.*

        The Court's Order and Reasons on BP's motion for judgment on the pleadings is

precisely the type of order that is appropriate for Rule 54(b) treatment.  *First*, it addressed the

discrete and purely legal issue presented by the declaratory claims in the Insurers' complaints:

whether the scope of BP's coverage under the language of the pertinent insurance policies is

limited by the underlying drilling contract (and what the insurance provisions of that drilling

contract provide).  *See* Order and Reasons, at 32, 39.  Such rulings of contract interpretation are

pure questions of law in Texas (*see New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336,

338 (5th Cir. 1996)), and the Court stated that it was ruling as a matter of Texas law, without

consideration of facts or extrinsic evidence beyond the pleadings.  *See* Order and Reasons, at 25.

        *Second*, the Court and the parties agree that there is no just reason to delay an

appeal of the Court's holding on this essential issue.  Very substantial amounts of insurance

coverage, in the hundreds of millions of dollars, may turn upon the legal issue that the Court

addressed, and the Court has rightly noted the propriety of allowing the Fifth Circuit to examine

its legal rulings on this point as quickly as possible.  *See* Status Hrg. Tr. (Dec. 16, 2011) at 29-31 (Barbier, J.).

       *Third*, summary judgment on these issues is unnecessary or, at least, inappropriate at this stage of the Insurance Actions.  It is unnecessary because, while BP disagrees with the result and reasoning, the Court fully determined the question presented on the pleadings.  It is inappropriate because, if this issue properly warrants summary judgment treatment, BP should be entitled to develop a factual summary judgment record, and to date, the Insurance Actions have not materially proceeded beyond the pleadings stage.

> **B.     The Court Should Enter BP's Proposed Order And Not The Insurers' Proposed Order.**

       The Court should enter BP's proposed Rule 54(b) order for two reasons.  *First*, BP's proposed order properly defines and limits the Court's November 15 Order and Reasons as a Rule 12(c) judgment on the pleadings in respect to the Insurers' complaints in Case Nos. 11-274 and 11-275, as if the Insurers had filed a mirror-image cross-motion under Rule 12(c) on the same question presented by BP's motion and addressed by the Court's Order and Reasons.

       *Second*, the Insurers proposed order — or at least the last version that they were willing to share with BP — is not so limited or defined and would potentially enter a much broader adverse judgment in favor of the Insurers and against BP, without any supporting motion ever having been filed by the Insurers (or Transocean) and without BP ever having had an opportunity to address that motion, develop a record, or influence the proper scope of such judgment.  Although the Court denied BP's motion for judgment on the pleadings, it did not grant any cross-motion for judgment on the pleadings by the Insurers (let alone, any motion for summary judgment), and indeed, the Insurers filed no such cross-motion.  Yet the Insurers appear to seek a judgment in their favor that goes beyond anything they could have obtained under a mirror-image, Rule 12(c) motion for judgment on the pleadings in the Insurance Actions.

An adverse final judgment that goes beyond the face of the Insurers' complaints and the specific "scope of coverage" declaratory relief claims presented therein and addressed by the Court, purely on the face of those pleadings, in its November 15 ruling is wholly unwarranted and unsupported.  There are other claims in the Insurance Actions; there are other parties in the Insurance Actions; and a multitude of facts (and even undisputed facts) that lie outside the pleadings may be pertinent to any broader judgment that is not based purely on the pleadings. Further, the denial of a motion for judgment on the pleadings in favor of one side does not mean that the other side is *ipso facto* entitled to a judgment on the pleadings in its favor, especially if that judgment is not a precise mirror-image ruling on the question presented by the first party's unsuccessful motion and decided by the Court.   *See* 11 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE § 56.10[6] (3d ed. 2004) (explaining that even where parties file cross motions "denial of one cross-motion does not imply the grant of the opponent's cross-motion").

## II.    THE COURT SHOULD CERTIFY ITS RULINGS, IN THE ALTERNATIVE, FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b).

