UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| This Document Applies to:<br>11-274 c/w 11-275 | MAGISTRATE SHUSHAN |

### TRANSOCEAN'S MEMORANDUM IN SUPPORT OF PROPOSED PARTIAL FINAL JUDGMENT ON THE PLEADINGS

Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 754-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
kent.sullivan@sutherland.com,

Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com,
efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH.,
Transocean Holdings LLC, Transocean
Offshore Deepwater Drilling Inc. and
Transocean Deepwater Inc.*

**TRANSOCEAN'S MEMORANDUM IN SUPPORT OF ITS PROPOSED PARTIAL FINAL JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE CARL J. BARBIER:

Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively "Transocean") respectfully file Transocean's Memorandum in Support of Its Proposed Partial Final Judgment on the Pleadings. Submitted with Transocean's Memorandum is Transocean's proposed Partial Final Judgment (**Exhibit A**). This proposed Partial Final Judgment is identical to the proposed Partial Final Judgment which is separately submitted by Certain Underwriters at Lloyd's London and Various Insurance Companies (collectively "Underwriters") and Ranger Insurance Limited ("Ranger"). Transocean anticipates that Underwriters and Ranger will also file separate memoranda in support of the entry of the proposed Partial Final Judgment.

## INTRODUCTION

This Court's Order and Reasons dated November 15, 2011 (hereinafter referred to as the "Order") sets forth the following ruling:

> Because Transocean did not assume the oil pollution risks pertaining to the Deepwater Horizon Incident—BP did—Transocean was not required to name BP as an additional insured as to those risks. Because there is no insurance obligation as to those risks, BP is not an "Insured" (or "additional insured") for those risks. Therefore, BP is not entitled to the declarations of coverage it seeks under Section II of the Policies. ***BP's motion for judgment on the pleadings must be denied.***

**Rec. Doc. 4588, at 42** (emphasis added)**.**

The reasoning in the Court's denial of BP's Rule 12(c) Motion fully supports a grant of the declarations that Underwriters, Ranger, and Transocean have sought in their respective

1

Complaints for Declaratory Judgment and Complaint in Intervention.[1]  Stated another way, the analysis underpinning the Court's Order disposes of the coverage issues which the Court has previously summarized as follows: "The issue is the extent of 'additional insured' coverage, if any, to which BP is entitled by virtue of the insurance contracts procured by Transocean as the named insured." **Rec. Doc. 4588, at 3.**  Because the Order's analysis is enough to dispose of all of BP's, Anadarko's and MOEX's coverage claims under the policies for their subsurface pollution liabilities arising from the *Deepwater Horizon* incident, and because there is no just reason for delay of entry of a Final Judgment, Transocean requests that the Court enter a Partial Final Judgment pursuant to Rule 54(b).

## LAW AND ARGUMENT

### I.    The Rule 54(b) Standard

Federal Rule of Civil Procedure 54(b) provides in part:

---

[1] Underwriters' Complaint at 7, ¶ 22; Ranger's Amended Complaint at 7, ¶ 22; Transocean's Complaint at 8, ¶ 23.  The declarations sought by Underwriters, Ranger and Transocean in their respective Complaints are virtually identical.  For the Court's convenience, the declarations Transocean's Complaint seeks are set forth verbatim below:

   A.   BP assumed full responsibility in the Drilling Contract for any and all liabilities arising out of or in any way related to the release of oil from BP's well.

   B.   The additional insured status of BP (or that of Anadarko and MOEX) in the policies therefore does not extend to the pollution liabilities BP, Anadarko and MOEX have incurred and will incur with respect to the release of oil from BP's well.

   C.   Neither Ranger nor the Transocean Excess Insurers have any additional insured obligations to BP, Anadarko and MOEX under any of the policies for the pollution liabilities BP, Anadarko, and MOEX have incurred or will incur with respect to the oil emanating from BP's well.

   D.   BP, Anadarko and MOEX are not entitled to coverage under any of Transocean policies for those pollution liabilities BP, Anadarko and MOEX have incurred and will incur with respect to the oil emanating from BP's well.

*See* **Rec. Doc. 1667-5, at 8, ¶ 23** (Transocean's Complaint in Intervention).

2

> When an action presents more than one claim for relief—whether it is a claim, counter-claim, cross-claim or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay.

FED. R. CIV. P. 54(b).  The Supreme Court has set forth a two-step process for determining whether a final judgment should be issued under Rule 54(b): "A district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980).  To be a "final judgment," there must be a judgment "in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).

