UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MASTER DOCKET |
| | * | NO. 10-MD-2179 |
| | * | |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | |
| APRIL 20, 2010 | * | |

THIS DOCUMENT RELATES TO NO. 11-02501

| | | |
|---|---|---|
| DWAYNE J. BECKNEL | * | CIVIL ACTION NO: 11-02501 |
| | * | |
| VERSUS | * | SECTION: "J" |
| | * | |
| UNITED STATES MARITIME | * | |
| SERVICES, INC. AND | * | DIVISION: "1" |
| ST. BERNARD PARISH | * | |
| GOVERNMENT | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF EX PARTE MOTION
FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS**

Defendant, United States Maritime Services, Inc. ("USMS"), through undersigned counsel, respectfully moves this Court for an order extending the time to file Responsive Pleadings upon showing that:

On October 6, 2011, Plaintiff, Dwayne J. Becknel ("Becknel") filed the instant civil action in the Eastern District of Louisiana. *See* Complaint. This civil action arises from Becknel's alleged involvement in the "Vessels of Opportunity" program that was established by BP in the wake of the Deepwater Horizon incident. *See* Complaint.

Defendant is presently a party to six other civil actions involving its participation in the "Vessels of Opportunity" program. *See* 11-cv-2909, 11-cv-2766, 11-cv-2549, 11-cv-2319, 11-

436168

cv-2515, and 11-cv-2908. All of these cases have been consolidated with the multidistrict litigation surrounding the Deepwater Horizon incident presently before Judge Carl Barbier.

This Court has issued forty-seven (47) pre-trial orders in an attempt to create a uniform regime for dealing with the panoply of civil actions that have resulted from the Deepwater Horizon incident. Specifically, Pre-Trial Order No. 25, paragraph 8 states "[a]ll individual petitions or complaints that fall within Pleading Bundles B1, B3, D1, or D2, whether pre-existing or filed hereafter, are stayed until further order of the Court." *See* Record Doc. No. 983. Upon information and belief, the present civil action falls into one of the above categories. Furthermore, and more specifically focused on the Vessel of Opportunities Program on July 8, 2011, this Court issued the "Case Management Order Regarding Limited Discovery And Mediation In Connection With Vessels Of Opportunity Program Contract Matters" ("Case Management Order"). *See* Record Doc. No. 3207. According to that Case Management Order, "Unless expressly modified by this Order, the VoO Contract Cases shall remain subject to the provisions of the pre-trial orders issued by this Court, expressly including paragraph 8 of Pre-Trial Order No. 25, whereby all individual petitions and complaints in the VoO Contract Cases are stayed until further Order of the Court." *See* Record Doc. No. 3207, paragraph 1. In addition, it independently re-affirms the stay order by stating, "Except for the activity contemplated in the paragraphs above, the VoO Contract Cases shall be stayed pending further order of the Court." *See* Record Doc. No. 3207, paragraph 17.

The present civil action was filed after the Case Management Order was filed. Consequently, the Plaintiff in this civil action is not one of the six focus VoO plaintiffs established in the Case Management Order. The Court limited Answers and Responsive

2

Pleadings to be filed to the six focus VoO plaintiffs *only* in the VoO contract cases. *See* Record Doc. No. 3207, paragraph 5. USMS seeks to be consistent with the prior orders of this Court.

Moreover, USMS states that it has no obligation under Paragraph 8 of Pre-Trial Order No. 25 to answer any allegation contained in this Complaint as any obligation to answer is stayed.

USMS is cognizant of the broad powers granted to this Court for the management of the present multidistrict litigation. Furthermore, USMS understands that one of the goals of multidistrict litigation is to limit the resources expended by all parties to an action.

In addition, Undersigned has recently been appointed as counsel for Defendant and is working to investigate the claims contained within the Complaint. Undersigned counsel needs time to complete their investigation so as to prepare a proper Answer and other Responsive Pleadings to protect the interests of his client. Undersigned counsel is in the process of obtaining all discovery to date to assist in their draft of Responsive Pleadings after the stay is lifted.

Furthermore, Undersigned counsel has communicated with opposing counsel and he does not oppose the filing of this instant motion.

USMS recognizes that pursuant to the operation of the various pre-trial orders and Case Management Order, the instant civil action is stayed until further order of the Court. Defendant, United States Maritime Services, Inc., files this present motion seeking an extension of time to file Responsive Pleadings until after the stay orders from this Court contained within Pre-Trial Order No. 25 (Record Doc. No. 983) and "Case Management Order Regarding Limited Discovery and Mediation in Connection With Vessels of Opportunity Contract Matters" (Record Doc. No. 3207) are lifted or until further order of the Court.

Respectfully submitted:

/s/ Allen J. Krouse, III
Allen J. Krouse, III  (#14426)
Andrew S. de Klerk (#1045)
Brandon K. Thibodeaux (#32725)
FRILOT, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8145
akrouse@frilot.com
adeklerk@frilot.com
bthibodeaux@frilot.com

ATTORNEYS FOR UNITED STATES
MARITIME SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Extension of Time to File Answer has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of January, 2012.

*s/ Allen J. Krouse, III*