UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: DEEPWATER HORIZON | * | MDL 2179 |
| | * | |
| | * | |
| This Pleading Applies Only To Case Nos. | * | SECTION J (JUDGE BARBIER) |
| 2:11-cv-02521 Ronald Roshto | * | |
| | * | |
| | * | MAGISTRATE (JUDGE SHUSHAN) |
| | * | |
| | * | |

*******************************************************************

## MEMORANDUM IN SUPPORT OF
## NATALIE ROSHTO'S MOTION TO INTERVENE

**NOW INTO COURT**, through undersigned counsel, comes Natalie Roshto, in her capacities as personal representative and administratrix of the estate of her deceased husband Shane Roshto, who moves this Court seeking an intervention of right in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure to protect the interests of decedent Shane Roshto's estate and dismiss Ronald Roshto's claims.

## FACTS

The factual grounds for movant's intervention are as follows:

Ronald Roshto, the decedent's natural father, alleges claims for loss of support, services, and inheritance relating to the death of his son, Shane Roshto, pending in the above-captioned Multidistrict Litigation.

Congress provided the exclusive remedy for death on the high seas in the Death on the High Seas Act, 46 U.S.C. § 30302, *et seq.* An action under the DOSHA "must be brought by the decedent's personal representative 'for the exclusive benefit of the decedent's wife, husband, parent, child or dependent relative.' The Act limits recovery in such a suit to 'a fair and just compensation

for the pecuniary loss sustained by the persons for whose benefit the suit is sought.'" *Dooley* at 121-122 citing DOSHA, 46 U.S.C. § 30302, *et seq*. Under DOSHA, the measure of recovery is the actual pecuniary benefits the beneficiaries could reasonably be expected to have received from the continued life of the decedent for loss of support, nurture, inheritance and services. B*ergen v. F/V St. Patrick*, 816 F.2d 1345, 1350 (9th Cir. 1987).

Any damage award under DOSHA must be proved and be reasonably certain. *Bergen* at 1350 citing *Harmsen v. Smith*, 693 F.2d 932, 945 (9th Cir. 1982). Recovery for loss of support requires proof of dependence on the deceased or an expectation of support. *Bergen* at 1350 citing *Sea-land Services, Inc. v. Gaudet*, 414 U.S. 573, 584-585 (1974). "Damages for loss of services require proof that such services were expected and likely to be provided, but for the wrongful death." *Id.* "Damages for loss of inheritance require proof that the decedent, but for his death, would probably have accumulated property that the wrongful death beneficiary would have inherited." *Bergen* at 1350 citing *Nygaard v. Peter Pan Seafoods*, 701 F.2d 77, 80 (9th Cir. 1983). "Speculation cannot support an award for loss of inheritance." *Id.* A pledge of future performance is insufficient to establish a present state of dependency under DOHSA. *Oldham v. Korean Air Lines Co., Ltd.*, 127 F.3d 43, 51 (C.A. D.C. 1997). The factual findings supporting such proof must be comprehensive and supported by the record. *Bergen* at 1350 citing *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985), *cert. denied*.

Natalie Roshto has been designated as the personal representative of decedent Shane Roshto's estate. As the decedent's personal representative, Natalie Roshto is the only person under the law who may bring an action for damages under DOHSA. See 46 U.S.C. 30302, *et seq*. Pursuant to her authority as personal representative of the decedent's estate, Natalie Roshto has

already settled all DOHSA claims with defendants to the benefit of herself and her son, Blaine Roshto. Natalie, in her capacities as personal representative of the estate of Shane Roshto and as administratrix of his estate, reasonably concluded that there was no support or any intention to support Ronald Roshto pursuant to law based upon the failure to produce any evidence to support a pecuniary loss. Because claims against BP may be subject to indemnity, a portion of the settlement is being held in escrow until the claims of Denise Arnold and Ronald Roshto, the decedent's natural parents, are dismissed. Attorneys for Denise Arnold and Ronald Roshto have represented that the parents do not seek any monies from the settlement reached by Natalie and Blaine. However, such a representation does not change the fact that Ronald Roshto's claims have no basis under the law.

Ronald Roshto is not the personal representative of Shane Roshto's estate. As a result, his attorneys know that he lacks the procedural capacity to bring any claims, and his lawsuit should be dismissed outright on this basis alone. Moreover, over the last year, we have made multiple requests for any proof of dependency or the basis for any claim that Ronald Roshto may have. No proof of a pecuniary loss occasioned by Ronald Roshto was provided.

Ronald Roshto's attorneys have provided us no basis that Mr. Roshto is entitled to any claim for loss of support, services or inheritance. To our knowledge and based upon their non-response, Ronald Roshto was not dependent on Shane and there is no evidence of any expectation of support from Shane. Mr. Roshto's attorneys have not produced anything to support entitlement to loss of support damages. Thus, Mr. Roshto has no legitimate claim for loss of support under DOSHA. Likewise, Mr. Roshto cannot prove loss of services as Shane Roshto had not lived with Ronald Roshto for many years prior to his death and did not provide any services to him at the time of his death.

