UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: DEEPWATER HORIZON | * | MDL 2179 |
| | * | |
| | * | |
| | * | SECTION J (JUDGE BARBIER) |
| This Pleading Applies Only To Case Nos. | * | |
| 2:11-cv-02521 Ronald Roshto | * | |
| | * | MAGISTRATE (JUDGE SHUSHAN) |
| | * | |
| | * | |

*************************************************************************

## COMPLAINT FOR INTERVENTION OF RIGHT

**NOW INTO COURT**, by and through undersigned counsel, comes intervenor, **NATALIE ROSHTO**, individually and as personal representative of the estate of Shane Roshto, deceased, and of her minor son, Blaine Roshto, who files this complaint for intervention, in accordance with Federal Rule of Civil Procedure 24.

This, the petition of Intervenor, **NATALIE ROSHTO**, alleges as follows:

1.

Made defendant-in-intervention herein:

A)  Ronald Roshto, a person of the full age of majority and resident of the State of Louisiana.

2.

The above-entitled and numbered suit, now consolidated in the above-captioned Multidistrict Litigation, concerns, in relevant part, the death of Shane Roshto which occurred on April 20, 2010 as a result of the Deepwater Horizon disaster.

3.

Made defendant-in-intervention Ronald Roshto, the natural father of decedent Shane Roshto, alleges claims for loss of support, services, and inheritance occasioned as a result of his son's death under the Death on the High Seas Act, 46 U.S.C. § 30302, *et seq.*

4.

Congress provided the exclusive remedy for death on the high seas in the Death on the High Seas Act, 46 U.S.C. § 30302, *et seq.* An action under the DOSHA "must be brought by the decedent's personal representative 'for the exclusive benefit of the decedent's wife, husband, parent, child or dependent relative.' The Act limits recovery in such a suit to 'a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is sought.'" *Dooley v. Korean Air Lines Co., Ltd.*, 524 U.S. 116, 121-122 citing DOSHA, 46 U.S.C. § 30302, *et seq.* Under DOSHA, the measure of recovery is the actual pecuniary benefits the beneficiaries could reasonably be expected to have received from the continued life of the decedent for loss of support, nurture, inheritance and services. B*ergen v. F/V St. Patrick*, 816 F.2d 1345, 1350 (9th Cir. 1987).

5.

Made defendant-in-intervention, Ronald Roshto, the natural father of decedent Shane Roshto, is not the personal representative of the decedent's estate. Thus, Ronald Roshto does not have the capacity to bring claims on behalf of Shane Roshto or any other party including himself pursuant to law.

6.

Intervenor Natalie Roshto, the surviving spouse of decedent Shane Roshto, is the personal representative and admistratrix of her deceased husband's estate. As such, Natalie Roshto is the only person with the capacity to bring claims under applicable law.

7.

Intervenor Natalie Roshto, in her capacities as personal representative of the estate of Shane Roshto and as administratrix of his estate, concluded that there was no support or any intention to support Ronald Roshto based upon Ronald Roshto's non-response to requests for proof of pecuniary loss and based upon her personal knowledge.

8.

Based upon a thorough review of the law, requests for proof of any damages and her considered judgement predicated upon personal knowledge and what was in the best interest of the estate and her minor child, Natalie Roshto has already compromised the death claim in her various capacities.

9.

Because claims against BP may be subject to indemnity, a large portion of the settlement funds are being held in escrow until the claims of Denise Arnold and Ronald Roshto, the natural parents of decedent, are dismissed.

10.

Due to Arnold & Itkin's failure to dismiss their client's lawsuit with prejudice after being informed that their client's suit has no basis in law or in fact, Intervenor Natalie Roshto appears

herein to dismiss the claims of Ronald Roshto in order to protect and disburse the settlement funds currently being held in escrow.

11.

Intervenor Natalie Roshto, as personal representative and administratrix of her deceased husband Shane Roshto's estate, has an interest relating to the claim which is the subject of the complaint for damages filed in this case and this intervention will not unduly delay the trial thereof nor retard the progress of the principal action.

**WHEREFORE**, intervenor, Natalie Roshto, prays that the defendant-in-intervention named herein be served with a certified copy of this complaint and after the lapse of all legal delays and subsequent filings that there be judgment in favor of the intervenor, Natalie Roshto, and against the defendant-in-intervention, Ronald Roshto, for all relief sought under law.

Respectfully submitted,

**MARTZELL & BICKFORD, A.P.C.**

/s/ Scott R. Bickford
**SCOTT R. BICKFORD T. A., (#1165)**
**NEIL F. NAZARETH (#28969)**
338 Lafayette Street
New Orleans, LA 70130
504/581-9065 (Telephone)
504/581-7635 (FAX)
usdcedla@mbfirm.com

and

RONNIE G. PENTON (#10462)
Law Offices of Ronnie G. Penton
209 Hoppen Place
Bogalusa, LA 70427
(985) 732-5651
(985) 735-5579
rgp@rgplaw.com

4

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of January, 2012, a true and accurate copy of the foregoing was filed via the Court's CM/ECF system and served via the Court's CM/ECF system upon all counsel of record.

/s/ Scott R. Bickford

C:\Documents and Settings\linda1\Local Settings\Temporary Internet Files\Content.Outlook\BTMP0TA6\Ronald Roshto Complaint for Intervention 1-6-12.wpd