UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf Of Mexico, on April 20, 2010<br><br>This document applies to:<br>*2:10-cv-04536* | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**TRANSOCEAN'S EVIDENTIARY OBJECTIONS TO SEPARATE STATEMENT OF PLAINTIFF UNITED STATES IN SUPPORT OF SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT 4820)**

Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC and Triton Asset Leasing GmbH (collectively "Transocean Defendants") submit the following evidentiary objections to the Separate Statement submitted by Plaintiff United States in support of its Second Motion For Partial Summary Judgment (Dkt. 4820).

1.  <u>BP's And Anadarko's Answer To The United States Complaint Are Inadmissible Hearsay As To The Transocean Defendants.</u>

A motion for summary judgment may not be based on inadmissible evidence. *Hernandez v. Yellow Transp., Inc.*, 641 F.3d 118, 124-25 (5th Cir. 2011) ("It is a proper summary judgment objection 'that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.'" (quoting Fed. R. Civ. P. 56(c )(2))). BP's and Andarko's Answers to the United States Complaint are unsworn statements by third-parties and therefore

constitute inadmissible hearsay as to the Transocean Defendants. Fed. R. Evid. 801(c). This Court therefore cannot consider statements in BP's or Anadarko's Answers as evidence in support of the United States Motion for Partial Summary Judgment against the Transocean Defendants. *Hernandez*, 641 F.3d at 124 (District Court properly refused to consider hearsay evidence submitted in support of summary judgment.); *Okoye v. Univ. of Tex. Houston Health Science Center*, 245 F.3d 507, 510 n. 5 (5th Cir. 2001) (Hearsay statements "are not competent summary judgment evidence.")

2.  <u>BP and Anadarko's Responses To The United States Requests For Admissions Are Inadmissible Hearsay As To The Transocean Defendants.</u>

BP and Anadarko's responses to the United States Requests for Admission are unsworn and therefore also constitute hearsay that is not admissible on the United States Motion as to the Transocean Defendants. "It is only when the admission is offered against the party who made it that it comes within the exception to the hearsay rule for admissions of a party opponent." *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996) (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civ. 2d § 2264, at 571-572 (3d ed. 1994)). Hearsay statements "are not competent summary judgment evidence." *Okoye*, 245 F.3d at 510 n.5.

3.  <u>BP's Memorandum In Support Of Its Motion For Spoliation Sanctions And A E&P's Memorandum In Support Of Its Motion To Dismiss Are Inadmissible Hearsay As To Transocean.</u>

BP's memorandum in support of its Motion for Spoliation Sanctions and A E&P's

memorandum filed in support of its motion to dismiss the United States Complaint are inadmissible hearsay as to the Transocean Defendants because they are unsworn statements by a third-party.  Fed. R. Evid. 801(c).  Hearsay statements "are not competent summary judgment evidence." *Okoye*, 245 F.3d at 510 n. 5.

4. <u>The Presidential Commission Report Is Inadmissible Hearsay</u>.

The Presidential Commission Report is inadmissible hearsay   Under Rule 803(8), a report is inadmissible if "the sources of information or other circumstances indicate lack of trustworthiness." The circumstances under which the Report was generated – including a strict six-month time limit on producing the report – show a lack of trustworthiness.  Transocean has filed a separate motion *in limine* objecting to the admissibility of the Presidential Commission report (Dkt. 4521) and hereby incorporates by reference the arguments set forth therein.

5. <u>The United States Cannot Rely On Judicial Notice To Make Contested Facts Admissible</u>.

Without identifying any particular document of which it requests that the Court take judicial notice, the United States sets forth, at the end of its Separate Statement of Material Facts under the heading "Admissibility of Exhibits", case law applicable to the taking of judicial notice.  But under Fed. R. Evid. 201(d), judicial notice may be taken only of a fact "not subject to reasonable dispute in that it is either (1) generally known within the trial court's territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id*.  "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344,

1354 (7th Cir. 1995).  The United States has not identified any fact of which it requests judicial notice that satisfies this standard.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel GiesberClingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill& Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By: /s/ Brad D. Brian.
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com,
allen.katz@mto.com

-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 1070)
Richard J. Hymel (Louisiana, No. 20230)
Preis& Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
-and-
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:
John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system and served on all counsel of record though LexisNexis File & Serve, in accordance with Pretrial Order No. 12, which will send a notice of electronic filing to all counsel of record on this 9th day of January, 2012.

/s/  Kerry J. Miller
KERRY J. MILLER