UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Relates To: 2:11-cv-0781 | * | MAGISTRATE SHUSHAN |

\*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

MAY IT PLEASE THE COURT:

Pursuant to Federal Rule of Civil Procedure 15(a), Johnson Bros. Corporation of Louisiana -- F. Miller Construction, L.L.C., a Joint Venture ("Johnson Bros."), through undersigned counsel, hereby respectfully submits this memorandum in support of its motion for leave to file its Second Amended Complaint.

Johnson Bros. filed a Complaint in the U.S. District Court for the Eastern District of Louisiana, for damages resulting from the Deepwater Horizon oil spill, on April 8, 2011. The Complaint named as defendants BP, p.l.c., BP America Production Company, BP Exploration & Production Inc., O'Brien's Response Management, Inc., Transocean, Ltd., Transocean Holdings, Inc., Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc., Triton Asset Leasing GmbH, Anadarko E&P Company L.P., Anadarko Petroleum Corporation, MOEX Offshore 2007 L.L.C., Cameron International Company and Halliburton Energy Services, Inc.

On May 13, Johnson Bros. filed an amended complaint adding Transocean Holdings, L.L.C. as a defendant. Johnson Bros. requests leave to file its Second Amended Complaint, naming two additional defendants, Weatherford U.S. L.P. and M-I, L.L.C. Johnson Bros. seeks to add Weatherford U.S. L.P. as a defendant, because it designed and manufactured, marketed, sold, and/or distributed the casing components such as the float collar, shoe, and centralizers appurtenant to the Deepwater Horizon vessel, and provided personnel and equipment for running the casing and casing components into the wellbore. M-I, L.L.C. supplied drilling mud products on the Deepwater Horizon, including drilling fluids and spacers, engineering services, and mud supervisory personnel, such as mud engineers and drilling fluid specialists, to manage the properties of those fluids in the well. M-I, L.L.C. employees planned and/or supervising key fluid-related activities at Macondo, such as the mud displacement that was occurring at the time of the April 20, 2010 blowout.

## LAW AND ARGUMENT

Rule 15(a)(2) of the Federal Rules of Civil Procedure, which deals with amendments other than those as a matter of course, provides that party may amend its pleading with the opposing party's written consent or the court's leave, and further states that the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2). In reference to the federal rules, the Supreme Court has indicated that in the absence of any apparent or declared reason, such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of the allowance of the amendment, or futility of the amendment, leave sought

should, as the rules require, be freely given.  Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227 (1962).

The undersigned contacted counsel for BP America and BP Exploration & Production Inc., as well as counsel for Cameron International Company, and those defendants consent to the filing of the Second Amended Complaint.

Counsel for Johnson Bros. attempted to contact counsel for the following defendants via e-mail or telephone to obtain their consent to the filing of the Second Amended Complaint, but received no response:

>    A.    O'Brien's Response Management, Inc.,
>
>    B.    Transocean Holdings, Inc.,
>
>    C.    Transocean Offshore Deepwater Drilling, Inc.,
>
>    D.    Transocean Deepwater, Inc.,
>
>    E.    Triton Asset Leasing GmbH,
>
>    F.    Anadarko E&P Company L.P.,
>
>    G.    MOEX Offshore 2007 L.L.C.
>
>    H.    BP p.l.c.,
>
>    I.    Transocean, Ltd.,
>
>    J.    Anadarko E&P Company L.P., and
>
>    K.    Anadarko Petroleum Corporation.

For those defendants contacted by telephone, Counsel for Johnson Bros. left messages

notifying counsel of its intention to add two additional defendants, but did not receive any response. The proposed amendment will not cause undue delay, nor will it cause any undue prejudice to the defendants. It is not sought in bad faith or for a dilatory motive. As such, Johnson Bros. respectfully requests that leave be granted so that Johnson Bros. may file its Second Amended Complaint.

## CONCLUSION

For the reasons cited herein, Johnson Bros. respectfully requests that this court enter an order granting Johnson Bros. leave to file its Second Amended Complaint as shown in Exhibit "A" to the motion that this memorandum supports.

Respectfully submitted,

/s/ Daniel Lund, III
Lloyd N. Shields, T.A. (La. Bar #12022)
Daniel Lund, III (La. Bar #19014)
Elizabeth L. Gordon (La. Bar #21619)
Shields Mott Lund L.L.P.
650 Poydras Street, Suite 2600
New Orleans, Louisiana  70130
Telephone:  (504) 581-4445
Fax:  (504) 581-4440
dlund@shieldsmottlund.com

Attorneys for
   Johnson Bros. Corporation of Louisiana
      -- F. Miller Construction, L.L.C.,
       a Joint Venture.

CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion for Leave to File Second Amended Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of January, 2012.

/s/ Daniel Lund, III

47880-01\Pleadings\Memo in Support of Motion for Leave to File 2nd Amended Complaint.wpd