UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ………………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE
TO PRECLUDE EXPERT OPINION TESTIMONY NOT DISCLOSED
IN THE EXPERT'S RULE 26(A) WRITTEN REPORT**

This Court has repeatedly emphasized the importance of restricting expert opinion testimony to the four corners of the expert's written report. This mandate did not appear out of thin air. Rather, it reflects a straightforward reading of the requirements of Federal Rule of Civil Procedure Rule 26(a) in tandem with this circuit's case law. There have, however, been instances in which deposition testimony has been elicited from experts that goes beyond the purview of their reports. Under this Court's orders, and consistent with Rule 26 and clear and controlling case law, any such testimony should be precluded at trial.

Each time the Court has confronted the issue of the scope of expert testimony it has drawn a consistent bright line: expert opinions must be restricted to the four corners of the submitted expert report (including any rebuttal report). *See* Order at 5, MDL No. 2179 (Nov. 7, 2011) (Rec. Doc. 4486) ("Retained expert opinions are restricted to the four corners of the original report and any rebuttal report . . . ."); Order at 5, MDL No. 2179 (Nov. 22, 2011) (Rec. Doc. 4690) ("The Four Corners of Reports of Experts[:] . . . . An expert should not be allowed to express an opinion if it is not in their report.").

Under Rule 26, an expert must furnish a report and it "must contain . . . a ***complete statement of all opinions the witness will express and the basis and reasons for them***. . . ." FED. R. CIV. P. 26(a)(2)(B) (emphasis added).  A party's failure to provide a report covering the full scope of opinions and bases as to which its expert intends to testify results in the party being prohibited from "us[ing] that information or witness to supply evidence on a motion, at a hearing, or at trial" absent a substantial justificatory basis or a showing of harmlessness.  FED. R. CIV. P. 37(c)(1); *see Booker v. Moore*, Civil Action No. 5:08-cv-309, 2010 WL 2426013, at *1 (S.D. Miss. June 10, 2010) (discussing application of Rule 37(c) in decision to exclude portion of expert's deposition testimony for failure of expert to stay within scope of his report).  These provisions require an expert to stay within the bounds of his submitted report when providing testimony, and they empower courts to exclude an expert's testimony when it strays outside the four corners of that report.  *See generally Witt v. Chesapeake Exploration, L.L.C.*, Civil Action No. 2:10-cv-22-TJW, 2011 WL 2790174, at *2 (E.D. Tex. July 14, 2011) (citing cases for the proposition that an expert may not testify beyond the confines of his expert report). [1]

The proposition that an expert may not testify on matters not disclosed within the four corners of his report is so well-established that BP had not anticipated needing to file a motion *in limine* on this topic.  The questioning of certain experts at deposition, however, has revealed that certain parties do not intend to abide by this bedrock principle of civil litigation.

The PSC solicited an undisclosed opinion from its own expert (Gregg Perkin, proffered as an expert on BOP issues) at the tail-end of his deposition – at a point in time when BP had no

---

[1] BP recognizes that testimony of an expert on cross examination – hostile and adverse in nature, and not "friendly" cross – can and has lead to expert testimony that may arguably contain "new" opinions that support the case of a party adverse to that party proffering the expert.  BP believes such admissions from an expert on hostile cross examination are not subject to the so-called four corners rule and does not seek to exclude such admissions via this motion.  Indeed, admissions by experts at deposition that might be characterized as "new" are routinely admitted into evidence at trial.

opportunity to engage in further questioning.  Without having disclosed anything of this nature in his written reports, counsel for the PSC asked Mr. Perkin on re-direct examination whether it had been "good oil field practice" to allegedly drill the Macondo Well for 60 days with a "non-shearable-pipe across the BOP."  Mr. Perkin testified: "It's not – it's not – it's not good oil field practice.  *It's reckless*."  Perkin Dep. Tr. 786:22 - 787:5 (Vol. 2) (emphasis added).  No such opinion (much less any basis for such an opinion) appears in Mr. Perkin's written reports.

Neither Mr. Perkin nor any other expert should be allowed to proffer an opinion not disclosed in his written report.  Nor should an expert be allowed to support an opinion on any basis not similarly disclosed in his expert report.  *See*, *e.g.*, *Booker*, 2010 WL 2426013, at *1, 3 (excluding expert's testimony on medical costs as beyond scope of expert's report); *Carter v. Lagloria Shipping*, Civ.A. Nos. 94-2920, 95-0438, 1996 WL 4904, at *1 n.1 (E.D. La. Jan. 3, 1996) (granting motion "to exclude the portions of the deposition testimony which fall outside the scope of the experts' respective reports"); *see also., e.g.*, *Sensormatic Electronics Corp. v. WG Security Products, Inc.*, Civil Action No. 2:04-CV-167, 2006 WL 5111113, at *1 (E.D. Tex. June 5, 2006) (granting motion in limine to limit experts' testimony to matters covered in experts' reports); *Acco Brands, Inc. v. American Power Conversion Corp.*, No. 2-02CV-113 (TJW), 2003 WL 25673230, at *1 (E.D. Tex. Nov. 25, 2003) (same).

## Conclusion

BP respectfully requests that the Court enter an Order making it clear that no expert will be allowed to offer opinions or bases for opinions at trial (either live or through deposition designations) that were not disclosed in his written Rule 26(a) report.

Dated: January 9, 2012                               Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of January, 2012.

                                                                                        /s/ Don K. Haycraft