**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE |
| …………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE**
**TO BAR FACT OR OPINION TESTIMONY ON ISSUES OF LAW**

No witnesses – whether lay or expert – should be allowed to give testimony that amounts to assertions or conclusions as to the law or its application to the facts in this case. This is a bright-line rule, yet a number of parties have ignored it and, over the course of many depositions, created a pre-trial record replete with inadmissible testimony as to matters of law. All such testimony should be excluded at the Limitation and Liability trial.

Courts in this and other circuits have clearly and consistently found that to the extent a witness's testimony constitutes a legal conclusion, it is inadmissible at trial. *See, e.g.*, *Schafter v. Kodiak Manufacturing, Inc.*, Civil Action No. 11-619, 2011 WL 1656081, at *4 (E.D. La. May 2, 2011) (finding testimonial statements regarding lack of negligence to be "legal conclusions" and thus not "competent evidence" and citing cases for the same proposition); *Imperial Trading Co. v. Travelers Property Casualty Co. of America*, 654 F. Supp. 2d 518, 522 (E.D. La. 2009) (granting motion *in limine* to exclude testimony as "rife with legal conclusions, which are inadmissible in this court"); *BG Real Estate Services, Inc. v. Monticello Insurance Co.*, No. Civ.A. 04-3408, 2006 WL 461706, at *3 (E.D. La. Feb. 27, 2006) (granting motion to strike witness's "'opinion'" because it was "wrought with inadmissible legal conclusions"). The reasoning behind this rule is plain: It invades the province of the court, and offering it into

evidence threatens to usurp the role of the judge as the arbiter of any issues of law. *See Rushing v. Pride International, Inc.*, Civil Action No. H-11-0294, 2011 WL 3021043, at \*6 & n.17 (discussing reasons for inadmissibility of testimony amounting to legal conclusions in context of determination that testimony discussing a Supreme Court opinion and opining on the status of a vessel in the Gulf of Mexico is inadmissible because it constitutes legal conclusions); *Taylor Pipeline Construction, Inc. v. Directional Road Boring, Inc.*, 438 F. Supp. 2d 696, 706 (E.D. Tex. 2006) (discussing reasons for inadmissibility of testimony amounting to legal conclusions in context of determination that, even to extent proffered witness was a qualified expert, his testimony on "conclusions of law" would still be inadmissible).

This prohibition applies with equal force to the testimony of lay witnesses as to expert opinion testimony. *See Rushing*, 2011 WL 3021043, at \*6 n.17 (citing cases specifically rejecting admissibility of proffered expert testimony amounting to legal conclusions); *Chaney v. Omega Protein, Inc.*, Civil Action No. 09-7235, 2010 WL 4668445, at \*1-2 (E.D. La. Nov. 8, 2010) (partially granting motion *in limine* to extent maritime expert's testimony on vessel status and party conduct amounted to inadmissible legal conclusions); *Manton v. Strain*, Civil Action No. 09-0339, 2010 WL 4364480, at \*2 (E.D. La. Oct. 21, 2010) (rejecting expert testimony analyzing whether police had probable cause to initiate arrest of plaintiff in § 1983 suit). Indeed, courts must take special care to the misuse of expert testimony to establish points of law, recognizing the danger that an appearance of expertise might lend a sense of propriety to a usurpation of the court's responsibility. *See Marx & Co. v. Diners' Club Inc.*, 550 F.2d 505, 511 (2d Cir. 1977) (rejecting expert's testimony offering legal interpretation of significant facts at issue in the case and recognizing the need to avoid "battles of paid advocates posing as experts on the respective sides concerning matters of domestic law").

It is true that some courts have held that qualified witnesses may testify generally on certain legal matters for purposes of establishing background facts.  *See Betts v. General Motors Corp.*, No. 3:04cv169-M-A, 2008 WL 2789524, at *9 (S.D. Miss. July 16, 2008) (discussing how Fifth Circuit courts "have . . . concluded that testimony regarding general background information of federal regulations is admissible at long as the expert is not stating ultimate legal conclusions based upon those background facts.")  But those same courts have cautioned against allowing experts to proffer opinions on any conclusion of law.  The line between such "general background information" and "ultimate legal conclusions" is distinct and inviolable.  *See, e.g.*, *United States ex rel. Barron v. Deloitte & Touche, LLP*, Civil No. SA-99-CA-1093-FB, 2008 WL 7136868, at *2-3 (W.D. Tex. 2008) (granting motion *in limine* to exclude witness's opinion to extent opinion opined on final legal issue of whether billing occurred "appropriately" while denying motion to extent opinion merely provided background information on matters of law within witness' realm of expertise).  And, even where the testimony apparently relates to background information, courts will remain on guard for "legal conclusions masquerading as expert opinions."  *Indianapolis Minority Contractors Association, Inc. v. Wiley*, No. IP 94-1175-C-T/G, 1998 WL 1988826, at *11, 14 (S.D. Ind. May 13, 1998) (declaring that proffered expert "cannot be allowed to reach" what amount to "legal conclusions masquerading as expert opinions[,]" regarding regulatory compliance).  Moreover, as discussed below, such fine distinctions are not in play here – the testimony at issue unquestionably involves legal conclusions, not purely factual discussion of conduct in a law-related realm.

