UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig "Deepwater : MDL No. 2179
Horizon" in the Gulf of Mexico, on :
April 20, 2010 : SECTION: J
:
This Document Relates To: All Actions : JUDGE BARBIER
: MAGISTRATE JUDGE
……………………………………………... : SHUSHAN

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE
TO EXCLUDE PHASE II EVIDENCE FROM PHASE I OF THE TRIAL**

In PTO 41 (as amended) (Rec. Doc. 4033), the Court has established a clear division between the factual and legal issues to be addressed in the upcoming Phase I of the trial versus those to be addressed in Phase II. Adherence to this division has been a key factor in achieving the unprecedented efficiency in managing one of the largest litigation proceedings in history. However, that efficiency is threatened by the efforts by the PSC and the United States to introduce evidence in Phase I that properly belongs in the Phase II proceedings. These efforts prejudice BP and other defendants who have abided by the Court's directions and thus have not yet had an opportunity to conduct the necessary fact and expert discovery on the Phase II topics the PSC and United States seek to introduce in Phase I.

While the Court allowed the parties to include testimony related to Phase II issues in their deposition designations (to avoid having to re-designate depositions at a later date), Judge Shushan expressly directed that this testimony not be highlighted in the two-page deposition summaries. E-Mail from Magistrate Judge Shushan to Counsel, Nov. 17, 2011 at 8:41AM; Order Regarding Phase Two Deposition Designations (Doc. No. 4735). Counsel for the PSC and the United States have regularly ignored this directive and, in discussions about these summaries, have indicated they have an different understanding of what evidence is properly within the

scope of the Phase I trial and what should be reserved for Phase II.  For example, the PSC and USA want to introduce evidence about defendants' spill preparedness into Phase I.  This contrary – yet incorrect – view necessitates this motion.

The Court has set the scope of the evidence for the Phase I trial as that "relevant to the loss of well control at the Macondo Well, the ensuing fire and explosion on the MODU DEEPWATER HORIZON on April 20, 2010, and the sinking of the MODU DEEPWATER HORIZON on April 22, 2010, and the initiation of the release of oil from the Macondo Well or DEEPWATER HORIZON during those time periods (collectively, the "Incident")."  Amended Pretrial Order #41 (Case Management Order #3 (Doc. No. 4033).  Phase 2, in turn, deals with "stopping the release of hydrocarbons stemming from the Incident" and quantification.  *Id.*

Despite this bright-line rule based on subject matter, the PSC and United States continue to insist that evidence of a party's preparedness to respond to the Incident is appropriate for introduction in the Phase I trial.  Plans regarding how to respond to a spill and the technology available to so respond have no logical connection to how or why the Incident at the Macondo Well and on board the *Deepwater Horizon* occurred.  Spill-preparedness facts clearly relate to the parties' efforts to "stop[] the release hydrocarbons stemming from the Incident," and are thus properly proffered in Phase II, not Phase I, of the trial.

The PSC's summary of the deposition of Mr. Richard Lynch of BP exemplifies the PSC's improper view as to the scope of the evidence for Phase I of the trial.  It claims that Mr. Lynch's testimony showed:

- BP filed an Oil Spill Response Plan with the Federal Government, the purpose of which was to show that BP had the equipment in place to respond to an oil spill.

- BP represented that it had the personnel, equipment and materials to respond effectively to "worst-case discharge scenarios."

- BP was not capable of responding to the Macondo Well discharge.

2

- BP did not have the equipment necessary to cap the Macondo Well. It had to start from scratch.

- The equipment BP did have on hand was only capable of containing a small percentage of the discharge form the Macondo Well.

(PSC Lynch Deposition Summary)  The summary prepared by the United States is similarly misguided. Its first section heading is "BP was not prepared for responding to the oil spill emanating form the Macondo Well on April 20, 2010."

