# EXHIBIT 33



Sep 19 2011
4:47PM

UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES

### UNITED STATES OF AMERICA'S REVISED RESPONSES TO THE APPLICABLE REQUESTS CONTAINED WITHIN THE VARIOUS DEFENDANTS' SECOND JOINT DISCOVERY REQUESTS TO PLAINTIFFS

The United States of America by its undersigned Counsel, and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby submits revisions to its original responses to certain requests for admission, pursuant to the Court's September 2, 2011 Order (Document 3905). Except for such revisions, the United States retains its objections and other responses to the Various Defendants' Second Joint Discovery Requests to Plaintiffs.[1]

### GENERAL OBJECTIONS

The United States asserts the following objections to the Various Defendants' Second Joint Discovery Requests to Plaintiffs. The United States has endeavored to identify the most relevant of these general objections in response to each individual request. Nonetheless, each of these general objections are incorporated by reference into each specific response set forth by the United States and none of these objections is either waived or limited by the specific responses.

---

[1] Counsel for Halliburton and BP have both informed undersigned counsel that their requests for admission were not directed to the United States.

1

operation – such as the drilling of the Macondo Well approved by the Anadarko Defendants in the initial Authorization for Expenditure – shall be furnished a copy of each application for a permit (APD) to drill and all amendments to that application. Amendments to the APD for the Macondo Well included updated wellbore schematics and revisions to the casing program.

63. Admit that you have no evidence that the Anadarko Non Operating Party Defendants were involved in any Communications leading to these decisions relating to the Macondo Well:

**OBJECTION**: The United States hereby incorporates by references its objection to the definition of Anadarko Non Operating Party because the United States contends the Anadarko Defendants are also operators. The United States objects to this request on the grounds that "leading to these decisions" is vague, ambiguous, and lacking in sufficient context.

(a) The April 2010 decision to use a long string versus a liner with tieback for the final casing segment of the Macondo Well;

**RESPONSE**: Subject to, and without waiving, the foregoing general and specific objections, the United States responds as follows:

Denied. The Anadarko Defendants elected to participate in and executed an AFE for the Macondo Well production casing on April 15, 2010, enabling BP to install the long-string casing, which has been alleged to be the flow path of the hydrocarbons that were released from the Macondo Well. The Anadarko Defendants also were provided with a Daily Operations Report for April 17, 2010, which informed Anadarko, among other things, the the "24 Hr Forecast" was to "RUN 7" X 9 5/8" CASING, CEMENT SAME." Moreover, other communications between BP and Anadarko personnel made Anadarko fully aware of the decision to run a production casing before it was installed.

(b) Any cement design for the Macondo Well;

11

**OBJECTION**:  The United States objects to this request on the grounds that the term "cement design" is undefined, vague, ambiguous.

**RESPONSE**:  Subject to, and without waiving, the foregoing general and specific objections, the United States responds as follows:

Denied, except as expressly admitted herein.  The United States has no evidence of any Anadarko employee talking with or receiving a message directly from a BP employee or contractor concerning the cement design for the Macondo Well.  However, BP informed Anadarko, before cement for the Macondo Well production casing was pumped, of certain aspects of the cement procedure for the production casing.  For example, Anadarko received and approved Authorizations for Expenditure for the Macondo Well production casing on April 15, 2010, enabling BP to perform the final failed cement job and install the long-string casing, which has been alleged to be the flow path of the hydrocarbons that were released from the Macondo Well.  Anadarko also was provided with a Daily Operations Report for April 17, 2010, which informed Anadarko, among other things, the "24 Hr Forecast" was to "RUN 7" X 9 5/8" CASING, CEMENT SAME," and that the "Current Status" was "DISPLACING CEMENT W/ 14.0 PPG MUD."

