## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE |
| …………………………………………….. | : | SHUSHAN |

### BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING BP EMPLOYEE COMPENSATION INFORMATION

Over the course of many depositions, information detailing the way in which various BP personnel are compensated has been revealed.  Not only is such information irrelevant to any issue of fact or law in this case; its disclosure raises the risk of inflicting personal harm, both emotional and reputational, on deponents and trial witnesses.  This information should be excluded at trial.

Even in instances where, unlike here, employee compensation information could theoretically have probative value, courts, recognizing the inherent sensitivity of these facts, have been wary of allowing such information into evidence at trial.  *See, e.g.*, *United States v. Ferguson*, Criminal No. 3:06CR137 (CFD), 2007 WL 4240782, at *1 (D. Conn. Nov. 30, 2007) (excluding from criminal proceedings evidence of defendant's salary and bonus at American International Group, Inc. (AIG) as irrelevant to issue of defendant's participation in allegedly illegal criminal financial activity despite government's argument that such information tended to establish defendant's willingness to participate in the financial scheme); *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 92 F. Supp. 2d 786, 790 (N.D. Ill. 2000) (excluding evidence of employees' salaries in contract and warranty suit against manufacturer and its surety as irrelevant despite party's argument that such information went to show employees' operational competence

and qualifications); *Jackson v. Bayou Industries, Inc.*, Civ. A. No. 94-946, 1995 WL 133331, at *1 (E.D. La. Mar. 28, 1995) (excluding evidence of plaintiff's compensation at other jobs in discrimination suit despite defendant's argument that evidence established that plaintiff's pay was comparable while employed by defendant).

In these proceedings, the case for exclusion is that much stronger. BP's compensation arrangements with its individual employees are far beyond the purview of any issue, legal or factual, at play in the MDL. Such information does not survive the basic test of relevance under Rules 401 and 402. Whether, for example, Robert Bodek, an operations geologist at BP, received a bonus between 2006 and 2010 and, if so, how that bonus was computed, Bodek Dep. Tr. 409:8 - 413:13 (Vol. 1), whether Erick Cunningham, a cementing engineer at BP, received stock options in the Company, Cunningham Dep. Tr. 111:23 - 112:16 (Vol. 1), or whether David Sims, an operations manager at BP, received salary increases between 2008 and 2011, Sims Dep. Tr. 16:1 - 17:11 (Vol. 1) – such matters bear no relation to the facts at issue in determining the liability of the parties with respect to the *Deepwater Horizon* incident.

Similar efforts to introduce irrelevant, personal and private information into trial have been consistently rebuffed by courts in this Circuit. *See, e.g.*, *Tratree v. BP North America Pipelines, Inc.*, 390 F. App'x 386, 391 (5th Cir. 2010) (unpublished) (affirming trial court's exclusion of "evidence that BP paid large bonuses to . . . [its] district managers for their performance" as minimally relevant, cumulative for the point it was asserted, and associated with a danger of unfair prejudice); *cf., e.g.*, *Thomas v. Louisiana Farm Bureau Insurance Co.*, Civil Action No. 07-960, 2010 WL 3843056, at *3 (M.D. La. Sept. 27, 2010) (recognizing "important" privacy interests of "non-party individuals" in their personnel files and therefore reviewing personnel materials in camera, excluding the bulk of their contents from discovery, and only

permitting discovery of heavily redacted versions of the files with personal data removed); *Reynolds v. York*, No. 3-04-MC-045-P, 2004 WL 1490040, at *1 (N.D. Tex. July 2, 2004) (endorsing party's arguments that documents reflecting party's compensation while employed at brokerage firm were irrelevant to issues in case and that disclosure would constitute an "unwarranted invasion of privacy" and granting party's motion to quash subpoena seeking discovery of those documents).

While the admission of individual employee compensation arrangements with the Company would serve no purpose in these proceedings, at the same time, were this information ***not*** excluded, many deponents (and possibly trial witnesses) would face a grave risk of personal harm both emotional and reputational.  An individual employee's compensation is a private, intimate piece of information, rarely disclosed, even among close associates.  This is so for sensible reasons: the release of this information can engender animosity, distrust, and resentment; it can also threaten the internal operations of the employer company by cultivating dissent among the ranks of its employees.  Such risks would inevitably be realized were BP's employees' compensation information admitted into the MDL.

## Conclusion

For these reasons, BP respectfully requests that the Court enter an Order making it clear that no witness will be allowed to offer testimony (either live or through deposition designations) disclosing compensation arrangements between BP and any of its employees within the regular course of their employment, inclusive of the witnesses themselves.

Dated: January 9, 2012                    Respectfully submitted,


                                          /s / Don K. Haycraft

                                          Don K. Haycraft (Bar #14361)
                                          R. Keith Jarrett (Bar #16984)
                                          LISKOW & LEWIS
                                          One Shell Square
                                          701 Poydras Street, Suite 5000
                                          New Orleans, Louisiana 70139-5099
                                          Telephone: (504) 581-7979
                                          Facsimile: (504) 556-4108

                                          and

                                          Richard C. Godfrey, P.C.
                                          (richard.godfrey@kirkland.com)
                                          J. Andrew Langan, P.C.
                                          (andrew.langan@kirkland.com)
                                          Timothy A. Duffy, P.C.
                                          (tim.duffy@kirkland.com)
                                          Kirkland & Ellis LLP
                                          300 North LaSalle Street
                                          Chicago, IL 60654
                                          Telephone: (312) 862-2000
                                          Facsimile: (312) 862-2200

                                          and

                                          Robert C. "Mike" Brock
                                          (mbrock@cov.com)
                                          Covington & Burling LLP
                                          1201 Pennsylvania Avenue, NW
                                          Washington, DC 20004-2401
                                          Telephone: (202) 662-5985

                                          *Attorneys for the BP Exploration &*
                                          *Production Inc. & BP America Production*
                                          *Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of January, 2012.

/s/  Don K. Haycraft