UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions<br><br>……………………………………………... | : : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE
TO EXCLUDE PRIVILEGED COMMUNICATIONS RELATING
TO THE SCOPE OF BP'S INTERNAL INVESTIGATION**

Portions of the deposition testimony of Matt Lucas disclose the contents of confidential communications, made to provide legal advice, regarding decision-making as to the appropriate scope of BP's Internal Investigation (a/k/a the Bly Investigation) into the *Deepwater Horizon* incident. As already recognized in prior rulings by Magistrate Judge Shushan, and as borne out in the clear and consistent case law of this Circuit, these materials are protected by the attorney-client privilege. Accordingly, consistent with the prior rulings of Judge Shushan, any testimony divulging the content of these communications must be excluded from trial.

**FACTUAL BACKGROUND**

As is well known to all parties, in the months following the *Deepwater Horizon* incident, BP conducted an internal investigation. The investigation's objectives were directed toward "gathering the facts surrounding the accident, analyzing available information to identify possible causes and making recommendations to enable prevention of similar accidents in the future." IIT Report at 9.

Large parts of the IIT Team's procedures were derived from pre-existing BP guidance regarding how internal accident investigations should be conducted. However, because of a

confluence of factors, a determination was made to have the Internal Investigation avoid conducting a "systemic root cause analysis." John Baxter Dep. Tr. 302:5 - 303:8 (Vol. 1). Among the personnel involved in this decision was John Baxter, BP's Acting Group Head of Safety & Operations. In fact, it was Baxter who ultimately approved the scope of the Internal Investigation. John Baxter Dep. Tr. 308:12 - 308:24 (Vol. 1).

During the deposition of Matt Lucas, a BP employee and member of the Internal Investigation Team, Mr. Lucas was questioned extensively regarding his knowledge of and role in the determination regarding the systemic root cause analysis. Matt Lucas Dep. Tr. 344:19 - 385:2 (Vol. 1). During that questioning, confidential documents were brought into the record which revealed BP's internal process for making that decision. *See id.* During and following Lucas's deposition, BP asserted attorney-client and work-product privilege over the documents and testimony at issue. Last May, following briefing, Judge Shushan agreed that the materials were privileged. *See* 2011-05-17 Working Group Order at 3 (Dkt. # 2396).

Notwithstanding Judge Shushan's ruling, the PSC and others have continued to refer to Mr. Lucas's testimony on this issue. In its summary of his deposition, the PSC highlights Mr. Lucas's testimony on this subject, including discussions as to how and why the exception was granted and specifically references discussions with counsel. (PSC Lucas Summary at 2). The United States likewise insists this testimony should come into evidence. (U.S. Lucas Summary at 1). Their deposition designations contain several excerpts from the questioning of Mr. Lucas driven by what Judge Shushan has already determined are privileged documents. The PSC has refused BP's repeated requests that the PSC follow Judge Shushan's May 2011 privilege ruling and delete references to this testimony. If Judge Shushan's ruling means anything, this testimony must be excluded from evidence.

## ARGUMENT

"The attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice." *King v. University Healthcare System, L.C.*, 645 F.3d 713, 720 (5th Cir. 2011) (internal quotation marks omitted). This protection extends to corporate clients. *See, e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). At least in the Fifth Circuit, the privilege will apply not only to communications from a client to his attorney, but from an attorney back to his client—at least to the extent the attorney-to-client communications reflect the client's confidential information. *See Hornbeck Offshore Services, L.L.C. v. Salazar*, Civil Action No. 10–1663, 2011 WL 22147765, at *20 (E.D. La. June 1, 2011) (citing *In re Ginther*, No. 07-80200-G3-11, 2008 Wl 4107487, at *5 (Bankr. S.D. Tex. Aug. 29, 2008)). And, again, at least in the Fifth Circuit, courts have extended the privilege not merely to confidential communications but to documents produced as a result of those communications (provided the purpose underlying the documents' production was, ultimately, the provision of legal advice). *See, e.g.*, *Ferko v. National Association for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 134-35 (E.D. Tex. 2003) (recognizing that the privilege "also protects documents produced as a result of [attorney-client privileged] communications").

On the basis of these principles, courts routinely exclude testimony which would disclose the content of materials deemed protected under the attorney-client privilege. *E.g.*, *Viazis v. American Association of Orthodontists*, 314 F.3d 758, 767 (5th Cir. 2002) (upholding district court's exclusion of testimony on grounds that testimony would reveal content that was protected by attorney-client privilege); *see, e.g.*, *Benbow v. Aspen Technology, Inc.*, No. Civ.A. 02-2881, 2004 WL 62734, at *1 (E.D. La. Jan. 8, 2004) (granting portion of motion in limine requesting

proactive exclusion of any "testimony on any subject matter in which the attorney-client privilege has been . . . invoked . . . [or] asserted).

These principles mandate the exclusion of the testimony concerning the documents that the Court has already determined reflected privileged communications regarding the scope of the work of the Internal Investigation Team.

## CONCLUSION

For these reasons, and consistent with clear case law and this Court's prior rulings, BP respectfully requests that the Court enter an Order excluding all testimony (either live or through deposition designations) concerning privileged communications and documents relating to determinations as to scope of the IIT's work, including, but not limited to, pages 344:19 - 385:2 of Mr. Lucas's deposition.

Dated: January 9, 2012

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

Case 2:10-md-02179-CJB-DPC   Document 5117-1   Filed 01/09/12   Page 6 of 6

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of January, 2012.

/s/  Don K. Haycraft