**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions …………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO BAR EVIDENCE REGARDING ITS RECRUITMENT AND PROMOTION STRATEGIES**

At his deposition, Sir William Castell, BP's senior non-executive director, was shown a document and gave testimony that disclosed highly sensitive information about the Company's recruitment and promotion efforts. Such information is wholly irrelevant to any issue of fact or law in the MDL. At the same time, its admission would place closely guarded competitive business strategies into the trial record. BP therefore seeks to exclude the relevant portion of this document and this testimony from evidence at trial.

In the summer following the *Deepwater Horizon* incident, Sir William created (through dictation to his assistant) a record of various high-level conversations he was having with others at the Company. Deposition Exhibit # 6254; Castell Dep. Tr. 229:6 - 230:11 (Vol. 1). This record was made as part of Sir William's ongoing efforts to satisfy his fiduciary duties as BP's senior non-executive director. *Id.* One of the entries in that record, dated to June 21, 2010, describes a conversation Sir William had with another non-executive director at BP, Paul Anderson. Castell Dep. Tr. 230:12 - 231:7 (Vol. 1). The unredacted portion of that entry (less than three full lines in length) describes portions of a conversation between Sir William and Paul Anderson. Deposition Exhibit # 6254.

In his deposition, Sir William was asked to provide further details on that meeting generally and the record entry in particular. In the course of his responses, however, he also provided information regarding sensitive, business-critical aspects of BP's recruitment and promotion strategies. In particular, Sir William: (1) offered estimates concerning the number of "graduates" brought into the Company's ranks each year, Castell Dep. Tr. 231:17 - 19 (Vol. 1); (2) described the Company's position with regard to filling management roles, Castell Dep. Tr. 231:19 - 22 (Vol. 1); (3) outlined a high-level recruitment plan floated by Anderson, Castell Dep. Tr. 233:7 - 13 (Vol. 1); and (4) revealed details of prior recruitment campaigns headed by Tony Hayward. Castell Dep. Tr. 233:22 - 234:1 (Vol. 1).

The introduction of this portion of Deposition Exhibit # 6254 or Sir William's testimony concerning the further details of the conversation into trial proceedings would be wholly inappropriate. As a general rule, and before even considering direct issues of evidentiary relevance, federal courts are traditionally, consistently attuned to the need to protect corporate parties against the unnecessary use of sensitive business information in the course of litigation. *See, e.g.*, *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 423-25 & n.1 (Fed. Cir. 1993) (affirming district court's rejection of plaintiff's broad discovery request into defendant corporation's confidential business records and noting plaintiff's failure to satisfy heightened standards for disclosure of such materials); *Grand River Enterprises Six Nations, Ltd. v. King*, No. 02 Civ 5068(JFK), 2009 WL 222160, at *1-5 (S.D.N.Y. Jan. 30, 2009) (affirming magistrate's order denying plaintiff's requests for discovery into defendant corporation's "operating and strategic plans" in light of sensitivity of information and risks of competitive harm); *Neill Corp. v. John Paul Mitchell Systems*, Civ. A. No. 92-2157, 1995 WL 217480, at *5-7 (E.D. La. Apr. 12, 1995) (denying plaintiff's motion to alter magistrate's order prohibiting

plaintiff from discovering defendant corporation's "business plans, sales plans and projections" in light of their confidential nature and the risk of competitive harm).

Indeed, even when it is *conceivable* that such information could satisfy the requirement of evidentiary relevance under Rule 401 and thus be admitted, courts remain sensitive to the danger of party opponents trolling through the confidential business facts and files of a corporate defendant, and thus will still frequently reject parties' arguments for the admission of a company's competitive business materials.  *See, e.g.*, *Cardiac Pacemakers Inc. v. Aspen II Holding Co.*, Civil No. 04-4048 (DWF/FLN), 2006 WL 5159512, at *5-6 (D. Minn. May 8, 2006) (finding corporate defendant's business plan inadmissible in business dispute between companies involving pricing issues despite plaintiff's argument that plan was probative on issues of pricing information); *Forunier v. Erickson*, 242 F. Supp. 2d 318, 328 (S.D.N.Y. 2003) (finding corporate defendant's trade show marketing plans inadmissible on relevance and prejudice grounds in copyright infringement suit despite plaintiff's argument that plans were probative of damages issues in case); *Argus, Inc. v. Eastman Kodak Co.*, 612 F. Supp. 904, 924-25 (S.D.N.Y. 1985) (finding business plan prepared by distributor of corporate defendant in antitrust case inadmissible due to remoteness of document from actual issues despite plaintiff's argument that plan was probative on issues of future earnings).

Here, of course, the case is that much stronger:  Despite their importance to the Company the sensitive facts divulged by Sir William in his deposition are simply not relevant to the issues to be resolved in the upcoming trial.  There is simply no basis for the admission of documents or testimony that concern, for example, how another BP director proposed to recruit new employees.  Thus, on a straightforward application of Rules 401 and 402, such testimony must be excluded from the MDL.

Moreover, even if, contrary-to-fact, BP's party opponents were able to successfully deploy some sort of Rube-Goldberg logic to argue that a portion of the testimony in question was marginally relevant, that testimony would still be inadmissible under Rule 403 as prejudicial and unduly cumulative. For whatever issues the testimony might seem to be relevant to (under a strained interpretation of Rule 401), volumes of alternative testimony from others—or from Sir William himself—already exist, covering the same topics but without the accompanying detraction of bringing into trial evidence of BP's sensitive, closely guarded recruitment and promotion strategies.

## Conclusion

For these reasons, BP respectfully requests that the Court enter an Order excluding the first entry on Deposition Exhibit # 6254 and the associated testimony of Sir William Castell divulging sensitive business information, Castell Dep. Tr. 230:12 – 234:17, from evidence at trial.

Dated: January 9, 2012

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

4

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of January, 2012.

/s/  Don K. Haycraft