# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| J. Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>alangan@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

January 9, 2012

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern
District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

> RE:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

As discussed in Court on January 6, we write in response to the PSC's January 5, 2012 letter about Ellis Armstrong.  Previously, the PSC had contended that Mr. Armstrong was an officer of BP and needed to be produced live at trial on that basis.  The PSC's January 5 letter expands that contention, arguing erroneously that BP is required to produce Mr. Armstrong as a live trial witness for other reasons.  The PSC's new arguments ignore the plain text of Rule 45 and the relevant case law.  As a result, the PSC's repeated attempts to expand the Court's subpoena power should be rejected.

*First,* the PSC claims that, at its own request, the Court can compel Mr. Armstrong to testify live at trial because BP designated Mr. Armstrong as a Rule 30(b)(6) witness during the Phase 1 deposition process.  This contention ignores the protections afforded to prospective witnesses by Rule 45(c)(3)(A)(ii) and is unsupported by the case law, as evidenced by the fact that the PSC's letter does not cite any authority supporting its assertion.[1]  It is not surprising that the PSC cites no authority, as the case law rebuts the PSC's argument.  For example, a New Jersey federal court found that designating a person as a Rule 30(b)(6) witness does not mean that the designating party has waived its rights to object to a trial subpoena for that witness.[2]

---

[1] The two cases cited in Section I of the PSC's January 5, 2012 letter discuss only the Rule 30(b)(1) process for noticing a "deposition by oral examination" of an individual.  Neither addresses the Court's ability to compel live trial testimony from Mr. Armstrong, a non-party and non-officer.

[2]  *See, e.g.*, Oparil, Richard J., *Procuring Trial Testimony From Corporate Officers and Employees: Alternative Methods & Suggestions For Reform*, 25 Akron L. Rev. 571, 577 (1992), *discussing Cipollone v. Liggett Group, Inc.*,

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 9, 2012
Page 2

Moreover, contrary to the PSC's argument, the Fifth Circuit has noted that Rule 30(b)(6) witnesses may not necessarily be trial witnesses, stating that "*if* the corporation makes the [Rule 30(b)(6)] witness available at trial" then the witness can be asked to testify at trial to the same matters he or she testified about during the Rule 30(b)(6) deposition.[3]

Additionally, if adopted, the PSC's position would undercut the purpose of the Rule 30(b)(6) deposition process. It would cause parties to designate as Rule 30(b)(6) representatives only those witnesses who the party wishes to testify at trial if requested, rather than designating the most appropriate witnesses who can give more considered and complete testimony on a given Rule 30(b)(6) topic. That concern would be especially significant in a case like this, where a total of 61 witnesses -- including 21 from BP -- were designated as Rule 30(b)(6) deponents during the Phase 1 proceedings.[4]

When the Phase 1 Rule 30(b)(6) designations were made, BP never contemplated -- nor, to our knowledge, did any other party -- that, by designating a person as a Rule 30(b)(6) deponent, it was simultaneously agreeing to bring that person to testify live at trial if requested by another party. In fact, during the January 28, 2011 Discovery Conference, after an attorney representing various plaintiffs proposed that trial subpoenas be served on deponents during their depositions in New Orleans, BP specifically stated that the two issues -- providing deposition testimony and testifying live at trial -- were completely separate:

> MR. LANGAN: I have to respond to what plaintiff's counsel said. **As far as appearance at trial, that's a totally different issue.** We're willing to talk about that, but we also have to reserve our rights. I don't think it was Your Honor's intent or Judge Barbier's intent that by having depositions proceed in New Orleans pursuant to the pretrial order, that that was going to be an occasion for the PSC to slap trial subpoenas on people that were brought in that way as a way of circumventing the hundred mile rule.
> I think that's what Mr. Coon just said that you guys plan --

---

No. 83-2864(SA) (D.N.J. Jan. 27, 1988) ("Dey was previously designated as a Rule 30(b)(6) witness by Liggett and testified for three days. The court held that the designation as a deposition witness does not constitute any waiver of an objection to that witness' appearance at trial.")

