

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:    214.939.4412
DIRECT FAX:     214.939.4803
DGodwin@GodwinRonquillo.com

DALLAS  HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041

214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

December 9, 2011

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana  70130

      Re:    Motion to Exclude testimony, documents, and other evidence reflecting any expert opinion(s) of Fred Sabins or CSI Technologies, Inc. regarding the Macondo well

Dear Judge Barbier:

      In accordance with the Court's November 14, 2011 Order setting a briefing schedule concerning motions *in limine* [Rec. Doc. 4572, ¶ 11], HESI moves to exclude testimony, documents, and other evidence reflecting any expert opinion(s) of Sabins or CSI regarding the Macondo well any time after April 20, 2010.  On December 8, 2011, this Court granted Halliburton Energy Services, Inc.'s ("HESI") motion to disqualify Michael Viator, Fred Sabins, and CSI Technologies, Inc. ("CSI") as BP's experts and to strike their associated expert opinions. [Rec. Doc. 4838].  As a result, Viator, Sabins, and CSI are disqualified as experts in this matter and their expert opinions have been stricken.  *Id.*

      HESI seeks a pretrial order excluding all testimony, documents, and other evidence reflecting any expert opinion(s) of Sabins or CSI regarding the Macondo well.  This request includes any opinions formed prior to April 14, 2011 (the date Viator began working for CSI), such as those reflected in Appendix K of the Bly Report, as such evidence constitutes inadmissible hearsay.  Additionally, because Viator's knowledge is imputed to Sabins and CSI, any testimony offered at trial, even if it is based upon facts known before April 14, 2011, would be tainted and should be excluded.

      Because Sabins and all other CSI representatives are disqualified, they cannot testify at trial.  Appendix K and any other writing containing Sabins/CSI opinions, "are not admissible without the preparer being present in court to testify as to his qualifications as an expert and to be cross-examined on the substance." *Tokio Marine & Fire Ins. Co. v. Norfolk & W. Ry.*, No. 98-

The Honorable Carl J. Barbier
December 9, 2011
Page 2

1050, 1999 U.S. App. LEXIS 476, *10 (4th Cir. 1999); *see also O'Malley v. United States Fidelity and Guaranty Co*., 775 F.2d 494, 499-500 (5th Cir. 1985)(expert report prepared by non-testifying expert properly excluded from evidence as hearsay).  Accordingly, any Sabins or CSI expert opinions constitute inadmissible hearsay and should be excluded.

In *French v. Allstate Indemnity Co*., the plaintiffs filed suit to collect insurance payments for damage to their home resulting from Hurricane Katrina.  637 F.3d 571, 574 (5th Cir. 2011) (*cert. denied*).  During a bench trial, Judge Barbier excluded the testimony of one of the plaintiffs' damages experts, as well as the expert's report because it was hearsay.  *Id*. at 577.  The Fifth Circuit affirmed, finding no basis for concluding that the report was non-hearsay or fell within a hearsay exception.  *Id*.

In the present case, Sabins and CSI are disqualified as experts in this case and their opinions have been stricken.  As a result, neither Sabins nor CSI can present testimony at trial, and any document containing their opinions constitutes inadmissible hearsay.  The exclusion of Sabins and CSI's expert opinions extends to any attempt by BP to admit such opinions through its new expert, Ronald Crook, because although Rule 703 allows an expert to rely on hearsay in certain circumstances, that rule does not allow a testifying expert to get another expert's report in through the back door.  *See Mike's Train House v. Lionel, L.L.C*., 472 F.3d 398, 409 (6th Cir. 2007); *see also Bryan v. John Bean Div. of FMC Corp*., 566 F.2d 541, 547 (5th Cir. 1978); *O'Malley*, 776 F.2d at 499-500; *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1012-13 (5th Cir. 2008).

For the reasons stated herein, HESI respectfully moves that the Court exclude *all* testimony, documents, and other evidence reflecting any expert opinion(s) of Sabins or CSI regarding the Macondo well from trial.

Respectfully submitted,

*/s/ Donald E. Godwin*

Donald E. Godwin

DEG:PWS

1824795 v1-99999/1156 E-MAIL