

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:    214.939.4412
DIRECT FAX:     214.939.4803
DGodwin@GodwinRonquillo.com

**DALLAS**  HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041

214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

January 9, 2012

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana  70130

      Re:   Motion to Limit Scope of Adverse Inferences Drawn From Invocation of Fifth Amendment Privilege Against Self-Incrimination.

Dear Judge Barbier:

      In accordance with the Court's November 14, 2011 Order setting a briefing schedule concerning motions *in limine* [Rec. doc. 4572, ¶ 13], HESI moves to limit the scope of any adverse inferences that may be drawn from the decision of a witness to invoke their Fifth Amendment rights against self-incrimination.  HESI hereby joins, **in part**, the motions *in limine* filed by BP (Rec. Doc. 5112) and TO (Rec. Doc. 5111).  Although HESI joins, in part, with certain aspects of these motions, HESI disagrees with other aspects of these motions, and reserves its right to file a response in opposition in accordance with the Court's briefing schedule.[1]

**No Adverse Inference Against HESI Based on Invocation by Non-HESI Employee**

      HESI joins in BP's motion to the extent BP argues that no adverse inference should be permitted against a party on the basis of a non-employee's invocation of the 5th Amendment.  *See* BP's Motion, pp. 4-6, citing *Rad Servs. v. Aetna Casualty and Surety Co.*, 808 F.2d 271, 276 (3rd Cir. 1986); *Libutti v. United States*, 107 F.3d 110, 123 (2nd Cir. 1997); and *Emerson v. Wembley*

---

[1] As BP notes, it is difficult to argue with any specificity regarding the propriety of an adverse inference in the absence of any specific request by a party to apply such an inference to specific testimony.  Therefore, HESI reserves its right to make additional arguments in response to any request by any party for the application of an adverse inference against HESI.  Further, HESI reserves its right to argue that an adverse inference is proper against another party based upon a witness' invocation of Fifth Amendment protections.

The Honorable Carl J. Barbier
January 9, 2012
Page 2

*USA*, 433 F. Supp.2d 1200, 1213 (D. Colo. 2006).  A party not employed by HESI lacks sufficient loyalty to, and is essentially uncontrolled by HESI, such that an adverse inference is unwarranted against HESI.  Furthermore, it is likely that a non-HESI employee lacks sufficient personal knowledge of facts regarding HESI, which also renders an adverse inference unwarranted.

### No Adverse Inference Without Corroborating Evidence

HESI joins TO and BP's motion to the extent these parties argue that no adverse inference should be permitted in the absence of corroborating evidence.  *See* TO's Motion, pp. 4-5, citing *Baxter v. Palmigiano*, 425 U.S. 308, 318-19 (1976); *United States v. White*, 589 F.2d 1283, 1286-87 (5th Cir. 1979); *see* BP's Motion at p. 10, citing *Kontos v. Kontos*, 968 F. Supp. 400, 408 (S.D. Ind. 1997).  There can be no adverse inference in the absence of some probative, corroborating, and independent evidence tending to support that inference.

The evidentiary weight of an adverse interest will depend upon the circumstances, but in all cases, the inference cannot stand unsupported.  *See Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999); *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 119 (5th Cir. 1990).  The most important factor in a court's analysis of whether to apply an adverse inference is the inference sought must be supported by corroborating or independent evidence.  *See id.* at 119.  In other words, parties may not simply manufacture unsubstantiated facts and impute them to a witness taking the Fifth Amendment.  There must be independent evidence to support the negative inferences beyond the invocation of the privilege against self-incrimination; otherwise, no inferences may be drawn.  *See United States v. Stelmokas*, 100 F.3d 302, 311 (3rd Cir. 1996) (citing *United States v. Local 560 of the Int'l Bhd. of Teamsters, etc.*, 780 F.2d 267, 292, n.32 (3rd Cir. 1985)).

### Inferences Should be Analyzed on a Question-By-Question Basis

HESI joins TO's motion to the extent TO argues that the appropriateness of an inference should be analyzed by the Court on a question-by-question basis.  *See* TO's Motion, p. 4, citing *Doe v. Rudy-Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000).

### The Witness Must Have Personal Knowledge

HESI joins TO's motion to the extent TO argues that a valid adverse inference can only be derived from a witness who invokes the Fifth Amendment and has personal knowledge relating to the proposed inference.  *See* TO's Motion, p. 6, citing *United States v. Custer Battles, LLC*, 415 F.Supp.2d 628, 634 (E.D. Va. 2006).  There must be some reasonable basis to suppose that the witness has personal knowledge of the subject matter of the proposed inference.  No valid adverse inference arises from an excessively broad, ambiguous, or purely speculative question coming "out of left field."  HESI thus joins BP to the extent it argues that an adverse

The Honorable Carl J. Barbier
January 9, 2012
Page 3

inference must be based on something more than "attorney generated scripts with no tether of legitimacy to the truth."  *See* BP's Motion, p. 9.

### The Adverse Inference Cannot Contravene The Rules of Evidence

HESI joins TO's motion to the extent TO argues that no valid adverse inference can be drawn if the court determines it would contravene Rules 402, 403, 701, 802, or other applicable rules of evidence.  *See* TO's Motion at p. 7, citing *Farace v. Independent Fire Ins. Co.*, 699 F.2d 204, 210 (5th Cir. 1983).  The federal rules of evidence apply with equal force to an adverse inference:  otherwise conventional evidence would be more circumscribed than evidence based merely on inferential reasoning.

HESI respectfully requests that the Court limit—in the manner described above—the scope of adverse inferences that may be drawn from invocation of the Fifth Amendment.

Respectfully submitted,

*Donald E. Godwin* (signature)

Donald E. Godwin

DEG:PWS