UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  OIL SPILL by the OIL RIG          MDL NO. 2179
"DEEPWATER HORIZON" in the
GULF OF MEXICO, on APRIL 20, 2010          CIVIL ACTION NO. 2:10-MD-02179

                                          SECTION:  J

THIS DOCUMENT RELATES TO:                  JUDGE BARBIER
ALL ACTIONS                                MAG. JUDGE SHUSHAN
(including 10-2771)


MEMORANDUM IN SUPPORT OF EXPEDITATED MOTION FOR
RECONSIDERATION OF THE COURT'S DECEMBER 28, 2011 ORDER AND
REASONS AS TO THE PSC'S MOTION TO ESTABLISH ACCOUNT AND RESERVE
FOR LITIGATION EXPENSES

Claimants, individually and for others similar situated, respectfully request that this Court reconsider portions of its December 28, 2011 Order and Reasons as to the PSC's Motion to Establish Account and Reserve for Litigation Expenses. (Doc. 5022).

Claimants, Joe Winkeler and February Corporation, are claimants who have filed claims with the GCCF but have not filed a Complaint, in either state or federal court, and have not filed in the limitation proceeding that is currently pending before this Court and are appearing in front of this Court for the sole purpose of objecting to the Order.

I.      PSC DID NOT MEETS ITS BURDEN

The Court cites in its reasons for the Order that the PSC strongly advocated on behalf of persons submitting claims to the GCCF and applied public and private pressure to improve the handling of claims, specifically pointing out an example of the PSC convincing the GCCF to use translated forms and that the PSC applied public and private pressure to improve the claims process.

1

However, the Court has failed to note that the GCCF was already using translated forms and was using translators at the "town-hall" meeting it was conducting to inform the public about the process prior to the formation of the PSC and in fact the PSC did very little to increase awards or the type of awards that the GCCF was paying.  Very little if anything was done by the PSC to benefit Claimants that are GCCF claimants only and no evidence has been produced to justify a 6% holdback or justify what monies were spent and how these expenditures benefitted claimants who only have claims pending with the GCCF but does not benefit claimants that are only in state court.

Judge Duval,  in In *Re Katrina Canal Breaches Consolidated Litigation*, 2010 WL 2998848 (E.D. La.), states "Judge Fallon explained in succinct detail in *Turner v. Murphy Oil USA, Inc.,* 422 F.Supp.2d 676 (E.D.La.2006) the basis for and requirements surrounding the establishment of a common benefit fund. He stated:

Under what is generally termed the "American rule," every litigant is responsible for the payment of his or her own attorney's fees. If there is no attorney-client relationship, no attorney's fees are generally owed. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 245, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). However, in certain settings, the American rule creates the problem of free riding, that is, when individuals who benefit from the litigation avoid sharing the full burden and expense of litigation by relying on the work of others. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980) (citing *Trustees v. Greenough,* 105 U.S. 527, 26 L.Ed. 1157 (1881) and *Central R.R. & Banking Co. v. Pettus,* 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885)).

Thus, to avoid the problem of free-riding, the U.S. Supreme Court over 125 years ago approved the common benefit doctrine, which provides that when the efforts of a litigant or attorney create, preserve, protect, increase, or discover a common fund, all who benefit from that fund must contribute proportionately to the costs of the litigation. *Boeing,* 444 U.S. at 479, 100 S.Ct. 745, 62 L.Ed.2d 676; *Pettus,* 113 U.S. at 123, 5 S.Ct. 387, 28 L.Ed. 915; *Greenough,* 105 U.S. at 532-33, 26 L.Ed. 1157, 105 U.S. 527. "The doctrine rests on the perception that persons who obtain the benefit of a lawsuit without contributing to its cost are unjustly enriched at the successful litigant's expense." *Boeing,* 444 U.S. at 478, 100 S.Ct. 745, 62 L.Ed.2d 676. *See also* Manual for Complex Litigation (Fourth) § 14.121 (2004) (discussing the American Rule and the common-benefit exception in complex cases).

The Louisiana Supreme Court has recognized the common benefit doctrine and has developed

2

the following test to determine whether attorneys are owed funds under the doctrine. *Kirkpatrick v. Young,* 456 So.2d 622, 625 (La.1984). First, the attorney must demonstrate that he acted 1) on his own and 2) at his own expense. *Id.* Second, the attorney must show that he maintained a successful suit for the preservation, protection, or increase of a common fund. *Id."*

The PSC has not produced any evidence that they meet the requirements as set forth by our Supreme Court.  The PSC has done nothing to maintain a successful suit for the preservation, protection or increase in a common fund because the common fund was established prior to the formation of the PSC.

