UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO ALL | : | |
| CASES AND NO. 10-2771 | : | JURY TRIAL DEMANDED |
| | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . .

# BRIEF OF CAMERON INTERNATIONAL CORPORATION IN SUPPORT OF PRECLUDING OTHER PARTIES FROM USING OR RELYING UPON WITHDRAWN OPINIONS OR TESTIMONY FROM ITS EXPERT WITNESSES

Cameron International Corporation ("Cameron") respectfully submits this brief in support of precluding other parties from using or relying upon withdrawn opinions or testimony from its expert witnesses.

## INTRODUCTION

Cameron and BP have settled their claims against each other. In light of that settlement, Cameron intends to withdraw certain opinions previously offered by its experts in support of the recently settled claims. This Court has the discretion to allow Cameron to withdraw such opinions and to prohibit other parties, such as Plaintiffs and Transocean, from using or relying upon those opinions, and any testimony relating to those opinions, at trial.

There are compelling reasons supporting this request. First, given that the other parties have all designated their own expert witnesses to testify against BP on every possible issue in dispute, there is simply no need for other parties to use or rely upon opinions or testimony from Cameron's experts. Any additional opinions and testimony relating to those issues from

Cameron's experts are not necessary and would be unduly cumulative. Second, public policy and fairness dictate that parties should develop their own claims and defenses—not rely on the industry and diligence of others. Finally, allowing other parties to use or rely upon Cameron's experts would be prejudicial and undermine the purposes of settlement. In this unprecedented, massive, multi-party litigation, the Court should take all steps to promote and encourage settlement among the parties. Toward that end, the Court should exercise its discretion to allow Cameron to withdraw certain expert opinions, and it should preclude other parties from introducing or relying on those opinions, and testimony relating to those opinions, at trial.

## ARGUMENT AND AUTHORITIES

At the status conference on January 6, the parties asked the Court to address the issue of whether it is permissible for a party in the litigation to use or rely on the withdrawn opinions of expert witnesses designated by other settling parties. This issue is ripe for adjudication in light of the settlement agreement between Cameron and BP.[1] Specifically, because Cameron and BP have settled their claims against each other, Cameron has notified the Court that it intends to withdraw certain opinions against BP, as those opinions are no longer necessary and will not be a part of Cameron's presentation at trial.

However, certain parties, including Plaintiffs and Transocean, indicated at the status conference that they intend to introduce the withdrawn opinions and testimony of Cameron's experts at trial. Cameron objected, and the Court requested briefing before making a ruling on this issue.

---

[1] Cameron notes that this issue goes beyond its settlement with BP. To date, six experts have been withdrawn by the parties (Birch (PSC), Jennings (HESI), Weintritt (HESI), Lockard (BP), Trahan (Cameron), and Sears (Cameron)). Further, on Monday, M-I L.L.C. filed a Motion *in Limine* to Exclude the Report, Work, Findings, Testimony, and Opinions of Former HESI Expert Witness Donald Weintritt and any References to the Same. (Doc. 5121.)

For the reasons set forth below, the Court should exercise its discretion to preclude other parties from introducing or relying on withdrawn opinions of Cameron's expert or testimony relating to those opinions.

A.   **The Court Has Discretion to Prohibit Parties From Introducing or Relying on Opinions or Testimony of Cameron's Expert Witnesses Against BP.**

This Court plainly has the discretion to grant the requested relief. The Federal Rules of Evidence establish that a court "shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence . . . ." FED. R. EVID. 611(a). Accordingly, a court may exercise its discretion to prohibit a party from calling another party's expert witness during trial. *See, e.g., Peterson v. Willie*, 81 F.3d 1033, 1038 n.4 (11th Cir. 1996) (stating that the decision of whether to allow a party to call as a witness the other side's expert is "committed to the sound discretion of the district court."); *Sanchez v. Dupnik*, 362 Fed. Appx. 679, 681 (9th Cir. 2010) ("The district court acted within its discretion by denying Sanchez's request to call the opposing party's expert as his own expert during his case-in-chief."); *Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 409 (D. Minn. 1999) (applying discretionary standard to prohibit a party's request to call the opposing party's expert as a witness); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 461 (S.D.N.Y. 1995) (same).

As the court explained in *Ferguson*, the designation of a witness as an expert does not "create[] an 'entitlement' of the opposing party to . . . use another party's expert at trial." *Id*. at 409 (quoting *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 246 (N.D. Iowa 1996)). Rather, "the proper standard in these circumstances is a discretionary standard, where the trial court's discretion is guided by a balancing of probative value against prejudice under Fed. R. Evid. 403." *Id*. (quotations omitted). Thus, to determine whether a party should be prohibited from using or relying on another party's expert witness, the Court should consider "the degree of

3

need for the testimony by the calling party and of the extent of the prejudice to the party seeking exclusion." *Rubel*, 160 F.R.D. at 461.

