UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * MDL NO. 2179 <br> * <br> * <br> * SECTION J |
| Relates to:  *All Cases* | * <br> * JUDGE BARBIER |
| (Including No. 10-2771) | * <br> * MAG. JUDGE SHUSHAN |

### OPPOSITION TO BP's MOTION TO RECONSIDER THE COURT'S ORDER RELATING TO THE ESTABLISHMENT OF A COURT-SUPERVISED RESERVE

Many of the issues raised in BP's MOTION FOR CLARIFICATION AND RECONSIDERATION [Doc 5044] have already been addressed in this Court's clarifying ORDER [Doc 5064] dated January 4, 2012.

The PSC respectfully suggests that the remaining issues have been addressed in previous briefs,[1] and were correctly determined by the Court in its ORDER AND REASONS [Doc 5022] of December 28, 2011, at pages 4-6.

While BP contends that GCCF claimants who have never asserted claims in the MDL should be treated the same as State Court litigants without access to MDL discovery or other work product, Common Benefit Attorneys would respectfully suggest that these situations are not analogous, as: **(i)** OPA creates a Federal cause of action which includes the claims process being administered by BP as the Responsible Party, through the GCCF; **(ii)** the efforts of Common Benefit Attorneys have protected and advanced the interests of GCCF claimants; and **(iii)** it is reasonable to conclude, at this point, that the values of GCCF settlements are at least

---

[1] *See generally,* STATUS REPORT AND MEMORANDUM IN SUPPORT OF MOTION [Doc 4507-1], *and, in particular,* REPLY BRIEF [Doc 4717] at pp.2, 3-5; *and,* SUR-REPLY BRIEF [Doc 4739-1] at pp.2-5, 7-9.

partially a function of the significant litigation risk that BP faces as a result of the efforts of Common Benefit Attorneys.[2]

While a handful of plaintiff attorneys have complained in the press that they should not be required to set aside any of their contingency fees with respect to claims they might henceforth resolve with BP through the GCCF, the PSC would respectfully suggest that:

- If these plaintiff attorneys and the GCCF have been working as efficiently and effectively as they claim, one would think that most if not all of their cases would have already been resolved in the eighteen months they have had to process claims through the GCCF prior to the effective date of the reserve, December 30, 2011.

- If what they claim is true, one would think that these plaintiffs' attorneys should be able to negotiate funding of the reserve account by BP through the GCCF over and above the settlement amounts they negotiate for themselves and their clients.

- If it is ultimately determined that the efforts of Common Benefit Attorneys did not confer benefits to these attorneys or their clients with respect to future settlements that might be achieved with BP through the GCCF, funds will be returned to them out of the escrow account at that time.[3]

Similarly, the Louisiana Attorney General's current complaints to the press and in his Petition for Mandamus inexplicably ignore the fact that:

- It was always understood, intended and agreed by the State (including counsel for the Attorney General) that the parties would attempt, in the first instance, to secure funds for the reserve account to be paid by the Defendants over and above any and all relief provided to the State.[4]

---

[2] *See* ORDER AND REASONS (Dec. 28, 2011) [Doc 5022], pp.4-6; REPLY BRIEF [Doc 4717], pp.3-5; *see also,* SUR-REPLY BRIEF [Doc 4739-1], pp.2-5, 7-9.

[3] It could also be noted that several of these same attorneys themselves applied to the Court for appointment to the Plaintiffs' Steering Committee, implicitly recognizing the value and necessity of common benefit efforts. Some also seem to suggest – incorrectly – that any common benefit fees that might ultimately be awarded by the Court will come out of their clients' recoveries, instead of their own contingency fees, as this Court's Order provides. *See* ORDER AND REASONS [Doc 5022], p.11 fn.5.

[4] *See* AGREEMENT [Doc 4948-6] ¶3; *see also,* ORDER AND REASONS [Doc 5022], p.10 fn.4.

- It was understood, intended and agreed by and between the PSC and the State (including counsel for the Attorney General) that a "reserve" could not and would not be "held back" out of non-monetary NRD or other recoveries.[5]

- It was understood, intended and agreed by and between the PSC and the State (including counsel for the Attorney General) that the PSC would never ask the State to come "out of pocket" to fund either the reserve account or any potential common benefit fees that might ultimately be awarded by the Court.[6]

### Conclusion

For these reasons, and for all of the reasons previously expressed by the Court and submitted by the Plaintiffs' Steering Committee, BP's Motion for Reconsideration should be denied.

This 11th day of January, 2012.

Respectfully submitted,

| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs' Liaison Counsel* | *Plaintiffs' Liaison Counsel* |

---

[5] *See* AGREEMENT [Doc 4948-6] ¶3; ORDER AND REASONS [Doc 5022], p.10.

[6] *See* AGREEMENT [Doc 4948-6] ¶5 ("nor will the PSC seek, on behalf of itself and/or other common benefit attorneys, any other or additional award of common benefit fees or expenses from the State of Louisiana and/or to be taken out of State Recoveries beyond that which is contained in the Hold-Back Reserve Fund").

**CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that the above and foregoing Opposition will be filed into the record *via* the Court's ECF electronic filing system and will be served on all counsel *via* Lexis-Nexis File & Serve, pursuant to PRE-TRIAL ORDER NO. 12, this 11th day of January, 2012.

                                                     /s/ Stephen J. Herman and James Parkerson Roy