# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

January 11, 2012

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

Re:   In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL 2179

Dear Magistrate Judge Shushan,

I write regarding the PSC's recent refusal to acknowledge PTO 14, BP's clawback of an inadvertently produced, privileged document regarding the "Baxter Team," and Your Honor's prior Order regarding the privileged nature of the Baxter Team's investigation.

As Your Honor may recall, the "Baxter Team" conducted a project directed by partners at Kirkland & Ellis LLP that also involved consultants retained by Kirkland & Ellis LLP, company lawyers and certain BP employees, including John Baxter. (Ex. A, 5/4/2011 Letter From T. Duffy to J. Shushan.) The project involved a forward-looking, industry-wide analysis of various engineering issues and legal issues. (*Id.*) Last spring, the PSC challenged BP's withholding of materials regarding the "Baxter Team" based on the attorney-client privilege and work-product doctrine. (Ex. B, 5/2/2011 Letter From J. Roy & S. Herman to J. Shushan). After considering the parties' written submissions, including BP's supplemental *in camera* submission regarding the "Baxter Team," Your Honor held that what has been "loosely described as the 'Baxter Investigation,'" is "protected from disclosure by the attorney-client privilege and work-product doctrine." (Ex. C, 5/17/2011 Order at ¶4.B [Doc No. 2396].) Thus, in an order dated May 17, 2011, Your Honor rejected the PSC's challenge to BP's privilege assertion and ruled in BP's favor. (*Id.*)

Although BP believed that issues of privilege and the "Baxter Team" were long since settled, the PSC has largely ignored the Court's May 2011 Order on the issue. This issue recently arose after BP discovered that the report of PSC experts Dr. Robert Bea and Dr. William Gale cite to and discuss a portion of a BP document discussing the "Baxter Team's" work that BP

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 11, 2012
Page 2

inadvertently produced and then clawed back in May 2011 without opposition from the PSC.[1] BP requested that the PSC destroy all copies of the clawed back document, issue a revised expert report from Drs. Bea and Gale removing all references to the clawed back document, and confirm that it has destroyed all BP clawed back documents, as PTO 14 requires. (Ex. G, 11/28/2011 Email From A. Pilmer to PSC, referencing BP-HZN-2179MDL01464761.)

In response to BP's request, the PSC agreed to remove the offending citation in the Bea/Gale expert report, but the PSC also noted that it "intends" — at some unknown date — to "challenge the privilege designation" of the clawed back document, nearly six months after it was clawed back without objection by the PSC. (Ex. H, 12/6/2011 Email From S. Gisleson to BP.) And despite BP's long-standing clawback of the document and the Court's prior Order upholding BP's privilege assertion, the PSC and Halliburton included the unredacted version of the clawed back document on their most recent trial exhibit list.[2] The PSC also indicated that it considers the "Baxter Team's" work fair game for cross-examination at trial. (*See* Ex. H.)

BP suggests that the PSC's recent actions are improper.

For one, any PSC challenge to BP's clawback of the privileged document *six months after the clawback request* turns PTO 14 on its head. PTO 14 expressly requires that a party receiving a clawback request either promptly challenge the assertion of privilege over the document in accordance with Fed. R. Civ. P. 26(b)(5)(B), or return/destroy all copies of the clawed back document. (Ex. K, PTO 14 at ¶¶ 6-8 [Doc. No. 655].) Having not *promptly* challenged BP's clawback request, as Fed. R. Civ. P. 26(b)(5)(B) requires, PTO 14 required the PSC to destroy or return all copies of the document and to use the redacted version in its place.

---

[1] BP issued the clawback on May 24, 2011. (Ex. D, 5/24/2011 Letter from A. Pilmer to the PSC.) BP invoked the clawback after learning that certain paragraphs in the draft document, entitled "How We Manage Risk In GWO - Briefing Paper For SEEAC," contain explicit discussion of work led by John Baxter at the direction of attorneys from Kirkland & Ellis LLP. (*See* Ex. E, BP-HZN-2179MDL01464760-62 at 61.) The PSC did not challenge BP's clawback of this document, and BP produced a revised version with the privileged paragraphs redacted. (Ex. F, BP-HZN-2179MDL02214295-97 at 96.)

[2] The PSC's 12/27/2011 Phase One Exhibit List includes BP-HZN-2179MDL01474967, which is a page from BP-HZN-2179MDL01474966-68. (Ex. I, Plaintiffs' 12/27/2011 Combined Second Amended Phase One Exhibit List at Trial Ex. No. 02351 [Doc. No. 4998].) Halliburton's 12/22/2011 Phase One Trial Exhibit List similarly includes this document. (Ex. J, HESI's 12/22/2011 Third Amended Good Faith Trial Exhibit List: Phase 1 at Trial Ex. No. 2351 [Doc. No. 4992].) This document is identical to BP-HZN-2179MDL01464760-62, and was also clawed back in BP's May 24, 2011 correspondence. (*See* Ex. D (clawing back BP-HZN-2179MDL01474966-68).)

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 11, 2012
Page 3

But the citation to the unredacted document in the Bea/Gale expert report revealed that the PSC did not comply with PTO 14.

Now, rather than admit its error, destroy all copies of the unredacted document and let the issue lie, the PSC has included the unredacted document on its trial exhibit list and decided to challenge BP's clawback, over six months after the clawback request. This is an affront to PTO 14, and casts doubt on whether the PSC has complied with BP's other legitimate clawback requests.

Even more troubling than the PSC's refusal to acknowledge PTO 14 is its refusal to abide by the Court's prior order regarding the work of the "Baxter Team." Indeed, the portion of the document cited by Drs. Bea and Gale, and now included on the PSC's trial exhibit list, discusses in detail certain analysis that John Baxter's team conducted at the direction of attorneys from Kirkland & Ellis LLP. (*See* Exs. E & F.) It is this very subject matter that the Court previously determined was covered by the attorney-client privilege and work-product doctrine. (Ex. C, at ¶4.B) Yet, by including an unredacted version of the clawed back document on its trial exhibit list, and indicating its intent to cross-examine BP witnesses regarding the "Baxter Team" at trial, the PSC has intentionally turned a blind eye to the Court's Order. Moreover, to the extent the PSC considered appealing the May 17 Order, as Your Honor indicated at the conference the PSC had every right to do, the time for such an appeal has long since expired. (*See* Ex. L, Tr. of 5/13/2011 Discovery Status Conference at 46:15-21 [Doc. No. 2417]; Fed. R. Civ. P. 72(a).)

BP thus respectfully requests the Court's assistance in enforcing PTO 14, the Court's 5/17/2011 Order regarding the "Baxter Team," and BP's May 24, 2011 clawback letter. To this end, BP specifically requests that the Court order the PSC, and every additional party, to (a) remove the clawed back document (BP-HZN-2179MDL01474967) from their exhibit list, (b) confirm the destruction of both versions of the clawed back document (BP-HZN-2179MDL01464760-62 and BP-HZN-2179MDL01474966-68); and (c) refrain from cross-examination at trial regarding the "Baxter Team's" privileged investigation.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 11, 2012
Page 4

                                Respectfully submitted,

                                /s/  J. Andew Langan, P.C.

cc:    Plaintiffs' Liaison Counsel
        Michael Underhill
        Corey Maze
        MDL 2179 Defense Liaison Counsel