# EXHIBIT A

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Timothy A. Duffy, P.C.
To Call Writer Directly:
(312) 862-2445
tim.duffy@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

May 4, 2011

**Via E-mail**

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re:   In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of
Mexico on April 20, 2010, MDL 2179""

Dear Magistrate Judge Shushan:

I am writing in response to the PSC's May 2, 2011 *in camera* submission. There, the PSC mistakenly theorizes that BP has conducted a "secret" investigation regarding systemic causes of the *Deepwater Horizon* incident, and is attempting to "cloak" this supposed investigation in privilege. The PSC's theory has no factual basis, is simply wrong, and the Court should deny the PSC's requested relief.

PSC Request for Production # 280 seeks documents relating to "investigations into systemic causes" of the April 20, 2010 incident. As BP has explained to the PSC, BP did not conduct an investigation into "systemic causes" of the incident. Indeed, the entire predicate of the PSC's May 2nd letter – that the "Baxter Team" was engaged in an investigation of the systemic causes of the incident – is false. The "Baxter Team" was *not* investigating potential systemic causes of the April 20, 2010 incident. As such, the "Baxter Team's" work is not responsive to Request # 280.

What the PSC calls the "Baxter Team" in fact was a project directed by partners at Kirkland & Ellis LLP, and involving consultants retained by Kirkland & Ellis, as well as one company lawyer and certain BP employees, including Mr. Baxter. This project involved a forward-looking, industry-wide analysis of various engineering and legal issues. Its scope simply did not involve an investigation into the causes of the *Deepwater Horizon* accident, whether those causes were specific or systemic.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS LLP

Honorable Sally Shushan
May 4, 2011
Page 2

In its May 2nd submission, the PSC claims Samuel DeFranco, a BP engineer, "disclosed that BP had been conducting a secret analysis and investigation of the Deepwater Horizon blowout over which BP has claimed a privilege." 5/2/11 Letter, at 2. The entirety of the PSC's purported evidentiary support for its secret-systemic-cause-investigation theory, can be found at pages 171 and 172 of Mr. DeFranco's deposition. The transcript, however, reveals that Mr. DeFranco made no such disclosure, either at these pages of his deposition, or at any other time. Indeed, the PSC neglected to direct the Court's attention to page 174 of Mr. DeFranco's deposition where he testified that "I've *not* been involved in any study of systemic causes." Ex. B to 5/2/11 letter (DeFranco Dep. 174: 2-3) (emphasis added); *also* at 175: 3 - 7 (DeFranco not aware of any privileged or non-privileged systemic studies). The PSC cites no other evidence supporting its "secret" investigation theory, and for good reason: no such evidence exists.

Although the work performed by the "Baxter Team" was not an investigation regarding the systemic causes of the April 20, 2010 incident, it is protected under the attorney-client communication privilege and/or the attorney work-product doctrine (and sometimes under both doctrines) as its purpose was to assist with the provision of legal advice in various areas, including with respect to the defense of this litigation. When asked about this project, Mr. DeFranco testified "that is a piece of work that's directed by legal counsel." DeFranco Dep. 172: 2-3. Even the PSC agrees that these types of projects can be immune from discovery: "To the extent that attorneys may have requested information or analysis in order to assist in the preparation of the defense of this litigation, or to otherwise obtain legal advice, those communications (if any) may be privileged." 5/2/11 Letter, at 2.

Of course, these materials can also be protected if requested to assist in the preparation of litigation or legal matters, other than MDL 2179. In the summer of 2010, when the "Baxter Team" project was performing its work under the direction and request of BP's outside law firm, BP was facing myriad potential litigations. This project, having nothing to do with an investigation of the cause of the April 20, 2010 incident, also was undertaken in anticipation of other potential legal actions. As such, this work is privileged.

Nevertheless, BP recognizes that blanket assertions of privilege over wide categories of documents may not always be appropriate. Accordingly, BP previously advised the PSC that BP would conduct a document-by-document analysis of whether any particular document relating to the "Baxter Team's" work is entitled to privilege protection.

> [W]e expect that the documents associated with this project are privileged, and also are protected under the attorney work-product doctrine. As is always the case, however, we analyze every document to determine whether that particular document is responsive and should be withheld (or redacted) on the basis of either

KIRKLAND & ELLIS LLP

Honorable Sally Shushan
May 4, 2011
Page 3

attorney-client privilege and/or attorney work-product. To the extent there are any responsive documents relating to the "Baxter Team's" work that do not fall within either the attorney-client privilege or the attorney work-product doctrine, we would produce those.

(4/21/2011 e-mail From A. Pilmer to A. Irpino.)

We appreciate your Honor's time and attention to this matter.

Sincerely,

Timothy A. Duffy, P.C.

cc:     Richard C. Godfrey, P.C.
        J. Andrew Langan, P.C.
        Don K. Haycraft
        Sarah D. Himmelhoch
        Corey Maze
        Bill Large
        Anthony Irpino
        MDL 2179 Defense Liaison Counsel

EXHIBIT – 4/21/11 e-mail from A. Pilmer to A. Irpino

Alexander Pilmer/Los                To   Anthony Irpino <airpino@irpinolaw.com>
Angeles/Kirkland-Ellis
04/21/2011 08:46 PM                 cc   "Michael Gulliford (mgulliford@kirkland.com)"
                                         <mgulliford@kirkland.com>
                                   bcc

                               Subject   RE: BP Privilege Claims - Baxter Team

Anthony - thanks for following up on this.

We've had the opportunity to review and consider the issue you raised last Thursday regarding the "Baxter
Team." We would like to take the opportunity to clear up an apparent misconception you may have had
during our call. First, while we believe we understand your reference to "Baxter Team," we do not believe
that term has any formal definition. Second, in our call you seemed to draw some connection between the
"Baxter Team" and the Bly Internal Investigation Team. Drawing that connection is a mistake. In fact, the
"Baxter Team" relates to a separate project, initiated and directed by both BP's outside attorneys and
company counsel. The focus of this project was different than the focus of the BP Internal Investigation
Team, which Mark Bly headed up.

Accordingly, we expect that the documents associated with this project are privileged, and also are
protected under the attorney work-product doctrine.. As is always the case, however, we analyze every
document to determine whether that particular document is responsive and should be withheld (or
redacted) on the basis of either attorney-client privilege and/or attorney work-product. To the extent there
are any responsive documents relating to the "Baxter Team's" work that do not fall within either the
attorney-client privilege or the attorney work-product doctrine, we would produce those.

Should you have any other questions, please do not hesitate to contact me at any time.

-- Alex


Alex Pilmer | Partner | Kirkland & Ellis LLP
333 South Hope Street | Los Angeles, CA | 90071

Direct 213.680.8405 | Fax 213.680.8500
E-Mail: alexander.pilmer@kirkland.com | http://www.kirkland.com/apilmer




Anthony Irpino
<airpino@irpinolaw.com>                 To   Alexander Pilmer <apilmer@kirkland.com>
04/20/2011 10:02 AM
                                        cc   "Michael Gulliford (mgulliford@kirkland.com)"
                                             <mgulliford@kirkland.com>
                                   Subject   RE: BP Privilege Claims - Baxter Team


Thank you. Much appreciated.

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine St.
New Orleans, LA 70130
Tel: (504) 525-1500

Fax: (504) 525-1501

**From:** Alexander Pilmer [mailto:apilmer@kirkland.com]
**Sent:** Wednesday, April 20, 2011 11:55 AM
**To:** Anthony Irpino
**Cc:** Alexander Pilmer (apilmer@kirkland.com); Michael Gulliford (mgulliford@kirkland.com)
**Subject:** Re: BP Privilege Claims - Baxter Team

Anthony - We haven't forgotten about your request.  We have one last point to run down, and then I'll have a response for you.  It should be by close of business today.

Thanks, Alex

Alex Pilmer | Partner | Kirkland & Ellis LLP
333 South Hope Street | Los Angeles, CA | 90071

Direct 213.680.8405 | Fax 213.680.8500
E-Mail: alexander.pilmer@kirkland.com | http://www.kirkland.com/apilmer

| Anthony Irpino <<br>airpino@irpinolaw.com> | To | "Alexander Pilmer (apilmer@kirkland.com)" <apilmer@kirkland.com>, "Michael Gulliford (<br>mgulliford@kirkland.com)" <mgulliford@kirkland.com> |
| 04/20/2011 07:40 AM | cc | |
| | Subject | BP Privilege Claims - Baxter Team |

Alex & Mike:

I have not heard anything from you regarding the Baxter Team privilege issues.  My understanding was that you were going to e-mail me with an update last Friday, and shoot to provide the information we discussed on our call last Thursday.  Most notably, we need to know if BP is withholding all/most Baxter Team documents and/or claiming a privilege over same.  In essence, why hasn't BP produced any Baxter Team docs?  As you can imagine, this issue is pressing with upcoming related depositions.  I will certainly need this information by the end of this week.  Just let me know.  Thanks.

Anthony D. Irpino
IRPINO LAW FIRM
2216 Magazine St.
New Orleans, LA 70130
Tel: (504) 525-1500
Fax: (504) 525-1501

*************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of

Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
*******************************************************

# EXHIBIT B

IN RE: DEEPWATER HORIZON LITIGATION
MDL NO. 2179

JAMES PARKERSON ROY
Domengeaux Wright Roy & Edwards LLC
556 Jefferson St. Suite 500
Lafayette, LA 70501
E-Mail: jimr@wrightroy.com
Telephone: (337) 233-3033
Direct: (337) 593-4190
Fax: (337) 233-2796

STEPHEN J. HERMAN
Herman, Herman Katz & Cotlar, LLP
820 O'Keefe Ave.
New Orleans, LA 70113
E-Mail: sherman@hhkc.com
Telephone: (504) 581-4892
Direct: (504) 680-0554
Fax: (504) 561-6024

May 2, 2011

*In Camera* Submission

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

Dear Judge Shushan,

Beginning with Plaintiffs' Omnibus Request No. 11, (served on October 15, 2010), Plaintiffs have made numerous requests for documents and information surrounding any internal and/or independent analyses and/or investigations of the causes of the Deepwater Horizon blowout and spill.

As the Court may recall, testimony solicited at the February 24, 2011 deposition of Matthew Lucas (Exhibit A) indicated that BP specifically excluded consideration of any such systemic causes in the "Bly Report" that was produced to Plaintiffs and released to the public at large.

Specifically, Mr. Lucas, a BP Master Root Cause Specialist and member of the Bly Team, testified that BP's standard business practices ("Group Defined Practices") required an investigation into the systemic causes of the Deepwater Horizon blowout. (Ex. A at pp. 344-346). (*See* Exhibit C, GDP 4.4-0002, Section 1, p.3.) He further testified that the Bly Team did not conduct such an investigation, and instead sought out and obtained an exception to the rule. (Ex. A at pp. 350-353). (It is noteworthy that John Baxter (BP Director of Engineering for Safety & Operations), is the person who signed-off on this exception. (Ex. A at pp. 353-354))

To assure itself that BP had not conducted any analysis or investigation of the systemic causes of the blowout, the PSC propounded Request for Production No. 280, which specified as follows:

> Produce all documents, reports, studies, and communications relating to or concerning any inquiries, analyses, or investigations into systemic causes of the Deepwater Horizon blowout, oil spill, and clean up.

BP responded to this request on March 30, 2011 as follows:

> Subject to their specific and general objections, the BP Parties will conduct a reasonable search of non-privileged documents for any reports, studies, or communications relating to any inquiries, analyses, or investigations regarding systemic causes of the Incident.  To the extent plaintiffs' request seeks additional documents, the BP Parties object on the grounds that it is overbroad, unreasonable, unduly burdensome, and seeks information not relevant to the claims or defenses of any party.

