UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| Relates to:  All Cases | * * | JUDGE BARBIER |
| (Including No. 10-2771) | * * | MAG. JUDGE SHUSHAN |
| ************************************* | * | |

OPPOSITION TO LXR AND SANCHEZ's MEMORANDUM
ADDRESSING THE ESTABLISHMENT OF A COURT-SUPERVISED RESERVE

Many of the issues raised in LXR and Sanchez's MEMORANDUM ADDRESSING THE COURT'S ORDER [Doc 5146] have been addressed in previous briefs,[1] and were correctly determined by the Court in its ORDER AND REASONS [Doc 5022].  The PSC respectfully responds further to the specific contentions of LXR and Sanchez as follows:

- According to Lexis-Nexis File & Serve records, counsel for LXR and Sanchez was provided with notice of the Court's Order [Doc 4553] setting the November 21st deadline for opposition to the PSC's Motion on November 10, 2011,[2] and the Order was reviewed by Caroline Adams of the Buzbee Law Firm on November 10, 2011 at 5:39 pm.[3]

- There is nothing in the Court's Order that would prevent a claimant from resolving his or her OPA claims against BP in the GCCF expeditiously.

- One would argue that, after eighteen months since the establishment of the GCCF, (20 months since the incident), the potential settlements that would be subject to the clarified hold-back order will not have been made "expeditiously".

---

[1] *See* OPPOSITION TO BP'S MOTION FOR RECONSIDERATION [Doc 5153]; *see also, generally,* STATUS REPORT AND MEMORANDUM IN SUPPORT OF MOTION [Doc 4507-1], *and, in particular,* REPLY BRIEF [Doc 4717] at pp.2, 3-5; *and,* SUR-REPLY BRIEF [Doc 4739-1] at pp.2-5, 7-9.

[2] *See* EXHIBIT A.

[3] *See* EXHIBIT B.

- The Court's Order does not in any way determine what, if any, common benefit fees might ultimately be awarded with respect to the potential resolution of LXR or Sanchez's claims.

- It is possible that LXR and/or Sanchez's attorney will be able to negotiate settlements under which BP, through the GCCF or otherwise, agrees to fund the reserve account over and above the claimant's recovery.

- To the extent that BP does not agree to fund the reserve account over and above a potential LXR and/or Sanchez recovery, the funds would come out of their counsel's contingency fee, not their net recoveries.

- To the extent that the Court might ultimately determine that a common benefit fee of 6% is not warranted with respect to a potential LXR and/or Sanchez settlement, the funds would be returned out of escrow to LXR and/or Sanchez, and their attorney.

- The Court already considered and rejected the argument that it lacks jurisdiction over BP and its claims process, which is broader than – (and in many respects fails to comply with[4]) – OPA's statutory requirements.[5]

- Based on the form release that BP has employed in resolving final claims through the GCCF, a potential settlement by LSX and/or Sanchez will release not only OPA claims, but also general maritime law and state claims – for which BP faces additional exposure in the MDL.[6]

- Nothing in the Court's Order prevents LXR, Sanchez or their counsel from recouping the expenses (if any) they have incurred in attempting to establish their own individual claims.

- The PSC does not "admit that it has done no work on causation."[7]

---

[4] *See, e.g.,* MEMO IN SUPPORT OF MOT TO SUPERVISE *EX PARTE* COMMUNICATIONS [Doc 912-1], pp.15-19; REPLY IN SUPPORT OF MOT TO SUPERVISE *EX PARTE* COMMUNICATIONS [Doc 1021], pp.2-7, 13-15; SUPPLEMENTAL MEMO CONCERNING BP'S FAILURE TO COMPLY WITH THE MANDATES OF OPA [Doc 1318]; SUPPLEMENTAL BRIEF IN SUPPORT OF SUPERVISION OVER THE BP INTERIM CLAIMS PROCESS [Doc 3423], pp.2-11, 15-19.

[5] ORDER AND REASONS (Dec. 28, 2011) [Doc 5022], pp.4-6; *see also,* SUR-REPLY BRIEF [Doc 4739-1] at pp.2-5, 7-9.

[6] Although this Court indicated, in August of 2011, that claims for punitive damages and other relief are either preempted or limited to those with *Robins Dry Dock* standing, such ruling is subject to reconsideration and/or appellate review, and therefore poses an ongoing litigation risk to BP.

[7] *See, e.g.,* OMNIBUS OPPOSITION TO MOTIONS TO DISMISS B1 CLAIMS [Doc 1821], at pp.56-74, *and,* ORDER AND REASONS (8/26/2011) [Doc 3830], at pp.32-33, regarding the causation standard under OPA.

- The notion that "it does not matter whether BP is 1% responsible or 100% responsible for the spill" completely ignores the over-arching dynamics under which a litigant like BP decides whether and how much it will pay to claimants.

The PSC has never claimed that it has done "all" of the work for any particular claimant or plaintiff. Where plaintiff attorneys have assisted claimants in preparing and resolving their individual claims, they have presumably been compensated under private contingency or other arrangements for the payment of a contractual attorneys' fee. These attorneys and their clients, at the same time, have benefitted – and with respect to those potential future settlements that are subject to the hold-back order will certainly have benefited - whether directly or indirectly, from the PSC and other Common Benefit Attorneys' efforts,[8] and should contribute an appropriate level of common benefit fees, to be determined, on an appropriate record, at a later day.

## Conclusion

For these reasons, and for all of the reasons previously expressed by the Court and submitted by the Plaintiffs' Steering Committee, LXR and Sanchez's Motion for Reconsideration should be denied.

This 12th day of January, 2012.

Respectfully submitted,


   /s/ Stephen J. Herman                     /s/ James Parkerson Roy
**Stephen J. Herman**, La. Bar No. 23129    **James Parkerson Roy**, La. Bar No. 11511
**HERMAN HERMAN KATZ & COTLAR LLP**    **DOMENGEAUX WRIGHT ROY & EDWARDS**
820 O'Keefe Avenue                                556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113                Lafayette, Louisiana 70501

---

[8] *See* ORDER AND REASONS (Dec. 28, 2011) [Doc 5022], pp.4-6; REPLY BRIEF [Doc 4717], pp.2, 3-5; SUR-REPLY BRIEF [Doc 4739-1], pp.2-5, 7-9; *see also, generally,* STATUS REPORT AND MEMORANDUM IN SUPPORT OF MOTION [Doc 4507-1].

| | |
|---|---|
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs' Liaison Counsel* | *Plaintiffs' Liaison Counsel* |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Opposition will be filed into the record *via* the Court's ECF electronic filing system and will be served on all counsel *via* Lexis-Nexis File & Serve, pursuant to PRE-TRIAL ORDER NO. 12, this 12th day of January, 2012.

/s/ Stephen J. Herman and James Parkerson Roy