UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| Relates to: *All Cases* | * * | JUDGE BARBIER |
| (Including No. 10-2771) | * * | MAG. JUDGE SHUSHAN |
| ************************************** | * | |

### OPPOSITION TO WINKELER AND FEBRUARY's MOTION FOR RECONSIDERATION OF ORDER ESTABLISHING COURT-SUPERVISED RESERVE

Many of the issues raised in Winkeler and the February Corporation's EXPEDITATED MOTION FOR RECONSIDERATION [Doc 5147] have been addressed in previous briefs,[1] and were correctly determined by the Court in its ORDER AND REASONS [Doc 5022]. The PSC respectfully responds further to the specific contentions of Winkeler and the February Corporation as follows:

- The PSC clearly met its burden with respect to benefits conferred upon claimants who may be favored with potential settlements occurring after December 30, 2011, the effective date of the clarified hold-back order.[2]

- The GCCF had made improvements to its communications and methodologies prior to the formal establishment of the PSC, *because of* the common benefit efforts of Common Benefit Attorneys (including, but not limited to, Interim Co-Liaison Counsel and other attorneys who would later be formally appointed to the PSC).

---

[1] *See* OPPOSITION TO BP'S MOTION FOR RECONSIDERATION [Doc 5153]; *see also, generally,* STATUS REPORT AND MEMORANDUM IN SUPPORT OF MOTION [Doc 4507-1]; REPLY BRIEF [Doc 4717]; *and,* SUR-REPLY BRIEF [Doc 4739-1].

[2] *See* ORDER AND REASONS (Dec. 28, 2011) [Doc 5022], pp.4-6; *see generally,* STATUS REPORT AND MEMORANDUM IN SUPPORT OF MOTION [Doc 4507-1]; *and, in particular,* REPLY BRIEF [Doc 4717], pp.2, 3-5; SUR-REPLY BRIEF [Doc 4739-1], pp.2-5, 7-9.

- The *In re Vioxx* decision cited by movants simply stands for the proposition that, in a different case, with a different record, based on different facts and circumstances, the Court concluded that a sufficient showing for emergency relief had not been made.[3] The order has nothing to do with the question of whether, in this case, the Court correctly found that the requisite showing had been made.

- The work of Common Benefit Attorneys has not been limited to fault allocation, but rather, extends to all aspects of the disputes arising out of the *Deepwater Horizon* / Macondo incident – including the causation standard and other issues relative to OPA claims.[4]

- Based on the form release that BP has employed in resolving final claims through the GCCF, a potential settlement by Winkeler and/or February will release not only OPA claims, but also general maritime law and state claims – for which BP faces additional exposure in the MDL.[5]

- Common Benefit Attorneys agree with movants that claimants should not be treated differently.  As the PSC has itself argued, (and as the Court has found): "It would not be fair… for the plaintiffs who acted responsibly to preserve their rights before the Monition Date to bear the entire common benefit fee burden, (if any), while those who did not file in the MDL, but receive the same benefits, shoulder none of the responsibility. Nor would it be fair to allow plaintiffs' attorneys, who are relying on the PSC and other Common Benefit Attorneys to develop the case and prepare it for trial, to pocket the entire attorney fee for themselves, by settling their clients' cases with Feinberg through the GCCF on the eve of trial."[6]

---

[3] It is our understanding that the request may be renewed, at a later appropriate time and on a fuller record.

[4] *See* STATUS REPORT AND MEMORANDUM IN SUPPORT OF MOTION [Doc 4507-1], pp.7-19; *see also, e.g.,* OMNIBUS OPPOSITION TO MOTIONS TO DISMISS B1 CLAIMS [Doc 1821], pp.56-74; ORDER AND REASONS (8/26/2011) [Doc 3830], at pp.32-33.

[5] Although this Court indicated, in August of 2011, that claims for punitive damages and other relief are either preempted or limited to those with *Robins Dry Dock* standing, such ruling is subject to reconsideration and/or appellate review, and therefore poses an ongoing litigation risk to BP.

[6] REPLY BRIEF [Doc 4717], p.5.

- The Court already considered and rejected the argument that it lacks jurisdiction over BP and its claims process, which is broader than – (and in many respects fails to comply with[7]) – OPA's statutory requirements.[8]

- The notion that claimants who have chosen to pursue only OPA claims against BP through the GCCF are unaffected by litigation risks and liability determinations completely ignores the real-world over-arching dynamics under which a litigant like BP decides whether and how much it will pay to claimants.

## Conclusion

For these reasons, and for all of the reasons previously expressed by the Court and submitted by the Plaintiffs' Steering Committee, Winkeler and February's Motion for Reconsideration should be denied.

This 12th day of January, 2012.


Respectfully submitted,


| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
|---|---|
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs' Liaison Counsel* | *Plaintiffs' Liaison Counsel* |

---

[7] *See, e.g.,* MEMO IN SUPPORT OF MOT TO SUPERVISE *EX PARTE* COMMUNICATIONS [Doc 912-1], pp.15-19; REPLY IN SUPPORT OF MOT TO SUPERVISE *EX PARTE* COMMUNICATIONS [Doc 1021], pp.2-7, 13-15; SUPPLEMENTAL MEMO CONCERNING BP'S FAILURE TO COMPLY WITH THE MANDATES OF OPA [Doc 1318]; SUPPLEMENTAL BRIEF IN SUPPORT OF SUPERVISION OVER THE BP INTERIM CLAIMS PROCESS [Doc 3423], pp.2-11, 15-19.

[8] ORDER AND REASONS (Dec. 28, 2011) [Doc 5022], pp.4-6; *see also,* SUR-REPLY BRIEF [Doc 4739-1] at pp.2-5, 7-9.

**CERTIFICATE OF SERVICE**

      We Hereby Certify that the above and foregoing Opposition will be filed into the record *via* the Court's ECF electronic filing system and will be served on all counsel *via* Lexis-Nexis File & Serve, pursuant to Pre-Trial Order No. 12, this 12th day of January, 2012.

                                               /s/ Stephen J. Herman and James Parkerson Roy