UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| Relates to: *All Cases* | * | |
| | * | JUDGE BARBIER |
| (Including No. 10-2771) | * | |
| | * | MAG. JUDGE SHUSHAN |
| ************************************** | * | |

**OPPOSITION TO BILL'S OYSTER HOUSE, ET AL.'s MOTION FOR RECONSIDERATION OF ORDER ESTABLISHING COURT-SUPERVISED RESERVE**

Many of the issues raised in Bill's Oyster House, et al.'s EXPEDITATED MOTION FOR RECONSIDERATION [Doc 5149] have been addressed in previous briefs,[1] and were correctly determined by the Court in its ORDER AND REASONS [Doc 5022]. The PSC respectfully responds further to the specific contentions of Bill's Oyster House as follows:

- The PSC clearly met its burden with respect to benefits conferred upon claimants who may be favored with potential settlements occurring after December 30, 2011, the effective date of the clarified hold-back order.[2]

- The *In re Vioxx* decision cited by movants simply stands for the proposition that, in a different case, with a different record, based on different facts and circumstances, the Court concluded that a sufficient showing for emergency relief had not been made.[3] The order has nothing to do with the question of whether, in this case, the Court correctly found that the requisite showing had been made.

---

[1] *See* OPPOSITION TO BP'S MOTION FOR RECONSIDERATION [Doc 5153]; *see also, generally,* STATUS REPORT AND MEMORANDUM IN SUPPORT OF MOTION [Doc 4507-1]; REPLY BRIEF [Doc 4717]; *and,* SUR-REPLY BRIEF [Doc 4739-1].

[2] *See* ORDER AND REASONS (Dec. 28, 2011) [Doc 5022], pp.4-6; *see generally,* STATUS REPORT AND MEMORANDUM IN SUPPORT OF MOTION [Doc 4507-1]; *and, in particular,* REPLY BRIEF [Doc 4717], pp.2, 3-5; SUR-REPLY BRIEF [Doc 4739-1], pp.2-5, 7-9.

[3] It is our understanding that the request may be renewed, at a later appropriate time and on a fuller record.

- It would be irresponsible for litigants to rely on the Coast Guard investigation for a number of reasons, including the fact that such testimony and reports are generally inadmissible under 46 U.S.C. §6308(a).

- The PSC and other Common Benefit Attorneys have held numerous meetings and telephone conferences and have distributed other communications to attorneys in order to provide them with reports on, and to solicit their feedback with respect to, intentions, plans, deadlines and strategies – both within the formal litigation and with respect to BP's claims facility.

- The work of Common Benefit Attorneys has not been limited to fault allocation, but rather, extends to all aspects of the disputes arising out of the *Deepwater Horizon* / Macondo incident – including the causation standard relative to OPA claims.[4]

- Based on the form release that BP has employed in resolving final claims through the GCCF, a potential settlement by Bill's Oyster House, et al., will release not only OPA claims, but also general maritime law and state claims – for which BP faces additional exposure in the MDL.[5]

- While movants may attempt to "renounce" PSC work product, it seems unlikely that courts will allow them to re-conduct the same discovery or re-try the same issues.[6]

- The Court's Order does not in any way determine what, if any, common benefit fees might ultimately be awarded with respect to the potential resolution of Bill's Oyster House's claims.

- To the extent that the Court might ultimately agree with movants that a common benefit fee of 6% is not warranted with respect to a potential Bill's Oyster House settlement, the funds would be returned out of escrow to Bill's Oyster House, and its attorney.

- The notion that claimants who choose to pursue only OPA claims against BP through the GCCF are unaffected by litigation risks and liability determinations completely ignores the real-world over-arching dynamics under which a litigant like BP decides whether and how much it will pay to settle claims.

---

[4] *See* STATUS REPORT AND MEMORANDUM IN SUPPORT OF MOTION [Doc 4507-1], pp.7-19; *see also, e.g.,* OMNIBUS OPPOSITION TO MOTIONS TO DISMISS B1 CLAIMS [Doc 1821], pp.56-74; ORDER AND REASONS (8/26/2011) [Doc 3830], at pp.32-33.

[5] Although this Court indicated, in August of 2011, that claims for punitive damages and other relief are either preempted or limited to those with *Robins Dry Dock* standing, such ruling is subject to reconsideration and/or appellate review, and therefore poses an ongoing litigation risk to BP.

[6] One might also suggest that the "renunciation" of common benefit work product by counsel could be somewhat irresponsible, in light of counsel's professional and fiduciary duties to his clients.

- The PSC does not believe that this is the appropriate time or forum to comment upon the nature or quality of Mr. Becnel's activities.

### Conclusion

For these reasons, and for all of the reasons previously expressed by the Court and submitted by the Plaintiffs' Steering Committee, Bill's Oyster House, et al.'s Motion for Reconsideration should be denied.

This <u>12th</u> day of <u>January</u>, <u>2012</u>.

Respectfully submitted,

| | |
|---|---|
| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No. 11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs' Liaison Counsel* | *Plaintiffs' Liaison Counsel* |

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Opposition will be filed into the record *via* the Court's ECF electronic filing system and will be served on all counsel *via* Lexis-Nexis File & Serve, pursuant to PRE-TRIAL ORDER NO. 12, this <u>12th</u> day of <u>January</u>, <u>2012</u>.

/s/ Stephen J. Herman and James Parkerson Roy