IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-30121

---

ERIC VIZENA, Individually and on behalf of Erica Vizena, on
behalf of John Eric Vizena; PATRICIA VIZENA, Individually
and on behalf of Erica Vizena, on behalf of John Eric
Vizena; MICHAEL ROUGEAU, Individually and on behalf of
Kaitlen Rougeau, on behalf of Jena Rougeau; WENDY ROUGEAU,
Individually and on behalf of Kaitlen Rougeau, on behalf of
Jena Rougeau; ERIC'S BODY SHOP; KATINA THIBODEAUX,
Individually and on behalf of Hailey Thibodeaux, on behalf
of Taylor Thibodeaux; ANTHONY RAY ROY; VELVA STANFORD

      Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO

      Defendant - Appellant

---

HERBERT ARNOLD; JUDITH ARNOLD
      Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO

      Defendant - Appellant

---

BRYANT CORMIER; SYBIL SMITH; WENDY THIBODEAUX

EXHIBIT B

      Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

      Defendants

UNION PACIFIC RAILROAD CO

      Defendant - Appellant

---------------------------

GARY GAUDIN; LINDA GAUDIN

      Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO

      Defendant - Appellant

---------------------------

HOLLY FONTENOT; JOHN PASTERICK; EVELINE ARDOIN; JOHN FONTENOT

      Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

      Defendants

UNION PACIFIC RAILROAD CO

Defendant - Appellant

---

GARY FONTENOT, Etc; ET AL

    Plaintiffs

NEAL TRAHAN; AMY TRAHAN, on behalf of Brianne Stanford

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

    Defendants

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

---

PATRICK MILLER; GAIL FRYE; DWIGHT COLLINS; APRIL COLLINS; CLAYTON SCOTT, SR; PATRICIA CEASAR; KEISHA VICTORIAN MILLER

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

---

WALTER J ANDREPONT; PATRICK JAMES BERTRAND; MARY INC, doing business as Manuel Oil Co; LISA THIBODEAUX; SAM E THUMBLIN, JR; ERMA TROSCLAIR; WAVELAND SERVICES INC

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

    Defendants

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

------------------------

JOHN DANA LATOUR; JUDY LATOUR; DULA JOHNSON

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

------------------------

LINTON SAM

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

------------------------

DEBRA HARDY, on behalf of Kristen Hardy, on behalf of Leola Poulard, on behalf of Shaun Hardy; GARY HARDY, on behalf of Kristen Hardy, on behalf of Shaun Hardy, on behalf of Leola Poulard

    Plaintiffs - Appellees

v.

4

UNION PACIFIC RAILROAD CO; ET AL

      Defendants

UNION PACIFIC RAILROAD CO

      Defendant - Appellant

------------------------

LADONNA SHEREE SNOW; TERRANCE PAUL HEBERT; TAMMIE G BERTRAND; CARL A BERTRAND; AMOS D GRAHAM; MARYLAND W GRAHAM

      Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

      Defendants

UNION PACIFIC RAILROAD CO

      Defendant - Appellant

------------------------

ALRISTELLE K THOMAS; STEVE CEASER; TIFFANY C ROBINSON; QUITIN DOYLE; J L PITRE; JAMAL PITRE; JAVONTE PITRE; RAYMOND COLE; EMILE PITRE, JR; DONNA PITRE; MARGIE PITRE; EMILE PITRE, SR; MARGIE ALFRED

      Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

      Defendants

5

UNION PACIFIC RAILROAD CO

      Defendant - Appellant

------------------------

BECKY BRUNET; RAMOND MALVEAUX; KIMBERLY WALKER, Individually and on behalf of Caroline Elizabeth Walker, on behalf of Ty Robert Walker; CHAD WAYNE DAIGLE, Individually and on behalf of Jacoby Daigle, on behalf of Colby Goodley; GENORA GOODLEY, Individually and on behalf of Jacoby Daigle, on behalf of Colby Goodley; MARK ROBERT WALKER, Individually and on behalf of Caroline Elizabeth Walker, on behalf of Ty Robert Walker

      Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO

      Defendant - Appellant

------------------------

EBONY WILLIS; ETHEL WILLIS; ROZENA EDWARDS; JAMAL WILLIS; LARRY EDWARDS

      Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

      Defendants

UNION PACIFIC RAILROAD CO

      Defendant - Appellant

------------------------

ACADIANA AMUSEMENTS INC

Plaintiff - Appellee

v.

