UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: | Oil Spill by the Oil Rig : | MDL NO. 2179 |
| | "Deepwater Horizon" in the : | |
| | Gulf of Mexico, on : | SECTION:  J |
| | April 20, 2010 : | |
| | : | JUDGE BARBIER |
| This Document Relates to All Cases | : | MAG. JUDGE SHUSHAN |

. . . .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

STATEMENT OF UNITED STATES:
HOLDBACKS ON GCCF PAYMENTS CONFLICT WITH OIL POLLUTION ACT

    The Court has ordered the Gulf Coast Claims Facility ("GCCF") to contribute a percentage of all its future settlement payments to an escrow fund, which ultimately could serve as a corpus out of which common benefit fees could be distributed. The GCCF is not operated by a government official of any sort, and its decisions are in no way controlled by the government. *See also* 2/2/11 Order at 9 n.1. The United States, however, has a significant interest in the claims resolution procedures of the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. §§ 2701 *et seq*., and the fulfillment of the policies that underlie it. Because the interpretation of those provisions in the Court's December 28, 2011 order may have significant implications for application of the OPA in this oil spill and in future ones, the United States respectfully notes that holdbacks from GCCF settlement payments conflict with OPA.[1]

    Under the OPA, a Responsible Party is required to establish and advertise a claims process that, if successful, provides parties the opportunity to avoid lengthy litigation and

---

[1] In addition to exempting the United States from the scope of the Court's Order (Docket No. 5022 at page 11), the Order also provides at page 10, "No amount will be held back or 'reserved' from State of Alabama or State of Louisiana recoveries that are non-monetary in nature. Nor will any amount be held back or reserved from payments to a State directly from a Responsible Party to reimburse the State for ongoing response costs, increased agency costs related to response, or costs incurred through participation in the NRDA process." Both Alabama and Louisiana, as well as other affected states, are the United States' co-trustees for natural resources injured as a result of the Gulf Oil Spill. Accordingly, the United States understood, and presently understands, that the Court's intention is to exempt from the Holdback any recoveries for Natural Resource Damages ("NRD") pursuant to OPA, 33 U.S.C. § 2702(b)(2)(A). If we are mistaken in that belief, we respectfully request the opportunity to address the issue in a short supplemental brief.

ensures fair compensation to those harmed by an oil spill.  33 U.S.C. § 2714(b).  In turn, the OPA requires claimants to present their claims of harm to the Responsible Party before they can resort to litigation, *id.* § 2713(a), and provides 90 days during which the parties must seek to resolve their claims before they may go to court.  *Id.* § 2713(d).  When an RP denies liability for a claim or the parties are unable to reach agreement within 90 days, the claimant may either present his or her claim in federal court or to the National Pollution Funds Center ("NPFC") for payment from the Oil Spill Liability Trust Fund ("Fund").  *Id.* § 2713(c), (d).  The OPA thus establishes an extra-judicial resolution opportunity that is, in important ways, different from the usual tort law process.

The OPA thus reflects a congressional response after the Exxon Valdez disaster and ensuing litigation, to give those harmed by an oil spill two separate opportunities to avoid litigation:  a statutorily-mandated claims process with the RP, with incentives for both parties to resolve claims efficiently rather than facing costly litigation that may reach the same result, and for those whose claims are not resolved, the option of pursuing an administrative resolution in the NPFC.[2]  OPA provides that this last choice – submitting a claim with the NPFC rather than filing suit – is entirely the claimant's.

Withholding a portion of the settlement funds provided to a claimant who affirmatively declines to come before this Court by initiating or joining litigation, with the funds to be deposited in a litigation related fund, is a significant alteration of the policies reflected in the OPA.  OPA is designed to provide a means for claimants to be fully compensated by the polluter or the Fund without resorting to costly and time-consuming litigation; the Order here would nevertheless tax litigation costs against those claimants.  By reaching into the claims process and

---

[2]"The Principal concept of this bill is to provide ready and *complete* compensation for any party suffering damages from the discharges of oil or hazardous substances.  The Fund is to provide compensation for damage claims *fully* and promptly." Senate Report 101-94:  Committee on Environment and Public Works, Sec. 10 (July 28, 1989) (emphasis supplied).

explicitly diminishing the amount possible to be realized by claimants, the withholding vitiates a significant benefit of avoiding litigation.

The order here may also upset the incentives that Congress created for claimants and Responsible Parties to resolve their claims through private settlements. Under the system of settlement incentives created under the OPA, just as a Responsible Party knows that it will ultimately have to reimburse the NPFC for payments made out of the Fund on proper claims that the Responsible Party refuses to settle, a claimant knows that if a Responsible Party offers the claimant his or her full losses, the claimant will do no better by pursuing the claim with the NPFC or in court. If a Responsible Party's offer to pay full losses is automatically reduced, claimants will have reason to reject an otherwise sufficient offer and pursue payment from the Fund. The Fund may then require more time to process and pay meritorious claims, and would ultimately have to proceed against the Responsible Party to obtain reimbursement for those payments. Such increased transaction time and cost are inconsistent with the goals of OPA.

To be clear, the United States has little insight into changes that the PSC may have achieved through whatever engagement it has had with the GCCF. The GCCF committed to the Attorney General that it would undergo an independent evaluation. The PSC provided suggestions to the Department of Justice regarding the content of that evaluation; but in that regard the PSC is no different from other private citizens and public officials who made similar suggestions – including the State Attorneys General who made a number of suggestions and now see their citizens' settlements potentially reduced by holdback.

## **CONCLUSION**

The OPA claims process is intended by Congress to discourage litigation. Common benefit fees should therefore not be taxed to OPA claims settlements at any time. Any other result discourages others from following the dictates of OPA, encourages litigation, and puts at risk some portion of the settlement proceeds of claimants who followed OPA's directions.

3

Dated: January 12, 2012

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Aviation and Admiralty Litigation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Attorney | MICHELLE T. DELEMARRE |
| DEANNA CHANG | SHARON K. SHUTLER |
| SCOTT CERNICH | JILL DAHLMANN ROSA |
| A. NATHANIEL CHAKERES | JESSICA SULLIVAN |
| JUDY HARVEY | JESSICA L. McCLELLAN |
| MATT LEOPOLD | MALINDA LAWRENCE |
| JEFFREY PRIETO | DAVID J. PFEFFER |
| GORDON YOUNG | ROBIN HANGER |
| ABIGAIL ANDRE | LAURA MAYBERRY |
| Trial Attorneys | BRIENA STRIPPOLI |
| | Trial Attorneys |
| /s/ Steven O'Rourke | U.S. Department of Justice |
| STEVEN O'ROURKE | Torts Branch, Civil Division |
| Senior Attorney | P.O. Box 14271 |
| U.S. Department of Justice | Washington, D.C. 20044-4271 |
| Environmental Enforcement Section | (202) 616-4100 |
| PO Box 7611 | (202) 616-4002 (fax) |
| Washington, DC 20044 | |
| (202) 514-2779 | /s/ R. Michael Underhill |
| steve.o'rourke@usdoj.gov | R. MICHAEL UNDERHILL, T.A. |
| | Attorney in Charge, West Coast Office |
| | Torts Branch, Civil Division |
| | 7-5395 Federal Bldg., Box 36028 |
| | 450 Golden Gate Ave. |
| | San Francisco, CA 94102-3463 |
| | (415) 436-6648 |
| | (415) 436-6632 fax |
| | mike.underhill@usdoj.gov |

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA