UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE BARBIER |
| ALL CASES | * | MAG. JUDGE SHUSHAN |

**NON-PARTY CAMILO K. SALAS III'S MEMORANDUM ADDRESSING THE COURT'S ORDER ESTABLISHING AN ACCOUNT AND RESERVE FOR LITIGATION EXPENSES**

MAY IT PLEASE THE COURT:

In response to BP's Expedited Motion for Clarification and Reconsideration of the Court's December 28, 2011 Order and Reasons as to the PSC's Motion to Establish Account and Reserve for Litigation Expenses, this Court invited briefing regarding the propriety of setting aside, in advance of any global resolution, 6% of all settlements reached in claims related to the BP Oil Spill. This memorandum is filed by the undersigned attorney, Camilo K. Salas III ("Salas"), who appears especially and only to protect his rights and the rights of his clients, which will be affected by the Court's Order.

Salas represents a number of entities and individuals who have presented their claims to the GCCF and are trying to resolve them with the Claims Administrator, Ken Feinberg. Salas' clients have **never joined this litigation** and are pursuing only administrative OPA claims.

Salas is not a member of the PSC or any subcommittee of the PSC. Salas has had no communication whatsoever with any member of the PSC or any subcommittee of the PSC after the Court made those appointments. In fact, Salas has not ever attended any of the status conferences held by the Court after those appointments were made. Salas is not aware of and has

not used any work-product of the PSC whatsoever.  Salas' clients have not benefited from any work performed by the PSC.  Salas and his clients have incurred over $500,000 in expert fees and expenses related to the issues before the GCCF.  Those issues relate strictly to quantification of damages – – something the PSC has had no involvement with.

Because Salas' clients are not within the Court's jurisdiction and because neither Salas nor his clients have used or benefited from any of the work of the PSC, it is appropriate that the Court exclude Salas, his clients and all others similarly situated from the Court's order.

Attached hereto as Exhibit "1" is a *per curiam* decision of the United States Court of Appeals for the Fifth Circuit in *Eric Vizena, et. al.  v. Union Pacific Railroad Co.*, No. 01-30121 (October 4, 2011), wherein the Court vacated an order, similar to the one issued by the Court here, that required defendants and their insurers to withhold a percentage of the proceeds of any settlement reached by claimants who were not parties to the litigation, to be used to compensate the PSC appointed in that case.  *See* Exhibit "2", which is a copy of the district court order that the Court of Appeals vacated.

Although the Fifth Circuit's decision was not designated for publication and thus is not binding on this Court, pursuant to 5th Cir. R. 47.5, it is considered persuasive authority. Hopefully, the Fifth Circuit's decision will persuade this Court that it "has no authority to create a common fund with money of persons who are not before this court."  *See* Fifth Circuit Opinion at p. 13.

Salas also adopts all the arguments made by The Buzbee Law Firm in the memorandum it filed this date. (Document No. 5156).

WHEREFORE, the undersigned respectfully urges the Court to, at a minimum, exempt from its Order those claimants who have not filed any type of papers in this Court, and who are represented by counsel who have not participated in the work of the PSC or its subcommittees.

Respectfully submitted,

/s/ *Camilo K. Salas III*
Camilo K. Salas III  (LA Bar #11657)
SALAS & Co., L.C.
650 Poydras Street, Suite 2000
New Orleans, LA 70130
Telephone:  (504) 799-3080
Facsimile: (504) 799-3085
csalas@salaslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Non-Party Camilo K. Salas III's Memorandum Addressing the court's Order Establishing an Account and Reserve for Litigation Expenses has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of January, 2011.

*/s/Camilo K. Salas III*