

FILED
USDC, WESTERN DISTRICT OF
ROBERT H. SHEMWELL, CLER
DATE 1/12/01
BY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ERIC VIZENA, PATRICIA VIZENA, Individually and on behalf of their minor children, ERICA VIZENA and JOHN ERIC VIZENA, ERIC'S BODY SHOP, MICHAEL ROUGEAU, WENDY ROUGEAU, individually and on behalf of their minor children, KAITLEN ROUGEAU and JENA ROUGEAU, ET AL | CONSOL. ACTION NO. 00-1267 |
| VERSUS | JUDGE HAIK |
| UNION PACIFIC RAILROAD COMPANY | MAGISTRATE JUDGE METHVIN |

**************************************************************

## ORDER

This Order is entered in order to provide for the fair and equitable sharing among plaintiffs/victims of the cost of special services performed and expenses incurred by the plaintiffs' Liaison Committee which is acting for the common benefit of all plaintiffs/victims in this proceeding.

1. **Plaintiffs' and Victims' Litigation Expense Fund**

The Plaintiffs' Liaison Committee, through Co-Lead Counsel, are directed to establish an interest-bearing account to receive and disburse funds as provided for in this Order. They may designate an escrow agent for this purpose. These funds will be held as funds subject to the direction of the Court. No party or attorney will have any individual right to any of these funds except to the extent of amounts directed to be disbursed to such person under this order. These funds will not constitute the separate property of any party or attorney--except when and as directed to be disbursed as provided in this Order to a specific person--or be subject to



EXHIBIT "2"

garnishment or attachment for the debts or any party or attorney. These limitations do not preclude a party or attorney from transferring, assigning, or creating a security interest in potential disbursements from the fund if permitted by applicable state laws and if subject to the conditions and contingencies of this Order.

2. **Assessment**

    (A)    All plaintiffs/victims and their attorneys who, after this date, either agree–for monetary consideration–to settle, compromise, dismiss or reduce the amount of a claim or, with or without a trial, recover a judgment for monetary damages or other monetary relief, with respect to a claim arising from the May 27 Train Derailment at Eunice, Louisiana, are hereby assessed:

(1) 10% of the "gross monetary recovery" of the agreement or judgment shall be withheld as potential fee for services performed for the common benefit by the Plaintiffs' Liaison Committee.

(2) 5% of the "gross monetary recovery" of the agreement or judgement shall be withheld as potential reimbursement of costs and expenses in connection with services performed for the common benefit by the Plaintiffs' Liaison Committee.

Defendants and/or their insurers are directed to withhold these assessments from any amounts paid to plaintiffs/victims and their counsel, and to pay the assessment directly into the fund as a credit against the settlement or judgment. If, for any reason, the assessment is not so withheld, the defendants and/or their insurers are jointly responsible for paying the assessment into the fund upon receipt.

    (B)    In measuring the "gross monetary recovery":

(1) Exclude any amounts taxed, or potentially subject to be taxed, as Court costs

that are to be paid by the Defendants.

(2) Include the present value of any fixed and certain payments to be made in the future (except that, in lieu thereof, a plaintiff/victim may agree to be assessed the appropriate percentage when and as future payments are received).

(C) This obligation:

(1) Applies to all cases now pending, or later filed in, transferred to, or removed to, this Court and treated as part of the proceeding, including cases later remanded to state court where the plaintiffs/victim has received the benefit of the efforts of the Plaintiffs' Liaison Committee.

(2) Applies to cases in the state courts to the extent so ordered by the presiding judge of that court.

(a) If the plaintiffs/victim's attorney has a contingent fee arrangement with the client, the amounts to be paid to the fund shall be charged against, and paid from, the attorney's share of the recovery. **Payments to the fund on account of costs shall be charged against, and paid from, the clients share of the recovery.**

(b) Plaintiffs/victims and defendants, and their counsel, are jointly responsible for reporting to the Plaintiffs' Liaison Committee–or to the escrow agent designated by it–the terms of any settlement or judgment that may be subject to this Order. This report is to enable monitoring of compliance with this Order.

(c) The Court reserves the right to relieve, wholly or partly, a plaintiff/victim from the obligations of this Order upon a showing of exceptional circumstances. All requests for exemption from this Order shall be reviewed on an individual basis. Any and all individuals seeking to be exempted from this Order shall first request a

letter from the Plaintiffs' Liaison Committee stating whether they or not there is an objection by the Committee to the exemption. The individual(s) shall then file with the Court a complete copy of all settlement documents, accompanied by the letter from the Plaintiffs' Liaison Committee, along with a request for exemption from this Order. Upon receipt of all required documentation, the Court shall consider the request and either approve the exemption or set the matter for hearing.

3. **Disbursements**

    (A)    Payments are to be made from the funds to attorneys who provide services or incur expenses for the joint and common benefit of plaintiffs/victims in addition to their own client or clients. Attorneys eligible include, for example, both members of the Plaintiffs' Liaison Committee selected to lead the litigation and other attorneys called upon by the Plaintiffs' Liaison Committee to assist in performing their responsibilities, and other attorneys acting in a similar capacity in state court actions in which the presiding judge has imposed similar obligations upon plaintiffs/victims to contribute to the fund.

    (B)    Payments will be allowed only to compensate for special services performed, and to reimburse for special expenses incurred, for the joint and common benefit of all plaintiffs/victims.

(1) Payments may, for example, be made fore services and expenses related to obtaining, reviewing, indexing, and paying for documents and things obtained from defendants; to conduct local or foreign state depositions; and to conduct activities connected with the coordination of federal and state litigation. The fund will not,

however, be used to pay for services and expenses primarily related to a particular case, such as the deposition of a treating physician, even if such activity results in some incidental and consequential benefit to other plaintiffs/victims.

(2) Payments will not exceed the fair value of the services performed or the reasonable amount of the expenses incurred, and, depending upon the amount of the fund, may be limited to a part of the value of such services or expenses. No "bonus" is to be paid merely because of the service or expense is undertaken for the common benefit of other litigants.

(a) No amounts will be disbursed without review and approval by the Court. A special master may be used to assist the Court in this review. The Plaintiffs' Liaison Committee may designate one or more of its members to act for the Committee in approving particular types of applications for disbursement.

4. **Modification**

This Court reserves the power to modify the terms of this Order, but no changes imposing any additional burden or obligation on the plaintiffs/ victims in actions in a state court that has imposed this obligation on such parties will be made without the approval of the presiding state court judge.

IT IS FURTHER ORDERED that any recovery by a farmer for damage to crops during the **2000-2001** season is hereby exempted from this Order.

THUS DONE AND SIGNED on this the ___9th___ day of ___January___, 2001.

UNITED STATES DISTRICT COURT JUDGE

COPY SENT:
DATE: 1/16/01
BY: dm
TO: see attached

```
COPY SENT: 6:00cv1267
DATE     : 01/16/01
BY       : dm
TO       :
```

| | | |
|---|---|---|
| Fraser | Pitcher | Howard |
| Thomas | Robinson | Steen |
| Fuqua | Cook | D'Armond |
| Foster | Juneau | Wilkes |
| Fayard | Roy | Edwards |
| Murray | Sibley | Percy |
| Groner | Dumas | Becnel |
| Ortego | Fontenot | Morrow |
| Hoychick | Arsenault | Gauthier |
| Pucheu | Caswell | Regan |