IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | Judge Barbier |
| All Cases | Magistrate Judge Shushan |

**BP'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS EXPEDITED
MOTION FOR CLARIFICATION AND RECONSIDERATION OF THE COURT'S
DECEMBER 28, 2011 ORDER AND REASONS AS TO THE PSC'S MOTION
TO ESTABLISH ACCOUNT AND RESERVE FOR LITIGATION EXPENSES**

BP respectfully submits this supplemental memorandum in support of its December 30, 2011 Motion for Clarification and Reconsideration (Rec. Doc. No. 5044).  Much of the briefing related to the Court's December 28, 2011 Order and Reasons ("Hold-back Order"; Rec. Doc. No. 5022) has focused on payments made through the Gulf Coast Claims Facility ("GCCF") and the Court's January 4, 2012 Order Amending its Hold-back Order likewise only "applies to payments or settlements made by the GCCF." (Order , Rec. Doc. No. 5064, at 1.)  However, there are also other extra-judicial claims processes related to the *Deepwater Horizon* incident, including but not limited to BP's processes for resolving Vessels of Opportunities ("VoO") claims and governmental claims, and clarification is also necessary with respect to settlements made through those processes.

BP therefore respectfully asks that the Court further amend its Hold-back Order so that the limitations in the January 4 Order are extended to extra-judicial, non-GCCF claims processes.  The same considerations that led the Court to amend the Hold-back Order with

respect to the GCCF apply equally to such claims processes. BP specifically requests that the Court order that:

1. The hold-back does not apply to settlement payments (interim or final) made on or before December 30, 2011, nor does the hold-back apply to settlement offers contained within payment determination letters from BP or any other claims processor which issued on or before December 30, 2011.

2. Where BP or any other claims processor withholds a payment (or portion of a payment) pursuant to legally enforceable liens or writs of garnishment, the hold-back shall only apply to that portion of the settlement not subject to the lien or writ of garnishment (i.e., the "net" amount after the deduction of the lien or garnishment).

BP further requests that should the Court properly determine that it has no jurisdiction over GCCF claimants unless they 1) have filed short form joinders or other federal cases that are now pending before the Court; or 2) are represented by attorneys who have cases pending in the MDL or who have participated in or had access to the discovery conducted in the MDL, it should likewise explicitly extend that holding to non-GCCF claimants, including VoO claimants and governmental claimants.

Date: January 12, 2012  Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
Liskow & Lewis
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200


Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of January, 2012.

/s/ Don K. Haycraft
Don K. Haycraft