UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig<br>          "Deepwater Horizon" in the Gulf<br>          of Mexico, on April 20, 2010<br><br>This Document applies to:<br>11-274 c/w 11-275 | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**TRANSOCEAN'S REPLY MEMORANDUM IN SUPPORT OF ITS
PROPOSED PARTIAL FINAL JUDGMENT ON THE PLEADINGS
AND IN OPPOSITION TO BP'S PROPOSED PARTIAL FINAL JUDGMENT**

_____

Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 754-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
kent.sullivan@sutherland.com

Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com,
efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH.,
Transocean Holdings LLC, Transocean
Offshore Deepwater Drilling Inc. and
Transocean Deepwater Inc.*

**TRANSOCEAN'S REPLY MEMORANDUM IN SUPPORT OF ITS
PROPOSED PARTIAL FINAL JUDGMENT ON THE PLEADINGS
AND IN OPPOSITION TO BP'S PROPOSED PARTIAL FINAL JUDGMENT**

TO THE HONORABLE CARL J. BARBIER:

Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc., and Triton Asset Leasing GmbH (collectively "Transocean") respectfully file their Reply Memorandum in Support of Transocean's Proposed Partial Final Judgment on the Pleadings and in Opposition to BP's Proposed Partial Final Judgment on the Pleadings.

**INTRODUCTION**

All parties agree that a Rule 54(b) final judgment should be entered in order to allow an immediate appeal of this Court's Order and Reasons of November 15, 2011 (**Rec. Doc. 4588**). A Rule 54(b) judgment would be appropriate because the effect of this Court's Order and Reasons is to dispose of the coverage claims for sub-surface pollution made by BP, Anadarko and MOEX. The parties, however, have been unable to agree on the proper language and scope of the judgment.

In its Memorandum in Support of Proposed Final Judgment on the Pleadings (**Rec. Doc. 5094**), Transocean set forth five reasons why its proposed Partial Final Judgment will accurately and fairly provide the finality all parties agree is necessary for a prompt appeal, consistent with the Court's Order and Reasons dated November 15, 2011. *Id.* **at 5.** Therefore, Transocean will limit its reply to addressing why the language of BP's proposed final judgment is deficient.

**I.     BP's Proposed Final Judgment Fails to Include Transocean.**

BP's proposed partial final judgment recites that the Court's Order and Reasons grants judgment on the pleadings "against the BP Parties and *in favor of the Plaintiff Insurers on the Plaintiff Insurers' complaints*." By this language, BP limits the final judgment to the Plaintiff

1

Insurers and their complaints. In turn, BP omits any reference to Transocean and its complaint and, by doing so, BP purports to render the partial final judgment inapplicable to Transocean. By omitting Transocean from the scope of the Court's partial final judgment, BP hopes to avoid this Court's earlier decision that Transocean has standing in the Insurance Actions.

Following the filing of the Insurance Actions by the Plaintiff Insurers, the Anadarko entities, MOEX and Transocean were granted leave to intervene. Transocean promptly filed its complaint, pursuant to which Transocean sought declarations virtually identical to those of its insurers.[1] BP then moved to dismiss Transocean's Complaint in Intervention for lack of standing, among other reasons. *See* **Rec. Doc. 2249.** This Court denied BP's motion to dismiss, finding instead that Transocean had standing because Transocean was a sole named insured on the policies, and because a ruling in favor of BP, Anadarko and MOEX would limit the amount to which Transocean would be entitled under its own insurance policies. *See* **Rec. Doc. 3373, at 3.** This Court so concluded: "Transocean is not asserting the rights of another party—it is asserting its own right to potentially recover a larger percentage of the coverage limits available under its insurance policies." *Id.*

Because Transocean has standing to seek the same declarations that its own insurers have sought, there is no justifiable reason for granting the Plaintiff Insurers' declarations—which BP acknowledges to be appropriate under the Court's Order and Reasons—without granting Transocean's virtually identical declarations. If, indeed, the Plaintiff Insurers are entitled to judgment on their pleadings, then so is Transocean. BP's judgment is therefore deficient by omitting any reference to Transocean and by excluding Transocean's complaint and the declarations sought therein from the effect of the proposed partial final judgment.

---

[1] *See* **Rec. Doc. 1667-5, at 8, ¶ 23** (Transocean's Complaint in Intervention), quoted in full in Transocean's Memorandum in Support of Proposed Final Judgment on the Pleadings, **Rec. Doc. 5094, at 2 n.1**.

## II.     BP's Proposed Final Judgment Excludes the Sub-Surface Pollution Claims Disposed of by the Court's Order and Reasons.

