IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * * * | MDL NO. 2179 |
| | | SECTION: J |
| | | JUDGE BARBIER |
| This document relates to: *Lester Ansardi, et al. v. United States Maritime Service, Inc., et al.* (No. 11-2908, E.D. La) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | * * * * | MAG. JUDGE SHUSHAN |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF LESTER ANSARDI'S MOTION TO SEVER

NOW INTO COURT, comes Plaintiff Lester Ansardi, on behalf of himself and a class of persons similarly situated, through undersigned counsel, who respectfully submits this memorandum in support of Plaintiff Lester Ansardi's Motion to Sever, and thus, seeks an order severing the action captioned *Lester Ansardi, et. al. v. United States Maritime Services, Inc. et al.*, from MDL 2047.

### I.   PROCEDURAL HISTORY

Plaintiff, on behalf of himself and a class of persons similarly situated, filed the Class Action proceedings, entitled *Lester Ansardi, et. al. v. United States Maritime Services, Inc. et. al.* ("Petition"), which is the subject of this motion, in the Civil District Court for the Parish of Orleans on October 27, 2011.

The Petition alleges that Defendants, United States Maritime Services, Inc. ("USMS") and United States Environmental Services, LLC ("USES") (collectively, "Defendants") contracted with vessel owners such as Plaintiff for the purpose of providing use of Plaintiff's and the Class members' vessels during the aftermath of the Gulf oil spill.  *See* Ansardi's Petition, ¶ 9.

1

Pursuant to the terms and conditions of the contract, Defendants were required to pay Plaintiff and the class members for each day their vessels were under contract, commencing on the date of departure of the Plaintiff's vessel and terminating at the time the vessel was secure in its moorings at the original point of delivery.  *See* Ansardi's Petition, ¶¶ 12-13.  The terms of the contract also required Plaintiff to make his vessel available twenty-four hours a day until the contract terminated, prohibiting him for using his vessel for any purpose during the duration of the contract.  *See* Ansardi's Petition, ¶¶ 14-15.  Defendants, however, only paid Plaintiff and the class members for the use of their vessels for the days during the contract period when the boat was actually used.  *See* Ansardi's Petition, ¶ 22.  As a result of Defendants' actions, Plaintiff and members of the Class received less amounts than they were entitled to receive, and Defendants experienced higher profits at the expense of the Plaintiff and the members of the Class.  *See* Ansardi's Petition, ¶ 23.  In his Petition, Plaintiff alleges only two causes of action against Defendants: (1) breach of contract; and (2) declaratory and injunctive relief.

On November 22, 2011, Defendants filed a Notice of Removal, removing the case to the United States District Court for the Eastern District of Louisiana.  Subsequently, on November 23, 2011, this case was docketed in the Eastern District of Louisiana as *Lester Ansardi v. United States Maritime Service, Inc., et al.,* bearing docket number 11-2908, Section "J"(1).

Upon review by the clerk in the Eastern District, on November 30, 2011, an Order was filed transferring this action into the MDL, unbeknownst to the Plaintiff.

On December 29, 2011, only when Plaintiff filed a Motion to Remand this action to the Civil District Court for the Parish of Orleans from the United States District Court for the Eastern District of Louisiana was Plaintiff made aware that this action had been consolidated to the instant MDL.

## II.  LEGAL STANDARD & ARGUMENT

### A. The Present Action does Not Share Common Questions of Law, Facts or Evidence with the "Tag Along" Actions Which have been Transferred and Consolidated into MDL No. 2179, and, Thus, This action Should be Severed From MDL No. 2179.

Generally, the JPML panel is authorized to transfer civil actions pending in more than one district involving one or more common questions of fact to any district for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  However, pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation ("J.P.M.L."), when a potential "tag-along action" is filed directly into the transferee district, no action on the part of the Panel is required.  Rather, "a party should request assignment of such actions to the Section 1407 transferee judge in accordance with applicable local rules."

First, none of the parties requested assignment, transfer and/or consolidation of the present action into MDL 2197.  Furthermore, the local rules of the Eastern District of Louisiana are silent concerning the process for requesting assignment and/or consolidation of potentially related actions or "tag-along actions" to the MDL court.

Nevertheless, Pre-Trial Order #1 of the MDL Court provides, in pertinent part:

> Any "tag-along actions later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, will automatically be consolidated with this action without the necessity of future motions or orders. **This consolidation, however, does not constitute a determination that the actions should be consolidated for trial, nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure**.

