UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20,2010 | MDL NO. 2179<br><br>SECTION "J" (1) |
| This document relates to:  11-275 (consolidated with 11-274) | JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

### UNDERWRITERS' OPPOSITION TO BP'S PROPOSED PARTIAL FINAL JUDGMENT IN THE INSURANCE ACTIONS

Underwriters, BP, Ranger and Transocean agree that a Rule 54(b) Judgment should be entered to allow an immediate appeal of the Court's Order and Reasons of November 15, 2011.[1] The purpose of a Rule 54(b) Judgment is to provide finality in cases where there is no just reason for delay.  The Court should reject BP's proposed judgment because (1) it does not provide the finality required by Rule 54(b); (2) it contemplates an unnecessary and inappropriate interlocutory appeal under 28 U.S.C. § 1292(b); and (3) it fails to incorporate correctly the analysis and conclusions of the Court's Order and Reasons.  In contrast, the proposed Rule 54(b) final judgment proposed by Underwriters, Ranger and Transocean provides the necessary finality, is not interlocutory and tracks the exact rulings from the Court's Order and Reasons.

### I. BP's Proposed Order Lacks the Necessary Finality Under Rule 54(b).

BP's proposed judgment attempts to frame isolated issues for appeal instead of the parties' competing sub-surface pollution claims and counterclaims.  Federal Rule of Civil Procedure 54(b) authorizes the Court to enter a final judgment on claims, not issues.  A Rule 54(b) judgment is appropriate only if the Court has issued a "final decision" under 28 U.S.C. §

---

[1] Rec. Doc. 4588.

1

1291 on claims. *Curtiss-Wright Corp. v. Gen. Elect. Co.*, 446 U.S. 1, 7 (1980) (holding that a decision is final "in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.") *Id.* (citations omitted). Rather than endorse a judgment that exactly tracks the Court's Order and Reasons, BP promotes an order that lacks finality and ignores the careful analysis and holdings of the Court's Orders and Reasons.

BP concedes that the Court has effectively decided the sub-surface pollution coverage issues presented in Underwriters', Ranger's and Transocean's respective complaints for declaratory judgment and complaint in intervention – whether BP is an additional insured for sub-surface pollution liabilities and the scope of BP's additional insured status. But BP refuses to acknowledge that the *same* Order and Reasons fully applies to the *same* competing sub-surface pollution claims that BP has alleged in its counterclaims. A final adjudication of the "issues" that BP proposes is inseparable from an adjudication of the coverage claims here. The Court has already ruled that, based on the relevant insurance policies and drilling contract, BP is not an additional insured for sub-surface pollution liabilities. This ruling is dispositive of BP's coverage claims, but BP's proposed judgment nevertheless ignores this. What other "coverage claims" does BP contend exist? Despite repeated requests from Underwriters, BP cannot, or will not, identify or explain what remaining coverage counterclaims it believes exist.

II. **Interlocutory Appeal under 28 U.S.C. §1292(b) is Unnecessary and Inappropriate.**

As a general rule, only final judgments issued by the federal district courts are appealable. *United States v. Garner*, 749 F.2d 281, 284 (5th Cir. 1985). However, 28 U.S.C. §1292(b) provides a very limited exception to this general rule, allowing a district court in a civil case to certify for appeal an otherwise un-appealable order where the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial

ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir.1991). Appeals under Section 1292(b) are permitted only if **all** criteria are satisfied. *Clark-Dietz & Assocs. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir.1983). Interlocutory appeals under 28 U.S.C. §1292(b) are permitted only in "exceptional cases." *Garner,* 749 F.2d at 286; *Fairfield Royalty Co. v. Island Operating Co., Inc*., 2011 WL 6140665 at *2 (E.D.La. 2011). District court authorization to appeal under this provision "is granted sparingly, not automatically." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2011 WL 2443693 at *3 (E.D.La. 2011) (citing *Alabama Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). An interlocutory appeal is inappropriate here for at least two reasons, as the following reveals.

First, a review under 28 U.S.C. § 1292(b) is discretionary. The Fifth Circuit may decline to accept the appeal.

Second, BP has failed to demonstrate how an interlocutory appeal satisfies the requirements of Section 1292(b). While BP falls short on all three requirements, the Court should deny BP's request for certification of an interlocutory appeal because it will not materially advance the termination of this case if the Fifth Circuit affirms the Court's Order and Reasons. An interlocutory appeal only will delay the finality that BP, Underwriters, Ranger and Transocean all agree is necessary. If the Fifth Circuit were to affirm the Order and Reasons on interlocutory appeal, it only would decide whether Underwriters, Ranger and Transocean have stated claims for no sub-surface pollution coverage without determining the merits of the actual coverage issues, but the analysis in this Court's Order and Reasons fully supports a determination on the merits at this stage. The Rule 54(b) judgment proposed by Underwriters,

- 3 -
PD.5911514.2

Ranger and Transocean would have the Fifth Circuit consider the appeal on the merits, thereby finally deciding the competing coverage issues and claims.

