UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20,2010 | MDL NO. 2179 |
| | SECTION "J" (1) |
| This document relates to:  11-275 (consolidated with 11-274) | JUDGE BARBIER |
| | MAGISTRATE JUDGE SHUSHAN |

### RANGER INSURANCE LIMITED'S REPLY TO BP'S MEMORANDUM IN SUPPORT OF BP'S PROPOSED ORDER FOR PARTIAL FINAL JUDGMENT IN THE INSURANCE ACTIONS

Michael J. Maloney
Maloney★Martin, L.L.P.
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 759-1600 – telephone
(713) 759-6930 – facsimile
E-mail: mjmaloney@maloneymartinllp.com

Robin M. Ziek
Robin M. Ziek, Attorney at Law
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 222-8030 – telephone
(713) 759-6930 – facsimile
E-mail: rziek@sbcglobal.net

Dwayne R. Day
Dwayne Day, P.C.
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 284-1618 – telephone
(713) 759-6930 – facsimile
E-mail: dday@ddaylaw.com

*Counsel for Ranger Insurance Limited*

Dated: January 13, 2012

## **TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................................................1

II.    ARGUMENT AND AUTHORITIES.....................................................................................1

    A.    THE STANDARD FOR PARTIAL FINAL JUDGMENT UNDER F.R.C.P. 54(b) ....................................................................................................................1

    B.    BP'S PROPOSED ORDER IGNORES THIS COURT'S RULING DISPOSING OF ANY CLAIMS FOR SUB-SURFACE POLLUTION. ...................................................................................................2

    C.    THE PROPOSED PARTIAL FINAL JUDGMENT OFFERED BY RANGER, EXCESS UNDERWRITERS, AND TRANSOCEAN MORE ACCURATELY REFLECTS THIS COURT'S RULING. ........................3

    D.    CERTIFICATION UNDER 28 U.S.C. § 1292(b) IS NOT WARRANTED. ....................................................................................................3

III.    CONCLUSION........................................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

*Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 675-676 (7th Cir. 2000) ........................................................................................................... 3

*In Re: Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) ...................................................... 4

*O'Bert v. Vargo*, 331 F. 3d 29, 40 (2d Cir. 2003) ............................................................ 1

*Waldorf v. Shuta*, 142 F. 3d 601, 608 (3d Cir. 1998) ...................................................... 2

**RULES**

*Rule 12(c) of the Federal Rules of Civil Procedure* ........................................................ 1

*Rule 54(b) of the Federal Rules of Civil Procedure* ....................................................... 1

28 U.S.C. § 1292(b) ........................................................................................................ 3

## I.     INTRODUCTION

On January 6, 2012, the BP Parties submitted their Proposed Order for Partial Final Judgment in the Insurance Actions (Case Nos. 11-274 and 11-275). [Doc. 5093]. Although, the parties have agreed that the Court should enter an order, pursuant to *Rule 54(b) of the Federal Rules of Civil Procedure*, the parties have been unable to agree on the scope and form of the Partial Final Judgment.

**RANGER** believes that the Proposed Partial Final Judgment submitted by **RANGER**, Excess Underwriters and Transocean correctly reflects the Court's holdings as if they had moved for a cross-motion for summary judgment under *Rule 12(c) of the Federal Rules of Civil Procedure.*

## II.     ARGUMENT AND AUTHORITIES

### A.     THE STANDARD FOR PARTIAL FINAL JUDGMENT UNDER F.R.C.P. 54(b)

Rule 54(b) of the Federal Rules of Civil Procedure permits a district court to enter a separate final judgment on any claim or counterclaim after making "an express determination that there is no just reason for delay." *O'Bert v. Vargo, 331 F. 3d 29, 40 (2d Cir. 2003).*

To certify an order pursuant to Rule 54(b), the judgment must be final and there must be no just reason for delay in entering the final judgment. To determine whether there was any just reason for delay the court should consider the following factors: (1) the presence or absence of a claim or counterclaim which could result in a set off against the judgment sought to be made final; (2) the relationship between the adjudicated and unadjudicated claims; (3) the possibility that the need for review might or might not be mooted by future developments in the district court; (4) the possibility that the reviewing court might be obligated to consider the same issue a second time; and (5) miscellaneous factors such as delay, economic and solvency considerations,

shortening the time of trial, frivolity of competing claims, expense and the like. *Waldorf v. Shuta*, 142 F. 3d 601, 608 (3d Cir. 1998).

### B.  BP'S PROPOSED ORDER IGNORES THIS COURT'S RULING DISPOSING OF ANY CLAIMS FOR SUB-SURFACE POLLUTION.

The BP Parties have sought a very narrow Partial Final Judgment omitting claims (from their Counterclaim) and who is responsible for subsurface pollution. These claims would overlap or be retained for trial which would require the court to revisit the same issues as the BP Parties seek to have determined by their Proposed Final Judgment.

