UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER |
| APPLIES TO: 11-274 c/w 11-275 | MAGISTRATE SHUSHAN |

### BP'S RESPONSE TO INSURERS' AND TRANSOCEAN'S PROPOSED ORDER FOR PARTIAL FINAL JUDGMENT IN THE INSURANCE ACTIONS

On January 6, 2012, the Insurers and Transocean submitted 20 pages of briefing, in three separate memoranda, in which they provided conflicting rationales for why this Court should enter a proposed Partial Final Judgment in their favor in the Insurance Actions (Nos. 11-274 & 11-275), while revisiting and mischaracterizing underlying facts and arguments relating to the BP motion that led to the Court's November 15, 2011 Order and Reasons (docket no. 4588). In so doing, they have over-reached and unduly complicated what should be the simple and straightforward issuance of a Rule 54(b) partial final judgment.

BP submits that the Court should reject the Partial Final Judgment proposed by the Insurers and Transocean (docket no. 5091-1) for three simple reasons:

- their proposed order purports to enter a judgment on claims beyond those presented in the pleadings at issue, addressed in BP's motion, and resolved by the Court's November 2011 Order and Reasons;

- their proposed order purports to enter a final judgment in favor of a party (Transocean) that was not named in the pleadings that were the subject of BP's motion and that were addressed by the Court's ruling; and

- their proposed order inaccurately represents that it is "[o]n stipulation by" BP, Anadarko, and MOEX.[1]

---

[1] Ranger Insurance, Ltd. (the primary insurer), the Excess Insurers, and Transocean have submitted separate and excessive briefing (*see* docket nos. 5090, 5091, 5094) in support of what (continued…)

*First*, although styled as a "*partial*" final judgment, the proposed judgment submitted by the Insurers and Transocean purports be a *complete* final judgment in the Insurance Actions, not only deciding in favor of the Insurers the "scope of coverage" question presented by the Insurers' complaints and BP's Rule 12(c) motion for judgment on the pleadings, but also disposing of BP's remaining counterclaims in the Insurance Actions. The judgment proposed by the Insurers and Transocean sets out what they regard as the Court's four key holdings and then goes on to state something that the Court's Order and Reasons plainly never considered and never held: "In accordance with these specific holdings, and consistent with the declarations sought by Underwriters, Ranger and Transocean, *all claims by BP, Anadarko and MOEX* for coverage under the policies for the sub-surface pollution liabilities BP, Anadarko and MOEX have incurred and will incur with respect to the Macondo well oil release are dismissed with prejudice." Insurer Proposed Partial Final Judgment (docket no. 5091-1), at 2.

      This statement is a brazen over-reach that presumably would prompt certain reversal by the Fifth Circuit if included in any judgment that the Court enters. As the Insurers and Transocean well know, BP (and Anadarko and MOEX) have never moved for any judgment on the pleadings (or otherwise) in respect to *any* of their counterclaims — nor have the Insurers or Transocean themselves ever filed any such motion.[2] On the contrary, until now, the Insurers

---

appears to be a single proposed order because they apparently cannot agree on the arguments and rationale that support their proposal. That fact alone calls their proposed order into question.

[2] As BP stated when it filed its motion, "If the Court grants this motion, it will dispose of the Insurer Complaints in Action Nos. 11-274 and 11-275. These two consolidated cases then would proceed in respect to BP's counterclaims for coverage under the Ranger and Excess Policies at issue, certain third-party coverage claims that BP has asserted under a 'marine package' policy (which is not at issue in the Insurer Complaints), and certain pending claims by intervenors." BP's Mem. in Supp. of Mot. for Judgment on Pleadings (docket no. 3211-1), at 3 n.3.

and Transocean have consistently maintained, both in written oppositions to BP's motion for judgment on the pleadings and even after issuance of the Court's Order and Reasons, that *summary judgment proceedings* will be necessary before any *complete* judgment can be entered, and to date, they have insisted on a case management order (to which BP consented) that defers summary judgment proceedings until after this Court's upcoming Limitation of Liability trial. *See* Agreed Case Management Order Governing Insurance Actions (docket no. 2849).

Further, BP's counterclaims seek declarations of coverage and money damages, not only for pollution-related liabilities under Section II of the general liability policies (as addressed in the Court's November 2011 Order and Reasons), but also for pollution-related, personal injury, death, and other liabilities (a) under a "marine package" policy that is separate and apart from Transocean's general liability policies; (b) under the "protection and indemnity" provisions in Section I of the general liability policies; and (c) under equitable contribution and subrogation claims assigned to BP by one insurer, National Union — all of which have yet to be explored or examined in discovery or in any motions.

