UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the Oil Rig | * | MDL 2:10-MD-02179 |
| DEEPWATER HORIZON in the | * | |
| GULF OF MEXICO on | * | |
| APRIL 20, 2010 | * | |
| | * | SECTION "J" |
| | * | JUDGE CARL J. BARBIER |
| RELATED TO | * | |
| | * | MAG. 1 |
| This Document Relates to:  2:11-cv-01051 | * | |
| GUY J. ADAMS, ET AL. | * | |
| | * | CIVIL JURY CASE |
| | * | |

**MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

This matter involves a class action claim brought against multiple defendants including JMN Specialties, Inc. (hereinafter referred to as "JMN) claiming damages allegedly due to the fact that "millions of gallons of chemical dispersants were sprayed over the Gulf of Mexico and coastal zones" to combat the spreading oil from the BP Oil Spill which commenced on or about April 20, 2010.  (See plaintiffs' Class Action Petition for Damages, Doc. 1-1).  Plaintiffs additionally allege that among the manufacturers of the "chemical dispersants" was JMN Specialties, Inc.

**FACTS**

The facts demonstrate that JMN manufactured no chemical dispersants nor were the cleaners sold by JMN to BP used as such.  BP simply purchased chemicals to be used for

1

onshore cleaning of work equipment and to clean the hull of boats that had gone through oil. The JMN products were not used as dispersants and accordingly the facts demonstrate that JMN is not within the class of defendants identified by the plaintiffs.

Attached as "A" is the Affidavit of Joseph Neathamer, the president of JMN Specialties, Inc. As Mr. Neathamer states in his Affidavit, three degreasers were sold to BP following the BP Oil Spill, which degreasers were identified as products DG-955, Aqua Clean and Cytosol. The DG-955 and Aqua Clean are water based while the Cytosol is a vegetable oil based product. All of the products are non-hazardous chemicals, non-toxic, biodegradable and contain no EPA hazardous ingredients. (Exhibit "A"). The products were used by BP and its contract service providers "to clean onshore once equipment was returned from use offshore." *Id.* The DG-955 and Aqua Clean were used onshore only and not sold for offshore use while the Cytosol was only used to clean the hull of boats. Accordingly, none of the products were sold as oil dispersants. Further, "the products were not used as dispersants of oil following the BP Oil Spill, nor have they ever been used as such." See Exhibit "A", para. 12. To whatever extent plaintiffs have obtained the name of JMN as a provider to BP following the April, 2010 oil spill, the products sold by JMN were not dispersants and were not used as such. Accordingly, JMN is not among the class of potential defendants in this matter and must be dismissed.

## APPLICABLE LAW

Summary judgment should be granted when "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers, Inc. Co., 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996). A party moving for summary

judgment "must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*. 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 323-25 (1986). If the moving party meets this burden, Federal Rule of Civil Procedure 56 requires the non-movant to go beyond the pleadings and demonstrate by admissible evidence that specific facts exist over which there is a genuine issue for trial. *Wallace v. Texas Tech Univ*. 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, or a scintilla of evidence. *Little*, 37 F.3d at 1075. The Court will not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. See Id. at 477 U.S. at 325, 106 S.Ct. at 2548;

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The nonmovant's burden is *not* satisfied by "conclusory allegations, speculation, and unsubstantiated assertions." *Ramsey v. Henderson,* 286 F.3d 264, 269 (5th Cir.2002)

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading,

but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *Resolution Trust Corp. v. Camp* 965 F.2d 25 (5th Cir 1992) at page 29.

## ARGUMENT

In the case at bar, although plaintiffs have alleged that JMN manufactured dispersants which allegedly caused damage to the marsh, the facts demonstrate that JMN, in fact, manufactured no such dispersants and all cleaning materials provided to BP and its subcontractors were used onshore, or alternatively, used offshore solely for the purpose of cleaning the hulls of boats, not for use as a general dispersant. For whatever reason plaintiffs are aware of BP's purchase of JMN's products, such is not a basis for keeping JMN as a defendant in this matter when the facts have demonstrated they did not supply the alleged harmful dispersant.

Now that JMN has presented a factual basis to meet its initial burden of showing that there is no genuine issue of material fact to be tried, the burden of demonstrating a basis for keeping JMN in as a defendant must shift to plaintiff to produce evidence or designate specific facts showing the existence of a genuine issue for trial. The burden now shifts to the non-moving (plaintiffs) party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.1995). In order to satisfy its burden, plaintiffs must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994)*; Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73, 110 S.Ct. 3177,

4

111 L.Ed.2d 695 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir.1992).

The case at bar is one in which JMN has been named as a defendant as it may have appeared on a list of suppliers or some other reason unassociated with whether or not it supplied dispersants.  Accordingly, the plaintiffs have simply named the wrong party as a defendant.  Summary judgment is often appropriate when the plaintiff has named the wrong party as the defendant.  *Nelson v. International Paint Co., Inc.* 734 F.2d 1084 (5th Cir. 1984)  at 1093-1094.

The facts of the case and the uncontroverted testimony of the president of JMN demonstrate that the dispersants at issue did not come from JMN.  JMN sold no products used as dispersants in the Gulf as a result of the BP Oil Spill.  Accordingly, JMN requests a dismissal of all claims, with prejudice, and the costs of this matter be assigned as against plaintiffs.

                              Respectfully submitted:

                              BLUE WILLIAMS, L.L.P.

                              *s/JOHN C. HENRY*

                              _____
                              THOMAS G. BUCK   T.A.       Bar No. 14107
                              JOHN C. HENRY                 Bar No.  18948
                              BRETT W. TWEEDEL             Bar No. 30100
                              DAVID B. PARNELL, JR.       Bar No. 27031
                              3421 North Causeway Boulevard, Suite 900
                              Metairie, LA  70002
                              JCH Direct Telephone (504) 830-4934
                              JCH Direct Facsimile (504) 849-3026
                              Attorneys for JMN Specialties, Inc.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that the above and foregoing MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th day of January, 2012.

.

                                            *JOHN C. HENRY*
                                            _____
                                            JOHN C. HENRY