UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

## LIAISON COUNSEL MEMORANDUM
### PROVIDING REPORT FOR 1/19/12 STATUS CONFERENCE

Liaison Counsel submit this report for the status conference on January 19, 2012.

1. **Pre-Trial Orders:**

Since the last status report for the conference on December 16, the Court has entered no additional pre-trial orders.

2. **The Status of the JPML Proceedings:**

Since the parties submitted the last status report on December 13, 2011, the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") has issued two new Conditional Transfer Orders conditionally transferring ten additional cases to this Court. To date, a total of forty-two CTOs have been issued. As of January 16, 2011, there are approximately 641 total cases that have

been transferred to MDL 2179.  (More than 110,000 short form joinders have been filed in MDL 2179.)   As a result of dismissals, currently about 533 cases are active before the Court.  Of the active cases, 299 have been transferred by the JPML, while many others were originally filed in this District.  The following issues remain undecided:

- One objection was filed regarding CTO-31.  On December 13, 2011, the Panel issued an order vacating CTO-31 and transferred the action at issue, a pro se action relating to submission of a well cap design, back to the United States District Court for the Southern District of Florida.

- One objection was filed regarding CTO-33.  On December 13, 2011, the Panel denied the motion to vacate and transferred the action to MDL 2179.

- One objection was filed regarding CTO-35.  Briefing is complete, and, pursuant to its notice of hearing session for its January 26, 2012, the Panel has set it as a matter to be considered without oral argument.

- One objection was filed regarding CTO-37.  Briefing is complete, and, pursuant to its notice of hearing session for its January 26, 2012, the Panel has set it as a matter to be considered without oral argument.

- One objection was filed regarding CTO-38.  Briefing is complete, and, pursuant to its notice of hearing session for its January 26, 2012, the Panel has set it as a matter to be considered without oral argument.

- One objection was filed regarding CTO-40.  Briefing will be complete as of January 19, 2012.  It is unlikely the motion will be decided prior to the Panel's next hearing which is

scheduled for January 26, 2012.[1]

3. **<u>Status of State-Filed Lawsuits</u>:**

At least forty Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (one case); Mobile County, Alabama (one case); Harris County, Texas (four cases); Galveston County, Texas (three cases); Jefferson Parish, Louisiana (two cases); Lafayette Parish, Louisiana (one case); Lafourche Parish, Louisiana (five cases); Orleans Parish, Louisiana (three cases); Plaquemines Parish, Louisiana (five cases); Terrebonne Parish, Louisiana (two cases); St. Bernard Parish, Louisiana (one case); Hillsborough County, Florida (one case); Leon County, Florida (seven cases); Harrison County, Mississippi (two cases); Jackson County, Mississippi (one case); and Gwinnett County, Georgia (one case). These cases include:

- Twenty-four personal injury suits, including (1) two suits brought by plaintiffs alleging injuries sustained in the April 20, 2010 incident and (2) twenty-two suits brought by oil spill response workers;
- Eleven lawsuits alleging loss of commercial revenues or personal income and/or diminished real property value as a result of the oil spill;
- Three suits alleging primarily the breach of sale, lease, or services agreements related to the spill response efforts;
- One *pro se* suit alleging that BP was negligent in failing to implement plaintiff's process for re-oxygenation of Gulf waters in the region of the oil spill; and

---

1   Attached is a chart showing the status of the Conditional Transfer Orders.

- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property.

Texas courts have set trial dates in the first half of 2012 in a number of state court personal injury cases related to MDL 2179. These cases include a lawsuit that alleges personal injuries sustained aboard the Deepwater Horizon on April 20, 2010 and which is set for trial approximately three months after the commencement of the Phase 1 trial in MDL 2179. Also included are four personal injury cases brought by oil spill response workers set for trial as early as March or April 2012, though two of these cases have made recent progress toward settlement. The five Texas cases currently set for trial are:

- *Young, Dewone, et al. v. Ranger Offshore, Inc., et al.*, No. 63165 (Galveston County, Tex.) (Previously set for January 9, 2012, the trial date has been continued until March or April 2012 in this case alleging personal injury to an oil spill response worker.);

- *Eldridge, Christopher v. BP p.l.c., et al.*, No. 63537 (Galveston County, Tex.) (April 2, 2012 trial date in case alleging personal injury to an oil spill response worker; the parties have reached a settlement of this matter and plan to pursue dismissal of the action);

- *McCormick, Donald v. Alford Safety Services Inc. d/b/a Falck Alford Safety Services, et al.*, 2011-02141 (Harris County, Tex.) (April 16, 2012 trial date in case alleging personal injury to an oil spill response worker; mediation was scheduled for February 2, 2012, but was recently postponed due to the addition of new parties);

- *Hebert, James v. BP p.l.c., et al.*, 2010-38791, (Harris County, Tex.) (May 14, 2012 trial date in case alleging personal injury to an oil spill response worker; the parties have reached a settlement of this matter and plan to pursue dismissal of the action);

- *Young, Robert v. BP Exploration and Production, Inc., et al.*, No. 2010-73622 (Harris County, Tex.) (June 4, 2012 trial date in case brought by an employee of Art Catering alleging injuries sustained in April 20, 2010 incident; mediation was held December 22, 2011).

