# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Mark Nomellini
To Call Writer Directly:
(312) 862-2410
mark.nomellini@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

January 11, 2012

**VIA-ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B345
New Orleans, LA 70130

Re:  MDL 2179: BP's Objections to Certain Counsel-Created Exhibits

Dear Magistrate Judge Shushan:

Per the Court's order following the January 6, 2012 status conference (Rec. Doc. 5128), BP respectfully submits this letter brief regarding the seven counsel-created exhibits still at issue.[1]  As the PSC made clear at the January 6 conference, the PSC seeks to admit these counsel creations into evidence, not just to use them as demonstratives.

As discussed below, the seven counsel-created exhibits are hearsay and should not be admitted into evidence at trial.  As the proponent of the counsel-created exhibits, the PSC bears the burden of demonstrating that each exhibit falls within an exclusion or exception to the hearsay rule.[2]

---

[1] The counsel-created exhibits still at issue are: 2905, 3497, 3498, 3818, 3821, 3862, and 3869. These exhibits were provided to the Court for *in camera* review with BP's December 2, 2011 letter re: Outstanding Authenticity Issues and Objections.

[2] *See Sowders v. United Corp.*, Civil Action No. SA-05-CA-309-OG, 2007 WL 3171797, at *1 (W.D. Tex. Aug. 15, 2007) ("Once a party properly makes a hearsay objection, the burden shifts to the proponent of evidence to show by a preponderance of evidence that the evidence fell within an exclusion or exception to the hearsay rule."); *see also Kelly ex rel. all Heirs at Law of Kelly v. Labouisse*, Civil Action No. 3:07cv631TSL-JCS, 2009 WL 427103, at *3 (S.D. Miss. Feb. 19, 2009) (*citing U.S. v. Saks*, 964 F.2d 1514, 1524 (5th Cir.1992) (proponent bears the burden of showing that a statement is a party admission)).

## KIRKLAND & ELLIS LLP

January 11, 2011
Page 2

I.     **Exhibits 3497, 3498, 3818, 3821, 3862, and 3869**

Exhibits 3497, 3498, 3818, 3821, 3862, and 3869 are all graphics created by PSC counsel. None of them even includes citations to the sources of the alleged facts and purported quotations they contain. These exhibits are inadmissible for several reasons.

*First,* these graphics are inadmissible because they are demonstratives. As the Court is well aware, demonstrative exhibits may be used at trial under certain circumstances, but they may not normally be admitted into evidence, as the PSC seeks to do here. *See, e.g., U.S. v. Buck*, 324 F.3d 786, 791 (5th Cir. 2003); *United States v. Taylor*, 210 F.3d 311, 315 (5th Cir. 2000); *Pierce v. Ramsey Winch Co.*, 753 F.2d 416, 431 (5th Cir. 1985); *James v. Haven Homes Southeast, Inc.*, Civil Action No. 08-770-JJB-CN, 2011 WL 777971, at *2 (M.D. La. Feb. 28, 2011); *A Touch of Class Jewelry v. J.C. Penney Co., Inc.*, No. CIV. A. 98–2949, 2000 WL 1224804, at *12 (E.D. La. Aug. 28, 2000).

*Second*, these documents may not be admitted as summaries under Fed. R. Evid. 1006. Rule 1006 summaries are admissible only if the offering party (i) has made available all of the underlying documents; and (ii) has established that all of those underlying documents are admissible. *Martin v. Funtime, Inc.*, 963 F.2d 110, 116 (6th Cir.1992) (*quoting United States v. Johnson*, 594 F.2d 1253, 1256 (9th Cir.1979)) ("Rule 1006 requires that the proponent of the summary establish that the underlying documents are admissible in evidence.") The offering party must also "lay the requisite foundation establishing the accuracy of the exhibit." *James*, 2011 WL 777971, at *2. Here, as BP pointed out in an earlier submission, the PSC has not identified the sources of the facts and quotations referenced in the graphics. *See* BP's December 2, 2011 letter re: Outstanding Authenticity Issues and Objections at 3-4. Thus, if the PSC intends to contend that the documents at issue are Rule 1006 summaries, the PSC first must identify the sources of the facts and quotations, lay the foundation establishing the accuracy of the facts and quotations, and then establish that each of the underlying documents is independently admissible.[3]

---

[3] *See* Fed. R. Evid. 1006; *James*, 2011 WL 777971, at *2 (holding that "summary exhibits are admissible so long as the evidence they purport to summarize is admissible under the Federal Rules of Evidence and the offering party lays the requisite foundation establishing the accuracy of the exhibit"); *see also Hussaini v. Marine Transport Lines, Inc.*, No. 97-41060, 158 F.3d 584, 1998 WL 648590, at *3 (5th Cir. Sept. 8, 1998) (holding that compilation of plaintiff's medical expenses constituted inadmissible hearsay and could be used for demonstrative purposes only); *Jacobi v. Federal Express Servs. Corp.*, No. Civ.A. 3:03-1090, 2005 WL 1645774, at *6-7 (W.D. La. July 13, 2005) (holding that spreadsheets and charts created by counsel summarizing revenue goals were inadmissible hearsay and did not meet the requirements for a party admission

