# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| J. Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

January 11, 2012

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street
New Orleans, LA  70130

        Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Shushan:

      BP submits this letter brief in response to an issue that was raised during the January 6, 2012 hearing regarding the use of withdrawn expert opinions at trial.  (1/6/12 Hr'g Tr. at 67-68)  In particular, the issue before the Court is, when a party withdraws an expert, whether "another party can pick up that expert and use his report and portions of his deposition testimony in their case-in-chief." (1/10/12 Order, Rec. Doc. 5128, at 6)

      In short, a party should not be able to rely on the withdrawn expert opinions of another party to support its case-in-chief.  As this Court recognized, it is settled that a party is the master of its own case, and can withdraw, or decide not to call at trial, a previously designated testifying expert.  (1/10/12 Order at 6)  A party is expected to develop and support its own claims, and cannot have reasonably relied on its ability to obtain needed evidence from another party's expert. Allowing a party to affirmatively offer the withdrawn opinions of another party's expert in its case-in-chief would undermine these bedrock principles, prejudice the party that proffered the expert, permit improper free-riding, cause delay and a needless presentation of cumulative evidence, and discourage settlement in this complex multi-party litigation.  Numerous courts have excluded withdrawn expert opinions on precisely these grounds, and no Federal Rule of Evidence warrants a different result here.

      For these reasons, and as further developed below, BP respectfully requests that the Court deny the request to allow a party to offer into evidence withdrawn expert opinions (or deposition testimony relating to those opinions) in its affirmative case.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 11, 2012
Page 2

**1.     A Party That Proffers an Expert May Withdraw the Expert or Pare His Opinions For Trial.**

It is well-established that a party may control the manner in which its case will be presented, and therefore, a party has the ability to withdraw expert witnesses and opinions as it hones its case for trial. *See, e.g., In re Shell Oil Refinery*, 132 F.R.D. 437, 440 (E.D. La. 1990) (permitting Shell to withdraw experts who had submitted preliminary reports because "a party is free to make strategic decisions changing an anticipated witness to a non-witness."); *Mantolete v. Bolger*, 96 F.R.D. 179, 182 n.2 (D. Ariz. 1982) ("[A party] is permitted to execute the trial strategy it deems appropriate to defend its case; this extends to changing the status of an expert, which thereby narrows the scope of discovery."). The parties and the Court are in agreement on this settled principle. (1/6/12 Hr'g Tr. at 66, 71; 1/10/12 Order at 6 ("There was agreement that a party can withdraw their sponsorship of an expert. There was agreement that if a party withdraws their sponsorship of an expert, the party is not required to produce the expert at the trial.")).[1] Several parties have invoked this fundamental principle, withdrawing the following experts to date: Birch (PSC); Jennings (Halliburton); Weintritt (Halliburton); Trahan (Cameron); Sears (Cameron); and Lockard (BP).

Relatedly, a party is not entitled to rely on other parties' experts to build its case-in-chief but must come forward with its own proof. *See In re Shell*, 132 F.R.D. at 443 (denying discovery from withdrawn experts because it "would defeat the Rule's intended purpose of protecting trial strategy and preventing one party from having a free ride at the expense of the other party"); *Obeso v. Jacobson*, No. 08-248, 2010 WL 4882971, at *8 (N.D. Ga. Nov. 24, 2010) ("A defendant that chooses not to 'blame' its codefendant, but rather to rely upon the plaintiff to present the evidence necessary to apportion fault, takes the risk that the plaintiff will choose not to present that evidence.").

---

[1] BP understands that no party is suggesting that a party could admit into evidence a report, or portions of a report, prepared by a withdrawn expert who has not been deposed in this matter. Nor would such a request be permissible. The Fifth Circuit has held that "it is not proper to admit ex parte evidence, given by witnesses not under oath and not subject to cross-examination by the opposing party." *Hornsby v. Allen*, 326 F.2d 605, 608 (5th Cir. 1964) (describing rights afforded a party during a hearing). Accordingly, experts who have been re-designated as non- testifiers before being deposed and subject to cross examination are not subject to Rule 26 discovery, much less are their untested opinions admissible at trial. *Estate of Manship v. United States*, 240 F.R.D. 229, 237 (M.D. La. 2006). BP therefore submits this letter brief to address the situation where the expert **has been deposed** in this matter and now is being re-designated as a non-testifier or his opinions are being pared from his original report.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 11, 2012
Page 3


2.      **Experts' Withdrawn Opinions Should Not Be Admissible in this Case.**

   A.    **Experts' Withdrawn Opinions Should Be Excluded Under Federal Rule of Evidence 403.**

While the ability for a party to control its case and withdraw expert opinions before trial is uncontroverted, this basic tenet is undermined if another party is allowed to adopt those withdrawn opinions and use them in its affirmative case. *See Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 409-10 (holding that party could not rely on adverse party's expert at trial after the adverse party withdrew the expert as a testifying witness). To permit admission of withdrawn expert opinions to support another party's case-in-chief would result in unfair prejudice to the proffering party, reward free-riding at the expense of the proffering party, cause confusion and delay, and discourage settlement. Numerous courts have held that Federal Rule of Evidence 403 precludes a party from affirmatively offering opinions or deposition testimony of another party's withdrawn expert in its case-in-chief for precisely these reasons. *See, e.g., Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458, 460-62 (S.D.N.Y. 1995) (holding that a party could not admit testimony of a withdrawn adverse expert in its affirmative case under FRE 403 because the prejudicial impact and cumulative nature outweighed any legitimate need); *Ferguson*, 189 F.R.D. at 409-10 (same); *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1047-48 (E.D. Cal. 2002) (finding FRE 403 analysis weighed against permitting one plaintiff to depose another plaintiff's withdrawn expert).

