UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| 2:10-CV-02771 | : : | MAGISTRATE JUDGE SHUSHAN |

..............................................................................................................................

**UNITED STATES' RESPONSE TO
MOTION OF BP "TO PRECLUDE EXPERT OPINION TESTIMONY NOT
DISCLOSED IN THE EXPERT'S RULE 26(a) WRITTEN REPORT," (DOC. # 5107)**

## INTRODUCTION

The United States responds to BP's motion to "preclude expert opinion testimony not disclosed in the expert's rule 26(a) written report." The United States agrees that both Federal Rule of Civil Procedure 26 and this Court's prior orders, cited by BP in its motion, already afford BP the relief and protection it seeks, and no further such ruling is required at this time. Therefore BP's motion should be denied without prejudice to its renewal in the event that any party offers at trial any expert testimony that would exceed the bounds of Rule 26 and the existing law of the case.

## DISCUSSION

As BP notes, Federal Rule of Civil Procedure 20(a)(2)(B) requires disclosure of a report of testifying experts that contains, among other things, "a complete statement of all opinions the

witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(I). The Court has repeatedly stated its intention to enforce Rule 26 in this regard, including in the Orders cited by BP in its motion.

The apparent basis for BP's motion is its observation that, during pretrial depositions of expert witnesses that have occurred as part of the discovery process in this case, parties have asked questions regarding and solicited opinions beyond those contained in the expert witnesses' reports. The Court's rulings and instructions, however, clarify that expert witnesses will testify live at trial. For those experts, their pretrial depositions or "designations" therefrom would not be offered in lieu of trial testimony. Consequently, the mere fact that parties explored with the expert witnesses during their discovery depositions issues beyond those opinions the experts will offer at trial, does not mean that any expert witness has or will offer opinions *at trial* beyond those contained in their Rule 26 reports.[1]

Consequently, BP's motion is essentially unripe and seemingly unnecessary; it seeks relief that not only would redress a wrong that has not occurred, and which seems unlikely to occur, but that it is already afforded by Rule 26 itself, and the Court's multiple prior orders addressing this issue.

---

[1] The only potential exception would be the reports of the various parties' experts on the topic of cement. For one thing, BP's own January 9, 2012, Rule 26 report for its expert witness Ronald Crook, at page 5, explicitly reserves the right to "amend and supplement" its expert's "opinions and conclusions before trial," making it unclear if BP in its motion sought to have the Court impose a different, and stricter, standard upon all of the other parties than that to which BP intends to adhere. A second issue arose at the working group conference on Friday, January 13, 2012, in that the United States has requested that its cement expert, Glenn Benge, be permitted to address recently-disclosed developments such as BP's replacement cement expert witness, Ronald Crook; potential testimony of Jesse Gagliano, a HESI employee who only recently became available as a witness by waiving his 5th Amendment rights and agreeing to testify; and potential rebuttal reports that may be filed by HESI, without being required to prepare and file a formal rebuttal report.

## CONCLUSION

For the foregoing reasons, the United States respectfully request that BP's motion be denied, without prejudice to its renewal should testimony beyond the limits imposed by Rule 26 actually be offered at trial.

Dated: January 17, 2012.

                                          Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Aviation & Admiralty Litigation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Attorney | MICHELLE T. DELEMARRE |
| DEANNA CHANG | SHARON K. SHUTLER |
| SCOTT CERNICH | JILL DAHLMANN ROSA |
| A. NATHANIEL CHAKERES | JESSICA SULLIVAN |
| JUDY HARVEY | JESSICA L. McCLELLAN |
| MATT LEOPOLD | MALINDA LAWRENCE |
| JEFFREY PRIETO | DAVID J. PFEFFER |
| GORDON YOUNG | ROBIN HANGER |
| ABIGAIL ANDRE | LAURA MAYBERRY |
| Trial Attorneys | BRIENA STRIPPOLI |
| | Trial Attorneys |
| /s/ Steven O'Rourke | U.S. Department of Justice |
| STEVEN O'ROURKE | Torts Branch, Civil Division |
| Senior Attorney | PO Box 14271 |
| U.S. Department of Justice | Washington, DC 20044 |
| Environmental Enforcement Section | (202) 616-4100 |
| PO Box 7611 | (202) 616-4002 fax |
| Washington, DC 20044 | |
| (202) 514-2779 | /s/ R. Michael Underhill |
| steve.o'rourke@usdoj.gov | R. MICHAEL UNDERHILL, T.A. |
| | Attorney in Charge, West Coast Office |
| | Torts Branch, Civil Division |
| | 7-5395 Federal Bldg., Box 36028 |
| | 450 Golden Gate Ave. |
| | San Francisco, CA 94102-3463 |
| | (415) 436-6648 |

3

(415) 436-6632 fax
mike.underhill@usdoj.gov

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

                                                   /s/ Jill Dahlmann Rosa
                                                   U.S. Department of Justice