UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179  SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| 2:10-CV-02771 | : : | MAGISTRATE JUDGE SHUSHAN |

**UNITED STATES' RESPONSE TO BP'S MOTION IN LIMINE TO BAR FACT OR OPINION TESTIMONY ON ISSUES OF LAW [DOC. # 5108]**

INTRODUCTION

The United States hereby responds to BP's Motion in Limine To Bar Fact or Opinion Testimony on Issues of Law (Doc. 5108). BP moves to exclude any testimony that "amounts to assertions or conclusions as to the law or its applications to the facts in this case." (Doc. 5108 at 1.) BP seeks to exclude both expert testimony and lay witness testimony that purportedly usurps the Court's role of determining the law.

In general, legal conclusions are not a proper or helpful subject for testimony, but BP's motion goes too far in seeking to prohibit any testimony that references federal regulations or uses certain commonly used words that may also have legal meaning. As BP acknowledges in its motion, the law does not prohibit all testimony concerning legal matters, but allows witnesses to testify about legal matters that involve questions of fact. (Doc. 5108 at 3.)

As explained below, specific federal regulations govern the activities of each of the defendants and their employees.  According to the logic espoused by BP, all rig workers, contractors working aboard rigs, all shoreside drilling engineers, etc., would have to be attorneys to understand and adhere to the mandatory requirements of federal law that govern their actions.  That obviously is not the case.

By way of example only, 30 C.F.R. § 250.400 ("Who is subject to the requirements of this subpart?") states:  "The requirements of this subpart apply to lessees, operating rights owners, operators, and their contractors and subcontractors."  The immediately following regulation ("What must I do to keep wells under control?") requires:

> You must take necessary precautions to keep wells under control at all times.  You must (a) use the best available and safest drilling technology to monitor and evaluate well conditions and to minimize the potential for the well to flow or kick . . . .

30 C.F.R. § 250.401.  These comprehensive regulations and many others are directed at the defendants and their operational employees, all of whom presumably are non-attorneys.  To argue that only an attorney, or even a court, is qualified to render an opinion as to whether such regulations have been adhered to would be to exempt from compliance the very companies and individuals to whom the regulations are directed.

As the Court is aware, this case involves a highly technical, heavily regulated industry.  The regulations are as complex and technical as the industry itself.  The United States respectfully submits that the Court would benefit from the opinions of industry experts and the testimony of agency employees who are tasked with conducting these activities and navigating the complex regulatory scheme on a day-to-day basis.  Accordingly, the motion should be denied.

DISCUSSION

I.      Testimony About Regulations Is Admissible To Assist the Trier of Fact.

The type of relief BP seeks would only be appropriate after individual consideration of the particular deposition designations or expert testimony. "The task of separating impermissible questions which call for overbroad or legal response from permissible questions is not a facile one." *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). As BP acknowledges in its motion, (Doc. 5108 at 3), experts can testify about legal matters that involve questions of fact. *Waco Int'l, Inc. v. KHK Scaffolding Houston Inc.*, 278 F.3d 523, 532-33 (5th Cir. 2002) (recognizing that "[l]awyers may testify as to legal matters when those matters involve questions of fact."). In *Waco*, the district court denied a motion to strike part of a legal expert's testimony, finding that "in order for the jury to understand the standard of care as applies to a trademark owner's conduct in seeking a seizure, the expert has to explain what the law is, because the standard of care is defined in part by the law." *Id*. at 533. The Fifth Circuit agreed, holding that the "district court clearly specified the purpose of [the expert's] testimony, and properly indicated that the testimony as to legal issues was allowed because this standard necessarily involves what a reasonable lawyer needs to investigate and determine before seeking such an order." *Id*.

An expert may express an opinion that embraces the ultimate issue if the opinion is otherwise admissible. Fed. R. Evid. 704; *United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977) (affirming admission of expert testimony even though it appeared to be a legal conclusion). As explained in the advisory committee's note, the question "Did T have capacity to make a will?" should be excluded. The question "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" is permissible. Fed. R. Evid. 704 advisory committee's note;

3

*compare Sowell v. United States*, 198 F.3d 169, 171 (5th Cir. 1999) (excluding testimony regarding whether a party "acted reasonably") *with Huddleston v. Herman & MacLean*, 640 F.2d 534, 552 (5th Cir.), *aff'd in part, rev'd in part on other grounds*, 469 U.S. 375 (1981) (permitting expert to testify concerning "the interpretation given some of the prospectus boilerplate language in the securities industry."). The admissibility of an expert's conclusion depends on the nature of the issue and the circumstances of the case, and involves a large element of judicial discretion. *Milton*, 555 F.2d at 1204.

      One of the experts challenged by BP in the present motion is Dr. Alan Huffman. (Doc. 5108 at 5.) Like the expert in *Waco*, Dr. Huffman had to address the relevant legal framework first, before assessing whether BP maintained a safe drilling margin between the pore pressure and fracture gradient as it drilled the Macondo well. As a practicing geophysicist who is tasked to opine on such issues, Dr. Huffman drew upon the various sources of data that are invariably relied upon by experts in his field when forming opinions. For example, he analyzed the conditions of the Macondo well, safety principles pertaining to drilling margins, industry practices concerning such margins, and the key terms that practitioners use in connection with drilling margins. Dr. Huffman also addressed the meaning of relevant regulations, though in doing so, he routinely prefaced his comments by indicating that he was merely advancing his own interpretations. Dr. Huffman's opinions do not purport to dictate to the trier of fact whether BP obeyed the law, but instead to assist the trier of fact by providing his opinions as to his interpretation of the regulations as an expert in that field.

