UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| 2:10-CV-02771 | : : | MAGISTRATE JUDGE SHUSHAN |

**UNITED STATES' RESPONSE TO BP'S MOTION IN LIMINE
TO EXCLUDE NON-FACTUAL FACT WITNESS TESTIMONY [DOC. # 5110]**

INTRODUCTION

The United States responds to BP's motion to exclude all non-factual testimony by fact witnesses. BP attaches a 32-page spreadsheet of deposition citations that it contends are in violation of Fed. R. Evid. 701's requirements about lay witness opinion testimony. Given that this case will be tried to the Court without a jury, it is the United States' position that the Court can make such determinations on a case-by-case basis at trial, and need not rule on the voluminous excerpts at this time, as the Rule 701 issues will be more clear in context at trial. Accordingly, BP's motion should be denied as premature.

DISCUSSION

BP claims certain witnesses have given improper lay witness opinions. Rule 701 of the Federal Rules of Evidence permits lay witnesses to testify in the form of opinions or inferences if

their opinions are "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. BP's main complaint appears to be subsection (a), as BP argues that witnesses were shown e-mails during their depositions, and then asked their opinions about such messages. (Doc. 5110 at 3, 9.)

The advisory committee's note to Rule 701 explains that the rule seeks to avoid "surprise expert testimony" by parties seeking to evade the expert witness requirements of Rule 702 by simply calling an expert witness in the guise of a layperson. Fed. R. Evid. 701, advisory committee's note. The rule is not intended to bar testimony that "results from a process of reasoning familiar in everyday life." *Id.* For example, a business owner is permitted to testify to the value of his business without the necessity of qualifying as an expert appraiser. *Id.* "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." *Id.* Lay opinion testimony based on particularized knowledge derived from their positions is not barred by Rule 701. *See Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F. 3d 394, 403 & n.12 (5th Cir. 2003); *Miss. Chem. Corp. v. Dresser-Rand. Co.*, 287 F.3d 359, 373-74 (5th Cir. 2002).

Thus, testimony from witnesses with first-hand knowledge of various aspects of oil drilling operations and regulations would be permissible under Rule 701 as long as the Court deemed the testimony to be helpful. *See* Fed. R. Evid. 701. By way of example only, a driller or toolpusher would be competent to testify as to the standards that govern their performance of a particular task.

Given the extraordinary volume of e-mail in this case, the Court may deem certain testimony about e-mails to be unhelpful or cumulative, in which case it should not be admitted. Because this is a bench trial, the Court has leeway to consider the evidence in context during trial before making Rule 701 rulings.

The testimony should be considered on a case-by-case basis to determine whether challenged testimony constitutes a lay opinion, and if so, whether Rule 701 has been satisfied. Often the result will hinge on the witness's answer to a question about an e-mail. For example, The MMS/BOEMRE witnesses testified to their particularized knowledge based on their positions in the agency, working day-in and day-out with the regulations governing oil operations in the Outer Continental Shelf, 30 C.F.R. Part 250.

In the testimony of Mr. Patton, MMS Drilling Engineer, cited by BP on pages 9-10 of its memorandum, Mr. Patton responded that he had not seen the e-mails that were shown to him, and that BP had never communicated such information to him at that time. (Patton Dep. at 317-21.) Patton concluded this line of questioning by testifying about his general expectation that well operators will perform tests properly to gather good data upon which they can rely. (Patton Dep. at 320-21.) To the extent this could even be considered opinion testimony, it is based on Mr. Patton's perceptions as well as particularized knowledge derived from his position. Similar testimony was elicited from Michael Saucier, Regional Supervisor for Field Operations for the MMS Gulf of Mexico Region, who testified that he would have wanted to know certain information contained in e-mails shown to him, but offered no opinions that would be barred under Rule 701. (BP Mem. Doc. 5110 at 10, citing Saucier Dep. at 449-50.) BP further complains about the testimony of David Trocquet, the Manager of the New Orleans District Office of the MMS/BOEMRE. Mr. Trocquet testified as a Rule 30(b)(6) witness in five

categories, as well as testifying as a fact witness. Mr. Trocquet's 30(b)(6) topics included topics that addressed regulatory compliance. Thus, Mr. Trocquet testified about the agency's regulations and policies, and the actions he expected an operator to take to remain in compliance with Part 250. Even if such testimony is deemed "opinion" testimony, it is not the type of testimony that evades the expert witness requirements of Rule 702, but rather elicits testimony on this witness's particularized knowledge due to his day-to-day responsibilities with the agency.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny BP's motion to exclude all non-factual testimony by fact witnesses, and defer ruling on Rule 701 issues until the bench trial, at which time the Court, as trier of fact, can determine whether such testimony is helpful to determination of the witness's testimony or a fact in issue.

//

//

//

//

//

//

//

//

//

//

//

//

Dated: January 17, 2012.

                                                         Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Aviation & Admiralty Litigation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Attorney | MICHELLE T. DELEMARRE |
| DEANNA CHANG | SHARON K. SHUTLER |
| SCOTT CERNICH | JILL DAHLMANN ROSA |
| A. NATHANIEL CHAKERES | JESSICA SULLIVAN |
| JUDY HARVEY | JESSICA L. McCLELLAN |
| MATT LEOPOLD | MALINDA LAWRENCE |
| JEFFREY PRIETO | DAVID J. PFEFFER |
| GORDON YOUNG | ROBIN HANGER |
| ABIGAIL ANDRE | LAURA MAYBERRY |
| Trial Attorneys | BRIENA STRIPPOLI |
| | Trial Attorneys |
| /s/ Steven O'Rourke | U.S. Department of Justice |
| STEVEN O'ROURKE | Torts Branch, Civil Division |
| Senior Attorney | PO Box 14271 |
| U.S. Department of Justice | Washington, DC 20044 |
| Environmental Enforcement Section | (202) 616-4100 |
| PO Box 7611 | (202) 616-4002 fax |
| Washington, DC 20044 | |
| (202) 514-2779 | /s/ R. Michael Underhill |
| steve.o'rourke@usdoj.gov | R. MICHAEL UNDERHILL, T.A. |
| | Attorney in Charge, West Coast Office |
| | Torts Branch, Civil Division |
| | 7-5395 Federal Bldg., Box 36028 |
| | 450 Golden Gate Ave. |
| | San Francisco, CA 94102-3463 |
| | (415) 436-6648 |
| | (415) 436-6632 fax |
| | mike.underhill@usdoj.gov |

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

                                                      /s/ Jill Dahlmann Rosa
                                                      U.S. Department of Justice