UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| 2:10-CV-02771 | : : : | MAGISTRATE JUDGE SHUSHAN |

**UNITED STATES' RESPONSE TO
MOTIONS OF BP, TRANSOCEAN, M-I LLC, AND HESI TO PRECLUDE ADVERSE
INFERENCES FROM WITNESSES WHO HAVE INVOKED THE FIFTH
AMENDMENT, DOC NOS. 5111, 5112, 5120 AND "MOTION [BY HESI] TO LIMIT
SCOPE OF ADVERSE INFERENCES DRAWN FROM INVOCATION OF FIFTH
AMENDMENT PRIVILEGE AGAINST SELF INCRIMINATION," 5144**

INTRODUCTION

The United States responds to motions filed by BP, Transocean, M-I LLC, and HESI to exclude or limit adverse inferences to be drawn from certain witnesses' invocation of their privilege against compelled self incrimination under the Fifth Amendment to the United States Constitution. In summary, the United States agrees with the positions of Transocean and HESI, and the "alternative" position of BP, that pursuant to applicable Fifth Circuit precedent, the admissibility of proposed adverse inferences to be drawn from invocations of the Fifth Amendment privilege by witnesses in the case must be evaluated and ruled upon on a case-by-case basis. Therefore all four motions should be denied at this time as premature. The United States contends that where the requisite foundation and legal predicate are established, adverse

inferences from certain witnesses' invocations of the Fifth Amendment privilege in response to certain questions will be admissible at trial.  The United States disagrees with Transocean that all adverse inferences, including those to be drawn against parties or witnesses' employers, should be excluded as against Transocean; disagrees with M-I and HESI that adverse inferences from invocations by non-employees of M-I and HESI respectively should be categorically excluded as against them; and disagrees with BP and M-I that adverse inferences should be limited at the outset by the Court in a general and nonspecific fashion.

## DISCUSSION

"[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them; the Amendment 'does not preclude the inference where the privilege is claimed by a party to a Civil cause.'" *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (citing 8 J. Wigmore, Evidence 439 (McNaughton rev. 1961)).  The Supreme Court "has consistently recognized that in proper circumstances silence in the face of accusation is a relevant fact not barred from evidence by the Due Process Clause."  *Id.* At 319 (internal citations omitted).  "[F]ailure to contest an assertion . . . is considered evidence of acquiescence . . . if it would have been natural under the circumstances to object to the assertion in question."  *Id.* (citing *United States v. Hale*, 422 U.S. 171, 176 (1975).

Contrary to BP's, Transocean's, M-I's, and HESI's contentions, however, adverse inferences against parties can be drawn from Fifth Amendment invocations by non-parties and non-employees of those parties.  The Fifth Circuit resolved this issue in *FDIC v. Fidelity & Deposit Co. of Md.*, 45 F.3d 969, 977-978 (5th Cir. 1995).  In *FDIC*, the Fifth Circuit rejected the corporate defendant's argument that "inferences from the invocation of the Fifth Amendment

2

are not allowed when a non-party asserts the privilege," stating "[w]e find no support for such a proposition." *Id.* at 977.  The Court noted that "[t]he Fifth Amendment 'does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them,'" and that furthermore, "a non-party's silence in a civil proceeding implicates Fifth Amendment concerns to an even lesser degree.'" *Id*, (citing *Baxter*, 425 U.S. at 318; *RAD Servs., Inc. v. Aetna Cas. & Sur. Co.,* 808 F.2d 271, 275 (3d Cir. 1986) (itself citing *Rosebud Sioux Tribe v. A&P Steel, Inc.,* 733 F.2d 509, 521 (8th Cir.), *cert. denied*, 469 U.S. 1072 (1984))).  The defendant in *FDIC* argued that it was:

> . . . improper to allow a non-party's invocation of the Fifth Amendment to be used against a party when that non-party is neither an agent nor an employee, officer, director or voting member of the party.  The concern is that when a non-party who stands in no special relationship to the party at the time of trial may purposefully invoke the privilege solely to discredit the party.  The classic example would be a disgruntled former employee who invokes the privilege to hurt his former employer . . . .

