UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179  SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| 2:10-CV-02771 | : : | MAGISTRATE JUDGE SHUSHAN |

...................................................................................................................................................

**UNITED STATES' RESPONSE IN OPPOSITION TO BP'S MOTION IN LIMINE TO PRECLUDE THE USE OF DEPOSITION TESTIMONY ARISING FROM IMPROPER AND OBJECTIONABLE QUESTIONING [DOC. # 5118]**

**INTRODUCTION**

The United States of America respectfully requests that the Court deny BP's Motion in Limine to Preclude the Use of Deposition Testimony Arising from Improper and Objectionable Questioning . [Doc. 5118.]

**DISCUSSION**

BP's Motion seeks a blanket ruling amounting to a truism - that testimony arising from improper and objectionable questioning is inadmissible. As this Court has recognized in similar contexts, however, the relief BP seeks is only appropriate after individual consideration of the particular deposition designations that BP asserts are objectionable.[1] This Court has broad discretion to admit or exclude evidence, "but competent evidence cannot be excluded without a

---

[1] In a recent ruling, this Court rejected the categorical admissibility of e-mail strings under the business records exception of Fed. R. Evid. 803(6) given that the applicability of the exception to "[e]ach [e]mail [m]erits [i]ndividual [c]onsideration." *See* Order and Reasons: Motion in Limine Set 1: Email Strings, 2012 U.S. Dist. Lexis 3406 at *9 (Jan. 11, 2012) (ECF 5143).

sound and acceptable reason." *E.E.O.C. v. Manville Sales Corp.*, 27 F.3d 1089, 1092 (5th Cir. 1994) (citing *Davidson Oil Country Supply Co. v. Klockner, Inc.*, 908 F.2d 1238, 1245 (5th Cir. 1990)). Whether such "sound and acceptable" reasons exist can only be determined by reviewing the specific portions of deposition testimony that BP seeks to exclude.

Indeed, BP recognizes that virtually the same review will need to happen, even assuming the Court ruled favorably on its motion. *See* BP's Mot. at 1 n.2 (asking for the opportunity "to discuss with opposing counsel limiting other designated testimony" should the Court grant its motion). Thus, the wholesale ruling that BP's Motion seeks is meaningless in the absence of individually considering the purportedly objectionable deposition designations. BP must either offer the specific portions of testimony that it objects to for the Court's review, or it must assert its objections to the specific testimony at trial. Accordingly, BP's Motion should be denied.

### I. Testimony That "Embraces an Ultimate Issue" Is Admissible under Federal Rule of Evidence 704.

The questions that BP cites in its motion are permitted by Federal Rule of Evidence 704 as they merely "embrace" certain aspects of the ultimate legal issues in this matter. The questions do not seek "outright legal conclusions" or simply "tell the [Court] what result to reach." *See Delta Towing v. Justrabo*, 2009 WL 3763868, *3 (E.D. La. 2009); Fed. R. Evid. 704, advisory committee's note. "The task of separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile one."[2] *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

The Fifth Circuit has often allowed testimony on topics similar to those objected to in BP's Motion. For example, testimony that relates "to [a] corporation's performance under [a]

---

[2] The complexity of determining whether questions call for legal conclusions further underscores that BP's Motion cannot be ruled on without individually considering specific portions of testimony.

contract (*i.e.*, whether a breach occurred)" is permissible provided that the testimony is not phrased in "inadequately explored legal terms." *Brazos River Authority v. GE Ionics, Inc.*, 469 F.2d 416, 435 (5th Cir. 2006). Testimony and opinions have also been admitted about whether "safe practices" have been followed, *(Owen*, 698 F.2d at 240 (allowing testimony about whether company followed proper practices because "it seeks a factual, not a legal, conclusion")), whether a boat's crew "acted prudently" and as to the "safety of a vessel," *(Delta Towing v. Justrabo*, 2009 WL 3763868, *3 (E.D. La. 2009) (allowing testimony because "although these issues may embrace ultimate issues to be decided by the trier of fact, they are not outright legal conclusions")), whether police procedures and policies were followed in specific situations, *(Brown v. Strain*, 2010 WL 3523026, *2 (E.D. La. 2010) (allowing statements that police policy was not followed and that such breaches were "below the standard of law enforcement" because such testimony was "in the context of explaining a specific [police] policy")), and to establish industry custom and practice, *(Chaney v. Omega Protein, Inc.*, 2010 WL 4668445, *2 (E.D. La. 2010) (allowing testimony regarding proper and customary practices on vessels)). The questions that BP objects to in its motion, such as regarding operational and maintenance responsibility for the blowout preventer, the standard of care for drilling rig operations, and Dr. Heyward's knowledge and beliefs about such responsibilities, are all analogous topics. This testimony should, therefore, similarly be found admissible.

