UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG : | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF : | |
| OF MEXICO, ON APRIL 20, 2010 : | SECTION J |
| : | |
| THIS DOCUMENT RELATES TO: : | JUDGE BARBIER |
| : | |
| 2:10-CV-02771 : | MAGISTRATE JUDGE SHUSHAN |
| : | |

**UNITED STATES' RESPONSE TO BP'S MOTION IN LIMINE TO
EXCLUDE PRIVILEGED COMMUNICATIONS RELATING TO
THE SCOPE OF BP'S INTERNAL INVESTIGATION [DOC. # 5117]**

BP moves to exclude all testimony concerning privileged communications and documents relating to determinations as to scope of the IIT's work, including pages 344:19 to 385:2 of Matt Lucas's deposition. [Doc. 5117.] The United States joins the PSC's opposition to this motion. As explained in detail in the PSC's memorandum, the PSC and BP previously met and reached an agreement to redact portions of Lucas's testimony on the grounds of privilege. This issue has already been resolved by agreement of the parties. To the extent BP now attempts to deny its previous agreement and limit other testimony and trial evidence regarding the matter, the United States submits a few short points in additional response.

BP cites to the Working Group Conference Order of May 17, 2011 (Doc. 2396) to support its position that 40 pages of the Lucas deposition should be excluded from trial. One paragraph of the Order states, "B. Investigation. The Court reviewed the supplemental *in*

*camera* submissions from BP and found that the investigation was conducted by counsel for BP and is protected from disclosure by the attorney-client privilege and work-product doctrine. The request for what has been loosely described as the 'Baxter Investigation' is denied." (Order, Doc. 2396.)

The United States agrees that attorney-client and work-product materials are protected from disclosure, if the privileges are not waived. The Court's Order does not necessarily mean that 40 pages of Mr. Lucas's testimony must be excluded from trial, however. For example, while counsel's investigation itself may be privileged, questions about the scope of the investigation do not necessarily fall under the privilege. Thus, evidence about BP's obtaining an exception to its "Group Defined Practice for Accident Investigation" ("GDP") to limit the scope of the investigation would not be privileged because the exception was not part of the investigation itself. Evidence about what could have been investigated, but was not, does not constitute part of the "Baxter Investigation" that the Court protected from disclosure.

To the extent evidence of the scope of the investigation could be deemed privileged attorney-client information, BP waived its privilege through the testimony of other witnesses about the scope of the investigation. *Nguyen v. Excel Corp.*, 197 F.3d 300, 207 n.19 (5th Cir. 1999) (noting that a client's waiver of attorney-client privilege constitutes a waiver as to all other communications on the same matter). For example, Sir William Castell, a member of the Board of Directors of BP and the Chair of BP's Safety, Ethics, and Environment Assurance Committee, also testified about the scope of the investigation. (Ex. A, Castell Dep. at 234-36, 501-07.) "Q: The scope of the report of the investigation was determined by BP, correct? A: Correct. . . . The scope of the report had been agreed by an Executive at the company, either Hayward or another Executive or Director." (Ex. A, Castell Dep. at 504.) *See Commodity Futures Trading*

*Comm'n v. Weintraub*, 471 U.S. 343, 348-39 (1985) (noting that a corporation's management, including officers and directors, can waive the corporation's attorney-client privilege).

Accordingly, the United States requests that the motion be denied and that testimony not subject to attorney-client privilege, including matters that have been waived, be admitted at trial.

Dated: January 17, 2012.

                                                  Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Aviation & Admiralty Litigation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Attorney | MICHELLE T. DELEMARRE |
| DEANNA CHANG | SHARON K. SHUTLER |
| SCOTT CERNICH | JILL DAHLMANN ROSA |
| A. NATHANIEL CHAKERES | JESSICA SULLIVAN |
| JUDY HARVEY | JESSICA L. McCLELLAN |
| MATT LEOPOLD | MALINDA LAWRENCE |
| JEFFREY PRIETO | DAVID J. PFEFFER |
| GORDON YOUNG | ROBIN HANGER |
| ABIGAIL ANDRE | LAURA MAYBERRY |
| Trial Attorneys | BRIENA STRIPPOLI |
| | Trial Attorneys |
| /s/ Steven O'Rourke | U.S. Department of Justice |
| STEVEN O'ROURKE | Torts Branch, Civil Division |
| Senior Attorney | PO Box 14271 |
| U.S. Department of Justice | Washington, DC 20044 |
| Environmental Enforcement Section | (202) 616-4100 |
| PO Box 7611 | (202) 616-4002 fax |
| Washington, DC 20044 | |
| (202) 514-2779 | /s/ R. Michael Underhill |
| steve.o'rourke@usdoj.gov | R. MICHAEL UNDERHILL, T.A. |
| | Attorney in Charge, West Coast Office |
| | Torts Branch, Civil Division |
| | 7-5395 Federal Bldg., Box 36028 |

3

                                                450 Golden Gate Ave.
                                                San Francisco, CA 94102-3463
                                                (415) 436-6648
                                                (415) 436-6632 fax
                                                mike.underhill@usdoj.gov

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

                                                  /s/ Jill Dahlmann Rosa
                                                  U.S. Department of Justice