UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig<br>         "Deepwater Horizon" in the Gulf<br>         Of Mexico, on April 20, 2010<br><br>**This Document applies to:**<br>*ALL CASES and 10-2771* | MDL No. 2179<br><br>SECTION J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

### TRANSOCEAN'S RESPONSE TO CAMERON'S BRIEF IN SUPPORT OF PRECLUDING OTHER PARTIES FROM USING OR RELYING UPON WITHDRAWN OPINIONS OR TESTIMONY FROM EXPERT WITNESSES

Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater, Inc., and Triton Asset Leasing GmbH (collectively "Transocean"), submit this response to Cameron International Corporation's ("Cameron") brief in support of precluding other parties from using or relying upon withdrawn opinions or testimony from its expert witnesses. For the reasons that follow, Transocean respectfully requests that the Court enter an Order as follows:

(1) If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions or report into evidence;

(2) If a retaining party lists an expert on its final witness list, but does not call that expert at trial, other parties may introduce that expert's opinions and report into evidence; and

(3) If a retaining party lists an expert on its final witness list, but withdraws portions of the expert's opinions before trial, other parties may introduce into evidence at trial that expert's prior opinions that were withdrawn or amended.

At the Court's January 6, 2012 Working Group Conference, Transocean raised the issue of the extent to which an expert's deposition testimony could be used at trial if the party offering the expert settles. <u>Doc. No. 5128, p. 6</u>. Specifically,

> Cameron represented that it intended to file an amended expert report to remove certain opinions which it would not pursue at trial as a result of its settlement with BP. The PSC responded that it intends to cross-examine Cameron's experts on the opinions they originally espoused. There was agreement that a party can withdraw their sponsorship of an expert. There was agreement that if a party withdraws their sponsorship of an expert, the party is not required to produce the expert at the trial. The issue is whether another party can pick up that expert and use his report and portions of his deposition testimony in their case-in-chief.

<u>Id</u>. The Court ordered Cameron to submit a letter brief on its position by Wednesday, January 11, 2012, and any responses to Cameron's brief be submitted by January 16, 2012. <u>Id</u>. At the January 13, 2012 Working Group Conference, the Court extended the deadline for responses to Cameron's brief to January 17, 2012.

On January 11, 2012, Cameron submitted a brief in support of its position that it be allowed "to withdraw certain expert opinions and to preclude other parties from introducing or relying upon the withdrawn opinions or testimony relating to those opinions at trial." <u>Doc. No. 5151, p. 8</u>. Cameron argues that the Court has discretion to prohibit parties from introducing or relying on opinions or testimony of Cameron's expert witnesses against BP. <u>Id</u>. at 3-4. Cameron also argues that other parties have no need to rely on withdrawn opinions and cannot reasonably claim that they have relied on Cameron's expert witnesses. <u>Id</u>. at 4-6. Finally, Cameron argues that allowing other parties to use or rely on Cameron's experts would permit improper free-riding and frustrate settlement. <u>Id</u>. at 6-8.

Transocean now submits this response to Cameron's brief. Transocean notes that issues raised at the January 6, 2012 Working Group Conference are two-fold—a distinction that Cameron has chosen to ignore. First, if a retaining party completely withdraws an expert, may

2

other parties "pick up that expert and use his report and portions of his deposition testimony in their case-in-chief?" Doc. No. 5128, p. 6. Second, if a retaining party withdraws (or amends) some, but not all of its expert's opinions, may other parties introduce that expert's prior opinions and/or deposition testimony espousing the same at trial?

As to the first question, the Court should decide this question based on whether the expert is listed on the retaining party's final witness list to be filed on January 20, 2012. If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party should be allowed to call that expert to testify at trial or introduce that expert's opinions and report into evidence. See In re Shell Oil Refinery, 132 F.R.D. 437, 440 (E.D. La. 1990) (citations omitted) ("Prior to the court imposed deadline for exchange of witness lists, a party is free to make strategic decisions changing an anticipated witness to a non-witness.").

