UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179<br><br>SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| 2:10-CV-02771 | : : : | MAGISTRATE JUDGE SHUSHAN |

UNITED STATES' RESPONSE TO
HESI's MOTION TO EXCLUDE EVIDENCE RELATING TO TESTING OF CEMENT
BLENDS USING NON-RIG SAMPLES [DOC. # 5138]

INTRODUCTION

The United States of America respectfully requests that the Court deny HESI's Motion to Exclude Evidence Relating to Testing of Cement Blends Using Non-Rig Samples. [Doc. 5138.]

DISCUSSION

The cement testing performed by Chevron for the Presidential Oil Spill Commission ("Chevron Testing") and by Oilfield Testing & Consulting ("OT&C") for the Joint Investigation Team ("JIT") ("OT&C Testing") is unquestionably relevant to this case and its probative value is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

HESI fails to present evidence supporting the exclusion of this evidence under Rules 402 or 403. In fact, HESI's Motion flies in the face of testimony from HESI's own representatives,

who have testified to the value of non-rig sample testing, and omits the fact that post-incident testing was based on HESI's formulations and laboratory sample materials. Certainly a sophisticated cement services company like HESI would not have conducted such testing if it were irrelevant and unreliable.

> **I.    HESI Fails To Present Sufficient Evidence To Prove that Non-Rig Cement Test Results Are Irrelevant or Otherwise Inadmissible under Federal Rules of Evidence Rules 402 and 403.**

Federal Rule of Evidence 402 provides an extremely low bar for admissibility: pending exclusion based on other grounds, all relevant evidence is admissible. Rule 401 defines relevance as "evidence having *any tendency* to make the existence" of a material fact "more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. HESI states that such evidence is "irrelevant to the issues presented for trial," but offers no argument to support its claim.

HESI presents no evidence to establish that testing non-rig cement is necessarily misrepresentative or inherently unreliable. Instead, it suggests that the tests possess a "level of uncertainty" regarding their representative value. (Doc. 5138 at 2, citing Deposition of Daryl Kellingray at 556:17–24.) This does not satisfy Rule 402 and 403's threshold requirements. Moreover, "any doubts raised concerning the possibility of alteration or contamination of the evidence go to the weight and not the admissibility of the evidence." *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1154 (5th Cir. 1981) (citing *United States v. Albert*, 595 F.2d 283, 290 (5th Cir. 1979).

The Fifth Circuit has explained that "Rule 403's major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Baker v. Can. Nat'l/Ill. Cent. R.R.*, 536 F.3d 357, 369 n.42 (5th Cir. 2008)

(citing *United States v. McRae,* 593 F.2d 700, 708 (5th Cir. 1979)) (internal quotations omitted). Evidence may not be excluded under Rule 403 merely because its probative value is uncertain.

The case law HESI cites is inapposite to its argument that the Chevron and OT&C Testing should be excluded.  Neither *Knox v. City of Monroe* (No. 07-606, 2009 U.S. Dist. LEXIS 29454, at *29–30 (W.D. La. Apr. 6, 2009) (excluding plaintiff's employment status in a race discrimination case)), nor *Araujo v. Treasure Chest Casino, LLC* (No. 97-3043, 1999 U.S. Dist. LEXIS 5556, at *8–11 (E.D. La. Apr. 12, 1999) (excluding evidence of plaintiff's previous worker's compensation payments in a personal injury case)), discuss scientific testing, physical evidence, or anything remotely analogous to the cement testing HESI seeks to exclude.  While the *Steffy v. The Home Depot* court excluded certain plywood testing, that testing was performed on plywood that had wholly different properties than that used in plaintiff's motion.  Exclusion of the test results was further supported because the plywood was tested using undefined and undisclosed methods.  Civ. No. 06-CV-02227, 2009 U.S. Dist. LEXIS 52019, at *31–33 (M.D. Pa. June 15, 2009).  In contrast, HESI seeks to exclude results of tests conducted using formulations comparable to materials used in the formulation of the Macondo Well's cement. Here, there is no dispute that both Chevron and OT&C used lab stock materials provided by HESI to test the cement formulation on the production casing interval of the Macondo Well, and both Chevron and OT&C documented their testing methodologies.

If HESI's interpretation of Rule 403 were accurate, evidence with *potentially* confusing or prejudicial effect would be excluded, and this Court would have no evidence left to hear.  The arguments HESI outlines are simply insufficient to warrant exclusion under Rule 402 or 403.

## II.     HESI Relies on the Same Non-Rig Blend/Lab Stock Cement Testing it Moves To Exclude.

HESI's motion is further undermined by its own employees and experts, whose actions and testimony endorse the relevance of cement testing using "non-rig" samples.  For example, HESI tested the Macondo Well's production casing slurry design using lab stock (Ronnie Faul Dep. at 264-65), and conducted its investigation into the Macondo incident (Timothy Quirk Dep. at 89) using these materials (Faul Dep. at 299–300).  HESI also used lab stock samples for post-incident relief well operations (Rickey Morgan Dep. at 114).  Indeed, HESI's Senior Technology Manager for the Gulf of Mexico, Ronnie Faul, ordered post-incident tests of the Macondo slurry and was satisfied with results obtained from non-rig samples.  (Faul Dep. at 262–63, 284, 292, 408; *see also* Ex. 7722.)  Even HESI experts, including Dr. Sam Lewis (Lewis Dep. at 403-04) and David Bolado (Bolado Dep. at 308-09), testified that testing non-rig samples could be valuable.

## III.    HESI Provided the Materials Tested by Chevron and OT&C, Whose Testing Was Conducted Using Reliable and Standardized Methods.

HESI's arguments are further undermined by the testing conducted by Chevron and OT&C.  Chevron and OT&C's Testing was conducted on HESI-provided materials and in accordance with industry-accepted American Petroleum Institute ("API") procedures and/or HESI's best practices.  (Craig Gardner Dep. at 31-32; Greg Garrison Dep. at 114–115.)  For example, at Chevron's request, HESI provided it with lab stock materials comparable to the materials used in the Macondo cement formulation (Ex. 806, Chevron Report; Gardner Dep. at 17–20; Ex. 4561) and was guided by HESI's own foam testing procedures.  (Gardner Dep. at 31-32.)  Despite its current objections, HESI has not challenged the validity of OT&C's testing of

4

the MAC4 sample even though that sample was tested using lab stock additives and non-rig freshwater. (Ex. 5937-38, OT&C Report at 3.)

## CONCLUSION

The Fifth Circuit counsels that "district courts should apply Rule 403 sparingly," and its use in this case is not warranted: HESI's motion to exclude all non-rig cement tests is not supported by cited precedent, Rules 402 or 403, or HESI's own actions. *Baker v. Can. National/Illinois Cent. R.R.*, 536 F.3d at 369 n.42. For the foregoing reasons, the United States respectfully requests that the Court deny HESI's Motion to Exclude Evidence Relating to Testing of Cement Blends Using Non-Rig Samples.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

Dated: January 17, 2012.

                                                                              Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Aviation & Admiralty Litigation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Attorney | MICHELLE T. DELEMARRE |
| DEANNA CHANG | SHARON K. SHUTLER |
| SCOTT CERNICH | JILL DAHLMANN ROSA |
| A. NATHANIEL CHAKERES | JESSICA SULLIVAN |
| JUDY HARVEY | JESSICA L. McCLELLAN |
| MATT LEOPOLD | MALINDA LAWRENCE |
| JEFFREY PRIETO | DAVID J. PFEFFER |
| GORDON YOUNG | ROBIN HANGER |
| ABIGAIL ANDRE | LAURA MAYBERRY |
| Trial Attorneys | BRIENA STRIPPOLI |
| | Trial Attorneys |
| | U.S. Department of Justice |
| /s/ Steven O'Rourke | Torts Branch, Civil Division |
| STEVEN O'ROURKE | PO Box 14271 |
| Senior Attorney | Washington, DC 20044 |
| U.S. Department of Justice | (202) 616-4100 |
| Environmental Enforcement Section | (202) 616-4002 fax |
| PO Box 7611 | |
| Washington, DC 20044 | /s/ R. Michael Underhill |
| (202) 514-2779 | R. MICHAEL UNDERHILL, T.A. |
| steve.o'rourke@usdoj.gov | Attorney in Charge, West Coast Office |
| | Torts Branch, Civil Division |
| | 7-5395 Federal Bldg., Box 36028 |
| | 450 Golden Gate Ave. |
| | San Francisco, CA 94102-3463 |
| | (415) 436-6648 |
| | (415) 436-6632 fax |
| | mike.underhill@usdoj.gov |

6

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

/s/  Jill Dahlmann Rosa
U.S. Department of Justice