UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" JUDGE BARBIER |
| This Document Relates to: *All Cases* | * * * * | MAGISTRATE NO. 1 MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANTS ANDARKO PETROLEUM CORPORATION'S AND ANADARKO E&P COMPANY LP'S MOTION *IN LIMINE* TO STRIKE AND PRECLUDE FROM TRIAL CERTAIN SECTIONS OF THE REBUTTAL EXPERT REPORT OF JAMES P. LANG AND CERTAIN OPINIONS OF JAMES P. LANG**

Anadarko Petroleum Corporation ("APC") and Anadarko E&P Company LP ("AE&P") (collectively, "Anadarko") respectfully submit this memorandum in support of their Motion in Limine to strike and preclude from trial certain sections of the Rebuttal Expert Report of James P. Lang and certain opinions of James P. Lang.

**I.    BACKGROUND**

On November 7, 2011, the U.S. served the expert report of Mr. Lang. According to Mr. Lang's report, its purpose is to rebut the opinions proffered by Anadarko's and MOEX's experts, Roger Vernon and Gordon Cain, respectively. *See* Exhibit A, Rebuttal Expert Report of James P. Lang, (hereafter "Lang Report") at p. 3. Mr. Vernon's and Mr. Cain's October 17, 2011 reports opine on the customary role of a Non-Operating Partner ("NOP"). Specifically, they opine that, as this Court previously ruled, BP was the operator of the Macondo well and was not subject to the control or direction of NOPs. *See* Exhibit B, Excerpt of Amended Expert Report of Roger Vernon at pp. 2-4; Exhibit C, Excerpt of Expert Report of Gordon R. Cain at pp. 1-2.

However, much of Mr. Lang's report and his associated opinions do not rebut or contradict the Vernon or Cain reports and opinions. Rather, the U.S. attempts to introduce brand-new theories and opinions simply by labeling them Mr. Lang's "rebuttal" opinions. This effort is impermissible – the United States' initial expert opinions, like those found in Mr. Lang's report which do not "rebut" anything, were due August 26, 2011. See Order at 5, MDL No. 2179 (Sept. 2, 2011) (Rec. Doc. 3916). The U.S. Government's strict adherence to that deadline was essential so that the defendants' expert reports, due five weeks later, could not only provide initial opinions on behalf of the defendants, but also address whatever initial affirmative opinions the United States' experts offered. As a consequence, the only reports that were allowed to be submitted on November 7, 2011, were those that rebutted opinions set fort in previously-filed expert reports. Accordingly, any portions of the Lang report and opinions that do not rebut opinions proffered by Mr. Vernon or Mr. Cain should be stricken and precluded from trial; otherwise, Anadarko is prejudiced because it is deprived of the opportunity to rebut the affirmative opinions set forth in Mr. Lang's so-called rebuttal report.

## II.   ARGUMENT

### A.   Rebuttal Opinion and Testimony Must Be Limited to Responding to or Rebutting Opinions Offered by an Opposing Party

Rule 26 of the Federal Rules of Civil Procedure defines rebuttal expert testimony as "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. Fed. R. Civ. P. 26(a)(2)(D)(ii) (2010). The purpose of rebuttal testimony, therefore, is to rebut, not to provide an extension of the deadline by which a party may deliver affirmative expert opinion related to its case-in-chief. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil*, 73 F.3d 546, 572 (5th Cir. 1996); *see also*, *Morgan v. Commercial Union Assurance Cos.*, 606 F.2d 554, 555 (5th Cir. 1979) ( describing "rebuttal" as a term of art meant

to denote evidence introduced on rebuttal to "meet new facts brought out in his opponent's case in chief"); *Phillips v. Gen. Motors Corp.*, Civil Action No: 99-3423, 2000 U.S. Dist. LEXIS 14423 (E.D. La. Sept. 25, 2000) (same).

Courts within this Circuit and in other Circuits regularly preclude expert testimony that does not directly oppose or rebut theories offered by an opposing party. *See, e.g.¸ Cooper Tire & Rubber Co. v. Farese*, Civil Action No.: 3:02CV210, 2008 U.S. Dist. LEXIS 96729 at *9 (N.D. Miss. Nov. 26, 2008) (granting a motion to strike rebuttal expert testimony where plaintiff attempted to inject a new damages theory "through a procedural back door"); *R&O Const. Co. v. Rox Pro Inter.*, 2:09-cv-01749, 2011 U. S. Dist. LEXIS 78032, at *4-5 (Dist. Nev. July 18, 2011) (striking all portions of the rebuttal expert reports that did not "constitute rebuttal material," and "should have been presented in initial reports") (emphasis in original).

### B. The Lang Report Mischaracterizes Opinions as Rebuttal

Mr. Lang mischaracterizes the entirety of his report as a rebuttal to the Vernon and Cain Reports. Lang Report at p. 3; *see also*, Exhibit D, Excerpt of January 11, 2012 Deposition of James P. Lang at 12:1-7. However, Mr. Lang riddles his report with affirmative opinions. For example, in sections III(4), XII and XIII(3) of his report, Mr. Lang opines on the impact of the imposition of Clean Water Act penalties on deepwater activities and proffers what are, at bottom, pure policy opinions, asserting that unless NOPs share in all liabilities, including penalties, the industry will not have the proper incentives about safety. Lang Report at pp. 4, 19-22. In section V, Mr. Lang also opines on Anadarko's and MOEX's business strategies and risk analyses. Lang Report at pp. 6-10. These opinions do not contradict or rebut opinions offered by Mr. Vernon or Mr. Cain which are limited to the respective roles of an operator and an NOP regarding well design and daily drilling operations.

The U.S. could have offered its affirmative opinions in an affirmative report due on August 26, 2011. It failed to do so and may not now remedy its oversight by slipping the new opinions in through a procedural back door. Because these opinions are not rebuttal testimony, they should be stricken from Mr. Lang's report and precluded from trial.

## III.   CONCLUSION

For all the reasons set forth above, the Court should grant Anadarko's motion in *limine* to strike and preclude from the Phase I trial scheduled to commence in February 2012, the following sections in the expert report of James P. Lang, and all associated opinions proffered by Mr. Lang:  sections III(4), V, XII, and X(III).

Respectfully submitted,

DATED: Jan. 17, 2012            BINGHAM McCUTCHEN LLP

_____/s/ *Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

4

                                KUCHLER POLK SCHELL
                                WEINER & RICHESON, LLC

                                Deborah D. Kuchler, T.A. (La. Bar No. 17013)
                                dkuchler@kuchlerpolk.com
                                Janika Polk (La. Bar No. 27608)
                                jpolk@kuchlerpolk.com
                                Robert Guidry (La. Bar No. 28064)
                                rguidry@kuchlerpolk.com
                                1615 Poydras Street, Suite 1300
                                New Orleans, LA  70112
                                Tel:  (504) 592-0691
                                Fax:  (504) 592-0696