UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf Of Mexico, on April 20, 2010<br><br>**This document applies to:** *All Cases* | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

### TRANSOCEAN'S RESPONSE TO BP'S MOTION *IN LIMINE* TO BAR FACT OR OPINION TESTIMONY ON ISSUES OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean"), by and through their undersigned counsel, and respectfully submit this Response to BP's Motion *in Limine* to Bar Fact or Opinion Testimony on Issues of Law (**Rec. Doc. 5108**).

### I. ARGUMENT AND AUTHORITIES

**A.  BP's Motion *in Limine* is overly broad and asks the Court to make evidentiary rulings without the proper context of foundation, relevancy, and potential prejudice.**

Courts in the Fifth Circuit and in other jurisdictions have repeatedly held that "[e]vidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Fair v. Allen*, No. CIV.A. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011); *Rivera v. Salazar,* No. C–04–552, 2008 WL 2966006, at *1 (S.D.Tex. July 30, 2008); *Brown v. Carr*, No. CIV.A. C-04-471, 2008 WL 167313, at *1 (S.D. Tex. Jan. 16, 2008); *Hawthorne Partners v. AT & T Tech., Inc.,* 831 F.Supp. 1398, 1400 (N.D.Ill.1993); *United States v. Ozsusamlar,* 428 F.Supp.2d 161, 164–65 (S.D.N.Y.2006). A motion *in limine* that seeks to exclude broad

categories of evidence is rarely granted. *Rivera,* 2008 WL 2966006, at \*1 (citing *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.1975)).

Evidentiary rulings, especially those addressing broad classes of evidence, should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context. *Rivera,* 2008 WL 2966006, at \*1 (citing *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.1975); *Starling v. Union Pac. R.R .,* 203 F.R.D. 468, 482 (D.Kan.2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there")). The Fifth Circuit has explained that a

> later objection is the better time to evaluate the possible exclusion of testimony because it is at that time that the claims of prejudice and irrelevance move out of the abstract context of a motion in limine into the real world of an actual speaker and a specific statement.

*Rojas v. Richardson*, 703 F.2d 186, 188 *on reh'g*, 713 F.2d 116 (5th Cir. 1983).

By its Motion *in Limine*, BP asks the Court to exclude a broad category of evidence – "testimony that amounts to assertions or conclusions as to the law or its application to the facts in this case" – without the proper context necessary to evaluate its admissibility. As explained below, the admissibility of this testimony depends on the Court's consideration of the particular facts of the case and how those facts relate to the particular witness. Without this context, the Court cannot determine that the evidence subject to BP's Motion is "clearly inadmissible on all potential grounds." As a result, the Court should deny BP's Motion and defer any rulings on such evidence until trial. *See Rivera,* 2008 WL 2966006, at \*1; *Fair*, 2011 WL 830291, at \*1; *Brown*, 2008 WL 167313, at \*1.

**B.     The testimony BP seeks to exclude may be admissible in the appropriate context.**

   **1.     Lay opinion testimony regarding the manner of conduct or competency of a person may be admissible, even if it goes to an "ultimate fact."**

Federal Rule of Evidence 701, which governs lay opinions, provides that such opinions are admissible when they are "(1) rationally based on the perception of the witness, (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." FED. R. EVID. 701.  Even if some specialized knowledge on the part of the witness is required, testimony need not be excluded as improper lay opinion if it is based on first-hand observations in a specific context. *See Soden*, 714 F.2d at 511 (allowing a lay witness to opine that the design of a truck's fuel system was dangerous and defective in a product liability action, because "[n]o great leap of logic or expertise was necessary" for his opinion, based on his observations.); *United States v. El-Mezain*, No. 09-10560, 2011 WL 6058592, at *33 (5th Cir. Dec. 7, 2011), as revised (Dec. 27, 2011).

"The fact that an opinion goes to an 'ultimate fact' does not necessarily preclude its admissibility under Rule 701." *Soden v. Freightliner Corp.*, 714 F.2d 498, 511 (5th Cir. 1983); FED. R. EVID. 704(a).  Further, lay opinion testimony does not amount to a legal conclusion if it "does not involve terms with a separate, distinct and specialized meaning in the law different from that present in the vernacular." *See United States v. Sheffey*, 57 F.3d 1419, 1426 (6th Cir. 1995) (quoting *Torres v. County of Oakland*, 758 F.2d 147, 151 (6th Cir.1985)).

Given the particular facts of the instant case, in which the lay witnesses have particularized knowledge in the offshore drilling industry, the Court may consider the relevant knowledge of a particular lay witness and determine that certain opinions would be helpful for a clear understanding of a fact in issue.  For example, the testimony of a Transocean roustabout

3

cited in BP's Motion that fellow crew members were not "reckless when it came to safety" would be admissible if the context establishes that the roustabout's opinion was rationally based on his perception and would "be helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." *See* FED. R. EVID. 701. *See also United States v. Sheffey*, 57 F.3d 1419, 1426 (6th Cir. 1995) (holding that lay opinion testimony as to whether defendant was driving "recklessly" was properly admitted because the term has the same meaning in law and in common vernacular, even though it "embraced the terms of the jury instruction on malice aforethought").

### 2. Expert opinion testimony regarding the manner of conduct or competency of a person may also be admissible.

Federal Rule of Evidence 702 permits the district court to admit expert testimony that will assist the trier of fact in either understanding the evidence or determining a fact in issue. FED. R. EVID. 702. Under Rule 704, such opinion testimony is not objectionable because it includes an ultimate issue to be decided by the trier of fact. FED. R. EVID. 704(a). While careful to exclude opinions that amount to "outright legal conclusions," courts have held that expert opinion testimony regarding whether certain conduct conformed to the appropriate standard of care in the industry is admissible. *See Delta Towing, L.L.C. v. Justrabo*, No. CIV. A. 08-3651, 2009 WL 3763868 (E.D. La. Nov. 9, 2009) (holding that an expert's report contained "admissible opinions as to whether the Delta crew acted prudently and as to the safety of the vessel," because "[a]lthough these issues may embrace ultimate issues to be decided by the trier of fact, they are not outright legal conclusions."); *Arreola v. Epic Divers, Inc.*, No. CIV.A. 05-2788, 2006 WL 5153148, at *2 (E.D. La. Oct. 25, 2006) (finding that a diving safety expert's testimony was admissible to the extent that it "help[ed] the jury to determine whether Defendants' conduct fell below the appropriate standard of care applicable in this industry.").

Because BP's Motion *in Limine* would exclude such admissible opinion testimony, the motion should be denied.

**C.     There is no risk of confusion for the fact-finder, as this is a bench trial.**

As the fact-finder in this case, the Court is capable of identifying and disregarding any legal conclusions. Accordingly, a ruling *in limine* on these grounds is unnecessary, as this Court has previously recognized. *See, e.g., In re Omni Energy Servs.*, No. CIV.A. 01-3246, 2002 WL 34381143, at *1 (E.D. La. Sept. 5, 2002) (Barbier, C.) (denying a motion *in limine*, observing "that this matter is to be tried to the bench and the Court will not allow [the expert witness] to testify on matters beyond his area of expertise and what is helpful to the fact-finder, and will disregard any legal conclusions to which he testifies").

## II. CONCLUSION

For the reasons set forth above, Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH respectfully ask the Court to deny BP's Motion *in Limine* to Bar Fact or Opinion Testimony on Issues of Law (**Rec. Doc. 5108**). Transocean further requests any and all further relief to which it may be justly entitled.

Respectfully submitted, this 17th day of January, 2012,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,

By:     /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

6

*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller