UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010<br><br>This document applies to:<br>All Cases | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

**TRANSOCEAN'S RESPONSE TO HESI'S MOTION TO EXCLUDE EVIDENCE RELATING TO TESTING OF CEMENT BLENDS USING NON-RIG SAMPLES**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean"), by and through their undersigned counsel, and respectfully submit this Response to HESI's Motion to Exclude Evidence Relating to Testing of Cement Blends Using Non-Rig Samples (HESI Letter Brief dated 1/9/12 ("Letter Brief")).

I.  **INTRODUCTION**

In its letter brief supporting its Motion submitted January 9, 2012, HESI alleges that

> all evidence relating to testing, including but not limited to any post-incident testing conducted individually and/or informally by HESI employees, of non-representative cement samples that did not come from the cement blend maintained on the DEEPWATER HORIZON and actually used in the Macondo well

should be excluded under Federal Rules of Evidence 402 and 403 as irrelevant, unduly prejudicial, confusing, cumulative and/or would cause undue delay (Letter Brief, pp. 1 and 3). Although HESI does not explicitly state a basis for each of the alleged deficiencies, the heart of

HESI's argument is that because each cement stock allegedly develops unique chemical properties, any and all evidence, including documents and testimony, concerning test results derived from non-rig cement samples is inadmissible (Letter Brief, pp. 1-2).

Contrary to HESI's assertions, any dissimilarities between the tested cement stocks affect the weight of the evidence rather than its admissibility. Additionally, HESI's own experts and employees conducted tests on non-rig cement stock belying HESI's assertions of unreliability. Finally, HESI fails to acknowledge that there is no danger that this Court, unlike a jury, will be misled by irrelevant or prejudicial evidence during a bench trial. Accordingly, HESI's motion should be denied.

## II.    ARGUMENT AND CITATION OF AUTHORITIES

### A.    Dissimilarities between experiments affect the weight of the evidence rather than its admissibility.

Contrary to HESI's assertion that non-rig cement testing results should be excluded based on alleged differences between the rig stock and lab stock, any "[d]issimilarlities [between cement blends] affect the weight of the evidence, not admissibility." *Jordan v. General Motors Corp.*, 624 F. Supp. 72, 79 (E.D. La. 1985) (quoting *Ramseyer v. General Motors Corp.*, 417 F.2d 859, 864 (8th Cir. 1969)). As noted by this Court:

> Admissibility of [experimental] evidence depends upon a foundational showing of substantial similarity between the tests conducted and actual conditions. Perfect identity between experimental and actual conditions is neither attainable nor required. . . . [T]he decision whether to admit or exclude evidence of experiments in a particular case rests largely in the discretion of the trial judge and his decision will not be overturned on appeal absent a clear showing of an abuse of discretion.

*Jordan*, 624 F. Supp. at 79 (quoting *Ramseyer v. General Motors Corp.*, 417 F.2d 859, 864 (8th

Cir. 1969)) (internal citations and quotations omitted). *Accord Soriano v. Treasure Chest Casino, Inc.*, Civ. A. 95-3945, 1996 WL 736965 (E.D. La. Dec. 23, 1996) ("Admissibility of evidence depends upon a foundational showing of substantial similarity between the tests conducted and actual conditions, and dissimilarities affect the weight of the evidence, not its admissibility.") (citing *Jordan*, 624 F. Supp. at 78-79). In light of the foregoing, unless a party is unable to lay an appropriate foundation for admission of cement test results during trial, evidence of non-rig testing should be admitted, and any dissimilarity between non-rig and rig cement samples should go towards the weight of the evidence.

    **B.    HESI's Motion is overly broad and asks the Court to make evidentiary rulings without the proper context of foundation, relevancy, and potential prejudice.**

In its brief, HESI disregards the facts that: (1) substantial information has been collected for use in laying the foundation for non-rig cement testing;[1] and (2) its own expert and employees found testing of non-rig cement samples to be relevant in their evaluation.[2] Additionally, HESI fails to acknowledge that (1) rig cement samples were not available to all parties for testing because HESI failed to provide such a sample for testing to any party other

---

[1] *See e.g.,* Rick Morgan Dep. at 113:6-114:14 (discussing post-incident testing of lab stock (i.e., non-rig) cement samples by Halliburton employees who found the test results representative enough to rely upon them); Ron Faul Dep. at 265:1-266:23 (discussing post-incident testing of lab stock (i.e., non-rig) cement samples by Halliburton employees); 592:10-23, 593:1-16 (discussing post-incident testing of lab stock (i.e., non-rig) cement samples by Halliburton employees who found the test results representative enough to rely upon them); 700:13-701:11, 701:13-21 (discussing post-incident testing of lab stock (i.e., non-rig) cement samples by Halliburton employees); Chevron Report Cover Letter at 1 (noting that Chevron's post-incident testing was conducted using materials "supplied by Halliburton as representative of materials used onboard the Deepwater Horizon.") (available at http://www.oilspillcommission.gov/sites/default/files/documents/Chevron%20letter%2010%2026%2010.pdf); Craig Gardner Dep. at 227:10-228:7; 245:3-246:13 (regarding Chevron testing); Greg Garrison Dep. at 15:6-23 (regarding OTC testing); and OTC Report (Dep Ex. 5937) (cited deposition excerpts attached hereto as composite Exhibit A).

[2] *See e.g.*, Rick Morgan Dep. at 16:16-20:7; 190:6-16; Tim Quirk Dep. at 88:22-90:6; 92:10-93:21; 216:7-220:6; 222:5-223:6; Ron Faul Dep. at 262:18-264:16; 265:1-18; 299:16-300:6; 386:5-25; 409:6-21; Sam Lewis Expert Rebuttal Report at 30-31 (cited deposition excerpts attached hereto as composite Exhibit B).

3

than the U.S. government under Court order; and (2) some of the testing that it seeks to exclude was performed on materials provided by HESI. These facts will be important tools for use at trial during cross-examination and introduction of affirmative evidence. Despite the volume and scope of information on the available cement testing data for use at trial, HESI seeks to exclude *any and all* non-rig cement testing evidence *for all purposes* before any party has the chance to establish the relevancy or foundational basis of admissibility concerning any evidence concerning any cement test.

HESI's gambit is inappropriate. The Fifth Circuit and in other jurisdictions have repeatedly held that "[e]vidence should not be excluded *in limine* unless it is clearly inadmissible on all potential grounds." *Fair v. Allen*, No. Civ. A. 09-2018, 2011 WL 830291, at *1 (W.D. La. Mar. 3, 2011); *Rivera v. Salazar,* No. C–04–552, 2008 WL 2966006, at *1 (S.D.Tex. July 30, 2008); *Brown v. Carr*, No. Civ. A. C-04-471, 2008 WL 167313, at *1 (S.D. Tex. Jan. 16, 2008); *Hawthorne Partners v. AT & T Tech., Inc.,* 831 F.Supp. 1398, 1400 (N.D.Ill.1993); *United States v. Ozsusamlar,* 428 F.Supp.2d 161, 164–65 (S.D.N.Y.2006). Rather than wait for trial to commence and object during the course thereof to specific use of the testing evidence at issue, HESI attempts to exclude a broad category of evidence regardless of its use and application at trial.

Evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice can be resolved in proper context. *Rivera,* 2008 WL 2966006, at *1 (citing *Sperberg v. Goodyear Tire & Rubber Co.,* 519 F.2d 708, 712 (6th Cir.1975); *Starling v. Union Pac. R.R .,* 203 F.R.D. 468, 482 (D.Kan.2001) ("it is the better practice to wait until trial to rule on objections when admissibility substantially depends upon what facts may be developed there")). Without context, the Court cannot determine that the evidence subject to HESI's Motion is barred from admission on any grounds. As a result, the Court should deny

4

HESI's Motion and defer any rulings on such evidence until trial during which parties will have the opportunity to address relevancy challenges and lay the foundation for use of specific cement tests, as necessary. *See Rivera,* 2008 WL 2966006, at *1; *Fair*, 2011 WL 830291, at *1; *Brown*, 2008 WL 167313, at *1.

### C. There is no risk of confusion for the fact-finder, as this is a bench trial.

As the fact-finder in this case, the Court is capable of identifying and disregarding any allegedly misleading evidence. In the context of a bench trial, excluding relevant evidence under Rule 403 on the basis of unfair prejudice "is a useless procedure." *Savarese v. Pearl River Navigation, Inc.*, Civ. A. 09-129, 2010 WL 3070376, at *1 (E.D. La. Aug. 2, 2010) (cits. omitted). Accordingly, a ruling *in limine* on these grounds is unnecessary. As noted by the Fifth Circuit:

> The prejudicial impact of erroneously admitted evidence in a bench trial is presumed to be substantially less than it might have been in a jury trial. Moreover, a judge, sitting as a trier of fact, is presumed to have rested his verdict only on the admissible evidence before him and to have disregarded that which is inadmissible.

*United States v. Cardenas*, 9 F.3d 1139, 1156 (5th Cir. 1993) (citations and quotations omitted).

### III. CONCLUSION

For the reasons set forth above, Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH respectfully ask the Court to deny HESI's Motion to Exclude Evidence Relating to Testing of Cement Blends Using Non-Rig Samples. Transocean further requests any and all further relief to which it may be justly entitled.

Respectfully submitted, this 17th day of January, 2012,

By:   /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com,
kent.sullivan@sutherland.com,

By:   /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By:   /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller