UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to: *All Cases*<br><br>(Including No. 10-2771) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**OPPOSITION TO BP'S MOTION TO EXCLUDE EVIDENCE REGARDING RECRUITMENT AND PROMOTION STRATEGIES**

**[Redacted]**

BP moves to exclude four pages of deposition testimony provided by senior non-executive director Sir William Castell, as well as two sentences of Castell's typewritten notes, on the ground that the material, if admitted, will disclose "highly sensitive information about the Company's recruitment and promotion efforts." [REC. DOC. 5119-1 at 1.]  Contrary to BP's contention, however, neither the deposition testimony nor the notes are privileged.  Further, BP has not even attempted to show—beyond its bald assertion—that the information constitutes a trade secret, confidential business plan, or some other category of information protected from evidentiary disclosure.  Indeed, BP's motion is nothing more than a transparent effort to exclude damaging facts that expose its insular corporate culture.  This evidence is relevant and admissible, and the PSC respectfully requests that the Court deny BP's motion.

1

The evidence at issue centers upon Castell's internal notes, labeled "BP Governance Issues, 21 June 2010." [TREX-06254.[1]] Most of the document was redacted by BP's counsel; only a few lines were produced in the litigation. Two sentences that were not redacted read: "Met with Paul Anderson at Sofitel Hotel 8 to 9 a.m. Paul felt that the company needed a fundamental change in culture and that it would need to move from doing things the BP way to the best way." [*Id.*]

During his deposition approximately one year later, Castell was presented with the notes and asked to explain the meaning of the sentences quoted above. The following interchange ensued:

*[redacted]*

[Depo. Tr. of W. Castell at 230-234.[2]]

BP argues that the introduction of this portion of Castell's testimony, as well as the internal notes about which Castell was questioned, would amount to the "unnecessary use of sensitive business information." [REC. DOC. 5119-1 at 2.] Later in its motion, BP characterizes the above-described evidence as "competitive business materials" and cites to authorities protecting corporate entities from disclosure of, *inter alia*, sensitive trade secrets, marketing

---

[1] TREX-06254 is attached hereto as Exhibit A.
[2] The relevant portion of Sir William Castell's deposition has been attached as Exhibit B.

2

plans, and internal pricing protocols. [*See id.* at 2-3 (citing cases).] Citation to these decisions, of course, implies that the internal notes, along with Castell's testimony, serves to reveal some sensitive BP trade secret or confidential business plan.[3] BP makes no effort to show this is the case. Nor does BP proffer any legal support to suggest that its hiring policies are subject to an evidentiary privilege, especially where—as here—BP has already produced the information and made no attempt to claw back its production.[4] *See Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 390-91 (N.D. Tex. 2003) (stating that there is "[n]o absolute privilege for confidential information or trade secrets" and that it is the movant's burden to show that the information is privileged "and that its disclosure might be harmful").

BP has not met its burden to show that its hiring and promotion strategies—the "BP way"—is deserving of an evidentiary privilege. Indeed, it has not even established that such policies were confidential.

What is more, Castell's testimony is squarely relevant to the case at hand. His statements are implicitly a concession that the "BP way" was inferior to the "best way" referenced by Paul Anderson. BP executives recognized this fact and acknowledged that the insular corporate culture needed to change. The company was not as well-equipped as it could have been in terms

---

[3] A trade secret is typically a creature of state or federal law. Under the Uniform Trade Secrets Act, a trade secret may include a formula, pattern, compilation, program, device, method, technique or process, that derives independent economic value from not being generally known to, and not readily ascertainable by proper means by, other entities that may derive economic value from its disclosure or use. *See* Uniform Trade Secrets Act of 1979 § 1(4). BP, as the proponent of this motion, shoulders the burden to prove that its hiring policies fit this definition. *See, e.g.*, *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 772 (S.D. Tex. 2010); *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 390-91 (N.D. Tex. 2003) (explaining that the "moving party has the burden to establish that the information sought is a trade secret and that its disclosure might be harmful").

[4] When a party's inadvertence results in the production of allegedly privileged information, it is incumbent upon that party to seek a protective order under Federal Rule of Civil Procedure 26(c). *See also,* PRE-TRIAL ORDERS NOS. 13 and 14. BP pursued no such course here.

3

of personnel, and it fostered a workforce that, by Castell and Anderson's own terms, was not a true "meritocracy."

The PSC has a right to highlight these facts, and to argue that they make it more probable that BP's insular corporate culture and less-than-ideal workforce contributed to the numerous process safety lapses leading up to April 20, 2010. *See Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F.Supp. 587, 599 (E.D. La. 1993) (explaining that in order for a pretrial motion in limine to be granted on the grounds of relevance, the movant must show that the evidence in question "is *not* relevant to *any* issue in the case" (emphasis in original)).

Finally, because this is a bench trial, BP's invocation of Rule 403 should also be rejected. *See Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981) (holding that "[t]he exclusion of [] evidence under Rule 403's weighing of probative value against prejudice was improper" because "Rule 403 has no logical application to bench trials" and "excluding relevant evidence on the basis of 'unfair prejudice' *is a useless procedure*" (emphasis added)).

**Conclusion**

For the reasons set forth above, the PSC respectfully requests that the Court deny BP's motion *in limine* to bar evidence regarding its recruitment and promotion strategies. The motion fails to establish that BP's hiring and promotion policies are confidential as an evidentiary matter, and it seeks to bar evidence that is squarely relevant to the PSC's case-in-chief.

This 17th day of January, 2012.

Respectfully submitted,

|  |  |
|---|---|
| /s/ Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

5

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA 70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax: (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594

E-Mail: duke@williamslawgroup.org

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

**CERTIFICATE OF SERVICE**

     WE HEREBY CERTIFY that this redacted Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012. An un-redacted version, and the Exhibits thereto, are being served on all Liaison Counsel *via* E-Mail and submitted Under Seal.

                        s/ James Parkerson Roy and Stephen J. Herman