UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|   |   |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG, "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179 <br> SECTION: J <br> JUDGE BARBIER |
| RELATES TO:  *All Cases* <br> (Including No. 10-2771) | MAG. JUDGE SHUSHAN |

**OPPOSITION TO BP'S MOTION TO EXCLUDE
TESTIMONY ON ISSUES OF LAW**

Plaintiffs respectfully respond to BP's MOTION *IN LIMINE* TO BAR FACT OR OPINION TESTIMONY ON ISSUES OF LAW [Doc 5108]:

**MAY IT PLEASE THE COURT:**

BP's motion, as framed, is largely a tautology: Inadmissible evidence is inadmissible.

However, a pre-trial order precluding "testimony on legal issues" is neither efficient nor particularly workable under the circumstances.

The specific (PSC-related) example that BP points to, moreover, does *not* constitute a "legal conclusion".[1]

In particular, BP challenges PSC expert Gregg Perkin's testimony that drilling for 60 days with a non-shearable drillpipe across the BOP was "reckless" as an improper opinion on an

---

[1] In this opposition brief, the PSC does not address the other complaints that make up the bulk of BP's motion regarding questioning by other parties.  Indeed, BP's complaint against the PSC's witness is a single sentence on the last page of its motion and is the only piece of evidence the PSC addresses in this motion.  As previously addressed to the Court, the PSC only responds to specific testimony raised by BP that implicates the PSC but does not intend to waive any other matter not specifically raised by BP and implicating the PSC's evidence.

1

question of law.  However, the rules of evidence and an understanding of the context in which this opinion was given, demonstrates that BP's argument is misplaced.

This Court has broad discretion in admitting this type of expert opinion testimony.  *See General Elec. Co. v. Joiner*, 522 U.S. 136, 138-39 (1997) (holding that "[a] district court has considerable discretion to admit or exclude expert testimony under the Federal Rules of Evidence"); *see also Watkins v. Telsmith, Inc.,* 121 F.3d 984, 988 (5th Cir.1997) (holding "[d]istrict courts have wide latitude in determining the admissibility of expert testimony).  Furthermore, Rule 704(a) of the Federal Rules of Evidence provides: "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

Perkin testified regarding BP's drilling operations with non-shearable pipe, and stated that such operation was inconsistent with good oil field practices, and was reckless. *See* Exhibit A.  This is exactly the type of testimony that Rule 704(a) embraces. *See e.g., United States v. Lueben,* 812 F.2d 179, 184 (5th Cir. 1987), *rev'd on other grounds* (holding admissible testimony by a witness to be proper opinion under Rule 704 as it was a fact-oriented question and answer); *see also Arcement v. Southern Pacific Transp. Co.,* 517 F.2d 729, 732 (5th Cir. 1975) (indicating that, under Rule 704, it would be proper to allow testimony from witnesses on whether they would drive in a certain way even though such testimony in an automobile negligence case would be embracing an ultimate issue of how a reasonable person would have reacted).  Thus, at a minimum, as long as the opinion is fact-oriented, it may embrace an ultimate issue.  This type of testimony is not the same as offering a "legal conclusion," which is admittedly prohibited.

Moreover, although some words like "reckless" may have a legal connotation, the word also has a colloquial meaning and connotation.[2] The latter connotation and testimony is, of course, admissible.

Specifically, the PSC's counsel asked Perkin "how would you characterize – **and I don't want a legal deal, but I'm just talking about in terms of good oil field practice.** How would you characterize a drilling contractor and an oil company that drill a well in the Gulf of Mexico with non-shearable pipe across the BOP for 60 days." *See* Exhibit A, Perkin Dep. Tr. 786:16-23 (emphasis added). Perkin responded "it's not good oil field practice. It's reckless." *Id.* at 787:4-5. Thus, it is clear that Perkin was not giving a legal conclusion. Indeed, the question is directly predicated on not being legal opinion, but instead on Perkin's expert opinion on BP's drilling practices. That Perkin used the word "reckless" does not make it a legal conclusion just because "reckless" can also be a basis for gross negligence and punitive damages.

Furthermore, there is no danger of confusion of whether the use of the word "reckless" in this context is a legal conclusion or Perkin's expert opinion, as this Court is clearly well-positioned in this bench trial to exclude legal conclusions and note other language that is simply descriptive of conduct.[3]

---

[2] Reckless is not uncommon in everyday usage, and has at least two connotations of which one may be legal; language such as "grossly negligent," "hearsay," and "relevance," by contrast, are arguably more likely to be legal conclusions due to their singular legal connotation.

[3] To the extent BP is concerned that the use of the word would be confusing, this is a bench trial and confusion is not a basis to exclude the evidence. *See Gulf States Utils. Co. v. Ecodyne Corp.,* 635 F.2d 517, 519 (5th Cir. 1981) (holding "[t]he exclusion of [] evidence under Rule 403's weighing of probative value against prejudice was improper" as "Rule 403 has no logical application to bench trials" and "excluding relevant evidence on the basis of 'unfair prejudice' <u>is a useless procedure</u>") (emphasis added).

At most, the use of the word "reckless" does embrace an ultimate issue, but is admissible under Rule 704.

## Conclusion

For the above and foregoing reasons, BP's motion *in limine* to preclude testimony constituting alleged "legal conclusions" should be denied – at least with respect to the testimony of PSC expert, Gregg Perkin.

This 17th day of January, 2012.

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

### PLAINTIFFS' STEERING COMMITTEE

| | |
|---|---|
| Brian H. Barr | Robin L. Greenwald |
| LEVIN, PAPANTONIO, THOMAS, | WEITZ & LUXENBERG, PC |
| MITCHELL, ECHSNER & PROCTOR, PA | 700 Broadway |
| 316 South Baylen St., Suite 600 | New York, NY  10003 |
| Pensacola, FL 32502-5996 | Office:  (212) 558-5802 |
| Office:  (850) 435-7045 | Telefax: (212) 344-5461 |
| Telefax: (850) 436-6187 | E-Mail:  rgreenwald@weitzlux.com |
| E-Mail: bbarr@levinlaw.com | |
| | Rhon E. Jones |
| Jeffrey A. Breit | BEASLEY, ALLEN, CROW, METHVIN, |
| BREIT DRESCHER & IMPREVENTO | PORTIS & MILES, P. C. |
| Towne Pavilion Center II | 218 Commerce St., P.O. Box 4160 |

600 22nd Street, Suite 402  
Virginia Beach, Virginia 23451  
Office:  (757) 670-3888  
Telefax: (757) 670-3895  
E-Mail: jbreit@bdbmail.com  


Elizabeth J. Cabraser  
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP  
275 Battery Street, 29th Floor  
San Francisco, CA  94111-3339  
Office:  (415) 956-1000  
Telefax: (415) 956-1008  
E-Mail:  ecabraser@lchb.com  

Philip F. Cossich, Jr.  
COSSICH, SUMICH, PARSIOLA & TAYLOR  
8397 Highway 23, Suite 100  
Belle Chasse, LA  70037  
Office:  (504) 394-9000  
Telefax: (504) 394-9110  
E-Mail:  pcossich@cossichlaw.com  


Robert T. Cunningham  
CUNNINGHAM BOUNDS, LLC  
1601 Dauphin Street, P. O. Box 66705  
Mobile, AL  36660  
Office:  (251) 471-6191  
Telefax: (251) 479-1031  
E-Mail:  rtc@cunninghambounds.com  

Alphonso Michael "Mike" Espy  
MORGAN & MORGAN, P.A.  
188 East Capitol Street, Suite 777  
Jackson, MS 39201  
Office: (601) 949-3388  
Telefax: (601) 949-3399  
E-Mail:  mike@mikespy.com  

Calvin C. Fayard, Jr.  
FAYARD & HONEYCUTT  
519 Florida Avenue, SW  
Denham Springs, LA  70726  

Montgomery, AL 36104  
Office:  (334) 269-2343  
Telefax: (334) 954-7555  
E-Mail:  rhon.jones@beasleyallen.com  


Matthew E. Lundy  
LUNDY, LUNDY, SOILEAU & SOUTH, LLP  
501 Broad Street  
Lake Charles, LA  70601  
Office:  (337) 439-0707  
Telefax: (337) 439-1029  
E-Mail:  mlundy@lundylawllp.com  

Michael C. Palmintier  
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'  
618 Main Street  
Baton Rouge, LA  70801-1910  
Office:  (225) 344-3735  
Telefax: (225) 344-0522  
E-Mail:  mpalmintier@dphf-law.com  


Paul M. Sterbcow  
LEWIS, KULLMAN, STERBCOW & ABRAMSON  
601 Poydras Street, Suite 2615  
New Orleans, LA  70130  
Office:  (504) 588-1500  
Telefax:  (504) 588-1514  
E-Mail:  sterbcow@lksalaw.com  

Scott Summy  
BARON & BUDD, P.C.  
3102 Oak Lawn Avenue, Suite 1100  
Dallas, TX  75219  
Office:  (214) 521-3605  
Telefax: (214) 599-1172  
E-Mail:  ssummy@baronbudd.com  

Mikal C. Watts  
WATTS GUERRA CRAFT, LLP  
Four Dominion Drive, Building 3, Suite 100

Office: (225) 664-4193  
Telefax: (225) 664-6925  
E-Mail: calvinfayard@fayardlaw.

Ervin A. Gonzalez  
COLSON HICKS EIDSON  
255 Alhambra Circle, Penthouse  
Coral Gables, FL 33134  
Office: (305) 476-7400  
Telefax: (305) 476-7444  
E-Mail: ervin@colson.com

Joseph F. Rice  
MOTLEY RICE LLC  
28 Bridgeside Blvd.  
Mount Pleasant, SC 29464  
Office: (843) 216-9159  
Fax No. (843) 216-9290  
E-Mail: jrice@motleyrice.com

San Antonio, TX 78257  
Office: (210) 447-0500  
Telefax: (210) 447-0501  
E-Mail: mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams  
WILLIAMS LAW GROUP  
435 Corporate Drive, Suite 101  
Maison Grand Caillou  
Houma, Louisiana 70360  
Office: (985) 876-7595  
Fax No. (985) 876-7594  
E-Mail: duke@williamslawgroup.org

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

/s/ James Parkerson Roy and Stephen J. Herman