UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to: *All Cases*<br><br>(Including No. 10-2771) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**OPPOSITION TO BP'S MOTION TO EXCLUDE PRIVILEGED COMMUNICATIONS RELATING TO THE LIMITED SCOPE OF BP'S INTERNAL INVESTIGATION**

BP's motion, based on the PSC's understanding, has already been resolved.[1]

Moreover, and in any event, the *fact* that BP intentionally violated its own policies by refusing to conduct an investigation of systemic, management, process safety failures leading up to the Macondo disaster is not, in and of itself, a privileged *communication.*

For those reasons, and for the reasons further outlined below, BP's motion should be denied.

**Background**

BP moves to exclude over forty pages of the deposition testimony of Matt Lucas, who served as a member of BP's post-explosion Internal Investigation Team.  According to BP, the testimony appearing in this portion of Lucas' deposition is, in its entirety, protected by the attorney-client privilege.  [*See* REC. DOC. 5117-1 at 1, 4.]    Yet, BP's motion is not only

---

[1] *See* Letter from Alex Pilmer to Magistrate Judge Shushan, Nov. 11, 2011, (attached as Exhibit B).

1

overbroad, but it is also unnecessary - as the PSC and BP met and conferred over two months ago and reached an agreement to redact relevant portions of Lucas' testimony on the grounds of privilege.  The instant attempt to re-litigate this issue is simply a waste of the Court's time and resources.  Accordingly, the PSC respectfully requests that the Court deny BP's motion and require it to adhere to the arrangement the parties reached in November.

The testimony in question concerns a decision by the BP Internal Investigation Team ("IIT") to forego an investigation of so-called "systemic causes" of the *Deepwater Horizon* Incident.  Lucas, as a member of the IIT, was questioned about his understanding of this decision.  He testified, among other things, that the IIT did not investigate systemic causes of the April 20 explosion,[2] [*see* Depo. Tr. of M. Lucas at 344]; he explained that if he had been in charge of the inquiry, he would have considered investigating systemic causes of the incident, [*id.*]; and he articulated his understanding of the IIT's investigative limitations, as well as the manner in which those limitations rendered it difficult for BP to conduct a "systemic cause" investigation, [*see id.* at 348-49].

BP correctly notes that, at certain points, the questioning veered into subject matter that the Court later determined to be privileged.  [*See* REC. DOC. 5117-1 at 2; *see also* REC. DOC. 239 at 3.]  The PSC did not, however, ignore the Court's ruling; to the contrary, it met with counsel for BP in order to reach a compromise on the admissibility of Lucas' deposition testimony.  The parties reached an agreement in early November of 2011, and on November 11, 2011, BP transmitted correspondence to the Court to memorialize its terms.[3]  Curiously, BP's instant motion *in limine* makes no mention of the parties' agreement or its November 11 letter.  This is

---

[2] The relevant portions of Matt Lucas' deposition transcript are attached as Exhibit A.

[3] BP's November 11, 2011 letter is attached as Exhibit B.  Four days prior to this, BP transmitted correspondence to the Court complaining of the privilege issue.  The PSC also attaches this letter, as Exhibit C.

bizarre because in reaching the agreement, the PSC and BP engaged in a line-by-line analysis to redact from Lucas' deposition only that which was privileged and to leave the remainder of the testimony intact. Such a narrowly tailored inquiry is precisely what the law of privilege requires.

BP now claims—erroneously—that the PSC continues to refer to Lucas' privileged testimony. [*See* REC. DOC. 5117-1 at 2.] Indeed, BP denounces the PSC for "refus[ing] BP's repeated requests that the PSC follow Judge Shushan's May 2010 privilege ruling and delete references to [privileged] testimony." [*Id.*] In support of its assertion, BP points to the PSC's two-page summary of Lucas' deposition testimony.[4] That summary was tendered to the Court on November 1, 2011—ten days *prior* to the parties' agreement. More importantly, however, the PSC's two-page Lucas summary contains no references to privileged information. Nor does it reference any testimony the parties agreed to redact from Lucas' deposition.

Even if one were to assume, *arguendo*, that there is some rationale for BP to disregard the agreement it reached with the PSC on November 11, 2011, and seek preclusion of the entire forty pages of Lucas testimony, BP's request is unnecessarily overbroad. The PSC acknowledges that some portion of the forty-page segment is privileged; for this reason, the PSC agreed to redact the passages set forth in the November 11 letter. But the existence of some references to privileged communications does not render the entire forty pages inadmissible.

Application of the attorney-client privilege is appropriate only where there is "(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice." *In re Papst Licensing, GmbH Patent Litig.*, 2001 WL 1135265, at *2 (E.D. La. Sept. 24, 2001) (Sears, J.)

---

[4] The PSC's two-page summary of Lucas' deposition testimony is attached as Exhibit D.

3

(quoting *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)). Numerous passages in the forty-page deposition segment do not implicate a communication between Lucas and counsel.

Lucas, for example, routinely refers to his own observations or impressions, [*see, e.g.*, Depo. Tr. of M. Lucas at 344 (stating that he would have considered conducting a "root cause analysis" investigation if he had "been designing the terms of reference")], and his own understanding of what a "systemic causes" investigation entails, [*see, e.g.*, *id.* at 347 ("Systemic issues can involve all, some, combinations, and this rig was operated by multiple entities, so you need to look at it on a holistic level.  We had access to some of our people, but we didn't have access to others.")].  Perhaps BP takes umbrage[5] with the PSC's statement, in the Lucas two-page summary, that "Bly told [Lucas] 'to discuss [an investigation into systemic causes] with counsel.'"  [Ex. D at 2.]  If so, BP's umbrage is misplaced; the attorney-client privilege does not extend to the fact of consultation or employment.  *Howell v. Jones*, 516 F.2d 53, 58 (5th Cir. 1975); *McCrink v. Peoples Benefit Life Ins.*, 2004 WL 2743420, at *5 (E.D. Pa. Nov. 29, 2004); *Cairns v. Oatman Min. & Exploration, Inc.*, 1988 WL 24136, at *1 (E.D. La. Mar. 8, 1988) (citing *United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. 1981)).  In other words, the fact that Lucas was told to consult an attorney is not itself privileged.  Numerous other passages within the forty-page segment similarly fall outside the scope of the attorney-client privilege, and this is precisely why the parties combed through Lucas' deposition line-by-line to redact only those statements that are protected by law.

---

[5] The precise nature of BP's complaint is difficult to discern because it does not identify any language in the Lucas summary that it finds offensive.  BP also complains of "deposition designations" that purportedly reference privileged information.  No such designations are identified.  Rather than speculate as to the identity of these designations, the Court should simply deny BP's motion.  *See Auenson v. Lewis*, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996) (explaining that pretrial motions in limine are disfavored).

4

## Conclusion

For the reasons set forth above, the PSC respectfully requests that the Court deny BP's motion in limine to exclude privileged communications relating to the scope of BP's internal investigation. Quite simply, this motion is a waste of Court resources; the parties met and conferred and reached an agreement concerning the redaction of privileged testimony in Lucas' deposition. BP's attempt to re-litigate this issued should be denied.

This 17th day of January, 2012.

Respectfully submitted,

|  |  |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

### PLAINTIFFS' STEERING COMMITTEE

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595

6

|  |  |
|---|---|
| Joseph F. Rice<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Office: (843) 216-9159<br>Fax No. (843) 216-9290<br>E-Mail: jrice@motleyrice.com | Fax No. (985) 876-7594<br>E-Mail: duke@williamslawgroup.org |

**CERTIFICATE OF SERVICE**

    WE HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012. The Exhibits will be provided to Liaison Counsel *via* E-Mail and submitted to the Court Under Seal.

                                          /s/  James Parkerson Roy and Stephen J. Herman