UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG, "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * MDL NO. 2179 * * SECTION: J * * * JUDGE BARBIER |
| RELATES TO: *All Claims* (Including No. 10-2771) | * * * MAG. JUDGE SHUSHAN |

**OPPOSITION TO BP'S MOTION TO EXCLUDE EVIDENCE UNDER RULE 701**

Plaintiffs respectfully submit the following memorandum in opposition to BP's MOTION TO EXCLUDE NON-FACTUAL FACT WITNESS TESTIMONY [Doc 5110]:

**MAY IT PLEASE THE COURT:**

BP's motion is largely a tautology: Inadmissible evidence is inadmissible.

The efficacy or application of an order to that effect, however, is questionable.

Examining the specific examples offered by BP reveals straightforward questioning of a deponent with respect to firsthand factual knowledge (or the admitted lack of knowledge) and does not run afoul of Rule 701's prohibition of improper "opinion" testimony.  Indeed, as will be demonstrated below, many of the points made by the PSC are intended to demonstrate that a particular deponent did not have firsthand knowledge of something that he or she should have known, thereby evidencing BP's failure to communicate critical information to persons aboard the rig and onshore, and to persons in other companies involved in drilling on the *Deepwater Horizon*.  This, of course, is not improper "opinion" testimony, and BP's motion should be denied.

First, the district court has wide discretion on whether testimony is inadmissible under Rule 701. *See Reddin v. Robinson Prop. Group,* 239 F.3d 756, 759 (5th Cir. 2001) (noting "[w]e review admission and exclusion of evidence for abuse of discretion"). Second, Rule 701 provides that lay opinion is admissible and "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed.R.Evid. 701. Thus, under Rule 701, as long as the testimony is based on the witness' own perception, is helpful to understanding the witness's testimony, and does not impede on Rule 702 issues, it is admissible.

Specifically, various witnesses testified that they lacked knowledge of particular e-mails and exhibits. These witnesses were not asked to "*opine*" on any matter not rationally based on the witnesses' own perception. Thus, Rule 701's prohibition is not implicated. Indeed, the witnesses' lack of knowledge is actually the precise point the PSC was making in these depositions – *i.e.,* that BP was withholding critical information from persons that could have shut down the drilling operations aboard the *Deepwater Horizon.*

For instance, BP complains that questioning of Randy Ezell regarding facts reflected in an e-mail between John Guide and David Sims (TREX-01127) was improper, because Ezell did not have first-hand knowledge of that exhibit.[1] That Ezell was not familiar with important facts that were communicated in the e-mail (but apparently not to Ezell) is precisely the point:

---

[1] BP provided the relevant deposition transcript to the Court in its motion, which the PSC does not reproduce here.

2

> *[regarding the substance of the e-mail wherein David Sims states that he did not hear his well team leader from the Macondo step up to the plate and weigh the facts and opinions and then offer logical fact-based decisions]*, PSC counsel asks:

Q. Were you aware through information on the rig from BP or from anyone – that David Sims was questioning John Guide's ability to step up and make logical decisions as this well required? . . .

A. No, sir, I was unaware of that.

BP's complaint that this is improper "opinion" testimony is simply wrong. More specifically, this witness admits he had no knowledge of the dynamic, and that is exactly the point of the questioning.

Another example was based on the same information, when Sims was complaining that Guide was taking chances. *See Id.* at 164:12-18. Counsel asked if the witness was aware that Guide was taking those risks and the witness replied he was not. This is not improper "opinion" testimony in any form. The witness admits he was not aware of those beliefs held by - and about - the men from BP who were in charge.

He was also asked, in reference to Sims' statement that Guide thought exercising was more important than well control, *see Id.* at 168:15-17, and whether he thought there was anything more important than well control. The witness simply answered, "No. That's our primary goal." *Id.* at 168:22. This is rationally based on the witness' own perception and is more helpful to the understanding of the witness' role and his employer Transocean's role. This is not improper testimony – he simply was not asked to provide a lay opinion on the disagreement between David Sims or John Guide. In other words, the witness was simply asked if he was aware of the disagreement between the two and then was asked questions based on his own work and training.

Another example that BP complains about includes testimony by Daun Winslow. Specifically, the witness was shown the same e-mail between Sims and Guide that states, *inter alia*, that "young engineers are throwing out all kinds of wild ideas and that is driving you crazy . . . you seem not to want to make a decision . . . ." *See* Winslow Dep. at 94: 19-25. Counsel asked if the witness was aware of this chaos and whether the witness was aware of the engineering and operations problems with BP. *Id.* at 95. The witness answered he was not aware of these issues, and that, had he been aware, he would have probably talked to BP and may even have stopped the job. *Id.* This is not improper "opinion" testimony – again, it simply points out the information that BP was <u>not</u> providing to Transocean.

As Transocean employee Paul Johnson testified:

Q. Of course, what we know sitting here today is that after March 8th, Mr. Guide didn't tell you or Mr. Ryan or Mr. Alexander or Mr. Revette all of the hazards; did they?

A. He certainly didn't say anything to me. He certainly didn't say anything to me.

Q. Did he tell you about the inexperience of their engineers?

A. No.

Q. Or that they're onshore in the air conditioned office were driving chaos; correct?

A. That's correct.

Q. You testified yesterday that you asked to see a copy of the - to get morning reports from BP; correct?

A. That's correct.

Q. And they told you they couldn't give them to you; right?

> A.   That's correct.
>
> \* \* \*
>
> .... it was assured to me that I would get all the information I needed. I was to just trust them.
>
> Q.   You were to what?
>
> A.   Trust them.
>
> **Q.   Did you trust them?**
>
> **A.   You know, I did, yes.**
>
> **Q.   Do you think they betrayed that trust?**
>
> **A.   Yes.**[2]

Mr. Winslow, for his part, was not testifying to what he thought the cause of the chaos was or whether he believed that the engineers had wild ideas; he was simply asked whether he knew about BP's own characterization of its engineering team, and what he would have done (based on his own first-hand knowledge and experience) had he known. Winslow was not asked to speculate or offer any improper opinions.

The same type of questioning occurred in each of the other depositions BP cites and argues is improper. Each of the questions asked for the witnesses' own personal knowledge. The PSC did not attempt to convey that the e-mails in particular should have been within their knowledge; but only whether the underlying dynamics, questions, criticisms, doubts, competence, chaos, characterizations, or other safety critical information was made known.

---

[2] PAUL JOHNSON DEPOSITION, pp.596-598 (emphasis supplied).

**Conclusion**

For the foregoing reasons, BP's motion should be denied.

This 17th day of January, 2012.

Respectfully submitted,

   /s/   Stephen J. Herman                            /s/ James Parkerson Roy
**Stephen J. Herman**, La. Bar No. 23129        **James Parkerson Roy**, La. Bar No.11511
**HERMAN HERMAN KATZ & COTLAR LLP**     **DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
820 O'Keefe Avenue                                         556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113                      Lafayette, Louisiana 70501
Telephone: (504) 581-4892                            Telephone: (337) 233-3033
Fax No. (504) 569-6024                                    Fax No. (337) 233-2796
E-Mail: sherman@hhkc.com                            E-Mail: jimr@wrightroy.com
*Plaintiffs Liaison Counsel*                                    *Plaintiffs Liaison Counsel*

**PLAINTIFFS' STEERING COMMITTEE**

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

| | |
|---|---|
| 255 Alhambra Circle, Penthouse<br>Coral Gables, FL 33134<br>Office: (305) 476-7400<br>Telefax: (305) 476-7444<br>E-Mail: ervin@colson.com | Conrad S.P. "Duke" Williams<br>WILLIAMS LAW GROUP<br>435 Corporate Drive, Suite 101<br>Maison Grand Caillou<br>Houma, Louisiana 70360<br>Office: (985) 876-7595<br>Fax No. (985) 876-7594<br>E-Mail: duke@williamslawgroup.org |
| Joseph F. Rice<br>MOTLEY RICE LLC<br>28 Bridgeside Blvd.<br>Mount Pleasant, SC 29464<br>Office: (843) 216-9159<br>Fax No. (843) 216-9290<br>E-Mail: jrice@motleyrice.com | |

**CERTIFICATE OF SERVICE**

    WE HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

                                            s/ James Parkerson Roy and Stephen J. Herman