## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG, "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| RELATES TO: ALL CLAIMS | JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

## PSC'S BRIEF IN OPPOSITION TO BP'S MOTION IN LIMINE TO PRECLUDE EXPERT OPINION TESTIMONY NOT DISCLOSED IN THE EXPERT'S RULE 26(A) WRITTEN REPORT

BP moves to preclude expert opinion testimony not disclosed in the expert's rule 26(A) written report. [Doc. 5107].  Specifically, BP contends that a discreet question and answer regarding the shearability of drillpipe in the PSC expert Greg Perkin's deposition is outside Perkin's report and should be excluded.  BP's motion should be denied as misplaced.  First, and most importantly, the substance of BP's argument is wrong and Perkin simply did not testify to an opinion beyond the scope of his report.[1]  Secondly, the authority cited by BP to support its motion in limine is extremely weak in its guidance to the Court and to BP's own argument.

Perkin opined numerous times in his report regarding the non-shearability of the drill pipe used by BP on the Deepwater Horizon.  At his deposition, he was asked questions on this

---

[1] To be certain, the PSC does not disagree that this Court's pretrial orders and Rule 26 require experts to state their opinions in their reports.  However, the question in this motion in limine is whether the testimony BP now challenges was actually beyond the expert's report itself.

subject, which he responded to.   Now, BP complains that Perkin's testimony was beyond his

Fed.R.Civ.Pro 26 Report.

A closer examination of his report and testimony is helpful.   At numerous points, Perkin

opined in his report regarding the non-shearability of the drill pipe used by BP on the Deepwater

Horizon and the standard of care related to the same.   For example, he stated, *inter alia,* that

1. BP management knew that Macondo's BSR was incapable of shearing certain sizes, weights and grades of pipe under certain and known well control conditions. Perkin's Report, Finding No. 15, p. 8 (Aug. 26, 2011).

2. BP management failed to take reasonable steps to determine the shearability of the DP being utilized on the HORIZON prior to and on April 20, 2010. . . . BP management never conducted shear tests . . . . BP never investigated the shearability of 6⅝" DP by the HORIZON BOP. 6⅝" DP was specifically requested by BP to be placed on the HORIZON and was the DP primarily used in Macondo's drilling operation. *Id.* at 16, Opinion I.

3. "BP management knew that closing the BSR under high flow rates within Macondo's wellbore could jeopardize its ability to shut-in and seal-off Macondo. Under either well control scenario, BP Management's **well control policies placed the HORIZON and all of its personnel in grave danger.** *Id.* at 7, Finding No. 9 (emphasis added).

4. Any reasonably prudent operator would absolutely require a margin of safety between the operational limits of the system and the pressure needed to shear. . . . Neither BP, nor Transocean, did any actual shearing tests on the HORIZON. Perkin Report's Appendix H, p. 78 (Aug. 26, 2011).

5. In other words, with regard to shearability, BP did not calculate it, or train on it, nor did they check to see if Transocean had done so. As in other areas of BOP use, BP had no systems review, or safety process review to ensure compliance.   BP was below the standard of care when running DP sizes through the BSRs which could not reliably be sheared . . . . *Id.* at 80.

6. No reasonably prudent operator would rely upon this blowout preventer to shear under any of the above pressures. And no reasonably prudent operator would plan for the lowest possible pressure. A reasonably prudent operator would plan for the highest realistic pressure when evaluating the capability of the blowout preventer in an actual well control situation.   BP, and Transocean, fell below the standard of care in failing to conduct actual shear tests, and in failing to provide for an adequate margin of safety, and in failing to anticipate that this blowout preventer would fail if faced with wellbore

pressures that Macondo was capable of producing. No reasonably prudent operator would rely upon this blowout preventer to shear under any of the above pressures. And no reasonably prudent operator would plan for the lowest possible pressure. A reasonably prudent operator would plan for the highest realistic pressure when evaluating the capability of the blowout preventer in an actual well control situation." *Id.* at 81.

Thus, it is clear that Perkin absolutely opined in his report that the non-shearability of the drillpipe being used on the Macondo well was below the industry standard of care and placed the personnel aboard the DWH in "grave danger."  Based on this opinion, PSC's counsel asked at his deposition the following questions regarding the state of the shearability of drillpipe at the Macondo well:

> **Mr. Williamson:**   " . . . And there was 5-and-a-half-inch pipe, drill pipe across the BOP on April 20th, 2010, correct:
>
> **Mr. Perkin**:   Yes.
>
> **Mr. Williamson**:   Okay. But did they drill the well – an 18,000-foot well in the Gulf of Mexico that had 15,000 psi downhole pressure, did they drill the well with 5-and-a-half-inch drill pipe?
>
> **Mr. Perkin:**   No, I believe they drilled with 6-and-5/8s.
>
> **Mr. Williamson:  . . .** if you apply that formula to the pipe that they drilled this well with, can you predict that the BOP will cut that pipe?
>
> **Mr. Perkin:**   You can.
>
> **Mr. Williamson:**  Okay. And will it?
>
> **Mr. Perkin:**   No.
>
> **Mr. Williamson:**   …  how would you characterize -- and I don't want a legal deal, but I'm just talking about in terms of good oil field practice. How would you characterize a drilling contractor and an oil company that drill a well in the Gulf of Mexico with non-shearable pipe across the BOP for 60 days? . . .
>
> **Mr. Perkin:**   … it's not good oil field practice.  It's reckless.

Deposition of Greg Perkin, pp. 786-88 (Nov. 29, 2011).

Now, remarkably, BP suggests that testimony that operating with non-shearable pipe is not good oil field practice is an opinion outside Perkin's report and with no basis in the report. However, this is exactly the opinion given throughout his report.  In his report, as outlined above, Perkin opined that BP's well control policies placed personnel in grave danger; BP management failed to take reasonable steps to test the shearability of the drill pipe; and BP was not a reasonable prudent operator when drilling with non-shearable pipe.  Each of these opinions are in his report and is the same as the opinion Perkin made at his deposition when he testified that BP was not in conformity with good oil field practice and was indeed reckless by operating with non-shearable drill pipe.  At worst, if this opinion is "different," it is nonetheless synonymous with the opinion given in the report, but it is certainly not neither a new opinion nor testimony based on new facts and data.  Surely, BP does not suggest a standard whereby an expert must testify verbatim to the language in his report or else his testimony is "new" opinion.

Furthermore, the unpublished opinions that BP relies upon are not helpful to BP in any way.[2]  The most instructive unpublished opinion BP cites is harmful to their argument. *See Witt*

---

[2] For example, BP cites *Sensormatic Electronics Corp. v. WG Security Products, Inc.*, Civ.A. No. 2:04-CV-167, 2006 WL 5111113, at *1 (E.D. Tex. June 5, 2006) for the proposition that "an expert [should not] be allowed to support an opinion on any basis not similarly disclosed in his expert report." This case is simply unhelpful due to its lack of context as it is unknown whether the expert attempted to give an entirely new opinion on new facts or how far beyond the report the expert actually opined.  The case simply states: "*Sensormatic's Motion in Limine to Limit the Expert Testimony at Trial to their Expert Reports, the Opinions in Them, and the Evidence Cited in the Reports Supporting Those Opinions:* Granted." Similarly, BP cites *Acco Brands, Inc. v. American Power Conversion Corp.*, No. 2-02CV-0113, 2003 WL 256773230, at *1 (E.D. Tex. Nov. 25, 2003) for the same proposition.  The entirety of *Acco's* opinion is as follows:  "HAVING CONSIDERED the Motion in Limine of Plaintiff to limit testimony of Defendants' experts to the scope of their expert report and the opposition of Defendants thereto, IT IS HEREBY ORDERED that Plaintiff's motion in Limine is GRANTED, and Defendants' expert are precluded from offering any opinions not specifically addressed in their expert report."   Again, there is no context to understanding the implication of this unpublished order; there is no understanding of the "additional" opinion being proffered and, therefore, again, it is unhelpful to the issue at hand.  If anything, these cases and the principle in general stand for the proposition that an expert witness not be allowed to testify beyond items in his report.  The PSC agrees with this principle but the prohibition is simply not implicated by the testimony of which BP now complains.

*v. Chesapeake Exploration*, Civil Action No. 2:10-cv-22-TJW, 2011 WL 2790174, at \*2 (E.D. Tex. July 14, 2011).  In *Witt*, the court held that the expert would not be allowed to "provide testimony . . . based on data and analysis that was not disclosed in th[e] expert report."  *Id.* There, an expert was seeking to opine on "hundreds of documents" that he reviewed after writing his report – thus, new opinion testimony.  Here, however, the PSC's expert did not opine on any new data or analysis that was not disclosed in his report.  That is, Perkin was testifying in his deposition on an opinion he gave at several points in his report.  As Perkin's testimony was the same as the opinions he offered in his report, BP's motion to exclude this portion of Perkin's testimony should be denied and the case law BP cites does not dictate otherwise.[3]

## Conclusion

The PSC respectfully requests that the Court enter an Order denying BP's motion in limine to exclude expert opinions that were not disclosed (or in this case, that were actually disclosed) in his written Rule 26(a) report.

This <u>17</u><sup>th</sup> day of <u>January</u>, <u>2012</u>.

Respectfully submitted,


   /s/  Stephen J. Herman                    /s/ James Parkerson Roy

**Stephen J. Herman**, La. Bar No. 23129        **James Parkerson Roy**, La. Bar No.11511

**HERMAN HERMAN KATZ & COTLAR LLP**    **DOMENGEAUX WRIGHT ROY & EDWARDS LLC**

820 O'Keefe Avenue                       556 Jefferson Street, Suite 500

New Orleans, Louisiana 70113           Lafayette, Louisiana 70501

Telephone: (504) 581-4892             Telephone: (337) 233-3033

Fax No. (504) 569-6024                 Fax No. (337) 233-2796

E-Mail: sherman@hhkc.com            E-Mail: jimr@wrightroy.com

*Plaintiffs Liaison Counsel*                *Plaintiffs Liaison Counsel*

---

[3] BP, in its motion, concedes that an opinion outside of the report is nevertheless admissible if it is harmless.  Thus, even if the Court were to determine that the opinion that drilling with non-shearable pipe is not good oil field practice and is reckless is an opinion outside Perkin's report, the PSC believes the statement, especially in light of the context it was made in the report and the many opinions given regarding the non-shearable drillpipe, is harmless.

**PLAINTIFFS' STEERING COMMITTEE**

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail:  jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN, PORTIS
& MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail: mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: ervin@colson.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595
Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

s/  James Parkerson Roy and Stephen J. Herman