UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" IN THE GULF | : | |
| OF MEXICO, ON APRIL 20, 2010 | : | SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | |
| 2:10-CV-02771 | : | MAGISTRATE JUDGE SHUSHAN |
| | : | |

**UNITED STATES' RESPONSE TO BP'S MOTION IN LIMINE TO BAR EVIDENCE REGARDING ITS RECRUITMENT AND PROMOTION STRATEGIES [DOC. # 5119]**

## INTRODUCTION

The United States of America respectfully requests that the Court deny BP's Motion in Limine to Bar Evidence Regarding its Recruitment and Promotion Strategies. [Docket 5119.]

## DISCUSSION

In its motion, BP seeks to exclude two documents from trial: (1) the first entry on Deposition Exhibit # 6254, which contains three lines of notes from Sir William Castell, a BP senior non-executive director and (2) five pages of deposition transcript from the Castell deposition. BP primarily argues that the two documents should be excluded because they are irrelevant and reveal "highly sensitive information about the Company's recruitment and promotion efforts." (BP Mem. at 1.) BP's arguments are erroneous on both points as to both documents.

//

Indeed, this becomes particularly obvious when Castell's position in BP is understood. Specifically, he has noting to do with "recruitment and promotion" and, instead, is a member of the Board of Directors of BP and is the Chair of BP's Safety, Ethics, and Environment Assurance Committee ("SEEAC"), which is a subcommittee of BP's Board.  SEEAC deals with all BP safety, including safety on rigs (Castell Dep. at 170) and has responsibility for systems, processes, culture, and leadership that would assure safe operations.  *Id.* 174.  It is part of the responsibility of SEEAC to be forward looking in order to improve safety.  *Id*. at 177-78.  The role of SEEAC is to be a corporate voice, a watchdog, to make sure that BP management on down through line management are performing in accordance with safety and environmental values.  *Id.* at 179-80.  His role includes, as the Committee title clearly states, "Safety" and "Environment."  To say that these issues are irrelevant to the April 20th disaster simply is not credible.

**I.      Deposition Exhibit # 6254 Is Relevant and Does Not Reveal Sensitive Recruitment or Promotion Strategies.**

The three lines of notes at issue on Deposition Exhibit # 6254 are clearly relevant to this case and do not reveal sensitive recruitment or promotion information.  The pertinent portion of the note at issue simply states:



(Dep. Ex. # 6254.)  Contrary to BP's unsupported assertion, "highly sensitive information about the Company's recruitment and promotion efforts," (BP Mem. at 1), is not revealed in this passage.  Instead, the exhibit plainly expresses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Furthermore, the statement is clearly

relevant to issues in this case, including BP's conduct and corporate culture that led to the oil spill, and, coming directly from a high-level member of the company, is not unfairly prejudicial. For these reasons, BP has no basis to seek exclusion of Deposition Exhibit # 6254, and BP's motion should be denied.

> **II.     Castell Deposition Pages 230–234 Are Relevant and Do Not Reveal Sensitive Recruitment or Promotion Strategies.**

BP's effort to exclude pages 230:12 to 234:17, (BP Mem. at 4), of the Castell deposition on the basis that the excerpt is irrelevant, highly sensitive, and prejudicial is also unsound.  In these five pages Sir William Castell speaks generally about BP's practice of hiring new graduates from universities and experienced laterals from within the oil and gas industry.  Of course, neither of these practices is secret or sensitive given BP's worldwide recruiting efforts, and disclosure does not reveal "highly sensitive" information that risks competitive harm to BP. The estimate of the number of graduates hired in a year is just that: an estimate.  The explanation of the "BP way" is clearly relevant in a case addressing BP's liability and the causes leading to the spill.  BP cannot credibly argue that the concept behind the term must be withheld as confidential business information because BP has publicly promoted the term on its own website.  *See, e.g.*, BP, "Developing a hub for talent," "Leading the BP way," and "Talent the BP way," *available at* http://www.bp.com/sectiongenericarticle.do?categoryId=9029273&contentId=7001726 (last visited Jan. 11, 2012).  Finally, the information in the deposition excerpt is neither unfairly prejudicial nor unduly cumulative under Rule 403.  Indeed, the words are those of a BP senior non-executive director and the deposition excerpt in question presents the relevant information in a succinct manner.  BP failed to provide a legitimate basis for excluding the five pages of the deposition transcript, and its motion should be denied.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny BP's motion.

Dated: January 17, 2012

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Aviation & Admiralty Litigation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Attorney | MICHELLE T. DELEMARRE |
| DEANNA CHANG | SHARON K. SHUTLER |
| SCOTT CERNICH | JILL DAHLMANN ROSA |
| A. NATHANIEL CHAKERES | JESSICA SULLIVAN |
| JUDY HARVEY | JESSICA L. McCLELLAN |
| MATT LEOPOLD | MALINDA LAWRENCE |
| JEFFREY PRIETO | DAVID J. PFEFFER |
| GORDON YOUNG | ROBIN HANGER |
| ABIGAIL ANDRE | LAURA MAYBERRY |
| Trial Attorneys | BRIENA STRIPPOLI |
| | Trial Attorneys |
| /s/ Steven O'Rourke | U.S. Department of Justice |
| STEVEN O'ROURKE | Torts Branch, Civil Division |
| Senior Attorney | PO Box 14271 |
| U.S. Department of Justice | Washington, DC 20044 |
| Environmental Enforcement Section | (202) 616-4100 |
| PO Box 7611 | (202) 616-4002 fax |
| Washington, DC 20044 | |
| (202) 514-2779 | /s/ R. Michael Underhill |
| steve.o'rourke@usdoj.gov | R. MICHAEL UNDERHILL, T.A. |
| | Attorney in Charge, West Coast Office |
| | Torts Branch, Civil Division |
| | 7-5395 Federal Bldg., Box 36028 |
| | 450 Golden Gate Ave. |
| | San Francisco, CA 94102-3463 |
| | (415) 436-6648 |
| | mike.underhill@usdoj.gov |

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

                                                       /s/ Jill Dahlmann Rosa
                                                       U.S. Department of Justice