

**DALLAS** HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041

214.939.4400
800.662.8393
214.760.7332 Fax

GodwinRonquillo.com

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:     214.939.4412
DIRECT FAX:      214.939.4803
DGodwin@GodwinRonquillo.com

January 17, 2012

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana  70130

    Re:    Response in Opposition to BP's Motion to Exclude Non-Factual Fact Witness Testimony.

Dear Judge Barbier:

Halliburton Energy Services, Inc. ("HESI") submits this letter brief in response to BP's Motion *in Limine* to Exclude Non-Factual Fact Witness Testimony (Rec. Doc. 5110) (the "Motion").  HESI respectfully asks this Court to deny BP's Motion for the reasons set forth below.

**I.**    **The Court Has Already Created a Procedure For Addressing BP's Concerns.**

On September 30, 2011, after the Working Group Conference was concluded, the parties went off the record and the Court conducted its Trial Planning session.  At this session, HESI pointed out that TO had, out of an abundance of caution, recently served a 76 page pleading which identified deposed witnesses, including those of other parties, who TO believed may arguably be qualified to offer expert opinions that might stray into Rule 702 expert testimony. *See* Sept. 23, 2011 Lexisnexis E-service Transaction No. 40002805.  HESI inquired whether it was necessary for the parties to serve this kind of pleading.  The Court's response, to which all the parties agreed, was that no such filing was necessary, that the Court will address objections to the deposition designations during the depo cut process, and that the Court will assess the issue on a witness-by-witness basis for those witnesses called live at trial.  Accordingly, the Court has already determined that a limine motion is not the appropriate vehicle for addressing the issues raised in the Motion.

Even in the absence of this Court's directive, the Motion is vastly over-broad and not an appropriate limine motion.  The exhibit attached to the Motion consists of sixteen double-sided pages, listing objections to testimony of more than sixty individual witnesses.  HESI respectfully

The Honorable Carl J. Barbier
January 17, 2012
Page 2

suggests that it is not an efficient use of the Court's resources to address so many issues in the context of a limine motion. As the Court has already determined, these concerns can and should be addressed in the context of objections to deposition designations or on a witness-by-witness basis when witnesses are called live at trial and the Court has the benefit of the full context of the trial proceedings to date.

II.     **A Witness May Offer Testimony of a Specialized or Technical Nature Based on the Experience of the Witness.**

BP overstates the limitations on lay witness testimony under Fed. R. Evid. 701. A witness does not need to be qualified or disclosed as a Rule 702 expert witness merely because some of that witness' testimony may embrace specialized or technical subjects, provided that the witness has that particularized knowledge by virtue of experience. *See, e.g., Texas A&M Research Foundation v. Magna Transp., Inc.,* 338 F.3d 394, 403 & n.12 (5th Cir. 2003) (lay witness permitted to testify as to particularized knowledge based on his position as vice-president of research foundation); *Donlin v. Phillips Lighting N. Am.*, 564 F.3d 207, 214-15 (3rd Cir. 2009) ("This does not mean that an expert is always necessary whenever the testimony is of a specialized or technical nature. When a lay witness has particularized knowledge by virtue of her experience, she may testify -- even if the subject matter is specialized or technical -- because the testimony is based upon the layperson's personal knowledge . . .").

BP hired HESI for its expertise in delivering cementing services and mudlogging services. Employees of HESI and other service providers will obviously be "experts" on certain topics based on their day-to-day job experience and training. Furthermore, many of these witnesses are aware of case specific facts <u>not</u> because a party retained them and gave them access to the underlying facts as would be the case with a genuine Rule 702 expert, but because these witnesses are themselves fact witnesses and participants in the events at issue and accordingly have opinions about the significance of these facts. BP is well aware of this kind of non-retained witness "expertise." BP has had an opportunity to depose all such witnesses and BP did not object to the Court's ruling that no formal Rule 26 disclosure was required.

III.    **BP Cannot Establish A Basis for Preclusion.**

BP cannot meet the standards for excluding the testimony at issue. *See Murphy v. Magnolia Electric Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981); *see also Lewis v. Darce Towing, Inc.*, 94 F.R.D. 262, 266-67 (W.D. La. 1982) (describing factors for exclusion of a witness offering expert opinions, such as failure to comply with notice provisions, prejudice or surprise to the party opposing testimony of the witness, bad faith of the sponsoring party, or disruption of orderly and efficient trial proceedings). BP makes no such showing, nor can it in the future. BP had an opportunity to depose all witnesses, and will be entitled to cross examine those who will testify live at trial. BP is hardly surprised that any of these witnesses have expertise in certain subject matters based on their employment or experience.

The Honorable Carl J. Barbier
January 17, 2012
Page 3

      For the foregoing reasons, HESI requests that the Court deny BP's motion in limine.

                Respectfully submitted,

                Donald E. Godwin

DEG:PWS

1831448 v1-24010/0002 CORR