UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION J |
| | * | |
| This Document Applies to: | * | JUDGE BARBIER |
| *All Cases (including 10-2771)* | * | |
| | * | MAGISTRATE SHUSHAN |

# ORDER

**[Amending and Superceding the Court's Previous Orders of December 28, 2011 (Rec.Doc.5022) and January 4, 2012 (Rec.Doc.5064), establishing an account and reserve]**

Before the Court is BP's Motion for Clarification and Reconsideration of the Court's December 28, 2011 Order and Reasons (Rec. Doc. 5044).[1]  BP requested expedited consideration of its motion, which the Court granted (Rec.Doc.5083), ordering that any response to BP's motion be filed not later than January 12, 2012.  The Court has received and considered responses from a number of parties, including the PSC, the United States, the Attorney General for the State of Alabama, and also from a number of interested non-parties, including the Attorneys General for the States of Mississippi and Florida, as well as several non-PSC attorneys.

Also before the Court is the Joint Motion for Entry of Proposed Agreed Order filed by the Attorneys General for the States of Louisiana and Alabama, and the PSC.  (Rec.Doc.5230).

After consideration of these motions and the various responses,  the Court hereby **GRANTS**

---

[1] The Order of December 28, 2011 was amended by Order dated January 4, 2012 (Rec.Doc.5064) to clarify that the hold-back order would apply prospectively only.

BP'S Motion for Clarification and Reconsideration (Rec.Doc.5044), and also **GRANTS** the Joint Motion for Entry of Proposed Agreed Order filed by the Attorneys General for the States of Louisiana and Alabama (Rec.Doc.5230), and hereby **AMENDS** and **SUPERCEDES** its previous Orders (Rec. Docs. 5022 and 5064) as follows:

  **IT IS ORDERED** that Defendants shall withhold and deposit an amount equivalent to four percent (4%) of the gross monetary settlements, monetary judgments or other monetary payments by or on behalf of one or more Defendants to the State of Alabama or the State of Louisiana, or to any of their local governmental entities, arising out of the Macondo / Deepwater Horizon disaster,[2] into a court-supervised escrow account, in order to establish a fund from which common benefit litigation fees and expenses may be paid, if and as awarded by the Court, at an appropriate time, pursuant to procedures to be determined by future order of the Court.

  The 4 % hold-back applicable to settlements, judgments or other payments to the States of Louisiana and Alabama shall <u>not</u> apply to (1) any State recoveries of whatever type that have previously been paid, prior to entry date of this Order, or are to be paid after entry of this Order pursuant to written agreements previously executed between the States of Louisiana and/or Alabama (as the sole party or as one of multiple parties) and any defendant, prior to the entry date of this Order, and (2) any State's

---

[2] The requirement to deposit "an amount equivalent to" the designated percentage is intended to afford the parties flexibility in settlement negotiation. Presumably the plaintiffs will attempt to negotiate settlement with one or more Defendants whereby the defendant(s) might agree to pay common benefit fees (and/or other attorneys' fees) over and above the settlement corpus, as part of the terms of the negotiated settlement. In the event, however, that the defendant(s) in question is (are) not willing to voluntarily fund the reserve over and above the settlement amount, the reserve (absent a final judgment or other order requiring Defendants to pay some or all attorneys' fees) would be reserved or "held back" out of the monetary judgment, monetary settlement or other monetary payment to the plaintiff, pending future action by the Court. While Plaintiffs may reserve the right to seek common benefit and/or other attorneys' fees under some potentially applicable fee-shifting provision, nothing in this Order would require a defendant to pay the plaintiff's common benefit and/or other attorneys' fees.

recovery (or benefit) for response costs, increased agency costs related to response, natural resource damages ("NRD"), NRD assessment, any other costs incurred through participation in the NRD assessment process, any State or Federal penalties (e.g. Clean Water Act penalties) (with the exception of penalties sought by District Attorneys under La. R.S. 56:40.1, et seq.), any State or Federal Oil Spill Trust Funding pollution removal payments, supplemental environmental projects and any other similar non-monetary recovery. All other monetary settlements, judgments or other payments to the States of Alabama and/or Louisiana are subject to the 4% hold-back.

**IT IS FURTHER ORDERED** that Defendants, or any agent or representative acting on a Defendant's behalf, shall withhold and deposit an amount equivalent to six percent (6%) of the gross monetary settlements, judgments or other payments made on or after December 30, 2011, by or on behalf of one or more Defendants to any other plaintiff or claimant-in-limitation who has had, currently has, or may hereinafter have, a suit or claim-in-limitation pending in these MDL proceedings (with the exception of settlements, judgments or other payments to the United States), into a court-supervised escrow account, in order to establish a fund from which common benefit litigation fees and expenses may be paid, if and as awarded by the Court, at an appropriate time, pursuant to procedures to be determined by future order of the Court.[3] Specifically, this hold back requirement applies to all actions filed in or removed to federal court that have been or become a part of the MDL, whether or not a motion to remand has been filed, and to state court plaintiffs represented by counsel who have participated in or had access to the discovery conducted in this MDL. Exempt from the current hold back requirement are settlements or other payments by the Gulf Coast Claims Facility, another claims

---

[3] In the event a Defendant does not agree to pay an amount equivalent to the hold-back percentage over and above the settlement corpus, *see supra* note 2, the Court intends that, as to any plaintiff or claimant-in-limitation represented by counsel, the hold-back shall be deducted from the attorney's contingent fee, rather than the client's portion of the recovery.

processor, or any Defendants to claimants who have never had, do not currently have, nor hereinafter have, actions or claims-in-limitation pending in the MDL. Also exempt from this hold back requirement are state court counsel who have or had no cases in this MDL and who have never had access to any of the discovery undertaken in the MDL.

Furthermore, the hold-back does not apply to settlement offers contained within payment determination letters from the GCCF (or BP with respect to Vessels of Opportunity property damage claims) which issued on or before December 30, 2011. In addition, where BP, other defendants, the GCCF or any other claims processor withholds a payment (or portion of a payment) pursuant to legally enforceable liens or writs of garnishment, the hold-back shall only apply to that portion of the settlement or payment not subject to the lien or garnishment (i.e., the "net" amount after the deduction of the lien or garnishment).

Nothing in this Order is intended to apply to judgments, settlements or other payments between or among BP, Transocean, Cameron, Halliburton, Weatherford, M-I, Anadarko, MOEX, and/or other Defendants, or any of their insurers.

No common benefit fees and/or expenses shall be awarded out of the MDL 2179 Reserve Account except by formal motion, with reasonable notice and an opportunity to be heard. All rights to seek or oppose an award of common benefit fees and/or expenses with respect to settlements, judgments or other payments arising out of the Macondo / Deepwater Horizon disaster that are not subject to this Order's hold back requirement shall be preserved.

Defendants shall tender such deposits to the Clerk of Court, 500 Poydras Street, Room C-151, New Orleans, Louisiana 70130, for deposit into the MDL No. 2179 Account and Reserve for Common Benefit Litigation Expenses ("MDL No. 2179 Reserve Account"). All deposits to the MDL No. 2179

Reserve Account shall be accompanied by information identifying the party and attorney making the deposit; the Defendant on whose behalf the payment is being made; the gross amount of the settlement, judgment or other payment; and the plaintiff, claimant or putative class member to whom the settlement, judgment or other payment was made.

Such information shall be kept confidential, and access to such information shall be limited in accordance with the procedures set forth under Pre-Trial Order No. 9; accordingly, Phil Garrett CPA shall track such information and prepare periodic reports to Court and Plaintiff Co-Liaison. Any further disclosure of such information shall require an order from this Court.

No party or attorney shall have any individual right to any of the deposits made into or funds maintained in this Court-supervised account; nor will such funds constitute the separate property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney; nor shall such funds be allocated, disbursed or distributed except as provided by further order of this Court.

Any questions regarding the filing procedures with the Clerk of Court should be direct to Kim Lange, Financial, Clerk of Court, 504-589-7786, kim_lange@laed.uscourts.gov.  Questions regarding the substance of any such deposits shall be directed to Philip Garrett, CPA, Garrett and Company CPA's, 117 Fairgrounds Boulevard, Bush, Louisiana 70431, 985-635-1500, pgarrett@garrettco.com.

**SIGNED** at New Orleans, Louisiana, this 18th day of January, 2012.

_____
United States District Judge