UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : MDL NO. 2179 : : : : SECTION: J : |
| Applies to: No. 10-4536 | : JUDGE BARBIER : MAG. JUDGE SHUSHAN |

*AMICUS CURIAE* BRIEF REGARDING CERTAIN ISSUES RAISED IN
THE UNITED STATES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs, through Co-Liaison Counsel and the Plaintiffs' Steering Committee, respectfully submit the following *amicus* brief to address various issues raised in the Motion for Partial Summary Judgment filed by the United States:

**MAY IT PLEASE THE COURT:**

Motions for Partial Summary Judgment pending in *United States of America v. BP Exploration and Production, Inc., et al.*, Civil Action No. 10-4536,[1] raise issues significant to the claims of other Plaintiffs in this MDL proceeding.[2]  In particular, the PSC addresses here and affirms the arguments made by the U.S. in response to the continued assertion by some Defendants that anything other than the rules of joint and several liability will apply to the upcoming trial of this matter and the sequential phases of the trial to follow.  Although these arguments have been made

---

[1] Claims for Relief in the original Complaint of the USA:  (1) the First Claim for Relief seeks civil penalties under Section 311(b) of the Clean Water Act ("Clean Water Act" or "CWA"), 33 U.S.C. § 1321(b); (2) the Second Claim for Relief seeks a declaratory judgment of liability under the Oil Pollution Act ("OPA"), 33 U.S.C. § 2701 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

[2] The United States has now moved for partial summary judgment as to Defendants – BP Exploration & Production, Inc. ("BP"), the Transocean Defendants, and the  Anadarko Defendants.

and responded to previously,[3] the issues raised are so central to the case that the PSC feels a response to this collateral approach to them must be made. Therefore, with apologies to the court for any repetition, it presents the following analysis.

I. **Joint and Several Liability is the rule of this case**.

The defendants in this MDL do not seriously argue that the principles of joint and several liability should not apply generally in the case. This is so because both federal maritime law and OPA apply here. It is uncontested that federal maritime law imposes joint and several liability upon joint tortfeasors.[4] The issue arises here collaterally in the defendants' various oppositions and cross-motions arising out of the Motions for Partial Summary Judgment filed by the United States.

Essentially, some Defendants argue that rules applicable to a comparative negligence scheme should apply to the OPA claims made by the government. But this effort to avoid the spirit of the Act, the extensive congressional record surrounding its enactment, and the unanimous review of this issue by the courts should fail. The U.S. is correct in its response to these arguments – a common law "divisibility defense" does not exist under the OPA.

II. **The defendants' reliance on *Burlington* demonstrates the fallacy of their argument.**

The defendants' arguments for divisibility, peppered throughout various pleadings in the case, have one thing in common – reliance on one case, *Burlington N. & Santa Fe Ry. Co. v. United States*, 556 U.S. 599, 129 S.Ct. 1870 (2009). The PSC suggests that this reliance is a symptom of

---

[3]*See, e.g.,* Responses to PSC Motion *in Limine* [Doc 4158].

[4]*Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 99 S.Ct. 2753, 61 L.Ed.2d 521 (1979), *Coats v. Penrod Drilling Corp.,* 61 F.3d 1113, 1138 (5th Cir. 1995). Joint and several liability renders each of two or more defendants whose tortious conduct is a cause of a single harm to the injured party liable to the injured party for the entire harm. *See, e.g; McDermott, Inc. v. AmClyde,* 511 U.S. 202, 114 S.Ct. 1461, 1471-72 (1994); 1 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 5-5, at 167 (2d ed. 1994); *Ebanks v. Great Lakes Dredge & Dock Co.,* 688 F.2d 716 (11th Cir. 1982).

the incorrectness of their position. A closer look at *Burlington* and its use by some Defendants demonstrates that it has absolutely no place in this court's consideration of the application of the principles of joint and several liability under OPA – *Burlington* and this case have almost nothing in common.

In *Burlington,* the Supreme Court did consider whether the principles of joint and several liability might apply in a pollution case, but there the similarities stop. *Burlington* arose under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) (an act which is completely unrelated to OPA and to the claims asserted within this MDL proceeding), which was designed to promote the cleanup of hazardous waste sites. The case involved contamination of soil and ground water at a chemical storage facility owned or managed by the various defendants through a period of many years. The contamination became sufficient to qualify under the enforcement provisions of CERCLA. The appropriate governmental entities came in, cleaned up and then sought payment from possible responsible parties for this long term environmental damage in court. A defendant sought the application of a divisibility rule to enable it to limit its exposure to payments under the act. It argued that it should not be responsible for more than its share of the damages.

Eventually, the United States Supreme Court allowed the division of responsibility sought by the defendants. In doing so, the Court looked at the legislative intent of the Act by analyzing case law which, in turn, had meticulously reviewed the congressional record pertaining to its passage. After stating that joint and several principles were generally applicable, the Court relied on the case law to recognize an exception to those rules. Concluding that fault under CERCLA could be apportioned, it relied on a uniform jurisprudential history quoted in the case law which cited the

congressional record – "although the Act imposed a 'strict liability standard,'" it did not mandate "joint and several" liability in every case.  Rather, Congress intended the scope of liability to "be determined from traditional and evolving principles of common law." (See *Burlington*, *supra,* 129 S.Ct. at 1880 and 1881.)

In one of its oppositions, BP cites *Burlington* and goes so far as to state: "And there is no difference between the two statutes that would justify a different divisibility doctrine under one as compared with the other." This is an undisguised attempt by the defendant to have its cake and eat it too.  On the one hand, it relies on the congressional record on CERCLA to support the application of a divisibility rule. On the other, it would have the court ignore the explicit congressional record (as well as the extensive judicial history) pertaining to the actual statute applicable here – OPA – and find that joint and several does not apply.

After extensive discovery on the eve of commencement of this trial, it is clear that the *Deepwater Horizon* disaster involves facts, statutory law, a congressional record, and extensive case law which are completely different from those in *Burlington*.   To begin with, the statutes – CERCLA and OPA[5] - are unrelated, and pertain to different remedies for different kinds of offenses. Enacted nearly a decade apart, they arise out of completely different legislative proceedings, as reflected in the different congressional records pertaining to each.[6]  Further, although a consistent judicial interpretation exists for CERCLA, OPA has its own, extensive jurisprudential pedigree and

---

[5]The two acts are found in different titles of the U.S. Code.  CERCLA is in Title 42 – The Public Health and Welfare. OPA is in Title 33 – Navigation and Navigable Waters.

[6]See Senate Report 101-94 expressly adopting the rules of joint and several.

it uniformly states that the principles of joint and several liability apply exclusively.[7]

In *Burlington,* the Court stressed the importance of the discussions in Congress when CERCLA was being considered. The defendants here rely heavily on the congressional record, but of the wrong Act. It is apparently the hope of the defendants that the court would look to that legislative history – totally unrelated to OPA – and ignore a very extensive congressional record applicable to the later statute which applies here. That record – the one which actually pertains to this case – states that joint and several is the rule in OPA:

> This bill (describing OPA) provides for liability and the availability of the fund to pay removal costs and compensation in the case of discharges of oil. As reported by the Committee, S. 686 raises the limits of liability established under section 311 of the Clean Water Act and explicitly extends strict, **joint and several liability** for compensation of third party damages. [See Sen. R. 101-94 (1989) at page 726.]

> The Oil Pollution Liability and Compensation Act of 1989 continues to rely on section 311 of the Clean Water Act ... for liability of dischargers for cleanup costs for the discharge of oil. That standard of liability has been determined repeatedly to be strict, **joint and several liability.** This bill adopts these standards for economic damages, as well as for removal costs and natural resource damages. [See Sen. R. 101-94 (1989) at page 733.]

In light of the clear, well established principles cited by the United States in their memoranda filed with these motions, the arguments of the defendants in their various pleadings asserting the so-called divisibility defense should be dismissed and the relief they seek denied. It is difficult to conceive of a clearer pronouncement of the principles which should guide this court in the upcoming

---

[7]*In re Petition of Settoon Towing LLC*, 722 F. Supp. 2d 710, 714 (E.D. La. 2010); *United States v. Bodenger*, No. CV-03-272, 2003 WL 22228517 (E.D. La. Sept. 25, 2003) *GMD Shipyard Corp. v. M/V Anthea Y*, No. 03-cv-2748, 2004 WL 2251670 at n.3 (S.D.N.Y. Oct. 6, 2004) ; *Apex Oil Company, Inc. V. U.S.* 208 F. Supp. 2d 642 (E.D. La. 2002).

trial and those which follow. The PSC asks that this further assertion of the application of those principles be considered in support of the government's position.

This 18th day of January, 2012.

Respectfully submitted,

/s/   Stephen J. Herman                     /s/ James Parkerson Roy
**Stephen J. Herman**, La. Bar No. 23129     **James Parkerson Roy**, La. Bar No.11511
**HERMAN HERMAN KATZ &COTLAR LLP**           **DOMENGEAUX WRIGHT ROY &EDWARDS LLC**
820 O'Keefe Avenue                           556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113                 Lafayette, Louisiana  70501
Telephone: (504) 581-4892                    Telephone: (337) 233-3033
Fax No. (504) 569-6024                       Fax No. (337) 233-2796
E-Mail: sherman@hhkc.com                     E-Mail: jimr@wrightroy.com
*Plaintiffs Liaison Counsel*                 *Plaintiffs Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Brian H. Barr                                Robin L. Greenwald LEVIN,
PAPANTONIO, THOMAS, MITCHELL,                WEITZ & LUXENBERG, PC
ECHSNER & PROCTOR, PA                        700 Broadway
316 South Baylen St., Suite 600              New York, NY  10003
Pensacola, FL 32502-5996                     Office:  (212) 558-5802
Office:  (850) 435-7045                      Telefax: (212) 344-5461
Telefax: (850) 436-6187                      E-Mail: rgreenwald@weitzlux.com
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit                             Rhon E. Jones
BREIT DRESCHER & IMPREVENTO                  BEASLEY, ALLEN, CROW,METHVIN,
Towne Pavilion Center II                     PORTIS & MILES, P. C.
600 22nd Street, Suite 402                   218 Commerce St., P.O. Box 4160
Virginia Beach, Virginia 23451               Montgomery, AL 36104
Office:  (757) 670-3888                      Office:  (334) 269-2343
Telefax: (757) 670-3895                      Telefax: (334) 954-7555
E-Mail: jbreit@bdbmail.com                   E-Mail: rhon.jones@beasleyallen.com

Elizabeth J. Cabraser                        Office:  (415) 956-1000
LIEFF, CABRASER, HEIMANN &                   Telefax: (415) 956-1008
BERNSTEIN, LLP                               E-Mail: ecabraser@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA   94111-3339

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC 1601 Dauphin Street,
P. O. Box 66705
Mobile, AL  36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A. 188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399  E-Mail: mike@mikespy.com


Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON 255 Alhambra Circle, Penthouse Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: ervin@colson.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street

Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES,  PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615 New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100 San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com


Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP 435 Corporate Drive, Suite 101 Maison Grand Caillou

Houma, Louisiana 70360  Office: (985) 876-7595  Fax No. (985) 876-7594
E-Mail: duke@williamslawgroup.org

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.  Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

**CERTIFICATE OF SERVICE**

    WE HEREBY CERTIFY that this redacted Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of January, 2012.

                                                                 s/  James Parkerson Roy and Stephen J. Herman