UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL NO. 2179 SECTION J |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | |
| 2:10-CV-02771 | : | MAGISTRATE JUDGE SHUSHAN |
| | : | |

**UNITED STATES' RESPONSE TO BP'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING BP EMPLOYEE COMPENSATION INFORMATION**

**INTRODUCTION**

The United States of America respectfully requests that the Court deny BP's Motion in Limine to Preclude Evidence Regarding BP Employee Compensation Information.  (Doc. 5115.)

**DISCUSSION**

**I.    Decisions on the Admissibility of Bp Employee Compensation Information Should Be Made on a Witness-by-Witness Basis at Trial.**

The Court should deny BP's motion to exclude all BP compensation information and reserve judgment for trial on a witness-by-witness basis.  As a general matter, the United States has no interest in setting out the compensation of BP employees.  However, there are instances where employee compensation is relevant to bias, credibility, or other issues, such as active efforts by BP—or certainly the appearance of such efforts—to hide evidence under the guise of faux privilege.  At a minimum, compensation should be admissible to the extent they are relevant to these issues.

For example, prior to her deposition, [REDACTED]—a percipient witness and former BP executive responsible in great part for actively *preventing* implementation of essential process safety programs on rigs like *Deepwater Horizon*—[REDACTED] The annual salary of BP's Chief Executive Officer, Bob Dudley, is $1,700,000.  Exh. 6033, BP 2010 Annual Report, at 113.[1]

[REDACTED] at 395-96; 462–64; 467–71; 476–78; 680.)

[REDACTED] goes to bias and the appropriate weight of her testimony.  If [REDACTED] then she must have done a tremendous job.  If, however, the incentive [REDACTED] was to ensure her measured non-responsiveness in deposition, that suggests bias.  This court should allow information about her [REDACTED] to be considered and investigated to determine for what, exactly, [REDACTED].

As a matter of law, courts recognize that evidence of employee compensation is relevant and admissible at trial.  For example, the Second Circuit in *United States v. Quattrone* upheld the

---

[1]  Dudley's compensation is published in BP's Annual Report and thus is a matter of public record.  There can be no claim of privacy interest or unfair prejudice for high level BP employees whose salaries are already public, which further invalidates BP's overly broad motion to exclude.

trial court's decision to admit evidence of the defendant's compensation in a criminal jury trial on the grounds that the information was relevant under Rule 401 and not unduly prejudicial under Rule 403.  441 F.3d 153, 187 (2d Cir. 2006).  In that case, the government offered evidence on the defendant's substantial salary to establish motive for obstructing a government investigation, and the trial court concluded that the salary amount "was relevant to Quattrone's motive to protect his reputation and that of CSFB's Tech group."  *Id.*  Similarly, in *United States v. Logan*, the Sixth Circuit upheld the trial court's decision to allow introduction of evidence on the defendants' sizable income from the defendants' corporations over objections on grounds of relevance and prejudice.  250 F.3d 350, 369 (6th Cir. 2001).  *See also Beck v. Koppers, Inc.*, Civ. A. No. 3:03CV60, 2006 WL 924040, at *3 (N.D. Miss. April 7, 2006) (denying defendants' motion in limine to exclude evidence on dividends, salaries, and bonuses because the "evidence appears relevant and though prejudicial, it does not appear unfairly prejudicial").

    Moreover, two of the cases BP cites in its brief further support the United States' position on the issue.  First, BP misstates the holding in *Jackson v. Bayou Industries, Inc.*, Civ. A. No. 94-946, 1995 WL 133331 (E.D. La. Mar. 28, 1995); BP Mem. at 2.  Contrary to BP's assertion, the court in *Jackson* did not grant the motion to exclude evidence of plaintiffs' employment records and compensation at subsequent jobs.  1995 WL 133331, at *1.  Instead, the court decided – as the United States recommends in this case – that it would "defer its ruling on the relevancy of the evidence contained in plaintiffs' employment records until such time as specific documents are sought to be introduced at trial."  *Id.*[2]  Second, in *United States v. Ferguson*, although the court excluded evidence of a defendant's salary and bonus on the grounds that

---

[2] The court's decision to exclude evidence of "employment compensation" records of *one* of the Plaintiffs (Ragas) appears to be addressing a separate question pertaining to Ragas's "unemployment compensation benefits" identified earlier in the paragraph, which were deemed "irrelevant" to the case. *Id.*

3

under the specific facts of that case the information was not probative of financial motive, the court allowed evidence of the same defendant's deferred compensation plan on the grounds that it was probative and relevant to showing financial motive and was not unfairly prejudicial. Crim. No. 3:06CR137, 2007 WL 4240782, at *1 (D. Conn. Nov. 30, 2007).[3]

The relevance and probative value of BP compensation information, and the absence of unfair prejudice, is demonstrated in the illustrative example of ▓▓▓▓▓▓▓▓ discussed above, where motive, bias, and credibility are certainly at issue, as well as by the fact BP publicly discloses the compensation of some of its employees. With a bench trial, the possibility of unfair prejudice is even more remote. Therefore, BP's overreaching motion should be denied and the Court should decide the admissibility of BP compensation information as the issue arises at trial.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny BP's overly broad motion to exclude evidence of employee compensation and decide the issue on a witness-by-witness basis at trial. In the alternative, the United States requests, at a minimum, that the Court deny the motion as applied to ▓▓▓▓▓▓▓▓ and any other BP

---

[3] The other cases cited by BP are distinguishable. For example, in *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, the court excluded evidence of employee salaries in response to the defendants' argument that they wanted to use employee pay rates as evidence that the employees were not operationally qualified to perform their jobs. 92 F. Supp. 2d 786, 790 (N.D. Ill. 2000). The United States is not making a similar argument in this case. *See also Thomas v. La. Farm Bureau Ins. Co.*, Civ. A. No. 07-960, 2010 WL 3843056, at *3 (M.D. La. Sept. 27, 2010) (allowing production of "relevant portions" of employees' personnel files but not identifying whether compensation information was a topic at issue and not indicating whether such information was produced or withheld after in camera review); *Tratree v. BP North Am. Pipelines, Inc.*, 390 F. App'x 386, 391 (5th Cir. 2010) (unpublished) (excluding bonus information based on case-specific circumstances); *Reynolds v. York*, Civ. A. No. 3-04-MC-045-P, 2004 WL 1490040, at *1 (N.D. Tex. July 2, 2004) (quashing subpoena duces tecum on company for production of documents related to defendant, including entire personnel file and documents reflecting the amount of compensation). These opinions reflect judicial decisions made on a case-specific basis.

employee to the extent the plaintiffs seek to introduce compensation information to establish motive or bias, to challenge credibility, or for other legitimate reasons.

Dated: January 17, 2012.

                                        Respectfully submitted,

IGNACIA S. MORENO  
Assistant Attorney General  
Environment & Natural Resources Division

JAMES NICOLL  
Senior Counsel  
NANCY FLICKINGER  
Senior Attorney  
SARAH HIMMELHOCH  
Senior Attorney  
DEANNA CHANG  
SCOTT CERNICH  
A. NATHANIEL CHAKERES  
JUDY HARVEY  
MATT LEOPOLD  
JEFFREY PRIETO  
GORDON YOUNG  
ABIGAIL ANDRE  
Trial Attorneys

/s/ Steven O'Rourke  
STEVEN O'ROURKE  
Senior Attorney  
U.S. Department of Justice  
Environmental Enforcement Section  
PO Box 7611  
Washington, DC 20044  
(202) 514-2779  
steve.o'rourke@usdoj.gov

TONY WEST  
Assistant Attorney General  
Civil Division

PETER F. FROST  
Director, Torts Branch, Civil Division  
Aviation & Admiralty Litigation  
STEPHEN G. FLYNN  
Assistant Director  
MICHELLE T. DELEMARRE  
SHARON K. SHUTLER  
JILL DAHLMANN ROSA  
JESSICA SULLIVAN  
JESSICA L. McCLELLAN  
MALINDA LAWRENCE  
DAVID J. PFEFFER  
ROBIN HANGER  
LAURA MAYBERRY  
BRIENA STRIPPOLI  
Trial Attorneys  
U.S. Department of Justice  
Torts Branch, Civil Division  
PO Box 14271  
Washington, DC 20044  
(202) 616-4100  
(202) 616-4002 fax

/s/ R. Michael Underhill  
R. MICHAEL UNDERHILL, T.A.  
Attorney in Charge, West Coast Office  
Torts Branch, Civil Division  
7-5395 Federal Bldg., Box 36028  
450 Golden Gate Ave.  
San Francisco, CA 94102-3463  
(415) 436-6648  
(415) 436-6632 fax  
mike.underhill@usdoj.gov

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of January, 2012.

                                                  /s/  Jill Dahlmann Rosa
                                                  U.S. Department of Justice