# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This Pleading Applies to: *All Cases in Pleading Bundle B1* | JUDGE BARBIER |
| This Pleading Applies to: No. 10-2771 | MAGISTRATE SUSHAN |

## AMENDED ANSWER OF MOEX USA CORPORATION TO

## FIRST AMENDED MASTER COMPLAINT, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT FOR PRIVATE ECONOMIC LOSSES IN ACCORDANCE WITH PTO NO. 11 [CMO NO. 1] SECTION III (B1) ["B1 BUNDLE"]

Defendant MOEX USA Corporation ("MOEX USA") hereby answers the First Amended Master Complaint, Cross-Claim and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III(B1) (the "B1 Complaint") as follows.

### Construction of MOEX USA's Pleading

The section headings herein are those used by the Plaintiffs in the B1 Complaint.  MOEX USA has used those headings solely for convenience.  MOEX USA does not thereby adopt, agree with or endorse the statements in any of the section headings.  Except as expressly pleaded herein, MOEX USA denies the allegations in the B1 Complaint.

### Introduction

First Paragraph:  In response to the first sentence, MOEX USA admits that on April 20, 2010, a blowout occurred in the Gulf of Mexico on the Outer Continental Shelf.  In response to the Second Sentence, MOEX USA admits that an oil spill occurred following the blowout.  In response to the third sentence, MOEX USA admits that the well is now capped.  MOEX USA denies the balance of the allegations in the first paragraph of the Introduction.

Second paragraph:  In response to the first sentence, MOEX USA admits that hundreds of individual and class actions were filed by claimants following the oil spill.  MOEX USA admits that the second and third sentences paraphrase an August 10, 2010 Order of the U.S. Judicial Panel on Multi-District Litigation, and MOEX USA respectfully refers the Court to that Order for its full content.  MOEX USA admits the third sentence.

Third Paragraph:  The third paragraph of the Introduction states legal characterizations and conclusions as to which no responsive pleading is required.

Fourth Paragraph:  The fourth paragraph of the Introduction states legal characterizations and conclusions as to which no responsive pleading is required.

198.    The allegations in Paragraph 198 concern events about which MOEX USA has no direct knowledge or involvement, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.  However, MOEX USA admits that a blowout occurred on April 20, 2010, and that a subsequent explosion on the *Deepwater Horizon* occurred at approximately 9:45 p.m. CST., resulting in a fire on the vessel, which sank two days later.

199.    MOEX USA admits that oil discharged from the marine riser pipe that had connected the *Deepwater Horizon* to the wellhead.  Beyond that, the allegations in Paragraph 199 concern events about which MOEX USA has no direct knowledge or involvement, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.

200.    MOEX USA admits that oil discharged from the marine riser pipe that had connected the *Deepwater Horizon* to the wellhead.  Beyond that, the allegations in Paragraph 200 concern events about which MOEX USA has no direct knowledge or involvement, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.

201.    Insofar as the allegations of Paragraph 201 refer to MOEX USA, MOEX USA denies all of the allegations in paragraph 201.  Insofar as the allegations of Paragraph 201 refer to parties other than MOEX USA, MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.

202.    Insofar as the allegations of Paragraph 202 refer to MOEX USA, MOEX USA denies all of the allegations in paragraph 202.  Insofar as the allegations of Paragraph 202 refer to

parties other than MOEX USA, MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.

203.    Insofar as the allegations of Paragraph 203 refer to MOEX USA, MOEX USA denies all of the allegations in paragraph 203.  Insofar as the allegations of Paragraph 203 refer to parties other than MOEX USA, MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.

204.    The allegations in Paragraph 204 concern events about which MOEX USA has no direct knowledge or involvement, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.

205.    Paragraph 205 states legal characterizations and conclusions as to which no responsive pleading is required.

206.    Paragraph 206 states legal characterizations and conclusions as to which no responsive pleading is required.

207.    In response to Paragraph 207, MOEX USA denies that class certification of all or part of the claims in the B1 Complaint would be proper.  The balance of Paragraph 207 states legal characterizations and conclusions as to which no responsive pleading is required.

208.    Paragraph 208 states legal characterizations and conclusions as to which no responsive pleading is required.

## PARTIES, JURISDICTION AND VENUE

209.    MOEX USA admits that the B1 Complaint purports to divide the claimants into ten categories as set forth in Paragraphs 209(a) through 209(m), and otherwise denies the allegations in Paragraph 209.

210.    Paragraph 210 concerns a party other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief in the truth of those allegations,

except that MOEX USA admits BP Exploration & Production, Inc. was the designated operator for the Macondo lease, and that this designation was approved by MMS.

211.    Paragraph 211 concerns parties other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations, except MOEX USA admits, on information and belief, that BP America Production Company was a party to Drilling Contract No. 980249 with Transocean Holdings, Inc.

212.-213.  Paragraphs 212 and 213 concern parties other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief in the truth of those allegations.

214.-218.  Paragraphs 214 through 218 state characterizations and conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Paragraphs 214 through 218 concern parties other than MOEX USA, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.

219.    Paragraph 219 concerns a party other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations, except that MOEX USA admits BP Exploration & Production Inc. was the lease operator of the Macondo Prospect site, and respectfully refers the Court to the Operating Agreement dated as of October 1, 2009 for BP Exploration & Production Inc.'s responsibilities thereunder.

220.    Paragraph 220 concerns a party other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations, except MOEX USA admits the last sentence of Paragraph 220 purports to paraphrase a pleading

filed by Transocean Ltd., and respectfully refers the Court to the relevant pleadings for the statements of Transocean Ltd. and its affiliates.

221.-225.   Paragraphs 221 through 225 concern parties other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.

226.   Paragraph 226 concerns a party other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that MOEX USA admits, on information and belief, the last sentence of Paragraph 226.

227.-228.   Paragraphs 227 and 228 concern parties other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

229.   Paragraph 229 contains a characterization of Plaintiffs' pleading, as to which no responsive pleading is required.

230.   The allegations set forth in Paragraph 230 concern parties other than MOEX USA and events in which MOEX USA was not involved.   MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 230.

231.   Paragraph 231 concerns a party other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

232.   Paragraph 232 contains conclusions of law as to which no responsive pleading is required.

233.    Paragraph 233 concerns a party other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

234.    Paragraph 234 concerns a party other than MOEX USA, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

235.    In response to the first sentence of paragraph 235, MOEX USA denies that MOEX Offshore 2007 LLC ("Offshore") is a Delaware corporation; admits that Offshore is a Delaware Limited Liability Company; and admits that Offshore's principal place of business is Houston, Texas.  In response to the second sentence of Paragraph 235, MOEX USA denies that Offshore does business in Louisiana and admits that Offshore invested in a lease for a block located on the Outer Continental Shelf, where a deepwater drilling project was being pursued. MOEX USA admits the third sentence of Paragraph 235.   MOEX USA denies the fourth sentence of Paragraph 235.  In response to the final sentence of Paragraph 235, MOEX USA admits that, at certain relevant times, Offshore was a party to the Operating Agreement and held a 10% interest in the lease of the Macondo Prospect site in the Mississippi Canyon Block 252 in the Gulf of Mexico, on the Outer Continental Shelf.   MOEX USA denies the balance of Paragraph 235.

236.    MOEX USA admits the first sentence of Paragraph 236 and denies the balance of Paragraph 236.

237.    MOEX USA admits the first and second sentences of Paragraph 237, and denies the balance of Paragraph 237.

238.    MOEX USA denies Paragraph 238.

239.    MOEX USA admits the first sentence of Paragraph 239.  In response to the second sentence of Paragraph 239, MOEX USA admits that Mitsui & Co., Ltd. is a publicly traded company, but denies the remainder of the allegations in that sentence.  The third sentence of Paragraph 239 refers to certain consolidated financial statements and filings with the U.S. Securities and Exchange Commission, and MOEX USA respectfully refers the Court to those documents for their content.  The final sentence of Paragraph 239 purports to quote a document, but does not identify the document quoted; therefore, MOEX USA is without sufficient information to determine whether the quotation is accurate; however, MOEX USA admits that MOECO is engaged in the activities listed, except that the words "mineral resources" should be changed to "hydrocarbon resources."

240.    MOEX USA denies the first and second sentences of paragraph 240. In response to the third sentence of Paragraph 240, MOEX USA notes that the source of the quoted material attributed to MOECO is not identified; therefore, MOEX USA cannot determine with certainty whether the quotation is accurate.  MOEX USA denies that the United States is a "Core Area" for MOECO.  MOEX USA admits the fourth sentence of Paragraph 240.  MOEX USA denies the last sentence of Paragraph 240.

241.    In response to the first sentence of Paragraph 241, MOEX USA admits that subsidiaries of MOECO have made a maximum of four investments in the United States, three of which have been in the Gulf of Mexico; except as so admitted, MOEX USA denies the first sentence of Paragraph 241.  MOEX USA denies the second sentence of Paragraph 241.  In response to the third sentence of Paragraph 241, MOEX USA understands the term "Japanese companies" to refer to MOECO and Mitsui & Co., Ltd. and, on that basis, denies the third sentence of Paragraph 241.  MOEX USA denies the final sentence of Paragraph 241.

242.    MOEX USA denies Paragraph 242.

243.     MOEX USA denies Paragraph 243.

244.     MOEX USA denies the first sentence of Paragraph 244.  The second sentence of paragraph 244 purports to quote from an announcement dated July 24, 2007, and MOEX USA respectfully refers the Court to that announcement for its full content.  MOEX USA admits the third sentence of Paragraph 244 and denies the fourth sentence of Paragraph 244.

245.     MOEX USA denies Paragraph 245.

246.     In response to Paragraph 246, MOEX USA admits that BP E&P and Offshore entered into a Lease Exchange Agreement effective as of October 1, 2009.  MOEX USA respectfully refers the court to the Lease Exchange Agreement for a full statement of its terms. MOEX USA denies the remaining allegations of Paragraph 246.

247.     In response to the first sentence of Paragraph 247, MOEX USA admits that BP E&P, as the Operating Party, and Offshore, as a Non-Operating Party, entered into the Operating Agreement, which was effective as of October 1, 2009.  In response to the second sentence of Paragraph 247, MOEX USA admits that on or about December 17, 2009, BP E&P, Offshore, Anadarko and Anadarko E&P executed a document entitled "Ratification and Joinder of Operating Agreement" for the Macondo Prospect site.  In response to the third sentence of Paragraph 247, MOEX USA admits that, immediately following the execution of the Ratification and Joinder of Operating Agreement, the parties' interests in the lease to the Macondo Prospect site were BP E&P, 65%; Offshore, 10%; Anadarko E&P, 22.5%; and Anadarko, 2.5%.   MOEX USA denies the balance of Paragraph 247.

248.     MOEX USA denies Paragraph 248.

249.   MOEX USA denies the first sentence of Paragraph 249.  In response to the second sentence of Paragraph 249, MOEX USA admits that Mitsui has made public statements concerning the oil spill.  MOEX USA denies the third sentence of paragraph 249.

250.   MOEX USA denies paragraph 250.

251.   Paragraph 251 contains a purported reservation of rights, to which no responsive pleading is required.

252.   Paragraph 252 contains legal conclusions to which no responsive pleading is required.

253.   Paragraph 253 contains legal conclusions and designations, to which no responsive pleading is required.

254.   Paragraph 254 contains a legal conclusion to which no responsive pleading is required.

255.   Paragraph 255 contains a legal conclusion to which no responsive pleading is required.

256.   Paragraph 256 contains legal conclusions to which no responsive pleading is required.

257.   Paragraph 257 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies the first and fourth sentences of Paragraph 257, because the discharge occurred on the Outer Continental Shelf.  In response to the remainder of the allegations in Paragraph 257, MOEX USA does not contest the laying of venue in this district.

## FACTUAL ALLEGATIONS

258.    In response to Paragraph 258, MOEX USA admits that on April 20, 2010 there was a blowout event leading to a release of hydrocarbons, an explosion and fire, the eventual sinking of the *Deepwater Horizon*, and the further release of hydrocarbons.  Except as so admitted, MOEX USA denies the allegations of Paragraph 258.

259.    MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 259.  MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 259.

260.    In response to Paragraph 260, MOEX USA admits, on information and belief, that after the April 20, 2010 incident, oil and gas were released into the Gulf of Mexico until the well was capped on July 15, 2010.  Except as so admitted, MOEX USA denies the allegations of Paragraph 260.

261.    Paragraph 261 is directed against the "Drilling Defendants," which do not include MOEX USA.  Because Paragraph 261 concerns parties other than MOEX USA and events in which MOEX USA was not involved, MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein.  Without limiting the foregoing, MOEX USA admits that Paragraph 261 purports to quote a co-chairman of the National Commission investigating the incident.  MOEX USA further responds that Paragraph 261 does not identify which co-chairman made the purported statement or the source of the purported statement, and therefore does not provide a sufficient basis for MOEX USA to determine whether the quotation is accurate.  MOEX USA denies that it had responsibility for any alleged "missteps, miscalculations [or] miscommunications" referred to in the quotation.

### A.      The Process of Deepwater Offshore Drilling

262.     MOEX USA denies the first sentence of Paragraph 262.  MOEX USA admits, on information and belief, the balance of the allegations of Paragraph 262.

263.     MOEX USA admits, on information and belief, the allegations of Paragraph 263.

264.     MOEX USA admits, on information and belief, the allegations of Paragraph 264.

265.     On information and belief, MOEX USA denies Paragraph 265.

266.     On information and belief, MOEX USA denies Paragraph 266.

267.     On information and belief, MOEX USA denies Paragraph 267.

268.     On information and belief, MOEX USA admits the first sentence and denies the second sentence of Paragraph 268.

269.     MOEX USA admits, on information and belief, the allegations of Paragraph 269, except MOEX USA denies knowledge or information sufficient to form a belief as to the allegations in footnote 2.

270.     MOEX USA admits, on information and belief, the allegations of Paragraph 270, Offshore denies knowledge or information sufficient to form a belief as to whether Paragraph 270 describes conditions with respect to the Macondo well.

271.     On information and belief, MOEX USA denies Paragraph 271.

### B.      The Macondo Lease, and BP's Exploration Plan and Drilling Permit

272.     On information and belief, MOEX USA admits the allegations of Paragraph 272.

273.     MOEX USA admits that Paragraph 273 purports to paraphrase 30 C.F.R. §§250.201, 250.202.   MOEX USA respectfully refers the Court to 30 C.F.R. §§250.201 and 250.202 for their full content.

274.     MOEX USA admits that Paragraph 274 purports to quote 30 CFR §§250.212, 250.219, 250.227.   MOEX USA respectfully refers the Court to 30 CFR §§250.212, 250.219, and 250.227 for their full content.

275.     MOEX USA admits that Paragraph 275 purports to quote 30 C.F.R. §250.213(g). MOEX USA respectfully refers the Court to 30 C.F.R. §250.213 for its full content.

276.     MOEX USA admits that Paragraph 276 purports to quote 30 C.F.R. §250.219. MOEX USA respectfully refers the Court to 30 C.F.R. §250.219 for its full content.

277.     MOEX USA admits that Paragraph 277 purports to paraphrase 30 C.F.R. §250.280.   MOEX USA respectfully refers the Court to 30 C.F.R. §250.280 for its full content.

278.     MOEX USA admits Paragraph 278 purports to paraphrase and quote from BP's Initial EP for the Macondo Prospect site.   MOEX USA respectfully refers the Court to that document for its full content.

279.     In response to the first sentence of Paragraph 279, MOEX USA admits that the MMS approved BP's Initial EP.   MOEX USA is without knowledge or information sufficient to form a belief as to the remainder of Paragraph 279.

280.     In response to Paragraph 280, MOEX USA admits that BP sought a permit from the MMS for deepwater drilling.   Except as so pleaded, MOEX USA lacks knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 280.

    **C.**     **The Macondo Prospect Operating Agreement**

281.     In response to Paragraph 281, MOEX USA admits that Offshore entered into an Operating Agreement with BP, and that Anadarko and Anadarko E&P subsequently became parties to the Operating Agreement by executing a "Ratification and Joinder of Operating

Agreement" dated December 17, 2009.  MOEX USA denies that the Operating Agreement is described in paragraph 232.

282.      In response to Paragraph 282, MOEX USA admits that Plaintiffs purport to characterize the Operating Agreement; denies that the characterization of the Operating Agreement is accurate; and respectfully refers the Court to the text of the Operating Agreement, in particular sections 4.1 and 5.1, for a full statement of the parties' respective rights and obligations.

283.      In response to Paragraph 283, MOEX USA admits that the Operating Agreement provided for the execution of Authorizations for Expenditures, also known as AFEs.  To the extent that Paragraph 283 purports to describe BP's well plan and certain AFEs, MOEX USA respectfully refers the Court to those documents for their content.

284.      MOEX USA admits that Paragraph 284 purports to paraphrase sections of the Macondo Operating Agreement.  MOEX USA respectfully refers the Court to the Operating Agreement, in particular sections 4.1 and 5.1, for a full statement of the parties' respective rights and obligations thereunder.  MOEX USA denies that Offshore received "substantial information and data … on an ongoing basis" concerning operations on the rig or at the well.

285.      MOEX USA denies Paragraph 285.

**D.      The *Deepwater Horizon*'s Poor Safety and Maintenance Record**

286.      In response to Paragraph 286, MOEX USA admits, on information and belief, the following:   (1) the *Deepwater Horizon* was valued for replacement cost purposes at $560,000,000; (2) it was a dynamically-positioned semi-submersible mobile offshore drilling unit; and (3) it was put into service in February 2001.  MOEX USA denies that the *Deepwater*

*Horizon* was built for Transocean, but avers on information and belief that it was built for R&B Falcon Drilling Co., which Transocean later acquired.

287.     In response to Paragraph 287, MOEX USA admits, on information and belief, that the *Deepwater Horizon* was owned by a Transocean-related entity (and/or one of its predecessors) and leased to BP (and/or one of its predecessors) for drilling exploratory wells at the Macondo Prospect site.   To the extent that Paragraph 287 and footnote 3 refer to the December 9, 1998 Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co., MOEX USA respectfully refers the Court to that document for its full content.   MOEX USA admits, on information and belief, the first sentence of footnote 3 of Paragraph 287.   MOEX USA admits, on information and belief, the second sentence of footnote 3 of Paragraph 287, except that MOEX USA denies the *Deepwater Horizon* was being built for R&B Falcon Corp.   MOEX USA lacks knowledge or information sufficient to form a belief in the truth of the third sentence of footnote 3 of Paragraph 287.    MOEX USA admits, on information and belief, the fourth sentence of footnote 3 of Paragraph 287.

288.     Paragraph 288 refers to the "Drilling Defendants," which do not include MOEX USA.   As a result, Paragraph 288 does not assert any allegations against MOEX USA to which a response is required.   To the extent a response is required, MOEX USA lacks knowledge or information sufficient to form a belief in the truth of the first two sentences in Paragraph 288.   In response to the third sentence of Paragraph 288, MOEX USA admits that Transocean commissioned a study of its operations prior to the Spill.

289.     Paragraph 289 refers to the "Drilling Defendants," which do not include MOEX USA.   As a result, Paragraph 289 does not assert any allegations against MOEX USA to which a response is required.   To the extent a response is required, MOEX USA lacks knowledge or

information sufficient to form a belief in the truth of the allegations in the first sentence of Paragraph 289 and, accordingly, those allegations are denied. To the extent that the first sentence of Paragraph 289 purports to quote a statement, it does not identify the source of the statement purportedly quoted; consequently, MOEX USA cannot determine whether the quotation is accurate. The second sentence of Paragraph 289 contains a cross-reference as to which no response is required or possible.

290. Paragraph 290 refers to the "Drilling Defendants," which do not include MOEX USA. As a result, Paragraph 290 does not assert any allegations against MOEX USA to which a response is required. To the extent a response is required, MOEX USA lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 290 and, accordingly, those allegations are denied.

### E.   Macondo: A Troublesome Well

291. In response to the first sentence of Paragraph 291, MOEX USA admits the Macondo site is located in the Northern Gulf of Mexico and that drilling operations occurred at depths in excess of 18,000 feet. The remaining allegations in Paragraph 291 concern parties other than MOEX USA, events in which MOEX USA was not involved, or statements of opinion concerning geologic characteristics of the Macondo site, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.

292. Paragraph 292 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations. Without limiting the foregoing, the second sentence of Paragraph 292 purports to quote emails from BP employees, but does not identify the employees or the emails quoted; therefore, MOEX USA cannot

determine whether the quotations are accurate.  To the best of MOEX USA's knowledge, it did not receive any such emails.

293.    Paragraph 293 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations. Paragraph 293 references certain reports from *Deepwater Horizon* workers and a NOAA Flow Rate Technical Group report, and purports to quote the MMS; however, Paragraph 293 does not identify the sources for these references and quotations;  therefore, MOEX USA cannot determine whether they are accurate.

294.    Paragraph 294 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.

295.    Paragraph 295 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.

296.    Paragraph 296 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.

297.    Paragraph 297 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Without limiting the foregoing, the second sentence of Paragraph 297 purports to paraphrase statements of Mike

Williams, but does not identify the source of those statements; therefore, MOEX USA cannot determine whether the paraphrase is accurate.

298.    Paragraph 298 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.

299.    Paragraph 299 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.

300.    Paragraph 300 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Without limiting the foregoing, Paragraph 300 purports to quote a statement by Robert Bea, but does not identify the source of the quotation; therefore, MOEX USA cannot determine whether the quotation is accurate.

301.    Paragraph 301 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations. The second sentence of Paragraph 301 purports to draw conclusions from the testimony of certain employees, but does not identify the employees or state where the testimony may be found; consequently, MOEX USA cannot determine whether the second sentence of Paragraph 301 is accurate.

302.    Paragraph 302 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of Paragraph 302.

### F.     **Reckless Decision-Making in the Rush to Complete the Well**

303.     Paragraph 303 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

304.     In response to Paragraph 304, MOEX USA admits that governmental hearings and investigations concerning the oil spill have taken place.  To the extent that Paragraph 304 purports to describe the testimony in those investigations and hearings, and to quote the "chairmen of the presidential commission investigating the Spill," Paragraph 304 does not provide sufficient detail for MOEX USA to determine whether the description and quotation are accurate.  Without limiting the foregoing, MOEX USA is without knowledge or information sufficient to form a belief as to the truth of Paragraph 304.

305.     To the extent that Paragraph 305 refers to the conduct of MOEX USA, it is denied.  Without limiting the foregoing, Paragraph 305 purports to quote Robert Bea, but does not identify the source from which the quotation is taken, and MOEX USA is without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

306.     Paragraph 306 concerns parties other than MOEX USA and events in which MOEX USA was not involved, MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 306 purports to quote "independent experts in the Deepwater Horizon Study Group," but does not identify the source from which the quotation is taken.  MOEX USA is therefore without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

307.   To the extent that Paragraph 307 refers to the conduct of MOEX USA, it is denied.  MOEX USA admits that Paragraph 307 purports to quote a BP *Deepwater Horizon* Accident Investigation Report dated September 8, 2010, and respectfully refers the Court to that document for its content.  Without limiting the foregoing, Paragraph 307 refers to parties other than MOEX USA and events in which MOEX USA was not involved; consequently, except as expressly pleaded herein, MOEX USA lacks knowledge or information sufficient to form a belief in the truth of Paragraph 307.

### 1.   Cutting Corners on Well Design

308.   Paragraph 308 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of Paragraph 308.

309.   Paragraph 309 concerns events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of Paragraph 309.

310.   On information and belief, MOEX USA denies Paragraph 310.

311.   On information and belief, MOEX USA denies Paragraph 311.

312.-314.   Paragraphs 312 through 314 concern parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Without limiting the foregoing, MOEX USA admits that Paragraphs 312-314 purport to quote and paraphrase an undated BP "Forward Review Plan", but is without knowledge or information sufficient to form a belief as to the accuracy of the purported quotations or paraphrases.

315.    Paragraph 315 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 315. Without limiting the foregoing, the last sentence of Paragraph 315 purports to quote BP internal emails from late March 2010 without identifying those emails with sufficient specificity for MOEX USA to determine whether the quotations are accurate.  MOEX USA affirmatively avers that it did not receive the referenced emails.

316.    Paragraph 316 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

317.    Paragraph 317 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 317 purports to quote or paraphrase various internal reports, federal investigations and statements of Mark E. Hafle, none of which are identified with sufficient specificity for MOEX USA to determine whether the quotations or paraphrases are accurate.

318.    Paragraph 318 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

319.    MOEX USA admits, on information and belief, the first two sentences of Paragraph 319.  MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the third sentence of Paragraph 319.

320.    On information and belief, MOEX USA admits the first and third sentences, and denies the second sentence, of Paragraph 320.

321.    Paragraph 321 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

322.    Paragraph 322 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### 2.    Using Too Few Centralizers

323.    The allegations in the first sentence of Paragraph 323 concern parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.  On information and belief, MOEX USA admits the second through fourth sentences of Paragraph 323, which describe the purpose of centralizers.  On information and belief, MOEX USA admits that the fifth sentence of Paragraph 323 describe a technical possibility, and notes that this sentence does not purport to describe the conditions at the Macondo well.  The last sentence of Paragraph 323 purports to quote a statement from an undated email from BP Operations Vice President Brett Cocales, but does not identify the source of that quotation, and MOEX USA is without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.  To the best of MOEX USA's knowledge, MOEX USA did not receive any such email.

324.   MOEX USA admits that Paragraph 324 purports to quote a statement from the American Petroleum Institute's Recommended Practice 65, and respectfully refers the Court to that document for its full content.

325.   Paragraph 325 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 325 purports to quote BP official Brett Cocales, but does not identify the source of that quotation, and MOEX USA is without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

326.   Paragraph 326 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 326 purports to quote Halliburton employee Marvin Volek but does not identify the source of that quotation, and MOEX USA is without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

**3.    Skipping Critical "Bottoms UP" Mud Circulation**

327.   MOEX USA admits, on information and belief, that the second and third sentences of Paragraph 327 accurately describe the "bottoms up" procedure.  The remainder of Paragraph 327 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.

328.     MOEX USA admits that Paragraph 328 purports to quote a statement from the American Petroleum Institute guidelines, and respectfully refers the Court to those guidelines for their full content.

329.     Paragraph 329 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 329 purports to quote Halliburton technical advisor Jesse Gagliano but does not identify the source of that quotation, and MOEX USA is without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

330.     Paragraph 330 purports to quote from BP's April 15, 2010 operations plan for the *Deepwater Horizon*, and MOEX USA respectfully refers the Court to that document for its full content.

331.     Paragraph 331 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

332.     Paragraph 332 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**4.      Cementing: the Incorrect Cement Mixture and a Failed Seal**

333.     Paragraph 333 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

334.    The first sentence of Paragraph 334 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein. The remainder of Paragraph 334 purports to describe a 2007 study by the MMS, and MOEX USA respectfully refers the Court to that document for its full content.

335.    Paragraph 335 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

336.    On information and belief, MOEX USA admits the allegations in footnote 4 t5o paragraph 336.  The remainder of Paragraph 336 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

337.    Paragraph 337 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

338.    The first and third sentences of Paragraph 338 concern parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  On information and belief, MOEX USA admits the second sentence of Paragraph 338.

339.    Paragraph 339 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the first sentence of Paragraph 339 paraphrases a statement by "Fred Bartlitt, Jr.,

the lead investigator for the presidential commission investigating the Spill," but does not identify the source in which the statement appears; therefore, MOEX USA cannot determine whether the paraphrase is accurate.

340. Paragraph 340 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, the last sentence of Paragraph 340 purports to quote a comment from Robert Bea in the *Washington Post,* but does not identify the source of the purported comments sufficiently for MOEX USA to determine whether the quoted was quoted accurately.

341. Paragraph 341 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, the last sentence of Paragraph 341 paraphrases comments that are attributed to "Bartlitt," but does not sufficiently identify the source of the purported comments for MOEX USA to determine whether the paraphrase is accurate.

342. Paragraph 342 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

343. Paragraph 343 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

344. Paragraph 344 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or

information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the last sentence of Paragraph 344 purports to paraphrase a statement in "Bartlitt's report," but does not sufficiently identify the source of the purported statement for MOEX USA to determine whether the paraphrase is accurate.  Paragraph 344 further purports to describe an email from Halliburton to BP dated March 8, 2010, but does not identify the e-mail sufficiently for MOEX USA to determine whether the description is correct.  To the best of MOEX USA's knowledge, it did not receive that e-mail.

345.    Paragraph 345 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, the third sentence of Paragraph 345 purports to describe to a statement that is attributed to "Bartlitt," but does not identify the source of the purported statement sufficiently for MOEX USA to determine whether the description is correct.

346.    Paragraph 346 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the first sentence of Paragraph 346 purports to quote comments of Robert Bea in the *Washington Post*, but does not identify the source of the comments sufficiently for MOEX USA to determine whether the quotation is correct.

347.    Paragraph 347 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the second sentence of Paragraph 347 purports to paraphrase a statement of "BP's

investigation team," but does not identify the source of the statement sufficiently for MOEX USA to determine whether the paraphrase is accurate.

348.    Paragraph 348 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 348 purports to describe what "Bartlitt reported to the presidential commission" as to what "the Halliburton documents indicated"; however, Paragraph 348 does not identify either the report or the Halliburton documents sufficiently for MOEX USA to determine whether the description is accurate.

349.    Paragraph 349 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

350.    On information and belief, MOEX USA admits the first two sentences in Paragraph 350, which contain a general description of the nature of nitrogen breakout.  MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 350.

351.    Paragraph 351 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, MOEX USA admits the first sentence of Paragraph 351 on information and belief.  The third sentence of Paragraph 351 purports to quote an interim report by "the National Academy of Engineering … scientists investigating the Spill," and MOEX USA respectfully refers the Court to that Report for its full content.

352.    Paragraph 352 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, Paragraph 352 purports to paraphrase a statement of "[t]he NAE panel," and MOEX USA respectfully refers the Court to the NAE Report for its full content.

353.    The first sentence of Paragraph 353 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  On information and belief, MOEX USA admits the remainder of Paragraph 353, which consists of a general description of "monitoring the flow of drilling fluid."

354.    Paragraph 354 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 354 purports to paraphrase statements and testimony of Nathaniel Chaisson and Vincent Tabor, MOEX USA respectfully refers the Court to the referenced testimony for its full content.

### 5.    Despite Red Flags, Drilling Defendants Skip Crucial "Bond Log" Test of Cement Integrity

355.    Paragraph 355 concerns a party other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

356.    Paragraph 356 concerns a party other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting

the foregoing, Paragraph 356 purports to describe the content of "BP's own original drilling plan" and quote from "BP's own internal standards," but does identify those documents sufficiently for MOEX USA to determine whether the description and quotation are accurate.

357.    Paragraph 357 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

358.    Paragraph 358 concerns a party other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

359.    Paragraph 359 concerns a party other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 359 purports to quote testimony of Gordon Aaker, Jr., and MOEX USA respectfully refers the Court to that testimony for its full content.

360.    Paragraph 360 states legal conclusions as to which no responsive pleading is required.

361.    The first sentence of Paragraph 361 purports to quote a statement by "Tommy Roth, a Halliburton Vice President of Cementing," but does not identify the source of the quotation sufficiently for MOEX USA to determine whether the quotation is accurate.  The second sentence of Paragraph 361 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

6.     **The Casing Hanger Lockdown Sleeve: Another Skipped Safety Precaution**

362.     Paragraph 362 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

363.     On information and belief, MOEX USA denies Paragraph 363.

364.     Paragraph 364 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.  Without limiting the foregoing, the second sentence of Paragraph 364 purports to quote "[a] well design expert at another major oil company," but does not identify the person or the quotation sufficiently for MOEX USA to determine whether the quotation is accurate.

G.     **Premature and Nonstandard Mud Displacement Begins**

365.     Paragraph 365 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

366.     Paragraph 366 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

367.     Paragraph 367 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the second sentence of Paragraph 367 purports to characterize

Congressional testimony of "M-I drilling fluid specialist Leo Lindner," MOEX USA respectfully refers the Court to that testimony for its full content.

368.    Paragraph 368 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the second sentence of Paragraph 368 purports to characterize testimony of Leo Lindner, MOEX USA respectfully refers the Court to that testimony for its full content.

**H.    The Well Fails Key Pressure Tests, Yet Drilling Defendants Press On**

369.    MOEX USA admits, on information and belief, the first three sentences of Paragraph 369.  MOEX USA denies, on information and belief, the last sentence of Paragraph 369.

370.    Paragraph 370 concerns events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

371.-375.   Paragraphs 371-375 concern parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

376.    Paragraph 376 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 376 purports to paraphrase the testimony of

"[e]xperts" and admissions by "BP," it does not identify the referenced material sufficiently for MOEX USA to determine whether the paraphrases are accurate.

377.    Paragraph 377 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the first two sentences of Paragraph 377 purport to describe conclusions contained in a September 8, 2010 BP disaster investigation report, and MOEX USA respectfully refers the Court to that report for its full content.  The last sentence of Paragraph 377 purports to describe testimony of BP Vice President Steve Robinson, and MOEX USA respectfully refers the Court to that testimony for its full content.

378.    Paragraph 378 concerns a party other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

379.    Paragraph 379 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 379 purports to quote a November 16, 2010 NAE panel interim report, and MOEX USA respectfully refers the report to that document for its full content.

380.    Paragraph 380 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## I.   Unorthodox Spacer Fluid Mixture and Volume Potentially Interfered with Pressure Tests and BOP Functionality

381.   Paragraph 381 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

382.   On information and belief, MOEX USA admits the first sentence of Paragraph 382, which defines a "spacer" in oil wells.  The second sentence of Paragraph 382 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

383.   MOEX USA denies the first clause of Paragraph 383 ("[s]pacer fluid is usually water-based mud").  On information and belief, MOEX USA admits the allegations in footnote 5 and the third sentence of Paragraph 383.  The balance of Paragraph 383 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that Paragraph 383 purports to paraphrase testimony of "M-I drilling fluid specialist Leo Lindner," MOEX USA respectfully refers the Court to that testimony for its full content.

384.   Paragraph 384 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that Paragraph 384 purports to paraphrase Lindner's testimony, MOEX USA respectfully refers the Court to that testimony for its full content.

385. Paragraph 385 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

386. Paragraph 386 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**J.** **Drilling Defendants Ignore and Overlook Warning Signs of the Imminent Blowout**

387. Paragraph 387 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, to the extent that Paragraph 386 purports to paraphrase the NAE interim report, MOEX USA respectfully refers the Court to that document for its full content.

388. Paragraph 388 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, to the extent that Paragraph 388 purports to paraphrase conclusions of the *Deepwater Horizon* Study Group, MOEX USA respectfully refers the Court to the referenced *Deepwater Horizon* Study Group document for its full content.

389.-390. Paragraphs 389 and 390 concern parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

391. Paragraph 391 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or

information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the last sentence of Paragraph 391 purports to describe Congressional testimony of "Halliburton mudlogger Joseph Keith," and MOEX USA respectfully refers the Court to that testimony and the underlying data for their full content.

392.    Paragraph 392 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the last sentence of Paragraph 392 purports to describe and quote unspecified "congressional testimony," but does not identify that testimony sufficiently for MOEX USA to determine whether the description and quotation are accurate.

393.-394.   Paragraphs 393 and 394 concern parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

395.    Paragraph 395 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the last sentence of Paragraph 395 purports to quote from an "audit" provided by BP to Transocean, and MOEX USA respectfully refers the Court to the referenced audit for its full content.

396.    Paragraph 396 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 396 quotes from "the safety review commissioned by

Transocean" and the conclusions of the *Deepwater Horizon* Study Group, MOEX USA respectfully refers the Court to the referenced documents for their full content.

397.    Paragraph 397 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

398.    Paragraph 398 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 398 purports to quote the testimony of "[o]ne vessel worker" and to describe the testimony of "[a] mud logger," but does not identify the referenced testimony sufficiently for MOEX USA to determine whether the quotation and description are accurate.

399.    Paragraph 399 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

400.    MOEX USA admits the statements in footnote 6, which describe what pit fluid levels are.  The remainder of Paragraph 400 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

401.    Paragraph 401 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

402.    Paragraph 402 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or

information sufficient to form a belief as to the truth of the allegations therein.  To the extent that Paragraph 402 purports to describe and quote conclusions of the *Deepwater Horizon* Study Group, MOEX USA respectfully refers the Court to the referenced document for its full content.

### K.  Attempts at Well Control:  Too Little, Too Late

403.    The first sentence of Paragraph 403 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The second sentence of Paragraph 403 refers to the conclusions of "several investigations" that are not identified; MOEX USA consequently lacks sufficient information to determine whether those conclusions are accurately described.

404.-410.  Paragraphs 404-410 concern parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### L.  Faulty Vessel Safety Equipment Exacerbates the Blowout, Causing Vessel Explosions, Fire and Sinking

411.    Paragraph 411 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 411 purports to draw conclusions from unspecified "[i]nvestigations and testimony," which is not identified sufficiently for MOEX USA to determine whether such conclusions are correctly drawn.

412.    Paragraph 412 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting

the foregoing, to the extent that the second sentence of Paragraph 412 purports to describe testimony of "Transocean rig mechanic Douglas Brown," MOEX USA respectfully refers the Court to that testimony for its full content.

413.    Paragraph 413 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the first sentence of Paragraph 412 purports to describe testimony of Douglas Brown, MOEX USA respectfully refers the Court to that testimony for its full content.

414.    In response to the final sentence of Paragraph 414, MOEX USA admits, on information and belief, that the *Deepwater Horizon* was destroyed by the blowout and ensuing explosion, which killed 11 crew members and injured 16 others.  The remainder of Paragraph 414 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the fourth sentence of paragraph 414 purports to describe the results of BP's investigation, MOEX USA respectfully refers the Court to BP's investigation report for its full content.

## 1.    <u>The Failure of the BOP</u>

Paragraphs 415 – 449 are not directed to MOEX USA and, as such, no response is required from MOEX USA.  Insofar as a response may be required, MOEX USA states as follows:

415.    The allegations in the first sentence of Paragraph 415 concern events about which MOEX USA has no direct knowledge or involvement.  The second sentence of Paragraph 415

refers to reports and testimony but does not sufficiently identify the source from which the purported comments were taken for MOEX USA to determine whether the comments quoted are correctly stated. MOEX USA denies the allegations set forth in Paragraph 415 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of those allegations.

416. MOEX USA denies the allegations in Paragraph 416 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

417. The allegations set forth in Paragraph 417 concern parties other than MOEX USA and events in which MOEX USA was not involved. MOEX USA denies the allegations set forth in Paragraph 417 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

418. The allegations of Paragraph 418 refer to comments that are attributed to Christopher Pleasant, but does not sufficiently identify the source from which the purported comments were taken for MOEX USA to determine whether the comments quoted are correctly stated. MOEX USA denies the allegations set forth in Paragraph 418 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

419. MOEX USA denies the allegations set forth in Paragraph 419 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

420. The allegations set forth in Paragraph 420 concern parties other than MOEX USA and events in which MOEX USA was not involved. MOEX USA denies the allegations set forth

in Paragraph 420 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

421.    The allegations set forth in Paragraph 421 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 421 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

422.    The allegations set forth in Paragraph 422 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 422 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

423.    The allegations set forth in Paragraph 423 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 423 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

424.    The allegations set forth in Paragraph 424 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 424 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

425.    The allegations set forth in Paragraph 425 concern parties other than MOEX USA and events in which MOEX USA was not involved. The first sentence of Paragraph 425 refers to comments that are attributed to Ronald Sepulvado, but does not sufficiently identify the source from which the purported comments were taken for MOEX USA to determine whether the comments quoted are correctly stated. MOEX USA denies the allegations set forth in Paragraph

425 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

426.    The allegations set forth in Paragraph 426 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 426 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

427.    The allegations set forth in Paragraph 427 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 427 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

428.    The allegations set forth in Paragraph 428 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 428 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

429.    The allegations set forth in Paragraph 429 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 429 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

430.    The allegations set forth in Paragraph 430 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 430 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

431.     The allegations set forth in Paragraph 431 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 431 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

432.     The allegations set forth in Paragraph 432 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 432 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

433.     The allegations set forth in Paragraph 433 concern parties other than MOEX USA and events in which MOEX USA was not involved.   MOEX USA denies the allegations set forth in Paragraph 433 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

434.     The allegations set forth in Paragraph 434 concern parties other than MOEX USA and events in which MOEX USA was not involved.   MOEX USA denies the allegations set forth in Paragraph 434 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

435.     The allegations set forth in Paragraph 435 concern parties other than MOEX USA and events in which MOEX USA was not involved.  The last two sentences of Paragraph 435 refer to comments that are attributed to a 2004 study by Federal Regulators, but do not sufficiently identify the source from which the purported comments were taken for MOEX USA to determine whether the comments quoted are correctly stated.   MOEX USA denies the allegations set forth in Paragraph 435 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

436.    The allegations set forth in Paragraph 436 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 436 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

437.    The allegations set forth in Paragraph 437 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 437 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

438.    The allegations set forth in Paragraph 438 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 438 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

439.    The allegations set forth in Paragraph 439 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 439.

440.    MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 440.

441.    The allegations set forth in Paragraph 441 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 441 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

442.    The allegations set forth in Paragraph 442 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth

in Paragraph 442 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

443.    The allegations set forth in Paragraph 443 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 443 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

444.    The allegations set forth in Paragraph 444 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 444 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

445.    The allegations set forth in Paragraph 445 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 445 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

446.    The allegations set forth in Paragraph 446 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 446 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

447.    The allegations set forth in Paragraph 447 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 447 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

448.    The allegations set forth in Paragraph 448 concern parties other than MOEX USA and events in which MOEX USA was not involved.  MOEX USA denies the allegations set forth in Paragraph 448 for the reason that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

449.    MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 449.

## 2.    Poor Vessel Maintenance and Reckless Bypass of Safety Systems

450.    Paragraph 450 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

451.    Paragraph 451 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, to the extent that Paragraph 451 purports to describe "testimony given before a federal panel by vessel engineers in August 2010," it fails to identify such testimony sufficiently for MOEX USA to determine whether the description is accurate.

452.    Paragraph 452 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

453.-454.  Paragraphs 453 and 454 concern parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraphs 453 and 454 purport to describe and quote testimony

of "Mike Williams, a chief electronics technician working for Transocean aboard the Deepwater Horizon," MOEX USA respectfully refers the Court to that testimony for its full content.

455.    Paragraph 455 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

456.    Paragraph 456 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 456 purports to describe testimony of "Transocean employee and Deepwater Horizon chief engineer Stephen Bertone," MOEX USA respectfully refers the Court to that testimony for its full content.

457.    Paragraph 457 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 457 purports to describe or quote from an "equipment assessment commissioned by Transocean in April 2010," MOEX USA respectfully refers the Court to that document for its full content.

458.    Paragraph 458 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 458 purports to describe or quote from a "Transocean-commissioned equipment assessment" or a "BP-commissioned audit," MOEX USA respectfully refers the Court to those documents for their full content.

459.     Paragraph 459 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 459 purports to describe or quote from a "worker survey conducted on the Deepwater Horizon," MOEX USA respectfully refers the Court to that document for its full content.

460.     Paragraph 460 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### M.     Drilling Defendants' Culture of Complacency

461.     Paragraph 461 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 461 purports to quote remarks made during a November 10, 2010 hearing, MOEX USA respectfully refers the Court to the transcript of that hearing for its full content.

462.     Paragraph 462 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

463.-464.  Paragraphs 463 and 464 concern parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraphs 463 and 464 purport to quote the interim report of the

National Academy of Engineering panel released November 17, 2010, MOEX USA respectfully refers the Court to that report for its full content.

465.    Paragraph 465 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 465 purports to quote the *Deepwater Horizon* Study Group, MOEX USA respectfully refers the Court to that study for its full content.

466.    Paragraph 466 states conclusions of law as to which no responsive pleading is required.

467.    Paragraph 467 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

468.    Paragraph 468 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the last sentence of Paragraph 468 refers to *Deepwater Horizon* Study Group's second Progress Report, MOEX USA respectfully refers the Court to that document for its full content. MOEX USA affirmatively avers that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

469.    Paragraph 469 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient

to form a belief as to the truth of the allegations therein.  MOEX USA affirmatively avers that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

470.    Paragraph 470 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the sixth sentence of Paragraph 470 purports to quote "[w]orkers on the Deepwater Horizon," it fails to identify the workers or the quotations sufficiently for MOEX USA to determine whether the quotations are accurate.  MOEX USA affirmatively avers that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

471.    Paragraph 471 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  MOEX USA affirmatively avers that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

472.    Paragraph 472 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  MOEX USA affirmatively avers that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

473.    MOEX USA denies the first sentence of Paragraph 473 to the extent it applies to MOEX USA.  The remainder of Paragraph 473 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  MOEX USA affirmatively avers that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

474.    Paragraph 474 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the fifth sentence of Paragraph 474 purports to quote the testimony of Mike Williams, MOEX USA respectfully refers the Court to that testimony for its full content.

475.    Paragraph 475 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the

extent that Paragraph 475 purports to describe or quote the results of an unspecified investigation, the pleading does not identify the investigation sufficiently for MOEX USA to determine whether the description and/or quotation is accurate.

476.    MOEX USA denies the first sentence of paragraph 476 insofar as it applies to MOEX USA.  The remainder of Paragraph 476 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

477.    Paragraph 477 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### N.    Defendants Misrepresent the Severity of the Spill and their Oil Spill Response Capabilities

478.    In response to Paragraph 478, MOEX USA admits that, after explosions occurred on April 20, 2010, the *Deepwater Horizon* sank on April 22, 2010, and that oil and natural gas discharged from the marine riser pipe that had connected the *Deepwater Horizon* to the wellhead.  The balance of Paragraph 478 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations, except that MOEX USA admits that oil and natural gas flowed from the riser, which was part of the *Deepwater Horizon* vessel.

479.    In response to Paragraph 479, MOEX USA admits that the well was capped on July 15, 2010.  The balance of Paragraph 479 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.

480.    Paragraph 480 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of those allegations.

481.    The first sentence of Paragraph 481 concerns a party other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of those allegations.  MOEX USA admits that the quoted language in the second sentence of Paragraph 481 appeared in *The New York Times* on May 16, 2010, but is without sufficient knowledge or information to form a belief as to the truth of the quoted statement.

482.    Paragraph 482 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 482 purports to characterize and quote from BP's Initial EP, and MOEX USA respectfully refers the Court to that document for its full content.

483.    Paragraph 483 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 483 purports to quote various statements of BP and its executives, MOEX USA respectfully refers the Court to those statements for their full content.

484.    Paragraph 484 concerns parties other than MOEX USA and events in which MOEX USA was not involved, and MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

485.     MOEX USA admits that the communication identified in Paragraph 484 took place, but is without sufficient information and knowledge to form a belief as to the truth of the statements made in that communication.

486.     In response to Paragraph 486, MOEX USA denies that BP conferred with Offshore on well-kill procedures; denies that Offshore was BP's "lease partner[]"; denies that Offshore "hoped to retap the Macondo well and the large, valuable reservoirs beneath it"; and denies that Offshore ignored expert well-kill information.   The balance of Paragraph 486 concerns events in which MOEX USA was not involved and parties other than MOEX USA as to which MOEX USA lacks knowledge, and MOEX USA consequently is without knowledge or information sufficient to form a belief as to the truth of the  `allegations therein.

**O.**     **The Spill's Impact on Plaintiffs, the Environment, and the Coastal Zone Economy**

487.-492.  MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraphs 487-492.

493.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 493, and respectfully refers the Court to the restrictions described therein for their content.

494.-500.  MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraphs 494-500.

501.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 501, and respectfully refers the Court to the testimony cited therein for its content.

502.-507.  MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraphs 502-507.

508.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 508, and respectfully refers the Court to the Charter Agreements for their content.

509.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 509, and respectfully refers the Court to the documents described therein for their content.

510.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 510, and respectfully refers the Court to the statements described therein for their content.

511.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 511, and respectfully refers the Court to the court order described therein for its content.

512.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 512, and respectfully refers the Court to the referenced Charter Agreements for their content.

513.-521.  MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraphs 513-521.

522.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 522, and respectfully refers the Court to the moratorium for its substance.

523.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 523, and respectfully refers the Court to the Moratorium Notice cited therein for its content.

524.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 524, and respectfully refers the Court to the notice cited therein for its content.

525.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 525, and respectfully refers the Court to the injunction described therein for its content.

526.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 526, and respectfully refers the Court to the referenced documents for their content.

527.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 527, and respectfully refers the Court to the announcement cited therein for its content.

528.-530.  MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraphs 528-530.

531.-534.  MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraphs 531-534, and respectfully refers the Court to the report cited therein for its content.

535.     MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 535, and respectfully refers the Court to the study cited therein for its content.

536.-537.  MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraphs 536-537.

538.    MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 538, and refers the Court to the referenced survey for its content.

539.    MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 539, and refers the Court to the referenced report for its content.

540.    MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraph 540.

541.-542.  MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegations in Paragraphs 541-542.

543.    MOEX USA is without sufficient information and knowledge to form a belief as to the truth of the allegation that "[b]ecause investigations are ongoing, there are many other potential effects from the Spill that have not yet become known."  The balance of Paragraph 543 contains a reservation of rights as to which no responsive pleading is required.

## CLASS ACTION ALLEGATIONS

544.    In response to Paragraph 544, MOEX USA admits that Plaintiffs purport to seek class certification, but denies that Plaintiffs are entitled to class certification.

545.    In response to Paragraph 545, MOEX USA denies that Plaintiffs are entitled to certification of a class or subclass.

546.    Paragraph 546 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 546.

### A. Numerosity of the Class and/or Subclasses – F.R.C.P. 23(a)(1)

547. Paragraph 547 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 547.

### B. Commonality – F.R.C.P. 23(a)(2)

548. Paragraph 548 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 548.

549. Paragraph 549 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 549.

550. Paragraph 550 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 550.

551. Paragraph 551 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 551.

### C. Typicality – F.R.C.P. 23(a)(3)

552. Paragraph 552 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 552.

### D. Adequacy of Representation – F.R.C.P. 23(a)(4)

553. The first sentence of Paragraph 553 states conclusions of law as to which

no response pleading is required.  MOEX USA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 553.

**E.**     **Class Certification under F.R.C.P. 23(b)(3) – Predominance and Superiority**

554.    Paragraph 554 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 554.

555.    Paragraph 555 states conclusions of law as to which no responsive pleading is required. To the extent a response is required, MOEX USA denies Paragraph 555.

556.    Paragraph 556 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 556.

557.    Paragraph 557 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 557.

558.    Paragraph 558 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 558.

**F.**     **Class Certification under F.R.C.P. 23(b)(1)**

559.    Paragraph 559 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 559.

560.    Paragraph 560 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 560.

561.    Paragraph 561 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 561.

562.    Paragraph 562 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 562.

563.    Paragraph 563 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 563.

564.    Paragraph 564 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 564.

565.    Paragraph 565 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 565.

566.    Paragraph 566 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 566.

### G.   Class Certification under F.R.C.P. 23(b)(2)

567.   Paragraph 567 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 567.

### H.   Class Certification of Particular Issues under F.R.C.P. 23(c)(4) and Subclasses under 23(c)(5)

568.   Paragraph 568 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, MOEX USA denies Paragraph 568.

## CLAIMS FOR RELIEF

### I.   Claims Under General Maritime Law

#### A.   Negligence

**All Plaintiffs v. All Defendants**

569.-627.   The allegations in Paragraphs 569-727 need not be answered because the negligence claim was dismissed, as against MOEX USA, by this Court in its August 26, 2011 decision (Doc. 3830).

#### B.   Gross Negligence and Willful Misconduct

**All Plaintiffs v. Drilling Defendants and Cameron**

628.-636.   Paragraphs 628-636 are not directed against MOEX USA.

#### C.   Strict Liability For Manufacturing And/Or Design Defect

**All Plaintiffs v. Cameron**

637.-658.   Paragraphs 637-658 are not directed against MOEX USA

#### D.   Strict Liability for Manufacturing And/Or Design Defect

**All Plaintiffs v. Weatherford**

659.-677.   Paragraphs 659-677 are not directed against MOEX USA.

## II.      The Oil Pollution Act

### All Plaintiffs v. BP, Transocean, Anadarko, Anadarko E&P,
### MOEX Offshore, MOEX USA, and MOECO

678.    MOEX USA realleges its answer to each and every allegation set forth in all preceding paragraphs as if fully restated here.

679.    MOEX USA admits that Paragraph 679 purports to quote from and paraphrase the Oil Pollution Act, and respectfully refers the Court to that statute for its full content.

680.    Paragraph 680 is not directed against MOEX USA.

681.    MOEX USA admits the first sentence of Paragraph 681.  MOEX USA denies the balance of Paragraph 681.

682.    MOEX USA denies Paragraph 682.

683.    Paragraph 683 is not directed against MOEX USA.

684.    Paragraph 684 is not directed against MOEX USA.

685.-689.  MOEX USA denies Paragraphs 685-689.

690.    Paragraph 690 is not directed against MOEX USA.

## III.      State Law Claims for Relief

691.-747.   The allegations in Paragraphs 569-727 need not be answered because the state law claims were dismissed by this Court in its August 26, 2011 decision (Doc. 3830).

## IV.      Punitive Damages Under All Claims

### All Plaintiffs v. BP, Transocean, and Halliburton

748.-769.  Paragraphs 748-769 are not directed against MOEX USA.

## V.     Declaratory Relief: Punitive Damages

770.     The allegations in Paragraph 770 need not be answered because Plaintiffs' claims for declaratory relief were dismissed by this Court in its August 26, 2011 decision (Doc. 3830).

## VI.     Declaratory Relief Against BP

Section VI need not be answered because Plaintiffs' claims for declaratory relief were dismissed by this Court in its August 26, 2011 decision (Doc. 3830); further, Section VI was not directed against MOEX USA.

## FIRST DEFENSE

MOEX USA is not liable under the Oil Pollution Act because it was not an owner, operator or lessee of the vessel *Deepwater Horizon*.

## SECOND DEFENSE

MOEX USA is not liable under the Oil Pollution Act because it was not a party to the Macondo Operating Agreement, and was not a lessee of the Macondo Prospect site.

## THIRD DEFENSE

To the extent MOEX USA is found liable under the Oil Pollution Act and damages are assessed against it, MOEX USA is entitled to an allocation and/or apportionment of liability.

## FOURTH DEFENSE

The B1 Complaint contains no substantive allegations against MOEX USA, and therefore fails to state a claim against MOEX USA.  The B1 Complaint alleges only that "MOEX USA is named as a defendant herein because it is part of the corporate construct by which MOECO owns, dominates, controls, and benefits from the activities of MOEX Offshore."  *See* B1 Complaint ¶236.  That allegation provides no ground for holding MOEX USA liable under any

statute or common-law doctrine.  Further, the allegation that MOEX USA is "part of a corporate construct" does not set forth a legally cognizable basis to disregard the distinction between MOEX USA and Offshore, which are separate entities.

## FIFTH DEFENSE

Plaintiffs have failed to comply with the presentment requirement of the Oil Pollution Act set forth in 33 U.S.C. § 2713.[1]

## SIXTH DEFENSE

The Plaintiffs have not reasonably mitigated damages.

## SEVENTH DEFENSE

If it is determined that MOEX USA is liable as a responsible party under the Oil Pollution Act for all or any part of Plaintiffs' damages, the amount of its liability is limited pursuant to 33 U.S.C. § 2704(a).

## EIGHTH DEFENSE

MOEX USA will rely on any and all further defenses that become available or appear during pretrial proceedings in this action or at trial.

## RESERVATIONS OF RIGHTS

MOEX USA reserves the right to amend this Answer for purposes of asserting additional defenses that may become available or appear.  In the event that any claim against MOEX USA that has been dismissed is reinstated at some point in the future, or in the event that the B1 Complaint is amended, MOEX USA reserves the right to amend this Answer for purposes of asserting additional defenses to any such claims or amended pleading.

---

[1]   MOEX USA acknowledges that the Court has ruled that the presentment requirement does not apply to non-responsible parties, but MOEX USA includes this defense to preserve its rights in the event of an appeal.

Dated:  January 19, 2012

Respectfully submitted,

**As to paragraph 230, the last sentence of paragraph 259, and paragraphs 415-449:**

 *s/ Robert S. Stassi*
Robert S. Stassi (La. Bar No. 25259) T.A.
stassi@carverdarden.com
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**As to all other portions of the Answer:**


/s/     Jack McKay
Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**ATTORNEYS FOR MOEX USA CORPORATION**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on January 19, 2012.

/s/    Jack McKay_____