## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

IN RE:  OIL SPILL BY THE OIL RIG      **MDL NO. 2179**
DEEPWATER HORIZON IN THE GULF OF
MEXICO, ON APRIL 20, 2010      **SECTION J**

THIS DOCUMENT RELATES TO:  11-2891      **JUDGE BARBIER**
      **MAG. JUDGE SHUSHAN**

## ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** the Defendant, Patriot Environmental Services, Inc. (hereinafter referred to as "Patriot" or "Defendant"), by and through its counsel of the record, Butler Snow, O'Mara, Stevens & Cannada, P.L.L.C., and pursuant to applicable provisions of the Federal Rules of Civil Procedure, files this its Answer and Affirmative Defenses in response to the Complaint as follows, to-wit:

## FIRST DEFENSE

Affirmatively and alternatively, this Defendant, while reserving its right to move for dismissal based on a lack of jurisdiction, would state that the Complaint should be dismissed as a matter of law and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if it is determined that the Plaintiff has failed to state a claim against Patriot for compensatory or any other damages upon which relief is being sought.

## SECOND DEFENSE

Affirmatively and alternatively, this answering Defendant would further assert as a basis for a motion to dismiss, if warranted under facts adduced through discovery, any and all applicable statutes of limitation, limitations of liability, limitation of actions, defenses in abatement, estoppel, laches, statutes of repose, including those additional theories of defense which may be available through case or statutory law as well as rules of civil procedure in full avoidance of any and all claims or causes of action filed against these Defendants.  *See, e.g.,* Miss. Code Ann. §§ 15-1-35 & 15-1-49; *Jackson v. State Farm Mut. Automobile Ins. Co.*, 880 So.2d 336 (Miss. 2004).

## THIRD DEFENSE

Affirmatively and alternatively, this answering Defendant would state that this cause should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure if it is determined that personal jurisdiction does not exist within this venue or if the venue is determined to be inappropriate based on facts learned through discovery or otherwise and which warrant a transfer on the ground of *forum non conveniens*  or some other legitimate ground.

## FOURTH DEFENSE

Affirmatively and alternatively, this answering Defendant would invoke and enforce any and all arbitration provisions that may apply in this matter.

## FIFTH DEFENSE

And now, by way of answer, paragraph by paragraph, to the allegations set forth in the Complaint this would state the following:

## **PARTIES**

1.      This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 1 of the Complaint and, therefore, denies same.

2.      This answering Defendant would state that this and other allegations asserted throughout the Complaint are directed to BP and other parties not associated with Patriot and that no answer is required on Patriot.  However, out of an abundance of caution and in the event of mistake, this Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 2 of the Complaint and, therefore, denies same.

3.      This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 3 of the Complaint and, therefore, denies same.

4.      This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 4 of the Complaint and, therefore, denies same.

5.      This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 5 of the Complaint and, therefore, denies same.

6.      This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 6 of the Complaint and, therefore, denies same.

7.     This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 7 of the Complaint and, therefore, denies same.

8.     This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 8 of the Complaint and, therefore, denies same.

9.     This answering Defendant admits the allegations of paragraph 9 of the Complaint.

10.    The allegations contained in paragraph 10 of the Complaint raise issues of law which require no answer on the part of this Defendant.  However, out of an abundance of caution and to the extent an answer is deemed necessary, the allegations are denied in the absence of the requisite proof.

## FACTS

11.    This answering Defendant's investigation into the allegations of the Complaint is ongoing and incomplete.  Therefore, this Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 11 of the Complaint.  In the absence of requisite proof, the allegations are denied.

12.    This answering Defendant's investigation into the allegations of the Complaint is ongoing and incomplete.  Therefore, this Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 12 of the Complaint.  In the absence of requisite proof, the allegations are denied.

13.    This answering Defendant's investigation into the allegations of the Complaint is ongoing and incomplete.  Therefore, this Defendant is without information sufficient to admit or

deny the truthfulness or accuracy of the allegations of paragraph 13 of the Complaint. In the absence of requisite proof, the allegations are denied.

14.     This answering Defendant's investigation into the allegations of the Complaint is ongoing and incomplete. Therefore, this Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 14 of the Complaint. In the absence of requisite proof for these allegations, they are denied.

15.     This answering Defendant's investigation into the allegations of the Complaint is ongoing and incomplete. Therefore, this Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 15 of the Complaint. In the absence of requisite proof for these allegations, they are denied.

16.     This answering Defendant's investigation into the allegations of the Complaint is ongoing and incomplete. Therefore, this Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 16 of the Complaint. In the absence of requisite proof for these allegations, they are denied.

17.     This answering Defendant's investigation into the allegations of the Complaint is ongoing and incomplete. Therefore, this Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 17 of the Complaint. In the absence of requisite proof for these allegations, they are denied.

18.     This answering Defendant's investigation into the allegations of the Complaint is ongoing and incomplete. Therefore, this Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the allegations of paragraph 18 of the Complaint. In the absence of requisite proof for these allegations, they are denied.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

19.     In answer to the allegations of paragraph 19 of the Complaint, this Defendant incorporates, reiterates and re-avers its answers to all preceding paragraphs of this Answer, and further incorporates, reiterates and re-avers all answers, denials, responses, and affirmative defenses set forth above and below herein this Answer to the Complaint.

20.     The allegations contained in paragraph 20 of the Complaint raise an issue of law as well as a legal conclusion which require no answer on the part of this Defendant.  However, out of an abundance of caution and to the extent that paragraph 20 contains allegations of fact requiring an answer, this Defendant would state that it is without information sufficient to admit or deny the truthfulness or accuracy of the remaining allegations of this paragraph and would therefore, deny same and, in particular, any denies allegation of wrongdoing on the part of Patriot.

### COUNT II – TORTIOUS BREACH OF CONTRACT

21.     In answer to the allegations of paragraph 21 of the Complaint, this Defendant incorporates, reiterates and re-avers its answers to all preceding paragraphs of this Answer, and further incorporates, reiterates and re-avers all answers, denials, responses, and affirmative defenses set forth above and below herein this Answer to the Complaint.

22.     The allegations contained in paragraph 22 of the Complaint raise an issue of law as well as a legal conclusion which require no answer on the part of this Defendant.  However, out of an abundance of caution and to the extent that paragraph 22 contains allegations of fact requiring an answer, this Defendant would state that it is without information sufficient to admit

or deny the truthfulness or accuracy of the remaining allegations of this paragraph and would therefore, deny same and, in particular, any denies allegation of wrongdoing on the part of Patriot.

## COUNT III – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

23.     In answer to the allegations of paragraph 23 of the Complaint, this Defendant incorporates, reiterates and re-avers its answers to all preceding paragraphs of this Answer, and further incorporates, reiterates and re-avers all answers, denials, responses, and affirmative defenses set forth above and below herein this Answer to the Complaint.

24.     The allegations contained in paragraph 24 of the Complaint raise an issue of law as well as a legal conclusion which require no answer on the part of this Defendant.  However, out of an abundance of caution and to the extent that paragraph 24 contains allegations of fact requiring an answer, this Defendant would state that it is without information sufficient to admit or deny the truthfulness or accuracy of the remaining allegations of this paragraph and would therefore, deny same and, in particular, any denies allegation of wrongdoing on the part of Patriot.

## COUNT IV – EQUITABLE ESTOPPEL

25.     In answer to the allegations of paragraph 25 of the Complaint, this Defendant incorporates, reiterates and re-avers its answers to all preceding paragraphs of this Answer, and further incorporates, reiterates and re-avers all answers, denials, responses, and affirmative defenses set forth above and below herein this Answer to the Complaint.

26.     This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the remaining allegations of this paragraph and would therefore, deny same and, in particular, any denies allegation of wrongdoing on the part of Patriot.

## COUNT V – UNJUST ENRICHMENT

27.     In answer to the allegations of paragraph 27 of the Complaint, this Defendant incorporates, reiterates and re-avers its answers to all preceding paragraphs of this Answer, and further incorporates, reiterates and re-avers all answers, denials, responses, and affirmative defenses set forth above and below herein this Answer to the Complaint.

28.     This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the remaining allegations of paragraph 28 and would therefore, deny same and, in particular, any denies allegation of wrongdoing on the part of Patriot.

## COUNT VI – SPECIFIC PERFORMANCE

29.     In answer to the allegations of paragraph 29 of the Complaint, this Defendant incorporates, reiterates and re-avers its answers to all preceding paragraphs of this Answer, and further incorporates, reiterates and re-avers all answers, denials, responses, and affirmative defenses set forth above and below herein this Answer to the Complaint.

30.     This answering Defendant is without information sufficient to admit or deny the truthfulness or accuracy of the remaining allegations of paragraph 30 and would therefore, deny same and, in particular, any denies allegation of wrongdoing on the part of Patriot.

## PRAYER FOR RELIEF

31.     This answering Defendant denies the allegations of the paragraph of the Complaint which begins with the word, "WHEREFORE," and further denies that the Plaintiff is

8

entitled to judgment jointly, severally, for money for actual or compensatory damages and/or for other damages in any way or manner, form or type, or amount whatsoever.  This Defendant further denies that the Plaintiff is entitled to pre- or post-judgment interest, or any interest whatsoever, to costs or damages of any type or amount whatsoever.

## SIXTH DEFENSE

 Affirmatively and alternatively, the Defendant submits that a person is under an obligation to read a contract before accepting its terms and will not be heard under Mississippi law to complain of any alleged breach, representations or misrepresentations—any error of which could have been disclosed through review of the contract or otherwise.

## SEVENTH DEFENSE

Affirmatively and alternatively, the sole proximate cause of the damages or loss, if any, complained of was the action or inaction of other persons, firms, or corporations and, if said action or inaction was not the sole proximate cause, then it constituted a major contributing cause thereto, for which this Defendant is not responsible as a matter of law or otherwise.

## EIGHTH DEFENSE

Affirmatively and alternatively, this Defendant would state that any damage or other loss allegedly sustained by the Plaintiff was caused by the action, inaction, breach of duty, willful, wanton or reckless misconduct, and acts or omissions of parties or persons other than this Defendant, over whom this Defendant had no control, which constitutes an intervening and superseding cause of Plaintiff's alleged, damages, or loss.

9

**NINTH DEFENSE**

Affirmatively and alternatively, this Defendant would state that any causal connection between this Defendant and any alleged damages or loss sustained by the Plaintiff is too remote, indefinite and speculative to serve as a basis of recovery against this Defendant.

**TENTH DEFENSE**

Affirmatively and alternatively, this answering Defendant would state that the Plaintiff sustained no damages or loss which would warrant or give rise to the imposition of any damages (nominal, compensatory, exemplary, or otherwise), at law, in equity, and/or pursuant to any other pertinent provision, against this Defendant upon the bases alleged.

However, in the event that the Plaintiff has suffered any damages or loss, which is hereby expressly denied, the sole proximate cause or contributing cause thereof is damage or loss for which this Defendant can have no liability whatsoever as a matter of law or otherwise.

**ELEVENTH DEFENSE**

Affirmatively and alternatively, this Defendant states that the actions or inaction of individuals other than this Defendant jointly combined to create the damages or loss complained of, and their actions or omissions constitute the sole proximate cause of the damages or loss complained of or, alternatively, proximately contributed to cause the conditions described or alleged in the Complaint resulting in the damages or loss complained of, all of which are hereby denied.

**TWELFTH DEFENSE**

Affirmatively and alternatively, this Defendant denies any allegation of contract breach or  any other actionable conduct being alleged on the part of Patriot and demands strict proof

thereof.  This Defendant reserves the right to assert additional affirmative defenses as they become applicable and intends to rely upon any and all defenses which are or may become applicable up to and including the time of trial in this matter, including the defenses delineated herein.

## THIRTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would state that if the Plaintiff's damages and/or losses, if any, were caused by or contributed to by the intentional actions or inactions of the Plaintiff, then the actions or conduct of the Plaintiff which caused or contributed to his damages and/or losses constituted an assumption of risk for which this Defendant can have no responsibility or liability.

## FOURTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would state that the claims of the Plaintiff were unforeseeable by Defendant.

## FIFTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would state that in the event the evidence in this case establishes that the Plaintiff failed to take reasonable and appropriate steps to reduce, mitigate, or avoid such damages or loss as he may have sustained, then the Plaintiff may not recover therefore.

## SIXTEENTH DEFENSE

Affirmatively and alternatively, this Defendant would state that if it is determined that the Plaintiff has made any form of recovery by way of judgment, settlement or otherwise, for all or

any part of his alleged damages or loss, then the Defendant is entitled to a set-off and/or reduction of the amount of any such judgment, settlement, or otherwise.

## SEVENTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would adopt and incorporate § 85-5-7 of the Mississippi Code Annotated as to its liability, which is denied, as a joint and/or several tortfeasor, and in the event that liability is recognized as against this answering Defendant, then said liability should be apportioned pursuant to the statute and this Defendant reserves the right to seek recovery from any other individual, known or unknown, to the extent provided by law.

## EIGHTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant would state that although it does not believe it has any liability whatsoever to the Plaintiff, said liability being expressly denied, in the event of a judgment against the Defendant, its liability should be reduced in accordance with its proportional fault under the apportionment statute.

## NINTEENTH DEFENSE

Affirmatively and alternatively, this answering Defendant hereby adopts and pleads all affirmative defenses, theories, and otherwise applicable under any relevant law, statute, or principle, or doctrine--including but not limited to Miss. Code Ann. § 11-1-63 pertaining to products liability suits.

12

**TWENTIETH DEFENSE**

Affirmatively and alternatively, this answering Defendant hereby adopts and pleads all these affirmative defenses pled by any other defendant through any other answers to the Complaint.

**TWENTY-FIRST DEFENSE**

Affirmatively and alternatively, out of an abundance of caution, if any other matter constituting an avoidance or affirmative defense should become apparent during the pendency of these proceedings, this answering Defendant herein reserves its right to generally or specifically assert any such matter as an avoidance or affirmative defense.

**TWENTY-SECOND DEFENSE**

Affirmatively and alternatively, this answering Defendant would show unto the Court that the alleged breach in issue and the resulting damages or losses were the consequence of the risks and hazards which the Plaintiff voluntarily and knowingly assumed and for which this Defendant cannot be held responsible.

**TWENTY-THIRD DEFENSE**

Affirmatively and alternatively, to the extent that the claims involved in this cause of action are based upon any theory providing for liability without proof of causation by this Defendant, these claims would then violate this Defendant's rights under the United States Constitution and Mississippi Constitution.

**TWENTY-FOURTH DEFENSE**

Affirmatively and alternatively, some or all of Plaintiffs' claims may be barred by the applicable provisions of the contracts or agreements at issue in this litigation.  Furthermore, some

13

or all of Plaintiffs' claims may be barred by Plaintiffs' own wrongful acts and/or breaches of contract.

### TWENTY-FIFTH DEFENSE

Affirmatively and alternatively, some or all of Plaintiffs' claims may be barred by the Statute of Frauds (Miss. Code Ann. §15-3-1), the doctrine of consent, assumption of risk, economic loss and/or impact rules, ratification, doctrines of unclean hands, waiver, and estoppel

### TWENTY-SIXTH DEFENSE

Affirmatively and alternatively, some or all of the Plaintiffs' claims may be barred by the parol evidence rule.

### TWENTY-SEVENTH DEFENSE

Affirmatively and alternatively, this Defendant invokes the defense of judicial estoppel in accordance with Rule 8(c) and interpretive case law in the event it is later learned that an "intentional self-contradiction is being used as a means of obtaining [an] unfair advantage." *See, e.g., In re Superior Crewboats, Inc.*, 374 F.2d 330 (5th Cir. 2004); *Mauck v. Columbus Hotel Co.*, 741 So.2d 259 (Miss. 1999).

### TWENTY-EIGHTH DEFENSE

Affirmatively and alternatively, in the event it is learned that Plaintiff's claim is or should have been the subject of a bankruptcy proceeding and any stay ordered by the bankruptcy court, then this Defendant would make a suggestion of bankruptcy and demands that the Plaintiff comply with the stay order unless and until that order is lifted.

14

## TWENTY-NINTH DEFENSE

Affirmatively and alternatively, this Defendant asserts or re-asserts the following additional defenses in the event it is later determined that discovered facts warrant their application: election of remedies, arbitration and award, discharge in bankruptcy, fraud, duress, accord and satisfaction, payment, license, Act of God, waiver, Statute of Frauds (Miss. Code Ann. §15-3-1), the doctrine of consent, assumption of risk, *res judicata,* economic loss and/or impact rules, ratification, doctrines of unclean hands, waiver, estoppel, and conditions precedent including those defenses available through Rules 8(c), 9(a), 9(b), 9(c) and 9(g) of the Federal Rules of Civil Procedure, and any and all other matters constituting an avoidance in accordance with Rule 8(c) of the Federal Rules of Civil Procedure.

## THIRTIETH DEFENSE

Affirmatively and alternatively, some or all of the damages being sought or alleged are too uncertain, too speculative, or nonexistent to be available and recoverable under applicable law.

## THIRTY-FIRST DEFENSE

Affirmatively and alternatively, this Defendant denies each and every material allegation of the  Complaint exhibited against it which has not been specifically admitted, regardless of paragraph number, or lack thereof, or paragraph letter, or lack thereof.

## THIRTY-SECOND DEFENSE

Affirmatively and alternatively, this Defendant reserves the right to assert any defense in the event information is learned that reflects a failure on the part of any party to join necessary parties.

15

## THIRTY-THIRD DEFENSE

Affirmatively and alternatively, this Defendant reserves all rights to relief available under the Mississippi Litigation Accountability Act.

## THIRTY-FOURTH DEFENSE

Affirmatively and alternatively, this Defendant invokes all rights afforded under Mississippi's 1993, 2002, 2003, 2004, and any other provision or amendment of Mississippi's Tort Reform Acts, including but not limited to, Miss. Code Ann. § 11-1-65.

## THIRTY-FIFTH DEFENSE

Affirmatively and alternatively, this answering Defendant would state that Patriot at all relevant times used reasonable care and operated its business and conducted its business activities in accordance with the usual and customary practices and standards established in the industry in which it operated and it took all necessary precautions known to it and accessible to it at all relevant times.

## THIRTY-SIXTH DEFENSE

Affirmatively and alternatively, this answering Defendant would state that at all times it has acted in accordance with the law and its rights under the law.

## THIRTY-SEVENTH DEFENSE

Affirmatively and alternatively, this Defendant asserts the provisions of Miss. Code Ann § 11-1-60, including but not limited to the limitations on non-economic damages.

## THIRTY-EIGHTH DEFENSE

Affirmatively and alternatively, this Defendant asserts the provisions of Miss. Code Ann

§ 11-1-69, including but not limited to the restrictions on hedonic damages.

## THIRTY-NINTH DEFENSE

Affirmatively and alternatively, imposition of punitive damages in this case would

contravene the due process clauses of the United States Constitution and the Constitution of the

State of Mississippi and the Fourth, Sixth, Eighth, and Fourteenth Amendments, separately, to

the United State Constitution, on each of the following grounds:

(a)    The procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than the applicable standard of proof required for the imposition of criminal sanctions,

(b)    The procedures pursuant to which punitive damages area awarded fail to provide a reasonable limit on the amount of an award against this defendant,

(c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages,

(d)    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague,

(e)    The procedures pursuant to which punitive damages are awarded fail to provide a means for awarding separate judgments against alleged joint tortfeasors,

(f)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of punitive damages.

(g)    The procedures pursuant to which punitive damages are awarded fail to provide a clear appellate standard of review of an award of punitive damages.

17

(h)     The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceeding during which liability and compensatory damages are determined,

(i)     An award of punitive damages would constitute an arbitrary and capricious taking of property of this defendant without due process of law.

## FORTIETH DEFENSE

Affirmatively and alternatively, any award of punitive damages to the Plaintiff would violate the due process clause of the Constitution of the State of Mississippi, on the following grounds:

(a)     It is a violation of due process to impose punitive damages, which are penal in nature, against a civil defendant upon the satisfying a burden of proof that is lower than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these defendants;

(c)     The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(d)     The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

(e)     The award of punitive damages in this case would constitute a deprivation of property without due process of law.

## FORTY-FIRST DEFENSE

Affirmatively and alternatively, the claim for punitive damages cannot be sustained because, under the allegations set forth, an award of punitive damages as sought by Plaintiff under federal or state law could be subject to no reasonable limit and could escape restriction such as a maximum multiple of compensatory damages or a maximum amount on the amount of

punitive damages that a jury may impose, and therefore would violate the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Mississippi Constitution.

## FORTY-SECOND DEFENSE

Affirmatively and alternatively, the claim for punitive damages cannot be sustained because an award of punitive damages under federal or state law by a jury that:

(1)     is not provided a sufficient standard for determining the appropriateness, or the appropriate size, of a punitive damages award;

(2)     is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

(3)     is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant;

(4)     is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and

(5)     is not subject to judicial review on the basis of objective standards

would violate this Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Mississippi constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy, as no sufficient standard for application to the Plaintiffs exists.

## FORTY-THIRD DEFENSE

Affirmatively and alternatively, the Mississippi punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  In *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and its progeny, the United States Supreme Court held that grossly excessive punitive damages violate the Fourteenth Amendment to the United States Constitution. As the Court held, "[e]lementary notions of fairness enshrined in our constitutional jurisprudence dictate that a person receive fair notice not only of the conduct that will subject him to punishment but also of the severity of the penalty that a state may impose." *See also State Farm Mut. Automobile Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003) (holding that punitive damages award violated due process); *Cooper v. Leatherman Tool Group, Inc*., 121 S.Ct. 1678 (2001) (same).

## FORTY-FOURTH DEFENSE

Affirmatively and alternatively, the Mississippi punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution because there are no clearly applicable standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may no be imposed in the absence of the pre-existing express legislatively-established range of penalties. The Mississippi system affords juries latitude to employee standardless discretion to impose unlimited punishment, and Mississippi post-verdict reviews are neither meaningful nor constitutionally adequate to cure this crucial constitutional defect.

## <u>FORTY-FIFTH DEFENSE</u>

Affirmatively and alternatively, imposition of a punitive damage award against this Defendant in this case, in the absence of explicit, and clearly applicable particularized guidelines or standards, is highly unfair because an award made in the absence of such guideline or standards may be grossly excessive, disproportionate, arbitrary and irrational.  A punitive damages award in the absence of such guidelines or standards will bear no rational or reasonable relationship to this Defendant's alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct.  A punitive damage award in the absence of such guidelines or standards, therefore, would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the excessive penalties clauses of the Mississippi Constitution.

**WHEREFORE**, this Defendant respectfully prays that:

1.  The actions filed against Patriot be dismissed;

2.  This Defendant be awarded its costs; and

3.  For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 19th day of January 2012.

PATRIOT ENVIRONMENTAL SERVICES
INCORPORATED


   */s/  Patrick T. Bergin*
PATRICK T. BERGIN

PATRICK T. BERGIN; MSB #9482
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC
P. O. Drawer 4248
Gulfport, MS  39502
Telephone:  (228) 864-1170
Fax:  (228)868-1531
E-mail:  patrick.bergin@butlersnow.com

## CERTIFICATE OF SERVICE

I, Patrick T. Bergin, do hereby certify that I have this date electronically filed the foregoing pleading with the Clerk of the Court and served a copy of the foregoing pleading electronically to ECF participants via U.S. Mail upon non-ECF participants at their address of record.

Lee E. Young
Charles J. Mikhail
Young Law Firm, P.C.
P.O. Drawer 700
Pascagoula, MS  39568-0700

*Attorneys for the Plaintiff*

Jason D. Watkins
Forman Perry Watkins Krutz & Tardy, LLP
200 South Lamar Street
City Centre, Suite 100
Jackson, MS  39201

*Attorney for BP Exploration & Production Inc.,*
*BP Corporation North America, Inc., and BP America, Inc.*

This 19th day of January, 2012.

        */s/  Patrick T. Bergin*
        PATRICK T. BERGIN

Gulfport 614957v1