UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig            MDL NO. 2179
       "Deepwater Horizon" in the Gulf
       of Mexico, on April 20, 2010           SECTION J

Applies to: *All Cases*                       JUDGE BARBIER
                                                               MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding BP's Motion for Spoliation Sanctions (Rec. doc. 4799)]**

On December 5, 2011, BP filed a motion for spoliation sanctions concerning Halliburton's post incident cement testing in Duncan, Oklahoma, and Broussard, Louisiana, and 3D Modeling results.

A.     Duncan Cement Testing.

The motion concerns two cement mixing tests performed by Rickey Morgan at Halliburton's facility in Duncan. BP requests a finding that Halliburton's own internal, non-privileged testing at Duncan showed that Halliburton's Macondo slurry poured on April 19, 2010 was unstable. BP has to establish three elements to secure an adverse inference: (1) Halliburton's duty to preserve; (2) bad faith breach of the duty; and (3) prejudice. Ashton v. Knight Transportation, Inc., 772 F.Supp.2d 772, 799-801 (N.D. Tex. 2011). For the reasons presented by Halliburton, BP has not demonstrated that it has been prejudiced. BP's request for an adverse finding as to Morgan's two cement mixing tests is denied.

B.     Broussard Cement Testing.

Tim Quirk is the area lab manager for the GOM region. Rec. doc. 4961 (Exhibits 1 and 2 at 22). He oversaw four labs, including the cement lab at Broussard. Id. at 29. He reported to Ron Faul in Houston. Id. at 29-30. A few weeks after the blowout, Faul asked him to foam the slurry,

perform a foam stability test, and use lab stock additives. Id. at 89-90, and 93. Faul asked him to repeat the test that was done prior to April 20. Id. at 125. Quirk did not know what was done in Duncan. Id. at 125, 317. As to Quirk's two foam stability tests at Broussard, BP has not demonstrated that it has been prejudiced. Its request for an adverse finding as to Quirk's two foam stability tests is denied.

C.  Displace 3D Modeling.

BP seeks Halliburton's post incident proprietary Displace 3D modeling. Halliburton does not contend that the modeling is not discoverable. It responds that: (1) the modeling was done on Mark Savery's computer; (2) it conducted a forensic search of Savery's computer for the modeling; (3) if it is necessary, it will submit the computer to a third-party for forensic examination; and (4) if the modeling cannot be located, it will make its software available to BP, pursuant to a software escrow agreement; (5) BP can use the software to determine what the modeling would have shown; and (6) there is no basis for an adverse fact finding. Halliburton has not recovered the modeling and produced it to BP.

BP replies that: (1) Halliburton should be required to transfer the computer to Captain Englebert's possession; (2) forensic testing should be conducted under Captain Englebert's supervision; and (3) BP's rights to seek an adverse finding should be reserved pending the forensic analysis. BP urges that it has never used Halliburton's proprietary software and does not know what the requisite inputs might be.

The parties shall proceed as follows:

1.  Halliburton shall produce the computer to Captain Englebert. Halliburton and BP shall meet-and-confer on the terms of a protocol for this examination, including

agreement on the who will conduct the forensic testing, which shall be subject to Captain Englebert's approval. The costs of the examination shall be shared equally by Halliburton and BP.

2. Halliburton and BP shall meet-and-confer on whether the modeling can be replicated.

3. BP's rights to seek further relief are reserved.

4. The parties will proceed with all due speed and report any problems to the undersigned immediately.

IT IS ORDERED that: (1) BP's motion for spoliation sanctions (Rec. doc. 4799) is GRANTED in PART and DENIED in PART as provided herein; and (2) any appeal from this order shall be filed by **Thursday, January 26, 2012.**

New Orleans, Louisiana, this 20th day of January, 2012.

                                         **SALLY SHUSHAN**
                                         **United States Magistrate Judge**

cc: Captain Englebert