UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to: *All Cases*<br><br>(Including No. 10-2771) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**PLAINTIFFS' JOINDER IN AND SUPPLEMENT TO**
**BP'S MOTION FOR SPOLIATION SANCTIONS**

On December 5, 2011, BP filed a Motion for Spoliation Sanctions against Halliburton Energy Services, Inc. (hereinafter "Halliburton") [Doc 4799] surrounding the availability of results of Halliburton's own testing on the cement slurry used at the Macondo well.[1]

The Plaintiffs, by and through Co-Liaison Counsel and the Plaintiffs' Steering Committee, respectfully join in BP's Motion, adopting BP's Memorandum in Support [Doc 4799-1].

BP, in a lengthy and well-written memorandum established that Halliburton has caused the vital results of cement testing to not be recorded and/or be destroyed. The memorandum details Mr. Ronald Faul's participation in the activities complained of by BP.

At the time the aforementioned motion and memoranda were filed, BP's substitute cement expert, Ronald Crook (a former employee of Halliburton for 38 years),

---

[1] Halliburton filed a Response in Opposition to that same motion on December 19, 2011.

1

had not yet been deposed. In this recent deposition, Crook further established, based on his own personal experience working for Halliburton, that Halliburton's conduct was intentional contrary to appropriate and established policies. Specifically:

- Ronnie Faul was the first person Crook would call if there was a cement job failure.[2]

- It was customary and expected to investigate a cement failure and then discuss the failure with the Operator.[3]

- After Crook and his team would conduct their tests and analysis, they would normally transmit the data to a person like Ronnie Faul for final resolution.[4]

- It was customary after a cement failure to do lab tests on lab stock if rig stock was not available.[5]

- Crook could not think of a reason why there would not be any recorded data anywhere with the pertinent results and would have expected the data to have been written down.[6]

Hence, Mr. Crook's deposition testimony further substantiates that arguments made by BP and adopted by the Plaintiffs: Halliburton intentionally deviated from its customary practices to prevent these results from reaching other parties in this litigation.

---

[2] Exhibit A, *Deposition of Ronald Crook, Vol. 1*, January 17, 2012, p. 291 lines 11-12.
[3] *Id* at p. 291 line 22 to p. 292 line 9.
[4] *Id.* at p 292 line 10 to p. 293 line 1.
[5] *Id.* at p. 293 lines 3-12.
[6] *Id*. at p 293 line 23 to p. 294 line 17.

## CONCLUSION

For the above and foregoing reasons, and those more fully set out in BP's Motion for Spoliation Sanctions and BP's Memorandum in Support of Motion for Spoliation Sanctions and adopted by the Plaintiffs, BP's Motion for Spoliation Sanctions should be granted.

This 20th day of January, 2012.

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN KATZ & COTLAR LLP** | **DOMENGEAUX WRIGHT ROY & EDWARDS LLC** |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs Liaison Counsel* | *Plaintiffs Liaison Counsel* |

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of January, 2011.

　　　　　　　　　　　　　　　　　　　　s/  James Parkerson Roy and Stephen J. Herman