UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

## BP'S 01/20/2012 OBJECTIONS TO TRIAL EXHIBIT LISTS

Pursuant to the Court's January 18, 2012 Order (Rec. Doc. 5272), Defendants BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively "BP") submit their 01/20/2012 objections to the trial exhibit lists filed by the parties (attached hereto as "Exhibit A").

BP reserves the right to add, remove, or modify its objections, including with respect to exhibits appearing for the first time on the parties' 01/13/2012 trial exhibit lists. Parties other than BP added over 5,000 new exhibits on their 01/13/2012 trial exhibit lists. Certain parties, most notably the PSC and the United States, appear not to have complied with the Court's January 10, 2012 order requiring the identification of all exhibits that were added to or removed from the earlier good faith exhibit lists. Numerous documents appear to have been added by the PSC and the United States to the 1/13/12 trial exhibit lists, but not identified as new, as required by the Court's January 10, 2012 order. BP will be separately communicating with the PSC regarding this issue.

Accordingly, until all parties submit lists that comply with the Court's January 10, 2012 order and identify the thousands of exhibits added for the first time on the parties' January 13, 2012 lists, as required by the Court's January 10, 2012 order, BP objects on that basis, and reserves the right to add further objections to these exhibits.

Any objection on this list to any particular exhibit acts as an objection to all other exhibits that are duplicative or substantially similar but have different trial exhibit numbers. If a party has divided or will divide an exhibit into subsections, BP makes the same objections to those subsections as it did to the original exhibit. To the extent a party cures all of BP's authenticity objections to an exhibit, but BP had other, non-authenticity objections to that exhibit, those non-authenticity objections apply to the cured exhibit.

With respect to the PSC's sample list of 300 exhibits, BP has made an initial effort to incorporate the rulings in the Court's January 11, 2012 Order. BP reserves the right to further incorporate the rulings from that Order in the Court-required meet-and-confer discussions with the PSC regarding e-mail strings in the PSC's sample list of 300 exhibits.

BP reserves the right: (1) to add and/or remove objections based on objections by other parties; (2) to add and/or remove objections based on any party's motions in limine or ruling by the Court; (3) to add objections as to foundation (including foundation as to the business records exception to the hearsay rule), depending on what foundation is established at trial; (4) to add and/or remove objections in light of other parties' pre-trial filings, exhibit lists, physical exhibits, photographs, and demonstratives, as well as the evidence and arguments presented by other parties at trial; (5) to add and/or remove objections based on the ongoing deposition designation process; (6) to add and/or remove objections based on documents produced by other parties (including Halliburton and Transocean) recently, or documents identified in connection with the

completion of Phase One discovery; (7) to add and/or remove objections based on the ongoing Phase One expert discovery process; (8) to add and/or remove documents in light of the parties' listing of witnesses on their January 20, 2012 witness lists; (9) to add and/or remove documents based on the January 13, 2012 announcement that Jesse Gagliano plans to waive his Fifth Amendment rights and be deposed in the coming weeks, as well as Mr. Gagliano's deposition; (10) to object to any exhibit related only to Phase II or III issues; (11) to object to any exhibit whose admission is barred by statute or regulation, such as certain exhibits relating to the Marine Board or U.S. Chemical Safety Board investigations; (12) to object to documents addressed in BP's motions in limine; (13) to object to exhibits that set forth full or partial deposition testimony, page and line deposition designations, or deposition narrative summaries; (14) to object to any exhibit that any party has insufficiently or incorrectly identified on its exhibit list, or that it has not yet produced; and (15) to introduce at trial any exhibit to which BP has objected (*e.g.*, a document may be offered as an admission against another party but may be hearsay with regard to BP).

For any exhibit that BP states is admissible only as an admission by some other party, BP also objects to that exhibit on hearsay (F.R.E. 802) grounds, as inadmissible against BP. BP's objections on this list are in addition to any other objections made to any trial exhibit. BP incorporates by reference its September 12, 2011 objections.

Dated: January 20, 2012                         Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979

3

Facsimile: (504) 556-4108

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
312-862-2000 (Tel)
312-862-2200 (Fax)

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
202-662-5985

*Attorneys for Defendants BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of January, 2012.

        /s/ Don K. Haycraft