UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179 SECTION: J |
| Applies to: All Cases 2:10-cv-02771 | § § § § § | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## HESI'S OBJECTIONS TO NON-EMAIL EXHIBITS DESIGNATED BY OTHER PARTIES

Halliburton Energy Services, Inc. ("HESI") respectfully submits its Objections to Non-Email Exhibits Designated By Other Parties as follows:

Attached as Exhibit B is HESI's spreadsheet of objections to other parties' trial exhibits. In addition to the standard identifying information agreed to by the parties, HESI's spreadsheet of objections includes the following information for each exhibit:

1. Any applicable motion *in limine*. *See* Rec. Doc. 4280 at 7. Exhibit A attached hereto includes codes for each referenced motion *in limine,* and

2. Whether the exhibit is included in the PSC's list of 300. *See* Rec. Doc. 3916 at 4.

**Notes of Witness Interviews**: The parties designated numerous exhibits that are purportedly typewritten or handwritten notes of witness interviews. These exhibits are inadmissible as hearsay, but may be admissible against the declarant as a party admission. To the extent any statement contained in the notes purports to be an expert opinion, it is objectionable under Rule 702.

**Prior Testimony**: Exhibits that constitute prior testimony or prior recorded statements are inadmissible hearsay. *See* FED. R. EVID. 802. If prior testimony or recorded

HESI'S OBJECTIONS TO NON-EMAIL EXHIBITS DESIGNATED BY OTHER PARTIES         PAGE 1

1834386 v1-24010/0002 PLEADINGS

statements are related to the United States Coast Guard investigation, it is inadmissible pursuant to 46 U.S.C. § 6308.  However, if a particular witness invokes his or her Fifth Amendment right at trial, all or portions of that witness' testimony may be admissible.  *See* Rec. Doc. 4522.

**Party Admissions**:  Although HESI objects to numerous exhibits as hearsay, such exhibits may constitute admissions by a party opponent.  HESI's hearsay objections shall not constitute a waiver of its right to use such exhibits in cross-examination against an opposing party.  *See* FED. R. EVID. 804(b)(3).  If HESI uses any exhibit in cross-examination pursuant to Rule 804(b)(3), HESI does not waive its right to object to the exhibit's use against HESI.

**Authentication**:  Because the parties agreed to cure any exhibits with improper highlighting and handwriting, HESI filed no objections based on authenticity on January 13, 2011.  HESI's spreadsheet identifies those exhibits that do not appear to have been cured.  HESI will continue to confer with other parties, but reserves its right to object to any exhibit that is not cured before trial.

**Unknown/Unavailable Exhibits**:  Many exhibits are not identified by Bates numbers or are otherwise unavailable or unviewable to HESI.  HESI has made and will continue to make good faith efforts to locate such exhibits and will continue to confer with the other parties regarding this issue.  HESI reserves its right to object to any exhibits that are not Bates numbered and those that are not otherwise available or viewable to HESI.

**Exhibits Identified in Deposition Cuts**:  Because the Court has established separate processes for objections to deposition designations, HESI does not include objections to any deposition transcripts or summaries. HESI reserves the right to object to all exhibits designated after January 20, 2012, including deposition exhibit designations not yet uploaded to WorldWide.

**E-Mails and E-Mail Strings**:  HESI's spreadsheet does not include its objections to emails and email strings.  *See* Rec. Doc. 5143.  Instead, as the Court directed, HESI will confer with the other parties regarding the admissibility of emails identified in the PSC's list of top 300 exhibits.  If the parties cannot reach an agreement by January 30. 2012, HESI will provide a brief that identifies the objectionable exhibits and the basis for HESI's objections to the same.  *See* Rec. Doc. 5143, 5272.

**Duplicate Exhibits**:  HESI's objection to one exhibit applies to all duplicates and or versions of that exhibit.

Dated:  January 20, 2012.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:**  /s/  *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
FHartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
GHill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Objections to Non-Email Exhibits Designated by Other Parties was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this 20th day of January 2012.

/s/ Donald E. Godwin
Donald E. Godwin