**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
| | SECTION: J |
| This Pleading Applies to: | JUDGE BARBIER |
| *Pleading Bundle C*, No. 10-2771 | MAGISTRATE SUSHAN |

**ANSWER OF MOEX OFFSHORE 2007 LLC AND MOEX USA CORPORATION TO LOCAL GOVERNMENT ENTITY VOLUNTARY MASTER COMPLAINT, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT ("BUNDLE C")**

Defendants MOEX Offshore 2007 LLC ("Offshore") and MOEX USA Corporation ("MOEX USA") hereby answer the Local Government Entity Voluntary Master Complaint, Cross-Claim and Third-Party Complaint (the "Complaint") as follows.[1]

## Construction of this Pleading

The section headings herein are those used in the Complaint by the local government entities and officials that have joined therein (the "Local Government Plaintiffs"). Offshore and MOEX USA have used those headings solely for convenience. Offshore and MOEX USA do not thereby adopt, agree with or endorse any statement, express or implied, in any of the section headings. Further, Offshore and MOEX USA answer only on behalf of themselves, and this Answer should not be construed to make any admissions on behalf of Mitsui Oil Exploration Company, Ltd. ("MOECO"). Except as expressly pleaded herein, Offshore and MOEX USA deny the allegations in the Complaint.

## Introduction

<u>First Paragraph</u>: In response to the first sentence, Offshore and MOEX USA admit that on April 20, 2010, a blowout occurred in the Gulf of Mexico on the Outer Continental Shelf. In response to the Second Sentence, Offshore and MOEX USA admit that an oil spill occurred following the blowout. In response to the third sentence, Offshore and MOEX USA admit that the well is now capped. On information and belief, Offshore and MOEX USA deny the balance of the allegations in the first paragraph of the Introduction.

<u>Second paragraph</u>: In response to the first sentence, Offshore and MOEX USA admit that hundreds of individual and class actions were filed by claimants following the oil spill.

---

[1] This paper is filed jointly on behalf of Offshore and MOEX USA. Both entities have joined in this filing pursuant to the Court's expressed desire to limit the number of motions and supporting papers submitted. Nonetheless, each entity maintains a separate corporate status and, by joining in this submission, does not waive any and all separate defenses that it may have.

Offshore and MOEX USA admit that the second and third sentences paraphrase an August 10, 2010 Order of the U.S. Judicial Panel on Multi-District Litigation, and the answering defendants respectfully refer the Court to that Order for its full content.  In response to the third sentence, Offshore and MOEX USA admit that the Local Government Plaintiffs purport to paraphrase Case Management Order No. 1, and respectfully refer the Court to that Order for its full text.

Third Paragraph:  The third paragraph of the Introduction states legal characterizations and conclusions of law as to which no responsive pleading is required.

Fourth Paragraph:  The fourth paragraph of the Introduction states legal characterizations and conclusions of law as to which no responsive pleading is required.

164.    In response to Paragraph 164, Offshore and MOEX USA admit, on information and belief, that a blowout occurred on April 20, 2010, and that a subsequent explosion on the vessel *Deepwater Horizon* occurred at approximately 9:45 p.m. CST, resulting in a fire on the vessel, which sank two days later.  Paragraph 164 otherwise concerns events about which Offshore and MOEX USA have no direct knowledge or involvement, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

165.    In response to Paragraph 165, Offshore and MOEX USA admit that oil discharged from the marine riser pipe that had connected the vessel *Deepwater Horizon* to the wellhead, and further admit that the marine riser pipe was part of the vessel.  Paragraph 165 otherwise concerns events about which Offshore and MOEX USA have no direct knowledge or involvement, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

166.    In response to Paragraph 166, Offshore and MOEX USA admit that oil discharged from the marine riser pipe that had connected the vessel *Deepwater Horizon* to the wellhead, and further admit that the marine riser pipe was part of the vessel.  Paragraph 166 otherwise concerns events about which Offshore and MOEX USA have no direct knowledge or involvement, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

167.    Insofar as the allegations of Paragraph 167 refer to Offshore and MOEX USA, Offshore and MOEX USA deny all of the allegations in Paragraph 167.  Insofar as the allegations of Paragraph 167 refer to parties other than Offshore and MOEX USA, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

168.    Insofar as the allegations of Paragraph 168 refer to Offshore and MOEX USA, Offshore and MOEX USA deny all of the allegations in paragraph 168.  Insofar as the allegations of Paragraph 168 refer to parties other than Offshore and MOEX USA, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

169.    Insofar as the allegations of Paragraph 169 refer to Offshore and MOEX USA, the answering defendants deny all of the allegations in paragraph 169.  Insofar as the allegations of Paragraph 169 refer to parties other than Offshore and MOEX USA, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

170.    The allegations in Paragraph 170 concern events about which Offshore and MOEX USA have no direct knowledge or involvement, and the answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

171.    The allegations in Paragraph 171 concern events about which Offshore and MOEX USA have no direct knowledge or involvement, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

172.    The allegations in Paragraph 172 concern events about which Offshore and MOEX USA have no direct knowledge or involvement, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

173.    The allegations in Paragraph 173 concern events about which Offshore and MOEX USA have no direct knowledge or involvement, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

174.    Paragraph 174 states legal characterizations and conclusions as to which no responsive pleading is required, except that Offshore and MOEX USA deny that class certification is appropriate in this case.

175.    Paragraph 175 states legal characterizations and conclusions as to which no responsive pleading is required.

176.    In response to Paragraph 176, Offshore and MOEX USA deny that class certification of all or part of the claims in the Bundle C Complaint would be proper.  Paragraph 176 otherwise states legal characterizations and conclusions as to which no responsive pleading is required.

177.    Offshore and MOEX USA admit that Paragraph 177 refers to a Local Government Short Form, and respectfully refer the Court to that form for its full content. Paragraph 177 otherwise states legal characterizations and conclusions as to which no responsive pleading is required.

## PARTIES, JURISDICTION, AND VENUE

### *Parties*

178.    Offshore and MOEX USA admit that the Bundle C Complaint purports to pursue claims on behalf of the Local Government Plaintiffs described in Paragraph 178.  Offshore and MOEX USA otherwise deny the allegations set forth in Paragraph 178.

179.    Paragraph 179 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief in the truth of those allegations, except Offshore and MOEX USA admit that BP Exploration was the designated operator for the Macondo lease, and that this designation was approved by MMS.

180.    Paragraph 180 concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except Offshore and MOEX USA admit, upon information and belief, that BP America Production Company and Transocean Holdings Inc. became parties to Drilling Contract No. 980249.

181.    Paragraph 181 concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief in the truth of those allegations, except Offshore and MOEX USA admit that BP Exploration & Production Inc. is a wholly-owned subsidiary of a company whose ultimate parent corporation is BP p.l.c.

182.    Paragraph 182 concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

183.    Paragraph 183 states characterizations and conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Paragraph 183 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

184.    Paragraph 184 states characterizations and conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Paragraph 184 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

185.    Paragraph 185 states characterizations and conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Paragraph 185 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

186.    Paragraph 186 states characterizations and conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Paragraph 186 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

187.    Paragraph 187 states characterizations and conclusions of law as to which no responsive pleading is required.  To the extent that a response is required, Paragraph 187 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

188.    Paragraph 188 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Offshore and MOEX USA admit that BP Exploration was the lease operator of the Macondo Prospect site, and respectfully refer the Court to the Operating Agreement dated as of October 1, 2009 for BP Exploration's responsibilities thereunder..

189.    Paragraph 189 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except Offshore and MOEX USA admit the last sentence of Paragraph 189 purports to paraphrase a pleading filed by Transocean Ltd., and respectfully refer the Court to the relevant pleading for its full content.

190.    Paragraph 190 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

191.    Paragraph 191 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

192.    Paragraph 192 concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except the answering defendants admit, on information and belief, that Transocean Holdings Incorporated was sent a letter from the U.S. Coast Guard dated April 28, 2010 that, among other things, designated the vessel *Deepwater Horizon* as the source of an oil discharge under the Oil Pollution Act.

193.    Paragraph 193 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

194.    Paragraph 194 concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

195.    Paragraph 195 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Offshore and MOEX USA admit, on information and belief, the last sentence of Paragraph 195.

196.    Paragraph 196 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

197.    Paragraph 197 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

198.    To the extent that Paragraph 198 contains a characterization of Plaintiffs' pleading, no responsive pleading is required.  To the extent that Paragraph 198 contains a factual allegation, it concerns parties other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

199.     Paragraph 199 concerns a party other than Offshore or MOEX USA, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

200.     Paragraph 200 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

201.     Paragraph 201 contains conclusions of law as to which no responsive pleading is required.

202.     Paragraph 202 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

203.     Paragraph 203 concerns a party other than Offshore or MOEX USA, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

204.     In response to the first sentence of paragraph 204, Offshore and MOEX USA deny that Offshore is a Delaware corporation; admit that Offshore is a Delaware Limited Liability Company; and admit that Offshore's principal place of business is Houston, Texas.  In response to the second sentence of Paragraph 204, Offshore and MOEX USA deny that Offshore does business in Louisiana and admit that Offshore invested in a lease for a block located on the Outer Continental Shelf, where a deepwater drilling project was being pursued.  Offshore and MOEX USA admit the third sentence of Paragraph 204.  Offshore and MOEX USA deny the fourth sentence of Paragraph 204.  In response to the final sentence of Paragraph 204, Offshore and MOEX USA admit that, at certain relevant times, Offshore was a party to the Operating

9

Agreement and held a 10% interest in the lease of the Macondo Prospect site in the Mississippi Canyon Block 252 in the Gulf of Mexico, on the Outer Continental Shelf.  Offshore and MOEX USA deny the balance of Paragraph 204.

205.   Offshore and MOEX USA admit the first sentence of Paragraph 205 and deny the balance of Paragraph 205.

206.   Offshore and MOEX USA admit the first and second sentences of Paragraph 206, and deny the balance of Paragraph 206.

207.   Offshore and MOEX USA deny Paragraph 207.

208.   Offshore and MOEX USA admit the first sentence of Paragraph 208.  In response to the second sentence of Paragraph 208, Offshore and MOEX USA admit that Mitsui & Co., Ltd. is a publicly traded company, but deny the remainder of the allegations in that sentence. The third sentence of Paragraph 208 refers to certain consolidated financial statements and filings with the U.S. Securities and Exchange Commission, and Offshore and MOEX USA respectfully refer the Court to those documents for their content.  The final sentence of Paragraph 208 purports to quote a document, but does not identify the document quoted; therefore, Offshore and MOEX USA are without sufficient information to determine whether the quotation is accurate; however, Offshore and MOEX USA admit that MOECO is engaged in the activities listed, except that the words "mineral resources" should be changed to "hydrocarbon resources."

209.   Offshore and MOEX USA deny the first and second sentences of paragraph 209. In response to the third sentence of Paragraph 209, Offshore and MOEX USA note that the source of the quoted material attributed to MOECO is not identified; therefore, Offshore and MOEX USA cannot determine with certainty whether that material has been quoted accurately; however, Offshore and MOEX USA deny that the United States is a "Core Area" for MOECO.

Offshore and MOEX USA admit the fourth sentence of Paragraph 209.  Offshore and MOEX USA deny the last sentence of Paragraph 209.

210.     In response to the first sentence of Paragraph 210, Offshore and MOEX USA admit that subsidiaries of MOECO have made a maximum of four investments in the United States, three of which have been in the Gulf of Mexico; except as so admitted, Offshore and MOEX USA deny the first sentence of Paragraph 210.  Offshore and MOEX USA deny the second sentence of Paragraph 210.  In response to the third sentence of Paragraph 210, Offshore and MOEX USA understand the term "Japanese companies" to refer to MOECO and Mitsui & Co., Ltd. and, on that basis, deny the third sentence of Paragraph 210.  Offshore and MOEX USA deny the final sentence of Paragraph 210.

211.     Offshore and MOEX USA deny Paragraph 211.

212.     Offshore and MOEX USA deny Paragraph 212.

213.     Offshore and MOEX USA deny the first sentence of Paragraph 213.  The second sentence of paragraph 213 purports to quote from an announcement dated July 24, 2007, and Offshore and MOEX USA respectfully refer the Court to that announcement for its full content.  Offshore and MOEX USA admit the third sentence of Paragraph 213 and deny the fourth sentence of Paragraph 213.

214.     Offshore and MOEX USA deny Paragraph 214.

215.     In response to Paragraph 215, Offshore and MOEX USA admit that BP E&P and Offshore entered into a Lease Exchange Agreement effective as of October 1, 2009.  Offshore and MOEX USA respectfully refer the Court to the Lease Exchange Agreement for its terms.  Offshore and MOEX USA deny the remaining allegations in Paragraph 215.

216.    In response to the first sentence of Paragraph 216, Offshore and MOEX USA admit that BP E&P, as the Operator, and Offshore, as a Non-Operating Party, entered into the Operating Agreement, which was effective as of October 1, 2009.  In response to the second sentence of Paragraph 216, Offshore and MOEX USA admit that on or about December 17, 2009, BP E&P, Offshore, Anadarko and Anadarko E&P executed a document entitled "Ratification and Joinder of Operating Agreement" for the Macondo Prospect site.  In response to the third sentence of Paragraph 216, Offshore and MOEX USA admit that, immediately following the execution of the Ratification and Joinder of Operating Agreement, the parties' interests in the lease to the Macondo Prospect site were BP E&P, 65%; Offshore, 10%; Anadarko E&P, 22.5%; and Anadarko, 2.5%.  Except as expressly pleaded herein, Offshore and MOEX USA deny Paragraph 216.

217.    Offshore and MOEX USA deny Paragraph 217.

218.    Offshore and MOEX USA deny the first sentence of Paragraph 218.  In response to the second sentence of Paragraph 218, Offshore and MOEX USA admit that Mitsui has made public statements concerning the oil spill.  Offshore and MOEX USA deny the third sentence of paragraph 218.

219.    Offshore and MOEX USA deny paragraph 219.

220.    Paragraph 220 contains a purported reservation of rights, to which no responsive pleading is required.

### *Jurisdiction*

221.    Paragraph 221 contains legal conclusions to which no responsive pleading is required.

222.     Paragraph 222 contains legal conclusions to which no responsive pleading is required.

223.     Paragraph 223 contains a legal conclusion to which no responsive pleading is required.

224.     Paragraph 224 contains a legal conclusion to which no responsive pleading is required.

225.     Paragraph 225 contains legal conclusions to which no responsive pleading is required.

*Venue*

226.     Paragraph 226 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Offshore and MOEX USA deny the first sentence of Paragraph 226 because the vessel *Deepwater Horizon* was located on the Outer Continental Shelf.  In response to the final sentence of Paragraph 226, the answering defendants respectfully refer the Court to Pretrial Order No. 20 for its full text.  In response to the remainder of the allegations in Paragraph 226, Offshore and MOEX USA do not contest the laying of venue in this district.

## FACTUAL ALLEGATIONS

### A.     The Process of Deepwater Offshore Drilling

227.     In response to Paragraph 227, Offshore and MOEX USA admit that on April 20, 2010 there was a blowout event leading to a release of hydrocarbons, an explosion and fire, the eventual sinking of the vessel *Deepwater Horizon*, and the further release of hydrocarbons. Except as so admitted, Offshore and MOEX USA deny the allegations of Paragraph 227.

228.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 228. Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 228.

229.    In response to Paragraph 229, Offshore and MOEX USA admit, on information and belief, that after the April 20, 2010 incident, oil and gas were released into the Gulf of Mexico until the well was capped on July 15, 2010.  Except as so admitted, Offshore and MOEX USA deny the allegations of Paragraph 229.

230.    Paragraph 230 concerns the "Drilling Defendants," which do not include Offshore and MOEX USA.  Because Paragraph 230 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the facts alleged therein.  Without limiting the foregoing, Offshore and MOEX USA admit that Paragraph 230 purports to quote a co-chairman of the National Commission investigating the incident. Offshore and MOEX USA further respond that Paragraph 230 does not identify which co-chairman made the purported statement or the source of the purported statement, and therefore does not provide a sufficient basis for Offshore or MOEX USA to determine whether the quotation is accurate.  Offshore and MOEX USA deny that they had responsibility for any alleged "missteps, miscalculations [or] miscommunications" referred to in the quotation.

**B.      The Macondo Lease, and BP's Exploration Plan and Drilling Permit**

231.    Offshore and MOEX USA deny the first sentence of Paragraph 231.  Offshore and MOEX USA admit, on information and belief, the balance of the allegations of Paragraph 231.

232.    Offshore and MOEX USA admit, on information and belief, the allegations of Paragraph 232.

233.    Offshore and MOEX USA admit, on information and belief, the allegations of Paragraph 233.

234.    On information and belief, Offshore and MOEX USA deny Paragraph 234.

235.    On information and belief, Offshore and MOEX USA deny Paragraph 235.

236.    On information and belief, Offshore and MOEX USA deny Paragraph 236.

237.    On information and belief, Offshore and MOEX USA admit the first sentence and deny the second sentence of Paragraph 237.

238.    Offshore and MOEX USA admit, on information and belief, the allegations of Paragraph 238, except Offshore denies knowledge or information sufficient to form a belief as to the allegations in footnote 2.

239.    Offshore and MOEX USA admit, on information and belief, the allegations of Paragraph 239, except that Offshore and MOEX USA deny knowledge or information sufficient to form a belief as to whether Paragraph 239 describes conditions with respect to the Macondo well.

240.    On information and belief, Offshore and MOEX USA deny Paragraph 240.

**C.    The _Deepwater Horizon_'s Poor Safety and Maintenance Record**

241.    On information and belief, Offshore and MOEX USA admit the allegations of Paragraph 241.

242.    Paragraph 242 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Offshore and MOEX USA admit that Paragraph

242 purports to paraphrase 30 C.F.R. §§250.201 and 250.202, and the answering defendants respectfully refer the Court to those regulations for their full content.

243.    Paragraph 243 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Offshore and MOEX USA admit that Paragraph 243 purports to quote from 30 C.F.R. §§ 250.212, 250.219 and 250.227, and the answering defendants respectfully refer the Court to those regulations for their full content.

244.    Paragraph 244 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Offshore and MOEX USA admit that Paragraph 244 purports to quote from 30 C.F.R. § 250.213(g), and the answering defendants respectfully refer the Court to that regulation for its full content.

245.    Paragraph 245 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Offshore and MOEX USA admit that Paragraph 245 purports to quote from 30 C.F.R. § 250.219, and the answering defendants respectfully refer the Court to that regulation for its full content.

246.    Paragraph 246 contains legal conclusions to which no responsive pleading is required.  To the extent a response is required, Offshore and MOEX USA admit that Paragraph 246 purports to paraphrase 30 C.F.R. § 250.280, and the answering defendants respectfully refer the Court to that regulation for its full content.

247.    Offshore and MOEX USA admit, on information and belief, the first sentence of Paragraph 247.  The balance of Paragraph 247 purports to paraphrase and quote from BP's Initial EP for the Macondo Prospect site, and Offshore and MOEX USA respectfully refer the Court to that filing for its full content.

248.    In response to the first sentence of Paragraph 248, Offshore and MOEX USA admit that the MMS approved BP's Initial EP.  Except as so pleaded, Offshore and MOEX USA lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 248.

249.    In response to Paragraph 249, Offshore and MOEX USA admit that BP sought a permit from the MMS for deepwater drilling.  Except as so pleaded, Offshore and MOEX USA lack knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 249.

### D.    Macondo: A Troublesome Well

250.    In response to Paragraph 250, Offshore and MOEX USA admit that Offshore entered into an Operating Agreement with BP, and that Anadarko and Anadarko E&P subsequently became parties to the Operating Agreement by executing a "Ratification and Joinder of Operating Agreement" dated December 17, 2009.  Offshore and MOEX USA deny that the Operating Agreement is described in Paragraph 232.

251.    In response to Paragraph 251, Offshore and MOEX USA admit that Plaintiffs purport to characterize the Operating Agreement; deny that the characterization of the Operating Agreement is accurate; and respectfully refer the Court to the text of the Operating Agreement, in particular sections 4.1 and 5.1, for a full statement of the parties' respective rights and obligations.

252.    In response to Paragraph 252, Offshore and MOEX USA admit that the Operating Agreement provided for the execution of Authorizations for Expenditures, also known as AFEs, if a party agreed to the expenditures contemplated by the AFE.  To the extent that Paragraph 252 purports to describe BP's well plan and certain AFEs, Offshore and MOEX USA  respectfully refer the Court to those documents for their content.  Offshore admits that an AFE informed the

parties to the Operating Agreement of the amounts of money to be expended pursuant to the AFE, if the AFE was approved.  Offshore and MOEX USA deny the balance of Paragraph 252.

253.    Offshore and MOEX USA admit that Paragraph 253 purports to characterize the Operating Agreement; deny that the characterizations are accurate; and respectfully refer the Court to the Operating Agreement, in particular sections 4.1 and 5.1, for a full and correct statement of the parties' respective rights and obligations thereunder.

254.    Offshore and MOEX USA deny Paragraph 254.

**E.    Reckless Decision-Making in the Rush to Complete the Well**

255.    In response to Paragraph 255, Offshore and MOEX USA admit, on information and belief, the following:  (1) the vessel *Deepwater Horizon* was valued for replacement cost purposes at $560,000,000; (2) it was a dynamically-positioned semi-submersible mobile offshore drilling unit; and (3) it was put into service in February 2001.  Offshore and MOEX USA deny that the *Deepwater Horizon* was built for Transocean, but aver on information and belief that it was built for R&B Falcon Drilling Co., which Transocean later acquired.

256.    In response to Paragraph 256, Offshore and MOEX USA admit, on information and belief, that the *Deepwater Horizon* was owned by a Transocean-related entity (and/or one of its predecessors) and leased to BP (and/or one of its predecessors) for drilling exploratory wells at the Macondo Prospect site.  To the extent that Paragraph 256 and footnote 3 refer to the December 9, 1998 Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co., Offshore and MOEX USA respectfully refer the Court to that document for its full content. Offshore and MOEX USA admit, on information and belief, the first sentence of footnote 3 of Paragraph 256.  Offshore and MOEX USA admit, on information and belief, the second sentence of footnote 3 of Paragraph 256, except that Offshore and MOEX USA deny the *Deepwater*

*Horizon* was being built for R&B Falcon Corp.  Offshore and MOEX USA lack knowledge or information sufficient to form a belief in the truth of the third sentence of footnote 3 of Paragraph 256.  Offshore and MOEX USA admit, on information and belief, the fourth sentence of footnote 3 of Paragraph 256.

257.    Paragraph 257 concerns the "Drilling Defendants," which do not include Offshore and MOEX USA.  As a result, Paragraph 257 does not assert any allegations against Offshore and MOEX USA to which a response is required.  To the extent a response is required, Offshore and MOEX USA lack knowledge or information sufficient to form a belief in the truth of the first two sentences in Paragraph 257.   In response to the third sentence of Paragraph 257, Offshore and MOEX USA admit that Transocean commissioned a study of its operations prior to the Spill.

258.    Paragraph 258 concerns the "Drilling Defendants," which do not include Offshore and MOEX USA.  As a result, Paragraph 258 does not assert any allegations against Offshore and MOEX USA to which a response is required.  To the extent a response is required, Offshore and MOEX USA lack knowledge or information sufficient to form a belief in the truth of the allegations in the first sentence of Paragraph 258.   To the extent that the first sentence of Paragraph 258 includes quoted material, it does not identify the source of the statement purportedly quoted; consequently, Offshore and MOEX USA cannot determine whether the quotation is accurate.  The second sentence of Paragraph 258 contains a cross-reference as to which no response is required.

259.    Paragraph 259 concerns the "Drilling Defendants," which do not include Offshore and MOEX USA.  As a result, Paragraph 259 does not assert any allegations against Offshore and MOEX USA to which a response is required.  To the extent a response is required, Offshore

and MOEX USA lack knowledge or information sufficient to form a belief in the truth of the allegations in Paragraph 259.

    **F.**      **Premature and Nonstandard Mud Displacement Begins**

    260.    In response to the first sentence of Paragraph 260, Offshore and MOEX USA admit the Macondo site is located in the Northern Gulf of Mexico and that drilling operations occurred at depths in excess of 18,000 feet.  The remaining allegations in Paragraph 260 concern parties other than Offshore and MOEX USA, events in which Offshore and MOEX USA were not involved, and/or statements of opinion concerning geologic characteristics of the Macondo site; Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

    261.    Paragraph 261 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, the second sentence of Paragraph 261 purports to quote emails from BP employees, but does not identify the employees or the emails quoted; therefore, Offshore and MOEX USA cannot determine whether the quotations are accurate.  To the best of Offshore and MOEX USA's knowledge, it did not receive any such emails.

    262.    Paragraph 262 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Paragraph 262 references certain reports from *Deepwater Horizon* workers and a NOAA Flow Rate Technical Group report, and purports to quote the MMS; however, Paragraph

262 does not identify the sources for these references and quotations; as a result, Offshore and MOEX USA cannot determine whether the references and quotations are accurate.

263.     Paragraph 263 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

264.     Paragraph 264 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

265.     Paragraph 265 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

266.     Paragraph 266 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.   Without limiting the foregoing, the second sentence of Paragraph 266 purports to paraphrase statements of Mike Williams, but does not identify the source of those statements; therefore, Offshore and MOEX USA cannot determine whether the paraphrase is accurate.

267.     Paragraph 267 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

268.     Paragraph 268 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

269.     Paragraph 269 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 269 purports to quote a statement by Robert Bea, but does not identify the source of the quotation; therefore, Offshore and MOEX USA cannot determine whether the quotation is accurate.

270.     Paragraph 270 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein. The second sentence of Paragraph 270 purports to draw conclusions from the testimony of certain employees, but does not identify the employees or state where the testimony may be found; consequently, Offshore and MOEX USA cannot determine whether the second sentence of Paragraph 270 is accurate.

271.     Paragraph 271 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of Paragraph 271.

G.      **The Well Fails Key Pressure Tests, Yet Drilling Defendants Press On**

272.    Paragraph 272 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

273.    In response to Paragraph 273, Offshore and MOEX USA admit that governmental hearings and investigations concerning the oil spill have taken place.  To the extent that Paragraph 273 purports to describe the testimony in those investigations and hearings, and to quote the "chairmen of the presidential commission investigating the Spill," Paragraph 273 does not provide sufficient detail for Offshore and MOEX USA to determine whether the description and quotation are accurate.  Without limiting the foregoing, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the substance of Paragraph 273.

274.    To the extent that Paragraph 274 refers to the conduct of Offshore and MOEX USA, it is denied.  Without limiting the foregoing, Paragraph 274 purports to quote Robert Bea, but does not identify the source from which the quotation is taken, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

275.    To the extent that Paragraph 275 refers to decisions or actions by Offshore or MOEX USA, it is denied.  To the extent that Paragraph 275 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 275 purports to quote

"independent experts in the Deepwater Horizon Study Group," but does not identify the source from which the quotation is taken; as a result, Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

276.    To the extent that Paragraph 276 refers to the conduct of Offshore and MOEX USA, it is denied.  Offshore and MOEX USA admit that Paragraph 276 purports to quote a BP *Deepwater Horizon* Accident Investigation Report dated September 8, 2010, and respectfully refer the Court to that document for its content.  To the extent that Paragraph 276 refers to parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, except as expressly pleaded herein, the answering defendants lack knowledge or information sufficient to form a belief in the truth of Paragraph 276.

2.       **Cutting Corners on Well Design**

277.    Paragraph 277 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of Paragraph 277.

278.    Paragraph 278 concerns events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of Paragraph 278.

279.    On information and belief, Offshore and MOEX USA deny Paragraph 279.

280.    On information and belief, Offshore and MOEX USA deny Paragraph 280.

281.    Paragraph 281 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 281.  Without limiting the foregoing, Offshore and MOEX USA admit that Paragraph

281 purports to quote and paraphrase an undated BP "Forward Review Plan", but are without knowledge or information sufficient to form a belief as to the accuracy of the purported quotations or paraphrases.

282.     Paragraph 282 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 282.  Without limiting the foregoing, Offshore and MOEX USA admit that Paragraph 282 purports to quote and paraphrase a BP "Forward Review Plan", but are without knowledge or information sufficient to form a belief as to the accuracy of the purported quotations or paraphrases.

283.     Paragraph 283 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 283.  Without limiting the foregoing, Offshore and MOEX USA admit that Paragraph 283 purports to quote and paraphrase a BP "Forward Review Plan", but are without knowledge or information sufficient to form a belief as to the accuracy of the purported quotations or paraphrases.

284.     Paragraph 284 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 284.  Without limiting the foregoing, the last sentence of Paragraph 284 purports to quote BP internal emails from late March 2010 without identifying those emails with sufficient specificity for Offshore and MOEX USA to determine whether the quotations are accurate.  To

the best of their knowledge, Offshore and MOEX USA did not receive any emails matching the description in Paragraph 284.

285.     Paragraph 285 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

286.     Paragraph 286 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 286 purports to quote or paraphrase various internal reports, federal investigations and statements of Mark E. Hafle, none of which are identified with sufficient specificity for Offshore and MOEX USA to determine whether the quotations or paraphrases are accurate.

287.     Paragraph 287 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

288.     Offshore and MOEX USA admit, on information and belief, the first two sentences of Paragraph 288.  Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the third sentence of Paragraph 288.

289.     On information and belief, Offshore and MOEX USA admit the first and third sentences, and deny the second sentence, of Paragraph 289.

290.    Paragraph 290 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

291.    Paragraph 291 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### 3.    Using Too Few Centralizers

292.    The allegations in the first sentence of Paragraph 292 concern parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  On information and belief, Offshore and MOEX USA admit the second and third sentences of Paragraph 292, which describe the purpose of centralizers.  On information and belief, Offshore and MOEX USA admit that the fourth and fifth sentences of Paragraph 292 describe a technical possibility, and note that this sentence does not purport to describe the conditions at the Macondo well.  The last sentence of Paragraph 292 purports to quote a statement from an undated email from BP Operations Vice President Brett Cocales, but does not identify the source of that quotation, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.  To the best of Offshore and MOEX USA's knowledge, Offshore and MOEX USA did not receive any such email.

293.    Offshore and MOEX USA admit that Paragraph 293 purports to quote a statement from the American Petroleum Institute's Recommended Practice 65, and respectfully refer the Court to that document for its full content.

294.    Paragraph 294 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 294 purports to quote BP official Brett Cocales, but does not identify the source of that quotation, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

295.    Paragraph 295 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 295 purports to quote Halliburton employee Marvin Volek but does not identify the source of that quotation, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

### 4.    Skipping Critical "Bottoms Up" Mud Circulation

296.    Offshore and MOEX USA admit, on information and belief, that the second and third sentences of Paragraph 296 accurately describe the "bottoms up" procedure.  The remainder of Paragraph 296 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein .

297.    Offshore and MOEX USA admit that Paragraph 297 purports to quote a statement from the American Petroleum Institute guidelines, and respectfully refer the Court to those guidelines for their full content.

298.    Paragraph 298 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 298 purports to quote Halliburton technical advisor Jesse Gagliano but does not identify the source of that quotation, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the accuracy of the purported quotation.

299.    Paragraph 299 purports to quote from BP's April 15, 2010 operations plan for the *Deepwater Horizon*, and Offshore and MOEX USA respectfully refer the Court to that document for its full content.

300.    Paragraph 300 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

301.    Paragraph 301 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**5.     Cementing: the Incorrect Cement Mixture and a Failed Seal**

302.    Paragraph 302 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

303.    The first sentence of Paragraph 303 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The remainder of Paragraph 303 purports to describe a 2007 study by the MMS, and Offshore and MOEX USA respectfully refer the Court to that document for its full content.

304.    Paragraph 304 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

305.    On information and belief, Offshore and MOEX USA admit the allegations in footnote 4 to paragraph 305.  The remainder of Paragraph 305 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

306.    Paragraph 306 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

307.    The first and third sentences of Paragraph 307 concern parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  On information and belief, Offshore and MOEX USA admit the second sentence of Paragraph 307.

308.    Paragraph 308 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the first sentence of Paragraph 308 paraphrases a statement by "Fred Bartlitt, Jr., the lead investigator for the presidential commission investigating the Spill," but does not identify the source in which the statement appears; therefore, Offshore and MOEX USA cannot determine whether the paraphrase is accurate.

309.    Paragraph 309 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, the last sentence of Paragraph 309 purports to quote a comment made by Robert Bea to the *Washington Post,* but does not identify the source of the purported comment sufficiently for Offshore and MOEX USA to determine whether the quotation is accurate.

310.    Paragraph 310 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, the last sentence of Paragraph 310 purports to paraphrase comments that are attributed to "Bartlitt," but does not sufficiently identify the source of the purported comments for Offshore and MOEX USA to determine whether the paraphrase is accurate.

311.    Paragraph 311 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

312.    Paragraph 312 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

313.    Paragraph 313 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the last sentence of Paragraph 313 purports to paraphrase a statement in "Bartlitt's report," but does not sufficiently identify the source of the purported statement for Offshore and MOEX USA to determine whether the paraphrase is accurate.  Paragraph 313 further purports to describe an email from Halliburton to BP dated March 8, 2010, but does not identify the e-mail sufficiently for Offshore and MOEX USA to determine whether the description is correct.  To the best of Offshore and MOEX USA's knowledge, they did not receive such an e-mail.

314.     Paragraph 314 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, the third sentence of Paragraph 314 purports to describe to a statement that is attributed to "Bartlitt," but does not identify the source of the purported statement sufficiently for Offshore and MOEX USA to determine whether the description is correct.

315.     Paragraph 315 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 315 purports to describe and quote comments made by Robert Bea to the *Washington Post*, but does not identify the source of the comments sufficiently for Offshore and MOEX USA to determine whether the quotation is correct.

316.     Paragraph 316 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the second sentence of Paragraph 316 purports to paraphrase a statement of "BP's investigation team," but does not identify the source of the statement sufficiently for Offshore and MOEX USA to determine whether the paraphrase is accurate.

317.     Paragraph 317 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

therein.  Without limiting the foregoing, Paragraph 317 purports to describe what "Bartlitt reported to the presidential commission" as to what "the Halliburton documents indicated"; however, Paragraph 317 does not identify either the report or the Halliburton documents sufficiently for Offshore and MOEX USA to determine whether the description is accurate.

318.   Paragraph 318 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

319.   On information and belief, Offshore and MOEX USA admit the first two sentences in Paragraph 319, which contain a general description of the nature of nitrogen breakout.  Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 319.

320.   Offshore and MOEX USA admit the first sentence of Paragraph 320 on information and belief.  The balance of Paragraph 320 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the third sentence of Paragraph 320 purports to quote an interim report by "the National Academy of Engineering … scientists investigating the Spill," and Offshore and MOEX USA respectfully refer the Court to that report for its full content.

321.   Paragraph 321 purports to characterize and quote statements of "[t]he NAE panel," and Offshore and MOEX USA respectfully refer the Court to the NAE Report for its full content.  Paragraph 321 otherwise concerns parties other than Offshore and MOEX USA and

events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

322.    The first sentence of Paragraph 322 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  On information and belief, Offshore and MOEX USA admit the remainder of Paragraph 322, which contains a general description of "monitoring the flow of drilling fluid."

323.    Paragraph 323 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 323 purports to paraphrase statements and testimony of Nathaniel Chaisson and Vincent Tabor, Offshore and MOEX USA respectfully refer the Court to the referenced testimony for its full content.

**6.      Despite Red Flags, Drilling Defendants Skip Crucial "Bond Log" Test of Cement Integrity**

324.    Paragraph 324 concerns a party other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

325.    Paragraph 325 concerns a party other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

therein.  Without limiting the foregoing, Paragraph 325 purports to describe the content of "BP's own original drilling plan" and quote from "BP's own internal standards," but does identify those documents sufficiently for Offshore and MOEX USA to determine whether the description and quotation are accurate.

326.    Paragraph 326 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

327.    Paragraph 327 concerns a party other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

328.    Paragraph 328 concerns a party other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 328 purports to quote testimony of Gordon Aaker, Jr., and Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

329.    Paragraph 329 states legal conclusions as to which no responsive pleading is required.

330.    The first sentence of Paragraph 330 purports to quote a statement by "Tommy Roth, a Halliburton Vice President of Cementing," but does not identify the source of the quotation sufficiently for Offshore and MOEX USA to determine whether the quotation is

accurate.  The second sentence of Paragraph 330 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## 7.   The Casing Hanger Lockdown Sleeve: Another Skipped Safety Precaution

331.   Paragraph 331 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

332.   On information and belief, Offshore and MOEX USA deny Paragraph 332.

333.   Paragraph 333 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the second sentence of Paragraph 333 purports to quote "[a] well design expert at another major oil company," but does not identify the person or the quotation sufficiently for Offshore and MOEX USA to determine whether the quotation is accurate.

## H.   Unorthodox Spacer Fluid Mixture and Volume Potentially Interfered with Pressure Tests and BOP Functionality

334.   Paragraph 334 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

335.    Paragraph 335 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

336.    Paragraph 336 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the second sentence of Paragraph 336 purports to characterize Congressional testimony of "M-I drilling fluid specialist Leo Lindner," Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

337.    Paragraph 337 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the second sentence of Paragraph 337 purports to characterize testimony of Leo Lindner, Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

### I.    Drilling Defendants Ignore and Overlook Warning Signs of the Imminent Blowout

338.    Offshore and MOEX USA admit, on information and belief, the first five sentences of Paragraph 338.  Offshore and MOEX USA deny, on information and belief, the last sentence of Paragraph 338.

339.    Paragraph 339 concerns events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

340.    Paragraph 340 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

341.    Paragraph 341 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

342.    Paragraph 342 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

343.    Paragraph 343 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

344.    Paragraph 344 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

345.    Paragraph 345 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

therein.  Without limiting the foregoing, to the extent that Paragraph 345 purports to paraphrase the testimony of "[e]xperts" and admissions by "BP," it does not identify the referenced material sufficiently for Offshore and MOEX USA to determine whether the paraphrases are accurate.

346.    Paragraph 346 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the first two sentences of Paragraph 346 purport to describe conclusions contained in a September 8, 2010 BP disaster investigation report, and Offshore and MOEX USA respectfully refer the Court to that report for its full content.  The last sentence of Paragraph 346 purports to describe testimony of BP Vice President Steve Robinson, and Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

347.    Paragraph 347 concerns a party other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

348.    Paragraph 348 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 348 purports to quote a November 16, 2010 NAE panel interim report, and Offshore and MOEX USA respectfully refer the report to that document for its full content.

349.    Paragraph 349 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**J.**      **Attempts at Well Control:  Too Little, Too Late**

350.     Paragraph 350 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

351.     On information and belief, Offshore and MOEX USA admit the first sentence of Paragraph 351, which defines a "spacer" in oil wells.  The second sentence of Paragraph 351 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

352.     Offshore and MOEX USA deny the first clause of Paragraph 352 ("[s]pacer fluid is usually water-based mud").  On information and belief, Offshore and MOEX USA admit the allegations in footnote 5 and the third sentence of Paragraph 352.  The balance of Paragraph 352 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that Paragraph 352 purports to paraphrase testimony of "M-I drilling fluid specialist Leo Lindner," Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

353.     Paragraph 353 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

therein.  To the extent that Paragraph 353 purports to paraphrase Lindner's testimony, Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

354.     Paragraph 354 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

355.     Paragraph 355 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

K.       **Faulty Vessel Safety Equipment Exacerbates the Blowout, Causing Vessel Explosions, Fire, and Sinking**

356.     Paragraph 356 purports to paraphrase the NAE interim report, and Offshore and MOEX USA respectfully refer the Court to that document for its full content.

357.     Paragraph 357 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 357 purports to paraphrase conclusions of the *Deepwater Horizon* Study Group, Offshore and MOEX USA respectfully refer the Court to the referenced *Deepwater Horizon* Study Group document for its full content.

358.     Paragraph 358 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

359.     Paragraph 359 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

360.     Paragraph 360 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the last sentence of Paragraph 360 purports to describe Congressional testimony of "Halliburton mudlogger Joseph Keith," and Offshore and MOEX USA respectfully refer the Court to that testimony and the underlying data for their full content.

361.     Paragraph 361 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the last sentence of Paragraph 361 purports to describe and quote unspecified "congressional testimony," but does not identify that testimony sufficiently for Offshore and MOEX USA to determine whether the description and quotation are accurate.

362.     Paragraph 362 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

363.     Paragraph 363 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

364.    Paragraph 364 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, the last sentence of Paragraph 364 purports to quote from an "audit" provided by BP to Transocean, and Offshore and MOEX USA respectfully refer the Court to the referenced audit for its content.

365.    Paragraph 365 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 365 quotes from "the safety review commissioned by Transocean" and the conclusions of the *Deepwater Horizon* Study Group, Offshore and MOEX USA respectfully refer the Court to the referenced documents for their content.

366.    Paragraph 366 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

367.    Paragraph 367 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 367 purports to quote the testimony of "[o]ne

vessel worker" and to describe the testimony of "[a] mud logger," but does not identify the referenced testimony sufficiently for Offshore and MOEX USA to determine whether the quotation and description are accurate.

368.    Paragraph 368 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

369.    Offshore and MOEX USA admit the statements in footnote 6, which describe what pit fluid levels are.  The remainder of Paragraph 369 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

370.    Paragraph 370 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

371.    Paragraph 371 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants consequently are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  To the extent that Paragraph 371 purports to describe and quote conclusions of the *Deepwater Horizon* Study Group, Offshore and MOEX USA respectfully refer the Court to the referenced document for its full content.

L. **Drilling Defendants' Culture of Complacency**

372.    The first sentence of Paragraph 372 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  The second sentence of Paragraph 372 refers to the conclusions of "several investigations" that are not identified; Offshore and MOEX USA consequently lack sufficient information to determine whether those conclusions are accurately described.

373.    Paragraph 373 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

374.    Paragraph 374 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

375.    Paragraph 375 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

376.    Paragraph 376 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein, except that the second sentence in footnote 7 is denied.

377.     Paragraph 377 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

378.     Paragraph 378 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

379.     Paragraph 379 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**M.     Defendants Misrepresent the Severity of the Spill and their Oil Spill Response Capabilities**

380.     Paragraph 380 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, Paragraph 380 purports to draw conclusions from unspecified "[i]nvestigations and testimony," which are not identified sufficiently for Offshore and MOEX USA to determine whether such conclusions are correctly drawn.

381.     Paragraph 381 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the second sentence of Paragraph 381

purports to describe testimony of "Transocean rig mechanic Douglas Brown," Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

382.    Paragraph 382 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the first sentence of Paragraph 382 purports to describe testimony of Douglas Brown, Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

383.    In response to the final sentence of Paragraph 383, Offshore and MOEX USA admit, on information and belief, that the *Deepwater Horizon* was destroyed by the blowout and ensuing explosion, which killed 11 crew members and injured 16 others.  The remainder of Paragraph 383 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, to the extent that the fourth sentence of paragraph 383 purports to describe the results of BP's investigation, Offshore and MOEX USA respectfully refer the Court to BP's investigation report for its full content.

384.    Paragraph 384 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the second sentence of paragraph 384 purports to describe the contents of reports or testimony about the incident, it does not identify

the materials sufficiently for Offshore and MOEX USA to determine the accuracy of the representations.

385.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 385, and the footnotes referenced therein.

386.    Paragraph 386 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the fourth sentence of Paragraph 386 purports to characterize conclusions contained in "BP's disaster investigation" it does not identify the material sufficiently for Offshore and MOEX USA to determine the accuracy of the representations.

387.    Paragraph 387 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent paragraph 387 purports to characterize the testimony of Transocean Subsea supervisor Christopher Pleasant, Offshore and MOEX USA respectfully refer the Court to his testimony for its full content.

388.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 388.  The second sentence of paragraph 388 concerns events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

389.     Paragraph 389 concerns parties other than Offshore and MOEX USA, and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent the second sentence of paragraph 389 purports to describe the results of examinations and tests performed on BOP control pods after the incident, it does not identify the referenced materials sufficiently for Offshore and MOEX USA to determine whether the allegations contained therein are accurate.  Without limiting the foregoing, to the extent that the third sentence of paragraph 389 purports to present the conclusions of "investigators," it does not sufficient identify the referenced material for Offshore and MOEX USA to determine whether the allegations contained therein are accurate.

390.     Paragraph 390 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief a to the truth of the allegations therein.

391.     Paragraph 391 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

392.     Paragraph 392 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

393.     Paragraph 393 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

394.     Paragraph 394 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the second sentence of paragraph 394 purports to characterize testimony of BP well site leader Ronald Sepuvlado, Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

395.     Paragraph 395 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent paragraph 395 purports to paraphrase the testimony of a Transocean Subsea supervisor, it does not identify the referenced material sufficiently for Offshore and MOEX USA to determine whether the paraphrases contained therein are accurate.

396.     Paragraph 396 concerns parties other Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.   Without limiting the foregoing, to the extent paragraph 396 purports to describe conclusions contained in a "BP disaster investigation," it does not identify the report sufficiently for Offshore and MOEX USA to determine the accuracy of the representations.

397.    Paragraph 397 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

398.    Offshore and MOEX USA admit the first sentence of paragraph 398 on information and belief.   Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 398.

399.    Paragraph 399 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.   Without limiting the foregoing, to the extent paragraph 399 purports to paraphrase investigation and testimony, it does not identify the referenced materials sufficiently for Offshore and MOEX USA to determine the accuracy of the representations.

400.    Paragraph 400 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein without limiting the foregoing.   The last sentence of paragraph 400 states legal conclusions to which no responsive pleading is required.

401.    Paragraph 401 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

402.     Paragraph 402 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that paragraph 402 paraphrases the results of the investigation into the incident, it does not identify the referenced materials sufficiently for Offshore and MOEX USA to determine the accuracy of the representations.

403.     Offshore and MOEX USA admit, upon information and belief, the allegations of the first sentence of paragraph 403.   The remaining sentence in paragraph 403 contains a purported reservation to which no response is required.

404.     Paragraph 404 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that paragraph 404 purports to paraphrase the 2004 study by Federal Regulators, which study is fully identified in footnote 12, Offshore and MOEX USA respectfully refer the Court to that report for its full content.

405.     Paragraph 405 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

406.     Offshore and MOEX USA admit the first sentence of paragraph 406 on information and belief.  Offshore and MOEX USA are without sufficient information to form a belief as to the truth of the allegations in the second sentence of paragraph 406.  The remainder of paragraph 406 concerns parties other than Offshore and MOEX USA and events in which

neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, to the extent paragraph 406 purports to paraphrase a year 2000 report on the Deepwater Horizon's BOP, it does not identify the referenced material sufficiently for Offshore and MOEX USA to determine the accuracy of the representations.

407.    Offshore and MOEX USA are without knowledge or information sufficient for form a belief as to the truth of the allegations in the first sentence of paragraph 407, but those allegations are denied to the extent they apply to Offshore or MOEX USA.  The remaining allegations in paragraph 406 concern parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

408.    Paragraph 408 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

409.    Paragraph 409 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

410.    Paragraph 410 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are

without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

411.    Paragraph 411 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

412.    Paragraph 412 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

413.    Paragraph 413 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

414.    Paragraph 414 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

415.    Paragraph 415 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

416.    Paragraph 416 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

417.    Paragraph 417 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

418.    Paragraph 418 concerns parties other than Offshore and MOEX USA and events in which neither Offshore nor MOEX USA were involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### 3.    Poor Vessel Maintenance and Reckless Bypass of Safety Systems

419.    Offshore and MOEX USA and without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 419.  The balance of Paragraph 419 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

420.    Paragraph 420 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein. Without limiting the foregoing, to the extent that Paragraph 420 purports to describe "testimony given before a federal panel by vessel engineers in August 2010," it fails to identify

such testimony sufficiently for Offshore and MOEX USA to determine whether the description is accurate.

421.    Paragraph 421 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

422.    Paragraph 422 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 422 purports to describe and quote testimony of "Mike Williams, a chief electronics technician working for Transocean aboard the Deepwater Horizon," Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

423.    Paragraph 423 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 423 purports to describe and quote testimony of "Mike Williams, a chief electronics technician working for Transocean aboard the Deepwater Horizon," Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

424.    Paragraph 424 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

425.    Paragraph 425 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 425 purports to describe testimony of "Transocean employee and Deepwater Horizon chief engineer Stephen Bertone," Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

426.    Paragraph 426 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 426 purports to describe or quote from an "equipment assessment commissioned by Transocean in April 2010," Offshore and MOEX USA respectfully refer the Court to that document for its full content.

427.    Paragraph 427 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 427 purports to describe or quote from a "Transocean-commissioned equipment assessment" or a "BP-commissioned audit," Offshore and MOEX USA respectfully refer the Court to those documents for their full content.

428.    Paragraph 428 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations

therein.  Without limiting the foregoing, to the extent that Paragraph 428 purports to describe or quote from responses to a "worker survey conducted on the Deepwater Horizon," Offshore and MOEX USA respectfully refer the Court to the survey responses for their full content.

429.    Paragraph 429 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### N.    The Spill's Impact on Plaintiffs

430.    Paragraph 430 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 430 purports to quote remarks made during a November 10, 2010 hearing, Offshore and MOEX USA respectfully refer the Court to the transcript of that hearing for its full content.

431.    Paragraph 431 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

432.    Paragraph 432 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 432 purports to quote the

interim report of the National Academy of Engineering panel released November 17, 2010, Offshore and MOEX USA respectfully refer the Court to that report for its full content.

433.    Paragraph 433 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 433 purports to quote the interim report of the National Academy of Engineering panel released November 17, 2010, Offshore and MOEX USA respectfully refer the Court to that report for its full content.

434.    Paragraph 434 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 434 purports to quote the *Deepwater Horizon* Study Group, the answering defendants respectfully refer the Court to that study for its full content.

435.    Paragraph 435 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Paragraph 435 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

436.    Paragraph 436 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

437.     Paragraph 437 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the last sentence of Paragraph 437 refers to *Deepwater Horizon* Study Group's second Progress Report, Offshore and MOEX USA respectfully refer the Court to that document for its full content.  Offshore and MOEX USA affirmatively aver that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

438.     Paragraph 438 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Offshore and MOEX USA affirmatively aver that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

439.     Paragraph 439 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the final two sentences of Paragraph 439 purport to quote "[w]orkers on the Deepwater Horizon" or in Alaska, they fail to identify the

workers or the quotations sufficiently for Offshore and MOEX USA to determine whether the quotations are accurate.  Offshore and MOEX USA affirmatively aver that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

440.    Paragraph 440 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Offshore and MOEX USA affirmatively aver that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

441.    Paragraph 441 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Offshore and MOEX USA affirmatively aver that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

442.    Offshore and MOEX USA deny the first sentence of Paragraph 442 to the extent it applies to Offshore and MOEX USA.  The remainder of Paragraph 442 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Offshore and MOEX USA affirmatively aver that, when the Operating Agreement was made, BP was one of the most experienced deepwater operators in the Gulf of Mexico; BP had a reputation as a prudent operator in offshore drilling; and in 2009 BP Corporation North America, Inc. was a finalist for MMS's Safety Award for Excellence in the category of High Activity Operators.

443.    Paragraph 443 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that the fifth sentence of Paragraph 443 purports to quote the testimony of Mike Williams, Offshore and MOEX USA respectfully refer the Court to that testimony for its full content.

444.    Paragraph 444 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 444 purports to describe or quote the results of an unspecified investigation, the pleading does not identify the investigation sufficiently for Offshore and MOEX USA to determine whether the description and/or quotation is accurate.

445.     The answering defendants deny the first sentence of paragraph 445 insofar as it applies to Offshore and MOEX USA.  The remainder of Paragraph 445 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

446.     Paragraph 446 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**O.     Defendants Misrepresent the Severity of the Spill and their Oil Spill Response Capabilities**

447.     In response to Paragraph 447, Offshore and MOEX USA admit that, after explosions occurred on April 20, 2010, the *Deepwater Horizon* sank on April 22, 2010, and that oil and natural gas discharged from the marine riser pipe that had connected the *Deepwater Horizon* to the wellhead.  The balance of Paragraph 447 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, except that Offshore and MOEX USA admit that oil and natural gas flowed from the riser, which was part of the *Deepwater Horizon* vessel.

448.     In response to Paragraph 448, Offshore and MOEX USA admit that the well was capped on July 15, 2010.  The balance of Paragraph 448 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

449.    Paragraph 449 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and the answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

450.    The first sentence of Paragraph 450 concerns a party other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Offshore and MOEX USA admit that the quoted language in the second sentence of Paragraph 450 appeared in *The New York Times* on May 16, 2010, but are without sufficient knowledge or information to form a belief as to the truth of the quoted statement.

451.    Paragraph 451 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 451 purports to characterize and quote from BP's Initial EP, and Offshore and MOEX USA respectfully refer the Court to that document for its full content.

452.    Paragraph 452 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.  Without limiting the foregoing, to the extent that Paragraph 452 purports to quote various statements of BP and its executives, Offshore and MOEX USA respectfully refer the Court to those statements for their full content.

453.     Paragraph 453 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

454.     Offshore and MOEX USA admit that the communication identified in Paragraph 454 took place, but are without knowledge or information sufficient to form a belief as to the truth of the statements made in that communication.

455.     Offshore and MOEX USA deny Paragraph 455 to the extent it is directed against Offshore, including specifically the allegations that BP conferred with Offshore on well-kill procedures; that Offshore was BP's "lease partner[]"; that Offshore "hoped to retap the Macondo well and the large, valuable reservoirs beneath it"; and that Offshore ignored expert well-kill information.  The balance of Paragraph 455 concerns parties other than Offshore and MOEX USA and events in which Offshore and MOEX USA were not involved, and Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

**P.     The Spill's Impact on Plaintiffs, the Environment, and the Coastal Zone Economy**

456.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 456 except that, on information and belief, the answering defendants aver that the total petroleum discharge in the *Deepwater Horizon* Spill was less than 6.9 million barrels.

457.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 457.

458.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 458.

459.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 459.

460.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 460.

461.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 461.

462.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 462, and respectfully refer the Court to the restrictions described therein for their content.

463.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 463.

464.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 464.

465.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 465.

466.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 466.

467.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 467.

468.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 468.

469.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 469.

470.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 470, and respectfully refer the Court to the testimony cited therein for its content.

471.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 471.

472.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 472.

473.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 473.

474.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 474.

475.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 475.

476.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 476.

477.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 477, and respectfully refer the Court to the Charter Agreements for their content.

478.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 478, and respectfully refer the Court to the documents described therein for their content.

479.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 479, and respectfully refer the Court to the statements described therein for their content.

480.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 480, and respectfully refer the Court to the court order described therein for its content.

481.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 481, and respectfully refer the Court to the referenced Charter Agreements for their content.

482.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 482.

483.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 483.

484.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 484.

485.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 485.

486.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 486.

487.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 487.

488.    Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 488.

489.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 489.

490.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 490.

491.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 491, and respectfully refer the Court to the moratorium for its substance.

492.     Offshore and MOEX USA deny the implication in the last sentence of Paragraph 492 that the OCS is part of Louisiana.  The answering defendants are without knowledge or information sufficient to form a belief as to the truth of the balance of Paragraph 492, and respectfully refer the Court to the Moratorium Notice cited therein for its content.

493.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 493, and respectfully refer the Court to the notice cited therein for its content.

494.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 494, and respectfully refer the Court to the injunction described therein for its content.

495.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 495, and respectfully refer the Court to the referenced documents for their content.

496.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 496, and respectfully refer the Court to the announcement cited therein for its content.

497.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 497.

498.      Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 498.

499.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 499.

500.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 500, and respectfully refer the Court to the report cited therein for its content.

501.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 501, and respectfully refer the Court to the report cited therein for its content.

502.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 502, and respectfully refer the Court to the report cited therein for its content.

503.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 503, and respectfully refer the Court to the report cited therein for its content.

504.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 504, and respectfully refer the Court to the study cited therein for its content.

505.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 505.

506.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 506.

507.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 507, and refer the Court to the referenced survey for its content.

508.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 508, and refer the Court to the referenced report for its content.

509.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 509.

510.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 510.

511.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 511.

512.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 512.

513.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 513.

514.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 514.

515.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 515.

516.     Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the allegation that "[b]ecause investigations are ongoing, there are many other potential effects from the Spill that have not yet become known."  The balance of Paragraph 516 contains a reservation of rights as to which no responsive pleading is required.

## CLASS ACTION ALLEGATIONS

517.     In response to Paragraph 517, Offshore and MOEX USA admit that Plaintiffs purport to seek class certification, but (a) deny that Plaintiffs are entitled to class certification, (b) deny that class certification would be appropriate as a matter of discretion, and (c) deny that the class is properly described in Paragraph 517.

518.     In response to Paragraph 518, Offshore and MOEX USA (a) deny that Plaintiffs are entitled to certification of any subclass, (b) deny that certification of any subclass would be appropriate as a matter of discretion, (c) deny that state law governs the claims of the putative class or subclasses, and (d) deny that the putative subclasses are properly described in Paragraph 518.

519.     Offshore and MOEX USA deny Paragraph 519.

**A.     Numerosity of the Class and/or Subclasses – F.R.C.P. 23(a)(1)**

520.     Paragraph 520 states conclusions of law as to which no responsive pleading is required.  To the extent a response is required, Offshore and MOEX USA deny Paragraph 520.

**B.     Commonality – F.R.C.P. 23(a)(2)**

521.     Offshore and MOEX USA admit the Court has ruled that federal law governs this case, respectfully refer to the Court's rulings on choice of law, and otherwise deny Paragraph 521.

522.     Offshore and MOEX USA deny Paragraph 522.

523. Offshore and MOEX USA deny Paragraph 523.

524. Offshore and MOEX USA deny Paragraph 524.

**C.**     **Typicality – F.R.C.P. 23(a)(3)**

525. Offshore and MOEX USA deny Paragraph 525.

**D.**     **Adequacy of Representation – F.R.C.P. 23(a)(4)**

526. Offshore and MOEX USA deny the first sentence of Paragraph 526. Offshore and MOEX USA are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 526.

**E.**     **Class Certification under F.R.C.P. 23(b)(3) – Predominance and Superiority**

527. Offshore and MOEX USA deny Paragraph 527.

528. Offshore and MOEX USA deny Paragraph 528.

529. Offshore and MOEX USA admit the Court has ruled that federal law governs this case, respectfully refer to the Court's rulings on choice of law, and otherwise deny Paragraph 521.

530. Offshore and MOEX USA deny Paragraph 530.

531. Offshore and MOEX USA deny Paragraph 531.

**F.**     **Class Certification under F.R.C.P. 23(b)(1)**

532. Offshore and MOEX USA deny Paragraph 532.

533. Offshore and MOEX USA deny Paragraph 533.

534. In response to Paragraph 534, Offshore and MOEX USA deny that they are subject to punitive damages, and respectfully refer to the Court's decisions dated August 26, 2011 (Docket # 3830), September 30, 2011 (Docket # 4159), November 14, 2011 (Docket # 4578) and December 9, 2011 (Docket # 4845).

535.     In response to Paragraph 535, Offshore and MOEX USA deny that they are subject to punitive damages, and respectfully refer to the Court's decisions dated August 26, 2011 (Docket # 3830), September 30, 2011 (Docket # 4159), November 14, 2011 (Docket # 4578) and December 9, 2011 (Docket # 4845).

536.     In response to Paragraph 536, Offshore and MOEX USA deny that they are subject to punitive damages, and respectfully refer to the Court's decisions dated August 26, 2011 (Docket # 3830), September 30, 2011 (Docket # 4159), November 14, 2011 (Docket # 4578) and December 9, 2011 (Docket # 4845).

537.     In response to Paragraph 537, Offshore and MOEX USA deny that they are subject to punitive damages, and respectfully refer to the Court's decisions dated August 26, 2011 (Docket # 3830), September 30, 2011 (Docket # 4159), November 14, 2011 (Docket # 4578) and December 9, 2011 (Docket # 4845).

538.     In response to Paragraph 538, Offshore and MOEX USA deny that they are subject to punitive damages, and respectfully refer to the Court's decisions dated August 26, 2011 (Docket # 3830), September 30, 2011 (Docket # 4159), November 14, 2011 (Docket # 4578) and December 9, 2011 (Docket # 4845).

539.     In response to Paragraph 539, Offshore and MOEX USA deny that they are subject to punitive damages, and respectfully refer to the Court's decisions dated August 26, 2011 (Docket # 3830), September 30, 2011 (Docket # 4159), November 14, 2011 (Docket # 4578) and December 9, 2011 (Docket # 4845).

G.     **Class Certification under F.R.C.P. 23(b)(2)**

540.     Offshore and MOEX USA deny Paragraph 540.

**H.**     **Class Certification of Particular Issues under F.R.C.P. 23(c)(4) and Subclasses under 23(c)(5)**

541.     Offshore and MOEX USA deny Paragraph 541.

**CLAIMS FOR RELIEF**
**I.**     **Claims Under General Maritime Law**

**A.**     **Negligence**

**All Plaintiffs v. All Defendants**

542.-585.   The allegations in Paragraphs 542-585 need not be answered because the negligence claim was dismissed, as against Offshore and MOEX USA, by this Court in its December 9, 2011 decision (Docket # 4845).

**B.**     **Gross Negligence and Willful Misconduct**

**All Plaintiffs v. Drilling Defendants and Cameron**

586.-595.  Paragraphs 586-595 are not directed against Offshore and MOEX USA.

**C.**     **Strict Liability For Manufacturing And/Or Design Defect**

**All Plaintiffs v. Cameron**

596.-617.  Paragraphs 596-617 are not directed against Offshore and MOEX USA.

**D.**     **Strict Liability for Manufacturing And/Or Design Defect**

**All Plaintiffs v. Halliburton**

618.-639.  Paragraphs 618-639 are not directed against Offshore and MOEX USA.

**E.**     **Strict Liability for Manufacturing And/Or Design Defect**

**All Plaintiffs v. Weatherford**

640.-658.  Paragraphs 640-658 are not directed against Offshore and MOEX USA.

## II.     The Oil Pollution Act

**All Plaintiffs v. BP, Transocean, Anadarko, Anadarko E&P, and MOEX**

659.    Offshore and MOEX USA reallege their answer to each and every allegation set forth in all preceding paragraphs as if fully restated here.

660.    Offshore and MOEX USA admit that Paragraph 660 purports to quote from and paraphrase the Oil Pollution Act, and respectfully refer the Court to that statute for its full content.

661.    Paragraph 661 is not directed against Offshore and MOEX USA.

662.    In response to the first sentence of Paragraph 662, Offshore and MOEX USA (a) deny that MOEX USA or MOECO ever held any interest in the Macondo lease; and (b) admit that Offshore was, on April 20, 2010, a 10% minority investor in the Macondo Lease.  Offshore and MOEX USA deny the balance of Paragraph 662.

663.    Offshore and MOEX USA deny Paragraph 663.

664.    Offshore and MOEX USA deny Paragraph 664.

665.    Offshore and MOEX USA deny Paragraph 665, to the extent it may apply to them.

666.    Offshore and MOEX USA deny Paragraph 666, to the extent it may apply to them.

667.    Offshore and MOEX USA deny Paragraph 667, to the extent it may apply to them.

668.    Offshore and MOEX USA deny Paragraph 668.

669.    Paragraph 669 is not directed against Offshore and MOEX USA.

### III.  State Law Claims for Relief

670.-746.  The allegations in Paragraphs 670-746 need not be answered because the state law claims, including claims for penalties under state law, were dismissed by this Court in its December 9, 2011 decision (Docket # 4845).

### IV.  Punitive Damages Under All Claims

### All Plaintiffs v. BP, Transocean, and Halliburton

747.-768.  Paragraphs 747-768 are not directed against Offshore and MOEX USA.

### V.  Declaratory Relief: Punitive Damages

769.   The allegations in Paragraph 769 need not be answered because Local Government Plaintiffs' claims for declaratory relief were dismissed by this Court in its December 9, 2011 decision (Docket # 4845).

### PRAYER FOR RELIEF

Offshore and MOEX USA deny that the Local Government Plaintiffs are entitled to any of the relief sought against Offshore and MOEX USA in the Prayer for Relief.

### FIRST DEFENSE

Offshore and MOEX USA are not liable under the Oil Pollution Act because they were not owners, operators, charterers or lessees of the vessel *Deepwater Horizon*.

### SECOND DEFENSE

MOEX USA is not liable under the Oil Pollution Act because it was not a responsible party within the meaning of that Act.  *See* 33 U.S.C.§2701(32).  MOEX USA (a) was not a party to the Operating Agreement; (b) was not an owner or operator of the Macondo well; and (c) was not a lessee or permittee of the area in which the Macondo well was located.

## THIRD DEFENSE

To the extent that the Local Government Plaintiffs contend that Offshore and/or MOEX USA are responsible parties under OPA, the Local Government Plaintiffs have failed to comply with OPA's requirement that all claims for removal costs or damages shall be presented first to the responsible party before suit is brought.  *See* 33 U.S.C. §2713.

## FOURTH DEFENSE

To the extent that Offshore or MOEX USA is found liable under the Oil Pollution Act and damages are assessed against it, Offshore and/or MOEX USA is entitled to an allocation and/or apportionment of liability.

## FIFTH DEFENSE

The Complaint contains no substantive allegations against MOEX USA, and therefore fails to state a claim against MOEX USA.  The Complaint alleges only that "MOEX USA is named as a defendant herein because it is part of the corporate construct by which MOECO owns, dominates, controls, and benefits from the activities of MOEX Offshore."  *See* Complaint ¶ 205.  That allegation provides no ground for holding MOEX USA liable under any statute or common-law doctrine.  Further, the assertion that MOEX USA is "part of a corporate construct" does not set forth a legally cognizable basis for disregarding the distinction between MOEX USA and Offshore, which are separate entities.

## SIXTH DEFENSE

The Local Government Plaintiffs have not reasonably mitigated damages.

## SEVENTH DEFENSE

If it is determined that Offshore or MOEX USA is liable as a responsible party under the Oil Pollution Act for all or any part of Local Government Plaintiffs' damages, the amount of its

liability is limited pursuant to 33 U.S.C. § 2704(a).

## EIGHTH DEFENSE

Offshore and MOEX USA will rely on any and all further defenses that become available or appear during pretrial proceedings in this action or at trial.

## RESERVATIONS OF RIGHTS

Offshore and MOEX USA reserve the right to amend this Answer for the purpose of asserting additional defenses that may appear or become available.  In the event that any claim against Offshore or MOEX USA that has been dismissed is reinstated at some point in the future, or in the event that the Local Government Plaintiffs amend their Complaint, Offshore and MOEX USA reserve the right to amend this Answer for the purpose of asserting additional defenses to any such claims or amended pleading.

WHEREFORE, the answering defendants MOEX Offshore 2007 LLC and MOEX USA Corporation respectfully request that judgment on the merits be granted in their favor and against the Local Government Plaintiffs; that the Local Government Entity Voluntary Master Complaint, Cross-Claim and Third-Party Complaint be dismissed as against them, with prejudice and with costs; and that the Court grant such other and further relief as may be just and proper.

Dated:  January 23, 2012

Respectfully submitted,

**As to paragraph 199, the last sentence of paragraph 228, paragraphs 341, 384-418 and the first sentence of paragraph 419:**

/s/*Philip D. Nizialek*

Philip D. Nizialek (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone:  (504) 585-3800
Fax:  (504) 585-3801

**COUNSEL FOR MOEX OFFSHORE 2007 LLC**

-and-

_____*/s/ Robert S. Stassi*_____

Robert S. Stassi (La. Bar No. 25259)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**COUNSEL FOR MOEX USA CORPORATION**

**As to all other portions of the Answer:**

_____*/s/  John F. Pritchard*_____

John F. Pritchard
john.pritchard@pillsburylaw.com
Edward Flanders
edward.flanders@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

Christopher McNevin
chrismcnevin@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033

**COUNSEL FOR MOEX OFFSHORE 2007 LLC**

_____*/s/  Jack McKay*_____

Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on January 23, 2012.


_____/s/___John F. Pritchard_____