UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

ORDER

[Working Group Conference on Thursday, January 19, 2012][1]

**NOTES TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else.  If you cannot participate for part of the conference, put your phone on mute.  Likewise for those who type during the conference.

BOP & CAPPING STACK

At the request of BP and the U.S. and with no objection from DNV, the December 5, 2011 protocol for the Capping Stack Examination (Rec. doc. 4809 [Attachment]) is modified to delete the operation of the middle ram for the laser scan.

The parties were asked to consider Transocean's request for the return of the capping stack. If the parties object to the return of the capping stack, what do they propose regarding the cost of preservation and storage of the capping stack?  This will be on the agenda for **January 27.**

If the parties have not paid their allocated portion of Captain Englebert's statements, they should do so as promptly as possible.

---

[1] Because the conference began before the Court Reporter was able to set up, there will be no transcript of the conference in the record.  This order will be the only record of the conference.

## PHASE ONE

1. **Jesse Gagliano**.

The deposition is set for **Tuesday, February 7**, and **Wednesday, February 8.** An order for the allocation of the examination time will be issued.

BP raised the issue of whether Gagliano will be permitted to withdraw his invocation of the Fifth Amendment and testify. Any party opposing the withdrawal shall submit a letter brief by **Wednesday, January 25.** Any party in favor of permitting the withdrawal shall submit a response by **Monday, January 30.** Any reply shall be submitted by **Thursday, February 2.**

Halliburton and the PSC reported that the standard protocol will be used for custodial document production for Gagliano.

2. **Phase One Experts.**

The deadlines for Daubert motions are:

| | |
|---|---|
| Filing | **Tuesday, January 24** |
| Oppositions | **Tuesday, February 14** |
| Replies | **Monday, February 20** |

The page limitation on the memoranda in support of and in opposition to Daubert motions is ten (10) pages. If a party submits one memorandum on more than one expert, the limitation is ten (10) pages per expert. If a party uses less than ten pages for one expert, it may not use the surplus pages for another. Reply memoranda shall be limited to three (3) pages per expert.

By **Monday, January 30,** Halliburton and the U.S. shall file any rebuttal reports to Ronald Crook's report.

The Court did not receive a request for the deposition of Larry Lockard within the January

17 deadline.  There will be no deposition of Lockard.

3. **Phase One Fact Witnesses**.

BP and Transocean reported that they are unable to agree on whether Steve Newman can be compelled to testify live at trial.  By **Wednesday, January 25,** BP shall submit its letter brief requesting Newman live at the trial.  By **Monday, January 30,** Transocean shall submit an opposition with an affidavit.  **Thursday, February 2,** is the deadline for BP to submit a reply.

4. **Phase One Stipulations**.

This was deferred to **January 27.**

5. **Demonstratives Aides.**

**Wednesday, February 15**, is the deadline for the exchange of all demonstrative aides. **Wednesday, February 22** (the day after Mardi Gras) is the deadline for oppositions to demonstrative aides.

6. **Phase One Exhibits**.

The deadline for all parties (except for Anadarko and MOEX) for objections to final exhibit lists is **Friday, January 20.**  Because of some confusion, the deadline for Anadarko and MOEX is **Monday, January 23.**

Judge Barbier's January 11, 2012 order (Rec. doc. 5143) requires the parties to meet-and-confer to stipulate regarding the admissibility of emails and email strings.  If they cannot agree as to individual emails on the PSC's list of 300 exhibits, they shall submit briefs to Judge Shushan by **Monday, January 30, 2012**.

7. **Motions *in Limine*.**

**Monday, January 23** is the deadline for replies to motions *in limine* filed on January 9 and

it is the deadline any remaining motions *in limine*.

**8.      Confidential Information In Pleadings**

The parties are cautioned to check before filing into the record to determine if information is confidential or highly confidential.  If the parties submit a letter memorandum to the Court, they shall indicate whether the letter and/or the exhibits are to be file under seal.  If the letter and/or the exhibits are for use by the Court only, the parties shall indicate that they are submitted for *in camera* review.

**9.      Confidential Information at the Trial**.

The issues concerning the use of confidential information at the trial will be on the agenda for **January 27.**  The parties are asked to be prepared to discuss and resolve this issue.

**10.     Ten Page Pre-Trial Statements**.

The deadline for the parties to submit the ten page pre-trial statements is extended to **Wednesday, February 8.**

**11.     Trial Planning.**

Dril-Quip and Weatherford communicated to GSA that they do not want office space during the trial.  As to court space, if the parties contact Marie Firmin (Marie_Firmin@laed.uscourts.gov and 589-7620), they can arrange for access to the space to determine what they need to bring into the space.  Questions/issues concerning GSA office space should be addressed to Ken Livingston - kenneth.livingston@gsa.gov; (504) 589-6094, x-109.

By **Monday, February 6**, the parties shall provide the Court with a list of attorneys and witnesses that can be provided to the Marshal in an effort to facilitate access to the courthouse during Phase One.

**12**.     **Court Reporters at the Trial.**

The Court emailed the parties a memorandum with questions from Betty DiMarco, the supervisor for the court reporters. The parties were asked to provide her with: (1) their contact persons for coordination with the court reporters; and (2) the title pages and executive summary for each of their experts who submitted reports. They shall provide the court reporters with a daily list of the witnesses. Worldwide Reporters was asked to provide the court reporters with the dictionary and word list from the depositions.

**13.**     **Information Technology at the Trial.**

The dry run is reset for **Thursday and Friday, February 16 and 17,** to allow sufficient time to correct any problems. This will be a full dry run with use of exhibits, parties' tech people, and coordination with court reporters. At this time the parties will be able to arrange with the Court for printers, files and other items they will need in the courtroom during the trial.

**14.**     **Withdrawn Opinions**.

Cameron filed a brief in support of precluding other parties from using or relying upon withdrawn opinions or testimony from its expert witnesses (Rec. doc. 5151). BP submitted a letter contending that a party should not be able to rely on the withdrawn expert opinions of another party to support its case-in-chief (Rec. doc. 5221). Transocean submitted its response to Cameron's brief (Rec. doc. 5243). Halliburton submitted a letter in which it agrees with the Cameron/BP position (Rec. doc. 5269). M-I moved to exclude the report, work, findings, testimony, and opinions of former expert witness, Donald Weintritt, and any reference to the same because he was withdrawn by Halliburton with the consent of all parties (Rec. doc. 5121). The PSC filed an opposition (Rec. doc. 5261). M-I filed a reply (Rec. doc. 5289).

The Court adopts the position of Transocean (Rec. doc. 5243).

1. If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions and report into evidence.

2. If a retaining party lists an expert on its final witness list, but does not call that expert at trial, other parties may introduce that expert's opinions and report into evidence.

3. If a retaining party lists an expert on its final witness list, but withdraws portions of the expert's opinions before trial, other parties may introduce into evidence at trial that expert's prior opinions that were withdrawn or amended.

**Any appeal** from this ruling shall be filed by **Friday, January 27**.

15. **Reconvened U.S. Rule 30(b)(6) deposition**.

By **noon on Thursday, January 26**, the U.S and Transocean shall report on the reconvening of the Rule 30(b)(6) deposition (Lt. Cmdr. Houck probable designee) and whether this is Phase One or Phase Two discovery.

### B3 POST-EXPLOSION CLEAN-UP CLAIMS

At a prior conference it was reported that the responders and the PSC were to meet and confer on the issue of discovery responses by non-PSC attorneys for plaintiffs and the need for such discovery before the responders renew their preemption immunity motions to dismiss. This matter is passed until **January 27.**

### PHASE TWO

1. **Stipulations**.

A meet-and-confer was held on Friday, January 20 and a meet-and-confer is set for Monday,

January 23.  By **noon on Thursday, January 26**, BP and the U.S. shall report to the Court on the status of the Phase Two Stipulations.

2. **Interrogatories and RFAs.**

By **noon on Thursday, January 26**, the U.S. shall report on how much time it will require to complete its responses to interrogatories and requests for admission after the Phase Two stipulations are in final form.

By **noon on Thursday, January 26**, BP and the PSC shall report on the status of interrogatories and requests for admission served on any parties other than the U.S.

3. **Rule 30(b)(6) for BP**

The PSC and BP reported that they were unable to reach complete agreement on the "look back" issue.  The PSC reported that there was agreement on the volume of the spill.

Where the volume requirement is met, the "look back" period shall be: (1) 2001 for spills involving the Deepwater Horizon; (2) 2004 for spills involving BP but not the Deepwater Horizon; and (3) 2008 for spills involving Anadarko and Halliburton.

The Court will rule on the overlap issue raised by BP in its letter of January 12.

4. **Rule 30(b)(6) for the U.S.**

By **noon on Thursday, January 26**, the U.S. and BP shall report on whether agreement was reached on the Rule 30(b)(6) notice for the U.S.

5. **Other Rule 30(b)(6) Notices**.

By **noon on Thursday, January 26**, the parties shall report on the status of Rule 30(b)(6) notices for parties and non-parties other than the U.S. and BP.

6.    **<u>Document Production - Louisiana</u>**.

The next telephone conference with counsel for Louisiana and BP is set for **Thursday, January 26, at 12:30 p.m.**

7.    **<u>Document Production - BP</u>**

By **noon on Thursday, January 26**, the PSC, the U.S. and BP shall report on the status of BP's document production.

8.    **<u>Document Production by Parties other than the States, BP and the U.S.</u>**

By **noon on Thursday, January 26**, BP shall report on the status of document production by parties other than the States and the U.S.

9.    **<u>Document Production - U.S.</u>**

By **noon on Tuesday, January 31**, the U.S. shall provide the Court and the parties with a report on its document production including privilege logs. After the receipt of the report, the Court will determine whether it will conduct a telephone conference with counsel for BP and the U.S. before the February 3 conference.

The issue of the U.S. document production will not be on the agenda for January 27. It will be deferred until **February 3**.

10.   **<u>Custodial File Production</u>**.

At a prior conference it was determined that where a Phase Two Rule 30(b)(6) deposition is sought from a party, a custodial file production for the corporate designee is not required unless the designee was not one of the negotiated custodians for electronic searches for Phase Two document production. If there is such a designee and the parties cannot resolve the issue of a custodial file production, it shall be raised with the Court. With respect to third parties, the parties

shall proceed with a Rule 45 subpoena *duces tecum* to secure the documents well in an advance of a Rule 30(b)(6) deposition.

If leave is granted for later fact depositions of particular persons, any custodial production will be well in advance of the deposition and the parties should plan for that.

**11.    Designation of Representatives for Rule 30(b)(6) Notices**.

Discussion of this issue will be deferred until **February 3**.

**12.    Scheduling Topics in Rule 30(b)(6) Notices for Depositions.**

Discussion of this issue will be deferred until **February 3.**  Although Phase Two depositions are tentatively scheduled to begin on March 1, the start of these depositions may be delayed.

### CONFERENCE SCHEDULE

| Date | Event |
|---|---|
| Friday, January 27, 2012 at 9:30 a.m. | WGC meeting (Phase One matters will be covered first.  Phase One counsel are encouraged to participate by telephone. Phase Two matters will follow).[2] |
| Friday, February 3, 2012 at 9:30 a.m. | Pretrial Conference with Judge Barbier in Courtroom.  After the pretrial conference there will be a WGC meeting |
| Friday, February 10, 2012 at 9:30 a.m. | WGC meeting - Phase One followed by Phase Two. |
| Friday, February 17, 2012 at 9:30 a.m. | WGC meeting - Phase One followed by Phase Two. |
| Friday, February 24, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |

New Orleans, Louisiana, this 23rd day of January, 2012.

_____
SALLY SHUSHAN
U.S. Magistrate Judge

---

[2]  Phase Two counsel need not appear in person but may also choose telephone participation as to all future conferences.