# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to: | § | |
| | § | MAG. JUDGE SHUSHAN |
| *Pleading Bundle "C," in part:* | § | |
| | § | |
| *State of Tamaulipas,* | § | |
| *Republic of Mexico;* | § | |
| *No. 10-4241* | § | |

_____

## HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO
## THE STATE OF TAMAULIPAS' FIRST AMENDED COMPLAINT

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to the State of Tamaulipas' First Amended Complaint ("First Amended") and respectfully shows this Court as follows:[1]

## ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the table of contents, or the various headings and subheadings in the State of Tamaulipas' First Amended Complaint, ("First Amended Complaint").  However, to the extent a response is required, HESI denies each and every allegation, heading and/or subheading set forth in the First Amended Complaint.[2]

---

[1] To the extent the First Amended Complaint asserts any claims against Sperry Drilling Services, ("Sperry"), a HESI product services line, HESI denies that Sperry is a separate entity for purposes of allocation of liability.  However, to the extent a response is necessary, each of HESI's answers, responses, and denials to the allegations set forth in the First Amended Complaint, including HESI's affirmative defenses, are asserted on behalf of Sperry.

[2] On May 18, 2011, the Honorable Judge Carl Barbier denied Plaintiff's Motion for Leave to File a Second Amended Complaint.  *See* Dkt. No. 2403.  Thus, HESI answers Plaintiff's First Amended Complaint.

For answer to each and every allegation of Plaintiff, HESI responds as follows:

1.      HESI admits that: the State of Tamaulipas is a sovereign state that, together with other states in Mexico, comprise the Republic of Mexico; that Tamaulipas is bordered by the waters of the Gulf of Mexico.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 1.

2.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2, except HESI admits that Tamaulipas has a coastline contiguous to the Gulf of Mexico and that on April 20, 2010 there was a fire and explosion on the *Deepwater Horizon*, resulting in an oil spill.  HESI denies that it caused or contributed to the damages claimed.

3.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 3, except HESI admits that the *Deepwater Horizon* rig had been drilling a well approximately 50 miles off the coast of Louisiana in the Macondo Prospect, in Mississippi Canyon block 252; on April 20, 2010, there was a fire and explosion on the *Deepwater Horizon*, and the fire onboard the *Deepwater Horizon* lasted approximately two days; the rig sank on April 22, 2010; and the long riser pipe connecting the vessel to the seafloor bent and broke as the rig sank to the ocean floor, allowing oil to escape the Macondo well.  HESI denies that it caused or contributed to the damages claimed.

4.      HESI admits that after April 20, 2010, oil escaped the Macondo well for approximately three months.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 as they apply to other defendants, but HESI denies that it caused or contributed to the damages claimed.

- 2 -

5.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 5, but HESI denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 5 draw any legal conclusions, no response is required.

6.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6, but HESI denies that it caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 6 draw any legal conclusions, no response is required.

7.      HESI admits that the State of Tamaulipas is a sovereign state which is part of the Republic of Mexico.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 7.  28 U.S.C. § 1603(a) speaks for itself.

8.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 8, but HESI denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 8 draw any legal conclusions, no response is required.

9.      HESI admits the allegations set forth in Paragraph 9.  To the extent the jurisdictional allegations set forth in Paragraph 9 draw any legal conclusions, no response is required.

- 3 -

10.     HESI admits the allegations set forth in Paragraph 10.   To the extent the jurisdictional allegations set forth in Paragraph 10 draw any legal conclusions, no response is required.

11.     HESI admits the allegations set forth in Paragraph 11.   To the extent the jurisdictional allegations set forth in Paragraph 11 draw any legal conclusions, no response is required.

12.     HESI admits the allegations set forth in Paragraph 12.   To the extent the jurisdictional allegations set forth in Paragraph 12 draw any legal conclusions, no response is required.

13.     HESI admits the allegations set forth in Paragraph 13.   To the extent the jurisdictional allegations set forth in Paragraph 13 draw any legal conclusions, no response is required.

14.     HESI admits the allegations set forth in Paragraph 14.   To the extent the jurisdictional allegations set forth in Paragraph 14 draw any legal conclusions, no response is required.

15.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15.   To the extent the allegations set forth in Paragraph 15 identify, collectively, the BP defendants, no response is required.

16.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16, except HESI admits that BP is the holder of Lease No. OCS-G 32306 granted by the United States Minerals Management Service ("MMS") for Block 252, Mississippi Canyon, (the "Lease"), allowing BP to conduct oil exploration and

- 4 -

production activities in Block 252 and that as of April 20, 2010, BP supervised, operated, oversaw, controlled, and managed the Macondo well.

17.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17, except HESI admits that Transocean, Ltd. is a Swiss corporation, that it is an offshore drilling contractor and provider of drilling management services worldwide, and that Transocean, Ltd. has done and is doing business in the State of Texas.

18.     HESI admits the allegations set forth in Paragraph 18.

19.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 19, except HESI admits that Transocean Offshore Deepwater Drilling, Inc. is a Delaware corporation and a subsidiary of Transocean, Ltd. that has done and is doing business in the State of Texas.

20.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20.  To the extent the allegations set forth in Paragraph 20 identify, collectively, the Transocean defendants, no response is required.

21.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21, except HESI admits: that Anadarko Petroleum Corporation ("Anadarko") is engaged in the business of oil and gas exploration, development and production, both onshore and offshore; that Anadarko does business in the State of Texas; and that Anadarko held a financial interest in the Macondo well.[3]  To the extent the allegations set forth in Paragraph 21 draw any legal conclusions, no response is required.

---

[3] HESI admits that Anadarko Exploration & Production held a 22.5% interest in the Macondo lease while Anadarko Petroleum Corporation Co. held a 2.5% interest in the lease.

22.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22, except HESI admits that Transocean owned and BP leased and operated the *Deepwater Horizon*, that the *Deepwater Horizon* was conducting well completion operations at the Macondo well on April 20, 2010, when the fire and explosion occurred, and that oil escaped the Macondo well after the fire and explosion.

23.     HESI admits that allegations set forth in Paragraph 23.   To the extent the allegations set forth in Paragraph 23 draw any legal conclusions, no response is required.

24.     HESI admits that it is a Delaware Corporation with its principal place of business in Houston, Texas; that HESI conducts business throughout the State of Texas and within this judicial district; and that HESI was engaged by BP to perform certain limited cementing operations and to provide certain other drilling support services (e.g., mudlogging, directional drilling, measurement while drilling) in the Gulf of Mexico, which came to include the Macondo well.   To the extent the allegations set forth in Paragraph 24 draw any legal conclusions, no response is required.   All other allegations not expressly admitted are denied.

25.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25, except HESI admits Cameron International Corporation f/k/a Cooper Cameron Corporation ("Cameron") is a Delaware corporation with its principal place of business in Houston, Texas and Cameron manufactured and/or supplied the blowout preventer on the *Deepwater Horizon*.   To the extent the allegations set forth in Paragraph 25 draw any legal conclusions, no response is required.

26.     Paragraph 26 is an incorporating paragraph, thus no response is required.

27.     Pursuant to this Court's Order and Reasons, this Court has admiralty jurisdiction over these proceedings.  *See* Dkt. No. 4578.  HESI denies that jurisdiction over this proceeding is

- 6 -

proper pursuant to 28 U.S.C. § 1332 (a)(4).   The remaining jurisdictional allegations set forth in Paragraph 27 draw legal conclusions to which no response is required.  To the extent a response is required, HESI denies the allegations set forth in Paragraph 27.  28 U.S.C. §1603 (a) speaks for itself.

28.     Pursuant to this Court's Order and Reasons, this Court has admiralty jurisdiction over these proceedings and pursuant to this separate Court's Order and Reasons, Plaintiff's claims under OPA are dismissed.  *See* Dkt. Nos. 4578, 4845.  The remaining jurisdictional allegations set forth in Paragraph 28 draw legal conclusions to which no response is required.  To the extent a response is required, HESI denies the allegations set forth in Paragraph 28.  43 U.S.C. §1331 *et seq*. speaks for itself.

29.     Pursuant to this Court's Order and Reasons, this Court has admiralty jurisdiction over these proceedings.  *See* Dkt. No. 4578.  The remaining jurisdictional allegations set forth in Paragraph 29 draw legal conclusions to which no response is required.  To the extent a response is required, HESI denies the allegations set forth in Paragraph 29.  Article III, Section 2 of the United States Constitution speaks for itself.

30.     HESI notes that 28 U.S.C. § 1391 and 33 U.S.C. §2717 speak for themselves.  HESI denies that it caused or contributed to the damages claimed.  To the extent Paragraph 30 serves as an incorporating paragraph and to the extent the allegations set forth in Paragraph 30 draw any legal conclusions, no response is required.

31.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31.  To the extent the allegations set forth in Paragraph 31 draw any legal conclusions, no response is required.

32.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32 as they apply to other defendants, but denies that it, or its authorized agents, officers, employees, representatives or others acting on its behalf caused or contributed to the damages claimed.   To the extent Paragraph 32 serves as an incorporating paragraph, no response is required.

33.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33, except HESI admits that the *Deepwater Horizon* was an ultra-deepwater, dynamic positioned semisubmersible vessel, designed and owned by one or more of the Transocean defendants.[4]  To the extent the allegations set forth in Paragraph 33 draw any legal conclusions, no response is required.

34.     HESI denies the allegations set forth in Paragraph 34 as they pertain to HESI. HESI further denies that it caused or contributed to any damage claimed and that cementing carries the risk of a blowout or uncontrolled release of formation fluids from the well.  However, HESI admits that on April 20, 2010, the crew of the *Deepwater Horizon* was conducting temporary abandonment activities; a fire and explosion occurred and after the rig sank two days later, an oil spill ensued.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 34, as they apply to other defendants.

35.     HESI denies the allegations set forth in Paragraph 35 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35 as they relate to other defendants, except HESI admits that a

---

[4] Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., hereinafter the "Transocean Entities,"  have each claimed to be the owner, managing owner, owners pro hac vice, and/or operators of the MODU *Deepwater Horizon*.

blowout preventer ("BOP") was attached to the top of the Macondo well; a BOP is designed to seal off the well in certain circumstances; on April 20, 2010, the BOP of the Macondo well failed to operate; and oil escaped the wellhead of the Macondo well.

36.     HESI denies the allegations set forth in Paragraph 36 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.

37.     HESI denies the allegations set forth in Paragraph 37 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 37 draw any legal conclusions, no response is required.

38.     HESI denies the allegations set forth in Paragraph 38 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 38 draw any legal conclusions, no response is required.

39.     HESI denies the allegations set forth in Paragraph 39 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the

allegations set forth in Paragraph 39 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 39 draw any legal conclusions, no response is required.

40.    HESI denies the allegations set forth in Paragraph 40 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 40 draw any legal conclusions, no response is required.

41.    HESI denies the allegations set forth in Paragraph 41 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the

- 10 -

extent the allegations set forth in Paragraph 41 draw any legal conclusions, no response is required.

42.     HESI denies the allegations set forth in Paragraph 42 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 42 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 42 draw any legal conclusions, no response is required.

43.     HESI denies the allegations set forth in Paragraph 43 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 43 draw any legal conclusions, no response is required.

44.     HESI denies the allegations set forth in Paragraphs 44 (A)-(D) as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 44 (A)-(D) as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraphs 44 (A)-(D) draw any legal conclusions, no response is required.

45.     HESI denies the allegations set forth in Paragraph 45 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the

- 11 -

allegations set forth in Paragraph 45 as they relate to other defendants. HESI denies that it caused or contributed to the damages claimed. HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927). To the extent the allegations set forth in Paragraph 45 draw any legal conclusions, no response is required.

46. HESI denies the allegations set forth in Paragraph 46 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46 as they relate to other defendants. HESI denies that it caused or contributed to the damages claimed. HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927). To the extent the allegations set forth in Paragraph 46 draw any legal conclusions, no response is required.

47. HESI denies the allegations set forth in Paragraph 47 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47 as they relate to other defendants. To the extent the allegations set forth in Paragraph 47 draw any legal conclusions, no response is required.

48. HESI denies the allegations set forth in Paragraph 48 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48 as they relate to other defendants. HESI denies that it

caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 48 draw any legal conclusions, no response is required.

49.     Paragraph 49 is an incorporating paragraph, thus no response is required.

50.     Paragraphs 50-55 allege a claim for negligence, although it is unclear whether the claim is alleged under state law or general maritime law.  Pursuant to this Court's Orders and Reasons (Dkt. Nos. 4578, 4845), Plaintiff's claims under state law are preempted and thus dismissed.  To the extent the claims are asserted under general maritime law, HESI denies the allegations set forth in Paragraph 50 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 50 draw any legal conclusions, no response is required.

51.     HESI denies the allegations set forth in Paragraphs 51 (A)-(Z) and (aa)-(gg) as they pertain to HESI including, but not limited to that HESI's cement or cementing procedures were risky and would likely result in a blowout as alleged in 51 (V).  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in

- 13 -

Paragraphs 51 (A)-(Z) and (aa)-(gg) as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraphs 51 (A)-(Z) and (aa)-(gg) draw any legal conclusions, no response is required.

52.     HESI denies the allegations set forth in Paragraph 52 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 52 draw any legal conclusions, no response is required.  Any statement by BP's Chief Operating Officer on May 10, 2010 speaks for itself.

53.     HESI denies the allegations set forth in Paragraph 53 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 53 draw any legal conclusions, no response is required.   Any statement or "acknowledgement" by BP's CEO speaks for itself.

54.     HESI denies the allegations set forth in Paragraph 54 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54 as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  To the extent the allegations set forth in Paragraph 54 draw any legal conclusions, no response is required.

- 14 -

55.     HESI denies the allegations set forth in Paragraphs 55 (A)-(L)(i)-(xi) as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 55 (A)-(L)(i)-(xi) as they relate to other defendants.  HESI denies that it caused or contributed to the damages claimed.  HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraphs 55 (A)-(L)(i)-(xx) draw any legal conclusions, no response is required.

56.     Paragraph 56 is an incorporating paragraph, thus no response is required.

57.     Paragraphs 57-62 allege a claim for gross negligence, although it is unclear whether the claim is alleged under state law or general maritime law.  Pursuant to this Court's Orders and Reasons (Dkt. Nos. 4578, 4845), Plaintiff's claims under state law are preempted and thus dismissed.  To the extent the claims are asserted under general maritime law, HESI denies the allegations set forth in Paragraph 57 as they pertain to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 57 draw any legal conclusions, no response is required.

58.     HESI denies the allegations set forth in Paragraph 58 as they pertain to HESI and HESI specifically denies that there is an especially high risk of blowouts during cementing work.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 58 as they relate to other defendants.  To the extent the allegations set forth in Paragraph 58 draw any legal conclusions, no response is required.

- 15 -

59.     HESI denies the allegations set forth in Paragraph 59 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59 as they relate to other defendants.   To the extent the allegations set forth in Paragraph 59 draw any legal conclusions, no response is required.

60.     HESI denies the allegations set forth in Paragraph 60 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60 as they relate to other defendants.   HESI denies that it caused or contributed to the damages claimed.   HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).   To the extent the allegations set forth in Paragraph 60 draw any legal conclusions, no response is required.

61.     HESI denies the allegations set forth in Paragraph 61 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61 as they relate to other defendants.   HESI denies that it caused or contributed to the damages claimed.   HESI would further show that absent an allegation of physical damage to a proprietary interest, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).   To the extent the allegations set forth in Paragraph 61 draw any legal conclusions, no response is required.

1821026 v1-24010/0002 PLEADINGS

62.     HESI denies the allegations set forth in Paragraph 62 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62 as they relate to other defendants.   To the extent the allegations set forth in Paragraph 62 draw any legal conclusions, no response is required.

63.     Paragraph 63 is an incorporating paragraph, thus no response is required.

64.     Paragraphs 64-67 allege a claim for negligence *per se*.   Pursuant to this Court's Order and Reasons (Dkt. No. 4845), Plaintiff's negligence *per se* claim has been dismissed. Thus, no response is required.   To the extent a response is required, HESI denies the allegations in Paragraphs 64-67 as they pertain to it and is without sufficient knowledge or information to form a belief as to the truth of those allegations as to the other defendants.

68.     Paragraph 68 is an incorporating paragraph, thus  no response is required.

69.     Paragraphs 69-73 allege a claim under the Oil Pollution Act.   Pursuant to this Court's Order and Reasons (Dkt. No. 4845), Plaintiff's claim under the Oil Pollution Act has been dismissed.   Thus, no response is required.   To the extent a response is required, HESI denies the allegations in Paragraphs 69-73 as they pertain to it and is without sufficient knowledge or information to form a belief as to the truth of those allegations as to the other defendants.

74.     Paragraph 74 is an incorporating paragraph, thus no response is required.

75.     Paragraphs 75-77 allege a claim under for private nuisance.   Pursuant to this Court's Order and Reasons (Dkt. No. 4845), Plaintiff's claim for private nuisance has been dismissed.   Thus, no response is required.   To the extent a response is required, HESI denies the allegations in Paragraphs 75-77 as they pertain to it and is without sufficient knowledge or information to form a belief as to the truth of those allegations as to the other defendants.

78.     Paragraph 78 is an incorporating paragraph, thus no response is required.

79.     Paragraphs 79-83 allege a claim under for public nuisance.  Pursuant to this Court's Order and Reasons (Dkt. No. 4845), Plaintiff's claim for public nuisance has been dismissed.  Thus, no response is required.  To the extent a response is required, HESI denies the allegations in paragraphs 79-83 as they pertain to it and is without sufficient knowledge or information to form a belief as to the truth of those allegations as to the other defendants.

84.     HESI denies the allegations set forth in Paragraph 84 as they pertain to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 84 as they relate to other defendants.  HESI denies that Plaintiff is entitled to recover punitive damages from it.   To the extent the allegations set forth in Paragraph 84 draw any legal conclusions, no response is required.

The allegations set forth in the prayer for relief are denied as written as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the prayer as to other Defendants.  To the extent the allegations set forth in the prayer for relief draw legal conclusions, no response is required.  HESI would also direct Plaintiffs to this Court's Orders and Reasons (Dkt. Nos. 3830, 4578) wherein the Court determined that state law is inapplicable and dismissed all state law claims and nuisance and trespass claims under general maritime law.

## **AFFIRMATIVE DEFENSES**

WHEREFORE, HESI respectfully requests that the Court dismiss Plaintiff's First Amended Complaint in this proceeding because:

- 18 -

## FIRST AFFIRMATIVE DEFENSE

HESI asserts that Plaintiff's claims under state law have been dismissed pursuant to this Court's Orders and Reasons (Dkt. Nos. 3830, 4578).  In addition, Plaintiff's claims for nuisance and trespass under general maritime law have likewise been dismissed.

## SECOND AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that Plaintiff receives from any source as compensation for alleged losses.

## THIRD AFFIRMATIVE DEFENSE

The damages referred to in Plaintiff's First Amended Complaint were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Plaintiff's claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control.  Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

- 19 -

### FIFTH AFFIRMATIVE DEFENSE

The actions of others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Plaintiff's alleged damages, and, therefore, Plaintiff may not recover from HESI as a matter of law, and all such claims are barred in whole or in part by superseding and intervening causation.

### SIXTH AFFIRMATIVE DEFENSE

HESI did not owe any duty or warranty, either express or implied, to Plaintiff and did not breach any such duty.

### SEVENTH AFFIRMATIVE DEFENSE

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Plaintiff.  HESI is not liable under OPA or maritime law.

### EIGHTH AFFIRMATIVE DEFENSE

HESI pleads the negligence, superseding negligence and/or breach of duty of the Transocean Entities, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

### NINETH AFFIRMATIVE DEFENSE

Plaintiff has failed to plead, and cannot satisfy, conditions precedent to recovery.

### TENTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

1821026 v1-24010/0002 PLEADINGS

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Plaintiff may not recover on its claims.

## TWELFTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Plaintiff was not foreseeable as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not reasonably mitigated their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's affirmative defenses.

## FIFTEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses which it may be entitled to under Fed. R. Civ. P. 8(c).

## SIXTEENTH AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Although this Court has ruled that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

- 21 -

## NINETEENTH AFFIRMATIVE DEFENSE

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2).  In addition, to the extent Plaintiff has not complied with OPA's mandatory presentment requirements, such claims are barred.

## TWENTIETH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Plaintiff's claims with respect to its oil spill damages or otherwise.  HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Plaintiff's alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through twenty-first affirmative defenses.

## JURY DEMAND

Subject to and without waiving its previously filed Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Plaintiff's First Amended Complaint be deemed good and sufficient; that after due proceedings, there be judgment denying Plaintiff's claims, with all costs to be borne by Plaintiff; and for such other relief to which HESI may show itself to be justly entitled.

Dated:  January 23, 2012

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Answer to the State of Tamaulipas' First Amended Complaint was filed electronically with the Clerk of the Eastern District of Louisiana using the CM/ECF system, and that notice of this filing will be sent to all counsel through the CM/ECF Notification System.

/s/Donald E. Godwin
Donald E. Godwin

1821026 v1-24010/0002 PLEADINGS