# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION: J |
| on APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to: | § | |
| | § | MAG. JUDGE SHUSHAN |
| *Pleading Bundle "C ; 10-2771;* | § | |
| No. 10-2179 | § | |

_____

### HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO THE LOCAL GOVERNMENT ENTITY MASTER VOLUNTARY CLAIM IN LIMITATION (NO. 10-2771) (RULE 9(h)) AND VOLUNTARY MASTER COMPLAINT, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT IN ADMIRALTY ["MASTER COMPLAINT"] IN ACCORDANCE WITH PTO NO. 33, SECTION III (C) ["PLEADING BUNDLE "C"]

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to the Local Government Entity Master Voluntary Claim in Limitation (No. 10-2771) (Rule 9(h)) and Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint in Admiralty ("Bundle C Master Complaint ") In Accordance With PTO No. 33 [CMO No. 33] Section III (C) ["Pleading Bundle "C""], and respectfully shows this Court as follows:[1]

### ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the table of contents, or the various headings and subheadings in the Bundle C Master Complaint. Nor is HESI required to respond to the various affirmative defenses, allegations, assertions, and contentions in the Bundle "C" Claimants' Master Answer to Complaint and Petition of Triton Asset Leasing GMBH, *et al*. for Exoneration From or Limitation of Liability

---

[1] To the extent the Bundle "C" Master Complaint asserts any claims against Sperry Drilling Services, ("Sperry"), a HESI product services line, HESI denies that Sperry is a separate entity for purposes of allocation of liability. However, to the extent a response is necessary, each of HESI's answers, responses, and denials to the allegations set forth in the Bundle "C" Master Complaint, including HESI's affirmative defenses, are asserted on behalf of Sperry.

- 1 -

(Rule 9(h))("Bundle "C" Claimants' Master Answer").   However, to the extent a response is required, HESI denies each and every allegation, affirmative defense, heading and/or subheading set forth in the Bundle "C" Claimants' Master Answer, and the Voluntary Master Complaint.

For answer to each and every allegation of Plaintiffs, HESI responds as follows:[2]

27.    HESI admits that claims presented in the Master Claim in Limitation are admiralty or maritime claims with in the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The remaining allegations in Paragraph 27 request a non-jury trial; thus, no response is required.

28.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28.  To the extent Paragraph 28 serves as an identifying paragraph, no response is required.

29.    HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 29, except HESI admits that the *Deepwater Horizon* was owned and operated by one or more Transocean Entities,[3] and BP Exploration & Production, Inc., ("BP Exploration") contracted with one or more of the Transocean Entities for the use of the *Deepwater Horizon* in drilling the Macondo well, located in the Mississippi Canyon Block 252.

30.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30, except HESI admits, by virtue of the Order and Reasons (Dkt. No. 3830) issued by the Honorable Carl Barbier, that on April 20, 2010, the *Deepwater Horizon* was a vessel in navigation upon the navigable waters of the United States.

---

[2] HESI recognizes that the allegations set forth in Paragraphs 27-197 pertain to Claimants' First Amended Master Claim in Limitation (No. 10-2771) and are alleged solely against the Limitation Petitioners.  However, by virtue of the Limitation Petitioners' tender of those claims to HESI, pursuant to Federal Rule of Civil Procedure 14(c) (Dkt. No. 1320), and out of an abundance of caution, HESI responds and answers each allegation as if directed against it.

[3] Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater, Inc., hereinafter the "Transocean Entities," have each claimed to be the owner, managing owner, owners *pro hac vice*, and/or operators of the MODU *Deepwater Horizon*.

31.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31, except HESI admits that the *Deepwater Horizon* was a dynamically-positioned, semi-submersible drilling vessel owned and operated by one or more Transocean Entities.

32.     HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 32 except HESI admits that on April 20, 2010, the *Deepwater Horizon* was under lease issued by one or more of the Transocean Entities to BP Exploration.

33.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33, except HESI admits that it was engaged by BP Exploration to perform certain cementing operations and to provide certain other drilling support services (*e.g*., mudlogging, measurement while drilling) in the Gulf of Mexico, which came to include the Macondo site.  Any agreement between BP Exploration and Petitioners speaks for itself.

34.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34, except HESI admits that on April 20, 2010, a blowout and subsequent fire erupted on the *Deepwater Horizon*; HESI further admits that after the explosion and fire onboard the *Deepwater Horizon*, the *Deepwater Horizon* sank to the seafloor and, thereafter, an oil spill ensued.  HESI denies that it is liable for any alleged damage to Claimants' real or personal property.

35.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35, except HESI denies that it caused and/or contributed to the blowout, explosion, fire and oil spill from the *Deepwater Horizon* or any resultant damage.

36.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36 except HESI admits the Macondo well was over budget and behind schedule.

37.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37, but denies that any decisions it made regarding the services it provided were reckless.

38.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38, except HESI admits that a "long string" production casing design was utilized on the Macondo well.

39.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 39.

40.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 40, except HESI admits that contrary to its recommendations, the decision was made to utilize only six centralizers in the production interval, which presented a severe risk of a gas flow problem and likelihood of channeling. HESI denies that the cement job on the Macondo well failed.

41.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 41, except HESI admits that contrary to its recommendations, BP decided to forgo a "bottoms up" circulation of drilling mud immediately prior to the production casing cement job.

42.     HESI denies that the cementing job on the Macondo well was "faulty," and HESI further denies that the foam cement slurry utilized in the production interval was unstable.  HESI

- 4 -

is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 42.

43.     HESI denies that the cement job on the Macondo well failed to form a seal at the casing nearest the hydrocarbon reservoir.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 43, except HESI admits that Petitioners, among other parties, incorrectly interpreted the results of the negative pressure test.

44.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 44, except HESI admits that BP made the decision to cancel a cement bond log, which could have confirmed cement integrity or at least top of cement in the production interval.

45.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 45, except HESI admits that BP made the decision to forego the deployment of a casing hanger lockdown sleeve.

46.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 46, except HESI admits that a large quantity of mixed and untested loss circulation material was utilized in the Macondo well, and the blowout preventer ("BOP") is a subsea device intended to operate as a barrier to the flow of hydrocarbons from a well.  HESI further admits that, as recognized by the Honorable Judge Carl Barbier in his Order and Reasons (Dkt. No. 3830), the BOP was an appurtenance of the *Deepwater Horizon* vessel.

47.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47, except HESI admits that the decision was made

- 5 -

to perform simultaneous operations on the *Deepwater Horizon* and after the mud displacement process began, mud was then offloaded to the *M/V Damon Bankston*.

48.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 48.

49.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49.

50.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50.

51.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 51, except HESI admits that at approximately 9:30 p.m. on April 20, 2010, the mud pumps on the *Deepwater Horizon* were shut down.   Any modeling data from the BP Parties' investigation speaks for itself.

52.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52, except HESI admits that at some point in time on April 20, 2010, highly-pressurized hydrocarbons escaped the casing within the Macondo well, flowed up the riser, through the BOP and to the surface of the *Deepwater Horizon*.

53.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53, except HESI admits that at approximately 9:40 p.m. on April 20, 2010, mud began spilling onto the vessel floor of the *Deepwater Horizon*.

54.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54, except HESI admits that at approximately 9:41 p.m. on April 20, 2010, mud was diverted from the well into the mud-gas separator; the venting

pipes on the mud-gas separator vented gas toward the vessel; and at approximately 9:49 p.m., a fire began on the drill floor of the *Deepwater Horizon*.

55.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55.  Any investigation or testimony related to the explosion on the *Deepwater Horiz*on speaks for itself.

56.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 56, except HESI admits that gas sensors are tools utilized in the detection of gas vapors.

57.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57, except HESI admits that air intake valves are supposed to close upon detecting gas.

58.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 58.

59.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59, except HESI admits that eleven crewmembers on the *Deepwater Horizon* died following the blowout and fire on April 20, 2010; the rig's emergency disconnect system, designed to separate the vessel from the riser failed to activate; and gas flowed through the riser to the platform on the *Deepwater Horizon*.

60.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 60, except HESI admits that the fire onboard the *Deepwater Horizon* lasted approximately two days; the rig sank on April 22, 2010; and the long riser pipe connecting the vessel to the seafloor bent and broke as the rig sank to the ocean floor, allowing oil to escape the Macondo well.

61.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 61, except HESI would note that the findings of the *Deepwater Horizon* Study Group speak for themselves.

62.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62.

63.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63, except HESI admits that the BOP was equipped with a blind shear ram, which, when activated, was supposed to shear the drill pipe and seal the wellbore.

64.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 64, except HESI admits that the blind shear ram could be closed from the vessel through the high-pressure closure of the ram or the emergency disconnect sequence; both methods could be activated by pushing buttons on the BOP control panel, and both methods require communication between the vessel and the BOP through multiplex cables running from the vessel to the BOP.

65.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 65.

66.     HESI admits the allegations set forth in Paragraph 66.

67.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67, except HESI admits that the AMF sequence activates the blind shear ram to shear the drill pipe and seal the wellbore; the blind shear ram is initiated if certain conditions are met, including loss of electrical power, the loss of

- 8 -

communications, and the loss of hydraulic power; and at least one of the BOP's control pods must be operational for the AMF sequence to function.

68.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 68, except HESI would note that the BOP maintenance records from 2001 to 2010 speak for themselves.

69.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 69, except HESI admits that after the explosion on the *Deepwater Horizon*, ROVs were sent to the sea floor to attempt to close the blind shear ram using the "hot stab" or autoshear function.

70.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 70.

71.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 71.

72.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 72, except HESI would note that 29 C.F.R. § 190.119 speaks for itself.

73.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 73, except HESI admits that the blind shear rams did not successfully seal the well.  Any investigation into the *Deepwater Horizon*, the BOP and the failure of the BOP to seal the well speaks for itself.

74.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 74.

- 9 -

75.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75, except HESI would note that the 2000 report on the *Deepwater Horizon*'s BOP speaks for itself.

76.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76.

77.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77.

78.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78.

79.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 79.

80.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 80.

81.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 81.

82.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 82.

83.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 83.

84.     HESI denies any implication that the use of the BOP or the inaccessibility of the BOP on the sea floor constitute cause for HESI to exercise stop work authority.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations

set forth in Paragraph 84; however, HESI would note that any maintenance documents speak for themselves.

85.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 85; however, HESI would note that the results of any independent audit of the vessel and the testimony of Ronald Sepulvado speak for themselves.

86.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 86; however, HESI would note that any communications from federal regulators at the MMS speak for themselves.

87.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 87, but admits that had the BOP sealed the well, oil flowing from it would be limited, if not prevented.

88.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 88; however, HESI would note that any statements or admissions by Steven L. Newman speak for themselves.

89.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 89.

90.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 90; however, HESI would note that any assessment of the *Deepwater Horizon* speaks for itself.

91.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 91; however, HESI would note that any assessment of the *Deepwater Horizon* speaks for itself.

- 11 -

92.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 92; however, HESI would note that the results of any assessment of the equipment on the *Deepwater Horizon* by Petitioners or any BP-commissioned audit speak for themselves.

93.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 93.

94.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 94.

95.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 95.

96.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 96.

97.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 97.

98.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 98.

99.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 99.

100.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 100.

101.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 101; however, HESI would note that the results of

any confidential worker survey and the statements provided by participants in that survey speak for themselves.

102.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 102; however, HESI would note that the opinions and statements by D. Nansen Saleri speak for themselves.  HESI denies that it made any bad decisions about the Macondo well and denies that it completely disregarded any risk related to the Macondo well.

103.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 103.

104.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 104.

105.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 105.

106.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 106; however, HESI would note that NOAA sources related to the Gulf region's shrimp landings speak for themselves.

107.     HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 107; however, HESI would note that NOAA sources related to the Gulf region's shrimp landings speak for themselves.

- 13 -

108.     HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 108; however, HESI would note that any studies or statements by the National Marine Fisheries Service speak for themselves.

109.     HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 109.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

110.     HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 110.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

111.     HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 111.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this

Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

112.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 112; however, HESI would note that any survey from the Louisiana Tourism Commission speaks for itself.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

113.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 113; however, HESI would note that any report from the Center for Business and Economic Research at the University of Alabama speaks for itself. HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

114.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 114.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this

- 15 -

Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 114 draw any legal conclusions, no response is required.

115.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 115.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 115 draw any legal conclusions, no response is required.

116.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 116.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 116 draw any legal conclusions, no response is required.

117.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 117.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any

- 16 -

claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 117 draw any legal conclusions, no response is required.

118.    Paragraph 118 is an incorporating paragraph, and thus no response is required.

119.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 119, except HESI admits that the *Deepwater Horizon* was owned and operated by one or more Transocean Entities.[4]

120.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 120.  To the extent the allegations set forth in Paragraph 120 draw any legal conclusions, no response is required.

121.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 121.  To the extent the allegations set forth in Paragraph 121 draw any legal conclusions, no response is required.

122.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 122.  To the extent the allegations set forth in Paragraph 122 draw any legal conclusions, no response is required.

123.    HESI denies the allegations set forth in Paragraph 123 as written and specifically denies that any of its actions related to the Macondo well were reckless.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 123.  To the extent the allegations set forth in Paragraph 123 draw any legal conclusions, no response is required.

---

[4] *See* fn. 3.

1820993 v2-24010/0002 PLEADINGS

124.     The allegations set forth in Paragraph 124 and its subparagraphs (a)-(p) are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 124 and its subparagraphs (a)-(p) as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 124 and its subparagraphs (a)-(p) draw any legal conclusions, no response is required.

125.     The allegations set forth in Paragraph 125 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 125 as they relate to other Defendants.

126.     The allegations set forth in Paragraph 126 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 126 as they relate to other Defendants.

127.     The allegations set forth in Paragraph 127 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 127 as they relate to other Defendants.

128.     The allegations set forth in Paragraph 128 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 128 as they relate to other Defendants.  HESI would note that any governing, applicable, state or federal law speaks for itself.  To the extent the allegations set forth in Paragraph 128 draw any legal conclusions, no response is required.

129.     The allegations set forth in Paragraph 129 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 129 as they relate to other Defendants.  HESI would note that any rules or standards adopted by the International Safety and Management

- 18 -

Code speak for themselves.  To the extent the allegations set forth in Paragraph 129 draw any legal conclusions, no response is required.

130.    The allegations set forth in Paragraph 130 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 130 as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 130 draw any legal conclusions, no response is required.

131.    The allegations set forth in Paragraph 131 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 131 as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 131 draw any legal conclusions, no response is required.

132.    HESI denies that any of its actions caused the harm complained of by Claimants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 132.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 132 draw any legal conclusions, no response is required.

133.    Paragraph 133 is an incorporating paragraph, and thus no response is required.

134.    The allegations set forth in Paragraph 134 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of

the remaining allegations set forth in Paragraph 134 as they relate to other Defendants.  HESI would also direct Claimants to this Court's Order and Reasons (Dkt. No. 3830) wherein the Court determined that state law is inapplicable and dismissed all state law claims.  To the extent the allegations set forth in Paragraph 134 draw any legal conclusions, no response is required.

135.    The allegations set forth in Paragraph 135 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 135 as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 135 draw any legal conclusions, no response is required.

136.    The allegations set forth in Paragraph 136 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 136 as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 136 draw any legal conclusions, no response is required.

137.    The allegations set forth in Paragraph 137 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 137 as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 137 draw any legal conclusions, no response is required.

138.    The allegations set forth in Paragraph 138 are denied as written as to HESI, including but not limited to the allegation that the cement mixture was inappropriate for the well. HESI further specifically denies that HESI acted with gross negligence, willful misconduct, and reckless disregard for human life and the safety and health of the environment or

- 20 -

Claimants/Plaintiffs.  However, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 138 as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 138 draw any legal conclusions, no response is required.

139.    The allegations set forth in Paragraph 139 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 139 as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 139 draw any legal conclusions, no response is required.

140.    HESI denies that any of its actions caused the harm complained of by the Claimants.  HESI further denies that any of its actions were wanton or reckless.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 140; however, HESI would show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 140 draw any legal conclusions, no response is required.

141.    Paragraph 141 is an incorporating paragraph, and thus no response is required.

142.    Paragraphs 142-147 allege a claim for public nuisance.  Pursuant to this Court's Order and Reasons (Dkt. Nos. 4578, 4845), Claimants' claim for public nuisance has been dismissed.  Thus, no response is required.  To the extent a response is required, HESI denies the allegations in paragraphs 142-147 as they pertain to HESI and is without sufficient knowledge or

information to form a belief as to the truth of the allegations as they relate to the other defendants.

148.    Paragraph 148 is an incorporating paragraph, thus no response is required.

149.    Paragraphs 149-153 allege a claim for nuisance.  Pursuant to this Court's Order and Reasons (Dkt. Nos. 4578, 4845), Claimants' claim for nuisance has been dismissed.  Thus, no response is required.  To the extent a response is required, HESI denies the allegations in paragraphs 149-153 as they pertain to HESI and is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to the other defendants.

154.    Paragraph 154 is an incorporating paragraph, thus no response is required.

155.    Paragraphs 155-159 allege a claim for trespass.  Pursuant to this Court's Order and Reasons (Dkt. Nos. 4578, 4845), Claimants' claim for trespass has been dismissed.  Thus, no response is required.  To the extent a response is required, HESI denies the allegations in paragraphs 155-159 as they pertain to HESI and is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to the other defendants.

160.    Paragraph 160 is an incorporating paragraph, and thus no response is required.

161.    The allegations set forth in Paragraph 161 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 161 and its subparagraphs (a)-(j) as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 161 draw any legal conclusions, no response is required.

162.    The allegations set forth in Paragraph 162 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 162 as they relate to other Defendants.  To the

- 22 -

extent the allegations set forth in Paragraph 162 draw any legal conclusions, no response is required.

163.    The allegations set forth in Paragraph 163 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 163 as they relate to other Defendants.  To the extent the allegations set forth in Paragraph 163 draw any legal conclusions, no response is required.

The allegations set forth in the prayer for relief are denied as written as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the prayer.  To the extent the allegations set forth in the prayer for relief draw legal conclusions, no response is required.

164.    HESI admits that on April 20, 2010, a well blowout, explosion and fire occurred on the *Deepwater Horizon*, a vessel in the Gulf of Mexico.  HESI further admits that two days later the vessel sank.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 164.[5]

165.    HESI admits that the fire onboard the *Deepwater Horizon* lasted approximately two days; the rig sank on April 22, 2010; and the long riser pipe connecting the vessel to the sea floor bent and broke as the rig sank to the floor of the Gulf of Mexico, allowing oil to escape the Macondo well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 165.

---

[5] Prior to Paragraph 164, Plaintiffs include several unnumbered paragraphs to which HESI believes an answer is unnecessary under the Federal Rules of Civil Procedure.  *See* pg. 1, *supra*. To the extent a response is required, HESI denies the allegations in paragraph 164 as they pertain to HESI and is without sufficient knowledge or information to form a belief as to the truth of the allegations as they relate to the other defendants.

- 23 -

166.    HESI admits that crude oil escaped the wellhead, resulting in an oil slick on the surface of the waters in the Gulf of Mexico. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 166.

167.    The allegations set forth in Paragraph 167 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 167 as to other Defendants.

168.    HESI specifically denies that it chose to violate or ignore operational discipline; that HESI has a long corporate history of flagrant disregard for safety; and that HESI's actions were taken with willful, wanton, and/or reckless indifference to safety of the workers on the *Deepwater Horizon*, the environment, or the Plaintiffs.  The remaining allegations set forth in Paragraph 168 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 168 as to other Defendants.

169.    HESI specifically denies that it repeatedly made decisions impacting the safety of the vessel, its workers, the environment, the health, welfare and safety of the people, businesses, and property in the Gulf states in the direction of short-term gain, through reduced schedule and reduced costs; that HESI's conduct endangered the health and safety of a large region and population; and that HESI conduct increased the risk of serious injury and bodily and emotional harm.  The remaining allegations set forth in Paragraph 169 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 169 as to other Defendants.  To the extent the allegations set forth in Paragraph 169 draw any legal conclusions, no response is required.

170.    HESI denies that it caused environmental and economic damage to Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 170.  To the extent the allegations set forth in Paragraph 170 draw any legal conclusions, no response is required.

171.    HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 171.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 171 draw any legal conclusions, no response is required.

172.    HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 172.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 172 draw any legal conclusions, no response is required.

173.    HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 173.  HESI would further show that absent an

- 25 -

allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 173 draw any legal conclusions, no response is required.

174.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 174; except, HESI would note that the Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint speaks for itself.

175.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 175; except, HESI would note that the Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint speaks for itself.

176.    HESI denies that it is liable to Plaintiffs for actual, compensatory, economic and/or punitive damages.  HESI denies that class certification is proper.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 176; except, HESI would note that the First Amended Master Complaint, Cross-Claim, and Third-Party Complaint and Federal Rule of Civil Procedure 23 speak for themselves.  To the extent the allegations set forth in Paragraph 176 draw any legal conclusions, no response is required.

177.    HESI denies that it is liable to Plaintiffs for any claims or damages asserted in their Master Complaint, Cross-Claim, and Third-Party Complaint.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 177.  To the extent the allegations set forth in Paragraph 177 draw any legal conclusions, no response is required.

178.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 178.  To the extent Paragraph 178 serves as an identifying paragraph, no response is required

179.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 179; except HESI admits that: BP Exploration & Production, Inc. ("BP Exploration") was a lease holder in a lease granted  by the former Mineral Management Service ("MMS") allowing it to perform oil exploration, drilling and production-related operations in the oil and gas well located on Mississippi Canyon Block 252; and BP Exploration was designated as a "responsible party" by the U.S. Coast Guard under the Oil Pollution Act of 1990, 33 U.S.C. § 2714.  HESI would note that the terms of the lease granted by the former MMS, the Coast Guard's designation of BP as a "responsible party" and the Oil Pollution Act speak for themselves.  Jurisdictional allegations set forth in Paragraph 179 draw legal conclusions to which no response is required.

180.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 180.  HESI would note that any drilling contract entered into by BP America Production Company ("BP America") and Transocean Ltd. speaks for itself.  Jurisdictional allegations set forth in Paragraph 180 draw legal conclusions to which no response is required.

181.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 181.  Jurisdictional allegations set forth in Paragraph 181 draw legal conclusions to which no response is required.

182.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 182.  Any statement by BP p.l.c. regarding it being

- 27 -

the leading producer of oil and natural gas in the United States and the largest investor in U.S. energy development speaks for itself.

183.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 183.   Jurisdictional allegations set forth in Paragraph 183 draw legal conclusions to which no response is required.

184.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 184.   Jurisdictional allegations set forth in Paragraph 184 draw legal conclusions to which no response is required.

185.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 185.   Jurisdictional allegations set forth in Paragraph 185 draw legal conclusions to which no response is required.

186.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 186.  HESI would note that any statements by BP p.l.c. in its Annual Report for 2009 speak for themselves.  Jurisdictional allegations set forth in Paragraph 186 draw legal conclusions to which no response is required.

187.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 187.  Any statements on the BP website pertaining to the Macondo Prospect speak for themselves.  Jurisdictional allegations set forth in Paragraph 187 draw legal conclusions to which no response is required.

188.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 188.  To the extent Paragraph 188 collectively identifies the various BP parties, no response is required.  To the extent the allegations set forth in Paragraph 188 draw any legal conclusions, no response is required.

189.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 189.   Jurisdictional allegations set forth in Paragraph 189 draw legal conclusions to which no response is required.   The allegations, statements, and omissions set forth in the Complaint and Petition for Exoneration from or Limitation of Liability speak for themselves.

190.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 190.   Jurisdictional allegations set forth in Paragraph 190 draw legal conclusions to which no response is required.

191.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 191.   Jurisdictional allegations set forth in Paragraph 191 draw legal conclusions to which no response is required.

192.    HESI admits that on April 28, 2010, the United States Coast Guard designated Transocean Holdings as a "responsible party" under the Oil Pollution Act.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 192.   Jurisdictional allegations set forth in Paragraph 192 draw legal conclusions to which no response is required.  The terms of any contract by BP and Transocean Holdings and any designation by the United States Coast Guard speak for themselves.

193.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 193.   Jurisdictional allegations set forth in Paragraph 193 draw legal conclusions to which no response is required.

194.    HESI admits that a Transocean entity provided the *Deepwater Horizon* vessel. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 194.   To the extent paragraph 194 collectively

identifies the various Transocean parties, no response is required.  To the extent the allegations set forth in Paragraph 194 draw any legal conclusions, no response is required.

195.    HESI admits: that it is a Delaware corporation with its principal place of business in Houston, Texas; that it is registered to do and does business in the State of Louisiana; and that it was engaged by BP Exploration to perform certain limited cementing operations and to provide certain other drilling support services (*e.g.*, mudlogging, directional drilling, and measurement while drilling) in the Gulf of Mexico, which came to include providing such services aboard the *Deepwater Horizon* at the Macondo well.  HESI denies each and every other allegation set forth in Paragraph 195.

196.    The allegations set forth in Paragraph 196 are denied, except HESI admits that Sperry Drilling Services (formerly Sperry Sun Drilling Services) is a product service line of HESI and was engaged by BP to perform certain, limited services as set forth in the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services, BPM-09-00255.  HESI denies that Sperry Drilling Services is a separate entity for purposes of allocation of liability.  To the extent Paragraph 196 collectively identifies HESI and its product service line, no response is required.

197.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 197.  Jurisdictional allegations set forth in Paragraph 197 draw legal conclusions to which no response is required.

198.    HESI denies that it was involved in the drilling or other temporary abandonment activities of the *Deepwater Horizon* and HESI further denies that its actions caused or contributed to the Spill.  HESI is without sufficient knowledge or information to form a belief as

to the truth of the remaining allegations set forth in Paragraph 198 as to other Defendants.  To the extent Paragraph 198 collectively identifies the parties, no response is required.

199.    HESI admits that Cameron manufactured the BOP installed on the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 199.  Jurisdictional allegations set forth in Paragraph 199 draw legal conclusions to which no response is required.

200.    HESI admits that Weatherford manufactured the float collar, shoe, and centralizers utilized on the Macondo well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 200.  Jurisdictional allegations set forth in Paragraph 200 draw legal conclusions to which no response is required.

201.    HESI denies that it is liable, jointly, severally and solidarily under various principles of federal, maritime law, and under the Oil Pollution Act.  HESI would also direct Plaintiffs to this Court's Order and Reasons (Dkt. No. 3830, 4845) wherein the Court determined that state law is inapplicable and dismissed all state law claims.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 201.  To the extent the allegations set forth in Paragraph 201 draw any legal conclusions, no response is required.

202.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 202.  Jurisdictional allegations set forth in Paragraph 202 draw legal conclusions to which no response is required.  HESI would note that the terms of the Macondo Prospect Offshore Deepwater Operating Agreement ("Operating Agreement") speak for themselves.

203.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 203.   Jurisdictional allegations set forth in Paragraph 203 draw legal conclusions to which no response is required.

204.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 204.   To the extent the allegations set forth in Paragraph 204 draw any legal conclusions, no response is required. HESI would note that the terms of the Operating Agreement speak for themselves.

205.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 205.   To the extent the allegations set forth in Paragraph 205 draw any legal conclusions, no response is required.

206.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 206.   To the extent the allegations set forth in Paragraph 206 draw any legal conclusions, no response is required.

207.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 207.   Jurisdictional allegations set forth in Paragraph 207 draw legal conclusions to which no response is required.

208.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 208.   To the extent the allegations set forth in Paragraph 208 draw any legal conclusions, no response is required.

209.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 209.   HESI would note that any statements by MOECO speak for themselves.   To the extent the allegations set forth in Paragraph 209 draw any legal conclusions, no response is required.

210.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 210.

211.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 211.  HESI would note that the terms of any agreement by MOECO with BP Exploration & Production, Inc. ("BP E&P") speak for themselves.

212.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 212.  HESI would note that any statements or reports issued by MOECO regarding a partnership or participation in the Marcellus Shale Gas Project speak for themselves.

213.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 213.  HESI would note that any statements or announcements issued by MOECO speak for themselves.

214.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 214.  To the extent the allegations set forth in Paragraph 214 draw any legal conclusions, no response is required.

215.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 215.  HESI would note that the terms of any Lease Exchange Agreement between BP E&P and MOEX Offshore and any operating agreement between BP E&P and MOECO speak for themselves.

216.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 216.  HESI would note that the terms of any

- 33 -

operating agreement or joinder of the operating agreement between BP E&P, MOEX Offshore, Anadarko, and Anadarko E&P speak for themselves.

217.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 217.

218.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 218.  HESI would note that any statements by Naoki Ishii, Mitsui or other representatives of MOECO or MOEX Offshore speak for themselves.

219.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 219.  To the extent the allegations set forth in Paragraph 219 draw any legal conclusions, no response is required.

220.   The allegations set forth in Paragraph 220 merely reserve Plaintiffs' right to amend their Voluntary Master Complaint, thus no response is required.

221.   HESI admits the allegations set forth in Paragraph 221.   HESI would note however, that the jurisdictional allegations set forth in Paragraph 221 draw legal conclusions to which no response is required.

222.   By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.

223.   HESI admits the allegations set forth in Paragraph 223.   HESI would note however that the jurisdictional allegations set forth in Paragraph 223 draw legal conclusions to which no response is required.

224.   By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.

225.     By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.

226.     HESI admits that venue is proper in this district.  HESI would note that 28 U.S.C. § 1391, 28 U.S.C. § 1407, this Court's Pre-Trial Order No. 20, and the Order issued by the JPML, speak for themselves.

227.     The allegations set forth in Paragraph 227 are denied as written as to HESI.  HESI admits that on April 20, 2010, a loss of well control event occurred on the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 227.

228.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 228; except HESI admits that on April 20, 2010, a loss of well control event occurred.  HESI denies that it is liable for any of the alleged damages as a result of any purported failure of the cement barrier in the production interval or otherwise.

229.     HESI admits that after the *Deepwater Horizon* sank, oil escaped the well, into the waters of the Gulf of Mexico; but HESI denies that any of its actions caused the harm complained of by Plaintiffs.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 229.

230.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 230; but HESI denies that any of its actions caused the harm or damages complained of by Plaintiffs.  HESI would note that any statement by the co-chairman of the National Commission speaks for itself.

231.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 231.

- 35 -

232.    HESI admits that on April 20, 2010, the *Deepwater Horizon* crew was in the process of preparing the Macondo well for temporary abandonment.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 232.

233.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 233.

234.    As recognized by this Court in its Orders and Reasons (Dkt. Nos. 3830, 4845), HESI admits that a blowout preventer ("BOP") is an appurtenance of a drilling vessel.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 234.

235.    HESI denies the implication that the circumstances or events on the *Deepwater Horizon* provided a basis for HESI to exercise stop work authority.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 235.

236.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 236.

237.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 237.

238.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 238.

239.    HESI denies the allegations set forth in Paragraph 239.

240.    HESI denies the allegations set forth in Paragraph 240.

241.    HESI admits that BP Exploration was a lease holder in a lease granted by the former MMS allowing it to perform oil exploration, drilling and production-related operations in the oil and gas well located on Mississippi Canyon Block 252.   HESI is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 241; except HESI would note that the terms of the lease BP Exploration acquired from MMS speak for themselves.

242.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 242; except HESI would note that any applicable regulation, including 30 C.F.R. §§250.201, 250.202, and the Exploration Plan speak for themselves.   To the extent the allegations set forth in Paragraph 242 draw any legal conclusions, no response is required.

243.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 243; except HESI would note that 30 C.F.R. §§250.212, 250.219, and 250.227 speak for themselves.   To the extent the allegations set forth in Paragraph 243 draw any legal conclusions, no response is required.

244.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 244; except HESI would note that 30 C.F.R. §250.213 speaks for itself.   To the extent the allegations set forth in Paragraph 244 draw any legal conclusions, no response is required.

245.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 245; except HESI would note that 30 C.F.R. §250.219 speaks for itself.   To the extent the allegations set forth in Paragraph 245 draw any legal conclusions, no response is required.

246.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 246; except HESI would note that any applicable federal regulation, including 30 C.F.R. §250.280, speaks for itself.  To the extent the allegations set forth in Paragraph 246 draw any legal conclusions, no response is required.

247.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 247; except HESI would note that the Exploration Plan, including the environmental impact analysis section, speaks for itself.

248.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 248.

249.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 249.

250.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 250; except HESI would note that the terms of any Operating Agreement speak for themselves.

251.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 251; except HESI would note that the terms of any Operating Agreement speak for themselves.

252.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 252; except HESI would note that the terms of any AFEs speak for themselves.

253.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 253; except HESI would note that the terms of any Operating Agreement speak for themselves.

254.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 254; except HESI would note that any November 2009 amendment to the Operating Agreement speaks for itself.

255.    HESI admits that the *Deepwater Horizon* was a dynamically-positioned, semi-submersible deepwater drilling vessel.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 255.

256.    HESI admits that the *Deepwater Horizon* was owned and operated by one or more Transocean Entities, and BP Exploration contracted with one or more of the Transocean Entities for the use of the *Deepwater Horizon* in drilling the Macondo well, located in the Mississippi Canyon Block 252.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 256; except, HESI would note that the terms of any Drilling Contract between Vastar Resources, Inc. and R&B Falcon Drilling Co., and any amendments thereto, speak for themselves.

257.    The allegations set forth in Paragraph 257 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 257 as to other Defendants.  HESI would note that any statement by Steven L. Newman speaks for itself.

258.    The allegations set forth in Paragraph 258 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 258 as to other Defendants.

259.    The allegations set forth in Paragraph 259 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 259 as to other Defendants.

260.   HESI admits that the *Deepwater Horizon* was conducting drilling operations in excess of 18,000 feet below the seabed; however, the remaining allegations set forth in Paragraph 260 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 260 as to other Defendants.

261.   The allegations set forth in Paragraph 261 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 261 as to other Defendants.  HESI would note that any emails from BP employees in the weeks preceding the Incident speak for themselves.

262.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 262.  HESI would note that the reports of any workers on the *Deepwater Horizon* and the NOAA Flow Rate Technical Group report speak for themselves.

263.   The allegations set forth in Paragraph 263 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 263 as to other Defendants.

264.   The allegations set forth in Paragraph 264 are denied as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 264 as to other Defendants.  HESI admits that a kick occurred on March 8, 2010.

265.   The allegations set forth in Paragraph 265 are denied as to HESI, including the allegation that HESI was "too slow" in detecting the kick.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegation set forth in Paragraph

- 40 -

265 as to other Defendants.  HESI would note that any BP analysis of the March 8, 2010, loss of well control and any "lessons learned" document distributed to BP employees speak for themselves.

266.    The allegations set forth in Paragraph 266 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 266 as to other Defendants.  HESI would note that any statement by Mike Williams speaks for itself.

267.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 267; except HESI would note that any Drilling Contract between "BP" and "Transocean" speaks for itself.

268.    HESI admits that the Macondo well was behind schedule.   The remaining allegations set forth in Paragraph 268 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 268 as to other Defendants.

269.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 269; except HESI would note that any statement by Robert Bea speaks for itself.

270.    HESI admits that the Macondo well was over budget and behind schedule.   The remaining allegations set forth in Paragraph 270 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 270 as to other Defendants.  HESI would note that any testimony by employees on the *Deepwater Horizon* speak for themselves.

271.    The allegations set forth in Paragraph 271 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 271 as to other Defendants.

272.    HESI specifically denies that its decisions or actions were reckless.   The remaining allegations set forth in Paragraph 272 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 272 as to other Defendants.

273.    The allegations set forth in Paragraph 273 are denied as written as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 273 as to other Defendants.  HESI would note that any governmental investigation or hearing and the testimony provided therein speaks for itself.

274.    HESI denies any liability for damages related to the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 274; except HESI would note that any statement by Robert Bea speaks for itself.

275.    The allegations set forth in Paragraph 275 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 275 as to other Defendants.  HESI would note that conclusions or opinions of "independent experts in the *Deepwater Horizon* Study Group" speak for themselves.

276.    The allegations set forth in Paragraph 276 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of

1820993 v2-24010/0002 PLEADINGS

the remaining allegations set forth in Paragraph 276 as to other Defendants.  HESI would note that the admissions, conclusions or opinions of BP in the *Deepwater Horizon* Accident Investigation Report speak for themselves.

277.    HESI admits that the Macondo well was over budget and behind schedule.  The remaining allegations set forth in Paragraph 277 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 277 as to other Defendants.

278.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 278.

279.    HESI denies the allegations set forth in Paragraph 279.

280.    HESI denies the allegations set forth in Paragraph 280.

281.    The allegations set forth in Paragraph 281 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 281 as to other Defendants.

282.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 282.  HESI would note that the BP Forward Review Plan speaks for itself.

283.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 283.  HESI would note that the BP Forward Review Plan speaks for itself.

284.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 284.  HESI would note that any internal BP emails speak for themselves.

285.    The allegations set forth in Paragraph 285 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 285 as to other Defendants.

286.    The allegations set forth in Paragraph 286 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 286 as to other Defendants.  HESI would note that "internal documents" cited by Federal investigators, statements by Mark Hafle and other "internal reports" speak for themselves.

287.    HESI admits that Weatherford manufactured the float collar installed on the final section of casing in the Macondo well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 287.

288.    HESI admits that a float collar is a component installed near the bottom of the casing string on which cement plugs land during the cementing job.  HESI further admits that a check-valve assembly fixed within the float collar works like a one-way valve, allowing drilling fluids or cement to be pumped in one direction through the valve, but preventing backflow of the fluids or cement when pumping is stopped, and preventing any influx of hydrocarbons below the float collar from rising farther up the casing.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 288.

289.    HESI admits that to properly prevent against backflow of fluids or hydrocarbons into the casing, a float collar must be "converted" or closed after installation.  HESI further admits that prior to conversion, an "auto-fill tube" holds the float collar's one-way check valves open so that mud can flow through without having to be pumped through with high force that

- 44 -

could damage the formation.  HESI is without sufficient knowledge or information to form a belief as to truth of the remaining allegations set forth in Paragraph 289.

290.   HESI admits that the drilling vessel crew made nine attempts to re-establish circulation by increasing pressure in the casing, eventually succeeding with a pressure of 3142 psi.  The remaining allegations set forth in Paragraph 290 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 290 as to other Defendants.  HESI would note that any statements in BP's investigation report speak for themselves.

291.   The allegations set forth in Paragraph 291 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 291 as to other Defendants.  HESI would note that any post-Spill investigations and the statements and conclusions within those investigations speak for themselves.

292.   HESI admits that the cement around the casing is intended to seal the space (the "annulus") between the rock walls of the drilled out well bore hole and the casing that runs through the wellbore.  HESI further admits that if the casing is not centered within the wellbore, the pipe can lay near or against the sides of the bore hole.  HESI further admits that channeling can cause a pathway for communication of hydrocarbons or other formation fluids into the annulus.  The remaining allegations set forth in Paragraph 292 are denied as written as to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 292 as to other Defendants.  However, HESI would note that any email from Brett Cocales speaks for itself.

- 45 -

293.    The American Petroleum Institute ("API") Recommended Practice 65 speaks for itself.

294.    HESI admits that on or about April 15, 2010, Jesse Gagliano ran models to determine if the use of six centralizers would be sufficient to prevent channeling.  HESI further admits that HESI's analysis recommended the use of 21 centralizers to prevent channeling; using ten centralizers would result in a "moderate" gas flow problem and the use of only six centralizers would result in a "severe" gas flow problem.  HESI admits that these conclusions and recommendations were provided to BP and centralizers were available on the *Deepwater Horizon*.  The remaining allegations set forth in Paragraph 294 are denied as written to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 294 as to other Defendants.  HESI would note that any emails from Brett Cocales speak for themselves.

295.    HESI admits that the use of less than 21 centralizers (as recommended by Jesse Gagliano) increased the risk of a gas flow problem and channeling.  HESI denies the implication that channeling provides a basis for HESI to exercise stop work authority.  HESI denies the remaining allegations set forth in Paragraph 295.  HESI would note that any statement or advice by Marvin Volek speaks for itself.

296.    HESI admits that BP made the decision to forego a "bottoms up" circulation of the wellbore prior to beginning the primary cement job.  HESI further admits that, among other things, a "bottoms up" circulation cleans the wellbore by circulating drilling fluids from the bottom of the well to the surface and a "bottoms up" circulation helps to remove well cuttings and other debris from the bottom of the well.  HESI denies that it was involved in the decision to

- 46 -

forego the "bottoms up" circulation.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 296.

297.    HESI would note that the API guidelines speak for themselves.

298.    HESI admits that Jesse Gagliano advised BP of HESI's recommendation and best practice to "at least circulate one bottoms up on the well before doing a cement job."  HESI denies the remaining allegations in Paragraph 298.

299.    HESI admits the allegations set forth in Paragraph 299.

300.    HESI admits that it would have taken more time to circulate full "bottoms up" on the Macondo well and that BP's decision against circulating full "bottoms up" went against the recommendations of the API and HESI.  HESI further admits that in doing so, BP chose to save time and money and BP's decision put the cement job at further risk of not isolating hydrocarbons.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 300.

301.    HESI admits that it commenced the cementing job on the Macondo well despite the facts that BP chose to forego a "bottoms up" circulation and that BP decided to use less centralizers than HESI recommended.  HESI denies the implication that it was HESI's decision when to commence the cement job.  The remaining allegations set forth in Paragraph 301 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 301 as to other Defendants.

302.    The allegations set forth in Paragraph 302 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 302 as to other Defendants.

- 47 -

303.     The allegations set forth in Paragraph 303 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 303 as to other Defendants.  HESI would note that any 2007 study by MMS speaks for itself.

304.     HESI denies the allegations set forth in Paragraph 304.

305.     HESI admits that prior to beginning cement operations, it worked with the BP entities to determine the type, volume, placement and pumping of the cement; however, BP ultimately made the decision as to these parameters and in certain situations against HESI's recommendations.  HESI further admits that BP failed to follow HESI's recommendations to circulate bottoms up prior to the cement job and to use 21 centralizers on the casing pipe.  The remaining allegations set forth in Paragraph 305 are denied.

306.     HESI admits that the cement is intended to fill the annulus between the casing and the wellbore to provide adequate zonal isolation.  Except as admitted above, HESI denies the remaining allegations set forth in Paragraph 306 as to HESI, and specifically denies that it improperly designed or tested the cement used at the Macondo well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 306 as to other Defendants.

307.     HESI admits that foamed cement is cement injected with nitrogen gas.  HESI further admits that, after consultation between HESI and the BP entities, BP decided to utilize a foamed cement to cement the production casing at the Macondo well.  HESI denies the remaining allegations set forth in Paragraph 307.

308.     HESI denies that the cement slurry utilized on the Macondo well production casing was unstable or that any testing conducted by HESI in February 2010 had any bearing on

- 48 -

the stability of the cement slurry actually used on the Macondo well production casing.  HESI further denies that the conditions used in the February 2010 stability testing were the same as or similar to those used on the testing of the actual slurry used to cement the Macondo well production casing.  However, HESI would note that any statements, reports or conclusions of Fred Bartlitt, Jr., or the Presidential Commission speak for themselves.

309.    The allegations set forth in Paragraph 309 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 309 as to other Defendants.  HESI would note that any statement from Robert Bea speaks for itself.

310.    HESI admits that the Presidential Commission requested samples of materials similar to those used on the Macondo well.  HESI further admits that it provided "stock" shelf sample of materials; however, HESI denies that any testing of such samples was indicative of the slurry actually pumped, or that the cement pumped at the Macondo well was unstable.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 310; however, HESI would note that any testing by the Presidential Commission and/or statements or suggestions by Mr. Bartlitt regarding such testing speaks for itself.

311.    HESI denies the allegations set forth in Paragraph 311.  HESI would note that any "independent tests" and the results of those tests speak for themselves.

312.    HESI denies the allegations set forth in Paragraph 312.

313.    HESI admits that it conducted two pilot foam stability tests in February 2010, on a cement slurry mix that differed from the slurry mix ultimately used on the Macondo well production casing and under different conditions than those used to test the cement actually

pumped on the Macondo well production casing job. HESI further admits that it provided test results from the February 2010 testing to BP on multiple occasions, including the email dated March 8, 2010. HESI denies the remaining allegations set forth in Paragraph 313. HESI would note that any statements or results included in Bartlitt's report speak for themselves.

314.    HESI admits that it conducted two foam stability tests in April 2010 on a different cement slurry than tested in February 2010. HESI further admits that such testing indicated that the foam cement slurry was stable. HESI further admits that BP ordered the job to be pumped before receiving the final foam stability test results. HESI denies the remaining allegations set forth in Paragraph 314; however, HESI would note that Bartlitt's report and any statements or results contained within, speak for themselves.

315.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 315. However, HESI would note that any statements, considerations, or opinions of Robert Bea speak for themselves.

316.    HESI denies the allegations set forth in Paragraph 316. HESI would note that any statements, notations, or conclusions by the BP investigation team speak for themselves.

317.    The allegations set forth in Paragraph 317 and subparts (a)-(d) are denied as written as to HESI, and HESI specifically denies that it improperly designed or tested the cement used at the Macondo well. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 317 and subparts (a)-(d) as to other Defendants. HESI would note that any statements, notations, or conclusions by the Presidential Commission speak for themselves.

318.    HESI denies that test results on the cement slurry utilized on the Macondo well indicated the cement was unstable and that testing of the cement slurry was inadequate. HESI is

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 318.

319.    HESI admits that unstable foam cement can result in nitrogen breakout.  HESI denies that the foam cement utilized on the Macondo well production casing was unstable.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 319.

320.    HESI admits that the volume of cement utilized on a cement job is a factor in ensuring a successful cement job.  HESI denies that it was responsible for ultimately determining the cement volume.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 320.  HESI would note, however, that the interim report by the National Academy of Engineering ("NAE") speaks for itself.

321.    The allegations set forth in Paragraph 321 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 321 as to other Defendants.  HESI would note that any concerns or statements raised by the NAE speak for themselves.

322.    The allegations set forth in Paragraph 322 are denied as written as to HESI; except HESI admits that it is important to monitor well flow during the cementing process to ensure "full returns," and HESI further admits that if less mud flows out of the well than the amount of cement that is pumped in, fluid is possibly being lost.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 322.

323.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 323.  HESI would note that the deposition

testimony of Nathaniel Chaisson and Vincent Tabler, and the congressional testimony of BP speak for themselves.

324.    HESI denies that the cement slurry used at the Macondo well was unstable.  HESI admits that BP made the decision to cancel the cement bond log test, which could have checked the integrity of the completed cement job or, at a minimum, identify the top of cement in the production interval.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 324.

325.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 325.  HESI would note that BP's internal guidelines, internal policies and procedures, and well plans speak for themselves.

326.    HESI admits that BP canceled the cement bond log test and turned back the Schlumberger Ltd. team who had flown to the *Deepwater Horizon* specifically and solely to perform the cement bond log test.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 326.

327.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 327.

328.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 328.  HESI would note that the testimony of Gordon Aaker, Jr. speaks for itself.

329.    The allegations set forth in Paragraph 329 draw legal conclusions, thus no response is required.

330.    HESI admits that the decision to forego the cement bond log was solely that of the BP entities, who held the ultimate decision-making authority.  HESI denies the implication that

BP's failure to run a cement bond log constitutes cause for HESI to exercise stop work authority or that HESI otherwise has authority to insist that BP run a cement bond log.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 330 except HESI would note that the statements of Tommy Roth speak for themselves.

331.   HESI admits that a cement job is intended to prevent hydrocarbon flow and HESI further admits that the BP entities decided not to deploy the casing hanger lockdown sleeve.  The remaining allegations set forth in Paragraph 331 are denied as written as to HESI.  However, HESI is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 331 as to other Defendants.

332.   HESI admits that a casing hanger lockdown sleeve ties the seal assembly to the top of a well and during drilling, heavy drilling mud counters the pressure from the hydrocarbons around the well, preventing their influx into the annulus and the casing.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 332.

333.   HESI denies that it's cement job was unsound.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 333.  HESI would note that any statement by "a well design expert at another major oil company" speaks for itself.

334.   HESI denies that it had operational control over when displacement would begin, or that HESI had the authority or ability to prevent BP from displacing mud when it did.  The remaining allegations set forth in Paragraph 334 are denied as written as to HESI; however,

HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 334 as to other Defendants.

335. HESI denies that it had operational control over when displacement would begin, or that HESI had the authority or ability to prevent BP from displacing mud when it did. The remaining allegations set forth in Paragraph 335 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 335 as to other Defendants.

336. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 336. HESI would note that the congressional testimony of Leo Lindner speaks for itself.

337. The allegations set forth in Paragraph 337 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 337 as to other Defendants. HESI would note that the calculations and congressional testimony of Leo Lindner speak for themselves.

338. HESI admits that there are two general types of pressure tests—a positive pressure test and a negative pressure test. HESI further admits that during a positive pressure test, pressure in the casing string is increased and a pressure response is observed. HESI denies the remaining allegations and characterizations set forth in Paragraph 338.

339. HESI admits that a positive pressure test was conducted at the Macondo well on April 20, 2010. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 339.

340. HESI admits that after the completion of the positive pressure test, the mud displacement process began. HESI is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations set forth in Paragraph 340, but HESI would note that MI's mud displacement plan speaks for itself.

341.    The allegations set forth in Paragraph 341 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 341 as to other Defendants.

342.    The allegations set forth in Paragraph 342 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 342 as to other Defendants.

343.    HESI admits that the two negative pressure tests conducted on the Macondo well yielded abnormal results but denies that it played any role in interpreting those tests.  The remaining allegations set forth in Paragraph 343 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 343 as to other Defendants.

344.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 344.

345.    HESI admits that BP misinterpreted the pressure tests.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 345.  HESI would note that any expert testimony regarding BP's interpretation of the pressure tests and any BP congressional testimony speaks for itself.  To the extent the allegation set forth in Paragraph 345 draw any legal conclusions, no response is required.

346.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 346.  HESI would note that BP's investigation report, and the congressional testimony of Steve Robinson speak for themselves.

347.    HESI denies the allegations set forth in Paragraph 347.

348.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 348.  HESI would note that the November 16, 2010 NAE report and the statements of the NAE panel speak for themselves.

349.    HESI specifically denies that its cement job was "flawed."  The remaining allegations set forth in Paragraph 349 are denied as written as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 349 as to other Defendants.

350.    The allegations set forth in Paragraph 350 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 350 as to other Defendants.

351.    HESI admits that in oil wells, "spacer" is a fluid used to create a division between two other fluids. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 351.

352.    HESI is without sufficient knowledge or information to form a belief as the truth of the allegations set forth in Paragraph 352.  HESI would note that the testimony of Leo Lindner speaks for itself.

353.    The allegations set forth in Paragraph 353 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 353 as to other Defendants.  HESI would note that the testimony and opinions of Leo Lindner speak for themselves.

354.    The allegations set forth in Paragraph 354 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 354 as to other Defendants.

355.    The allegations set forth in Paragraph 355 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 355 as to other Defendants.

356.    HESI admits that monitoring a well for signs of hydrocarbon influx is important. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 356.  HESI would note that the NAE's interim report speaks for itself.

357.    The allegations set forth in Paragraph 357 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 357 as to other Defendants.  HESI would note that the opinions, conclusions and statements by the *Deepwater Horizon* Study Group speak for themselves.

358.    The allegations set forth in Paragraph 358 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 358 as to other Defendants.

359.    The allegations set forth in Paragraph 359 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 359 as to other Defendants.

360.    The allegations set forth in Paragraph 360 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of

- 57 -

the remaining allegations set forth in Paragraph 360 as to other Defendants.  HESI would note that modeling data from BP's investigation and the congressional testimony of Joseph Keith speak for themselves.

361.    The allegations set forth in Paragraph 361 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 361 as to other Defendants.  HESI would note that any congressional testimony speaks for itself.

362.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 362.  HESI would note that modeling data from BP's investigation speaks for itself.

363.    The allegations set forth in Paragraph 363 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 363 as to other Defendants.

364.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 364.  Any complaints or statements by BP or Transocean speak for themselves.

365.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 365.  HESI would note that the findings by the Transocean safety review and the conclusions and determinations of the *Deepwater Horizon* Study Group speak for themselves.

366.    The allegations set forth in Paragraph 366 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of

the remaining allegations set forth in Paragraph 366 as to other Defendants. HESI would note that any statements by a BP well site leader speak for themselves.

367. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 367. HESI would note that any testimony by a "vessel worker" and a "mud logger" speaks for itself.

368. HESI admits that simultaneous operations were occurring on the *Deepwater Horizon* on April 20, 2010, but HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 368.

369. HESI admits that simultaneous activities onboard the *Deepwater Horizon* made HESI's mudloggers' ability to monitor pit fluid levels more difficult. The remaining allegations set forth in Paragraph 369 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 369 as to other Defendants.

370. The allegations set forth in Paragraph 370 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 370 as to other Defendants.

371. The allegations set forth in Paragraph 371 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 371 as to other Defendants. HESI would note that the statements and conclusions of the *Deepwater Horizon* Study Group speak for themselves.

- 59 -

372.     HESI denies that its cement was faulty.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 372.  HESI would note that the conclusions of any investigation speak for themselves.

373.     The allegations set forth in Paragraph 373 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 373 as to other Defendants.

374.     The allegations set forth in Paragraph 374 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 374 as to other Defendants.

375.     HESI admits that after mud spurted from the riser it was diverted to the mud-gas separator, a device used to separate gas from drilling fluid and vent it safely into the air.  HESI is without sufficient knowledge or information form a belief as to the truth of the remaining allegations set forth in Paragraph 375.

376.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 376.

377.     HESI admits that eventually, gas spread onto the rig floor of the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 377.

378.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 378.

379.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 379.

- 60 -

380.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 380; except, HESI would note that the "investigations and testimony" speak for themselves.

381.     HESI admits that gas sensors are designed to shutdown vessel engines when gas vapors are detected.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 381.  HESI would note that any testimony by Douglas Brown speaks for itself.

382.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 382; except HESI would note that the testimony of Douglas Brown speaks for itself.

383.     HESI admits that as a result of the fire and explosion onboard the *Deepwater Horizon* eleven crew members were killed and others injured, and that the rig sank.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 383.  HESI would note that any findings by BP investigators speak for themselves.

384.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 384.

385.     HESI admits the allegations set forth in Paragraph 385.

386.     HESI admits that the blind shear ram could be closed from the vessel through the high-pressure closure of the ram or the emergency disconnect sequence; both methods could be activated by pushing buttons on the BOP control panel and both methods require communication between the vessel and the BOP through multiplex cables running from the vessel to the BOP.

HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 386.

387.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 387.  HESI would note that the testimony of Christopher Pleasant speaks for itself.

388.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 388.

389.    HESI admits that the *Deepwater Horizon*'s BOP had two independent control pods.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 389.  HESI would note that any examination or tests performed on the control pods and any conclusions by investigators speak for themselves.

390.    The allegations set forth in Paragraph 390 are denied as written as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 390 as to other Defendants.

391.    The allegations set forth in Paragraph 391 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 391 as to other Defendants.  HESI would note that Transocean's BOP maintenance records speak for themselves.

392.    The allegations set forth in Paragraph 392 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 392 as to other Defendants.

393.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 393.  HESI denies the implication that the use or

- 62 -

inaccessibility of the BOP on the sea floor constitutes cause for HESI to exercise stop work authority.  HESI would note that the Transocean maintenance records speak for themselves.

394.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 394.  HESI would note that the testimony of Ronald Sepulvado and the Transocean commissioned audit of the vessel speak for themselves.

395.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 395.  HESI would note that the congressional testimony of any Transocean subsea supervisor speaks for itself.

396.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 396.  HESI would note that BP's investigation and any report or notations from that investigation speak for themselves.

397.   HESI admits that after the explosion, ROVs were used in an attempt to activate the BOP.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 397.

398.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 398.

399.   The allegations set forth in Paragraph 399 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 399 as to other Defendants.  HESI would note that any investigation or testimony regarding alleged leaks in the BOP hydraulic system speaks for itself.  Likewise, any testimony from vessel workers speaks for itself.

400.   The allegations set forth in Paragraph 400 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of

- 63 -

the remaining allegations set forth in Paragraph 400 as to other Defendants.  HESI would note that the terms of 29 C.F.R. § 1910.119 speak for themselves.  To the extent the allegations set forth in Paragraph 400 draw any legal conclusions, no response is required.

401.    The allegations set forth in Paragraph 401 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 401 as to other Defendants.

402.    HESI admits that the blind shear ram on the BOP never successfully sealed the well.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 402.  HESI would note that any investigation and conclusions of those investigations regarding the BOP speak for themselves.

403.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 403.  To the extent the allegations set forth in Paragraph 403 merely seek to reserve Plaintiffs' right to amend, no response is required.

404.    The allegations set forth in Paragraph 404 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 404 as to other Defendants.  HESI would note that any study by federal regulators regarding the reliability of BOPs speaks for itself.

405.    The allegations set forth in Paragraph 405 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 405 as to other Defendants.

406.    HESI admits that the BOP on the *Deepwater Horizon* was outfitted with only one blind shear ram.  HESI is without sufficient knowledge or information to form a belief as to the

truth of the remaining allegations set forth in Paragraph 406.  HESI would note that the 2000 report on the *Deepwater Horizon*'s BOP and any conclusions of that report speak for themselves.

407.    The allegations set forth in Paragraph 407 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 407 as to other Defendants.  HESI would note that any statements by "oil industry experts" speak for themselves.

408.    The allegations set forth in Paragraph 408 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 408 as to other Defendants.  HESI would note that any joint correspondence by BP and Transocean speaks for itself.

409.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 409.

410.    The allegations set forth in Paragraph 410 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 410 as to other Defendants.

411.    The allegations set forth in Paragraph 411 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 411 as to other Defendants.

412.    The allegations set forth in Paragraph 412 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 412 as to other Defendants.

1820993 v2-24010/0002 PLEADINGS

413.    The allegations set forth in Paragraph 413 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 413 as to other Defendants.

414.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 414.

415.    The allegations set forth in Paragraph 415 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 415 as to other Defendants.

416.    The allegations set forth in Paragraph 416 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 416 as to other Defendants.  HESI would note that any communications from federal regulators at the MMS speak for themselves.

417.    HESI admits that the BOP was not equipped with a back-up acoustic BOP trigger. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 417.

418.    HESI admits that Cameron designed and manufactured the *Deepwater Horizon*'s BOP.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 418.

419.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 419.

420.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 420.  HESI would note that any testimony provided by vessel engineers speaks for itself.

- 66 -

421.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 421.

422.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 422.  HESI would note that any testimony by Mike Williams speaks for itself.

423.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 423.  HESI would note that any testimony by Mike Williams or any Transocean supervisor speak for themselves.

424.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 424.

425.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 425.  HESI would note that any testimony by Stephen Bertone speaks for itself.

426.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 426.  HESI would note that the April 2010 equipment assessment by Transocean speaks for itself.

427.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 427.  HESI would note that the April 2010 equipment assessment by Transocean, and any of its findings, as well as the BP-commissioned audit conducted in September 2009 speak for themselves.

428.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 428.  HESI would note that the results of the

- 67 -

confidential worker survey conducted on the *Deepwater Horizon* and any statements by its participants speak for themselves.

429.    The allegations set forth in Paragraph 429 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 429 as to other Defendants.

430.    The allegations set forth in Paragraph 430 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 430 as to other Defendants.  HESI would note that any statements by the chairmen of the Presidential Commission during a hearing on November 10, 2010 speak for themselves.

431.    The allegations set forth in Paragraph 431 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 431 as to other Defendants.

432.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 432; however HESI would note that any statements by an independent group of scientists in the NAE interim report on the *Deepwater Horizon* incident speak for themselves.

433.    The allegations set forth in Paragraph 433 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 433 as to other Defendants; however, HESI would note that statements contained with the NAE interim report speak for themselves.

434.    The allegations set forth in Paragraph 434 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations set forth in Paragraph 434 as to other Defendants. HESI would note that statements from the *Deepwater Horizon* Study Group speak for themselves.

435. The allegations set forth in Paragraph 435 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 435 as to other Defendants. HESI would note that 33 C.F.R. § 250.107 speaks for itself. To the extent the allegations set forth in Paragraph 435 draw any legal conclusions, no response is required.

436. The allegations set forth in Paragraph 436 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 436 as to other Defendants.

437. HESI admits that in 2005, a blast at a Texas city BP refinery killed 15 people and injured more than 170 others. HESI further admits that in 2005, a large BP operated production platform begin listing and nearly sank; and in 2006 BP had to shut down part of its Prudhoe Bay oilfield after a leak was discovered from a corroded pipeline. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 437. HESI would note that any statements or notations in the *Deepwater Horizon* Study Group speak for themselves.

438. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 438.

439. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 439. HESI would note that any complaints or accusations by BP employees speak for themselves.

440.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 440.  HESI would note that testimony from congressional hearings, reports from various investigations, and/or statements by any pipeline safety technician working for a BP contractor speak for themselves.

441.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 441.  HESI would note that any OSHA records pertaining to BP's safety history and/or statements by a former EPA lawyer involved in the Spill investigation speak for themselves.

442.    HESI admits that it has worked with BP on a number of projects over the past decade.  The remaining allegations set forth in Paragraph 442 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 442 as to other Defendants.

443.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 443.  HESI would note that any complaints by Transocean workers and testimony by Mike Williams speak for themselves.

444.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 444.  HESI would note that any complaints by Transocean workers speak for themselves.

445.    The allegations set forth in Paragraph 445 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 445 as to other Defendants.

446.    HESI specifically denies that the cement used at the Macondo well was not properly tested.  HESI denies the implication that the decisions, plans, actions or conditions in

- 70 -

the Macondo well or on the *Deepwater Horizon* constitutes cause for HESI to exercise stop work authority.  The remaining allegations set forth in Paragraph 446 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 446 as to other Defendants.

447.    HESI admits that after the explosion on the *Deepwater Horizon*, a fire erupted which lasted two days, until such time as the vessel sank; on the sea surface, the *Deepwater Horizon* was connected to the wellhead on the seabed floor by a 5,000 foot marine riser pipe;  as the vessel sank, the riser was bent and broke; and after the riser broke, oil and natural gas escaped the open end of the riser.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 447.

448.    HESI admits that oil and gas continued to escape the Macondo well for 87 days and the escaped oil resulted in a slick on the waters in the Gulf of Mexico.  HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 448.

449.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 449.  HESI would note that any internal BP document regarding the rate of flow from the Macondo well speaks for itself.

450.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 450.  HESI would note that any report from the New York Times on May 16, 2010 speaks for itself.

451.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 451.  HESI would note that BP's Initial EP speaks for itself.

452.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 452.  HESI would note that any statements or purported admissions by Doug Suttles or Tony Hayward speak for themselves.

453.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 453.

454.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 454.  HESI would note that any request by Senators Barbara Boxer, Ben Cardin, Frank Lautenberg, Kirsten Gillibrand, Bernie Sanders, Amy Klobuchar, Tom Carper and/or Jeff Merkley to U.S. Attorney General Eric Holder speaks for itself.

455.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 455.

456.    HESI admits that since the Spill began, raw crude oil, natural gas, and chemical dispersants have escaped the Macondo well and/or have been used in the waters of the Gulf of Mexico.  HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 456.

457.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 457.  HESI would note that 40 C.F.R. §401.15

- 72 -

speaks for itself.   To the extent the allegations set forth in Paragraph 457 draw any legal conclusions, no response is required.

458.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 458.   HESI denies that it caused or contributed to cause the damages alleged.   HESI would note that any statements by the "environmental experts" in the *Deepwater Horizon* Study Group speak for themselves.

459.   HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 459.   HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

460.   HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 460.   HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

461.   HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 461.   HESI would also show that absent an

- 73 -

allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

462.    HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI admits that following the Spill, the NOAA restricted commercial and recreational fishing across large areas of the Gulf of Mexico. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 462.  HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

463.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 463.  HESI would note that any estimate from the National Marine Fisheries Services speaks for itself.

464.    HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 464.   HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

- 74 -

465.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 465.   HESI would note that NOAA sources regarding commercial and recreational fishing in the Gulf of Mexico speak for themselves.

466.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 466. HESI would note that NOAA sources regarding commercial and recreational fishing in the Gulf of Mexico speak for themselves.

467.    HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 467.   HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

468.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 468.   HESI would note that sources from the National Marine Fisheries Services regarding commercial and recreational fishing in the Gulf of Mexico speak for themselves.

469.    HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 469.   HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*,

275 U.S. 303 (1927).   HESI would note that NOAA sources regarding commercial and recreational fishing in the Gulf of Mexico speak for themselves.

470.   HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 470.   HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  HESI would note that testimony from Dr. Lisa Kaplowitz speaks for itself.

471.   HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 471.   HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  HESI would note that NOAA maps or other sources regarding commercial and recreational fishing in the Gulf of Mexico speak for themselves.

472.   HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 472.   HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this

- 76 -

Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

473. HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 473. HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

474. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 474.

475. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 475.

476. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 476. HESI would note that the terms of any Master Vessel Charter Agreement speak for themselves.

477. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 477. HESI would note that the terms of any Master Vessel Charter Agreement speak for themselves.

478. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 478. HESI would note that the terms of any Master Vessel Charter Agreement, and any amendments thereto, speak for themselves

479.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 479.

480.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 480.  HESI would note that the terms of any Master Vessel Charter Agreement or applicable Court Order speak for themselves.

481.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 481.  HESI would note that the terms of any Master Vessel Charter Agreement speak for themselves.

482.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 482.  HESI would note that the terms of any off charter dispatch notifications speak for themselves.

483.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 483.

484.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 484.

485.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 485.

486.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 486.

487.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 487.

488.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 488.

489.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 489.

490.    HESI denies that any of its actions caused the harm complained of by Plaintiffs. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 490.   HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

491.    HESI admits that on May 28, 2010, the United States Department of the Interior Minerals Management Service issued a six-month moratorium on all new and existing deepwater drilling in the Gulf of Mexico. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 491.

492.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 492; however, HESI would note that the Moratorium Notice to Lessees and Operators (NTL No. 2010-N04) speaks for itself.   HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

493.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 493; however, HESI would note that any second

notice issued by the Obama administration to lessees and operators of federal oil and gas leases (NTL No. 2010-N05) speaks for itself.

494.    The allegations set forth in Paragraph 494 are admitted.

495.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 495; however, HESI would note that any new agency suspension issued on July 12, 2010 speaks for itself.

496.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 496; however, HESI would note that any announcement by the US Department of Interior's Bureau of Ocean Energy Management speaks for itself.

497.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 497.

498.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 498.

499.    HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 499.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

500.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 500; however, HESI would note that any report from the Greater New Orleans Inc. Regional Economic Alliance speaks for itself.

- 80 -

501.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 501; however, HESI would note that any report from the Greater New Orleans Inc. Regional Economic Alliance speaks for itself.

502.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 502; however, HESI would note that any report from the Greater New Orleans Inc. Regional Economic Alliance speaks for itself.

503.    HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 503; however, HESI would note that any report from the Greater New Orleans Inc. Regional Economic Alliance speaks for itself.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

504.    HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 504; however, HESI would note that any study conducted for the U.S. Travel Association speaks for itself.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

505.    HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 505; however, HESI would note that any estimates from analysts regarding tourism in Florida speak for themselves.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

506.    HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 506.  HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

507.    HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 507; however, HESI would note that any survey taken by the Louisiana Tourism Commission in May 2010 speaks for itself.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

1820993 v2-24010/0002 PLEADINGS

508.   HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 508; however, HESI would note that any report by the Center for Business and Economic Research at the University of Alabama speaks for itself.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

509.   HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 509.  HESI would show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

510.   HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 510.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

511.   HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 511.  HESI would further show that absent an allegation of physical damage

to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

512.    HESI denies that it caused or contributed to cause the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 512.  HESI would also show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 512 draw any legal conclusions, no response is required.

513.    HESI denies that it caused or contributed to the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 513.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 513 draw any legal conclusions, no response is required.

514.    HESI denies that it caused or contributed to the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 514.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged

economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 514 draw any legal conclusions, no response is required.

515.    HESI denies that it caused or contributed to the damages alleged.  HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 515.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 515 draw any legal conclusions, no response is required.

516.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 516.  To the extent the allegations set forth in Paragraph 516 reserve Plaintiffs' right to amend their pleadings, no response is required.

517.    HESI denies that certification of a class is proper in this proceeding.  To the extent the allegations set forth in Paragraph 517 serve as an identifying paragraph, no response is required.

518.    HESI denies that certification of a class is proper in this proceeding.  To the extent the allegations set forth in Paragraph 518 serve as an identifying paragraph, no response is required.

519.    HESI denies that certification of a class is proper in this proceeding.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations set forth in Paragraph 519.  HESI would note that Federal Rule of Civil Procedure 23 and its subparts speak for themselves.

520.    HESI denies that certification of a class is proper in this proceeding.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 520.  To the extent the allegations set forth in Paragraph 520 draw any legal conclusions, no response is required.

521.    HESI denies that class certification is proper.  HESI admits that, by virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), this proceeding is governed by general maritime law and the Oil Pollution Act is applicable.  HESI denies that certification of a class is proper in this proceeding.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 521.  To the extent the allegations set forth in Paragraph 521 draw any legal conclusions, no response is required.

522.    HESI denies that class certification is proper.  The allegations set forth in Paragraph 522 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 522 as to other Defendants.  To the extent the allegations set forth in Paragraph 522 draw any legal conclusions, no response is required.

523.    HESI denies that class certification is proper.  The allegations set forth in Paragraph 523 and subparagraphs (a)-(e) are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 523 and subparagraphs (a)-(e) as to other Defendants.  To the extent the allegations set forth in Paragraph 523 (a)-(e) draw any legal conclusions, no response is required.

524.    HESI denies that class certification is proper.  The allegations set forth in Paragraph 524 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 524 as to other Defendants.  To the extent the allegations set forth in Paragraph 524 draw any legal conclusions, no response is required.

525.    HESI denies that certification of a class is proper in this proceeding.  HESI further denies that it is liable to Plaintiffs and that it committed any outrageous, grossly negligent, willful, reckless, and wanton conduct.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 525.  To the extent the allegations set forth in Paragraph 525 draw any legal conclusions, no response is required.

526.    HESI denies that certification of a class is proper in this proceeding.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 526. To the extent the allegations set forth in Paragraph 526 draw any legal conclusions, no response is required.

527.    HESI denies that certification of a class is proper in this proceeding.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 527. To the extent the allegations set forth in Paragraph 527 draw any legal conclusions, no response is required.

528.    HESI denies that certification of a class is proper in this proceeding.  The allegations set forth in Paragraph 528 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 528 as to other Defendants.  To the extent the allegations set forth in Paragraph 528 draw any legal conclusions, no response is required.

529.     HESI admits that, by virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), this proceeding is governed by general maritime law and the Oil Pollution Act is applicable.   HESI denies that certification of a class is proper in this proceeding.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 529.  To the extent the allegations set forth in Paragraph 556 draw any legal conclusions, no response is required.

530.     HESI denies that certification of a class is proper in this proceeding.  HESI further denies that it is liable to Plaintiffs and that it committed any outrageous, grossly negligent, willful, reckless, and wanton conduct.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 530. To the extent the allegations set forth in Paragraph 530 draw any legal conclusions, no response is required.

531.     HESI denies that certification of a class is proper in this proceeding.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 531. To the extent the allegations set forth in Paragraph 531 draw any legal conclusions, no response is required.

532.     HESI denies that certification of a class is proper in this proceeding.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 532. To the extent the allegations set forth in Paragraph 532 draw any legal conclusions, no response is required.  HESI would note that Federal Rule of Civil Procedure 23 speaks for itself.

533.     HESI denies that certification of a class is proper in this proceeding.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 533 but denies them to the extent they are alleged against

- 88 -

HESI.  To the extent the allegations set forth in Paragraph 533 draw any legal conclusions, no response is required.

534.    HESI denies that certification of a class is proper in this proceeding.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 534.  To the extent the allegations set forth in Paragraph 534 draw any legal conclusions, no response is required.

535.    HESI denies that certification of a class is proper in this proceeding.  The allegations set forth in Paragraph 535 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 535 as to other Defendants.  To the extent the allegations set forth in Paragraph 535 draw any legal conclusions, no response is required.

536.    HESI denies that certification of a class is proper in this proceeding.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 536.  To the extent the allegations set forth in Paragraph 536 draw any legal conclusions, no response is required.

537.    HESI denies that certification of a class is proper in this proceeding.  The allegations set forth in Paragraph 537 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 537 as to other Defendants.  To the extent the allegations set forth in Paragraph 537 draw any legal conclusions, no response is required.

538.    HESI denies that certification of a class is proper in this proceeding and the allegations against HESI.  HESI is without sufficient knowledge or information to form a belief

as to the truth of the remaining allegations set forth in Paragraph 538. To the extent the allegations set forth in Paragraph 538 draw any legal conclusions, no response is required.

539.   HESI denies that certification of a class is proper in this proceeding. The allegations set forth in Paragraph 539 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 539 as to other Defendants. To the extent the allegations set forth in Paragraph 539 draw any legal conclusions, no response is required.

540.   HESI denies that certification of a class is proper in this proceeding. The allegations set forth in Paragraph 540 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 540 as to other Defendants. To the extent the allegations set forth in Paragraph 540 draw any legal conclusions, no response is required.

541.   HESI denies that certification of a class is proper in this proceeding. The allegations set forth in Paragraph 541 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 541 as to other Defendants. To the extent the allegations set forth in Paragraph 541 draw any legal conclusions, no response is required.

542.   Paragraph 542 is an incorporating paragraph and thus no response is required.

543.   The allegations set forth in Paragraph 543 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 543 as to other Defendants.

544.    The allegations set forth in Paragraph 544 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 544 as to other Defendants.

545.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 545.

546.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 546.

547.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 547.  To the extent the allegations set forth in Paragraph 547 draw any legal conclusions, no response is required.  HESI would also direct Plaintiffs to this Court's Order and Reasons (Dkt. No. 3830) wherein the Court determined that state law is inapplicable and dismissed all state law claims.

548.    HESI denies the allegations set forth in Paragraph 548 as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 548 as to other Defendants.  To the extent the allegations set forth in Paragraph 548 draw any legal conclusions, no response is required.  HESI would show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

549.    The allegations set forth in Paragraph 549 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of

- 91 -

the remaining allegations set forth in Paragraph 549 as to other Defendants.  To the extent the allegations set forth in Paragraph 549 draw any legal conclusions, no response is required.

550.    The allegations set forth in Paragraph 550 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 550 as to other Defendants.  To the extent the allegations set forth in Paragraph 550 draw any legal conclusions, no response is required.

551.    The allegations set forth in Paragraph 551 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 551 as to other Defendants.  To the extent the allegations set forth in Paragraph 551 draw any legal conclusions, no response is required.

552.    The allegations set forth in Paragraph 552 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 552 as to other Defendants.  To the extent the allegations set forth in Paragraph 552 draw any legal conclusions, no response is required.

553.    The allegations set forth in Paragraph 553 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 553 as to other Defendants.  To the extent the allegations set forth in Paragraph 553 draw any legal conclusions, no response is required.

554.    The allegations set forth in Paragraph 554 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 554 as to other Defendants.  To the extent the allegations set forth in Paragraph 554 draw any legal conclusions, no response is required.

555.    The allegations set forth in Paragraph 555 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 555 as to other Defendants.  To the extent the allegations set forth in Paragraph 555 draw any legal conclusions, no response is required.

556.    The allegations set forth in Paragraph 556 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 556 as to other Defendants.  To the extent the allegations set forth in Paragraph 556 draw any legal conclusions, no response is required.

557.    The allegations set forth in Paragraph 557 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 557 as to other Defendants.  To the extent the allegations set forth in Paragraph 557 draw any legal conclusions, no response is required.

558.    The allegations set forth in Paragraph 558 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 558 as to other Defendants.  To the extent the allegations set forth in Paragraph 558 draw any legal conclusions, no response is required.  HESI would also direct Plaintiffs to this Court's Order and Reasons (Dkt. No. 3830) wherein the Court determined that state law is inapplicable and dismissed all state law claims.

559.    HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 559, except HESI admits that the *Deepwater Horizon* was owned and operated by one or more Transocean Entities.

560.    HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 560, except HESI admits that the *Deepwater Horizon* was

- 93 -

owned and operated by one or more Transocean Entities.  To the extent the allegations set forth in Paragraph 560 draw any legal conclusions, no response is required.

561.    HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 561.  To the extent the allegations set forth in Paragraph 561 draw any legal conclusions, no response is required.

562.    HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 562.  To the extent the allegations set forth in Paragraph 562 draw any legal conclusions, no response is required.

563.    The allegations set forth in Paragraph 563 are denied as written as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 563 as to other Defendants.  To the extent the allegations set forth in Paragraph 563 draw any legal conclusions, no response is required.  HESI would note that the ISM, 46 U.S.C. §3201-3205 and 33 C.F.R. §96.230, 33 C.F.R. § 96.250 speak for themselves.

564.    HESI admits that the *Deepwater Horizon* was owned and operated by one or more Transocean Entities and BP Exploration contracted with one or more of the Transocean Entities for the use of the *Deepwater Horizon*.   The remaining allegations set forth in Paragraph 564 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 564 as to other Defendants.  To the extent the allegations set forth in Paragraph 564 draw any legal conclusions, no response is required.

- 94 -

565.    HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 565.  To the extent the allegations set forth in Paragraph 565 draw any legal conclusions, no response is required.

566.    HESI denies that its lab testing was inadequate or its cement job was defective. HESI is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 566 and subparagraphs (a)-(j).  To the extent the allegations set forth in Paragraph 566 and subparagraphs (a)-(j) draw any legal conclusions, no response is required.

567.    HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 567.  To the extent the allegations set forth in Paragraph 567 draw any legal conclusions, no response is required.

568.    HESI admits that it was engaged by BP Exploration to perform certain cementing operations and to provide certain other drilling support services (*e.g.*, mudlogging, measurement while drilling) in the Gulf of Mexico, which came to include the Macondo site.  HESI denies the remaining allegations set forth in Paragraph 568.  To the extent the allegations set forth in Paragraph 568 draw any legal conclusions, no response is required.

569.    HESI denies the allegations set forth in Paragraph 569.   To the extent the allegations set forth in Paragraph 569 draw any legal conclusions, no response is required.

570.    HESI specifically denies that it breached any duties owed to Plaintiffs; that it failed to exercise reasonable care in conducting its cementing, testing, analysis, and monitoring of the *Deepwater Horizon* or the Macondo well; that it was negligent in failing to use a full "bottoms-up" circulation of mud between the running of the casing and beginning of the cement job; that HESI violated any industry standard; that HESI failed to require comprehensive lab

- 95 -

testing to ensure the density of the cement; and that HESI failed to heed the results of the negative pressure test.  HESI further denies that its cement job was defective; that it cancelled or acquiesced in the cancellation of the cement bond log test; that HESI failed to deploy or acquiesced in the decision not to deploy the casing hanger lockdown sleeve; and that any action or decision by HESI proximately caused and/or contributed to Plaintiffs' alleged injuries or damages.  HESI is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 570 as to other Defendants.  To the extent the allegations set forth in Paragraph 570 draw any legal conclusions, no response is required.

571.   HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 571.  To the extent the allegations set forth in Paragraph 571 draw any legal conclusions, no response is required.

572.   HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 572.  To the extent the allegations set forth in Paragraph 572 draw any legal conclusions, no response is required.

573.   HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 573  To the extent the allegations set forth in Paragraph 573 draw any legal conclusions, no response is required.

574.   HESI admits that Cameron design and manufactured the BOP and, as recognized by the Honorable Judge Carl Barbier in his Order and Reasons (Dkt. No. 3830), the BOP was an appurtenance of the *Deepwater Horizon* vessel.  HESI is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 574.  To the extent the allegations set forth in Paragraph 574 draw any legal conclusions, no response is required.

575.   HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 575.  To the extent the allegations set forth in Paragraph 575 draw any legal conclusions, no response is required.

576.   HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 576.  To the extent the allegations set forth in Paragraph 576 draw any legal conclusions, no response is required.

577.   HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 577.  To the extent the allegations set forth in Paragraph 577 draw any legal conclusions, no response is required.

578.   HESI admits the allegations set forth in Paragraph 578.

579.   HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 579.  To the extent the allegations set forth in Paragraph 579 draw any legal conclusions, no response is required.

580.   HESI is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 580.  To the extent the allegations set forth in Paragraph 580 draw any legal conclusions, no response is required.

581.   The allegations set forth in Paragraph 581 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 581 as to other Defendants.  To the extent the allegations set forth in Paragraph 581 draw any legal conclusions, no response is required.

582.   The allegations set forth in Paragraph 582 and subparagraphs (a)-(p) are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 582 and subparagraphs

(a)-(p) as to other Defendants.  To the extent the allegations set forth in Paragraph 582 and subparagraphs (a)-(p) draw any legal conclusions, no response is required.

583.    The allegations set forth in Paragraph 583 are denied as written as to HESI and HESI specifically denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 583 as to other Defendants.  To the extent the allegations set forth in Paragraph 583 draw any legal conclusions, no response is required.

584.    The allegations set forth in Paragraph 584 are denied as written as to HESI and HESI specifically denies that it failed to take necessary actions to mitigate any danger associated with its operations; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 584 as to other Defendants.  To the extent the allegations set forth in Paragraph 584 draw any legal conclusions, no response is required.

585.    The allegations set forth in Paragraph 585 are denied as written as to HESI and HESI specifically denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 585 as to other Defendants.  To the extent the allegations set forth in Paragraph 585 draw any legal conclusions, no response is required.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders

and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).

586.     Paragraph 586 is an incorporating paragraph, and thus no response is required.

587.     The allegations set forth in Paragraph 587 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 587 as to other Defendants.  To the extent the allegations set forth in Paragraph 587 draw any legal conclusions, no response is required.  HESI would also direct Plaintiffs to this Court's Order and Reasons (Dkt. No. 3830) wherein the Court determined that state law is inapplicable and dismissed all state law claims.

588.     HESI specifically denies that it acted with reckless, willful, and wanton disregard. The remaining allegations set forth in Paragraph 588 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 588 as to other Defendants.   To the extent the allegations set forth in Paragraph 588 draw any legal conclusions, no response is required.

589.     HESI specifically denies that it acted with reckless, willful, and wanton disregard. The remaining allegations set forth in Paragraph 589 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 589 as to other Defendants.   To the extent the allegations set forth in Paragraph 589 draw any legal conclusions, no response is required.

590.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 590.  To the extent the allegations set forth in Paragraph 590 draw any legal conclusions, no response is required.

591.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 591.  To the extent the allegations set forth in Paragraph 591 draw any legal conclusions, no response is required.

592.    HESI specifically denies that it acted with gross negligence, willful misconduct and/or reckless disregard.  The remaining allegations set forth in Paragraph 592 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 592 as to other Defendants.  To the extent the allegations set forth in Paragraph 592 draw any legal conclusions, no response is required.

593.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 593.  To the extent the allegations set forth in Paragraph 593 draw any legal conclusions, no response is required.

594.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 594.  To the extent the allegations set forth in Paragraph 594 draw any legal conclusions, no response is required.

595.    HESI specifically denies that it is liable to Plaintiffs in any respect; that it caused or contributed to cause any damages to Plaintiffs; and that it acted with gross negligence, willful misconduct and/or reckless disregard.  The remaining allegations set forth in Paragraph 595 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 595 as to other Defendants.  HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt.

Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).  To the extent the allegations set forth in Paragraph 595 draw any legal conclusions, no response is required.

596.    Paragraph 596 is an incorporating paragraph and thus no response is required.

597.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 597.  To the extent the allegations set forth in Paragraph 597 draw any legal conclusions, no response is required.

598.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 598.

599.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 599.  To the extent the allegations set forth in Paragraph 599 draw any legal conclusions, no response is required.

600.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 600.

601.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 601.  To the extent the allegations set forth in Paragraph 601 draw any legal conclusions, no response is required.

602.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 602.  To the extent the allegations set forth in Paragraph 602 draw any legal conclusions, no response is required.

603.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 603.  To the extent the allegations set forth in Paragraph 603 draw any legal conclusions, no response is required.

604.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 604.

605.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 605.  To the extent the allegations set forth in Paragraph 605 draw any legal conclusions, no response is required.

606.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 606.  To the extent the allegations set forth in Paragraph 606 draw any legal conclusions, no response is required.

607.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 607.  To the extent the allegations set forth in Paragraph 607 draw any legal conclusions, no response is required.

608.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 608.  To the extent the allegations set forth in Paragraph 608 draw any legal conclusions, no response is required.

609.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 609.  To the extent the allegations set forth in Paragraph 609 draw any legal conclusions, no response is required.

610.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 610 and subparagraphs (a)-(j).  To the extent the allegations set forth in Paragraph 610 and subparagraphs (a)-(j) draw any legal conclusions, no response is required.

1820993 v2-24010/0002 PLEADINGS

611.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 611.  To the extent the allegations set forth in Paragraph 611 draw any legal conclusions, no response is required.

612.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 612.  To the extent the allegations set forth in Paragraph 612 draw any legal conclusions, no response is required.

613.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 613.  To the extent the allegations set forth in Paragraph 613 draw any legal conclusions, no response is required.

614.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 614.  To the extent the allegations set forth in Paragraph 614 draw any legal conclusions, no response is required.

615.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 615.  To the extent the allegations set forth in Paragraph 615 draw any legal conclusions, no response is required.

616.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 616.  To the extent the allegations set forth in Paragraph 616 draw any legal conclusions, no response is required.

617.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 617.  To the extent the allegations set forth in Paragraph 617 draw any legal conclusions, no response is required.  HESI would also direct Plaintiffs to this Court's Order and Reasons (Dkt. No. 3830) wherein the Court determined that state law is inapplicable and dismissed all state law claims.

- 103 -

618.    Paragraph 618 is an incorporating paragraph, thus no response is required.

619.    HESI denies the allegations set forth in Paragraph 619 and HESI specifically denies that it is liable to Plaintiffs in any respect and that it caused or contributed to cause any damages to Plaintiffs.  To the extent the allegations set forth in Paragraph 619 draw any legal conclusions, no response is required.

620.    HESI admits that the cement utilized in the Macondo well was pumped and intended to achieve zonal isolation in production casing.  HESI denies the remaining allegations set forth in Paragraph 620 and specifically denies that that it caused or contributed to cause any damages to Plaintiffs.

621.    HESI admits that the cement slurry used in the Macondo well was required to be of appropriate weight so as to avoid fracturing the brittle formations surrounding the well, yet strong enough to resist the pressure of any hydrocarbons reservoirs within the formations.  HESI denies the remaining allegations set forth in Paragraph 621 and specifically denies that it caused or contributed to cause the damages alleged.

622.    HESI denies the allegations set forth in Paragraph 622.

623.    HESI denies the allegations set forth in Paragraph 623.

624.    HESI admits that unstable foam cement can result in nitrogen breakout, but denies the remaining allegations set forth in Paragraph 624.

625.    HESI admits that at all relevant times, it was in the business of providing cementing services to the oilfield industry, including consulting with clients in the design of cement, manufacturing and marketing cementing services, and distributing cement services.  HESI denies the remaining allegations set forth in Paragraph 625.

626.    HESI denies the allegations set forth in Paragraph 626.

- 104 -

627.    HESI denies the allegations set forth in Paragraph 627.

628.    HESI denies the allegations set forth in Paragraph 628.

629.    HESI denies the allegations set forth in Paragraph 629.

630.    HESI denies the allegations set forth in Paragraph 630.

631.    HESI denies the allegations set forth in Paragraph 631.

632.    HESI denies the allegations set forth in Paragraph 632.

633.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 633.

634.    HESI denies that the cement mixture used in the Macondo well was unreasonably dangerous.

635.    HESI denies the allegations set forth in Paragraph 635.

636.    HESI denies that the cement mixture used in the Macondo well contained defects. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 636.   To the extent the allegations set forth in Paragraph 636 draw any legal conclusions, no response is required.

637.    HESI denies the allegations set forth in Paragraph 637.

638.    HESI denies the allegations set forth in paragraph 638.   HESI would further show that absent an allegation of physical damage to a proprietary interest, or status as a commercial fisherman, any claim against HESI for alleged economic losses due to the Spill must be dismissed under this Court's Orders and Reasons (Dkt. Nos. 3830, 4845) and *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927).   To the extent the allegations set forth in Paragraph 638 draw any legal conclusions, no response is required.

639.   HESI denies that the cement mixture used in the Macondo well was defective and that it caused or contributed to cause any damage to Plaintiffs.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 639.   To the extent the allegations set forth in Paragraph 639 draw any legal conclusions, no response is required.  HESI would also direct Plaintiffs to this Court's Order and Reasons (Dkt. No. 3830) wherein the Court determined that state law is inapplicable and dismissed all state law claims.

640.   Paragraph 640 is an incorporating paragraph, and thus no response is required.

641.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 641.  To the extent the allegations set forth in Paragraph 641 draw any legal conclusions, no response is required.

642.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 642.

643.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 643.

644.   HESI admits that the float collar is a check valve device that is installed to prevent backflow or ingress of fluids into the casing.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 644.

645.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 645.

646.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 646.   To the extent the allegations set forth in Paragraph 646 draw any legal conclusions, no response is required.

647.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 647.   To the extent the allegations set forth in Paragraph 647 draw any legal conclusions, no response is required.

648.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 648.   To the extent the allegations set forth in Paragraph 648 draw any legal conclusions, no response is required.

649.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 649.   To the extent the allegations set forth in Paragraph 649 draw any legal conclusions, no response is required.

650.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 650.   To the extent the allegations set forth in Paragraph 650 draw any legal conclusions, no response is required.

651.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 651.   To the extent the allegations set forth in Paragraph 651 draw any legal conclusions, no response is required.

652.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 652.   To the extent the allegations set forth in Paragraph 652 draw any legal conclusions, no response is required.

653. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 653. To the extent the allegations set forth in Paragraph 653 draw any legal conclusions, no response is required.

654. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 654. To the extent the allegations set forth in Paragraph 654 draw any legal conclusions, no response is required.

655. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 655.

656. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 656. To the extent the allegations set forth in Paragraph 656 draw any legal conclusions, no response is required.

657. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 657. To the extent the allegations set forth in Paragraph 657 draw any legal conclusions, no response is required.

658. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 658. To the extent the allegations set forth in Paragraph 658 draw any legal conclusions, no response is required. HESI would also direct Plaintiffs to this Court's Order and Reasons (Dkt. No. 3830) wherein the Court determined that state law is inapplicable and dismissed all state law claims.

659. Paragraph 659 is an incorporating paragraph, and thus no response is required.

660. With regard to the allegations set forth in Paragraph 660, the terms of the Oil Pollution Act, 33 U.S.C. §2701, *et seq.* speak for themselves.

661.    HESI admits that the Coast Guard has named BP Exploration and Transocean Holdings as responsible parties under the Oil Pollution Act of 1990.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 661.   To the extent the allegations set forth in Paragraph 661 draw any legal conclusions, no response is required.

662.    HESI admits that Anadarko, Anadarko E&P, and MOEX held an interest in a lease granted by the MMS for Block 252, Mississippi Canyon before and/or at the time of the Spill.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 662.   To the extent the allegations set forth in Paragraph 662 draw any legal conclusions, no response is required

663.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 663.   To the extent the allegations set forth in Paragraph 663 draw any legal conclusions, no response is required.

664.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 664, but denies that it is liable to Plaintiffs for any costs or damages they seek.   OPA Section 2702(b)(1) speaks for itself.   To the extent the allegations set forth in Paragraph 664 draw any legal conclusions, no response is required.

665.    The allegations set forth in Paragraph 665 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 665 as to other Defendants.   To the extent the allegations set forth in Paragraph 665 draw any legal conclusions, no response is required.

666.    The allegations set forth in Paragraph 666 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of

- 109 -

the remaining allegations set forth in Paragraph 666 as to other Defendants.  OPA Section 2702(b)(2)(D) speaks for itself.  To the extent the allegations set forth in Paragraph 666 draw any legal conclusions, no response is required.

667.    The allegations set forth in Paragraph 667 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 667 as to other Defendants.  OPA Section 2702(b)(2)(F) speaks for itself.  To the extent the allegations set forth in Paragraph 667 draw any legal conclusions, no response is required.

668.    The allegations set forth in Paragraph 668 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 668 as to other Defendants.  To the extent the allegations set forth in Paragraph 668 draw any legal conclusions, no response is required.  HESI would show that 33 U.S.C.§ 2713(a) and (b) speak for themselves.

669.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 669.  HESI would show that the "Statement of BP Exploration & Production Inc. Re Applicability of Limitation of Liability Under Oil Pollution Act of 1990" speaks for itself.  To the extent the allegations set forth in Paragraph 669 draw any legal conclusions, no response is required.

670.    Paragraph 670 is an incorporating paragraph, thus no response is required.

671.    Paragraphs 671-677 purport to allege various state law claims for relief.  Pursuant to this Court's Order and Reasons (Dkt. No. 3830), the Court determined that state law is inapplicable and dismissed all state law claims.  Thus, no response is required to Paragraphs 671-677.    To the extent a response is required, HESI denies the allegations in paragraphs 671-677 as

- 110 -

they pertain to HESI and is without sufficient knowledge or information to form a belief as to the truth of the allegations as they pertain to the other defendants.

678.     Paragraph 678 is an incorporating paragraph, thus no response is required.

679.     Paragraphs 679-684 purport to allege various state law claims for relief.  Pursuant to this Court's Order and Reasons (Dkt. No. 3830), the Court determined that state law is inapplicable and dismissed all state law claims.  Thus, no response is required to Paragraphs 679-684.  To the extent a response is required, HESI denies the allegations in paragraphs 679-684 as they pertain to HESI and is without sufficient knowledge or information to form a belief as to the truth of the allegations as they pertain to the other defendants.

685.     Paragraph 685 is an incorporating paragraph, thus no response is required.

686.     Paragraphs 686-690 purport to allege various state law claims for relief.  Pursuant to this Court's Order and Reasons (Dkt. No. 3830), the Court determined that state law is inapplicable and dismissed all state law claims.  Thus, no response is required to Paragraphs 686-690.  To the extent a response is required, HESI denies that it caused or contributed to cause the damages claimed.   To the extent a response is required, HESI denies the allegations in paragraphs 686-690 as they pertain to HESI and is without sufficient knowledge or information to form a belief as to the truth of the allegations as they pertain to the other defendants.

691.     Paragraph 691 is an incorporating paragraph, thus no response is required.

692.     Paragraphs 692-710 purport to allege various state law claims for relief.  Pursuant to this Court's Order and Reasons (Dkt. No. 3830), the Court determined that state law is inapplicable and dismissed all state law claims.  Thus, no response is required to Paragraphs 692-710.  To the extent a response is required, HESI denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is

- 111 -

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 692-710 as to other Defendants.

711.    Paragraph 711 is an incorporating paragraph, thus no response is required.

712.    Paragraphs 712-726 purport to allege a claim under the Florida Pollutant Discharge Prevention and Control Act.  Pursuant to this Court's Order and Reasons (Dkt. No. 3830), the Court determined that state law is inapplicable and dismissed all state law claims, including state statutory claims.  Thus, no response is required to Paragraphs 712-726.  To the extent a response is required, HESI denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 712-726 as to other Defendants.

727.    Paragraph 727 is an incorporating paragraph, thus no response is required.

728.    Paragraphs 728-737 purport to allege a claim under the Louisiana Oil Spill Prevention and Response Act.  Pursuant to this Court's Order and Reasons (Dkt. No. 3830), the Court determined that state law is inapplicable and dismissed all state law claims, including state statutory claims.  Thus, no response is required to Paragraphs 728-737.  To the extent a response is required, HESI denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 728-737  as to other Defendants.

738.    Paragraph 738 is an incorporating paragraph, thus no response is required.

739.    Paragraphs 739-746 purport to allege a claim under the Texas Oil Spill Prevention and Response Act of 1991.  Pursuant to this Court's Order and Reasons (Dkt. No. 3830), the

- 112 -

Court determined that state law is inapplicable and dismissed all state law claims, including state statutory claims.  Thus, no response is required to Paragraphs 739-746.  To the extent a response is required, HESI denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 739-746 as to other Defendants.

747.    Paragraph 747 is an incorporating paragraph, thus no response is required.

748.    HESI specifically denies that it engaged in conduct that was reckless, willful, wanton and in utter and flagrant disregard for the safety and health of the public and the environment.  HESI further denies that an award of punitive damages against HESI is warranted. The remaining allegations set forth in Paragraph 748 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 748 as to other Defendants.   To the extent the allegations set forth in Paragraph 748 draw any legal conclusions, no response is required.

749.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 749.  To the extent the allegations set forth in Paragraph 749 draw any legal conclusions, no response is required.

750.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 750.  To the extent the allegations set forth in Paragraph 750 draw any legal conclusions, no response is required.

751.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 751.  To the extent the allegations set forth in Paragraph 751 draw any legal conclusions, no response is required.

752.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 752.  To the extent the allegations set forth in Paragraph 752 draw any legal conclusions, no response is required.

753.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 753.  To the extent the allegations set forth in Paragraph 753 draw any legal conclusions, no response is required.

754.    The allegations set forth in Paragraph 754 are denied as written as to HESI and HESI specifically denies that it made any operational decision not to run a bottoms-up circulation prior to cementing or that HESI focused primarily on profit; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 754 as to other Defendants.  To the extent the allegations set forth in Paragraph 754 draw any legal conclusions, no response is required.

755.    The allegations set forth in Paragraph 755 are denied as written as to HESI and HESI specifically denies that it improperly designed or tested the cement used on the production casing at the Macondo well or that HESI focused primarily on profit; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 755 as to other Defendants.  To the extent the allegations set forth in Paragraph 755 draw any legal conclusions, no response is required.

756.    The allegations set forth in Paragraph 756 are denied as written as to HESI and HESI specifically denies that it made any operational decision not to run a cement bond log or that HESI focused primarily on profit; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 756

as to other Defendants.  To the extent the allegations set forth in Paragraph 756 draw any legal conclusions, no response is required.

757.   The allegations set forth in Paragraph 757 are denied as written as to HESI and HESI specifically denies that it made any operational decision not to run a casing hanger lockdown sleeve or that HESI focused primarily on profit; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 757 as to other Defendants.  To the extent the allegations set forth in Paragraph 757 draw any legal conclusions, no response is required.

758.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 758.  To the extent the allegations set forth in Paragraph 758 draw any legal conclusions, no response is required.

759.   The allegations set forth in Paragraph 759 are denied as written as to HESI and HESI specifically denies that it made any operational decision regarding the interpretation of the pressure tests and that HESI focused primarily on profit.  However, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 759 as to other Defendants.  To the extent the allegations set forth in Paragraph 759 draw any legal conclusions, no response is required.

760.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 760.  To the extent the allegations set forth in Paragraph 760 draw any legal conclusions, no response is required.

761.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 761.  To the extent the allegations set forth in Paragraph 761 draw any legal conclusions, no response is required.

- 115 -

762.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 762.  To the extent the allegations set forth in Paragraph 762 draw any legal conclusions, no response is required.

763.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 763.  To the extent the allegations set forth in Paragraph 763 draw any legal conclusions, no response is required.

764.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 764.  To the extent the allegations set forth in Paragraph 764 draw any legal conclusions, no response is required.

765.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 765.  To the extent the allegations set forth in Paragraph 765 draw any legal conclusions, no response is required.

766.    HESI specifically denies that the cement job on the Macondo well was defective; that its conduct was oppressive, wanton, malicious, reckless, or grossly negligent; and that it ignored signs that the integrity of the well, the cementing job and the vessel were in jeopardy. The remaining allegations set forth in Paragraph 766 and subparagraphs (a)-(j) are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 766 (a)-(j) as to other Defendants.  To the extent the allegations set forth in Paragraph 766 and subparagraphs (a)-(j) draw any legal conclusions, no response is required.

767.    HESI denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs.  The remaining allegations set forth in Paragraph 767 are denied as written as to HESI; however, HESI is without sufficient knowledge or

- 116 -

information to form a belief as to the truth of the remaining allegations set forth in Paragraph 767 as to other Defendants.  To the extent the allegations set forth in Paragraph 767 draw any legal conclusions, no response is required.

768.    The allegations set forth in Paragraph 768 are denied as written as to HESI; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 768 as to other Defendants.  To the extent the allegations set forth in Paragraph 768 draw any legal conclusions, no response is required.

769.    HESI would direct Plaintiffs to this Court's Order and Reasons (Dkt. No. 3830) wherein the Court determined that Plaintiffs' declaratory relief claims were dismissed.  To the extent a response is required, HESI denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 769 as to other Defendants.  To the extent the allegations set forth in Paragraph 769 draw any legal conclusions, no response is required.

The allegations set forth in the prayer for relief are denied as written as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the prayer as to other Defendants.  To the extent the allegations set forth in the prayer for relief draw legal conclusions, no response is required.  HESI would also direct Plaintiffs to this Court's Orders and Reasons (Dkt. Nos. 3830, 4578) wherein the Court determined that state law is inapplicable and dismissed all state law claims and nuisance and trespass claims under general maritime law.

## AFFIRMATIVE DEFENSES

WHEREFORE, HESI respectfully requests that the Court dismiss Plaintiffs' First Amended Master Complaint, Cross-Claim, And Third-Party Complaint For Private Economic Losses In Accordance With PTO No. 11 [CMO No. 1] Section III ("C") [""C" Bundle"] in this proceeding because:

### FIRST AFFIRMATIVE DEFENSE

HESI asserts that Plaintiffs' claims under state law have been dismissed pursuant to this Court's Orders and Reasons (Dkt. Nos. 3830, 4578).  In addition, Plaintiffs' claims for nuisance and trespass under general maritime law have likewise been dismissed.

### SECOND AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that Plaintiffs receive from any source as compensation for alleged losses.

### THIRD AFFIRMATIVE DEFENSE

The damages referred to in Plaintiffs' First Amended Master Complaint, Cross-Claim, And Third-Party Complaint For Private Economic Losses In Accordance With PTO No. 11 [CMO No. 1] Section III (B1) ["B1 Bundle"] were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Plaintiffs' claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control.  Under

- 118 -

any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

## FIFTH AFFIRMATIVE DEFENSE

The actions of others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Plaintiffs' alleged damages, and, therefore, Plaintiffs may not recover from HESI as a matter of law, and all such claims are barred in whole or in part by superseding and intervening causation.

## SIXTH AFFIRMATIVE DEFENSE

HESI did not owe any duty or warranty, either express or implied, to Plaintiffs and did not breach any such duty.

## SEVENTH AFFIRMATIVE DEFENSE

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Plaintiffs.  HESI is not liable under OPA or maritime law.

## EIGHTH AFFIRMATIVE DEFENSE

HESI pleads the negligence, superseding negligence and/or breach of duty of the Transocean Entities, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

## NINTH AFFIRMATIVE DEFENSE

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2).  In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, such claims are barred.

- 119 -

## TENTH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Plaintiffs' claims with respect to its oil spill damages or otherwise.  HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Plaintiffs' alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

## ELEVENTH AFFIRMATIVE DEFENSE

Although this Court has ruled that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead, and cannot satisfy, conditions precedent to recovery.

## THIRTEENTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Plaintiffs may not recover on their claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Plaintiffs were not foreseeable as a matter of law.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not reasonably mitigated their damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's affirmative defenses.

## EIGHTEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses which it may be entitled to under Fed. R. Civ. P. 8(c).

## NINETEENTH AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through twenty-first affirmative defenses.

## JURY DEMAND

Subject to and without waiving its previously filed Motion to Dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, Defendant Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to the Local Government Entity Master Voluntary Claim in Limitation (No. 10-2771) (Rule 9(h)) and Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint in Admiralty ("Bundle C Master Complaint ") In Accordance With PTO No. 33 [CMO No. 33]

- 121 -

Section III (C) ["Pleading Bundle "C""] be deemed good and sufficient; that after due proceedings, there be judgment denying Plaintiffs' claims, with all costs to be borne by Plaintiffs; and for such other relief to which HESI may show itself to be justly entitled.

Dated:  January 23, 2012.

1820993 v2-24010/0002 PLEADINGS

Respectfully submitted,

**GODWIN RONQUILLO PC**

/s/ Donald E. Godwin
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
ayork@GodwinRonquillo.com
Jerry C. von Sternberg
jvonsternberg@GodwinRonquillo.com
Misty Hataway-Coné
mcone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594
**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

- 123 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Answer to Voluntary Master Complaint in Limitation, and the First Amended Master Complaint, Cross-Claim, and Third-Party Complaint for Private Economic Losses in Accordance with PTO No. 11 [CMO No. 1] Section III ("C") [""C" Bundle"] was filed electronically with the Clerk of the Eastern District of Louisiana using the CM/ECF system, and that notice of this filing will be sent to all counsel through the CM/ECF Notification System.

/s/ Donald E. Godwin
Donald E. Godwin

1820993 v2-24010/0002 PLEADINGS