UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| IN RE: THE COMPLAINT AND | : | |
| PETITION OF TRITON ASSET | : | JURY TRIAL DEMANDED |
| LEASING GMBH, et al. | : | |
| | : | |
| **THIS DOCUMENT RELATES TO** | : | |
| **Pleading Bundle C and No. 10-2771** | : | |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

## ANSWER OF DEFENDANT/THIRD-PARTY DEFENDANT CAMERON TO LOCAL GOVERNMENT ENTITY VOLUNTARY MASTER CLAIM AND COMPLAINT, TOGETHER WITH CROSS-CLAIMS

Pursuant to FED. R. CIV. P. 14(c) and 15(a)(1)(A), Cameron International Corporation ("Cameron") respectfully files this answer in response to the Local Government Entity Voluntary Master Claim in Limitation and Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint ("Claim" and "Complaint" respectively; Doc. 1510), together with cross-claims against other defendants named in the Claim and Complaint, as follows:

### Jury Demand

Cameron demands trial by jury of all issues in these proceedings so triable. Cameron denies that the supposed Rule 9(h) designation attempted in the Claim and Complaint is effective to deprive Cameron of its rights under the Seventh Amendment to jury trial of the legal claims for monetary relief asserted against it in the Complaint or of any claim to be asserted by any other defendant, cross-defendant or third-party defendant.

- 1 -

## Reservation of Right to Amend

Discovery is ongoing. Cameron therefore reserves its right to amend this pleading.

## Responding to Short-Form Joinders in the Claim and Complaint.

Cameron lacks knowledge or information sufficient to form a belief about any factual allegation contained in any short-form joinder in the Complaint.

## Responding to Allegations in the Claim

Subject to the affirmative factual allegations made by Cameron in support of its claims for affirmative relief in this and other pleadings in these proceedings [Doc. 412 in 10-2771 ¶¶ 29-87; the "Cameron Allegations"], which are hereby incorporated by reference pursuant to F.R. CIV. P. 10(c), Cameron responds as follows to the numbered allegations in the Claim. Any factual allegation of the Claim that is not admitted in the following paragraphs of this section or in the Cameron Allegations is denied.

27. Cameron denies the allegations in paragraph 27, and denies that any claim against Cameron may be properly the subject of a Rule 9(h) designation.

28. Cameron objects to the group pleading of paragraph 28 under Admiralty Rule F, and lacks knowledge sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 29.

- 2 -

30.     Cameron denies that the *Deepwater Horizon* was in navigation on April 20, 2012, but except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 30.

31.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 31.

32.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 32.

33.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 33.

34.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 34.

35.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 35.

36.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 36.

37.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 37.

38.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 38.

39.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 39.

1082416v.1

40.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 40.

41.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 41.

42.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 42.

43.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 43.

44.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 44.

45.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 45.

46.     With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 46.

47.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 47.

- 4 -

48.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 48.

49.     Cameron admits that by 9:08 p.m. on April 20, 2010, a certain amount of hydrocarbons had entered the Macondo well from a subsoil reservoir, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 49.

50.     Cameron admits that between 9:08 and 9:30 p.m. on April 20, 2010, there were certain increases in drill pipe pressure in the Macondo well that persons other than Cameron should have recognized and taken well control action in response to, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 50.

51.     Cameron admits that modeling from BP's investigation of the Macondo well blowout indicates that a certain amount of hydrocarbons had entered the Macondo well from the subsea reservoir by 9:38 p.m. on April 20, 2010, that at about that time, hydrocarbons entered the riser above the BOP, and that the BOP had been left open during this influx of hydrocarbons, but except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 51.

52.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 52.

53.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 53.

1082416v.1

54.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 54.

55.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 55.

56.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 56.

57.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 57.

58.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 58.

59.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 59.

60.     Cameron admits the allegations in paragraph 60.

61.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 61.

62.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 62.

63.     Cameron admits that as specified by BP and Transocean, the BOP contained blind shear rams that, when properly maintained and timely activated under appropriate conditions, would shear certain pipe and seal the wellbore, but denies the remaining allegations of paragraph 63.

64. Cameron admits that from the BOP panel on the drilling unit, drilling personnel could operate the set of blind shear rams in the BOP stack by activating the high pressure blind shear ram close function and could operate the emergency disconnect sequence, and that the high pressure blind shear ram close function was part of the emergency disconnect sequence. Cameron further admits that these BOP functions required communication between the unit and the BOP through multiplex cables running from the unit to the BOP that were assembled and positioned pursuant to the specifications of BP and/or Transocean. Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 64.

65. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 65.

66. Cameron admits that pursuant to specifications of BP and Transocean, the BOP was equipped with additional methods of activating certain functions of the BOP as the automatic mode function ("AMF" or "deadman") and "hot stab" by means of remotely operated vehicles. Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations of paragraph 66.

67. Cameron admits that upon loss of electrical power, hydraulics, and communication, the AMF sequence will activate certain functions on the BOP, including the high pressure blind shear ram close function. Cameron admits that proper functioning of the AMF depends on certain operational components in one of the pods. Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 67.

- 7 -

68.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 68.

69.     Cameron admits the allegations in the first sentence of paragraph 69. Cameron admits that an ROV performs a hot stab by injecting fluid into a dedicated port on the BOP and that attempts were made to use ROVs to activate the BOP.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 69.

70.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 70.

71.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 71.

72.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 72.

73.     In response to paragraph 73, Cameron admits that investigations have failed to determine when the blind shear rams were activated and shut across the interior of the BOP or why the blind shear rams did not seal the well when activated, but have revealed that the blind shear rams did shut across the interior of the BOP, but lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 73.  The second sentence of paragraph 73 is a reservation of rights that requires no response.

74.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 74.

75.     In response to the third sentence of paragraph 75, Cameron avers that the referenced 2000 report speaks for itself, but denies the remaining allegations in paragraph 75.

- 8 -

76.     Cameron admits that Transocean and other offshore drilling companies have installed BOPs with two stacks containing blind shear rams as part of their drilling units, but denies the remaining allegations in the first sentence of paragraph 76, and lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 76.

77.     Except as admitted or denied in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 77.

78.     Except as admitted or denied in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 78.

79.     Except as admitted or denied in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 79.

80.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 80.

81.     Cameron admits the allegations in paragraph 81.

82.     Except as admitted or denied in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 82.

83.     Cameron admits that that it has made recommendations regarding periodic inspections and recertification of BOP equipment. Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 83.

84.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 84.

85.     In response to paragraph 85, Cameron avers that the referenced audit speaks for itself.

1082416v.1

86.     Cameron admits that an acoustic trigger was not requested for the *Deepwater Horizon* BOP, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 86.

87.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 87.

88.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 88.

89.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 89.

90.     In response to paragraph 90, Cameron avers that the referenced equipment assessment speaks for itself, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 90.

91.     In response to paragraph 91, Cameron avers that the referenced equipment assessment speaks for itself, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 91.

92.     In response to paragraph 92, Cameron avers that the referenced equipment assessment speaks for itself.

93.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 93.

94.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 94.

- 10 -

95.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 95.

96.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 96.

97.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 97.

98.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 98.

99.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 99.

100.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 100.

101.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 101.

102.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 102.

103.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 103.

104.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 104.

105.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 105.

1082416v.1

106.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 106.

107.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 107.

108.    Cameron admits that the oil spill has had impacts in the Gulf of Mexico and in certain Gulf states, but denies the remaining allegations in paragraph 108.

109.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 109.

110.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 110.

111.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 111.

112.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 112.

113.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 113.

114.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 114.

115.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 115.

116.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 116.

1082416v.1

117.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 117.

118-63 and accompanying prayer for relief.  The  claims  asserted  in  paragraphs 118-63 and in the  accompanying  prayer  for relief have been dismissed and/or are not asserted against Cameron and therefore require no response.

### Responding to Allegations in the Complaint

Subject  to  the  "Cameron  Allegations",  which  are  hereby  incorporated  by reference pursuant to FED. R. CIV. P. 10(c), Cameron responds as follows to the numbered allegations in the Complaint.  Any factual allegation of the Complaint that is not admitted in the following paragraphs of this section or in the Cameron Allegations is denied.

<u>Introduction.</u>  Except  as  alleged  in  the  Cameron  allegations,  Cameron  lacks knowledge  or  information  sufficient  to  form  a  belief  about  the  factual  allegations  in  the unnumbered Introduction.  Cameron denies that the claims against Cameron may properly be the subject of a Rule 9(h) designation because the claims asserted against Cameron in the Complaint are not admiralty or maritime claims.  The remainder of the Introduction describes the Complaint and requires no response.

164.    Cameron admits that on April 20, 2010, there was a blowout from the Macondo Well in Mississippi Canyon Block 252 on the outer Continental Shelf in the Gulf of Mexico, that explosions occurred on the *Deepwater Horizon* mobile offshore drilling unit, and that the drilling unit subsequently sank, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 164.

- 13 -

165.   In response to the first sentence of paragraph 165, Cameron admits that on or about April 22, 2010, the marine riser connecting the Macondo Well to the *Deepwater Horizon* broke, and that at some time thereafter oil from the Macondo reservoir in the subsoil discharged from the break in the riser into the Gulf of Mexico.  Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the second sentence of paragraph 165.

166.   Cameron admits that until stopped, oil from the Macondo reservoir from the subsoil spilled out of the Macondo well from the broken riser, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 166.

167.   To the extent that the allegations in paragraph 167 include Cameron within the term "Defendants," Cameron denies those allegations.  Otherwise, and except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 167.

168.   To the extent that the allegations in paragraph 168 concern Cameron as one of the "Defendants," Cameron denies those allegations.  Otherwise, and except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 168.

169.   To the extent that the allegations in paragraph 169 concern Cameron as one of the "Defendants," Cameron denies those allegations.  Otherwise, and except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 169.

170.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 170.

171.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 171.

172.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 172.

173.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 173.

174.    The statements in paragraph 174 purport to describe the Complaint and require no response.

175.    Cameron denies the statements in paragraph 175.

176.    In response to the statements in paragraph 176, Cameron avers that the Complaint speaks for itself.

177.    The statements in paragraph 177 predict (then) future events and require no response.

178.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 178.

179.    Cameron admits the allegations in the second and third sentences of paragraph 179, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 179.

180.     Cameron admits the allegations in the second sentence of paragraph 180, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 180.

181.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 181.

182.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 182.

183.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 183.

184.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 184.

185.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 185.

186.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 186.

187.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 187.

188.     The first sentence of paragraph 188 states a convention for future reference to the BP defendants and requires no response.  Cameron admits the allegations in the second sentence of paragraph 188.

1082416v.1

189.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 189.   Cameron admits the allegations in the second sentence of paragraph 189.

190.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 190.   Cameron admits the allegations in the second sentence of paragraph 190.

191.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 191.   Cameron admits the allegations in the second sentence of paragraph 191.

192.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 192.  Cameron admits the remaining allegations in paragraph 192.

193.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 193.   Cameron admits the allegations in the second sentence of paragraph 193.

194.     The first sentence of paragraph 194 states a convention for future reference to the Transocean defendants and requires no response.  Cameron admits the remaining allegations in paragraph 194.

195.     Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 195.   Cameron admits the remaining allegations in paragraph 195.

1082416v.1

196.    Cameron admits the allegations in the first two sentences of paragraph 196.   The third sentence of paragraph 196 states a convention for future reference to the Halliburton defendants and requires no response.

197.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 197.   Cameron admits the remaining allegations in paragraph 197.

198.    Paragraph 198 states a convention for reference to Drilling Defendants and requires no response.

199.    Cameron admits the allegations in the first two sentences of paragraph 199.   With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but denies the remaining allegations in paragraph 199.

200.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 200.

201.    In response to paragraph 201, Cameron denies that it is liable in any respect.  In further response to the allegations in paragraph 201, Cameron admits that the Drilling Defendants are liable under the Oil Pollution Act and that Weatherford may be liable under law other than the Oil Pollution Act. Cameron further takes the position that the liability of defined

- 18 -

Responsible Parties is exclusively governed by the Oil Pollution Act, and that the liability of Weatherford under other law is exclusively governed by the subrogation and contribution provisions of the Oil Pollution Act.  To the extent that OPA does not exclusively govern these liability issues, Cameron incorporates the Cameron Allegations in response to the allegations in paragraph 201.

202.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 202.  Cameron admits the remaining allegations in paragraph 202.

203.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences of paragraph 203.  Cameron admits the remaining allegations in paragraph 203.

204.   Cameron admits the allegations in last sentence of paragraph 204, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 204.

205.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 205.

206.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 206.

207.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 207.

208.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 208.

1082416v.1

209.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 209.

210.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 210.

211.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 211.

212.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 212.

213.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 213.

214.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 214.

215.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 215.

216.    Cameron admits the allegations in paragraph 216.

217.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 217.

218.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 218.

219.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 219.

220.    Paragraph 220 is a reservation of rights that requires no response.

1082416v.1

221.    Cameron denies the allegations of paragraph 221.  Cameron avers that the claims asserted in the Complaint are subject to the jurisdiction provided in the Outer Continental Shelf Lands Act and the Oil Pollution Act.

222.    Cameron denies the allegations of paragraph 222.

223.    In response to paragraph 223, Cameron admits that the claims for oil spill compensation asserted in the Complaint are subject to the "exclusive" jurisdiction provided in OPA, 33 U.S.C. § 2717(b).

224.    Noting that the court has dismissed the state law claims in the Complaint, Cameron denies the allegations in paragraph 224.

225.    Cameron denies the allegations in paragraph 225.

226.    Cameron admits that venue over certain of the claims of the Complaint are proper in this district and that venue is proper for pretrial purposes under 28 U.S.C. § 1407, but otherwise denies the allegations in paragraph 226.

227.    Cameron admits that workers responsible for activities intended to abandon the Macondo well for future production lost control of the subsea oil well that was nearing completion, that hydrocarbons leaked into the well and ultimately blew out of the well, that the blowout of hydrocarbons onto the *Deepwater Horizon* MODU resulted in explosions and fires on the unit, that the unit ultimately sank, and that oil from the Macondo reservoir in the subsoil ultimately discharged from the well through the broken riser into the Gulf, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 227.

1082416v.1

228.    Cameron admits the allegations in the first sentence of paragraph 228. Cameron denies that the BOP did not seal the well.  Cameron admits that hydrocarbon flow fueled the fires.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 228.

229.    Cameron admits that oil flowed from the reservoir in the subsoil, through the well, and then out of the damaged well and into the Gulf of Mexico for approximately 12 weeks, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 229.

230.    Cameron admits that the blowout, explosions, fires, and spill were proximately caused by the conduct and failures of the Drilling Defendants rather than any action or inaction of Cameron, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 230.

231.    Cameron admits that deepwater oil development is a complex and challenging activity, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 231.

232.    Cameron denies that a MODU like the *Deepwater Horizon* is treated as a vessel for all legal purposes and in all legal contexts, but except as alleged in the Cameron allegations, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 232.

233.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 233.

234.   Cameron admits that BOPs are generally anchored by connectors to the wellhead, and that BOPs are generally sold to offshore drilling companies as appurtenances to and essential equipment for mobile offshore drilling units; that if properly maintained activated in the appropriate circumstances at the right time, BOP rams can prevent a "kick" from escalating into a "blowout;" that BOPs usually can be activated both manually and automatically; that certain automated functions of BOPs are referred to as the automatic mode function ("AMF") and designed to function in certain circumstances in which manual activation may be disabled, and that BOP functions can generally be activated with the use of remotely operated vehicles through procedures referred to as "hot stab" or autoshear functions, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 234.

235.   Cameron admits that BOPs are installed early in the drilling process because they are a critical part of the overall flow control and well control systems used during drilling, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 235.

236.   Cameron admits that BOPs are generally secured to the wellhead over the hole created by the drilling of an oil well, that drilling apparatus is passed through the BOP into the drilled hole to drill and construct the well, and that for deepwater offshore operations a marine riser connects and attaches the drilling unit on the surface of the water to the well being drilled and cased in the subsoil, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 236.

237.     Cameron admits that appropriate drilling mud and its proper handling are a part of an overall well control system, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 237.

238.     Cameron admits that appropriate drilling mud and its proper handling are a part of an overall well control system, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 238.

239.     Cameron admits that appropriately secure cement and proper cementing are a critical part of an overall well control system, and are correspondingly a critical part of abandonment operations, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 239.

240.     Cameron admits that temporary abandonment generally refers to the process by which an offshore well is secured so that a drilling unit may be disconnected and detached from the well for ultimate connection and attachment of a production facility, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 240.

241.     In response to paragraph 241, Cameron admits BP Exploration and Production Inc. purchased a lease from the federal government pertaining to hydrocarbon resources from Mississippi Canyon Block 252 on the Outer Continental shelf approximately 48 miles from the coast of Louisiana, the closest and therefore "adjacent" state within the meaning of the Outer Continental Shelf Lands Act, but avers that the lease speaks for itself.

- 24 -

242.    In response to paragraph 242, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 242 speak for themselves.

243.    In response to paragraph 243, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 241 speak for themselves.

244.    In response to paragraph 244, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 241 speak for themselves.

245.    In response to paragraph 245, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 241 speak for themselves.

246.    In response to paragraph 246, Cameron avers that the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 241 speak for themselves.

247.    In response to paragraph 247, Cameron avers that the documents filed by BP in attempted compliance with the regulations governing lease operations on the Outer Continental Shelf applicable to the lease described in paragraph 241 speak for themselves.

248.    Cameron admits that MMS approved certain BP operations concerning the Macondo well, but avers that those approvals speak for themselves, and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 248.

1082416v.1

249.   In response to paragraph 249, Cameron avers that the application for a permit to drill the Macondo well speaks for itself.

250.   In response to paragraph 250, Cameron avers that the Macondo Operating Agreement speaks for itself.

251.   In response to paragraph 251, Cameron avers that the Macondo Operating Agreement speaks for itself.

252.   Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 252.

253.   In response to paragraph 253, Cameron avers that the Macondo Operating Agreement speaks for itself.

254.   In response to paragraph 254, Cameron avers that the Macondo Operating Agreement, as amended, speaks for itself.

255.   In response to paragraph 255, Cameron admits that the *Deepwater Horizon* was a semi-submersible facility classed as a mobile offshore drilling unit, had dynamic positioning capabilities, and was commissioned and placed in service in 2001, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 255.

256.   Cameron admits that the *Deepwater Horizon* was owned by a Transocean entity, and that all oil drilling and development operations conducted at the Macondo lease were conducted subject to the terms of the Drilling Contract, as amended, but lacks knowledge sufficient to form a belief about the truth of the remaining allegations in paragraph 256.

- 26 -

257.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 257.

258.    Except as alleged in the Cameron allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 258.

259.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 259.

260.    Cameron admits that the Macondo lease pertained to federal property on the Outer Continental Shelf under the Gulf of Mexico, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 260.

261.    Except for the referenced email, which speaks for itself, Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 261.

262.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 262.

263.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 263.

264.    Cameron admits that the BOP equipment on the *Deepwater Horizon* functioned successfully when manually activated to seal the Macondo well in response to a "kick" in March 2010, but lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 264.

- 27 -

265.    In response to paragraph 265, Cameron avers that the documents referenced in that paragraph speak for themselves, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 265.

266.    Cameron lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 266.

267.    In response to paragraph 267, Cameron avers that the financial terms of the Drilling Contract speak for themselves, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 267.

268.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 268.

269.    In response to the allegations of paragraph 269, Cameron avers that the written statements of Mr. Bea are inadmissible and speak for themselves, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 269.

270.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 270.

271.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 271.

272.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 272.

1082416v.1

273.     In response to paragraph 273, Cameron avers that the reports of the governmental commissions or regulatory agencies that have investigated the Macondo well blowout and oil spill and the statements of commission members speak for themselves.

274.     In response to the allegations of paragraph 274, Cameron avers that the statements of Mr. Bea are inadmissible and speak for themselves.

275.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 275, and avers that the referenced statements are inadmissible and speak for themselves..

276.     In response to paragraph 276, Cameron avers that the BP investigatory report speaks for itself.

277.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 277.

278.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 278.

279.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 279.

280.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 280.

281.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 281, and avers that the referenced document speaks for itself.

- 29 -

282.    In response to paragraph 282, Cameron avers that the referenced document speaks for itself.

283.    In response to paragraph 283, Cameron avers that the referenced document speaks for itself.

284.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 284, and avers that BP emails speak for themselves.

285.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 285.

286.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 286.

287.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 287.

288.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 288.

289.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 289.

290.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 290.

291.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 291.

1082416v.1

292.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 292, and avers that BP emails speak for themselves.

293.    In response to paragraph 293, Cameron avers that API RP 65 speaks for itself.

294.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 294.

295.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 295.

296.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 296.

297.    In response to paragraph 297, Cameron avers that API guidelines speak for themselves.

298.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 298.

299.    In response to paragraph 299, Cameron avers that the BP operations plan speaks for itself.

300.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 300.

301.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 301.

1082416v.1

302.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 302.

303.    In response to paragraph 303, Cameron avers that the referenced study speaks for itself, and except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 303.

304.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 304.

305.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 305.

306.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 306.

307.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 307.

308.    In response to paragraph 308, Cameron avers that the statements of Mr. Bartlitt speak for themselves.

309.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 309.

310.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 310.

311.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 311.

1082416v.1

312.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 312.

313.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 313, and avers that the Halliburton emails and the report of the Chief Counsel of the President's Commission speak for themselves.

314.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 314, and avers that the Halliburton emails and the report of the Chief Counsel of the President's Commission speak for themselves.

315.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 315, and avers that the reported statements of Mr. Bea are inadmissible and speak for themselves.

316.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 316, and avers that the BP investigative report speaks for itself.

317.    In response to paragraph 317, Cameron avers that the report of the Chief Counsel of the President's Commission speaks for itself.

318.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 318.

319.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 319.

1082416v.1

320.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 320, and avers that the NAE interim report is inadmissible and speaks for itself.

321.     In response to paragraph 321, Cameron avers that the interim report of the NAE is inadmissible and speaks for itself.

322.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 322.

323.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 323, and avers that the referenced testimony speaks for itself.

324.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 324.

325.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 325.

326.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 326.

327.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 327.

328.     In response to paragraph 328, Cameron avers that the referenced testimony speaks for itself.

329.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 329.

1082416v.1

330.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 330.

331.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 331.

332.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 332.

333.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 333.

334.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 334.

335.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 335.

336.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 336.

337.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 337.

338.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 338.

339.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 339.

340.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 340.

1082416v.1

341.   Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 341.

342.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 342.

343.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 343.

344.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 344.

345.   In response to paragraph 345, Cameron avers that the referenced testimony speaks for itself.

346.   In response to paragraph 346, Cameron avers that the referenced report and testimony speak for themselves.

347.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 347.

348.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 348, and avers that the referenced interim report is inadmissible and speaks for itself.

349.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 349.

350.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 350.

1082416v.1

351.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 351.

352.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 352, and avers that the referenced testimony speaks for itself.

353.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to f0orm a belief about the allegations in paragraph 353, and avers that the referenced testimony speaks for itself.

354.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 354.

355.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 355.

356.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 356, and avers that the referenced interim report is inadmissible and speaks for itself.

357.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 357.

358.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 358.

359.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 359.

1082416v.1

360.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 360, and avers that the referenced testimony speaks for itself.

361.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 361, and avers that the referenced testimony speaks for itself.

362.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 362, and avers that the modeling data speaks for itself.

363.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 363.

364.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 364, and avers that the referenced audit speaks for itself.

365.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 365, and avers that the referenced written reports speak for themselves.

366.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 366.

367.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 367, and avers that the referenced testimony speaks for itself.

1082416v.1

368.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 368.

369.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 369.

370.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 370.

371.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 371.

372.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 372.

373.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 373.

374.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 374, and avers that the written policies and instructions of the Drilling Defendants speak for themselves.

375.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 375.

376.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 376.

377.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 377.

1082416v.1

378.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 378.

379.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 379.

380.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 380, and avers that the referenced written investigative reports and testimony speak for themselves.

381.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 381.

382.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 382.

383.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 383.

384.    Cameron admits that a Transocean employee pressed the button on one of the BOP control panels on the drilling unit to activate the emergency disconnect sequence, and that the emergency disconnect sequence did not complete.  Except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 384.

385.    Cameron admits that as manufactured by Cameron, the BOP equipment sold to Transocean in 2001 had a high pressure blind shear ram close function, two emergency disconnect sequences, manual closure, EDS, AMF, and ROV "hot stab" activation capability methods, but denies the remaining allegations in paragraph 385.

- 40 -

386.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 386, and avers that the referenced investigative report speaks for itself.

387.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 387, and avers that the referenced testimony speaks for itself.

388.   Cameron admits that so long as the BOP is properly maintained, the AMF operates when certain conditions are present. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 388.

389.   Cameron admits that the BOP equipment manufactured by Cameron and sold to Transocean in 2001 pursuant to customer specifications had redundant independent control pods, and that post-incident test results speak for themselves. Except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 389.

390.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 390.

391.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 391, and avers that the referenced records and activity report speak for themselves.

392.   Cameron admits that it has made recommendations concerning periodic inspection and recertification of BOP equipment.  Except as admitted or denied in the Cameron

Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 392.

393.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 393 and avers that the referenced records speak for themselves.

394.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 394, and avers that the referenced audit and testimony speak for themselves.

395.    Except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 395, and avers that the referenced regulations and testimony speak for themselves.

396.    In response to the allegations in paragraph 396, Cameron avers that the referenced investigative report speaks for itself.

397.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 397.

398.    Cameron admits that BOP functioning uses hydraulic pressure, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 398.

399.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 399, and avers that the referenced testimony speaks for itself.

400.    Cameron admits that one of the sets of variable bore rams had been replaced with a set of test rams, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 400, and avers that the referenced regulation speaks for itself.

401.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 401.

402.    Cameron admits that at some point after April 22, 2010, the BOP did not stop the flow of oil discharged from the Macondo well, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 402.

403.    In response to the first sentence of paragraph 403, Cameron admits that BOP is subject to continued investigations.   The second sentence of paragraph 403 is a reservation of rights and requires no response.

404.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 404, and avers that the referenced 2004 study speaks for itself.

405.    Cameron admits that Transocean did not order an acoustic trigger for the *Deepwater Horizon* or a backup BOP from Cameron, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 405.

406.    In response to the first sentence of paragraph 406, Cameron admits that the specifications prescribed by BP and Transocean for the BOP installed on the *Deepwater*

*Horizon* resulted in the installation of a BOP stack with only one set of blind shear rams, and avers that the referenced 2000 report speaks for itself.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 406.

407.    In response to the first sentence of paragraph 438, Cameron admits that the capacities and limitations of BOPs were well understood by BP and Transocean, and in particular that BP and Transocean fully understood the capacities and limitations of the BOP installed on the *Deepwater Horizon* that they had designed before and during installation in 2000 and 2001.  In response to the third sentence of paragraph 438, Cameron admits that Transocean has drilling units with BOPs that can accommodate two sets of blind shear rams.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 407.

408.    Cameron admits that BP and Transocean replaced a variable bore ram with a test ram on the BOP, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 408, and avers that the referenced letter speaks for itself.

409.    In response to paragraph 409, Cameron denies the indirect insinuation that those parts of the BOP manufactured or installed by Cameron did not function, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 409.

410.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 410.

- 44 -

411.    With respect to the allegations of paragraph 411 concerning Cameron, Cameron denies the allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 411.

412.    With respect to the allegations of paragraph 412 concerning Cameron, Cameron denies the allegations and denies the suggestion that Cameron had any general responsibility for repairs, modification or testing of the BOP that it sold to Transocean in 2001. Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 412.

413.    With respect to the allegations of paragraph 413 concerning Cameron, Cameron denies the allegations and denies the suggestion that Cameron had any general responsibility for testing or verification of the operability of the BOP that it sold to Transocean in 2001.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 413.

414.    Cameron denies the allegations in paragraph 414.

415.    With respect to the allegations of paragraph 415 concerning Cameron, Cameron denies the allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 415.

416.    With respect to the allegations of paragraph 416 concerning Cameron, Cameron denies the allegations.  Except as alleged in the Cameron Allegations, Cameron lacks

- 45 -

knowledge or information sufficient to form a belief about the remaining allegations in paragraph 416.

417.   Cameron admits that Transocean neither ordered nor acquired a backup acoustic trigger from Cameron for the BOP sold by Cameron to Transocean in 2001.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 417.

418.   With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but denies the remaining allegations in paragraph 418.

419.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 419.

420.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 420, and avers that the referenced testimony speaks for itself.

421.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 421.

- 46 -

422.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 422, and avers that the referenced testimony speaks for itself.

423.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 423, and avers that the testimony speaks for itself.

424.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 424.

425.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 425, and avers that the referenced testimony speaks for itself.

4262.    In response to paragraph 426, Cameron avers that the referenced assessment speaks for itself.

427.    In response to paragraph 427, Cameron avers that the referenced assessment and audit speak for themselves.

428.    In response to paragraph 428, Cameron avers that the referenced survey statements speak for themselves.

429.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 429.

430.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 430, and avers that the statements of the chairman of the President's Commission speak for themselves.

- 47 -

431.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 431.

432.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 432, and avers that the interim NAE report is inadmissible and speaks for itself.

433.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 433, and avers that the interim NAE report is inadmissible and speaks for itself.

434.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 434, and avers that the statements of the referenced Study Group are inadmissible and speak for themselves.

435.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 435, and avers that the referenced regulations speak for themselves.

436.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 436.

437.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 437, and avers that the statements of the referenced Study Group are inadmissible and speak for themselves.

438.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 438.

439.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 439.

440.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 440.

441.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 441.

442.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 442.

443.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 443, and avers that the referenced testimony speaks for itself.

444.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 444.

445.    To the extent that the first sentence of paragraph 445 is an allegation about Cameron, Cameron denies any such allegation.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 445.

446.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 446.

447.    Cameron admits that there were fires on the *Deepwater Horizon* between April 20 and 22, 2010, that the unit sank on April 22, 2010, that the unit had been connected to the wellhead with a marine riser, and that sometime after April 22, 2010, oil spilled from breaks

- 49 -

in the riser, but except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 447.

448.    Cameron admits that the oil spill flowed from the Macondo well, but lacks knowledge or information sufficient to form a belief about the allegations in paragraph 448.

449.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 449.

450.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 450.

451.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 451.

452.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 452.

453.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 453.

454.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 454.

455.    Cameron admits that BP did not conduct a well-kill procedure, but lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 455.

456.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 456.

1082416v.1

457.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 457.

458.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 458.

459.    Cameron objects to the group allegations in paragraph 459 and denies those allegations.

460.    Cameron objects to the group allegations in paragraph 460 and denies those allegations.

461.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 461.

462.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 462.  Cameron denies the allegations in the second sentence of paragraph 462.

463.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 463.

464.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 464.

465.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 465.

466.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 466.

1082416v.1

467.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 467.

468.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 468.

469.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 469.

470.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 470.

471.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 471.

472.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 472.

473.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 473.

474.     Cameron denies the allegations in the first sentence of paragraph 474. Cameron lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of paragraph 474.

475.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 475.

476.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 476.

1082416v.1

477.     In response to paragraph 477, Cameron avers that any such Charter Agreement speaks for itself.

478.     In response to paragraph 478, Cameron avers that any such amendments speak for themselves.

479.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 479.

480.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 480.

481.     In response to the first sentence of paragraph 481, Cameron avers that any such Charter Agreement speaks for itself.  Cameron lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of paragraph 481.

482.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 482.

483.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 483.

484.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 484.

485.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 485.

486.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 486.

1082416v.1

487.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 487.

488.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 488.

489.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 489.

490.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 490.

491.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 491, and avers that the moratorium speaks for itself.

492.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 492, and avers that the Moratorium Notice speaks for itself.

493.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 493, and avers that the referenced second notice speaks for itself.

494.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 494, and avers that the referenced court order speaks for itself.

495.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 495, and avers that the referenced agency document speaks for itself.

496.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 496.

497.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 497.

1082416v.1

498.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 498.

499.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 499.

500.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 500.

501.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 501, and avers that any such report is inadmissible and speaks for itself.

502.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 502, and avers that any such report is inadmissible and speaks for itself.

503.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 503, and avers that any such report is inadmissible and speaks for itself.

504.    Cameron denies the allegations in paragraph 504.

505.    Cameron denies the allegations in paragraph 505.

506.    Cameron denies the allegations in paragraph 506.

507.    Cameron denies the allegations in paragraph 507.

508.    Cameron denies the allegations in paragraph 508.

509.    Cameron denies the allegations in paragraph 509.

510.    Cameron denies the allegations in paragraph 510.

1082416v.1

511.    Cameron denies the allegations in paragraph 511.

512.    Cameron objects to the group allegations in paragraph 512 and denies the allegations in paragraph 512.

513.    Cameron objects to the group allegations in paragraph 512 and denies the allegations in paragraph 513.

514.    Cameron denies the allegations in paragraph 514.

515.    Cameron objects to the group allegations in paragraph 512 and denies the allegations in paragraph 515.

516.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 516, and avers that the reservation of rights in that paragraph requires no response.

517.    Cameron denies that paragraph 517 describes an identifiable class certifiable under Rule 23.

518.    Cameron denies that any portion of paragraph 518 describes an identifiable class or subclass certifiable under Rule 23.

519.    Cameron denies the allegations in paragraph 519.

520.    Cameron denies the allegations in paragraph 520.

521.    Cameron denies the allegations in paragraph 521.

522.    Cameron denies the allegations in paragraph 522.

523.    Cameron denies the allegations in paragraph 523.

524.    Cameron denies the allegations in paragraph 524.

525.    Cameron denies the allegations in paragraph 525.

1082416v.1

526.   Cameron denies the allegations in paragraph 526.

527.   Cameron denies the allegations in paragraph 527.

528.   Cameron denies the allegations in paragraph 528.

529.   Cameron denies the allegations in paragraph 529.

530.   Cameron denies the allegations in paragraph 530.

531.   Cameron denies the allegations in paragraph 531.

532.   Cameron denies the allegations in paragraph 532.

533.   Cameron denies the allegations in paragraph 533.

534.   Cameron denies the allegations in paragraph 534.

535.   A portion of paragraph 535 describes relief sought and in that respect, requires no response.  Otherwise, Cameron denies the allegations in paragraph 535.

536.   Cameron denies the allegations in paragraph 536.

537.   Cameron denies the allegations in paragraph 537.

538.   Cameron denies the allegations in paragraph 538.

539.   Cameron denies the allegations in paragraph 539.

540.   Cameron denies the allegations in paragraph 540.

541.   Cameron denies the allegations in paragraph 541.

542.   In response to paragraph 542, Cameron repeats its responses to paragraphs 27-541.

543.   In response to paragraph 543, Cameron admits that at "all times material" to the allegations of the Complaint, "Drilling Defendants were participating in drilling operations" in the subsoil of federal property subject to an OCS lease in the Gulf of Mexico.

- 57 -

544.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 544.

545.     Cameron denies the allegations in paragraph 545.

546.     Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 573.

547.     To the extent that the allegations of paragraph 547 are directed toward the duties and conduct of Cameron, Cameron denies them.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 574 to the extent that those allegations are directed toward the duties and conduct of other Defendants.

548.     To the extent that the allegations in paragraph 548 make sense, Cameron denies them.

549.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 549.

550.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 550.

551.     Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 551, including the implicit allegation that Cameron participated in drilling operations.

552.     To the extent that the allegations in paragraph 552 are directed to the co-lessees in the federal lease for the Macondo well, Cameron lacks knowledge or information sufficient to form a belief about those allegations.   To the extent that the allegations in paragraph

- 58 -

552 concern Cameron or any other Defendant that was not an OCS lessee, Cameron denies those allegations.

553.    Cameron denies the allegations in paragraph 553.

554.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 554, including the implicit allegation that Cameron participated in drilling operations.

555.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 555.

556.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 556.

557.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 557, and avers that federal law exclusively governed all the conduct of Defendants relevant to the allegations in the Complaint.

558.    Cameron denies the allegations in paragraph 558.

559.    Except as alleged in the Cameron Allegations, Cameron denies that the *Deepwater Horizon* was in navigation at any time material to determining liability for the allegations of the Complaint, but lacks knowledge sufficient to form a belief about the remaining allegations in paragraph 559.

560.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 560.

561.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 561.

1082416v.1

562.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 562.

563.   Except as alleged in the Cameron allegations, Cameron denies that Cameron violated any international maritime code or standard or that any such code or standard governed its conduct, and lacks knowledge sufficient to form a belief about the remaining allegations in paragraph 563.

564.   In response to the allegations in the first sentence of paragraph 593, Cameron admits that the *Deepwater Horizon* was used to drill the Macondo well pursuant to the terms of the Drilling Contract described in paragraph 564.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 564.

565.   Cameron admits that BP may have owed duties to one or more of the unnamed Plaintiffs, but Cameron denies the remaining allegations of paragraph 565.

566.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 566.

567.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 567.

568.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 568.

569.   Cameron admits that Halliburton may have owed duties to one or more of the unnamed Plaintiffs, but denies the remaining allegations in paragraph 569.

1082416v.1

570.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 570.

571.    Cameron admits that M-I provided drilling mud services for the Macondo well, but lacks sufficient knowledge or information sufficient to form a belief about the remaining allegations in paragraph 571.

572.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 572.

573.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 573.

574.    With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but denies the remaining allegations in paragraph 574.

575.    Cameron denies the allegations in paragraph 575.

576.    Cameron denies the allegations in paragraph 576.

577.    Cameron denies the allegations in paragraph 577.

578.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 578.

1082416v.1

579.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 579.

580.    Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 580.

581.    Cameron denies the allegations in paragraph 581.

582.    Cameron denies the allegation that Cameron's negligence or fault was a proximate cause of the Macondo well blowout or spill, and except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the allegations in paragraph 582.

583.    Cameron denies the allegations in paragraph 583.

584.    Except as alleged in the Cameron Allegations, Cameron denies the allegations in paragraph 584.

585.    Cameron denies the allegations in paragraph 585.

586.    In response to paragraph 586, Cameron repeats its responses to paragraphs 27-585.

587.    Cameron denies that it breached any duties to Plaintiffs and denies that any such duties are established under any applicable law, but except as alleged in the Cameron Allegations, lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 587.

588.    In response to the allegations in paragraph 588 directed to Cameron's conduct, Cameron denies those allegations.   Except as alleged in the Cameron Allegations,

1082416v.1

Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 588.

589.    In response to the allegations in paragraph 589 concerning Cameron's conduct, Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 589.

590.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 591.

592.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 592.

593.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 593.

594.    Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 594.

595.    In response to the allegations in paragraph 595 concerning Cameron's conduct, Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 595.

596.    In response to paragraph 596, Cameron repeats its responses to paragraphs 27-595.

597.    Cameron denies the allegations in paragraph 597.

598.    With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit, but denies the remaining allegations in paragraph 598.

599.    Cameron admits that if properly maintained and timely activated in appropriate circumstances on April 20, 2010, the BOP could have cut off the flow of oil at the wellhead, but lacks knowledge or information sufficient to form a belief whether the BOP activated automatically on April 20, 2010, and denies the remaining allegations in paragraph 599.

600.    With respect to the BOP that was attached to the wellhead of the Macondo Well at Mississippi Canyon Block 252 on April 20, 2010, Cameron states that, pursuant to design specifications of R&B Falcon/Transocean required by Vastar/BP, Cameron manufactured certain but not all features of the BOP as modified by April 20, 2010, and that it sold the BOP as originally assembled before modification to a predecessor of a Transocean Defendant in 2001 as equipment appurtenant to the *Deepwater Horizon* mobile offshore drilling unit.

601.    Cameron denies the allegations in paragraph 601, and points out that those wholly conclusory allegations are directly contradicted by specific allegations in other paragraphs of the Complaint.

- 64 -

1082416v.1

602.    In response to paragraph 602, Cameron denies that it had any role in designing the BOP without an acoustic trigger, and denies the remaining allegations in paragraph 602.

603.    In response to paragraph 644, Cameron denies that it had any role in designing the BOP to have one blind shear ram, and denies the remaining allegations in paragraph 603.

604.    Cameron admits that there were means for activating the BOP from the drilling unit, and that such activation of the BOP to control well flow must be taken in a timely and appropriate manner, and that if the means of communication with the BOP are compromised, drilling personnel cannot communicate with the BOP, but Cameron denies the remaining allegations in paragraph 604.

605.    Cameron denies the allegations in paragraph 605, and further denies that the blind shear rams were compromised by any failure of a shuttle valve.

606.    Cameron denies the allegations in paragraph 606.

607.    Cameron denies the allegations in paragraph 607.

608.    Cameron denies the allegations in paragraph 608.

609.    Cameron denies the allegations in paragraph 609.

610.    Cameron denies the allegations in paragraph 610.

611.    Cameron denies the allegations in paragraph 611.

612.    Cameron denies the allegations in paragraph 612.

613.    Cameron denies the allegations in paragraph 613.

614.    Cameron denies the allegations in paragraph 614.

- 65 -

615.    Cameron denies the allegations in paragraph 615.

616.    Cameron denies the allegations in paragraph 616.

617.    Cameron denies the allegations in paragraph 617.

618-69.    The causes of action asserted in sections I.D., I.E., and II are not asserted against Cameron and require no response.

670-757.    All state law claims for relief asserted in section III. have been dismissed and require no response.

758-69.    The causes of action asserted in sections IV. and V. are not asserted against Cameron and require no response.

### Failure to State a Claim

770.    Even beyond the correct dismissal of state law claims in Doc. 4578, the Claim and Complaint do not state a valid claim upon which relief may be granted against Cameron for the following reasons:

a.    The Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq. ("OPA"), provides comprehensive remedies for oil spill costs and damages, including sections providing for the potential liability of Cameron to parties other than the local government claimants and Plaintiffs, and therefore displaces and pre-empts all the claims against Cameron asserted in the Complaint.

b.    The Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), preempts recovery against Cameron under admiralty law.

- 66 -

    c.   In addition, recovery of any relief by any local government party against Cameron under the law of the OCSLA "adjacent state," here Louisiana, is barred for the reasons stated in the following section.

771.   The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron for the following reasons:

    a.   Under OCSLA, which applies to the claims in this case based on the blowout of an OCS well during drilling operations, any claim for relief that is not encompassed or preempted by OPA is governed exclusively by the law of the "adjacent state," here Louisiana, but only so long as the surrogate state law is not "inconsistent with" federal law.  43 U.S.C. § 1333(a).  OCSLA therefore expressly preempts the application of general maritime law.

    b.   The claims against Cameron in the Claim and Complaint are altogether barred by OCSLA because they are inconsistent with the comprehensive remedial scheme of OPA.

    c.   To the extent the claims of the Claim and Complaint are applicable and not barred by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing those claims.  L.S.A. R.S. § 2491.A.

    d.   The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron under LOSPRA because they do not

allege specific facts that any asserted claim is "not recoverable under" OPA.  L.S.A. R.S. § 30:2488.C.

e.  The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron under LOSPRA because the Claim and Complaint concede that all federal remedies have not been exhausted as required by LOSPRA.  L.S.A. R.S. § 2488.C.

f.  The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron under LOSPRA because the Claim and Complaint affirmatively allege facts demonstrating that Cameron is not a "responsible party" under LOSPRA inasmuch as persons who provide assistance in response to a threatened discharge of oil are excluded from that definition.  L.S.A. R.S. § 2454(22)(c).

g.  If LOSPRA is not applicable to the claims against Cameron in the Claim and Complaint, and if the Louisiana Products Liability Act ("LPLA") is not altogether preempted by OPA or OCSLA, LPLA would be the exclusive Louisiana law governing those claims.  L.S.A. R.S. § 2800.52.

h.  The Claim and Complaint fails to state a claim upon which relief can be granted against Cameron under the LPLA because they contain no allegations that any injury was proximately caused by an identified characteristic of a Cameron product that made the product unreasonably

1082416v.1

dangerous within the meaning of the Louisiana Act.   L.S.A. R.S. § 9:2800.54.A.

i.   The Claim and Complaint fail to state a claim upon which relief can be granted against Cameron because they contain no allegation stating any element of any theory of liability permitted by the LPLA.  L.S.A. R.S. §§ 9:2800.54.B, 9:2800.55-58.

j.   Cameron is immune from recovery under the Claim and Complaint allegedly based on Cameron's actions or advice concerning response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A) and/or 42 U.S.C. § 4158.

k.   Cameron is immune from all claims in the Claim and Complaint arising from Cameron's actions or advice concerning response to the oil spill by the terms of L.S.A. R.S. §§ 30:2466.B.

l.   In the alternative, the Claim and Complaint fail to state a claim upon which relief could be granted against Cameron as product manufacturer under general maritime law for essentially the reasons stated in subsections h.-k. above.

m. Because no local government party is a user or consumer of Cameron's equipment, the Claim and Complaint fail to state a valid claim for relief under Section 402(b) of the Second Restatement of Torts.

1082416v.1

**Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act**

772.    Cameron states that the claims against Cameron in the Claim and Complaint are barred by LOSPRA (e.g., ¶¶ 395.d-f), which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims, L.S.A. R.S. § 30:2491.A.

773.    Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

774.    While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Claim and Complaint is barred to the extent that it is based on an underlying claim of a private party that did not suffer injury to or destruction of property as described in L.S.A. R.S. § 30:2454(5)(b).

775.    While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Claim and Complaint is barred under LOSPRA because all such claims against Cameron are based on its provision of assistance "in response to a threatened discharge of oil by another person" within the meaning of subsection 2454(22)(c).  L.S.A. R.S. § 30:2454(22)(c).

776.    While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron

under the Claim and Complaint is barred by LOSPRA because of the misconduct and negligence of third parties within the meaning of L.S.A. R.S. § 30:2481(4).

777.   While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA would limit the liability of Cameron under the Claim and Complaint in any event.  L.S.A. R.S. § 30:2479.

### Affirmative Defenses – Louisiana Products Liability Act

778.   To the extent that the claims of the Claim and Complaint are not displaced by OPA and/or OCSLA and/or are not subject to LOSPRA, the claims of the Claim and Complaint are barred by the LPLA, which establishes the exclusive theories of liability for product manufacturers, and Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA.  L.S.A. R.S. § 9:2800.51 *et seq.*

779.   Any alleged defect in a Cameron product at the time of the alleged injurious event was the result of changes to or in the product or its operation because the product did not receive reasonable care and/or maintenance by its owners or users.  L.S.A. R.S. § 9:2800.53(8)(c).

780.   Any alleged defect in a Cameron product at the time of the alleged injurious event either did not exist at the time the product left the control of Cameron or did not result from a reasonably anticipated alteration or modification of the product.  L.S.A. R.S. § 9:2800.54.C.

781.   Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or

handler of the product, with the knowledge within the relevant community of the product's characteristics.  L.S.A. R.S. § 9:2800.57B(1).

782.    Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the users and handlers of the products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product.  L.S.A. R.S. §§ 9:2800.57B(2).

783.    Cameron's products met any express warranty applicable to those products.  *See* L.S.A. R.S. § 9:2800.58.

784.    Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time.  *See* L.S.A. R.S. § 9:2800.58.

785.    At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant may identify was not feasible, in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.  L.S.A. R.S. § 9:2800.59A.

786.    At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. L.S.A. R.S. § 9:2800.59B.

1082416v.1

**Affirmative Defense – Contractor Immunity Under Louisiana Law**

787.    To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's (i.e., Transocean's) specifications, Cameron is immune from liability for that defect.  L.S.A. R.S. § 9:2771.

**Limitation on Liability – OPA**

788.    While denying that it is liable under the Complaint, Cameron states that its potential liability with respect to Tendered Claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2)(B).

**Immunity from Liability – Federal Response Authority**

789.    While denying that it is liable under the Complaint, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act,  33 U.S.C. §§ 1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

**Alternative Affirmative Defenses – General Maritime Law**

790.    While maintaining and without waiving its position that OCSLA makes Louisiana law applicable to any claims in this action as surrogate and exclusive federal law, Cameron asserts in the alternative, as a protective matter, the affirmative defenses stated in paragraphs 402-13 above.

791.    No Cameron product in use at the time of the alleged injurious incident departed from its intended design at the time it left the control of Cameron.

792.     At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the reasonably foreseeable risks of harm posed by

1082416v.1

the product could not have been reduced or avoided by the adoption of a reasonable alternative design.

793.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, there were no feasible alternative designs of the product known by or reasonably available to Cameron that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

794.    In light of reasonably available scientific or technical knowledge or information at the time any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron could not have known of any feasible alternative design that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

795.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the Cameron warnings and instructions concerning that product were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

796.    No Cameron product in use at the time of the alleged injurious incident was dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product.

797.    After any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron issued warnings and instructions concerning the product that were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

1082416v.1

798.    At the time of the injurious incident, the users of any Cameron product in use at the time of the alleged injurious incident knew or should have known of the dangers associated with that use.

799.    At the time and place of the alleged injurious incident, any failure of a Cameron product to function as intended was caused solely by either the failure of owners, users and/or handlers of the product to take reasonable care of and/or properly maintain the product and/or its constituent parts or an alteration or modification of the product that could not have been reasonably foreseen by Cameron.

800.    The methods, standards, and techniques used by Cameron to design, manufacture, and label or provide instructions for or warnings about any Cameron product designed, manufactured, or labeled by Cameron that was in use at the time of the alleged injurious incident complied and were in conformity with the generally recognized state of the art at the time the products were designed, manufactured, or labeled by Cameron.

### Affirmative Defenses – Sole or Superseding/Intervening Causation

801.    Any injury sustained by any local government party was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

802.    Any injury sustained by any local government party was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

### Affirmative Defense – Reduction of Recovery Based on Fault of Others

803.    Under any applicable law, recovery by any local government party for any damages proximately caused by any product characteristic for which Cameron may be held

- 75 -

liable is to be reduced and/or allocated to reflect the contributory fault of others, including the Cross-Defendants named below, and perhaps others revealed as discovery and pertinent investigations progress.  *See* LA. CIV. CODE art. 2323.

### Affirmative Defense – Payment and/or Release

804.    To the extent that any local government party has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is entitled to be relieved of any liability in this action to the extent of any such payment or release.

### Affirmative Defenses – Damage Recovery

805.    No local government party is entitled to double recovery of its provable damages.

806.    No local government party is entitled to recover damages to the extent that the claimant failed to take reasonable action in mitigation of those damages.

### Affirmative Defense – Economic Loss Doctrine

807.    Recovery against Cameron is barred or constrained by the economic loss doctrine.

### Cross-Claims

808.    To the extent necessary, and now acting as Cross-Plaintiff, Cameron asserts as cross-claims against the other Defendants named in or tendered with respect to the Claim and named in the Complaint the cross-claims asserted against those cross-Defendants in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179.

1082416v.1

### Demand for Judgment

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1. That Claimants and Plaintiffs take nothing by the Claim or Complaint;

2. That Cameron recover from Claimants/Plaintiffs its costs of court in this action;

3. That as Cross-Plaintiff, Cameron recover from Cross-Defendants the relief set forth in the Demands for Judgment in Documents 412 in 10-cv-2771 and 2472 and 2474 in 10-MDL-2179; and

4. That Cameron recover such other and further relief from Claimants to which it may show itself entitled.

Respectfully submitted,

David J. Beck, T.A.
    dbeck@brsfirm.com
Joe W. Redden, Jr.
    jredden@brsfirm.com
David W. Jones
    djones@brsfirm.com
Geoffrey Gannaway
    ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

- 77 -

1082416v.1

and


/s/ Phillip A. Wittmann

Phillip A. Wittmann, 13625
   pwittmann@stonepigman.com
Carmelite M. Bertaut, 3054
   cbertaut@stonepigman.com
Keith B. Hall, 24444
   khall@stonepigman.com
Jared Davidson, 32419
   jdavidson@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

ATTORNEYS FOR DEFENDANT/THIRD
PARTY DEFENDANT/CROSS-
DEFENDANT/ COUNTER-PLAINTIFF
CAMERON INTERNATIONAL
CORPORATION

1082416v.1

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Answer of Defendant/Third-Party Defendant Cameron to Local Government Entity Voluntary Master Claim and Complaint, Together with Cross-Claim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

                                       */s/ Phillip A. Wittmann*

1082416v.1