UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" |
| **THIS PLEADING APPLIES TO:** | * * | JUDGE BARBIER |
| Civil Action Nos.: 2:10-cv-2771, 2:10-cv-2179, 2:11-cv-0516, and 2:10-cv-03059 | * * * | MAGISTRATE SHUSHAN |

**WEATHERFORD U.S., L.P.'S ANSWER AND DEFENSES TO THE VOLUNTARY MASTER COMPLAINT, CROSS-CLAIM, AND THIRD-PARTY COMPLAINT FOR LOCAL GOVERNMENTAL ENTITIES (PTO NO. 11 [CMO NO. 1] SECTION III(C) ["C BUNDLE"]**

**NOW INTO COURT**, through undersigned counsel, comes Weatherford U.S., L.P. ("Weatherford") and pursuant to Pre-trial Order No. 11 (Case Management Order No. 1) ("CMO 1"), as clarified by Pre-trial Order No. 25 and this Court's Order Regarding Pleading Bundle "C" (Rec. Doc. 4968), on information and belief, files this its Answer and Defenses to the Voluntary Master Complaint, Cross-Claim, and Third-Party Complaint for Local Governmental Entities (the "Bundle C Complaint") (Rec. Doc. 1510) filed by the Bundle C Plaintiffs. This Answer is filed with the full reservation of all defenses reserved to Weatherford pursuant to Pre-trial Order No. 25, ¶ 15, none of which are waived:

{N2412229.1}

1

## ANSWER AND DEFENSES

### FIRST DEFENSE

The Bundle C Complaint fails to state a claim against Weatherford upon which relief can be granted.

### SECOND DEFENSE

Any damages that the Bundle C Plaintiffs may have sustained were caused by the negligence and/or strict liability of others over whom this defendant has no control nor responsibility nor for whom this defendant can be held responsible.

### THIRD DEFENSE

The Bundle C Complaint fails to state any cause of action against Weatherford.

### FOURTH DEFENSE

The Bundle C Plaintiffs' claims for damages were caused by the unseaworthiness of vessels neither owned, chartered nor operated by Weatherford and any unseaworthiness of the vessels cannot be attributed to Weatherford, nor can Weatherford be held liable therefore.

### FIFTH DEFENSE

Weatherford specifically pleads intervening and superseding cause(s) as a defense to the Bundle C Plaintiffs' claims.

### SIXTH DEFENSE

All claims alleged by the Bundle C Plaintiffs against Weatherford are preempted by the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq.*, and the Bundle C Plaintiffs have no cause of action against Weatherford for any of the claims made.

**SEVENTH DEFENSE**

All General Maritime Law claims alleged by the Bundle C Plaintiffs in the Bundle C Complaint that do not allege physical damage to a propriety interest are barred under the *Robins Dry Dock* rule in accordance with the Court's Order and Reasons of December 9, 2011 (Rec. Doc. 4845).

**EIGHTH DEFENSE**

All state law claims alleged by the Bundle C Plaintiffs in the Bundle C Complaint, including all claims for civil penalties, are preempted by the General Maritime Law in accordance with the Court's Order and Reasons of December 9, 2011 (Rec. Doc. 4845).

**NINTH DEFENSE**

**AND NOW**, answering more particularly the numbered allegations of the Bundle C Complaint, Weatherford avers as follows:

I.

The allegations contained in Paragraphs 165-66, 177-99, 202-19, 227-86, 292-444, and 548, including all subparts, of the Bundle C Complaint, including any and all subparts thereof, are denied for lack of sufficient information upon which to base a belief therein.

II.

The allegations contained in Paragraphs 167-73, and 445-516, including all subparts, of the Bundle C Complaint are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

III.

The allegations contained in Paragraphs 174-75, 543-44, 546, 559-62, 564-77, 587-95, 597-617, 619-39, and 660-69, including all subparts, of the Bundle C Complaint call for legal conclusions and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied for lack of sufficient information upon which to base a belief therein.

IV.

The allegations contained in Paragraphs 579-80, 641, and 643-58 , including all subparts, of the Bundle C Complaint call for legal conclusions and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied.

V.

The allegations contained in Paragraphs 176, 201, 220, 517-41, 545, 547, 549-58, 563, and 581-85, including all subparts, of the Bundle C Complaint call for legal conclusions and, as such, do not require a response by Weatherford.  To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

VI.

With respect to the allegations contained in Paragraph 164 of the Bundle C Complaint, except to admit that on April 20, 2010, a well blowout on the *Deepwater Horizon* occurred in the Gulf of Mexico and, as a result, explosions, fire and the sinking of the vessel occurred, Weatherford denies the allegations for lack of sufficient information upon which to base a belief therein.

VII.

With respect to the allegations contained in Paragraph 660-69, 671-77, 679-84, 686-90, 692-710, 712-26, 728-37, 739-46, and 748-69 of the Bundle C Complaint, no response is required to the allegations pursuant to the Court's Order and Reasons of December 9, 2011 (Rec. Doc. 4845), dismissing all state law claims. To the extent that a response is deemed necessary, the allegations are denied as they might apply to Weatherford, and are otherwise denied for lack of sufficient information upon which to base a belief therein.

VIII.

With respect to the allegations contained in Paragraph 200 of the Bundle C Complaint, except to admit that Weatherford U.S., L.P. has its principal office in the State of Texas and that Weatherford U.S., L.P. is doing business in the State of Louisiana and in this District and that a Weatherford manufactured float collar was utilized on the Macondo Well, Weatherford denies the allegations.

IX.

The allegations contained in Paragraphs 221-25 of the Bundle C Complaint call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, Weatherford admits that this Court has jurisdiction over properly asserted admiralty and maritime claims. All remaining allegations in Paragraphs 221-25 are denied.

X.

The allegations contained in Paragraph 226 of the Bundle C Complaint call for legal conclusions and, as such, do not require a response by Weatherford. To the extent that a response is deemed necessary, Weatherford admits that venue is proper.

XI.

The allegations contained in Paragraphs 287-91 of the Bundle C Complaint are denied.

XII.

With respect to the allegations contained in Paragraph 642 of the Bundle C Complaint, except to admit that a Weatherford manufactured float collar was utilized on the Macondo Well, Weatherford denies the allegations.

XIII.

In Paragraphs 542, 586, 596, 618, 640, 659, and 670 of the Bundle C Complaint, the Bundle C Plaintiffs make statements with respect to realleging and incorporating by reference prior allegations. To the extent that these paragraphs require a response by Weatherford, then Weatherford adopts any and all answers and defenses filed by it with respect to any paragraphs of the Bundle C Complaint in response thereto.

XIV.

Weatherford denies the allegations of any preamble, preliminary statement, prayer, misnumbered or unnumbered paragraphs of the Bundle C Complaint.

**WHEREFORE**, Weatherford prays that this its Answer and Defenses be deemed good and sufficient and after due proceedings had, there be judgment in its favor, dismissing all claims and for all costs of these proceedings.

Respectfully submitted:

*/s/  Glenn G. Goodier*
GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone: (504) 582-8174
Facsimile: (504) 589-8174
E-mail: ggoodier@joneswalker.com;
rbertram@joneswalker.com;
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
Jones, Walker, Waechter, Poitevent,
 Carrère & Denègre, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, , Louisiana  70501-5100
Telephone: (337) 262-9024
E-mail: mlemoine@joneswalker.com;
grusso@joneswalker.com;
dlongman@joneswalker.com
*Counsel for Weatherford U.S., L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2012, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/  Glenn G. Goodier*
GLENN G. GOODIER

{N2412229.1}

7