UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE EXPERT OPINION TESTIMONY NOT DISCLOSED IN THE EXPERT'S RULE 26(A) WRITTEN REPORT**

Both the PSC and the United States (the only two parties to respond to BP's motion) profess agreement with the proposition that the opinions offered at trial by expert witnesses be limited to opinions disclosed in their Rule 26 reports. Both then go on to urge the Court to deny BP's motion as unnecessary, but their responses demonstrate why additional guidance is necessary.

As an example of an expert proffering an undisclosed opinion, BP cited to the deposition testimony of PSC expert Greg Perkin, who, on page 787 of his 797-page deposition, that BP's conduct with regard to the BOP was "reckless." The opinion that BP was "reckless" appeared nowhere in Mr. Perkin's report, nor did he manage to reveal it in response to two-days-worth of questioning until a few minutes before the end of his deposition. "Reckless" is not a term to be casually tossed out by an expert under the excuse that it is "consistent" with or "cumulative" of the opinions he did include in his written report. It is a word that carries significant consequences. It is a "new" opinion.[1]

---

[1] It is also objectionable as a legal conclusion. That issue is addressed in a parallel BP motion.

Contrary to the characterization of BP's motion by the PSC in its opposition, BP *does not* seek via this motion to prevent Mr. Perkin from testifying to any of the matters listed in the PSC's brief that *do* appear in his report. BP's concern is essentially limited to the single question and answer that elicited the opinion that BP was "reckless." (PSC Opp. at 3; Perkin Dep. at 786:16 – 787:5)

The response of the United States also contains a different potential misunderstanding of the rule. It notes (U.S. Opp. at 2 n.1) that there may be instances where experts find it necessary to revise or supplement their conclusions on the basis of new information or evidence.[2] BP agrees that this may occur (though hopefully it will not), but strongly urges the Court to make it crystal clear that parties seeking to have their experts expand on their opinions should get permission from the Court *first* based on the new information, and that there be no assumptions to the effect that an expert can testify to new or modified opinions whenever he deems it appropriate so long as he identifies some "new" basis for doing so. Any such changes or supplementation must be still be disclosed in a manner that is faithful to Rule 26 and fair to the parties. It should not happen at the whim of an expert or his counsel while on the witness stand.

What occurred at Mr. Perkins's deposition is precisely the series of events that BP's motion seeks to prevent from recurring at trial: experts adding to the written opinions on the fly and in a context that prejudices the rights of other parties to cross-examine and respond. BP respectfully requests that the Court issue further guidance to the parties making it clear that this should not occur at trial.

---

[2] The United States cites Ronald Crook's statement that he "reserves the right" to amend or supplement his work. While an expert can reserve the right to do this, if allowed, this statement does not trump Rule 26 or the Court's prior rulings, and is in no way a waiver by BP of the rule that experts must not go beyond their written reports.

Dated: January 23, 2012

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

/s/  Don K. Haycraft__