UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig "Deepwater : MDL No. 2179
Horizon" in the Gulf of Mexico, on :
April 20, 2010 : SECTION: J
 :
This Document Relates To: All Actions : JUDGE BARBIER
 : MAGISTRATE JUDGE
……………………………………………... : SHUSHAN

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE
TO BAR FACT OR OPINION TESTIMONY ON ISSUES OF LAW**

All the responses to BP's motion acknowledge that a witness cannot give testimony that amounts to a legal conclusion. Yet somehow, they all manage to conclude that BP's motion should be denied. They reach this result not by taking on BP's arguments head on, but by offering up a series of straw men and red herrings. BP, for example, never sought to exclude "any testimony that references federal regulations." They also do their best to drive uncontroversial legal principles into erroneous, *non-sequitur* conclusions. They repeatedly suggest, for example, that because modern evidentiary standards allow for testimony as to ultimate issues, this somehow permits the introduction of testimony that constitutes inadmissible legal conclusion. In short, the parties' responsive arguments are, in fact, hardly responsive, and otherwise simply incorrect.

As a threshold matter, some of the responses—in particular, Transocean's—urge that the Court hold off on making these determinations until closer to—or during—the trial. *See* TO Response, at 1-2 (Rec. Doc. 5248). While BP recognizes that, as a practical matter, some motions *in limine* may not be ruled on immediately, there is no reason to otherwise defer ruling on BP's motion. The cases Transocean cites on this issue are wholly inapposite, often addressed to abstract motions in small-scale civil and criminal proceedings and, even still, typically contain

1

partial grants of the requested motions *in limine*. *Fair v. Allen*, Civil Action No. 09-2018, 2011 WL 830291, at *1-3 (W.D. La. Mar. 3, 2011) (occurring in context of automobile collision suit and partially granting requested motion *in limine*); *Rivera v. Salazar*, C.A. No. C-04-552, 2008 WL 2966006, at *1-7 (S.D. Tex. July 30, 2008) (occurring in context of section 1983 prisoner litigation and granting portion of requested motions *in limine*); *Brown v. Carr*, C.A. No. C-04-471, 2008 WL 167313, at *1-9 (S.D. Tex. Jan. 16, 2008) (occurring in context of section 1983 prisoner litigation and partially granting requested motion *in limine*); *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164-65 (S.D.N.Y. 2006) (occurring in context of murder-for-hire case); *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F. Supp. 1398, 1400-06 (N.D. Ill. 1993) (occurring in context of land purchase dispute).

Courts managing complex litigation routinely grant pre-trial motions *in limine* (including regarding evidence of inadmissible legal conclusions in testimony), recognizing the significant savings in time and effort that can be achieved by resolving disputed issues sooner rather than later. *See, e.g.*, *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986) ("By addressing these [evidentiary issues] before trial [through motions *in limine*], judge[s] and . . . attorneys may be able to give them more deliberate and careful consideration than if the issues were raised for the first time during trial, and pretrial rulings on critical evidentiary questions permit the trial to be conducted more efficiently and effectively" (quoting 2 Manual for Complex Litigation § 32.33 at 271-72 (1985))); *cf. e.g.*, *In re Paoli Railroad Yard PCB Litigation*, 916 F.2d 829, 859 (3d Cir. 1990) ("[I]n complex litigation such as this, where there are numerous experts presenting voluminous testimony on the cutting edge of scientific research, an *in limine* hearing may be a very useful tool in conducting both the inquiry and the factfinding and balancing . . . .").

Transocean's parallel argument that the Court should wait because "[e]vidence should not be excluded in limine [sic] unless it is clearly inadmissible on all potential grounds[,]" TO Response at 1, is similarly misplaced. Fifth Circuit courts have shown no hesitancy to order testimony amounting to legal conclusions excluded from trial proceedings. *See* BP Memo at 1 (string citing cases for exact proposition) (Rec. Doc. 5618). The contrary suggestion that the Court must first affirmatively consider "all potential grounds" before ordering evidence excluded contradicts both case law and routine practice.

The parties' responses fare no better on the merits. Generally speaking, they rest upon two fundamental errors, each of which takes a sound legal principle and attempts to turn it into an argument against a position that BP never took.

*First*, all three responses emphasize how testimony, whether lay or expert, going to an "ultimate issue" or "ultimate fact" in a case may still be admissible. *See* TO Response at 3-4; U.S. Response at 3 (Rec. Doc. 5231); PSC Response at 2, 4 (Rec. Doc. 5254). By themselves, these discussions are black-letter, hornbook style recitations of basic evidentiary principles—principles which BP never challenged or even wasted words on in its original motion *in limine*. The error comes as the parties go on to suggest that this means that witnesses may testify to legal conclusions. *See, e.g.*, TO Response, at 3-4. ***Not so***. Courts in this circuit have gone to great lengths to emphasize that the potential admissibility of testimony on matters of ultimate fact in no way alters the bright-line inadmissibility of testimony amounting to legal conclusions. Legal-conclusion testimony remains inadmissible, regardless of its potential connection to any issue of ultimate fact. See, *e.g.*, *United States v. Rich*, 145 Fed. App'x 486, 488 (5th Cir. 2005) (finding that lower court "plainly erred in permitting . . . testimony[]" which involved "legal conclusions as to ultimate issues[]" since "Rule 704(a) 'does not allow a witness to give legal conclusions"

3

(quoting *United States v. Izydore*, 167 F.3d 213, 218 (5th Cir. 1999)); *United States v. Hayes*, 118 Fed. App'x 856, 857 (5th Cir. 2004) ("'[T]estimony in the form of an opinion or inference . . . is not objectionable because it embraces an ultimate issue . . .'" but "a witness [still] may not offer legal conclusions[]" (quoting Fed. R. Evid. 704(a))).

*Second*, particularly in the response of the United States, the point is made—multiple times—that factual testimony regarding law-related issues (such as the operation of regulations) is permissibly admitted, subject to the usual requirements such as relevance and a witness qualified to so testify either by expertise or personal observation. U.S. Response at 2, 5-6. This is true. Indeed, this very point was acknowledged by BP in its original motion *in limine*, which supplied direct case law in support of the proposition.

But the United States goes on to make the plainly erroneous assertion that BP seeks to exclude "any testimony that references federal regulations." *Id.* at 1. It goes on to suggest that a ruling excluding legally conclusive testimony (including testimony by MMS/BOEMRE personnel) would fundamentally betray the above-described principle—the equivalent of a requirement that all offshore personnel "would have to be attorneys to understand and adhere to the mandatory requirements of federal law that govern their actions." *Id.* at 2.

This is nonsense. There is a clear difference between testimony regarding the factual aspects of regulations in the oil and gas industry – which does not amount to a legal conclusion and thus may be admissible (assuming relevance, foundation, etc), and testimony where a witness opines on the legal interpretation of a regulation, or applies his understand of the law to the facts and concludes there was a regulatory violation. This is quintessential legal-conclusion testimony, and it must be excluded.

4

There remains a scattershot of other arguments not central to the parties' responses, none of which warrant a rejection of BP's straightforward request.  Chief among these is responding parties' odd reliance on dictionary-based responses to evidence in BP's original motion of various testimonies containing naked legal conclusions (*e.g.*, testimony that conduct was not "reckless" or not "negligent").  To the extent responding parties' position on this point is that "words can have different meanings," this is certainly true – as far as it goes.  But there is no case law to suggest that the appropriate response to a challenge of inadmissibility in this area is to resort to dueling dictionary definitions.  Rather, sensibly, when faced with these issues, courts will consider the *context* of the questioning which elicited the response.  In each of the instances identified by BP in its original motion, the legal language was either encouraged through questioning by counsel or else offered up by a hostile expert with the readily apparent purpose of attempting to prove that BP had certain legal responsibilities, violated a regulation, or should be held liable.  Regardless of what theoretical other meanings such words might have in other contexts, they have no place at a trial where the same parties that sponsored this testimony are asking the Court to draw similar conclusions.

## CONCLUSION

BP respectfully requests that the Court enter an Order making clear that testimony (either live or by designation) amounting to legal conclusions shall be excluded from these proceedings.

Dated:  January 23, 2012                                  Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square

5

        701 Poydras Street, Suite 5000
        New Orleans, Louisiana 70139-5099
        Telephone: (504) 581-7979
        Facsimile: (504) 556-4108

        and

        Richard C. Godfrey, P.C.
        (richard.godfrey@kirkland.com)
        J. Andrew Langan, P.C.
        (andrew.langan@kirkland.com)
        Timothy A. Duffy, P.C.
        (tim.duffy@kirkland.com)
        Kirkland & Ellis LLP
        300 North LaSalle Street
        Chicago, IL 60654
        Telephone: (312) 862-2000
        Facsimile: (312) 862-2200

        and

        Robert C. "Mike" Brock
        (mbrock@cov.com)
        Covington & Burling LLP
        1201 Pennsylvania Avenue, NW
        Washington, DC 20004-2401
        Telephone: (202) 662-5985

        *Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

/s/  Don K. Haycraft__