# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE |
| …………………………………………….. | : | SHUSHAN |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE
TO EXCLUDE PHASE II EVIDENCE FROM PHASE I OF THE TRIAL**

As BP explained in its opening brief, both the letter and spirit of Pre-Trial Order 41 (Doc. No. 4033) are clear:  The Phase I trial should focus exclusively on "loss of well control at the Macondo Well, the ensuing fire and explosion on the MODU DEEPWATER HORIZON on April 20, 2010, and the sinking of the MODU DEEPWATER HORIZON on April 22, 2010, and the initiation of the release of oil from the Macondo Well or DEEPWATER HORIZON during those time periods."  PTO 41 at 2.  Consistent with the trial structure crafted by the Court, in PTO 41, BP moved to exclude evidence that relates to Phase II, specifically noting that the topic of spill preparedness should not be litigated during Phase I of the trial.  Nothing that the PSC or the United States has said in oppositions warrant any different view, and the Court should therefore grant BP's motion.

**I.     Evidence Relating to BP's Spill Preparedness Is Irrelevant to the Incident and Its
Causes, and Under PTO 41 Is Plainly Inadmissible in the Phase I Trial.**

Under the terms of PTO 41, BP's preparedness for what it might do *after* a spill occurred is clearly a Phase II issue, as it has nothing to do with the Incident or its causes.  Judge Shushan recently confirmed this common-sense point:

| | |
|---|---|
| MR. LANGAN: | [T]here might be a more fundamental issue, which is the need for clarity on whether preparedness, spill preparedness, is a Phase Two issue.  We clearly think it is. |
| THE COURT: | *I clearly think it is, too*. |
| | * * * |
| THE COURT: | . . . It seems to me that the claim of unpreparedness to cap the well goes to your Phase Two claim, which is why weren't you ready to cap it when you have an uncontrolled flow. |

(Jan. 6, 2012 Tr. at 36:17-37:9 (emphasis added)).   Notwithstanding this common-sense conclusion, the PSC and the government now ask the Court to expand the scope of the Phase I trial.  Their arguments, however, do not withstand scrutiny.

### A.   Evidence is not admissible in Phase I simply because it is offered to prove gross negligence or willful misconduct.

Despite the directive of PTO 41 that the Phase I trial will focus exclusively on the Incident and its causes, both the PSC and the United States contend that any evidence offered to prove BP's gross negligence or willful misconduct, in any area, is admissible in Phase I.  *See, e.g.*, US Mem. at 7 (contending that evidence of BP's alleged negligence in spill preparedness "can properly be considered as part of the chain of circumstances" that caused the blowout); PSC Mem. at 7 (contending that evidence of BP's alleged negligence in its spill preparedness is at least circumstantially "relevant to BP's gross negligence, recklessness, wanton and/or willful misconduct in allowing the blowout to occur in the first place").

This argument is a red herring.  To be sure, PTO 41 makes clear that the trial — in all of its phases — will address the "the negligence, gross negligence, or other bases of liability" of the various parties.  PTO 41 at 1.  Immediately after this language, however, the Order lays out a detailed plan for divvying up the myriad factual issues that are contested in this complex litigation among at least three different phases of trial.  *See id.*  Merely stating that evidence is

probative of BP's gross negligence or willful misconduct does not mean that it is probative of BP's conduct with respect to the issues to be tried in Phase I.

Indeed, taken to its logical conclusion, this argument would destroy the orderly progression set out by the Court with considerable input of the parties.  If evidence of BP's alleged negligence as to its spill preparedness is somehow probative of its alleged negligence in permitting the blowout to occur (and thus admissible in Phase I), then the same logic would apply to allow the admission of evidence regarding BP's preparedness for Phase III issues like shoreline cleanup or skimming operations.  In short, any aspect of BP's conduct related to the Incident could be introduced.  At bottom, the outcome proposed by the PSC and the United States would gut the detailed mandates of PTO 41.  The Court should reject this gambit.

**B.      Contrary to the PSC's "recollection and understanding," PTO 41 created a phased trial, not just phased discovery.**

In its opposition brief, the PSC contends that "it is Plaintiffs' recollection and understanding that the phasing of the trial was primarily an attempt to efficiently and effectively manage the massive amounts of discovery in a way that would not interfere with the commencement of the trial."  PSC Mem. at 6.  Thus, the PSC implies, while PTO 41 creates a managed, phased discovery process, the initial trial remains a free-for-all.[1]

Regardless of what the PSC's "recollection and understanding" might be, its argument fails as a matter of both law and common sense.  As a matter of law, PTO 41 was emphatically clear that it was creating *trial* phases governing the introduction of evidence:

> The Trial will be conducted in at least three phases.  Each phase will be comprised of the presentation of evidence and consideration of attendant legal questions pertaining to specific issues that will be the focus of that phase as

---

[1] Demonstrating their intent, even the PSC's revised deposition summaries continue to interject Phase II issues, such as a section in Andrew Frazelle's summary entitled "BP Did Not Adequately Prepare for Deepwater Blowout."  *See* Dkt. 5302-4.

3

described below. . . . All parties shall present evidence relevant to a particular Phase during that phase . . . .

PTO 41 at 1-2, 4.  The PSC's argument also fails as a matter of common sense, as parties obviously should not try issues on which discovery is not yet complete.  *See infra* Part II.

> **C.     Contrary to the contention of the United States, evidence of spill preparedness should not be admitted in the Phase I trial under PTO 41's "efficiency" clause.**

In its brief, the United States suggests that it should be permitted to offer evidence relevant to BP's spill preparedness in Phase I because PTO 41 provides that:

> [T]here may be circumstances in which it is appropriate to present evidence in one phase that is relevant to another phase — such as, but not limited to, where the evidence is relevant to more than one phase or where efficiency is best served by permitting evidence to be admitted in more than one phase.

PTO 41 at 4.

The government overreads this limited provision, as PTO 41 also makes clear that "parties shall present evidence relevant to a particular Phase during that Phase."  *Id.*  PTO 41 contemplates only two narrow exceptions to this rule:  (1) evidence may be admitted if relevant to more than one phase, and (2) evidence that may be admitted, even though it is only relevant to a subsequent phase, if efficiency is best served by this process.  Neither exception supports the fundamental revision of the trial plan that the government seeks.

BP has no objection to the introduction of evidence that is properly considered relevant to multiple phases, but evidence pertaining to spill preparedness, which — as Judge Shushan has said — is plainly only relevant to Phase II and has not been the subject of full discovery.  As for the second exception, where there are live witnesses testifying to Phase I issues, BP concedes that PTO 41 contemplates that efficiency might be served by permitting these witnesses to testify only once, on all topics – albeit with the clear understand that such testimony is being taken solely for the purpose of being considered in a subsequent phase of the trial.  *See* Nov. 18, 2011

4

Tr. before MJ Shushan at 89:16-19 (PSC: "The efficiency that he was talking about is we're not going to call people back during Phase Two if we can deal with them in Phase One."). What BP opposes is the gratuitous introduction evidence in an attempt to obtain a ruling on a Phase II issue based an incomplete record in Phase I.

## II.     Litigating BP's Gross Negligence or Willful Misconduct With Respect to Spill Preparedness Will Dramatically Prejudice BP in the Initial Trial and Invite Legal Error.

In addition to the fact that forcing BP to litigate the sufficiency of its spill preparedness in Phase I is contrary to the plain terms of PTO 41, such a ruling would also both dramatically prejudice BP and invite the Court to commit legal error.

*Prejudice:*  As BP explained in its opening brief, BP has acted in good-faith reliance on the phased process created by PTO 41. It has therefore not yet completed the fact and expert discovery that will definitively show that BP's spill preparedness complied with industry and regulatory standards. *See* BP Mem. at 4. Indeed, this industry-wide evidence rebuts the government's stated desire to use selective spill preparedness evidence in Phase I to show "reckless disregard." Permitting a Phase I ambush of BP on a partial record before an adequate record is developed on Phase II issues dramatically prejudices BP.

*Error:*  It is impossible, as a matter of law, to evaluate the sufficiency of BP's spill preparedness without considering what actually happened during the response. As the Fifth Circuit has said, there is no such thing as "[p]roof of negligence in the air." *Holtzclaw v. DSC Comm'cns Corp.*, 255 F.3d 254, 261 n.5 (5th Cir. 2001) (quoting *Palsgraf v. Long Island R. Co.*, 162 N.E. 99, 99 (N.Y. 1928) (Palsgraf, J.)). Without demonstrating that the alleged flaws in BP's spill preparedness actually affected the spill response, the government and the PSC cannot demonstrate that BP's spill preparedness (or "state of mind") was negligent. What actually happened during the spill response, however, is by all accounts a subject for the Phase II trial.

5

## Conclusion

BP respectfully requests that the Court enter an Order precluding the introduction of evidence related to Phase II issues, including a party's preparations for and ability to respond to a spill, during the Phase I trial.

Dated: January 23, 2012

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration &*
*Production Inc. & BP America Production*
*Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23th day of January, 2012.

/s/  Don K. Haycraft__