UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : : | JUDGE BARBIER<br>MAGISTRATE JUDGE<br>SHUSHAN |
| …………………………………………………... | : | |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE
TO EXCLUDE NON-FACTUAL FACT WITNESS TESTIMONY**

The responses to BP's motion spend most of their time trying to convince the Court to not take up the issue at all. Halliburton in particular argues for delay on any rulings that would provide the parties with substantive guidance on these important evidentiary issues. It argues, for example, that the appropriate vehicle to address BP's concerns is through the parties' objection to deposition designation, or, failing that, that the sensible approach would be to simply delay addressing any of these issues until the testimony is actually offered at trial. HESI Response at 1-2. This approach is misguided. BP's legitimate concerns are fundamentally broader than the mere permissibility of certain deposition designations. Multiple parties on numerous occasions have used fact witnesses to elicit impermissible opinions, polluting the pretrial record and previewing the tactics that will inevitably be on display at trial absent guidance from the Court. The very purpose of bringing this motion was to avoid bogging down the proceedings at trial with objections and disputes that can easily be resolved on a broader basis now. *See*, *e.g.*, *Palmerin v. City of Riverside*, 794 F.2d 1409, 1413 (9th Cir. 1986) (quoting 2 Manual for Complex Litigation § 32.23 at 271-72 (1985)); *International Graphics*, *Division of Moore Business Forms, Inc. v. United States*, 5 Cl. Ct. 100, 104 (1984); *cf. e.g.*, *In re Paoli Railroad Yard PCB Litigation*, 916 F.2d 829, 859 (3d Cir. 1990).

1

BP realizes (though perhaps the other parties do not) that it would be impossible for the Court to address the myriad of individual objections pending with it as a result of the deposition designation process. What the Court can do, however – as it has already done with, for example, its ruling on the motion concerning e-mail strings – is offer guidance that the parties can then use to resolve their objections among themselves, hopefully reducing the occasions requiring the Court's direct attention to a more manageable number of discrete issues.

Transocean raises a separate (but similarly inappropriate) threshold concern, suggesting in its response that, because the MDL will proceed as a bench rather than jury trial, BP's concerns are somehow unwarranted, or at least substantially diminished. TO Response at 2-3. Transocean couples this general position with the odd suggestion that the issue which motivates exclusionary rulings in this area is jury confusion, which would obviously not be relevant in bench proceedings. *Id.* This is simply incorrect. There is nothing in Rule 701 to indicate that its applicability is tied to either the presence of a jury or the danger of jury confusion. Simply because, in bench trials, *one* of the many concerns engendered by non-factual fact testimony (confusion) may be diminished does not obviate the need to enforce the Rule. In fact, quite the opposite is true: judges presiding over bench trials have routinely discarded non-factual fact witness testimony as in violation of the basic precepts of Rule 701. *See, e.g.*, *Keller v. United States*, 38 F.3d 16, 31 (1st Cir. 1994) (supporting lower court judge's rejection of opinion testimony under Rule 701 in a bench trial and recognizing that, if anything, a judge's role in evaluating Rule 701 questions in a bench trial increases relative to role in a non-bench trial).

Substantively, the responding parties' arguments against the grant of BP's requested motion inconsistently suggest that either: (1) the sort of testimony BP referenced by way of example in its original motion does not constitute lay opinion testimony and thus is not subject to

Rule 701's requirements or else (2) that same sort of testimony clearly qualifies as a lay opinion and easily satisfies the requirements of Rule 701.  Both arguments fall flat.

Both Transocean and the PSC suggest that, in fact, the sort of testimony to which BP objects as inadmissible, non-factual fact testimony under Rule 701 is, in fact, straightforward non-opinion, factual witness testimony, and is thus neither subject to the requirements of Rule 701 nor inadmissible for failure to satisfy those requirements.  TO Response at 1-5; PSC Response at 1-5.  Transocean suggests that BP merely "assumes" that the sort of testimony evidenced in its original motion qualifies as lay opinion testimony without making a showing that such testimony is, in fact, opinion at all.  TO Response at 2.  This position betrays a fundamental misunderstanding as to the appropriate order of evidentiary proofs.  BP's opening motion uses direct examples of transcript testimony to demonstrate lay opinion testimony masquerading as factual statements.  Of course, it is for the Court to make an ultimate determination.  But Transocean's criticism that BP "assumes" the testimony is improper is simply a way to dodge the argument while offering no actual counter to BP's explanation that the testimony, on its face, lacks any appropriate foundation.

When Transocean (joined in argument by the PSC) does finally affirmatively suggest why Rule 701 is inapplicable, it does so unconvincingly.  Namely, both Transocean and the PSC assert that various fact witness's negative (*i.e.*, "no") responses to questioning do not amount to lay opinion, even where those responses are elicited from:  (1) questioning on matters well beyond the witness' realm of personal observation or (2) a forced review (on the insistence of counsel) of documents (such as e-mail) never before encountered.  This is erroneous.  Case law clearly shows that courts will regard negative answers and appraisals as falling under the rubric of opinion testimony.  *See, e.g.*, *United States v. Stadtmauer*, 620 F.3d 238, 262-63 (3d Cir.

2010) ("Rule [701] is . . . designed to exclude lay opinion testimony that amount[s] to little more than choosing up sides," and "[l]ay testimony in the form of an opinion about what a defendant did or did not know often comes dangerously close to doing just this[ and is, accordingly] . . . [the] kind of evidence [that is] difficult to admit under either prong of Rule 701" (internal quotation marks omitted) (citing Fed. R. Evid. 701 Advisory Committee Notes)); *cf., e.g.*, *United States v. Carrillo-Morones*, 564 F. Supp. 2d 707, 711 (W.D. Tex. 2008) ("[A]ny testimony rendering an opinion formed as a result of facts and circumstances about which [the testifying individual] lacks personal knowledge constitutes expert testimony under Rule 702.").

Halliburton, Transocean and the United States all attempt to argue that, in the event Rule 701 does apply, its requirements have been satisfied.  They suggest that because fact witnesses are permitted to testify on matters related to their own personal experience and observation—even where such matters convey some degree of expertise or special knowledge—this somehow insulates parties from the charge that they have crossed the line and generated inadmissible non-factual testimony.  HESI Response at 2; TO Response at 5-7; *see* US Response at 2-4.  This argument fails to address BP's allegations.  The responding parties' own case law discusses, for example, business persons being permitted to testify as lay witnesses as to their personal knowledge of business matters like valuation.  *E.g.*, HESI Response at 2 (discussing *Texas A&M*, 338 F.3d at 403 & n.12)).  But this is not a case of a business man discussing valuations, but rather fact witnesses speculating on the conduct of other firms' employees based on cold reads of e-mails and documents they had never seen before.  Such testimony falls squarely within the class of testimony prohibited under Rule 701, *see, e.g.*, *United States v. Riddle*, 103 F.3d 423, 429 (5th Cir. 1997), and the responding parties have failed to cite to a single case suggesting to the contrary.

Halliburton makes an additional argument suggesting that BP has failed to provide a basis for preclusion. In so arguing, Halliburton points to case law setting out a multi-factor test for determining whether preclusion is appropriately granted. HESI Response at 2. Halliburton's argument on this point misapprehends its own precedents. It is true that, in instances where a party fails to appropriately identify opinion testimony (*e.g.*, by failing to provide notice to opposing parties), the opposing party must make a showing of the sort set out in *Texas A&M Research Foundation v. Magna Transp., Inc.*, 338 F.3d 394, 403 & n.12 (5th Cir. 2003), to preclude the testimony. But Halliburton surely cannot be suggesting that these witnesses are, in fact, undisclosed experts. The issue is fact witnesses offering lay opinions outside the scope of their own personal knowledge, and Rule 701, and Halliburton cites no case for the position that the showing discussed in *Texas A&M* is applicable here.

## CONCLUSION

BP respectfully requests that the Court enter an order precluding non-factual fact witness testimony as identified in BP's motion.

Dated:  January 23, 2012                                      Respectfully submitted,


/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

/s/ Don K. Haycraft__