UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE THE USE OF DESIGNATIONS OF TRIAL DEPOSITIONS FROM TESTIMONY ARISING FROM IMPROPER AND OBJECTIONABLE QUESTIONING**

BP has asked the Court to exclude deposition designations (in particular of Mr. Tony Hayward's testimony) arising from: (1) bad faith questions and harassment; and (2) questions seeking legal conclusion as to BP's responsibilities aboard the *Deepwater Horizon*.[1] BP supported each argument with an exhibit specifically identifying the improper designations.[2] In response, the PSC has argued: (1) the questioning of Tony Hayward was fully supported by the record and thus not objectionable; (2) Hayward was not asked to testify about improper legal conclusions and his lay testimony is appropriate to establish a BP's responsibilities to its customers, the public, the environment, and third parties; and (3) BP waived its objections by not halting the deposition as the questions were asked. The United States made a similar argument to the PSC's second argument, stating that testimony that "embraces an ultimate issue" is admissible under Federal Rule of Evidence 704.

---

[1] BP objected to these questions at deposition and filed objections to the designations as the submitted to the Court. BP did not instruct any witnesses not to answer these questions, nor did it halt the depositions pursuant to Federal Rule of Civil Procedure 30(d)(3). The BP witnesses cooperated and answered the questions. Trial testimony, however, is a different matter, and the BP seeks to preclude the introduction of this testimony via deposition designations.

[2] *See* Exhibits A and B to BP's Memorandum in Support of its Motion in Limine to Preclude the Use of Designations of Trial Depositions from Testimony Arising from Improper and Objectionable Questioning.

These arguments are flawed.  *First*, the record shows that the PSC constantly harassed Hayward throughout the deposition, asking him the same question repeatedly until it received an answer it could manipulate for its own benefit.  *Second*, the PSC posed questions about BP's responsibilities that clearly and improperly sought legal conclusions.  *Third*, BP did not halt the deposition because of the unique circumstances and practicalities of this litigation.

## ARGUMENT

### I. The Examples Raised By the PSC Illustrate the Types of Bad Faith and Harassing Questions BP Seeks to Exclude.

Contrary to the PSC's response, the deposition designations BP sought to exclude pursuant to Exhibit A involved bad faith questions and harassment.  The policies underlying the Federal Rules of Civil Procedure clearly weigh against allowing an examiner to benefit from such conduct at depositions.  *See* Fed. R. Civ. P. 26(c)(1) (empowering the court to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *see also* Fed. R. Civ. P. 30(d)(3) (allowing a party to termination or limit a deposition at any time "on the ground that it is being conducted in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party").

The PSC argues that the questions posed to Hayward were clearly supported by the record and thus, by definition, not made in bad faith or harassing.  But the same examples the PSC uses to support its Response clearly show otherwise.  Take the line of questioning that led to Hayward's *alleged* concession that he did not conduct a "full and comprehensive" investigation into the *Deepwater Horizon* incident.  The PSC first tried in vain to get Mr. Hayward to admit that he did not actually conduct a "full and comprehensive" investigation -- as it defined those

terms – on page 27 of the deposition.[3]  *See* Hayward Dep. at 27:7-12.  After not receiving the answer it desired, the PSC asked the same question, or a slight variation thereof, ***more than ten times*** before finally receiving the answer it quoted in its Response, at the bottom of page 38.[4]  *See e.g.*, T. Hayward Dep. at 31:13-15; 31:23-25; 33:20-24; 34:5-10; 34: 15-18; 35:7-10; 35:24-36:4; 36:14-18; 37:3-7; 37:11-15; 37:25-38:3; 38:11-13.

This example, which the PSC ironically cites in its favor, shows how far the PSC went in asking improper questions.  The question for the court is not whether the PSC was justified in asking these questions based on the record.  The question is whether the court wants to waste time and expense trying to walk through labyrinths of objections to improper questions at trial.  BP submits that allowing such designations at trial would only reward the PSC for misconduct and encourage improper questioning in future depositions.  Therefore, BP argues that the Court should exclude deposition designations arising from improper questioning.

**II.     Mr. Hayward Was Improperly Asked Questions Seeking Legal Conclusions.**

It is beyond dispute that the PSC asked Mr. Hayward to give legal conclusions during his deposition.  Designations arising from such questioning should be excluded.  The Federal Rules of Evidence and Fifth Circuit case law clearly prohibit lay witnesses from giving legal conclusions.  *See* Fed. R. Evid. 704; *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983); *see also Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) *cert. denied,* 130 S. Ct. 1143, 175 L. Ed. 2d 973 (United States 2010) and *cert. denied,* 130 S. Ct. 1146, 175 L. Ed. 2d 973 (United States 2010) (holding a witness "may never render conclusions of law" or "go

---

[3] The PSC tried to gain this admission in a failed attempt to impeach Mr. Hayward and show he lied when he testified before Congress that BP conducted a "full and comprehensive" investigation after the incident.

[4] Ultimately, Mr. Hayward gave the same answer throughout the questioning – specifically, that "[BP] conducted a full investigation into the cause of the accident" and that this answer was consistent with his testimony before the Congressional committee.  Hayward Dep. at 38:22-23.

beyond the scope of his expertise in giving his opinion"). The PSC and United States, however, argue that these questions were not improper because they were not phrased in terms of "inadequately explored legal terms." The PSC argues, for example, that the word "responsibility" is a not a legal term and, even if it is, "is not so complex or shaded with subtle meaning as to go beyond the understanding of the average person."

First, the notion that questions about BP's responsibilities do not seek legal conclusions is ludicrous. The purpose of Phase I of this trial is to determine fault in the *Deepwater Horizon* incident. A large part of these determinations depend upon which party was responsible under various contracts for key issues such as the seaworthiness of the vessel, the safety of the crew, and well control. So to ask Mr. Hayward, for example, whether "BP bore any responsibility, operation or otherwise, for the performance of this blowout preventer," clearly seeks legal conclusions about BP's responsibilities under that contract. *See* Hayward Dep. at 249:3-6. Perhaps more egregiously, the PSC asked Mr. Hayward whether BP bears responsibility under specific regulations. *See, e.g.*, Hayward Dep. at 33:5-11 ("And if the driller and toolpusher weren't properly trained and competent to interpret of a negative – interpret a negative test in this situation, would you agree with me that BP bears some responsibility for that under – this regulation?"). Such questions clearly and improperly seek legal conclusions from a lay witness.

Second, both the PSC and United States rely upon *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 435 (5th Cir. 2006), to support their argument that even if questions about responsibility seek legal conclusions, they are not improper because they were not phrased in terms of "inadequately explored legal terms." But *Brazos* is clearly distinguishable from this case because it involved a 30(b)(6) corporate representative. The *Brazos* court reasoned that because the deponent was a corporate representative, he should have been allowed to testify

4

about information "within the corporate knowledge of [his] organization." *Id.* at 434. Even so, the court cautioned that "in testifying as to matters within [the company]'s corporate knowledge or subjective beliefs, the [corporate representative] cannot make comments that would otherwise require expert qualifications." *Id.* at 434-35. The United States and PSC ignored these points and merely emphasized the last part of the Court's holding:

> Where a designated corporate representative is asked to restate or read parts of a contract as a background or foundation for the question whether the corporation performed under the contract, such testimony is permissible, because it does not interpret the contract, but relates to the corporation's performance under the contract (*i.e.* whether a breach occurred), which is an ultimate issue for the jury and to which a witness can testify under rule 704(a), provided he does not phrase his opinion in inadequately explored legal terms.

Brazos River Auth. v. GE Ionics, Inc., 469 F.3d 416, 435 (5th Cir. 2006).

Mr. Hayward was not a corporate representative asked to recited facts for the record. *Brazos* is thus inapplicable here. There is no precedent for allowing such questions provided they are not phrased in "inadequately explored legal terms." Rather, questions seeking legal opinions from lay witnesses are improper under the Federal Rules and Fifth Circuit precedent. Therefore, the court should exclude any designations arising from such questions.

**III.    BP did not waive any objections when it did not instruct the witness not to answer these questions and did not halt the deposition pursuant to Federal Rule of Civil Procedure 30(d)(3).**

BP did not waive any objections when it did not instruct Mr. Hayward not to answer these improper questions at trial or halt the deposition pursuant to Federal Rule of Civil Procedure 30(d)(3). PTO #17 makes clear that all objects, except as to form and privilege, are reserved, and prohibits counsel from instructing a witness not to answer questions on the grounds it is irrelevant or misleading. PTO #17 (¶¶ I.1, I.5). And while it allows a party to terminate or limit a deposition, it certainly does not require such a motion. *See also Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A.*, 657 F.2d 890, 903 (7th Cir. 1981).

5

Dated: January 23, 2012                                   Respectfully submitted,

/s / Don K. Haycraft.

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

6

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

/s/  Don K. Haycraft__