UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions ……………………………………………….. | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION IN LIMINE TO BAR EVIDENCE REGARDING
ITS RECRUITMENT AND PROMOTION STRATEGIES**

BP's motion seeks to bar evidence of highly sensitive internal recruitment and promotion strategies and information as revealed through a small excerpt from Sir William Castell's journal and from his exposition on that journal entry during his deposition. Nothing in the responses filed by the PSC or the United States establishes that these materials are relevant, nor do they rebut BP's claims as to the confidentiality and commercial sensitivity of the information.

Two threshold matters, both introduced by the PSC, can be addressed quickly. *First*, the PSC spends nearly three pages of its response batting against shadows as it argues that the document at issue has "already [been] produced" and that BP has "made no attempt to claw back its production." PSC Response at 3. BP makes no claim this document is privileged, only that it is irrelevant and, because of its sensitive nature (in combination with the associated testimony), that it should not be used at trial. *Second*, the PSC trots out the now-tired argument that, because this is a bench trial, Rule 403 does not apply. As BP has noted elsewhere, even though concerns of prejudice may be diminished in bench proceedings, they do not disappear, and, moreover, there is nothing in the case law to suggest that the many other factors enumerated in Rule 403 cease to apply – or even apply with diminished force – in a bench trial.

Turning to substance, both the PSC and the United States attempt to nonchalantly brush aside the suggestion that the subject matter of Sir William's testimony concerns anything other than mundane, run-of-the-mill facts. This is clearly not the case. On its face, the testimony reveals how BP intended to find, hire, and promote key management personnel. BP's litigation adversaries may not view this as sensitive information, but, frankly, that determination is beyond both their knowledge and expertise. And regardless, these characterizations are of no help to the argument that any of this information is relevant.

The United States suggests that this testimony is relevant because Sir William had a "position" on BP's Safety, Ethics, and Environment Assurance Committee ("SEEAC"). U.S. Response at 2. It is true that Sir William is a member of SEEAC, but this argument proves too much. Are any questions posed to Sir William made relevant because he sits on SEEAC? Surely not. More to the point, Sir William is also BP's senior non-executive director – another "position" that encompasses significant corporate governance and business-related responsibilities. It was precisely in the execution of those responsibilities that Sir William had his meeting with Paul Anderson, and it was in that role that Sir William was able to provide the sensitive, business-oriented information during his deposition. As the plain text of the testimony reveals, it speaks strictly to business-related issues of hiring and recruitment. There is no discussion of safety.

The same is true of the responding parties' description of the exhibit at issue. As Sir William himself expounded at length in the very testimony now in dispute, the portion of the exhibit in question had nothing to do with safety culture or process safety, and was in no way an expression of concern regarding safety - or any other relevant - issue at the Company. In other words, the precise "context" – knowledge of which the responding parties argue is required to

2

make a proper evidentiary determination – clearly shows that the document is irrelevant.  The record admits of but this one conclusion, counsels' ruminations notwithstanding.  This is all the more apparent in light of the fact that Sir William was questioned and did testify extensively on safety issues.  Whatever relevance his testimony has to safety issues is to be found in this unrelated testimony, not within his testimony about the company's personnel decisions.

Finally, both the PSC and the United States conveniently ignore BP's point on the cumulativeness of the testimony at issue and the accompanying exhibit.  As both the case law and a plain application of Rule 403 makes clear, even if – contrary to fact – one imagines this information of some marginal relevance, it should still be excluded on the grounds that it is likely to cause confusion and undue prejudice to BP.

## CONCLUSION

For these reasons, BP respectfully requests that the Court enter an Order excluding the first entry on Deposition Exhibit # 6254 and the associated testimony of Sir William Castell divulging sensitive business information, Castell Dep. Tr. 230:12 - 234:17, from evidence at trial.

Dated:  January 23, 2012				Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

3

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

/s/  Don K. Haycraft__