**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE |
| …………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE THE
USE OF EXTRINSIC EVIDENCE TO INTERPRET INDEMNITIES**

The disputes between BP and certain co-defendants concerning indemnity are governed by unambiguous contracts and clear legal principles.   Under well-settled maritime case law, extrinsic evidence cannot be used to interpret unambiguous indemnities.   Maritime courts have excluded all forms of extrinsic evidence where the indemnities at issue were plain and unambiguous.   No party here has argued that the indemnities are ambiguous.   Indeed Transocean has argued just the opposite.   This legal principle is particularly applicable here because of the merger clauses in the parties' contracts, which evidences an express agreement that extrinsic evidence should not be used to interpret the indemnities.   Nor is extrinsic evidence relevant to deciding the pure legal questions of whether maritime public policy prohibits indemnification for certain conduct or costs, or whether the co-defendants' conduct discharges any indemnity obligations.   Moreover, the upcoming Phase I trial already involves voluminous evidence concerning the loss of well control, fires, and explosions on the *Deepwater Horizon* (as well as other issues), and irrelevant alleged evidence concerning indemnities can only serve to further complicate and prolong the presentation of evidence to the Court.   The Court should therefore bar the use of any extrinsic evidence to interpret contractual indemnities at trial.

## BACKGROUND

The indemnity disputes between BP and Transocean and Halliburton have been fully briefed and argued and are pending before this Court.  *E.g.*, Dkt. Nos.  4477, 4767, 4826, 4840, 4862, 4867, 4932, 4977, 5050, 5052.  These questions involve pure questions of law, such as whether maritime law allows a party to be indemnified for its own gross negligence or punitive damages, as well as the interpretation of the contractual indemnities.  No party has claimed that the indemnities in the contracts are ambiguous.  Indeed, Transocean expressly claimed that the indemnities in its Drilling Contract were "clear and unambiguous" such that "contract interpretation is a question of law."  Dkt. No. 4477-1, Mem. in Supp. of Transocean's Mot. for Partial Summ. J. against BP re Indemnities ("TO Memo") at 13.

Despite claiming that its indemnities are clear and unambiguous, Transocean apparently seeks to introduce extrinsic evidence to interpret its alleged indemnities with BP America Production Company ("BPAP").  Transocean has included such extrinsic evidence in its trial exhibit list, a number of which have been listed in Exhibit A attached to this motion.  This putative extrinsic evidence includes settlements, other BP contracts, model contracts, and supposed evidence concerning industry practice and trade usage.  *See also* TO Memo at 5-7 (relying on putative extrinsic evidence to argue that BPAP must indemnify Transocean).  Federal maritime law strictly prohibits the use of such extrinsic evidence to interpret indemnities involving unambiguous contracts and questions of law.

## ARGUMENT

## I.   THE COURT SHOULD EXCLUDE THE USE OF ANY EXTRINSIC EVIDENCE TO INTERPRET INDEMNITIES.

A "contract of indemnity . . . should not be read to impose liability for those losses or liabilities which are neither expressly within its terms nor of such a character that it can be

reasonably inferred that the parties intended to include them within the indemnity coverage." *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 333 (5th Cir. 1981).  Under maritime law, "a court may not look beyond the written language of the document to determine the intent of the parties unless the disputed contract provision is ambiguous."  *Id.* at 332-33.

In the seminal case on this issue, *Corbitt v. Diamond M. Drilling Co.*, an oil company hired an independent contractor to furnish personnel, equipment, and supplies for casing services as required by the oil company.  *Id.* at 331.  One of the contractor's employees was injured during the operation and sued.  *Id.*  After settling with the employee, the oil company sought indemnification from the contractor pursuant to their contract.  *Id.*  The district court granted the contractor's motion to dismiss the action, concluding that the "language of the indemnity agreement" did not require indemnification.  *Id.*

On appeal, the oil company argued that the district court should not have granted summary judgment without first considering extrinsic evidence showing that the two parties intended for the contract to give the oil company a right of indemnification.  *Id.* at 332.  But the Fifth Circuit affirmed, holding that because the contract was clear and unambiguous, the court "properly refused to consider parol evidence of the parties' intentions."  *Id.* at 333.  Numerous other decisions have followed the rule in *Corbitt* and held that extrinsic evidence cannot be used to interpret indemnities in an unambiguous maritime contract.  *E.g.*, *Stewart v. Grand Isle Shipyard, Inc.*, CIV.A. 10-4016, 2011 WL 6778804, at *4 (E.D. La. Dec. 23, 2011); *Alex v. Wild Well Control, Inc.*, CIV.A. 07-9183, 2009 WL 2599782, at *3 (E.D. La. Aug. 18, 2009); *In re Fitzgerald Marine & Repair, Inc.*, 619 F.3d 851, 858-59 (8th Cir. 2010); *U.S. for Use & Benefit of E. Gulf, Inc. v. Metzger Towing, Inc.*, 910 F.2d 775, 779 (11th Cir. 1990); *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1360, 1363-64 (S.D. Fla. 2007) *aff'd,* 308 F. App'x

389 (11th Cir. 2009); *Channette v. Evans Operating Co.*, CIV.A. 09-0202, 2010 WL 3154588, at *4 (W.D. La. Aug. 9, 2010).

Here, none of the parties have claimed that the indemnities are ambiguous.  In fact, Transocean expressly claimed that summary judgment was appropriate regarding the indemnities because the "agreement is clear and unambiguous" and so "contract interpretation is a question of law."  TO Memo at 13.  The simple fact that the parties disagree about the interpretation of the provisions does not render a contract ambiguous.  *In re Fitzgerald*, 619 F.3d at 859 (citing *Breaux v. Halliburton Energy Servs.*, 562 F.3d 358, 364 (5th Cir. 2009)).  Moreover, most of the questions related to indemnification are pure questions of law that will not be illuminated by extrinsic evidence.

Nor does the form of extrinsic evidence matter.  Maritime law does not discriminate between types of extrinsic evidence.  Instead, no extrinsic evidence of any kind may be introduced to interpret an unambiguous contract.  *See, e.g.*, *U.S. for Use & Benefit of E. Gulf, Inc.,* 910 F.2d at 779 ("Eastern argues that the district court erred in not looking to industry custom … to find that the contract contemplated payment for standby time in excess of six days at each offloading of the stone.  We disagree.  Under federal maritime law, a court 'may not look beyond the written language of the document to determine the intent of the parties unless the disputed contract provision is ambiguous.'") (citation omitted); *F.W.F.*, 494 F. Supp. 2d at 1361 (holding settlement agreement was unambiguous and refusing to admit extrinsic evidence in the form of "antecedent understandings and negotiations, subjective meaning and intent, usage of trade and course of performance").  Therefore, the court should exclude any extrinsic evidence offered by Transocean, Halliburton, or others to interpret the indemnities.

## II.    THE INDEMNITY CONTRACTS' MERGER CLAUSES REINFORCE THAT EXTRINSIC EVIDENCE SHOULD BE EXCLUDED.

Further buttressing these basic legal principles are the merger clauses in the Transocean and Halliburton contracts.  Ex. B, BPAP and Transocean Holdings LLC Drilling Contract ¶ 35.2; Ex. C, BP Exploration & Production Inc. and Halliburton Energy Services, Inc. Well Services Contract, Section 1 at p. 3.  A merger clause establishes the intent of the parties to exclude extrinsic evidence from being used to interpret indemnities.  *Stewart v. Grand Isle*, 2011 WL 6778804, at *4 ("This Court also notes that the merger clause in the Bareboat Charter reflects the parties' intention that the Charter constitutes the entire agreement and supersedes any prior written or oral agreements.  Therefore, the merger clause negates the consideration of the extrinsic evidence."); *see also CTI-Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F.2d 377, 382 (2d Cir. 1982).  These clauses provide another basis for excluding extrinsic evidence.

## III.   EXTRINSIC EVIDENCE REGARDING THE INDEMNITIES IS NOT APPROPRIATE FOR PHASE ONE OF THE TRIAL.

Finally, even if extrinsic evidence concerning the indemnities could be relevant, allowing its admission now would add unnecessary issues to the already massive Phase I of the trial.  This Court has established that Phase I will concern "the loss of well control at the Macondo Well, the ensuing fire and explosion on the MODU DEEPWATER HORIZON on April 20, 2010, and the sinking of the MODU DEEPWATER HORIZON on April 22, 2010, and the initiation of the release of oil from the Macondo Well or DEEPWATER HORIZON."  Dkt. No. 4083, Case Management Order No. 3 at 2.  Phase I also "will include issues asserted in or relevant to counterclaims, cross-claims, third-party claims, and/or comparative fault defenses *as appropriate*."  *Id.* (emphasis added).  Admitting extrinsic evidence for the purposes of interpreting indemnities in Phase I would not be "appropriate."  Questions regarding well

control, the fires and explosions, sinking of the vessel, and initiation of the spill are the core issues to be decided in Phase I.  These issues already will involve numerous live fact witnesses, dozens of experts, scores of depositions transcripts, and many thousands of exhibits.  Extrinsic evidence concerning the indemnities would add yet another distinct issue to Phase I of the trial and detract from trying the core issues.

## CONCLUSION

BP respectfully requests that the Court enter an order excluding the use of any purported extrinsic evidence to interpret indemnities from the upcoming Phase I trial.


Dated: January 23, 2012                           Respectfully submitted,


                                                  /s / Don K. Haycraft.
                                                  Don K. Haycraft (Bar #14361)
                                                  R. Keith Jarrett (Bar #16984)
                                                  LISKOW & LEWIS
                                                  One Shell Square
                                                  701 Poydras Street, Suite 5000
                                                  New Orleans, Louisiana 70139-5099
                                                  Telephone: (504) 581-7979
                                                  Facsimile: (504) 556-4108

                                                  and

                                                  Richard C. Godfrey, P.C.
                                                  (richard.godfrey@kirkland.com)
                                                  J. Andrew Langan, P.C.
                                                  (andrew.langan@kirkland.com)
                                                  Timothy A. Duffy, P.C.
                                                  (tim.duffy@kirkland.com)
                                                  Kirkland & Ellis LLP
                                                  300 North LaSalle Street
                                                  Chicago, IL 60654
                                                  Telephone: (312) 862-2000
                                                  Facsimile: (312) 862-2200

                                                  and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP p.l.c., BP Exploration &*
*Production Inc., and BP America*
*Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

/s/  Don K. Haycraft__