UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
|    "DEEPWATER HORIZON" in | : | |
|    the GULF OF MEXICO, on | : | SECTION: J |
|    APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| | : | |
| | : | JURY TRIAL DEMANDED |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**CAMERON'S MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE WARNING OPINIONS OF PSC EXPERT GREGG S. PERKIN**

During his deposition, PSC expert Gregg S. Perkin offered various opinions that Cameron failed to provide adequate warnings concerning purported limitations of the Deepwater Horizon blowout preventer ("BOP"). But these opinions are mentioned nowhere in Mr. Perkin's expert report. These previously undisclosed opinions should be excluded at trial pursuant to Rule 26 and the Court's orders restricting expert opinion testimony to the four corners of the expert's written report.

The proposed warning opinions also fail to meet the standards for admissible testimony under Federal Rules of Evidence 402 and 403. Mr. Perkin's proposed warning opinions are irrelevant and potentially confusing and prejudicial, as one of his most fervently held opinions is that BP and Transocean knew all of the limitations of the Deepwater Horizon BOP prior to the blowout on April 20, 2010 (and thus did not need any such warnings from Cameron). (*See*, *e.g.*, Expert Report of Gregg Perkin ("Report") at 6 (Finding No. 2).)[1]

---

[1] Mr. Perkin's warning opinions are also inadmissible under the standards governing expert testimony set forth in Rule 702. As will be set forth in a separate *Daubert* motion, Mr. Perkin is not qualified to offer expert testimony regarding product warnings, and the opinions he now seeks to offer about warnings amount to unsubstantiated conclusions based upon insufficient data and no reliable objective scientific methodology.

Accordingly, Cameron respectfully requests that the Court enter an order precluding Mr. Perkin from offering any "warning" opinions at trial.

**I.    Mr. Perkin's Warning Opinions Were Not Disclosed In His Expert Report**

Nowhere in his expert report or in the 240 pages of appendices did Mr. Perkin offer an opinion that Cameron had, much less violated, any duty to warn Transocean or BP about the inherent (and well known) limitations of the Deepwater Horizon BOP. Nevertheless, at his deposition, Mr. Perkin offered four previously undisclosed opinions: that Cameron 1) failed to warn about the ability of the blind shear rams to center drill pipe; 2) failed to warn about the limitations of the subsea batteries; 3) failed to warn about the limitations of the MUX cables; and 4) failed to warn about the limitations of configuring a stack with a single blind shear ram. (Perkin Depo. at 161, 169-171.)

These belated warning opinions are inadmissible because they were not previously disclosed as required by the Court's explicit orders in this case and the Federal Rules of Civil Procedure.[2] Mr. Perkin testified that he understood and complied with these requirements (*see id*. at 13-14 ("[The Report] covers all of my opinions."), and he offered no justification for neglecting to disclose his warning opinions in his Report. Moreover, he never sought to supplement his Report, and he declined the opportunity to submit a rebuttal report containing warning opinions, even after the state of knowledge in the industry with regard to the risks and

---

[2] Order at 5, MDL No. 2179 (Nov. 7, 2011) (Rec. Doc. 4486) ("Retained expert opinions are restricted to the four corners of the original report and any rebuttal report ...."); Order at 5, MDL No. 2179 (Nov. 22, 2011) (Rec. Doc. 4690) ("The Four Corners of Reports of Experts[:] ... An expert should not be allowed to express an opinion if it is not in their report."); Fed. R. Civ. P. 26(a)(2)(B) (an expert report "must contain ... a complete statement of all opinions the witness will express and the basis and reasons for them ....").

limitations of BOPs was put directly at issue through the reports of Cameron's experts. (*See*, *e.g.*, Expert Report of David O'Donnell at 4, 29.)[3]

Admitting these new opinions would result in unfair prejudice to Cameron.[4] Trial is imminent. On top of surprise, if Cameron had known Mr. Perkin would advance warning theories, it would have had the opportunity to consider whether to engage a warnings expert, or to rebut the opinions through its other experts' reports.[5] Mr. Perkin's breach of the requirements of Rule 26(a)(2) has deprived Cameron of that opportunity.

Accordingly, Mr. Perkin's undisclosed warning opinions, offered without excuse in violation of the Court's orders and the Federal Rules, should be excluded in advance of trial.

---

[3] Mr. Perkin's report lists nineteen "Findings" and eight "Opinions and Conclusions." Yet the word "warn" or "warning" does not appear anywhere on either list. And nowhere does his report discuss how Cameron may have violated a duty to warn its customers of certain limitations of its product. The appendices contain one observation – not expressed in the form of an opinion and not asserted in the text of his report – to the effect that Cameron "did not provide any warnings or instructions concerning" shear ram limitations. (Report Appendix G at 61.) However, the appendix does not assert that such warnings were required or that any alleged "failure" to make them violated a legal duty. (*See Id.*) Had any such duty existed, its implications would have been mooted by Mr. Perkin's own testimony, and the fact that BP and Transocean were well aware of the BOP's limitations. (*See* Section II, *infra*.)

[4] The PSC would not be prejudiced by exclusion of the opinions. Had a failure to warn claim been central to the PSC's case, no doubt these opinions would have been featured in an initial or rebuttal report.

[5] *See, Scholl v. Pateder*, No. 1:09-cv-02959-DAB-KLM, 2011 U.S. Dist. LEXIS 93958, at *11 (D. Colo. Aug. 22, 2011) ("Defendant is clearly prejudiced due to the fact that the expansion and revision of Dr. McAfee's opinion was not available to Defendant's experts while they were preparing their own reports and, consequently, they were not able to sufficiently rebut those opinions when their reports were submitted."); *see also Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (affirming exclusion of undisclosed opinion: "[T]he purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information." (citation omitted)); *BNSF Ry. Co. v. Lafarge SW, Inc.*, No. 06-1076 MCA/LFG, 2008 U.S. Dist. LEXIS 108420 at *14-15 (D.N.M. Aug. 29, 2008) (The party "entitled to know the expert's opinion would … 'be sandbagged.'").

**II.     The Warning Opinions Are Inadmissible Under Fed. R. Evid. 402 & 403**

Even had they been properly disclosed, Mr. Perkin's untimely warning opinions must also be excluded because they do not meet the threshold requirements for admissibility under Rules 402 and 403. The irrelevance of Mr. Perkin's off-the-cuff warning opinions is demonstrated by his own testimony. He repeatedly states – in both his Report and at deposition – that BP and Transocean "knew all of the capabilities and the limitations of the Deepwater Horizon's BOP before the blowout on April 20, 2010." (Report at 6 (discussing BP); Perkin Depo. at 510-12 (stating that Transocean "should have known" as well).) It is settled law that a manufacturer is not required to warn of risks already known to the user.[6] Such warning opinions are therefore irrelevant, do not assist the trier of fact, and should be excluded.[7]

Mr. Perkin was specifically questioned on each of the BOP limitations implicated by his belated, untimely, eleventh-hour warning opinions. For each, Mr. Perkin stated in no uncertain terms that BP and Transocean, sophisticated BOP users, should have known of those limitations:

*Limitation of the AMF batteries*:

> Q. So to summarize your opinion, based on . . . 40-some years experience in the oil and gas industry and the evidence that you have reviewed in this case is that BP and Transocean knew all of the limitations of the Horizon BOP prior to April 20th, 2010?
> A. Yeah, they should have.
> Q. And those [] limitations included . . . the limitations of the deadman batteries in the Mark II system?
> A. They should have had a way of monitoring yes -- monitoring them, yes.
> Q. And they knew of those limitations?
> A. They should have known those, yes.

---

[6] *See, e.g.*, *Todd Shipyards Corp. v. Hercules, Inc.*, 859 F.2d 1224, 1225 (5th Cir. 1988) (per curium) (manufacturer's duty to warn limited where purchaser has certain knowledge or sophistication in regard to the product).

[7] *See, e.g., Jaurequi v. Carter Mfg. Co.*, 173 F.3d 1076, 1084-85 (8th Cir. 1999) ("'[D]espite deficient warnings ... [if] user is fully aware of the danger ... lack of warning is not the proximate cause of the injury'" and expert warning testimony is irrelevant) (citation omitted).

*Limitations of the Blind Shear Ram*:

> **Q.** It's your opinion that BP knew or should have known that when the pipe is off center in the BOP, Horizon's BSR, the shearing blind ram SBR model would likely not completely shear the pipe and thus not seal the w[e]ll?
> **A.** They should have known, yes.

*Limitation of Single Blind Shear Ram*:

> **Q.** And they should have known that a single blind shear ram may be damaged during a shear, thus preventing a seal?
> **A.** Yeah, . . .
> **Q.** And that's something that BP and Transocean should have known about prior to April 20th?
> **A.** Yeah, . . .

*Limitations of the Mux Cables*:

> **Q.** . . . Your opinion is that BP or Transocean knew or should have known that the MUX cables on the Deepwater Horizon rig were not explosion proof?
> **A.** They weren't.
> …
> **Q.** And BP, a very sophisticated user of MUX cables, should know this?
> **A.** They should.
> **Q.** And they should know that the MUX cables, as they were wired on the Deepwater Horizon were wired through a hazardous area?
> **A.** I think they should – that should have been obvious to BP and Transocean.

Perkin Depo. at 511-15. Based on his unequivocal testimony that BP and Transocean knew or should have known of all of the purported risks and limitations of the product, Mr. Perkin's warning opinions are irrelevant and should be excluded under Rule 402.

In *Peppers v. Aries Marine Corp.*, No. Civ. A. 3:04-cv-02356-RGJ-KLH at 6-7 (W.D. La. Jan. 30, 2006), the Western District of Louisiana excluded Mr. Perkin's "warning" opinions on this very basis.[8] Mr. Perkin sought to offer an opinion that a BOP manufacturer failed to warn a "sophisticated user" of the product about dangers that were "open and obvious." *Id*. The

---

[8] *See* Ex. 1 (Rulings on Motion in Limine) at 6-7 of 9.

5

Court noted that a "manufacturer is not required to provide an adequate warning about his product when … the user or handler of the product already knows or reasonably should be expected to know of the characteristics of the product," and excluded Mr. Perkin's warning opinions because they were irrelevant and thus would not have assisted the trier of fact. *Id*. (citation omitted).[9]

Mr. Perkin's opinions should also be excluded as unfairly prejudicial under Rule 403. Perhaps because he is not a warnings expert – and was not offered as such – Mr. Perkin fundamentally misconstrues the standards for assessing the adequacy of a warning:

> **Q**. So it's your testimony that Cameron had a duty to warn BP about facts that BP knew or reasonably should have known?
> **A**. I think so.

This belief is directly contrary to the settled law that a product seller is not liable for failing to warn about risks "that should be obvious to, or generally known by, foreseeable products users." Restatement (Third) of Torts: Products Liability § 2, cmt. J (1998). Opinions that are irrelevant as a matter of law – and that actually misstate the applicable legal criteria – cannot possibly aid the fact finding process, and will serve only to confuse the issues, waste time, and cause unfair prejudice to Cameron.[10] As such, any warning opinions Mr. Perkin seeks to offer should be excluded in advance of trial.

---

[9] Mr. Perkin's opinions are also irrelevant because he cannot say that additional warnings would have affected the outcome. If the warnings would not alter the recipient's behavior they are superfluous and should be excluded. *See*, *e.g.*, *Brown v. Raymond Corp*., 318 F. Supp. 2d 591, 599-600 (W.D. Tenn. 2004) (trier of fact not assisted by expert who cannot say "additional warnings would probably or certainly have prevented the accident"); *Salinas v. Amteck of Ky., Inc.*, 682 F. Supp. 2d 1022, 1031 (N.D. Cal. 2010). Here, Mr. Perkin concedes that limitations of the product at issue were known to BP and Transocean. As to these parties, warnings would not have altered the outcome and are irrelevant.

[10] *See* Fed. R. Evid. 704, Advis. Comm. Notes ("Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence that wastes time.

**III.   Conclusion**

Mr. Perkin's warning opinions are gratuitous, speculative, self-contradictory, and irrelevant. The opinions fail to meet the admissibility requirements of Rules 402 and 403 and are offered in direct violation of the requirements of the Rules of Civil Procedure and this Court's Orders concerning full disclosure of expert opinions. For the reasons set forth above, the Court should exclude the warning opinions of Mr. Perkin in advance of trial.


Respectfully submitted,


*/s/ David J. Beck*

| | |
|---|---|
| David J. Beck, T.A. | Phillip A. Wittmann, 13625 |
| *dbeck@brsfirm.com* | *pwittmann@stonepigman.com* |
| Joe W. Redden, Jr. | Carmelite S. Bertaut, 3054 |
| *jredden@brsfirm.com* | *cbertaut@stonepigman.com* |
| David W. Jones | Keith B. Hall, 24444 |
| *djones@brsfirm.com* | *khall@stonepigman.com* |
| Geoffrey Gannaway | Jared Davidson, 32419 |
| *ggannaway@brsfirm.com* | *jdavidson@stonepigman.com* |
| BECK, REDDEN & SECREST, L.L.P. | STONE PIGMAN WALTHER WITTMANN L.L.C. |
| One Houston Center | 456 Carondelet Street |
| 1221 McKinney St., Suite 4500 | New Orleans, Louisiana  70130 |
| Houston, TX 77010 | Phone: (504) 581-3200 |
| Phone: (713) 951-3700 | Fax: (504) 581-3361 |
| Fax: (713) 951-3720 | |

*Attorneys for Cameron International Corporation*

---

These provisions ... stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 23rd day of January, 2012.

                                      */s/ David J. Beck* _____
                                      David J. Beck