UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document relates to:<br><br>*All Cases* | § § § § | **Judge Carl J. Barbier**<br>**Magistrate Judge Sally Shushan** |

**REPLY IN SUPPORT OF M-I L.L.C.'S MOTION *IN LIMINE*
TO EXCLUDE ADVERSE INFERENCES AGAINST M-I BASED ON
FIFTH AMENDMENT INVOCATIONS BY NON-M-I WITNESSES**

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 415-3000
Facsimile:      (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:     (713) 890-5000
Facsimile:      (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

January 23, 2012

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone:     (713) 890-5000
    Facsimile:      (713) 890-5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

I.  INTRODUCTION

BP, Transocean, Halliburton, and M-I L.L.C. ("M-I") all filed motions *in limine* to exclude adverse inferences based on Fifth Amendment invocations. The important distinction between M-I and these other parties is that **no M-I employee invoked the Fifth Amendment.** Unlike M-I's situation, various current and/or former employees of BP, Transocean, and Halliburton refused to testify in this proceeding. Despite this critical distinction, the PSC and the United States attempt to conflate M-I with BP, Transocean, and Halliburton.[1] The Fifth Circuit, however, has rejected expressly such an approach, mandating that "district courts will have to evaluate these situations on a *case-by-case* basis." *FDIC v. Fid. & Deposit Co. of Md.*, 45 F.3d 969, 978 (5th Cir. 1995) (emphasis added). Therefore, because the concerns raised by the PSC and the United States do not apply to M-I, as separate and distinct from BP, Transocean, and Halliburton, this Court should exclude any adverse inference against M-I as unnecessary, untrustworthy, and wholly inadmissible under Federal Rule of Evidence 403.

II.  ARGUMENT

   A.  **This Court Should Exclude Adverse Inferences Against M-I Because There Is No Relationship Between Any Of The Fifth Amendment Witnesses And M-I**

The PSC and the United States ignore the central issue to be considered by the Court – the relationship between the invoking witness and the party against whom the inference will be used. In support of its position, the PSC misstates that the Fifth Circuit in *FDIC* did not analyze "the nature or extent of the relationship between the invoking witness and the party against

---

[1] For example, the United States conflates M-I with the other defendants, mistakenly arguing that M-I witnesses took the Fifth: "BP, Transocean, M-I, and HESI, as corporations, all acted solely through their employees and agents at the time that the well operations now at issue in this case occurred. Therefore the Fifth Amendment invocations of their employees and agents in response to specific questions about those employees' knowledge and actions related to the well operations at the time that they occurred, can be highly relevant and admissible." (US Opp'n 5). None of M-I's employees invoked the Fifth Amendment. Because M-I "acted solely through their employees," no Fifth Amendment inferences can be imputed to M-I.

whom the invocation was being offered." (PSC's Opp'n 9). To the contrary, in *FDIC*, the Fifth Circuit expressly examined the colluding nature of the relationships between the Fifth Amendment witnesses and the chief lending officer, noting that the non-parties may have in fact taken the Fifth Amendment to avoid disclosing that collusive relationship. *See* 45 F.3d at 977.

A central issue in *FDIC* was whether a bank went bankrupt as a result of the fraudulent acts of its chief lending officer. *Id.* at 971. Specifically, the chief lending officer made fraudulent loans to several "investors" in exchange for bribes. *Id*. These investors "refused to testify at the trial, asserting [their] Fifth Amendment privilege when questioned about the loans." *Id*. at 972, 977 ("There were several witnesses who purportedly had had relationships with [the chief lending officer] and who invoked the Fifth Amendment at trial."). The defendant argued on appeal that the district court improperly allowed the jury to draw an inference from invocations of the Fifth Amendment privilege against self-incrimination by these witnesses. The Fifth Circuit rejected this argument, noting the close, conspiratorial relationship between the fraudulent, non-party "investors" and the lending officer. As the Fifth Circuit explained, "[A] jury could determine that a witness who colluded with [the lending officer] took the Fifth Amendment to avoid disclosing that collusion." *Id*. at 977.

Here, unlike in *FDIC*, the only witnesses who invoked the Fifth Amendment are current or former employees of parties that are *adverse* to M-I in this matter, including BP, Transocean, and Halliburton. Therefore, this is not a case where an employment relationship or some other type of *special* relationship existed that would justify an adverse inference against M-I. Accordingly, an adverse party's witness should not create a negative inference against M-I.[2]

---

[2] The PSC also claims mistakenly that *LiButti* is inapplicable here because it is in conflict with the Fifth Circuit's decision in *FDIC*. (PSC's Opp'n 8). No conflict exists. As demonstrated above, the adverse inferences imputed in *FDIC* would easily qualify as imputed inferences under the *LiButti* factors. Applying the *LiButti* factors to *FDIC*, the Fifth Amendment witnesses (1) had relevant, conspiratorial relationships with the lending officer, (2) had

DB1/ 68915579.3

2

### B.  The PSC And The United States Failed To Proffer Independent, Corroborating Evidence To Support A Fifth Amendment Adverse Inference Against M-I

Neither the PSC nor the United States proffered independent, probative evidence to support an adverse inference against M-I.  *See* M-I's Mem. 7.  Rather, they erroneously assert that an inference need not be corroborated by independent evidence to be admissible.  *See* PSC's Opp'n 10 ("Defendants greatly embellish the law."); US's Opp'n 5 ("[T]his is not precisely what Fifth Circuit precedent requires.").  As a matter of black-letter law, however, the United States Supreme Court could not have been clearer on this point.  The Fifth Amendment only allows "adverse inferences against parties to civil actions when they refuse to testify *in response to probative evidence offered against them*."  *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976) (emphasis added); *see also Hinojosa v. Butler*, 547 F.3d 285, 291 (5th Cir. 2008) (quoting same).  Therefore, in the absence of any *probative evidence offered* to support an adverse inference against M-I, this Court should not permit any such inferences to be imputed to M-I.

### C.  There Is No Dispute That Fifth Amendment Adverse Inferences Are Inadmissible As To M-I Under Federal Rule Of Evidence 403

The PSC and the United States essentially concede that Fifth Amendment adverse inferences are inadmissible as to M-I under Federal Rule of Evidence 403.  Specifically, in 18-pages of combined briefing, neither party disputes that the potential probative value of any adverse inference against M-I would be greatly outweighed by the dangers of unfair prejudice

---

compatible interests with the lending officer, and (3) played a key role at trial in satisfying plaintiff's burden of showing that the bad loans would not have been made but for the dishonest or fraudulent activity of the bank's lending officer.  Therefore, unlike the case with M-I, the *LiButti* factors weigh heavily in favor of imputing an adverse inference in *FDIC*.  No conflict exists between *LiButti* and *FDIC*.  Neither the PSC nor the United States offers a single case from any jurisdiction that has rejected the *LiButti* factors.  Nor does either party offer any legitimate justification as to why this Court should be the first in the country (district or circuit) to do so.

and confusion of liability issues to M-I. *Compare* PSC's Opp'n 1-12 and US's Opp'n 1-6 *with* M-I's Mem. 8-10. For the undisputed reasons addressed fully in M-I's opening brief, *see* M-I's Mem. 8-10, this Court should refuse to impute any adverse inferences against M-I as substantially more prejudicial than probative under Rule 403.

### D. There Is No Need to Impute A Fifth Amendment Adverse Inference To M-I

Likewise, the PSC and the United States essentially concede that there is no need to impute a Fifth Amendment adverse inference to M-I in this case. Significantly, neither party has proffered a *single* proposed adverse inference that they *need* to impute to M-I. Both parties had ample opportunity to establish facts related to M-I through deposition questioning. *Compare* PSC's Opp'n 1-12 and US's Opp'n 1-6 *with* M-I's Mem. 3-4.

### III. CONCLUSION

For the foregoing reasons, and the reasons set forth in M-I's opening brief [Dkt. No. 5120-1], this Court should exclude any adverse inference against M-I based on Fifth Amendment invocations by non-M-I witnesses.

Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:     (305) 415-3000<br>Facsimile:       (305) 415-3001 | By: /s/ *Hugh E. Tanner*<br>        Hugh E. Tanner<br>        htanner@morganlewis.com<br>        Texas Bar No. 19637400<br>        1000 Louisiana, Suite 4000<br>        Houston, Texas  77002<br>        Telephone:     (713) 890-5000<br>        Facsimile:       (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:     (713) 890-5000<br>Facsimile:       (713) 890-5001 | **ATTORNEY FOR DEFENDANT<br>M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Reply In Support Of M-I L.L.C.'s Motion *In Limine* To Exclude Any Adverse Inference Against M-I Based On Fifth Amendment Invocations By Non-M-I Witnesses has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

      /s/ *Hugh E. Tanner*
      Hugh E. Tanner