UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document relates to:<br><br>*All Cases* | § § § § | **Judge Carl J. Barbier**<br>**Magistrate Judge Sally Shushan** |

**MEMORANDUM IN SUPPORT OF M-I L.L.C.'S MOTION *IN LIMINE*
TO EXCLUDE ANY REFERENCE TO M-I'S RELATED ENTITIES OR
M-I'S OR ITS RELATED ENTITIES' SIZE OR FINANCIAL STATUS**

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 415-3000
Facsimile:     (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:     (713) 890-5000
Facsimile:     (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

January 23, 2012

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone:     (713) 890-5000
    Facsimile:     (713) 890-5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

**I.     INTRODUCTION**

On August 27, 2010 — over four months after the *Deepwater Horizon* incident— Schlumberger Limited completed its acquisition of Smith International, Inc. As a result, the parent corporations of M-I L.L.C. ("M-I") became Smith International Acquisition Corporation and Schlumberger Technology Corporation. The indirect parent corporation of Smith International Acquisition Corporation and Schlumberger Technology Corporation is Schlumberger Limited. It is anticipated that one or more parties may attempt to introduce evidence related to M-I's parent corporations or other related entities. Any such attempt should be excluded by this Court because M-I's related entities are not defendants in this action and are irrelevant to the liability issues to be decided by this Court. Any evidence or argument related to M-I's or a related entity's size, financial status, profits, or other financial information also is irrelevant and highly prejudicial.

For these reasons, this Court should exclude any reference to corporate entities related to M-I, specifically including, but not limited to, any Schlumberger entity, as well as any reference to M-I's or a related entity's size or financial status.

**II.    ARGUMENT**

M-I is a defendant in this action. M-I's parent corporations and other entities related to M-I are not parties to this action. Schlumberger Limited did not acquire Smith International, Inc. until months after the *Deepwater Horizon* incident occurred. Any evidence or argument relating to these non-party entities related to M-I is irrelevant to any claim or defense in this litigation. M-I asks that such references be excluded under Federal Rules of Evidence 401 and 402. M-I also seeks the exclusion of this evidence under Federal Rule of Evidence 403 because any reference to "Schlumberger" would be an attempt to bias this Court by implying—wrongly—that M-I's parent corporations could be held liable in this action.

Parties may also attempt to introduce references to the financial status of M-I or its related entities in order to bias or prejudice this Court. M-I requests that any reference to the size, corporate wealth, financial status, or profitability of M-I, any Schlumberger entity, or any other entity related to M-I be excluded as irrelevant and unfairly prejudicial under Rules 401, 402 and 403. It would create unfair prejudice to M-I if this irrelevant evidence or argument were admitted during a trial where only liability is at issue. *See F.T.C. v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980) (finding the "financial status" of a putative defendant "is not relevant to any issue that will be raised in the contemplated lawsuit"); *Channel 20, Inc. v. World Wide Towers Servs., Inc.*, 607 F. Supp. 551, 565 (S.D. Tex. 1985) (holding "[t]he financial standing of a defendant is inadmissible as evidence in determining the amount of compensatory damages to be awarded."). Admitting evidence or argument relating to a non-defendant's financial status would cause even more harm. *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 608 F.3d 871, 897 (D.C. Cir. 2010) (holding evidence of "size and scope" of corporation related to corporate defendants was "both irrelevant and prejudicial" because it "had nothing to do with the liability of any of the defendants").

**III.    CONCLUSION**

For the foregoing reasons, this Court should exclude any evidence or argument related to entities affiliated with M-I, as well as any evidence or argument related to M-I's or a related entity's size or financial status.

Respectfully submitted,

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

By: /s/ *Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone: (713) 890-5000
    Facsimile: (713) 890-5001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum In Support Of M-I L.L.C.'s Motion *In Limine* To Exclude Any Reference To M-I's Related Entities Or To M-I's Or Its Related Entities' Size Or Financial Status has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

                                                         /s/ *Hugh E. Tanner*
                                                         Hugh E. Tanner