UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document relates to: | § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |
| *All Cases and*<br>*No. 2-10-cv-02771* | § § | |

**MEMORANDUM IN SUPPORT OF M-I L.L.C.'S
MOTION FOR SUMMARY JUDGMENT ON PUNITIVE DAMAGES,
GROSS NEGLIGENCE, AND WILLFUL MISCONDUCT CLAIMS**

MORGAN, LEWIS & BOCKIUS LLP

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

January 23, 2012

By: */s/ Hugh E. Tanner*
    Hugh E. Tanner
    htanner@morganlewis.com
    Texas Bar No. 19637400
    1000 Louisiana, Suite 4000
    Houston, Texas  77002
    Telephone: (713) 890-5000
    Facsimile: (713) 890-5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

## I. INTRODUCTION

M-I L.L.C. ("M-I") moves for summary judgment on all claims for punitive damages, gross negligence, and willful misconduct filed against it by plaintiffs, claimants, cross-claimants, and counter-claimants (collectively, "Plaintiffs"[1]).[2] M-I is entitled to summary judgment on such claims because there is no evidence that any action or inaction taken by M-I meets the extraordinary standard for punitive damages, gross negligence, and willful misconduct.

## II. BACKGROUND

M-I was the drilling fluids contractor aboard the *Deepwater Horizon*. June 23, 2011, Brad Billon 30(b)(6) Dep., 27:3–30:7. Like many other contractors that provided goods or services to BP in connection with the Macondo well, M-I was joined in lawsuits after the explosion and blowout. Certain of these lawsuits against M-I assert baseless claims for gross negligence and/or willful misconduct.[3]

As the Court is aware, the parties recently have completed an extensive discovery process that includes more than 300 fact and expert depositions, 60 expert reports, and 72 million pages of documents. M-I complied with all of its written discovery and document production obligations and has presented six M-I employees (Brad Billon, Leo Lindner, Steven Johnson,

---

[1] This includes those who assert claims against M-I by virtue of Transocean's Rule 14(c) tender of M-I in its Limitation of Liability Action.

[2] This includes, but is not limited to, claims brought in the amended complaint by Alabama (Dkt. No. 1872), the cross-complaint by Anadarko (Dkt. No. 338 in 2:10-cv-02771-CJB-SS), the Amended B1 Master Complaint (Dkt. No. 1128), and the Bundle C Master Complaint (Dkt. No. 1510). Several of the individual complaints within the B1 and C bundles also assert claims for gross negligence and/or willful misconduct against M-I. Because the Court has stayed all action on those individuals claims, M-I identifies the Master Complaint for the pleading bundles of which they are a part. (Unless otherwise noted, all docket numbers are to the filings in 2:10-md-02179-CJB-SS.)

[3] M-I previously moved to dismiss the claims for gross negligence and willful misconduct arguing that those claims fail under the Rule 12(b)(6) standard. *See* Dkt. Nos. 1597 (motion to dismiss Amended B1 Master Complaint), 2224 (motion to dismiss Bundle C Master Complaint), and 2630 (motion to dismiss Alabama First Amended Complaint). This Court denied in part M-I's motions. M-I makes this summary judgment argument in light of the Court's ruling, but respectfully reserves its argument that claims in this litigation for gross negligence and willful misconduct under general maritime law are displaced by the Oil Pollution Act of 1990. Furthermore, M-I has a pending motion to dismiss under Rule 12(b)(6) Anadarko's claim for gross negligence, which has been submitted to the Court. Dkt. No. 2817. M-I makes its argument here without waiving its arguments made in the 12(b)(6) motion.

Gregory Meche, Doyle Maxie, and James Friedheim) for deposition. After all of this discovery—and after the deadline for identifying experts has passed—there is no evidence that any action taken or not taken by M-I reaches the extraordinary standard for punitive damages, gross negligence, or willful misconduct.

### III. THE COURT SHOULD GRANT SUMMARY JUDGMENT FOR M-I ON ALL CLAIMS FOR PUNITIVE DAMAGES, GROSS NEGLIGENCE, AND WILLFUL MISCONDUCT

#### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). However, the movant "need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis in original).

A movant asserting that no genuine dispute exists may instead support the assertion by showing that the adverse party cannot produce admissible evidence to support the disputed fact. FED. R. CIV. P. 56(c)(1)(B). The nonmovant may then avoid summary judgment only if it can show "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

#### B. M-I Is Entitled To Summary Judgment On All Claims For Punitive Damages, Gross Negligence, And Willful Misconduct Because There Is No Evidence To Establish That M-I's Conduct Met Those Standards

M-I is entitled to summary judgment on all claims for punitive damages, gross negligence, and willful misconduct because there is no genuine issue of material fact with respect to whether any alleged act or omission by M-I met the standard for punitive damages, gross negligence, or willful misconduct.

Before punitive damages may be recovered under the General Maritime Law, "gross negligence, or actual malice or criminal indifference which is the equivalent of reckless and

wanton misconduct," is required on the part of the defendant.[4]  Gross negligence for purposes of General Maritime Law has been defined as "reckless and wanton misconduct."[5]

In *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 493-94, 128 S. Ct. 2605, 2621-22 (2008), the United States Supreme Court addressed several issues regarding punitive damages, including the scope of awards for punitive damages under the General Maritime Law.  The Court undertook a thorough review of punitive damages under the common law, which provides a source of law for the General Maritime Law, and in doing so, the Court stated that "[t]he prevailing rule in American courts . . . limits punitive damages to cases of . . . 'enormity,' where a defendant's conduct is 'outrageous,' 4 Restatement § 908(2), owing to 'gross negligence,' 'willful, wanton, and reckless indifference for the rights of others,' or behavior even more deplorable, 1 Schlueter § 9.3(A)."[6]  The Court further provided a description of the degrees of behavior giving rise to punitive damages:

> Under the umbrellas of punishment and its aim of deterrence, degrees of relative blameworthiness are apparent.  Reckless conduct is not intentional or malicious, nor is it necessarily callous toward the risk of harming others, as opposed to unheedful of it.  *See, e.g.,* 2 Restatement § 500, Comment a, pp. 587-588 (1964) ("Recklessness may consist of either of two different types of conduct.  In one the actor knows, or has reason to know . . . of facts which create a high degree of risk of . . . harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk.  In the other the actor has such knowledge, or reason to know, of the facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so").  Action taken or omitted in order to augment profit represents an enhanced degree of punishable culpability, as of course does willful or malicious action, taken with a purpose to injure.  *See id.,* § 908, Comment e, p. 466 (1977) ("In determining the amount of punitive damages, . . . the trier of fact can properly consider not merely the act itself but all the circumstances including the motives of the wrongdoer ... ").[7]

---

[4]  *Miles v. Melrose*, 883 F.2d 976, 989 (5th Cir. 1989) (quoting *In Complaint of Merry Shipping Inc.*, 650 F.2d 622, 626 (5th cir. 1981) (internal quotations omitted).

[5]  *See Miles*, 882 F.2d 989.

[6]  *Id.*

[7]  *Id.*

Further, the Fifth Circuit has concluded that "[g]ross negligence is *substantially and appreciably higher in magnitude than ordinary negligence.*" *Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 224 n.3 (5th Cir. 1991) (emphasis added). "Other courts have defined gross negligence as the 'entire absence of care,' the 'want of even slight care and diligence,' and the 'utter disregard of the dictates of prudence, amounting to complete neglect of the rights of others.'" *Hous. Exploration Co. v. Halliburton Energy Servs., Inc.*, 269 F.3d 528, 532 (5th Cir. 2001) (discussing Louisiana law) (footnotes omitted). Gross negligence must involve an act in the face of an "extreme degree of risk," *Crowder v. Am. Eagle Airlines, Inc.*, 118 F. App'x 833, 840 (5th Cir. 2004) (discussing Texas law), and "the entire absence of care and utter disregard for the dictates of prudence," *id.* at 841 (discussing Louisiana law) (internal quotation marks omitted). "The concept of gross negligence is essentially the same under maritime law: 'Gross negligence is defined as harm willfully inflicted or caused by gross or wanton negligence.'" *Hous. Exploration Co. v. Halliburton Energy Servs., Inc.*, No. CIV. A. 98-1302, 2000 WL 423909, at *7 (E.D. La. Apr. 18, 2000), *rev'd on other grounds*, 269 F.3d 528 (5th Cir. 2001) (quoting *Coastal Iron Works, Inc. v. Petty Ray Geophysical*, 783 F.2d 577, 582 (5th Cir. 1986). *See also In re Smyth*, 207 F.3d 758, 762 (5th Cir. 2000) (quoting BLACK'S LAW DICTIONARY 1033 (6th ed. 1990) (Gross negligence is "an act or omission respecting legal duty *of an aggravated character as distinguished from a mere failure to exercise ordinary care*.") (emphasis added)).

To prove "willful misconduct," there must be admissible evidence of "*the intentional performance of an act with knowledge that the act will probably result in injury or damage.*" *Husain v. Olympic Airways*, 316 F.3d 829, 839 (9th Cir. 2002) (emphasis added, internal quotation marks and alteration omitted); *see also Colorado River Commc'ns, Inc. v. MCI*

4

*WorldCom Commc'ns, Inc.*, No. CIV. A. 99-3928, 2001 WL 30195, at *2 (E.D. La. Jan. 11, 2001) (willful misconduct requires knowledge).

The parties have conducted exhaustive discovery. M-I responded to extensive written discovery requests, produced tens of thousands of documents, and presented six M-I employees for deposition. Nothing in the responses of M-I or any other party reveals any evidence that anything M-I did or did not do met the extraordinary standards for punitive damages, gross negligence, or willful misconduct. M-I therefore is entitled to final summary judgment on all claims for punitive damages, gross negligence, or willful misconduct against it by all Plaintiffs.

## IV.  CONCLUSION

For the foregoing reasons, the Court should render summary judgment for M-I on all claims for punitive damages, gross negligence, or willful misconduct against it in this litigation.

Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:     (305) 415-3000<br>Facsimile:      (305) 415-3001 | By: /s/ *Hugh E. Tanner*<br>     Hugh E. Tanner<br>     htanner@morganlewis.com<br>     Texas Bar No. 19637400<br>     1000 Louisiana, Suite 4000<br>     Houston, Texas  77002<br>     Telephone:     (713) 890-5000<br>     Facsimile:      (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:     (713) 890-5000<br>Facsimile:      (713) 890-5001 | **ATTORNEY FOR DEFENDANT<br>M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT<br>M-I L.L.C.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum In Support Of M-I L.L.C.'s Motion For Summary Judgment On Punitive Damages, Gross Negligence, And Willful Misconduct Claims has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of January, 2012.

                                                 /s/ *Hugh E. Tanner*
                                                Hugh E. Tanner