

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

DONALD E. GODWIN - SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:      214.939.4412
DIRECT FAX:       214.939.4803
dgodwin@godwinronquillo.com

January 23, 2012

**VIA E-MAIL**

The Honorable Carl Barbier
U.S. District Court
Eastern District of Louisiana
500 Poydras Street, Room C-268
New Orleans, LA 70130

      Re:    Reply on Motion to Exclude testimony, documents and other evidence regarding any expert opinion(s) of Fred Sabins or CSI Technologies, Inc. regarding the Macondo well (Rec. Doc. 5142)

Dear Judge Barbier:

      Halliburton Energy Services, Inc. ("HESI") submits this reply to the Plaintiffs' Steering Committee's ("PSC") opposition and BP's opposition to HESI's Motion *in Limine* to exclude testimony, documents, and other evidence reflecting any expert opinion(s) of Sabins or CSI regarding the Macondo well, including any opinions formed prior to April 14, 2011, the date Michael Viator began working for CSI Technologies, Inc. ("CSI"). *See* Rec. Docs. 5142, 5250; Letter from PSC to the Court, Dated January 17, 2012.  HESI stands by its motion and this Court's order prohibiting BP's replacement expert from having "any contact" with the work of Sabins or CSI.  *See* Rec. Doc. 5014.

      Both the PSC and BP seek to rehash their earlier argument that the Bly Report qualifies under the business record exception to the hearsay rule.  *See* Rec. Doc. 4869, 4873; HESI's Letter Briefs to the Court, dated December 5, 2011 at 1-5 and December 19, 2011 at 2-4, respectively.  However, as previously noted by HESI, the Bly Report is not a business record excluded from the hearsay rule because it was prepared primarily in anticipation of litigation. *See* Rec. Doc. 4811, 4812; *Palmer v. Hoffman*, 318 U.S. 109, 114 (1943).  The lynchpin of the business record exception is trustworthiness and a reliability "supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business relying upon them, or by a duty to make an accurate record as *part of a continuing job or occupation*."  *Int'l Marine, L.L.C. v. Delta Towing, L.L.C.*, No. 10-0044, 2011 U.S. Dist. LEXIS at *14-*15 (E.D. La. March 11, 2011) (citing *United States v. Wells*, 262 F.3d 455, 462 (5th Cir.

The Honorable Carl Barbier
January 23, 2012
Page 2

2001) (quoting FED. R. EVID. 803(6) Committee Note)) (emphasis added).  Fred Sabins was an outside consultant to BP.  He did not have a "continuous job or occupation" that would result in an accurate "business record" as to the causes of BP's well blowouts.  Furthermore, the Bly Report is not trustworthy given BP's agenda in commissioning it, and HESI has and will oppose its admission into evidence.  *See* HESI Letter Brief to the Court, dated December 5, 2011 at 1-5; HESI Letter Brief to the Court, dated December 19, 2011 at 2-4.

BP further alleges that Sabins may testify as to his "non-expert work that occurred prior to April 14, 2011."  Rec. Doc. 5250 at 2.  HESI fails to see how Sabins — hired after the explosion on the *Deepwater Horizon* and blowout of the Macondo Well — could be construed as a "fact witness."  Sabins is an expert, hired by BP to assist in spinning its case to the public in the Bly Report and as a testifying expert to this Court.  Any testimony he may provide is based on "scientific, technical, or other specialized knowledge" derived from his "knowledge, skill, experience, training, or education."  *See* FED. R. EVID. 702.  BP cannot avoid the effect of this Court's disqualification order by rebranding Sabins as a fact witness.

The unreported cases BP cites stand for the unremarkable proposition that fact witnesses cannot offer causation testimony if they do not qualify under Rule 702.  These cases fail to support BP's assertions, and none of the cases concern the present situation, one in which a party whose expert was disqualified attempts to get his testimony into evidence under the guise of rebranding him as a fact witness.  *See Eagle Helicopter, AG v. McTurbine, Inc.*, Civ. A. No. C-09-262, 2011 WL 121703 (S.D. Tex. Jan. 12, 2011); *Francois v. Colonial Freight Sys., Inc.*, No. 3:06-cv-434, 2007 WL 4564866, *9 (S.D. Miss. Dec. 21, 2007); *Mitchell v. City of Gulfport*, No. CivA101CV449, 2005 WL 3116071 (S.D. Miss. Nov. 18 2005); *Faia v. Sonny Scaffolds, Inc.*, No. 01-1631, 2002 WL 34443539 (E.D. La. 2002).[1]

Moreover, authentication is imperative to the admissibility of relevant evidence.  *See Nord Serv. v. Palter*, 548 F. Supp. 2d 366, 375 (E.D. Tex. 2008).  BP cannot tender a qualified person to authenticate Sabins and CSI's prior work product without direct testimony from Sabins himself.  BP claims others can authenticate Appendix K but fails to name who these witnesses may be and lists no CSI witness other than Sabins on its witness list.  Rec. Doc. 5317.  Sabins and CSI have been excluded from further participation in these proceedings.  Therefore, the documents cannot be authenticated and are thus not admissible.

After this Court disqualified Michael Viator, Sabins, and CSI, striking their expert opinions, Rec. Doc. 4838, the Court allowed BP to have a replacement expert, but prohibited that expert, whom BP has identified as Ronald Crook, from "any contact with the work Viator performed as an internal investigator at Halliburton or the expert work performed by CSI or Sabins for BP in this litigation."  Rec. Doc. 5014 at 2.  BP now argues that because an expert may rely on the reports of other experts in forming an opinion, Sabins' reports are still fair game, including, presumably, for use by BP's new cementing expert, Crook.  Doc. 5250 at 5-7.

---

[1] Not surprisingly, BP cites no authority for the implausible proposition that disqualified experts, let alone experts disqualified for their own malfeasance, should be allowed to testify to the authenticity of their records.

The Honorable Carl Barbier
January 23, 2012
Page 3

However, this Court has already foreclosed Crook's review of Sabins' and CSI's work. Rec. Doc. 5014 at 2.

    For the reasons stated herein and in HESI's Motion in *Limine*, HESI respectfully requests that the Court exclude all testimony, documents and other evidence regarding any expert opinion(s) of Fred Sabins or CSI Technologies, Inc. regarding the Macondo well.

                                              Respectfully submitted,

                                              Donald E. Godwin

cc:    Defense Liaison Counsel    [Via Email]
        Mike Underhill, Esq.    [Via Email]
        Hon. Attorney General Luther Strange    [Via Email]
        William W. Taylor, III, Esq.    [Via Email]
        Amit Mehta, Esq.    [Via Email]
        James Parker Roy, Esq.    [Via Email]
        Stephen J. Herman, Esq.    [Via Email]
        Plaintiffs' Steering Committee    [Via Email]