UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig            MDL NO. 2179
       "Deepwater Horizon" in the Gulf
       of Mexico, on April 20, 2010         SECTION J

Applies to: *All Cases*                     JUDGE BARBIER
                                                              MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding Withdrawn Experts]**

The January 23 order (Rec. doc. 5327) concerning the January 19 working group conference contained the following ruling on the issue of withdrawn experts:

1. If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions and report into evidence.

2. If a retaining party lists an expert on its final witness list, but does not call that expert at trial, other parties may introduce that expert's opinions and report into evidence.

3. If a retaining party lists an expert on its final witness list, but withdraws portions of the expert's opinions before trial, other parties may introduce into evidence at trial that expert's prior opinions that were withdrawn or amended.

This ruling was adopted from Transocean's position (Rec. doc. 5243).[1]

The PSC requests clarification. The Court understands the PSC's inquiry to be concerned only with the first situation, where a retaining party withdraws an expert and that expert is not listed

---

[1] Cameron (Rec. doc. 5151), BP (Rec. doc. 5221), Halliburton (Rec. doc. 5269), M-I (Rec. docs. 5121 and 5289), and the PSC (Rec. doc. 5261) submitted memoranda, letter briefs and/or motions on the issue.

on the retaining party's final witness list. The PSC asks whether, in such circumstances, a party may use portions of a withdrawn expert's report or deposition to cross-examine another expert and in particular an expert called by the party who withdrew the expert and the reports or deposition testimony are inconsistent.

If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of an expert called by the party who withdraws the expert.

If the parties are permitted to use the withdrawn expert's reports or deposition in the manner sought by the PSC, the retaining party will be compelled to call the withdrawn expert to provide "context" for whatever opinion or deposition testimony is at issue. This will only prolong the trial.

**Any appeal** from this ruling shall be filed by **Monday, January 30**.

New Orleans, Louisiana, this 24th day of January, 2012.

SALLY SHUSHAN
**United States Magistrate Judge**