

# Beck Redden & Secrest
A Registered Limited Liability Partnership

January 25, 2012

Re:  MDL No. 2179
     In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
     In the Gulf of Mexico on April 20, 2010

Honorable Sally Shushan
Magistrate Judge
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Dear Judge Shushan:

     Cameron submits this letter in response to the PSC's January 23, 2012 request for clarification of the Court's Order regarding the use of withdrawn expert reports (R. Doc. 5327 at 5-6). The PSC seeks clarification regarding whether parties can introduce a withdrawn expert's opinion or report as impeachment evidence of *another expert* or in cross-examination of *another expert*. The Court has provided clarification with respect to one aspect of the Court's Order. (R. Doc. 5369).

     Cameron respectfully requests clarification, however, with respect to Parts 2 and 3 of the Court's Order regarding a parties' ability to introduce into evidence any part of an expert's report that has been withdrawn or amended where the expert is listed on the retaining party's witness list. We seek the Court's guidance on whether the Court intends for the withdrawn portions of an expert's opinions to be admissible as direct evidence at any stage of the trial, or only as impeachment evidence or in cross examination of the retaining party's other experts. Cameron submits that the latter limitation ought to govern, for the reasons set out below.

     Absent a limitation to Parts 2 and 3 of the Order that withdrawn opinions be admissible solely for impeachment or cross-examination of the retaining party's experts, the Order will permit a party to introduce in its case-in-chief another party's expert's *withdrawn* opinion without having to satisfy the standards of reliability and trustworthiness required for the opinion's admission by the retaining party in Fed. R. Evid. 104(a) and 702. This result is inconsistent with the prerequisites for admission of opinion testimony set out *Daubert*, and thus permits another party to admit an opinion that is otherwise inadmissible. In short, Parts 2 and 3 of Transocean's proposal allow complete circumvention of the Court's role as gatekeeper of

David J. Beck
dbeck@brsfirm.com

One Houston Center
1221 McKinney Street, Suite 4500 ~ Houston, Texas 77010
Telephone 713.951.3700 ~ Facsimile 713.951.3720
www.brsfirm.com

Honorable Sally Shushan
January 25, 2012
Page 2

opinion evidence.

Moreover, the withdrawn opinions are hearsay for which there is no exception under the Rules of Evidence. Rule 804(b)(1) permits the admission of sworn former testimony, but only where the declarant is otherwise unavailable for trial. Each of the experts subject to Parts 2 and 3 of the Order are on the retaining party's "will call" witness list, and are thus not "unavailable" under Rule 804(a). And even if the "former testimony" exception applies, the exception would only permit the admission of an expert's prior deposition testimony—not his or her unsworn report. Fed. R. Evid. 804(b)(1).

Cameron respectfully requests clarification of the Court's Order with respect to a party's ability to introduce into evidence expert opinions or reports that have been withdrawn where that expert remains on the retaining party's witness list. Such evidence should be inadmissible unless or until the standards for admissibility under Rules 104, 702, 802, and *Daubert* are met.

Sincerely yours,

David J. Beck

cc: Liaison Counsel
    States' Coordinating Counsel

383.00017/488048.v1