UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG<br>"DEEPWATER HORIZON" in the<br>GULF OF MEXICO on<br>APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document relates to:<br><br>*All Cases and*<br>*No. 2-10-cv-02771* | § § § § | **Judge Carl J. Barbier**<br>**Magistrate Judge Sally Shushan** |

**MEMORANDUM IN SUPPORT OF M-I L.L.C.'S MOTION TO
EXCLUDE ROBERT BEA AND WILLIAM GALE'S OPINIONS
<u>REGARDING THE SPACER</u>**

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:      (305) 415-3000
Facsimile:       (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:      (713) 890-5000
Facsimile:       (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

January 24, 2012

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
          Hugh E. Tanner
          htanner@morganlewis.com
          Texas Bar No. 19637400
          1000 Louisiana, Suite 4000
          Houston, Texas  77002
          Telephone:      (713) 890-5000
          Facsimile:       (713) 890-5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

**I.      INTRODUCTION**

The PSC designated experts Robert Bea and William Gale on the topic of process safety management. Without any analysis, requisite experience, or testing of any nature, Bea and Gale concluded that "[u]sing spacer made of lost circulation materials" generally increased the risk of drilling the Macondo well. Neither Bea nor Gale is a drilling fluids expert; neither Bea nor Gale has experience with the lost circulation materials at issue; and neither Bea nor Gale analyzed or tested the spacer or the lost circulation materials at issue. Under the familiar applicable standards,[1] Bea and Gale's opinions regarding the spacer are wholly unreliable and should be excluded.

**II.     BACKGROUND**

Before temporarily abandoning a deepwater well, the operator generally displaces the drilling fluid in the riser with seawater to facilitate disconnecting the riser from the blowout preventer. In typical deepwater applications, a water-based fluid called a "spacer" is pumped downhole before the seawater to separate the drilling fluid and seawater. The water-based spacer used during the riser displacement on the Deepwater Horizon included water-based lost circulation materials (LCMs) that had been prepared, but not used during drilling operations.

On behalf of the PSC, Robert Bea and William Gale opine that "using [a] spacer made from lost circulation materials" is an example of BP taking an action that saved time and money, but generally increased risk. Rep. xviii, 58, 64; *see also* Rep. xx-xxi.[2] Bea and Gale, however, have no experience or other specialized knowledge relating to drilling fluids or LCMs, including the two at issue in this case, Form-A-Set AK (FAS-AK) and Form-A-Squeeze (FASq), on which

---

[1] *See* FED. R. EVID. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[2] Aug. 26, 2011 Expert Report of Robert Bea & William Gale. This Report has already been submitted to the Court by the parties.

to base their errant conclusion. Bea Dep. 38:24–39:3, 370:22–371:22;[3] Gale Dep. 54:24–55:5, 332:23–333:5, 333:14-19, 334:5-18.[4] Moreover, their opinions on the spacer are vague and conclusory, rendering the opinions unreliable and unhelpful to the Court.

### III.   ANALYSIS

Bea and Gale's opinions regarding the spacer are unreliable and unhelpful and should be excluded for two reasons.

First, Bea and Gale lack specific knowledge or experience regarding drilling fluids, lost circulation materials, and spacers. Each freely admits he is not an expert on drilling fluids or LCMs generally and has no experience whatsoever with the specific LCMs used here. Bea Dep. 38:24–39:3, 370:22–371:22; Gale Dep. 54:24–55:5, 332:23–333:5, 333:14-19, 334:5-18. Each further admits he has not tested a representative sample of the spacer at issue. Bea Dep. 371:23–372:1; Gale Dep. 333:6-13, 334:19-23. Even though Bea and Gale have no specific knowledge or experience with these products, their opinions that the use of LCMs in the spacer caused an increased risk necessarily assumes such knowledge.

Rule 702 requires that the expert have "specialized knowledge" to aid the trier of fact. To opine on a specific issue, the proposed expert must have "sufficient specialized knowledge to assist the [trier of fact] in deciding the *particular issues* in the case." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999) (citation and internal quotation marks omitted, emphasis added). An expert's opinions beyond the scope of his expertise are "unsupportable and unreliable." *Richmond Med. Ctr. for Women v. Herring*, 527 F.3d 128, 134 n.1 (4th Cir. 2008); *see also Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 715 (8th Cir. 2001) (allowing an expert to testify beyond the scope of his expertise is an abuse of

---

[3] Nov. 14-15, 2011 Deposition of Robert Bea, excerpts of which attached as Ex. A.

[4] Nov. 16, 2011 Deposition of William Gale, excerpts of which attached as Ex. B.

discretion). Because of this self-admitted lack of knowledge and experience in the relevant area, their opinions on the use of LCMs in the spacer should be excluded. *See Shelter Ins. Cos. v. Ford Motor Co.*, No. 06-60295, 2006 WL 3780474, at *3 (5th Cir. Dec. 18, 2006) ("When an expert witness honestly and forthrightly testifies that he is not qualified in a particular area, it is not an abuse of discretion for the court to find that the witness is unqualified, under *Daubert*, to provide an expert opinion in that area and to exclude such testimony.").

Second, Bea and Gale's opinions are vague and conclusory. They do not explain how the LCM spacer purportedly increased risk. *See* Rep. xviii, xx-xxi, 58, 64. Bea admitted that he cited no data to support his assertion. Bea Dep. 375:4–378:21. In fact, Bea confirmed the unreliability of the opinion regarding the spacer, stating in his deposition the opinion was based on "an inference based on a potential occurrence." Bea Dep. 378:17-21. This does not meet the standard of reliability required under Rule 702 and therefore should be excluded.

An expert's mere statement that "it is so" is inadmissible. *Boyd v. State Farm Ins. Cos.*, 158 F.3d 326, 331 (5th Cir. 1998); *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987). Bea and Gale's speculation that the use of the LCMs in the spacer somehow increased risk is backed by no data or relevant experience. Such unfounded speculation is unreliable and inadmissible. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 278 (5th Cir. 1998) (en banc) (noting that *Daubert* seeks to ensure that "the evidence is genuinely scientific, as distinct from being unscientific speculation offered by a genuine scientist" (citation and internal quotation marks omitted)).

## IV. CONCLUSION

PSC-designated experts Robert Bea and William Gale do not have the requisite experience and did not perform any analysis or testing to support their opinions on the use of the spacer on the Macondo well. M-I, therefore, respectfully requests that this Court grant M-I's motion and exclude Bea and Gale's opinions regarding the spacer.[5]

Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida  33131<br>Telephone:     (305) 415-3000<br>Facsimile:       (305) 415-3001 | By: /s/ *Hugh E. Tanner*<br>        Hugh E. Tanner<br>        htanner@morganlewis.com<br>        Texas Bar No. 19637400<br>        1000 Louisiana, Suite 4000<br>        Houston, Texas  77002<br>        Telephone:     (713) 890-5000<br>        Facsimile:       (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas  77002<br>Telephone:     (713) 890-5000<br>Facsimile:       (713) 890-5001 | **ATTORNEY FOR DEFENDANT**<br>**M-I L.L.C.** |
| **ATTORNEYS FOR DEFENDANT**<br>**M-I L.L.C.** | |

---

[5] Bea and Gale express many other opinions in their report. This motion covers only these specific opinions regarding the spacer, and M-I takes no position at this time as to the remainder of their opinions.

4

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of M-I L.L.C.'s Motion to Exclude Robert Bea and William Gale's Opinions Regarding the Spacer has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of January, 2012.

                                                  /s/ *Hugh E. Tanner*
                                                  Hugh E. Tanner