**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig                    MDL NO. 2179
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010              SECTION J

Applies to: *All Cases*                          JUDGE BARBIER
                                         MAGISTRATE JUDGE SHUSHAN

<u>ORDER</u>

**[Regarding BP's Motion in Limine to Exclude Phase Two Evidence (Rec. doc. 5109]**

       BP filed a motion *in limine* to exclude Phase Two evidence from presentation during Phase One of the trial.  Rec. doc. 5109.  The U.S. and PSC submitted oppositions.  Rec. docs. 5234 and 5257.  BP submitted a reply.  Rec. doc. 5352.

       Evidence is not admissible in Phase One simply because it is offered to prove gross negligence or wilful misconduct.  Pretrial Order no. 41 (rec. doc. 4083) demonstrates that gross negligence will be resolved in the trial and evidence from Phases One, Two and Three may be relevant to the findings and conclusions on gross negligence including the allocation(s) of fault.  Thus, evidence relating to gross negligence is not limited to Phase One.  The Court will not make a finding of negligence, gross negligence or willful misconduct at the conclusion of Phase One related to the issue of oil spill preparedness.

       Evidence regarding whether capping stacks (or other methods of controlling the well) were available to prevent an uncontrolled flow from the well in the event that the BOP did not operate is not relevant to Phase One and should not be presented during Phase One.  There may be instances where evidence is relevant to both Phases and in the interest of efficiency should be admitted in

Phase One.[1]

Where an objection is made during the course of the presentation of evidence in Phase One, a determination will have to be made based on the evidence proffered and very limited argument from counsel.  However, this ruling should give firm guidance to the parties as to the evidence to be presented during Phase One.

IT IS ORDERED that BP's motion *in limine* to exclude Phase Two evidence from Phase One of the Trial (Rec. doc. 5109) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 25th day of January, 2012.

**CARL J. BARBIER**
**United States District Judge**

---

[1]  However, and by way of example, the November 21, 2001 email regarding the capability of ROVs to close BOP shear rams at various flow rates (rec. doc. 5234-1) is an example of a document which should be admitted in Phase Two: i.e. stopping the release of hydrocarbons.