# LISKOW&LEWIS
A Professional Law Corporation

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139
(504) 581-7979 Main
(504) 556-4108 Fax

822 Harding Street
Post Office Box 52008
Lafayette, LA 70505
(337) 232-7424 Main
(337) 267-2399 Fax

First City Tower
1001 Fannin Street, Suite 1800
Houston, TX 77002
(713) 651-2900 Main
(713) 651-2908 Fax

www.Liskow.com

January 25, 2012

**Don K. Haycraft**

Direct: (504) 556-4128
dkhaycraft@liskow.com

**<u>Via Email</u>**
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179
Our File No.: 10451.084

Dear Judge Shushan:

This letter will serve as BP's letter brief on the issue whether Transocean's President and Chief Executive Officer, Steven Newman, can be compelled to testify as a live witness at the upcoming Phase 1 trial. Rule 45(c)(3) permits a trial subpoena to be served on a "party" or a "party's officer." The Court has nationwide subpoena power to compel the appearance of parties and corporate officers. *See In Re Vioxx Products Liability Litigation*, 438 F.Supp. 2d 664 (E.D. La.) 2006). Mr. Newman is an <u>officer</u> of Transocean Ltd., an entity named as a <u>party</u> in the Plaintiffs' Master Answer and Master Complaint/Complaint in Admiralty (Record Doc. No. 879). Transocean Ltd. is also named as a party in BP's Counter-Claim, Cross-Claim, and Third-Party Complaint (Record Doc. No. 2074). No doubt exists – Transocean Ltd. is before the Court.

The attached excerpts from Transocean's 2010 Annual Report confirm that Mr. Newman is the President and CEO of Transocean Ltd. The Annual Report further identifies the four Transocean Plaintiffs-In-Limitation as 100 percent-owned subsidiaries of Transocean Ltd.[1]

Mr. Newman was deposed on September 30, 2011. BP intends to call Mr. Newman live at trial to prove, among other significant points, that:

---

[1] The four entities who filed the limitation action are Tranocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; Transocean Holdings, LLC; and Triton Asset Leasing, GmbH.

LISKOW&LEWIS                                                                     Page 2

January 25, 2012

- Transocean is the largest, most sophisticated, and most experienced offshore driller for technically-demanding environments, including those situations in which the pore pressure-fracture gradient is routinely narrow;

- He personally reviewed and signed the corporate Health and Safety Policy Statement effective as of December 15, 2009 (Ex. 1449);

- Transocean had primary responsibility for the safety of all of its operations, and its practice was to have Transocean's HSE policies govern on its drilling rigs;

- The Transocean Driller's key responsibilities include constant monitoring of the well for signs of a kick, and this responsibility is not contingent on the type or quality of the cement poured, the choice by the customer of the type of casing to be employed, or the number of centralizers chosen;

- The Driller is supposed to divert well fluids overboard if an influx gets into the riser, not divert to the mud-gas separator;

- Mr. Newman received daily incident reports from Transocean's fleet of 140 vessels around the world; notably, he quizzed his Gulf of Mexico management about a Driller on NAUTILUS for failing to pay attention on the drill floor for more than an hour (Ex. 5645);

- Mr. Newman received kick statistics and will testify that "kicks are not uncommon." Transocean expects its Drillers to catch and control kicks so they do not expand beyond 20 barrels in volume;

- During 2005 – 2009, Transocean rigs working on behalf of BP sustained no kick greater than 20 barrels; Shell, Chevron, and Anadarko were Transocean customers whose rigs sustained kicks greater than 20 barrels;

These and other key points BP will prove through Mr. Newman are best made via live testimony. Live testimony on critical subjects from Mr. Newman will be key evidence showing the relative roles of the well operator and the drilling contractor, the primary role Transocean possessed for safety of the Transocean rig and the personnel aboard, and Transocean's Driller's key responsibilities for well monitoring, kick detection, and well control.

Transocean makes two points to attempt to block this live testimony. One, Transocean claims a stipulation of May 6, 2011, thwarts any Rule 45 subpoena directed to an officer of Transocean Ltd. Two, Transocean alleges BP's untimeliness disallows its request for Mr. Newman's live appearance. Both defenses lack merit.

First, the stipulation[2] by its terms bars only "further discovery and briefing on the issue of personal jurisdiction with respect to Transocean Ltd." (Record Doc No. 2274). BP does not seek Mr. Newman's appearance at trial to prove personal jurisdiction over Transocean Ltd. BP seeks

---

[2] Attached as Exhibit A.

only substantive, merit-based testimony outlined above. BP's Rule 45 subpoena request in no way undermines the stipulation. In fact, the opposite is true. The stipulation allows counsel to accept service of process without prejudice to any personal jurisdiction defense.

Second, Transocean contends BP "waited too long" to announce its intentions to call Mr. Newman live.[3] BP points out, however, that the parties' final witness lists were not due until January 20, 2012. Mr. Newman is timely listed on that required witness list. Several months ago, on August 30, 2011, Judge Shushan ordered the parties to list "persons who were deposed and who they want to appear at the trial to provide live testimony" (Record Doc. No. 3579) (emphasis added). The Court will recall, of course, that Transocean resisted scheduling Mr. Newman's deposition in the first instance and that it did not take place until September 30, 2011. BP believed then and believes now that the Court's listing requirement as set forth in its August 30 order applied to persons "who were deposed," not to persons who had not yet been deposed. BP noted a caveat in its September 20, 2011, letter complying with the August 30 order that "BP reserves the right to supplement this list based on ongoing depositions." BP has now done precisely that.

In any event, any claim of untimeliness by Transocean rings hollow. Mr. Newman and Transocean have ample notice of this requested appearance. Proper preparation can be undertaken – especially given the likelihood that Mr. Newman will not be called for several weeks (at least) after the trial's opening day.

In sum, Mr. Newman is subject to a Rule 45 subpoena issued by this Court at BP's request. Transocean's objection should be denied.

Sincerely,

Don K. Haycraft

DKH/apf

cc:   MDL Liaison and Coordinating Counsel

---

[3] The notice was provided in open court on January 13, 2012, 45 days before trial will start with the plaintiffs' case-in-chief.