UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in | : | |
| the GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| | : | |
| | : | JURY TRIAL DEMANDED |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

MEMORANDUM IN SUPPORT OF CAMERON'S MOTION TO EXCLUDE
WITHDRAWN BOP CONTROL SYSTEM DESIGN OPINIONS
<u>PREVIOUSLY OFFERED BY BP'S EXPERT, ARTHUR ZATARAIN</u>

BP retained Arthur Zatarain to offer certain opinions concerning the subsea control system of the Deepwater Horizon blowout preventer ("BOP").  In his Expert Report (Ex. 1) submitted to the Court on January 17, 2012, Mr. Zatarain does not offer any opinions regarding alternative designs for the BOP control system.  However, some parties may attempt to introduce opinions from a prior version of Mr. Zatarain's report to suggest that the control system was defectively designed.  Consistent with the Supreme Court's opinion in *Daubert* and its progeny, alternative design opinions from Mr. Zatarain's prior report should be excluded for two, independent reasons.  <u>First</u>, Mr. Zatarain is not qualified to offer an expert opinion on BOP control system designs.  <u>Second</u>, Mr. Zatarain did not employ a reliable methodology in forming the alternative design opinions in his prior report.  Those withdrawn opinions are, therefore, unreliable and should not be considered by this Court.

**I.      Applicable Law**

The admission of expert testimony is governed by Federal Rule of Evidence 702 ("Rule 702") and the principles outlined in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *see also Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147–49 (1999) (extending

application of *Daubert* factors to engineers and other non-scientific experts). In admitting expert testimony, Rule 702 requires a trial court to make two preliminary determinations. First, the proffered expert witness must be qualified as an expert by knowledge, skill, experience, training or education. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998). Second, the proffered expert's opinion, inference or other testimony must be based on scientific, technical, or other specialized knowledge that will assist the trier of fact in understanding evidence or determining a fact in issue. *Id.* In *Daubert,* the Supreme Court explained that Rule 702 establishes two fundamental criteria: reliability and relevance.

Thus, a party seeking to admit expert testimony has the burden of demonstrating that the expert's findings and conclusions are based on sound principles and "intellectual rigor," so that a court may take comfort in relying on them. *Moore,* 151 F.3d at 276. "This requires some objective, independent validation of the expert's methodology." *Id*. Thus, "where [the expert] testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, the trial judge must determine whether the testimony has a 'reliable basis in the knowledge and experience of [the relevant] discipline.'" *Kumho Tire*, 526 U.S. at 149.

A party offering expert testimony must also establish that the proffered testimony is relevant. To establish that an opinion is relevant, its proponent must not only show that it is "based on scientifically valid principles," but must also establish an adequate "fit" between the opinions offered and the facts of the case. *Moore,* 151 F.3d at 276 (citing *Joiner v. General Elec. Co.*, 522 U.S. 136 (1997)). In this regard, proffered testimony may so clearly fail to show what it purports to show that it becomes irrelevant. *Pestel v. Vermeet Mfg. Co.*, 64 F.3d 382, 384 (8th Cir. 1995) (excluding as irrelevant opinion that attempted but wholly failed to establish existence of feasible alternative design).

## II.     Mr. Zatarain Is Not Qualified To Testify About BOP Control System Design

A trial court should not qualify a witness to give expert testimony regarding the design of a device if the witness has no "knowledge, skill, experience, training or education" regarding that device. Fed. R. Evid. 702; *see also Moore v. Ashland Chemical, Inc.*, 151 F.3d 269 (5th Cir. 1998). Indeed, even if the purported expert has broad scientific or technical expertise, he "cannot testify as an expert in regard to a mechanism if he has not had ample opportunity to practically apply his field of expertise to the mechanism at issue." *Poland v. Beaird-Poulan*, 483 F. Supp. 1256, 1259 (W.D. La. 1980). Here, Mr. Zatarain is not qualified to offer an expert opinion on BOP control system design and is therefore not qualified to offer expert testimony on alternative BOP control system designs.[1]

Mr. Zatarain testified during his deposition that his expertise with BOP control systems is limited to the *fabrication* and *testing* of BOP control systems. (Zatarain Depo. (Ex. 2) at 12-13.) He professed to have no specific expertise in the *design* of BOP control systems. (*Id.*)

Beyond a lack of expertise, Mr. Zatarain also acknowledged that he had no appreciable experience in the field. Specifically, when asked during his deposition whether he had any "experience in the design of BOP control systems," Mr. Zatarain answered: "Well, again, not specifically." (Zatarain Depo. at 13.) The only experience Mr. Zatarain identified was at Shell

---

[1] Mr. Zatarain is undoubtedly an expert in electrical engineering, including batteries and solenoids, and is therefore qualified to offer expert opinions on, *inter alia*, the state of the control pod batteries and whether the control pod solenoid valves functioned. However, while Mr. Zatarain has "had ample opportunity to practically apply his field of expertise [i.e., electrical engineering] to the mechanism at issue [i.e., control pod batteries and solenoids]," *Poland v. Beaird-Poulan*, 483 F. Supp. 1256, 1259 (W.D. La. 1980), he has never applied this expertise to BOP control system design. (*See* Zatarain Depo. at 12–13, 67–70, 72–73.)

3

Offshore "back in the '70s" related to "some monitoring" that he conducted on a fundamentally different type of blowout preventer. (*Id.*; *see also id.* at 72-73.)[2]

Outside of his professed lack of expertise and experience, Mr. Zatarain provided no reason to believe he is qualified to offer an expert opinion on BOP control system design. Despite being deposed as an expert in approximately fifteen other cases, this is the first case Mr. Zatarain has served as an expert examining a subsea BOP control system. (Zatarain Depo. at 62, 66.) He did not study BOP control system design while obtaining his formal education, and he has never taken any coursework related to BOP control system design. (*Id.* at 15-16.) Mr. Zatarain has operated his own consulting business since 1997, yet has never been hired as a consultant to examine a subsea BOP control system. (*Id.* at 66.) Finally, Mr. Zatarain's one patent is a medical device. (*Id.* at 70–72.)

Based on these facts, Mr. Zatarain lacks the requisite "knowledge, skill, experience, training or education" required by Rule 702 to offer opinion testimony on BOP control system design. Thus, any alternative design opinions from his prior report should be excluded from consideration by this Court. *See, e.g.*, *Sittig v. Louisville Ladder Grp. LLC*, 136 F. Supp. 2d 610 (W.D. La. 2001) (refusing to qualify expert because he had no experience designing the product at issue); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007) (same).

### III.   Mr. Zatarain Did Not Employ A Reliable Methodology In Forming Alternative Design Opinions

Even if Mr. Zatarain could be qualified as an expert in BOP control system design, opinions on alternative designs contained in his prior report are inadmissible because they are

---

[2] Even if monitoring is considered experience in the design of BOP control systems (control systems are concerned primarily with the operation, i.e., control, of the BOP and not monitoring), Mr. Zatarain's experience was limited to surface BOPs and had nothing to do with the design of subsea BOP control systems. (Zatarain Depo. at 13, 72-73.)

4

based on an unreliable methodology. When offering an alternative design opinion, the expert must have some evidentiary basis for concluding that an alternative design actually exists and would work in the application. *Milanowicz v. The Raymond Corp.*, 148 F. Supp.2d 525, 535 (D.N.J. 2001) (citing *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 992 (5th Cir. 1997)). It is not sufficient for an expert merely to describe some alternative. A reasonable alternative design "necessarily requires a showing that the alternative design would in fact reduce the risks of the product." *LaBelle ex rel. LaBelle v. Philip Morris, Inc.*, 243 F. Supp. 2d 508, 518 (D.S.C. 2001). Mr. Zatarain pointed to no such evidence here.

Mr. Zatarain did not demonstrate that any alternative designs "would in fact reduce the risks of the product." *LaBelle*, 243 F. Supp. 2d at 518. He admitted during his deposition that he had not done any engineering analysis to assess the "risk-utility" of any of the alternative designs identified in his prior report:

> Q: And for these alternative designs that you identified, you haven't done any engineering analysis to assess the risk utility of these designs, have you?
>
> A: No.

(Zatarain Depo. at 60.)[3] The Fifth Circuit has held that a failure to conduct a risk-utility analysis is a sufficient basis to exclude alternative design opinions. *See Guy v. Crown Equipment Corp.*, 394 F.3d 320, 327 (5th Cir. 2004); *Watkins*, 121 F.3d at 992; *see also LaBelle*, 243 F. Supp. 2d at 518.

---

[3] *See also* Zatarain Depo. at 51-52 (admitting he did not analyze whether his suggested alternative design of adding a second, redundant 27-volt battery would cause the BOP control pod to overheat); *id.* at 47-48 (admitting he did not perform a risk-utility analysis to determine whether his suggested alternative design of adding battery monitoring capabilities under load was worth the trade off in the resulting decrease in battery life); *id.* at 47 (admitting he did not perform a safety analysis to determine whether his suggested alternative design of adding battery monitoring capabilities without load would cause any false positive readings).

"In alternative design cases, one of most important aspects of an expert's testimony is whether the proposed alternative design or modification is feasible and/or compatible with the underlying design." *Milanowicz*, 148 F. Supp. 2d at 535 (citing *Watkins*, 121 F.3d at 992). Mr. Zatarain's prior report suggested three alternative designs for the Horizon BOP control system, but he acknowledged during his deposition that he had not analyzed whether any of those three alternative designs was even feasible. For each design, Mr. Zatarain testified that he had not analyzed whether the proposed equipment was capable of fitting in the BOP control pod.[4] Without analyzing whether the alternative BOP control system designs are feasible or whether they "would in fact reduce the risks of the product," his withdrawn opinions fail to meet the reliability standard of *Daubert* and should be excluded from consideration by this Court. *LaBelle*, 243 F. Supp. 2d at 518–19; *see also Guy*, 394 F.3d at 327; *Watkins*, 121 F.3d at 992.

## IV.  Conclusion

Mr. Zatarain properly withdrew his reasonable alternative design opinions. Mr. Zatarain is not qualified to offer expert opinions on BOP control system designs, and the withdrawn opinions are based on no reliable methodology. For the reasons set forth above, the Court should exclude such opinions in advance of trial.

---

[4] *See* Zatarain Depo. at 50-51 (admitting he did not examine, and had no opinion on, whether sufficient physical space was available in the BOP control pod for an additional, redundant 27-volt battery); *id.* at 40-41 (admitting that he did not examine whether a rechargeable battery existed in 1999 with sufficient power density[4] to fit into the BOP control pod); *id.* at 44-45 (admitting that he had not examined whether battery monitoring equipment could physically fit in the BOP control pod).

Respectfully submitted,

| | |
|---|---|
| */s/ David J. Beck*_____ | |
| David J. Beck, T.A. | Phillip A. Wittmann, 13625 |
|   *dbeck@brsfirm.com* | *pwittmann@stonepigman.com* |
| Joe W. Redden, Jr. | Carmelite S. Bertaut, 3054 |
|   *jredden@brsfirm.com* |   *cbertaut@stonepigman.com* |
| David W. Jones | Keith B. Hall, 24444 |
|   *djones@brsfirm.com* |   *khall@stonepigman.com* |
| Geoffrey Gannaway | Jared Davidson, 32419 |
|   *ggannaway@brsfirm.com* |   *jdavidson@stonepigman.com* |
| BECK, REDDEN & SECREST, L.L.P. | STONE PIGMAN WALTHER |
| One Houston Center | WITTMANN L.L.C. |
| 1221 McKinney St., Suite 4500 | 456 Carondelet Street |
| Houston, TX 77010 | New Orleans, Louisiana  70130 |
| Phone: (713) 951-3700 | Phone: (504) 581-3200 |
| Fax: (713) 951-3720 | Fax: (504) 581-3361 |

*Attorneys for Cameron International Corporation*


**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of January, 2012.

                                                       */s/ David J. Beck* _____
                                                       David J. Beck