UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions …………………………………………….. | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

### BP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO LIMIT THE TESTIMONY OF DR. FREDERICK "GENE" BECK

### INTRODUCTION

Dr. Frederick "Gene" Beck, Halliburton's expert on well design, well control, drilling, and well monitoring, impermissibly reaches numerous conclusions of law in his expert report and rebuttal report. The portions of Dr. Beck's reports and deposition testimony that impermissibly offer legal conclusions should be stricken and he should not be permitted to testify regarding these opinions at trial.

### BACKGROUND

Dr. Beck begins his report by opining that "BP repeatedly ignored accepted good drilling practices, *federal regulations*, and its own internal guidelines that required safety to be prioritized ahead of cost and time to production." Revised Report at 11 (emphasis added). Dr. Beck devoted a significant portion of his report to attacking BP's alleged violations of federal regulations in the design and execution of the Macondo well. *See e.g. id.* at 35, 51.

In his rebuttal report, Dr. Beck interpreted federal regulations related to safe drilling margins, top of cement, and temporary abandonment. *See* Rebuttal Report at 16-20. Dr. Beck's rebuttal report continued to make conclusions of law, alleging BP's conduct violated several

federal regulations, "at least 30 C.F.R. § 250.421, 30 C.F.R. § 250.427, and 30 C.F.R. § 250.401." *Id.* at 16, 20.

## ARGUMENT

### I. Dr. Beck's Legal Opinions Should Be Excluded.

The Fifth Circuit has clearly held that "an expert may never render conclusions of law." *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009). It has also concluded that an interpretation of a regulation or statute is a pure issue of law. *See Coca-Cola Co. v. Atchison, Topeka & Santa Fe Ry. Co.*, 608 F.2d 213, 222 (5th Cir. 1979). Further, numerous district courts in the Fifth Circuit have held that "experts cannot opine as to what law governs an issue or what the applicable law means because such opinions impermissibly intrude upon the role of the court." *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09CV226–SA–JAD, 2011 WL 2746301, at * 1 (N.D. Miss. July 12, 2011) (collecting cases from other circuits); *see also Mola Dev. Corp. v. United States*, 516 F.3d 1370, 1379 n.6 (Fed. Cir. 2008) ("Because the proper interpretation of . . . regulations is an issue of law, expert testimony relating to this question, such as the affidavit of a former government official, 'should not be received, much less considered.'") (citation omitted). Dr. Beck repeatedly offers legal opinions. Dr. Beck should not be permitted to testify regarding conclusions of law at trial.

A number of courts in the Fifth Circuit have excluded expert reports and testimony where the expert opined that a party had violated certain regulations. For example, in *In re Midland Enterprises, Inc.*, No. Civ.A. 00-3750, 2002 WL 31780156 (E.D. La. Dec. 11, 2002), David E. Cole, a retired United States Coast Guard officer whose specialty was marine safety, submitted a report in which he opined that "[T]he regulations of the United States Occupational Safety and Health Administration ("OSHA") pertaining to the protection of workers from exposure to hazardous substances were not observed by the owner of the M/V RITA, and this failure

2

contributed to the exposure of Mr. Hart to paint fumes." *Id.* at *1.  The defendants challenged Cole's testimony on the ground that it was "based on impermissible legal interpretations of federal regulations and it w[ould] not assist the trier of fact. . . ." *Id.*  This Court held that Cole's testimony that the defendants "violated OSHA regulations and that such violations constitute unseaworthiness and negligence are impermissible legal conclusions. It is well-established in the Fifth Circuit that Federal Rule of Evidence 704 does not permit an expert to render conclusions of law.  Expert testimony that offers a legal opinion is inadmissible."  *Id.* at *3 (citations omitted).

Similarly, in *Flynn v. Tex-Air Helicopters, Inc.*, No. 03-177, 2006 WL 5153149 (E.D. La. Feb. 22, 2006), this Court excluded the testimony of experts who purported to interpret the regulations of the Federal Aviation Administration.  *Id.* at *1.  The Court stated as follows:

> The opinions of Douglas Marwill and James Bradley involve their conflicting interpretations of FAA regulations/notices. As such, the opinions appear to offer legal conclusions about express governmental requirements. While appreciating the offer, this trier of fact discerns no need for assistance in such matters.

*Id.*

Here, Dr. Beck's report was replete with conclusions of law.  *See* Revised Report at 11-12, 23-24, 33-35, 51 (interpreting federal regulations and concluding that BP violated 30 C.F.R. §§250.421(e), 250.427(b)).  In his rebuttal report, Dr. Beck again provided an interpretation of several federal regulations, including 30 C.F.R. §§ 250.401, 250.421, and 250.427, and opined that BP violated these regulations.  *See* Rebuttal Report at 16-20.  Moreover, during his deposition, although Dr. Beck initially stated that he did not purport to give legal opinions in this case, he later conceded that he had drawn legal conclusions based off of his own interpretation of the federal regulations:

> Q. Okay. On the preceding page, page 23, you have a section where you say, "BP violated federal regulations." And then you cite two sections of the CFR; is that right?
>
> A. Correct.
>
> Q. Okay. And so you have taken it upon yourself to interpret the Code of Federal Regulations, apply your interpretation of that law to the facts in that case and then express an opinion?
>
> A. Yes.

Beck Dep. at 16, 58-59.  Dr. Beck also explained that his technique for interpreting the regulations in reaching these legal conclusions was to "peruse[] [MMS] rules here and offer[] opinions on them."  *Id.* at 63.  At the same time, Dr. Beck conceded:  "[As] I've stated a little bit earlier, I'm not an MMS expert so I don't work under MMS rules."  *Id.*

Given that courts in the Fifth Circuit have uniformly excluded expert reports and testimony purporting to reach conclusions of law, those opinions expressed by Dr. Beck in which he claims that BP violated federal regulations should not be permitted at trial.

## CONCLUSION

BP respectfully requests that the Court enter an order striking the portions of Dr. Beck's expert reports and deposition testimony which impermissibly reach conclusions of law, as well as precluding Dr. Beck from providing impermissible legal conclusions during his testimony in this case at trial.


Dated: January 24, 2012                                  Respectfully submitted,

                                                         /s / Don K. Haycraft

                                                         Don K. Haycraft (Bar #14361)
                                                         R. Keith Jarrett (Bar #16984)
                                                         LISKOW & LEWIS

One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of January, 2012.

/s/  Don K. Haycraft