UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DR. RORY R. DAVIS AND OTHERS**

Dr. Rory R. Davis, Mr. Patrick R. Novak, Dr. J. Neil Robinson and Mr. Raymond Merala have collectively submitted two reports (opening and rebuttal) on behalf of the United States concerning the *Deepwater Horizon*'s BOP.[1] Dr. Davis' opinions regarding the use of Best Available and Safest Technology ("BAST") under 35 U.S.C. § 250.107 with the *Deepwater Horizon* BOP should not be admitted into evidence.

Dr. Davis' opinions regarding BAST are not helpful to the Court, and constitute entirely impermissible legal conclusions barred by clear Fifth Circuit precedent. Moreover, even if it were permissible for an expert to usurp the Court's function and interpret federal regulations, Dr. Davis is not qualified to provide such testimony. By his own admission, Dr. Davis lacks the knowledge, skill, experience, training, or education that would qualify him as an expert with respect to BAST regulations, let alone qualifying to opine whether alternative BOP technologies constitute BAST. Indeed, prior to being retained as an expert witness, Dr. Davis had never seen the BAST regulations. BP therefore respectfully requests that the Court exclude Dr. Davis'

---

[1] Although Dr. Davis was the primary author, all four co-authors contributed to portions of the report. For the opinions that are the subject of this motion (Sections III.3 and III.4.d of the opening report), Dr. Davis was the sole contributor for Section III.3 and the primary contributor for Section III.4.d, and therefore BP refers to these opinions as Dr. Davis' opinions in this motion. Opening Report at 17-19; *see also* Davis Dep. at 143.

opinions regarding BAST and application of those regulations to the *Deepwater Horizon* BOP, and strike Sections III.3 and III.4.d of the opening report.

## BACKGROUND

At the time of the *Deepwater Horizon* incident, federal regulations provided that "the best available and safety technology [must be used] for all exploration, development, and production operations." 30 C.F.R. § 250.105. The federal regulations also provided guidance to the meaning of BAST:

> Best available and safety technology (BAST) means the best available and safest technologies that the Director determines to be economically feasible wherever failure of equipment would have a significant effect on safety, health, or the environment.

And further provided that "[i]n general, we consider your compliance with MMS regulations to be the use of BAST." 30 C.F.R. § 250.107(c).

Dr. Davis is a mechanical engineer who by his own admission has no experience in the oil and gas industry, had never read an MMS regulation prior to this matter, and has no expertise relating to the federal regulations that govern deepwater drilling operations. Davis Dep at 17, 29-30. Nonetheless, in his report, Dr. Davis offered opinions regarding whether the *Deepwater Horizon* BOP complied with BAST regulations in Sections III.3 and III.4.d. Davis Report at 11 ("Better and Safer Technology Was Available Since At Least 2006 That, If Implemented, Would Have Eliminated Malfunctions Associated With A Miswired Solenoid And/Or Inadequately Charged Batteries"); *id.* at 15 ("The Blind Shear Ram specifications are inadequate for this application and BP and Transocean failed to update the specification with the best available and safest drilling technology. These inadequacies include inability to center pipe, blades that do not cover the full well bore, and marginal cutting capacity"). In Section III.3, Dr. Davis opined that BP and Transocean should have implemented the Mark III control system, with its rechargeable

batteries and single coil solenoid design, on the *Deepwater Horizon* to comply with BAST. *Id.* at 11. Also, in Section III.4.d, Dr. Davis opined that BP and Transocean should have implemented an alternative shear ram technology (*i.e.*, Cameron's CDVS-type blind shear ram) to comply with BAST. *Id.* at 15-16.

## ARGUMENT

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, as interpreted by the Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Expert opinions must be relevant to be admissible, and to be relevant, the opinions must "assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 591-92. Legal opinions are irrelevant as "they do not assist the trier of fact to understand the evidence," but instead merely "tell[ ] the trier of fact what result to reach." *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09CV226-SA-JAD, 2011 WL 2746301 at *1 (N.D. Miss. July 12, 2011).

The Fifth Circuit has clearly held that "an expert may never render conclusions of law," *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009), and has held that an interpretation of a regulation is a pure issue of law. *See Coca Cola Co. v. Atchinson, Topeka & Santa Fe Ry. Co.*, 608 F.2d 213, 222 (5th Cir. 1979); *Mola Dev. Corp. v. United States*, 516 F.3d 1370, 1379 N6 (Fed. Cir. 2008) (rejecting expert testimony regarding the interpretation of federal regulations as this interpretation was an issue of law). These types of regulatory interpretations "impermissibly intrude upon the role of the court." *BNY Mellon*, 2011 WL 2746301 at *1.

**I.  Dr. Davis' Opinions Regarding BAST Should Be Excluded As Irrelevant Because They Are Impermissible Legal Conclusions.**

In his report, Dr. Davis opined that BAST was not implemented on the *Deepwater Horizon*, Davis Report at 3-4, 11, 15-16, and confirmed in his deposition that he was applying BAST as used under the federal regulations. Davis Dep. at 115, 369. By his own admission, Dr.

3

Davis therefore was interpreting the federal regulations with respect to BAST and applying it. Accordingly, Dr. Davis' regulatory interpretation as to whether the *Deepwater Horizon* complied with a federal regulation is a pure issue of law that impermissibly infringes on the role of the Court. *See, e.g., Flynn v. Tex-Air Helicopters, Inc.*, Civil Action No. 03-177, 2006 WL 5153149, at *1 (E.D. La. Feb. 22, 2006) (finding opinions interpreting FAA regulations to be inadmissible legal conclusions); *In re Midland Enters., Inc.*, No. Civ. A. 00-3750, 2002 WL 31780156, at *1-3 (E.D. La. Dec. 11, 2002) (finding expert opinion that Midland violated OSHA regulations to be an impermissible legal conclusion).  In sum, Dr. Davis' opinions and testimony regarding BAST should be excluded because "an expert may never render conclusions of law." *Goodman*, 571 F.3d at 399.

## II. Dr. Davis' Opinions Regarding BAST Are Also Irrelevant Because He Is Unqualified to Render These Opinions.

To be relevant, experts rendering opinions must be qualified. *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) ("[T]o qualify as an expert, 'the witness must have such knowledge or experience in his field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'").  To determine whether an expert possesses the necessary qualifications, Fifth Circuit courts generally examine the quality of experts' professional studies or personal experience. *Dart v. Kitchens Bros. Mfg. Co.*, 253 F. App'x 395, 398 (5th Cir. 2007); *see also Hills v. Fanuc Robotics Am., Inc.*, Civil Action No. 04-2659, 2010 WL 890223 at *5 (E.D. La. Mar. 5, 2010).  "District courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citing Fed. R. Evid. 702). Thus, "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.*

4

Dr. Davis admitted at deposition that he lacked any professional working experience with the oil and gas industry, had no experience with BOPs, and had never applied his engineering skills to any products relating to the oil and gas industry prior to the present litigation. Davis Dep. at 17, 18, 22, 23-24, 28. Dr. Davis also had never been employed by MMS (or BOEMRE), had never reviewed the federal regulations that he applied in his report prior to working on this matter, and disavowed any expertise relating to these federal regulations.[2] Davis Dep. at 29-30.

Dr. Davis lacks the appropriate experience and education to qualify as an expert on the federal regulation of BAST and its application. Because Dr. Davis admittedly "is not qualified to testify" on the issues of BAST and his testimony will not assist the Court, *Wilson*, 163 F.3d at 937, his BAST opinions and testimony should be excluded.

**III.   Dr. Davis' Opinions Regarding BAST Should Be Excluded Because They Are Unreliable.**

Under *Daubert*, expert testimony must not only be relevant, it must also be reliable. *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010). An expert's failure to consider all of the facts may render an expert's testimony unreliable. *Bell v. City of El Paso*, No. EP-08-CA-331-FM, 2009 WL 6371618, at *4 (W.D. Tex. Dec. 18, 2009); *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, No. EP-07-CV-247-PRM, 2010 WL 1645970, at *5-6 (W.D. Tex. Mar. 24, 2010) (excluding expert testimony regarding authorship when the expert failed to account for the impact of a transcriptionist). For example, in *Albert v. Jordan*, No. 05-516, 2007 WL 4124519 (W.D. La. Nov. 19, 2007), the court refused to admit expert testimony regarding the plaintiff's potential earning capacity where the expert failed to consider various factors such as prior wages and social security earnings in his analysis.

---

[2] Dr. Robinson apparently also contributed to one of the BAST sections (Section III.4.d), but like Dr. Davis, he also has no oil and gas industry experience, no previous experience with BOPs, has never worked with MMS and does not consider himself to have expertise interpreting federal regulations. Robinson Dep. at 34-39.

5

Here, Dr. Davis' BAST opinions should be excluded because they are unreliable as they fail to consider relevant facts. For example, Dr. Davis testified in his deposition that the BAST regulations provide that BAST should be used "whenever practical," but conceded that for the alternative technologies that he claims should have been implemented to meet BAST, he had not considered the practical implications for implementing them. Davis Dep. at 113-14, 370-71, 373-74; *see also* Robinson Dep. at 71 (attesting that you should also consider downsides in determining whether a particular technology constitutes BAST). With respect to his contention that the *Deepwater Horizon* BOP should have been equipped with Cameron's Mark III control system, Dr. Davis admitted that he had not studied the practical ramifications of its implementation, and that he conducted no analysis or research regarding certain technical issues that Cameron had raised with Mark III control system. Davis Dep. at 373-74. Dr. Davis further stated that he did not even know if it would be feasible to implement battery monitoring on the Cameron control system that was on the *Deepwater Horizon* BOP. *Id.* at 117-18.

Likewise, with respect to the CDVS-type ram that he concluded should have been implemented on the *Deepwater Horizon* BOP to meet BAST, Dr. Davis admitted at deposition that he had not considered certain known technical issues associated with the CDVS design in rendering this opinion. *Id.* at 104. And he further admitted that he had not conducted an analysis of the CDVS shearing capacity, or the activities required to install CDVS on the *Deepwater Horizon* as a practical matter or any issues that it may cause. *Id.* at 103-04.

Because Dr. Davis' opinions fail to consider all of the relevant facts, such as the practical considerations and potential downsides of particular alternative technologies that he claims should have been implemented to meet BAST, they should be excluded as unreliable.

## **CONCLUSION**

BP respectfully requests that the Court enter an order excluding Dr. Davis' opinions and testimony as contained in his reports regarding BAST because they are irrelevant and unreliable.

Dated: January 24, 2012                                Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of January, 2012.

                                                                                                          /s/  Don K. Haycraft__