## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE |
| …………………………………………….... | : | SHUSHAN |

### BP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DAVID O'DONNELL

In preparing to drill a well, a leasehold operator, such as BP, calculates a value known as maximum anticipated surface pressure ("MASP") and submits the MASP calculation with its Application for Permit to Drill ("APD") to MMS/BOEMRE for approval.  MASP is then used to evaluate certain well design aspects and also the suitability of certain equipment, such as the blowout preventer ("BOP").  BP did this for the Macondo well, and MMS approved the APD containing the MASP calculations.

Cameron's BOP expert, David O'Donnell, nonetheless opines that BP calculated MASP incorrectly, and concludes – based on his interpretation of BP policy – that the *Deepwater Horizon* BOP was not suitable for the Macondo well.  On this issue, Mr. O'Donnell lacks the necessary expertise and has not performed an adequate analysis to render his opinion.  BP therefore asks that the Court exclude Mr. O'Donnell's opinions regarding the MASP calculation and suitability of the *Deepwater Horizon* BOP as irrelevant and unreliable.[1]

---

[1] The relevant opinions in Mr. O'Donnell's original opening and rebuttal reports were mostly withdrawn in Cameron's January 17, 2012 submission to the Court of Mr. O'Donnell's direct examination.  If the Court grants this motion, BP nonetheless requests that the Court exclude each full paragraph on page 21 of Cameron's January 17, 2012 submission of Mr. O'Donnell's opening report.  To the extent that other parties seek to admit or use withdrawn portions of Mr. O'Donnell's original opening or rebuttal reports relating to MASP or BOP suitability, those opinions are likewise inadmissible for the reasons stated herein.

## BACKGROUND

Cameron's BOP expert David O'Donnell has forty years of experience designing BOPs and BOP components for a BOP manufacturer, but admits that he has no drilling operations experience.  O'Donnell Dep. at 22.  He admits that he has no expertise in the use of a BOP in a drilling operation or evaluating BOPs for use with a specific well.  *Id.* at 23:3-6, 44:20-22.

Mr. O'Donnell also testified that he has no experience or expertise regarding the calculation of MASP and has performed no evaluation as how others in the industry evaluate MASP:

> Q.    Prior to working on this case, have you ever calculated maximum anticipated surface pressure?
>
> A.    No, sir.
>
> Q.    Have you ever used maximum anticipated surface pressure in your work prior to this case?
>
> A.    No.
>
> Q.    You don't consider yourself to be an expert in the calculation of maximum anticipated surface pressure, correct?
>
> A.    Correct.
>
> Q.    Have you had any discussions with other individuals in the industry regarding calculation of MASP?
>
> A.    I have not.
>
> Q.    In forming your opinions in this case, did you conduct any survey of maximum anticipated surface pressure calculations performed by other companies?
>
> A.    I have not.
>
> Q.    Have you conducted any review of applications for permit to drill that have been submitted by other companies that contain MASP calculations?
>
> A.    I have not.

Q.     Have you conducted any interviews with operators relating to their
       policies regarding maximum anticipated surface pressure?

A.     I have not.

Q.     Have you conducted any interviews with drilling contractors to understand
       their policies related to maximum anticipated surface pressure?

A.     I have not.

O'Donnell Dep. at 100:14 - 101:21.

For evaluating MASP, Mr. O'Donnell also did not have any discussions with MMS or

BOEMRE employees, consider MMS or BOEMRE communications to the industry regarding

MASP, or review the depositions of the MMS employees who were deposed in this case.  *Id.* at

100:6-9; 103:14 - 104:25.   Beyond BP's policies, Mr. O'Donnell did not consider any other

policies of operators or drilling contractors:

Q.     Apart from BP's policies and Transocean's policies, have you reviewed
       any other operator or drilling contractor policies relating to maximum
       anticipated surface pressure?

A.     No, I have not.

       ***

Q.     Did you review Transocean's policy relating to calculation of maximum
       anticipated surface pressure prior to submitting your expert reports in this
       case?

A.     I don't believe I did.

       ***

Q.     Have you reviewed applications for permits to drill that BP has submitted
       with respect to other wells other than Macondo?

A.     No.

*Id.* at 102:2-18; 105:11-14.

Mr. O'Donnell opines that the *Deepwater Horizon* BOP was not suitable for the Macondo well based on his conclusion that MASP was incorrectly calculated. O'Donnell Report at 21. In particular, Mr. O'Donnell evaluates a BP policy and concludes that this policy requires BP to calculate MASP with a 100% gas column. *Id.* Because BP used a 50% gas column (with 50% mud) for the MASP calculation in the approved Macondo APD (Dep. Ex. 1339), Mr. O'Donnell contends that BP did not follow its own policy and miscalculated MASP. O'Donnell Report at 21. The BP policy that Mr. O'Donnell cites does not mention MASP, but references a different value, "maximum allowable wellhead pressure" ("MAWP"): "the ***maximum allowable wellhead pressure*** shall take into account a gas column to surface for exploration . . . wells." O'Donnell Report at 21 (citing Dep. Ex. 215) (emphasis added).

Using a 100% gas column as Mr. O'Donnell urges would yield a MASP pressure of 10,757 psi at the mud line, rather than the MASP of 8,404 psi that was submitted to and approved by the MMS. *Id.* According to Mr. O'Donnell, the BOP may not have been suited for the higher MASP number. O'Donnell Report at 21.

## ARGUMENT

**I.    Mr. O'Donnell's Opinions on MASP and BOP Suitability Are Not Relevant Because They Will Not Assist the Trier of Fact.**

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, as interpreted by the Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Under *Daubert*, expert opinions must be relevant to be admissible. *Daubert*, 509 U.S. at 591. To be relevant, the opinions must "assist the trier of fact to understand or determine a fact in issue," *id.* at 592, and the expert must be qualified to render them. *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) ("[T]o qualify as an expert, the witness must have such knowledge

or experience in his field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.").

To determine whether an expert is qualified, courts generally examine the quality of the expert's professional studies or personal experience. *Dart v. Kitchens Bros. Mfg. Co.*, 253 F. App'x 395, 398 (5th Cir. 2007); *see also Hills v. Fanuc Robotics Am., Inc.*, No. 04-2659, 2010 WL 890223, at *5 (E.D. La. Mar. 5, 2010). "District courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citing Fed. R. Evid. 702). Because Mr. O'Donnell lacks the requisite "knowledge, skill, experience, training, or education" for evaluating MASP, that opinion, and all that depend on it, should be excluded.

In forming his opinion that MASP should be calculated using a 100% gas column rather than a 50% gas column, Mr. O'Donnell relies on his interpretation of BP's policy. O'Donnell Dep. at 115:5-16. Mr. O'Donnell, however, admits that he has no expertise interpreting BP's policy, has no general experience calculating MASP and has performed no research on the topic that would benefit the Court. *Id.* at 100-102, 126.

The BP policy on which Mr. O'Donnell relies to support his opinion that BP policy requires 100% gas column, GP 10-10, references "maximum allowable wellhead pressure," not MASP. When questioned as to why he concluded that maximum allowable wellhead pressure (MAWP) is the same as maximum anticipated surface pressure (MASP), Mr. O'Donnell cited solely the deposition testimony of BP employee Andrew Frazelle:

Q.    You don't consider yourself to be an expert in interpreting BP's policies, correct?

A.    Correct.

> Q.    And so your reliance for understanding that "maximum allowable wellhead pressure" is the same as "maximum anticipated surface pressure" is the testimony of Mr. Frazelle, correct?
>
> A.    Yes.
>
> Q.    Is there anything else that you're relying upon to support your conclusion that "maximum allowable wellhead pressure" is the same as "maximum anticipated surface pressure" --
>
> A.    No.

*Id.* at 126:21-127:8.  Although BP disputes that Mr. Frazelle testified that MAWP and MASP are the same, the salient point regarding the relevance of Mr. O'Donnell's opinions is that the Court is equally capable of reading BP's policy and relevant testimony and does not need any expert assistance to do so.  Mr. O'Donnell's opinions regarding MASP are thus not relevant and not admissible.  Because Mr. O'Donnell's opinion regarding the BOP's suitability for Macondo depends solely on his MASP opinion, it is not relevant either.

## II.    Mr. O'Donnell's Opinions Regarding MASP Are Unreliable.

Under *Daubert*, to be admissible, expert testimony must be reliable as well as relevant.  *Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 378 (5th Cir. 2010).  Mr. O'Donnell's opinions regarding MASP and BOP suitability are also unreliable and should be excluded.

### A.    Mr. O'Donnell Did Not Employ a Reliable Methodology to Support His MASP Opinions.

For an expert's opinions to be reliable, the methodology underlying his opinions must also be reliable. *Daubert*, 509 U.S. at 592-93 (1993).  The Fifth Circuit has stated that for an expert's methodology to be reliable, there must be some "objective, independent" validation of it. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).  An expert's failure to consider all of the facts, or selective consideration of the facts, renders the expert's testimony unreliable.  *Bell v. City of El Paso*, No. EP-08-CA-331-FM, 2009 WL 6371618, at *4 (W.D.

Tex. Dec. 18, 2009).  An expert's assurance that his methodology is scientific or generally accepted within his field is insufficient. *Moore*, 151 F.3d at 276.  Mr. O'Donnell did not employ a reliable methodology to render his opinions regarding MASP and BOP suitability because he failed to consider relevant evidence.

### 1.    Mr. O'Donnell Did Not Consider the Federal Regulations.

Mr. O'Donnell claims to base his opinions on a federal regulation, stating that "MASP is the appropriate number [for determining BOP suitability] . . . because Federal Regulations require that a BOP have blind shear rams [that] are 'capable of shearing any drill pipe in the hole under [MASP].'" O'Donnell Report at 21 (quoting 30 C.F.R. § 250.442(a)).[2]  Because Mr. O'Donnell's MASP opinions are based solely on his reading of BP policy, he did not consider the federal regulation that provides that MASP should be calculated according to what is reasonably expected at the wellhead.  *See* 30 C.F.R. § 250.413(f).  When asked about the federal regulation's definition of MASP, Mr. O'Donnell testified that he disagreed with it:

> Q.    And if you go to [30 C.F.R. 250.413] point (f), it states: Maximum anticipated surface pressures, correct?
>
> A.    Yes.
>
> Q.    And it reads: For this section, maximum anticipated surface pressures are the pressures that you reasonably expect to be exerted upon a casing string and its related wellhead equipment. Correct?
>
> A.    Correct.
>
> Q.    And you disagree with [the C.F.R.'s] definition of "maximum anticipated surface pressure"?
>
> A.    Well, it hadn't defined anything yet.
>
> Q.    (BY MR. COLLIER) Okay. But you'd disagree that it should be what is reasonably expected to be exerted upon the wellhead equipment --

---

[2] The regulation quoted by Mr. O'Donnell was promulgated after the Macondo incident.

Q.      (BY MR. COLLIER) – correct?

A.      I disagree. If that is – if that's not the maximum pressure that that well can provide up to the BOPs, then I would disagree with that. You've got to be prepared.

Q.      (BY MR. COLLIER) You'd agree that that is how the federal regulations define maximum anticipated surface pressures, correct?

A.      That is the way the federal relate – regulations read right now.

O'Donnell Dep. at 128:19-129:22 (objections omitted).  Mr. O'Donnell's interpretation conflicts with the federal regulation, indicating a lack of reliability.

### 2.      Mr. O'Donnell Did Not Consider Relevant Testimony.

Mr. O'Donnell testified that he relied on Mr. Frazelle's testimony in equating maximum anticipated surface pressure (MASP) and maximum allowable wellhead pressure (MAWP). O'Donnell Dep. at 125:3-12.  Mr. Frazelle, however, did not testify that these terms were the same, but did testify that—consistent with the federal regulations—BP's policy for MASP incorporates the concept of reasonable expectations, and that using a 50% gas column to calculate MASP is reasonable.  Frazelle Dep. at 586:2-588:10.  BP casing engineer Rich Miller also testified unambiguously that MASP and MAWP are different, and that BP policy does not require using a 100% gas column to calculate MASP:

Q.      All right? So you said the maximum anticipated or maximum allowable is different in your opinion?

A.      Yes, those are two different things.

        ***

Q.      (By Mr. Lundy) Okay. And it's my understanding that what this means is that the – when you're measuring MASP, you test it at a hundred percent column of gas to surface; is that correct?

A.      No, that's not correct.

> ***
>
> Q.    Well, when you – when BP does the MASP calculation for MMS, is -- is that something different than Maximum Allowable wed -- Wellhead Pressure?
>
> A.    Yes, it is.
>
> Q.    And how is that different?
>
> A.    The – the supporting document for the APD included a Maximum Anticipated Surface Pressure calculation that reflected our best understanding of how MMS wanted to see that calculation performed, and so it is a different definition.

R. Miller Dep. at 73:16-19; 79:14-20; 82:16-83:2.  Mr. O'Donnell testified that he has not evaluated Mr. Miller's testimony regarding this issue.  O'Donnell Dep. at 125:13 - 126:7.  Mr. O'Donnell has also not looked at other BP APDs containing MASP calculations to evaluate whether they are inconsistent with his MASP opinion.  O'Donnell Dep. at 105:11-14.

### 3.    Mr. O'Donnell Did Not Consider Industry Practice.

Mr. O'Donnell's opinions are also unreliable because they do not consider and are inconsistent with industry practices regarding the calculation of MASP.  For example, a 2006 study commissioned by the MMS and performed by West Engineering found that the mud/gas ratio used by companies "varies from 40 to 70 percent," and recommended the use of 60% gas column for calculating MASP, stating that it was "as technically validated as any other number." Dep. Ex. 7550 at XRD005-000346.  Further, although APDs submitted to MMS show that other operators use similar or less conservative gas/mud gradients for calculating MASP,   Mr. O'Donnell was not aware of those APDs and did not conduct any research to evaluate how other operators calculate MASP.  O'Donnell Dep. at 101:4-13; Dep. Exs. 7547-50.  This further demonstrates the lack of reliability of Mr. O'Donnell's opinions regarding MASP and BOP suitability.

## CONCLUSION

Mr. O'Donnell admittedly has no expertise evaluating MASP or BP's policies.  Mr. O'Donnell's opinions regarding MASP calculations are irrelevant because he lacks the necessary expertise to benefit the Court, and are unreliable because he used a flawed methodology.  BP therefore respectfully requests that Mr. O'Donnell's opinions regarding the MASP calculation and suitability of the *Deepwater Horizon* BOP be excluded from evidence at trial.

Dated: January 24, 2012                                   Respectfully submitted,

                                                          /s / Don K. Haycraft

                                                          Don K. Haycraft (Bar #14361)
                                                          R. Keith Jarrett (Bar #16984)
                                                          LISKOW & LEWIS
                                                          One Shell Square
                                                          701 Poydras Street, Suite 5000
                                                          New Orleans, Louisiana 70139-5099
                                                          Telephone: (504) 581-7979
                                                          Facsimile: (504) 556-4108

                                                          and

                                                          Richard C. Godfrey, P.C.
                                                          (richard.godfrey@kirkland.com)
                                                          J. Andrew Langan, P.C.
                                                          (andrew.langan@kirkland.com)
                                                          Timothy A. Duffy, P.C.
                                                          (tim.duffy@kirkland.com)
                                                          Kirkland & Ellis LLP
                                                          300 North LaSalle Street
                                                          Chicago, IL 60654
                                                          Telephone: (312) 862-2000
                                                          Facsimile: (312) 862-2200

                                                          and

                                                          Robert C. "Mike" Brock
                                                          (mbrock@cov.com)
                                                          Covington & Burling LLP

1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration &*
*Production Inc. & BP America Production*
*Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of January, 2012.

/s/  Don K. Haycraft__