UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
|            Horizon" in the Gulf of Mexico, on | : | |
|            April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE
CERTAIN OPINIONS AND TESTIMONY OF DR. GLEN STEVICK**

**INTRODUCTION**

Dr. Glen Stevick, Halliburton's purported blowout preventer ("BOP") expert, should not be permitted to opine at trial regarding (i) the purpose, intent, meaning or requirements of Minerals Management Service (MMS)[1] regulations concerning "Best Available and Safest Technology" ("BAST"), 30 CFR § 250.105 *et seq.*, and (ii) whether the *Deepwater Horizon* BOP complied with BAST at the time of the *Deepwater Horizon* incident.  Similarly, BP requests that the Court strike and exclude the portions of Dr. Stevick's reports that contain his BAST opinions:  pages 26 through 31 of Dr. Stevick's initial report of October 17, 2011, and pages 14 through 18 of Dr. Stevick's rebuttal report of November 7, 2011.[2]

Dr. Stevick's opinions regarding BAST are not helpful to the trier-of-fact--rather, they consist entirely of impermissible legal conclusions barred by clear Fifth Circuit precedent. Moreover, even if it were permissible for an expert to usurp the Court's function and interpret

---

[1] As of October 1, 2011, federal regulations concerning BAST are administered by the Bureau of Safety and Environmental Enforcement (BSEE).

[2] Halliburton served amended expert reports dated January 17, 2012, for Dr. Stevick, both of which also contain inadmissible opinion testimony regarding federal BAST regulations. Accordingly, the Court should also strike and exclude pages 21 through 26 of Dr. Stevick's amended initial report and pages 10 through 14 of Dr. Stevick's amended rebuttal report.

federal regulations, Dr. Stevick is far from qualified to provide such testimony. By his own admission, he has no knowledge, skill, experience, training, or education that would qualify him as an expert with respect to the MMS BAST regulations (or any MMS regulations pertaining to BOPs) that are the subject of his proffered testimony. Indeed, prior to being retained by Halliburton as an expert witness in this litigation, he had never even seen the BAST regulations.

## BACKGROUND

At the time of the *Deepwater Horizon* incident, MMS regulations provided that "Best available and safest technology (BAST) means the best available and safest technologies ***that the Director determines*** to be economically feasible wherever failure of equipment would have a significant effect on safety, health, or the environment." 30 C.F.R. § 250.105 (2009) (emphasis added). Once identified as BAST by the Director of MMS, a specific technology must be used in exploration, development, and production operations so long as it is "practical." 30 C.F.R. § 250.107(c) (2009) ("You must use the best available and safest technology (BAST) whenever practical on all exploration, development, and production operations."). Dr. Stevick did not identify in his reports, and could not identify during his deposition, any specific BOP technology that the Director of MMS had determined to constitute BAST at the time of the *Deepwater Horizon* incident. Stevick Dep. at 136:11-137:7.

In the absence of any particular technologies specified for use by the Director of MMS, the regulations further provide: "In general, we consider your compliance with MMS regulations to be the use of BAST." 30 C.F.R. § 250.107(c) (2009). Importantly, Dr. Stevick offered no opinions with respect to whether the *Deepwater Horizon* BOP complied with other MMS regulations applicable to BOPs:

> Q: You're not expressing any opinion in this case that the BOP in place on the DEEPWATER HORIZON on April 20th, 2010, was in violation of any other MMS Regulation?

   A: Not violation.

Stevick Dep. at 533:9-13.

  Thus, Dr. Stevick offered no opinion that the *Deepwater Horizon* BOP violated BAST regulations as written. Instead, Dr. Stevick read 30 C.F.R. §§ 250.105 and 250.107(c) out of the regulations entirely, substituting his own hindsight judgment for that of the Director of MMS as to what was required to meet MMS BAST regulations. Dr. Stevick's reports contained numerous opinions regarding the requirements of his version of BAST. In his opening report, Dr. Stevick devoted an entire section, headed "BP Failed to Implement BAST in the BOP," to the issue of whether the *Deepwater Horizon* BOP design complied with his construction of the BAST regulations. Stevick Report at 26-31. Dr. Stevick opined that the BAST regulatory scheme required the *Deepwater Horizon* BOP to include specific technologies, such as double-V-blade blind-shear rams, two sets of blind-shear rams, upgraded Mark III control pods, and acoustic backup control systems. Dr. Stevick's rebuttal report contains several similar opinions. Rebuttal Report at 11-12, 15-16, 17. Of course, Dr. Stevick was forced to admit during deposition that none of the technologies identified in his reports were ever determined by MMS to constitute BAST as required by 30 C.F.R. §§ 250.105 and 250.107(d). Stevick Dep. at 76:5-21, 136:7-137:7, 137:10-17, 137:20-138:12; 141:25-142:4.

## ARGUMENT

**I. Dr. Stevick's Opinions Regarding BAST Should Be Excluded Because They Are Impermissible Legal Conclusions.**

  The admissibility of expert testimony is governed by Federal Rule of Evidence 702, as interpreted by the Supreme Court in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Under *Daubert*, expert opinions must be relevant to be admissible. *Daubert*, 509 U.S. at 591. In order to be relevant, the opinions must "assist the trier of fact to understand or determine a fact in

3

issue." *Id.* at 592.  Legal conclusions are not relevant testimony as "they do not assist the trier of fact to understand the evidence," but instead merely "tell[] the trier of fact what result to reach." *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09CV226-SA-JAD, 2011 WL 2746301 (N.D. Miss. July 12, 2011).

Accordingly, the Fifth Circuit has held that "an expert may never render conclusions of law." *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009).  The Fifth Circuit has also held that an interpretation of a regulation is a pure issue of law. *See Coca Cola Co. v. Atchinson, Topeka & Santa Fe Ry. Co.*, 608 F.2d 213, 222 (5th Cir. 1979); *see also Mola Dev. Corp. v. United States*, 516 F.3d 1370, 1379 (Fed. Cir. 2008) (rejecting expert testimony regarding the interpretation of federal regulations as this interpretation was an issue of law); *Flynn v. Tex-Air Helicopters, Inc.*, Civil Action No. 03-177, 2006 WL 5153149, at *1 (E.D. La. Feb. 22, 2006) (finding opinions interpreting FAA regulations and notices to be inadmissible legal conclusions); *In re Midland Enters., Inc.*, No. Civ.A. 00-3750, 2002 WL 31780156, at *1-3 (E.D. La. Dec. 11, 2002) (finding expert opinion that Midland violated OSHA regulations to be an impermissible legal conclusion).  Expert interpretations of federal regulations "impermissibly intrude upon the role of the court." *BNY Mellon*, 2011 WL 2746301, at *1.

Throughout his reports, Dr. Stevick opines that certain specific technologies applicable to BOPs were required under MMS BAST regulations. But the regulations are clear that no technology is required to be implemented to satisfy BAST until the Director of MMS makes a determination that the specific technology constitutes BAST.  30 C.F.R. §§ 250.105, 250.107(d) (2009). Confronted with the plain language of the regulation, Dr. Stevick simply ignored it.  For example, Dr. Stevick stated at his deposition, "I think 'BAST' means exactly what it says. I know there's [sic] statements about what the Director says it is, but he's far removed from the

4

details, and he's more looking at the concepts." Stevick Dep. at 62:5-9.  When asked specifically about the requirements of 30 C.F.R. § 250.105, Dr. Stevick testified:

> Q:  And, therefore, what is BAST is determined by the Director of the MMS, correct?
>
> A:  That's what the words say, but in actuality, it's – he looks at a broad brush, and like all codes and standards, this is a minimum. Not a maximum. . . . ***He's assuming*** that the BOP that you put in is fit for service.  And that means using BAST.  ***He's not getting into the details. I think that's – that's crazy***.

*Id.* at 120:14-121:2 (emphasis added).  Thus, because Dr. Stevick believed that it is "crazy" to expect the Director of MMS to have engaged in the BAST determination process set forth in the regulations themselves, he opined that the definition of BAST must be something other than what is set forth in 30 C.F.R. § 250.105.  In doing so, Dr. Stevick seeks to tell this Court how to interpret MMS BAST regulations.  Aside from violating clear Fifth Circuit precedent regarding the permissible scope of expert testimony under Federal Rule of Evidence 702, Dr. Stevick's construction violates a basic canon of statutory interpretation:  "It is an elementary precept of statutory construction that the definition of a term in the definitional section of a statute controls the construction of that term wherever it appears throughout the statute."  *Fla. Dep't of Banking & Fin. v. Bd. of Governors of Fed. Reserve Sys.*, 800 F.2d 1534, 1536 (11th Cir. 1986); *see also Conoco, Inc. v. Fed. Energy Regulatory Comm'n*, 622 F.2d 796, 800 (5th Cir. 1980) (applying "the general rule that the definition supplied by the legislature should be used").

As Dr. Stevick's opinions regarding BAST are nothing more than his (erroneous) interpretations of federal regulations, they are impermissible legal conclusions that impinge on the role of the court.  As stated in *BNY Mellon*, "they do not assist the trier of fact to understand the evidence," but instead merely "tell[ ] the trier of fact what result to reach."  2011 WL 2746301, at *1.  They should therefore be excluded.

5

## II. Dr. Stevick Is Not Qualified to Render Opinions Regarding BAST.

Even if expert opinion testimony regarding the interpretation of the MMS's BAST regulations were permissible, Dr. Stevick would not be the proper source of such testimony. For an opinion to be relevant, the expert submitting the opinion must be qualified to render it. *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) ("to qualify as an expert, 'the witness must have such knowledge or experience in his field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'"). To determine whether an expert possesses the necessary qualifications, courts within the Fifth Circuit generally examine the quality of experts' professional studies or personal experience. *Dart v. Kitchens Bros. Mfg. Co.*, 253 F. App'x 395, 398 (5th Cir. 2007); *see also Hills v. Fanuc Robotics Am., Inc.*, Civil Action No. 04-2659, 2010 WL 890223, 5 (E.D. La. Mar. 5, 2010). "District courts must be assured that the proffered witness is qualified to testify by virtue of his 'knowledge, skill, experience, training, or education.'" *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (citing Fed. R. Evid. 702). Thus, "[a] district court should refuse to allow an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject." *Id.*

Under these standards, Dr. Stevick lacks the requisite qualifications to render the impermissible legal-conclusion opinions he offers regarding the implementation of BAST on the *Deepwater Horizon* BOP. Dr. Stevick is a Mechanical Engineer who specializes in failure analysis. *See* Opening Report at Appx. D. Dr. Stevick is not an attorney and admittedly has no prior experience interpreting the MMS regulations at issue. Stevick Dep. at 59:5-60:5. Before this case, Dr. Stevick had never previously seen or read the MMS BAST regulations he seeks to redefine here. *Id.* at 53:24-54:15. He has never worked for MMS in any capacity. *Id.* at 59:5-7. None of Dr. Stevick's previous litigation work has related to BOPs, so none of it could possibly relate to the interpretation of the MMS's BAST regulations. *Id.* at 58:13-59:1. Indeed, Dr.

6

Stevick has never been responsible, in any capacity, for determining whether a BOP complies with any MMS regulation:

> Q: Okay. Have you ever had any responsibility with any of your prior employers for determining Regulatory Compliance with MMS BOP requirements?
>
> A: No, I've not.

*Id.* at 59:15-19. Given his distinct lack of experience with MMS BAST regulations, Dr. Stevick's opinions are based merely on what the regulations "seem[] to suggest" to him. *Id.* at 104:23-105:5. Dr. Stevick lacks the credentials to provide expert testimony regarding MMS regulatory requirements.

Dr. Stevick's lack of experience is only exacerbated by his failure to collect or rely on any information that might have been helpful in understanding how the BAST regulations at issue in this case have been implemented by MMS. He did not review the transcripts of depositions of any MMS employees taken in this litigation. Stevick Dep. at 59:11-14. He admittedly made no effort to determine what information the Director of MMS or any other MMS employees had regarding the state of the *Deepwater Horizon* BOP. *Id.* at 124:1-125:9. He did not investigate whether MMS had ever cited an operator or drilling contractor for a BAST violation for failing to utilize any of the technologies he believes were required by MMS regulations. *Id.* at 76:5-21, 137:10-138:12, 141:25-142:4. He did not conduct or rely on any independent interviews with MMS employees or other people who had the kind of experience with MMS regulations that he lacked. *Id.* at 59:8-10.

Given Dr. Stevick's manifestly deficient experience and knowledge with respect to MMS regulations, and given Dr. Stevick's failure to make any meaningful effort to gather any information that might allow him to remedy those deficiencies in part, he should not be permitted to opine on the meaning of MMS BAST regulations. Indeed, while Dr. Stevick is singularly ill-

7

qualified to opine on the BAST regulations at issue here, no purported expert should be permitted to intrude on the court's prerogative of interpreting federal regulations, as Dr. Stevick has done. Accordingly, Dr. Stevick's opinions regarding BAST should be excluded.

## **CONCLUSION**

BP respectfully requests that the Court enter an order:

- Precluding Dr. Stevick from offering any opinion at trial as to the interpretation of the MMS's BAST regulations or the application of those regulations to the *Deepwater Horizon* BOP; and

- Striking and excluding the portions of Dr. Stevick's reports that relate to BAST:

    - Pages 26 through 31 of Dr. Stevick's initial report of October 17, 2011;

    - Pages 14 through 18 of Dr. Stevick's rebuttal report of November 7, 2011;

    - Pages 21 through 26 of Dr. Stevick's amended initial report of January 17, 2012; and

    - Pages 10 through 14 of Dr. Stevick's amended rebuttal report of January 17, 2012.

Dated: January 24, 2012                                  Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of January, 2012.

/s/ Don K. Haycraft