

SCOTT C. BARNES
BRIAN H. BARR
M. ROBERT BLANCHARD
BRANDON L. BOGLE
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
RACHAEL R. GILMER
KRISTIAN KRASZEWSKI
KIMBERLY R. LAMBERT
FREDRIC G. LEVIN
MARTIN H. LEVIN

ROBERT M. LOEHR
KATHERINE McFARLAND
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
K. LEA MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO

ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
AMANDA R. SLEVINSKI
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
AARON L. WATSON

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

BEN W. GORDON, JR.

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

January 25, 2012

**VIA ELECTRONIC MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Lousiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

      Re:  MDL Phase 2 Discovery – Deposition Schedule

Dear Judge Shushan:

      Despite repeated requests, BP continues to negotiate the deposition schedule without the PSC.  The PSC has unique interests pertaining to Source Control that are not as important to the United States and other parties.  In Mr. Gasaway's most recent letter to the Court, he failed to include the PSC's comments to BP's proposed schedule – a schedule that delays the depositions of BP witnesses and attempts to bifurcate the quantification issues from the source control issues.  This bifurcation noticeably attempts to delay the 30(b)(6) depositions of BP witnesses on issues of source control.

      Mr. Gasaway suggests in his letter that the United States and BP will have to "contribute the most time and effort to conducting and managing Phase 2's 30(b)(6) discovery."  This is simply not true.  While BP and the United States may have the majority of the witnesses to prepare and present for depositions, the PSC will likely be the primary entity examining these witnesses.  Given this reality, the PSC must be included in the deposition scheduling process.  The PSC has a great interest in the source control and quantification issues present in Phase 2 and believe that it is the primary entity concerned with the question of source control.  The PSC does not believe it is appropriate to exclude it from the scheduling discussions and force the PSC to wait for the United States and BP to come to an agreement.  This is especially true given that the PSC is the primary entity concerned with the source control question.  Depositions are scheduled to start on February 23, and the PSC believes, as the party carrying the burden of proof, that it should be able to decide the order in which it conducts discovery.

      The PSC believes that the Phase 2 scheduling proposal submitted by BP is completely unworkable.  The proposed delay of source control depositions and any

BP witness is completely self-serving and unacceptable.  We believe the best course forward is to schedule deposition topics as requested by the parties based upon the availability of the parties and the witness.  It will be completely unworkable to wait to schedule depositions on some topics while we wait for depositions to be taken on other topics.  There is simply no good reason to further delay.

As to BP's first suggestion, the PSC does not believe it is necessary to wait 45 days to schedule a specific deposition topic.  If BP wants to do that for US witnesses, we have no objection.  However, as it pertains to BP and the other parties, it has been represented that the majority of documents have been produced in response to the various document requests and that the most recent production will be substantially complete by January 19.  The PSC will be ready to proceed with the depositions of BP on the requested topics by February 23.  We are working under tight timelines and cannot afford to continue the delay.

As to the second proposal, the PSC is opposed to staggered or bifurcated depositions.  Given the extensive number of topics that must be covered, it is not feasible to try to bifurcate discovery.  As in Phase 1, we will be conducting depositions on multiple tracks.   Such a process is necessary to complete Phase 2 discovery in advance of expert discovery for Phase 2 of the trial.   Given the broad agreement on the majority of proposed deposition topics, there is no good reason for waiting to identify the witnesses who will testify on the agreed upon topics.  We should be identifying and scheduling these depositions now.

Consistent with the above, the PSC does not agree to a second round of scheduling.  All we do by instituting such a process is to create more issues that will have to be decided by the Court.  As I'm sure will be the case, many parties, including BP, will designate witnesses to testify on issues pertaining to source control and quantification.  When would that witness be deposed under your schedule?  These are the types of complications that are not necessary.  The concept of bifurcation was rejected by BP during Phase 1 discovery as BP insisted that a witness would only be produced one time and would have to be deposed on all topics.  The PSC will not agree to reverse course and begin trying to split and/or phase issues for discovery now.  Again, given the parties ability to work through these issues in Phase 1 without bifurcation or staging, we believe we should stick with a similar process.

On proposal number four, the PSC agrees with the US that it is not necessary to change the rules for Phase 2.  If a party believes a witness' deposition needs to be re-opened, it can argue good cause before the Court or attempt to reach an agreement with the parties.

Proposal 5 is particularly troubling.  One party's failure to conduct a deposition should not prejudice the other parties or inhibit their ability to conduct discovery.  If the party sponsoring the witness indicates an issue that would necessitate a delay, it makes no sense to then have to push back other depositions.  These are fact depositions.  Each party's statements as to the facts should not be changing based upon the statements of other parties.  It isn't even clear in BP's proposal how this would work.   Would all party's get to push back an

agreed upon deposition and reschedule?  Would the party delaying the deposition get to choose any deposition to push back?  This is a layer of difficulty in the scheduling process that is unnecessary.  As topics are agreed upon, we simply need to schedule witnesses according to their availability and move forward.  Building in delays is unworkable.

      Given the above, the PSC obviously disagrees with the schedule set out by BP.  However, a few comments are necessary.  To start, the schedule indicates that each deposition would be for one day.  The PSC opposes this attempt to limit discovery.  As was seen in Phase 1, many witnesses will be scheduled on multiple topics and, given the requirement to depose the witness on any personal knowledge in addition to their 30(b)(6) testimony, these depositions cannot be completed in one day.  The PSC believes the default rules for Phase 1 should continue to apply.  The parties, court reporters and videographers are familiar with the Phase 1 defaults and there is no good reason for changing them at this point.  Second, the schedule is front-loaded with third parties.  At this point, third parties are in the process of being served and may have objections to the notices.   If these issues cannot be worked out, they may come to the Court.  This would further delay the scheduling of depositions.  Again, it makes the most sense to front-load the schedule with the depositions of the parties on presently agreed to topics.  In line with the US position, we also believe that the schedule you have proposed won't work as it doesn't take into account either the witness' or counsels' schedules.

      In an effort to propose a resolution instead of simply picking faults, the PSC proposes that the parties start scheduling depositions beginning on February 23 on issues for which we have agreement.  Each of the parties can identify witnesses in the near future and obtain availability.  In an effort to further streamline, the PSC believes we can start with witnesses for each of the parties on the following topics:

1)  BP: 2, 3, 10, 11, 12, 13, 14, 15
2)  Cameron:  1, 2, 3, 10, 11, 12, 13, 14
3) Transocean:  1, 2, 4, 6, 21, 22, 26

    We thank you for your consideration.

                                      Respectfully,

                                      Brian H. Barr