1300 Eye Street, NW, Suite 900
Washington, DC 20005
+1 202 682 7000 tel
+1 202 857 0940 fax

**Weil, Gotshal & Manges LLP**

Michael J. Lyle
Direct Line: 202-682-7157
michael.lyle@weil.com

January 25, 2012                                                                                          VIA E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130
E-mail: Sally_Shushan@laed.uscourts.gov

Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico
      on April 20, 2010 (MDL No. 2179)

Dear Judge Shushan:

Pursuant to your direction at the end of last week's Working Group conference, we write on behalf of our clients O'Brien's Response Management, Inc. ("O'Brien's") and National Response Corporation ("NRC"), and also on behalf of certain other Clean-Up Responder Defendants,[1] to seek the Court's assistance with respect to the Plaintiffs' Steering Committee's ("PSC") responses and position concerning the "limited B3 discovery" process ordered by Your Honor. We have conferred with the PSC regarding this issue, but it is clear that an impasse has been reached requiring Court intervention. Copies of our e-mail correspondence with the PSC are attached as Exhibits A and B.

For the reasons discussed below, we respectfully request that the Court enter an order that precludes the PSC and all B3 plaintiffs from opposing the Clean-Up Responder Defendants' forthcoming motions for summary judgment on the basis of any documents or information that should have been provided, but were not provided, in response to the Clean-Up Responder Defendants' joint written discovery regarding preemption and derivative immunity.

## Background

As Your Honor is aware, Judge Barbier issued his Order and Reasons as to Motions to Dismiss the B3 Master Complaint on September 30, 2011 (Rec. Doc. 4159).[2] In that decision, Judge Barbier recognized the viability of the Clean-Up Responder Defendants' derivative immunity and implied preemption arguments in the context of responding to an oil spill of national significance, but held that "[d]erivative

---

[1] The following Clean-Up Responder Defendants also join in this submission: Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

[2] An Amended Order and Reasons was issued on October 4, 2011 (Rec. Doc. 4209).

The Honorable Sally Shushan  **Weil, Gotshal & Manges LLP**
United States Magistrate Judge
January 25, 2012
Page 2

immunity and preemption are not established on the face of the Complaint." Judge Barbier noted, however, that the Clean-Up Responder Defendants' derivative immunity and implied preemption arguments "are preserved and may be re-asserted," and he set forth a clear roadmap for the Clean-Up Responder Defendants to follow in this regard: "[I]t seems at this point that if the facts revealed that the Clean-Up Defendants were using dispersants as directed by the federal government, then they would be entitled to derivative governmental immunity."

Shortly after Judge Barbier issued his decision, Your Honor contacted the parties and directed us to put together a schedule for "limited B3 discovery" so that facts pertaining to the key issues that Judge Barbier identified could be developed, thereby allowing the Clean-Up Responder Defendants to renew their derivative immunity and implied preemption arguments. Without objection from the PSC, Your Honor approved and entered an agreed schedule for such limited B3 discovery on November 3, 2011 (Rec. Doc. 4472), and that schedule was recently amended on December 23, 2011 (Rec. Doc. 5000). Under the current schedule, the Clean-Up Responder Defendants' motions for summary judgment are due on May 18, 2012.

Pursuant to Your Honor's Orders, the Clean-Up Responder Defendants served Joint Requests for Admissions, Interrogatories, and Requests for Production of Documents to the B3 Plaintiffs Regarding Preemption and Derivative Immunity Issues on November 18, 2011.[3] The PSC also served written discovery on each of the Clean-Up Responder Defendants on November 18, 2011. On December 20, 2011, one day before responses to the above written discovery were due, the PSC contacted us and noted that they "keep getting inquiries from non-PSC attorneys about having to provide individualized responses" to the Clean-Up Responder Defendant's joint written discovery. See Exhibit A. Because the Clean-Up Responder Defendants' joint written discovery was directed to all B3 plaintiffs, we responded that it was our view that "to the extent [non-PSC] attorneys' clients have responsive information, they should respond." Id. The Clean-Up Responder Defendants only received one set of responses to their joint written discovery, and those responses were served by the PSC. A copy of the PSC's responses is attached as Exhibit C.

The Clean-Up Responder Defendants have provided substantive responses to the PSC's discovery and are in the process of making rolling productions of responsive documents to the PSC. The PSC, on the other hand, has refused to provide any substantive responses and has also made it clear through its laundry list of objections that it has no intention of producing any documents relevant to the limited B3 discovery issues concerning immunity and preemption.

**Fundamental Deficiencies with the PSC's Position**

First, it is not clear which plaintiffs, if any, have responded to the Clean-Up Responder Defendants' joint written discovery. Indeed, the PSC's responses contain conflicting statements in this regard.[4]

---

[3] The Clean-Up Responder Defendants also served joint written discovery regarding preemption and derivative immunity issues on the United States on November 18, 2011, and the United States has responded to that discovery.

[4] For example, on page two of its responses, the PSC states that it is responding "on behalf of all Plaintiffs," but only "based upon the documents and other information collected, obtained and otherwise developed by the PSC

The Honorable Sally Shushan  **Weil, Gotshal & Manges LLP**
United States Magistrate Judge
January 25, 2012
Page 3

Nevertheless, based on the December 20, 2011 correspondence from the PSC, it is our understanding that the PSC intended to respond on behalf of all B3 plaintiffs.

Second, and more importantly, it is apparent that the PSC simply does not want to bother with the Court-ordered limited B3 discovery at this time and would prefer to ignore it. Most tellingly, the PSC fails to answer any of the Clean-Up Responder Defendants' Interrogatories.[5] For example, in response to Interrogatories #2-4, which asked all B3 plaintiffs to identify any facts supporting the PSC's allegations contained in the B3 Master Complaint that BP (and not the federal government) controlled the clean-up operations, that the federal government did not authorize and direct all of the Clean-Up Responder Defendants' activities, and that the Clean-Up Responder Defendants violated the federal government's directives, the PSC simply answers by incorporating its general objections. Similarly, in response to Interrogatories #5-18, which sought information about any specific B3 plaintiff that alleges to have been injured as a result of any Clean-Up Responder Defendant violating the federal government's directives, the PSC responds with boilerplate objections and language directing us to every single plaintiff profile form, short form joinder, or plaintiff fact sheet that has been served to date.

Perhaps we should not be surprised by the PSC's position—as Your Honor may recall, the PSC has previously asked the Court to "consider deferring the Phase Three issues . . . until some of the science on medical monitoring . . . issues has a little more time to mature." *See* PSC's Trial Plan Brief (June 4, 2011) (Rec. Doc. 2658), at pg. 11. Of course, as the Clean-Up Responders pointed out in response to that submission, the admission implicit in that request is that the PSC does not have sufficient evidence to support its claims against the Clean-Up Responder Defendants. *See* Trial Plan Memorandum Submitted by Certain Clean-Up Responder Defendants (June 6, 2011) (Rec. Doc. 2668), at pg. 2. And as the Fifth Circuit recently noted, this state of affairs does not justify delay or leniency, but rather compels dismissal. *See Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 381 (5th Cir. 2010) ("Perhaps [the pharmaceutical drug at issue] is a cause of problem gambling, but the scientific knowledge is not yet there. [Plaintiff] urges the law to lead science–a sequence not countenanced by *Daubert*. And while the possibilities of their relationship properly spark concerns sufficient to warrant caution, the courts must await its result.").

Let there be no mistake—the Clean-Up Responder Defendants do not need any discovery from any B3 plaintiff in order to file their renewed motions and it is not our position that such discovery is necessary to support those motions. Rather, as reflected in the Court's recent Working Group Order, "[t]he responders should not be in a position where the information does not appear until . . . plaintiffs file oppositions to the renewed motions" (Rec. Doc. 5128). Indeed, the central purpose of the Court-ordered

---

and other common benefit Work Group Members." Then in the very next paragraph, the PSC says that it would not be "appropriate" for it to make "binding admissions" on behalf of "all plaintiffs" and that the PSC objects to the requests to the extent they require the PSC to "seek and obtain documents and other information from each and every plaintiff." Finally, the PSC's general objection #13 adds to the confusion even further by noting that "the responses are submitted on behalf of the PSC."

[5] The PSC's responses to the Clean-Up Responder Defendant's requests for admissions are inadequate as well, not to mention the PSC's refusal to produce any documents in response to the Clean-Up Responder Defendants' requests for production.

The Honorable Sally Shushan  
United States Magistrate Judge  
January 25, 2012  
Page 4

**Weil, Gotshal & Manges LLP**

limited B3 discovery is to explore whether any plaintiffs have any evidence to support the PSC's allegations in the B3 Master Complaint relevant to the derivative immunity and implied preemption issues (e.g., whether the Clean-Up Responder Defendants acted without authorization from the federal government, whether they deviated from the instructions and directives of the federal government, and/or whether someone other than the federal government was in charge of the clean-up response). In short, while all B3 plaintiffs (presumably through the PSC) will have the opportunity to respond to the Clean-Up Responder Defendants' renewed motions by making legal arguments and relying on documents produced by other parties, they should not be allowed to withhold factual information responsive to our written discovery and then spring it upon us once our renewed motions are filed.

Thus, for the above reasons, we respectfully request that the Court enter an order that precludes the PSC and all B3 plaintiffs from opposing the Clean-Up Responder Defendants' forthcoming motions for summary judgment on the basis of any documents or information that should have been provided, but were not provided, in response to the Clean-Up Responder Defendants' joint written discovery regarding preemption and derivative immunity.

Very truly yours,

Michael J. Lyle

cc:    Defense Liaison Counsel (via e-mail)  
       Plaintiffs' Liaison Counsel (via e-mail)  
       R. Michael Underhill (via e-mail)  
       Attorney General Luther Strange (via e-mail)  
       Attorney General Buddy Caldwell (via e-mail)  
       Mike O'Keefe (via e-mail)