From:   Steve Herman <SHERMAN@hhkc.com>
To:     "'Mike_OKeefe@laed.uscourts.gov'" <Mike_OKeefe@laed.uscourts.gov>
Cc:     D Godwin <dgodwin@godwinronquillo.com>, "York, R. Alan" <ayork@GodwinRonquillo.com>, "dsc2179@liskow.com" <dsc2179@liskow.com>, "Sally_Shushan@laed.uscourts.gov" <Sally_Shushan@laed.uscourts.gov>, "alangan@kirkland.com" <alangan@kirkland.com>, Don K Haycraft <dkhaycraft@liskow.com>, James Roy <JIMR@wrightroy.com>
Date:   01/25/2012 09:31 AM
Subject:    MDL 2179 - HESI Motion (Rec. doc. 5141) re Clawed Back Documents


Mike,

I apologize it has taken us so long to respond.

I don't think we have an issue with the general proposition that privileged documents are not admissible, and that, under PTO 14, a "clawed back" document is considered privileged unless and until the privilege is challenged and overruled.

Having said that, we do not agree that, just because a document has been or may hereinafter be clawed back, it is therefore "inadmissible".  Rather, Plaintiffs would respectfully reserve the right to challenge any claw-back/privilege determinations.

With respect to the specific Trial Exhibits referenced in Halliburton's Letter, we are in the process of evaluating a potential challenge to TREX-00721.

In the meantime, we would agree that the Trial Exhibits identified by Halliburton (including TREX-00721) are currently subject to "claw back" and (in the absence of some intervening order overruling those privilege assertions) should not be admitted at trial.

Respectfully submitted,
Plaintiffs' Liaison Counsel