UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J(1) |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding Motions *in Limine* to Exclude Evidence of the Joint Investigation Report and Testimony]

Before the Court are the PSC's letter brief (Rec. Doc. 4340); motions *in limine* to exclude evidence of the Joint Investigation Report filed by BP (Rec. Doc. 4511), Transocean (Rec. Doc. 4519), Cameron (Rec. Doc. 4520), and Halliburton (Rec. Doc. 4522); Cameron's memorandum supporting its response to other parties' motions (Rec. Doc. 4643); the PSC's opposition to the motions *in limine* (Rec. Doc. 4649); Dril-Quip's statement respecting the Joint Investigation Report (Rec. Doc. 4769); the United States's response to BP's motion *in limine* (Rec. Doc. 4762); and replies filed by BP (Rec. Doc. 4745), Transocean (Rec. Doc. 4748), and Halliburton (Rec. Docs. 4774, 4775). The briefs and motions pertain to the second motion-*in-limine* set, regarding evidence of the Joint Investigation Report.

Volumes I and II of the Joint Investigation Report of the Coast Guard and BOEMRE are inadmissible under Title 46 U.S.C. § 6308(a) because both volumes are parts of a report of a marine casualty investigation. The Convening Order of the Coast Guard and BOEMRE confirms that the Joint Investigation was a single marine casualty investigation that would lead to the issuance of a single report in two volumes. The Court is not persuaded by the argument that BOEMRE lacked authority to perform the investigation jointly with the Coast Guard. Further, admitting Volume II would effectively bring in much of the evidence that was produced in the Joint Investigation and

may also be contained within Volume I.

Joint Investigation testimony, photographs, and other material within Volumes I and II are excluded; though this does not prevent the admission of evidence existing independently of the Joint Investigation or that likely would have been created absent the investigation. "Factual data" displayed or cited within the report are "parts" of the report within the meaning of the statute. The statutory list of findings of fact, opinions, and so forth is illustrative only. Additionally, Joint Investigation witnesses likely provided testimony with inadmissible components. See 46 C.F.R. § 4.19-5 (providing that "strict adherence to the formal rules of evidence is not imperative" at marine casualty investigation hearings). Finally, the decision in In Re Danos & Curole Marine Contractors, Inc., 278 F. Supp. 2d 783 (E.D. La. July 18, 2003) appears to be unmatched in its narrow reading of the statute's exclusionary rule.[1]

Hearsay exceptions do not make any portions of the Joint Investigation Report admissible. The applicable statute states, "*Notwithstanding any other provision of law*, no part of a report of a marine casualty investigation . . . shall be admissible as evidence . . . ." 46 U.S.C. § 6308(a) (emphasis added). The Federal Rules of Evidence ("FREs") are "provisions of law," and the fact that they address the hearsay problem does not alter the statute's broad prohibition against the admission of marine casualty investigation reports and testimony. Likewise, the rule of Section

---

[1] See In re Amer. Milling Co., 270 F. Supp. 2d 1068, 1074-75 (E.D. Mo. June 12, 2003), rev'd on other grounds, 409 F.3d 1005 (8th Cir. 2005) (finding marine casualty investigation hearing transcripts inadmissible because they were documents "produced in the course of" the investigation); Gabarick v. Laurin Maritime (Amer.), Inc., 406 F. App'x 883, 890 n.4 (5th Cir. 2010) (stating that "it is unclear whether the testimony" would be admissible); Nexen Petroleum U.S.A., Inc. v. Sea Mar Div. of Pool Well Servs. Co., 2007 WL 2874805, at *3 (E.D. La. Sept. 26, 2007) (stating that "documents generated in marine casualty investigations" are inadmissible); Falconer v. Penn Maritime, Inc., 397 F. Supp. 2d 68, 69-70 (D. Me. Oct. 25, 2005) (finding photographs inadmissible); In Re Crosby Tugs, L.L.C., 2004 WL 5482859, at *2 (E.D. La. Aug. 16, 2004) (finding that unless the Coast Guard investigator who took a measurement contained in the report testified at trial, the measurement was inadmissible); cf. Rec. Doc. 3071, at 4 (stating that the investigation of the Deepwater Horizon incident should be seen "as an activity").

6308(a) trumps FRE 703 concerning reliance by experts. Thus, expert reports and testimony are subject to the following: (1) expert reports (or portions thereof) solely or substantially relying on marine casualty investigation reports will be stricken; and (2) references or citations to such reports within otherwise admissible expert reports will be stricken.

**IT IS ORDERED** that BP's (Rec. Doc. 4511), Transocean's (Rec. Doc. 4519), Cameron's (Rec. Doc. 4520), and Halliburton's (Rec. Doc. 4522) motions *in limine* are **GRANTED in PART** and **DENIED in PART** as provided herein.

New Orleans, Louisiana, this 26th day of January, 2012.

CARL J. BARBIER
United States District Judge