UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION: J<br>JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO ALL ACTIONS | * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
BP'S OBJECTIONS TO AND APPEAL FROM
MAGISTRATE JUDGE'S ORDER REGARDING
BP'S MOTION FOR SPOLIATION SANCTIONS [REC. DOC. 5307]**

On December 5, 2011, BP Exploration & Production Inc. ("BP") filed a motion for spoliation sanctions against Halliburton pursuant to Fed. R. Civ. P. 37(b) and this Court's inherent authority over the civil discovery process. BP's motion contended that Halliburton had destroyed internal documents demonstrating that (1) Halliburton's own post-incident, non-privileged cement testing indicated that the Macondo well cement slurry was not stable, and (2) Halliburton's own post-incident, non-privileged, proprietary computer modeling indicated that there was no "channeling" of the cement in the Macondo well. [*See* Rec. Doc. 4799.] BP argued that Halliburton had destroyed evidence that it had a duty to preserve, Halliburton had done so in bad faith, and BP had suffered prejudice as a result. As appropriate sanctions under Fed. R. Civ. P. 37(b) and this Court's inherent authority, BP requested (1) a limited factual finding that Halliburton's testing showed foam instability, and (2) an order compelling Halliburton to turn over the computer containing its deleted modeling results to a third-party specialist for forensic analysis.

On January 20, 2012, Magistrate Judge Shushan granted in part and denied in part BP's motion. Judge Shushan granted the motion to the extent that BP requested that Halliburton turn over the computer from which modeling results had been deleted to Captain Englebert for forensic analysis. Judge Shushan denied the motion to the extent that BP requested a factual finding that Halliburton's internal cement testing showed foam instability. In this regard, Judge Shushan concluded that "[f]or the reasons presented by Halliburton, BP has not demonstrated that it has been prejudiced." [Rec. Doc. 5307 at 1; *see also id.* at 2.] Judge Shushan did not address whether Halliburton had destroyed relevant evidence or whether Halliburton had acted in bad faith.

BP respectfully disagrees with Judge Shushan's conclusion that it did not demonstrate prejudice from Halliburton's destruction of evidence, and respectfully submits that, on this issue, the Order is clearly erroneous and contrary to law. Accordingly, BP respectfully appeals those portions of the Order concluding that BP has not shown prejudice.

BP has already explained in extensive briefing before Judge Shushan why Halliburton's destruction of evidence was prejudicial and done in bad faith. [*See* Rec. Doc. 4799-1 (BP's memorandum in support of the motion); Rec. Doc. 5024-2 (BP's reply memorandum in support of the motion); Rec. Doc. 5123-1 (BP's supplemental memorandum in support of the motion).] For its part, Halliburton has presented extensive briefing in opposition to BP's motion. [*See* Rec. Doc. 4961 (Halliburton's memorandum in opposition to the motion); Rec. Doc. 5082 (Halliburton's surreply in opposition to the motion).]

Accordingly, in support of this appeal, BP respectfully incorporates by reference its three memoranda relating to spoliation. [*See* Rec. Docs. 4799-1, 5024-2, 5123-1.]

In light of the extensive briefing that took place before Judge Shushan, and to reduce the burden on this Court of further briefing, BP respectfully submits that additional briefing or argument on this topic may or may not be needed to assist the Court's consideration of this appeal. Accordingly, BP would be amenable to having the Court decide this appeal on the record compiled in the briefing before Judge Shushan. Of course, should the Court request further briefing or argument on this issue, BP would be happy to present whatever submissions the Court deems appropriate, in a manner, and at a time, and in a format, of the Court's choosing.

Dated:  January 26, 2012                     Respectfully submitted,

                                                                             /s/ Don K. Haycraft

| | |
|---|---|
| Robert C. "Mike" Brock | Don K. Haycraft (Bar #14361) |
| Covington & Burling LLP | R. Keith Jarrett (Bar #16984) |
| 1201 Pennsylvania Avenue, NW | Liskow & Lewis |
| Washington, DC 20004-2401 | 701 Poydras Street, Suite 5000 |
| Telephone:  202-662-5985 | New Orleans, Louisiana 70139-5099 |
| Facsimile:  202-662-6291 | Telephone:  504-581-7979 |
| | Facsimile:  504-556-4108 |
| Robert R. Gasaway | Richard C. Godfrey, P.C. |
| Jeffrey Bossert Clark | J. Andrew Langan, P.C. |
| Aditya Bamzai | Kirkland & Ellis LLP |
| Kirkland & Ellis LLP | 300 North LaSalle Street |
| 655 Fifteenth Street, NW | Chicago, IL 60654 |
| Washington, DC 20005 | Telephone:  312-862-2000 |
| Telephone:  202-879-5000 | Facsimile:  312-862-2200 |
| Facsimile:  202-879-5200 | |

*Attorneys for BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of January, 2012.

                                              /s/ Don K. Haycraft
                                              Don K. Haycraft