UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: ALL CASES | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

## BP'S OBJECTIONS TO PHASE 1 TRIAL WITNESS LISTS

BP p.l.c., BP Exploration & Production Inc., and BP America Production Company (collectively, the "BP Parties") respectfully submit the following objections to the Final Phase 1 Witness Lists submitted by the other MDL 2179 parties on January 20, 2011:

(1) <u>The Four United States "May Call" Witnesses</u>.  The Court's January 18, 2012 Order (Doc. 5272) provides that "[e]ach party may list one person as a may call witness.  The party is not required to produce that person at the trial."  Every party, except the United States, complied with the Court's one "may call" witness rule.[1]  In contravention of the Court's Order, the United States identified four "may call" witnesses on its trial witness list: Mr. Doughty, Mr. Novak, Mr. Merala, and Mr. Robinson.  (Doc. 5314)  After BP requested that the United States amend its witness list to name only one "may call" witness (1/24/12 A. Langan Email), the United States attempted to explain its decision to designate four "may call" witnesses by stating that it did not want to be "sandbagged" at trial, but rather wanted the option of calling one, some, all, or none of these four witnesses if it decided doing so would help their case.  (1/24/12 M. Underhill Email)  But BP, and undoubtedly other parties as well, faced these same considerations when

---

[1] A few parties, including the United States, listed various records custodians as potential trial witnesses.

identifying their trial witnesses in accordance with the Court's one "may call" witness rule.  The Court will recall that during discussion of the "may call" process, BP suggested each party could perhaps list up to two "may call" witnesses, but the Court limited the process to one per party. (1/13/12 Hr'g Tr. at 45)

The Court's one "may call" witness rule should apply equally to all parties.  The United States should identify one "may call" witness as every other party in this case has done. Alternatively, each of the other parties should likewise be permitted to identify up to four "may call" witnesses.

(2) <u>Halliburton's Designation of BP Cementing Expert Ronald Crook</u>.  Halliburton's Final Witness List names BP's cementing expert Ron Crook as a Halliburton "will call" expert witness.  (Doc. 5315)  Halliburton's attempt to call BP's expert witness undermines the fundamental principle that a party may control the manner in which its case is presented.  The parties and the Court have been in agreement on this bedrock principle.  (1/6/12 Hr'g Tr. at 66, 71; 1/10/12 Order at 6 ("There was agreement that if a party withdraws their sponsorship of an expert, the party is not required to produce the expert at the trial."))

In the event that BP elects to call Mr. Crook as a witness at trial, then Halliburton will have the opportunity to question Mr. Crook at that time.  In the event that BP decides it is not necessary to call Mr. Crook to support its case, then Halliburton should *not* be permitted to call him adversely.  Allowing Halliburton to call Mr. Crook adversely would unfairly prejudice BP, reward free-riding by Halliburton, result in the presentation of cumulative evidence, and prolong the trial.  Several courts have held that Federal Rule of Evidence 403 precludes a party from affirmatively offering opinions or testimony of another party's expert for precisely these reasons. *See, e.g., Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 409-10 (D. Minn. 1999) (holding

that, under FRE 403, a party could not call at trial an expert witness whom another party withdrew after identifying him as an expert who was likely to testify at trial); *Rubel v. Eli Lilly and Co.*, 160 F.R.D. 458, 460-62 (S.D.N.Y. 1995) (holding that a party could not admit testimony of a withdrawn adverse expert in its affirmative case under FRE 403 because the prejudicial impact and cumulative nature outweighed any legitimate need)

BP would be prejudiced if Halliburton were permitted to call Mr. Crook adversely because BP's ability to "execute the trial strategy it deems appropriate to defend its case" would be undermined. *Mantolete v. Bolger*, 96 F.R.D. 179, 182 n.2 (D. Ariz. 1982)  Moreover, Halliburton would improperly benefit from BP's diligence and efforts. *See In Re Shell Oil Refinery*, 132 F.R.D. at 443 (denying discovery from withdrawn experts because it "would defeat the Rule's intended purposes of protecting trial strategy and preventing one party from having a free ride at the expense of the other party")

In contrast, Halliburton would suffer no harm if it were not allowed to call Mr. Crook as a witness.  Halliburton has identified *three* of its own cement experts and can elicit any cementing opinions it deems necessary and appropriate from them. (Doc. 5315)  Mr. Crook does not have unique knowledge or expertise that would require Halliburton to call him as a witness. Furthermore, permitting Halliburton to call Mr. Crook, given its intent to call its own three cement experts, would only result in cumulative testimony that would unnecessarily lengthen the trial.[2]

(3) <u>Expert Witnesses Against Whom BP Has Filed Daubert Motions</u>.  BP objects to the designations of the following expert witnesses, for all of the reasons set forth in the Daubert motions BP submitted on January 24, 2012:  Mr. Bob Bea (PSC), Mr. William Gale (PSC), Mr.

---

[2] Additionally, Mr. Crook, who resides in Duncan, Oklahoma and is a not a party or party officer in MDL 2179, is outside the Court's subpoena power under Rule 45 and, therefore, cannot be compelled to testify. *See, e.g., Johnson v. Big Lots, Inc.*, 251 F.R.D. 213, 218-219 (E.D. La. 2008) (J. Vance).

3

Gene Beck (Halliburton), Mr. Glen Benge (US), Mr. David Bolado (Halliburton), Mr. Greg Childs (Transocean), Mr. Rory Davis (US), Mr. Patrick Hudson (Halliburton), Mr. Alan Huffman (US), Mr. John Hughett (Halliburton), Mr. Andrew Hurst (PSC), Mr. Sam Lewis (Halliburton), Mr. David O'Donnell (Cameron), Mr. Greg Perkin (PSC), Mr. David Pritchard (PSC), Mr. Glen Stevick (Halliburton), and Mr. Richard Strickland (Halliburton).

(4) <u>Messrs. Hafle, Kaluza, and Morel</u>.  The combined witness list submitted by the US, PSC, and State Parties names the following BP witnesses, each of whom asserted his Fifth Amendment rights during his previous deposition: Mark Hafle, Robert Kaluza, and Brian Morel. (Doc. 5314)  All three of these witnesses are outside the subpoena power of the Court.  Under Rule 45(c)(3)(A)(ii), the Court is ***required*** to quash a trial subpoena that would require a non-party or non-party officer to travel more than 100 miles from where they reside, are employed, or regularly conduct business in order to testify.  *See, e.g., Johnson v. Big Lots, Inc.*, 251 F.R.D. 213, 218-219 (E.D. La. 2008) (J. Vance)  None of these three witnesses are parties or corporate officers of a party in the MDL 2179 Limitation Action.  Moreover, all three live and work outside the state of Louisiana and more than 100 miles from the Eastern District of Louisiana courthouse.  As a result, all three are outside the subpoena power of the Court and cannot be compelled to testify during the Phase 1 trial.

Additionally, the legal circumstances of these BP employees have not changed; to BP's knowledge, all still intend to assert their Fifth Amendment rights if called at trial.  As a result, calling them to testify (i.e., to re-assert their Fifth Amendment rights) live at a bench trial would be needlessly cumulative and serve no purpose other than to unnecessarily prolong the Phase 1 trial.  This is particularly true given the fact that the deposition designation bundles for each of

these three witnesses are nearly complete,[3] and will be submitted to Judge Barbier after the Court rules on a motion in limine regarding adverse inferences and witnesses who have asserted their Fifth Amendment Rights. (Nov. 7, 2011 Working Group Order (Doc. 4486) at ¶ 7)

The PSC will not be prejudiced by submitting a designated deposition transcript to the Court in accordance with the Court's pending motion in limine ruling. In fact, at the PSC's request, deponents who invoked their Fifth Amendment rights had to repeatedly assert their invocation as the PSC and others asked all of their questions for the express purpose of seeking an adverse inference from the Court.[4] Particularly given that the designated depositions will be submitted to the Court, allowing the PSC to call any of these three witnesses (only to re-invoke their Fifth Amendment rights) would serve no purpose other than to inappropriately seek to embarrass a witness relying on his constitutional rights in an attempt to unfairly prejudice that witness and his employer.

(5) <u>Don Vidrine</u>. The combined witness list submitted by the US, PSC, and State Parties also name Don Vidrine as a will call witness. (Doc. 5314) It is our understanding that Mr. Vidrine's medical circumstances have not changed and he is still unable to provide testimony.

---

[3] It is our understanding that much of the deposition designation process created by the Court has been completed for the Hafle, Kaluza, and Morel depositions, but that some parties have waited to insert designations and/or objections until after the Court's ruling on the *motion in limine* related to Fifth Amendment depositions.

[4] *See, e.g.*, Nov. 4, 2011 Discovery Conf. Tr. at 32:15-23. ("[W]hat Mr. Sterbcow was attempting to say was that in order to gain the adverse inferences under the law, that we could not simply say, okay, we agree, you're going to take the Fifth to everything. That doesn't cut it. Mr. Sterbcow was intending, in his shorthand matter of addressing the subject matter, to say that's why we've got to ask individual questions in order to gain inferences off of individual questions that are asked.")

Dated: January 27, 2012                     Respectfully submitted,

By: /s/ Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979
Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Matthew T. Regan, P.C.
(matthew.regan@kirkland.com)
Hariklia Karis, P.C.
(hariklia.karis@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

***Attorneys for BP p.l.c., BP Exploration & Production Inc. & BP America Production Company***

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of January, 2012.

                                                                           /s/ Don K. Haycraft