UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf Of Mexico, on April 20, 2010<br><br>This document applies to: **All cases** | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

TRANSOCEAN'S RESPONSE IN OPPOSITION
TO BP'S "MOTION *IN LIMINE* TO PRECLUDE
THE USE OF EXTRINSIC EVIDENCE TO INTERPRET INDEMNITIES"

TO THE HONORABLE JUDGE CARL J. BARBIER:

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean") and file this, their Response in Opposition to BP's "Motion *in Limine* to Preclude the Use of Extrinsic Evidence to Interpret Indemnities," **Rec. Doc. 5359**. BP's motion must either be struck from the record or denied.

## BACKGROUND

The memo in support of BP's instant motion lists the docket entries of the briefing on the contractual indemnity issues the Court just decided. The first line of BP's memo is: "The indemnity disputes between BP and Transocean and Halliburton have been fully briefed and argued and are pending before this Court." What BP apparently means by "fully briefed," however, is "fully briefed—that is, *except for another substantive brief in the form of the instant 'motion* in limine' *BP intends to file a week after the hearing*." One quote suffices to show that this issue in particular was already "fully briefed." In its response to Transocean's

motion for summary judgment (and in support of BP's similar cross-motion) on the contractual indemnity issues—where Transocean demonstrated the inconvenient fact that BP did and does, to this day, make and receive reciprocal contractual promises to indemnify for gross negligence—BP argued:

> *Fourth*, whether BP and others enter into other drilling contracts that purport to indemnify for gross negligence is irrelevant. *See* TO Mem. at 34. Whatever terms any private party may include in contracts cannot change the rule under maritime law that indemnification for gross negligence is barred.

**Rec. Doc. 4826, at 12.** That relevancy argument is the *same* argument BP is making in the instant motion *in limine*. For the reasons below, it should be either struck or denied.

## ARGUMENT

### I. In Light of the Court's Order and Reasons, BP's Motion Should Be Denied as Moot.

BP's motion *in limine* is mooted by the Court's January 26, 2012 Order and Reasons on the Motion and the Cross-Motions for Summary Judgment Regarding Indemnity. **Rec. Doc. 5446.** As indicated by the title of its motion and the relief it seeks, BP wanted the Court to enter an order excluding the use of what BP calls "extrinsic evidence" to interpret indemnities, *see* **Rec. Doc. 5359, at 1**, on the ground that there is no ambiguity in those indemnities. BP's motion gives the wrong impression. Transocean's was strictly a plain-language argument, and Transocean never argued that BP's other contracts *must* be admitted to interpret the indemnities. Rather, Transocean's purpose for referring to the other contracts was to illustrate the disingenuousness of BP's argument that the Drilling Contract's indemnities were contrary to public policy when BP itself still enters into such contracts.[1]

---

[1] In other words, with regard to what BP calls "extrinsic evidence," Transocean's argument in the indemnity motion is actually quite similar to what its argument was in the additional insured aspect of this case: Transocean wins on the plain language at issue but, if BP's twisted interpretation prevails, then, in fairness Transocean should be

2

Regardless, with its recent Order and Reasons, the Court *has interpreted* the indemnities. It found no ambiguity in the Drilling Contract's indemnity provisions and simply interpreted them according to their plain language.  *See* **Rec. Doc. 5446, at 9–10.**  Thus, the Court has disposed of any concerns about using what BP calls "extrinsic evidence" to interpret the indemnities.  They have been interpreted, and this was done without resorting to anything other than the plain language.  For that reason, BP's motion should be denied as moot.

**II.     Because BP's "Motion *in Limine*" Is Actually an Unauthorized Sur-Reply or Post-Submission Brief, It Should Be Struck from the Record.**

Further, because the instant motion is essentially an unauthorized sur-reply or post-submission brief to the indemnity briefing—briefing in which both sides had already covered the issue of what BP terms "extrinsic evidence"—the Court should strike it from the record.  In the initial round of briefing on the indemnity motions for summary judgment, BP moved for and was granted leave to file a sur-reply as to the BP-Halliburton motions; BP, perhaps correctly understanding the issues therein to be "fully briefed," did not at that time move for a sur-reply as to the BP-Transocean briefing.  It has been shown that the "extrinsic evidence" issue was argued in that round of "fully briefed" briefing.  BP's instant motion *in limine* is thus an unauthorized addition to the briefing of the Transocean and BP motions for summary judgment, briefing which has already discussed *this exact issue*, i.e., the appropriateness of what BP calls "extrinsic evidence."  For that reason alone the Court ought to strike the instant motion *in limine*.

**III.    Because the "Extrinsic Evidence" Rule Is a Substantive Contract Law Doctrine Already Briefed in This Case, and Not a Rule of Evidence, It Is Not Properly the Subject of Re-Urging by Way of a Motion *in Limine*.**

---

permitted to demonstrate that BP's behavior in the real world does not match up with what BP's attorneys are arguing in this case.

3

Assuming for the sake of argument that BP's "extrinsic evidence" label is correctly applied to all of BP's other contracts, BP has miscalculated in choosing to raise this issue by way of a motion *in limine*. BP may hope to defend its retreading of issues on the grounds that the instant motion is procedural and based on the adjective law of evidence, whereas the prior, "fully briefed" briefing was substantive in focusing on the applicable contract law. But BP's hope would be misplaced.

BP's instant motion, unlike its other motions *in limine*, relies not on rules of evidence, but simply quotes contract cases. The reason courts are BP's sole source of authority is clear. The extrinsic evidence rule is "a substantive rule of contract law and not a rule of evidence." *Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 26, 1989 A.M.C. 228, 232 (2d Cir. 1988) (applying maritime law, noting that "[a]ll state and federal jurisdictions accept this basic statement of the rule"); *see also United States v. Clementon Sewerage Auth.*, 365 F.2d 609, 613 (3d Cir. 1966) ("It is generally recognized that the parol evidence rule is a rule of substantive contract law and not a rule of evidence."); *Jeanes v. Henderson*, 703 F.2d 855, 861 (5th Cir. 1983).

That BP does not seek an evidentiary ruling is clear by the language it employs in its motion: "BP hereby moves for an order precluding ***the use*** of any purported extrinsic evidence ***to interpret indemnities*** during Phase I of the trial." **Rec. Doc. 5359, at 1** (emphases added). Its motion is directed solely at the Court's substantive, legal interpretation of the Drilling Contract in the context of a bench trial. BP has already taken advantage of the appropriate opportunity to raise its extrinsic evidence point in the context of briefing and hearings on the issues of substantive contract law in the now-decided indemnity dispute. Yet, by way of an evidentiary motion, it now seeks to have the last word on a substantive issue. Not only is BP's maneuver

duplicative of earlier argument and a waste of everyone's time, it is procedurally flawed. BP's motion *in limine* should be denied for this additional reason.

## CONCLUSION

For all the reasons above, BP's motion should be either struck from the record or denied.

Respectfully submitted this 30th day of January, 2012

| | |
|---|---|
| By: /s/ Steven L. Roberts<br>Steven L. Roberts (Texas, No. 17019300)<br>Rachel Giesber Clingman (Texas, No. 00784125)<br>Kent C. Sullivan (Texas, No. 19487300)<br>Sutherland Asbill & Brennan LLP<br>1001 Fannin Street, Suite 3700<br>Houston, Texas 77002<br>Telephone: (713) 470-6100<br>Facsimile: (713) 654-1301<br>Email: steven.roberts@sutherland.com,<br>rachel.clingman@sutherland.com,<br>kent.sullivan@sutherland.com, | By: /s/ Kerry J. Miller<br>Kerry J. Miller (Louisiana, No. 24562)<br>Frilot, L.L.C.<br>1100 Poydras Street, Suite 3700<br>Telephone: (504) 599-8169<br>Facsimile: (504) 599-8154<br>Email: kmiller@frilot.com<br>-and-<br><br>By: /s/ Edwin G. Preis, Jr.<br>Edwin G. Preis, Jr. (Louisiana, No. 10703)<br>Richard J. Hymel (Louisiana, No. 20230)<br>Preis & Roy PLC<br>102 Versailles Boulevard, Suite 400<br>Lafayette, Louisiana 70501<br>Telephone: (337) 237-6062<br>Facsimile: (337) 237-9129<br><br>-and-<br><br>601 Poydras Street, Suite 1700<br>New Orleans, Louisiana 70130<br>Telephone: (504) 581-6062<br>Facsimile: (504) 522-9129<br>Email: egp@preisroy.com, rjh@preisroy.com |

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380

Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

*Counsel for Triton Asset Leasing GmbH., Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 30th day of January, 2011, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/  Kerry J. Miller