UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Working Group Conference on Friday, January 27, 2012]

**NOTES TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

### BOP & CAPPING STACK

Captain Engelbert anticipates that the capping stack/gate valve protocol will be completed this week. She recommends that the five remaining gator boxes and their contents be considered by the parties for release. She also asked that the parties reach a decision on the disposition of the capping stack/gate valve. All parties are to notify the Court by **Wednesday, February 15**, whether they object to the return of the capping stack and the contents of five remaining gator boxes to their owner(s). Anadarko reported that it has no objection. Transocean and BP will confer on the issue of the ownership of the capping stack.

Halliburton was authorized to make silicone castings of the blades in the rams of the capping stack on **Monday, January 30**. On January 28, Halliburton and BP reported that they worked out the issues on this procedure.

**PHASE ONE**

1.      **Fact Witness - Jesse Gagliano**.

The deposition is set for **Tuesday, February 7**, and **Wednesday, February 8.** The examination time was allocated. Rec. doc. 5326. The custodial file has been produced. BP submitted a letter brief opposing Gagliano's deposition. Rec. doc. 5441. Halliburton's response is due by **Monday, January 30.** BP's reply is due by **Thursday, February 2.** Gagliano is listed as a will call witness pending resolution of BP's objection.

2.      **Fact Witness - Steve Newman**.

BP submitted its letter memorandum contending that Steve Newman is a Rule 45 witness. Rec. doc. 5409. By **Monday, January 30,** Transocean shall submit an opposition with an affidavit. **Thursday, February 2,** is the deadline for BP's reply. Newman is listed as a "will call/may call" witness pending resolution of whether he must be produced at the trial as a Rule 45 witness.

3.      **Fact Witnesses - Reconvened U.S. Rule 30(b)(6) deposition**.

On **Wednesday, February 8**, the Phase One Rule 30(b)(6) deposition of the U.S will reconvene with Lt. Cmdr. Houck as the designee.

4.      **Fact Witness List**.

BP submitted the joint list. Gary Hurta was identified by Dril-Quip as a Rule 45 witness who it would bring to the trial. Even though Dril-Quip has been dismissed, Halliburton wants to reserve its right to call him as fact witness and has listed him as a will call witness. Unless Mr. Hurta can be subpoenaed by Halliburton or he agrees to voluntarily appear, he should be dropped from Halliburton's witness list.

Transocean reported that Bill Ambrose is on the fact witness list. In response to a request

2

from M-I, Transocean identified Ambrose as a Rule 45 witness who would be produced at the trial. M-I withdrew its request for Ambrose. Halliburton and Cameron listed all Rule 45 witnesses as will call witnesses. Transocean will determine if Halliburton and Cameron really want Ambrose to appear live at the trial. If they do not, he will be deleted from the list.

Richard Coronado is listed by Cameron as its one may call fact witness. He will remain on that list.

On January 27 at 2:55 p.m., BP circulated a revised combined fact witness list. This list will be included in the package for Judge Barbier's pretrial conference. The persons on this list will be removed from the depositions bundles to be read by Judge Barbier before the start of the trial.

If a person is listed as a will call witness on the combined fact witness list and the parties have not completed designations for the witness, a deposition designation for such a witness is not required. If a person is listed as a may call witness on the combined fact witness list, a deposition bundle must be completed for that person. Deposition designations will be required for Richard Coronado.

The PSC designated custodians of records as may call witnesses for each defendant. The defendants indicated that they may want testimony from custodians of records. This issue will be discussed at the **February 3** conference.

5.      **Expert Witness List.**

The latest combined list from the PSC included six may call experts: (1) Doughty; (2) Gale; (3) Merala; (4) Novak; (5) Robinson; and (6) Coronado.

The issue with Gale is not whether he may be listed as a may call expert. The issue is whether Bea's physical condition will render him unable to testify. If so, there is good cause for

amending the expert witness list and substituting Gale for Bea.  Gale will be deleted from the PSC's may call list with the understanding that he may be substituted for Bea if Bea is unable to testify.

The U.S. lists Doughty as a rebuttal expert who may be called.  All of the experts for the other parties were deposed.  He may not be listed as a may call witness.  He must be listed as a will call expert or dropped from the list.

The U.S. reports that Merala, Novak, and Robinson are co-authors, with Davis, of the United States' BOP expert report.  The parties indicated that they will not object to Davis testifying as to all of the opinions in the co-authored report.  The issue has not been raised in the Daubert motions.  If the parties object to one co-author, for example Davis, testifying as to all opinions in a co-authored report, they shall promptly notify all parties and the Court.  If they do object, the other co-authors, for example Merala, Novak, and Robinson, may be listed as may call experts.  If they do not object, the co-authors, including Merala, Novak and Robinson, will be removed from the list.

Coronado may not be listed as a "may call" expert.  He will either be called as an expert or dropped from the expert list.

**6.     Experts - Daubert Motions.**

Oppositions are due on **Tuesday, February 14.**  Replies are due on **Monday, February 20.**  There is a ten-page limit on oppositions and a three-page limit on replies.  The motions were filed under seal.  Pending further order, the oppositions and replies were filed under seal.  The Court shall consider the issue of unsealing the Daubert motions.  See Rec. doc 5408.

**7.     Experts - Withdrawn Opinions**.

The January 23 working group conference order contained a ruling on withdrawn experts (Rec. doc. 5327).  The PSC requested clarification and an order was issued on January 25 (Rec. doc.

4

5396).  Cameron, BP and others made requests for further clarification.  Any further requests for clarification shall be submitted by **Monday, January 30.**  Thereafter a restated order on withdraw opinions will be issued with a new date for appeal.  All issues with any ruling concerning withdrawn opinions may be appealed within that new deadline.

**8.    Experts - Ronald Crook**.

By **Monday, January 30,** Halliburton and the U.S. shall file any rebuttal reports to Ronald Crook's report.

**9.    Exhibits - email Strings**.

Judge Barbier's January 11, 2012 order (Rec. doc. 5143) requires the parties to meet-and-confer to stipulate regarding the admissibility of emails and email strings.  If they cannot agree as to individual emails, they shall submit briefs to Judge Shushan.  The deadline for submitting briefs was extended to **Wednesday, February 1.**

**10.    Exhibits - Objections**.

A.    Objections in deposition designations.

Objections to exhibits used in deposition designations may be resolved during Judge Barbier's review of the depositions and may be resolved in conjunction with the preparation of findings and conclusions.  Some may be excluded.  Objections which Judge Barbier does not resolve means the exhibits will be admitted into evidence with the deposition excerpt.

B.    Objections to exhibits proffered at trial.

The parties will keep track of the exhibits used during the trial.  Objections to the exhibits will be resolved during the trial.

  C. <u>Exhibits which are not admitted</u>.

Exhibits which are not admitted during the live part of the trial and not designated in depositions will not be admitted into evidence.

**11.** **<u>Motions</u>** ***<u>in Limine</u>*****.**

On January 26, Judge Barbier issued a ruling on the motions *in limine* regarding evidence of the Joint Investigation Report. Rec. doc. 5448. The parties seek clarification relative to the DNV photographs and data. The BOP examination was performed by DNV under the auspices of the Joint Investigation. The protocols for the examination, including destructive testing, were approved by the Court. Many of the parties' experts were in attendance for the examination and testing. The parties request clarification that they be permitted to introduce the DNV photographs and data, but not its opinions.

BP requested priority treatment for the motions *in limine* to preclude evidence regarding instances of prior alleged improper conduct unrelated to the Macondo Well Incident and the motions *in limine* to preclude evidence regarding prior adverse criminal, civil, or regulatory proceedings unrelated to the Macondo Well incident.

**Monday, February 6**, is the deadline for oppositions to motions *in limine* filed on January 23. **Monday, February 13**, is the deadline for replies.

**12.** **<u>Phase One Stipulations</u>**.

By **Tuesday, January 31**, BP shall submit a list in pleading form of the proposed stipulations with footnotes as to any which the PSC indicates are not disputed but for which context is required for a complete understanding of the statement. By **Tuesday, January 31**, the PSC shall submit in pleading form a response to BP's list.

13. **Demonstratives Aides.**

**Wednesday, February 15**, is the deadline for the exchange of all demonstrative aides. **Wednesday, February 22**, is the deadline for opposition to demonstrative aides.

14. **Ten Page Pre-Trial Statements**.

The deadline for the parties to submit the ten page pre-trial statements is **Wednesday, February 8.**

15. **Confidential Information at the Trial**.

The purpose of PTO 13 is:

> To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, pursuant to the Court's inherent authority, its authority under Rule 26(c) of the Federal Rules of Civil Procedure and the judicial opinions interpreting such Rule.

Rec. doc. 641. While the order makes reference to the use of confidential and highly confidential information in pre-trial hearings, it does not make provision for the use of such information during the trial. Id. at 5. PTO 13 controls the use of confidential and highly confidential Phase One information up until to the start of the Trial on February 27. PTO 13 will continue to control the use of such information for Phase Two and Phase Three.

The emphasis at the trial will be on the public disclosure of all information. The parties have listed more than 20,000 exhibits. If there are any exhibits which will cause serious competitive harm to a party or to a competitor of a party, the parties shall bring such exhibits to the attention of the Court by **Wednesday, February 8.** The Court expects that these exhibits will be very few in number. The Court will examine them *in camera* to determine whether they should not be disclosed to the public if they are used during the trial. All other exhibits which are proffered at the trial on

Phase One will be disclosed to the public.  All deposition designations proffered at the trial will be disclosed to the public, except for testimony directly concerning a document which the Court determines will cause serious competitive harm to a party or to a competitor.

On **February 8,** the parties' two page summaries for depositions and their ten page pretrial statements for the Court shall be filed in the record.

### 16. <u>Confidential Information and Phase One versus Phase Two</u>

The April 22, 2010 email was un-designated.  It is clearly a Phase Two document and its production was timely.

### 17. <u>Trial Planning</u>.

Dril-Quip and Weatherford communicated to GSA that they do not want office space during the trial.  The parties may communicate with Marie Firmin (marie_firmin@laed.uscourts.gov and 589-7621) and GSA Ken Livingston (kenneth.livingston@gsa.gov; (504) 589-6094, x-109) for access to their designated spaces.

By **Monday, February 6**, the parties shall provide the Court with a list of attorneys and witnesses that can be provided to the Marshal in an effort to facilitate access to the courthouse during Phase One.

### 18. <u>Court Reporters at the Trial</u>.

The Court emailed the parties a memorandum with questions from Betty DiMarco, the supervisor for the court reporters.  Ms. DiMarco has heard from: (1) PSC; (2) BP; and (3) Halliburton.  Transocean reports that it is working on the contact arrangements.  The remaining parties need to contact Ms. DiMarco.

**19.    Information Technology at the Trial.**

The dry run is reset for **Thursday and Friday, February 16 and 17, starting at 8:30 a.m.** This will be a full dry run with use of exhibits, parties' technical people, and coordination with court reporters. At that time the parties will be able to arrange with the Court for printers, files and other items they will need in the courtroom during the trial. Lawyers are not expected to participate in the dry run.

**20.    Opening Statements**

In October, 2011, BP submitted a proposed allocation of time for opening argument. At the trial planning meeting of October 14, it was revised. Comments were received and a further revision was made which was distributed on about October 25. The Court's version of the allocation and the one distributed by BP after the conference on January 27, 2012 are identical.

Anadarko reported that it needs the 10 minutes allocated to it. The States request an increase from 15 to 20 minutes if there is a further revision.

**21.    Exhibit Marshaling**

At the end of the day each Thursday during the trial, there will be a marshaling meeting for the introduction of the exhibits used during that week.

**22.    Halliburton Computer.**

There was discussion concerning the forensic examination of the Halliburton computer.

## B3 POST-EXPLOSION CLEAN-UP CLAIMS

At a prior conference it was reported that the responders and the PSC were to meet and confer on the issue of discovery responses by non-PSC attorneys for plaintiffs and the need for such discovery before the responders renew their preemption/immunity motions to dismiss. Prior to the

conference the parties reported an impasse.  This is passed until **February 10.**

## PHASE TWO

1. **Stipulations**.

The parties report substantial progress on the stipulations.  There will be a telephone conference on **Monday, January 30, at 2:00 p.m. CST** to work on the remaining issues.

2. **Interrogatories and RFAs.**

The deadline for the U.S. to serve formal responses to the interrogatories and requests for admission is extended to **Monday, February 13.**

3. **Rule 30(b)(6) for BP.**

The PSC presented argument on the "overlap" issue concerning Topic One of the BP Rule 30(b)(6).  The Court will rule on the issue.  The records custodian topic will be deferred.

4. **Rule 30(b)(6) for the U.S.**

With the exception of one topic concerning spill response costs, there is agreement on the Rule 30(b)(6) notice for the U.S.  BP and the U.S. are working to resolve the final topic.

5. **Other Rule 30(b)(6) Notices**.

Halliburton confirmed that the parties are very close to an agreement on its Rule 30(b)(6) notice.  Anadarko reported that, after a further meet and confer conference, it will return to the Court for a ruling on certain issues.  It is asked to complete the process promptly.  The PSC and Cameron reported agreement on its notice.

BP reported that the non-party notices were finalized as to the BP Institute and Add Energy. It is working with Woods Hole on its objections.  The PSC reported it is working on the objections from Wild Well Control and Cudd Well Control.  The PSC reported that DNV, ExxonMobil,

Schlumberger, Stress Engineering and Oceaneering were not served until recently.

The U.S. asked whether the depositions for Statoil and Add Energy would be one day depositions. Add Energy was deposed in Phase One. Statoil worked on the spill for only two days. The U.S. shall send the Court the notices for Add Energy and Statoil with a description of their involvement in Phase Two issues. The issue of whether the depositions will be two days or one day will be on the **February 3** agenda.

There was no discussion concerning RRB and Pencor. They will be on the **February 3** agenda.

6. **Document Production - Louisiana**.

Louisiana reports that its document production should be complete by **Monday, February 6**. BP and Louisiana may require Court assistance on one category of privilege log documents before February 27.

7. **Document Production - BP**

BP reports that its document production will be complete within the next few days.

8. **Document Production by Parties other than the States, BP and the U.S.**

BP reported that written discovery was not served on Halliburton, Transocean, Anadarko, Cameron, MOEX and Weatherford. Rule 30(b)(6) notices were served on those parties.

9. **Document Production - U.S.**

On **Friday, February 3**, there will be a telephone conference with BP and the U.S. concerning document production by the U.S. The conference will be after the Pretrial Conference and the Working Group Conference. Dial-in instructions will be provided to the parties.

11

10. **Custodial File Production**.

At a prior conference it was determined that where a Phase Two Rule 30(b)(6) deposition is sought from a party, a custodial file production for the corporate designee is not required unless the designee was not one of the negotiated custodians for electronic searches for Phase Two document production. If there is such a designee and the parties cannot resolve the issue of a custodial file production, it shall be raised with the Court. With respect to third parties, the parties shall proceed with a Rule 45 subpoena *duces tecum* to secure the documents well in an advance of a Rule 30(b)(6) deposition.

If leave is granted for later fact depositions of particular persons, any custodial production will be well in advance of the deposition and the parties should plan for that.

11. **Designation of Representatives for Rule 30(b)(6) Notices**.

Discussion of this issue will on the **February 3** agenda.

12. **Scheduling Topics in Rule 30(b)(6) Notices for Depositions.**

Discussion of this issue will be the **February 3** agenda**.**

### CONFERENCE SCHEDULE

| | |
|---|---|
| Friday, February 3, 2012 at 9:30 a.m. | Pretrial Conference with Judge Barbier in Courtroom. After the pretrial conference there will be a WGC meeting |
| Friday, February 10, 2012 at 9:30 a.m. | WGC meeting - Phase One followed by Phase Two.[1] |
| Friday, February 17, 2012 at 9:30 a.m. | WGC meeting - Phase One followed by Phase Two. |
| Friday, February 24, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 2, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |

---

[1] Phase Two counsel need not appear in person but may also choose telephone participation as to all future conferences.

| | |
|---|---|
| Friday, March 9, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 16, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 23, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 30, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |

New Orleans, Louisiana, this 30th day of January, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**