UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | : | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION J |
| APRIL 20, 2010 | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| | : | |
| *All Cases* | : | MAGISTRATE JUDGE SHUSHAN |

## MEMORANDUM IN SUPPORT OF MOTION FOR ORDER REGARDING MATERIALPREVIOUSLY MAINTAINED AS CONFIDENTIAL

Plaintiffs respectfully submit the following memorandum in support of their motion for an order regarding the handling of documents, deposition excerpts, and other related materials previously designated "confidential" with respect to the Phase One Trial:

**MAY IT PLEASE THE COURT:**

Pre-Trial Order No. 13, while extremely effective in facilitating the exchange of documents and other materials between and among the parties during the discovery process, is no longer appropriate, as the parties and the Court move into the trial phase, and needs to be superseded.

A primary stated purpose of PTO #13 was "[t]o expedite the flow of discovery material…" Since Phase I discovery is now complete, the plaintiffs would respectfully submit that PTO #13 has become a burden rather than a benefit. Few if any of the Phase I materials, which may have been confidential for discovery purposes, meet the high standard required for shielding them from public release leading up to the Phase I trial. As such, there should no longer be a presumption of confidentiality, and a party wishing to claim confidentiality should

1

now do so specifically and narrowly. Moreover, the seeking party should now provide both factual and legal bases for each document/designation in order to satisfy the high burden of proving why material should not be disclosed to the public at this stage in the litigation.

Judge Shushan's following comments, from the January 27, 2012 Discovery Conference outline the need for a superseding confidentiality order consistent with the above parameters:

> THE COURT: Here's my thought. Come trial, unless it's the formula for Coca-Cola, it comes in. And we're not going to lock and unlock the door, or, you know, have proceedings that are less than public. So, if you're going to introduce the Coca-Cola formula, let us know.
>
> MR. UNDERHILL: Pepsi.
>
> THE COURT: Pepsi. Right.
> But, unless it's something akin to that, we've got to face the fact that anything that's presented at trial is of record.[1]

There should be few, if any, "Coca-Cola formula" documents which, at this post-discovery stage of the Phase I litigation, satisfy the high standards required for "non-disclosure" to the public. Allowing continued "presumed" confidentiality of every document which has been designated as such is no longer fair, is no longer necessary, and in fact will frustrate the Court's ability to conduct an orderly and efficient trial.

In light of these issues, the PSC hereby submits a new confidentiality order (Exhibit "A") relative to Phase I material. This order is justified for three independent reasons:

1. The Phase I trial must not be interrupted for claims of confidentiality, and the Court's inherent power to manage the trial and pre-trial matters supports this order being entered.

2. The public has constitutional and common law rights of access to all filings with the Court.

3. Phase I discovery is complete, and the trial is upon us. As such, a party seeking non-disclosure has an affirmative duty and high burden to prove entitlement to same.

---

[1] See Exhibit "B" – Transcript of January 27, 2012 Discovery Conference, at p. 38.

For these reasons, as set forth in more detail below, the PSC requests that its proposed order be entered by the Court.

## I. DISTRICT COURT AUTHORITY TO MANAGE THE TRIAL

United States District Courts have the inherent authority to control and govern all proceedings, and all who practice before them. Federal Rule of Civil Procedure 1, in its current iteration, provides:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 8.1, they should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

Inherent powers of federal courts are governed by the control necessarily vested in courts to manage their own affairs so as to achieve orderly and expeditious disposition of cases.. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 2 F.3d 1397, 1406 (5th Cir. 1993).

This Court has been steadfast in the protection of potentially sensitive material during discovery. However, no basis currently exists to conceal the same information at this post-discovery stage of the Phase I litigation. Moreover, continuing to do so imposes an unworkable burden on this Court, counsel, and the public by requiring the Court to either clear the courtroom upon reference to such evidence or conduct large portions of the trial under seal. It would be comparable to a conductor of a symphony stopping the orchestra every few moments, instructing the audience to leave the theater, allowing the music to start again, stop again, only to allow the audience to return a few moments later. Certainly, there would be no flow, no rhythm, and no soul to this performance, all to the detriment of the Court, the parties and the public.

If current confidentiality designations remain in place, the parties and this Court will not be able to conduct an orderly or expeditious Phase I trial. As such, this Court has the inherent authority to require a party continuing to claim confidentiality over any Phase I material to

affirmatively and specifically identify it, as well as provide factual and legal bases for same. This requirement is further supported by the public's right to access court documents.

## II. PUBLIC RIGHT TO ACCESS COURT DOCUMENTS

The First Amendment right of access to judicial proceedings and documents is an affirmative, enforceable public right. *See, e.g., Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980); *Globe Newspaper Co. v. Superior Court*, 457 U.S. 59 (1982); *In re Hearst Newspapers, L.L.C.*, 641 F.3d 168, 176-177 (5th Cir. 2001). The public's right of access is a matter of federal constitutional and common law, and extends beyond simply the ability to attend open court proceedings. Rather, it envisions "a pervasive common law right 'to inspect and copy public records and documents, including judicial records and documents.;" *Leucadia, Inc. v. Applied Extrusion Tech., Inc.,* 998 F.2d 157, 161 (3rd Cir. 1993) (*quoting Nixon v. Warner Comm., Inc.*, 435 US. 589, 597 (1978).

"Access to civil proceedings and records promotes 'public respect for the judicial process' and helps assure that judges perform their duties in an honest and informed manner." *Id*. at 161. (*quoting Globe Newspaper Co. v. Superior Court*, 457 U.S. at 606). "The public cannot properly monitor the work of the courts with long delays in adjudication based on secret documents." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 126-127 (2nd Cir. 2006). The Supreme Court has repeatedly emphasized the importance of public access, stating that "[people in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 at 572; *see also Globe Newspaper Co. v. Superior Court*, 457 U.S. 596; *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984) ("*Press-Enterprise I*"); and *Press-Enterprise Co. v. Superior Court* 478 U.S. 1 (1986) ("*Press-Enterprise II*").

The trial in this case concerns a highly visible and controversial event in recent American memory, one that consumed the public's attention for months and deeply affected the lives of millions. Affixing liability for the Macondo / *Deepwater Horizon* disaster is, at its core, a matter of public concern. However, as of today's date, there have already been a significant number of substance-related and/or trial-related filings with the court (*e.g.,* "deposition bundles") which continue to remain sealed pursuant to (now outdated) discovery-based confidentiality designations. The continued sealing of these documents violates the public's fundamental right of access. Moreover, the maintenance of discovery-based confidentiality designations will upset the flow and efficiency of the Phase I trial, also resulting in a diminished public right of access. The First Amendment requires that the right of public access be respected and that all court filings and trial evidence be disclosed in the absence of a compelling proffer to the contrary.

### III. THERE IS A HIGH BAR TO OVERRIDE THE PUBLIC'S RIGHT OF ACCESS AND THE DEFENDANTS' HAVE NOT REACHED IT

There is a high burden which must be met in order to override the public's constitutional and common law rights of access. Moreover, this high burden falls solely on the party seeking non-disclosure, as sealing court documents is permitted only when it "is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise I*, 464 U.S. at 510. Speculative concerns, even if serious, cannot trump the access right. *See Globe Newspaper Co.*, 457 U.S. at 609-610 (1982). Instead, the Court must find, based on specific facts, that closure is necessary to protect an interest superior to the First Amendment. *See Press-Enterprise I*, 464 U.S. at 510.

Although parties may designate as confidential information exchanged during the discovery phase under the Protective Order, such a showing of good cause is inadequate to

protect that information once it is filed with the Court. *See Poliquin v. Garden Way*, 989 F.2d 527, 533 (1st Cir. 2001) (finding that the ordinary showing of good cause which is adequate to protect discovery material from disclosure cannot alone justify protecting such material after it has been introduced in court). "This dividing line may in some measure be an arbitrary one, but it accords with long-settled practice in this country separating the presumptively private phase of litigation from the presumptively public." *Id*.; *see also Seattle Times Co. v. Rinehart*, 467 U.S. 20, 33 (1984) (distinguishing discovery material, traditionally not available to the public, from trial evidence which is normally available); *Leucadia v. Applied Extrusion Tech, Inc.*, 998 F.2d at 164-165 (recognizing distinction for purposes of access between discovery materials filed as exhibits to "merits" motions and those filed in support of discovery motions).

It is true that there are some rare instances where a corporate defendant would have a trade secret worthy of being shielded from public disclosure. However, even where such high-level proprietary information is at issue, courts have "insisted that litigation be conducted in public to the maximum extent" possible. *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). Thus, a party is entitled to seal *only* that which would reveal truly proprietary/trade secret information—nothing more. *See id.* at 348-49 (reversing district court for sealing entire case when it could have redacted only those portions of the record revealing confidential information). In other words, the default status is disclosure. *In re Dallas Morning News Co.*, 916 F.2d 205, 206 (5th Cir. 1990). Should a defendant wish to make secret a specific piece of evidence, it must shoulder the above-described burden and demonstrate a compelling interest for doing so. This is the very definition of "narrowly tailored."

In this case, no party has asserted or articulated a compelling interest that favors non-disclosure, let alone an interest that is narrowly tailored. In fact, at the January 27 discovery

conference, counsel for BP essentially conceded that no compelling rationale existed to close off the trial—or any evidence—from public view.[2]  This concession only makes sense, for "[p]ublic confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public."[3]

## IV.   CONCLUSION

For the foregoing reasons, the PSC hereby moves this Honorable Court to enter the attached Order (Exhibit "A") withdrawing any previous confidentiality designations, and requiring Defendants to make narrowly tailored confidentiality claims, providing specific factual and legal support for same.  This process will greatly reduce, if not eliminate, the confidentiality/non-disclosure claims at the Phase I trial, and allow for greater public access to the documents and testimony.  Moreover, it justly shifts back the burden onto the party claiming confidentiality/non-disclosure.

This 30th day of January, 2012.


Respectfully submitted,


|  |  |
|---|---|
| _____/s/ Stephen J. Herman_____ | _____/s/ James Parkerson Roy_____ |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN KATZ | DOMENGEAUX WRIGHT ROY |
| & COTLAR LLP | & EDWARDS LLC |
| 820 O'Keefe Avenue | 556 Jefferson Street, Suite 500 |
| New Orleans, Louisiana 70113 | Lafayette, Louisiana 70501 |
| Telephone: (504) 581-4892 | Telephone: (337) 233-3033 |
| Fax No. (504) 569-6024 | Fax No. (337) 233-2796 |
| E-Mail: sherman@hhkc.com | E-Mail: jimr@wrightroy.com |
| *Plaintiffs' Liaison Counsel MDL 2179* | *Plaintiffs' Liaison Counsel MDL 2179* |

---

[2] See Exhibit "B" – Transcript of January 27, 2012 Discovery Conference, at p. 41.
[3] *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (quoting *United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978)); see also *Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.").

## PLAINTIFFS' STEERING COMMITTEE

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
E-Mail: sterbcow@lksalaw.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

**CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pre-Trial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 30th day of January, 2012.

      /s/ Stephen J Herman and James Parkerson Roy