UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION J |
| APRIL 20, 2010 | : | |
| | : | |
| | : | JUDGE BARBIER |
| This document relates to: *All Cases* | : | MAG. JUDGE SHUSHAN |

PRETRIAL ORDER #_____

Phase I discovery of this matter is now over.  Accordingly, IT IS HEREBY ORDERED as follows:

(1)   All Phase I depositions and deposition exhibits, all Phase I expert reports and attachments/reliance materials, all documents and items on any party's final Phase I exhibit list, any document or item which has been assigned a Phase I TREX/trial exhibit number, any pleadings and exhibits thereto, and any other materials submitted to the Court in advance of or in connection with the Phase I trial (e.g., "2 page summaries"), even if previously designated as Confidential or Highly Confidential, are hereby deemed no longer confidential and can be disclosed to the public starting on February 11, 2012, subject to the exception outlined in Paragraph 3 below.

Starting on February 11, 2012, World Wide shall remove the confidentiality bates stamping from such materials, with the exception of those documents identified by a party pursuant to Paragraph 3 below.  Also starting on February 11, 2012, any party shall be authorized to remove the confidentiality bates stamping from such materials, with the exception of those documents identified by a party pursuant to Paragraph 3 below.

(2)     The Court will not interrupt the Phase I trial for purposes of hearing objections to the public disclosure of the materials listed in Paragraph 1 above.  All objections to public disclosure of the materials listed in Paragraph 1 above shall be made prior to the Phase I trial as outlined in Paragraphs 3 and 4A below.  Any objections to public disclosure of live testimony must be made consistent with Paragraph 4B below, and will only be permitted in exceptional circumstances.

(3)     For a party to re-assert Confidential or Highly Confidential designations over material listed in Paragraph 1 above, said party must now re-designate the document, testimony, portion of the expert report or other material which it wishes to maintain as confidential, and provide a comprehensive and descriptive listing as well as a factual and legal basis for each item over which it is claiming confidentiality protection (including the title, exhibit number and bates number of the document, along with specific factual and legal support relative to each document) to the Court and all parties no later than February 10, 2012.  Documents and other materials not re-designated as confidential by February 10, 2012, as outlined herein, shall no longer be confidential.  Documents which are re-designated as confidential by February 10, 2012, as outlined herein, shall remain tentatively confidential until the Court rules on same prior to the start of the Phase I trial.

On February ___, 2012, the Court will hear argument from the parties seeking confidentiality/non-disclosure and any parties opposing same.  The Court will rule, prior to the Phase I trial, on whether the party seeking non-disclosure has met its burden of proving entitlement to shield the material at issue from public disclosure.  The parties are advised that claims of confidentiality, at this stage, should be rare.  To the extent that a party over-designates material as confidential, it runs the risk of having its confidentiality claims summarily denied.

(4) No testimony given or submitted at the Phase I trial of this matter will be sealed or otherwise protected from disclosure to the public absent a timely and specific objection by the party seeking non-disclosure. In the event a party objects to prevent public disclosure of particular testimony, that party shall:

    A) With respect to prior deposition or hearing testimony, bring the objection to the attention of the Court and all other parties no later than February 10, 2012, by filing a listing of any such testimony (to include the name of the deponent, date of the deposition or hearing, page and line designations, and specific factual and legal briefing for each separate designation) sufficient to carry that party's burden of proving why such testimony should be subject to protection from public disclosure. Parties wishing to challenge claims of confidentiality shall file their objections by February 15, 2012. The Court will rule, prior to the Phase I trial, consistent with the parameters outlined in Paragraph 3 above.

    B) With respect to live testimony, bring the objection immediately and contemporaneously state on the record the specific factual and legal bases sufficient to carry that party's burden of proving why such testimony should be subject to protection from public disclosure. If objections to public disclosure of live testimony are abused or if they interfere with the orderly or efficient process of the trial, the Court will summarily reject and/or disallow additional disclosure objections. No objection to public disclosure of live testimony will be considered if the witness gave prior deposition or hearing testimony which was not objected to consistent with Paragraph 4A above.

(5) With respect to any Phase I depositions and deposition exhibits, any Phase I expert reports and attachments/reliance materials, any documents and items on any party's final Phase I

exhibit list, any document or item which has been assigned a Phase I TREX/trial exhibit number, and any materials submitted to the Court in advance of or in connection with the Phase I trial (e.g., 2 page summaries), all prior orders in this matter relating to confidentiality are hereby amended and superseded by this order.

New Orleans, Louisiana, this _____ day of February, 2012.

_____
**Hon. Carl J. Barbier**
U.S. District Court Judge