```
                                                                    1

 1                 UNITED STATES DISTRICT COURT

 2                THE EASTERN DISTRICT OF LOUISIANA

 3                         AT NEW ORLEANS

 4

 5    IN RE:  OIL SPILL BY THE OIL RIG       *   10-MD-2179-CJB-SS
              DEEPWATER HORIZON IN THE       *
 6            GULF OF MEXICO ON              *
              APRIL 20, 2010                 *   January 27, 2012
 7                                           *
                                             *
 8    Applies to:   All Cases                *   9:30 a.m.
      *****************************************

 9

10

11                  DISCOVERY STATUS CONFERENCE

12              BEFORE THE HONORABLE SALLY SHUSHAN

13                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19    SUSAN A. ZIELIE, RPR, FCRR
      Official Court Reporter
20    HB 406
      500 Poydras Street
21    New Orleans, Louisiana 70130
      susan_zielie@laed.uscourts.gov
22    504.589.7791

23

      Proceedings Recorded by Computer-aided Stenography Transcription
24    Software.

25
```

PLAINTIFF'S EXHIBIT "B"

1   to know and the parties' right to know. And we'll figure that
2   out.
3           But the broader issue of trial that we have -- I don't
4   envision Judge Barbier kicking the public and the press and
5   non-parties out of the courtroom every time somebody raises a
6   confidentiality deposition.
7           And my perspective -- and certainly the Court may have a
8   different one, and some parties I suspect will -- is that the
9   only way realistically to handle this is that all of the
10  deposition designations have to be undesignated. They just have
11  to be. There's no way to try a public trial.
12          THE COURT: Here's my thought. Come trial, unless it's
13  the formula for Coca-Cola, it comes in. And we're not going to
14  lock and unlock the door, or, you know, have proceedings that are
15  less than public. So, if you're going to introduce the Coca-Cola
16  formula, let us know.
17          MR. UNDERHILL: Pepsi.
18          THE COURT: Pepsi. Right.
19          But, unless it's something akin to that, we've got to
20  face the fact that anything that's presented at trial is of
21  record.
22          MR. UNDERHILL: Thank you, Your Honor.
23          And we've been speaking about deposition designations,
24  and my comments were meant to include documents as well.
25          Just to inform the Court and the parties, that Mr.

```
 1  which of BP's competitors it is and any identifying information,
 2  like a Macondo 252.  We may seek solutions.
 3          But we're trying to seek sunshine.  And that's what
 4  we're moving towards.  And we're trying to do that on our behalf.
 5  Because we want it to be an open and public trial.
 6          And, as far as the issue of embarrassment, you know
 7  what, documents are embarrassing.  Testimony is embarrassing.
 8  But that's the way it works.  That's how people do a better job.
 9          THE COURT:  Okay.  Well, obviously we have to look at
10  this in more detail.  I haven't read Andy's letter.
11          I'm behind the ball here, Andy.  But I intend to.
12          And so we can put this on our discussion list.
13          But that's my gut.  My gut is that we do have to think
14  about, at this point, Phase One starting.
15          MR. LANGAN:  Your Honor, I'm not sure I disagree with
16  anything Mr. Underhill said.  So, just to hit some highlights
17  here, I think we're really on the same page.
18          We understand the trial's public.  We understand that.
19  With probably virtually or maybe no exceptions, the trial's going
20  to be public.  And I can't think right now of a single thing
21  that --
22          THE COURT:  That wouldn't.
23          MR. LANGAN:  Yeah, no.
24          But I understand the point about the MMS database and
25  the competitors, and we'll work with Mike on that.  And other
```