UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| ……………………………………………... | : | |

**BP'S REQUEST FOR CLARIFICATION OF THE COURT'S 1/23/12
WORKING GROUP ORDER REGARDING WITHDRAWN EXPERT OPINIONS**

In the January 23 Working Group Order (the "Order") (Doc. 5327, ¶14), the Court made a three-part finding relating to the admissibility of withdrawn expert reports and opinions by those other than the parties who retained the expert.[1] In Parts 2 and 3, the Court ruled:

- If a retaining party lists an expert on its final witness list, but does not call that expert at trial, other parties may introduce that expert's opinions and report into evidence (Part 2).

- If a retaining party lists an expert on its final witness list, but withdraws portions of the expert's opinions before trial, other parties may introduce into evidence at trial that expert's prior opinions that were withdrawn or amended (Part 3).

For Part 2, BP requests clarification that the Order does not permit as a blanket rule that another party may call live an expert witness, or designate deposition testimony of such an expert, in its affirmative or rebuttal case, even if the expert is on the retaining party's final witness list. Such a rule would unduly prejudice the retaining party by undermining its ability to control the presentment of its case, would promote free-riding and prolong the trial, in contravention of Fed. R. Evid. 403. Although it is conceivable that a circumstance may exist where a party has

---

[1] The Court clarified Part 1 of the ruling in its January 24 Order, holding that "[i]f a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of an expert called by the party who withdraws the expert." (1/24/12 Order, Doc. 5369) Part 1 is not the subject of this request for clarification.

justifiable grounds for calling another party's expert live in its rebuttal case, this would be the exception, not the norm, and at the very least, should be assessed by the trial court on a case-by-case basis.

For Parts 2 and 3, BP requests confirmation that a party is not permitted to introduce in its affirmative or rebuttal case the reports of another party's expert witness. Allowing such reports to be introduced would circumvent threshold requirements of admissibility and permit the admission of improper hearsay, while also presenting fairness and trial efficiency concerns under Fed. R. Evid. 403.

For these reasons, BP requests that the Court enter an Order providing that:

- If a retaining party has listed an expert on its final witness list but does not call that expert at trial, another party may call that witness in its rebuttal case only upon a determination by the trial court that Federal Rule of Evidence 403 and any other applicable requirements are satisfied. The expert's report or opinions are otherwise not admissible.

- If a retaining party has listed an expert on its final witness list, but withdraws portions of the expert's opinions, other parties may use at trial the expert's prior opinions that were withdrawn or amended only for proper cross-examination or impeachment of that expert.

**ARGUMENT**

I. **A Party Should Not Be Permitted To Call Another Party's Expert at Trial as a Matter of Course.**

The Order provides that the ***opinions and report*** of an expert who is listed on the retaining party's final witness list but not called at trial or whose opinions are partially withdrawn may be admissible at the Phase One trial. (Order at ¶14) While the PSC agrees that it would not seek to call another party's expert to testify live in its case-in-chief, the PSC has suggested that, to the extent that an expert is listed on the retaining party's witness list, "in the event that he or she is not called by the sponsoring party, other parties should have ***the right*** to call that witness in rebuttal . . . ." (1/26/12 S. Herman Email) (emphasis added).

2

BP agrees that a party should not be permitted to compel another party's expert to testify in its case-in-chief, and acknowledges that there may be limited circumstances when a party may be warranted in calling another party's expert in rebuttal. A blanket rule that a party *is entitled* to call another party's expert at trial, even if only in rebuttal, however, is contrary to Fed. R. Evid. 403, and unsupported by the case law. Rather, the trial court should evaluate a party's alleged need to call in its rebuttal case another party's expert, the resulting prejudice to the retaining party, the potential cumulative nature of the testimony at issue, and the effect on prolonging the trial, on a case-by-case and expert-by-expert basis. *See, e.g., Ferguson v. Michael Foods, Inc.*, 189 F.R.D. 408, 109-10 (D. Minn. 1999) (designation of an expert as expected to be called at trial does not "create an 'entitlement' of the opposing party to depose or use another party's expert at trial"; rather, the proper standard is based on the trial court's discretion "guided by a balancing of probative value against prejudice under Fed. R. Evid. 403.") (internal quotations and citations omitted); *Saeweitz v. Lexington Ins. Co.*, No. 02-23248-Civ., 2003 WL 25740731, at *2 (S.D. Fla. Oct. 21, 2003) (same). Indeed, the PSC and Halliburton seemed to agree with this "wait and see" approach to potential rebuttal testimony at the January 27, 2012 status hearing.[2]

In many instances, allowing a party to call another party's expert adversely would unfairly prejudice the retaining party, reward free-riding, result in the presentation of cumulative evidence, prolong the trial, and discourage settlement. Several courts have held that Fed. R. Evid. 403

---

[2] By Mr. Herman: "[W]e think that if the sponsoring party, for lack of a better word, doesn't call them, he, she or it still needs to make that witness available if somebody else wants to call them in rebuttal. But that doesn't mean that some other party will. *And at some point the Court could still say it's cumulative.* Or, you know, they might withdraw a witness and we don't want to call them. *And then the witness doesn't have to testify.*" (1/27/12 Hr'g Tr. at 34:14-20) (emphasis added)

By Mr. Beck: "[I]n every trial, there's going to be a situation, particularly on the defense side, where you decide: Look, I was going to call this expert, but there's no need to, because of the state of the evidence at the time. And so, it seems to me, that in *trying to come up with a rule that is going to cover every conceivable situation really doesn't work. It seems to me that Judge Barbier is going to have to make a decision at the time based upon the state of the evidence at the time.* So, for that reason, I agree with what Mr. Herman has said." (1/27/12 Hr'g Tr. at 35:3-13) (emphasis added)

precludes a party from affirmatively offering opinions or testimony of another party's expert for precisely these reasons. *See, e.g., Ferguson*, 189 F.R.D. at 109-10 (holding that, under FRE 403, party could not call another party's expert witness at trial); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460-62 (S.D.N.Y. 1995) (party could not admit testimony of a withdrawn adverse expert in its affirmative case under FRE 403 because the prejudicial impact and cumulative nature outweighed any legitimate need); *Peterson v. Willie*, 81 F.3d 1033 (11th Cir. 1996) (trial court erred in permitting adverse party to call withdrawn expert).

In accordance with Fed. R. Evid. 403, this Court should not impose a blanket rule that a party is ***entitled*** to call an expert on the retaining party's witness list. Such a rule would likely result in the admission of testimony that is unduly prejudicial and cumulative. The parties in this case had ample opportunity to procure their own experts and elicit any opinions deemed appropriate and necessary. The parties took advantage of this opportunity—identifying a total of more than ***60*** testifying experts on their final witness lists. (1/27/12 Combined Expert Witness List) Each party must call upon its own experts to support its affirmative case at trial, and cannot claim the need to rely on another party's expert. *See Ferguson*, 189 F.R.D. at 409 (allowing a party to call an adverse party's expert at trial would "undermine a principal objective of Rule 26, namely, to prevent a party from piggybacking on another party's trial preparation") (internal quotations omitted); *Ager v. Jane C. Stormont Hosp.*, 622 F.2d 496, 502 (10th Cir. 1980).

Although no other party would (or at least should) be prejudiced if unable to rely on another party's expert at trial, the retaining party would likely be prejudiced if others are allowed to call its expert. The proffering party would lose control of the experts that it prepared, and others would improperly benefit from the proffering party's diligence and efforts. *FMC Corp. v.*

*Vendo Co.*, 196 F. Supp. 2d 1023, 1048 (E.D. Cal. 2002) ("There is a strong policy against permitting a non-diligent party from free-riding off the opponent's industry and diligence.").

Furthermore, because many of the parties have retained and listed on their witness lists experts who opine on the same areas of expertise, allowing a party to call adversely another party's expert at trial would likely result in the admission of cumulative testimony, add little probative value, waste judicial and party resources, and prolong the trial. *See, e.g., Rubel*, 160 F.R.D. at 462 (citing the cumulative nature of the withdrawn expert testimony as a basis for excluding such testimony from another party's affirmative case). For example, the PSC, the United States, BP, and Halliburton *each* have listed experts on their final witness lists who opine on the topics of well control, cementing, the BOP, and process safety. Thus, allowing a party to call another party's expert, presumably in conjunction with that party's existing experts, will likely be cumulative of the record developed and unnecessary.

Allowing the submission of expert testimony through deposition designations would do nothing to alleviate these Rule 403 concerns, but would only make them worse and introduce additional hearsay obstacles. If a party were allowed to offer affirmatively portions of another party's expert's deposition testimony at trial, the decision not to call an expert would spark rounds of designations, counter-designations, and objections by the parties. Because a party may decide not to call a particular expert witness even after the trial has begun, the multi-round designation process for mid-trial withdrawals, which are likely given the more than 60 testifying expert witnesses in this case, would necessarily take place ***during trial***—requiring substantial time and impeding the orderly progress of the trial. Such a cumbersome process would side-track the parties and the Court, and unduly prolong the trial. *See, e.g., Ferguson*, 189 F.R.D. at 410 (denying plaintiff's request to present deposition testimony of defendant's expert at trial in part

because it would "unreasonably lengthen the proceedings," "unduly inconvenience defendants' counsel and would lead to the consumption of further judicial resources by requiring the court to sort through the objections and designations and counter-designations"); *Martinez v. Aetna Ins. Co.*, No. 97-2388, 1999 WL 169434, at *5 (E.D. La. Mar. 24, 1999) (excluding cumulative evidence under FRE 403 because it would "waste judicial resources").

Moreover, the Court should not impose a blanket rule that an expert's deposition testimony is admissible because no Federal Rule of Evidence creates such a wholesale exception to settled hearsay principles. First, courts have held that statements of an expert witness do not constitute party admissions. *See, e.g., Kirk v. Raymark Indus.*, 61 F.3d 147, 164 (3d Cir. 1995); *cf. Collins v. Wayne Corp.*, 621 F.2d 777, 781-82 (5th Cir.) (holding that a report of an individual whom a party employed "to analyze and investigate" an accident may constitute a party admission under Fed. R. Evid. 801(d)(2), but did not apparently involve an expert retained specifically for litigation). Even if a litigation expert's opinions may constitute a party admission, the proffering party must show that the expert opinion meets the elements of a party admission, including that the opinion is being offered ***against the party who made it***. *See* Fed. R. Evid. 801(d)(2)(c). Thus, an expert's deposition testimony (or report) cannot be an admission of any party who did not proffer the expert. *See, e.g., Collins*, 621 F.2d at 782 (holding that investigator's testimony was admissible under FRE 801(d)(2) as against the party who retained him).[3]

In sum, a blanket rule providing that a party is ***entitled*** to call another party's expert at trial is contrary to the Rules of Evidence and unsupported by the case law. *See, e.g., Ferguson*, 189 F.R.D. 408; *Peterson*, 81 F.3d 1033. The trial court is best positioned to undertake the detailed, case-by-case and expert-by-expert analysis that Fed. R. Evid. Rule 403 requires to determine

---

[3] In addition, deposition testimony of an expert may not satisfy the "former testimony" exception to the hearsay rule because the witness is not unavailable for trial. Fed. R. Evid. 804(b)(1).

whether a party can call another party's expert at trial.  For these reasons, a party should not be permitted to call any other party's expert in its case-in-chief, and any request to call another party's expert in rebuttal should be evaluated by the trial court in light of the circumstances—if and when the need arises—to ensure that Rule 403 and other applicable requirements are satisfied.[4]

## II.     A Party Should Not Be Permitted to Introduce In Evidence In Its Case the Report of Another Party's Expert.

Part 2 of the Order provides that if an expert is listed on the retaining party's witness list but not called at trial "other parties may introduce that expert's opinions and report into evidence." Relatedly, Part 3 provides that where portions of a testifying expert's opinions are withdrawn, "other parties may introduce into evidence at trial that expert's prior opinions that were withdrawn or amended."  Both Parts 2 and 3 can be interpreted as allowing introduction into evidence during a party's case, the report of another party's expert, either as (1) a report of a withdrawn, or not called, expert, or (2) a report that contains the expert's withdrawn opinions.

Allowing a party to introduce in its case another party's expert report would circumvent threshold requirements of admissibility and admit inadmissible hearsay.  It would also unduly prejudice the retaining party, promote improper free-riding, prolong the trial and discourage future settlements, in contravention of Fed. R. Evid. 403.  BP therefore respectfully requests clarification that expert reports should not be admissible in another party's case (affirmative or rebuttal).

---

[4] For example, because independent experts are not parties or officers of a party, and they may be located outside the Court's subpoena power under Federal Rule of Civil Procedure 45, they may not be compelled to testify.  This issue is not the subject of this brief and may require further briefing in the event the trial court is otherwise inclined to permit a party to call another party's expert in its rebuttal case.

### A. Permitting Another Party to Introduce in Its Case Reports of Another Party's Expert Contravenes Fed. R. Evid. 104, 702 and 802.

If another party is allowed to introduce in its case the reports of another party's expert, the standards for reliability and trustworthiness required for admission of opinion testimony under Fed. R. Evid. 104(a) and 702 will not be met. This would be inconsistent with the prerequisites for admission of opinion testimony that are set forth under *Daubert*, and could permit another party to admit opinion testimony that is otherwise inadmissible. The Court's gatekeeping role under *Daubert* of ensuring that opinion testimony is reliable and relevant would not be met without the opportunity for examining the expert as to those opinions.

Further, permitting introduction of an expert's report in another's case would present an evidentiary issue under Fed. R. Evid. 802. As out-of-court statements to prove the truth of the matter asserted, withdrawn expert reports and opinions are hearsay under Fed. R. Evid. 801.[5] *See, e.g., Durham v. Cnty. of Maui*, Civ. No. 08-00342 JMS/RLP, 2011 WL 3053043, at *1-4 (D. Haw. July 25, 2011) (holding that expert report cannot be introduced at trial because it is hearsay and not the admission of a party-opponent); *Sommerfield v. City of Chicago*, 254 F.R.D. 317, 329 (N.D. Ill. 2008) (holding that expert report is inadmissible hearsay, and listing "[t]he cases generally that hold that expert reports may not be received in evidence without violating the hearsay rule or Rule 403"); *see also Herrin v. Ensco Offshore Co.*, No. Civ. A. 00-3051, 2002 WL 465199, at *3 (E.D. La. Mar. 25, 2002) (excluding expert reports as inadmissible hearsay).

---

[5] A statement of an independent expert is not a party admission under Fed. R. Evid. 801. Courts that have addressed the issue have held that the expert "is not an agent of the party who called him" because he or she is "charged with the duty of giving *his* or *her* expert *opinion* regarding the matter before the court." *See, e.g., Kirk*, 61 F.3d at 164 (emphasis in original) (holding that an expert witness is not an agent of the party who called him and thus litigation testimony is inadmissible as a party admission under FRE 801(d)(2)); *see also Glendale Federal Bank, FSB v. United States*, 39 Fed. Cl. 422, 423-425 (Fed. Cl. 1997) (holding that an expert's deposition testimony was inadmissible under FRE 801(d)(2) because the expert was withdrawn before trial and "[e]ven at the time of his deposition he remains autonomous"); *cf. Collins*, 621 F.2d 777 at 781-82. Even if a litigation expert's opinions may constitute a party admission, the proffering party must show that the expert opinion meets the elements of a party admission, including that the opinion is being offered ***against the party who made it***. Fed. R. Evid. 801(d)(2)(c).

Another party, therefore, cannot introduce affirmatively an expert's original report that contains the withdrawn opinions without making a showing of an applicable hearsay exception. Here, no exception exists. *United States v. Kiewit Const. Co.*, No. A99459-CV-JWS, 2005 WL 1277953, at *10 (D. Alaska Jan. 3, 2005) (excluding admission of expert reports as inadmissible hearsay and "find[ing] no applicable exception to the hearsay rule"); *In re WorldCom, Inc.*, 377 B.R. 77, 107 n.22 (S.D.N.Y. Bkrtcy. 2007) (noting that expert report is inadmissible hearsay); *Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 478 (E.D. La. 2007) (same).

### B. Permitting Another Party to Introduce in Its Case Withdrawn Reports or Opinions of Another Party's Expert Contravenes Fed. R. Evid. 403.

Under Fed. R. Evid. 403, withdrawn expert reports or opinions should be inadmissible as unduly prejudicial and cumulative. As discussed above, a party has the right to control its case, and another party can have no reasonable expectation that it can support its case by relying on another party's withdrawn expert reports or opinions. *Obeso v. Jacobson*, No. 08-248, 2010 WL 4882971, at *8 (N.D. Ga. Nov. 24, 2010). Here, the parties had ample opportunity to procure their own experts, and no party should be prejudiced if unable to rely on withdrawn expert opinions. To its prejudice, however, the retaining party would lose control of its experts, allowing others to benefit improperly benefit from its diligence. *FMC Corp.*, 196 F. Supp. 2d at 1048 ("There is a strong policy against permitting a non-diligent party from free-riding off the opponent's industry and diligence.").

Further, courts have considered the cumulative nature of an expert's report, and denied its admission under Fed. R. Evid. 403. *See, e.g., Sommerfield*, 254 F.R.D. at 329 (denying admission of expert report, in part, because cumulative under FRE 403); *BC Tech. v. Ensil Int'l*, No. 02-CV-700, 2008 WL 163578, at *2 (D. Utah Jan. 17, 2008) (holding expert report is inadmissible as duplicative and confusing). Here, because of the number of experts who opine on the various

9

topics that this case presents, there is a strong likelihood that submission of reports that contain the withdrawn opinions will be cumulative.

## CONCLUSION

For the foregoing reasons, BP respectfully requests that the Court enter an Order clarifying its January 23 Order as set forth herein.

Dated: January 30, 2012

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 30th day of January, 2012.

/s/  Don K. Haycraft