UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig
    "Deepwater Horizon" in the Gulf
    of Mexico, on April 20, 2010

Applies to: *All Cases*

MDL NO. 2179

SECTION J

JUDGE BARBIER
MAGISTRATE JUDGE SHUSHAN

### ORDER

[Regarding BP's Motion *in Limine* Non-Factual Witness Testimony (Rec. doc. 5110)]

BP filed a motion *in limine* to exclude non-factual fact witness testimony as beyond the scope of Fed. R. Evid. 701. Rec. doc. 5110. The U.S., Halliburton, Transocean and PSC filed oppositions. Rec. docs. 5236, 5247, 5260 and 5270. BP filed a reply. Rec. doc. 5353. Under Rule 701, "[i] If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

The U.S. and Halliburton contend that a witness may offer testimony of a specialized or technical nature based on the experience of the witness. The U.S. argues that testimony from witnesses with first-hand knowledge of oil drilling operations and regulations are admissible under Rule 701 if the Court deems the testimony to be helpful. BP contends that about twenty pages of testimony from the deposition of Billy Ezell, a Transocean toolpusher, illustrate the problem. Transocean and the PSC respond that Ezell's testimony is not opinion testimony. Instead, he is testifying that he did know about events or conversations referred to in email between BP personnel. Even if it is opinion testimony, Transocean argues that the requirements for Fed. R. Evid. 701 are satisfied.

BP submitted a list of the deposition testimony that should be excluded. Rec. doc. 5110 (Exhibit A). Many of these persons, including Ezell, are listed as <u>will</u> <u>call</u> witnesses. For the will call witnesses, the Court will determine at the trial whether testimony should be excluded as beyond the scope of Rule 701. The remaining witnesses on Exhibit A will be proffered by deposition designations and the Court will review objections to admissibility as the depositions are read in conjunction with the trial.

The Court reviewed the testimony submitted from Ezell's deposition. For purposes of guidance at the trial as to the scope of examination for the witnesses to be presented live, the questions and answers at the following points in the transcript are improper under Rule 701.

Page 166 at lines 7-20.

Page 167 at line 23 to page 168 at line 13.

Page 180 at lines 8 to 20.

Page 182 at lines 14-20.

Page 183 at lines 10-18.

Page 185 at lines 11-19.

Page 185 at line 20 to page 186 at line 21.

Page 187 at lines 2-15.

IT IS ORDERED that BP's motion *in limine* exclude non-factual fact witness testimony (Rec. doc. 5110) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 31st day of January, 2012.

CARL J. BARBIER
**United States District Judge**