UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

**[Regarding BP's Motion *in Limine* to Bar Fact or Opinion
Testimony on Issues of Law (Rec. doc. 5108)]**

On January 9, BP filed a motion *in limine* to bar fact or opinion testimony on issues of law. The U.S., Transocean and PSC filed oppositions. Rec. docs. 5231, 5248 and 5254. BP filed a reply. Rec. doc. 5351.

The opposing parties do not dispute BP's position that legal conclusions are not a proper subject for testimony, but argue that the motion should be denied because: (1) this case involves a highly technical and heavily regulated industry and testimony from federal agency employees concerning a complex regulatory scheme would be of benefit to the trier of fact; (2) the word "reckless" may be a legal term of art or a term of lay usage and the Court can discern the difference as the issue arises during the trial; (3) the motion seeks a ruling without consideration of the proper context, including all possible grounds for admissibility; and (4) one of the examples cited by BP is fact-oriented opinion which is admissible under Fed. R. Evid. 704.

BP cites six examples in support of its motion. In two of them counsel for one of the parties asked the witnesses, both lay and expert, whether actions were "willful or intentional misconduct" or "negligent."[1] These are legal conclusions. BP's motion is granted as to these and other similar

---

[1] For instance, Halliburton's counsel asked Glen Benge, the cement expert for the U.S., "[d]o you view Halliburton as being negligent . . . for using foam cement with synthetic oil-based mud?" The witness

examples of questioning by attorneys.

In a third example, BP reports that Dr. Alan Huffman, an expert regarding BP's compliance with MMS regulations, "expressly admitted in deposition that it was his opinion that 'BP violated the law.'" Rec. doc. 5108 at 5. Dr. Huffman, as an expert on MMS regulations, may opine on whether a person's conduct is or is not in accord with the regulations. In that sense Dr. Huffman's opinion concerns whether or not a person's conduct violated the law (regulations). BP's motion is denied as to Dr. Huffman's testimony.

The remaining three examples concern the word "reckless." BP cites the opening sentence of the executive summary of the report by a Halliburton expert, Dr. Patrick Hudson, in which he states that "BP's conduct, including the decisions made leading up to the blowout on Macondo, evidence BP's profound misunderstanding and reckless disregard of safety systems in its Gulf of Mexico operations." The phrase "reckless disregard" has legal significance.[2] BP's motion is granted as to Dr. Hudson's use of the phrase "reckless disregard" and other similar examples.

The word "reckless" also occurred in the deposition of Gregg Perkin, a PSC expert on BOP issues, where, at the conclusion of the deposition and in response to re-direct examination by the PSC, Perkin testified that a practice described to him was "not good oil field practice. It's reckless."

---

responded "No, I do not."

[2] For example, in Singer v. City of Waco, Texas, 324 F.3d 813 (5th Cir. 2003), the Fifth Circuit stated:

> Under the FLSA, a violation is "willful" if the employer either " 'knew or showed reckless disregard for ... whether its conduct was prohibited by the statute.' " *Reich v. Bay, Inc.,* 23 F.3d 110, 117 (5th Cir.1994) (quoting *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)).

324 F.3d at 821.

Rec. doc. 5264 at 3.[3] For the reasons presented by the U.S., the motion is denied as to the use of the word "reckless" in response to the re-direct examination by the PSC.

The last use of the word "reckless" is found in Transocean's examination of one of its employees, Paul Johnson. He was asked, "[d]id you ever see anything that would lead someone to say [that your fellow crew members] were reckless when it came to safety?" Mr. Johnson answered, "[n]o sir." Rec. doc. 5108 at 4. The context of the question as well as the fact that it was employed by a lawyer, demonstrates that it was employed in it is legal meaning. BP's motion is granted as to counsel's use of the word "reckless" in the questioning of Mr. Johnson and other similar examples.

IT IS ORDERED that BP's motion *in limine* to bar fact or opinion testimony on issues of law is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 31st day of January, 2012.

CARL J. BARBIER
United States District Judge

---

[3] This same testimony is at issue in BP's motion *in limine* to preclude expert opinion testimony not disclosed in the expert's Rule 26(a) written report (Rec. doc. 5229). In that motion the issue was whether the testimony was within the four corners of Perkin's report.