# EXHIBIT A

```
                                                                    1

                         UNITED STATES DISTRICT COURT
                         EASTERN DISTRICT OF LOUISIANA


****************************************************************

IN RE:  OIL SPILL BY THE
OIL RIG DEEPWATER HORIZON
IN THE GULF OF MEXICO ON
APRIL 20, 2010
                                   CIVIL ACTION NO. 10-MD-2179 "J"
                                   NEW ORLEANS, LOUISIANA
                                   FRIDAY, JANUARY 13, 2012, 9:30 A.M.

THIS DOCUMENT RELATES TO
ALL ACTIONS

****************************************************************


        TRANSCRIPT OF DISCOVERY STATUS CONFERENCE PROCEEDINGS
              HEARD BEFORE THE HONORABLE SALLY SHUSHAN
                    UNITED STATES MAGISTRATE JUDGE


APPEARANCES:


FOR THE PLAINTIFFS'
LIAISON COUNSEL:        DOMENGEAUX WRIGHT ROY & EDWARDS
                        BY:  JAMES P. ROY, ESQUIRE
                        P. O. BOX 3668
                        556 JEFFERSON STREET
                        LAFAYETTE, LA  70502


                        HERMAN HERMAN KATZ & COTLAR
                        BY:  STEPHEN J. HERMAN, ESQUIRE
                        820 O'KEEFE AVENUE
                        NEW ORLEANS, LA  70113


FOR THE PLAINTIFFS:     IRPINO LAW FIRM
                        BY:  ANTHONY IRPINO, ESQUIRE
                        2216 MAGAZINE STREET
                        NEW ORLEANS, LA  70130
```

|  |  |
|---|---|
| 10:17AM 1 | MR. WILLIAMSON: Judge, we want to stand on it because |
| 10:17AM 2 | I've kind of been told by my chiefs not to try to argue today the |
| 10:17AM 3 | merits of the, quote, expert witness pull-down. |
| 10:18AM 4 | So I don't want to splash over and start halfway |
| 10:18AM 5 | arguing that because we -- because I cannot state to you how |
| 10:18AM 6 | vigorously my chiefs and us disagree with this whole expert |
| 10:18AM 7 | witness pull-down. |
| 10:18AM 8 | Obviously, we'll have our brief in, in accordance |
| 10:18AM 9 | with the Court's schedule; but, given that's our position, we |
| 10:18AM 10 | therefore definitely do not want to move *Daubert*. |
| 10:18AM 11 | I'm not fussing with the Court about what the |
| 10:18AM 12 | Court's done with respect to the defendants; but, we would, |
| 10:18AM 13 | respectfully, like to stick with the schedule we set and the |
| 10:18AM 14 | order that you referenced a couple minutes ago. |
| 10:18AM 15 | THE COURT: Jimmy, I guess, since Judge Barbier is not |
| 10:18AM 16 | going to look at these for the foreseeable future, he's got lots |
| 10:18AM 17 | on his plate for in limine, and I think Tim raises a valid issue |
| 10:19AM 18 | about showing his hand as to other motions he might be filing |
| 10:19AM 19 | against defendants, I'm going to extend the entire deadline. |
| 10:19AM 20 | I don't think that harms you guys because I don't |
| 10:19AM 21 | think Judge Barbier is going to look at the motions in the near |
| 10:19AM 22 | future anyway, meaning in the next couple of weeks. |
| 10:19AM 23 | MR. WILLIAMSON: We understand the Court's ruling. |
| 10:19AM 24 | THE COURT: Okay. Thank you. |
| 10:19AM 25 | MR. GODWIN: Judge, before we leave that subject, may |


```
10:17AM  1        MR. WILLIAMSON:  Judge, we want to stand on it because
10:17AM  2   I've kind of been told by my chiefs not to try to argue today the
10:17AM  3   merits of the, quote, expert witness pull-down.
10:18AM  4        So I don't want to splash over and start halfway
10:18AM  5   arguing that because we -- because I cannot state to you how
10:18AM  6   vigorously my chiefs and us disagree with this whole expert
10:18AM  7   witness pull-down.
10:18AM  8        Obviously, we'll have our brief in, in accordance
10:18AM  9   with the Court's schedule; but, given that's our position, we
10:18AM 10   therefore definitely do not want to move Daubert.
10:18AM 11        I'm not fussing with the Court about what the
10:18AM 12   Court's done with respect to the defendants; but, we would,
10:18AM 13   respectfully, like to stick with the schedule we set and the
10:18AM 14   order that you referenced a couple minutes ago.
10:18AM 15        THE COURT:  Jimmy, I guess, since Judge Barbier is not
10:18AM 16   going to look at these for the foreseeable future, he's got lots
10:18AM 17   on his plate for in limine, and I think Tim raises a valid issue
10:19AM 18   about showing his hand as to other motions he might be filing
10:19AM 19   against defendants, I'm going to extend the entire deadline.
10:19AM 20        I don't think that harms you guys because I don't
10:19AM 21   think Judge Barbier is going to look at the motions in the near
10:19AM 22   future anyway, meaning in the next couple of weeks.
10:19AM 23        MR. WILLIAMSON:  We understand the Court's ruling.
10:19AM 24        THE COURT:  Okay.  Thank you.
10:19AM 25        MR. GODWIN:  Judge, before we leave that subject, may
```

```
10:19AM  1    I --
10:19AM  2              THE COURT:  Sure, Don, come on up.
10:19AM  3              MR. GODWIN:  -- approach, Judge?  Thank you, Your Honor.
10:19AM  4              Judge, with regard to the will-call list, I would
10:19AM  5    like to inform this morning that the attorney for Jesse Gagliano,
10:19AM  6    Mr. Josh Berman, informed me yesterday that Jesse will waive his
10:19AM  7    Fifth Amendment privilege, Your Honor, and will make himself
10:19AM  8    available for a deposition in this case, preferably, due to the
10:19AM  9    scheduling of Mr. Berman, during the first two weeks of February.
10:19AM 10              I'm prepared today to pick out two dates.  He's
10:20AM 11    given me pretty much his calendar for those two weeks.
10:20AM 12              Mr. Gagliano will also waive any Fifth Amendment
10:20AM 13    privilege with regard to testifying at trial, Judge, in this MDL
10:20AM 14    matter.  So if we want to pick out two dates -- is it going to be
10:20AM 15    a two-day deposition or one?
10:20AM 16              THE COURT:  I'm assuming it's a two-day deposition.
10:20AM 17              MR. WILLIAMSON:  Yes.  I'm sorry, I didn't mean to
10:20AM 18    interrupt.
10:20AM 19              MR. GODWIN:  That's what it has been on others.
10:20AM 20              I'm prepared, if the Court wants to pick out two
10:20AM 21    days now and tell Mr. Berman.  Unless there is something critical
10:20AM 22    with regard to one or both days, my guess is that that will be
10:20AM 23    fine; but, the first two weeks, he told me, were pretty much
10:20AM 24    clear for him and his client.
10:20AM 25              MR. WILLIAMSON:  As the Court knows, we were vigilant
```

|  |  |
|---|---|
| 10:20AM | 1 |  about trying to get Mr. Gagliano.  Thank you very much for the
| 10:20AM | 2 |  announcement.  It's the first we've heard of it.
| 10:20AM | 3 |          MR. GODWIN:  I just learned of it yesterday.
| 10:20AM | 4 |          MR. WILLIAMSON:  I'm sure that's true.
| 10:20AM | 5 |          MR. GODWIN:  Yes.
| 10:20AM | 6 |          MR. WILLIAMSON:  But, having said that, given that
| 10:20AM | 7 |  Mr. Gagliano was a person who was involved on Macondo for events
| 10:21AM | 8 |  that were literally happening on April 19 and 20, we want his
| 10:21AM | 9 |  deposition -- we appreciate the offer, we want his deposition as
| 10:21AM | 10 | soon as possible, and we are available seven days a week to take
| 10:21AM | 11 | it.
| 10:21AM | 12 |         You're right, he is a fact witness, should be
| 10:21AM | 13 | governed by the two-day rule, with the allocations -- the default
| 10:21AM | 14 | allocations; but, we can do it on the weekends.
| 10:21AM | 15 |         The PSC hereby offers to do it on weekends or
| 10:21AM | 16 | whenever.  We would like to get that deposition taken in January,
| 10:21AM | 17 | literally as quickly as possible.  The PSC will be ready to take
| 10:21AM | 18 | his deposition literally whenever he can be produced.
| 10:21AM | 19 |         MR. GODWIN:  Judge, while I appreciate what Jimmy is
| 10:21AM | 20 | saying, I did just learn yesterday of Mr. Gagliano's
| 10:21AM | 21 | availability.  Of course, we all know that he and all the other
| 10:21AM | 22 | folks that, with various parties, have taken the Fifth have that
| 10:21AM | 23 | right to do so.
| 10:21AM | 24 |         Mr. Berman informed me the moment, he said, that
| 10:21AM | 25 | Mr. Gagliano approved it, which was yesterday, as well.  There

| | | |
|---|---|---|
| 10:22AM | 1 | has been no delay whatsoever. |
| 10:22AM | 2 | Due to things going on in January, and due to -- |
| 10:22AM | 3 | you know, we've got next week a very, very important witness. |
| 10:22AM | 4 | There is a court holiday on Monday. We've got Tuesday and |
| 10:22AM | 5 | Wednesday with Mr. Ron Crook. With things going on and deadlines |
| 10:22AM | 6 | to be met, we feel that the first two weeks of February -- that |
| 10:22AM | 7 | first week of February is certainly not but a week longer than |
| 10:22AM | 8 | when Jimmy says he would like to have it in the month of January. |
| 10:22AM | 9 | But, again, Judge, Mr. Berman, who is going to be |
| 10:22AM | 10 | here defending the depo for Mr. Gagliano, has commitments in |
| 10:22AM | 11 | January that he says necessitate he be in Washington, DC and |
| 10:22AM | 12 | New York, where he offices for that period. |
| 10:22AM | 13 | So we're prepared that first week of February or |
| 10:22AM | 14 | second week, whatever the Court deems appropriate, to |
| 10:22AM | 15 | designate -- to find two days here today. |
| 10:22AM | 16 | THE COURT: Jimmy, go ahead. |
| 10:22AM | 17 | MR. WILLIAMSON: I apologize, I don't mean to interrupt |
| 10:22AM | 18 | the Court, but I want to make sure the Court understands. |
| 10:23AM | 19 | Mr. Gagliano's testimony could potentially -- I'm |
| 10:23AM | 20 | sure the Court remembers, he -- |
| 10:23AM | 21 | THE COURT: I know who Mr. Gagliano is. |
| 10:23AM | 22 | MR. WILLIAMSON: -- was part of the Halliburton team. |
| 10:23AM | 23 | THE COURT: Yes. |
| 10:23AM | 24 | MR. WILLIAMSON: His testimony touches directly on |
| 10:23AM | 25 | cement that's in the rat hole. It touches directly on top of |