

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

**Kerry J. Miller**
Telephone: (504)599-8194
Facsimile: (504)599-8145
E-mail: kmiller@frilot.com

January 30, 2012

BY EMAIL ONLY
Magistrate Judge Sally Shushan
United States District Court
500 Poydras Street
New Orleans, LA 70130

      Re:    In Re: Deepwater Horizon
                 Civil Action No. 10-md-02179

Dear Judge Shushan,

      This letter will serve as Transocean's letter brief in response to BP's letter on the issue of whether Steven Newman can be compelled to testify live at trial pursuant to Rule 45(c)(3).

      Although Rule 45 does permit a trial subpoena to be served on a "party" or a "party's officer," Mr. Newman is not subject to this rule because he is not a "party's officer" as contemplated by Rule 45 for any of the Phase I parties. Mr. Newman is the President and Chief Executive Officer of Transocean Ltd. However, Mr. Newman was not an officer of any of the Transocean limiting parties at the time of the April 20, 2010 *Deepwater Horizon* incident, nor has he ever been subsequently employed as an officer of those entities to the present day. (See Affidavit of Heather Callender attached hereto as Exhibit 1). Transocean Ltd. is not a party in the Phase I Limitation Trial as clearly shown by the parties' May 6, 2011 stipulation that all jurisdictional discovery and briefing regarding Transocean Ltd. was stayed pending the "conclusion of the 2012 Limitation/Liability" trial. (See May 6, 2011 Stipulation attached hereto as Exhibit 2). The PSC agrees with this fact as shown by its January 23, 2012 subpoena to a corporate representative of the four limiting Phase I parties.[1] (See January 23, 2012 Subpoena attached hereto as Exhibit 3). Only in BP's mind can Transocean Ltd. be considered a Phase I party. Thus, Mr. Newman is not subject to a Rule 45 subpoena because he is not an officer of any of the Phase I parties.

      BP also suggests that Mr. Newman is subject to Rule 45 because Transocean Ltd. is a corporate parent of the Transocean limiting entities. However, BP shows no support that the scope of Rule 45 extends to officers of non-party parent/holding companies. Mr. Newman is a resident of Switzerland and an officer of a Geneva-based holding corporation with interests in many companies in addition to the

---

[1] The subpoena expressly requests the live testimony of a corporate representative of the four limiting Phase I parties: (1) Triton Asset Leasing GmbH, (2) Transocean Holdings LLC, (3) Transocean Offshore Deepwater Drilling, Inc., and (4) Transocean Deepwater Inc.

Honorable Sally Shushan
United States Magistrate Judge
Page 2 of 2
January 30, 2012

Transocean limiting parties. To permit BP to subpoena Mr. Newman under Rule 45 is analogous to an adverse party calling BP PLC's former CEO Tony Hayward or its current CEO Robert Dudley. All parties were aware calling these witnesses live would not be permitted and BP should receive no exemption. Moreover, Mr. Newman is further removed from the requirements of Rule 45 than BP's Ellis Armstrong, who will not be required to appear live at trial.[2]

Notwithstanding BP's failure to meet its burden under Rule 45 to subpoena Mr. Newman, BP has failed to timely request Mr. Newman's presence live at trial. At the November 4, 2011 Working Group Conference, Your Honor confirmed that the parties identified the witnesses that were requested live at trial and were subject to a Rule 45 subpoena. (See November 4, 2011 WGC Order attached hereto as Exhibit 4). Additionally, Your Honor stated that "[t]he parties shall identify any other individuals they contend a party is required to produce and meet-and-confer on these additional individuals." *Id*. Despite Your Honor's order, BP waited idly for over two months and noticed its intention to call Mr. Newman only a week before all parties' final witness lists were due. The fact BP suggests that Transocean would have "ample" time to prepare Mr. Newman does not cure BP's choice to disregard the Court's instructions regarding identifying and requesting witnesses that may be subject to Rule 45. Therefore, BP's request to subpoena Mr. Newman is untimely.

Finally, despite the fact that Mr. Newman is not subject to a Rule 45 subpoena and BP failed to request his appearance timely, Transocean notes that Mr. Newman has been listed as its sole "may call" witness. In the event Transocean calls Mr. Newman to testify at trial, BP will have the opportunity to cross-examine Mr. Newman. However, if Transocean elects not to call Mr. Newman live at trial, BP has failed to meet its burden to subpoena him under Rule 45 and, in any event, was untimely in requesting his appearance live at trial.

In short, Mr. Newman is not subject to a Rule 45 subpoena and cannot be compelled to appear live at trial.

Respectfully submitted,

Kerry J. Miller

KJM/sw
ATTACHMENTS

cc:     MDL Liaison and Coordinating Counsel

---

[2] BP argued that Mr. Armstrong's position as Chief Financial Officer of BP Exploration and Production did not require him to appear live under Rule 45. Further, BP argued that the fact Mr. Armstrong was a "managing agent" and representative for a 30(b)(6) deposition did not require his presence live at trial pursuant to Rule 45. (Rec. Doc. 5140). Your Honor ordered on January 11, 2012 that BP was not required to produce Ellis Armstrong live at trial under Rule 45 for the reasons set forth by BP. (Rec. Doc. 5136).

## AFFIDAVIT OF HEATHER G. CALLENDER

STATE OF TEXAS

HARRIS COUNTY

BEFORE ME, the undersigned notary public, personally came and appeared:

### HEATHER G. CALLENDER

who, after first being duly sworn, did depose and testify as follows:

1. I am over 18 years of age and competent to give testimony.

2. I am employed as Associate General Counsel and Corporate Secretary for Transocean Offshore Deepwater Drilling, Inc. where I have worked for over two years.

3. Serving in the capacity of Associate General Counsel and Corporate Secretary for Transocean Offshore Deepwater Drilling, Inc., I have personal knowledge of the corporate structure and the various corporate officers for the Transocean limiting parties (Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., and Transocean Deepwater Inc.) and the other various non-limiting Transocean entities.

4. Based upon my personal knowledge of the corporate structure of the various Transocean entities, I do hereby attest to the following:

    (a) Steven Newman is currently the Chief Executive Officer of Transocean Ltd., a position he has held since March 2010.

    (b) Steven Newman was not employed as an officer of Triton Asset Leasing GmbH at the time of the April 20, 2010 *Deepwater Horizon* incident nor has he ever been subsequently employed as an officer to the present day.

(c) Steven Newman was not employed as an officer of Transocean Holdings LLC at the time of the April 20, 2010 *Deepwater Horizon* incident nor has he ever been subsequently employed as an officer to the present day.

(d) Steven Newman was not employed as an officer of Transocean Offshore Deepwater Drilling, Inc. at the time of the April 20, 2010 *Deepwater Horizon* incident nor has he ever been subsequently employed as an officer to the present day.

(e) Steven Newman was not employed as an officer of Transocean Deepwater Inc. at the time of the April 20, 2010 *Deepwater Horizon* incident nor has he ever been subsequently employed as an officer to the present day.

5. I declare under penalty of perjury that I know all of the foregoing to be true and correct of my own personal knowledge.

*[signature]*
HEATHER G. CALLENDER
Associate General Counsel and Corporate Secretary
Transocean Offshore Deepwater Drilling, Inc.

Sworn to and subscribed before me,
this the 25th day of January, 2012.

*[signature]*
NOTARY PUBLIC


VERONICA M. ALLISON
Notary Public,
State of Texas
Comm. Exp. 08-03-12

2

Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>Applies to: *All* Cases | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SUSHAN |

## SPECIAL APPEARANCE BY TRANSOCEAN LTD. AND TRANSOCEAN INC. AND AGREED STIPULATION FOR STANDSTILL OF JURISDICTIONAL DISCOVERY

Transocean Ltd. ("TO LTD.") and Transocean Inc. ("TO INC") make special appearances before this Court with full reservation of rights, and by so appearing do not waive personal jurisdiction.

On January 28, 2011, the Court issued an agreed stipulation and scheduling order for jurisdictional discovery regarding TO LTD [Docket No. 1080], setting certain deadlines. Pursuant to that order, TO LTD filed a motion to dismiss for lack of personal jurisdiction, and Plaintiff's Steering Committee ("PSC") has served written discovery requests. On March 25, 2011, the Court issued an amended stipulation to extend certain deadlines for jurisdictional discovery for TO LTD. [Docket No. 1750.] On April 8, 2011, TO LTD served written responses to the written discovery requests propounded by the PSC. Thereafter, the PSC and counsel for TO LTD discussed the issues and agreed that it would be in the interests of judicial economy and the best allocation of resources if further discovery and briefing on the issue of

1

12332396.1

personal jurisdiction with respect to TO LTD be deferred until after the conclusion of the 2012 Limitation/Liability and Test Case Trial.

On April 20, 2011, Defendant/Third-Party Plaintiff BP Exploration & Production Inc. ("BPXP") filed a cross-claim and third-party complaint against Transocean entities, including TO LTD and TO INC. [Docket No. 2075.] BPXP on the one hand and TO LTD and TO INC on the other have also agreed that deferral of discovery and briefing of the issues of personal jurisdiction with respect to TO LTD and TO INC would be in the interests of judicial economy and prudent allocation of resources.

WHEREFORE, in the interests of judicial economy and to assist in a quicker resolution of the underlying issues in MDL 2179, PSC, TO LTD, TO INC, and BPXP hereby stipulate and agree that:

1. Without any waiver of jurisdiction and for the sole purpose of cases consolidated in MDL No. 2179, TO LTD and TO INC will allow counsel to accept service of process in those MDL cases in which PSC or BPXP have named TO LTD or TO INC as a party or defendant.

2. All jurisdictional discovery and briefing regarding TO LTD or TO INC is stayed until the conclusion of the 2012 Limitation/Liability and Test Case Trial, or further order of this Court.

3. Except as this stipulation extends deadlines, the standstill is without prejudice as to PSC's rights to discovery as set forth in the prior stipulations on jurisdictional discovery regarding TO LTD.

4. The standstill is also without prejudice to the right of BPXP to seek jurisdictional discovery as to TO LTD and TO INC.

12332396.1

5. The standstill is without prejudice to the parties' conduct of discovery on the corporate structure of the Transocean entities during the phase of discovery currently in progress through July 31, 2011.

6. The PSC and BPXP reserve the right, in the event that personal jurisdiction over TO LTD and/or TO INC is established, to conduct additional discovery regarding the liability, if any, of TO LTD and/or TO INC.

The foregoing is stipulated and agreed to by:

Stephen L. Herman
La. Bar No. 2319
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
Fax No: (504) 569-6024
E-Mail: Sherman@hhkc.com

*Co-Liaison Counsel for Plaintiff*

Kerry J. Miller
La. Bar. No. 24562
Frilot LLC
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8000
Fax No. (504) 599-8100
E-Mail: kmiller@frilot.com

*Attorneys for Transocean Ltd. and Transocean Inc.*

Don K. Haycraft
La. Bar No. 14361
Liskow & Lewis
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, LA 70139

*Attorneys for BP Exploration & Production, Inc.*

3

12332396.1

IT IS SO ORDERED this 6th day of MAY, 2011, in New Orleans, Louisiana.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

AO88 (Rev. 12/06) Subpoena in a Civil Case

**Exhibit 3**

## Issued by the
# UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Louisiana |

In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   USDC - EDLA 10-md-2179

TO: Corporate representative of Triton Asset Leasing GmbH, Transocean Holdings, LLC, Transocean Deepwater, Inc., and Transocean Offshore Deepwater Drilling, Inc. to testify as to the areas of inquiry identified on "Exhibit A".
Through its Attorney of Record:
Kerry J. Miller
Frilot LLC
1100 Poydras Street, Suite 3600
New Orleans, LA 70163-3600

X YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY                                               | COURTROOM                     |
|------------------------------------------------------------------|-------------------------------|
| Eastern District of Louisiana<br>500 Poydras Street<br>New Orleans, LA 70130 | Barbier Room C268 |
|                                                                  | DATE AND TIME                 |
|                                                                  | February 27, 2012; 9:00 a.m.  |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---------------------|---------------|
|                     |               |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|----------|---------------|
|          |               |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | January 23, 2012 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Stephen J. Herman; Herman, Herman, Katz & Cotlar, 820 O'Keefe, New Orleans, Louisiana 70113; (504)581-4892

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## EXHIBIT "A"

### Area of Inquiry

1. The records custodian, author, employee or other representative necessary and appropriate to address the authentication of a Trial Exhibit produced by one or more of the Transocean Defendants as a true and correct copy of a Transocean business record, and/or to otherwise testify as to the document's nature, generation, transmission, maintenance, storage and/or production, as to source and/or content.

Exhibit 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig           MDL NO. 2179
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010              SECTION J

Applies to: *All Cases*                   JUDGE BARBIER
                                          MAGISTRATE JUDGE SHUSHAN

ORDER

[Working Group[1] Conference on Friday, November 4, 2011]

**NOTES TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

1. **Brief Page Limitations.**

The parties were reminded that briefing must comply with the Local Rules. The Memoranda in support are limited to twenty-five (25) pages; opposition memoranda are limited to twenty-five (25) pages; and reply memoranda are limited to ten (10) pages.

2. **BOP and Capping Stack.**

There were no objections to BP's request to conclude the relationship with KPMG. The request will be granted.

BP reported that: (a) while the U.S. does not object to the scanning of the riser, it needed additional time to review the proposed protocol; (b) the staging and preparatory work will proceed on November 7 and 8; and (c) a protocol should be concluded in time to permit the actual scanning to proceed on November 9 and 10. The U.S. concurred in BP's report.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

The Court related the report from Captain Englebert that: (a) on November 8, Cameron is scheduled for an evidence review; (b) the cleaning of the Riser in preparation for the riser scanning will start on November 7; and (c) there are discussions concerning a protocol for the capping stack. BP confirmed that measurements would be made of the capping stack. It has not determined whether any of the components of the capping stack will be scanned.

3. **Phase Two Discovery.**

BP and the PSC reported that the drafters of the Rule 30(b)(6) notices have received comments. The drafters will meet-and-confer with the parties submitting comments. The comments will be incorporated, so that all the topics sought by the parties are included in the notices. After the notices are complete, they will be reviewed with the parties responding to the notice to resolve objections.

The parties were reminded that any unresolved objections to the notices should be submitted to the Court by November 15, so they can be ruled on by **Friday, November 18.** After the rulings are issued, the parties responding to the notices will identify their designees.

Objections to deposition notices to non-parties will not have to be resolved by November 18, 2011.

On **Tuesday, January 17, 2012,** Phase Two fact depositions shall commence.

4. **Transocean Discovery Issues.**

Transocean and BP reported that they are working on a stipulation in an effort to resolve the Well Advisor Program issue.

5. **U.S. Document Production.**

The U.S. reported that BOMRE encountered severe technical problems when two multi-

2

terabyte hard drives became corrupted. It will be unable to meet the November 30, 2011 deadline. BP agreed to extend the BOMRE deadline to December 31, 2011.

6. **Phase One Fact Depositions**.

Leach, Gary

The PSC confirmed that Mr. Leach can be dropped from the schedule.

Coronado, Richard                    December 6 and 6 (tentative)

Cameron reported that Mr. Coronado will submit a rebuttal report on November 7. It proposes producing him on December 6 and 6. The U.S. will confirm that the dates work with its BOP examination team.

Vidrine, Don

On November 4, 2011, the Court received a written report, dated November 3, 2011, from Bob Winston, M.D., Mr. Vidrine's physician. Dr. Winston reports that because of Mr. Vidrine's medical condition he is unable to answer the interrogatories at this time. Mr. Vidrine will be removed from the list.

7. **Deposition Designations**.

BP's request for revision of the draft amended order regarding the deposition designations track to provide for time off around December 23 and 30 will be considered.

The schedule for the submission of deposition designations bundles (other than for Fifth Amendment depositions) to Judge Barbier, will not be delayed for rulings on motions *in limine*. BP's request for such a delay in the schedule is denied.

Where an individual invoked the Fifth Amendment in response to all or part of the questions in a deposition, the parties shall complete the deposition bundles for such individuals in accord with

3

the deposition designation schedule and the PSC's priority list. Accordingly, the deposition bundles, including two page summaries, for Mark Hafle, Brian Morel and Robert Kaluza will be completed as part of Group Two.[2] The deposition bundles, however, will not be submitted to Judge Barbier until after there is a ruling on the motion *in limine* concerning Fifth Amendment issues.[3] Accordingly, the bundles for Hafle, Morel and Kaluza will not be submitted to Judge Barbier on November 11. The same procedure will apply to other individuals who invoked the Fifth Amendment. The PSC shall submit a list of all individuals who invoked the Fifth Amendment. The parties will have the right to revisit their designations after the ruling on the motion *in limine*.

The Court will consider the issue raised by BP as to whether the defendants have the right to make additional designations (whether or not the depositions were submitted to Judge Barbier) after the close of the plaintiffs' case in chief.

Halliburton requested that beginning with Group Seven (depositions 101-133 on the PSC's priority list), the depositions marked in red (those that the PSC has no present intention of calling or submitting cuts) and green (those that the PSC has no present intention to cut or submit for Phase One, but reserves the right to do so for Phase Two) be removed from Group Seven and following Groups. The Court agreed with this request.

---

[2] They are numbers 18, 20 and 22 on the PSC's priority list.

[3] Motion *in limine* no 11 on the schedule is the motion to preclude inappropriate evidence arising from deposition designations or other anticipated testimony. It is to be filed on December 5, 2011; the response is due on December 12, 2011; and the reply is due on December 19, 2011. Rec. doc. 4468. Judge Barbier will be asked to take up the motion on an expedited basis. Because of the connection of the motion *in limine* to preclude introduction of evidence of the MBI report and testimony (no. 2 on the schedule) to the Fifth Amendment issue, Judge Barbier will be asked to take that up on an expedited basis. The reply brief on this motion is due on November 18, 2011.

4

8. **Phase One Expert Depositions.**

A second preliminary schedule was circulated on November 3. By the close of business on **Wednesday, November 9, 2011,** the parties shall report on any changes they negotiated in the schedule. Thereafter a final schedule for Weeks Four, Five and Six will be issued.

Retained expert opinions are restricted to the four corners of the original report and any rebuttal report. If a retained expert has not expressed an opinion about a party in the original report or rebuttal report, the party is not required to appear at the deposition to confirm that no opinion is expressed as to that party.

As to in-house experts, the Court reported that the issue raised by the PSC would have to be presented either at trial or in a pretrial motion.

9. **Production of Anadarko's Settlement Agreement**

BP is not required to produce an unredacted copy of the agreement with Anadarko.

10. **Motions *in Limine*.**[4]

The Court reported that Judge Barbier paid fulsome tribute to the staggered motion *in limine* schedule. Transocean noted that two motions *in limine* appear to raise issues concerning the Mark Bly report. It may wait until the later motion to brief the issues concerning Mark Bly's report.

11. **B3 Stipulations.**

The U.S. reported that, because of extensive proposed stipulations from the PSC, it would not be able to work through them on the current schedule. It will be able to respond to Nalco's proposed stipulations on the current schedule.

---

[4] Includes objections to 300 exhibits. Since October 28, the motions in limine and objections to 300 exhibits were merged into one topic.

5

12. **Phase One Witnesses**

BP raised an issue about the persons sought from Cameron. Cameron will reconfirm their status and report on whether they are not required to appear for the trial.

Transocean will confer with M-I on its request for Bill Ambrose.

The parties will consider whether deposition bundles have to be completed for the persons who will testify live. The PSC contends that they have to be completed.

The parties identified the following who will be brought to trial subject to issues concerning their individual counsel.

| | | | |
|---|---|---|---|
| BP | Mary Bly | HESI | Joe Keith |
| BP | Lamar McKay | HESI | Nathaniel Chaisson |
| TO | Larry McMahan | HESI | Tim Quirk |
| TO | Bill Ambrose | M-I | Brad Billon |
| HESI | Tommy Roth | | |

The parties shall identify any other individuals they contend a party is required to produce and meet-and-confer on these additional individuals. If the issues cannot be resolved, motions shall be submitted.

13. **Stipulations for Phase One Trial.**

BP will combine the proposed stipulations into one document. Comments will be made on the combined list. The parties will meet-and-confer to attempt to resolve the comments.

The possibility of a second set of stipulations concerning technical issues was discussed.

Although not related to Phase One, BP reported that it is working with the U.S. on Phase Two stipulations. It requested guidance from the Court on how this process will be fit into the

6

overall schedule.

14. **Exhibits.**

The parties shall attempt to reach agreement on a common format for exhibits.

15. **Conference Schedule.**

| | |
|---|---|
| Friday, November 11, 2011 | No conference set. There will be no in person or telephone conference on November 11, 2011. |
| Friday, November 18, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, November 25, 2011 | No conference set. |
| Friday, December 2, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 16, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 23, 2011 | No conference set. |
| Friday, December 30, 2011 | No conference set. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 7th day of November, 2011.

_____
SALLY SHUSHAN
U.S. MAGISTRATE JUDGE