UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>     "Deepwater Horizon" in the Gulf<br>     of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

**[Regarding BP's Motion *in Limine* to Preclude Expert Opinion Testimony Not Disclosed in the Expert's Rule 26(a) Written Report (Rec. doc. 5107)]**

On January 9, 2012, BP submitted a motion *in limine* to preclude expert opinion testimony not disclosed in the expert's Fed. R. Civ. P. 26(a) written report. The U.S. and PSC submitted oppositions. Rec. docs. 5229 and 5264. BP submitted a reply. Rec. doc. 5350. BP's contention that Rule 26(a) and the Court's prior orders restrict expert opinion to the four corners of the expert's written report is not disputed.

BP cites the deposition of Gregg Perkin, a PSC expert on BOP issues, where, at the conclusion of the deposition and in response to re-direct examination by the PSC, Perkin testified that a practice described to him was "not good oil field practice. It's reckless." Rec. doc. 5264 at 3.[1] The PSC has not cited any part of Perkin's report where he describes any oil field practice as "reckless." The word "reckless" has a lay as well as a legal meaning. Its use by Perkin is consistent with the remainder of his report and is not outside the four corners of his report.[2] Although BP did not have an opportunity to question him about the use of the word "reckless," it will have the

---

[1] This same testimony is at issue in BP's motion *in limine* to bar fact or opinion testimony on issues of law (Rec. doc. 5108). In the instant order, the only issue is whether the testimony is within the four corners of Perkin's report. In the motion to bar fact or opinion testimony on issues of law, the issue concerned is whether Perkin's use of the word "reckless" is a legal conclusion and inadmissible.

[2] For example, Perkin opined that well control policies placed the HORIZON and all of its personnel in "grave danger."

opportunity to do so at the trial.

The Court reaffirms its prior orders restricting expert opinion to the four corners of the expert's written report.

IT IS ORDERED that BP's motion *in limine* to preclude expert opinion testimony not disclosed in the expert's Fed. R. Civ. P. 26(a) written report (Rec. doc. 5107) is GRANTED in PART and DENIED in PART as provided herein.

New Orleans, Louisiana, this 31st day of January, 2012.

_____
**CARL J. BARBIER**
**United States District Judge**