# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010 | § | |
| | § | JUDGE BARBIER |
| Applies to:  All Cases | § | |
|                    2:10-cv-02771 | § | MAG. JUDGE SHUSHAN |
| | § | |
| | § | |

## HESI'S RESPONSE TO BP'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S ORDER REGARDING BP'S MOTION FOR SPOLIATION SANCTIONS

Halliburton Energy Services, Inc. ("HESI") respectfully submits this Response to the Objections to and Appeal from Magistrate Judge's Order Regarding BP's Motion for Spoliation Sanctions (Rec. Docs. 5454, 5454-1) ("BP Appeal").  Because Magistrate Judge Shushan correctly decided the issues that are the basis of the BP Appeal, HESI respectfully requests that the Court affirm the Order.

In its Motion for Spoliation Sanctions (the "Motion"), BP sought an adverse finding against HESI based on alleged spoliation of evidence relating to certain post-incident testing conducted by HESI employees on lab stock materials (the "Post-Incident Testing").  BP did not (and cannot) meet its burden to establish the following requirements for an adverse finding of fact based upon spoliation: (1) the spoliation of evidence that HESI had a duty to preserve; (2) a culpable breach of that duty; and (3) a resulting prejudice to BP's case.  *See* HESI's Response in Opposition to Motion at 10-11 (citing *Ashton v. Knight Transportation, Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011)).  After five rounds of briefing,[1] Magistrate Judge Shushan denied the

---

[1] *See* BP's Memorandum in Support of Motion for Spoliation Sanctions (Rec. Do. 4799-1); HESI's Response in Opposition to Motion for Spoliation Sanctions (Rec. Doc. 4961); BP's Reply Memorandum in Support of Motion for

Motion, holding that, "[f]or the reasons presented by Halliburton, BP has not demonstrated that it has been prejudiced."  *See* Order [Regarding BP's Motion for Spoliation Sanctions] ("Order") at 1-2 (Rec. Doc. 5307); *see also* Order at 2 ("As to Quirk's two foam stability tests at Broussard, BP has not demonstrated that it has been prejudiced").  In its appeal of "those portions of the Order concluding that BP has not shown prejudice," BP raises nothing new, merely stating that it "disagrees" with the Order and incorporating its prior briefing.  *See* BP Appeal at 2 (incorporating Rec. Docs. 4799-1, 5024-2, and 5123-1).  Importantly, BP fails to specify *why* Magistrate Judge Shushan was wrong, despite its burden to show that her order is "clearly erroneous or contrary to law."  *See* 28 U.S.C. §636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter. . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law").

The Order is proper because BP failed to establish prejudice — that is, BP failed to establish that there is missing "evidence" that is relevant to the factual or legal issues in the case and that BP's ability to present or defend its case is compromised.  *See* HESI's Response in Opposition to Motion at 18 (citing *Ashton*, 772 F. Supp. 2d at 801).  Post-incident testing conducted on lab stock materials is not "evidence" because such testing has little or no relevance to the events of April 20, 2010.  *Id.* at 12-13, 18.  Lab stock materials were never used in the Macondo well and no rig materials were destroyed or even used in the testing at issue.  *Id.* at 18.  Moreover, relevance aside, because lab stock materials were used, any testing can be easily replicated.  *Id.* 13, 18.  Finally, if BP were truly prejudiced, it would not have waited so long to raise the issue.  *Id.* at 18-19.

---

Spoliation Sanctions (Rec. Doc. 5024-2); HESI's Surreply in Opposition to Motion for Spoliation Sanctions (Rec. Doc. 5082); and BP's Supplemental Memorandum in Support of Motion for Spoliation Sanctions (Rec. Doc. 5123-1).

Though Magistrate Judge Shushan did not address the other elements required to establish that sanctions were appropriate — that there was spoliation of evidence that HESI had a duty to preserve and a culpable breach of that duty — BP also failed to meet its burden as to these elements, for the reasons shown by HESI in its briefing in response to the Motion.  *See Ashton*, 772 F. Supp. 2d at 800; *see also* HESI's Response in Opposition to Motion at 11-18; HESI's Surreply in Opposition to Motion at 3-9.

Because BP's Appeal raises nothing new, HESI incorporates by reference its Response and Surreply in Opposition to the Motion (Rec. Doc. 4961, 5082).  Should the Court desire, HESI will promptly provide further briefing on any issue.

For the reasons stated herein, and for those stated in HESI's Response and Surreply in Opposition to Motion for Spoliation Sanctions, and the Order, HESI respectfully asks the Court to affirm the Order.

Dated:  January 31, 2012.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:**   /s/  *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Response to BP's Objections to and Appeal from Magistrate Judge's Order Regarding BP's Motion for Spoliation Sanctions was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this 31st day of January 2012.


/s/ Donald E. Godwin
Donald E. Godwin