UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG * | | MDL 2179 |
| "DEEPWATER HORIZON" in the * | | |
| GULF OF MEXICO, on APRIL 20, 2010 * | | SECTION J/1 |
| * | | |
| This document relates to: * | | JUDGE CARL J. BARBIER |
| * | | |
| CIVIL ACTION NUMBER: 10-cv-1480 * | | MAJ. JUDGE SALLY SHUSHAN |
| * * * * * * * * * * * * * * * * * * | | |

**MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE UNTIMELY NOTICE OF APPEAL**

**MAY IT PLEASE THE COURT:**

On December 28, 2011, this Court ordered the dismissal of the above captioned lawsuit with prejudice for the reasons set forth in this Court's Order and Reasons of December 9, 2011. (filed in master case 10md2179, doc. #5029). The above captioned case was among 10 other similar cases before this Court addressed by the dismissal.[1] On January 5, 2012, well within the 30 day period in which to file a notice of appeal under Federal Rules of Appellate Procedure Rule 4(a)(1)(A), counsel for movant uploaded its Notice of Appeal (Exhibit 1) through the "Lexis Nexis File & Serve" service employed by this Court as articulated in Pretrial Order #12 to MDL 2179 (Exhibit 2). On January 31, 2012, four days after the 30 day period expired, counsel for Movant realized that uploading the Notice of Appeal to the Lexis Nexis File & Serve service constituted service of the Notice of Appeal, but did not constitute filing of the document

---

[1] Those cases are No. 10-1757; No. 10- 1758; No. 10- 1759; No. 10-1760;   No. 10- 2087; No. 10- 2731; No. 10- 2996;  No. 10- 2997; No. 11-1106; and,  No. 11-1113.

("Exhibit 3"). Movant respectfully requests additional time to properly file the Notice of Appeal under Federal Rule of Appellate Procedure Rule 4(a)(5)(A), submitting that the inadvertent service without filing of the Notice of Appeal is "excusable neglect" under that Rule.

## LAW AND ARGUMENT

Federal Rule of Appellate Procedure Rule 4(a)(1)(A) requires a party seeking appeal to file a notice of appeal within 30 days after entry of the judgment or order appealed. Federal Rule of Appellate Procedure Rule 4(a)(5)(A) permits a District Court to extend the time period by which to file a notice of appeal if: (1) a party so moves no later than 30 days after the time prescribed by Rule 4(a)(1)(A); and (2) the party shows excusable neglect or good cause. As the 30 day period by which to file a notice of appeal concluded on January 27, 2012, this Motion and Memorandum in Support satisfy the first element of Federal Rule of Appellate Procedure Rule 4(a)(5)(A). Thus, the remainder of the Memorandum will address whether counsel's service of Movant's Notice of Appeal without filing constitutes the excusable neglect or good cause described by the second element of Rule 4(a)(5)(A).

The Supreme Court of the United States, in *Pioneer Investment Services, Co. v. Brunswick Associates Limited Partnership*, articulated the standard for excusable neglect. 507 U.S. 380, 395 (1993) (While *Pioneer Investment Services* is a Bankruptcy case, its standard for excusable neglect has been employed by the United States Court of Appeal for the Fifth Circuit when addressing the same language in Federal Rule of Appellate Procedure Rule 4(a)(5)(A). *Midwest Employer Casualty Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998)). In *Pioneer Investment Services*, the Supreme Court found that:

> [T]he determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial

>proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 395. It has been held that a District Court has broad discretion in determining what will constitute "excusable neglect." *Gann v. Smith*, 443 F.2d 352, 353 (5th Cir. 1971). This Court should grant Movant an extension of time by which to file its Notice of Appeal because all factors of the excusable neglect standard militate towards such an allowance.

The first factor addressed by the Supreme Court is the danger of prejudice. In the present case, there is no prejudice to any potential appellees because counsel of any potential appellees were timely served with the unfiled notice through the Lexis Nexis File & Serve service on January 5, 2012. (Exhibit 2). The service of the Notice of Appeal, even absent the filing of it, complied with the spirit of Federal Rule of Appellate Procedure Rule 4(a)(1)(A) by putting the potential appellees on notice that an appeal would be taken. That all potential appellees received **actual notice of Movant's intent to appeal three weeks before the deadline to file the Notice of Appeal** suggests that they would in no way be prejudiced by the late filing of the actual Notice of Appeal. (Exhibit 2).

That the Notice of Appeal at issue was served on January 5, 2012, putting potential appellees on notice is sufficient to find excusable neglect. In *Estate of Mitchell v. Am. Reliable Ins. Co.*, the United States Court of Appeal for the Ninth Circuit held that "electronic failure" on the part of appellants to be excusable neglect considering the appellee was able to anticipate appellant's appeal and, thus, was not prejudiced. 349 F. App'x 151, 152-53 (9th Cir. 2009).

On the other side, Movant would be prejudiced significantly if it were unable to appeal this Court's Order of Dismissal due to the inadvertent service without filing of its Notice of Appeal. Movant would be prejudiced because of the unusual procedures associated with filing

record documents in the present Multi-District Litigation. Also, Movant would be prejudiced because the inability to timely file a notice of appeal destroys appellate jurisdiction over the case.

This Multi-District Litigation employs unique and varying filing and service methods that make filing a document such as the Notice of Appeal in issue unwieldy for the first-time filer. In typical federal litigation, uploading a document electronically to the Court's Case Management/Electronic Case Filing ("CM/ECF") System automatically constitutes filing and service of said document. In this Multi-District Litigation, there is no uniform procedure for filing documents. The most commonly filed document in this litigation, the Direct Filing Short Form, is filed and served by uploading it to the Court's CM/ECF system. However, another commonly filed document, the Vessels of Opportunity Plaintiff Fact Sheet, is filed and served strictly by uploading it to the Lexis Nexis File & Serve service. A third method is employed for documents such as the Notice of Appeal at issue. With respect to the Notice of Appeal, proper filing requires uploading the document to the Court's CM/ECF system and proper service is effectuated by uploading the document to the Lexis Nexis File & Serve service.

Movant's counsel, confused by the typical CM/ECF filing and service versus specific filing procedure for the Notice of Appeal at issue, was under the impression that uploading the Notice of Appeal to the Lexis Nexis File & Serve Service would constitute both effective filing and service of the Notice of Appeal. (Exhibit 3). It was only after the 30 day period prescribed by Federal Rule of Appellate Procedure Rule 4(a)(1)(A) expired that counsel realized that by uploading the Notice of Appeal to the Lexis Nexis File & Serve System, service of the document had been effectuated, but filing had not. (Exhibit 3).

Considering the unique and varying ways to file and serve documents in this Multi-District Litigation, it would be prejudicial to Movant to classify its Notice of Appeal as untimely

and not grant an extension of time to properly file. The Federal Rules of Appellate Procedure require a notice of appeal in a civil case to be filed within thirty days of entry of the judgment or order being appealed. FED. R.APP. P. 4(a)(1). This time period is jurisdictional and mandatory. *Bowles v. Russell*, 551 U.S. 205, 207 (2007). Thus, if Movant's service without filing of its Notice of Appeal makes the Notice of Appeal untimely and Movant is not granted additional time to remedy, Movant's cause of action would be defeated entirely.

In the matter at hand, the danger of prejudice from the failure to properly file the Notice of Appeal falls strictly on Movant. Any potential appellee is not subject to any prejudice because all received actual notice of Movant's intent to appeal. On the other hand, the unique and varying procedures for filing documents in this Multi-District Litigation and the consequences of allowing those procedures to impede Movant's right to an appeal impose severe prejudice on Movant. Thus, the first factor, danger of prejudice, militates in favor of granting Movant additional time by which to file its Notice of Appeal.

The second factor regarding excusable neglect is the length of the delay and its potential impact on judicial proceedings. In another Multi-District Litigiation, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Products Liability Litigation*, the United States Court of Appeal for the Third Circuit found that appellant's neglect in filing its notice of appeal until eight days after the time to appeal had expired was excusable neglect. 401 F.3d 143, 153-54 (3d Cir. 2005)  In that case, the Third Circuit considered the filing of the notice of appeal eight days after the thirty day period to file the notice had run to be a minimal delay. *Id.* The court also found that granting the appellant additional time to file its notice of appeal had no potential impact on the proceedings, and no danger of prejudice to other parties. *Id.*

Here, the delay is even briefer than in the Third Circuit Multi-District Litigation, and there is no negative impact on judicial proceedings. Movant's counsel realized its mistake and is seeking an extension of time to file within four days of the expiration of the thirty day period. This case and the ten other cases subject to this Court's dismissal order are being handled together by the United States Court of Appeal for the Fifth Circuit under its case number 12-30012. All cases are proceeding in the Fifth Circuit as if Notice of Appeal had been filed for each. Granting Movant an extension of time by which to file its Notice of Appeal would expedite judicial proceedings, as it would alleviate the necessity of the appellate court addressing the propriety of Movant's appeal rights. Thus, the absence of any true delay and the expeditious impact on judicial proceedings that would result suggest that the grant of an extension of time for Movant to file its Notice of Appeal is appropriate in this circumstance.

The final element of the excusable neglect standard is the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. In *Consolidated Freightways Corporation of Delaware v. Larson*, the United States Court of Appeal for the Third Circuit found that when the notice of appeal was not timely filed by appellant, due to inadvertent misdirection, such was excusable neglect. 827 F.2d 916 (3d Cir. 1987). In *Consolidated Freightways*, the excusable neglect was found when the appellant's notice of appeal was drafted one day before the expiration of the 30-day limit. The notice of appeal at issue included the correct case, docket number and district judge, but erroneously listed the filing court as the Eastern rather than the Middle District of Pennsylvania. The notice was then delivered to the Eastern District. Five days after the deadline, the notice of appeal was delivered to the correct district court. The Third Circuit found that this inadvertent misdirection

was a case of excusable neglect, and occurred despite counsel's substantial good faith toward compliance with Federal Rule of Appellate Procedure Rule 4(a)(1)(A).

Movant's counsel submits that the reason for the delay in filing Movant's Notice of Appeal was also simple inadvertence. Movant's counsel was of the belief that filing Movant's Notice of Appeal with the Lexis Nexis File & Serve service constituted both the filing and the service of the Notice of Appeal. (Exhibit 3). This belief is reasonable considering the usual practice in this court of uploading a pleading once to the CM/ECF system in order to effectuate both filing and service. Further, there is no question of Movant's good faith. Movant served its Notice of Appeal on each potential appellee within one week of this Court's order. Had there been any attempt by Movant to prejudice potential appellees, Movant would not have provided potential appellees with notice of its intent to Appeal three weeks before the deadline to file and serve the Notice. Since the reason for the delay in filing Movant's Notice of Appeal was inadvertence and involved no bad faith, Movant should be granted additional time by which to file its Notice of Appeal.

Here, each factor articulated by the Supreme Court for excusable neglect militates in favor of allowing Movant additional time by which to file its Notice of Appeal. Since the Notice was already served upon each potential appellee, there is no prejudice to any non-moving party. Contrarily, Movant would be severely prejudiced if its timely served Notice of Appeal were treated as untimely filed. Further, there is no real delay and no disruption of judicial proceeding since all similarly situated cases are moving forward before the Fifth Circuit. Finally, the reason for the delay in filing the Notice of Appeal was simple inadvertence. The unique and varying procedures for filing documents within this Multi-District Litigation confused one of Movant's counsel. The fact that the document was served without being filed clearly indicates that no bad

faith was involved in the delayed filing. Therefore, this Honorable Court should grant Movant's Motion for an extension of time to file its untimely filed Notice of Appeal.

Respectfully submitted, this 31st day of January, 2012.

Respectfully submitted,

  /s/ David A. Parsiola
**COSSICH, SUMICH, PARSIOLA & TAYLOR**
Philip F. Cossich, Jr. (1788)
*pcossich@cossichlaw.com*
David A. Parsiola (21005)
*dparsiola@cossichlaw.com*
Darin S. Britt (31639)
*dbritt@cossichlaw.com*
8397 Highway 23, Suite 100
Belle Chasse, Louisiana 70037
T: 504.394.9000  F: 504 394 9100

Cecil Sannner (11713)
CAMERON PARISH DISTRIC ATTORNEY
P.O. Box 280
Cameron, Louisiana 70631
T: 337 775 5720
F  337 775 8152

**COUNSEL FOR CAMERON PARISH**
**DISTRICT ATTORNEY CECIL SANNER**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing **Notice of Appeal** has been served on All Counsel by electronically uploading the same to LexisNexis File & Served in accordance with Pretrial Order No. 12 and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31st day of January, 2012.

/s/ David A. Parsiola
David A. Parsiola