# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

January 31, 2012

**Hand Delivery**

The Honorable Carl J. Barbier
United States District Judge
United States District Court
500 Poydras Street, Room C-268
New Orleans, LA  70130

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B-345
New Orleans, LA  70130

Re:    MDL 2179 -- Draft Letter Brief Re Trial Exhibits 3112, 1917, and 6228:
Email Strings Produced by Defendants, The Business Records Exception
To The Hearsay Rule, and Party Admissions

Dear Judge Barbier and Magistrate Judge Shushan:

As requested by the Court at the January 27th discovery conference, BP submits this
letter addressing the admissibility of Trial Exhibits 3112, 1917, and 6228, the three emails that
BP and the PSC have agreed to brief further with respect to the business records exception to the
hearsay rule and party admissions.[1]  *See* email correspondence of January 27 regarding
agreement to brief 3 e-mails.

**Business Records**

Under the Court's January 11 order, the offering party must prove the following for an
email chain to qualify as a business record:

- First, that the email was sent or received at or near the time of the event(s) recorded in the
  email.  1/11/12 Order at 6

- Second, that the email was sent by someone with knowledge of the event(s) documented
  in the email.  *Id.*

---

[1] The parties have already conducted extensive briefing on the admissibility of email strings. *See* letter briefs from
the PSC (Rec. Doc. 4340-1, October 17, 2011; Rec. Doc. 4631, November 16, 2011; Second ltr. dated November
16, 2011; and Ltr. dated November 28,2011); Transocean (Rec. Doc. 4560, November 10, 2011); Halliburton (Rec.
Doc. 4567, November 11, 2011); Cameron (Rec. Doc. 4563, November 11, 2011); and BP (Rec. Doc. 4569,
November 14,  2011; Ltr. dated November 23, 2011; and Rec. Doc. 4964, December 20, 2011).

Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai      Washington, D.C.

K&E 21314890.1

# KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
The Honorable Sally Shushan
January 31, 2012
Page 2

- Third, that the email was sent or received in the course of a regular business activity, which requires a case-by-case analysis of whether the producing defendant had a policy or imposed a business duty on its employee to report or record the information within the email. *Id*. at 6-7.

- Fourth, that it is the defendant's regular practice to send or receive emails that record the type of event(s) documented in the email, "requir[ing] proof of a policy" of the producing defendant to use email to make certain sorts of reports. *Id*. at 7 (emphasis added).

- Fifth, a custodian or qualified witness must attest that these conditions have been satisfied. *Id*. at 7.

- Finally, the Court observed that many emails (including many of the conversations carried on in the email strings at issue) are essentially substitutes for telephone calls, which are routinely made but are not admissible as business records because - among other reasons - their individual content does not have the requisite regularity. *Id*. at 8.

**Party Admissions**

- The Court ruled that a forwarded email is only an adoptive admission if it is clear that the forwarder adopted the content or believed in the truth of the content. *Id*. at 9-10.

- A statement by an employee may qualify as a party admission only if, among other things, it is "on a matter within the scope of that [employment] relationship and while it existed." Fed. R. Evid. 801(d)(2)(D). Thus, "the mere fact that a producing defendant's employee sent an email while at work from a work computer to a co-employee does not mean that the email was composed or received concerning a matter within the scope of an employee's employment." 1/11/12 Order at 10.

- Although not addressed one way or the other in the Court's order, even if Rule 801(d)(2) is applicable to a particular document, an admission may still be barred under other rules of evidence, such as Rule 401 (relating to relevance) and Rule 702 (relating to opinion testimony). *See, e.g., Aliotta v. Nat'l R.R. Passenger Corp.*, 315 F.3d 756, 763 (7th Cir. 2003).

# KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
The Honorable Sally Shushan
January 31, 2012
Page 3


## Burden of Proof

The proffering party bears the burden of proving that a document is a party admission or that it qualifies for an exception to the hearsay rule.[2]

## Exhibit 3112

Trial Exhibit 3112 is inadmissible as a business record.  It is a June 10, 2010 email from Christopher Haire of Halliburton to Vincent Tabler of Halliburton stating, among other things, "I read some report that stated that the two negative tests that we did were considered successful?"

This email contains two levels of hearsay. First, the description of the contents of "some report" (unidentified) discussed by Mr. Haire is "inner hearsay. . . provided by an outsider to the business preparing the record."  (1/11/12 Order at 9).  Accordingly, for the document to be admissible, the PSC must satisfy its burden of proving that both the outer hearsay and inner hearsay are subject to an exception to the hearsay rule.  *See id.*

The PSC has not satisfied its burden of proving that the referenced report falls under any exception to the hearsay rule.  Indeed, because the "some report" is unidentified, the PSC cannot prove the required elements of the business records exception:  that the "some report" was sent at or near the time of the events by someone with knowledge of the events, that the report was sent or received in the course of a regular business activity, that the sender's employer had imposed a business duty to prepare the report, or that it was the regular practice of the sender's employer to prepare reports of that type.  For the same reasons, the PSC cannot prove that the referenced "some report" is admissible as an admission by a party, including whether the report was issued "within the scope" of an employment relationship.

Second, as to the "outer hearsay," the document is not a business record, including because:

---

[2] *See, e.g., Always at Market, Inc. v. Girardi.*, 2010 WL 2346557, at *3 (N.D. Tex. Jun. 07, 2010) ("Once a party properly makes a hearsay objection, the burden shifts to the proponent of evidence to show by a preponderance of evidence that the evidence fell within an exclusion or exception to the hearsay rule."); *Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) ("Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment.").

# KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
The Honorable Sally Shushan
January 31, 2012
Page 4

- The PSC has not satisfied its burden of proving that Halliburton imposed on Mr. Haire a business duty to read and interpret unidentified reports about the April 20, 2010 incident. *See* 1/11/12 Order at 8.

- The PSC has not satisfied its burden of proving that Halliburton had a policy of using e-mail to send communications concerning unidentified reports. *Id.* at 7.

- The PSC has not satisfied its burden of proving that Mr. Haire had "personal knowledge of the information in the email." (*Id.* at 6)

- Exhibit 3112 is also not a business record because it is "essentially [a] substitute[] for a telephone call." *Id.* at 8. As the Court ruled in its January 11, 2012 order, such documents are not business records.

Instead, this email presents the exact situation addressed in the Court's January 11, 2012 order where "the record is prepared by an employee with information supplied by another person." *U.S. v. Blechman*, 657 F.3d 1052, 1065 (10th Cir. 2011). This "outer hearsay" may be a party admission by Halliburton (and would therefore be admissible only against Halliburton), but the "inner hearsay" is inadmissible. *See* 1/11/12 Order at 9. To the extent that the document is an admission against Halliburton, it is not an admission against BP.[3]

---

[3] *See e.g., U.S. v. Hay*, 122 F.3d 1233, 1237 (9th Cir. 1997) ("The hearsay statement is therefore admissible against Bartholomew under the party admission exemption. Fed.R.Evid. 801(d)(2)(A). The party admission exemption does not apply to Hay, however. Because this statement was improperly admitted against Hay, reversal is warranted if the improper admission was not harmless. We agree with Hay's contention that the admission of this statement was not harmless."); *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) ("On appeal, Stalbosky argues that Blakeley's statement was admissible under Rule 801(d)(2) of the Federal Rules of Evidence as an admission by Belew, a party-opponent. Belew is a party to this action, but the statements that are at issue here were not offered against Belew, but rather against Three Rivers to establish its knowledge of Belew's prior criminal history. Under Rule 801(d)(2)(A), a party's statement is admissible as non-hearsay only if it is offered against that party. The district court therefore properly refused to consider Blakeley's affidavit."); *United States v. Sauza-Martinez*, 217 F.3d 754, 760 (9th Cir. 2000) ("Ortiz's post-arrest statements were admissible as substantive evidence against her under Federal Rule of Evidence 801(d)(2)(A) as an admission of a party-opponent, as well as to impeach her denial of the statements; but, Ortiz's statements were damaging hearsay as to Sauza and were not admissible against him as substantive evidence under any theory."); *Canter v. Hardy*, 188 F. Supp. 2d 773, 784 (E.D. Mich. 2002) ("Like the plaintiff in Stalbosky, Plaintiffs here offer Debra Parmentier's February 1995 statement not against Parmentier but rather against her co-defendants to establish the co-defendants' culpability. The statement, thus, is not admissible against the State Police Defendants or the RNI Defendants.").

## KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
The Honorable Sally Shushan
January 31, 2012
Page 5


### <u>Exhibit 1917</u>

Trial Exhibit 1917, an email exchange between several Anadarko employees, is similarly inadmissible.  First, Anadarko employee Todd Durkee's 1:55 PM email contains inadmissible hearsay within hearsay, as it is entirely comprised of Durkee's recounting of a verbal conversation with a Transocean employee regarding the Marianas:  "I talked to Transocean today and they said the Marianas has not returned to work since TS Ida and will most likely disconnect from its moorings and go into the shipyard for about 30 days."  To the extent the PSC argues that the verbal communication from Transocean is an admission by Transocean (and would therefore only be admissible against Transocean, *see* footnote 3), the PSC has not sustained its burden of proving that the statement was made within the scope of the declarant's employment.  Because the Transocean employee is unidentified, it is impossible to determine whether the communication was made by a Transocean employee or agent acting within the scope of their employment, as is necessary for the statement to be admitted as a party admission.  *See* 1/11/12 Order at 10

The outer hearsay emails written by Darrell Hollek and Allan O'Donnell also fail to meet the business records exception.

- First, the PSC has not sustained its burden of demonstrating that Anadarko "imposed a business duty [on Mr. Hollek and Mr. O'Donnell] to make and maintain such a record." *Canatxx*, 2008 WL 1999234, at 12*; *Schaghticoke Tribal Nation*, 587 F. Supp. 2d at 397.

- Second, the PSC has not satisfied its burden of proving that it is Anadarko's "regular practice to send or receive emails that record the type of event documented in the email," which "would require <u>proof of a policy</u> of the producing defendant to use email to make certain types of reports or to send certain types of communications."  (1/11/12 Order at 7) (emphasis added)  Here, the PSC has provided no evidence of such a "policy" by Anadarko with respect to the subject matter of this e-mail.

- Third, per the Court's Order, "there must be a showing that the email at issue was not sent or received casually, nor was its creation a mere isolated incident. See *Imperial Trading Co., Inc. v. Travelers Prop. Cas. Co.of Amer.*, 2009 WL 2382787, at *3 (E.D. La. July 31, 2009)."  Here, the PSC has not made such a showing.  To the contrary, this email was essentially a substitute for a telephone call, as evidenced by Mr. Chandler's statement:  "Bummer.  I'm amazed they didn't tell us about this."  As the Court's order

# KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
The Honorable Sally Shushan
January 31, 2012
Page 6

recognized with respect to e-mails that substitute for telephone calls, this type of content "does not demonstrate the requisite regularity." 1/11/12 Order at 8.

- Fourth, Mr. Hollek and Mr. O'Donnell clearly lacked "personal knowledge of the information in the email," as would be required for a business record. *Id.* at 6

The outer hearsay emails are arguably admissions (and therefore admissible only against Anadarko but not against BP, *see* footnote 3 above), although it is not clear that Mr. Hollek and Mr. O'Donnell were acting within the scope of their employment as required for admissions. In any event, the inner hearsay ("I talked to Transocean today. . . .") is completely inadmissible. *See id.* at 9

## Exhibit 6228

Trial Exhibit 6228 is not admissible as a party admission against BP because it contains BP employee statements made outside "the scope of the agency or employment." Rule 801(d)(2)(D). This document contains an instant message exchange between BP employees Daryl Kellingray and Bryan Chambers, in regard to the MBI hearing that they were watching on television or the internet, for example:

> Chambers: can see that [the MBI attorneys] are working [BP employee David Sims] on the ve test and he is thinking ok on his feet . . .

> Kellingray: Never worked with Guide so be interesting to see what he says if he does not plead the 5th

These statements are not party admissions under Rule 801(d)(2), because the PSC has not met its burden of proving that they concern matters "within the scope of agency or employment" of Mr. Chambers or Mr. Kellingray.[4] Although BP does not bear the burden of proof, it is not within the scope of agency or employment of Messrs. Chambers and Kellingray to: (1) review and analyze MBI hearings; or (2) comment on the performance of MBI witnesses. Thus, BP respectfully requests that the Court rule that these statements within Trial Exhibit 6228 are not

---

[4] At the relevant time, Kellingray was a Segment Engineering Technical Authority and a Cementing Sector Specialist, and Chambers was a Fluids Manager.

## KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
The Honorable Sally Shushan
January 31, 2012
Page 7


party admissions, because they do not concern "a matter within the scope of the agency or employment." Rule 801(d)(2)(D).[5]

As always, we appreciate the Court's time and consideration in this matter.


Respectfully submitted,


/s/ Andrew Langan, P.C.

Andrew Langan, P.C.


cc:    Steve Herman
       James Roy
       Defense Liaison Counsel
       Mike Underhill
       Hon. Attorney General Luther Strange
       Cory Maze
       Ben Allums
       Mike O'Keefe

---

[5] The document is similarly not a business record because the PSC has not satisfied its burden of proving any of the requisite elements of the business records rule, including that Messrs. Chambers and Kellingray had a business duty to create the exchange, that the communications were recorded at or near the time of the events, that either employee had personal knowledge of the events, and that it was the regular practice of BP to send or receive emails that record the type of events documented in the email (requiring "proof of a policy of the producing defendants to use email to make certain types of reports") (1/11/12 Order at 7)  The PSC has offered no evidence of a BP "policy" regarding e-mail reports on MBI hearing testimony.   The PSC has also not proved that the instant message exchange was not "essentially [a] substitute[] for a phone call," which independently renders them inadmissible.  *Id.* at 8.