# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

January 31, 2012

**VIA E-MAIL**

The Honorable Carl Barbier
The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street
New Orleans, LA  70130

    Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico
      on April 20, 2010, MDL No. 2179

Dear Judges Barbier and Shushan:

  During the January 27 status conference hearing, counsel for the United States requested clarification of the Court's January 26 Order excluding the Joint Investigation Report, seeking guidance regarding the ability to use photographs and testing data from the *Deepwater Horizon* BOP forensic examination that the independent engineering firm *Det Norske Veritas* (DNV) conducted. (Rec. Doc. 5448).  BP respectfully requests confirmation that information collected and gathered during DNV's forensic examination, such as observations, measurements, photographic and videographic images, data, laser scans and test results, contained in the DNV reports and materials should not be excluded under 46 U.S.C. § 6308.

  The Court's January 26 Order excludes Volumes I and II of the Joint Investigation Report, but states that the exclusion "does not prevent the admission of evidence existing independently of the Joint Investigation or that likely would have been created absent the investigation."[1] Unquestionably, absent the Joint Investigation, a forensic examination of the BOP would have occurred, and did occur for DNV's BOP examination Phase 2, which was conducted under the

---

[1] The Order appears consistent with BP's position during briefing that while both volumes of the Joint Investigation are inadmissible, "objective, factual materials that . . . may have been generated in the course of the JIT's work, but would likely have been generated independently of the JIT (such as the work of DNV) is not barred from admission by 46 U.S.C. § 6308."  BP Reply Memorandum (Rec. Doc. 4745) at 4.

# KIRKLAND & ELLIS LLP

The Honorable Carl Barbier
The Honorable Sally Shushan
January 31, 2012
Page 2

jurisdiction of the Court, not the Joint Investigation.[2] Additionally, most of the factual information contained in the DNV report was unavailable to the parties and their experts outside of the DNV's forensic examination. *See In re Crosby Tugs, L.L.C.*, Civil Action Nos. 02-1225, 02-1222, 2004 WL 5482859, at *2 (E.D. La. Aug. 16, 2004) (distinguishing admissibility, in part, based on independent access to factual information in Coast Guard investigation). For example, during the forensic examination, the parties' representatives were generally prohibited from photographing or handling, much less forensically examining, the *Deepwater Horizon* BOP and its related components.

BP interprets the Court's January 26 Order to mean that factual information from DNV's forensic examination—which was conducted with input from the parties (and under the Court's jurisdiction for BOP examination Phase 2)—is not excluded under 46 U.S.C. § 6308. Examples of such factual information include the following:

- factual observations regarding the condition of the BOP and drill pipe;

- factual observations regarding the locations at which drill pipe segments were found within the BOP and the riser;

- photographs and measurements of BOP components;

- description of procedure and results from testing BOP components, including testing control pod batteries and solenoid valves;

- factual observations regarding the wiring of the control pod solenoid valves;

- laser scans of BOP components and pipe segments; and

- factual observations that the ends of certain pipe segments physically "match" the ends of other pipe segments or BOP components.

DNV published images, test results and observations of its forensic examination in a publically-issued report on March 20, 2011 and an addendum dated April 30, 2011 (collectively

---

[2] After DNV concluded its forensic examination for the Joint Investigation (*i.e.*, BOP examination Phase 1), DNV was retained, with the Court's approval and under its jurisdiction, to continue the forensic examination of the *Deepwater Horizon* BOP (*i.e.*, BOP examination Phase Two). Because the Joint Investigation had no involvement with BOP examination Phase 2, the images, data and testing results of the BOP examination Phase 2 are not subject to exclusion under 46 U.S.C. § 6308.

# KIRKLAND & ELLIS LLP

The Honorable Carl Barbier
The Honorable Sally Shushan
January 31, 2012
Page 3

"the DNV Reports").[3]  The parties, who have not had the same access to the *Deepwater Horizon* BOP as DNV, reasonably relied on DNV's forensic examination, and in many cases the DNV Reports, for the images, measurements, test results, observations and laser scans.  Because of the lack of availability of independently-obtained information, the parties and their experts had to rely on DNV's forensic examination and the DNV Reports for the factual observations and test results regarding the *Deepwater Horizon* BOP.

BP therefore respectfully requests clarification that the Court's Order not only permits the parties to rely on the images, measurements, test results, observations and laser scans of the DNV forensic examination, but also the DNV Reports as the source for this information.

Sincerely,

/s/ J. Andrew Langan, P.C.


cc:   Plaintiffs' Liaison Counsel
      Defense Liaison Counsel
      Mike Underhill
      Hon. Attorney General Luther Strange
      Corey Maze

---

[3] BP understands the Order to exclude reliance on the opinions and conclusions that DNV reached regarding the inability for the *Deepwater Horizon* BOP to secure the well on April 20.