

February 1, 2012

Re:   MDL No. 2179
      Motion in Limine Order re: JIT Report and Testimony

Honorable Carl Barbier
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

Dear Judges Barbier and Shushan:

Pursuant to the discussion at the January 27 Working Group Conference, Cameron submits this letter in connection with certain parties' request for clarification of the Court's January 26 Order Regarding Motions *in Limine* to Exclude Evidence of the Joint Investigation Report and Testimony (Doc. 5448). Cameron agrees with the parties seeking clarification that the statutory prohibition against admissible evidence should not cover DNV's photos and measurements taken during the Phase I testing. Photos and measurements represent objective facts which exist independently of the Joint Investigation. Moreover, such evidence likely would have been created absent the Joint Investigation. If, for example, photos or measurements of the drill pipe or solenoid valves had not been taken during the Phase I testing for the JIT, such photos or measurements would likely have been taken in Phase II.

The same cannot be said, however, for DNV's modeling and conclusions. DNV's modeling and conclusions do not exist independently of the Joint Investigation, nor would they have been developed absent the Joint Investigation. DNV was hired **_for_** the Joint Investigation. Their modeling and conclusions were prepared **_for_** the Joint Investigation. As such, **_but for_** the Joint Investigation, they would not exist. The proof lies in the fact that during Phase II testing (which was performed after and was not part of the Joint Investigation), DNV was not asked and steadfastly refused to do any modeling or offer any conclusions.

Further, DNV's modeling and conclusions are not objective facts. They are opinions based on assumptions and interpretations, many of which in Cameron's view are fundamentally

David J. Beck
dbeck@brsfirm.com

One Houston Center
1221 McKinney Street, Suite 4500 ~ Houston, Texas 77010
Telephone 713.951.3700 ~ Facsimile 713.951.3720
www.brsfirm.com

Honorable Carl Barbier
Honorable Sally Shushan
January 31, 2012
Page 2

and demonstrably flawed. (*See, e.g.*, Deposition Testimony of Neil Thompson (DNV Project Manager), at 192-95 (conceding that DNV's calculations do not generate sufficient force to buckle drill pipe); Apr. 2, 2011 JIT Testimony of Neil Thompson (conceding that DNV's finite element analysis modeling placed the drill pipe where it could not possibly be located).) Moreover, they are opinions which were offered by witnesses who, as the parties were told repeatedly, are not BOP experts and were not presented as experts during their depositions. (*See* Deposition Testimony of Neil Thompson, at 29, 135-36; Deposition Testimony of Gary Kenney (DNV Lead Investigator), at 27:1617; 28:8-9; 151:7; 195:15-16; 198:16-17; 199:5-6.)  If necessary, this deposition testimony can be submitted to the Court.

Cameron understands that the parties seeking clarification on the Court's Order agree that DNV's opinions are inadmissible. For the avoidance of doubt, it should be clear that the inadmissible opinions include DNV's modeling and conclusions.

Thank you for your consideration.

Sincerely yours,

David J. Beck

cc:   Liaison Counsel
      States' Coordinating Counsel