# LISKOW&LEWIS
A Professional Law Corporation

| | | |
|---|---|---|
| One Shell Square | 822 Harding Street | First City Tower |
| 701 Poydras Street, Suite 5000 | Post Office Box 52008 | 1001 Fannin Street, Suite 1800 |
| New Orleans, LA 70139 | Lafayette, LA 70505 | Houston, TX 77002 |
| (504) 581-7979 Main | (337) 232-7424 Main | (713) 651-2900 Main |
| (504) 556-4108 Fax | (337) 267-2399 Fax | (713) 651-2908 Fax |

www.Liskow.com

February 1, 2012

Don K. Haycraft

Direct: (504) 556-4128
dkhaycraft@liskow.com

**Via Email**
Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

      Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179
            Our File No.: 10451.084

Dear Judge Shushan:

      In response to Kerry's letter brief of January 30 on the subject of a Rule 45 subpoena to compel Mr. Newman's live appearance at trial, we note that Transocean does not dispute the substantive relevance of Mr. Newman's testimony on Phase 1 issues, but Transocean sidestepped the following issues:

1. Transocean Ltd. is a *party* in the trial beginning on February 27. Transocean Ltd. has been named as a defendant/cross-claim defendant by a number of parties, including the Claimants/Plaintiffs represented by the PSC. See, e.g., Master Answer and Master Claim in Limitation, Record Doc. No. 244, in Civil Action No. 10-2771 (Transocean's Limitation Action), at paragraph 196. Transocean's self-definition of the sole TO parties to the Limitation Action as the "Transocean limiting parties" is inaccurate. Moreover, Transocean's claim that the PSC only sent Records Custodian subpoenas to the Transocean limiting parties is irrelevant.

2. BP does not contend Mr. Newman is subject to Rule 45 because he is an officer of a parent of a party. He is an officer of a party. See Point #1 above.

3. Reference to Messrs. Hayward and Dudley is also irrelevant. Mr. Hayward is not an officer of a party. He departed BP plc before this MDL came into existence. Mr. Dudley did not get deposed in this case because he did not have Phase 1 knowledge. Transocean seems to be engaging in an inappropriate "tit for tat" exchange with this threat. Similarly, reference to BP's Ellis Armstrong is off the mark. Mr. Armstrong is not an

    officer of a party. He was CFO of a corporate division. This issue has already been decided.

4. On the timeliness point, the Court in its Working Group Order of November 7 advised counsel to identify "any other individuals they contend a party is required to produce." No deadline was specified. As the Court knows, there has been a fair amount of back-and-forth amongst the parties on who is or may be on "live witness" lists. BP specified Mr. Newman on January 13, a week before the actual deadline. Even after that deadline, parties are making changes (see recent withdrawal of Bill Ambrose and Gary Hurta, email from Alan York dated January 30).

In conclusion, Mr. Newman as an officer of Transocean Ltd. is subject to service of a trial subpoena. He has been deposed. Transocean has shown no prejudice in being subject to the Federal Rules of Civil Procedure.

Sincerely,

*(signature)*

Don K. Haycraft

DKH/apf

cc:    MDL Liaison and Coordinating Counsel