

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

**Kerry J. Miller**
**Telephone: (504)599-8194**
**Facsimile: (504)599-8145**
**E-mail: kmiller@frilot.com**

February 1, 2012

BY EMAIL

Magistrate Judge Sally Shushan
United States District Court
500 Poydras Street
New Orleans, LA 70130

    Re:    In Re: Deepwater Horizon
               Civil Action No. 10-md-02179

Dear Judge Shushan,

    This letter will serve as Transocean's letter brief on the issue of whether "PSC 300" exhibit TREX-03112 is admissible at the Phase I trial.

    On January 25, 2012, Transocean and the PSC met-and-conferred regarding four email exhibits. In addition to TREX-03112, Transocean has objected to three exhibits (TREX-02194, 02198 and 00151) that will not be briefed at this time. Transocean's objections to TREX-02194 and 02198 are not hearsay objections, and therefore per the Court's instructions at the January 27, 2012 Working Group Conference, are not to be addressed at this time. Similarly, with respect to TREX-00151, Transocean's hearsay objection is not with respect to the content of the email but rather the interview notes attached thereto. Transocean reserves these objections and its rights to brief the Court on the admissibility of these exhibits at a later date.

    Transocean now briefs the Court on why TREX-03112 is inadmissible hearsay evidence that does not meet the requirements of any hearsay exception.[1]

Hearsay Standard

    "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted, and is generally not admissible. FED. R. EVID. 801, 802. A statement is not hearsay if it is offered against a party and is "a statement by a person authorized by the party to make a statement concerning the subject" or it is a "statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." FED. R. EVID. 801(d)(2). Evidence with hearsay within hearsay is also

---

[1] In addition to its own arguments, Transocean adopts those arguments set forth in BP's letter brief regarding TREX-03112.

Honorable Sally Shushan
United States Magistrate Judge
Page 2 of 3
February 1, 2012

excluded, unless all levels of hearsay come within exceptions to the hearsay rule. FED. R. EVID. 805; *Ramirez v. Gonzales,* 225 Fed. Appx. 203, 210 (5th Cir. 2007).

FED. R. EVID. 803(6) provides an exception to the hearsay rule for business records if it is: (1) a memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, (2) made at or near the time by, or from information transmitted by, a person with knowledge, (3) is kept in the course of a regularly conducted business activity, (4) was the regular practice of that business activity to make the memorandum, report, record or data compilation, (5) all is shown by the testimony of the custodian or other qualified witness, and (6) the source of information or the method or circumstances of preparation does not indicate a lack of trustworthiness. FED. R. EVID. 803(6); *see also U.S. Commodity Futures Trading Comm'n v. Dizona,* 594 F.3d 408, 416 (5th Cir. 2010). "[T]he rationale underlying this exception to the rule against hearsay is that the inherent reliability of business records is 'supplied by systematic checking, by regularity and continuity which produce habits of precision, by actual experience of business in relying upon them, or by a duty to make an accurate record as part of a continuing job or occupation.'" *United States v. Wells,* 262 F.3d 455, 462 (5th Cir. 2001) (quoting FED. R. EVID. 803(6) Committee Note).

The "residual exception" to the hearsay rule may apply if it is a statement not specifically covered by FED. R. EVID. 803 or 804 but has equivalent circumstantial guarantees of trustworthiness and the Court determines: (1) the statement is offered as evidence of a material fact; (2) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. FED. R. EVID. 807. The residual exception to the hearsay rule should be used "only rarely, in truly exceptional cases." *United States v. Walker*, 410 F.3d 754, 757 (5th Cir. 2005) (quoting *United States v. Phillips*, 219 F.3d 404, 419 n. 23 (5th Cir. 2000)).

TREX-03112 is Inadmissible Hearsay Evidence

TREX-03112 is inadmissible hearsay because it is an email that contains an out-of-court statement by Christopher Haire, a Halliburton (HESI) employee, ostensibly offered to prove that (1) Transocean determined that the negative test on the *Deepwater Horizon* was considered successful and (2) Haire, as a HESI employee, stated that the negative test was unsuccessful while on the *Deepwater Horizon*.[2] (See TREX-03112 attached hereto as Exhibit 1). To the extent the statement is an admission, it is not an admission as to Transocean because it was not a statement by Transocean or its agent. Therefore, the statement is inadmissible hearsay unless an exception applies.

TREX-03112 does not satisfy the business records exception to the hearsay rule because it fails to satisfy all of the requirements of Fed. R. Evid. 803(6). First, the email was not made at or near the time of the matter asserted. Specifically, the email was sent over two-months after the negative test was completed and the well blowout occurred. Further, the circumstances of the email indicate a lack of trustworthiness because it is a two-sentence, ambiguous, self-serving email made in hindsight. Therefore,

---

[2] Haire's email to Vincent Tabler on June 10, 2010 states: "Hey Vince I read some report that stated that the two negative tests we did were considered successful? I stated I found them to be unsuccessful and I was checking to see if maybe you knew why Transocean and BP were calling them successful?"

Honorable Sally Shushan
United States Magistrate Judge
Page 3 of 3
February 1, 2012

TREX-03112 is inadmissible hearsay because it fails to meet all requirements of the business records exception under 803(6).

   Regardless of TREX-03112's status as a business record, the email is hearsay within hearsay for which there is no exception to the hearsay rule.  Mr. Haire makes an out-of-court statement that when he was on the rig two-months earlier (1) someone from Transocean said the negative test was successful and (2) he said the test was unsuccessful.  The first hearsay statement is Haire's email assertion that statements regarding the negative test were actually made aboard the rig.  The second hearsay statements are those allegedly made on the rig: (1) Transocean's alleged statement that the negative test was successful and (2) Haire's alleged statement that it was unsuccessful.  Assuming Haire's email statement fits within the business records exception under 803(6) (which it does not), there is no hearsay exception for the alleged statements by Haire and Transocean personnel while aboard the *Deepwater Horizon*.  Therefore, TREX-03112 is inadmissible hearsay because it is hearsay within hearsay without an applicable exception for every hearsay statement.

   Finally, TREX-03112 is inadmissible because it fails to meet the trustworthiness requirements of the residual exception to the hearsay rule under FED. R. EVID. 807.  First, a two sentence email by a HESI employee two months after the event is not evidence more probative on the negative test issue than any other evidence which the PSC can procure through reasonable efforts.  The Court has received over 100 deposition designations and narrative deposition summaries.  This testimony of those rig personnel, engineers and others actually involved in the negative test is more probative and trustworthy and is readily available to the PSC to support arguments regarding the negative pressure test.

   Further, the general purposes of the Federal Rules of Evidence and the interests of justice would not be served by permitting an exception in this case.  The Court has overseen a very detailed and mechanical process regarding deposition submissions to the Court which will be undermined if untrustworthy, hearsay statements, such as this email, are allowed into evidence for the Phase I trial.  Therefore, TREX-03112 fails to meet all the requirements of the residual exception to the hearsay rule.

   In conclusion, TREX-03112 is inadmissible hearsay, containing statements with hearsay within hearsay.  These statements do not fit within any exceptions to the hearsay rule under the Federal Rules of Evidence, and therefore should be excluded from the trial of this matter.

                                    Respectfully submitted,


                                    Kerry J. Miller

KJM/sw
ATTACHMENT

cc:    All Counsel Email Circulation

**Exhibit 1**

From: Christopher Haire
Sent: Thu Jun 10 14:05:50 2010
To: Vincent Tabler
Subject: tests
Importance: Normal

Hey Vince
I read some report that stated that the two negative tests we did were considered successful? I stated that I found them to be unsuccessful and I was checking to see if maybe you knew why Transocean and BP were calling them successful?
*C. Ryan Haire*
*Halliburton-Service Supervisor*
*BP America-Deepwater Horizon*
*Rig#: 281-366-7743*
*Cell#: 832-414-3837*

3112
Exhibit No. _____
Worldwide Court Reporters, Inc.

Highly Confidential

HAL_0576891