UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig       MDL NO. 2179
    "Deepwater Horizon" in the Gulf
    of Mexico, on April 20, 2010       SECTION J

Applies to: *All Cases*       JUDGE BARBIER
                                         MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding the Opinions of Experts Which Are Withdrawn]**

Cameron reported that in light of its settlement with BP, it intended to withdraw certain opinions previously offered by its experts. Rec. doc. 5151 at 1. It requested that other parties be precluded from introducing or relying on withdrawn opinions of Cameron's expert or testimony relating to those opinions. Id. at 3. BP, Halliburton and Transocean responded. Rec. docs. 5221, 5243 and 5269. M-I moved to exclude the report of Donald Weintritt who was withdrawn by Halliburton. Rec. doc. 5121.

Transocean's proposal (rec. doc. 5243) was incorporated in the undersigned's January 23 order (rec. doc. 5327):

1. If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions and report into evidence.

2. If a retaining party lists an expert on its final witness list, but does not call that expert at trial, other parties may introduce that expert's opinions and report into evidence.

3. If a retaining party lists an expert on its final witness list, but withdraws portions of the expert's opinions before trial, other parties may introduce into evidence at trial that expert's prior opinions that were withdrawn or amended.

Rec. doc. 5327 at 5-6.

On January 24, the PSC submitted a request for clarification. The Court understood the PSC's inquiry to be concerned only with the first situation, where a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list. The PSC asked whether, in such circumstances, a party may use portions of the withdrawn expert's report or deposition to cross-examine another expert, particularly an expert called by the party who withdrew the expert and the reports or deposition testimony are inconsistent. The Court responded that:

> If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of an expert called by the party who withdraws the expert.

Rec. doc. 5369.

Thereafter, the parties submitted further requests for clarification of parts two and three of the January 23 order.[1]

The provisions for withdrawn experts and their opinions are further modified as follows;

1. If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of an expert called by the party who withdraws the expert.

---

[1] Cameron submitted a letter, dated January 25. BP submitted a letter (Rec. doc. 5441). The PSC submitted a January 26 email. Cameron submitted a letter, dated January 27 (Rec. doc. 5475). On January 30, BP filed a memorandum (Rec. doc. 5487). Halliburton submitted a letter. Rec. doc. 5497. On January 31, 2011, Transocean submitted a letter and the U.S. responded by email.

2. If a retaining party lists an expert on its final witness list, but does not call that expert at trial, no other party may call that expert to testify at trial or introduce that expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of an expert called by the party who withdraws the expert.

3. If a retaining party lists an expert on its final witness list, but withdraws portions of the expert's opinions before the expert testifies, other parties may use that expert's prior opinions that were withdrawn or amended subject to any Daubert rulings and the Federal Rules of Evidence.

IT IS ORDERED that:

1. The orders for the use of opinions of withdrawn experts (Rec. docs. 5327 at 5-6. and 5369) are MODIFIED as provided herein.

2. The deadline for appealing from this order is **Monday, February 6, 2012.**

New Orleans, Louisiana, this 2nd day of February, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**

3