UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010
    United States of America v. Transocean Deepwater Drilling, Inc.,   )
        S.D. Texas, C.A. No. 4:11-3638   )   MDL No. 2179

ORDER VACATING CONDITIONAL TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiff the United States of America (the Government) moves to vacate our order conditionally transferring this action to MDL No. 2179. Responding defendant Transocean Offshore Deepwater Drilling Inc. (Transocean) opposes the motion.

After considering all argument of counsel, we conclude that inclusion of this action in the MDL would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation. Although this action shares a factual backdrop with those in the MDL (*i.e.*, the oil spill resulting from the explosion and fire that destroyed the Deepwater Horizon oil rig), the case is, at bottom, a subpoena enforcement action.[1] Such actions are generally summary in nature, involving only a limited inquiry. *See Burlington N. R.R. Co. v. Office of Inspector Gen., R.R. Ret. Bd.*, 983 F.2d 631 (5th Cir. 1993) ("This court has consistently recognized the summary nature of administrative subpoena enforcement proceedings."). "When called upon to enforce an administrative subpoena, a court's role is limited to evaluating whether (1) the subpoena was issued for a lawful purpose within the statutory authority of the issuing agency; (2) the documents requested are relevant to that purpose; and (3) the subpoena demand is reasonable and not unduly burdensome." *Winters Ranch P'ship v. Viadero*, 123 F.3d 327, 329 (5th Cir. 1997). Discovery in a subpoena enforcement action is allowed only in the exceptional case, where further information is necessary for the court to discharge its duty. *See In re Office of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 277 (5th Cir. 1991). Given the scope of the inquiry and the default rule barring discovery except in the atypical case, we are persuaded that transfer of this action is not warranted.[2]

---

[*]    Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

[1]    The subpoenas were issued by the U.S. Chemical Safety and Hazard Investigation Board (CSB).

[2]    In somewhat analogous circumstances, the Panel has denied motions for centralization involving petitions to quash I.R.S. summonses. *See In re: James D. Jordan I.R.S. Summons Litig.*, 802 F. Supp. 2d 1374, 1374 (J.P.M.L. 2011); *In re: Crystal Poole IRS Summons Litig.*, 763 F. Supp. 2d 1371, 1372 (J.P.M.L. 2011); *In re: Good Karma, LLC, et al., IRS Summons Litig.*, 528 F. Supp.

- 2 -

In opposing the Government's motion to vacate, Transocean contends, *inter alia*, that it has already produced, in the MDL, some of the subpoenaed documents and information, albeit to the United States Department of Justice. This contention arguably has some bearing on whether the Government has established its *prima facie* case – in particular, whether the information sought is not already in the possession of the CSB. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964). According to the CSB, however, the records identified by Transocean are at best responsive to just two of its 38 outstanding demands. Indeed, Transocean has not identified with any specificity the documents and information that it has produced in the MDL and that it believes to be responsive to the CSB's subpoenas. Moreover, it is unclear whether the fact that Transocean may have produced certain information to the Department of Justice bears on its compliance with subpoenas issued by the CSB, which is an independent agency and not a party in the MDL.

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-37" is vacated insofar as it relates to this action.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil    Barbara S. Jones
Paul G. Barbadoro    Marjorie O. Rendell
Charles R. Breyer

---

2d 1361. 1362 (J.P.M.L. 2007). We note, however, that considerations regarding whether to create an MDL in the first instance may not always be identical to those regarding whether to transfer a tag-along action to an existing MDL.