FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIA

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

2012 FEB -3  AM 9: 28

LORETTA G. WHYTE
CLERK

**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"**
**IN THE GULF OF MEXICO, ON APRIL 20, 2010**

EDLA<br>SEC J/1

Reed Collier, et al. v. BP America Production Company, Inc.,     )
    et al., S.D. Alabama, C.A. No. 1:11-593             )     MDL No. 2179   **12-347**

## TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to Rule 7.1,  plaintiffs in this action move to vacate our order conditionally transferring the action to MDL No. 2179.  Responding defendants[1] oppose the motion.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of this action to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, this action arises from the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig, and the oil spill resulting therefrom. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1353 (J.P.M.L. 2010).

In opposing transfer, plaintiffs argue, *inter alia*, that this action involves allegations that defendants breached obligations to charter parties who agreed to allow their vessels to be used, under the so-called "Vessels of Opportunity" (VoO) program, in Deepwater Horizon oil spill clean-up operations.  As such, they contend, the action involves completely different factual issues from the personal injury and economic loss actions in the MDL.  Plaintiffs further argue that transfer should not take place unless and until the transferor court has determined whether federal subject matter jurisdiction exists.

We do not find plaintiffs' arguments persuasive.  VoO-related claims already are being litigated in the centralized proceedings.  Indeed, we recently have transferred multiple VoO actions to the MDL.  *See* MDL No. 2179, Oct. 6, 2011, Transfer Order, at 1-2 (J.P.M.L. doc. no. 819); MDL No. 2179, Apr. 18, 2011, Transfer Order (J.P.M.L. doc. no. 555).  In doing so, we noted that other VoO actions are already pending in the MDL, and that an amended complaint recently had been filed in the centralized proceedings on behalf of, *inter alia*, "[b]oat captains, crew, charterers,

---

[*]  Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

[1]  BP p.l.c.; BP Exploration & Production Inc.; BP America Inc.; and BP Products North America Inc.



- 2 -

workers,  and/or volunteers involved in the [VoO] program who were not adequately compensated for their work or time in the VoO program." *See* Oct. 6, 2011, Transfer Order at 1-2.  The jurisdictional issues raised by plaintiffs do not present an impediment to transfer.  As we have repeatedly held, the pendency of a remand motion generally is not a sufficient reason to delay transfer.[2]  Plaintiffs can present their jurisdictional arguments to the transferee judge.  *See, e.g., In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

Kathryn H. Vratil            Barbara S. Jones
Paul G. Barbadoro            Marjorie O. Rendell
Charles R. Breyer

---

[2]      Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not in any way limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time in which to do so. Here, the Southern District of Alabama court has stayed the action pending the Panel's decision on plaintiffs' motion to vacate.