UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NUMBER 2179<br><br>SECTION: J |
| RELATES TO: *All Cases* | JUDGE BARBIER |
| (Including No. 10-2771) | MAGISTRATE JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**OPPOSITION TO CAMERON MOTION *IN LIMINE* TO
EXCLUDE WARNINGS TESTIMONY OF PSC EXPERT GREGG S. PERKIN, P.E.**

## I.     INTRODUCTION

Cameron's Motion *in Limine* contends that the opinions of Gregg S. Perkin, P.E. regarding Cameron's failures to warn should be excluded because they are irrelevant and prejudicial. They are neither. Cameron was given fair notice of Perkin's opinions in his expert report. Cameron fully explored these opinions in Perkin's deposition. These opinions are highly relevant to the issues that will be presented at trial and their inclusion will not unfairly prejudice Cameron. Cameron's Motion should be denied.

## II.     MR. PERKIN'S WARNINGS OPINIONS ARE INCLUDED IN HIS REPORT

Gregg Perkin is a highly qualified mechanical engineer with extensive experience in evaluating oil field equipment, including BOPs.[1] Cameron argues that Perkin's opinions on Cameron's failure to warn should be excluded under Fed. R. Evid. 403 because the evidence's

---

[1] Contrary to Cameron's contention in footnote 1 of its memorandum, and as will be outlined in greater detail in response to Cameron's *Daubert* Motion, Gregg Perkin is an extraordinarily qualified expert regarding product design and warnings, especially as to oil field equipment. Mr. Perkin has been a registered professional engineer since 1978 and is currently an instructor at the University of Texas' Petroleum Extension Service ("PETEX"). Mr. Perkin is an inventor and co-inventor on thirteen U.S. Patents and has 25 years of experience as a forensic engineer. Perhaps most telling, Mr. Perkin has been **retained by Cameron** in the past to assess the design of a Cameron BOP (Exhibit A - Perkin Deposition, p.83).

supposed potential to unfairly prejudice Cameron outweighs its probative value.  As will be demonstrated further below, the probative value of those opinions is highly significant and there is no unfair prejudice to Cameron.

Cameron's central argument is that Gregg Perkin's opinions on Cameron's failure to warn would be prejudicial to Cameron because Mr. Perkin supposedly did not reveal his opinions on warnings in his report or appendices.  The most glaring flaw in this argument is that it is simply not true.[2]  As Cameron itself points out in a footnote, Mr. Perkin states at page 61 of the appendices of his report, the following opinions regarding lack of warnings:

> Cameron knew a problem existed with the SBR ram blades by 2004, namely, that wellbore materials outside the cutting blades would not be cut.  **Cameron did not provide any warnings or instructions regarding this problem**.  Cameron took the position that BP and Transocean knew of this characteristic, and could have upgraded, had they chosen to do so.

(TREX-07536 - Perkin Report Appendices at page 61, emphasis added).

Mr. Perkin clearly states that Cameron failed to warn end users of its products regarding known deficiencies in those products.  Further, the clear implication of that language is that Cameron **had a duty to warn of such problems**.[3]  Any suggestion that the above language does not reflect such an opinion is simply not correct.

Mr. Perkin's Appendices are part of his report.  His report is "supplemented and explained in the remainder of this expert report and its Appendices …" (Exhibit B - TREX-07535, p. 6).  His opinions are given within a reasonable degree of probability and based upon

---

[2] Perkin is not the only expert criticizing Cameron for its failure to warn.  Exhibit K - TREX-08122 - Shanks report, p. 45.

[3] In any event, the question of duty is a legal one. Under applicable law, the manufacturer of a product has a duty to warn users of defects in its products. Restatement (Second) of Torts, § 402(A). See also Restatement (Third) § 2(c).

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 2 of 12

the "materials referenced in Appendix M, as well as the other Appendices. Further elaboration of my opinions can be found in the Chart located in Appendix K and other attached Appendices." (Exhibit B - TREX-07535, pg. 22). The Perkin Appendix is marked as TREX-07636.

      Mr. Perkin's opinions on warnings may not have been as explicit as Cameron would like, but they are in the report none-the-less and gave Cameron more than sufficient notice that Mr. Perkin would be addressing these matters at trial. Federal Courts have routinely found that an expert may elaborate and expand upon the opinions found in his report at trial. In *Thompson v. Doane Pet Care Co.*, 470 F.3d 1201 (U.S. 6th Cir. 12/15/06) the Court stated: "Section 26(a)(2)(B) does not limit an expert's testimony simply to reading his report. No language in the rule would suggest such a limitation. The rule contemplates that the expert will supplement, elaborate upon, explain and subject himself to cross-examination upon his report." See also, *Muldrow v. Re-Direct, Inc.*, 493 F.3d 160 (U.S. Dist. of Columbia Cir. 7/03/07). Indeed, this Honorable Court, has already ruled against Cameron's proposed draconian reading of Rule 26. In a separate Motion in Limine, BP attempted to preclude Mr. Perkin's use of the word "reckless" at trial because, although he had used that word in his deposition, it was not in the body of his report. This Court denied that Motion, indicating that the word "reckless" was "consistent with the remainder of his report and . . . not outside the four corners of his report. Although BP did not have an opportunity to question him about the use of the word 'reckless,' it will have the opportunity to do so at the trial." (Rec. Doc. 5505, *1-2)

      When one examines the report of Mr. Perkin, it is clear that his report is entirely consistent with his testimony regarding warnings. Since Cameron knew that their cutting blades did not extend across the wellbore (Exhibit C - TREX-07536, p.61) and "Cameron knew

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 3 of 12

off-center pipe … is a common occurrence" (Exhibit B - TREX-07535, p. 17), then obviously Cameron should have warned adequately of the problem.

 The failure to warn about off-center drill pipe directly ties into the failure to warn regarding the risk of having a BOP stack with a single blind shear ram. Mr. Perkin opines that the BOP stack should have been configured with two blind shear rams, which would have substantially increased the chance that the well would have been successfully shut in on April 20, 2010 (Exhibit C - Perkin Appendix, TREX-07536, pp. 7, 65 and 98) (Mr. Perkin stated that it was a mistake to fail to have "redundancy in the emergency activation systems by relying on a single component for all pipe shearing and wellbore shutting in and sealing functions, namely a single BSR"). (Exhibit C - TREX-07536, p. 20). If a manufacturer designs a product with a known defect that it has been unable to design out of its product, then it follows that the manufacturer should warn of the problem.

 With regard to the batteries and the MUX cables, it is only fair that the PSC expert should be permitted to opine on warnings, in part, because of the timing of Cameron's corporate designations. Cameron designated David McWhorter as its corporate representative to testify on all areas of BOP design. Mr. McWhorter did not get deposed until July 7-8, 2011. When asked about the BOP control systems, Mr. McWhorter testified that he was not able to opine on such and that such inquiries should go to Ed Gaude, another Cameron engineer. (Exhibit D - McWhorter depo., pp. 96, 296). Mr. Gaude was deposed on September 19, 2011 *after* Perkin's report which criticized the batteries and the MUX cable location. When asked about the electrical components of the BOP control systems (*i.e.* the batteries and the MUX cables), Mr. Gaude said that he could not opine on them and that he would defer to Mr. Richard Coronado, an

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 4 of 12

electrical engineer with Cameron.  (Exhibit E - Gaude depo, pp. 25-26, 232, 245,247-8, 259,and 272)  Mr. Coronado was deposed on December 6, 2011.  The PSC, therefore, did not get to depose Mr. Gaude or Mr. Coronado, the Cameron representatives on the control systems,  until well after the expert reports were due, despite having asked for a corporate representative in a timely manner.

      Mr. Coronado was asked about Cameron's battery systems and testified, among other things, that Cameron made no recommendation that the batteries be tested (Exhibit G - Coronado depo, pp. 365-366), that Cameron had received complaints that "AMF battery life does not appear to meet Cameron's specifications" (Exhibit F - TREX-05155, p. CAM CIV 0371711), and that when the DWH BOP battery system was redesigned in 2004-5, no one at Cameron told him to design it with rechargeable batteries (Exhibit G - Coronado depo, p. 347).  Coronado went on to say that rechargeable batteries were available when the battery system was redesigned in 2004-2005.  Another aspect of the BOP control system that came out in Coronado's deposition was that one could "arm" the AMF when the BOP was subsea, and the control panel on the rig would indicate that the BOP AMF was "armed,"although the batteries were completely dead. (Exhibit G - Coronado depo., pp. 374-375).  The BOP was therefore designed so that an operator would think his BOP emergency system was armed, when in reality, it could not function.

      Since the PSC did not receive these opinions from Cameron until Mr. Coronado's deposition, it is both logical and fair that the PSC BOP expert should be allowed to comment on it, especially since the Perkin report clearly criticizes the battery design and the MUX cable single point of failure (SPOF).  The failure to warn or instruct, in connection with the manufacture, marketing and sale of a product, is inextricably tied to the limitations of the

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 5 of 12

product.

Cameron's failure to warn on this aspect of their design is a direct corollary of the defective battery design, which Mr. Perkin criticized in his report. For example, at pages 7 and 20 of the report (Exhibit B - TREX-07535), Perkin opines that the battery system presented a "risk": that discharged batteries could go "undetected", and that Cameron should have known of the "hazard" relating to the batteries.(see also, Exhibit C - pp. 41-42, 64-65,and 99-100 of the Perkin appendices (TREX-07536)).

Likewise, Perkin opined on the location of the MUX cables and that, as 'designed and configured', they represented a dangerous single point of failure. (Exhibit B - Perkin report, TREX-07535, p. 19)  See also Exhibit C - Perkin Appendix TREX-07536, pp. 38-39, 43-44, 95, and 101, where Perkin opined at length about the problems associated with the MUX cable locations.

The Perkin report clearly states that a completely redundant BOP control system was required.  The control system had dual control panels, dual MUX cables, dual MUX reels, dual PODS, dual junction boxes and was theoretically redundant.  As designed, however, the BOP control system had a single point failure ("SPOF"). (Exhibit B - Perkin Report, TREX-07535, pp. 7-8, 13, 18-19).  (Exhibit C - Perkin Appendix, TREX-07536, pp. 27, 38-39, 43-44, 95 and 101).  Namely, both control systems (the blue and yellow MUX cables) converged at the top of the riser.  A single event (an explosion in the Moon Pool, which was a hazardous area) would knock out all operator control of the BOP thus making it a "single point of failure."  Cameron never warned of this defect.  Since the design defeated redundancy, Cameron should have warned about it.  The Perkin report (Exhibit B - TREX-07535, pp. 18-19 ) discusses the MUX

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 6 of 12

cable issue in detail. The Perkin opinion is supported by the Global Santa Fe Report (a Transocean predecessor) (Exhibit H - TREX-07581, p. BP-HZN-2179MDL00098380) which states that the MUX cables are a single point failure and is also supported by two Technical Position Papers (Exhibit I - TREX-04114 and Exhibit J - TREX-05094) which noted the single point failure nature of the MUX cable location.

As is clear from the foregoing, Cameron was given fair notice of Perkin's opnions and simply will not be prejudiced by Mr. Perkin's testimony regarding warnings at trial.

### III.   MR. PERKIN'S OPINIONS ARE ADMISSIBLE UNDER FED. R. EVID. 402 AND 403

Cameron further argues that Mr. Perkin's arguments on warnings are irrelevant because Mr. Perkin indicated in his deposition testimony that BP and Transocean knew of the problems with Cameron's BOP prior to the blowout of April 20, 2010. Establishing that evidence should be excluded because it is irrelevant under Fed. R. Evid. 402 is a very difficult burden to carry. As the Fifth Circuit Court of Appeals has explained:

> When evidence is challenged solely on the ground that it is irrelevant, it is inadmissible only if it fails to meet the definition of Rule 401-it must be without probative value as to *any* fact of consequence to the determination of the action. If it is relevant as to any issue, it is relevant to the action and it is not inadmissible under Rule 402.

*Lubbock Feed Lots, Inc., v. Iowa Beef Processors*, 630 F.2d 250, 267 (emphasis in original).

The burden is on the movant to show that the evidence in question "is *not* relevant to *any* issue in the case." *Chrysler Credit Corp. v. Whitney Nat'l Bank*, 824 F.Supp. 587, 599 (E.D. La. 1993) (emphasis in original). Also, as this Court has recognized , pre-trial motions to exclude evidence on the basis of relevance are disfavored. See, *e.g.*, *Auenson v. Lewis*, 1996 WL 457258,

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 7 of 12

at *1 (E.D. La. 1996) (explaining that because motions *in limine* are "disfavored" such "evidentiary rulings should be reserved until trial so that questions of foundation, competency, relevancy, and potential prejudice may be resolved in the proper context").

Additionally, Cameron ignores the fact that this matter will be tried before this Honorable Court and not a jury of lay persons. The 5th Circuit has consistently found that the unfair prejudice language in Fed. R. Evid. 403 "has no logical application to bench trials" because Rule 403 ". . . assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision." *Gulf States Util. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981); See also *Williams v. City Police Abbeville*, 19 F.3d 14,14 (5th Cir. 1994); *Dixon v. Henderson*, 186 F. App'x 426, 429-30 (5th Cir. 2006). In line with that jurisprudence, this Court has found that: "[i]n the context of a bench trial, excluding relevant evidence under Rule 403 on the basis of unfair prejudice 'is a useless procedure'". *Savarese v. Pear River Nav., Inc.*, 2010 WL 3070376, at *1 (E.D. La. 8/02/2010).

Cameron utterly fails to meet this heavy burden of establishing that Perkin's testimony on warnings is not relevant to any issue in this case. Cameron's sole argument as to why Mr. Perkin's testimony is supposedly irrelevant is that BP and Transocean were sophisticated users/buyers who were already aware of the deficiencies in Cameron's products and did not need to be warned of such.

One of the reasons that Mr. Perkin's testimony on warnings is so very relevant is that BP and Transocean have argued and will argue at trial that **they were not sophisticated users** and

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 8 of 12

did not and should not have known of the limitations of Cameron's products.

Incidentally, whether BP knew, or did not know, of any defect, is a contested issue of fact. BP has not conceded that its knowledge of the BOP was sufficiently sophisticated so as not to need more information from Cameron. BP has argued that the blowout preventer is defective, because it will not cut off-center pipe. (Exhibit K - Shanks Report, TREX-08122, pp. 45-49). Mr. Shanks, BP's BOP expert, opined that a reasonable person would think that the BOP would center the drill pipe. BP's BOP expert clearly takes the position that BP did not know that off-center drill pipe would cause the BOP to fail. Implicit in BP's argument is the premise that BP did not know that the BOP was going to fail under these circumstances. Transocean takes a similar position.

The PSC is not agreeing that neither BP nor Transocean had knowledge of these deficiencies; rather, it is urging that these are contested issues of fact to be resolved at the trial. If Cameron had known deficiencies in its product about which its customers were unaware, then Cameron should have warned about them. This Honorable Court will be asked to evaluate these arguments at trial. Should this Court believe that BP/Transocean did not know of the inadequacies of Cameron's product, then Mr. Perkin's opinions on the appropriate warnings for such products become extremely important. Until that issue is resolved, Perkin's opinions on warnings remain relevant and the Motion In Limine should be denied.

## IV.     CONCLUSION

Cameron has been given fair notice of Gregg S. Perkin, P.E.'s opinions on warnings. Those opinions are highly relevant to important issues which will be presented at trial. Cameron will not be prejudiced by allowing Mr. Perkin to testify on those issues at trial. Its Motion should be denied.

This 6th day of February, 2012.


Respectfully submitted,


/s/   Stephen J. Herman
**Stephen J. Herman**, La. Bar No. 23129
**HERMAN HERMAN KATZ &COTLAR LLP**
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhkc.com
*Plaintiffs Liaison Counsel*

/s/ James Parkerson Roy
**James Parkerson Roy**, La. Bar No.11511
**DOMENGEAUX WRIGHT ROY &EDWARDS LLC**
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com
*Plaintiffs Liaison Counsel*


### PLAINTIFFS' STEERING COMMITTEE

Brian H. Barr
PAPANTONIO, THOMAS, MITCHELL,
ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Robin L. Greenwald  LEVIN,
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO

Rhon E. Jones
BEASLEY, ALLEN,

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 10 of 12

Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC 1601 Dauphin Street,
P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A. 188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399 E-Mail: mike@mikespy.com

CROW,METHVIN, PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.

Ervin A. Gonzalez
COLSON HICKS EIDSON 255 Alhambra Circle, Penthouse Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: ervin@colson.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail: mpalmintier@dphf-law.com

Paul M. Sterbcow

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 11 of 12

LEWIS, KULLMAN, STERBCOW & ABRAMSON

601 Poydras Street, Suite 2615 New Orleans, LA  70130

Office:  (504) 588-1500

Telefax:  (504) 588-1514

E-Mail: sterbcow@lksalaw.com

Scott Summy

BARON & BUDD, P.C.

3102 Oak Lawn Avenue, Suite 1100 Dallas, TX  75219

Office:  (214) 521-3605

Telefax: (214) 599-1172

E-Mail: ssummy@baronbudd.com

Mikal C. Watts

WATTS GUERRA CRAFT, LLP

Four Dominion Drive, Building 3, Suite 100 San Antonio, TX 78257

Office: (210) 447-0500

Telefax: (210) 447-0501

E-Mail: mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams

WILLIAMS LAW GROUP 435 Corporate Drive, Suite 101 Maison Grand Caillou Houma, Louisiana 70360

Office: (985) 876-7595 Fax No. (985) 876-7594          E-Mail: duke@williamslawgroup.org

Joseph F. Rice

MOTLEY RICE LLC

28 Bridgeside Blvd.  Mount Pleasant, SC 29464 Office: (843) 216-9159

Fax No. (843) 216-9290

E-Mail: jrice@motleyrice.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that this Opposition will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of February, 2012.

s/  James Parkerson Roy and Stephen J. Herman

W:\!27818\9999 MDL\Trial\In Limine Briefing\Opp Cameron MIL 2-6-2012\Memo in Opp to Cameron Motion to Exclude Perkin re Warnings.wpd

Page 12 of 12