**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

February 6, 2012

**Hand Delivery**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re:   MDL 2179 -- Plaintiffs' Joint Motion in Limine to Admit Into Evidence Representative E-mail Communication Exhibits

Dear Judge Shushan and Counsel:

BP writes to respond to the PSC's assertion in the PSC's Joint Motion in Limine to Admit Into Evidence Representative E-mail Communication Exhibits that Exhibits 1917, 3112 and 6228 are admissible as either business records, statements against interests, or admissions by BP.

I.   **Exhibit 1917 - BP Agrees That The "Outer Hearsay" Is Admissible As A Party Admission Under Rule 801(d)(2)(d), But Only Against Anadarko (Not Against BP)**

Exhibit 1917 contains inadmissible hearsay within hearsay, and the remainder of the document is not admissible as a business record. For the court's convenience, the inadmissible "inner hearsay" is underlined below:

> I talked to Transocean today and <u>they said the Marianas has not returned to work since TS Ida and will most likely disconnect from its moorings and go into the shipyard for about 20 days. The damage was to electric cable trays that resulted from leaving the rig at drilling draft during the storm event. The rig personnel were evacuated. The electrical cables are impacting the 3 and 4 anchor winches as well as some of the drilling equipment</u>
> . . .
>
> <u>Transocean Marianas Suffers Light Damage From Tropical Storm Ida. The Transocean Marianas, a deepwater moored semisub, suffered damage during Tropical Storm Ida. The damage is very minimal and will not prevent the rig</u>

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 6, 2012
Page 2

<u>from resuming operations.  The rig was on BP's Macondo prospect is Mississippi Canyon 252.   The contract with BP runs through December 2009 at dayrate in the mid-$440s. Once the BP contract is complete, the rig will then go to work for ENI for two years in the US Gulf of Mexico</u>.

The declarants for the "inner hearsay" are (1) an unidentified Transocean employee and (2) an "industry rag" *See* Depo. Tr. of Hollek at 110:21.  No information is provided as to the name, position, or level of authority of the Transocean employee.

The rest of the e-mail (other than the portion underlined above) is the "outer hearsay."

**Exhibit 1917 Inner Hearsay:**  The PSC Does Not Meet Its Burden Of Proving That The Inner Hearsay Is Admissible

The PSC's response deals almost entirely with the "outer hearsay."  But the PSC does not meet its burden of proving that the "inner hearsay" is a business record, nor could they.  *See Sowders v. TIC United Corp.*, Civil Action No. SA-05-CA-309-OG, 2007 WL 3171797, at *1 (W.D. Tex. Aug. 15, 2007) ("Once a party properly makes a hearsay objection, the burden shifts to the proponent of evidence to show by a preponderance of evidence that the evidence fell within an exclusion or exception to the hearsay rule.")  In particular, the PSC has not satisfied the requirements of the Court's January 11th Order relating to the admissibility of email strings:

- First, the PSC has not proved that the information was provided by a Transocean employee with "knowledge of the event(s) documented in the email," as the Court required in its January 11 Order.  1/11/12 Order at 6.[1]  Nor has the PSC proved that the "industry rag" had "knowledge of the event(s) documented in the email."

- Second, the PSC has not proved that Transocean had imposed upon the unidentified Transocean employee "a business duty… to report or record the information within the email," as required by the Court's order.  *Id*. at 6-7.  The same is true for the "industry rag."

- Third, the PSC has not offered "proof of a policy" by Transocean (or for the "industry rag") to use e-mail make the report referenced in the e-mail, as required by the Court's January 11 Order.  *Id.* at 7 (emphasis added).

---

[1] Such knowledge must be first-hand.  *Id*.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 6, 2012
Page 3

- Finally, the unidentified Transocean employee's report is "essentially [a] substitute[] for a telephone call," yet a fourth reason why it is inadmissible under the Court's January 11 order. *Id.* at 8.

Nor is the inner hearsay admissible a party admission. As the Court ruled in its January 11, 2012 Order regarding party admissions:

> [Although] the PSC argues that emails composed by employees of producing defendants are admissions under Rule 801(d)(2)(D), this hearsay exception also requires a case-by-case analysis of such emails. The rule treats as non-hearsay a statement offered against a party and that was made by the party's employee 'on a matter within the scope of that [employment relationship and while it existed.]" Fed. Evid. 801(d)(2)(D). <u>The mere fact that a producing defendants' employee sent an email while at work from a work computer to a co-employee does not mean that the email was composed or received concerning a matter within the scope of an employee's employment. This 'course and scope' inquiry requires a case-by-case analysis.</u> Therefore, there is no broad rule that all the emails at issue are admissible as party admissions. 1/11/12 Order at 10 (emphasis added).

Here, the PSC has not sustained its burden of proving that the verbal communication from Transocean is a party admission by Transocean under Rule 801(d)(2)(D).[2] Because the Transocean employee is unidentified, it is impossible to determine whether the communication was made by a Transocean employee or agent acting within the "scope of that employment relationship," as is necessary under the Court's January 11 Order for the statement to be admitted as a party admission. Thus, the PSC has not sustained its burden of proof with respect to the individualized "course and scope" issue. *See Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) ("Rule 801(d)(2)(D) *requires the proffering party to lay a foundation* to show that an otherwise excludible statement relates to a matter within the scope of the agent's employment.") (emphasis added); *Mitroff v. Xomox Corp.*, 797 F.2d 271, 276 (6th Cir. 1986).

**Exhibit 1917 Outer Hearsay**

<u>BP Agrees That The Outer Hearsay In 1917 Is a Party Admission by Anadarko Under Rule 801(d)(2)(D), But It Is Not A Party Admission By BP.</u>

---

[2] The "industry rag" is not a party, so Rule 801(d)(2)(D) does not apply.

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 6, 2012
Page 4

      The PSC argues that "this exchange of emails by Anadarko employees is an admission by a party opponent under Federal Rule 801(d)(2)(D)." PSC Brief at 15. BP agrees that TREX 1917 qualifies as a party admission by Anadarko under Federal Rule 801(d)(2)(d). Thus, TREX 1917 may come into evidence as a party admission by Anadarko. However, if Ex. 1917 comes in as a party admission by Anadarko, <u>it is not a party admission by BP</u>, and cannot be used as substantive evidence against BP. The PSC has never disputed this point, nor could it given the well-established case law that party admissions by one party <u>are not party admissions as to other parties</u>. *See, e.g., U.S. v. Hay*, 122 F.3d 1233, 1237 (9th Cir. 1997) ("The hearsay statement is therefore admissible against Bartholomew under the party admission exemption. Fed.R.Evid. 801(d)(2)(A). The party admission exemption does not apply to Hay, however. Because this statement was improperly admitted against Hay, reversal is warranted if the improper admission was not harmless. We agree with Hay's contention that the admission of this statement was not harmless."); *Stalbosky v. Belew*, 205 F.3d 890, 894 (6th Cir. 2000) ("On appeal, Stalbosky argues that Blakeley's statement was admissible under Rule 801(d)(2) of the Federal Rules of Evidence as an admission by Belew, a party-opponent. Belew is a party to this action, but the statements that are at issue here were not offered against Belew, but rather against Three Rivers to establish its knowledge of Belew's prior criminal history. Under Rule 801(d)(2)(A), a party's statement is admissible as non-hearsay only if it is offered against that party. The district court therefore properly refused to consider Blakeley's affidavit."); *United States v. Sauza-Martinez*, 217 F.3d 754, 760 (9th Cir. 2000) ("Ortiz's post-arrest statements were admissible as substantive evidence against her under Federal Rule of Evidence 801(d)(2)(A) as an admission of a party-opponent, as well to impeach her denial of the statements; but, Ortiz's statements were damaging hearsay as to Sauza and were not admissible against him as substantive evidence under any theory."); *Canter v. Hardy*, 188 F. Supp. 2d 773, 784 (E.D. Mich. 2002) ("Like the plaintiff in Stalbosky, Plaintiffs here offer Debra Parmentier's February 1995 statement not against Parmentier but rather against her co-defendants to establish the co-defendants' culpability. The statement, thus, is not admissible against the State Police Defendants or the RNI Defendants.").

<u>The Outer Hearsay In TREX 1917 Is Not a Business Record</u>

      Although the parties' agreement that the outer hearsay in TREX 1917 is admissible as a party admission by Anadarko should settle the matter, the PSC goes further and argues that one of the emails in the string is "not offered for the truth of the matter." *See* 2/1/12 Brief at 13. However, in the very next sentence of argument, the PSC reverses course, stating that the emails "catalogue the damage incurred by the *Marianas* drilling rig as a result of Hurricane Ida." *Id.* Thus, the PSC is indeed offering the e-mails for the truth of the matter asserted (that is, that the drilling rig was damaged, and what kind of damage was incurred). In any event, the PSC concedes that it "proffers the Hollek email for its truth." PSC Brief at 13.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 6, 2012
Page 5

      The PSC has not satisfied its burden of proving the claim that the "outer hearsay" in TREX 1917 is a "business record."

- First, per the Court's January 11, 2012 Order, "there must be a showing that the email at issue was not sent or received casually, nor was its creation a mere isolated incident." 1/11/12 Order at 11. Relatedly, emails that "are essentially substitutes for telephones calls" are not admissible because "their individual content does not demonstrate the requisite regularity." *Id.* at 8. Here, the Hollek and O'Donnell emails were essentially a substitute for a telephone call, as evidenced by Mr. O'Donnell's statement: "Bummer. I'm amazed they didn't tell us about this."

- Second, the PSC has not satisfied its burden of proving, as required by the Court's order, that "the email was sent by someone with knowledge of the events(s) documented in the e-mail." 1/11/12 Order at 6. Such knowledge must be first-hand knowledge. *Id.* Here, it is clear that the Messrs. Hollek and O'Donnell -- the Anadarko employees who drafted the e-mails -- did not have first-hand knowledge of the subject matter: the extent and scope of the costs associated with the damage to the Marianas. Instead, that information came from an unidentified Transocean employee and from an "industry rag."[3]

- Third, the PSC has not satisfied its burden of proving--as required by the Court's January 11 Order--that it is "the producing defendant's regular practice to send or receive emails that record the type of event(s) documented in the email," which in turn requires "<u>proof of a policy</u> of the producing defendant to use email to make certain types of reports or to send certain sorts of communications." 1/11/12 Order at 7 (emphasis added). The PSC has offered no evidence of such a "policy" here.

Exhibit 1917 Summary

      In summary, BP agrees that the "outer hearsay" in Exhibit 1917 is admissible as a party admission against Anadarko under Federal Rule 801(d)(2)(D), but not against BP. Exhibit 1917 is not a business record.

---

[3] Indeed, Hollek confirmed at his deposition: "I'm not sure of -- as a -- as a nonoperating partner I'm not sure what their agreement with the drilling company is in terms of who pays damages and when they don't have to pay day rate in this case when the rig's not working. So I didn't know if this meant increased cost." (See Depo. Tr. of Hollek at 109.)

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 6, 2012
Page 6

**II.  Exhibit 3112 - BP Agrees That The "Outer Hearsay" Is Admissible As A Party Admission Under Rule 801(d)(2)(d), But Only Against Halliburton (Not Against BP)**

Like Exhibit 1917, Exhibit 3112 is also an email chain comprised of both outer hearsay and inner hearsay within hearsay. Like Exhibit 1917, BP agrees that the "outer hearsay" in Exhibit 3112 is admissible as a party admission under Federal Rule 801(d)(2)(D) (in this case against Halliburton), <u>but not against BP</u>.  However, it is not admissible as a "statement against interest" under Rule 804(b)(3), as the PSC now claims.

<u>The "Outer Hearsay" In Exhibit 3112 Is A Party Admission Against Halliburton Under Federal Rule 801(d)(2)(D), But Not Against BP</u>

BP agrees that the "outer hearsay" in Exhibit 3112 is admissible as a party admission by Halliburton under Federal Rule 801(d)(2)(D).  However, as demonstrated by the authorities cited above, Exhibit 3112 cannot be used as substantive evidence against BP, in part because Mr. Haire is not a BP employee or representative.  *See* cases above holding that party admissions in a multi-party case only can be used against the party making the admission, *e.g., U.S. v. Hay*, 122 F.3d 1233, 1237 (9th Cir. 1997).

<u>Prior Briefing And the PSC's Statement Against Interest Argument</u>

The PSC now contends that TREX-3112 is a "statement against interest" as to BP under Rule 804(b)(3).  (PSC Brief at 19-20).  But that argument was never made when the PSC and BP briefed the same document in October and November of 2011.  For example, in its letter dated November 16, 2011, the PSC argued that TREX 3112 was admissible, but did not raise the "statement against interest" argument with respect to TREX 3112 that it raises now.  BP recognizes that the e-mail strings dialogue is an evolving, cooperative process, and does not raise this point to show that the PSC "waived" this argument.  But this does show that the PSC should not be permitted to have it both ways, raising new arguments with respect to documents already extensively briefed in October and November such as TREX-3112 (which BP agrees is permissible), but incorrectly claiming waiver with respect to other documents.[4]

---

[4] In any event, the PSC's waiver arguments are without merit for several reasons, as already explained in BP's email to Judge Shushan sent on February 3, 2012 at 7:59 a.m.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 6, 2012
Page 7

The Statement Against Interest Rule (804(b)(3)) Is Inapplicable

The PSC incorrectly contends that Mr. Haire's statement is a "statement against interest" under Federal Rule of Evidence 804(b)(3). The PSC's position runs directly contrary to the Fifth Circuit's decision in *United States v. Martino*, 648 F.2d 367 (5th Cir. 1981). In that case, the Fifth Circuit held:

> The statement against interest must be <u>almost a direct, outright statement that the person was legally at fault</u>

*Id.* at 391 (emphasis added).

The statement here does not meet the *United States v Martino* standard. Mr. Haire stated: "Hey Vince. I read some report that stated that the two negative tests we did were considered successful? I stated that I found them to successful." This is not a "direct, outright statement that [Mr. Haire] was legally at fault," *United States v. Martino*, 648 F.2d 367 (5th Cir. 1981), or even close.

The two cases cited by the PSC -- *United States v. Thomas*, 571 F.2d 285, 289 (5th Cir. 1978), and *United States v. Triplett*, 922 F.2d 1174, 1182 (5th Cir. 1992) -- are consistent with *United States v. Martino*, and further underscore BP's point. In *Thomas*, the statement was made by an individual at the close of a preliminary criminal hearing, where the individual had entered a plea of not guilty, but then spontaneously stated that some other party had nothing to do with the crime. *See United States v. Thomas*, 571 F.2d 285, 288-89 (5th Cir. 1978). In *Triplett*, the statement was made by an individual who, while in jail, told a witness that he could be convicted if the witness testified truthfully, that he was the person that the witness had observed at the scene of the crime, and that he was "going to get" the witness. *See United States v. Triplett*, 922 F.2d 1174, 1180-82 (5th Cir. 1991).

Exhibit 3112 Summary

In summary, BP agrees that the "outer hearsay" in Exhibit 3112 is admissible as a party admission against Halliburton under Federal Rule 801(d)(2)(D), but not against BP. Exhibit 3112 is not a business record, nor is it a "statement against interest" under Federal Rule of Evidence 804(b)(3), and *United States v. Martino*, 648 F.2d 367 (5th Cir. 1981).

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 6, 2012
Page 8

### III.     Exhibit 6228 Is Inadmissible

The Scope of BP's Objection

      The PSC first argues that BP "only appears to take issue with two statements contained in the lengthy document." PSC Brief at 22. Not so. The document is inadmissible. In its January 31, 2012 brief, BP objected to Exhibit 6228 "because it contains BP employee statements made outside 'the scope of the agency or employment.'" *See* 1/31/12 Brief. BP then gave two "examples" of such statements. *Id.* at 6. But other statements are similarly irrelevant and/or outside the scope of the employees' job duties, for example:

      Are you on your way to Houston

      No at home have the late morning flight then 230 to Houston

      . . .
      Daryl good morning to you. Canyou change the interview time for Vincent to 500 pm Wednesday after the CoP session.
      . . .
      I guess risk 2morrow is that flight to Tripoli does not get out

      Its all gong to be delayed for the internal flights if th efog does not lift overnight, its probably down with 100 yds in Sunbury

      The PSC claims that the emails between Messrs. Kellingray and Chambers discussing the MBI hearings are party admissions under Rule 801(d)(2)(D). The PSC argues that, because Kellingray and Chambers were employed by BP to conduct work related to Macondo, any commentary they provided relating to the MBI hearings (*e.g.*, commentary related to which witnesses are "pleading the Fifth") is within the scope of what BP had asked them to do. Not so. There is no evidence to suggest that BP had retained either Messrs. Chambers or Kellingray to provide analysis of Marine Board investigatory proceedings. Indeed, there is no evidence to suggest that Messrs. Chambers or Kellingray had any duties pertaining to (or were knowledgeable about): (1) the MBI hearings; (2) legal matters generally; or (3) the Fifth Amendment. In sum, the statements do not fall within the scope of the employees' job duties, and the PSC has not met its burden of proof on this issue. *See Breneman v. Kennecott Corp.*, 799 F.2d 470, 473 (9th Cir. 1986) ("Rule 801(d)(2)(D) requires the proffering party to lay a foundation to show

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 6, 2012
Page 9

that an otherwise excludible statement relates to a matter within the scope of the agent's employment."); *Mitroff v. Xomox Corp.*, 797 F.2d 271, 276 (6th Cir.1986).

      Finally, the PSC argues in a footnote that "these comments may come in as non-truth statements."  PSC Brief at 22.  The PSC does not explain, however, the purposes for which the statements may come in, other than as to the truth of the matter asserted.  Thus, the PSC has not satisfied its burden of proof, and BP respectfully requests that the document not be admitted.

      As always, we appreciate the Court's time and consideration in this matter.

      Respectfully submitted,

/s/ Andrew Langan, P.C.

Andrew Langan, P.C.

cc:    Steve Herman
        James Roy
        Defense Liaison Counsel
        Mike Underhill
        Hon. Attorney General Luther Strange
        Cory Maze
        Ben Allums
        Mike O'Keefe