

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:     214.939.4412
DIRECT FAX:      214.939.4803
DGodwin@GodwinRonquillo.com

DALLAS  HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041

214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

February 6, 2012

**BY EMAIL**

The Honorable Carl J. Barbier
United States District Judge
500 Poydras Street, Room C-268
New Orleans, Louisiana  70130

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, LA 70130

      Re:    Request for Clarification of the Court's Order, Rec. Doc. 5572, Regarding Motions *in Limine* to Exclude Evidence of the Joint Investigation Report and Testimony

Dear Judge Barbier and Magistrate Judge Shushan:

      Defendant Halliburton Energy Services, Inc. ("HESI") respectfully seeks guidance from the Court as a result of the Court's Order dated February 2, 2012 (the "Clarification Order"), Rec. Doc. 5448.  HESI seeks clarification that the Court's Order dated February 2, 2012 (the "JIT Limine Order") does not prohibit the use by any party to this litigation of the JIT's Oilfield Testing & Consulting ("OTC") test results, including testing results for the MAC4 slurry blend and non-rig sample blends, and the related MDL No. 2179 deposition testimony from Greg Garrison ("Garrison") – the head of the OTC cement lab – taken on November 4, 2011.  In light of the Clarification Order, which permits the use of data, videos, and photographs from the testing performed by Det Norske Veritas, HESI believes that the OTC testing results and related testimony should similarly be permitted for use at trial by the parties.

      As the Court is aware, rig samples from the *Deepwater Horizon* were preserved by HESI immediately following the Macondo Blowout.  Those rig samples remained under lock and key until November 16, 2010, when they were released to the JIT pursuant to this Court's October 15, 2010 Order.  *See* Rec. Doc. 494, 565 (granting HESI's motion to release materials to the JIT). The JIT took custody of the rig samples and developed a protocol – with the input of all concerned parties and under the auspices of the Court's jurisdiction – for performing tests on these samples.  Rec. Doc. 3123.  The rig samples were provided to OTC, which performed

testing on the MAC 4 slurry blend (a slurry consisting of the rig samples), pursuant to the developed protocols. OTC also performed testing on simulation slurries that did not consist of the actual rig blend used in the Macondo Well. *See* Ex. A, Garrison Dep., at 176:7-23.

Given the Court's February 1, 2012 Order denying HESI's Motion to Exclude Evidence relating to testing of cement blends using non-rig samples, HESI respectfully requests clarification to confirm that it is permitted to use the OTC testing results for both rig and non-rig sample blends at trial. The JIT Limine Order "does not prevent the admission of evidence existing independently of the [JIT] or that likely would have been created absent the investigation" Rec. Doc. 5448 at p. 2. Given the centrality of the issues related to the Macondo cement slurry, there is no doubt that testing of the original rig samples and perhaps non-rig samples would have been ordered by the Court in some other manner, or independently performed by the parties. Accordingly, though HESI maintains its objection to the relevance of non-rig sample testing, due to the Court's ruling regarding non-rig samples, all of the OTC's testing results comprise factual data that should be permitted for use at trial pursuant to the Court's JIT Limine Order.

HESI also requests clarification that the parties may use the MDL No. 2179 deposition testimony of Garrison at trial. His testimony regarding OTC's testing of the rig and non-rig samples is intrinsically related to the data and is essential for the parties to understand how the cement blends were tested, whether API standards were followed in this testing, and what the visual observations related to this testing indicated. Indeed, at his deposition, Garrison testified that the unset foam stability test conducted on the MAC4 slurry indicated that the slurry <u>is stable</u>. *See* Ex. A, Garrison Dep., at 207:9-13. Garrison was intimately familiar with the processes for OTC's testing and his observations, which are akin to factual data, are essential to understand what the testing really showed. Therefore, the Court should permit the use of his MDL No. 2179 deposition testimony and deposition exhibits at trial.

Respectfully submitted,

*Donald E. Godwin* (signature)

Donald E. Godwin

DEG:IRS