# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig
    "Deepwater Horizon" in the Gulf
    of Mexico, on April 20, 2010

MDL NO. 2179

SECTION J

Applies to: *All Cases*

JUDGE BARBIER
MAGISTRATE JUDGE SHUSHAN

## ORDER

### [Working Group Conference on Friday, February 3, 2012]

**NOTES TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

## BOP & CAPPING STACK

All parties are to notify the Court by **Wednesday, February 15**, whether they object to the return of the capping stack and the contents of five remaining gator boxes to their owner(s). Anadarko reported it has no objection. BP reported that it will discuss with Transocean the ownership of the capping stack.

BP and Halliburton reported that there were no issues regarding the silicone castings of the blades in the rams of the capping stack.

## PHASE ONE

1.     **Fact Witness - Jesse Gagliano**.

    The deposition is set for **Tuesday, February 7**, and **Wednesday, February 8.**

2.     **Fact Witnesses - Reconvened U.S. Rule 30(b)(6) deposition**.

    On **Wednesday, February 8**, the Phase One Rule 30(b)(6) deposition of the U.S will

reconvene with Lt. Cmdr. Houck as the designee.

3.      **Fact Witness List**.

Halliburton removed **Gary Hurta** from the fact witness list.

Halliburton and Cameron agree that **Bill Ambrose** will not appear live at the trial.  He will be removed from the fact witness list.

Cameron reported on January 31 that **Richard Coronado** will be designated as a will call witness and he may be asked to provide expert opinion testimony.  There is no need for the parties to submit deposition designations for Coronado.

Cameron's request to add **William LeNormand** as it's may call fact witness was granted.

4.      **Fact Witnesses - Subpoenas**.

The PSC suggested entry of an order providing that all parties must agree before a witness is released from a subpoena thereby preventing all parties from having to serve the same witness. BP raised concerns about reliance upon the effectiveness of another's party's subpoena.  Each party shall report to the PSC the identity of the persons the party intends to subpoena.  If a party intends to release a witness who was served with a subpoena, it must notify all parties prior to reporting to the witness so that other parties have the opportunity to determine whether they want that witness to appear at trial.

If a party contends that the service of a subpoena is defective for any reason, it must notify the Court and all counsel with **seven (7) calendar days** of the purported service of the subpoena.

5.      **Fact Witnesses, Exhibit Lists and Record Custodians**.

BP reported that it would withdraw all authenticity objections to the PSC exhibits if the PSC withdraws its requests (subpoenas) for the custodians of business records.  On the business records

2

exception to the hearsay rule, BP awaits a ruling on the email strings which were submitted to the Court pursuant to Judge Barbier's order.  BP, Halliburton and Transocean were given until **Monday, February 6**, to submit responses to the PSC/U.S. arguments on the emails.  After the ruling, BP will meet and confer with the PSC in an effort to resolve the business records issue.

The parties may file an objection to the custodian subpoenas on the ground that a records custodian should not be called to establish an individual foundation for every document.

Although the exhibit list is nearly final, there will be additional exhibits as result of the remaining depositions (Gagliano, Crook, Ravi and Lt. Cmdr. Houck).

**6.      Expert Witness List.**

An order regarding the opinions of withdrawn experts or partial withdrawal of opinions was issued (Rec. doc. 5560).

There was no objection to the procedure for co-authored expert reports.  A designated author may testify for the co-authors at the trial as to the entire report.

**7.      Experts - Daubert Motions.**

Oppositions are due on **Tuesday, February 14.**  Replies are due on **Monday, February 20.** There is a ten-page limit on oppositions and a three-page limit on replies.  Halliburton withdrew its Daubert challenge to BP expert Morten Emilsen.

**8.      Experts - Dr. Kris Ravi.**

Dr. Ravi's deposition is set for **February 15 and 16** in New Orleans.

9.      <u>**Exhibits - Objections**</u>.

        A.      <u>Objections in deposition designations</u>.

Objections to exhibits used in deposition designations may be resolved during Judge Barbier's review of the depositions and may be resolved in conjunction with the preparation of findings and conclusions.  Some exhibits may be excluded.  Objections which Judge Barbier does not resolve means the exhibits will be admitted into evidence with the deposition excerpt.

        B.      <u>Objections to exhibits proffered at trial</u>.

The parties will keep track of the exhibits used during the trial and objections will be resolved during the trial.

        C.      <u>Exhibits which are not admitted</u>.

Exhibits which are not admitted during the live part of the trial and not designated in depositions will not be admitted into evidence.

10.     <u>**Exhibits**</u>.

By **Wednesday, February 8**, the parties shall deliver to inData their exhibits which are not deposition exhibits.  The parties shall circulate BP's proposal for the format of the exhibits to their tech representatives so the exhibits are in the same format.

11.     <u>**Motions *in Limine***</u>.

On January 26, Judge Barbier issued a ruling on the motions *in limine* regarding evidence of the Joint Investigation Report.  Rec. doc. 5448.  At the request of the parties, it was clarified relative to the DNV photographs and data.  Rec. doc. 5572.  Judge Barbier is working on the remaining motions *in limine*.

**Monday, February 6**, is the deadline for oppositions to motions *in limine* filed on January

23.  **Monday, February 13**, is the deadline for replies.  This does not apply to the briefing on Anadarko's motion regarding James Lang.

12.   <u>**Phase One Stipulations**</u>.

BP reported two new stipulations (nos. 183 and 184) and one corrected stipulation (no. 174).

13.   <u>**Demonstratives Aides**</u>.

**Wednesday, February 15**, is the deadline for the exchange of all demonstrative aides. **Wednesday, February 22**, is the deadline for objection to demonstrative aides.

14.   <u>**Ten Page Pre-Trial Statements**</u>.

The deadline for the parties to submit the ten page pre-trial statements is **Wednesday, February 8.**  These are to be emailed to Judge Barbier's chambers and are not to be filed in the record.

15.   <u>**Confidential Information at the Trial**</u>.

If there are any exhibits or deposition testimony which will cause serious competitive harm to a party or to a competitor of a party, the parties shall bring such to the attention of the undersigned by **Wednesday, February 8.**  The Court expects that these exhibits will be very few in number.

16.   <u>**Trial Planning**</u>.

The parties may communicate with Marie Firmin (marie_firmin@laed.uscourts.gov and 589-7621) and GSA Ken Livingston (kenneth.livingston@gsa.gov; (504) 589-6094, x-109) for access to their designated spaces.

By **Monday, February 6**, the parties shall provide the Court with a list of attorneys and witnesses who will be in regular attendance at the trial.

17.   **Court Reporters at the Trial.**

Ms. DiMarco reports that some of the parties are in communication with her regarding their requests for transcripts.

18.   **Information Technology at the Trial.**

The dry run is set for **Thursday and Friday, February 16 and 17, starting at 8:30 a.m.** This will be a full dry run with use of exhibits, parties' technical people, and coordination with court reporters.  At that time the parties will be able to arrange with the Court for printers, files and other items they will need in the courtroom during the trial.  Lawyers are not expected to participate in the dry run.

19.   **Opening Statements**

An allocation order has been issued.

20.   **Halliburton Computer.**

BP and Halliburton reported on the status of the forensic examination of the computer.

21.   **Deposition Designations, Exhibits and Expert Reports.**

It was agreed that the parties will proffer, through inData, a deposition with all designations by all parties, including all exhibits for the designations, but excluding all deposition summaries.[1]

inData will provide the deposition bundle in a digital form, for example a CD, that will be delivered to the Clerk for inclusion in the record.  This will include all deposition designations and exhibits for each witness.

---

[1]  Anadarko shall communicate to inData that it is necessary for the deposition summaries to be eliminated from the bundles.

There was discussion about the procedures at the marshaling conference on the first and subsequent Thursdays of the trial.  On the first Thursday, the plaintiffs will proffer the depositions of all the fact witnesses who will testify in their case-in-chief by deposition.  Accordingly, all deposition designations by all parties for those witnesses, including all exhibits for the designations, will be proffered at the close of the day on **Thursday, March 1**.  These will be proffered through inData as described above.  The proffer shall include the deposition designations and exhibits referred to in the designations to present to Judge Barbier's case manager with a hard copy of the list of depositions and exhibits.  This will remain in the custody of the Clerk as part of the record of the case.

It is anticipated that inData and the parties will be maintaining a daily record of the exhibits used with the live witnesses.  At each weekly marshaling conference, the parties and inData shall review inData's list, agree on any corrections and present a hard copy of the list to the case manager.  The exhibits will not be physically tendered to the case manager.  At the conclusion of Phase One, inData shall tender to the case manager a digital record of the exhibits used with the live witnesses which will go into the custody of the Clerk in the same manner as the copies of the deposition designations.

At each marshaling session, the plaintiffs (followed by the defendants) shall present, in digital form, the reports of the experts and the exhibits for each expert expected to testify during the next week.

At the conclusion of Phase One, consideration will be given to inData providing the case manager with a CD with all deposition designations and associated exhibits, the exhibits used with the live fact witnesses, the reports of experts and the exhibits used with the  experts.  If this can be

done, then the digital copies furnished during the trial will be returned by the Clerk.

22.    **Notice of Witnesses for Each Week**

At the end of each marshaling session, the presenting party shall notify all parties of the persons to be called during the next week in the order in which they will be called.

### B3 POST-EXPLOSION CLEAN-UP CLAIMS

At a prior conference it was reported that the responders and the PSC were to meet and confer on the issue of discovery responses by non-PSC attorneys for plaintiffs and the need for such discovery before the responders renew their preemption/immunity motions to dismiss.  Prior to the conference the parties reported an impasse.  This is passed until **February 10.**

### PHASE TWO

1.    **Stipulations**.

The parties report substantial progress on the stipulations.  There was a telephone conference on Monday, February 6, at 2:00 p.m. CST to work further on the remaining issues.

2.    **Rule 30(b)(6) for the U.S.**

BP and the U.S. reported that they are nearing agreement on the Rule 30(b)(6) for the U.S. including the spill response cost topic.  In lieu of the topic, there may be an interrogatory.

3.    **Rule 30(b)(6) for BP.**

The PSC presented argument on the "overlap" issue concerning Topic One of the BP Rule 30(b)(6).  The Court will rule on the issue.

4.    **Cudd Well Control**.

The PSC reported that while Cudd Well did not object to designating a witness, it did not want to incur expense given its limited participation in the source control issues.

5.      **Wild Well and Oceaneering**.

The PSC reported that Wild Well and Oceaneering had significant roles in source control. The PSC is working to resolve issues with those Rule 30(b)(6) notices.

6.      **Woods Hole**.

BP reported that there are some confidentiality issues regarding the relationship between Woods Hole and the U.S.  BP requested that such issues be resolved on a priority basis as a determination could be a template for the resolution of similar issues with other contractors for the U.S. on source control.

7.      **Designation of Representatives for Rule 30(b)(6) Notices**.

The parties were asked to begin identifying internally their representatives for the Rule 30(b)(6) notices.  At this time they are not required to share the identity of the representatives.

8.      **Scheduling Topics in Rule 30(b)(6) Notices for Depositions**.

Discussion of this issue will be on the **February 10** agenda**.**

## CONFERENCE SCHEDULE

| | |
|---|---|
| Friday, February 10, 2012 at 9:30 a.m. | WGC meeting - Phase One followed by Phase Two.[2] |
| Friday, February 17, 2012 at 9:30 a.m. | WGC meeting - Phase One followed by Phase Two. |
| Friday, February 24, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 2, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 9, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 16, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |

---

[2] Phase Two counsel need not appear in person but may also choose telephone participation as to all future conferences.

Friday, March 23, 2012 at 9:30 a.m.          WGC meeting - Phase Two.

Friday, March 30, 2012 at 9:30 a.m.          WGC meeting - Phase Two.

New Orleans, Louisiana, this 7th day of February, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**