UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J(1) |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Regarding Halliburton's Motion to Exclude Testimony, Documents, and Other Technologies and Other Evidence Regarding any Expert Opinion(s) of Fred Sabins or CSI Technologies, Inc. Regarding the Macondo Well (Rec. Doc. 5142)]

The limited issue before the Court on Halliburton's motion is whether the PSC or BP should be precluded from placing into evidence Appendix K to the Bly Report and testimony from Fred Sabins of CSI to provide foundation testimony for Appendix K because of the order disqualifying Sabins and striking his expert opinions (Rec. Doc. 4838) and the order permitting BP to designate a substitute cement expert (Rec. Doc. 5014). Appendix K is the laboratory analysis of cementing operations on the Deepwater Horizon prepared by the CSI investigation team headed by Fred Sabins and dated August 11, 2010. Rec. Doc. 5268 (Exhibit A).

Transocean and Halliburton submitted motions *in limine* to exclude the Bly report and other non-governmental reports. Rec. Docs. 4812 and 4894.[1] The issue of whether the Bly report, including appendices, are business records and admissible will be addressed on consideration of the Halliburton and Transocean motions.

The following dates are pertinent.

| | |
|---|---|
| 07-05-2006 | Viator began working for Halliburton. |
| 04-20-2010 | Macondo well blow out. |

---

[1] Halliburton contends that: (1) the Bly report and other reports contain inadmissible hearsay and are functionally equivalent to premature experts; and (2) they are not admissible as business records under Fed. R. Evid. 803(6). Rec. Doc. 4894.

| | |
|---|---|
| Prior to 08-11-2010 | Sabins was hired to prepare the laboratory analysis. |
| 08-11-2010 | Date of Appendix K - the laboratory analysis. |
| 03-12-2011 | Viator left the employ of Halliburton. |
| 04-14-2011 | Viator hired by Sabins to work for CSI. |
| 10-17-2011 | Sabins submitted an expert report on behalf of BP. |
| 11-07-2011 | Sabins submitted a second report on behalf of BP. |
| 01-20-2012 | BP identified Sabins as a will call <u>fact</u> witness. |

For the reasons presented by the PSC and BP (Rec. Docs. 5250 and 5268), the order disqualifying Sabins and striking his expert opinions and the order permitting BP to designate a substitute expert do not preclude either BP or the PSC from placing the Bly report into evidence and calling Sabins as a <u>fact</u> witness to provide foundation testimony for Appendix K.  Any other result would unfairly penalize the PSC and BP for Sabins's decision to hire Viator and his failure to exclude Viator from all involvement in this matter.  To the extent the orders disqualifying Sabins and permitting BP to designate a substitute expert conflict with this result, they are modified.

The order shall be not interpreted as a ruling that the Bly report or Appendix K are business records.

**IT IS ORDERED** that Halliburton's motion to exclude testimony, documents, and other evidence reflecting any expert opinion(s) of Fred Sabins or CSI Technologies, Inc. regarding the Macondo well (Rec. Doc. 5142) is **DENIED** as provided herein.

New Orleans, Louisiana, this 7th day of February, 2012.

_____
**CARL J. BARBIER**
**United States District Judge**

2