**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re: Oil Spill by the Oil Rig        **MDL NO. 2179**
       **"Deepwater Horizon" in the Gulf**
       **of Mexico, on April 20, 2010**      **SECTION J**

Applies to: *All Cases*              **JUDGE BARBIER**
                              **MAGISTRATE JUDGE SHUSHAN**

## REPORT AND RECOMMENDATION

**[Regarding the Plaintiffs' Joint Motion *in Limine* to Admit into Evidence
Representative Email Communication Exhibits (Rec. doc. 5559)]**

On January 11, 2012, District Judge Barbier issued an order and reasons for a motion *in limine* regarding email strings. Rec. doc. 5143. Based upon the guidance provided in the order, the parties were to confer in good faith to stipulate regarding the admissibility of emails and email strings. If they could not agree, briefs were to be submitted. Recommendations would be made on their admissibility. Id. at 12. The parties complied with the January 11 order. They request rulings on seven exhibits, which they will apply to other email exhibits.

The PSC and the U.S. submitted a joint motion to admit representative email communication exhibits. Rec. doc. 5559. Transocean, BP and Halliburton submitted letter briefs. Rec. docs. 5536, 5555 and 5561. At the request of the Court, Halliburton and BP submitted supplemental letter briefs. Rec. docs. 5605 and 5604.

## I.   EXHIBIT 151.

The PSC seeks to admit Exhibit 151. HESI objects. First is a July 10, 2010 email from a BP lawyer, James Lucari, to several BP employees. The PSC and HESI agree that the cover email contains no relevant statements, but merely provides chronological context. The attachment is dated so the email is not necessary.

Attached to the email are notes of an interview on June 24, 2010 with David Sims, the BP GOM wells operation manager. Also present at the interview were Sims' personal attorney, two members of the BP Incident Investigation Team ("IIT") and Lucari. The PSC contends that the interview notes are admissible, pursuant to Fed. R. Evid. 803(6) as a record of regularly conducted activity and in the alternative, pursuant to Fed. R. Evid. 801(d)(2)(D) as an admission by a party-opponent.

On October 17, 2010, the PSC submitted letter briefs to the Court to address the admissibility of documents identified on the list of 300. One of the letters concerned "Alleged Daubert/702 Issues within Defendants' Business Records; Bly Interview Notes; and other Misc. Business Records." Rec. doc. 4360-6. The letter brief addressed the admissibility of various notes, transcripts and other statements that were obtained over the course of the Bly investigation. Id. at 1. The issue became number five on the schedule for BP motions *in limine* and responses to PSC issues. Rec. doc. 4572. By December 1, 2010 it was briefed. For example, BP contends that some of the IIT interview notes, including Exhibit 151, contain three layers of hearsay and are inadmissible. Rec. doc. 4552 at 5. The PSC's October 17 letter regarding the Bly Interview Notes, including the notes of the David Sims interview, is pending before District Judge Barbier. The admissibility of the David Sims interview notes will not be resolved pursuant to the January 11, 2012 order requiring the Court to make recommendations to Judge Barbier regarding admissibility of emails.

<u>Recommendation for Exhibit 151</u>

It is recommended that HESI's objection to Exhibit 151 for purpose of compliance with the January 11, 2012 order is overruled without prejudice to the right of HESI and others to object to the admissibility of Exhibit 151 and other similar documents in response to the PSC's October 17

letter concerning alleged <u>Daubert</u>/702 issues.

## II.    <u>EXHIBIT 1057</u>.

The PSC seeks to admit TREX-01057 to which HESI objects. On February 13, 2010 at 11:41 a.m., Brian Morel, a BP drilling engineer, sent an email reporting on the current operations on Macondo to Robert Bodek, a BP operations geologist. On that same day at 5:53 p.m., Bodek sent Morel a message from an iPhone which reads "[t]hanks for the shitty cement job, Trent." There is evidence that the February 13, 2010 operation refers to a procedure to repair an unsatisfactory cement job.

The PSC contends that the comment about the cement job is admissible as a business record. HESI argues that the email contains a tasteless joke. At his deposition Bodek testified that: (1) he was kidding; (2) he and Morel are friends; (3) he was not sure it was a cement job; and (4) there are several ways to get a poor leak-off test, including a poor cement job. HESI urges that: (1) the email was an isolated event; (2) it was sent for personal amusement; and (3) it was not created in the course of a regularly conducted activity.

These arguments pertain to the third element - the requisite regularity. To satisfy this element, it must be demonstrated that BP had a policy or imposed a business duty on its employee to report or record the information within the email. Rec. doc. 5143 at 6-7. Such a policy or business duty has not been demonstrated. It must be demonstrated that the email at issue was not sent or received casually, nor was its creation a mere isolated incident. <u>Id</u>. at 11. The email demonstrates that it was sent casually. It clearly was a substitute for a telephone call.

> [M]any emails (including many of the informal conversations carried on in the email strings at issue) are essentially substitutes for telephone calls. Telephone calls are routinely made but are not admissible as 'business records' because—among other reasons—their individual content does not demonstrate the requisite regularity.

Rec. doc. 5143 at 8. The requisite regularity has not been demonstrated.

The PSC also contends that the email is a party admission under Fed. R. Evid. 801(d)(2)(D).

The January 11 order and reasons state:

> [A]lthough the PSC argues that emails composed by employees of producing defendants are admissions under Rule 801(d)(2)(D), this hearsay exception also requires a case-by-case analysis of such emails. The rule treats as non-hearsay a statement offered against a party and that was made by the party's employee on a "on a matter within the scope of that [employment] relationship and while it existed." FED. R. EVID. 801(d)(2)(D). The mere fact that a producing defendant's employee sent an email while at work from a work computer to a co-employee does not mean that the email was composed or received concerning a matter within the scope of an employee's employment. This "course and scope" inquiry requires a case-by-case analysis to determine whether a particular party employee's statement can be properly admitted as non-hearsay against the party. Therefore, there is no broad rule that all the emails at issue are admissible as party admissions.

Rec. doc. 5143 at 8. The PSC contends that the statement is admissible if: (1) it was made during the course of the agency relationship; and (2) it concerns a matter within the scope of that relationship. For the reasons presented by HESI, including the casual nature of the email, the PSC has not demonstrated that it was sent within the course and scope of Bodek's employment. The email is not admissible as an admission by a party opponent under Rule 801(d)(2)(D).

The PSC argues that, pursuant to Fed. R. Evid. 801(c), the statement is admissible as contemporaneous evidence of Bodek's opinion of the cement job. It contends that it is not offered for the truth of the matter asserted. For the reasons presented by HESI, it is not admissible under Rule 801(c).

<u>Recommendation for Exhibit 1057</u>

It is recommended that HESI's objection to Exhibit 1057 be sustained.

### III.  __EXHIBIT 1917__.

The PSC seeks to admit TREX-01917.  BP objects.  Exhibit 1917 is an email string between Todd Durkee, Anadarko's vice president of operation and development in the GOM, and Darrell Hollek, Anadarko's asset manager for the GOM.  On November 14, 2009 at 8:28 a.m., Durkee emailed Hollek and others concerning a report of light damage from Tropical Storm Ida to the Transocean Marianas, a deepwater rig, which was under contract to BP.  On November 20, 2009, at 1:55 p.m., Durkee emailed Hollek and others with a report ("I talked to Transocean today and they said. . .") on damage to the rig.  On that same day at 2:12 p.m., Hollek emailed Durkee and others including Alan O'Donnell.  Hollek expressed his concern about damage to the rig, the cost to BP and its partners, and the year in which the capital charge would be incurred.  Durkee expressed disappointment that the information was not disclosed by BP to Anadarko.  On that same day, O'Donnell replied, "[b]ummer.  I'm amazed that they did not tell us about this."

There are four emails in the string.  The first is merely the transmittal of a news report concerning the damage to the rig from the storm.  For the reasons presented by BP, it is hearsay, and it is not admissible.

The second and third emails are between Hollek and Durkee on November 20.  They present the problem of double hearsay.  The January 11 order and reasons stated:

> Although the "outer hearsay" of the email at issue may be admissible under the business records exception, the "inner hearsay" of information provided by an outsider to the business preparing the record must likewise fall under a hearsay exception—the business records exception or some other exception—to be admissible.

Rec. doc. 5143 at 9.  BP contends that the Durkee's report of a communication with Transocean on November 20 regarding damage to the rig is inner hearsay and must be excluded.  It is clearly

hearsay. It cannot be a party admission, because the PSC cannot demonstrate that it was made by a Transocean employee on a matter within the scope of that employment relationship. The exclusion of the inner hearsay excludes the entirety of the content of the email from Hollek to Durkee for all purposes.

As to the outer hearsay (Hollek's reply), BP argues that: (1) the PSC has not demonstrated that Anadarko imposed a business duty on Hollek to make and maintain such record; (2) the PSC has not established that Anadarko had a policy to use email to make certain types of communications; (3) the email was sent casually; and (4) Hollek and O'Donnell lacked personal information as required for a business record.

It is clear from the emails that Anadarko imposed a business duty to make and maintain such a record. This is demonstrated by Hollek's response to the report. He describes it as important information, emphasizes the need to understand its impact, and asks two others for assistance.

The issue of knowledge goes to the second element:

Second, the email must have been sent by someone with knowledge of the event(s) documented in the email. This requires a particularized inquiry as to whether the declarant—the composer of the email—possessed personal knowledge of the information in the email.

Rec. doc. 5143 at 6 (footnote omitted). Neither Durkee nor Hollek had personal knowledge of the information in the email. The email is excluded as hearsay.

The PSC argues that the Hollek statements are admissions under Fed. R. Evid. 801(d)(2)(D). BP agrees that it is an admission by a party-opponent. The statements are admissible against Anadarko but not BP.

The O'Donnell email was sent casually and was a substitute for a telephone call. It lacks the requisite regularity for the business records exception. It is inadmissible.

<u>Proposed Ruling for Exhibit 1917</u>

BP's objections to Exhibit 1917 based on hearsay is sustained. The November 20, 2010 Hollek statements are admissible against Anadarko (and no other party) as an admission under Fed. R. Evid. 801(d)(2)(D).

## IV.    **EXHIBIT 2731**.

The PSC seeks to admit Exhibit 2731. HESI objects. The exhibit is an email dated May 7, 2010 from Kent Corser, a drilling engineer manager for BP, to Fred Sabins and Larry Watters of CSI. The email inquires about their modeling work and their knowledge on cement migrating through mud. There is a statement about what BP had in the well followed by a question concerning the view of Sabins and Watters on the cement swapping with mud.

HESI argues that it should be excluded as a document reflecting any expert opinions of Fred Sabins. It moved to exclude such information. Rec. doc. 5142. The motion was denied as to Appendix K of the Bly report and foundation testimony from Sabins for Appendix K. Rec. doc. 5612. More importantly, the email does not contain any opinion by Sabins or CSI. Instead, it poses a question to Sabins and Watters.

HESI argues that it should be excluded under its motion to exclude non-governmental reports and in response to the PSC's October 17, 2011 letter brief regarding alleged <u>Daubert</u>/702 issues. Rec. doc. 4894. For the reasons stated for Exhibit 151, HESI's objection on this basis is overruled without prejudice to the right of HESI to object to the admissibility of Exhibit 151 and other similar documents in response to the PSC's October 17 letter brief.

The PSC argues that the email is an admission by a party opponent. The only "admission" is the information concerning the well (e.g., "[o]n this well we had a 16.7 ppg tail."). The statements

concerning the well are admissible against BP (and no other party) as an admission under Fed. R. Evid. 801(d)(2)(D).

Proposed Ruling for Exhibit 2731

HESI's objection to Exhibit 2731 for purpose of compliance with the January 11, 2012 order is overruled without prejudice to the right of HESI and others to object to the admissibility of Exhibit 2731 and other similar documents in response to the PSC's October 17 letter brief concerning alleged _Daubert_/702 issues. The statements concerning the well are admissible against BP (and no other party) as an admission under Fed. R. Evid. 801(d)(2)(D).

## V.     **EXHIBIT 2964.**

The PSC seeks to admit TREX-02964. HESI objects. Exhibit 2964 contains two emails. The first is dated May 24, 2010 at 9:17 a.m. It is from Warren Winters of BP to David Brown of CSI. It requests an opportunity to review a draft of the CSI report and to meet with CSI. The second is dated the same day at 8:37 p.m. It is from Brown to Winters. It notes that the draft is presented for review. It demonstrates BP's involvement in the report, for example raising questions to be answered by CSI and approving proposals for aspects of the report. It includes a request for information from BP.

HESI argues that Exhibit 2964 should be excluded because: (1) Sabins and CSI were disqualified as experts; (2) the emails are not BP business records as they were not prepared in the regular course of business but in anticipation of litigation; and (3) they are not CSI business records because CSI employees cannot testify.

The PSC contends that Exhibit 2964 is not inadmissible hearsay because it is not offered for

the proof of the matter asserted. It cites <u>U.S. v. Parry</u>, 649 F.2d 292 (5th Cir. 1981),[1] contending that

Exhibit 2964 is not offered to prove any of the assertions contained in it, for example that Winters

was available for a meeting; instead it is proffered to "illustrate the nature and extent of BP's role

in, and influence over CSI's testing and reporting process." Rec. doc. 5559 (Memorandum at 19).[2]

---

[1] Parry appealed a narcotics conviction and argued that the testimony of his mother was improperly excluded from the trial. Parry did not deny participating in the narcotics transactions, but instead argued that he entered into the transactions upon the good faith belief that he was working for the undercover agents to assist them in locating drug dealers. He testified as to a conversation with his mother a couple of months before his arrest where he told her that he was working with a narcotics agent. Outside the presence of the jury, his mother testified that she asked him about a person, who Parry identified as an undercover agent. The district court excluded Parry's mother's testimony as hearsay.

The Fifth Circuit stated:

> Implicit in both the definition and justification for the [hearsay] rule, however, is the recognition that whenever an out-of-court statement is offered for some purpose other than to prove the truth of the matter asserted, the value of the statement does not rest upon the declarant's credibility and, therefore, is not subject to attack as hearsay.

> Parry contends, and we agree, that in this case the excluded testimony was not offered to evidence the truth of the matter asserted in the out-of-court statement. Parry's mother sought to testify that her son had stated that the person who had been telephoning her home was a narcotics agent and that he, Parry, was working with the agent. As Parry explained to the district court, this statement was not offered to prove that the caller was a narcotics agent or that Parry was working with the agent, but to establish that Parry had knowledge of the agent's identity when he spoke. In other words, Parry offered the statement as the basis for a circumstantial inference by the jury that, if this statement was in fact made a question which the in-court witness could testify to while under oath, before the jury, and subject to cross-examination then Parry probably knew of the agent's identity. Using an out-of-court utterance as circumstantial evidence of the declarant's knowledge of the existence of some fact, rather than as testimonial evidence of the truth of the matter asserted, does not offend the hearsay rule.

<u>Id</u>. at 295.

[2] In <u>Parry</u>, the Fifth Circuit held that using an out-of-court utterance (Parry's statement to his mother as to the identity of the person on the phone) as circumstantial evidence of the declarant's knowledge of the existence of some fact (Parry's knowledge that the person on the phone was an undercover agent), rather than as testimonial evidence of the truth of the matter asserted (the person on the phone was in fact an undercover agent), does not offend

The PSC is using the email as testimonial evidence of the truth of the matter asserted in the email. It intends for the finder-of-fact to conclude from this email that BP had a significant, if not determinative role, over CSI's testing and report. The email is subject to attack as hearsay. Exhibit 2694 must be excluded.[3]

Recommendation for Exhibit 2964

It is recommended that HESI's objection to Exhibit 2964 be sustained.

## VI. **EXHIBIT 3112.**

The PSC seeks to admit TREX-03112. BP and Transocean object. Exhibit 3112 is a single email from Ryan Haire at Halliburton to Vincent Tabler of Halliburton, dated June 10, 2010. It states:

> I read some report that stated that the two negative tests we did were considered successful? I stated that I found them to unsuccessful and I was checking to see if maybe you knew why Transocean and BP were calling them successful?

TREX-03112.

Transocean and BP contend that the email is inadmissible hearsay. The email contains two levels of hearsay. The inner hearsay is a description of "some report." The PSC has not established that the inner hearsay is a business record. Indeed, the PSC does not contend that it is subject to the business record exception. As to the outer hearsay (Haire's statement), BP contends that it is not a business record because the PSC has not satisfied its burden of proving that: (1) Halliburton imposed a business duty on Haire to read and interpret unidentified reports about the blowout; (2) it had a policy of using email to send communications concerning unidentified reports; and (3) Haire

---

the hearsay rule.

[3] The email string may be admissible as a business record of BP and/or CSI.

had personal knowledge of the information in the email.[4] There is no evidence that Haire possessed personal knowledge that BP and Transocean called the two negative pressure tests successful.

BP also contends that it fails the requisite regularity test because it is an informal conversation which is a substitute for a telephone call. The email does not demonstrate the requisite regularity.

The PSC does not contend that it is a business record, nor does it contend that, pursuant to Rule 801(d)(2)(D), it is an admission by a party opponent – Halliburton. Instead it argues that, pursuant to Fed. R. Evid. 804(b)(3),[5] it is admissible as a statement against interest by Haire. Haire invoked the Fifth Amendment at his deposition. Rule 804 applies when the declarant is unavailable. For example, it applies when a declarant is exempted from testifying about the subject matter of the declarant's statement because a privilege applies.

---

[4]     This last element goes to the second element for the business record exception.

> Second, the email must have been sent by someone with knowledge of the event(s) documented in the email. This requires a particularized inquiry as to whether the declarant—the composer of the email—possessed personal knowledge of the information in the email.

Rec. doc. 5143 at 6 (footnote omitted).

[5]     Rule 804(b)(3) provides:

A statement that;

> (A) a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and

> (B) is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

The PSC contends that the statement that Haire found the two negative pressure tests to be unsuccessful is contrary to his pecuniary interest. BP contends that it is not a statement against interest as it is not "almost a direct, outright statement that the person was legally at fault." United States v. Martino, 648 F.2d 367, 391 (5th Cir. 1981). For the reasons presented by BP, it is not admissible as a statement against interest by Haire.

Recommendation on Exhibit 3112

It is recommended that BP's objection to Exhibit 3112 be sustained.

**VII.  EXHIBIT 6228**.

The PSC seeks to admit TREX-06228. BP objects. Exhibit 6228 is a transcript of instant messages exchanged between BP employees from June 21, 2010 through March 13, 2011. The PSC contends that they are admissible under Rule 801(d)(2)(D) because the BP employees had responsibilities for operations on the Macondo well. The PSC argues that because of those responsibilities the messages concern a matter with the scope of their agency or employment. BP cites the example of comments by Chambers and Kellingray regarding the MBI hearing. It argues that there is no proof that it was within the scope of their agency or employment to: (1) review and analyze MBI hearings; and/or (2) comment on the performance of BP witnesses at the hearings.

Recommendation on Exhibit 6228

For the reasons presented by BP, it is recommended that its objection to Exhibit 6228 be sustained.

**RECOMMENDATION**

Accordingly, IT IS RECOMMENDED that: (1) the plaintiffs' joint motion to admit evidence representative e-mail communication exhibits (Rec. doc. 5559) be GRANTED in PART and

DENIED in PART as provided herein; and (2)

a. HESI's objection to Exhibit 151 for purpose of compliance with the January 11, 2012 order be overruled without prejudice to the right of HESI and others to object to the admissibility of Exhibit 151 and other similar documents in response to the PSC's October 17 letter concerning alleged <u>Daubert</u>/702 issues.

b. HESI's objection to Exhibit 1057 be sustained.

c. BP's objections to Exhibit 1917 based on hearsay be sustained, and the November 20, 2010 Hollek statements be admitted against Anadarko (and no other party) as an admission under Fed. R. Evid. 801(d)(2)(D).

d. HESI's objection to Exhibit 2731 for purposes of compliance with the January 11, 2012 order be overruled without prejudice to the right of HESI and others to object to the admissibility of Exhibit 2731 and other similar documents in response to the PSC's October 17 letter brief concerning alleged <u>Daubert</u>/702 issues; and the statements concerning the well be admitted as against BP (and no other party) as an admission under Fed. R. Evid. 801(d)(2)(D).

e. HESI's objection to Exhibit 2964 be sustained.

f. BP's objection to Exhibit 3112 be sustained.

g. BP's objection to Exhibit 6228 be sustained.

**<u>OBJECTIONS</u>**

The deadline for objecting to this report and recommendation is **4:00 p.m. on Thursday,**

**February 9, 2012**.  All objections and replies are limited to 2 page letter briefs.

New Orleans, Louisiana, this 8th day of February, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**