UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 * * * * | MDL NO. 2179<br><br>SECTION: J<br>JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO ALL ACTIONS * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF
BP'S OBJECTIONS TO AND APPEAL FROM
MAGISTRATE JUDGE'S ORDER REGARDING
<u>BP'S MOTION TO COMPEL LIVE TRIAL ATTENDANCE OF STEVEN NEWMAN</u>
[REC. DOC. 5557]**

On January 25, 2012, BP Exploration & Production Inc. ("BP") filed a motion to assert that the President and CEO of Transocean should appear live at trial. BP's motion contended that Steven Newman was subject to subpoena "as an officer of a party" pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure (Record Doc. No. 5409). This rule permits a trial subpoena to be served on a "party" or a "party's officer." Mr. Newman is an officer of Transocean Ltd., an entity named as a party in the Plaintiffs' Master Answer and Master Complaint/Complaint in Admiralty (Record Doc. No. 897). Transocean contended, and Judge Shushan agreed, that Transocean Ltd. "is not a party for purposes of application of Rule 45." *See*

Order, Record Doc. No. 5557.[1]  The Court appears to have determined that Transocean Ltd., although named as a party by the Plaintiffs (and named a party by BP and other Rule 14(c) defendants via cross-claim), is not one of the four Transocean subsidiaries of Transocean Ltd. who filed this Limitation Action as Plaintiffs-in-Limitation.  The Court, therefore, effectively determined that Rule 45's effect is limited to the parties who voluntarily filed the Limitation Action but does not apply to the corporate Transocean entity whom others chose to implead into the litigation.  BP respectfully submits that this ruling is clearly erroneous and contrary to law within the meaning of Rule 72 of the Federal Rules of Civil Procedure.

Rule 45(c)(3) permits a trial subpoena to be served on a "party" or a "party's officer."  The Court has nationwide subpoena power to compel the appearance of parties and corporate officers.  *See In Re Vioxx Products Liability Litigation*, 438 F.Supp. 2d 664 (E.D. La.) 2006).  Review of Record Doc. Nos. 879 and 2074 proves that Transocean Ltd. **is** a party to this action.  Accordingly, Mr. Newman, who has been deposed in this action, should be compelled to testify live at trial since he is subject to a Rule 45 subpoena.  BP believes that it will be worthwhile for the trier of fact to hear the following testimony from the President and CEO of Tranoscean:

- Transocean is the largest, most sophisticated, and most experienced offshore driller for technically-demanding environments, including those situations in which the pore pressure-fracture gradient is routinely narrow;

- Mr. Newman personally reviewed and signed the corporate Health and Safety Policy Statement effective as of December 15, 2009 (Ex. 1449);

- Transocean had primary responsibility for the safety of all of its operations, and its practice was to have Transocean's HSE policies govern on its drilling rigs;

- The Transocean Driller's key responsibilities include constant monitoring of the well for signs of a kick, and this responsibility is not contingent on the type or quality of the

---

[1]  Attached as Exhibit A.

cement poured, the choice by the customer of the type of casing to be employed, or the number of centralizers chosen;

- The Driller is supposed to divert well fluids overboard if an influx gets into the riser, not divert to the mud-gas separator;

- Mr. Newman received daily incident reports from Transocean's fleet of 140 vessels around the world; notably, he quizzed his Gulf of Mexico management about a Driller on NAUTILUS for failing to pay attention on the drill floor for more than an hour (Ex. 5645);

- Mr. Newman received kick statistics and will testify that "kicks are not uncommon." Transocean expects its Drillers to catch and control kicks so they do not expand beyond 20 barrels in volume;

- During 2005 – 2009, Transocean rigs working on behalf of BP sustained <u>no</u> kick greater than 20 barrels; Shell, Chevron, and Anadarko were Transocean customers whose rigs sustained kicks greater than 20 barrels.

These and other key points BP will prove through Mr. Newman are best made via live testimony. Live testimony on critical subjects from Mr. Newman will be key evidence showing the relative roles of the well operator and the drilling contractor, the primary role Transocean possessed for safety of the Transocean rig and the personnel aboard, and Transocean's Driller's key responsibilities for well monitoring, kick detection, and well control.

Transocean made two points against this motion: 1) Although Transocean Ltd. is the 100% owner of the four parties who actually filed this Limitation Action, the parties have stipulated to defer "corporate veil" testimony with regard to the parent holding company (Transocean Ltd.); and 2) BP made its request for Mr. Newman too late in the proceeding. Judge Shushan's Order found that BP's request was timely; however, the Court ruled Transocean is not a party for Rule 45 purposes. As BP advised Judge Shushan, however, the stipulation[2] by its terms bars only "further discovery and briefing on the issue of personal jurisdiction with respect to Transocean

---

[2] Attached as Exhibit B.

Ltd" (Record Doc No. 2274). BP does not seek Mr. Newman's appearance at trial to prove personal jurisdiction over Transocean Ltd. BP seeks only substantive, merit-based testimony outlined above. BP's Rule 45 subpoena request in no way undermines the stipulation. In fact, the opposite is true. The stipulation allows counsel to accept service of process without prejudice to any personal jurisdiction defense.

Accordingly, BP respectfully submits that Judge Shushan's Order is clearly erroneous and should be reversed. Mr. Newman should be compelled to provide live testimony at the upcoming trial.

Dated: February 8, 2012               Respectfully submitted,

                                      /s/ Don K. Haycraft
Robert C. "Mike" Brock                Don K. Haycraft (Bar #14361)
Covington & Burling LLP               R. Keith Jarrett (Bar #16984)
1201 Pennsylvania Avenue, NW          Liskow & Lewis
Washington, DC 20004-2401             701 Poydras Street, Suite 5000
Telephone: 202-662-5985               New Orleans, Louisiana 70139-5099
Facsimile: 202-662-6291               Telephone: 504-581-7979
                                      Facsimile: 504-556-4108

Robert R. Gasaway                     Richard C. Godfrey, P.C.
Jeffrey Bossert Clark                 J. Andrew Langan, P.C.
Aditya Bamzai                         Kirkland & Ellis LLP
Kirkland & Ellis LLP                  300 North LaSalle Street
655 Fifteenth Street, NW              Chicago, IL 60654
Washington, DC 20005                  Telephone: 312-862-2000
Telephone: 202-879-5000               Facsimile: 312-862-2200
Facsimile: 202-879-5200

*Attorneys for BP Exploration & Production Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 8th day of February, 2012.

                                                  /s/ Don K. Haycraft
                                                  Don K. Haycraft