# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

February 2, 2012

**Via E-Mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
500 Poydras Street, Room B-345
New Orleans, LA  70130

    Re:    Response to the PSC's Letter Regarding The Court's January 30, 2012
            Working Group Order On Confidentiality

Dear Magistrate Judge Shushan:

On January 30, 2012, this Court issued a comprehensive Working Group Order on confidentiality. (Rec. Doc. 5476) The order is clear on three key points:

- **Public Trial.**  The Limitation and Liability Trial will be public.

- **Timing.** Evidence will be made public <u>as it is introduced in the trial</u>, just as in every other trial.  (1/30 Working Group Order at 7-8); (*See also* 1/31 Order Re Non-Factual Witness Testimony at 2) ("Court will review objections to admissibility as the depositions are read in conjunction with the trial").

- **Scope.**  Evidence will be become public <u>only if it is used during the trial</u> - i.e., not all of the 20,000 trial exhibits and hundreds of depositions will become public. (1/30 Working Group Order at 7-8) (Phase I exhibits become public "if they are used during the trial," and depositions become public if "proffered at the trial"). Indeed, logically, a document is too tangential to be included among the voluminous evidence that will come in at trial, it does not become public as part of the trial.

The same day that the Court issued its Order, the PSC filed a motion that asked for a set of different rules - *i.e.*, that all potential trial exhibits and potential depositions would be made public before the trial, regardless of whether they will actually be used in the trial.  The PSC later explained that, when it filed its January 30 confidentiality motion, it had not yet reviewed the Court's January 30 Order.

Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 2, 2012
Page 2

   Today, the PSC filed a letter addressing "Treatment of Trial Evidence and Related Court Filings." Although not labeled as such, the PSC's filing is, as a practical matter, a Motion for Reconsideration of the Court's January 30 order. The PSC argues that: (1) a huge volume of deposition exhibits, trial exhibits, and other documents should be made public before trial, in connection with a pre-trial hearing it suggests should proceed on February 13, 2012; and (2) the universe of materials to be made public on February 13 should include all documents on the parties' trial exhibit lists and all depositions, regardless of whether they will actually be used at trial.

   BP respectfully submits that, with 25 days left until trial, the parties and the Court have more pressing matters than to revisit issues on which the Court has already offered clear guidance. However, because the PSC evidently does not agree with BP's January 31 suggestion that Your Honor's January 30 Order moots these issues, BP responds to them below.

**Trying Tangential Issues in the Media**

   This letter is not about "trying the case in the media." As we have said several times before, BP understands that the trial will be public. This letter is instead about "trying tangential issues in the media" -- *e.g.*, the potential for leaks regarding documents and testimony that are too tangential to the issues being tried in Phase One to come into evidence in the normal fashion during trial, but that nonetheless would inevitably be the subject of media coverage if the PSC's proposal were adopted.

   The record in these cases already contains several instances where sensational media followed shortly after documents were intentionally or inadvertently "de-designated."

- The day that BP agreed to dedesignate the April 22, 2010 Phase II e-mail, there were numerous stories about it in the media. BP does not know how the unsealed information was disseminated.

- The media published private e-mails between Brian Morel and his wife shortly after they were de-designated. BP does not know who provided the e-mails to the media.

- Tony Hayward's deposition video was published on YouTube after a party admittedly provided the video to a media outlet despite a court order barring such videos from being disseminated.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 2, 2012
Page 3

- Details of a former BP employee's compensation that were marked highly confidential at a deposition (with the agreement of all counsel) were likewise the subject of widespread media coverage after a party publicly filed a motion with highly confidential information unsealed.

To be clear, BP is not accusing anyone of wrongdoing. Unfortunately, the fact is that if tens of thousands of documents and depositions that are not important enough to be used in the ordinary course in the Phase I trial are de-designated on February 13, or indeed at any other time, it is inevitable they will give rise to media coverage of tangential issues. If there is going to be media coverage, it should be of the documents and depositions that are important enough to be introduced at trial, in the same way and at the same time that evidence is introduced at every trial.

**Trial Exhibits.**
**Only A Fraction of the Parties' 20,000 Trial Exhibits Will Be Introduced At Trial.**

The parties have designated over 20,000 trial exhibits. As in the case of any large trial, it is no stretch to suggest that the vast majority of these exhibits will not come into evidence. As the Court observed at the last hearing:

> The list of exhibits covers almost 1,500 pages. It's 1,472 PDF pages. So, really, what do you think, how long would it take to just admit those into evidence: Your Honor, I offer and introduce into evidence Exhibit 1. And I'm not counting having a witness testify to lay the foundation for admission of 21,000 exhibits.

(1/27/12 Hearing at 53)

Tens of thousands of pages of trial exhibits will come into evidence at trial. But countless other pages of trial exhibits will not come into evidence. If trial exhibits are not important enough to be introduced during the trial, there is no reason why those tangential exhibits should become part of a public "document dump" on February 13.

Moreover, it is clear from the Court's January 30 Order that, as at any other trial, even the small fraction of documents from the trial exhibit lists that are actually introduced into evidence will be introduced during the trial, not as part of a separate hearing. (1/30 Working Group Order at 7-8) (Phase I exhibits become public "if they are used <u>during</u> the trial") (emphasis added).

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
February 2, 2012
Page 4

**Expert Reports**

      Expert reports should be treated the same as other trial exhibits. That is, to the extent they are permitted by the Court to be used at trial (such as direct examination of expert witnesses), they will become public during trial. BP notes that several expert reports will need to be amended before use at trial to account for the Court's rulings on motions in limine (such as ruling inadmissible any reliance on the MBI report).

**Depositions.**
**Not All Depositions Will Be Introduced At Trial. And It Is Clear From Judge Barbier's Recent Orders That They Will Be Introduced *During* The Trial.**

      The parties have designated testimony from over two hundred depositions, constituting tens of thousands of pages. Not all will be introduced at trial.

      At the October 21 hearing, Judge Shushan noted that Judge Barbier was surprised at the number of depositions from which the parties had designated, and was further concerned about duplicative testimony. (10/21 Hearing at 29) In response, the PSC noted that, while it was important to get deposition designations "in the hopper" before trial, at trial the PSC would only be designating from at most 50 depositions, with perhaps a few extras:

> Yes, Your Honor. I think that we've stated before, I think in response to an e-mail from either you or Mike, that what we had actually intended to do was to offer only probably about 50, at the most, in our case in chief, and then maybe 20 or 30 that would be very short -- well, I don't know what the counter-designations will be, but, from our point of view, very short designations where we're really just pointing to one or two specific facts or trying to get in one or two specific exhibits.
>
> For the process purpose, though -- and this relates to the -- I don't want to call it the dispute, but the conversation we're having with Cameron, just to make the process flow better, what we had intended to do, are doing and continue to intend to do, unless somebody tells us not to, is to go ahead and do our designations on all of them and get them out the door, and then they'll be in the hopper for whatever counter-designations other people want to make. They'll be ready if the defendants want to submit them with their cases in chief and/or if, perhaps, they

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 2, 2012
Page 5

>    might want to be used by us in rebuttal.  (10/21 Hearing at 29-30 -- remarks of Mr. Herman); *see also id.* at 31 (adding that there may be "a few extras").

As recently as January 30, the PSC stated that "we would likely submit 50-80 depositions with fairly substantial designations, and several other depositions with limited designations." Given Judge Barbier's concerns about volume and cumulativeness of deposition designation (as relayed by Your Honor), it is not clear that this approach will satisfy the Court.  But even assuming that the PSC is permitted to submit excerpts from 50-80 depositions, that leaves approximately 150 or more fact depositions that would not be submitted as part of the PSC's case.

The PSC has stated that "presumably" designations from the remaining 150 or more depositions would be submitted by the other parties as part of their cases-in-chief.  That presumption may well prove to be inaccurate.   While BP plans to offer depositions, it is extremely unusual -- if not unheard of -- for virtually every fact deposition to be submitted into evidence as the PSC contemplates here, particularly in cases involving hundreds of depositions. The PSC's speculation that all depositions will be submitted into evidence is unfounded.

Moreover, the Court has already issued several motion *in limine* rulings that will impact which deposition designations can be admitted, and the Court has yet to rule on several other motions *in limine* that could also affect the admissibility of deposition designations.  As stated in Judge Barbier's January 31 Order Regarding Non-Factual Witness Testimony:

>    The U.S. and Halliburton contend that a witness may offer testimony of a specialized or technical nature based on the experience of the witness. The U.S. argues that testimony from witnesses with first-hand knowledge of oil drilling operations and regulations are admissible under Rule 701 if the Court deems the testimony to be helpful. BP contends that about twenty pages of testimony from the deposition of Billy Ezell, a Transocean toolpusher, illustrate the problem. Transocean and the PSC respond that Ezell's testimony is not opinion testimony. Instead, he is testifying that he did know about events or conversations referred to in email between BP personnel. Even if it is opinion testimony, Transocean argues that the requirements for Fed. R. Evid. 701 are satisfied.
>
>    BP submitted a list of the deposition testimony that should be excluded. Rec. doc. 5110 (Exhibit A). Many of these persons, including Ezell, are listed as will call witnesses. For the will call witnesses, the Court will determine at the trial whether testimony should be excluded as beyond the scope of Rule 701. The remaining

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 2, 2012
Page 6

> witnesses on Exhibit A will be proffered by deposition designations <u>and the Court will review objections to admissibility as the depositions are read in conjunction with the trial</u>.

January 31 Order Regarding Non-Factual Witness Testimony at 2 (emphasis added). Such motions *in limine* rulings underscore that deposition designations must be carefully evaluated on a case-by-case basis, and cannot be admitted *en masse* in a single day as the PSC proposes. In addition, as the underlined sentence demonstrates, Judge Barbier's Orders contemplate that deposition testimony will be introduced during trial, not as part of a pretrial hearing. *Id.*

Massive unsealing, as proposed by the PSC, also runs counter to the Court's Order Regarding BP's Motion *in Limine* to Preclude the Use of Deposition Testimony Arising from Improper and Objectionable Questioning (Rec. Doc. 5499), in which the Court indicated that it would review the deposition designations for Mr. Hayward, and rule later as to what is proper evidence from his deposition. The wholesale unsealing suggested by the PSC would undermine that process.

As in the case of trial exhibits, deposition designations will be become public as they are used as part of trial, and there is no reason for an enormous February 13 public release of all deposition testimony contemplated by the PSC. Doing so before the Court's rulings on motions in limine, admissibility, and objections occur (and are accounted for in the designations) would result in material that is not properly in the trial being released publicly for no legitimate reason. The PSC's proposal would also release Phase II evidence that is in the deposition designations -- evidence that will not be introduced in Phase I of the trial, and that should still be subject to PTO 13.

### Other Documents And Filings

If documents, depositions, or testimony are too tangential to be used during the Phase I trial, there is no reason they should not remain subject to PTO 13. PTO 13 allows for confidential treatment of certain documents, and non-confidential treatment of other documents. As the Court is well aware, the parties have invested months in developing procedures to ensure that, whenever a party feels that confidential treatment is inappropriate under PTO 13, that party may challenge the confidentiality of that document. The PSC has used this procedure for thousands of documents. BP and the parties have worked successfully with the PSC on this process, and the PSC has never had to ask the Court to de-designate a document or filing under PTO 13, because of the effectiveness of the parties' meet-and-confers.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 2, 2012
Page 7

      Thus, for documents, filings, and testimony that are not important enough to be part of the Phase I trial, there is no need to tinker with the PTO 13 process, which has worked very well and without a single complaint from the PSC needing to be raised with the Court over the past six months.

      As always, we appreciate the Court's time and consideration in this matter.

                            Respectfully submitted,

                            /s/ Andrew Langan, P.C.

                            Andrew Langan, P.C.

cc:    Steve Herman
        James Roy
        Defense Liaison Counsel
        Mike Underhill
        Hon. Attorney General Luther Strange
        Cory Maze
        Trey Phillips
        Ben Allums
        Mike O'Keefe