UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J(1) |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding Motion *in Limine* to Exclude Evidence of Subsequent Remedial Measures]**

Before the Court are the PSC's letter brief dated October 17, 2011 (Rec. Doc. 4340-3), Halliburton's letter brief dated December 5, 2011 (Rec. Doc. 4895),[1] BP's response to Halliburton's letter brief (Rec. Doc. 4870), and the PSC's letter brief dated December 12, 2011 (Rec. Doc. 4886). This ninth category of motions *in limine* is described as "BP's and others' Motion *in Limine* to Preclude Evidence Regarding subsequent remedial measures, as already addressed in the letter brief submitted by the PSC." Rec. Doc. 4572, at 2. BP does not object pursuant to Federal Rule of Evidence ("FRE") 407 to the exhibits identified by the PSC.[2] Halliburton submitted a letter brief moving this Court to "exclude any evidence of subsequent remedial measures on the part of [Halliburton]," seeking to "make clear that it objects to the admission of any evidence of subsequent remedial measures" on its part. Rec. Doc. 4895, at 1, 4.

Halliburton has not identified any evidence that could be properly analyzed under FRE 407. It would be premature to exclude all such evidence before any other party has an opportunity to

---

[1] Halliburton submitted a letter brief in which it moves this Court to exclude evidence of its subsequent remedial measures pursuant to Federal Rule of Evidence 407, and this Court construes Halliburton's letter brief as a motion *in limine* to exclude the subject evidence.

[2] On October 19, 2011, BP's counsel via email notified the PSC and the Court that it was *not* objecting to the exhibits identified in the PSC's letter brief of October 17, 2011. The PSC in its December 12, 2011 letter brief asserted that BP had *withdrawn* its objections—on the grounds of subsequent remedial measures—to these exhibits. Whether BP never actually objected or withdrew its prior objections, the result is the same: the PSC's arguments in its original letter brief are moot.

prove a proper basis for offering it. Accordingly,

**IT IS ORDERED** that Halliburton's motion requesting the exclusion of evidence of its subsequent remedial measures (Rec. Doc. 4895) be and is hereby **DENIED** as premature.

New Orleans, Louisiana, this 9th day of February, 2012.

_____
**CARL J. BARBIER
United States District Judge**