UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| Applies to:  All Cases<br>              2:10-cv-02771 | § § § § | MAG. JUDGE SHUSHAN |

**HESI'S RESPONSE TO BP'S OBJECTIONS TO AND APPEAL FROM THE MAGISTRATE JUDGE'S ORDER REGARDING JESSE GAGLIANO'S TESTIMONY**

Halliburton Energy Services, Inc. ("HESI") respectfully submits this Response to BP's Objections to and Appeal from the Magistrate Judge's Order Regarding Jesse Gagliano's Testimony ("BP Appeal") (Rec. Docs. 5598, 5598-1). Because Magistrate Judge Shushan correctly decided the issues that are the basis of BP's appeal, HESI respectfully requests that the Court affirm the Order.

In its attempt to prevent Gagliano from testifying, BP alleged that Gagliano's actions show gamesmanship and improper motive, and BP claimed that it would be prejudiced if Gagliano's testimony was permitted. *See* BP's January 25, 2011 Letter Brief (objecting to the taking, or use, of the testimony of Jesse Gagliano for purposes of the Phase I trial) ("BP's Objection") (Rec. Doc. 5441). HESI and Transocean filed Responses to BP's Objection (HESI's "Response" and Transocean's "Response," Rec. Docs. 5501 and 5556, respectively). On February 2, 2012, BP filed its reply.  ("BP's Reply") (Rec. Doc. 5565).

Magistrate Judge Shushan overruled BP's Objection, holding that, "[f]or the reasons presented by Halliburton and Transocean. . . , Gagliano will be permitted to withdraw his Fifth Amendment privilege and testify."  Order [Regarding Jesse Gagliano] ("Order") at 1 (Rec. Doc.

5574). BP raises nothing new in its appeal. Incorporating its prior briefing, BP merely states that it "disagrees" with the Order, and that "the Order is clearly erroneous and contrary to law under Federal Rule of Civil Procedure 72." *See* BP Appeal at 2 (incorporating Rec. Docs. 5441 and 5565). Despite its burden to show that the Order is "clearly erroneous or contrary to law," BP fails to specify *why* Judge Shushan was wrong. *See* 28 U.S.C. §636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate's order is clearly erroneous or contrary to law").

BP's allegations of gamesmanship and improper motive are based on unwarranted speculation. BP provides no facts to support its allegations, other than the "lateness" of Gagliano's withdrawal (45 days prior to trial). BP Objection at 4. The cases cited in BP's Objection and BP's Reply involved more than mere "lateness" of the withdrawal. The cases involved attempted withdrawals in the face of adverse summary judgments, as well as clear and objective instances of gaming the system.[1]  *See* HESI's Response at 7-8. Such circumstances are not present in this case.

Although BP relies heavily upon *Davis-Lynch, Inc. v. Moreno*, ___ F.3d ___, 2012 U.S. App. LEXIS 549 (5th Cir. Jan. 10, 2012), the case does not support the result sought by BP. In *Moreno*, the Fifth Circuit adopted the Second Circuit's view that district courts "should take a liberal view towards such applications, for withdrawal of the privilege allows adjudication based on consideration of all material facts to occur." *United States v. Certain Real Prop. and Premises*, 55 F.3d 78, 84 (2nd Cir. 1995). *Moreno* emphasizes the need for courts to *permit*

---

[1] BP argues that the test for determining whether withdrawal should be permitted is an objective one, based on circumstances *and not* on the representations of counsel or the witness. BP Reply at 1. Accordingly, BP's complaint that it has not received an explanation for Gagliano's decision is inconsistent with its characterization of the law. BP Objection at 5; BP Reply at 1.

**HESI'S RESPONSE TO BP'S OBJECTIONS TO AND APPEAL FROM THE MAGISTRATE
JUDGE'S ORDER REGARDING JESSE GAGLIANO'S TESTIMONY**     **PAGE 2**
 1855643 v1-24010/0002 PLEADINGS

withdrawals of the privilege — even at a late stage in the litigation — so as not to make the invocation of a constitutional right "unduly costly." This is because permitting testimony advances the ability of the Court to assess *all* relevant evidence.

Contrary to BP's position, *Moreno* does not place the burden on Gagliano or HESI to establish that Gagliano should be allowed to testify. *See* BP Reply at 1. Rather, *Moreno* held that the court should consider the circumstances of the withdrawal to determine whether they indicate that (1) the litigant was using the privilege in a tactical or abusive manner and (2) whether the opposing party would experience undue prejudices a result.[2]  *See Moreno*, 2012 U.S. App. LEXIS 549, at *16. Magistrate Judge Shushan considered these issues and correctly held that Gagliano could testify.

Because BP's appeal raises nothing new, HESI incorporates by reference its Response. Should the Court desire further briefing on any issue, HESI will promptly provide it.

For the reasons stated herein, and for those stated in HESI's Response and the Order, HESI respectfully asks the Court to affirm the Order.

---

[2] BP takes inconsistent positions. Its *limine* briefing requests the Court to defer its decision regarding drawing adverse inferences from Fifth Amendment invocations *through all phases of trial*, given the "non-trivial chance" that invocations might be withdrawn. *See* HESI's Response at 4-5. In its Reply, BP states" "[i]ndeed, as Halliburton notes, BP has suggested there may come a point in time where any or all of the witnesses who have invoked the Fifth Amendment may decide to testify." BP's Reply at 3. In the face of BP's admission that *future* withdrawals of invocations might be proper, depending on the witness's motive, its protestations of prejudice ring hollow.

Dated: February 9, 2012.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Response to BP's Objections to and Appeal from the Magistrate Judge's Order Regarding Jesse Gagliano's Testimony was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this 9th day of February 2012.

/s/ Donald E. Godwin
Donald E. Godwin