

**DALLAS** HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041

214.939.4400
800.662.8393
214.760.7332  Fax

**GodwinRonquillo.com**

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:     214.939.4412
DIRECT FAX:      214.939.4803
DGodwin@GodwinRonquillo.com

February 8, 2012

**BY EMAIL**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana  70130

Re:     Objections to PSC's Subpoena to Produce a Records Custodian.

Dear Magistrate Judge Shushan:

Per the Court's request, Halliburton Energy Services, Inc. ("HESI") submits this objection to the subpoena issued by the PSC to produce "[t]he records custodian, author, employee, or other representative necessary and appropriate to address the authentication of a Trial Exhibit produced by one or more of the Halliburton Defendants as a true and correct copy of a Halliburton business record, and/or to otherwise testify as to the document's nature, generation, transmission, maintenance, storage and/or production, as to source and/or content." *See* Ex. A.

This request is facially overbroad.[1]  HESI has produced over 130,000 documents.  These documents are pulled from the custodial files of numerous HESI employees from various parts of the corporate structure.  Over 1,500 of these documents have already been designated by the various parties as trial exhibits.  Requesting a HESI records custodian to establish an individual foundation as a business record or otherwise for every HESI-produced document that the PSC or other parties wish to admit at trial unduly burdens HESI pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv).

HESI further objects to the service of the subpoena, which was served on Don Godwin, HESI's outside counsel, not on the witness(es) themselves.  Rule 45(b)(1) clearly requires service on "the named person," not counsel of record for their employer.  Additionally, HESI's headquarters are located in Houston, Texas.  Any records custodians will likely reside in or near Houston.  Therefore, the subpoena also violates Rule 45(b)(2)'s 100-mile rule.

---

[1] The Fifth Circuit stated that a "court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa vs. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

February 8, 2012
Page 2

      If the Courts desires, HESI will formalize its objections in a motion to quash the subpoena. Despite the foregoing objections, HESI remains willing to work with the PSC in an effort to resolve any outstanding document issues.

      Respectfully submitted,

      Donald E. Godwin