# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

February 9, 2012

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

Re: In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL 2179

Dear Magistrate Judge Shushan,

We wrote to the Court on January 23, 2012 seeking amplification and/or clarification regarding your January 23, 2012 Order (Doc. No. 5324) denying the PSC's challenge to BP's clawback of BP-HZN-2179MDL01464760-62. As you know, BP had submitted a letter to the Court on January 11 (Doc. No. 5154) -- a day before the PSC submitted its clawback challenge -- referencing not only the PSC's intention to challenge BP's clawback request, but also the PSC's inclusion of an unredacted duplicate of BP-HZN-2179MDL01464761 on its trial exhibit list and the PSC's insistence that the "Baxter investigation" nonetheless may be a subject of cross-examination at trial.

Specifically, BP's January 11 correspondence requested that the Court order the PSC, and every additional party, to remove the clawed back document (BP-HZN-2179MDL01474967) from their exhibit lists; confirm the destruction of both versions of the clawed back document (BP-HZN-2179MDL01464760-62 and BP-HZN-2179MDL01474966-68); and refrain from cross-examination at trial regarding the "Baxter team's" privileged investigation.

Because the January 23 Order denying the PSC's clawback challenge did not address the relief requested above, we have sought Your Honor's clarification of the Order, or requested that the Court grant this request for additional relief.

Following the directive from the Court to meet and confer on BP's requested clarification, the parties have exchanged emails regarding the issue (attached as Ex. A) and at this point, we believe we are in need of the Court's intervention.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 9, 2012
Page 2

With regard to the issue of cross-examination at trial, the PSC first argued it cannot agree to refrain from such questioning because BP has made *in camera* submissions to the Court and it therefore has no idea whether it would be asking inappropriate questions. But the PSC knows enough about what the "Baxter investigation" is to be able to refrain from questioning about it. (*See* May 4, 2011 Duffy Ltr. to Hon. Sally Shushan (stating *inter alia* that the project was "directed by counsel" and "involved a forward-looking, industry-wide analysis of various engineering and legal issues".) And the Court has twice now confirmed that the "Baxter investigation" is privileged. (*See* 5/17/2011 Order (Doc. No. 2396) at ¶4.B; Jan. 23, 2012 Order (Doc. No. 5324.)

The PSC's suggestion that there is something inappropriate about BP's *in camera* submissions to the Court highlights BP's concerns about cross-examination at trial: any questions regarding the project's existence or its work (including the analyses referenced in the clawed back portion of the document) could only serve to imply there is something untoward about the project or its privileged nature. This type of questioning would effectively upend the Court's rulings on this issue.

The PSC next stated that it would agree not to question about this privileged project ***only if*** BP agrees that the PSC "is free to ask whether or why BP did or did not conduct an investigation into the root and/or systemic and/or management failures and/or causes of the Macondo disaster." (*See* Ex. A, Feb. 7, 2012 S. Herman Email to A. Langan; Jan. 26, 2012 S. Herman Email to A. Langan.) As we have stated in correspondence to the PSC over the past year and as the Court has ruled, the Baxter work "is not an investigation into the cause of this particular incident, whether it be systemic or otherwise..." and "it is clearly unrelated to this incident." (Shushan, J., May 13. Tr. at 43:20-21; 45:4.) Indeed, the PSC affirmatively notes that this Court's rulings make clear the PSC's "understanding and belief" that the "Baxter investigation" was such an investigation into "systemic" causes of the Macondo accident were "mistaken." (*See* Ex. A, Feb. 7, 2012 S. Herman Email to A. Langan; Jan. 26, 2012 S. Herman Email to A. Langan.) Thus, the PSC's contingency is improper and unfounded.

Finally, despite our repeated requests for confirmation that the PSC has destroyed all copies and removed the document from its exhibit list, the PSC has not provided any confirmation that it has done so.[1] The PSC has also ignored our request to confirm (i) that it has told its experts Robert Bea and William Gale that the reference to the clawed back document

---

[1] Halliburton, the only other party to include the unredacted document on its exhibit list, has so confirmed. (*See* Ex. B, Jan. 25, 2012 C. Raines Email to M. Nomellini.)

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 9, 2012
Page 3

within their report has been redacted from their report and (ii) that Bea and Gale have been instructed that the redacted material should not be referenced at trial.

Thus, BP respectfully seeks a ruling that orders:

(a) The PSC to remove the clawed back document (BP-HZN-2179MDL01474967) from its exhibit list;

(b) The PSC to confirm the destruction of both versions of the clawed back document (BP-HZN-2179MDL01464760-62 and BP-HZN-2179MDL01474966-68); and

(c) All parties to refrain from cross-examination at trial regarding the "Baxter team's" privileged investigation and its work, including the analyses referenced in the clawed back portion of the document; and

(d) The PSC to confirm it has instructed experts Bea and Gale that the clawed back document within their report has been redacted from their report and that the redacted material should not be referenced at trial.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

/s/ J. Andrew Langan, P.C.

cc: Plaintiffs' Liaison Counsel
Michael Underhill
Corey Maze
MDL 2179 Defense Liaison Counsel