# EXHIBIT A

# Langan, Andrew

| | |
|---|---|
| **From:** | Steve Herman [SHERMAN@hhkc.com] |
| **Sent:** | Tuesday, February 07, 2012 11:37 PM |
| **To:** | Langan, Andrew |
| **Cc:** | Jim Roy; dkhaycraft@liskow.com |
| **Subject:** | MDL 2179 - supplemental submission on clawed-back document |

I go back to our January 26th e-mail:

It was our understanding and belief that the Baxter Investigation was an investigation into the root and/or systemic and/or management failures and/or causes of the Macondo disaster.

You said, and the Court agreed, that we were mistaken.

We will not inquire about the "Baxter Investigation" or a post-incident "forward-looking, industry-wide analysis of various engineering and legal issues" "directed by counsel", if you agree that we are free to ask whether or why BP did or did not conduct an investigation into the root and/or systemic and/or management failures and/or causes of the Macondo disaster.

Thanks.


-----Original Message-----
From: Langan, Andrew [mailto:alangan@kirkland.com]
Sent: Tuesday, February 07, 2012 3:26 PM
To: Steve Herman
Cc: Jim Roy; dkhaycraft@liskow.com
Subject: FW: MDL 2179 - supplemental submission on clawed-back document

Dear Steve --  checking in with you on this issue.  Would appreciate you getting back to us so we can see if there is an issue left for the Court.

Best regards

Andy


J. Andrew Langan, P.C.

KIRKLAND & ELLIS LLP
300 North LaSalle Street Chicago, IL 60654
Tel. +1-312-862-2064   Fax +1-312-862-2200

andrew.langan@kirkland.com


-----Original Message-----
From: Langan, Andrew
Sent: Saturday, January 28, 2012 6:44 AM
To: sherman@hhkc.com
Cc: Jim Roy; dkhaycraft@liskow.com
Subject: RE: MDL 2179 - supplemental submission on clawed-back document

Dear Steve:

1

Just getting back you on this exchange. Your agreement not to ask about the "Baxter Investigation" or a post-incident "forward-looking, industry-wide analysis of various engineering and legal issues" "directed by counsel" appears to be contingent on our agreement that you are "free to ask questions regarding whether or why BP did or did not conduct an investigation into the root and/or systemic and/or management failures and/or causes of the Macondo disaster." .  As you note and the Court has ruled, the "Baxter investigation" was not an investigation of the cause of the Macondo accident, "whether it be systemic or otherwise...".  Thus, and I say this with due respect, the contingent nature of your request is inappropriate.

Again, please confirm that you will agree not to ask about the "Baxter Investigation" or a post-incident "forward-looking, industry-wide analysis of various engineering and legal issues" "directed by counsel."  Also, we had also asked for your agreement not to pose any questions about the privileged portion of the clawed back document.  We assume if you agree not to ask any questions about the project that would include not asking about any of its analyses, including that privileged portion, but for clarity, and to obviate the need to seek the Court's assistance on that point, please confirm your agreement not to do so.

Finally, please also confirm that you have removed the document from your exhibit list and destroyed all copies, and that you have informed Bea and Gale about the redaction to their report and will instruct Bea and Gale that the redacted material should not be referenced at trial.

Thanks to you and the PSC for your attention to this issue.


J. Andrew Langan, P.C.

KIRKLAND & ELLIS LLP
300 North LaSalle Street Chicago, IL 60654
Tel. +1-312-862-2064   Fax +1-312-862-2200

andrew.langan@kirkland.com


-----Original Message-----
From: Steve Herman [mailto:SHERMAN@hhkc.com]
Sent: Thursday, January 26, 2012 7:38 AM
To: Langan, Andrew
Cc: Jim Roy; dkhaycraft@liskow.com
Subject: MDL 2179 - supplemental submission on clawed-back document

Andy,

It was our understanding and belief that the Baxter Investigation was an investigation into the root and/or systemic and/or management failures and/or causes of the Macondo disaster.

You said, and the Court agreed, that we were mistaken.

We will not inquire about the "Baxter Investigation" or a post-incident "forward-looking, industry-wide analysis of various engineering and legal issues" "directed by counsel", if you agree that we are free to ask whether or why BP did or did not conduct an investigation into the root and/or systemic and/or management failures and/or causes of the Macondo disaster.

Thanks.

-----Original Message-----

From: Langan, Andrew [mailto:alangan@kirkland.com]
Sent: Wednesday, January 25, 2012 11:37 AM

Dear Steve:

As I understand it, the PSC argues it cannot refrain from such questioning because due to the fact that BP has submitted detailed information only to the Court in camera, the PSC has no idea whether it would be asking inappropriate questions regarding the "Baxter project." We disagree. First, the PSC knows enough about what the "Baxter investigation" is to be able to refrain from questioning about it, whether it uses the words "Baxter investigation" or not. In May 2011 when if first challenged the privilege claim over this project and more recently in correspondence related to the clawback, BP has stated that the project was "directed by counsel" that it "involved a forward-looking, industry-wide analysis of various engineering and legal issues" and that "its purpose was to assist with the provision of legal advice in various areas, including with respect to the defense of this litigation " and "in anticipation of other potential legal actions." (May 4, 2011 Duffy Ltr. to Hon. Sally Shushan)  And the Court has twice now confirmed that the "Baxter investigation" is privileged.

Second, the PSC knows what the "Baxter investigation" is not. As we have stated in correspondence over the few months and as the Court has ruled, the Baxter work "is not an investigation into the cause of this particular incident, whether it be systemic or otherwise..."  and "it is clearly unrelated to this incident."   (Shushan, J., May 13. Tr. at 43:20-21; 45:4.)

The PSC's suggestion that there is something inappropriately secretive about BP's in camera submissions to the Court underscores BP's concerns about the trial:  given that the "Baxter investigation" is privileged, any questions at trial regarding that work (including the analyses referenced in the clawback portion of the document) or questions aimed at the existence of the project are improper.   The point of such cross-examination would only be to imply there is something untoward about the project or its privileged nature and we believe such questioning is irrelevant, prejudicial and can only be an attempt to upend this Court's rulings on this issue.

Thus, we respectfully request that the PSC agree that it will refrain from questions at trial regarding the "Baxter investigation" and its work (including privileged analyses contained in the clawed-back document) or any description for that project regardless of whether the words "Baxter investigation" are used.   If we cannot secure such an agreement, we will need to raise this with the Court (again).

Best regards

Andy

-----Original Message-----
From: Steve Herman [mailto:SHERMAN@hhkc.com]
Sent: Tuesday, January 24, 2012 8:58 PM

We don't know what the Baxter Investigation extends to; only you (and I guess Magistrate Shushan) do.  Are you saying you don't want us to use the words "Baxter Investigation"?

-----Original Message-----
From: Langan, Andrew [mailto:alangan@kirkland.com]
Sent: Tuesday, January 24, 2012 7:27 PM

Dear Steve -- given the directive to meet and confer re #3, here are some further thoughts from our team:

3

Given that Judge Shushan has twice now confirmed that the "Baxter investigation" is privileged, we believe any questions at trial regarding that work or the existence of the project are irrelevant and prejudicial.  Critically, as we have stated to you in correspondence and as the Court has ruled in no uncertain terms, the Baxter work "is not an investigation into the cause of this particular incident, whether it be systemic or otherwise..." and "it is clearly unrelated to this incident."   (Shushan, J., May 13. Tr. at 43:20-21; 45:4.)   Any questions at trial suggesting otherwise would be in contravention of the Court's ruling and are therefore improper.   Thus, we have asked the Court to order all parties to refrain from cross-examination at trial regarding the privileged "Baxter Investigation."

On #1 and #2, we greatly appreciate the PSC following up as it has (see a and b in your note below) and has committed to do.  There may be other parties that need to take similar steps, but we will address them separately and then with the Court as needed.


Best regards


Andy

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

**************************************************************
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
**************************************************************



CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and

deleting it from your system.  Thank you.

**EXHIBIT B**

**Nomellini, Mark J.**

| | |
|---|---|
| **From:** | Raines, Carolyn [CRaines@GodwinRonquillo.com] |
| **Sent:** | Wednesday, January 25, 2012 8:51 AM |
| **To:** | Nomellini, Mark J. |
| **Cc:** | Toledo, Erika; jmartinez@GodwinRonquillo.com; Hays, Susan; Sramek, Frank J.; French, Yates; Langan, Andrew |
| **Subject:** | RE: Clawed Back Doc on HESI TREX List - Resending |

Mark,

We will remove this document from our exhibit list and destroy the copies.

Thanks

Carolyn


# GODWIN RONQUILLO PC

**Carolyn R. Raines**
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4452 Direct   (800.662.8393 Toll Free)
214.527.3137 Fax
CRaines@GodwinRonquillo.com
GodwinRonquillo.com

This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify Godwin Ronquillo PC immediately by telephone (800.662.8393) and destroy the original message. Messages sent to and from us may be monitored.

IRS Circular 230 Required Notice--IRS regulations require that we inform you as follows: Any U.S. federal tax advice contained in this communication (including any attachments) is not intended to be used and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter[s].

**From:** Nomellini, Mark J. [mailto:mnomellini@kirkland.com]
**Sent:** Wednesday, January 25, 2012 7:16 AM
**To:** Raines, Carolyn
**Cc:** Toledo, Erika; Martinez, Jenny; Hays, Susan; Sramek, Frank J.; French, Yates; Langan, Andrew

1

**Subject:** Re: Clawed Back Doc on HESI TREX List - Resending
**Importance:** High

Jenny, Carolyn, Erika, and Susan: please respond as we intend to raise with the Court as soon as this am. Thank you.

---

**From:** Nomellini, Mark J.
**Sent:** Tuesday, January 24, 2012 05:02 PM
**To:** Raines, Carolyn <CRaines@GodwinRonquillo.com>
**Cc:** Toledo, Erika <EToledo@GodwinRonquillo.com>; jmartinez@GodwinRonquillo.com; Hays, Susan <SHays@GodwinRonquillo.com>; Sramek, Frank J.; French, Yates
**Subject:** Clawed Back Doc on HESI TREX List - Resending

Carolyn,

The privileged documents discussed in the email chain below are also designated as part of a Halliburton Trial Exhibit. Please confirm that Halliburton will remove this privileged portion of Trial Exhibit #02351 (BP-HZN-2179MDL01474966-8) from its exhibit list and destroy all copies of these documents.

**From:** Steve Herman [mailto:SHERMAN@hhkc.com]
**Sent:** Monday, January 23, 2012 09:42 PM
**To:** Langan, Andrew
**Cc:** 'Sally_Shushan@laed.uscourts.gov' <Sally_Shushan@laed.uscourts.gov>; Mike O'Keefe <Mike_OKeefe@laed.uscourts.gov>; dsc2179@liskow.com <dsc2179@liskow.com>; liaison2179@liskow.com <liaison2179@liskow.com>; Jim Roy <jimr@wrightroy.com>; CMaze@ago.state.al.us; Allan Kanner <a.kanner@kanner-law.com>; Mike.Underhill@usdoj.gov
**Subject:** MDL 2179 - supplemental submission on clawed-back document

Dear Andy,

> (a) We don't disagree, but, practically speaking, we are not sure exactly what this means. Do you want us to submit an entire new Exhibit List with that one entry deleted? I don't know if inData even has a copy of the document. But it seems like it would make more sense to simply insure that the only image inData has re that (former) Exhibit is a blank sheet of paper that says something like: "Privileged" "Removed" (?) (And presumably the Final Master Exhibit List reflecting ultimately provided to the Court for the record would not reflect its admission.)
>
> (b) Jim & I have instructed our team. Will follow up.
>
> (c) As Mr. Duffy noted, (at p.45 of the May 13th Discovery Conference Transcript), the privilege is generally defined in terms of specific documents or other communications. While a directive, or a question, or a conclusion may be privileged, the fact that an investigation took place generally would not be. Even assuming that there may be

2

questions regarding the so-called "Baxter Investigation" that might be inappropriate, it is certainly appropriate for the plaintiffs to question whether (and/or why and/or how) an investigation by BP into the systemic, root, management causes did, or did not, take place. For example, you have agreed that the facts reflected in the attached two-page summary are admissible, even though I believe that some of the communications associated with these facts have been excluded as privileged. Particularly since the nature and scope of the "Baxter Investigation" was presented to the Court *in camera,* and is known only to BP, it would be hard for us to know which questions would be "out of bounds" (if any).

Thanks, and best wishes, - Steve

**From:** Langan, Andrew [mailto:alangan@kirkland.com]
**Sent:** Monday, January 23, 2012 8:44 PM
**Subject:** MDL 2179 -- supplemental submission on clawed-back document

Dear Judge Shushan:

I write to respectfully seek amplification and/or clarification regarding your Order of today (Doc. No. 5324) denying the PSC's challenge to BP's clawback of BP-HZN-2179MDL01464760-62. Your Honor may recall that BP submitted a letter to the Court on January 11 (Doc. No. 5154) (attached) - - a day before the PSC submitted its clawback challenge -- referencing not only the PSC's intention to challenge BP's clawback request, but also the PSC's inclusion of an unredacted duplicate of BP-HZN-2179MDL01464761 on its trial exhibit list and the PSC's insistence that the Baxter Investigation nonetheless may be a subject of cross-examination at trial.

To that end, BP's January 11 correspondence requested that the Court order the PSC, and every additional party, to:

    (a) remove the clawed back document (BP-HZN-2179MDL01474967) from their exhibit list,

    (b) confirm the destruction of both versions of the clawed back document (BP-HZN-2179MDL01464760-62 and BP-HZN-2179MDL01474966-68); and

    (c) refrain from cross-examination at trial regarding the "Baxter Team's" privileged investigation.

While we understand from today's order (Doc No. 5324) that the Court has denied the PSC's challenge to BP's clawback of BP-HZN-2179MDL01464760-62 and BP-HZN-2179MDL01474966-68, we would appreciate Your Honor's amplification and/or clarification as to whether the order encompasses the additional relief sought in BP's January 11 correspondence as set forth above. To the extent your Honor did not intend today's order to address the additional relief sought in BP's January 11 correspondence, BP respectfully requests that the Court grant its request for this additional relief and Order the PSC, and every additional party, to remove the clawed back document (BP-HZN-2179MDL01474967) from their exhibit list and refrain from cross-examination at trial regarding the "Baxter Team's" privileged investigation.

Thank you for your time and attention to this matter. For the Court's convenience, I have attached BP's correspondence of January 11 regarding this issue. Our related letter of January 18 was submitted under seal.

Respectfully submitted,

3

Andy Langan

J. Andrew Langan, P.C.

**KIRKLAND & ELLIS LLP**
300 North LaSalle Street Chicago, IL 60654
Tel. +1-312-862-2064  Fax +1-312-862-2200

andrew.langan@kirkland.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
The information contained in this communication is
confidential, may be attorney-client privileged, may
constitute inside information, and is intended only for
the use of the addressee. It is the property of
Kirkland & Ellis LLP or Kirkland & Ellis International LLP.
Unauthorized use, disclosure or copying of this
communication or any part thereof is strictly prohibited
and may be unlawful. If you have received this
communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and
destroy this communication and all copies thereof,
including all attachments.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*