

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED   FEB - 7 2012

LORETTA G. WHYTE
CLERK

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

EDLA
SEC J/1

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

Halliburton Energy Services, Inc. v. BP Exploration &   )   12-390
   Production Inc., et al., S.D. Texas, C.A. No. 4:11-3392   )   MDL No. 2179

### TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiff Halliburton Energy Services, Inc. (HESI) moves to vacate our order conditionally transferring this action to MDL No. 2179. Responding defendants[1] oppose the motion.

In opposing transfer, HESI argues, *inter alia*, that this action differs from others already in the MDL because HESI's claims arise primarily or exclusively from BP's conduct following – rather than prior to – the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig (*i.e*, alleged defamatory misrepresentations concerning the location and composition of hydrocarbon-bearing sands in the Macondo Well, where the rig was engaged in drilling operations). As the BP defendants point out, however, this action is highly similar to fraud and nondisclosure claims that HESI recently sought, unsuccessfully, to include, via amendment, in its cross-claim in the MDL. Indeed, in seeking such leave, HESI argued to the transferee court that the allegations were already encompassed in its existing negligence claims against BP. Moreover, as the BP defendants also observe, the viability of HESI's claims necessarily depends on a determination of whether the BP defendants' statements regarding the sands were, in fact, misrepresentations, which, in turn, depends on a determination of what the BP defendants knew about the sands and when, as well as what impact, if any, that had on the cause of the incident.

After considering all argument of counsel, we find that this action involves common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of this action to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, this action arises from the Deepwater Horizon incident and the related oil spill. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1353 (J.P.M.L. 2010).

---

   [*]   Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

   [1]   BP p.l.c.; BP Exploration & Production Inc.; BP America Inc.; and BP Products North America Inc.



- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          Barbara S. Jones
Paul G. Barbadoro          Marjorie O. Rendell
Charles R. Breyer