Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

# BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Transocean | 3/11/2011 | THE BP PARTIES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE TRANSOCEAN PARTIES | RFP 157 | All documents relating to the flow rate of oil or other hydrocarbons from the MC252 Well after the Deepwater Horizon Incident. | 4/11/2011 | In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Respondents also object to this Request on the grounds that it is overly broad, unduly burdensome, lacks particularity, is unreasonably cumulative and duplicative of other Requests, and is not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object that this Request seeks information that is in the possession, custody, or control of independent third parties, in particular BP. Furthermore, the Request seeks information that is otherwise publicly available. Respondents also object on the grounds it implies that Respondents, and not BP, were in any way responsible for measuring, estimating, or otherwise determining the flow rate of hydrocarbons from the Macondo well. Finally, Respondents object to this Request to the extent that it seeks to obtain information protected by the attorney-client privilege, the work product doctrine or privileged information obtained in anticipation of litigation. |
| Transocean | 3/11/2011 | THE BP PARTIES' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE TRANSOCEAN PARTIES | RFP 158 | All documents relating to efforts to contain or clean up the Oil Spill. | 4/11/2011 | In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Respondents also object to this Request on the grounds that it is overly broad, unduly burdensome, lacks particularity, is unreasonably cumulative and duplicative of other Requests, and is not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object that this Request seeks information that is in the possession, custody, or control of independent third parties, in particular BP. Furthermore, the Request seeks information that is otherwise publicly available. Respondents also object on the grounds it implies that Respondents, and not BP, were in any way responsible for the cleanup of oil discharged from the Macondo well. Finally, Respondents object to this Request to the extent that it seeks to obtain information protected by the attorney-client privilege, the work product doctrine or privileged information obtained in anticipation of litigation. |
| Transocean | 4/29/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO TRANSOCEAN INC | RFP 157 | All documents relating to the flow rate of oil or other hydrocarbons from the MC252 Well after the Deepwater Horizon Incident. | 5/27/2011 | In addition to the General Objections set forth above, Transocean Inc. objects to this Request on the grounds that this Court lacks personal jurisdiction over Transocean Inc. Transocean Inc. also objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Transocean Inc. also objects to the extent that this Request implies Transocean Inc. had authority or responsibility for the oil spill response efforts at the Macondo well. BP and the National Incident Commander had supervisory authority and ultimate responsibility for the oil spill response efforts at Macondo well. Transocean Inc. also objects that this Request seeks information that is in the possession, custody, or control of independent third parties or BP. Transocean Inc. further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

## BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Transocean | 4/29/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO TRANSOCEAN INC | RFP 158 | All documents relating to efforts to contain or clean up the Oil Spill. | 5/27/2011 | In addition to the General Objections set forth above, Transocean Inc. objects to this Request on the grounds that this Court lacks personal jurisdiction over Transocean Inc. Transocean Inc. also objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Transocean Inc. also objects to the extent that this Request implies Transocean Inc. had authority or responsibility for the oil spill response efforts at the Macondo well. BP and the National Incident Commander had supervisory authority and ultimate responsibility for the oil spill response efforts at Macondo well. Transocean Inc. also objects that this Request seeks information that is in the possession, custody, or control of independent third parties or BP. Transocean Inc. further objects to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity. |
| Transocean | 4/29/2011 | BP's Second Request for Production of Documents to the Transocean Parties | RFP 172 | All documents relating to the design of the MC252 Well. | 5/27/2011 | In addition to the General Objections set forth above, Transocean Inc. objects to this Request on the grounds that this Court lacks personal jurisdiction over Transocean Inc. Transocean Inc. also objects to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. By way of example, the term "design" is not defined and its meaning is unclear. Respondents further object to the extent this Request implies that Respondents were responsible for the design of the MC252 Well. Responsibility for well design lies with the well operator – in the case of the Deepwater Horizon, BP. As the drilling contractor, Respondents do not have any role in well design. Respondents also object that this Request seeks information that is in the possession, custody, or control of independent third parties or other Defendants. Respondents further object to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity. |
| Transocean | 4/29/2011 | BP's Second Request for Production of Documents to the Transocean Parties | RFP 204 | All documents relating to any work, services, or activities you performed in connection with the Incident, the Oil Spill, or the Oil Spill Response. | 5/27/2011 | In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it seeks information related to a putative claim covered by Article 35.4 of the Drilling Contract, over which the Court lacks subject matter jurisdiction pursuant to 9 U.S.C. § 2. Respondents also object to this Request on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, unnecessarily cumulative and duplicative of other Requests, and not reasonably calculated to lead to the discovery of admissible evidence. Respondents further object that this Request seeks information that is in the possession, custody, or control of independent third parties or other Defendants, or information that is publicly available. Respondents also object to the extent this Request seeks information protected by the attorney-client privilege, work-product doctrine, or any other privilege or immunity. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFP 193 | All documents relating or referring to your participation in the efforts to cap, seal, contain, collect hydrocarbons or otherwise regain control of the MC252 Well following April 20, 2010, including, but not limited to, any communications regarding such efforts. | 10/28/2011 | In addition to the General Objections set forth above, Respondents also object to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Respondents further object to the extent this Request seeks information that is in the possession, custody, or control of independent third parties or other Defendants. Subject to and without waiving the foregoing specific and General Objections, Respondents already have produced non-privileged responsive documents. In the event that additional non-privileged and responsive documents are located, Respondents will supplement their production. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

**BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues**

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFP 194 | All documents relating or referring to your role in the design, modification, or construction of any device to be used to cap, seal, contain, collect hydrocarbons or otherwise regain control of the MC252 Well, including, but not limited to, any technical drawings, design parameters and construction schedules and costs. | 10/28/2011 | In addition to the General Objections set forth above, Respondents also object to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Respondents further object to the extent this Request seeks information that is in the possession, custody, or control of independent third parties or other Defendants. Subject to and without waiving the foregoing specific and General Objections, Respondents already have produced non-privileged responsive documents. In the event that additional non-privileged and responsive documents are located, Respondents will supplement their production. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 346 | Admit that, prior to April 20, 2010, you did not have a 3-ram stack designed to cap deepwater wells readily available. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that the terms "3-ram stack" and "readily available" are vague and ambiguous. Respondents also object to this Request for Admission to the extent it implies that Respondents could not quickly access capping equipment or employ a 3-ram stack to cap deepwater wells. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that prior to and on April 20, 2010, they had many multi-ram stacks and associated equipment options available. Respondents' multi-ram stacks, and associated equipment, were immediately offered to BP and the United States Government as source control options - many of which could have been in place by early to mid May, 2010. BP and the United States Governments made the decision not to use these options and instead pursued options that had a much lower probability for successfully sealing the well (i.e. "junk shot", "top kill", etc.). Respondents were not privy to the information or reasons that supported these decisions. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 347 | Admit that, prior to April 20, 2010, you did not have a 3-ram stack designed to cap deepwater wells. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that the terms "3-ram stack" is vague and ambiguous. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that they are not well control equipment manufacturers or designers. Respondents admit that prior to and on April 20, 2010, they had many multi-ram stacks and source control equipment options available. Respondent's multi-ram stacks ram stacks, and associated equipment, were immediately offered to BP and the United States Government as source control options - many of which could have been in place by early to mid May, 2010. Respondents also provided many design ideas (along with the supporting equipment) during the response efforts to cap the well. Respondents were never informed by BP or the United States Government as to the reasons why their designs were not implemented. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 348 | Admit that, prior to April 20, 2010, you did not have plans to build a 3-ram capping stack capable of shutting in a deepwater well. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request on the grounds that the term 'plans' is vague and ambiguous. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that they are not well control equipment manufacturers or designers. Respondents admit that prior to and on April 20, 2010, they had many multi-ram stacks and source control equipment options available. Respondent's multi-ram stacks, and associated equipment, were immediately offered to BP and the United States Government as source control options - many of which could have been in place by early to mid May, 2010. Respondents also provided many design ideas (along with the supporting equipment) during the response efforts to cap the well. Respondents were never informed by BP or the United States Government as to the reasons why their designs were not implemented. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 349 | Admit that you recommended that the Deepwater Horizon BOP be shut in using ROVs immediately following the incident on April 20, 2010. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request or Admission to the extent that it implies that using the ROVs delayed the capping of the Macondo well. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that immediately following the incident on April 20, 2010, the team of responding parties (which included BP, the United States Government, Transocean, Cameron and other third parties) participated in efforts to use ROVs to shut in the Deepwater Horizon BOP. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 350 | Admit that, as owner of the Deepwater Horizon, you were leading the response to the Deepwater Horizon incident prior to the establishment of the Unified Command on April 23, 2010 | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it is vague, ambiguous and overly broad as to what is included in the term "Deepwater Horizon incident." Respodents also object to this Request for Admission to the extent it implies that Respondents were making final decisions regarding any post-incident relief efforts. Subject to and without waiving the foregoing specific and General Objections, Respondents deny that they made any of the decisions on the source control options that were pursued and ultimately deployed on the Macondo Well. Those decisions were made by BP and the United States Government and the basis for those decisions was never provided to Respondents. Respondents admit that they participated in response efforts with BP, the United States Government, Transocean, and Cameron and other third parties, in the days following the incident and prior to the establishment of Unified Command. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 351 | Admit that, as owner of the Deepwater Horizon, you were leading the response to the Deepwater Horizon incident prior to the sinking of the Deepwater Horizon MODU. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it is vague, ambiguous and overly broad as to what is included in the term "Deepwater Horizon incident." Respodents also object to this Request for Admission to the extent it implies that Respondents were making final decisions regarding any post-incident relief efforts. Subject to and without waiving the foregoing specific and General Objections, Respondents deny that they made any of the decisions on the source control options that were pursued and ultimately deployed on the Macondo Well. Those decisions were made by BP and the United States Government and the basis for those decisions was never provided to Respondents. Respondents admit that they participated in response efforts with BP, the United States Government, Transocean, and Cameron and other third parties, in the days following the incident and prior to the establishment of Unified Command. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 352 | Admit that you participated in the Deepwater Horizon response as a member of the Unified Command. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it is vague, ambiguous and overly broad as to what is included as term or "member." Subject to and without waiving the foregoing General Objections, Respondents admit that they participated in the Deepwater Horizon response with BP, the United States Coast Guard, Mineral Management Services and Louisiana in the BP-led Unified Command. However, Respondents were not allowed to participate in most United States Government/BP led decisions. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

## BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 353 | Admit that, while you were a member of the Unified Command, the Unified Command made the final decision on whether or not to proceed with a source control option. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it is vague, ambiguous and overly broad as to what is included as term or "member." Subject to and without waiving the foregoing General Objections, Respondents were never provided the information to know which individual or entity was responsible for making final decisions on whether or not to proceed with a source control option. Respondents admit that BP and the United States Government made final decisions on whether or not to proceed with a source control option, however, Respondents were not allowed to participate in most United States Government/BP led decisions. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 354 | Admit that, between April 20, 2010 and July 15, 2010, you did not perform an independent analysis of the rate of hydrocarbons flowing from the MC252 Well. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it is vague and ambiguous as to the term "independent analysis." Subject to and without waiving the foregoing specific and General Objections, Respondents admit that between April 20, 2010 and July 15, 2010, they did not perform an analysis of the rate of hydrocarbons flowing from the MC252 Well because BP, as operator of the well, was responsible for performing the analysis. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 355 | Admit that, between April 20, 2010 and July 15, 2010, you did not perform an independent analysis of the integrity the MC252 Well. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it is vague and ambiguous as to the term "independent analysis." Subject to and without waiving the foregoing specific and General Objections, Respondents deny that they performed an independent analysis of the integrity of the MC252 wellbore. Respondents did review integrity issues related to MC252 wellbore but they were not provided all of the wellbore information by BP or the United States Government. As the operator of the well, BP possessed the wellbore information to allow it to perform such an analysis and it was responsible for performing the analysis. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 356 | Admit that the Unified Command was presented with an option to attach a second BOP to the Deepwater Horizon BOP prior to July 15, 2010. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission to the extent it implies that members of the Unified Command, such as Respondents, made final decisions regarding source control options. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that prior to July 15, 2010, Respondents recommended to BP and other members of the Unified Command that a second BOP be attached to the Deepwater Horizon BOP. Respondents further admit that a BOP could have been employed on the Deepwater Horizon BOP as early as the middle of May 2010, but that BP and/or the United States Government, for reasons unknown to Respondents, decided to abandon the BOP-on-BOP option. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 357 | Admit that in May 2010 the Unified Command decided not to move forward with attaching a second BOP to the Deepwater Horizon BOP. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission to the extent it implies that members of the Unified Command, such as Respondents, made final decisions regarding source control options. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that in May 2010 BP management and/or the United States Government made the final decision, without explanation to Respondents, not to move forward with attaching a second BOP to the Deepwater Horizon BOP. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 358 | Admit that you initially provided the Unified Command with schematics of the Deepwater Horizon BOP that did not match the actual configuration. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it is vague and ambiguous as to the term "actual configuration." Respondents further object to this Request for Admission to the extent that it implies that the original schematics caused any delay or resulted in any hindrances to source control efforts. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that they initially provided the original schematics of the Deepwater Horizon BOP because Respondents' copy of the schematics was on the Deepwater Horizon and therefore unavailable. Respondents admit that Cameron provided the revised 2004-2005 schematics at Respondents' request, and Respondents subsequently sent the final schematic for the lower BOP stack to BP and the Unified Command. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 359 | Admit that the Unified Command relied on the schematics of the Deepwater Horizon BOP provided by you in attempting to actuate the Deepwater Horizon BOP. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it is vague and ambiguous as to the term "relied on." Respondents further object to this Request for Admission to the extent it implies that the original schematics caused any delay or resulted in any hindrances to source control efforts. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that they initially provided the original schematics of the Deepwater Horizon BOP because Respondents' copy of the revised schematics was on the Deepwater Horizon and therefore unavailable. Respondents further admit that Cameron provided the revised 2004-2005 schematics at Respondents' request, and the Respondents subsequently sent the final schematic for the lower BOP stack to BP and the Unified Command. |
| Transocean | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION, FIRST REQUESTS FOR ADMISSION, AND FIRST SET OF INTERROGATORIES TO TRANSOCEAN RELATED TO PHASE TWO | RFA 360 | Admit that you did not provide schematics that matched the actual configuration of the Deepwater Horizon BOP to the Unified Command until May 3, 2010. | 10/28/2011 | In addition to the General Objections set forth above, Respondents object to this Request for Admission on the grounds that it is vague and ambiguous as to the term "actual configuration." Respondents further object to this Request for Admission to the extent it implies that the original schematics caused any delay or resulted in any hindrances to source control efforts. Subject to and without waiving the foregoing specific and General Objections, Respondents admit that they initially provided the original schematics of the Deepwater Horizon BOP because Respondents' copy of the revised schematics was on the Deepwater Horizon and therefore unavailable. Respondents admit that Cameron provided the revised 2004-2005 schematics at Respondents' request, and Respondents subsequently sent the final schematic for the lower BOP stack to BP and the Unified Command. |
| Halliburton | 4/3/2011 | THE BP PARTIES' FIRST SET OF INTERROGATORIES TO HALLIBURTON | IROG 2 | Describe in detail all bases for any contention that any hydrocarbon or gas flow went up the annulus around the casing (as opposed to through the casing), including a detailed with knowledge of the events, and all statements, documents and other materials that describe ordescription of how and why this occurred. As part of your response, please identify all witnesses with knowledge of the events, and all statements, documents and other materials that describe or reflect the events. | 11/2/2011 | OBJECTIONS: HESI objects to this Interrogatory to the extent that it seeks information subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege, including, but not limited to, non-discoverable information obtained from consulting-only experts. Moreover, HESI cannot identify all of the relevant events because its presence on the Deepwater Horizon and participation in relief operations were limited in time and by the narrow scope of its activities. AMENDED RESPONSE: Subject to and without waiving the foregoing objections, HESI directs BP to the March 30, 2011 and March 31, 2011 deposition testimony of Richard Vargo at 65:20-66:10; 79:22-90:19; 402:20-403:23; and 721:20-722:22. HESI identifies Richard Vargo. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

# BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Halliburton | 4/3/2011 | THE BP PARTIES' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO HALLIBURTON | RFP 35 | Please produce all documents supporting a theory of hydrocarbon flow up the annulus as described by Richard Vargo on November 8, 2010 before the Presidential Commission and at his deposition on March 30-31, 2011. | 5/23/2011 | OBJECTIONS: HESI further objects to this Request as vague or ambiguous as to "hydrocarbon flow." As such, this Request seeks information irrelevant to the claims or defenses of any party. Fed. R. Civ. P. 26(b)(1). HESI further objects to this Request to the extent that it is duplicative of a previous Request. Fed. R. Civ. P. 26(b)(1). HESI objects to this Request to the extent it calls for information that is already in the public domain, readily accessible to all parties, already produced in this matter, or that can be obtained from another source. HESI further objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege. Finally, HESI objects to this Request to the extent it imposes obligations outside the MDL pre-trial orders that set out a schedule for document production prior to depositions. RESPONSE: Subject to and without waiving the foregoing objections, HESI will produce all responsive, non-privileged documents once experts are designated and production is required under Fed. R. Civ. P. 26(a)(2) and any MDL pre-trial orders. |
| Halliburton | 4/29/2011 | THE BP PARTIES' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO HALLIBURTON | RFP 7 | Please produce all documents discussing, reflecting, or relating to the Oil Spill Response. | 6/1/2011 | OBJECTIONS: HESI objects to this Request as overly broad, unduly burdensome, and not calculated to lead to discovery of admissible evidence because it requires production of "all documents," including those unrelated to HESI and irrelevant to the claims and defenses of any party. Fed. R. Civ. P. 26(b)(1). HESI further objects to this Request to the extent it is duplicative of previous Requests. Fed. R. Civ. P. 26(b)(2). HESI further objects to this Request to the extent it calls for information that is already in the public domain, readily accessible to all parties, already produced in this matter, or can be obtained from another source. Finally, HESI objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege. RESPONSE: Subject to and without waiving the foregoing objections, HESI will produce all responsive, non-privileged documents. |
| Halliburton | 4/29/2011 | THE BP PARTIES' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO HALLIBURTON | RFP 8 | Please produce all documents discussing, reflecting, or relating to any vessel, equipment, product, service, or device used in connection with the Oil Spill Response. | 6/1/2011 | OBJECTIONS: HESI objects to this Request as overly broad, unduly burdensome, and not calculated to lead to discovery of admissible evidence because it requires production of "all documents," including those unrelated to HESI and irrelevant to the claims and defenses of any party. Fed. R. Civ. P. 26(b)(1). HESI further objects to this Request as vague and ambiguous as to the meaning of "vessel, equipment, product, service, or device." As such, this Request seeks information irrelevant to the claims or defenses of any party. Fed. R. Civ. P. 26(b)(1). HESI further objects to this Request to the extent it is unreasonably cumulative and duplicative of previous Requests. Fed. R. Civ. P. 26(b)(2). HESI further objects to this Request to the extent it calls for information that is already in the public domain, readily accessible to all parties, already produced in this matter, or can be obtained from another source. Finally, HESI objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege. RESPONSE: Subject to and without waiving the foregoing objections, HESI will produce all responsive, non-privileged documents. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Halliburton | 4/29/2011 | THE BP PARTIES' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO HALLIBURTON | RFP 57 | Please produce all documents discussing, reflecting, or relating to communications between any BP employee and any Halliburton employee related to the Macondo well, the Deepwater Horizon, the Incident, the Oil Spill, and Oil Spill Response. | 6/1/2011 | OBJECTIONS: HESI objects to this Request as overly broad, unduly burdensome, and not calculated to lead to discovery of admissible evidence because it requires production of documents irrelevant to the claims or defenses of any party. Fed. R. Civ. P. 26(b)(1). HESI further objects to this Request to the extent it is unreasonably cumulative and duplicative of previous requests. Fed. R. Civ. P. 26(b)(2). HESI further objects to this Request to the extent it calls for information that is already in the public domain, readily accessible to all parties, already produced in this matter, or can be obtained from another source. Finally, HESI objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege. RESPONSE: Subject to and without waiving the foregoing objections, HESI will produce all responsive, non-privileged documents. |
| Halliburton | 4/29/2011 | THE BP PARTIES' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO HALLIBURTON | RFP 58 | Please produce all documents discussing, reflecting, or relating to communications between any BP employee and any Transocean employee related to the Macondo well, the Deepwater Horizon, the Incident, the Oil Spill, and Oil Spill Response. | 6/1/2011 | OBJECTIONS: HESI objects to this Request as overly broad, unduly burdensome, and not calculated to lead to discovery of admissible evidence because it requires production of documents unrelated to HESI and irrelevant to the claims and defenses of any party. Fed. R. Civ. P. 26(b)(1). HESI further objects to this Request to the extent it calls for information that is already in the public domain, readily accessible to all parties, already produced in this matter, can be obtained from another source, or that the BP Parties are already possess. Finally, HESI objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege. RESPONSE: Subject to and without waiving the foregoing objections, HESI will produce all responsive, non-privileged documents. |
| Halliburton | 4/29/2011 | THE BP PARTIES' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO HALLIBURTON | RFP 59 | Please produce all documents discussing, reflecting, or relating to communications between any BP employee and any of the defendants related to the Macondo well, the Deepwater Horizon, the Incident, the Oil Spill, and Oil Spill Response. | 6/1/2011 | OBJECTIONS: HESI objects to this Request as overly broad, unduly burdensome, and not calculated to lead to discovery of admissible evidence because it requires production of documents unrelated to HESI and irrelevant to the claims and defenses of any party. Fed. R. Civ. P. 26(b)(1). HESI further objects to this Request to the extent it is unreasonably cumulative and duplicative of previous Requests. Fed. R. Civ. P. 26(b)(2). HESI further objects to this Request to the extent it seeks documents outside of HESI's possession, custody, or control. HESI further objects to this Request to the extent it calls for information that is already in the public domain, readily accessible to all parties, already produced in this matter, or can be obtained from another source. Finally, HESI objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege. RESPONSE: Subject to and without waiving the foregoing objections, HESI will produce all responsive, non-privileged documents. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

## BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Halliburton | 4/29/2011 | THE BP PARTIES' THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO HALLIBURTON | RFP 63 | Please produce all documents, discussing, reflecting, or relating to Halliburton's and / or Richard Vargo's theory on the flow path of hydrocarbons entering the well and how the Incident occurred. | 6/1/2011 | OBJECTIONS: HESI objects to this Request as unreasonably cumulative and duplicative of previous requests. Fed. R. Civ. P. 26(b)(2). HESI further objects to this Request to the extent it calls for information that is already in the public domain, readily accessible to all parties, already produced in this matter, or can be obtained from another source. HESI further objects to this Request to the extent it seeks documents that are subject to the attorney-client privilege, work product doctrine, joint-defense privilege, or other applicable legal protection or privilege. Finally, HESI objects to this Request to the extent it imposes obligations outside the MDL pre-trial orders that set out a schedule for document production prior to depositions. RESPONSE: Subject to and without waiving the foregoing objections, HESI will produce all responsive, non-privileged documents, once experts are designated and production is required under Fed. R. Civ. P. 26(a)(2) and any MDL pre-trial orders. |
| Cameron | 4/29/2011 | BP EXPLORATION AND PRODUCTION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON INTERNATIONAL CORPORATION | RFP 130 | All documents relating to Cameron's role in the response efforts to activate the DWH BOP system after the DWH Incident. | 5/27/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not limited to documents related to this litigation. RESPONSE: Subject to its objections, Cameron has been conducting and is continuing to conduct a good faith and reasonable search of existing and available documents/ESI from key custodians, and will produce responsive, non-privileged documents, if any, related to the Deepwater Horizon incident. |
| Cameron | 4/29/2011 | BP EXPLORATION AND PRODUCTION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON INTERNATIONAL CORPORATION | RFP 131 | All documents relating to any activities performed on or about the DWH BOP system by Cameron personnel in response to the DWH Incident. | 5/27/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not limited to documents related to this litigation. RESPONSE: Subject to its objections, Cameron has been conducting and is continuing to conduct a good faith and reasonable search of existing and available documents/ESI from key custodians, and will produce responsive, non-privileged documents, if any, related to the Deepwater Horizon incident. |
| Cameron | 4/29/2011 | BP EXPLORATION AND PRODUCTION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON INTERNATIONAL CORPORATION | RFP 132 | All documents regarding any efforts by Cameron personnel to activate the BOP system after the DWH Incident. | 5/27/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not limited to documents related to this litigation. RESPONSE: Subject to its objections, Cameron has been conducting and is continuing to conduct a good faith and reasonable search of existing and available documents/ESI from key custodians, and will produce responsive, non-privileged documents, if any, related to the Deepwater Horizon incident. |
| Cameron | 4/29/2011 | BP EXPLORATION AND PRODUCTION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON INTERNATIONAL CORPORATION | RFP 140 | All documents relating to any internal analyses or examinations performed by, or on behalf of, Cameron related to the Det Norske Veritas ("DNV") Final Report for United States Department of the Interior, dated March 20, 2011. | 5/27/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Request because it requests information protected by attorney-client privilege and work-product protection. RESPONSE: Subject to its objections, Cameron responds that it is aware of no responsive, non-privileged documents. |
| Cameron | 4/29/2011 | BP EXPLORATION AND PRODUCTION'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON INTERNATIONAL CORPORATION | RFP 160 | All documents that you contend support the proposition that Cameron was not negligent in acts related to the DW Incident and subsequent oil and gas spill. | 5/27/2011 | OBJECTIONS: Cameron objects to this Request because it requests information protected by attorney-client privilege and work-product protection. RESPONSE: Subject to its objections, Cameron has been conducting and is continuing to conduct a good faith and reasonable search of existing and available documents/ESI from key custodians, and will produce responsive, non-privileged documents. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

**BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues**

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Cameron | 6/3/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF INTERROGATORIES TO CAMERON INTERNATIONAL CORPORATION | IROG 24 | Describe why you believe that the Deepwater Horizon BOP system did not seal the Macondo well on April 20, 2010 and subsequently. | 7/12/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Interrogatory as premature in nature to the extent information responsive to this Interrogatory may not be identified until all fact and expert discovery is complete. Cameron objects to this Interrogatory as overly broad and unduly burdensome. Cameron also objects to this request to the extent it purports to call for information subject to the attorney-client privilege and/or the attorney workproduct doctrine. Cameron objects to the Interrogatory as argumentative because it states without support that "the BOP system did not seal the Macondo well," whereas BP's own Deepwater Horizon Accident Investigation Report states that "it is likely that a VBR eventually sealed the annulus." Moreover, Cameron objects to the Interrogatory as premature, as investigation related to the BOP is on-going. |
| Cameron | 6/3/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF INTERROGATORIES TO CAMERON INTERNATIONAL CORPORATION | IROG 31 | Describe in detail any and all communications with or representations by Cameron regarding the ability or inability for a Cameron BOP system to secure a well under dynamic flow conditions. Your answer should include but is not limited to the identification and description of all communications between Cameron and R&B Falcon Corp., Transocean or BP regarding the intended purposes and capabilities of the Deepwater Horizon BOP system. | 7/12/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not limited to information related to this litigation. Cameron objects to the phrase "dynamic flow conditions" as vague and undefined. RESPONSE: Subject to its objections, Cameron designs its BOPs to recognized industry standards and builds BOP stacks to each customer's specifications. Therefore Cameron's BOP stacks incorporate consideration of all of the well control risks contemplated by those standards and specifications. Cameron has, pursuant to Federal Rule of Civil Procedure 33(d), produced Certificates of Compliance showing the standards applicable to the Deepwater Horizon BOP. Cameron has produced documents reflecting issues regarding the configuration and design of the Deepwater Horizon BOP, including communications among RB Falcon (Transocean's predecessor), Vastar, and Cameron regarding the configuration and design to be used. See for example, CAM_CIV_0018746-CAM_CIV_0021208 and CAM_CIV_0052454-CAM_CIV_0052604. Cameron has also produced its Engineering Bulletin 702D (CAM_CIV_0079643), which states that "[i]f there is any wellbore pressure effects existing at the time of the shear (e.g. created by kick pressures or drilling fluid weight) a larger shear pressure is required to overcome the opposing force created." |
| Cameron | 6/3/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF INTERROGATORIES TO CAMERON INTERNATIONAL CORPORATION | IROG 32 | Identify all conditions under which the Deepwater Horizon BOP system was designed to secure a well, including dynamic flow conditions. | 7/12/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not limited to information related to this litigation. Cameron objects to the phrases "secure a well" and "dynamic flow conditions" as vague and undefined. RESPONSE: Subject to its objections, Cameron has, pursuant to Federal Rule of Civil Procedure 33(d), produced its Engineering Bulletin 702D (CAM_CIV_0079643), which states that "[i]f there is any wellbore pressure effects existing at the time of the shear (e.g. created by kick pressures or drilling fluid weight) a larger shear pressure is required to overcome the opposing force created." Please see the Response to Interrogatory # 30, *supra*, which describes the emergency back-up systems and their triggering mechanisms. |
| Cameron | 6/3/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST SET OF INTERROGATORIES TO CAMERON INTERNATIONAL CORPORATION | IROG 34 | Describe in detail any and all testing, evaluations, assessments, and calculations that Cameron has conducted to evaluate whether the type of blind shear rams used with the Deepwater Horizon BOP system was capable of centering or shearing drill pipe that was off-center. | 7/12/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not limited to information related to this litigation. RESPONSE: Subject to its objections, Cameron, pursuant to Federal Rule of Civil Procedure 33(d), has produced its Engineering Bulletin 702D (CAM_CIV_0079643) and its Engineering Reports relating to shear tests. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

## BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Cameron | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON INTERNATIONAL CORPORATION RELATED TO PHASE TWO | RFP 168 | All documents relating or referring to your participation in the efforts to cap, seal, contain, collect hydrocarbons or otherwise regain control of the MC252 Well following April 20, 2010, including, but not limited to, any communications regarding such efforts. | 10/31/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not limited to documents related to this litigation. Cameron objects to this Request because it requests information protected by attorney-client privilege and work-product protection.<br>RESPONSE: Subject to its objections, Cameron has been conducting and is continuing to conduct a good faith and reasonable search of existing and available documents/ESI from key custodians, and will produce responsive, non-privileged documents, if any, related to the Deepwater Horizon incident. |
| Cameron | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON INTERNATIONAL CORPORATION RELATED TO PHASE TWO | RFP 169 | All documents relating of referring to your role in the design, modification, or construction of any device to be used to cap, seal, contain, collect hydrocarbons or otherwise regain control of the MC252 Well, including, but not limited to, any technical drawings, design parameters and construction schedules and costs. | 10/31/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not limited to documents related to this litigation.<br>Cameron objects to this Request because it requests information protected by attorney-client privilege and work-product protection.<br>RESPONSE: Subject to its objections, Cameron has been conducting and is continuing to conduct a good faith and reasonable search of existing and available documents/ESI from key custodians, and will produce responsive, non-privileged documents, if any, related to the Deepwater Horizon incident. |
| Cameron | 9/30/2011 | BP EXPLORATION & PRODUCTION INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO CAMERON INTERNATIONAL CORPORATION RELATED TO PHASE TWO | RFP 170 | All documents relating or referring to your participation in the efforts to activate, analyze, modify, repair or otherwise regain control of the Deepwater Horizon Blowout Preventer following April 20, 2010, including, but not limited to, any communications regarding such efforts. | 10/31/2011 | OBJECTIONS: In addition to the General Objections set out above, Cameron objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; it is not limited to documents related to this litigation.<br>Cameron objects to this Request because it requests information protected by attorney-client privilege and work-product protection.<br>RESPONSE: Subject to its objections, Cameron has been conducting and is continuing to conduct a good faith and reasonable search of existing and available documents/ESI from key custodians, and will produce responsive, non-privileged documents, if any, related to the Deepwater Horizon incident. |
| Anadarko | 4/29/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE ANADARKO DEFENDANTS | RFP 79 | All documents relating to the flow rate of oil from MC252 after the Deepwater Horizon incident on April 20, 2010. | 7/1/2011 | Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to this Request to the extent it seeks documents available in the public domain.<br>Subject to and without waiving these objections, Responding Party will produce non-privileged or otherwise non-protected responsive documents related to the Macondo Well, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11. |
| Anadarko | 4/29/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE ANADARKO DEFENDANTS | RFP 80 | All documents relating to efforts to contain or clean up the oil spill after the Deepwater Horizon incident on April 20, 2010. | 7/1/2011 | Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to this Request to the extent it seeks documents available in the public domain. Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11.<br>Subject to and without waiving these objections, Responding Party will produce non-privileged or otherwise non-protected responsive documents, if any, that have not already been produced in this litigation and that are within the scope of the discovery permitted by Pretrial Order No. 11. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

# BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Anadarko | 4/29/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE ANADARKO DEFENDANTS | RFP 83 | All documents relating to any investigation conducted or being conducted by or on behalf of the Anadarko Defendants regarding the Deepwater Horizon incident on April 20, 2010 or the subsequent oil spill, including but not limited to drafts of reports relating to any such investigation and all documents investigators reviewed or relied upon in the course of such investigation. | 7/1/2011 | Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to the term "Anadarko Defendants" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to this Request to the extent it seeks premature expert discovery. Responding Party also objects to this Request because the undefined term "investigation" is vague and ambiguous. |
| Anadarko | 4/29/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE ANADARKO DEFENDANTS | RFP 92 | All documents that you contend support the proposition that the Anadarko Defendants are not liable for any damages related to the Deepwater Horizon incident and subsequent oil spill. | 7/1/2011 | Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to the term "Anadarko Defendants" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to the defined term "you" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to this Request to the extent it seeks premature expert discovery. Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. Subject to and without waiving these objections, Responding Party will produce non-privileged or otherwise non-protected responsive documents, if any, that have not already been produced in or otherwise made available during the course of this litigation, the Marine Board Investigation or the other investigations regarding the Incident, and/or otherwise available in the public domain, and that are within the scope of the discovery permitted by Pretrial Order No. 11. |
| Anadarko | 4/29/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE ANADARKO DEFENDANTS | RFP 93 | All documents that question or discuss the proposition that the Anadarko Defendants are not liable for any damages related to the Deepwater Horizon incident and subsequent oil spill. | 7/1/2011 | Responding Party incorporates its General Objections. Responding Party further objects to this Request to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to the term "Anadarko Defendants" as overly broad, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to this Request to the extent it seeks premature expert discovery. Responding Party also objects to the extent it seeks premature expert discovery. Responding Party also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. |

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

**BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues**

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| Anadarko | 7/1/2011 | THE BP PARTIES' FIRST SET OF INTERROGATORIES TO ANADARKO | IROG 43 | Please describe in detail all ways in which you contend BP's conduct constituted gross negligence or willful misconduct, as those terms are used in your crossclaims against BP. | 8/4/2011 | Responding Party incorporates its General Objections. Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to this Interrogatory to the extent it seeks information related to the pending arbitration between the BP Parties and Responding Party. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the Deepwater Horizon's operations at the Macondo Well, or the Incident. Responding Party further objects to this Interrogatory to the extent it seeks premature expert discovery. Responding Party also objects to the defined terms "you" and "your" as overly broad, confusing, compound, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to this Interrogatory because it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. Subject to and without waiving these objections, Responding Party responds as follows: Pursuant to the stipulation set forth in the preface of BP's Interrogatories, Responding Party "has no obligation to respond to Interrogatories Nos. 41-44 unless and until the court denies BP's Motion to Stay." The BP Parties' Motion to Stay was granted on July 15, 2011. Therefore, in reliance on BP's stipulation, Responding Party will not respond further to Interrogatory No. 43. |
| Anadarko | 7/1/2011 | THE BP PARTIES' FIRST SET OF INTERROGATORIES TO ANADARKO | IROG 44 | Please describe in detail all ways in which you contend BP's conduct constituted negligence, as that term is used in your crossclaims against BP. | 8/4/2011 | Responding Party incorporates its General Objections. Responding Party further objects to this Interrogatory to the extent that it seeks disclosure of information protected by the attorney-client privilege, the attorney work product doctrine, the common interest principle or any other applicable privilege or protection. Responding Party also objects to this Interrogatory to the extent it seeks information related to the pending arbitration between the BP Parties and Responding Party. Responding Party objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to the Macondo Prospect, the Macondo Well, the Deepwater Horizon's operations at the Macondo Well, or the Incident. Responding Party further objects to this Interrogatory to the extent it seeks premature expert discovery. Responding Party also objects to the defined terms "you" and "your" as overly broad, confusing, compound, beyond the scope of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party also objects to this Interrogatory because it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11. Subject to and without waiving these objections, Responding Party responds as follows: Pursuant to the stipulation set forth in the preface of BP's Interrogatories to, Responding Party "has no obligation to respond to Interrogatories Nos. 41-44 unless and until the court denies BP's Motion to Stay." The BP Parties' Motion to Stay was granted on July 15, 2011. Therefore, in reliance on BP's stipulation, Responding Party will not respond further to Interrogatory No. 44. |
| MOEX | 4/29/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE MOEX DEFENDANTS | RFP 79 | All documents relating to the flow rate of oil from MC252 after the Deepwater Horizon incident on April 20, 2010. | | N/A |
| MOEX | 4/29/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE MOEX DEFENDANTS | RFP 80 | All documents relating to efforts to contain or clean up the oil spill after the Deepwater Horizon incident on April 20, 2010. | | N/A |

Case 2:10-md-02179-CJB-DPC   Document 5640-2   Filed 02/02/12   Page 14 of 14

Attachment 2
R. Gasaway Ltr. to S. Shushan (Feb. 2, 2012)

## BP Discovery Requests to Non-US, Non-State Parties Broadly Relevant to Phase 2 Issues

| Party | Request Date | Title of Request | Request Number | Request Text | Response Date | Response |
|---|---|---|---|---|---|---|
| MOEX | 5/1/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE MOEX DEFENDANTS | RFP 83 | All documents relating to any investigation conducted or being conducted by or on behalf of the MOEX Defendants regarding the Deepwater Horizon incident on April 20, 2010 or the subsequent oil spill, including but not limited to drafts of reports relating to any such investigation and all documents investigators reviewed or relied upon in the course of such investigation. | | N/A |
| MOEX | 5/2/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE MOEX DEFENDANTS | RFP 92 | All documents that you contend support the proposition that the MOEX Defendants are not liable for any damages related to the Deepwater Horizon incident and subsequent oil spill. | | N/A |
| MOEX | 5/3/2011 | THE BP PARTIES' FIRST REQUESTS FOR PRODUCTION TO THE MOEX DEFENDANTS | RFP 93 | All documents that question or discuss the proposition that the MOEX Defendants are not liable for any damages related to the Deepwater Horizon incident and subsequent oil spill. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 5 | Please produce all documents discussing, reflecting or relating to the Oil Spill. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 7 | Please produce all documents discussing, reflecting or relating to the Oil Spill Response | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 10 | Please produce all documents you have provided to any government, government officer or official, commission, agency, board, or other governmental or regulatory entity, authority, or person related to the Incident, the Oil Spill, or the Oil Spill Response. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 12 | Please produce all documents discussing, reflecting or relating to any claim you have asserted against any person or entity as a result of the Incident, the Oil Spill, or the Oil Spill Response. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 13 | Please produce all documents you intend to rely upon at any hearing, trial, or other proceeding in connection with this litigation or any other litigation or dispute-resolution process of any kind involving issues related to the Incident, the Oil Spill, or the Oil Spill Response. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 14 | Please produce all documents you intend to introduce into evidence at any hearing, trial, or other proceeding in connection with this litigation or any other litigation or dispute-resolution process of any kind involving issues related to the Incident, the Oil Spill, or the Oil Spill Response. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 15 | Please produce all documents you have provided to any consultant or expert in connection with this litigation or any other litigation or dispute-resolution process of any kind involving issues related to the Incident, the Oil Spill, or the Oil Spill Response. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 69 | Please produce all documents discussing, reflecting or relating to any pre- or post-incident concerns or analysis about the Weatherford float collar provided at the Macondo well. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 74 | Please produce all documents discussing, reflecting or relating to flow path of the hydrocarbons up the Macondo well. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 75 | Please produce all document discussing, reflecting or relating to Weatherford's analysis on flow path. | | N/A |
| Weatherford | 4/29/2011 | THE BP PARTIES'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO WEATHERFORD | RFP 76 | Please produce all documents discussing, reflecting or relating to the hydrocarbon flow data on April 19 and 20, 2010 from the Macondo well, including any analysis of the flow data, reports, and presentation materials. | | N/A |

14 of 14