UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179  SECTION: J |
| This Document Relates To: All Actions  ……………………………………………... | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE THE USE OF EXTRINSIC EVIDENCE TO INTERPRET INDEMNITIES**

Transocean's response does not offer a single reason why extrinsic evidence should be admitted to interpret indemnities, especially given the Court's recent Order and Reasons regarding the Drilling Contract's indemnities, Dkt. No. 5446 (the "Order").  ***First***, Transocean does not cite a single case holding that the extrinsic evidence it seeks to introduce is relevant to interpreting the indemnities here.  In fact, Transocean claims that its motion regarding the indemnities "was strictly a plain-language argument," TO Response at 2, Dkt. No. 5471, and under case law cited by BP extrinsic evidence is irrelevant to interpreting unambiguous contractual indemnities, BP Mem. at 2-3, Dkt. No. 5359-1.  Moreover, Transocean admits that in the Court's Order the indemnities "have been interpreted, and this was done without resorting to anything other than the plain language."  TO Response at 3.  Thus, there is no reason to admit Transocean's extrinsic evidence during the Phase I trial.  It is irrelevant and should be excluded.

***Second***, Transocean does not even attempt to distinguish BP's case law holding that extrinsic evidence cannot be used to interpret indemnities in an unambiguous maritime contract.  BP Mem. at 3.  BP cited numerous cases from the Fifth Circuit, this Court, and other jurisdictions holding that extrinsic evidence was irrelevant.  *Id.*  Transocean does not purport to distinguish any of these cases, and does not cite any cases denying motions *in limine* against

using extrinsic evidence to interpret indemnities.  Nor does Transocean present any response to BP's arguments that the merger clause bars the extrinsic evidence, or that such evidence would detract from trying the core issues in Phase I.

Instead, Transocean cites three wholly inapposite cases.  All of those cases involved contracts that were either ambiguous or were not integrated, but Transocean claims that the Drilling Contract's indemnities are unambiguous and does not dispute that the Contract is integrated.  *Jeanes v. Henderson*, 703 F.2d 855, 861 (5th Cir. 1983) ("The term 'interest' in the third option was not self-defining and was in this sense ambiguous.  Henderson's testimony was thus admissible to determine the meaning of the term."); *Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 28 (2d Cir. 1988) ("Because of this ambiguity, extrinsic evidence bearing on the intentions of the parties must be examined."); *United States v. Clementon Sewerage Auth.*, 365 F.2d 609, 614 (3d Cir. 1966) ("Since the contract is not integrated, the parol evidence rule does not apply … .").  None of those cases hold, or even suggest, that extrinsic evidence can be used to interpret an integrated, unambiguous agreement.  Two of the cases simply state that the parol evidence rule is substantive rather than procedural – hearkening back to whether state rather than federal law applies under the *Erie* doctrine.  *Garza*, 861 F.2d at 26 (citing *Zell v. Am. Seating Co.*, 138 F.2d 641, 643 & n.1 (2d Cir. 1943) which explains that "[w]ere the parol evidence rule a rule of evidence, we could decide this question without reference to state court decisions" "[a]s we did in the carefree days before the advent of *Erie*"); *Clementon Sewerage*, 365 F.2d at 613-14 (relying on New Jersey law to hold that parol evidence rule did not apply).  Whether one calls the parol evidence rule substantive or evidentiary cannot change the fact that extrinsic evidence is irrelevant to interpreting an unambiguous contract, as both the Fifth Circuit and this Court have held.

***Third***, bereft of the arguments on the merits, Transocean resorts to playing procedural games. But the simple truth is that BP's motion is a timely filed motion *in limine*. A motion *in limine* "refer[s] refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). That is precisely what BP's motion does: seek to exclude irrelevant extrinsic evidence before the evidence is offered. There is no basis for striking or denying the motion. Instead, especially in light of the Court's Order, BP's motion should be granted and the Court should enter an order excluding the use of any purported extrinsic evidence to interpret indemnities from the upcoming Phase I trial.

Dated: February 10, 2012                                   Respectfully submitted,

/s / Don K. Haycraft.
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP p.l.c., BP Exploration & Production Inc., and BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of February, 2012.

/s/  Don K. Haycraft