# EXHIBIT 40

# DEPOSITION TRANSCRIPT OF DAVID PRITCHARD

Page 504

```
 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
 2
 3    IN RE:  OIL SPILL      )  MDL NO. 2179
      BY THE OIL RIG         )
 4    "DEEPWATER HORIZON" IN )  SECTION "J"
      THE GULF OF MEXICO, ON )
 5    APRIL 20, 2010         )  JUDGE BARBIER
                             )  MAG. JUDGE SHUSHAN
 6
 7
 8
 9
10
11
12
13
14
15
16
17              ****************
                    VOLUME 2
18              ****************
19
20
           Continuation of the deposition of David
21    Michael Pritchard, taken at the Pan-American
      Building, 601 Poydras Street, 11th Floor, New
22    Orleans, Louisiana, 70130, on the 15th day of
      November, 2011.
23
24
25
```

PURSUANT TO CONFIDENTIALITY ORDER

1              And you were kind enough to open your
2     Report to Page 221.  This is the only two pages I
3     could find in the Report where you discuss the
4     product that was manufactured by my client,
5     Weatherford, and that is the float collar.  And
6     the first mention was on Page 221 in connection
7     with your discussion of the BP Guidance Document
8     10-60, entitled "Zonal Isolation."  You
9     specifically mention Section 6.2, "Acceptable
10    Barriers."  Correct?
11         A.   Yes, sir.
12         Q.   And that was your comment at the end of
13    quoting Section 6.2, that a float collar is not
14    deemed to be a barrier?
15         A.   That is --
16         Q.   That's --
17         A.   -- correct.
18         Q.   That's your opinion?
19         A.   And that's what this says.
20         Q.   Yeah.  And --
21         A.   Yes, sir.
22         Q.   -- and -- but -- and would you say,
23    Mr. Pritchard, from your experience that the --
24    from your experience the industry does not
25    recognize a float collar to be a barrier to

```
 1    hydrocarbon flow?
 2        A.    In my experience I have never heard the
 3    float collar to be deemed a barrier.
 4        Q.    Okay.
 5        A.    The -- the issue around that is -- you
 6    know, once again, they -- they had a whole lot of
 7    anomalies.   They had problems with conversion.
 8    They had problems reading the realtime data.
 9    They didn't read the realtime data.
10        Q.    Right.
11        A.    So what I further say is there was not an
12    identified risk assessment of, you know, the
13    annular barrier.
14        Q.    Okay.  From your experience in the
15    industry, a float collar is not considered to be
16    a barrier to hydrocarbon flow?
17        A.    No, sir, not in my experience.
18        Q.    That's a -- that's a correct statement?
19        A.    That is a correct statement.
20        Q.    Thank you.
21              And just one last question.  It has to do
22    on Page 222, when you make reference to BP
23    Guidance Document GP 10-10, which I believe is
24    BP's Well Control Guidance Document, correct?
25        A.    M-h'm.
```

01-38782
EAF/dlr

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ) ) ) ) ) ) ) | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

## *CONFIDENTIAL*

### *WorldwideVIEW*™
**Interactive Deposition Digital Display**

ORAL AND VIDEOTAPED DEPOSITION OF:



## David Michael Pritchard
**VOLUME 2**

NOVEMBER 15, 2011

## *ORIGINAL*



*Systems Technology for the Litigation World*

Litigation Group ♦ Court Reporting ♦ Video Production ♦ Videoconferencing

**For U.S. & International Services**
800 - 745 - 1101

```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF LOUISIANA


IN RE: OIL SPILL          )   MDL NO. 2179
BY THE OIL RIG            )
"DEEPWATER HORIZON" IN    )   SECTION "J"
THE GULF OF MEXICO, ON    )
APRIL 20, 2010            )   JUDGE BARBIER
                          )   MAG. JUDGE SHUSHAN
```

REPORTER'S CERTIFICATION
TO THE ORAL AND VIDEOTAPED DEPOSITION OF
DAVID MICHAEL PRITCHARD
NOVEMBER 15, 2011
VOLUME 2

I, Emanuel A. Fontana, Jr., Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the witness, **DAVID MICHAEL PRITCHARD**, was duly sworn by the officer and that the transcript of the oral deposition is a true record of the testimony given by the witness;

That the deposition transcript was submitted on _December 5_, 2011, to the witness or to Attorney _J Robert Warren_ for the witness to examine, sign, and return to Worldwide Court Reporters, Inc., by _January 20_, 2012.

That the amount of time used by each party at the deposition is as follows:

Ms. Gallagher - 23 Minutes
Mr. Lemoine - 5 Minutes
Mr. Regan - 1 Hour
Mr. Chakeres - 14 Minutes
Mr. Watts - 29 Minutes

1   I further certify that I am neither counsel for, related to, nor employed by any of the
2   parties in the action in which this proceeding was taken, and further that I am not financially
3   or otherwise interested in the outcome of the action.
4
    SUBSCRIBED AND SWORN to by me on this 15th
5   day of November, 2011.

6

7

8   *Emanuel A. Fontana*
    Emanuel A. Fontana, Jr., RPR
9   Texas CSR No. 1232
    Expiration Date: 12/31/12
10  Worldwide Court Reporters
    Firm Registration No. 223
11  3000 Weslayan, Suite 235
    Houston, Texas   77027
12  (713) 572-2000

13

14

15

16

17

18

19

20

21

22

23

24

25

**PURSUANT TO CONFIDENTIALITY ORDER**

```
 1
 2         I, DAVID MICHAEL PRITCHARD, have read the
 3   foregoing deposition and hereby affix my
 4   signature that same is true and correct, except
 5   as noted on the attached Amendment Sheet.
 6
 7                    _____
                              DAVID MICHAEL PRITCHARD
 8
 9
10   THE STATE OF  Texas   )
     COUNTY OF  Comal      )
11
         Before me, David M. Pritchard          , on
12   this day personally appeared DAVID MICHAEL
     PRITCHARD, known to me (or proved to me under
13   oath or through  Tx Drivers License         ) to
     be the person whose name is subscribed to the
14   foregoing instrument and acknowledged to me that
     they executed the same for the purposes and
15   consideration therein expressed.
         Given under my hand and seal of office this
16    8th       day of   December          , 2011.
17        [SEAL: DEENA K. FLOWERS
           Notary Public, State of Texas
18         My Commission Expires
           July 08, 2013]
                           Deena K. Flowers
19                   _____
                     NOTARY PUBLIC IN AND FOR
                     THE STATE OF  Texas
20                   COMMISSION EXPIRES: 07-08-2013
21
22
23
24
25
```

**PURSUANT TO CONFIDENTIALITY ORDER**

# CHANGES AND SIGNATURE

WITNESS NAME:   DAVID MICHAEL PRITCHARD

DATES OF DEPOSITION:   November 14 & 15, 2011

| Page Line | Change | Reason |
|---|---|---|
| 18 – 12 | "La Saba" to "Le Ceiba" | Misspelled |
| 21 – 4 | "front-line" to "Frontline" | Misspelled - Name of a company |
| 24 – 7 | <ul><li>April 20, 2010 at approximately 9:10pm (cst) Bea received a telephone call from Lillian Miller of Houma, LA advising him of emergency messages heard on the radio regarding the DWH MODU.</li><li>The following week, Bea began collecting data regarding the failures on the DWH. He also began reaching out to his contacts and other people in the industry to assist with collecting data.</li><li>In the second week of May 2010, Bill Riley contacted Bea to request a meeting to discuss the DWHSG.<ul><li>Riley is the former head of the EPA and co-chair of President's National Commission on the BP DWH Oil Spill.</li></ul></li><li>In early May of 2010, while developing the DWHSG, Bea was contacted by the White House and Dept. of Interior to request his participation in an expert group formed to advise on safety issues associated with drilling.</li><li>By the fourth week of May,</li></ul> | |

| | | the DWHSG was fully established and comprised of 7 task forces.<br>    ○ Pritchard was appointed by Bea to co-chair the "Deepwater Drilling and Completions" taskforce.<br>    ○ Group was created solely by Bea on his own initiative.<br>• Senator Barbara Boxer contacted Bea and requested that he keep her and her staff apprised on the DWHSG findings and how she may help to progress their work. | |
|---|---|---|
| 45 – 13 | "Chip Dip" to "CPDEP" | Misspelled - "CPDEP" is a Chevron acronym for its stage-gated well development, planning and execution process: Chevron Project Development and Execution Process, a process similar to the BP Beyond the Best ("BtB") process. |
| 64 - 5 | "Bidezomons" to "Bayou Des Allemands" | Misspelled |
| 64 – 7 | "Reston" to "Redlands" | Misspelled |
| 71 - 9 | "Front Line" to "Frontline" | Misspelled – Name of a company |
| 73 – 1 | "SPU" to "SPE" | Reporter Error – "SPE" stands for Society of Petroleum Engineers |
| 73 – 17 | "consultance" to "consultants" | Misspelled |
| 78 – 13 | "guys" to "guise" | Wrong word |
| 89 – 11 | "forerunner" to "forefront" | Wrong word |
| 93 – 8 | "a SYN" to "Scandpower" | Correction of name |
| 95 – 24 | "Schlenster" to "Schlensker" | Misspelled |
| 132 – 35 | "assess" to "assessed" | Incomplete word |
| 134 – 17 | "a billet" to "ability" | Misunderstood |
| 138 – 12 | Change "of" to "with" | Misunderstood |
| 149 – 8 | Change "17.4" to "14.7" | Misunderstood |
| 150 - 22 | Change "17.5" to "17,500" | Misunderstood |
| 155 – 4 | Remove "liner" | Unnecessary word |
| 159 – 4 | add "-" between "nondescript" and "whatever" | Context clarification |

| | | |
|---|---|---|
| 160 – 4 | Delete "Holes –" | Misunderstood |
| 161 – 17 | "data is" instead of "days are" | Context |
| 185 – 16 | "we" refers to BP | Clarification of context |
| 205 – 4 | "Petroleum" instead of "Patrolling" | Misunderstood |
| 215 – 3 | Insert "on" between "be" and "shear" | Missed word |
| 274 – 6 | Replace "Eurdeanetta" with "Urdenetta" | Misspelled |
| 284 – 12 | "sif" | Reporter error – still in shorthand |
| 286 – 5 | Replace "Kaskida" with "Kodiak" | Misstated |
| 321 – 21 | Add "s" to the end of "widget" | Plural |
| 324 – 8 | Delete "at" and replace with "said" | Misunderstood |
| 347 – 13 | Delete "10,250" and replace with "17,260" | Misunderstood |
| 363 - 23 | Delete "drip" | Unnecessary word |
| 376 – 10 | "We" refers to "me/I" | Clarification of context |
| 378 – 25 | Replace "UCD" with "ECD" | Typographical error |
| 458 – 7 | Add "For example," before "You" | Context clarification |
| 471 – 20 | Replace "Bidezollomons" with "Bayou Des Allemands" | Misspelled |
| 555 – 21 | Replace "Asaba" with "Laceiba" | Misunderstood |
| 557 – 22 | Replace "No" with "Yes" | Misstated - I was a Well Site Leader on the following gas and hazardous storage Deepwells: Great Lakes Chemical, Arkansas Chemical, Tejas Power and Sofregas. Additionally, I planned and supervised my own wells including East Texas and North Redlands, which are six HPHT narrow margin gas wells over 11,000 – 12,000' deep. All wells I have just listed are exploration wells. |
| 612 – 23 | Replace "twelve, five" with "from 12,500" | Misunderstood |
| 612 – 25 | Replace "eleven, seven" with "from 11,700" | Misunderstood |