UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>THIS DOCUMENT APPLIES TO:<br>ALL CASES | MDL No. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

## MEMORANDUM IN SUPPORT OF TRANSOCEAN'S MOTION TO COMPEL DEPOSITION TESTIMONY OF DONALD VIDRINE

Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean") respectfully submit this Motion to Compel the Deposition Testimony of Donald Vidrine.  Mr. Vidrine, BP's on-duty, *Deepwater Horizon* Well Site Leader at the time of the April 20, 2010 Macondo well blowout, is a key source of information regarding critical events and operations that occurred immediately prior to the blowout.  To date, Mr. Vidrine has refused to testify by way of deposition or written discovery, citing medical-related problems.  Mr. Vidrine's medical issues do not provide a legal basis for his refusal to testify.   Thus, Transocean respectfully requests that the Court grant its motion to compel and order Mr. Vidrine to immediately appear for deposition.

## BACKGROUND

Mr. Vidrine was the BP Well Site Leader on duty at the time of the *Deepwater Horizon* blowout.  He possesses critical information regarding the negative pressure test and the BP

1

operations and decisions made in the final hours before the incident.  For example, Mr. Vidrine has direct knowledge of his conversation with BP drilling engineer Mark Hafle[1] regarding the differential pressures seen during the negative pressure test, and BP's decision to continue with temporary abandonment and displacement operations despite Mr. Hafle's statement that the observed differential pressures were not possible with a successful negative test.

Even though Mr. Vidrine is a key fact witness and the possessor of critical knowledge surrounding the April 20 events, he has steadfastly refused to participate in discovery or testify, indicating that he is medically unfit to do so.  Mr. Vidrine has not raised his Fifth Amendment rights.

In late 2010, a report summarizing a medical examination performed by Dr. Bob Winston, ostensibly Mr. Vidrine's physician in Lafayette, LA, was submitted to the Court for *in camera* review.  Dr. Winston's report has not been made available to the other parties, and he has not been deposed.

On February 6, 2012 Transocean served a trial subpoena on Mr. Vidrine at his residence in Lafayette, LA.[2]   In response to the subpoena, Mr. Vidrine's personal counsel indicated in email correspondence to the Court that it is still Mr. Vidrine's position that he is medically unfit to testify in person or by written discovery.[3]

On February 10, 2012, Transocean served a deposition and document production subpoena on Dr. Winston (at his medical office in Lafayette, LA), requesting that he appear for deposition and produce documents at the law offices of Preis & Roy in Lafayette, LA on Friday, February 17, 2012.  On February 11, 2012 Transocean served a deposition subpoena on Mr.

---

[1] Mr. Hafle has raised his Fifth Amendment rights.
[2] Attached hereto as Exhibit A.
[3] February 9, 2012 correspondence attached hereto as Exhibit B.

2

Vidrine (at his residence in Lafayette, LA), requesting that he appear for deposition at the law offices of Preis & Roy in Lafayette, LA on Friday, February 17, 2012. [4]

## ARGUMENT

### I. Regardless of his medical condition, Mr. Vidrine must provide deposition testimony.

It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). Furthermore, a party is not entitled to quash the deposition merely because he or she may be incompetent to testify at trial. *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 93 (N.D. Tex. 1994). The right to depose a witness and the right to use that testimony in court are separate and distinct. *See United States v. International Business Machines Corp.*, 90 F.R.D. 377, 381 n. 7 (S.D.N.Y.1981); *Bucher*, 160 F.R.D. at 93. The discovery rules expressly provide that the information sought need not be admissible at trial if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Bucher,* 160 F.R.D at 93.

There is no doubt that the information sought from Mr. Vidrine is "reasonably calculated to lead to the discovery of admissible evidence," as required by Rule 26. And, as set forth above, the case law simply does not support Mr. Vidrine's contention that his medical condition excuses him from discovery in this case.

Moreover, Mr. Vidrine's medical or mental capacity is not an issue of discoverability, but one of competence and credibility. *U.S. v. Gonzalez-Maldonado*, 115 F.3d 9, 15-16 (1st Cir. 1997) (noting that in criminal cases, a witness' mental state can be relevant to the witness' credibility). Because this is a bench trial, the admissibility and credibility of Mr. Vidrine's testimony can be weighed by Judge Barbier without fear of misleading the trier of fact.

---

[4] Attached hereto as Exhibits C and D.

**II. Vidrine has waived any medical privilege that may have protected his medical records or Dr. Bob Winston's report.**

On matters which are governed by federal substantive law, the federal courts apply a federal law of privilege, either as prescribed by statute or as fashioned from "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." While federal law does not recognize a physician-patient privilege, it does recognize a psychotherapist-patient privilege as to communications between a patient and a licensed psychotherapist in the course of diagnosis or treatment. *Jaffe v. Redmond*, 518 U.S. 1, 10-11, (1996); *United States v. Quorum Health Resources*, 1999 WL 7900, at *2 (E.D. La. Jan. 6, 1999); *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 925-926 (7th Cir. 2004). The party asserting a privilege has the burden to demonstrate that the privilege exists under the circumstances presented. *James v. Harris County*, 237 F.R.D. 606, 609 (S.D. Tex. 2006). Mr. Vidrine has so far failed to demonstrate that the privilege attaches under the circumstances presented in this case.

Importantly, a patient may waive the psychotherapist-patient privilege when the patient places his or her medical condition at issue. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Vasconcellos v. Cybex Intern., Inc.*, 962 F. Supp. 701, 708 (D. Md. 1997). By refusing to participate in discovery or testify at trial, and by basing that refusal on his mental or other medical condition, Mr. Vidrine has placed his condition at issue in this case and has waived any psychotherapist-patient privilege that may have applied.

**III. Any privacy concerns surrounding Mr. Vidrine's medical records can be allayed by the use of appropriate protective orders.**

Transocean has no desire to publicize any medical or mental health conditions from which Mr. Vidrine may suffer. To that end, Transocean asserts that Mr. Vidrine's medical

4

records and any testimony by Mr. Vidrine or Dr. Winston related thereto, can be protected pursuant to Pre-Trial Order 13 (Rec. Doc. No. 641). And, even if PTO 13 is not applicable to personal medical records, Transocean consents to the entry of an appropriate protective order to protect Mr. Vidrine's health information from public dissemination.

## CONCLUSION

Based on the foregoing, Transocean respectfully requests that the Court issue an order compelling Mr. Vidrine to appear for deposition prior to trial and fully respond pursuant to Transocean's February 6, 2012 and February 11, 2012 subpoenas. Alternatively, Transocean respectfully requests that if the Court is not inclined at this time to require Mr. Vidrine to testify, that the Court compel Mr. Vidrine's physician, Dr. Bob Winston, to appear for deposition pursuant to Transocean's February 10, 2012 subpoena.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
kent.sullivan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501

Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

-and-

By:     /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 12, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

                                                    /s/  Kerry J. Miller