UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>This Document Relates To:<br>210-CV-02771; MDL No. 2179 | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE NO. 1<br>MAGISTRATE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANTS AND CROSS-CLAIM PLAINTIFFS
ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P
COMPANY LP FOR LEAVE TO AMEND CROSS-CLAIMS**

Defendants and Cross-Claim Plaintiffs Anadarko Petroleum Corporation and Anadarko E&P Company LP (together "Anadarko") have moved the Court pursuant to Federal Rule of Civil Procedure 15(a)(2), for leave to amend Anadarko's cross-claims filed on April 19, 2011 [10-2771, Rec. Doc. 338].

**I.     FACTUAL BACKGROUND**

The basis for the motion is that Anadarko and BP Exploration & Production Inc. are parties to a Confidential Settlement Agreement (the "Settlement"). Among other things, the Settlement provides that Anadarko releases all claims against BPXP and its affiliates, and that Anadarko assigns to BPXP all right, title and interest in its cross-claims for damages against other defendants in the above captioned case. Accordingly, Anadarko files concurrently with this Motion to Amend a Motion to Substitute BP

Exploration & Production Inc. as Cross-Claim Plaintiff in the First Amended Cross-Claims of Anadarko Petroleum Corporation and Anadarko E&P Company LP.

BPXP has entered into similar confidential settlements with both Weatherford and Cameron. Anadarko therefore respectfully seeks leave to amend its cross-claims to delete, and thereby dismiss, Anadarko's cross-claims against BPXP, BP America Production Company, BP p.l.c., Weatherford U.S. L.P., Weatherford International, Inc., and Cameron International Corporation f/k/a Cooper-Cameron Corporation. Dismissal is appropriate in light of the settlements between and among the parties.

The proposed amendment also deletes certain factual allegations supporting the now settled and released cross-claims. Because the factual allegations are being deleted, rather than added, there is no prejudice to any party. The proposed amendment also clarifies certain other existing allegations and contains certain non-substantive changes in phrasing and terminology. The proposed amendment also is intended to bring Anadarko's cross-claims into conformance with the Court's prior judgments in connection with the various parties' Motions to Dismiss. Accordingly the proposed amendment deletes Anadarko's contingent cross-claims asserted under state law, and reflects the Court's rulings that Anadarko was not negligent, and bears no measure of proportional fault for the incident. *See* Order and Reasons as to the Motions to Dismiss the B1 Master Complaint [Rec. Doc. 3830] at 28; Minute Entry [Rec. Doc. 4682] at 3. A copy of the proposed amended pleading is attached as Exhibit A hereto. Finally, the proposed amendment includes an allegation that Anadarko and BPXP have entered into a settlement agreement, and that Anadarko has assigned to BPXP its cross-claims for damages.

A draft of the proposed First Amended Cross-Claims was circulated to counsel for the cross-claim defendants. Undersigned counsel hereby certifies that cross-claim defendants Transocean and M-I do not object to the relief requested. Counsel for Halliburton has stated that Halliburton opposes the Motion.[1]

## II.     ARGUMENT

Leave to amend should be "freely" granted when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (directive in Rule 15(a) that leave to amend shall be granted "freely" when justice requires "is to be heeded"); *see, e.g., SMG Foods, LLC v. Delek Capital,* Civ. No. 09-6734, 2010 WL 103873, *4 (E.D. La. Jan. 7, 2010) (Barbier, J.) (granting leave to amend in interest of justice). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave sought should, as the rules require, be freely given." *Foman*, 371 U.S. at 182; s*ee, e.g., Musso v. Progressive Northwestern Ins. Co.*, Civ. No. 06-4114, 2007 WL 325364, *2-3 (E.D. La. Jan. 31, 2007) (Barbier, J.) (justice required that leave to amend be granted where leave would cure jurisdictional defect, it was plaintiff's first motion for leave to amend, plaintiff had not delayed and was not acting in bad faith).

---

[1]  Halliburton objected to the Motion because the draft of the proposed First Amended Cross-Claims that was shared with counsel deleted the word "partially" from the allegation that the Sperry mudlogging personnel were "partially responsible for monitoring the well, including mud pit fluid levels, mud float in and out of the well, mud gas levels, and pressure fluctuations." Anadarko Cross-Claims [10-2771, Rec. Doc. 338] at ¶ 216. To address Halliburton's concern, Anadarko agreed not to remove the word "partially" from the relevant allegation in the proposed First Amended Cross-Claims. *See* Exhibit A, Proposed First Amended Cross-Claims at ¶ 46.

Here, the relevant factors support granting leave to amend. Anadarko does not seek leave to amend for any bad faith or dilatory purposes, has never before sought leave to amend, and the proposed amendments are not futile. To the contrary, the proposed amendments will streamline Anadarko's cross-claims by removing settled claims, and removing claims that were asserted under inapplicable state law. The amendments will further help to clarify the parties' positions at the upcoming trial.

The proposed amendments will not delay the proceedings in any way. Neither Anadarko nor BPXP seek any adjustment to the trial schedule in connection with the proposed amendment. As noted, by eliminating claims and allegations, the proposed amendment will simplify the proceedings.

The proposed amendment does not prejudice any party. The proposed First Amended Cross-Claims do not add any new facts, cross-defendants, theories of liability or causes of action. Rather, the purpose of the proposed amendment is simply to reflect the reality that Anadarko and BPXP have settled with each other in advance of trial. *See generally In re Enron Corp. Sec., Derivative & "ERISA" Litig*., MDL No. 1446, 2011 WL 3489524 (S.D. Tex. Aug. 9, 2011) (granting leave to amend where one of the purposes was to eliminate defendants with whom plaintiffs have settled).

Finally, the Court previously granted MOEX Offshore 2007 LLC leave to amend its cross-claims, in almost exactly the same way, and for exactly the same reasons that Anadarko now seeks leave to amend. *See* Motion of Defendant and Cross-Claim Plaintiff MOEX Offshore 2007, LLC to Amend Cross-Claims [Rec. Doc. 4356]; Order [Rec. Doc. 4384, 10/21/2011]. Like Anadarko, MOEX entered into a confidential settlement agreement with BPXP, and sought leave to amend its cross-claims to remove the settled

claims. *Id.* MOEX further moved for, and was granted leave to substitute BPXP for MOEX as the real party in interest in MOEX's cross-claims. *See* Motion to Substitute BP Exploration & Production, Inc. as Cross-Claim Plaintiff in Amended Cross-Claims of MOEX Offshore 2007 LLC [Rec. Doc. 4591]; Order [Rec. Doc. 4946, 12/16/2011]. For the same reasons that the Court granted MOEX leave to amend, the Court also should grant Anadarko the requested leave.

## III. CONCLUSION

For the foregoing reasons, Defendants and Cross-Claim Plaintiffs Anadarko Petroleum Corporation and Anadarko E&P Company LP pray that this Court grant the requested leave to amend their Cross-Claims in the form set forth in Exhibit A.

Respectfully submitted,

DATED: February 13, 2012        BINGHAM McCUTCHEN LLP

*/s/ James J. Dragna*
James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on February 13, 2012.

                                                  _____*/s/ James J. Dragna*_____
                                                          James J. Dragna