**HABANS & CARRIERE**
ATTORNEYS AT LAW
10843 N. OAK HILLS PARKWAY
**BATON ROUGE, LOUISIANA 70810**

(225) 757-0225
Telefax: (225) 757-0398
E-mail: bobhab@bellsouth.net

ROBERT N. HABANS, JR.

February 13, 2012
**(by e-mail only)**

Honorable Sally Shushan
U. S. Magistrate Judge
U. S. District Court
Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, LA 70130

      Re:    Oil Spill by the Oil Rig "Deepwater Horizon";
               U.S.D.C., E.D.La., MDL No. 2179, Sec. J, Mag. Div. 1

**Donald Vidrine's Motion to Quash Deposition Subpoena Served on Him
and on His Treating Physician, Dr. Bob Winston, and Opposition to
<u>Transocean's Motion to Compel Deposition Testimony of Donald Vidrine</u>**

Dear Judge Shushan:

      As instructed today by Your Honor's law clerk, Mr. Michael O'Keefe, this expedited letter brief is submitted by e-mail on behalf of Donald J. Vidrine in response to Transocean's Motion to Compel Deposition Testimony of Donald Vidrine [Rec. Doc. 5656]. Transocean's Motion to Compel, filed yesterday evening, comes on the eve of trial of the liability phase of this long-pending action.

      In its belated motion, Transocean seeks to compel the testimony of Mr. Vidrine at a deposition this Friday, February 17, 2012. Transocean served a deposition subpoena on Mr. Vidrine only this past Saturday, February 11 [Rec. Doc. 5656-4].

      Although Transocean's Motion to Compel is limited solely to the deposition of Mr. Vidrine, in its memorandum Transocean requests, in the alternative, that if the Court does not compel Mr. Vidrine to testify, it should instead compel one of Mr. Vidrine's physicians, Dr. Bob Winston, to appear for deposition pursuant to a subpoena separately served on him. *See* Rec. Doc. 5656-1 at p. 5 and subpoena to Dr. Winston, Exhibit D, Rec. Doc. 5656-5. Out of an abundance of caution, Mr. Vidrine will also address here why that alternative relief should also be denied (assuming it was

Magistrate Judge Sally Shushan
February 13, 2012
Page 2

properly requested, which is denied in the first instance) and why, in any event, Dr. Winston's subpoena should be quashed.

Transocean's Motion to Compel should be denied for several, independent reasons. First, Transocean's attempt to depose Mr. Vidrine is procedurally barred by this Court's scheduling order that set November 11, 2011 as the deadline for completion of fact discovery for the trial of Phase I. *See, e.g.*, October 4, 2011 Order, Rec. Doc. 4217 at p. 3, which notes that November 11, 2011 is "the deadline for completing Phase One Fact depositions." Transocean did not seek leave of Court to take Mr. Vidrine's deposition until more than three months after the close of fact discovery, and it offers no explanation why it waited until now to issue a subpoena for Mr. Vidrine's deposition and to simultaneously file its motion to compel. Mr. Vidrine's identity, and his role in the events that give rise to this litigation, have been known to Transocean from the start. Transocean's attempt to depose Mr. Vidrine is simply too late. Somewhat ironically, in the first case cited by Transocean in support of its Motion to Compel, *Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979) – a case that Transocean contends supports its claim that it would be "very unusual" and likely "in error" for a court to prohibit the taking of a deposition – the Fifth Circuit Court of Appeals affirmed the trial court's ruling prohibiting the deposition of a witness noticed after the deadline for completion of discovery had passed. And so it is here. Transocean's subpoena comes too late, and for this reason alone, the subpoena should be quashed and Transocean's Motion to Compel should be denied.

Further, and in any event, the subpoena served on Mr. Vidrine should be quashed and Transocean's Motion to Compel should be denied pursuant to Rule 45(c)(3)(A), Fed. R. Civ. P. As an initial matter, the subpoena served on Mr. Vidrine gives him a mere four business days to prepare for his deposition and collect the requested documents, which is an unreasonably short amount of time. Rule 45(c)(3)(A)(i), Fed. R. Civ. P. *See Biological Processors of Alabama, Inc. v. North Georgia Environmental Services, Inc.*, 2009 WL 2160984 (E.D. La. 7/15/2009) at * 3 (finding that period of "at most seven days" to comply with a subpoena was "clearly unreasonable, particularly when the 14-day period for serving objections set forth in Fed. R. Civ. P. 45(c)(2)(B) is generally considered a reasonable time", and that "when a subpoena fails to allow a reasonable time to comply and the respondent files a 'timely motion, the issuing court must quash or modify a subpoena.'")[1]

---

[1] As reflected in the e-mails attached to Transocean's Motion to Compel [Rec. Doc. 5656-3], counsel for Transocean was in contact last week with Mr. Vidrine's undersigned counsel about the proposed deposition of Mr. Vidrine and his treating physician, Dr. Bob Winston. Nevertheless, undersigned counsel for Mr. Vidrine did not learn of the date and time for Mr. Vidrine's deposition until he received from Mr. Vidrine a copy of the subpoena served on Mr. Vidrine this past Saturday. Undersigned counsel is unavailable on the date and time unilaterally selected on extremely short notice by Transocean. Moreover, as noted below, Dr. Bob Winston is also unavailable on the date and time selected by Transocean for his deposition, which was noticed for the same exact time as Mr. Vidrine's deposition. Even if undersigned counsel were otherwise available, he could still not attend both, contemporaneously-scheduled depositions.

Further, Transocean's Motion to Compel explains that Transocean wishes to inquire about Mr. Vidrine's medical treatment following the *Deepwater Horizon* blowout, and the subpoena expressly calls for production by Mr. Vidrine of records related to, among other things, his "post-incident medical issues." As such, the deposition would require disclosure of privileged matter, and Transocean has not shown that any exception or waiver applies. Rule 45(c)(3)(A)(iii), Fed. R. Civ. P. Although Transocean concedes that such information is, at a minimum, subject to a psychotherapist-patient privilege, Transocean nonsensically suggests that by merely invoking such a privilege, Mr. Vidrine would be waiving it by allegedly having placed his medical condition at issue. Not surprisingly, the two cases cited by Transocean for this proposition do not support such a waiver-by-invocation argument. Instead, those cases, *Schoffstall v. Henderson,* 223 F. 3d 818 (8th Cir. 2000) and *Vasconcellos v. Cybex International, Inc.,* 962 F. Supp 701 (D. Md. 1997), involved personal injury claims by plaintiffs seeking damages for severe emotional distress. By bringing such claims, the plaintiffs had placed their medical conditions at issue, and made potentially discoverable to the defendants otherwise-privileged records of their medical care. *Schoffstall, supra,* 223 F. 3d at 822-23 (plaintiff alleged "extreme emotional distress" and "by placing her medical condition at issue", she "waived the psychotherapist-patient privilege"); *Vasconcellos, supra,* 962 F. Supp. at 708-09 (plaintiff who claimed "emotional injuries" and "severe emotional distress" was deemed to have "placed her mental condition at issue" but was given option to avoid disclosure of her confidential medical records if she were to withdraw the claim for intentional infliction of emotional distress). No such circumstances are present here. Mr. Vidrine is not a personal injury plaintiff, and he is not seeking damages for emotional distress from Transocean. Instead, Mr. Vidrine is a fact witness whose medical condition prevents him from being able to testify. The well-recognized psychotherapist-patient privilege would be completely eviscerated if its mere invocation constituted its waiver.

Finally, and perhaps most importantly, the deposition subpoena should be also quashed, and Transocean's Motion to Compel should be denied, to protect Mr. Vidrine from annoyance, oppression, and undue burden. *See* Rules 26(c)(1)(A) and 45(c)(3)(A)(iv), Fed. R. Civ. P. As Mr. Vidrine has well-documented throughout the course of this case for the Court through several submissions made under seal of his medical records for *in camera* review[2], Mr. Vidrine is unable, for medical reasons, to testify at deposition (or at the upcoming trial). Indeed, Mr. Vidrine's inability to appear for deposition has been previously addressed by the Court on several occasions, and each time, based on the submissions made under seal by Mr. Vidrine, the Court has concluded that Mr. Vidrine should be excused for medical reasons from testifying at deposition [Rec. Doc. 3407], and, further, that his name should be removed from the list of witnesses scheduled for "Phase One Fact Depositions." [Rec. Doc. 4486 at p. 3]. Yet more recently, in instructing defendant BP to prepare a single list of the live fact witnesses for all parties, the Court admonished that "the single

---

[2] *See, e.g.,* July 21, 2011 Order, Rec. Doc. 3407, noting Mr. Vidrine's submission of his medical records under seal for *in camera* review, Rec. Doc. 3388. *See also* November 7, 2011 Order, Rec. Doc. 4486, at p. 3, noting that "on November 4, 2011, the Court received a written report, dated November 3, 2011, from Bob Winston, M.D., Mr. Vidrine's physician."

Magistrate Judge Sally Shushan
February 13, 2012
Page 4

list to be prepared by BP will not include Don Vidrine, who has not been able to testify because of medical restrictions." *See* January 23, 2012 Order, Rec. Doc. 5332 at p. 2.

Undersigned counsel will in a separate letter, contemporaneously submitted under seal for the Court's *in camera* review, submit once again medical records that document Mr. Vidrine's current medical condition and confirm that he is unable to be deposed.

For each of the above reasons, and based also on the medical records submitted to the Court under seal for *in camera* review, Mr. Vidrine remains unable to be deposed and, accordingly, the deposition subpoena served on him should be quashed and Transocean's Motion to Compel should be denied.

Finally, the deposition subpoena served by Transocean on Dr. Bob Winston, one of Mr. Vidrine's treating physicians, should also be quashed. The proposed deposition of Dr. Winston about his treatment of Mr. Vidrine, and the associated request under subpoena that Dr. Winston produce at his deposition "any and all medical records, files, charts, notes, correspondence, prescriptions, diagnosis, and any other documents related to patient Donald J. Vidrine" [Rec. Doc. 5656-5] is barred from discovery by, at a minimum, the patient-psychotherapist privilege which "covers confidential communications made to licensed psychiatrists and psychologists." *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S. Ct. 1923, 1931 (1996). In addition, the information sought to be obtained from Dr. Winston is also protected from disclosure by Rule 510, La. Code of Evid., which provides that "in a non-criminal proceeding, a patient has a privilege to refuse to disclose and to prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representative." Mr. Vidrine does not consent to any such disclosure by Dr. Winston. Finally, undersigned counsel has today spoken by telephone with Dr. Winston who advised that he has patient appointments scheduled for this Friday, February 17, and that, accordingly, he is unavailable for the deposition. Going forward with Dr. Winston's deposition on such short notice and at a time when he has previously-scheduled obligations is unreasonable and places an undue burden on Dr. Winston. *See* Rules 45(c)(3)(A)(I) and (iv), Fed. R. Civ. P. For each of these reasons, the subpoena served by Transocean on Dr. Winston should be quashed.

With my thanks for the Court's consideration of this matter, I am

Respectfully,

ROBERT N. HABANS, JR.
Attorney for Donald Vidrine

RNHjr:psh