UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | : | MDL NO.  2179 |
| "Deepwater Horizon" in the Gulf | : | |
| of Mexico, on April 20, 2010 | : | SECTION:  J |
| | : | |
| This Document Relates to: | : | JUDGE BARBIER |
| *All Actions* | : | MAG. JUDGE SHUSHAN |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . . . . .

UNITED STATES' RESPONSE IN OPPOSITION TO
BP'S MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DR.
ROBERT BEA AND DR. WILLIAM GALE
(DOC. 5419)

The United States hereby files this response in opposition to BP's Motion to Exclude Certain Opinions and Testimony of Process Safety Experts Dr. Robert Bea and Dr. William Gale.  The United States agrees with the Plaintiffs' Steering Committee that BP's arguments should be rejected because they go to the weight, and not the admissibility, of the opinions and testimony at issue here.  The weight of such evidence is appropriately considered by the trier of fact, but is not the proper subject of a *Daubert* challenge.  In the interest of brevity, the United States incorporates here in the legal standards under Fed. R. Evid. 702 (and *Daubert*) applicable in bench trials, as set forth in the "United States' Opposition to BPs' Motion to Preclude Unreliable Opinions on the Failure of the Primary Cement Job," filed concurrently with this Opposition.  Weighing of the evidence is particularly appropriate in this case, as the trier of fact is the Court and not a jury.  *See Thompson v. Rowan Cos., Inc.*, 2007 WL 724646 *1 (E.D. La. March 6, 2007) (Barbier, J.).

In addition, BP's motion should be denied because Dr. Bea and Dr. Gale reasonably relied on the expertise of others.  FED. R. EVID. 703; *see also Monsanto Co. v. David,* 516 F.3d

1

1009, 1015-16 (5th Cir. 2008) (finding that expert could rely upon a report prepared by someone else). Dr. Bea and Dr. Gale are experts in the engineering field of process safety, a field which often requires reliance on the opinions of others. Process safety is a disciplined framework for managing the integrity of hazardous operating systems and processes by applying good design principles, engineering, and operating and maintenance practices. API Recommended Practice 754, TREX 7454, at 5, attached as Exhibit A. While a process safety engineer is an expert on the overall process safety framework, the engineer may reasonably rely on the expertise of others in considering particular technical elements of a complex operating system. Thus, Dr. Bea and Dr. Gale are entitled to rely on the expertise of others in assessing process safety management failings relevant to the Macondo blowout.

While it is not necessary for Dr. Bea and Dr. Gale to be technical experts on all elements of the relevant process safety management system in order to assess the system, the United States notes that Dr. Bea does have several areas in which he is a technical expert. Specifically, Dr. Bea has the technical expertise to determine whether several key decisions made at the Macondo well increased risk while saving time and/or money, including displacing the riser or well to over 3,000 feet below the mudline; not circulating bottoms-up prior to the cement job; and performing simultaneous operations during displacement. Dep. of Dr. Bea, Vol. 1, at 292:19 – 294:15, attached as Exhibit B.

The United States also notes that Dr. Bea and Dr. Gale's expertise in process safety has not been questioned, and that Dr. Bea in particular has focused his career on assessing process safety in the oil and gas industry. The relevance of Dr. Bea's experience is demonstrated by the fact that, from 1982 - 2005, Bea was periodically retained as a consultant for BP to provide advice and recommendations on issues related to safety systems, human error, and risk

assessment for deepwater platforms, offshore drilling, pipelines, oil tankers, and refineries.  Bea-Gale Report, Exec. Summary, at ii and A-6, attached as Exhibit C.  Apparently, BP did not consider it necessary at that time for Dr. Bea to have mastered every engineering field in order to consult regarding process safety risks, and the Court should not accept the argument that a process safety expert must have all these competencies to address the core issue of hazard identification and risk analysis.  The record also reflects BP's acknowledgement of process safety engineering as a legitimate field in which Dr. Bea is an expert.

Furthermore, the opinions and testimony of Dr. Bea and Dr. Gale are relevant to this case and will benefit the trier of fact.  Process safety emphasizes the prevention of unplanned releases which could result in a major incident.  *Int'l Ass'n of Oil & Gas Producers, Process Safety – Recommended Practice on Key Performance Indicators, Report No. 456* at 1 (2011), attached as Exhibit D.  The Macondo blowout is precisely the type of incident process safety management is aimed at preventing.  Dr. Bea and Dr. Gale offer valuable insight as to why the relevant process safety management system failed to achieve its aim here.  Accordingly, the opinions and testimony of Dr. Bea and Dr. Gale should be considered by this Court.

For the foregoing reasons, the United States respectfully requests that BP's motion be denied.

Dated:  February 14, 2012.                    Respectfully submitted,


x

assessment for deepwater platforms, offshore drilling, pipelines, oil tankers, and refineries.  Bea-Gale Report, Exec. Summary, at ii and A-6, attached as Exhibit C.  Apparently, BP did not consider it necessary at that time for Dr. Bea to have mastered every engineering field in order to consult regarding process safety risks, and the Court should not accept the argument that a process safety expert must have all these competencies to address the core issue of hazard identification and risk analysis.  The record also reflects BP's acknowledgement of process safety engineering as a legitimate field in which Dr. Bea is an expert.

Furthermore, the opinions and testimony of Dr. Bea and Dr. Gale are relevant to this case and will benefit the trier of fact.  Process safety emphasizes the prevention of unplanned releases which could result in a major incident.  *Int'l Ass'n of Oil & Gas Producers, Process Safety – Recommended Practice on Key Performance Indicators, Report No. 456* at 1 (2011), attached as Exhibit D.  The Macondo blowout is precisely the type of incident process safety management is aimed at preventing.  Dr. Bea and Dr. Gale offer valuable insight as to why the relevant process safety management system failed to achieve its aim here.  Accordingly, the opinions and testimony of Dr. Bea and Dr. Gale should be considered by this Court.

For the foregoing reasons, the United States respectfully requests that BP's motion be denied.

Dated:  February 14, 2012.                    Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

JAMES NICOLL
Senior Counsel
NANCY FLICKINGER
Senior Attorney
SARAH HIMMELHOCH
Senior Attorney
DEANNA CHANG
SCOTT CERNICH
A. NATHANIEL CHAKERES
RACHEL HANKEY
ABIGAIL ANDRE
JUDY HARVEY
MATT LEOPOLD
JEFFREY PRIETO
GORDON YOUNG
Trial Attorneys

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
U.S. Department of Justice
Environmental Enforcement Section
PO Box 7611
Washington, DC 20044
(202) 514-2779
steve.o'rourke@usdoj.gov

TONY WEST
Assistant Attorney General
Civil Division

PETER F. FROST
Director, Torts Branch, Civil Division
Aviation & Admiralty Litigation
STEPHEN G. FLYNN
Assistant Director
MICHELLE T. DELEMARRE
SHARON K. SHUTLER
JILL DAHLMANN ROSA
JESSICA SULLIVAN
JESSICA L. McCLELLAN
MALINDA LAWRENCE
DAVID J. PFEFFER
ROBIN HANGER
LAURA MAYBERRY
BRIENA STRIPPOLI
Trial Attorneys
U.S. Department of Justice
Torts Branch, Civil Division
PO Box 14271
Washington, DC 20044
(202) 616-4100
(202) 616-4002 fax

/s/ R. Michael Underhill
R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
7-5395 Federal Bldg., Box 36028
450 Golden Gate Ave.
San Francisco, CA 94102-3463
(415) 436-6648
(415) 436-6632 fax
mike.underhill@usdoj.gov

**CERTIFICATE OF SERVICE**

  I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 14th day of February, 2012.

                /s/ Steven O'Rourke
                U.S. Department of Justice