UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>THIS DOCUMENT APPLIES TO:<br>ALL CASES | MDL No. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**MEMORANDUM IN SUPPORT OF
TRANSOCEAN'S RESPONSE TO
BP'S OBJECTIONS TO AND APPEAL
FROM MAGISTRATE JUDGE'S ORDER DENYING
<u>BP'S MOTION TO COMPEL LIVE TRIAL ATTENDANCE OF STEVEN NEWMAN
(REC. DOC. 5557)</u>**

On January 30, 2012, Transocean responded to BP's motion and contended that Steven Newman was not subject to a subpoena under Rule 45(c)(3) of the Federal Rules of Civil Procedure.  (Rec. Doc. 5502).  Judge Shushan agreed with Transocean and correctly concluded that Mr. Newman was not a "party" for purposes of Rule 45.  (Rec. Doc. 5557).  BP now appeals this ruling.

Rule 45 does permit a trial subpoena to be served on a "party" or a "party's officer."  *See* Fed. R. Civ. P. 45(c)(3).  However, Mr. Newman is not subject to Rule 45 because: (1) Mr. Newman is not an "officer" of any of the four limiting parties before the Court for the Phase One Limitation Trial, (2) Transocean Ltd. is not before the Court for the Phase One Limitation Trial, and (3) the scope of Rule 45 does not extend to officers' of non-party parent/holding companies.

First, Mr. Newman is the President and Chief Executive Officer of Transocean Ltd.  Mr. Newman was not an officer of any of the Transocean limiting parties at the time of the April 20,

2010 *Deepwater Horizon* incident, nor has he been subsequently employed as an officer of those entities. (See Affidavit of Heather Callender attached hereto as Exhibit 1).

Second, Transocean Ltd. is not a party in the Phase One Limitation Trial as clearly shown by the parties' May 6, 2011 stipulation that all jurisdictional discovery and briefing regarding Transocean Ltd. was stayed pending the "conclusion of the 2012 Limitation/Liability" trial. (See May 6, 2011 Stipulation attached hereto as Exhibit 2). The stipulation also permitted the PSC and BP to reserve the right to conduct additional discovery "regarding the liability, if any" of Transocean Ltd. "in the event that personal jurisdiction" was established. (See Exhibit 2). Personal jurisdiction has not been established. Furthermore, Transocean Ltd. has not filed a single Motion in Limine, Exhibit List, Objection List, or any other type of substantive pleading for the Phase One Limitation Trial. The PSC agrees that Transocean Ltd. is not a Phase One party as shown by its January 23, 2012 Phase One Limitation Trial subpoena to a corporate representative of the four limiting Phase One parties.[1] (See January 23, 2012 Subpoena attached hereto as Exhibit 3). It is clear to all the parties except BP that Transocean Ltd. **is not** a Phase One party. Thus, Mr. Newman is not subject to a Rule 45 subpoena because he is not an officer of any of the Phase One parties.

Finally, Mr. Newman is not subject to Rule 45 merely because Transocean Ltd. is a corporate parent of the Transocean limiting entities. BP shows no support that the scope of Rule 45 extends to officers of non-party parent/holding companies. Mr. Newman is a resident of Switzerland and an officer of a Geneva-based holding corporation with interests in many companies in addition to the Transocean limiting parties. Permitting BP to subpoena Mr.

---

[1] The subpoena expressly requests the live testimony of a corporate representative of the four limiting Phase One parties: (1) Triton Asset Leasing GmbH, (2) Transocean Holdings, LLC, (3) Transocean Offshore Deepwater Drilling, Inc., and (4) Transocean Deepwater, Inc.

Newman under Rule 45 **is** analogous to another party subpoenaing BP PLC's former CEO Tony Hayward or its current CEO Robert Dudley. All parties were aware that calling these witnesses live would not be permitted and BP should receive no exemption. Moreover, Mr. Newman is further removed from the requirements of Rule 45 than BP's Ellis Armstrong, who will not be required to appear live at trial.[2] Both Mr. Hayward and Mr. Armstrong were deposed and, in the words of BP, it would be "worthwhile for the trier of fact" to call those witnesses live. However, those individuals are not required to testify live at trial, and neither should Mr. Newman.

In short, Mr. Newman is not subject to a Rule 45 subpoena and cannot be compelled to testify live at trial.

Respectfully submitted,

By:   /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
kent.sullivan@sutherland.com

By:   /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By:   /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501

---

[2] BP argued that Mr. Armstrong's position as Chief Financial Officer of BP Exploration and Production did not require him to appear live under Rule 45. Further, BP argued that the fact Mr. Armstrong was a "managing agent" and representative for a 30(b)(6) deposition did not require his presence live at trial pursuant to Rule 45. (Rec. Doc. 5140). Magistrate Judge Shushan ordered on January 11, 2012 that BP was not required to produce Ellis Armstrong live at trial under Rule 45 for the reasons set forth by BP. (Rec. Doc. 5136).

3

Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

-and-

By:   /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

4

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller