UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| *All Cases* | * | |
| | * | MAGISTRATE SHUSHAN |

### ORDER

[Unsealing Documents Connected to Weatherford's Motion for Summary Judgment]

Following the close of discovery regarding the cause of the Deepwater Horizon blowout and oil spill, the Weatherford defendants[1] filed a Motion for Summary Judgment, requesting that the Court dismiss with prejudice all claims asserted against Weatherford, or alternatively, dismiss all claims for punitive damages. (Rec. Doc. 5652; *see also* Rec. Docs. 5347,5349,5651,5650). Pursuant to Pre-trial Order ("PTO") No. 13, Weatherford filed its motion, accompanying memorandum and exhibits under seal. PTO No. 13 allowed parties, during the discovery phase, to designate certain documents or deposition testimony as "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL." The Order was issued early in this litigation for the sole purpose of facilitating the early and prompt exchange of discoverable information and documents. It was not intended to preclude the disclosure of relevant and otherwise admissible documents or information at trial. In fact, several weeks ago, this Court and Magistrate Judge Shushan clearly advised the parties that this would be a public trial, and the mere fact that a document had been previously designated as

---

[1] Weatherford U.S., L.P. and Weatherford International, Inc. (collectively, "Weatherford")

"confidential" would not be a sufficient basis to preclude public disclosure of exhibits used at trial. Except in the case of truly proprietary information, something akin to the "formula for Coca-Cola," any exhibits introduced at trial will become part of the public record.

Before allowing Weatherford's motion to be filed or setting a briefing schedule, and in light of the approaching trial date, the Court requested that any party that intended to oppose Weatherford's Motion for Summary Judgment should inform the Court of its intent to do so, otherwise the Motion would be considered unopposed. (Rec. Doc. 5477). Initially, two parties — Halliburton and M-I, indicated their intent to oppose. Subsequently, however, both parties withdrew their previous opposition. Consequently, Weatherford's Motion for Summary Judgment was entirely unopposed. This meant that no party, including the Plaintiffs' Steering Committee, the United States, the States of Louisiana or Alabama, BP, Transocean, Cameron, or any other defendant, came forward with any evidence or argument to support the previous claims made against Weatherford.

Local Rule 56.1 requires every motion for summary judgment to be accompanied by "a separate and concise statement of the material facts which the moving party contends present no genuine issue." Local Rule 56.2 requires that a party opposing a motion for summary judgment must include "a separate and concise statement of material facts which the opponent contends present a genuine issue. **All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.**"

Thus, in the case of Weatherford's Motion for Summary Judgment, there was no opposition filed by any party and accordingly, all of the material facts contained in Weatherford's statement of uncontested facts (Rec. Doc. 5652-2) were deemed admitted. In other words, no party was able

to offer any evidence showing that the Weatherford float collar used in the production string of the Macondo well was defective or that any negligent acts or omissions by Weatherford caused or contributed to the blowout and oil spill.  For these reasons, the Court concluded that Weatherford had met its burden under Rule 56, Fed.R.Civ.P. and was entitled to summary judgment.  In light of the Court's granting of Weatherford's motion, the Court advised the parties that it intended to remove the seal from all of the documents connected to Weatherford's Motion, unless a party indicated opposition by February 14, 2012 and made a showing that one or more of the documents contained proprietary information.  Having received no opposition and no party having made such a showing,

**IT IS ORDERED** that the Weatherford entities' Motion for Summary Judgment (Rec. Doc. 5652) shall be **UNSEALED** and made public, including all documents attached thereto.

New Orleans, Louisiana, this 15th day of February, 2012.

_____
United States District Judge