UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

### [Working Group Conference on Friday, February 10, 2012]

**NOTES TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

### BOP & CAPPING STACK

All parties are to notify the Court whether they object to the return of the capping stack and the contents of five remaining gator boxes to their owner(s). Anadarko reported it has no objection. BP and Transocean are discussing the ownership issue. If you have not paid your share of Captain Englebert's latest invoice, you are asked to do so as promptly as possible.

### PHASE ONE

1. **Fact and Expert Witness Lists**.

    Witnesses may not be added except for good cause shown. Since the final witness lists were filed on January 20, 2012, the Court has permitted some changes. Before **February 27**, BP shall prepare revised fact and expert witness lists with a comparison to show the permitted changes.

2. **Trial Subpoenas**.

    Parties served trial subpoenas.

- If subpoenas are issued for any additional persons to appear at trial, the party issuing the subpoena shall report that information to all parties and the Court.

- If a party intends to release a witness who was served with a subpoena, it must notify all parties prior to reporting to the witness so other parties have the opportunity to determine whether they want that witness to appear at trial.

- If a party contends that the service of a subpoena is defective for any reason, it must notify the Court and all counsel within **seven (7) calendar days** of the purported service of the subpoena.

**3.** **Records Custodian.**

The PSC represented that it will be guided by Judge Barbier's rulings on the email and not offer into evidence documents which are clearly inadmissible under the rulings. Subpoenas for records custodians were issued. Although it is not necessary for the custodians to be present throughout the trial of Phase One, they are not released from the subpoenas. Objections on jurisdiction and other grounds are reserved. If a party objects to a subpoena for a records custodian, it shall provide the Court with a short letter on the objection.

**4.** **Advance Notice of Exhibits.**

BP suggested that before a party offers into evidence a large group of documents which other parties may contend are inadmissible under Judge Barbier's rulings, the party provide notice to the other parties. This will be on the agenda for **February 17.**

**5.** **Experts - Daubert Motions.**

**Monday, February 20,** is the deadline for replies which are limited to three pages.

**6.     Experts - Dr. Kris Ravi**.

Dr. Ravi's deposition was on **February 15 and 16**. On **February 17**, the parties shall report on whether it will be necessary for any party to move to exclude part of Dr. Ravi's report because it is beyond the scope of a rebuttal report.

**7.     Discovery - Halliburton Computer**.

BP and Halliburton reported on the status of the forensic examination.

**8.     Exhibits and Deposition Designations**.

BP asked whether the Fifth Amendment depositions would be included in the 168 depositions to be submitted on DVDs prepared by inData. After the February 10 conference, Judge Barbier ruled on the motions *in limine* regarding the drawing of adverse inferences from witnesses invoking the Fifth Amendment (Rec. doc. 5682). inData shall include the Fifth Amendment depositions on the DVDs.

BP and Halliburton reported that as they audit inData's work, they have found that some highlighted exhibits are missing. They are working with inData to resolve these issues.

**9.     Confidential Information at the Trial**.

Trade secret exhibits were received from the U.S., Transocean, BP, HESI, Cameron, Anadarko and M-I. The Court will review them. There was discussion about the use of manuals at the trial.

**10.    Exhibit Lists**.

Although the exhibit list is nearly final, there will be additional exhibits as a result of the remaining depositions (Gagliano, Crook, Ravi and Lt. Cmdr. Houck). Prior to February 26, the PSC will prepare a final exhibit list. **Thursday, February 16**, is the deadline for the parties to notify the

PSC of any additions to the exhibit lists, except for exhibits added because of the deposition of Dr. Ravi.

At the February 17 conference consideration will be given as to how the exhibit list may be supplemented after the start of the trial on February 27.  For example, if additional documents are produced by Halliburton in response to BP's Gagliano motion or additional emails are produced from Lt. Cmdr. Houck, what provision will be made for adding them to the exhibit list.

**11.    Exhibits - Reliance**.

The Court began with the statement that reliance exhibits would not come into evidence en masse.  If during the course of an expert's direct or cross-examination an exhibit is used, then that exhibit is offered into evidence.  If a reliance exhibit is not used, it is not offered into evidence.

The PSC described all of the exhibits listed by an expert as "consideration materials." Within that universe of documents are "reliance exhibits." These are the exhibits referred to in the body of the expert's report.  The PSC agrees that any consideration materials (other than the reliance exhibits) which are not used in the examination of the expert are not considered offered into evidence.  It contends that, because of Judge Barbier's intention to by-pass direct examination with introduction of the expert's report, it should be permitted to offer those exhibits which would have been discussed by the expert during a full direct examination.

BP questioned the point of offering all reliance exhibits into evidence.  Transocean argued that they should not be offered into evidence.

The Court will review the issue with Judge Barbier.

**12.    Effect of Motion *in Limine* Rulings.**

BP raised the issue of whether all of the depositions need to be offered in light of Judge

Barbier's ruling on the motions *in limine*. This will be on the agenda for **February 17**.

13.     **Default Rule for Exhibits**.

The following appears in the orders for the January 27 and February 3 conferences.

A.      Objections in deposition designations.

Objections to exhibits used in deposition designations may be resolved during Judge Barbier's review of the depositions and may be resolved in conjunction with the preparation of findings and conclusions. Some exhibits may be excluded. Objections which Judge Barbier does not resolve mean that the exhibits will be admitted into evidence with the deposition excerpt.

B.      Objections to exhibits proffered at trial.

The parties will keep track of the exhibits used during the trial and objections will be resolved during the trial.

C.      Exhibits which are not admitted.

Exhibits which are not admitted during the live part of the trial and not designated in depositions will not be admitted into evidence.

BP indicated that it may request that the Court revisit the procedure described in Part A.

14.     **Trade Secret Treatment for Deposition Designations**.

The U.S. raised an issue about the scope of the parties' requests for trade secret treatment for deposition designations. The Court responded that: (1) it does not anticipate many requests; (2) the depositions will not be unbundled; and (3) it is anticipated that inData will be able to go into the deposition bundles and take a page or two out of the public record.

15.     **Stipulations**.

Anadarko shall redraft the stipulations which it contends are applicable to it and circulate

them to the U.S. (Steve O'Rourke) and BP (Tim Duffy).

**16.     Demonstratives Aides.**

A simple opening statement outline, excerpts from an exhibit or a written transcript of a deposition, or single video clip of a deposition are not demonstratives. A "montage" of video excerpts from depositions is a demonstrative.

On **Wednesday, February 15**, the parties shall exchange all demonstrative aides that they can reasonably anticipate using in the trial. **Wednesday, February 22**, is the deadline for objections to these demonstrative aides. During the trial and with good cause the parties may present additional demonstratives or propose changes to the previously exchanged demonstratives with seven (7) calendar days notice to all parties.

The parties shall comply with the following procedures in connection with the exchange of demonstratives.

   A.    Index:  List all demonstratives on an excel spreadsheet that contains for each demonstrative (a) an exhibit number, (b) file name, (c) title, if any, (d) description or notes, if needed. The parties shall use the template spreadsheet provided by BP. Parties shall provide the native excel spreadsheet with their demonstratives rather than a pdf.

   B.    Demonstrative Numbering:  Use an exhibit numbering system with prefix "D" within the following pre-set ranges:

   Plaintiffs - D2000-D3999

   BP - D4000 - D5999

   TO - D6000 - D7999

      HB - D8000 - D9999

      Cameron - D10000 - D11999

      Anadarko - D12000 - D12999

      MOEX - D13000 - D13999

      Weatherford - D14000 - D14999

      MI Swaco - D15000 - D15999

      DQ - D16000 - D16999

C. <u>Production of Files:</u>  By February 15 parties shall email the excel index and files, if small enough to email, or make them available for downloading from an FTP site. Each demonstrative's filename shall start with its exhibit number, to allow the parties to readily identify the file and match it to the excel index.  For physical demonstratives, parties shall provide pictures of the demonstrative in a pdf or powerpoint file, a description in the excel index, and make arrangements for in-person examination of the demonstrative upon request.

D. <u>Objections:</u>  Parties may use the excel indices to submit objections by February 22.

E. <u>Resolution of Objections:</u> The parties shall meet and confer and "cure" any legitimate objections prior to a demonstrative's use at trial.  A party shall circulate a proposed revision attempting to cure the objection no later than one week before using the demonstrative in Court.  Parties shall have 48 hours to review the "cured" exhibit and meet and confer with the sponsoring party and, absent agreement, renew its objection, which will then be brought to the Court for resolution before its use before Judge Barbier.

**17.     Trial - Information Technology.**

The dry run is set for **Thursday and Friday, February 16 and 17, starting at 8:30 a.m.**

**18.     Order of Examination.**

Transocean raised the issue of whether the parties which settled with BP should be able to cross-examine Transocean and Halliburton witnesses when they are not asserting punitive damage claims against BP. Anadarko responded that as long as the U.S. attempts to prove fault on the part of Anadarko for Clean Water Act penalties, it needs to question Transocean and Halliburton witnesses. The Court encouraged Transocean, Anadarko and the other parties to confer on this issue. It will be on the agenda for **February 17.**

**19.     Order of Witnesses**.

The U.S., the PSC, and the States agreed to try their cases cooperatively. An expert for the U.S. may be called before a PSC expert. The Court will confirm these arrangements with Judge Barbier.

## B3 POST-EXPLOSION CLEAN-UP CLAIMS

At a prior conference it was reported that the responders and the PSC were to meet and confer on the issue of discovery responses by non-PSC attorneys for plaintiffs and the need for such discovery before the responders renew their preemption/immunity motions to dismiss. Prior to the conference the parties reported an impasse. This was passed until further notice.

## PHASE TWO

**1.     Stipulations**.

The parties report progress on the stipulations.

**2.**     **Rule 30(b)(6) for the U.S.**

BP and the U.S. reported agreement on the Rule 30(b)(6) for the U.S.  In lieu of a topic, BP served an interrogatory.

**3**.     **Rule 30(b)(6) for BP.**

A ruling is required on the "overlap" issue concerning Topic One of the BP Rule 30(b)(6). There is a placeholder topic for a records custodian.  The PSC was asked to identify ten documents which are of particular interest to it where there is concern that a custodian will be required and use them for further discussion on the records custodian topic.

**4.**     **Cudd Well Control Wild Well and Oceaneering**.

The PSC reported on the status of its contacts with counsel for Cudd Well, Wild Well, Oceaneering.  It will provide an update at the February 17 conference.

**5.**     **Woods Hole**.

BP and the U.S. reported progress on the confidentiality issues regarding the relationship between Woods Hole and the U.S.

**6.**     **ROV Data**.

BP reported that NOAA asked it for videos of the oil flow below the sea.  It is responding to this request and other requests from agencies for MDL discovery data.  If any party consider this a problem, it shall contact BP.  The U.S. reported on the genesis of the request from NOAA to BP. **Tuesday, February 14**, is the deadline for any objections to BP's production of the video to NOAA.

**7.**     **Scheduling Topics in Rule 30(b)(6) Notices for Depositions.**

The PSC, the U.S. and BP shall submit proposals on how they would like to proceed with depositions on the Rule 30(b)(6) topics.

## **CONFERENCE SCHEDULE**

| | |
|---|---|
| Friday, February 17, 2012 at 9:30 a.m. | WGC meeting - Phase One followed by Phase Two. |
| Friday, February 24, 2012 at 9:30 a.m. | WGC meeting - Phase One followed by Phase Two. |
| Friday, March 2, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 9, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 16, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 23, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 30, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |

New Orleans, Louisiana, this 16th day of February, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**