# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CONSTANTIN LAND TRUST** | * **CIVIL ACTION NO.:  12-CV-00179** |
| | * |
| **versus** | * **JUDGE KURT ENGELHARDT** |
| | * |
| **BP AMERICA PRODUCTION COMPANY,** | * **MAGISTRATE ALMA CHASEZ** |
| **BP EXPLORATION & PRODUCTION,** | * |
| **SEA SUPPORT SERVICES, L.L.C. AND** | * |
| **RANDY J. ADAMS** | * |
| ****************************************** | * |

## MEMORANDUM IN SUPPORT OF
## <u>MOTION TO REMAND</u>

**MAY IT PLEASE THE COURT:**

     **COMES NOW,** Constantin Land Trust ("CLT") which moves this Honorable Court to remand this matter back to the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, for the reasons that this court lacks subject matter jurisdiction and the removal is procedurally improper as it is precluded by the forum defendant rule, 28 U.S.C. §1441(a) & (b), all as more fully stated below.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

     CLT, a Louisiana trust, is the sole, recorded owner of tracts of property surrounding, underneath, and encompassing the Sinclair Canal, Turning Basin, and the Seafood and Pipeline Docks along Highway 1 and the Texaco Dock on or near Bayou Lafourche, Parish of Lafourche, State of Louisiana.  Randy J. Adams, a Louisiana resident, ("Adams") and Sea Support Services, LLC, a Louisiana limited liability corporation ("Sea Support"), negligently negotiated or brokered an agreement on behalf BP America Production Company and BP Exploration and Production, Inc. ("BP"), for BP's use of properties owned by CLT, without CLT's authority or permission.  During its oil spill response activities, BP illegally trespassed, occupied,

1

constructed, dumped, and converted to its own use, CLT's properties without any written agreement or authorization from the recorded landowner, CLT. As a result of these illegal actions and trespasses, CLT has sustained property damages caused by the negligence of all of the defendants.

CLT brought suit against BP, a Delaware Corporation, licensed to do and doing business in this State, Sea Support, a Louisiana limited liability corporation, and Adams, a Louisiana resident in the 17th Judicial Court for the State of Louisiana entitled: *Constantine Land Trust v. BP America Production Company and BP Exploration and Production, Inc., Sea Support Services, LLC and Randy J. Adams*, Docket No. 11-9084. In this suit, CLT asserts causes of action against Adams and Sea Support under the Louisiana State laws of negligence, Article 2315, La.C.C., intentional tort, trespass, conversion, and damage to its property, located within the State of Louisiana. These actions arise out of Adams and Sea Support's negligence in negotiating an agreement between BP and Jay Pitre of Pitrie Industries, Inc. and Pitre Rae Partnership ("Pitre") for the use of CLT's property without any authority or permission from CLT. No federal causes of action or violations of federal statutes are alleged.

## II.   LAW

### 1.   Remand – Applicable Standard

Federal District Courts are courts of limited jurisdiction. *Rasul v. Bush*, 542 U.S. 466, 489 (2004); *Johnson v. The United States*, 460 F. 3d 616, 621 *n.* 6 (5th Cir. 2006); *McKee v. Kansas City S. Ry. Co.*, 358 F. 3d 329, 337 (5th Cir. 2004). They possess only that power authorized by the Constitution and Statute, which cannot be expanded by judicial decree. *Rasul*, 542 U.S. at 489. "The Court must presume that a suit lies outside this limited jurisdiction, and

the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F. 3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

In an action that has been removed to a Federal District Court, the Court is required to remand the case to State Court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  28 U.S.C. §1447(c); *Gropo Dataflux v. Atlas Global Group, L.P.* at 541 U. S. 567, 571 (2004); *In re: 1994 Exxon Chemical Fire*, 558 F.3d 378 (5th Cir. 2009); *McDonal v. Abbott Labs*, 48 F.3d 177, 182 (5th Cir.).  The removing party bears the burden of showing that Federal jurisdiction exists and that removal is proper.  *Manguno v. Prudential Property & Casualty Insurance Company*, 276 F.3d 720, 723 (5th Cir. 2002); *Gutierez v. Flores¸* 543 F.3d 248, 251 (5th Cir. 2008).  This extends not only to demonstrating a jurisdictional basis for removal, but also compliance with the requirements of the removal statutes.

Only State Court actions that originally could have been filed in Federal Court may be removed to Federal Court by the defendants.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); 28 U.S.C. §1441(a); *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004).  Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U. S. 100, 108 – 109 (1941), *Gutierez*, 543 F.3d at 261.

## 2.    Complete Diversity of Citizenship Required

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. §1331 & §1332; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005).  In order to determine whether jurisdiction is present in a removed action, the claims

set forth in the state court Petition are considered as of the date of removal.  *Campbell v. Stone Insurance, Inc.*, 519 F. 3d 665, 669 M.2 (5th Cir. 2007).

In a removed case where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount of controversy exceeds $75,000.00.  28 U.S.C. §1332, *Caterpillar, Inc.* 519 U. S. 61, 68.  *Exxon Mobil Corp.* 535 U.S. at 552.  Complete diversity requires that no plaintiff be a citizen of the same state as any defendant.  *Exxon Mobil Corp.* 545 U.S. at 552; *Caterpillar, Inc.* 519 U.S. at 68.  Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants are citizens of the State in which the action was brought.  28 U.S.C. §1441(b), *Crockett v. R. J. Reynolds Tobacco Company*, 436 F.3d 529, 531-532 (5th Cir. 2006).

## III.  THE REMOVAL

On January 20, 2012, BP filed a Notice of Removal with this Court.  (Rec. Doc. 1)  The Notice described the action as a civil one between plaintiff, CLT represented by its trustee, James Constantin, and defendants, BP, a Delaware corporation, doing business within this state, and two Louisiana defendants, Sea Support, a Louisiana limited liability corporation and a Louisiana resident, Adams.  The Notice alleges this Court has subject matter jurisdiction over this action pursuant to diversity, 28 U.S.C. §1332 (a) because all defendants are of diverse citizenship and the amount in controversy exceeds $75,000.00.

In Randy J. Adams, President and managing member of Sea Support's self-serving affidavit, Adams admits that he, acting on behalf of BP, without any authority from the recorded property owner, CLT, negotiated an agreement with Pitre for BP's use of CLT's property, boat slips and yards in Lafourche Parish. (See Rec. Doc. 1-2, Exhibit "A" of BP's Notice).  It is irrelevant that Adams claims to have negotiated an agreement with Pitre or that he or Sea

4

Support did not use or dump materials on CLT's property. CLT is the proper registered and recorded owner of the property, not Pitre.  CLT never gave Adams authority or permission to negotiate any agreements for the use of its property.  However, if Adams had checked the public records, he would have learned that CLT was the recorded owner of the property.  Clearly, CLT has asserted a proper negligence cause of action against Adams and Sea Support, with more than a reasonable chance of recovery, for their negligence in negotiating an agreement for the use of CLT's property without authority from CLT.

In a second Affidavit, Mclemore, a BP employee at the Fourchon Forward Operating Base, admits that BP damaged the property by installing numerous "improvements" in connection with their oil spill response at the Leeville Boat Slip, Yard Space and Properties, located along Highway 1 in Lafourche Parish, and did not remove these new pilings or improvements.  (See Rec. Doc. 1-3, Exhibit "B").

### 1.    Improper Joinder Standard

In order to establish improper or fraudulent joinder of a co-defendant, the removing defendant must establish either: "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against a non-diverse party in State court." *Smallwood v. Illinois Central RR Company*, 385 F. 3d 568 (5th Cir. 2004) (*en banc*), *cert denied by Illinois Central RR Company v. Smallwood*, 544 U.S. 992 (2005).

The Fifth Circuit, *en banc*, has dictated that fraudulent joinder occurs "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Smallwood*, 385 F.3d at 574. *1A Moore's Federal Practice*, p 0.161 at 274-76 (2d ed. 1989).  A district court must resolve all contested issues of substantive fact in favor of the

plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. *Carriere v. Sears, Roebuck, and Company*, 893 F. 2d 98, 100 (5th Cir. 1990). "If there is even a *possibility* that a state court would find that the Complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Coker v. Amoco Oil Co*., 709 F.2d 1433, 1440-1441(11th Cir.1983). If removal is based on the claim that non diverse parties have been improperly joined, then the removing party must establish either "actual fraud in the pleading of jurisdictional facts" or "an inability of the plaintiff to establish a cause of action against the non diverse party in state court." *Smallwood,* 385 F.3d 568, (citing *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). Only the latter method is relevant here because defendants do not allege actual fraud. Specifically, in this case, there is no suggestion that CLT has falsely alleged the citizenship of any of the defendants. Second, the causes of actions alleged against the individual defendants are not defective as a matter of law.

Under well established Louisiana law, "[a] trespass occurs when there is an unlawful physical invasion of the property or possession of another." *Richard v. Richard*, 09-539, p. 5, (La. App. 3 Cir. 11/04/09), 24 so.2d 292, 296. A trespasser is "'one who goes upon the property of another without the other's consent.'" *Pepper v. Triplet*, No. 03-619, p. 23, (La.1/21/04),864 So.2d 181, 197, *quoting Williams v. J.B. Levert Land Co*., 162 So.2d 53, 58 ( La. App. 1st Cir. 1964). "Even though the work may have been done by another, the party supervising and/or directing the work and ordering the trespass is liable." *Richard v. Richard*, No. 09-539, at p. 5, 24 (La. App. 3rd Cir. 2009), So. 3d at 296. [A] defendant may be held liable for trespass even in the absence of intent— *i.e.* when the plaintiff offers proof that the defendant was at fault in causing the trespass pursuant to the general tort article, Article 2315, La. C.C.; M. Cresson,

Comment, "*The Louisiana Trespass Action: A `Real' Problem*," 56 La. L.Rev. 477 (1995), citing *Phillips v. Town of Many*, 538 So.2d 745 (La. App. 3d Cir. 1989); *Brown v. Bedsole,* 447 So.2d 1177 (La. App. 4 Cir. 11/14/2001); 803 So.2d 86, 96, *writ denied*, No. 01-3292 (La. 3/8/2002), 811 So.2d 887.

CLT's Petition for Damages alleges valid state law causes of action against all defendants for their negligence. Sea Support and Adams admit he acted as a broker or agent for BP in negligently negotiating or brokering BP's illegal use, trespass, and conversion of CLT's property, without its consent or authorization with Pitre. Adams had no contractual or employment relationship nor any authority of any nature with CLT to negotiate an agreement. It is undisputed that Adams and Sea Support were negligent, and CLT has sustained damages as a result of their negligence. (Rec. Doc. 1-2, Exhibit No. "A").

Adams was paid by BP. CLT's ownership of the property in question was a matter of public record. There is no recorded document that establishes a right of Adams, Sea Support, or Pitre to lease, sublease, assign or enter into any agreement on behalf of CLT for any of CLT's property. (Rec. Doc. 1-2, Exhibit No. "A"). Clearly, had Adams checked the public records, he would have learned CLT was the registered, recorded owner of the property. Under the factual allegations of the Petition, there is a reasonable basis to conclude that under established Louisiana law, Adams and Sea Support were negligent. CLT has more than a reasonable chance to recover from all defendants for its property damages, and all co-defendants are properly joined, precluding removal. *Smallwood,* 385 F.3d 568, 574; 28 U.S.C. §1441(b).

## IV.    FORUM DEFENDANT RULE

The "forum defendant rule" refers to the prohibition of §1441(b) that a defendant may not remove a case from state to federal court where the defendant is a citizen of the state in which

the action is brought and diversity of citizenship jurisdiction is the basis of the court's subject matter jurisdiction. In other words, where any defendant is a citizen of the state where the action has been brought, there is no diversity jurisdiction and removal under § 1441(a) and (b) is therefore, improper. The "forum defendant rule" is codified in 28 U.S.C. §1441 which provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. (Emphasis added)</u>

Here, it is undisputed that co-defendants, Sea Support and Adam are citizens of Louisiana, the state in which the removal action was brought. CLT has properly joined and served these defendants. It is also undisputed that defendant, BP has asserted diversity of citizenship jurisdiction as the basis for the subject matter jurisdiction of this Court. Clearly, BP's removal is procedurally defective under §1441(b) which prohibits removal where two properly served defendants are citizens of the State in which the action is brought. *Ariel Land Owners, Inc. v. Dring,* 351 F.3d 611, 613 (3d Cir. 2003).

## V.    ATTORNEYS' FEES AND COSTS

CLT contends it should be awarded its attorneys' fees and costs because defendants' removal is inappropriate and frivolous. "An Order remanding the case may require payment of just costs and actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. §1447(c). The propriety of the removal is central in determining whether to impose fees in the remand Order. *McGuire Oil Company v. City of Houston, Texas*, 143 F. 3d 2005, 2009

(5th Cir. 1998).  This bad faith removal was clearly procedurally improper and should never have been brought.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Remand should be granted.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

**/S/ ROBERT S. REICH**

ROBERT S. REICH, T.A. (#11163)
ROBERT B. ACOMB (#02303)
Two Lakeway Center, Suite 1000
3850 N. Causeway Boulevard
Metairie, Louisiana  70002
Tel: (504) 830-3999
Fax: (504) 830-3950
e-mail: rreich@rapllclaw.com
         racomb@rapllclaw.com
***Attorney for Plaintiff, Constantine Land Trust***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record by hand delivery, electronic delivery, facsimile transmission, or by placing same in the U. S. Mail, postage prepaid, this 27th day of January 2012.

**/S/ ROBERT S. REICH**