## AFFIDAVIT OF RANDY J. ADAMS

STATE OF LOUISIANA

PARISH OF Orlean

BEFORE ME, the undersigned authority, duly commissioned and qualified within and for the State and Parish aforesaid, personally came and appeared Randy J. Adams, who, after being first duly sworn, deposed and stated as follows:

1. I am a person of the full age of majority and am competent to give this affidavit.

2. I am the President and managing member of Sea Support Services, L.L.C. I have personal knowledge of and am authorized to make the following statements. The facts stated in this affidavit are true and correct to the best of my knowledge and belief.

3. In or around May 2010, BP retained me to help BP identify and/or secure vessels, equipment, rental property, and other items for use in connection with BP's oil spill response operations in Lafourche Parish ("BP's Operations").

4. Pursuant to the scope of my engagement for BP, in June 2010, I helped negotiate an agreement between BP and Jay Pitre of Pitre Industries, in which Pitre Industries agreed to let BP use a yard and warehouse property located in Lafourche Parish at 25771 Highway 1 and a boat slip and yard space located in Lafourche Parish at 25902 Highway 1. I have reviewed the Petition for Damages filed by Constantin Land Trust and served on me and Sea Support (Case No. 119084), and the property described in the Petition for Damages was used by BP pursuant to the agreement with Jay Pitre (hereinafter referred to as "the Property").

5. Jay Pitre told me that he leased the Property from Constantin Land Trust and that he (Pitre) had the authority to sub-lease it.

6. I believed that Jay Pitre had full authority to sub-lease the Property and to permit any activities (including construction and other activities) on the Property. I never had any reason to question whether Jay Pitre had the full authority to sub-lease the Property and/or to permit any activities on the Property (including construction and any other activities).

7. I did not supervise, direct, control, order, or request any activities on the Property (including construction work and any other activities) during the time that BP used it.

8. Sea Support did not supervise, direct, control, order, or request any activities on the Property (including construction work and any other activities) during the time that BP used it.

9. I never used, occupied, damaged, performed construction on, or dumped materials on the Property in connection with BP's Operations.



EXHIBIT A

10. Sea Support never used, occupied, damaged, performed construction on, or dumped materials on the Property in connection with BP's Operations.

11. I have never had a contractual or employment relationship of any nature with Constantin Land Trust or James Constantin. I have never represented or purported to represent Constantin Land Trust or James Constantin. I have never negotiated or brokered a deal on behalf of Constantin Land Trust or James Constantin.

12. Sea Support has never had a contractual or employment relationship of any nature with Constantin Land Trust or James Constantin. Sea Support has never represented or purported to represent Constantin Land Trust or James Constantin. Sea Support has never negotiated or brokered a deal on behalf of Constantin Land Trust or James Constantin.

RANDY J. ADAMS

SWORN TO AND SUBSCRIBED BEFORE ME THIS 10th DAY OF FEBRUARY, 2012.

NOTARY PUBLIC

1078685_1.Docx

L. ETIENNE BALART
NOTARY PUBLIC
State of Louisiana
My Commission Is Issued For Life
La. Bar Roll No. 24951

-2-