UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CONSTANTIN LAND TRUST<br><br>Versus<br><br>BP AMERICA PRODUCTION COMPANY,<br>BP EXPLORATION & PRODUCTION,<br>SEA SUPPORT SERVICES, L.L.C.,<br>AND RANDY J. ADAMS | CIVIL ACTION<br><br>NO. 2:12-cv-00179<br><br>JUDGE:  CARL J. BARBIER<br><br>MAGISTRATE: SALLY SHUSHAN |

### MEMORANDUM IN OPPOSITION TO MOTION TO REMAND

MAY IT PLEASE THE COURT:

Defendants, Sea Support Services, LLC ("Sea Support") and Randy J. Adams ("Adams"), offer the following Memorandum in Opposition to the Motion to Remand filed by Plaintiff, Constantin Land Trust (Rec. Doc. 4-1).

As set forth in the Memorandum and supporting exhibits filed by Defendants BP America Production Company and BP Exploration & Production, Plaintiffs have attempted to avoid the jurisdiction of this Court by naming allegedly local defendants who have no possible liability for the claims advanced.

In their Motion to Remand, Plaintiff contends that it has stated a valid cause of action against both Adams and Sea Support based on a heretofore unrecognized tort of negligent brokering as to the landowner, Plaintiff.  Plaintiff cites no authority for the proposition that an agent owes any duties other than to the principal for which that agent acts.  In other words, the concept of negligent brokering is recognized when the principal complains that its agent acted in disregard of its duties as to the principal.  *See, e.g.*, *Fruge v. ONOB, Inc.*, 32 So. 3d 1115 (La. Ct. App. 2010); *Technical Resource Servs., Inc. v. Shell Expl. & Prod. Co.*, 2010 WL 890533 (E.D.

1

La. Mar. 8, 2010). Rather, Plaintiff simply states that such a tort is recognized "under established Louisiana law." (Memo. at p. 7). Such a concept is squarely at odds with the fundamental principles of the agent/broker-principal relationship. Any duty owed by Adams, or, for argument's sake, Sea Support, as broker or agent for BP would flow to the principal for whom they were acting, i.e. BP, not to Plaintiff. Thus, Plaintiff cannot demonstrate any sustainable cause of action against the local Defendants Adams and Sea Support.

Moreover, Plaintiff has put forth no evidence to contradict that the local defendants Sea Support and Adams could have no liability for any alleged trespass to the land. Neither Adams nor Sea Support performed any activities upon the property. (Adams Aff. at ¶¶ 7, 8).

## CONCLUSION

For the reasons set forth above, as well as the reasons and evidence submitted on behalf of BP in it Memorandum in Opposition to Remand (Rec. Doc. 10), the Motion to Remand should be denied and Defendants Randy J. Adams and Sea Support Services, LLC dismissed from this matter, with prejudice.

Respectfully submitted,

*/s/ L. Etienne Balart*
JEFFERSON R. TILLERY (# 17831)
L. ETIENNE BALART (# 24951)
JONES, WALKER, WAECHTER, POITEVENT
CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue - 47th Floor
New Orleans, Louisiana 70170-5100
Telephone: 504-582-8616
Facsimile: 504-589-8616
jtillery@joneswalker.com
ebalart@joneswalker.com
*Attorneys for Defendants,*
*Sea Support Services, L.L.C.*
*and Randy J. Adams*

2

{N2423767.1}

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the above and foregoing document has been forwarded to all counsel of record by electronic mail by the Clerk of Court via the CM/ECF system, this 14th day of February, 2012.

                                           */s/  L. Etienne Balart*