UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION: J |
| | * | |
| This Document Relates to: | * | |
| All Cases | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE SHUSHAN |
| | * | |
| *   *   *   *   *   *   *   *   *   *   *   * | | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS MOEX OFFSHORE 2007 LLC AND MOEX USA CORPORATION'S MOTION TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF JAMES P. LANG**

John F. Pritchard
Edward Flanders
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500

Christopher McNevin
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

Jack McKay
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

**TABLE OF CONTENTS**

Page

I. LANG LACKS SUFFICIENT QUALIFICATIONS TO OFFER EXPERT TESTIMONY ................................................................................................................. 1

II. LANG'S OPINIONS REGARDING "OWNERSHIP" ARE IMPERMISSIBLE LEGAL CONCLUSIONS ........................................................................................................ 3

III. LANG'S SUMMARY OF THE EVIDENCE SHOULD BE EXCLUDED ............................ 3

CONCLUSION ................................................................................................................................ 3

## TABLE OF AUTHORITIES

### CASES

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
    509 U.S. 579 (1993) ........................................................................................................ 2, 3

*Gautreaux v. Tetra Applied Technologies, LLC*,
    Civil Action No. 08-4645, 2010 WL 3952260 (E.D. La. Oct. 6, 2010). ................................ 2

*Transwestern Pipeline Co., LLC v. 46.78 Acres, More or Less, of Permanent Easement
    Located in Maricopa Country*,
    No. 2:07-cv-02312, 2010 WL 1728936 (D. Ariz. Apr. 26, 2010) ........................................ 2

*U.S. v. Frazier*,
    387 F.3d 1244 (11th Cir. 2004) ............................................................................................ 2

### STATUTES

Fed. R. Evid. 702 ..................................................................................................................... 2

MOEX Offshore 2007 LLC ("MOEX Offshore") and MOEX USA Corporation ("MOEX USA") (collectively "Movants") respectfully submit this reply memorandum in support of their motion to exclude the expert report and any testimony of the United States' proposed expert, James P. Lang ("Lang"), pursuant to Federal Rule of Evidence 702, and in response to the United States' Opposition ("Opp.") to that motion.

I. **LANG LACKS SUFFICIENT QUALIFICATIONS TO OFFER EXPERT TESTIMONY**

Despite the United States' claim that Lang is qualified to provide expert testimony based on his "relevant industry experience with JOAs and the roles of NOPs" (Opp. at 4), it does not (and cannot) dispute that Lang has never negotiated, drafted, administered, or implemented a deepwater operating agreement, nor advised even a single non-operating party with respect to deepwater drilling operations after the initial investment was made. Nonetheless, the United States argues that "Lang's qualifications meet or exceed" those of Gordon Cain, MOEX Offshore's expert. Opp. at 3. Cain, however, has day-to-day experience in administering all phases of operating agreements (including drafting and negotiating numerous such agreements), has advised both operators and non-operators with respect to deepwater drilling operations, and co-chaired the industry group sub-committee that drafted the AAPL Model Form Deepwater Operating Agreement. *See* Cain Report (U.S. Exh. C) at 3-4. In terms of being qualified to opine on industry practice concerning the role of non-operating parties in offshore deepwater drilling operations, and particularly the ability of such parties to influence operations through the approval or non-consent to AFEs after the initial investment is made, the contrast between the two proposed experts could not be more stark.

Moreover, Lang fails to explain how any industry experience that he may have led

to the opinions presented in his report. While "the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience," the advisory committee notes emphasize that "[i]f the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *See* Fed. R. Evid. 702 advisory committee's note. The failure to do so can provide sufficient basis for exclusion of the testimony. *See U.S. v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004) (finding no error in the exclusion of an expert's testimony when he "never explained just how his own experience" supported his opinion); *Transwestern Pipeline Co., LLC v. 46.78 Acres, More or Less, of Permanent Easement Located in Maricopa Country*, No. 2:07-cv-02312, 2010 WL 1728936, at *3 (D. Ariz. Apr. 26, 2010) (finding expert testimony inadmissible where expert "failed to explain how [his] experience qualifies him to opine" on specific issue).

      Neither the Lang Report nor the United States' Opposition explain how Lang's experience at a gas industry consulting firm qualifies him to opine regarding the role of non-operating parties in offshore deepwater drilling operations, particularly with respect to joint operating agreements and the ability of non-operators to influence operations through AFEs. Thus Lang and the United States have failed to establish the basis of Lang's expertise to testify under Rule 702, making Lang's report and proposed expert testimony inadmissible under the *Daubert* standard. *See Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 592 (1993); *Gautreaux v. Tetra Applied Technologies, LLC*, Civil Action No. 08-4645, 2010 WL 3952260, at *3 (E.D. La. Oct. 6, 2010).

## II. LANG'S OPINIONS REGARDING "OWNERSHIP" ARE IMPERMISSIBLE LEGAL CONCLUSIONS

Despite the United States' protestations, Lang's opinion that MOEX Offshore was an "owner" of the Macondo Well and "hence jointly exposed to all consequences" is clearly a legal conclusion and an improper subject of expert testimony.[1] Moreover, Lang's "insight into the industry understanding of NOPs rights and abilities as co-owners of the leasehold and the well" (Opp. at 15) is only relevant if one assumes that his legal conclusion that MOEX Offshore was an owner is correct. His opinion on this matter, therefore, should be excluded.

## III. LANG'S SUMMARY OF THE EVIDENCE SHOULD BE EXCLUDED

As set forth in Movant's opening memorandum, it is inappropriate for an expert to summarize evidence and do nothing more than make arguments that could be made by counsel. Here, the only appropriate area of expert testimony is the industry practice of non-operating parties under deepwater operating agreements, which is precisely the subject of Mr. Cain's opinion. In contrast, Lang summarized evidence (often incorrectly and/or out of context) rather than setting forth relevant industry standards to allow the fact finder to determine the issue. While Lang was free to disagree with Mr. Cain's opinions, his extensive and argumentative summary of the evidence does not "assist the trier of fact to understand or determine a fact in issue." *See Daubert*, 590 U.S. at 591-92.

### CONCLUSION

For the reasons set forth above and in Movant's opening memorandum, MOEX Offshore and MOEX USA respectfully request that the Court grant their motion to exclude the expert report and any testimony of the James P. Lang.

---

[1] That BP may have referred to MOEX Offshore as a "partner," "co-owner," or "owner" (Opp. at 15) is irrelevant to the issue of MOEX Offshore's legal status with respect to the Macondo Well.

3

500978595v3

Dated:  February 20, 2012

Respectfully submitted,

s/  John F. Pritchard_____

John F. Pritchard
Edward Flanders
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500
john.pritchard@pillsburylaw.com
edward.flanders@pillsburylaw.com

Christopher McNevin
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033
chrismcnevin@pillsburylaw.com

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**


s/____*Jack McKay*_____
Jack McKay
jack.mckay@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1122
Telephone (202) 663-8439
Facsimile (202) 663-8007

**COUNSEL FOR MOEX USA CORPORATION**

5

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on February 20, 2012.

                                             s/ John F. Pritchard
                                             John F. Pritchard

500978595v3