UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179 SECTION: J |
| This document relates to: | § § | Judge Carl J. Barbier Magistrate Judge Sally Shushan |
| *All Cases and No. 2-10-cv-02771* | § § | |

**M-I L.L.C.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
CALVIN BARNHILL'S OPINIONS REGARDING THE RELATIONSHIP BETWEEN
THE SPACER AND THE NEGATIVE PRESSURE TEST**

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 415-3000
Facsimile:      (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:     (713) 890-5000
Facsimile:      (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

February 20, 2012

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
      Hugh E. Tanner
      htanner@morganlewis.com
      Texas Bar No. 19637400
      1000 Louisiana, Suite 4000
      Houston, Texas  77002
      Telephone:     (713) 890-5000
      Facsimile:      (713) 890-5001

**ATTORNEY FOR DEFENDANT
M-I L.L.C.**

## I.   INTRODUCTION

M-I L.L.C. ("M-I") moved to exclude Calvin Barnhill's opinions regarding the spacer used at the Macondo well because Barnhill has no relevant specialized knowledge and offered vague, conclusory opinions with no testing to back them up.  Dkt. No. 5401.  Transocean's Opposition seeks to "fix" Barnhill's opinions by re-characterizing them as mechanical matters of general petroleum engineering rather than matters of chemistry because Barnhill openly conceded that he did not test the spacer and is not familiar with its constituents.  Transocean's efforts are misplaced—Barnhill contends that the mechanical effects are caused by the properties of the spacer fluid.  Therefore, expertise regarding the fluid itself is essential.  This Court should reject Barnhill's attempt to reverse-engineer an excuse for the misinterpretation of the negative test (as well as Transocean's attempt to reverse-engineer an admissible opinion about the spacer from its expert).

## II.   ARGUMENT

### A.   Barnhill's Conclusory Opinions Regarding the Spacer Should Be Excluded

Barnhill's opinions that the zero pressure reading in the kill line "had to be" associated with plugging of the kill line or a differential in hydrostatic pressures on the kill line and drill pipe—both of which he attempts to blame on the spacer—is conclusory and should be excluded. Opp. 3.  An expert opinion that reaches a conclusion without genuine analysis is conclusory and unreliable.  Barnhill's guess as to what caused the zero pressure reading on the kill line does not amount to an expert opinion.  This is especially true since Barnhill admitted that there are other potential causes of the zero pressure reading, but failed to give any reason why he chose one explanation to the exclusion of the others.  M-I Mem. 4-5.

Barnhill admitted in his deposition that the zero pressure reading on the kill line could have been caused by a multitude of different factors,[1] yet he comes to the conclusion that it "had to be" caused by the spacer. Opp. 3. Even though Barnhill admits that the zero pressure reading "could have been" caused by an inadvertently closed valve, Transocean stands by Barnhill's opinion that it "had to be" caused by the spacer. Opp. 3. This is no surprise, since Transocean was responsible for lining up the valves for the negative test. Barnhill Dep. 377:10-22;[2] Winslow Dep. 441:1–442:12.[3]

Without a basis for concluding that any of the four possible theories is likely the *actual* cause of the reading, Barnhill's bald, conclusory assertion that the zero pressure reading just "had to be" from the spacer is unreliable and inadmissible.

### B. Barnhill's General Knowledge About Fluids Cannot Support His Opinions About The Behavior Of *This* Fluid Under *These* Conditions

Transocean attempts to support Barnhill's opinion that the spacer could have plugged the kill line by citing to his general experience as a petroleum engineer and his knowledge that solids can settle out of water-based fluids. Opp. 7. This general knowledge of the principles of gravity and fluid dynamics provides no basis for his opinion that solids from *this* spacer could have clogged *this* kill line under *these* conditions. Barnhill does not claim to have any specialized knowledge about how rapidly solids can settle in fluids or what chemical reaction would have to occur to make these small particles bond together to form a plug. Furthermore, Barnhill admitted that he is not an expert in the chemical properties of the spacer. Opp. 5. Yet, this is exactly the topic on which Barnhill offered the opinion that Transocean is trying to save. Opp. 6 ("Barnhill's theory of potential kill line plugging due to the presence of the weighted LCM

---

[1] M-I Mem. 4-5 (citing Barnhill Dep. 174:19–176:7).

[2] Nov. 29, 2011 Deposition of Calvin Barnhill, excerpts of which are attached as Ex. A.

[3] Apr. 21, 2011 Deposition of Daun Winslow, excerpts of which are attached as Ex. B.

spacer is based on principles with which he is familiar.")  Barnhill's general knowledge about gravity and fluid dynamics is irrelevant to his opinion about the behavior of this spacer during the period that it was down hole at the Macondo well.  Barnhill's opinion that the spacer could have potentially plugged the kill line is unreliable and improper and should be excluded.

### III.  CONCLUSION

Transocean's attempts to save its expert's reverse-engineered opinions about the spacer should be rejected because its Opposition makes clear that Barnhill's opinions are conclusory, unreliable, and not based on relevant expertise.  Barnhill reverse-engineered an opinion on the cause of the zero pressure reading that suited his needs without providing any explanation for choosing one possibility over the other.  Rule 702 does not allow experts to start with a conclusion and work backward.  *See Castellow v. Chevron USA*, 97 F. Supp. 2d 780, 786 (S.D. Tex. 2000).  Further, Barnhill's general knowledge of fluid dynamics and the law of gravity do not provide a sufficient basis for him to opine on the down hole behaviors of a fluid that he has not tested and with which he has no experience.  Without specialized knowledge of *this* fluid, Barnhill cannot support an opinion that *this* fluid potentially plugged *this* kill line under *these* circumstances.

For these reasons, M-I respectfully requests that the Court grant M-I's motion and exclude Barnhill's conclusory and baseless opinions regarding the spacer.

3

                    Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:** | MORGAN, LEWIS & BOCKIUS LLP |
| MORGAN, LEWIS & BOCKIUS LLP | |
| | |
| Derek E. Leon | By: */s/ Hugh E. Tanner* |
| dleon@morganlewis.com |     Hugh E. Tanner |
| Texas Bar No. 24002463 |     htanner@morganlewis.com |
| 5300 Wachovia Financial Center |     Texas Bar No. 19637400 |
| 200 South Biscayne Boulevard |     1000 Louisiana, Suite 4000 |
| Miami, Florida 33131 |     Houston, Texas 77002 |
| Telephone: (305) 415-3000 |     Telephone: (713) 890-5000 |
| Facsimile: (305) 415-3001 |     Facsimile: (713) 890-5001 |
| | |
| Denise Scofield | |
| dscofield@morganlewis.com | **ATTORNEY FOR DEFENDANT** |
| Texas Bar No. 00784934 | **M-I L.L.C.** |
| 1000 Louisiana, Suite 4000 | |
| Houston, Texas 77002 | |
| Telephone: (713) 890-5000 | |
| Facsimile: (713) 890-5001 | |
| | |
| **ATTORNEYS FOR DEFENDANT** | |
| **M-I L.L.C.** | |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing M-I L.L.C.'s Reply In Support Of Its Motion To Exclude Calvin Barnhill's Opinions Regarding The Relationship Between The Spacer And The Negative Pressure Test has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                                          */s/ Hugh E. Tanner*
                                                          Hugh E. Tanner