UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | § § § § § § | MDL No. 2179<br><br>SECTION: J |
| This document relates to:<br><br>*All Cases and*<br>*No. 2-10-cv-02771* | § § § § | Judge Carl J. Barbier<br>Magistrate Judge Sally Shushan |

<u>**M-I L.L.C.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE ROBERT BEA AND WILLIAM GALE'S OPINIONS REGARDING THE SPACER**</u>

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 415-3000
Facsimile: (305) 415-3001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

February 20, 2012

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Hugh E. Tanner*
Hugh E. Tanner
htanner@morganlewis.com
Texas Bar No. 19637400
1000 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile: (713) 890-5001

**ATTORNEY FOR DEFENDANT**
**M-I L.L.C.**

I. INTRODUCTION

M-I L.L.C. ("M-I") moved to exclude the opinions of Robert Bea and William Gale regarding the water-based lost circulation material ("LCM") spacer used on the *Deepwater Horizon* because they, by their own admission, have no relevant knowledge or experience, and their opinions are vague and conclusory.  Dkt. No. 5402.  The Opposition filed by the PSC only serves to reinforce the need to exclude the opinions of Bea and Gale.  Indeed, the PSC does not refute M-I's argument that Bea and Gale's water-based LCM spacer opinions are vague and conclusory.  In fact, the PSC was forced to admit that Bea and Gale have no expertise in the disciplines of drilling fluids, LCMs, or spacers of any sort.  Moreover, rather than attempting to demonstrate why Bea and Gale are qualified to give any opinions about the spacer, the PSC simply responds that Bea and Gale should be allowed to rely upon the opinions and data of others to reach their own opinions.  Tellingly, the PSC does not and cannot cite one single opinion that Bea and Gale relied upon that, in fact, concluded that the water-based LCM spacer used on the *Deepwater Horizon* was risky.  With no experience, no analysis, and no data in support, the opinions of Bea and Gale regarding the water-based LCM spacer used on the *Deepwater Horizon* are unreliable and improper and should be excluded from evidence.

II. ARGUMENT

M-I moved to exclude the opinions of Bea and Gale regarding the water-based LCM spacer, in part, because their opinions are vague and conclusory.  Bea and Gale opined that the use of the water-based LCM spacer increased risk.  However, they do not attempt to explain what risk was increased or how that risk was, in fact, increased.  Moreover, Bea and Gale admit that they have no data or tests to support their baseless assertions.  M-I Mem. 3.  As noted, the PSC did not even attempt to respond to M-I's argument on this point.  Therefore, Bea and Gale's opinions regarding the water-based LCM spacer used on the *Deepwater Horizon* should be

excluded.  *See*, *e.g.*, *Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citations omitted) ("[W]hen a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004); *see also Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (*en banc*) ("[T]he party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are based on the scientific method, and, therefore, are reliable.").

Because the PSC must concede that Bea and Gale lack sufficient expertise to form an opinion regarding the water-based LCM spacer, the PSC attempts to argue that such expertise is irrelevant.  Opp. 1-3.  Indeed, the PSC postulates that as process safety experts, Bea and Gale should be entitled to rely upon the expert opinions of others in providing their "risk assessment" in this case.  Opp. 1.  Bea and Gale, however, did not cite one single expert or one single expert report that found that using the water-based LCM spacer increased the risk of anything.  The only opinion the PSC mentions in its Opposition is a statement in the Bly Report that the decision to use the water-based LCM spacer was "brought about by perceived expediency."  Opp. 2.  The Bly Report did not, however, conclude that the water-based LCM spacer increased any risk, and, further, the term "expediency" is in no way synonymous with "risky."[1]  Therefore, even their misplaced reliance on other opinions fails to provide a basis for the spacer opinions of Bea and Gale.  Understandably, even process safety experts must have a reliable and proper basis for opining that something is risky.

---

[1] *Expediency Definition,* M-W.COM, http://www.merriam-webster.com/thesaurus/expediency (last visited Feb. 19, 2012) ("suitability for bringing about a desired result under the circumstances").

### III. CONCLUSION

Bea and Gale are not qualified to opine on anything related to the water-based LCM spacer used on the *Deepwater Horizon*, including whether that spacer increased any undefined risk on the Macondo well. Furthermore, the opinions on which Bea and Gale seek to rely do not in any manner support the opinions they offered regarding the water-based LCM spacer. Therefore, M-I respectfully requests that the Court grant M-I's motion and exclude Bea and Gale's opinions regarding the water-based LCM spacer used on the *Deepwater Horizon*.[2]

Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:**<br>MORGAN, LEWIS & BOCKIUS LLP | MORGAN, LEWIS & BOCKIUS LLP |
| Derek E. Leon<br>dleon@morganlewis.com<br>Texas Bar No. 24002463<br>5300 Wachovia Financial Center<br>200 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 415-3000<br>Facsimile: (305) 415-3001 | By: */s/ Hugh E. Tanner*<br>Hugh E. Tanner<br>htanner@morganlewis.com<br>Texas Bar No. 19637400<br>1000 Louisiana, Suite 4000<br>Houston, Texas 77002<br>Telephone: (713) 890-5000<br>Facsimile: (713) 890-5001 |
| Denise Scofield<br>dscofield@morganlewis.com<br>Texas Bar No. 00784934<br>1000 Louisiana, Suite 4000<br>Houston, Texas 77002<br>Telephone: (713) 890-5000<br>Facsimile: (713) 890-5001 | **ATTORNEY FOR DEFENDANT**<br>**M-I L.L.C.** |

**ATTORNEYS FOR DEFENDANT**
**M-I L.L.C.**

---

[2] M-I takes no position with respect to the other opinions proffered in the report authored by Messrs. Bea and Gale.

3

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing M-I L.L.C.'s Reply In Support Of Its Motion To Exclude Robert Bea and William Gale's Opinions Regarding The Spacer has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                              */s/ Hugh E. Tanner*
                                              Hugh E. Tanner