UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | * | |
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO.: 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO ON APRIL 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES | * | |
| TO ALL ACTIONS | * | MAGISTRATE DIVISION  "1" |
| | * | MAG. JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * *

**DONALD VIDRINE'S MOTION TO REVIEW MAGISTRATE JUDGE'S
ORDER GRANTING IN PART AND DENYING IN PART TRANSOCEAN'S
MOTION TO COMPEL DEPOSITION TESTIMONY OF DONALD VIDRINE**

NOW INTO COURT, through his undersigned counsel, comes Donald Vidrine and,

pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Local Rule 72.2E,  he

hereby respectfully moves for review of Magistrate Judge Shushan's Order dated February

14, 2012 [Rec. Doc. 5681].   The Order ostensibly "grants in part and denies in part"

Transocean's motion to compel the deposition testimony of Mr. Vidrine and of one of his

treating physicians, Dr. Bob Winston [Rec. Doc. 5656].  In fact, the Order correctly denied

*all* of the relief sought by Transocean in its Motion to Compel, and quashed the deposition

of each of Mr. Vidrine and Dr. Winston.  But in ruling on the motion, the Magistrate Judge

*sua sponte* granted additional relief not sought by Transocean: Magistrate Judge Shushan

ordered Mr. Vidrine to undergo an examination by a court-appointed psychiatrist, Dr. Rennie

Culver, who is to provide a report to the Court on whether Mr. Vidrine is able to give a

deposition.   This portion of the Order was purportedly made under the authority of

-1-

Rule 35(a), Fed. R. Civ. P.  In addition, the Order compels counsel for Mr. Vidrine to provide to Dr. Culver "all Mr. Vidrine's medical records and reports of his treating physician. . .." *See* Order, p. 2.

As argued more fully in the memorandum of law filed in support hereof, these portions of the Order are clearly erroneous and contrary to law and should be vacated for each of the following reasons:

1.      Mr. Vidrine, who was the BP Well Site Leader at the time of the *Deepwater Horizon* blowout, is, at best, a potential fact witness.  He is not a personal injury plaintiff and he has not asserted any claims against any defendant, and he is not a party to any action to be tried by the Court in Phase One of this MDL proceeding.  Accordingly, he is not a "party" within the meaning of Rule 35(a), Fed. R. Civ. P.  The Court lacks jurisdiction, and is without authority to compel Mr. Vidrine to undergo a medical examination.

2.      Even if Rule 35(a) were applicable to Mr. Vidrine, the Order would nevertheless be procedurally defective.  Under that rule, an order requiring a "party" to submit to a physical or mental examination "may be made only on motion for good cause and on notice to all parties and the person to be examined."  *See* Rule 35(a)(2)(A), Fed. R. Civ. P. Thus, at a minimum, there must be: (a) a motion for such relief (none was filed here); (b) the party seeking the relief must show "good cause" (no such showing was made by Transocean); and (c) the person sought to be examined must be given prior notice (Mr. Vidrine had no such notice and had no opportunity to be heard on the matter, a violation of his basic due process rights).

3.      In addition, even if the Court had authority to compel Mr. Vidrine to submit to an examination by Dr. Culver, there are additional reasons why it should have declined to do so here.  A compelled examination by a physician renders the consultation not subject to the usual protection of confidentiality, such as is afforded by the psychotherapist-patient privilege.  The Magistrate Judge's error is compounded by the additional requirement that counsel for Mr. Vidrine provide to Dr. Culver all of Mr. Vidrine's medical records and reports of his treating physician, a further compelled-waiver of the psychotherapist-patient privilege.  Further, if Mr. Vidrine were to submit himself to the examination as required and then requested a copy of Dr. Culver's report of his examination (which he would have to do if he wished to challenge any ruling later made by the Court on the basis of Dr. Culver's findings), Mr. Vidrine would be waiving "any privilege" he may have, not only in this action, but also in "any other action involving the same controversy–concerning testimony about all examinations of the same condition."  *See* Rule 35(b)(4), Fed. R. Civ. P.  Because the events surrounding the *Deepwater Horizon* blowout are the subject of an ongoing criminal investigation by the United States Department of Justice, the usual strong interest in maintaining the confidentiality of medical treatment is substantially heightened here.

4.      Still further, the Order should be vacated insofar as it requires undersigned counsel to provide all of Mr. Vidrine's medical records and reports of his treating physician to Dr. Culver, and thereby waive the privilege that protects those materials.  Undersigned counsel is without authority from Mr. Vidrine to do so, and under applicable law, Mr. Vidrine has a privilege to prevent his counsel from making such a disclosure.

For each of the foregoing reasons, and for the reasons more fully discussed in the attached memorandum of law, it is evident that the Magistrate Judge committed a mistake when she *sua sponte* ordered Mr. Vidrine to submit himself to an examination by Dr. Culver, and also ordered Mr. Vidrine's counsel to disclose all of Mr. Vidrine's confidential medical records to Dr. Culver.  Accordingly, each of those portions of the Order should be vacated.

> Robert N. Habans, Jr. (La. Bar No. 6395)
> Habans & Carriere
> 10843 N. Oak Hills Parkway
> Baton Rouge, Louisiana 70810
> Telephone:  (225) 757-0225
> Fax:           (225) 757-0398
> Email:       bobhab@bellsouth.net

### CERTIFICATE OF SERVICE

I do hereby certify that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

> /s/ Robert N. Habans, Jr.
> Robert N. Habans, Jr.