UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | * * * * | MDL NO.: 2179  SECTION "J"  JUDGE BARBIER |
| THIS DOCUMENT RELATES TO ALL ACTIONS | * * * | MAGISTRATE DIVISION "1"  MAG. JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF DONALD VIDRINE'S MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART TRANSOCEAN'S MOTION TO COMPEL DEPOSITION TESTIMONY OF DONALD VIDRINE**

MAY IT PLEASE THE COURT:

Donald Vidrine submits this memorandum in support of his motion to review Magistrate Judge Shushan's Order dated February 14, 2012 [Rec. Doc. 5681]. The Order correctly denied Transocean's motion to compel the deposition testimony of Mr. Vidrine and of one of his treating physicians, Dr. Bob Winston [Rec. Doc. 5656]. But in ruling on the motion, the Magistrate Judge *sua sponte* granted additional relief not sought by Transocean: Magistrate Judge Shushan ordered Mr. Vidrine to undergo an examination by a court-appointed psychiatrist, Dr. Rennie Culver, who is to provide a report to the Court on whether Mr. Vidrine is able to give a deposition. In addition, the Order compels counsel for Mr. Vidrine to provide to Dr. Culver "all Mr. Vidrine's medical records and reports of his treating physician. . .." These additional rulings are clearly erroneous and contrary to law.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Mr. Vidrine was the BP Well Site Leader at the time of the *Deepwater Horizon* blowout.  He is not a personal injury plaintiff; he has not asserted any claims against any defendant; and he is not a party to any action to be tried by the Court in Phase One of this MDL proceeding.

As Mr. Vidrine has well documented for the Court throughout the course of this MDL proceeding through several submissions made under seal of reports of treating physicians for *in camera* review, Mr. Vidrine is unable, for medical reasons, to testify at deposition (or at the upcoming trial).[1]  Mr. Vidrine's inability to appear for deposition has been previously addressed by the Court on several occasions, and each time, based on the submissions made under seal by Mr. Vidrine, the Court has concluded that Mr. Vidrine should be excused for medical reasons from testifying at deposition [Rec. Doc. 3407], and, further, that his name should be removed from the list of witnesses scheduled for "Phase One Fact Depositions."  [Rec. Doc. 4486, at p. 3].[2]  More recently, in instructing defendant BP to prepare a single list of the live fact witnesses for all parties, the Court instructed that "the single list to be prepared by BP will not include Don Vidrine, who has not been able to testify because of medical restrictions."  *See* January 23, 2012 Order, Rec. Doc.

---

[1] *See, e.g.*, July 21, 2011 Order, Rec. Doc. 3407, noting Mr. Vidrine's submission of his medical records under seal for *in camera* review, Rec. Doc. 3388.  *See also* November 7, 2011 Order, Rec. Doc. 4486, at p. 3, noting that "on November 4, 2011, the Court received a written report, dated November 3, 2011, from Bob Winston, M.D., Mr. Vidrine's physician."

[2]  For the Court's convenience, additional copies of Rec. Docs. 3407 and 4486 are attached here as Exhibits "A" and "B", respectively.

5332 at p. 2.³ Most recently, on February 13, 2012, Mr. Vidrine submitted under seal for *in camera* review an update from his physician that yet again confirmed that Mr. Vidrine's is unable for medical reasons to appear for deposition.⁴

This Court established November 11, 2011 as the deadline for completion of depositions of fact witnesses for the upcoming trial. *See, e.g.,* October 4, 2011 Order, Rec. Doc. 4217 at p. 3, (November 11, 2011 is "the deadline for completing Phase One Fact depositions.")⁵ Although Mr. Vidrine's identity, and his role in the events that give rise to this litigation, have been known to Transocean from the start, Transocean made no effort to depose Mr. Vidrine before that deadline. Indeed, Transocean waited until Saturday February 10, 2012, to serve Mr. Vidrine with a deposition subpoena requiring Mr. Vidrine to appear at a unilaterally-scheduled deposition on the morning of the following Friday, February 17, 2012. Then, on Sunday, February 12, 2012, a mere eight days ago, Transocean filed its Motion to Compel Deposition Testimony of Donald Vidrine [Rec. Doc. 5656].⁶

The Magistrate Judge requested by e-mail that Mr. Vidrine respond to Transocean's Motion to Compel within one day (*i.e.* no later than Monday, February 13, 2012). As instructed, Mr. Vidrine filed his opposition to the Motion to Compel and a motion to quash the deposition of each of Mr. Vidrine and Dr. Winston. [Rec. Doc. 5674]. In that filing, Mr. Vidrine argued that

---

³ An additional copy of Rec. Doc. 5332 is attached hereto as Exhibit "C".

⁴ *See* February 14, 2012 Order, Rec. Doc. 5681, noting that "Vidrine submitted an opposition with a brief update from Dr. Winston, who reports that for medical reasons Vidrine is unable to testify at deposition."

⁵ An additional copy of Rec. Doc. 4217 is attached hereto as Exhibit "D".

⁶ The title of the motion is incomplete. Transocean also sought in its motion to compel the deposition of one of Mr. Vidrine's treating physicians, Dr. Bob Winston.

Transocean's request to depose him should be denied outright because it comes many months after the November 11, 2011 deadline for completion of depositions of fact witnesses, and Transocean did not justify its failure to abide by the Court's discovery cut-off or offer any reason why it should be permitted to depose Mr. Vidrine in violation of the Court's pretrial deadline. Mr. Vidrine also argued that the information sought to be discovered from him and from his physician was protected from disclosure by the psychotherapist-patient privilege, a privilege Transocean concedes applies (although it mistakenly claimed the privilege had been waived). Finally, Mr. Vidrine argued that his deposition should be quashed also because he is unable for medical reasons to appear at deposition (as has been confirmed by the Court's several earlier rulings noted above).

In an Order issued the following day, Magistrate Judge Shushan denied all of the relief sought by Transocean in its Motion to Compel, and she ruled that "the subpoenas issued to Dr. Winston and Vidrine are quashed." *See* February 14, 2012 Order, Rec. Doc. 5681, at p. 1.

Although no other relief had been sought by Transocean's Motion to Compel, the Magistrate Judge then *sua sponte* ordered (a) that Dr. Rennie W. Culver be appointed to examine Mr. Vidrine and provide a report to the Court on whether Mr. Vidrine is able to give a deposition, and (b) that "counsel for Mr. Vidrine promptly provide all Mr. Vidrine's medical records and reports of his treating physician to Dr. Culver. . . ." *Id*. The Magistrate Judge also set Monday, February 20, 2012, as the deadline for any appeal of the Order. *Id*. at p. 2.

By letter brief dated February 16, 2012, Mr. Vidrine requested Magistrate Judge Shushan to reconsider those portions of her Order that compel Mr. Vidrine to submit himself to an examination by Dr. Culver and require Mr. Vidrine's counsel to disclose to Dr. Culver all of

Mr. Vidrine's confidential medical records and reports of his treating physician.[7] As of the filing hereof, that motion remains pending before Magistrate Judge Shushan. However, in the meantime, this motion to review the Order is being filed in compliance with the February 20, 2012 deadline for appeal imposed by the Magistrate Judge's Order.

## II.  LAW AND ARGUMENT

### A.  Applicable Standard Of Review

28 U.S.C. § 636(b)(1)(A) and Rule 72(a), Fed. R. Civ. P., permit the District Court to review a Magistrate Judge's order on non-dispositive pretrial matters. The District Court may reverse the order upon a finding that it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Although district courts have significant flexibility in the application of discovery rules, that latitude is constrained by the principles of due process. *Am. Nat'l Bank & Trust Co. of Chicago v. Equitable Life Assurance Society of U.S.*, 406 F. 3d 867, 878 (7th Cir. 2005). "'A district court by definition abuses its discretion when it makes an error of law.'" *Sandwich Chef of Texas., Inc., v. Reliance Nat'l Indem. Ins. Co.*, 319 F. 3d 205, 218 (5th Cir. 2003), *quoting Koon v. U.S.*, 518 U.S. 81, 100, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996). An "abuse of discretion" is established when the reviewing court has a firm conviction that the lower court committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *U.S. v. Walker*, 772 F. 2d 1172, 1176 n. 9 (5th Cir. 1985).

---

[7] As of the filing hereof, that letter brief has not yet been posted to Pacer. Accordingly, an additional copy is attached hereto as Exhibit "E".

In an earlier lawsuit, this Court reversed Magistrate Judge Shushan's order that required a personal injury plaintiff to submit himself to a Rule 35(a) examination to determine his functional capacity. *Borganelli v. Grand Isle Shipyard, Inc.*, 2005 WL 1038104 (E.D. La. 4/22/2005) (Barbier, J.). This Court first noted that "'the district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed.'" *Borganelli,* 2005 WL 1038104 at * 1, *quoting Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D. Tex. 1996). This Court then observed that "a magistrate judge's legal conclusions are reviewable *de novo*." *Id*. Then, after analyzing the facts, this Court rejected the reasons offered by Magistrate Judge Shushan for compelling the Rule 35 examination, it determined that good cause did not exist for such an examination, and it vacated the order compelling the examination. *Id*. As shown below, the reasons for reversal urged in this motion are different, but the same result is appropriate here: Magistrate Judge Shushan's Order compelling Mr. Vidrine to submit to a medical examination (and requiring his counsel to disclose Mr. Vidrine's privileged medical records) should be vacated.

**B.    Rule 35 And Applicable Jurisprudence Do Not Authorize This Court To Compel Mr. Vidrine To Submit To  Medical Examination**

The Order recites that the appointment of Dr. Culver is made "pursuant to Fed. R. Civ. P. 35(a)." *See* February 14, 2012 Order, Rec. Doc. 5681, at p. 1. Yet Rule 35(a), Fed. R. Civ. P., only permits a court to "order a ***party*** whose mental or physical condition. . .is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." (emphasis added).

On its face, that rule does not apply to Mr. Vidrine. He is at best a potential fact witness. He has not brought a personal injury or other claim against Transocean or any other defendant in the captioned MDL proceeding. Mr. Vidrine therefore is not a "party" within the meaning of Rule 35.

That Rule 35 is limited to an examination of a "party" is not only evident from the plain language of the rule itself, but is also firmly established by the cases that have considered the issue. *See, e.g.*, *Dulles v. Quan Yoke Fong*, 237 F. 2d 496, 499 (9th Cir. 1956) (considering language of Rule 35(a) and concluding that the "court has no jurisdiction to compel a person not a party" to submit to a medical examination); *Fong Sik Leung v. Dulles*, 226 F. 2d 74, 77 (9th. Cir. 1955) (recognizing that a court has no inherent power to order the physical examination of a non-party, because "it would be absurd to contend that any one not a party may be so coerced while specifically providing in Rule 35(a) that only a party is subject to such physical examination"); *Webster v. Offshore Food Service, Inc.*, 434 F. 2d 1191, 1195 (5th Cir. 1970) (Court recognizes that plaintiff is unable to secure medical examination of his former roommate, "Winn, who was not a party", noting that "the disability imposed by Rule 35(a) would have endured even had the case gone to trial.")

Mr. Vidrine expects Transocean to attempt to dispute Mr. Vidrine's status as a non-party within the meaning of Rule 35 by arguing that he was named as a defendant in a complaint sought to be made a part of this MDL proceeding, namely, No. 2:11-cv-00348, *State of Louisiana ex rel. Plaquemines Parish School Board v. BP, PLC at al.* That lawsuit is a matter in which issue has not been joined, and, to the best knowledge of undersigned counsel, that lawsuit has not even been assigned to any of the "complaint" bundles. Consequently, Mr. Vidrine is not a "party" (within the meaning of Rule 35) to the upcoming Phase One trial, and he does not have the right to participate in that trial because no issue potentially triable as to Mr. Vidrine is before the Court at this time.

Indeed, no matter what it may now claim, Transocean has until now treated Mr. Vidrine as a non-party.  When it attempted to schedule his deposition and obtain documents from him, Transocean did not give notice to his counsel of the proposed deposition pursuant to Rule 30 and did not serve his counsel with a request for production of documents under Rule 34; instead, Transocean served Mr. Vidrine with a subpoena, that also required him to produce documents at the deposition, all pursuant to Rule 45.  *See, e.g., In re MNM Boats, Inc.*, 2009 WL 1247100 at *3 (E.D.La. 5/5/2009) (Court quashes subpoena directed to a party after noting that "MNM's use of a subpoena pursuant to Rule 45 to secure Nguyen's deposition testimony and to obtain the requested documents [is] procedurally improper . . ..  To the extent that MNM sought to compel Nguyen–a party to this action–to attend a deposition and/or to produce the specified documents, MNM should have served Nguyen with a Notice of Deposition and a Request of Production of Documents as set forth in Rules 30 and 34.").

In sum, because Mr. Vidrine is not a "party" within the meaning of Rule 35(a), this Court does not have the authority to order Mr. Vidrine to submit himself to any sort of physical or mental examination.  Accordingly, the portion of the Magistrate Judge's Order that requires such an examination is a clear error of law and should be vacated by this Court.

C.   The Magistrate Judge's Order Is Procedurally Defective

Even if Mr. Vidrine were a "party" and subject to Rule 35(a), the Order requiring him to submit himself to an examination by Dr. Culver would nevertheless be procedurally defective, and should therefore be vacated in any event.  Rule 35(a)(2) expressly requires that an order requiring a "party" to submit to a physical or mental examination "may be made ***only*** on motion for good cause and on notice to all parties and the person to be examined." (emphasis added).  Thus, at a minimum, there must be: (1) a motion for such relief filed by a party (none was filed here); (2) the

party seeking the relief must show "good cause" (no such showing was made here by Transocean); and (3) the person sought to be examined must be given prior notice (Mr. Vidrine had no such notice and had no opportunity to be heard on the matter, a violation of his basic due process rights).

### 1. There was no motion made by any party for a Rule 35(a) examination

As noted above, the Magistrate Judge's Order cites Rule 35(a) as the basis for the alleged authority to compel Mr. Vidrine to submit himself to an examination by Dr. Culver. As also noted above, a Court does not have inherent power to order such an examination. *See*, *Fong Sik Leung*, *supra*. In other words, Rule 35 is the only source of a court's authority to order a medical examination. Yet the plain language of Rule 35(a)(2) establishes the *exclusive* method for obtaining such an order: it "may be made *only* on motion. . .." (emphasis added). The Rule does not allow a court to order such an examination at its own instance, and neither the Magistrate Judge in her Order nor Transocean in any of its briefing below cites any authority for interpreting Rule 35 to allow such an order. After all, Rule 35 is merely a discovery device, and a court has no authority under that rule to itself order an examination. Because in its Motion to Compel Transocean did not move for a Rule 35(a) examination of Mr. Vidrine, the Magistrate Judge's Order compelling such an examination is defective and should be vacated.

### 2. Transocean has not shown good cause for the examination

As noted above, Transocean's Motion to Compel did not seek a Rule 35(a) examination. It should not be surprising then, that Transocean did not attempt in its motion to show *any* cause, much less the required "good cause," for such an examination.

Mr. Vidrine anticipates that Transocean may argue that although its Motion to Compel did not seek a Rule 35(a) examination of Mr. Vidrine, its motion nevertheless sufficiently demonstrated good cause for such relief. Mr. Vidrine expects that Transocean will argue that by invoking his

medical condition as a reason for his inability to be deposed, Mr. Vidrine has allegedly placed his medical condition "at issue" and waived his privilege, thereby justifying a Rule 35(a) examination. The law does not support such a waiver-by-invocation argument, nor do the cases cited by Transocean in briefing before the Magistrate Judge.  Each of those cases, *Schoffstall v. Henderson*, 223 F. 3d 818 (8th Cir. 2000) and *Vasconcellos v. Cybex International, Inc.*, 962 F. Supp 701 (D. Md. 1997), involved personal injury claims by plaintiffs ("parties") seeking damages for severe emotional distress.  By bringing such claims, the plaintiffs ("parties") had placed their medical conditions at issue, and made otherwise-privileged records of their medical care potentially discoverable by the defendants.  *Schoffstall, supra*, 223 F. 3d at 822-23 (plaintiff (again, a party) alleged "extreme emotional distress" and "by placing her medical condition at issue", she "waived the psychotherapist-patient privilege"); *Vasconcellos*, *supra*, 962 F. Supp. at 708-09 (plaintiff (a party) who claimed "emotional injuries" and "severe emotional distress" was deemed to have "placed her mental condition at issue" but was given option to avoid disclosure of her confidential medical records if she were to withdraw the claim for intentional infliction of emotional distress). No such circumstances are present here.

     Mr. Vidrine is not a personal injury plaintiff (and not a "party"), and he is not seeking damages for emotional distress from Transocean.  Instead, Mr. Vidrine is a fact witness whose medical condition prevents him from being able to testify.  The well-recognized psychotherapist-patient privilege would be completely eviscerated if its mere invocation constituted its waiver. *See Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S. Ct. 1923, 1931 (1996) (the patient-psychotherapist privilege "covers confidential communications made to licensed psychiatrists and psychologists.") Transocean has not cited any authority (and Mr. Vidrine knows of none) to support its argument that a witness who is unable to appear for deposition because of a medical condition has placed his

medical condition "at issue" so as to have waived the privilege as to the details of that medical condition and make himself subject to a compelled Rule 35(a) examination.

Based on the foregoing, it is evident that Transocean did not even attempt to show the required "good cause." For this reason, the Order compelling Mr. Vidrine's examination should be vacated.

        **3.**     **The Order compelling Mr. Vidrine's examination was made without notice**

There can be no serious dispute that being subjected to a compelled examination by a psychiatrist is an invasive and intrusive process. Not surprisingly then, before such an examination may be ordered by a Court, Rule 35(a)(2)(A) requires that prior notice be provided to "all parties and the person to be examined." No such notice was given to Mr. Vidrine here. Instead, the Court ordered such an examination *sua sponte*. This procedural defect is not in compliance with the requirements established by Rule 35 and is a violation of Mr. Vidrine's basic due process rights. For this reason, too, the Magistrate Judge's Order compelling Mr. Vidrine's examination should be vacated.

**D.**    **Additional reasons demonstrate why Mr. Vidrine should not be compelled to submit to a medical examination**

There are additional, fundamental reasons why Mr. Vidrine should not be compelled to submit himself to an examination by Dr. Culver, even if the Court had the authority to order such an examination, and even if Transocean has sought such relief. First of all, a compelled examination by a physician renders the consultation not subject to the usual protection of confidentiality, such as is afforded by the psychotherapist-patient privilege as recognized by the United States Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923 (1996). *See, e.g.*, *Hardy v. Riser*, 309 F.

Supp. 1234 (N.D. Miss. 1970) (results of Rule 35 examination are not protected from disclosure by any doctor-patient privilege).  The error in the Court's Order is compounded by the additional requirement that counsel for Mr. Vidrine provide to Dr. Culver "all Mr. Vidrine's medical records and reports of his treating physician."  Such a disclosure would constitute a wholesale waiver of the psychotherapist-patient privilege that protects Mr. Vidrine's confidential communications with his own physicians.  *See,* e.g., *U.S. v. Turner*, 2012 WL 27425 at * 1 (E.D.N.C. 1/4/2012) (Court finds waiver of psychotherapist-patient privilege as to all records disclosed to a court-appointed psychotherapist assigned to conduct an independent examination).  Further, if Mr. Vidrine were to submit himself to the examination as required by the Court's Order and then request a copy of Dr. Culver's report of his examination (which he would have to do if he wished to challenge any ruling made by the Court on the basis of Dr. Culver's findings), he would be waiving "any privilege" he may have, not only in this action, but also in "any other action involving the same controversy–concerning testimony about all examinations of the same condition."  *See* Rule 35(b)(4).

As the Court is aware, the events surrounding the *Deepwater Horizon* blowout are the subject of an ongoing criminal investigation by the United States Department of Justice.  The ordinary, well-justified interest that a person has to protect the confidentiality of his privileged communications with his physicians is exponentially increased by the very real risk that the Court-ordered examination of Mr. Vidrine by Dr. Culver would lead to a wholesale waiver of Mr. Vidrine's privilege, and make Mr. Vidrine's records available to investigative and prosecutorial authorities.  Thus, even if the Court had authority to order an examination of Mr. Vidrine by Dr. Culver, it should decline to do so under these circumstances.

E. **The Order Should Be Vacated Insofar As It Compels Counsel For Mr. Vidrine To Disclose Mr. Vidrine's Privileged And Confidential Medical Records To A Third Party Such As Dr. Culver**

The Magistrate Judge's Order should be vacated insofar as it requires counsel for Mr. Vidrine to provide all of Mr. Vidrine's medical records and reports of his treating physician to Dr. Culver. Undersigned counsel is without authority from Mr. Vidrine to turn over any such records to a third person such as Dr. Culver, especially when doing so would be a waiver of the psychotherapist-patient privilege that now protects Mr. Vidrine's medical records that are in undersigned counsel's possession. Indeed, undersigned counsel is not in possession of "all Mr. Vidrine's medical records and reports of his treating physician" and therefore is unable to comply with the Court's Order. Those few medical reports that are in the possession of Mr. Vidrine's counsel are subject to the attorney-client and work-product privileges that Mr. Vidrine has not waived and, absent Mr. Vidrine's consent (which Mr. Vidrine has not given), Mr. Vidrine's counsel has no means by which to obtain from Mr. Vidrine's physicians any of his medical records. Public policy in Louisiana protects Mr. Vidrine from a compelled disclosure of his medical records and reserves exclusively to him the right to determine the circumstances of disclosure. *See*, Rule 510(B)(1), La. Code of Evid., "In a non-criminal proceeding, a patient has a privilege to refuse to disclose *and to prevent another person from disclosing* a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition. . .." (emphasis added).

### III. CONCLUSION

For each of the foregoing reasons, it is evident that the Magistrate Judge committed error when she *sua sponte* ordered Mr. Vidrine to submit himself to an examination by Dr.

Culver, and also ordered Mr. Vidrine's counsel to disclose all of Mr. Vidrine's confidential medical records to Dr. Culver. Accordingly, those portions of the Order should be vacated.

            Respectfully submitted,

            Robert N. Habans, Jr. (La. Bar No. 6395)
            Habans & Carriere
            10843 N. Oak Hills Parkway
            Baton Rouge, Louisiana 70810
            Telephone: (225) 757-0225
            Fax:   (225) 757-0398
            Email:  bobhab@bellsouth.net

## **CERTIFICATE OF SERVICE**

 I do hereby certify that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

              /s/ Robert N. Habans, Jr.
              Robert N. Habans, Jr.