UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**In re: Oil Spill by the Oil Rig
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010**

**Applies to:** *All Cases*

MDL NO. 2179

SECTION J

JUDGE BARBIER
MAGISTRATE JUDGE SHUSHAN

<u>ORDER</u>

[Working Group[1] Conference on Friday, November 4, 2011]

**NOTES TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

1. **<u>Brief Page Limitations</u>**.

    The parties were reminded that briefing must comply with the Local Rules. The Memoranda in support are limited to twenty-five (25) pages; opposition memoranda are limited to twenty-five (25) pages; and reply memoranda are limited to ten (10) pages.

2. **<u>BOP and Capping Stack</u>**.

    There were no objections to BP's request to conclude the relationship with KPMG. The request will be granted.

    BP reported that: (a) while the U.S. does not object to the scanning of the riser, it needed additional time to review the proposed protocol; (b) the staging and preparatory work will proceed on November 7 and 8; and (c) a protocol should be concluded in time to permit the actual scanning to proceed on November 9 and 10. The U.S. concurred in BP's report.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

EXHIBIT "B"

The Court related the report from Captain Englebert that: (a) on November 8, Cameron is scheduled for an evidence review; (b) the cleaning of the Riser in preparation for the riser scanning will start on November 7; and (c) there are discussions concerning a protocol for the capping stack. BP confirmed that measurements would be made of the capping stack. It has not determined whether any of the components of the capping stack will be scanned.

3. **Phase Two Discovery.**

BP and the PSC reported that the drafters of the Rule 30(b)(6) notices have received comments. The drafters will meet-and-confer with the parties submitting comments. The comments will be incorporated, so that all the topics sought by the parties are included in the notices. After the notices are complete, they will be reviewed with the parties responding to the notice to resolve objections.

The parties were reminded that any unresolved objections to the notices should be submitted to the Court by November 15, so they can be ruled on by **Friday, November 18.** After the rulings are issued, the parties responding to the notices will identify their designees.

Objections to deposition notices to non-parties will not have to be resolved by November 18, 2011.

On **Tuesday, January 17, 2012**, Phase Two fact depositions shall commence.

4. **Transocean Discovery Issues**.

Transocean and BP reported that they are working on a stipulation in an effort to resolve the Well Advisor Program issue.

5. **U.S. Document Production.**

The U.S. reported that BOMRE encountered severe technical problems when two multi-

terabyte hard drives became corrupted. It will be unable to meet the November 30, 2011 deadline. BP agreed to extend the BOMRE deadline to December 31, 2011.

6. **Phase One Fact Depositions**.

Leach, Gary

The PSC confirmed that Mr. Leach can be dropped from the schedule.

Coronado, Richard                    December 6 and 6 (tentative)

Cameron reported that Mr. Coronado will submit a rebuttal report on November 7. It proposes producing him on December 6 and 6. The U.S. will confirm that the dates work with its BOP examination team.

Vidrine, Don

On November 4, 2011, the Court received a written report, dated November 3, 2011, from Bob Winston, M.D., Mr. Vidrine's physician. Dr. Winston reports that because of Mr. Vidrine's medical condition he is unable to answer the interrogatories at this time. Mr. Vidrine will be removed from the list.

7. **Deposition Designations**.

BP's request for revision of the draft amended order regarding the deposition designations track to provide for time off around December 23 and 30 will be considered.

The schedule for the submission of deposition designations bundles (other than for Fifth Amendment depositions) to Judge Barbier, will not be delayed for rulings on motions *in limine*. BP's request for such a delay in the schedule is denied.

Where an individual invoked the Fifth Amendment in response to all or part of the questions in a deposition, the parties shall complete the deposition bundles for such individuals in accord with

the deposition designation schedule and the PSC's priority list. Accordingly, the deposition bundles, including two page summaries, for Mark Hafle, Brian Morel and Robert Kaluza will be completed as part of Group Two.[2] The deposition bundles, however, will not be submitted to Judge Barbier until after there is a ruling on the motion *in limine* concerning Fifth Amendment issues.[3] Accordingly, the bundles for Hafle, Morel and Kaluza will not be submitted to Judge Barbier on November 11. The same procedure will apply to other individuals who invoked the Fifth Amendment. The PSC shall submit a list of all individuals who invoked the Fifth Amendment. The parties will have the right to revisit their designations after the ruling on the motion *in limine*.

The Court will consider the issue raised by BP as to whether the defendants have the right to make additional designations (whether or not the depositions were submitted to Judge Barbier) after the close of the plaintiffs' case in chief.

Halliburton requested that beginning with Group Seven (depositions 101-133 on the PSC's priority list), the depositions marked in red (those that the PSC has no present intention of calling or submitting cuts) and green (those that the PSC has no present intention to cut or submit for Phase One, but reserves the right to do so for Phase Two) be removed from Group Seven and following Groups. The Court agreed with this request.

---

[2] They are numbers 18, 20 and 22 on the PSC's priority list.

[3] Motion *in limine* no 11 on the schedule is the motion to preclude inappropriate evidence arising from deposition designations or other anticipated testimony. It is to be filed on December 5, 2011; the response is due on December 12, 2011; and the reply is due on December 19, 2011. Rec. doc. 4468. Judge Barbier will be asked to take up the motion on an expedited basis. Because of the connection of the motion *in limine* to preclude introduction of evidence of the MBI report and testimony (no. 2 on the schedule) to the Fifth Amendment issue, Judge Barbier will be asked to take that up on an expedited basis. The reply brief on this motion is due on November 18, 2011.

4

8.  **Phase One Expert Depositions.**

A second preliminary schedule was circulated on November 3. By the close of business on **Wednesday, November 9, 2011**, the parties shall report on any changes they negotiated in the schedule. Thereafter a final schedule for Weeks Four, Five and Six will be issued.

Retained expert opinions are restricted to the four corners of the original report and any rebuttal report. If a retained expert has not expressed an opinion about a party in the original report or rebuttal report, the party is not required to appear at the deposition to confirm that no opinion is expressed as to that party.

As to in-house experts, the Court reported that the issue raised by the PSC would have to be presented either at trial or in a pretrial motion.

9.  **Production of Anadarko's Settlement Agreement**

BP is not required to produce an unredacted copy of the agreement with Anadarko.

10. **Motions *in Limine*.**[4]

The Court reported that Judge Barbier paid fulsome tribute to the staggered motion *in limine* schedule. Transocean noted that two motions *in limine* appear to raise issues concerning the Mark Bly report. It may wait until the later motion to brief the issues concerning Mark Bly's report.

11. **B3 Stipulations**.

The U.S. reported that, because of extensive proposed stipulations from the PSC, it would not be able to work through them on the current schedule. It will be able to respond to Nalco's proposed stipulations on the current schedule.

---

[4] Includes objections to 300 exhibits. Since October 28, the motions in limine and objections to 300 exhibits were merged into one topic.

12. **Phase One Witnesses**

BP raised an issue about the persons sought from Cameron. Cameron will reconfirm their status and report on whether they are not required to appear for the trial.

Transocean will confer with M-I on its request for Bill Ambrose.

The parties will consider whether deposition bundles have to be completed for the persons who will testify live. The PSC contends that they have to be completed.

The parties identified the following who will be brought to trial subject to issues concerning their individual counsel.

| | | | |
|---|---|---|---|
| BP | Mary Bly | HESI | Joe Keith |
| BP | Lamar McKay | HESI | Nathaniel Chaisson |
| TO | Larry McMahan | HESI | Tim Quirk |
| TO | Bill Ambrose | M-I | Brad Billon |
| HESI | Tommy Roth | | |

The parties shall identify any other individuals they contend a party is required to produce and meet-and-confer on these additional individuals. If the issues cannot be resolved, motions shall be submitted.

13. **Stipulations for Phase One Trial**.

BP will combine the proposed stipulations into one document. Comments will be made on the combined list. The parties will meet-and-confer to attempt to resolve the comments.

The possibility of a second set of stipulations concerning technical issues was discussed.

Although not related to Phase One, BP reported that it is working with the U.S. on Phase Two stipulations. It requested guidance from the Court on how this process will be fit into the

6

overall schedule.

14. **Exhibits**.

The parties shall attempt to reach agreement on a common format for exhibits.

15. **Conference Schedule.**

| | |
|---|---|
| Friday, November 11, 2011 | <u>No conference set</u>. There will be no in person or telephone conference on November 11, 2011. |
| Friday, November 18, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, November 25, 2011 | <u>No conference set</u>. |
| Friday, December 2, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 16, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 23, 2011 | <u>No conference set</u>. |
| Friday, December 30, 2011 | <u>No conference set</u>. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 7th day of November, 2011.

_____
**SALLY SHUSHAN**
**U.S. MAGISTRATE JUDGE**

7