UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in | : | |
| the GULF OF MEXICO, on | : | SECTION: J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| | : | |
| | : | JURY TRIAL DEMANDED |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**REPLY IN SUPPORT OF CAMERON'S MOTION TO EXCLUDE
ALL BOP DESIGN OPINIONS OFFERED BY PSC'S EXPERT, GREGG S. PERKIN**

The PSC's Opposition (Doc. 5690) says it all. Rather than defending the reliability of Mr. Perkin's methodology, it argues that the standards for admissibility of expert testimony should not apply to his opinions. It then points to anything *but* Mr. Perkin's own testimony in an effort to prop up his faulty methodology and discredited opinions. The PSC cannot avoid Rule 702 and *Daubert*. Nor can it avoid Mr. Perkin's deposition concessions that render his opinions inadmissible. Accordingly, Cameron's Motion (Doc. 5411) should be granted.

*Daubert* and Rule 702 apply with full force in this proceeding. The Fifth Circuit has held that *Daubert* establishes threshold criteria for the admissibility of "all forms of expert testimony" and that "these principles apply in admiralty matters." *Stolt Achievement, Ltd. v. Dredge B.E. Lindholm*, 447 F.3d 360, 366 (5th Cir. 2006).[1] The authority cited by the PSC suggesting otherwise consists of non-admiralty cases that pre-date the Supreme Court's recent opinion signaling its view that Rule 702 and *Daubert* must be applied outside of the jury trial context. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2553-54 (2011). Responding to the lower

---

[1] The Federal Rules of Evidence "apply to proceedings in United States courts." Rule 101(a). Although Rule 1101(d) contains certain enumerated exceptions to that general rule, it contains no exception for bench trials and explicitly states that the Rules apply in admiralty and maritime proceedings. *Id*. With specific regard to the requirements of *Daubert*, Rule 702 refers only to the "trier of fact" and makes no distinction between judge and jury.

court's ruling that *Daubert* does not apply at class-certification because the judge (rather than a jury) is the arbiter of the facts, the Supreme Court said: "<u>We doubt that is so</u>." *Id*. Therefore, the pre-*Wal-Mart*, non-admiralty, cases cited by the PSC are inapposite, especially now that the Supreme Court has implicitly sided with the several Courts of Appeals that have held *Daubert* applies in jury trials *and* bench trials alike.[2]  *See*, *e.g.*, *Metavante Corp.* v. *Emigrant Savings Bank*, 619 F.3d 748, 760 (7th Cir. 2010), *cert. denied*, 131 S. Ct. 1784 (2011); *Attorney General* v. *Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009); *Seaboard Lumber Co.* v. *United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002).

The PSC seeks a lower bar because it finds itself in the unenviable position of having to defend the indefensible. Rather than addressing Mr. Perkin's deposition concessions, the PSC spends nearly all of its ten pages pointing to *other evidence in the record* to advance theories of liability it will seek to prove at trial. The proper focus here, of course, is Mr. Perkin's opinions and the methodology he employed in reaching them. Nothing the PSC points to from Mr. Perkin's own testimony changes the fatal deficiencies cited in Cameron's Motion.[3]

First, the PSC cites Mr. Perkin's transcript as support for the proposition that he "reviewed the designs from other manufacturers." (Opp. at 7, n. 4.) To the contrary, Mr. Perkin testified that he did <u>not</u> review the design drawings of BOPs manufactured by Cameron's competitors, nor did he rely on a review of other designs in rendering his opinions. (Perkin Depo. (Ex. 1) at 91-93.) Second, the PSC points to Mr. Perkin's testimony that a "pressure"

---

[2] The non-admiralty pre-*Wal-Mart* 5th Circuit dicta that PSC relies on – stating that "*most* of the safeguards provided for in *Daubert* are not *as essential*" – does not compel a conclusion that the minimum requirements of Rule 702 do not apply whatsoever. Whatever flexibility courts may have in fashioning context-specific procedures to determine whether the requirements of *Daubert* have been met, there is no valid justification for jettisoning the standard of admissibility altogether in a bench trial.

[3] The PSC mischaracterizes the three recent cases where Mr. Perkin's opinions were excluded from Louisiana Federal Courts. Those opinions (attached to the Motion) speak for themselves.

2

sensor for a BOP was technologically feasible (Opp. at 8); yet this undisputed fact is completely irrelevant now that Mr. Perkin has admitted that the *Deepwater Horizon* BOP control system *did* include a pressure sensor.  (Motion at 8-9.)  Third, the PSC says that Cameron "hired" Mr. Perkin "to review the design on one of its BOPs" (Opp. at 4.); but his deposition testimony reveals that Mr. Perkin did *not* review or assess the *design* of a BOP for Cameron.  He was asked "many, many years ago" to do an analysis of whether certain elastomer (rubber) replacement parts were in fact Cameron parts.  (Perkin Depo. at 83-85.)  That is a far cry from reviewing the *design* of a Cameron BOP.

      Finally, the PSC notes that Mr. Perkin was "mistaken" when he described the DVS ram as a "reasonable alternative design," explaining that he intended to refer to the Cameron "cDVS" rams as his reasonable alternative.  (Opp. at 6, n. 3.)  But this clarification cannot change the undisputed fact that Mr. Perkin has "not done an engineering analysis [of the cDVS] to determine if it was a better design."  (Motion at 7.)  Mr. Perkin conceded that he has never even "seen the design of the cDVS"; did not even know whether it was designed to shear drill pipe; had not conducted the requisite "risk-utility" balancing to determine whether it has safety critical limitations as compared to the *Horizon*'s SBR model; and, perhaps most telling, that he would have to "defer" to Cameron on whether his alternative design could have alleviated the risk presented by buckled drill pipe.  (*Id*. at 5-8).  Each of these concessions is fatal to his "reasonable alternative design" opinions under Rule 702, *Daubert*, and controlling Fifth Circuit precedent.[4]

---

[4] *See* Motion at 5-8 (citing 5th Circuit authority); *see also Colon v. BIC USA*, 199 F. Supp.2d 53, 76 (S.D.N.Y. 2001) (*cited in PSC's Response*) (excluding a similarly speculative reasonable alternative design opinion because "what might appear to be relatively simple design changes for the better can drastically alter a system's behavior by introducing failure modes not even possible in the original design. Seemingly simple and innocuous design changes can be among the most pernicious.") (internal quotations and citations omitted).

Respectfully submitted,

| | |
|---|---|
| */s/ David J. Beck* | |
| David J. Beck, T.A. | Phillip A. Wittmann, 13625 |
|   *dbeck@brsfirm.com* |   *pwittmann@stonepigman.com* |
| Joe W. Redden, Jr. | Carmelite S. Bertaut, 3054 |
|   *jredden@brsfirm.com* |   *cbertaut@stonepigman.com* |
| David W. Jones | Keith B. Hall, 24444 |
|   *djones@brsfirm.com* |   *khall@stonepigman.com* |
| Geoffrey Gannaway | Jared Davidson, 32419 |
|   *ggannaway@brsfirm.com* |   *jdavidson@stonepigman.com* |
| BECK, REDDEN & SECREST, L.L.P. | STONE PIGMAN WALTHER |
| One Houston Center | WITTMANN L.L.C. |
| 1221 McKinney St., Suite 4500 | 456 Carondelet Street |
| Houston, TX 77010 | New Orleans, Louisiana 70130 |
| Phone: (713) 951-3700 | Phone: (504) 581-3200 |
| Fax: (713) 951-3720 | Fax: (504) 581-3361 |

*Attorneys for Cameron International Corporation*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                                                              */s/ David J. Beck*