UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| ALL CASES | : : | MAGISTRATE JUDGE SHUSHAN |

**UNITED STATES' REPLY TO TRANOCEAN'S OPPOSTITION TO UNITED STATES' MOTION TO EXCLUDE ERIC GREGORY CHILDS AS AN EXPERT**

Transocean (TO) accuses the United States (US) of numerous false statements regarding Mr. Childs' failure to meet the requirements of Fed. R. Civ. P. 26(a)(2) and Fed. R. Evid. 702. However, rather than demonstrating any misstatements by the US, TO simply ignores the record, relying instead on unsupported statements that are contradicted by Mr. Childs.

First, TO does not deny that Mr. Childs relied on facts and data not produced or identified, but contends that Mr. Childs has no duty of disclosure because his employees performed the underlying analysis and relayed their conclusions to him in conversations. Opp. at 5. TO cites no authority for its claim that this complies with Rule 26(a)(2). Rule 26(a)(2) "does not require merely that the party disclose data that it happens to have retained; it must disclose all the data that an expert… considered." *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005). Experts may not avoid such requirements by receiving technical information from outside experts verbally rather than in writing. *Smith v. Botsford General Hosp.*, 419 F.3d 513, 516–17 (6th Cir. 2005) (upholding exclusion of expert who failed to disclose—before his deposition and trial testimony—conversations on which he relied). Moreover, contrary to TO's contention, Mr. Childs testified that, in addition to conversations, he reviewed notes of testing and other documents that were not

1

identified in his report or considered materials.  Att. 1, Childs Deposition at 53:20–54:9, 478:12–25.

Second, TO agrees that it produced its battery testing document in accordance with the deadline for consideration materials for *rebuttal* reports on November 7, 2011.  Opp. at 5.  However, what TO does not acknowledge is that those test results were relied upon in Mr. Childs' *initial* report and were to be produced no later than October 14, 2011.  Dkt. 3916 at 6; Att. 1 at 138:2–5.  TO provides no explanation for why the battery testing documents were not produced in accordance with deadlines for initial reports.[1]  Because TO waited until after all rebuttal reports were due to produce critical information relating to Mr. Childs' opinions—and thereby ensured that those opinions could not be addressed in rebuttal reports—the US was prejudiced.

Third, TO does not dispute it failed to produce test records, but claims the dates specified in the US' Motion were limited to "setting up and calibrating equipment." Opp. at 5–6.  Again, TO cites nothing, and the documents in hand contradict TO's bare assertion.[2]  Moreover, there are references to more unproduced tests than those identified in the US' Motion, including ones that, according to TO itself, could "mean that the AMF did not function." Att. 2, Ex. 5662; Att. 1 at 490:2–499:21.  The context and outcome of those tests are unknown, as no documents relating to those tests were produced and Mr. Childs was unable to provide any information about them, even though relevant to his opinions.[3]  Furthermore, TO's explanation does not justify its non-

---

[1] TO had no justification for waiting to produce until after rebuttal reports, not only had counsel for TO represented they would be produced before, Mr. Childs testified that the document was completed a week prior to the deadline for rebuttal reports.  Att. 1 at 486:22-487:8.

[2] Weekly test reports state that on October 18, 2010 West began "electrical SEM testing" and "recorded results of both tests;" on October 19th West "continue[d] SEM testing;" and on October 23rd West "reproduced the error mode. Video taped error mode." Att. 3, TREX 7708. Mr. Childs was asked specifically about these records and could not provide any information. Att. 1 at 490:2–499:21.

[3] Even for solenoid test results which were provided, the reports were incomplete and test protocols were not explained or understood by Mr. Childs.  Att. 1 at 211:23–213:14.

2

production, as information on calibrating equipment is relevant to determining the testing's reliability.

Fourth, TO asserts, again without citation, and again in contradiction of Mr. Childs' testimony, that Mr. Childs relied on appendices of TO's Internal Investigation Report ("TO Report") as the basis for his opinion about TO's maintenance practices. Opp. at 6–7. When asked to identify the basis for his opinions, Mr. Childs initially identified the TO Report, but on closer examination stated that it was not what he relied upon. Att. 1 at 400:12–16. Mr. Childs also confirmed that the documents underlying the analysis performed by TO employees Messrs. Tiano and Manning were not identified in his report, and that he never reviewed the records himself. *Id*. at 37:3–38:10, 398:5–401:8, 404:13–406:8.

## CONCLUSION

Experts may rely on opinions by third parties *if they are reliable*, but Rule 703 "is not a license for an expert witness to simply parrot the opinions of non-testifying experts." *Villagomes v. Laboratory Corp. of America*, 2010 WL 4628085, at *4 (D. Nev. Nov. 8, 2010) (internal citations omitted); *see also TK–7 Corp. v. Estate of Barbouti*, 993 F.2d 722, 732–33 (10th Cir.1993). Parroting is precisely what Mr. Childs did: he did not identify statements he learned from others because they "became what [he] understood." Att. 1 at 382:6–383:7. He was unable to explain the bases for statements and opinions he relied upon, and simply recited back what others had told him, making it impossible to establish the reliability of that information. See Motion at 3. Because TO cannot establish the reliability of Mr. Childs' opinions, and has denied the US data needed to test those opinions, Mr. Childs' testimony should be excluded.[4]

---

[4] TO compares Mr. Childs' reliance on outside experts to the reliance of US expert Rory Davis on the contributing authors to the Talas report. However, in stark contrast to Mr. Childs report, the US disclosed their identity, expertise, facts and data relied upon, and all were deposed.

3

Dated: February 20, 2012.

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |

JAMES NICOLL
Senior Counsel
NANCY FLICKINGER
Senior Attorney
SARAH HIMMELHOCH
Senior Attorney
DEANNA CHANG
SCOTT CERNICH
A. NATHANIEL CHAKERES
RACHEL HANKEY
ABIGAIL ANDRE
JUDY HARVEY
MATT LEOPOLD
JEFFREY PRIETO
GORDON YOUNG
Trial Attorneys

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
U.S. Department of Justice
Environmental Enforcement Section
PO Box 7611
Washington, DC 20044
(202) 514-2779
steve.o'rourke@usdoj.gov

PETER F. FROST
Director, Torts Branch, Civil Division
Aviation & Admiralty Litigation
STEPHEN G. FLYNN
Assistant Director
MICHELLE T. DELEMARRE
SHARON K. SHUTLER
JILL DAHLMANN ROSA
JESSICA SULLIVAN
JESSICA L. McCLELLAN
MALINDA LAWRENCE
DAVID J. PFEFFER
ROBIN HANGER
LAURA MAYBERRY
BRIENA STRIPPOLI
Trial Attorneys
U.S. Department of Justice
Torts Branch, Civil Division
PO Box 14271
Washington, DC 20044
(202) 616-4100
(202) 616-4002 fax

/s/ R. Michael Underhill
R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
7-5395 Federal Bldg., Box 36028
450 Golden Gate Ave.
San Francisco, CA 94102-3463
(415) 436-6648
(415) 436-6632 fax
mike.underhill@usdoj.gov

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                      /s/   Steven O'Rourke
                                      U.S. Department of Justice