UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : | MDL No. 2179 SECTION: J |
| | : | |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

**BP'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF MR. DAVID O'DONNELL.**

Cameron concedes, as it must, that Mr. O'Donnell lacks the expertise to calculate maximum anticipated surface pressure (MASP). Cam. Mem. at 3. Rather than argue that Mr. O'Donnell has the credentials to calculate this pressure, at which the BOP must be assessed, Cameron now contends that he opined "simply on the proper information that should be used when selecting or configuring a BOP for a well" and "that an operator and drilling contractor should evaluate a BOP based on the highest possible MASP for the well." *Id.* at 2. But without any MASP expertise and having performed no research, he is not qualified to identify the pressure under which a BOP should be assessed. Cameron's contention that Mr. O'Donnell could ignore highly relevant information, such as MMS guidance and industry practice, is also flawed and highlights the unreliability of his opinions.

*First*, Cameron admits that Mr. O'Donnell lacks the qualifications to opine on the MASP used to evaluate the suitability of the BOP. Cameron claims that Mr. O'Donnell's MASP opinions are proper because he opined only that "once it is determined that it is possible that a certain MASP might be present in a well, the BOP should be capable of shearing drill pipe at that MASP." *Id.* at 3. But rather than using the MASP calculated in the Macondo Application for Permit to Drill (APD) and approved by MMS (using a 50%/50% mud/gas column), he used a

MASP calculated using a 100% gas column to evaluate the BOP's suitability. To be clear, he intends to tell the Court that a MASP using a 100% gas column is "the worst possible case MASP" for Macondo. *Id.* at 3. But admittedly, he has no experience or expertise in calculating MASP. *See* O'Donnell Dep. at 100:21-101:24. And Cameron's opposition points to nothing in his background suggesting Mr. O'Donnell has the ability to tell the Court what is the "worst possible case MASP." This is underscored by Cameron's concession that in the past "[w]hile those who sought his assistance did not use the technical term MASP, *they provided an expected wellbore pressure for Mr. O'Donnell"* to use for evaluating BOP suitability. Cam. Mem. at 4 n.1 (emphasis added). Cameron's provision of anticipated wellbore pressures did not make Mr. O'Donnell qualified to calculate and identify such pressures. In fact, it proves he is unqualified.

To gloss over his lack of expertise, Cameron contends that Mr. O'Donnell was simply reading the APD and identifying the "worst possible case MASP" that was supplied. Cam. Mem. at 3. This is wrong and underscores that he was well beyond his area – there is nothing in the APD that indicates that the MASP that he used (10,757 psi) was the "worst possible case MASP" for Macondo. Mr. O'Donnell also ignored the MASP that was calculated and approved using a 50%/50% mud/gas column (which comports with MMS guidance and well established industry practices) and substituted his own unqualified judgment. Allowing him to testify on this issue will not assist the Court and will only engender confusion on this highly technical point.

*Second*, Mr. O'Donnell's failure to consider highly relevant information renders his MASP opinion unreliable. Cameron admits, that "Mr. O'Donnell is not a drilling engineer" and therefore has no basis for "opining on the accuracy of BP's MASP calculations" or "whether the MASP calculations included on its APD complied with Mineral Management Service ("MMS") regulations." Cam. Mem. at 2. Cameron also does not deny that Mr. O'Donnell's MASP

2

opinion ignored highly relevant MMS guidance and industry practice for calculating MASP, but instead contends that this does not matter because it was his engineering opinion. This ignores, however, that he lacked the expertise to proffer an engineering opinion on MASP, and fails to explain how that opinion is reliable when it is inconsistent with MMS guidance and industry practice, as explained in BP's opening memo. BP Mem. at 7-9.

Cameron claims that Mr. O'Donnell's opinion is supported by BP policy, but Mr. O'Donnell has no expertise interpreting BP's policies. O'Donnell Dep. at 126:21-23. Cameron's position that Mr. O'Donnell was relying on Mr. Frazelle's testimony to interpret BP policy does not make his opinion admissible. The Court is capable of reading this testimony itself. Moreover, Cameron is wrong – MASP does not equal the maximum allowable wellhead pressure of the BP policy. Mr. Frazelle does not equate MASP to maximum allowable wellhead pressure, and BP engineer Rich Miller repeatedly and unequivocally testified that "the MASP calculation for MMS" is "different than" the maximum allowable wellhead pressure of the BP policy. Miller Dep. at 72:15-73:19; 81:19-82:20; 324:22-325:4.

Further, Cameron takes the remarkable new position that Mr. O'Donnell offered his opinion as to what the "BOP manufacturer" industry believes should be used to evaluate a BOP. Cam. Mem. at 6. This opinion appears nowhere in his report, and should be excluded on this basis alone. Moreover, Mr. O'Donnell offered no support that his opinion comports with industry practice. His subjective opinion was not based on any research or analysis. He had nothing but an oblique reference to a Cameron engineering bulletin that did not even discuss MASP calculations. There is no evidence his opinion reflects industry practice, even assuming that "BOP manufacturer" is a relevant industry.

Dated: February 20, 2012				Respectfully submitted,


						/s / Don K. Haycraft

						Don K. Haycraft (Bar #14361)
						R. Keith Jarrett (Bar #16984)
						LISKOW & LEWIS
						One Shell Square
						701 Poydras Street, Suite 5000
						New Orleans, Louisiana 70139-5099
						Telephone: (504) 581-7979
						Facsimile: (504) 556-4108

						and

						Richard C. Godfrey, P.C.
						(richard.godfrey@kirkland.com)
						J. Andrew Langan, P.C.
						(andrew.langan@kirkland.com)
						Timothy A. Duffy, P.C.
						(tim.duffy@kirkland.com)
						Kirkland & Ellis LLP
						300 North LaSalle Street
						Chicago, IL 60654
						Telephone: (312) 862-2000
						Facsimile: (312) 862-2200

						and

						Robert C. "Mike" Brock
						(mbrock@cov.com)
						Covington & Burling LLP
						1201 Pennsylvania Avenue, NW
						Washington, DC 20004-2401
						Telephone: (202) 662-5985

						*Attorneys for the BP Exploration &*
						*Production Inc. & BP America Production*
						*Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                                                                     /s/ Don K. Haycraft__