UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions …………………………………………………... | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DR. RORY R. DAVIS AND OTHERS**

Dr. Rory Davis's opinions regarding "best available and safest technology" (BAST) constitute impermissible legal conclusions and should be excluded. *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009). *See also Flynn v. Tex-Air Helicopters, Inc*., Civil Action No. 03-177, 2006 WL 5153149 at *1 (E.D. La. Feb. 22, 2006).  The United States attempts to sidestep this result by improperly recasting Dr. Davis's opinions.  It now argues that his BAST opinions "proceed[ed] from an engineering perspective rather than a regulatory one."  U.S. Mem. at 5.  This, however, is flatly inconsistent with Dr. Davis's sworn deposition testimony:

> Q: When you use the term, "best available and safest technology" in your Report, are you using it in the same way as it's defined within the -- the Federal Regulations?
>
> A: Yes, that is my intent.

Davis Dep. at 115:19-23.[1]  Because the United States concedes, as it must, that Dr. Davis has no expertise or qualifications to interpret federal regulations, or, therefore, to evaluate whether a BOP is in compliance with them, U.S. Mem. at 3-4, Dr. Davis is unqualified to offer regulatory opinions regarding BAST and those opinions must be excluded.  Further, the United States

---

[1] Dr. Davis further testified that when he used "better available and safer technology," he meant the same as "best available and safest technology" under the federal regulations.  Davis Dep at 372:18-21.

cannot use his lack of expertise to now contend that his opinions must have been from an engineering perspective, not a regulatory one.  *Id.* at 5.  If permitted, this would go beyond the scope of the report, and violate the Court's order limiting expert opinions to their reports.

Even if Dr. Davis is allowed to offer opinions outside the scope of his report, he lacks the requisite expertise to offer relevant opinions as to whether BOP technology constitutes best and safest available technology from a non-regulatory perspective.  Dr. Davis, who had never even seen a BOP before working on this matter – let alone evaluated a BOP for a drilling operation – is unqualified to assist the Court with evaluating BOP technologies.[2]  Indeed, Dr. Davis admitted at his deposition that he failed to analyze the practical effect of alternative BOP technologies, as the BAST regulations would require.  His opinions should be excluded as irrelevant legal conclusions built on an unreliable analysis.

Moreover, Dr. Davis's BAST opinions are improper and unhelpful attempts to speak solely to BP's and Transocean's BAST Compliance.  The United States contends that BP's argument for excluding Dr. Davis's BAST opinions "is premised on the similarity of language used in the report to language in the Code of Federal Regulations."  U.S. Mem. at 3.  This is not mere coincidence.  Dr. Davis testified that his BAST opinions proceed under the federal regulations. Davis Dep. at 115:19-23, 369:19-22.  He also admitted that he was not aware of any industry definition of "best available and safest technology."

BP does not dispute that "better", "best", "safer" and "safest" are individually words that have some non-legal uses.  But given Dr. Davis's unequivocal testimony that his report used BAST under the federal regulations, the United States cannot now recast his opinions to argue that Dr. Davis's BAST opinions "proceed [solely] from an engineering perspective."  Because

---

[2] None of the contributing members of the "Talas engineering team" have any previous BOP experience or other qualifications to assess alternative BOP technology.  *See* BP Mem. at 5 & n2.

Dr. Davis admittedly lacks the expertise to render opinions regarding federal regulations, such opinions should be excluded as unhelpful legal conclusions.

Finally, Dr. Davis lacks the requisite qualifications to offer BAST opinions "from an engineering perspective." Dr. Davis has no professional working experience in the oil and gas industry and has never applied his experience in forensic engineering to any products in the oil and gas industry. Davis Dep. at 17:6-9, 17:13-18, 22:17-25. Davis admitted that he has had no experience with BOPs. *Id.* at 28:1-22. BP does not dispute that Dr. Davis's mechanical engineering background qualifies him to offer opinions on some technical matters. But, that does not qualify him to offer opinions regarding what BOP technology would constitute the "best available and safest technology" for the *Deepwater Horizon* BOP from an engineering perspective.

Even if he were qualified, Dr. Davis has not implemented a reliable methodology to evaluate alternative BOP technologies from an engineering perspective. Dr. Davis admitted that consideration of the practical impact of implementing alternative technologies is critical to a BAST analysis, Davis Dep. at 113:9-114:16, but also admitted that he did not perform any such analysis for the alternative BOP technologies in his report and that he would not be qualified to do so. Davis Dep at 103:25-04:25, 117:17-18:8, 370:10-71:7, 372:11-74:21. He conceded, for example, that he did not consider the technical implications that would make installing the Cameron Mark III control system and CDVS rams problematic, Davis Dep. at 103:25-4:25, 117:17-18:8, 373:11-74:21, even where specific technical limitations were known to him. Davis Dep at102:15-103:24. Dr. Davis's analysis was admittedly inadequate, rendering his opinion unreliable and inadmissible.

3

Dated: February 20, 2012

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

/s/ Don K. Haycraft__