UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
CERTAIN OPINIONS AND TESTIMONY OF DR. GLEN STEVICK**

BP moved to disqualify Dr. Stevick's BAST opinions for two reasons: (1) those opinions are unhelpful legal conclusions because they ignore the very definition of BAST contained in the MMS regulations Dr. Stevick purports to interpret, and (2) Dr. Stevick is unqualified to provide expert testimony with respect to the BAST regulations – regulations he had never even read, let alone had experience with, prior to his engagement by Halliburton in this case. Halliburton's response mounts no convincing opposition to these arguments.

*First*, Dr. Stevick's attempt to redefine MMS BAST regulations in order to find a violation is improper. Halliburton does not rebut BP's Fifth Circuit authorities establishing that it is impermissible for an expert to tell the fact-finder what the law means, as Dr. Stevick purported to do here with BAST regulations. Instead, Halliburton suggests that Dr. Stevick should be allowed to "couch his opinions within the proper analytical context," arguing that it is proper for an expert to make "*passing reference to a legal principle* or assumption in an effort to place his opinions in some sort of context" when opining regarding "*ordinary practices and trade customs which are helpful to the fact-finder's evaluation of the parties' conduct against the standards of ordinary practice*." HESI Mem. at 48 (emphasis added) (citing *Travelers Indem. Co. of Ill. v. Royal Oak Enters., Inc.*, 2004 WL 3770571 at *2 (M.D. Fla. Aug. 20,

2004)).  But Halliburton can find no shelter for Dr. Stevick under the *Travelers* umbrella.  Unlike the expert in *Travelers*, Dr. Stevick did not purport to offer expert testimony on "ordinary practice and trade customs" with mere "passing reference to a legal principle."

Dr. Stevick's report contained not a single reference to ordinary industry practice regarding BOP technology or BAST compliance, nor did he undertake any comparative analysis of drilling rig operator practices with respect to BAST.  Stevick Dep. at 189:16-190:17.  Indeed, Dr. Stevick admitted that he undertook no investigation to determine how BAST regulations have been interpreted or enforced by the MMS.  Stevick Dep. at 59:8-14, 76:5-21, 124:1-125:9, 137:10-138:12, 141:25-142:4.  Halliburton's attempt to recast Dr. Stevick's opinions as "industry practice" testimony thus fails completely.

In addition, BAST regulations are not on the periphery of Dr. Stevick's opinions – they are the stated focus of his opinions.  *See* Stevick Report at 26-31 ("BP Failed to Implement BAST in the BOP").  The entire framework for Dr. Stevick's testimony regarding the BOP configuration consists of his interpretation of BAST regulations and conclusions that BP violated BAST by not including specific technologies that he has opined are required by the regulations.  *Id.*  Nowhere in his report did Dr. Stevick claim that his preferred technologies are required by, or consistent with, industry practice at the time of the incident.

But an even more fundamental reason for striking Dr. Stevick's BAST opinions is that he ignored the very definition of BAST provided by 30 C.F.R. § 250.105 in favor of his own litigation-created definition.[1]  This alone renders his testimony unreliable and unhelpful.  *Fla. Dep't of Banking & Fin. v. Bd. of Governors of Fed. Reserve Sys.*, 800 F.2d 1534, 1536 (11th

---

[1] Halliburton's reliance on the testimony of Trocquet to bolster Dr. Stevick is misleading and unavailing.  After his testimony that BAST means "exactly what it says," Trocquet was asked what he meant and responded "*I -- I -- I can't define it. I'm not an expert on what the "best available and safest drilling technology" is.*"  Trocquet Dep. at 43:2-5.  Moreover, Dr. Stevick did not even read, let alone rely upon, the deposition of Trocquet or of any other MMS witness while developing his opinions.  Stevick Dep. at 59:8-14.

2

Cir. 1986) ("It is an elementary precept of statutory construction that the definition of a term in the definitional section of a statute controls the construction of that term wherever it appears throughout the statute.").[2]

***Second***, Dr. Stevick is not qualified to opine on the meaning of BAST. Dr. Stevick's experience with "pipes and tubulars" and "buckling" do not qualify him to offer opinions regarding the meaning and requirements of BAST, a defined regulatory term he had never read, nor had any experience with, prior to this litigation. Stevick Dep. at 54:9-15. BP does not seek to exclude all of Dr. Stevick's testimony, and BP has not challenged, under *Daubert*, Dr. Stevick's qualifications with respect to some of the non-BAST content of his reports (e.g. buckling calculations). But, his position as a member of the "Piping Mechanical Design Committee" or his experience with "fit for code" regulations relating to pipes and cranes do not qualify him to offer legal conclusions regarding BAST.[3] And Halliburton's wholly unsupported assertion that "fit for code" regulations relating to pipes and cranes are "analogous" to BAST regulations governing the use of BOPs in offshore drilling is not a basis for allowing an industry outsider like Stevick, who has done no work to educate himself about practices in the offshore drilling industry, to testify about the regulatory regime in which drilling rigs operate.

The Court should strike those portions of Dr. Stevick's reports containing his BAST opinions, as previously identified in BP's opening memorandum, and preclude him from offering testimony relating to those opinions at trial.

---

[2] Halliburton does not contest this controlling principle of law but instead argues that BP's discussion of Dr. Stevick's reliance on an erroneous regulatory interpretation somehow converts BP's motion into one for summary judgment. This misdirection fails. When an expert purports to tell the Court what a federal regulation means and to find violations of that regulation, it is highly relevant under Rule 702 and *Daubert* that the expert has ignored, among other provisions, the very definitions the regulation provides for specialized terms.

[3] Clifton Knight did ***not*** testify that Dr. Stevick was qualified ***to opine on BAST*** and Halliburton's citations do not support its assertion. In a vague exchange, when asked whether Stevick was qualified "to make opinions about things that aren't necessarily something that he's an expert specialist on," Knight simply responded "I believe that he's qualified to make opinions based on his experience level." Knight Dep. at 136:13-18.

Dated: February 20, 2012 Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                                                                   /s/  Don K. Haycraft__