UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
|            Horizon" in the Gulf of Mexico, on | : | |
|            April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE SHUSHAN |
| ………………………………………….. | : | |

**BP'S RELY IN SUPPORT OF ITS MOTION TO EXCLUDE
THE OPINIONS AND TESTIMONY OF DR. PATRICK HUDSON**

BP moved to exclude Dr. Hudson's opinions because they are not the result of any reliable methodology, are based on selective facts, unreliable sources, speculation and inference, and his opinion that BP management caused the Macondo blowout is unreliable because he did not consider other potential causes.  Halliburton's response ignores large portions of BP's motion.  Where it does join issue, it fails to offer a credible response.

*First*, Halliburton catalogues Dr. Hudson's opinions with as many adjectives as it can muster, HESI Mem. at 51-52, but fails to identify any specific methodology that he actually used.  All Halliburton does is regurgitate the topics Dr. Hudson addresses.  Neither Dr. Hudson in his report or deposition, nor Halliburton in its response, identifies any type of analytical framework that might meet the requirements under *Daubert*.

*Second*, Halliburton fails to explain or excuse Dr. Hudson's failure to analyze record evidence and instead base his work on newspaper articles and other popular media.  Halliburton claims that "Hudson lists over 30,000 documents in his 'consideration materials' that support his analysis."  HESI Mem. at 53.  This is untrue.  Dr. Hudson testified to at deposition that this number includes "any document that came up as a result of my search"; he did not read these

documents – let alone analyze them or determine whether they supported his opinions.  Hudson Dep. at 21-23.

*Third*, Halliburton's argument that Dr. Hudson's conclusions are supported because "an expert is entitled to rely on the input and analysis of other experts," is also misguided.  HESI Mem. at 53.  Contrary to Halliburton's assertion that Dr. Hudson relied upon PSC experts Bea and Gale as support, his report makes clear this reliance is slight at best, citing them only three times.  Hudson Report at nn. 13, 40 and 56.  Experts may only rely on the opinions of other experts if that information is of the type reasonably relied upon by experts in their field.  *Bouygues Telecom, S.A. v. Tekelec*, 472 F. Supp. 2d 722, 728 (E.D.N.C. 2007).  Halliburton provides no support for the contention that Dr. Hudson would reasonably rely on a report such as that of Drs. Bea and Gale.  Moreover, as outlined in BP's motion regarding Drs. Bea and Gale, their report suffers from many of the same flaws as Dr. Hudson's.  Finally, nothing in Halliburton's response explains or excuses Dr. Hudson's overreliance on the popular press.  Journalists are not experts.  Press accounts cannot substitute for scientifically reliable consideration, review, and analysis, of the record evidence.

*Fourth*, Halliburton attempts to characterize Dr. Hudson's inferences and speculation as "reasonable inferences."  An expert is entitled to reasonable inferences, but these "must find some support . . . in the record." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000).  BP's motion identified seven unsupported inferences made by Dr. Hudson, and Halliburton responded to only one, the firing of Mr. Lacy.  Even with regard to the Lacy firing, however, Halliburton cites nothing that supports Dr. Hudson's "opinion" that Lacy was "fired for providing inconvenient truths."  Rebuttal Rep. at 16; HESI Mem. at 53-54.  Given Dr. Hudson's perfunctory review of the record and his admission at deposition that many of his "inferences"

and "assumptions" were often incorrect, there is no basis to find this opinion reliable. Halliburton cites *Kritser v. Beech Aircraft Corp.*, 479 F.2d 1089, 1095 (5th Cir. 1973), in response, but this case is easily distinguishable. *Kritser* dealt with an expert whose inferences were based upon facts known in the case, not speculation untethered to the record. Moreover, the expert in *Krister* drew the inference based upon his expertise. Dr. Hudson applies no "process safety expertise" in opining on the motivation for BP's personnel decisions or any of the other items identified by BP and left unaddressed in Halliburton's response.

*Fifth*, Halliburton attempts to save Dr. Hudson's causation argument by arguing that an expert is not required to analyze all conceivable causes. Not so. If an expert simply opines that something was *a cause or potential cause*, there is no logical requirement to rule out other potential causes. *Cf. Smith v. Pfizer Inc.*, 714 F. Supp. 2d 845, 856-57 (M.D. Tenn. 2010). If, however, like Dr. Hudson, he opines on *the cause*, he must explain why other potential factors were *not* a cause. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000); *Lee Green v. LA. Dept. of Pub. Safety & Corr.*, 2:06 CV 1018, 2010 WL 1628769 (W.D. La. Apr. 20, 2010). Halliburton's cases do not say otherwise. *Ostrowiecki v. Aggressor Fleet, Ltd.*, 2008 WL 2789142 (E.D. La. July 17, 2008), admitted the testimony of an expert opining as to *possible* causes, not *the* cause. *Jahn v. Equine Services, PSC*, 233 F.3d 382, 390 (6th Cir. 2000), similarly only allowed an opinion as to the *probable cause.* *Bigelow v. New York Lighter Co., Inc.*, 2005 WL 6742497 (W.D. Tex. June 27, 2005), is totally inapposite, as it does not even concern a causation opinion.

*Finally*, though BP challenged Dr. Hudson's opinions with regard to the contract between BP and Halliburton, Halliburton provides no response to BP's arguments, thus conceding Dr. Hudson lacks the qualifications to render those opinions.

3

Dated: February 20, 2012                    Respectfully submitted,


/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

/s/  Don K. Haycraft__