UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| ……………………………………………….. | : | |

### BP'S RELY IN SUPPORT OF ITS MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF DR. ROBERT BEA AND DR. WILLIAM GALE

BP moved to exclude two specific opinions of Drs. Bea and Gale as unreliable. The first because they failed to consider all the relevant evidence; the second because they offer opinions about drilling decisions at Macondo that they had no expertise to render. In response, both the PSC and the United States argue that these criticisms go to weight and not admissibility, particularly in a bench trial. They fail to respond, however, to BP's specific arguments.

*First*, Rule 702 applies in a bench trial. The text of the rule itself speaks to "the trier of fact" as opposed to "the jury." And numerous courts have held that *Daubert* bars the admission of unreliable and irrelevant expert testimony regardless of whether such testimony is being presented to a judge or a jury. *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 760 (7th Cir. 2010), *cert. denied,* 131 S. Ct. 1784 (U.S. 2011); *Attorney Gen. of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009); *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1301-02 (Fed. Cir. 2002). The PSC's cases do not hold otherwise. In *Thompson v. Rowan Companies, Inc.*, 2007 WL 724646 (E.D. La. Mar. 6, 2007) (Barbier, J.), this Court excluded portions of an expert's opinion due to insufficient qualifications notwithstanding the fact that the case was tried to the bench. *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000),

simply notes that the safeguards provided for in *Daubert* are not as essential in a bench trial; it does not hold they are to be ignored.

*Second*, where, as here, Drs. Bea and Gale's opinions are based on such a deficient and insufficient review of the record, their opinions are unreliable and inadmissible. *Bell v. City of El Paso*, 2009 WL 6371618 (W.D. Tex. Dec. 18, 2009) ("Where an expert's opinion is based on insufficient information, the analysis is unreliable."). BP is not arguing Drs. Bea and Gale's opinions are flawed because they should have considered or credited certain evidence over other evidence. Rather, the flaw is that they reached a conclusion as to the cause of a multi-factor, multi-party accident without considering the evidence of the actions of any party other than BP. This made it ***impossible*** for Drs. Bea and Gale to exclude alternative cases – a "necessary ingredient" for a reliable causation opinion. *Michaels v. Avitech, Inc.*, 202 F.3d 746, 753 (5th Cir. 2000). *See also Lee Green v. LA. Dept. of Pub. Safety & Corr.*, 2010 WL 1628769 (W.D. La. Apr. 20, 2010) ("The exclusion of alternative causes is necessary for a reliable causation opinion."). Any doubt on this score was put to rest by Dr. Bea himself, who admitted it would be hard to determine whether a company caused or contributed to the blowout without reviewing deposition testimony of that company's witnesses or a number of that party's documents, Bea Dep. at 58, particularly where they acknowledged that these other parties made mistakes that could have caused or contributed to the blowout. *Id.* at 45-57; *see also* Gale Dep. at 63-64, 72.

*Third*, Drs. Bea and Gale's opinion that BP has not learned its lessons from prior incidents is unreliable because it fails to take into account evidence of positive efforts — lessons learned — since those prior incidents. To the extent that Drs. Bea and Gale are permitted to rely upon prior-incidents evidence at all given the Court's order on BP's motion *in limine*, BP's argument is not that Drs. Bea and Gale should have weighted certain evidence over other

evidence. Rather, it is simply that in reaching an opinion on "lessons learned or not learned" they fail to account for the evidence that undermines their conclusion. This is not an argument based on their conclusion (in theory, they could have considered this evidence and reached the same conclusion) but on their methodology, which cannot be deemed reliable when it has ignored relevant evidence. The PSC's *post hoc* argument is that Drs. Bea and Gale simply weighed the past incidents over evidence of positive steps taken since those incidents. This is false, and reflects after-the-fact, wishful thinking of counsel. Dr. Bea admitted at deposition that he did not intend his report to take the positive steps into account. Bea Dep. at 168-69.

*Fourth*, Drs. Bea and Gale cannot hide behind the expertise of others in opining on topics outside the scope of their expertise. BP identified 11 opinions that Drs. Bea and Gale provided but admit they are not qualified to give. *Id.* at 38-40; Gale Dep. at 54-56. In response, the PSC and United States argue experts can rely upon the expertise and reports of others to support their opinions. Yet Drs. Bea and Gale do not cite any other experts in their report, nor do the PSC or the United States point to any other experts that support the opinions of Drs. Bea and Gale. In any event, experts may only rely upon the opinions of other experts if the information relied upon is of the type reasonably relied upon by experts in that field. *Bouygues Telecom, S.A. v. Tekelec*, 472 F. Supp. 2d 722, 728 (E.D.N.C. 2007). Drs. Bea and Gale have no expertise relating to the (largely technical) opinions they supposedly adopted from other experts. These are not related or complementary analyses that serve to inform their opinions. They are simply the "wholesale adoption of the opinion of another expert verbatim," which "cannot be within the intent of Fed.R.Evid. 702." *Id.* at 729. This is a recipe for unreliability, as no expert is qualified to provide the critical missing link whether certain technical decisions or facts demonstrate anything with regard to BP's commitment to process safety.

Dated: February 20, 2012                         Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

/s/ Don K. Haycraft__