UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| ……………………………………………….. | : | |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO LIMIT
THE TESTIMONY OF DR. FREDERICK "GENE" BECK**

BP moved to preclude Dr. Beck from offering impermissible legal conclusions at trial. In response, Halliburton attempts to avoid the issue with a discussion of the role these opinions play in Dr. Beck's reports and opinions. Despite Halliburton's attempt to style these legal conclusions as something other than what they are, there is no justification for allowing Dr. Beck to invade the province of the Court by offering legal conclusions.

*First*, Halliburton claims that Dr. Beck only makes "passing reference" to statutes and that his opinions are not inadmissible merely because they embrace an ultimate issue. HESI Mem. at 42. But Dr. Beck does not just cite to or reference federal regulations, he opines on them – interpreting regulations and making legal conclusions. *See* Beck Revised Report at 11-12, 23-24, 33-35, 50-51. In fact, Dr. Beck conceded during his deposition that he had drawn legal conclusions based on his own interpretation of the federal regulations, agreeing that he had taken it upon himself to interpret the Code of Federal Regulations and apply his interpretation of that law to the facts in the case, and then express an opinion. Beck Dep. at 58-59, 63.

*Second*, Halliburton argues that Dr. Beck's legal testimony is "inextricably intertwined" with his discussion of BP's alleged violations of its own policies and procedures, HESI Mem. at 43, citing as one example pages 33-35 of Dr. Beck's revised report. Dr. Beck's statutory

interpretations and legal conclusions are not inextricably intertwined with his discussion of BP's policies and procedures. The section that Halliburton cites (entitled "BP failed to provide a safe drilling margin") does not once discuss or cite to any of BP's policies and procedures. Beck Revised Report at 31-37. Instead, those seven pages are devoted entirely to interpreting and reaching legal conclusions on two federal regulations (30 C.F.R. §§ 250.414(c) & 250.427), including Dr. Beck's interpretation of "safe drilling margin," which is not expressly defined in the regulations. Dr. Beck opined: "BP's well design was overly risky and resulted in repeated violations of the above mentioned regulations, including 30 C.F.R. § 250.427(b)." *Id.* at 35. His review of "legally-applicable [sic] technical standards" did not take place in the "context" of discussing BP policies. HESI Mem. at 43.

*Third*, Halliburton claims that "Beck is entitled to put his conclusions within the proper contextual framework – which necessarily includes a review of relevant regulations." HESI Mem. at 44. It cites three cases from other circuits in support: *Maiz v. Virani*, 253 F.3d 641 (11th Cir. 2001), *Travelers Indem. Co. v. Royal Oak Enters., Inc.*, 5:02–CV–58–OC–10GRJ, 2004 WL 3770571 (M.D. Fla. Aug. 20, 2004), and *Cooper v. Pac. Life Ins. Co*., No. CV203-131, 2007 WL 430730 (S.D. Ga. Feb. 6, 2007). *Maiz* involved an accounting expert who made legal ***assumptions*** suggested by counsel ***in order to opine*** on forensic accounting issues. *Maiz*, 253 F.3d at 666-67. Dr. Beck did not make legal assumptions; he offered opinions as to his legal conclusions and then used those conclusions to opine on BP's conduct. *Travelers* concerned expert testimony regarding "ordinary practices and trade customs" in the insurance industry – not the interpretation of federal regulations. *Travelers*, 2004 WL 3770571, at *2. As the court stated, where expert testimony "concerns ordinary practices and trade customs" that may be helpful to the finder of fact, "passing reference to a legal principle or assumption in an effort to

place his opinions in some sort of context" is permissible." *Id.*  While the expert "may testify as to the practices normally followed . . . he cannot purport to instruct the jury on the legal requirements of the statutes and regulations." *Cooper*, 2007 WL 430730, at *2.  Dr. Beck, however, repeatedly took the prohibited second step.

*Fourth*, Halliburton argues that Dr. Beck's work "necessarily required some contemplation" of federal regulations because his opinion that BP's well design and abandonment procedures were "unreasonably risky" necessarily touched upon BP's duties under those regulations, and just because the regulations discuss those same duties does not mean that Dr. Beck's opinion is improper.  HESI Mem. at 45 (citing *Metrejean v. REC Marine Logistics, L.L.C.*, No. 08-5049, 2009 WL 3062622 (E.D. La. Sept. 21, 2009)).  But in *Metrejean*, the expert was permitted to testify "as to safety conditions on the tugboat" but he was *not* allowed "to draw conclusions as to defendants' legal 'liability.'" 2009 WL 3062622, at * 3.  He was permitted to "offer his opinion as to the facts," but "*he [was] not [allowed to] testify as to whether the legal standard has been satisfied.*" *Id.* at *2.  Again, Dr. Beck crossed this line.

*Fifth*, Halliburton argues that Dr. Beck did not purport to interpret the meaning of "hydrocarbon-bearing zone" in order to reach his conclusion that BP violated certain statutes.  HESI Mem. at 45; *see also* Beck Dep. at 167-70; Beck Revised Report at 23-24, 50-51.  Halliburton claims this conclusion is "based on his knowledge of the industry."  HESI Mem. at 46.  Again, the record is otherwise.  The only mention of industry custom in the portions of Dr. Beck's rebuttal report that BP seeks to exclude is his statement that a hydrocarbon-bearing zone "would be capable of delivering a significant volume of hydrocarbons to the wellbore."  Beck Rebuttal Report at 17.  This is not a passing reference to the law in the context of explaining industry practice.  It is precisely the opposite.  These are impermissible expert opinions.

Dated: February 20, 2012	Respectfully submitted,


/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

/s/ Don K. Haycraft__