UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| …………………………………………….. | : | |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO
LIMIT THE TESTIMONY OF JOHN HUGHETT**

BP's motion argued that Mr. Hughett was not qualified to offer process-safety opinions and that his opinion on the conversion of the float collar and on the M57B sands was unreliable. Halliburton has not rebutted any of these arguments.

*First*, with regard to Mr. Hughett's qualifications to opine on matter of safety, Halliburton engages in a semantic game, arguing that because the words "process safety" did not appear in Mr. Hughett's report, he did not consider himself an expert on process safety, but that he is nevertheless qualified to testify "on the topics of rig culture, the authority of an operator, the relationship between an operator and a contractor, and safe practices and procedures on a drilling rig."  HESI Mem. at 21.  Halliburton's argument mischaracterizes Mr. Hughett's opinions and ignores that, labels aside, Mr. Hughett is not qualified to render his opinions.

Mr. Hughett did offer process-safety opinions.  He wrote: "BP was the only party on the rig in a position to make informed decisions on safety and operations."  Hughett Opening Report at 40.  He made similar statements in his rebuttal report.  Hughett Rebuttal Report at 5, 7.  At his deposition he acknowledged that he offered "some opinions about BP's safety culture" in his report.  Hughett Dep. at 76.  He even identified these as process-safety opinions.  *Id.* at 78.  Mr. Hughett opined regarding the 2005 *Thunder Horse* incident, the 2005 Texas City Refinery

explosion, and the 2006 BP Alaska Pipeline spill – a critical fact ignored by Halliburton in its response. He admitted he did little research on these incidents, Hughett Dep. at 81-86, and that he did not undertake any engineering analysis of any of these incidents, *id.* at 89. Even if one accepts Halliburton's gloss on Mr. Hughett's opinions, there is still no evidence he is qualified to opine as an expert on "rig culture," the "authority" of an operator, or "safe practices and procedures," or that these opinions somehow do not amount to opinions on the issue of safety.

*Second*, Halliburton defends Mr. Hughett's float-collar opinion by arguing that he was simply making a "logical observation" with regard to the flow path and that this was "based on his detailed analysis of the facts and circumstances in this case." HESI Mem. at 21-22. Saying he did a "detailed analysis" does not make it so, nor does it explain away Mr. Hughett's admissions that he performed no testing to determine whether the float collar converted and no calculations to determine whether there was sufficient pressure to covert the float collar, had never seen a 60 psi pressure differential move a wiper plug, had never seen a wiper plug move as a result of moving drill pipe, and did no analysis to show the effect of rig activity on movement of the wiper plug. *See* BP Mem. at 5. Nothing in his experience, and no scientific evidence or analysis, supports Mr. Hughett's opinions regarding the conversion of the float collar.

*Third*, Halliburton takes issue with BP's argument that Mr. Hughett was not entitled to adopt Dr. Richard Strickland's opinion regarding the M57B sands. It claims that "BP's challenge fails" because "it is appropriate for one expert to utilize the conclusions or input of another expert." HESI Mem. at 23 (citing *Bryan v. John Bean Div. of FMC Corp.*, 566 F.2d 541, 545 (5th Cir. 1978), and *Rudd v. General Motors Corp.*, 127 F. Supp. 2d 1330, 1343 (M.D. Ala. 2001)). As an initial matter, BP has not argued that Mr. Hughett (or any other expert) can never rely upon another expert. The problem is when, as Mr. Hughett has done here, an expert adopts

the opinion of another expert without attempting to independently assess or prove the validity of these opinions. Passing off opinions to other experts who either are not qualified to assess them, or who choose not to do so, invites distortion and misuse.

The law supports BP. In *Lightfoot v. Hartford Fire Ins. Co.*, 2011 WL 39010, at *4 (E.D. La. Jan. 4, 2011), this Court concluded that "the fact that [the expert] relied upon the report did not relieve the plaintiffs from their burden of proving the underlying assumptions contained in the report." *See also Legier & Matherne, Apac v. Great Plains Software, Inc.*, 2004 WL 1488597, at *3 (E.D. La. June 30, 2004). Halliburton's authority does not excuse Mr. Hughett's failure. *Bryan* involved a different issue: whether expert testimony that was not admitted at trial could later be relied on in a closing argument. 566 F.2d at 544. Moreover, the Fifth Circuit held that this expert testimony was "improperly admitted either as evidence of the basis of the testifying expert's opinion or as impeachment evidence." *Id.* at 545. *Rudd* simply quotes the advisory committee's notes to Rule 702, which allow for reliance on one expert by another, but which did not address the obligation of the adopting expert to assess the reliability of the adopted opinions. 127 F. Supp. 2d at 1342-43.

Dated: February 20, 2012	Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

/s/  Don K. Haycraft__