UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| …………………………………………….. | : | |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO
LIMIT THE TESTIMONY OF DR. SAMUEL LEWIS**

Halliburton fails to offer any credible response to the arguments BP has made in support of its motion to limit the testimony of Dr. Lewis.

*First*, Dr. Lewis's opinion on the competence of the BP Macondo well team should be stricken. As an initial matter, Halliburton failed to respond to BP's allegation that Dr. Lewis has no experience with foam cement job design, execution, or evaluation. As such, Halliburton concedes that Dr. Lewis has no expertise to render an opinion on the BP team's competence in these areas. His opinions in these three categories should be stricken.

As to the BP engineers' sophistication regarding slurry testing, it cannot be disputed that evaluating the competence of an individual requires a detailed review of that individual's experience and work, not just a review of four e-mails as Dr. Lewis had done.[1] Halliburton concedes this by admitting that Dr. Lewis has a standard practice of evaluating employee competence by looking at "participation in training courses" and "ability to understand test results." HESI Mem. at 57. Dr. Lewis himself admitted as much. Lewis Dep. at 64-65, 68.

---

[1] Contrary to HESI's straw-man argument, BP's motion does not address whether Erick Cunningham and Robert Beirute are experts because Dr. Lewis does not define them as being part of "BP's well team." Lewis Rebuttal Report at 60. BP's brief addressed the four Macondo well team members identified by Dr. Lewis: Walz, Morel, Cocales, and Hafle. *Id.*

Halliburton further concedes that Dr. Lewis did not perform that evaluation for the Macondo well team, HESI Mem. at 57, but argues that he did not need to do so. The Federal Rules and *Daubert* state otherwise. They require the expert to be qualified and his testimony to be "the product of reliable principles and methods" that "the expert has reliably applied . . . to the facts of the case." Fed. R. Evid. 702. While Dr. Lewis may have a reliable methodology for evaluating an individual's knowledge regarding foam slurry testing, Halliburton concedes that he did not apply that methodology here. And it is undisputed that Dr. Lewis is not qualified to render an opinion on a review of correspondence (nor is such a review a reliable methodology). Lewis Dep. at 73-74 (agreeing that he had never before evaluated competence based on a review of correspondence); Benge Dep. at 259-260 (agreeing that such an analysis is not based on any scientific methodology). Not surprisingly, Halliburton was unable to respond to the case law cited by BP precluding expert opinions based on a review of materials outside of their normal practice. BP Mem. at 6.

Not only is Dr. Lewis unqualified to render an opinion based on a review of correspondence, but also his opinion impermissibly invades the province of the finder of fact, and his testimony is now cumulative and unnecessary. Jesse Gagliano, who worked alongside the BP engineers for years, will appear at trial. Mr. Gagliano testified at his deposition on the BP team's competence. He said that Mr. Morel had "limited" knowledge; the team's knowledge on cementing was "basic"; and the BP engineers did not even know if foam cement could be used on the Macondo well. Gagliano Dep. at 249-250, 485-488; TREX 7483, 7484. Dr. Lewis's effort to read tea-leaves is thus both contrary to law and unnecessary.

*Second*, Dr. Lewis is not qualified to opine on cement operations. Halliburton offers no response to BP's argument on this score. Indeed, Halliburton concedes that Dr. Lewis has no

2

expertise and instead argues that he "is entitled to reference relevant facts . . . to provide background and context to his expert report." HESI Mem. at 58.

Dr. Lewis's report is replete with opinions on subjects outside of his expertise disguised as background facts. Halliburton does not address any of the clear examples cited in BP's memorandum. BP Mem. at 3-5. Dr. Lewis admitted he is not qualified to testify on cementing topics outside of lab testing and slurry design. Lewis Dep. at 259, 353-54. And Halliburton does not dispute that Dr. Lewis is unqualified to render these opinions, HESI Mem. at 58, but argues that he should be allowed to present this testimony as "background and context," *id.* But Dr. Lewis is unqualified to offer opinions on cement operations, so there is no need for him to testify to any "background and context" relating to cement operations. Halliburton's lone authority – *Lovejoy v. Arpaio*, 2011 WL 3687627 (D. Ariz. Aug. 23, 2011) – actually supports BP's motion. In *Lovejoy*, the court allowed a police-practices expert to testify to "background on how K-9 units are viewed within police departments, something about which average jurors may not be aware." *Id.* at *1. However, in *Lovejoy*, the expert was qualified to provide this background – having spent twenty-nine years as a police officer, eleven years as chief of police, and established a K-9 unit in his police department. *Id.* Dr. Lewis, on the other hand, purported to provide background that he admitted is outside his expertise and that he garnered secondhand from, among others, counsel. Lewis Dep. at 241-44. This testimony is more properly provided by one of Halliburton's four other experts who addressed cement operations.

For the foregoing reasons, the Court should exclude: (1) Dr. Lewis's attempt to opine on the cement competence of BP personnel based on four emails; and (2) Dr. Lewis's opinions or "background" on cement operations, which he has no experience to provide.

Dated: February 20, 2012                    Respectfully submitted,


/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                                                                            /s/  Don K. Haycraft__