UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| ……………………………………………….. | : | |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO
LIMIT THE TESTIMONY OF DR. RICHARD STRICKLAND**

BP moved to exclude Dr. Strickland's opinions as to the M57B sand because his definition of a "hydrocarbon-bearing zone" had no foundation and was irrelevant because he failed to even apply his own unreliable definition in reaching his conclusions. Halliburton spends most of its response defending not Dr. Strickland's opinions, but its own theory of the facts. In any event, Halliburton fails to give convincing responses to BP's arguments.

*First*, Halliburton attempts to portray Dr. Strickland's definition as "straightforward and logical . . . based on experience in his industry." HESI Mem. at 26 (citing *Libbey v. Wabash Nat'l Corp.*, No. 02–16–P–H, 2002 WL 3124509 (D. Me. Oct. 7, 2002), for the proposition that the absence of a regulatory definition does not preclude an expert opinion). In *Libbey*, the expert opined that I-bean flanges in a trailer bed would have been slippery when wet, though he admitted that there are "no standards addressing the degree of slip resistance required for components of trailer beds." *Id.* at *2. Here, by contrast, Dr. Strickland *made up* a standard and attempted to apply it. Halliburton's citation to *Libbey* misses the point. BP does not claim that Dr. Strickland's testimony should be excluded only because there is no definition of a "hydrocarbon-bearing zone." BP argues that Dr. Strickland should not be permitted to make up and then purportedly apply a definition he formulated for purposes of this litigation. An expert

cannot opine whether non-existent standards were met. *See Redman v. John D. Brush & Co.*, 111 F.3d 1174, 1179 (4th Cir. 1997) (holding it was speculative and misleading for a metallurgical engineer to give opinion testimony that a particular safe met industry standards for burglar deterrence when no industry standard was ever established); *Fernandez v. Spar Tek Indus.*, No. 0:06-3253-CMC, 2008 WL 2185395, at *9 (D.S.C. May 23, 2008) (excluding opinions "based on standards which appear to be of [the expert's] own creation and which have not been peer reviewed, tested, or received wide acceptance in his field"). Dr. Strickland had no basis – in industry practice or his own experience – for his definition of "hydrocarbon-bearing zone." He has never used the term and has had no experience determining "hydrocarbon-bearing zones" for purposes of top of cement. Strickland Dep. at 171-72.

BP's post-incident analysis does not provide a basis for Dr. Strickland's opinions. Nowhere in the documents cited by Halliburton does BP determine that the M57B was a "hydrocarbon-bearing zone" that should have been used to determine top of cement, and nowhere does BP determine that the M57B zone had enough oil or gas to flow into the wellbore or affect operations. Any argument that "BP itself analyzed the M57B zone and reached conclusions *consistent* with Strickland," HESI Mem. at 27 (emphasis in original), is simply incorrect – and, of course, irrelevant to the question of whether Dr. Strickland's definition is reliable under *Daubert*.

*Second*, BP's "industry standards" argument is not internally inconsistent. To the extent BP's rebuttal experts provide a definition for "hydrocarbon-bearing zone," they do so out of necessity to rebut Dr. Strickland's definition. This does not make Dr. Strickland's definition admissible in the first instance. Indeed, for BP expert Mr. Colson, a "hydrocarbon-bearing zone," must pose a "hazard to [the] operation of the well," a criterion about which Dr. Strickland

has no opinion and that he admittedly did not evaluate. Colson Dep. at 289. Moreover, the whole point is that Dr. Strickland's definition is not accepted in the industry – BP's rebuttal experts' opinion on industry practice for petrophysical analysis has no bearing on the reliability of Dr. Strickland's definition.

*Third*, Dr. Strickland failed to apply his own definition. When it came time to apply his definition to the facts (as he saw them), Dr. Strickland added the criterion that the zone have "a sufficient level that oil and/or gas will flow" so as to affect operations. Strickland Dep. at 154-55, 403-04. But Dr. Strickland offered no opinion whatsoever regarding – and, indeed, did not evaluate – whether the M57B zone in fact interfered with well operations. Dr. Strickland, therefore, did not determine whether the M57B satisfied his own definition. Both his definition and his analysis are unreliable.

*Fourth*, Dr. Strickland's intentional decision not to opine on whether, because the M57B was purportedly a hydrocarbon-bearing zone, it had the potential to affect well operations is not, as Halliburton claims, HESI Mem. at 30-31, a proper limitation of his expert report to the scope of his qualifications. It was a conscious decision to allow other experts (*i.e.*, Mr. Hughett) to take his statement and run with it – without the inconvenient need to justify its formulation or properly understand its limitations. Dr. Strickland refused to opine whether the M57B affected well operations. He thus was able to figuratively wash his hands of any opinion as to whether the M57B had any effect on the well and, in turn, as to whether the M57B satisfied his own definition. Dr. Strickland's opinion is therefore irrelevant. (And Mr. Hughett's opinion is unreliable.)

Dated: February 20, 2012 Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                                                             /s/ Don K. Haycraft__