UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |
| …………………………………………….. | : | |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE
THE REPORT AND TESTIMONY OF DR. ANDREW HURST**

BP moved to exclude Dr. Hurst's opinions because his "Golden Zone" theory is not reliable and because it is irrelevant. The PSC attempts to paint Dr. Hurst's theories as universally accepted and tested, and applicable to the Macondo well. This attempt is sharply at odds with the record as demonstrated in Dr. Hurst's report and deposition testimony.

*First*, the PSC's claim that "while BP attempts to cast aspersions on the tenability of the Golden Zone, it cannot point to any countervailing research – from either academia or industry – that questions its validity or usefulness," PSC Mem. at 3 n.2, has it precisely backwards. It is not up to BP to find analysis disproving, or disapproving of, Hurst's work. It is the PSC's responsibility to show his opinions meet the requirements of Rule 702 and *Daubert*. In fact, as detailed in BP's memo, there is a marked lack of academic support for the Golden Zone theory. BP Mem. at 3-5. And Dr. Hurst acknowledged during his deposition that "within the scientific community, there are geological arguments that counter the Golden Zone concept," Hurst Dep. at 163, and that "the Golden Zone concept or similar concepts are *not* routinely used to support safe and optimal drilling practice," *id.* at 186-87 (emphasis added).

The PSC asserts that "the theory has not been opposed or criticized in scientific literature," that "there have been over 100 fundamental research papers that underpin the Golden

Zone concept," that "there have been nearly 30 citations of papers directly dealing with the Golden Zone concept, and that there are "zero" papers "opposing or criticizing the concept." PSC Mem. at 4.  In fact, on page twelve of his report, Dr. Hurst identifies and describes in detail "[t]wo conflicting geological arguments that counter the GZ concept."  Moreover, the PSC admits in its response that Dr. Hurst is "unaware of any similar concept in the public domain *or the level to which the GZ concept is accepted and adopted in the oil industry*."  PSC Mem. at 5-6 (emphasis added).  The PSC also claims that the theory has been the subject of "30 citations in peer-reviewed work."  *Id.* at 6.  Actually, Dr. Hurst said in his report that *fewer than thirty* papers deal directly with the GZ theory.  Hurst Report at 12.  He never said his papers have been cited thirty times.

    *Second*, Dr. Hurst's opinions are not relevant.  The PSC states that Dr. Hurst will testify as to the geology of the Mississippi Canyon and that this will show that there were "exceedingly high risks" and "predictive methods which would have aided BP in drilling in a safer manner." PSC Mem. at 7-8.  Tellingly, the PSC glosses over the fact that there is nothing linking this general analysis of the Mississippi Canyon to the specific location, much less the geology, of the Macondo well.  While the PSC claims that the "argument that Dr. Hurst did not look at Macondo-specific data to reach his conclusions is simply untrue," PSC Mem. at 7-8, Dr. Hurst clearly acknowledged that he did not "look at any Macondo-specific evidence or data to reach any of the conclusions that [he] render[ed] in this case," Hurst Dep. at 241, and that "all the opinions that [he had] rendered in this case . . . [had been] compiled . . . in [the] absence of any specific knowledge and data of what procedures oil companies operating in the Mississippi Submarine Canyon were following . . . . when drilling new wells," *id.* at 249-50.  He summed it

up best when he said: "I think the specific data of the Macondo well are obviously very worthy of investigation, but not by me." *Id.* at 242. Precisely the point.

The PSC also claims that Dr. Hurst's "testimony goes directly to best available science and industry practices." PSC Mem. at 8. But Dr. Hurst was not "able to identify any operator in the Gulf of Mexico that is utilizing [his] interpretation of how temperature impacts pore pressure and the modeling of pore pressure and fracture gradient curves . . . ." Hurst Dep. at 162-63. And the primary author that Dr. Hurst relies upon – Nadeau – wrote in 2011 that "It is important to acknowledge that the Golden Zone view for overpressure development is ***not*** shared by most basin modelers." Hurst Dep. at 176-77. Dr. Hurst did not disagree with these statements. *Id*.

Finally, the PSC argues that BP is making "a run-of-the-mill relevance objection" and that "pretrial motions to exclude evidence based on relevance are disfavored." PSC Mem. at 9 (citing *Auenson v. Lewis*, No. 94–2734, 1996 WL 457258, at *1 (E.D. La. Aug. 12, 1996)). As discussed above, Dr. Hurst's opinions are not specific to the Macondo well and did not take BP's practices into account. Nothing he says can make it more probable that BP did not employ best drilling practices. Moreover, *Auenson* involved a plaintiff who sought to exclude evidence of prior psychological and substance-abuse treatment on the grounds it was irrelevant and prejudicial. *Id.* The decision was not rendered on a *Daubert* motion and does not stand for the proposition (which would be contrary to Rule 702 and Supreme Court case law) that an expert can offer irrelevant opinions.

Dated: February 20, 2012				Respectfully submitted,


						/s / Don K. Haycraft

						Don K. Haycraft (Bar #14361)
						R. Keith Jarrett (Bar #16984)
						LISKOW & LEWIS
						One Shell Square
						701 Poydras Street, Suite 5000
						New Orleans, Louisiana 70139-5099
						Telephone: (504) 581-7979
						Facsimile: (504) 556-4108

						and

						Richard C. Godfrey, P.C.
						(richard.godfrey@kirkland.com)
						J. Andrew Langan, P.C.
						(andrew.langan@kirkland.com)
						Timothy A. Duffy, P.C.
						(tim.duffy@kirkland.com)
						Kirkland & Ellis LLP
						300 North LaSalle Street
						Chicago, IL 60654
						Telephone: (312) 862-2000
						Facsimile: (312) 862-2200

						and

						Robert C. "Mike" Brock
						(mbrock@cov.com)
						Covington & Burling LLP
						1201 Pennsylvania Avenue, NW
						Washington, DC 20004-2401
						Telephone: (202) 662-5985

						*Attorneys for the BP Exploration &*
						*Production Inc. & BP America Production*
						*Company*

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                                                                 /s/  Don K. Haycraft__