**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| …………………………………………….. | : | |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE**
**THE REPORT AND TESTIMONY OF DAVID PRITCHARD**

The PSC offers no meritorious response to the arguments made by BP in its motion to exclude the testimony of Mr. David Pritchard**.**

*First*, Mr. Pritchard's causation opinion is unreliable.  Nothing in the PSC's response explains or cures the fact that Mr. Pritchard failed to consider potential causes of the blowout other than conduct by BP.  In effect, Mr. Pritchard's approach – either as described by him in his report and deposition or by the PSC in its opposition – amounts to his personal answer to a question reserved for the Court:  "Did BP cause the blowout."  An expert is entitled to speak to this issue if he conducts a proper causation analysis, but not if he simply looks at the evidence focusing exclusively on one party, and renders a judgment without ruling out other potential causes.  *See Shahid v. Gulf Power Co.*, 291 F.2d 422, 428 (5th Cir. 1961) ("[M]embers of the jury, rather than the expert witnesses, are the ones sworn to make a legal determination of the question of causation."); *Ross v. Noble Drilling Corp.*, No. Civ.A. 03-0015, 2005 WL 53306, at *2 (E.D. La. Jan. 5, 2005).  Even if Mr. Pritchard had reviewed all the evidence (which he concedes he did not), he must have done more than simply apply his "judgment."  He must have conducted an analysis of potential causes that accounted for the conduct of the other parties before he could conclude BP was to blame.

The PSC argues that "case law cited by BP, such as *Michaels v. Avitech, Inc.*, 202 F.3d 746 (5th Cir. 2000), and *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239 (5th Cir. 2002), are wholly inapplicable to the facts of this case."  PSC Mem. at 3-4.  In *Michaels*, contrary to the PSC's contention, the Fifth Circuit did not state that it was limiting "its holding to those situations where 'the plaintiff's *only* evidence of the defendant's negligence [was] an inference from the observation of a dangerous condition.'"  *Id.* at 4.  Rather, the court held that the plaintiff's expert's theory that "debris was evidence of negligence" was inadmissible under *Daubert* because "[t]he plaintiff's expert made no attempt to rule out the numerous other sources of contamination of the alleged debris."  202 F.3d at 753-54.  The situation in *Michaels* is identical to that here.  Mr. Pritchard determined that BP was solely responsible without attempting to rule out other causes.  *Pipitone* is also on point, as it holds that an expert is qualified to testify regarding causation only if he has "methodically eliminated" other potential causes of the matter at issue.  288 F.3d at 248.  There is no indication that Mr. Pritchard "methodically eliminated" other possible causes of the Macondo well blowout in arriving at the conclusion that BP was to blame.[1]

**Second**, Mr. Pritchard's opinions are not the product of a reliable methodology.  Not only did he fail to rule out other causes in reaching his conclusion that BP caused the blowout but he also failed to employ any reliable methodology in reaching his conclusions.  Mr. Pritchard's "method" was to reason backwards from the fact of the blowout to "conclude" that BP must have made errors.  *See* Pritchard Dep. at 601-02.  The PSC complains that this "twists" his opinion into "circular logic."  PSC Mem. at 4.  It is true that Mr. Pritchard's opinion on this score

---

[1]  The PSC also takes refuge in the assertion that this goes to the weight of Mr. Pritchard's opinion, not its admissibility.  This trope, repeated in many of the PSC's responses, ignores that *Daubert* draws a line beyond which "weak" evidence does not meet the minimum requirements of reliability and relevance, and simply begs the question of whether Mr. Pritchard's work qualifies as admissible.

embodies a logical fallacy, but that result is entirely of his own making.  He admitted at his deposition that he assumed that, because there was a blowout, BP had therefore acted recklessly. Pritchard Dep. at 601-02.  He similarly stated that he believed that BP acted in a grossly reckless manner because the Macondo well blowout continued for eighty-seven days.  *Id.* at 133-34.  This is not analysis.  It is simply *post hoc, ergo proctor hoc*.

**Third**, Mr. Pritchard opinions rest upon impermissible credibility determinations. Notwithstanding the PSC's assertion that Mr. Pritchard "has not assessed the credibility of Ms. Skripnikova, or any other witness, and he has properly relied upon their sworn-to statements," PSC Mem. at 8, it was Mr. Pritchard himself who said he would give weight only to the portions of Skripnikova's testimony that he cited in his report, not the whole of the witness's testimony. Pritchard Dep. at 245.

**Fourth**, Mr. Pritchard's impermissible legal opinions should be excluded.  In its January 31 Order, the Court made it clear that except for experts qualified to discuss whether certain conduct was in accord with industry regulations, experts would not be allowed to express legal opinions.  Tellingly, the PSC does not even argue that Mr. Pritchard fits into the sole exception identified in the Court's January 31 Order.

**Fifth**, Mr. Pritchard should not be allowed to rely on Mr. Hurst's unreliable and irrelevant "Golden Zone" theory.  As explained in BP's reply in support of its motion regarding Mr. Hurst, Mr. Hurst's work is inadmissible.  Passing his conclusions off to another expert only compounds the error, as both attempt to avoid responsibility for finding any reliable link between Mr. Hurst's general speculations on geology and the specific conditions under which the Macondo well was drilled.

Dated: February 20, 2012

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration &
Production Inc. & BP America Production
Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

/s/  Don K. Haycraft__