**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| ……………………………………………….. | : | |

**BP'S REPLY IN SUPPORT OF ITS MOTION**
**TO LIMIT THE TESTIMONY OF GLEN BENGE**

Notwithstanding its attempted wisecracks, the United States's response concedes the essential elements of BP's motion: Mr. Benge opined on the cementing competence of the BP team based on a handful of isolated e-mail exchanges; he has no experience evaluating drilling engineers; and did not even follow his claimed methodology for evaluating lab personnel.

***First***, Mr. Benge has no experience evaluating the cementing competence of engineers (whether based on e-mail or otherwise).  As set forth in BP's brief, Mr. Benge may be an expert in certain aspects of cementing but neither his education nor his experience entitles him to testify as an expert about the cementing expertise of drilling engineers who he has never met, worked with, trained, or reviewed.  Mr. Benge admitted that he has only managed lab personnel and that he has evaluated them only in cement slurry design and testing.  Benge Dep. at 52-53 (stating that he managed lab personnel at Schlumberger), 59-60 (stating that he managed mud personnel at ExxonMobil and did not evaluate them on cement).  The United States concedes that Mr. Benge has no experience reviewing an engineer's cementing competence but argues that Mr. Benge's exposure to engineers while at ExxonMobil allows him to evaluate them.  U.S. Mem. at 5-6.  Mr. Benge admitted, however, that even when he was given direct access to drilling engineers from "mentoring engineers" and "teaching engineers," at most he was merely able to

get "a sense" for an engineer's "ability to do that job." *Id.* at 6 n.15.  Mr. Benge admittedly has not met or interacted with any member of the BP Macondo well team, Benge Dep. at 250, so he would be unable to get "a sense" of their "ability to do that job" – much less be able to form an opinion on whether they are "well versed" in foam cement slurries.

Indeed, it is instructive to consider the testimony of Jesse Gagliano, the Halliburton cementing specialist embedded within the drilling team who worked side by side with the BP Macondo team drilling engineers each day.  In sharp contrast to Mr. Benge, Mr. Gagliano testified that Brian Morel had "limited" knowledge of cement design, and that the BP Macondo well team had only "basic" cementing knowledge.  Gagliano Dep. at 249-250, 483.  Indeed, the BP drilling team's reliance on Mr. Gagliano's cementing expertise is driven home by an email Mr. Benge overlooked: Mark Hafle asked Mr. Gagliano if foam cement could be used at all for the Macondo well production casing.  *Id.* at 485-488; TREX 7483, 7484.  With Mr. Gagliano now scheduled to testify, why should the Court entertain Mr. Benge's attempt to read the tea leaves in four emails?  Nothing in Mr. Benge's opinion is beyond the ken of Mr. Gagliano.

Moreover, although Mr. Benge does in fact have a review methodology for laboratory personnel that he uses when he is not testifying as an expert, the United States concedes that Mr. Benge did not follow his methodology to evaluate the BP Macondo well team.  U.S. Mem. at 6-7.  The United States, unable to dispute this fact, dogmatically insists that Mr. Benge arrived at his opinions by applying "his specialized knowledge and experience" with "the same level of intellectual rigor that characterizes the practice of a cement expert."  *Id.* at 2.  But Mr. Benge did not use his own methodology, and he did not apply rigor to the voluminous record.  Rather, he opined on the BP Macondo well team's experience after reading four emails, a solitary sign-in sheet indicating that members of the BP team attended one cement seminar, and a snippet from

Erick Cunningham's deposition where he stated his confidence in a Macondo well team *that included Jesse Gagliano*.  Benge Dep. at 242-250.  Despite how the United States attempts to add gloss to Mr. Benge's "level of intellectual rigor," it is undisputed that Mr. Benge failed to follow his own methodology in evaluating the BP Macondo well team: Mr. Benge never administered a cement competency test; never evaluated any cement slurries designs; does not know their cement training; never evaluated their ability to run cement testing; and never assessed their ability in cement-slurry testing or interpretation.  *Id*. at 251-55.

   ***Second***, Mr. Benge has no experience evaluating cementing competence based on correspondence.  The United States argues that Mr. Benge has "specialized experience" in reviewing cementing competency based on correspondence.  U.S. Mem. at 6.  But Mr. Benge admitted he has no experience, specialized or otherwise, for evaluating a cementing competence "based ***only*** on an e-mail trail."  Benge Dep. at 257-258 (emphasis added).  Rather, the exercise he conducted in this litigation to reach his opinion would be, in his own words, "***the sole case of that***."  *Id*. at 258 (emphasis added).  Accordingly, Mr. Benge freely admitted that he lacks expertise to evaluate anyone's cementing competence based on correspondence: "Q. Would you agree with me that you're not an expert in reviewing correspondence to determine a person's competency in cementing?  A. I would agree with that, yes, sir."  *Id*. at 260.  Nothing in the United States' opposition changes this key fact.  Despite all the attributes the United States touts in its opposition, Mr. Benge himself admitted that he has no experience and is unqualified to evaluate the cementing competence of individuals based solely on correspondence.  This alone warrants the granting of BP's motion to preclude Mr. Benge from offering the testimony that he is admittedly unqualified to provide.

Dated: February 20, 2012

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration &
Production Inc. & BP America Production
Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

/s/  Don K. Haycraft__