UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| …………………………………………….. | : | |

## BP'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE REPORTS AND TESTIMONY OF DR. ALAN R. HUFFMAN

BP moved to exclude Dr. Huffman's testimony because most of his opinions were impermissible conclusions of law and his remaining opinions were unreliable speculative assertions about the subjective "beliefs" of BP employees. In response, the United States mischaracterizes Dr. Huffman's opinion with regard to MMS regulations and unsuccessfully tries to shoehorn his armchair-psychology analysis of various e-mails and documents into an ill-fitting scientific mold.

*First*, Dr. Huffman's reports and testimony should be excluded because the majority of his opinions constitute conclusions of law. The United States attempts to portray Dr. Huffman as having made general observations on regulatory requirements. In fact, Dr. Huffman conducted a legal analysis and opined that BP violated the law. He did not make legal observations or assumptions in the course of analyzing data or that were necessary to analyze data. He interpreted regulations including 30 C.F.R. §§ 250.401, 409, 413, 427 and 428 and expressly concluded that BP violated all these regulations. Huffman Opening Report at 4, 6-7, 9, 13, 41-42; Rebuttal Report at 1-7, 15-16. During his deposition, Dr. Huffman specifically testified that it was his opinion that "BP violated the law." Huffman Dep. at 22. The suggestion that this is somehow appropriately within Dr. Huffman's purview is belied by his further admission that he

does not interpret regulations as a part of his work, has never done so in a publication, and has never rendered such an opinion before. Huffman Dep. at 92-93, 97-98. Dr. Huffman does not have any expertise in interpreting or applying the regulations and is not offering general observations regarding regulatory requirements.

The United States cites *Huddleston v. Herman & MacLean*, 640 F.2d 534 (5th Cir. 1981), in support of its position. U.S. Mem. at 2. In *Huddleston*, the court permitted an attorney to testify regarding the interpretation generally given in the securities industry to certain boilerplate language in a prospectus. 640 F.2d at 552. The court held this testimony was relevant to the scienter of the defendants and the materiality of some of the information at issue. *Id. Huddleston* has no application here. Dr. Huffman is not a lawyer explaining how, in his experience, people tend to read certain language in securities filings. The parallel to Dr. Huffman would have been if the expert in *Huddleston* had opined as to the interpretation of securities regulations and offered conclusions as to whether the defendants had violated them. Dr. Huffman is more akin to the expert in *BNY Mellon N.A. v. Affordable Holdings, Inc.*, No. 1:09CV226–SA–JAD, 2011 WL 2746301 (N.D. Miss. July 12, 2011), where the court held that the expert's opinions were not based on industry standards or custom, but instead offered legal conclusions concerning the interpretation of Mississippi law and how it applied to the case. *Id.* at *2.

*Second*, Dr. Huffman's opinions about BP's "beliefs" regarding the pressure integrity tests are not reliable. The United States claims that Dr. Huffman reasonably relied upon the type of data a geophysicist would use to form an opinion about whether BP maintained a safe drilling margin at Macondo. U.S. Mem. at 3. Yet there is no avoiding the simple fact that one of the bases for Dr. Huffman's opinion is his conclusion that BP personnel subjectively did not believe

2

the validity of the tests – a basis that the United States only haltingly defends. Dr. Huffman came to the conclusion that BP employees subjectively did not believe the tests based on reading e-mails. The United States tries to distinguish *Tassin v. Sears, Roebuck & Co.*, 946 F. Supp. 1241 (M.D. La. 1996), by arguing that the correspondence in *Tassin* was different than the "highly technical" documents cited by Dr. Huffman. U.S. Mem. at 6 n.5. In fact, the correspondence in *Tassin* was not personal e-mails as was the case here, but correspondence involving the Power Tool Institute. 946 F. Supp. at 1248. Moreover, while the United States suggests that Dr. Huffman's expertise was necessary to interpret any technical language contained in the e-mails, this is not so. By his own admission, Dr. Huffman relied on the e-mails only to determine the ***outcome*** of the pressure integrity tests. Statements as to the success or failure of a pressure integrity test do not qualify as "technical."

In what is clearly a lawyer's *post hoc* argument, the United States claims that Dr. Huffman was only using the e-mails to "confirm" what he concluded from the data and submits that even if he is precluded from testifying as to the thoughts of BP employees, he should still be allowed to advance his opinion based on data. This is too little too late. An expert is not allowed to excise an impermissible basis for an opinion and claim all is well. Dr. Huffman's opinion necessarily stands or falls on the bases set forth in his report and testimony. In this case, that means his opinion should be excluded.

Dated: February 20, 2012                                Respectfully submitted,


/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

/s/ Don K. Haycraft__