UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:   Oil Spill by the Oil Rig "Deepwater | : | MDL No. 2179 |
| Horizon" in the Gulf of Mexico, on | : | |
| April 20, 2010 | : | SECTION: J |
| | : | |
| This Document Relates To: All Actions | : | JUDGE BARBIER |
| | : | MAGISTRATE JUDGE |
| ……………………………………………... | : | SHUSHAN |

**BP'S REPLY IN SUPPORT OF ITS MOTION TO
LIMIT THE TESTIMONY OF DAVID BOLADO**

The Court should grant BP's motion and preclude Mr. Bolado's unreliable opinions.

*First*, Mr. Bolado's opinion that BP approved or failed to correct OptiCem inputs is unreliable and no longer helpful. Halliburton's citation to Mr. Gagliano's deposition confirms that Mr. Bolado's opinion that BP "scrutinized and approved" the OptiCem inputs was not based on any evidence in the record. HESI Mem. at 32, 34. Mr. Bolado did not speak with Mr. Gagliano as part of his investigation, Bolado Dep. at 191, so he could not have previously considered this information. Furthermore, now that Mr. Gagliano will be testifying at trial, Mr. Bolado's baseless "opinion" of what Mr. Gagliano did with respect to the BP wells team is no longer necessary or helpful.

*Second*, Mr. Bolado's opinion on "roping" is devoid of analysis and should be stricken. Halliburton concedes that Mr. Bolado's opinion on "roping" is based on two articles. HESI Mem. at 35. The picture in Mr. Bolado's report was based on laboratory research, so there is no question that an experiment could have been conducted to investigate whether "roping" occurred at the Macondo well. However, Mr. Bolado did not conduct any experiments, nor did he do any analysis on whether the conditions under which roping occurred in the articles was similar to the conditions at Macondo. Bolado Dep. at 437-438 ("Q: Okay. Now, did you compare the

conditions of – of this lab test to the conditions in the Macondo Well?  A:  Directly, no.  Q:  And do you know if the conditions under which this – this sample was produced are similar to the conditions in the Macondo Well?  A:  No.").  As such, his opinion is not "the product of reliable principles and methods" that "the expert has reliably applied . . . to the facts of the case" and must be stricken.  Fed. R. Evid. 702.

*Third*, Mr. Bolado is unqualified to offer opinions on the M57B sand.  Halliburton concedes that Mr. Bolado is not competent to assess whether the M57B sand is hydrocarbon-bearing.  HESI Mem. at 37.  It is axiomatic that one expert cannot blindly parrot the opinion of another.  Halliburton's argument that Mr. Bolado can rely on another expert's opinions where he has no expertise is also misplaced.  Mr. Bolado has the "burden of proving the underlying assumptions contained in the report" offered by Dr. Strickland.  *Legier & Matherne, APAC v. Great Plains Software, Inc.*, No. Civ.A. 03-278, 2004 WL 1488597, at *3 (E.D. La. Jun. 30, 2004) (citations omitted).  In *Legier*, the challenged expert relied upon *data* (not opinions) from another that the expert *independently reviewed*.  *Id.*  Halliburton offers no suggestion that Mr. Bolado conducted an independent review of Dr. Strickland's M57B analysis, and Mr. Bolado admitted he did not perform such a review.  Bolado Dep. at 168-69.  Mr. Bolado even admitted that some "opinions" he offered on the M57B sand were mere speculation.  *Id.* at 181 ("I'm speculating opinion based off of the other information that I've seen.").  Even if the Court finds this reliance appropriate, Mr. Bolado's opinions are only as reliable as Dr. Strickland's, which are also subject to a *Daubert* challenge.

*Fourth*, Mr. Bolado's opinions relating to increased gel strengths are not based on opinions in the record and were not produced – in violation of the Court's Order.  Halliburton does not contest that Mr. Bolado did not "confirm [the gel strengths] with any calculations," or

2

that he "cannot validate the accuracy of – of [Dr. Frigaard's] calculations."  Bolado Dep. at 320, 322.  Mr. Bolado cannot substitute Dr. Frigaard's analysis of gel strengths for his own.

Halliburton argues that Mr. Bolado can rely either on Dr. Frigaard's withdrawn opinions or Dr. Ravi's opinions.  HESI Mem. at 40.  Neither argument holds water.  Dr. Frigaard was withdrawn by Cameron (with the agreement of Halliburton) and, under the Court's Order, his "opinions, report or deposition or any part thereof" may not be introduced "into evidence for any purpose."  Rec. Doc. 5560 at 2.  Allowing another expert to "backdoor" the withdrawn expert's opinions by bring them into the case as "reliance material" would violate the Court's Order.  The deadline for appealing that Order was February 6, 2012 – two weeks after BP filed its *Daubert* motions.  And, contrary to Halliburton's suggestion, Dr. Ravi does not calculate gel strengths in his report.  Thus, Mr. Bolado's application of gel strengths that have no basis in the record is entirely unreliable, and his opinions using increased gel strengths should be stricken for failing to apply analysis "to the facts of the case."  Fed. R. Evid. 702.

Halliburton mischaracterizes the record regarding its failure to produce the underlying modeling under the Court's Order by November 11, 2011.  BP could not locate these materials, and thus asked Halliburton to identify where Mr. Bolado's reliance materials were produced in advance of his deposition.  Ex. A.  Halliburton responded with spreadsheets that did ***not*** identify a production range for Mr. Bolado's modeling.  Exs. B & C.  As such, BP proceeded with Mr. Bolado's deposition without the modeling that used increased gel strengths and confirmed at the deposition that he had provided his modeling to counsel.  Bolado Dep. at 325-326.  Any claim that Halliburton did not have notice of this production issue is false.

Dated: February 20, 2012                                   Respectfully submitted,

/s / Don K. Haycraft.
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP p.l.c., BP Exploration & Production Inc, and BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19h day of February, 2012.

/s/  Don K. Haycraft