UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| All Actions | * | |
| | * | MAGISTRATE NO. 1 |
| | * | MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * | | |

**REPLY IN SUPPORT OF ANADARKO'S MOTION TO EXCLUDE THE EXPERT TESTIMONY AND REPORT OF JAMES P. LANG AND MOTION *IN LIMINE* TO STRIKE AND PRECLUDE FROM TRIAL CERTAIN SECTIONS OF THE REBUTTAL EXPERT REPORT OF JAMES P. LANG**

I.   **INTRODUCTION**

In partial response to Anadarko's Motion in *Limine* and Motion to Exclude (Rec. Docs. 5245 and 5398, respectively), the United States concedes that Sections III(4), XII and XIII(3) of Mr. Lang's Report and opinions are not appropriate for the Phase I trial and agrees to withdraw them.[1] Rec. Doc. 5688 at 2 n.3. This concession is a start, but does not go far enough. The entirety of Mr. Lang's report should be stricken for failure to meet the reliability and reliance standards set forth in *Daubert* or, alternatively, Section V of Mr. Lang's Report should be stricken because it is not a rebuttal opinion.

II.   **MR. LANG'S OPINIONS ARE NOT RELIABLE OR RELEVANT.**

At the core of Mr. Lang's opinions is the notion that "non-consent to an AFE can amount

---

[1]   On the basis of its pronouncement that it is withdrawing these sections of Mr. Lang's Report, the United States asks the Court to find Anadarko's Motion in *Limine* (Rec. Doc. 5398) moot with respect to all non-rebuttal sections of Mr. Lang's report that Anadarko has challenged except for Section V. Anadarko disagrees that a mootness decision is appropriate. Given that the United States already has submitted to the Court a copy of Mr. Lang's Report containing all of the sections, including those it now agrees to withdraw, and given that the Plaintiffs' Combined Exhibit List includes Mr. Lang's Report in its original form, Anadarko respectfully requests a ruling excluding those portions of Mr. Lang's Report and any associated opinions from the Phase I trial.

to control" by the Non-Operating Parties ("NOPs") over the Macondo drilling operations.  U.S. Opp (Rec. Doc. 5688) at 8.  According to Mr. Lang, after a NOP makes an initial investment in a drilling project then, regardless of the provisions of the governing Operating Agreement, it can obtain more detailed information, make operational proposals and gain operational control by threatening to withhold additional investment in the project.  *Id*. at 8-9.  Mr. Lang opines that, by dint of their approval of AFEs, Anadarko and MOEX actively controlled the Macondo venture.  Anadarko Motion to Exclude, Rec. Doc. 5398-1, Exhibit 1 (Lang Report), p. 12, § VII (titled "Anadarko's and MOEX's Approval of AFEs Demonstrates Their Active Participation In and Control Over the Macondo Venture").

Specialized knowledge about, and experience with, this kind of circumstance is essential to establishing Mr. Lang's qualification to provide such an opinion.  Here, contrary to what the United States now argues (Rec. Doc. 5688 at 7), Mr. Lang testified that while he had been involved in an *initial* AFE investment decision, he could not recall a single circumstance in which he personally was involved in a NOP decision to consent or non-consent to *subsequent* AFEs.  Rec. Doc. 5398-1 at Exhibit 4 (Lang Depo. Excerpts) at 33:2-34:4.  To be sure, Mr. Lang testified that *others* in his firms had been involved in such decisions, but he denied any personal or direct involvement.  *Id*. at 36:1-22 ("As I said before, I was not directly involved.  We know it happens in the industry.").  One does not become an expert by osmosis - personal experience and knowledge are required.  Because Mr. Lang lacks the expertise to provide his core opinion, it is unreliable and his report and opinions should be precluded from the Phase I trial altogether.

The unreliability and irrelevance of Mr. Lang's opinions also are exemplified in his testimony regarding a NOP's obligation to perform real-time monitoring of a well during drilling operations.  Mr. Lang admitted that he *never* has advised a NOP on this issue - specifically

2

stating "[t]hat would not be an area that I would advise one way or the other." Rec. Doc. at 5398-1, Exhibit 4 (Lang Depo. Excerpts), at 130:4-15.  Yet, as the U.S. concedes, when asked, *twice*, whether it was his opinion that Anadarko and MOEX "had an obligation to monitor the rig data on a real-time basis," Mr. Lang testified:

> It is my opinion that they had an obligation to understand the operations of the rig in order to exercise their ownership rights effectively. …. U.S. Opp. (Rec. Doc. 5688), Exhibit A (Lang Depo.) at 132:15-25.

> They apparently did. And it is my belief that that would be an effective industry practice in order to protect your ownership rights. There is not an obligation in the JOA that specifies they have to.  *Id*. at 133:1-8.

In response to Anadarko's challenge, the U.S. asserts that "nowhere in Lang's report does he state there is a NOP obligation to monitor, contractual or otherwise."  Rec. Doc. 5688 at 9. According to the U.S., all that Mr. Lang meant was that there was, in fact, some monitoring of the data by the NOPs.  *Id*. at 10.  While we can debate the semantics, by the U.S.'s own admission, Mr. Lang has not given an "obligation-to-monitor" opinion and therefore should be precluded from doing so during the Phase I trial.  And the U.S.'s admission serves to prove Anadarko's point about the irrelevance and unreliability of Mr. Lang's opinions -- since he is not a drilling expert and cannot interpret any of the rig data, and since he is not opining on whether the NOPs had an obligation to monitor the rig data real-time in any event, then what relevance can his opinions have to this case?  Simply purporting to list the types of information the NOPs could have reviewed or sought, as Mr. Lang purports to do, is not testimony that will assist this Court in understanding the evidence.  Thus, for these reasons, as well, Mr. Lang's report and opinions should be precluded.

### III. SECTION V OF MR. LANG'S REPORT IS NOT PROPER REBUTTAL OPINION

Finally, the U.S. argues that Section V of Mr. Lang's report is proper "rebuttal" testimony and should not be stricken. However, as the U.S. admits, an opinion is rebuttal only if it actually responds to something in the affirmative report of the opposing expert. Mr. Lang's Section V purports to address "Upstream Oil & Gas Industry - Business Strategies of Anadarko and MOEX." Rec. Doc. 5398-1, Exhibit 1 (Lang Report) at 6-10. Neither Mr. Vernon nor Mr. Cain have provided any opinions regarding Anadarko's or MOEX's business strategies here. And while the United States argues that Section V is necessary to understanding the NOPs' alleged control over Macondo, it points to *nothing* in Section V that is germane to that issue. Section V is nothing more than an attempt by the United States to belatedly slip in an affirmative opinion under the guise of a rebuttal opinion. Accordingly, Anadarko respectfully submits that Section V should be stricken.

### IV. CONCLUSION

For all the foregoing reasons and those in Anadarko's moving papers, Anadarko respectfully requests that the Court grant its Motion to Exclude and Motion *in Limine*.

DATED: February 20, 2012                    BINGHAM McCUTCHEN LLP


/s/ *Ky E. Kirby*_____
Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com

4

2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on October 17, 2011.

DATED:  February 20, 2012

                                                           /s/ *Ky E. Kirby*
                                                             Ky E. Kirby