UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : : | MDL NO. 2179<br><br>SECTION:  J<br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN<br><br>JURY TRIAL DEMANDED |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### REPLY IN SUPPORT OF CAMERON'S MOTION TO EXCLUDE WITHDRAWN BOP SHEAR RAM DESIGN OPINIONS PREVIOUSLY OFFERED BY BP'S EXPERT, FORREST EARL SHANKS

In its Response (Doc. 5697), BP does not oppose Cameron's motion to exclude the defective BOP shear ram design and alternative shear ram design opinions offered by its expert, Forrest Earl Shanks.[1] (Resp. at 1 ("BP does not oppose Cameron's requested relief seeking to exclude Mr. Shanks' withdrawn opinions"); *id.* at 3 ("BP does not oppose Cameron's request to exclude Mr. Shanks' withdrawn opinions regarding blind shear ram design defects").)  No other party filed an opposition to Cameron's motion.  For this reason alone, Cameron's unopposed motion to exclude Mr. Shanks' withdrawn opinions should be granted.  As a consequence, and pursuant to the Court's Order stating that withdrawn opinions are subject to *Daubert* and the Federal Rules of Evidence, no party should be permitted to use Mr. Shanks' withdrawn opinions at trial.  (*See* Doc. 5560.)

---

[1] As identified in BP's Response, none of Mr. Shanks' defective ram design or alternative ram design opinions are included in the expert report he submitted to the Court on January 17, 2012. (Resp. at 1, n.1.)  Cameron requests that the Court exclude only those portions related to defective ram design and alternative ram design opinions in the export report that was exchanged among the parties on October 17, 2011.

The party offering expert testimony bears the burden of demonstrating that the proffered expert opinions are based on accepted methodology and reliable data. *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). Neither BP nor any other party has rebutted Cameron's arguments that Mr. Shanks' withdrawn opinions are unreliable. Nor has any party put forth any affirmative argument to establish that Mr. Shanks' withdrawn opinions are reliable. Accordingly, *Daubert*, Rule 702, and the Court's Order on withdrawn opinions require exclusion of these opinions at trial.[2]

Respectfully submitted,


*/s/ David J. Beck*
| | |
|---|---|
| David J. Beck, T.A. | Phillip A. Wittmann, 13625 |
|   dbeck@brsfirm.com |   pwittmann@stonepigman.com |
| Joe W. Redden, Jr. | Carmelite S. Bertaut, 3054 |
|   jredden@brsfirm.com |   cbertaut@stonepigman.com |
| David W. Jones | Keith B. Hall, 24444 |
|   djones@brsfirm.com |   khall@stonepigman.com |
| Geoffrey Gannaway | Jared Davidson, 32419 |
|   ggannaway@brsfirm.com |   jdavidson@stonepigman.com |
| BECK, REDDEN & SECREST, L.L.P. | STONE PIGMAN WALTHER |
| One Houston Center | WITTMANN L.L.C. |
| 1221 McKinney St., Suite 4500 | 456 Carondelet Street |
| Houston, TX 77010 | New Orleans, Louisiana  70130 |
| Phone: (713) 951-3700 | Phone: (504) 581-3200 |
| Fax: (713) 951-3720 | Fax: (504) 581-3361 |

*Attorneys for Cameron International Corporation*

---

[2] BP's statement that it "does not agree with Cameron's position that those withdrawn opinions were not adequately supported" (Resp. at 1), is insufficient to meet its burden under *Daubert*, *see Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) ("[T]he party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions ... are reliable.... The expert's assurances that he has utilized generally accepted scientific methodology is insufficient."). BP's mere disagreement with Cameron's arguments, unsupported by any substantive response or affirmative argument to support a finding of reliability, fares no better than an "expert's assurances" and is insufficient to carry its burden to establish reliability. *Id.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

                                                    */s/ David J. Beck*