**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in | : | |
| the GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| | : | |
| | : | JURY TRIAL DEMANDED |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

**REPLY IN SUPPORT OF CAMERON'S MOTION TO EXCLUDE**
**WITHDRAWN SHEAR RAM DESIGN OPINIONS**
**PREVIOUSLY OFFERED BY HALLIBURTON'S EXPERT, GLEN STEVICK**

In its Combined Response in Opposition to Motions to Limit Testimony of its Expert Witnesses (Doc. 5705), Halliburton does not oppose Cameron's motion to exclude the alternative ram design opinions offered by its expert, Glen Stevick.  (Resp. at 50, n. 20 ("With respect to Cameron's Motion To Exclude Withdrawn Shear Ram Design Opinions Previously Offered By Halliburton's Expert, Glen Stevick [Dkt. No. 5415], HESI is not opposed to the exclusion of such design opinions ….").)[1]  No other party has filed an opposition to Cameron's motion.  For this reason alone, Cameron's unopposed motion to exclude Dr. Stevick's withdrawn BOP ram design opinions should be granted.  As a consequence, and pursuant to the Court's Order stating that withdrawn opinions are subject to *Daubert* and the Federal Rules of Evidence, no party should be permitted to use Dr. Stevick's withdrawn opinions at trial.  (*See* Doc. 5560.)

The party offering expert testimony bears the burden of demonstrating that the proffered expert opinions are based on accepted methodology and reliable data.  *Moore v. Ashland Chem.*

---

[1] None of Dr. Stevick's alternative design opinions are included in the expert report he submitted to the Court on January 17, 2012.  Cameron requests that the Court exclude only those portions related to alternative designs in the expert report that was exchanged among the parties on October 17, 2011.

*Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). Neither Halliburton nor any other party has rebutted Cameron's arguments that Dr. Stevick's withdrawn opinions are unsupported. Nor has any party put forth any affirmative argument to establish that Dr. Stevick's withdrawn opinions are reliable. Accordingly, *Daubert*, Rule 702, and the Court's Order on withdrawn opinions require exclusion of these opinions at trial.[2]

Respectfully submitted,

/s/ David J. Beck

| | |
|---|---|
| David J. Beck, T.A. | Phillip A. Wittmann, 13625 |
| *dbeck@brsfirm.com* | *pwittmann@stonepigman.com* |
| Joe W. Redden, Jr. | Carmelite S. Bertaut, 3054 |
| *jredden@brsfirm.com* | *cbertaut@stonepigman.com* |
| David W. Jones | Keith B. Hall, 24444 |
| *djones@brsfirm.com* | *khall@stonepigman.com* |
| Geoffrey Gannaway | Jared Davidson, 32419 |
| *ggannaway@brsfirm.com* | *jdavidson@stonepigman.com* |
| BECK, REDDEN & SECREST, L.L.P. | STONE PIGMAN WALTHER |
| One Houston Center | WITTMANN L.L.C. |
| 1221 McKinney St., Suite 4500 | 456 Carondelet Street |
| Houston, TX 77010 | New Orleans, Louisiana 70130 |
| Phone: (713) 951-3700 | Phone: (504) 581-3200 |
| Fax: (713) 951-3720 | Fax: (504) 581-3361 |

*Attorneys for Cameron International Corporation*

---

[2] Halliburton's statement that it "opposes Cameron's motion to the extent it suggests that Stevick is not qualified to offer opinions concerning the design of shear rams for a BOP" (Resp. at 50, n. 20) does not change the result. *See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) ("[T]he party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions ... are reliable.... The expert's assurances that he has utilized generally accepted scientific methodology is insufficient."). Halliburton's statement of opposition to Cameron's arguments regarding Dr. Stevick's qualifications is insufficient to establish that the withdrawn opinions are reliable under *Daubert*. *Id.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of February, 2012.

*/s/ David J. Beck* _____