UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

### [Regarding BP's Request for Gagliano Documents]

On February 9, 2011, Jesse Gagliano was number 24 on the parties' joint master deponent list. He was the highest ranking Halliburton employee on the list. His deposition was scheduled for April 4-5, 2011. Halliburton requested that the deposition be delayed. On May 11, 2011, he invoked the Fifth Amendment in response to all questions.

On January 13, 2012, Halliburton announced that Gagliano was waiving his Fifth Amendment privilege and requested that his deposition be rescheduled. BP argued that this was being done to gain an unfair strategic advantage over it and it would be prejudiced if Gagliano testified. For the reasons presented by Halliburton and Transocean, Gagliano was permitted to withdraw his Fifth Amendment privilege and testify.

On February 7 and 8, Gagliano testified. In a letter, dated February 15, 2012, BP requests production of:

1. The email notification from Halliburton's Viking system (including the April 19, 2010 notification) and all correspondence from the Broussard lab to Mr. Gagliano regarding the Macondo Well.

2. All Viking database entries for the Macondo Well project, including the testing under Requests Nos. 65112, 68156, 73909, and 81447.

  3. Gagliano's Macondo Well file folder, including handwritten notes.

In its letter, dated February 17, 2012, Halliburton objects that: (1) BP obtained substantial testimony regarding Viking, including how Gagliano would enter test parameters for a cement test so that the Broussard lab could run the test; (2) the parties negotiated what documents and witnesses would be produced for Viking in good faith; (3) these arrangements should not be ignored at the last minute before trial. BP submitted a reply dated February 17, 2012.

One of the most important witnesses for Halliburton was permitted to testify less than three weeks before the start of the trial. In these circumstances a last minute request for documents from BP is reasonable.

There are least some signs that document production may be incomplete. BP cites an email from Gagliano to BP concerning the cement blend for the well which BP produced as the recipient of the email, but which Halliburton did not produce even though Gagliano was the author of the email. The citation to this example illustrates that something might have slipped through the cracks. Considering the magnitude of this case and the fact that many tasks have been performed simultaneously, this is not unexpected.

Halliburton will be required to produce the three categories of documents. If the documents have been produced, it shall identify where they were produced by reference to Bates numbers. If it cannot find the documents, it shall report that, after a diligent search, it was unable to locate the documents. Halliburton and BP shall meet-and-confer on a deadline for the production. This deadline shall take into account the fact that BP will require the response at a reasonable period in advance of the testimony of Gagliano at the trial.

For the reasons presented by BP,

2

IT IS ORDERED that: (1) its request that Halliburton produce three categories of documents is GRANTED as provided herein; (2) any appeal of this order shall be taken by **noon on Wednesday, February 22, 2012**.

New Orleans, Louisiana, this 18th day of February, 2012.

                                        **SALLY SHUSHAN**
                                        **United States Magistrate Judge**