# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig            MDL NO. 2179
     "Deepwater Horizon" in the Gulf
     of Mexico, on April 20, 2010          SECTION J

Applies to: *All Cases*                      JUDGE BARBIER
                                                                 MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding Cameron's Motion *in Limine* to Exclude Warning
Opinions of PSC Expert Gregg S. Perkin (Rec. doc. 5360)]**

On January 31, 2012, an order was issued regarding BP's motion *in limine* to preclude expert opinion testimony not disclosed in the expert's Fed. R. Civ. P. 26(a) written report. The only issue was whether the testimony was within the four corners of the expert's report. Rec. doc. 5505 at 1, n. 1. BP cited the deposition of Gregg Perkin, a PSC expert on BOP issues. At the conclusion of Perkin's deposition, he used the word "reckless" to describe an oilfield practice. He did not use the work "reckless" in his report but its use was consistent with the remainder of his report and was not outside the four corners of his report. The Court reaffirmed its prior orders restricting expert opinion to the four corners of the expert's written report. Rec. doc. 5505.

Perkin's report was dated August 26, 2010.[1] With the exception of the last finding, each finding contains a statement about BP management. For example, "BP management misrepresented data to the Minerals Management Service. . . . "[2] Findings number 7 and 8 state that "BP and Transocean Management" failed to test the BOP or ignored safety concerns. The only mention of Cameron is in finding 13, in which Cameron is referred to as the original equipment manufacturer

---

[1] He did not submit a supplemental report or a rebuttal report. The report contains nineteen findings.

[2] See finding number 3.

in the context of the statement that BP management failed to provide a backup control system which was available from Cameron. The word "warning" does not appear in any of the findings.

At his deposition, Perkin offered opinions that Cameron failed to provide adequate warnings concerning purported operational limitations of the BOP. Cameron contends that these "warning opinions" go beyond the four corners of the Perkin's report. The PSC contends that Perkin's report includes opinions that Cameron failed to warn concerning the BOP's limitations. It cites page 61 of the appendices of the report:

> Cameron knew a problem existed with the SBR ram blades by 2004, namely, that wellbore materials outside the cutting blades would not be cut. Cameron did not provide any warnings or instructions regarding this problem. Cameron took the position that BP and Transocean knew of this characteristic, and could have upgraded, had they chosen to do so.

Rec. doc. 5597 at 2.[3]

The PSC also contends that it was not able to depose Cameron representatives (Ed Gaude and Richard Coronado) until after it submitted Perkin's report, but it does not explain why it did not seek leave to supplement Perkin's report after the testimony from these Cameron representatives or why a rebuttal report was not submitted.

The PSC contends that the Court's ruling on the use of the word "reckless" demonstrates that Cameron's motion should be denied. It urges that the warning opinions are consistent with the remainder of Perkin's report.

For the reasons stated by Cameron, the language in the appendix is an insufficient disclosure of a duty to warn. The practical effect of denying Cameron's motion will be to render the four

---

[3] Perkin's second finding states that, "BP's management knew all of the capabilities and the limitations of the HORIZON's BOP before the blowout on April 20, 2010." Emphasis added. Cameron argues that the warning opinions are inadmissible under Fed. R. Evid. 402 and 403, because a manufacturer is not required to warn of risks already known to the user.

corners rule meaningless. This would precipitate arguments during the trial as to whether further opinions of an expert are implied by some language found at some point in a lengthy report and its appendices. The problem cited by the PSC with depositions of Cameron representatives occurring after the deadline for reports of experts is real. The Court has repeatedly granted relief from these deadlines and worked out procedures to avoid undue prejudice to other parties. The PSC did not seek such relief. Accordingly,

IT IS ORDERED that Cameron's motion *in limine* to exclude warning opinions of PSC Expert Gregg S. Perkin (Rec. doc. 5360) is GRANTED.

New Orleans, Louisiana, this 22nd day of February, 2012.

**CARL J. BARBIER**
**United States District Judge**