UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| Applies to:  All Cases<br>        2:10-cv-02771 | § § § § | MAG. JUDGE SHUSHAN |

HESI'S OBJECTIONS TO DEMONSTRATIVES
DESIGNATED BY OTHER PARTIES

Halliburton Energy Services, Inc. ("HESI") respectfully submits its Objections to Demonstratives Designated By Other Parties as follows:

**Previously Objected to Trial Exhibits Designated as Demonstratives:** The parties have designated numerous demonstratives that were designated as trial exhibits, including, but not limited to, figures of the Deepwater Horizon Accident Investigation Report (TREX-00001 and D37000), the Chief Counsel's Report (TREX-00986) and the Macondo Well Incident Transocean Investigation Report Volume I (TREX-04248).  HESI objects to the use of these documents as exhibits because they are inadmissible hearsay (FRE 802) and inadmissible expert opinions (FRE 702) as well as for the reasons articulated in the pending Motions in Limine concerning these documents.[1]  Furthermore, HESI objects to the inclusion of figures from the Chief Counsel's report pursuant to the Court's Order (Rec. Doc 5635) excluding that report from evidence.  HESI contends that demonstratives in this case should be based on evidence developed within this litigation and not derived from reports that are preliminary in nature or

---

[1] Rec. Doc. 4340-6, 4894, 4811, 4962, 4812, 4962 & 4515.

HESI'S OBJECTIONS TO DEMONSTRATIVES DESIGNATED BY OTHER PARTIES                      PAGE 1

incomplete. Because their source documents are inadmissible, these demonstratives lack foundation and do not assist in the presentation of evidence. As a result, these demonstratives should be excluded pursuant to the Court's discretion under FRE 611(a).

**General Objections:**

Sperry-Sun Blowups: HESI objects to any demonstrative or portion thereof that displays mud-logging data in a scale other than what Joe Keith used on April 20, 2010 as misleading.

Cement: HESI objects to any demonstrative or portion thereof that purports to demonstrate that the slurry used on the Macondo well was unstable based on testing of non-representative cement slurries as misleading. HESI also objects to as misleading, any demonstrative or portion thereof that represents it was conducted on "representative" materials that were not in fact representative of the Macondo-rig slurry.

Files not Provided: HESI reserves the right to later object to demonstratives that were not provided, or were provided in files that were corrupt or otherwise not able to be opened. This includes, but is not limited to D4003, D4004, D30050, D37018, D37019, D37020, D37023, D37030, D37037-D37041, and D15000. HESI reserves its right to object to demonstratives provided or modified subsequent to the February 15, 2012 deadline to provide demonstratives.

**Other Demonstratives:** In addition to the foregoing reasons, HESI also objects to the following demonstratives for the reasons set forth below.

D00001.001: The statement in this demonstrative that there is "no evidence" of potential flow through the annulus and casing lacks a factual basis and is misleading because it ignores the Olga modeling conducted by Morton Emilsen, and opined on by Kris Ravi.[2]

---

[2] TREX-63138.

**HESI'S OBJECTIONS TO DEMONSTRATIVES DESIGNATED BY OTHER PARTIES**  PAGE 2

D00001.037 and D00001.76: These demonstratives are misleading to the extent that they characterize a "typical" or "abnormal" flow-out reading. Given the various simultaneous operations occurring at the time of these readings, it is disingenuous to represent a "typical" flow-out or characterize another as "abnormal."

D00001.095: This demonstrative is misleading and lacks a factual basis. The alleged 500 tests conducted did not use the cement slurry from the Macondo well, nor even HESI's materials (lab stock or HESI additives) and therefore, they were not "representative" samples or tests.

D00001.105 – D00001.107, D00986.078, D4110A-D4112A, D30033 and D30048: These demonstratives are misleading to the extent that they display Sperry-Sun mud logging data at a scale different than viewed by Joe Keith on the Deepwater Horizon on April 20, 2010.

D00986.093: This demonstrative is misleading and contrary to the facts in the record in its statement that there was uncertainty regarding the availability of test data before the job.

D00986.241 and D37011: The use of information provided in this demonstrative is contrary to the Court's Order (Rec. Doc. 5810) regarding Joint Investigation Report and Government reports. Furthermore, it is misleading as it represents non-Macondo slurry tests as representative.

D4001: This demonstrative is misleading and lacks a factual basis for its assertions that HESI was responsible for "cement job evaluation." HESI was not hired to conduct the cement evaluation testing and had no involvement in the decision to forgo the cement bond log. BP retained Schlumberger for such purposes.

D4002: The use of information provided in this demonstrative contrary to the Court's Order (Rec. Doc. 5810) regarding Joint Investigation Report and Government reports.

D4257A-D4262A:   There is no evidentiary basis in the record to support this demonstrative.  The demonstrative appears to be based on the opinion of Fred Sabins, but the Court disqualified Sabins and struck his expert report.  BP's newly designated substitute expert, Ronald Crook, did not opine in support of the referenced method of failure in this demonstrative.

D4268-D4269 and D4288:   This demonstrative is irrelevant and misleading.  The March 7, 2010 tests using "Foamer 760" were *not* related to the Macondo well.

D4270:   The statement in this demonstrative that Bolado and Lewis find a 0.5 PPG difference in cement density variation "unacceptable" mischaracterizes their testimony.  David Bolado ("Bolado") testified that he had not seen the 0.5 PPG acceptable variability standard in Halliburton documentation or in the book entitled Well Cementing by Eric Nelson.[3]  Simply because he did not remember such a standard in these sources does not equate to him finding such a standard unacceptable.  As such BP's characterization of his testimony is fallacious.  Similarly, Samuel Lewis ("Lewis") testified that he was not aware of this acceptable variation (*i.e.* 0.5 PPG density variation) in Halliburton documentation.[4]  Again, characterizing Lewis' testimony as stating that the variation is "unacceptable" is false.  Lewis identified 0.5 variance acceptability as part of lab training[5], and Bolado indicated that not accepting a 0.5 PPG variance would surprise him.[6]  BP fails to attribute a source to any of its other overly broad representations in this demonstrative and as a result it should be struck in its entirety.

D4276:  The use of information provided in this demonstrative violates the Court's Order (Rec. Doc. 5810) regarding Joint Investigation Report and Government reports.  Furthermore,

---

[3] Bolado Dep. at 291:6-13.
[4] Lewis Dep. at 503:5-10.
[5] Lewis Dep. at 505:2-15.
[6] Bolado Dep. at 299:8 - 300:1.

**HESI'S OBJECTIONS TO DEMONSTRATIVES DESIGNATED BY OTHER PARTIES**          **PAGE 4**

results are misleading because tests were conducted on non-representative samples which were not rig-samples, but furthermore were not HESI-sourced materials at all.

D21726, D21726.001, D4277: This demonstrative is objectionable for the same reasons as D4276, above. It is also misleading because the February 12th and 16th tests referenced therein, were pilot tests and not performed on the production design. As stated previously, the March 7th test is irrelevant as it relates to a test for an entirely different well. The April 13th test is an invalid test and its inclusion is misleading. Finally, this demonstrative is misleading because the record shows that the April 17th test was stable and this demonstrative asserts HESI deemed it unstable.

D4278-D4284: The statements attributed to Glen Benge are based on his review of Chevron and OTC testing which was stricken by the Court's Order (Rec. Doc. 5810). Use of Benge's testimony to back-door Chevron or OTC's testimony is similarly inadmissible and misleading to the Court. Furthermore, demonstrative D4284 is misleading because as CSI has admitted, it did not test HESI-sourced samples.[7]

D4289: This demonstrative is factually inaccurate and misrepresents testimony as to cement stability. Similar to demonstratives discussed above, it contains information regarding Chevron and OTC cement testing which have been excluded to the Court's Order (Rec. Doc. 5810).

Dated: February 22, 2012.

---

[7] TREX-00002 at 54-87.

**HESI'S OBJECTIONS TO DEMONSTRATIVES DESIGNATED BY OTHER PARTIES**   **PAGE 5**

1866868 v3-24010/0002 PLEADINGS

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
FHartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
GHill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Halliburton Energy Services, Inc.'s Objections to Demonstratives Designated by Other Parties was filed electronically with the Clerk of the Court using the CM/ECF system and that notice of this filing will be sent to all counsel through the CM/ECF system on this 22nd day of February 2012.

/s/ Donald E. Godwin
Donald E. Godwin