UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>THIS DOCUMENT APPLIES TO:<br>ALL CASES | MDL No. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**TRANSOCEAN'S OPPOSITION TO
DONALD VIDRINE'S MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER
GRANTING IN PART AND DENYING IN PART TRANSOCEAN'S
MOTION TO COMPEL DEPOSITION TESTIMONY OF DONALD VIDRINE**

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean") and file this opposition to Donald Vidrine's Motion to Review Magistrate Judge's Order Granting In Part And Denying In Part Transocean's Motion to Compel Deposition Testimony of Donald Vidrine. [Rec. Docs. 5861 & 5757].  Magistrate Judge Shushan's analysis of the facts and law surrounding this dispute and resulting Order was neither contrary to law nor clearly erroneous. As a result, Mr. Vidrine's Motion is without merit and Magistrate Judge Shushan's Order appointing Dr. Rennie Culver to examine Mr. Vidrine should remain undisturbed.

**I.     BACKGROUND**

Mr. Vidrine was the BP Well Site Leader on duty at the time of the *Deepwater Horizon* blowout.  He possesses critical information regarding the negative pressure test and the BP operations and decisions made in the final hours before the incident.  For example, Mr. Vidrine has direct knowledge of his phone conversation with BP drilling engineer Mark Hafle regarding

the differential pressures seen during the negative pressure test, and BP's decision to continue with temporary abandonment and displacement operations despite Mr. Hafle's statement that the observed differential pressures were not possible with a successful negative test.

From the outset of discovery, the parties have sought to depose Mr. Vidrine. Mr. Vidrine has steadfastly refused to appear for a deposition, citing an alleged medical condition. In late 2011, a report summarizing a medical examination performed by Dr. Bob Winston, ostensibly Mr. Vidrine's physician in Lafayette, LA, was submitted to the Court for *in camera* review. Dr. Winston's report has not been made available to the other parties, and he has not been deposed.

On February 12, 2012, Transocean filed its Motion to Compel Deposition Testimony of Donald Vidrine. [Rec. Doc. 5656 and attachments attached hereto as Ex. A]. Mr. Vidrine subsequently filed an opposition and a Motion to Quash the deposition. [Rec. Doc. 5674]. After reviewing the merits, Magistrate Judge Shushan issued an Order granting Transocean's Motion to Compel in part and requiring Mr. Vidrine to submit to an independent medical examination by Dr. Rennie Culver, a court-appointed physician. [Rec. Doc. 5681 attached hereto as Ex. B].

By letter brief dated February 16, 2012, Mr. Vidrine filed a Motion to Reconsider before Magistrate Judge Shushan, and Transocean subsequently filed its opposition. [Attached hereto as Ex. C]. Mr. Vidrine's Motion to Reconsider is currently pending before the Court. On February 20, 2012, Mr. Vidrine submitted the current Motion to Review. [Rec. Doc. 5757].

## II.   STANDARD OF REVIEW

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." *Id.* The Fifth Circuit has stated that the

statute specifically requires the district court to apply the "clearly erroneous" standard when reviewing a magistrate judge's ruling on a non-dispositive, pretrial motion such as a discovery motion. *Bass v. Nabors Offshore Corp.*, 2001 WL 815601 (E.D. La. July 18, 2001). In this instance, Magistrate Judge Shushan's analysis and Order were neither contrary to law nor clearly erroneous.

### III.    LAW AND ARGUMENT

The purpose of discovery is to provide the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement. *Ferko v. Natl. Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 132 (E.D. Tex. 2003). Your Honor and Magistrate Judge Shushan have created a process for discovering fact testimony in this complex litigation. During this process, Mr. Vidrine's medical status has been constantly addressed at the weekly working group conferences. Many other parties and essential fact witnesses also had issues that were addressed during this process. Those individuals were under the same circumstances and likely suffered from similar medical issues following the events of April 20, 2010. Yet, all of those witnesses had two options: (1) invoke their constitutional privilege under the 5th amendment or (2) submit to the Court's discovery process. Mr. Vidrine has skirted this system by shielding himself behind an alleged medical condition confirmed only by his own treating physician. Although, Mr. Vidrine attempts to disguise this dispute as purely technical in nature, the real issue underlying this dispute is one of fundamental fairness and adherence to the federal rules. The federal rules and applicable case law simply do not allow a critical eye-witness and party to unilaterally exempt himself from discovery.[1]

---

[1] It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). Furthermore, a party is not entitled to quash the deposition merely because he or she may be incompetent to testify at trial. *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 93 (N.D. Tex. 1994).

Transocean now addresses Mr. Vidrine's arguments as presented in his Motion to Review. First, Mr. Vidrine argues that he is not subject to mental examination because he is not a party as required by Rule 35. Mr. Vidrine's argument is without merit – he is a party. Rule 35(a) permits a court to order a party whose mental of physical condition is in controversy to submit to a mental or physical examination. *See* Fed. R. Civ. P. 35. Mr. Vidrine is a named defendant in *Louisiana State, ex rel Plaquemines Parish School Board v. BP P.l.C. et al*, No. 2:11-cv-00348, which was removed to the Eastern District of Louisiana and assigned to this Court on February 11, 2011.[2] Contrary to Mr. Vidrine's statements that No. 2:11-cv-00348 is not part of MDL-2179, the case was automatically consolidated with MDL-2179 when it was removed by virtue of Pretrial Order No. 1 entered on August 10, 2010:

> Any "tag-along" actions later filed in, removed to or transferred to this Court, or directly filed in the Eastern District of Louisiana, ***will automatically be consolidated with this action without the necessity of future motions or order.***

Pretrial Order No. 1, at p. 3 of 19 (emphasis added). Further, the record clearly establishes that No. 2:11-cv-00348 is a Bundle C (local government entity) complaint [Pretrial Order No. 33], and this matter has been consistently litigated as such by the parties.[3]

---

The right to depose a witness and the right to use that testimony in court are separate and distinct. *See United States v. International Business Machines Corp.*, 90 F.R.D. 377, 381 n. 7 (S.D.N.Y.1981); *Bucher*, 160 F.R.D. at 93. The discovery rules expressly provide that the information sought need not be admissible at trial if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Bucher,* 160 F.R.D at 93. Mr. Vidrine's medical or mental capacity is not an issue of discoverability, but one of competence and credibility. *U.S. v. Gonzalez-Maldonado*, 115 F.3d 9, 15-16 (1st Cir. 1997) (noting that in criminal cases, a witness' mental state can be relevant to the witness' credibility). Because this is a bench trial, the admissibility and credibility of Mr. Vidrine's testimony can be weighed by Your Honor without fear of misleading the trier of fact.

[2] See Notice of Removal attached hereto as Ex. D. The Docket Report for Civil Action No. 2:11-cv-00348 identifies 2:10-md-02179-CJB-SS as the lead case.

[3] *See e.g.* Plaintiff Plaquemines Parish School Board's Memorandum in Opposition to PSC's Request for Court Supervised Account and Reserve for Common Benefit Litigation Expenses (the caption indicates that "This Document relates to Pleading Bundle C") [Rec. Doc. 5032].

Second, Mr. Vidrine argues that Magistrate Judge Shushan's Order is procedurally defective because pursuant to Rule 35, he was not afforded notice and an opportunity to be heard. Mr. Vidrine's argument is without merit. Rule 35 permits an order requiring a party to submit to a physical or mental examination on a motion for good cause and on notice to all parties and the person to be examined. *See* Fed. R. Civ. P. 35. Since the inception of discovery, Mr. Vidrine has continued to invoke his medical condition as reason why he cannot be deposed, including submitting his personal physician's medical report to the Court for in camera inspection. In that context, Transocean issued a deposition subpoena to Mr. Vidrine and followed up with its Motion to Compel. [Rec. Doc. 5656 and Ex. A]. Mr. Vidrine then filed his opposition maintaining that he is unable to give deposition testimony due to his medical condition. [Rec. Doc. 5674]. Mr. Vidrine was provided adequate notice and an opportunity to oppose Transocean's motion, and upon a review of the merits, Magistrate Judge Shushan obviously found Transocean had demonstrated good cause and granted Transocean's motion in part. [Rec. Doc. 5681]. Mr. Vidrine's claim of a procedural defect is simply one of smoke and mirrors, and Magistrate Judge Shushan's actions and Order were well within the procedural framework of Rule 35.

Third, Mr. Vidrine argues that it will be a "wholesale" waiver of his medical privilege to submit to a court-appointed examination. This argument lacks merit because when Mr. Vidrine placed his medical condition at issue, Mr. Vidrine waived any psychotherapist-patient privilege that may have applied. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Vasconcellos v. Cybex Intern., Inc.*, 962 F. Supp. 701, 708 (D. Md. 1997). Transocean did not interject Mr. Vidrine's mental health into this dispute, Mr. Vidrine did. Moreover, any

5

confidentiality concerns regarding Mr. Vidrine's medical records or Dr. Culver's evaluation can be addressed by Court Order and specifically preclude their use in related or other proceedings.

Finally, Mr. Vidrine argues that by submitting his medical records, he will have waived his psychotherapist-patient privilege with respect to other proceedings. As set forth above, the Court may accept the records and make clear in an Order that Mr. Vidrine is complying with the Orders of the Court without waiving any privilege that may apply in other proceedings, including Macondo-related criminal actions.[4]

## IV. CONCLUSION

Magistrate Judge Shushan's analysis of the facts and law surrounding this dispute and resulting Order were neither contrary to law nor clearly erroneous. Therefore, Magistrate Judge Shushan's Order appointing Dr. Rennie Culver to examine Mr. Vidrine should remain undisturbed, and Mr. Vidrine's motion should be denied.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

---

[4] Moreover, in support of his argument, Mr. Vidrine cites to a criminal commitment proceeding where the Court determined that the defendant waived his psychotherapist-patient privilege by <u>not objecting</u> to a court-appointed examiner. *See U.S. v. Turner*, 2012 WL 27425 at \*1 (E.D.N.C. 1/4/2012). In this instance, Mr. Vidrine <u>has objected</u> to the examination and will suffer no future prejudice since Transocean does not seek to admit the actual statements made but rather seeks to determine Mr. Vidrine's ability to give testimony.

kent.sullivan@sutherland.com

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

-and-

By: /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

7

*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller