UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>THIS DOCUMENT APPLIES TO:<br>ALL CASES | MDL No. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

## TRANSOCEAN'S MOTION TO COMPEL DEPOSITION TESTIMONY OF DONALD VIDRINE

**NOW INTO COURT,** through undersigned counsel come Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean") who respectfully move this Honorable Court to compel the deposition testimony of Donald Vidrine, for the reasons set forth in the accompanying memorandum in support.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
kent.sullivan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)



EXHIBIT A

Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

-and-

By: ___/s/ Brad D. Brian___
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Triton Asset Leasing GmbH,
Transocean Holdings LLC, Transocean*

*Offshore Deepwater Drilling Inc. and
Transocean Deepwater Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 12, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J. Miller

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010<br><br>THIS DOCUMENT APPLIES TO:<br>ALL CASES | MDL No. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

## MEMORANDUM IN SUPPORT OF TRANSOCEAN'S MOTION TO COMPEL DEPOSITION TESTIMONY OF DONALD VIDRINE

Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean") respectfully submit this Motion to Compel the Deposition Testimony of Donald Vidrine. Mr. Vidrine, BP's on-duty, *Deepwater Horizon* Well Site Leader at the time of the April 20, 2010 Macondo well blowout, is a key source of information regarding critical events and operations that occurred immediately prior to the blowout. To date, Mr. Vidrine has refused to testify by way of deposition or written discovery, citing medical-related problems. Mr. Vidrine's medical issues do not provide a legal basis for his refusal to testify. Thus, Transocean respectfully requests that the Court grant its motion to compel and order Mr. Vidrine to immediately appear for deposition.

### BACKGROUND

Mr. Vidrine was the BP Well Site Leader on duty at the time of the *Deepwater Horizon* blowout. He possesses critical information regarding the negative pressure test and the BP

1

operations and decisions made in the final hours before the incident. For example, Mr. Vidrine has direct knowledge of his conversation with BP drilling engineer Mark Hafle[1] regarding the differential pressures seen during the negative pressure test, and BP's decision to continue with temporary abandonment and displacement operations despite Mr. Hafle's statement that the observed differential pressures were not possible with a successful negative test.

Even though Mr. Vidrine is a key fact witness and the possessor of critical knowledge surrounding the April 20 events, he has steadfastly refused to participate in discovery or testify, indicating that he is medically unfit to do so. Mr. Vidrine has not raised his Fifth Amendment rights.

In late 2010, a report summarizing a medical examination performed by Dr. Bob Winston, ostensibly Mr. Vidrine's physician in Lafayette, LA, was submitted to the Court for *in camera* review. Dr. Winston's report has not been made available to the other parties, and he has not been deposed.

On February 6, 2012 Transocean served a trial subpoena on Mr. Vidrine at his residence in Lafayette, LA.[2] In response to the subpoena, Mr. Vidrine's personal counsel indicated in email correspondence to the Court that it is still Mr. Vidrine's position that he is medically unfit to testify in person or by written discovery.[3]

On February 10, 2012, Transocean served a deposition and document production subpoena on Dr. Winston (at his medical office in Lafayette, LA), requesting that he appear for deposition and produce documents at the law offices of Preis & Roy in Lafayette, LA on Friday, February 17, 2012. On February 11, 2012 Transocean served a deposition subpoena on Mr.

---

[1] Mr. Hafle has raised his Fifth Amendment rights.
[2] Attached hereto as Exhibit A.
[3] February 9, 2012 correspondence attached hereto as Exhibit B.

2

Vidrine (at his residence in Lafayette, LA), requesting that he appear for deposition at the law offices of Preis & Roy in Lafayette, LA on Friday, February 17, 2012. [4]

## ARGUMENT

### I. Regardless of his medical condition, Mr. Vidrine must provide deposition testimony.

It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error. *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). Furthermore, a party is not entitled to quash the deposition merely because he or she may be incompetent to testify at trial. *Bucher v. Richardson Hosp. Auth.*, 160 F.R.D. 88, 93 (N.D. Tex. 1994). The right to depose a witness and the right to use that testimony in court are separate and distinct. *See United States v. International Business Machines Corp.*, 90 F.R.D. 377, 381 n. 7 (S.D.N.Y.1981); *Bucher*, 160 F.R.D. at 93. The discovery rules expressly provide that the information sought need not be admissible at trial if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Bucher,* 160 F.R.D at 93.

There is no doubt that the information sought from Mr. Vidrine is "reasonably calculated to lead to the discovery of admissible evidence," as required by Rule 26. And, as set forth above, the case law simply does not support Mr. Vidrine's contention that his medical condition excuses him from discovery in this case.

Moreover, Mr. Vidrine's medical or mental capacity is not an issue of discoverability, but one of competence and credibility. *U.S. v. Gonzalez-Maldonado*, 115 F.3d 9, 15-16 (1st Cir. 1997) (noting that in criminal cases, a witness' mental state can be relevant to the witness' credibility). Because this is a bench trial, the admissibility and credibility of Mr. Vidrine's testimony can be weighed by Judge Barbier without fear of misleading the trier of fact.

---

[4] Attached hereto as Exhibits C and D.

**II. Vidrine has waived any medical privilege that may have protected his medical records or Dr. Bob Winston's report.**

On matters which are governed by federal substantive law, the federal courts apply a federal law of privilege, either as prescribed by statute or as fashioned from "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." While federal law does not recognize a physician-patient privilege, it does recognize a psychotherapist-patient privilege as to communications between a patient and a licensed psychotherapist in the course of diagnosis or treatment. *Jaffe v. Redmond*, 518 U.S. 1, 10-11, (1996); *United States v. Quorum Health Resources*, 1999 WL 7900, at *2 (E.D. La. Jan. 6, 1999); *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 925-926 (7th Cir. 2004). The party asserting a privilege has the burden to demonstrate that the privilege exists under the circumstances presented. *James v. Harris County*, 237 F.R.D. 606, 609 (S.D. Tex. 2006). Mr. Vidrine has so far failed to demonstrate that the privilege attaches under the circumstances presented in this case.

Importantly, a patient may waive the psychotherapist-patient privilege when the patient places his or her medical condition at issue. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Vasconcellos v. Cybex Intern., Inc.*, 962 F. Supp. 701, 708 (D. Md. 1997). By refusing to participate in discovery or testify at trial, and by basing that refusal on his mental or other medical condition, Mr. Vidrine has placed his condition at issue in this case and has waived any psychotherapist-patient privilege that may have applied.

**III. Any privacy concerns surrounding Mr. Vidrine's medical records can be allayed by the use of appropriate protective orders.**

Transocean has no desire to publicize any medical or mental health conditions from which Mr. Vidrine may suffer. To that end, Transocean asserts that Mr. Vidrine's medical

records and any testimony by Mr. Vidrine or Dr. Winston related thereto, can be protected pursuant to Pre-Trial Order 13 (Rec. Doc. No. 641). And, even if PTO 13 is not applicable to personal medical records, Transocean consents to the entry of an appropriate protective order to protect Mr. Vidrine's health information from public dissemination.

## CONCLUSION

Based on the foregoing, Transocean respectfully requests that the Court issue an order compelling Mr. Vidrine to appear for deposition prior to trial and fully respond pursuant to Transocean's February 6, 2012 and February 11, 2012 subpoenas. Alternatively, Transocean respectfully requests that if the Court is not inclined at this time to require Mr. Vidrine to testify, that the Court compel Mr. Vidrine's physician, Dr. Bob Winston, to appear for deposition pursuant to Transocean's February 10, 2012 subpoena.

Respectfully submitted,

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com
kent.sullivan@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By: /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501

Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

-and-

By: /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc. and Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/ Kerry J. Miller

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
in the Gulf of Mexico, on April 20, 2010

| | |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:10-MD-02179-CJB-SS |
| BP, et al | ) |
| *Defendant* | ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Donald J. Vidrine
104 Pierret Drive, Lafayette, Louisiana 71486

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Eastern District of Louisiana 500 Poydras Street New Orleans, LA 70130 | Courtroom No.: Judge Barbier - Room C268 |
|---|---|
| | Date and Time: February 27, 2012 through the conclusion of Transocean's case in the Phase I trial. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __02/03/2012__

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Transocean____
____(Triton Asset Leasing GmbH, et al)____ , who issues or requests this subpoena, are:
Paul C. Thibodeaux of Frilot LLC, 1100 Poydras Street, Suite 3700, New Orleans, LA 70163, pthibodeaux@frilot.com, (504) 813-2170.

Exhibit A

AO 88 (Rev.06/09) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 2:10-MD-02179-CJB-SS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* DONALD J VOORHIES
was received by me on *(date)* 2/3/12.

☒ I served the subpoena by delivering a copy to the named person as follows: PERSONNEL SERVICE
_____ on *(date)* 2/6/12 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 2/6/12

_____
Walter Kinl
*Server's signature*

WALTER KINLA
*Printed name and title*

424 REALTY DR STE C GRETNA, LA 70056
*Server's address*

Additional information regarding attempted service, etc:

---- Original Message ----
From: Steve Herman [mailto:SHERMAN@hhkc.com]
Sent: Thursday, February 09, 2012 04:53 PM
To: Bob Habans <bobhab@bellsouth.net>
Cc: Miller, Kerry J.; Sally Shushan; CMaze@ago.state.al.us <CMaze@ago.state.al.us>; dsc2179@liskow.com <dsc2179@liskow.com>; Jim R; Mike Underhill; Mike O'Keefe; treyphillipsdwh@ag.state.la.us <treyphillipsdwh@ag.state.la.us>
Subject: Re: MDL 2179 - Trial Subpoenas - Don Vidrine

I apologize if I am speaking out of turn, and have admittedly not done any formal research, but it would seem to me that if someone uses his or her medical condition as a basis for avoiding a subpoena, then he or she has placed his medical condition at issue, and effectively waived the privilege.


Steve Herman
Cell: (504) 453-7462
E-Mail: sherman@hhkc.com


On Feb 9, 2012, at 4:40 PM, "Bob Habans" <bobhab@bellsouth.net> wrote:

> Respectfully, there is no "important case" exception to doctor-patient privilege.


   Bob Habans
   Habans & Carriere
   10843 N. Oak Hills Pkwy
   Baton Rouge, Louisiana 70810
>
> Office (225) 757-0225
   FAX (225) 757-0398
> Cell (985) 707-6400
>
   bobhab@bellsouth.net
>
> Confidentiality Notice: This email and any attachments are confidential and may be privileged. If you are not the intended recipient, do not review, disclose, copy, distribute or take any action in reliance on the contents of this information. If you have received this email in error, notify sender by return email that you have received it and then delete it.
> Thank you
>
>
>
   Original Message-----
   From: Miller, Kerry J. [mailto:kmiller@frilot.com]
> Sent: Thursday, February 09, 2012 3:48 PM
> To: 'bobhab@bellsouth.net'; Sally Shushan
> Cc: 'CMaze@ago.state.al.us'; 'dsc2179@liskow.com'; Jim R; Mike Underhill; Mike O'Keefe; Steve Herman; 'treyphillipsdwh @ag.state.la.us'
> Subject: Re: MDL 2179 - Trial Subpoenas - Don Vidrine
>

**Exhibit B**

> We will promptly file a motion to compel the deposition of Don Vidrine's doctor. Such a critical witness (Don Vidrine) in such an important case should not be insulated from discovery based on words alone from his lawyer and a "confidential" letter from a Lafayette, Louisiana psychiatrist.
>
> Original Message ---
> From: Bob Habans [mailto:bobhab@bellsouth.net]
> Sent: Thursday, February 09, 2012 03:35 PM
> To: Sally Shushan; Miller, Kerry J.
> Cc: CMaze@ago.state.al.us <CMaze@ago.state.al.us>; dsc2179@liskow.com
> <dsc2179@liskow.com>; Jim R; Mike Underhill; Mike O'Keefe; Steve
>   Herman; treyphillipsdwh@ag.state.la.us
> <treyphillipsdwh@ag.state.la.us>
> Subject: RE: MDL 2179 - Trial Subpoenas - Don Vidrine
>
> Judge Shushan:
   I was out of the state for two days and only now have an opportunity to respond on behalf of Mr. Don Vidrine to your email (February 8, 2012).
   Pre-Trial Order No. 13 seems to be issued "to prevent competitive injury" and "commercial harm" ... "among persons and entities ... commercially adverse ... in the marketplace." It has no application to the doctor- patient and health care provider-privilege as suggested by Transocean, in its effort to conduct discovery of confidential and privileged medical information.
> On behalf of Mr. Vidrine, we assert all rights and privileges he may have under the F.R.E., the Louisiana Code of
  Evidence and HIPAA, and respectfully claim his right to doctor-patient confidentiality.

   Mr. Vidrine is not a personal injury plaintiff and no valid exception may be claimed, in good faith, in an attempt to vitiate his privilege.
   If those parties who seek to violate Mr. Vidrine's privilege intend to move forward with this effort, I request that they submit a motion , backed by whatever authority that rely upon, and that I be served with that motion and afforded sufficient time to respond. I also request oral argument to address these matters.
> This Court has previously recognized the confidentiality of Mr. Vidrine's medicals by filing them under seal when the Court sought to review them. For medical reasons, Mr. Vidrine has been excused from attending a deposition and not required to answer written interrogatories. Also, on January 23, 2012, this Court ordered that Mr. Vidrine's name be removed from a final, Master List of fact witnesses to be prepared by one of the parties.
   Mr. Miller saw fit to include this statement in his email to the Court on February 7: " Transocean's process server personally served Mr. Vidrine, and reported that Mr. Vidrine appeared to be emotionally and physically fine." I trust that the ridiculousness of that offer of a medical diagnosis by a process server does not require a response.
   Respectfully,
   Bob Habans
   Habans & Carriere
   10843 N. Oak Hills Pkwy
   Baton Rouge, Louisiana 70810
>
> Office (225) 757-0225
  FAX (225) 757-0398
> Cell (985) 707-6400
>
  bobhab@bellsouth.net
>
> Confidentiality Notice: This email and any attachments are confidential and may be privileged. If you are not the intended recipient, do not review, disclose, copy, distribute or take any action in reliance on the contents of this information. If you have received this email in error, notify sender by return email that you have received it and then delete it.
> Thank you.

> 
>     Original Message----
>     From: Sally_Shushan@laed.uscourts.gov
>     [mailto:Sally_Shushan@laed.uscourts.gov]
> Sent: Wednesday, February 08, 2012 6:14 AM
> To: Miller, Kerry J.
> Cc: 'bobhab@bellsouth.net'; 'CMaze@ago.state.al.us'; 'dsc2179@liskow.com'; Jim R; Mike Underhill; Mike O'Keefe; Steve Herman; 'treyphillipsdwh@ag.state.la.us'
> Subject: Re: MDL 2179 - Trial Subpoenas - Don Vidrine
>
> All: Please let us know if there is any objection to Kerry's plan
> outlined below. Thanks,
> > > >
> Sally Shushan
> 504 589 7620 work
> 504 881 9861 cell


     From: "Miller, Kerry J." <kmiller@frilot.com>
> To: Steve Herman <SHERMAN@hhkc.com>, "'dsc2179@liskow.comm
     <dsc2179@liskow.com>, Mike Underhill
     <mike.underhill@usdoj.gov>, "'CMaze@ago.state.al.us'"
     <CMaze@ago.state.al.us>, "Veyphillipsdwh@ag.state.la.us'"
     <treyphillipsdwh@ag.state.la.us>
> Cc: Jim R <jimr@wrightroy.com>, Sally Shushan
     <Sally_Shushan@laed.uscourts.gov>, Mike O'Keefe
     <Mike_OKeefe@laed.uscourts.gov>, "'bobhab@bellsouth.ner
     <bobhab@bellsouth.net>
     Date: 02/07/2012 12:38 PM
> Subject: Re: MDL 2179 - Trial Subpoenas - Don Vidrine
>
>
     Dear Magistrate Shushan,
>
> This letter is meant to bring to the Court's attention current developments regarding Transocean's intent to pursue the deposition and/or trial testimony of Don Vidrine.

Mr. Vidrine was the BP Well Site Leader on duty at the time of the Deepwater Horizon blowout. He alone possesses key information regarding the negative pressure test and the BP operations and decisions made in the final hours before the incident. For example, Mr. Vidrine has direct and unique knowledge of his conversation with BP drilling engineer Mark Hafle regarding the differential pressures seen during the negative pressure test, and BP's decision to continue with temporary abandonment and displacement operations despite Mr. Hafle's statement that the observed differential pressures were not possible with a successful negative test.

> To date, Mr. Vidrine has not been deposed in the case and has not raised his 5th Amendment rights. Rather, Mr. Vidrine has refused to testify, citing medical issues which were disclosed to the Court under seal.

> On February 6, Transocean served a trial subpoena on Don Vidrine at his residence in Lafayette, LA. Transocean's process server personally served Mr. Vidrine, and reported that Mr. Vidrine appeared to be emotionally and physically fine.

In response to the subpoena, Mr. Vidrine's personal counsel, Bob Habens, contacted counsel for Transocean to inquire regarding whether Transocean planned to pursue Mr. Vidrine's testimony at trial. It is Transocean's understanding that it is still Mr. Vidrine's position that he is medically unfit to testify in person or by written discovery.

In light of Mr. Vidrine's position, Transocean intends to depose Mr.
> Vidrine's treating physician, Dr. Bob Winston. Transocean has requested that Mr. Vidrine voluntarily release his medical records and cooperate with the deposition of Dr. Winston, and it is Transocean's position that Pre-Trial Order 13 (Rec. Doc. No. 641) and the confidentiality structure set forth therein is sufficient to address any doctor-patient confidentiality concerns. Counsel for Mr. Vidrine indicated that he is willing to review PTO 13 and consider Transocean's requests.
>
> While at this time Transocean and counsel for Mr. Vidrine are working to address these issues, Transocean is bringing this issue before the Court so that in the event an amicable resolution is not achieved, the Court will be apprised of the issues when Transocean seeks a Court order compelling the deposition testimony of Dr. Winston (and the production of Mr. Vidrine's medical records) and the deposition and/or trial testimony of Mr. Vidrine.
> >
> >
> From: Steve Herman [mailto:SHERMAN@hhkc.com]
> Sent: Tuesday, February 07, 2012 11:54 AM
> To: dsc2179@liskow.com <dsc2179@liskow.com>; Mike Underhill; 'Maze, Corey'
> <CMaze@ago.state.al.us>; Trey Phillips
  (treyphillipsdwh@ag.state.la.us) <treyphillipsdwh@ag.state.la.us>
> Cc: Jim R; Sally Shushan; Mike O'Keefe
> Subject: MDL 2179 - Trial Subpoenas
>
> See attached DRAFT chart of Trial Subpoenas which have been served. If there are any additional, please let me know. (If you sent me an e-mail with additional names, and I missed it, I apologize.) Thanks.
> > > Stephen J. Herman,
Esq.
  Herman Herman Katz & Cotlar LLP
> Cell: (504) 453-7462
> Office (direct): (504) 680-0554
  E-Mail: sherman@hhkc.com
> > > > > > CONFIDENTIAL ATTORNEY WORK PRODUCT
> This e-mail message contains confidential, privileged information
> intended solely for the addressee. Please do not read, copy, or
> disseminate it unless you are the addressee. If you have received it
> in error, please call us
  (collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.
>

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy, or disseminate it unless you are the addressee. If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:10-MD-02179_CJB-SS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* 2-10-12

☑ I served the subpoena by delivering a copy to the named individual as follows: Donald J. Vidrine (personal service) 104 Pierret Dr., Lafayette, LA
on *(date)* 2-11-12 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 2-11-12

*John Abdella*
Server's signature

John Abdella - Process Server
Printed name and title

P.O. Box 53434
Lafayette, La 70505
Server's address

Additional information regarding attempted service, etc:

*Return* (handwritten)

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

In Re: Oil Spill by the Oil Rig "Deepwater Horizon" )
In the Gulf of Mexico, on April 20, 2010 )
)
v. ) Civil Action No. 2:10-MD-02179_CJB-SS
)
BP, et al )
) (If the action is pending in another district, state where:
_____ )
*Defendant* ) )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Donald J. Vidrine
104 Pierret Drive, Lafayette, LA 71486

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Preis & Roy PLC<br>102 Versailles Blvd., Suite 400<br>Lafayette, LA 70501 | Date and Time:<br><br>02/17/2012 9:00 am |
|---|---|

The deposition will be recorded by this method: __Certified Court Reporter__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any and all documents in the possession of Mr. Vidrine relating to the Macondo well or April 20, 2010 Deepwater Horizon incident, post-incident BP related activities and employment, and post-incident medical issues, including but not limited to any journals, notes or other personal accounts relating to the Macondo well or April 20, 2010 Deepwater Horizon incident.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __02/10/2012__

CLERK OF COURT

OR _____ [signature]

_____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Transocean____ (Triton Asset Leasing GmbH, et al)_____, who issues or requests this subpoena, are:
Paul C. Thibodeaux of Frilot LLC, 1100 Poydras Street, Suite 3700, New Orleans, LA 70163, pthibodeaux@frilot.com, (504) 813-2170.

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" In the Gulf of Mexico, on April 20, 2010<br><br>v.<br><br>BP, et al<br><br>_Defendant_ | Civil Action No. 2:10-MD-02179_CJB-SS<br><br>(If the action is pending in another district, state where: ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Dr. Bob Winston
234 Rue Beauregard, Suite 100, Lafayette, LA 70508

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

All issues relative to Dr. Winston's evaluation, treatment, diagnosis and prognosis of Donald J. Vidrine and related medical records and other documents.

| Place: Preis & Roy PLC<br>102 Versailles Blvd., Suite 400<br>Lafayette, LA 70501 | Date and Time:<br>02/17/2012 9:00 am |
|---|---|

The deposition will be recorded by this method:   Certified Court Reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Any and all medical records, files, charts, notes, correspondence, prescriptions, diagnosis, and any other documents related to patient Donald J. Vidrine.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 02/10/2012

*CLERK OF COURT*

OR  _____

_Signature of Clerk or Deputy Clerk_        _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Transocean (Triton Asset Leasing GmbH, et al)  , who issues or requests this subpoena, are:
Paul C. Thibodeaux of Frilot LLC, 1100 Poydras Street, Suite 3700, New Orleans, LA 70163, pthibodeaux@frilot.com, (504) 813-2170.

Exhibit D

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:10-MD-02179_CJB-SS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* 2-10-12

☒ I served the subpoena by delivering a copy to the named individual as follows: Dr. Bob Winston, accepted by Brittany Thibodeaux, 234 Rue Beauregard, Ste. 100, Lafayette, La
on *(date)* 2-10-12; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 2-10-12

Annie Abdella
Server's signature

Annie Abdella - Process Server
Printed name and title

P.O. Box 53434
Lafayette, La 70505
Server's address

Additional information regarding attempted service, etc: