UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STATE OF LOUISIANA<br>*ex rel.* PLAQUEMINES PARISH<br>SCHOOL BOARD | * | CIVIL ACTION NO. _____ |
| VERSUS | * | |
| BP, PLC.; BP CORPORATION, NORTH AMERICA, INC.; BP COMPANY, NORTH AMERICA, INC; BP PRODUCTS NORTH AMERICA, INC.; BP AMERICA, INC.; BP EXPLORATION AND PRODUCTION, INC.; TRANSOCEAN, LTD.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN HOLDINGS, LLC; ANADARKO PETROLEUM CORPORATION; ANADARKO E&P COMPANY, LP; MOEX OFFSHORE 2007, LLC; BRIAN P. MOREL; RONALD W. SEPULVADO; DON J. VIDRINE; ROBERT KALUZA; LEE LAMBERT; JOHN GUIDE; MARK E. HAFLE; JAMES HARRELL; CURT KUTCHA; and JESSE GAGLIANO | *<br><br><br>*<br><br><br>*<br><br><br>*<br><br><br>* | JUDGE _____<br><br><br><br><br><br><br><br><br><br>MAGISTRATE JUDGE _____ |

-----------------------------------------------

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

Petitioners, BP Corporation North America Inc.; BP Company North America Inc.; BP Products North America Inc.; BP America, Inc.; and BP Exploration and Production Inc. (collectively referred to as "BP Entities"), Defendants in the captioned matter, appearing through undersigned counsel, respectfully represent that:

970054_1


EXHIBIT D

1.

BP Corporation North America Inc. is an Indiana corporation with its principal place of business in Warrenville, Illinois.

2.

BP Company North America Inc. is a Delaware corporation with its principal place of business in Warrenville, Illinois.

3.

BP Products North America Inc., is a Maryland corporation with its principal place of business in Houston, Texas.

4.

BP America, Inc., is a Delaware corporation with its principal place of business in Houston, Texas.

5.

BP Exploration & Production Inc., is a Delaware corporation with its principal place of business in Houston, Texas.

6.

The BP Entities are named defendants in the matter styled "State of Louisiana *ex rel.* Plaquemines Parish School Board versus BP, PLC, et al.," which bears docket no. 58-415 "B" and is now pending in the Twenty-Fifth Judicial District Court, for the Parish of Plaquemines, State of Louisiana (the "State Court Action").

7.

The named Defendants in the State Court Action are each of the BP Entities, as well as Transocean Ltd.; Transocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; Transocean Holdings, LLC; James Harrell; Curt Kuchta; BP, p.l.c.; Brian P. Morel; Ronald W. Sepulvado; Don J. Vidrine; Robert Kaluza; Lee Lambert; John Guide; Mark E. Hafle; Anadarko Petroleum Corporation; Anadarko E&P Company, LP; MOEX Offshore 2007, LLC; Halliburton Energy Services, Inc.; Halliburton Company; and Jesse Gagliano.

8.

The BP Entities first received notice of the State Court Action when BP America, Inc. received service thereof on or about January 14, 2011.

9.

This notice of removal is filed within thirty (30) days after service of the State Court Action on any of the BP Entities, in accordance with 28 U.S.C. §§ 1441 and 1446.

10.

In the State Court Action, the Plaintiff seeks damages arising from an incident beginning when: "On April 20, 2010, an explosion and fire occurred on the mobile offshore drilling rig *Deepwater Horizon* owned and operated by the corporate Transocean Defendants. The rig was operating under contract with the corporate BP Defendants to develop and produce BP's well at the Macondo Prospect, which was located in federal waters of the Gulf of Mexico, in the vicinity of Mississippi Canyon Block 252, under approximately five thousand feet of water" (the "Incident"). Petition ¶ III.

11.

The Plaintiff identifies the BP Entities as the owners of "a lease on the [Macondo] prospect granted by the United States Minerals Management Service" (the "Lease"). Petition ¶ III.

12.

The Lease is situated wholly on submerged lands. Petition ¶ III.

13.

The submerged lands covered by the Lease lie seaward and outside of the area of lands beneath navigable waters as defined in 43 U.S.C. § 1301.

14.

The Lease covers submerged lands of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control.

15.

The Lease is situated wholly on the Outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a).

16.

Accordingly, the Incident identified in the State Court Action arises out of an operation conducted on the Outer Continental Shelf which involves the exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf or which involves rights to such minerals.

17.

This Court therefore has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(a).

18.

This Court also has original subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under federal statutes, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331 *et seq*.

19.

This matter is removable under 28 U.S.C. § 1441, in that it is a civil action over which the United States District Court for the Eastern District of Louisiana has original subject matter jurisdiction under 43 U.S.C. § 1349 and 28 U.S.C. § 1331.

20.

The BP Entities hereby remove this matter to the United States District Court for the Eastern District of Louisiana.

21.

Each of the BP Entities and all properly named and served defendants expressly consent to this removal.

22.

This matter may be removed without regard to the citizenship or residence of the parties in accordance with 28 U.S.C. § 1441(b); nonetheless, the BP Entities affirmatively assert that none of the parties in interest properly joined, named and served as defendants is a citizen of the State in which the State Court Action has been brought.

23.

As a subdivision of a State, *see* Petition ¶ I, the Plaquemines Parish School Board does not partake of Eleventh Amendment immunity. *See, e.g., Vogt v. Board of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 690 (5th Cir. 2002) (quoting *Hess v. Port Auth. Trans-Hudson Corp.*,

513 U.S. 30, 47 (1994) ("cities and counties do not enjoy Eleventh Amendment immunity")). Even if this case is a proper representative action filed by Plaquemines Parish School Board as to the State of Louisiana, Eleventh Amendment immunity would still not apply. In that case, it would still remain true that the State of Louisiana had initiated this action as Plaintiff; accordingly, this is not a suit in law or equity, commenced or prosecuted *against* one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State, and the Eleventh Amendment to the United States Constitution does not apply.

24.

Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers, including the original petition, on file in the record of the State Court Action which are within the possession, custody and control of Defendants are attached.

25.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

26.

Undersigned counsel certifies that a copy of this Notice of Removal has been served upon the Plaintiff by and through its attorney of record.

27.

Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, is being filed with the Clerk of Court for the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana.

WHEREFORE, Petitioners BP Corporation North America Inc.; BP Company North America Inc.; BP Products North America Inc.; BP America, Inc.; and BP Exploration and

Production Inc., pray that the Twenty-Fifth Judicial District Court for the Parish of Plaquemines, State of Louisiana, proceed no further with the State Court Action, and that said action be removed from said court to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

s/ Paul Matthew Jones

| | |
|---|---|
| Donald R. Abaunza (Bar #2273) | Paul Matthew Jones (Bar #19641) |
| R. Keith Jarrett (Bar #16984) | April L. Rolen-Ogden (Bar #30698) |
| Don K. Haycraft (Bar #14361) | Stuart T. Welch (Bar #31359) |
| Jonathan A. Hunter (Bar #18619) | **LISKOW & LEWIS** |
| Mark D. Latham (Bar #19673) | 822 Harding Street |
| Robert E. Holden (Bar #6935) | Lafayette, LA 70503 |
| **LISKOW & LEWIS** | Telephone: (337) 232-7424 |
| 701 Poydras Street, Suite 5000 | Facsimile: (337) 267-2399 |
| New Orleans, LA 70139-5099 | |
| Telephone: (504) 581-7979 | *Attorneys for BP Corporation North America Inc.;* |
| Facsimile: (504) 556-4108 | *BP Company North America Inc.; BP Products* |
| | *North America Inc.; BP America, Inc.; and BP* |
| | *Exploration and Production Inc.* |

| | |
|---|---|
| Jeffrey Bossert Clark | Richard C. Godfrey, P.C. |
| Aditya Bamzai | J. Andrew Langan, P.C. |
| **KIRKLAND & ELLIS LLP** | Andrew B. Bloomer, P.C. |
| 655 Fifteenth Street, N.W. | **KIRKLAND & ELLIS LLP** |
| Washington, DC 20005 | 300 North LaSalle Street |
| Telephone: (202) 879-5960 | Chicago, IL 60654 |
| Facsimile: (202) 879-5200 | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |

*Of Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing **NOTICE OF REMOVAL** has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid, this 11th day of February, 2011.

s/ Paul Matthew Jones

-7-

970054_1