UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**CLEAN-UP RESPONDER DEFENDANTS' RESPONSE TO PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR LEAVE TO AMEND MASTER COMPLAINT**

The Clean-Up Responder Defendants[1] respectfully submit this response to the Plaintiffs' Steering Committee's ("PSC") Motion for Leave to Amend the B3 Master Complaint (Rec. Doc. 5718). The PSC's request to dismiss the B3 Master Complaint vis-à-vis the Clean-Up Responder Defendants <u>without</u> prejudice is simply another thinly veiled attempt to avoid and otherwise delay indefinitely the inevitable dismissal <u>with</u> prejudice of claims against private entities that responded to the DEEPWATER HORIZON oil spill subject to the direction and control of the United States of America. It would also completely frustrate the Court's well-founded plan for adjudicating the claims that individual plaintiffs have filed against the Clean-Up Responder Defendants, as reflected in Pretrial Order No. 11 (Rec. Doc. 569) and Magistrate Judge Shushan's Schedule for Limited B3 Discovery (Rec. Doc. 5000).

---

[1] O'Brien's Response Management, Inc. (incorrectly identified in the B3 master complaint as O'Brien Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

1

Accordingly, the Clean-Up Responder Defendants respectfully request that the PSC's motion be granted only in part, such that the claims against the Clean-Up Responder Defendants asserted in the Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 881) and the First Amended Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 1812) (together, the "B3 Master Complaint") be dismissed <u>with prejudice</u>, as set forth in the revised proposed order submitted with this response.  Alternatively, if the Court does not dismiss those claims with prejudice, the Court should simply deny the PSC's motion and allow the Clean-Up Responder Defendants to file their motions for summary judgment on May 18, 2012 as contemplated by the Schedule for Limited B3 Discovery.  Finally, in the event the Court allows the claims against the Clean-Up Responder Defendants contained in the B3 Master Complaint to be dismissed without prejudice at this time, the Clean-Up Responder Defendants request that the plaintiffs be ordered to pay the costs and attorneys' fees incurred by the Clean-Up Responder Defendants to date defending against those claims in accordance with well-settled law.

## **INTRODUCTION**

In Pretrial Order No. 11, the Court established the "B3" pleading bundle and ordered that "all claims related to post-explosion clean-up efforts . . . <u>will</u> be pled separately and uniformly in a Master Complaint."  (Rec. Doc. 569) (emphasis added).  Furthermore, in Pretrial Order No. 25, the Court ordered that "[a]ny individual plaintiff who is a named plaintiff in a case that falls within Pleading Bundle B1, B3, D1, or D2, or any combination thereof, is deemed to be a plaintiff in the applicable Master Complaint(s)" and that all "allegations, claims, theories of recovery and/or prayers for relief contained within . . . pre-existing petition[s] or complaint[s] are deemed to be amended, restated, and superseded by the allegations, claims, theories of recovery,

and/or prayers for relief in the respective Master Complaint(s »." (Rec. Doc. 983, at Paragraphs 4 & 5). Pretrial Order No. 25 also authorized plaintiffs to file short-form joinders adopting the allegations of the B3 Master Complaint. Thus, as a result of these Orders, <u>all</u> B3 claims against the Clean-Up Responder Defendants in this multidistrict litigation have been channeled into—and are governed by—the B3 Master Complaint. In other words, the B3 Master Complaint is the <u>only</u> operative pleading asserting B3 claims against the Clean-Up Responder Defendants; all short-form joinders are dependent upon it, and all individual lawsuits have been superseded by it.

On September 30, 2011, the Court issued its Order and Reasons (Rec. Doc. 4159)[2] granting in part and denying in part various motions filed by the Clean-Up Responder Defendants to dismiss the claims asserted against them in the B3 Master Complaint. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, 2011 WL 4575696 (E.D. La. 2011). In that decision, the Court recognized the viability of the Clean-Up Responder Defendants' derivative immunity and implied preemption arguments in the context of responding to an oil spill of national significance, but held that "[d]erivative immunity and preemption are not established on the face of the Complaint." *Id.* at *12. The Court noted, however, that the Clean-Up Responder Defendants' derivative immunity and implied preemption arguments "are preserved and may be re-asserted," *id.*, and set forth a clear roadmap for the Clean-Up Responder Defendants to follow in this regard: "[I]t seems at this point that if the facts revealed that the Clean-Up Defendants were using dispersants as directed by the federal government, then they would be entitled to derivative governmental immunity." *Id.* at *7

Shortly after the Court issued its decision, Magistrate Judge Shushan contacted the parties and directed them to put together a schedule for "limited B3 discovery" so that facts

---

[2] An Amended Order and Reasons was issued on October 4, 2011 (Rec. Doc. 4209).

pertaining to the key issues that the Court identified could be developed, thereby allowing the Clean-Up Responder Defendants to renew their derivative immunity and implied preemption arguments in an expeditious manner. Without objection from the PSC or anyone else, Magistrate Judge Shushan approved and entered an agreed schedule for such limited B3 discovery on November 3, 2011 (Rec. Doc. 4472), and that schedule was amended on December 23, 2011 (Rec. Doc. 5000). The Clean-Up Responder Defendants have been operating in good faith under that schedule by serving and responding to written discovery, producing documents on a rolling basis, and entering into joint stipulations of fact with the United States of America regarding issues relevant to the derivative immunity and implied preemption arguments. Under the current schedule, the Clean-Up Responder Defendants' motions for summary judgment on the issues of immunity and preemption are due to be filed on May 18, 2012.

## PATTERN OF DELAY BY THE PSC

The PSC's instant motion to dismiss the claims contained in the B3 Master Complaint against the Clean-Up Responder Defendants without prejudice cannot be viewed in a vacuum, but rather must be understood as only the most recent move in the PSC's ongoing effort to frustrate the adjudication of the B3 claims against the Clean-Up Responder Defendants.

As the Court may recall, over seven months ago the PSC asked the Court to "consider deferring the Phase Three issues . . . until some of the science on medical monitoring . . . issues has a little more time to mature." *See* PSC's Trial Plan Brief (June 4, 2011) (Rec. Doc. 2658), at pg. 11. Of course, as the Clean-Up Responder Defendants pointed out in response to that submission, the admission implicit in that request was that the PSC does not have sufficient evidence to support its claims against the Clean-Up Responder Defendants. *See* Trial Plan Memorandum Submitted by Certain Clean-Up Responder Defendants (June 6, 2011) (Rec. Doc.

2668), at pg. 2.  And as the Fifth Circuit recently noted, this state of affairs does not justify delay or leniency, but rather compels dismissal with prejudice.  *See Wells v. SmithKline Beecham Corp.*, 601 F.3d 375, 381 (5th Cir. 2010) ("Perhaps [the pharmaceutical drug at issue] is a cause of problem gambling, but the scientific knowledge is not yet there.  [Plaintiff] urges the law to lead science–a sequence not countenanced by *Daubert*.  And while the possibilities of their relationship properly spark concerns sufficient to warrant caution, the courts must await its result.").  For good reason, the Court ignored the PSC's request and scheduled the B3 claims for adjudication in Phase Three of its Trial Plan (Rec. Doc. 4083), to the extent that those claims survive summary judgment.

More recently, the PSC has refused to provide substantive responses to the joint written discovery served by the Clean-Up Responder Defendants pursuant to Magistrate Judge Shushan's Schedule for Limited B3 Discovery.  A copy of the PSC's responses is attached as Exhibit 1.  These boilerplate discovery responses make clear that the PSC simply does not want to bother with the Court-ordered limited B3 discovery at this time and would prefer to ignore it.[3]  The Clean-Up Responder Defendants have raised the PSC's discovery deficiencies with Magistrate Judge Shushan, *see* Rec. Doc. 5442, but preparation for the upcoming Phase One trial has understandably prevented the Court from taking up the matter.

---

[3] Most tellingly, the PSC failed to answer any of the Clean-Up Responder Defendants' Interrogatories. For example, in response to Interrogatories #2-4, which asked all B3 plaintiffs to identify any facts supporting the allegations contained in the B3 Master Complaint that BP (and not the federal government) controlled the clean-up operations, that the federal government did not authorize and direct all of the Clean-Up Responder Defendants' activities, and that the Clean-Up Responder Defendants violated the federal government's directives, the PSC simply answers by incorporating general objections. Similarly, in response to Interrogatories #5-18, which sought information about any specific B3 plaintiff that alleges to have been injured as a result of any Clean-Up Responder Defendant violating the federal government's directives, the PSC responds with boilerplate objections and language directing us to every single plaintiff profile form, short-form joinder, and plaintiff fact sheet that has been served to date.

Then at 9:12 p.m. on Sunday night, February 12, 2012, with the above discovery dispute still outstanding, the PSC e-mailed Magistrate Judge Shushan to request that "the existing B3 schedule be pushed back, if not vacated altogether." *See* Exhibit 2.  The Clean-Up Responder Defendants responded that night via e-mail.  *See* Exhibit 3.  Having not yet heard from the Court, and facing various upcoming deadlines in the Schedule for Limited B3 Discovery, the PSC now files its motion for leave to amend the B3 Master Complaint and dismiss the claims contained therein against the Clean-Up Responder Defendants without prejudice.

## B3 CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

The central purpose of the Court-ordered limited B3 discovery is to explore whether any plaintiffs have any evidence to support the allegations in the B3 Master Complaint relevant to the derivative immunity and implied preemption issues (e.g., whether the Clean-Up Responder Defendants acted without authorization from the federal government, whether they deviated from the instructions and directives of the federal government, and/or whether someone other than the federal government was in charge of the clean-up response).  The PSC's instant request to dismiss the B3 Master Complaint vis-à-vis the Clean-Up Responder Defendants without prejudice is simply another—albeit increasingly desperate—attempt to prolong an inevitable day of reckoning.

As reflected by the extensive Joint Stipulations entered into by the Clean-Up Responder Defendants and the United States of America, *see* Exhibit 4, and other evidence that has been developed over the last five months, the indisputable facts demonstrate that (i) the federal government was in charge of the response to the DEEPWATER HORIZON spill, (ii) the federal government validly conferred authority upon various of the Clean-Up Responder Defendants to conduct response operations, and (iii) no Clean-Up Responder Defendant exceeded the scope of

6

that authority during the response. These realities have already been set forth at length in Nalco's renewed motion (Rec. Doc. 5531), and would be further supported in the Clean-Up Responder Defendants' contemplated summary judgment motions. And if the Court were to grant those motions, the Clean-Up Responder Defendants would be completely dismissed from this multidistrict litigation by operation of the various Orders referenced above.

A dismissal of the claims against the Clean-Up Responder Defendants contained in the B3 Master Complaint without prejudice (as requested by the PSC) would short-circuit the Court's well-founded schedule designed to resolve all B3 claims against the Clean-Up Responder Defendants in an efficient fashion and would subject the Clean-Up Responder Defendants to further uncertainty and duplicative expenses. *See, e.g.*, *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) ("Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the court may, in its discretion, refuse to grant a voluntary dismissal [without prejudice]."). Indeed, if the PSC is allowed to dismiss the claims against the Clean-Up Responder Defendants without prejudice, those claims are likely to be revived by the PSC at some future date when it is more convenient for the PSC to prosecute such claims. This is yet another reason why the requested dismissal should be with prejudice.

Therefore, the Clean-Up Responder Defendants request that the PSC's motion for leave to amend be granted only in part, such that all claims that have been asserted against the Clean-Up Responder Defendants in the B3 Master Complaint be dismissed with prejudice, as set forth in the revised proposed order submitted with this response. Alternatively, if the Court does not dismiss those claims with prejudice, the Court should simply deny the PSC's motion and allow

the Clean-Up Responder Defendants to file their motions for summary judgment on May 18, 2012 as contemplated by the Schedule for Limited B3 Discovery.

But in the event the Court allows the claims against the Clean-Up Responder Defendants contained in the B3 Master Complaint to be dismissed without prejudice at this time, the Clean-Up Responder Defendants request that the plaintiffs be ordered to pay the costs and attorneys' fees incurred by the Clean-Up Responder Defendants to date defending against those claims. *See* FED. R. CIV. P. 41(a)(2) (authorizing district courts to attach "terms that the court considers proper" to dismissals without prejudice); *Mortgage Guaranty Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 300 (5th Cir. 1990) ("Most often, the courts require plaintiffs to bear the attorneys' fees and costs of the dismissed defendant."); *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected."); *Fleming v. Joy Finance Co.*, No. 95-3464, 1995 WL 739877, at *2 (E.D. La. Dec. 11, 1995) ("Permitting dismissal without prejudice should ordinarily be properly conditioned in the areas of cost, expenses, attorney's fees, and the like.") (internal quotation and citation omitted).  The Clean-Up Responder Defendants have incurred significant expense participating in Phase One depositions of witnesses with knowledge of B3 issues and engaging in the "limited B3 discovery" pursuant to the order entered by Magistrate Judge Shushan—including the collection, review, and production of thousands of documents—all in an effort to develop the facts necessary to support our immunity and preemption arguments and defend against the claims that have been asserted against us in this litigation that the plaintiffs now seek to dismiss.  In these circumstances, it is not only well within the Court's discretion to condition a dismissal without prejudice on an award of attorneys' fees and costs, but it is eminently just to do so.

Dated: February 24, 2012

 /s/ Michael J. Lyle
Michael J. Lyle (DC #475078, IL #6199227)
Eric C. Lyttle (DC #482856)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940


Theodore E. Tsekerides (NY #2609642)
Jeremy T. Grabill (NY #4501755)
Sylvia E. Simson (NY #4803342)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007


Patrick E. O'Keefe (LA Bar #10186)
Philip S. Brooks, Jr. (LA Bar #21501)
MONTGOMERY, BARNETT, BROWN, REED,
    HAMMOND & MINTZ LLP
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688

Attorneys for O'BRIEN'S RESPONSE
MANAGEMENT, INC. and NATIONAL
RESPONSE CORPORATION

 /s/ Alan M. Weigel
Alan M. Weigel, Esq.
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
Telephone: 212-885-5000
Facsimile: 917-332-3836
E-mail: aweigel@blankrome.com

Attorneys for MARINE SPILL
RESPONSE CORPORATION


 /s/ Leo R. McAloon, III
Leo R. McAloon, III (No. 19044)
E-mail: lmcaloon@glllaw.com
Michael D. Cangelosi (No. 30427)
E-mail: mcangelosi@glllaw.com
GIEGER, LABORDE & LAPEROUSE, L.L.C.
One Shell Square
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139-4800
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Attorneys for DYNAMIC AVIATION
GROUP, INC.


 /s/ Kevin R. Tully
Kevin R. Tully - #1627
H. Carter Marshall - #28136
Gregory S. LaCour - #23823
CHRISTOVICH & KEARNEY, LLP
601 Poydras Street, Suite 2300
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
E-mail: krtully@christovich.com
E-mail: hcmarshall@christovich.com

Attorneys for INTERNATIONAL
AIR RESPONSE, INC. and
LYNDEN INCORPORATED

9

/s/ Ben L. Mayeaux  
Frank X. Neuner, Jr. (#7674)  
Ben L. Mayeaux (#19041)  
Jed M. Mestayer (#29345)  
LABORDE & NEUNER  
One Petroleum Center, Suite 200  
1001 W. Pinhook Rd.  
Lafayette, Louisiana 70503  
Telephone: (337) 237-7000  

Attorneys for AIRBORNE SUPPORT, INC. and AIRBORNE SUPPORT INTERNATIONAL, INC.

/s/ John E. Galloway  
John E. Galloway (#5892)  
Cherrell R. Simms (#28227)  
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH  
701 Poydras Street, Suite 4040  
New Orleans, Louisiana 70139  
Telephone: (504) 525-6802  
Facsimile: (504) 525-2456  

Attorneys for TIGER RENTALS, LTD., THE MODERN GROUP, LTD., and THE MODERN GROUP GP-SUB, INC.

/s/ Harold J. Flanagan  
Harold J. Flanagan (Bar No. 24091)  
Stephen M. Pesce (Bar No. 29380)  
Brandon C. Briscoe (Bar No. 29542)  
Sean P. Brady (Bar No. 30410)  
Andy Dupre (Bar No. 32437)  
FLANAGAN PARTNERS LLP  
201 St. Charles Avenue, Suite 2405  
New Orleans, Louisiana 70170  
Telephone: 504-569-0235  
Facsimile: 504-592-0251  
hflanagan@flanaganpartners.com  
spesce@flanaganpartners.com  
sbrady@flanaganpartners.com  
adupre@flanaganpartners.com  

Attorneys for DRC EMERGENCY SERVICES, LLC

/s/ George E. Crow  
George E. Crow  
LAW OFFICE OF GEORGE E. CROW  
P.O. Box 30  
Katy, TX 77492  
For Overnight Physical Delivery use  
1519 Miller Avenue  
Katy, TX 77493  
Telephone: (281) 391-9275  
E-mail: georgecrow@earthlink.net  

Attorney for LANE AVIATION, INC.

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing Clean-Up Responder Defendants' Response to the Plaintiffs' Steering Committee's Motion for Leave to Amend Master Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of February, 2012.

                                            /s/ Michael J. Lyle
                                            Michael J. Lyle