UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico on April 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| | * | |
| | * | MAGISTRATE NO. 1 |
| THIS DOCUMENT RELATES TO: | * | MAGISTRATE SHUSHAN |
| Nos. 10-3059, 10-4182, 10-4183 and 11-516 | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTIONS OF MOEX OFFSHORE 2007 LLC AND MOEX USA CORPORATION AND MITSUI OIL EXPLORATION COMPANY, LTD (BY SPECIAL APPEARANCE) TO DISMISS CROSSCLAIMS AND COUNTERCLAIMS OF CAMERON INTERNATIONAL CORPORATION <u>FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

MAY IT PLEASE THE COURT:

      Cross-Defendants and Counter-Defendants, MOEX Offshore 2007 LLC[1] ("Offshore"), MOEX USA Corporation[2] ("MOEX USA") and by special limited appearance Mitsui Oil Exploration Company, Ltd.[3] ("MOECO"), by and through their respective undersigned counsel,

---

[1] MOEX Offshore 2007 LLC files this motion jointly with MOEX USA and MOECO in accordance with the Court's instructions. In so doing, Offshore does not waive any and all of its claims, rights, remedies and defenses relating to the separate and distinct nature of the entities joining in this motion, all of which claims, rights, remedies and defenses are hereby expressly reserved.

[2] MOEX USA Corporation files this motion jointly with Offshore and MOECO in accordance with the Court's instructions. In so doing, MOEX USA does not waive any and all of its claims, rights, remedies and defenses relating to the separate and distinct nature of the entities joining in this motion, all of which claims, rights, remedies and defenses are hereby expressly reserved.

[3] Mitsui Oil Exploration Company, Ltd. joins this motion only by special limited appearance, with full reservation of rights, and without waiving formal service of process with respect to any Complaint, Counterclaim, Crossclaim, or any other pleading asserting a claim against MOECO in this MDL, and without waiving personal jurisdiction or any other defense in this MDL. MOECO files this motion jointly with Offshore and MOEX USA in accordance with the Court's instructions. In so doing, MOECO does not waive any and all of its claims, rights, remedies and defenses relating to the separate and distinct nature of the entities joining in this motion, all of which claims, rights, remedies and defenses are hereby expressly reserved.

respectfully submit this Memorandum in Support of their Motions to Dismiss certain Crossclaims and Counterclaims of Cameron International Corporation ("Cameron") for failure to state a claim upon which relief can be granted. For the following reasons, movants' motions should be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

On December 14, 2011, Cameron filed its *Answer of Defendant Cameron to First Amended Complaint of the State of Louisiana, Together with Cross-Claims (applicable to #10-3059 and #11-516)* [Rec. Doc. 4903], in which Cameron asserted at Paragraph 432 certain crossclaims and/or counterclaims against Offshore, MOEX USA and MOECO. On December 14, 2011, Cameron also filed its *Answer of Defendant Cameron to the State of Alabama's First Amended Complaint, Together with Cross-Claims (applicable to #10-4182 and #10-4183)* [Rec. Doc. 4904], in which Cameron asserted at Paragraph 411 identical crossclaims and/or counterclaims against Offshore, MOEX USA and MOECO. (Collectively, the crossclaims and/or counterclaims field by Cameron on December 14, 2011 shall be referred to herein sometimes as the "December 14 Cross-Claims").

As detailed below, the December 14 Cross-Claims are identical to several previously filed crossclaim pleadings by Cameron against Offshore, MOEX USA and MOECO, all of which this Court dismissed in response to Rule 12(b)(6) motions. Offshore, MOEX USA and MOECO respectfully submit that, for the same reasons as it has before, the Court should dismiss the duplicative December14 Cross-Claims.

*(I).*
## RELEVANT PROCEDURAL HISTORY:
*CAMERON'S PREVIOUS, IDENTICAL CROSSCLAIMS,
AND THE COURT'S PRIOR RULINGS GRANTING
MOEX'S MOTIONS TO DISMISS THEM*

On April 20, 2011, Cameron asserted Crossclaims [Rec. Doc. 412 in #10-2771] against Offshore for contribution under the Oil Pollution Act ("OPA"), or alternatively Louisiana law, and against both Offshore and MOEX USA for contribution under general maritime law. (The "April 20 Cross-Claims").

On May 20, 2011, Cameron filed identical Crossclaims [Rec. Doc. 2472 in #10-2179] against Offshore for contribution under OPA, or alternatively pursuant to Louisiana law, and against both Offshore and MOEX USA for contribution under general maritime law. Later the same day, on May 20, 2011, Cameron re-asserted the identical Crossclaims [Rec. Doc. 2474 in #10-2179] against Offshore and MOEX USA, this time as part of its pleading replying to the Rule 13 Cross-Claims/Counter-Claims of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc. [Rec. Doc. 2068 in #10-2179]. (Collectively, the "May 20 Cross-Claims").

On June 20, 2011 Cameron filed four more duplicative sets of crossclaims and/or counterclaims against Offshore, MOEX USA and/or MOECO, namely: (1) Answer of Third-Party Defendant Cameron International Corporation to Third-Party Complaint, Together with Counterclaim and Cross-Claims (applicable to 10-04536) [Rec. Doc. 2872] against Offshore; (2) Answer of Cross-Defendant Cameron International Corporation to BP's Cross-Claim, Together with Counterclaim and Cross-Claims (purportedly applicable to "all cases in which Cameron International is named Defendant") [Rec. Doc. 2865] against Offshore; (3) Answer of Cross-Defendant Cameron to Cross-Claims of Anadarko Defendants, Together with Counterclaims

and Cross-Claims (applicable to 10-2771) [Rec. Doc. 2867] against Offshore, MOEX USA and MOECO, and; (4) Answer of Cross-Defendant Cameron to Cross-Claims of MOEX Offshore 2007, LLC, Together with Counterclaims and Cross-Claims (applicable to 10-2771) [Rec. Doc. 2868] against Offshore, MOEX USA and MOECO. (Collectively, the "June 20 Cross-Claims"). The June 20 Cross-Claims filed by Cameron made allegations against Offshore, MOEX USA and MOECO which were identical to those asserted both in the April 20 Cross-Claims and in the May 20 Cross-Claims.

Offshore, MOEX USA and MOECO successfully moved to dismiss all of Cameron's crossclaims and counterclaims for failure to state a claim upon which relief can be granted. Specifically, on June 20, 2011, Offshore and MOEX USA each filed Motions To Dismiss [respectively, Rec. Docs. 2955 and 2946] the April 20 Cross-Claims and May 20 Cross-Claims for failure to state a claim upon which relief can be granted. At the November 18, 2011 Status Conference, the Court granted both motions to dismiss the April 20 Cross-Claims and May 20 Cross-Claims. [Rec. Doc. 4642, at p.3].

On August 8, 2011, Offshore and MOEX USA each filed Motions To Dismiss [respectively, Rec. Docs. 3627 and 3631] the June 20 Cross-Claims for failure to state a claim upon which relief can be granted. Also on August 8, 2011, MOECO, through a special limited appearance, filed a Motion To Dismiss [Rec. Doc. 3619] the June 20 Cross-Claims against it for failure to state a claim upon which relief can be granted. The Court granted all of the motions to dismiss the June 20 Cross-Claims against Offshore, MOEX USA and MOECO by *Order* dated November 29, 2011. [Rec. Doc. 4764].

On November 17, 2011, Cameron filed its *Answer of Cross-Defendant Cameron International Corporation to Amended Cross-Claims of MOEX Offshore 2007 LLC, Together with Counterclaim and Cross-Claims* (applicable 10-2771) [Rec. Doc. 4634], in which Cameron asserted certain crossclaims and/or counterclaims against Offshore, MOEX USA and MOECO which simply adopted by reference the allegations of the June 20 Cross-Claims (the "November 17 Cross-Claims"). On December 9, 2011, Offshore, MOEX USA and MOECO moved to dismiss November 17 Cross-Claims for failure to state a claim upon which relief can be granted. [Rec. Doc. 4842].

### (II).
### LAW AND ARGUMENT:
### *WHY THE DECEMBER 14 CROSS-CLAIMS SHOULD BE DISMISSED*

The December 14 Cross-Claims are identical to Cameron's several, previously filed and dismissed, crossclaim pleadings. In fact, the December 14, 2011 Cross-Claims consist of only a single sentence purportedly adopting by reference Cameron's April 20 Cross-Claims and May 20 Cross-Claims (Rec. Doc. 4903 at ¶432 and Rec. Doc. 4904 at ¶411). On November 18, 2011, this Court previously dismissed the referenced April 20 Cross-Claims and May 20 Cross-Claims. [Rec. Doc. 4642 at p. 3]. The Court should dismiss the December 14 Cross-Claims adopting the dismissed crossclaims for the same reasons.

By adopting its prior pleadings, Cameron's December 14 Cross-Claims purport to assert the very same claims asserted earlier against Offshore for contribution under the Oil Pollution Act ("OPA"), or alternatively Louisiana law, and against Offshore, MOEX USA and MOECO for contribution under general maritime law. In the interest of preserving judicial resources, and pursuant to Federal Rule of Civil Procedure 10(c), Offshore, MOEX USA and MOECO incorporate and adopt by reference, as if set forth fully herein, all of their respective arguments

in: the Memorandum in Support of the Motion of Offshore to Dismiss Cross-Claims of Cameron [Rec. Doc. 2955-1] (Exhibit A); Memorandum in Support of the Motion of MOEX USA to Dismiss Cross-Claims of Cameron [Rec. Doc. 2946-1] (Exhibit B); Offshore's Brief In Response To The Court's Order Dated September 1, 2011 [Rec. Doc. 3979] (Exhibit C); MOEX USA's Brief In Response To The Court's Order Dated September 1, 2011 [Rec. Doc. 3978] (Exhibit D); the Reply Brief of Offshore [Rec. Doc. 4496] in further support of the Motion to Dismiss Cross-Claims of Cameron (Exhibit E); the Reply Brief of MOEX USA [Rec. Doc. 4497] in further support of the Motion to Dismiss Cross-Claims of Cameron (Exhibit F); and Memorandum In Support Of Motion Of Mitsui Oil Exploration Co., Ltd, By Special Appearance, To Dismiss Cross-Claims Of Cameron International Corporation [Rec. Doc. 3619-1] (Exhibit G).

WHEREFORE, Cross-Defendants and Counter-Defendants, MOEX Offshore 2007 LLC, MOEX USA Corporation and, by special appearance, Mitsui Oil Exploration Company, Ltd. pray that this Court dismiss all crossclaims and/or counterclaims asserted against them by Cameron International Corporation for failure to state a claim upon which relief can be granted.

DATED: February 24, 2012         /s/ Philip D. Nizialek
                                 Philip D. Nizialek (La. Bar No. 24180)
                                 M. Hampton Carver (La. Bar No. 3947)
                                 CARVER, DARDEN, KORETZKY, TESSIER,
                                 FINN, BLOSSMAN & AREAUX, LLC
                                 1100 Poydras Street, Suite 3100
                                 New Orleans, LA 70163
                                 Telephone: (504) 585-3820
                                 Fax: (504) 585-3801

                                 **ATTORNEYS FOR**
                                 **MOEX OFFSHORE 2007 LLC**

                                 -And-

       */s/ Robert S. Stassi*
Robert S. Stassi (La. Bar No. 25259)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3846
Fax: (504) 585-3801

**ATTORNEY FOR
MOEX USA CORPORATION**

-And-

       *s/ William T. Finn*
William T. Finn (La. Bar. No. 1359)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEY FOR
MITSUI OIL EXPLORATION CO., LTD.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on February 24, 2012.

       _____/s/ *Philip D. Nizialek*_____

4843-3814-6062, v. 2