UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" JUDGE BARBIER |
| | * * | MAGISTRATE NO. 1 |
| THIS DOCUMENT RELATES TO: No. 10-2771, 10-04536 and all cases in which Cameron International is named as a Defendant | * * * * * | MAGISTRATE SHUSHAN |

\* \* \* \* \* \* \* \* \* \* \* \*

**REPLY BRIEF OF MOEX OFFSHORE 2007 LLC IN FURTHER
SUPPORT OF ITS MOTIONS TO DISMISS THE CROSSCLAIMS
OF CAMERON INTERNATIONAL CORPORATION**

Philip D. Nizialek, T.A (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

EXHIBIT E

## TABLE OF CONTENTS

(1) THE MOTIONS TO DISMISS PENDING IN THIS MDL
    TO WHICH THIS BRIEFING APPLIES..................................................................1

(2) ARGUMENT............................................................................................................2

    a). Rule 8(a)(2)'s Pleading Requirements
    Applicable To Complaints Are Also Applicable
    To Contingent Cross-Claims For Contribution .......................................2

    b). Cameron's Crossclaims Against Offshore
    for Contribution Under OPA Must be Dismissed....................................4

    c). Cameron's Crossclaims Against Offshore
    for Contribution Under the General Maritime Law (Cameron's
    "Eleventh Claim") Must be Dismissed ....................................................6

    d). Cameron's Crossclaims Against Offshore
    for Contribution Under State Law Must be Dismissed............................7

    e). Cameron's Request for Leave to Amend Should be Denied ...................7

(3) CONCLUSION.........................................................................................................7

**MAY IT PLEASE THE COURT:**

MOEX Offshore 2007 LLC ("Offshore") respectfully submits this Reply Brief in further support of its motions to dismiss the Crossclaims of Cameron International Corporation ("Cameron").

### (1).
### THE MOTIONS TO DISMISS PENDING IN
### THIS MDL TO WHICH THIS BRIEFING APPLIES

This Brief replies to Cameron's Opposition Brief (Rec. Doc. 4304) ("Opposition") and further supports the following Motions to Dismiss all crossclaims, counterclaims and third-party claims ("Crossclaims") of Cameron filed pursuant to Federal Rule of Civil Procedure 12(b)(6):

> *Motion Of MOEX Offshore 2007 LLC To Dismiss Cross-Claims Of Cameron International Corporation For Failure To State A Claim Upon Which Relief Can Be Granted* (**Rec. Doc. 2955**), which moved to dismiss three duplicate crossclaims of Cameron against Offshore for contribution under the Oil Pollution Act ("OPA"), or alternatively Louisiana law, and against Offshore for contribution under general maritime law. These Crossclaims are found in the record of docket #10-2771 at Doc. 412, and in the MDL at Rec. Doc. 2472 and Rec. Doc. 2474; and

> *Motion Of MOEX Offshore 2007 LLC To Dismiss Cross-Claims And Counterclaims Of Cameron International Corporation For Failure To State A Claim Upon Which Relief Can Be Granted* (**Rec. Doc. 3627**), which moved to dismiss four duplicative sets of crossclaims and/or counterclaims by Cameron, namely: (i) Answer of Third-Party Defendant Cameron to Third-Party Complaint, Together with Counterclaim and Cross-Claims (applicable to Docket No. 10-04536) (Rec. Doc. 2872); (ii) Answer of Cross-Defendant Cameron to BP's Cross-Claim, Together with Counterclaim and Cross-Claims (purportedly applicable to "all cases in which Cameron International is named Defendant") (Rec. Doc. 2865); (iii) Answer of Cross-Defendant Cameron to Cross-Claims of Anadarko Defendants, Together with Counterclaims and Cross-Claims (applicable to No. 10-2771) (Rec. Doc. 2867), and; (iv) Answer of Cross-Defendant Cameron to Cross-Claims of MOEX Offshore 2007, LLC, Together with Counterclaims and Cross-Claims (applicable to Docket No. 10-2771) (Rec. Doc. 2868).

Cameron's Opposition only addresses Offshore's Motion To Dismiss found at Rec. Doc. 2955. Accordingly, Offshore's motion found in the Rec. at Doc. 3627 should be granted as unopposed. In the alternative, since Cameron's Crossclaims against Offshore contain substantially identical allegations, the Court should grant both of Offshore's motions based on Offshore's prior briefing and this Reply.

## (2).
## ARGUMENT

Cameron's Crossclaims against Offshore which are the subject of Offshore's Motions to Dismiss assert identical claims for contribution under the Oil Pollution Act ("OPA"), or alternatively contribution under Louisiana law as surrogate federal law under the Outer Continental Shelf Lands Act and/or under general maritime law. Offshore moved to dismiss Cameron's Crossclaims in large part because Cameron cites no facts supporting its claims.

### a). *Rule 8(a)(2)'s Pleading Requirements Applicable To Complaints Are Also Applicable To Contingent Cross-Claims For Contribution*

In its opposition, Cameron, without citing any legal authorities, tries to correct its deficient pleadings by telling the Court that the second sentence of Rule 13(g) permits contingent contribution crossclaims "without imposing the 'statement of claim' obligation of Rule 8(2)(a) and the first sentence of 13(g)." (Opposition, p.3-4). On the contrary, Rule 8(a)(2)'s pleading requirements applicable to complaints have repeatedly been found to be applicable to contingent cross-claims for contribution. *Texas Water Supply Corp. v. R. F. C.*, 204 F.2d 190, 196-97 (5th Cir. 1953)(Answer and cross-claim which merely referred to answer and cross-claim in another pending action did not sufficiently set forth claim under Rule of Civil Procedure providing that a pleading shall contain a short and plain statement of the claim showing that the pleader is entitled to relief); *Lee v. Morial*, 37 Fed.Appx. 88, FN10 (5th Cir. 2002)(Rule 8(a)(2)'s requirement that a

pleading must contain a short and plain statement of the claim applies to crossclaims); *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995)(Rule 8(a)(2) applies to crossclaims); *Glens Falls Indem. Co. v. U.S. ex rel. and to Use of Westinghouse Elec. Supply Co.*, 229 F.2d 370, 374 (9th Cir. 1956)(even crossclaim made contingent upon ultimate adjudication of claimant's liability to plaintiff and brought under Rules required to contain a "short and plain statement of the claim showing the pleader entitled to relief on the contingency stated as required by F.R.Civ.P. Rule 8(a)."); *Washington Building Realty Corporation v. Peoples Drug Stores*, 161 F.2d 879, 879-80 (D.C. Cir. 1947)(crossclaim does not allege sufficient facts as required by Rule 8(a) to support contribution claim); *In re Taxable Mun. Bond Securities Litigation*, 1993 WL 591418, *1 (E.D.La.1993)(in connection with Rule 12(b)(6) motion to dismiss, contingent cross-claims and the third-party claims were examined for legal sufficiency of factual pleading under Rule 8(a)(2)).

In *Connecticut General Life Ins. Co. v. Universal Ins. Co.*, 838 F.2d 612, (1st Cir. 1988), the First Circuit rejected a similar argument by a crossclaimant. The crossclaimant pointed to the permissive crossclaim provisions of Rule 13(g) and the facts alleged by the plaintiff, and characterized its claim not as a "separate and independent action between co-parties," but as a "contingent remedy requested on the basis of the result in the original complaint filed." *Id.*, at 622-23. In reversing the district court and dismissing the crossclaim, the First Circuit panel noted:

> But Rule 13(g) is not a general provision for indemnity or contribution. It is purely a procedural device for facilitating affirmative claims for relief among co-parties to a lawsuit. See 3 J. Moore, MOORE'S FEDERAL PRACTICE ¶ 13.34[1], at 13-213 n. 11 (1987); 6 C. Wright & A Miller, FEDERAL PRACTICE & PROCEDURE § 1431, at 162 (1971). The pleading requirements of Rule 8(a) apply to Rule 13(g) cross-claims, which must "contain ... a short and plain statement ... showing that the pleader is entitled to

Page 3 of 8

relief." *See Washington Building Realty Corp. v. Peoples Drug Stores, Inc.*, 161 F.2d 879, 880 (D.C.Cir.1947); *Paur v. Crookston Marine, Inc.*, 83 F.R.D. 466, 471 (D.N.D.1979).

*Id.*, at 622-23.

Under the authorities cited in its memorandum in support (Rec. Doc. 2955-1), Dismissal of Cameron's Crossclaims against Offshore is proper pursuant to Rule 12(b)(6) because, on its face, the Crossclaims fail to allege facts necessary to obtain relief under the theory specifically enumerated as contribution. Instead, the Crossclaims makes only bare bones, conclusory allegations that Offshore is liable in contribution as a "responsible party" under the terms of OPA.

### b). *Cameron's Crossclaims Against Offshore for Contribution Under OPA Must Be Dismissed*

In its Opposition, Cameron asserts it has alleged facts which, if true, support its position that Offshore was a "responsible party" under OPA. However, Cameron's Opposition refers to factual allegations against Offshore (in Rec. Doc. 412 in docket #10-2771) which are not pled in Cameron's Crossclaims. As set forth in Offshore's memorandum in support (Rec. Docs. 2955-1 and 3627-1), Cameron's Crossclaims do not plead any specific factual allegations against Offshore.

Thus, Cameron's "Tenth Claim" seeking contribution under OPA should be dismissed because, on its face, Cameron fails to allege any facts supporting its conclusory allegation that Offshore owes contribution under OPA as a "responsible party." If, however, this Court allows Cameron to rely upon its general references to the "allegations of the Complaint and the allegations of claims made in this action" to constitute legally sufficient factual allegations (which, for the reasons set forth the memoranda in support, it should not) Offshore, alternatively, submits that the Crossclaims should nevertheless be dismissed.

Courts applying OPA contribution under Section 2709 have employed the same standards for allocating proportional fault among jointly liable parties as are used in analogous contribution actions under general maritime law. *See In re ALEX C Corp.*, Civil Action Nos. 00-12500-DPW, 01-12186-DPW, 2010 WL 4292328, at *15 (D. Mass. 2010) (allocating proportional fault among two parties liable under OPA by reference to general maritime law); *Nat'l Shipping Co. of Saudi Arabia*, 924 F. Supp. at 1446 n. 4 (applying maritime negligence principles to OPA contribution claim). OPA's legislative history confirms that Congress intended contribution under Section 2709 to be made upon findings of relative fault for the discharge. *See* H.R. Conf. Rep. No. 653, 101st Cong., 2d Sess. 1990, *reprinted in* 1990 U.S.C.C.A.N. 779, 789 (1990) (explaining that if the "action or omission" of a third party not designated a responsible party "contributed to the discharge" then the third party could be held "accountable financially in part or in whole" under Section 2709).

Under this standard, adjudication of a contribution claim under OPA is no different than adjudication of a contribution claim under general maritime law. Although the Court's Order and Reasons dated August 26, 2011, Rec. Doc. 3830 (the "Decision") does not expressly address contribution under OPA, it does establish that Offshore as a non-operating party is not guilty of negligence or fault because of its lack of operation involvement in, control of, supervisory authority over or access to information not already available to BP and Transocean personnel. *See*, Decision at 28-29, 39. Accordingly, just as Cameron's general maritime negligence claims must be dismissed (see below), so too should Cameron's Crossclaims under OPA.

### c). *Cameron's Crossclaims Against Offshore for Contribution Under the General Maritime Law (Cameron's "Eleventh Claim") Must Be Dismissed*

Cameron's Opposition does not mention Offshore's motion to dismiss Cameron's Crossclaims for contribution based on the general maritime law. Presumably, Cameron fails to oppose the motion on these grounds because Cameron' maritime law claims are simply not viable in light of the Decision. In the Decision, the Court held that, to maintain a general maritime law claim, a party making claims against Offshore must show Offshore's negligence or actual fault.

Applying the holding in *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 550 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988), this Court found that Offshore has no fault in this case because it had no operational control over the *Deepwater Horizon* or the drilling of the Macondo Well. *See*, Decision, at 28-29, 39. As fully explained in Offshore's memoranda in support of its motions to dismiss, a party is only entitled to contribution in proportion to the negligence or fault of the party from whom contribution is sought. Since contribution is the defendant's right to collect from other *responsible* parties the amount the defendant has paid more than its proportionate share of fault, a non-negligent party such as Offshore cannot be liable for contribution.

In its Crossclaims, Cameron does not allege any facts purporting to show Offshore's separate fault; rather, Cameron only alleges, in an impermissibly conclusory fashion, that its claims of Offshore's liability are "[b]ased on allegations of the Complaint and the allegations of claims made in this action." Cameron does not allege that Offshore had operational involvement in, control of, supervisory authority over or any access at all to any information not already available to BP and Transocean personnel either onshore or on the rig. Under the Decision, in

the absence of that access, control or involvement, Offshore owed no tort duty to the Plaintiffs, and by extension can owe no contribution to Cameron under general maritime law. *See*, Decision at 28-29, 39.

### d). *Cameron's Crossclaims Against Offshore for Contribution Under State Law Must Be Dismissed*

Cameron's claims for contribution under state law are not viable in light of the Decision. In the Decision, the Court recognized that state law is preempted by maritime law and the law of the adjacent state does not apply as surrogate federal law under the OCSLA. *See*, Decision, at 11, 15, 18 and 38.

### e). *Cameron's Request for Leave to Amend Should be Denied*

In light of this Court's findings set forth in the Decision, there are no allegations which Cameron can make, should it be allowed to amend, which can cure the present deficiencies and/or which can support a sustainable claim against Offshore. Accordingly, Offshore respectfully submits that Cameron's alternative request for leave to amend should be denied.

## (3). CONCLUSION

WHEREFORE, Defendant, MOEX Offshore 2007 LLC prays that the Court dismiss all Crossclaims asserted against it by Cameron for failure to state a claim upon which relief can be granted.

DATED: November 7, 2011        /s/ Philip D. Nizialek
Philip D. Nizialek (La. Bar No. 24180)
M. Hampton Carver (La. Bar No. 3947)
CARVER, DARDEN, KORETZKY, TESSIER,
FINN, BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163
Telephone: (504) 585-3800
Fax: (504) 585-3801

**ATTORNEYS FOR
MOEX OFFSHORE 2007 LLC**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF system, who will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on November 7, 2011.

               /s/ Philip D. Nizialek

4823-6508-5965, v. 6