# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J(1) |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

### [Regarding Motions *in Limine* to Exclude Non-Governmental Reports]

Before the Court are the PSC's letter briefs dated October 17, 2011 (Rec. Doc. 4340-6) and November 18, 2011; motions *in limine* filed by Cameron (Rec. Doc. 4811), Transocean (Rec. Doc. 4812), and Halliburton (Rec. Doc. 4894)[1]; responses by M-I (Rec. Doc. 4872), the PSC (Rec. Doc. 4873), the United States (Rec. Doc. 4887), and BP (Rec. Doc. 4869); replies by Transocean (Rec. Doc. 4959) and Halliburton (letter brief dated December 19, 2011); and other letter briefs filed by BP (Rec. Docs. 4552 & 4771, dated November 4, 2011 and November 23, 2011, respectively), the United States (Rec. Doc. 4760, dated November 18, 2011), and the PSC (dated November 28, 2011).

The briefs and motions pertain to the fourth motion-*in-limine* set, regarding alleged <u>Daubert</u> issues raised by certain non-governmental reports, and the eighth motion-*in-limine* set, regarding alleged hearsay issues raised by those same reports.[2] The Court finds that the subject non-governmental reports—the so-called "Bly Report,"[3] Transocean's incident investigation report,[4] and

---

[1] Halliburton filed a letter brief dated December 5, 2011. Rec. Doc. 4894. However, the Court construes it as a motion because therein Halliburton moves to exclude certain evidence.

[2] The eighth category of motions *in limine* is described as "BP's and others' Motion *in Limine* to Preclude Evidence Regarding Non-Governmental Reports (i.e. Bly Report, Berkeley Report, etc.)." Rec. Doc. 4572, at 2. The fourth category of motions *in limine* is a related category that addresses these same reports based on different arguments. It is described as "BP and others to Respond to PSC Letter Alleged <u>Daubert</u>/702 Issues." Rec. Doc. 4572, at 1.

[3] More formally known as BP's "*Deepwater Horizon* Accident Investigation Report," dated September 8, 2010.

[4] More formally known as the "Macondo Well Incident Transocean Investigation Report," dated June 2011.

the so-called "Berkeley Report"[5]—are business records within the meaning of Federal Rule of Evidence ("FRE") 803(6).  The Court hereby admits these reports subject to the objections raised in the instant motions *in limine* based on alleged "inner hearsay" within the reports.  The Court will address these objections during the trial as needed and will give the reports whatever weight they deserve.  The same approach will be taken with regard to any alleged "inner hearsay" objections by BP concerning its interview notes created as a result of the investigation underlying the Bly Report.  The Court also finds that the above-named non-governmental reports should not be excluded under FRE 701 or 702 at this time.  Accordingly,

**IT IS ORDERED** that the subject motions *in limine* (Rec. Docs. 4811, 4812, & 4894) are **DENIED IN PART** as set forth above.

New Orleans, Louisiana, this 24th day of February, 2012.

United States District Judge

---

[5] More formally known as the Deepwater Horizon Study Group's "Final Report on the Investigation of the Macondo Well Blowout," dated March 1, 2011.