IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br><br>*All Cases* | * * * * * * | Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |

**BP's Opposition to Motion for Leave to Amend the B3 Complaint**

The BP Defendants respectfully submit this Opposition to the Motion for Leave to Amend the B3 Complaint.  The Plaintiff's Steering Committee (PSC) seeks to use its Motion as a "placeholder;" a way to avoid complying with Orders of this Court or devoting any time or resources to the claims asserted against the Clean-Up Responder and Dispersant Defendants while at the same time keeping those claims alive.  The Court should not sanction the PSC's tactic.

The PSC asserts in its Motion that the Clean-Up Responder and Dispersant Defendants[1] are not "responsible for post-spill exposure injuries," and that because of this, the PSC wishes "to proceed solely and directly against BP (and the other Drilling Defendants)."  (Rec. Doc. 5718 at ¶¶ I, II)  This admission alone warrants dismissal *with prejudice* of the PSC's claims against

---

[1] O'Brien's Response Management, Inc. (incorrectly identified in the B3 master complaint as O'Brien Response Management, Inc.), National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Tiger Rentals, Ltd., The Modern Group, Ltd., The Modern Group GP-SUB, Inc. and  Nalco Company.

the Clean-Up Responder and Dispersant Defendants.  Allowing the PSC to hedge its bets and preserve its claims—claims that it concedes are without merit—as a way to avoid the burden of the Court's orders should not be countenanced.

Pretrial Order No. 11 established the B3 pleading bundle and ordered that "all claims related to post-explosion clean-up efforts . . . <u>will</u> be pled separately and uniformly in a Master Complaint."  (Rec. Doc. 569) (emphasis added)  Furthermore, in Pretrial Order No. 25, the Court ordered that all "allegations, claims, theories of recovery and/or prayers for relief contained within . . . pre-existing petition[s] or complaint[s] are deemed to be amended, restated, and superseded by the allegations, claims, theories of recovery, and/or prayers for relief in the respective Master Complaint(s)."  (Rec. Doc. 983)  Pretrial Order No. 25 also authorized plaintiffs to file short-form joinders adopting the allegations of the B3 Master Complaint.

The purpose of the B3 bundle is to create an efficient case management system to decide common issues for the individual claimants.  Allowing the PSC to amend their complaint to preserve claims violates the Orders and defeats the purpose of the B3 pleading bundle.  The PSC's request to dismiss the B3 Master Complaint vis-à-vis the Clean-Up Responder and Dispersant Defendants <u>without</u> prejudice is simply a thinly veiled attempt to avoid and otherwise delay indefinitely the inevitable dismissal <u>with</u> prejudice of claims against private entities that responded to the DEEPWATER HORIZON oil spill subject to the direction and control of the United States of America.  This tactic violates Pretrial Orders Nos. 11 and 25, since the B3 Master Complaint is the <u>only</u> operative pleading asserting claims against the Clean-Up Responder and Dispersant Defendants; all short-form joinders are dependent upon it, and all individual lawsuits have been superseded by it.  The PSC cannot simply opt out of the pleading

2

bundles that were created by the Orders of this Court, while preserving the ability to bring these claims at a later date.

Further, the Clean-Up Responder and Dispersant Defendants have invested considerable time and resources in the efficient resolution of the claims pending against them. On September 30, 2011, the Court issued its Order and Reasons (Rec. Doc. 4159)[2] granting in part and denying in part various motions filed by the Clean-Up Responder and Dispersant Defendants to dismiss the claims asserted against them in the B3 Master Complaint. *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 2011 WL 4575696 (E.D. La. 2011). In that decision, the Court recognized the viability of the Clean-Up Responder and Dispersant Defendants' derivative immunity and implied preemption arguments in the context of responding to an oil spill of national significance, but held that "[d]erivative immunity and preemption are not established on the face of the Complaint." *Id.* at *12. The Court noted, however, that the Clean-Up Responder and Dispersant Defendants' derivative immunity and implied preemption arguments "are preserved and may be re-asserted," *id.*, and set forth a clear roadmap for the Clean-Up Responder and Dispersant Defendants to follow in this regard: "[I]t seems at this point that if the facts revealed that the Clean-Up Defendants were using dispersants as directed by the federal government, then they would be entitled to derivative governmental immunity." *Id.* at *7.

Shortly after the Court issued its decision, Magistrate Judge Shushan contacted the parties and directed them to put together a schedule for "Limited B3 Discovery" so that facts pertaining to the key issues that the Court identified could be developed, thereby allowing the Clean-Up Responder and Dispersant Defendants to renew their derivative immunity and implied

---

[2] An Amended Order and Reasons was issued on October 4, 2011. (Rec. Doc. 4209)

preemption arguments in an expeditious manner. Without objection from the PSC or anyone else, Judge Shushan approved and entered an agreed schedule for such limited B3 discovery on November 3, 2011 (Rec. Doc. 4472), and that schedule was amended on December 23, 2011. (Rec. Doc. 5000) The Clean-Up Responder and Dispersant Defendants have served and responded to written discovery, producing more than 25,000 documents on a rolling basis, and entering into joint stipulations of fact with the United States of America regarding issues relevant to the derivative immunity and implied preemption arguments. Under the current schedule, the Clean-Up Responder and Dispersant Defendants' renewed immunity/preemption motions are due to be filed on May 18, 2012, while Nalco filed its renewed motion on January 31, 2012 (Rec. Doc. 5531).

While the Clean-Up Responder and Dispersant Defendants have abided by the Court's Order, the PSC has utterly refused to comply, simply ignoring discovery cutoffs as well as filing deadlines. Specifically, the PSC has refused to provide substantive responses to the joint written discovery served by the Clean-Up Responder and Dispersant Defendants pursuant to Magistrate Judge Shushan's schedule for Limited B3 Discovery or respond to Nalco's renewed motion. Then at 9:12 p.m. on Sunday night, February 12, 2012, with the above discovery dispute still outstanding, the PSC e-mailed Magistrate Judge Shushan to request that "the existing B3 schedule be pushed back, if not vacated altogether." (*See* Exhibit A) Having received no relief from the Court, and facing numerous upcoming deadlines in the schedule for Limited B3 Discovery, the PSC now files a Motion for Leave to Amend the B3 Master Complaint and dismiss the claims contained therein against the Clean-Up Responder and Dispersant Defendants without prejudice as a way to preserve its claims but escape the burdens of discovery and pleadings.

4

Not only is it clear that the PSC does not want to have to deal with the Clean-Up Responder and Dispersant Defendants, but as discovery has progressed, it has become equally clear that the PSC has no legal claims against the Clean-Up Responder and Dispersant Defendants in MDL 2179 (and they admit as much in their Motion). As reflected by the extensive Joint Stipulations entered into by the Clean-Up Responder and Dispersant Defendants and the United States of America, and other evidence that has been developed over the last five months, the indisputable facts demonstrate that (i) the federal government was in charge of the response to the DEEPWATER HORIZON spill, (ii) the federal government validly conferred authority upon various of the Clean-Up Responder and Dispersant Defendants to conduct response operations, and (iii) no Clean-Up Responder Defendant exceeded the scope of that authority during the response. These realities have already been set forth at length in Nalco's renewed motion (Rec. Doc. 5531), and would be further supported in the Clean-Up Responder and Dispersant Defendants' summary judgment motions. If the Court were to grant those motions, the Clean-Up Responder and Dispersant Defendants would be completely dismissed from this multidistrict litigation by operation of the various Orders referenced above, *with prejudice*. To avoid this inevitability, the PSC preemptively filed the instant Motion. This tactic should be rejected.

Dismissing the meritless claims against the Clean-Up Responder and Dispersant Defendants *with prejudice* will clarify the issues before this Court and expedite resolution of the claims that are the subject of the B3 Complaint. BP respectfully urges the Court to only grant in part the PSC's Motion for Leave to Amend, and to dismiss all claims asserted against the Clean-Up Responder and Dispersant Defendants *with prejudice*. Alternatively, the Court should deny the PSC's Motion and allow the Clean-Up Responder and Dispersant Defendants to continue to

pursue their renewed motions for summary judgment as contemplated by the schedule for Limited B3 Discovery so that the claims can be expeditiously resolved on the merits.

Date:  February 24, 2012              Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200


Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985


*Attorneys for BP*

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of February, 2012.

                                                      /s/ Don K. Haycraft
                                                         Don K. Haycraft