**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : | MDL NO. 2179 |
| THIS DOCUMENT RELATES TO: | : : | SECTION: J |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | : : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## NALCO COMPANY, NALCO HOLDINGS LLC, NALCO FINANCE HOLDINGS LLC AND NALCO HOLDING COMPANY'S OPPOSITION TO PLAINTIFFS' STEERING COMMITTEE'S MOTION FOR LEAVE TO AMEND MASTER COMPLAINT

Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company ("Nalco") respectfully submit their opposition to the Plaintiffs' Steering Committee's ("PSC's") Motion for Leave to Amend the B3 Master Complaint (Rec. Doc. 5718). The PSC's request to dismiss Nalco from the B3 Master Complaint *without* prejudice is a blatant attempt to avoid and delay the inevitable dismissal *with* prejudice of the PSC's claims against Nalco arising from its role in providing dispersants – at the direction of the federal government – for use in the *Deepwater Horizon* oil spill response (the "Response"). As set forth in Nalco's Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" (Rec. Doc. 5531), there is now before the Court an extensive, unrebutted factual record showing that the federal government approved the use of dispersants during the Response, and thus Plaintiffs' claims are preempted under the Clean Water Act ("CWA") and National Contingency Plan ("NCP"). Plaintiffs have conceded that the claims they filed against Nalco are without merit, having failed

to respond to Nalco's renewed motion and having admitted in their motion that others are "responsible" for the claims they have asserted here against Nalco.

In light of the substantial discovery that Nalco and others have undertaken in compliance with the Court's orders, and in light of Nalco's pending renewed motion, which is ripe for adjudication, Nalco requests that:

1)     the PSC's motion for leave to amend be granted only in part, such that the claims against Nalco asserted in the Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 881), the First Amended Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 1812), and any short-form joinders filed in accordance with Pretrial Order No. 25 (Rec. Doc. 983) be dismissed with prejudice; or, in the alternative,

2)     the Court rule on Nalco's Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" and, for the reasons set forth therein, dismiss the claims against Nalco with prejudice.

**INTRODUCTION**

On September 30, 2011, the Court issued its Order and Reasons (Rec. Doc. 4159) granting in part and denying in part various motions filed by Nalco and other defendants involved in the oil spill response (the "Responder Defendants") to dismiss the claims asserted against them in the B3 Master Complaint. *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 2011 WL 4575696 (E.D. La. Sept. 30, 2011) (the "B3 Order"). In its order, the Court observed that although the preemption argument that Nalco and other Responder Defendants advanced was "certainly plausible," Defendants could "only avail themselves of preemption if they show that the complained-of activity fell within the

scope of the CWA/NCP." *Id.* at *8. The Court expressly recognized the viability of Nalco's implied preemption argument, but held that "preemption [is] not established on the face of the Complaint." *Id.* at *12. The Court also noted that Nalco and other Responder Defendants could renew their motions to dismiss at a later date. *Id.* at *8.

Following the issuance of the B3 Order, the Parties agreed – at the suggestion of the Court – to conduct expedited discovery relevant to the preemption and derivative immunity arguments the Responder Defendants raised. On November 3, 2011, Magistrate Judge Shushan approved and entered an agreed schedule for such limited B3 discovery (Rec. Doc. 4472). That schedule was subsequently amended on December 23, 2011 (Rec. Doc. 5000) (the "B3 Discovery Order"), and included the following deadlines for the completion of discovery relevant to Nalco's preemption argument and for briefing on Nalco's renewed motion:

- Final Nalco/United States stipulations of fact to be provided to the PSC – November 11, 2011

- All parties wishing to do so shall serve document requests, interrogatories, and/or requests for admission re: preemption/derivative immunity issues – November 18, 2011

- All parties to respond to any written discovery served – December 21, 2011

- Nalco to complete production of documents responsive to any written discovery – January 20, 2012

- Limited 30(b)(6) deposition of Nalco relevant to Nalco's preemption defense to be completed (if necessary) – January 31, 2012

- Nalco to file motion renewing its preemption argument – January 31, 2012

- PSC to file opposition to Nalco's motion – February 21, 2012

- Nalco to file reply in support of its motion – March 2, 2012

***The PSC agreed to these tasks, agreed to this schedule, and agreed to these deadlines*** – the
PSC's parts of which it has now ignored and the consequences of which it now wishes to avoid.
Nalco has operated in good faith under that Order by obtaining fact stipulations from the United
States, serving those stipulations on the PSC, responding to written discovery from the PSC,
producing 27,000 pages of documents, producing a witness, Nalco's Chief Technology Officer,
for a deposition under Federal Rule of Civil Procedure 30(b)(6), and filing its Renewed Motion
to Dismiss First Amended Master Complaint "B3 Bundle."

## THE PSC HAS NOW IGNORED THE COURT'S ORDER GOVERNING CONSIDERATION OF THE B3 PREEMPTION ISSUE

On February 12, 2012 – ***after*** limited B3 discovery had closed with respect to Nalco and
***after*** Nalco filed its Renewed Motion to Dismiss the B3 Master Complaint – the PSC emailed
Magistrate Judge Shushan, asking that "the existing B3 schedule be pushed back, if not vacated
altogether." *See* Email from Steve Herman to Hon. Sally Shushan (Feb. 12, 2012), attached as
Exhibit A hereto.  The Responder Defendants responded via email, opposing the PSC's attempt
to derail the limited discovery process the Parties had been pursuing for over three months. *See*
Email from Theodore Tsekerides to Hon. Sally Shushan and Steve Herman (Feb. 12, 2012),
attached as Exhibit A hereto.  Several days later, shortly before its response to Nalco's renewed
motion was due, the PSC filed the instant motion for leave to amend the B3 Master Complaint.
In its motion, the PSC seeks to dismiss its claims against Nalco and the Responder Defendants
without prejudice.  The PSC purports to concede that "BP is ultimately responsible for post-spill
exposure injuries" alleged in the B3 Master Complaint, injuries for which the PSC previously,
and wrongly, claimed Nalco was liable. *See* Mot. for Leave to Amend Master Compl. ¶ I.
Despite this admission, the PSC seeks permission to dismiss the claims against Nalco ***without***
prejudice, presumably to allow it to resurrect such claims at some later date or to force Nalco to

re-litigate these issues over and over again in multiple state court actions.  This transparent, last-minute effort to derail the Court's carefully structured organization of the MDL into Pleading Bundles and Master Complaints – which Plaintiffs themselves requested – to avoid adjudication of Nalco's renewed motion to dismiss should be rejected.

## THE B3 CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

In its motion for leave to amend, the PSC now admits that Nalco is not responsible for the injuries alleged in the B3 Master Complaint.  *See* Mot. for Leave to Amend Master Compl. ¶ I. Further, Plaintiffs have failed to respond to Nalco's renewed motion to dismiss, in which Nalco lays out the extensive fact record that establishes, as Nalco has argued throughout this litigation, that it is not liable for alleged injuries arising from dispersant use because the federal government – not Nalco – made all relevant decisions about dispersant use and therefore Plaintiffs' claims are preempted.  In light of the PSC's concession that Nalco is not liable for the injuries alleged in the B3 Master Complaint, the order on the PSC's motion to dismiss should be a dismissal with prejudice.

A dismissal without prejudice at this time would turn the Court's process for the submission and adjudication of claims by "pleading bundle" – which the PSC requested – on its head.  In addition, a dismissal without prejudice would short-circuit the Court's well-founded order and schedule designed to resolve the claims against Nalco and the Responder Defendants in an expeditious fashion and would subject Nalco and the Responder Defendants to further uncertainty and duplicative expenses.  *See, e.g., In re: FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010) (dismissal without prejudice should not be permitted "when a party proposes to dismiss the case at a late stage of pretrial proceedings, or seeks to avoid an imminent adverse ruling"); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193,

199 (5th Cir. 1991) (affirming denial of motion to dismiss without prejudice where plaintiffs moved to dismiss "more than a year after the case was removed to federal court[,] . . . filed their motion after months of filing pleadings, attending conferences, and submitting memoranda . . . [and] filed their motion after the magistrate had considered the case and issued a comprehensive recommendation that was adverse to their position"); *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) ("Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the court may, in its discretion, refuse to grant a voluntary dismissal [without prejudice].").

Refusing to dismiss Plaintiffs' claims without prejudice is consistent with this Court's recognition that "it is sometimes necessary to put certain restrictions on the exercise of Rule 41 dismissals in order to effectively and fairly manage complex, consolidated MDL litigation." *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010*, 2011 WL 1464908, at *4 (E.D. La. Apr. 15, 2011) (citation omitted). "[A]fter the defendant becomes 'actively engaged' in the suit's defense, the defendant is entitled to have the case adjudicated; thus, the case cannot be terminated without either the Defendant's consent, permission of the Court, or a dismissal with prejudice to assure the Defendant against the 'renewal of hostilities.'" *Id.* at *5 (quoting *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir.1979)). Nalco and the other Responder Defendants have been "actively engaged" in defending against Plaintiffs' claims for more than a year, and have been vigorously engaged since the Court entered the B3 Discovery Order. Dismissal without prejudice would require Nalco (and others) to begin the process again, at some undetermined time in the future, to face and defend new waves of re-filed cases, scattered from court to court.

Nalco respectfully requests that the PSC's motion for leave to amend be granted only in part, such that all claims that have been asserted against Nalco in the Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 881), the First Amended Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 1812), and any short-form joinders filed in accordance with Pretrial Order No. 25 (Rec. Doc. 983) be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

In the alternative, if the Court does not grant the PSC's motion in part and dismiss the claims against Nalco with prejudice, Nalco respectfully requests that the Court deny the PSC's motion and rule on Nalco's renewed motion to dismiss. Plaintiffs should not be permitted to avoid adjudication of Nalco's preemption argument *after* the Parties have completed the agreed-upon discovery outlined in the B3 Discovery Order and *after* Nalco's renewed motion has been submitted, while reserving for themselves the option of re-filing claims in various courts against Nalco at some later date and starting the whole process again – particularly for claims the PSC now admits are ultimately the liability of entities other than Nalco.

The purpose of the B3 Discovery Order was to schedule the filing of the renewed motion to dismiss the B3 Master Complaint and to permit development of a fact record on the derivative immunity and implied preemption issues (*e.g.*, whether the federal government in fact controlled the Response and whether its decisions, including decisions related to the use of dispersants, preempt Plaintiffs' claims). That fact record has now been developed, exactly as envisioned by the Court's order. The PSC's instant request to dismiss without prejudice the claims against Nalco and the Responder Defendants is a blatant attempt to postpone an inevitable day of reckoning. As clearly demonstrated by the record evidence developed through the limited B3 discovery schedule, evidence which is set forth in detail in Nalco's renewed motion, the

undisputed record facts show that the federal government controlled the response to the *Deepwater Horizon* spill, that the federal government approved the use of Nalco's dispersants, and that the federal government determined where dispersants could be applied, how they could be applied and the quantities in which they could be applied.  As the Court explained in the B3 Order, if the use of dispersants was ultimately controlled by the federal government pursuant to the CWA and NCP, Plaintiffs' claims are preempted.  *See In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 2011 WL 4575696 at *7-8. Plaintiffs failed to respond to Nalco's renewed motion, leaving the Court with a robust and uncontested factual record that shows the claims against Nalco are preempted and should be dismissed with prejudice.

Confronted with myriad inconvenient – but uncontroverted  – record facts, the PSC now seeks to defer and avoid the Court's adjudication of Nalco's preemption argument, despite the considerable time and expense Nalco, the United States, and others have invested in complying with the B3 Discovery Order and in Nalco's briefing its renewed motion.  The fact record has now been made.  The fact record demonstrates that the federal government controlled the Response and made the decisions about the use of dispersants.  The renewed Nalco motion has been filed.  Plaintiffs have failed to respond.  The renewed motion to dismiss is submitted and ripe for adjudication.  Plaintiffs' claims against Nalco are preempted and should be dismissed with prejudice.

Dated: February 24, 2012                    Respectfully submitted,

<u>By: /s/ Thomas J. Heiden</u>
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr., Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767
*Attorneys for Nalco Company, Nalco
Holdings LLC, Nalco Finance Holdings
LLC and Nalco Holding Company*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company's Opposition to the Plaintiffs' Steering Committee's Motion for Leave to Amend Master Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 24th day of February, 2012.


/s/ Thomas J. Heiden