# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * * * | MDL No. 2179 <br><br> SECTION: J <br><br> JUDGE BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |

## ORDER AND REASONS

Before the Court is Donald Vidrine's Motion to Review the United States' Magistrate Judge's Order Granting in Part and Denying in Part Transocean's Motion to Compel (**Rec. Doc. 5757**). Transocean opposes Vidrine's motion.

## BACKGROUND FACTS

Donald Vidrine was the BP Well Site Leader at the time of the April 20, 2010 Macondo well blowout. Because he is a key source of information concerning the events and operations of the Deepwater Horizon immediately before the incident, Transocean and other parties previously sought to depose him. Vidrine has consistently refused to appear for a deposition on account of an alleged medical condition which prevents him from giving testimony about such events.

When notified of Vidrine's refusal, Transocean served deposition subpoenas on both Vidrine and his psychiatrist, Dr. Bob Winston, on February 10, 2012, and thereafter moved to compel his attendance at the deposition. Vidrine and Dr. Winston moved to quash the subpoenas. Several days later, on February 14, 2012, the magistrate judge quashed the subpoenas but ordered Vidrine to

1

submit to an independent medical examination by a court-appointed physician in order to determine whether he is medically able to be deposed.[1]  The magistrate also ordered Mr. Vidrine to turn over all medical records and reports from his treating physician to the court-appointed physician for review.[2]

Vidrine subsequently filed the instant motion seeking review of the magistrate judge's order to the extent that it requires him to submit to a medical examination and disclose his medical records.  In his motion, Vidrine argues that the magistrate's order is erroneous because (1) he is not a party to this case; (2) his medical condition is not "in controversy" in this case; and (3) there is not "good cause" for ordering him to submit to a medical examination, each of which is required under Rule 35(a) in order for a court to order a medical examination.  He also urges that he should not be required to disclose his medical records because to do so would waive his right to assert the psychotherapist-patient privilege in other proceedings.

## LEGAL STANDARD & DISCUSSION

A magistrate judge's ruling on a non-dispositive motion may be appealed to the district court for review pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.  Under this Rule, a court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." FED. R. CIV. P. 72(a).  This standard is deferential -- a magistrate judge's decision must be affirmed unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

**A. Is Vidrine a "Party" under Rule 35?**

---

[1] Rec. Doc. 5681.

[2] Id.

2

Vidrine contends that the magistrate judge lacked authority to order him to submit to an independent medical examination under Rule 35(a) of the Federal Rules. Rule 35(a) provides, in pertinent part, that the "court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35(a). Vidrine first argues that the magistrate's order was improper because Rule 35 applies only to "a party," and here, he is only a fact witness.

It is true, as Vidrine contends, that a court may only order an examination of a "party" to an action under Rule 35(a). Both the plain language of the Rule and the caselaw interpreting it make this abundantly clear. See, e.g., Duke v. Pfizer, Inc., 867 F.2d 611, at *10 (6th Cir. 1989) (holding that Rule 35 "specifically applies only to parties"); Scharf v. U.S. Atty. Gen., 597 F.2d 1240, 1243 (9th Cir. 1979)(court's authority to order physical examination was limited to the parties and did not include the parties' parents); Dunford v. Rolly Marine Serv. Co., 233 F.R.D. 635, 637 (S.D. Fla. 2005) ("No authority has been provided for the proposition that a Rule 35 examination can ever be applied to a non-party witness, even if that witness is an officer of a party."); Caban ex rel. Crespo v. 600 E. 21st Street Co., 200 F.R.D. 176, 181 (E.D.N.Y. 2001) ("This Court therefore declines to expand the scope of Rule 35 to include representatives and natural guardians of infant-plaintiffs.").

Here, however, Vidrine is not merely an independent fact witness, as he claims. Rather, as Transocean points out, he is a party defendant in member cases which have been consolidated in this MDL.[3] Although Vidrine contends that this is insufficient to make him a "party" to this action under

---

[3] See, e.g., Case no. 2:11-cv-00348: State of Louisiana ex rel. Plaquemines Parish School Board vs. BP, PLC et. al..

Rule 35, he has cited no authority for this position, and in any case, the Court finds it unpersuasive. Vidrine is one of the many parties whose individual cases have been consolidated in this MDL proceeding in order to facilitate and coordinate the completion of discovery for the benefit of all the parties thereto. The Court agrees with the magistrate judge that this is an adequate legal justification for treating him as a "party" to this action for purposes of Rule 35(a).

**B. Is the Magistrate's Order Procedurally Defective under Rule 35(a)?**

Even if he is considered a party to this action, Vidrine argues that the disputed order is nonetheless procedurally improper because Transocean did not previously file a motion requesting a Rule 35(a) examination. He also contends that he is entitled to notice and an opportunity to be heard before being required to submit to an examination, and that here, he was given none.

It is true that an order requiring an independent medical examination may generally only be ordered upon the motion of a party for good cause shown. FED. R. CIV. P. 35(a)(2)(A). Some courts, however, have excused the motion requirement where, for example, the need for a Rule 35 examination is implicitly raised in another filing. See, e.g., Burleson v. Sprint Pcs Group, 123 Fed. App'x 957, at *2 (10th Cir. 2005)(affirming district court's order compelling Rule 35 examination despite lack of formal motion, where defendant had filed motion to extend expert witness deadline after plaintiff indicated she would not consent to any such examination, and the court construed this motion as a request to require plaintiff to submit to examination). Here, while Transocean did not specifically move for a Rule 35(a) examination, the substance of his motion to compel, as well as its opposition to Vidrine's motion to quash, was a request that he be required to substantiate his claimed inability to give a deposition. The magistrate judge appears to have construed these filings as a Rule 35(a) motion, and the Court finds that the decision to do so was not clearly erroneous or

4

contrary to law.

Furthermore, by seeking review of the magistrate's order, Vidrine has now been given ample notice and opportunity to be heard on the propriety of such an examination, and this Court will address whether the requirements of Rule 35 are met. See Herrera v. Lufkin Indus., Inc., 474 F.3d 675, 689-90 (10th Cir. 2007)(affirming district court's order requiring plaintiff to submit to medical examination in absence of a formal Rule 35 motion, where defendant previously requested examination in a motion to compel and the court addressed the requirements of Rule 35 in its order). Here, the Court finds little reason to overturn the magistrate judge's order simply because Transocean never filed a formal Rule 35 motion. The effect of such would simply be to require the parties re-urge all the same arguments now raised before this Court, which would only serve to delay these proceedings. The Court finds no error in the magistrate's decision on this basis.

### C. Is There "Good Cause" for Ordering Vidrine to Undergo an Independent Medical Examination?

Finally, Vidrine argues that the magistrate judge's order should be vacated because Transocean has not shown that his medical condition is "in controversy" in this case or that "good cause" exists for requiring him to submit to an independent medical examination. Because Transocean never filed a formal motion seeking a Rule 35 examination, Vidrine submits that it could not possibly have carried its burden of showing that his condition was in controversy or that good cause exists.

The Supreme Court has explained that the "in controversy" and "good cause" requirements of Rule 35 are not satisfied by showing "mere relevance to the case." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). Rather, what is required is "an affirmative showing by the movant that each

5

condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." Id. Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought. Id.

Here, even though Transocean never formally moved for a Rule 35 examination of Mr. Vidrine, the parties' previous memoranda were plainly sufficient to demonstrate that Mr. Vidrine's medical condition was genuinely in controversy in this case. The magistrate judge found that Mr. Vidrine had placed this condition in controversy by asserting that he is medically unable to testify in this matter, either by way of deposition or through written discovery. Under the facts of this case, the Court finds that this conclusion was not clearly erroneous or contrary to law.

The Court also agrees with the magistrate's conclusion that good cause exists for ordering Vidrine to submit to an independent medical examination. One factor that should be considered in determining whether good cause exists is the "ability of the movant to obtain the desired information by other means." Id. Here, without an independent medical opinion to substantiate his claims, the parties in the instant proceeding would be forced to simply accept at face value the opinion of Vidrine's personal physician that he is unable to testify. This information would be unavailable both to the Court and to the parties in the absence of an independent examination. Furthermore, the Court finds that the scope of the examination ordered is not overly invasive, in that its scope is limited to confirming whether Vidrine is medically able to give a deposition.

Finally, while Vidrine has expressed concerns over waiving his psyotherapist-patient privilege by disclosing his medical records to the court-appointed physician, the Court will assuage those concerns by modifying the magistrate judge's order to clarify that he is not waiving the right to assert this privilege with respect to the information contained in these records in any other

6

proceeding.

## **CONCLUSION**

For the reasons expressed above, **IT IS ORDERED** that the United States Magistrate Judge's Order **(Rec. Doc. 5681)** is hereby amended to add the following language:

> **By complying with this order, Donald Vidrine shall not be deemed to have waived the right to assert the psychotherapist-patient privilege with respect to the information contained in his medical records in any other action outside the instant proceeding, specifically including any ongoing criminal investigation of the events giving rise to the Macondo well blowout.**

Otherwise, **IT IS ORDERED** that Plaintiff's **Motion for Review (Rec. Doc. 5757)** is **DENIED.**

New Orleans, Louisiana, this 24th day of February, 2012.

_____
United States District Judge