UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL No. 2179<br><br>SECTION J<br><br>JUDGE BARBIER |
| THIS DOCUMENT RELATES: | * * | MAG. JUDGE SHUSHAN |
| IN RE: TRITON ASSET LEASING GmbH Case No. 2:10-cv-02771-CJB-SS | * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDER FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE**

NOW INTO COURT, through undersigned counsel, comes TransWood, Inc., a claimant, who files this Memorandum in Support of the accompanying Motion for Acceptance of Limitation Short Form Joinder Filed Beyond the September 16, 2011 Deadline. Claimant's Short Form was filed on November 30, 2011, and assigned document No. 110044. Claimant seeks this Honorable Court's permission to accept claimant's late-filed claims in the limitation proceeding for the following reasons:

1. Claimant contacted counsel after the Court-established deadline seeking assistance in filing claims for injuries and damages incurred as a result of the Deepwater Horizon explosion and resulting oil spill.

2. Because claimant was unaware of the Court-established deadline, or had not yet fully realized their damages, it did not timely file in the Transocean limitation proceeding.

3. No prejudice will result from the acceptance of the late filings. Such filings have been filed in the Court-established filing system under the action 2:10-cv-08888-CJB-SS. No action has been taken in the limitation proceeding that could cause prejudice to any other party to the proceeding.

4. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of

claims in a limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 378121 (E.D. La. June 7, 1999) (citing *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)). Here, there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these late-filed claims are deemed timely. Limitation has not been determined, and there is no prejudice to the limiting parties or other defendants.

For these reasons, claimant respectfully requests that the Court accept its late-filed short forms and grant the accompanying Motion for Acceptance of Limitation Short Form Joinder Filed Beyond the September 16, 2011 Deadline.

Respectfully submitted,

**LOWE, STEIN, HOFFMAN,
ALLWEISS & HAUVER, L.L.P.**

**/s/ Melvin D. Albritton**
**MICHAEL R. ALLWEISS (2425)**
**JEFFREY M. HOFFMAN (29253)**
**MELVIN D. ALBRITTON (27936)**
**701 Poydras Street, Suite 3600**
**New Orleans, Louisiana 70139-7735**
**(504) 581-2450**
**(504) 581-2461 (Fax)**

CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2012, I electronically filed the foregoing document with the Clerk of Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF System, and provided notice by and through LexisNexis to all counsel of record.

/s/ Melvin D. Albritton