# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

In re:  Oil Spill by the Oil Rig
*Deepwater Horizon* in the Gulf
Of Mexico, on April 20, 2010

This document applies to:
ALL CASES

MDL No. 2179

SECTION: J

JUDGE BARBIER

MAGISTRATE SHUSHAN

### DEFENDANT TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., TRANSOCEAN HOLDINGS LLC, TRANSOCEAN DEEPWATER INC. AND TRITON ASSET LEASING GMBH 'S MOTION FOR ADVERSE INFERENCES BASED ON BP EMPLOYEE MARK HAFLE'S REFUSAL TO TESTIFY

COME NOW Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean"), by and through their undersigned counsel, and following the Court's February 14, 2012 Order regarding Scope of Adverse Inferences Drawn from Invocation of Fifth Amendment Privilege Against Self-Incrimination (Dkt. No. 5682), as well as Magistrate Shushan's February 23, 2012 request that parties submit a list[1] of the adverse inferences to be drawn from testimony of witnesses invoking the Fifth Amendment, Transocean moves for adverse inferences against BP based on BP employee Mark Hafle's refusal to testify, as follows:

---

[1] Based upon Magistrate Shushan's request for a list, Transocean has provided this short pleading.  However, if the Court wishes for Transocean to submit a brief, Transocean will do so.

## I.     **Introduction**

On April 20, 2010, Mark Hafle was BP's senior drilling engineer in charge of daily operations for the Macondo well.  (*See* TREX #4454).  He was working in his Houston office on the night of April 20, 2010.  (TREX #4447).  At 8:52 p.m. that evening, Mr. Hafle spoke with the BP well site leader aboard the *DEEPWATER HORIZON*, Don Vidrine, about the negative pressure test.  (TREX #3575).  Mr. Vidrine reported results showing zero pressure on the kill line, but pressure on the drill pipe.  (TREX #4447).  Although Mr. Hafle told Mr. Vidrine that, "You can't have pressure on the drill pipe and zero pressure on the kill line in a test that's properly lined up," neither man stopped work, and the displacement continued.  *Id.* Unfortunately, there is no direct testimony concerning this April 20, 2010 telephone discussion from Mr. Hafle or Mr. Vidrine.  To date, Mr. Vidrine has refused to testify due to alleged health issues, and Mr. Hafle invoked the Fifth Amendment in response to all questions on this topic.

## II.     **Relevant Testimony and Inferences**

The Court should draw inferences against BP based upon Mr. Hafle's assertion of his Fifth Amendment privilege with respect to the following specific questions identified:

- So you knew sir, did you not, that the rig was reporting pressure on the drill pipe at the conclusion of the negative test, didn't you? (31:7-10)
- [Y]ou knew, sir, there shouldn't have been any pressure on the drill pipe on the negative test; isn't that correct, sir? (31:13-16)
- In fact, you told Mr. Vidrine that you can't have pressure on the drill pipe and a zero pressure on the kill line in a test that's properly lined up, didn't you?  (31:19-23)
- And, sir, you let operations go forward on the rig at that time, didn't you, sir? (32:18-20)
- And you let them complete a displacement of the riser, didn't you, sir? (32:23-24)

The claims against BP are based upon the actions of its agents and employees, including Mr. Hafle.  The fact that BP's on-shore drilling engineer and well site leader disregarded the negative pressure test results is critical to establishing that key BP personnel failed to stop work despite having knowledge of the unsatisfactory test results.  Accordingly, the Court should draw an adverse inference against BP in light of Mr. Hafle's refusal to answer the foregoing questions, and infer that the response to each of the foregoing questions, should Mr. Hafle have answered them, was "Yes."

Respectfully submitted,

By:    /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Kent C. Sullivan (Texas, No. 19487300)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone:  (713) 470-6100
Facsimile:  (713) 654-1301
Email:  steven.roberts@sutherland.com
rachel.clingman@sutherland.com
kent.sullivan@sutherland.com

By:    /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

-and-

By:    /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Richard J. Hymel (Louisiana, No. 20230)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

3

-and-

By:  /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Daniel O. Goforth (Texas, No. 08064000)
Goforth Geren Easterling LLP
4900 Woodway, Suite 750
Houston, Texas 77056
Telephone: (713) 650-0022
Facsimile: (713) 650-1669
Email: dangoforth@goforthlaw.com

*Counsel for Triton Asset Leasing GmbH,
Transocean Holdings LLC, Transocean
Offshore Deepwater Drilling Inc. and
Transocean Deepwater Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice.

/s/  Kerry J. Miller