# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

February 26, 2012

**VIA EMAIL**                                                                                            **CONFIDENTIAL**

The Honorable Carl J. Barbier
United States District Court
500 Poydras Street
New Orleans, LA 70130

   In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on
           April 20, 2010, MDL No. 2179

Dear Judge Barbier:

   I write in response to Halliburton Energy Services, Inc.'s (HESI) February 25, 2012 letter regarding certain BP demonstratives to which HESI objects.  BP agrees that two outstanding issues remain after the several productive "meet and confer" conferences.  While HESI may not like the two demonstratives that remain at issue, however, it has no sound basis to exclude these straightforward demonstrative treatments of trial exhibits.

   First, HESI objects to BP's use of a quotation taken directly from TREX 4572, the Chevron cement testing report ("Chevron Report").  In its February 22, 2012 Order re Motion *in Limine* Regarding Joint Investigation Report and Government Reports ("Chevron Testing Clarifying Order"), this Court ruled that, "[t]he Chevron cement testing report, Chevron cement testing data, and associated fact testimony of Mr. Gardner are not rendered inadmissible by their relationship to the excluded government reports."  (Order at 1.)  Despite HESI's assertion in today's letter, the Court did not permit only the admission of "test results and data" from the Chevron Report but ruled that the report itself was not inadmissible.  A quote from the Chevron Report, therefore, does not violate this order.

   HESI attempts to confuse the issue by quoting parts of the Chevron Testing Clarifying Order related to fact and opinion testimony of witnesses.  Those portions of the Order are irrelevant to the demonstrative at issue, however, which merely places a quotation from the Chevron Report ("None of the tests produced a stable foam") among other quotations from other admissible exhibits and includes a demonstrative headline summarizing the consistent observations made by each of those exhibits — *i.e.*, that the test results showed the Halliburton

## KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
February 24, 2012
Page 2

slurry was unstable.  It is not misleading for BP to place a headline, "Unstable" over such a series of quotations when that headline is supported by the underlying referenced exhibits.  That the Chevron Report concluded that their testing was "unable to generate stable foam with any of the tests described in Section 9 of this report," (TREX 4572 at 2) is the Chevron Report's factual observation of the test results, which the Court has already ruled is not inadmissible.  The other documents referenced in the demonstrative are not the subject of either the Chevron Testing Clarifying Order or any other pending Motion in Limine.  Like any other demonstrative, the Court will be able to see the quotations and headline and judge for itself whether the evidence supports BP's argument.

Second, HESI objects to a series of BP demonstratives that display portions of the Sperry Sun well data, TREX 41015.  HESI objects "to the extent these demonstratives create the misleading impression that Keith was viewing the data on a scale that makes the scale more easily recognized."  BP's demonstratives make no reference to Mr. Keith, nor do they otherwise suggest that that Mr. Keith was viewing the data in that scale on the night of the accident.  Rather, the demonstratives at issue display the Sperry Sun well data from the night of the accident at different points in time in order to demonstrate to the Court what the data shows about flow from the well.  HESI has not argued that the graphical depiction on the demonstratives at issue are themselves incorrect, but instead takes issue with an enlarged call out of the Sperry Sun data exhibit.  Should HESI desire to show the Court what it believes Mr. Keith actually saw on the night of the accident, it is free to produce its own demonstrative showing the scale at which it believes Keith viewed the data.

For these reasons, BP therefore respectfully requests that the Court deny HESI's objections.

We appreciate the Court's time and consideration in this matter.

Sincerely,


/s/ Andrew Langan, P.C.


JAL/cs

cc:   The Honorable Sally Shushan
      Defense Liaison Counsel
      Plaintiffs Liaison Counsel
      Mike Underhill

# KIRKLAND & ELLIS LLP

The Honorable Carl J. Barbier
February 24, 2012
Page 3

      Hon. Attorney General Luther Strange
      Cory Maze
      Trey Phillips
      Ben Allums
      Mike O'Keefe