From: Robert Cunningham <RTC@cunninghambounds.com>
To: "Mike_OKeefe@laed.uscourts.gov" <Mike_OKeefe@laed.uscourts.gov>, "Langan, Andrew" <alangan@kirkland.com>
Cc: Ben Allums <Ben_Allums@laed.uscourts.gov>, Corey Maze <cmaze@ago.state.al.us>, "'dsc2179@liskow.com'" <dsc2179@liskow.com>, "Jeff Breit" <jbreit@bdbmail.com>, James Roy <JIMR@wrightroy.com>, "liaison2179@liskow.com" <liaison2179@liskow.com>, "luther.strange@ago.state.al.us" <luther.strange@ago.state.al.us>, "Mike Underhill" <mike.underhill@usdoj.gov>, Sally Shushan <Sally_Shushan@laed.uscourts.gov>, Steve Herman <sherman@hhkc.com>, "O'Rourke, Steve (ENRD)" <Steve.O'Rourke@usdoj.gov>, "taylorc@ag.state.la.us" <taylorc@ag.state.la.us>, "'treyphillipsdwh@ag.state.la.us'" <treyphillipsdwh@ag.state.la.us>
Date: 02/25/2012 11:05 AM
Subject: RE: MDL 2179 -- Dispute re PSC Demonstratives Subject to Prior Court Orders

Dear Judge Shushan and Mike,

I write in response to Mike's 5:45 p.m. email received yesterday afternoon relating to BP's objections to certain demonstratives.

We have carefully studied, and intend to strictly adhere to, Judge Barbier's pretrial rulings on motions in limine. Not only is it the right thing to do, but to do otherwise would be extremely foolish.

None of the demonstratives BP cites will be used in the opening statement.

Going forward and consistent with the Court's directives regarding prior fines, penalties and criminal history, we are withdrawing the following demonstratives: D-21734.001, D-22779, D-21734.002, D-03818, D-22782.001, D-22782, D-07184.

Most of the rulings on motions in limine were issued after demonstratives had already been prepared. There will no doubt be many other demonstratives that were submitted on February 15th, that will prove to be in conflict with later motion in limine rulings and, therefore, none of those demonstratives will be used at trial.

We do intend to use three to which BP objects during the course of the direct examination of Professor Bob Bea, the PSC's process safety expert. Those demonstratives/exhibits are: TREX-22795, TREX-22796, and TREX-22797. These three demonstratives are clearly permissible under the Court's present ruling regarding motions in limine to exclude instances of prior alleged improper conduct. The order states in part:

> "Also, expert reports are not necessarily excluded merely because they rely upon prior-incident process safety evidence. See FED.R.EVID. 703 ("If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to

>   be admitted.")  *Arguably, evidence of prior incidents would be the precise sort of information that process safety experts would rely upon, even in forming opinions about what happened at Macondo." (emphasis added)*

The three demonstratives in question will be used strictly in the context of the last sentence cited above.  Moreover, we expect to carefully lay a predicate before using each of these demonstratives and we plan to confirm with Judge Barbier immediately after laying the predicate, that we have correctly interpreted his above cited order.

All other issues from BP's objections are premature for next week's evidentiary proffers and trial.

All of the parties will no doubt get guidance on these issues as the case proceeds through the first week and will then adjust to that guidance going forward.

Respectfully,

ROBERT T. CUNNINGHAM
Post Office Box 66705
Mobile, Alabama  36660
Ph  251-471-6191
Fax  251-479-1031
rtc@cunninghambounds.com
www.cunninghambounds.com