# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

February 24, 2012

**VIA EMAIL**                                                                 **CONFIDENTIAL**

The Honorable Carl J. Barbier
United States District Court
500 Poydras Street
New Orleans, LA 70130

In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179

Dear Judge Barbier:

I write to further address the issue of the — now 23 — Plaintiffs' demonstratives to which BP objects as violating Your Honor's February 9, 2012 *Order and Reasons Regarding Motions in Limine to Exclude Instances of Prior Alleged Improper Conduct and Prior Adverse Criminal, Civil or Regulatory Proceedings* ("Prior Incidents Order").[1] The Plaintiffs have now withdrawn seven of the 30 objectionable demonstratives[2] and have confirmed that they will not use any of the objectionable demonstratives during Opening Statements, but have also announced that they do intend to use three of the demonstratives at issue during their examination of the first witness called, Professor Bob Bea. According to the Plaintiffs' response, they view these three demonstratives as "clearly permissible under the Court's present ruling regarding motions in limine to exclude instances of prior alleged improper conduct." Because the three demonstratives plainly advance exactly the types of evidence that the Court described in excluding evidence of prior incidents, we disagree.

---

[1] The 23 Plaintiffs' demonstrative exhibits that remain at issue are: D-21734; D-22782.002; D-22789; D-22797.001; D-22797.002; D-22797.002; D-22797; D-22795; D-22796; D-3821; D-3862; D-3869; D-7153; D-7160; D-7190; D-20001.006; D-20001.007; D-20001.008; D-20001.009; D-20001.010; D-20001.011; D-20001.012; and D-20001.013.

[2] Although Plaintiffs have withdrawn seven of the demonstratives at issue, they have not withdrawn certain alternative versions of those same demonstratives that were also identified among the 30 demonstratives to which BP objected.

K&E 21771883.1

**KIRKLAND & ELLIS LLP**

The Honorable Carl J. Barbier
February 24, 2012
Page 2

Plaintiffs' effort to introduce evidence of prior incidents through the three demonstratives planned for use with Professor Bob Bea (TREX-22795, TREX-22796, and TREX-22797 (copies are attached as Exhibit A)), apparently relies upon the language in the Prior Incidents Order clarifying that "***expert reports*** are not necessarily excluded merely because they rely upon prior-incident safety process evidence." (Prior Incidents Order at 6 (emphasis added).) Plaintiffs assert that their use of the three demonstratives at issue "will be used strictly in the context of" the sentence in the Prior Incidents Order that, "[a]rguably, evidence of prior evidence would be the precise sort of information that process safety experts would rely upon, even in forming opinions about what happened at Macondo." (*Id.*) But a review of the three demonstratives in question reveals that these demonstratives are nothing more than an end-run around exactly the type of evidence the Prior Incidents Order expressly excludes.

Each of the three demonstratives have, as their exclusive focus, precisely the prior incidents (Grangemouth, Texas City, and Prudhoe Bay) that the Prior Incidents Order specifically identified as lacking "any substantial similarity between the prior incidents and the Macondo casualty," because they were "remote in time," "land-based," and because the "specific process safety failures at a refinery are different from those on a MODU." (Prior Incidents Order at 5.) Specifically:

- D-22797, titled "BP's Promises," is a table consisting of 5 rows, four of which describe the events at Alaska, Grangemouth, Texas City, and Prudhoe Bay (with the fifth row referring to Macondo);

- D-22795, titled "Repeated Process Safety failures," presents another table with 4 columns, three of which purport to set forth the causes of the Grangemouth, Texas City and Prudhoe Bay incidents (with the fifth column purporting to reflect the same for Macondo); and

- D-22796, titled "Process Safety - System Reliability," presents three photos, one each of Grangemouth, Texas City, and Prudhoe Bay.

On their face, these demonstratives aim to get the evidence excluded by the Prior Incidents Order before the Court in this Phase I trial. As the Court recognized in the Order in deciding to exclude exactly this type of evidence, allowing the presentation on these irrelevant topics would result in undue delay and waste of time and the need for a "trial within a trial," because BP would have to be afforded an opportunity to present evidence concerning these same prior events in order to defend its conduct regarding those instances and prove the instances' dissimilarity to the facts at Macondo.

That the use of these three demonstratives with Professor Bea is an attempt at an end-run around the Prior Incidents Order is evident from a number of factors. First, there is no mention in the demonstratives in question of Professor Bea, or any reference to his reliance on this

**KIRKLAND & ELLIS LLP**

The Honorable Carl J. Barbier
February 24, 2012
Page 3

information in forming his opinions. Second, the Plaintiffs have disclosed an additional 20 more demonstratives just like these three, which they now discourage the Court from addressing (presumably because they hope to open the door to this type of evidence notwithstanding this Court's clear ruling on the issue, through the examination of Professor Bea). Third, Plaintiffs reordered their planned witness list in response to the Prior Incidents Order, putting their process safety expert first in order to eliminate the effect of the Prior Incidents Order by converting the narrow window afforded in the Order for evidence of the experts' reliance on process safety evidence into an affirmative presentation of that evidence in this Phase I trial.

BP respectfully requests that this effort to unravel the Court's important ruling on this category of evidence be rejected, and that the demonstratives at issue — both the three identified by the Plaintiffs for use with Professor Bea, and the other 20 that remain in dispute — be excluded consistent with the Prior Incidents Order.

We appreciate the Court's time and consideration in this matter.

Sincerely,

Andrew Langan, P.C.

JAL/cs

cc:   The Honorable Sally Shushan
      Defense Liaison Counsel
      Plaintiffs Liaison Counsel
      Mike Underhill
      Hon. Attorney General Luther Strange
      Cory Maze
      Trey Phillips
      Ben Allums
      Mike O'Keefe

# EXHIBIT A

# BP's Promises

| Year | Location | Event | BP's Promise |
|---|---|---|---|
| 1999 | Alaska | Illegal dumping of toxic waste | **"NEVER AGAIN"** TREX-06005 |
| 2000 | Grangemouth | Three major accidents in less than two weeks | **"NEVER AGAIN"** Tony Hayward Dep., Pg. 63 |
| 2005 | Texas City | Explosion killing 15 and injuring 180 | **"NEVER AGAIN"** TREX-06007 |
| 2006 | Prudhoe Bay | 200,000 gallon oil spill | **"NEVER AGAIN"** TREX-06009 |
| 2010 | Macondo | Explosion killing 11; worst oil spill in GoM history | **"NEVER AGAIN"** TREX-06001; TREX-07364; TREX-08000 |

TREX-22797-DEM

# Repeated Process Safety failures



| Cause | Grangemouth (2000) | Texas City (2005) | Prudhoe Bay (2006) | Macondo (2010) |
|---|---|---|---|---|
| Focus on profit and cost cutting | ✓ | ✓ | | ✓ |
| Focus on personal safety and not on process safety | ✓ | ✓ | | ✓ |
| Lack of management oversight | ✓ | ✓ | ✓ | ✓ |
| Organizational shuffling | ✓ | ✓ | ✓ | ✓ |
| Blindness to major accident risk | ✓ | ✓ | ✓ | ✓ |
| Failed process safety audits | ✓ | ✓ | ✓ | ✓ |
| Failed process safety policies & procedures | | | | ✓ |
| Integrity management failures | | | | ✓ |

TREX-22795-DEM



# Process Safety – System Reliability

- Grangemouth 2000
- Texas City 2005
- Prudhoe Bay 2006

TREX-22796-DEM