UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

### [Working Group Conference on Friday, February 17, 2012]

Because of the need for preparation for Phase One, the conference did not address any issues pertaining to Phase Two or the B3 Claims.

### BOP & CAPPING STACK

A.   <u>Gator Boxes</u>.

The U.S. provided a list of the items for retention. Captain Englebert sought authority to release other items and the gator boxes to BP. Unless the parties notify the Court that any of the items identified by Captain Englebert need to be retained, they will be released to BP with the gator boxes. On February 23, 2012, an order was issued authorizing Captain Englebert to release the gator boxes and items to BP (Rec. doc. 5816).

The U.S. asked about retention of ring gaskets. Captain Engelbert responded that an inventory of the items in a container, including ring gaskets, will be recommended for release within the next two weeks.

B.   <u>Protocol for Forensic Examination of Halliburton Computer</u>.

Captain Englebert reported on the status of the protocol.

C. <u>BOP Parts at Trial</u>.

BP reported that, while it is not committed to bringing the rams or annulars into the courtroom, it wants to maintain its option to request that they be brought in. The Court suggested that the rams and other large items could be inspected at Michoud rather than in the courtroom. The PSC requested notice of any request for inspection of large items so it could designate additional equipment for inspection. Captain Englebert requested at least five (5) working days notice of any request for heavy equipment to be brought to the courtroom or inspected at Michoud. For small items, the parties shall provide notice to Captain Englebert so that she will be able to resolve any chain of custody issues.

D. <u>Invoice</u>.

The parties were asked to promptly pay their share of Captain Englebert's latest invoice.

## PHASE ONE

**1. Fact and Expert Witness Lists**.

BP reported that it will produce the revised fact and expert witness lists with track changes by Monday, February 20. Weatherford had previously listed Mr. Lirette as a will call fact witness and BP was granted leave to list Mr. Lirette as one of its will call fact witnesses. On February 24, the final witness lists were filed (Rec. doc. 5829).

**2. Advance Notice of Witnesses**.

Judge Barbier requires advance notice of the witnesses to be called. The PSC reported that during the first week it will call Bea, McKay and Bly along with short deposition clips. The PSC shall provide written notice of those deposition witnesses by February 20.

The issue was raised as to whether the PSC could provide an *in camera* projection to Judge

Barbier of its order of witnesses.  BP objected to the lack of transparency in such a procedure.  The Court requested that the PSC provide it with an *in camera* notice of who it will call during the week of March 5.  The Court will consider BP's objection to the *in camera* notice and determine whether the March 5 week list should be presented to Judge Barbier.

In the absence of further orders, on **Wednesday, March 1**, **at noon**, the PSC shall notify all parties by email of who will be called during the week of March 5.  The PSC shall make the list known in open court before the start of the lunch recess so that the information is available to the general public.

**3.**     **Trial Subpoenas**.

The PSC shall update the list of persons who were served with trial subpoenas.

**4.**     **Don Vidrine**.

The motion to reconsider the Court's ruling is pending.

**5**.     **Records Custodian**.

There was agreement that records custodians will not be required to appear until the end of Phase One.

**6.**     **Effect of *In Limine* Ruling**.

In connection with BP's request for advance notice of a party's intention to offer a large group of documents, there was discussion concerning the effect of Judge Barbier's ruling (Rec. doc. 5634) on BP's motion *in limine* to preclude introduction of evidence regarding instances of prior alleged improper conduct unrelated to the incident.  BP provided the PSC with a list of the depositions it contends should not be introduced as a result of the ruling.  The Court asked BP and the PSC to meet-and-confer to attempt to agree on what should come out of the depositions and the

exhibits as a result of Judge Barbier's ruling.

**7.**   **Baxter Investigation**.

On February 16, the Court issued a ruling regarding the Baxter Investigation. Rec. doc. 5720. The PSC explained that it was possible that there could be an inadvertent and unintentional violation of the order during the course of the trial.

**8.**   **Experts - Daubert Motions.**

Monday, February 20, was the deadline for replies.

**9.**   **Experts - Dr. Kris Ravi**.

BP did not move to exclude any part of Dr. Ravi's report.

**10.**   **Exhibits and Deposition Designations**.

On **Friday, February 24**, the PSC will submit a pleading with a list of the "very few" inferences that it wants Judge Barbier to draw from the Fifth Amendment depositions.

The PSC reported that inData had the Fifth Amendment deposition cuts and it will not have any counter designations. The defendants were given until **Friday, February 24**, to get their objections and deposition cuts to inData for Fifth Amendment depositions. By February 24 inData should have all it needs to complete the depo bundles for the Fifth Amendment depositions.

**11.**   **Trade Secret Information at the Trial**.

The discussion focused on the manuals which Transocean contends should be accorded trade secret status. The Court stressed that the entire manuals were not going to be admitted into evidence. Discreet pages from the Transocean manuals were used in the depositions. Transocean does not object to these pages becoming part of the public record. It does object to the entire manuals becoming part of the public record. inData shall remove the link to the entire manual

from the deposition bundles. This will resolve the trade secret issues for the pages from the manuals found in the deposition designations.

Transocean identified some deposition testimony which it contends should be protected as trade secrets. The parties were asked to meet-and-confer on this deposition testimony.

The Court asked the parties to review the proposed trade secret exhibits to determine what parts they intended to use with live witnesses. If these parts do not raise the trade secret issue, then there is no issue to be resolved.

There was agreement that personal information for witnesses (address, phone number, etc.) would be redacted.

A telephone conference was set for **Wednesday, March 22, 2012, at 1:30 p.m.** to follow-up with the parties on the trade secret issues. The dial information and security code will remain the same from the prior telephone conference.

Once agreement is reached on what will be redacted from the deposition bundles, it will be the responsibility of the party requesting the redaction to communicate to inData exactly what information is to be redacted.

The trade secret requests from Anadarko, Cameron, Halliburton, BP and the U.S. were reviewed.

**12.**   **Stipulations**.

The U.S. was asked to submit its responses to Anadarko's stipulations to the Court and Anadarko.

**13.**   **Demonstratives Aides.**

**Wednesday, February 22**, was the deadline for objections to these demonstrative aides.

During the trial and with good cause the parties may present additional demonstratives or propose changes to the previously exchanged demonstratives with seven (7) calendar days notice to all parties. Responding to another party's demonstrative is good cause for a change in a demonstrative or presentation of an additional demonstrative.

**14.   Video Clips.**

The PSC reported that it will offer short video clips from depositions during the first week. BP and others argued that because of Fed. R. Evid. 106 (Remainder of or Related Written or Recorded Statements), the defendants should receive advance notice of the clips to determine whether anything should be added to them so that clips were rendered "fair and complete." BP contends that it is not attempting to use the procedure present new matter. The Court will reserve ruling on the issue of additions to the clips. The parties are required to provide seven (7) calendar days of notice of the video clips that will be used.

**15.   Live Feeds.**

Live feeds of the real time transcripts are not permitted outside of the courthouse.

**16.   Courtroom Seating.**

Since the conference, the parties agreed on the courtroom seating and the agreement was approved by Judge Barbier.

**17.   Trial Attorneys.**

The parties were asked to provide a list of the trial attorneys who will make appearances on the first day of the trial. This information will be used by the courtroom deputy.

**18.   Order of Witness Examination.**

The issue raised by Transocean concerning the examination time by parties who settled parts

of the claims against them will be resolved by Judge Barbier during the trial.

19.     **Courthouse Access**.

After the conference, the Court distributed a memorandum on courthouse access.

### CONFERENCE SCHEDULE

| | |
|---|---|
| Friday, March 2, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 9, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 16, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 23, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |
| Friday, March 30, 2012 at 9:30 a.m. | WGC meeting - Phase Two. |

New Orleans, Louisiana, this 27th day of February, 2012.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**