UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG | * | MDL No. 2179 |
| | "DEEPWATER HORIZON" in the | * | |
| | GULF OF MEXICO, on | * | SECTION J |
| | APRIL 20, 2010 | * | |
| | | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES: | | * | MAG. JUDGE SHUSHAN |
| | | * | |
| IN RE: TRITON ASSET LEASING GmbH | | * | |
| Case No. 2:10-cv-02771-CJB-SS | | * | |
| | | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF
MOTION FOR ACCEPTANCE OF LIMITATION
SHORT FORM JOINDER FILED AFTER THE SEPTEMBER 16, 2011 DEADLINE**

NOW INTO COURT, through undersigned counsel, comes Claimant, Kevin Harriel who files this Memorandum in Support of the accompanying Motion for Acceptance of Limitation Short Form Joinder Filed after the September 16, 2011 Deadline. Claimant seeks this Honorable Court's permission to accept Claimant's late-filed joinder, filed February 27, 2012, Document No. 112280, in the limitation proceeding for the following reasons:

1. Claimant was unaware of the deadline. Claimant, an oil spill cleanup worker employed as such through May 2011 began to experience progressively worsening shortness of breath which he did not realize was caused by his exposure to crude oil,

hydrocarbons and cleanup solvents and fluids until he was evaluated by medical personnel affiliated with the National Institutes of Health "Gulf Study" of oil spill cleanup workers on December 30, 2011. For this reason the claimant did not realize his damages were related to the oil spill and did not contact counsel in time to meet the monition date established by the Court.

2. Upon a showing of good cause the Court should grant permission to file late claims if the "limitation proceeding is pending and undetermined, and the right of the parties are not adversely affected." *Texas Gulf Sulphur Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) (citing 3 Benedict on Admiralty § 518, p. 542 (Knauth ed. 1940)). Good cause exists here because the claimant's exposure claim did not become manifest and known until after the monition date.

3. No prejudice will result from the acceptance of the Claimant's Short Form Joinder. No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

4. The Transocean limitation proceeding is pending and undetermined.

For these reasons, Claimant respectfully moves this Court for an Order accepting his late-filed joinder, Document No. 112280 filed February 27, 2012, and granting the accompanying Motion for Acceptance of Limitation Short Form Joinder Filed after the September 16, 2011 Deadline.

Respectfully submitted:

*/s/ Franklin G. Shaw*
Franklin G. Shaw, Bar No. 1594
LEGER & SHAW
512 E. Boston Street
Covington, LA 70433
Telephone: (985) 809-6625
Facsimile: (985) 809-6626
Email: fshaw@legershaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2012, I electronically filed the foregoing document with the Clerk of Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF System which will provide notice to all counsel of record.

*/s/ Franklin G. Shaw*
_____
FRANKLIN G. SHAW

3