UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

**[Regarding Motions for Adverse Inferences (Rec. docs. 5873, 5879 and 5885)]**

The motions of Transocean, BP, M-I and Halliburton to limit the scope of adverse inferences drawn from an invocation of the Fifth Amendment privilege against self-incrimination were denied without prejudice to be re-urged on a case-by-case basis.[1]  Rec. doc. 5682.

On February 17, 2012, there was a working group conference.  The Court reported that inData would submit deposition bundles to Judge Barbier for the witnesses who invoked the Fifth Amendment.  BP raised an issue about its ability to complete its submissions for these bundles.  The PSC reported that it submitted its deposition designations and two page summaries for the Fifth Amendment depositions to inData.  In light of Judge Barbier's ruling on the motions to limit the scope of adverse inferences, the PSC reported that on Friday, February 24, it would submit a list of the inferences that it wanted to be drawn from the invocation of the Fifth Amendment in the depositions.  BP reported that it would submit its objections to inData by Friday, February 24.  The other defendants were given the same deadline for their "cuts" on the Fifth Amendment witnesses.  The Court confirmed with the PSC that it would not have counter designations.  Accordingly, the

---

[1] In Federal Deposit Insurance Corporation v. Fidelity & Deposit Company of Maryland, 45 F.3d 969 (5th Cir. 1995), the Fifth Circuit refused "to adopt a rule that would categorically bar a party from calling as a witness a non-party who had no special relationship to the party, for the purpose of having that witness exercise his Fifth Amendment right."  Id. at 978.  It held that district courts have to evaluate these situations on a case-by-case basis.

information required for the Fifth Amendment deposition bundles would be complete with the defendants' submissions of their deposition cuts and objections on Friday, February 24.

At the February 17 conference a deadline was not set for all parties to submit a list of the inferences they wanted Judge Barbier to draw from the Fifth Amendment invocations.

On February 24, the plaintiffs, Halliburton and Transocean filed motions for adverse inferences. Rec. docs. 5873, 5879 and 5885. BP and Cameron did not file such motions.

On February 23, 24, 25 and 26, emails were exchanged concerning these filings. BP proposed that: (1) any party which did not file a motion to draw adverse inferences on February 24 have until March 16 to do so; and (2) the parties be given until March 30 to file omnibus responses to all pending motions requesting adverse inferences. The PSC and Alabama responded that this schedule unnecessarily delays the introduction of the Fifth Amendment deposition bundles and the adverse inferences to be drawn from the invocations. The PSC also contended that any motion by BP to draw adverse inferences was not timely as it was not filed on February 24.

The PSC's position on a February 24 deadline for all motions for adverse inferences is in error. BP's proposed schedule is reasonable. In its motion to limit the scope of adverse inferences, BP argued that Judge Barbier should defer ruling on the use of the invocations until the conclusion of <u>all phases</u> of the trial are complete. Judge Barbier declined to decide that issue at this time. He commented that, "if findings of fact are issued at the conclusion of Phase One and before the start of Phase Two, it will be necessary to rule on the use of invocations for Phase One." Rec. doc. 5682 at 5.

IT IS ORDERED as follows:

1. The deadline for filing motions for adverse inferences or amending the motion for adverse

2

inferences which have been filed is **Friday, March 16, 2012.**

2. The deadline for omnibus responses to all motions for adverse inferences is **Friday, March 30, 2012.**

3. The PSC may offer the deposition bundles of Fifth Amendment witnesses at the first marshaling conference on **Thursday, March 8, 2012.**

New Orleans, Louisiana, this 28th day of February, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**