**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *  * | MDL No. 2179  Section J |
| THIS DOCUMENT RELATES: | * | JUDGE BARBIER  MAG. JUDGE SHUSHAN |
| *All cases and 2:10-CV-2771*  *Triton Asset Leasing GmbH* | * | |

\* * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE**

**MAY IT PLEASE THE COURT:**

Movants respectfully submit this Memorandum in Support of the Motion for Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011, Deadline. Attached to the Motion and this Memorandum is a list of all of undersigned counsel's clients who filed Short Forms after the September 16, 2011, deadline. These Claimants now seek this Honorable Court's permission to accept post deadline claims into the limitation proceedings, on the following grounds:

1. As Claimants were unaware of the deadline, or had not yet fully realized their damages, they did not file timely in the Transocean Limitation Proceeding.

2. No prejudice will result from the acceptance of the post deadline Short Form Joinders, a list of which is attached as Exhibit A, as no action has been taken in the limitation proceeding which could cause prejudice to any other party in the proceeding.

1

3. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in limitation proceeding. Where no prejudice could be suffered by the party seeking limitation, the acceptance of late filed claims should be allowed where equitable reasons are shown. "So long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims." *Texas Gulf Sulfur Co. v. Blue Stack Towing Co.,* 313 F.3d 359, 362 (5th Cir. 1963); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 387121 (E.D.La. June 7, 1999), citing, *Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993). There is nothing in the present suit to indicate that any limitation plaintiff would be adversely affected or suffer any prejudice if these post-deadline claims were deemed timely filed into the limitation action.

4. Limitation has not been determined and there is no prejudice to limiting parties or other claimants.

Movants respectfully request that the Court grant Movants' Motion for Acceptance of Limitation Short Form Joinders filed beyond the September 16, 2011, deadline and the Court deem said Short Form Joinders are filed timely.

Respectfully submitted,

UNGAR & BYRNE, APLC

_____
**EVETTE E. UNGAR (29013)**
**GEORGE W. BYRNE, JR. (3744)**
**CHERYL L. WILD (28805)**
650 Poydras Street, Suite 2005
New Orleans, Louisiana 70130
Telephone:  (504) 566-1616
Facsimile:   (504) 566-1652

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 28th day of February, 2012, the above and foregoing have been served on ALL COUNSEL by electronically uploading the same to Lexis Nexis File & Serve in accordance with this Court's Order, and further that said pleading has been filed electronically with the Clerk of Court CM/ECF system which will send electronic notice in accordance with the procedures established in MDL 2179.

_____
CHERYL L. WILD