UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL NO. 2179**  **SECTION J** |
| **Applies to:** *All Cases* | **JUDGE BARBIER**  **MAGISTRATE JUDGE SHUSHAN** |

### ORDER

[Regarding Confidentiality Claims by Transocean and BP]

In a February 24, 2012 email, Transocean raised two issues. The first concerns Transocean's request that the identity of its customers other than BP be redacted from documents with information regarding well control events and statistics for wells drilled by Transocean for BP and other operators.

BP contends that the documents should not be redacted because: (1) the information is not a trade secret; (2) such statistics are presumably well known to Transocean's other customers and are not the sort of proprietary information that might do them financial harm; (3) these statistics go to a core issue in BP's defense: that its safety record (including offshore well design and matters affecting potential loss of well control) meets or exceeds industry standards, as shown by the comparison to its peers; and (4) the effect of the comparisons will be lost if the identities of BP's peers are redacted.

Transocean responds that none of its customers other than BP and Anadarko are involved in this litigation. It contends that it should be permitted to redact the names of its other customers because: (1) it is not at liberty to publicly release the well control statistics of other operators; (2) in accord with its contracts and as a matter of policy, it does not provide information about its

customers to other customers; (3) BP has benefitted from this policy; (4) the reports are intended for internal use only; (5) if the statistics are presented to the public, there should be no mention of operator names; (6) it should not be asked to jeopardize its relationship with its customers by being forced to disclose data that its customers understand to be confidential; and (7) the redactions will not impede BP's ability to compare its record with that of Transocean's other customers.

For the reasons presented by BP, the identity of the other Transocean customers will not be redacted from the well control statistics.

The second issue concerns performance evaluations. BP requests that it be given 48 hours advance notice if a party *will* use at trial a performance evaluation of a current or former BP employee. This will permit BP to notify its current and former employees (and their individual counsel, where applicable) that their performance evaluations will be used when they testify during the trial.

The PSC objects to advance notice of performance evaluations because: (1) it requires the PSC to telegraph unfairly its strategy with respect to witnesses; and (2) there is no good reason for the disclosure. To the extent that a witness needs to be alerted, it is warning enough to let the witness know that his performance evaluation *may* be used at trial. To the extent that there exists any personal information (e.g., social security number, D.O.B., or address) in the evaluation, the PSC is willing to have that information redacted.[1]

For the reasons presented by the PSC, BP's request for advance notice on the use of performance evaluations is denied.

---

[1] **It is the PSC's obligation to assure that such information is in fact redacted before using the document.**

The deadline for any appeal of this order is noon on **Friday, March 2, 2012.**

New Orleans, Louisiana, this 28th day of February, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**