1
2              **UNITED STATE DISTRICT COURT**
3              **EASTERN DISTRICT OF LOUISIANA**

4                        500 Poydras Street
5                      New Orleans, LA 70130

6                         (504) 589-7600

7

| | |
|---|---|
| **D. MONTGOMERY**<br>-And-<br>**All Other Similarly Situated Parties**<br>*Plaintiffs,*<br>Vs<br>**UNITED STATES OF AMERICA DEPARTMENT OF HOMELAND SECURITY UNITED STATES COAST GUARD**<br>-And-<br>Director of National Pollution Funds Center - Craig A. Bennett<br>**(In his Official Capacity** as Director, National Pollution Funds Center United States Coast Guard)<br>*Defendants* | MDL NO.<br><br>SECTION: J-1<br><br>JUDGE<br>MAG. JUDGE<br>Case 2:10-md-02179-CJB-SS (lead)<br>Case 2:11-cv-02298-CJB-SS (member)<br><br>**MEMORANDUM in Support of**<br>Plaintiff's Motion for<br>**CLASS ACTION**<br>CERTIFICATION ORDER<br>**as authorized under FRCP Rule 2356.** |
| D. Montgomery<br>c/o ETR<br>33523 Eight Mile Rd<br>Bldg A-3, STE 108<br>Livonia, Michigan 48152<br>(313) 670-0371<br><br>Plaintiff, In Pro per | Matthew R. Dursa<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>.P.O. Box 14271<br>Washington, DC 20044-4271<br>Maryland Bar No. N/A<br>Telephone: (202) 616-4033<br>Facsimile: (202) 616-4159<br>Email: matthew.r.dursa@usdoj.gov<br>Attorney for Defendants |

8
9

**TABLE OF CONTENTS**

# Contents

PLAINTIFF'S Motion for ................................................................................................................. 1

MEMORANDUM in Support of ..................................................................................................... 3

   Exhibits ...................................................................................................................................... 7

      Exhibit 1 NPFC Claim Determination N10036-0344 ............................................................ 8

      Exhibit 2 NPFC Claim Determination N10036-0009 ............................................................ 9

      Exhibit 3 NPFC Claim Determination N10036-0166 .......................................................... 10

      Exhibit 4 NPFC Claim Determination N10036-0117 .......................................................... 11

      Exhibit 5 Affidavit of D. Montgomery................................................................................ 12

      Exhibit 6 Testimony of Kenneth R. Feinberg before the Committee on Natural Resources.............. 13

**NOW COMES** Plaintiff, D. Montgomery, In Pro per, respectfully moves this Honorable Court to allow the Plaintiff to act as representative of **All Other Similarly Situated Parties, by** issuing a Class Action Certification Order, as authorized under FRCP 23, for the following reasons:

1. The class is so numerous that joinder of all members is impractical. Based on the October 27, 2011 testimony of Kenneth R. Feinberg, Administrator, Gulf Coast Claims Facility. (See Exhibit 5, last paragraph on page 4 of testimony), states:

   > To date, the Coast Guard has received 1,486 requests for such an independent review and has completed the review of 1,359 of these requests; *in every single instance the Coast Guard has agreed with the ultimate decision rendered by the GCCF.* Based upon claims volume, the

   Based on the testimony of Kenneth R. Feinberg, at least 1,359 parties' claims have been denied by the National Pollution Fund Center (NPFC).

2. There are questions of law or fact common to the class; Whether the NPFC's claims process violates the members' rights under U.S.C. Title 5 USC CHAPTER 5, SUBCHAPTER II - ADMINISTRATIVE PROCEDURE ACT. (APA).

3. The claims of the representative parties are typical of the claims of the class. The NPFC has stated on the record that the APA does not apply. However, the review of Exhibit 1 NPFC Claim Determination N10036-0344, Exhibit 2 NPFC Claim Determination N10036-0009, Exhibit 3 NPFC Claim Determination N10036-0166, and Exhibit 4 NPFC Claim Determination N10036-0117 clearly shows that the NPFC s solicitation of information falls under Plaintiff's claim that the NPFC decisions fails the APA's Statement of Authority of Solicitation Standard required under USC TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals; (e) (3)(A).

4. The Plaintiff will fairly and adequately protect the interests of the class.

5. Prosecuting separate actions by individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

6. The NPFC has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole

Date:
Respectfully submitted,

_____
Plaintiff and representative of **All Other Similarly Situated Parties**

D. Montgomery
c/o ETR
33523 Eight Mile Rd
Bldg A-3, STE 108
Livonia, Michigan 48152
(313) 670-0371

**Exhibits**

1. Exhibit 1 NPFC Claim Determination N10036-0344
2. Exhibit 2 NPFC Claim Determination N10036-0009
3. Exhibit 3 NPFC Claim Determination N10036-0166
4. Exhibit 4 NPFC Claim Determination N10036-0117
5. Exhibit 5 Affidavit of D. Montgomery
6. Exhibit 6 Testimony of Kenneth R. Feinberg before the Committee on Natural Resources