**5**

Montgomery v USA        Case 2:11-cv-02298-CJB-SS        U S Dist Ct EAST DIST OF LA

1   **Exhibit 5 Plaintiff's June 13, 2011, "REQUEST FOR RECONSIDERATION"  and a "REQUEST FOR**
2   **CORRECTION OF RECORDS"**
3

4

Reconsideration of CLAIM N10036-0566     D. Montgomery v. U.S. Coast Guard

| | |
|---|---|
| 1 | **UNITED STATE DISTRICT COURT** |
| 2 | **EASTERN DISTRICT OF LOUISIANA** |
| 3 | 500 Poydras Street |
| 4 | New Orleans, LA 70130 |
| 5 | (504) 589-7600 |
| 6 | |

|  |  |
|---|---|
| **D.  MONTGOMERY** | **MDL NO.** |
| -And- | |
| **All Other Similarly Situated Parties** | **SECTION:** |
| *Plaintiffs*, | |
| Vs | **JUDGE** |
| | **MAG. JUDGE** |
| **UNITED STATES OF AMERICA DEPARTMENT OF HOMELAND SECURITY UNITED STATES COAST GUARD** | **Case** |
| -And- | |
| **Director of National Pollution Funds Center - Craig A. Bennett,** | |
| (**In his Official Capacity** as Director, National Pollution Funds Center United States Coast Guard) | |
| *Defendants* | |

CERTIFIED MAIL

7010 0290 0000 5002 2806

| | |
|---|---|
| 7 | |
| 8 | **REQUEST FOR RECONSIDERATION OF CLAIM N10036-0566** |
| 9 | **And** |
| 10 | **REQUEST FOR CORRECTION OF RECORDS** |
| 11 | **As Authorized under** |
| 12 | TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records maintained |
| 13 | on individuals; (d)(2)(B). |
| 14 | ~~**COMPLAINT and JURY DEMAND**~~ |
| 15 | |

| | | |
|---|---|---|
| Mr. D. Montgomery c/o ETR 33523 Eight Mile Rd Bldg A-3, Suite 108 Livonia, MI 48152 (305) 978-5997 Plaintiff, In Pro per | Mr. Neil H. MacBride Office of the United States Attorney Justin W. Williams United States Attorney's Building 2100 Jamieson Ave Alexandria, VA 22314<br><br>Attorney for Defendants | Mr. Craig A. Bennett Director, National Pollution Funds Center United States Coast Guard US COAST GUARD STOP 7100 4200 WILSON BLVD STE 1000 ARLINGTON VA 20598-7100<br><br>Defendants |

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1    NOW COMES PLAINTIFF/PETITIONER, D. MONTGOMERY, In Pro per, and

2    under the authority of <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a -</u>

3    <u>Records maintained on individuals; (d)(2)(B)</u>, hereby  request the prompt correction of

4    the records of NPFC claim # N10036-0566 for the following items:

5         1.  Listed on the May 23, 2011Claim Summary/Determination Form;

     On 2 March 2011, Claimant presented this claim for $115,460.00 in real or property damages and
     $746,052.00 in loss of profits and impairment of earnings capacity resulting from the Deepwater Horizon
6    oil spill.

7    The correct date that the claim was submitted was Sunday, February 27, 2011

8    11:43 PM by email to "Lara YN1Negron-Abreu" Lara.K.Negron-

9    Abreu@uscg.mil.

10

11        2.  Listed on the May 23, 2011Claim Summary/Determination Form;

     The first cost estimate, dated 12 June 2010 and purportedly from CAT Marine Power Systems, quoted
     Owner/Operator a total of $51,956.78 for two marine propulsion engines and one C1.5 10kW marine
     genset. The cost estimate included a diagnostic summary, which indicated that engine and genset failure
     resulted from "obstruction with 'Tar like' oily substance." The NPFC questioned the Owner about this
     diagnosis to which the Owner replied that he had made the diagnosis himself. The second cost estimate
     dated 18 October 2010 and purportedly from Toromont Marine Power CAT, indicated that "[t]his is for
     the required equipment replacement due to the BP Gulf of Mexico Oil Spill damage as *you* have
12   mentioned."[5]

13   **The Plaintiff-Petitioner-Owner never stated that "he had made the**

14   **diagnosis himself".  The Plaintiff stated in writing in the March 25, 2011**

15   **Response to the NPFC the following:**

16                    i.      Please identify the name of the
17                            dealership/marina that provided the first
18                            cost estimate for replacement of the
19                            engines on 12 June 2010. Was this the
20                            company that diagnosed oil or tar balls in
21                            the cooling system?
22                            **Response: Vessel was not taken to a**
23                            **dealership. Caterpillar 800 support**
24                            **number was called and an authorized**
25                            **service agent was sent out to work on**
26                            **the Vessel. We received all information**
27                            **from the Caterpillar 800 support call**
28                            **center by phone and fax.**
29

30

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1          3.   Listed on the May 23, 2011 Claim Summary/Determination Form;

> Neither cost estimate, therefore, diagnoses the source of the Claimant's alleged damage as the Deepwater Horizon oil spill. Owner, however, intentionally inserted this language into the cost estimate of 12 June 2010.

2

3          **This statement is untrue. Both cost estimates did diagnose the source**

4    **of the damage as the Deepwater Horizon oil spill because of tar balls. Also, the**

5    **Owner did not "intentionally inserted this language into the cost estimate of 12 June**

6    **2010".**

> Owner/Operator also submitted a Michigan (MI) Watercraft Registration purportedly for the SEASEARCHER. The registration indicated that the vessel is a 30' 1996 Bayliner. Owner/Operator confirmed that the vessel is a Bayliner modified for long distance offshore use. The NPFC contacted Bayliner (manufacturer), which confirmed that the registered watercraft is a 1996 Bayliner 2858 Ciera Command Bridge, single screw, designed for a gas engine. Bayliner indicated that such a vessel would not be compatible or even modified, with the two CAT 3056 diesel engines and C1.5 genset, which are listed as replacement engines for the engines in SEASEARCHER.

7

8          **This statement is untrue. Plaintiff provided a written response in the**

9          **March 25, 2011 Response to Request for Information stating:**

10               6. Your vessel is identified as a 30.5 t, 1996 Bayliner.
11               We are not aware that Bayliner manufactured diesel-
12               powered vessels. Please identify the Bayliner model
13               number and where the vessel in normally stored when
14               not in operating on a contract or grant.
15               **Response: Vessel in not normally stored due to on-**
16               **going assignments over the past 7 years. SeaSearch**
17               **is a Custom Boat that was modified by the Lydia**
18               **Boat Yard. Bayliner has been producing Twin**
19               **Engine Diesel boats since the 1980's.**
20

21          **The Plaintiff also provided a receipt for the purchase of the new engines that**

22    **fit into the vessel SEASEARCHER.  Information received from outside third**

23    **parties are a violation of  TITLE 5 PART I CHAPTER 5 SUBCHAPTER II §**

24    **552a - Records maintained on individuals; (d)(2)(B).**

25

26

27

28

29

30

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1      4.  Listed on the May 23, 2011Claim Summary/Determination Form;

Two CAT 3056 engines could not fit into the 2858 Ciera Command Bridge's engine box.  Bayliner
indicated that the dimensions of this engine box are 48.5 inches wide by 47.25 inches in length.  Based on
information available to the NPFC, the length of a single Caterpillar 3056 marine propulsion engine is
42.06 inches in length (without transmission) and 30.6 inches wide.  With no clearance between or beside
the engines, the combined width of two Caterpillar 3056 engines would exceed the available width of the
engine box.

2

3   **This statement is untrue. Plaintiff provided a receipt for the correct engines for**

4   **SEASEARCHER. .  Information received from outside third parties are a violation**

5   **of** TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on

6   individuals; (d)(2)(B)

7      5.  Listed on the May 23, 2011Claim Summary/Determination Form;

Additionally, the Owner/Operator also provided task log with positions (latitudes and longitudes) for the
vessel SEASEARCHER.  Although he alleged that on 10 May 2010 SEASEARCHER experienced
complete engine failure[6] and had to be towed to port, the task log indicated that the vessel continued at the
same SOG [Speed over Ground] of "10" for another 15 days after the date the engines were allegedly
ruined.[7]

8

9   **This statement is untrue. Plaintiff did provide a task log that showed the**

10  **vessel continued until May 25, 2010. However, the device that measures**

11  **SOG was malfunctioning and defaulted to "10" at every location. The**

12  **Plaintiff-Owner remained at sea for 15 days after the engines failed**

13  **waiting for a tow vessel to become available. All available vessel were**

14  **being used in the cleanup effort by the Vessel of Opportunity program by**

15  **BP. SEASEARCHER was powered by sails, wind and solar generators.**

16

17     6.  Listed on the May 23, 2011Claim Summary/Determination Form;

Claimant's financial documentation is also inconsistent.  Although the Claimant reportedly grossed
$13,253,712.78 in 2008 and $13,875,945.00 in 2009, the Claimant's Profit & Loss Statements from 1
April through 30 December 2010 (2nd, 3rd, and 4th quarters) shows no actual revenues, costs of sales, or
expenses (including sales and marketing, R&D, or general and administrative expenses).[8]  It is unclear
how the loss of SEASEARCHER, a single vessel reportedly under OVNI division, impacts the revenue
stream for four different divisions in a multi-million dollar corporation.

18

19  **The conclusions made by the NPFC are untrue. NPFC never asked for**

20  **any clarifications on financial documents. The vessel SEASEARCHER is**

21  **the Plaintiff's only data collection tool. Without SEASEARCHER, there**

22  **is no income. The documents support the Plaintiff's claim that there was**

23  **not income from May to December of 2010.**

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

1    7.  Listed on the May 23, 2011 Claim Summary/Determination Form;

Notwithstanding the above, the Claimant has not shown that the Owner/Operator's release of rights to Geico Indemnity Company (Geico) do not apply to the damages claimed. Owner/Operator provided a copy of payment made by Geico to him for damages which, by way of his signature and release on the check,[9] may have subrogated all of the Claimant's rights for damages resulting from this incident to Geico.

2

3    **The conclusions made by the NPFC are untrue. Review of the check**

4    **received from Geico will show that no signature of the Plaintiff appears**

5    **on the check nor is any release of rights printed or implied on the check.**

6    **The Plaintiff stated  that the check was for payment of charges related to**

7    **towing.**

8

9    **The NFPC refusal to make the above stated corrections within 30 days of**

10   **receipt of this request will result in the immediate filing of a civil action for**

11   **judicial review as authorized under <u>TITLE 5 PART I CHAPTER 5</u>**

12   **<u>SUBCHAPTER II § 552a - Records maintained on individuals; (e)(1), (2), (3)(A),</u>**

13   **<u>(3)(B), (3)(C), (3)(D), (4)(A), (4)(B), (4)(C), (4)(D), (4)(E), (4)(F), (4)(G), (4)(H),</u>**

14   **<u>(4)(I), (5), (7) and (9)</u>.**

15

16   # LEGAL SUMMARY AND OUTLINE OF COMPLAINT

17
18
19

20   ## <u>PRELIMINARY STATEMENT</u>

21

22   1.  This lawsuit seeks Judicial Review of the "**UNITED STATES OF AMERICA**

23   **DEPARTMENT OF HOMELAND SECURITY UNITED STATES COAST**

24   **GUARD National Pollution Funds Center's**" Final Decision (***Exhibit 1***),

25   denying the Plaintiff's claim against the **<u>OIL SPILL LIABILITY TRUST</u>**

26   **<u>FUND</u>** in the amount of **$861,512.00**. The Plaintiff further seeks declaratory and

27   injunctive relief enjoining the Defendants from denying claims from victims of

28   the **Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on**

29   **April 20, 2010**.

1

2.   The Plaintiff also seeks monetary damages in the amount of $2,584,536 for the
Defendants' intentional or willful violation of <u>TITLE 5 PART I CHAPTER 5</u>
<u>SUBCHAPTER II § 552a - Records maintained on individuals; (e)(1), (2), (3)(A),</u>
<u>(3)(B), (3)(C), (3)(D), (4)(A), (4)(B), (4)(C), (4)(D), (4)(E), (4)(F), (4)(G), (4)(H),</u>
<u>(4)(I), (5), (7) and (9)</u>.

3.   The Plaintiff also seeks monetary, declaratory and injunctive relief   under
**TITLE 42 CHAPTER 21 SUBCHAPTER I § 1983 § 1983. Civil action for**
**deprivation of rights**

# JURISDICTION AND VENUE

4.   This case arises under the **<u>U.S.C. TITLE 5 PART I CHAPTER 7 § 702 - Right</u>**
**<u>of review</u>** and is within this Honorable Court's jurisdiction and venue under
**<u>U.S.C. TITLE 5 PART I CHAPTER 7 § 703 - Form and venue of proceeding.</u>**

5.   This Honorable Court also has jurisdiction under **TITLE 5 PART I CHAPTER**
**5 SUBCHAPTER II § 552a (g)(1) Civil Remedies.**

6.   This Court has authority to award costs and attorneys' fees under **TITLE 5**
**PART I CHAPTER 5 SUBCHAPTER II § 552a (g)(2)(B) Civil Remedies.**

# PARTIES

## *D. Montgomery*

7.   Plaintiff, D. Montgomery, a U.S citizen is the owner and operator of the vessel
SeaSearcher, during the **Oil Spill by the Oil Rig "Deepwater Horizon" in the**
**Gulf of Mexico, on April 20, 2010**. Mr. Montgomery suffered physical,
economical and property damages as a direct result of the oil spill.

1   *UNITED STATES COAST GUARD*

2      8.  Defendant **UNITED STATES OF AMERICA DEPARTMENT OF**

3        **HOMELAND SECURITY UNITED STATES COAST GUARD is a federal**

4        **agency established under** <u>TITLE 14 PART I CHAPTER 1 § 1</u>.

5

6   *Director of National Pollution Funds Center - Craig A. Bennett*

7      9.  Defendant Director of National Pollution Funds Center, currently held by Craig

8        A. Bennett, **(In his Official Capacity) is the** Director of the National Pollution

9        Funds Center of the United States Coast Guard whom is responsible for the OIL

10       **SPILL LIABILITY TRUST FUND** as authorized under **<u>Presidential Executive</u>**

11       **<u>Order 12777</u>**, amended by Executive Order 13286, February 28, 2003

12  # **LEGAL FRAMEWORK**

13

14     10. Under the <u>**U.S.C. TITLE 5 PART I CHAPTER 7 § 702 - Right of review**</u>

15  ## *§ 702. Right of review*

16

17  A person suffering legal wrong because of agency action, or adversely affected or

18  aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial

19  review thereof. An action in a court of the United States seeking relief other than money

20  damages and stating a claim that an agency or an officer or employee thereof acted or

21  failed to act in an official capacity or under color of legal authority shall not be dismissed

22  nor relief therein be denied on the ground that it is against the United States or that the

23  United States is an indispensable party. The United States may be named as a defendant

24  in any such action, and a judgment or decree may be entered against the United States:

25  Provided, That any mandatory or injunctive decree shall specify the Federal officer or

26  officers (by name or by title), and their successors in office, personally responsible for

27  compliance. Nothing herein

28  **(1)** affects other limitations on judicial review or the power or duty of the court to

29  dismiss any action or deny relief on any other appropriate legal or equitable ground; or

30  **(2)** confers authority to grant relief if any other statute that grants consent to suit

31  expressly or impliedly forbids the relief which is sought.

32

**Reconsideration of CLAIM N10036-0566**            D. Montgomery v. U.S. Coast Guard

1    11. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records</u>

2    <u>maintained on individuals; (e)(1), (2), (3)(A), (3)(B), (3)(C), (3)(D), (4)(A),</u>

3    <u>(4)(B), (4)(C), (4)(D), (4)(E), (4)(F), (4)(G), (4)(H), (4)(I), (5), (7) and (9)</u>.

4

5    (e) Agency Requirements.— Each agency that maintains a system of rec-ords shall—

6

7    (1) maintain in its records **only** such information about an individual as is relevant and

8    necessary to accomplish a purpose of the agency required to be accomplished by

9    statute or by executive order of the President;

10

11   (2) collect information to the **greatest extent practicable directly from the**

12   **subject individual** when the information may result in adverse determinations about

13   an individual's rights, benefits, and privileges under Federal programs;

14

15   (3) inform each individual whom it asks to supply information, on the form which it

16   uses to collect the information or on a separate form that can be retained by the

17   individual—

18   (A) the authority (whether granted by statute, or by executive order of the President)

19   which authorizes the solicitation of the information and whether disclosure of such

20   information is mandatory or voluntary;

21   (B) the principal purpose or purposes for which the information is intended to be used;

22   (C) the routine uses which may be made of the information, as published pursuant to

23   paragraph (4)(D) of this subsection; and

24   (D) the effects on him, if any, of not providing all or any part of the requested

25   information;

26

27   (4) subject to the provisions of paragraph (11) of this subsection, publish in the

28   Federal Register upon establishment or revision a notice of the existence and

29   character of the system of rec-ords, which notice shall include—

30   (A) the name and location of the system;

31   (B) the categories of individuals on whom records are maintained in the system;

32   (C) the categories of records maintained in the system;

33   (D) each routine use of the records contained in the system, including the categories

34   of users and the purpose of such use;

35   (E) the policies and practices of the agency regarding storage, retrievability, access

36   controls, retention, and disposal of the records;

37   (F) the title and business address of the agency official who is responsible for the

38   system of records;

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1    (G) the agency procedures whereby an individual can be notified at his request if the
2    system of records contains a record pertaining to him;
3    (H) the agency procedures whereby an individual can be notified at his request how he
4    can gain access to any record pertaining to him contained in the system of records,
5    and how he can contest its content; and
6    (I) the categories of sources of records in the system;
7
8    (5) maintain all records which are used by the agency in making any determination
9    about any individual with such accuracy, relevance, timeliness, and completeness as is
10   reasonably necessary to assure fairness to the individual in the determination;
11
12   (6) prior to disseminating any record about an individual to any person other than an
13   agency, unless the dissemination is made pursuant to subsection (b)(2) of this
14   section, make reasonable efforts to assure that such records are accurate, complete,
15   timely, and relevant for agency purposes;
16
17   (7) maintain no record describing how any individual exercises rights guaranteed by
18   the First Amendment unless expressly authorized by statute or by the individual about
19   whom the record is maintained or unless pertinent to and within the scope of an
20   authorized law enforcement activity;
21   (8) make reasonable efforts to serve notice on an individual when any record on such
22   individual is made available to any person under compulsory legal process when such
23   process becomes a matter of public record;
24
25   (9) establish rules of conduct for persons involved in the design, development,
26   operation, or maintenance of any system of records, or in maintaining any record, and
27   instruct each such person with respect to such rules and the requirements of this
28   section, including any other rules and procedures adopted pursuant to this section and
29   the penalties for noncompliance;
30
31   (10) establish appropriate administrative, technical, and physical safeguards to insure
32   the security and confidentiality of records and to protect against any anticipated
33   threats or hazards to their security or integrity which could result in substantial harm,
34   embarrassment, inconvenience, or unfairness to any individual on whom information is
35   maintained;
36
37   (11) at least 30 days prior to publication of information under paragraph (4)(D) of this
38   subsection, publish in the Federal Register notice of any new use or intended use of

**Reconsideration of CLAIM N10036-0566**            D. Montgomery v. U.S. Coast Guard

1   the information in the system, and provide an opportunity for interested persons to

2   submit written data, views, or arguments to the agency; and

3

4   (12) if such agency is a recipient agency or a source agency in a matching program

5   with a non-Federal agency, with respect to any establishment or revision of a

6   matching program, at least 30 days prior to conducting such program, publish in the

7   Federal Register notice of such establishment or revision.

8

9   12. Under U.S.C. **TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a (g)(1)**

10   **Civil Remedies.**

11

12   **(g)**
13   **(1) Civil Remedies.—** Whenever any agency
14   **(A)** makes a determination under subsection (d)(3) of this section not to amend an
15   individual's record in accordance with his request, or fails to make such review in
16   conformity with that subsection;
17
18   **(B)** refuses to comply with an individual request under subsection (d)(1) of this section;
19
20   **(C)** fails to maintain any record concerning any individual with such accuracy, relevance,
21   timeliness, and completeness as is necessary to assure fairness in any determination
22   relating to the qualifications, character, rights, or opportunities of, or benefits to the
23   individual that may be made on the basis of such record, and consequently a
24   determination is made which is adverse to the individual; or
25
26   **(D)** fails to comply with any other provision of this section, or any rule promulgated
27   thereunder, in such a way as to have an adverse effect on an individual,
28   the individual may bring a civil action against the agency, and the district courts of the
29   United States shall have jurisdiction in the matters under the provisions of this
30   subsection.
31
32   **(2)**
33   **(A)** In any suit brought under the provisions of subsection (g)(1)(A) of this section, the
34   court may order the agency to amend the individual's record in accordance with his
35   request or in such other way as the court may direct. In such a case the court shall
36   determine the matter de novo.
37
38   **(B)** The court may assess against the United States reasonable attorney fees and other
39   litigation costs reasonably incurred in any case under this paragraph in which the
40   complainant has substantially prevailed.
41
42   **(3)**
43   **(A)** In any suit brought under the provisions of subsection (g)(1)(B) of this section, the
44   court may enjoin the agency from withholding the records and order the production to
45   the complainant of any agency records improperly withheld from him. In such a case the
46   court shall determine the matter de novo, and may examine the contents of any agency
47   records in camera to determine whether the records or any portion thereof may be
48   withheld under any of the exemptions set forth in subsection (k) of this section, and the
49   burden is on the agency to sustain its action.
50

**(B)** The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this paragraph in which the complainant has substantially prevailed.

**(4)** In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the <u>**court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual**</u> in an amount equal to the sum of—

**(A)** actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and

**(B)** the costs of the action together with reasonable attorney fees as determined by the court.

13. Under **TITLE 42 CHAPTER 21 SUBCHAPTER I § 1983 § 1983. Civil action for deprivation of rights**

## *§ 1983. Civil action for deprivation of rights*

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.


# **FACTUAL BACKGROUND**


14. Defendant **UNITED STATES OF AMERICA DEPARTMENT OF HOMELAND SECURITY UNITED STATES COAST GUARD is a federal agency established under** <u>TITLE 14 PART I CHAPTER 1 § 1</u>.

15. In 1990, the U.S. Congress established the **<u>Oil Pollution Act of 1990</u>**, cited as **<u>TITLE 33 CHAPTER 40 SUBCHAPTER I § 2701</u>**.

**Reconsideration of CLAIM N10036-0566**　　　　D. Montgomery v. U.S. Coast Guard

1  　16. The **OIL SPILL LIABILITY TRUST FUND** was created under the **Oil**
2  　　**Pollution Act of 1990**. The Fund can provide up to $1 billion for any one oil
3  　　pollution incident, including up to $500 million for the initiation of natural
4  　　resource damage assessments and claims in connection with any single incident.
5  　　The main uses of Fund expenditures are:

6
7  　　　a.　State access for removal actions;
8  　　　b.　Payments to Federal, state, and Indian tribe trustees to carry out natural
9  　　　　　resource damage assessments and restorations;
10 　　　c.　Payment of claims for uncompensated removal costs and damages; and
11 　　　d.　Research and development and other specific appropriations.
12

13 　17. **Presidential Executive Order 12777**, amended by **Executive Order 13286**,
14 　　February 28, 2003 established responsibility of the **OIL SPILL LIABILITY**
15 　　**TRUST FUND** to the United States Coast Guard National Pollution Funds
16 　　Center.
17

18 　18. **Director Craig A. Bennett**, **(In his Official Capacity) is the** Director of the
19 　　National Pollution Funds Center of the United States Coast Guard whom is
20 　　responsible for the **OIL SPILL LIABILITY TRUST FUND**.
21

22 　19. The **Oil Pollution Act of** 1990, mandated the **"USES OF THE FUND" under**
23 　　**SEC. 1012. (a)(5)(A)** not more than $25,000,000 in each fiscal year shall be
24 　　available to the Secretary for operating expenses incurred by the Coast Guard.
25
26 　20. The **Oil Pollution Act of** 1990, mandates under **CLAIMS PROCEDURE SEC.**
27 　　**1013(a)**, PRESENTATION.—Except as provided in subsection (b), all claims for
28 　　removal costs or damages shall be presented first to the responsible party or
29 　　guarantor of the source designated under section 1014(a).
30

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

21. The **Oil Pollution Act of** 1990, mandates under **CLAIMS PROCEDURE SEC. 1013(e)** —The President shall promulgate, and may from time to time amend, regulations for the presentation, filing, processing, settlement, and adjudication of claims under this Act against the Fund.

22. The Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett published a "**Claimant's Guide**" which states on page 6 of the guide;

> *"The Adjudication Process*
> *The NPFC processes claims in the order received.*
> *The NPFC reviews the claim to see if all the information is included. If additional information is needed, the NPFC will request that __you__ forward the information. If the information requested is not received within 90 days, NPFC will complete adjudication of the claim with the information it has. This may result in a reduction of possible compensation or denial of the claim."*

23. The Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett  adjudicate claims under the Code of Federal Rules, section **33 C.F.R. PART 136—OIL SPILL LIABILITY TRUST FUND; CLAIMS PROCEDURES**.

24. The Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett **require a release of all rights** to recover the amount paid on that claim from responsible parties and from any person under any other law consistent with provisions of OPA.  NPFC will not require a claimant to release any rights to claim removal costs or damages that are not included in the amount paid.

25. The Defendant, U.S. Coast Guard National Pollution Funds Center maintains a system of records for the adjudication of claims submitted to the **OIL SPILL LIABILITY TRUST FUND**, called the **USCG - NPFC Claims Processing System (NPFC-CPS) (2010)**.

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

26. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals; (e)(1)</u> the Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett **are required to;**

    **(1)** maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President.

27. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals; (e)(2)</u> the Defendant, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett **are required to;**

    **(2)** collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations about an individual's rights, benefits, and privileges under Federal programs.

28. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals; (e)(3)(A)</u> the Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett **are required to;**

    **(3)** inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual—
    **(A)** the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether disclosure of such information is mandatory or voluntary.

29. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals; (e)(3)(B)</u> the Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett **are required to;**

    **(3)** inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual—
    **(B)** the principal purpose or purposes for which the information is intended to be used.

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

1    30. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records</u>

2        <u>maintained on individuals; (e)(3)(C)</u> the Defendants, U.S. Coast Guard National

3        Pollution Funds Center and Director Craig A. Bennett **are required to;**

4        **(3)** inform each individual whom it asks to supply information, on the form which it uses to

5        collect the information or on a separate form that can be retained by the individual—

6        **(C)** the routine uses which may be made of the information, as published pursuant to

7            paragraph (4)(D) of this subsection.

8

9    31. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records</u>

10       <u>maintained on individuals; (e)(3)(D)</u> the Defendants, U.S. Coast Guard National

11       Pollution Funds Center and Director Craig A. Bennett **are required to;**

12       **(3)** inform each individual whom it asks to supply information, on the form which it uses to

13       collect the information or on a separate form that can be retained by the individual—

14       **(D)** the effects on him, if any, of not providing all or any part of the requested

15       information.

16

17   32. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records</u>

18       <u>maintained on individuals; (e)(5)</u> the Defendants, U.S. Coast Guard National

19       Pollution Funds Center and Director Craig A. Bennett **are required to;**

20       **(5)** maintain all records which are used by the agency in making any

21       determination about any individual with such accuracy, relevance, timeliness, and

22       completeness as is reasonably necessary to assure fairness to the individual in the

23       determination.

24

25   33. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records</u>

26       <u>maintained on individuals; (e)(7)</u> the Defendants, U.S. Coast Guard National

27       Pollution Funds Center and Director Craig A. Bennett **are required to;**

28       **(7)** maintain no record describing how any individual exercises rights guaranteed

29       by the First Amendment unless expressly authorized by statute or by the

30       individual about whom the record is maintained or unless pertinent to and within

31       the scope of an authorized law enforcement activity.

32

1    34. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records</u>

2        <u>maintained on individuals; (e)(9)</u> the Defendants, U.S. Coast Guard National

3        Pollution Funds Center and Director Craig A. Bennett **are required to;**

4        **(9)** establish rules of conduct for persons involved in the design, development,

5        operation, or maintenance of any system of records, or in maintaining any record,

6        and instruct each such person with respect to such rules and the requirements of

7        this section, including any other rules and procedures adopted pursuant to this

8        section and the penalties for noncompliance.

9

10   35. Under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a - Records</u>

11       <u>maintained on individuals; (e)(10)</u> the Defendants, U.S. Coast Guard National

12       Pollution Funds Center and Director Craig A. Bennett **are required to;**

13       **(10)** establish appropriate administrative, technical, and physical safeguards to

14       insure the security and confidentiality of records and to protect against any

15       anticipated threats or hazards to their security or integrity which could result in

16       substantial harm, embarrassment, inconvenience, or unfairness to any individual

17       on whom information is maintained.

18

19   36. "On April 20, 2010, the Macondo 252 well, 45 miles off the coast of Louisiana

20       experienced a catastrophic blowout, causing a major explosion, fire and

21       subsequent sinking of the Mobile Offshore Drilling Unit DEEPWATER

22       HORIZON. The fire and explosion caused the deaths of 11 persons aboard the

23       unit, and the blowout resulted in a catastrophic oil spill one mile below the

24       surface of the ocean, leading to an unprecedented oil spill response – the most

25       challenging and complex our nation has ever mobilized," as **reported by the**

26       **Defendants' Commandant R.J. Papp, Jr. ADM**.

27

28   37. At some point after April 20, 2010, and without notice or warning, the parties

29       responsible for the oil spill, BP plc, began to use aircrafts to dispense a chemical

30       dispersants called Corexit 9500 and 9527.

31

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

38. The chemicals Corexit 9500 and 9527 contains 2-butoxyethanol, pinpointed as the cause of lingering health problems experienced by cleanup workers after the 1989 *Exxon Valdez* oil spill,  and is designated a chronic and acute health hazard by Environmental Protection Agency (EPA).

39. The dispersants caused the formation of "tar balls" which clogged the raw water intakes of the engines of the Plaintiff's vessel, causing the engines to burn out.

40. From May 1, 2010 to May 10, 2010, the Plaintiff was unknowingly exposed and contaminated by the "tar balls" laced with the toxicant 2-butoxyethanol.

41. From May 10, 2010 to May 25, 2010, the Plaintiff remained at sea without engine power, relying on sails, wind generator and solar panels to power the vessels systems.

42. The Plaintiff's business incurred over $115,000 in personal property damage and over $600,000 in loss income.


# **Plaintiffs' Allegations**

43. The Final Decision (***Exhibit 1***), of the Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett, denying the Plaintiff's claim against the **OIL SPILL LIABILITY TRUST FUND** in the amount of **$861,512.00,** was arbitrary, capricious, and an abuse of discretion, and contrary to law under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a</u> and the "**Adjudication Process**"  stated in the "**Claimant's Guide**" published by the Defendants.

44. The Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett actions in violating U.S.C. <u>TITLE 5 PART I CHAPTER 5</u>

1    SUBCHAPTER II § 552a and the "**Adjudication Process**" was intentional and
2    willful acts to deprive the Plaintiff right to Due Process.

45. The Plaintiff filed a claim (GCCF #1070213) with the responsible party, BP plc
    and the Gulf Coast Claims Facility on June 16, 2010 and the Plaintiff's claim
    status was still being reported as "Under Review" as of June 12, 2011.

46. On February 25, 2011, the Plaintiff filed a claim with the Defendants, UNITED
    STATES OF AMERICA DEPARTMENT OF HOMELAND SECURITY
    UNITED STATES COAST GUARD National Pollution Funds Center and
    Director Craig A. Bennett, against the **OIL SPILL LIABILITY TRUST FUND**
    in the amount of **$861,512.00.**

47. Count – 1 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I
    CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;
    (e)(3)(A) , the Plaintiff received a letter by email and certified U.S. mail from
    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

    *"Complete Income Tax Return Filings from 2008 and 2009, with
    all forms, schedules and attachments. Provide 2010 if available.
    Only one page of each was provided.",*

    Without stating the authority (whether granted by statute, or by
    executive order of the President) which authorizes the solicitation
    of the information and whether disclosure of such information is
    mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

48. Count – 2 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I
    CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;
    (e)(3)(A) , the Plaintiff received a letter by email and certified U.S. mail from
    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1
2          *"Complete state income tax return filings for Michigan/Ohio from*
3          *2008, 2009 and (if available) 2010",*
4
5          Without stating the authority (whether granted by statute, or by
6          executive order of the President) which authorizes the solicitation
7          of the information and whether disclosure of such information is
8          mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).
9
10     49. Count – 3 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
11          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
12          <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from
13          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
14          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
15          *"Detailed Monthly Profit and Loss Statements from January*
16          *2008 through the present. Only quarterly statements were*
17          *previously provided. These statements need to have actual*
18          *reported amounts",*
19
20          Without stating the authority (whether granted by statute, or by
21          executive order of the President) which authorizes the solicitation
22          of the information and whether disclosure of such information is
23          mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).
24
25     50. Count – 4 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
26          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
27          <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from
28          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
29          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
30          *"Monthly Customer Sales Ledgers from January*
31          *2008 through the present",*
32
33          Without stating the authority (whether granted by statute, or by
34          executive order of the President) which authorizes the solicitation
35          of the information and whether disclosure of such information is
36          mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

51. Count – 5 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

<u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Any applicable agreements/customer contracts or*
*grants for 2010 and 2011",*

Without stating the authority (whether granted by statute, or by

executive order of the President) which authorizes the solicitation

of the information and whether disclosure of such information is

mandatory or voluntary. (<u>**See Exhibit 2, March 23, 2011 Letter**</u>).

52. Count – 6 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

<u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Copies of grants received for performing research, studies, etc.",*

Without stating the authority (whether granted by statute, or by

executive order of the President) which authorizes the solicitation

of the information and whether disclosure of such information is

mandatory or voluntary. (<u>**See Exhibit 2, March 23, 2011 Letter**</u>).

53. Count – 7 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

<u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Documentation verifying the make and model numbers of your original engines*
*and generator sets. If available, provide the associated serial numbers",*

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

1      Without stating the authority (whether granted by statute, or by

2      executive order of the President) which authorizes the solicitation

3      of the information and whether disclosure of such information is

4      mandatory or voluntary. (**<u>See Exhibit 2, March 23, 2011 Letter</u>**).

5

6      54. Count – 8 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

7      <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

8      <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

9      Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

10     Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

11     *"Copies of all actual invoices and receipts related to the engine*
12     *replacement. Please note it appears that only quotes or estimates*
13     *have been provided to date",*
14
15     Without stating the authority (whether granted by statute, or by

16     executive order of the President) which authorizes the solicitation

17     of the information and whether disclosure of such information is

18     mandatory or voluntary. (**<u>See Exhibit 2, March 23, 2011 Letter</u>**).

19

20     55. Count – 9 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

21     <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

22     <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

23     Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

24     Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

25     *"Provide copies of actual payments made for the engine*
26     *replacement/ repairs",*
27
28     Without stating the authority (whether granted by statute, or by

29     executive order of the President) which authorizes the solicitation

30     of the information and whether disclosure of such information is

31     mandatory or voluntary. (**<u>See Exhibit 2, March 23, 2011 Letter</u>**).

32

**Reconsideration of CLAIM N10036-0566**         D. Montgomery v. U.S. Coast Guard

56. Count – 10 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
<u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

   *"For new engines, provide listing of any upgrades not installed on*
   *original engines",*

Without stating the authority (whether granted by statute, or by
executive order of the President) which authorizes the solicitation
of the information and whether disclosure of such information is
mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

57. Count – 11 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
<u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

   *"Pictures of the vessel from ahead, the side and the stern",*

Without stating the authority (whether granted by statute, or by
executive order of the President) which authorizes the solicitation
of the information and whether disclosure of such information is
mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

58. Count – 12 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
<u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

   *"Provide a detailed description of Engineering Technological*
   *Researchers Corporation to include but not limited to the following*
   *items:*
      *a. Type of entity that Engineering Technological Researchers*

1    *Corporation is currently operated as. The State of Michigan*
2    *indicates that the subject entity was formed as a Non-Profit Non-*
3    *Stock Corporation on June 7, 2006. Please indicate if the*
4    *corporation is still operated under this status",*
5
6    Without stating the authority (whether granted by statute, or by

7    executive order of the President) which authorizes the solicitation

8    of the information and whether disclosure of such information is

9    mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

10

11    59. Count – 13 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

12    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

13    <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

14    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

15    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

16    *"Provide a detailed description of Engineering Technological*
17    *Researchers Corporation to include but not limited to the following*
18    *items:*
19    *b. If the corporation has shareholders, identify the current*
20    *shareholders/ owners",*
21
22    Without stating the authority (whether granted by statute, or by

23    executive order of the President) which authorizes the solicitation

24    of the information and whether disclosure of such information is

25    mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

26

27    60. Count – 14 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

28    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

29    <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

30    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

31    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

32    *"Provide a detailed description of Engineering Technological*
33    *Researchers Corporation to include but not limited to the following*
34    *items:*
35    *c. Describe the services/ products provided by the*
36    *corporation",*
37

**Reconsideration of CLAIM N10036-0566**                    D. Montgomery v. U.S. Coast Guard

1    Without stating the authority (whether granted by statute, or by

2    executive order of the President) which authorizes the solicitation

3    of the information and whether disclosure of such information is

4    mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

5

6    61. Count – 15 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

7    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

8    <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

9    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

10   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

11   *"Provide a detailed description of Engineering Technological*
12   *Researchers Corporation to include but not limited to the following*
13   *items:*
14       *d. Describe the typical clientele of the business",*
15
16   Without stating the authority (whether granted by statute, or by

17   executive order of the President) which authorizes the solicitation

18   of the information and whether disclosure of such information is

19   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

20   62. Count – 16 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

21   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

22   <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

23   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

24   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

25   *"Provide a detailed description of Engineering Technological*
26   *Researchers Corporation to include but not limited to the following*
27   *items:*
28       *e. Describe how the corporation earns income",*
29
30   Without stating the authority (whether granted by statute, or by

31   executive order of the President) which authorizes the solicitation

32   of the information and whether disclosure of such information is

33   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

34

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1    63. Count – 17 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

2        <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

3        <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

4        Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

5        Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

6                *"Provide a detailed description of Engineering Technological*
7                *Researchers Corporation to include but not limited to the following*
8                *items:*
9                        *ƒ  The Corporate filing in Michigan indicates that the*
10                       *Corporation would be financed through fundraising, donations*
11                       *and grants. Please describe in further detail and explain if the*
12                       *Corporation still relies on this type of financing to fund*
13                       *operations",*
14
15       Without stating the authority (whether granted by statute, or by

16       executive order of the President) which authorizes the solicitation

17       of the information and whether disclosure of such information is

18       mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

19

20

21    64. Count – 18 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

22       <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

23       <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

24       Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

25       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

26               *"Provide a detailed description of Engineering Technological*
27               *Researchers Corporation to include but not limited to the following*
28               *items:*
29                       *i  From whom do you receive such sources of funds",*
30
31       Without stating the authority (whether granted by statute, or by

32       executive order of the President) which authorizes the solicitation

33       of the information and whether disclosure of such information is

34       mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

35

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1    65. Count – 19 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

2    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

3    <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

4    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

5    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

6        *"Provide a detailed description of Engineering Technological*
7        *Researchers Corporation to include but not limited to the following*
8        *items:*
9            *g. Identify and describe significant projects from 2009 and*
10           *2010, including any projects that were scheduled following the*
11           *Deepwater Horizon incident",*
12

13    Without stating the authority (whether granted by statute, or by

14    executive order of the President) which authorizes the solicitation

15    of the information and whether disclosure of such information is

16    mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

17

18    66. Count – 20 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

19    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

20    <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

21    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

22    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

23        *"Provide a detailed description of Engineering Technological*
24        *Researchers Corporation to include but not limited to the following*
25        *items:*
26            *h. Identify the number of people employed by the corporation",*
27

28    Without stating the authority (whether granted by statute, or by

29    executive order of the President) which authorizes the solicitation

30    of the information and whether disclosure of such information is

31    mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

32

33    67. Count – 21 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

34    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

35    <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

2    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

3          *"Provide a detailed description of Engineering Technological*
4          *Researchers Corporation to include but not limited to the following*
5          *items:*
6                ii.  *Describe the type of personnel employed by the corporation",*
7

8    Without stating the authority (whether granted by statute, or by

9    executive order of the President) which authorizes the solicitation

10   of the information and whether disclosure of such information is

11   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

12

13   68. Count – 22 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

14   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

15   <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

16   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

17   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

18   *"Identify your role and title within Engineering Technological Researchers*
19   *Corporation. The 2006 Michigan non-profit filing does not indicate you*
20   *to be an owner or officer of Engineering Technological Researchers*
21   *Corporation. If authorized to represent the company by letter or power of*
22   *attorney, a copy of the document is required",*
23

24   Without stating the authority (whether granted by statute, or by

25   executive order of the President) which authorizes the solicitation

26   of the information and whether disclosure of such information is

27   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

28

29   69. Count – 23 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

30   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

31   <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

32   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

33   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

34

35   *"Describe how you are compensated by the corporation",*

1
2          Without stating the authority (whether granted by statute, or by
3          executive order of the President) which authorizes the solicitation
4          of the information and whether disclosure of such information is
5          mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).
6

7     70. Count – 24 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
8          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
9          <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from
10         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
11         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
12                                        :
13    *You provided a Task Log for Engineering Technological Researchers*
14    *Corporation through May 25, 2010. Describe the operations performed at*
15    *the stated coordinates",*
16
17         Without stating the authority (whether granted by statute, or by
18         executive order of the President) which authorizes the solicitation
19         of the information and whether disclosure of such information is
20         mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).
21

22    71. Count – 25 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
23         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
24         <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from
25         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
26         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
27                    *"5. Differentiate your operations between Livonia, Michigan, Ohio and*
28                    *other locations where you may operate",*
29
30         Without stating the authority (whether granted by statute, or by
31         executive order of the President) which authorizes the solicitation
32         of the information and whether disclosure of such information is
33         mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).
34

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1    72. Count – 26 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

2          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

3          <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

4          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

5          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

6                      *"6. Your vessel is identified as a 30.5 t, 1996 Bayliner. We are not*
7                      *aware that Bayliner manufactured diesel-powered vessels. Please*
8                      *identify the Bayliner model number and where the vessel in normally*
9                      *stored when not in operating on a contract or grant"*,
10
11          Without stating the authority (whether granted by statute, or by

12          executive order of the President) which authorizes the solicitation

13          of the information and whether disclosure of such information is

14          mandatory or voluntary. (**<u>See Exhibit 2, March 23, 2011 Letter</u>**).

15

16    73. Count – 27 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

17          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

18          <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

19          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

20          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

21                      *"Please identify the name of the dealership/marina that provided the*
22                      *first cost estimate for replacement of the engines on 12 June 2010. Was*
23                      *this the company that diagnosed oil or tar balls in the cooling system?"*,
24
25          Without stating the authority (whether granted by statute, or by

26          executive order of the President) which authorizes the solicitation

27          of the information and whether disclosure of such information is

28          mandatory or voluntary. (**<u>See Exhibit 2, March 23, 2011 Letter</u>**).

29

30

31    74. Count – 28 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

32          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

33          <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

**Reconsideration of CLAIM N10036-0566**        D. Montgomery v. U.S. Coast Guard

1    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

2    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

3         *"Provide the date in which the vessel/ engines became inoperable?",*

4

5    Without stating the authority (whether granted by statute, or by

6    executive order of the President) which authorizes the solicitation

7    of the information and whether disclosure of such information is

8    mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

9

10   75. Count – 29 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

11   CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

12   (e)(3)(A) , the Plaintiff received a letter by email and certified U.S. mail from

13   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

14   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

15        *"Describe the last date following the Deepwater Horizon incident that*

16        *you were able to perform business operations",*

17

18   Without stating the authority (whether granted by statute, or by

19   executive order of the President) which authorizes the solicitation

20   of the information and whether disclosure of such information is

21   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

22

23   76. Count – 30 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

24   CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

25   (e)(3)(A) , the Plaintiff received a letter by email and certified U.S. mail from

26   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

27   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

28        *"Have you repaired your vessel and resumed business operations? If so,*

29        *when you did you resume operations?",*

30

31   Without stating the authority (whether granted by statute, or by

32   executive order of the President) which authorizes the solicitation

33   of the information and whether disclosure of such information is

34   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

1

2    77. Count – 31 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

3    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

4    <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

5    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

6    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

7    *"Provide a detailed timeline of your actions after determining that your*
8    *vessel was inoperable "*,
9
10   Without stating the authority (whether granted by statute, or by

11   executive order of the President) which authorizes the solicitation

12   of the information and whether disclosure of such information is

13   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

14

15   78. Count – 32 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

16   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

17   <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

18   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

19   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

20   *"10. The website for "Engineering Technological Researchers*
21   *Corporation" indicates you were running for the 13th Congressional*
22   *District in Michigan. Describe how your involvement in politics and*
23   *campaigning affected your day to day business operations"*,
24
25   Without stating the authority (whether granted by statute, or by

26   executive order of the President) which authorizes the solicitation

27   of the information and whether disclosure of such information is

28   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

29

30   79. Count – 33 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

31   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

32   <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from

33   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

34   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1    *"Your campaigning website lists your working experience, however; it*
2    *does not seem to mention Engineering Technological Researchers*
3    *Corporation. Please explain",*
4
5    Without stating the authority (whether granted by statute, or by
6    executive order of the President) which authorizes the solicitation
7    of the information and whether disclosure of such information is
8    mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).
9
10   80. Count – 34 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
11   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
12   <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from
13   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
14   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
15   *"12. Explain the differences in claimed amounts from your application to*
16   *the GCCF for Final Payment and your claim with the NPFC",*
17
18   Without stating the authority (whether granted by statute, or by
19   executive order of the President) which authorizes the solicitation
20   of the information and whether disclosure of such information is
21   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).
22
23   81. Count – 35 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
24   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
25   <u>(e)(3)(A)</u> , the Plaintiff received a letter by email and certified U.S. mail from
26   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
27   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
28   *"Explain the differences in claimed amounts from your application to the*
29   *GCCF for Final Payment and your claim with the NPFC",*
30
31   Without stating the authority (whether granted by statute, or by
32   executive order of the President) which authorizes the solicitation
33   of the information and whether disclosure of such information is
34   mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

**Reconsideration of CLAIM N10036-0566**        D. Montgomery v. U.S. Coast Guard

82. Count – 36 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I
CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;
(e)(3)(A) , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Explain how you determined your claimed losses",*

Without stating the authority (whether granted by statute, or by
executive order of the President) which authorizes the solicitation
of the information and whether disclosure of such information is
mandatory or voluntary. (**See Exhibit 2, March 23, 2011 Letter**).

83. Count – 37 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I
CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;
(e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Complete Income Tax Return Filings from 2008 and 2009, with
all forms, schedules and attachments. Provide 2010 if available.
Only one page of each was provided",*

Without stating the principal purpose or purposes for which the
information is intended to be used. (**See Exhibit 2, March 23,
2011 Letter**).

84. Count – 38 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I
CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;
(e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Complete state income tax return filings for Michigan/Ohio from
2008, 2009 and (if available) 2010",*

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

1
2          Without stating the principal purpose or purposes for which the

3          information is intended to be used. (<u>**See Exhibit 2, March 23,**</u>

4          <u>**2011 Letter**</u>).

5
6     85. Count – 39 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

7          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

8          <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

9          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

10         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

11            *"Detailed Monthly Profit and Loss Statements from January*
12            *2008 through the present. Only quarterly statements were*
13            *previously provided. These statements need to have actual*
14            *reported amounts",*
15
16         Without stating the principal purpose or purposes for which the

17         information is intended to be used. (<u>**See Exhibit 2, March 23,**</u>

18         <u>**2011 Letter**</u>).

19
20    86. Count – 40 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

21         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

22         <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

23         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

24         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

25            *"Monthly Customer Sales Ledgers from January*
26            *2008 through the present",*
27
28         Without stating the principal purpose or purposes for which the

29         information is intended to be used. (<u>**See Exhibit 2, March 23,**</u>

30         <u>**2011 Letter**</u>).

31
32    87. Count – 41 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

33         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

34         <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

2   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

3   *"Any applicable agreements/customer contracts or*
4   *grants for 2010 and 2011"*,
5
6   Without stating the principal purpose or purposes for which the

7   information is intended to be used. (**See Exhibit 2, March 23,**

8   **2011 Letter**).

9

10   88. Count – 42 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

11   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

12   <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

13   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

14   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

15   *"Copies of grants received for performing research, studies, etc."*,
16
17   Without stating the principal purpose or purposes for which the

18   information is intended to be used. (**See Exhibit 2, March 23,**

19   **2011 Letter**).

20

21   89. Count – 43 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

22   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

23   <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

24   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

25   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

26   *"Documentation verifying the make and model numbers of your original engines*
27   *and generator sets. If available, provide the associated serial numbers"*,
28
29   Without stating the principal purpose or purposes for which the

30   information is intended to be used. (**See Exhibit 2, March 23,**

31   **2011 Letter**).

32

33   90. Count – 44 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

34   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1   (e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from

2   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

3   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

4   *"Copies of all actual invoices and receipts related to the engine*
5   *replacement. Please note it appears that only quotes or estimates*
6   *have been provided to date"*,
7
8   Without stating the principal purpose or purposes for which the

9   information is intended to be used. (**See Exhibit 2, March 23,**

10   **2011 Letter**).

11

12   91. Count – 45 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

13   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

14   (e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from

15   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

16   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

17   *"Provide copies of actual payments made for the engine*
18   *replacement/ repairs"*,
19
20   Without stating the principal purpose or purposes for which the

21   information is intended to be used. (**See Exhibit 2, March 23,**

22   **2011 Letter**).

23

24   92. Count – 46 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

25   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

26   (e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from

27   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

28   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

29   *"For new engines, provide listing of any upgrades not installed on*
30   *original engines"*,
31
32   Without stating the principal purpose or purposes for which the

33   information is intended to be used. (**See Exhibit 2, March 23,**

34   **2011 Letter**).

**Reconsideration of CLAIM N10036-0566**         D. Montgomery v. U.S. Coast Guard

1

2    93. Count – 47 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

3        <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

4        <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

5        Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

6        Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

7          *"Pictures of the vessel from ahead, the side and the stern",*

8

9        Without stating the principal purpose or purposes for which the

10       information is intended to be used. (**See Exhibit 2, March 23,**

11       **2011 Letter**).

12

13   94. Count – 48 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

14       <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

15       <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

16       Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

17       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

18          *"Provide a detailed description of Engineering Technological*
19          *Researchers Corporation to include but not limited to the following*
20          *items:*
21             *a. Type of entity that Engineering Technological Researchers*
22             *Corporation is currently operated as. The State of Michigan*
23             *indicates that the subject entity was formed as a Non-Profit Non-*
24             *Stock Corporation on June 7, 2006. Please indicate if the*
25             *corporation is still operated under this status",*
26

27       Without stating the principal purpose or purposes for which the

28       information is intended to be used. (**See Exhibit 2, March 23,**

29       **2011 Letter**).

30

31   95. Count – 49 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

32       <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

33       <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

34       Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

35       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

1
2
3
4
5
6

> *"Provide a detailed description of Engineering Technological Researchers Corporation to include but not limited to the following items:*
>> *b. If the corporation has shareholders, identify the current shareholders/ owners",*

7   Without stating the principal purpose or purposes for which the

8   information is intended to be used. (**See Exhibit 2, March 23,**

9   **2011 Letter**).

10

11   96. Count – 50 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

12   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

13   <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

14   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

15   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

16
17
18
19
20
21

> *"Provide a detailed description of Engineering Technological Researchers Corporation to include but not limited to the following items:*
>> *c. Describe the services/ products provided by the corporation",*

22   Without stating the principal purpose or purposes for which the

23   information is intended to be used. (**See Exhibit 2, March 23,**

24   **2011 Letter**).

25

26   97. Count – 51 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

27   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

28   <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

29   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

30   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

31
32
33
34
35

> *"Provide a detailed description of Engineering Technological Researchers Corporation to include but not limited to the following items:*
>> *d. Describe the typical clientele of the business",*

36   Without stating the principal purpose or purposes for which the

37   information is intended to be used. (**See Exhibit 2, March 23,**

1    **2011 Letter**).

2

3    98. Count – 52 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

4    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

5    <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

6    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

7    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

8    *"Provide a detailed description of Engineering Technological*
9    *Researchers Corporation to include but not limited to the following*
10   *items:*
11   *e. Describe how the corporation earns income"*,
12
13   Without stating the principal purpose or purposes for which the

14   information is intended to be used. (**See Exhibit 2, March 23,**

15   **2011 Letter**).

16

17   99. Count – 53 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

18   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

19   <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

20   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

21   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

22   *"Provide a detailed description of Engineering Technological*
23   *Researchers Corporation to include but not limited to the following*
24   *items:*
25   *f  The Corporate filing in Michigan indicates that the*
26   *Corporation would be financed through fundraising, donations*
27   *and grants. Please describe in further detail and explain if the*
28   *Corporation still relies on this type of financing to fund*
29   *operations"*,
30
31   Without stating the principal purpose or purposes for which the

32   information is intended to be used. (**See Exhibit 2, March 23,**

33   **2011 Letter**).

34

35

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1   100.     Count – 54 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

2            <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

3            <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

4            Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

5            Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

6                       *"Provide a detailed description of Engineering Technological*
7                       *Researchers Corporation to include but not limited to the following*
8                       *items:*
9                              *i   From whom do you receive such sources of funds",*
10

11           Without stating the principal purpose or purposes for which the

12           information is intended to be used. (**<u>See Exhibit 2, March 23,</u>**

13           **<u>2011 Letter</u>**).

14

15   101.    Count – 55 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

16           <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

17           <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

18           Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

19           Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

20                      *"Provide a detailed description of Engineering Technological*
21                      *Researchers Corporation to include but not limited to the following*
22                      *items:*
23                             *g.   Identify and describe significant projects from 2009 and*
24                             *2010, including any projects that were scheduled following the*
25                             *Deepwater Horizon incident",*
26

27           Without stating the principal purpose or purposes for which the

28           information is intended to be used. (**<u>See Exhibit 2, March 23,</u>**

29           **<u>2011 Letter</u>**).

30

31   102.    Count – 56 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

32           <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

33           <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

34           Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

35           Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

**Reconsideration of CLAIM N10036-0566**   D. Montgomery v. U.S. Coast Guard

1   *"Provide a detailed description of Engineering Technological*
2   *Researchers Corporation to include but not limited to the following*
3   *items:*
4      *h.  Identify the number of people employed by the corporation",*
5
6   Without stating the principal purpose or purposes for which the
7   information is intended to be used. (**See Exhibit 2, March 23,**
8   **2011 Letter**).
9
10  103.      Count – 57 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I
11  CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;
12  (e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from
13  Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
14  Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
15  *"Provide a detailed description of Engineering Technological*
16  *Researchers Corporation to include but not limited to the following*
17  *items:*
18     *iii.  Describe the type of personnel employed by the corporation",*
19
20  Without stating the principal purpose or purposes for which the
21  information is intended to be used. (**See Exhibit 2, March 23,**
22  **2011 Letter**).
23
24  104.      Count – 58 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I
25  CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;
26  (e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from
27  Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
28  Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
29  *"Identify your role and title within Engineering Technological Researchers*
30  *Corporation. The 2006 Michigan non-profit filing does not indicate you*
31  *to be an owner or officer of Engineering Technological Researchers*
32  *Corporation. If authorized to represent the company by letter or power of*
33  *attorney, a copy of the document is required",*
34
35  Without stating the principal purpose or purposes for which the
36  information is intended to be used. (**See Exhibit 2, March 23,**

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1        **2011 Letter**).

2

3    105.        Count – 59 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

4              <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

5              <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

6              Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

7              Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

8

9    *"Describe how you are compensated by the corporation",*

10

11             Without stating the principal purpose or purposes for which the

12             information is intended to be used. (**See Exhibit 2, March 23,**

13             **2011 Letter**).

14

15   106.        Count – 60 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

16             <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

17             <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

18             Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

19             Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

20                               :

21   *You provided a Task Log for Engineering Technological Researchers*

22   *Corporation through May 25, 2010. Describe the operations performed at*

23   *the stated coordinates",*

24

25             Without stating the principal purpose or purposes for which the

26             information is intended to be used. (**See Exhibit 2, March 23,**

27             **2011 Letter**).

28

29   107.        Count – 61 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

30             <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

31             <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

32             Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

33             Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

34                        *"5. Differentiate your operations between Livonia, Michigan, Ohio and*

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1           *other locations where you may operate",*

2

3           Without stating the principal purpose or purposes for which the

4           information is intended to be used. (**See Exhibit 2, March 23,**

5           **2011 Letter**).

6

7     108.       Count – 62 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

8           <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

9           <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

10          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

11          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

12          *"6. Your vessel is identified as a 30.5 t, 1996 Bayliner. We are not*
13          *aware that Bayliner manufactured diesel-powered vessels. Please*
14          *identify the Bayliner model number and where the vessel is normally*
15          *stored when not in operating on a contract or grant",*
16

17          Without stating the principal purpose or purposes for which the

18          information is intended to be used. (**See Exhibit 2, March 23,**

19          **2011 Letter**).

20

21    109.       Count – 63 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

22          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

23          <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

24          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

25          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

26          *"Please identify the name of the dealership/marina that provided the*
27          *first cost estimate for replacement of the engines on 12 June 2010. Was*
28          *this the company that diagnosed oil or tar balls in the cooling system?",*
29

30          Without stating the principal purpose or purposes for which the

31          information is intended to be used. (**See Exhibit 2, March 23,**

32          **2011 Letter**).

33

34    110.       Count – 64 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

35          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1   (e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from

2   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

3   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

4   *"Provide the date in which the vessel/ engines became inoperable?",*

5

6   Without stating the principal purpose or purposes for which the

7   information is intended to be used. (**See Exhibit 2, March 23,**

8   **2011 Letter**).

9

10   111.      Count – 65 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

11   CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

12   (e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from

13   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

14   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

15   *"Describe the last date following the Deepwater Horizon incident that*

16   *you were able to perform business operations",*

17

18   Without stating the principal purpose or purposes for which the

19   information is intended to be used. (**See Exhibit 2, March 23,**

20   **2011 Letter**).

21

22   112.      Count – 66 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

23   CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

24   (e)(3)(B) , the Plaintiff received a letter by email and certified U.S. mail from

25   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

26   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

27   *"Have you repaired your vessel and resumed business operations? If so,*

28   *when you did you resume operations?",*

29

30   Without stating the principal purpose or purposes for which the

31   information is intended to be used. (**See Exhibit 2, March 23,**

32   **2011 Letter**).

33

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

113.     Count – 67 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
<u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

> *"Provide a detailed timeline of your actions after determining that your*
> *vessel was inoperable ",*

Without stating the principal purpose or purposes for which the
information is intended to be used. (**<u>See Exhibit 2, March 23,</u>**
**<u>2011 Letter</u>**).

114.     Count – 68 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
<u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

> *"10. The website for "Engineering Technological Researchers*
> *Corporation" indicates you were running for the 13th Congressional*
> *District in Michigan. Describe how your involvement in politics and*
> *campaigning affected your day to day business operations",*

Without stating the principal purpose or purposes for which the
information is intended to be used. (**<u>See Exhibit 2, March 23,</u>**
**<u>2011 Letter</u>**).

115.     Count – 69 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
<u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

> *"Your campaigning website lists your working experience, however; it*
> *does not seem to mention Engineering Technological Researchers*
> *Corporation. Please explain",*

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

1        Without stating the principal purpose or purposes for which the

2        information is intended to be used. (**See Exhibit 2, March 23,**

3        **2011 Letter**).

4

5    116.        Count – 70 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

6        <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

7        <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

8        Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

9        Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

10            *"12. Explain the differences in claimed amounts from your application to*
11            *the GCCF for Final Payment and your claim with the NPFC",*
12
13        Without stating the principal purpose or purposes for which the

14        information is intended to be used. (**See Exhibit 2, March 23,**

15        **2011 Letter**).

16

17    117.        Count – 71 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

18        <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

19        <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

20        Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

21        Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

22            *"Explain the differences in claimed amounts from your application to the*
23            *GCCF for Final Payment and your claim with the NPFC",*
24
25        Without stating the principal purpose or purposes for which the

26        information is intended to be used. (**See Exhibit 2, March 23,**

27        **2011 Letter**).

28

29    118.        Count – 72 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

30        <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

31        <u>(e)(3)(B)</u> , the Plaintiff received a letter by email and certified U.S. mail from

32        Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

33        Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

**Reconsideration of CLAIM N10036-0566**        D. Montgomery v. U.S. Coast Guard

1        *"Explain how you determined your claimed losses"*,
2
3        Without stating the principal purpose or purposes for which the
4        information is intended to be used. (**See Exhibit 2, March 23,**
5        **2011 Letter**).
6
7    119.        Count – 73 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
8            <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
9            <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from
10           Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
11           Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
12
13           *"Complete Income Tax Return Filings from 2008 and 2009, with*
14           *all forms, schedules and attachments. Provide 2010 if available.*
15           *Only one page of each was provided"*,
16
17           Without stating the routine uses which may be made of the
18           information. (**See Exhibit 2, March 23, 2011 Letter**).
19
20    120.       Count – 74 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
21           <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
22           <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from
23           Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
24           Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
25
26           *"Complete state income tax return filings for Michigan/Ohio from*
27           *2008, 2009 and (if available) 2010"*,
28
29           Without stating the routine uses which may be made of the
30           information. (**See Exhibit 2, March 23, 2011 Letter**).
31
32    121.       Count – 75 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
33           <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
34           <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

**Reconsideration of CLAIM N10036-0566**                    D. Montgomery v. U.S. Coast Guard

1      Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

2      Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

3      *"Detailed Monthly Profit and Loss Statements from January*
4      *2008 through the present. Only quarterly statements were*
5      *previously provided. These statements need to have actual*
6      *reported amounts",*
7
8      Without stating the routine uses which may be made of the

9      information. (**See Exhibit 2, March 23, 2011 Letter**).

10
11    122.      Count – 76 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

12    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

13    <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

14    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

15    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

16    *"Monthly Customer Sales Ledgers from January*
17    *2008 through the present",*
18
19    Without stating the routine uses which may be made of the

20    information. (**See Exhibit 2, March 23, 2011 Letter**).

21
22    123.      Count – 77 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

23    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

24    <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

25    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

26    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

27    *"Any applicable agreements/customer contracts or*
28    *grants for 2010 and 2011",*
29
30    Without stating the routine uses which may be made of the

31    information. (**See Exhibit 2, March 23, 2011 Letter**).

32

33    124.      Count – 78 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

34    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

35    <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

**Reconsideration of CLAIM N10036-0566**                    D. Montgomery v. U.S. Coast Guard

1    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
2    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
3    *"Copies of grants received for performing research, studies, etc.",*
4
5    Without stating the routine uses which may be made of the
6    information. (**See Exhibit 2, March 23, 2011 Letter**).
7
8    125.    Count – 79 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
9    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
10   <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from
11   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
12   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
13   *"Documentation verifying the make and model numbers of your original engines*
14   *and generator sets. If available, provide the associated serial numbers",*
15
16   Without stating the routine uses which may be made of the
17   information. (**See Exhibit 2, March 23, 2011 Letter**).
18
19   126.    Count – 80 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
20   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
21   <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from
22   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
23   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
24   *"Copies of all actual invoices and receipts related to the engine*
25   *replacement. Please note it appears that only quotes or estimates*
26   *have been provided to date",*
27
28   Without stating the routine uses which may be made of the
29   information. (**See Exhibit 2, March 23, 2011 Letter**).
30
31   127.    Count – 81 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
32   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
33   <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

**Reconsideration of CLAIM N10036-0566**            D. Montgomery v. U.S. Coast Guard

1    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

2    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

3    *"Provide copies of actual payments made for the engine*
4    *replacement/ repairs"*,
5
6    Without stating the routine uses which may be made of the

7    information. (**See Exhibit 2, March 23, 2011 Letter**).

8

9    128.      Count – 82 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

10    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

11    <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

12    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

13    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

14    *"For new engines, provide listing of any upgrades not installed on*
15    *original engines"*,
16
17    Without stating the routine uses which may be made of the

18    information. (**See Exhibit 2, March 23, 2011 Letter**).

19

20    129.      Count – 83 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

21    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

22    <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

23    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

24    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

25    *"Pictures of the vessel from ahead, the side and the stern"*,
26
27    Without stating the routine uses which may be made of the

28    information. (**See Exhibit 2, March 23, 2011 Letter**).

29

30    130.      Count – 84 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

31    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

32    <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

33    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

34    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

1                      *"Provide a detailed description of Engineering Technological*
2                      *Researchers Corporation to include but not limited to the following*
3                      *items:*
4                                *a. Type of entity that Engineering Technological Researchers*
5                                *Corporation is currently operated as. The State of Michigan*
6                                *indicates that the subject entity was formed as a Non-Profit Non-*
7                                *Stock Corporation on June 7, 2006. Please indicate if the*
8                                *corporation is still operated under this status",*
9
10      Without stating the routine uses which may be made of the

11      information. (**See Exhibit 2, March 23, 2011 Letter**).

12

13      131.      Count – 85 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

14      <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

15      <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

16      Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

17      Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

18                       *"Provide a detailed description of Engineering Technological*
19                      *Researchers Corporation to include but not limited to the following*
20                      *items:*
21                                *b. If the corporation has shareholders, identify the current*
22                                *shareholders/ owners",*
23
24      Without stating the routine uses which may be made of the

25      information. (**See Exhibit 2, March 23, 2011 Letter**).

26

27      132.      Count – 86 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

28      <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

29      <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

30      Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

31      Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

32                       *"Provide a detailed description of Engineering Technological*
33                      *Researchers Corporation to include but not limited to the following*
34                      *items:*
35                                *c. Describe the services/ products provided by the*
36                                *corporation",*
37
38      Without stating the routine uses which may be made of the

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1      information. (**See Exhibit 2, March 23, 2011 Letter**).

2

3      133.      Count – 87 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

4      <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

5      <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

6      Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

7      Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

8          *"Provide a detailed description of Engineering Technological*
9          *Researchers Corporation to include but not limited to the following*
10          *items:*
11              *d. Describe the typical clientele of the business",*
12

13      Without stating the routine uses which may be made of the

14      information. (**See Exhibit 2, March 23, 2011 Letter**).

15

16      134.      Count – 88 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

17      <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

18      <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

19      Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

20      Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

21          *"Provide a detailed description of Engineering Technological*
22          *Researchers Corporation to include but not limited to the following*
23          *items:*
24              *e. Describe how the corporation earns income",*
25

26      Without stating the routine uses which may be made of the

27      information. (**See Exhibit 2, March 23, 2011 Letter**).

28

29      135.      Count – 89 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

30      <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

31      <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

32      Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

33      Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

34          *"Provide a detailed description of Engineering Technological*
35          *Researchers Corporation to include but not limited to the following*

**Reconsideration of CLAIM N10036-0566**                    D. Montgomery v. U.S. Coast Guard

1          *items:*
2                    *f  The Corporate filing in Michigan indicates that the*
3                    *Corporation would be financed through fundraising, donations*
4                    *and grants. Please describe in further detail and explain if the*
5                    *Corporation still relies on this type of financing to fund*
6                    *operations",*
7
8          Without stating the routine uses which may be made of the
9          information. (**See Exhibit 2, March 23, 2011 Letter**).
10
11         136.        Count – 90 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
12                     <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
13                     <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from
14                     Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
15                     Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
16                    *"Provide a detailed description of Engineering Technological*
17                    *Researchers Corporation to include but not limited to the following*
18                    *items:*
19                         *i  From whom do you receive such sources of funds",*
20
21         Without stating the routine uses which may be made of the
22         information. (**See Exhibit 2, March 23, 2011 Letter**).
23
24         137.        Count – 91 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
25                     <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
26                     <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from
27                     Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
28                     Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
29                    *"Provide a detailed description of Engineering Technological*
30                    *Researchers Corporation to include but not limited to the following*
31                    *items:*
32                         *g.  Identify and describe significant projects from 2009 and*
33                         *2010, including any projects that were scheduled following the*
34                         *Deepwater Horizon incident",*
35
36         Without stating the routine uses which may be made of the
37         information. (**See Exhibit 2, March 23, 2011 Letter**).
38

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

1    138.      Count – 92 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

2          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

3          <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

4          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

5          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

6              *"Provide a detailed description of Engineering Technological*
7              *Researchers Corporation to include but not limited to the following*
8              *items:*
9                  *h.  Identify the number of people employed by the corporation",*
10
11         Without stating the routine uses which may be made of the

12         information. (**See Exhibit 2, March 23, 2011 Letter**).

13

14   139.      Count – 93 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

15         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

16         <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

17         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

18         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

19             *"Provide a detailed description of Engineering Technological*
20             *Researchers Corporation to include but not limited to the following*
21             *items:*
22                 *iv.  Describe the type of personnel employed by the corporation",*
23
24         Without stating the routine uses which may be made of the

25         information. (**See Exhibit 2, March 23, 2011 Letter**).

26

27   140.      Count – 94 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

28         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

29         <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

30         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

31         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

32   *"Identify your role and title within Engineering Technological Researchers*
33   *Corporation. The 2006 Michigan non-profit filing does not indicate you*
34   *to be an owner or officer of Engineering Technological Researchers*
35   *Corporation. If authorized to represent the company by letter or power of*
36   *attorney, a copy of the document is required",*

**Reconsideration of CLAIM N10036-0566**                    D. Montgomery v. U.S. Coast Guard

1
2          Without stating the routine uses which may be made of the

3          information. (**See Exhibit 2, March 23, 2011 Letter**).

4

5     141.        Count – 95 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

6          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

7          <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

8          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

9          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

10
11    *"Describe how you are compensated by the corporation"*,
12
13         Without stating the routine uses which may be made of the

14         information. (**See Exhibit 2, March 23, 2011 Letter**).

15

16    142.        Count – 96 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

17         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

18         <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

19         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

20         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

21                    :
22    *You provided a Task Log for Engineering Technological Researchers*
23    *Corporation through May 25, 2010. Describe the operations performed at*
24    *the stated coordinates"*,
25
26         Without stating the routine uses which may be made of the

27         information. (**See Exhibit 2, March 23, 2011 Letter**).

28

29    143.        Count – 97 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

30         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

31         <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

32         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

33         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

34              *"5. Differentiate your operations between Livonia, Michigan, Ohio and*

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1        *other locations where you may operate",*
2
3        Without stating the routine uses which may be made of the
4        information. (**See Exhibit 2, March 23, 2011 Letter**).
5
6        144.       Count – 98 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
7        <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
8        <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from
9        Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
10       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
11               *"6. Your vessel is identified as a 30.5 t, 1996 Bayliner. We are not*
12               *aware that Bayliner manufactured diesel-powered vessels. Please*
13               *identify the Bayliner model number and where the vessel in normally*
14               *stored when not in operating on a contract or grant",*
15
16       Without stating the routine uses which may be made of the
17       information. (**See Exhibit 2, March 23, 2011 Letter**).
18
19       145.       Count – 99 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
20       <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
21       <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from
22       Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
23       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
24               *"Please identify the name of the dealership/marina that provided the*
25               *first cost estimate for replacement of the engines on 12 June 2010. Was*
26               *this the company that diagnosed oil or tar balls in the cooling system?",*
27
28       Without stating the routine uses which may be made of the
29       information. (**See Exhibit 2, March 23, 2011 Letter**).
30
31
32       146.       Count – 100 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
33       <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
34       <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

1        Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

2        Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

3            *"Provide the date in which the vessel/ engines became inoperable?",*
4

5        Without stating the routine uses which may be made of the

6        information. (**See Exhibit 2, March 23, 2011 Letter**).

7

8    147.      Count – 101 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

9        <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

10       <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

11       Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

12       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

13           *"Describe the last date following the Deepwater Horizon incident that*
14           *you were able to perform business operations",*
15

16       Without stating the routine uses which may be made of the

17       information. (**See Exhibit 2, March 23, 2011 Letter**).

18

19   148.      Count – 102 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

20       <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

21       <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

22       Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

23       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

24           *"Have you repaired your vessel and resumed business operations? If so,*
25           *when you did you resume operations?",*
26

27       Without stating the routine uses which may be made of the

28       information. (**See Exhibit 2, March 23, 2011 Letter**).

29

30   149.      Count – 103 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

31       <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

32       <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

33       Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

34       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

1     *"Provide a detailed timeline of your actions after determining that your*
2     *vessel was inoperable "*,
3
4  Without stating the routine uses which may be made of the

5  information. (**See Exhibit 2, March 23, 2011 Letter**).

6

7  150.  Count – 104 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

8  <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

9  <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

10  Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

11  Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

12     *"10. The website for "Engineering Technological Researchers*
13     *Corporation" indicates you were running for the 13th Congressional*
14     *District in Michigan. Describe how your involvement in politics and*
15     *campaigning affected your day to day business operations"*,
16
17  Without stating the routine uses which may be made of the

18  information. (**See Exhibit 2, March 23, 2011 Letter**).

19

20  151.  Count – 105 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

21  <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

22  <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

23  Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

24  Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

25     *"Your campaigning website lists your working experience, however; it*
26     *does not seem to mention Engineering Technological Researchers*
27     *Corporation. Please explain"*,
28
29  Without stating the routine uses which may be made of the

30  information. (**See Exhibit 2, March 23, 2011 Letter**).

31

32  152.  Count – 106 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

33  <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

34  <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

1     Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

2     Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

3          *"12. Explain the differences in claimed amounts from your application to*
4          *the GCCF for Final Payment and your claim with the NPFC",*

5

6     Without stating the routine uses which may be made of the

7     information. (<u>**See Exhibit 2, March 23, 2011 Letter**</u>).

8

9     153.     Count – 107 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

10         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

11         <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

12         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

13         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

14              *"Explain the differences in claimed amounts from your application to the*
15              *GCCF for Final Payment and your claim with the NPFC",*

16

17         Without stating the routine uses which may be made of the

18         information. (<u>**See Exhibit 2, March 23, 2011 Letter**</u>).

19

20     154.     Count – 108 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

21         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

22         <u>(e)(3)(C)</u> , the Plaintiff received a letter by email and certified U.S. mail from

23         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

24         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

25              *"Explain how you determined your claimed losses",*

26

27         Without stating the routine uses which may be made of the

28         information. (<u>**See Exhibit 2, March 23, 2011 Letter**</u>).

29

30     155.     Count – 109 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

31         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

32         <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

33         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

34         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

*"Complete Income Tax Return Filings from 2008 and 2009, with all forms, schedules and attachments. Provide 2010 if available. Only one page of each was provided"*,

Without stating the effects on him, if any, of not providing all or any part of the requested information. (**See Exhibit 2, March 23, 2011 Letter**).

156.    Count – 110 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u> <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u> <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Complete state income tax return filings for Michigan/Ohio from 2008, 2009 and (if available) 2010"*,

Without stating the effects on him, if any, of not providing all or any part of the requested information. (**See Exhibit 2, March 23, 2011 Letter**).

157.    Count – 111 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u> <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u> <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Detailed Monthly Profit and Loss Statements from January 2008 through the present. Only quarterly statements were previously provided. These statements need to have actual reported amounts"*,

Without stating the effects on him, if any, of not providing all or any part of the requested information. (**See Exhibit 2, March 23, 2011 Letter**).

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

158.   Count – 112 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
<u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Monthly Customer Sales Ledgers from January*
*2008 through the present",*

Without stating the effects on him, if any, of not providing all or
any part of the requested information. (**See Exhibit 2, March 23,**
**2011 Letter**).

159.   Count – 113 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
<u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Any applicable agreements/customer contracts or*
*grants for 2010 and 2011",*

Without stating the effects on him, if any, of not providing all or
any part of the requested information. (**See Exhibit 2, March 23,**
**2011 Letter**).

160.   Count – 114 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
<u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
<u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

*"Copies of grants received for performing research, studies, etc.",*

Without stating the effects on him, if any, of not providing all or
any part of the requested information. (**See Exhibit 2, March 23,**
**2011 Letter**).

**Reconsideration of CLAIM N10036-0566**                D. Montgomery v. U.S. Coast Guard

1

2    161.        Count – 115 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

3              <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

4              <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

5              Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

6              Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

7                 *"Documentation verifying the make and model numbers of your original engines*
8                 *and generator sets. If available, provide the associated serial numbers",*
9
10             Without stating the effects on him, if any, of not providing all or

11             any part of the requested information. (**See Exhibit 2, March 23,**

12             **2011 Letter**).

13

14    162.        Count – 116 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

15             <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

16             <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

17             Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

18             Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

19                *"Copies of all actual invoices and receipts related to the engine*
20                *replacement. Please note it appears that only quotes or estimates*
21                *have been provided to date",*
22
23             Without stating the effects on him, if any, of not providing all or

24             any part of the requested information. (**See Exhibit 2, March 23,**

25             **2011 Letter**).

26

27    163.        Count – 117 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

28             <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

29             <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

30             Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

31             Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

32                *"Provide copies of actual payments made for the engine*
33                *replacement/ repairs",*
34

1     Without stating the effects on him, if any, of not providing all or

2     any part of the requested information. (**See Exhibit 2, March 23,**

3     **2011 Letter**).

4

5     164.     Count – 118 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

6          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

7          <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

8          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

9          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

10         *"For new engines, provide listing of any upgrades not installed on*
11         *original engines",*
12

13         Without stating the effects on him, if any, of not providing all or

14         any part of the requested information. (**See Exhibit 2, March 23,**

15         **2011 Letter**).

16

17    165.     Count – 119 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

18         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

19         <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

20         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

21         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

22         *"Pictures of the vessel from ahead, the side and the stern",*
23

24         Without stating the effects on him, if any, of not providing all or

25         any part of the requested information. (**See Exhibit 2, March 23,**

26         **2011 Letter**).

27

28    166.     Count – 120 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

29         <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

30         <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

31         Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

32         Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

33              *"Provide a detailed description of Engineering Technological*

1                  *Researchers Corporation to include but not limited to the following*
2                  *items:*
3                        *a. Type of entity that Engineering Technological Researchers*
4                        *Corporation is currently operated as. The State of Michigan*
5                        *indicates that the subject entity was formed as a Non-Profit Non-*
6                        *Stock Corporation on June 7, 2006. Please indicate if the*
7                        *corporation is still operated under this status",*
8
9    Without stating the effects on him, if any, of not providing all or
10    any part of the requested information. (**See Exhibit 2, March 23,**
11    **2011 Letter**).

12

13    167.      Count – 121 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
14    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
15    <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
16    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
17    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
18                  *"Provide a detailed description of Engineering Technological*
19                  *Researchers Corporation to include but not limited to the following*
20                  *items:*
21                        *b. If the corporation has shareholders, identify the current*
22                        *shareholders/ owners",*
23
24    Without stating the effects on him, if any, of not providing all or
25    any part of the requested information. (**See Exhibit 2, March 23,**
26    **2011 Letter**).

27

28    168.      Count – 122 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
29    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
30    <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
31    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
32    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
33                  *"Provide a detailed description of Engineering Technological*
34                  *Researchers Corporation to include but not limited to the following*
35                  *items:*
36                        *c. Describe the services/ products provided by the*
37                        *corporation",*
38

**Reconsideration of CLAIM N10036-0566**         D. Montgomery v. U.S. Coast Guard

1        Without stating the effects on him, if any, of not providing all or

2        any part of the requested information. (**See Exhibit 2, March 23,**

3        **2011 Letter**).

4

5   169.      Count – 123 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

6        CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

7        (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

8        Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

9        Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

10       *"Provide a detailed description of Engineering Technological*

11       *Researchers Corporation to include but not limited to the following*

12       *items:*

13           *d. Describe the typical clientele of the business",*

14

15        Without stating the effects on him, if any, of not providing all or

16        any part of the requested information. (**See Exhibit 2, March 23,**

17        **2011 Letter**).

18

19   170.      Count – 124 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

20        CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

21        (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

22        Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

23        Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

24       *"Provide a detailed description of Engineering Technological*

25       *Researchers Corporation to include but not limited to the following*

26       *items:*

27           *e. Describe how the corporation earns income",*

28

29        Without stating the effects on him, if any, of not providing all or

30        any part of the requested information. (**See Exhibit 2, March 23,**

31        **2011 Letter**).

32

33   171.      Count – 125 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

34        CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

1    (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

2    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

3    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

4    *"Provide a detailed description of Engineering Technological*
5    *Researchers Corporation to include but not limited to the following*
6    *items:*
7    *f  The Corporate filing in Michigan indicates that the*
8    *Corporation would be financed through fundraising, donations*
9    *and grants. Please describe in further detail and explain if the*
10    *Corporation still relies on this type of financing to fund*
11    *operations",*
12
13    Without stating the effects on him, if any, of not providing all or

14    any part of the requested information. (**See Exhibit 2, March 23,**

15    **2011 Letter**).

16

17    172.    Count – 126 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

18    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

19    <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

20    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

21    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

22    *"Provide a detailed description of Engineering Technological*
23    *Researchers Corporation to include but not limited to the following*
24    *items:*
25    *i  From whom do you receive such sources of funds",*
26
27    Without stating the effects on him, if any, of not providing all or

28    any part of the requested information. (**See Exhibit 2, March 23,**

29    **2011 Letter**).

30

31    173.    Count – 127 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

32    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

33    <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

34    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

35    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

36    *"Provide a detailed description of Engineering Technological*

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

1          *Researchers Corporation to include but not limited to the following*
2          *items:*
3                    *g.  Identify and describe significant projects from 2009 and*
4                    *2010, including any projects that were scheduled following the*
5                    *Deepwater Horizon incident",*
6
7          Without stating the effects on him, if any, of not providing all or
8          any part of the requested information. (**See Exhibit 2, March 23,**
9          **2011 Letter**).
10
11    174.        Count – 128 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
12          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
13          <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
14          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
15          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
16                    *"Provide a detailed description of Engineering Technological*
17                    *Researchers Corporation to include but not limited to the following*
18                    *items:*
19                              *h.  Identify the number of people employed by the corporation",*
20
21          Without stating the effects on him, if any, of not providing all or
22          any part of the requested information. (**See Exhibit 2, March 23,**
23          **2011 Letter**).
24
25    175.        Count – 129 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
26          <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
27          <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
28          Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
29          Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
30                    *"Provide a detailed description of Engineering Technological*
31                    *Researchers Corporation to include but not limited to the following*
32                    *items:*
33                              *v.  Describe the type of personnel employed by the corporation",*
34
35          Without stating the effects on him, if any, of not providing all or
36          any part of the requested information. (**See Exhibit 2, March 23,**
37          **2011 Letter**).

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1

2      176.        Count – 130 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

3              CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

4              (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

5              Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

6              Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

7      *"Identify your role and title within Engineering Technological Researchers*

8      *Corporation. The 2006 Michigan non-profit filing does not indicate you*

9      *to be an owner or officer of Engineering Technological Researchers*

10     *Corporation. If authorized to represent the company by letter or power of*

11     *attorney, a copy of the document is required",*

12

13             Without stating the effects on him, if any, of not providing all or

14             any part of the requested information. (**See Exhibit 2, March 23,**

15             **2011 Letter**).

16

17     177.        Count – 131 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

18             CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

19             (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

20             Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

21             Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

22

23     *"Describe how you are compensated by the corporation",*

24

25             Without stating the effects on him, if any, of not providing all or

26             any part of the requested information. (**See Exhibit 2, March 23,**

27             **2011 Letter**).

28

29     178.        Count – 132 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

30             CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

31             (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

32             Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

33             Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

34                        :

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1  *You provided a Task Log for Engineering Technological Researchers*
2  *Corporation through May 25, 2010. Describe the operations performed at*
3  *the stated coordinates",*
4
5       Without stating the effects on him, if any, of not providing all or

6       any part of the requested information. (**See Exhibit 2, March 23,**

7       **2011 Letter**).

8

9   179.      Count – 133 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

10       <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

11       <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

12       Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

13       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

14              *"5. Differentiate your operations between Livonia, Michigan, Ohio and*
15              *other locations where you may operate",*
16
17       Without stating the effects on him, if any, of not providing all or

18       any part of the requested information. (**See Exhibit 2, March 23,**

19       **2011 Letter**).

20

21   180.      Count – 134 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

22       <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

23       <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

24       Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

25       Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

26              *"6. Your vessel is identified as a 30.5 t, 1996 Bayliner. We are not*
27              *aware that Bayliner manufactured diesel-powered vessels. Please*
28              *identify the Bayliner model number and where the vessel in normally*
29              *stored when not in operating on a contract or grant",*
30
31       Without stating the effects on him, if any, of not providing all or

32       any part of the requested information. (**See Exhibit 2, March 23,**

33       **2011 Letter**).

34

**Reconsideration of CLAIM N10036-0566**               D. Montgomery v. U.S. Coast Guard

1   181.     Count – 135 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
2            <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
3            <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
4            Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
5            Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
6                       *"Please identify the name of the dealership/marina that provided the*
7                       *first cost estimate for replacement of the engines on 12 June 2010. Was*
8                       *this the company that diagnosed oil or tar balls in the cooling system?",*
9
10           Without stating the effects on him, if any, of not providing all or
11           any part of the requested information. (**<u>See Exhibit 2, March 23,</u>**
12           **<u>2011 Letter</u>**).
13
14
15   182.     Count – 136 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
16            <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
17            <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
18            Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
19            Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
20                      *"Provide the date in which the vessel/ engines became inoperable?",*
21
22           Without stating the effects on him, if any, of not providing all or
23           any part of the requested information. (**<u>See Exhibit 2, March 23,</u>**
24           **<u>2011 Letter</u>**).
25
26   183.     Count – 137 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>
27            <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>
28            <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from
29            Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast
30            Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:
31                      *"Describe the last date following the Deepwater Horizon incident that*
32                      *you were able to perform business operations",*
33
34           Without stating the effects on him, if any, of not providing all or

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

1    any part of the requested information. (**See Exhibit 2, March 23,**

2    **2011 Letter**).

3

4    184.    Count – 138 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

5    <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

6    <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

7    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

8    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

9    *"Have you repaired your vessel and resumed business operations? If so,*
10   *when you did you resume operations?",*
11

12   Without stating the effects on him, if any, of not providing all or

13   any part of the requested information. (**See Exhibit 2, March 23,**

14   **2011 Letter**).

15

16   185.    Count – 139 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

17   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

18   <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

19   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

20   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

21   *"Provide a detailed timeline of your actions after determining that your*
22   *vessel was inoperable ",*
23

24   Without stating the effects on him, if any, of not providing all or

25   any part of the requested information. (**See Exhibit 2, March 23,**

26   **2011 Letter**).

27

28   186.    Count – 140 - On March 23, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

29   <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

30   <u>(e)(3)(D)</u> , the Plaintiff received a letter by email and certified U.S. mail from

31   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

32   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

33   *"10. The website for "Engineering Technological Researchers*

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1            *Corporation" indicates you were running for the 13th Congressional*
2            *District in Michigan. Describe how your involvement in politics and*
3            *campaigning affected your day to day business operations",*

5    Without stating the effects on him, if any, of not providing all or

6    any part of the requested information. (**See Exhibit 2, March 23,**

7    **2011 Letter**).

9    187.     Count – 141 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

10   CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

11   (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

12   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

13   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

14           *"Your campaigning website lists your working experience, however; it*
15           *does not seem to mention Engineering Technological Researchers*
16           *Corporation. Please explain",*

18   Without stating the effects on him, if any, of not providing all or

19   any part of the requested information. (**See Exhibit 2, March 23,**

20   **2011 Letter**).

22   188.     Count – 142 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

23   CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

24   (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

25   Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

26   Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

27           *"12. Explain the differences in claimed amounts from your application to*
28           *the GCCF for Final Payment and your claim with the NPFC",*

30   Without stating the effects on him, if any, of not providing all or

31   any part of the requested information. (**See Exhibit 2, March 23,**

32   **2011 Letter**).

34   189.     Count – 143 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

35   CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

1    (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

2    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

3    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

4    *"Explain the differences in claimed amounts from your application to the*
5    *GCCF for Final Payment and your claim with the NPFC"*,
6
7    Without stating the effects on him, if any, of not providing all or

8    any part of the requested information. (**See Exhibit 2, March 23,**

9    **2011 Letter**).

10

11    190.    Count – 144 - On March 23, 2011, in violation of U.S.C. TITLE 5 PART I

12    CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

13    (e)(3)(D) , the Plaintiff received a letter by email and certified U.S. mail from

14    Richard M. Cool, Claims Adjuster employee for the Defendants, U.S. Coast

15    Guard National Pollution Funds Center and Director Craig A. Bennett, requesting:

16    *"Explain how you determined your claimed losses"*,
17
18    Without stating the effects on him, if any, of not providing all or

19    any part of the requested information. (**See Exhibit 2, March 23,**

20    **2011 Letter**).

21

22    191.    Count – 145 – On May 25, 2011, in violation of

23    U.S.C. TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a -

24    Records maintained on individuals; (e)(5), the Defendants, U.S.

25    Coast Guard National Pollution Funds Center and Director Craig

26    A. Bennett issued a Final Decision (***Exhibit 1***), which intentional

27    and willfully contained an inaccurate statement that the Plaintiff

28    stated "***that he had made the diagnosis himself…***"

29

    resulted from "obstruction with 'Tar like' oily substance." The NPFC questioned the Owner about this
30    diagnosis to which the Owner replied that he had made the diagnosis himself. The second cost estimate

31

32    The Plaintiff **DENIES** that he made the statement "***that he had***

**Reconsideration of CLAIM N10036-0566**                    D. Montgomery v. U.S. Coast Guard

1       *made the diagnosis himself*…" The Plaintiff's denial is supported

2       by the **Request for Information Letter dated March 23, 2011**

3       issued by Richard M. Cool, Claims Adjuster employee for the

4       Defendants, U.S. Coast Guard National Pollution Funds Center

5       and Director Craig A. Bennett which stated:

6

7       "*Please identify the name of the dealership/marina that provided the first*

8       *cost estimate for replacement of the engines on 12 June 2010. Was this the*

9       *company that diagnosed oil or tar balls in the cooling system?* "

10

11      The Plaintiff's denial is also supported by the **Plaintiff's March**

12      **25, 2011 Response to Request for Information letter** which

13      stated:

14      *Response: Vessel was not taken to a dealership. Caterpillar 800 support*

15      *number was called and an authorized service agent was sent out to work*

16      *on the Vessel. We received all information from the Caterpillar 800*

17      *support call center by phone and fax.*

18

19      (**See Exhibit 2, March 23, 2011 Letter** & **Exhibit 3, March 25, 2011**

20      **Letter**)

21

22      192.            Count – 146 – On May 25, 2011, in violation of

23      U.S.C. TITLE 5 PART I CHAPTER 5 SUBCHAPTER II § 552a -

24      Records maintained on individuals; (e)(5), the Defendants, U.S.

25      Coast Guard National Pollution Funds Center and Director Craig

26      A. Bennett issued a Final Decision (***Exhibit 1***), which intentional

27      and willfully contained an inaccurate statement claiming "*Neither*

28      *cost estimate, therefore, diagnoses the source of the Claimant's*

29      *alleged damage as the Deepwater Horizon oil spill. Owner,*

30      *however, intentionally inserted this language into the cost estimate*

31      *of 12 June 2010.*"

32

33      Neither cost estimate, therefore, diagnoses the source of the Claimant's alleged damage as the Deepwater
        Horizon oil spill. Owner, however, intentionally inserted this language into the cost estimate of 12 June
        2010.

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1

2       The Plaintiff **DENIES** the Defendants' statement; "*Neither cost*

3       *estimate, therefore, diagnoses the source of the Claimant's*

4       *alleged damage as the Deepwater Horizon oil spill. Owner,*

5       *however, intentionally inserted this language into the cost*

6       *estimate of 12 June 2010.*"

7

8       The Defendants' statement is arbitrary, capricious, and an abuse of discretion, and

9       contrary to law under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER II §</u>

10      <u>552a</u> and the "**Adjudication Process**" stated in the "**Claimant's Guide**"

11      published by the Defendants.

12

13    193.      Count – 147 – On May 25, 2011, in violation of U.S.C. <u>TITLE 5 PART I</u>

14      <u>CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;</u>

15      <u>(e)(5)</u>, the Defendants, U.S. Coast Guard National Pollution Funds Center and

16      Director Craig A. Bennett issued a Final Decision (***Exhibit 1***), which intentional

17      and willfully contained an inaccurate statement claiming

18

19      "*Owner/Operator also submitted a Michigan (MI) Watercraft Registration*

20      *purportedly for the SEASEARCHER. The registration indicated that the vessel is*

21      *a 30' 1996 Bayliner. Owner/Operator confirmed that the vessel is a Bayliner*

22      *modified for long distance offshore use. /The NPFC contacted Bayliner*

23      *(manufacturer), which confirmed that the registered watercraft is a 1996 Bayliner*

24      *2858 Ciera Command Bridge single screw designed for a gas engine. Bayliner*

25      *indicated that such a vessel would not be compatible or even modified, with the*

26      *two CAT 3056 diesel engines and C 1.5 genset, which are listed as replacement*

27      *engines for the engines in SEASEARCHER.*"

28

**Reconsideration of CLAIM N10036-0566**   D. Montgomery v. U.S. Coast Guard

Owner/Operator also submitted a Michigan (MI) Watercraft Registration purportedly for the SEASEARCHER. The registration indicated that the vessel is a 30' 1996 Bayliner. Owner/Operator confirmed that the vessel is a Bayliner modified for long distance offshore use. The NPFC contacted Bayliner (manufacturer), which confirmed that the registered watercraft is a 1996 Bayliner 2858 Ciera Command Bridge, single screw, designed for a gas engine. Bayliner indicated that such a vessel would not be compatible or even modified, with the two CAT 3056 diesel engines and C1.5 genset, which are listed as replacement engines for the engines in SEASEARCHER.

Two CAT 3056 engines could not fit into the 2858 Ciera Command Bridge's engine box. Bayliner indicated that the dimensions of this engine box are 48.5 inches wide by 47.25 inches in length. Based on information available to the NPFC, the length of a single Caterpillar 3056 marine propulsion engine is 42.06 inches in length (without transmission) and 30.6 inches wide. With no clearance between or beside the engines, the combined width of two Caterpillar 3056 engines would exceed the available width of the engine box.

3   The Plaintiff **DENIES** the Defendants' statements regarding the

4   design of the vessel SEASEARCHER.

6   The Defendants' statement is arbitrary, capricious, and an abuse of discretion, and

7   contrary to law under U.S.C. TITLE 5 PART I CHAPTER 5 SUBCHAPTER II §

8   552a and the "**Adjudication Process**" stated in the "**Claimant's Guide**"

9   published by the Defendants.

11   194.   Count – 148 – On May 25, 2011, in violation of U.S.C. TITLE 5 PART I

12   CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

13   (e)(5), the Defendants, U.S. Coast Guard National Pollution Funds Center and

14   Director Craig A. Bennett issued a Final Decision (***Exhibit 1***), which intentional

15   and willfully contained an inaccurate statement claiming

17   "*Additionally, the Owner/Operator also provided task log with positions*

18   *(latitudes and longitudes) for the vessel SEASEARCHER. Although he alleged*

19   *that on 10 May 2010 SEASEARCHER experienced complete engine failure and*

20   *had to be towed to port, the task log indicated that the vessel continued at the*

21   *same SOG [Speed over Ground] of "10" for another 15 days after the date the*

22   *engines were allegedly ruined.*"

**Reconsideration of CLAIM N10036-0566**                    D. Montgomery v. U.S. Coast Guard

Additionally, the Owner/Operator also provided task log with positions (latitudes and longitudes) for the vessel SEASEARCHER. Although he alleged that on 10 May 2010 SEASEARCHER experienced complete engine failure[6] and had to be towed to port, the task log indicated that the vessel continued at the same SOG [Speed over Ground] of "10" for another 15 days after the date the engines were allegedly ruined.[7]

1

2

3          The Plaintiff **DENIES** the Defendants' statements regarding the

4          task logs of the vessel SEASEARCHER. The Defendants never

5          asked for clarification from the Plaintiff. The device that

6          measures the speed of the vessel was not working, thus defaulting

7          to a speed of "10". Also, the Plaintiff did not obtain a tow until 15

8          days after the engines failure because no tow vessels were

9          available due to the BP cleanup and the Vessel of Opportunity

10         program. The Plaintiff vessel was powered by sails, wind and

11         solar  generators until a tow vessel was available. The Plaintiff

12         never stated that the vessel was towed on May 10, 2010.

13

14         The Defendants' statements is arbitrary, capricious, and an abuse of discretion,

15         and contrary to law under U.S.C. TITLE 5 PART I CHAPTER 5 SUBCHAPTER

16         II § 552a and the "**Adjudication Process**"  stated in the "**Claimant's Guide**"

17         published by the Defendants.

18

19

20    195.       Count – 149 – On May 25, 2011, in violation of U.S.C. TITLE 5 PART I

21         CHAPTER 5 SUBCHAPTER II § 552a - Records maintained on individuals;

22         (e)(5), the Defendants, U.S. Coast Guard National Pollution Funds Center and

23         Director Craig A. Bennett issued a Final Decision (***Exhibit 1***), which intentional

24         and willfully contained an inaccurate statement claiming

25

26         "*Notwithstanding the above, the Claimant has not shown that the*

27         *Owner/Operator's release of rights to Geico Indemnity Company (Geico) do not*

28         *apply to the damages claimed. Owner/Operator provided a copy of payment made*

29         *by Geico to him for damages which, by way of his signature and release on the*

<u>**Reconsideration of CLAIM N10036-0566**</u>                     D. Montgomery v. U.S. Coast Guard

1        *check, may have subrogated all of the Claimant's rights for damages resulting*

2        *from this incident to Geico"*

3

         Notwithstanding the above, the Claimant has not shown that the Owner/Operator's release of rights to
         Geico Indemnity Company (Geico) do not apply to the damages claimed.  Owner/Operator provided a
         copy of payment made by Geico to him for damages which, by way of his signature and release on the
         check,[9] may have subrogated all of the Claimant's rights for damages resulting from this incident to
4        Geico.

5

6        The Plaintiff **DENIES** the Defendants' statements regarding the

7        signature and release of Rights to Geico. Review of the check

8        from Geico shows "NO signature or release of rights printed or

9        written on the check.

10
11       The Defendants' statements is arbitrary, capricious, and an abuse of discretion,

12       and contrary to law under U.S.C. <u>TITLE 5 PART I CHAPTER 5 SUBCHAPTER</u>

13       <u>II § 552a</u> and the "<u>**Adjudication Process**</u>"  stated in the "<u>**Claimant's Guide**</u>"

14       published by the Defendants.

15                          # **CAUSE OF ACTION**
16
17

18                          # **PRAYER FOR RELIEF**
19
20       WHEREFORE Plaintiffs respectfully requests that the Court:

21              1.  Grant the Plaintiff a Trial by Jury

22              2.  Grant a Judgment of threefold the damage the Plaintiff sustains and the

23                   cost of the suit, including attorney's fees.

24              3.  Grant such other and further relief as the Court deems just and proper.

25

26       Respectfully submitted,

27       _____

28       Duane Montgomery

29       305-978-5997

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1   *Exhibits*

2

3   Final Decision (Exhibit 1):

4   Exhibit 2, March 23, 2011 Letter

5   Exhibit_3, March 25, 2011 Letter Response to Request for Information

6

7

8

9

10

11

12

13

14

15

16

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

1   ## Final Decision (Exhibit_1):

| | | | |
|---|---|---|---|
| U.S. Department of<br>Homeland Security<br><br>**United States<br>Coast Guard** |  | Director<br>National Pollution Funds Center<br>United States Coast Guard | NPFC CA  MS 7100<br>**US COAST GUARD**<br>4200 Wilson Blvd. Suite 1000<br>Arlington, VA 20598-7100<br>Staff Symbol: (CA)<br>Phone: 202-493-6700<br>E-mail: arl-pf-npfcclaimsinfo@uscg.mil<br>Fax: 202-493-6937 |

CERTIFIED MAIL – RETURN RECEIPT REQUESTED          DWHZ/5890
Number:  7011  0470  0000  8895  6541          23 May 2011

Engineering Technological Researchers
ATTN: Duane Montgomery
33523 Eight Mile Rd, Bldg A-3, Suite 108
Livonia, MI  48152

RE:  Claim Number: N10036-0566

Dear Mr. Montgomery:

The National Pollution Funds Center (NPFC), in accordance with the Oil Pollution Act of 1990, 33 U.S.C. § 2701 et seq. (OPA) and the associated regulations at 33 C.F.R. Part 136, DENIES payment on claim number N10036-0566 involving the Deepwater Horizon oil spill. Please see the enclosed Claim Summary/Determination Form for further explanation.

You may make a written request for reconsideration of this claim. The reconsideration must be received by the NPFC within 60 days of the date of this letter and must include the factual or legal basis of the request for reconsideration, providing any additional support for the claim. However, if you find that you will be unable to gather particular information within the time period, you may include a request for an extension of time for a specified duration with your reconsideration request.

Reconsideration of the denial will be based upon the information provided. A claim may be reconsidered only once. Disposition of that reconsideration in writing will constitute final agency action. Failure of the NPFC to issue a written decision within 90 days after receipt of a timely request for reconsideration shall, at the option of the claimant, be deemed final agency action. All correspondence should include claim number N10036-0566.

Mail reconsideration requests to:

Director (ca)
NPFC CA MS 7100
US COAST GUARD
4200 Wilson Blvd, Suite 1000
Arlington, VA 20598-7100

Sincerely,

Claims Adjudication Division
National Pollution Funds Center
U.S. Coast Guard

Enclosures:   (1) Claim Summary/Determination Form
              (2) List of Documentation Provided by Claimant

2

<u>**Reconsideration of CLAIM N10036–0566**</u>                    D. Montgomery v. U.S. Coast Guard

### CLAIM SUMMARY / DETERMINATION FORM

| | |
|---|---|
| Date | : 5/18/2011 |
| Claim Number | : N10036-0566 |
| Claimant | : Engineering Technological Researchers |
| Type of Claimant | : Private (US) |
| Type of Claim | : Loss of Profits and Earning Capacity |
| Amount Requested | : $861,512.00 |

*FACTS*

On or about 20 April 2010, the Mobile Offshore Drilling Unit Deepwater Horizon (Deepwater Horizon) exploded and sank in the Gulf of Mexico. As a result of the explosion and sinking, oil was discharged. The Coast Guard designated the source of the discharge and identified BP as a responsible party (RP). BP accepted the designation and advertised its OPA claims process. On 23 August 2010, the Gulf Coast Claims Facility (GCCF) began accepting and adjudicating claims for certain individual and business claims on behalf of BP.

*CLAIM AND CLAIMANT*

On 25 February 2011, Engineering Technological Researchers (Claimant) presented an optional Oil Spill Liability Trust Fund (OSLTF) claim form to the National Pollution Funds Center (NPFC) for $115,460.00 in property damage and $746,052.00 in lost profits and earnings capacity. Claimant's total alleged loss equals $861,512.00. Duane Montgomery (Owner/Operator) asserts that he is the majority owner of Claimant.[1]

Claimant is a nonprofit research, development and consulting firm. Claimant's primary data collection and monitoring tool is the research vessel SEASEARCHER, originally built by Bayliner and modified for long-distance, offshore use by the Lydia boat yard.[2] Owner/Operator indicates that property damages were caused by tarballs ingested into the SEASEARCHER's raw water intakes, which caused overheating and ruined both propulsion engines and generator sets. The claim also includes Claimant's related and ensuing alleged loss of income from the unavailability of the SEASEARCHER.

The claimed loss of profits/earnings is calculated from the sum of 1 April 2010 through 31 December 2010 (second through fourth quarters of 2010) plus $186,513.00, which is the average of those three months as an estimate of 1st quarter of 2011 losses.

The personal property damages claimed are the cost of the replacement propulsion engines and generator sets, as indicated by the Toromont CAT price quote dated 18 October 2010.[3]

*APPLICABLE LAW*

Under the Oil Pollution Act of 1990 (OPA), at 33 U.S.C. § 2702(a), responsible parties are liable for removal costs and damages resulting from the discharge of oil into or upon the navigable waters or adjoining shorelines or the exclusive economic zone, as described in § 2702(b) of OPA.

The OSLTF, which is administered by the NPFC, is available, pursuant to 33 U.S.C. § 2712(a)(4) and § 2713 and the OSLTF claims adjudication regulations at 33 C.F.R. Part 136, to pay claims for uncompensated damages. One type of damages available pursuant to 33 C.F.R. § 136.231 is a claim for loss of profits or impairment of earning capacity due to injury to or destruction of natural resources.

Under 33 C.F.R. § 136.233 a claimant must establish the following:

---

[1] Letter of Explanation dated 27 February 2011.
[2] Id.
[3] Toromont Marine Power-CAT email quotation to Duane Montgomery on 16 October 2010, Re: Caterpillar 2x3056 engines and 2xC1.5 generators for Sail Boat.

1

**Reconsideration of CLAIM N10036-0566**     D. Montgomery v. U.S. Coast Guard

(a) That real or personal property or natural resources have been injured, destroyed, or lost.

(b) That the claimant's income was reduced as a consequence of injury to, destruction of, or loss of property or natural resources, and the amount of that reduction.

(c) The amount of the claimant's profits or earnings in comparable periods and during the period when the claimed loss or impairment was suffered, as established by income tax returns, financial statements, and similar documents. In addition, comparative figures for profits or earnings for the same or similar activities outside of the area affected by the incident also must be established.

(d) Whether alternative employment or business was available and undertaken and, if so, the amount of income received. All income that a claimant received as a result of the incident must be clearly indicated and any saved overhead and other normal expenses not incurred as a result of the incident must be established.

Under 33 C.F.R. § 136.105(a) and § 136.105(e)(6), the claimant bears the burden of providing to the NPFC, all evidence, information, and documentation deemed necessary by the Director, NPFC, to support the claim.

Under 33 C.F.R. § 136.235, the amount of compensation allowable for a claim involving loss of profits or impairment of earning capacity is limited to the actual net reduction or loss of earnings or profits suffered. Calculations for net reductions or losses must clearly reflect adjustments for—

(a) All income resulting from the incident;

(b) All income from alternative employment or business undertaken;

(c) Potential income from alternative employment or business not undertake, but reasonably available;

(d) Any saved overhead or normal expenses not incurred as a result of the incident; and

(e) State, local, and Federal taxes.

*DETERMINATION OF LOSS*

**Claimant's Submission to the OSLTF**

Claimant provided a number of documents in support of the claim. Those documents are listed in Enclosure (2). Included in those documents are seven pages that indicate Gulf of Mexico positions (latitudes and longitudes) for vessel SEASEARCHER from 1 March 2010 through 25 May 2010.

Claimant presented a claim to BP on 16 June 2010 and was assigned Claim #6899-124-172476. On 25 August 2010, Claimant presented an Emergency Advance Payment (EAP) claim to the GCCF for $43,596.78 in real/personal property damages. Claimant was assigned GCCF Claimant ID # 1070213 and Claim # 3010422. On 19 October 2010, Claimant received $43,900.00 in compensation from the GCCF on this claim.

On 02 November 2010, Claimant presented a supplemental real/personal property claim for $65,343.22 to the GCCF. On 12 November 2010, the supplemental claim was denied by the GCCF.

On 5 January 2011, Claimant presented two Full Review Final Payment claims ($216,539.00 in lost profits and earnings; $65,343.00 in real/personal property damages) to the GCCF. Those claims remain pending.

On 2 March 2011, Claimant presented this claim for $115,460.00 in real or property damages and $746,052.00 in loss of profits and impairment of earnings capacity resulting from the Deepwater Horizon oil spill.

1
2
3
4
5

## Reconsideration of CLAIM N10036-0566

D. Montgomery v. U.S. Coast Guard

**NPFC Determination**

Under 33 C.F.R. § 136.105(a) and 136.105(e)(6), the claimant bears the burden of providing to the NPFC all evidence, information and documentation deemed necessary by the director, NPFC, to support the claim. The NPFC considered all documentation presented by Claimant.

Under 33 C.F.R. § 136.9, falsification of claims, persons submitting false claims or making false statements in connection with claims under this part may be subject to prosecution under Federal law, including but not limited to 18 U.S. C. §§ 287 and 1001. In addition, persons submitting written documentation in support of claims under this part which they know, or should know, is false or omits a material fact may be subject to a civil penalty for each claim.

Owner/Operator alleged that on or about 10 May 2010, while the Claimant engaged in gathering water and soil samples during a pollution monitoring exercise, SEASEARCHER's raw water intakes ingested oily tarballs from the Deepwater Horizon oil spill, which caused the engines and gensets to overheat and burn out. Owner/Operator further alleged that SEASEARCHER was towed back to port and Geico Indemnity Company paid him $8,109.00 for the loss.[4]

Owner/Operator submitted two separate cost estimates from Caterpillar (CAT) for replacement engines and gensets. He also submitted receipts for engine removal, which he dates on 17 and 24 September 2010. He also provided pictures purportedly of the engine removal from the SEASEARCHER and a check from OVNI USA to Toromat Marine Power CAT for an engine deposit in the amount of $30,000.00.

The first cost estimate, dated 12 June 2010 and purportedly from CAT Marine Power Systems, quoted Owner/Operator a total of $51,956.78 for two marine propulsion engines and one C1.5 10kW marine genset. The cost estimate included a diagnostic summary, which indicated that engine and genset failure resulted from "obstruction with 'Tar like' oily substance." The NPFC questioned the Owner about this diagnosis to which the Owner replied that he had made the diagnosis himself. The second cost estimate dated 18 October 2010 and purportedly from Toromont Marine Power CAT, indicated that "[t]his is for the required equipment replacement due to the BP Gulf of Mexico Oil Spill damage as *you* have mentioned."[5]

Neither cost estimate, therefore, diagnoses the source of the Claimant's alleged damage as the Deepwater Horizon oil spill. Owner, however, intentionally inserted this language into the cost estimate of 12 June 2010.

Owner/Operator also submitted a Michigan (MI) Watercraft Registration purportedly for the SEASEARCHER. The registration indicated that the vessel is a 30' 1996 Bayliner. Owner/Operator confirmed that the vessel is a Bayliner modified for long distance offshore use. The NPFC contacted Bayliner (manufacturer), which confirmed that the registered watercraft is a 1996 Bayliner 2858 Ciera Command Bridge, single screw, designed for a gas engine. Bayliner indicated that such a vessel would not be compatible or even modified, with the two CAT 3056 diesel engines and C1.5 genset, which are listed as replacement engines for the engines in SEASEARCHER.

Two CAT 3056 engines could not fit into the 2858 Ciera Command Bridge's engine box. Bayliner indicated that the dimensions of this engine box are 48.5 inches wide by 47.25 inches in length. Based on information available to the NPFC, the length of a single Caterpillar 3056 marine propulsion engine is 42.06 inches in length (without transmission) and 30.6 inches wide. With no clearance between or beside the engines, the combined width of two Caterpillar 3056 engines would exceed the available width of the engine box.

---

[4] Although Owner/Operator alleges that this payment was limited because he did not have an OPA rider on his policy, the Geico check made out to Owner indicated "T/L Full Settlement." Owner/Operator was asked repeatedly to clarify with his insurer whether his rights to recover for his alleged loss have been subrogated. To date, he has not complied with this request.

[5] 18 October 2010 price quote by Toromont CAT (emphasis added).

1

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

Additionally, the Owner/Operator also provided task log with positions (latitudes and longitudes) for the vessel SEASEARCHER.  Although he alleged that on 10 May 2010 SEASEARCHER experienced complete engine failure[6] and had to be towed to port, the task log indicated that the vessel continued at the same SOG [Speed over Ground] of "10" for another 15 days after the date the engines were allegedly ruined.[7]

Claimant's financial documentation is also inconsistent.  Although the Claimant reportedly grossed $13,253,712.78 in 2008 and $15,875,945.00 in 2009, the Claimant's Profit & Loss Statements from 1 April through 30 December 2010 (2nd, 3rd, and 4th quarters) shows no actual revenues, costs of sales, or expenses (including sales and marketing, R&D, or general and administrative expenses).[8]  It is unclear how the loss of SEASEARCHER, a single vessel reportedly under OVNI division, impacts the revenue stream for four different divisions in a multi-million dollar corporation.

Notwithstanding the above, the Claimant has not shown that the Owner/Operator's release of rights to Geico Indemnity Company (Geico) do not apply to the damages claimed.  Owner/Operator provided a copy of payment made by Geico to him for damages which, by way of his signature and release on the check,[9] may have subrogated all of the Claimant's rights for damages resulting from this incident to Geico.

In light of the foregoing, this claim is DENIED

Claim Supervisor:  *NPFC Claims Adjudication Division*

Date of Review: *5/23/11*

Supervisor's Actions: *Denial approved*

Supervisor's Comments:

1
2

Reconsideration of CLAIM N10036-0566          D. Montgomery v. U.S. Coast Guard

1    **Exhibit_2, March 23, 2011 Letter**



| | | |
|---|---|---|
| U.S. Department of Homeland Security | Director<br>United States Coast Guard<br>National Pollution Funds Center | NPFC CA  MS 7100<br>US COAST GUARD<br>4200 Wilson Blvd., Suite 1000<br>Arlington, VA 20598-7100<br>Staff Symbol: (CA)<br>Phone: 800-280-7118<br>E-mail: richard.m.cook@uscg.mil<br>Fax:  202-493-6937 |
| **United States Coast Guard** | | |

CERTIFIED MAIL – RETURN RECEIPT REQUESTED          5890/DWHZ
Number: 7011 0470 0000 8895 5711          Claim # N10036-0566
                                          23 March 2011

Engineering Technological Researchers Corporation
c/o Mr. Duane Montgomery
33523 Eight Mile Road, Bldg A-3, Suite 103
Livonia, Michigan 48152

Re: Claim Number:  N10036-0566

Dear Mr. Montgomery:

Enclosed please find a list of the documentation that we have received in support of your claim:

Documentation Previously Provided:

1.  NPFC Optional OSLTF Claim Form 25 February 2011.
2.  Claim submission, table of contents and overview
3.  Wikipedia excerpt on Deepwater Horizon oil spill.
4.  NOAA charts depicting approximate oil spill locations for—
    a.  April 25 to April 28, 2010,
    b.  April 27 to May 1, 2010,
    c.  April 29 to May 3, 2010,
    d.  April 30 to May 4, 2010,
    e.  May 1 to May 5, 2010, and
    f.  May 2 to May 6, 2010.
5.  Engineering Technological Researchers Corp. Profit and Loss Statements for 1st, 2nd, 3rd and 4th Quarters, 2010.
6.  Estimate and Damage Report June 12, 2010, for vessel SeaSeasearcher, in the amount of $51,956.78. One page.
7.  Estimate and Damage Report October 18, 2010: Quote for (2) 3056 Caterpillar Marine Engines and (2) C1.5 generator for Sail Boat, from Toromount CAT, Concord, Ontario, Canada. 30-Day Quote dated 18 October 2010 in $60,390 CDN, plus taxes. 5 pages.
8.  Receipt for engine deposit in amount of $30,000.00, dated 29 October 2010.
9.  Parcel Plus/FedEx shipping receipt dated 29 October 2010, with accompanying order number 8217.
10. Invoice for Engine Removal in amount of $915.00 for work completed 17 September 2010, from Jim Pettit' Diesel Service, Felton, DE.  Invoice number obscured.

2
3

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

11. Invoice for Engine Removal in amount of $670.00 for work completed 24 September 2010, from Jim Pettit' Diesel Service, Felton, DE.  Invoice number 347256.
12. Handwritten, non-negotiable check copy on PNC Bank for $1,585.00, payable to Jim Pettit's Diesel Service, dated 22 October 2010.
13. Invoice for Engine Removal (Statement) in account with Sea Coast Services LLC to Duane, for work completed 24 September 2010, in amount of $928.
14. Handwritten, non-negotiable check copy on PNC Bank for $928, payable to Sea Coast Services LLC, dated 22 October 2010.
15. Four undated photos of engine removals.
16. 2008 Tax Form 1120, Corporate Income Tax Return for Engineering Technological Researchers Corp (1 page).
17. 2009 Tax Form 1120, Corporate Income Tax Return for Engineering Technological Researchers Corp (1 page).
18. State of Michigan Watercraft Registration for 30 ft. 6 in, 1996 Bayliner, registration number 0757135, expiring 31 March 2013.
19. Michigan boat registration decal, number 0757135, showing expiration date of 13 Mar 
20. Pantaenius Yacht Insurance quotation number 2-000000-747198-10 for stated value yacht insurance dated 03 December 2010 for the sailing yacht Lydia 'Seasearcher'.
21. Claim for damages, BP claim number 6866-124-172976 in the amount of $43,856.78, dated 16 June 2010.
22. Copy of Claimant's Ohio State Driver's License, number RS615688
23. Copy of GEICO Indemnity Company check #N84797105 dated 6/14/2010, in the amount of $8,109.00, payable to ETR, Attn: Duane Montgomery, for Comprehensive Coverage, T/L Full Settlement.
24. Certified mail receipts and USPS payment for mailing to BP Oil Service Center
25. BP letter to Claimant dated 19 July, 2010, regarding insufficient documentation.
26. ESIS claim adjuster letter to Claimant dated 22 July 2010, requesting copy of certain documents, including Social Security Card, Log with mapping grid and pictures of vessel,
27. Claimant letter of 21 July 2010 to BP/ESIS, providing 7 pages of task log sheets, Ohio Driver's License with SSN and documentation of mailing.
28. GCCF letter of 23 August 2010 with listing of Claim Site Offices.
29. Undated and unsigned copy of Claimant's GCCF Claim Form for Emergency Advance Payment in the amount of $81,032.36.
30. Claimant's GCCF Claim Form for Final Payment in the amount of $281,882.22, signed 11/18/2010.
31. GCCF Emergency Advance Payment Determination and payment check for $43,900 dated 19 October 2010.
32. GCCF Denial letter for Supplemental Emergency Advance Payment, .dated 12 November 2010.
33. GCCF Claimant and Claim Information report, accessed 2/27/2011.
34. NOAA information sheet, "Understanding Tar Balls", July 8, 2010.
35. 30-Day Quote for (2) 125 HP Marine Propulsion Engines and (1) 10 kW Generator Set including labor and materials from MAK Caterpillar Marine Power Systems. Quote dated 12 June 2010 for $51,956.78.

1
2
3
4
5
6

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

36. Receipt for document shipping charges to Toromount CAT of $27.85 dated 29 October 2010.
37. Quote for Vessel Insurance from Pantaenius Yacht Insurance dated 03 December 2010.
38. Quarterly Profit and Loss Statements from 2010. Statements for Q2 through Q4 may be incomplete.
39. Task Log for Engineering Technological Researchers Corporation indicating site coordinates from 01 March 2010 through 25 May 2010.

In order for us to review your claim further, please provide the following documentation and answer the following questions in as much detail as possible:

<u>Documentation Requested:</u>

1. Complete Income Tax Return Filings from 2008 and 2009, with all forms, schedules and attachments. Provide 2010 if available. Only one page of each was provided.
2. Complete state income tax return filings for Michigan/Ohio from 2008, 2009 and (if available) 2010.
3. Detailed Monthly Profit and Loss Statements from January 2008 through the present. Only quarterly statements were previously provided. These statements need to have actual reported amounts.
4. Monthly Customer Sales Ledgers from January 2008 through the present.
5. Any applicable agreements/customer contracts or grants for 2010 and 2011.
6. Copies of grants received for performing research, studies, etc.
7. Documentation verifying the make and model numbers of your original engines and generator sets. If available, provide the associated serial numbers.
8. Copies of all actual invoices and receipts related to the engine replacement. Please note it appears that only quotes or estimates have been provided to date.
9. Provide copies of actual payments made for the engine replacement/ repairs.
10. For new engines, provide listing of any upgrades not installed on original engines.
11. Pictures of the vessel from ahead, the side and the stern.

<u>Please Answer the Following Questions:</u>

1. Provide a detailed description of Engineering Technological Researchers Corporation to include but not limited to the following items:
    a. Type of entity that Engineering Technological Researchers Corporation is currently operated as. The State of Michigan indicates that the subject entity was formed as a Non-Profit Non-Stock Corporation on June 7, 2006. Please indicate if the corporation is still operated under this status.
    b. If the corporation has shareholders, identify the current shareholders/ owners.
    c. Describe the services/ products provided by the corporation.
    d. Describe the typical clientele of the business.
    e. Describe how the corporation earns income.
    f. The Corporate filing in Michigan indicates that the Corporation would be financed through fundraising, donations and grants. Please describe in further

1
2
3
4
5
6

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

detail and explain if the Corporation still relies on this type of financing to fund operations.
   i. From whom do you receive such sources of funds?
   g. Identify and describe significant projects from 2009 and 2010, including any projects that were scheduled following the Deepwater Horizon incident.
   h. Identify the number of people employed by the corporation.
   i. Describe the type of personnel employed by the corporation.
2. Identify your role and title within Engineering Technological Researchers Corporation. The 2006 Michigan non-profit filing does not indicate you to be an owner or officer of Engineering Technological Researchers Corporation. If authorized to represent the company by letter or power of attorney, a copy of the document is required.
3. Describe how you are compensated by the corporation.
4. You provided a Task Log for Engineering Technological Researchers Corporation through May 25, 2010. Describe the operations performed at the stated coordinates.
5. Differentiate your operations between Livonia, Michigan, Ohio and other locations where you may operate.
6. Your vessel is identified as a 30.5 ft, 1996 Bayliner. We are not aware that Bayliner manufactured diesel-powered vessels. Please identify the Bayliner model number and where the vessel in normally stored when not in operating on a contract or grant.
7. Please identify the name of the dealership/marina that provided the first cost estimate for replacement of the engines on 12 June 2010. Was this the company that diagnosed oil or tar balls in the cooling system?
8. Provide the date in which the vessel/ engines became inoperable.
9. Describe the last date following the Deepwater Horizon incident that you were able to perform business operations.
   a. Have you repaired your vessel and resumed business operations? If so, when you did you resume operations?
   b. Provide a detailed timeline of your actions after determining that your vessel was inoperable.
10. The website for "Engineering Technological Researchers Corporation" indicates you were running for the 13th Congressional District in Michigan. Describe how your involvement in politics and campaigning affected your day to day business operations.
11. Your campaigning website lists your working experience, however; it does not seem to mention Engineering Technological Researchers Corporation. Please explain.
12. Explain the differences in claimed amounts from your application to the GCCF for Final Payment and your claim with the NPFC.
13. Explain how you determined your claimed losses.

Please understand that no claim is guaranteed to be paid even if the documentation requested is provided. To be paid, the claim and the documentation must meet evidentiary requirements. If we do not receive sufficient documentation from you within 14 days of the date of this letter, we will proceed to adjudicate the claim without it. This may result in a diminished settlement offer and/or denial of the claim.

1
2
3
4
5
6

**Reconsideration of CLAIM N10036-0566**                D. Montgomery v. U.S. Coast Guard

If you have any questions about the request or would like to discuss the matter, you may write me at the above address or contact me by phone at 800-280-7118 or by email at Richard.M.Cool@uscg.mil.

Sincerely,

Richard M. Cool
Claims Adjuster
National Pollution Funds Center

1
2
3
4
5

**<u>Reconsideration of CLAIM N10036-0566</u>**          D. Montgomery v. U.S. Coast Guard

1     Exhibit_3, March 25, 2011 Letter Response to Request for Information



NPFC #N10036-0566                                    Montgomery vs. BP et al

1                           Director
2                  National Pollution Funds Center
3                     Arlington, VA 22203
4      YN1 Lara K. Negron-Abreu, NPFC Claims Adjudication
5    US COAST GUARD STOP 7100, 4200 Wilson Boulevard Ste 1000
6                     Arlington, VA 20598-7100
7        Phone: 800 280 7118, Fax:   202 493 6937
8                  Lara.K.Negron-Abreu@uscg.mil
9
10
11    **D. Montgomery**                              )
12    *Plaintiff,*                                   )
13                                                   )
14    **v.**                                         )
15                                                   ) Case No. GCCF #1070213
16    **BP**                                         )   BP #6866-124-172-976
17                                                   ) NPFC #N10036-0566
18    *Defendant,*                                   ) Adjuster: Rick Cool
19

D. Montgomery                          BP Oil Service Center
c/o Engineering Technological Researchers,   4375 Michoud Blvd.
31523 Eight Mile Road                    New Orleans, LA 76129
Bldg. A-3, Ste 109                       504-254-9951
Livonia, MI 48152
Diane_Montgomery@yahoo.com               Defendant
Plaintiff, In Pro per
321-978-3997

20

21        **<u>RESPONSE TO MARCH 23, 2011 REQUEST FOR</u>**
22              **<u>ADDITIONAL INFORMATION</u>**

Mar  25, 11Response-to-N10036-0566A1 Request_23 Mar 2011-part-1 **NPFC #N10036-**
**0566**                    page 1 of 9

2
3
4
5

## Reconsideration of CLAIM N10036-0566

D. Montgomery v. U.S. Coast Guard

NPFC #N10036-0566                                    Montgomery vs. BP et al

1
2   Documentation Requested
3
4       1.  Complete Income Tax Return Filings from 2008 and 2009, with all
5           forms, schedules and attachments. Provide 2010 if available. Only
6           one page of each was provided.
7           Response: OBJECTION – Privilege Material may disclose
8           client's information in violation of confidentiality agreements.
9
10      2.  Complete state income tax return filings for Michigan/Ohio from
11          2008, 2009 and (if available) 2010.
12          Response: OBJECTION – Privilege Material may disclose
13          client's information in violation of confidentiality agreements.
14
15      3.  Detailed Monthly Profit and Loss Statements from January
16          2008 through the present. Only quarterly statements were
17          previously provided. These statements need to have actual
18          reported amounts.
19          Response: Document requested is not available. If document
20          becomes available within the 14 day time limit, the document(s)
21          will be submitted as a supplement or addendum to this filing.
22
23      4.  Monthly Customer Sales Ledgers from January 2008
24          through the present.
25          Response: OBJECTION – Privilege Material may disclose
26          client's information in violation of confidentiality agreements.
27
28      5.  Any applicable agreements/customer contracts or
29          grants for 2010 and 2011.
30          Response: OBJECTION – Privilege Material may disclose
31          client's information in violation of confidentiality agreements.
32
33      6.  Copies of grants received for performing research, studies, etc.
34          Response: The requested document(s) does not exist.
35
36      7.  Documentation verifying the make and model numbers of
37          your original engines and generator sets. If available, provide
38          the associated serial numbers.
39          Response: The requested document(s) does not exist.
40
41
42      8.  Copies of all actual invoices and receipts related to the engine
43          replacement. Please note it appears that only quotes or estimates
44          have been provided to date.
45          Response: The work has not been completed.
46          Invoices for the work that has been completed to date was

Mar. 25, 11Response-to-N10036-0566A1 Request_23 Mar 2011-part-1 NPFC #N10036-
0566                                                 page 2 of 9

1
2
3

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

NPFC #N10036-0566                              Montgomery vs. BP et al

1       submitted with the claim submission. See original claim
2       submission on pages:
3
4       RECEIPT FOR ENGINE DEPOSIT OCT 29th , 2010
5                            21
6       INVOICE FOR ENGINE REMOVAL SEP 17th , 2010
7                            25
8       RECEIPT PAYING INVOICE FOR ENGINE REMOVAL SEP 17th , 2010
9            27
10      INVOICE FOR ENGINE REMOVAL SEP 24th , 2010
11                           28
12      RECEIPT PAYING INVOICE FOR ENGINE REMOVAL
13      SEP24th 2010 .
14
15           29
16
17      Also, see attached invoice from Toronmont CAT, dated
18      December 2, 2010:
19
20
21
22      9.  Provide copies of actual payments made for the engine replacement/ repairs.
23          Response: The work has not been completed.
24          Document(s) requested is not available.  If document becomes
25          available within the 14 day time limit, the document(s) will be
26          submitted as a supplement or addendum to this filing.  Cancelled
27          bank checks have been ordered and will be submitted as a
28          supplement or addendum to this filing.
29
30
31      10. For new engines, provide listing of any upgrades not installed on original engines.
32          Response: The work has not been completed.  We are
33          anticipating upgrades or changes to the following:
34              a.  Engine beds
35              b.  Motor mounts
36              c.  Exhaust and mufflers system
37              d.  Engine controls and dash gages (rpm, temp, etc)
38              e.  Throttle and gear shifters
39              f.  Prop shafts and possible props
40              g.  12 volt to 24 volt conversion
41              h.  Fuel filtering system
42              i.  Fire prevention insulation
43
44
45      11. Pictures of the vessel from ahead, the side and the stern.
46          Response: Document(s) requested is not available.  If document becomes available

Mar. 25, 11Response-to-N10036-0566A] Request_23 Mar 2011-part-1 NPFC #N10036-
0566                                      page 5 of 9

1

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

NPFC #N10036-0566                                    Montgomery vs. BP et al

1   within the 14 day time limit, the document(s) will be submitted as a supplement or
2   addendum to this filing.
3
4   Please Answer the Following Questions.
5
6   1.  Provide a detailed description of Engineering Technological
7       Researchers Corporation to include but not limited to the following
8       items:
9       a. Type of entity that Engineering Technological Researchers
10      Corporation is currently operated as. The State of Michigan
11      indicates that the subject entity was formed as a Non-Profit Non-
12      Stock Corporation on June 7, 2006. Please indicate if the
13      corporation is still operated under this status.
14      **Response: YES**
15
16
17      b. If the corporation has shareholders, identify the current
18      shareholders/ owners.
19      **Response: NO Shareholder, I, Duane Montgomery is the only**
20      **owner**
21
22
23      c. Describe the services/ products provided by the corporation.
24      **Response: Research, Development and Data collection and**
25      **analysis.**
26
27
28
29      d. Describe the typical clientele of the business.
30      **Response: Automotive, Utilities and Government entities**
31
32
33      e. Describe how the corporation earns income.
34      **Response: By performing consulting services for Research,**
35      **Development and Data collection and analysis.**
36
37
38      f. The Corporate filing in Michigan indicates that the
39      Corporation would be financed through fundraising, donations
40      and grants. Please describe in further detail and explain if the
41      Corporation still relies on this type of financing to fund
42      operations.
43      **Response: The Corporation does not rely on this type of**
44      **financing to fund operations.**
45          i. From whom do you receive such sources of funds?
46              **Response: OBJECTION –**
47              **Privilege Material may**

Mar. 25, 11|Response-to-N10036-0566-A1 Request_23 Mar 2011-part-1 NPFC #N10036-
0566                                  page 4 of 9

1

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

NPFC #N10036-0566                                        Montgomery vs. BP et al

```
 1                                   disclose client's information in
 2                                   violation of confidentiality
 3                                   agreements.
 4
 5                          g.  Identify and describe significant projects from 2009 and
 6                          2010, including any
 7
 8
 9   projects that were scheduled following the Deepwater Horizon incident,
10                                   Response:  OBJECTION – Privilege
11                                   Material    may    disclose    client's
12                                   information in violation of confidentiality
13                                   agreements.
14
15                          h.  Identify the number of people employed by the corporation,
16                          Response: 25 to 30 persons
17
18                          i.  Describe the type of personnel employed by the corporation.
19                                   Response: Project Manager, Analysts, Engineers,
20                                   Administrators and Assistants.
21
22
23                          j.      Identify your role and title within
24                                   Engineering Technological Researchers
25                                   Corporation.
26                                      The 2006 Michigan non-profit
27                                   filing does not indicate you to be an
28                                   owner or officer of
29                                      Engineering Technological
30                                   Researchers Corporation. If authorized
31                                   to represent the
32                                      company by letter or power of
33                                   attorney, a copy of the document is
34                                   required.
35                                   Response: I am the owner, the
36                                   Michigan filings list me as the
37                                   "Incorporator" which is the owner of
38                                   a company with no shareholders.
39
40
41                          3. Describe how you are compensated by the corporation.
42                          Response: Salary
43
44
45                          4. You provided a Task Log for Engineering Technological Researchers
46                          Corporation through May 25, 2010. Describe the operations performed at
47                          the stated coordinates.
48                                   Response:  OBJECTION – Privilege  Material
```

Mar. 25, 11Response-to-N10036-0566A1 Request_23 Mar 2011-part-1 NPFC #N10036-0566
                                        page 5 of 9

## Reconsideration of CLAIM N10036-0566

D. Montgomery v. U.S. Coast Guard

NPFC #N10036-0566                              Montgomery vs. BP et al

1
2          may disclose client's information in violation of
3          confidentiality agreements.
4
5      5.  Differentiate your operations between Livonia,
6          Michigan, Ohio and other locations where you may
7          operate.
8          Response: In some cases we are required to operate an
9          office within the State of the client.
10
11     6. Your vessel is identified as a 30.5 t, 1996 Bayliner.
12         We are not aware that Bayliner manufactured diesel-
13         powered vessels. Please identify the Bayliner model
14         number and where the vessel is normally stored when
15         not in operating on a contract or grant.
16         Response: Vessel is not normally stored due to on-
17         going assignments over the past 7 years. SeaSearch
18         is a Custom Boat that was modified by the Lydia
19         Base Yard. Bayliner has been producing Twin
20         Engine Diesel boats since the 1980's.
21
22         Samples of other Twin Diesel-Powered Bayliner
23         boats:
24
25     1.  http://boats.coalle.com/view/1987-bayliner-3270-
26         motor-yacht-diesel/7450442204-chesterfield-va/
27
28     2.  http://www.yachtworld.com/core/listing/boatMer
29         cedDetails.jsp?boat_id=2285117&slim=Kunde=
30         FirstRecurrency=USD&access=Publix&listing_id
31         =79866&url=
32
33     3.  http://bayliner32xx.com/DesktopDefault.aspx?tab
34         index=8&tabid=29
35
36     4.  http://www.dieselboats.net/dieselboats/Diesel_Ba
37         yliner.php
38
39
40             iii.  Please identify the name of the
41                   dealership/marina that provided the first
42                   cost estimate for replacement of the
43                   engines on 12 June 2010. Was this the
44                   company that diagnosed oil or tar balls in
45                   the cooling system?
46                   Response: Vessel was not taken to a

Mar. 25, 11Response-to-N10036-0566A1 Request_23 Mar 2011-part-1 **NPFC #N10036-0566**
page 6 of 9

1

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

NPFC #N10036-0566                                    Montgomery vs. BP et al

1   dealership. Caterpillar 800 support
2   number was called and an authorized
3   service agent was sent out to work on
4   the Vessel. We received all information
5   from the Caterpillar 800 support call
6   center by phone and fax.
7
8
9   8. Provide the date in which the vessel/ engines became inoperable.
10  Response: At some point beginning May 1, 2010 and complete
11  failure on May 10, 2010.
12
13
14  9. Describe the last date following the Deepwater
15  Horizon incident that you were able to perform
16  business operations.
17  Response: May 10, 2010
18
19      a. Have you repaired your vessel and resumed
20      business operations? If so, when you
21          did you resume operations?
22      Response: NO
23
24      b. Provide a detailed timeline of your actions
25      after determining that your vessel was inoperable.
26      Response: OBJECTION – question calls for a
27      "narrative answer" – It invites the witness to
28      narrate a series of occurrences, which may
29      produce irrelevant or otherwise inadmissible
30      testimony.
31
32  10. The website for "Engineering Technological
33  Researchers Corporation" indicates you were running
34  for the 13th Congressional District in Michigan.
35  Describe how your involvement in politics and
36  campaigning affected your day to day business
37  operations.
38      Response: OBJECTION – Irrelevant, this
39      question invites or causes the witness to give
40      evidence not related to the facts of the case at hand.
41
42  11. Your campaigning website lists your working
43  experience, however, it does not seem to mention
44  Engineering Technological Researchers Corporation.
45  Please explain.
46  Response: It is unethical to use a political website to

Mar 25, 11Response-to-N10036-0566A1 Request_23 Mar 2011-part-1 **NPFC #N10036-0566**
                                        page 7 of 9

1

**Reconsideration of CLAIM N10036-0566**          D. Montgomery v. U.S. Coast Guard

NPFC #N10036-0566                                Montgomery vs. BP et al

| | |
|---|---|
| 1 | advertise or promote a private business. |
| 2 | |
| 3 | |
| 4 | 12. Explain the differences in claimed amounts from |
| 5 | your application to the GCCF for Final Payment and |
| 6 | your claim with the NPFC. |
| 7 | Response: I filed my claim in November of 2010 for |
| 8 | only the losses in the second quarter of 2010. The |
| 9 | GCCF did not announce it new protocol in |
| 10 | calculation of future losses until February of 2011. |
| 11 | |
| 12 | 12. Explain how you determined your claimed losses. |
| 13 | Response: |
| 14 | |

**Lost Earnings (from Profit and Loss statements)**

| | | |
|---|---|---|
| 16 | Apr 1 to June 30, 2010 | $(216,539) |
| 17 | Jul 1 to Sep 30, 2010 | $(171,653) |
| 18 | Oct 1 to Dec 31, 2010 | $(171,347) |
| 19 | Jan 1 to Mar 31, 2011 | |
| 20 | Estimated avg of last 3 qtr | $( 186,513) |
| 21 | Subtotal | $( 746,052) |

**Personal Property Loss**

| | | |
|---|---|---|
| 23 | New engines and gensets | $ 115,460 |
| 24 | **Grand Total** | **$861,512.00** |
| 25 | | |

26  The GCCF relates its calculation as:

27         2x their proven 2010 losses. (2010 losses + 70% of 2010 losses + 30% of
28         2010 losses = 2x 2010 losses)
29
30         GULF COAST CLAIMS FACILITY ANNOUNCEMENT
31         OF
32         PAYMENT OPTIONS, ELIGIBILITY AND SUBSTANTIATION
33         CRITERIA, AND
34         FINAL PAYMENT METHODOLOGY
35         February 2, 2011
36         http://www.gulfcoastclaimsfacility.com/METHODOLOGY %20FEB.2 %
37         20FINAL%20DRAFT.pdf
38
39  **Lost Earnings (from Profit and Loss statements)**

Mar. 25, 11Response-to-N10036-0566A1 Request_23 Mar 2011-part-1 **NPFC #N10036-0566**                     page 8 of 9

1
2

## Reconsideration of CLAIM N10036-0566

D. Montgomery v. U.S. Coast Guard

NPFC #N10036-0566                                        Montgomery vs. BP et al

1    Apr 1 to June 30, 2010              $(216,539)
2    Jul 1 to Sep 30, 2010               $(171,653)
3    Oct 1 to Dec 31, 2010               $(171,347)
4    Jan 1 to Mar 31, 2011
5    Estimated avg of Class 3 qtr ─ $(186,513)
6    Subtotal                 $(746,052)  $(559,539)
7    Personal Property Loss
8    New engines and gensets                  $ 115,460
9    Total 2010 losses as :                   $ 674,999
10   GCCF calculated Total with Future = 2x 2010 losses = $ 674,999 x 2 = **$1,349,998**
11
12   **The Claimant, Duane Montgomery, reserves the right to supplement**
13   **this filing with additional documents as soon as the missing documents**
14   **become available.**
15
16   **I, Duane Montgomery, state under oath that the information contained**
17   **in this filing is true to the best of my knowledge.**
18
19   *Duane Montgomery* (electronic signature)
20   **Duane Montgomery**      Dated: March 25, 2011
21
22
23
24

<u>**Reconsideration of CLAIM N10036-0566**</u>          D. Montgomery v. U.S. Coast Guard

1  **USCG - NPFC Claims Processing System (NPFC-CPS)**
2  **(2010)**

|  | Agency | Bureau | Investment Type | Line of Business | Sub Funct |
|---|---|---|---|---|---|

**Department of Homeland Security USCG - NPFC Claims Processing System (NPFC-CPS) (2010)**

NPFC-CPS supports NPFC's mission to adjudicate third party claims for compensation for damages caused by oil pollution. It also supports claims from trustees for Natural Resource Damage assessments and restoration.

**IT Investment Details:**

| | |
|---|---|
| Unique Project Identifiers (UPI) | 024-60-01-05-02-6108-00 |
| Agency Name | Department of Homeland Security |
| Bureau Name | United States Coast Guard |
| Mission Area | 05 |
| Investment Title | USCG - NPFC Claims Processing System (NPFC-CPS) (2010) |
| Category of the Investment | 00 |
| IT Investment Number | 6108 |
| IT Investment Type Description | |
| Sub-Function | Environmental Remediation |
| Four parts of Exhibit 53 | IT investments for Mission Area Support |
| 2008 Budget | $0.24M |
| 2009 Budget | $0.27M |
| 2010 Budget | $0.25M |
| Line of Business | Environmental Management |
| 2008 DME | $0.00M |
| 2009 DME | $0.00M |
| 2010 DME | $0.00M |
| 2010 Agency Budget | $6316.02M |

**Request Pricing**

Complete this form to receive pricing on a subscription to EMA Research Services or on the reviewed business solutions.

* **First Name:**

* **Last Name:**

* **Email:**

⊙ **I need Resources for IT Professionals**

○ **I need Resources for IT Vendors**

[ Send Request ]

**ABOUT:**

This information is derived from a companion document to Chapter 9 of the Analytical Perspectives volume of the budget, and provides the Information Technology (IT), by agency or department, for FY2008 - Actuals (PY), FY2009 - Enacted (CY), and FY2010 - Budget (BY). For additional guidance about the formulation of the Information Technology and E-Gov Exhibit 53s for the FY2010 budget, please go to: http://www.whitehouse.gov/omb/circulars/a11/current_year/s53.pdf

For additional guidance about the Planning, Budgeting, Acquisition of Capital Assets, Exhibit 300s for the FY2010 budget, please go to: http://www.whitehouse.gov/omb/circulars/a11/current_year/s300.pdf

About  Legal  Sitemap  | Copyright 2009 - SolutionPipe

3
4  http://gov-spending.solutionpipe.com/investment/5250-0-uscg-npfc-claims-processing-
5  sys
6

Request-for-Reconsideration-N10036-0566-NPFC_v4 June 13, 2011          page 99 of 99