UNITED STATES DISTRICT COURT

For the

EASTERN DISTRICT OF LOUISIANA

2/28/2012

HAAH DARRYL    Claim no. 1123040

PlainTiFF                                HON. Carl J. Barbier
6421 Finance au week; weThee
         FL. 34,607           Civil Action No.    MDL-2179

vs
                             Oil Spill by the Oil Rig Deepwater Horizon

BP OIL INC.   DefendanTs

Tampa Ship LLC  1130 McCloskey Blvd,  Tampa , Florida ,33605
----------------------------------------------------------------------------

MOTION TO HOLD TAMPA SHIP IN CONTEMPT OF COURT

FOR REFUSING TO COMPLY WITH FEDERAL SUBPOENA

1.  Request to hold Tampa Ship inc.  in Contempt Of Court , for refusing to comply

    Federal Rule of Civil Procedure 45 c, d, and e , effective 12/07


2.  Plaintiff asks for Contracts between BP and Tampa Ship  of the Ship

    named    La Lay Martin , /  the Supply Ship for the Deepwater Horizon


3.  Contracts will prove that the Plaintiff was to be Hired from Training School

    To build Ships for a Living,  and Jobs were Canceled by Tampa Ship due to

    The Deepwater Horizon Oil Spill.

4.  Plaintiff needs the Contracts to prove its Claim Against BP OIL INC.  for

    The Plaintiff's  Claim to be Paid  , or Civil Procedures in the

UNITED STATES DISTRICT COURT /    EASTERN DISTRCT OF LOUISIANA

2/28/2012                              DaRRyL Dean
                                          PlainTiFF

TENDERED FOR FILING

FEB 27 2012

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

**Subject:**    Re: request inforimation{ waiting for papers i requested by federal law}

**From:**      Jack Edwards (jack.edwards@chouest.com)

**To:**        darrylh0418@yahoo.com;

**Date:**     Wednesday, February 22, 2012 2:59 PM


Mr. Haan,

After checking with our attorney, your subpoena is not valid.
--
Jack Edwards
General Manager
LASHIP, L.L.C.
Main: (985) 601-5000 ext. 52603
Direct: (985) 873-0861


On Tuesday, February 21, 2012 2:59 PM, darryl haan <          > wrote:
>
>
>I have requested these legally and TAMP SHIP is about to face
>Federal action if not resonded to in the two weeks ,
>
>
>DARRYL HAAN
>
>
>
>
>----- Forwarded Message -----
>From: darryl haan <        >
>To: tampashipyard <        >
>Sent: Wednesday, February 15, 2012 5:26 PM
>Subject: Fw: request inforimation{ waiting for papers i
>requested by federal law}
>
>
>
>
>
>
>
>
>
>
>
>----- Forwarded Message -----

>From: darryl haan <                              >
>To: "                              " <              >
>Sent: Monday, February 6, 2012 12:48 PM
>Subject: request inforimation
>
>
>
>
>
>legal request of copy's of all contracts from BP on the supply
>ship of the Horizon oil rig named
>
>la lay martin from 2010 built in tampa to send to la for the ship tp be completed
>
>        DARRYL HAAN  5421 finance av, weeki wachee , fl 34607
>
>
>
>

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Louisiana

*HAAN DaRRyL*
Plaintiff
)
)
v.
)
*BP Oil inc.*
)
)
Defendant
)

Civil Action No. *MDL - 2179*
*Oil Spill by the Oil Rig Deepwater*
(If the action is pending in another district, state where: *Horizon*)

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: *Tampa Ship*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: *Contracts From BP on The La Lay martin supply Ship For The Horizon Oil Rig From 2010 That was Built.*

| Place: *Send Copys To DaRRyL Haan 6421 Finance av. weeki wachee, FL. 34607* | Date and Time: *2/2/12   12:00* |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: *2/2/12*

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* *DaRRyL Haan*_____, who issues or requests this subpoena, are:

*DaRRyl Haan*

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

This subpoena for *(name of individual and title, if any)* _Tampa Ship_
was received by me on *(date)* _2/2/12_ .

☒ I served the subpoena by delivering a copy to the named person as follows: _by Email and_
_First class mail in us postal service_
_____ on *(date)* _2/2/12_ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _0.00_ for travel and $ _0.00_ for services, for a total of $ _0.00_ .

I declare under penalty of perjury that this information is true.

Date: _2/2/12_

_Darryl Haan_
_____
Server's signature

_Darryl HAAN Plaintiff_
_____
Printed name and title

_6421 Finance/av, weeki wachee_
_____ _FL., 34607_
Server's address

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## UNITED STATES DISTRICT COURT

### For the

### EASTERN DISTRICT OF LOUISIANA

2/28/2012

HAAH DARRYL        Claim no. 1123040

6421 Finance Al.                    HON. Carl J. Barbier
Weekiwchca, Fl 34607

                                    Civil Action  No.      MDL-2179

   vs

                Oil Spill by the Oil Rig Deepwater Horizon

BP OIL INC.

Tampa Ship LLC  1130 McCloskey Blvd,  Tampa , Florida ,33605


### MOTION  FOR  AN  FEDERAL ORDER ,  MAKING

### TAMPA SHIP COMPLY WITH FEDERAL RULE OF COVIL PROCEDURE

### 45 C, D. AND E, EFFECTIVE 12/2007


1. Tampa Ship has clearly shown that it does not believe in the Federal Civil

   Procedures 45 c.d. and e, effective 12/07

2. Plaintiff asks for this Order on behalf of BP IL SPILL CLAIMS

   To Prove the Case against BP Oil inc.


2/28/12

*DaRRyl Hean*

*Plaintiff*

USA FIRST-CLASS FOREVER

TAMPA FL 336 30
PM
23 FEB
2012

QaRRyL Haan
6421 Finnce av
weeki Wachee, FL 34607

Clerk of The Court for The
MDC- 2179 Oil Spill by The Oil Rig
Deepwater Horizon

U.S. DisTricT courT
500 Poydras ST
Room C-151
New ORleans, 70130