# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: | Oil Spill by the Oil Rig "*Deepwater Horizon*" in the Gulf of Mexico, on April 20, 2010 | * <br> * <br> * <br> * |
| | | MDL No. 2179 <br><br> SECTION:  J |
| Applies to:  *All Cases*. | | * <br> * |
| | | JUDGE BARBIER <br> MAGISTRATE SHUSHAN |

\*     \*     \*     \*     \*     \*     \*     \*

### STIPULATION AND AGREED-UPON ORDER REGARDING MOEX OFFSHORE 2007 LLC'S AND THE UNITED STATES' PRESENTATION OF EVIDENCE DURING PHASE I OF THE TRIAL

WHEREAS, claims in the above-captioned matter have been consolidated in this District by order of the U.S. Judicial Panel on Multi-District Litigation dated August 10, 2010 (Rec. Doc. 1); and

WHEREAS, this Court ordered that the first phase of the trial (the "Phase I Trial") will address issues arising out of "the loss of well control at the Macondo Well, the ensuing fire and explosion on the MODU Deepwater Horizon on April 20, 2010, and the sinking of the MODU Deepwater Horizon on April 22, 2010, and the initiation of the release of oil from the Macondo Well, or Deepwater Horizon during those time periods (collectively, the 'Incident')"; and

WHEREAS, the United States instituted case number 10-4536, *United States v. BP Exploration & Prod. Inc., et al.,* in which it asserted claims against MOEX Offshore 2007 LLC ("Offshore") for civil penalties pursuant to Section 311(b)(7) of the Clean Water Act ("CWA"), 33 U.S.C. § 1321(b)(7), and declaratory judgment as to liability under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq.*; and

WHEREAS, by Minute Order entered in connection with the November 18, 2011 Status Conference (Rec. Doc. 4642), the Court granted Offshore's Motion to Dismiss all counterclaims and cross-claims of its co-defendants; and

WHEREAS, this Court issued its Order and Reasons (Rec. Doc. 5809) on February 22, 2012 ("Order"), ruling, *inter alia,* that direct liability under OPA is strict, joint and several, and not subject to apportionment among responsible parties, such that Offshore need not present any evidence regarding apportionment; and

WHEREAS, the United States and Offshore entered into a proposed Consent Decree resolving the United States' CWA claims against Offshore, which was lodged with this Court on February 17, 2012, along with the United States' Notice of Lodging of Partial Consent Decree (Rec. Doc. 5743); and

WHEREAS, following a public comment period and the United States' review of any comments received, if the United States concludes that the proposed Consent Decree should be entered, the United States will seek entry of the Consent Decree as a final order of this Court; and

WHEREAS Offshore's potential liability under OPA, and whether any such liability is limited under 33 U.S.C. § 2704, remains unresolved; and

WHEREAS on February 24, 2012, the Court issued an order (Rec. Doc. 5872) stating that

> IT IS ORDERED that evidence of MOEX's [defined as Offshore and MOEX USA Corporation] knowledge of or access to information about Macondo well design and/or operations is irrelevant to any issue in the Phase I trial.

NOW, THEREFORE, the United States and Offshore, by and through their undersigned counsel, hereby stipulate and agree, and the Court hereby Orders, that:

1.      Insofar as the application OPA's limitation of liability provisions, Offshore stipulates and agrees that it entered into the Macondo Prospect Deepwater Operating Agreement with BP Exploration & Production Inc. ("BPXP") effective as of October 1, 2009, pursuant to which BPXP was designated as the Operator of the Contract Area that included the location of the Macondo well.

2.      Apart from the stipulation as to Offshore's contractual relationship with BPXP in paragraph 1, *supra*, the United States and Offshore will not affirmatively present evidence or expert testimony/opinion during the Phase I Trial concerning Offshore (or any of its related entities) including, but not limited to, evidence regarding Offshore's involvement in events leading up to the Incident, its participation in the agreements with BPXP at the Macondo Prospect, or any actions taken by Offshore (or its related entities) after April 20, 2010.  Submission of evidence that relates primarily to BPXP, Halliburton Energy Services, Inc. or the Transocean defendants, but also happens to relate to Offshore, is not precluded so long as such evidence is not proferred in the Phase I Trial for any purpose against Offshore (or its related entities).  Consistent with this Stipulation Offshore (and its related entities) withdraws any objections to exhibits and other evidence proferred for these other purposes and not proferred against Offshore (or its related entities).

3.      Offshore will withdraw the expert report of Gordon Cain for purposes of the Phase I Trial, and not call him as an expert witness during the Phase I Trial.  The United States will withdraw the rebuttal expert report of James Lang insofar as it expresses opinions about Offshore (or its related entities) for purposes of the Phase I Trial, and will not call him as an expert witness during the Phase I Trial to express opinions about Offshore (or its related entities).

4.      Neither the United States nor Offshore will call fact witnesses or seek to submit exhibits related to Offshore during the Phase I Trial.[1]

5.      In the event that the Court permits another party to present evidence in the Phase I Trial concerning Offshore (or its related entities) for purposes of the allocation of fault for the Incident, Offshore reserves the right to rebut such evidence, but only to the extent necessary to counter the other parties' evidence.

---

[1]      The parties recognize that portions of deposition transcripts have already been designated, and that some relate to Offshore.  The parties stipulate and agree, however, that neither will seek to rely upon any such

6.      In the event that, after consideration of any public comments, the United States moves for entry of the proposed Consent Decree and the Court enters such Consent Decree, the liability of Offshore to the United States for civil penalties under the Clean Water Act will be resolved as provided in that settlement, and the reservations of the parties will be as set forth in the proposed Consent Decree.

7.      In the event that the United States, after consideration of any public comments, does not move for entry of the proposed Consent Decree, or the Court does not enter the proposed Consent Decree, the following provisions will apply:

a.      The parties reserve their right to present fact and expert witnesses along with other evidence at any later CWA trial, and neither party shall object in any subsequent phase that evidence should have been submitted in the Phase I Trial.  To the extent evidence is adduced that relates to Offshore (or its related entities) in the Phase I Trial, either party may seek to re-present such evidence if needed in a later phase pertaining to any CWA claims.

b.      Except for findings of fact and conclusions of law regarding BPXP's gross negligence or regulatory violations, and/or Offshore's entitlement to an OPA limitation of liability, and except as otherwise set forth herein, no post-Phase I Trial findings of fact or conclusions of law concerning Offshore (or its related entities) that arise from evidence adduced in the Phase I Trial will be binding on the parties in any subsequent CWA trial.

c.      Notwithstanding the provisions in paragraph 7.b above, the parties have agreed to defer whether and to what extent certain of the Court's pre-Phase I Trial rulings (*i.e.*, those dismissing the claims of other parties against Offshore (and/or its related entities) and granting Offshore's motion *in limine* described in the WHEREAS clause above) are binding on the United States' claims against Offshore.  Offshore reserves the right to assert that such rulings are binding on

---

designations in connection with the Phase I Trial.

the United States with respect to any claims the United States has asserted or will assert and the United States reserves the right to contend that such rulings are limited to other parties' claims and do not have any binding effect on the United States' claims or on any CWA penalty factors. Moreover, notwithstanding the provisions of paragraph 7.b above, should the Phase I Trial result in a formal order, ruling or judgment allocating 0% fault to Offshore, then Offshore reserves its right to have the United States bound by that order, ruling or judgment and the United States reserves its right to argue that such order, ruling or judgment is neither relevant nor binding on the United States' claims against Offshore, including any subsequent CWA claims against Offshore.

8.     Nothing in this stipulation prevents Offshore from asserting that it is entitled to the benefit of the OPA limitation on liability in 33 U.S.C. § 2704 by presenting evidence of the conduct of others and not pertaining to Offshore's conduct or involvement at the Macondo well.  In the event that the proposed Consent Decree (Rec. Doc. 5743-1) is not entered by this Court, the United States' CWA claims against Offshore, and Offshore's defenses to such claims, will be tried sometime after the trials for Phases I through III.  Except as expressly set forth herein and in the provisions of the Consent Decree, (a) the United States reserves, and does not waive, any and all of its rights and/or claims against Offshore; and (b) Offshore reserves, and does not waive, any and all of its rights and defenses including, but not limited to, its right to appeal the Order's ruling, *inter alia,* that direct liability under OPA is strict, joint and several, and not subject to apportionment among responsible parties.

Dated:  February 29, 2012

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment and Natural Resources Division | Civil Division |

JAMES NICOLL                                    PETER F. FROST
Senior Counsel                                   Director, Torts Branch, Civil Division
NANCY FLICKINGER                          Admiralty and Aviation
Senior Attorney                                 STEPHEN G. FLYNN
SARAH HIMMELHOCH                      Assistant Director
Senior Litigation Counsel                   MICHELLE DELEMARRE
DEANNA CHANG                               SHARON SHUTLER
SCOTT CERNICH                               JESSICAL SULLIVAN
A. NATHANIEL CHAKERES              JESSICA MCCLELLAN
JUDY HARVEY                                  DAVID PFEFFER
MATT LEOPOLD                               MALINDA LAWRENCE
ABIGAIL ANDRE                               Trial Attorneys
Trial Attorneys

/s/ Steven O'Rourke                           /s/ R. Michael Underhill
STEVE O'ROURKE                            R. MICHAEL UNDERHILL, T.A.
Senior Attorney                                 Attorney in Charge, West Coast Office
Environmental Enforcement Section     Torts Branch, Civil Division
U.S. Department of Justice                  U.S. Department of Justice
P.O. Box 7611                                   7-5395 Federal Bldg., Box 36028
Washington, DC 20044                       450 Golden Gate Avenue
Telephone:  (202) 514-2779                San Francisco, CA 94102-3463
Facsimile:  (202) 514-0097                 Telephone: (415) 436-6648
E-mail: steve.o'rourke@usdoj.gov       Facsimile: (415) 436-6632
                                                        E-mail: mike.underhill@usdoj.gov

JIM LETTEN
United States Attorney
SHARON SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras Street, Ste. B-210
New Orleans, LA 70130

**ATTORNEYS FOR THE UNITED STATES OF AMERICA**

/s/  John F. Pritchard
JOHN F. PRITCHARD
EDWARD FLANDERS
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY 10036-4039
Tel. (212) 858-1000
Fax (212) 858-1500
john.pritchard@pillsburylaw.com
edward.flanders@pillsburylaw.com

CHRISTOPHER MCNEVIN
Pillsbury Winthrop Shaw Pittman LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033
chrismcnevin@pillsburylaw.com

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

**SO ORDERED,**

In New Orleans, Louisiana, this 29th day of February, 2012.

_____
United States District Judge