UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**BP'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DESIGNATED DEPOSITION TESTIMONY THAT VIOLATES THE COURT'S FEB. 9, 2012 ORDER**

BP seeks an Order striking from the record of the Phase I trial designated deposition testimony that violates the Court's February 9, 2012 Order (Rec. Doc. 5634) on BP's motions *in limine* regarding prior incidents and proceedings.[1]

The Court's February 9, 2012 Order "exclude[s] evidence of prior accidents or alleged misconduct in Phase I of the trial," and similarly excludes "evidence of prior adverse criminal, civil, and regulatory proceedings." Order at 6-7. The Court did note two narrow exceptions: (1) that its ruling does not exclude certain evidence regarding the OMS, as that evidence is relevant "to BP's alleged lack of an adequate process safety system for the Macondo operation," *id.* at 6, and (2) that "expert reports are not necessarily excluded merely because they rely upon prior-incident process safety evidence." *Id*.

Despite these exceptions, the Order clearly precludes the introduction into evidence of questions to, and answers from, fact witnesses regarding prior incidents and violations. Any

---

[1] BP also lodged objections to testimony as part of the deposition designation process, and the Court has issued many other rulings that impact the designated testimony. This motion only addresses the effect of the Court's February 9th Order on eight particular depositions, but BP does not waive any of its other objections or the right to object to any proffered testimony on these or other grounds. While it may be impractical to address these other concerns prior to the start of trial, BP submits that prior to the close of the record, the parties and the Court must resolve these issues so there is 100% clarity on the precise content of the evidentiary record.

1

possible doubt on this score was removed when the Court recently sustained BP's objection to three PSC Opening Statement demonstratives that referenced prior incidents. Rec. Doc. 5914 at 1-2. While it *may* be appropriate for experts to reference prior incidents, that possibility does not justify allowing such evidence into the record by other means.

Significant portions of the designated deposition testimony reference prior incidents and proceedings, and all of this material has been ruled inadmissible by the Court. BP has repeatedly made it clear that, in its view, it is the responsibility of the parties – particularly those who designated this testimony (knowing it was the subject of pending objections) – to conform the evidence proffered to the Court's February 9th Order. Shortly after the Court issued its Order, BP requested that the PSC take appropriate steps to exclude these improper designations, and in a letter to the Court dated February 16, 2012, identified eight designated deposition transcripts significantly affected by this issue and asked how the PSC intended to address the issue of excluded testimony. (Ex. A) In response, the PSC said it did not intend to take any steps to modify the designated testimony, claiming it was "impractical" to do so.[2] (Ex. B)

At the February 17, 2012 Working Group Conference (*see generally* Ex. C at 24-31), the PSC indicated that it not only believed it would be difficult to cull out this testimony, but that the testimony itself was not necessarily excluded by the Court's February 9, 2012 Order. (Ex. C at 27-28) This dispute prompted Judge Shushan to order that the parties meet and confer to discuss

---

[2] The PSC has never provided the Court with any support for its assertion that modifying its evidentiary submission to conform to the Court's orders is too burdensome. The PSC has represented in the past that "340 lawyers from ninety different law firms" have contributed to the plaintiffs' effort. (Rec. Doc. 5022 at fn. 1) It strains credibility to suggest that the PSC does not have the manpower to comply with the Court's orders. That is even more true with respect to the eight depositions identified by BP as most impacted by the Court's *in limine* ruling on prior incidents. There is nothing that requires the PSC to proffer tens of thousands of pages of deposition testimony for inclusion in the record during the first week of the trial – particularly where the Court has stated it may not determine the admissibility of much of this testimony until later in the trial. BP submits that the PSC has the time and the resources to trim its submissions in accordance with the Court's Orders, both specifically as sought in this motion and more generally as the parties will no doubt discuss with Judge Shushan and the first Marshalling Conference.

the specific testimony at issue. (Ex. D at 3-4) Accordingly, BP sent the PSC another letter on February 23, 2012 outlining the issue and attaching, as an exemplar, a highlighted transcript of those portions of Mr. Hayward's deposition that contained improper designations. (Ex. E) BP asked the PSC to agree this testimony should be stricken from the record and to work with BP to make similar adjustments for the designated testimony of other witnesses. (*Id.*) The PSC did not respond to BP's February 23 letter, despite the anticipated trial date of February 27, 2012.

The PSC's approach to this dispute has essentially been to run out the clock, hoping, no doubt, to proffer the depositions with the excluded testimony. Regardless, the meet-and-confer process has not yielded any progress. Indeed, despite Judge Shushan's directive, the PSC flatly has refused to even engage in a meet and confer process.

BP therefore now asks for the Court's assistance in resolving this issue. Specifically, it seeks an Order that provides:

(1) the highlighted portions of Mr. Hayward's deposition testimony (*see* attachment to Ex. E) be excluded from the record;

(2) the PSC identify the testimony barred by the Court's February 9 Order in the seven other deposition transcripts identified by BP (*see* Ex. A) prior to their submission to the Court for inclusion in the record;

(3) following such identification by the PSC (or lack thereof) that BP be allowed seven days in which to file its objections in this regard to the transcripts submitted;

(4) that any disputed testimony not be admitted into evidence until BP's objections are resolved; and

(5) requires the PSC to work with BP to institute a process for addressing the effect of the Court's rulings on other proffered designated testimony.

Dated: March 1, 2012

Respectfully submitted,

/s / Don K. Haycraft

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Timothy A. Duffy, P.C.
(tim.duffy@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for BP Exploration & Production Inc. & BP America Production Company*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of March, 2012.

/s/  Don K. Haycraft__