UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO.: 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO ON APRIL 20, 2010 | * | SECTION "J" |
| | * | JUDGE BARBIER |
| THIS DOCUMENT RELATES | * | |
| TO ALL ACTIONS | * | MAGISTRATE DIVISION "1" |
| | * | MAG. JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM OF LAW IN SUPPORT OF DONALD VIDRINE'S
MOTION TO STAY EFFECT OF ORDER DATED FEBRUARY 14, 2012,
AS AMENDED BY ORDER DATED FEBRUARY 24, 2012, PENDING APPEAL**

MAY IT PLEASE THE COURT:

Donald Vidrine submits this memorandum in support of his motion to stay the effect of Magistrate Judge Shushan's Order dated February 14, 2012 [Rec. Doc. 5681], as amended by this Court's Order dated February 24, 2012 [Rec. Doc. 5875], pending disposition of Mr. Vidrine's appeal of those orders (Mr. Vidrine is contemporaneously filing a Notice of Appeal to the United States Court of Appeals for the Fifth Circuit).

**INTRODUCTION**

Although the February 14, 2012 Order does not set firm deadlines for compliance, it appoints Dr. Rennie W. Culver as the Court's expert, and requires that "counsel for Mr. Vidrine *promptly* provide all Mr. Vidrine's medical records and reports of his treating physician to Dr. Culver and schedule an appointment with Dr. Culver for Mr. Vidrine at Dr. Culver's convenience, with the aim that the appointment will be scheduled *as soon as*

*possible.*"  *See* February 14, 2012 Order, Rec. Doc. 5861, at p. 2 (emphasis added). Accordingly, unless the effect of this order, as amended, is stayed pending appellate review, any relief potentially afforded to Mr. Vidrine on appeal would come too late if in the meantime Mr. Vidrine were forced to comply with the Court's orders and, as Mr. Vidrine contends, be unlawfully compelled to disclose materials and information protected by the psychotherapist-patient privilege.  The urgency that accompanied the Court's orders was presumably caused by the then-impending start of the Phase One trial.  In view of the Court's March 2, 2012 Order adjourning that trial following a partial settlement reached among certain of the parties [Rec. Doc. 5955], such urgency is no longer warranted now, and a stay pending appeal is appropriate.

Like a bell that cannot be unrung, the materials and information sought from Mr. Vidrine, once disclosed, cannot later be effectively protected, and no future order of this Court could ever undo the harm that would flow to Mr. Vidrine from the compelled disclosure of his privileged materials and information.  For this reason, and for the additional reasons urged below, the effect of the February 14, 2012 Order, as amended, should be stayed pending appeal, especially now that there will be additional delay before the start of any trial.

## LAW AND ARGUMENT

Although discovery orders generally are not subject to review on interlocutory appeal, the February 14, 2012 Order, as amended, fits squarely into the exception to that rule recognized by the United States Fifth Circuit Court of Appeals in *Acosta v. Tenneco Oil Co.*,

913 F.2d 205 (5th. Cir. 1990). In *Acosta*, the Court of Appeals concluded that it had jurisdiction, under the collateral order doctrine established in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221 (1949), to review an interlocutory appeal from the district court's order – allegedly made under the authority of Rule 35, Fed. R. Civ. P. – that required the plaintiff to submit to an examination by the defendant's vocational rehabilitation expert. *Acosta,* 913 F.2d at 208. Just as in *Acosta*, the orders of this Court now sought to be challenged on appeal by Mr. Vidrine are also allegedly based on Rule 35. And each of the factors that convinced the *Acosta* court to review the district court's defective Rule 35 order in that case is also present here.

As summarized by the Fifth Circuit in *Acosta*, the *Cohen*

"collateral order doctrine has four requirements: (1) the order must finally dispose of a matter so that the district court's decision may not be characterizable as tentative, informal or incomplete; (2) the question presented must be serious and unsettled; (3) the order must be separate from, and collateral to, rights asserted in the principal suit; and (4) there should generally be a risk of important and probably irreparable loss if an immediate appeal is not heard."

*Acosta, supra,* 913 F.2d at 207-08 (citation omitted).

**1.    The Court's orders finally dispose of the issue of Mr. Vidrine's examination**

This Court's orders that require Mr. Vidrine's counsel to provide to Dr. Culver "all Mr. Vidrine's medical records and reports of his treating physician" and compel Mr. Vidrine to submit himself to an examination by Dr. Culver are final and conclusive, and unless the orders are vacated or otherwise modified on appeal, Mr. Vidrine will be required to comply with them "promptly" and "as soon as possible".

**2.     The question presented by the Court's orders is serious and unsettled**

The legal issues presented by Mr. Vidrine's appeal are serious questions of law that are likely to escape resolution if review of the Court's orders is delayed.  Those issues include whether the Court had authority to require Mr. Vidrine to submit to an examination by a Court-appointed physician although Mr. Vidrine has not asserted a claim for damages and is not using his physical condition as a defense to any claims that may be sought to be asserted against him by any person, and whether the court had authority to *sua sponte* order such an examination, purportedly under the authority of Rule 35, in the absence of a motion filed by any party seeking such an examination, without a hearing, and without prior notice to Mr. Vidrine, all as expressly required by Rule 35(a).

**3.     The Court's orders are collateral to the merits of the underlying litigation**

The Court's orders resolve a discovery issue that is wholly distinct from and collateral to the merits of the claims at issue in this MDL proceeding.  Although this Court concluded that "Mr. Vidrine's medical condition was genuinely in controversy in this case" (*see* February 24, 2012 Order, Rec. Doc. 5875, at p. 6), Mr. Vidrine's medical condition actually is only relevant to his ability to be deposed, and is not at all relevant to the merits of the underlying litigation.  So, unlike the typical Rule 35 case in which a plaintiff has asserted damages claims for physical injuries and has therefore placed his medical condition at issue, here, Mr. Vidrine's medical condition is wholly collateral to the underlying litigation, because Mr. Vidrine has not asserted any personal injury claims against any defendant.

**4.      Absent a stay, there is substantial risk of serious and irreparable harm**

A delay or postponement of review would cause irreparable harm to Mr. Vidrine. This Court apparently recognized that Mr. Vidrine's compliance with the February 14, 2012 Order would force Mr. Vidrine to disclose confidential materials and information that are protected from disclosure by the psychotherapist-patient privilege, because in its February 24, 2012 Order, this Court amended the Magistrate Judge's order by adding the following provision: "By complying with this order, Donald Vidrine shall not be deemed to have waived the right to assert the psychotherapist-patient privilege with respect to the information contained in his medical records in any other action outside the instant proceeding, specifically including any ongoing criminal investigation of the events giving rise to the Macondo well blowout." *See*, February 24, 2012 Order, Rec. Doc. 5875, at p. 2.

However, this additional prophylactic language falls far short of protecting Mr. Vidrine's privilege, because it purports to address only the "information contained in his medical records". Particularly important here is the fact that Dr. Culver is a psychiatrist, and his proposed examination of Mr. Vidrine, although ostensibly "not overly invasive, in that its scope is limited to confirming whether Vidrine is medically able to give a deposition" (*see* February 24, 2012 Order, Rec. Doc. 5875, at p. 6), would necessarily consist of a series of questions and answers probing Mr. Vidrine's condition and presumably would include inquiry into Mr. Vidrine's involvement in and reaction to the events surrounding the *Deepwater Horizon* blowout. If Mr. Vidrine were compelled to submit himself to an examination by Dr. Culver, the results of Dr. Culver's examination would not, under the

terms of this Court's order (even as amended), be protected from disclosure or use in any other proceeding, including any criminal investigation or prosecution. Further, there is nothing in the order (as amended) that would prevent a party from noticing Dr. Culver's deposition and discovering the details of what materials Dr. Culver reviewed, *including* Mr. Vidrine's medical records, and what information Mr. Vidrine provided to Dr. Culver during the examination. Also, the materials in Dr. Culver's possession would also be subject to production under subpoena in other proceedings, including any criminal investigation or prosecution.

Still further, this Court's orders do not address the mandatory consequences of Rule 35(b)(4), that provides that in the event Mr. Vidrine were to obtain a copy of Dr. Culver's examination of him (which he would have to do if he wished to challenge any ruling made by the Court on the basis of Dr. Culver's findings), Mr. Vidrine would automatically be waiving "any privilege" he may have, not only in this action, but also in "any other action involving the same controversy–concerning testimony about all examinations of the same condition." *See* Rule 35(b)(4).

All of the foregoing demonstrates the irreparable nature of the harm that will befall Mr. Vidrine if he is required to comply with the Court's orders pending appeal. And no future order of this Court could undo this harm. In a typical discovery-related matter, a court can later remedy an erroneous ruling by, for example, excluding improperly obtained evidence or even ordering a new trial. No such remedy would be available here, because even if this Court's orders are later determined to have been in error, no future order could ever render again confidential and privileged the materials and information Mr. Vidrine is compelled by this Court's orders to now disclose. And

there is no adequate evidentiary or post-trial ruling that could remedy the harm to Mr. Vidrine either, because the privileged materials and information Mr. Vidrine is being compelled to disclose have nothing whatsoever to do with the merits, and will not affect the disposition of, the underlying litigation.

## CONCLUSION

As summarized above, the Court's February 14 and 24, 2012 Orders fall within the small class of immediately-appealable district court decisions made prior to final judgment. For that appellate process to be meaningful, however, a stay of the effect of those orders is necessary pending appeal. Accordingly, and for the reasons urged above, Mr. Vidrine respectfully moves for an order staying the effect of Magistrate Judge Shushan's Order dated February 14, 2012 [Rec. Doc. 5681], as amended by this Court's Order dated February 24, 2012 [Rec. Doc. 5875], pending disposition of Mr. Vidrine's appeal of those orders.

    Respectfully submitted,

    Robert N. Habans, Jr. (La. Bar No. 6395)
    Habans & Carriere
    10843 N. Oak Hills Parkway
    Baton Rouge, Louisiana 70810
    Telephone: (225) 757-0225
    Fax: (225) 757-0398
    Email: bobhab@bellsouth.net

**CERTIFICATE OF SERVICE**

     I do hereby certify that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of March, 2012.

                                                                  /s/ Robert N. Habans, Jr.
                                                                   Robert N. Habans, Jr.