UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | * | MDL 2179 |
| | * | |
| "DEEPWATER HORIZON" in the | * | SECTION J(2) |
| | * | |
| Gulf of Mexico on April, 20, 2010 | * | JUDGE BARBIER |
| | * | |
| This Document Applies to: | * | MAGISTRATE JUDGE WILKINSON |
| No. 12-179 c/w 12-259 | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**EPIC DIVING & MARINE SERVICES, LLC'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT
TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

NOW INTO COURT, through undersigned counsel, comes defendant, EPIC Diving & Marine Services, LLC ("EPIC"), who submits this memorandum in support of its Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  EPIC seeks dismissal with prejudice of the Petition for Damages (the "Petition") filed by plaintiff, Constantin Land Trust ("CLT"), for failure to state a claim upon which relief may be granted. (Doc. 1-1).

INTRODUCTION

CLT alleges damages arising from EPIC's use of a certain dock property that CLT leased to Pitre Industries, L.L.C. ("Pitre").[1]  Specifically, CLT filed suit asserting a claim against EPIC for "trespass and/or conversion" and seeking restoration damages or an order requiring EPIC to restore the property CLT had leased to Pitre.  However, CLT's claims are barred for several

---

[1] CLT filed a separate suit against Pitre in the 17th Judicial District Court, Parish of Lafourche, Civil Action No. 119083, arising out of several Pitre/CLT leases, including this Texaco Dock Lease.

{N2428086.3}   1

reasons and CLT's claims must be dismissed. First, CLT has failed to state claims for both trespass and conversion because the Petition does not state when the alleged tortious actions occurred and, to the extent CLT's claims relate to any lease, because the Petition does not allege that EPIC is the lessee of the property leased by CLT to Pitre. Second, CLT has failed to state a claim for conversion because the Petition does not allege any loss or damage to movable property. Third, to the extent they relate to any lease that is still in effect, CLT's claims are premature because the Petition does not allege that the underlying lease of the property has terminated. As such, CLT's claims against EPIC fail as a matter of law and should be dismissed with prejudice.

## BACKGROUND

I.   The Allegations Of The Petition.

CLT alleges that it was the sole owner of certain tracts known as the Texaco Dock. Petition at ¶ 3. CLT further alleges, "[u]pon information and belief," that "defendant used, occupied, and performed construction upon, and otherwise converted" the Texaco Dock without CLT's authorization or written agreement. Petition at ¶ 4; *see also* Petition at ¶ 5 (alleging that "[u]pon information and belief, said defendant … dumped materials upon" the Texaco Dock). CLT's Petition also states that CLT paid "either Pitre Industries, Inc., Pitre Rae Partnership, or another unknown entity" for the purpose of conducting the alleged tortious actions on the Texaco Dock. Petition at ¶ 7; *see also* Petition at ¶ 8 (alleging that no document exists authorizing a "lease, sublease, assign[ment], or … contract" of the Texaco Dock to EPIC). CLT seeks recovery of damages incurred as a result of the alleged "trespass and/or conversion" including, *inter alia*, damages for the cost to restore the Texaco Property to its original condition. Petition at ¶¶ 9-10. However, CLT fails to identify (a) when any of the alleged tortious actions occurred,

and (b) any particular lease or other agreement between it and Pitre Industries, Inc., Pitre Rae Partnership, or EPIC.

## LAW AND ARGUMENT

**I.      Legal Standards**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides a defense where a party has a failed to state a claim upon which relief can be granted. The Court should not look beyond the factual allegations of in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Although courts are required, for the purpose of the analysis under Rule 12(b)(6) to treat as true all factual allegations in the complaint, they are not bound to accept labels, conclusions, or bald recitations of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Spivey*, 197 F.3d at 774.

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). The United States Supreme Court has explained that the pleading standard of Rule 8 does not require "detailed factual allegations," but the allegations must be more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation and citation omitted). Similarly, "a complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at ---, 129 S. Ct. at 1949 (citing *Twobly*, 550 U.S. at 557). As to the pleading of time, Rule 9(f) of the

Federal Rules of Civil Procedure provides that "an allegation of time … is material when testing the sufficiency of a pleading." Fed. R. Civ. P. 9(f).

To survive a Rule 12(b)(6) motion to dismiss, a pleading "must contain **sufficient factual matter**, accepted as true, to 'state claim that is plausible on its face.'" *Iqbal*, 556 U.S. at ---, 129 S. Ct. at 1949 (emphasis added) (quoting *Twombly*, 550 U.S. at 570). "The factual allegations must 'raise a right to relief above the speculative level ….'" *Hamer v. Jones*, 364 Fed. Appx. 119, 122 (5th Cir. 2010) (citing *Twombly*, 550 U.S. at 555). Thus, "the statement must present more than 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Roque v. Jazz Casino Co. LLC*, 388 Fed. Appx. 402, 405 (5th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1949). While "Rule 8 marks a notable a generous departure from the hyper-technical regime of a prior era … it **does not** unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at ---, 129 U.S. at 1949 (emphasis added).

## II.    CLT Has Failed to State Claims For Trespass and Conversion.

The Petition fails to state claims for trespass and conversion against EPIC, and should be dismissed pursuant to Rule 12(b)(6), for each of the several reasons discussed below. Both the trespass claim and the conversion claim are inadequately pled because the Petition does not state when the alleged tortious conduct occurred and the Petition does not allege that EPIC is the lessee of the Texaco Dock. And as to conversion alone, the Petition fails to state a claim because it does not allege any loss or damage to movable property.

### A.    CLT has failed to state claims for both trespass and conversion because the Petition does not allege <u>when</u> the alleged tortious actions occurred.

CLT failed to comply with Rule 8(a) and Rule 9(f) of the Federal Rules of Civil Procedure because no time period for the alleged tortious conduct is contained in the Petition Where a plaintiff's complaint completely omits allegations of time as to a claim, the claim

should be dismissed.  *See, e.g.*, *Wade v. Washington Metro. Area Transit Auth.*, 2005 WL 1513137, *2 (D.D.C. 6/27/05) (granting motion to dismiss claim); *see also Supreme Wine Co. v. Distributors of New England, Inc.*, 198 F.Supp. 318, 320 (D. Mass. 1961) (stating that "an entire omission of any allegation of time and place" may be subject to dismissal under Rule 12(b)(6)).  Dismissal is proper in such circumstances because a complaint that is entirely devoid of allegations of time fail to give a defendant fair notice of the claim against it and deprives the defendant of the information needed to prepare its defense.  *See Wade*, 2005 WL 1513137 at *2; *see also Ackley v. City of Fort Lauderdale*, 2007 WL 2900272, *1 (S.D. Fla. 10/1/07) (granting motion to dismiss "for failure to set forth the operative dates" of the plaintiff's claim).

CLT's Petition does not specify any date on which the alleged tortious actions occurred.  Without alleging a date or time period, the Petition merely states that EPIC "used, occupied … performed construction upon … and dumped materials upon" the Texaco Dock. Petition at ¶¶ 4-5.  In fact, no date is alleged in any paragraph of the Petition.  Thus, the Petition should be dismissed under Rule 12(b)(6) for failure to set forth the operative time period of EPIC's alleged tortious conduct, particularly because a one year prescriptive period applies to CLT's claims.[2]

Alternatively, CLT should be made to plead more definite facts.  Rule 12(e) provides that, "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a

---

[2] The "trespass and/or conversion" alleged by CLT are delictual actions under Louisiana law.  See *Gallant Invstmnts., Ltd. v. Illinois Cent. Railroad Co.*, 7 So.3d 12, 18 (La. App. 1 Cir. 2009).  Pursuant to the Louisiana Civil Code "delictual actions are subject to a liberative prescription of one year."  La. Civ. Code art. 3492.  Additionally, "[w]hen damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable property acquired, or should have acquired, knowledge of the damage."  La. Civ. Code art. 3493.  As set forth by the Louisiana Supreme Court, "[s]pecifically regarding property damage claims, knowledge sufficient to state the running of the prescription 'is the acquisition of sufficient information, which, if pursued, will lead to the true condition of things.'"  *Marin v. Exxon Mobil Corp.,* 48 So.3d 234, 246 (La. 2010) (quoting *Young v. Int'l Paper Co.*, 155 So. 231 (La. 1934)).

party cannot reasonably be required to frame a responsive pleading, a party may move for a more definite statement...." Accordingly, CLT should be required to comply with Rule 8(a) and Rule 12(e) and to specifically plead facts pursuant to Rule 9(f) to show the time when the alleged tortious actions occurred.

### B. CLT has failed to state claims for both trespass and conversion because the Petition does not allege that EPIC is the lessee of the Texaco Dock.

In addition, to the extent CLT bases its claims on any lease, CLT has failed to state claims for trespass and conversion because the Petition does not allege that EPIC is the lessee of the Texaco Dock. Pursuant to Article 2687 of the Louisiana Civil Code "the <u>lessee</u> is responsible for the fault of all other persons who, with his consent, are on the premises or use the thing, such as invitees." La. Civ. Code art. 2687 (emphasis added); *see also* La. Civ. Code art. 2692 (lessee bound to repair damage caused by his fault or that of persons on the property with his consent). Accordingly, no right of action can be maintained by a lessor-landowner against a sublessee upon any covenant contained in a lease, "since there is neither privity of estate nor of contract between [the lessor] and the undertenant." *Broussard v. Hassie Hunt Trust*, 91 So.2d 762, 765 (La. 1956); *see also Sauer v. Toye*, 616 So.2d 207, 211 (La. App. 5 Cir. 1993) (landlord's actions for eviction and past due rents against subtenant failed due to lack of contractual privity).

CLT seeks recovery of damages including, *inter alia*, damages for the cost to restore the Texaco Property to its original condition. Petition at ¶¶ 9-10. Therefore, to the extent CLT's claims are based on any lease, the claims can be maintained against the lessor of the Texaco Dock. Because the Petition does not allege that EPIC is the lessor of the Texaco Dock, CLT has failed to state claims for trespass and conversion. The claims should, therefore, be dismissed pursuant to Rule 12(b)(6).

### C. CLT has failed to state a claim for conversion because the Petition does not allege any loss or damage to movable property.

CLT has also failed to state a claim for conversion against EPIC because the Petition does not allege any loss or damage to movable property. In Louisiana, a conversion action is "grounded on the unlawful interference with the ownership or possession of a **movable** …." *Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 721 So.2d 853, 857 (La. 1998) (emphasis added). In order to prevail on a claim of conversion, a plaintiff must prove that any of the following occurred: "1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel." *Id.* Therefore, in order to state a claim for conversion, CLT must be able to allege loss or damage to movable property. CLT makes no such allegation, alleging only loss or damage to the Texaco Dock, which is immovable property. *See Dupre' v. ABC Ins. Co.*, 776 So.2d 25, 26-27 (La. App. 4 Cir. 2000) (dock is immovable property). Therefore, CLT's conversion claim fails as a matter of law and should be dismissed pursuant to Rule 12(b)(6).

### III. CLT's Claims For "Trespass and/or Conversion" Are Premature.

Even if CLT has not failed to state claims for trespass and conversion, CLT's claims are premature to the extent CLT bases its claims on any lease that is still in effect, and should be dismissed. In Louisiana, a suit is premature if it is brought before the right to enforce the claim sued upon is accrued. La. Civ. Code art. 423. Prematurity is determined by the facts existing at the time a suit is filed. *Sevier v. U.S. Fidelity & Guar. Co.*, 497 So.2d 1380, 1382 (La. 1986). The Louisiana Supreme Court has held that the duty to restore leased property does not arise until the expiration of the lease. *Corbello v. Iowa Prod.*, 850 So.2d 686, 703 (La. 2003). This

rule was not changed by the Court's decision in *Marin v. Exxon Mobil Corp.,* 48 So.3d 234 (La. 2010). *Kinder Gas, Inc. v. Reynolds*, --- So.3d ---, 2012 WL 280668, *8 (La. App. 3 Cir. 2/1/12); *see also Marin*, 48 So.3d at 256 (distinguishing claims for restoration damages under La. Civ. Code art. 2683, which are premature if brought before termination of the lease, from claims under other Civil Code articles, which may be asserted before the lease ends). Where an active lease has ongoing operations, the lessor cannot demand cleanup of those operations until after the lease terminates. *See Kinder Gas*, 2012 WL 280668 at *8 (affirming dismissal of claims for restoration damages as premature where lease was still in effect); *see also, e.g., Edwards v. Jeems Bayou Prod. Co.*, 507 So. 2d 11, 13 (La. App. 2 Cir. 1987). Further, the burden is on the plaintiff to establish that the leasehold acreage is no longer needed for ongoing operations. *Edwards*, 507 So.2d at 13.

While the Petition fails to state with certainty whether CLT bases its claims on any lease still in effect between CLT and Pitre Industries, Inc., Pitre Rae Partnership, or EPIC, CLT's claims are premature to the extent that CLT bases its claims on any such lease. This Court should dismiss Plaintiff's claims for failure to state a claim on which relief may be granted because of this prematurity. Alternatively, Plaintiff should be made to plead more definite facts as required by Rule 8(a) and Rule 12(e) and to specifically plead facts pursuant to Rule 9(c) to show that all conditions precedent have been met which permit Plaintiff to bring this suit. *See* Fed. R. Civ. P. 9(c) (conditions precedent must be pleaded to have occurred or been performed).

## CONCLUSION

CLT's claims should be dismissed with prejudice for the following reasons as set forth herein. First, CLT has failed to state claims for both trespass and conversion because the Petition does not state <u>when</u> the alleged tortious actions occurred and because the Petition does not allege

that EPIC is the lessee of the property. Second, CLT has failed to state a claim for conversion because the Petition does not allege any loss or damage to movable property. Finally, CLT's claims are premature because the Petition does not allege that the underlying lease of the property has terminated. At the very least, the Petition is vague and its notice does not satisfy the requirements of the Federal Rules of Civil Procedure. As such, CLT's claims against EPIC fail as a matter of law and should be dismissed with prejudice.

Respectfully submitted,

*/s/ Brett S. Venn*
GRADY S. HURLEY (La. No. 13913)
BRETT S. VENN (La. No. 32954)
Jones, Walker, Waechter,
  Poitevent, Carrère & Denègre, L.L.P.
201 St. Charles Avenue, 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 589-8116

***Attorneys for EPIC Diving & Marine Services, LLC***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2012, a copy of the foregoing pleading was forwarded to all counsel of record via CM/ECF.

*/s/ Brett S. Venn*