UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | § § § § | MDL NO. 2179 SECTION: J |
| This Document Relates to: | § § | JUDGE BARBIER |
| All Cases (Including No. 10-2771) | § § | MAG. JUDGE SHUSHAN |

*************************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION TO VACATE ORDER APPOINTING INTERIM CLASS COUNSEL

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs, who respectfully submit the instant Memorandum in Support of Motion to Vacate Order Appointing Interim Class Counsel, and who pray that after considering the foregoing, this Honorable Court will grant the instant Motion, vacating its March 5, 2012, Order and further order that a hearing take place on the appointment of class counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### FACTS

Undersigned counsel respectfully moves this Honorable Court to vacate its March 5, 2012, Order appointing Interim Class Counsel and for a hearing in order to define the putative class and to appoint class counsel in a manner which complies with Rule 23(g). Although the Court announced that "Plaintiffs' counsel and counsel for BP have reached an agreement on the terms of a proposed class settlement" (Order, March 2, 2012, Doc # 5955) and then appointed "Interim Class Counsel" (Order, March 5, 2012; Doc # 5960), there

currently is no discernable definition of the putative class nor have any proceedings been held regarding the appointment of Interim Class Counsel. This is of critical importance insofar as there have been no safeguards set in place to ensure that no conflicts arise among the class members and recently appointed Interim Class Counsel.

Trial was scheduled to begin Monday, February 27, 2012, in this matter. (Doc # 473; Order, October 6, 2010). On Sunday, February 26, this Court issued an Order, "on its own motion," adjourning the trial for a week "for reasons of judicial efficiency and to allow parties to make further progress in their settlement discussions." (Doc. # 5887). On Friday, March 2, the Court issued another Order, adjourning the trial a second time, this time indefinitely (Doc. # 5955), stating:

> At the Court's request, the parties have been meeting with Magistrate Judge Sally Shushan in an attempt to mediate various claims. Judge Shushan has now advised the Court that Plaintiffs' counsel and counsel for BP have reached an agreement on the terms of a proposed class settlement which will be submitted to the Court for approval pursuant to F.R.Civ.P., Rule 23.
>
> Because such a settlement would likely result in a realignment of the parties in this litigation and require substantial changes to the current Phase I trial plan, and in order to allow the parties to reassess their respective positions, the Court, on its own motion, issues the following Order:
>
> IT IS ORDERED that Phase I of the trial scheduled to commence on Monday, March 5, 2012 at 8:00 a.m. is ADJOURNED. The Court will schedule a status conference with liaison counsel to discuss issues raised by the settlement and to set a new trial date.

On Monday, March 5, 2012, this Honorable Court issued a third Order (Doc. #5960) pertaining to the "settlement," appointing "Interim Class Counsel" and stating that:

> Upon consideration, and based upon the record in this litigation, good cause appearing therefor pursuant to the provisions and criteria of Fed. R. Civ. P. 23(g)(1)-(4), the Court hereby appoints James Parkerson Roy and Stephen J. Herman to serve as Interim Class Counsel, under Rule23(g)(3). Interim Class Counsel shall have authority to act on behalf of a putative class or classes in the underlying matters and shall have authority to prepare and submit to this Court all documents and materials necessary and appropriate for this Court's further consideration of any matters pursuant to Fed. R. Civ. P. 23. This order stands until further order of this Court with respect to the appointment of class counsel, if any.

Other than these three Orders, there is nothing in the record whatsoever pertaining to the definition of the putative class or why Interim Class Counsel was appointed before the putative class was defined.

## LAW AND ARGUMENTS

The Court's duty in protecting a class extends to the Court's appointment of class representatives and class counsel. F.R.C.P. 23 (g) governs the appointment of class counsel, and subparagraph (3) provides that the court may appoint interim counsel prior to a determination of whether a class should be certified. However, the instant case has never been certified as a class, nor has a hearing on class certification even taken place. It is thus impossible to determine who will be a member of the putative class and similarly impossible to determine if the Court's appointment of Interim Class Counsel comports with F.R.C.P. 23.

The duty of Class Counsel is set forth in F.R.C.P. 23(g)(2)(4):

> **Duty of Class Counsel** class counsel must fairly and adequately represent the interests of the class

Rule 23 is very clear that it is of utmost importance that the Court ensures that the representative parties, and their attorneys fairly and adequately protect the interest of all of the class members. For this reason, the Rules contain F.R.C.P. 23(a)(3) and F.R.C.P. 23(a)(4) which set forth the following requirements:

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interest of the class.

The Courts have been consistent in holding that class representatives must be free from conflicts in order to fairly and adequately represent the interests of the class which are set forth in Rule 23. See *Amchem Products, Inc. v. Windsor*, 521 U.S. 291, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). In the instant case, however, there have been no class definitions set forth, thus making the determination of who falls into the purported class of people impossible to ascertain. Because of this impossibility, there is no way to determine whether the factors set forth in F.R.C.P. 23(g)(i – iv) have been met.

Preliminary information released by BP and the PSC suggests that the tentative settlement contemplates payments being made to the seafood industry and different settlement payments made to the platform workers. There are even rumors that the platform workers will receive a waiver of attorneys

fees/MDL assessments.  At the outset, the fact that rig/platform workers are distinguished from cleanup workers, illustrates that the significant potential for conflict exists for these two groups.  While some of these assertions are speculative, the issue raised herein which forms the basis of the instant motion is not ---- that is, the appointment of class counsel prior to there being a definition of a putative class cannot comply with F.R.C.P. 23, because without knowing the definition of the putative class, counsel's ability to "fairly and adequately represent the interests of the class" cannot be determined.  F.R.C.P. 23(g)(1)(B).

The Manual for Complex Litigation section 21.271 under Criteria for Appointment of Class Counsel states:  "It is important for the judge to ensure that counsel does not have a conflict with class interests."  In this instance, Plaintiffs (who presumably may be members of this undefined putative class) cannot determine whether such a conflict exists, insofar as Interim Class Counsel has been appointed without a hearing and without even a basic class definition being offered by Interim Class Counsel.

Rule 1.7(a) of the Louisiana Code of Professional Conduct also discusses the potential for impermissible conflicts:

> RULE 1.7. CONFLICT OF INTEREST: CURRENT CLIENTS
>
> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>
> (1) the representation of one client will be directly adverse to

another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

The clear conflict created by representation of the entire class by two, related counsel, is evidenced by the natural competing interests of the parties for differential treatment under the same potential settlement. As this Honorable Court has properly stated, "these proceedings are subject to Rule 23, which allows courts to issue orders 'to protect class members and fairly conduct the action' and 'impose conditions on represented parties.' The *Manual for Complex Litigation* explains that '[t]he court must protect the interests of absent class members, and Rule 23(d) gives the judge broad administrative power to do so, reflecting the equity origins of class action' which includes the ability to 'regulate communications with potential class members, even before certification.'" § 21, at 244, and § 21.12, at 247. It is with this notion of fundamental fairness to all of the members of the putative class that Plaintiffs in this matter respectfully request that this Honorable Court vacate its March 5, 2012, Order appointing Interim Class Counsel and conduct a hearing to determine how such an appointment can be made while still affording the members of the putative class the protection this Court has acknowledged in the past.

**CONCLUSION**

Based on the foregoing, it is clear that it is impossible to appoint Interim Class Counsel for a putative class that has not been defined and still be in compliance with the protections intended to be afforded to the members of the putative class by the Manual for Complex Litigation, the Federal Rules of Civil Procedure as well the jurisprudence of this Circuit. For these reasons, Plaintiffs pray that this Honorable Court will vacate its March 5, 2012, Order appointing Interim Class Counsel and conduct a hearing to determine the class definition and to determine the ability of class counsel to adequately and fairly represent the undefined putative class.

        Respectfully submitted,

        **BECNEL LAW FIRM, LLC**

        /s/Daniel E. Becnel Jr.
        Daniel E. Becnel Jr. (LA Bar No.2926)
        Salvadore Christina, Jr (LA Bar No. 27198)
        106 W. 7th Street, P. O. Drawer H
        Reserve, LA 70084
        (985) 536-1186
        (985) 536-6445 Fax
        dbecnel@becnellaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2012, I electronically filed the foregoing instrument with the Clerk of the Court by using the CM/ECF system, and provided notice by and through Lexis Nexis to all counsel of record.

        /s/Daniel E. Becnel, Jr.