UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig<br>          "Deepwater Horizon" in the Gulf<br>          of Mexico, on April 20, 2010<br><br>This Document Relates to:  *All Cases* | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SUSHAN |

**PLAINTIFFS' OPPOSITION TO MOTION TO VACATE ORDER
APPOINTING INTERIM CLASS COUNSEL**

966903.3

On March 5, 2012, this Court issued its Order Appointing Interim Class Counsel. (Dkt. No. 5960.) On the following day, a motion was filed to vacate that Order (*See* Dkt. No. 5976.) ("Motion"), and for an expedited hearing on his Motion. (Dkt. No. 5977.) Were this a race, Movant would likely be charged with a false start.[1]

The appointment of interim class counsel is an administrative act that prepares for the orderly presentation of a motion for class certification and settlement approval. The purpose of the Rule 23(g)(3) interim appointment provision as it was added to Rule 23 in 2003 is to facilitate the pre-class certification actions necessary to be taken to ensure an orderly process for the certification process, such as bringing a proposed class action settlement to the Court for its consideration under Rule 23(e).

The Motion at issue confuses the appointment of Interim Class Counsel with the appointment of Class Counsel in conjunction with class certification, which has not occurred in this case. Here, the Court properly designated, as Interim Class Counsel, the attorneys who have served the Court and the plaintiffs, under the ongoing scrutiny of the Court, in a co-coordinating and fiduciary role, as court-appointed Plaintiffs' Co-Liaison Counsel, for over a year and a half.

**I.   The appointment of class counsel and the designation of interim class counsel are separate processes, undertaken at different stages of the litigation.**

Federal Rule of Civil Procedure 23(g)(1) provides that "a court that certifies a class must appoint class counsel." Rule 23(g)(3) allows the Court to "*designate* interim counsel to act on

---

[1] The motion was filed by attorney Daniel Becnel, Jr., apparently on his own behalf. No moving party is named. Mr. Becnel is clearly eager to object, and to do so without benefit of actual information about the terms of the proposed settlement or its effects on his clients, none of whom is named in his rushed opposition.

behalf of a *putative class* before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3) (emphasis added). By its own terms, Rule 23 envisions that the key process is the actual appointment of class counsel at the same time as it certifies the class, carrying with it all of the attendant considerations required in rigorous processes required by Rule 23. By contrast, the court designates interim class counsel prior to class certification (and thus, necessarily, prior to defining a class). As courts have required more discovery and investigation before putative classes can be defined and submitted for certification, and as the class certification decision has migrated from the pleading stage to a post-discovery stage, courts have also recognized the need to designate lawyers who can and will undertake to perform these preparatory tasks. Rule 23(g)(3) fulfills this function.

The Court's Order comports with Rule 23(g)(3). It refers to "a putative class or classes" on whose behalf Interim Class Counsel "shall have authority to prepare and submit to [the] Court all documents and materials necessary and appropriate for [the] Court's further consideration of any matters pursuant to Fed. R. Civ. P. 23." (Dkt. No. 5960.) As the below-referenced MDL case management orders illustrate, the Court could have done so at an even earlier phase of the case, prior to any formal class certification activities.

The Court's Order is entirely consistent with the text of Rule 23(g)(3). The Rules do not contemplate, as the motion to vacate suggests, a pseudo-certification of a class in conjunction with the designation of interim class counsel; an interim counsel designation is simply a case management tool for organizing complex litigation with numerous parties and counsel, consistent with the actions of this Court in selecting a Plaintiffs' Steering Committee and co-Liaison Counsel in its earlier pretrial Orders. *See In re Air Cargo Shipping Servs. Antitrust Litig.*,

240 F.R.D. 56, 57 (E.D.N.Y. 2006) (reasoning that prior to class certification and the definition of the class, "designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management."). *See also*, MANUAL FOR COMPLEX LITIGATION, FOURTH § 10.22 (discussing selection of counsel committees and liaison counsel); MULTIDISTRICT LITIGATION MANUAL § 9.15 (2011) (discussing benefits of selecting liaison counsel).

II.     **The designation of interim class counsel is a common case management technique that courts employ prior to class certification, and prior to defining the class.**

The Motion objects to the Court's designation of Interim Class Counsel because the designation was made without an accompanying class definition. Nothing in the text of Rule 23 or the case law of complex litigation imposes such a requirement. In effect, the Motion would impose an obligation that the full class be ready for adjudication at the moment that interim class counsel in appointed, which presumably would require an even earlier designation of the lawyers tasked with presenting a motion for interim class counsel – and that too would likely be challenged by Movant on the same grounds. The Rules do not set up a process of such foolishness.

Rather, in complex litigation, it has become a common practice for courts to designate appointed leadership, such as a plaintiffs' steering committee or liaison counsel, as interim class counsel, prior to the class certification phase of the litigation, and thus necessarily prior to the definition of the class. *See*, *e.g.*, *In re Sensa Weight Loss Litig.*, 2012 U.S. Dist. LEXIS 28178, Docket No. 11-1650 (N.D. Cal. Mar. 2, 2012) (designating interim class counsel); *In re Chase Bank USA, N.A., "Check Loan" Contract Litig.*, (MDL No. 2032) Docket No. 09-2032 (N.D. Cal. July 24, 2009) (Chesney, J.) (designating Plaintiffs' Committee and liaison counsel, and simultaneously appointing Plaintiffs' Executive Committee as interim class counsel); *In re*

966903.3                                          -3-

*Hannaford Bros. Co. Customer Data Security Breach Litig.*, (MDL No. 1954) 252 F.R.D. 66 (D. Maine 2008) (designating interim class counsel); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. at 56 (same); *Parkinson v. Hyundai Motor Am.*, 2006 U.S. Dist. LEXIS 59055, Docket No. 06-345 (C.D. Cal. Aug. 7, 2006) (same). In all these cases, the court designated interim class counsel before motions for class certification were filed or heard, the first time at which a class definition may be proposed for court approval.

As this Court has experienced, the need to protect the procedural rights and interests of putative class members does not await the formal class certification stage. *See Manual for Complex Litigation*, § 21.12. In complex litigation comprised of multiple actions, including multiple class actions, such as MDL proceedings, it has become a recurring practice for the court to designate its appointed leadership, such as a plaintiffs' steering committee, as interim class counsel, prior to the class certification phase of the litigation. *See, e.g., In re Hannaford Bros. Co. Customer Data Security Breach Litig.*,(MDL No. 1954) 252 F.R.D. 66 (D. Maine 2008)(appointing interim class counsel under Rule 23(g)(3) in MDL proceedings consisting of twenty-five actions, consolidated for pretrial proceedings, arising out of electronic theft of retail grocery store consumers' debit and credit card information); *In re Chase Bank USA, N.A., "Check Loan" Contract Litig.* (MDL No. 2032), PTO No. 1 (appointing Plaintiffs' Committee as interim class counsel under Rule 23(g)). Indeed, the appointment of the PSC as interim class counsel can occur even in proceedings in which class certification is deferred. *See, e.g., In re Vioxx Products Liability Litigation* (MDL No. 1657) "Motion and Order for Appointment of Interim Class Counsel (issued June 7, 2005) (appointing the *Vioxx* PSC as interim class counsel).

The Motion's posture clashes with the structure of Rule 23 and the contemporary

practice of courts overseeing complex litigation. It threatens to unravel the orderly management of class proceedings in this litigation, and its inapposite citation to caselaw and Rule 23 serves only to underscore the need for the interim class counsel the Court has designated in this case.

### III.  Conclusion

Because the text of Rule 23 and the overwhelming practice of courts managing complex litigation both support the Court's designation of Interim Class Counsel prior to class certification, Plaintiffs respectfully request that the Court deny the Motion to Vacate Order Appointing Interim Class Counsel. The undersigned respectfully submit that a hearing is unnecessary at this time because such would interfere and distract from the tasks Interim Class Counsel must undertake and complete to fulfill their Rule 23(g)(3) function: to bring a proposed class settlement to this Court for its preliminary review, and the other duly-noticed proceedings contemplated to commence and complete the Court approval process specified by Rule 23(e).

This <u>7th</u> day of <u>March</u>, <u>2012</u>.

Respectfully submitted,

| | |
|---|---|
| */s/ Stephen J. Herman* | */s/ James Parkerson Roy* |
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN KATZ & COTLAR LLP | DOMENGEAUX WRIGHT ROY |
| 820 O'Keefe Avenue | & EDWARDS LLC |
| New Orleans, Louisiana 70113 | 556 Jefferson Street, Suite 500 |
| Telephone: (504) 581-4892 | Lafayette, Louisiana 70501 |
| Fax No. (504) 569-6024 | Telephone: (337) 233-3033 |
| E-Mail: sherman@hhkc.com | Fax No. (337) 233-2796 |
| | E-Mail: jimr@wrightroy.com |

*Plaintiffs' Liaison Counsel and Interim Class Counsel*     *Plaintiffs' Liaison Counsel and Interim Class Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office:  (843) 216-9159
Telefax: (843) 216-9290
E-Mail:  jrice@motleyrice.com

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail:  bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail:  jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
Office:  (985) 876-7595
Telefax: (985) 876-7594
E-Mail:  duke@williamslawgroup.org

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH, LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Opposition has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on March 7, 2012.

*/s/ Stephen J Herman and James Parkerson Roy*
