UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL § | | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" § | | |
| IN THE GULF OF MEXICO, § | | SECTION: J |
| ON APRIL 20, 2010 § | | |
| § | | |
| Relates to: *All Cases* § | | JUDGE BARBIER |
| § | | |
| § | | MAG. JUDGE SHUSHAN |

# FIRST AMENDED[1] ORDER CREATING TRANSITION PROCESS

THIS CAUSE coming to be heard, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

## APPOINTMENT OF CLAIMS ADMINISTRATOR
## AND TRANSITION COORDINATOR

1. The Court appoints Patrick Juneau as the Claims Administrator of the Transition Process (defined below) and the proposed Court Supervised Claims Program (defined below).

2. The Court appoints Lynn Greer as the Transition Coordinator of the Transition Process.

3. The Claims Administrator shall oversee the Transition Coordinator.

4. In the event that the appointed Claims Administrator or Transition Coordinator needs to be replaced during the Transition Process due to incapacitation by death or illness (including mental health illness) or dereliction of responsibility, or he or she is unable to perform the role of Claims Administrator or Transition Coordinator in accordance with the terms of this Transition Order, and upon a showing of cause to the Court, the Parties agree to recommend jointly approved candidates to the Court for a replacement. Thereupon, the Court shall make any necessary appointment.

## CREATION OF TRANSITION PROCESS

5. Upon the agreement of BP Exploration and Production Inc. and BP America Production Company (collectively, "BP") and the Interim Class Counsel (collectively, the "Parties") and in furtherance of the Agreement-in-Principle between the Parties to settle

---

[1] The Court's previous Order (Rec. Doc. 5988) is amended as follows: The date, "May 12, 2012," is deleted from the last sentence of Paragraph 13.A. and replaced with "May 7, 2012."

Plaintiffs' claims, the Claims Administrator and Transition Coordinator shall cause a transition process (the "Transition Process") to be implemented in an orderly, transparent, and timely manner following the entry of this Order (the "Transition Order").

6. The Transition Coordinator will: (a) evaluate claims currently pending with the Gulf Coast Claims Facility ("GCCF"); and (b) evaluate any new claims submitted before the proposed Court supervised claims program (the "Court Supervised Claims Program") agreed to by the Parties is opened (collectively, the "Transition Claims"). The Transition Coordinator will evaluate Transition Claims and, where appropriate under the existing GCCF rules, methodologies, and protocols, pay the amounts set forth in this Order.

7. If the Court provides Preliminary Approval to the proposed Settlement and the Claims Administrator certifies the Court Supervised Claims Process is ready to open, then the Court will enter an appropriate Order terminating the Transition Process. The Parties shall file a motion for Preliminary Approval by 5 pm CST on April 16, 2012.

8. Evaluation and processing of claims during the Transition Process shall be performed by Garden City Group, BrownGreer, PLC, and PricewaterhouseCoopers, LLP and other service providers as identified by the Claims Administrator and the Claims Coordinator.

9. The Claims Administrator shall periodically and upon request report to the Court, BP and Interim Class Counsel regarding all matters relating to the operation of the Transition Process.

10. New claims may be filed during the Transition Process until such time as the Court Supervised Claims Program is established and operational as set forth above. New claims submitted shall be processed and evaluated in the order they are received. Non-deficient claims previously pending with the GCCF shall be processed and evaluated prior to any new claims filed after the creation of the Transition Process.

11. Claims for bodily injury or death are not eligible for payment in the Transition Process. This paragraph shall not operate to void, reduce or otherwise impair any all rights that such claimants may have at law.

## PAYMENT TERMS FOR TRANSITION CLAIMS

12. For all Transition Claims where the claimant has not executed a Final Release that was received by the GCCF as of 11:59 pm, EST, on February 26, 2012, the following applies:

   A. If a non-expired GCCF offer is pending as of the date this Order is entered and if the claimant elects to accept the offer, then the Transition Process will pay 60% of the offer without requiring a release. If the claimant receiving the 60% payment is a member of the proposed settlement class, the claimant has a right to additionally recover from the Court Supervised Claims Program the greater of: the remaining 40% of the GCCF offer,

or the class settlement payment minus any amount previously paid by the Transition Process, in exchange for a release. However, if the claimant receiving the 60% payment is not a member of the proposed settlement class or opts out of the proposed settlement class, the claimant may elect to receive the remaining 40% of the GCCF offer subject to executing a release.

B. If a GCCF claim is in process of review by the GCCF as of the date this Order is entered, the Transition Process will continue processing the claim. If the Transition Process extends an offer before the Court Supervised Claims Program is processing claims and the claimant accepts the offer, the Transition Process will pay 60% of the offer without requiring a release. If the claimant receiving the 60% payment is a member of the proposed settlement class, the claimant has a right to additionally recover from the Court Supervised Claims Program the greater of: the remaining 40% of the GCCF offer, or the class settlement payment minus any amount previously paid by the Transition Process, in exchange for a release. However, if no GCCF offer has been extended by the Transition Coordinator to the class member by the time the Court Supervised Claims Program starts processing claims, then, if the claimant completes a claim form the claim shall be processed under the terms of the proposed class settlement by the Court Supervised Claims Program. However, if the claimant receiving the 60% payment is not a member of the proposed settlement class or opts out of the proposed settlement class, the claimant may elect to receive the remaining 40% of the GCCF offer subject to executing a release.

13. Claims eligible for GCCF quick pay program:

A. The Transition Coordinator shall issue a letter to all claimants eligible to participate in the GCCF quick pay program who have not previously executed a GCCF Release and Covenant Not to Sue notifying them that the quick pay program shall terminate on May 7, 2012. The letter shall further advise of the option to either submit a claim under the applicable transition claims process set forth above, or accept the quick pay in exchange for a release. The letter shall be clear the claimant has the right to choose the greater offer if a payment under the Transition Process is offered before May 7, 2012.

B. All claimants eligible to elect a quick pay must do so on or before May 7, 2012.

14. Class Members with expired offers from the GCCF are not eligible for transitional payments, but can file a claim in the Court Supervised Claims Program. Class members with expired offers from the GCCF who opt out of the settlement class shall be deemed to have satisfied the presentment requirements of the Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*.

15. The Transition Coordinator shall process and issue interim payments (as defined in Section IV.A of the GCCF's February 8, 2011 Protocol for Interim and Final Claims) pursuant

to the current GCCF rules as amended by this Order through and until the date on which the Court Supervised Claims Program commences processing claims. Recipients of interim payments during this period who are members of the proposed settlement class shall also have the right to submit a claim to the Court Supervised Claims Program. Any interim payments made during the Transition Process to a claimant shall reduce the amount of that claimant's settlement payment from the Court Supervised Claims Program. When the Court Supervised Claims Program begins processing claims, there will be no right to request or receive interim payments from the Transition Process or the Court Supervised Claims Program.

16. Any payments made during the Transition Process for the claims of class members who remain in the class and are eligible to participate in the seafood program set forth in Agreement-in-Principle shall reduce the funds available under that seafood program.

17. Offers of payment made during the Transition Process shall not be subject to negotiation, re-review, or appeal. If the claimant subsequently opts out of the Class or the Class is not certified, the claimant shall have any and all rights available to the claimant at law.

18. Any and all claims forms and related claims files and claims data (collectively, "Materials"), including but not limited to documents and electronically stored data, that are in the possession, custody or control of the GCCF, shall be made available to the Transition Process, and the Court Supervised Claims Program. BP will be given access as needed for the purpose of processing or administering claims under its OPA process and for purposes of class notice. The entity receiving the Materials shall be responsible for the cost of such copying and transferring. The GCCF shall provide the Court Supervised Claims Program with original documentation of any Materials. The GCCF shall provide BP with the original of each and every GCCF Release and Covenant Not to Sue executed by claimants with a copy to the Administrator. For purposes of this paragraph, Materials transferred and made available to the Transition Process and Court Supervised Claims Program shall be provided to the Claims Administrator. For purposes of this paragraph, BP shall identify for the GCCF in writing a designee for purpose of receipt of Materials transferred pursuant to this Paragraph.

19. Transition Claims paid in connection with the Transition Process shall be paid from the Deepwater Horizon Oil Spill Trust. BP is hereby authorized to take any necessary actions with regard to the Deepwater Horizon Oil Spill Trust so as to permit the payment of claims in connection with the Transition Process.

### **TERMINATION OF THE TRANSITION PROCESS**

20. The Transition Process shall operate for the shortest possible time necessary to allow for the opening of a Court Supervised Claims Program which shall occur no later than thirty days after any Order of the Court providing for Preliminary Approval of the Settlement Class, unless otherwise ordered by the Court, at which point the Transition Process shall cease operation.

21.     The Court hereby exercises and retains exclusive jurisdiction over the Transition Process described in this Order to supervise its operations.

**GULF COAST CLAIMS FACILITY CLAIMS PROCESS**

22.     Effective immediately, the GCCF shall no longer accept, process, or pay claims submitted to it, except as provided herein, provided however that the GCCF shall pay those claims for which all of the following occurred: (i) the GCCF sent the claimant a determination letter offering a sum certain prior to 11:59 pm, EST, on February 26, 2012; (ii) the claimant accepted in writing the sum certain set forth in the determination letter and the GCCF received the executed release prior to 11:59 pm, EST, on February 26, 2012, and (iii) neither BP nor the claimant filed an appeal with the GCCF prior to the date on which this Order is entered.  In addition, and notwithstanding the foregoing, the GCCF is authorized to take such actions as are necessary to wind down the operation of its facility.

23.     The GCCF appeals process is terminated, except as to any appeals that are pending as of the date this Order is entered.  Such pending appeals shall be completed under the existing GCCF appeals process unless withdrawn.  There will be no right of appeal in the Transition Process.

24.     In the event that the federal audit of the GCCF currently being performed by BDO Consulting identifies one or more errors in the application of the GCCF rules and methodologies to specific claims, the GCCF retains the right to correct the error(s) and to issue payments to the claimant(s) at issue in an amount necessary such that the Claimant(s) will have received from the GCCF the same amount as if the error had not occurred.  Within 24 hours of the GCCF making such a payment, the GCCF shall provide written notice of the fact and amount of the payment to the Claims Administrator.  Any amounts paid pursuant to this provision shall be offset against any payments made by the Transition Facility and the Court Supervised Claims Program, if such payments are made prior to final payment by the Court Supervised Claims Program.

New Orleans, Louisiana this 8th day of March, 2012.

_____
United States District Judge