UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" |
| **THIS PLEADING APPLIES TO:** | * * | JUDGE: BARBIER |
| In Re The Complaint and Petition of Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro-Hac Vice*, and/or Operators of the MODU Deepwater Horizon, in a Cause for Exoneration from or Limitation of Liability | * * * * * * * * * * | MAGISTRATE: SHUSHAN |
| Civil Action Nos.: 2:10-cv-2771 and 2:10-md-2179 | * * | |

### WEATHERFORD U.S., L.P. AND WEATHERFORD INTERNATIONAL, INC.'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT UNDER RULE 54(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**MAY IT PLEASE THE COURT:**

Defendants, Weatherford U.S., L.P. and Weatherford International, Inc. (collectively, "Weatherford"), respectfully submit this Memorandum in Support of their Motion for Entry of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure in connection with the Court's Order of February 10, 2012 (Rec. Doc. 5653) and the Court's Order of February 15, 2012 (Rec. Doc. 5711) (collectively, the "Orders"), granting and unsealing Weatherford's Motion for Summary Judgment and dismissing all claims asserted by Plaintiffs,

{N2431415.1}

1

Cross-Claimants, and Third Party Plaintiffs (collectively, the "Claimants") against Weatherford in this multi-district litigation ("MDL").

## BACKGROUND

On January 23, 2012, Weatherford filed a Motion for Summary Judgment to dismiss all claims asserted against Weatherford in this MDL because Weatherford contended that there is no evidence that Weatherford's product, a float collar, was defective or that any actions or inactions by Weatherford caused or contributed to the cause of the blowout and oil spill. (Rec. Doc. 5652). Before setting a briefing schedule for Weatherford's Motion, the Court inquired whether any party intended to oppose Weatherford's Motion. (Rec. Doc. 5447). After Halliburton and M-I Swaco initially asserted an intent to oppose Weatherford's Motion for Summary Judgment, both parties subsequently withdrew any intent to oppose Weatherford's Motion for Summary Judgment. Accordingly, Weatherford's Motion for Summary Judgment was unopposed.

On February 10, 2012, this Court entered an Order granting Weatherford's Motion for Summary Judgment and dismissing all claims asserted against Weatherford with prejudice. (Rec. Doc. 5653). The Court's Order stated:

> Moreover, after considering the Motion, Memoranda in Support, and the attached Exhibits, the Court finds for reasons stated in Weatherford's Memoranda that there is no evidence that the Weatherford float collar used in the production string of the Macondo Well was defective and/or that any actions or inactions by Weatherford caused or contributed to the cause of the blowout and oil spill. Weatherford has met its burden under Federal Rule 56 and is entitled to summary judgment.

(Rec. Doc. 5653). In a subsequent Order dated February 15, 2012, the Court ordered that Weatherford's Motion for Summary Judgment would be unsealed, and the Court expanded upon its prior grant of Weatherford's Motion, stating:

> Thus, in the case of Weatherford's Motion for Summary Judgment, there was no opposition filed by any party and accordingly, all of the material facts contained in Weatherford's statement of uncontested facts (Rec. Doc. 5652-2) were deemed admitted. In other words, no party was able to offer any evidence showing that the Weatherford float collar used in the production string of the Macondo well was defective or that any negligent acts or omissions by Weatherford caused or contributed to the blowout and oil spill. For these reasons, the Court concluded that Weatherford had met its burden under Rule 56, Fed.R.Civ.P. and was entitled to summary judgment.

(Rec. Doc. 5711).

## RULE 54(B) STANDARD IS SATISFIED

In accordance with Fed. R. Civ. P. 54(b), Weatherford respectfully submits that there is no just reason for delay in directing entry of a final judgment as it relates to the Orders granting and unsealing Weatherford's Motion for Summary Judgment while the rights and liabilities of other parties in this MDL remain for adjudication.

Rule 54(b) provides:

> **(b) Judgment on Multiple Claims or Involving Multiple Parties.**
>
> When an action presents more than one claim for relief — whether as a claim, counterclaim, crossclaim, or third-party claim — or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any

{N2431415.1}

>   time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

Where a district court fails to indicate that a judgment disposing of less than all parties was entered pursuant to Rule 54(b), the judgment is not considered final. *See, e.g., Witherspoon v. White*, 111 F. 3d 399, 403 (5th Cir. 1997). Absent a Rule 54(b) certification, a ruling which disposes of less than all claims is not a final judgment. Although piecemeal litigation is not favored, Rule 54(b) empowers the Court to enter a final judgment in this situation. When considering a Rule 54(b) motion, the Court must generally determine:

1)   Whether it is dealing with a final disposition of an individual claim; and

2)   Whether the matter is ready for appeal taking into account judicial administrative interests as well as the equities involved.

*See, e.g., Jacobs v. Daimler Chrysler Corporation*, 2008 WL 89752 at *1 (W.D. La. 2008) (citing *Benjamin Moore & Company v. Talon Paints Products, Inc.*, 917 F. Supp. 331, 337 (D.N.J. 1996)).

Weatherford respectfully submits that the Orders dismissing all claims asserted against Weatherford meet the requirements for 54(b) certification since the Orders dismiss with prejudice all claims brought against Weatherford in this MDL. There are no remaining claims against Weatherford, and as a result, there is no just reason for delaying the entry of final judgment as to Weatherford. Therefore, in the interest of justice, Weatherford respectfully requests that the Court should enter a final judgment at this time. Weatherford attaches as Exhibit 1 a proposed judgment for the Court's consideration.

{N2431415.1}

This 12th day of March, 2012.

Respectfully submitted:

*/s/ Glenn G. Goodier*

GLENN G. GOODIER (#06130)
RICHARD D. BERTRAM (#17881)
LANCE M. SANNINO (#29409)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
201 St. Charles Avenue. 48th Floor
New Orleans, Louisiana  70170-5100
Telephone:     (504) 582-8174
Facsimile:     (504) 589-8174
ggoodier@joneswalker.com
rbertram@joneswalker.com
lsannino@joneswalker.com

MICHAEL G. LEMOINE, T.A. (#8308)
GARY J. RUSSO (#10828)
DOUGLAS C. LONGMAN, JR. (#8719)
JONES, WALKER, WAECHTER, POITEVENT,
 CARRÈRE & DENÈGRE, L.L.P.
600 Jefferson Street, Suite 1600
Lafayette, Louisiana  70501-5100
Telephone:     (337) 593-7624
mlemoine@joneswalker.com
grusso@joneswalker.com
dlongman@joneswalker.com

*Counsel for Weatherford U.S., L.P. and Weatherford International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2012, the above and foregoing has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with the Court's Pretrial Order No. 12, on November 1, 2010.

*/s/ Glenn G. Goodier*

{N2431415.1}