UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010<br><br>Relates to: 2:12-cv-0381 | MDL No.: 2:10-md-2179<br><br>SECTION "J"<br><br>JUDGE BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND

BRYCE MICHEL, TOPWATER CHARTERS, LLC, and BACKWATER CHARTERS, LLC (plaintiffs), submit this memorandum in opposition to the Notice of Removal filed by BP America Production Company and BP Exploration & Production Inc. on behalf of themselves and other defendants named therein. Plaintiffs respectfully request that this action be remanded to the 32nd Judicial District Court, Terrebonne Parish, Louisiana for the reasons set forth below.

### STATEMENT OF THE CASE

Plaintiffs operate charter fishing businesses in the Gulf of Mexico from ports in Louisiana. Plaintiffs suffered and continue to suffer severe economic losses as a result of the Deepwater Horizon Oil Spill Disaster which occurred in April 2010.

Plaintiffs, Bryce Michel and TopWater Charters, have been offering recreational and sport charter fishing expeditions with professional guide service to corporations for eleven years and established itself as one of the leading charter fishing businesses in the Gulf Coast region. Prior to the oil spill disaster, TopWater Charters was in the process of expanding its fleet from ten to twelve boats and was solidly booked for the spring and summer seasons of 2010. In effort to stay viable and survive this disaster without going through bankruptcy, TopWater Charters has

1

been forced to downsize its fleet and to lay off seasoned captains who are essential to its normally successful business operations and who greatly contribute to its brand. Plaintiff, Bryce Michel, doing business as TopWater Charters, also seeks damages for breach of oral contract under Louisiana state law. Defendant BP agreed to rent plaintiff's dock facilities and boats following the oil spill disaster. Defendant BP breached this oral agreement and plaintiff seeks to recover the amount owed him pursuant to that agreement.

Plaintiff, Backwater Charters, has been offering recreational and sport charter fishing expeditions with professional guide service in southern Louisiana for more than fifteen (15) years with eight (8) employees and three (3) charter boats. Due to the oil spill disaster, Backwater Charters has seen greatly reduced business and has suffered a severe loss of income.

On January 18, 2012, Plaintiffs filed suit in the 32nd Judicial District Court, Terrebonne Parish, State of Louisiana seeking damages for negligence, design and manufacture defect, breach of oral contract under Louisiana state law and general maritime law, and economic losses. On February 7, 2012, defendants BP America Production Company and BP Exploration & Production Inc. (together referred to as "BP") removed this case to the District Court for the Eastern District of Louisiana.

Plaintiffs now seek to have this case remanded to the 32nd Judicial District Court, Terrebonne Parish, Louisiana. It is appropriate for this Court to remand this action because complete diversity, as required by the removal statute, 28 U.S.C. §1441, does not exist; The Oil Pollution Act ("OPA") provides concurrent state court jurisdiction and saves to suitors under OPA the right to proceed in state court and therefore does not provide federal question removal jurisdiction; because Plaintiffs have not made any claims under the Outer Continental Shelf Lands Act ("OCSLA") and, alternatively, claims made under the OCSLA enjoy concurrent

2

jurisdiction in which state courts are better postured to hear such cases; and plaintiffs' OCSLA claims cannot be removed as there is no federal question and therefore should be remanded pursuant to state court pursuant to the forum defendant rule contained in 28 U.S.C. §1441(b).

## LAW AND ARGUMENT

As a general principle, remand should be granted because federal jurisdiction is limited. It is axiomatic that the jurisdiction of federal courts is limited, with its scope defined by the federal Constitution and by statute. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981) (citing *American Fire & Casualty v. Finn*, 341 U.S. 6 (1951)). When a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, that tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. *Id.* The trial court must be certain of its jurisdiction before embarking on a safari in search of a judgment on the merits. *Id.* Additionally, plaintiffs may choose the available forum they prefer, and the defendant may only remove the case if it could have been brought originally in a federal court. 28 U.S.C. § 1441(b). Accordingly, this action should be remanded to the 32nd Judicial District Court, Terrebonne Parish, State of Louisiana, the state court with proper jurisdiction.

1. ***Plaintiffs' Motion to Remand should be granted because complete diversity, as required by the general removal statute, 28 U.S.C. § 1441, does not exist in this case.***

28 U.S.C. § 1441(B)(2) requires as follows: "A civil action otherwise removable solely on the basis of the jurisdiction under Section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." It is undisputed that plaintiffs, Top Water Charters and Backwater Charters, and defendants Weatherford U.S. L.P. and Airborne Support International, Inc., are

3

Louisiana citizens. As such, removal to federal court is inappropriate because Louisiana defendants exist in this case.

> **2. Plaintiffs' Motion to Remand should be granted because the Oil Pollution Act, 33 U.S.C. §2701, et seq. ("OPA") provides concurrent state court jurisdiction and saves to suitors under OPA the right to proceed in state court, and therefore does not provide a basis for federal question removal jurisdiction.**

The terms of OPA itself prevent removal. Section 2717 ("Litigation, jurisdiction and venue") states:

> (b) Jurisdiction - Except as provided in subsections (a) and (c) of this section, the United States district courts shall have exclusive original jurisdiction over all controversies arising under this chapter, without regard to the citizenship of the parties or the amount in controversy...
> (c) State Court Jurisdiction - A state trial court of competent jurisdiction over the claims for removal costs or damages, as defined under this chapter, may consider claims under this chapter or State law and any final judgment or such court (when no longer subject to ordinary forms of review) shall be recognized, valid, and enforceable for all purposes of this chapter.

33 U.S.C. §2717. The statute provides concurrent jurisdiction of state and federal courts. The federal courts are afforded "exclusive original jurisdiction," subject to the state court jurisdiction set forth in subsection (c). State court judgments are afforded recognition, validity and enforceability for all purpose under OPA statute.

> Section 2751 ("Savings provisions") states:
> (e) Admiralty and maritime law - Except as otherwise provided by this chapter, this chapter does not affect:
> (1) admiralty and maritime law; or
> (2) the jurisdiction of the district courts of the United States with respect to civil actions under admiralty and maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

33 U.S.C. §2751(e). As with the general maritime law, suitors under OPA are saved all other remedies to which they are entitled, including the right to proceed in state court. "Saving to

4

suitors" clauses are extremely rare in the United States Code,[1] and the clear intent of OPA's savings provision (in combination with the grant of jurisdiction to the state courts and the recognition that state court judgments are valid and enforceable for purposes of OPA) is that removal is prohibited. This is particularly apparent because Congress granted the federal courts "exclusive original jurisdiction" over OPA claims, not "exclusive jurisdiction."

As discussed below, removal of *in personam* maritime claims brought in state court pursuant to the Saving to Suitors clause in 28 U.S.C. §1333, absent complete diversity of citizenship, is not permissible. The same should apply to the identical savings language contained in OPA; cases lacking diversity of citizenship filed by suitors in state court under OPA should not be removable.

Plaintiffs recognize that the terms of OPA do not expressly prohibit removal, as do some other federal laws,[2] and that defendants will argue that removal is permitted because 28 U.S.C. § 1441 (a) allows removal of cases of which the federal courts have original jurisdiction "[e]xcept as otherwise expressly provided by Act of Congress."[3] However, the language of OPA indicates it was Congress' intent to prohibit removal. The statute states that the state courts "may consider"[4] OPA cases; it does not state that OPA cases may be "brought" in state court, and allowing a state court to "consider" OPA claims is inconsistent with allowing the defendant to remove those claims from state court. It recognizes that state court proceedings may proceed to final judgment, since it specifically provides that state court judgments are recognized, valid and

---

[1] Counsel for plaintiffs found only two like saving to suitors clauses in a Westlaw computer search of the United States Code - 28 U.S.C. §1333 and 33 U.S.C. §2751.
[2] See, e.g., Federal Employers' Liability Act, 45 U.S.C. §51, *et seq.;* The Jones Act, 46 U.S.C.App. §688; Securities Act of 1933, 15 U.S.C.§77v(a).
[3] The Notice of Removal does not state which section - (a) or (b) - of 28 U.S.C. §1441 it is based upon. Plaintiffs believe that the removal is under section (b), since the Notice of Removal is based primarily on OPA as a statute and law of the United States.
[4] Blacks Law Dictionary defines consider as: "To fix the mind on, with a view to careful examination; to examine; to inspect. To deliberate about and ponder over. To entertain or give heed to."

5

enforceable for purposes of the law. It confers "exclusive original jurisdiction" on the federal courts, not "exclusive jurisdiction." And, it saves to suitors the rights they have available under state law, including the right to proceed in state court. Congress' intent to prevent removal is confirmed by the legislative history - the Senate Report states that appropriate federal courts "are given jurisdiction over controversies arising under the Act," and that appropriate state courts "are given jurisdiction over claims made under section 102, and final judgments of such courts are valid and enforceable for all purposes of sections 102 and 103." 1990 U.S.C.C.A.N 722. (Section 102 is the damages provision of OPA.). If Congress did not intend to prevent removal of OPA claims from state court, the words "may consider" "merely state a truism and are surplusage," *Johnson v. Butler Bros.*, 162 F2d 87, 89 (8th Cir. 1947), particularly so given the Saving to Suitors clause contained in the statute.

### 3. *Plaintiffs' Motion to Remand should be granted because there is no in personam removal jurisdiction under the general maritime law.*

Although the primary basis for removal of this case is federal question jurisdiction under OPA, defendants have also stated in their Notice of Removal that "the claims asserted by Plaintiffs also inherently arise under federal law and are subject to the jurisdiction of the federal courts under the provisions of 28 U.S.C. §1331 because of the nexus of this case to a federal enclave." *See* Notice of Removal.

Although the foregoing assertion by defendants is vague, Plaintiffs will attempt to address it. Defendants may be asserting that the admiralty and maritime jurisdiction stated in 28 U.S.C. §1333 provides removal jurisdiction. However, this Court does not maintain *in personam* removal jurisdiction over this matter.

28 U.S.C. § 1333's Saving to Suitors clause preserves a maritime suitor's election to

6

pursue *in personam* common law remedies in state court. (OPA's Saving to Suitors clause likewise provides a maritime suitor's election to pursue claims under that statute in state court.). An *in personam* claim brought pursuant to the Saving to Suitors clause and the general maritime law does not arise under the "Constitution, treaties, or laws" of the United States and is not removable on the grounds of general federal question jurisdiction. <u>Romero v. International Terminal Operating Company</u>, 358 U.S. 354, 375-376, 79 S.Ct. 468, 482, 3 L. Ed. 2d 368 (1959), *superseded by statute on other grounds*. *Romero* "made clear that except in diversity cases, maritime litigation brought in state courts could not be removed to federal courts." <u>Poirrier v. Nicklos Drilling Company</u>, 648 F.2d 1063, 1065 (5th Cir. 1981), quoting <u>Gaitor v. Peninsular & Occidental S.S. Co.</u>, 287 F.2d 252, 254 (5th Cir. 1961). In *personam* admiralty and maritime cases may, however, be removable to federal court when there exists some independent basis for federal jurisdiction such as diversity of citizenship or when federal jurisdiction is independently established by a federal maritime statute. <u>Servis v. Hiller Systems Incorporated</u>, 54 F.3d 203, 206-207 (4th Cir. 1995) (emphasis added). This rule, prohibiting removal of maritime claims absent complete diversity of citizenship, finds its justification in the Saving to Suitors clause, which gives plaintiff the option of bringing *in personam* maritime suits in state court. <u>Zoila-Ortego v. BJ-Titan Services Company</u>, 751 F.Supp. 633 (E.D. La. 1990). Here, there is no basis for diversity of citizenship (since defendants Weatherford U.S., L.P. and Airborne Support International, Inc. are Louisiana entities) and no basis for federal statutory maritime jurisdiction under OPA (as demonstrated above), and therefore the removal of this Saving to Suitors case was improper. To allow removal based upon general maritime jurisdiction alone would defeat the plaintiffs' choice of forum protected by the Saving to Suitors clauses in <u>28 U.S.C. §1333</u> and in OPA itself.

Although not stated in the Notice of Removal, defendants removed this case under section (b) of 28 U.S.C. § 1441, which provides, in its first sentence, for the removal of cases arising under the Constitution, treaties or laws of the United States without regard to the citizenship of the parties. Claims in admiralty do not arise under the Constitution, treaties or laws of the United States - "[e]mphatically" claims in admiralty, whether designated *in rem* or *in personam*, do not fall within the category of cases removable under the first sentence of 28 U.S.C. §1441(b). *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991), citing *Romero*. The attempted removal of this case based upon general maritime jurisdiction then must fall under the second sentence of 28 U.S.C. § 1441 (b), which allows removal only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought. A defendant who desires to remove a maritime action from state court to federal court must establish diversity of citizenship, *Dutile*, 935 F.2d 63, which defendants cannot do in this case because of the proper joinder of Weatherford U.S., L.P. and Airborne Support International, Inc. as defendants. There is clearly no *in personam* removal jurisdiction present in this case.

### 4. *OCSLA does not grant removal jurisdiction absent a separate federal question.*

Defendants alternately argue that this case is "removable to this Court under the independent jurisdictional grant of OCSLA, 43 U.S.C. § 1331, et seq." and that this "Court has subject matter jurisdiction under 43 U.S.C. § 1349 (b)(1)(A). *See* Notice of Removal, ¶14 and ¶16. Both of these arguments fail and remand is appropriate.

### *a) To the extent OCSLA conflicts with OPA's more specific provisions giving plaintiffs the right to sue under state law in state court, OPA governs.*

OCSLA cannot be the source of a removable federal question in this action because OCSLA, by its own terms, gives way to any other provision of law that reaches conduct

8

occurring on the outer Continental Shelf.[5] BP concedes that OPA is the federal statute governing claims for oil spill damages. *See* Notice of Removal, ¶13. OPA merged a variety of preexisting federal laws – including OCSLA – and explicitly reserved to the states the power to provide state law protections in their own courts for victims of an oil spill.[6] Therefore OPA, not OCSLA, is the salient federal jurisdictional statute and this Court need only resolve the question of whether federal question removal is proper under OPA, which for all the reasons discussed above in Section 2 and 3, it is not.

### b) The grant of "original jurisdiction" in OCSLA § 1349(b)(1) does not establish a basis for removal.

Defendants argue that OCLSA § 1349 gives federal courts jurisdiction over cases and controversies arising out of certain mineral exploration activities on the outer Continental Shelf.[7] This Court need not address whether Plaintiffs' claims concern an "operation" conducted on the outer Continental Shelf that involved "exploration, development, or production" of "minerals," as Defendants suggest, because even if Plaintiffs' claims fell within the jurisdictional grant in § 1349, the mere fact that OCSLA gives federal courts original (*i.e.* concurrent) jurisdiction over certain OCSLA-related claims does not entitle Defendants to remove this action under 28 U.S.C. § 1441(b).[8] OCSLA does not create federal question removal jurisdiction because even though

---

[5] *See* 43 U.S.C. § 1333(f) ("The specific application by this section of certain provisions of law to the subsoil and seabed of the outer Continental Shelf and the artificial islands, installations, and other devices referred to in subsection (a) of this section or to acts or offenses occurring or committed thereon shall not give rise to any inference that the application to such islands and structures, acts, or offenses of any other provision of law is not intended."); *see also Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 351, n.7 (5th Cir. 1999) (holding that § 1333(f) "makes clear that the applicability of OCSLA law... shall not give rise to any inference that other provisions of law... do not also apply").

[6] *See* 33 U.S.C. §§ 2717, 2718.

[7] 43 U.S.C § 1349(b)(1)(A).

[8] *See* 28 U.S.C. § 1441(b). A defendant might, of course, alternatively seek removal on the basis of diversity under § 1441(b), but BP does not assert diversity in its Notice of Removal and in any case could not avail itself of diversity removal because two of BP's co-defendants are citizens of Louisiana, the state in which this civil action was brought.

9

Section 1349 provides the district courts with "jurisdiction of cases and controversies arising out of, or in connection with" certain activities on the outer Continental Shelf,[9] that Section's grant of original jurisdiction to the district courts does not implicate a federal question for the type of claims that Plaintiffs assert against Defendants.[10] The Supreme Court made this patently clear in *Gulf Offshore Co. v. Mobil Oil Corp.*, where it permitted a plaintiff to assert tort claims in state court for injuries sustained on the outer Continental Shelf lands because "nothing in the language, structure, legislative history, or underlying policies of OCSLA suggests that Congress intended federal courts to exercise exclusive jurisdiction" over all claims arising on the outer Continental Shelf.[11] The *Gulf Offshore* Court was careful to draw the distinction between *sovereignty* – which for the outer Continental Shelf rests exclusively with the federal government – and each state's power to adjudicate its citizens' claims even when those claims arise from conduct that occurred within the area of federal sovereignty.[12]

The fact "[t]hat the location of the event giving rise to the suit is an area of exclusive federal jurisdiction rather than another State, does not introduce any new limitation on the forum State's subject-matter jurisdiction."[13] Thus, there is no doubt that Plaintiffs may assert state law causes of action for conduct occurring on the outer Continental Shelf.[14] The only remaining question is whether such state court actions are removable as presenting federal questions

---

[9] 43 U.S.C. § 1349 (B)(1)(A)
[10] *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 479, 484 (1981).
[11] U.S. at 479, 484 (discussing claims for personal injury); *see also Id.* at 479, n.6 (making clear that OCSLA §1333(a)(2) likewise do not confer exclusive jurisdiction to federal courts).
[12] *Gulf Offshore Co.*, 453 U.S. at 481 (holding that "The judiciary power of every government looks beyond its own local or municipal laws, and in civil cases lays hold of all subjects of litigation between parties within its jurisdiction, though the causes of dispute are relative to the laws of the most distant part of the globe" (*quoting The Federalist* No. 82, p. 514 (Alexander Hamilton) (H. Lodge ed., 1908)).
[13] *Gulf Offshore Co.* 453 U.S. at 481-82.
[14] *See Coody v. Exxon Corp.*, 630 F. Supp. 202, 205-06 (M.D. La. 1986) (remanding case to state court where plaintiff elected to assert only state law claims, and rejecting argument that failure to assert federal OCSLA remedy under Section 1349 constituted "artful pleading" because "it is… immaterial that the plaintiffs could have elected to assert a claim under OCSLA"). Notably, in *Coody*, the incident giving rise to the suit occurred as the plaintiff was boarding a drilling platform from a vessel that at the time was located outside of the state's territorial waters.

pursuant to 28 U.S.C. § 1441(b) solely because they "arise out of or in connection with" OCSLA. They are not. It is clear that federal question jurisdiction does not exist "by virtue of jurisdiction under [OCSLA]."[15] Courts have repeatedly held that removal is impermissible whenever plaintiff's well-pleaded complaint presents no claim "arising under the Constitution, treaties or laws of the United States,"[16] notwithstanding that the location of the incident falls within OCSLA's jurisdictional scope.[17] Indeed, "where the plaintiff has decided not to assert a federal claim [under OCSLA], although such a claim may be available to him . . . a defendant cannot use the unasserted federal claim as the basis for removing [the] case to federal court."[18] Accordingly, OCSLA § 1349 does not create a federal question and does not justify defendants' removal of this action.

## CONCLUSION

Plaintiffs now seek to have this case remanded to the 32nd Judicial District Court, Terrebonne Parish, Louisiana. It is appropriate for this Court to remand this action because complete diversity, as required by the removal statute, 28 U.S.C. §1441, does not exist; OPA provides concurrent state court jurisdiction and saves to suitors under OPA the right to proceed in state court and therefore does not provide a basis for federal question removal jurisdiction; and because Plaintiffs have not made any claims under the Outer Continental Shelf Lands Act and, alternatively, claims made under the Outer Continental Shelf Lands Act enjoy concurrent

---

[15] *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 156 (5th Cir. 1996); *see also Hufnagel*, 182 F.3d at 351.
[16] 28 U.S.C. § 1441(b).
[17] *See Nase v. Teco Energy, Inc.*, 347 F. Supp. 2d 313, 319-20 (E.D. La. 2004) (remanding action in which OCSLA granted original jurisdiction to federal court because maritime claims do not arise under the laws of the United States); *see also Bulen v. Hall-Houston Oil Co.*, 953 F. Supp. 141, 145 (E.D. La.1997) (OCSLA does not create removal jurisdiction over claim not otherwise presenting federal question); *Courts v. Accu-Coat Servs., Inc.*, 948 F. Supp. 592, 595 (W.D. La. 1996) (remanding non-federal claim); *Rivas v. Energy Partners of Del.*, Civ. A. 99-2742, Civ. A. 99-3352, 2000 WL 127290, at *5 (E.D. La. Feb. 1, 2000) (same); *Shelton v. Tidewater, Inc.*, No. Civ. A. 90-1845, 1990 WL 103658, at *4 (E.D. La. July 16, 1990) (same).
[18] *Coody*, 630 F. Supp. at 205.

11

jurisdiction in which state courts are better postured to hear such cases; and plaintiffs' OCSLA claims cannot be removed as there is no federal question and therefore should be remanded to state court pursuant to the forum defendant rule contained in 28 U.S.C. §1441(b).

The removal statute should be narrowly construed with doubt construed against removal, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed 1214 (1941); *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362 (5th Cir. 1995); *Leboeuf v. Texaco*, 9 F. Supp. 2d 661,664 (E.D. La. 1998), and remand should be granted if there is any doubt as to the right of removal in the first instance. *Jones v. General Tire & Rubber Co.*, 541 F.2d 664 (7th Cir. 1976). This rule is designed to ensure that federal courts do not encroach upon the state court's rights to hear and determine cases properly brought in the state court. See, *Skidmore v. Beech Aircraft Corp.*, 672 F.Supp 923 (M.D. La. 1990). Because the state court has every right to consider and determine this action, plaintiffs respectfully pray that this Court remand this suit to the 32nd Judicial District Court, Terrebonne Parish, Louisiana; grant plaintiffs their just expenses and actual costs, including attorney's fees pursuant to 28 U.S.C.1447(c); and grant plaintiffs all other appropriate relief.

Respectfully submitted,

**SMITH STAG, L.L.C.**

s/Michael G. Stag
Stuart H. Smith, No. 17805
Michael G. Stag, No. 23314
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA 70130
(504) 593-9600 Telephone
(504) 593-9601 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this pleading on all counsel of record by either facsimile or by U.S. Mail, postage prepaid and properly addressed, this 14th day of March, 2012.

s/Michael G. Stag