UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL 2179 |
| | * | |
| "DEEPWATER HORIZON" in the | * | SECTION J(2) |
| | * | |
| Gulf of Mexico on April 20, 2010 | * | JUDGE BARBIER |
| | * | |
| This Document Applies to: | * | MAGISTRATE JUDGE WILKINSON |
| No. 12-179 c/w 12-259 | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**FIRST AMENDING PETITION FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes Constantin Land Trust (hereinafter referred to as "CLT"), a Louisiana Trust, represented herein through its duly authorized Trustee, James Constantin, which hereby amends its original Petition for Damages pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, and avers as follows:

I.

CLT amends Paragraph 2 of its original Petition for Damages in the following respects:

2.

The aforesaid defendant is liable to plaintiff herein for damages caused by the various acts hereinafter set forth which upon information and belief began in April of 2008 and continued through January of 2012.

II.

CLT amends Paragraph 5 of its original Petition for Damages in the following respects:

5.

Upon information and belief, said defendant occupied, used, dumped materials upon, and otherwise converted for its own use areas of the aforesaid property without any legal right, without approval, or authorization of petitioner herein, and all of which use, occupancy, dumping, and other actions and/or conversions of said property were improper, illegal, and caused damage to CLT, including but not limited to the bulkhead and landside dock during its occupation and use of the Texaco Dock.

III.

CLT supplements and amends Paragraph 5 of its original Petition for Damages; specifically adding Paragraph 5(A) as follows:

5(A).

Upon information and belief, defendant had actual knowledge of a CLT and Pitre Industries, LLC lease concerning the Texaco Dock and its provision requiring written agreement or authorization from CLT for sublease approval. Defendant sought no such authorization, nor received it, despite knowledge such consent was required. Instead, defendant colluded with Pitre Industries, LLC to intentionally and/or willfully circumvent the provision by entering into a "Service Agreement" which, although invalid, in reality constitutes a sublease.

IV.

CLT supplements and amends Paragraph 5 of its original Petition for Damages; specifically adding Paragraph 5(B) as follows:

5(B).

Alternatively, in the event Epic claims it relied upon permission granted to it by Pitre, such reliance was misplaced and constitutes negligence on its part. Further in the alternative, upon information and belief, despite its knowledge of the requirement of CLT's approval, Epic negligently failed to obtain legal advice as to its legal right to occupancy or use of the Texaco Dock.

5(C).

Upon information and belief, Epic's vessels and their crew negligently made use of and struck bulkheads and pilings during navigation and/or while docking.  These negligent acts occurring within a year of filing of suit resulted in damages to CLT's bulkhead and pilings.

V.

CLT amends Paragraph 6 of its original Petition for Damages in the following respects:

6.

Further, the actions by the aforesaid defendant constitute a trespass which upon information and belief began in April of 2008 and continued through January of 2012. Defendant has not paid rent to CLT, nor compensated it for the damages caused to the bulkhead and dockside premises.

VI.

CLT amends Paragraph 8 of its original Petition for Damages in the following respects:

8.

Ownership of the land and property described above was at all times a matter of public record. Further, upon information and belief, no other document exists, which is recorded, establishing a right of Pitre Industries, LLC, Pitre Rae Partnership, or any other entity to lease,

sublease, assign, or otherwise contract with aforesaid named defendant. Defendant Epic's failure to review the lease about which it had actual knowledge and/or public record notice constitutes negligence.

## VII.

CLT reavers all portions of its original petition not otherwise amended herein and its demand for a trial by jury on the Original and First Amending Petition for Damages.

WHEREFORE, after due proceedings be had, petitioner, Constantin Land Trust, prays that there be judgment in its favor and against defendant, Epic Diving & Marine Services, LLC, on its Original and First Amending Petition, for all sums and amounts prayed for and proved pursuant to the Original and First Amending Petition for Damages, and for all costs and legal interest from demand. Further, plaintiff prays for all other legal, general, and equitable relief to which it may be entitled and for trial by jury on all issues.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

/S/ JERALD L. ALBUM
ROBERT S. REICH (#11163)
JERALD L. ALBUM (#2366)
3850 N. Causeway Blvd., Suite 1000
Metairie, Louisiana  70002
Telephone: (504) 830-3999
Facsimile:  (504) 830-3950
*Attorneys for Constantin Land Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on 19th day of March 2012, I electronically filed the foregoing with the Clerk of Court and a copy by using the CM/ECF system which will send a notice of electronic filing to Grady S. Hurley and all counsel of record.

/S/ JERALD L. ALBUM
JERALD L. ALBUM