IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RANGER INSURANCE LIMITED** | § | CIVIL ACTION NO. 4:10-cv-02009 |
| | § | |
| VS. | § | |
| | § | |
| BP plc, BP EXPLORATION & | § | |
| PRODUCTION, INC, BP AMERICA | § | |
| PRODUCTION COMPANY, BP | § | ADMIRALTY RULE 9(H) |
| CORPORATION NORTH AMERICA, INC., | § | |
| BP COMPANY NORTH AMERICA, INC., BP | § | |
| PRODUCTS NORTH AMERICA, INC., BP | § | |
| AMERICA, INC. and BP HOLDINGS | § | |
| NORTH AMERICA LIMITED | § | |

### COUNTER-DEFENDANT, RANGER INSURANCE LIMITED'S ANSWER TO COUNTERCLAIMANTS FIRST AMENDED COUNTERCLAIM

#### A. COUNTER-DEFENDANT'S ANSWER

Counterclaim-Defendant, **RANGER INSURANCE LIMITED**, by and through their undersigned attorneys, hereby responds as follows to the allegations in Defendant's First Amended Counterclaim filed against it in this action by Counterclaimants, BP Exploration & Production Inc., BP America Production Company, BP Corporation North America Inc., BP Company North America Inc., BP Products North America Inc., and BP America Inc.

1.   Paragraph 1 of Defendant's First Amended Counterclaim sets forth a legal assertion that does not warrant a response. To the extent that Paragraph 1 should be determined to contain any factual allegations to which a response is required, they are denied.

2. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits, on information and belief, the allegations in Paragraph 2.

3. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits, on information and belief, the allegations in Paragraph 3.

4. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits, on information and belief, the allegations in Paragraph 4.

5. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits, on information and belief, the allegations in Paragraph 5.

6. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits, on information and belief, the allegations in Paragraph 6.

7. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits, on information and belief, the allegations in Paragraph 7.

8. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits in Paragraph 8 that it is a Cayman Islands company engaged in the business of placing excess liability policies with its principal place of business in George Town, Grand Cayman Islands and issued policy No. RANGER 34OUSPL.09-10 to Transocean Ltd. The remainder of Paragraph 8 is denied.

9. Counterclaim-Defendant **RANGER INSURANCE LIMITED** lacks sufficient information to enable it to respond to the allegations in Paragraph 9 and on that basis, they are denied.

10. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits Paragraph 10.

11. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits Paragraph 11 as it applies to it, but lacks sufficient information to enable it to respond to the allegations in Paragraph 11 as it applies to "Other Excess Insurers" who Counterclaimants have named as additional Counter-

Defendants.

12. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits Paragraph 12 as it applies to it, but lacks sufficient information to enable it to respond to the allegations in Paragraph 12 as it applies to "Other Excess Insurers" who Counterclaimants have named as additional Counter-Defendants.

13. Counterclaim-Defendant **RANGER INSURANCE LIMITED** denies Paragraph 13 as it applies to it.

14. Counterclaim-Defendant **RANGER INSURANCE LIMITED** denies Paragraph 14 as it applies to it, but based upon information and belief, believes that "Other Excess Insurers" are denying the allegation contained in Paragraph 14 as well.

15. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits Paragraph 15.

16. Counterclaim-Defendant **RANGER INSURANCE LIMITED** admits that Counterclaimants have incurred, and will continue to incur, losses relating to and arising out of the *Deepwater Horizon* Incident, but denies the remainder of the allegations contained in Paragraph 16.

17. Counterclaim-Defendant **RANGER INSURANCE LIMITED** denies Paragraph 17 as it applies to it, and based upon information and belief, believes that the "Other Excess Insurers" are denying the allegation contained in Paragraph 17 as well.

18. Counterclaim-Defendant **RANGER INSURANCE LIMITED** denies Paragraph 18 as it applies to it, and based upon information and belief, believes that the "Other Excess Insurers" are denying the allegation contained in Paragraph 18 as well.

19. Counterclaim-Defendant **RANGER INSURANCE LIMITED** asserts that Paragraph 19 is repetitive and responds as it did above to Paragraphs 1 through 18.

20. Counterclaim-Defendant RANGER INSURANCE LIMITED admits Paragraph 20 as it applies to it, and based upon information and belief, believes that the "Other Excess Insurers" are admitting the allegation contained in Paragraph 20 as well.

21. Counterclaim-Defendant RANGER INSURANCE LIMITED denies Paragraph 21 as it applies to it, and based upon information and belief, believes that the "Other Excess Insurers" are denying the allegation contained in Paragraph 21 as well.

22. Counterclaim-Defendant RANGER INSURANCE LIMITED denies that Counter-Plaintiff is entitled to the relief requested in Paragraph 22.

23. Counterclaim-Defendant RANGER INSURANCE LIMITED asserts that Paragraph 23 is repetitive by admission and responds as it did above to Paragraphs 1 through 22.

24. Counterclaim-Defendant RANGER INSURANCE LIMITED denies Paragraph 24 as it applies to it, and based upon information and belief, believes that the "Other Excess Insurers" are denying the allegation contained in Paragraph 24 as well.

25. Counterclaim-Defendant RANGER INSURANCE LIMITED denies Paragraph 25.

26. Counterclaim-Defendant RANGER INSURANCE LIMITED asserts that Paragraph 26 is repetitive by admission and responds as it did above to Paragraphs 1 through 25.

27. Counterclaim-Defendant RANGER INSURANCE LIMITED is without sufficient information to either admit or deny Paragraph 27 and on that basis denies Paragraph 27.

28. Counterclaim-Defendant RANGER INSURANCE LIMITED is without sufficient information to either admit or deny Paragraph 28 and on that basis denies Paragraph 28.

29. Counterclaim-Defendant RANGER INSURANCE LIMITED is without sufficient information to either admit or deny Paragraph 29 and on that basis denies Paragraph 29.

30. Counterclaim-Defendant **RANGER INSURANCE LIMITED** is without sufficient information to either admit or deny Paragraph 30 and on that basis denies Paragraph 30.

31. Counterclaim-Defendant **RANGER INSURANCE LIMITED** is without sufficient information to either admit or deny Paragraph 31 and on that basis denies Paragraph 31.

32. Counterclaim-Defendant **RANGER INSURANCE LIMITED** is without sufficient information to either admit or deny Paragraph 32 and on that basis denies Paragraph 32.

33. Counterclaim-Defendant **RANGER INSURANCE LIMITED** denies Paragraph 33 as it applies to it, and based upon information and belief, believes that the "Other Excess Insurers" are denying the allegation contained in Paragraph 33 as well.

34. Counterclaim-Defendant **RANGER INSURANCE LIMITED** denies Paragraph 34 as it applies to it, and based upon information and belief, believes that the "Other Excess Insurers" are denying the allegation contained in Paragraph 34 as well.

35. Counterclaim-Defendant denies Paragraph 35.

36. Counterclaim-Defendant, **RANGER INSURANCE LIMITED** denies that Counterclaimants are entitled to any of the relief requested or any other or further relief.

## B. AFFIRMATIVE DEFENSES

In the alternative and without waiver of the specific denials set forth above, Counter-Defendant, **RANGER INSURANCE LIMITED** states:

37. The claims asserts in the First Amended Counterclaim are barred by the doctrines of waiver, release, estoppel and/or unclean hands.

38. The claims asserted in the First Amended Counterclaim by the National Union Fire Insurance Company of Pittsburgh, Pa ("National Union") are barred because National Union is not

a party to this action and lacks standing to sue as the equitable or contractual subrogee of BP Corporation North America, Inc.

39. The claims asserted in the First Amended Counterclaim are barred because all conditions precedent under the Ranger policy have not been performed. Specifically, the Counter-Plaintiff failed to give adequate notice of the loss and claim.

40. Counterclaim-Defendant **RANGER INSURANCE LIMITED** specifically reserves its respective right to assert any and all additional affirmative defenses that may become apparent or available during the course of these proceedings and further reserves its respective rights to amend this Answer to assert such defenses.

Respectfully submitted,

**MALONEY★MARTIN, L.L.P.**

By:___/s/ MICHAEL J. MALONEY___
MICHAEL J. MALONEY
SBOT: 12883550
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
(713) 759-1600 – telephone
(713) 759-6930 – facsimile
ATTORNEY FOR PLAINTIFF,
**RANGER INSURANCE LIMITED**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Counter-Defendant, Ranger Insurance Limited's Original Answer to Counter-Plaintiffs' First Amended Counterclaim was electronically filed with the Clerk, with a copy thereof furnished electronically by the Clerk, and/or by the undersigned counsel via certified mail, return receipt requested on this the 7th day of September 2010, as follows:

David Goodwin
Covington & Burling LLP
One Front Street
San Francisco, CA 94111-5356

Emily Johnson Henn
Covington & Burling LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418

Allan B. Moore
Seth A. Tucker
Covington & Burling LLP
1201 Pennsylvania Ave., NW
Washington, D.C. 20004-2401

William Charles Slusser
Slusser Wilson
333 Clay Street, Suite 4720
Houston, TX 77002

**Counsel for BP Defendants and Counterclaimants**

/s/ MICHAEL J. MALONEY
MICHAEL J. MALONEY