## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" on the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>Section J. |
| THIS DOCUMENT RELATES: | |
| *All Cases and 2:10-CV-2771* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDER OF LELAND M. ROGERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE

Now into Court, through the undersigned counsel comes Mr. Leland M. Rogers ("the Claimant") who moves this Court for acceptance of his attached Short Form Joinder which is filed beyond the September 16, 2011, deadline in the limitation proceeding brought by Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling, Inc., Transocean Deepwater, Inc. as owner, Managing Owners, Owners Pro Hac Vice and/or Operations of the MODU Deepwater Horizon. As this Honorable Court is aware, the Short Form Joinders were approved by the Court as a vehicle by which Claimants could both file a claim into the limitation proceeding filed by the above named parties, as well as initiate litigation against all non-limitation defendants with regard to the April 20, 2010, oil spill. In filing this motion, the Claimant confirms that his Short Form Joinder is timely as to all non-limitation defendants as there are no deadlines, prescriptive or otherwise, with regard to Claimant's right to file against non-limitation defendants set by this Honorable Court. However, as to the parties to the limitation set forth and listed herein, the Claimant recognizes that this Honorable Court did in fact set deadlines and the Claimant would hereby show the court as follows:

1. This Court originally established a deadline for the filing of the claims in the Transocean proceeding for April 20, 2011.

2. The Court extended the deadline for filing of the claims in the Transocean limitation to September 16, 2011.

3. As Claimants were unaware of he Court-established deadlines, or had not yet fully realized their damages, they did not timely file in the Transocean limitation proceeding.

4. No prejudice will result from the acceptance of the Claimant's post-deadline Short Form Joinder, attached hereto as "Exhibit A". No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

For these reasons explained more fully in the following Memorandum in Support, Movant respectfully requests that the Court grant Movant's Motion for Acceptance of Limitation Short Form Joinder of Mr. Leland M. Rogers beyond the September 16, 2011, deadline and that the Court deem said Short Joinder as timely filed.

Respectfully submitted:

Kevin I. Goldberg
Goldberg, Finnegan & Mester, LLC
1010 Wayne Avenue, Suite 950
Silver Spring, Maryland 20910
Telephone: (301) 589-2999
Facsimile: (301) 589-2644
kgoldberg@gfmlawllc.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion for the Acceptance of Limitation Short Form Joinder of Mr. Leland M. Rogers Filed Beyond the September 16, 2011 deadline and Exhibit A, Mr. Rogers' Short Form Joinder has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the forgoing were electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 22nd Day of March, 2012.

_____
Kevin I. Goldberg
Goldberg, Finnegan & Mester, LLC
1010 Wayne Avenue, Suite 950
Silver Spring, Maryland 20910
Telephone: (301) 589-2999
Facsimile: (301) 589-2644
kgoldberg@gfmlawllc.com