# HABANS & CARRIERE
ATTORNEYS AT LAW
10843 N. OAK HILLS PARKWAY
**BATON ROUGE, LOUISIANA 70810**

(225) 757-0225
Telefax: (225) 757-0398
E-mail: bobhab@bellsouth.net

ROBERT N. HABANS, JR.

February 16, 2012
**(by e-mail only)**

Honorable Sally Shushan
U. S. Magistrate Judge
U. S. District Court
Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, LA 70130

  Re: Oil Spill by the Oil Rig "Deepwater Horizon";
     U.S.D.C., E.D.La., MDL No. 2179, Sec. J, Mag. Div. 1

## Donald Vidrine's Motion For Reconsideration of Order Granting in Part and Denying in Part Transocean's Motion to Compel Deposition Testimony of Donald Vidrine

Dear Judge Shushan:

  I submit this letter brief on behalf of Donald J. Vidrine, respectfully requesting Your Honor to reconsider a portion of the February 14, 2012 Order [Rec. Doc. 5681] on Transocean's motion seeking to compel the deposition testimony of Mr. Vidrine and of one of his treating physicians, Dr. Bob Winston [Rec. Doc. 5656]. The Order is correct insofar as it denied all of the relief sought by Transocean in its Motion to Compel: it denied the motion to compel the deposition of Mr. Vidrine and of Dr. Winston, and it quashed the deposition subpoena served on each of them. However, the Order is in error and should be vacated insofar as it requires Mr. Vidrine to submit himself for an examination by Court-appointed physician Dr. Rennie W. Culver, and orders undersigned counsel for Mr. Vidrine to "promptly provide all Mr. Vidrine's medical records and reports of his treating physician to Dr. Culver. . .."

  The appointment of a physician to examine Mr. Vidrine was not before the Court on Transocean's Motion to Compel. Consequently, whether such relief is available or appropriate was not addressed in the brief submitted by Mr. Vidrine, and the Order requiring the examination was issued without notice to him and without an opportunity to be heard. I therefore wish to now bring to the Court's attention certain facts and legal authorities that bear on the issue and demonstrate the defects in the Court's Order. This motion for reconsideration is made without prejudice to Mr. Vidrine's right to appeal the Order.

Magistrate Judge Sally Shushan
February 16, 2012
Page 2

      The Order recites that the appointment of Dr. Culver is made "pursuant to Fed. R. Civ. P. 35(a)." Yet Rule 35(a), Fed. R. Civ. P., only permits a court to "order a *party* whose mental or physical condition . . .is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." (emphasis added). On its face, that rule does not apply to Mr. Vidrine. He is at best a potential fact witness. But he has not brought a personal injury or other claim against Transocean or any other defendant in the captioned MDL proceeding. Mr. Vidrine therefore is not a "party" within the meaning of Rule 35.

      That Rule 35 is limited to an examination of a "party" is not only evident from the plain language of the rule itself, but is also firmly established by the cases that have considered the issue. *See, e.g., Dulles v. Quan Yoke Fong*, 237 F. 2d 496, 499 (9th Cir. 1956) (considering language of Rule 35(a) and concluding that the "court has no jurisdiction to compel a person not a party to the action to yield his body to the invasion of a physician's instruments."); *Fong Sik Leung v. Dulles*, 226 F. 2d 74, 77 (9th. Cir. 1955) (recognizing that a court has no inherent power to order the physical examination of a non-party, because "it would be absurd to contend that any one not a party may be so coerced while specifically providing in Rule 35(a) that only a party is subject to such physical examination"); *Webster v. Offshore Food Service, Inc.*, 434 F. 2d 1191, 1195 (5th Cir. 1970) (Court recognizes that plaintiff is unable to secure medical examination of his former roommate, "Winn, who was not a party", noting that "the disability imposed by Rule 35(a) would have endured even had the case gone to trial.")

      The Court is without jurisdiction to order Mr. Vidrine to submit himself to any sort of physical or mental examination. Accordingly, the portion of the Court's Order that requires such an examination is a nullity and should be vacated by this Court.

      Even if Mr. Vidrine were a party and subject to Rule 35, the Order requiring him to submit himself to an examination by Dr. Culver would nevertheless be procedurally defective, and should therefore be vacated in any event. Rule 35(a)(2) expressly requires that an order requiring a "party" to submit to a physical or mental examination "may be made *only* on motion for good cause and on notice to all parties and the person to be examined." (emphasis added). Thus, at a minimum, there must be: (1) a motion for such relief (none was filed here); (2) the party seeking the relief must show "good cause" (no such showing was made here by Transocean); and (3) the person sought to be examined must be given prior notice (Mr. Vidrine had no such notice and had no opportunity to be heard on the matter, a violation of his basic due process rights). For each of these reasons, the Court's Order, insofar as it compels Mr. Vidrine to submit to an examination by Dr. Culver, was entered in violation of the basic procedural safeguards mandated by Rule 35, and it should be vacated.

      There are additional, fundamental reasons why Mr. Vidrine should not be compelled to submit himself to an examination by Dr. Culver, even if the Court had the authority to order such an examination. First of all, a compelled examination by a physician renders the consultation not subject to the usual protection of confidentiality, such as is afforded by the psychotherapist-patient privilege as recognized by the United States Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1, 116

Magistrate Judge Sally Shushan
February 16, 2012
Page 3

S. Ct. 1923 (1996). *See, e.g., Hardy v. Riser*, 309 F. Supp. 1234 (N.D. Miss. 1970) (results of Rule 35 examination are not protected from disclosure by any doctor-patient privilege). The error in the Court's Order is compounded by the additional requirement that undersigned counsel for Mr. Vidrine provide to Dr. Culver "all Mr. Vidrine's medical records and reports of his treating physician." Such a disclosure would constitute a wholesale waiver of the psychotherapist-patient privilege that protects Mr. Vidrine's confidential communications with his own physicians. *See, e.g., U.S. v. Turner*, 2012 WL 27425 at * 1 (E.D.N.C. 1/4/2012) (Court finds waiver of psychotherapist-patient privilege as to all records disclosed to a court-appointed psychotherapist assigned to conduct an independent examination). Moreover, if Mr. Vidrine were to submit himself to the examination as required by the Court's Order and then request a copy of Dr. Culver's report of his examination (which he would surely have to do if he wished to challenge any ruling made by the Court on the basis of Dr. Culver's findings), he would be waiving "any privilege" he may have, not only in this action, but also in "any other action involving the same controversy–concerning testimony about all examinations of the same condition." *See* Rule 35(b)(4).

As the Court is aware, the events surrounding the *Deepwater Horizon* blowout are the subject of an ongoing criminal investigation by the United States Department of Justice. The ordinary, well-justified interest that a person has to protect the confidentiality of his privileged communications with his physicians is exponentially increased by the very real risk that the Court-ordered examination of Mr. Vidrine by Dr. Culver would lead to a wholesale waiver of Mr. Vidrine's privilege, and make Mr. Vidrine's records available to investigative and prosecutorial authorities. Thus, even if the Court had authority to order an examination of Mr. Vidrine by Dr. Culver, it should decline to do so under these circumstances.

Still further, the Order should be vacated insofar as it requires undersigned counsel to provide all of Mr. Vidrine's medical records and reports of his treating physician to Dr. Culver. Undersigned counsel is without authority from Mr. Vidrine to turn over any such records to a third person such as Dr. Culver, especially when doing so would be a waiver of the psychotherapist-patient privilege that now protects Mr. Vidrine's medical records that are in undersigned counsel's possession (indeed, undersigned counsel is not in possession of "all Mr. Vidrine's medical records and reports of his treating physician" and therefore is unable to comply with the Court's Order). *See*, Rule 510(B)(1), La. Code of Evid., "In a non-criminal proceeding, a patient has a privilege to refuse to disclose *and to prevent another person from disclosing* a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition. . .." (emphasis added).

With my thanks for the Court's consideration of this matter, I am

Respectfully,

ROBERT N. HABANS, JR.
Attorney for Donald Vidrine

RNHjr:psh