

Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Phone: 504.599.8000
Facsimile: 504.599.8100
www.frilot.com

Kerry J. Miller
Telephone: 504.599.8194
Facsimile: 504.599.8145
kmiller@frilot.com

February 17, 2012

<u>BY EMAIL</u>

Magistrate Judge Sally Shushan
United States District Court
500 Poydras Street
New Orleans, LA 70130

      Re: In Re: Deepwater Horizon
         Civil Action No. 10-md-02179

Dear Judge Shushan,

  This letter will serve as Transocean's letter brief in response to Donald Vidrine's Motion for Reconsideration of Order Granting in Part and Denying in Part Transocean's Motion to Compel Deposition Testimony of Donald Vidrine [Rec. Doc. 5681].

  Mr. Vidrine's letter brief is, in essence, a motion to reconsider the order requiring his examination by Dr. Rennie Culver. The Federal Rules of Civil Procedure do not formally recognize a motion to reconsider, but Courts in this District employ Rule 59(e) when ruling on motions to reconsider non-dispositive pre-trial motions. *Smith v. Diamond Offshore Mgt. Co.*, 2008 WL 2038935 (E.D. La. 2008). A motion for new trial pursuant to Rule 59 is an extraordinary remedy that should be used sparingly. Rule 59 should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings. *Karim v. Finch Ship. Co.*, 111 F. Supp. 2d 783, 784 (E.D. La. 2000). Mr. Vidrine's motion asks the Court to relitigate old matters and raises new arguments that could have been presented earlier. For example, Mr. Vidrine's brief continues to argue waiver of the psychotherapist-patient privilege, something that was thoroughly briefed in Transocean's Motion to Compel

[Rec. Doc. 5656] and Vidrine's opposition [Rec. Doc. 5674]. In short, this case does not rise to the extraordinary level that is required to employ Rule 59.

Assuming arguendo Your Honor even reviews these arguments again, Transocean responds as follows. First, Mr. Vidrine is a party as he was named as a defendant in individual complaints which are a part of the MDL proceeding. [*See* 2:11-cv-00348*: State of Louisiana ex rel. Plaquemines Parish School Board vs. BP, PLC et. al.*].

Second, Transocean did file a motion to compel deposition testimony of Mr. Vidrine to which Mr. Vidrine filed a response. [Rec. Docs 5656 & 5674]. Following these pleadings, Your Honor obviously found Transocean had good cause regarding Mr. Vidrine's alleged medical condition and ordered he submit to a court-ordered medical evaluation.

Third, Mr. Vidrine's argument that submitting to the examination will be a "wholesale" waiver of his medical privilege is not applicable. Transocean did not bring Vidrine's mental health to this dispute, Vidrine did. And when Vidrine, as the patient, placed his medical condition at issue, that privilege was waived. *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000); *Vasconcellos v. Cybex Intern., Inc.*, 962 F. Supp. 701, 708 (D. Md. 1997). Further, Mr. Vidrine's medical issues are not with regard to his actions on the *Deepwater Horizon* but rather his post-incident ability to give relevant testimony regarding the events on the *Deepwater Horizon* and calls with BP onshore personnel. Transocean specifically seeks the results of the examination to determine Mr. Vidrine's capability to give deposition testimony. However, Mr. Vidrine cites an out-of-state criminal commitment proceeding where the Court determined that the defendant waived his psychotherapist-patient privilege by not objecting to a court-appointed examiner. *See U.S. v. Turner*, 2012 WL 27425 at *1 (E.D.N.C. 2012). Here, Mr. Vidrine has objected to the examination and will suffer no future prejudice. Transocean does not seek to admit statements Mr. Vidrine made to his psychotherapist regarding the *Deepwater Horizon*. Rather, Transocean seeks to determine Mr. Vidrine's ability to give relevant, factual testimony about the incident.

Fourth, Mr. Vidrine's arguments that turning over the medical records will waive his psychotherapist-patient privilege are irrelevant. The Court may accept the records

and make clear in an order that by submitting the records for a court-ordered medical examination, Mr. Vidrine does not waive any privilege with respect to other actions, including any ongoing criminal investigations.

Finally, in addition to the above arguments, Transocean emphasizes that Mr. Vidrine's arguments are not applicable to this MDL proceeding in general. Your Honor and Judge Barbier have laid out a formal process for taking testimony in this complex MDL. Mr. Vidrine, through his counsel, was a part of this discovery process and participated in multiple working group conferences before Your Honor. Many other parties and essential fact witnesses were also involved in this process. Those individuals were under the same circumstances and likely suffered from similar medical issues following the events of April 20, 2010. All of those witnesses had two options: (1) invoke their constitutional privilege under the 5th amendment or (2) submit to the Court's process for giving testimony. Instead, Mr. Vidrine has skirted this requirement by shielding himself behind an alleged medical condition confirmed only by his own treating physician. The circumstances underlying this complex litigation and due process permits Transocean and the other parties to seek an impartial medical evaluation to determine if Mr. Vidrine is capable of giving relevant, factual testimony.

Thus, it was within Your Honor's discretion to order the medical evaluation of Mr. Vidrine and the submission of his medical records regarding his medical condition.

    Respectfully submitted,

    /s/ Kerry J. Miller

    Kerry J. Miller

KJM/ddd

cc:    MDL Liaison and Coordinating Counsel