UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig | * | MDL 2179 |
| "DEEPWATER HORIZON" in the | * | SECTION J(2) |
| Gulf of Mexico on April 20, 2010 | * | JUDGE BARBIER |
| This Document Applies to: | * | MAGISTRATE JUDGE WILKINSON |
| No. 12-179 c/w 12-259 | * | |
| (This document applies to 12-259 ONLY) | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**NOW INTO COURT,** through undersigned counsel, comes Constantin Land Trust (hereinafter referred to as "CLT"), a Louisiana Trust, represented herein through its duly authorized Trustee, James Constantin, which hereby avers that pending before the court is the motion of defendant Epic Diving & Marine Services, LLC ("Epic"), made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint of December 9, 2011. Since the filing of defendant's motion, plaintiff has filed an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).[1] The filing of the amended complaint supercedes the original and renders it a nullity. *See*, *e.g.*, *Purkey v. Marberry*, 2010 U.S. App. LEXIS 14362 (7$_{th}$ Cir. 2010); *Klyce v. Ramirez*, 852 F.2d 568 (6$_{th}$ Cir. 1988); *Barnes v. Birds Eye Foods LLC*, 2010 U.S. Dist. LEXIS 69579, *2-3 (W.D. MI. 2010) (amended complaint, filed of right within 21 days of service of a motion under 12(b), "supercedes the original complaint, which becomes a nullity."). As a necessary consequence, defendant's motion to dismiss the now superseded complaint is

---

[1] Rule 15(a)(1) was amended in 2009 to allow a plaintiff to amend its complaint "as a matter of course" within 21 days of the service of a motion under Federal Rules of Civil Procedure 12(b), (e), or (f). Plaintiffs here filed their amended complaint today, March 20, 2012, well within the 21-day period for amending their complaint as a matter of course after service of defendant's motion on March 5, 2012.

moot and must be denied. *See Barnes*, 2010 U.S. Dist. LEXIS 69579 at *3 ("An amended complaint filed after a motion to dismiss has been filed renders the motion to dismiss moot."), *citing Bancoult v. McNamara*, 214 F.R.D. 5, 13 (D.D.C. 2003).

Shall any specific response be required, plaintiff submits defendant, Epic, had actual knowledge that it could not make use of the Texaco Dock and its appurtenances without CLT's permission. Notwithstanding such knowledge, Epic with full intent did so repeatedly anyway, thereby committing a trespass on each such occasion. Further, its actions in conducting maritime activities were negligent which caused damages to property giving CLT a direct claim pursuant to the General Maritime Laws.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court deny defendant's motion to dismiss as moot.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

/S/ JERALD L. ALBUM
ROBERT S. REICH (#11163)
JERALD L. ALBUM (#2366)
3850 N. Causeway Blvd., Suite 1000
Metairie, Louisiana  70002
Telephone: (504) 830-3999
Facsimile:  (504) 830-3950
*Attorneys for Constantin Land Trust*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on 22nd day of March 2012, I electronically filed the foregoing with the Clerk of Court and a copy by using the CM/ECF system which will send a notice of electronic filing to Grady S. Hurley and all counsel of record.

                                          /S/ JERALD L. ALBUM
                                          JERALD L. ALBUM