UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179 SECTION: J |
| This Document Relates To: All Actions ……………………………………………….... | : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Phase Two Discovery Third-Party 30(b)(6) Deposition Notice and Rule 45 Subpoenas]

Prior to the commencement and scheduling of 30(b)(6) depositions relevant to Phase Two discovery, the parties jointly served agreed upon 30(b)(6) deposition notices to Exxon Mobil and Cudd Well Control. These deposition notices were related primarily to issues of Source Control rather than Quantification. Given the current status of this litigation, the Court previously entered an Order suspending the deposition topics previously scheduled in April. Further, the Court has entered an Order directing the parties to submit in camera positions regarding the impact of the proposed class action settlement agreement with BP once the final settlement agreement is filed with the Court.

As the Exxon Mobil and Cudd Well Control deposition notices deal primarily with issues of Source Control and the parties have agreed to prioritize the issue of Quantification, the Court hereby stays the third party subpoenas and depositions served upon Exxon and Cudd Well Control. While these depositions have not previously been set on the official court deposition calendar (as is done as a matter of course during the Working Group Conferences), the Court is aware that Exxon and Cudd Well Control may be required to undertake significant effort identifying witnesses and producing documents in response to the subpoena. If, after reviewing

1

the filed settlement agreement, any party decides it is necessary to proceed with these stayed third party subpoenas, that party shall provide written notice to the third party it is seeking to depose. The written notice shall specify whether the scope of the subpoena is to be limited, and if so, the particular topics to which the subpoena will be limited. At that time, the party seeking the deposition and the third party deponent shall meet and confer to determine the availability of the witness. Once such dates are obtained, the deposition shall be set on the deposition calendar as has been the customary practice during a Working Group Conference. If a party decides to proceed with a stayed subpoena, nothing in this Order limits or waives a third party deponent's right to object or challenge the subpoena.

    New Orleans, Louisiana, this 23rd day of March, 2012.

                                             **SALLY SHUSHAN**
                                             **United States Magistrate Judge**