UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig** | * | MDL No. 2179 |
| **"Deepwater Horizon" in the Gulf** | * | |
| **of Mexico, on April 20, 2010** | * | Section "J" |
| | * | |
| **Applies to:** | * | JUDGE BARBIER |
| *All Cases* | * | |
| | * | MAGISTRATE SHUSHAN |

**DRIL-QUIP INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR RULE 54(B) CERTIFICATION OF FINAL JUDGMENT**

This Court granted Dril-Quip, Inc.'s Motion for Summary Judgment Against All Claims in its Order dated January 20, 2012 (Rec. Doc. 5306) (the "Order"). Dril-Quip, Inc. ("Dril-Quip") respectfully moves for the Court to certify the Order as a final judgment pursuant to Federal Rule of Civil Procedure 54(b).

**ARGUMENT AND AUTHORITY**

**A. The Court May Grant Immediate and Final Judgment Pursuant to Fed. R. Civ. P. 54(b)**

In a case involving multiple claims or parties, Federal Rule of Civil Procedure 54(b) empowers the court to "direct entry of a final judgment as to one or more, but fewer than all claims or parties." Fed. R. Civ. P. 54(b). The court utilizes a two-step inquiry to determine if certification is proper. It first must determine that the decision is a "final judgment" as to the particular party or claim. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). Second, the court must determine whether there is any "just reason for delay." Fed. R. Civ. P. 54(b); *Curtiss-Wright*, 446 U.S. at 3. District courts have considerable discretion in making the certification decision under Rule 54(b). *PYCA Indus. v. Harrison County Waste Water*

1

*Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (review of district court's determination is judged by "abuse of discretion" standard).

### B. The Court's January 20, 2012 Order is a "Final Judgment" as to Dril-Quip

The "final judgment" prong of Rule 54(b) is satisfied when both of the following determinations are made: (1) "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief," and (2) "it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright*, 1 U.S. at 7 (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956)) (internal quotations omitted).

This Court resolved all claims for relief against Dril-Quip. The Order stated: "all claims asserted against Dril-Quip, Inc. are DISMISSED WITH PREJUDICE." This constitutes an "ultimate disposition" of all claims implicating Dril-Quip for liability in causing or contributing to the blowout on the Deepwater Horizon and the subsequent oil spill in the Gulf of Mexico. The Order, therefore, is properly a "final judgment" under Rule 54(b).

### C. There is No Just Reason for Delay

There is also no reason to delay final judgment in favor of Dril-Quip. In determining whether any reason justifies delay of a final order, the Court must weigh both "justice to the litigants" and "the interest of sound judicial administration." *Curtiss-Wright*, 446 U.S. at 6. Factors important to this consideration include "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined were such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

Here, both justice to the litigants and the Court's interest in efficient judicial administration support Rule 54(b) certification. Because the court granted summary judgment on "all claims" against Dril-Quip, granting final judgment now does not create the risk of the Circuit court hearing the same issue twice in a "piecemeal" fashion. *Cf. PYCA Indus. v. Harrison County Waste Water Management Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Certification is proper where an order grants summary judgment with prejudice on all claims against one party in a multi-party suit. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) ("Because the district court dismissed with prejudice all claims against [defendant], [defendant] was no longer a party before that court and the order granting summary judgment is properly on appeal pursuant to Rule 54(b)."). Finally, the fact that Dril-Quip's Motion for Summary Judgment on All Claims was unopposed by any other party to the litigation strongly suggests that there will be no injustice to the other litigants if the judgment is made final. Thus, the second prong of Rule 54(b) is met in this case.

WHEREFORE Dril-Quip respectfully requests that this Court certify the Order pursuant to Rule 54(b). Dril-Quip attaches a proposed Final Judgment for the Court's consideration as Exhibit A.

> Respectfully submitted,
> **WARE, JACKSON, LEE & CHAMBERS, LLP**
>
> BY: /s/ Don Jackson
> Don Jackson
> Texas Bar No. 10476000
> Fed ID No. 6915
> C. Dennis Barrow, Jr.
> Texas Bar No. 00796169
> Fed ID No. 20624
> 2929 Allen Parkway, 42nd Floor
> Houston, TX 77019
> Phone: (713) 659-6400

3

Fax: (713) 659-6262<br>
Counsel for Defendant, Dril-Quip, Inc.

## **CERTIFICATE OF SERVICE**

I certify that the above and foregoing document will be served on all counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of March, 2012.

/s/ Don Jackson
Don Jackson