UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION J |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| *B3 Pleading Bundle* | * | |
| | * | MAGISTRATE SHUSHAN |

# ORDER

**[Regarding the Nalco Defendants' Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" (Rec. Doc. 5531) and the Plaintiffs Steering Committee's Motion for Leave to Amend Master Complaint (Rec. Doc. 5718)]**

On September 30, 2011, the Court issued its Amended Order and Reasons as to the Motions to Dismiss the B3 Master Complaint. (hereinafter, "B3 Order"; Rec. Doc. 4159).[1] The B3 Master Complaint asserted, inter alia, personal injury claims on behalf of those exposed to oil and/or chemical dispersants. Among the arguments addressed in the B3 Order were Nalco's (the manufacturer of the chemical dispersant Corexit®) and the Clean-Up Defendants' (who applied Corexit®) derivative immunity and preemption arguments. The B3 Order noted that these arguments might be meritorious, but they could not succeed at that time given the legal standard surrounding Federal Rule 12(b)(6) and the allegations in the Master Complaint. However, the defendants were not prejudiced from re-asserting these arguments at a later time.

On November 3 and December 23, 2011, Magistrate Judge Shushan issued limited discovery schedules intended to develop facts relative to the derivative immunity and preemption arguments. (Rec. Docs. 4472, 5000). On January 31, 2012, Nalco Defendants renewed its preemption argument,

---

[1] The Court amended the B3 Order on October 4, 2011, but no substantive changes were made. (Rec. Doc. 4209)

urging that the record facts demonstrate that the application of Corexit® was authorized and directed by the federal government pursuant to the Clean Water Act and National Contingency Plan. (Rec. Doc. 5531).[2] Rather than filing an opposition to Nalco's Motion,[3] the Plaintiffs Steering Committee ("PSC") filed a Motion for Leave to Amend the B3 Master Complaint on February 16, 2012, which effectively sought to dismiss the claims against Nalco and the Clean-Up Defendants *without* prejudice, and "proceed solely and directly against BP (and the other Drilling Defendants)." (Rec. Doc. 5718). The Clean-Up Defendants, Nalco, and BP each responded that the PSC's Motion should only be granted if dismissal is *with* prejudice. (Rec. Docs. 5828, 5871, 5846). Alternatively, the Defendants requested that the Court simply deny the PSC's Motion for Leave and take up Nalco's Motion and the Clean-Up Defendants' anticipated Motion (due on May 18, 2012, per Rec. Doc. 5000). The PSC has not replied.

Before ruling on these matters, the Court requests statements from any party that opposes the dismissal *with* prejudice of the claims asserted in the B3 Master Complaint against Nalco or the Clean-Up Defendants (Rec. Doc. 1812). Accordingly,

**IT IS ORDERED** that, by April 9, 2012, any party that asserts a good faith basis to oppose the dismissal *with* prejudice of the claims asserted in the B3 Master Complaint against the Nalco entities[4] and/or the Clean-Up Defendants,[5] shall submit a short statement to the Court expressing its

---

[2] Although Nalco presents its argument as a Motion to Dismiss under Rule 12(b)(6), the Court is inclined to treat it as a Rule 56 Motion for Summary Judgment, considering the numerous exhibits attached. *See* Fed. R. Civ. Proc. 12(d).

[3] The PSC's Opposition was due on February 21, 2012 (Rec. Doc. 5000).

[4] Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC, and Nalco Holding Company.

[5] O'Brien's Response Management Inc., National Response Corporation, Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

opposition. If the Court does not receive any statements opposing dismissal with prejudice, the Court will grant in part the PSC's Motion to Amend the Master Complaint, such that the claims against Nalco and the Clean-Up Defendants will be dismissed *with* prejudice. If the Court receives any letters opposing dismissal with prejudice, then it will determine at that time how to proceed.

    New Orleans, Louisiana, this 29th day of March, 2012.

                                                          United States District Judge