UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE OIL SPILL BY THE OIL RIG                            CIVIL ACTION
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO ON APRIL 20, 2010                          MDL 2179

Member Case:   Coastal Services Group, LLC v. BP          SECTION "J" (2)
               Company North America, Inc. et al.; 11-2891

## ORDER AND REASONS ON MOTION

The motion of plaintiff, Coastal Services Group, LLC, to sever and remand,
Record Doc. No. 5078, is pending before me. Defendant, Patriot Environmental Services,
Inc. ("Patriot"), filed a timely written response joining in Coastal Services's motion to
sever and remand. Record Doc. No. 5164. All other remaining defendants,[1] BP
Company North America, Inc., BP Corporation North America, Inc., BP America, Inc.,
BP Products North America, Inc., and BP Exploration & Production, Inc. (hereinafter
jointly referred to as "BP"), filed a written response in which they also joined in and
consented to the motion. Record Doc. No. 6067. All parties remaining in the member
case have now consented to proceed before a United States Magistrate Judge pursuant
to 28 U.S.C. § 636(c). Record Doc. No. 6152.

Having considered the written submissions of the parties, the record, and the
applicable law, **IT IS ORDERED** that the consent motion to sever this case from the

---

[1] After the motion to sever and remand was filed, plaintiff voluntarily dismissed defendant BP,
PLC without prejudice. Record Doc. No. 6109.

Deepwater Horizon oil spill multidistrict litigation proceeding and remand it to the United States District Court for the Southern District of Mississippi is GRANTED for the following reasons.

Plaintiff filed the referenced member case on September 29, 2011, in the Chancery Court of Jackson County, Mississippi, against Patriot Environmental Services, Inc. and the BP defendants. On November 7, 2011, BP removed the case from the state Chancery Court to the United States District Court for the Southern District of Mississippi. Record Doc. No. 1-1. On November 18, 2011, pursuant to Rule 7.1 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation</u>, the case was transferred as a "tag-along" under 28 U.S.C. § 1407 to this court for consolidation with MDL-2179, the "Deepwater Horizon" Oil Spill litigation. Record Doc. No. 1 (in C.A. No. 11-2891). Subsequently, the case was reassigned and referred to me by Judge Barbier "for the purpose of pretrial case management, including issuing a scheduling order, overseeing discovery, and any other preliminary matters." Record Doc. No. 2 (in C.A. No. 11-2891).

Plaintiff alleges in its complaint that in August 2010, after the explosion of the Deepwater Horizon offshore drilling platform, BP entered into a six-month contract with plaintiff "for oil clean up and decontamination services." Plaintiff asserts that the "discounted prices Plaintiff provided Defendant BP for Plaintiff's services were based on obtaining work from Defendant BP for at least six months." Plaintiff alleges that BP

breached this contract by improperly terminating the contract "after only two months." Record Doc. No. 1-2 at p. 3, ¶¶ 11-13.

Plaintiff's motion, now joined by all defendants, seeks an order severing the member case from the MDL proceeding and remanding it to the United States District Court for the Southern District of Mississippi, the transferor court. Plaintiff argues that this "action is not related to the Oil Spill Litigation and does not involve one or more common questions of fact." Record Doc. No. 5078 (in MDL 2179) at p. 1, ¶ 1. It argues for transfer back to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and the witnesses and because including this particular suit in the MDL proceedings does not serve the purposes of the MDL transfer statute, 28 U.S.C. § 1407, to promote the just and efficient resolution of this case, but instead will increase costs to these parties and delay resolution of the case.

Since transfer by the Judicial Panel on Multidistrict Litigation to this court of the cases now constituting In Re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, the presiding district judge and magistrate judge have issued several case management orders and conducted substantial pretrial activities geared primarily toward the issues of fault, causation and damages arising from the subject explosion and resulting oil spill. The vast majority of parties involved in most of the individual member cases have vital common interests in these primary issues. The

referenced member case is based on a separate and distinct contractual relationship. It does not fit the consolidated case management, settlement and trial preparation activities with which the MDL proceeding as a whole has been concerned. Because of the largely unrelated nature of their separate contractual dispute, the parties to the subject member case have reaped little discovery, trial preparation or settlement benefit from the coordinated pretrial activity of the MDL proceedings to date. It appears that the member case can be resolved more efficiently, with less cost and less delay, if it is severed from the MDL proceeding and provided with individualized attention appropriate to its distinct nature, all with no risk of any ruling that might be inconsistent with anything that occurs in the MDL action.

The MDL transfer statute by its terms provides for remand of a transferred action like the referenced member case only by the Judicial Panel on Multidistrict Litigation at the conclusion of coordinated pretrial proceedings in the transferee court. 28 U.S.C. §1407(a). Numerous courts have held, however, that in circumstances similar to those presented by the instant motion, the transferee court itself may effectuate return of the case to the transferor court, including under the general federal transfer of venue statute. See In re Midwest Milk Monopolization Litig., 386 F. Supp. 1401 (J.P.M.L. 1975) (determination whether contract claims transferred together with antitrust claims should be separated and remanded to transferor court should be made by the transferee judge);

4

In re Antibiotic Drugs, 299 F. Supp. 1403 (J.P.M.L. 1969) (trial judge to whom civil antitrust actions were transferred for pretrial proceedings is free to determine that certain of the cases should be treated separately and to remand such cases to transferor court for trial); In re Antibiotic Antitrust Actions, 333 F. Supp. 299 (S.D.N.Y. 1971), mandamus denied, 447 F.2d 122 (2d Cir. 1971) (transferee court has authority to transfer cases transferred to it by the Judicial Panel); In re Bristol Bay, Alaska, Salmon Fishery Antitrust Litig., 424 F. Supp. 504 (J.P.M.L. 1976) (motion to transfer for the convenience of parties and witnesses in the interest of justice may be presented to and determined by transferee judge); Greyhound Computer Corp. v. Int'l Bus. Machs. Corp., 342 F. Supp. 1143 (D. Minn. 1972) (transferee court empowered to transfer action, which had been consolidated before it for coordinated pretrial proceedings, to any other district for all purposes, including trial); In re Air Crash Disaster, 476 F. Supp. 455 (J.P.M.L. 1979) (transferee judge has power to transfer actions in the transferee district to that district or to any other appropriate district for all purposes); In re Penn Cent. Commercial Paper Litig., 62 F.R.D. 341 (S.D.N.Y. 1974), affirmed, 515 F.2d 505 (2d Cir. 1975) (judge to whom case has been transferred for pretrial purposes by MDL Panel has power to order a transfer of the case for the convenience of the parties, to any district in which it might have been brought.).

28 U.S.C. § 1404(a) now provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." In their papers filed in connection with this motion, the parties unanimously agree that transfer of this case back to the Southern District of Mississippi, where the alleged contract was to be performed, is most convenient for the parties and the witnesses. The interest of justice will be served in that the dispute will receive less costly, more efficient and swifter resolution than can be achieved by maintaining the case as part of the MDL proceeding.

In short, retaining the case in this district does not serve the purposes contemplated by the MDL transfer statute, while transfer of the case back to the Southern District of Mississippi, where it was pending before transfer to this court, serves the convenience of the parties and the witnesses and the interest of justice and all parties in the "just, speedy and inexpensive determination" of this action. Fed. R. Civ. P. 1. The Southern District of Mississippi is the district where the action was brought and in which all parties have consented to proceed.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that plaintiff's motion to sever and remand is hereby GRANTED and that this case is hereby severed from MDL No. 2179.

The Clerk is directed to docket this order in the records of <u>both</u> MDL 2179 <u>and</u> C.A. No. 11-2891.

**IT IS FURTHER ORDERED** that C.A. No. 11-2891 is hereby TRANSFERRED to the United States District Court for the Southern District of Mississippi for all further proceedings.

New Orleans, Louisiana, this ____30th____ day of March, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE