1300 Eye Street, NW, Suite 900
Washington, DC 20005
+1 202 682 7000 tel
+1 202 857 0940 fax

**Weil, Gotshal & Manges LLP**

Michael J. Lyle
Direct Line: 202-682-7157
michael.lyle@weil.com

March 23, 2012

VIA E-MAIL AND FEDERAL EXPRESS

The Honorable Carl J. Barbier
United States District Judge
U.S. District Court for the Eastern District of Louisiana
500 Poydras Street, Room C-256
New Orleans, LA 70130

Re: In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 (MDL No. 2179)

Dear Judge Barbier:

We write on behalf of our clients O'Brien's Response Management Inc. and National Response Corporation, and also on behalf of certain other Clean-Up Responder Defendants,[1] to respectfully request that the Court take up the Plaintiffs' Steering Committee's ("PSC") motion to dismiss the Clean-Up Responder Defendants from the B3 Master Complaint at the Court's earliest convenience.

As Your Honor is aware, after the Court issued its Order and Reasons as to Motions to Dismiss the B3 Master Complaint,[2] Magistrate Judge Shushan contacted the parties and directed us to put together a schedule for "limited B3 discovery" so that facts pertaining to the key issues that Your Honor identified could be developed, thereby allowing the Clean-Up Responder Defendants to renew their derivative immunity and implied preemption arguments. In consultation with all parties and without objection from the PSC, Magistrate Judge Shushan approved and entered an agreed schedule for such limited B3 discovery.[3] Over the past five months, the parties have exchanged written discovery pursuant to that schedule and the defendants have produced thousands of pages of responsive documents.[4] The Clean-Up Responder Defendants have also entered into extensive stipulations with the United States of

---

[1] The following Clean-Up Responder Defendants also join in this submission: Marine Spill Response Corporation, Dynamic Aviation Group, Inc., Airborne Support, Inc., Airborne Support International, Inc., DRC Emergency Services, LLC, International Air Response, Inc., Lynden, Inc., Lane Aviation, Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group GP-SUB, Inc.

[2] The Court's original Order and Reasons was issued on September 30, 2011 (Rec. Doc. 4159) and an Amended Order and Reasons was issued on October 4, 2011 (Rec. Doc. 4209).

[3] The original schedule was issued on November 3, 2011 (Rec. Doc. 4472) and was amended on December 23, 2011 (Rec. Doc. 5000).

[4] Certain discovery disputes remain outstanding between the parties in connection with the limited B3 discovery, see Rec. Doc. 5442, but those disputes have been overtaken (for the time being) by subsequent events as described in this letter.

The Honorable Carl J. Barbier
United States District Judge
March 23, 2012
Page 2

**Weil, Gotshal & Manges LLP**

America that refute the factual allegations in the B3 Master Complaint that the Court was obliged to accept as true for purposes of the previous motions to dismiss. Moreover, pursuant to the schedule for limited B3 discovery, Nalco has already filed a renewed motion to dismiss (Rec. Doc. 5531)—to which the PSC has failed to respond—and the Clean-Up Responder Defendants' motions for summary judgment are due on May 18, 2012.

Apparently in light of the contemplated class action settlement(s) being negotiated by BP and the PSC, however, the PSC has unilaterally decided to no longer participate in the Court-ordered limited B3 discovery process and has also moved to dismiss the Clean-Up Responder Defendants and Nalco from the B3 Master Complaint without prejudice. *See* Rec. Doc. 5718. The Clean-Up Responder Defendants responded to the PSC's motion and requested that the dismissal be with prejudice, chronicling the PSC's increasingly desperate attempts to prolong an inevitable day of reckoning and otherwise frustrate the Court's well-founded desire to resolve the B3 claims against the Clean-Up Responder Defendants in an efficient fashion. *See* Rec. Docs. 5828. BP filed a response joining in the request for the Clean-Up Responder Defendants to be dismissed with prejudice. *See* Rec. Doc. 5846. Nalco also filed a response. *See* Rec. Doc. 5871. The PSC did not reply to any of these submissions.

The Clean-Up Responder Defendants are not involved in the ongoing settlement negotiations. Regardless, the Clean-Up Responder Defendants continue to believe that dismissal of the B3 claims with prejudice is appropriate pursuant to the derivative immunity and/or implied preemption doctrines, as will be set forth in the Clean-Up Responder Defendants' forthcoming summary judgment motions should they be necessary. Of course, if the Court were to simply grant the PSC's motion in part and thereby dismiss the Clean-Up Responder Defendants from the B3 Master Complaint with prejudice, then the entire limited B3 discovery process would be unnecessary, all outstanding B3 discovery disputes would be rendered moot, and the Clean-Up Responder Defendants would likely not need to participate any further in this litigation. Accordingly, we would respectfully request that the Court take this matter up for consideration at the Court's earliest convenience.

Very truly yours,

*[signature]*

Michael J. Lyle

cc:  Magistrate Judge Shushan (via e-mail)
     Defense Liaison Counsel (via e-mail)
     Plaintiffs' Liaison Counsel (via e-mail)
     R. Michael Underhill (via e-mail)
     Attorney General Luther Strange (via e-mail)
     Attorney General Buddy Caldwell (via e-mail)
     Mike O'Keefe (via e-mail)