UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL NO. 2179<br><br>SECTION "J" (1)<br><br>JUDGE BARBIER |
| APPLIES TO: *All Cases in Pleading Bundle Section III.B(3)* | MAGISTRATE JUDGE SHUSHAN |

## MOTION FOR MISCELLANEOUS RELIEF

NOW COMES defendant, Clean Tank LLC ("Clean Tank"), through undersigned counsel, and requests to be recognized and included as a B3 Defendant for purposes of any contemplated dismissal by this Honorable Court. Clean Tank requests this remedy out of an abundance of caution. This Court's prior orders, and the language of the B3 Master Complaint, include post-April 20, chemical exposure claims such as those asserted against Clean Tank in the B3 Pleading Bundle. However, this Court's March 29, 2012, Order suggests that a dismissal of B3 Defendants may only include defendants specifically named in footnote 5 of that Order. Because Clean Tank was not named in footnote 5, it requests clarification that any B3 dismissal will apply to all B3 Defendants – including Clean Tank.

Clean Tank and various other parties were sued in the Louisiana 25th Judicial District Court, Parish of Plaquemines, on October 5, 2011. *See Toups et al v. Nalco Company et al*, 11-cv-02745-CJB-SS, Rec. Doc. 1-1. The state court complaint alleged that the defendants, including Clean Tank, were liable for damages caused by exposing boat operators and "cleanup techs" to chemicals through various activities related to the clean-up and remediation of the oil spill. *See Id.*, Rec. Doc. 1-1 p. 12-13. Co-defendant, Cameron International Corporation, removed the state court case to this Court on November

3, 2011. *See Id.*, Rec. Doc. 1. The removed case was then consolidated with the Deepwater Horizon MDL on November 10, 2011. *See Id.*, Rec. Doc. 4.

In MDL Pre-Trial Order No. 25, the Court notes that clean-up and other post-April 20 personal injury claims, such as the ones made against Clean Tank in the removed state court case, are governed by Pleading Bundle B3. PTO No. 25, p. 2 ¶ 1. The Order goes on to state that pre-existing petitions (such as the original state court complaint) are deemed to be "amended, restated, and superseded" by the Master Complaint for Pleading Bundle B3. *Id.* at ¶ 5.

The B3 Master Complaint does not expressly name Clean Tank, LLC as a defendant, however, it includes a "catch-all" category to assert claims against unnamed defendants – "Defendant Corporations A-Z." Specifically, the Complaint alleges that:

> Defendant Corporations A-Z also engaged Decontamination Plaintiffs to decontaminate vessels that had come into contact with oil and/or chemical dispersants and/or other hazardous chemicals used resulting from the Oil Spill.

*See* 10-2179, Rec. Doc. 881, p. 32 ¶ 138. This language is substantially similar to the allegations made in original state court complaint against Clean Tank. While this Honorable Court did not require the non-named B3 Defendants to answer the B3 Master Complaint, because of a prior agreement with plaintiffs' counsel, Clean Tank filed its B3 Answer on March 12, 2012. *See* Rec. Doc. 6027. Therefore, either by operation of this Court's prior orders, by the plain language of the B3 Master Complaint, or by virtue of Clean Tank's B3 Answer, Clean Tank is a B3 Defendant.

In its Motion for Leave to Amend Master Complaint, the PSC acknowledges that the dismissal it seeks will affect *all* B3 Defendants, not just the few named defendants – "The PSC believes and intends that this will have the effect of dismissing, without prejudice, the claims against such 'B3 Defendants' asserted *via* Direct File Short Forms or other pleadings by operation of Paragraph 5 of the Pre-Trial Order No. 25...." Rec. Doc. 5718 p. 2. Accordingly, the PSC admits that if the Court grants it leave to amend the B3 Master Complaint, all of the prior B3 Defendants, named or not named, will be dismissed.

In its March 29, 2012 Order (Rec. Doc. 6143), the Court stated that opposition to a dismissal with prejudice of claims asserted in the B3 Master Complaint must be filed by April 9, 2012. Footnote 5 of that Order included a short list of "Clean-Up Defendants." It is likely that the Court intended the list to be descriptive rather than exhaustive. However, because Clean Tank did not appear in that list, Clean Tank respectfully requests this Honorable Court clarify that should it grant the PSC's Motion to Amend, all B3 claims will be dismissed with prejudice, including the ones against Clean Tank.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____
Robert P. McCleskey, Jr., (9151)
Raymond T. Waid (31351)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: MCCLESKB@PHELPS.COM
　　　　WAIDR@PHELPS.COM

ATTORNEYS FOR CLEAN TANK LLC

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12 on this 2 day of ~~March,~~ April, 2012.

_____