UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Working Group Conference on Friday, March 30, 2012]**

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

1. **BOP & Capping Stack**.

    Captain Englebert reported that she completed her regular inspections of the equipment, including the Blowout Preventer and Lower Marine Riser. All of the equipment in her custody was fine. By June 1, the United States is to notify her of its position on preservation of the Capping Stack. After the Department of Justice visits the site in the next few weeks, she may submit a new request for release of evidence.

    BP reported that the fluids issue was resolved. BP and Transocean are continuing their discussions on the issue of the ownership of the Capping Stack and its components. BP reported that the data from the laser scan measurements of the Capping Stack would be sent out to the parties shortly.

2. **Halliburton Computer.**

    Captain Englebert reports that the work on the forensic examination of the Halliburton

computer is proceeding. BP reported that the forensic consultant may not be able to recover the information from the computer and if so, it may want to revisit the option of whether the files can be recreated with Halliburton's software.

3. **Woods Hole.**

On March 29, the U.S. reported that the documents sent to the Coast Guard for review before production to BP were produced by WHOI to BP. This includes all of the "deliverables" under the contract between the Coast Guard and WHOI. The only remaining issues to be resolved are the scholastic privilege raised by WHOI and the costs incurred by it. WHOI will submit a further letter brief on **Thursday, April 6**. BP may reply **on or before Wednesday, April 11.**

4. **Rule 30(b)(6) Notices for Depositions of Exxon/Mobil and Cudd Well Control.**

The depositions of Exxon/Mobil and Cudd Well Control have been stayed (Rec. doc. 6101).

5. **U.S. and BP Production of Documents.**

The Court conducted telephone discovery conferences with BP and U.S. on Tuesday and Thursday. Further conferences are set. A schedule was set for the resolution of the deliberative process privilege issue (Rec. doc. 6151).

6. **Rule 30(b)(6) Notice for Deposition of the U.S.**.

The final notice for the Rule 30(b)(6) deposition of the U.S. was served.

7. **Rule 30(b)(6) Notice for Deposition of BP**.

BP and the U.S. are conferring on BP's objections to the Rule 30(b)(6) notice for deposition of BP. Although the States are not yet participants in the process, the U.S. will not proceed on source control depositions without consulting with the States.

**8.      Potential Rule 30(b)(6) Notice for Deposition of Anadarko**.

Anadarko reported that it brought the States current on the communications between the PSC and it regarding the Rule 30(b)(6) notice. They are determining the quantification topics where Anadarko will present testimony and those where it does not have any information. The States noted that Alabama and Louisiana may have different positions regarding Anadarko.

**9.      Rule 30(b)(6) Notices for MOEX and Weatherford.**

The U.S. reported that the Rule 30(b)(6) notice for Weatherford concerns quantification. It communicated this to counsel for Weatherford. It reported that it may not be necessary to depose MOEX.

**10.     Rule 30(b)(6) Notices for Depositions of Other Non-Parties.**

BP and the U.S. agreed to conduct a survey on the remaining notices of depositions for non-parties. BP will provide a report on the survey by March 30. The Court reported that it was not necessary that BP and the U.S. determine whether source control topics could be eliminated from the notices.

**11.     Source Control**.

The States reported that there is agreement as to what Alabama and Louisiana want from source control. The States communicated with the U.S. on source control topics which can be deferred and those which they believe should not be deferred. They reported that Transocean and Halliburton wanted discovery on all of the source control topics. They raised the issue of whether they should proceed further in trying to determine what source control topics are not required if the other defendants want them all. They indicated that the scope of source control discovery would depend on the revision of the trial plan. The Court responded that the trial plan will require

proceeding with the remainder of Phase One and moving into Phase Two. The States were asked, however, to report under two scenarios: (1) the Phase One trial followed by Phase Two; and (2) a U.S. Clean Water Act penalty trial first.

Transocean reported that if the main thrust of a trial concerns the claims of the U.S., it will be necessary for it to conduct discovery on issues concerning the penalty factors of the Clean Water Act. It is concerned with the discovery as it relates to its role as a defendant in the CWA claims and the need to proceed with such discovery sooner rather than later.

Halliburton reported that the pollution claims and the allocation issues within those claims involve a component of source control. It contends that: (1) source control remains an important topic; and (2) source control remains wedded to quantification.

The Court asked Transocean and Halliburton to review the proposed Phase Two stipulations and determine whether the stipulations eliminated some of the discovery required by them. The goal will be to use the stipulations as a base and determine what discovery is required beyond the base of information found in the stipulations.

## CONFERENCE SCHEDULE

| | |
|---|---|
| Friday, April 6, 2012 is Good Friday | No meeting |
| Friday, April 13, 2012 at 9:30 a.m. | WGC meeting |
| Friday, April 20, 2012 at 9:30 a.m. | WGC meeting |
| Friday, April 27, 2012 at 9:30 a.m. | WGC meeting |
| Thursday, May 3, 2012 at 8:30 a.m. | Liaison Counsel meeting with Judge Barbier<br>WGC meeting to follow at 9:30 a.m. |
| Friday, May 11, 2012 at 9:30 a.m. | WGC meeting |
| Friday, May 18, 2012 at 9:30 a.m. | WGC meeting |

Friday, May 25, 2012 at 9:30 a.m.          WGC meeting

New Orleans, Louisiana, this 2nd day of April, 2012.

                                                **SALLY SHUSHAN**
                                                **United States Magistrate Judge**