UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | § | MDL NO. 2179 |
| "Deepwater Horizon" in the Gulf of | § | |
| Mexico, on April 20, 2010 | § | SECTION:  J |
| | § | |
| This Document Relates to: | § | Judge Barbier |
| | § | |
| Ansardi et al v. BP. PLC, et al | § | |
| (11-1129) | § | Mag. Judge Shushan |
| Kuzma Petrovich, Jr. [Only] | § | |

**************************************************************************

MEMORANDUM IN SUPPORT OF
MOTION TO RELEASE HELD FUNDS

**MAY IT PLEASE THE COURT,** Plaintiff Kuzma Petrovich, Jr., is requesting that the $42,659.82 withheld from his settlement per the 6% holdback be refunded to him or in the alternative that the 6% be calculated from the 60% award received not from the gross settlement offer which would result in a $17,063.93 refund.

FACTS

Plaintiff originally filed a claim with the Gulf Coast Claims Facility and on March 31, 2011 received an offer of $31,770.14 to resolve his claim. Plaintiff rejected this offer and hired undersigned counsel on November 3, 2011, executing a 10% contingency fee contract.

On April 20,2011, Plaintiff filed a suit against the Defendants in 25th Judicial District Court for the Parish of Plaquemine asserting claims under

1

Louisiana state law. Said suit was removed to federal court and assigned case number 11-1129.

Undersigned counsel made numerous trips to Destin, FL; Washington D.C.; and New York, NY to meet with Ken Feinberg and his accountants in order to negotiate this claim. The last meeting with Mr. Feinberg took place on February 22 and 23, 2012 in Washington DC. After months of negotiations and revisions of the formulary used by the GCCF; Plaintiff received an offer on March 7, 2012 for $710,997.00. Plaintiff executed the acceptance on March 8, 2012 and Salvadore Christina, Jr. hand delivered this acceptance to the GGCG office, located on Chef Menteur in New Orleans, LA, on the morning of March 8, 2012. (Acceptance attached hereto as Exhibit A).

On Monday, April 2, 2012, undersigned counsel received a check in the amount of $401,002.23, which represented a 60% payment of the accepted settlement. This figure was calculated by first taking the 6% holdback from the gross of $710,997.00 for a sum of $668,337.18 and then paying 60% of that sum to Plaintiff.

## ARGUMENT

Plaintiff contends that he has not received a benefit from the PSC and therefore should not be charged the 6% assessment. The PSC did not negotiate on his behalf with the GCCF to increase his claim, the PSC took no action to increase multipliers given to oysterman or change the formulary

2

that was being used, and Plaintiff did not use any of the PSC's work product in his efforts to settle his claim.

Plaintiff hired his own experts, at his own out-of-pocket expense, to have studies conducted on his leases to illustrate the damage caused by the oil spill. Still after almost two years from the date of the spill, none of Plaintiff's leases are producing harvestable sized oysters. Plaintiff's counsel travelled to different cities to meet with the GCCF in order to facilitate the settlement that was reached. Not only did these meetings benefit the Plaintiff individually but also these meetings resulted in all oysterman receiving a multiplier (between 2-7) for damage done to their leases. Kuzma Petrovich, Sr. has a claim in excess of two million dollars, which was being negotiated at the same time as that of his son's claim.

If anything, Daniel Becnel, Jr. should be given a common benefit fee from the oysterman since it was at his initiative that the formula used by the GGCF, was changed to increase their award by given oysterman a multiploer between 2-7x of their loss income from their productive lease acreage. No one on the PSC attended these meeting where the formulary was discussed other than Mr. Cossich, who attended the meeting where the new formula was presented for the first time.

Not only did undersigned counsel give a reduced contract rate of 10% to the Plaintiff, Plaintiff and his father, Kuzma Petrovich, Sr., an oysterman for over 45 years, both talked to Ken Feinberg, Mary Pat Fox and the

Case 2:10-md-02179-CJB-DPC   Document 6168-1   Filed 04/03/12   Page 4 of 5

accountants from Price Waterhouse to educate them on how the oyster business functioned and was conducted. This education of the claims administration was necessary in order for them to understand the oyster industry and all the effects the oil spill caused. It was partially through these discussions and education that the Mr. Feinberg agreed that a change in the formulary was necessary to properly compensate the oysterman.

Plaintiff contends that if he was to receive a higher amount than what was offered by the GCCF due to the settlement that was reached by the PSC then, that amount, should be charged the 6% assessment. However, since he received his first offer in November of 2011 and thereafter asked for a timely review of the initial offer, Plaintiff should not be taxed in such a manner.

In the alternative, Plaintiff argues that if this Honorable Court holds that he should have been taxed the 6% assessment, and then the amount was calculated incorrectly. The PSC should only receive 6% of what the Plaintiff received. Therefore the calculation should have been $710, 997.00 * .6 for a initial payment of $426,598.20 and then the 6% would be taken from that figure for a payment to the holdback fund of $25,595.89 instead of the $42,659.82, which was withheld.

At this point in time, neither the Plaintiff, the PSC, nor the Court knows whether or not the final offer will be acceptable to Plaintiff and whether or not he will elect to opt-out of the settlement. At most, the holdback fund should be calculated from an amount that is received by the

4

claimant not an amount that may be or could be accepted in the future. The calculation as presently done actually takes 10.6% of his current payment instead of the court-ordered 6%.

Plaintiff prays that this Honorable Court will order that he be refunded the full amount withheld for the hold-back fund or in the alternative, prays that the Court order the hold-back to be calculated from the amount actually received by the claimant and therefore issued Plaintiff a refund in the amount of $17,063.93

Date: April 3, 2012                     Respectfully submitted,

                                        /s/ Daniel E. Becnel, Jr.
                                        Daniel E. Becnel, Jr. (2926)
                                        Matthew B. Moreland (24567)
                                        Salvadore Christina, Jr. (27198)
                                        BECNEL LAW FIRM, LLC
                                        106 W. SEVENTH ST.
                                        P.O. DRAWER H
                                        RESERVE, LA 70084

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL2179, on this 3rd day of April, 2012.

                                        /s/ Daniel E. Becnel, Jr.
                                        Daniel E. Becnel, Jr.