# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE THE COMPLAINT AND | § | C.A. NO. 10-1721 |
| PETITION OF TRITON ASSET LEASING | § | |
| GmbH, TRANSOCEAN HOLDINGS LLC, | § | |
| TRANSOCEAN OFFSHORE DEEPWATER | § | |
| DRILLING INC., AND TRANSOCEAN | § | |
| DEEPWATER INC., AS OWNER, MANAGING | § | Fed. R. Civ. P. 9(h) |
| OWNERS, OWNERS PRO-HAC VICE, | § | |
| AND/OR OPERATORS OF THE MODU | § | |
| DEEPWATER HORIZON, IN A CAUSE FOR | § | |
| EXONERATION FROM OR LIMITATION | § | |
| OF LIABILITY | § | IN ADMIRALTY |

## ORDER DIRECTING CLAIMANTS TO FILE AND MAKE PROOF OF CLAIMS, DIRECTING THE ISSUANCE OF MONITION, AND RESTRAINING PROSECUTION OF CLAIMS

A Complaint and Petition having been filed herein on the ___13th___ day of May, 2010, by Petitioners Triton Asset Leasing GmbH, Transocean Holdings LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc., as Owner, Managing Owners, Owners *Pro Hac Vice*, and/or Operators, of the MODU *Deepwater Horizon*, her engines, gear, tackle, appurtenances, etc., claiming the benefit of Limitation of Liability as provided for in the Act of Congress entitled "An Act to Limit Liability of Shipowners and for Other Purposes" passed March 3, 1851, now embodied in 46 U.S.C.A. §§ 30501, *et seq.*, and the statutes supplementary thereto, and amendatory thereof, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and also contesting their liability independently of the limitation of liability claim under said Act for any loss, damage, personal injuries, death, pollution, environmental damage or destruction resulting from or arising during the voyage described in said Complaint and Petition, including, without limitation, any claims

[1]

asserted under the Oil Pollution Act, 33 U.S.C. § 2701, *et seq.* for hydrocarbons emanating from the sea floor, which commenced on January 30, 2010, in federal waters in the vicinity of Mississippi Canyon Block 727 and which terminated on or about April 22, 2010, in the vicinity of Mississippi Canyon Block 252, and said Complaint and Petition also stating the facts and circumstances on which such exoneration from and limitation of liability are claimed;

And on hearing counsel for Petitioners and on considering the Complaint and Petition, the affidavits of value and pending freight attached thereto; and the Court having found adequate factual support that the value of Petitioners' interest in the said vessel and its then pending freight at the end of the said voyage does not exceed TWENTY-SIX MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-THREE AND NO/100 DOLLARS ($26,764,083.00);

And the Court having Ordered Petitioners to file an *Ad Interim* Stipulation in the amount TWENTY-SIX MILLION, SEVEN HUNDRED SIXTY-FOUR THOUSAND AND EIGHTY-THREE AND NO/100 DOLLARS ($26,764,083.00) with Ranger Insurance Company acting as surety, and Petitioners having filed such *Ad Interim* Stipulation and the Court having approved the *Ad Interim* Stipulation executed by Petitioners as principal and Ranger Insurance Company as surety, with interest at 6% per annum from its date, and with both Petitioners and their surety subject to such increases and decreases in the amount of such *Ad Interim* Stipulation as the Court may from time to time order, undertaking to pay into the Court's registry within ten (10) days after the entry of an Order confirming the report of the commissioner, if one be appointed, to appraise the amount or value of Petitioners' interest in the MODU *Deepwater Horizon* and her then pending freight, the aggregate amount or value of such interest as thus ascertained, or to file

[2]

in this proceeding a bond or Stipulation for Value in the usual form with surety in said amount, or agreeing to permit the *Ad Interim* Stipulation to stand as a Stipulation for Value if found sufficient in amount, or if the amount thereof be not contested; and that pending payment into Court of the amount or value of Petitioners' interest in the said MODU *Deepwater Horizon* and her then pending freight, as ascertained, or the giving of a stipulation for the value thereof, the said *Ad Interim* Stipulation shall stand as security for all claims in the limitation proceeding;

Now on motion of Attorney-in-Charge for Petitioners, it is hereby,

ORDERED, that a Monition issue out of and under the seal of this Court directing that Notice be provided all persons claiming damages for any and all losses, injuries, damages and destruction of property occasioned during the voyage of the MODU *Deepwater Horizon* as alleged in the said Complaint and Petition, which commenced on January 30, 2010, in federal waters in the vicinity of Mississippi Canyon Block 727 and which terminated on or about April 22, 2010, in the vicinity of Mississippi Canyon Block 252, and citing them to file their respective claims with the Clerk of this Court and serve on or mail a copy thereof to Attorney-in-Charge for Petitioner on or before the 15th day of November, 2010, at his offices, Frank A. Piccolo, Preis & Roy, A.P.L.C., Wesleyan Tower, 24 Greenway Plaza, Suite 2050, Houston, Texas 77046, or be forever barred, subject to the rights of any person or persons claiming damages as aforesaid, who shall have presented his, their or its claim under oath to answer said Complaint and Petition and to controvert or question the same; and it is further,

ORDERED, that public Notice of such Complaint and Petition shall be given by publication thereof in the Houston Chronicle, a newspaper of general circulation published in the City of Houston, Texas, and within the Southern District of Texas, such publication in said paper

to be once in each week until the return date and for at least four successive weeks before the return date of such Notice; and it is further,

ORDERED, that no later than the date of the second publication of such Notice of Complaint and Petition, Petitioners shall mail a copy of the Notice of Complaint and Petition to every person known to have made any claim or filed any actions against the MODU *Deepwater Horizon* or Petitioners arising out of the voyage described in the Complaint and Petition herein and to any such person's attorney, if known; and it is further,

ORDERED, that the beginning or continued prosecution of any and all suits, actions or legal proceedings of any nature or description whatsoever, in any jurisdiction except in this action, against Petitioners, the MODU *Deepwater Horizon, in rem*, their agents, officers, representatives, and their underwriters or against any employee or property of the Petitioners, or any other person whatsoever for whom Petitioners may be responsible, in respect of any claim arising out of, consequent upon, or in connection with the aforesaid voyage of the MODU *Deepwater Horizon*, be, and they are hereby ENJOINED, STAYED and RESTRAINED until the hearing and termination of this proceeding; and its is further,

ORDERED, that service of this Order as a Restraining Order may be made within this District by certified mail, or in the usual manner, and in any other District by the United States Marshal for such District by delivering a certified copy of this Order to the person or persons to be restrained or to his or their respective attorneys, or in the usual manner by mailing or hand delivering a conformed copy thereof to the person or persons to be restrained or to his or their respective attorneys, and in any other country by means of overseas air mail.

[4]

DONE at Houston, Texas, this 13th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND ENTRY REQUESTED:

By: _____
FRANK A. PICCOLO
TBN: 24031227
SDBN: 30197
fpiccolo@preisroy.com
Wesleyan Tower
24 Greenway Plaza
Suite 2050
Houston, Texas 77046
(713) 355-6062 – Telephone
(713) 572-9129 – Facsimile

**ATTORNEY IN CHARGE FOR PETITIONERS
TRITON ASSET LEASING GMBH, TRANSOCEAN
HOLDINGS LLC, TRANSOCEAN OFFSHORE
DEEPWATER DRILLING INC., AND
TRANSOCEAN DEEPWATER INC.**