UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * | MDL NO. 2179<br><br>CIVIL ACTION NO. 2:10-MD-02179<br>SECTION: J |
| THIS DOCUMENT RELATES TO: | * * | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

*B3 Pleading Bundle*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFFS' OPPOSITION TO THE PROPOSED DISMISSAL *WITH* PREJUDICE OF CLAIMS AGAINST THE NALCO ENTITIES AND THE CLEAN-UP DEFENDANTS ASSERTED IN MASTER B-3 COMPLAINT

Plaintiffs Malcolm Alphonse Coco, III[1] and Steve Harris[2] file this Opposition in accordance with this Court's March 29, 2012 Order (Doc #6143), permitting any party "to oppose the dismissal with prejudice of the claims asserted in the B3 Master Complaint against the Nalco entities and or Clean-Up Defendants", by April 9, 2012. (That Order was filed in regard to the Nalco Entities renewed Motion To Dismiss (Doc #5531; January 31, 2012). These plaintiffs respectfully submit that neither the NALCO Entities nor the Clean-Up Defendants should be dismissed with prejudice.

Both these Plaintiffs have alleged that they were injured from exposure to the Correxit while these Plaintiffs were each working in the Gulf (Mr. Coco on a Vessel of Opportunity, and Mr. Harris on an oil rig) in the area where and during time when the Correxit was being used to disperse the spill.

As noted in the Order, in discussing the procedural history of this matter, on January 31,

---

[1] *Malcolm Alphonse Coco, III v BP, Nalco Company, et al.*; 11-cv-946
[2] *Steve Harris, Individually and on Behalf of Others Similarly Situated v. BP, Nalco Company, et al.*, 10-cv-2078

1

2012 defendant 'Nalco Entities' renewed their Motion To Dismiss the PSC's First Amended Complaint 'B3 Bundle'. (Doc # 5531) Not only did the PSC not oppose this Motion, but as the Order notes:

> the Plaintiffs Steering Committee ("PSC") **filed a Motion for Leave to Amend the B3 Master Complaint on February 16, 2012, which effectively sought to dismiss the claims against Nalco** and the Clean-Up Defendants *without* prejudice, and "proceed solely and directly against BP (and the other Drilling Defendants)." (Rec. Doc. 5718). The Clean-Up Defendants, Nalco, and BP each responded that the PSC's Motion should only be granted if dismissal is *with* prejudice. (Rec. Docs. 5828, 5871, 5846). Alternatively, the Defendants requested that the Court simply deny the PSC's Motion for Leave and take up Nalco's Motion and the Clean-Up Defendants' anticipated Motion (due on May 18, 2012, per Rec. Doc. 5000). The PSC has not replied. (emphasis added.) (Order, p.2)

Not only, as this Court noted, did the PSC (1) not even oppose Nalco's Motion and (2) actually agreed to dismiss these Defendants, but it never met with, much less even attempted to advise whatsoever, the non-PSC lawyers in this litigation who have hundreds, perhaps thousands, of clients with claims against Nalco and the Clean-Up Defendants.[3] Further, the PSC apparently has apparently not met with any class representatives to discuss this matter.

The claims of these Plaintiffs are substantial. Mr. Coco, for example, had been hired to work on oil a Vessel of Opportunity (and without any protective gear) and as he worked lighting oil fires "planes were flying overhead dropping dispersants which rained down on him and other workers". (See Exhibit "A", page 5, Preliminary Evaluation of Workplace Exposures of Malcolm Coco; by Dr. Patricia Williams, President, Environmental Experts, L.L.C.; April 18, 2011)

As Dr. Williams further noted:

---

[3] It is the understanding of undersigned counsel as well as of many other non-PSC attorneys in this litigation that there was a possibility of formally discussing these matters with PSC attorneys, but only for a fee, through an American Association of Justice-related function.

2

> Mr. Coco recalls experiencing headaches and nausea while working on the burn unit. In early June, he experienced severe pain in his abdomen between the chest and the stomach. He experienced an episode of pain every week in June and was dizzy during these episodes. He describes the pain as a 10 or 11 on a pain chart. During a pain episode of February 24, 2011 he had a severe pain episode and sought medical attention. He had blood in his urine. Subsequent to this episode he saw an urologist and does not have kidney stones or prostate trouble. He also has experienced memory loss. He still has nausea and headaches intermittently and pain episodes about once a week. He experiences muscle pain in both arms and his feet. He experiences tingling of the toes on his left foot.
> (Ex. A, p. 6)
>
> ...
>
> The acute symptoms experienced by Malcolm Coco while on the burn unit and the actual pictures of the crude oil fires that were lit by Mr. Coco and his team, reflect that there were completed exposure pathways for crude oil components and burn particulates to enter his body. Headaches and nausea are consistent with the known health effects of crude oil components and particulates.
> (Ex. A, p. 13)

As Nalco's Material Safety Data Sheet on Correxit 9500 notes:

> PRODUCT: CORREXIT 9500
>
> HAZARDOUS SUBSTANCES:
> Organic sulfonic acid salt – *Proprietary*
> (Sec. 2 Composition/Information on Ingredients)
>
> EMERGENCY OVERVIEW: WARNING – Combustible.
> Keep away from heat.
> Keep ways from sources of ignition.
> May evolve oxides of carbon (COx) under fire conditions.
> May evolve oxides of sulphur (SOx) under fire conditions."
> (Sec. 3: Hazards Identification)
>
> HAZARDOUS DECOMPOSITION PRODUCTS:
> Under fire conditions: Oxides of carbon, Oxides of sulphur"
> (Sec. 10: Stability and Reactivity)
> (Exhibit C; Correxit 9500 MSDS)

3

Further evidence of exposure of both Mr. Coco, as well as the many other workers in the area, to the dispersants being dropped and burned where they were working is contained in some of the many photographs Mr. Coco took while he was igniting and burning the crude oil and dispersants. (See photographs, Ex. B1 – B8). As shown in the photographs, Mr. Coco and the other workers were not provided any protective or respiratory equipment whatsoever to wear to protect them – other than hard hats and steel toed boots, in stark contrast to even the beach workers who were provided and required to wear hazardous material suits and even respirators. This was the responsibility and fault of Clean-Up defendants. The burn units such as the one Mr. Coco worked on, however, were not only at ground zero of the burning oil but had Correxit dropped on them from airplanes which they ingested not only as it fell on the boats but also after it fell on the oil and burned. Because, as noted in NALCO's MSDS for Correxit, its ingredients are proprietary, it was not known exactly what Mr. Coco ingested and inhaled. (Mr. Coco's affidavit regarding this is attached as Exhibit "D".)

There are hundreds if not thousands of plaintiffs that have had such exposure and the PSC has put their both their immediate and the long term claims and concerns at risk by not opposing Nalco's Motion and in failing both to appraise and inform their lawyers of this matter and to meet with class representatives to review this issue.

This is a prime example of the PSC's overreaching in claiming a percentage of the settlement of plaintiffs whom it does not represent such as Mr. Coco, although it has apparently done little or nothing to earn such a fee. Mr. Coco has suffered substantial and permanent disabling injuries for the Correxit.

NALCO's Motion to Dismiss includes 61 lengthy exhibits and the PSC has not seen fit to

4

contest a single statement in the almost one thousand pages.

Until Mr. Coco and the other plaintiffs are made whole it is the PSC's duty to fully pursue the claims against every defendant, including not only all the NALCO entities but the Clean-Up defendants as well, those responsible for the failure to properly protect workers such as Mr. Coco from the Correxit. By not filing any challenge to the PSC has not fulfilled this duty.

Accordingly, it is respectfully submitted that even though the PSC did not bother to oppose this Motion this Court should deny it and not dismiss any of these defendants with prejudice.

> Respectfully submitted,
> /s/ Daniel E. Becnel, Jr.
> Daniel E. Becnel, Jr. (2926)
> BECNEL LAW FIRM, LLC
> 106 W. SEVENTH ST.
> P.O. DRAWER H
> RESERVE, LA 70084
> (985) 536-1186
> Attorney for Plaintiffs in:
> 1) *Malcolm Alphonse Coco, III v BP, Nalco Company, et al.*; 11-cv-946
> 2) *Steve Harris, Individually and on Behalf of Others Similarly Situated v. BP, Nalco Company, et al.*, 10-cv-2078

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of April, 2012.

/s/ Daniel E. Becnel, Jr.

5