UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| | : | |
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | |
| APRIL 20, 2010 | : | SECTION: J |
| | : | |
| | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | JUDGE BARBIER |
| ALL CASES | : | MAG. JUDGE SHUSHAN |
| | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . .   :   . . . . . . . . . . . . . . . . . . . . . . . .

**AGREED MOTION TO CORRECT PAGE 388 OF THE MAY 9, 2011 DEPOSITION
TRANSCRIPT OF ALEXANDER JOHN GUIDE**

BP, with the agreement and consent of all parties, respectfully submits the following

Agreed Motion to Correct Page 388 of the May 9, 2011 Deposition Transcript of Alexander John

Guide. In preparation for the February 27, 2012, Phase 1 trial, counsel for BP discovered a

material transcription error on page 388 of Mr. Guide's May 9, 2011 deposition transcript.

Review of the video of the deposition irrefutably confirms that Mr. Guide's testimony was

erroneously transcribed by Mr. Joseph Kaiser, now deceased. The error is significant and has

potentially prejudicial implications.

Accordingly, BP respectfully moves this Court, with the agreement and consent of all

parties, for an Order permitting the court reporter to delete the erroneous page 388 of Mr.

Guide's transcript and replace it with the court reporter's revised and corrected certified transcription.  *See* Transcription of corrected excerpt of A. John Guide, on Wednesday, March 7, 2012, attached as Exhibit A.

The videotape of Mr. Guide's May 9, 2011 deposition makes indisputably clear that Mr. Guide never spoke the words "… Things blow up …" that appear at line 23 of page 388.   The video instead reveals that Mr. Guide simply repeated an earlier stated position that he could not speak for BP and could only testify for himself.  As the video makes clear, Mr. Guide's actual testimony was: "Same as before."  Mr. Guide's counsel also confirmed the inaccuracy of the transcript.  In context, the correct transcription should state (correction in bold):

> Q.    Can you tell me what actions you believe BP collectively took, if any, that led to the blowout?
> MS. KARIS:
>       Object to form.
> A.    You know, I -- I can really only speak for myself. You know, I don't know all the different things that BP did or didn't do.
> Q.    And can you tell me what actions you believe BP failed to take, if any, that led to the blowout?
> A.    **Same as before**. I mean, I can only speak for myself.

*See* Exhibit A at lines 5-18.

On February 26, 2012, BP sent a letter to all parties identifying the transcription error.  BP requested that each party agree to not rely on, distribute, or otherwise use the erroneous statement until a corrected version of Mr. Guide's May 9, 2011 deposition was obtained.  No party objected to this request or to replacing page 388 of the transcript with a corrected version that reflects Mr. Guide's actual testimony.

In addition to gaining the agreement of all parties in advance of trial to this important correction, BP attempted to correct this error in the official record of the deposition.  BP contacted the court reporting firm GaudetKaiser, which transcribed Mr. Guide's deposition, and requested a corrected transcript.  GaudetKaiser reviewed the video, agreed the original transcription was incorrect, and provided a certified transcription of the relevant deposition excerpt that accurately reflects Mr. Guide's actual testimony.  *See* Exhibit A.  The agency was unable, however, to correct the original transcript and eliminate the transcription error, indicating that **only** the individual court reporter who was present at and transcribed Mr. Guide's May 9, 2011 deposition can make changes to the original transcript.  Unfortunately, the court reporter who transcribed Mr. Guide's deposition is deceased.  Accordingly, BP respectfully requests that the Court issue the attached Proposed Order to facilitate correction of the transcription error, preserve the integrity and accuracy of the record, and prevent any potential prejudice.  *See* Proposed Order, attached as Exhibit B.

Dated: April 9, 2012                                  Respectfully submitted,

                                                                    By: /s/ Don K. Haycraft

                                                                    Don K. Haycraft (Bar #14361)
                                                                    R. Keith Jarrett (Bar #16984)
                                                                    LISKOW & LEWIS
                                                                    One Shell Square
                                                                    701 Poydras Street, Suite 5000
                                                                    New Orleans, Louisiana  70139-5099
                                                                    Telephone:  (504) 581-7979
                                                                    Facsimile:  (504) 556-4108

Richard C. Godfrey, P.C.
(richard.godfrey@kirkland.com)
J. Andrew Langan, P.C.
(andrew.langan@kirkland.com)
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

Robert C. "Mike" Brock
(mbrock@cov.com)
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

***Attorneys for BP Exploration & Production Inc. &
BP America Production Company***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of April, 2012.

                    /s/ Don K. Haycraft