United States District Court
For the Eastern District of Louisiana

| | |
|---|---|
| IN RE OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | CIVIL ACTION<br><br>MDL 2179 |
| Member Case: <u>August Walter v. BP America, Inc.</u><br>Civil Action No. 12-177 | SECTION "J" (2) |

### BP AMERICA INC.'S ORIGINAL ANSWER

BP America Inc. ("BPA"), in answer to Plaintiff's Original Complaint would show:

### ANSWER

1.      BPA admits plaintiff is seeking the relief described in the Preliminary Statement, and denies that plaintiff is entitled to any of the relief sought.

2.      BPA admits this Court has subject matter jurisdiction under 28 U.S.C. section 1332. BPA denies the remainder of the allegations in paragraph 1.

3.      BPA denies the allegations in paragraph 2.

4.      BPA admits plaintiff is of the full age of majority and denies plaintiff was employed by BPA. BPA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

5.      BPA admits it is not a Louisiana corporation. BPA denies the remaining allegations in paragraph 4.

6.      BPA admits plaintiff was a State Planning Lead for Mississippi, and that certain documents related to the cleanup activities were signed by the Federal On Scene Coordinator ("FOSC"). BPA denies the remaining allegations in paragraph 5 and specifically denies that Walter was terminated for any improper or pretextual reason, including any opposition by Walter

related to any cleanup effort under any STR or any refusal by Walter to misrepresent any cleanup data to the United Sates Coast Guard ("USCG").

7.      BPA admits at certain times Walter worked for BP America Production Company in the Gulf Coast Restoration Organization ("GCRO").  BPA denies the remaining allegations in paragraph 6.

8.      BPA admits that part of Walter's job was to comment upon proposed STRs.  BPA denies the remaining allegations in paragraph 7.

9.      BPA admits that within the Unified Incident Command, the USCG shares responsibility for overseeing cleanup activities.   BPA denies the remaining allegations in paragraph 8.

10.     BPA admits that, at certain times, within the GCRO, Mike Utsler, Carla Fontenot, Kiran Chidhauri, and Monique Boudreaux held the positions of Head of GCRO, Vice President Operations, Manager Performance and Planning, and Performance Analyst, respectively, and that within the Incident Command System, Mike Utsler, Carla Fontenot, Mike Harrison, Jay Carstenbrock, and Kiran Chidhauri held the positions of Incident Commander, Deputy Incident Commander, Operations Section Chief, Planning Section Chief, and Deputy Planning Section Chief, respectively. BPA denies the remaining allegations in paragraph 9.

11.     BPA admits the allegations in paragraph 10 that FOSC is the Federal On Scene Coordinator for the USCG and that Captain Hein, Commander Arvanni, and Commander Precourt have held those positions.

12.     BPA admits Walter was a GCRO State Planning Lead and GCIMT Branch Planning Section Lead.  BPA denies the remaining allegations in paragraph 11.

13.     BPA denies the allegations in paragraph 12.

14.      BPA denies the allegations in paragraph 13.

15.      BPA denies the allegations in paragraph 14.

16.      BPA denies the allegations in paragraph 15.

17.      BPA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 concerning reporting to the Mississippi NPS Division Supervisor. BPA denies the remaining allegations in paragraph 16.

18.      BPA admits Lieutenant Delyte Montoya and others went to East Ship Island off the Mississippi Coast around September 2011.  BPA lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 17 as to the persons present, and denies the remaining allegations in paragraph 17.

19.      BPA denies the allegations in paragraph 18.

20.      BPA denies the allegations in paragraph 19.

21.      BPA denies the allegations in paragraph 20.

22.      BPA denies the allegations in paragraph 21.

23.      BPA denies the allegations in paragraph 22.

24.      BPA admits Walter was one of the people engaged in writing plans for the cleanup outside of nesting season of island areas off the coast of Mississippi.  BPA denies the remaining allegations in paragraph 23.

25.      BPA admits Henley, Brown and Walter would meet to discuss cleanup activities. BPA denies the remaining allegations in paragraph 24.

26.      BPA admits Fontenot told Walter it was important that the USCG have confidence in BP and Walter's support of BP's efforts was needed.  BPA denies the remaining allegations in paragraph 25.

27.    BPA denies the allegations in paragraph 26.

28.    BPA admits Walter had a disagreement with Brown, the Response Lead, over the wording of a slide in a Deep-Dive presentation.   BPA denies the remaining allegations in paragraph 27.

29.    BPA admits the Deep Dive presentation gave an overview of status.  BPA denies the remaining allegations in paragraph 28.

30.    BPA denies the allegations in paragraph 29.

31.    BPA denies the allegations in paragraph 30.

32.    BPA denies the allegations in paragraph 31.

33.    BPA denies the allegations in paragraph 32.

34.    BPA admits that on November 8, 2011 Walter was placed on administrative leave pending investigation into specific matters, including Walter's failure to be truthful in discussions with BP Human Resources regarding the separation of a contractor from employment during the cleanup, the re-hiring of that contractor when a conflict of interest existed, and failing to treat employees and contractors with dignity and respect.  BPA denies the remaining allegations in paragraph 33.

35.    BPA denies the allegations in paragraph 34.

36.    BPA denies the allegations in paragraph 35.

37.    BPA denies the allegations in paragraph 36.

38.    BPA admits Walter makes the allegations in paragraph 37, but denies the truth of the allegations in paragraph 37.

39.    BPA denies the allegations in paragraph 38.

40.     Paragraph 39 contains allegations of law which do not require an answer.  To the extent an answer is required, BPA denies the allegations in paragraph 39.

41.     Paragraph 40 contains allegations of law which do not require an answer.  To the extent an answer is required, BPA denies the allegations in paragraph 40.

42.     Paragraph 41 contains allegations of law which do not require an answer.  To the extent an answer is required, BPA denies the allegations in paragraph 41.

43.     BPA denies the allegations in paragraph 42.

44.     BPA denies the allegations in paragraph 43.

45.     BPA denies the allegations in paragraph 44.

46.     BPA denies the allegations in paragraph 45.

47.     Paragraph 46 contains allegations of law which do not require an answer.  To the extent an answer is required, BPA denies the allegations in paragraph 46.

48.     BPA denies the allegations in paragraph 47.

49.     BPA denies plaintiff is entitled to any of the relief sought.

50.     All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

1.     The Court lacks personal jurisdiction over BP America Inc.

2.     Walter's claims are preempted by Federal law.

3.     Alternatively, Walter failed to exhaust administrative remedies.

4.     Walter's Complaint fails to state a claim against BPA upon which relief may be granted.

5.     Alternatively, Walter did not engage in protected activity under the Louisiana Environmental Whistleblower Statute.

6.    Alternatively, Walter's termination was not caused by his engaging in any protected activity under the Louisiana Environmental Whistleblower Statute.

7.    Alternatively, if Walter made a complaint, which is denied, Walter did not do so in good faith.

8.    Alternatively, Walter did not have a reasonable belief that an activity, policy, or practice of BPA or another employee with whom there was a business relationship, was in violation of an environmental law, rule, or regulation.

9.    BPA had legitimate, non-retaliatory, reasons for its employment decisions regarding Walter.

10.   Walter failed to mitigate his damages, if any.

## PRAYER

BP America Inc. prays that plaintiff take nothing, plaintiff's suit be dismissed on the merits with prejudice, BPA recover its costs, and for such other and further relief, general or special, legal or equitable, as BP America Inc. is entitled to receive.

Respectfully submitted,

*/s/ Richard A. Schwartz*
Richard A. Schwartz (SBN: 17869450; FED. ID. 5344)
Ruth Karper (SBN: 24052272; FED. ID. 986504)
SCHWARTZ, JUNELL, GREENBERG & OATHOUT, L.L.P.
909 Fannin, Suite 2700
Houston, Texas  77010
Tel:  (713) 752-0017
Fax:  (713) 752-0327

**ATTORNEYS FOR BP AMERICA INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April, 2012, I electronically filed **BP America Inc.'s Original Answer** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James L. Arruebarrena
Rachel Martin-Deckelmann
James L. Arruebarrena, LLC
1010 Common St., Ste. 3000
New Orleans, LA 70112
*Attorneys for Plaintiff*

/s/ Richard A. Schwartz
Richard A. Schwartz