**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" on the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>Section J. |
| THIS DOCUMENT RELATES: | |
| *All Cases and 2:10-CV-2771* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDER OF GREGORY L. BEACH FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE

Now into Court, "Pro Se" comes Mr. Gregory L. Beach ("the Claimant") who files this Memorandum in Support of the accompanying Motion for Acceptance of Limitations Short Form Joinder Of Gregory L. Beach Filed Beyond the September 16, 2011 Deadline. Attached to this Memorandum is Exhibit A, a copy of the Claimant's Short Form Joinder. The Claimant seeks this Honorable Court's permission to accept his post-deadline claims in the limitation proceeding for the following reasons:

1. As claimant was unaware of the Court established September 16, 2011 deadline, or Had not fully realized his damages, he did not timely file in the Transocean limitation proceeding.

2. No prejudice will result from the acceptance of the late filings. Such filings have been Filed in the Court-established filing system under the action 2:10-cv-0888-CJB-SS. No action has been Taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

3. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulfur Co. v. Blue Stack Towing Co.*, 313F.3d 359, 362 (5th Cir. 1963) ("So long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 387121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)). Here there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these post-deadline claims are deemed timely.

4. Limitation has not been determined and there is no prejudice to the limiting parties or other defendants.

For these reasons, Mr. Gregory L. Beach respectfully requests that the Court accept his post-Deadline short form and grant the accompanying Motion for Acceptance of Limitation Short Form Joinder of Gregory L. Beach Filed Beyond the September 16, 2011, Deadline.

Respectfully submitted:

*/s/ Gregory L. Beach*
Gregory L. Beach
77 Stardust Trail
Cartersville, Ga 30120
Telephone: (770) 386-0788
gbeach@dornier.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion for the Acceptance of Limitation Short Form Joinder of Mr. Gregory L. Beach Filed Beyond the September 16, 2011 deadline and Exhibit A, Mr. Gregory L. Beach's Short Form Joinder were mailed by First-Class mail to the Clerk of Court of the United States District Court for the Eastern District of Louisiana on this 5th day of April, 2012

*Gregory L. Beach* (signature)

Gregory L. Beach
77 Stardust tr
Cartersville, Ga 30120
Telephone: (770) 386-0788
gbeach@dornier.com