UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" | * | |
| in the Gulf of Mexico, | * | SECTION: J |
| on April 20, 2010 | * | |
| | * | JUDGE BARBIER |
| This Document Relates to: | * | |
| *All actions* | * | MAGISTRATE SHUSHAN |
| | * | |

PLAINTIFF UNITED STATES' RESPONSE
TO BP'S INITIAL BRIEF AND DOCUMENT IDENTIFICATION
REGARDING DELIBERATIVE PROCESS PRIVILEGE

The United States agrees with BP that factual or technical documents estimating the flow of oil during the response are "purely scientific (and non-legally privileged) debates over technical issues" that should be produced in this case.[1] *See* Doc. # 6148 at 14. Therefore, the United States is willing to produce the 100 documents identified by BP in its Attachment A and work with BP to produce the remaining, similar documents on our privilege log, resolving the issue before the Court. The United States anticipates that BP will do the same for any flow rate documents on BP's privilege log, pursuant to the challenge process to be established by the parties and the Court. This brief filing addresses three related issues.

First, as we previously stated to the Court, we are releasing the 100 documents in BP's Attachment A and will be releasing additional documents from our privilege log despite the fact that many of the documents do qualify as deliberative process. We are willing to release these

---

[1] This does not extend to analyses performed by testifying or consulting experts specifically retained or engaged by the United States (or any other party) for purposes of litigation, which are protected pursuant to the attorney work product doctrine and FED. R. CIV. P. 26(b)(4).

documents for two reasons. First, these documents will receive limited distribution because of the protections afforded by PTO 13. Second, there is no subject matter waiver for the deliberative process privilege, *see, e.g., In re Sealed Case,* 121 F.3d 729, 741 (D.C. Cir.1997) ("all-or-nothing" approach of subject matter waiver has not been applied to claims of deliberative privilege), and so the United States can assert the privilege selectively to protect only those communications for which the chilling effect of their release outweighs the benefits of open discovery. In light of the importance of this case and the desire of the Court to keep this case moving expeditiously, we will release these 100 documents. We reserve the right to rely upon the protections of this privilege where necessary or appropriate to protect the important role of full and frank communications among government employees in the process of governmental decision-making and to continue confidential treatment of the produced documents to avoid chilling future decision making.

Second, with our agreement to release the 100 documents in BP's Attachment A, there is no need for further briefing on the United States' deliberative process claims.[2] As the Court is aware, the United States completed service of its primary set of privilege logs on March 1, 2012. The United States always intended to revisit those logs to eliminate duplicate entries and release those documents that could be released upon further scrutiny. *See* March 15, 2012 S. Himmelhoch Letter to Judge Shushan. The United States is currently proceeding through a re-review of more than 10,000 Phase 2 deliberative process documents identified by BP. The United States expects to complete its re-review of the approximately 13,000 deliberative process documents by May 15. We expect that effort will result in a much smaller universe for BP to

---

[2] The United States notes that we do not necessarily agree with BP's description of the showing necessary to claim the deliberative process privilege, but believe there is no reason for the Court to resolve any legal issues at this point, since there are no documents in dispute.

2

consider, and the Parties can seek the Court's help in resolving any remaining challenges at that time.  At this point, briefing a second set of 100 documents from the privilege log simply places the burden for working through the remaining challenges on the Court rather than the Parties.

Finally, the United States agrees to produce documents with the expectation that BP will abide by the principle set forth in its brief: that the amount of oil released from the well is a "factual issue" that cannot be cloaked by privilege.  It would be unfair for BP to seek production of the United States' internal flow estimates while claiming that BP's own flow rate analyses are protected.  It would be doubly unfair to do so given the timing of the challenges – BP has had the United States' final privilege logs in hand for more than a month while not yet producing its own logs.  Thus the United States is forced to disclose its documents before a challenge to BP's log is even ripe.  BP advised the United States and the Court earlier this week that there would be 15,000 to 20,000 new entries on its log when served at the end of this month – more than doubling the entries on its logs to date.  The United States is currently reviewing those logs BP has already produced and has discovered entries that appear to cloak factual data under the attorney-client privilege or the attorney work product doctrine.  For instance, BP withheld a document titled "Operational Data" and dated May 29, 2010 – the same day that BP publically declared the Top Kill effort a failure. BP states in its current brief, "Such internal debate or discussions among United States officials about the quantity of oil arising from the spill is not reflective of a *policy*making process – it is simply a debate about what is essentially a factual determination."  Doc. # 6148 at 5.  This is equally true for BP's internal analyses and any claim of *legal* privilege.  The United States looks forward to working with the Court and BP to ensure that BP lives by the rule of its brief.

## CONCLUSION

With the United States' agreement to produce the 100 documents selected by BP and work with BP to produce the remaining, similar documents on our privilege log, we believe the issue raised by BP's brief has been resolved. The United States appreciates the Court's effort in facilitating this resolution.

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO<br>Assistant Attorney General<br>Environment & Natural Resources<br>   Division | BRIAN HAUCK<br>Deputy Assistant Attorney General<br>Civil Division |
| JAMES NICOLL<br>   Senior Counsel<br>NANCY FLICKINGER<br>   Senior Attorney<br>SARAH HIMMELHOCH<br>   Senior Litigation Counsel<br>DEANNA CHANG<br>   Trial Attorney<br><br>SCOTT CERNICH<br>   Trial Attorney<br>A. NATHANIEL CHAKERES<br>   Trial Attorney<br>JUDY HARVEY<br>   Trial Attorney<br>MATT LEOPOLD<br>   Trial Attorney | PETER F. FROST<br>Director, Torts Branch, Civil Division<br>Admiralty and Aviation<br>STEPHEN G. FLYNN<br>Assistant Director<br>MICHELLE DELEMARRE<br>Trial Attorney<br><br>SHARON SHUTLER<br>Trial Attorney<br>JESSICA SULLIVAN<br>Trial Attorney<br>JESSICA MCCLELLAN<br>Trial Attorney<br>DAVID PFEFFER<br>Trial Attorney<br>MALINDA LAWRENCE<br>Trial Attorney<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Washington, D.C. 20044-4271<br>Telephone: 202-616-4000<br>Facsimile: 202-616-4002 |

/s/ Sarah Himmelhoch
STEVEN O'ROURKE
SARAH HIMMELHOCH
Senior Attorneys
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Telephone: 202-514-2779
Facsimile: 202-514-2583
E-mail: steve.o'rourke@usdoj.gov

R. MICHAEL UNDERHILL, T.A.
Attorney in Charge, West Coast Office
Torts Branch, Civil Division
U.S. Department of Justice
7-5395 Federal Bldg., Box 36028
450 Golden Gate Avenue
San Francisco, CA 94102-3463
Telephone: 415-436-6648
Facsimile: 415-436-6632
E-mail: mike.underhill@usdoj.gov

JIM LETTEN
United States Attorney
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras Street, Ste. B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

  I hereby certify that the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of April, 2012.

                /s/ Sarah Himmelhoch
                 U.S. Department of Justice