IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 ) ) ) ) | MDL No. 2179 |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY ) ) ) ) ) | Section: J  Judge: Barbier  Magistrate: Shushan |
| This Document Relates To: 2:10-CV-02771 ) ) ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO REGULATE DIRECT COMMUNICATIONS
WITH PRIVATE PARTY, SHORT-FORM CLAIMANTS**

**MAY IT PLEASE THE COURT:**

For nearly eighteen months, Ken Feinberg and agents of the Gulf Coast Claims Facility ("GCCF") publicly stated that claimants did not need an attorney to navigate the GCCF process. Many claimants believed Mr. Feinberg, brought their evidence directly to local GCCF "facilities" and received advice and assistance from hired GCCF claims adjusters, who helped fill out the GCCF forms and analyze the sufficiency of proof provided. Concurrently, hundreds of actions were filed in courts, the consolidated MDL2179 action formed, Transocean filed its limitations action, and short form filing deadlines were entered.

Many spill victims wanted a lawyer to represent their interests in court but yet felt they did not need a lawyer for GCCF. Some lawyers agreed to provide their clients with this flexibility. This enabled the client to accept a GCCF offer if the client wished, without paying any attorney's fee, while preserving and advancing the client's litigation interests. To effectuate this form of representation, Waltzer & Wiygul sent the GCCF a letter stating that the firm did not

Page **1** of **5**

represent the client for the GCCF claim, but did represent the client's interests in federal court. [See, Exhibit 1, Waltzer & Wiygul Sample Letter to GCCF]. Over 900 GCCF claimant/short form filers entered this relationship with Waltzer & Wiygul alone. [See, Exhibit 2, Spreadsheet, Waltzer & Wiygul "Litigation Only" Client List]. Waltzer & Wiygul files this motion on behalf of its clients who are participating in this proceeding.

On March 8, 2012, this Court entered an Order recognizing the "Agreement-in-Principle" reached between the MDL 2179 Plaintiff Steering Committee and BP, to effectuate class settlement offers to proposed class members, including MDL2179 private litigants, GCCF claimants, and the like. This Court appointed Patrick Juneau as the Claims Administrator of the Court Supervised Claims Program, Lynn Greer as Transition Coordinator of the Transition Process. [First Amended Order Creating Transition Process, Document 5995, ¶1,2].

The Court ordered: "Effective immediately, the GCCF shall no longer accept, process, or pay claims submitted to it," except under a narrow set of circumstances. [*Id.,* ¶22]. The Court ordered that the "Transition Process continue processing the [GCCF] claim" and pay "non-deficient claims previously pending with the GCCF." [*Id.,* ¶12, 6, 18-21]. To transition from GCCF to the Transition Process and ultimately to the Court Supervised Claims Program, the Court ordered that GCCF claims file materials be copied to both the Transition Process and the Court Supervised Claims Program; allowing BP some file data and all original releases signed by GCCF claimants. [*Id.* ¶5, 6, 18-21]. The Court retained jurisdiction to supervise the operations of the Transition Process. [*Id.,* ¶ 21].

The Transition Process deserves recognition for its vast improvement in both the speed and result associated with recent client and attorney interactions. The purpose of this motion is

to mend non-fatal flaws, and to assure the issues raised will be taken into account in the next phase, the Court Supervised Settlement Program.

The Transition Coordinator swiftly sent several letters regarding the Transition Process and this Court's interim pay/final offer directives to GCCF claimants on GCCF letterhead.[1] More recent communications include enclosed final offer request forms and quick pay checks. [See, Exhibit 3, Sample Transition Process letters]. Recipients can sign these forms and checks to prejudicial effect. In cases where claimants were represented by counsel in the GCCF, the Transition Process properly sent at least a copy of the communications to counsel. However, in cases where the claimant had previously engaged GCCF pro se, but filed short forms in the MDL through counsel (such as Waltzer & Wiygul's 900 "litigation only" clients), the letters were sent directly to clients such as movant Louverdia Dardar. The letters were not copied to Waltzer & Wiygul, despite the Court's creation of, and continuing jurisdiction over, the transitory process.

While undersigned were extremely grateful that the Transition Coordinator moved quickly to provide critical relief to our affected communities, undersigned's attempts to rectify the *ex-parte* communications issue within the Transition Process were not successful. On March 19, 2012, undersigned sent an email specifying the concern to plaintiff coordinators Herman and Roy, who referred the matter to Lynn Greer at Brown/Greer. In a phone conversation with Brown/Greer, an attorney told undersigned that an attorney listed as counsel of record on a short form/complaint would only be copied if the client also executed a "GCCF Authorization Form", a form created by GCCF for purposes of enrolling counsel in the GCCF process.

Requiring the client to sign such a form defeats the underlying purposes of the agreement between client and undersigned counsel. Obtaining and processing the forms also will delay the

---

[1] Movant believes the continued use of GCCF letterhead, some under Ken Feinberg's signature, is potentially confusing to many persons, particularly since the Order seems to establish the Transition Process as distinct from GCCF. However, for logistical reasons, a rational remedy for this problem may not be available at present.

processing of the underlying claim, with possible prejudice to the 60% interim pay ordered by this Court.  What's more, the proposed class settlement establishing a Court Supervised Claims Program soon will be filed and released. [See, Exhibit 3, Sample Transition Process letters].  For these reasons, the relief requested herein is prospective only.

This motion seeks reasonable prophylactic measures to guard client interests and to protect the attorney-client relationship throughout the remaining Transition Process and the prospective Court Supervised Claims Program.  Undersigned counsel prays for the relief requested as part of this Court's exercise of jurisdiction over the Transition process.

First, while the rationale for continuing to process claims in a timely manner is clearly understood and appropriate, when a claimant has elected to appear in the MDL through an attorney of record, the attorney should be provided with a copy of all communications sent to the client.  As counsel understands the Court's order, the GCCF process is complete, and all further actions with respect to GCCF claims are being taken through the Transition Process, over which the Court retains jurisdiction.

In the absence of notice of actions by the Transition Process, lawyers can be left guessing as to which clients have received particular documents, including potentially communications that may have permanent effect, such as "quick pay" offers with attendant final releases.  Some clients may sign and return the document believing they are getting the document because their attorney approved it.  Some are confused by the letters.  Mrs. Dardar told undersigned she almost did sign the quick pay check.

Requiring all court appointed administrators, parties, and their counsel to copy counsel of record with communications sent to clients, or simply requiring communications be sent through counsel of record *ab initio*, ensures that lawyers have the ability to discharge their duty of

representation in regards to their clients, including rendering advice on class action litigation options such as whether to opt out of a proposed class settlement. See, FRCP Rule 5; La. Code Prof. Respon., Rule 4.2, "Communication with Person Represented by Counsel."

Second, the Transition Order specifies that GCCF file material be made available in electronic form to the Transition Coordinator, Claims Administrator, and BP in limited circumstances. Perhaps because this engagement agreement is unusual, the Amended Order did not include the pro se GCCF claimants' federal court counsel of record. Undersigned requests that the Court modify its previous order to address this situation.

WHEREFORE, plaintiff Louverdia Dardar (Short Form #60752), through undersigned counsel, moves for an Order requiring that: 1) all parties and their counsel, members of the Plaintiff Steering Committee, and members and administrators of the Court Supervised Settlement Program communicate with short form plaintiffs through their counsel of record as found on their most recent short form filed in MDL2179 or send a copy of all communications to counsel of record, regardless of whether said claimants were represented by counsel in the GCCF process; and, 2) that the Court Supervised Settlement Program provide said counsel of record an electronic means to obtain copies of all Materials provided to the Court Supervised Settlement Program.

                                                                Respectfully Submitted:

| | |
|---|---|
| _____ | /s/ Joel Waltzer_____ |
| Robert Wiygul (LA #17411) | Joel Waltzer (LA #19268) |
| 1011 Iberville Drive | Clay Garside (LA #29873) |
| Ocean Springs, MS 39564 | 3715 Westbank Expressway, Ste. 13 |
| Office: (228) 872-1125 | Harvey, LA 70058 |
| Fax:   (228) 872-1128 | Office:  (504) 340-6300 |
| robert@waltzerlaw.com | Fax:    (504) 340-6330 |
| *Counsel for Plaintiffs* | joel@waltzerlaw.com |