UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION J |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| *B3 Pleading Bundle* | * | |
| | * | MAGISTRATE SHUSHAN |

# ORDER

[Regarding the Nalco Entities' Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" (Rec. Doc. 5531) and the Plaintiffs Steering Committee's Motion for Leave to Amend Master Complaint (Rec. Doc. 5718)]

On March 29, 2012, this Court ordered that any party asserting a good faith basis to oppose the dismissal *with* prejudice of the claims in the B3 Master Complaint against the Nalco entities and/or the Clean-Up Defendants shall submit a short statement expressing its opposition by April 9, 2012. (Rec. Doc. 6143).[1] The March 29th Order was responsive to the following filings:

1. the Nalco entities' Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" (Rec. Doc. 5531), wherein Nalco re-urged its preemption argument;[2]

2. the Plaintiffs Steering Committee's ("PSC") Motion for Leave to Amend Master Complaint (Rec. Doc. 5718), wherein the PSC sought to dismiss, *without* prejudice, the claims against Nalco and the Clean-Up Defendants and "proceed solely and directly against BP (and the other Drilling Defendants)"; and

3. the Nalco entities', Clean-Up Defendants', and BP's responses to the PSC's Motion for Leave, wherein they argued the PSC's Motion for Leave should only be granted if dismissal is *with* prejudice (Rec. Docs. 5828, 5871, 5846).

---

[1] The March 29th Order was amended on April 4th, 2012, to add Clean Tank LLC to the list of "Clean-Up Defendants." (Rec. Doc. 6185).

[2] The Court previously considered this argument in the Order and Reasons as to the Motions to Dismiss the B3 Master Complaint (Rec. Docs. 4159, 4209), but concluded it could not succeed on a Rule 12 Motion, given the legal standard and the allegations in the B3 Master Complaint. However, Nalco was not prejudiced from re-asserting its argument at a later time.

The Court has since received multiple statements expressing opposition to the dismissal with prejudice of Nalco and/or the Clean-Up Defendants.[3] In light of these statements, the Court will deny the request for dismissal with prejudice contained in Item #3, above. However, the Court will also deny the PSC's Motion for Leave to Amend, Item #2.

Turning to Item #1, because Nalco's Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" presents matters outside the pleadings, the Court will treat the Motion as one for summary judgment. *See* Fed. R. Civ. Proc. 12(d). The Court will also reschedule briefing on this Motion to coincide with the present schedule for the Clean-Up Defendants' anticipated Motions. (*See* Rec. Doc. 5000). Accordingly,

**IT IS ORDERED** that, pursuant to Fed. R. Civ. Proc. 12(d), **NOTICE** be and is hereby given that Nalco's Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" (Rec. Doc. 5531) shall be treated as a Motion for Summary Judgment under Rule 56. Mover Nalco may submit any additional materials in support of its Motion by May 18, 2012. Any opposition to Nalco's Motion shall be filed by June 18, 2012. Any reply by Nalco is due by July 13, 2012. The other deadlines in Magistrate Judge Shushan's Scheduling Order (Rec. Doc. 5000) are unchanged.

**IT IS FURTHER ORDERED** that the PSC's Motion for Leave to Amend Master Complaint (Rec. Doc. 5718) is **DENIED**.

**IT IS FURTHER ORDERED** that the requests for dismissal with prejudice contained in the response briefs to the PSC's Motion for Leave to Amend Master Complaint (Rec. Docs. 5828, 5871, 5846) are **DENIED.**

---

[3] Some statements were electronically filed in the Court's Record (Rec. Docs. 6184, 6188, 6192, 6193, 6198); others were sent directly to chambers.

New Orleans, Louisiana, this 16th day of April, 2012.

_____
United States District Judge