# EXHIBIT 8E

**Addendum Regarding Interviews Of Claimants Alleging Individual Economic Loss
And Other Individuals Providing Sworn Statements In Support Of Such A Claim**

*The Parties agree to the following proposed Addendum, which applies where it is referenced in the Framework for Individual Economic Loss Claims, subject to the understanding that it is contingent on the concurrence of the selected Claims Administrator[1] that the terms, conditions and deadlines set forth in the addendum are realistic and achievable.*

If, after reviewing the Claim Form, and other information submitted by or on behalf of the claimant (collectively, the "**Claim Submission**"), the **Claims Administrator** believes there is a reasonable basis to question the credibility and reliability of information in the **Claim Submission**, the **Claims Administrator** may interview the claimant and/or any other individual providing a sworn statement in support of the claimant's claim, in order to resolve any such question regarding reliability.  Such interviews may, at the **Claims Administrator**'s option, be conducted in-person, by telephone or electronically (e.g., via Skype).

1. Deadline To Conduct Interviews.  The **Claims Administrator** shall use their best efforts to conduct any interview of a claimant, and/or any other individual providing a sworn statement in support of the claimant's claim, within 45 (forty-five) days of the **Claims Administrator's** acknowledgment of a complete **Claim Submission**, provided that such 45-day limit cannot start to run until after the announced opening of the **Class Action Settlement Facility.**[2]  At the Claimant's option, the interview period can be extended further; any such extension request by the claimant and agreed-upon extension shall be documented by the **Claims Administrator**.  If at any time the Claims Facility receives and/or has pending a number of claims within Category IV of the **Individual Compensation Framework** such that the above deadline cannot be met despite the **Claims Administrator's** good faith compliance with all of the other provisions of this Addendum , the **Claims Administrator** will promptly so advise Lead  Class Counsel and BP Counsel so that the parties can seek resolution of the issue through the Claims Administration Panel.

2. Timing And Location Of Interviews.  The **Claims Administrator** shall use their best efforts to arrange to conduct interviews at a time and location convenient to the claimant and/or other interviewee.  The claimant may provide the **Claims Administrator** with reasonable advance notice of convenient times and locations and the **Claims Administrator** shall seek in good faith to honor such scheduling and location requests.

3. Interviewing Staff.  The **Claims Administrator** shall use their best efforts to recruit and train a claims staff that is of diverse races, ethnicities, and genders matching the communities served by the Claims Facility and its offices, and who have the cultural background, training and language skills required to interview claimants or other individuals in their native languages, including but not limited to Vietnamese, Khmer, and Native American languages and cultures. To the extent claimants, or other individuals providing a sworn statement in support of claims,

---

[1] As explained in Economic and Property Damages Settlement Agreement §§ 3.3.3 and 3.3.6, the Claims Administrator is responsible for overseeing the Claims Administration Vendors who process claims.

[2] The Claims Administrator will determine the opening date of the Claims Facility.

027180

and they or their representatives request that any interview be conducted by an individual of the same ethnic background, the **Claims Administrator** shall endeavor in good faith to comply with that request.  If and to the extent the **Claims Administrator** concludes  compliance with this provision are causing significant delay in claims processing, they shall bring the issue to the attention of Lead  Class Counsel and BP Counsel so that the parties can seek resolution of the issue through the Claims Administration Panel.

4. <u>Limitations on interviews</u>.  To the extent provisions of the **Individual Compensation Framework** impose limitations on the number of interviews that may be conducted of claimants in certain categories, or individuals supporting their claims, for purposes of resolving questions of reliability, the **Claims Administrator** shall comply with such limitations.

5. The **Claims Administrator** shall maintain records documenting their compliance with the requirements of this Addendum.

6. Nothing in this paragraph or in the **Individual Compensation Framework** is intended, nor shall it be construed, to limit in any way the right and obligation of the **Claims Administrator** and/or **Claims Administrator** to investigate fully all suspicions of fraudulent conduct by or on behalf of any claimant, including but not limited to conducting any interviews and obtaining any documents the **Claims Administrator** deems necessary.