UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2012 APR 16 PM 1:53

LORETTA G. WHYTE
CLERK

EDLA
SEC J/1

12-964

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

Kevin D. Brannon, et al. v. BP America Production Company,   )
S.D. Texas, C.A. No. 4:11-04055                               )   MDL No. 2179

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to Rule 7.1, plaintiffs move to vacate our order conditionally transferring their action (*Brannon*) to MDL No. 2179. Responding BP entities[1] oppose the motion to vacate.

In their motion to vacate, the *Brannon* plaintiffs argue that the Panel should permit the Southern District of Texas court to rule on their pending motion for remand to state court. As we have often held, however, the pendency of a remand motion generally is not a good reason to delay transfer. Under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date the Panel finalizes transfer of the action to the MDL, a court wishing to rule upon that motion generally has adequate time to do so.[2]

The *Brannon* plaintiffs also argue that their action involves allegations that defendant BP America Production Company breached obligations to charter parties who agreed to allow their vessels to be used, under the so-called "Vessels of Opportunity" (VoO) program, in Deepwater Horizon oil spill clean-up operations. Plaintiffs contend that the action thus differs from the previously-centralized actions in that plaintiffs are not seeking damages caused by the Deepwater Horizon oil spill.

We do not find the *Brannon* plaintiffs' arguments persuasive. VoO-related claims already are being litigated in the centralized proceedings. Indeed, over the past year, we have transferred multiple VoO actions to the MDL. *See* Transfer Order (J.P.M.L. Feb. 3, 2012) (doc. no. 962); Transfer Order (J.P.M.L. Oct. 6, 2011 (doc. no. 819); and Transfer Order (J.P.M.L. Apr. 18, 2011) (doc. no. 555). In doing so, we have noted that other VoO actions are already pending in the MDL,

---

[*]   Judge John G. Heyburn II took no part in the decision of this matter.

[1]   BP America Production Company, BP p.l.c., BP Exploration & Production Inc., BP America Inc., and BP Products North America Inc.

[2]   Here, the *Brannon* action has been stayed pending the Panel's ruling on the motion to vacate.

___Fee_____
___Process_____
_X_Dktd_____
___CtRmDep_____
___Doc. No._____

- 2 -

and that an amended complaint has been filed in the centralized proceedings on behalf of, *inter alia*, "[b]oat captains, crew, charterers, workers, and/or volunteers involved in the [VoO] program who were not adequately compensated for their work or time in the VoO program." *See* Transfer Order at 1-2 (J.P.M.L. Oct. 6, 2011) (doc. no. 819).

After considering all argument of counsel, we find that *Brannon* involves common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the action to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, the action arises from the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig, and the oil spill resulting therefrom. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1353 (J.P.M.L. 2010).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.          Barbara S. Jones
Paul J. Barbadoro               Marjorie O. Rendell
Charles R. Breyer