IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ' ' ' ' ' | MDL NO. 2179<br><br>SECTION: J |
| This document relates to:<br>*Joshua Kritzer, et al v. Transocean, Ltd., et al*<br>(No. 2:10-cv-04427) | '<br>'<br>'<br>' | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

## Plaintiff Rhonda Burkeen's Memorandum in Support of Her Third Motion to Remand

The Court should remand this case because:

1. In the two years since her husband was killed, Burkeen's case has been stuck in a legal limbo. The Court should "unfreeze" her case so she may finally begin the process of holding BP, Cameron, Halliburton, and the other Defendants accountable;

2. Cameron improperly removed this case on the basis of OCSLA jurisdiction. Over a year-and-a-half ago, this Court noted that OCSLA does not provide removal jurisdiction for *Deepwater Horizon* cases when the plaintiff sues a forum defendant; and

3. Burkeen is asserting a Jones Act wrongful death claim. It is axiomatic that Jones Act cases cannot be removed to federal court.

### I.

### Facts

Aaron "Dale" Burkeen worked for Transocean for 10 years. He was happily married to Rhonda Burkeen and they had a son together. Dale also helped raise his daughter from a prior relationship. April 20, 2010 would have been Rhonda and Dale's eighth wedding anniversary. Tragically, he was killed in the *Deepwater Horizon* explosion that day. Rhonda and Dale's children can take some comfort knowing that Dale died a hero. After the first explosion, instead of evacuating, Dale stayed to cradle the crane so it would not pose a

danger to his fellow crew members as they rushed to the rig's life boats.  After securing the crane, he tried to escape the flames via a staircase in an attempt to escape the rig.  Unfortunately, the second blast went off.  It blew Burkeen from the staircase to the floor.

As a result of this tragedy, Rhonda filed a Jones Act wrongful death suit on behalf of herself and her and Dale's children.  She filed the case in Texas state court against BP, Cameron, Transocean, and Halliburton.  All of these defendants are Texas citizens.  Cameron removed her case to federal court on the basis of OCSLA jurisdiction.  In doing so, Cameron advanced a "novel" legal theory which this Court properly rejected 18 months ago.

Burkeen filed her first Motion to Remand in May 2010.  However, the JPML transferred her case to MDL-2179 before the federal court in Texas ruled on the motion.  In December 2010, with the case now in Louisiana, Burkeen filed her second Motion to Remand pursuant to Pretrial Order #5.  Dkt. #914.  The Court issued Pretrial Order #5 so motions like Burkeen's could "receive consideration from the Court . . . as [motions filed before a case was transferred to the MDL] do not currently appear on the Court's MDL docket."  *See* Pretrial Order #5.  However, the Court has not yet ruled on Burkeen's motion.  As a result, her case has been in legal limbo.  With the two year anniversary of her husband's death approaching, Rhonda has yet to receive a remand so that she may proceed to trial in state court in front of a jury to hold the Defendants accountable for their role in her husband's death.  The Court can allow Burkeen to start the process of holding them accountable by finally remanding her case.  Doing so will not cause any disruption in the Court's ability to manage MDL-2179.  The Phase I trial date (which was to focus on who was responsible explosion) has come and gone.  Moreover, the PSC has reached a putative class action settlement with BP on behalf of the seafood industry, fishermen, etc.

Importantly, the proposed class action settlement expressly excludes the personal injury and death victims of April 20, 2010. It is time for the family of Dale Burkeen to have their trial. As such, the Court should grant her motion.

## II.

### The Court Should Remand Burkeen's Case

**A. OCSLA does not provide a basis for removal when the underlying claim is governed by the general maritime law and the plaintiff has sued a local defendant**

Cameron removed this case on the basis of OCSLA even though Burkeen never alleged an OCSLA claim in her state court petition. Ex. A. Regardless, Cameron's removal confuses *original* jurisdiction with *removal* jurisdiction. The overwhelming majority of district courts (including this Court) have held that 43 U.S.C. § 1349 (OCSLA's grant of *original* jurisdiction) does not provide *removal* jurisdiction when: (1) the underlying claim is governed by maritime law; and (2) one of the defendants is a citizen of the state where the case was filed. *Nase v. Teco Energy*, 347 F.Supp.2d 313, 318-20 (E.D.La. 2004) ("the Court finds that removal under OCSLA is not proper when maritime law governs the plaintiff's claim and one of the defendants is from the state of the suit.") (citing 11 different cases); *See also Bulen v. Hall-Houston Oil Co.*, 953 F.Supp. 141, 144 (E.D.La 1997); *Newman v. Superior Well Services,* 1997 WL 208980 at *3 (E.D.La April 28, 1997); *Walsh v. Seagull Energy Corp.*, 836 F.Supp. 411, 417-18 (S.D.Tex 1993); *Fogleman v. Tidewater Barges, Inc.*, 747 F.Supp. 348, 354-56 (E.D.La 1990). This is because 28 U.S.C. § 1441(b) bars removal of claims governed by maritime law when a local citizen is named as a defendant (despite the fact that a district court would have original jurisdiction under OCSLA if the case had been originally filed in federal court). *Id*.

This Court has recognized this rule and applied it in the context of *Deepwater Horizon* litigation:

> It is therefore true that unless a defendant is not a citizen of the state in which the action is brought, § 1441(b) does not allow maritime claims to be removed to federal court. This is true even if the court has both OCSLA and admiralty jurisdiction . . .

*In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 747 F.Supp.2d 704, 709 (E.D.La. 2010) (Barbier, J.).[1] The only other *Deepwater Horizon* case which has decided this issue also found that OCSLA does not provide a basis for removal of *Deepwater Horizon* cases when the plaintiff sues a local defendant. *St. Joe Co. v. Transocean Offshore Deepwater Drilling Inc.*, 774 F.Supp.2d 596, 608-12 (D. Del. 2011).

Since Burkeen's claims are governed by maritime law and since BP, Cameron, and Halliburton are Texas citizens, the Court should remand this case.

*(1) This case is governed by the general maritime law*

There should be no legitimate dispute that maritime law applies to this case. In fact, this Court has already ruled that maritime law applies to the *Deepwater Horizon* litigation. *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 808 F.Supp.2d 943, 951 (E.D.La. 2010) (Barbier, J.) ("This case falls within the Court's admiralty jurisdiction. With admiralty jurisdiction comes the 'application of substantive admiralty law.'"). Halliburton agrees. For instance, in one filing with the Court, Halliburton asserted that "all claims arising out of the *Deepwater Horizon* incident arise under admiralty tort jurisdiction and are therefore governed by maritime law." Dkt. # 2298 at pg. 1. BP also agrees. In its Third-Party Complaint against Cameron, BP affirmatively invoked maritime

---

[1] The Court denied the motion to remand, but only because the plaintiff did not sue a local defendant. *Id*. In contrast, several defendants in *this* case are Texas citizens. Ex. A at ¶¶ 17-26; 28 U.S.C. § 1332(c)(1).

law.  Dkt. #2065 at ¶ 11 ("This Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1333 . . ."); *See also* ¶ 68 ("Cameron's design for the *Deepwater Horizon* BOP was unreasonably dangerous under maritime law."); *See also Strong v. B.P. Exploration & Production, Inc.*, 440 F.3d 665, 669 (5th Cir. 2006) (BP successfully argues that maritime law governs tort claim involving a vessel attached to the seabed "and not 'under sail'."). Still, in the event that Cameron persists in denying that maritime law applies to this case (despite the Court's prior orders), Burkeen will briefly address why maritime law governs.

"[W]here OCSLA and general maritime law both could apply, the case is to be governed by maritime law." *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 154 (5th Cir. 1996).  A court has admiralty/maritime jurisdiction over a tort when: (1) "the tort occurred on navigable water"; (2) the incident has "a potentially disruptive impact on maritime commerce"; and (3) the general character of the incident bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995).  Moreover, "**[t]he law is clear that when a tort occurs on navigable water on the OCS, as opposed to, for example, a stationary platform, . . . maritime law applies to the ensuing tort action by that worker against third parties**." *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009) (en banc) (emphasis added); *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 1119 (5th Cir. 1995) (en banc) (holding that injury to worker aboard a jack up drilling rig on navigable waters was governed by maritime law); *Parks v. Dowell Division of Dow Chemical Corp.*, 712 F.2d 154, 157 (5th Cir. 1983) (holding that injured worker's claim was governed by maritime law in a substantially similar case).  It cannot seriously be disputed that this "tort occurred on

navigable water on the Outer Continental Shelf." As such, the *Grand Isle Shipyard* test is met. Further, it is clear that all three elements of the *Grubart* test are satisfied:

### (i) the tort occurred on navigable water

Burkeen worked (and was killed) aboard a vessel located on navigable waters. Ex. A at ¶¶ 27-28; *See also In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 808 F.Supp.2d at 950 ("At all material times, the [*Deepwater Horizon*] vessel was afloat upon the navigable waters of the Gulf of Mexico."). Accordingly, the first *Grubart* element is satisfied.

### (ii) the tort had a potentially disruptive impact on maritime commerce

An offshore explosion obviously has the potential to cause a disruption in maritime commerce. *See* Ex. A at ¶ 27. In fact, this Court correctly noted that that "there is no question that the explosion and resulting spill caused a disruption of maritime commerce, which exceeds the 'potentially disruptive' threshold established in *Grubart*." *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 808 F.Supp.2d at 951. Therefore, the second *Grubart* element is met as well.

### (iii) the tort bears a substantial relationship to traditional maritime activity

The *Deepwater Horizon* performed the traditional maritime activity of "discovery, recovery, and sale of oil and material gas from the sea bottom." *Parks*, 712 F.2d at 157; *See also Strong*, 440 F.3d at 669-70 (maritime law applies to drilling operations on the Outer Continental Shelf). This Court has already recognized this as well. *In re Oil Spill by Oil Rig Deepwater Horizon in Gulf of Mexico, on April 20, 2010*, 808 F.Supp.2d at 951 ("the operations of the DEEPWATER HORIZON bore a substantial relationship to traditional maritime activity."). Additionally, Burkeen's death was partially caused by the negligent

6

evacuation of the vessel – another classic maritime activity. *See* Ex. A at ¶ 32(g). As a result, the third *Grubart* element is satisfied. Consequently, this case is governed by the general maritime law.[2]

    *(2) Several defendants are local citizens of Texas*

BP, Cameron, and Halliburton all have their principal places of business in Texas and are, therefore, Texas citizens. Ex. A at ¶¶ 17-26; *See also* 28 U.S.C. § 1332(c)(1). As such, they are forum defendants and removal was improper. Therefore, the Court should remand this case because OCSLA does not provide a basis for removal when: (1) the underlying claim is governed by maritime law; and (2) the plaintiff sued a forum defendant.[3]

**B.    Even if OCSLA did somehow provide removal jurisdiction, Burkeen's case was still improperly removed because the Jones Act bars removal of claims that would otherwise be removable under ordinary circumstances**

"It is axiomatic that Jones Act suits may not be removed from state court." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). This is true even when the Jones Act claim is joined with an OCSLA claim. *Lockhart v. Applied Coating Services, Inc.*, 2005 WL 1574208 at *5 (E.D.La. June 24, 2005) (remanding case where the plaintiff alleged he was a Jones Act seaman and alternatively pleaded that OCSLA applied); *McInnis v. Parker Drilling Co.*, 2002 WL 461660 at *4 (E.D.La. March 21, 2001) ("Thus, assuming that plaintiff's petition states a claim under both the Jones Act and under OCSLA, the two are not separate and independent and, therefore, the case cannot be removed under § 1441(c).");

---

[2] It is well settled that cases governed by maritime law do not "arise under" federal law for purposes of 28 U.S.C. §§ 1331, 1441. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468 (1959); *Nase v. Teco Energy*, 347 F.Supp.2d 313, 319 (E.D.La. 2004).

[3] To the extent that Defendants claim that the claims of the other plaintiffs included in the state court petition (who are no longer parties) must be analyzed as well, the exact same analysis applies. With the exception of Jacquelyn Duncan, all of the other plaintiffs were injured on the same vessel as Burkeen. Ex. A. Duncan was not even on the OCS. *Id.* As a result, OCSLA cannot give rise to removal jurisdiction for their claims either.

*Rybolt v. Laborde Marine Lift*, 2001 WL 263119 at *2 (E.D.La. March 14, 2001) (remanding case brought by seaman against OCSLA defendant and a Jones Act employer because "Plaintiff chose to bring his Jones Act claims in state court and his related claims [against the OCSLA defendant] are not removable under § 1441(c).").

Here, Burkeen's claim is brought pursuant to the Jones Act. Ex. A at ¶ 1 ("This claim is maintained under the Jones Act."); *See also id.* at ¶¶ 2, 3 (invoking Texas' Jones Act venue statute), 27 (alleging that Burkeen was seaman, borrowed or otherwise, employed by Transocean and BP), and 33.[4]  Consequently, removal was improper and the Court should remand this case.

### III.

### Conclusion

The Court should remand Burkeen's case so she may finally start prosecuting her case against the companies responsible for her husband's death.

---

[4] With the exception of Duncan, all of the other plaintiffs in the state court petition also alleged that they are Jones Act seamen. Ex. A.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory D. Itkin*

_____
Kurt B. Arnold, Texas Bar No. 24036150
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
Michael E. Pierce, Texas Bar No. 24039117
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
pskrabanek@arnolditkin.com
mpierce@arnolditkin.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on April 19, 2012.

*/s/ Cory D. Itkin*

_____
Cory D. Itkin