UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf Of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179  Section J |
| This document relates to all actions | * * * | Honorable Carl J. Barbier  Magistrate Judge Shushan |

**MOTION FOR LEAVE OF COURT TO FILE RESPONSE OF AMICUS CURIAE AMERICAN SHRIMP PROCESSORS ASSOCIATION TO THE PLAINTIFFS' STEERING COMMITTEE'S AND BP DEFENDANTS' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The American Shrimp Processors Association (hereinafter "ASPA") respectfully moves this Court for leave to file the attached "Response of Amicus Curiae American Shrimp Processors Association to the Plaintiffs' Steering Committee's and BP Defendants' Joint Motion for Preliminary Approval of Class Action Settlement." ASPA is a nonprofit association of U.S. domestic shrimp docks, processors, packaging suppliers, and dealers/brokers accounting for 87% of sales and production of wild caught domestic Gulf of Mexico shrimp. Since 1964 ASPA has been dedicated exclusively to the promotion and preservation of the U.S. domestic shrimp industry. ASPA members are located throughout the Gulf South from Texas across to Florida, with the majority of its members clustered in Louisiana, Mississippi and Alabama.

ASPA members suffered significant economic injuries from the Deepwater Horizon oil spill, and therefore ASPA has a direct economic interest and stake in the outcome of the proposed *Deepwater Horizon* Economic and Property Damages Settlement Agreement and Joint

Motion for Preliminary Approval of Class Action Settlement.[1] *See Neonatology Assocs. v. Commissioner of Internal Revenue*, 293 F.3d 128, 131-33 (3d Cir. 2002) (Alito, J.) (discussing factors relevant to acceptance of amicus briefs, including relevance, desirability and interest). Amicus will provide important assistance to the Court and the parties due to its unique perspective and expertise in the domestic shrimp industry.

ASPA requests leave to file the attached Memorandum because the proposed Class Settlement provides discriminatory and less favorable treatment to certain members of the domestic shrimp industry, such as shrimp docks and processors, as that afforded to other similarly situated segments of the shrimp industry, such as shrimp harvesters and boat captains. First, the Seafood Compensation Program[2] provides more favorable treatment to shrimp vessel owners, lessees, crew and boat captains. For example, the Risk Transfer Premium (RTP) applied to the limited shrimp class members inside the Seafood Program is more than two times the RTP applicable to the claims of similarly situated shrimp class members outside the Seafood Program. The two groups are part of the same shrimp supply chain and share virtually identical future economic loss risk; however, their compensation for future economic loss risks is widely disparate for a number of reasons under the proposed Class Settlement.

Second, the Business Compensation Framework in the proposed Class Settlement[3] applies an inappropriate income statement revenue methodology that woefully undervalues the true losses of certain segments of the shrimp class. The income statement approach ignores the reality of the post-spill business climate when most dockside shrimp businesses were generating sales and profit from pre-spill inventory. The proposed income statement methodology utilizes post-spill May through December 2010 income statements as the basis for compensation. The

---

[1] Rec. Doc. 6266
[2] Rec. Doc. 6276.22
[3] Rec. Doc. 6276.10

vast majority of shrimp class members did not recognize true losses on the books until 2011 and beyond, when they could not replace pre-spill lower priced inventory. The end result of the proposed formula is that ASPA members will not be adequately compensated for the future risk recognized by the Seafood Program.

For all of the above and foregoing reasons, Amicus Curiae the American Shrimp Processors Association respectfully requests leave of Court to file the attached "Response of Amicus Curiae the American Shrimp Processors Association to the Plaintiffs' Steering Committee's and BP Defendants' Joint Motion for Preliminary Approval of Class Action Settlement" and the opportunity to address these issues with the Court and the Parties at the Preliminary Approval hearing.

Respectfully submitted,

/s/ Edward T. Hayes
**EDWARD T. HAYES (25700)**
**W. PAUL ANDERSSON (2474)**
**JERRY L. SAPORITO (11717)**
Leake & Andersson, LLP
1100 Poydras Street, Suite 1700
New Orleans, LA 70163
Telephone: 504-585-7500
Email:ehayes@leakeandersson.com

*Counsel to Amicus Curiae American Shrimp Processors Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of April, 2012 the above and foregoing pleading has been served on All Counsel by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

                                          /s/ Edward T. Hayes
                                          **Edward T. Hayes**