**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

April 20, 2012

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
Room B345
500 Poydras St.
New Orleans, Louisiana 70130

Re:   MDL 2179 — Quantification Topics in Draft Rule 30(b)(6) Notices to Third Parties

Dear Judge Shushan:

This letter responds to the Court's recent inquiry as to whether the parties might discuss which topics in third-party Rule 30(b)(6) notices relate to Quantification issues, and which relate to Source Control. It responds in particular to the Court's interest in BP's and other parties' views on this subject in the event that Source Control topics are ultimately to be "de-prioritized" in a new trial plan.

BP understands that the Court has recognized many times that the role of Source Control issues in Phase 2 will remain uncertain until Judge Barbier establishes such a new plan.

Nonetheless, to jump start a discussion, we attach drafts of the various third-party Rule 30(b)(6) notices, marked to indicate which topics, in BP's view, are appropriately considered Phase 2 Quantification topics. Where we have determined that existing topics are unnecessarily broad or fail clearly to articulate a specific topic or subtopic that, we believe, is appropriate for testimony, we have included amended language for the parties' consideration. We anticipate other parties may likewise wish to propose clarifying or more focused language for discussion.

We would emphasize that we do not mean to presume by this exercise that Source Control discovery will or should be eliminated in its entirety. Indeed, we assume that there will eventually be a further opportunity or requirement for Source Control discovery in some Phase of the litigation. To the extent that further Rule 30(b)(6) depositions of these third parties are necessary to conduct discovery into Source Control topics, BP also believes that the parties and

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 20, 2012
Page 2

the Court should recognize and consider now that further depositions of these entities in future phases may require court approval under Rule 30(a)(2)(A)(ii).

Nonetheless, an approach that de-prioritizes Source Control topics generally aligns with position of the United States as stated by Steve O'Rourke during a March 16 Working Group Conference:

> So we agree that the source control track should be canceled, except for to the extent of this bleed-over from the Quantification track or as necessary to authenticate documents. There is some relevance to our penalty claim. One of the penalty factors in the statute is the success or failure of efforts to mitigate the discharge. So we have the right to put on that evidence; we just don't think we need a huge discovery track on that.
>
> (Working Group Conf. Hr'g Tr. 17:21-25, 18:1-3 (Mar. 16, 2012).)

Against this backdrop, and as a departure point for further discussion, please see the attached mark-ups of third-party Rule 30(b)(6) notices. Topics BP believes are intended to relate to Phase 2 Quantification discovery are highlighted in yellow; topics that BP currently believes would be affirmatively valuable are highlighted in green. Again, by this exercise, BP merely intends to initiate discussions that the Court has encouraged — a set of discussions that assumes that Quantification discovery *may* precede Source Control discovery in timing, subject to a final determination by Judge Barbier.

With these understandings, we set out below specific thoughts on the scope of testimony as it relates to specific third parties.

**Add Energy:** BP anticipates that the United States will assert that both topics are needed as part of the discovery leading up to a Quantification-only trial phase. As indicated in the attached draft, BP believes that the second topic should be edited to parallel the first topic by expressly excluding work performed by Morten Haug Emilsen or Add Energy as part of the BP Incident Investigation Team or as an expert witness for BP. This edit is consistent with the parties' prior agreement as to the scope of this notice.

**Cudd Well Control:** Only one topic in this notice relates to Quantification issues. BP does not believe this deposition is necessary to a Quantification trial phase.

**DNV:** All but three of the topics in this notice are relevant to Quantification. Certain topics should be amended (1-3 and 6-10, as indicated on the attached draft) to clarify their scope.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 20, 2012
Page 3


**Exxon Mobil:**  While some of the topics in this notice relate to Quantification, certain language in these topics is overly broad or unduly burdensome, as we have noted with respect to similar language in our meet and confer discussions with the United States.

**MOEX:**  BP does not believe this deposition is necessary to a Quantification trial phase.

**Oceaneering:**  BP believes that only Topics 3, 6, 7, and 12 are necessary to a Quantification trial phase.  To better focus these topics, BP would make clear that it is interested in all information, data, observations, and measurements pertaining to, or resulting from, the deployment of ROVs on and after April 20, 2010, and in particular, ROV deployment for the purpose of obtaining and communicating pressure, temperature, video footage, and acoustic data, including but not limited to the settings for the relevant ROVs.

**Schlumberger:**  BP believes that some version of topics 4, 5, 7, and 9 are the ones clearly necessary to a Quantification trial phase.  In addition, however, Topics 5 and 7 are somewhat overly broad and unclear, and thus should be clarified and focused consistent with recent meet-and-confer efforts on parallel topics the US wishes to include in the 30(b)(6) notice to BP.  BP also believes that Topic 7 could be focused further, as Schlumberger is likely only to have knowledge of reservoir pressure measurements.

**Stress Engineering:**  BP believes that Stress Engineering's relevance to Quantification issues is limited to Topic 15, and only this topic would be necessary to a Quantification trial phase.

\* \* \* \*

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 20, 2012
Page 4

      BP appreciates this opportunity to share these thoughts with the parties and Court and looks forward to discussing them at an upcoming Working Group Conference.

                       Sincerely,

                       Robert R. Gasaway

Attachments

cc (via electronic mail):

Michael O'Keefe
Sarah D. Himmelhoch
A. Nathaniel Chakeres
R. Michael Underhill
Steven O'Rourke
Robin L. Hanger
Joel M. Gross
Allison B. Rumsey
Don K. Haycraft
Plaintiffs' Liaison Counsel
Defense Liaison Counsel