UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In Re: Oil Spill by the Oil Rig** | * | **MDL NO. 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION J** |
| | * | |
| | * | **JUDGE BARBIER** |
| **THIS DOCUMENT RELATES TO:** | * | |
| *ALL CASES* | * | **MAG. JUDGE SHUSHAN** |

**************************************************************************

**AGREED 30(b)(6) DEPOSITION NOTICE OF ADD ENERGY
GROUP (WITH 30(b)(2) DOCUMENT REQUESTS)**

By agreement of Plaintiffs' Liaison Counsel, Defense Liaison Counsel, Coordinating Counsel for the States, Coordinating Counsel for the U.S., and Counsel for Add Energy Group ("Add Energy"), Add Energy shall—pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Pre-Trial Order No. 17 (as supplemented and amended by Pre-Trial Order 27)—designate and produce one or more officers, managers, agents, employees, or other representatives of Add Energy to discuss the Areas of Inquiry identified below. The times and locations of the depositions will be scheduled in conjunction with the designees' fact depositions in their individual capacities, or otherwise as may be scheduled with Judge Shushan and the parties.

**Definitions and Instructions**

1. "Document" shall mean any printed, type-written or handwritten matter of whatever character, including, without limitation, the original and each non-identical copy of each and any writing, memorandum, letter, e-mail, correspondence, telegram, note, minutes, contract, agreement, interoffice and intraoffice communications, procedure, pamphlet, diary, record or note of telephone conversation, chart, schedule,

entry, print, representation, record, report, photograph and any tangible item or thing of written, readable, graphic, audible, or visual material.

2. In those instances where requested documents are stored only on software or other data compilations, the responding party should either produce the raw data along with all codes, programs and metadata for translating it into usable form or produce the information in a finished usable form, which would include all necessary glossaries, keys and indices for interpretation of the material.

3. "Communication" shall mean and include any transmission or exchange of any information, whether orally or in writing, including, without limitation, any conversation or discussion by means of letter, note, memorandum, inter-office correspondence, telephone, electronic mail, telegraph, telex, telecopies, cable communicating data processors, or some other electronic or other medium.

4. "BP" means, without limitation, BP Exploration and Production, Inc., BP America, Inc., BP America Production Company, and BP, P.L.C., including their predecessors, successors, subsidiaries, departments, divisions, attorneys, accountants, and current and former directors, officers, employees, agents, representatives and persons acting on their behalf.

### Areas of Inquiry

1. All work performed by Add Energy or its employees relating to the Macondo well after the *Deepwater Horizon Incident* for the areas described in subparagraphs 1.a. through 1.e., below, including without limitation, Ole Rygg, but expressly excluding the work performed by Morten Haug Emilsen or Add Energy either as part of the BP Incident Investigation Team or as an expert witness for BP:

    a. Efforts to contain the discharge from the Macondo well;
    b. Efforts to model, predict, simulate, or estimate pressures inside the Macondo well, either before or after shut-in;

    c. Efforts to model, predict, simulate, or estimate inflow performance relationship and/or outflow performance curves for the Macondo well;
    d. Efforts to model, predict, simulate, or estimate a productivity index for the Macondo well; and
    e. Efforts to model, predict, simulate, or estimate the quantity of hydrocarbons discharged from the Macondo well.

2. All communications between Add Energy and BP or BP's contractors relating to the work described in Area of Inquiry #1, expressly excluding the work performed by Morten Haug Emilsen or Add Energy either as part of the BP Incident Investigation Team or as an expert witness for BP.

## Document Requests

Add Energy is further requested, in accordance with Rule 30(b)(2) of the Federal Rules of Civil Procedure, as well as Rule 26, Rule 34, and Pre-Trial Orders Nos. 16, 17 and 27, to produce, or identify by specific Bates Number(s) (if already produced), the following documents, at least ten (10) days prior to the time of the relevant designee's deposition:

### First Set of Requests

All files and documents, including computer models and/or simulations, relating to a-f, below, except that this First Set of Requests shall not include any files, documents, computer models, and/or simulations relating to the work performed by Morten Haug Emilsen or Add Energy either as part of the BP Incident Investigation Team or as an expert witness for BP:
    a. flow out of the Macondo well;
    b. the pressure of the Macondo reservoir;
    c. the pressure at the Macondo wellhead;
    d. depletion of the Macondo reservoir;
    e. actual or potential damage to the Macondo reservoir and/or wellbore; and
    f. the potential, expected, or anticipated shut-in pressure of the Macondo well.

### Second Set of Requests

For each Area of Inquiry identified above, please produce all documents provided to, reviewed with, utilized by, and/or relied upon by the deponent to prepare for his or her deposition testimony.

### Third Set of Requests

For each Area of Inquiry identified above, please produce all documents which relate, pertain, evidence and/or reflect the issues, topics and/or events described therein or associated therewith.

**Fourth Set of Requests**

Please produce copies and supporting materials relating to any speeches, remarks, articles, or presentations by any employee of Add Energy relating to the work performed in Area of Inquiry #1.

This ____ day of _____, 2012.

Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | TONY WEST |
| Assistant Attorney General | Assistant Attorney General |
| Environment & Natural Resources Division | Civil Division |
| | |
| JAMES NICOLL | PETER F. FROST |
| Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Aviation & Admiralty Litigation |
| Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
| Senior Litigation Counsel | MICHELLE T. DELEMARRE |
| DEANNA CHANG | SHARON K. SHUTLER |
| SCOTT CERNICH | JILL DAHLMANN ROSA |
| A. NATHANIEL CHAKERES | JESSICA SULLIVAN |
| JUDY HARVEY | JESSICA L. MCCLELLAN |
| MATT LEOPOLD | MALINDA LAWRENCE |
| JEFFREY PRIETO | DAVID J. PFEFFER |
| GORDON SPEIGHTS YOUNG | Trial Attorneys |
| ABIGAIL ANDRE | U.S. Department of Justice |
| Trial Attorneys | Torts Branch, Civil Division |
| | PO Box 14271 |
| | Washington, DC 20044 |
| | (202) 616-4100 |
| | (202) 616-4002 fax |
| | |
| STEVEN O'ROURKE | R. MICHAEL UNDERHILL, T.A. |
| Senior Attorney | Attorney in Charge, West Coast Office |
| Sarah D. Himmelhoch | Torts Branch, Civil Division |
| Senior Litigation Counsel | 7-5395 Federal Bldg., Box 36028 |
| U.S. Department of Justice | 450 Golden Gate Ave. |
| Environmental Enforcement Section | San Francisco, CA 94102-3463 |
| PO Box 7611 | (415) 436-6648 |
| Washington, DC 20044 | (415) 436-6632 fax |
| (202) 514-2779 | mike.underhill@usdoj.gov |
| steve.o'rourke@usdoj.gov | |

**CERTIFICATE OF SERVICE**

      WE HEREBY CERTIFY that the above and foregoing 30(b)(6) Notice will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

_____
Sarah Himmelhoch