

41691211

Jan 4 2012
4:29PM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO on APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J |
| | * * | |
| THIS DOCUMENT RELATES TO ALL CASES | * * * | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**DEFENDANTS ANADARKO PETROLEUM CORPORATION
AND ANADARKO E & P COMPANY, LP
NOTICE OF SERVICE OF NON-PARTY SUBPOENA**

PLEASE TAKE NOTICE of service of the attached subpoena directed to Cudd Well Control, a division of Cudd Pressure Control, Inc. which includes the production of documents relating to certain documents relating to the Deepwater Horizon incident of April 20, 2010. These materials have been requested to be produced at a deposition at the law offices of Kuchler Polk Schell Weiner & Richeson, LLC in Houston, Texas.

Dated: January 4, 2012

Respectfully submitted,

BINGHAM McCUTCHEN, LLP

/s/ *Ky E. Kirby*

Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com

Warren Anthony Fitch
tony.fitch@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA 70112
Tel: (504) 592-0691
Fax: (504) 592-0696

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, pursuant to Pre-trial Order No. 12, I have caused the foregoing to be served on all counsel via the Lexis Nexis File & Serve system, on January 4, 2012.

/s/ *Ky E. Kirby*

Ky E. Kirby

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" <br> *Plaintiff* <br> v. <br> This document relates: to All Cases. <br> *Defendant* | Civil Action No. MDL No. 2179 <br><br> (If the action is pending in another district, state where:) <br> Eastern District of Louisiana |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: Cudd Well Control, a division of Cudd Pressure Control, Inc., 16770 Imperial Valley Dr Ste 100, Houston, TX 77060, by serving its registered agent, Prentice Hall Corporation, 701 Brazos St., Suite 1050, Austin, TX 78701.

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

The subject matters for testimony by representative(s) of Cudd Well Control are listed in the attached Notice of Deposition.

| Place: Kuchler Polk Schell Weiner & Richeson LLC <br> 1715 Northpark Drive, Suite A <br> Kingwood (Houston) Texas, 77339-1618 | Date and Time: <br><br> 03/12/2012 08:30 |
|---|---|

The deposition will be recorded by this method: Stenographic, Audio and Videographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The documents requested to be produced by Cudd Well Control at this deposition are listed in the attached Notice of Deposition.

---

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/04/2012

CLERK OF COURT

OR _____

_____
Signature of Clerk or Deputy Clerk

Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Anadarko Petroleum Corporation and Anadarko E&P Company, L.P. , who issues or requests this subpoena, are:
David H. Hardwicke, Southern District ID 2039, TX Bar No. 08983900, 1715 Northpark Dr., Suite A, Kingwood, TX 77339-1618; Tel. 281-713-8903; E-mail: dhardwicke@kuchlerpolk.com



AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. MDL No. 2179

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ___60.00___ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____    _____
                          *Server's signature*

                         _____
                          *Printed name and title*

                         _____
                          *Server's address*

Additional information regarding attempted service, etc:

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" JUDGE BARBIER |
| This Document Relates to: All Cases. | * * * * | MAGISTRATE NO. 1 MAGISTRATE SHUSHAN |

* * * * * * * * * * * *

**NOTICE OF VIDEO DEPOSITION PURSUANT TO**
**THE FEDERAL RULES OF CIVIL PROCEDURE**

**PLEASE TAKE NOTICE** that the deposition of Cudd Well Control ("Cudd Well Control"), a division of Cudd Pressure Control, Inc., will be taken under oath and pursuant to the Federal Rules of Civil Procedure including Fed. R. Civ. P. 30(b)(6) and Pre-Trial Orders 17 and 27 on March12, 2012, or such other date as may be agreed to by the parties, commencing at 8:30 a.m. Central Standard Time, and continuing if necessary on March 13, 2012, commencing at 8:30 a.m. Central Standard Time, in the offices of Kuchler Polk Schell Weiner & Richeson, L.L.C., 1715 Northpark Drive, Suite A, Kingwood (Houston), Texas 77345 or at such other location as may be agreed to by the parties, before a notary public or other person authorized to administer oaths.  The deposition will be recorded by audio, stenographic, and videographic means.

Cudd Well Control shall testify regarding the following deposition topics and produce the following requested documents in accordance with the following Definitions and Instructions:

**DEFINITIONS & INSTRUCTIONS**

As used in the list of topics contained in this notice, the following terms are defined as set

NOD – CUDD WELL CONTROL
MDL 2179

1

forth below:

1. "Source Control Efforts" shall mean efforts to control or contain the flow of hydrocarbons and other fluids from the MC252 Well at the wellhead undertaken between April 20, 2010 and September 19, 2010, such as relief well operations, cofferdam containment domes, Riser Insertion Tube Tool, "Top Kill," "Top Hat" containment system, subsea manifold containment system, three-ram capping stack system, "Static Kill" operations, and "Bottom Kill" operations, and "Source Control Effort" refers to any specific one of those Source Control Efforts.

2. "Unified Command" means all personnel and functions of the "Unified Area Command" and the "Incident Command Post" at Houston, Texas, as the terms "Unified Area Command" and "Incident Command Post" are used in the report to the National Response Team entitled, "On Scene Coordinator Report -- Deepwater Horizon Oil Spill" and dated September 2011 (the "OSC Report").

3. "Top Kill" means the operation attempted in May 2010 by which drilling fluid was pumped into the Deepwater Horizon blow-out preventer at a high rate of speed in an attempt to overcome the flow of hydrocarbons.

4. "Static Kill" means the operation by which drilling fluid was pumped into the Deepwater Horizon blow-out preventer after the well had been closed in.

5. "Document" means, without limitation, the original and all non-identical copies of all writings, including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing whether handwritten, typed, printed or otherwise produced in any format including, but not limited to, paper or electronically stored information, in your possession, custody or control, or in the possession, custody or control of your predecessors, successors,

officers, directors, shareholders, employees, agents, representatives and attorneys. This definition also includes non-printed matter such as voice records and reproductions, film impressions, photographs, videos, negatives, slides, microfilms, microfiches, e-mail, and other things that document or record ideas, words or impressions. The term "Document" further includes all punch cards, tapes, disks, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, disks or other recordings, and further includes electronically stored data or data compilation in electronic or other form that can be printed through proper programming or decoding of the electronic or mechanical data storage facility, including metadata.

**SUBJECTS FOR TESTIMONY BY CUDD WELL CONTROL**

1. Cudd Well Control's participation in Source Control Efforts.

2. Cudd Well Control's involvement in the decision whether or not to undertake a specific Source Control Effort.

3. Cudd Well Control's knowledge of and involvement in the sequencing of Source Control Efforts, including the considerations or factors that accounted for the sequence of Source Control Efforts.

4. Cudd Well Control's knowledge of the role and actions of the Unified Command in Source Control Efforts.

5. Cudd Well Control's knowledge of any concerns expressed by the Unified Command or any other participant in Source Control Efforts that the use of a capping stack, a BOP on a BOP, a Top Kill, a Static Kill, or any other Source Control Effort would present a risk of a subsurface blowout.

6. Cudd Well Control's knowledge and involvement in any estimation or determination of the following: (a) the flow rate and/or volume of hydrocarbons released from the *Deepwater Horizon* riser; (b) the pressure of the Macondo reservoir; (c) the pressure at the Macondo wellhead; (d) the condition of the Macondo reservoir and/or wellbore; and (e) the potential, expected, or anticipated shut-in pressure of the Macondo well.

7. The amount Cudd Well Control billed or invoiced to BP in connection with its involvement in source control efforts.

8. Cudd Well Control's understanding or knowledge of the effect of different flow rates on the likelihood of success of the Top Kill, cofferdam, Top Hat, and other Source Control Efforts that were attempted or considered.

9. All knowledge or information pertaining to planning, preparations, discussions, equipment, evaluations and/or training with regard to stopping and/or achieving control of an uncontrolled release of hydrocarbons subsea into the Gulf of Mexico prior to April 20, 2010.

10. For any and all attempts between January 1, 2000 and April 20, 2010, to cap, control, contain, shut in, limit flow from, and/or kill a flowing subsea Gulf of Mexico:

   a. The total cost that was incurred and/or billed to complete each attempt, including, but not limited to, labor, payments made to contractors and/or other entities working on Cudd Well Control's behalf, materials, overhead and the cost of removal of any replaced components, parts, equipment, material, and/or supplies;

   b. A description of the manner and methodology, including computer models, used to assess each attempt;

   d. A description of the rationale for each attempt;

   e. Dates when planning began for each attempt, including the length of time used to plan and budget;

   f. An explanation of and timeline for the steps involved in planning and/or implementing each attempt; and

g.  The identity of Cudd Well Control employees and contractors who planned, managed, and/or supervised the implementation of each attempt and/or Method;

11. All equipment, products, and/or materials presently identified, reserved, set aside, under construction/development, purchased and/or developed by, or at the request of Cudd Well Control, for the use in an uncontrolled subsea blowout in the Gulf of Mexico.

## DOCUMENT REQUESTS

Cudd Well Control is further requested, in accordance with Rule 30(b)(2) of the Federal Rules of Civil Procedure, as well as Rule 26, Rule 34, and Pre-Trial Orders Nos. 16, 17 and 27, to produce, or identify by specific Bates Number(s) (if already produced), the following documents, at least ten (10) days prior to the time of the relevant designee's deposition:

1. All Documents relating to any criteria, guidance, policy or regulation used in determining whether to conduct or authorize Source Control Efforts.

2. All Documents relating to any review, evaluation, analysis or determination as to the risks, objections, criticisms, costs, timing, effectiveness and/or alternatives of any Source Control Effort before and/or after the Source Control Effort was implemented..

3. All Documents relating to any evaluation, assessment, analysis or calculation regarding the volume of any oil, hydrocarbons, gases or other materials recovered as a result of any Source Control Effort and the results therefrom.

4. All Documents, including computer models and/or simulations, relating to the following: (a) the flow rate and/or volume of hydrocarbons released from the *Deepwater Horizon* riser; (b) the pressure of the Macondo reservoir; (c) the pressure at the Macondo wellhead; (d) the condition of the Macondo reservoir and/or wellbore; and (e) the potential, expected, or anticipated shut-in pressure of the Macondo well.

5. For each Subject of Testimony identified above, all Documents provided to,

reviewed with, utilized by, and/or relied upon by the deponent to prepare for his or her deposition testimony.

6. For each designee, a copy of his or her custodial file, current resume or CV, and a copy of any and all prior testimony, whether provided in an individual or representative capacity, including any and all deposition testimony, trial testimony, sworn statements, affidavits, declarations, expert reports, and/or testimony before a legislative, regulatory or investigative body or agency.

**YOU ARE HEREBY** invited to attend and participate.

DATED: January 4, 2012

**BINGHAM McCUTCHEN LLP**

/s/ *Warren Anthony Fitch*_____
Warren Anthony Fitch
tony.fitch@bingham.com
Ky E. Kirby
ky.kirby@bingham.com
David B. Salmons
david.salmons@bingham.com
Michael B. Wigmore
michael.wigmore@bingham.com
Randall M. Levine
randall.levine@bingham.com
2020 K Street, NW
Washington, DC 20006-1806
Telephone (202) 373-6000
Facsimile (202) 373-6001

James J. Dragna
jim.dragna@bingham.com
Bingham McCutchen LLP
355 South Grand Avenue
Suite 4400
Los Angeles, California 90071-3106
Telephone (213) 680-6436
Facsimile (213) 680-8636

KUCHLER POLK SCHELL
WEINER & RICHESON, LLC

Deborah D. Kuchler, T.A. (La. Bar No. 17013)
dkuchler@kuchlerpolk.com
Janika Polk (La. Bar No. 27608)
jpolk@kuchlerpolk.com
Robert Guidry (La. Bar No. 28064)
rguidry@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, LA  70112
Tel:  (504) 592-0691
Fax:  (504) 592-0696

COUNSEL FOR ANADARKO PETROLEUM CORPORATION AND ANADARKO E&P COMPANY

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing deposition notice has been served all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 4th day of January, 2012.

/s/ *Warren Anthony Fitch*_____