UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | : : : : | MDL No. 2179<br><br>SECTION: J |
| This Document Relates To: All Actions | : : | JUDGE BARBIER<br>MAGISTRATE JUDGE |
| …………………………………………………... | : | SHUSHAN |

**AGREED 30(b)(6) DEPOSITION NOTICE OF MOEX OFFSHORE 2007 LLC, MOEX USA CORPORATION, AND MITSUI OIL EXPLORATION COMPANY, LTD.**

By agreement of Plaintiffs' Liaison Counsel, Defense Liaison Counsel, Coordinating Counsel for the States, Coordinating Counsel for the U.S., and Counsel for MOEX Offshore 2007 LLC ("MOEX Offshore"), MOEX USA Corporation ("MOEX USA"), and Mitsui Oil Exploration Company, Ltd. ("MOECO") (collectively "the MOEX Defendants") shall, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Pre-Trial Order No. 17 (as supplemented and amended by Pre-Trial Order 27), designate and produce one or more officers, managers, agents, employees, or other representatives of the MOEX Defendants to discuss the Areas of Inquiry identified below. The times and locations of the depositions will be scheduled in conjunction with the designees' fact depositions in their individual capacities, or otherwise as may be scheduled with Judge Shushan and the parties.

**DEFINITIONS**

As used in the list of topics contained in this notice, the following terms are defined as set forth below:

1. "Source Control Efforts" has the same meaning as "Source Control" in the Definitions contained in the United States' Initial Response to BP Exploration and Production Company's First Set of Discovery Requests served on May 19, 2011, and "Source Control Effort" refers to any specific one of those Source Control Efforts.

2. "Unified Command" means all personnel and functions of the "Unified Area Command" and the "Incident Command Post" at Houston, Texas, as the terms "Unified Area Command" and "Incident Command Post" are used in the report to the National Response Team entitled, "On Scene Coordinator Report -- Deepwater Horizon Oil Spill" and dated September 2011 (the "OSC Report").

3. "You," "your," and "yours" shall mean the MOEX Defendants and MOECO, including without limitation all of the MOEX Defendants' and MOECO's present or former agents or representatives, or anyone acting or purporting to act for or on the MOEX Defendants' and MOECO's behalf for any purpose whatsoever.

## AREAS OF INQUIRY

1. Your knowledge of and involvement in the decision whether or not to undertake a specific Source Control Effort.

2. Your knowledge of and involvement in the sequencing of Source Control Efforts, including the considerations or factors that accounted for the sequence of Source Control Efforts.

3. Your knowledge of the role and actions of the Unified Command in Source Control Efforts.

4. Your knowledge prior to April 20, 2010 of the existence within the industry of documented procedures, designs, or devices for capping a deepwater well.

5. The manner, methodology and mode Defendant MOEX used to predict, estimate, characterize and/or measure the daily amount of discharge from the Macondo Well from:

   a. April 20, 2010 through July 15, 2010;

   b. July 16, 2010 through September 19, 2010; and

   c. September 20, 2010 through the present,

   including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, or considered by Defendant MOEX.

6. The manner, methodology and mode Defendant MOEX used to predict, estimate, characterize and/or measure the physical or chemical properties of any substance contained in the daily discharge from the Macondo Well from:

   a. April 20, 2010 through July 15, 2010;

   b. July 16, 2010 through September 19, 2010; and

    c. September 20, 2010 through the present,

including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, or considered by Defendant MOEX.

7. The manner, methodology and mode Defendant MOEX used to predict, estimate, characterize and/or measure the potential or actual daily depletion of the hydrocarbon reservoir tapped by the Macondo Well from:

    a. April 20, 2010 through July 15, 2010;

    b. July 16, 2010 through September 19, 2010; and

    c. September 20, 2010 through the present,

including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, or considered by Defendant MOEX.

8. The manner, methodology and mode Defendant MOEX used to predict, estimate, characterize and/or measure the pressure inside the Macondo Well, including but not limited to the reservoir pressure, the pressure inside the wellbore, the pressure at the BOP, and the pressure above the BOP for every day from:

    a. April 20, 2010 through July 15, 2010;

    b. July 16, 2010 through September 19, 2010; and

    c. September 20, 2010 through the present,

including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, or considered by Defendant MOEX.

9. The manner, methodology and mode Defendant MOEX used to predict, estimate, characterize and/or measure the temperature of the discharge from the Macondo Well for every day from:

    a. April 20, 2010 through July 15, 2010;

    b. July 16, 2010 througH September 19, 2010; and

    c.  September 20, 2010 through the present,

including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, or considered by Defendant MOEX.

10. Knowledge of all person(s) and/or entities charged with predicting, calculating, analyzing, determining, estimating, modeling, simulating, reporting, presenting, and/or releasing to the media and/or the public any information regarding the amount of hydrocarbons released from the Macondo Well into the atmosphere, ocean, and/or environment for every day from:

    a.  April 20, 2010 through July 15, 2010; and

    b.  July 16, 2010 through September 19, 2010.

11. The manner, methodology and mode Defendant MOEX used to predict, calculate, analyze, determine, estimate, model, simulate, report, and/or interpret the Macondo Well's hydrocarbon reservoir geophysical, geological, petrophysical and engineering characteristics, including the size of the reservoir, prior to April 20, 2010.

Dated: November __, 2011

Respectfully submitted,

By: /s/ J. Andrew Langan, P.C.

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Timothy A. Duffy, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile:  (312) 862-2200

and

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*Attorneys for the BP Parties*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this __th day of November, 2011.

/s/   J. Andrew Langan, P.C.___