AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

IN RE: OIL SPILL by the "Deepwater Horizon" )
        *Plaintiff* )
    v. )   Civil Action No. MDL 2179
This Document Relates to All Cases )
         ) (If the action is pending in another district, state where:
        *Defendant* )

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: SCHLUMBERGER, 901 Saint Charles Avenue, New Orleans, LA 70130-3903

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Pan American Life Building, Conference Center, 601 Poydras Street, New Orleans, LA | Date and Time: 04/09/2012 08:30 |
|---|---|

The deposition will be recorded by this method: Videotaped Oral Deposition

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See attached Notice of 30(b)(6) Deposition of Schlumberger with 30(b)(5) Document Requests.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/26/2012

        *CLERK OF COURT*
                          OR

    *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
, who issues or requests this subpoena, are:
Stephen J. Herman, 820 O'Keefe Avenue, New Orleans, LA 70113; (504) 581-4892; sherman@hhkc.com

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. MDL 2179

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* **Schlumberger**
was received by me on *(date)* **February 1, 2012**.

☐ I personally served the subpoena on the individual at *(place)*
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☒ Other *(specify)*: **Served Certified Mail (see attached)**

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ **0.00** .

I declare under penalty of perjury that this information is true.

Date: **February 24, 2012**

*Server's signature*

**Stephen J. Herman**
*Printed name and title*
**Plaintiffs Liaison Counsel**
**820 O'Keefe Ave., New Orleans, LA**
*Server's address*

Additional information regarding attempted service, etc:

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7011 0110 0001 6092 3080

Sent To: Schlumberger
Street, Apt. No.; or PO Box No.: 901 St. Charles Ave
City, State, ZIP+4: NOLA 70130-3903

PS Form 3800, August 2006         See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
                                 1-30-12

1. Article Addressed to:

Schlumberger
901 St. Charles Ave.
New Orleans, LA
70130-3903

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail     ☐ Express Mail
   ☐ Registered         ☒ Return Receipt for Merchandise
   ☐ Insured Mail       ☒ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Article Number (from service label): 7011 0110 0001 6092 3080

PS Form 3811, February 2004    Domestic Return Receipt    102595-0

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON: IN THE GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 |
| THIS DOCUMENT RELATES TO: | * * | JUDGE BARBIER |
| *ALL CASES* | * * | MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AGREED 30(b)(6) DEPOSITION NOTICE OF SCHLUMBERGER
### (WITH 30(b)(2) DOCUMENT REQUESTS)

By agreement of Plaintiffs' Liaison Counsel, Defense Liaison Counsel, Coordinating Counsel for the States, Coordinating Counsel for the U.S., Schlumberger Corporation. ("Schlumberger") Schlumberger shall—pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and PRE-TRIAL ORDER NO. 17 (as supplemented and amended by PRE-TRIAL ORDER 27)—designate and produce one or more officers, managers, agents, employees, or other representatives of Schlumberger to discuss the Areas of Inquiry identified below. The times and locations of the depositions will be scheduled in conjunction with the designees' fact depositions in their individual capacities, or otherwise as may be scheduled with Judge Shushan and the parties.

### Areas of Inquiry

1. For any and all attempts by anyone after April 20, 2010, to cap, control, contain, shut in, limit flow from, temporarily abandon and/or kill the Macondo Well by each of the following methods and any other method(s) used but not listed here: Actuation of the Deepwater Horizon BOP, Riser Insertion Tube Tool ("RITT"), Top Hat, Top Kill, Junk Shot, Cofferdam, Capping Stack, BOP on BOP strategies, Macondo Relief Well No. 1 and Macondo Relief Well No. 2 (hereinafter, collectively referred to as "Methods"):

1

  a. The total input that Schlumberger had for each attempt and/or Method, including, but not limited to, labor, communications to contractors and/or other entities working on Schlumberger's behalf, materials, overhead and components, parts, equipment, material, and/or supplies used on same;

  b. The communications and plans to implement each attempt and/or Method, including the identity of each person who gave input;

  c. A description of any manner and methodology discussed or suggested or recommended, including computer models for each attempt, idea, or Method;

  d. A description of the explanations and/or justifications for each attempt, suggestion or Method made, discussed or prepared;

  e. Dates when planning began for each attempt, suggestion and/or Method, including the length of time to plan;

  f. An explanation of and timeline for the steps involved in planning and implementing any attempt and/or Method;

  g. The identity of Schlumberger employees and contractors who planned, managed, supervised or assisted in the implementation of any attempt and/or Method;

  h. A description of each office, department, or other organization at Schlumberger that participated in planning, engineering, approval, supervision, coordination, and/or implementation of any attempt and/or Method; and

  i. For each Method in which Schlumberger played a role, an explanation of and timeline for the steps involved in such actions, including the identity of Schlumberger employees and contractors who performed each action, and the identity of documents (with custodians) recording the actions.

2. For any and all efforts considered, but not used, to cap, control, contain, shut in, limit flow from, temporarily abandon and/or kill the Macondo Well after April 20, 2010:

  a. The total cost anticipated and/or actually incurred to research/investigate the effort including, but not limited to, labor, payments made to contractors or other entities working on Schlumberger's behalf, materials, overhead and the cost of removal of any replaced components, parts, equipment, material and/or supplies.

2

    b. The level of approval necessary to fund and/or implement each effort, including the identity of each person whose approval was necessary, and the reasons why approval was not given;

    c. A description of the manner and/or methodology, including computer models, used to assess each effort;

    d. A description of the explanations and/or justifications for each effort, including the reasons for not implementing each effort, made or prepared for approval within Schlumberger;

    e. Dates when planning or consideration for each such effort began, including the length of time used to plan and budget;

    f. An explanation of and timeline for the steps involved in planning and/or implementing each effort;

    g. The identity of Schlumberger employees and contractors who researched, investigated, planned, managed, and/or supervised the evaluation of each effort;

    h. A description of each office, department, or other organization at Schlumberger that participated in the planning, budgeting, engineering, evaluation, supervision, approval, and/or coordination of each effort; and

    i. For each effort evaluation, Schlumberger's contractors or any other entity working on Anadarko's behalf, an explanation of the timeline for the steps involved in evaluating the effort, the identity of the Schlumberger employees and contractors who performed the evaluation, and the identity of documents (with custodians) recording the evaluation.

3. For all attempts, if any, between January 1, 2000 and April 20, 2010, to cap, control, contain, shut in, limit flow from, temporarily abandon and/or kill a flowing subsea Gulf of Mexico well by any Method listed above or by any other method(s) used but not listed above:

    a. The input that Schlumberger had to complete each attempt and/or Method;

    b. A description of the manner and methodology, including computer models, used to assess each attempt and/or Method;

    c. A description of the explanations and/or justifications for each attempt and/or Method within Schlumberger;

    d. Dates when planning began for each attempt and/or Method, including the length of time to plan and budget;

3

 e. An explanation of and timeline for the steps involved in planning and implementing each attempt and/or Method;

 f. The identity of Schlumberger employees and contractors who planned, managed, and/or supervised the implementation of each attempt and/or Method;

 g. A description of each office, department, or other organization at Schlumberger that participated in the planning, budgeting, engineering, approval, supervision, coordination, and/or implementation of each attempt and/or Method; and

 h. For each Method actually performed in which Schlumberger participated, the identity of Schlumberger employees and contractors who worked on each Method, and the identity of documents (with custodians) recording the performance of each Method.

4. The manner, methodology and mode Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf, predicting, estimating, characterizing and/or measuring any discharge from the Macondo Well (including any knowledge or information known, disclosed or obtained) from:

 a. October 21, 2009 through April 19, 2010;

 b. April 20, 2010 through July 15, 2010;

 c. July 16, 2010 through September 19, 2010; and

 d. September 20, 2010 through the present,

including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, and/or considered by Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf.

5. The manner, methodology and mode Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf used (or have knowledge of, or information about) to predict, estimate, characterize and/or measure the physical or chemical properties of any substance discharged from the Macondo Well from:

 a. October 21, 2009 through April 19, 2010;

4

    b.  April 20, 2010 through July 15, 2010;

    c.  July 16, 2010 through September 19, 2010; and

    d.  September 20, 2010 through the present,

including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, and/or considered by Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf.

6.  The manner, methodology and mode Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf used (or have knowledge of, or information about) to predict, estimate, characterize and/or measure the potential or actual daily depletion of the hydrocarbon reservoir tapped by the Macondo Well from:

    a.  October 21, 2009 through April 19, 2010;

    b.  April 20, 2010 through July 15, 2010;

    c.  July 16, 2010 through September 19, 2010; and

    d.  September 20, 2010 through the present,

including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, and/or considered by Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf.

7.  The manner, methodology and mode Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf used (or have knowledge of, or information about) to predict, estimate, characterize and/or measure the pressure inside the Macondo Well, including but not limited to the reservoir pressure, the pressure inside the wellbore, the pressure at the BOP, and the pressure at the point of discharge for every day from:

    a.  October 21, 2009 through April 19, 2010;

    b.  April 20, 2010 through July 15, 2010;

    c.  July 16, 2010 through September 19, 2010; and

    d.  September 20, 2010 through the present,

including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, and/or considered by Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf.

8. The manner, methodology and mode Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf used (or have knowledge of, or information about) to predict, estimate, characterize and/or measure the temperature of the discharge from the Macondo Well for every day from:

    a.  October 21, 2009 through April 19, 2010;

    b.  April 20, 2010 through July 15, 2010;

    c.  July 16, 2010 through September 19, 2010; and

    d.  September 20, 2010 through the present,

including the identity of individuals involved in each prediction, estimate, characterization and/or measurement and the identity of all documents (with custodians), data, observations, calculations and/or measurements that were predicted, taken, used, relied upon, and/or considered by Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf.

9. For all testing, data, samples, or other information BP or any other entity working with BP requested that Schlumberger collect from the Macondo Well:

    a.  A description of all testing, data, samples, or other information BP or any other entity working with BP requested that Schlumberger collect from the Macondo Well.

    b.  The requests made by BP or any other entity working with BP to Schlumberger for all data, testing, samples, or other information.

    c.  A description of all data, testing, samples, or other information Schlumberger collected from the Macondo Well.

    d.  A description of the methods used for the collection of all data, testing, samples, or other information Schlumberger collected from the Macondo Well.

    e. Any communications between Schlumberger or its contractors and BP or any other entity working with BP regarding all data, testing, samples, or other information pertaining to the Macondo Well.

    f. A description of analysis done by Schlumberger on all data, testing, samples, or other information collected from the Macondo Well.

    g. A description of the format all data, testing, samples, or other information Schlumberger collected from the Macondo Well was in when delivered to BP or any other entity working with BP.

10. All knowledge or information pertaining to planning, preparations, discussions, evaluations, training and/or assistance in all efforts to either contain the flow of oil from the Macondo Well or stop the flow of oil at the Macondo Well from April 20, 2010 to September 20, 2010.

11. All knowledge or information pertaining to planning, preparations, discussions, evaluations and/or training with regard to a hydrocarbon discharge event, or an uncontrolled release of hydrocarbons subsea into the Gulf of Mexico prior to April 20, 2010.

12. All attempts, both successful and unsuccessful, Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf made to measure the pressure and/or temperature of any portion of the Macondo Well or its discharge—either above, at or below the BOP—between April 20, 2010 and the static kill.

13. All post-blowout efforts by Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf to calculate, estimate, predict, and/or model the shut-in wellhead pressure of the Macondo Well.

14. All analysis, calculations, modeling, or estimates by Schlumberger, Schlumberger's contractors and/or any other entity working on Schlumberger's behalf relating to the effect of obstructions in the wellbore, the BOP, and/or the riser on the rate of flow from the Macondo Well.

15. Any information regarding the quantity of substances released from the Macondo Well from April 20, 2010 to the present.

16. Any information regarding efforts by others to control, stop or restrict the release of substances from the Macondo Well.

17. All information regarding documents, work services, personnel, equipment, changes, and costs, done on the Macondo Well up to, and including, April 20, 2010.

7

## Document Requests

Schlumberger is further requested, in accordance with Rule 30(b)(2) of the Federal Rules of Civil Procedure, as well as Rule 26, Rule 34, and Pre-Trial Orders Nos. 16, 17 and 27, to produce, or identify by specific Bates Number(s) (if already produced), the following documents, at least ten (10) days prior to the time of the relevant designee's deposition:

### First Set of Requests

For each Area of Inquiry identified above, please produce all documents provided to, reviewed with, utilized by, and/or relied upon by the deponent to prepare for his or her deposition testimony.

### Second Set of Requests

For each Area of Inquiry identified above, please produce all documents which relate, pertain, evidence and/or reflect the issues, topics and/or events described therein or associated therewith.

### Third Set of Requests

For each corporate designee, please produce a copy of his or her custodial file, current resume or CV, and a copy of any and all prior testimony, whether provided in an individual or representative capacity, including any and all deposition testimony, trial testimony, sworn statements, affidavits, declarations, expert reports, and/or testimony before a legislative, regulatory or investigative body or agency.

This 26th day of January, 2012.

Respectfully submitted,

_____
Stephen J. Herman, La. Bar No. 23129
Herman Herman Katz & Cotlar LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: Sherman@hhkc.com

/s/ James Parkerson Roy
James Parkerson Roy, La. Bar No. 11511
Domengeaux Wright Roy & Edwards LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com

*Plaintiffs Liaison Counsel*              *Plaintiffs Liaison Counsel*

## PLAINTIFFS' STEERING COMMITTEE

Brian Barr
Levin, Papantonio, Thomas, Mitchell,
Echsner & Proctor, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
Breit Drescher & Imprevento
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
Lieff, Cabraser, Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@chb.com

Philip F. Cossich, Jr.
Cossich, Sumich, Pariola & Taylor
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office: (504) 394-9000
Telefax: (504) 394-9110
E-Mail: pcossich@cossichlaw.com

Robert T. Cunningham
Cunningham Bounds, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL 36660
Office: (251) 471-6191
Telefax: (251) 479-1031
E-Mail: rtc@cunninghambounds.com

Robin Greenwald
Weitz & Luxenberg, PC
700 Broadway
New York, New York 10003
Office: (212) 558-5802
Telefax: (212) 244-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
218 Commerce St., P. O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 269-2343
Rhon.Jones@beasleyvallen.com

Matthew E. Lundy
Lundy, Lundy, Soileau & South, LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
mlundy@lundylawllp.com

Michael C. Palmintier
deGravelles, Palmintier, Holthaus &
Fruge
618 Main Street
Baton Rouge, LA 70801-1910
Office: (225) 344-3735
Telefax: (225) 344-0522
Email: mpalmintier@dphf-law.com

Paul M. Sterbcow
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, LA 70130
Office: (504) 588-1500
Telefax: (504) 588-1514
sterbcow@lksalaw.com

Alphonso Michael "Mike" Espy
Morgan & Morgan, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail: mike@mikespy.com

Calvin C. Fayard, Jr.
Fayard & Honeycutt
519 Florida Avenue, SW
Denham Springs, LA 70726
Office: (225) 664-4193
Telefax: (225) 664-6925
E-Mail: calvinfayard@fayardlaw.com

Ervin A. Gonzalez
Colson Hicks Eidson
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail: Ervin@colson.com

Scott Summy
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Office: (214) 521-3605
Telefax: (214) 599-1172
E-Mail: ssummy@baronbudd.com

Mikal C. Watts
Watts Guerra Craft, LLP
Four Dominion Drive, Building 3
Suite 100
San Antonio, Texas 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail: mcwatts@wgclawfirm.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing Notice has been served on all counsel pursuant to Pre-Trial Order 12 *via* Lexis-Nexis File & Serve, and that the above and foregoing Requests for Production have also been served on all counsel pursuant to Pre-Trial Order No. 12 *via* Lexis-Nexis File & Serve this 27 day of January, 2012.