**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

February 26, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA  70130

      Re:    MDL No. 2179 — Phase 2 Rule 30(b)(6) Deposition Scheduling

Dear Judge Shushan:

      This letter continues the parties' discussion with the Court regarding the United States' document productions and the related question of scheduling Phase 2 Rule 30(b)(6) depositions.

      As you know, Brian Barr recently wrote to the Court and parties on behalf of the PSC, stating that the PSC plans to coordinate with the United States and the States to make a specific proposal regarding a schedule for Phase 2 30(b)(6) depositions.  *See* Attachment 1, B. Barr Ltr to Court (Feb. 16, 2012).  Sarah Himmelhoch also recently wrote, responding to the PSC's letter and committing to working toward a joint 30(b)(6) deposition scheduling proposal.  *See* Attachment 2, S. Himmelhoch Ltr to Court (Feb. 21, 2012).

      Naturally, BP will review this joint proposal and promptly respond once it arrives.  In the meantime, however, BP reserves its rights regarding this proposal, the PSC's February 16 letter, the United States' February 21 letter, and the various issues they present.  This letter seeks to forward the scheduling discussion by spotlighting several issues that are already ripe for consideration.

      **1.**    **The PSC's Approach Reflects Misunderstandings**

      While the PSC's readiness to begin Phase 2 depositions is duly noted, Mr. Barr's recent letter contains factual inaccuracies and fails to account for certain critical obstacles to a fair and efficient schedule for completing Phase 2 depositions.

      Two main themes run through BP's position on scheduling Rule 30(b)(6) depositions.  *First*, the United States' delay in producing Coast Guard documents affects the ordering of Rule 30(b)(6) depositions because this delay affects when BP can take depositions for certain source

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 26, 2012
Page 2

control topics.  *Second*, as BP has explained, BP should not be responsible for a disproportionate number of deponents early in the process simply because it, unlike the United States, has substantially completed its Phase 2 document productions.  (Note here that while BP's productions are substantially complete, BP continues to quality check and follow up in search of additional non-privileged documents and expects to produce such documents as they are identified.)

   ***The delayed production of Coast Guard documents drives Rule 30(b)(6) scheduling***.  A little history provides useful context.  On January 12, 2012, BP wrote to the United States explaining that BP could not take source control depositions until BP had sufficient opportunity to review Coast Guard documents — many of which still have not been produced.  *See* Attachment 3, R. Gasaway Ltr to S. Himmelhoch (Jan. 12, 2012).  BP therefore proposed that the United States offer witnesses on quantification topics first.  *Id.*  The United States agreed with this approach, and it added that BP should put forward its source control witnesses first so that attorneys working on quantification issues were not taking and defending depositions at the same time.  *See* Attachment 4, N. Chakeres Email to Parties (Jan. 17, 2012).  BP generally agreed to first put forward witnesses on "*certain* source control topics."  See Attachment 5, R. Gasaway Ltr to J. Shushan (Jan. 23, 2012) (emphasis added).

   BP stands by its offer to put forward witnesses on *certain* source control topics — specifically, spill preparedness and response planning costs; or in other words, Topics 10, 11, 12, 13, and 15 of the latest draft 30(b)(6) notice — subject to witness schedule and availability.  But BP cannot agree to put forward witnesses on *all* source control topics in the early portion of the deposition schedule.  Specifically, BP cannot commit to putting forward witnesses on the actual well containment effort until the Court has ruled on the duplication issue in proposed Topic 1, and US Coast Guard documents are received.

   Additionally, the PSC incorrectly claims that "[a]s BP must acknowledge, it led the response efforts relevant to Phase 2 and will have the majority of the relevant documents."  *See* Attachment 1, at 2.  BP does not, and cannot, so acknowledge because this is not true.  Although BP marshaled unprecedented resources for the response effort and led project teams working on the response, the Unified Area Command led the response to the *Deepwater Horizon* incident.  As a result, much of the relevant discoverable information is in the hands of the United States, including documents it collected in creating the Coast Guard archive, from which the United States is still working to produce responsive, non-privileged documents.  Unfortunately, the United States still has not yet provided clear guidance when it will complete its production of these documents.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 26, 2012
Page 3


***The PSC Should Agree To A Balanced Deposition Schedule***. The PSC cannot reasonably expect to begin questioning BP witnesses without any reciprocal regard for when BP can reasonably begin its examinations of United States witnesses. As BP has repeatedly explained, BP should not be responsible for a disproportionate number of the early witnesses in Phase 2 — the unfortunate situation that occurred in Phase 1.

## 2. Timing of the United States' Document Productions

If we can agree that the allocation of witnesses should be fair and proportionate, then it follows that the scheduling of Rule 30(b)(6) depositions hinges on when the United States will complete its Phase 2 document productions. At least three significant issues remain open.

***Executive Office of the President***. These documents, by their nature, are likely to be of significant interest, and BP should have a fair opportunity to review them before taking depositions of United States witnesses. The United States represented during our February 3, 2012 telephone conference with the Court that the United States would be finished producing privilege logs and any documents from its EOP review by February 29, 2012 (notwithstanding any Coast Guard documents). The United States should meet this deadline.

***Department of Energy***. By our tally, the deadline for the production or logging of these documents was December 20, 2011. But the United States claimed in its latest letter of February 9 that it still has 23,000 DOE documents to either log as privileged or produce. While that number has likely decreased by now, any remaining documents will be relevant to the quantification topics on which the United States is going to offer its first witnesses. BP would request that the United States also complete the production of these documents by February 29.

***Coast Guard***. BP recognizes that these documents pose a significant challenge to the United States, but the uncertain status of their production presents a significant source of uncertainty in the overall scheduling of Rule 30(b)(6) depositions. BP has two suggestions in this regard. *First*, the United States should prioritize documents from the Houston Incident Command Post and the Unified Area Command in Robert, Louisiana, and later in New Orleans. The Houston ICP and the UAC are likely to have the most relevant documents regarding source control. *Second*, BP believes a weekly conference call with the United States to discuss the United States' progress would be appropriate. This weekly conversation will enable BP to best evaluate when it is able to offer witnesses for topics related to well containment.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 26, 2012
Page 4

### 3. Additional Issues For Consideration

In addition to timing questions, recent correspondence also addresses questions of setting an expert report deadline, 30(b)(6) deposition time allocations, and BP's proposed "45-day minimum rule."

*Given uncertainties, it is inappropriate to enter an expert report deadline now.* The PSC seeks to set a date for expert reports, and although BP appreciates this drive for clarity, we believe this request remains premature. Significant uncertainties surround the timing of the United States' documents productions, and those uncertainties are driving Rule 30(b)(6) deposition scheduling.

*Proposed Phase 2 deposition time allocation.* Because Phase 2 involves different issues, claims, and interests than Phase 1, BP suggests there should be a different default time allocation for Phase 2 30(b)(6) depositions than those the parties used for Phase 1.

Given that most of the witnesses will be BP or United States employees or consultants, attached are proposed allocations for one-day and two-day depositions for BP witnesses (Attachments 6 and 7) and United States witnesses (Attachments 8 and 9). Our proposal reflects, in part, the plain fact that there are many parties involved in Phase 1 issues that, as a practical matter, have little direct stake in source control and quantification and/or are aligned with parties that have a much more direct stake.

These default allocations would be subject to modification for good cause shown, just as in Phase 1, and specially tailored allocations could be adopted for non-United-States, non-BP witnesses. BP does not object to the United States and the PSC switching time allocations for quantification witnesses. But BP does object here in Phase 2 to Parties ceding or reallocating time among themselves in *ad hoc* fashion while a deposition is in progress.

*The 45-day minimum rule.* Phase 2 issues — including both well control and quantification topics — implicate significant amounts of technical and scientific expertise. Documents relevant to these complex topics cannot be digested quickly and will require study and evaluation. Because the United States has previously overshot several discovery deadlines, and because the status of the Coast Guard productions is still unclear, BP proposed and the United States previously agreed — without qualification — to a rule that no deposition of a 30(b)(6) witness shall occur until at least 45 days after responsive documents for that specific deposition topic have been produced in a technically compliant format. *See* Attachment 4, N. Chakeres Email to Parties (Jan. 17, 2012) ("[T]he United States agrees with this part of the

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
February 26, 2012
Page 5

proposal that relevant depositions should be taken at least 45 days after the production of relevant written documents.")

The United States now claims the rule would be used "to gain tactical reopening of depositions rather than as a legitimate effort to ensure orderly depositions." *See* Attachment 2, at 2. At this juncture, however, no 30(b)(6) depositions have been scheduled, much less taken, much less sought to be reopened. These concerns — premature at this juncture — can be easily managed by the Court if and when the predicted problems arise. Indeed, BP's proposal to hold off on certain depositions until 45-days after the United States has produced the relevant documents would have the opposite effect by eliminating the need to reopen depositions for late productions.

Of more immediate relevance is the fact that the United States has produced millions of documents in the last two months, many after agreed production deadlines, and that it continues to produce thousands of additional documents at the same time it seeks to jam BP and other parties by shortening the length of time available to review documents before they are used in depositions. BP believes that the United States should confirm its agreement to the 45-day minimum rule, and respectfully renews its request that all other Parties agree to provide at least 45 days to review relevant documents before a deposition on a topic to which the documents are relevant occurs.

Sincerely,

Robert R. Gasaway

Attachments

cc (via electronic mail):

R. Michael Underhill        Joel M. Gross
Steven O'Rourke             Allison B. Rumsey
Sarah D. Himmelhoch         Don K. Haycraft
Robin L. Hanger             Plaintiffs' Liaison Counsel
A. Nathaniel Chakeres       Defense Liaison Counsel
Brian H. Barr