# Attachment 1



SCOTT C. BARNES
BRIAN H. BARR
M. ROBERT BLANCHARD
BRANDON L. BOGLE
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
RACHAEL R. GILMER
KRISTIAN KRASZEWSKI
KIMBERLY R. LAMBERT
FREDRIC G. LEVIN
MARTIN H. LEVIN

ROBERT M. LOEHR
KATHERINE McFARLAND
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
K. LEA MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO

ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
AMANDA R. SLEVINSKI
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
AARON L. WATSON

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

BEN W. GORDON, JR.

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

February 16, 2012

**VIA ELECTRONIC MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Lousiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

Re:  MDL Phase 2 Discovery – Scheduling of 30(b)(6) Witness

Dear Judge Shushan:

Phase 2 deposition discovery is presently set to begin on March 1.  As of this date, no witnesses have been tendered for the agreed upon 30(b)(6) topics.  While the PSC appreciates the amount of effort presently being directed to the start of the Phase 1 trial, in order to have the Phase 2 case ready for trial shortly after the conclusion of the presentation of evidence in Phase 1, we must begin to schedule depositions.

**Significant Discovery is Set Prior to Phase 2 of the Trial**

The order of discovery set prior to the start of Phase 2 of the trial is:

1)  Commencement and completion of 30(b)(6) Depositions

2)  Targeted individual fact witnesses

3)  Finalization of written discovery

4)  Expert Reports

5)  Expert Depositions

Greater than twenty 30(b)(6) notices were prepared and served to parties and non-parties.  Each of these notices has a multitude of issues that may require parties to tender several different witnesses.  At least as to the parties, there is broad agreement on 30(b)(6) topics, and the parties have been requested by the Court to begin the process of identifying the appropriate 30(b)(6) representative for the various topics.  In addition, once 30(b)(6) depositions are completed, the parties will have to plan for the deposition

of targeted, individual fact witnesses.  Once fact discovery is completed, there will be limited time for the completion of expert reports and expert discovery.

The first step in completing Phase 2 discovery is the scheduling of 30(b)(6) witnesses.  The PSC proposal for such scheduling is as follows:

**PSC, United States, and States to Propose a Prioritized List of Topics**

The PSC proposes that we begin scheduling the depositions of designated representatives of the parties on the agreed upon topics immediately.  In that regard, the PSC intends to coordinate with the United States and the States to submit a **two-tiered priority topic list for depositions of party witnesses by next week.**  The parties would then provide dates for the identified witnesses for scheduling beginning next Friday. **Depositions would begin the week of March 12**.  If witnesses for particular topics that are not on the priority list have availability earlier, the PSC will accommodate these witnesses and schedule their deposition.

Witnesses from BP should be prioritized earlier in the schedule for a multitude of reasons.  As BP must acknowledge, it led the response efforts relevant to Phase 2 and will have the majority of relevant and discoverable information required by all of the parties. While there could be quantification issues for which witnesses from the United States or even third parties have more information, there can be no question that on the issues pertaining to source control, BP is the entity with the most knowledge.  In addition, BP has represented in its most recent letter to the Court that it has produced 95% of the documents it believes is responsive to the Phase 2 document requests.  While the PSC isn't taking a position as to the accuracy of that statement, it is clear that BP believes it has nearly completed its Phase 2 document production.   The PSC is ready to commence these depositions.

**BP and the United States Agree on Scheduling of US Witnesses**

The PSC understands that BP and the United States have engaged in discussions on the order of **US witnesses.**   These discussions should continue so that an order of witnesses can be agreed to between the US and BP.   Once such an order is agreed to, the witnesses should be scheduled as has been the practice at the Working Group Conference.

**Third Party Depositions Must be Prioritized After Parties**

Third party deposition discovery should be prioritized toward the end of the deposition schedule.  To start, many of the third parties have objections to certain topics that may require Court intervention before depositions can be scheduled.  Further, the third parties have not produced documents responsive to the parties' document requests. We will not be in a position to schedule these depositions in the near future given these simple realities.  Yet, we cannot afford to wait for the third party issues to be resolved to start deposition discovery.  Finally, the logical course of discovery should dictate that the

third party witnesses come after the parties.  The third parties subject to 30(b)(6) depositions were generally working on behalf of or under the direction of one of the parties – in most instances BP.  The most sensible order of discovery is to schedule these third party depositions after the deposition of the party that contracted for, directed or controlled the third party's work.

**Bifurcation is Unworkable and PSC Should Retain Phase 1 Time Allocation**

The PSC stands by its responses previously provided to the Court as to BP's proposed scheduling of witnesses and the proposal to bifurcate discovery.  The PSC also continues to believe that the majority of depositions will require two days and that the PSC should retain its default time allocation from Phase 1.

**Expert Report Deadline**

The PSC respectfully suggests the Court enter a deadline for the production of expert reports.  Such a deadline will allow the parties to appropriately plan the fact discovery schedule in order to meet such a discovery deadline.

We thank you for your time and consideration on this matter.

Respectfully,

Brian H. Barr

# Attachment 2



**U.S. Department of Justice**

Environment and Natural Resource Division

*P.O. Box 761*
*Washington, DC 20044*
*202-514-0180*
*Sarah.Himmelhoch@usdoj.gov*

**BY ELECTRONIC MAIL**                    February 21, 2012

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
Hale Boggs Federal Building
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

> Re:    MDL 2179: Phase II Rule 30(b)(6) Depositions

Dear Judge Shushan:

I write in response to Brian Barr's letter of February 16, 2012 setting forth the Plaintiff Steering Committee's proposal with respect to the scheduling of Phase II Rule 30(b)(6) depositions. In large measure, the United States agrees with the proposals made by the PSC. There are a few instances, however, where we believe modification of the PSC's proposal is appropriate. I will address each PSC point in turn.

**"PSC, United States, and States to Propose a Prioritized List of Topics"**

The United States stands ready to work with the PSC and the States to develop a proposed prioritized list of topics and generally agrees that depositions can begin the week of March 12, 2012, depending upon witness availability and the status of document productions.

The United States notes, however, that the scheduling of depositions must also take into account the schedules of the Rule 30(b)(6) designees. No party should be prejudiced by being forced to select a designee based upon schedule rather than upon the designee's knowledge and experience. Given the significant issues raised in the deposition notice to the United States, the most appropriate designees may be some of the busiest people in government and their schedules may require adjustment of the proposed order of topics. This same principle should apply with equal or greater force to the scheduling of Rule 30(b)(6) depositions of third parties.

**"BP and the United States Agree on Scheduling of US Witnesses"**

The United States will be ready to identify witnesses for many, if not all, of its topics beginning at the Friday, February 24, 2012 discovery working group conference. Thereafter, we will notify all the parties of initial proposed dates as they are available.

**"Third Party Depositions Must be Prioritized After Parties"**

While the United States does not object in principle to the scheduling of third party witnesses later in the discovery period, as noted above, such depositions should be scheduled while giving due consideration to the needs, schedules, and burdens on the third parties. In particular, Pencor, a third party contractor for BP, has indicated that a March deposition would be far less disruptive than a deposition in April or May.

**"Bifurcation is Unworkable and PSC Should Retain Phase 1 Time Allocation"**

The United States concurs with the PSC that bifurcation of discovery is unworkable, particularly given the complexity of scheduling this many depositions. However, the United States believes that the default length of each Rule 30(b)(6) deposition should be one day, with adjustments determined on a case-by-case basis.

With respect to the source control depositions, the United States does not object to the PSC's proposal to retain the default time allocation from Phase 1. With respect to quantification depositions, however, the United States believes that the time allocation should be adjusted to reflect United States' interest and role in the quantification issues. Accordingly, with respect to quantification depositions, the United States proposes that it obtain the Phase I time allocation of the PSC and the PSC be assigned the United States' Phase I time allocation.

**"Expert Report Deadline"**

The United States agrees that it will be necessary to establish the schedule for completion of Phase II discovery and provision of expert reports. It may be appropriate, however, to allow the parties to schedule the majority of the Rule 30(b)(6) depositions and then propose a schedule for the remainder of Phase II, which includes fact depositions, so as to ensure that any proposed schedule is realistic in light of the likely time for conclusion of depositions.

**BP's Proposed 45 Day Rule**

One topic not addressed by the PSC in its letter but raised by BP in its proposals regarding Phase II is the question of a rule that all documents will be produced at least 45 days before the deposition. The United States had initially agreed to this idea in principle, but upon further consideration is concerned that any such 45 day rule would be used to gain tactical reopening of depositions rather than as a legitimate effort to ensure orderly depositions.

As this Court is aware, the United States is striving to complete its Phase II document production and privilege logs by February 29, 2012 (with the exception of certain Coast Guard

documents).[1]  BP has also represented that its Phase II production is 95% complete; in fairness BP's production also ought to be completed by February 29, 2012.  Accordingly, the United States believes that depositions in this phase should proceed as in the ordinary case:  depositions proceed and, should a party determine or allege that another party produced documents that require the reopening of a deposition that has already concluded, that party may seek leave of court to reopen the deposition.

Sincerely,

/s/ Sarah D. Himmelhoch

Sarah D. Himmelhoch

cc:     Liaison & Coordinating Counsel

---

[1] The United States reserves the right to produce additional documents that have been listed on its privilege logs but which it determines are either not privileged or over which it no longer seeks to assert a privilege.  In addition, as BP has acknowledged, any large document production requires a level of QA/QC that may result in the identification of additional documents.  The United States anticipates the volume of any such documents will be relatively low.

# Attachment 3

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

January 12, 2012

**BY ELECTRONIC MAIL**

Sarah D. Himmelhoch, Esq.
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
U.S. Department of Justice
RFK Main Building
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Re:  <u>MDL 2179 — 30(b)(6) Proposal</u>

Dear Sarah:

Given the revisions we have experienced to the schedule for productions of documents by the United States, particularly documents from the United States Coast Guard ("USCG"), and in continuation of our recent discussions, I write to propose a path forward for Phase 2 written discovery and Rule 30(b)(6) depositions, which are to begin on February 23, 2011.

Importantly, BP's proposal builds off the proposed Order you sent us on December 7, 2011 (the "Proposed Order"). The proposal also sequences 30(b)(6) deposition topics based on the completion of relevant document productions. It reserves depositions on topics until no sooner than 45 days after the United States completes its corresponding document productions.

The Proposed Order proposes new deadlines for the United States producing certain documents and privilege logs, requires the United States to provide reports on January 31, 2012 estimating the time the United States will need to complete productions and privilege logs for Central Spill Archive documents, and proposes that "Phase 2 Rule 30(b)(6) depositions of the United States and BP will not commence until March 1, 2012." (Proposed Order at 2.) The Proposed Order further states that the United States "shall undertake reasonable efforts" to accommodate BP's request that the US "complete any document production related to [any Rule 30(b)(6) deposition of the United States] no fewer than 45 days before the deposition." (*Id.*)

Chicago     Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai

# KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch, Esq.
January 12, 2012
Page 2

Specifically, the Proposed Order proposes the following new deadlines for the United States to produce documents, privilege logs, and status reports:

- On or before January 15, 2012[1] — produce all documents not subject to a good faith claim of potential privilege, except with respect to the USCG.

- On or before January 31, 2012 — produce privilege logs for all documents withheld as privileged, except with respect to the Coast Guard, NOAA, and the Oil Spill Commission

- On or before January 31, 2012 — produce all documents previously withheld as potentially privileged and for which the United States is not asserting privilege, except with respect to the USCG.

- On January 31, 2012 — produce the following with respect to the USCG: "(a) all documents that (i) have been ingested into the Central Spill Archive; (ii) are responsive to the searches it has agreed to conduct; and (iii) not subject to a good faith claim of potential privilege; (b) a report on the volume of documents withheld as privileged and a good faith estimate of the time needed to complete the review and logging of such documents; and (c) a report providing a good faith estimate of the volume of information remaining to be collected and ingested into the Central Spill Archive and the time needed to complete the search and privilege review of such materials." (*Id.* at 2).

BP intends to substantially complete its production of documents responsive to the United States' Phase 2 discovery requests by no later than January 19, 2012, with a relatively small number of straggler documents produced the following week.

As we've discussed, it is appropriate to ask the United States to timely produce technically compliant documents, including Central Spill Archive documents, in order for all Phase 2 depositions to proceed. Nonetheless, and notwithstanding possible further revisions to the schedule for United States productions, BP believes that some Phase 2 Rule 30(b)(6) depositions can begin on or around February 23, 2011, provided responsive documents relating to those particular deposition topics have been timely produced by the applicable parties.

As you will see, we propose bifurcating the Phase 2 discovery process. To the extent practicable, the first part of the Phase 2 30(b)(6) discovery process can focus almost entirely on

---

[1]    The Proposed Order identifies all January dates with the year 2011. We presume the Proposed Order means 2012.

# KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch, Esq.
January 12, 2012
Page 3

quantification. Once documents from the USCG, the Central Spill Archive, and other custodians responsive to source control issues have been produced, a second segment of the Phase 2 30(b)(6) discovery process could begin with respect to source control. As a starting point and subject, of course, to further adjustments through our discussions, we have assembled a possible schedule of 30(b)(6) depositions of third party and United States witnesses for February and March 2012. (*See* Attachment A).

Specifically, BP proposes the following path forward for Phase 2 Rule 30(b)(6) depositions:

*First*, no 30(b)(6) deposition should be taken on a topic unless the documents relating to that specific deposition topic have been produced, in a technically compliant format, no fewer than 45 days before the deposition. Given that we have experienced some delays in the United States' document production in the past, the variability of the accuracy of the United States' estimates of when it will be able to complete productions of USCG documents responsive to Phase 2 discovery requests, and the sheer volume of the United States' productions, 45 days is a fair amount of time, and the minimum needed to review documents, confirm compliance with technical requirements (which, as past experience shows, can lead to corrections and/or supplementations), and adequately prepare to take depositions.

Importantly, the 45-day period should begin upon confirmation that the applicable United States production meets PTO 14 technical requirements, including those establishing family record and metadata specifications.

*Second*, subject to the minimum 45-day period above, BP proposes a 30(b)(6) deposition period beginning on February 23, 2012 and extending through May 23 for certain 30(b)(6) topics. Specifically, we have prepared the Attachment A Schedule of Proposed 30(b)(6) Topics for your consideration, which includes various source control and quantification topics, but excludes topics reasonably related to the USCG productions not estimated to be completed by January 31, 2011.

Under this proposed schedule, 30(b)(6) testimony from several parties other than BP or the United States would begin February 23, 2012, and 30(b)(6) testimony from the United States and BP would begin on March 1, 2012.

*Third*, subject to the minimum 45-day period above, BP proposes that all remaining Rule 30(b)(6) topics not identified on Attachment A would be covered in a second round of depositions to begin on or around May 23, 2012. BP proposes that the parties would meet and confer no later than March 15, 2011 to propose a schedule for these remaining deposition topics.

# KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch, Esq.
January 12, 2012
Page 4

*Fourth*, in the event a party, after a 30(b)(6) deposition of one of its witnesses, produces responsive materials it was required to produce before such deposition, but in fact did not produce, the party who took the 30(b)(6) deposition shall have the right to recall such deponent for purposes of examining the deponent on the subsequently produced documents and related matters.  Similarly, in the event that the USCG productions after January 31, 2012 bear on any of the topics of any depositions set forth in Attachment A, the party taking the applicable deposition shall have the right to recall such deponent for purposes of examining the deponent on the subsequently produced documents and related matters.

*Finally*, any delay in conducting a scheduled 30(b)(6) deposition of a United States or BP witness caused by such party's failure to timely produce relevant documents, shall result in a corresponding delay of such party taking a 30(b)(6) deposition of the other party.  For example, if the deposition of a BP 30(b)(6) witness is delayed by the untimely production of, or failure to produce, relevant, technically compliant documents by BP, BP's taking of a deposition of a United States 30(b)(6) witness shall be delayed a corresponding amount of time.

We believe that this proposal is workable and especially desirable because it enables the parties to begin taking depositions without prejudicing their ability to do so after they have received and reviewed all the responsive documents relating to those depositions.  Given the importance of this issue, let's speak by telephone to discuss this proposal this coming Monday afternoon or as soon as possible thereafter.

Sincerely,

Robert R. Gasaway

Attachment

cc (via electronic mail):

R. Michael Underhill          Mark J. Nomellini
Steven O'Rourke              Joel M. Gross
Robin L. Hanger              Allison B. Rumsey
J. Andrew Langan, P.C.       Joseph A. Eisert
Barry E. Fields, P.C.        Don K. Haycraft
Stuart A.C. Drake            Martin R. Boles
Granta Y. Nakayama           Michael C. Occhuizzo

# ATTACHMENT A

**Attachment A**
**BP-Proposed Schedule for Phase 2 30(b)(6) Depositions of**
**Third Party and United States Witnesses**

| Date (7.5-hour Day) | Entity | Topics Covered |
| --- | --- | --- |
| February 23, 2012 (Thursday) | Pencor | All |
| February 24, 2012 (Friday) | Weatherford | All |
| February 27, 2012 (Monday) | BP Institute | All |
| February 28, 2012 (Tuesday) | Add Energy | All |
| February 29, 2012 (Wednesday) | Statoil | All |
| March 1, 2012 (Thursday) | Statoil | All |
| March 2, 2012 (Friday) | TBD | TBD |
| March 5, 2012 (Monday) | Los Alamos National Lab | 61-67 |
| March 6, 2012 (Tuesday) | Los Alamos National Lab | 61-67 |
| March 7, 2012 (Wednesday) | Cameron | 3, 10, 11, 12, 13, 15, and 27 |
| March 8, 2012 (Thursday) | Lawrence Livermore National Lab | 68-74 |
| March 9, 2012 (Friday) | Lawrence Livermore National Lab | 68-74 |

1

| Date (7.5-hour Day) | Entity | Topics Covered |
|---|---|---|
| March 12, 2012 (Monday) | Cudd | All |
| March 13, 2012 (Tuesday) | Lawrence Berkley National Lab | 75-81 |
| March 14, 2012 (Wednesday) | Lawrence Berkley National Lab | 75-81 |
| March 15, 2012 (Thursday) | Halliburton | 2, 9, 10, 11, 15, and 17 |
| March 16, 2012 (Friday) | TBD | TBD |
| March 19, 2012 (Monday) | Sandia National Lab | 82- 89 |
| March 20, 2012 (Tuesday) | Sandia National Lab | 82-89 |
| March 21, 2012 (Wednesday) | Sandia National Lab | 82-89 |
| March 22, 2012 (Thursday) | Oceaneering | 2, 9, 10, 11, 13, 14, and 15 |
| March 23, 2012 (Friday) | TBD | TBD |
| March 26, 2012 (Monday) | DOE Science Team | 53-60 |
| March 27, 2012 (Tuesday) | DOE Science Team | 53-60 |
| March 28, 2012 (Wednesday) | Flow Rate Technical Group | 44-52 |

| Date (7.5-hour Day) | Entity | Topics Covered |
|---|---|---|
| March 29, 2012 (Thursday) | Flow Rate Technical Group | 44-52 |
| March 30, 2012 (Friday) | Flow Rate Technical Group | 44-52 |
| April 2, 2012 (Monday) | Transocean | 21, 24, 26, and 27 |

# Attachment 4

| From: | Chakeres, Aristide (ENRD) [Aristide.Chakeres@usdoj.gov] |
|---|---|
| Sent: | Tuesday, January 17, 2012 7:19 PM |
| To: | Gasaway, Robert R. |
| Cc: | Mike.Underhill@usdoj.gov; O'Rourke, Steve (ENRD); Sarah.Himmelhoch@usdoj.gov; Hanger, Robin L. (CIV); Cernich, Scott (ENRD); Shutler, Sharon (CIV); Flynn, Stephen (CIV); Langan, Andrew; Fields, Barry E.; Nakayama, Granta Y.; Nomellini, Mark J.; 'Joel M. Gross'; Allison.rumsey@aporter.com; Eisert, Joseph A.; dkhaycraft@liskow.com; Boles, Martin; mary.rose.alexander@lw.com; Barr, Brian; dennisbarrow@warejackson.com; Colby, Paul; connie.delgado@bingham.com; Flanders, Ed; jfunderburk@morganlewis.com; Grabill, Jeremy; Hanger, Robin L. (CIV); sherman@hhkc.com; Homer, Andrew; deepwater.horizon@usdoj.gov; airpino@irpinolaw.com; LeBouef, Susan ; Leith, Cheryl; mlemoine@joneswalker.com; Lerner, Daryl; Maher, Erin; CMaze@ago.state.al.us; McCulley, Catherine; PMills@ago.state.al.us; Nelson, Thomas; Ng, Patrick; sean.obrien@sutherland.com; Plaintiffs' Centralized Mailbox; Raines, Carolyn; Roy, James; psavoy@brsfirm.com; aschexneider@joneswalker.com; daniel.schubert@davispolk.com; Scofield, Denise; Strange, Luther; Tanner, Hugh; Toscano, David; theodore.tsekerides@weil.com; Weigel, Alan M.; Beck, David J.; Centralized Mailbox; Flanders, Edward; dgodwin@godwinronquillo.com; dkhaycraft@liskow.com; Kirby, Ky E.; Kuchler, Deborah D.; Langan, Andrew; Lyle, Michael J.; kmiller@frilot.com1; Wittman, Phillip A.; Alabama -- Tambling, R.; Florida -- Kent, Russell; Louisiana -- Peterson, Lillie; Louisiana -- Terrell, Megan; Mississippi -- Wood, M.; Texas -- Niermann, Jon |
| Subject: | Scheduling of Phase 2 30(b)(6) Depositions |
| Attachments: | 2012-01-12 Ltr R Gasaway to S Himmelhoch re MDL 2179 - 30(b)(6) Proposal w attachment.pdf |

Dear Mr. Gasaway:

I am writing in response to your proposal of January 12, 2012 (attached), regarding the scheduling of Phase 2 written discovery and Rule 30(b)(6) depositions.

Sarah Himmelhoch will respond under separate cover regarding the written discovery deadlines.

As for the scheduling of Phase 2 30(b)(6) depositions, I respond in turn to each of the five points of BP's proposal:

**First point**: the United States agrees with this part of the proposal that relevant depositions should be taken at least 45 days after the production of relevant written documents.

**Second point**: The United States believes this schedule is premature.  As was apparent in the discovery conference on January 13, 2012, all parties, not just the United States and BP, have an interest in the scheduling of Phase 2 depositions, and should have the opportunity to provide input into a proposed schedule.  Additionally, a precise schedule will necessarily depend upon the identification of witnesses, their availability, and the final resolution of the list of topics for 30(b)(6) depositions.  The United States, for one, is still in the process of identifying appropriate witnesses; once it does so, and determines their availability, it will be in a position to agree to exact dates.

The United States can respond more generally to the concept of bifurcating Phase 2 depositions into "quantification" and "source control" subject tracks.  Generally speaking, document discovery from the United States pertaining to quantification topics will likely be complete before document discovery pertaining to source control topics.  Therefore, it makes sense that for the United States, quantification depositions should generally occur earlier than source control depositions.

We disagree with the proposed extension of this idea, that all quantification depositions should take place before source control depositions.  The scheduling of expert depositions for Phase I provides what we believe is a useful roadmap.  That schedule recognized that most parties had assigned attorneys to specific subject matter areas, and sought to avoid

1

situations where the same attorneys would be forced to simultaneously prepare for multiple depositions on similar topics.  If the quantification depositions of the United States and other parties are all scheduled in close proximity, for instance, there will likely be a great deal of work during that period for attorneys working on quantification issues, and a corresponding slack period for attorneys working on source control issues, and vice versa.

Therefore, we would suggest the converse of your proposal: that BP depositions on source control topics be scheduled first, followed by BP depositions on quantification topics.  This will ensure more balance regarding attorney scheduling, and will likely result in the depositions being completed in a more timely manner.

**Third point**: No further comment, other than to reiterate that it is premature to set exact dates for depositions without the input of the parties, a check for the availability of the witnesses, and the final resolution of the list of 30(b)(6) topics.

**Fourth Point**: The United States believes that the rules governing the re-scheduling of depositions should continue as they have been enforced to date.

**Fifth Point**: The United States disagrees with this part of the proposal.  Any delay in conducting a scheduled 30(b)(6) deposition should not delay the conduct of other scheduled depositions.  The delay of one deposition is disruptive enough, but to delay additional depositions could create unnecessary chaos in scheduling.  It is also unclear how the parties would determine which "corresponding" depositions should be delayed, as the topics for BP and the United States differ significantly as currently drafted.

Please contact me at your earliest convenience to discuss this matter further.

Sincerely,

Nat

A. Nathaniel Chakeres
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, DC 20044-7611

Overnight delivery:
601 D Street, NW
Washington, DC 20004

202-616-6537 phone
202-532-5973 mobile
202-514-8395 fax
Aristide.Chakeres@usdoj.gov

This e-mail, including attachments, contains information that is confidential and may be protected by the attorney-client or other privileges.  This e-mail, including attachments, constitutes non-public information and is intended to be conveyed only to the designated recipient(s).  If you are not an intended recipient, please delete this e-mail, including attachments, and notify me by return mail, e-mail, or at (202) 616-6537.  The unauthorized use, dissemination, distribution or reproduction of this e-mail, including attachments, is prohibited and may be unlawful.

# Attachment 5

# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:                        (202) 879-5000                               Facsimile:
(202) 879-5175                                                                                (202) 879-5200
robert.gasaway@kirkland.com                     www.kirkland.com

January 23, 2012

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

Sarah D. Himmelhoch, Esq.
A. Nathaniel Chakeres, Esq.
Environmental & Natural Resources Division
U.S. Department of Justice
RFK Main Building
950 Pennsylvania Ave., NW
Washington DC, 20530

Re:     MDL 2179 — Discovery Status and Scheduling Rule 30(b)(6) Depositions

Dear Judge Shushan, Sarah, and Nat:

This letter provides a brief overview of the current status of Phase 2 written and Rule 30(b)(6) deposition discovery in hopes that a planning conversation regarding these issues may occur at some mutually convenient time this week.

**<u>Phase 2 Written Discovery</u>**

As we look ahead to Rule 30(b)(6) depositions, we think that continued monitoring of the status of Phase 2 written discovery becomes increasingly important.

In this regard, Sarah, thank you for your January 19, 2012, email containing an updated document production schedule for the United States.  We look forward to the significant productions of documents and privilege logs due on January 31.  We eagerly await the production of the lion's share of the government's EOP emails over which the United States has chosen not to assert a privilege and any corresponding privilege log(s).  We appreciate knowing about the further expected delays reported in your email.

Chicago       Hong Kong       London       Los Angeles       Munich       New York       Palo Alto       San Francisco       Shanghai

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
Sarah D. Himmelhoch, Esq.
A. Nathaniel Chakeres, Esq.
January 23, 2012
Page 2

### Rule 30(b)(6) Scheduling

As you all know, Judge Shushan asked in December that BP make a first attempt at assembling some kind of outline or plan for taking the depositions of Rule 30(b)(6) witnesses. It was against this backdrop that we sent our January 12, 2012, proposed 30(b)(6) topic list to the United States, along with some suggestions regarding Phase 2 written discovery and its interrelation with Phase 2 depositions. (*See* Attachment 1.) We appreciate the United States' January 17 response to our letter. (*See* Attachment 2.)

While we understand that the United States is not ready to discuss our specific scheduling proposals, we do think it may behoove all of us to begin a scheduling discussion at least as among those who will have to contribute the most time and effort to conducting and managing Phase 2's 30(b)(6) deposition discovery — the Court, the United States, and BP. This approach worked effectively for drafting and negotiating source control stipulations. After BP and the United States are on the same scheduling page, all other parties, of course, will have an opportunity to fully participate in the Phase 2 scheduling discussion, and the Court, if necessary, can resolve any disagreements.

As an initial matter, we agree with the United States that preparing for 30(b)(6) depositions can be time-intensive. BP certainly does not underestimate the challenges of identifying appropriate 30(b)(6) witnesses and ensuring that designated witnesses are adequately prepared to testify.

Despite these challenges, and indeed because of them, it is important to look ahead and establish a schedule that respects the legitimate concerns of all parties while moving efficiently *and* fairly through the 30(b)(6) discovery process. Proceeding catch-as-catch-can, as we have seen, will likely result in a lopsided schedule that prejudices BP by requiring BP to defend a disproportionate number of depositions early on. By contrast, having a schedule — ahead of time — should provide all sides with a fair framework for completing Phase 2 depositions under a manageably ambitious schedule. Nat, we appreciate your email of January 17. We address each of your points in turn below.

*First*, thank you for your agreement that depositions should not occur until at least 45 days after the relevant document productions. Because Phase 2 depositions are scheduled to begin on February 23, 2012, and because the United States' document productions are timed as they are, the best way to implement this rule is to schedule third-parties, if possible, for that first week or two weeks of depositions.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
Sarah D. Himmelhoch, Esq.
A. Nathaniel Chakeres, Esq.
January 23, 2012
Page 3

*Second*, thank you as well for agreeing to begin the United States' 30(b)(6) testimony with witnesses who will testify on quantification topics.  This scheduling approach is appropriate, we believe, in light of the United States's written discovery status.  As you have agreed, a reasonable 45-day period for reviewing the Coast Guard documents means that depositions of United States source control witnesses will occur sometime after March.  But additional adjustments may also be needed in light of the likelihood of further delays in productions of United States documents that Sarah reported in her email to the parties on January 19, 2012.

For its part, BP is amenable to offering, early on, BP witnesses on certain source control topics.  We also agree with the United States that attorney effort should be smoothed across the entire deposition schedule — to the extent possible.

*Third*, we appreciate and agree that establishing exact dates for specific depositions requires considerable effort.  Our specific proposals were therefore just an initial proposal as the Court had suggested, and we are by no means wedded to them.  But we nevertheless would like to press ahead and try to establish a framework — subject to reasonable amendment — for accomplishing our shared goals of moving efficiently and fairly through a challenging Rule 30(b)(6) schedule.  These goals will fall under the wheels of later contingencies if the parties leave everything until later.

*Fourth*, we agree that the Phase 1 rule for reopening a deposition — "good cause shown" — was appropriate for the pace and time constraints of Phase 1 discovery.  By suggesting that we try to define ahead of time when a late document production constitutes good cause for reopening a deposition, we are just trying to reduce the possibility for future disputes and provide incentives for timely productions.  Please reconsider our proposals in this light.

*Fifth*, we are proposing that delays in taking depositions of one party would correspondingly delay some depositions of another party's witnesses.  But to be clear, this proposal would not apply to "*any* delay in conducting a scheduled 30(b)(6) deposition" — rather, it would apply only to delays caused by untimely document productions.  Such a rule is appropriate, we believe, to create the necessary incentives to comply with the Federal Rules and this MDL's case-management Orders.  Here again, we would appreciate it if you would reconsider our proposals in this light.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
Sarah D. Himmelhoch, Esq.
A. Nathaniel Chakeres, Esq.
January 23, 2012
Page 4

*       *       *

As we suggested on the record at the Court's most recent status conference, we think an appropriate next step is a telephone conference some time this week to discuss the case management issues identified above.

Sincerely,

Robert R. Gasaway

Attachments

cc (via electronic mail):

| | |
|---|---|
| R. Michael Underhill | Mark J. Nomellini |
| Steven O'Rourke | Joel M. Gross |
| Robin L. Hanger | Allison B. Rumsey |
| J. Andrew Langan, P.C. | Joseph A. Eisert |
| Barry E. Fields, P.C. | Don K. Haycraft |
| Stuart A.C. Drake | Martin R. Boles |
| Granta Y. Nakayama | Michael C. Occhuizzo |
| Defense Liaison Counsel | Plaintiffs' Liaison Counsel |

# Attachment 6

**Attachment 6**

<u>**Proposed Time Allocation for One-Day Deposition of BP Fact Witnesses in Phase 2**</u>

| <u>Party</u> | <u>Minutes</u> |
|---|---|
| PSC | 190 |
| US | 105 |
| Anadarko | 25 |
| Transocean | 25 |
| States | 20 |
| HAL/CAM | 20 |
| All others | 35 |
| BP | 30 |

Total:          450 minutes (7.5 hours)

# Attachment 7

**Attachment 7**

**Proposed Time Allocation for Two-Day Deposition of BP Fact Witnesses in Phase 2**

| Party | Minutes |
|-------|---------|
| PSC | 380 |
| US | 210 |
| Anadarko | 50 |
| Transocean | 50 |
| States | 40 |
| HAL/CAM | 40 |
| All others | 70 |
| BP | 60 |

Total: 900 minutes (15 hours)

# Attachment 8

**Attachment 8**

**Proposed Time Allocation for One-Day Deposition of US Fact Witnesses in Phase 2**

| Party | Minutes |
|-------|---------|
| BP | 260 |
| PSC | 55 |
| Anadarko | 25 |
| Transocean | 25 |
| States | 20 |
| HAL/CAM | 20 |
| All others | 20 |
| US | 25 |
| Total: | 450 minutes (7.5 hours) |

# Attachment 9

**Attachment 9**

**Proposed Time Allocation for Two-Day Deposition of US Fact Witnesses in Phase 2**

| Party | Minutes |
|-------|---------|
| BP | 520 |
| PSC | 110 |
| Anadarko | 50 |
| Transocean | 50 |
| States | 40 |
| HAL/CAM | 40 |
| All others | 40 |
| US | 50 |
| Total: | 900 minutes (15 hours) |