# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

March 7, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

Re:   United States' Privilege Logs

Dear Judge Shushan:

On Friday, March 2, you asked BP to provide a suggested timeline for the Court's and parties' review of the entries on the United States' voluminous privilege logs. This letter proposes a framework and a timeline for any challenges any party might wish bring to these numerous claims of privilege. In addition, this letter also identifies some of what BP has thus far learned from reviewing the United States' privilege logs, including the United States' extensive invocation of the deliberative process privilege, which constitutes the vast majority of the overall number of privilege claims.

**Background**

Preliminarily, we would like to remind the Court and parties that BP previously stated that it was not challenging United States' logs 1-11. (Hr'g Tr. at 19:19 - 20:13 (Jan. 13, 2012).) This leaves the United States' logs 12-38 (as of today) as the focus of any potential challenges (at least potential challenges by BP).

Two factors, however, somewhat complicate this situation. *First*, on November 27, 2011, the United States stated by email that it would serve revised versions of logs 7-10, but it has not yet done so. BP therefore reserves its rights if the United States were to serve revised versions of these logs in the future.

*Second*, BP has no record that the United States served logs 23, 34, and 35. BP recently requested that the United States send (or resend) these logs, but we have not yet received the logs. Accordingly, we note that the schedule we propose below assumes that BP and the other MDL parties receive these missing privilege logs by this Friday, March 9, 2012. (If BP and the

Chicago   Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai

KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch, Esq.
March 7, 2012
Page 2

other parties do not receive them by that date, we may need to alter the proposed schedule below to accommodate the review of these late-arriving privilege logs.)

Next, some numerical metrics may be helpful in framing this scheduling discussion. The 24 relevant privilege logs that have been sent to BP (Logs 12-22, 24-33, 36-38) contain by our count approximately 92,552 entries. Of this total, approximately 81,854 entries (or 88 percent) withhold documents *exclusively* under a claim of deliberative process privilege. The chart below illustrates the number of total privilege claims by the United States. (Note that, because one document may be withheld under more than one claim of privilege, the numbers below do not sum to the total number (92,552) of overall entries.)

| Attorney-Client/ Work Product | Law Enforcement | 46 U.S.C. § 6308 | Deliberative Process | Other |
|---|---|---|---|---|
| 11,015 | 191 | 1,419 | 83,681 | 52 |

### A. Managing Challenges to Assertions of the Deliberative Process Privilege

BP respects the United States' legitimate invocation of the deliberative process privilege. But the fundamental question is whether the United States is properly invoking this privilege. This question is critical, because as the figures above make clear, claims of this privilege form the vast majority of the United States' overall privilege assertions.

To be sure, the Fifth Circuit and many other circuits lack a well developed body of deliberative process privilege caselaw. This is because litigation involving this privilege typically involves challenges to federal agency action being litigated (often as not) in the D.C. Circuit. The Fifth Circuit has therefore recognized the D.C. Circuit as the "federal appellate court with the most experience in this field" and approvingly cited D.C. Circuit caselaw. *Cooper Cameron Corp. v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002).

The deliberative process privilege traces its roots to common-law origins, and it is incorporated within the Freedom of Information Act's exceptions to disclosure of governmental information, 5 U.S.C. § 552(b)(5). *See Department of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Courts often cite these plentiful FOIA cases in litigation contexts where the privilege has been asserted. *See, e.g., Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882 n.9 (5th Cir. 1981). Compared to the robust privilege covering presidential communications, the deliberative process privilege — not surprisingly — is weaker and subject

## KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch, Esq.
March 7, 2012
Page 3

to a more flexible balancing test.  *See In re Sealed Case*, 121 F.3d 729, 737-38, 746 (D.C. Cir. 1997).

The government may claim this qualified privilege only for certain materials that are both predecisional and deliberative.  *See N. L. R. B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975).  "A document is predecisional if it precedes, in temporal sequence, the decision to which it relates.  Accordingly, to approve exemption of a document as predecisional, a court must be able to pinpoint an agency decision or policy to which the document contributed."  *Senate of the Com. of Puerto Rico on Behalf of Judiciary Comm. v. U.S. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987) (internal quotation marks and citations omitted).

To qualify as deliberative, a document must be "a direct part of the deliberative process in that it *makes recommendations* or *expresses opinion on legal or policy matters*."  *Vaughn v. Rosen,* 523 F.2d 1136, 1146 (D.C.Cir. 1975) (emphasis added).  In other words, the document must be "part of the agency give-and-take … by which the decision itself is made.  The agency must establish what deliberative process is involved and the role played by the documents in issue in the course of that process."  *Com. of Puerto Rico*, 823 F.2d at 585.

The qualified deliberative process privilege does not encompass post-decisional material that merely states, explains, or comments on governmental decisions already made.  *Sears Roebuck*, 421 U.S. at 151 ("[I]t is difficult to see how the quality of a decision will be affected by communications with respect to the decision occurring after the decision is finally reached.").  Nor does it extend to (1) facts contained within predecisional deliberations or (2) materials the agency has incorporated, formally or informally, into its eventual decision.  *Branch*, 638 F.2d at 882; *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

Perhaps most important for present purposes, courts also have adopted the common sense position that the privilege does not apply, or should be severely restricted, in cases where the government is a party to the litigation, and its motives are at issue.  *In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424 *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998); *United States v. Ernstoff*, 183 F.R.D. 148, 153 (D.N.J. 1998); *E.E.O.C. v. Citizens Bank*, 117 F.R.D. 366, 366 (D. Md. 1987) ("[W]hen the Government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over.")

Finally, it is important to recognize as a procedural matter that the United States' current privilege logs do not properly assert the deliberative process privilege.  To properly assert the privilege, the government must submit a declaration (signed by the relevant department head or a suitable delegee) stating that the declarant has personally inspected the withheld documents and

## KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch, Esq.
March 7, 2012
Page 4

explaining why those documents fall within the scope of the privilege. *See Landry v. F.D.I.C.*, 204 F.3d 1125, 1135 (D.C. Cir. 2000); *accord Branch*, 638 F.2d at 882.

As the Fifth Circuit has noted, "The purpose of this procedural requirement is to insure that subordinate officials do not lightly or mistakenly invoke the government's privilege in circumstances not warranting its application." *Branch*, 638 F.2d at 882; *see also Ascom Hasler Mailing Sys., Inc. v. U.S. Postal Serv.*, 267 F.R.D. 1, 4 (D.D.C. 2010) ("A common practice of agencies seeking to invoke the deliberative process privilege is to establish the privilege through a combination of privilege logs, which identify specific documents, and declarations from agency officials explaining what the documents are and how they relate to the [agency] decision." (internal quotation marks omitted)).

### B. Assertions of the Law Enforcement Privilege

The United States, likewise, is the sole party that may invoke the law enforcement privilege. Like the deliberative process privilege, however, the law enforcement privilege requires formal invocations through submission of agency declarations in the manner described above. *See In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). Until the United States provides declarations supporting its assertions of the law enforcement privilege, those claims too have not been perfected.

### C. Proposed Schedule for Challenging the United States' Privilege Logs

Against the above backdrop, and given the significant efforts currently being expended by the United States in producing documents, BP respectfully proposes the following framework and timing for the Court's review and consideration of any challenges to the United States' claims of privilege.

Specifically, BP proposes the following schedule for presenting challenges, if any, to the government's claims on privileges asserted on Logs 12-38 (provided logs 23, 34, and 35 are received by Friday March 9).

- On or before April 6, 2012, BP will bring challenges (if any) to entries on the above privilege logs asserting attorney-client privilege ("AC") or the work product doctrine ("WP").

- Sixty days after receiving the United States' declaration(s) supporting its claims of deliberative process privilege, BP will bring challenges (if any) to the claims each respective declaration supports.

## KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch, Esq.
March 7, 2012
Page 5

- Similarly, thirty days after receiving the United States' declaration(s) supporting its claims of law enforcement privilege, BP will bring challenges (if any) to the claims each respective declaration supports.

- On or before April 13, 2012, BP will bring challenges (if any) to entries on the above privilege logs that fall in the categories of privileges other than those specifically listed above; namely, the "work product" (WP) "attorney client" (AC) "law enforcement (LE) and/or "deliberative process"(DP) privileges.  (This category would include, for example, the joint investigation privilege, privacy act privilege, plus entries on the United States' logs that are not otherwise designated.)

BP believes this schedule should provide all parties reasonable time for reviewing the United States' claims of privilege that the proposal encompasses.

United States privilege claims not covered by this proposal can be addressed in a similar tiered fashion, and according to an appropriate and agreed-upon timetable, once those claims have ripened.

Sincerely,

Robert R. Gasaway

cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Robin L. Hanger
A. Nathaniel Chakeres
Joel M. Gross
Allison B. Rumsey
Don K. Haycraft
Plaintiffs' Liaison Counsel
Defense Liaison Counsel