UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | CIVIL ACTION NO. 2:10-MD-02179 |
| | | SECTION: J |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE BARBIER |
| | | MAG. JUDGE SHUSHAN |

*All Actions*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S AND CLAIMANT'S RESPONSE/OPPOSITION TO PSC'S AND BP DEFENDANTS' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROPOSED *DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES AGREEMENT**

Plaintiff Kuzma Petrovich, Jr[1]. and Claimant Sea Farms, Inc.[2] respectfully oppose the Plaintiffs' Interim Class Counsel and BP Defendants' Joint Motion for Preliminary Approval of Class Action Settlement (Doc. #6266) and *Deepwater Horizon* Economic and Property Damages Agreement (Doc. #6276) for the following reasons.

1. **FACTS:**

   A. **CERTAIN CLAIMANTS ARE STILL WRONGFULLY ASSESSED ATTORNEY FEES UNDER THE HOLDBACK ORDER.**

   Payment of attorney fees is covered by Exhibit 27 of the proposed Economic Agreement. It states that a maximum of $600 million in attorney fees will be paid by the Defendants to Class Counsel (for both the Economic and Medical Settlements). (A copy of Exhibit 27 is attached as Exhibit 1.)

   In discussing the effect of this on the 6% Holdback Order (Doc. 5022, and amended by

---

[1] Ansardi et al. v BP et al., 11-cv-1129.
[2] Undersigned counsel represents claimant Sea Farms, Inc. Sea Farms has not filed suit in the multi-district-litigation but did file a claim with the GCCF, which has not yet been resolved. Sea Farms is a Virginia corporation that bought and resold Gulf Coast oysters. In voluminous detail its claim with with GCCF showed substantial losses because it was unable to complete orders from several of its main vendors as a direct result of the spill.

1

Docs. 5064 and 5274) it foresees that the Court will enter:

> "an Order modifying the Holdback Order to provide that it shall not apply to any Settlement Payments or Other Economic Benefits paid pursuant to the Economic Agreement or any Medical Settlement Payments or other Medical Benefits pursuant to the Medical Settlement Agreement." (Exhibit 27, Paragraph 4.a)

Mr. Petrovich, a commercial oyster fisherman, settled his claim with the GCCF and hand-delivered his acceptance to the GCCF on March 8, 2012. By the time he received a settlement check, however, the tentative settlement of this litigation had been announced and the GCCF had been closed. That check was for 60% of the accepted settlement (as his first of two checks, in accordance with the terms of the proposed Settlement) but a 6% assessment for attorney fees had been withheld, under the terms of the Holdback Order. (This matter has previously been brought before this Court. See Mr. Petrovich's "Motion To Release Held Funds", Doc. # 6168; April 3, 2012)

Under the proposed Economic Agreement, as noted above, the parties have anticipated that the Court will enter an Order "modifying the Holdback Order to provide that it shall not apply to any Settlement payments or Other Economic Benefits paid pursuant to the Economic Agreement". Such an Order, however, would not affect the 6% assessment made on Mr. Petrovich because his payment was prior to the proposed Economic Agreement. Unless the proposed Economic Agreement is revised to completely rescind the Holdback Order, Mr. Petrovich (as well as everybody else who has had any funds assessed and withheld pursuant to the Holdback Order) will be unfairly treated and prejudiced.

The $600 million proposed attorney fees payment, as Exhibit 27 itself notes, "shall cover any and all common benefit and/or Rule 23(h) ["Class Actions; Attorney Fees] attorneys' fees,

2

costs and expenses...". Not only did the PSC perform no work which contributed to Mr. Petrovich's settlement in the first place but now, through the proposed Economic Agreement, all work the PSC/Interim Class Counsel has performed towards settlement of claims of commercial oyster fishermen such as Mr. Petrovich will be completely paid for by the Defendants. To withhold any funds from Mr. Petrovich when the proposed Settlement will fully compensate the PSC/Interim Class Counsel amounts to double dipping.

Likewise, the Economic Agreement as currently proposed would wrongfully assess this 6% under the Holdback Order against those who have not yet settled their claims (such as claimant Sea Farms), but decide to opt-out at a future date from the Settlement or is not included in the settlement and proceeds to a trial with their own attorney.

### B. CLAIMANTS ARE WRONGFULLY EXCLUDED FROM THE SETTLEMENT SOLELY DUE TO THEIR GEOGRAPHIC LOCATION.

Undersigned counsel also represents claimants such as Sea Farms, whose claims, as the Economic Agreement is currently proposed, will be unfairly discriminated against solely because they are outside the artificial geographic boundaries proposed in the Economic Agreement. Sea Farms is a Virginia corporation that buys Gulf Coast oysters and resells them in the Virginia area. Therefore, it is outside of the artificially established boundaries and "zones" proposed in the Economic Agreement because the proposed recovery zones eligible for compensation are limited only to areas within Gulf Coast states.

Sea Farms has suffered substantial and direct economic loss as a result of the spill. Once its submits sufficient proof of such loss and of causation it should be entitled to compensation. However, under the proposed Settlement, all such claims will be disallowed solely because of lack of physical proximity to the Gulf. There is no rational reason that such a claim should be

disallowed on these grounds.   Accordingly, it is submitted that the proposed Settlement be revised to delete the artificial geographic limitations and "Zones" that disallow such claims.

**2. LAW**

This Court must make a preliminary determination that the proposed settlement is fair, reasonable, and adequate.  *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2012 WL 92498 at 7 (E.D. La. Jan. 10, 2012).   The moving parties must demonstrate that the "proposed settlement (i) appears to be the product of serious, informed, non-collusive negotiations, (ii) has no obvious deficiencies, (iii) does not improperly grant  preferential treatment to class representatives or segments of the class, and (iv) falls within the range of possible approval.  *In re OCA, Inc. Sec. & Deriv. Litig.*, No. 05-2165, 2008 WL 4681369, at *11 (E.D. La. Oct. 17, 2008).   Where the Court finds portions of the  proposed  settlement problematic, it may "indicate preliminary disapproval of the agreement and recommend that the parties make certain revisions or modifications." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2012 WL 92498 at *19-21 (E.D. La. Jan. 10, 2012).

**3. CONCLUSION:**

The proposed Economic Agreement is unfair and inadequate insofar as it contains obvious deficiencies and inconsistencies in that it discriminates against (1) parties whose claims are resolved outside of the Economic Agreement (i.e., those who, previously, settled with the GCCF and those who, prospectively, opt-out of the settlement and Economic Agreement) by assessing them the 6% holdback for attorney fees and (2)  parties who suffered economic loss as a result of the spill but are excluded from the Settlement solely because they are outside of

geographic boundaries and "Zones" artificially set in the Economic Agreement.

It is respectfully recommended that the Court deny preliminary approval of these portions of the proposed Economic Settlement until revisions and modifications are made that remedy the deficiencies.

        Respectfully submitted,
        */s/ Daniel E. Becnel, Jr.*
        Daniel E. Becnel, Jr. (2926)
        BECNEL LAW FIRM, LLC
        106 W. SEVENTH ST.
        P.O. DRAWER H
        RESERVE, LA 70084
        (985) 536-1186
        Attorney for Plaintiffs in:
        *Ansardi et al. v BP et al*. 11-cv-1129

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of April, 2012.

        */s/ Daniel E. Becnel, Jr.*