UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | CIVIL ACTION NO. 2:10-MD-02179 |
| | | SECTION:  J |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE BARBIER |
| | | MAG. JUDGE SHUSHAN |

*All Actions*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S RESPONSE/OPPOSITION TO PSC'S AND BP DEFENDANTS' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROPOSED *DEEPWATER HORIZON* MEDICAL BENEFITS CLASS SETTLEMENT AGREEMENT**

Plaintiff Malcolm Coco[1] respectfully opposes the Plaintiffs' Interim Class Counsel and BP Defendants' Joint Motion for Preliminary Approval of Medical Class Action Settlement (Doc. #6267) and *Deepwater Horizon* Medical Benefits Class Settlement Agreement (Doc. #6273) for the following reasons.

1. **FACTS:**

   MEDICAL/PERSONAL INJURY CLAIMANTS ARE WRONGFULLY ASSESSED ATTORNEY FEES UNDER THE HOLDBACK ORDER.

   Payment of attorney fees is covered by Exhibit 19 of the proposed Medical Benefits Class Settlement Agreement. It states that a maximum of $600 million in attorney fees will be paid by the Defendants to Class Counsel (for both the Economic and Medical Settlements). (A copy of Exhibit 19 is attached as Exhibit 1.)

   In discussing the effect of this on the 6% Holdback Order (Doc. 5022, and amended by Docs. 5064 and 5274) it foresees that the Court will enter:

---

[1] Malcolm Alphonse Coco, III v BP et al., #11-cv-946

1

> "an Order modifying the Holdback Order to provide that it shall not apply to any Settlement Payments or Other Economic Benefits paid pursuant to the Economic Agreement or any Medical Settlement Payments or other Medical Benefits pursuant to the Medical Settlement Agreement." (Exhibit 27, Paragraph 4.a)

Mr. Coco had been employed by BP during the cleanup and was seriously injured from exposure to Correxit and burning oil materials combined with burning Correxit while he worked igniting oil fires on a Vessel of Opportunity. He currently has a suit pending in this multi-district litigation.

Under the proposed Medical Settlement Agreement, as noted above, the parties have anticipated that the Court will enter an Order "modifying the Holdback Order to provide that it shall not apply to any Settlement payments or Other Economic Benefits <u>paid pursuant to the Medical Settlement Agreement</u>".

The $600 million proposed attorney fees payment, as Exhibit 19 itself notes, "shall cover any and all common benefit and/or Rule 23(h) ["Class Actions; Attorney Fees"] attorneys' fees, costs and expenses...". Not only has the PSC performed no work which contributed to Mr. Coco's suit in the first place but now, through the proposed Medical Settlement Agreement, all work the PSC/Interim Class Counsel has performed towards settlement of claims of injured Vessel of Opportunity workers such as Mr. Coco will be completely paid for by the Defendants.

As the Medical Settlement Agreement is currently proposed, over and above its providing for payment of all attorney fees for all medical/personal injury claims it would wrongfully assess the 6% under the Holdback Order against Mr. Coco as well as all others with medical/personal injury claims who decide to opt-out at a future date from the settlement or are not included in the settlement and proceed to a trial with their own attorney. To assess Mr. Coco the 6% assessment

simply if he does not participate in the Medical Settlement would be double dipping.

## 2. LAW

This Court must make a preliminary determination that the proposed settlement is fair, reasonable, and adequate. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2012 WL 92498 at 7 (E.D. La. Jan. 10, 2012). The moving parties must demonstrate that the "proposed settlement (i) appears to be the product of serious, informed, non-collusive negotiations, (ii) has no obvious deficiencies, (iii) does not improperly grant preferential treatment to class representatives or segments of the class, and (iv) falls within the range of possible approval. *In re OCA, Inc. Sec. & Deriv. Litig.*, No. 05-2165, 2008 WL 4681369, at *11 (E.D. La. Oct. 17, 2008). Where the Court finds portions of the proposed settlement problematic, it may "indicate preliminary disapproval of the agreement and recommend that the parties make certain revisions or modifications." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047, 2012 WL 92498 at *19-21 (E.D. La. Jan. 10, 2012).

## 3. CONCLUSION:

The proposed Medical Settlement Agreement is unfair and inadequate insofar as it contains obvious deficiencies and inconsistencies in that it discriminates against parties whose claims are resolved outside of the Medical Settlement Agreement (by not being included in that settlement or opting out of it and proceeding to trial with their own attorney) by assessing them the 6% holdback for attorney fees.

It is respectfully recommended that the Court deny preliminary approval of this portion of the proposed Medical Settlement Agreement until revisions and modifications are made that

3

remedy this deficiency.

        Respectfully submitted,
        */s/ Daniel E. Becnel, Jr.*
        Daniel E. Becnel, Jr. (2926)
        BECNEL LAW FIRM, LLC
        106 W. SEVENTH ST.
        P.O. DRAWER H
        RESERVE, LA 70084
        (985) 536-1186
        Attorney for Plaintiff in:
        *Coco. v BP et al*. 11-cv-946

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of April, 2012.

                                                        */s/ Daniel E. Becnel, Jr.*