# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

March 23, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
    Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:   PSC's Draft Phase 2 30(b)(6) Notice to BP Defendants

Dear Judge Shushan:

I write to address some issues raised in the last two discovery conferences relating to the PSC's draft Phase 2 30(b)(6) notice to BP Defendants.

During the March 9, 2012 discovery conference, the Court expressed interest in prioritizing quantification topics in the parties' Phase 2 Rule 30(b)(6) deposition notices. To that end, BP's March 15, 2012 letter (Attachment A) provided the status of the PSC's draft Phase 2 30(b)(6) notice and a revised version of this draft notice.

As previously explained, while the meet and confer process produced good progress, the parties still had not reached agreement on final language for many topics in the PSC's draft Phase 2 30(b)(6) notice at the time when Phase 2 status conferences recently resumed. Accordingly, in the interests of moving things forward, BP's March 15 letter provided a revised version of the PSC's draft notice, which BP edited to address objectionable vagueness, overbreadth, duplication, or other problems with the current draft Quantification topics. (*See* March 15, 2012 letter, Attachment A).

During the March 16, 2012 discovery conference, BP further explained the point of its revised draft PSC notice: "[W]hat we tried to do … was get very particular about which topics are quantification topics and how those should be worded very exactly, so, as we go forward and schedule depositions, we know which ones we prioritize and what the exact wording of the topics are." (3/16/2012 Hrg. Tr. 33:7-12). Nonetheless, there was some disagreement among the parties as to whether BP's Rule 30(b)(6) notice had already been finalized. (Hrg. Tr. 35:9;

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 23, 2012
Page 2

counsel for Anadarko confirms "in fact, those notices have not been actually finalized and served.") (Hrg. Tr. 36:3-4).

Accordingly, to help further the ultimate clarification and finalization of the PSC's draft Phase 2 30(b)(6) notice, BP is providing the Court and the parties a copy of an important PSC email in the meet-and-confer email string among the PSC, the United States, and BP. (*See* Email from B. Barr to J. Lico et al. dated December 13, 2011 (Attachment B)). To the best of our knowledge in preparing this response, a number of issues concerning the draft notice remain open. Moreover, the PSC never circulated any "final" version of the notice to BP, or secured BP's agreement to any such notice.

Yesterday evening, the State of Alabama circulated an email and letter purporting to show that the PSC-drafted notice to BP was fully agreed and should be treated as "final." The correspondence cited by Alabama, however, clearly shows that the language of the Notice was *not* agreed — especially in light of the emails referenced above.

Instead, the PSC simply and erroneously assumed from its failure to carry its meet and confer discussions to conclusion that BP had acquiesced in a suggestion of objectionable language. Nor should the United States have been confused about the lack of finality of the PSC's notice. In stark contrast to the PSC's notice, BP's meet and confer discussion with the United States regarding BP's 30(b)(6) Notice to the United States is well documented and the agreement to its language is express.

Alabama also appears to be concerned that BP's effort to pick up the ball and resolve its unresolved objections is somehow aimed at delay. It is not. As Alabama's belated participation in this process demonstrates, it is vitally important that interested parties settle on clear language that accurately reflects the agreed scope of the various topics.

In this regard, I must note that Mr. Maze's cover email from yesterday suggests that, while BP should be bound to language it did not agree to, Alabama should be allowed to "drop or . . . seek to rewrite and/or add new topics before scheduling begins." There could not be a clearer admission that Alabama considers the notice to be anything *but* final.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 23, 2012
Page 3

      Given that the PSC's draft 30(b)(6) notice has been neither finalized nor served, BP again urges the parties to review the revised draft notice that BP circulated on March 15, 2012.

                Sincerely,

                Robert R. Gasaway

Attachments

cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Robin L. Hanger
A. Nathaniel Chakeres
Brian H. Barr
Joel M. Gross
Allison B. Rumsey
Don K. Haycraft
Plaintiffs' Liaison Counsel
Defense Liaison Counsel