# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois 60654

| | | |
|---|---|---|
| Mark J. Nomellini | | |
| To Call Writer Directly: | (312) 862-2000 | Facsimile: |
| (312) 862-2410 | | (312) 862-2200 |
| mark.nomellini@kirkland.com | www.kirkland.com | |

March 26, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA  70130

    Re: Preservation of Custodial Metadata

Dear Judge Shushan:

  I write to flag an issue for Tuesday's conference relating to the preservation of custodial metadata.  During last Thursday's conference, the U.S. took the position that certain anomalies in custodial data from U.S.'s productions could be explained by the fact that the U.S. instructed custodians that they could delete e-mails so long as one sender and one recipient retained a copy. (BP seeks to meet and confer with the U.S. regarding how the "one recipient" was designated as the preserver for each U.S. email.)  The U.S. contends that this practice is permitted by PTO 22. In fact, as discussed below, the rule that the U.S. now seeks is contrary to the plain language of PTO 22.

  As background, PTO #16, Regarding Production of Documents and Electronic Data, requires the production of metadata showing the custodians of produced documents.  *See* PTO 16, Paragraph 2 and Exhibit 1.  PTO #22, Relating to the United States' Preservation of Documents and Electronically Stored Information, states in pertinent part:

> 10. With respect to Potentially Relevant Documents, the United States need only preserve one copy of each potentially relevant non-identical document, but shall retain any existing information related to the custodians of any duplicates that are not Preserved for production consistent with Pretrial Order 16.
>
> . . . .
>
> 12. The United States need retain only one copy of a Potentially Relevant electronic message sent to multiple parties so long as the copy retained contains any existing metadata identified in Exhibit 1 to Pretrial Order 16.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 26, 2012
Page 2

BP's view is these provisions lessen the U.S.' responsibility to retain duplicate e-mails, but do not lessen the U.S.' responsibility to retain metadata. The U.S.' view is that these provisions lessen the U.S.' responsibility to retain duplicate e-mails and also lessen the U.S.' responsibility to retain metadata.

To understand the parties' differing views, assume that A sends an e-mail to B and C. The U.S.' view is that if A and B retain a copy of that e-mail and C deletes the duplicate copy from C's computer, and the e-mail was produced with metadata showing that A and B were custodians at the time of collection but not that C was a custodian, the U.S.' obligations are satisfied. In other words, while both parties agree that duplicate e-mails need not be retained, the U.S.' view is also that the metadata showing everyone who was a custodian need not be retained.

In the parties' e-mail exchange on this issue, the U.S. contended that there is an "ambiguity" in PTO 22 on this point, and that BP's interpretation rendered the provision "surplussage." In fact, the text of PTO 22 requires the production of all custodial metadata required by PTO 16. Paragraph 10 states that "the United States need only preserve one copy of each potentially relevant non-identical document, <u>but shall retain any existing information related to the custodians of any duplicates</u> that are not Preserved for production consistent with Pretrial Order 16." An email is a type of "document." Likewise, paragraph 12 states that "the United States need retain only one copy of a Potentially Relevant electronic message sent to multiple parties so long as the copy retained contains <u>any</u> existing metadata identified in Exhibit 1 to Pretrial Order 16." The key word is "any." Although duplicates <u>e-mails</u> may be deleted, "<u>any</u> existing <u>metadata</u>" must be retained. That includes metadata relating to all custodians, not just metadata pertaining to the custodian who retained the e-mail.

The U.S. contends that, if paragraph 12 does not give the U.S. the ability to delete metadata, then paragraph 12 is "surplussage." Not so. Under paragraph 12, the U.S. may delete duplicate emails, but must retain the associated metadata. Likewise, paragraph 10 states that "the United States need only preserve one copy of each potentially relevant non-identical document, but shall retain any existing information related to the custodians of any duplicates that are not preserved for production consistent with Pretrial Order 16." Neither paragraph 10 nor paragraph 12 is surplussage.

Among other things, this metadata information is necessary to demonstrate that, beyond someone being the addressee on an email: (1) that the addressee actually received the email, (2) the timing of the email being received by that addressee, and (3) how long it was retained by the addressee.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 26, 2012
Page 3


Finally, BP's preliminary view-which it is continuing to investigate-is that this duplicate issue does not explain the custodial issues with the U.S.' production.  BP expects that it will submit a separate letter on that issue.


\*     \*     \*

BP looks forward to further discussing these issues on tomorrow morning.

Sincerely,


/s/ Mark J. Nomellini

Attachments

cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Robin L. Hanger
A. Nathaniel Chakeres
Brian H. Barr
Joel M. Gross
Allison B. Rumsey
Don K. Haycraft
Plaintiffs' Liaison Counsel
Defense Liaison Counsel (dsc2179@liskow.com)