# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

March 28, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

Re:   United States' Response to BP's Objections to its 30(b)(6) Notice

Dear Judge Shushan:

I write to address briefly the United States' March 27, 2012, letter regarding BP's request for comments on its March 15, 2012, markup of the draft Rule 30(b)(6) deposition notice directed to BP.

We, like the United States, will decline to recount the history of the negotiations over the language of this PSC-crafted Rule 30(b)(6) notice, or the fact that it was neither finalized nor served. These issues were addressed in prior correspondence and commented on at the March 23, 2012, Working Group Conference.

This letter will comment, instead, on the United States' overall objections and make suggestions as to next steps in this drafting process.

*First*, BP is uncertain as to what the United States might have in mind in stating that BP wishes to limit deposition topics to "technical" information. As explained at this Court's March 16, 2012, Working Group Conference, BP's suggestion is that the parties identify core Quantification topics that are most likely to be of interest to the parties' experts and prioritize those topics:

> What we also said was that even though we understand that the United States wants all 15 quantification topics, including the communication topics, and that they would want those to be in a notice, for purposes of seeking out witnesses, seeking out available dates, coming prepared to court to offer witnesses, we thought it would be the Court's preference if we looked at the technical

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 28, 2012
Page 2

>   topics first and were prepared to go forward with scheduling them first."

MDL 2179, Transcript of Proceedings, March 16, 2012, 39:2-11. To our knowledge, BP has never asserted that any sort of appropriate Quantification topics should be categorically "off the table."

Nevertheless, while BP is not seeking to take topics off the table, it remains true that certain Quantification topics, as drafted, are overly broad and complex and in need of refinement. BP believes that these issues should be addressed in the first instance in meet-and-confer discussions. In particular, BP believes that BP and the United States should seek collaboratively to resolve these issues before they are presented to the Court for resolution.

*Second*, the United States contends that BP seeks to limit several topics to "types and methodologies" of analyses and seeks to prohibit inquiry into, for example, underlying data or "the identity of individuals involved." Here again, we believe that the United States may misunderstand BP's position and intentions.

BP's principal concern in this regard is that the affected topics, as drafted, purport to call for testimony on the "identity" of every individual with the slightest, most trivial connection to any datum or "analysis," as well as to list every document, and its custodian, with any tenuous connection to the subject at hand. As BP has maintain from the outset (and certainly just not at the "13th hour,"), these topics, as drafted, would be unreasonably burdensome.

Here again, BP hopes and believes that further meet-and-confer conversations can produce focused, agreed-upon language better suited to serve as Rule 30(b)(6) deposition topics.

*Third*, the United States says that BP wants unreasonably to limit certain topics to certain time periods. The issue here is that certain time periods, as crafted by the PSC, were either overly lengthy or produced confusion about a topic's scope and relationship to other topics.

One example is that original topic #23 asked about analyses of reservoir characteristics "*after* April 11, 2010," (emphasis added) while original topic #26 (which was itself added late in the game) employs somewhat different terminology to inquire about reservoir characteristics "*prior* to April 20, 2010" — an unexplained nine-day overlap.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
March 28, 2012
Page 3

\* \* \* \* \*

In closing, we emphasize that by sending this initial letter BP does not ignore or fail address the many additional points and comments made in the remainder of the United States' March 27 letter. BP will promptly and carefully consider each such comment.

BP would again emphasize, however, that the issues raised by the United States' letter are best addressed in the first instance in a meet-and-confer discussion, so that they can be narrowed or resolved to the extent possible, and so the Court is asked to decide between only truly material and irreconcilable differences.

BP believes that such discussions can occur without delaying the scheduling of 30(b)(6) depositions and that, indeed, such discussions will further the overall deposition process by avoiding unnecessary disputes down the road. BP has reached out to the United States to schedule such discussions.

Sincerely,

Robert R. Gasaway

Attachment

cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Robin L. Hanger
A. Nathaniel Chakeres
Brian H. Barr
Joel M. Gross
Allison B. Rumsey
Don K. Haycraft
Plaintiffs' Liaison Counsel
Defense Liaison Counsel