# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

April 12, 2012

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
    Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:   Scheduling of Further Challenges to Privilege Claims

Dear Judge Shushan:

This letter is being submitted in the wake of the United States' recent decision to release all 100 of the documents BP had selected for submission to the Court for *in camera* review. The letter suggests a way forward regarding future privilege challenges, both for the deliberative process privilege and other privileges.

**Deliberative Process Privilege: Next Steps**

BP agrees with the United States that further briefing on the 100 documents BP had originally submitted for *in camera* review — all of which represented claims of privilege now withdrawn by the United States — has been rendered unnecessary.

The United States suggests that it be given until May 15, 2012, to provide revised logs (and released documents) that extrapolate the United States' newly amended views about the deliberative process privilege to similar documents currently withheld under claims of this privilege. BP suggests that the Court and parties explore alternative dates as well, given this Court's expressed wish to quickly resolve outstanding privilege issues.

Equally important is the timing question as regards the submission of declarations from agency heads (or their designees) supporting any claims of deliberative process privilege that the United States might wish to preserve. In a March 15, 2012, letter to this Court, the United States wrote, "As BP points out in its letter, the purpose of the declaration is to ensure that the claims of deliberative process are appropriate and have given due consideration to the policy goals of open

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 12, 2012
Page 2

government." The Fifth Circuit has likewise explained, "The purpose of this procedural requirement is to insure that subordinate officials do not lightly or mistakenly invoke the government's privilege in circumstances not warranting its application." *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882 (5th Cir. 1981).

Against this backdrop, BP has consistently recognized the importance of adhering to the legal requirement of furnishing agency declarations supporting claims of deliberative process privilege. A fundamental principle for BP, then, is that, whenever the remaining materials are provided, the United States should simultaneously supply declarations supporting its claims of deliberative process privilege for any and all documents that it continues to withhold under a deliberative process privilege claim.

To be sure, BP was willing (due to practical considerations and press of time) to be accommodative and agree to the Court's suggestion that only a "representative sample" of 100 documents initially be subject to the declaration requirement for purposes of briefing and *in camera* inspection.

Now, however, it has become clear that full and fair application of the declaration requirement recognized by Fifth Circuit precedent may actually shorten the time required to work through the remaining deliberative process privilege issues by "insur[ing] that subordinate officials do not lightly or mistakenly invoke the government's privilege in circumstances not warranting its application." *Id.*

Accordingly, as regards documents relevant to Quantification issues previously withheld by the United States under claims of deliberative process privilege, BP respectfully requests that the United States be required *by some date certain* to supply legally sufficient declarations supporting all such claims it wishes to continue to assert.

**Privileges Other than the Deliberative Process Privilege**

The United States also makes arguments about BP's assertion of other privileges, namely attorney-client privilege and the work-product doctrine. These arguments mix apples and oranges, however, and thus threaten to confuse an already complicated Phase 2 discovery process. If the United States has concerns about BP's assertions of privilege, it can raise them, and BP will respond accordingly.

That said, we do note two things. First, BP's prior brief related only to the United States' assertions of deliberative process privilege, a privilege that BP itself has not asserted. And second, the United States clearly acknowledges that the attorney-client privilege and the work-

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
April 12, 2012
Page 3

product doctrine are separate issues governed by separate standards, for the United States expressly clarifies that its decision to pare back its assertions of the deliberative process privilege "does not extend to analyses performed by testifying or consulting experts specifically retained or engaged by the United States (or any other party) for purposes of litigation, which are protected pursuant to the attorney work product doctrine and FED. R. CIV. P. 26(b)(4)." (Rec. Doc. 6212, at 1 n.1.)

Within that context, BP looks forward to continuing its on-going scheduling conversation with the Court and the United States regarding this Court's prompt consideration of non-deliberative process privilege challenges. *See* Attachment 1, M. Petrino email to S. Himmelhoch (Apr. 9, 2012) (suggesting a scheduling approach).

Respectfully Submitted,

Robert R. Gasaway

Attachment

cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Robin L. Hanger
A. Nathaniel Chakeres
Bethany Engel
Thomas Benson
Joel M. Gross
Allison B. Rumsey