# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

April 13, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
    Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Sarah D. Himmelhoch, Esq.
Environmental & Natural Resources Division
U.S. Department of Justice
RFK Main Building
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Re:   MDL No. 2179 — Extrapolating the United States' Deliberative Process Privilege Declassifications Across All Privilege Log Entries Related to Quantification

Dear Judge Shushan and Sarah:

This letter follows up my March 23 letter forwarding a spreadsheet preliminarily identifying 13,124 quantification documents withheld by the United States under claims of deliberative process privilege.

As you will see, we have attached to this letter an updated version of the March 23 spreadsheet, together with a thought or two about our on-going conversation regarding the United States' deliberative process privilege claims.

**BP's Updated Spreadsheet**

As you know, in the wake of yesterday's Court Order (Docket 6228), the United States now bears a burden of ensuring that its privilege log entries based on deliberative process privilege claims relating to Quantification issues reflect valid assertions of the privilege.

## KIRKLAND & ELLIS LLP

Hon. Sally Shushan
Sarah D. Himmelhoch, Esq.
April 13, 2012
Page 2

   This is true, in principle, because the relevant privilege logs are those of the United States, not BP. *See* Fed. R. Civ. P. 26(b)(5); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."). This also make sense in practice, for the United States is much better able than BP to identify Quantification documents referenced on its logs — after all, the United States can inspect withheld documents, while BP cannot.

   Accordingly, in light of this Court's recent order (Docket 6228), BP would respectfully request that the United States, first, reasonably review all privilege log entries from the over 100,000 entries on its privilege logs 12-40 in order to identify documents reflecting an assertion of a deliberative process privilege that is of potential relevance to Quantification issues and, next, make appropriate determinations as to whether or not to release all such documents.

   In particular, as the United States reviews its privilege logs for Quantification entries, BP respectfully requests that it not confine its review solely to those documents appearing in the "rough-and-ready cut" that BP submitted at the Court's request and which BP described as "very preliminary and subject to change." *See* Attachment 1, R. Gasaway Ltr. to Hon. S. Shushan and S. Himmelhoch (Mar. 23, 2012).

   To further assist the Court and United States, however, we are attaching to this letter an updated version of BP's quantification issue/deliberative process privilege spreadsheet. *See* Attachment 2.

   As you will see, this new version of the spreadsheet contains 13,991 entries, which is up slightly from the last version containing 13,124 entries. This new version, like the March 23 version, is intended to segregate and identify United States privilege log entries reflecting an assertion of the deliberative process privilege of potential relevance to Quantification issues.

   No doubt, this version, like the March 30 version, is an approximation that is both over-inclusive and under-inclusive. BP nevertheless provides it in good faith and as an indication of BP's best current thinking regarding which United States deliberative process privilege log entries relate to Quantification issues.

   **Next Steps**

   We understand from our discussion with the Court yesterday that the United States agrees on the practical effect of BP's legal position as stated in BP's brief of March 29, 2012 (Dkt. No. 6148). And we appreciate the United States' willingness to review its privilege logs in light of

## KIRKLAND & ELLIS LLP

Hon. Sally Shushan
Sarah D. Himmelhoch, Esq.
April 13, 2012
Page 3

this general agreement on legal principles and the United States' decision (correct, in our view) to release all 100 of the documents BP had submitted for *in camera* review.

We therefore look forward to receiving by May 15, 2012, revised privilege logs, all released documents, and declarations supporting any documents still retained by the United States under a claim of deliberative process privilege.

To the extent there are questions regarding this spreadsheet or the best way forward on deliberative process privilege issues, BP will be prepared to discuss those issues and questions on Tuesday.

Sincerely,

Robert R. Gasaway

Cc (via electronic mail)

R. Michael Underhill
Steven O'Rourke
Robin L. Hanger
A. Nathaniel Chakeres
Bethany Engel
Tomas Benson
Joel M. Gross
Allison Rumsey