# Attachment 1

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

March 23, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

Sarah D. Himmelhoch, Esq.
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Re:   Follow Up To Yesterday's Written Discovery Call

Dear Judge Shushan and Sarah:

On yesterday's written discovery call, the Court requested that BP provide answers to certain questions and follow-through regarding certain tasks. This letter provides some initial answers and status updates as to those requests.

**Status of Rule 30(b)(6) Notices**

As requested, BP circulated the current draft of the Rule 30(b)(6) Notice to the United States yesterday afternoon. BP understands that the United States and State parties will discuss the current draft of the Rule 30(b)(6) Notice to BP at today's Working Group Conference.

As an additional step, BP plans to update the Court and parties next week as to the non-BP, non-United States, Rule 30(b)(6) notices insofar as those notices pertain to Quantification topics.

Chicago    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
Sarah D. Himmelhoch, Esq.
March 23, 2012
Page 2

### Possible "Zantaz Model" for Addressing Custodian Issues

The Court requested that the BP and the United States consider employing a collaborative "Zantaz Model" to the issue of obtaining timely custodial productions from United States custodians. The short answer is that BP believes that the Zantaz Model is a useful one for addressing the discrepancies the parties are seeing in the United States' productions. BP agrees with the United States that a party-to-party technical conversation is the most appropriate first step in tackling this issue.

### Deliberative Process Privilege Review

The Court also requested that BP provide additional information regarding our March 22, 2012, proposal for accomplishing an accurate, expeditious review of a representative sample of Quantification documents withheld under the deliberative process privilege.

We mentioned yesterday morning that BP's aim in forwarding this proposal is to replace entirely its earlier March 7, 2012, privilege review proposal with a new proposal more to the Court's liking. BP aims though this proposal to suggest a process for accurately and efficiently evaluating tens of thousands of potentially suspect privilege claims as they relate to Phase 2 Quantification documents.

With this aim in mind, we propose to choose for full documentation and adjudication a sample of 50 to 100 privilege claims that will be sufficiently representative so as not to require the full documentation and adjudication of the thousands of remaining Quantification documents withheld under claims of deliberative process privilege. In other words, we will try to choose 50 to 100 documents that will permit the extrapolation of the results of privilege determinations for this comparatively small document set to, as much as possible, a much larger document universe that BP (currently) estimates to number 13,124 documents.

Naturally, BP specifically reserves its right to bring additional deliberative process privilege challenges, and, as a general matter, BP reserves its right to challenge any entry on the United States privilege logs numbered seven or higher.

With that as background, attached to this letter is an Excel spreadsheet with approximately 13,124 entries that we believe, more likely than not, reflect Quantification documents withheld by the United States under a claim of deliberative process privilege.

As emphasized yesterday morning, BP views this list as very preliminary and subject to change. We do not believe the list contains all privilege log entries that reflect Quantification

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
Sarah D. Himmelhoch, Esq.
March 23, 2012
Page 3

documents withheld by the United States under claims of deliberative process privilege. Nor do we believe the list exclusively reflects such documents. What we do think is that this represents a respectable rough-and-ready cut, even though it will ultimately be proven both under- and over-inclusive. We provide it, at the Court's request, with these understandings.

* * * * *

We hope this information proves helpful. Please do not hesitate to contact us with further suggestions regarding ways to expedite the Phase 2 discovery process.

Sincerely,

[signature]

Robert R. Gasaway

cc (via electronic mail):

| | |
|---|---|
| Michael O'Keefe | Joel M. Gross |
| R. Michael Underhill | Allison B. Rumsey |
| Steven O'Rourke | Don K. Haycraft |
| Robin L. Hanger | Plaintiffs' Liaison Counsel |
| A. Nathaniel Chakeres | Defense Liaison Counsel |

# Attachment 2

**(Excel spreadsheet attached to the forwarding email)**