# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Karen McCartan DeSantis
To Call Writer Directly:
(202) 879-5217
karen.desantis@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

April 23, 2012

**BY ELECTRONIC MAIL**

Dahlia S. Fetouh
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109

Re:   *In re* Oil Spill by the Oil Rig "Deepwater Horizon," MDL No. 2179;
      Status of Woods Hole Document Production

Dear Dahlia:

We write in response to your April 20, 2012, letter ("Letter") regarding document production issues raised during our April 17 conference with the Court and in our April 13 letter.

We greatly appreciate the new information your letter sets forth. This response sets forth our own understanding of the status of the seven specific categories of documents discussed with the Court last Tuesday in order to help focus future discussions on those issues that remain unresolved.

1. **Deliverables from the Statement of Work.** We understand that the United States will produce Deliverables 1-3 and additional version of Deliverable 4 by April 30, 2012. We further understand that the United States and the Coast Guard will determine by this date whether they are in possession of Deliverable 5, and will produce all deliverables in their possession by the end of the month. We would appreciate it if Woods Hole could work in parallel with the United States to identify Deliverables that may be in its possession or help the United States locate the Deliverables in its possession.

2. **References in published Woods Hole article.** We understand that the United States will follow up with Lt. Joseph Kusek of the Coast Guard's Research and Development Center regarding the reference cited in footnote 5. We further understand that Woods Hole is not in possession of the DIDSON software manual cited in footnote 2.

Chicago     Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai

## KIRKLAND & ELLIS LLP

Ms. Dahlia S. Fetouh
April 23, 2012
Page 2

3. **Identification of sonars.** We understand that Woods Hole has identified the multibeam imaging sonar as the DIDSON 3000 m and the Acoustic Doppler Current Profiler ("ADCP") as the Teledyne RDI Workhorse Mariner. We further understand that Woods Hole is not in possession of the serial numbers for either the multibeam imaging sonar or the ADCP, nor does Woods Hole have this information.

   As noted during the April 17 conference with the Court and in your Letter, BP is also interested in any information regarding possible after-market hardware or software modifications to the multibeam imaging sonar or to the ADCP. We understand from your representations that Woods Hole has not modified either of the two instruments in a way that could affect either how the two sonars acquired data or BP's ability to read and understand the data. Nonetheless, BP continues to request information regarding any and all modifications so that the effects of such modifications (if any) can be accurately and independently assessed by BP.

4. **In-situ instrument settings.** During the April 17 conference with the Court and in your Letter, you reported that any information regarding instrument settings is encoded in the acoustic data or otherwise described in the "Methods" section of the *PNAS* article, and, therefore, this data is presently available to BP. Over the course of the past week, BP has continued to assess the acoustic data to determine whether Woods Hole's explanation satisfies our request. As of this letter, BP has determined that additional time is necessary to confirm whether we will need supplemental information from Woods Hole regarding in-situ instrument settings.

5. **Format of data files.** Your Letter provides a helpful explanation regarding the format for the binary and hexadecimal files. Based on this information, BP currently believes that its request for information regarding the data formats for binary and ASCII files has been satisfied.

   **Format of "ADHPR" and "DVL" data files.** During the April 17 conference with the Court and in your Letter, you reported that these files were native data streams captured from the Oceaneering ROV and provided to Woods Hole on-site by BP representatives. We further understand that Woods Hole obtained these files in their native format and that these same files have been produced to BP in this same format. Based on this information, BP currently believes that its request for information regarding the format of ROV navigation files has been satisfied.

7. **Algorithms.** During April 17 conference with the Court and in your Letter, you reported that the sonar data was generated as digital outputs that were interpreted by the manufacturer's software and then applied solely to the algorithms laid out the *PNAS* article and "Supporting Information." Over the course of the past week, BP has continued to assess the acoustic data to determine whether Woods Hole's explanation satisfies the request. As of this letter, BP has determined that additional

## KIRKLAND & ELLIS LLP

Ms. Dahlia S. Fetouh
April 23, 2012
Page 3

time is necessary to confirm whether we will need supplemental information from Woods Hole regarding algorithms.

We thank you once again for providing information. We fully expect that any outstanding issues noted above, or any further issues discovered during our ongoing review, can be resolved in a timely and cooperative manner.

We look forward to continuing our discussions and to making further progress on these important issues.

Best regards,

Karen McCartan DeSantis

cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Robin L. Hanger
A. Nathaniel Chakeres
Barry E. Fields
Don K. Haycraft
Plaintiffs' Liaison Counsel
Defense Liaison Counsel