

**U.S. Department of Justice**

Environment and Natural Resource Division

*P.O. Box 761*
*Washington, DC 20044*
*202-514-5261*
*Thomas.Benson@usdoj.gov*

April 23, 2012

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
    Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130


Robert Gasaway
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654
rgasaway@kirkland.com


      Re:    MDL 2179: BP's Privilege Logs

Dear Judge Shushan and Mr. Gasaway:

      This letter follows up on my letter of April 17 and Mr. Gasaway's response earlier today. The United States and BP remain at odds over the lack of subject matter information provided by BP's privilege logs. As discussed in our teleconference with the Court on April 19, we look forward to discussing this matter in tomorrow's teleconference.[1]

      To briefly recite the state of play, the United States' April 17 letter stated that BP's privilege logs were insufficient under the law and rulings in this case because they failed to provide subject matter information. The BP log entries provide only a vague description of the type of document (i.e., report or email), the date, the author, the recipients (including cc and bcc

---

[1] BP has also asserted that it may claim as privileged factual material exchanged between non-attorneys during the response. We plan to address that issue during the substantive briefing of BP's privilege assertions and the associated meet and confer process.

recipients), and the privilege description.  The United States' April 17 letter noted that BP had not provided *any* information about the subject matter of the document.  By contrast, the United States has consistently included a substantive description of each privileged document.

BP's letter responds that the company's logs provide a description of each document in the "privilege description" field.  However, the excerpt from the BP privilege log that BP includes in its letter disproves the claim.  *See* April 23, 2012 R. Gasaway Letter to T. Benson at Attachment A.  Setting aside the boilerplate language of the privilege basis itself, the privilege descriptions in the 10 entries included in BP's privilege log excerpt simply refer to the "Deepwater Horizon incident," "Deepwater Horizon investigation," "congressional response," or "organizational strategies."  These descriptions provide virtually no useful information.  Critically, they do not give any hint as to whether the documents at issue involve flow rate, for example.  Tellingly, BP was able to go through the United States' privilege logs and identify a subset related to flow rate.  The United States would like to do the same, but cannot do so with any confidence.

BP also argues that any difference in the scope of information provided by the United States' privilege logs as compared to BP's is "solely in the eye of the beholder."  Again, this claim is disproved by BP's own attachment to its letter.  *See* April 23, 2012 R. Gasaway Letter to T. Benson at Attachment B.  Were the United States to follow the same process as BP, we could omit the description field altogether and simply claim that the documents were internal, deliberative and related to the Deepwater Horizon incident.  Instead, the United States has provided the subject or title of the document, which often provides a significant amount of information.  For example, the description "Email re draft USACE Recommended Response for Dredging Operations Following Oil Spill Incidents" tells BP the exact subject matter of that document.  Even the entries that BP specifically quotes in its letter include subject matters as specific as "ERDC Spill Capability" and "Oil Spill Cleanup Activities."  There is a difference in kind between the information provided by the United States and that provided by BP.[2]

BP's logs simply do not provide sufficient information to determine whether the claimed privilege is applicable, and thus do not satisfy the Federal Rules of Civil Procedure or PTO 14's requirement that privilege logs include: "a *description* of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged or protected, *will enable a party to assess the validity or efficacy of the privilege claim*."  PTO 14 at ¶3.g (emphasis added); see also Fed. R. Civ. P. 26(b)(5) (requiring party to describe the nature of the documents not produced and do so in a manner that "will enable other parties to assess the claim."); *see also Haensel v. Chrysler Corp.*, 1997 WL 537687 (E.D. La. 1997) (requiring date, author, recipients and "brief description of the document" in order to claim privilege).  BP's boilerplate privilege descriptions simply do not meet the requirement to provide a description of the *document*.

---

[2] BP also notes that the PSC did not object to the nature of BP's privilege logs in previous meet and confer settings.  The United States is not familiar enough with those discussions to respond.  In any event, that the PSC might have concentrated on other matters at that point in the litigation does not mean the logs are sufficient nor bar the United States from raising the issue now.

   The United States has asked BP to include title and/or subject matter information on BP's forthcoming April 30, 2012 logs and serve revised versions of the logs served thus far with that additional information. Per BP's letter, it has declined to do so. The failure to include subject matter information violates PTO 14 and the Federal Rules of Civil Procedure. It makes it impossible for the United States to focus its review and challenge of BP's privilege logs on those documents most important at this stage of the litigation, wasting the resources of the Parties and the Court.

   We look forward to discussing these issues at our teleconference tomorrow.

                       Sincerely,

                        /s/ Thomas A. Benson
                        Thomas A. Benson

cc:  Mark J. Nomellini
   J. Andrew Langan
   Joel M. Gross
   Allison B. Rumsey
   Allan Pixton
   R. Michael Underhill
   Steve O'Rourke
   Sarah D. Himmelhoch
   Bethany Engel
   Robin L. Hanger
   Liaison Counsel