IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL by the OIL RIG      '       MDL NO. 2179
  "DEEPWATER HORIZON" in the      '
  GULF OF MEXICO, on APRIL 20, 2010      '       SECTION: J
    '
    '
This document relates to:      '
*Joshua Kritzer, et al v. Transocean, Ltd., et al*'
(No. 2:10-cv-04427)      '       JUDGE BARBIER
    '       MAG. JUDGE SHUSHAN

**Plaintiff Rhonda Burkeen's Memorandum in Support of Plaintiff's Motion
for Suggestion of Remand to Transferor Court**

    The Court should file a suggestion of remand with the JPML because pretrial proceedings are complete.

**I.**

**Facts**

    Aaron "Dale" Burkeen worked for Transocean for 10 years.  He was happily married to Rhonda Burkeen and they had a son together.  Dale also helped raise his daughter from a prior relationship.  April 20, 2010 would have been Rhonda and Dale's eighth wedding anniversary.  Tragically, he was killed in the *Deepwater Horizon* explosion that day.  Rhonda and Dale's children can take some comfort knowing that Dale died a hero.  After the first explosion, instead of evacuating, Dale stayed to cradle the crane so it would not pose a danger to his fellow crew members as they rushed to the rig's life boats.  After securing the crane, he tried to escape the flames via a staircase in an attempt to escape the rig.  Unfortunately, the second blast went off.  It blew Burkeen from the staircase to the floor.

As a result of this tragedy, Rhonda filed a Jones Act wrongful death suit on behalf of herself and her and Dale's children.  She filed the case in Texas state court against BP, Cameron, Transocean, and Halliburton.  All of these defendants are Texas citizens.  Cameron removed her case to federal court on the basis of OCSLA jurisdiction.  Burkeen filed her first Motion to Remand the case to state court in May 2010. [1]  However, in November 2010, the JPML transferred her case to MDL-2179 before the federal court in Texas ruled on the motion.[2]  Ex. A (JPML transfer order).  This Court separated each type of claim pending in MDL-2179 into "bundles."  Pretrial Order #11 (Dkt. #569).  Burkeen's case falls into Bundle A.  *Id.*  The Court also decided to try cases that were transferred to MDL-2179.  Pretrial Order #41 (Dkt. # 4083).  The trial was designed to be wide-ranging and was supposed to address "all allocation of fault issues . . . including the negligence, gross negligence, or other bases of liability of, and the proportion of liability allocable to, the various defendants . . ." *Id*.  The first trial phase was scheduled to begin on February 27, 2012.  *Id*.  Phase One was to "address issues arising out of the conduct of various parties . . . relevant to the loss of well control at the Macondo Well [and] the ensuing fire and explosion on the MODU DEEPWATER HORIZON on April 20, 2010 . . ."  *Id*.  In short, Phase One would concentrate on which parties were responsible for the damages sustained by victims of the actual explosion (like the Burkeen family) and allocate fault to each responsible party.[3]  Discovery and pretrial proceedings concluded and the Court issued guidelines to the media who wanted to report on the trial proceedings.  Dkt. #5732.  The day before trial was

---

[1] Burkeen has filed two additional motions to remand to state court since her case was transferred to MDL-2179.
[2] The Transferor Judge was the Honorable Sim Lake.  The case was pending in the Southern District of Texas.  The style of the case was *Joshua Kritzer, et al v. Transocean, Ltd., et al*, C.A. 4:10-CV-01854.
[3] The remaining trial phases were to address the subsequent oil spill and would have no effect on Bundle A cases like Burkeen's.  *Id.*

scheduled to begin, the Court *sua sponte* ordered a one week continuance.  Dkt. #5887.  The continuance was not granted because more discovery was needed or because the case was not ready for trial.  Instead, it was granted because the PSC and BP were on the verge of entering into a putative class action settlement (which would not encompass Burkeen's claim) and the Court wanted to give the parties more time to negotiate.  *Id.*

Against this background, Burkeen requests that the Court file a suggestion of remand with the JPML.  An MDL court only has authority to preside over pretrial proceedings.  It has no authority to actually try cases that are transferred to it.  When pretrial proceedings are concluded, the case must be transferred case to the Transferor Court.  Here, it is clear that pretrial proceedings are concluded for Bundle A claims like Burkeen's.  All that is left to do is try those cases.  This cannot be done in an MDL court.  Consequently, the Court should file a suggestion of remand with the JPML.

## II.

### <u>The Court Should Grant Burkeen's Motion</u>

Burkeen's case was transferred to MDL-2179 pursuant to 28 U.S.C. § 1407 for "coordinated or consolidated **pretrial proceedings**."  Ex. A; *See also* 28 U.S.C. § 1407(a).  Section 1407 "imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings.'"  *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1988); *In re Vioxx Products Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) ("[I]t is clear that the court cannot try these cases, but rather must remand them to the transferor forum when pretrial discovery is complete.").  Before asking the JPML to remand a case, it is customary to seek a suggestion of remand from the Transferee Court.

Here, there can be no dispute that pretrial proceedings are complete. The Court intended to try all issues related to liability on Bundle A claims nearly 2 months ago. "Pretrial" proceedings are obviously complete when the actual trial is ready to begin. Consequently, the Court should file a suggestion of remand with the JPML.

## III.

## Conclusion

The Court should file a suggestion of remand with the JPML.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory D. Itkin*

_____
Kurt B. Arnold, Texas Bar No. 24036150
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
Michael E. Pierce, Texas Bar No. 24039117
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
pskrabanek@arnolditkin.com
mpierce@arnolditkin.com

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on April 24, 2012.

*/s/ Cory D. Itkin*

_____

Cory D. Itkin