UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § § § § | MDL No. 2179 <br><br> SECTION:  J <br><br> JUDGE BARBIER <br><br> MAG. JUDGE SHUSHAN |
| Applies to: <br><br> ALL CASES AND 2:10-CV-2771 | | |

**HALLIBURTON ENERGY SERVICES, INC.'S PRELIMINARY OBJECTIONS TO**


**THE PLAINTIFFS' STEERING COMMITTEE'S AND BP DEFENDANTS' JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROPOSED *DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT**


**PLAINTIFFS' AND BP DEFENDANTS' JOINT MOTION FOR PRELIMINARY APPROVAL OF PROPOSED MEDICAL BENEFITS CLASS ACTION SETTLEMENT AND PROPOSED *DEEPWATER HORIZON* MEDICAL BENEFITS CLASS ACTION SETTLEMENT AGREEMENT**


**INTERIM CLASS COUNSEL'S AND PSC'S MOTION FOR CONDITIONAL AND PRELIMINARY CERTIFICATION OF ECONOMIC AND PROPERTY DAMAGES CLASS**

**AND**

**PLAINTIFFS' MOTION FOR CERTIFICATION OF A RULE 23(B)(3) CLASS FOR PURPOSES OF SETTLEMENT**

TO THE HONORABLE CARL J. BARBIER:

For the reasons set forth below, Halliburton Energy Services, Inc. ("HESI") respectfully objects to: (1) Proposed *Deepwater Horizon* Economic and Property Settlement Damages Agreement [Dkt. No. 6276]; (2) Proposed *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement [Dkt. No. 6273]; (3) PSC's and BP Defendants' Joint Motion for Preliminary Approval of Class Action Settlement [Dkt. No. 6266]; (4) Plaintiffs' and BP's Joint Motion for Preliminary Approval of Proposed Medical Benefits Class Action Settlement [Dkt. No. 6267]; (5) the Interim Class Counsel's and PSC's Motion for Conditional and Preliminary Certification of Economic and Property Damages Class [Dkt. No. 6269]; and (6) Plaintiffs' Motion for Certification of a Rule 23(b)(3) Class for Purposes of Settlement [Dkt. No. 6272] (collectively, the "Settlement Agreements").

## I. HESI's Interest in the Settlement Agreements

The proposed Settlement Agreements prejudice HESI substantially and deprive it of plain legal rights to the extent that they: (1) improperly assign claims against HESI to the PSC; (2) attempt to make HESI liable in part for settlement payments via contribution, indemnity, or other legal theories; (3) eliminate or modify the standards of proof for causation and damages; and (4) affect HESI's ability to independently settle with the PSC and/or individual members of the putative classes.

## II. Limited Time to Analyze and Object

1.      HESI objects to the limited amount of time available to analyze the Settlement Agreements and file these preliminary objections. On April 18, 2012, the PSC and BP filed six substantive motions, and two proposed Settlement Agreements with associated exhibits, totaling more than 2,200 pages. As reflected in the PSC's and BP's motions, settlement negotiations between the parties began "in earnest" in February, 2011. Thus, the PSC and BP have had more

1

than a year to structure the proposed settlements, using a veritable army of experts and attorneys. In contrast, HESI has had less than one week to review and analyze the proposed settlements. HESI submits these preliminary objections prior to the hearing scheduled for April 25, 2012, but reserves its rights to modify or supplement these objections and to assert such other and further arguments as are appropriate as it continues to analyze the Settlement Agreements.

2.   HESI objects to the Court considering the Settlement Agreements one week after they were submitted, precluding the parties a reasonable opportunity to prepare and file objections consistent with the time frame set forth in E.D. La. Local Rule 7.5.

### III.   General Objections

1.   HESI objects to the extent the PSC and BP assert that these motions for preliminary approval satisfy standards for <u>final</u> approval. Any ruling on the motions for preliminary approval should not in any way be interpreted as an indication of final approval under Rule 23.

2.   HESI objects to any claim that the terms of the Settlement Agreements are "consistent with governing law." To the contrary, various terms are plainly inconsistent with governing law.

3.   HESI objects to any claim that the Settlement Agreements have "no obvious deficiencies." As set forth herein, the proposed Settlement Agreements suffer from a multitude of deficiencies.

**IV.     Need for Discovery**

1. Given the complexity of the underlying case and proposed Settlement Agreements, as well as the amounts in controversy, HESI requests discovery in preparation for the final class certification and fairness hearing and concerning classes, subclasses, the class representatives, details regarding the settlement terms and parameters, and related issues.

2. Given the complexity of the proposed Settlement Agreements, HESI objects to a preliminary determination as to whether the agreements are fair and reasonable until such time as certain limited discovery can be conducted relating to the claims encompassed, the scope and identity of plaintiffs subject to the proposed settlement, the geographic zones and regions included (or excluded), and the mechanisms of compensation.

3. HESI objects to the Court certifying any of the proposed classes and/or approving any of the proposed Settlement Agreements without first affording HESI a reasonable opportunity to engage in discovery as to both the propriety of class certification and whether the Settlement Agreements are fair, reasonable, and adequate.

**V.     Failure to Satisfy Procedural Requirements for Class Certification**

1. Although HESI does not necessarily object to the appropriateness of using the class action mechanism for settlement purposes, HESI objects to the specific classes and procedures proposed in the Settlement Agreements.

2. HESI objects that the proposed class representatives may not adequately represent the proposed classes, thus the necessity for discovery.

3. The Settlement Agreements identify a multitude of subclasses, comprised of individuals with uncommon interests and radically different businesses and entities, each being compensated for different and individualized injuries pursuant to separate formulas and

3

procedures.  The proposed subclasses fail to satisfy the Rule 23 commonality and predominance requirements, and instead amount to a "super-class" that cannot properly be certified under Rule 23.  *See Wal-Mart v. Dukes*, 131 Sup. Ct. 2541 (2011); *M.D. v. Perry*, 2012 U.S. App. LEXIS 6061 (5th Cir. March 23, 2012).  Given the differences for each individual and entity to be covered by the Settlement Agreements, the proposed settlements and related motions for approval fail to individually set forth the common contentions of law and fact, the determination of which will resolve any issue central to the validity of the claims and causes of action as required under *Wal-Mart* and *Perry*.  Courts no longer defer to parties' allegations of amorphous "super-claims" under *Wal-Mart* and *Perry*.  Indeed, the motions gloss over dissimilarities between the subclasses, claims, and injuries, resulting in a settlement that cannot be approved under Rule 23.  Here, those dissimilarities undermine any effort to establish commonality.

4.      Claimants merely allege a violation of the same legal duty by the same defendant, thus failing to establish that their claims can productively be litigated at once.

5.      The claims of every class member must depend upon a common contention of such a nature that it is capable of class wide resolution—which means the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.  No such showing has been made.  Resolution of the alleged common questions of fact would not decide an issue that is central to the claims of every class member at the same time.  The proposed class cannot show that such resolution would have the capacity to generate common answers apt to drive the resolution of this litigation.

6.      Plaintiffs' claimed common questions of law are too general to allow for effective appellate review.  *See, e.g.*, Interim Class Counsel's and PSC's Motion for Conditional and Preliminary Certification of Economic and Property Damages Class [Dkt. No. 6269-1]

4

("Settlement provides a highly structured, negotiated answer to a single common question of law and fact: whether class members suffered harm as a consequence of the *Deepwater Horizon* oil spill.").

7.      HESI objects that legal and factual questions claimed to be common to the proposed class do not predominate over individual questions; thus class treatment under Rule 23(b)(3) is not justified, and is alleged without any substantive specificity.

8.      HESI objects on the basis that damages necessarily will be calculated on an individual basis, thereby precluding class certification. *See Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 100 Fed. Appx. 296, 297-98 (5th Cir. 2004); *Bell Atlantic Corp. v. AT&T Corp.*, 39 F.3d 294 (5th Cir. 2001).

9.      The Settlement Agreements provide BP with the absolute and unconditional right to terminate the agreement if the number of claimants opting out exceeds some threshold, but HESI is not given access to this threshold figure. HESI objects to the secret nature of this information because such secrecy prevents HESI from assessing whether the proposed Settlement Agreements are the product of non-collusive, arms' length negotiations, and from assessing whether Rule 23's numerosity and commonality requirements have been satisfied.

## VI.    Objections to Validity of Claims That Are Purportedly Assigned

1.      Under general maritime law, HESI is liable only for economic loss claims based on physical damage to a proprietary interest (and perhaps to claims by commercial fishermen). The Settlement Agreements are objectionable to the extent they lack mechanisms to segregate economic loss claims for which HESI is potentially liable from those for which it is not.

2. HESI objects to utilizing a compromised or negotiated settlement amount as a basis for any contribution[1] against HESI. To the extent any party seeks contribution from HESI, assuming *arguendo* such contribution is even available, it must prove those damages for which contribution is sought, and must prove that some act or omission of HESI was a legal cause of such damages.

3. HESI objects to any and all provisions in the proposed Settlement Agreements that dispense with the plaintiffs'/claimants' requirement to demonstrate causation of any alleged injuries sustained as a result of the *Deepwater Horizon* incident. To the extent that the Settlement Agreements "presume" the existence of legal causation, or otherwise modify the legal element of causation, HESI should not be obligated to provide contribution. Nor should any damages assessed without proof of causation serve as a basis for the imposition of punitive damages. HESI demands strict proof of damages and causation, and all other necessary elements of any claims purportedly giving rise to its alleged liability.

4. BP is purportedly fully compensating plaintiffs for their compensatory damages against HESI. If that is the case, punitive damages claims arising out of the same injuries that have been fully settled and released are extinguished.

5. BP is not liable under the Oil Pollution Act ("OPA") without proper "presentment" by plaintiffs. Accordingly, HESI cannot be liable for contribution for claims made without presentment. In its August 26, 2011 Order (Dkt. No. 3830), this Court noted that presentment is a mandatory condition precedent to Plaintiffs' OPA claims against a Responsible Party, but deferred ruling on the issue of distinguishing those claims which have satisfied the

---

[1] For the sake of brevity, HESI uses the term "contribution" herein to refer not only to claims for legal contribution, but also to claims for indemnity, subrogation, equitable contribution, or any other theory of indirect recovery against HESI which may be contemplated by the Settlement Agreements.

6

OPA presentment from those which have not. The proposed Settlement Agreements should not be used as a vehicle to avoid a determination of whether claims have met OPA's presentment requirements.

6. BP voluntarily waived the liability cap under the Oil Pollution Act. *See* 33 U.S.C. §2704(a)(4). BP's voluntary waiver of the cap cannot bind HESI to make payments in contribution beyond its allocated percentage of liability, if any, of the OPA cap amount of $75M plus its allocated percentage of liability, if any, of removal costs.

7. HESI objects to the apparent attempt in the Settlement Agreements to assign contribution rights relating to unliquidated personal injury claims sounding in tort, which violates maritime law.

8. HESI objects to utilizing a compromised or negotiated settlement amount as the basis for any attempt to impose punitive damages on HESI. To the extent any party seeks to impose punitive damages on HESI, which should not in any event be available, those punitive damages must necessarily relate to <u>proven</u> actual damages, not to an artificial amount agreed to by the PSC and BP.

9. HESI objects to the extent the Settlement Agreements purport to assign claims for punitive damages, without proof of liability for, or amount of, compensatory damages. Punitive damages cannot exceed the amount of properly determined compensatory damages. *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) (applying 1:1 ratio of compensatory to punitive damages). HESI further objects to the extent the Settlement Agreements purport to fix the amount of compensatory damages by agreement, because an agreed amount of compensatory damages is not the proper quantity to use for purposes of the 1:1 ratio which governs the magnitude of permissible punitive damages.

10. HESI objects to the Settlement Agreements to the extent they are structured to complicate or preclude an analysis of the permissible ratio of punitive damages to compensatory damages. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008). For example, the Risk Transfer Payments ("RTP") are apparently meant, in part, to liquidate legal disputes about punitive damages; nevertheless BP purports to assign claims for punitive damages against HESI to claimants, without a method to segregate the amounts already paid via RTP from the amounts purportedly subject to collection via assignment.

### VII. Objections to Validity of Purported Assignments of Claims

1. The Settlement Agreements seek an end run around the "settlement bar rule" of general maritime law, which prohibits BP from asserting a contribution claim against HESI without first obtaining a full release for all defendants. *See Lexington Ins. Co. v. S.H.R.M. Catering Services, Inc.*, 567 F.3d 182 (5th Cir. 2009); *Ondimar Transportes Martimos v. Beatty St. Props., Inc.*, 555 F.3d 184, 187 (5th Cir. 2009); *see also Murphy v. Florida Keys Elec. Co-op Ass'n, Inc.*, 329 F.3d 1311 (11th Cir. 2003). The proposed Settlement Agreements are unenforceable to the extent that they contain provisions contrary to the settlement bar rule. Because BP does not have the right to seek contribution against any non-settling defendant, it cannot assign such right to the PSC.

2. HESI objects to the assignment of any BP claims against HESI as violating Section 8.1 of the Contract for Gulf of Mexico Strategic Performance Unit Offshore Well Services, between BP Exploration and Production, Inc. and Halliburton Energy Services, Inc., dated April 15, 2009.

3. HESI objects to the assignment of claims for punitive damages as invalid under general maritime law, Texas law, or other applicable law.

## VIII. Voluntary Payments or Amounts Not Established By Requisite Proof at Trial

HESI objects to the Settlement Agreements to the extent that they purport to make HESI liable for BP's voluntary payments. HESI cannot be liable in contribution for payments BP makes without a legal obligation to do so. *See Durgin v. Crescent Towing and Salvage, Inc*., No. 00-1602, 2002 U.S. Dist. LEXIS 20126, at *11-13 (E.D. La. Oct. 18, 2002). Similarly, HESI objects to the Settlement Agreements to the extent that they purport to make HESI liable for amounts not established by proper proof at trial. For example, in their joint motions the PSC and BP concede that the $2.3B Seafood Compensation Program "exceeds the annual revenue of these industries many times over." Even if HESI is liable for contribution, which it is not, HESI should not be liable for any portion of such over-payment. Likewise, HESI should not be liable for a portion of the $57M fund BP is voluntarily providing to promote the Gulf Coast, BP's voluntary commitment to provide up to $5M in funds for a supplemental publicity campaign managed by the PSC, the $105M BP is voluntarily providing over five years to integrated programs designed to improve healthcare capacity and health literacy, or attorneys' fees BP voluntarily agrees to pay.

## IX. Conditions Imposed on Potential HESI Settlements

The proposed Settlement Agreements improperly restrict HESI's ability to settle claims. HESI should not need BP's approval to settle with any Class, or be required to release claims against BP in order to settle the claims against HESI. BP should not be entitled to review language to an agreement to which BP is not a party.

## X.     Releases, Tolling, and Indemnity

1. HESI objects that it is not entitled to any access to claim files and claims-related data transferred to or generated in the Settlement Program, but is allegedly liable for portions of such payments through indemnity and/or contribution.

2. HESI objects to the Settlement Agreements to the extent they purport to toll the statutes of limitations applicable to claims against HESI, without HESI's consent.

3. HESI objects to the Settlement Agreements to the extent they fail to provide for a dismissal with prejudice of all claims for compensatory damages against HESI. The class is purportedly prohibited from bringing or attempting to collect on any such claims against HESI for compensatory damages. Accordingly, there is no reason such claims should be excluded from the claims to be dismissed with prejudice.

4. HESI objects to the Settlement Agreements to the extent they require a stay or adjournment that does not apply equally to HESI. If the requested stay or adjournment does not apply to HESI, then HESI should be allowed to fully prosecute its claims against BP.

## XI.    Reservation of Rights

As noted above, HESI received the referenced motions and proposed Settlement Agreements less than a week before this filing. Although HESI has made a diligent effort to identify the objections set forth herein, these objections are preliminary in nature, and HESI reserves its rights to withdraw, modify or supplement its objections, or raise additional objections, as it continues to analyze the Settlement Agreements, and in response to objections filed by other parties, or in light of actions by this Court.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

11

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Halliburton Energy Services Inc.'s Preliminary Objections to The Plaintiffs' Steering Committee's and BP Defendants' Joint Motion for Preliminary Approval of Class Action Settlement and Proposed *Deepwater Horizon* Economic and Property Damages Settlement Agreement, Plaintiffs' and BP Defendants' Joint Motion for Preliminary Approval of Proposed Medical Benefits Class Action Settlement and Proposed *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, Interim Class Counsel's and PSC's Motion for Conditional and Preliminary Certification of Economic and Property Damages Class, and Plaintiffs' Motion for Certification of a Rule 23(b)(3) Class for Purposes of Settlement has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 24th day of April, 2012.


                                           /s/  *Donald E. Godwin*
                                           Donald E. Godwin

1906807 v3-24010/0002 PLEADINGS