# Attachment 1

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

April 13, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
    Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Sarah D. Himmelhoch, Esq.
Environmental & Natural Resources Division
U.S. Department of Justice
RFK Main Building
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

      Re:    MDL No. 2179 — Extrapolating the United States' Deliberative Process Privilege Declassifications Across All Privilege Log Entries Related to Quantification

Dear Judge Shushan and Sarah:

    This letter follows up my March 23 letter forwarding a spreadsheet preliminarily identifying 13,124 quantification documents withheld by the United States under claims of deliberative process privilege.

    As you will see, we have attached to this letter an updated version of the March 23 spreadsheet, together with a thought or two about our on-going conversation regarding the United States' deliberative process privilege claims.

### BP's Updated Spreadsheet

    As you know, in the wake of yesterday's Court Order (Docket 6228), the United States now bears a burden of ensuring that its privilege log entries based on deliberative process privilege claims relating to Quantification issues reflect valid assertions of the privilege.

Chicago    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai

## KIRKLAND & ELLIS LLP

Hon. Sally Shushan
Sarah D. Himmelhoch, Esq.
April 13, 2012
Page 2


This is true, in principle, because the relevant privilege logs are those of the United States, not BP. *See* Fed. R. Civ. P. 26(b)(5); *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) ("A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability."). This also make sense in practice, for the United States is much better able than BP to identify Quantification documents referenced on its logs — after all, the United States can inspect withheld documents, while BP cannot.

Accordingly, in light of this Court's recent order (Docket 6228), BP would respectfully request that the United States, first, reasonably review all privilege log entries from the over 100,000 entries on its privilege logs 12-40 in order to identify documents reflecting an assertion of a deliberative process privilege that is of potential relevance to Quantification issues and, next, make appropriate determinations as to whether or not to release all such documents.

In particular, as the United States reviews its privilege logs for Quantification entries, BP respectfully requests that it not confine its review solely to those documents appearing in the "rough-and-ready cut" that BP submitted at the Court's request and which BP described as "very preliminary and subject to change." *See* Attachment 1, R. Gasaway Ltr. to Hon. S. Shushan and S. Himmelhoch (Mar. 23, 2012).

To further assist the Court and United States, however, we are attaching to this letter an updated version of BP's quantification issue/deliberative process privilege spreadsheet. *See* Attachment 2.

As you will see, this new version of the spreadsheet contains 13,991 entries, which is up slightly from the last version containing 13,124 entries. This new version, like the March 23 version, is intended to segregate and identify United States privilege log entries reflecting an assertion of the deliberative process privilege of potential relevance to Quantification issues.

No doubt, this version, like the March 30 version, is an approximation that is both over-inclusive and under-inclusive. BP nevertheless provides it in good faith and as an indication of BP's best current thinking regarding which United States deliberative process privilege log entries relate to Quantification issues.

**Next Steps**

We understand from our discussion with the Court yesterday that the United States agrees on the practical effect of BP's legal position as stated in BP's brief of March 29, 2012 (Dkt. No. 6148). And we appreciate the United States' willingness to review its privilege logs in light of

## KIRKLAND & ELLIS LLP

Hon. Sally Shushan
Sarah D. Himmelhoch, Esq.
April 13, 2012
Page 3

this general agreement on legal principles and the United States' decision (correct, in our view) to release all 100 of the documents BP had submitted for *in camera* review.

We therefore look forward to receiving by May 15, 2012, revised privilege logs, all released documents, and declarations supporting any documents still retained by the United States under a claim of deliberative process privilege.

To the extent there are questions regarding this spreadsheet or the best way forward on deliberative process privilege issues, BP will be prepared to discuss those issues and questions on Tuesday.

Sincerely,

Robert R. Gasaway

Cc (via electronic mail)

R. Michael Underhill
Steven O'Rourke
Robin L. Hanger
A. Nathaniel Chakeres
Bethany Engel
Tomas Benson
Joel M. Gross
Allison Rumsey

# Attachment 1

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

March 23, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

Sarah D. Himmelhoch, Esq.
Senior Litigation Counsel for E-Discovery
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

Re:  Follow Up To Yesterday's Written Discovery Call

Dear Judge Shushan and Sarah:

On yesterday's written discovery call, the Court requested that BP provide answers to certain questions and follow-through regarding certain tasks. This letter provides some initial answers and status updates as to those requests.

**Status of Rule 30(b)(6) Notices**

As requested, BP circulated the current draft of the Rule 30(b)(6) Notice to the United States yesterday afternoon. BP understands that the United States and State parties will discuss the current draft of the Rule 30(b)(6) Notice to BP at today's Working Group Conference.

As an additional step, BP plans to update the Court and parties next week as to the non-BP, non-United States, Rule 30(b)(6) notices insofar as those notices pertain to Quantification topics.

Chicago    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
Sarah D. Himmelhoch, Esq.
March 23, 2012
Page 2

### Possible "Zantaz Model" for Addressing Custodian Issues

The Court requested that the BP and the United States consider employing a collaborative "Zantaz Model" to the issue of obtaining timely custodial productions from United States custodians.  The short answer is that BP believes that the Zantaz Model is a useful one for addressing the discrepancies the parties are seeing in the United States' productions.  BP agrees with the United States that a party-to-party technical conversation is the most appropriate first step in tackling this issue.

### Deliberative Process Privilege Review

The Court also requested that BP provide additional information regarding our March 22, 2012, proposal for accomplishing an accurate, expeditious review of a representative sample of Quantification documents withheld under the deliberative process privilege.

We mentioned yesterday morning that BP's aim in forwarding this proposal is to replace entirely its earlier March 7, 2012, privilege review proposal with a new proposal more to the Court's liking.  BP aims though this proposal to suggest a process for accurately and efficiently evaluating tens of thousands of potentially suspect privilege claims as they relate to Phase 2 Quantification documents.

With this aim in mind, we propose to choose for full documentation and adjudication a sample of 50 to 100 privilege claims that will be sufficiently representative so as not to require the full documentation and adjudication of the thousands of remaining Quantification documents withheld under claims of deliberative process privilege.  In other words, we will try to choose 50 to 100 documents that will permit the extrapolation of the results of privilege determinations for this comparatively small document set to, as much as possible, a much larger document universe that BP (currently) estimates to number 13,124 documents.

Naturally, BP specifically reserves its right to bring additional deliberative process privilege challenges, and, as a general matter, BP reserves its right to challenge any entry on the United States privilege logs numbered seven or higher.

With that as background, attached to this letter is an Excel spreadsheet with approximately 13,124 entries that we believe, more likely than not, reflect Quantification documents withheld by the United States under a claim of deliberative process privilege.

As emphasized yesterday morning, BP views this list as very preliminary and subject to change.  We do not believe the list contains all privilege log entries that reflect Quantification

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
Sarah D. Himmelhoch, Esq.
March 23, 2012
Page 3

documents withheld by the United States under claims of deliberative process privilege. Nor do we believe the list exclusively reflects such documents. What we do think is that this represents a respectable rough-and-ready cut, even though it will ultimately be proven both under- and over-inclusive. We provide it, at the Court's request, with these understandings.

\* \* \* \* \*

We hope this information proves helpful. Please do not hesitate to contact us with further suggestions regarding ways to expedite the Phase 2 discovery process.

Sincerely,

*[signature]*

Robert R. Gasaway

cc (via electronic mail):

| | |
|---|---|
| Michael O'Keefe | Joel M. Gross |
| R. Michael Underhill | Allison B. Rumsey |
| Steven O'Rourke | Don K. Haycraft |
| Robin L. Hanger | Plaintiffs' Liaison Counsel |
| A. Nathaniel Chakeres | Defense Liaison Counsel |

# Attachment 2

**(Excel spreadsheet attached to the forwarding email)**