UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding Sufficiency of BP Privilege Logs (Rec. docs. 6338 and 6341)]**

The U.S. contends that BP's privilege logs do not provide sufficient detail and do not comply with paragraph 3(g) of Pretrial Order No. 14 [Governing the Treatment of Privileged and Work Product Materials] (Rec. doc. 655).[1] Paragraph 3(g) states:

> [A] description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the validity or efficacy of the privilege claim.

Rec. doc. 655 at 3. The U.S. urges that BP has not provided any information on the subject matter of the documents withheld on the basis of a claimed privilege.[2] BP responds that: (1) the descriptions of the documents withheld from production are sufficient; (2) they are equivalent to the descriptions provided by the U.S.; and (3) the PSC did not object to the sufficiency of the descriptions during the preparation for Phase One of the trial.

BP submitted a sample of ten privilege log entries. Rec. doc. 6340 (Attachment A). The issue may be illustrated by the first sample. BP provides information typically found on a privilege

---

[1] The parties submitted letter briefs which were filed in the record. See Rec. docs. 6338, 6340 and 6341.

[2] BP raises at least two other issues, but these are not before the Court on this ruling. See Rec. doc. 6338 and discussion concerning whether BP's flow work, including internal flow rate work, is protected from disclosure.

log. The issue concerns the information provided under the heading, "Privilege Description."

> Discussion among client representatives regarding attorney's request for information for the purpose of offering legal advice **regarding Deepwater Horizon incident.** Discussion of facts or issues or strategies in connection with, and/or in anticipation of litigation **regarding Deepwater Horizon**.[3]

Rec. doc. 6340 (Attachment A first entry) (emphasis added).[4] The U.S. contends that the description provides no useful information concerning the subject matter of the document such as whether it relates to flow rate, which is of significance to the quantification of the amount of oil released from the well.   One commentator states:

> A starting point is that the initial assertion of a privilege claim need not always include all specifics that might ultimately be necessary to resolve it; in a sense, it is more like a prima facie showing that the identified materials were properly withheld on privilege grounds. . . . Assuming it is initially adequate, as just indicated it may upon challenge have to be supported with additional material.

---

[3] The Bates No. - PRIV-BP-HZN-2179MDL00008597.  In addition to "privilege description," the entry contains the following information:

> The Privilege Bates Family Range - PRIV-BP-HZN-2179MDL00008597 - PRIV-BP-HZN-2179MDL00008597.
>
> The Document Type - Email
>
> The Date - May 22, 2010
>
> From/Author - Susan Ford
>
> To/Recipients - David Rainey, Arden Ahnell, and Peter Carragher
>
> CC - Lamar McKay
>
> Privilege Reason - Attorney/Client, Work Product
>
> Withheld or Redacted - Privileged Withheld
>
> Redacted Doc Bates Range

[4] Eight of the other nine examples use "regarding Deepwater Horizon" in the description. The remaining example uses "regarding congressional response."

2

>Ultimately the court may feel that in camera inspection is the only way to resolve the privilege question, but that inspection is not warranted unless the proponent of privilege provides what appears to be adequate support for the claim.

8 Wright, Miller and Marcus, Federal Practice and Procedure §2016.1 at 334-39 (3rd ed. 2010).

BP's privilege log entries are more than sufficient for this "starting point." Once the Court sees any challenges to any of the documents listed on privilege logs it can determine whether BP and/or the U.S. are required to provide additional information, whether the challenges can be resolved through sampling, and the degree to which *in camera* inspections are required.[5]

The request by the U.S. for more detailed privilege logs (Rec. docs. 6338 and 6341) is DENIED. The deadline for any appeal of this order is noon on **Friday, May 4, 2012.**

New Orleans, Louisiana, this 25th day of April, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[5] The parties are, as in Phase One discovery, encouraged to meet and confer to resolve issues by agreement. The Court is not, by this Order, encouraging wholesale objections to privilege logs.