UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL-2179 |
| THIS DOCUMENT RELATES TO: | SECTION J |
| ALL ACTIONS | JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

STATEMENT OF INTEREST AND REQUEST FOR RELIEF
FILED BY THE STATE OF MISSISSIPPI
<u>PURSUANT TO § 1715 OF THE CLASS ACTION FAIRNESS ACT OF 2005</u>

Pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act of 2005 ("CAFA") and their inherent *parens patriae* authority, the Gulf State Attorneys General have a right and a duty to evaluate and address whether the proposed class Settlement, between BP and the Plaintiffs' Steering Committee ("PSC") is fair, adequate and reasonable. In accordance with the responsibility Congress conferred on State Attorneys General to "provide a check against inequitable settlements,"[1] Mississippi Attorney General Jim Hood files this Statement of Interest, objecting to the use of the illegal and illegally-obtained GCCF Releases as an eligibility criteria to exclude 200,000 individuals and entities from the "Economic and Property Damages Settlement Class" definition ("Class Definition") and from the benefits of the proposed "*Deepwater Horizon* Economic and Property Damages Settlement" ("proposed Settlement"), and renews his request to nullify the illegal, illegally-obtained and unconscionable GCCF Releases. The Mississippi Attorney General also seeks relief on behalf of 2,600 claimants, whom the BDO audit identified as having improperly denied claims.

The proposed Settlement has many positive attributes, especially the creation of a Court-supervised, transparent claims process, independently overseen by Special Master Patrick Juneau

---

[1] S. REP. 109-14, S. Rep. No. 14, 109TH Cong., 1st Sess. 2005, 2005 WL 627977 *34 (2005).

as Claims Administrator. However, as noted in the April 13 Statement of Interest filed by Florida Attorney General Pamela Jo Bondi, consideration of whether the proposed Settlement, *in its entirety*, is "fair, adequate and reasonable" is premature. Before the State of Mississippi can accurately assess whether the proposed Settlement is fair, adequate and reasonable, the State respectfully requests that the Court rule on the pending motions and requests that relate to the illegal and illegally-obtained GCCF Releases.

The Class Definition for the "Economic and Property Damages Settlement Class" ("Class Definition") and the exclusions enumerated in the proposed Settlement, improperly propose to incorporate the illegal and illegally-obtained GCCF Releases to exclude almost 200,000 putative class members from the benefits of the settlement and access to the Court-supervised settlement process and Fund.[2] However, the GCCF Releases are unconscionable, contrary to public policy and entered in violation of federal and State law.[3] Consequently, they are unenforceable and void.

---

[2] Section 2.2.6 in the Exclusions in both the Economic and Property Damages Class Definition and the proposed Settlement state that:

> 2.2.6  Any Natural Person or Entity who or that made a claim to the **GCCF**, was paid and executed a **GCCF RELEASE AND COVENANT NOT TO SUE**, *provided,* however, that the execution of a GCCF Release and Covenant Not to Sue shall not prevent a Natural Person or Entity from making a VoO Charter Payment Claim or a Vessel Damage Claim, nor shall a release covering only bodily injury prevent a Natural Person from making Claims under this Agreement.

Docs. 6269-2, p. 9; 6276-1, p. 11.

[3] The GCCF Releases actually are titled: "Release and Covenant Not to Sue." The GCCF Releases purport to do more than abandon or waive a claim or right or agree to refrain from suing on an existing claim. The lengthy "Important Information" section preceding the Release terms states that:

> By signing this document, you are forever waiving and releasing all claims that you may have against BP or any other party….
>
> By signing the attached Release, you are forever giving up and discharging any rights which you may have for any costs, damages or other relief related to or arising from the [Deepwater Horizon] Incident (excepting claims for Bodily Injury or Securities Claim), even if you are not currently aware of such costs or damages and even if such costs or damages arise in the future (i.e. additional oil impacts) or do not manifest themselves until the future.

Important Information About The Attached Release And Covenant Not To Sue, first and third ¶¶. Nowhere in the Release and Covenant Not To Sue or in the "Important Information" that precedes it are the payments or offers for which the Release purports to be in exchange characterized as a "settlement." Rather, the payments are only called

The GCCF Releases violate federal law: (1) by requiring the release of future damages in exchange for a payment from the OPA claims process, in contravention of the 1996 amendments to OPA (*See,* 33 U.S.C.A. §§ 2705(a), 2714(b)(2) and 2715(b)(2)); and (2) because obtained, in many instances, during a period in which BP and its agents intentionally failed to provide a process for presenting, processing and paying interim, short-term damages, in contravention of OPA mandates. (*See, e.g.* 33 U.S.C.A. §§ 2705(a) and 2714(b)(2)).

The GCCF Releases violate State contract law principles because they: (1) purport to release BP (and a 2-page list of other individuals and entities) from liability for all damages, including future damages resulting from gross negligence, that have not yet arisen and are not now known, and punitive damages, in violation of Louisiana statutory law, controlling precedent in this Circuit and public policy;[4] (2) were obtained through exploitation of claimants' economic duress; (3) were obtained in exchange for inadequate consideration; and (4) were obtained without free consent -- claimants did not consent to the release by *choice*, because the *only option* for receiving payment claimants were provided required them to sign this specific release, the terms of which they had no opportunity to negotiate.

Accordingly, the GCCF Releases are void *ab initio* and cannot be given legal affect by agreement of these parties. It would be contrary to the public's interest to permit BP to perpetuate the adverse consequences of its blatant, flagrant and knowing violations of federal and State law. BP must not be permitted to taint the proposed Settlement by incorporation of the

---

"final payments."

[4] Paragraph 3 of the GCCF Release and Covenant not to Sue, states as follows:
> 3. This Release applies to all Claims regardless of the legal or equitable theory (including legal and equitable theories under federal, state, local, and international law, and including without limitation statutory law, regulation, common law, maritime law, strict liability, negligence, *gross negligence, punitive damages,* nuisance, trespass, and all other legal and equitable theories), *whether existing now or arising in the future,* arising out of or in any way relating to the Incident, provided however that this Release does not apply to claims for Bodily Injury or Securities Claim.

(emphasis supplied).

unconscionable GCCF Releases into the proposed settlement's class definition and exclusion of claimants who have had such releases illegally extracted from them from the potential benefits of the proposed Settlement.  BP was placed on notice by federal and State officials that the GCCF Releases violated federal and State law, *prior to use of the Release*.  However, BP and its agents proceeded with impunity to implement the GCCF Releases, without curing the obvious and significant legal defects contained within that instrument.

Timely motions and Requests by the PSC, the Gulf State Attorneys General and the Governor of Louisiana were filed in this Court, as early as January 2011, to end the use of the illegal and illegally-obtained GCCF Releases.  Resolution of these long-pending motions and requests to nullify the illegal and illegally-obtained GCCF Releases is imperative now, *before the Court addresses whether the entire proposed settlement is fair, adequate and reasonable*.

Further, the exclusion in Sections 2.2.6 of the Settlement and in the Class Definition must be severed.  Nullifying the GCCF Releases and severing the exclusion in Sections 2.2.6 of both the Class Definition and proposed Settlement will significantly impact whether the Gulf State Attorneys General can and will ultimately support or oppose the proposed Settlement as fair, adequate and reasonable.  The Mississippi Attorney General respectfully submits that no Settlement or Class Definition that incorporates the illegal, illegally-obtained and unconscionable GCCF Releases, to exclude 200,000 claimants from the settlement benefits, can be deemed fair, adequate or reasonable.

For the foregoing reasons and the reasons set out the attached Memorandum of Law in support of this Statement of Interest, the Court should:

- nullify all of the GCCF Releases to the extent they purport to waive future legal rights, for which no compensation was paid, in violation of Section 2715(b)(2);
- nullify all GCCF Releases, signed between November 23, 2010 and (at least) February 16, 2011, because such Releases were obtained as a result of economic duress and through violation of the OPA-mandated obligation to provide a claims

process for the payment of interim, short-term damage claims;

- nullify all GCCF Releases signed in exchange for the arbitrary Quick Pay sum of $5,000 for individuals and $25,000 for businesses, because such releases were likely obtained through payment of inadequate consideration, as this "Quick Pay" sum bears no relation to the true measure of damages resulting from the Deepwater Horizon Incident.

- permit claimants who believe that the Quick Pay sum inadequately compensated them for all damages incurred, the right to present their claims to the Settlement Fund and Special Master Juneau for re-evaluation and payment from the Settlement Fund, if appropriate, and grant them the right to submit future claims to the Fund if additional damages resulting from the Deepwater Horizon Incident are incurred;

- nullify releases signed by oystermen during the period February 16, 2011, through the end of the GCCF process because they were obtained in exchange for inadequate consideration;

- permit oystermen who signed GCCF Releases after February 16, 2011, the right to present their claims to the Settlement Fund and Special Master Juneau for re-evaluation and adjustment according to the formulas contained in the proposed Settlement or permit them to seek interim damages in accordance with OPA;

- permit all claimants, especially the 2,600 claimants with errors identified by the BDO audit, the right and option to present their claims to the Settlement Fund and Special Master Juneau for re-evaluation and adjustment to correct errors in calculation and eligibility determinations by the GCCF;

- permit all claimants who submit claims to the Settlement Fund and Special Master Juneau for re-evaluation and adjustment to detect and correct errors the right and option to choose to receive interim claims for actual damages, especially the 2,600 claimants with errors identified by the BDO audit, rather than accepting a final payment based on any Settlement formula.

- sever the provisions in the Settlement Release that purport to release future damages resulting from gross negligence and punitive damages; and

- sever the exclusions in Sections 2.2.6 of the proposed Class Definition and in the proposed Settlement. (Docs. 6269-2, p. 9; 6276-1, p. 11).

Respectfully submitted this 25th day of April, 2012.

JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI

BY: s/ Mary Jo Woods_____
MARY JO WOODS, MS BAR NO. 10468
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone No. (601) 359-3680
Facsimile No. (601) 359-2003
Email: mwood@ago.state.ms.us

**CERTIFICATE OF SERVICE**

I, Mary Jo Woods, Special Assistant Attorney General of the State of Mississippi, do hereby certify that on this date, I filed the foregoing document using the Court's ECF system which will send notification of such filing to all counsel of record in this proceeding.

THIS the 25th day of April, 2012.

s/ Mary Jo Woods_____
MARY JO WOODS, MS BAR NO. 10468
SPECIAL ASSISTANT ATTORNEY GENERAL

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone No. (601) 359-3680
Facsimile No. (601) 359-2003
Email: mwood@ago.state.ms.us