

202.962.9280

November 30, 2010

The Honorable Thomas J. Perrelli
Office of the Associate Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC   20530

Dear Mr. Perrelli:

    I thank you for your letter of November 19 urging that I make important changes and improvements to the enclosed Gulf Coast Claims Facility Protocol for Interim and Final Claims ("the Final Protocol"). I have carefully reviewed the suggestions made in your November 19 letter and have adopted certain of your suggestions. I do hope that the Department of Justice will find the Final Protocol acceptable. I have done my best in considering proposed changes made by your office and others.

    In particular, I note the following:

1) Interim payments for past damages will be made on a quarterly basis; the vast volume of claims makes this necessary. However, in certain cases, where "exigent circumstances" are found to exist, such interim payments may be accelerated and paid monthly. The Department has requested this addition.

2) The enclosed Final Protocol continues to reference "proximate cause." I do not believe that the Final Protocol, and the language about "proximate cause," restricts the scope of OPA in any way. Indeed, I believe that the GCCF will prove to be much more generous than either the Coast Guard or the courts in determining claimant eligibility and appropriate documented damage under OPA. In this regard, I refer you to the enclosed Memorandum of Law prepared by Professor John Goldberg of the Harvard Law School who, at my request, has prepared this comprehensive Memorandum focusing on this very issue. This Memorandum was prepared independently and without the input of anybody at the GCCF. It confirms my view that the GCCF will find eligibility, and calculate damages, much more generously than required by OPA.

3) I have modified the proposed release language in the Final Protocol to clarify an important point made in your letter. A claimant who signs a release in conjunction with payment of an OPA claim, will not be required to release his/her claim for

EXHIBIT 7

physical injury, including "behavioral health claims." (If a claimant does receive payment for a physical injury claim, however, the release will include all bodily injuries including those for behavioral health.)

4) I have inserted a limited appeals process for dissatisfied claimants and/or BP. As you know, such a separate appeals process is not required by OPA and was originally my idea, not that of the Federal Administration (as you know, any dissatisfied GCCF claimant already has the option, under OPA, of "appealing" to the Coast Guard or the courts). I am concerned that a new layer of appeals not be used further to delay prompt payment to eligible claimants. Thus, my decision to limit the additional appeals process to only certain claims. You will note that I will not choose the judges who will administer the appeals process.

5) I reiterate that individuals who participated in the Vessels of Opportunity Program during the period when BP pledged in writing not to use such payments as offsets, will not see their GCCF payments offset.

Mr. Perrelli, quite apart from the specific points you mention in your letter, you also raise constructive criticisms concerning "the pace of the claims process" and the need for "additional transparency". I agree with you and acknowledge that the GCCF must do better in these two areas. We should be able to complete the processing of all emergency benefit claims by December 15, 2010; in addition, I will take the necessary steps to assure greater transparency in the processing of claims during this final payment period.

Again, I thank you for your constructive criticism.

Sincerely,

Kenneth R. Feinberg
Administrator
Gulf Coast Claims Facility

KRF:shs

Enclosure:   GCCF Protocol for Interim and Final Claims
             Professor Goldberg's Memorandum of Law