


U.S. Department of Justice



Office of the Associate Attorney General

The Associate Attorney General

*Washington, D.C. 20530*

November 19, 2010

Mr. Kenneth Feinberg
Feinberg Rozen, LLP
The Willard Office Building
1455 Pennsylvania Avenue, NW
Suite 390
Washington, DC 20004-1008

Dear Mr. Feinberg:

This is a critical time for your Gulf Coast Claims Facility, as you transition from your initial emergency phase to the final protocol governing payment of interim and final claims. As the United States has believed from the outset, a claims facility overseen by a neutral, independent administrator has an opportunity to gain the public's trust in a way that a claims facility managed by BP would not. But independence is not enough: The GCCF must also earn that trust through the efficient and fair administration of claims submitted by the individuals and businesses affected by the Deepwater Horizon Oil Spill. Decisions that you make now, and actions that the GCCF takes now, will affect the lives of those in the Gulf long after the cameras have moved on to other stories. There are a number of issues that I believe must be addressed.

First, I continue to have concerns about the pace of the claims process, particularly given the resources available for this claims process. Many of the individuals and businesses whose claims are under review do not have the means to get by while they await GCCF processing. While you have indicated that poor documentation has made it difficult to address some claims quickly, over the past two weeks the number of claims requiring additional documentation has actually gone down – while the number of claims under review has increased significantly.

As you move from the initial emergency phase to the final protocol governing claims administration, it is critical that you pay the remaining legitimate and documented emergency claims quickly. I request that you complete processing and payment of such claims by December 15, 2010, which will be roughly 3 weeks after receipt of the last emergency claims.

Second, a smooth transition to the next phase of processing claims is essential. I am pleased that, at the insistence of the United States and others seeking a fair and expeditious claims process, the draft final protocol has now been revised so that claimants who do not wish to resolve all of their past and future claims will be able to accept, without signing a release, interim payments for past damages. We think this choice, if implemented properly, is consistent with OPA. Interim payments will be an important source of relief for those who continue to be



affected by the Spill and who are uncertain about what the future will bring. Final payments will be available for those who wish, once and for all, to move forward from the Spill and receive a lump sum payment for past and future harm.

Nonetheless, there remain a number of important issues that need to be clarified in the final protocol.

- Your draft final protocol permits claimants to seek interim claims once per quarter. Many of these claimants are living paycheck to paycheck. Permitting them to seek reimbursement only once every three months – especially if their claims then have to sit in a backlog at the GCCF – imposes a burden that claimants should not have to bear. This problem could be addressed in significant part if claimants were permitted to seek interim claims on a monthly basis or if claimants who were facing hardship or had a demonstrated need could seek payments more than once a quarter.

- As we have discussed previously, the GCCF must apply OPA, and in particular the aspect of OPA that requires responsible parties to pay individuals harmed "as a result of" the oil spill. You have made clear that you have applied the OPA standard in making your decisions on particular claims; we think the final protocol should expressly state that the GCCF is applying the "as a result of" standard.

- The proposed release for final claims remains overbroad in multiple ways. As noted above, if individuals wish to receive a lump sum for all past and future damages, in exchange for a release, they should have the option of doing so. But as currently drafted, the release would appear to require claimants to release even claims for types of damages, such as behavioral health claims, that could not have been presented to the GCCF. The release is also sufficiently vague that it suggests that claimants have to release claims of spouses and business partners, even in situations where such a release is unfair and nonsensical. We think these and other problems of overbreadth can and must be addressed in the final version.

- The final protocol should have a streamlined and fair appeals process that does not limit the rights of claimants and does not slow their receipt of payment. Essential to the legitimacy of this process will be the selection of judges to oversee it. Retired jurists or other highly qualified individuals who have the highest integrity and will have the confidence of the people of the Gulf – which will be more likely when the judges are themselves from the Gulf Region – should serve in this capacity.

- The draft final protocol could be more clear, as you have previously acknowledged, that individuals who participated in the Vessels of Opportunity program when BP pledged not to use those VOO payments as offsets will not see those payments offset.

Third, I believe that additional transparency about the claims process is critical. When you administered the September 11th Victim Compensation Fund, you recognized the importance of transparency and the value of providing the public with more information about the principles being applied. Where non-personally identifiable, aggregated information can be provided to

help critical stakeholders understand the process and principles being used to decide claims, there is very little reason not to do so. For the people of the Gulf to feel fairly treated, they must have a greater understanding of the operation of the GCCF and its treatment of claims.

The mission of the GCCF remains critical to the restoration of the Gulf. As we have said before, the success of the GCCF must be judged by whether the people of the Gulf feel fairly treated. I urge you to take action so that the GCCF improves its performance to gain their trust and fulfill its mission.

Sincerely,

Thomas J. Perrelli

Thomas J. Perrelli