IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig, "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *  <br> * MDL No. 2179 <br> * <br> * CIVIL ACTION NO. 2:10-MD-02179 <br> * SECTION: J <br> * |
| THIS DOCUMENT RELATES TO: | * HONORABLE CARL BARBIER <br> * MAGISTRATE JUDGE SHUSHAN |
| *All Actions* | * |

**Motion to Amend the Definition of the Benchmark Period under the Shrimp Compensation Plan in the Economic and Property Damages Settlement Agreement**

### I. Introduction

We represent over 1,100 of the largest commercial fisherman in the Gulf, including hundreds of federally permitted shrimpers. To help ensure the Economic and Property Damages Settlement Agreement ("Settlement") is "fair, reasonable, and adequate," we propose one straightforward and essential modification: the Benchmark Period under the Shrimp Compensation Plan should be defined to allow shrimpers to select a single benchmark year between 2006 and 2009.

Because this change is critical to ensuring adequate participation in the Settlement, this modification should be adopted prior to preliminary approval of the Settlement. Without this modification, the Shrimp Compensation Plan will make it impossible for a significant percentage of the shrimp industry to obtain adequate compensation under the Settlement.

### II. Argument

As it stands, the Shrimp Compensation Plan bases all compensation formulas on performance during the 2009 shrimp season, which was one of the worst in recent history.

The Benchmark Period forces claimants to prove their income based on one of the following options: (i) 2009; (ii) an average of 2009 and 2008; or (iii) an average of 2009, 2008, and 2007. (Seafood Compensation Plan, Settlement Agreement Ex. 10, page 7.) The Benchmark Period determines eligibility for Expedited Compensation or Reduced Expedited Compensation, and it also determines compensation using the Historical Revenue formulas. (*Id.* at 9, 13, 18.)

By forcing reliance on 2009, the Shrimp Compensation Plan dramatically undervalues shrimp claims and severely disadvantages shrimpers. As demonstrated by the exhibits attached to the declaration of Jeffery A. June, attached hereto as <u>Exhibit A</u>, the 2009 season: (1) saw the lowest shrimp prices in 10 years; (2) was the worst total harvest since 1995; and (3) produced the lowest volume of shrimp in 10 years, a terrible result even more pronounced in areas impacted by the *Deepwater Horizon* disaster. Many shrimpers docked their boats and protested shrimp prices during the height of the shrimp season in 2009.

As a result, the 2009 season is an inaccurate reflection of shrimpers' historical and potential earnings. The Shrimp Compensation Plan's mandatory reliance on the 2009 season does not satisfy Fed. R. Civ. P. 23(e)(2) or OPA 90's requirement that economic losses be based on "lost earning capacity." *See* 33 U.S.C. § 2701(b)(2)(E).

Instead, the Court should define the Benchmark Period to allow claimants to select a single year between 2006 and 2009. Proof of shrimp income in any of these years proves a claimant's annual earning capacity under OPA. This modification would allow shrimpers to establish a baseline that more fairly reflects their earning capacities and losses from the *Deepwater Horizon* Spill.

### III. Conclusion

We respectfully move the Court to approve the Proposed Order attached to this motion. The Proposed Order modifies the definition of the Benchmark Period under the Shrimp Compensation Plan to allow claimants to use any single year of 2006, 2007, 2008 or 2009 to establish Benchmark Revenue.

RESPECTFULLY SUBMITTED:

BY:   *s/Stephen S. Kreller*

THE KRELLER LAW FIRM

>Stephen Kreller (LA # 28440)
>4224 Canal Street
>New Orleans, LA  70119
>Telephone:  504-484-3488
>Facsimile:  504-294-6091
>Email:  ssk@krellerlaw.com

FAEGRE BAKER DANIELS LLP

>Gerard M. Nolting
>William L. Roberts
>Craig S. Coleman
>2200 Wells Fargo Center
>90 South Seventh Street
>Minneapolis, MN  55402
>Telephone:  612-766-7000
>Facsimile:  612-766-1600

LANGSTON & LOTT, P.A.

>Duncan Lott
>Casey L. Lott
>100 South Main Street
>Booneville, MS  38829
>Telephone:  662-728-9733
>Facsimile:  662-728-1992
>**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of April, 2012.

                                                *s/ Stephen S. Kreller*