UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | CIVIL ACTION NO. 2:10-MD-02179 |
| | | SECTION:  J |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE BARBIER |
| | | MAG. JUDGE SHUSHAN |
| 10-cv-4536 (U.S. v. BP, MOEX, et al.) | | |

******************************************************************

**PLAINTIFF INTERVENORS (1) MARY G. WALTON, (2) ROGER BARNHARDT, (3) HEATHER CLARK, (4) KENNETH CLARK AND (5) DEREK PAYNE'S COMPLAINT FOR INTERVENTION OF RIGHT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs (1) Mary G. Walton, (2) Roger Barnhardt, (3) Heather Clark, (4) Kenneth Clark and (5) Derek Payne to file this Complaint for Intervention in _U.S.A v BP et al._ (10-cv-4536), in accordance with Federal Rule of Civil Procedure 24.[1]

This Petition of Intervenors alleges as follows:

1.

At all relevant times the Intervenors were and are United States citizens and each is a "person" as that term is defined by the Clean Water Act, 33 U.S.C. Sec 1362(5).

2.

Made Defendant-in-Intervention herein is the United States of America ("United

---

[1] These Plaintiff-Intervenors also have a suit in this multi-district litigation, namely _Mary Gifford Walton; Roger Barnhardt; Heather and Kenneth Clark (husband and wife); and Derek Payne (Individually and as representatives of similarly situated persons) v. BP et al._ (E.D. LA #10-cv-4204; filed November 9, 2010)(removed from N.D. FL, #10-cv-331)

States").

3.

On December 15, 2010 the United States filed its Complaint in this action (captioned *United States of America v. BP Exploration & Production Inc. et al.*, Civ. Action No. 2:10-cv-04536) alleging, among other things, that MOEX Offshore 2007 LLC ("MOEX") violated § 311 of the Clean Water Act, 33 U.S.C. § 1321 ("CWA").  The claims alleged against MOEX for violation of the CWA in the United States' Complaint are based on discharges of hydrocarbons into waters of the United States beginning on April 20, 2010, relating to the Macondo Well and the *Deepwater Horizon*.

4.

On February 17, 2012 the United Sates filed a Notice of Lodging of Proposed Consent Decree (Doc. #5743), in which it has proposed settling MOEX's CWA violations for $45 million. (In the proposed Consent Decree MOEX also has agreed to pay an additional $45 million to several Gulf States and to implement some SEPs (Supplemental Environmental Projects).

5.

On February 24, 2012 the Department of Justice had the Proposed Consent Decree filed in the Federal Register and stated that it would be accepting public comments for the next 30 days.

6.

On March 19, 2012, undersigned counsel filed a Public Comment with the Department of Justice, objecting to the Proposed Consent Decree. (A copy is attached as Exhibit 1. All statements and allegations in this Comment are incorporated herein.)  The

primary objections in it are that (1) the amount of the proposed settlement with MOEX is inadequate, and (2) there is insufficient information in it to show how the amount of the penalty had been determined.

7.

Among other things, the Public Comment noted that:

**1. The Proposed Penalty Is Inadequate at Even the $1,100/Barrel Penalty Rate**:

The Clean Water Act provides for fines in a situation such as this from $1,100 per barrel spilled to, in the case of "gross negligence", $4,300 per barrel.

The U.S. has estimated the amount spilled to have been 4.1 million barrels

MOEX owned a 10% in interest in the well.

If the fine were assessed at $1,100/barrel, the total fine would be $4.51 billion. Moex's 10% share would therefore be $451 million. The $45 million proposed settlement, however, would be only 1% of a $4.51 billion penalty against BP.

**2. The Evidence Currently Known Indicates That The Incident Was An Act Of "Gross Negligence", Thereby Triggering the $4,300/Barrel Penalty Rate:**

The Chief Counsel's Report of the Presidential Commission made several findings that could reasonably lead one to determine that the spill was the result of gross negligence:

> The Chief Counsel's team concluded that all of the technical failures at Macondo can be traced back to management errors by the companies involved in the incident. BP did not fully appreciate all of the risks that Macondo presented. It did not adequately supervise the work of its contractors, who in turn did not deliver to BP all of the benefits of their expertise. BP

3

personnel on the rig were not properly trained and supported, and all three companies failed to communicate key information to people who could have made a difference.

Among other things:

☐ BP did not adequately identify or address risks created by last-minute changes to well design and procedures. BP changed its plans repeatedly and up to the very last minute, sometimes causing confusion and frustration among BP employees and rig personnel.

☐ When BP did send instructions and procedures to rig personnel; it often provided inadequate detail and guidance.

☐ It is common in the offshore oil industry to focus on increasing efficiency to save rig time and associated costs. But management processes must ensure that measures taken to save time and reduce costs do not adversely affect overall risk. BP's management processes did not do so. (Emphasis added).

Further, the Chief Counsel's Final Report was but one of numerous reports, studies, and hearings that came to similar findings, including those by:

- the U.S. Coast Guard;
- the U.S, Mineral Management Service (now the Bureau of Ocean Energy, Management, Regulation and Enforcement);
- the Deepwater Horizon Study Group;
- the Final Report of the National Commission on BP Deepwater Horizon and Offshore Drilling; and
- numerous Congressional Committees.

Accordingly, in light of these factors, combined with MOEX's knowledge of BP's history of violations, it is very likely that a trial would result in a determination of "gross negligence" against MOEX as well as BP, thereby resulting in the increased fine of up to $4,300/barrel.

**3. The Proposed Settlement is Even More Inadequate at the $4,300/Barrel Penalty Rate For Acts of "Gross Negligence":**

If the fine were assessed at $4, 300/barrel, and the total fine would be

4

$17.63 billion. Moex's 10% share would therefore be $1.763 billion. The $45 million proposed settlement, however, would be only 0.26% of a $17.63 billion penalty against BP.

### 4. The Proposed Settlement Does Not Adequately Consider the "Penalty Factors" Of The Clean Water Act.

The Clean Water Act specifies several explicit factors that are to be considered when assessing a penalty. Although this is a proposed settlement and not an assessment, there is insufficient discussion of CWA's penalty factors. Without such, it is not possible to determine if the Proposed Settlement amount may be adequate. Therefore, the Proposed Settlement should be withdrawn and revised also to include a discussion of how the amount relates to the penalty factors.

8.

The Department never responded to this Comment.

9.

The extent and enormity of the damage caused by the oil is still being realized. For example, even in just the few days since the proposed Consent Decree was filed and the Public Comment was filed, there have been new reports of new presence of oil in Barataria Bay; further signs of "severe ill health" in dozens of dolphins from Barataria Bay; and "widespread damage and the slow death of a deep-sea coral community in the Gulf of Mexico", all linked to the oil. These recent reports further exemplify the inadequacy of the United States' proposed settlement amount with MOEX.  See:

(1)  "Photos Document BP Still Contaminates "Cleaned" Louisianan Marshes, Officials Say"
Times Picayune; March 30, 2012, at :
http://www.nola.com/environment/index.ssf/2012/03/photos_document_bp_oil_still_c.html

5

(2) "Dolphins In Barataria Bay Are Severely Ill, NOAA Says";
Times Picayune; March 23, 2012, at:
http://www.nola.com/environment/index.ssf/2012/03/dolphins_in_barataria_bay_poll.html ; and

(3) "Report: Oil Spill Culprit For Heavy Toll On Coral";
Times Picayune; March 26, 2012, at:
http://www.nola.com/newsflash/index.ssf/story/report-oil-spill-culprit-for-heavy-toll/82dca068b01949aeba9d768e2b79c8fd

10.

This Complaint is being filed because the Proposed Consent Decree (Doc. #5743-1) is inadequate for the reasons stated herein and in the Public Comment, including that the amount of the penalty is inadequate and because it does not consider the factors to be considered in settlement of CWA violations.

WHEREFORE, the Intervenors pray that this Court deny the United States' Motion for Entry of Judgment and to Make Consent Decree Final, and grant other such relief as this Court deems just and proper.

    Respectfully submitted,
    */s/ Daniel E. Becnel, Jr.*
    Daniel E. Becnel, Jr. (2926)
    BECNEL LAW FIRM, LLC
    106 W. SEVENTH ST.
    P.O. DRAWER H
    RESERVE, LA 70084
    (985) 536-1186
    dbecnel@becnellaw.com
    Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of April, 2012.

                                                                                        */s/ Daniel E. Becnel, Jr.*