**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * * * * * | CIVIL ACTION<br><br>MDL NUMBER:     2179<br><br>SECTION     J |
| | * | |
| | * | Honorable CARL J. BARBIER |
| This document relates to: | * * | |
| 10-CV-04573 | * * | Magistrate Judge SHUSHAN |
| | * * * | |
| ******************************************** | * | |

**SUPPLEMENTAL OPPOSITION OF BP DEALER PLAINTIFFS TO**

**JOINT MOTION FOR PRELIMINARY APPROVAL OF**

**CLASS ACTION SETTLEMENT AND RELATED RELIEF**

Plaintiffs TOBATEX, INC. and M.R.M ENERGY, INC. ("BP Dealer Plaintiffs") submit

the following supplemental opposition to the joint motion of the Plaintiffs' Steering Committee

("PSC") and BP Defendants for Preliminary Approval of Class Action Settlement in light of the joint presentation provided by Movants to the Court on April 25, 2012.  BP Dealer Plaintiffs are mindful of the Court's comments that at this stage the approval is only preliminary and that the parties will be given an additional opportunity to oppose the settlement.  However and as outlined by the Movants, this is not a normal settlement of a class action.  Upon Preliminary Approval, wheels will be set in motion which make it far more difficult to examine the issue raised herein at the final approval stage.  Detailed class notices are sought to be approved and then circulated at monumental expense.  Moreover, the settlement provides for immediate payments to begin even though the settlement is not final.  Such a payment process raises the concern about what to do if the Court later finds merit in this opposition.  Clearly, there would be a strong incentive to overlook objections.  Yet, these problems are easily resolved by simply examining this issue at this point rather than later down the line.

In his comments, BP's counsel, Mr. Godfrey, discussed the law applicable to the preliminary approval process.  The Court is to determine whether preliminarily the settlement appears "fair, reasonable and adequate."  The Court is to determine whether the negotiations were "non-collusive."  The Court is to determine whether there are "obvious deficiencies."  And the Court is to determine whether the settlement provides "preferential treatment" either for class representatives or a segment of the class.

BP Dealer Plaintiffs do not disagree with these legal principles.  Rather, BP Dealer Plaintiffs assert that there is a small area in the settlement which provides "preferential treatment" to a segment of the class which is so blatant as to constitute an "obvious deficiency" and which there appears a reasonable inference that with regard to this area the settlement

-2-

negotiations were in fact "collusive."  The failure of BP and the PSC to address this issue in their presentation simply strengthens the inference.

At issue in this opposition is Paragraph 2.2.4.8 of the Economic Damages Settlement Agreement which specifically excludes "[a]ny entity selling or marketing BP-branded fuel. . ."

In his presentation to the Court, PSC Counsel, Mr. Rice, discussed the "exclusions" from the class.  He stated that the exclusions were industry specific.  He stated that industries such as banking and insurance had other problems at the time which made causation more problematic.  Although he stated that BP Dealers were excluded, Mr. Rice offered no reason for this non-industry but entity/person specific exclusion.

In his presentation to the Court, PSC and Liaison Counsel, Mr. Roy made the conclusory statements that  there was no "collusion" and that all claimants in the same category were treated identically.  Mr. Roy did not discuss the reason for the exclusion of the BP Dealers or why these dealers located in the same Gulf Coast Areas should be excluded when all other service stations, convenience stores, fast food restaurants and car washes in the Gulf Coast Areas were included.

In his presentation to the Court, BP Counsel, Mr. Godfrey not only did not discuss any reason for the BP Dealer exclusion but asserted without any authority that an excluded party was not even permitted to object to the settlement.

It is these comments that the BP Dealer Plaintiffs would request that this Court examine further.  The BP Dealer Plaintiffs submit that the BP Dealer exclusion is not industry specific, is discriminatory toward a weaker plaintiff and results in preferential treatment within a common

industry.  They further submit that the failure to address the issues raised herein suggests collusion.

### A.      The Exclusion of the BP Dealers is not an Industry Exclusion.

BP Dealers are predominantly independent businesses and frequently involving but a single station.  Many are located in the Gulf Coast Areas.  BP Dealers have supply contracts to purchase BP fuel and have a right to sell that fuel under the BP name and logo.  They are contractually obligated to protect the BP brand and may have their license terminated if they violate this provision.  They set the price at which their products and services are sold and retain the revenues from those sales.  There is no evidence that there is any contractual provisions which would in any way limit or reduce the claims they have asserted in this action.  None have been suggested by Movants and none exist.

BP Dealers are part of the service station industry.  They sell motor fuel to the consuming public just like all of the other branded and unbranded dealers in the Gulf Coast Area.  They sell convenience store products like other service stations and numerous other retailers in the area. Many offer car washes just like other car washes in the area.  Some have fast food restaurants such as Subway just like other businesses in the area, including other service stations.

Employees working at BP Dealer stations are just like any other employee who worked for any other affected service station in the Gulf Coast Area and their lost wages are no different.

The service station industry is not excluded by the settlement agreement.  The convenience store industry is not excluded by the settlement agreement.  The car wash and fast food industries are not excluded by the settlement agreement.

-4-

As such, the BP Dealer exclusion is not an "industry" exclusion.  Rather, it is an individual exclusion applying only to some persons or entities opertating in an otherwise included industries.

**B.     The Exclusion of the BP Dealers is Discriminatory and Constitutes Preferential Treatment to Class Representatives and Segments of the Same Class.**

One of the Class Representatives is GW Fins, a restaurant in the Gulf Coast Area and presumably a representative for all restaurants if not all businesses who were affected.  GW Fins is included in the settlement.  The BP Dealer who has a Subway restaurant on site and lost revenues just like GW Fins is excluded.  This would be akin to excluding the Redfish Grill while including GW Fins.  It is preferential treatment to a Class Representative in the same industry.

The Shell Dealer, the Chevron Dealer, the Exxon Dealer located in the same community as the BP Dealer are included in the settlement while the BP Dealer is excluded.  All are in the same industry.  All suffered the same types of losses to a greater or lesser extent.  This constitutes preferential treatment to a segment of the Class.

**C.     The Settlement Appears Collusive with Regard to the BP Dealers.**

On April 24, 2012, the BP Dealer Plaintiffs filed and served their initial opposition memorandum.  BP and the PSC had this opposition in advance of the April 25 hearing.  Very few oppositions were filed by others so the BP Dealer Plaintiffs' opposition could hardly have been overlooked.

Long prior to the April 18 motion filing, the BP Dealer Plaintiffs attempted to communicate with both the PSC and BP concerning the settlement.  Those attempts were met with silence.

At the April 25 presentation, neither BP nor the PSC even discussed much less offered any justification to this Court for the BP Dealer exclusion.

No presentation or report was provided by Magistrate Judge Shushan at all, although it is common practice for the settling parties who use a mediator to authorize the Court to speak directly to the mediator regarding settlement issues and possible collusion.

At this juncture and in the absence of discovery or a report by Magistrate Judge Shushan, there is simply no way of knowing why the BP Dealers have been excluded.  We don't know who sought the exclusion.  We don't know the basis on which the exclusion was sought.  We don't know what response was given by the other side.  And we don't know if Magistrate Judge Shushan was even advised of this exclusion or any justification for this exclusion.  We just know that no one wanted to speak with the BP Dealer Plaintiffs or their counsel.

It is clear that unlike others in the service station industry, BP has certain economic leverage it can bring to bear against its own dealers which makes them more vulnerable. Moreover, the settlement provides up to a $600 million payout for the PSC, Liaison, and Class Counsel in the event the settlement is finally approved.  It was stated that this sum was negotiated after all other terms were negotiated but it does not appear that this fee amount was reached before the BP Dealer exclusion was justified or negotiated.

BP Dealer Plaintiffs submit that the absence of any justification by either BP or the PSC for the BP Dealer exclusion coupled with the foregoing factors leads to the strong inference that at least insofar as the BP Dealer exclusion is concerned the settlement appears collusive and should be subject to further scrutiny by this Court at this time.

## Requested Action

The BP Dealer Plaintiffs do not seek to thwart this settlement.  They do not seek to delay this settlement.  They do not seek to have any special or different settlement than that provided to the entire service station industry located in the Gulf Coast Areas.  They merely seek to have their concerns examined at this time.

The BP Dealer Plaintiffs ask that the Court make inquiry as to the justification for the BP Dealer exclusion from the PSC and BP or direct Magistrate Judge Shushan to make such investigation as she deems warranted and report to this Court.

If the Court is satisfied that the BP Exclusion is not collusive, does not constitute preferential treatment in a common industry and is preliminarily fair, reasonable and adequate, then the BP Dealer Plaintiffs will accept those findings and conclusions and seek to have the stay of their action lifted so that it may be pursued.

If the Court finds that any proffered justification for the BP Dealer exclusion is not preliminarily appropriate, then this Court has the power to suggest that the parties negotiate on this issue further in order to render the settlement approvable.  Should the exclusion be dropped, the BP Dealers and their employees are easily identified and may be provided with adequate

notice and an opportunity to opt-out should they so choose well within the timeline otherwise provided for this settlement process.[1]

This is a very large settlement and the BP Dealers issue is a very small aspect.  However, it is the traditional role of the Court to insure that the rights of minorities are protected and that improper discrimination does not occur.  Only the Court is in a position to insure fairness throughout the process.

**RESPECTFULLY SUBMITTED BY:**

(s) Samuel T. Rees

Samuel T. Rees (LA Bar No. 30203)
26 Muirfield Place
New Orleans, Louisiana 70131
Telephone: (213) 220-9988
Fax: (323) 874-1234
STReesEsq@earthlink.net

AND

Thomas P. Bleau (CA Bar No. 152945)
Martin R. Fox (CA Bar No. 155783)
Bleau Fox
A Professional Law Corporation
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, CA 90068
Telephone: (323) 874-8613
Fax: (323) 874-1234
tbleau@bleaufox.com
mfox@bleaufox.com

Attorneys for Plaintiffs and Plaintiff Class

---

[1]     Should the BP Dealers be included in the settlement, their counsel should be added as Class Counsel to insure that further discrimination does not occur.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of April 2012.

/s/ Samuel T. Rees
Samuel T. Rees