IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL NO. 2179 SECTION J JUDGE BARBIER MAG. JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO: *All Actions* | § § | JURY TRIAL DEMANDED |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | | |
|---|---|---|
| ABRAHAM B. BERNARD, INDIVIDUALLY AND D/B/A UNITED MARINE SHIPYARD, ET AL; | § § § § | |
| VS. | § § | C.A. NO. 2:12 CV 349 CJB |
| BP P.L.C., ET AL | § | |

**PLAINTIFFS/CLAIMANTS' RESPONSE/OPPOSITION
TO PSC'S AND BP DEFENDANTS JOINT MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AND PROPOSED *DEEPWATER HORIZON*
ECONOMIC AND PROPERTY DAMAGES AGREEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs/Claimants, Abraham B. Bernard, Individually and d/b/a United Marine Shipyard, et al, respectfully oppose the Plaintiffs' Interim Class Counsel and BP Defendants' Joint Motion for Preliminary Approval of Class Action Settlement [Doc. 6266] and *Deepwater Horizon* Economic and Property Damages Agreement [Doc. 6276] for the following reasons:

## FOREIGN CLAIMANTS ARE WRONGFULLY EXCLUDED FROM THE SETTLEMENT SOLELY DUE TO THEIR GEOGRAPHIC LOCATION AND ALL SEAFOOD CLAIMS ARE UNFAIRLY RESTRICTED

1. Undersigned counsel represents claimants such as fisherman, whose claims, as the Economic Agreement is currently proposed, will be unfairly discriminated against solely because they are outside the artificial geographic boundaries proposed in the Economic Agreement. The boundaries and "zones" proposed in the Economic Agreement eligible for compensation are limited only to areas within the United States' Gulf Coast states. This is unfair and unreasonable and it discriminates against thousands of deserving Plaintiffs/Claimants.

2. Plaintiffs/Claimants have suffered substantial and direct economic loss as a result of the spill. Once Plaintiffs submit sufficient proof of such loss and of causation, whether they are American or Foreign, they should be entitled to compensation. However, under the proposed Settlement, all such claims will be disallowed solely because of the artificially established boundaries and "zones" in the Gulf of Mexico. There is no rational reason that Foreign Plaintiffs claims should be disallowed on these grounds. In fact, all of the Foreign Plaintiffs herein work on or assist those who work on the waters of the Gulf of Mexico. As the Court is aware, recent studies show that not only the entire Gulf of Mexico ecosystem is possibly at risk, but possibly parts of the Atlantic basin too.

3. An even greater concern, however, is the risk of intermediate and long-term harm to the marketplace and to the Gulf of Mexico ecosystems. These risks have not been fully assessed, and may not be fully assessed for many years. These risks are the ones that must be fully addressed by any settlement process. The settlement process also unfairly limits Seafood Claimants to a maximum amount of $2.3 Billion, and for a short period of time. These

Plaintiffs/Claimants are the most directly impacted victims and they should be allowed to participate in this Settlement without a cap of $2.3 Billion.

4. In the long run, seafood production is dependent on the entire Gulf ecosystems for spawning areas, nurseries and growth. Many uncertainties exist because of the complexity and scale of Gulf fisheries and ecosystems that have been affected by the oil spill. The presence of oil in the environment may alter migration patterns, decrease food availability and disrupt life cycles for many years. Direct and indirect damages to the Gulf environment and the Atlantic Basin are still being assessed, an effort likely to continue for years to come. In March 2012, a recent study showed entire coral reef systems being destroyed. How can a settlement that basically disavows the US/Mexican treaties (i.e., the North American Agreement on Environmental Cooperation), the Code of Federal Civil Proceedings (Codigo Federal de Procedimientos Civiles) as well as the Alien Tort Claims Act and the International Covenant and Civil and Political Rights Treaty, which are supposed to give equal treatment to foreign citizens when U.S. companies cause damages, be fair? This is not a fair and reasonable settlement when it fails to protect these Plaintiffs' for these human rights violations. These human rights' violations and the ability to live and work have been taken from them, which are no different than any other damages to US. Citizens. Our own laws and treaties require these foreign victims to be treated equally.

## **LAW**

5. This Court must make a preliminary determination that the proposed settlement is fair, reasonable and adequate. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.,* MDL No. 2047, 2012 WL 92498 at 7 (E.D. La. Jan. 10, 2012). The moving parties must demonstrate that the "proposed settlement (i) appears to be the product of serious, informed, non-collusive

negotiations, (ii) has no obvious deficiencies, (iii) does not improperly grant preferential treatment to class representatives or segments of the class, and (iv) falls within the range of possible approval. *In re OCA, Inc. Sec. & Deriv. Litig.,* No. 05-2165, 2008 WL 4681369, at *11 (E.D. La. Oct. 17, 2008). Where the Court finds portions of the proposed settlement problematic, it may "indicate preliminary disapproval of the agreement and recommend that the parties make certain revisions or modifications." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.,* MDL No. 2047, 2012 WL 92498 at *19-21 (E.D. La. Jan. 10, 2012). Here, there was no one at the settlement table even discussing the thousands of non-U.S. citizens whose lives and ability to survive have been affected and will continue to be affected for years. Counsel below has requested to be allowed to participate, but so far, no one has invited him to the table.

## **CONCLUSION**

6. The proposed Economic Agreement is unfair and inadequate insofar as it contains obvious deficiencies and inconsistencies in that it discriminates against Foreign parties who suffered direct economic loss as a result of the spill, and are excluded from the Settlement solely because they are outside of the geographic boundaries and "Zones" artificially set in the Economic Agreement. This settlement discriminates against Mexican fisherman and others in violation of the US/Mexican treaties (i.e., the North American Agreement on Environmental Cooperation), the Code of Federal Civil Proceedings (Codigo Federal de Procedimientos Civiles) as well as the Alien Tort Claims Act and the International Covenant and Civil and Political Rights Treaty.

7. It is respectfully requested that the Court either deny preliminary approval of these portions of the proposed Economic Settlement or give the parties time to make revisions so as to not discriminate against deserving Plaintiffs/Claimants with similar damages and losses. In

addition, the Seafood part of the settlement should not be capped and for all Claimants in the "seafood" category should be allowed to pursue all damages uncapped whether U.S. or Foreign citizens.

          Respectfully submitted,

          **Weller, Green, Toups & Terrell, L.L.P.**
          P.O. Box 350
          Beaumont, TX 77704
          (409) 838-0101
          Fax: (409) 832-8577
          Email:  matoups@wgttlaw.com

          **By:**    **/s/ Mitchell A. Toups**
                    Mitchell A. Toups
                    Texas Bar No. 20151600

          Ezequiel Reyna, Jr.
          Texas Bar No. 16794798
          Law Offices of Ezequiel Reyna, Jr., P.C.
          702 West Expressway 83, Suite 100
          Weslaco, TX  78596
          956-968-9556
          Fax:  956-969-0492
          Email:  zreynajr@zreynalaw.com

          **ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Plaintiffs/Claimants' Response/Opposition to PSC's and BP Defendants Joint Motion for Preliminary Approval of Class Action Settlement and Proposed *Deepwater* Horizon Economic and Property Damages Agreement, has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on April 27, 2012.

      /s/ Mitchell A. Toups _____
      **MITCHELL A. TOUPS**