UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 <br><br> This Pleading Relates To ALL ACTIONS | MDL No. 2179 <br> SECTION: J <br><br> JUDGE BARBIER <br> MAGISTRATE SHUSHAN |

**THE STATE OF ALABAMA'S
OPPOSITION TO BP'S MOTION TO ADJOURN THE PHASE 1 TRIAL**

BP should be held publicly accountable in 2012.  Thus, Alabama opposes BP's Motion to Adjourn the Phase 1 Trial and requests the Court rule in one of two ways, in order of preference:

- Deny BP's motion to adjourn and set a date for the Phase 1 trial this summer. We suggest <u>July 16, 2012</u>.

- If the Court grants BP's motion to adjourn, in the same order, set a trial date for the Phase 1 trial that is shortly after the proposed Fairness Hearing. We suggest <u>November 26, 2012</u>.

As important, Alabama respectfully requests the Court take each of the following actions in its order on BP's motion, regardless of how the Court rules on adjournment and selects a trial date:

- Order that the Phase 1 Limitation and Liability Trial originally set for February 27, 2012 will proceed as outlined in PTO 41, with BP participating;

- Set a new, definitive trial date for the Phase 1 trial, not a tentative date nor a date "to be determined"; and,

- Order that any future, non-global settlements will **not** constitute grounds to postpone or adjourn the new Phase 1 trial date.

**A.     BP's Motion Sets the Groundwork to Avoid a Trial versus the Governments for Years to Come.**

The Governments deserve our day in court.  We represent the interests of all citizens. We hold BP's greatest liability: penalties and damages to the Federal, State, and local

1

Governments. We complied with the year-long Phase 1 discovery demands so that the Phase 1 trial could commence on February 27, 2012. We were ready then. We are ready now.

But with its Motions to Adjourn and accompanying proposed orders, BP has sketched a blueprint for avoiding a liability trial with the Governments for years: (1) Have the Court rule that it cannot conduct a liability trial against BP pending a fairness ruling on a proposed class settlement, then (2) enter into another class settlement in the waning days before the new trial date, then (3) cite to the Court's ruling on this motion as mandating adjournment.

In its proposed orders, BP asks the Court to rule that it must adjourn a liability trial against BP as long as a class settlement with BP is pending a fairness ruling:

- The Court finds that the limited stay or adjournment requested by BP protects the interest of the Class Members and BP, and therefore stays or adjourns, until the Court's determination of the fairness of this Settlement, any trial proceeding (including the previously set Phase I Trial of Liability, Exoneration, and Fault Allocation) that would or might determine BP's liability to the Medical Benefits Settlement Class. Doc. 6267-6 ¶32 (medical benefits class).

- The Court finds that issuance of this stay is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's review of the Settlement, Doc. 6266-5, ¶48 (economic class).

Of course, this 'necessary to protect the class settlement' rationale could equally apply to any of the classes excluded and/or reserved in the present proposed settlement:

- Moratorium claimants
- Menhagen / Pogy Fishermen
- Sellers of BP Branded Fuel
- Banking Industry

- Defense Contract Industry
- Gaming Industry
- Oil & Gas Industry
- Real Estate Developers

*See* Doc. 6276-1 §3 at 15 (identifying the expressly reserved private claims).

If the Court agrees with BP and rules that the Phase 1 Limitation and Liability Trial must be postponed pending a fairness ruling on a proposed class settlement (here, approximately nine months), then the following calendar of events is within the realm of possibility—and certainly within the private claimants' interest of settling their claims and BP's interest of trial avoidance:

- March 2012:  BP Reaches Class Settlement for Economic Damage & Medical Claims
    - Adjourn Phase 1 trial until January 2013 to rule on Fairness Hearing
- January 2013:  BP Reaches Class Settlement for Moratorium and Menhaden Claims
    - Adjourn Phase 1 trial until October 2013 to rule on Fairness Hearing
- October 2013:  BP Reaches Class Settlement for Banking & Real Estate Claims
    - Adjourn Phase 1 trial until July 2014 to rule on Fairness Hearing
- July 2014:  BP Reaches Class Settlements for Oil & Gas and BP-Brand Fuel Claims
    - Adjourn Phase 1 trial until April 2015 to rule on Fairness Hearing

As the Court can see, while adjourning a liability trial pending a fairness ruling may seem preferable in some (if not most) cases, in *this* case, BP could use such a ruling to avoid a liability trial against the Governments for several years.

**B.     The Court Can Prevent BP's Avoidance of a Liability Trial.**

The Court can avoid a years-long postponement of trial in one of two ways.  We present them in Alabama's order of preference.

1. *Deny BP's Motion*:  Adjournment is not mandatory, and BP cites no case that holds otherwise.  Thus, the Court could deny BP's Motion to Adjourn and set a date to promptly execute the Phase 1 trial that was set to begin on February 27, 2012.   In doing so, the Court would avoid BP's next call to adjourn the trial once another settlement is reached.

If the Court denies BP's motion, we suggest July 14, 2012 as a reasonable date for the Phase 1 trial. This date gives the Parties two months to schedule their witness and prepare for trial and two additional months to finalize Phase 2 discovery.

2. *No Further Adjournments*:  If the Court grants BP's present motion to adjourn, the Court can stop a years-long adjournment-cycle by taking the following actions in the same order:  (1) setting a definitive date to start the Phase 1 trial and (2) ordering that no future class settlements—save for a global settlement involving *all* private and government claims—will serve as grounds to adjourn or postpone the new trial date. If the Court chooses to grant BP's motion to adjourn, we suggest November 26, 2012 as the new Phase 1 trial date—*i.e.* approximately three weeks after the proposed date for the Fairness Hearing.

**C.     BP Should Be Included in the First Liability Trial.**

In its proposed order, BP calls for adjournment of "any trial proceeding (including the previously set Phase I Trial of Liability, Exoneration, and Fault Allocation) that would or might determine ***BP's*** liability to the Medical Benefits Settlement Class." Doc. 6267-6 ¶32 (emphasis added). Thus, under BP's terms, the Court would be free to hold a liability trial against non-BP Defendants while BP awaits the Court's rulings on its proposed settlements.

Alabama requests the Court deny any call to try the liability or limitation of liability of any non-BP defendant during the months pending the Court's fairness ruling, for two reasons. First, as a matter of public policy, BP should stand trial first because, as the majority well owner and avowed Responsible Party, BP is the primary defendant.  Second, it would be virtually impossible to try a liability case without BP.  BP's fault for the explosion and resulting spill is intertwined with the fault of their co-Defendants.

That said, Alabama is not opposed to test trials and corresponding motions practice over the next few months if the Phase 1 trial is adjourned (over Alabama's objection). For example, Alabama would not object to a test trial on the Moratorium claims, with one caveat: A post-trial settlement on Moratorium claims (or any other claims subject to a test trial) would *not* constitute grounds to postpone or adjourn the new Phase 1 trial date. The new date needs to be iron-clad.

\* \* \*

Alabama has one overriding request: a prompt, definitive trial date to prove the Defendants' liability, including BP's. Accordingly, we ask that, whatever action the Court takes on BP's Motion to Adjourn, the Court's resulting order include an iron-clad date for the Phase 1 trial and that BP be included in that trial.

### CONCLUSION

In order of preference, Alabama respectfully requests

(a) The Court to deny BP's Motion to Adjourn the Phase 1 Trial and set a date to commence the Phase 1 trial, as soon as possible, or

(b) If the Court grants BP's Motion to Adjourn, in the same order, the Court also (1) set a definitive trial date for the Phase 1 trial and (2) order that no further postponements or adjournments of the Phase 1 trial will be granted on the basis of non-global settlements.

Respectfully Submitted,

 /s/ Luther J. Strange
LUTHER J. STRANGE
 *Attorney General*

/s/ Corey L. Maze
COREY L. MAZE
 *Special Deputy Attorney General*

WINFIELD J. SINCLAIR
 *Assistant Attorney General*

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130

Phone:  (334) 242-7300
Fax:     (334) 242-4891

Email: lstrange@ago.state.al.us
          cmaze@ago.state.al.us

Attorneys for the State of Alabama