IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * * * * | MDL NO. 2179 <br><br> SECTION: J <br><br> HONORABLE CARL J. BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |
| Plaisance, *et al.*, individually and on behalf of the putative Medical Benefits Settlement Class, <br><br> Plaintiffs, <br><br> v. <br><br> BP Exploration & Production Inc., *et al.*, <br><br> Defendants. | * * * * * * * * * * * * * | NO. 12-CV-968 <br><br> SECTION: J <br><br> HONORABLE CARL J. BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |

[REVISED PROPOSED] ORDER FOR PRELIMINARY CERTIFICATION OF A MEDICAL BENEFITS CLASS FOR PURPOSES OF SETTLEMENT, PRELIMINARY APPROVAL OF MEDICAL BENEFITS CLASS SETTLEMENT, APPROVAL OF CLASS NOTICE, APPROVAL OF <u>MEDICAL SETTLEMENT TRUST, AND RELATED APPOINTMENTS</u>

Before the Court are the Joint Motion of Plaintiffs and BP for Preliminary Approval of Proposed Medical Benefits Class Action Settlement, Approval of Class Notice, and Related Matters, (Rec. Doc. 6267), Plaintiffs' Motion for Certification of a Medical Benefits Class for Purposes of Settlement (Rec. Doc. 6272), and the Joint Supplemental Motion of Plaintiffs and BP Related to Preliminary Approval of the Medical Benefits Class Action Settlement (Rec. Doc.

\_\_).¹  The Court has jurisdiction over these proceedings pursuant to 28 U.S.C. §§ 1331 and 1333 and also has jurisdiction over the parties.  Having considered the record of these proceedings, the arguments and recommendations of counsel for the moving parties, and the requirements of law, the Court **GRANTS** the parties' motions as follows:

**IT IS HEREBY ORDERED**:

**I.  Preliminary Certification of Class for Settlement Purposes Only.**

1.  On a preliminary basis for settlement purposes only, the Medical Benefits Settlement Class is certified under Federal Rule of Civil Procedure Rule 23(b)(3) and shall consist of:

All Natural Persons who resided in the United States as of April 16, 2012, and who:

(a) Worked as Clean-Up Workers at any time between April 20, 2010, and April 16, 2012; or

(b) Resided in Zone A for some time on each of at least sixty days between April 20, 2010, and September 30, 2010 ("Zone A Resident"), and developed one or more Specified Physical Conditions between April 20, 2010, and September 30, 2010; or

(c) Resided in Zone B for some time on each of at least sixty days between April 20, 2010, and December 31, 2010 ("Zone B Resident").²

Excluded from the Medical Benefits Settlement Class are the following:

(a) Any Medical Benefits Settlement Class Member who timely and properly elects to be excluded from the Medical Benefits Settlement Class ("Opt Outs") under the procedures set forth in Paragraph 22 of this Order;

(b) Any person employed by BP Entities at any time between April 20, 2010, and April 16, 2012;

---

[1] Terms with initial capital letters used in this Order shall have the meanings ascribed to the fully capitalized rendering of such terms in the Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement" or "Agreement"), unless otherwise defined herein.
[2] Zone A includes specified Gulf Coast beachfront areas and Zone B includes specified Gulf Coast wetlands areas. Both Zones are clearly and objectively described in the Medical Settlement Agreement and Exhibit 9 thereto.

(c) The Court, including any sitting judges on the United States District Court for the Eastern District of Louisiana and their law clerks serving on or after April 20, 2010, through April 16, 2012;

(d) Any person who was on the *Deepwater Horizon* on April 20, 2010;

(e) Any person who has previously asserted and released his or her claims against BP relating to any illnesses or injuries allegedly suffered as a result of exposure to oil, other hydrocarbons, or other substance released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the Response Activities, including those persons who have provided final releases to the GCCF in exchange for payment from the GCCF for such illnesses or injuries; and

(f) Any person who is a Zone A Resident or Zone B Resident, but not a Clean-Up Worker, and who worked in one or more of the following capacities for a cumulative duration of at least five years prior to April 20, 2010:

   (i) Cleaning or reconditioning of the tanks or holds of barges, tankers or lighters, tanker trucks, tanker rail cars, or any other tank (stationary or mobile) used to hold hydrocarbons or petrochemicals;

   (ii) Storage, handling, or cleaning of naturally occurring radioactive materials ("NORMs"), including radionuclides;

   (iii) Storage, transportation, distribution, or dispensing of gasoline, diesel, jet fuel, kerosene, motor fuels, or other hydrocarbon-based fuels at any bulk storage facility (not including gas stations or gas station convenience stores), bulk plant, or bulk terminal facility that stores hydrocarbons or petrochemicals;

   (iv) Loading or unloading bulk crude oil or petroleum hydrocarbons onto or from trucks, ships, barges, or other vessels; or

   (v) Tar distillation.

2. The Court preliminarily and conditionally finds, for settlement purposes only, that the Medical Benefits Settlement Class satisfies the following requirements of Federal Rule of Civil Procedure Rule 23(a) and Rule 23(b)(3):

   (a) <u>Numerosity</u>: The parties estimate that there are approximately 90,000 Clean-Up Workers and 105,000 Zone A and Zone B Residents. In addition, approximately 16,000 individuals have filed Short Form Joinders

3

asserting claims for personal injury and/or bodily injury as a result of the *Deepwater Horizon* Incident, and more such claims continue to be filed. The Medical Benefits Settlement Class is so numerous that joinder of all members is impracticable. Thus, the Rule 23(a)(1) numerosity requirement has been met.

(b) <u>Commonality</u>: There are questions of fact or law common to the Medical Benefits Settlement Class. Common questions of fact exist because the *Deepwater Horizon* Incident was the common event giving rise to the claims of the Medical Benefits Settlement Class Members. Common questions of law exist because the claims of the Medical Benefits Settlement Class are governed by General Maritime Law. BP's alleged liability for the oil spill is an issue central to the validity of each one of the claims in this case, and the answer to this and other common questions of fact and law will drive the resolution of the litigation. The commonality requirement of Rule 23(a)(2) is satisfied.

(c) <u>Typicality</u>: The Medical Benefits Class Representatives are all members of the Medical Benefits Settlement Class, and their claims arise from the same course of conduct and share the same legal theory as the claims of the Medical Benefits Settlement Class Members. Each of the Medical Benefits Class Representatives will make legal and factual arguments similar to those of the Medical Benefits Settlement Class Members. The claims of the Medical Benefits Class Representatives are typical of those of the Medical Benefits Settlement Class and satisfy Rule 23(a)(3).

(d) <u>Adequacy</u>: The Medical Benefits Class Representatives assert claims that are representative of the claims of the Medical Benefits Settlement Class. As such, even though the claims may not be identical to every claim of every Medical Benefits Settlement Class Member, the proposed class representatives can fairly and adequately represent the Medical Benefits Settlement Class. The adequacy requirement also considers counsel for the Medical Benefits Settlement Class. Here, all of the Medical Benefits Class Counsel have substantial experience in prosecuting environmental, mass tort, and complex class actions, and have dedicated substantial resources to the prosecution of this action. The adequacy requirement of Rule 23(a)(4) is satisfied.

(e) <u>Predominance</u>: Questions of fact or law common to the Medical Benefits Settlement Class Members predominate over any questions affecting only individual members. The claims of the Medical Benefits Settlement Class Members arose from a common event—the *Deepwater Horizon* Incident—and the defendants' actions and decisions relating to the blowout of the MC252 Well, the capping of the MC252 Well, containment of the oil spill, use of dispersants, and clean-up activities involved a single course of conduct. Moreover, the claims of the Medical Benefits Settlement Class are based on General Maritime Law, a single body of

law. The resolution of defendants' alleged liability for the *Deepwater Horizon* Incident, and whether the oil and dispersants were capable of causing the injuries claimed, will either prove or disprove essential elements of each Medical Benefits Settlement Class Member's claims. These complex and important common issues predominate over the issues that must be determined on an individual basis. The predominance requirement of Rule 23(b)(3) is satisfied.

(f) <u>Superiority</u>: A class action is superior to other available methods for fairly and efficiently adjudicating this controversy, including ongoing litigation and multiple trials. Repetitive individual litigation and trials of BP's alleged conduct by all members of the Medical Benefits Settlement Class would be inefficient. Moreover, the cost of litigating the claims in this complex litigation on a case-by-case basis would be very expensive for many Medical Benefits Class Members, and likely consume a significant amount of their potential recoveries, while the proposed settlement provides certain benefits that, in some cases, could not even be obtained by class members through litigation. Piecemeal litigation and the individual re-litigation of the same facts and legal issues in thousands of cases would also burden and unnecessarily tax the limited resources of the judiciary. The consideration of common questions of fact and law in a class action will conserve judicial resources and promote the fair and efficient resolution of the Medical Benefits Class Members' claims. Accordingly, the superiority requirement of Rule 23(b)(3) is satisfied.

**II. Preliminary Approval of the Medical Benefits Class Settlement.**

3. The Court preliminarily approves the Medical Benefits Class Action Settlement (the "Settlement") as set forth in the Medical Settlement Agreement (Rec. Doc. 6273-1), as amended by the First Amendment to the Settlement that is attached as Exhibit C to the Memorandum in Support of the Joint Supplemental Motion of Plaintiffs and BP Related to Preliminary Approval of the Medical Benefits Class Action Settlement (Rec. Doc. __). The Court specifically finds that the proposed Settlement (i) is fair, reasonable, and adequate based on the Court's preliminary inquiry; (ii) is the result of protracted and intense negotiations conducted by the parties at arms' length and in good faith, and is not the result of collusion; (iii) discloses no reason to doubt its fairness and has no obvious deficiencies; (iv) does not improperly grant preferential treatment to the Medical Benefits Class Representatives or

segments of the class; and (v) falls within the range of possible judicial approval. Further, the Court is satisfied that, under the terms of the Medical Settlement Agreement, Medical Benefits Settlement Class Members who Opt Out or who possess reserved claims will be able to pursue those claims effectively outside the Settlement.

4. The Court further finds that, given its preliminary approval of the Settlement, it is appropriate to send notice to the Medical Benefits Settlement Class Members and to conduct a hearing pursuant to Federal Rule of Civil Procedure 23(e) to consider whether the Settlement should be finally approved.

5. The Court therefore directs that a Fairness Hearing be scheduled for November 8, 2012, in Courtroom C268 of the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, 70130, to consider the fairness, reasonableness, and adequacy of the Settlement under Federal Rule of Civil Procedure 23(e)(2) and to determine whether a Final Order And Judgment should be entered.

6. Motion papers in support of settlement and class certification shall be due on August 13, 2012. Reply submissions shall be due on October 22, 2012.

**III. Approval of Class Notice.**

7. The Court approves the form and content of the Medical Benefits Settlement Class Notice Plan and its attachments (to the extent they have not been revised by the Parties' supplemental filing), substantially in the form of Exhibit 2 to the Declaration of Cameron R. Azari, Esq., which is itself Exhibit B to the parties' Memorandum in support of their Joint Motion for Preliminary Approval of Proposed Medical Benefits Class Action Settlement, Approval of Class Notice, and Related Matters, as satisfying the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1) and due process. The Court also approves the form

and content of the Medical Benefits Settlement Class Notice, attached as exhibits to the Supplemental Declaration of Cameron R. Azari, Esq., which is itself Exhibit B to the Memorandum in Support of the Joint Supplemental Motion of Plaintiffs and BP Related to Preliminary Approval of the Medical Benefits Class Action Settlement, as satisfying the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1) and due process.

8. The Medical Benefits Settlement Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members. *See* Fed. R. Civ. P. 23(c)(2)(B).

9. The Notice Plan contemplates direct mailed notice to identifiable individual class members and, to the extent known, their attorneys. In addition, the Notice Plan provides for a broad-reaching published Notice in numerous national and local media, with a notice effort covering the entire United States, primarily focusing on the main impact states of Louisiana, Alabama, and Mississippi, and enumerated counties in Texas and Florida. Furthermore, banner notice ads will appear on highly trafficked websites. There will also be a case website where potential class members can obtain additional information and documents. This Notice Plan provides the best notice practicable under the circumstances pursuant to Fed. R. Civ. P. 23(c)(2)(B).

10. In addition, the Court finds that the Notice and the Notice Plan comply with Fed. R. Civ. P. 23(e)(1)'s requirement that the Court direct notice to Class Members in a reasonable

manner.  The notice is reasonably calculated to inform interested parties of the pendency of the Settlement and afford them an opportunity to present their objections.

11. In conclusion, the Court finds that the Medical Benefits Settlement Class Notice and the Medical Benefits Settlement Class Notice Plan will provide notice in a reasonable manner to class members who would be bound by the Settlement, including individual notice to all members who can be identified through reasonable effort.  The Medical Benefits Settlement Class Notice and the Medical Benefits Settlement Class Notice Plan constitute the best notice that is practicable under the circumstances.

### IV. Appointment and Duties of Class Notice Agent, Claims Administrator, Class Representatives, Class Counsel, and Guardian Ad Litem.

12. The Court appoints Hilsoft Notifications to act as the Medical Benefits Settlement Class Notice Agent.  This Court may, as it deems appropriate, request reports or information from the Notice Agent.  The Notice Agent shall be responsible for reporting and providing information to the Court at such frequency and in such manner as the Court directs.  The Court shall have ongoing and exclusive jurisdiction over the Notice Agent and shall retain such jurisdiction through and after the Medical Settlement Agreement's Effective Date, in the event it occurs.

13. The Court preliminarily and conditionally appoints The Garretson Firm Resolution Group, Inc. d/b/a Garretson Resolution Group as the Claims Administrator to implement and administer the Medical Settlement Agreement in accordance with its terms and conditions.  Such appointment shall remain in effect until the date on which the Court issues a Final Order And Judgment approving the Settlement, in the event that occurs, or the date the Agreement terminates, whichever occurs first.

14. The Court directs Garretson Resolution Group to take all steps that are reasonably necessary to implement and provide for prompt administration of the Settlement under the terms of the Medical Settlement Agreement, including, but not limited to, the duties described in Section XXI of the Agreement. This Court shall have ongoing and exclusive jurisdiction over the Claims Administrator, and shall retain such jurisdiction until the date on which the Court issues a Final Order And Judgment approving the Settlement, in the event that occurs, or the date the Agreement terminates, whichever occurs first.

15. Garretson Resolution Group and Hilsoft Notifications are directed to implement the Medical Benefits Settlement Class Notice Plan and to disseminate the Medical Benefits Settlement Class Notice in accordance with that Notice Plan.

16. The Court directs Medical Benefits Class Counsel, BP, and the Claims Administrator to take all steps reasonably necessary to effectuate the terms of the Medical Settlement Agreement.

17. The Court preliminarily and conditionally appoints the following as Medical Benefits Class Representatives: Kip Plaisance, Jason Perkins, Camille Warren, Christian Pizani, Max Plaisance, Benjamin Judah Barbee, Cornelius Divinity, Janice Brown, Carlton Caster, George Baker, and Duffy Hall.

18. The Court preliminarily and conditionally appoints Medical Benefits Class Counsel as follows:

   a. Plaintiffs' Co-Liaison Counsel and Interim Class Counsel, Stephen J. Herman and James Parkerson Roy, as set forth in Pretrial Order 46 (Rec. Doc. 4226), are hereby appointed Medical Benefits Class Counsel and Lead Class Counsel; and

b. The following counsel, previously appointed to serve on the Plaintiffs' Steering Committee and to serve the common benefit, as set forth in Pretrial Orders Nos. 8, 9 and 46 (Rec. Docs. 506, 508, 4226), are hereby appointed Medical Benefits Class Counsel:

| | |
|---|---|
| Brian H. Barr | Rhon E. Jones |
| Jeffery A. Breit | Matthew E. Lundy |
| Elizabeth J. Cabraser | Michael C. Palmintier |
| Philip F. Cossich, Jr. | Joseph F. Rice |
| Robert T. Cunningham | Paul M. Sterbcow |
| Alphonso Michael Espy | Scott Summy |
| Calvin C. Fayard, Jr. | Mikal C. Watts |
| Robin L. Greenwald | Conrad S. P. Williams |
| Ervin A. Gonzalez | |

19. The Honorable Jack C. Watson (ret.) is appointed as the Guardian Ad Litem for Medical Benefits Settlement Class Members who are minors, lack capacity, or are incompetent, in accordance with Section III of the Medical Settlement Agreement and subject to appropriate commercial terms. Such appointment shall remain in effect until the entry of a Final Order And Judgment, if that event occurs, or the date the Agreement terminates, whichever occurs first.

20. The Guardian Ad Litem shall make an independent investigation into the terms and provisions of the Medical Settlement Agreement on behalf of those class members who are minors, lack capacity, or are incompetent, as described in Section III.C.2 of the Agreement. Based on that investigation, prior to the Fairness Hearing, the Guardian Ad Litem shall by October 8, 2012, report to the Parties and make a recommendation to this Court as to the fairness of the Agreement with respect to those class members who are minors, lack capacity, or are incompetent, in accordance with Section III.C.2.

**V. Approval of Medical Settlement Trust Agreement, Medical Settlement Trust, and Appointment of Trustees.**

21. The Court approves the Medical Settlement Trust Agreement, which is attached as Exhibit A to the Memorandum in Support of the Joint Supplemental Motion of Plaintiffs and BP

Related to Preliminary Approval of the Medical Benefits Class Action Settlement (Rec. Doc. __); the creation of the Medical Settlement Trust; and the appointment of Matthew L. Garretson as Trustee and J.P. Morgan Trust Company of Delaware as Directed Trustee of the Medical Settlement Trust.[3]  The Court finds that the Medical Settlement Trust fulfills the requirements for a qualified settlement fund under § 468B(d)(2) of the Internal Revenue Code and Treasury Regulation § 1.468B–1.  The Court shall have ongoing jurisdiction over the Medical Settlement Trust, the Trustee, and the Directed Trustee, and shall retain such jurisdiction through and after the Medical Settlement Agreement's Effective Date, in the event it occurs.

## VI. Procedures and Deadlines for Opting Out, Objecting, or Appearing at the Fairness Hearing.

22.     The Court directs that any Medical Benefits Settlement Class Member wishing to exclude himself or herself from the Medical Benefits Settlement Class must submit a written request stating "I wish to exclude myself from the Medical Benefits Settlement Class" (or substantially similar clear and unambiguous language), and also containing that Medical Benefits Settlement Class Member's printed name, address, phone number, and date of birth, and enclosing a copy of his or her driver's license or other government-issued identification.  The written request to Opt Out must be signed by the Medical Benefits Settlement Class Member seeking to exclude himself or herself from the Medical Benefits Settlement Class or, where applicable, by his or her Authorized Representative.  The written request to Opt Out must be sent to the Claims Administrator, properly addressed and postmarked no later than October 1, 2012.  The Claims Administrator must provide copies of all completed requests to Opt Out to the Medical Benefits Class Counsel and BP's Counsel within 7 days of receipt of each such request.

---

[3] "Trustee" and "Directed Trustee" have the meanings ascribed to such terms in the Medical Settlement Trust Agreement.

23. All Medical Benefits Settlement Class Members who do not timely and properly Opt Out from the Medical Benefits Settlement Class shall in all respects be bound by all terms of the Medical Settlement Agreement and the Final Order And Judgment, and shall be permanently barred and enjoined from commencing, asserting, and/or prosecuting any and all Released Claims against any Released Party, if the Effective Date occurs.

24. Prior to the entry of a Final Order And Judgment, any Natural Person may revoke his or her Opt Out from the Medical Benefits Settlement Class by submitting a written request to the Claims Administrator stating, "I wish to revoke my request to be excluded from the Medical Benefits Settlement Class" (or substantially similar clear and unambiguous language), and also containing the Natural Person's printed name, address, phone number, social security number, and date of birth.  The written request to revoke an Opt Out must be signed by the Natural Person or, where applicable, his or her Authorized Representative, seeking to revoke his or her Opt Out.

25. A Medical Benefits Settlement Class Member may present written objections, if any, explaining why he or she believes the Settlement should not be approved by the Court as fair, reasonable, and adequate.

26. A Medical Benefits Settlement Class Member may object on his or her own behalf or through an attorney hired at that Medical Benefits Settlement Class Member's own expense.  No later than August 31, 2012, objectors not represented by an attorney must (1) serve on the Medical Benefits Class Counsel and BP's Counsel, by United States mail, a written statement of the objection(s), and (2) file with the Court a written statement of the objection(s).

27. An attorney asserting objections on behalf of a Medical Benefits Settlement Class Member must (1) file a notice of appearance with the Court by August 31, 2012; (2) file a sworn declaration attesting to the representation of each Medical Benefits Settlement Class Member on

whose behalf the objection is being filed or a copy of the contract (to be filed *in camera*) between that attorney and each such Medical Benefits Settlement Class Member by August 31, 2012; and (3) serve a copy of the notice of appearance and statements on the Medical Benefits Class Counsel and BP's Counsel, by United States mail, by August 31, 2012; (4) serve on the Medical Benefits Class Counsel and BP's Counsel, by United States mail a written statement of the objection(s) by August 31, 2012; and (5) file with the Court a written statement of the objection(s) by August 31, 2012.

28.     The written statement of objection(s) filed by a Medical Benefits Settlement Class Member or, if represented, his or her counsel, must include (1) written evidence establishing that the individual is a Medical Benefits Settlement Class Member; (2) a detailed statement of the Medical Benefits Settlement Class Member's objection(s), as well as the specific reasons, if any, for each such objection, including any evidence and legal authority the Medical Benefits Settlement Class Member wishes to bring to the Court's attention, and any evidence the Medical Benefits Settlement Class Member wishes to introduce in support of his or her objection(s); (3) the Medical Benefits Settlement Class Member's address and telephone number; and (4) any other supporting papers, materials, or briefs the Medical Benefits Settlement Class Member wishes the Court to consider when reviewing the objection.

29.     A Medical Benefits Settlement Class Member or, if represented, his or her attorney, seeking to make an appearance at the Fairness Hearing must serve on the Medical Benefits Class Counsel and BP's Counsel, by United States mail, and file with the Court, by August 31, 2012, a written notice of his or her intention to appear at the Fairness Hearing.

30.     If a Medical Benefits Settlement Class Member or an attorney acting on behalf of a Medical Benefits Settlement Class Member fails to comply with Paragraphs 25-28 of this

Order, that Medical Benefits Settlement Class Member shall waive and forfeit any and all rights he or she may have to object to the Medical Benefits Class Action Settlement, and shall be bound by the terms of the Agreement upon the Effective Date, if that event occurs.

31. Submission of a Proof of Claim Form shall not waive a Medical Benefits Settlement Class Member's right to object to the Settlement so long as he or she complies with Paragraphs 25-28 of this Order.

### VII. Tolling of the Statute of Limitations.

32. The Court tolls and stays the statutes of limitation applicable to any and all claims or causes of action for Released Claims that have been or could be asserted by or on behalf of any Medical Benefits Settlement Class Members unless and until they Opt Out of the Medical Benefits Settlement Class or the Medical Settlement Agreement is terminated pursuant to Section XIV.

**IT IS SO ORDERED.**

New Orleans, Louisiana, this ____ day of May, 2012.

_____
United States District Judge