# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br><br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

| | | |
|---|---|---|
| Plaisance, *et al*., individually and on behalf of the putative Medical Benefits Settlement Class,<br><br>          Plaintiffs,<br><br>v.<br><br>BP Exploration & Production Inc., *et al*.,<br><br>          Defendants. | * * * * * * * * * * * * * | NO. 12-CV-968<br><br>SECTION: J<br><br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**FIRST AMENDMENT TO THE**
***DEEPWATER HORIZON* MEDICAL BENEFITS CLASS ACTION**
**SETTLEMENT AGREEMENT**

The PARTIES to the *DEEPWATER HORIZON* MEDICAL BENEFITS CLASS ACTION SETTLEMENT AGREEMENT ("MEDICAL SETTLEMENT AGREEMENT") hereby stipulate and agree as follows:

The PREAMBLE to the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

> This MEDICAL BENEFITS CLASS ACTION SETTLEMENT AGREEMENT, dated as of April 18, 2012, and as amended from time to time ("MEDICAL SETTLEMENT AGREEMENT"), is made and entered into by and among defendants BP Exploration & Production Inc. and BP America Production Company (collectively "BP"), by and through their attorneys, and the MEDICAL BENEFITS CLASS REPRESENTATIVES, individually and on behalf of the MEDICAL BENEFITS SETTLEMENT CLASS, by and through the MEDICAL BENEFITS CLASS COUNSEL.  This MEDICAL SETTLEMENT AGREEMENT is intended by the PARTIES fully, finally, and forever to resolve, discharge, and settle all RELEASED CLAIMS against the RELEASED PARTIES, as set forth below, subject to review and approval by the COURT.[1]

Section II.P of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

> CLAIMS ADMINISTRATOR shall mean that person or entity selected by the MEDICAL BENEFITS CLASS COUNSEL and BP and approved by the COURT who shall implement and administer this MEDICAL BENEFITS CLASS ACTION SETTLEMENT according to its terms and procedures for the benefit of the MEDICAL BENEFITS SETTLEMENT CLASS, including: the collection, identification, and tabulation of any OPT OUTS; the transmission to BP'S COUNSEL and the MEDICAL BENEFITS CLASS COUNSEL of the identity and number of OPT OUTS; processing all claims for compensation for SPECIFIED PHYSICAL CONDITIONS and paying all qualifying claims; processing all claims for participation in the PERIODIC MEDICAL CONSULTATION PROGRAM and administering that program; performing administrative tasks relating to the BACK-END

---

[1]  Terms that appear in capital letters are defined terms, and such definitions apply throughout this MEDICAL SETTLEMENT AGREEMENT.

LITIGATION OPTION and related mediations; administering the GULF REGION HEALTH OUTREACH PROGRAM; making periodic reports to the COURT, BP'S COUNSEL, and MEDICAL BENEFITS CLASS COUNSEL; assisting in implementation of the MEDICAL BENEFITS SETTLEMENT CLASS NOTICE PLAN; and administering the process for the identification and satisfaction of liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interests of any type by GOVERNMENTAL PAYERS, MEDICARE PART C OR PART D PROGRAMS, and OTHER PAYERS/PROVIDERS and reporting to CMS and state agencies.

Section II.W of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

DATA DISCLOSURE FORM shall mean that document, substantially in the form of Exhibit 1, that a NATURAL PERSON shall use to request information from the CLAIMS ADMINISTRATOR in accordance with Section XXI.B.3.b.

Section II.FF of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing test and to replace it with the following:

FUNDS shall, collectively, mean the MEDICAL SETTLEMENT TRUST ACCOUNT, the GENERAL MEDICAL CLAIMS FUND, the GULF REGION HEALTH OUTREACH PROJECTS FUND, and the ADMINISTRATIVE FUND.

A new Section II.KKK of the MEDICAL SETTLEMENT AGREEMENT shall be inserted, and the numbering of the definitions in Section II of the MEDICAL SETTLEMENT AGREEMENT as filed on April 18, 2012 from Section II.KKK through II.ZZZZ shall be renumbered accordingly. The new Section II.KKK is as follows:

MEDICAL SETTLEMENT TRUST ACCOUNT shall mean that account created under the MEDICAL SETTLEMENT TRUST AGREEMENT and held by the trustee and the directed trustee of the MEDICAL SETTLEMENT TRUST into which BP shall make payments pursuant to Section XXII of this MEDICAL SETTLEMENT AGREEMENT.

Former Section II.KKK (new Section II.LLL) of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

> MEDICAL SETTLEMENT TRUST AGREEMENT shall mean the agreement that will establish the MEDICAL SETTLEMENT TRUST and entered into among BP, the MEDICAL BENEFITS CLASS COUNSEL, the CLAIMS ADMINISTRATOR, and the trustee and the directed trustee of the MEDICAL SETTLEMENT TRUST AGREEMENT.

Former Section II.PPPP (new Section II.QQQQ) of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

> SETTLEMENT COSTS shall mean (i) all compensation for SPECIFIED PHYSICAL CONDITIONS as provided in Section VI and Exhibit 8; (ii) all costs associated with the PERIODIC MEDICAL CONSULTATION PROGRAM as provided in Section VII; (iii) all costs associated with the GULF REGION HEALTH OUTREACH PROGRAM as provided in Section IX; (iv) all applicable federal, state, or local taxes on monies held in the MEDICAL SETTLEMENT TRUST in accordance with the terms of this MEDICAL SETTLEMENT AGREEMENT; (v) all reasonable compensation to and all reasonable out-of-pocket costs and expenses incurred by the CLAIMS ADMINISTRATOR (including the CLAIMS ADMINISTRATOR'S staff and contractors) in performing its duties in accordance with Sections V and XXI, the GUARDIAN AD LITEM in performing his or her duties in accordance with Section III.C, and the mediators used in connection with claims for LATER-MANIFESTED PHYSICAL CONDITIONS in performing their duties in accordance with Section VIII.E; (vi) all reasonable costs and expenses associated with the MEDICAL BENEFITS SETTLEMENT CLASS NOTICE and implementation of the MEDICAL BENEFITS SETTLEMENT CLASS NOTICE PLAN, including any supplements thereto ordered by the COURT, and all reasonable compensation to and all reasonable out-of-pocket costs and expenses incurred by the MEDICAL BENEFITS SETTLEMENT CLASS NOTICE AGENT (including the NOTICE AGENT'S staff and contractors) in performing its duties in accordance with Section XI; (vii) all reasonable costs and compensation associated with the operations and administration of the MEDICAL SETTLEMENT TRUST; and (viii) all other costs and compensation reasonably associated with the implementation and administration of

this MEDICAL SETTLEMENT AGREEMENT.  BP shall have the
right to challenge before the COURT the reasonableness of any
compensation, costs, and/or expenses sought by the NOTICE AGENT,
the CLAIMS ADMINISTRATOR, the trustee and/or the directed
trustee of the MEDICAL SETTLEMENT TRUST, the GUARDIAN
AD LITEM, or the mediators.

Section IX.E.2 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in

its entirety the existing text and to replace it with the following:

At least 10 days prior to the scheduled date of each of these
distributions, BP shall transfer into the MEDICAL SETTLEMENT
TRUST ACCOUNT for transfer by the trustee and/or the directed
trustee into the GULF REGION HEALTH OUTREACH PROJECTS
FUND sufficient funds to allow the CLAIMS ADMINISTRATOR to
make each such distribution.

Section IX.F of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in

its entirety the existing text of the first paragraph and to replace it with the following:

The administrative duties of the CLAIMS ADMINISTRATOR and the
trustee and/or the directed trustee of the MEDICAL SETTLEMENT
FUND with respect to the GULF REGION HEALTH OUTREACH
PROGRAM shall include:

Section IX.F.1 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in

its entirety the existing text and to replace it with the following:

Upon the entry of the PRELIMINARY APPROVAL AND CLASS
CERTIFICATION ORDER, the trustee and/or the directed trustee of
the MEDICAL SETTLEMENT TRUST shall undertake all necessary
steps to establish the GULF REGION HEALTH OUTREACH
PROJECTS FUND.

Section IX.F.2 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in

its entirety the existing text and to replace it with the following:

The CLAIMS ADMINISTRATOR and/or the trustee and/or the
directed trustee of the MEDICAL SETTLEMENT TRUST shall
establish procedures and controls to manage and account for: (a) the
disbursement of funds from the GULF REGION HEALTH
OUTREACH PROJECTS FUND to the GULF REGION HEALTH
OUTREACH PROJECTS; (b) the disbursement of funds from the

ADMINISTRATIVE FUND for the reasonable and necessary costs of establishing, implementing, and managing the GULF REGION HEALTH OUTREACH PROGRAM LIBRARY; and (c) the payment from the ADMINISTRATIVE FUND of all other costs associated with the GULF REGION HEALTH OUTREACH PROGRAM.

Section X.C of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

Promptly following the filing of the Joint Motion for Preliminary Approval of the Medical Benefits Class Action Settlement, Approval of Class Notice, and Related Matters, BP and MEDICAL BENEFITS CLASS COUNSEL shall file with the COURT a motion seeking the creation of a MEDICAL SETTLEMENT TRUST and appointment of the trustee and the directed trustee of such MEDICAL SETTLEMENT TRUST.

Section XVIII.A.11 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

confirms the appointment of The Garretson Firm Resolution Group, Inc. d/b/a Garretson Resolution Group ("GRG") as the CLAIMS ADMINISTRATOR and confirms the appointment of the trustee and the directed trustee of the MEDICAL SETTLEMENT TRUST;

Section XXI.A.7 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

BP will be responsible for paying any and all of the reasonable compensation and out-of-pocket costs and expenses of the CLAIMS ADMINISTRATOR related to its performance of its duties described in this MEDICAL SETTLEMENT AGREEMENT. Such compensation, costs, and expenses shall be SETTLEMENT COSTS and shall be paid out of the ADMINISTRATIVE FUND.

Section XXI.A.8.g of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

Reviewing and evaluating submitted claims so that, upon the EFFECTIVE DATE, (1) MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS can promptly be notified of the status of their claims, (2) MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS with qualifying claims for SPECIFIED PHYSICAL

CONDITIONS can be promptly paid, and (3) MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS with qualifying claims for participation in the PERIODIC MEDICAL CONSULTATION PROGRAM can promptly begin receiving that benefit; and

Section XXI.A.8.h of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

Such other tasks reasonably necessary to accomplish the goals contemplated by this MEDICAL BENEFITS SETTLEMENT AGREEMENT.

Section XXI.A.8.i of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text.

Section XXI.A.11 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

All disbursements by the CLAIMS ADMINISTRATOR and/or the trustee and/or the directed trustee of the MEDICAL SETTLEMENT TRUST prior to the EFFECTIVE DATE (other than the disbursements made pursuant to Section IX.B) will be subject to review and approval by the MEDICAL BENEFITS CLASS COUNSEL and BP'S COUNSEL.

Section XXI.B.1 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text of the first paragraph and replace it with the following:

On or about the date on which the PARTIES file their Joint Motion for Preliminary Approval of the Medical Benefits Class Action Settlement, approval of the Class Notice and Related Matters, the PARTIES shall also seek an order from the COURT that directs BP to provide the CLAIMS ADMINISTRATOR with those databases, data files, data collections, or other documentary evidence in its possession, custody, or control that will allow the CLAIMS ADMINISTRATOR to determine the status of a NATURAL PERSON claiming to be a CLEAN-UP WORKER and/or a claim made by a CLEAN-UP WORKER for compensation for a SPECIFIED PHYSICAL CONDITION.   The following databases, data files, or other documentary evidence shall be included in such order:

Section XXI.B.2 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and replace it with the following:

> Within 10 days of the entry of the order described in Section XXI.B.1, BP shall provide the CLAIMS ADMINISTRATOR with the databases, data files, and other documentary evidence identified in Section XXI.B.1. To the extent that BP identifies any additional databases, data files, data collections, or other documentary evidence in its possession, custody, or control that will allow the CLAIMS ADMINISTRATOR to determine the status of a NATURAL PERSON claiming to be a CLEAN-UP WORKER, and/or a claim made by a CLEAN-UP WORKER for compensation for a SPECIFIED PHYSICAL CONDITION, BP shall notify MEDICAL BENEFITS CLASS COUNSEL and shall promptly provide such databases, data files, data collections, or other documentary evidence to the CLAIMS ADMINISTRATOR.

Section XXI.B.3.b of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and replace it with the following:

> The CLAIMS ADMINISTRATOR may disclose to a NATURAL PERSON information from the databases, data files, or other documentary evidence described in Section XXI.B.1-2 relating to that NATURAL PERSON upon receipt of a completed and signed DATA DISCLOSURE FORM substantially in the form of Exhibit 1 from that NATURAL PERSON. Such disclosure shall be made within 10 days of receipt by the CLAIMS ADMINISTRATOR of such request, shall be made at no cost to the NATURAL PERSON, and shall be made irrespective of when that NATURAL PERSON makes such request.

Section XXI.K.3.a.i of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and replace it with the following:

> The amounts spent by the CLAIMS ADMINISTRATOR and/or the trustee and/or the directed trustee of the MEDICAL SETTLEMENT TRUST on each of the following in the preceding year: compensation for SPECIFIED PHYSICAL CONDITIONS; the PERIODIC MEDICAL CONSULTATION PROGRAM; activities related to the BACK-END LITIGATION OPTION process; the GULF REGION HEALTH OUTREACH PROGRAM; administrative expenses; payments to CMS, OTHER GOVERNMENTAL PAYERS, MEDICARE PART C OR PART D PROGRAM sponsors, and OTHER PAYERS/PROVIDERS; and all other SETTLEMENT COSTS;

Section XXI.K.3.a.viii of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and replace it with the following:

> A status report regarding the implementation and operations of the GULF REGION HEALTH OUTREACH PROGRAM LIBRARY; and

A new Section XXI.K.3.a.ix shall be added as follows:

> A status report from the trustee and/or the directed trustee of the MEDICAL SETTLEMENT TRUST.

Section XXI.L of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and replace it with the following:

> Beginning on the first January after the EFFECTIVE DATE, and each year thereafter, the CLAIMS ADMINISTRATOR shall cause an audit to be performed by a Certified Public Accountant upon the financial records of the CLAIMS ADMINISTRATOR and the MEDICAL SETTLEMENT TRUST, which shall reflect amounts received from BP in the prior year and payments made in the prior year. Complete copies of such audits shall be provided to the COURT, MEDICAL BENEFITS CLASS COUNSEL, and BP.

Section XXII.C of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text and to replace it with the following:

> BP and MEDICAL BENEFITS CLASS COUNSEL will file a proposed MEDICAL SETTLEMENT TRUST AGREEMENT with the COURT. Upon approval of the proposed MEDICAL SETTLEMENT TRUST AGREEMENT by the COURT, BP, MEDICAL BENEFITS CLASS COUNSEL, the trustee and the directed trustee of the MEDICAL SETTLEMENT TRUST, and the CLAIMS ADMINISTRATOR will execute the MEDICAL SETTLEMENT TRUST AGREEMENT approved by the COURT, thereby creating the MEDICAL SETTLEMENT TRUST. The MEDICAL SETTLEMENT TRUST shall be structured and operated in a manner so that it qualifies as a "qualified settlement fund" under section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation §1.468B-1.

Section XXII.D of the MEDICAL SETTLEMENT AGREEMENT is amended to delete in its entirety the existing text of the first paragraph and to replace it with the following:

The MEDICAL SETTLEMENT TRUST shall be comprised of the FUNDS. The trustee and/or the directed trustee shall establish the MEDICAL SETTLEMENT TRUST ACCOUNT, into which BP shall make payments as required by this MEDICAL SETTLEMENT AGREEMENT. The trustee and/or the directed trustee shall also establish three separate funds, into which the trustee and/or the directed trustee shall transfer funds at the direction of the CLAIMS ADMINISTRATOR and pursuant to the terms of this MEDICAL SETTLEMENT AGREEMENT and on which the CLAIMS ADMINISTRATOR shall have signatory authority. These FUNDS shall constitute a single qualified settlement fund:

Section XXII.D.1 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

GULF REGION HEALTH OUTREACH PROJECTS FUND, which shall be used solely to make payments for the GULF REGION HEALTH OUTREACH PROJECTS pursuant to Section IX.E;

Section XXII.D.2 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

GENERAL MEDICAL CLAIMS FUND, which shall be used solely to make payments for (a) all compensation for SPECIFIED PHYSICAL CONDITIONS as provided in Section VI and Exhibit 8, and (b) all costs associated with the PERIODIC MEDICAL CONSULTATION PROGRAM as provided in Section VII;

Section XXII.D.3 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

ADMINISTRATIVE FUND, which shall be used to pay all SETTLEMENT COSTS other than the payments described in Sections XXII.D.1 and XXII.D.2, which shall constitute ADMINISTRATIVE EXPENSES; and

A new Section XXII.D.4 shall be added as follows:

The MEDICAL SETTLEMENT TRUST ACCOUNT, which shall be used solely to transfer funds into the FUNDS described above in Section XXII.D.1-3.

Section XXII.E of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

> The MEDICAL SETTLEMENT TRUST and the FUNDS shall be
> managed by the trustee and/or the directed trustee of the MEDICAL
> SETTLEMENT TRUST as provided in the MEDICAL SETTLEMENT
> TRUST AGREEMENT and shall be subject to the continuing
> jurisdiction and supervision of the COURT.  Each of the FUNDS shall
> be maintained in separate bank accounts at one or more federally
> insured depository institutions approved by BP and MEDICAL
> BENEFITS CLASS COUNSEL.   MEDICAL BENEFITS CLASS
> COUNSEL and BP shall nominate Matthew L. Garretson as the trustee
> and J.P. Morgan Trust Company of Delaware as the directed trustee of
> the MEDICAL SETTLEMENT TRUST and Matthew L. Garretson as
> the administrator of the qualified settlement fund for purposes of
> Treasury Regulation §1.468B-2(k)(3), subject to the approval of the
> COURT.  The trustee and/or the direct trustee may be removed by joint
> motion made by BP'S COUNSEL and MEDICAL BENEFITS CLASS
> COUNSEL, and granted by the COURT.  If the trustee and/or directed
> trustee resigns, is removed, or is otherwise unable to continue
> employment in that position, the MEDICAL BENEFITS CLASS
> COUNSEL and BP'S COUNSEL shall jointly select a new proposed
> trustee and/or directed trustee, as the case may be, and move the
> COURT to approve the new proposed trustee and/or directed trustee, as
> the case may be.  The MEDICAL BENEFITS CLASS COUNSEL and
> BP'S COUNSEL and the COURT will follow this process until such
> time as a new trustee and/or directed trustee, as the case may be, is
> approved by the COURT and appointed.   The COURT shall have
> ongoing jurisdiction over the trustee and the directed trustee and shall
> retain such jurisdiction through and after the EFFECTIVE DATE.  The
> trustee and the directed trustee of the MEDICAL SETTLEMENT
> TRUST shall have the authority to make payments from the MEDICAL
> SETTLEMENT TRUST ACCOUNT into the other FUNDS and to
> make disbursements from the FUNDS at the direction of the CLAIMS
> ADMINISTRATOR and consistent with the terms of this MEDICAL
> SETTLEMENT AGREEMENT and the MEDICAL SETTLEMENT
> TRUST   AGREEMENT.    The   trustee   of   the   MEDICAL
> SETTLEMENT TRUST shall be responsible for making any necessary
> tax filings and payments of taxes, estimated taxes, and associated
> interest and penalties, if any, by the MEDICAL SETTLEMENT
> TRUST and responding to any questions from, or audits regarding such
> taxes by, the Internal Revenue Service or any state or local tax
> authority.  The trustee of the MEDICAL SETTLEMENT TRUST also
> shall be responsible for complying with all tax information reporting
> and withholding requirements with respect to payments made by the

MEDICAL SETTLEMENT TRUST, as well as paying any associated interest and penalties.  Any such taxes, interest, and penalty payments shall be SETTLEMENT COSTS and shall be paid by the trustee of the MEDICAL SETTLEMENT TRUST from the ADMINISTRATIVE FUND.

Section XXII.F of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

BP shall pay or cause to be paid a total of $105 million into the MEDICAL SETTLEMENT TRUST ACCOUNT for transfer by the trustee and/or the directed trustee into the GULF REGION HEALTH OUTREACH PROJECTS FUND according to the schedule set forth in Section IX.E.

Section XXII.G of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

Within 10 days after the EFFECTIVE DATE, BP shall pay or cause to be paid into the MEDICAL SETTLEMENT TRUST ACCOUNT for transfer by the trustee and/or the directed trustee into the GENERAL MEDICAL CLAIMS FUND an initial amount equal to $10 million. For the three years following the EFFECTIVE DATE, if the GENERAL MEDICAL CLAIMS FUND falls to a balance of less than $5 million, the CLAIMS ADMINISTRATOR shall provide a written notice to BP specifying the balance in the GENERAL MEDICAL CLAIMS FUND, and BP will promptly pay or cause to be paid an additional amount into the MEDICAL SETTLEMENT TRUST ACCOUNT for transfer by the trustee and/or the directed trustee into the GENERAL MEDICAL CLAIMS FUND sufficient to restore such balance to at least $10 million or enter into another appropriate arrangement with the CLAIMS ADMINISTRATOR to assure that sufficient funds are maintained in the GENERAL MEDICAL CLAIMS FUND to satisfy projected payments; provided, however, that no such arrangement shall be entered into without the written agreement of MEDICAL BENEFITS CLASS COUNSEL.  Thereafter, commencing three years after the EFFECTIVE DATE, the CLAIMS ADMINISTRATOR shall provide in writing to BP and MEDICAL BENEFITS CLASS COUNSEL a good faith, reasonable estimate of the amount of payments the CLAIMS ADMINISTRATOR anticipates will be made from the GENERAL MEDICAL CLAIMS FUND during the next succeeding calendar month (each a MONTHLY ESTIMATE). Each such MONTHLY ESTIMATE will be provided to BP and MEDICAL BENEFITS CLASS COUNSEL at least 10 business days prior to the commencement of the calendar month covered by such

estimate.  Within seven business days after receipt of such MONTHLY ESTIMATE, BP shall pay or cause to be paid into the MEDICAL SETTLEMENT TRUST ACCOUNT for transfer by the trustee and/or the directed trustee into the GENERAL MEDICAL CLAIMS FUND, the amount specified in the MONTHLY ESTIMATE.  Within ten business days after the end of each calendar month, the CLAIMS ADMINISTRATOR shall provide BP and MEDICAL BENEFITS CLASS COUNSEL with a reconciliation (in such detail as BP and/or MEDICAL BENEFITS CLASS COUNSEL may reasonably request) comparing the actual amount paid during such calendar month by the GENERAL MEDICAL CLAIMS FUND with the amount reflected in the MONTHLY ESTIMATE for such month.  To the extent the amount reflected in such MONTHLY ESTIMATE exceeds the amount actually paid in such month by the GENERAL MEDICAL CLAIMS FUND, such excess shall be credited against BP'S subsequent payment obligations to the GENERAL MEDICAL CLAIMS FUND.  If at any time the CLAIMS ADMINISTRATOR reasonably believes that the balance in the GENERAL MEDICAL CLAIMS FUND is not sufficient to pay the projected sums to be paid out of the GENERAL MEDICAL CLAIMS FUND during that calendar month, the CLAIMS ADMINISTRATOR shall provide a written notice to BP and MEDICAL BENEFITS CLASS COUNSEL specifying the additional amounts needed to satisfy such projected sums.  BP will promptly pay or cause to be paid such additional amount into the MEDICAL SETTLEMENT TRUST ACCOUNT for transfer by the trustee and/or the directed trustee into the GENERAL MEDICAL CLAIMS FUND or enter into another appropriate arrangement with the CLAIMS ADMINISTRATOR to assure that sufficient funds will exist in the GENERAL MEDICAL CLAIMS FUND to satisfy projected sums to be paid out of the GENERAL MEDICAL CLAIMS FUND during that calendar month; provided, however, that no such arrangement shall be entered into without the written agreement of MEDICAL BENEFITS CLASS COUNSEL.  The CLAIMS ADMINISTRATOR will provide BP and MEDICAL BENEFITS CLASS COUNSEL with periodic reports relating to payments from the GENERAL MEDICAL CLAIMS FUND and projections of payments that are in process, in each case in such detail as BP and/or MEDICAL BENEFITS CLASS COUNSEL may reasonably request, but in no such case shall such reports include the names of any MEDICAL BENEFITS SETTLEMENT CLASS MEMBER indicating that he or she received compensation for a SPECIFIED PHYSICAL CONDITION or participated in the PERIODIC MEDICAL CONSULTATION PROGRAM.

Section XXII.H of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

> BP shall pay or cause to be paid into the MEDICAL SETTLEMENT
> TRUST ACCOUNT for transfer by the trustee and/or the directed
> trustee into the ADMINISTRATIVE FUND (i)  $15 million no later
> than 15 days after the PRELIMINARY APPROVAL AND CLASS
> CERTIFICATION ORDER is entered and (ii) additional amounts as
> may be required on a monthly basis thereafter during the existence of
> this MEDICAL SETTLEMENT AGREEMENT in accordance with the
> ADMINISTRATIVE BUDGET to be developed by the CLAIMS
> ADMINISTRATOR, subject to the approval of both BP and
> MEDICAL BENEFITS CLASS COUNSEL, which shall not be
> unreasonably withheld.   The CLAIMS ADMINISTRATOR shall
> provide reports consistent with Section XXI.K.   Nothing in Section
> XXI.K shall preclude BP or MEDICAL BENEFITS CLASS
> COUNSEL from requesting such additional information concerning the
> ADMINISTRATIVE FUND or the MEDICAL SETTLEMENT
> TRUST ACCOUNT as is reasonably necessary.   BP and the CLAIMS
> ADMINISTRATOR shall adjust the monthly payment amounts
> accordingly to ensure that sufficient funds are on deposit in the
> ADMINISTRATIVE FUND to cover the ADMINISTRATIVE
> EXPENSES on a timely basis.

Section XXII.K of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

> BP shall have a reversionary interest in (i) any amounts that remain in
> the GENERAL MEDICAL CLAIMS FUND 1 year after at the close of
> the PERIODIC MEDICAL CONSULTATION PROGRAM, (ii) any
> amounts that remain in the GULF REGION HEALTH OUTREACH
> PROJECTS FUND at the earlier of the time all distributions have been
> made pursuant to Section IX.E or the time this MEDICAL
> SETTLEMENT AGREEMENT terminates under Section XIV, and/or
> (iii) any amounts that remain in the MEDICAL SETTLEMENT
> TRUST ACCOUNT or the ADMINISTRATIVE FUND 1 year
> following the conclusion of the MEDICAL SETTLEMENT
> AGREEMENT, as determined by the COURT.

Section XXII.L.3 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

> The total amount of cash invested in any single United States
> government money market fund by the FUNDS in the aggregate shall

not exceed $50 million and the total amount invested in deposits at federally insured depository institutions by the FUNDS in the aggregate shall not exceed $25 million per depository institution.

Section XXII.M of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

Any earnings attributable to the MEDICAL SETTLEMENT TRUST ACCOUNT, the GENERAL MEDICAL CLAIMS FUND, and/or the GULF REGION HEALTH OUTREACH PROJECTS FUND shall be transferred to the ADMINISTRATIVE FUND, and any earnings on the ADMINISTRATIVE FUND shall be retained in the ADMINISTRATIVE FUND. Such earnings may be used to pay SETTLEMENT COSTS out of the ADMINISTRATIVE FUND.

Section XXII.O of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text of the first paragraph and to replace it with the following:

The CLAIMS ADMINISTRATOR and the trustee and the directed trustee of the MEDICAL SETTLEMENT TRUST shall enter into a PAYING AGENT AGREEMENT, in form and substance reasonably satisfactory to BP and MEDICAL BENEFITS CLASS COUNSEL, and approved by the COURT, pursuant to which a federally insured depository institution, approved by BP and MEDICAL BENEFITS CLASS COUNSEL, will serve as escrow agent and LEAD PAYING AGENT for the GENERAL MEDICAL CLAIMS FUND. The LEAD PAYING AGENT shall enter into the CHECK CASHING ARRANGEMENT with the GULF REGION BANK that provides that checks drawn on the GENERAL MEDICAL CLAIMS FUND will be eligible to be cashed or deposited in branches of the GULF REGION BANK in a manner that will expedite the recipients' access to such funds. Additionally, the LEAD PAYING AGENT may enter into an arrangement with a check-cashing facility agreed to by BP and MEDICAL BENEFITS CLASS COUNSEL and approved by the COURT. Consistent with the foregoing, the PAYING AGENT AGREEMENT and the CHECK CASHING ARRANGEMENT collectively shall provide for the following:

Section XXII.O.1 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

The CLAIMS ADMINISTRATOR and/or the trustee shall be provided with checks that reflect the name of the GULF REGION BANK, the GULF REGION BANK'S Louisiana, Mississippi, Alabama, or Florida

address, and are drawn on the GENERAL MEDICAL CLAIMS FUND
maintained by the LEAD PAYING AGENT.

Section XXII.O.2 of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

> The CLAIMS ADMINISTRATOR and/or the trustee may use such
> checks to pay SETTLEMENT COSTS payable out of the GENERAL
> MEDICAL CLAIMS FUND.  The CLAIMS ADMINISTRATOR shall
> provide to the LEAD PAYING AGENT (or its designee) a nightly,
> system-generated notification of all check issuances, through an
> electronic file.  This notification report shall be used by the LEAD
> PAYING AGENT in connection with its operation of the encashment
> program described below.

Section XXII.P of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing text and to replace it with the following:

> In the event the trustee and the directed trustee of the MEDICAL
> SETTLEMENT TRUST and the CLAIMS ADMINISTRATOR are
> unable to enter into any of the arrangements specified in Section
> XXII.O or any of such arrangements thereafter terminate, BP and
> MEDICAL BENEFITS CLASS COUNSEL shall cooperate to develop
> and implement an alternative program, which must be approved by the
> COURT.

Section XXII.S of the MEDICAL SETTLEMENT AGREEMENT is amended to delete

in its entirety the existing test and to replace it with the following:

> Unless the COURT directs otherwise, a separate fund (intended to
> qualify as a "qualified settlement fund," under § 468B(d)(2) of the
> Internal Revenue Code and Treasury Regulation § 1.468B.1) will be
> established out of which common benefit attorneys' fees and costs to
> the MEDICAL BENEFITS CLASS COUNSEL and/or other common
> benefit attorneys who have submitted time and costs in compliance
> with Pretrial Order 9 will be paid pursuant to order of the COURT.
> This separate qualified settlement fund will be established pursuant to
> order of the COURT, and will operate under COURT supervision and
> control.  This separate qualified settlement fund shall be separate from
> the qualified settlement fund described in Section XXII.C and any of
> the FUNDS described in Section XXII.D, and will not be administered
> by the CLAIMS ADMINISTRATOR.   This Section shall be
> determined in conjunction with the negotiation of attorneys' fees to be
> conducted and shall be set forth in Exhibit 19 and as approved by the

COURT.  BP's discharge from liability regarding payment of these attorneys' fees and costs into the fund described in this Section XXII.S shall be set forth in Exhibit 19 and as approved by the COURT.  The COURT shall determine the form and manner of administering of this fund, in which BP will also have no reversionary interest.

A new Section XXII.T shall be added as follows:

Wherever in this MEDICAL SETTLEMENT AGREEMENT the CLAIMS ADMINISTRATOR is authorized or directed, as the context may reflect, to pay, disburse, reimburse, hold, waive, or satisfy any monetary obligation provided for or recognized under any of the terms of this MEDICAL SETTLEMENT AGREEMENT, the CLAIMS ADMINISTRATOR may comply with such authorization or direction by directing the trustee and/or the directed trustee to, as appropriate, pay, disburse, reimburse, hold, waive, or satisfy any such monetary obligation.

On page 13 of Table 3 of the SPECIFIED PHYSICAL CONDITIONS MATRIX, Exhibit 8 to the MEDICAL SETTLEMENT AGREEMENT, the words "Sequela from direct chemical splash eye" are amended to read "Sequela from direct chemical splash to eye(s)".

All other provisions of the MEDICAL SETTLEMENT AGREEMENT shall remain unchanged.

Executed this 1st day of May, 2012.

BP EXPLORATION & PRODUCTION INC.

By: _____
Name:  James J. Neath
Title:  Associate General Counsel

By: _____

Name:  Richard C. Godfrey, P.C.
Kirkland & Ellis LLP
Counsel for BP Exploration & Production Inc.

BP AMERICA PRODUCTION COMPANY

By: _____
Name:  James J. Neath
Title:  Associate General Counsel

By: _____

Name:  Richard C. Godfrey, P.C.
Kirkland & Ellis LLP
Counsel for BP America Production Company

BP EXPLORATION & PRODUCTION INC.

By: _____
Name:  James J. Neath
Title:  Associate General Counsel

By: _____
Name:  Richard C. Godfrey, P.C.
Kirkland & Ellis LLP
Counsel for BP Exploration & Production Inc.

BP AMERICA PRODUCTION COMPANY

By: _____
Name:  James J. Neath
Title:  Associate General Counsel

By: _____
Name:  Richard C. Godfrey, P.C.
Kirkland & Ellis LLP
Counsel for BP America Production Company

- 18 -

PLAINTIFFS' INTERIM CLASS COUNSEL

By: _____

Name:  James Parkerson Roy      5-1-12

By: _____

Name:  Stephen J. Herman