# EXHIBIT 5

## MEDICAL BENEFITS CLASS ACTION SETTLEMENT
### PROOF OF CLAIM FORM

Complete this form if you are a **MEDICAL BENEFITS SETTLEMENT CLASS MEMBER** who is applying for compensation for a **SPECIFIED PHYSICAL CONDITION** and/or participation in the **PERIODIC MEDICAL CONSULTATION PROGRAM**. Unless otherwise specified, the information requested for a **MEDICAL BENEFITS SETTLEMENT CLASS MEMBER ("You")** refers to the person who:

> **(1)** worked as a **CLEAN-UP WORKER** between April 20, 2010, and April 16, 2012;

> **(2)** resided in **ZONE A** for some time on each of at least 60 days between April 20, 2010, and September 30, 2010 **("ZONE A RESIDENT")**, and who developed one or more **SPECIFIED PHYSICAL CONDITIONS** between April 20, 2010, and September 30, 2010; and/or

> **(3)** resided in **ZONE B** for some time on each of at least 60 days between April 20, 2010 and December 31, 2010 **("ZONE B RESIDENT")**.

If you are an **AUTHORIZED REPRESENTATIVE** making a claim on behalf of a person who is (1) a minor, (2) lacking capacity or incompetent, or (3) deceased, please provide the information requested for the person for whom you are making the claim, and also submit Appendix A.

Submit this PROOF OF CLAIM FORM, HIPAA authorization (Appendix B), employment authorization (only for those CLEAN-UP WORKERS not included in one of the databases, records, or documentation provided by BP to the CLAIMS ADMINISTRATOR, pursuant to Section XXI.D.1 of the MEDICAL SETTLEMENT AGREEMENT) (Appendix C), and any data, documentation, or records you choose to submit in support of your claim to the CLAIMS ADMINISTRATOR at the address at the end of this form.

Print or type all responses. Attach additional copies of sections if needed. In completing this form, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested, please provide as much information as you can. If you are represented by counsel, you may and should consult with your attorney if you have any questions regarding the completion of this form. You must provide the documents and other evidence that are required in the MEDICAL SETTLEMENT AGREEMENT to prove your claim.

The capitalized terms in this form are defined in the MEDICAL SETTLEMENT AGREEMENT, which is available at www.[    ].com or by calling toll free x-xxx-xxx-xxxx.

**You should submit all your materials together. You should retain a copy of everything submitted to the CLAIMS ADMINISTRATOR.**

## I.  Personal & Background Information

First Name                                M.I.        Last Name

Any other names used in the last 10 years

Current or last known street address

City                                                               State        Zip Code

Telephone Number (Daytime)                         Telephone Number (Evening)

Cellular Number

E-mail address (if any)

Date of birth (mm/dd/yyyy)                 Social security number

Driver's license number / Other state ID           State        Gender
☐ Male   ☐ Female

How should the CLAIMS ADMINISTRATOR communicate with you in connection with your claim?
☐ Mail   ☐ E-mail   ☐ Telephone

## II.  Representation by Legal Counsel

Are you represented by any lawyer in connection with this claim?

☐ Yes   ☐ No

If "yes", please provide your lawyer's name, law firm, and contact information (Please note that all communications about your claim for a SPECIFIED PHYSICAL CONDITION and/or qualification for the PERIODIC MEDICAL CONSULTATION PROGRAM will be made to your lawyer, but the CLAIMS ADMINISTRATOR may still communicate directly with you to schedule a medical consultation visit if you are determined to qualify for the PERIODIC MEDICAL CONSULTATION PROGRAM):

Lawyer's First Name                         M.I.        Lawyer's Last Name

Law Firm's Name

*section continues on next page*

Law Firm's Street Address

City                                                                  State    Zip Code

Telephone Number                          Fax Number

Lawyer's E-mail Address

---

### III.  Basis for Participation in MEDICAL BENEFITS CLASS ACTION SETTLEMENT

A.  Which of the following is the basis for your participation in this class settlement?  Check every box that you think applies.

☐  I was a CLEAN-UP WORKER at any time between April 20, 2010, and April 16, 2012.

☐  I resided in ZONE A for some time on each of at least 60 days between April 20, 2010, and September 30, 2010, and developed one or more SPECIFIED PHYSICAL CONDITIONS within the timeframes set forth on the SPECIFIED PHYSICAL CONDITIONS MATRIX.

☐  I resided in ZONE B for some time on each of at least 60 days between April 20, 2010, and December 31, 2010.

B.  Do any of the following apply to you?  If you check any of the following boxes, you are **not** eligible to participate in this settlement.

☐  I elected to be excluded (OPT OUT) from the MEDICAL BENEFITS SETTLEMENT CLASS.

Date you submitted your written request to OPT OUT:  ☐☐ / ☐☐ / ☐☐☐☐

☐  I was employed by a BP ENTITY between April 20, 2010, and April 16, 2012:
Name of BP ENTITY who employed you:

Position:

☐  I was a sitting judge on the United States District Court for the Eastern District of Louisiana or a law clerk of the COURT between April 20, 2010, and April 16, 2012.

☐  I have previously released claims against BP relating to any illnesses or injuries allegedly suffered as a result of exposure to oil, other hydrocarbons, or other substance released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES (this includes a final release to the Gulf Coast Claims Facility in exchange for payment for such illnesses or injuries).

## IV.  Employment Information for CLEAN-UP WORKERS

Complete this section if you claim to have been a CLEAN-UP WORKER at any time between April 20, 2010, and April 16, 2012.  Your inclusion in one of the databases, documentation, or records provided by BP to the CLAIMS ADMINISTRATOR, pursuant to Section XXI.D.1 of the MEDICAL SETTLEMENT AGREEMENT, shall also establish your status as a CLEAN-UP WORKER.  You can contact the CLAIMS ADMINISTRATOR to find out if you are in one of these databases, documentation, or records.  If you are not sure whether you are on such databases, documentation, or records, you should provide the information below.

   A.  Provide your employment information from April 20, 2010, to April 16, 2012, that establishes your status as a CLEAN-UP WORKER.  You may provide the requested information for additional employers on additional pages.

Name of your Employer

Address of your Employer

City                                                                State      Zip Code

Date(s) of your Employment (mm/dd/yyyy)

/          /              to          /          /

Duration of your Employment

Name of your Supervisor

Your Position / Job Title

Describe your duties and the locations where you worked (Please be as specific as possible):

   B.  **Proof of Status as CLEAN-UP WORKER**
      1.  You may establish your status as a CLEAN-UP WORKER if you are included in one of the databases, documentation, or records pursuant to Section XXI.D.1.a of the MEDICAL SETTLEMENT AGREEMENT, or if you are included in the documentation, during the appropriate time period, of work for or a contract with any entity or person engaged in RESPONSE ACTIVITIES that is identified in those databases, documentation, or other provided by BP to the CLAIMS ADMINISTRATOR in Section XXI.B of the MEDICAL SETTLEMENT AGREEMENT.  Your presence in the "Training" database alone does not establish your status as a CLEAN-UP WORKER, but may be used to corroborate other documentation.

      2.  If you are not included on one of the databases, or documentation provided by BP to the CLAIMS ADMINISTRATOR pursuant to Section XXI.B of the MEDICAL SETTLEMENT AGREEMENT, you must provide documentary proof of your employment, including the location and duration of such employment between April 20, 2010, and April 16, 2012.  Your status as a CLEAN-UP WORKER

cannot be established solely by an uncorroborated declaration, except a declaration from an employer, as provided in Section XXI.D.3 of the MEDICAL SETTLEMENT AGREEMENT.  However, declarations signed under penalty of perjury by yourself or a third party, including an employer or co-worker, may be used to explain or corroborate other documentation.  Please check which forms of documentary evidence you are submitting to establish your status as a CLEAN-UP WORKER:

☐ Pay stub(s)

☐ W-2 form(s)

☐ 1099 form(s)

☐ employment agreement(s)

☐ a copy of your worker identification badge

☐ Tax return(s)

☐ Other documents created at the time of your employment that establish proof of employment

☐ Declaration from your employer

## V.   Residence In ZONE A or ZONE B

Complete this section if you are claiming to be a ZONE A RESIDENT and/or ZONE B RESIDENT.  Note that if you believe you are a CLEAN-UP WORKER and filled out Sec. IV, you do not need to fill out Section V, but are advised to do so in case you are determined not to be a CLEAN-UP WORKER.

**A.   Did you reside in ZONE A at any time between April 20, 2010, and September 30, 2010?**

☐ Yes    ☐ No

If "yes", list each location where you resided in ZONE A, and the time period of your residence at each location (attach additional sheets as necessary to provide the requested information for additional locations).

Address of location in ZONE A:

City                                                                    State    Zip Code

Date(s) Resided at Location (mm/dd/yyyy)

⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚    to    ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚

**B.   Did you reside in ZONE B at any time between April 20, 2010, and December 31, 2010?**

☐ Yes    ☐ No

If "yes", list each location where you resided in ZONE B, and the time period of your residence at each location (attach additional sheets as necessary to provide the requested information for additional locations).

Address of location in ZONE B:

City [ ] [ ] [ ] [ ] [ ] [ ] [ ]   State [ ] [ ]   Zip Code [ ] [ ] [ ] [ ] [ ]

Date(s) Resided at Location (mm/dd/yyyy)
[ ] [ ] / [ ] [ ] / [ ] [ ] [ ] [ ]   to   [ ] [ ] / [ ] [ ] / [ ] [ ] [ ] [ ]

C.  **Have you worked in any of the following capacities for a cumulative duration of at least five years prior to April 20, 2010?**
- Cleaning or reconditioning of the tanks or holds of barges, tankers or lighters, tanker trucks, tanker rail cars, or any other tank (stationary or mobile) used to hold hydrocarbons or petrochemicals.
- Storage, handling, or cleaning of naturally occurring radioactive materials ("NORMs"), including radionuclides.
- Storage, transportation, distribution, or dispensing of gasoline, diesel, jet fuel, kerosene, motor fuels, or other hydrocarbon-based fuels at any bulk storage facility (not including gas stations or gas station convenience stores), bulk plant, or bulk terminal facility that stores hydrocarbons or petrochemicals.
- Loading or unloading bulk crude oil or petroleum hydrocarbons onto or from trucks, ships, barges, or other vessels.
- Tar distillation.

[ ] Yes   [ ] No

If you checked "yes", and you are not a CLEAN-UP WORKER, you are not eligible to participate in this settlement.

D.  **Proof of Residence in ZONE A and/or ZONE B**
*Any claim submitted without sufficient proof of residence will be denied.*

1.  If you claim residence in ZONE A or ZONE B you must provide documentary proof of your residency, including the location and duration of your residence, between April 20, 2010, and September 30, 2010, for ZONE A, or April 20, 2010, and December 31, 2010, for ZONE B. To establish the fact of your residency, you must provide one or more of the following listed below. To establish the duration of your residence, you should provide one or more of the following listed below, but if no documentary proof of the duration of residency is available, you may provide a declaration signed under penalty of perjury to demonstrate the duration of your residency. Please check one or more of the following that you are submitting:

[ ] a copy of a lease or title to property

[ ] utility or phone bills

[ ] 1099 forms

[ ] a driver's license or other government-issued ID

[ ] similar documentation

[ ] Declaration (which may only be sufficient to establish your duration of residency)

2.  A person who is (1) a minor, or (2) lacking capacity or incompetent, and claiming residency in ZONE A and/or ZONE B may also establish the fact, location, and duration of his or her residency

through (1) school records, custody orders, medical records, and/or similar evidence; or (2) if such documentation does not exist, a written declaration of his or her AUTHORIZED REPRESENTATIVE signed under penalty of perjury and corroborated by contemporaneous documentary proof.  Are you submitting either records or a declaration as described in this paragraph?

☐ Yes   ☐ No

## VI.  Benefits Claimed

**A.**  **Are you making a claim for compensation for a SPECIFIED PHYSICAL CONDITION?  If your answer to VI.A. is "yes", please complete the rest of this form.**

☐ Yes   ☐ No

**B.**  **If your answer to VI.A. is "no", are you a CLEAN-UP WORKER and/or ZONE B RESIDENT who is requesting to qualify in the PERIODIC MEDICAL CONSULTATION PROGRAM?**

☐ Yes   ☐ No

**If yes, you can skip Sections VII - IX of this form.**

## VII. SPECIFIED PHYSICAL CONDITIONS

**If you are applying for compensation for a SPECIFIED PHYSICAL CONDITION, you must provide a declaration under penalty of perjury setting forth the information described in the SPECIFIED PHYSICAL CONDITIONS MATRIX, attached as Exhibit 10 to the MEDICAL SETTLEMENT AGREEMENT.**

**In your declaration, you must:**
- **For Levels A1, A2, A3, and B1: (1) Assert the manifestation of one or more conditions (or the symptom or symptoms thereof) on Table 1, (2) assert that such condition(s) (or the symptom or symptoms thereof) occurred within the applicable timeframe specified in Table 1, and (3) identify the route, circumstances, and date(s) or approximate date(s) of alleged exposure; or**
- **For Level A4:  (1) assert the manifestation of sunstroke (heat stroke), loss of consciousness (fainting) due to heat, heat fatigue (exhaustion) and/or disorders of sweat glands, including heat rash, (2) assert that such condition(s) occurred during or immediately following a shift working as a clean-up worker, and (3) identify the circumstances and date(s) or approximate date(s) of that shift.**

**You should provide sufficient information:**
- **If your condition developed during or immediately after your shift as a CLEAN-UP WORKER, you should provide the date(s) of your shift, location, and the type of activities you were performing.**

Depending on the SPECIFIED PHYSICAL CONDITION(S) for which you seek compensation, and your status as a CLEAN-UP WORKER, or ZONE A RESIDENT or ZONE B RESIDENT, you also may be required to provide additional documentation, as described in the SPECIFIED PHYSICAL CONDITIONS MATRIX.  Failure to provide the materials described could affect your eligibility for compensation or the amount of your payment.

Please check below the level of compensation you are seeking:

☐ A1   ☐ A2   ☐ A3   ☐ A4   ☐ B1

Please identify which of the following you are submitting with this form as proof of SPECIFIED PHYSICAL CONDITION(S) (check all that apply):

☐   Declaration from you signed under penalty of perjury (Levels A1, A2, A3, A4, and B1)

☐   Declaration from third party witness signed under penalty of perjury (Level A1; ZONE A RESIDENT or ZONE B RESIDENT)

☐   Extrinsic evidence showing the manifestation of the condition or symptoms, the route or location of exposure, and/or treatment of the condition or symptoms (Level A1; ZONE A RESIDENT or ZONE B RESIDENT)

☐   Medical records (Levels A2 and B1)
      If you are seeking compensation under Levels A2 or B1, you may direct the CLAIMS ADMINISTRATOR to obtain the required medical records relating to you.  The actual cost of obtaining your medical records will be deducted from the amount of compensation for which you are determined to qualify, if any.  These costs may be waived if you are not represented by counsel and if you provide proof of evidence of financial hardship to the satisfaction of the CLAIMS ADMINISTRATOR.

☐   [Levels A2 or B1 only] I direct the CLAIMS ADMINISTRATOR to obtain my medical records from the medical providers identified in Section VIII.A.4 below.  I understand that the cost of obtaining these records will be deducted from the amount of compensation, if any, to which I may be determined to qualify.

      ☐   I am not represented by counsel and request a waiver of these costs because of a financial hardship. Please explain:

      _____

      _____

If you are seeking compensation at Levels A2, A3, A4, or B1 on the SPECIFIED PHYSICAL CONDITIONS MATRIX, the CLAIMS ADMINISTRATOR will determine, based on the totality of the evidence in the medical records (and/or for Groups A3 and A4, the databases, records, and documentation containing your information that BP provided to the CLAIMS ADMINISTRATOR pursuant to Section XXI.B of the MEDICAL SETTLEMENT AGREEMENT, to be evaluated consistent with Table 2 of the SPECIFIED PHYSICAL CONDITIONS MATRIX), whether that evidence more likely than not supports the assertions made in your declaration.

VIII.    Information regarding each SPECIFIED PHYSICAL CONDITION

A. **Provide the following information about each SPECIFIED PHYSICAL CONDITION which is a basis of your claim for compensation. If you are providing information regarding more than one SPECIFIED PHYSICAL CONDITION, please print and complete a copy of this Section for each SPECIFIED PHYSICAL CONDITION. Note, however, that you are eligible to receive only one lump sum compensation payment, regardless of the number of SPECIFIED PHYSICAL CONDITIONS you submit.**

   1.   Name / description of SPECIFIED PHYSICAL CONDITION and symptoms thereof:

_____

_____

   2.   Please describe the current status of your condition (check one):

☐ My condition was resolved or no longer experienced on or about: ⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚

☐ My condition is on-going.

   3.   Date(s) or approximate date(s) on which the condition first appeared:

⬚⬚ / ⬚⬚ / ⬚⬚⬚⬚

How soon after your exposure to oil, other hydrocarbons, and other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES did your condition or injury first appear (check one):

☐   Immediately

☐   Within 24 hours

☐   Within 72 hours

☐   Sometime after 72 hours

   4.   Did you visit a medical professional for diagnosis and/or treatment of this SPECIFIED PHYSICAL CONDITION?

☐ Yes   ☐ No

If yes, please provide the following:

   A.   Contact information of the medical professional(s) who diagnosed / treated your condition:

First Name _____ M.I. ___ Last Name _____

Address _____

City _____ State ___ Zip Code _____

Telephone Number (Office) ____-____-_____ Fax Number (Office) ____-____-_____

**PROOF OF CLAIM FORM**           **PAGE 9 of 21**
Deepwater Horizon Medical Benefits Claims Administrator |[Insert Claims Administrator Mailing Address]
**Toll-Free Line:** x-xxx-xxx-xxxx| **Website:** www.[    ].com

B.  Diagnosis Given: _____

C.  Treatment Provided:

_____

_____

**B.  PROOF OF ACTUAL HOSPITAL EXPENSES**

If seeking compensation for ACTUAL HOSPITAL EXPENSES incurred in connection with a SPECIFIED PHYSICAL CONDITION identified above, please provide information about your ACTUAL HOSPITAL EXPENSES below.

Name of Hospital: _____

City, State: _____

Date(s) of Hospitalization:

| | | | / | | | | / | | | | | to | | | / | | | | / | | | | |

Total amount of expenses actually paid by you:   $ _____ . _____

Total amount of expenses actually paid by any other person or entity, such as an insurer, on your behalf:   $ _____ . _____

*To receive compensation for any ACTUAL HOSPITAL EXPENSES listed above, you must provide hospital records, physician records, bills, statements, receipts, proof of payment, or similar documentation of the fact, cost, and payment of the hospitalization, and showing that the hospitalization was related to the claimed SPECIFIED PHYSICAL CONDITION.*

**IX.    Medicare , Medicaid, and Other Lien, Indemnity, Subrogation and Other Interests Information**

**A.  Medicare**

1.  Are you now, or have you been enrolled at any time since April 20, 2010, in Medicare?

[ ] Yes    [ ] No

If yes, please provide your HICN (Medicare Claim #):   [ | | | | | | | | | | | ]

If yes, please provide your enrollment date:   [ | | / | | / | | | | ]

2.  Are you now, or have you been enrolled at any time since April 20, 2010, in a Medicare Advantage, Medicare Cost or similar Medicare replacement and whom you believe or suspect may hold or assert any liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interests of any type in connection with compensation or benefits claimed or received by you pursuant to the MEDICAL SETTLEMENT AGREEMENT?

[ ] Yes    [ ] No

If "yes", what is the name of each such Medicare Advantage, Medicare Cost or similar Replacement Plan?

_____

If "yes", please provide your member number for each such Plan:

[ | | | | | | | | | | | | | | | | | | | ]

If "yes", please provide your enrollment date:

[ | | / | | / | | | | ]

3.  Are you now, or have you been enrolled at any time since April 20, 2010, in a separate Medicare Plan D (prescription drug benefits) Plan which has made any payment(s) on your behalf and whom you believe or suspect may hold or assert any liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interests of any type in connection with compensation or benefits claimed or received by you pursuant to the MEDICAL SETTLEMENT AGREEMENT?

☐ Yes    ☐ No

If "yes", what is the name and your member number of each such Medicare Part D Plan? _____

**B.  Medicaid**

1.  Are you currently enrolled in a state Medicaid program?

☐ Yes    ☐ No

If yes, please provide your Medicaid ID Number:

☐☐☐☐☐☐☐☐☐☐☐

State of Issuance: ☐☐

Date of Enrollment: ☐☐ / ☐☐ / ☐☐☐☐

2.  Have you been enrolled in any other state Medicaid Program at any time since April 20, 2010?

☐ Yes    ☐ No

If yes, please provide your Medicaid ID Number:

☐☐☐☐☐☐☐☐☐☐☐

State of Issuance: ☐☐

Date of Enrollment: ☐☐ / ☐☐ / ☐☐☐☐

**C.  Veterans Administration Benefits, TRICARE benefits, or Indian Health Services**

1.  Please check all of the following for which you have been entitled at any time since April 20, 2010, to receive:

☐  Veterans Administration health care or prescription drug benefits

☐  TRICARE healthcare or prescription drug benefits

☐  Indian Health Services health care or prescription drug benefits

2.  If you checked any of the above, for each one you checked, please state:

A.  Applicable Program

_____

Claim Number

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Dates of Enrollment

☐☐☐ / ☐☐☐ / ☐☐☐☐☐  to  ☐☐☐ / ☐☐☐ / ☐☐☐☐☐

Branch _____

Sponsor _____

Sponsor SSN  ☐☐☐☐ - ☐☐☐ - ☐☐☐☐☐

Treating Facility _____

    B.   Applicable Program

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Claim Number

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Dates of Enrollment

☐☐☐ / ☐☐☐ / ☐☐☐☐☐  to  ☐☐☐ / ☐☐☐ / ☐☐☐☐☐

Branch _____

Sponsor _____

Sponsor SSN  ☐☐☐☐ - ☐☐☐ - ☐☐☐☐☐

Treating Facility _____

    **D.   Other Health Care Coverage**

1. Were you entitled to receive, at any time since April 20, 2010, medical items, services, and/or prescription drugs from any type of person or entity not previously listed in this Section IX for injuries claimed to arise out of the *DEEPWATER HORIZON* INCIDENT and whom you believe or suspect may hold or assert any liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interests of any type in connection with compensation or benefits claimed or received by you pursuant to the MEDICAL SETTLEMENT AGREEMENT?

    ☐ Yes   ☐ No

2. Has any insurer or other person or entity made any payment(s) on your behalf for any medical condition for which you are making a claim for compensation or benefits pursuant to the MEDICAL SETTLEMENT AGREEMENT?

    ☐ Yes   ☐ No

If "yes" to either question above, provide the following information for every such person or entity:

Name of Entity: _____

Policy Number: _____

Medical Condition Covered by Entity: _____

Name of Entity: _____

Policy Number: _____

Medical Condition Covered by Entity: _____

**PROOF OF CLAIM FORM**       **PAGE 12 of 21**
Deepwater Horizon Medical Benefits Claims Administrator |[Insert Claims Administrator Mailing Address]
**Toll-Free Line:** x-xxx-xxx-xxxx| **Website:** www.[  ].com

Name of Entity: _____

Policy Number: _____

Medical Condition Covered by Entity: _____

### E.   Workers' Compensation

1.   Have you made a claim for workers' compensation benefits for any conditions related to your claims or symptoms at any time after April 20, 2010?

☐ Yes   ☐ No

2.   If "yes", did you receive workers' compensation benefits?

☐ Yes   ☐ No

Identify the injury you suffered: _____

Identify the following:

Name of employer or state workers' compensation fund that provided your workers' compensation benefits?

_____

Employer's State: _____

Workers' Comp Board Number: _____

Workers' Comp Carrier Name: _____

Workers' Comp Carrier ID: _____

### F.   Lien and Subrogation Information

1.   Has anyone (such as an attorney, health care provider, insurance company, or government entity) sent you a letter or form asserting or notifying you of their right to be entitled to the compensation you may receive as a result of or in connection with your claim for compensation?

☐ Yes   ☐ No

If "yes", please provide a copy of every such letter or form to the CLAIMS ADMINISTRATOR. If you do not have a copy of such letter or form, please describe in detail who sent you the form or letter and the contents of such letter or form:

_____

2.   Has anyone (such as an attorney, health care provider, insurance company, or government entity) sent you anything in writing or told you that they are entitled to a share of the compensation you receive as a result of this settlement?   Please provide a copy of all such correspondence to the CLAIMS ADMINISTRATOR.

☐ Yes   ☐ No

If "yes", please describe:

_____

3.  List any other known and/or suspected subrogation, indemnity, lien, claim, conditional payment reimbursement right or other actual or potential interest of any type that has been (or may be) asserted by any state, government body, employer, attorney, insurer, provider and/or any other person or entity that may be related to the claim that you are submitting for settlement.  Please provide a copy of all such correspondence to the CLAIMS ADMINISTRATOR.

_____

_____

**G.  Bankruptcy Information**

1.  Have you filed for bankruptcy protection at any time since April 20, 2010?

☐ Yes    ☐ No

If  "yes", please complete the following (for each bankruptcy filed):

Court (in which you filed for bankruptcy): _____

Case No: _____

Date bankruptcy was filed: _____

If closed, date bankruptcy was closed: _____

## X.    Release, Indemnifications, and Settlement Conditions

A.  In consideration of the benefits described and the agreement and covenants contained in the MEDICAL SETTLEMENT AGREEMENT, I, the undersigned MEDICAL BENEFITS SETTLEMENT CLASS MEMBER, promise, covenant, and agree that, upon the EFFECTIVE DATE and by operation of the FINAL ORDER AND JUDGMENT, I, including my predecessors, successors, assigns, representatives, attorneys, agents, trustees, insurers, heirs, beneficiaries, executors, administrators, and any natural, legal or juridical person or entity to the extent he, she, or it is entitled to assert any claim on my behalf, shall release and forever discharge the RELEASED PARTIES from any liability for all claims of any nature whatsoever in law or in equity, past and present, and whether known or unknown, suspected or claimed, relating to or arising under any federal, state, local, or international statute, regulation, or law (including admiralty claims, claims under maritime law, codal law, adjudication, quasi-adjudication, tort claims, contract claims, actions, causes of action, declaratory judgment actions, cross-claims, counterclaims, third-party claims, demands, and claims for damages, compensatory damages, liquidated damages, punitive damages, exemplary damages, multiple damages, and other non-compensatory damages or penalties of any kind, fines, equitable relief, injunctive relief, conditional or other payments or interest of any type, debts, liens, costs, expenses and/or attorneys fees, interest, or liabilities) that have been or could have been brought in connection with:

1.  Personal injury or bodily injury (including disease, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life), and any progression and/or exacerbation of personal injury or bodily injury that first manifested by April 16, 2012, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, or wrongful death and/or survival actions as a result of such injury, progression and/or exacerbation; and/or

2.  Loss of support, services, consortium, companionship, society, or affection, or damage to familial relations arising out of any personal injury or bodily injury (including disease, mental

or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life) to another person, and any progression and/or exacerbation of personal injury or bodily injury to another person, that first manifested by April 16, 2012, where such injury, progression, and/or exacerbation in whole or in part arose from, was due to, resulted from, or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, or wrongful death and/or survival actions as a result of such personal or bodily injury; and/or

3.   Increased risk, possibility, or fear of suffering in the future from any disease, injury, illness, emotional or mental harm, condition, or death, in whole or in part arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT unless arising out of and pertaining to a LATER-MANIFESTED PHYSICAL CONDITION; and/or

4.   Medical screening and medical monitoring for undeveloped, unmanifested, and/or undiagnosed conditions that may in whole or in part arise out of, result from, or relate to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT regardless of whether I timely make any claim for benefits under the MEDICAL SETTLEMENT AGREEMENT.

B.   In further consideration of the benefits described and the agreements and covenants contained in the MEDICAL SETTLEMENT AGREEMENT, upon the EFFECTIVE DATE and by operation of the FINAL ORDER AND JUDGMENT, any and all of my claims relating to, arising from, or as a result of a LATER-MANIFESTED PHYSICAL CONDITION are released and forever discharged as to the RELEASED PARTIES with respect to that particular LATER-MANIFESTED PHYSICAL CONDITION if, but only if, one or both of the following conditions occur:

1.   I fail properly to submit a NOTICE OF INTENT TO SUE for that particular LATER-MANIFESTED PHYSICAL CONDITION within 4 years of the first diagnosis of that LATER-MANIFESTED PHYSICAL CONDITION or of the EFFECTIVE DATE, whichever is later; or

2.   I fail timely and properly to file a BACK-END LITIGATION OPTION LAWSUIT for that particular LATER-MANIFESTED PHYSICAL CONDITION for which I am eligible to file such lawsuit; as provided in Section VIII.G.1.b of the MEDICAL SETTLEMENT AGREEMENT.

C.   In further consideration of the benefits described and the agreements and covenants contained in the MEDICAL SETTLEMENT AGREEMENT, upon the EFFECTIVE DATE and by operation of the FINAL ORDER AND JUDGMENT, any and all claims for damages or remedies of whatever kind or character, known or unknown, that are now recognized by law or that may be created in the future by statute, regulation, judicial decision, or in any other manner, for punitive damages, exemplary damages, multiple damages, and other non-compensatory damages or penalties of any kind, that relate to, arise from, or are a result of any LATER-MANIFESTED PHYSICAL CONDITION are released and forever discharged by me as to the RELEASED PARTIES.

D.   In further consideration of the benefits described and the agreements and covenants contained in the MEDICAL SETTLEMENT AGREEMENT, upon the EFFECTIVE DATE and by operation of the FINAL ORDER AND JUDGMENT, I shall release and forever discharge, hold harmless, and covenant not to sue the RELEASED PARTIES from any and all claims, including UNKNOWN CLAIMS, arising from, relating to, or resulting from the reporting, transmittal of information, or communications between or among BP, the CLAIMS ADMINISTRATOR, any GOVERNMENTAL PAYER, MEDICARE PART C OR PART D PROGRAM sponsor, and/or any OTHER PAYER/PROVIDER regarding any claim of mine for benefits under the MEDICAL SETTLEMENT AGREEMENT, including any consequences in the event that the MEDICAL SETTLEMENT AGREEMENT impacts, limits, or precludes my right to benefits under Social Security or from any GOVERNMENTAL PAYER, MEDICARE PART C OR PART D PROGRAM, or OTHER PAYER/PROVIDER.

E.   In further consideration of the benefits described and the agreements and covenants contained in the MEDICAL SETTLEMENT AGREEMENT, upon the EFFECTIVE DATE and by operation of the FINAL ORDER AND JUDGMENT, I shall release and forever discharge, hold harmless, and covenant not to sue the RELEASED PARTIES from any and all claims, including UNKNOWN CLAIMS pursuant to the MSP

LAWS, or other similar causes of action, arising from, relating to, or resulting from the failure or alleged failure of any of the RELEASED PARTIES to provide for a primary payment or appropriate reimbursement to a GOVERNMENTAL PAYER, MEDICARE PART C OR PART D PROGRAM, and/or OTHER PAYER/PROVIDER in connection with claims for medical items, services, and/or prescription drugs provided in connection with compensation or benefits I claim or receive pursuant to the MEDICAL SETTLEMENT AGREEMENT.

F.      In further consideration of the benefits described and the agreements and covenants contained in the MEDICAL SETTLEMENT AGREEMENT, upon the EFFECTIVE DATE and by operation of the FINAL ORDER AND JUDGMENT, I shall release and forever discharge, hold harmless, and covenant not to sue the RELEASED PARTIES, MEDICAL BENEFITS CLASS COUNSEL, MEDICAL BENEFITS CLASS REPRESENTATIVES, and the CLAIMS ADMINISTRATOR, and their respective officers, directors, and employees from any and all claims, including UNKNOWN CLAIMS, arising from, relating to, or resulting from my participation, if any, in the PERIODIC MEDICAL CONSULTATION PROGRAM, including, but not limited to, claims for negligence, medical malpractice, wrongful or delayed diagnosis, personal injury, bodily injury (including disease, trauma, mental or physical pain or suffering, emotional or mental harm, or anguish or loss of enjoyment of life), or death arising from, relating to, or resulting from such participation.

G.      The claims described in Paragraphs A-F above are collectively referred to as RELEASED CLAIMS. Notwithstanding the above, RELEASED CLAIMS do not include (1) any claims arising from any alleged exposure, *in utero*, I had or may have had to dispersants and/or decontaminants used in connection with the RESPONSE ACTIVITIES; (2) any claims for non-exposure-based physical or bodily trauma injury that arose from, was due to, resulted from or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, or wrongful death and/or survival actions as a result of such non-exposure-based physical or bodily trauma injury (except that any heat injury shall be a RELEASED CLAIM); (3) any of the claims for economic and property damages asserted by or on behalf of the members of the Economic and Property Damages Class, as defined and described in the Economic and Property Damages Settlement Agreement and the Class Action Complaint styled *Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production, Inc., et al.*, filed in the Eastern District of Louisiana on April 16, 2012, or (4) any other claims for economic loss or property damage due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, excluding DAMAGES other than those (i) arising out of and pertaining to a LATER-MANIFESTED PHYSICAL CONDITION or (ii) arising out of a non-exposure-based physical or bodily trauma injury that arose from, was due to, resulted from or was related to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, or wrongful death and/or survival actions as a result of such physical or bodily trauma injury (except that any heat injury shall be a RELEASED CLAIM). My claims for punitive or exemplary damages against HALLIBURTON and TRANSOCEAN are reserved.

H.      With respect to any claim of mine for (1) a personal injury or bodily injury due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT or wrongful death and/or survival as a result of such personal injury or bodily injury that is not a RELEASED CLAIM, (2) economic loss due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, or (3) property damage due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT that is not a RELEASED CLAIM, BP waives any defense based upon the argument it otherwise might make or raise that such claim is or was improperly split from a RELEASED CLAIM.

I.      From and after the EFFECTIVE DATE, for the consideration provided for herein and by operation of the FINAL ORDER AND JUDGMENT, I covenant, promise, and agree that I shall not, at any time, institute, cause to be instituted, assist in instituting, or permit to be instituted on my behalf, or on behalf of any other individual or entity, any proceeding (1) alleging or asserting any of my RELEASED CLAIMS against the RELEASED PARTIES in any federal court, any state court, or arbitration, regulatory agency, or any other tribunal or forum, or (2) challenging the validity of the RELEASE.

J.      I may hereafter discover facts other than or different from those which I now know or believe to be

true with respect to the actions or matters covered by the RELEASE.  I explicitly have taken UNKNOWN CLAIMS into account.  Upon the EFFECTIVE DATE, and subject to and without prejudice to the provisions of Section VIII of the MEDICAL SETTLEMENT AGREEMENT, I, without any further action by me or on my behalf, waive and release any and all rights that I may have under any law, statute, regulation, administrative adjudication, decision, judgments, or common law principle that would otherwise limit my RELEASED CLAIMS to those claims or matters actually known or suspected to exist at the time of execution of this RELEASE or the MEDICAL SETTLEMENT AGREEMENT.  California law is not applicable to the MEDICAL SETTLEMENT AGREEMENT, but purely for illustrative purposes, the RELEASED CLAIMS include, but are not limited to, the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

K.    Except as provided in Section XXIX.L of the MEDICAL SETTLEMENT AGREEMENT, this RELEASE is not intended to prevent BP from exercising its rights of contribution, subrogation, or indemnity under any law.  BP is hereby subrogated to any and all such rights that I may have had or have arising from the *DEEPWATER HORIZON* INCIDENT and which are RELEASED CLAIMS under this MEDICAL SETTLEMENT AGREEMENT.

L.    Nothing in this RELEASE shall preclude any action to enforce the terms of the MEDICAL SETTLEMENT AGREEMENT, provided that such action shall be brought in the COURT.

M.    My RELEASED CLAIMS as against BP are assigned to BP for the purpose of legally extinguishing any further liability of BP to me for any RELEASED CLAIMS.

N.    I represent and warrant that no promise or inducement has been offered or made for the RELEASE contained herein except as set forth in the MEDICAL SETTLEMENT AGREEMENT and that the RELEASE is executed without reliance on any statements or any representations not contained in the MEDICAL SETTLEMENT AGREEMENT.

O.    I agree and acknowledge that the SETTLEMENT BENEFITS, in addition to constituting consideration from the RELEASED PARTIES, also constitute full, complete, and total satisfaction of all of my COMPENSATORY DAMAGES against the TRANSOCEAN PARTIES and the HALLIBURTON PARTIES.

P.    I promise, agree, acknowledge, represent, warrant, and covenant as follows:

1.    I shall not assign, nor shall I attempt to assign, to any person or entity other than BP any rights or claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT.  Any such assignment, or attempt to assign, to any person or entity other than BP any rights or claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT shall be void, invalid, and of no force and effect.

2.    I shall not accept or attempt to recover, through insurance, reinsurance, indemnification, contribution, subrogation, litigation, settlement, or otherwise, any COMPENSATORY DAMAGES from the TRANSOCEAN PARTIES or the HALLIBURTON PARTIES.  Nothing in Paragraphs O-P shall impair or impact rights to pursue TRANSOCEAN or HALLIBURTON for exemplary and punitive damages reserved by Section XVI.G of the MEDICAL SETTLEMENT AGREEMENT and claimed individually or as a member of the MEDICAL BENEFITS SETTLEMENT CLASS.

3.    In the event that the MEDICAL BENEFITS SETTLEMENT CLASS, any of the MEDICAL BENEFITS CLASS REPRESENTATIVES, or I is/am or become(s) the beneficiary of any judgment, decision, award, or settlement arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, I shall not accept, execute on, attempt to collect, or otherwise seek recovery of any COMPENSATORY DAMAGES from the

TRANSOCEAN PARTIES or from the HALLIBURTON PARTIES.  Nothing in Paragraphs O-P shall impair or impact my rights to pursue TRANSOCEAN and HALLIBURTON for exemplary and punitive damages reserved by the MEDICAL BENEFITS SETTLEMENT CLASS MEMBERS in Section XVI.G of the MEDICAL SETTLEMENT AGREEMENT and claimed either individually or as a member of the MEDICAL BENEFITS SETTLEMENT CLASS.

4.    In the event that the MEDICAL BENEFITS SETTLEMENT CLASS, any of the MEDICAL BENEFITS CLASS REPRESENTATIVES, or I is/am or become(s) the beneficiary of any judgment, decision, award, or settlement arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT, I shall not accept, execute on, attempt to collect, or otherwise seek recovery of any DAMAGES to the extent that any OTHER PARTY is seeking to recover such DAMAGES from any RELEASED PARTY whether through indemnity, contribution, subrogation, assignment, or any other theory of recovery, by contract, pursuant to applicable law or regulation, or otherwise, directly or indirectly.  I may, however, accept, execute on, attempt to collect, or otherwise seek recovery of DAMAGES if and when a court or tribunal of competent jurisdiction has finally determined that OTHER PARTIES cannot recover such DAMAGES, whether through indemnity, contribution, subrogation, assignment or any other theory of recovery, by contract, pursuant to applicable law or regulation, or otherwise, directly or indirectly, from any RELEASED PARTY.  For purposes of this Paragraph P, "finally determined" shall mean the conclusion of any applicable appeals or other rights to seek review by certiorari or otherwise, or the lapse of any and all such rights, or the lapse of any and all applicable limitations or repose periods.

5.    I may settle or compromise any rights, demands, or claims with the TRANSOCEAN PARTIES, the HALLIBURTON PARTIES, and/or any OTHER PARTIES arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the *DEEPWATER HORIZON* INCIDENT if but only if the TRANSOCEAN PARTIES, the HALLIBURTON PARTIES, and/or such OTHER PARTY, as the case may be, agrees as part of that settlement or compromise to a full and final release of, dismissal of, and covenant not to sue for any and all rights to recover, directly or indirectly, from the RELEASED PARTIES (whether through indemnity, contribution, subrogation, assignment or any other theory of recovery, by contract, pursuant to applicable law or regulation, or otherwise) for any DAMAGES or other relief or consideration provided under or relating to such settlement or compromise (whether the settlement is of a class, of individual claims, or otherwise) and further represents and warrants that it has not assigned and will not assign any rights to recover for such DAMAGES or other relief or consideration (whether through indemnity, contribution, subrogation, or otherwise).  As part of this commitment and without limitation, I shall not settle or compromise with the TRANSOCEAN PARTIES, the HALLIBURTON PARTIES, and/or any OTHER PARTIES on terms that might allow any insurers, reinsurers, or indemnitors thereof to claim against any RELEASED PARTIES for indemnification, subrogation, contribution, assignment, or under any other theory of recovery.  I agree that, before any such settlement or compromise is executed, BP shall have the right to approve language in any such settlement or compromise memorializing the representation and warranty set forth in Section XVII of the MEDICAL SETTLEMENT AGREEMENT, which approval shall not be unreasonably withheld.

6.    Notwithstanding any provision in the MEDICAL SETTLEMENT AGREEMENT to the contrary, except as provided for in Section XXIX.L of the MEDICAL SETTLEMENT AGREEMENT, if any OTHER PARTY recovers or seeks to recover from any RELEASED PARTY (under any theory of recovery, including indemnity, contribution, or subrogation) any DAMAGES either (a) paid to me for which a release was given to BP ENTITIES through the MEDICAL BENEFITS CLASS ACTION SETTLEMENT or (b) by, through, under, or on my account for which a release was given to BP ENTITIES through the MEDICAL BENEFITS CLASS ACTION SETTLEMENT; then I shall indemnify (but not defend) the RELEASED PARTIES, but only to the extent of the value of SETTLEMENT BENEFITS received by me (by way of example, if I have received SETTLEMENT BENEFITS with a value of $100.00, my indemnity obligation would be capped at

this amount).  This indemnity obligation owed by me includes any and all claims made or other actions taken by me in breach of Paragraphs P.1-P.5 above.

7.  I expressly acknowledge that, to the fullest extent allowed by law, the indemnity obligations contained in Paragraph P.6 apply to claims against RELEASED PARTIES predicated on negligence, gross negligence, willful misconduct, strict liability, intentional torts, liability based on contractual indemnity, and any and all other theories of liability, and any and all awards of attorneys' fees or other costs or expenses.  **I acknowledge that this indemnity is for conduct occurring before the date of the MEDICAL SETTLEMENT AGREEMENT and therefore is not affected by public policies or other law prohibiting agreements to indemnify in advance of certain conduct.**

8.  Should the MEDICAL BENEFITS SETTLEMENT CLASS, MEDICAL BENEFITS CLASS REPRESENTATIVES, or I succeed in recovering monies from TRANSOCEAN or HALLIBURTON, BP agrees that it would not be entitled to set-off such recovery against its obligation to provide SETTLEMENT BENEFITS.

Q.  I, on my own behalf, and on behalf of my estate, predecessors, successors, assigns, representatives, heirs, beneficiaries, executors, and administrators, in return for the benefits and consideration provided in the MEDICAL SETTLEMENT AGREEMENT, shall indemnify and forever hold harmless, and pay all final judgments, damages, costs, expenses, fines, penalties, interest, multipliers, or liabilities in whatsoever nature, including the costs of defense and attorneys' fees of, the RELEASED PARTIES against any and all claims, including UNKNOWN CLAIMS, asserted and recovered by OTHER PARTIES arising from, relating to, or resulting from:

1.  Any undisclosed lien, claim, or right of subrogation, indemnity, reimbursement, conditional, or other payment or interest of any type asserted by any attorney, the Social Security Administration, the Internal Revenue Service, any GOVERNMENTAL PAYER, any MEDICARE PART C OR PART D PROGRAM sponsor, any OTHER PAYER/PROVIDER, or any other person or entity arising from, relating to, or resulting from compensation or benefits I receive pursuant to the MEDICAL SETTLEMENT AGREEMENT, provided that the amount of indemnification in this paragraph Q.1 shall not exceed the total amount of compensation awarded for my claim; and/or

2.  My failure timely and accurately to report or provide information that is necessary for compliance with the MSP LAWS or for the CLAIMS ADMINISTRATOR to identify and/or satisfy all GOVERNMENTAL PAYERS, MEDICARE PART C OR PART D PROGRAM sponsors, or OTHER PAYERS/PROVIDERS who may hold or assert a reimbursement right.

R.  Notwithstanding anything herein to the contrary, this form and the MEDICAL SETTLEMENT AGREEMENT are not intended to and do not release any GOVERNMENTAL PAYER, MEDICARE PART C OR PART D PROGRAM sponsor, or OTHER PAYER/PROVIDER from its or their obligation to provide any health insurance coverage, major medical insurance coverage, or disability insurance coverage to me, or from any claims, demands, rights, or causes of action of any kind that I have or hereafter may have with respect to such individuals or entities.

S.  I acknowledge that I have had an opportunity to consult with attorneys of my choosing concerning the terms and conditions of the MEDICAL SETTLEMENT AGREEMENT before signing and submitting this PROOF OF CLAIM FORM.

T.  By signing below, I acknowledge that this form is an official COURT document sanctioned by the COURT that presides over the MEDICAL BENEFITS CLASS ACTION SETTLEMENT, and that submitting it to the CLAIMS ADMINISTRATOR is equivalent to filing it with the COURT.  I agree to cooperate with the CLAIMS ADMINISTRATOR and to provide any necessary medical record authorization, authorizations for the CLAIMS ADMINISTRATOR and BP to comply with the Medicare Secondary Payer Act and other similar reporting requirements, and that are needed to substantiate or audit my claim.  By signing below, I declare under penalty of perjury that the information provided in this form and the

documents provided herewith are true and correct to the best of my knowledge, information, and belief.  By signing below, I also understand that if the CLAIMS ADMINISTRATOR at any time has reason to believe that I have made an intentional misrepresentation, omission, and/or concealment of a material fact in this form or have provided fraudulent documentary proof in support of my claim, the CLAIMS ADMINISTRATOR will discontinue processing the claim and report the alleged intentional misrepresentation, omission, and/or concealment of a material fact and/or alleged fraudulent proof to the COURT, the United States Attorney's Office, the MEDICAL BENEFITS CLASS COUNSEL and BP'S COUNSEL, and that I may be subject to contempt of court or other lawful penalties.  I also understand that there may be financial consequences to me as well if I fail to provide accurate answers to the PROOF OF CLAIM form where such information is necessary for compliance with the MSP LAWS or for the CLAIMS ADMINISTRATOR to identify potential lien holders.

U.      If I am represented by individual counsel in connection with this PROOF OF CLAIM FORM, I hereby authorize payment of compensation directly to my individual counsel.

**If you are an AUTHORIZED REPRESENTATIVE, the terms above apply to you in your representative capacity and the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER whom you represent.**

**I understand that I will not be eligible to receive any compensation or benefits under this MEDICAL BENEFITS CLASS ACTION SETTLEMENT until the EFFECTIVE DATE and that the RELEASE in this Section X does not become effective until the EFFECTIVE DATE.**

| | | |
|---|---|---|
| Name of **MEDICAL BENEFITS SETTLEMENT CLASS MEMBER** (print) | Signature | Date |

**OR**

| | | |
|---|---|---|
| Name and title of AUTHORIZED REPRESENTATIVE authorized to act on behalf of **MEDICAL BENEFITS SETTLEMENT CLASS MEMBER** as: | Signature | Date |

Relationship to **MEDICAL BENEFITS SETTLEMENT CLASS MEMBER**

| | | |
|---|---|---|
| Name of Counsel, if retained | Signature | Date |

If you change your address, you must promptly notify the CLAIMS ADMINISTRATOR in writing of your new address. For information regarding your claim, please call toll-free x-xxx-xxx-xxxx, or access the CLAIMS ADMINISTRATOR'S website at www.[     ].com.

You must submit this form in its entirety and return it signed along with the HIPAA authorization at Appendix B, the employment authorization at Appendix C (if you are a CLEAN-UP WORKER who is not in any database or documentation provided by BP to the CLAIMS ADMINISTRATOR), and any records or other materials in support of your claim to:

**DEEPWATER HORIZON MEDICAL BENEFITS
CLAIMS ADMINISTRATOR
[Insert Claims Administrator mailing address]**

**PROOF OF CLAIM FORM - Appendix A**
**AUTHORIZED REPRESENTATIVES**

Complete this Appendix only if you are an AUTHORIZED REPRESENTATIVE of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER who is (1) a minor, (2) lacking capacity or incompetent, or (3) deceased.

A.   Check all that apply for the MEDICAL BENEFITS SETTLEMENT CLASS MEMBER for whom you are an AUTHORIZED REPRESENTATIVE.

☐ Minor          ☐ Person Lacking Capacity or Incompetent Person          ☐ Deceased Person

If the person for whom you are an AUTHORIZED REPRESENTATIVE is a deceased person, please state the date of the death: _____ / _____ / _____

B.   Provide the following information about yourself (the AUTHORIZED REPRESENTATIVE filling out this form):

First Name                           M.I.     Last Name

Any other names used in the last 10 years

Street Address

City                                                      State     Zip Code

Telephone Number                          Fax Number

E-mail Address

C.   Identify the authority giving you, the AUTHORIZED REPRESENTATIVE, the right to act on behalf of the person identified in Section I above.  You must also provide copies of documentation verifying your authority to act, such as a power of attorney or a court order stating your authority to act, or, if no such documents are available, documents establishing your legal relationship to the person identified in Section I of the MEDIATION INFORMATION FORM.  AUTHORIZED REPRESENTATIVES of a deceased person must also provide a copy of the death certificate.

_____

_____

_____

## PROOF OF CLAIM FORM - Appendix B
### HIPAA Authorization for Disclosure of Medical Records and Disclosure of Protected Health Information Pursuant to 45 C.F.R. § 164-508

**When submitting a PROOF OF CLAIM FORM, you must also complete and submit this authorization.  Submitting this form authorizes the CLAIMS ADMINISTRATOR, subject to the terms of the MEDICAL SETTLEMENT AGREEMENT, to collect medical records from a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S healthcare providers.  The information obtained from your healthcare providers pursuant to this authorization will be used by the CLAIMS ADMINISTRATOR for performing its duties pursuant to the MEDICAL SETTLEMENT AGREEMENT, including where applicable, determining whether you qualify for compensation for a SPECIFIED PHYSICAL CONDITION and/or qualify to participate in the PERIODIC MEDICAL CONSULTATION PROGRAM, fulfilling Medicare Secondary Payer Act and other reporting requirements, and identifying and resolving applicable liens.**

**Please fill out the fields and sign the document below.  If you are an AUTHORIZED REPRESENTATIVE of a minor, incapacitated or incompetent person, or deceased person, please provide information for that person and sign below.**

The capitalized terms in this form are defined in the MEDICAL SETTLEMENT AGREEMENT, which is available at www.[     ].com or by calling toll free x-xxx-xxx-xxxx.

**You should retain a copy of anything submitted to CLAIMS ADMINISTRATOR.**

## HIPAA Authorization for Disclosure of Medical Records and Disclosure of Protected Health Information Pursuant to 45 C.F.R. § 164-508

NAME OF MEDICAL BENEFITS SETTLEMENT CLASS MEMBER

First Name                                M.I.   Last Name

Date of Birth (mm/dd/yyyy)                Social Security Number

I, the **MEDICAL BENEFITS SETTLEMENT CLASS MEMBER** named above, hereby authorize my health care provider(s), health plan(s), and health insurer(s) to disclose my health records to the CLAIMS ADMINISTRATOR of the MEDICAL BENEFITS CLASS ACTION SETTLEMENT, [Insert Medical Claims Administrator name] [Insert Claims Administrator Mailing Address] (hereafter referred to as "**Recipient**"), for (1) the purpose of the evaluation and settlement of my claims; and (2) the purpose of verifying, resolving, and satisfying any liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interests of any type I may owe for medical items, services, and/or prescription drugs I received relating to the SPECIFIED PHYSICAL CONDITION with which I have been diagnosed and/or relating to my qualification for benefits as a member of the MEDICAL BENEFITS SETTLEMENT CLASS in the MEDICAL BENEFITS CLASS ACTION SETTLEMENT.

I hereby grant any holder of any liens, claims, or rights of subrogation, indemnity, reimbursement, conditional or other payments, or interests of any type, or state or federal agency, and their contract representatives, permission to share with the **Recipient** all information related to any lien, claim, or right of subrogation, indemnity, reimbursement, conditional or other payment, or interest and confirming **health records** regarding any conditional or other payments made, or medical items, services, and/or prescription drugs provided, by the holder of such lien, claim, or right of subrogation, indemnity, reimbursement, conditional or other payment, or interest of any type relating to RELEASED CLAIMS within the meaning of the MEDICAL BENEFITS CLASS ACTION SETTLEMENT (collectively referred to as "**lien information**").

As referred to above, my **health records** include any and all of the following:

Records of my medical condition(s), diagnoses, and treatment, including, but not limited to, physician's records; surgeons' records; discharge summaries;

progress notes; consultations; pharmaceutical records; medication sheets; patient information sheets; consents for treatment; medical reports; x-rays and x-ray reports; CT scans, MRI films, photographs, and any other radiological, nuclear medicine, or radiation therapy films; interpretations of diagnostic tests; pathology materials, slides, tissues, and laboratory results and/or reports; consultations; physical therapy records; drug and/or alcohol abuse records; HIV/AIDS diagnosis and/or treatment; physicals and histories; correspondence; psychiatric records; psychological records; psychometric test results; social worker's records; other information pertaining to the physical and mental condition; all hospital summaries and hospital records including, but not limited to, admitting records; admitting histories and physicals; case records, discharge summaries; physician's orders, progress notes, and nurses' notes; medical record summaries; emergency room records; all other hospital documents and memoranda pertaining to any and all hospitalizations and/or out-patient visits; and

Any and all insurance records; statements of account, bills or billing records, or invoices; any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, or diagnosis pertaining to my health.

I understand that the information in my **health records** may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

I understand that I have the right to revoke this authorization at any time. I understand that if I wish to revoke the authorization, I must do so in writing and must provide my written revocation to any and all of my health care providers, health plans, or health insurers, state or federal agencies, and all other third party lien holders to which the revocation will apply. I understand that the revocation will not apply to any disclosures that have already been made in reliance on this authorization prior to the date upon which the disclosing health care provider, health plan, health insurer, or such other third party receives my written revocation.

I understand that my authorization of the disclosure of my **health records** and **lien information** is voluntary and that I therefore can refuse to sign this authorization. I also understand that I do not need to sign this authorization in

order to obtain health treatment or to receive or be eligible to receive benefits for coverage of health treatment.

I understand that, once disclosed to the **Recipient**, my **health records** and **lien information** may not be protected by federal privacy law and could be further disclosed to others without my authorization.

This authorization expires two years after the final determination by the **Recipient** regarding my eligibility for any benefits as a member of the Medical Benefits Settlement Class in the Medical Benefits Class Action Settlement in MDL 2179.

I have a right to receive and retain a copy of this authorization when signed below.

| | | |
|---|---|---|
| Name of **MEDICAL  BENEFITS SETTLEMENT CLASS MEMBER** (print) | Signature | Date |

***OR***

| | | |
|---|---|---|
| Name and title of AUTHORIZED REPRESENTATIVE authorized to act on behalf of **MEDICAL BENEFITS SETTLEMENT CLASS MEMBER** as: | Signature | Date |

Relationship to **MEDICAL BENEFITS SETTLEMENT CLASS MEMBER**

**PROOF OF CLAIM FORM - Appendix C**
**Authorization and Release of Employee/Personnel Records**
**(For CLEAN-UP WORKERS Without Sufficient Information In The Databases Or**
**Documentation Provided By BP To The CLAIMS ADMINISTRATOR)**

When submitting a PROOF OF CLAIM FORM, each CLEAN-UP WORKER who is not in one of the databases or documentation provided by BP to the CLAIMS ADMINISTRATOR pursuant to Section XXI.B of the MEDICAL SETTLEMENT AGREEMENT must also complete and submit this authorization.  If you are unsure whether you are in such a database or documentation, you may contact the CLAIMS ADMINISTRATOR at x-xxx-xxx-xxxx or by visiting the website www.[     ].com.  The CLAIMS ADMINISTRATOR will respond to you promptly in writing.

Submitting this form authorizes the CLAIMS ADMINISTRATOR, subject to the terms of the MEDICAL SETTLEMENT AGREEMENT, to collect employment and personnel records from your past and present employers.   The information obtained pursuant to this authorization will be used by the CLAIMS ADMINISTRATOR for performing its duties pursuant to the MEDICAL SETTLEMENT AGREEMENT, including determining whether you qualify for compensation for a SPECIFIED PHYSICAL CONDITION and/or qualify for participation in the PERIODIC MEDICAL CONSULTATION PROGRAM, fulfilling Medicare Secondary Payer Act and other reporting requirements, and identifying and resolving applicable liens.

Please fill out the fields and sign the document below.  If you are an AUTHORIZED REPRESENTATIVE of a minor, incapacitated or incompetent person, or deceased person, please provide information for that person and sign below.

The capitalized terms in this form are defined in the MEDICAL SETTLEMENT AGREEMENT, which is available at www.[     ].com or by calling toll free x-xxx-xxx-xxxx.

You should retain a copy of anything submitted to the CLAIMS ADMINISTRATOR.

**Authorization and Release of Employee/Personnel Records
(For CLEAN-UP WORKERS Without Sufficient Information In The Databases Or
Documentation Provided By BP To The CLAIMS ADMINISTRATOR)**

**EMPLOYER:**

Name: _____

Address: _____

_____

**EMPLOYEE:**

Name: _____

Date of Birth: _____

Social Security No: _____

Address: _____

_____

I, the **EMPLOYEE** named above, do hereby **AUTHORIZE AND DIRECT** my past or current **EMPLOYER** identified above to disclose and release to the CLAIMS ADMINISTRATOR of the MEDICAL BENEFITS SETTLEMENT CLASS SETTLEMENT, **Deepwater Horizon Medical Benefits Claims Administrator**, [Insert Claims Administrator Mailing Address], and/or its duly authorized representative any and all records, files, documents and other information concerning my employment with the above-named **EMPLOYER**.

This authorization expires one year after the final determination by the CLAIMS ADMINISTRATOR regarding my eligibility for any benefits as a member of the MEDICAL BENEFITS SETTLEMENT CLASS in the MEDICAL BENEFITS CLASS ACTION SETTLEMENT in MDL 2179.

Dated this _____ day of _____ 201___.

_____
Printed Employee Name

_____
Employee Signature

To be filled out by an AUTHORIZED REPRESENTATIVE for an **Employee** who is a minor, incapacitated or incompetent person, or deceased person:

_____
Name of AUTHORIZED REPRESENTATIVE authorized to act on **Employee's** behalf

_____
Signature of AUTHORIZED REPRESENTATIVE authorized to act on **Employee's** behalf

_____
Relationship to **Employee**