# EXHIBIT 17

## BP CORPORATION NORTH AMERICA INC. GUARANTEE

1.      **Guarantee of Obligations.** For good and valuable consideration received, the receipt and sufficiency of which are hereby acknowledged, BP Corporation North America Inc., a corporation organized under the laws of Indiana (the "**First Guarantor**"), subject to the terms and conditions herein, hereby absolutely, irrecoverably, and unconditionally guarantees the Medical Benefits Settlement Class (the "**Beneficiary**"), by and through (i) the Claims Administrator, or (ii) Stephen J. Herman and/or James Parkerson Roy, or their successors, acting as Medical Benefits Settlement Class Counsel ("**Medical Benefits Class Counsel**"), that BP Exploration and Production Inc. and BP America Production Company (collectively, the "**Primary Obligors**") will duly and punctually pay all of the Primary Obligors' payment obligations (the "**Obligations**") under that certain Deepwater Horizon Medical Benefits Settlement Agreement to be dated on or around April 16, 2012 (the "**Medical Settlement Agreement**"), as and when required in accordance with the terms thereof, in each case, without regard to whether such obligation is direct or indirect, contingent or otherwise, now or hereafter existing or owing, or incurred or payable before or after commencement of any proceedings by or against the Primary Obligors under any applicable bankruptcy or insolvency law or similar law or proceeding. This guarantee (the "**Guarantee**") is given in accordance with Section XXII of the Medical Settlement Agreement. For purposes of this Guarantee, all capitalized terms not otherwise defined herein shall have the meaning ascribed to such term in the Medical Settlement Agreement.

2.      **Event of Default of Primary Obligors.** The Primary Obligors shall be deemed in default solely after the occurrence of all of the following events ("**Default**"):

        (a)     The Primary Obligors have failed to pay an Obligation within the period allowed by the Medical Settlement Agreement.

        (b)     The Claims Administrator or Medical Benefits Class Counsel issues a Demand (defined in Clause 9(b)) to the Primary Obligors and the First Guarantor alleging that the Primary Obligors have not paid their Obligations within the period allowed by the Medical Settlement Agreement.

        (c)     The Primary Obligors do not cure the alleged breach within five (5) business days after receipt of the Demand.

        (d)     The Claims Administrator or Medical Benefits Class Counsel shall concurrently notify the Court (presiding judge or magistrate of the division of the District Court for the Eastern District of Louisiana having oversight of the Medical Settlement Agreement) of the alleged breach, and First Guarantor shall not oppose expedited consultation and/or mediation of the dispute.

        (e)     The Court informally consults regarding and/or mediates the dispute.

        (f)     The Primary Obligors fail to take curative action within the greater of (i) two business days after the conclusion of the consultation and/or mediation with the Court, or (ii) the balance of the time period specified in Clause 2(c).

3.      **Obligation of First Guarantor.** If and only if the Primary Obligors are in Default and such Default has not been cured and is continuing, then First Guarantor must pay or procure the payment of the applicable overdue and unpaid Obligations of the Primary Obligors within the greater of (i) 15 days from receipt of the Demand or (ii) five business days after the determination of a Default as specified in Clauses 2(a) – (f).

4.      **Joint and Several Obligation.** The First Guarantor's obligations under this Guarantee are contingent upon the occurrence and continuation of a Default by the Primary Obligors. Upon and after the occurrence, and during the continuance, of a Default, (a) this Guarantee shall be a guarantee of payment, and not of collection, of the applicable overdue and unpaid Obligations; (b) the First Guarantor's obligations hereunder shall be on a "joint and several" basis with the Primary Obligors to the same degree and extent as if the First Guarantor had been a co-principal obligor of the applicable unpaid Obligations, and (c) a separate action or actions may be brought and prosecuted against the First Guarantor to enforce this Guarantee, irrespective of whether any action is brought upon the Primary Obligors or whether any Primary Obligor is joined in any such action or actions.

5.      **Duration.** The obligations of the First Guarantor set forth herein constitute the full recourse obligations of the First Guarantor enforceable against it to the full extent of all its assets and properties and shall remain in full force and effect until the earlier of (i) such time as all the Obligations of the Primary Obligors under the Medical Settlement Agreement have been performed in full and so declared by Court order, or (ii) such time as the Medical Settlement Agreement terminates or becomes null and void for any of the reasons set out in Section XIV of the Medical Settlement Agreement.

6.      **Waiver of Defenses.** The obligations of the First Guarantor hereunder shall not be subject to any counterclaim, setoff, deduction, diminution, abatement, stay, recoupment, suspension, deferment, reduction or defense (other than full and strict payment or other satisfaction of the Obligations) based upon any claim the First Guarantor may have against the Beneficiary or any other obligor. Subject to Clause 5, the obligations of the First Guarantor hereunder shall remain in full force and effect without regard to, and shall not be released, discharged or reduced (except to the extent of any defenses to payment or performance to which the Primary Obligors are entitled under the Medical Settlement Agreement) for any reason, including (a) any amendment or waiver of any term of the Medical Settlement Agreement, whether or not the Beneficiary, Primary Obligors, or the First Guarantor has notice or knowledge of any of the foregoing; or (b) any bankruptcy, insolvency or similar proceeding with respect to the First Guarantor or Primary Obligors or their respective properties, or any action taken by any trustee or receiver or by any court in any such proceeding. The First Guarantor also waives any right to demand arbitration or mediation, and any right to a jury trial. The obligations of the First Guarantor hereunder shall be subject to, and the First Guarantor shall be entitled to assert, any counterclaim, setoff, deduction, or defense that the Primary Obligors could assert against the Beneficiary under the Medical Settlement Agreement.

7.      **Waiver of Notice.** Except as set forth in this Guarantee, the First Guarantor unconditionally waives all notices which may be required by statute, rule of law or otherwise to preserve any rights against the First Guarantor hereunder, including (a) notice of the acceptance of this Guarantee by the Beneficiary or any assignee thereof, or the modification of the



Obligations or notice of any other matters relating thereto; (b) any presentment, demand, notice of dishonor, protest or nonpayment of any damages or other amounts payable under the Medical Settlement Agreement; (c) any requirement for the enforcement, assertion or exercise of any right or remedy under the Medical Settlement Agreement; (d) any requirement of diligence; (e) if the Primary Obligors are in Default, the right to require the Beneficiary to proceed against the Primary Obligors or any other person liable on the Obligations, and the Guarantor waives the right to have the property of the Primary Obligors first applied to discharge the Obligations.

8.      **Subordination of Rights.** The First Guarantor shall be subrogated to all rights of the Beneficiary against the Primary Obligors in respect of any amounts paid by the First Guarantor pursuant to the Guarantee, provided that the First Guarantor waives any rights it may acquire by way of subrogation under this Guarantee, by any payment made hereunder or otherwise (including, without limitation, any statutory rights of subrogation under Section 509 of the Bankruptcy Code, 11 U.S.C. § 509, or otherwise), reimbursement, exoneration, contribution, indemnification, or any right to participate in any claim or remedy of the Beneficiary against the Primary Obligors or any collateral which the Beneficiary now has or acquires, until all of the Obligations shall have been irrevocably and indefeasibly paid to the Beneficiary in full. If (a) the First Guarantor shall make payment to the Beneficiary of all or any part of the Obligations, and (b) all the Obligations shall have been indefeasibly paid in full, then the Beneficiary shall, at the First Guarantor's request, execute and deliver to the First Guarantor appropriate documents necessary to evidence the transfer by subrogation to the First Guarantor of any interest in the Obligations resulting from such payment of the First Guarantor. Any sums received by the First Guarantor in violation of the foregoing shall be held in trust for the Beneficiary and shall be promptly paid over to the Claims Administrator or Medical Benefits Class Counsel on behalf of the Beneficiary without any need for further action of any kind by the Beneficiary, to be credited and applied against the Obligations.

9.      **Demands.**

(a)      This Guarantee may only be enforced by the Claims Administrator or Medical Benefits Class Counsel on behalf of the Beneficiary and may not be enforced by any other Natural Person or Entity, including, without limitation, any member of the Beneficiary.

(b)      Any demand sent by the Claims Administrator or Medical Benefits Class Counsel to the First Guarantor under this Guarantee shall be in writing and shall (i) state the reasons for making such demand, and (ii) clearly identify the Obligations under the Medical Settlement Agreement which the Primary Obligors have failed to pay, and such notice shall be delivered or sent by email, facsimile, and overnight mail to the First Guarantor at its address as provided under Clause 12(b) ("**Demand**").

(c)      All Demands to proceed under this Guarantee must be sent to the First Guarantor by the Claims Administrator or Medical Benefits Class Counsel.

10.     **Representations and Warranties.**

(a)      The First Guarantor is a corporation duly formed and validly existing under the laws of the State of Indiana.

3

(b)     The First Guarantor has the power and authority to execute, deliver and perform its obligations under this Guarantee and has taken all necessary action to authorize the execution, delivery and performance of this Guarantee. No consent is required for the due execution, delivery, and performance by the First Guarantor of this Guarantee, except those that have been obtained and are in full force and effect.

(c)     The authorization, execution, delivery and performance of this Guarantee by the First Guarantor will not result in any breach of or default under (or any condition which with the giving of notice or lapse of time or both would constitute a breach or default under) (i) the constituent documents of the First Guarantor, or (ii) any contract, indenture, mortgage, security agreement or other document, instrument or agreement or any judgment, order or decree or law, rule, or regulation to which the First Guarantor is a party or to which the First Guarantor or any of its property is subject.

11.     **Sole Remedy.** The First Guarantor's obligations under this Guarantee are the sole and exclusive remedy of the Beneficiary against the First Guarantor under the Medical Settlement Agreement. The First Guarantor's entire obligation to the Beneficiary is the guarantee of the Obligations and the other obligations expressly set forth in Clause 12 and the First Guarantor shall have no other obligations of any kind to the Beneficiary. No person or entity, other than the Beneficiary acting through the Claims Administrator or Medical Benefits Class Counsel, shall have any rights, remedies or recourse to the First Guarantor under this Guarantee.

12.     **Miscellaneous.**

(a)     The First Guarantor shall not assign any of its rights or delegate any of its duties under this Guarantee to any person or entity without the prior written consent of the Beneficiaries. This Guarantee shall be binding upon First Guarantor, its successors, and assigns, and shall inure to the benefit of Beneficiary, its successors, and assigns.

(b)     Any notice to the First Guarantor pursuant to this Guarantee shall be sent by electronic mail, facsimile, and overnight mail to the following individuals, who are authorized to receive all notices, demands, suits to perform, and all other correspondence arising out of the Guarantee:

John E. (Jack) Lynch Jr.
Deputy Group General Counsel
U.S. General Counsel
BP America Inc.
501 Westlake Park Boulevard
Houston, TX 77079
Fax: 713-375-2808
E-mail: John.Lynch@uk.bp.com

James J. Neath
Associate General Counsel
BP America Inc.
501 Westlake Park Boulevard
Houston, TX 77079
Fax: 281-366-5901
E-mail: James.Neath@bp.com

Any notice to Beneficiary pursuant to this Guarantee shall be sent by electronic mail, facsimile, and overnight mail to the following individuals in their capacity as Medical Benefits Class Counsel:

4

Stephen J. Herman
Herman Herman Katz & Cotlar LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Fax: 504-561-6024
E-mail: sherman@hhkc.com

James Parkerson Roy
Domengeaux Wright Roy & Edwards
LLC 556 Jefferson Street, Suite 500
Lafayette, LA 70501
Fax: 337-233-2796
E-Mail: jimr@wrightroy.com

Any notice to the Claims Administrator pursuant to this Guarantee shall be sent by electronic mail, facsimile, and overnight mail to the following individual in his capacity as the Claims Administrator:

Matthew Garretson
c/o Garretson Resolution Group
7775 Cooper Road
Cincinnati, OH 45242
Fax: 513-936-5186
E-mail: mlg@garretsongroup.com

Whenever any notice is sent related to this Guarantee, such notice shall be sent to all of the addressees listed in this Clause 12(b).

(c)     This Guarantee shall not be amended without the written consent of the First Guarantor and the Beneficiaries.

(d)     The provisions of this Guarantee shall be deemed severable, and if any one or more provisions of this Guarantee shall be determined to be invalid or unenforceable, all other provisions shall, nevertheless, remain in full force and effect.

(e)     If the First Guarantor has performed under this Guarantee, then within 30 days of a written demand, the First Guarantor shall pay all reasonably incurred and properly documented out-of-pocket costs, fees, and/or expenses incurred by the Claims Administrator and/or Medical Benefits Class Counsel, including fees and disbursements of counsel, in connection with the pursuit of performance under this Guarantee.

(f)     THIS GUARANTEE SHALL BE GOVERNED IN ALL RESPECTS, INCLUDING AS TO VALIDITY, INTERPRETATION AND EFFECT, BY THE LAWS OF THE STATE OF NEW YORK, WITHOUT GIVING EFFECT TO ITS PRINCIPLES OR RULES OF CONFLICT OF LAWS, TO THE EXTENT SUCH PRINCIPLES OR RULES ARE NOT MANDATORILY APPLICABLE BY STATUTE AND WOULD PERMIT OR REQUIRE THE APPLICATION OF THE LAWS OF ANOTHER JURISDICTION.

(g)     Pursuant to the Court's continuing jurisdiction over the Medical Settlement Agreement, the First Guarantor, Beneficiary, Claims Administrator, and Medical Benefits Class Counsel agree that the United States District Court for the Eastern District of Louisiana shall have exclusive jurisdiction and venue to enforce, interpret, give effect to, or resolve any disputes,

5



cases, or controversies concerning this Guarantee. If MDL 2179 has not yet been terminated, any pleading filed on behalf of any complainant party relating to the Guarantee shall be accompanied by a legal request for such dispute, case, or controversy to be made part of MDL 2179. In all other respects and purposes unrelated to matters involving the Guarantee or its enforcement, the First Guarantor specifically reserves any and all defenses to the jurisdiction and venue of this Court. The Beneficiary, Claims Administrator, and Medical Benefits Class Counsel agree that the First Guarantor's agreement in this Clause 12(g) does not constitute a waiver of jurisdictional defenses, consent to jurisdiction, or an act supporting or sufficient to establish jurisdiction over the First Guarantor for any matter besides disputes, cases, or controversies concerning this Guarantee.

IN WITNESS WHEREOF, the undersigned First Guarantor has by its duly authorized representative executed and delivered this Guarantee to the Beneficiary as of this 16th day of April, 2012.

BP CORPORATION NORTH AMERICA INC.

By: _James J. Neath_

Name:  James J. Neath

Title:  Associate General Counsel

7