# EXHIBIT 11A

<u>**Compensation Framework for Coastal Real Property Claims**</u>

1. **Eligibility Requirements**

   A. **Eligible Claimants** shall be comprised of claimants who do not fall within the exclusions to the **Economic Loss and Property Class Definition** and who are owners or lessees of **Eligible Parcels** satisfying the following criteria:

      i.   The claimant owned the **Eligible Parcel** during the time period April 20, 2010 to December 31, 2010; or

      ii.  The claimant was a lessee of the **Eligible Parcel**, and the lease provided for possession of the **Eligible Parcel** for a period of 60 days or longer during the time period April 20, 2010 to December 31, 2010 and the lease was executed prior to April 20, 2010.

         i.   The Claims Administrator shall determine whether an **Eligible Claimant(s)** is/are the owner(s) of an **Eligible Parcel**.

   B. **Coastal Real Property Claim Zone** shall be defined as the blue shaded portions of the **Coastal Real Property Claim Zone Map** attached as <u>Appendix A</u>. (See <u>Appendix B</u> for a description of the criteria used to establish the **Coastal Real Property Claim Zone**.)

   C. **Eligible Parcels** shall be comprised of the following two categories:

      i.   Parcels located within the **Coastal Real Property Claim Zone** that have a County Land Use Designation included on the list attached as <u>Appendix C</u>. (A parcel is a specific tract of real property defined by a legal description of boundaries used for taxing purposes.)

      ii.  **Deeded Boat Slips** located within the **Coastal Real Property Claim Zone**. **Deeded Boat Slips** shall be defined as boat slips for which the **Eligible Claimant** paid real property tax during the time period April 20, 2010 to December 31, 2010.

   D. An **Eligible Parcel** shall be placed into one of four **Compensation Categories**[1]:

         **Compensation Category A1** shall consist of **Eligible Parcels** satisfying the following two criteria: (i) the presence of oil was reported on the **Eligible Parcel** by the Deepwater Horizon Unified Command Shoreline Cleanup

---

[1] Grand Isle, Louisiana and Dauphin Island, Louisiana are included in the **Coastal Real Property Claim Zone** and will be placed into a **Compensation Category** consistent with Section 1. D.

027505

Assessment Teams (**SCAT**) or a Pre-Assessment conducted as part of Phase 1 of the Natural Resources Damages Assessment process ("**NRD Pre-Assessment**") and (ii) the **Eligible Parcel** includes, or is situated upon, a shoreline for which **no portion** of the shoreline has a primary Environmental Sensitivity Index ("**ESI**") classification of 10A (salt and brackish (coastal marshes)), 10B (freshwater marshes), 10C (freshwater swamps) or 10D (scrub-shrub wetlands (includes mangroves)) as determined by the National Oceanic and Atmospheric Administration ("NOAA")[2].

**Compensation Category A2** shall consist of **Eligible Parcels** satisfying the following two criteria: (i) the presence of oil was reported on the **Eligible Parcel** by **SCAT** or an **NRD Pre-Assessment** and (ii) the **Eligible Parcel** includes or is situated upon a shoreline for which **some portion** of the shoreline has a primary ESI classification of 10A (salt and brackish (coastal marshes)), 10B (freshwater marshes), 10C (freshwater swamps) or 10D (scrub-shrub wetlands (includes mangroves)) as determined by the NOAA.

**Compensation Category B1** shall consist of **Eligible Parcels** satisfying the following two criteria: (i) no presence of oil was reported on the **Eligible Parcel** by **SCAT** or an **NRD Pre-Assessment** and (ii) the **Eligible Parcel** includes or is situated upon a shoreline for which **no portion** of the shoreline has an ESI classification of 10A (salt and brackish (coastal marshes)), 10B (freshwater marshes), 10C (freshwater swamps) or 10D (scrub-shrub wetlands (includes mangroves)) as determined by the NOAA.

**Compensation Category B2** shall consist of **Eligible Parcels** satisfying the following two criteria: (i) no presence of oil was reported on the **Eligible Parcel** by **SCAT** or an **NRD Pre-Assessment** and (ii) the **Eligible Parcel** includes or is situated upon a shoreline for which **some portion** of the shoreline has a primary ESI classification of 10A (salt and brackish (coastal marshes)), 10B (freshwater marshes), 10C (freshwater swamps) or 10D (scrub-shrub wetlands (includes mangroves)) as determined by the NOAA**.**

i.   An **Eligible Parcel** shall be classified as having "the presence of oil" (a criteria for **Compensation Categories A1 and A2**) when any **SCAT** zone within the parcel has a maximum oiling classification other than "no oil observed" or (ii) an **NRD Pre-Assessment** conducted within the parcel reported the presence of oil on vegetation and/or sediment.

---

[2] Environmental Sensitivity Index numbers used by the National Oceanic and Atmospheric Administration can be found at the following website:
http://archive.orr.noaa.gov/gallery_gallery.php?RECORD_KEY%28gallery_index%29=joinphotogal_id,gallery_id,photo_id&joinphotogal_id(gallery_index)=86&gallery_id(gallery_index)=4&photo_id(gallery_index)=35

027506

    ii.    An **Eligible Parcel** is determined to have "no presence of oil" (a criteria for **Compensation Categories B1 and B2**) when (i) all **SCAT** zones within the parcel have a maximum oiling classification of "no oil observed" or (ii) no **NRD Pre-Assessment** conducted within the parcel reported the presence of oil on vegetation or sediment.

    iii.    <u>**Administrator's Database**</u>: The Claims administrator shall maintain a Geographic Information Systems database ("**Administrator's Database**") containing the results of **SCAT**, **NRD Pre-Assessment**, NOAA ESI shoreline classifications, County Land Use Designations and the official parcel boundaries for all real property within the **Coastal Real Property Claim Zone**. The Claims Administrator shall determine the **Compensation Category** for each **Eligible Parcel** based upon the information in the **Administrator's Database** and consistent with the criteria in this Section 1. D. Attached is a map classifying each known **Eligible Parcel** into a **Compensation Category** by applying the information in the **Administrator's Database** as of the settlement date. This map shall be referred to as the **Eligible Parcel Compensation Category Map**, and a copy is attached as <u>Appendix D</u>. **Administrator's Database** shall be periodically updated through the duration and term of the Settlement Agreement. **Administrator's Database** is presumed to be the best available evidence, however, that presumption may be rebutted as outlined in Sections E., F., G. and H. below. The use of environmental data (including SCAT and NRDA data) as part of this Compensation Framework shall not constitute an admission or judicial determination related to the admissibility or interpretation of such data for any other purpose, and, further, the use of such data shall have no effect on, and shall be without prejudice to, the use, admissibility and interpretation of such data for any other purpose, including any claims for natural resource damages.

E.    A parcel not located within the **Coastal Real Property Claim Zone** may be added to the **Coastal Real Property Claim Zone** by the Claims Administrator only if the parcel is documented as oiled pursuant to **SCAT** or by an official assessment conducted by Natural Resource Trustees in connection with the DWH Spill. No other parcels outside the **Coastal Real Property Claim Zone** shall have the ability to become an **Eligible Parcel**.

F.    The **Administrator's Database** contains the publicly available parcel boundary data released by county tax assessors for real property in the **Coastal Real Property Claim Zone**. In some instances, publicly available parcel boundary data may be incomplete or out-of-date. Accordingly, real property located in **Coastal Real Property Claim Zone** not identified as a parcel shall nonetheless be classified by the Claims Administrator as an **Eligible Parcel** provided the claimant documents the following:

    i.    Actual presence of the parcel in the **Coastal Real Property Claim Zone**. Documentation of actual presence of parcel in the **Coastal Real Property Claim Zone** must consist of an official document provided by the county

tax assessor, Clerk of Court, Registrar of Lands or other governmental lands office or agency such as a 2010 county tax notice or a professional survey of the parcel.

G. The **Administrator's Database** contains publicly available County Land Use Designations for parcels within the **Coastal Real Property Claim Zone**. In some instances, publicly available County Land Use Designations may be incomplete or out-of-date. Accordingly, a parcel located within the **Coastal Real Property Claim Zone** for which the County Land Use Designation in the **Administrator's Database** is not listed in Appendix C nonetheless shall be categorized as an **Eligible Parcel** if the claimant provides documentation from the county tax assessor, Clerk of Court, Registrar of Lands or other governmental lands office or agency sufficient to show that the parcel does in fact have a County Land Use Designation listed in Appendix C.

H. An **Eligible Parcel** within the **Coastal Real Property Claim Zone** may be reclassified by the Claims Administrator into a different **Compensation Category** if one of the following conditions is satisfied:

 i. An **Eligible Parcel** placed in **Compensation Category B1** or **Compensation Category B2** pursuant to information in the **Administrator's Database** shall be reclassified by the Claims Administrator into **Compensation Category A1 or Compensation Category A2** if the **Eligible Claimant** provides independent documentation in the form of a government or academic report, not commissioned by the **Eligible Claimant** or **Eligible Claimant's** attorney or agent, with said independent documentation establishing that the **Eligible Parcel** contains the presence of oil released by the DWH Spill even though no portion of the parcel is classified as oiled pursuant to **SCAT** or **NRD Pre-Assessment**.

 ii. An **Eligible Parcel** on a shoreline with a primary **ESI** classification of less than 10 as determined by NOAA and classified into **Compensation Category A1** or **Compensation Category B1** shall be reclassified into **Compensation Category A2** or **Compensation Category B2** if the **Eligible Claimant** provides documentation from NOAA showing that the **Eligible Parcel** is on a shoreline with a primary ESI classification of 10A (salt and brackish (coastal marshes)), 10B (freshwater marshes), 10C (freshwater swamps) or 10D (scrub-shrub wetlands (includes mangroves)).

 iii. The Claims Administrator shall undertake an investigation to determine whether the information submitted pursuant to this Section satisfies the criteria for reclassification set out H. i. and H. ii.

**2. Compensation for Eligible Parcels**

027508

A. An **Eligible Claimant** must submit a **Claim Form**[3], all required supporting documents and a **Verification Statement** to receive compensation for **Eligible Parcels**. The **Claim Form**, **Document Requirements** and **Verification Statement** are attached as <u>Appendices E, F and G</u>, respectively.

B. An **Eligible Claimant** who satisfies the eligibility requirements of Section 1 and submits a **Claim Form**, all required supporting documents and a **Verification Statement**, shall be entitled to receive the appropriate Coastal Real Property compensation amount ("**Coastal Real Property Compensation Amount**") for an **Eligible Parcel** depending upon the criteria outlined in this section. The particular **Coastal Real Property Compensation Amount** shall be calculated as follows using a specified percentage of the **2010 Applicable Property Tax**[4] for the **Eligible Parcel**[5]:

   i. For an **Eligible Parcel** in **Compensation Category A1** the Coastal Real Property compensation amount shall be 40% of the **2010 Applicable Property Tax**.

   ii. For an **Eligible Parcel** in **Compensation Category A2**, the **Coastal Real Property Compensation Amount** shall be 45% of the 2010 **Applicable Property Tax**.

   iii. For an **Eligible Parcel** in **Compensation Category B1**, the **Coastal Real Property Compensation Amount** shall be 30% of the **2010 Applicable Property Tax**.

   iv. For an **Eligible Parcel** in **Compensation Category B2**, the **Coastal Real Property compensation amount** shall be 35% of the **2010 Applicable Property Tax**.

C. For the **Coastal Real Property Compensation Amount** described in Section 2. B, "**2010 Applicable Property Tax**" shall be defined as an **Eligible Parcel's** 2010 **County Appraised Value** multiplied by 1.18% ("**Applicable Real Property Tax Rate**").

D. "**County Appraised Value**" shall mean the following for an **Eligible Parcel** depending on the state it is located in:

   <u>Florida</u>: For an **Eligible Parcel** located in the Florida counties of Escambia, Okaloosa, Santa Rosa, Walton, Bay, Gulf, Franklin and

---

[3]The Claim Administrator may prepare the final Claim Form consistent with <u>Appendix E</u>.  In no case shall the final Claim Form omit the substance of any question contained in <u>Appendix E</u>.

[4] 2010 Applicable Property Tax is defined in Section 2. C.

[5] See Appendix H for example calculations of **Coastal Real Property Compensation Amounts**.

027509

Wakulla, **County Appraised Value** shall mean Just Value as determined by the respective Florida County tax assessor.

**Alabama**: For an **Eligible Parcel** located in Baldwin County, Alabama, **County Appraised Value** shall mean True Value as determined by the Baldwin County tax assessor. For an **Eligible Parcel** located in Mobile County, Alabama, **County Appraised Value** shall mean Market Value, as determined by the Mobile County tax assessor.

**Mississippi**: For an **Eligible Parcel** located in Jackson County Mississippi, County Appraised Value shall mean TOTALVAL as determined by Jackson County tax assessor. For an **Eligible Parcel** located in Harrison County, Mississippi, the **County Appraised Value** shall mean Total Value as determined by the Harrison County tax assessor. For an **Eligible Parcel** located in Hancock County, Mississippi the **County Appraised Value** shall mean LRTOT as determined by the Hancock County tax assessor.

**Louisiana**: For an **Eligible Parcel** located in Grand Isle, Jefferson Parish, Louisiana, **County Appraised Value** shall mean Fair Market Value as determined by the Jefferson Parish tax assessor.

    i.    If the **County Appraised Value** is net of a Homestead Exemption, the amount of such Homestead Exemption shall be added to the **County Appraised Value** for purposes of calculating the **Coastal Real Property Compensation Amount**.

E.    An **Eligible Parcel** with a **County Land Use Designation** listed in <u>Appendix I</u> shall be entitled to the greater of (i) calculation in 2. B. above or (ii) a minimum as detailed below.[6]

    i.    The minimum **Coastal Real Property Compensation Amount** shall be as follows:

        a.    $1,000 for an **Eligible Parcel** in **Compensation Category A1**.

        b.    $1,100 for an **Eligible Parcel** in **Compensation Category A2**.

        c.    $800 for an **Eligible Parcel** in **Compensation Category B1**.

        d.    $800 for an **Eligible Parcel** in **Compensation Category B2**.

    ii.    An **Eligible Parcel** for which the County Land Use Designation in the **Administrator's Database** is not listed in <u>Appendix H</u>, shall nonetheless

---

[6] See Appendix J for an example calculation of a minimum **Coastal Real Property Compensation Amount**.

be categorized as an **Eligible Parcel** for which the County Land Use Designation is listed in <u>Appendix H</u>, if the claimant provides documentation from the county tax assessor sufficient to show that the parcel does in fact have a County Land Use Designation listed in Appendix H.

F.   The **Coastal Real Property Compensation Amount** shall be allocated as follows:

    i.   For an **Eligible Parcel** for which there is only one **Eligible Claimant,** the **Eligible Claimant** shall receive the entire portion of the applicable **Coastal Real Property Compensation Amount**.

    ii.   For an **Eligible Parcel** for which there are more than one **Eligible Claimants**, the **Coastal Real Property Compensation Amount** shall be allocated based on the period of legal possession of the particular **Eligible Parcel** by each **Eligible Claimant** between April 20, 2010, and December 31, 2010. The allocation shall be determined by dividing the **Coastal Real Property Compensation Amount** by 255 days and then multiplying the product by the number of days each **Eligible Claimant** had legal possession of the **Eligible Parcel.**

    iii.   The Claims Administrator shall determine whether an **Eligible Claimant(s)** is the owner of an **Eligible Parcel**

G.   An RTP of 2.5 shall be applied to the **Coastal Real Property Compensation Amount**.  For example, a hypothetical **Coastal Real Property Compensation Amount** of $1,859 (refer to <u>Appendix H</u>), would receive an RTP equal to $4,648 for a total **Coastal Real Property Compensation Amount** of $6,507 inclusive of RTP.

## 3.  Physical Damage to Real or Personal Property

A.   **Physical Damage** shall be defined as any physical damage that occurred to an **Eligible Claimant's** real or personal property located on an **Eligible Parcel(s)** in connection with the DWH Spill or as a result of the response cleanup operations that were consistent with the National Contingency Plan or specifically ordered by the Federal On-Scene Coordinator or delegates thereof, with the exception of any damage claimed for intrusion of oil, dispersant or other substances onto the **Eligible Claimant**'s **Eligible Parcel(s)**. Damages for claims of intrusion of oil, dispersants or other substances on an **Eligible Parcel** are addressed in Section 2. B. above.

    i.   Examples of **Physical Damage** includes, for example, physical damage that occurred to landscaping, a structure, appurtenances, a dock, a building, a patio, or a deck furniture located on an **Eligible Parcel** caused by a vehicle, machinery or equipment in use for DWH Spill response cleanup operations.

027511

B. An **Eligible Claimant** must provide the Claims Administrator with satisfactory proof of all of the following items below in order to qualify to receive compensation for **Physical Damage**:

    i.    The claimant is an **Eligible Claimant**.

    ii.    The claimed **Physical Damage** occurred on an **Eligible Parcel**.

    iii.    The **Physical Damage** occurred between April 20, 2010 and the date the Economic Injury and Property Claim Settlement Agreement is executed by the parties.

    iv.    The condition of the real or personal property prior to the claimed physical damage.

    v.    The **Eligible Claimant** owned the real or personal property for which **Physical Damage** is claimed at the time the damage occurred.  The Claims Administrator shall determine whether an **Eligible Claimant(s)** is the owner of the real or personal property for which **Physical Damage** is claimed at the time the damage occurred.

    vi.    The **Physical Damage** was caused by DWH Spill response cleanup operations.

    vii.    For an **Eligible Claimant** claiming to have incurred costs to repair or replace the damaged property, evidence to establish that the costs were incurred by the **Eligible Claimant** and that they were reasonable and necessary.

    viii.    For an **Eligible Claimant** seeking compensation for costs not yet incurred to repair or replace the damaged property, a cost estimate and proof the costs are reasonable and necessary.

C. An **Eligible Claimant** must comply with the **Claim Form**, **Document Requirements** and **Verification Statement** listed in Appendices E, F and G in order to qualify to receive compensation for **Physical Damage**.

D. An **Eligible Claimant** who claims **Physical Damage** and satisfies Section 3. A, 3. B and 3. C above shall receive the lesser of the reasonable and necessary costs to repair or replace the damaged property.

027512

i.    The Claims Administrator shall have the authority to verify the **Eligible Claimant**'s estimate of repair and replacement costs, and to undertake an investigation to determine the reasonableness of the costs to repair or replace the damaged property, including obtaining an independent estimate.

ii.    In no event is an **Eligible Claimant** entitled to receive pursuant to this Section 3 damages for intrusion of oil, dispersants or other substances onto the **Eligible Claimant**'s **Eligible Parcel(s)**. Compensation for claims of intrusion of oil, dispersants or other substances on an **Eligible Parcel** are addressed in Section 2. B above.

## 4.  Federal and State Regulatory Requirements

A.    Nothing in this **Compensation Framework for Coastal Real Property Claims** shall alter, expand, or reduce BP's obligations for cleanup, removal, spill response and remediation of real property under applicable federal, state, or local laws, regulations, orders, or agreements. **Eligible Claimant** shall acknowledge that any right to require any cleanup or remediation of the parcel shall not lie with the claimant, but solely with governmental authorities, and that the need for any cleanup or remediation, and the standards by which the need for or sufficiency of such remediation is decided, shall be determined by governmental regulators of the executive department in accordance with properly promulgated law, rules, regulations, orders or agreements. Such governmental regulators alone shall make such determinations, and the **Eligible Claimant** shall not employ regulatory proceedings as a means to seek the redress of claims, which are extinguished pursuant to this Settlement Agreement. It is expressly agreed that this acknowledgement of continued potential responsibility for governmental compliance on the part of the BP (and all other parties released) shall not grant the claimant any personal jurisdiction recourse with respect to the regulatory obligations of the released parties. In the event proceedings, formal or informal, occur before governmental authorities, the claimant agrees to cooperate fully with the released parties in addressing questions or concerns presented by such proceedings; the **Eligible Claimant** shall provide full and free access to the **Eligible Parcel** in connection therewith, and shall further cooperate with the released parties in undertaking and proposing by the released parties such remediation that the released parties deem most appropriate, desirable, and/or cost-effective in meeting regulatory requirements, irrespective of any personal claims, preferences, rights of use or similar considerations of the **Eligible Claimant**, it being understood that such personal claims and considerations fall within the scope of the claims released by the **Eligible Claimant**.

027513

**Compensation Framework for Coastal Real Property Claims**
**Appendix A**
**Coastal Real Property Claim Zone Map**

The **Coastal Real Property Claim Zone Map** is found in a separate document.

027514

**Compensation Framework for Coastal Real Property Claims**
**Appendix B**
**Criteria Used to Establish the Coastal Real Property Claim Zone**

The following criteria were used to establish the **Coastal Real Property Claim Zone**.

1.  Areas directly intersected by the portions of shoreline assessed by SCAT teams ("**SCAT Line**"), regardless of whether or not the presence of oil was reported on that portion of the **SCAT Line** are included in the **Coastal Real Property Claim Zone**, as depicted below:



2.  Areas not directly intersected by the **SCAT Line** but touching a portion of the coast on which the SCAT line is located, regardless of whether or not the presence of oil was reported on that portion of the **SCAT Line**, are included in the **Coastal Real Property Claim Zone**, as depicted below:



027515

3.  Where portions of the **SCAT Line** showing the presence of oil terminated short of certain physical boundaries (such as waterways, bridges, or roads), parcels between the termination of the SCAT line and the particular physical boundary were included in the **Coastal Real Property Claim Zone**.  An example is depicted below.



027516

**Compensation Framework for Coastal Real Property Claims**
**Appendix C**
**County Land Use Designations Required for a Parcel to Qualify as an Eligible Parcel**

ABRASIVE, ASBESTOS, AND MISCELLANEO
ACREAGE NOT AGRICULTURAL
AGRICULTURAL
AIRPORTS, BUS TERMINALS, MARINE TERMINALS, PIERS, MARINAS
AIRPORTS, TERMINALS, MARINAS
AMUSEMENT-OTHER
APARTMENT (LOW RISE SINGLE BLDG)
APARTMENTS, DUPLEX
AUTO SALES, REPAIR, RENTAL, ETC.
BANK/FINANCIAL INSTITUTION
BARS AND TAVERNS
BOAT DOCKS, MARINAS, AND CAMPING AREA
BOAT HOUSE
BOWLING ALLEYS/SKATING RINKS
BUSINESS SERVICES
CAMPS
CANNING AND PRESERVING OF FRUITS, V
CASINOS
CHURCHES
CLUBS, LODGES, UNION HALLS
CLUBS/LODGES/UNION HALLS, ETC.
COMMERCIAL
COMMERCIAL PARKING
COMMERICAL FORESTRY PRODUCTION
COMMON AREAS
COMMUNITY SHOPPING CENTERS
CONCRETE, GYPSUM, AND PLASTER PRODU
CONDOMINIA
CONDOMINIUM
CONDOMINIUM RES.(HIGH RISE)
CONDOMINIUM RES.(LOW RISE)
CONDOMINIUM, MASTER CARD
CROPLAND (GOOD A1)
CULTURAL/ENTERTAIN/REC.-OTHER
DUPLEX RESIDENCE
ENCLOSED THEATRES/AUDITORIUMS
FARMS(GENERAL)
FINANCIAL INSTITUTIONS
FISHING ACTIVITIES AND RELATED SERV

027517

FOOD AND KINDRED PRODUCTS - MANUFAC
GENERAL MERCHANDISE
GOLF COURSES, DRIVING RANGES
HARDWARE,PLUMBING,HEATING EQUIP,AND
HIWAY AND STREET RIGHT OF WAY
HOTELS, MOTELS
HOTELS/MOTELS
HOTELS-RESIDENTIAL
HOUSEHOLD UNITS. (VAC)
HUNTING AND FISHING CLUBS
ISLAND
LAKES AND PONDS
LEASEHOLD INTERESTS
MACHINERY,EQUIPMENT AND SUPPLIES-WH
MANUFACTURING HOMES
MARINAS
MARINE REPAIR DOCKS
MASTER CARD
MEATS AND FISH MARKETS-RETAIL
MINITURE GOLF
MISCELLANEOUS RESIDENTIAL
MIXED USE
MOBILE HOME PARKS
MOBILE HOME PARKS OR COURT
MOBILE HOMES
MOBILE HOMES (SINGLE TRAILER)
MOTELS
MOTELS, TOURIST COURTS, ETC.
MULTI-FAMILY
MULTI-FAMILY (10 UNITS OR MORE)
MULTI-FAMILY (UNDER 10 UNITS)
MULTI-FAMILY 1O UNITS OR MORE
MULTI-FAMILY LESS THAN 10 UNITS
MULTI-USE AND MILTI-STORY BUILDING
NIGHTCLUBS, LOUNGES, BARS
NON AGRICULTURAL ACREAGE
NURSING HOMES
OFFICE (LOW RISE)
OFFICE BUILDINGS
OFFICE BUILDINGS - MULTI STORY
OFFICE BUILDINGS - ONE STORY
OFFICES-GENERAL
ONE FAMILY UNIT

**027518**

OPEN STORAGE/JUNK YARDS, ETC.
ORPHANAGES
OTHER FABRICATED METAL PRODUCTS - M
OTHER FINANCE,INSURANCE AND REAL ES
OTHER FOOD AND KINDRED PRODUCTS - M
OTHER FOOD PROCESSING
OTHER FOOD –RETAIL
OTHER FORESTRY ACTIVITIES AND RELAT
OTHER PUBLIC ASSEMBLY
OTHER RETAIL TRADE
PAINTS, VARNISHES, LACQUERS, ENAMEL
PARKING LOTS, MOBILE HOME PARKS
PARKS
PASTURELAND (GOOD B1)
PATIO HOME
POINT CADET DEVELOPMENT CORPORATION
PREFAB. METAL BUILDING (COMM.)
PREFAB. METAL BUILDING (FARM)
PROFESSIONAL SERVICE BUILDINGS
PROFESSIONAL SVCS. BUILDINGS
RECREATIONAL - CLASSIFIED USE
RECREATIONAL (LOW PARTITIONS)
RECREATIONAL ACTIVITIES
RELIGIOUS SERVICES
RENTAL-SERVICES
REPAIR SERVICE SHOPS
REPAIR SERVICES
REPAIR SHOPS (NOT AUTOMOTIVE)
RESIDENTIAL
RESTAURANT
RESTAURANTS
RESTAURANTS(ALCOHOLIC BEVERAGES)-RE
RESTAURANTS(CARRY-OUT SERVICE)-RETA
RESTAURANTS(CURB SERVICE)-RETAIL
RESTAURANTS, CAFETERIAS
RESTAURANTS-GENERAL
RETAIL TRADE-AUTOMOTIVE, MARINE CRA
RIGHTS-OF-WAY/STREETS/DITCHES
RIVERS AND LAKES
RIVERS/LAKES/SUBMERGED LANDS
SERVICE STATIONS
SERVICE STATIONS-RETAIL
SERVICES-OTHER

**027519**

SEWAGE DISPOSAL, SOLID WASTE, BORROW PITS, DRAINAGE RESERVOIRS,
WASTE LAND, MARSH, SAND DUNES, SWAMPS
SEWAGE DISPOSAL/LANDFILLS/MARSH
SINGLE FAMILY RESIDENCE
SINGLE FAMILY RESIDENTIAL
STORE (RETAIL TRADE)
STORES, ONE STORY
TIMBER (AVG)
TIMBER (GOOD)
TIMBER (POOR)
TIMBERLAND
TIMBERLAND (FAIR)
TIMBERLAND (POOR)
TIME SHARING COMPLEX
TOURIST ATTRACTIONS
TOWNHOUSE
TOWNHOUSE - SINGLE FAMILY
TWO FAMILY UNITS
UNDEFINED (DOR USE ONLY)
UNDEVELOPED AND UNUSED LAND
UNDEVELOPED LAND & WATER AREAS
UNION,FRATERNAL,CIVIC SERVICE FACIL
UNKNOWN COMMERCIAL
UNKNOWN LANDUSE
VACANT COMMERCIAL
VACANT FLOOR AREA, COMMERCIAL
VACANT INDUSTRIAL
VACANT IZ LAND (PAVE RD)
VACANT LAND NOT SUITABLE FOR DEVELO
VACANT LAND SUITABLE FOR DEVELOPMEN
VACANT MULTIFAMILY RESIDENTIAL
VACANT RESIDENTIAL
VACANT RESIDENTIAL LOT
VACANT RESIDENTIAL SUBDIVISION
VACANT ST RURAL LAND (NO ROAD)
VACANT ST RURAL LAND (PAVE RD)
VACANT WATERFRONT
VACANT/UNDEVELOPED LAND
WAREHOUSE
WAREHOUSING AND STORAGE
WAREHOUSING, DISTRIBUTION TERMINALS, TRUCKING TERMINALS
WAREHOUSING/TRUCKING TERMINALS
WATERFRONT IMPROVED

027520

027521

**Compensation Framework for Coastal Real Property Claims**
**Appendix D**
**Eligible Parcel Compensation Category Map**

The **Eligible Parcel Compensation Category Map** is found in a separate document.

**Compensation Framework for Coastal Real Property Claims**
**Appendix E**
**Coastal Real Property Claim Form**

1.  Are you claiming you are entitled to compensation for one or more parcels you <u>owned</u> during the time period April 20, 2010 to December 31, 2010 under the **Compensation Framework for Coastal Real Property Claims**?

    _____ Yes        _____ No

2.  Are you claiming you are entitled to compensation for one or more parcels you <u>leased</u> during the time period April 20, 2010 to December 31, 2010 under the **Compensation Framework for Coastal Real Property Claims**?

    _____ Yes        _____ No

3.  If you answered yes to Question 1 or 2 above, are you also claiming you are entitled to compensation for physical damage that occurred to your real or personal property located on your parcel(s) in connection with the DWH Spill response clean-up operations during the time period April 20, 2010 to December 31, 2010?

    _____ Yes        _____ No

*If you answered yes to any of the questions above, (i) answer the questions below, (ii) provide the documentation required in the* **Document Requirements** *form (Appendix F), and (iii) complete a* **Coastal Real Property Verification Statement** *(Appendix G).*

4.  What is the street address of the parcel(s)?

    _____

    _____

5.  What is the tax assessment identification number of the parcel(s)?

    _____

    _____

6. What is the parcel identification number of the parcel(s)?

_____

_____

7. If you owned the parcel(s) and leased it during the time period April 21, 2010 to December 31, 2010, when did the lease begin?

_____

_____

_____

8. If you owned the parcel(s) and leased it during the time period April 21, 2010 to December 31, 2010, when did the lease end?

_____

_____

9. If you were a lessee of the parcel(s) and you leased it during some time period between April 21, 2010 and December 31, 2010, when did the lease begin?

_____

_____

10. If you were a lessee of the parcel(s) and you leased it during some time period between April 21, 2010 and December 31, 2010, when did the lease end?

_____

_____

*You __must only__ answer the following questions if you claim you are entitled to compensation for physical damage that occurred to your real or personal property located on your parcel(s).*

027524

11. Identify and describe the real or personal property that you claim was physically damaged in connection with the DWH Spill response cleanup operations.

_____

_____

_____

_____

_____

_____

12. Describe the physical damage that you claim occurred to your real or personal property located on your parcel(s) in connection with the DWH Spill response clean-up operations.

_____

_____

_____

_____

_____

13. Where on your parcel was your real or personal property located when the damage occurred?

_____

_____

_____

14. When did the physical damage to your real or personal property occur?

027525

_____

_____

15. Describe in detail what caused the physical damage to your real or personal property.

_____

_____

_____

_____

_____

16. If you know, who caused the physical damage to your real or personal property?

_____

_____

17. If you know, were the DWH Spill response cleanup operations that you claim caused the physical damage to your real or personal property consistent with the National Contingency Plan or specifically ordered by the Federal On-Scene Coordinator or delegates thereof?

_____ Yes       _____ No        _____ I Don't Know

18. Describe the condition of the real or personal property prior to the damage you claim occurred.

_____

_____

_____

19. Did you own the real or personal property that you claim was damaged at the time the damage occurred?

_____ Yes       ___ No

027526

20. Have you already incurred the cost to repair or replace the real or personal property that you claim was physically damaged?

_____ Yes        ___ No

21. If your answer to Question 20 is yes, please identify the following:

    a.   Was the damaged property repaired or replaced?

       _____

    b.   If the damaged property was replaced, state the reasons that the property was replaced instead of being repaired.

       _____

       _____

       _____

    c.   If the damaged property was replaced, state the name and address of the individual or business from which the replacement was obtained and the cost you incurred to replace the property.

       _____

       _____

       _____

    d.   If the damaged property was repaired, state the name and address and telephone number of the individual or business that did the repairs, the cost you incurred to repair the property, and identify the repairs that were done.

       _____

       _____

       _____

22. If the answer to Question 20 is no, please identify the following:

027527

a.   State whether the damaged property can be repaired?

_____ Yes       ___ No

b.   If the damaged property can be repaired, have you obtained a cost estimate to repair the damaged property?

_____ Yes       ___ No

c.   If you have obtained a cost estimate to repair the damaged property, state the name address and phone number of the individual or entity that provided the cost estimate, what repairs are being done and the amount of the cost estimate for the repairs.

_____

_____

_____

d.   If you claim that the damaged property cannot be repaired, explain the reasons for your claim.

_____

_____

_____

_____

_____

027528

**Compensation Framework for Coastal Real Property Claims**
**Appendix F**
**Coastal Real Property Claim Form**
**Document Requirements**

*To receive compensation under the* **Compensation Framework for Coastal Real Property Claims** *you must provide copies of the documents described below.*

1. Owners of parcel(s) seeking compensation under the **Compensation Framework for Coastal Real Property Claims** must provide the following:

   a. Official copy of the deed for the parcel for which you are seeking compensation showing that you are the owner of the parcel.

      i. To the extent a state, county, municipality or other governmental agency agrees to provide the Claims Administrator with access to an official database sufficient for the Claims Administrator to confirm the claimant owned the parcel for which they are seeking compensation, the Claims Administrator need not require from the claimant an official copy of the deed or official copy of the 2010 property tax assessment notice for the parcel for which they are seeking compensation.  Rather, the Claims Administrator is authorized to accept from the claimant the street address and tax identification number or parcel identification number for the parcel for which they are seeking compensation as sufficient to satisfy this subpart, and the Claims Administrator will use the database to confirm the claimant's valid ownership during the time period April 20, 2010 to December 31, 2010

   b. Official copy of the 2010 property tax assessment notice for the parcel for which you are seeking compensation.[7]

      i. To the extent a state, parish, municipality or other governmental agency agrees to provide the Claims Administrator with access to an official database sufficient for the Claims Administrator to confirm the claimant owned the parcel for which they are seeking compensation, the Claims Administrator need not require from the claimant an official copy of the deed or official copy of the 2010 property tax assessment notice for the parcel for which they are seeking compensation.  Rather, the Claims Administrator is authorized to accept from the claimant the street address and tax identification number or parcel identification number for the parcel for which they are seeking compensation as sufficient to satisfy this subpart, and the Claims

---

[7] In some counties, issuance of 2010 tax assessment notices may occur prior to April 20, 2010 such that the correct owner of the eligible parcel may not be reflected, (for example if notices were mailed January 2010 but ownership changed February 2010).  In such a case, a claimant may provide other documentation such as a copy of the real estate closing/settlement statement from a sale, in order to prove ownership.

Administrator will use the database to confirm the claimant's valid ownership during the time period April 20, 2010 to December 31, 2010

c.  If you owned a parcel that you leased for a period of 60 days or longer during the time period April 20, 2010 and December 31, 2010 and the lease was executed prior to April 20, 2010, provide copies of the executed lease for any time period during April 20, 2010 and December 31, 2010.

d.  If you believe your parcel should be added to the **Coastal Real Property Claim Zone** (see Section 1. E.), documentation showing a parcel contains the presence of oil pursuant to **SCAT** or by an official assessment conducted by the Natural Resource Trustees in connection with the DWH Spill.

e.  If your parcel is not identified in the **Coastal Real Property Claim Zone** and should be (see Section 1. F. i.), an official document provided by the county tax assessor, Clerk of Court, Registrar of Lands or other governmental lands office or agency, or a professional survey of the parcel showing actual presence of the parcel within the **Coastal Real Property Claim Zone**.

f.  If your parcel has a County Land Use Designation listed in Appendix C but that is not reflected in the **Administrator's Database** (see Section 1. G.), documentation for the county tax assessor, Clerk of Court, Registrar of Lands or other governmental lands office or agency sufficient to show that the parcel does in fact have a County Land Use Designation listed in Appendix C.

g.  If you believe your parcel should be reclassified from **Compensation Category B1 or B2** to **Compensation Category A1 or A2** (see Section 1. H. i.), independent documentation in the form of a government or academic report, not commissioned by the **Eligible Claimant** or the **Eligible Claimant's** attorney or agent, with said independent documentation establishing that the **Eligible Parcel** contains the presence of oil released by the DWH Spill.

h.  If you believe your parcel is on a shoreline with a primary **ESI** classification of 10A (salt and brackish (coastal marshes)), 10B (freshwater marshes), 10C (freshwater swamps) or 10D (scrub-shrub wetlands (includes mangroves)) as determined by the NOAA, but that is not reflected in the **Administrator's Database** (see Section 1. H. ii.), documentation from NOAA showing that the **Eligible Parcel** is on a shoreline with a primary ESI classification of 10A, 10B, 10C or 10D.

i.  If you believe your parcel's **County Appraised Value** is net of a Homestead Exemption (See Section 2. D. i.), documentation showing the **Eligible Parcel's County Appraised Value** is net of a Homestead Exemption, and the amount of such Homestead Exemption.

j.  If your parcel has a County Land Use Designation listed in Appendix H but that is not reflected in the **Administrator's Database** (See Section 2. E. ii.), documentation

027530

from the county tax assessor, Clerk of Court, Registrar of Lands or other governmental lands office or agency that the parcel does in fact have a County Land Use Designation listed in Appendix H.

    k.   Completed **Verification Statement**.

2.  Lessees of Parcel(s) seeking compensation under the **Compensation Framework for Coastal Real Property Claims** must provide the following:

    a.   Executed lease agreement showing possession of the **Eligible Parcel** for a period of 60 days or longer during the time period April 20, 2010 and December 31, 2010 and was executed prior to April 20, 2010.

    b.   Documents reflecting the lease payment(s) made for any time period during April 20, 2010 and December 31, 2010.

    c.   If you believe your parcel should be added to the **Coastal Real Property Claim Zone** (see Section 1. E.), documentation showing a parcel contains the presence of oil pursuant to **SCAT** or by an official assessment conducted by the Natural Resource Trustees in connection with the DWH Spill.

    d.   If your parcel is not identified in the **Coastal Real Property Claim Zone** and should be (see Section 1. F. i.), an official document provided by the county tax assessor, Clerk of Court, Registrar of Lands or other governmental lands office or agency, or a professional survey of the parcel showing actual presence of the parcel within the **Coastal Real Property Claim Zone**.

    e.   If your parcel has a County Land Use Designation listed in Appendix C but that is not reflected in the **Administrator's Database** (see Section 1. G.), documentation for the county tax assessor, Clerk of Court, Registrar of Lands or other governmental lands office or agency sufficient to show that the parcel does in fact have a County Land Use Designation listed in Appendix C.

    f.   If you believe your parcel should be reclassified from **Compensation Category B1 or B2** to **Compensation Category A1 or A2** (see Section 1. H. i.), independent documentation in the form of a government or academic report, not commissioned by the **Eligible Claimant** or the **Eligible Claimant's** attorney or agent, with said independent documentation establishing that the **Eligible Parcel** contains the presence of oil released by the DWH Spill.

    g.   If you believe your parcel is on a shoreline with a primary **ESI** classification of 10A (salt and brackish (coastal marshes)), 10B (freshwater marshes), 10C (freshwater swamps) or 10D (scrub-shrub wetlands (includes mangroves)) as determined by the NOAA, but that is not reflected in the **Administrator's Database** (see Section 1. H. ii.), documentation from NOAA showing that the **Eligible Parcel** is on a shoreline with a primary ESI classification of 10A, 10B, 10C or 10D.

    h.   If you believe your parcel's **County Appraised Value** is net of a Homestead Exemption (See Section 2. D. i.), documentation showing the **Eligible Parcel's County Appraised Value** is net of a Homestead Exemption, and the amount of such Homestead Exemption.

    i.   If your parcel has a County Land Use Designation listed in Appendix H but that is not reflected in the **Administrator's Database** (See Section 2. E. ii.), documentation from the county tax assessor, Clerk of Court, Registrar of Lands or other governmental lands office or agency that the parcel does in fact have a County Land Use Designation listed in Appendix H.

    j.   **Completed Verification Statement**.

3.   Owners or Lessees of parcel(s) seeking compensation for physical damage to real or personal property pursuant to Section 3. B. of the **Compensation Framework for Coastal Real Property Claims**, <u>must</u> provide the Claims Administrator proof of the items below.  Proof may consist of documents, receipts, photographs, videotaped footage, a sworn statement from the claimant and/or sworn statements from a witness(es).

    a.   The claimed physical damage to your real or personal property occurred on a parcel listed in the **Claim Form**.

    b.   The physical damage occurred between April 20, 2010 and [date of settlement agreement].

    c.   The condition of the real or personal property prior to the claimed physical damage.

    d.   You owned the real or personal property at the time the physical damage occurred.

    e.   The physical damage was caused by DWH Spill response cleanup operations.

    f.   If you claim to have incurred costs to repair or replace the damaged property, evidence to establish that the costs were incurred by you and that they were reasonable and necessary.

    g.   If you are seeking compensation for costs not yet incurred to repair or replace the damaged property, a cost estimate and proof the costs are reasonable and necessary.

027532

**Compensation Framework for Coastal Real Property Claims**
**Appendix G**
**Coastal Real Property Verification Statement**

For parcel owners, please check the box that applies:

| | |
|---|---|
| | 1.  I owned and <u>did not</u> lease my parcel at any time during the period April 20, 2010 to December 31, 2010. |
| | 2.  I owned and <u>did</u> lease my parcel for more than 60 days during the time period April 20, 2010 to December 31, 2010. |

For parcel owners, if you checked box #2, please provide the name(s) of the lessee(s) and time period of the lease(s).

| | **Name of Lessee** | **Dates of Lease** |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

For parcel lessees, please check the box if applicable:

| | |
|---|---|
| | 1.  I leased my parcel for more than 60 days during the time period April 20, 2010 to December 31, 2010. |

027533

For parcel lessees, please provide the name of the owner of the parcel and time period of the lease.

|   | Name of Owner | Dates of Lease |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |

I declare and affirm under penalty of perjury under the laws of the United States of America that the foregoing are true and correct.

_____

Name

_____

Signature

_____

Date

027534

## Compensation Framework for Coastal Real Property Claims
## Appendix H
## Calculation Examples for Coastal Real Property Compensation Amounts[8]

| | Compensation Category A1 | | | | |
| --- | --- | --- | --- | --- | --- |
| A | B | C | D | E | F |
| | | | D = B * C | | F = D * E |
| Property | 2010 County Appraised Value | Applicable Real Property Tax Rate | 2010 Applicable Property Taxes | Applicable Percentage for Compensation Category A1 | Coastal Real Property Compensation Amount |
| Property A - ESI 2B | $350,000 | 1.18% | $4,130 | 40.0% | $1,652 |

| | Compensation Category A2 | | | | |
| --- | --- | --- | --- | --- | --- |
| A | B | C | D | E | F |
| | | | D = B * C | | F = D * E |
| Property | 2010 County Appraised Value | Applicable Real Property Tax Rate | 2010 Applicable Property Taxes | Applicable Percentage for Compensation Category A2 | Coastal Real Property Compensation Amount |
| Property B - ESI 10B | $350,000 | 1.18% | $4,130 | 45.0% | $1,859 |

| | Compensation Category B1 | | | | |
| --- | --- | --- | --- | --- | --- |
| A | B | C | D | E | F |
| | | | D = B * C | | F = D * E |
| Property | 2010 County Appraised Value | Applicable Real Property Tax Rate | 2010 Applicable Property Taxes | Applicable Percentage for Compensation Category B1 | Coastal Real Property Compensation Amount |
| Property C - ESI 6A | $350,000 | 1.18% | $4,130 | 30.0% | $1,239 |

| | Compensation Category B2 | | | | |
| --- | --- | --- | --- | --- | --- |
| A | B | C | D | E | F |
| | | | D = B * C | | F = D * E |
| Property | 2010 County Appraised Value | Applicable Real Property Tax Rate | 2010 Applicable Property Taxes | Applicable Percentage for Compensation Category B1 | Coastal Real Property Compensation Amount |
| Property D - ESI 10D | $350,000 | 1.18% | $4,130 | 35.0% | $1,446 |

[8] The final compensation amount shown in this Appendix is exclusive of an RTP of 2.50.

027535

**Compensation Framework for Coastal Real Property Claims**
**Appendix I**
**County Land Use Designations Eligible for Minimum Compensation**

APARTMENT (LOW RISE SINGLE BLDG)
APARTMENTS, DUPLEX
COMMON AREAS
CONDOMINIA
CONDOMINIUM
CONDOMINIUM RES.(HIGH RISE)
CONDOMINIUM RES.(LOW RISE)
CONDOMINIUM, MASTER CARD
DUPLEX RESIDENCE
MANUFACTURING HOMES
MASTER CARD
MISCELLANEOUS RESIDENTIAL
MOBILE HOMES
MOBILE HOMES (SINGLE TRAILER)
MULTI-FAMILY
MULTI-FAMILY (UNDER 10 UNITS)
MULTI-FAMILY 1O UNITS OR MORE
MULTI-FAMILY LESS THAN 10 UNITS
ONE FAMILY UNIT
PATIO HOME
RESIDENTIAL
SINGLE FAMILY RESIDENCE
SINGLE FAMILY RESIDENTIAL
TOWNHOUSE
TOWNHOUSE - SINGLE FAMILY
TWO FAMILY UNITS
WATERFRONT IMPROVED
MULTI-FAMILY (10 UNITS OR MORE)

027536

## Compensation Framework for Coastal Real Property Claims
## Appendix J
## Calculations Examples for Minimum Coastal Real Property Compensation Amounts[9]

| Compensation Category A1 | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H |
| | | | D = B * C | | F = D * E | | |
| Property | 2010 County Appraised Value | Applicable Real Property Tax Rate | 2010 Applicable Property Taxes | Applicable Percentage for Compensation Category A1 | Coastal Real Property Compensation Amount | Minimum Coastal Real Property Compensation Amount (A1) | Actual Coastal Real Property Compensation Amount * |
| Property A - ESI 7 | $180,000 | 1.18% | $2,124 | 40.0% | $850 | $1,000 | $1,000 |

* The higher between the Coastal Real Property Compensation Amount and the Minimum Coastal Real Property Compensation Amount (A1)

| Compensation Category A2 | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H |
| | | | D = B * C | | F = D * E | | |
| Property | 2010 County Appraised Value | Applicable Real Property Tax Rate | 2010 Applicable Property Taxes | Applicable Percentage for Compensation Category A2 | Coastal Real Property Compensation Amount | Minimum Coastal Real Property Compensation Amount (A2) | Actual Coastal Real Property Compensation Amount * |
| Property B - ESI 10A | $180,000 | 1.18% | $2,124 | 45.0% | $956 | $1,100 | $1,100 |

* The higher between the Coastal Real Property Compensation Amount and the Minimum Coastal Real Property Compensation Amount (A2)

| Compensation Category B1 | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H |
| | | | D = B * C | | F = D * E | | |
| Property | 2010 County Appraised Value | Applicable Real Property Tax Rate | 2010 Applicable Property Taxes | Applicable Percentage for Compensation Category B1 | Coastal Real Property Compensation Amount | Minimum Coastal Real Property Compensation Amount (B1) | Actual Coastal Real Property Compensation Amount * |
| Property C - ESI 3B | $180,000 | 1.18% | $2,124 | 30.0% | $637 | $800 | $800 |

* The higher between the Coastal Real Property Compensation Amount and the Minimum Coastal Real Property Compensation Amount (B1)

| Compensation Category B2 | | | | | | | |
|---|---|---|---|---|---|---|---|
| A | B | C | D | E | F | G | H |
| | | | D = B * C | | F = D * E | | |
| Property | 2010 County Appraised Value | Applicable Real Property Tax Rate | 2010 Applicable Property Taxes | Applicable Percentage for Compensation Category B1 | Coastal Real Property Compensation Amount | Minimum Coastal Real Property Compensation Amount (B2) | Actual Coastal Real Property Compensation Amount * |
| Property D - ESI 10C | $180,000 | 1.18% | $2,124 | 35.0% | $743 | $800 | $800 |

* The higher between the Coastal Real Property Compensation Amount and the Minimum Coastal Real Property Compensation Amount (B2)

---

[9] The final compensation amount shown in this Appendix is exclusive of an RTP of 2.50.