# EXHIBIT 12A

<u>**Compensation Framework for Wetlands Real Property Claims**</u>

1. **Eligibility Requirements**

   A. **Eligible Claimants** shall be comprised of claimants who do not fall within the exclusions to the **Economic Loss and Property Class Definition** and who were owners of **Eligible Parcels** during the time period April 20, 2010 to [the date of the Settlement Agreement].

      i. The Claims Administrator shall determine whether an **Eligible Claimant(s)** is the owner of an **Eligible Parcel**.

   B. **Wetlands Real Property Claim Zone** shall be defined as the blue shaded portions of the **Wetlands Real Property Compensation Zone Map** attached as <u>Appendix A</u>. (See <u>Appendix B</u> for a description of the criteria used to establish the "**Wetlands Real Property Claim Zone")**.

   C. **Eligible Parcels** shall be defined as parcels located within the **Wetlands Real Property Claim Zone.**

   D. An **Eligible Parcel** shall be placed into one of two **Compensation Categories**:

      **Compensation Category A** shall be defined as those **Eligible Parcels** that were documented as containing the presence of oil by one or more of the following:

      ▪ The published reports of the Deepwater Horizon Unified Command Shoreline Cleanup Assessment Technique teams ("**SCAT**").

      ▪ The Pre-assessments conducted as part of Phase 1 of the Natural Resource Damages Assessment process ("**NRD Pre-assessment**").

      ▪ The Rapid Assessments conducted as part of Phase 1 of the Natural Resource Damages Assessment process (**"NRD Rapid Assessment"**).

      ▪ The Coastal Wetland Vegetation Assessment conducted as part of the Restoration Planning Phase of the Natural Resource Damages Assessment process ("**NRD CWVA**").

      **Compensation Category B** shall be defined as those **Eligible Parcels** that were never documented as containing the presence of oil by any of the following: **SCAT, NRD Pre-assessment, NRD Rapid Assessment, or NRD CWVA**.

      i. An **Eligible Parcel** shall be classified as having the presence of oil (criteria for **Compensation Category A**) if the parcel meets any of the following conditions:

027808

    a.    Any **SCAT** Zone[1] within the parcel has a maximum oiling classification other than "no oil observed." A "**SCAT Zone**" is an area within a SCAT Segment which has a boundary defined by the condition of oil observed during a survey by **SCAT** assessment teams in the Louisiana wetlands.

    b.    Any **NRD Pre-**assessment conducted within the parcel reported the presence of oil on vegetation and/or sediment.

    c.    Any **NRD Rapid** Assessment conducted within the parcel reported an Oil Thickness Code of anything other than "NA" or recorded a Depth of Penetration greater than zero.

    d.    Any **NRD CWVA** conducted within the parcel reported a Vegetation Oiling Extent Index of greater than zero or a Sediment Surface Oiling Coverage of greater than zero.

ii.    An **Eligible Parcel** shall be classified as never being documented as containing the presence of oil (criteria for **Compensation Category B**) if the following conditions are met for each assessment conducted within the **Eligible Parcel**:

    a.    No **SCAT** zone within the parcel has a maximum oiling classification other than "no oil observed."

    b.    No **NRD Pre-**assessment conducted within the parcel reported the presence of oil on vegetation and/or sediment.

    c.    No **NRD Rapid** Assessment conducted within the parcel reported an Oil Thickness Code other than "NA" and reported a Depth of Penetration greater than zero.

    d.    No **NRD CWVA** conducted within the parcel reported a Vegetation Oiling Extent Index greater than zero or a Sediment Surface Oiling Coverage greater than zero.

---

[1] For the purposes of calculating the Wetlands Real Property Compensation Amount, the Claims Administrator will use the **SCAT Zones** defined by the Maximum Oiling Observed file published on the Environmental Resource Management Application (ERMA) Gulf Response website, which was developed jointly by the National Oceanic and Atmospheric Administration (NOAA) Office of Response and Restoration, the University of New Hampshire, and the U.S. Environmental Protection Agency.  The Maximum Oiling Observed file can be viewed and downloaded on the ERMA Gulf Response website at http://gomex.erma.noaa.gov/. To access the file, select "SCAT" and then select "Maximum Oiling Observed."

027809

    iii.    **Administrator's Database**: The Claims Administrator shall maintain a Geographic Information Systems database ("**Administrator's Database**") containing the results of **SCAT, NRD Pre-assessment, NRD Rapid Assessment, NRD CWVA**, and the best available information on parcel boundaries for all real property within the **Wetlands Real Property Claim Zone**. The Claims Administrator shall apply the appropriate **Compensation Category** for each **Eligible Parcel** based upon the information in the **Administrator's Database** and consistent with the criteria in Section 1. D. Attached as <u>Appendix C</u> is a map classifying each known **Eligible Parcel** into a **Compensation Category** by applying the information in the **Administrator's Database** as of the settlement date. This map shall be referred to as the **Eligible Parcel Compensation Category Map**. The **Administrator's Database** is presumed to be the best available evidence, however, that presumption may be rebutted as outlined in Sections E., F., G. and H. below. The use of environmental data (including SCAT and NRDA data) as part of this Compensation Framework shall not constitute an admission or judicial determination related to the admissibility or interpretation of such data for any other purpose, and, further, the use of such data shall have no effect on, and shall be without prejudice to, the use, admissibility and interpretation of such data for any other purpose, including any claims for natural resource damages.

E.    A parcel not located within the **Wetlands Real Property Claim Zone** may be added to the **Wetlands Real Property Claim Zone** by the Claims Administrator only if the parcel is documented as containing the presence of oil pursuant to **SCAT** or an official assessment conducted by the Natural Resource Trustees in connection with the DWH Spill. Only parcels located in the following geographic area ("**Area of Potential Eligibility**") are eligible to provide such documentation:

    i.    As far west as the Louisiana/Texas state line

    ii.    As far east as the Louisiana/Mississippi state line

    iii.    As far south as the end of Louisiana state waters

    iv.    As far north as one half mile inland from the **Wetlands Real Property Claim Zone** (<u>refer to Appendix D for the "**Area of Potential Eligibility Map"**</u>)[2]

F.    The **Administrator's Database** contains the best available parcel boundary data for real property in the **Wetlands Real Property Claim Zone**. In some instances, this data may be incomplete or out of date. Accordingly, real property located in the **Wetlands Real Property Claim Zone** not identified as a parcel shall nonetheless be classified by

---

[2] This map shows the boundaries within which parcel owners are eligible to submit additional documentation to become Eligible Parcels.

027810

the Claims Administrator as an **Eligible Parcel** provided the claimant documents the following:

    i.    Actual presence of the parcel in the **Wetlands Real Property Claim Zone**. Documentation of actual presence of a parcel in the **Wetlands Real Property Claim Zone** must consist of an official document provided by the parish tax assessor (such as a 2010 parish tax notice), Clerk of Court, Registrar of Lands, or other governmental lands office or agency, or a professional survey of the parcel.

G.    The **Administrator's Database** contains the best available parcel boundary data for real property in the **Wetlands Real Property Claim Zone**. In some instances, the named owner(s) of a parcel may be inaccurate or out-of-date. Accordingly, a claimant not listed in the **Administrator's Database** will be treated as an **Eligible Claimant** if the claimant provides the following to demonstrate **Eligible Claimant's** ownership of an **Eligible Parcel**:

    i.    An official copy of the deed for the **Eligible Parcel**.

    AND

    ii.    The 2010 property tax assessment notice for the eligible parcel or an official document from the Clerk of Court, Registrar of Lands or other governmental land office or agency showing proving ownership of the **Eligible Parcel** during the time period April 20, 2010 to [the date of the Settlement Agreement].[3]

    iii.    To the extent a state, parish, municipality or other governmental agency agrees to provide the Claims Administrator with access to an official database sufficient for the Claims Administrator to confirm the claimant owned the parcel for which they are seeking compensation, the Claims Administrator need not require from the **Eligible Claimant** an official copy of the deed or official copy of the 2010 property tax assessment notice for the parcel for which they are seeking compensation. Rather, the Claims Administrator is authorized to accept from the claimant the street address and tax identification number or parcel identification number for the **Eligible Parcel** for which they are seeking compensation as sufficient to satisfy this subpart, and the Claims Administrator will use the database to confirm the claimant's valid ownership during the time period April 20, 2010 to [the date of the Settlement Agreement].

---

[3] In some counties, issuance of 2010 tax assessment notices may occur prior to April 20, 2010 such that the correct owner of the eligible parcel may not be reflected, (for example if notices were mailed January 2010 but ownership changed February 2010).  In such a case, a claimant may provide other documentation such as a copy of the real estate closing/settlement statement from a sale, in order to prove ownership.

027811

H. An **Eligible Parcel** within the **Wetlands Real Property Claim Zone** may be reclassified by the Claims Administrator into a different **Compensation Category** if the following condition is satisfied:

  i. An **Eligible Parcel** within the **Wetlands Real Property Claim Zone** shall be reclassified by the Claims Administrator from **Compensation Category B** to **Compensation Category A** if the **Eligible Claimant** provides independent documentation in the form of a government or academic publication or map, not commissioned by the **Eligible Claimant** or the **Eligible Claimant's** attorney or agent, with said independent documentation establishing that a portion of the **Eligible Parcel** contained the presence of oil although no portion of the **Eligible Parcel** is classified as containing the presence of oil pursuant to the published reports of **SCAT, NRD Pre-Assessment, NRD Rapid Assessment or NRD CWVA**.

  ii. The Claims Administrator shall undertake an investigation to determine whether the information submitted pursuant to this Section satisfies the criteria for reclassification set out H. i. and H. ii.

**2. Compensation for Wetlands Real Property**

A. An **Eligible Claimant** must submit a **Claim Form**[4], all required supporting documents and a **Verification Statement** to receive compensation for an **Eligible Parcel**. The **Claim Form**, **Document Requirements** and **Verification Statement** are attached as Appendices E, F and G.

B. An **Eligible Claimant** who submits a **Claim Form**, all required supporting documents, and a **Verification Statement,** shall be entitled to receive the appropriate Wetlands Real Property Compensation amount ("**Wetlands Real Property Compensation Amount")** based upon the criteria outlined in this section.

C. The **Wetlands Real Property Compensation Amount** shall be calculated as explained below. See Appendix H for an example calculation of **Wetlands Real Property Compensation Amount** on a hypothetical parcel in **Compensation Category A**.

  i. An **Eligible Parcel** in **Compensation Category A** shall be compensated for an **Oiled Primary Area**, a **Non-Oiled Primary Area,** and a **Buffer Area**.

  ii. An **Eligible Parcel** in **Compensation Category B** shall be compensated for a **Non-Oiled Primary Area** only.

---

[4] The Claims Administrator may prepare the final Claim Form consistent with Appendix E.  In no case shall the final Claim Form omit the substance of any question contained in Appendix E.

027812

    iii.   **Oiled Primary Area** shall be defined as an area 50 feet immediately inland from the following:

        a.  The **SCAT Zone(s)** documented as containing the presence of oil within an **Eligible Parcel** that is located on the portion of the shoreline assessed by SCAT teams ("**SCAT Line**").

        b.  The **SCAT Zone** nearest to the location of any **NRD Pre-assessment, NRD Rapid Assessment,** or **NRD CWVA** which reported the presence of oil within an **Eligible Parcel** if no **SCAT Zone** also within the parcel reported the presence of oil.

    iv.   **Buffer Area** shall be defined as an area 30 feet immediately inland from the entire length of the **Oiled Primary Area.**

    v.   **Non-Oiled Primary Area** shall be defined as an area 30 feet immediately inland from **SCAT Zone(s)** documented as not containing the presence of oil within an **Eligible Parcel.**

    vi.   **Eligible Parcels** in **Compensation Category A** shall be paid a **Wetlands Real Property Compensation Amount** calculated as follows:

        a.  The Oiled **Primary Area** shall be compensated at $25,000 per acre ("**Oiled Rate**").

        b.  The **Buffer Area** shall be compensated at $10,000 per acre ("**Buffer Rate**").

        c.  The **Non-Oiled Primary Area** shall be compensated at $11,000 per acre ("**Non-Oiled Rate**").

    vii.   **Eligible Parcels** in **Compensation Category B** shall be paid a **Wetlands Real Property Compensation Amount** calculated as follows:

        a.  The **Non-Oiled Primary Area** shall be compensated at $4,500 per acre ("**Non-Oiled Rate B**").   See <u>Appendix I</u> for an example calculation of **Wetlands Real Property Compensation Amount** on a hypothetical parcel in **Compensation Category B**.

    viii.   <u>Appendix J</u> provides examples of the calculation of the **Wetlands Real Property Compensation Amount**.

    ix.   **Eligible Parcels** shall be entitled to the minimum payments as outlined below. <u>Appendix K</u> provides an example of the calculation for a minimum **Wetlands Real Property Compensation Amount.**

027813

a. Parcels in **Compensation Category A** shall be compensated for a minimum of one acre of **Oiled Primary Area** and a minimum of one acre of **Buffer Area,** equal to a total of $35,000.

b.     Parcels in **Compensation Category B** shall be entitled to compensation for a minimum of one acre of **Non-Oiled Primary Area**, equal to $4,500.

D. An RTP of 2.5 shall be applied to the **Wetlands Real Property Compensation Amount**. For example, a hypothetical **Wetlands Real Property Compensation Amount** of $38,788 (refer to Appendix K), would receive an RTP equal to $96,970 for a total **Wetlands Real Property Compensation Amount** of $135,758 inclusive of RTP.

E. The **Wetlands Real Property Compensation Amount** shall be allocated as follows:

    i.     For an **Eligible Parcel** for which there is only one **Eligible Claimant**, the **Eligible Claimant** shall receive the entire portion of the **Wetlands Real Property Compensation Amount**.

    ii.     For an **Eligible Parcel** for which there is more than one **Eligible Claimant**, the **Wetlands Real Property Compensation Amount** shall be allocated based on the period of legal possession of the particular **Eligible Parcel** by each **Eligible Claimant** between April 20, 2010, and [the date of the Settlement Agreement]. The allocation shall be determined by dividing the **Wetlands Real Property Compensation Amount** by the number of days between April 20, 2010 and [the date of the Settlement Agreement] and then multiplying the result by the number of days each **Eligible Claimant** had legal possession of the **Eligible Parcel.**

    iii.     The Claims Administrator shall determine whether an **Eligible Claimant(s)** is the owner of an **Eligible Parcel**

**3. Physical Damage to Real or Personal Property**

A. **Physical Damage** shall be defined as any physical damage that occurred to an **Eligible Claimant's** real or personal property located on an **Eligible Parcel(s)** in connection with the DWH Spill response cleanup operations that were consistent with the National Contingency Plan or specifically ordered by the Federal On-Scene Coordinator or delegates thereof, with the exception of any damage claimed for intrusion of oil, dispersant or other substances onto the **Eligible Claimant's Eligible Parcel(s)**. Damages for claims of intrusion of oil, dispersants or other substances on an **Eligible Parcel** are addressed in Section 2. B. above.

   i.  Some examples of **Physical Damage** include but are not limited to **Physical Damage** that occurred to a dock, a building, a structure, appurtenances, a patio, or a deck located on an **Eligible Parcel** caused by a vehicle, machinery or equipment in use for DWH Spill response cleanup operations.

B. An **Eligible Claimant** must provide the Claims Administrator with satisfactory proof of all of the following items below in order to qualify to receive compensation for **Physical Damage**:

   i.  The claimant is an **Eligible Claimant**.

   ii.  The claimed **Physical Damage** occurred on an **Eligible Parcel**.

   iii.  The **Physical Damage** occurred between April 20, 2010 and the date the Economic Injury and Property Claim Settlement Agreement is executed by the parties.

   iv.  The condition of the real or personal property prior to the claimed physical damage.

   v.  The **Eligible Claimant** owned the real or personal property for which **Physical Damaged** is claimed at the time the damage occurred.  The Claims Administrator shall determine whether an **Eligible Claimant(s)** is the owner of the personal property.

   vi.  The **Physical Damage** was caused by DWH Spill response cleanup operations.

   vii.  For an **Eligible Claimant** claiming to have incurred costs to repair or replace the damaged property, evidence to establish that the costs were incurred by the **Eligible Claimant** and that they were reasonable and necessary.

   viii.  For an **Eligible Claimant** seeking compensation for costs not yet incurred to repair or replace the damaged property, a cost estimate and proof the costs are reasonable and necessary.

C. An **Eligible Claimant** must comply with the **Claim Form**, **Document Requirements** and **Verification Statement** listed in <u>Appendices E, F and G</u> in order to qualify to receive compensation for **Physical Damage**.

D. An **Eligible Claimant** who claims **Physical Damage** and satisfies Section 3. A, 3. B and 3. C above shall receive the lesser of the reasonable and necessary costs to repair or replace the damaged property.

    i. The Claims Administrator shall have the authority to verify the **Eligible Claimant's** estimate of repair and replacement costs, and to undertake an investigation to determine the reasonableness of the costs to repair or replace the damaged property, including obtaining an independent estimate.

    ii. In no event is an **Eligible Claimant** entitled to receive pursuant to this Section 3 damages for intrusion of oil, dispersants or other substances onto the **Eligible Claimant's Eligible Parcel(s)**. Compensation for claims of intrusion of oil, dispersants or other substances on an **Eligible Parcel** are addressed in Section 2. B above.

## 4. Federal and State Regulatory Requirements

A. Nothing in this **Compensation Framework for Coastal Real Property Claims** shall alter, expand, or reduce BP's obligations for cleanup, removal, spill response and remediation of real property under applicable federal, state, or local laws, regulations, orders, or agreements. **Eligible Claimant** shall acknowledge that any right to require any cleanup or remediation of the parcel shall not lie with the claimant, but solely with governmental authorities, and that the need for any cleanup or remediation, and the standards by which the need for or sufficiency of such remediation is decided, shall be determined by governmental regulators of the executive department in accordance with properly promulgated law, rules, regulations, orders or agreements. Such governmental regulators alone shall make such determinations, and the **Eligible Claimant** shall not employ regulatory proceedings as a means to seek the redress of claims, which are extinguished pursuant to this Settlement Agreement. It is expressly agreed that this acknowledgement of continued potential responsibility for governmental compliance on the part of the BP (and all other parties released) shall not grant the claimant any personal jurisdiction recourse with respect to the regulatory obligations of the released parties. In the event proceedings, formal or informal, occur before governmental authorities, the claimant agrees to cooperate fully with the released parties in addressing questions or concerns presented by such proceedings; the **Eligible Claimant** shall provide full and free access to the **Eligible Parcel** in connection therewith, and shall further cooperate with the released parties in undertaking and proposing by the released parties such remediation that the released parties deem most appropriate, desirable, and/or cost-effective in meeting regulatory requirements, irrespective of any personal claims,

027816

preferences, rights of use or similar considerations of the **Eligible Claimant**, it being understood that such personal claims and considerations fall within the scope of the claims released by the **Eligible Claimant**.

027817

**Compensation Framework for Wetlands Real Property Claims**
**Appendix A**
**Wetlands Real Property Compensation Zone Map**

The **Wetlands Real Property Compensation Zone Map** is found in a separate document.

027818

**Compensation Framework for Wetlands Real Property Claims**

**Appendix B**
**Criteria Used to Establish the Wetlands Real Property Claim Zone**

The following criteria were used to establish the **Wetlands Real Property Claim Zone**:

1. Areas directly intersected by the **SCAT Line**, regardless of whether or not the presence of oil was reported on that portion of the **SCAT Line**, depicted below:



2. Parcels in which an **NRD Pre-assessment**, **NRD Rapid Assessment**, and/or **NRD CWVA** reported the presence of oil, depicted below:



027819

3. Where there is a break in an otherwise continuous portion of a **SCAT Line**, BP and the PSC jointly selected parcels that would have likely been intersected by the **SCAT Line** if it had been continuous.



The zone geography is based on Tobin Digital Ownership maps published by P2 Energy Solutions in Cameron, Calcasieu, Iberia, St. Mary, Iberia, Lafourche, Jefferson, Plaquemines, and St. Bernard Parishes.  In Terrebonne Parish, the zone geography is based on parcel boundaries published by the Terrebonne Parish Tax Assessor.

027820

**Compensation Framework for Wetlands Real Property Claims**
**Appendix C**
**Eligible Parcel Compensation Category Map**

The **Eligible Parcel Compensation Category Map** is found in a separate document.

027821

**Compensation Framework for Wetlands Real Property Claims**

**Appendix D**

**Area of Potential Eligibility Map**

The **Area of Potential Eligibility Map** is located in a separate document.

027822

**Compensation Framework for Wetlands Real Property Claims**
**Appendix E**
**Wetlands Real Property Claim Form**

1. Are you claiming you are entitled to compensation for one or more parcels you <u>owned</u> during the time period April 20, 2010 to [the date of the Settlement Agreement] under the **Compensation Framework for Wetlands Real Property Claims**?

_____ Yes        _____ No

2. If you answered yes to Question 1, are you also claiming you are entitled to compensation for physical damage that occurred to your real or personal property located on your parcel(s) in connection with the DWH Spill response clean-up operations during the time period April 20, 2010 to [the date of the Settlement Agreement]?

_____ Yes        _____ No

*If you answered yes to any of the questions above, (i) answer the questions below, (ii) provide the documentation required in the* **Document Requirements** *form (Appendix F), and (iii) complete a* **Wetlands Real Property Verification Statement** *(Appendix G).*

3. What is the street address of the parcel(s)?

_____

_____

_____

_____

027823

4.  What is the tax assessment identification number of the parcel(s)?

    _____

    _____

    _____

    _____

    _____

5.  What is the parcel identification number of the parcel(s)?

    _____

    _____

    _____

    _____

    _____

*You must only answer the following questions if you claim you are entitled to compensation for physical damage that occurred to your real or personal property located on your parcel(s).*

6.  Identify and describe the real or personal property that you claim was physically damaged in connection with the DWH Spill response cleanup operations.

    _____

    _____

    _____

    _____

    _____

027824

7.  Describe the physical damage that you claim occurred to your real or personal property located on your parcel(s) in connection with the DWH Spill response clean-up operations.

_____

_____

_____

_____

_____

8.  Where on your parcel was your real or personal property located when the damage occurred?

_____

_____

_____

_____

_____

9.  When did the physical damage to your real or personal property occur?

_____

_____

_____

_____

_____

027825

10. Describe in detail what caused the physical damage to your real or personal property.

_____

_____

_____

_____

_____

11. If you know, were the DWH Spill response cleanup operations that you claim caused the physical damage to your real or personal property consistent with the National Contingency Plan or specifically ordered by the Federal On-Scene Coordinator or delegates thereof?

_____ Yes      _____ No        _____ I Don't Know

12. If you know, who caused the physical damage to your real or personal property?

_____

_____

_____

_____

_____

13. Describe the condition of the real or personal property prior to the damage you claim occurred.

_____

_____

_____

_____

027826

14. Did you own the real or personal property that you claim was damaged at the time the damage occurred?

_____ Yes        ____ No

15. Have you already incurred the cost to repair or replace the real or personal property that you claim was physically damaged?

_____ Yes        ____ No

16. If your answer to Question 15 is yes, please identify the following:

    a. Was the damaged property repaired or replaced?

    _____

    b. If the damaged property was replaced, state the reasons that the property was replaced instead of being repaired.

    _____

    _____

    _____

    c. If the damaged property was replaced, state the name and address of the individual or business from which the replacement was obtained and the cost you incurred to replace the property.

    _____

    _____

    _____

027827

d.  If the damaged property was repaired, state the name and address and telephone number of the individual or business that did the repairs, the cost you incurred to repair the property, and identify the repairs that were done.

_____

_____

_____

_____

_____

17. If the answer to Question 15 is no, please identify the following:

a.  State whether the damaged property can be repaired:

_____ Yes        ___ No

b.  If the damaged property can be repaired, have you obtained a cost estimate to repair the damaged property?

_____ Yes        ___ No

c.  If you have obtained a cost estimate to repair the damaged property, state the name address and phone number of the individual or entity that provided the cost estimate, what repairs are being done and the amount of the cost estimate for the repairs.

_____

_____

_____

_____

_____

027828

d.  If you claim that the damaged property cannot be repaired, explain the reasons for your claim.

_____

_____

_____

_____

_____

027829

**Compensation Framework for Wetlands Real Property Claims**
**Appendix F**
**Wetlands Real Property Claim Form**
**Document Requirements**

*To receive compensation under the* **Compensation Framework for Wetlands Real Property Claims** *you* <u>*must*</u> *provide copies of the documents described below.*

1.  Owners of parcel(s) seeking compensation under the **Compensation Framework for Wetlands Real Property Claims** must provide the following:

    a.  Official copy of the deed for the parcel for which you are seeking compensation.

        i.  To the extent a state, parish, municipality or other governmental agency agrees to provide the Claims Administrator with access to an official database sufficient for the Claims Administrator to confirm the claimant owned the parcel for which they are seeking compensation, the Claims Administrator need not require from the **Eligible Claimant** an official copy of the deed or official copy of the 2010 property tax assessment notice for the parcel for which they are seeking compensation.  Rather, the Claims Administrator is authorized to accept from the claimant the street address and tax identification number or parcel identification number for the **Eligible Parcel** for which they are seeking compensation as sufficient to satisfy this subpart, and the Claims Administrator will use the database to confirm the claimant's valid ownership during the time period April 20, 2010 to [the date of the Settlement Agreement].

    b.  Official copy of the 2010 property tax assessment notice.[5]

        i.  To the extent a state, parish, municipality or other governmental agency agrees to provide the Claims Administrator with access to an official database sufficient for the Claims Administrator to confirm the claimant owned the parcel for which they are seeking compensation, the Claims Administrator need not require from the **Eligible Claimant** an official copy of the deed or official copy of the 2010 property tax assessment notice for the parcel for which they are seeking compensation.  Rather, the Claims Administrator is

---

[5] In some counties, issuance of 2010 tax assessment notices may occur prior to April 20, 2010 such that the correct owner of the eligible parcel may not be reflected, (for example if notices were mailed January 2010 but ownership changed February 2010).  In such a case, a claimant may provide other documentation such as a copy of the real estate closing/settlement statement from a sale, in order to prove ownership.

027830

authorized to accept from the claimant the street address and tax identification number or parcel identification number for the **Eligible Parcel** for which they are seeking compensation as sufficient to satisfy this subpart, and the Claims Administrator will use the database to confirm the claimant's valid ownership during the time period April 20, 2010 to [the date of the Settlement Agreement].

c.   If you believe your parcel should be added to the **Wetlands Real Property Claim Zone** (see Section 1. E.), documentation showing a parcel contains the presence of oil pursuant to **SCAT** or by an official assessment conducted by the Natural Resource Trustees in connection with the DWH Spill.

d.   If your parcel is not identified in the **Wetlands Real Property Claim Zone** and should be (see Section 1. F. i.), an official document provided by the county tax assessor, Clerk of Court, Registrar of Lands or other governmental lands office or agency, or a professional survey of the parcel showing actual presence of the parcel within the **Wetlands Real Property Claim Zone.**

e.   If you believe the **Administrator's Database** does not list you as the owner of a parcel in the **Wetlands Real Property Claim Zone** that you own (see Section 1. G. i. - ii.), an official copy of the deed and the 2010 property tax assessment notice for the parcel.

f.   If you believe your parcel should be reclassified from **Compensation Category B** to **Compensation Category A** (see Section 1. H. i.), independent documentation in the form of a government or academic report, not commissioned by the **Eligible Claimant** or the **Eligible Claimant's** attorney or agent, with said independent documentation establishing that the **Eligible Parcel** contains the presence of oil released by the DWH Spill.

g.   Completed **Verification Statement**.

2.   Owners of parcel(s) seeking compensation for physical damage to real or personal property pursuant to Section 3. B. of the **Compensation Framework for Coastal Real Property Claims**, <u>must</u> provide the Claims Administrator proof of the items below. Proof may consist of documents, receipts, photographs, videotaped footage, a sworn statement from the claimant and sworn statements from a witness(es).

a.   The claimed physical damage to your real or personal property occurred on a parcel listed in the **Claim Form**.

b.   The physical damage occurred between April 20, 2010 and [date of settlement agreement].

027831

c.   The condition of the real or personal property prior to the claimed physical damage.

d.   You owned the real or personal property at the time the physical damage occurred.

e.   The physical damage was caused by DWH Spill response cleanup operations.

f.   If you claim to have incurred costs to repair or replace the damaged property, evidence to establish that the costs were incurred by you and that they were reasonable and necessary.

g.   If you are seeking compensation for costs not yet incurred to repair or replace the damaged property, a cost estimate and proof the costs are reasonable and necessary.

027832

**Compensation Framework for Wetlands Real Property Claims**
**Appendix G**
**Wetlands Real Property Verification Statement**

I, _____, owned my parcel during the period April 20, 2010 to [the date of the Settlement Agreement].

I declare and affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Signature

_____
Date

027833

**Compensation Framework for Wetlands Real Property Claims**
**Appendix H**
**Example of Wetlands Real Property Compensation Amount[6] on Hypothetical Parcel In Compensation Category A**



---

[6] The final compensation amount shown in this Appendix is exclusive of an RTP of 2.50.

027834

**Compensation Framework for Wetlands Real Property Claims**
**Appendix I**
**Example of Wetlands Real Property Compensation Amount[7] on Hypothetical Parcel in Compensation Category B**



---

[7] The final compensation amount shown in this Appendix is exclusive of an RTP of 2.50.

027835

**Compensation Framework for Wetlands Real Property Claims**
**Appendix J**
**Calculation Example of Wetlands Real Property Compensation Amount[8]**
**Example 1 – Compensation Category A: Parcels Documented as Oiled by SCAT**

| Key | Field | Formula | Values |
|---|---|---|---|
| A | Oiled SCAT Zone Length (ft) | | 1,500 |
| B | Oiled Primary Area Depth (Section 2. C. iii.) (ft) | | 50 |
| C | Oiled Primary Area (ft$^2$) | A x B | 75,000 |
| D | Oiled Primary Area (acres) | C / 43,560 ft$^2$ | 1.72 |
| E | Oiled Rate (Section 2. C. vi. a.) | | $25,000 |
| F | **Oiled Primary Area Compensation** | D x E | **$43,044** |
| G | Oiled Buffer Primary Area Depth (Section 2. C. iv.) (ft) | | 30 |
| H | Oiled Buffer Primary Area (ft$^2$) | A x G | 45,000 |
| I | Oiled Buffer Primary Area (acres) | H / 43,560 ft$^2$ | 1.03 |
| J | Buffer Rate (Section 2. C. vi. b.) | | $10,000 |
| K | **Oiled Buffer Primary Area Compensation** | I x J | **$10,331** |
| L | Non-Oiled SCAT Zone Length (ft) | | 1,800 |
| M | Non-Oiled Primary Area Depth (Section 2. C. v.) (ft) | | 30 |
| N | Non-Oiled Primary Area (ft$^2$) | L x M | 54,000 |
| O | Non-Oiled Primary Area (acres) | N / 43,560 ft$^2$ | 1.24 |
| P | Non-Oiled Rate (Section 2. C. vi. c.) | | $11,000 |
| Q | **Non-Oiled Primary Area Compensation** | O x P | **$13,636** |
| R | **Wetlands Real Property Compensation Amount** | F+K+Q | **$67,011** |

---

[8] The final compensation amount shown in this Appendix is exclusive of an RTP of 2.50.

027836

**Compensation Framework for Wetlands Real Property Claims**

**Appendix J**
**Calculation Example of Wetlands Real Property Compensation Amount[9]**
**Example 2 – Compensation Category B: Parcels not Documented as Oiled by SCAT**

| Key | Field | Formula | Values |
|:---:|---|:---:|---:|
| A | Oiled SCAT Zone Length (ft) | | - |
| B | Oiled Primary Area Depth (Section 2. C. iii.) (ft) | | 50 |
| C | Oiled Primary Area (ft$^2$) | A x B | - |
| D | Oiled Primary Area (acres) | C / 43,560 ft$^2$ | - |
| E | Oiled Rate (Section 2. C. vi. a.) | | $25,000 |
| F | **Oiled Primary Area Compensation** | D x E | **-** |
| G | Oiled Buffer Primary Area Depth (Section 2. C. iv.) (ft) | | 30 |
| H | Oiled Buffer Primary Area (ft$^2$) | A x G | - |
| I | Oiled Buffer Primary Area (acres) | H / 43,560 ft$^2$ | - |
| J | Buffer Rate (Section 2. C. vi. b.) | | $10,000 |
| K | **Oiled Buffer Primary Area Compensation** | I x J | **-** |
| L | Non-Oiled SCAT Zone Length (ft) | | 2,000 |
| M | Non-Oiled Primary Area Depth (Section 2. C. v.) (ft) | | 30 |
| N | Non-Oiled Primary Area (ft$^2$) | L x M | 60,000 |
| O | Non-Oiled Primary Area (acres) | N / 43,560 ft$^2$ | 1.38 |
| P | Non-Oiled Rate B (Section 2. C. vii. a.) | | $4,500 |
| Q | **Non-Oiled Primary Area Compensation** | O x P | **$6,198** |
| R | **Wetlands Real Property Compensation Amount** | F+K+Q | **$6,198** |

---

[9] The final compensation amount shown in this Appendix is exclusive of an RTP of 2.50.

027837

**Compensation Framework for Wetlands Real Property Claims**

**Appendix K**

**Calculation Example of Minimum Wetlands Real Property Compensation Amount[10]**

**Compensation Category A: Parcels Documented as Oiled by SCAT**

| Key | Field | Formula | Values |
|---|---|---|---|
| A | Oiled SCAT Zone Length (ft) | | 450 |
| B | Oiled Primary Area Depth (Section 2. C. iii.) (ft) | | 50 |
| C | Oiled Primary Area (ft$^2$) | A x B | 22,500 |
| D | Oiled Primary Area (acres) | C / 43,560 ft$^2$ | 0.52 |
| E | Minimum Oiled Primary Area (acres) - If Oiled Primary Area < 1 acre | | 1.00 |
| F | Oiled Rate (Section 2. C. vi. a.) | | $25,000 |
| **G** | **Oiled Primary Area Compensation** | E x F | **$25,000** |
| H | Oiled Buffer Primary Area Depth (Section 2. C. iv.) (ft) | | 30 |
| I | Oiled Buffer Primary Area (ft$^2$) | A x H | 13,500 |
| J | Oiled Buffer Primary Area (acres) | I / 43,560 ft$^2$ | 0.31 |
| K | Minimum Oiled Buffer Primary Area (acres) - If Oiled Primary Area < 1 acre | | 1.00 |
| L | Buffer Rate (Section 2. C. vi. b.) | | $10,000 |
| **M** | **Oiled Buffer Primary Area Compensation** | K x L | **$10,000** |
| N | Non-Oiled SCAT Zone Length (ft) | | 500 |
| O | Non-Oiled Primary Area Depth (Section 2. C. v.) (ft) | | 30 |
| P | Non-Oiled Primary Area (ft$^2$) | N x O | 15,000 |
| Q | Non-Oiled Primary Area (acres) | P / 43,560 ft$^2$ | 0.34 |
| R | Non-Oiled Rate (Section 2. C. vi. c.) | | $11,000 |
| **S** | **Non-Oiled Primary Area Compensation** | Q x R | **$3,788** |
| **T** | **Wetlands Real Property Compensation Amount** | G+M+S | **$38,788** |

---

[10] The final compensation amount shown in this Appendix is exclusive of an RTP of 2.50.

027838