# EXHIBIT 27

**EXHIBIT 27 TO
DEEPWATER HORIZON ECONOMIC AND PROPERTY DAMAGES
SETTLEMENT AGREEMENT DATED APRIL 18, 2012**

and

**EXHIBIT 19 TO
DEEPWATER HORIZON MEDICAL BENEFITS CLASS SETTLEMENT
AGREEMENT DATED APRIL 18, 2012**

1. Interim Class Counsel under the Economic Agreement and the Medical Settlement Agreement and BP's Counsel commenced negotiations on common benefit and/or Rule 23(h) attorneys' fees and costs on April 17, 2012, only after such Interim Class Counsel and BP's Counsel reached agreement on all of the material terms of the Economic Agreement and the Medical Settlement Agreement and delivered that information to the Court.

2. Subject to the provisions, conditions, and understandings set forth below, the BP Parties agree not to contest a joint request by Economic Class Counsel and Medical Benefits Class Counsel (collectively, the "Class Counsel") for, nor oppose an award by the Court for, a maximum award of $600,000,000 (Six hundred million US Dollars), as a payment of all common benefit and/or Rule 23(h) attorneys' fees, costs and expenses incurred at any time, whether before or after the date hereof, for the common benefit of members of the Economic Class and the Medical Class. If the Court awards less than the amount set out in this paragraph 2, the BP Parties shall be liable only for the lesser amount awarded by the Court. In no event shall the BP Parties be liable for any amount of common benefit and/or Rule 23(h) attorneys' fees, costs and/or expenses in excess of the amount agreed upon in this paragraph 2. The common benefit and/or Rule 23(h) attorneys' fees, costs and expenses awarded by the Court, subject to the limitations in the preceding sentence, shall be collectively referred to as the "Common Benefit Fee and Costs Award."

029289

2

3. The Common Benefit Fee and Costs Award shall cover any and all common benefit and/or Rule 23(h) attorneys' fees, costs and expenses that may be claimed against BP or any of the Released Parties by or on behalf of the Economic Class or the Medical Class, or any member thereof, or their current or former counsel, including attorneys' fees and costs pursuant to Fed. R. Civ. P. 23(h), Pretrial Order No. 9, and the Court's Order and Reasons As To The Motion To Establish Account And Reserve For Litigation Expenses, Rec. Doc. 5022, and amendments thereto, including Rec. Doc. 5064 and 5274 (collectively, the "Holdback Order").

4. The BP Parties shall make payments into the qualified settlement fund to be established pursuant to Section 5.16 of the Economic Agreement and Section XXII.S of the Medical Settlement Agreement (the "Common Benefit Fee and Costs Fund") as follows:

    a. The BP Parties shall make a non-refundable payment of $75 million (Seventy-five million US Dollars) (the "Initial Payment") into the Common Benefit Fee and Costs Fund on the first date on which all of the following have occurred: (i) 30 days have elapsed after the Court has granted preliminary approval of the Economic Agreement, and (ii) the Court has entered an Order modifying the Holdback Order to provide that it shall not apply to any Settlement Payments or Other Economic Benefits paid pursuant to the Economic Agreement or any Medical Settlement Payments or Other Medical Benefits pursuant to the Medical Settlement Agreement. Subject to the conditions in the preceding sentence, the Initial Payment from the Common Benefit Fee and Costs Fund shall be paid to Class Counsel pursuant to an order of the Court.

    b. From and after the date of the Initial Payment, through the earlier of the Effective Date under the Economic Agreement or the termination of the

029290

Economic Agreement, within 15 days after the end of each calendar quarter, the BP Parties shall irrevocably pay into the Common Benefit Fee and Costs Fund an amount equal to 6 % (six percent) of (i) the aggregate Settlement Payments paid under the Economic Agreement in respect of Claimants that have executed an Individual Release (or in the case of payments pursuant to the Transition Process, to Economic Class Members that execute a full release), together with (ii) the amount of Other Economic Benefits paid, in each case under the Economic Agreement during such calendar quarter (or, in the case of the first such payment, during the period from April 18, 2012 to the end of such calendar quarter, or during the period from and after February 26, 2012 pursuant to the Transition Process).

c. From and after the date of the Initial Payment, through the earlier of the Effective Date under the Medical Settlement Agreement or the termination of the Medical Settlement Agreement, within 15 days after the end of each calendar quarter, the BP Parties shall irrevocably pay into the Common Benefit Fee and Costs Fund an amount equal to 6 % (six percent) of the aggregate Other Medical Benefits paid under the Medical Settlement Agreement during such calendar quarter (or, in the case of the first such payment, during the period from April 18, 2012 to the end of such calendar quarter). If the Effective Date under the Medical Settlement Agreement occurs, the BP Parties shall irrevocably pay into the Common Benefit Fee and Costs Fund an amount equal to 6% (six percent) of the aggregate Medical

Settlement Payments paid under the Medical Settlement Agreement as and when such Medical Settlement Payments are made.

d. Notwithstanding anything to the contrary herein, (i) the BP Parties shall be entitled to credit the Initial Payment against the first $75 million of payments required under paragraphs 4b and 4c, and (ii) in no event shall the total amounts paid into the Common Benefit Fee and Costs Fund (including the Initial Payment and any additional amounts paid pursuant to paragraphs 4b and 4c) exceed $480,000,000 (Four hundred eighty million US Dollars) in the aggregate, unless and until the Effective Date under the Economic Agreement occurs (except as expressly set forth in paragraph 4g below with respect to certain Settlement Payments made from and after the termination of the Economic Agreement).

e. If the Effective Date under the Economic Agreement occurs, the BP Parties will irrevocably pay the remaining balance of the Common Benefit Fee and Costs Award into the Common Benefit Fee and Costs Fund on the first date (the "Final Fee and Costs Payment Date") on which both of the following have occurred: (i) 30 days have elapsed after the Effective Date under the Economic Agreement, and (ii) the Court has entered an order approving the Common Benefit Fee and Costs Award.

f. If the Medical Settlement Agreement is terminated prior to the occurrence of the Effective Date under the Medical Settlement Agreement, the BP Parties shall not be required to make any further payments whatsoever pursuant to paragraph 4c into the Common Benefit Fee and Costs Fund.

029292

g.  If the Economic Agreement is terminated prior to the occurrence of the Effective Date under the Economic Agreement, the BP Parties shall not be required to make any further payments whatsoever into the Common Benefit Fee and Costs Fund (other than payments pursuant to paragraph 4c in respect of the Medical Settlement Agreement) from and after the date of termination; <u>provided</u> that to the extent the BP Parties make Settlement Payments to Economic Class Members that filed Claims prior to the termination of the Economic Agreement, then within 15 days after the end of each calendar quarter thereafter, the BP Parties shall pay into the Common Benefit Fee and Costs Fund an amount equal to 6% (six percent) of the aggregate Settlement Payments paid under the Economic Agreement during such calendar quarter (less any payments made prior to the termination of the Economic Agreement); <u>and provided further</u> that, notwithstanding anything to the contrary herein in paragraph 4b or 4c or otherwise, in no event shall the total amounts paid into the Common Benefit Fee and Costs Fund at any time (including the Initial Payment, any additional amounts paid pursuant to paragraphs 4b and 4c, and any amounts paid pursuant to this paragraph 4g) exceed the amount of the Common Benefit Fee and Cost Award, in the aggregate.

5.  Prior to the Final Fee and Costs Payment Date, no amounts shall be paid by or out of the Common Benefit Fee and Costs Fund, other than (i) the Initial Payment, or (ii) from and after the occurrence of the Effective Date under the Medical Settlement Agreement, any payments to the Common Benefit Fee and Costs Fund that are or were made under paragraph 4c

above in respect of the Medical Settlement Agreement. If the Economic Agreement is terminated prior to the occurrence of the Effective Date, Economic Class Counsel may petition the Court for an order approving disbursement of amounts in the Common Benefit Fee and Cost Fund (and the BP Parties will not oppose any such petition). To the extent the Court enters an order approving disbursement of any or all amounts in the Common Benefit Fee and Cost Fund, such amounts in the Common Benefit Fee and Cost fund shall be paid to Class Counsel pursuant to the order of the Court. If Economic Class Counsel has not filed such a petition within 120 days after termination of the Economic Agreement, or if the Court denies such petition in whole or in part, or if the Court grants an order for disbursement of less than all amounts in the Common Benefit Fee and Cost Fund, then all remaining amounts in the Common Benefit Fee and Cost Fund shall promptly be repaid to the BP Parties.

6. The BP Parties, the Plaintiffs under the Economic Agreement (on behalf of themselves and the Economic Class Members), and the Medical Benefits Class Representatives under the Medical Settlement Agreement (on behalf of themselves and the members of the Medical Class) hereby stipulate and agree as follows:

    a. All payments into the Common Benefit Fee and Costs Fund are common benefit and/or Rule 23(h) fees, costs and expenses within the meaning of applicable law, including Fed. R. Civ. P. 23(h), Pretrial Order No. 9, and the Holdback Order;

    b. Upon the full payment of the Common Benefit Fee and Costs Award, BP and the Released Parties shall be immediately and fully discharged from any and all further liability or obligation whatsoever with respect to any and all common benefit and/or Rule 23(h) attorneys' fees, costs and expenses

      incurred by or on behalf of the Economic Class or the Medical Class, or any member thereof, in respect of, or relating in any way to, directly or indirectly, any and all Released Claims under the Economic Agreement, Released Claims under the Medical Settlement Agreement, the Action under the Economic Agreement, or the Medical Action.

c. Other than (i) the payments by the BP Parties of the Common Benefit Fee and Cost Award into the Common Benefit Fee and Cost Fund, and (ii) payments by the Common Benefit Fee and Costs Fund to Class Counsel pursuant to any order of the Court, neither BP nor any of the Released Parties, nor the Claims Administrator, the Claims Administration Staff, nor the Common Benefit Fee and Costs Fund shall have any liability whatsoever in respect of or for any attorney's fees, costs or expenses incurred by or on behalf of the Economic Class or the Medical Class, or any member thereof, or any of their current or former counsel in respect of the Released Claims under the Economic Agreement, the Released Claims under the Medical Settlement Agreement, the Action or the Medical Action, or by any other entity or person, including Halliburton or Transocean, in respect of any Released Claims or Assigned Claims under the Economic Agreement, Released Claims under the Medical Settlement Agreement or in any way relating to the Action or the Medical Action.

d. The BP Parties and Class Counsel agree to request, and will not contest or oppose, that the order approving the Common Benefit Fee and Costs Award will include the language set forth in this paragraph 6.

029295

8

7. Neither BP nor any of the Released Parties shall have any responsibility, obligation or liability of any kind whatsoever with respect to how the Common Benefit Fee and Costs Award is allocated and distributed among any counsel for the Economic Class or the Medical Class, or any member thereof, which allocation and distribution is the sole province of Class Counsel to recommend, and the Court to decide.

8. The Claims Administrator and the Claims Administration Staff shall be directed that, where a Claimant is represented by counsel, any Settlement Payment (a) shall be by check made payable to both the Claimant and his, her or its designated counsel ("Designated Counsel"), and (b) shall be made only after the receipt of a written acknowledgment by the Claimant and the Designated Counsel that funds received fully and finally satisfy any and all fees and costs in respect to representation of the Claimant by any counsel (including but not limited to any asserted by lien or privilege) in connection with the Claim and rights of such counsel to them.

9. "Economic Agreement" means the Deepwater Horizon Economic and Property Damages Settlement Agreement Dated April 18, 2012. Capitalized terms used but not otherwise defined herein have the meanings set forth in the Economic Agreement.

10. "Medical Action" means Plaisance, *et al*., individually and on behalf of the putative Medical Benefits Settlement Class v. BP Exploration & Production Inc., *et al*.

11. "Medical Settlement Agreement" means the Deepwater Horizon Medical Benefits Class Action Settlement Agreement dated April 18, 2012.

12. "Medical Settlement Payments" means payments of compensation for Specified Physical Conditions (as defined in the Medical Settlement Agreement) and payments in respect

029296

of visits of the Periodic Medical Consultation Program (as defined in the Medical Settlement Agreement).

13. "Other Economic Benefits" means payments under the Economic Agreement with respect to the Gulf Tourism and Seafood Promotional Fund and the Supplemental Information Program Fund.

14. "Other Medical Benefits" means payments under the Medical Settlement Agreement for the Gulf Region Health Outreach Program (as defined in the Medical Settlement Agreement).

15. "Other Settlement Benefits" means, collectively, Other Economic Benefits and Other Medical Benefits.

029297