UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG § | | MDL-2179 |
| "DEEPWATER HORIZON" § | | |
| in the GULF OF MEXICO, on § | | |
| APRIL 20, 2010 § | | SECTION "J" |
| § | | |
| THIS DOCUMENT RELATES TO: § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* § | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM REQUESTING CERTIFICATION
FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b)**

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who respectfully requests that this Court certify for interlocutory appeal the Court's Order dismissing Louisiana's claims under state law.  *See* 11/14/11 Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] [Rec. Doc. 4578] ("Order on the States' Actions").  Specifically, the State requests that the Court certify the question of whether a state may enforce civil penalties against a polluter under state law when an oil spill commencing in federal waters damages the natural resources of the state.

This Court previously rejected a motion by BP for an interlocutory appeal of the Court's decision in favor of punitive damages.  *See* 10/25/11 Status Conf. Trans. [Rec. Doc. 4399, at 50] (denying BP's Motion for Certification for Interlocutory Appeal Under 28 U.S.C. §1292(b) [Rec.

1

Doc. 4291]).[1]  As the Court correctly discerned, the exact same evidence would be presented against BP at the then-upcoming Limitation trial whether or not BP's appeal was successful.

The current situation is different.  The status of these proceedings presents appropriate timing for interlocutory appeal of this issue for a number of reasons.  First, the State is seeking review of its right to assess civil penalties for the discharge of oil.  If no immediate appeal occurs, the State will have no real role in the eventual penalty trial proposed by the United States.  This creates the risk that a successful appeal after a final decision by the District Court would result in another penalty trial years down the road.  Further, if state law preemption issues are not immediately resolved, the State risks adverse effects upon its discovery rights and rights to present evidence at trial in connection with the State's civil penalty claims.  It makes sense to take advantage of the delays associated with the class settlement proceedings to bring this issue to the Fifth Circuit Court of Appeals.

Second, an interlocutory appeal on the availability of state law claims would be in the interest of judicial efficiency because the issue is largely before the Fifth Circuit in connection with the Louisiana District Attorneys' appeal of the Order dismissing the state law claims of the local governmental entities.  *See In Re: Deepwater Horizon*, No. 12-30012. The Fifth Circuit will be briefed on this issue in the context of the District Attorney appeal.[2]  As this Court pointed out in its opinion, the District Attorneys' case has unique issues[3] and as such, a ruling on the merits of the local Louisiana governmental entities might not squarely address the State's civil penalty authority.  For example, as this Court suggested, the District Attorney claim may constitute an

---

[1] The State supported the request at that time to the extent it sought review of the ruling preempting the applicability of claims under state law.  *See* State of Louisiana's Memorandum in Support of Motion for Certificate of Appealability [Rec. Doc. 4359]
[2] Pursuant to the Briefing Notice, the District Attorneys'/Appellants' briefs are due May 14, 2012; Appellees' briefs are due on June 13, 2012; and Appellants' reply briefs are due June 27, 2012.  *See* 4/4/12 Briefing Notice, *In Re: Deepwater Horizon*, No. 12-30012 (5th Cir.) [Doc. 00511811082].
[3] *See* 12/9/11 Order and Reasons [As to the Local Government Entity Master Complaint and certain other cases within Pleading Bundle "C"] [Rec. Doc. 4845, at 7-8 n.5].

improper double recovery of NRDA damages. As a party, instead of amicus, the State's oil spill penalty power will necessarily be addressed.  Judicial efficiency is served by having both cases before the Fifth Circuit concurrently, and it is entirely proper for this MDL Court to consider the burdens on the Fifth Circuit.

Third, an interlocutory appeal would not delay any of the proceedings, because the original liability trial has been continued till January 14, 2013, due to the recent proposed settlement between BP and the PSC.[4]  Additional delays associated with a preliminary approval hearing, notice and comment as well as briefing associated with the final approval hearing are certainly possible.  For these reasons, the State of Louisiana respectfully requests that this Court certify the question of whether the State may impose civil penalties under state law against polluters of oil in this case for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

Certification for interlocutory appeal under 28 U.S.C. §1292(b) is appropriate where (1) the order at issue involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b).   Here, the requirements of §1292(b) are satisfied, making certification of the Order on the States' Actions appropriate. This Court found that the third prong of §1292(b), requiring that appeal materially advance the litigation, was not satisfied when deciding a similar motion. 10/25/11 Status Conf. Tr. 50:12-51:5, [Rec. Doc. 4399].  However, because of the changed landscape present in the litigation, the State's current request provides appropriate timing for certification of this issue.  At the time of the Court's ruling on BP's Motion for Certification for Interlocutory Appeal under 28 U.S.C.

---

[4] On Friday, March 2, 2012, the Court issued an Order adjourning the Phase One trial in light of a proposed class settlement between BP and the PSC:
> Because such a settlement would likely result in a realignment of the parties in this litigation and require  substantive changes to the current Phase 1 trial plan, and in order to allow the parties to reassess their respective positions.

[Rec. Doc. 5887].

§1292(b) [Rec. Doc. 4291], the Court found that an immediate appeal would not materially advance the ultimate termination of the litigation:

> I have given this a lot of thought. Obviously, I've read the briefs and now heard the arguments. I'm going to assume, for the sake of argument's sake of today, that the movant, BP, has made satisfactory showing that there is a controlling issue of law involved and that there is a substantial ground for difference of opinion about the question of law. But I think where this motion fails is on the third prong, that the third requirement for an interlocutory appeal under 1292(b) is that an immediate appeal will materially advance the ultimate termination of this litigation. For the reasons I've stated, it just seems to me that, obviously, this is not going to terminate the entire case, regardless of what the circuit would do, and it would not even terminate—I mean, it would not require a different trial with different parties and different issues. So, essentially, we would have the same trial with the same evidence and the same witnesses that needs to go forward beginning in February. So, for those reasons, I'm going to deny the motion by BP for interlocutory appeal.

10/25/11 Status Conf. Tr. 50:12-51:5, [Rec. Doc. 4399]. Given that BP wanted to appeal the Court's ruling in favor of punitive damages under maritime law, the Court found that the same trial would occur in any event. Since the Court made its ruling, however, significant events in the litigation have transpired, and Louisiana's request for appeal of the Court's conclusion that the State's authority to impose civil penalties in the context of this disaster, would substantially alter any civil penalty trial in the future. The proposed class provides a window of time that can be taken advantage of to seek clarification on this issue.

Courts have found that an immediate appeal from an order will materially advance the ultimate termination of the litigation, thus making it appropriate to certify a question pursuant to §1292(b), where the litigation was the type "which usually settles as soon as the parameters of legal liability are established." *See Collins v. Promark Prods., Inc.*, 763 F.Supp. 1206, 1208 (S.D.N.Y. 1991) (certifying of the question of whether the district court erred in denying its

4

motion to dismiss the third-party complaint against the United States in a case involving a claim against a manufacturer of a stump grinder to recover for injuries sustained while using the grinder). This case is the type that will benefit from resolution of the availability of State civil penalty authority because a final determination should facilitate settlement as all the parameters of legal liability will be established.

Here, BP has admitted to liability to the federal and state governments under the Oil Pollution Act ("OPA"). 10/18/10 Statement of BP Exploration & Production Inc. Re: Application of Limit of Liability Under Oil Pollution Act of 1990 [Rec. Doc. 559]. However, the Order on the States' Actions—holding that state law claims are preempted by OPA—leaves open the question of whether the Defendants' are liable for state law civil penalties under Louisiana's state civil penalty regime. If this holding was reversed on appeal, Louisiana could potentially recover hundreds of millions of dollars in civil penalties under the Louisiana Environmental Quality Act, La. R.S. 30:2025(E)(1)(a), making the availability of state law civil penalties a significant factor in settlement negotiations among the parties. If the question of the availability of claims for state law civil penalties was resolved on immediate appeal, a settlement would likely soon follow. Thus, an immediate appeal of the Order on the States' Actions would materially advance the ultimate termination of the litigation by progressing settlement negotiations between the remaining parties without causing delays in these proceedings.

Certifying the issue of preemption of state-law civil penalty claims for interlocutory appeal at this time would also serve the interests of judicial efficiency. This issue is only generally before the Fifth Circuit in the context of an appeal of the Court's Order on the Local Government Entity Master Complaint, [Rec. Doc. 4845], brought by the District Attorneys of various parishes. *See In Re: Deepwater Horizon*, No. 12-30012. To hear the State of

Louisiana's appeal would be an effective use of judicial resources and serve to further advance the ultimate termination of the litigation in a superior manner to just filing an amicus.

The proposed settlement between BP and the PSC has significantly altered the course of this case and has presented an opportunity to allow the Fifth Circuit to determine the viability of the State's civil penalty claims at a time that will best serve the interests of the parties as well as the Court. For these reasons, the State of Louisiana respectfully requests that this Court certify the Order on the States' Actions for interlocutory appeal pursuant to 28 U.S.C. §1292(b).

**Certificate of Non-Support.**

Pursuant to Pretrial Order No. 11/Case Management Order No. 1, section X, the undersigned counsel contacted PSC Liaison Counsel and hereby certifies that the PSC does not support the filing of this motion. *See* Pretrial Order No. 11, at 13, Oct. 19, 2010. [Rec. Doc. No. 569].

Dated this 3rd day of May, 2012.

Respectfully submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL<br><br>James Trey Phillips<br>First Assistant Attorney General<br>Megan K. Terrell<br>Assistant Attorney General<br>Section Chief –Environmental<br>State of Louisiana<br>P.O. Box 94005<br>Baton Rouge, LA 70804-9005<br>Telephone: (225) 326-6708<br><br><br>HENRY DART,<br>ATTORNEYS AT LAW P.C. | KANNER & WHITELEY, LLC<br><br>/s/ Allan Kanner<br>Allan Kanner<br>Elizabeth B. Petersen<br>David A. Pote<br>Douglas R. Kraus<br>Allison M. Shipp<br>701 Camp Street<br>New Orleans, LA 70130<br>Telephone: (504) 524-5777<br>**Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana**<br><br>USRY, WEEKS, &<br>MATTHEWS, APLC |

| | |
|---|---|
| /s/ Henry T. Dart | /s/ T. Allen Usry |
| Henry T. Dart | T. Allen Usry |
| Grady J. Flattmann | 1615 Poydras St. |
| 510 N. Jefferson St. | Suite 12 |
| Covington, LA 70433 | New Orleans, LA 70112 |
| Telephone: (985) 809-8093 | Telephone: (504) 592-4641 |
| **Special Counsel for Plaintiff** | **Special Counsel for Plaintiff** |
| **Attorney General, State of Louisiana** | **Attorney General, State of Louisiana** |
| | |
| SHOWS, CALI, BERTHELOT & WALSH, LLP | MARTEN LAW, PLLC |
| | /s/ Bradley M. Marten |
| /s/ E. Wade Shows | Bradley M. Marten |
| E. Wade Shows | Linda R. Larson |
| 628 St. Louis Street | 1191 Second Avenue |
| Baton Rouge, LA 70802 | Suite 2200 |
| Telephone: (225) 346-1461 | Seattle, WA 98101 |
| **Special Counsel for Plaintiff** | (206) 292-2600 |
| **Attorney General, State of Louisiana** | **Special Counsel for Plaintiff** |
| | **Attorney General, State of Louisiana** |

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum Requesting Certification for Interlocutory Appeal Under 28 U.S.C. §1292(b) has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3rd day of May, 2012.

                                          Kanner & Whiteley, L.L.C.

                                          /s/ Allan Kanner
                                          Allan Kanner
                                          a.kanner@kanner-law.com