# EXHIBIT 2 IN SUPPORT OF

# MEMORANDUM IN SUPPORT OF
# UNITED STATES' UNOPPOSED MOTION
# FOR ENTRY OF CONSENT DECREE



UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re:** Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "*Deepwater Horizon*" | * | |
| In the Gulf of Mexico, | * | SECTION: J |
| on April 20, 2010 | * | |
| | | |
| **This Document Relates to:** | | JUDGE BARBIER |
| *U.S. v. BP Exploration* | | MAGISTRATE JUDGE SHUSHAN |
| *and Prod. Co. et al*, No. 2:10-cv-04536 | | |
| * * * * * * * * * * * * * * | | |

**CORRECTED RESPONSES TO THE UNITED STATES' JUNE 10, 2011 FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION TO MOEX OFFSHORE 2007 LLC**

**GENERAL OBJECTIONS**

1. Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, Defendant MOEX Offshore 2007 LLC ("Offshore"), through its undersigned counsel, objects to the United States' First Set of Interrogatories, Requests For Production of Documents,[1] and Requests For Admission to MOEX Offshore 2007 LLC (collectively "Requests"), served on Offshore on June 10, 2011, including the accompanying definitions and instructions, insofar as they conflict with, or purport to impose obligations beyond those of the Federal Rules of Civil Procedure or the Rules and Orders of this Court. Offshore will respond to the United States' Requests in accordance with such Rules and Orders.

2. Offshore objects to the Requests to the extent they seek documents or information outside the scope of Pretrial Order No. 11, which provides that Phase I Discovery "will be focused on the activities and events leading up to and including [the] April 20, 2010 Macondo well incident and resulting explosion, fire and loss of the rig. Discovery will also

---

[1] Although the United States titled its discovery requests as a collective "first set," it previously served its First Set of Requests for Production to Offshore on April 29, 2011.

500879820v12

**REQUEST FOR ADMISSION NO. 9:**

*Admit that throughout the entire time that oil flowed from the Macondo Well following the April 20, 2010 Incident to the date of the capping of the Well, You were a lessee of the Macondo Prospect where the Macondo Well is located.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Offshore incorporates its General Objections. Subject to and without waiving the foregoing objections, Offshore admits that for the period from April 20, 2010 to May 20, 2011, it held a 10% leasehold interest in the Macondo Prospect where the Macondo Well is located.

**REQUEST FOR ADMISSION NO. 10:**

*Admit that You paid invoices from BP for the costs of the components that were installed in the Macondo Well, including the strings of casing, cement, production casing, casing hanger, casing accessories, and the well head.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Offshore incorporates its General Objections. Subject to and without waiving the foregoing objections, Offshore denies that it paid invoices from BP for the costs of the components that were installed in the Macondo Well, including the strings of casing, cement, production casing, casing hanger, casing accessories, and the well head. Offshore paid invoices from BP consistent with its percentage participation in the Macondo Prospect. Offshore is unaware of any agreement or transaction giving it an ownership interest in the Macondo Well or any of its components or associated equipment.

**REQUEST FOR ADMISSION NO. 11:**

*Admit that You are a partial owner of the components that were installed in the Macondo Well, including the strings of casing, cement, production casing, casing hanger, and the well head*

identified in "(i)," *supra,* in the BP data room prior to executing the Lease Exchange Agreement and Operating Agreement identified in response to Interrogatory No. 19 and 21. As Naoki Ishii, President of Offshore, testified during his deposition, however, Offshore was unable to obtain a detailed well design for the Macondo Well. *See, e.g.*, Ishii Tr. At 104-18.

**REQUEST FOR ADMISSION NO. 14:**

*Admit that You were given access to all the real-time data from the Macondo Well that was available in Halliburton Sperry Sun's INSITE Anywhere program*

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Offshore incorporates its General Objections. Subject to and without waiving the foregoing objections, Offshore admits that it was given access to some data from the Macondo Well that was available in Halliburton Sperry Sun's INSITE Anywhere program, but Offshore lacks knowledge or information, after reasonable inquiry, as to whether the data it was given access to comprised "all the real-time data from the Macondo Well that was available in Halliburton Sperry Sun's INSITE Anywhere program." Offshore further responds that it did not routinely access the data available to it in Halliburton Sperry Sun's INSITE Anywhere program, and that it had no duty to do so. Offshore further denies that the data to which it had access were sufficient to, or were intended to allow it to, make operational decisions regarding the Macondo Well. Even BP's John Guide testified that "if [he], as the wells team leader, couldn't make conclusions based on the Sperry-Sun real-time data because [he] didn't know how things were lined up on the rig, [he] wouldn't expect that Anadarko or MOEX would be able to form any conclusions from their access to that real-time data." Offshore further denies that Offshore made any such operational decisions or had the right or authority to do so.

11

**REQUEST FOR ADMISSION NO. 15:**

*Admit that BP gave You access to daily operations reports, pore pressure fracture gradient reports, geologic reports, and all other Information about the Macondo Well posted in Halliburton's Wellspace program.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Offshore incorporates its General Objections.  Offshore also objects to this Request because the phrase "pore pressure fracture gradient reports" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Offshore admits that it had access to certain operational reports from BP and/or its contractors through Halliburton's Wellspace program, which were received a day after the relevant operations were completed.  Offshore, however, denies that it had access to "all other information about the Macondo Well posted in Halliburton's Wellspace program."  On information and belief, Offshore asserts that there were sections of Halliburton's Wellspace program to which it did not have access.  Offshore further denies that the data to which it had access were sufficient to, or were intended to allow it to, make operational decisions regarding the Macondo Well; denies that Offshore made any such operational decisions; and denies that Offshore had the right or authority to do so.

**REQUEST FOR ADMISSION NO. 16:**

*Admit that at least one MOEX employee, consultant, or contractor was assigned to monitor drilling operations at the Macondo Well.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Offshore incorporates its General Objections.   Offshore also objects to this Request because the undefined phrase "monitor" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Offshore admits that a contractor, pursuant to the terms of a service agreement identified in response to Interrogatory No. 29, periodically viewed data provided by BP for the purposes of tracking drilling progress versus drilling plans and costs of

12

the operation versus budget.  Offshore denies that this information was sufficient to, or was intended to allow it to, make operational decisions regarding the Macondo Well, that Offshore made any such operational decisions, or that Offshore had the right or authority to do so.

**REQUEST FOR ADMISSION NO. 17:**

*Admit that You received regular summaries of drilling operations from an MOEX employee, consultant, or contractor about operations at the Macondo Well.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Offshore incorporates its General Objections.  Offshore also objects to this Request because the undefined phrase "summaries of drilling operations" is vague and ambiguous.  Subject to and without waiving the foregoing objections, Offshore admits that a contractor, pursuant to the terms of a service agreement identified in response to Interrogatory No. 29, periodically viewed data provided by BP regarding events that had already occurred and sent Offshore summaries containing drilling data (*see, e.g.*, DWHMX00428594-693), for the purposes of tracking drilling progress and costs of the operation versus budget.  Offshore denies that this information was sufficient to, or was intended to allow it to, make operational decisions regarding the Macondo Well, that Offshore made any such operational decisions, or that Offshore had the right or authority to do so.

**REQUEST FOR ADMISSION NO. 18:**

*Admit that You, through Your employees, consultants or contractors, suggested that BP take specific actions regarding operations at the Macondo Well*

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Offshore incorporates its General Objections.  Subject to and without waiving the foregoing objections, Offshore denies that it, through its employees, consultants or contractors, suggested that BP take specific actions regarding operations at the Macondo Well.

13

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Offshore incorporates its General Objections. Subject to and without waiving the foregoing objections, Offshore denies that document Bates no. DWHMX00000277 is a true, complete and accurate copy of the second Supplemental Authorization for Expenditure. DWHMX00000277 is a copy of the first Supplemental Authorization for Expenditure identified in Request for Admission No. 23.

**REQUEST FOR ADMISSION NO. 25:**

*Admit that document Bates no. DWHMX00000293 is a true, complete and accurate copy of the Authorization for Expenditure for the Production Casing and Lock Down Sleeve purchase and installation.*

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Offshore incorporates its General Objections. Subject to and without waiving the foregoing objections, Offshore denies that the Authorization for Expenditure referenced as document Bates no. DWHMX00000293 was for the purchase of the Production Casing and Lock Down Sleeve. Offshore paid invoices from BP consistent with its percentage participation in the Macondo Prospect. Offshore is unaware of any agreement or transaction giving it an ownership interest in the Macondo Well or any of its components or associated equipment.

**RESPONSE TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

*Identify each and every person who participated in answering these interrogatories, indicating the number of each interrogatory for which each person supplied Information.*

16

the attorney work product doctrine, the common interest doctrine or any other applicable privilege or protection.  Offshore also objects to this Request to the extent it goes beyond the Casualty, Spill and Limitations issues as identified in Pretrial Order No. 11 and is inconsistent with the July 8, 2011 Stipulation and Agreed-Upon Order Regarding "Alter Ego" Or "Veil Piercing" Claims Against MOEX USA Corporation and Mitsui Oil Exploration Co., Ltd. (Doc. 3208).  Offshore objects to this Request because it seeks all Information identified in response to the United States' Interrogatories 1-35, but the United States propounded a different number of Interrogatories to Offshore.  Subject to the foregoing objections and those stated in its prior responses to requests for documents, and without waiving the same, Offshore has produced all documents that are subject to this Request.

Dated:  August 1, 2011

/s/ John F. Pritchard_____
John F. Pritchard
john.pritchard@pillsburylaw.com
Edward Flanders
edward.flanders@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, NY 10036-4039
Telephone (212) 858-1000
Facsimile (212) 858-1500

Christopher McNevin
chrismcnevin@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone (213) 488-7507
Fax (213) 629-1033

**ATTORNEYS FOR MOEX OFFSHORE 2007 LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing Corrected Objections and Responses of Defendant MOEX Offshore 2007 LLC to the United States' First Set of Requests for Production dated June 10, 2011 has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 2nd day of August, 2011

                                                                                   _____/s/_____
                                                                                      John F. Pritchard