UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * * | MDL NO. 2179 "J"(1) JUDGE BARBIER MAGISTRATE SHUSHAN |
| THIS DOCUMENT APPLIES TO: Case No. 12-311 | * * * * | JURY TRIAL DEMANDED |

**LIBERTY INSURANCE UNDERWRITERS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO F.R.C.P. 12(c)**

Pursuant to Federal Rule of Civil Procedure 12(c), Liberty Insurance Underwriters, Inc. ("Liberty") moves the Court to enter judgment on the pleadings dismissing all claims asserted by Cameron International Corporation ("Cameron") on the following grounds, as more fully explained in Liberty's accompanying memorandum, which is incorporated by reference and adopted herein:

1.

Cameron filed this lawsuit seeking coverage under an excess insurance policy issued by Liberty with effective dates of July 1, 2009 to July 1, 2010 ("Liberty Excess Policy" or the "Policy"). *See* Liberty Excess Policy, Exh. A to Liberty's Memorandum. Cameron seeks coverage for amounts paid in settlement with BP in the *Deepwater Horizon* Litigation and for Cameron's defense costs following the settlement. Cameron also seeks damages, penalties, and attorney fees under Louisiana and Texas law for Liberty's alleged bad faith.

2.

Cameron's settlement with BP is not covered under the Liberty Excess Policy for two distinct reasons. First, the Liberty Excess Policy, by its unique express terms, is excess of "any type of . . . indemnification or other mechanism by which an insured arranges funding of legal liabilities." Because Cameron had a right to indemnity from Transocean, the extent of which has not been determined, the Liberty Excess Policy is not triggered. Cameron's claims fail this threshold coverage issue and should be dismissed.

3.

Second, even if coverage were triggered, Cameron is precluded from recovery under the Liberty Excess Policy. Cameron waived Liberty's subrogation rights against BP without Liberty's consent – rights which Cameron had no right to waive. This impairment of Liberty's subrogation rights extinguished Cameron's rights under the Liberty Excess Policy, as a matter of law, requiring dismissal of Cameron's claims.

4.

Further, the Liberty Excess Policy does not cover Cameron's defense costs incurred in Cameron's continued defense of the *Deepwater Horizon* Litigation. The Liberty Excess Policy, by its plain terms, negates any duty to defend or to pay such defense costs. Accordingly, Cameron's claims for recovery of its defense costs must be dismissed.

5.

Finally, Cameron's bad faith claims fail as a matter of law because (1) absent coverage, there can be no bad faith claim; and (2) independently, Cameron's allegations do not state a bad faith claim under Texas law or Louisiana law.

6.

For the following reasons, Liberty Insurance Underwriters, Inc. requests that the Court grant its Motion For Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) and enter judgment in its favor dismissing with prejudice all claims and causes of action asserted by Cameron.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana 70112
504-589-9700 (Telephone)
504-589-9701 (Facsimile)

**OF COUNSEL:**

Christopher W. Martin
Federal I.D. 13515
Gary L. Pate
Federal I.D. 29713
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

And

Paul R. Koepff
Federal I.D. PK8452
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
212-710-3900 (Telephone)
212-710-3950 (Facsimile)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Motion for Judgment on the Pleadings Pursuant to F.R.C.P. 12(c) has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of May, 2012.

/s/ Judy Y. Barrasso