UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In Re: Oil Spill by the Oil Rig "Deepwater Horizon"on the Gulf of Mexico, on April 20, 2010

MDL No. 2179

Section J.

THIS DOCUMENT RELATES:

*All Cases and 2:10-CV-2771*

JUDGE BARBIER
MAGISTRATE JUDGE SHUSHAN

_____/

## MEMORANDUM IN SUPPORT OF MOTION FOR ACCEPTANCE OF LIMITATION SHORT FORM JOINDERS FILED BEYOND THE SEPTEMBER 16, 2011 DEADLINE

NOW INTO COURT, through the undersigned counsel come various Claimants ("the Claimants") who file their Memorandum in Support of the accompanying Motion for Acceptance of Limitations Short Form Joinders Filed Beyond the September 16, 2011 Deadline. Attached to the foregoing Motion is Exhibit A, a list of all Claimants' Short Form Joinders. The Claimants seek this Honorable Court's permission to accept their post-deadline claims in the limitation proceeding for the following reasons:

1.   As Claimants were unaware of the Court established September 16, 2011 deadline, or had not fully realized their damages, they did not timely file in the Transocean limitation proceeding.

2.   No prejudice will result from the acceptance of the late filings. Such filings have been filed in the Court-established filing system under the action 2:10-cv-0888-CJB-SS. No action has been taken in the limitation proceeding which could cause prejudice to any other party to the proceeding.

3. Supplemental Admiralty Rule 14(f) gives the Court discretion to permit the late filing of claims in limitation proceeding. Where no prejudice could be suffered by plaintiffs in the limitation proceeding, the acceptance of late filed claims should be allowed where equitable reasons are shown. *Texas Gulf Sulfur Co. v. Blue Stack Towing Co.*, 313 F.3d 359, 362 (5th Cir. 1963) ("[S]o long as rights of the parties are not adversely affected, the court will freely grant permission to file late claims."); *In re Gladiator Marine, Inc.*, No. 98-2037, 1999 WL 387121 (E.D. La. June 7, 1999) (*citing Golnoy Barge Co. v. M/T Shinoussa*, 980 F.2d 349, 351 (5th Cir. 1993)). Here there are no indications that any limitation plaintiff would be adversely affected or suffer any prejudice if these post-deadline claims are deemed timely.

4. Limitation has not been determined and there is no prejudice to the limiting parties or other defendants.

For these reasons, Claimants respectfully request that the Court accept their post-deadline short forms and grant the accompanying Motion for Acceptance of Limitation Short Form Joinders of Filed Beyond the September 16, 2011, Deadline.

Respectfully submitted:

Kevin I. Goldberg
Goldberg, Finnegan & Mester, LLC
1010 Wayne Avenue, Suite 950
Silver Spring, Maryland 20910
Telephone: (301) 589-2999
Facsimile: (301) 589-2644
kgoldberg@gfmlawllc.com

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that the above and foregoing Memorandum in Support of Motion for the Acceptance of Limitation Short Form Joinders Filed Beyond the September 16, 2011 deadline and the Proposed Order granting Motion for the Acceptance of Limitation Short Form Joinders have been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the forgoing were electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System which will send notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th Day of May, 2012.

        Kevin I. Goldberg
        Goldberg, Finnegan & Mester, LLC
        1010 Wayne Avenue, Suite 950
        Silver Spring, Maryland 20910
        Telephone: (301) 589-2999
        Facsimile: (301) 589-2644
        kgoldberg@gfmlawllc.com