

**DALLAS** HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax

GodwinRonquillo.com

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:     214.939.4412
DIRECT FAX:      214.939.4803
DGodwin@GodwinRonquillo.com

May 3, 2012

**VIA EMAIL: Sally_Shushan@laed.uscourts.gov**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

> Re:   *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on
> April 20, 2010,* MDL-No. 2179 – Enforcement of the Court's January 20, 2012
> Order re Spoliation Sanctions [Rec. Doc. 5307].

Dear Judge Shushan:

Halliburton Energy Services, Inc. ("HESI") submits this Response to BP's Letter Brief,
dated March 1, 2012, and respectfully shows the Court that HESI has complied in all respects
with the Court's Order Regarding BP's Motion for Spoliation Sanctions, Rec. Doc. 5307 (the
"Order").   HESI has turned over all relevant computers or imaged hard drives to Captain
Engelbert.   Elysium's analysis is near completion, and although the modeling has not been
located, it is HESI's understanding that the analysis is continuing.   Despite HESI's compliance
with the Order, BP now requests a course of conduct by HESI that is neither contemplated by the
Order, necessary, nor authorized by the applicable legal authorities referenced below.

## BACKGROUND

The Order requires BP and HESI to "meet-and-confer on whether the [Displace 3D]
modeling can be replicated." *See* Order at 3.   BP's Letter Brief incorrectly suggests that HESI
has not complied with the Order because it has not agreed to perform Displace 3D modeling.   To
the contrary, HESI has complied with the Order by conferring with BP and offering the
following:

> (1)   HESI will provide the Displace 3D inputs utilized by Mark Savery, to the best of
> his recollection;

May 3, 2012
Page 2

(2)     HESI will verify that best efforts were used to come as close as possible to recreating the inputs;

(3)     HESI will provide the proper equipment and software to allow BP to run its analysis; and

(4)     HESI will provide contact information for Tommy Roth's counsel so that BP can request directly that Mr. Roth certify if the output replicates the Displace 3D output he allegedly reviewed.

*See* Ex. A.  BP requests that HESI actually run the Displace 3D modeling for BP and confirm with Tommy Roth that the output of this modeling replicates the deleted modeling.  The Order, however, does not require that HESI comply with either of these demands, nor should it.[1]

## ARGUMENT

BP's position appears to be that it is incapable of inputting data into a software program and running it.  As the Court may recall, the parties have been in a similar position with respect to OptiCem modeling.  In that instance, HESI agreed to provide OptiCem software for BP's use per the Iron Mountain Escrow Agreement.  Notably, HESI was not required to run the OptiCem modeling for BP.  Bruce Bowman, counsel for HESI, suggested to Phillip Chen, counsel for BP, that a similar arrangement could be worked out with regard to the Displace 3D software.  *See* Ex. A ("we have and continue to offer to give you the inputs Savery used to run the model and let you run the model along the same lines as you previously did with Opticem").  BP offers no compelling reason why that same process cannot go forward with the Displace 3D software. Indeed, despite the underlying premise for its position, BP has not argued that it is not capable of running the Displace 3D program on its own; it simply wants HESI to do it.

BP relies on *Eulich v. United States*, No. 3:99-CV-1842-L2009, 2009 U.S. Dist. LEXIS 81149 (N.D. Tex. Sept. 4, 2009), for the proposition that HESI did not fulfill its duty of making good faith, reasonable efforts to comply with the Order.  *Eulich* is in no way similar to this case. In *Eulich*, the government sought to hold the defendant in contempt because he failed to produce documents requested by the IRS and ordered by the court.  *Id.* at *4.  Because *Eulich* did not do *anything* in response to the court's enforcement order, the court found that he failed to make all reasonable efforts to comply with the court's order.  *Id.*  In sharp contrast, HESI has turned over the computers and hard drives and has fully cooperated with Captain Engelbert and Elysium.

---

[1]  The Displace 3D software was a new product in 2010 and was not used by HESI on the Macondo project prior to the Incident.  Accordingly, any modeling that utilized Displace 3D software after the Incident is completely irrelevant to this litigation.  As explained on p. 9 of HESI's Response in Opposition to BP's Motion for Spoliation Sanctions, the OptiCem software (which was actually used by HESI prior to the Incident) and the Displace 3D software show two totally different types of channeling, and only OptiCem models Gas Flow Potential.

May 3, 2012
Page 3

HESI also offers the inputs used by Mark Savery, to the best of his recollection, as well as access to the software and equipment necessary for BP to run the modeling. *See supra*.

Further, HESI is under no discovery obligation to create a Displace 3D report or analysis for the benefit of any other party. *See Alexander v. FBI*, 194 F.R.D. 305, 310 (D. D.C. 2000) (defendant "not required 'to prepare, or cause to be prepared,' new documents solely for their production" where defendants did not possess the documents sought by plaintiffs) (citation omitted); *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 U.S. Dist. LEXIS 17857 (D. Colo. Feb. 8, 2010) (defendants' motion for protective order granted in part because plaintiffs sought documents that no longer existed or would require defendants to recreate responsive documents; it is "well-settled that a responding party's obligations under Rule 34 do not extend to non-existent materials") (collecting cases); *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL-DJW, 2007 U.S. Dist. LEXIS 6313, at *16-17 (D. Kan. Jan. 24, 2007) (defendant not required to produce responsive documents in a particular form if defendant no longer has the document in that form: "Plaintiffs do not cite any law in which a court has compelled a party to produce information or a report in a particular format or to recreate a report for the requesting party"); *Ransom v. Johnson,* No. 1:05-00086, 2009 U.S. Dist. LEXIS 31513 at *24 (E.D. Cal. Apr. 13, 2009) (defendant not required to take photographs to create evidence for plaintiff just because the defendant had access to a camera); *Brew v. Johnson,* No. 1:04-cv-05445, 2008 U.S. Dist. LEXIS 18721 at *38 (E.D. Cal. Mar. 11, 2008) (defendant not required to create a written transcript of an audio recording for plaintiff's benefit). Although Displace 3D modeling is not relevant to any issue in this litigation, HESI agrees to produce the information in its possession necessary to allow BP to run its own modeling using the Displace 3D software, and this is all that should be required. Indeed, this approach is consistent with the approach taken by other courts under similar circumstances. *See, e.g. Black & Veatch Int'l Co. v. Foster Wheeler Energy Corp.*, No. 00-2402-JAR, 2002 U.S. Dist. LEXIS 9685, at *3, 14 (D. Kan. May 2, 2002) (where interim design calculations no longer existed, the court ordered the responding party to produce information necessary for the requesting party to run the input files itself and recreate the specific design calculations).

With respect to a certification by Tommy Roth, BP is aware that he is represented by separate counsel and that HESI cannot obtain any certification or discuss anything with Mr. Roth, without his personal counsel's consent. *See* Ex. A. HESI has provided BP with Mr. Roth's counsels' contact information, and BP is free to seek the certification directly from Mr. Roth's counsel if it so desires.

For the foregoing reasons, the Court should deny BP's request.

May 3, 2012
Page 4

Respectfully yours,

Donald E. Godwin

DEG:mn