

SPECIALTY WOOD PRODUCTS

Harry Wilk
Woodworker & President
4925 Everhart, Suite 108
Corpus Christi, TX 78411
Phone 877-225-0521
email: hwilk@eureka-business.com
www.eureka-business.com



RECEIVED APR 20 2012 CHAMBERS OF U.S. DISTRICT JUDGE CARL J. BARBIER

The Original Home of America's Finest Woodworking Business Opportunity

April 19, 2012

Honorable Carl J. Barbier
500 Poydras Street
Room C256
New Orleans, LA 70130

Ref: Proposed Economic and Property Damages Settlement Agreement for the Deepwater Horizon incident filed April 18, 2011
Claimant: 01055092, Eureka Woodworks, Inc.

Dear Judge Barbier:

I am writing to you to express my views on the proposed settlement agreement filed with your court April 18, 2012.

My company, Eureka Woodworks, Inc., manufacturers and sell high quality but affordable beach furniture all along the Gulf coast since 2002. The business started in my garage and grew to a full-fledged manufacturing facility with 100's of customers all along the Gulf Coast. From 2006 through 2009 we grew and average of 70.33% per year and through the first 4 months of 2010 we were still up in sales in spite of the worst economic situation since the Great Depression. Due to the BP Oil Spill, our sales plummeted and have never recovered. We filed our claims, over 3000 pages of documents, with BP and then the GCCF and we were offered a woefully short final offer of $376,000 in January 2012 which we turned down and subsequently filed an interim claim for 2010 and received another woefully short payment of $176,000 in April 13, 2011. We have also filed for an interim payment for 2011 and have yet to receive a determination on that filing. Our proven damages based on past sales history are in excess of $3,000,000. I have attached a copy of the Final Offer and Interim Payment information from the GCCF for your review.

While I am glad that the court is taking over the claims process and hopefully it will be much fairer and moves much faster, my concern is that because my company is located in Corpus Christi, TX (Nueces County on the Gulf Coast) that we are excluded from the class because of our location and not the viability of our claim. My business, which depends on the Gulf Coast, was devastated by the BP Oil Spill and just because my location is outside the proposed settlement, I am excluded from the class. BP and GCCF agreed that I was damaged as evidenced by the claim offers and payments.

What are companies like mine to do, sue BP? Should there not be a process to assist companies like mine as part of this settlement?

I know that there are 1000's of businesses and individuals who are outside the areas proposed by the settlement and to have no mechanism to assist those damaged would indeed be a real travesty.

Your reputation and rulings in the court has been fair to all parties damaged and it is my hope that you will recommend to the PLC that a mechanism be put in place to assist companies and individuals like mine who's only reason for not being included in the class is our location and should be included because of the damage we suffered as a result of the BP Oil Spill.

Sincerely,

Harry Wilk


HWW/kh

enclosures



**Gulf Coast Claims Facility**
www.GulfCoastClaimsFacility.com

April 9, 2012

TIM S. PARKER
PARKER LAW FIRM
104 SPRING STREET
EUREKA SPRINGS, AR 72632

RE: **Determination Letter on Interim Payment**
**EUREKA WOODWORKS, INC**
**Claimant ID: 1055092**

Dear Claimant:

On March 8, 2012, the United States District Court Eastern District of Louisiana issued a First Amended Order Creating Transition Process (the "Order") in connection with an Agreement-in-Principle between BP Exploration and Production, Inc. and BP America Production Company (collectively, "BP") and the Interim Class Counsel (collectively, the "Parties") to settle numerous lawsuits arising out of the Deepwater Horizon Oil Spill (the "Oil Spill"). The Order appointed a Claims Administrator and a Transition Coordinator to oversee a Transition Process. The Transition Process continues to process claims previously received by the GCCF and will receive new claims until a new Court Supervised Settlement Program is established. In the Transition Process, claims are reviewed under the current GCCF rules, as amended by the Order. You may view a copy of the Court's Order by visiting the GCCF's website at **www.gulfcoastclaimsfacility.com**.

You have filed one or more Claim Forms with the GCCF. This Determination Letter ("Letter") is an official notification from the GCCF. This Letter addresses a potentially payable claim based on the documents that you submitted. You may receive more than one Letter if you submitted multiple claims to the GCCF. If you filed more than one Claim Form or claims for businesses or activities on which you pay taxes using the same taxpayer identification number (Social Security Number or Employer Identification Number), then we have combined all of your asserted claims into a single taxpayer identification number to avoid duplicate payments.

The review of the Interim Payment Claim Form you submitted is now complete. This Letter informs you of the outcome of that review and describes your options now.

    I.    **The Determination on Your Claim and Calculation of Losses**.

You qualify for compensation from the GCCF. **Attachment A** to this Letter explains the amount, if any, that we are paying to you now for an Interim Payment. **Attachments B and C** to this Letter show you the periods of your documented losses based upon the records you submitted. **Attachment D** shows you the periods where documents were missing (which means that we could not award you losses for those periods).

    II.    **Your Payment**.

If **Attachment A** shows that you are entitled to an Interim Payment, the GCCF will send you the Interim Payment with this Letter. These payments are for your past losses for the period after April 20, 2010, and up to the time of the last period for which you submitted records showing your income or losses, as shown in **Attachments B and C**.

### III. Deductions for Liens.

Your Interim Payment is subject to deductions for any outstanding liens received by the GCCF before we issue your payments, other deductions required by state or federal law, or by any court order affecting GCCF payments. If we have received a lien against your claim, **Attachment E** to this Letter provides details on that lien and how it affects your payment.

### IV. Deductions for Court-Ordered Withholdings.

A consolidated grouping of all federal lawsuits arising out of the Oil Spill is pending before the United States District Court for the Eastern District of Louisiana (the "Court"). This litigation is referred to as the "multidistrict litigation" or "MDL" and is captioned *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179. The Court entered an Order on January 18, 2012, requiring the GCCF to withhold 6% from all Interim Payments, Final Payments and Quick Payments made after December 30, 2011, to any plaintiff with a lawsuit or short-form joinder in the MDL, a claim against Transocean in its Limitation of Liability proceeding in the MDL ("Claimants in Limitation"), or state court plaintiffs represented by counsel that had access to the MDL discovery process. The 6% hold-back does not apply to claimants who never had an MDL lawsuit, are not Claimants in Limitation against Transocean in the MDL, or state court plaintiffs whose counsel has not had access to the MDL discovery process.

The 6% withholdings from GCCF payments will fund a reserve account for possible awards of common benefit fees and expenses to the Plaintiffs' Steering Committee and other lead or liaison counsel for MDL plaintiffs. **Attachment A** to this Letter shows the 6% hold-back amounts, if any, that apply to your claim. As required by the Order, the GCCF will send the 6% hold-back amounts to the Clerk of the Court to be held in the MDL No. 2179 Account and Reserve for Common Benefit Litigation Expenses and then to be paid as directed by the Court in future orders. You may view a copy of the Court's Order regarding this 6% withholding on the GCCF website, **www.gulfcoastclaimsfacility.com**.

### V. What to Do if You Have Questions About This Letter.

If you have any questions about this Letter, you may call the GCCF Claims Review Specialist identified below who can answer questions about your claim or this Letter. For TTY assistance call 1-866-682-1758. If you are represented by an attorney, we will communicate directly with your attorney. If you have authorized a claims preparation firm to receive information on your claim, the GCCF is mailing a copy of this Letter to that firm.

Your GCCF Claims Review Specialist is: Brien 57960 at 1-800-353-1262.

Sincerely,

Transition Coordinator

| ATTACHMENT A: EVALUATION OF CLAIM | |
|---|---|
| **A. METHODOLOGY** | |
| **Methodology used to calculate Projected Revenues.** | **2010:** Projected revenue was calculated based on gross revenue for the corresponding months in the prior year, adjusted for the pre-spill trend in gross revenue. The trend was derived from a comparison of January 2010 to April 2010 to the same months of the prior year. |
| | **2011:** |
| Loss of Income Percentage (LOI%) adjusts the calculated Lost Revenues to reflect saved or discontinued expenses (see Attachments B & C). | |
| Additional Information from Accountant Reviewer: This claim was re-reviewed at the claimant's request. The documentation submitted to substantiate the re-review does not support any adjustments to the original calculation | |

| | **B. CALCULATION OF PAST LOST PROFITS** | |
|---|---|---|
| 1. | **2010 Lost Profits** (2010 Lost Revenues multiplied by the LOI% in Attachment C) | $188,008.22 |
| 2. | **2011 Lost Profits** (1/1/11 through 3/31/11 Lost Revenues multiplied by the LOI% in Attachment C) | $0.00 |
| 3. | **2011 Lost Profits** (4/1/11 through 12/31/11 Lost Revenues multiplied by the LOI% in Attachment B) | $0.00 |
| | **C. INTERIM PAYMENT** | |
| 1. | **Total Post-Spill Lost Profits** (Sum of all rows in Section B) | $188,008.22 |
| 2. | **Less Offsets:** (The deductions for previous payments from BP or a Real Estate Fund shown below are based on the most recent data the GCCF has received from those organizations. If the amount of the deduction below has changed from that shown in a previous Determination Letter sent to you, then the data we received has changed since that previous letter.) | |
| | Payments by BP | $0.00 |
| | Real Estate Fund Payments | $0.00 |
| | GCCF Emergency Payments | $0.00 |
| | GCCF Interim Payments | $0.00 |
| | Unemployment Compensation | $0.00 |
| 3. | **Interim Payment Amount After Offsets** | $188,008.22 |
| 4. | **Accounting Preparation Expenses Incurred for the Assessment of Damages in Addition to the Interim Payment Amount** | $0.00 |
| 5. | **Total Interim Payment Amount** (Row 3 plus Row 4) | $188,008.22 |
| 6. | **Less Deductions for Outstanding Liens** (See Attachment E for details). | $0.00 |
| 7. | **Net Interim Payment Amount** (Row 5 minus Row 6) | $188,008.22 |
| 8. | **Less Court-Ordered 6% Hold-Back for Common Benefit Reserve Account, if Applicable** | $11,280.49 |
| 9. | **Total Interim Payment Sent With This Letter** | $176,727.73 |

# ATTACHMENT B:

# DETAIL ON FINANCIAL CALCULATIONS FOR LOST PROFITS AFTER 3/31/11

You submitted documents showing your 2011 revenues for the measurement period shown below. For any period after 3/31/11, the calculation of your Lost Profits is limited to your Projected Monthly Revenues minus the higher of (a) your Actual 2010 Revenues plus 5% for the aggregate period as adjusted for seasonality or (b) your Actual 2011 Revenues for the aggregate period, as shown here:

| Measurement Period | Projected Monthly Revenues | Seasonally Adjusted Actual 2010 Revenues +5% | Actual 2011 Revenues | Lost Revenues After 3/31/11 (Projected Monthly Revenues Minus Higher of Actual 2010 Revenues + 5% or Actual 2011 Revenues) | LOI% | Lost Profits |
|---|---|---|---|---|---|---|
| None | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $0.00 |

This is your Determination Letter for the 2nd Quarter of 2011 filing. The GCCF reviewed all documentation you submitted through the measurement period shown above on the Business Lost Profits claim that led to this Determination Letter.

## ATTACHMENT C:

## DETAIL ON FINANCIAL CALCULATIONS FOR LOST PROFITS FOR 2010 AND JANUARY – MARCH, 2011

You submitted documents showing your Post-Spill earnings for the periods shown below. The GCCF based its calculation of any Payment Amount upon this submitted documentation for loss periods in Attachments B and C.

| | Measurement Period | Projected Monthly Revenues | Actual Post-Spill Revenues | Lost Revenues (Projected Monthly Revenues Minus Actual Post-Spill Revenues) | LOI% | Lost Profits (Lost Revenues Multiplied by the LOI %) |
|---|---|---|---|---|---|---|
| 1. | 5/1/2010 - 05/31/2010 | $85,484.00 | $60,312.00 | $25,172.00 | 48.39 | $12,180.73 |
| 2. | 6/1/2010 - 06/30/2010 | $131,519.00 | $87,516.00 | $44,003.00 | 48.39 | $21,293.05 |
| 3. | 7/1/2010 - 07/31/2010 | $140,551.00 | $44,470.00 | $96,081.00 | 48.39 | $46,493.60 |
| 4. | 8/1/2010 - 08/31/2010 | $162,626.00 | $52,382.00 | $110,244.00 | 48.39 | $53,347.07 |
| 5. | 9/1/2010 - 09/30/2010 | $116,551.00 | $114,581.00 | $1,970.00 | 48.39 | $953.28 |
| 6. | 10/1/2010 - 10/31/2010 | $137,632.00 | $82,960.00 | $54,672.00 | 48.39 | $26,455.78 |
| 7. | 11/1/2010 - 11/30/2010 | $92,913.00 | $105,394.00 | ($12,481.00) | 48.39 | ($6,039.56) |
| 8. | 12/1/2010 - 12/31/2010 | $152,864.00 | $83,998.00 | $68,866.00 | 48.39 | $33,324.26 |
| | **Totals** | **$1,020,140.00** | **$631,613.00** | **$388,527.00** | | **$188,008.22** |

| ATTACHMENT D:  PERIODS FOR WHICH FINANCIAL DOCUMENTS ARE MISSING |
|---|

The GCCF did not have appropriate documentation to review your claim for the periods identified below. To be compensated for any losses from these periods, you were required to provide documentation showing your income, or proof that you did not receive any income for the periods below. The GCCF requires commercial shrimp or crab harvesters to provide evidence of an appropriate harvesting license for the years you have claimed losses. If you have submitted financial documentation for any periods for which you have not provided an appropriate harvesting license, those periods are identified below.

The GCCF will compensate for a maximum of 78 weeks of unemployment. If your documentation indicates that you were unemployed for more than 78 weeks, any periods after the expiration of this 78-week period are identified below.

The GCCF Document Requirements that accompanied the Claim Form listed the required supporting documentation to show income for these periods.

**Business Claimants:**

(a) Federal income tax returns, including all W-2 forms, 1099 forms, and other attachments or schedules to each return, if you have filed a return for the period.
(b) Monthly and annual Profit and Loss statements.
(c) Monthly sales and use tax returns.
(d) For seafood harvesting businesses, a report, obtained from the applicable governmental agency, of the Claimant's landings since January 1, 2008.
(e) For new or start-up businesses, all available financial statements and business plans.

|   | Periods Missing Documents |
|---|---|
| 1. | None |



# Gulf Coast Claims Facility
www.GulfCoastClaimsFacility.com

January 13, 2012

TIM S. PARKER
PARKER LAW FIRM
104 SPRING STREET
EUREKA SPRINGS, AR 72632

RE:   **Determination Letter on Final Payment Claim**
      **EUREKA WOODWORKS, INC**
      **Claimant ID: 1055092**

Dear Claimant:

The Gulf Coast Claims Facility (the "GCCF") is the official way for Individuals and Businesses to file claims for costs and damages incurred as a result of the Deepwater Horizon Incident on April 20, 2010 (the "Oil Spill"). The GCCF and its Claims Administrator, Kenneth R. Feinberg, act for and on behalf of BP Exploration & Production, Inc. ("BP") in fulfilling BP's statutory obligations as a "responsible party" under the Oil Pollution Act of 1990 ("OPA").

*All Claimants have the right to consult with an attorney of their own choosing prior to accepting any settlement or signing a release of legal rights.*

You have filed one or more Claim Forms with the GCCF. This Determination Letter ("Letter") is an official notification from the GCCF. This Letter addresses all the Claim Forms and documents that you have filed concerning the claims described below. If you filed more than one Claim Form or claims for businesses or activities on which you pay taxes using the same taxpayer identification number (Social Security Number or Employer Identification Number), then we have combined all the claims for that taxpayer identification number into one claim.

The GCCF has have reviewed the Full Review Final Payment Claim Form that you submitted. This Letter informs you of the outcome of that review and describes your options now. If you disagree with the GCCF's decision on your Final Payment claim, you have the right to submit the claim to the National Pollution Funds Center ("NPFC"), the Coast Guard office responsible for evaluating and approving OPA claims, or as an alternative you have the right to file a claim in court, including in the multidistrict litigation pending before the United States District Court for the Eastern District of Louisiana, titled, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (MDL No. 2179). The multidistrict litigation is a consolidated grouping of federal lawsuits arising out of the Oil Spill. General information on the procedure for filing a claim with the NPFC may be obtained from the Director of the National Pollution Funds Center, NPFC MS 7100, U.S. Coast Guard, 4200 Wilson Blvd., Suite 1000, Arlington, VA 20598-7100, (800) 280-7118, or from the NPFC website at **www.uscg.mil/npfc/claims**. Information regarding the multidistrict litigation may be obtained from the court's website at **www.laed.uscourts.gov**.

### I. The Determination on Your Claim and Calculation of Losses.

You qualify for compensation from the GCCF. **Attachment A** to this Letter explains the amount that we are offering you as a Final Payment (the "Final Payment Offer"), which is the amount you can be paid now if you decide to accept the Final Payment Offer and sign a Release and Covenant Not to Sue (the "Release"). The Release waives and releases any claims that you have or may have in the future against BP and all other potentially responsible parties with regard to the Oil Spill, and prevents you from submitting any claim seeking payment from the NPFC or a court. **Attachments B and C** to this Letter show you the periods of your documented losses based upon the records you submitted. **Attachment D** shows you the periods where documents were missing (which means that we could not award you losses for those periods).

### II. Your Final Payment.

If you want to be paid the amount shown in your Final Payment Offer in **Attachment A** and fully resolve your entire claim now, you can accept your Final Payment Offer. Your Final Payment Offer includes payment for all future damages to you as a result of the Oil Spill, determined according to the Gulf Coast Claims Facility's Final Rules Governing Payment Options, Eligibility and Substantiation Criteria, and Final Payment Methodology. Your Final Payment Offer is valid for 30 days after the date of this Letter[1]. This Letter contains a Final Payment Election Form with a box for you to use to accept the Final Payment Offer and a space for your signature. To accept your Final Payment Offer, check the box on the Final Payment Election Form indicating that you accept your Final Payment Offer, sign it and return it to the GCCF no later than 30 days after the date of this Letter. We then will send you a Release for you to sign and return to be paid the Final Payment Amount. We will send the Final Payment Amount to you within 14 days after receipt of a complete and properly signed Release. You must submit your original signature on the Release to us. We will not accept faxes, scanned images or photocopies of your signed Release.

You may appeal a Final Payment Offer if your total monetary award (including any Emergency, Interim or Final Payments made by BP or the GCCF) is in excess of $250,000. The appeal will be reviewed by a panel of three neutrals who will make an independent determination of the claim's value. BP will have the right to appeal to the panel of three neutrals if your monetary award (including any Emergency, Interim or Final Payments made by BP or the GCCF) is $500,000 or more.

All claimants are entitled to request a Re-Review of a Final Payment Offer as described below in this Letter. The GCCF has determined that when a claimant has filed a request for Re-Review of a Final Payment Offer, the fourteen (14) day deadline for filing an appeal will run from the date of notification of the GCCF's determination of the Re-Review. If a claimant does not file a request for a Re-Review of a Final Payment Offer, the fourteen (14) day deadline for filing an appeal will run from the date of notification of the GCCF's Final Determination.

PLEASE NOTE: If your total Final Payment Offer is in excess of $500,000, payment of your Final Amount will not be made until the expiration of the 14-day period for the right of an appeal of your claim by BP. The expiration of the right of an appeal is 14 days from the date of this Letter. For further information on the appeal process, visit the GCCF website at **www.gulfcoastclaimsfacility.com**.

*All Claimants have the right to consult with an attorney of their own choosing prior to accepting any settlement or signing a release of legal rights.*

If you are represented by a lawyer, you should discuss your rights with your lawyer before signing and returning the Release. If you would like to consult with an attorney but cannot afford one, free legal help is available for the GCCF Interim or Final Claims Process, through a network of nonprofit civil legal service organizations in Alabama, Florida, Louisiana, Mississippi and Texas. Information about this free assistance is available on the GCCF website, **www.gulfcoastclaimsfacility.com**.

If you do not accept your Final Payment Offer, then you may request a Re-Review of your Final Payment Offer or choose to seek additional Interim Payments from the GCCF, as described in this Letter.

### III. Deductions for Liens.

Your Final Payment Offer is subject to deductions for any outstanding liens received by the GCCF before we issue your payment, other deductions required by state or federal law or by any court order affecting GCCF payments. If we have received a lien against your claim, **Attachment E** to this Letter provides details on that lien and how it affects your Final Payment Offer.

---

[1] The GCCF may amend or withdraw this Final Payment Offer if the GCCF determines that the Final Payment Offer was the result of mistake or fraud.

### IV.     Deductions for Court-Ordered Withholdings.

The United States District Court for the Eastern District of Louisiana entered an Order on December 28, 2011, requiring the GCCF to withhold 6% from all Interim Payments, Final Payments and Quick Payments made to represented and unrepresented claimants to fund a reserve account for possible awards of common benefit fees and expenses to the Plaintiffs' Steering Committee and other lead or liaison counsel for claimants. In an Order dated January 4, 2012, the Court clarified that the 6% hold-back applies to all Interim Payments, Final Payments and Quick Payments made after December 30, 2011. **Attachment A** to this Letter shows the 6% hold-back amount that applies to your claim. If you accept your Final Payment Offer, the GCCF will pay you the amount of your Final Payment Offer, less the 6% hold-back and any other applicable deductions, in satisfaction of the Release. As required by the Order, the GCCF will send the 6% hold-back amounts to the Clerk of the Court to be held in the MDL No. 2179 Account and Reserve for Common Benefit Litigation Expenses and then to be paid as directed by the Court in future orders. You may view a copy of the Court's Order regarding this 6% withholding on the GCCF website, **www.gulfcoastclaimsfacility.com**.

### V.      Request for Re-Review of Your Payment Calculations.

You may request a Re-Review of your claim if you believe that a miscalculation occurred or if you wish to submit some or all of the missing documentation identified on **Attachment D**. To request a Re-Review, you must complete the Re-Review Election Form enclosed with this Letter and either mail it to us or submit it through the GCCF website, no later than 30 days after the date of this Letter. You must identify in the Re-Review Election Form the reason(s) for your request and identify the documents that form the basis of your request for a Re-Review. Only documents for the missing loss periods identified in **Attachment D** of this Letter will be re-reviewed. If you wish to submit documents for review that provide information outside the missing loss periods identified in **Attachment D** of this Letter, you must submit a new Interim Payment Claim Form. In accordance with the GCCF's Final Rules dated February 18, 2011, Interim Payment claims may be filed once each calendar quarter.

Within 30 days of receipt of your request for Re-Review of your claim, the GCCF will issue you a new Determination Letter based upon the Re-Review. Your payment calculation and Final Offer could change or may be the same as those in this Letter. If you submit any new documents within the missing loss periods identified in **Attachment D** showing additional losses caused by the Oil Spill, we will include those losses in your new Determination Letter.

### VI.     Submit Future Claim(s) for an Interim Payment.

If you decide not to accept your Final Payment Offer, you may submit future Interim Payment Claim Forms along with the Required Documentation to show damages caused to you by the Oil Spill. You may submit only one Interim Payment Claim Form during each calendar quarter (the calendar quarters are Jan-Mar; April-June; July-September; and Oct-Dec). You must submit a new Interim Payment Claim Form to seek payment for any period beyond that covered by this Determination Letter. **The GCCF will review only one claim for you for each quarter and will evaluate all of the supporting documentation that you have submitted through the date of that review.** If you file another quarterly Interim Payment Claim, the GCCF will review your claim and evaluate all newly submitted supporting documentation since the review of your previous Interim Payment Claim and, if you prove additional losses caused by the Oil Spill, the GCCF will issue you a new Determination Letter and send you payment for those additional past losses. Your new Determination Letter will provide a Final Payment Offer that you will have 30 days to accept. All Final Payment Offers will be reduced by Interim Payments and any other offsets.

### VII.    What to Do if You Have Questions About This Letter.

If you have any questions about this Letter, you may call the GCCF Claims Review Specialist identified below who can answer questions about your claim or this Letter. For TTY assistance call 1-866-682-1758. If you are represented by an attorney, we will communicate directly with your attorney. If you have authorized a claims preparation firm to receive information on your claim, the GCCF is mailing a copy of this Letter to that firm.

Your GCCF Claims Review Specialist is: Brien 57960 at 1-800-353-1262

Sincerely,

*Kenneth R. Feinberg*

Kenneth R. Feinberg
Claims Administrator
Gulf Coast Claims Facility

| ATTACHMENT A: EVALUATION OF CLAIM | | |
|---|---|---|
| **A. METHODOLOGY** | | |
| Methodology used to calculate Projected Revenues | 2010: Projected revenue was calculated based on gross revenue for the corresponding months in the prior year, adjusted for the pre-spill trend in gross revenue. The trend was derived from a comparison of January 2010 to April 2010 to the same months of the prior year. | |
| | 2011: | |
| Loss of Income Percentage (LOI%) adjusts the calculated Lost Revenues to reflect saved or discontinued expenses (see Attachments B & C). | | |
| Additional Information from Accountant Reviewer: | | |
| **B. CALCULATION OF PAST LOST PROFITS** | | |
| 1. | **2010 Lost Profits** (2010 Lost Revenues multiplied by the LOI% in Attachment C to determine Lost Profits) | $188,008.22 |
| 2. | **2011 Lost Profits (1/1/11 through 3/31/11)** (2011 First Quarter Lost Revenues multiplied by the LOI% in Attachment C to determine Lost Profits) | $0.00 |
| 3. | **2011 Lost Profits (After 3/31/11)** (2011 Lost Revenues after 3/31/11 multiplied by the LOI% in Attachment B to determine Lost Profits) | $0.00 |
| **C. FINAL PAYMENT OFFER** | | |
| 1. | **2010 Lost Profits** (From Row 1 in Section B) Multiplied by a Future Recovery Factor of 2.00 | $376,016.44 |
| 2. | **Total Post-Spill Lost Profits** (Sum of all rows in Section B) | $188,008.22 |
| 3. | **Final Payment Amount** (The higher of Row 1 or Row 2) | $376,016.44 |
| 4. | **Less Offsets:** (The deductions for previous payments from BP or a Real Estate Fund shown below are based on the most recent data the GCCF has received from those organizations. If the amount of the deduction below has changed from that shown in a previous Determination Letter sent to you, then the data we received has changed since that previous letter. If you feel that the deducted amount is wrong, contact us to explain the discrepancy.) | |
| | Payments by BP | $0.00 |
| | Real Estate Fund Payment | $0.00 |
| | GCCF Emergency Payments | $0.00 |
| | GCCF Interim Payments | $0.00 |
| | Unemployment Compensation | $0.00 |
| 5. | **Calculated Final Payment Amount** | $376,016.44 |
| 6. | **Final Payment Offer:** If your calculated Final Payment Offer is below $25,000, your Final Payment Offer is the minimum final offer amount of $25,000. The GCCF calculates all of your losses based upon the financial records you have submitted. If the calculation of this claim or a later claim results in a determination of 2010 losses lower than that shown in a previous Determination Letter sent to you, your Final Payment Offer (before offsets for prior payments) will remain the same as the Final Payment Offer previously made to you. Remember, however, that this policy may change if, based upon a renewed evaluation of available data regarding the recovery of the Gulf, the GCCF makes an adjustment to the Future Recovery Factor. | $376,016.44 |
| 7. | **Accounting Preparation Expenses Incurred for the Assessment of Damages in Addition to the Final Payment Amount** | $0.00 |
| 8. | **Total Final Payment Amount** (Rows 6 + 7) | $376,016.44 |

| | | |
|---|---|---|
| 9. | **Less Deductions for Outstanding Liens** (This amount is based on your current lien amount shown in **Attachment E** less any amounts being withheld from any Interim Payment payable with this Letter. If your Interim or Final Payment is insufficient to fully satisfy the lien amount, or the amount of the lien increases between the time of your Interim Payment and payment of your Final Payment Offer, or any additional liens are received, then your Final Payment Offer will be reduced by the then outstanding balance of the lien(s)). | $0.00 |
| 10. | **Net Final Payment Offer** (Row 8 minus Row 9) | $376,016.44 |
| 11. | **Less Court-Ordered 6% Hold-Back for Common Benefit Fee Fund**<br>(The United States District Court for the Eastern District of Louisiana ordered the GCCF to withhold 6% of the payments to any claimant.) | $22,560.99 |
| 12. | **Total Final Payment with Accepted Final Offer and Submitted Release**<br>If you wish to accept this Final Payment Offer, check the box in Section C of the Final Payment Election Form included with this Letter and sign and return the Final Payment Election Form to the GCCF. | $353,455.45 |

**ATTACHMENT B:**
**DETAIL ON FINANCIAL CALCULATIONS FOR LOST PROFITS AFTER 3/31/11**

You submitted documents showing your 2011 revenues for the measurement period shown below. For any period after 3/31/11, the calculation of your Lost Profits is limited to your Projected Monthly Revenues minus the higher of (a) your Actual 2010 Revenues plus 5% for the aggregate period as adjusted for seasonality or (b) your Actual 2011 Revenues for the aggregate period, as shown here:

| Measurement Period | Projected Monthly Revenues | Seasonally Adjusted Actual 2010 Revenues +5% | Actual 2011 Revenues | Lost Revenues After 3/31/11 (Projected Monthly Revenues Minus Higher of Actual 2010 Revenues + 5% or Actual 2011 Revenues) | LOI% | Lost Profits |
|---|---|---|---|---|---|---|
| None | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $0.00 |

This is your Determination Letter for the 3rd Quarter of 2011 filing. The GCCF reviewed all documentation you submitted through the measurement period shown above on the Business Lost Profits claim that led to this Determination Letter. We will review in the next quarter any supporting documentation for a later period that you may have submitted with the submission of your next Interim Payment/Final Payment Claim Form.

# ATTACHMENT C:
## DETAIL ON FINANCIAL CALCULATIONS FOR LOST PROFITS FOR 2010 AND JAN-MARCH, 2011

You submitted documents showing your Post-Spill revenues for the periods shown below. The GCCF based its calculation of any Interim Payment Amount and the Calculated Final Payment Offer upon this submitted documentation for loss periods in Attachments B and C.

| | Measurement Period | Projected Monthly Revenues | Actual Post-Spill Revenues | Lost Revenues (Projected Monthly Revenues Minus Actual Post-Spill Revenues) | LOI% | Lost Profits (Lost Revenues Multiplied by the LOI %) |
|---|---|---|---|---|---|---|
| 1. | 5/1/2010 - 05/31/2010 | $85,484.00 | $60,312.00 | $25,172.00 | 48.39 | $12,180.73 |
| 2. | 6/1/2010 - 06/30/2010 | $131,519.00 | $87,516.00 | $44,003.00 | 48.39 | $21,293.05 |
| 3. | 7/1/2010 - 07/31/2010 | $140,551.00 | $44,470.00 | $96,081.00 | 48.39 | $46,493.60 |
| 4. | 8/1/2010 - 08/31/2010 | $162,626.00 | $52,382.00 | $110,244.00 | 48.39 | $53,347.07 |
| 5. | 9/1/2010 - 09/30/2010 | $116,551.00 | $114,581.00 | $1,970.00 | 48.39 | $953.28 |
| 6. | 10/1/2010 - 10/31/2010 | $137,632.00 | $82,960.00 | $54,672.00 | 48.39 | $26,455.78 |
| 7. | 11/1/2010 - 11/30/2010 | $92,913.00 | $105,394.00 | ($12,481.00) | 48.39 | ($6,039.56) |
| 8. | 12/1/2010 - 12/31/2010 | $152,864.00 | $83,998.00 | $68,866.00 | 48.39 | $33,324.26 |
| | Totals | $1,020,140.00 | $631,613.00 | $388,527.00 | | $188,008.22 |

## ATTACHMENT D. PERIODS FOR WHICH FINANCIAL DOCUMENTS ARE MISSING

The GCCF did not have appropriate documentation to review your claim for the periods identified below. To be compensated for any losses from these periods, you must provide documentation showing your income, or proof that you did not receive any income for the periods below. The GCCF requires commercial shrimp or crab harvesters to provide evidence of an appropriate harvesting license for the years you have claimed losses. If you have submitted financial documentation for any periods for which you have not provided an appropriate harvesting license, those periods are identified below.

The GCCF will compensate for a maximum of 78 weeks of unemployment. If your documentation indicates that you were unemployed for more than 78 weeks, any periods after the expiration of this 78-week period are identified below.

The GCCF can re-review your claim if you submit the missing documents. The GCCF Document Requirements that accompanied the Claim Form listed the required supporting documentation to show income for these periods. You may submit these records to document the periods with missing documents identified below:

**Business Claimants:**

(a) Federal income tax returns, including all W-2 forms, 1099 forms, and other attachments or schedules to each return, if you have filed a return for the period.
(b) Monthly and annual Profit and Loss statements.
(c) Monthly sales and use tax returns.
(d) For seafood harvesting businesses, a report, obtained from the applicable governmental agency, of the Claimant's landings since January 1, 2008.
(e) For new or start-up businesses, all available financial statements and business plans.

| | Periods Missing Documents |
|---|---|
| 1. | None |

| GCCF 1012 | FINAL PAYMENT ELECTION FORM<br>Date of Notice: January 13, 2012<br>Deadline to Submit Re-Review Election Form: February 12, 2012<br>Date Final Payment Offer Expires: February 12, 2012 |||||
|---|---|---|---|---|---|
| **A. CLAIMANT INFORMATION** ||||||
| Claimant Name | EUREKA WOODWORKS, INC ||| Claimant Number | 1055092 |
| Address | Street<br>4925 EVERHART RD || City<br>CORPUS CHRISTI | State<br>TX | Zip<br>78411 |
| Claimant Type<br>(Individual or Business) | Business | Business Type | Retailer – Furniture & Home Furnishings | Zip Code of Loss | 78411 |
| **B. ATTORNEY REPRESENTATION INFORMATION** ||||||
| ☐ | The GCCF has no information that this Claimant is represented by an attorney. |||||
| ☒ | The GCCF has been informed that this Claimant is represented by the following attorney: |||||
| Attorney Name | TIM S. PARKER ||  Law Firm | PARKER LAW FIRM ||
| Address | Street<br>104 SPRING STREET || City<br>EUREKA SPRINGS | State<br>AR | Zip<br>72632 |
| **C. ELECTION TO ACCEPT FINAL PAYMENT OFFER** ||||||
| ☐ | I elect to be paid the Final Payment Offer described in my Determination Letter and acknowledge that it is subject to any outstanding lien identified in **Attachment E** to the Letter (if the Letter has an Attachment E) and any other lien of which the GCCF receives notice before payment of the Final Payment Offer. The GCCF will send you a Release and Covenant Not to Sue that you must sign and return to be paid. |||||
| **SIGNATURE** ||||||
| Signature of Business Owner or Authorized Business Reprentative | ||| Date | ___/___/_____<br>(Month/Day/Year) ||
| Name of Person Signing<br>(Print or Type) | |||||

You can complete and send this Final Payment Election Form to elect to be paid this Final Payment Offer using any of the following ways:

| 1. | **By Emailed PDF Attachment:**<br>(Emailed no later than midnight your time on your deadline to respond) | Email to **NoticesandOffers@gccf-claims.com** |
|---|---|---|
| 2. | **By Mail:**<br>(Postmarked no later than your deadline to respond) | Gulf Coast Claims Facility<br>Kenneth R. Feinberg, Administrator<br>P.O. Box 9658<br>Dublin, OH  43017-4958 |
| 3. | **By Overnight, Certified or Registered Mail:**<br>(Placed with the delivery service no later than your deadline to respond) | Gulf Coast Claims Facility<br>Kenneth R. Feinberg, Administrator<br>5151 Blazer Pkwy., Suite A<br>Dublin, OH  43017-4958 |
| 4. | **By Facsimile:**<br>(Sent no later than your deadline to respond) | 1-866-682-1772 |
| 5. | **Visit a GCCF Site Office:**<br>(No later than your deadline to respond) | You can bring the materials to a GCCF Site Office no later than your deadline. Visit **www.gulfcoastclaimsfacility.com** to see a list of Site Offices, or call 1-800-916-4893 and ask for Site Office locations. |
| 6. | **Online Election of Final Payment Offer:**<br>(Completed no later than midnight your time for your deadline to elect) | You can accept your Final Payment Offer electronically by visiting the GCCF website at **www.gulfcoastclaimsfacility.com** and accessing your claim status by clicking on the "Check Claim Status" tab. |

| GCCF 1119 | **RE-REVIEW ELECTION FORM** <br> Date of Determination Letter: January 13, 2012 <br> Deadline to Submit Re-Review Election Form: February 12, 2012 |
|---|---|

### A. CLAIMANT INFORMATION

| Claimant Name | EUREKA WOODWORKS, INC. | | Claimant Number | 1055092 |
|---|---|---|---|---|
| Address | Street <br> 4925 EVERHART RD | City <br> CORPUS CHRISTI | State <br> TX | Zip <br> 78411 |
| Claimant Type <br> (Individual or Business) | Business | Business Type | Retailer – Furniture & Home Furnishings | Zip Code of Loss <br> 78411 |

### B. ELECTION FOR REEVALUATION OF CLAIM

☐ I request a Re-Review of my Determination Letter and understand that my payment calculations could potentially change or remain the same. I understand that the GCCF will consider only new documentation that falls within the missing loss periods identified in **Attachment D** of my most recent Determination Letter. If I want the GCCF to consider new documentation after the missing loss periods identified in **Attachment D** of my most recent Determination Letter, I will submit a new Interim Payment Claim Form. In accordance with the GCCF's Final Rules dated February 18, 2011, Interim Payment claims may be filed once each calendar quarter.

### C. STATEMENT OF ISSUES FOR RE-REVIEW

You must complete Sections C.1 and C.2 below to identify the reason(s) for your Re-Review request and any new documentation submitted to support your claim. Describe in detail each aspect of the Determination Letter with which you disagree and want reevaluated. You may attach additional sheets, if necessary.

**C.1** Select the reason(s) for your Re-Review request and explain why you disagree with the Determination Letter. If you select "Other" then identify the particular issue with which you disagree:

- ☐ Actual Pre-Spill Earnings/Revenues
- ☐ Actual Post-Spill Earnings/Revenues
- ☐ Projected Earnings/Revenues Methodology
- ☐ LOI Percentage
- ☐ Missing Component of the Business
- ☐ Switch from Individual to Business
- ☐ Bonus or Overtime Pay
- ☐ Incorrect Employer or Industry
- ☐ Prior Payment Deductions/Offsets
- ☐ Accountant Preparation/Job-Seeking Expenses
- ☐ Other

**Explanation:**

**C.2** Identify any new or previously submitted documents that support the Re-Review request. You must ensure that any *new* documents are submitted to the GCCF with this Re-Review Election Form.

### D. SIGNATURE

| Claimant Signature | | Date | ___/___/___ <br> (Month/Day/Year) |
|---|---|---|---|
| Name of Person Signing <br> (Print or Type) | | | |

| GCCF 1119 | RE-REVIEW ELECTION FORM<br>Date of Determination Letter: January 13, 2012<br>Deadline to Submit Re-Review Election Form: February 12, 2012 |
|---|---|

### E. WHERE TO SUBMIT THIS FORM:

You can submit this completed Re-Review Election Form using any of the following ways:

| | | |
|---|---|---|
| 1. | **By Emailed PDF Attachment:**<br>(Emailed no later than midnight your time on your deadline to respond) | Email to **NoticesandOffers@gccf-claims.com** |
| 2. | **By Mail:**<br>(Postmarked no later than your deadline to respond) | Gulf Coast Claims Facility<br>Kenneth R. Feinberg, Administrator<br>P.O. Box 9658<br>Dublin, OH 43017-4958 |
| 3. | **By Overnight, Certified or Registered Mail:**<br>(Placed with the delivery service no later than your deadline to respond) | Gulf Coast Claims Facility<br>Kenneth R. Feinberg, Administrator<br>5151 Blazer Pkwy., Suite A<br>Dublin, OH 43017-4958 |
| 4. | **By Facsimile:**<br>(Sent no later than your deadline to respond) | 1-866-682-1772 |
| 5. | **Visit a GCCF Site Office:**<br>(No later than your deadline to respond) | You can bring the materials to a GCCF Site Office no later than your deadline. Visit **www.gulfcoastclaimsfacility.com** to see a list of Site Offices, or call 1-800-916-4893 and ask for Site Office locations. |
| 6. | **Online Election of Re-Review Request:**<br>(Done no later than midnight your time for your deadline to elect) | You can submit this Re-Review Election Form electronically by visiting the GCCF website at **www.gulfcoastclaimsfacility.com** and accessing your claim status by clicking on the "Check Claim Status" tab. |