UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL NO: 10-2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, ON APRIL 20, 2010 | * | SECTION "J", DIVISION "1" |
| | * | |
| | * | HONORABLE JUDGE BARBIER |
| This document relates to Case No. 11-1432 | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |

### MOTION FOR MISCELLANEOUS RELIEF

NOW COMES defendant, Grand Isle Shipyard, Inc., through undersigned counsel, and requests to be recognized as a B3 Defendant for purposes of any contemplated dismissal by this Honorable Court. Recently, another defendant in this matter, Clear Tank LLC, requested similar relief,[1] which was granted by this Court.[2] Grand Isle submits that it is similarly situated and deserving of the same relief; thus, it moves this Honorable Court for an Order naming it a B3 Clean-Up Defendant.

*Background*

As Clean Tank pointed out to this Court, the B3 Master Complaint alleges post-April 20, 2010 exposures to chemicals, oils, and/or toxins in responding to the Deepwater Horizon catastrophe.[3] On March 29, 2012, this Court suggested that all B3 defendants might be dismissed, but only named certain defendants.[4] But, as Clean Tank pointed out to this Court, the B3 Master Complaint includes a "catch-all" category against "Defendant Corporations A-Z," which alleges that defendants unknown at that time, but who might have performed the activities complained of are made defendants through the appellation

---

[1] Rec. Doc. # 6164.

[2] Rec. Doc. # 6185.

[3] *See* Rec. Docs. ## 881 (the original B3 Master Complaint), 1812 (as amended).

[4] *See* Rec. Doc. # 6143 & n. 5.

"Defendant Corporations A-Z."[5] Incorporated by that reference were allegations that plaintiffs were engaged in clean-up responses and during that time "had come into contact with oil and/or chemical dispersants and/or other hazardous chemicals used resulting from the Oil Spill"[6]; and, as a result, that those plaintiffs had suffered physical and mental damages.[7] Grand Isle submits that the allegations made against it are analogous, and put Grand Isle within the "Defendant Corporation A-Z" category of defendants in the B3 Bundle.

Grand Isle is a defendant in these consolidated proceedings by virtue of the case filed against it and several BP entities, which was transferred to this multi-district litigation from a separate action in the United States Eastern District, *Jamie G. Simon v. Grand Isle Shipyard, Inc. et al.*, Civil Action No. 11-01432. The Petition in that matter alleged that the plaintiff, Ms. Simon, was deployed "with crews providing clean up work following the oil spill,"[8] and that she "was exposed to oil and/or toxic oil and/or toxic chemicals and/or toxic materials,"[9] for which Grand Isle and/or BP were allegedly responsible.[10] This is substantially the same as the allegations contained in the B3 Master Complaint; thus, based on this Court's Orders relating to same, Grand Isle is a B3 defendant.

After granting Clean Tank's Motion for Miscellaneous Relief, this Court denied the Nalco entities' Motion to Dismiss with prejudice and denied the Plaintiff Steering Committee's Motion for Leave to Amend Master Complaint to dismiss Nalco and the Clean-Up Defendants without prejudice, but converted Nalco's Motion to a Rule 56 Motion for Summary Judgment, and ordered an updated response schedule.[11] While Grand Isle believes that the pleadings in the record establish it as a B3 defendant, out

---

[5] Rec. Doc. # 1812, p. 26, ¶ 77.

[6] *Id.* at p. 34, ¶ 124.

[7] *See id.* at pp. 49-50, ¶¶ 192-97.

[8] *See Simon v. Grand Isle Shipyard, Inc.*, Civ. No. 11-0142, Rec. Doc. # 1, ¶ 10.

[9] *Id.* at ¶ 13.

[10] *See id.* at ¶¶ 14-18.

[11] *See* Rec. Doc. # 6248.

of an abundance of caution, Grand Isle seeks clarification on that point, such that if this Court grants Nalco's Motion for Summary Judgment, and all B3 defendants are dismissed with prejudice, that such a ruling and order include the allegations brought against Grand Isle Shipyard, Inc.

*Nalco's Motion*

Nalco Company, Nalco Holdings, LLC, Nalco Finance Holdings, LLC, and Nalco Holding Company (hereinafter collectively "Nalco") filed a Motion to Dismiss the plaintiff's B3 Master Complaint on the basis that the Clean Water Act ("CWA") and National Contingency Plan ("NCP") preempt the allegations made by plaintiffs in the B3 Master Complaint.[12]  This Court has converted Nalco's motion to dismiss the B3 Master Complaint in its entirety to a motion for summary judgment.[13] For the same reasons expressed therein, Grand Isle should be dismissed from this litigation.

Grand Isle was not involved in the oil drilling operations or explosion that precipitated the use of dispersants, nor did Grand Isle decide to use dispersants, which to use, where to use them, or how to apply them.  It was the Federal government, acting pursuant to its authority under the CWA, as amended by the Oil Pollution Act ("OPA"), and the NCP, that made the decisions on how to clean up the oil spill related to the explosion of the *Deepwater Horizon*.  Like Nalco, Grand Isle simply acted in "a time of great national need" to aid the clean-up operation, at the direction of the U.S. government.  Accordingly, Grand Isle adopts all of the arguments, memoranda, and exhibits attached to Nalco's Motion which show the federal government acted under this authority and fully directed the clean-up operations related to the *Deepwater Horizon* oil spill.[14]

Therefore, as pointed out by Nalco, the CWA/OPA/NCP impliedly preempt any law that might pose an obstacle to or conflict with the accomplishment and execution of the purposes of these specific laws, such as the laws under which plaintiffs have sued the B3 clean-up defendants (such as Grand Isle).

---

[12] *See* Rec. Doc. # 5531.

[13] Rec. Doc. #. 6248.

[14] *See* Rec. Doc. # 5531, pp. 1-871 (particularly, Nalco's Exhibit J, pp. 620:24-621:3; Exhibit K, p. 460:10-13; Exhibit L, p. 379:19-23; Exhibit M, p. 417:13-19).

Further, as Nalco has pointed out, failure to find preemption on these issues could create uncertainty on liability for future responses to similar catastrophes, wherein the persons and/or entities with the vessels needed to engage in such clean-up efforts, such as Grand Isle, might not be willing to help, knowing they could be sued for merely acting at the direction of the Federal government, despite the "great national need" that might be presented by such a situation. Such a result cannot be what Congress intended.

*Conclusion*

In sum, Grand Isle respectfully requests that this Court find the allegations made against it in this matter make it one of the B3 Master Complaint clean-up defendants, as it found with Clean Tank LLC. Moreover, for all the reasons referenced in Nalco's motion, memorandum, and exhibits, should this Court grant Nalco's Motion for Summary Judgment, Grand Isle respectfully requests that it be dismissed from this matter with prejudice.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, L.L.C.**

 */s/ Robert S. Reich*
**ROBERT S. REICH (#11163)**
**MICHAEL T. WAWRZYCKI (#30799)**
Two Lakeway Center, Suite 1000
3850 North Causeway Boulevard
Metairie, Louisiana  70002
Telephone: (504) 830-3999
Facsimile: (504) 830-3950
E-mail: rreich@rapllclaw.com
E-mail  mwawrzycki@rapllclaw.com
*Attorneys for Attorneys for Grand Isle Shipyard, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of May, 2012.

                                               _/s/ Robert S. Reich_  
                                               ROBERT S. REICH