IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION: J |
| This document relates to: | * * | HONORABLE CARL J. BARBIER |
| 12-cv-968, Plaisance, *et al.* v. BP Exploration & Production Inc., *et al.* | * * * | MAGISTRATE JUDGE SHUSHAN |
| and | * * | |
| 12-cv-970, Bon Secour Fisheries, Inc., *et al.* v. BP Exploration & Production Inc., *et al.* | * * | |

**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR (1) ESTABLISHMENT OF A COMMON BENEFIT FEE AND COST FUND PURSUANT TO THE ECONOMIC AND PROPERTY DAMAGES AND MEDICAL BENEFITS CLASS ACTION SETTLEMENT AGREEMENTS; (2) APPROVAL OF THE PAYING AGENT AGREEMENTS PURSUANT TO THE ECONOMIC AND PROPERTY DAMAGES AND THE MEDICAL BENEFITS CLASS ACTION SETTLEMENT AGREEMENTS; AND CLASS REPRESENTATIVES' MOTION FOR (3) APPOINTMENT OF ESCROW AGENT FOR THE COMMON BENEFIT FEE AND COST FUND; AND (4) APPOINTMENT OF <u>ADMINISTRATOR OF THE COMMON BENEFIT FEE AND FUND</u>**

The Economic and Property Damages and Medical Benefits Class Representatives and BP Exploration & Production Inc. and BP America Production Company ("BP") respectfully request that the Court grant their joint motion for (1) establishment of a Common Benefit Fee and Cost Fund ("Common Benefit Fund") pursuant to the Economic and Property Damages Settlement Agreement ("Economic Settlement Agreement") and Medical Benefits Class Action Settlement Agreement ("Medical Settlement Agreement") (collectively, the "Settlement Agreements"); and (2) approval of the Paying Agent Agreements pursuant to the Settlement Agreements. Further, the Class Representatives move, without objection from BP, for the Court to (3) appoint JPMorgan Chase Bank, N.A. as Escrow Agent for the Common Benefit Fund and

(4) appoint Philip A. Garrett, CPA, of Bush, Louisiana as administrator of the Common Benefit Fund.

As explained herein, the establishment of the Common Benefit Fund, which will be separate from the trusts established to pay settlement benefits and other settlement costs, and which will instead pay common benefit attorneys' fees and costs subject to the Court's approval and supervision, is a necessary component of the Settlement Agreements. Approval of the Paying Agent Agreements, moreover, is required under Sections 5.12.1.7 and XXII.O of the Economic and Medical Settlement Agreements, respectively, before payments to class members may commence. Finally, the Class Representatives submit (without objection from BP) that (1) appointment of the Escrow Agent will protect the assets of the Common Benefit Fund and ensure that distributions from such fund are only made upon an order of the Court, and (2) the appointment of Philip A. Garrett, CPA, of Bush, Louisiana, is necessary to facilitate the parties' agreement with respect to the payment of attorneys' fees and costs.

**I.  Establishment of Common Benefit Fee and Cost Fund on Joint Motion**

Section 5.16 of the Economic Settlement Agreement provides:

> Unless the Court directs otherwise, a separate fund (intended to qualify as a "qualified settlement fund," under § 468(d)(2) of the Internal Revenue Code and Treasury Regulation § 1.468B.1) will be established out of which common benefit attorneys' fees and costs to the Economic Class Counsel and/or other common benefit attorneys who have submitted time and costs in compliance with Pretrial Order 9, will be paid by Order of the Court. This separate qualified settlement fund will be established pursuant to Order of the Court, and operated under Court supervision and control. This separate qualified settlement fund shall be separate from any of the funds described in Section 5.12, and will not be administered by the Claims Administrator. BP's discharge from liability regarding payment of these attorneys' fees and costs into the Fund described in Section 5.16 shall be determined in conjunction with the negotiation of attorneys' fees to be conducted and shall be set forth in Exhibit 27 and as approved by the Court. The Court shall

> determine the form and manner of administering this fund, in which BP will have no reversionary interest.

(Rec. Doc. 6430-1 at 54-55.)

And Section XX.S of the Medical Settlement Agreement similarly provides:

> Unless the COURT directs otherwise, a separate fund (intended to qualify as a "qualified settlement fund," under § 468B(d)(2) of the Internal Revenue Code and Treasury Regulation § 1.468B.1) will be established out of which common benefit attorneys' fees and costs to the MEDICAL BENEFITS CLASS COUNSEL and/or other common benefit attorneys who have submitted time and costs in compliance with Pretrial Order 9 will be paid pursuant to order of the COURT. This separate qualified settlement fund will be established pursuant to order of the COURT, and will operate under COURT supervision and control. This separate qualified settlement fund shall be separate from the qualified settlement fund described in Section XXII.C and any of the FUNDS described in Section XXII.D, and will not be administered by the CLAIMS ADMINISTRATOR. This Section shall be determined in conjunction with the negotiation of attorneys' fees to be conducted and shall be set forth in Exhibit 19 and as approved by the COURT. BP's discharge from liability regarding payment of these attorneys' fees and costs into the fund described in this Section XXII.S shall be set forth in Exhibit 19 and as approved by the COURT. The COURT shall determine the form and manner of administering of this fund, in which BP will also have no reversionary interest.

(Rec. Doc. 6427-1 at 166-67.)

Exhibit 27 to the Economic Settlement Agreement and Exhibit 19 to the Medical Settlement Agreement (the "Fees and Costs Exhibits") further provide that "[t]he BP Parties shall make payments into the qualified settlement fund to be established pursuant to Section 5.16 of the Economic [Settlement] Agreement and Section XXII.S of the Medical Settlement Agreement." Under the terms of the Fees and Costs Exhibits, BP shall make a payment into the

Common Benefit Fund 30 days after the Court has granted preliminary approval of the Economic Settlement Agreement, that is, by June 1, 2012.[1]

If approved by the Court, the Common Benefit Fund that the Parties agreed to establish will satisfy the legal requirements for a qualified settlement fund:

> (1)  The Parties propose that the Common Benefit Fund would be approved by this Court and made subject to its continuing jurisdiction.  *See* 26 C.F.R. § 1.468B–1(a) & (c)(1).
>
> (2)  In addition, the Common Benefit Fund would be established as part of the resolution of tort, contract, or violation of law claims (contested or uncontested) arising out of the *Deepwater Horizon* Incident (and which has given rise to numerous such claims asserting liability) and settled pursuant to the Economic and Medical Settlement Agreements.  *See id.* at Section 1.468B–1(a) & (c)(2)(ii).[2]
>
> (3)  The assets to be deposited in the Common Benefit Fund will be segregated from the general assets of BP and the BP Entities.  *See id.* at Section 1.468B–1(a) & (c)(3).

Even though the Common Benefit Fund will not be attributable to the claimants, it clearly satisfies Section 1.468B–1(c)(2)(ii), as noted above.  Whether common benefit fees are paid by a defendant on top of settlement payments paid directly to class members or are held back from the recoveries paid directly to class members, such common benefit fees are a necessary component of what the defendants are paying to resolve the underlying tort claims of the class.  *See, e.g.*, *Boeing Co. v. Van Gembert*, 444 U.S. 472, 478 (1980) ("[T]his Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.").  This "fund as a whole" or common fund, including the amounts going to pay the common benefit

---

[1]  The Fees and Costs Exhibits also provide that BP's first payment will only occur after the Court has entered an Order modifying the Holdback Order to provide that it shall not apply to any settlement payments made to class members.  Because such an order was entered on May 3, 2012 (Rec. Doc. 6428), that condition has already been satisfied.

[2]  Note as well that the D1 Master Complaint (Rec. Doc. 880) asserted claims under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), and hence Section 1.468B–1(a) & (c)(2)(i) would also be satisfied by the proposed Common Benefit Fund.  The Economic Settlement, when finally approved, would obtain a class release for CERCLA claims.

attorneys, represents the total amount that the defendant is required to pay to "resolve" the claims of the class.[3]

Therefore, pursuant to the terms of the Economic and Medical Benefits Settlements, the Parties now request that the Court order that a separate Common Benefit Fund be established. The Parties further request that the Court find and hold that the Common Benefit Fund is a qualified settlement fund under section 468(d)(2) of the Internal Revenue Code and Treasury Regulation Section 1.468B–1, that the Court retain continuing jurisdiction over the fund, and that the fund be operated under the supervision and control of the Court.  Furthermore, the Parties request that the Court find and hold that BP will be discharged from liability regarding payment of common benefit attorneys' fees and costs by paying into the Fund as required pursuant to Section 5.16 of the Economic Settlement Agreement, Section XXII.S of the Medical Settlement Agreement, and the accompanying Fees and Costs Exhibits.  Finally, the Parties request that the Court find and hold that BP and the Released Parties shall have no responsibility, obligation, or liability of any kind whatsoever with respect to how the Common Benefit Fund is operated or allocated among any counsel for the Economic Class or Medical Class.

## II.   Approval of Paying Agent Agreements on Joint Motion

The parties separately request that the Court approve the Paying Agent Agreements, substantially in the form of Exhibits 1 and 2 to this Memorandum, for both the Economic and

---

[3] Had BP and Class Counsel not agreed that attorneys' fees would be paid on top of benefits to class members, Class Counsel would presumably have left the holdback order in place, and the settlement trusts, in making payments to claimants, would have deducted the holdback percentage from such payments and deposited the funds in that court-established escrow account, from which the Court would then have awarded common benefit fees to Class Counsel.  Instead, BP will make certain payments above and beyond the settlement benefits into the Common Benefit Fund, and the Court will then decide what fees should be awarded from that fund to Class Counsel for the common benefit they have created.  The recovery for the Class Members is thus greater than if the holdback remained in effect, and provides a clear benefit to the Class.  But although the common benefit fee mechanisms differ in whether the fees will be paid from the settlement trusts or the Common Benefit Fund, in both situations, the common benefit fees benefit the class and are being paid to resolve *Deepwater Horizon* claims.

5

Medical Settlement Agreements. Under both Settlement Agreements, the Court's approval is required before the Paying Agent may commence making payments to class members.

> Specifically, Section 5.12.1.7 of the Economic Settlement Agreement provides:
>
> The Claims Administrator shall enter into a Paying Agent Agreement, in form and substance reasonably satisfactory to the BP Parties and Lead Class Counsel and approved by the Court, pursuant to which a federally insured depository institution approved by the BP Parties and Lead Class Counsel and the Court will serve as the lead paying agent and escrow agent for the Claims Funds (the "Lead Paying Agent"), and Garden City Group, Inc. (or another entity agreed to by the BP Parties and Lead Class Counsel, with approval of the Court) will serve as the claims payment agent for the Claims Funds (the "Claims Payment Agent"). In addition, the Lead Paying Agent may enter into an arrangement with one or more other federally insured depository institutions with branch locations in the Gulf Region (collectively, the "Gulf Region Bank") and/or another check cashing facility agreed to by BP and Lead Class Counsel, and approved by the Court that provides that checks drawn on the Fund Accounts of the Claims Funds will be eligible to be cashed or deposited in branches of the Gulf Region Bank in a manner that will expedite the recipients' access to such funds (the "Check Cashing Arrangement").

(Rec. Doc. 6430-1 at 49-50.)

> Similarly, section XXII.O of the Medical Settlement Agreement provides:
>
> The CLAIMS ADMINISTRATOR shall enter into a PAYING AGENT AGREEMENT, in form and substance reasonably satisfactory to BP and MEDICAL BENEFITS CLASS COUNSEL, and approved by the COURT, pursuant to which a federally insured depository institution, approved by BP and MEDICAL BENEFITS CLASS COUNSEL, will serve as escrow agent and LEAD PAYING AGENT for the GENERAL MEDICAL CLAIMS FUND. The LEAD PAYING AGENT shall enter into the CHECK CASHING ARRANGEMENT with the GULF REGION BANK that provides that checks drawn on the GENERAL MEDICAL CLAIMS FUND will be eligible to be cashed or deposited in branches of the GULF REGION BANK in a manner that will expedite the recipients' access to such funds. Additionally, the LEAD PAYING AGENT may enter into an arrangement with a check-cashing facility agreed to by BP and MEDICAL BENEFITS CLASS COUNSEL and approved by the COURT. . . .

(Rec. Doc. 6427-1 at 164.)

The parties submit that the Court's approval of the Paying Agent Agreements will serve the interests of class members in obtaining full and speedy compensation under the Settlement Agreements, and therefore request that the Court approve the agreements.

## III.     Class Representatives' Motion for Appointment of Escrow Agent

To establish the Common Benefit Fund, the Class Representatives request that the Court appoint JPMorgan Chase Bank, N.A., as Escrow Agent for the Common Benefit Fund. The establishment of an escrow account at JPMorgan Chase Bank, N.A. will protect the assets of the Common Benefit Fund and ensure that distributions from such fund are only made upon an order of the Court. BP does not oppose this request.

## IV.     Class Representatives' Motion for Appointment of Common Benefit Fund Administrator

The Class Representatives request that the Court appoint Philip A. Garrett, CPA, of Bush, Louisiana, as administrator of the Common Benefit Fund. Mr. Garrett is a certified public accountant with a B.S. in accounting from the University of New Orleans and more than 35 years of experience. The Class Representatives submit that his appointment will facilitate the parties' agreement with respect to the payment of attorneys' fees and costs. BP does not oppose this request.

## CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter an order granting the relief requested.

May 11, 2012                                              Respectfully submitted,


*/s/ Stephen J. Herman*                                   */s/ James Parkerson Roy*
Stephen J. Herman, La. Bar No. 23129      James Parkerson Roy, La. Bar No. 11511
HERMAN HERMAN KATZ & COTLAR               DOMENGEAUX WRIGHT ROY &
LLP                                       EDWARDS LLC
820 O'Keefe Avenue                        556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113              Lafayette, Louisiana 70501
Telephone: (504) 581-4892                 Telephone: (337) 233-3033
Fax No. (504) 569-6024                    Fax No. (337) 233-2796
E-Mail: sherman@hhkc.com                  E-Mail: jimr@wrightroy.com

*Lead Class Counsel*                      *Lead Class Counsel*


## ADDITIONAL CLASS COUNSEL

Joseph F. Rice                            Conrad S.P. "Duke" Williams
MOTLEY RICE LLC                           WILLIAMS LAW GROUP
28 Bridgeside Blvd.                       435 Corporate Drive, Suite 101
Mount Pleasant, SC 29464                  Maison Grand Caillou
Office:  (843) 216-9159                   Houma, LA 70360
Telefax: (843) 216-9290                   Office:  (985) 876-7595
E-Mail:  jrice@motleyrice.com             Telefax: (985) 876-7594
                                          E-Mail:  duke@williamslawgroup.org

Brian H. Barr                             Robin L. Greenwald
LEVIN, PAPANTONIO, THOMAS,                WEITZ & LUXENBERG, PC
MITCHELL, ECHSNER & PROCTOR, PA           700 Broadway
316 South Baylen St., Suite 600           New York, NY  10003
Pensacola, FL 32502-5996                  Office:  (212) 558-5802
Office:  (850) 435-7045                   Telefax: (212) 344-5461
Telefax: (850) 436-6187                   E-Mail:  rgreenwald@weitzlux.com
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

| | |
|---|---|
| Calvin C. Fayard, Jr.<br>FAYARD & HONEYCUTT<br>519 Florida Avenue, SW<br>Denham Springs, LA  70726<br>Office:  (225) 664-4193<br>Telefax: (225) 664-6925<br>E-Mail:  calvinfayard@fayardlaw.com | Mikal C. Watts<br>WATTS GUERRA CRAFT, LLP<br>Four Dominion Drive, Building 3, Suite 100<br>San Antonio, TX 78257<br>Office: (210) 447-0500<br>Telefax: (210) 447-0501<br>E-Mail:  mcwatts@wgclawfirm.com |

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

| | |
|---|---|
| James J. Neath<br>Mark Holstein<br>BP AMERICA INC.<br>501 Westlake Park Boulevard<br>Houston, TX  77079<br>Telephone:  (281) 366-2000<br>Telefax:  (312) 862-2200 | */s/ Richard C. Godfrey, P.C.*              .<br>Richard C. Godfrey, P.C.<br>J. Andrew Langan, P.C.<br>Andrew B. Bloomer, P.C.<br>Elizabeth A. Larsen<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle Street<br>Chicago, IL  60654 |
| Ellen K. Reisman<br>ARNOLD & PORTER LLP<br>777 South Figueroa Street<br>Los Angeles, CA 90017-5844 | Jeffrey Bossert Clark<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005 |
| James P. Joseph<br>Ethan P. Greene<br>ARNOLD & PORTER LLP<br>555 Twelfth Street, NW<br>Washington, DC 20004-1206<br><br>*Of Counsel* | */s/ Don K. Haycraft*              .<br>Don K. Haycraft (Bar #14361)<br>R. Keith Jarrett (Bar #16984)<br>LISKOW & LEWIS<br>701 Poydras Street, Suite 5000<br>New Orleans, Louisiana 70139<br>Telephone:  (504) 581-7979<br>Telefax:  (504) 556-4108<br><br>Robert C. "Mike" Brock<br>COVINGTON & BURLING LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004<br>Telephone:  (202) 662-5985<br>Telefax:  (202) 662-6291 |

***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.***
***AND BP AMERICA PRODUCTION COMPANY***

11

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of May, 2012.

/s/ Don K. Haycraft