UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 <br><br> Relates to: 2:12-cv-00988 | MDL No.: 2:10-md-2179 <br><br> SECTION "J" <br><br> JUDGE BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |

PLAINTIFFS' MOTION TO REMAND

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, COBY ESPONGE, *et al.*, who respectfully move this Honorable Court to remand this action to the 32nd Judicial District Court, Terrebonne Parish, State of Louisiana, the court from which it was removed, in accordance with 28 U.S.C. § 1441 *et seq.* The remand of this action is justified for the following reasons:

1.

On March 29, 2012 this action commenced in the 32nd Judicial District Court, Terrebonne Parish, State of Louisiana, Docket No. 166367, Division E, Judge Randall L. Bethancourt, entitled *Coby Esponge, et al. v. BP, PLC, et al. See* Exhibit A, Notice of Removal to Clerk of Court for State Action filed by BP America Production Company and BP Exploration & Production Inc. on behalf of itself and the defendants named therein on April 18, 2012. On April 18, 2012, defendants BP America Production Company and BP Exploration & Production Inc. (together referred to as "BP") removed this case to the District Court for the Eastern District of Louisiana. BP removed this matter alleging that this Court has subject matter jurisdiction over

Oil Pollution Act ("OPA") claims and claims under the Outer Continental Shelf Lands Act ("OCSLA").

2.

Complete diversity, as required by the general removal statute, 28 U.S.C. § 1441, does not exist in this case. It is undisputed that plaintiffs and defendants, Weatherford U.S. L.P. and Airborne Support International, Inc., are Louisiana citizens. As such, removal to federal court is inappropriate because Louisiana defendants exist in this case.

3.

Removal is improper because OPA provides concurrent state court jurisdiction and saves to suitors under OPA the right to proceed in state court and therefore does not provide a basis for federal question removal jurisdiction.

4.

Removal is improper in this case because there is no *in personam* removal jurisdiction under the general maritime law.

5.

Removal is improper because Plaintiffs have not made any claims under the OCSLA and, alternatively, claims made under OCSLA enjoy concurrent jurisdiction in which state courts are better postured to hear such cases. Additionally, OCSLA does not grant removal jurisdiction absent a federal question. Therefore, this case should be remanded to state court pursuant to the forum defendant rule contained in 28 U.S.C. §1441(b).

**WHEREFORE**, plaintiffs move this Court for an order granting remand of this action to the state court from which it was removed for the reasons stated above and more fully set forth in the attached memorandum. Plaintiffs further respectfully request that this Court grant plaintiffs

their just expenses and actual costs, including attorney's fees pursuant to 28 U.S.C. §1447(c); and grant plaintiffs all other appropriate relief.

>Respectfully submitted,
>**SMITH STAG, L.L.C.**
>s/Michael G. Stag
>Stuart H. Smith, No. 17805
>Michael G. Stag, No. 23314
>One Canal Place
>365 Canal Street, Suite 2850
>New Orleans, LA 70130
>(504) 593-9600 Telephone
>(504) 593-9601 Facsimile
>
>**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that I have served a copy of this pleading on all counsel of record by either facsimile or by U.S. Mail, postage prepaid and properly addressed, this 17th day of May, 2012.

s/Michael G. Stag