The Court can avoid altogether any concerns that the Insurers and their proposed order have raised by certifying its November 15 rulings, in the alternative, for interlocutory appeal under 28 U.S.C. § 1292(b).  The Fifth Circuit and other courts have recognized the propriety of certifying issues for appeal under Section 1292(b), in the alternative, when disputes could arise on appeal over whether the district court's order properly satisfies Rule 54(b).  *See, e.g.*, *DeMelo v. Woolsey Marine Industries, Inc.*, 677 F.2d 1030, 1033-1034 (5th Cir. 1982); *Benada Aluminum Prods. Co. v. Home Ins. Co.*, 368 F.2d 1001, 1002 (5th Cir. 1966). Accordingly, to avoid any doubt about its intention to facilitate an appeal, the Court should certify its order under both Rule 54(b) and Section 1292(b).  *See DeMelo v. Woolsey Marine*

7

*Industries, Inc.*, 677 at 1034 n.9.  BP's proposed Partial Final Judgment and Section 1292(b) Certification (Exhibit A) follows this approach.[2]

Section 1292(b) authorizes certification of a district court order for interlocutory appeal where the order (1) involves a "controlling question of law," (2) for which "there is substantial ground for difference of opinion," and (3) where an "immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b); *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007).  All three factors are present here.

*First*, the Court's November 15 Order involved a controlling question of law.  An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Cement Antitrust*, 673 F.2d 1020, 1026 (9th Cir. 1982) (internal citations omitted); *see also Garner v. Wolfinbarger*, 430 F.2d 1093, 1096-97 (5th Cir. 1970).  As explained above, the Court's November 15 Order ruled on the central issue in the Insurance Actions, by holding that Transocean's insurance obligation in the Drilling Contract determines the scope of additional insurance coverage available to BP, and that BP is an additional insured only for liabilities assumed by Transocean under the terms of the Drilling Contract.  *See* Order and Reasons, at 32, 39.  These rulings will have a controlling effect on the outcome of the Insurance Actions by substantially limiting (in the hundreds of millions of dollars) the general liability insurance coverage available to BP for certain pollution-related losses related to the *Deepwater Horizon* matter.

*Second*, there is substantial ground for difference of opinion in respect to the Court's ruling.  In its motion for judgment on the pleadings, BP argued that under the Texas

---

[2]  A third alternative is to certify the pertinent rulings under Section 1292(b) without entering a Rule 54(b) partial final judgment.  BP prefers and proposes the "belt and suspenders" approach set forth in Exhibit A.

Supreme Court's decision in *Evanston Insurance Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660 (Tex. 2008), as followed by the Fifth Circuit in *Aubris Resources LP v. St. Paul Fire & Marine Insurance Co.*, 566 F.3d 483, 489 (5th Cir. 2009), the scope of BP's insurance rights is determined by the terms of the insurance policies themselves, and is not limited by the extent of Transocean's separate obligation to indemnify BP in the Drilling Contract.  While the Court rejected BP's reading of *ATOFINA, Aubris,* and controlling Texas law, BP submits that, at a minimum, the issue is not free from doubt, and the arguments presented in its submissions are well presented and quite substantial.

   *Finally*, without question, an immediate appeal will materially advance the ultimate termination of these Insurance Actions, as the Court has already intimated.  In deciding whether certification will serve this goal, a district court should consider, among other factors, whether an immediate appeal could "eliminate complex issues" or "streamline issues to simplify discovery."  *In re Babcock & Wilcox Co.*, 2000 WL 823473, at *2 (E.D. La. June 22, 2000). Whether this Court's November 15 ruling is correct could hardly be of greater importance to the remaining scope and complexity of these Insurance Actions.  As BP showed in support of its motion, the "scope of coverage" question is the predominant issue in these Insurance Actions, and determining the correctness of the Court's ruling as soon as possible is essential for the fair and efficient progress of these cases.

## CONCLUSION

   For the reasons set forth above, BP respectfully requests that the Court enter BP's proposed Partial Final Judgment and Section 1292(b) Certification (Exhibit A).

Respectfully submitted,

/s/ David B. Goodwin

Allan B. Moore
Christopher J. Wenk
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
Tel:  (202) 662-6000
Fax:  (202) 778-5575
E-mail:  abmoore@cov.com
E-mail:  cwenk@cov.com

David B. Goodwin
M. Alexia DePottere-Smith
Angel Chiang
Covington & Burling LLP
One Front Street, 35th Floor
San Francisco, CA  94111
Tel:  (415) 591-6000
Fax:  (415) 591-6091
E-mail:  dgoodwin@cov.com
E-mail:  adepottere@cov.com
Email: achiang@cov.com

*Counsel for BP Exploration & Production Inc., BP America Production Company,
BP Corporation North America Inc., BP Company North America Inc., BP Products North
America Inc., BP America Inc., BP Holdings North America Limited, and BP plc*

Dated:   January 6, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of January, 2012.

<u>Christopher J. Wenk</u>