Once having determined finality, the district court must then address the second step: "Whether there is any just reason for delay" as to the entry of a final judgment. *Id.*  In determining whether there is any just reason for delay, the Supreme Court has explained that the function of the district court is to act as a "dispatcher." *Sears, Roebuck & Co.*, 351 U.S. at 435. In its role as dispatcher, the district court must take into account the judicial administrative interests as well as the equities involved.  Ultimately, the decision as to whether there is any just reason for delay lies within the district court's discretion.

## II.     The Court's Order Is "Final" as to the Parties' Competing Coverage Claims.

The exhaustive analysis set forth by the Court's Order is enough to dispose of all of BP's, Anadarko's, and MOEX's coverage claims for subsurface pollution liabilities under the Policies. Significantly, the Court has ruled as follows:

1. Under Section II of the policies, BP is an additional insured only for liabilities assumed by Transocean under the terms of the Drilling Contract. **Rec. Doc. 4588, at 39**;

2. Under Article 24.2 of the Drilling Contract, BP assumed responsibility for Macondo well subsurface oil release pollution liabilities. **Rec. Doc. 4588, at 40-41**;

3. Under Article 24.1 of the Drilling Contract, Transocean did not assume Macondo well subsurface oil release liabilities and, as a result, there is no additional insured obligation in favor of BP for these liabilities. **Rec. Doc. 4588, at 41**; and

4. Because Transocean did not assume the subsurface oil pollution risks pertaining to the *Deepwater Horizon* incident—BP did—Transocean was not required to name BP as an additional insured as to those risks, and thus BP was not an "Insured" (or "Additional Insured") for those risks. **Rec. Doc. 4588, at 42.**

The Court's Order concludes by denying BP's requested declaration of coverage under the policies as to its subsurface pollution liabilities arising from the *Deepwater Horizon* incident. The reasoning in the Court's Order is sufficient to support a grant of Underwriters', Ranger's and Transocean's requested declarations, seeking non-coverage for these liabilities, just as if Underwriters, Ranger and Transocean had separately moved for a judgment on the pleadings pursuant to Rule 12(c). Because the Court's Order disposes of all of the legal issues pertinent to these claims, it is "final" for Rule 54(b) purposes. It follows that entry of a partial final judgment will formally adjudicate Transocean's, Underwriters' and Ranger's claims for declaratory judgment as well as BP's, Anadarko's and MOEX's counterclaims for insurance coverage for sub-surface pollution liabilities.

### III. There Is No Just Reason to Delay Entry of a Partial Final Judgment.

BP, Anadarko and MOEX intend to appeal the Court's Order, and any judgment entered based on the Court's Order. Transocean, Underwriters and Ranger also agree that a prompt appeal is in the best interest of all interested parties. The claims of BP, Anadarko and MOEX for sub-surface pollution coverage under the policies are separable from any other claims which they may make in these actions which remain to be adjudicated, if any. Furthermore, a prompt appeal

4

will not require an appellate court to decide the same issues twice. And finally, an appeal will have no effect on the limitation trial set to begin in February, and none of the parties in the Limitation Action will be prejudiced by an appeal. Therefore, there is no just reason to delay entry of a partial final judgment.

### IV. The Proposed Partial Final Judgment Submitted Jointly on Behalf of Transocean, Underwriters and Ranger Is Consistent with the Court's Order.

The proposed Partial Final Judgment jointly submitted by Transocean, Underwriters and Ranger is consistent with the specific holdings of the Court's November 15, 2011 Order. As a result, the proposed Partial Final Judgment submitted by Transocean, Underwriters and Ranger will accurately and fairly provide the finality that all parties agree is necessary for a prompt appeal of the coverage issue. The proposed Partial Final Judgment accomplishes this in five ways:

1. It acknowledges that the reasons set forth by the Court's Order for denying BP's 12(c) motion also justify entering a judgment on the pleadings pursuant to Rule 12(c) in favor of Underwriters, Ranger and Transocean on the declarations requested by their respective Complaints;

2. It accurately recites on page 2 the four basic holdings of this Court's Order;

3. It recites the final disposition with prejudice of BP's, Anadarko's and MOEX's claims for coverage under the policies for their sub-surface pollution liabilities pertaining to the *Deepwater Horizon* Incident;

4. It constitutes a document separate from the Court's Order which serves formally to enter partial final judgment on the coverage issues in favor of Underwriters, Ranger and Transocean against BP, Anadarko and MOEX; and

5. It formally recites that there is no just reason for delay, thus permitting an immediate appeal.

## CONCLUSION

For the above recited reasons, and pursuant to Federal Rule of Civil Procedure 54(b), Transocean respectfully requests that the Court enter a Partial Final Judgment in the form attached as Exhibit A, in order to provide finality to the coverage issues.

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile:  (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH.,
Transocean Holdings LLC, Transocean
Offshore Deepwater Drilling Inc. and
Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this 6th day of January 2012, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J. Miller