3

Lastly, Ronald Roshto cannot prove entitlement to damages for loss of inheritance. Shane was survived by his wife and son, and it is reasonably certain that they would have inherited from Shane and not Ronald Roshto. Moreover, "it is improbable that parents will inherit from children." *Bergen* at 1351 citing *Thompson v. Offshore Co.*, 440 F. Supp. 752, 763 (S.D.Tex.1977). Therefore, absent some extraordinary showing of proof that Ronald Roshto would have inherited anything from Shane, there is nothing to support a claim for loss of inheritance.

Natalie has an obligation under the law as the personal representative and administratrix of the estate to act in the best interests of the estate as provided by law. As the court-appointed guardian of Blaine Roshto, decedent's son, she has the added responsibility of protecting his interests. Based upon a thorough review of the law, requests for proof of any damages, and her considered judgement predicated upon personal knowledge and what was best for the estate and her minor child, Natalie has already compromised Shane Roshto's death claim in her various capacities. Due to his attorneys' failure to dismiss his lawsuit with prejudice after being informed that Ronald Roshto's suit has no basis in law or in fact, Natalie Roshto appears herein seeking to intervene into Ronald Roshto's action to dismiss his claims in order to protect the interests of the decedent's estate.

## LAW AND ARGUMENT

Natalie Roshto is entitled to intervene in this action as a matter of right under Rule 24 to protect the interest of the decedent's estate that may otherwise be impaired or impeded in her absence. *See* Fed. R. Civ. P. 24(a)(2).[1] A motion to intervene must be granted where, as here, (1)

---

[1] Rule 24(a) provides in relevant part:

> On timely motion, the court must permit anyone to intervene who.... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or

4

the motion is timely; (2) the applicant has an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest may be inadequately represented by the existing parties to the suit. *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994). The inquiry under Rule 24(a)(2) is flexible, focusing on the particular facts and circumstances surrounding each individual application. *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992). As the Fifth Circuit recently underscored, Rule 24 is to be construed liberally and doubts are to be resolved in favor of the proposed intervenor. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009).

As an initial matter, Natalie Roshto's intervention is timely. Timeliness is contextual, as the requirement is "a guard against prejudicing original parties by the failure to apply sooner." *Espy*, 18 F.3d at 1205 (internal quotation omitted). Courts generally consider how long the proposed intervenor knew of its interest in the suit, the degree of prejudice to the existing parties caused by the failure to seek intervention sooner and the degree of prejudice to the proposed intervenor if intervention were denied. *See id.* "Federal courts should allow intervention where no one would be hurt and greater justice could be attained." *Id.* (internal quotation omitted). Natalie Roshto has moved to intervene in this action after numerous attempts to resolve her issues amicably with Plaintiff Ronald Roshto and his counsel without the need for the court's involvement. Natalie Roshto's motion, filed at this early stage of the proceedings, causes no prejudice to the existing

---

impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

parties. Furthermore, if Natalie Roshto's intervention were denied she would not have an adequate means to protect the interests of the estate of Shane Roshto.

Pursuant to Rule 24(a)(2), Intervenor Natalie Roshto qualifies to intervene in this lawsuit as a matter of right because as the personal representative of the decedent's estate she has an interest in the subject matter of Mr. Ronald Roshto's suit and is so situated that the disposition of the action without her will, as a practical matter, impair or impede Natalie Roshto's ability as personal representative to protect the interests of the decedent's estate. Clearly, Natalie Roshto has an interest in protecting, freeing, and disbursing the settlement funds to which she and her son are entitled. As mentioned above, because claims against BP may be subject to indemnity, a large portion of the settlement funds are being held in escrow so long as Ronald Roshto's suit remains. Unless and until Ronald Roshto's baseless claims are dismissed, a large portion of the settlement funds will remain unavailable, thereby inhibiting Natalie Roshto from performing her duties as personal representative of the decedent's estate. Lastly, Natalie Roshto's interests in the decedent's estate are inadequately represented by the existing parties to this lawsuit because it is unlikely that any of the existing parties have an interest in the settlement funds currently in escrow such that they will actively seek to protect such funds by dismissing Ronald Roshto's claims.

The only way for Natalie Roshto to protect the interests of decedent Shane Roshto's estate is to intervene in this suit to dismiss the claims of Ronald Roshto.

## CONCLUSION

For the foregoing reasons, Natalie Roshto respectfully requests that the Court grant her mandatory intervention in this proceeding under Rule 24(a)(2).

Respectfully submitted,

**MARTZELL & BICKFORD, A.P.C.**


/s/ Scott R. Bickford
**SCOTT R. BICKFORD T. A., (#1165)**
**NEIL F. NAZARETH (#28969)**
338 Lafayette Street
New Orleans, LA 70130
504/581-9065 (Telephone)
504/581-7635 (FAX)
usdcedla@mbfirm.com

and

**RONNIE G. PENTON (#10462)**
Law Offices of Ronnie G. Penton
209 Hoppen Place
Bogalusa, LA 70427
(985) 732-5651
(985) 735-5579
rgp@rgplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of January, 2012, a true and accurate copy of the foregoing was filed via the Court's CM/ECF system and served via the Court's CM/ECF system upon all counsel of record.

/s/ Scott R. Bickford

C:\Documents and Settings\linda\Local Settings\Temporary Internet Files\Content.Outlook\BTMP0TA6\MEMO in Support of Motion to Intervene - Ronald Roshto.wpd