In spite of courts' uniform recognition of this bedrock evidentiary principle, parties to the MDL have continuously drawn out testimony from both lay and expert witnesses amounting to legal conclusions.  For example, during the deposition of Dustin Johnson, a Transocean

roustabout onboard the *Deepwater Horizon* on the day of the incident, Transocean counsel repeatedly channeled questioning to the topic of the crew's "recklessness," unsurprisingly eliciting answers from Mr. Johnson that his fellow crew members never behaved as such. Johnson Dep. Tr. 190:16 - 191:2, 194:12 - 194:21 (Question: "Did you ever see anything that would lead someone to say [that your fellow crew members] were reckless when it came to safety?" Answer: "No, sir."). Regardless of whether Mr. Johnson (or any other witness) appreciates the legal implication of a statement that particular conduct was "reckless," the fact remains that in a matter such as this where "recklessness" is a significant issue of law, witnesses cannot be allowed to testify in these terms. Other examples abound. For example, counsel for Transocean asked Stuart Lacey, a BP consultant (a fact, not an expert witness), whether "[a]t any time during the drilling of the Macondo Well, did you observe any willful or intentional misconduct towards human safety on the part of any Transocean crew member?" (S. Lacy Dep. at 166:6-9.) This was not sloppy questioning; it was a deliberate effort to elicit a favorable legal conclusion from a fact witness.

This issue also permeates the expert evidence proffered in this case. BP will address these instances in its *Daubert* motions, but here are a few typical examples. Dr. Patrick Hudson, a Halliburton expert, opines that BP was "reckless" in the very first paragraph of his expert report. Hudson Rpt. at 6. During the deposition of Glen Benge, the United States' expert on issues of cementing, counsel for Halliburton repeatedly elicited testimony from Mr. Benge to the effect that Halliburton's troubled cementing performance at Macondo was not "negligent." Benge Dep. Tr. 363:23 - 364:3, 369:15 - 369:20 (Vol. 2) (Question: "Do you view Halliburton as being negligent . . . for using foam cement with synthetic oil-based mud?" Answer: "No, I do

not.")   Whether Halliburton was negligence is a matter for the Court to determine, not for Halliburton's employees or experts to decide.

As another example, The PSC's BOP expert Gregg Perkin opined that drilling the Macondo Well for 60 days absent a "non-shearable-pipe across the BOP" was "reckless."  Perkin Dep. Tr. 786:22 - 787:5 (Vol. 2).  Dr. Alan Huffman has submitted reports that purport to characterize BP's compliance with MMS regulations, and expressly admitted in deposition that it was his opinion that "BP violated the law."  (Huffman Dep, at 99-101).  This testimony is impermissible – even more so than the statement of a fact witness given the status sought by these witnesses as "experts."

As these examples show, there have been several instances where impermissible testimony has been elicited from deponents.  This and any similar testimony, whether introduced by designation or live at trial, should be precluded.

## Conclusion

BP respectfully requests that the Court enter an Order making it clear that no witness will be allowed to offer testimony (either live or through deposition designations) constituting legal conclusions at the Limitation and Liability trial.

Dated: January 9, 2012                              Respectfully submitted,


                                                    /s / Don K. Haycraft

                                                    Don K. Haycraft (Bar #14361)
                                                    R. Keith Jarrett (Bar #16984)
                                                    LISKOW & LEWIS
                                                    One Shell Square
                                                    701 Poydras Street, Suite 5000
                                                    New Orleans, Louisiana 70139-5099
                                                    Telephone: (504) 581-7979
                                                    Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration &*
*Production Inc. & BP America Production*
*Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of January, 2012.

/s/  Don K. Haycraft__