Mr. Lynch was not the only witness through whom the PSC and others have indicated they intend to introduce Phase II evidence into Phase I of the trial. The PSC's summary for the deposition of Mr. James Dupree of BP claims that the "key relevance" of his deposition includes "BP's … failure to have alternative methods ready to stop the flow of hydrocarbons from a deepwater blowout." It has a section heading that reads "BP was Totally Unprepared to Stop the Flow of Hydrocarbons from a Deepwater Blowout." The summary of the deposition of Mr. Andrew Frazelle of BP also includes, as one of its five sections, one entitled "BP Did Not Adequately Prepare for a Deepwater Blowout," which purports to summarize testimony concerning the inclusion of capping stacks in BP's well control plans to address blow-out scenarios in the Gulf of Mexico. The summary for the testimony of John Shaughnessy, a BP drilling engineer, claims that "BP Was Completely Unprepared for a Deepwater Blowout in the GoM."

Nor has this effort been limited to BP employee witnesses. The summary of the deposition of Mr. Patrick Campbell of Wild Well Control, Inc., claims that "Prior to Drilling at Macondo, Technology Was Available to BP Which, Had It Been Requested and Ready for Use on April 20th, Could Have Been Employed to Control the Spill More Rapidly," which purports to summarize Mr. Campbell's views on the availability of various technologies to control a deepwater well blow-out if a blow-out preventer did not function as intended.

3

None of this testimony has *any* bearing on what caused the Incident.  There is no logical, coherent argument that a party's preparedness to respond to an oil spill is somehow probative of whether its conduct caused the spill.  Indeed, even if there were some marginal relevance to this evidence, introducing into the Phase I trial is clearly inconsistent with the line the Court has drawn to facilitate the orderly and efficient presentation of evidence.

During discussions before Magistrate Judge Shushan regarding this issue, the PSC and United States have not attempted to link the inclusion of spill preparedness in Phase 1 to how the Court has defined Phase 1.  Instead, the PSC and United States indicated that in their view such evidence went to gross negligence or willful misconduct, generally.  That argument does not, however, abide by how the Court has chosen to structure this trial.

Allowing the PSC and United States to unilaterally introduce evidence that has no logical connection to the causation of the Incident during Phase I of the trial would prejudice the parties that have abided by this Court's orders on how to manage discovery and the presentation of evidence.  The PSC and United States seek to introduce evidence regarding BP's preparedness to respond to a spill.  But evidence of this sort requires substantially more context that the PSC or United States suggest including in Phase I.  For example, it is well established that a party's conformance with industry and/or regulatory standards is relevant in evaluating if a party met its duties of care.  *See*, *e.g.*, *Muncie Aviation Corp. v. Party Doll Fleet, Inc.*, 519 F.2d 1178, 1180 (5th Cir. 1975) (industry standards); *Dorsey v. Honda Motor Co. Ltd.*, 655 F.2d 650, 656 (5th Cir. 1981) (regulatory standards).  The limited testimony on Phase II taken to date would support BP's position that it was in compliance with industry standards and government regulations.  *See*, *.e.g.* Deposition of Pat Campbell, Wild Well Control 30(b)(6) Witness at 334-35 (agreeing that no one in the industry had various response devices, such as a capping stack, at the time of

the incident). However, BP and other defendants have not yet had the opportunity to take the full discovery that BP believes will continue to show conformance with industry and government standards for its operations. Indeed, the Phase II 30(b)(6) topics that are currently being finalized repeatedly include topics that directly relate to industry preparedness. Because neither fact nor expert discovery has taken place on Phase II issues, it would severely prejudice the defendants who were conforming to the Court's instructions on how to handle discovery in this case to permit the PSC and United States to prematurely introduce evidence of spill preparedness during Phase I.

BP respectfully requests that the Court preclude the parties from introducing any Phase II evidence, specifically BP's (and other defendants') preparedness to respond to an oil spill, during Phase I of the trial. Allowing the PSC and United States to introduce evidence of BP's preparedness to respond to a spill during Phase I would defeat the Court's orders on the phasing of the case, and would require substantial factual and expert discovery scheduled for the Phase II discovery process to be concluded prior to Phase I of the trial.

## Conclusion

For these reasons, BP respectfully requests that the Court enter an Order clarifying that evidence related to a party's preparations for and ability to respond to a spill be excluded from the Phase I trial.

Dated: January 9, 2012	Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of January, 2012.

/s/  Don K. Haycraft