(c) Any cement recipe for the Macondo Well;

**RESPONSE**:  Subject to, and without waiving, the foregoing general and specific objections, the United States responds as follows:

Denied, except as expressly admitted herein.  The United States has no evidence of any Anadarko employee talking with or receiving a message directly from a BP employee or contractor regarding the decision for any cement recipe for the Macondo Well.  However, BP informed Anadarko, before cement for the Macondo Well production casing was pumped, of

12

certain aspects of the cement procedure for the production casing.  For example, Anadarko received and approved Authorizations for Expenditure for the Macondo Well production casing on April 15, 2010, enabling BP to perform the final failed cement job and install the long-string casing, which has been alleged to be the flow path of the hydrocarbons that were released from the Macondo Well.  Anadarko also was provided with and downloaded a Daily Operations Report for April 17, 2010, which informed Anadarko, among other things, the "24 Hr Forecast" was to "RUN 7" X 9 5/8" CASING, CEMENT SAME," and that the "Current Status" was "DISPLACING CEMENT W/ 14.0 PPG MUD."   In addition, the Daily Operations Reports dated April 16, 17 and 18, 2010, informed Anadarko, among other things, about "Materials/Consumption" of "Cement Lite Fill," "Cement," "Cement Class G" and "Barite," including the amount of sacks on hand.

       (d) The use of six rather than 21 centralizers on the final long string production casing for the Macondo Well;

       **RESPONSE**:  Subject to, and without waiving, the foregoing general and specific objections, the United States responds as follows:

       Denied, except as expressly admitted herein.  The United States has no evidence of any Anadarko employee talking with or receiving a message directly from a BP employee or contractor regarding the decision to use six rather than 21 centralizers on the final long string casing for the Macondo Well.  However, BP informed Anadarko, before cement for the Macondo Well production casing was pumped, of certain aspects of the cement procedure for the production casing.  For example, Anadarko received and approved Authorizations for Expenditure for the Macondo Well production casing on April 15, 2010, enabling BP to perform

13

**RESPONSE**:  Subject to, and without waiving, the foregoing general and specific objections, the United States responds as follows: Admit.

64. Admit that you have no evidence that the Anadarko Non Operating Party Defendants made any operational decisions regarding drilling the Macondo Well.

**OBJECTION**:  The United States hereby incorporates by reference its objection to the definition of Anadarko Non Operating Party because the United States contends the Anadarko Defendants are also operators. The United States objects to this request on the grounds that "made any operational decisions" is vague, ambiguous, and lacking in sufficient context.

**RESPONSE**:  Subject to, and without waiving, the foregoing general and specific objections, the United States responds as follows:

Denied.  For example, the Anadarko Defendants designated BP as the "operator" for the Macondo Well pursuant to the Joint Operating Agreement.  In addition, The Anadarko Defendants received and approved the four Authorizations for Expenditure, including the production casing Authorization for Expenditure on April 15, 2010, enabling BP to perform the final failed cement job and install the long-string casing, which has been alleged to be the flow path of the hydrocarbons that were released from the Macondo Well.

65. Admit that you have no evidence that the Anadarko Non Operating Party Defendants were involved in any decisions or actions regarding temporary abandonment of the Macondo Well.

**OBJECTION**:  The United States hereby incorporates by reference its objection to the definition of Anadarko Non Operating Party because the United States contends the Anadarko Defendants are also operators.

**RESPONSE**:  Subject to, and without waiving, the foregoing general and specific objections, the United States responds as follows:

this Agreement" and is "not subject to the control or direction of the Non-Operating" except as is provided in the provisions outlining procedures for elections, voting, and approval by unanimous consent.  However, Anadarko's status as a lessee, its designation of BP as operator to act as its local agent, its ratification and joinder of the Joint Operating Agreement and its elections to approve all Macondo Well AFEs as a participating party, Anadarko participated in all operations at the Macondo Well performed by its agent BP.  To the extent that the OCSLA requirements overlap with "process safety," Anadarko was responsible to the government for both "decisions and actions regarding process safety."  In addition, Joint Operating Agreement Article 5.10, Health, Safety, and Environment (HSE), states that "the Operator shall, with the support and cooperation of the Non-Operators" design, manage, and apply HSE systems, as well as meet applicable HSE statutory requirements. Thus, Anadarko's HSE responsibilities under the Joint Operating Agreement may be coextensive with "decisions and actions regarding process safety."

68.     Admit that you have no evidence that any of the Anadarko Non Operating Party Defendants ever were aboard the *Deepwater Horizon* while the rig was drilling the Macondo Well.

**OBJECTION**:  The United States hereby incorporates by reference its objection to the definition of Anadarko Non Operating Party because the United States contends the Anadarko Defendants are also operators.

**RESPONSE**:  Subject to, and without waiving, the foregoing general and specific objections, the United States responds as follows:

The United States admits that it has no evidence at this time that any of the Anadarko Defendants ever were aboard the Deepwater Horizon while the rig was drilling the Macondo Well.