[3] *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006) ("Although there is no rule requiring that the corporate designee testify 'vicariously' at trial, as distinguished from at the rule 30(b)(6) deposition, if the corporation makes the witness available at trial he should not be able to refuse to testify to matters as to which he testified at the deposition on grounds that he had only corporate knowledge of the issues, not personal knowledge.")

[4] We note that this number would certainly have been significantly larger had the Court not limited the number of 30(b)(6) topics that could be served on a single party to 35 in March of 2011.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 9, 2012
Page 3

> at least he plans to do. I don't think that's appropriate and I
> don't think that's what the Court intended, and that's certainly
> an issue for us.

1/28/2011 Discovery Conf. Tr., at 51:3-15.

Similarly, by designating an employee as a Rule 30(b)(6) witness, BP was not agreeing to compel that witness to testify live at trial. Indeed, a party is free to designate a former employee as a Rule 30(b)(6) deposition witness. Thus, the PSC's argument, if accepted, would require parties to somehow bring former employees to testify live at trial if the former employee served as a Rule 30(b)(6) witness, even if the party has no basis or ability to compel the former employee to testify at trial. This illustrates the illogical implication of the rule the PSC is urging the Court to adopt here.

Rule 45(c)(3)(A)(ii) is clear: a Court is "*required*" to quash a trial subpoena that would require a "person who is neither a party nor a party's officer" to "travel more than 100 miles from where that person resides, is employed, or regularly transacts business" to testify at trial. Neither the plain text of Rule 45 nor the corresponding case law have exempted Rule 30(b)(6) deponents from the protections given to prospective trial witnesses by Rule 45(c)(3)(A)(ii). The PSC's attempt to manufacture a new exception out of whole cloth should be rejected.

*Second*, the PSC asserts that Mr. Armstrong "qualifies as [a] . . . 'managing agent' under Rule 45 in his own right." Again, in making this new argument, the PSC ignores the plain text of Rule 45. Whether or not a requested witness is a "managing agent" for purposes of securing live trial testimony is irrelevant under Rule 45(c)(3)(A)(ii), which requires the Court to quash the subpoena of a potential trial witness who works or resides more than 100 miles from the Courthouse unless that person is a "party" or a "party officer." The PSC's "managing agent" exception for Rule 45 does not appear in the Rule or in the case law -- including the four cases that the PSC cites on page 4 of their letter brief, each of which deal with determining whether a person is a "managing agent" for purposes of noticing a deposition, and none of which concern Rule 45 or securing live trial testimony. Moreover, if the Court adopts the PSC's proposed rule that all "managing agents" must appear live to testify at trial if requested by another party, irrespective of where they live and conduct business, such a ruling would open the floodgates to BP and others requesting that the "managing agents" of other parties testify live at the upcoming trial. BP submits that the PSC's proposed rule goes well-beyond what is permitted by Rule 45.

The case law in the Eastern District of Louisiana is clear: corporate employees who are not officers of a corporate party fall within the protections of Rule 45(c)(3)(A)(ii) and can only be subpoenaed for trial testimony if they live, work, or conduct business within 100 miles of the courthouse. *See, e.g., Johnson v. Big Lots, Inc.*, 251 F.R.D. 213, 218-219 (E.D. La. 2008)

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 9, 2012
Page 4

(Vance, J.)  As shown by the declarations submitted by BP with its January 5, 2012 letter on this subject, Mr. Armstrong is not a BP corporate officer.  Despite the PSC's attempts to expand the Court's subpoena power under the Federal Rules well-beyond that allowed by Rule 45 to include all 30(b)(6) witnesses and "managing agents," Mr. Armstrong may not be compelled to testify at the upcoming Phase 1 trial.

        Thank you for the Court's consideration of this issue.

                                      Sincerely,

                                      J. Andrew Langan, P.C.

cc:      Liaison Counsel
           States' Coordinating Counsel
           Mike Underhill, Esq.