Furthermore, this Court never held a hearing before issuing its Order, even though undersigned counsel requested oral arguments, contrary to the requirements of Rule 65 of the Federal Rules of Civil Procedure ("Injunctions and Restraining Orders"), which states in relevant part:

(a) Preliminary Injunction.

(1) *Notice.* The court may issue a preliminary injunction only on notice to the adverse party.

(2) *Consolidating the Hearing with the Trial on the Merits.* Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

For this reason alone the Court's Order should be withdrawn and the PSC's Motion should be noticed for a hearing.

Even further, the PSC never even attempted to make the showing required before this Court may issue <u>any</u> injunction. Recently Judge Fallon of this court had this issue arise in the *In Re: Vioxx Products Liability Litigation*, MDL 1657.  Judge Fallon held that "the relief sought by the PSC (that of  an Emergency Motion for Order Establishing Escrow Fund for Common Benefit Fees, Rec. Doc. 63612) necessitates an analysis comparable to that required for a

preliminary injunction."  Judge Fallon, citing *Anderson v. Jackson* 556 F.3d 351, 360 (5th Cir.

2009) stated:  "Injunctive relief 'should only be granted when the movant has clearly carried the

burden of persuasion and shown:

> (1) a substantial likelihood of prevailing on the merits; (2)  a substantial  threat  of  irreparable
> injury if the injunction is not granted; (3) that the threatened        injury outweighs any harm that
> will result to the nonmovant if the court grants the injunction; and        (4) that  the  injunction
> will not disserve the public interest. "A preliminary injunction is an        extraordinary   remedy
> and should only be granted if the plaintiffs have clearly carried the burden      of   persuasion
> on all four requirements."

The Court finally held, "An escrow of funds for a common benefit assessment is appropriate

only where the common benefit labor created the settlement fund."  Judge Fallon ultimately

found that the PSC did not sufficiently show a connection to New York, Florida and South

Carolina and thus the motion failed on the element of substantial likelihood of entitlement to a

portion of the *NAMFCU settlement funds* (Copy of Order is attached as Exhibit B).

     The PSC in this matter has likewise failed to show a link between the work conducted by

them and the creation of the settlement fund being distributed by the GCCF and thus the PSC is

not entitlement to a withholding of any settlements paid from this fund.  The Court's Order is

unquestionably an injunction; it "Ordered that Defendants, or any agent acting on Defendant's

behalf, shall with withhold and deposit" [varying portions  of claimants' GCCF settlements and]

"tender such deposits to the Clerk of Court… for deposit into the MDL. No. 2179 Account and

Reserve for Common Benefit Litigation Expenses". (Order, pgs. 10-11).

## II      LACK OF ROBINS DRY DOC STANDING

     Any fair rating of maritime law leads to the conclusion that many, if not most, of the

claimants resolving claims in the GCCF lack standing under the similar case of *Robins Dry Doc*

*and Repair v. Flint*, 275 U.S. 303(1927).  Likewise, a fair reading of the pleadings in this case, in

particular, the PSC's holdback motion, leads inextricably to the conclusion that the vast majority

of work performed by the PSC is intended to allocate fault under general maritime law.  While

that work may benefit some who actually have claims in standing under general maritime law, it does not benefit most who lack standing under *Robins Dry Doc.*  This is why most claimants, instead of suing BP, Halliburton, Cameron, or others whom the PSC has pursued and spent millions of dollars chasing, are seeking resolution of their claims under the OPA in the GCCF. *Robins Dry Doc* stands for the general proposition that a party cannot recover economic damage unless the parties' property was physically damaged.

## III.   INCONSISTEN TREATMENT OF PLAINTIFFS

Finally, Claimants are also seeking reconsideration of the Order because the Court limited its application to state court plaintiffs but did not apply the same limiting principles to the GCCF claimants. Following *In re Latex Gloves Products Liability Litigation*, 2003 U.S. Dist. LEXIS 18118 (E.D. Pa. Sept. 5, 2003), which takes a relatively expansive view of the court's jurisdiction,[1] the Court ordered that the hold-back order "will not apply to state-court cases wherein plaintiffs' counsel has or had no other cases in this MDL and who have not participated in or had access to the discovery conducted in this MDL." (Order at 9.) But the Court did not consider or discuss the same limiting jurisdictional principles in connection with the GCCF claimants, many of whom are not represented by counsel at all. (*Cf.* BP"s Objections (Doc. 4696) at 3-5 (discussing why the Court does not have jurisdiction over many GCCF claimants).) There is no reason why these limiting principles should not apply with equal force to the GCCF

---

[1] The *Latex Gloves* court nonetheless only extended its jurisdiction over state-court plaintiffs in those cases where the plaintiffs" attorneys had purposefully availed themselves of work product produced in the MDL. Indeed, the Case Management Order at issue required that these plaintiffs" attorneys submit themselves to the jurisdiction of the federal court in order to access that work product. *See Latex Gloves*, 2003 U.S. Dist. LEXIS 18118, at *2 n.2 (CMO "applies to actions filed in federal court that have been a part of the MDL, *actions in which plaintiff's counsel has signed the Confidentiality and Work Product Agreement of the Plaintiffs' Document Depository or accessed materials in the depository and agreed to be subject to CMO 48*, actions filed in state or federal court in which plaintiff's counsel has agreed, on the record, to be bound by the order, and, actions in which plaintiff's counsel has a fee-sharing arrangement with an attorney subject to the terms of the order") (emphasis added). Here, attorneys representing plaintiffs in other actions must similarly sign a certification submitting to the Court's jurisdiction in order to access confidential information in this case. (PTO 13 (Doc. 641).) BP does not concede that the *Latex Gloves* holding represents a warranted extension of a federal district court's jurisdiction, but notes that even under that case, there is no justification for extending the Court's jurisdiction to most GCCF claimants.

The *Latex Gloves* court distinguished *In re Showa Denko K.K. L-Tryptophan Products Liability Litigation-II*, 953 F.2d 162 (4th Cir. 1992), noting that "the *Showa Denko* transferee court's order was much more sweeping than" the order it issued. 2003 U.S. Dist. LEXIS 18118, at *5. Like the *Showa Denko* order that the Fourth Circuit held exceeded the district court's jurisdiction, the Court's order is similarly sweeping in its application to GCCF claimants without any limitation, such as a requirement that the claimants had filed an SFJ or are represented by an attorney who had accessed discovery conducted in the MDL.

claimants who are not before this Court. Therefore, the Court's order should only apply to those GCCF claimants who 1) have filed short form joinders or other federal cases that are now pending before the Court; or 2) are represented by attorneys who have cases pending in the MDL or have participated in or had access to the discovery conducted in the MDL. There is no reason why the Court should treat GCCF claimants and state court plaintiffs differently in this regard. Moreover, the court's findings related to the alleged benefits provided by the PSC to GCCF claimants do not alter this result. 3) The issue is not only whether the PSC's actions have benefited GCCF claimants but whether the Court has *jurisdiction* over those claimants. Even under the expansive view of the court's jurisdiction in *Latex Gloves*, the court does not have any sort of jurisdiction over the majority of GCCF claimants.

**CONCLUSION**

For the foregoing reasons, Claimants respectfully requests that the Court clarify and reconsider its December 28, 2011 Order and amend it such that 1) appropriate and necessary limitations are placed on the Order such that it does not apply to GCCF claimants over whom the Court lacks jurisdiction and only applies to those GCCF claimants who a) have filed short form joinders or other federal cases that are now pending before the Court; or b) are represented by attorneys who have cases pending in the MDL or have participated in or had access to the discovery conducted in the MDL.

Date:   January 11, 2012                     Respectfully submitted,

                                             /s/Daniel E. Becnel, Jr.
                                             Daniel E. Becnel, Jr. (2926)
                                             Salvadore Christina, Jr. (27198)
                                             Will Percy (01532)
                                             BECNEL LAW FIRM, LLC
                                             106 W. SEVENTH STREET
                                             P.O. DRAWER H
                                             RESERVE, LA 70084
                                             (985) 536-1186

**6**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2012, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Don K. Haycraft, James P. Roy and Stephen J. Herman by operation of the Court's electronic filing system and to all counsel of record through the Lexis Nexis File & Serve.

/s/Daniel E. Becnel, Jr.
Daniel E. Becnel, Jr.