Here, as explained in more detail below, there is no need for other parties to use or rely on withdrawn opinions from a settling party's experts. On the other hand, allowing them to do so would be unduly prejudicial.

**B.     The Other Parties Have No Need to Rely on Withdrawn Opinions, and They Cannot Reasonably Claim They Have Relied on Cameron's Expert Witnesses.**

The Court must first consider the degree of need (or lack thereof) for other parties to use the opinions or testimony of Cameron's experts. When examining the other parties' expert reports, it is apparent that there is no need. The parties in this litigation have designated multiple experts to offer opinions against BP on every possible issue. For example, Plaintiffs have designated the following experts, among others, who offer certain opinions adverse to BP and testify regarding the following topics:

- **Dr. Robert G. Bea** – who has opined on, among other things, process safety and risk management.

- **Dr. William E. Gale, Jr.** – who has opined on, among other things, process safety and risk management.

- **David Pritchard** – who has opined on, among other things, management and decision making.

Likewise, HESI has designated, among others, the following experts who offer opinions adverse to BP:

- **Dr. Frederick "Gene" Beck** – who has opined on, among other things, well design and management practices and compliance with regulations.

- **David Bolado** – who has opined on, among other things, actions in cementing the Macondo well.

- **Patrick Hudson** – who has opined on, among other things, safety systems, corporate culture, and management practices.

4

- **John P. Hughett** – who has opined on, among other things, actions in cementing the Macondo well.

- **Dr. Sam Lewis** – who has opined on, among other things, actions in cementing the Macondo well.

- **Richard F. Strickland** – who has opined on, among other things, analysis of hydrocarbon bearing zones.

Similarly, the United States has identified the follow experts, among others, who offer opinions adverse to BP:

- **Richard Heenan** – who has opined on, among other things, actions during the negative test and well control.

- **Dr. Alan Huffman** – who has opined on, among other things, drilling practices.

Finally, Transocean has retained the following expert, among others, to offer opinions adverse to BP:

- **Calvin Barnhill** – who has opined on, among other things, actions in final stages of well construction, temporary abandonment, and well control.

Against this backdrop, it is readily apparent that the parties have designated numerous witnesses to testify against BP. Accordingly, the suggestion made at the January 6 status conference that a party "relied" on Cameron's (or any other party's) experts in designating its own experts is incorrect.[2] The parties relied on no one but themselves, which is prudent strategy in multi-party litigation where any party may settle at any time and be dismissed from the case before trial. By having their own experts to offer opinions adverse to BP, there is simply no need to obtain such opinions from Cameron's experts as well.

---

[2] *See* Jan. 6, 2012 Transcript of Discovery Status Conference Proceedings Heard Before the Honorable Sally Shushan United States Magistrate Judge, at 66. Given that Transocean provided expert reports *before* Cameron, it could hardly have relied on Cameron in any way.

1081291v.1

Indeed, any opinions or testimony that other parties might want to elicit from Cameron's experts would be cumulative of their own experts' testimony. Cameron's experts against BP are in no way unique; they have been designated to testify on essentially the same issues as the other parties' experts. *See Rubel*, 160 F.R.D. at 462 (finding that a party cannot show need unless it establishes that "no other expert of similar qualifications is available or that an unavailable expert has some unique testimony to contribute."). In a case with multiple parties, and hundreds of witnesses, the Court should avoid delaying the trial or cluttering the record with needless, duplicative testimony. *Id*. (stating that a "Court's interest[s] in avoiding cumulative evidence" is "substantial.").

### C. Allowing Other Parties to Use or Rely on Cameron's Experts Would Permit Improper Free-Riding.

Even if opinions and testimony relating to BP from Cameron's experts were not cumulative, the Court should nevertheless prevent other parties from relying on Cameron's work. "There is a strong policy against permitting a non-diligent party from free-riding off the opponent's industry and diligence." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1048 (E.D. Cal. 2002). This policy, that a party should develop its case independently, without relying on another party, is firmly rooted in the Federal Rules Rule 26 (which governs the designation of expert witnesses) was "largely developed around the doctrine of unfairness designed to prevent a party from building his own case by means of his opponent's financial resources, superior diligence and more aggressive preparation." *Ager v. Jane C. Stormont Hospital*, 622 F.2d 496, 502 (10th Cir. 1980); *see also Rubel*, 160 F.R.D. at 460.

Case law from this District is in agreement: a party should not be able to build its case by relying on the work of another party. *See In re Shell Oil Refinery*, 132 F.R.D. 437, 440 (E.D. La. 1990) ("The Rule [26] is also designed to prevent a party from building his case on the diligent

preparation of his adversary"). In *Shell*, the court denied a request to allow a plaintiff to depose expert witnesses that had been designated by the defendant and issued a preliminary report detailing their findings. *Id*. ("Even though Shell submitted the reports of Nordstrom and Nelson as preliminary reports of experts it expected to call at trial, Shell's later decision not to call them at trial is permissible."). The court also noted that a party should be "free to make strategic decisions" as a case progresses. *Id*. One such strategic decision is choosing which expert witnesses will testify at trial, which often cannot be determined "until the later stages of litigation." *Id*. at 440.

Here, Cameron has decided to settle its claims against BP. Therefore, it should be able to withdraw any opinion or testimony from expert witnesses that go to those claims, and no other party should be able to use or rely on such withdrawn opinions or testimony at trial. Such strategic decisions are to be expected. Moreover, such decisions should be encouraged as the case enters its final stages before trial.

D.     **Allowing Other Parties to Use or Rely on Cameron's Expert Witnesses Would Frustrate Settlement.**

Setting aside the procedural justification, there is a very practical reason to permit settling parties, such as Cameron, to withdraw expert opinions and testimony. Courts have repeatedly held that there is a strong public policy against permitting non-settling parties from using or relying on the expert witnesses of a settling party. *See, e.g., FMC Corp.*, 196 F. Supp. 2d at 1047 (holding that allowing non-settling parties to use settling parties' expert witnesses "has the potential to discourage settlement in contravention of public policy favoring settlement and to upset the expectations of parties."); *Wolt v. Sherwood*, 828 F. Supp. 1562 (D. Utah 1993) ("To preclude a [party] from buying the expertise of a settling defendant could discourage the settlement process, and frustrate the public policy in favor of settlement."); *Giles v. The*

*Inflatable Store, Inc.*, 2009 WL 801729 at * 6 (D. Colo. Mar. 24, 2009) (holding that the "non-settling defendant could not take advantage of the settling defendant's diligent trial preparation and, absent a formal agreement among defendants in a litigation proceeding involving multiple defendants, the [] court should not generally permit a settling defendant's expert witnesses to testify for the remaining defendants.") (citation omitted).

As explained in *FMC*:

> [The non-settling party's] counsel are experienced and competent in the field of environmental law. It is indisputable that CERCLA litigation inevitably results in a "battle of the experts." It is inconceivable that [the non-settling party's] counsel could not have known of the need for experts to defeat the opposing parties' claims. Rewarding [the non-settling party] by allowing it to use [the settling party's] experts under these circumstances has the potential to discourage settlement in contravention of public policy favoring settlement and to upset the expectations of parties, the court, and the policy of the law that encourages diligence and discourages profit from the work product and industry of the opponent.

*Id*. at 1047. Here, all litigants are represented by experienced and competent lawyers who understand the need for experts in a case of this magnitude, and they in fact retained numerous experts to testify against BP, as shown above. Under these circumstances, allowing them to pile on with Cameron's experts serves no legitimate purpose. There is less incentive for parties to settle with one another if their respective experts can still be used against them. BP and Cameron have settled. They should not now have to face each other's experts at trial.

In this massive, multi-party litigation, the Court should take all steps to encourage and promote the settlement of claims among parties.

## CONCLUSION

For the reasons stated above, the Court should exercise its discretion to allow Cameron to withdraw certain expert opinions and to preclude other parties from introducing or relying upon the withdrawn opinions or testimony relating to those opinions at trial.

Respectfully submitted,

| | |
|---|---|
| David J. Beck, T.A. | /s/ Phillip A. Wittmann |
|     dbeck@brsfirm.com | Phillip A. Wittmann, 13625 |
| Joe W. Redden, Jr. |     pwittman@stonepigman.com |
|     jredden@brsfirm.com | Carmelite M. Bertaut, 3054 |
| David W. Jones |     cbertaut@stonepigman.com |
|     djones@brsfirm.com | Keith B. Hall, 24444 |
| Geoffrey Gannaway |     khall@stonepigman.com |
|     ggannaway@brsfirm.com | Jared A. Davidson, 32419 |
| BECK, REDDEN & SECREST, L.L.P. |     jdavidson@stonepigman.com |
| One Houston Center | STONE PIGMAN WALTHER WITTMANN L.L.C. |
| 1221 McKinney, Suite 4500 | 546 Carondelet Street |
| Houston, TX  77010-2010 | New Orleans, Louisiana  70130 |
| 713-951-3700 | 504-581-3200 |
| 713-951-3720 (fax) | 504-581-3361 (fax) |
| | **ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION** |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Brief of Cameron International, Inc. in Support of Precluding Other Parties from Using or Relying Upon the Withdrawn Opinions or Testimony of its Expert Witnesses has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of January, 2012.

                                                   /s/ Phillip A. Wittmann