To date, the PSC has not received any meaningful document productions relative to any of BP's inquiries, analyses or investigations into systemic causes of the Deepwater Horizon blowout, oil spill or clean up effort.

At the April 12, 2011 deposition of Samuel DeFranco (Process Safety Engineer and Bly Team member), however, Mr. DeFranco disclosed that BP has been conducting a secret analysis and investigation of the Deepwater Horizon blowout over which BP has claimed a privilege.  (Ex. B at pp. 171-172).  While Mr. DeFranco was on the Bly Team, he also provided "technical support" for the "Baxter Team" – which has been conducting this allegedly "separate" and purportedly "privileged" investigation. *Id.*  The head of the "Baxter Team" is John Baxter, the BP Director of Engineering for Safety & Operations who signed-off on the exception allowing the Bly Team to exclude systemic causes from their investigation, and also includes:

Mike Considine - Retired BP Process Safety Engineer (Ex. B at pp. 472-473)
Samuel Defranco - BP Exploration & Production Process Safety CoP (Ex. B at p. 171)
Vania DiStefani - BP Process Safety Engineer (Ex. B at p. 473)
Kieran Glynn - BP Process Safety Engineer (Ex. B at pp. 473-474)
Cheryl Grounds - BP Exploration & Produciton Chief Engineer (Ex. B at p. 175)
Graham McNeely - Retired V.P. of Exploration and Production  (Ex. B at pp. 470-471)
Lauren Casazza - Kirkland & Ellis Attorney (Ex. B at p. 472)
Will Francis - BP In-House Attorney (Ex. B at p. 472)

To the extent that attorneys may have requested information or analysis in order to assist in the preparation of the defense of this litigation or to otherwise obtain legal advice, those communications (if any) may be privileged.

But a company whose own policies and procedures require an investigation into the systemic causes of an event cannot *pretend* to "opt out" of those procedures, only to conduct such an investigation - *lead by process safety engineers* - and then add two attorneys to the "team" in an attempt to cloak the entire project behind an alleged "privilege".

As the Court is aware, the mere presence (or even participation) of attorneys does not render an endeavor privileged when its nature is the accomplishment of some engineering, process safety, corporate integrity, or some other business purpose.

And certainly any underlying facts which may have been uncovered over the course of the investigation would not be privileged, simply because they may have been relayed to an attorney.

The PSC has held multiple meet and confers with counsel for BP in an attempt to determine whether or not BP will be producing systemic cause investigation materials, and more particularly, documentation relating to the Baxter Team. The last of these meet and confers occurred on April 29, 2011, at which time BP confirmed that it considers most if not all Baxter Team related information to be "privileged". While the PSC believes that at least some if not all systemic cause investigation information (including Baxter Team related material) is discoverable, it is evident that BP will not be producing same without Court intervention. The PSC would like to have this issue addressed at the Court' earliest convenience, in light of the upcoming London depositions, including the June 21 - 22 deposition of John Baxter.

As always, we appreciate the Court's time and consideration in this matter.


Sincerely,


   /s/ James Parkerson Roy                         /s/ Stephen J. Herman   
James Parkerson Roy, Esq.                     Stephen J. Herman, Esq.
*Plaintiffs Liaison Counsel*                 *Plaintiffs Liaison Counsel*


cc: Don K. Haycraft, Esq.
    Andy Langan, Esq.
    R. Alexander Pilmer, Esq.
    Defense Liaison Counsel
    Mike Underhill, Esq.
    Attorney General Luther Strange
    Anthony Irpino, Esq.

# EXHIBIT C



May 17 2011
3:39PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig        **MDL NO. 2179**
    "Deepwater Horizon" in the Gulf
    of Mexico, on April 20, 2010      **SECTION J**

Applies to: *All Cases*                **JUDGE BARBIER**
                              **MAGISTRATE JUDGE SHUSHAN**

**ORDER**

[Working Group[1] Conference on Friday, May 13, 2011]

This order reflects the action taken at the Working Group Conference on Friday, May 13, 2011, and the requirements for the Working Group Conference on **Friday, May 20, 2011.**

1.     **Douglas Brown and James Brent Mansfield.**

Jeff Seely, the attorney for Brown and Mansfield, has sought the agreement of the defendants that a dismissal by Brown and Mansfield of their recently filed state court action would not be treated as a second dismissal for purposes of Fed. R. Civ. P. 41(a)(1)(B). BP reported that there was agreement. **Before the May 20, 2011 conference,** Mr. Seely shall prepare a simple stipulation and circulate it to liaison and coordinating counsel. If there is no opposition, he shall file an unopposed request for entry of the stipulation.

2.     **Deadlines for Responses to BP Third Party Claims.**

It has been stipulated by BP, Halliburton and Cameron that Halliburton and Cameron shall file and serve their answers and/or responses to BP's third-party claims by Friday, May, 20, 2011. Rec. doc. 2257. In MDL 2179, but relating to the complaint by the United States against BP and others (10-4536), BP filed a cross-claim against the Transocean defendants (Rec. doc. 2075) and a

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

third-party complaint against Halliburton (Rec. doc. 2083). BP agreed that the Transocean defendants had until May 20, 2011 to respond to this third-party complaint and it will discuss with Transocean the request to extend this deadline to July 15, 2011.

**3.    Clean-Up Responder Defendants' Deadlines.**

The Clean-Up Responder Defendants requested a deeming order. Halliburton reported that it had no opposition. The other parties shall consider the proposed order and by **Thursday, May 12, 2011, at noon** report to liaison counsel for the Clean-Up Responder Defendants whether they oppose entry of the deeming order. If there is no opposition, the Clean-Up Responder Defendants shall file an unopposed motion for entry of the order. The stipulation is as follows:

> By stipulation of Plaintiffs, by and through Plaintiffs' Liaison Counsel, Coordinating Counsel for the States, and Defense Liaison Counsel, and to facilitate the efficient and effective management and prosecution of the coordinated actions herein:
>
> IT IS ORDERED that the March 24, 2011 Stipulated Order (Rec. Doc. 1730) is amended to clarify that as to the 14(c) Third-Party Defendants Marine Spill Response Corporation, Airborne Support, Inc., Airborne Support International, Inc., Lynden, Inc., Lynden Air Cargo LLC, Dynamic Aviation Group, Inc., International Air Response, Inc., Lane Aviation, National Response Corporation, O'Brien's Response Management, Inc., Tiger Safety, LLC, DRC Emergency Services, LLC, and Nalco Company (collectively, the "Clean-Up Responder Defendants"), any motions to dismiss and/or answers that have already been filed by any of the Clean-Up Responder Defendants in response to the B3 Bundle Master Complaint are hereby deemed to also respond to any cross-claims/counterclaims that have already been filed or may be filed by Limitation Petitioners in the Limitation Action or by any 14(c) Third-Party Defendants against any of the Clean-Up Responder Defendants. In the event the pending motions to dismiss are not granted in their entirety, Clean-Up Responder Defendants' rights to separately respond at a later date to any remaining cross-claims/counterclaims are expressly preserved.

**4.    Issues Concerning Discovery from BP.**

A.    Late production of documents.

The Court commented on the parties' submissions. It understood why the PSC raised the

2

issue. It did not find that there was a systemic issue which needed to be addressed. The PSC identified two areas of primary concern: (1) late production of custodial files; and (2) the process for production of paper documents. BP sought a certification procedure from the PSC regarding its searches for documents. The Court responded that: (1) BP must use care to make sure that paper documents, for example a notebook, are produced timely; (2) BP must use due diligence on its custodial file production for the depositions scheduled through July 31, 2011; (3) for the Suttles deposition, BP shall produce any remaining custodial documents by no later than **Monday, May 16**; and (4) the PSC shall provide a brief certification of its attempt to find a document before requesting that BP locate a document.

The PSC identified a particular document (BP HZN BLY 14125821309) concerning an interview by James Weatherbee (deposed January 26, 2011) of Tony Brock as being provided late. The PSC was asked to submit the document with its request and the PSC has requested relief be granted as to the alleged late production of this document. It will be on the agenda for **May 20, 2011.**

B. <u>Investigation</u>.

The Court reviewed the supplemental *in camera* submissions from BP and found that the investigation was conducted by counsel for BP and is protected from disclosure by the attorney-client privilege and work-product doctrine. The request for what has been loosely described as the "Baxter Investigation" is denied.

C. <u>September 2008 Caspian Sea Blowout</u>.

The PSC's request for documents relating to this incident was denied. BP was asked to determine if there is a post-incident report concerning the cause of the incident.

D.      Photographs of a BP Houston facility.

BP shall make the following available for inspection and photographs:  (1) the conference room in Houston used to monitor the Deepwater Horizon through April 20, 2010 and thereafter the drilling of the relief well; and (2) the new center for monitoring drilling in the Gulf of Mexico.  It shall provide a floor plan for the facility at the time of the April 20, 2010 incident.  There shall be no sworn testimony.  The inspection team shall be comprised of five persons:  two members of the PSC; one photographer; one representative of Halliburton; and one representative for another defendant.  All information obtained from the inspection shall be made available to all parties.

**5.      Issues Concerning Discovery from the U.S.**

Judge Barbier signed the unopposed motions submitted by the U.S. regarding communications between the PSC and the U.S. and the amendment of PTO 13 concerning confidential information.  Rec. docs. 2375 and 2376.  It reported that it is working on a further order regarding settlement communications which it anticipates will be presented to Judge Barbier by May 20, 2011.

**6.      Issues Concerning Discovery from the PSC and Government Entities.**

BP reported that on April 27, 2011 it served the U.S., the States and other government entities with event discovery.  On May 13, 2011, it was to serve the PSC with discovery.  The discovery was being coordinated with other defendants.  BP and the States agreed that the States would have until June 20, 2011 to respond to the discovery served by BP on April 27, 2011.  For the present the following deadlines apply.

a.      By <u>Friday, May 13, 2011</u>, the defendants shall serve their contention and "clean-up" discovery for Phase One on the PSC, the U.S., the States and other government

entities.

b.    By <u>Friday, May 27, 2011</u>, BP may serve limited requests for admissions (RFAs). The RFAs shall be coordinated with the other defendants. BP shall send a copy of the RFAs to the Court.

c.    By <u>Monday, June 13, 2011</u>, the PSC shall respond to this discovery.

d.    By <u>Monday, June 20, 2011</u>, the US, the States and other government entities shall respond to this discovery, including discovery served on April 27, 2011. They may adopt and incorporate the responses of the PSC.

e.    Any motions to compel concerning the PSC's responses to the discovery shall be filed by <u>Monday, June 27, 2011</u>. The mover shall request expedited consideration.

f.    Any motions to compel concerning the responses of the US, the States and other government entities shall be filed by <u>Tuesday, July 5, 2011</u>. The mover shall request expedited consideration.

g.    The defendants shall coordinate their discovery to eliminate duplication of discovery requests.

7.    <u>Scope of Segment Two</u>.

At the May 6 conference there was discussion that: (a) the Macondo well was effectively killed (not flowing) as of July 15, 2010; and (b) it was formally declared dead on September 19, 2011 when the relief well was completed. The PSC reported that some plaintiffs in the D1 bundle contend that some oil continued to flow from the well after July 15 until it was declared dead on September 19, 2010. The U.S. responded that if Segment Two is extended to September 19, there will be an exponential increase in the burden on the United States to respond to discovery.

8.    **Allocation of Deposition Time Among Defendants.**

Pursuant to PTO 27, the defendants have six of the fifteen hours for their examination.  By agreement among the defendants this is allocated as follows for a current or former BP employee.

| | |
|---|---|
| Halliburton | 75 minutes |
| Transocean | 75 minutes |
| Anadardko/MOEX | 75 minutes |
| Cameron | 45 minutes |
| Weatherford | 45 minutes |
| M-I Swaco | 15 minutes |
| BP | 30 minutes |

The allocation changes in a similar manner when the deponent is associated with a different party. For example, where a Halliburton employee is deposed, BP has 75 minutes and Halliburton has 30 minutes.  Dril-Quip is not assigned time, but time is made available to it as needed.

BP's request for reallocation of time for Transocean witnesses to be deposed before July 31, 2011 was denied.  The Court will continue to consider requests for additional time on a deposition by deposition basis.

The parties may request a reallocation of time among all parties for Phase Two discovery.

9.    **Fifth Amendment Witnesses**.

Counsel for Robert Kaluza confirmed that Mr. Kaluza will be available for his deposition on July 11 and 12.

The PSC shall follow-up with counsel for Brian Morel and Mark Hafle to secure dates in July for their depositions.

Anadarko/MOEX shall prepare a proposed standard statement for invocation of the Fifth Amendment and circulate it to all counsel.  An order will be entered requiring the witnesses to adhere to the statement when invoking the Fifth.[2]

The depositions of witnesses taking the Fifth are set for one day.  The time allotted to group of parties for a two-day deposition is reduced pro-rata for such a one day deposition.

10.   **BP.**

| | | | |
|---|---|---|---|
| *** | Armstrong, Ellis | July 13 (NO) | Topics 9 and 10 |
| *** | Jassal, Kal (NO) | | Topic 1 |
| *** | Byrd, Mike (NO) | July 14 | Topics 13 and 22-26 |

BP shall determine whether Byrd is available on either July 13 or 15.  The issue of whether he will be deposed for two days is deferred to May 20, 2011.

108.   Sabins, Fred - Rule 30(b)(6) CSI       May 24 and 25

The deposition is confirmed.

192.   Rule 30(b)(6) Vector Magnetics (NO)       July 6

The arrangements for document production for the deposition remain incomplete.  If the document production is not resolved by May 13, 2011, Halliburton shall issue a subpoena for the production of the documents about two weeks before the deposition.

***   Albertin, Martin

Albertin was added to the Master List.  At the **May 20, 2011** conference, BP shall report on possible dates for his deposition.

---

[2] If a witness or his/her counsel wants to make a broader statement at the commencement of the deposition he may do so and the statement shall continue to apply to each response during the deposition.

   \*\*\*    Little, Ian (UK)             June 9 and 10 and June 30 (Rule 30(b)(6))

Mr. Little will testify as a fact witness on June 9 and 10.  He will return on June 30 to testify as one of the designees on topic 17 (the determination of the well design for the Macondo Well) and the designee on topic 19 (any financial incentives for BP personnel working on the Deepwater Horizon and/or the Macondo Well).

   \*\*\*    McKay, Lamar

McKay's deposition is not required for the preparation of reports of experts for Phase One of the February 27, 2012 trial.  BP is not required to produce him for deposition before July 31, 2011.  It will be required to produce him for Phase Two.  The Phase Two depositions will begin after the Labor Day break.

**11.**   **Halliburton.**

   2.    Wright, John        Boots & Coots

Halliburton reported that Mr. Wright has retained an attorney.  It expects to have dates for his deposition before the **May 20, 2011 conference**.

**12.**   **Transocean.**

Transocean was reminded that for the depositions of its present or former employees who are represented by personal injury counsel, the custodial file for the deponent shall be produced to the personal injury counsel at the same time as it is produced to liaison counsel and coordinating counsel.

| 57. | Fleytas, Andrea | July 25 and 26 | Kurt Arnold |
|-----|-----------------|----------------|-------------|
| 164. | Taylor, Carl | July 14 and 15 | Kurt Arnold |
| 165. | Watson, Nick | July 14 and 15 | Kurt Arnold |

8

| 156. | Johnson, Bill | July 25 and 26 | Kurt Arnold |
| 163. | Seriale, Allen | July 25 and 26 | Kurt Arnold |
| 148. | Bertone, Steve | July 27 and 28 | Kurt Arnold |
| 157. | Johnson, Dustin | July 27 and 28 | Kurt Arnold |

The dates for Fleytas, Taylor, Watson, Bill Johnson, Seriale, Bertone and Dustin Johnson were confirmed.

| 155. | Ingram, James | July 27 and 28 | Kurt Arnold |
| 159 | Meinhard, Paul | July 28 and 29 | Kurt Arnold |

Halliburton provided dates for Ingram and Meinhard.  It will confirm the dates with Mr. Arnold and determine whether it is necessary to subpoena the witnesses.

| 160. | Morgan, Patrick | July 5 and 6 | Tony Buzbee |
| 162 | Sandell, Micah | July 7 and 8 | Tony Buzbee |

BP provided dates for Morgan and Sandell.

| 166 | Wheeler, Wyman | July 7 and 8 | Mike Walsh and Brett Robinson |

BP provided dates for Wheeler.

\*\*\*   Mr. Sneddon

David Cameron is set for June 13 and 14 in London.  BP will report by **May 20, 2011** whether it still requires Mr. Sneddon.

| 82. | Redd, Eddy |

Transocean continues to work on dates for Redd's deposition.

| 72. | Smith, N. Pharr | June 27 and 28 |
| \*\*\* | Boughton, Geoff | July 20 and 21 |

9

Transocean provided dates for the depositions of Smith and Boughton.

\*\*\*     Hadaway, Troy James

Hadaway was the Rig Safety and Training Coordinator (RSTC). BP believes he was aboard the vessel at the time of the accident. BP requests his addition to the Master List. Transocean is working to secure dates for Hadaway's deposition.

**13.     Rescheduling of Depositions.**

In the absence of a medical excuse or family emergency the Court will not permit scheduled depositions to be rescheduled and all depositions required for the completion of expert reports for Phase One of the February 2012 trial shall be taken by **July 31, 2012.**

**14.     Requests for Additions.**

By noon on **Thursday, May 19, 2011**, the parties shall provide the Court with a current list of the persons they request be added to the list of persons to be deposed before July 31, 2011. If a person is scheduled for a deposition or is on the list of persons to be deposed before July 31, 2011, they shall not be on a request for additions list. In preparing the list the parties shall include the employer of the person at the time of the incident and why the person's testimony is needed by July 31, 2011. If the person is required for discovery for Phase One, but is not required by July 31, 2011, the person shall be so identified.

As of May 13, 2011, the Court had received the following requests for additions.

| Name | Employer | Requesting Party |
| --- | --- | --- |
| Burns, Tim | | PSC |
| Daigle, Keith | | PSC |
| Jackson, Curtis | | PSC |

| | | |
|---|---|---|
| Bergman, Melissa | Halliburton | BP |
| Blanchard, Carl | Halliburton | BP |
| Preston, Jim | Halliburton | BP |
| Bement, James | Halliburton | BP |
| Rodriguez, Mr. Angel | BP | Transocean |
| Fry, Mike | Transocean | Cameron |
| Childers, Mark | BP Consultant | Cameron |
| Emerson, Tony | BP | Cameron |
| Allen, Tim | BP | Cameron |
| Fleming, Ray | BP | Cameron |
| Kenney, Gary D. | Sine Rivali/DNV | Cameron |
| Thompson, Neil | DNV | Cameron |
| Clements, Jeremy | Transocean | Cameron |
| Cotton, Al | R&B Falcon | Cameron |
| Crichton, Steve | Transocean | Cameron |
| Foreman, Fred | InSpec, Inc. | Cameron |
| Gray, Todd | Transocean | Cameron |
| Kennedy, John | R&B Falcon | Cameron |
| Linenberger, Ralph | BP consultant | Cameron |
| McGrath, Scott | Transocean | Cameron |
| Rodger, Brad | Transocean | Cameron |
| Silverman, Peter | R&B Falcon | Cameron |

| Wetherell, Linda | R&B Falcon | Cameron |
|---|---|---|
| Wink, Kevin | R&B Falcon | Cameron |

**15.**   **London Depositions**.

The Court will be present for the first week of the depositions in London (June 6 through June 10).  The Court's presence at the depositions will not change the deposition protocols (PTOs 17 and 27). There will be a dry run on **Friday, June 3, 2011**.  The PSC shall notify all parties and the Court of the time for the dry run.  Counsel shall carefully review counsel for BP's description of the procedures for registering to gain access to the London Kirkland & Ellis office.  BP shall re-circulate the procedures on **May 20, 2011**.

BP shall take every reasonable measure to ensure that custodial production for the London depositions is completed in accord with the prior orders and that "stragglers" are kept to the barest possible minimum.

Before the **May 20, 2011 conference**, the parties shall give careful consideration to any issues which may arise at the depositions and raise them at the remaining conferences.

**16.**   **M-I Swaco**.

|  | 130. | Lindner, Leo | July 13 and 14 (tentative) | Tony Buzbee |
|---|---|---|---|---|

Mr. Lindner was employed by M-I Swaco as mud engineer/drilling fluid specialist.  His deposition was requested by Halliburton and BP.  His deposition was set for May 25 and 26.  It will be rescheduled tentatively for July 13 and 14.  BP shall attempt to reset it for July 11 and 12.

**17.**   **Requests for Additional Time**.

Because of the deposition schedule, the persons with the highest priority were Suttles, Rich and Thierens.  With the report from the US after the May 13, 2011 conference, the status of the

12

priority requests was as follows:

| | Name | Deposition Date | Allotted | Requested | Ceded |
|---|---|---|---|---|---|
| 1. | Doug Suttles | May 19 and 20 | Zero | Three hours | 105 minutes |

Parties Requesting: Clean-up Responder defendants

Parties Ceding: (1) Weatherford - 45 minutes; (2) M-I Swaco - 15 minutes; (3) Anadarko -15 minutes; (4) Halliburton- 15 minutes; and (5) Cameron - 15 minutes.

The plaintiff in Southeast Recovery Group v. BP, 11-823 requested time for the deposition. The PSC will cede Southeast Recovery five minutes at the end of Mr. Suttles' deposition.

| | Name | Deposition Date | Allotted | Requested | Ceded |
|---|---|---|---|---|---|
| 2. | David Rich | May 31 and June 1 | 75 minutes | 75 minutes | 15 minutes |

Party Requesting: Transocean

Parties ceding: (1) PSC - 15 minutes;

Mr. Rich was the BP well manager.

| | Name | Deposition Date | Allotted | Requested | Ceded |
|---|---|---|---|---|---|
| 3. | Harry Thierens | June 9-10 London | 75 minutes | 65 minutes | Zero minutes |

Party requesting: Transocean

Parties ceding:

Mr. Thierens possesses information on well design policies and practices, rig condition audits, and post-explosion BOP efforts.

18.   **Master Lists for Source Control and Quantification Tracks.**

BP reported that it was working on the Master Lists and will submit the Lists with input from all parties by **Thursday, May 19, 2011.**

19.   **Other Matters.**

The Court indicated that the parties would probably be permitted to serve additional written discovery on Source Control and Quantification.

13

The PSC reported that it was near a stipulation with Mitsui which will be similar to Transocean jurisdictional stipulation.

The Court will work with the PSC and the other parties on changes to Website for Short Form Joinder filings.  For example, the April 20, 2011 deadline can be removed.  In place of the deadline, there may be statement that the deadline for filing claims has passed, but District Judge Barbier may permit a late claim to be filed if the claimant presents good cause to show why the claim was not filed by April 20, 2011.

20.    **Conference Schedule**.

Parties are not required to have counsel present in the courtroom for these conferences. Counsel are encouraged to participate by telephone if it is more convenient for them to do so.

| | |
|---|---|
| Friday, May 20, 2011 at 9:30 a.m. | Working Group Conference ("WGC") followed by meeting of Liaison and Coordinating Counsel (LCC). |
| Thursday, May 26, 2011 at 1:00 p.m. | WGC followed by meeting of LCC. |
| Friday, June 3, 2011 (TBA) | London dry run. |
| Friday, June 10, 2011 | No conference |
| Friday, June 17, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, June 24, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 1, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 8, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, July 15, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 22, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, July 29, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |

| | |
|---|---|
| Friday, July 29, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 5, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 12, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, August 19, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, August 26, 2011, at 9:30 a.m. | WGC followed by meeting of LCC. |

Labor Day Break - August 31 through September 6, 2011.

New Orleans, Louisiana, this 17th day of May, 2011.

**SALLY SHUSHAN**
**United States Magistrate Judge**

15

# EXHIBIT D

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

333 South Hope Street
Los Angeles, CA 90071

Alex Pilmer
To Call Writer Directly:
(213) 680-8405
alexander.pilmer@kirkland.com

(213) 680-8400

www.kirkland.com

Facsimile:
(213) 680-8500

May 24, 2011

**Via E-mail**

Stephen J. Herman
Herman Herman Katz & Cotlar
820 O'Keefe Avenue
New Orleans, LA 70113-1116

James P. Roy
Domengeaux Wright Roy & Edwards
556 Jefferson Street
P.O. Box 3668
Lafayette, LA 70502

Re:   In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of
Mexico on April 20, 2010, MDL 2179

Dear Plaintiffs' Liaison Counsel:

Pursuant to Pretrial Order No. 14 in MDL No. 2179, the BP Parties[1] hereby notify all parties to whom the documents listed in the chart below were produced or disclosed of the BP Parties' intent to assert a privilege claim over these documents.

| Bates Begin | Bates End |
|---|---|
| BP-HZN-2179MDL01464760 | BP-HZN-2179MDL01464762 |
| BP-HZN-2179MDL01474966 | BP-HZN-2179MDL01474968 |

The BP Parties hereby request that the parties who have received or who have access to these documents "shall promptly refrain from further copying or distribution of [these documents] and return or destroy all copies of [these documents.]"  Pre-Trial Order No. 14 ¶ 8.

---

[1]   The BP Parties comprise BP America Inc. ("BPA"), BP America Production Company ("BPAP"), and BP Exploration & Production Inc. ("BPXP:").

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

## KIRKLAND & ELLIS LLP

Stephen J. Herman
James P. Roy
May 24, 2011
Page 2


Further, the inadvertent production of these documents by the BP Parties "shall not result in a waiver of any [privilege or work product] protection in this Action for the produced [documents] or for any other privileged or immune materials containing the same or similar subject matter. Nor shall the fact of [the] inadvertent production by [the BP Parties] in this Action be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding." *Id*. at ¶ 9.

We appreciate your cooperation with this matter.


Sincerely,


/s/  R. Alexander Pilmer


cc:     Richard C. Godfrey, P.C.
        J. Andrew Langan, P.C.
        Don K. Haycraft
        Sarah D. Himmelhoch
        Corey Maze
        Bill Large
        Anthony Irpino
        MDL 2179 Defense Liaison Counsel

EXHIBIT E

# Submitted For In Camera Review

# EXHIBIT F

# Filed Under Seal

# EXHIBIT G

## Gulliford, Michael

| | |
|---|---|
| **From:** | Pilmer, R. Alexander |
| **Sent:** | Monday, November 28, 2011 7:42 PM |
| **To:** | Gulliford, Michael; sherman@hhkc.com; airpino@irpinolaw.com; Langan, Andrew; BillL@wrightroy.com; Kavanaugh, Brian P.; CMaze@ago.state.al.us; connie.delgado@bingham.com; daniel.schubert@davispolk.com; dennisbarrow@warejackson.com; dgodwin@godwinronquillo.com; dkhaycraft@liskow.com; ggannaway@brsfirm.com; jfunderburk@morganlewis.com; jmartinez@GodwinRonquillo.com; lstrange@ago.state.al.us; Nomellini, Mark J.; mary.rose.alexander@lw.com; Mike.Underhill@usdoj.gov; mlemoine@joneswalker.com; rwarren@jrwlegal.com; Sarah.Himmelhoch@usdoj.gov; sean.obrien@sutherland.com; MMacLeod@godwinronquillo.com; PMills@ago.state.al.us; hdart@dartlaw.com; bboudreaux@joneswalker.com; aschexneider@joneswalker.com; psavoy@brsfirm.com; medling@cpmlegal.com; obacigalupi@cpmlegal.com; KarenC@rgrdlaw.com; cbogucki@mwe.com; ajfrakes@mwe.com; jkolsky@cohenmilstein.com; jmendoza@linerlaw.com; Melinda.Nicholson@ksfcounsel.com; Chris.Kaul@ksfcounsel.com; weintraub@whafh.com; johnalden@blbglaw.com; litigationsupport@blbglaw.com; enaumov@milberg.com; lfeldman@milberg.com; keith.krisko@dbr.com; Eckstein, Margo; Fowkes, Scott W. |
| **Subject:** | RE: In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL 2179 |

Counselors - We have learned that the expert report of Dr. Robert Bea and Dr. William Gale from the PSC includes a citation to an inadvertently produced privileged document (BP-HZN-2179MDL01464761). The document is cited in the Bea/Gale report at footnote 43 on page 21 of the report, and in the text on this page the authors paraphrase language that we redacted from the produced copy.

This document was subject to a clawback letter from me on May 24, 2011, and then a follow-up e-mail communication from me on June 2, 2011. Both are attached here for your convenience. Having never challenged BP's clawback demand, under Paragraph 8 of PTO 14, the PSC was required to return or destroy all copies of this document. It is evident from the Bea/Gale report that the PSC has violated PTO 14, and we insist that the PSC immediately comply with this court order.

In order to bring itself into compliance with this order, we demand that the PSC immediately destroy all copies of this clawed back document, as the PSC should have done over five months ago. In addition, we demand that the PSC issue a revised Bea/Gale report, removing all references to this document, and that the PSC destroy all copies of the original Bea/Gale report. Finally, given the PSC's failure to comply with PTO 14 with respect to this particular document, we must insist on the PSC's written confirmation that it has, in fact, destroyed all copies of all documents that have been subject to all of our clawback demands. Given the likely wide distribution of the Bea/Gale report, we will also need the PSC's cooperation in submitting a proposed order to the Court directing all other parties who have received the original Bea/Gale report to destroy those copies.

If you have any questions or concerns, please let me know.

-- Alex



5-24 Ltr From A.
Pilmer re BP-...



Deepwater Horizon
 - BP Claw-Ba...


Alex Pilmer | Partner | Kirkland & Ellis LLP
333 South Hope Street | Los Angeles, CA | 90071

Direct 213.680.8405 | Fax 213.680.8500
E-Mail: alexander.pilmer@kirkland.com | http://www.kirkland.com/apilmer

_____

**From:** Gulliford, Michael
**Sent:** Tuesday, May 24, 2011 2:19 PM
**To:** sherman@hhkc.com; airpino@irpinolaw.com; Langan, Andrew; BillL@wrightroy.com; Kavanaugh, Brian; CMaze@ago.state.al.us; connie.delgado@bingham.com; daniel.schubert@davispolk.com; dennisbarrow@warejackson.com; dgodwin@godwinronquillo.com; dkhaycraft@liskow.com; ggannaway@brsfirm.com; jfunderburk@morganlewis.com; jmartinez@GodwinRonquillo.com; lstrange@ago.state.al.us; Nomellini, Mark; mary.rose.alexander@lw.com; Mike.Underhill@usdoj.gov; mlemoine@joneswalker.com; rwarren@jrwlegal.com; Sarah.Himmelhoch@usdoj.gov; sean.obrien@sutherland.com; MMacLeod@godwinronquillo.com; PMills@ago.state.al.us; hdart@dartlaw.com; bboudreaux@joneswalker.com; aschexneider@joneswalker.com; psavoy@brsfirm.com; medling@cpmlegal.com; obacigalupi@cpmlegal.com; KarenC@rgrdlaw.com; cbogucki@mwe.com; ajfrakes@mwe.com; jkolsky@cohenmilstein.com; jmendoza@linerlaw.com; Melinda.Nicholson@ksfcounsel.com; Chris.Kaul@ksfcounsel.com; weintraub@whafh.com; johnalden@blbglaw.com; litigationsupport@blbglaw.com; enaumov@milberg.com; lfeldman@milberg.com; keith.krisko@dbr.com; Eckstein, Margo
**Cc:** Pilmer, R. Alexander
**Subject:** In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL 2179


Good afternoon,
Please see the attached correspondence from R. Alexander Pilmer re BP-HZN-2179MDL01464760 and BP-HZN-2179MDL01474966.

Best regards,
Michael

Michael J. Gulliford | Kirkland & Ellis LLP
601 Lexington Ave. | New York, NY 10022
212-446-4726 DIRECT | 212-446-6460 FAX
mgulliford@kirkland.com

<< File: 5-24 Ltr From A. Pilmer re BP-HZN-2179MDL01464760 & 01474966.pdf >>

# EXHIBIT H

**From:** Steve Herman [mailto:SHERMAN@hhkc.com]
**Sent:** Tuesday, December 06, 2011 06:06 AM
**To:** Defense Counsel (BP) (dsc2179@liskow.com) <dsc2179@liskow.com>
**Cc:** 'jimr@wrightroy.com' <jimr@wrightroy.com>; Mike.Underhill@usdoj.gov; CMaze@ago.state.al.us;
Soren Gisleson <SGISLESON@hhkc.com>; airpino@irpinolaw.com; Kavanaugh, Brian P.; Nomellini, Mark
J.
**Subject:** BP Oil - Bea-Gale Redaction

Please see attached and below from my partner, Soren Gisleson.

**From:** Soren Gisleson

Counsel,

It appears that the Bea-Gale Expert Report contained a one-sentence comment and corresponding cite
to a document that BP had designated as privileged and submitted a request for claw-back. Pursuant to
PTO 14, and our agreement with BP, we attach a revised page 21 which has been appropriately
redacted. We ask that you destroy the original page 21 as soon as practical. Please note that the PSC
intends to challenge the privilege designation, and maintains that, in any event, the underlying facts at
issue are not protected with respect to the cross-examination of BP party witnesses, experts, or former
employees.

We apologize for the inconvenience and thank you for your cooperation.

Sincerely,

Soren E. Gisleson, Esq.
Herman, Herman, Katz & Cotlar
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Direct Dial: 504-680-0569/Office: 504-581-4892/Fax: 504-561-6024

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee. Please do not read, copy, or disseminate it unless
you are the addressee. If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender. Also, we would appreciate your forwarding the message back to us and
deleting it from your system. Thank you.

# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | |
| | * | SECTION J |
| Relates to: *All Cases* | * | |
| | * | |
| (Including Nos. 10-2771, | * | JUDGE BARBIER |
| 10-4536, 10-4182 and 10-4183) | * | |
| | * | MAG. JUDGE SHUSHAN |

*********************************************

SUBMISSION OF PLAINTIFFS'
COMBINED SECOND AMENDED PHASE ONE EXHIBIT LIST

NOW INTO COURT come Plaintiffs, thru Plaintiffs' Liaison Counsel, Coordinating Counsel

for the Interests of the States, and Coordinating Counsel for the Interests of the United States, and

respectfully submit the Plaintiffs' Combined Second Amended Exhibit List for the Phase One

Limitation and Liability Trial as EXHIBIT A.

Plaintiffs' also reserve the right to introduce any Exhibit listed, submitted or otherwise

utilized by any other party.

Respectfully submitted,

JAMES PARKERSON ROY, *Plaintiffs' Liaison Counsel*
STEPHEN J. HERMAN, *Plaintiffs' Liaison Counsel*
R. MICHAEL UNDERHILL, *Coordinating Counsel for the Interests of the U.S.*
HON. LUTHER J. STRANGE, III, *Coordinating Counsel for the Interests of the States*

| | |
|---|---|
| ___/s/   Stephen J. Herman___ | ___/s/ James Parkerson Roy___ |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| HERMAN HERMAN KATZ & COTLAR LLP | DOMENGEAUX WRIGHT ROY & EDWARDS LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the Submission above, together with the Combined Second Amended Exhibit List (which was originally filed *via* ECF [Doc 4994] and served *via* Lexis-Nexis on December 23, 2011) attached as EXHIBIT A will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, and will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, this 27th day of December, 2011.

/s/  James Parkerson Roy and Stephen J. Herman

| TREX # | DATE | AUTHOR | BATES RANGE | SUBJECT / DESCRIPTION |
|---|---|---|---|---|
| 02351 | 01/20/2011 | KING, DAVE J. | BP-HZN-2179MDL01474967 BP-HZN-2179MDL01474998 | E-MAIL - FROM KING, DAVE J. SUBJECT: CONFIDENTIAL: AGENDA FOR YOUR 1:1 WITH BERNARD (FRIDAY) |
| 02352 | 11/03/2008 | BP | BP-HZN-2179MDL0033319 BP-HZN-2179MDL0033154 | THE BP OPERATING MANGAGEMENT SYSTEM FRAMEWORK VERSION 2 - PART 1 AN OVER OVERVIEW OF OMS |
| 02353 | 05/05/2010 | LYNCH, RICHARD | BP-HZN-2179MDL01426136 | E-MAIL FROM LYNCH, RICHARD; SUBJECT: FW: MMS/PCCI REFERENCE GUIDE |
| 02361 | 09/21/2010 | BP INVESTIGATON TEAM (ENGINEERING) | BP-HZN-BLYO0196051 BP-HZN-BLYO0196055 | HALLIBURTON OPTICEM CEMENT MODELS (APRIL 14TH- 18TH) - CSI OPTICEM CEMENT MODELS |
| 02369 | 03/23/2011 | JAMES PARKERSON ROY AND STEPHEN J. HERMAN | | 3665085 MARCH 23, 2011 - AGREED 30 (B)(6) DEPOSITION NOTICE OF BP DEFENDANTS (WITH 30(B)(5) DOCUMENT REQUESTS) |
| 02370 | 05/01/2010 | LIU, XUEMEI | BP-HZN-2179MDL00256297 BP-HZN-2179MDL00256310 | E-MAIL - FROM: LIU, XUEMEI - SUBJECT: FMS- MACONDO |
| 02376 | 06/01/2009 | KRAUS, ANDREAS M. | BP-HZN-MBI 00067479 | E-MAIL: RE: MACONDO AFE STATUS |
| 02380 | 03/25/2010 | RAINEY, DAVID I. | BP-HZN-2179MDL00016343 HZN-2179MDL00016343 | E-MAIL: RE: UPDATE ON MACONDO SUPPLEMENT FM |
| 02386 | 01/00/2010 | SPRAGUE, JONATHAN; SHAUGHNESSY, JOHN | BP-HZN-2179MDL00368642 HZN-2179MDL00368768 | BP GOM DEEPWATER SPU - WELL CONTROL RESPONSE GUIDE |
| 02389 | 12/00/2000 | BP | BP-HZN-2179MDL00335948 HZN-2179MDL00336409 | WELL CONTROL MANUAL BPA-D-002 - DECEMBER 2000, ISSUE 3; VOLUME 1 - PROCEDURES AND GUIDELINES |
| 02390 | 12/00/2000 | | BP-HZN-2179MDL00336410 HZN-2179MDL00336757 | WELL CONTROL MANUAL BPA-D-002 ISSUE 3; VOULME 2 FUNDAMENTALS OF WELL CONTROL |
| 02391 | 12/00/2000 | BP | BP-HZN-2179MDL00336758 HZN-2179MDL00336889 | MANUAL - WELL CONTROL MANUAL, VOLUME 3 HPHT GUIDELINES, DECEMBER 2000, ISSUE 3 |
| 02393 | 12/03/2007 | SKELTON, CINDI K. | BP-HZN-2179MDL01536619 HZN-2179MDL01536645 | E-MAIL: RE: SPU TOP RISKS - 4 DEC 07 - CINDI. PPT. |

# EXHIBIT J

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § | MDL No. 2179 SECTION: J JUDGE BARBIER MAG. JUDGE SHUSHAN |
| Applies to:   All Cases | | |

## HESI'S THIRD AMENDED GOOD FAITH TRIAL EXHIBIT LIST: PHASE ONE

Attached as Exhibit A is Halliburton Energy Services, Inc.'s ("HESI") Third Amended Good Faith Trial Exhibit List for Phase One of the February 2012 trial on limitation and liability. HESI reserves the right to amend or supplement its Third Amended Good Faith Trial Exhibit List as necessary, in order to add documents required for deposition designations, for expert or other discovery, or due to the unavailability of fact witnesses, as well as to remove or add documents in connection with court rulings on motions in limine. HESI also reserves the right to add exhibits necessary after examining other parties' exhibit lists. In addition, HESI reserves the right to add exhibits as impeachment or rebuttal evidence or to refresh a witness' recollection. HESI further reserves the right to use demonstrative exhibits at trial.

HESI reserves the right to use an identical document with a different bates number or to add attachment or parent documents to exhibits. The inclusion of an exhibit on this Third Amended Good Faith Trial Exhibit List does not mean that HESI agrees to the exhibit's admission for all purposes, as some exhibits are offered as party admissions only against others, or as possible impeachment materials. HESI reserves the right to object as appropriate to other parties introducing these exhibits into evidence.

HESI'S THIRD AMENDED GOOD FAITH TRIAL EXHIBIT LIST                    Page 1 of 3

Dated:  December 22, 2011

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:**  /s/  *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## Halliburton Energy Services, Inc's
## Third Amended Good Faith Trial Exhibit List

| HESI's Trial Exhibit No. | Date of Exhibit | Description of Exhibit | Bates Nos. |
|---|---|---|---|
| 2327 | 2/2/2010 | Email - From: Nick Huch To: John Kamm - Subject: RE: Prespud meeting with BP concerning Macondo. | ANA-MDL-000046780 - ANA-MDL-000046781 |
| 2328 | 4/13/2010 | Email - From: Nick Huch To: Tim Trautman and others - Subject: FW: Macondo TD & Draft Sub. Op. AFE | ANA-MDL-000050789 - ANA-MDL-000050789 |
| 2337 | 4/16/2010 | Email - From: Ronald Sepulvado To: Robert Kaluza and others - Subject: Forward Plan, with attachment | BP-HZN-2179MDL00002042 - BP-HZN-2179MDL00002044 |
| 2338 | NA | Chart: Transocean SedcoForex - TASK SPECIFIC THINK PROCEDURE | TRN-MDL-00767397 - TRN-MDL-00767399 |
| 2339 | 8/4/2007 | Document: Transocean SedcoForex - DEEPWATER HORIZON LIEBHERR CRANE | TRN-MDL-00767366 - TRN-MDL-00767366 |
| 2342 | 4/26/2010 | Report: Safety Drill Report | TRN-HCJ-00088898 - TRN-HCJ-00088921 |
| 2343 | 4/2/2010 | Email - From: Richard Lynch To: Timothy Schofield and others - Subject: Welcome to the CDO D&C Team!, with attachment | BP-HZN-2179MDL00365075 - BP-HZN-2179MDL00365078 |
| 2344 | 3/24/2010 | Email - From: Diane Lenhoff To: Fereidoun Abbassian and others - Subject: D&C Purple Book Submission March 2010, with attachment | BP-HZN-2179MDL00292899 - BP-HZN-2179MDL00292917 |
| 2345 | 3/10/2010 | Email - From: Phillip Pattillo To: Naila Abdullayeva and others - Subject: Worldwide D&C Engineering Problem Session, Volume 2 Number 1, Analysis of an Open-Hole Logging Decision, with attachment | BP-HZN-2179MDL00284555 - BP-HZN-2179MDL00284565 |
| 2346 | 12/1/2000 | PowerPoint: bp - BP Regional Oil Spill Response Plan - Gulf of Mexico | BP-HZN-CEC 000025 - BP-HZN-CEC 000607 |
| 2347 | 4/1/2010 | Document: CDO MoC Document - DRAFT V3 (April 1, 2010) | BP-HZN-2179MDL00406436 - BP-HZN-2179MDL00406574 |
| 2348 | 4/25/2010 | Chart: ICS 207 - Organization Chart | BP-HZN-2179MDL00590401 - BP-HZN-2179MDL00591135 |
| 2350 | 9/10/2010 | Email - From: Janet Weiss To: Hanna Hofer and others - Subject: Pre-read for UK select Committee Prep -- Containment & Response, with attachment | BP-HZN-2179MDL01473970; NPT085-000454 - NPT085-000499 |
| 2351 | 1/20/2011 | Email - From: Dave King To: Richard Lynch and others - Subject: CONFIDENTIAL: Agenda for Your 1:1 with Bernard (Friday), with attachment | BP-HZN-2179MDL01474964 - BP-HZN-2179MDL01474998 |
| 2358 | 10/26/2007 | Email - From: Jorge Pineda To: Richard Beck and others - Subject: FW: 2006 - 3Q 2007 Major Projects HIPOs, with attachment | BP-HZN-2179MDL01408259 - BP-HZN-2179MDL01408281 |

EXHIBIT A

# EXHIBIT K

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| This document relates to: ALL ACTIONS | * | MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PRETRIAL ORDER  NO. 14

[Governing the Treatment of Privileged and Work Product Materials]

This Order, entered pursuant to Fed. R. Civ. P. 26 and Fed. R. Evid. 502(d), shall govern the treatment of all privileged or work product materials in MDL 2179. This Order applies equally to all parties, who for the purposes below shall be designated as either the "Producing Party" or the "Receiving Party."

**Privilege Log Production**

1.        Any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party in a privilege log, which the Producing Party shall produce in an electronic format that allows text searching and organization of data.  For administrative purposes, an e-mail thread contained within a single document need only be recorded

once on the Producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread.

2.      Privilege log identification is not required for post-April 20, 2010 communications exchanged between the Producing Party and their counsel or among counsel for the Producing Party.  In addition, neither communications between or among counsel for Plaintiffs nor communications between or among counsel for Defendants are required to be identified on the Producing Party's privilege log.

3.      The Producing Party will provide Receiving Parties with its initial privilege logs relating to its first productions made in response to PLAINTIFFS' OMNIBUS DISCOVERY REQUESTS ON ALL DEFENDANTS on or before December 31, 2010, and the INITIAL WRITTEN DISCOVERY REQUESTS RELATED TO THE CASUALTY, SPILL AND LIMITATIONS ISSUES, as set out in Case Management Order No. 1, on or before January 21, 2011.  Thereafter, the Producing Party shall produce supplemental privilege logs no later than fifteen (15) business days after withholding additional documents pursuant to a claim of privilege, but in any event the Producing Party is not required to produce supplemental privilege logs any earlier than January 21, 2011.  For each document for which a Producing Party asserts that a privilege applies, the Producing Party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5), including the following:

    a.  a statement of the ground(s) alleged for withholding such document;

    b.  the date of the document or communication;

- 2 -

   c.  the identity of its author and signatories and to whom it was sent;

   d.  whether the asserted privilege(s) also applies to any attachments;

   e.  an indication of all authors, signatories or recipients of the document who are attorneys;

   f.  a statement as to whether the entire document has been redacted/withheld or only a portion has been redacted, and the bates number of the redacted document; and

   g.  a description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the validity or efficacy of the privilege claim.

4.     Notwithstanding a claim of privilege, any purportedly privileged document containing non-privileged matter must be: (i) produced with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself, and (ii) listed on the privilege log to be provided pursuant to Paragraph 1 above.

5.     To assist in the prompt resolution of disputed claims of privilege, upon request by the Court, the Producing Party shall submit to the Court under seal, unredacted copies of all documents for which there is a disputed claim of privilege.

**Inadvertent Production of Privileged Materials**

6.     In the event that a Producing Party claims that it inadvertently failed to designate any production materials or other information as privileged or work product

materials, it shall promptly notify all parties to whom such privileged material was produced or disclosed of the Producing Party's intent to assert a claim of privilege or work product over such materials, and consistent with Paragraph 5 herein, upon request by the Court, submit to the Court under seal, unredacted copies of all documents for which it asserts a privilege and claims were inadvertently produced.

7.      Upon such notice, and consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party, if it intends to challenge the designation of the document(s), shall immediately sequester all copies of the document(s), pending Court resolution of the challenge and shall view and use the document(s) at issue only to the extent necessary to challenge the privilege claim.  The document(s) that the Receiving Party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.

8.      If the Receiving Party does not intend to challenge the designation of the document(s), consistent with the Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall promptly refrain from further copying or distribution of the subject materials, and return or destroy all copies of the subject materials.

a.      Where the parties agree, or the Court orders, that an inadvertently produced document is protected by the attorney-client, work product, or other privilege, and such document was originally produced in electronic format on media containing production materials that are not subject to

- 4 -

any exemption from production, the Producing Party shall promptly provide replacement production media to the Receiving Party.

9.      The inadvertent production by any Producing Party, whether in this Action or in any other proceedings, of materials subject to a claim of privilege or work product shall not result in a waiver of any such protection in this Action for the produced materials or for any other privileged or immune materials containing the same or similar subject matter. Nor shall the fact of an inadvertent production by any Producing Party in this Action be used as a basis for arguing that a claim of privilege or work product has been waived in any other proceeding.

10.      Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court, regulation or other source, to return, and not to review, any privileged or work product materials without being requested by the Producing Party to do so. Rather, in the event a Receiving Party becomes aware that it is in possession of what appears to be an inadvertently produced privileged document, then counsel for the Receiving Party shall immediately: (i) cease any further review of that document; and (ii) notify the Producing Party of the apparent inadvertent production, requesting whether the Producing Party intended for the document to be produced. In the event the Producing Party confirms the inadvertent production of the privileged document, the Receiving Party shall (i) promptly return or destroy all copies of the inadvertently produced privileged document in its possession and

(ii) take reasonable steps to retrieve all copies of the inadvertently produced privileged documents distributed to other counsel or non-parties.

ORDERED AND ADJUDGED this <u>3rd</u> day of November, 2010.

_____

U.S. DISTRICT JUDGE
CARL J. BARBIER

# EXHIBIT L

1                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

2

3    ***********************************************************

4   IN RE:  OIL SPILL BY THE
       OIL RIG *DEEPWATER HORIZON*
5   IN THE GULF OF MEXICO ON
       APRIL 20, 2010
6

                       CIVIL ACTION NO. 10-MDL-2179 "J"
7                       NEW ORLEANS, LOUISIANA
                       FRIDAY, MAY 13, 2011, 9:30 A.M.
8

9   THIS DOCUMENT RELATES TO
       ALL ACTIONS
10

    ***********************************************************
11

12      TRANSCRIPT OF DISCOVERY STATUS CONFERENCE PROCEEDINGS
        HEARD BEFORE THE HONORABLE SALLY SHUSHAN
13          UNITED STATES MAGISTRATE JUDGE

14  APPEARANCES:

15

16  FOR THE PLAINTIFFS'
    LIAISON COUNSEL:        HERMAN HERMAN KATZ & COTLAR
17                  BY:  STEPHEN J. HERMAN, ESQUIRE
                  820 O'KEEFE AVENUE
18                  NEW ORLEANS, LA  70113

19
    PLAINTIFFS' STEERING
20  COMMITTEE MEMBERS:      CUNNINGHAM BOUNDS
                  BY:  ROBERT T. CUNNINGHAM, ESQUIRE
21                  1601 DAUPHIN STREET
                  MOBILE, AL  36604
22

23                  DOMENGEAUX WRIGHT ROY & EDWARDS
                  BY:  WILLIAM F. LARGE, ESQUIRE
24                  P. O. BOX 3668
                  556 JEFFERSON STREET
25                  LAFAYETTE, LA  70502

09:23AM

2

```
 1   APPEARANCES CONTINUED:

 2

 3                                IRPINO LAW FIRM
                                  BY:  ANTHONY IRPINO, ESQUIRE
 4                                ONE CANAL PLACE
                                  365 CANAL STREET, SUITE 2990
 5                                NEW ORLEANS, LA  70130

 6

 7   FOR THE FEDERAL
     GOVERNMENT INTERESTS:       U.S. DEPARTMENT OF JUSTICE
 8                                TORTS BRANCH, CIVIL DIVISION
                                  BY:  R. MICHAEL UNDERHILL, ESQUIRE
 9                                     SARAH HIMMELHOCH, ESQUIRE
                                  450 GOLDEN GATE AVENUE
10                                7TH FLOOR, ROOM 5395
                                  SAN FRANCISCO, CA  94102
11

12   FOR THE
     UNITED STATES OF
13   AMERICA:                    ENVIRONMENTAL ENFORCEMENT SECTION
                                  U.S. DEPARTMENT OF JUSTICE
14                                BY:  STEVEN O'ROURKE, ESQUIRE
                                  P.O. BOX 7611
15                                WASHINGTON, DC  20044

16

17   FOR STATE INTERESTS:        ALABAMA ATTORNEY GENERAL'S OFFICE
                                  BY:   COREY L. MAZE, ESQUIRE
18                                500 DEXTER AVENUE
                                  MONTGOMERY, AL  36130
19

20   FOR TRANSOCEAN HOLDINGS
     LLC, TRANSOCEAN
21   OFFSHORE DEEPWATER
     DRILLING INC., AND
22   TRANSOCEAN DEEPWATER
     INC.:                       FRILOT
23                                BY:  PAUL C. THIBODEAUX, ESQUIRE
                                  ENERGY CENTRE, 36TH FLOOR
24                                1100 POYDRAS STREET
                                  NEW ORLEANS, LA  70163
25
```

```
 1  APPEARANCES CONTINUED:

 2

 3  FOR BP AMERICA INC.,
    BP AMERICA PRODUCTION
 4  COMPANY, BP COMPANY
    NORTH AMERICA INC.,
 5  BP CORPORATION NORTH
    AMERICA INC.,
 6  BP EXPLORATION &
    PRODUCTION INC.,
 7  BP HOLDINGS NORTH
    AMERICA LIMITED,
 8  BP PRODUCTS NORTH
    AMERICA INC.:            LISKOW & LEWIS
 9                           BY:   DON K. HAYCRAFT, ESQUIRE
                             ONE SHELL SQUARE
10                           701 POYDRAS STREET
                             SUITE 5000
11                           NEW ORLEANS, LA   70139

12
                             KIRKLAND & ELLIS
13                           BY:   J. ANDREW LANGAN, ESQUIRE
                                   MARK J. NOMELLINI, ESQUIRE
14                                 TIMOTHY E. DUFFY, ESQUIRE
                                   RYAN S. BABIUCH, ESQUIRE
15                           300 N. LASALLE
                             CHICAGO, IL   60654
16

17  FOR CAMERON INTERNATIONAL
    CORPORATION:             STONE PIGMAN WALTHER WITTMANN
18                           BY:   CARMELITE BERTAUT, ESQUIRE
                             546 CARONDELET STREET
19                           NEW ORLEANS, LA   70130

20

21  FOR HALLIBURTON
    ENERGY SERVICES, INC.:   GODWIN RONQUILLO
22                           BY:   DONALD E. GODWIN, ESQUIRE
                                   JENNY L. MARTINEZ, ESQUIRE
23                                 STEFANIE K. MAJOR, ESQUIRE
                             1201 ELM STREET, SUITE 1700
24                           DALLAS, TX   75270

25
```

4

```
 1   APPEARANCES CONTINUED:

 2

 3                           GODWIN RONQUILLO
                             BY:  R. ALAN YORK, ESQUIRE
 4                           1331 LAMAR, SUITE 1665
                             HOUSTON, TX  77010
 5

 6   FOR ANADARKO
     PETROLEUM CORPORATION,
 7   ANADARKO E&P COMPANY LP,
     MOEX USA CORPORATION,
 8   AND MOEX OFFSHORE 2007
     LLC:                    KUCHLER POLK SCHELL
 9                           WEINER & RICHESON
                             BY:  DEBORAH D. KUCHLER, ESQUIRE
10                           1615 POYDRAS STREET, SUITE 1300
                             NEW ORLEANS, LA  70112
11

12                           BINGHAM MCCUTCHEN
                             BY:  WARREN A. FITCH, ESQUIRE
13                           2020 K STREET, NW
                             WASHINGTON, DC  20006
14

15   FOR M-I L.L.C.:         MORGAN, LEWIS & BOCKIUS
                             BY:   JAMES B. TARTER, ESQUIRE
16                                 STEVEN LUXTON, ESQUIRE
                                   DENISE SCOFIELD, ESQUIRE
17                           1000 LOUISIANA STREET, SUITE 4000
                             HOUSTON, TX  77002
18

19   FOR O'BRIEN'S RESPONSE
     MANAGEMENT, INC.,
20   SEACOR HOLDINGS, INC.,
     SEACOR OFFSHORE LLC,
21   SEACOR MARINE, LLC,
     SEACOR WORLDWIDE, INC.,
22   SEACOR MARINE, INC.,
     SEACOR MARINE
23   INTERNATIONAL, INC.,
     AND SIEMENS FINANCIAL,
24   INC.:                   WEIL GOTSHAL & MANGES
                             BY:  THEODORE E. TSEKERIDES, ESQUIRE
25                           767 FIFTH AVENUE
                             NEW YORK, NY  10153
```

5

```
 1   APPEARANCES CONTINUED:

 2

 3   FOR MARINE SPILL
     RESPONSE CORPORATION:     BLANK ROME
 4                             BY:  ALAN M. WEIGEL, ESQUIRE
                               THE CHRYSLER BUILDING
 5                             405 LEXINGTON AVENUE
                               NEW YORK, NY  10174
 6

 7   FOR WEATHERFORD U.S.,
     L.P.:                     JONES WALKER
 8                             BY:  GLENN G. GOODIER, ESQUIRE
                               PLACE ST. CHARLES
 9                             201 ST. CHARLES AVENUE
                               NEW ORLEANS, LA  70170
10

11   FOR DRIL-QUIP,
     INC.:                     WARE, JACKSON, LEE & CHAMBERS
12                             BY:  C. DENNIS BARROW, JR., ESQUIRE
                               2929 ALLEN PARKWAY, 42ND FLOOR
13                             HOUSTON, TX  77019

14

15   FOR NALCO CO.:            LATHAM & WATKINS
                               BY:  MARY ROSE ALEXANDER, ESQUIRE
16                             233 SOUTH WACKER DRIVE, SUITE 5800
                               CHICAGO, IL  60606
17

18   FOR LANE AVIATION:        LAW OFFICE OF GEORGE E. CROW
                               BY:  GEORGE E. CROW, ESQUIRE
19                             P.O. BOX 30
                               KATY, TX  77492
20

21

22   FOR MDL 2185:             METHOFF LAW FIRM
                               BY:  WILLIAM STRADLEY, ESQUIRE
23                             3450 ONE ALLEN CENTER
                               500 DALLAS STREET
24                             HOUSTON, TX  77002

25
```

6

```
 1  APPEARANCES CONTINUED:

 2

 3  ALSO PRESENT:              JEFFREY SEELY, ESQUIRE
                               DAVID ISAAK, ESQUIRE
 4                             ROBERT ELIAS, ESQUIRE
                               BEN GOODHUE, ESQUIRE
 5

 6                             DAVID POTE, ESQUIRE
                               DOUGLAS KRAUS, ESQUIRE
 7                             HEATHER KENNEALY

 8

 9  OFFICIAL COURT REPORTER:      CATHY PEPPER, CRR, RMR, CCR
                                  CERTIFIED REALTIME REPORTER
10                                500 POYDRAS STREET, ROOM HB406
                                  NEW ORLEANS, LA  70130
11                                (504) 589-7779
                                  Cathy_Pepper@laed.uscourts.gov
12

13  PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY.   TRANSCRIPT
    PRODUCED BY COMPUTER.

14

15

16

17

18

19

20

21

22

23

24

25
```

**I N D E X**

AGENDA ITEMS                                                              PAGE

ROBERT KALUZA CAN BE RESCHEDULED...................... 12

BRIAN MOREL........................................... 13

MARK HAFLE............................................ 13

DOUGLAS BROWN AND JAMES MANSFIELD DEPOSITIONS......... 13

DEADLINE OF MAY 20TH FOR BP THIRD-PARTY CLAIMS........ 15

RESPONDER DEFENDANTS.................................. 19

BP PRODUCTION ISSUE................................... 20

TRANSOCEAN REQUEST.................................... 42

EXTENSION OF TIME..................................... 42

INVESTIGATION CONDUCTED BY BP POST INCIDENT........... 43

REQUEST FOR PRODUCTION OF DOCUMENTS LOOSELY TERMED THE   43

BAXTER INVESTIGATION DOCUMENTS WILL BE DENIED.........

CASPIAN SEA BLOWOUT................................... 46

DENY THE REQUEST FOR PRODUCTION OF CASPIAN SEA          47

DOCUMENTS............................................

REQUEST TO INSPECT THE WESTLAKE REAL TIME OPERATING     52

CENTER IN HOUSTON....................................

ISSUES CONCERNING DISCOVERY FROM THE UNITED STATES..... 58

PRIVILEGE LOG IDENTIFICATION ISSUE, UNITED STATES/PSC   59

COMMUNICATION........................................

PROPOSED AMENDMENT TO PRETRIAL ORDER NUMBER 13......... 59

1   DISCOVERY THAT THE DEFENDANTS WANTED TO CONDUCT AS TO        60

2   THE PSC AND GOVERNMENTAL ENTITIES.......................

3   SCOPE OF SEGMENT TWO...................................    65

4   REQUEST FOR REALLOCATION OF DEPOSITION TIME...........    67

5   CALENDAR..............................................    68

6   MR. JASSAL............................................    71

7   JEREMY BYRD. .........................................    72

8   FRED SABINS...........................................    72

9   BP 30(B)(6)...........................................    72

10  ELLIS ARMSTRONG.......................................    72

11  IAN LITTLE............................................    74

12  MARTIN ALBERTIN.......................................    76

13  VECTOR MAGNETICS -- ..................................    76

14  JOHN WRIGHT...........................................    78

15  LAMAR MCKAY...........................................    79

16  JOHN WRIGHT...........................................    80

17  TRANSOCEAN............................................    82

18  ANDREA FLEYTAS........................................    83

19  CARL TAYLOR...........................................    83

20  NICK WATSON...........................................    83

21  BILL JOHNSON..........................................    83

22  ALLEN SERIALE.........................................    83

23  STEVE BERTONE.........................................    83

24  DUSTIN JOHNSON........................................    83

25  PHARR SMITH...........................................    83

1    GEOFF BOUGHTON.........................................   83

2    TROY HADAWAY..........................................   84

3    MR. REDD..............................................   84

4    MR. SNEDDON...........................................   85

5    WYMAN WHEELER.........................................   85

6    MR. MORGAN............................................   86

7    MR. SANDELL...........................................   86

8    JAMES INGRAM..........................................   86

9    PAUL MEINHARD.........................................   86

10   REQUESTS FOR ADDITIONS................................   88

11   LONDON................................................   90

12   M-I...................................................   96

13   TIME ALLOCATION FOR MR. SUTTLES' DEPOSITION...........   98

14   SOUTHEAST RECOVERY LITIGATION......................... 109

15   REVISIT PRETRIAL ORDER 27 IN TERMS OF THE ALLOCATION   112

16   OF TIME...............................................

17   VESSEL OF OPPORTUNITY................................. 114

18   DIVISION OF TIME BY THE DEFENDANTS.................... 116

19   CHRISTOPHER HAIRE..................................... 116

20   REQUESTS FOR ADDITIONAL TIME.......................... 117

21   FRED SABINS........................................... 117

22   MR. BROWN............................................. 118

23   MR. ROTH.............................................. 118

24   MR. FAUL.............................................. 118

25   DAVID RICH............................................ 119

1    HARRY THIERENS...................................... 120

2    COMPILATION OF MASTER LISTS FOR WITNESSES ON SOURCE    121

3    CONTROL AND QUANTIFICATION..........................

4    EXCEL FORMAT........................................ 122

5    JUDGE BARBIER HAS MOVED HIS CONFERENCE TO MAY 26TH..... 124

6    JUNE FOR STATUS CONFERENCES......................... 124

7    FRIDAYS IN JUNE, JULY, AND AUGUST AT 9:30............. 125

8    DISCOVERY FOR QUANTIFICATION AND SOURCE CONTROL........ 125

9    SHORT FORM FILINGS AND WHERE DO WE GO FROM HERE........ 126

10   NEXT CONFERENCE IS THURSDAY, MAY 26, FOLLOWING A LUNCH   129

11   BREAK AFTER JUDGE BARBIER'S CONFERENCE.................

12

13

14

15

16

17

18

19

20

21

22

23

24

25

10:21AM 1 proposal about a broader, longer extension to July, we're happy
10:21AM 2 to talk about that, but I'm not in a position to agree to that
10:21AM 3 today.  But May 20th, to put them on the same schedule,
10:21AM 4 absolutely fine.
10:21AM 5       THE COURT:  Does that sound reasonable to you?
10:21AM 6       MR. THIBODEAUX:  We would like to confer with them and
10:21AM 7 then get with them and see if we can get something a little
10:21AM 8 later.
10:21AM 9       THE COURT:  Great.
10:21AM 10       MR. YORK:  Your Honor, just to clarify the record.  The
10:21AM 11 stipulation you mentioned that y'all were not able to find, it's
10:21AM 12 at Docket 2257.
10:22AM 13       THE COURT:  Great.
10:22AM 14    Now we have the issue of the investigation that is being
10:22AM 15 conducted by BP post incident, and the request by the PSC for
10:22AM 16 access to those materials, and the in camera review that I made
10:22AM 17 this past week.
10:22AM 18    BP, in fact, has supplemented their submission with an
10:22AM 19 affidavit and attachments relative to what the investigation is.
10:22AM 20 It is not an investigation into the cause of this particular
10:22AM 21 incident, whether it be systemic or otherwise.  I do find that
10:23AM 22 the investigation itself is being conducted by counsel and so,
10:23AM 23 therefore, is privileged, both attorney-client privilege and work
10:23AM 24 product privilege.
10:23AM 25    So I'm going to find that the request for production of

10:23AM  1    those documents, which have been loosely termed the Baxter

10:23AM  2    investigation documents, will be denied.

10:23AM  3         Mr. Herman?

10:23AM  4         MR. HERMAN:  Steve Herman for the plaintiffs.

10:23AM  5         I understand the Court's ruling.  I'm wondering, though, and

10:23AM  6    maybe this can be worked out through some type of a meet and

10:23AM  7    confer process with the defendants, BP in particular, but it

10:24AM  8    seems like there might be some type of factual stipulation that

10:24AM  9    could be reached that, in and of itself, would not be privileged.

10:24AM 10         I understand that Your Honor requested in camera submission,

10:24AM 11    and I understand that some of what was submitted, perhaps all of

10:24AM 12    it, might have been privileged; but, it seems like there is some

10:24AM 13    nonprivileged factual information that might be discoverable

10:24AM 14    and/or admissible.

10:24AM 15         The only other thing I would say is subject to receiving

10:24AM 16    that information, if, in fact, there is any and we're entitled to

10:24AM 17    it, then one thing that comes to mind is we might request the

10:24AM 18    Court for an exception to PTOs 1 and 14 on the privilege log, and

10:24AM 19    maybe there could be a limited privilege log with respect to some

10:24AM 20    of these documents.

10:25AM 21         But I think, right now, probably the best avenue is for us

10:25AM 22    to confer with BP's counsel and see what, if anything, we can

10:25AM 23    work out, but I just kind of wanted to reserve our rights on the

10:25AM 24    record.

10:25AM 25         THE COURT:  I think that's fair.  Why don't you take it

10:25AM 1   up, discuss with them what you're thinking about relative to
10:25AM 2   either a privilege log or some kind of factual stipulation about
10:25AM 3   what it is that they can share with you, if anything.  In my
10:25AM 4   mind, it is clearly unrelated to this incident; although, I think
10:25AM 5   it was prompted by this incident.
10:25AM 6          MR. HERMAN:  Okay.  I understand the Court's ruling.
10:25AM 7   Thank you.
10:25AM 8          THE COURT:  Good, thank you.
10:25AM 9      Good morning.
10:25AM 10         MR. DUFFY:  Your Honor, Tim Duffy.
10:25AM 11     Just on this issue, just briefly, Your Honor, the DSR
10:26AM 12  project has been the subject of questions at depositions.  That's
10:26AM 13  how we got here.  There has been some documents produced.  We
10:26AM 14  have been logging documents that don't comply -- that don't fall
10:26AM 15  into the scope of PTO 14.
10:26AM 16     So we're happy to hear out Mr. Herman, but I think he's
10:26AM 17  getting the information that he's talking about already.  We
10:26AM 18  don't plan to change our procedures based upon the Court ruling.
10:26AM 19  If there is a document that wasn't a counsel communication post
10:26AM 20  incident, it's going to go on our log, just like we had always
10:26AM 21  planned.
10:26AM 22     We're happy to hear him out.  I just want to encourage that
10:26AM 23  we keep that door closed.  If we keep revisiting it every week
10:26AM 24  with, well, maybe there is something else we didn't think about
10:26AM 25  or we don't know about, it's going to be a slippery slope.

10:26AM 1    This isn't the only investigation that's being -- or project

10:26AM 2  or review that's being conducted by the parties here.  Each of

10:26AM 3  the defendants -- or several of the defendants have this same

10:26AM 4  issue.  If we're going to spend multiple times and weeks sort of

10:26AM 5  prying into everyone's nooks and crannies, we're not going to get

10:27AM 6  very far.

10:27AM 7    THE COURT:  You don't want to be on the agenda every

10:27AM 8  week.

10:27AM 9    MR. DUFFY:  Exactly, and I don't think any of us want

10:27AM 10 Halliburton and Transocean to be on the agenda with this same

10:27AM 11 project as it goes forward -- same sort of project.

10:27AM 12   THE COURT:  I was going to say, watch what you say.

10:27AM 13 Same sort of project.

10:27AM 14   MR. DUFFY:  Yes.

10:27AM 15   THE COURT:  Also, PSC, don't forget that you are welcome

10:27AM 16 to appeal my ruling and have a second set of eyes look at the in

10:27AM 17 camera submission.  It in no way reflects badly as far as I'm

10:27AM 18 concerned.  That's why they pay Judge Barbier the big bucks.

10:27AM 19   So if you all want to take an appeal of the ruling, please

10:27AM 20 feel free.  And on any other ruling, I might add.  I am in no way

10:27AM 21 offended by that.

10:27AM 22   MR. HERMAN:  Thank you, Your Honor.  We'll consider it.

10:27AM 23   THE COURT:  Does anybody want a break?  Moving right

10:28AM 24 along.

10:28AM 25   Caspian Sea Blowout.  You might want to appeal this ruling,

| | | |
|---|---|---|
| 12:33PM | 1 | number; once docketed, we'll try to -- |
| 12:33PM | 2 | MR. HERMAN:  Figure it out. |
| 12:33PM | 3 | THE COURT:  -- figure it out. |
| 12:34PM | 4 | MR. HERMAN:  Thank you. |
| 12:34PM | 5 | THE COURT:  Anybody else? |
| 12:34PM | 6 | All right.  I appreciate it, guys.  I hope everybody has a |
| 12:34PM | 7 | good weekend. |
| 12:34PM | 8 | MR. LANGAN:  Thank you, Your Honor. |
| 12:34PM | 9 | THE COURT:  Thank you, Andy. |
| 12:34PM | 10 | VOICES:  Thank you, Your Honor. |
| 12:34PM | 11 | THE COURT:  Thank you, phone participants, I appreciate |
| 12:34PM | 12 | it. |
| | 13 | (WHEREUPON, at 12:34 p.m., the proceedings were |
| | 14 | concluded.) |
| | 15 | *   *   * |
| | 16 | |
| | 17 | REPORTER'S CERTIFICATE |
| | 18 | |
| | 19 | I, Cathy Pepper, Certified Realtime Reporter, Registered Merit Reporter, Certified Court Reporter of the State of |
| | 20 | Louisiana, Official Court Reporter for the United States District Court, Eastern District of Louisiana, do hereby certify that the |
| | 21 | foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in |
| | 22 | the above-entitled and numbered matter. |
| | 23 | *s/Cathy Pepper* |
| | 24 | Cathy Pepper, CRR, RMR, CCR Certified Realtime Reporter |
| | 25 | Official Court Reporter United States District Court Cathy_Pepper@laed.uscourts.gov |

## 1

**1** [2] - 44:18, 77:17
**10** [7] - 16:4, 25:12, 38:17, 75:5, 75:11, 75:15, 76:6
**10-day** [1] - 32:7
**10-MDL-2179** [1] - 1:6
**100** [1] - 25:9
**1000** [1] - 4:17
**10153** [1] - 4:25
**10174** [1] - 5:5
**109** [1] - 9:14
**11** [6] - 12:18, 72:13, 72:16, 98:2, 117:3, 117:16
**1100** [1] - 2:24
**112** [1] - 9:15
**114** [1] - 9:17
**116** [2] - 9:18, 9:19
**117** [2] - 9:20, 9:21
**118** [3] - 9:22, 9:23, 9:24
**119** [1] - 9:25
**11th** [5] - 12:8, 12:11, 12:12, 98:9, 117:15
**12** [5] - 7:5, 12:18, 98:2, 117:3, 117:16
**120** [1] - 10:1
**1201** [1] - 3:23
**121** [1] - 10:2
**122** [1] - 10:4
**124** [2] - 10:5, 10:6
**125** [2] - 10:7, 10:8
**126** [1] - 10:9
**129** [1] - 10:10
**1234** [1] - 129:13
**12th** [3] - 12:13, 98:9, 117:15
**13** [15] - 1:7, 7:6, 7:7, 7:8, 11:2, 59:17, 60:15, 68:21, 97:5, 97:8, 97:9, 97:21, 118:2, 118:8, 118:10
**13........** [1] - 7:25
**1300** [1] - 4:10
**1331** [1] - 4:4
**13th** [2] - 72:15, 72:20
**14** [12] - 38:13, 38:17, 44:18, 45:15, 74:13, 83:4, 83:6, 97:5, 97:9, 97:22, 118:2, 118:10
**14125821309** [1] - 40:3
**14th** [1] - 72:6
**15** [49] - 7:9, 16:1, 16:12, 17:2, 62:19, 74:10, 83:4, 83:6,

**101:15, 101:20,** 101:21, 101:22, 102:24, 103:19, 104:3, 104:15, 104:19, 104:20, 104:22, 104:23, 105:3, 105:13, 105:17, 105:20, 105:22, 106:4, 107:1, 107:2, 107:15, 107:21, 111:15, 111:16, 111:18, 119:2, 119:4, 119:5, 119:9, 119:10, 119:12, 119:14, 119:17, 119:18, 119:22, 119:23, 121:19
**15-hour** [3] - 102:22, 103:3, 111:12
**155** [1] - 86:22
**159** [1] - 86:24
**15th** [3] - 65:5, 65:16, 65:19
**160** [1] - 86:5
**1601** [1] - 1:21
**1615** [1] - 4:10
**162** [1] - 86:5
**166** [1] - 85:22
**1665** [1] - 4:4
**1700** [1] - 3:23
**17th** [3] - 75:6, 75:17, 122:18
**19** [1] - 7:10
**192** [1] - 76:17
**19th** [1] - 121:10
**1st** [1] - 77:21

## 2

**20** [6] - 1:5, 7:11, 51:5, 60:16, 84:11, 84:15, 84:19, 106:10, 106:11
**200** [2] - 23:3, 25:9
**20006** [1] - 4:13
**20044** [1] - 2:15
**2007** [1] - 4:8
**201** [1] - 5:9
**2010** [1] - 1:5
**2011** [2] - 1:7, 11:2
**2020** [1] - 4:13
**20th** [15] - 15:8, 16:15, 16:17, 16:19, 16:23, 17:11, 18:3, 19:12, 42:24, 43:3, 60:20, 61:2, 100:11, 103:20, 108:11
**20TH** [1] - 7:9

**21** [3] - 84:12, 84:15, 84:19
**2185** [1] - 5:22
**22** [2] - 22:19, 68:21
**2257** [1] - 43:12
**22nd** [1] - 64:15
**23** [1] - 117:1
**233** [1] - 5:16
**23rd** [3] - 38:20, 38:22, 117:14
**24** [1] - 117:1
**24th** [1] - 117:14
**25** [6] - 23:1, 83:3, 83:8, 83:10, 86:18, 87:2
**250** [1] - 62:24
**26** [7] - 10:10, 51:24, 52:5, 68:21, 83:3, 83:8, 83:10
**26th** [6] - 13:11, 13:15, 110:5, 124:4, 124:6, 124:9
**26TH....** [1] - 10:5
**27** [11] - 9:15, 12:3, 83:12, 83:14, 84:2, 84:4, 84:9, 87:8, 87:9, 103:4, 112:9
**27th** [8] - 60:24, 61:6, 61:13, 63:5, 63:8, 67:2, 87:4, 124:4
**28** [9] - 22:20, 83:12, 83:14, 84:2, 84:4, 84:9, 87:8, 87:9, 87:10
**28th** [2] - 87:4, 87:5
**29** [1] - 87:10
**2929** [1] - 5:12
**2990** [1] - 2:4
**29th** [2] - 87:3, 87:5
**2:00** [1] - 32:13

## 3

**3** [1] - 60:14
**30** [9] - 5:19, 75:15, 105:1, 105:3, 105:12, 105:20, 111:18, 119:12, 119:18
**30(b)(6)** [8] - 72:11, 73:5, 74:9, 74:10, 74:12, 75:9, 75:10, 76:1
**30(b)(6)'s** [1] - 72:4
**30(B)(6).....................
........................** [1] - 8:9
**300** [1] - 3:15
**30th** [2] - 75:10, 75:22,

**76:1**
**31st** [1] - 120:1
**3450** [1] - 5:23
**36130** [1] - 2:18
**365** [1] - 2:4
**36604** [1] - 1:21
**3668** [1] - 1:24
**36TH** [1] - 2:23
**3:00** [1] - 32:14
**3rd** [2] - 94:15, 94:16

## 4

**4000** [1] - 4:17
**405** [1] - 5:5
**42** [2] - 7:12, 7:13
**42ND** [1] - 5:12
**43** [2] - 7:14, 7:15
**45** [12] - 100:24, 101:2, 101:23, 102:1, 102:2, 102:3, 102:10, 102:12, 102:13, 107:21, 111:17
**450** [1] - 2:9
**46** [1] - 7:17
**47** [1] - 7:18
**4:30** [1] - 111:1

## 5

**5** [1] - 86:7
**50** [3] - 50:16, 125:24, 125:25
**500** [3] - 2:18, 5:23, 6:10
**5000** [1] - 3:10
**504** [1] - 6:11
**52** [1] - 7:20
**5395** [1] - 2:10
**546** [1] - 3:18
**556** [1] - 1:24
**58** [1] - 7:22
**5800** [1] - 5:16
**589-7779** [1] - 6:11
**59** [2] - 7:23, 7:25
**5:30** [2] - 110:25, 111:1

## 6

**6** [3] - 77:20, 78:25, 86:7
**60** [1] - 8:1
**60606** [1] - 5:16
**60654** [1] - 3:15
**65** [1] - 8:3
**67** [1] - 8:4

**68** [1] - 8:5
**6th** [1] - 77:13

## 7

**7** [4] - 60:14, 85:25, 86:1, 86:7
**701** [1] - 3:10
**70112** [1] - 4:10
**70113** [1] - 1:18
**70130** [3] - 2:5, 3:19, 6:10
**70139** [1] - 3:11
**70163** [1] - 2:24
**70170** [1] - 5:9
**70502** [1] - 1:25
**71** [1] - 8:6
**72** [4] - 8:7, 8:8, 8:9, 8:10
**74** [1] - 8:11
**75270** [1] - 3:24
**76** [2] - 8:12, 8:13
**7611** [1] - 2:14
**767** [1] - 4:25
**77002** [2] - 4:17, 5:24
**77010** [1] - 4:14
**77019** [1] - 5:13
**77492** [1] - 5:19
**78** [1] - 8:14
**79** [1] - 8:15
**7TH** [1] - 2:10

## 8

**8** [4] - 22:15, 85:25, 86:1, 86:7
**80** [1] - 8:16
**82** [1] - 8:17
**820** [1] - 1:17
**83** [8] - 8:18, 8:19, 8:20, 8:21, 8:22, 8:23, 8:24, 8:25, 9:1
**84** [2] - 9:2, 9:3
**85** [2] - 9:4, 9:5
**86** [4] - 9:6, 9:7, 9:8, 9:9
**88** [3] - 9:10, 22:21, 22:22

## 9

**9** [7] - 69:4, 72:13, 72:16, 75:5, 75:10, 75:15, 76:6
**90** [3] - 9:11, 22:21, 22:22
**92** [1] - 22:21
**94102** [1] - 2:10