UNION PACIFIC RAILROAD CO; ET AL

Defendants

UNION PACIFIC RAILROAD CO

Defendant - Appellant

------------------------

SCOTT PERRODIN; LYNDA PERRODIN; STEVIE BERTRAND; TINA BERTRAND

Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

Defendants

UNION PACIFIC RAILROAD CO

Defendant - Appellant

------------------------

MANZY THOMAS; MARGIE THOMAS; LLOYD H ANTOINE, Individually
and on behalf of Alex Antoine, on behalf of Anthony Antoine;
DENISE ANTOINE, Individually and on behalf of Alex Antoine,
on behalf of Anthony Antoine; ANTOINE FARMS

Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO

Defendant - Appellant

----------------------

JOSHUA WEST; HERMAN LAWRENCE, JR; TODD GUILLORY

  Plaintiffs - Appellees

  v.

UNION PACIFIC RAILROAD CO

  Defendant - Appellant

----------------------

ELLA EDWARDS; RAUNDEA GUILLORY, Individually and on behalf of Rondessio Guillory, on behalf of Fitzgerald Guillory; ANNIE JACK; JOHNNY TILLMAN; LOLA WILSON

  Plaintiffs - Appellees

  v.

UNION PACIFIC RAILROAD CO

  Defendant - Appellant

----------------------

PHILIP THOMAS; FREDERICK THOMAS; TRACY ELLISON; HILARY THOMAS; GEORGE THOMAS; EDDIE THOMAS

  Plaintiffs - Appellees

  v.

UNION PACIFIC RAILROAD CO

  Defendant - Appellant

----------------------

PERRY L JONES, SR, Individually and on behalf of D'Andrea Broussard, on behalf of Laci Broussard, on behalf of Tia Broussard, on behalf of Perry Jones, Jr, on behalf of Sharon Nicks; KENYA JONES, Individually and on behalf of D'Andrea Broussard, on behalf of Laci Broussard, on behalf of Tia Broussard, on

behalf of Perry Jones, Jr, on behalf of Sharon Nicks;
LAMIKAA MEEKS; RETINA SHANTELL MEEKS; MARIE SCOTT; RENELLA
LEVINE; OCTAVE THOMAS, JR; MARIA STRAHAN, Individually and
on behalf of Lashonda Strahan; MARY STRAHAN, Individually
and on behalf of Caroline Strahan; BRENDA TRAHAN,
Individually and on behalf of the Unborn Child; JUDY TRAHAN,
Individually and on behalf of Patty Trahan, on behalf of
Rita Trahan, on behalf of April Trahan, on behalf of
Benjamin Trahan; KEVIN JORDAN, Individually and on behalf of
Tyler Jordan, on behalf of Deanta Jordan, on behalf of
Melissa Buchnell; MARY JORDAN, Individually and on behalf of
Tyler Jordan, on behalf of Deanta Jordan, on behalf of
Melissa Buchnell; ALBERT ARNOLD MILLER; SHERAL LAVERGNE;
VIRGINIA DUPRE, on behalf of Shauncey Francois-Dupre;
CLIFFORDS AUGUST; STELLA AUGUST; JANIS FAYE BREWSTER;
CHRISTAL DUPRE, Individually and on behalf of Eboni Dupre;
ETHEL DANTLEY; JOSEPH CHARLES, SR; BETTY THOMAS; GLORIA J
ALFRED, Individually and on behalf of Frank Alfred, on
behalf of Ronket Alfred; CHARLES DAIGLE, Individually and on
behalf of Jordon Daigle; PAM DAIGLE, Individually and on
behalf of Jordon Daigle; DONALD BROWN, Individually and on
behalf of Keisha Brown; MARGARET BROWN, Individually and on
behalf of Keisha Brown

  Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

  Defendants
UNION PACIFIC RAILROAD CO

  Defendant - Appellant
------------------------
HILDA FRANK; FRANCIS FRANK, JR, Individually and on behalf of
Frankie H Frank, on behalf of Francine Frank, on behalf of
Franko H Frank; FRANCIS FRANK, III; FRANDON FRANK; CURLEY FRANK;
DORIS FRANK; JACKIE FRANK, Individually and on behalf of Jack
Scott, on behalf of Nicholas Frank; LOYCE ALFRED; NANCY ALFRED,

Individually and on behalf of Jena Fontenot, on behalf of Trina
Fontenot; SANDRA ALFRED, Individually and on behalf of Michael a
Jacobs, II, on behalf of Rozuandra Jacobs, on behalf of
Clifton Durgin, Jr; TERRIE ALFRED; LINTON BELL; RITA
FRANSAW; HERMAN FRANSAW; HERMAN FRANSAW, JR; JENNIFER
FRANSAW, Individually and on behalf of Ronnisha A Hilts, on
behalf of Kayondra Fransaw, on behalf of Kashanda Fransaw;
FREDRICK GUILLORY; JOYCE GUILLORY; MARILYN E GUILLORY; OTIS
J GUILLORY, JR; EVELYN HANDY, Individually and on behalf of
Doris Fontenot; MICHAEL HANDY, Individually and on behalf of
Evelena Handy, on behalf of Michael Handy, Jr; RHONDA
MALVEAUX, Individually and on behalf of Shameka Fransaw;
JOEL MASON; TERRY PITRE, Individually and on behalf of
Andrew Pitre, on behalf of Terrance Pitre, on behalf of
Terrika Pitre, on behalf of Tina Pitre, on behalf of Andrea
Pitre; ALVA SAM; LINTON SAM, Individually and on behalf of
Coretha Bell; DONALD TERRY; HOWARD TERRY, Individually and
on behalf of Howard Terry, Jr, on behalf of Clarina Terry,
on behalf of Ja'Mario Terry; THELMA TERRY; NEAMALEKA
WASHINGTON, Individually and on behalf of D'Onte Washington;
ZALPHIA WASHINGTON; KARLA D WHITE; LARRY M REED

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

    Defendants

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

------------------------

PAUL LANDRY; ROSE LANDRY, Individually and on behalf of Keith
Carrier; RAMONA LEMELLE, on behalf of Aaron Lemelle

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

    Defendants

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

---------------------

CHARLOTTE FONTENOT; CLARENCE FONTENOT; PEGGY FONTENOT; RICHARD FONTENOT; ADRIAN LEDAY; ANTHONY LEDAY; JOSEPH SOILEAU

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

    Defendants

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

---------------------

PAUL DUPLANTIS; KAREN DUPLANTIS

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

    Defendants

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

---------------------

11

RODERICK ABNEY; LESTER ADAMS; KERRY ALVIS, JR; M ANDERSON; RICHARD ANDERSON; ET AL

    Plaintiffs - Appellees

v.

UNION PACIFIC RAILROAD CO; ET AL

    Defendants

UNION PACIFIC RAILROAD CO

    Defendant - Appellant

---

Appeal from the United States District Court for
the Western District of Louisiana
(USDC No. 00-CV-2782)

---

October 4, 2001

Before REAVLEY, HIGGINBOTHAM and PARKER, Circuit Judges.

PER CURIAM:[*]

The order of the district court signed on January 9, 2001, and entered on January 12, 2001 is vacated. Union Pacific cannot be prevented from settling claims with persons not parties to any case pending before the court. Nor may the court subject non-parties to expenses of litigation, even though those expenditures

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

may possibly be used to accrue to their benefit. The court has no authority to create a common fund with money of persons who are not parties before the court. And even though these victims of the train derailment may become members of a class, their right to opt-out of the class may not be denied or interfered with.

ORDER VACATED.



FILED
USDC, WESTERN DISTRICT OF
ROBERT H. SHEMWELL, CLERK
DATE 1/12/01
BY ____

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ERIC VIZENA, PATRICIA VIZENA, Individually and on behalf of their minor children, ERICA VIZENA and JOHN ERIC VIZENA, ERIC'S BODY SHOP, MICHAEL ROUGEAU, WENDY ROUGEAU, individually and on behalf of their minor children, KAITLEN ROUGEAU and JENA ROUGEAU, ET AL | CONSOL. ACTION NO. 00-1267 |
| VERSUS | JUDGE HAIK |
| UNION PACIFIC RAILROAD COMPANY | MAGISTRATE JUDGE METHVIN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

This Order is entered in order to provide for the fair and equitable sharing among plaintiffs/victims of the cost of special services performed and expenses incurred by the plaintiffs' Liaison Committee which is acting for the common benefit of all plaintiffs/victims in this proceeding.

1. **Plaintiffs' and Victims' Litigation Expense Fund**

The Plaintiffs' Liaison Committee, through Co-Lead Counsel, are directed to establish an interest-bearing account to receive and disburse funds as provided for in this Order. They may designate an escrow agent for this purpose. These funds will be held as funds subject to the direction of the Court. No party or attorney will have any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person under this order. These funds will not constitute the separate property of any party or attorney--except when and as directed to be disbursed as provided in this Order to a specific person--or be subject to




EXHIBIT "2"

garnishment or attachment for the debts or any party or attorney. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Order.

2. Assessment

   (A)   All plaintiffs/victims and their attorneys who, after this date, either agree–for monetary consideration–to settle, compromise, dismiss or reduce the amount of a claim or, with or without a trial, recover a judgment for monetary damages or other monetary relief, with respect to a claim arising from the May 27 Train Derailment at Eunice, Louisiana, are hereby assessed:

   (1) 10% of the "gross monetary recovery" of the agreement or judgment shall be withheld as potential fee for services performed for the common benefit by the Plaintiffs' Liaison Committee.

   (2) 5% of the "gross monetary recovery" of the agreement or judgement shall be withheld as potential reimbursement of costs and expenses in connection with services performed for the common benefit by the Plaintiffs' Liaison Committee.

Defendants and/or their insurers are directed to withhold these assessments from any amounts paid to plaintiffs/victims and their counsel, and to pay the assessment directly into the fund as a credit against the settlement or judgment. If, for any reason, the assessment is not so withheld, the defendants and/or their insurers are jointly responsible for paying the assessment into the fund upon receipt.

   (B)   In measuring the "gross monetary recovery":

   (1) Exclude any amounts taxed, or potentially subject to be taxed, as Court costs

that are to be paid by the Defendants.

(2) Include the present value of any fixed and certain payments to be made in the future (except that, in lieu thereof, a plaintiff/victim may agree to be assessed the appropriate percentage when and as future payments are received).

(C) This obligation:

(1) Applies to all cases now pending, or later filed in, transferred to, or removed to, this Court and treated as part of the proceeding, including cases later remanded to state court where the plaintiffs/victim has received the benefit of the efforts of the Plaintiffs' Liaison Committee.

(2) Applies to cases in the state courts to the extent so ordered by the presiding judge of that court.

(a) If the plaintiffs/victim's attorney has a contingent fee arrangement with the client, the amounts to be paid to the fund shall be charged against, and paid from, the attorney's share of the recovery. **Payments to the fund on account of costs shall be charged against, and paid from, the clients share of the recovery.**

(b) Plaintiffs/victims and defendants, and their counsel, are jointly responsible for reporting to the Plaintiffs' Liaison Committee—or to the escrow agent designated by it—the terms of any settlement or judgment that may be subject to this Order. This report is to enable monitoring of compliance with this Order.

(c) The Court reserves the right to relieve, wholly or partly, a plaintiff/victim from the obligations of this Order upon a showing of exceptional circumstances. All requests for exemption from this Order shall be reviewed on an individual basis. Any and all individuals seeking to be exempted from this Order shall first request a

letter from the Plaintiffs' Liaison Committee stating whether they or not there is an objection by the Committee to the exemption. The individual(s) shall then file with the Court a complete copy of all settlement documents, accompanied by the letter from the Plaintiffs' Liaison Committee, along with a request for exemption from this Order. Upon receipt of all required documentation, the Court shall consider the request and either approve the exemption or set the matter for hearing.

3. **Disbursements**

(A) Payments are to be made from the funds to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs/victims in addition to their own client or clients. Attorneys eligible include, for example, both members of the Plaintiffs' Liaison Committee selected to lead the litigation and other attorneys called upon by the Plaintiffs' Liaison Committee to assist in performing their responsibilities, and other attorneys acting in a similar capacity in state court actions in which the presiding judge has imposed similar obligations upon plaintiffs/victims to contribute to the fund.

(B) Payments will be allowed only to compensate for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs/victims.

(1) Payments may, for example, be made fore services and expenses related to obtaining, reviewing, indexing, and paying for documents and things obtained from defendants; to conduct local or foreign state depositions; and to conduct activities connected with the coordination of federal and state litigation. The fund will not,

however, be used to pay for services and expenses primarily related to a particular case, such as the deposition of a treating physician, even if such activity results in some incidental and consequential benefit to other plaintiffs/victims.

(2) Payments will not exceed the fair value of the services performed or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services or expenses. No "bonus" is to be paid merely because of the service or expense is undertaken for the common benefit of other litigants.

    (a) No amounts will be disbursed without review and approval by the Court. A special master may be used to assist the Court in this review. The Plaintiffs' Liaison Committee may designate one or more of its members to act for the Committee in approving particular types of applications for disbursement.

### 4. Modification

This Court reserves the power to modify the terms of this Order, but no changes imposing any additional burden or obligation on the plaintiffs/ victims in actions in a state court that has imposed this obligation on such parties will be made without the approval of the presiding state court judge.

IT IS FURTHER ORDERED that any recovery by a farmer for damage to crops during the **2000-2001** season is hereby exempted from this Order.

THUS DONE AND SIGNED on this the _9th_ day of _January_, 2001.

_____
UNITED STATES DISTRICT COURT JUDGE

COPY SENT:
DATE: 1/16/01
BY: dm
TO: see attached

COPY SENT: 6:00cv1267
DATE       : 01/16/01
BY         : dm
TO         :

| | | |
|---|---|---|
| Fraser | Pitcher | Howard |
| Thomas | Robinson | Steen |
| Fuqua | Cook | D'Armond |
| Foster | Juneau | Wilkes |
| Fayard | Roy | Edwards |
| Murray | Sibley | Percy |
| Groner | Dumas | Becnel |
| Ortego | Fontenot | Morrow |
| Hoychick | Arsenault | Gauthier |
| Pucheu | Caswell | Regan |