BP's proposed partial final judgment is defective for the further reason that it purports to seek the appeal of "coverage issues" alone while, at the same time, potentially excluding from its scope the dismissal of BP's sub-surface pollution claims. BP's proposal states that "This Partial Final Judgment is not entered in respect to any other complaint, *claims, or counter-claims in Action Nos. 11-274 and 11-275.*" No party—including BP—disputes that the Court's Order and Reasons has the effect of disposing of all of BP's sub-surface pollution-related coverage claims in the Insurance Actions. It is therefore inaccurate for BP to carve out all "claims" or "counter-claims" from the scope of the final judgment, particularly when BP's own *counter-claim* includes *claims* for sub-surface pollution.[2]

The Court's Order and Reasons partially adjudicating this multi-claim action may be certified for appeal under Rule 54(b) only if the Order meets the requirements of 28 U.S.C. § 1291.[3] Stated another way, a district court has the power to enter a Rule 54(b) judgment only if the adjudication is a "final decision" under Section 1291. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). For the judgment to be "final" under Section 1291, there must be a judgment "in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course

---

[2]   In its First Amended Counter-Claim against Excess Underwriters and Ranger, BP seeks to recover damages for losses relating to and arising out of the *Deepwater Horizon* Incident, which include losses pertaining to BP's subsurface pollution liabilities. In its Complaint in Intervention, Anadarko similarly seeks coverage under the Policies for losses and liabilities Anadarko has incurred and may incur with respect to the April 2010 blow-out of the Macondo well and related damage. In its Complaint, MOEX similarly seeks coverage for losses and liabilities MOEX has incurred and may incur with respect to the April 2010 blow-out of the Macondo well and the aftermath of that event. As such, BP, Anadarko, and MOEX each make claims for sub-surface pollution liabilities.

[3]   "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291.

3

of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436 (1956)). As the editors of one well-known treatise have observed: "Not only must the judgment be final under § 1291, but the judgment ***must also dispose of one or more of multiple claims***, or all of the claims against one or more of multiple parties." 10 MOORE'S FEDERAL PRACTICE § 54.22[2][a] at 54-43 (3d ed. 2011) (emphasis added).

A Rule 54(b) final judgment may only be entered if the Court's Order and Reasons disposed of cognizable *claims* in this multi-claim/multi-party action. A Rule 54(b) judgment is not appropriate if only "coverage *issues*" were decided, without disposing of specific claims. The language of BP's proposed partial final judgment excludes from its operation the very sub-surface pollution coverage claims addressed by the Court's Order and Reasons, because it expressly states that the Partial Judgment "is not entered in respect to any . . . claims, or counter-claims in Action Nos. 11-274 and 11-275. . . ." Stated another way, if the Court's Order and Reasons did not dispose of the sub-surface pollution coverage claims asserted by BP, Anadarko and MOEX, what claims have in fact been disposed of by this Court's Order and Reasons? It is the very disposition of such claims which allows the entry of a Rule 54(b) final judgment, without which the entry of a judgment under Rule 54(b) would be improper.[4] Conversely, the proposed final judgment of Transocean, Excess Underwriters and Ranger makes it clear that the Court's Order and Reasons serves as a final disposition of the sub-surface pollution claims of BP, Anadarko and MOEX:

> In accordance with these specific holdings, and consistent with the declarations sought by Underwriters, Ranger and Transocean, all claims by BP, Anadarko and MOEX for coverage under the Policies for the sub-surface pollution liabilities BP, Anadarko and

---

[4] Presumably, this is why BP has included an unnecessary alternative certification under 28 U.S.C. § 1292(b) in its proposed final judgment, because it must realize that if specific claims are not dismissed, a Rule 54(b) certification would be improper.

4

>MOEX have incurred and will incur with respect to the Macondo well oil release are dismissed with prejudice.

### III.     BP's Alternative, Discretionary Certification Is both Unnecessary and Deficient.

Entry of the partial final judgment submitted by Transocean, Excess Underwriters and Ranger will avoid any ambiguity concerning the immediate appealability of the Court's partial final judgment. That is why Transocean's proposed partial final judgment states that the claims of BP, Anadarko and MOEX for sub-surface pollution liabilities have been dismissed. By its omission of similar language, BP's proposed partial final judgment actually creates the very ambiguity it now seeks to remedy by the inclusion of the unnecessary 1292(b) certification language.

In addition to being unnecessary, BP's proposed Order is deficient in that it selectively isolates only two of the Court's holdings for certification. Should the Court desire to include a Rule 1292(b) certification with the Rule 54(b) Final Judgment, the Court should include each of the four holdings referenced by Transocean's Final Judgment:

1. Under Section II of the Policies, BP is an additional insured only for liabilities assumed by Transocean under the terms of the Drilling Contract (**Rec. Doc. 4588, at 39**);

2. Under Article 24.2 of the Drilling Contract, BP assumed responsibility for Macondo well oil release pollution liabilities (**Rec. Doc. 4588, at 40-41**);

3. Because Transocean did not assume Macondo well oil release liabilities under Article 24.1 of the Drilling Contract, there is no additional insurance obligation in favor of BP for these liabilities (**Rec. Doc. 4588, at 41**); and

4. Because Transocean did not assume the oil pollution risks pertaining to the *Deepwater Horizon* Incident – BP did – Transocean was not required to name BP as an additional insured as to those risks. Because there is no insurance obligation as to those risks, BP is not an "Insured" (or "Additional Insured") for those risks (**Rec. Doc. 4588, at 42**).

5

**CONCLUSION**

Transocean respectfully submits that the Court enter a Partial Final Judgment in the form attached as Exhibit "A" to its Original Memorandum, in order to provide finality to the coverage issues.

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile:  (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, efk@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that this 13th day of January 2012, I electronically filed the foregoing with the Court's CM/ECF system and/or by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J. Miller