Plaintiff maintains that the parties to the present action, by way of the transfer of the instant case into MDL 2179, have been joined and consolidated into MDL 2179 in violation of the Federal Rules of Civil Procedure.  Importantly, transfer and consolidation of civil actions is

3

governed by Federal Rule of Civil Rule of Civil Procedure 42(a), and is limited to actions pending in the same court which involve common questions of law or fact if it will avoid unnecessary cost or delay. F.R.C.P. 42(a); *See* also Manuel for Complex Litigation, Fourth §§ 11.631 (2011). Whether consolidation is permissible or desirable depends largely on the amount of common evidence among the cases. Unless common evidence predominates, consolidation may confuse the jury rather than promote efficiency. *Id.*

Here, there are no common questions of fact shared between the instant action and the actions pending within the MDL. According to the Panel's Transfer Order, dated April 20, 2010, the Panel originally transferred 77 actions to this Court as MDL No. 2179. According to the Transfer Order, **"[t]he actions before the Panel indisputably share <u>factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire</u> and the role, if any, that each defendant played in it**. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, including rulings on class certification and other issues, and conserve the resources of the parties, their counsel and the judiciary." (emphasis added). All of the Actions are premised on the same events and conditions involving the blowout of the Deepwater Horizon drilling rig and subsequent massive and continuing oil spill. All of the actions consolidated within the MDL seek similar relief under similar federal statutes and common law against the same group of defendants and these actions share no common ground with the present action.

Plaintiff and the Class members' injuries are a result of Defendants' failure to pay them the compensation they were owed for the use of their vessels, in violation of their contracts; not as a result of the Gulf oil spill. This is a pure contractual issue between Plaintiff and Defendants. Furthermore, Plaintiffs are not seeking damages for spill –related damages caused to their

vessels, or to the environment from the Deepwater Horizon explosion, or other damages sought in the MDL such as injury to real/personal property, personal injury, lost profits and earning capacity and loss of subsistence use of natural resources.  Here, the injury is that Plaintiff and the members of the Class have received less than the amounts they were entitled to receive pursuant to their contracts, and the activities causing that injury are the failure and refusal of the Defendants to comply with the contractual agreements they entered into with Plaintiff and members of the Class.

The cause or causes of the Deepwater Horizon oil spill or whether BP or any of the other parties in the MDL are responsible for such disaster is irrelevant in the instant matter.  It is the conduct of the Defendants as it relates to the contracts that are at issue in this proceeding, not BP's operations.  Furthermore, BP is not even a party to the contract in this case nor are the Defendants in this matter, United States Maritime Services, Inc. and United States Environmental Services, LLC, parties in any of the MDL cases.  Furthermore, there is virtually no common evidence that can be shared between this action and the MDL due to the lack of commonality of facts in the respective cases.

Unquestionably, the cases within the MDL and the present action do not involve any similar issues.  Therefore, it would be a waste of judicial resources to have the instant matter consolidated with the MDL.  It would be equally wasteful to have the parties and their counsel in the instant matter needlessly involved in the complex MDL.  Most importantly, none of the evidence or discovery involved in either case would be relevant or useful in the respective cases.

Secondly, the present action and MDL 2197 share no common questions of law.  In the present action, Plaintiff advances only breach of contract and declaratory judgment claims based upon a specific contract which is not at issue in any related actions within the MDL.  On the

5

other hand, the legal issues involved within the MDL are quite complex and predominantly concern damages arising under maritime and admiralty law, The Outer Continental Shelf Lands Act ("OSCLA") and the Oil Pollution Act ("OPA").  Notably, in their Notice of Removal, Defendants incorrectly aver that Plaintiff and the putative class' claims are governed by the OSCLA and OPA.

The OCSLA does not apply to Plaintiff's claims because Defendants' failure to comply with the contractual agreements they entered into with Plaintiff and members of the Class cannot possibly be classified as an "operation conducted on the outer Continental Shelf."[1]  Plaintiff's claims do rise under the Oil Pollution Act since they do not meet OPA's strict proximate cause requirement, or nexus between Plaintiff's and the class members' claims and the BP oil spill, nor have Plaintiff or any of the putative Class members satisfied the mandatory presentment requirement.  They do not allege, for example, any damages that "result from" the oil spill or that are "due to the injury, destruction, or loss of real property, personal property, or natural resources" as required by OPA.  Plaintiff is not seeking damages caused to his vessel or to the environment from the Deepwater Horizon explosion. Plaintiff is simply seeking damages for the money that he is owed for services under the contract, but that Defendants have failed to pay him. Under these circumstances, any loss of revenue cannot be said to be "due to" or "result[ing] from" the oil spill.

The purpose of 28 U.S.C. 1407, concerning consolidation of actions for pre-trial proceedings, is to ensure the just, efficient and consistent conduct and adjudication of pre-trial

---

[1] In arguing that this matter implicates OCSLA in their Notice of Removal, Defendants reference this Court's October 6, 2010 Order in *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*.  Notice of Removal, ¶ 12.  In *In re: Oil Spill*, however, this Court noted that "Plaintiff's theory of liability is based on Defendants' alleged negligent actions during the drilling and exploration operation." Order, p. 8.  Here, Plaintiff's theory of liability is based on Defendants' failure to pay Plaintiff and the Class members the money they were owed for the use of their boats, in violation of their contracts, not as a result of the BP oil spill.

proceedings, to serve the convenience of all parties and witnesses, and promote the interests of justice. The Panel evaluates each group of cases proposed for multidistrict treatment on the cases' own facts in light of the statutory criteria. The object of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses and the courts. Manual for Complex Litigation, Fourth §§ 20.131 (2011); *See In re National Sec. Agency Telcomms. Records Litig.*, 474 F. Supp. 2d 1135 (J.P.M.L. 2007). Consolidating the instant action with the MDL will do nothing of the sort and will only cause more delay in each respective case and inconvenience all involved parties.

### B. Plaintiff and the Class Members Were Denied the Opportunity to Object to the Transfer and Consolidation of the Instant Action into MDL 2197.

As shown herein, the present action was improperly deemed a "tag-along action" or related action and transferred into MDL 2197 under to the Rules of Procedure of the Judicial Panel on MultiDistrict Litigation ("R.P.J.P.M.L.") rule 1.1.[2] As shown throughout the J.P.M.L rules, the spirit of the J.P.M.L. rules provide Plaintiff with an opportunity to object to the consolidation and transfer of cases, especially in situations such as this. However, Plaintiffs were denied this opportunity upon the transfer and consolidation of this action into MDL 2197 following removal to this Court.

First, Rule 7.1 provides that upon learning of the pendency of a potential tag-along action, the Clerk of the Panel may enter a conditional transfer order transferring the action; however, the Clerk shall serve this order on each party to the litigation permitting any party the option to oppose the transfer. Likewise, 28 U.S.C. 1407 states that, "[t]he panel shall give notice

---

[2] Pursuant to R.P.J.P.M.L. 1.1, "'Tag-along action' refers to a civil action pending in a district court which involves common questions of fact with either (1) actions on a pending motion to transfer to create an MDL or (2) actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407.

to the parties in all actions in which transfer for coordinated or consolidated pretrial proceedings are contemplated, and such notice shall specify the time and place of any hearing to determine whether such transfer shall be made."

Furthermore, Rule 8.1 of the J.P.M.L. rules provides that when transfer of a case to a multidistrict litigation is being considered by the Panel, a show cause order should be directed to the parties to show cause why the action or actions should not be transferred for coordinated or consolidated pretrial procedings.  The JPML rules provide for a conditional transfer period "in order to afford all parties the opportunity to oppose transfer." *Illinois Municipal Retirement Fund, v. CitiGroup, Inc., et al.*, 391 F.3d 844 (7th Cir. 2004), quoting JPML Rule 7.4(a).

Although the Panel was not required to consider the transfer of this action, since it was originally removed to the transferee court, at the very least, Plaintiff should have been given the opportunity to show cause why the present action does not belong in the MDL and object to the transfer.

Clearly, 28 U.S.C § 1407 and the spirit of J.P.M.L. rules afford the Plaintiff with an opportunity to object to the transfer of the action to prevent improper transfer and consolidations of actions as in the present situation.

### III.   CONCLUSION

The present action, due to a lack of common issues of facts, law and evidence, was improperly transferred and consolidated into MDL 2197 as required by 28 U.S.C § 1407, the J.P.M.L. Panel rules and Federal Rule of Civil Procedure 42(a).  Moreover, Plaintiff and the putative class members were denied their mandated opportunity to object to the improper consolidation and transfer.  For the reasons set forth above, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Sever this action from MDL 2197.

Respectfully submitted,

**PENDLEY, BAUDIN & COFFIN, L.L.P.**


  /s/ Christopher L. Coffin
Christopher L. Coffin, La. Bar Roll 27902
Patrick W. Pendley, La. Bar Roll 10421
Stan P. Baudin, La. Bar Roll 22937
Nicholas R. Rockforte, La. Bar Roll 31305
Elena P. Branzaru, La. Bar Roll 31061
24110 Eden Street
Post Office Drawer 71
Plaquemine, Louisiana 70765
Telephone: (225) 687-6396
Facsimile: (225) 687-6398
Email: ccoffin@pbclawfirm.com

Gary E. Mason
Donna F. Solen
Mason LLP
1625 Massachusetts Ave., NW, Ste 605
Washington, D.C. 20036
Telephone: (202) 429-2290
Email: gmason@masonlawdc.com
Email: dsolen@masonlawdc.com

Kevin I. Goldberg
Goldberg, Finnegan & Mester, LLC
1010 Wayne Ave. Suite 950
Silver Spring, MD 20910
Telephone: (301) 589-2999 x102
Facsimile: 301-589-2644
Email: kgoldberg@gfmlawllc.com

Dan A. Robin, Jr., La. Bar No. 24628
2203 Pakenham Drive
Chalmette, La 70043
Telephone: 504-279-5177
Facsimile: 504-279-5375
Email: dan@frjustice.com

Attorneys for Plaintiff and the Putative Class

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing document, Plaintiff Lester Ansardi's Memorandum in Support of Motion to Sever, has been served on all Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 13th day of January, 2012.

                                              /s/ Christopher L. Coffin
                                              Christopher L. Coffin

.