### III. BP Agrees that the Court's Order and Reasons Decided Pure Questions of Law, But Its Proposed Final Judgment Ignores the Holdings of the Court.

BP concedes in its memorandum in support of its proposed judgment that:

> [The Order and Reasons] addressed the discrete and purely legal issue presented by the declaratory claims in the Insurers' complaints: whether the scope of BP's coverage under the language of the pertinent insurance policies is limited by the underlying drilling contract (and what the insurance provisions of that drilling contract provide).[2]

It is therefore undisputed that the Court's analysis in its Order and Reasons of November 15, 2011 resolves the sub-surface pollution coverage issues presented by Underwriters', Ranger's and Transocean's respective complaints for declaratory judgment and complaint in intervention. Oddly, however, BP fails to acknowledge that the Court's analysis also resolves the same sub-surface pollution coverage issues that BP alleges in its counterclaims. The Court has ruled on the sole issues in the coverage claims and counterclaims: (1) *status* – BP is not an additional insured for sub-surface pollution liabilities; and (2) *scope* – BP's coverage as an additional insured is limited to the indemnity provisions of the Drilling Contract. BP has consistently argued that these issues are "pure" and "specific" questions of law.[3] BP should not legitimately dispute that the Rule 54(b) judgment proposed by Underwriters, Ranger and Transocean is a proper interpretation of the Court's Order and Reasons because the proposed judgment is taken *verbatim* from the Court's Order and Reasons of November 15, 2011 as follows:

---

[2] Rec. Doc. 5093 at p. 5. Transocean's complaint in intervention mirrors Underwriters' and Ranger's complaints for declaratory judgment.

[3] Hrg. Tr. At 14:23 (September 16, 2011).

1. Under Section II of the Policies, BP is an additional insured only for liabilities assumed by Transocean under the terms of the Drilling Contract.[4]

2. Under Article 24.2 of the Drilling Contract, the Court finds that BP assumed responsibility for Macondo well oil release pollution liabilities.[5]

3. Because Transocean did not assume Macondo well oil release liabilities under Article 24.1 of the Drilling Contract, there is no additional insurance obligation in favor of BP for these liabilities.[6]

4. Because Transocean did not assume the oil pollution risks pertaining to the Deepwater Horizon incident – BP did – Transocean was not required to name BP as an additional insured as to those risks. Because there is no insurance obligation as to those risks, BP is not an "Insured" (or "additional insured") for those risks.[7]

It is difficult to conceive a more appropriate interpretation of the Court's Order and Reasons than a *verbatim* recitation from the Order and Reasons. Yet, BP urges the Court to disregard the substance and legal rulings of its Order and Reasons and enter an order that would not provide finality, but would preserve for BP a second bite at the same coverage issues (via its counterclaims) that the Court has already considered and ruled upon. The Court should reject BP's approach and enter Underwriters, Ranger, and Transocean's proposed Rule 54(b) Partial Final Judgment with the four declarations quoted above.

---

[4] Rec. Doc. 4588 at p. 39.

[5] *Id.* at pp. 40-41.

[6] *Id.* at p. 41.

[7] *Id.* at p. 42.

## IV.     Conclusion.

For these reasons and those in Underwriters' principal Memorandum, Underwriters respectfully request that the Court adopt the Rule 54(b) Partial Final Judgment proposed by Underwriters, Ranger and Transocean and attached as Exhibit "A" to Underwriters' principal Memorandum.[8]

Respectfully submitted,

PHELPS DUNBAR LLP

BY: _____
Richard N. Dicharry (Bar #4929)
George M. Gilly (Bar #6234)
Evans Martin McLeod (Bar #24846)
Kyle S. Moran (Bar #33611
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email:  Richard.Dicharry@phelps.com
           George.Gilly@phelps.com
           Marty.McLeod@phelps.co
           Kyle.Moran@phelps.com

COUNSEL FOR CERTAIN UNDERWRITERS AT LLOYD'S, LONDON AND VARIOUS INSURANCE COMPANIES

---

[8] Rec. Doc. 5091.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Response to BP's Memorandum in Support of BP's Proposed Order for Partial Final Judgment in the Insurance Actions has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12 on this 13th of January, 2012.

*[signature]*