The BP Parties seek to have only the following two holdings of this Court entered for appeal purposes:

> 1. The Court holds that the scope of Transocean's insurance obligation in the Drilling Contract determines the scope of additional insurance coverage available to BP under Section II of the Policies; [Doc. 4588 at 32] and
>
> 2. The Court holds that under Section II of the Policies, BP is an additional insured only for liabilities assumed by Transocean under the terms of the Drilling Contract. [Doc. 4588, at 39]

The Court, however, went further than just these two (2) holdings. Because BP's rights as an additional insured were defined by the Drilling Contract indemnities, it was necessary for the Court to interpret certain indemnity provisions to determine BP's rights to insurance coverage. The Court found that Under Article 24.2 of the Drilling Contract, BP assumed responsibility for Macondo well subsurface oil release pollution liabilities [Doc. 4588 at 40-41] and that Transocean did not assume Macondo well subsurface oil release liabilities and as a result, there is no additional insured obligation in favor of BP for these liabilities. [Doc. 4588 at 41].

Lastly, the Court held that because Transocean did not assume the subsurface oil pollution risks pertaining to the *Deepwater Horizon* incident – BP did, Transocean was not

2

required to name BP as an additional insured as to those risks, and thus BP was not an "Insured" (or "Additional Insured") for those risks. [Doc. 4588 at 42].

C. **THE PROPOSED PARTIAL FINAL JUDGMENT OFFERED BY RANGER, EXCESS UNDERWRITERS, AND TRANSOCEAN MORE ACCURATELY REFLECTS THIS COURT'S RULING.**

The Proposed Partial Final Judgment submitted by **RANGER**, Excess Underwriters and Transocean pursuant to the Court's Order, gives finality to all overlapping claims regarding coverage for the sub-surface pollution liabilities pertaining to the *Deepwater Horizon* incident (both within the complaints and the counterclaims) so that these issues are determined by the appellate court only once and not on multiple occasions.

The order proposed by **RANGER**, Excess Underwriters and Transocean includes this Court's finding that BP is not an additional insured for subsurface pollution liabilities. Therefore, an appeal will consider this issue. BP's proposed Order ignores this finding and, therefore, lacks the necessary finality Rule 54(b) requires.

D. **CERTIFICATION UNDER 28 U.S.C. § 1292(b) IS NOT WARRANTED.**

Although BP concedes that Rule 54(b) is the appropriate mechanism for an appeal of this Court's Order, they now also seek certification of the case for appeal under 28 U.S.C. § 1292(b). 28 U.S.C. § 1292(b) provides that in rare circumstances a court in a civil case may certify a case for appeal, which is otherwise unappealable, if the Order: (1) involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal from the Order may materially advance the ultimate termination of litigation. *In Re: Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991) and *Ahrenholz v. Board of Trustees of Univ. of Ill.*, 219 F.3d 674, 675-676 (7th Cir. 2000). The Fifth Circuit may decline to accept such a certified order and review is discretionary.

3

Section 1292 (b) certification is inappropriate under these circumstances because there is no substantial ground for difference of opinion and the appeal would not materially advance the ultimate resolution of this case. There is no conflict of authority about how to interpret the policies in question. There is only BP's misinterpretation of the controlling cases. That is not substantial ground for a difference of opinion. Furthermore, the order offered by BP would resolve only whether or not the pleadings by **RANGER**, Excess Underwriters, and Transocean state claims that BP is an insured only for liabilities assumed by Transocean under the Drilling Contract, but would not resolve whether or not BP actually has the right to such coverage. Only the order proposed by **RANGER**, Excess Underwriters and Transocean concludes the issue of interpretation of the indemnity provisions under the Drilling Contract and BP's right to coverage resolving these issues once and for all.

### III.   CONCLUSION

The proposed Partial Final Judgment submitted by **RANGER**, Excess Underwriters and Transocean accurately reflects the rulings of this Court's Order and Reasons of November 15, 2011 and will provide the finality necessary for a prompt appeal of the sub-surface pollution related coverage issues between **RANGER**, Excess Underwriters, Transocean and the BP parties. For these reasons, pursuant to *Fed. R. Civ. P. 54(b)*, **RANGER** respectfully requests that the Court enter the Partial Final Judgment in the form previously attached as Exhibit "A" to **RANGER**'s, Excess Underwriter's and Transocean's Memorandums submitted in support of the Proposed Partial Final Judgment and not the proposed Partial Final Judgment as submitted by the BP Parties.

 **DATED**: January 13, 2012

Respectfully submitted,

| | |
|---|---|
| Michael J. Maloney | Robin M. Ziek |
| Maloney★Martin, L.L.P. | Robin M. Ziek, Attorney at Law |
| The Clocktower Building | The Clocktower Building |
| 3401 Allen Parkway, Suite 100 | 3401 Allen Parkway, Suite 100 |
| Houston, Texas  77019 | Houston, Texas  77019 |
| (713) 759-1600 – telephone | (713) 222-8030 – telephone |
| (713) 759-6930 – facsimile | (713) 759-6930 – facsimile |
| E-mail: mjmaloney@maloneymartinllp.com | E-mail: rziek@sbcglobal.net |

Dwayne R. Day
Dwayne Day, P.C.
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas  77019
(713) 284-1618 – telephone
(713) 759-6930 – facsimile
E-mail: dday@ddaylaw.com

*Counsel for Ranger Insurance Limited*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused the foregoing instrument to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on January 13, 2012.

                /s/ Michael J. Maloney    .
               **Michael J. Maloney / Robin M. Ziek / Dwayne Day**

5