These claims survive because the Court's November 2011 Order and Reasons did not rule on any counterclaims. Nonetheless, according to the Insurers:

- the Court's ruling "has disposed of *all* the coverage claims in the Insurance Actions" (Excess Insurers' Mem. at 5 (emphasis added));

- the Court's ruling "should be dispositive of BP's remaining counterclaims for breach of contract, subrogation and indemnity because those counterclaims are merely derivative of the coverage claims" (Excess Insurers' Mem. at 2 n.6)) — an assertion never briefed or shown by the Insurers, and which is disputed by BP; and

- the Insurers and Transocean "are entitled to judgment as a matter of law dismissing BP's counterclaims for coverage" (*id*. at 7).

The Court should reject this improper over-reach and misuse of Rule 54(b). *See* Fed. R. Civ. P. 54(b) (providing for entry of judgment as to "fewer than all" claims or parties in a matter).

3

***Second***, the Insurers and Transocean would have this Court enter a judgment "in favor of … *Transocean*" (docket no. 5091-1 at 1) — even though Transocean is not named as a party in the Insurer Complaints (or in the BP Answer and Counterclaims) that were the subject of BP's motion for judgment on the pleadings and the Court's Order and Reasons,[3] and even though BP's motion was explicit in declining to move against Transocean and Transocean has filed no dispositive motion of its own.  *See* note 2, *supra*; BP's Reply (docket no. 3881-1), at 1 n.1  ("Ranger and the Excess Insurers did not sue Transocean in the two complaints that are the subject of BP's present motion, so Transocean is not properly a respondent to this motion.").

There is no legal or procedural basis for this request, which goes beyond any judgment that could have been obtained if the Insurers had filed a mirror-image cross-motion for judgment on the pleadings on the same question presented by BP's motion and addressed by the Court's Order and Reasons.  The apparent (but unstated) reason for this request is that the Insurers and Transocean apparently seek to convert this Court's *insurance coverage* ruling in favor of the *Insurers* into a broader judgment in favor of *Transocean* in regard to underlying *contractual indemnities* in the Drilling Contract.  *See* Insurer Proposed Partial Final Judgment (docket no. 5091-1), at 2, ¶ 2 (asking the Court to enter a judgment in favor of *Transocean* that, "[u]nder Article 24.2 of the Drilling Contract, the Court finds that BP assumed responsibility for Macondo well oil release pollution liabilities").

But the issue at hand is an insurance coverage dispute between BP and the Insurers.  BP's motion was expressly a motion for judgment on the pleadings, only against the Insurers, and only in respect to the specific insurance policies and insurance claims pleaded in

---

[3] *See* Ranger Am. Compl. (docket no. 2 in Action No. 10-cv-2009 (S.D. Tex.)); Excess Insurers' Compl. (docket no. 1 in Action No. 10-cv-1823 (S.D. Tex.)); BP's Answer and First Amended Counterclaims (docket no. 39 in Action No. 10-cv-2009 (S.D. Tex.)).

4

the Insurers' complaints. The Court's Order and Reasons touches upon the Drilling Contract indemnities only insofar as the Court considered those issues in assessing the *scope of insurance coverage* under the insurance policies addressed by BP's motion. Transocean, of course, knows this to be the case because BP and Transocean — and the Court — have separately, directly, and recently addressed at length various underlying indemnity issues in the wholly different and more appropriate context of summary judgment proceedings in the underlying litigation, outside of these Insurance Actions. Accordingly, the suggestion of the Insurers and Transocean that BP's "scope of coverage" motion on the pleadings against the Insurers in these Insurance Actions decided any underlying indemnity (or other) issue in favor of *Transocean* is an improper over-reach.

*Finally*, the Partial Final Judgment proposed by the Insurers and Transocean is improper because it purports to be "[o]n stipulation by" BP, Anadarko, and MOEX, when BP (on behalf of itself, and as the substituted party in interest for Anadarko and MOEX) plainly disagrees with it, in both substance and form.

## CONCLUSION

For these reasons, and the reasons that BP submitted with its proposed Partial Final Judgment on January 6, 2012, BP submits that the Court should reject the proposed Partial Final Judgment submitted by the Insurers and instead, should enter BP's proposed Partial Final Judgment (docket no. 5093-1), which accurately states the proper scope of the Court's ruling and will expedite appeal on the limited but very important "scope of coverage" issue that the Court decided in its November 15, 2011 Order and Reasons.

                                                  Respectfully submitted,

| | |
|---|---|
| | /s/ David B. Goodwin |
| Allan B. Moore | David B. Goodwin |
| Christopher J. Wenk | Angel Chiang |
| Covington & Burling LLP | Covington & Burling LLP |
| 1201 Pennsylvania Avenue, NW | One Front Street, 35th Floor |
| Washington, DC  20004-2401 | San Francisco, CA  94111 |
| Tel:  (202) 662-6000 | Tel:  (415) 591-6000 |
| Fax:  (202) 778-5575 | Fax:  (415) 591-6091 |
| E-mail:  abmoore@cov.com | E-mail:  dgoodwin@cov.com |
| E-mail:  cwenk@cov.com | Email: achiang@cov.com |

*Counsel for BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., BP America Inc., BP Holdings North America Limited, and BP plc*

Dated:   January 13, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of January, 2012.

/s/ Christopher Wenk