Motion practice, written discovery, document production, and fact witness depositions have been proceeding in some state court cases. BP is working with Special Master McGovern and Magistrate Judge Shushan to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court.

In addition to the forty cases discussed above, there are eight shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in state courts in Louisiana, Delaware, Texas (consolidated litigation), and Alaska (consolidated litigation). All eight cases are currently stayed, and defendants are in the process of seeking their dismissal pursuant to Judge Ellison's decision dismissing the shareholder derivative actions in MDL 2185.

4. **Status of MDL-2185:**

- <u>Securities Litigation</u>. On November 4, 2011, Judge Ellison heard oral argument on motions to dismiss the two consolidated amended complaints, and the motion is now under submission.

- <u>Derivative Litigation</u>. On September 15, 2011, Judge Ellison granted BP's motion to dismiss plaintiffs' consolidated amended complaint on *forum non conveniens* grounds, holding that the courts of England are the appropriate forum for the litigation. On October 3, 2011, the defendants filed with the court a stipulation to the jurisdiction of the English courts. On December 8, 2011, Judge Ellison entered a final judgment dismissing

the cases. One of the plaintiffs filed a notice of appeal to the U.S. Court of Appeals for the Fifth Circuit on January 3, 2012.

- ERISA Litigation. Defendants moved to dismiss plaintiffs' consolidated amended complaint on July 26, 2011. Those motions are fully briefed as of November 7, 2011, and argument is scheduled to be held on January 20, 2012.

- Dividend Class Action. On September 20, 2011, BP p.l.c. moved to dismiss this putative class action, brought on behalf of holders of BP American Depositary Shares based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater Horizon explosion and oil spill. The motion is fully briefed as of November 18, 2011, and argument is scheduled to be held on February 10, 2012.

- Discovery Coordination. In the securities and ERISA cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice. MDL 2185 plaintiffs attended MDL 2179 Phase 1 depositions pursuant to this Court's PTOs 17 and 27 and have received copies of certain expert reports submitted in MDL 2179. In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.

## 5. Written and Deposition Discovery:

Extensive written discovery and document production has occurred for Phase One, with Phase 2 discovery now proceeding. The parties have produced in excess of 72 million pages of documents. As of the date of the status conference, 303 depositions will have been taken. More

than 7278 documents have been marked as deposition exhibits. In anticipation of the Phase 1 trial, the parties continue the extensive program of designating deposition testimony (as well as counter designations and objections to same).

The PSC, the United States, the petitioners-in-intervention, and the Rule 14(c) defendants have provided Phase 1 expert reports and more than 30 rebuttal expert reports. A large number of expert depositions have been taken through December and early January 2012 with Phase 1 expert discovery now nearly complete.

The parties continue to work on scheduling Phase Two depositions and discovery, including completion of Rule 30(b)(6) deposition notices as the first wave of Phase 2 deposition discovery, as well as potential stipulations as to basic facts. Under Magistrate Judge Shushan's direction, the parties now expect that Phase 2 fact depositions will begin in late February 2012.

The parties continue to meet with Magistrate Judge Shushan on many Fridays to schedule depositions and discuss pending discovery issues and expect these conferences will continue even during the Phase 1 trial.

## 6. Vessels of Opportunity Case Management:

Pursuant to the Case Management Order for the Vessels of Opportunity contract cases, the parties have selected six VoO Focus Plaintiffs to participate in limited discovery and an expedited mediation process. Both sides have produced documents and answered interrogatories related to the six VoO Focus Plaintiffs. To date, all six VoO Focus Plaintiffs and all three BP witness, including one serving as a 30(b)(6) representative, have been deposed, completing the limited deposition discovery called for by the CMO. More than 1600 VoO Contract Claim

Plaintiff Fact Sheets were filed by the October 6 deadline set in the CMO.

On September 15, one VoO Focus Plaintiff moved for partial summary judgment on contract claims. Pursuant to the Court's Order, BP responded to that motion by October 27, and the Focus Plaintiff filed a reply brief on November 3. The Court heard oral argument on the partial summary judgment motion as to one Focus Plaintiff at the November 18 status conference, and the motion is under submission. The parties had a pre-mediation conference with their agreed mediator on December 19. They will have an initial mediation session focused on the interpretation of the VoO Master Vessel Charter Agreement on January 27, 2012 and will then participate in mediation sessions focused on the six VoO Focus Plaintiffs on February 13-16, 2012.

**7. Insurance Coverage Case Management:**

The parties to the two insurance coverage declaratory judgment actions (Case Nos. 11-274 and 11-275) agree that entry of a partial final judgment under Fed. R. Civ. P. 54(b) is now appropriate. On a schedule agreed with the Court, they have submitted alternative Rule 54(b) orders and supporting submissions for the Court's consideration and for resolution of this issue at this month's status conference.

The parties to the two interpleader actions filed by the First Excess Layer Insurers (Case Nos. 11-1439 and 11-1440) are in the process of making submissions to Judge Shushan under their agreed protocol for the payment of claims under the first excess layer policies.

**8. Status of BOP Testing:**

Nothing of significance has occurred regarding the BOP since the last status. Captain

Englebert, as Special Master, continues to maintain control over access to the BOP and like materials stored at Michoud, and Captain Englebert continues to oversee efforts to maintain and preserve the BOP and other materials.  BP has completed lease arrangements with NASA to continue storage of the BOP and other evidence at Michoud through the summer of 2012.

As to the capping stack, forensic examination of the Capping Stack will begin on January 16.  Judge Shushan has approved a high level protocol for that work.  The Capping Stack work will involve visual inspection and identification of areas of interest in the hydrocarbon "flow path" through the capping stack, profilometer measurement of the surface texture of the "flow path" surfaces, measurement of Capping Stack "flow path" dimensions, and laser scan of key areas in the "flow path."  All parties may send representatives to observe (and comment) on the work as suits their needs. Most interested parties have already made those arrangements.  BP has been in discussion with some parties about some of the work that will be completed as part of this project.  Others who desire to observe the work must follow procedures that are similar to those that were in place during the BOP examinations to obtain access to the Michoud facility.

9. **Status of Cement Testing:**

On or prior to July 29, 2011, cement testing was completed by Oilfield Testing & Consulting ("OTC"), the laboratory retained by the Joint Investigation Team ("JIT") to conduct cement testing.  *See* Court's Order dated July 1, 2011 (Record Doc. No. 3123).   On or about August 1, the JIT circulated OTC's report of the results of a portion of the cement tests.  On or about August 3, the JIT circulated another report setting out the results of the remaining tests.

On August 4, 2011, the JIT circulated a report by the U.S. Geological Survey ("USGS")

regarding the forty "rock" samples collected from the deck of the *Damon Bankston*. The USGS report states that nine of the samples are consistent with cement, but that further testing will be required to determine if any of the cement "rocks" came from the Macondo well. On August 8, the U.S. circulated a proposal for additional testing on the nine samples to liaison counsel. The parties provided input on the additional testing. On September 30, the Court entered an order allowing the JIT to conduct additional testing on the "rock" samples.

On December 28, 2011, the United States produced a report from the National Energy Technology Laboratory ("NETL") on the results of scanning electron microscopy and x-ray diffraction analysis. This report indicates that 8 of the 9 samples were consistent with Portland cement. The report does not tie the cement to any activity in the Macondo Well. We expect that there will be a second report issued that addresses any connection to the Macondo Well.

10. **Motions in Limine:**

In anticipation of trial, the parties continue to brief a number of motions in limine relating to evidentiary issues under a schedule negotiated by the parties and entered in an amended schedule by Magistrate Judge Shushan. (Rec. Doc. 4572) Eleven sets of motions in limine on the amended schedule have now been fully briefed and submitted to Judge Barbier for decision, and on January 10 Judge Barbier issued an order addressing the first set of motions. Numerous additional motions in limine were filed on January 9, with briefing on those motions scheduled to be completed by January 23. January 23 is also the final deadline for any unscheduled motions in limine.

11. **Motions Set for Oral Argument:**

The Court has stated that it will hear oral argument on the following motions at this status

conference:  United States' Second Motion for Partial Summary Judgment as to the Liability of BP Exploration and Production, Inc., the Transocean Defendants, and the Anadarko Defendants (Rec. Doc. 4836).

If the Court has any questions, all parties will be prepared to address them at Thursday's conference.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

/s/ Don K. Haycraft
Don K. Haycraft