## KIRKLAND & ELLIS LLP

January 11, 2011
Page 3

Moreover, these graphics are not admissible as Rule 1006 summaries because they are argumentative - *i.e.*, they do not contain a neutral summary of admissible evidence. *See U.S. v. Bray*, 139 F.3d 1104 (6th Cir. 1998) (Rule 1006 summaries must be "nonprejudicial"); *U.S. v. Smyth*, 556 F.2d 1179, 1184 n. 12 (5th Cir. 1977) ("care must be taken to omit argumentative matter" from Rule 1006 summaries). For example, the graphics group certain events and concepts together to argue that they are related (*e.g.,* that the Texas City incident was related to the Grangemouth incident), or use arrows to argue that certain events caused other events. *See, e.g.*, Exhibits 3818, 3821, 3862, and 3869. Further, these graphics are argumentative because they are intended to suggest that the causal factors which led to the past incidents listed in Exhibits 3818, 3821, 3862, and 3869 allegedly also caused the incident at the Macondo Well. *Id*.

*Third,* these graphics contain hearsay, often multiple levels of hearsay, and plaintiffs have not met their burden of demonstrating that a hearsay exception applies. As explained above, it is impossible for the PSC to meet this burden without, at a minimum, first identifying the sources of the facts and quotations in Exhibits 3497, 3498, 3818, 3821, 3862, and 3869.

*Fourth,* four out of these six graphics (Exhibits 3818, 3821, 3862, and 3869) relate to other incidents (*e.g.,* Texas City, Grangemouth, *etc.*), and thus are inadmissible for the reasons set forth in BP's Motion In Limine to Preclude the Introduction of Evidence Regarding Instances of Prior Alleged Improper Conduct Unrelated to the Macondo Well Incident (Doc. 4514-1), submitted on November 7, 2011.

For the foregoing reasons, BP respectfully requests that the Court rule that demonstrative Exhibits 3497, 3498, 3818, 3821, 3862, and 3869 may not be admitted into evidence.[4] To the extent the PSC seeks to use these exhibits as demonstratives, per the Court's schedule, BP will evaluate the exhibits at issue and respond by February 8, 2012.

---

or the business records exception to the hearsay rule); *Koch v. County of Franklin, Ohio*, No. 2:08-cv-1127, 2010 WL 2386352, at *2 (S.D. Ohio, June 10, 2010) (holding that chronology prepared by plaintiff that did not cite or otherwise verify the underlying source documents was inadmissible hearsay).

[4] BP also maintains its authenticity objections to the seven counsel-created exhibits asserted in BP's December 2, 2011 letter. The PSC has not even explained what these exhibits are or what they are intended to show, let alone provided any evidence or produced any witness to testify that the exhibits are what they purport to be.

# KIRKLAND & ELLIS LLP

January 11, 2011
Page 4

## II.  Exhibit 2905

Exhibit 2905 is an uncertified transcript of the October 5, 2010 keynote address at a Society of Petroleum Engineers luncheon by former BP employee Kevin Lacy.  It is inadmissible for two reasons.

*First,* uncertified transcripts such as Exhibit 2905 are inadmissible.  *See Orr v. Bank of America*, 285 F.3d 764, 776 (9th Cir. 2002) (holding that an uncertified copy of testimony was inadmissible); *Koch*, 2010 WL 2386352, at *13 (holding that "the [deposition] transcripts are uncertified and therefore, inadmissible).  The certification requirement is not a mere formality.  Exhibit 2095 contains obvious inaccuracies and "inaudible" references, and thus is not a complete transcript of Mr. Lacy's address.  *See, e.g.*, Ex. 2095 at 2:22-23 ("Verizon [sic] Macondo incident").  Mr. Lacy also pointed out transcription errors during his deposition, raising significant concerns regarding the accuracy of the portions of the address that were transcribed.  K. Lacy Dep. at 78:11-18 (June 1, 2011).

*Second,* even if the transcript were certified, it would not be admissible.  Mr. Lacy's remarks are classic hearsay, and do not qualify as a party admission.  Mr. Lacy left BP in December of 2009 and was not a BP employee at the time of his address to the Society of Petroleum Engineers in October 2010.  K. Lacy Dep. at 81:6-25 (June 1, 2011).  Indeed, Mr. Lacy specifically mentioned that all his remarks reflected his personal perspective and he was not speaking on behalf of BP, or any other company.  Ex. 2905 at 5:2-6.  As a result, the speech cannot be considered a party admission.  *See* Fed. R. Evid. 801(d)(2)(D) (the statement must be "made by the party's agent or employee on a matter within the scope of that relationship *and while it existed*") (emphasis added).[5]

For the foregoing reasons, BP respectfully requests that the Court rule that Exhibit 2905 may not be admitted into evidence.

---

[5] The business records exception also does not apply to the Lacy speech, as the business records exception "is applicable by its terms only to documentary evidence."  *See Kelly v. LaBouisse*, 2009 WL 427103, at *6 n.5.

## KIRKLAND & ELLIS LLP

January 11, 2011
Page 5

* * *

As always, thank you for your consideration of this matter.

Sincerely,

*/s/ Mark Nomellini*

Mark Nomellini

# KIRKLAND & ELLIS LLP

January 11, 2011
Page 6

cc:   Steve Herman
      James Roy
      Jeff Breit
      Defense Liaison Counsel
      Mike Underhill
      Hon. Attorney General Luther Strange
      Cory Maze
      Ben Allums
      Mike O'Keefe