Under Federal Rule of Evidence 403, evidence and testimony relating to withdrawn expert opinions should be inadmissible as unduly prejudicial and cumulative. As discussed, a party must develop its own case through its own expert witnesses, and can have no reasonable expectation that it can support its affirmative case by relying on another party's expert opinions. *See, e.g., In re Shell Oil Refinery*, 132 F.R.D. at 440. For example, M-I LLC seemingly acknowledged this prejudice by moving to exclude the withdrawn expert opinions of Halliburton expert Donald Weintritt. (1/9/12 M-I LLC Motion *In Limine*, Rec. Doc. 5121)

In this case, the parties had ample opportunity to procure their own experts and elicit any opinions deemed appropriate and necessary. None of the experts who have been withdrawn, or who may be withdrawn, have unique knowledge or expertise that would necessitate a party's reliance on them for its affirmative case. For example, although Transocean expressed concern regarding the potential withdrawal of Cameron's well control expert opinions,[2] Transocean, like many other parties in this matter, has submitted a report from its own well control expert.

---

[2] During the hearing, Transocean suggested that Cameron might withdraw certain opinions of its well control experts and that Transocean might seek to use those withdrawn opinions, presumably in conjunction with its own experts' opinions, to support its affirmative claims against BP. (1/6/12 Hr'g Tr. at 71).

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 11, 2012
Page 4


Transocean, like the other parties, must rely on its own experts to support its affirmative case at trial, and cannot claim the need to rely on another party's expert. *Ferguson*, 189 F.R.D. at 409 (holding that to allow a party to call an adverse party's expert at trial would "undermine a principal objective of Rule 26, namely, to prevent a party from piggybacking on another party's trial preparation") (internal quotations omitted); *Ager v. Jane C. Stormont Hosp.*, 622 F.2d 496, 502 (10th Cir. 1980) (FRCP 26 was "largely developed around the doctrine of unfairness designed to prevent a party from building his own case by means of his opponent's financial resources, superior diligence and more aggressive preparation").

Although no other party would be prejudiced (or at least should be prejudiced) if unable to rely on withdrawn expert opinions, the withdrawing party would be substantially prejudiced if others are allowed to rely affirmatively on those opinions at trial. The proffering party would lose control of the experts that it prepared, and others would improperly benefit from the proffering party's diligence and efforts. *In re Shell*, 132 F.R.D. at 443; *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1048 (E.D. Cal. 2002) ("There is a strong policy against permitting a non-diligent party from free-riding off the opponent's industry and diligence."). The courts have similarly reasoned that the prejudice that would derive from allowing a party to benefit from another party's expert provided sufficient grounds to deny the party's request to obtain Rule 26 discovery from a non-testifying expert. *See, e.g., Carroll v. Praxair, Inc.*, No. 05-0307, 2007 WL 437697, at *3 (W.D. La. Feb. 7, 2007) (denying motion to compel deposition of non-testifying expert in part because "it would be unfair to allow a party to benefit from the effort and expense incurred by the other in preparing its case."); *see also Eliasen v. Hamilton*, 111 F.R.D. 396, 401-02 (N.D. Ill. 1986) (denying request to depose non-testifying expert because "the very purpose of the rule [26] is to protect plaintiffs from having [their expert's] testimony used by their opponent."). The stakes, and potential prejudice, at trial is even greater.

Furthermore, because the opinions that have been withdrawn (or may be withdrawn) are cumulative of other experts, exclusion is appropriate because the opinions would add little probative value and would waste judicial resources. *See, e.g., Rubel*, 160 F.R.D. at 462 (citing the cumulative nature of the withdrawn expert testimony as a basis for excluding such testimony from another party's affirmative case); *Carroll*, 2007 WL 437697, at *3 (denying motion to compel deposition of non-testifying expert in part because any testimony offered would likely be "redundant and wasteful of the court's time and resources"). For example, the experts whose opinions Cameron and BP have proffered, and may withdraw, in this matter generally opine on the subjects of well control, cement, and the BOP, among others. The PSC, the United States, Transocean and Halliburton have submitted reports from experts in each of these areas. Thus, allowing admission of Cameron's or BP's withdrawn expert opinions to support another party's affirmative case, presumably in conjunction with that party's existing experts, will likely be cumulative of the record developed and unnecessary.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 11, 2012
Page 5

### B. No Federal Rule of Evidence Permits Admission of an Expert's Withdrawn Opinions as a Matter of Course in Another Party's Affirmative Case.

During the January 6 hearing, Transocean apparently sought a blanket ruling that withdrawn expert reports and testimony relating to withdrawn opinions should be admissible as a matter of course. There is, however, no Federal Rule of Evidence that creates such a wholesale exception to settled hearsay principles.

Although one Fifth Circuit case has held that a report and deposition testimony of an individual whom a party employed "to analyze and investigate" an accident may constitute a party admission under Federal Rule of Evidence 801(d)(2) under certain circumstances, *see Collins v. Wayne Corp.*, 621 F.2d 777, 781-82 (5th Cir. 1980), that case apparently involved an expert who was not specifically retained for litigation.[3] Courts that have addressed whether statements of a litigation expert witness constitute party admissions have held that the expert "is not an agent of the party who called him" because he or she is "charged with the duty of giving ***his*** or ***her*** expert ***opinion*** regarding the matter before the court." *See, e.g., Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 164 (3d Cir. 1995) (emphasis in original) (holding that an expert witness is not an agent of the party who called him and thus litigation testimony is inadmissible as a party admission under FRE 801(d)(2)); *see also Glendale Federal Bank, FSB v. United States*, 39 Fed. Cl. 422, 423-425 (Fed. Cl. 1997) (holding that an expert's deposition testimony was inadmissible under FRE 801(d)(2) because the expert was withdrawn before trial and "[e]ven at the time of his deposition he remains autonomous"). In other words, because a litigation expert witness is "expected to give his own honest, independent opinion," he "is not the sponsoring party's agent at any time merely because he is retained as its expert witness." *See id.*

Even if a litigation expert's opinions may constitute a party admission, the proffering party must show that the expert opinion meets the elements of a party admission, including that the opinion is being offered ***against the party who made it***. Fed. R. Evid. 801(d)(2)(c) ("The statement is offered against a party and is . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship,"). The anticipated use of the withdrawn expert opinions that Transocean presented at the January 6 hearing fails to meet this fundamental requirement. To the extent that Transocean may seek to rely on ***Cameron's*** well control experts to support its claims against ***BP***, the opinions do not constitute a party admission under Rule 801(d)(2)(c) and thus are inadmissible hearsay. Similarly, withdrawn opinions of BP's experts cannot be admissible against Cameron, and *vice versa*. In short, an expert's report and deposition testimony cannot be

---

[3] Subsequent Fifth Circuit precedent has described the "expert" at issue in *Collins* as an "investigator." *See Gray v. American Cyanamid Co.*, 24 F.3d 236, 1994 WL 242630, at *3 (5th Cir. 1994)

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 11, 2012
Page 6

an admission of any party who did not proffer the expert. *See, e.g., Collins*, 621 F.2d at 782 (holding that expert's testimony was admissible under FRE 801(d)(2) as against the party who retained him).[4]

**3. Allowing A Party To Offer Withdrawn Opinions of Another Party's Expert in Its Case-In-Chief Would Create Substantial Inefficiencies and Disrupt the Orderly Management of the Trial.**

Allowing withdrawal of expert opinions not only allows a party to control the presentment of its case, but promotes judicial efficiency and trial management. *See In re Stone*, 986 F.2d 898, 903 (5th Cir. 1993) (acknowledging district court's "inherent power to manage its own docket to achieve the just and efficient disposition of cases"). Here, judicial efficiency is of utmost importance given the number of witnesses and breadth of issues that the trial will encompass.

As discussed, it is settled that a party may decide not to call a testifying expert at trial at any time. (1/10/12 Order at 6) For example, Halliburton recently decided to withdraw its testifying expert, Donald Weintritt. (1/6/12 Hr'g Tr. at 65) If a party were allowed to offer affirmatively portions of another party's withdrawn expert's report or deposition testimony in its case-in-chief at trial, the decision to withdraw an expert would spark rounds of designations, counter-designations, and objections by the parties. Because a party may decide not to call a particular expert witness even after the trial has begun, the multi-round designation process for mid-trial withdrawals, which are likely given the more than ***60*** testifying expert witnesses in this case, would necessarily take place ***during trial***—requiring substantial time and impeding the orderly progress of the trial. Such a cumbersome process would side-track the parties and the Court unnecessarily from the efficient completion of the trial. *See, e.g., Martinez v. Aetna Ins. Co.*, No. 97-2388, 1999 WL 169434, at *5 (E.D. La. Mar. 24, 1999) (granting motion in limine to exclude cumulative evidence under FRE 403 because it would "waste judicial resources").

Respectfully submitted,

/s/ J. Andrew Langan, P.C.

---

[4] At the January 6 hearing, the PSC stated "that it intends to cross-examine Cameron's experts on the opinions they originally espoused." (1/10/12 Order at 6) Although beyond the scope of this letter brief, BP recognizes that a withdrawn expert report does not necessarily need to be admitted into evidence to be used for proper impeachment purposes on cross-examination of an expert witness called live at trial.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
January 11, 2012
Page 7


cc:     Plaintiffs' Liaison Counsel
        Defense Liaison Counsel
        Mike Underhill
        Hon. Attorney General Luther Strange
        Corey Maze