The Court should also deny BP's attempt to exclude testimony of MMS/BOEMRE witnesses. (Doc. 5108 at 2.)[1] A lay opinion must be based on personal perception and must be helpful to a clear understanding of the witness' testimony or the determination of a fact in issue. Fed. R. Evid. 701; *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003) (holding that lay witnesses are permitted to testify about industry practices and speciality without qualifying as an expert). The Fifth Circuit has allowed, for example, a lay witness from FEMA to testify about the policies and procedures followed by the agency at the time of the plaintiff's application for disaster relief assistance. *United States v. Breland*, No. 09-60040, 2010 WL 610236, at *4 (5th Cir. Feb. 19, 2010) (unpublished).

The MMS/BOEMRE witnesses testified about their perceptions as federal employees who work day-in and day-out with the regulations governing oil operations in the Outer Continental Shelf, 30 C.F.R. Part 250. The understanding of the MMS regulations that is expressed by either the defendants' employees or by representatives of the agency with whom these employees interact may be probative as to the defendants' scienter or general culpability in deciding whether to seek MMS approval before engaging in questionable activities. *See Huddleston*, 640 F.2d at 552. The understanding of MMS regulations by agency employees may also be relevant to potential issues of materiality that the Court may identify in this case. *See id.* In short, the MMS/BOEMRE testimony that BP seeks to challenge may indeed be invaluable to understand the meaning of the regulations and the significance of BP's conduct in light of those regulations.

---

[1] BP has simultaneously moved to exclude testimony of MMS/BOEMRE employees who answered questions about their own understanding of MMS regulations. (Doc. 5110 at 9-10.) The United States opposes that motion, as well.

In both the present motion and motion # 5110, it appears that BP is attempting to keep out any statements that might inform the Court about MMS regulations from the viewpoint of the government's witnesses. The Court would then gain its entire understanding of the regulations from witnesses employed or retained by BP and other defendants. Given that the Court will resolve questions of both fact and law, the public interest would best be advanced by liberally permitting competent testimony concerning the interpretation of the regulations and the application of those regulations by agency employees to the conduct at issue. The Court can also reserve judgment on the proposed testimony until it is offered at trial, at which point the Court will be in a position to evaluate the exact testimony, obviating the need for line-by-line review of expert reports and depositions transcripts at this time.

II.     Legal Terms of Art May Also Hold Common Definitions.

Finally, BP's motion should be denied to the extent it seeks to exclude testimony that uses certain words. BP seems most concerned with testimony containing the word "reckless." While "reckless" may constitute a legal term of art, it also remains a word in lay usage, defined as "acting or done with a lack of care or caution; careless or irresponsible." Am. Heritage Dictionary (5th ed. 2011). The Court is fully competent to determine whether a particular witness means reckless in the lay definition, or whether a witness seeks to usurp the Court's role in making a conclusion as a matter of law about the legal term of art.

## CONCLUSION

For the foregoing reasons, the United States respectfully request that BP's motion be denied.

Dated: January 17, 2012.

                                                Respectfully submitted,

IGNACIA S. MORENO  
Assistant Attorney General  
Environment & Natural Resources Division  

JAMES NICOLL  
Senior Counsel  
NANCY FLICKINGER  
Senior Attorney  
SARAH HIMMELHOCH  
Senior Attorney  
DEANNA CHANG  
SCOTT CERNICH  
A. NATHANIEL CHAKERES  
JUDY HARVEY  
MATT LEOPOLD  
JEFFREY PRIETO  
GORDON YOUNG  
ABIGAIL ANDRE  
Trial Attorneys  

/s/ Steven O'Rourke  
STEVEN O'ROURKE  
Senior Attorney  
U.S. Department of Justice  
Environmental Enforcement Section  
PO Box 7611  
Washington, DC 20044  
(202) 514-2779  
steve.o'rourke@usdoj.gov  

TONY WEST  
Assistant Attorney General  
Civil Division  

PETER F. FROST  
Director, Torts Branch, Civil Division  
Aviation & Admiralty Litigation  
STEPHEN G. FLYNN  
Assistant Director  
MICHELLE T. DELEMARRE  
SHARON K. SHUTLER  
JILL DAHLMANN ROSA  
JESSICA SULLIVAN  
JESSICA L. McCLELLAN  
MALINDA LAWRENCE  
DAVID J. PFEFFER  
ROBIN HANGER  
LAURA MAYBERRY  
BRIENA STRIPPOLI  
Trial Attorneys  
U.S. Department of Justice  
Torts Branch, Civil Division  
PO Box 14271  
Washington, DC 20044  
(202) 616-4100  
(202) 616-4002 fax  

/s/ R. Michael Underhill  
R. MICHAEL UNDERHILL, T.A.  
Attorney in Charge, West Coast Office  
Torts Branch, Civil Division  
7-5395 Federal Bldg., Box 36028  
450 Golden Gate Ave.  
San Francisco, CA 94102-3463  
(415) 436-6648  
(415) 436-6632 fax  
mike.underhill@usdoj.gov  

7

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this17th day of January, 2012.

      /s/  Jill Dahlmann Rosa
      U.S. Department of Justice