45 F.3d at 978.  The Fifth Circuit instead adopted the position of "other circuits" holding "that the fact that the witness no longer serves the party in an 'official capacity' does not present a bar to requiring the witness to assert the privilege in front of the jury," and refused "to adopt a rule that would categorically bar a party from calling, as a witness, a non-party who had no special relationship to the party, for the purpose of having that witness exercise his Fifth Amendment right." *Id.* (citations omitted).  For one thing, the Court noted, "a witness truly bent on incriminating [a party] would likely offer damaging testimony directly, instead of hoping for an adverse inference from a Fifth Amendment invocation." *Id.* (citing *RAD Servs.,* 808 F.2d at 276).  Therefore BP, Transocean, M-I and HESI's contentions that no adverse inference can be drawn against them as parties, arising from invocations by non-parties not currently in their employ, is incorrect.

3

Transocean contends that adverse inferences cannot be drawn against it from Fifth Amendment invocations by witnesses who remain employed by Transocean, but who are involved in litigation with Transocean. (Doc. 5111 at 3.) However, this contention also is incorrect. In *Brinks v. City of New York*, 717 F.2d 700, 710 (2d Cir. 1983), the Second Circuit affirmed admission of adverse inferences against Brinks drawn from Fifth Amendment invocations of its former employees whom Brinks had fired for stealing parking meter revenues from both Brinks and its then-customer, the City of New York.

Likewise, in *N.H. Ins. Co. v. Blue Water Off Shore LLC,* 2009 WL 792530 (S.D. Ala. 2009) the district court for the Southern District of Alabama admitted adverse inferences drawn against Blue Water from the invocation by its former employee who had subjected both Blue Water and himself to liability by allegedly operating Blue Water's marine vessel while intoxicated. The district court rejected similar arguments that the former employee no longer had any relationship with Blue Water, had "an incentive to falsely claim the Fifth Amendment in order to torpedo Blue Water's case," and that Blue Water no longer had any control over its former employee.

The court found that "Blue Water mistakenly interprets the second factor [in *LiButti v. United States*, 107 F.3d 110, 124 (2d Cir. 1997), that being 'the degree of control of the party over the non-party witness,'] as directed to the party's post-event ability to control the witness's conduct and testimony." *N.H. Ins.*, 2009 WL 792530 *8. "On the contrary, this factor addresses the degree of control the party 'has vested in the non-party witness in regard to the key facts and general subject matter of the litigation' and approximates the analysis for admissions of a party opponent under Federal Rule of Evidence 801(d)(2)." *Id.* In that case, "[t]he general subject matter of the litigation is the operation of the Vessel while intoxicated and Blue Water vested in Cooper the responsibility to operate the Vessel and to do so liquor-free." Similarly, in this case,

4

Transocean, M-I and HESI all participated jointly with BP, as its contractors and agents, in operations on the Macondo well.  BP, Transocean, M-I and HESI, as corporations, all acted solely through their employees and agents at the time that the well operations now at issue in this case occurred.  Therefore the Fifth Amendment invocations of their employees and agents in response to specific questions about those employees' knowledge and actions related to the well operations at the time that they occurred, can be highly relevant and admissible.

   The defendants argue that all inferences must be corroborated by other evidence in order to be admissible.  *See* BP Motion, Doc. #5112 at 10; Transocean Motion, Doc. #5111 at 4-5; M-I Motion, Doc. #5120 at 3; 7-8; and HESI letter brief at 2.  However this is not precisely what Fifth Circuit precedent requires.  Rather, the Fifth Circuit has held that, although admissible, "the adverse inference from a party's refusal to answer questions [is] not enough to create an issue of fact to avoid summary judgment," *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 675 (5th Cir. 1999), nor is it sufficient to form the sole basis for a finding of liability on an issue.  *FDIC*, 45 F.3d at 978 (jury instructed that it "was not to find liability absent evidence corroborating" the adverse inference).  *See also*, *Kontos v. Kontos*, 968 F.Supp. 400, 408-9 (S.D. Ind. 1997) (assuming refusal to testify was admissible, "we do not think that the resulting adverse inference would be a sufficient basis upon which a reasonable jury could conclude that Defendant was involved in her husband's murder," and "although inferences based on the assertion of the privilege are permissible, *the entry of judgment* based *only* on the invocation of the privilege and 'without regard to other evidence' exceeds constitutional bounds.'") (emphasis added; citations omitted).

   As BP, Transocean, M-I and HESI all point out, proffered adverse inferences must be considered together with all of the other evidence in the case and in the appropriate specific factual context.  Accordingly, the Fifth Circuit has held that "district courts will have to evaluate

5

these situations on a case-by-case basis." *FDIC*, 45 F.3d at 978. *See also*, *Kontos*, 968 F. Supp. at 406 ("the question of whether to admit such evidence and whether to allow the concomitant adverse inference must be decided on a case-by-case basis rather than according to any bright-line rule.") (citations omitted). "In general, the decision as to whether to admit a person's invocation of the Fifth Amendment into evidence is committed to the discretion of the district court." *FDIC*, 45 F.3d at 977 (citing *Farace v. Indep. Fire Ins. Co.,* 699 F.2d 204, 210 (5th Cir. 1983). The admissibility of adverse inferences is a legal question that appellate courts review *de novo*, however the district court's "specific determination of relevance and its evaluation of a potential Fed. R. Evid. 403 problem are reviewed for abuse of discretion." *FDIC*, 45 F.3d. at 977.

Consequently, blanket, non-fact-specific rulings such as those sought by defendants, at this juncture, would be premature and would not allow for the necessary consideration of proposed adverse inferences in the logical context in which they may be offered at trial, and alongside corroborating evidence.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny BP, Transocean, M-I, and HESI's motions in limine to exclude adverse inferences from Fifth Amendment privilege invocations, without prejudice to their renewal at such time as specific adverse inferences are proffered at trial by a party, such as at the close of evidence.

//
//
//
//
//

Dated: January 17, 2012.

                                                Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Aviation & Admiralty Litigation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Attorney | MICHELLE T. DELEMARRE |
| DEANNA CHANG | SHARON K. SHUTLER |
| SCOTT CERNICH | JILL DAHLMANN ROSA |
| A. NATHANIEL CHAKERES | JESSICA SULLIVAN |
| JUDY HARVEY | JESSICA L. McCLELLAN |
| MATT LEOPOLD | MALINDA LAWRENCE |
| JEFFREY PRIETO | DAVID J. PFEFFER |
| GORDON YOUNG | ROBIN HANGER |
| ABIGAIL ANDRE | LAURA MAYBERRY |
| Trial Attorneys | BRIENA STRIPPOLI |
| | Trial Attorneys |
| /s/ Steven O'Rourke | U.S. Department of Justice |
| STEVEN O'ROURKE | Torts Branch, Civil Division |
| Senior Attorney | PO Box 14271 |
| U.S. Department of Justice | Washington, DC 20044 |
| Environmental Enforcement Section | (202) 616-4100 |
| PO Box 7611 | (202) 616-4002 fax |
| Washington, DC 20044 | |
| (202) 514-2779 | /s/ R. Michael Underhill |
| steve.o'rourke@usdoj.gov | R. MICHAEL UNDERHILL, T.A. |
| | Attorney in Charge, West Coast Office |
| | Torts Branch, Civil Division |
| | 7-5395 Federal Bldg., Box 36028 |
| | 450 Golden Gate Ave. |
| | San Francisco, CA 94102-3463 |
| | (415) 436-6648 |
| | (415) 436-6632 fax |
| | mike.underhill@usdoj.gov |

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

/s/ Jill Dahlmann Rosa
U.S. Department of Justice