Only when opinions "merely tell the [trier of fact] what result to reach" should they be excluded. Fed. R. Evid. 704, advisory committee's note. Courts in the Fifth Circuit have often narrowly construed the boundaries of impermissible outright legal conclusions. For example, even testimony that $108,500 "was not legally taken" was admitted because it was not "a legal conclusion regarding the ultimate issue whether the appellants were guilty of the crimes charged." *United States v. Izydore*, 167 F.3d 213, 218 (5th Cir. 1999). However, testimony that

3

certain failures "amounted to negligence" and that a vessel was "unseaworthy" was excluded because it did not merely embrace the ultimate issue, it offered direct conclusions on the ultimate legal standard to be decided.  *See Chaney*, 2010 WL 4668445 at *2; *see also In the Matter of Midland Enter., Inc.*, 2002 WL 31780156, *3 (E.D. La. 2002) (excluding testimony that companies "violated OSHA regulations and that such violations constitute unseaworthiness and negligence").

"[T]he basic approach to opinions, lay and expert...is to admit them when helpful to the trier of fact." *Lubbock Feed Lots, Inc. v. Iowa Beef Producers, Inc.*, 630 F.2d 250, 263-64 (5th Cir. 1980) (citing advisory committee's note to Fed. R. Evid. 704).  Here, the questions cited in BP's Motion do not go beyond the bounds of Rule 704, and the answers are helpful in deciding the complicated issues in this case.  While the testimony sought embraces the ultimate legal issues in this matter, the questions do not seek direct conclusions on the ultimate legal standards to be decided by the Court.  Accordingly, BP's Motion should be denied.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny BP's Motion in Limine to Preclude the Use of Deposition Testimony Arising from Improper and Objectionable Questioning.

//

//

//

//

//

Dated: January 17, 2012.

                                                              Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Aviation & Admiralty Litigation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Attorney | MICHELLE T. DELEMARRE |
| DEANNA CHANG | SHARON K. SHUTLER |
| SCOTT CERNICH | JILL DAHLMANN ROSA |
| A. NATHANIEL CHAKERES | JESSICA SULLIVAN |
| JUDY HARVEY | JESSICA L. McCLELLAN |
| MATT LEOPOLD | MALINDA LAWRENCE |
| JEFFREY PRIETO | DAVID J. PFEFFER |
| GORDON YOUNG | ROBIN HANGER |
| ABIGAIL ANDRE | LAURA MAYBERRY |
| Trial Attorneys | BRIENA STRIPPOLI |
| | Trial Attorneys |
| /s/ Steven O'Rourke | U.S. Department of Justice |
| STEVEN O'ROURKE | Torts Branch, Civil Division |
| Senior Attorney | PO Box 14271 |
| U.S. Department of Justice | Washington, DC 20044 |
| Environmental Enforcement Section | (202) 616-4100 |
| PO Box 7611 | (202) 616-4002 fax |
| Washington, DC 20044 | |
| (202) 514-2779 | /s/ R. Michael Underhill |
| steve.o'rourke@usdoj.gov | R. MICHAEL UNDERHILL, T.A. |
| | Attorney in Charge, West Coast Office |
| | Torts Branch, Civil Division |
| | 7-5395 Federal Bldg., Box 36028 |
| | 450 Golden Gate Ave. |
| | San Francisco, CA 94102-3463 |
| | (415) 436-6648 |
| | (415) 436-6632 fax |
| | mike.underhill@usdoj.gov |

5

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

/s/  Jill Dahlmann Rosa
U.S. Department of Justice