However, if a retaining party lists an expert on its final witness list, but does not call that expert at trial, other parties should be allowed to call that expert to testify at trial (via deposition) and introduce that expert's opinions and report into evidence.[1] See Durgin v. Crescent Towing & Salvage, Inc., No. 00-1602, 2001 WL 36105571, at *1 n.1 (E.D. La. Oct. 18, 2001) (noting that plaintiff may take advantage of the defendants' witness and exhibit lists and may call any witness listed by defendants and use at trial any and all exhibits listed by them); Commerce & Indus. Ins. Co. v. Grinnell Corp., No. 97-0775, 1999 WL 731410, at *2 (E.D. La. Sept 20, 1999) (distinguishing In re Shell on the grounds that Shell stands for the limited proposition that, absent

---

[1] At the January 13, 2012 Working Group Conference, the Court indicated that it would allow the parties to list one "may call" witness on their final witness lists. To the extent that the proposed findings listed above are inconsistent with allowing parties to list one may call witness, Transocean notes that it is unlikely that a party will list an expert as a may call witness on its final witness list. Nevertheless, should the Court agree with the proposed findings listed above, Transocean respectfully requests that the Court find that a party may not list an expert witness as a may call witness on its final witness list.

exceptional circumstances, a party may not depose an expert witness that has been de-designated as a testifying witness *prior to the time witness lists are exchanged*.).

As to the second question – a withdrawal of some opinions -- if a retaining party lists an expert on its final witness list, other parties should be allowed to introduce that expert's prior opinions and reports as evidence notwithstanding the fact that such prior opinions and reports were withdrawn or amended at any point in time. See Commerce & Indus. Ins. Co., 1999 WL 731410, at *2; In re Enron Corp. Secs., Derivative & Erisa Litig., No. 01-3624, 2009 WL 3247432, at *1 (S.D. Tex. Sept. 29, 2009) ("[I]t is well settled that an expert's prior opinions and prior testimony are relevant evidence" as a party is "entitled to explore 'potential inconsistencies between the views [the expert] intends to express in the underlying case, and the testimony and opinions he has given[.]"). It is axiomatic that a conflict between what a witness says at one time and what a witness says at another time presents grounds for cross-examination. See, e.g., Barrow v. Greenville Indep. School Dist., No. 3:00CV0913, 2005 WL 39086, at *3 (N.D. Tex. Jan. 7, 2005) (recognizing a party's right to cross-examine an expert at trial concerning changes in an amended report).

Finally, to the extent Cameron argues that allowing other parties to use its expert's prior opinions would permit improper free riding and frustrate settlement, its arguments fail. First, Cameron has no reason to oppose the use of expert testimony against BP, and, therefore, would not be prejudiced if such expert testimony were offered against BP. Second, the settlement agreement between Cameron and BP does not bar the introduction of expert testimony by Cameron's experts against BP. Finally, concerns over free riding and the frustration of settlements do not override the fact-finders role in seeking the truth. See Meharg v. I-Flow Corp., No. 08-00184, 2009 WL 1867696, at *2 (S.D. Ind. June 26, 2009) (refusing to accept arguments regarding improper free riding as grounds to exclude testimony of expert listed on

settling party's witness list and noting that "while public policy encourages settlement, it does not do so at the expense of truth and fairness.").

Given that the following proposed findings are consistent with the cited law and provide the most practical, fair, and efficient solution to the issues presented, Transocean respectfully requests that the Court find:

(1) If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions and report into evidence;

(2) If a retaining party lists an expert on its final witness list, but does not call that expert at trial, other parties may introduce that expert's opinions and report into evidence; and

(3) If a retaining party lists an expert on its final witness list, but withdraws portions of the expert's opinions before trial, other parties may introduce into evidence at trial that expert's prior opinions that were withdrawn or amended.

Respectfully submitted, this 17th day of January, 2012,

| | |
|---|---|
| By:   /s/ Steven L. Roberts<br>Steven L. Roberts (Texas, No. 17019300)<br>Rachel Giesber Clingman (Texas, No. 00784125)<br>Kent C. Sullivan (Texas, No. 19487300)<br>Sutherland Asbill & Brennan LLP<br>1001 Fannin Street, Suite 3700<br>Houston, Texas 77002<br>Telephone:  (713) 470-6100<br>Facsimile:  (713) 654-1301<br>Email:  steven.roberts@sutherland.com<br>rachel.clingman@sutherland.com<br>kent.sullivan@sutherland.com | By:   /s/ Kerry J. Miller<br>Kerry J. Miller (Louisiana, No. 24562)<br>Frilot, L.L.C.<br>1100 Poydras Street, Suite 3700<br>New Orleans, Louisiana 70163<br>Telephone: (504) 599-8169<br>Facsimile: (504) 599-8154<br>Email: kmiller@frilot.com<br><br>                       -and-<br><br>By:   /s/ Edwin G. Preis, Jr.<br>Edwin G. Preis, Jr. (Louisiana, No. 10703)<br>Richard J. Hymel (Louisiana, No. 20230) |

5

Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com,
rjh@preisroy.com

-and-

By:   /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com,
allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

6

> Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller