UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF O'BRIEN'S RESPONSE MANAGEMENT INC. AND NATIONAL RESPONSE CORPORATION'S MOTION FOR SUMMARY <u>JUDGMENT ON DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS</u>**

**TABLE OF CONTENTS**

                                                                                 **Page**

INTRODUCTION ..................................................................................................................... 1
FACTUAL BACKGROUND ..................................................................................................... 2
ARGUMENT .............................................................................................................................. 4
    I.     O'BRIEN'S AND NRC HAVE DERIVATIVE CLEAN WATER ACT
           IMMUNITY ................................................................................................................ 4
    II.    ALTERNATIVELY, O'BRIEN'S AND NRC HAVE DERIVATIVE
           DISCRETIONARY FUNCTION IMMUNITY UNDER THE FEDERAL TORT
           CLAIMS ACT ............................................................................................................ 5
    III.   ALTERNATIVELY, THE CLAIMS AGAINST O'BRIEN'S AND NRC IN THE
           B3 BUNDLE MASTER  COMPLAINT ARE PREEMPTED ........................................... 6
CONCLUSION ........................................................................................................................... 7

O'Brien's Response Management Inc. ("O'Brien's") and National Response Corporation ("NRC") respectfully submit this Memorandum in Support of their Motion for Summary Judgment on Derivative Immunity and Preemption Grounds to supplement the Joint Memorandum submitted by the Clean-Up Responder Defendants (which is hereby incorporated in its entirety by reference). O'Brien's and NRC seek dismissal with prejudice of all remaining claims that have been asserted against them in the First Amended Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 1812) (hereinafter the "B3 Bundle Master Complaint").[1]

## INTRODUCTION

O'Brien's is largely a shore-based organization that provides emergency preparedness and response management services to its clients in a variety of industries, including the oil and energy industries.[2] NRC is a classified oil spill removal organization pursuant to the United States Coast Guard's Oil Spill Removal Organization program and maintains certain mandatory equipment (such as containment booms and other oil-skimming equipment) and trained personnel to operate that equipment.[3] In the hours immediately following the explosion on the DEEPWATER HORIZON on April 20, 2010, both O'Brien's and NRC were mobilized to assist

---

[1] O'Brien's is incorrectly identified in the B3 Bundle Master Complaint as "O'Brien Response Management, Inc." As set forth in the Joint Memorandum filed by the Clean-Up Responder Defendants, following the Court's ruling on the motions to dismiss filed by certain of the Clean-Up Responder Defendants, only two causes of action in the B3 Bundle Master Complaint remain against O'Brien's and NRC: (i) Negligence (Third Claim for Relief - ¶¶ 240-49) and (ii) Gross Negligence (Fourth Claim for Relief - ¶¶ 250-57).

[2] *See* Statement of Undisputed Material Facts in Support of O'Brien's and NRC's Motion for Summary Judgment on Derivative Immunity and Preemption Grounds (hereinafter "O'Brien's/NRC SUMF") at ¶ 1.

[3] *See* O'Brien's/NRC SUMF at ¶ 2; *see also* 33 C.F.R. § 155.1035(i)(6); Guidelines for the U.S. Coast Guard Oil Spill Removal Organization Classification Program, *available at* http://www.uscg.mil/hq/nsfweb/nsf/nsfcc/ops/ResponseSupport/RRAB/OSRODoc/OSROGuidelines2007draft.pdf (last visited May 16, 2012).

with the unfolding disaster.[4]  Throughout the federal government's unprecedented response to this Spill of National Significance, the companies and their employees were subject to the ultimate authority and direction of the federal government within the Incident Command System ("ICS"), the command and control organizational structure and management process used by the United States Department of Homeland Security to execute the oil spill response efforts.[5]

In accordance with Magistrate Judge Shushan's Schedule for Limited B3 Discovery (Rec. Doc. 5000) and the Court's subsequent Order re-affirming that schedule (Rec. Doc. 6247), O'Brien's and NRC now renew their derivative immunity and implied preemption arguments via this motion for summary judgment.  As set forth in the Joint Memorandum filed by the Clean-Up Responder Defendants, and as further explained below, the indisputable facts demonstrate that the federal government was in charge of and directed the response to the DEEPWATER HORIZON oil spill, that the federal government validly conferred authority upon O'Brien's and NRC to conduct response operations, and that neither O'Brien's nor NRC exceeded the scope of that authority during the response.  As a result, O'Brien's and NRC are entitled to derivative immunity under the Clean Water Act ("CWA") and/or the Federal Tort Claims Act ("FTCA").  Alternatively, the claims in the B3 Bundle Master Complaint against O'Brien's and NRC are barred by the doctrine of implied conflict preemption.

## FACTUAL BACKGROUND

O'Brien's and NRC incorporate by reference the factual background set forth in the Joint Memorandum filed by the Clean-Up Responder Defendants, and provide the following additional details regarding their own specific roles in the DEEPWATER HORIZON response efforts.

---

[4] *See* O'Brien's/NRC SUMF at ¶ 3.

[5] *See* O'Brien's/NRC SUMF at ¶ 4.

2

During the course of the response, O'Brien's employees filled various positions at the Unified Area Command ("UAC") headquarters and at the five Incident Command Posts ("ICPs") established by the United States Coast Guard.[6]  Unlike various other Clean-Up Responder Defendants, O'Brien's did not provide any physical response resources—such as vessels, boom, skimming equipment, aircraft, or dispersant chemicals—during the response.[7]  Rather, O'Brien's employees participated in the clean-up operations (including the aerial dispersant and *in situ* burning operations) in accordance with their positions within the ICS.[8]  In all of these positions, O'Brien's and its employees acted under the leadership and at the direction of the FOSC (the federal official designated to direct the response to the DEEPWATER HORIZON oil spill), the FOSC's representatives ("FOSCRs"), and/or other federal officials.[9]  At all times during the DEEPWATER HORIZON response, O'Brien's and its employees complied with all governmental directives and authorizations relating to their functions and operations and did not exceed those directives and authorizations.[10]

NRC was called upon to mobilize its equipment and personnel to assist with various aspects of the DEEPWATER HORIZON response efforts, as directed by the UAC.[11]  NRC equipment and personnel were involved with the skimming, booming, onshore clean-up, vessel decontamination, and dispersant operations conducted out of certain of the ICPs.[12]  In addition,

---

[6] *See* O'Brien's/NRC SUMF at ¶ 5.

[7] *See* O'Brien's/NRC SUMF at ¶ 6.

[8] *See* O'Brien's/NRC SUMF at ¶ 7.  At no time during the DEEPWATER HORIZON response was O'Brien's involved with any sub-sea dispersant operations.  *See* O'Brien's/NRC SUMF at ¶ 9.

[9] *See* O'Brien's/NRC SUMF at ¶ 8.

[10] *See* O'Brien's/NRC SUMF at ¶ 10.

[11] *See* O'Brien's/NRC SUMF at ¶ 11.

[12] *See* O'Brien's/NRC SUMF at ¶ 12.  At no time during the DEEPWATER HORIZON response was NRC involved with any sub-sea dispersant operations or *in situ* burning operations.  *See* O'Brien's/NRC SUMF at ¶ 13.

3

several NRC employees also filled various positions within the ICS and provided support to the FOSCRs and other officials occupying positions in the incident command structure.[13] In all of these positions, NRC and its employees acted under the leadership and at the direction of the FOSC, the FOSCRs, and/or other federal officials.[14] At all times during the DEEPWATER HORIZON response, NRC and its employees complied with all governmental directives and authorizations relating to their functions and operations and did not exceed those directives and authorizations.[15]

## ARGUMENT

O'Brien's and NRC incorporate by reference the applicable law as set forth in the Joint Memorandum filed by the Clean-Up Responder Defendants, as well as the general application of that law to the claims against the Clean-Up Responder Defendants in the B3 Bundle Master Complaint. In this section, O'Brien's and NRC will further explain why they are entitled to derivative immunity and, alternatively, why the remaining claims against them in the B3 Bundle Master Complaint are preempted.

### I.     O'BRIEN'S AND NRC HAVE DERIVATIVE CLEAN WATER ACT IMMUNITY

Because the "limited B3 discovery" has confirmed that O'Brien's and NRC performed the actions that are the subject of the B3 Bundle Master Complaint pursuant to the authorization, direction, and ultimate control of the federal government, O'Brien's and NRC must share in the federal government's broad immunity for such actions under the CWA. *See* 33 U.S.C. § 1321(j)(8) ("The United States Government is not liable for any damages arising from its actions or omissions relating to any response plan required by this section."). Indeed, the CWA provides

---

[13] *See* O'Brien's/NRC SUMF at ¶ 14.

[14] *See* O'Brien's/NRC SUMF at ¶ 15.

[15] *See* O'Brien's/NRC SUMF at ¶ 16.

4

absolute immunity to the federal government in connection with oil spill response efforts and, to protect the unique federal interests over this area of significant national concern, O'Brien's and NRC must share in such immunity. Consequently, this Court should grant summary judgment to O'Brien's and NRC and dismiss all remaining claims against them in the B3 Bundle Master Complaint with prejudice.

Private entities such as O'Brien's and NRC are entitled to derivative federal immunity when they perform work pursuant to the authorization and direction of the federal government and the acts of which plaintiffs complain fall within the scope of those government directives. *See Yearsley v. W.A. Ross Constr.*, 309 U.S. 18, 20-21 (1940); *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 206-07 (5th Cir. 2009). As explained in the Joint Memorandum filed by the Clean-Up Responder Defendants, there can be no doubt that the federal government was exercising legitimate authority in directing the response to the DEEPWATER HORIZON oil spill. And as set forth above, throughout the federal government's unprecedented response to this Spill of National Significance, O'Brien's, NRC, and their employees were subject to the ultimate authority and direction of the federal government within the ICS and did not exceed or disobey the government's directives at any time.[16] Thus, O'Brien's and NRC are entitled to share derivatively in the federal government's absolute immunity under the CWA and should be granted summary judgment.

## II. ALTERNATIVELY, O'BRIEN'S AND NRC HAVE DERIVATIVE DISCRETIONARY FUNCTION IMMUNITY UNDER THE FEDERAL TORT CLAIMS ACT

For essentially the same reasons, though the Court need not reach the issue, O'Brien's and NRC are also entitled to derivative discretionary function immunity under the Federal Tort

---

[16] *See* O'Brien's/NRC SUMF at ¶¶ 8, 10, 15-16.

Claims Act ("FTCA").  *See* 28 U.S.C. § 2680(a) (barring claims against the federal government "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused"); *Hix v. U.S. Army Corps of Eng'rs*, 155 Fed. App'x 121, 125 (5th Cir. 2005) (recognizing that discretionary function immunity "also extends to contractors who work to implement programs as agents of the federal government").

As explained in the Joint Memorandum filed by the Clean-Up Responders, the general principles of *Yearsley* govern the issue of private entities' entitlement to derivative discretionary function immunity.  *See Chesney v. Tennessee Valley Auth.*, 782 F. Supp. 2d 570, 581-82 (E.D. Tenn. 2011).  Moreover, as further explained in the Joint Memorandum filed by the Clean-Up Responder Defendants, there can be no doubt that employees and/or agencies of the federal government would enjoy discretionary function immunity for their actions in responding to the DEEPWATER HORIZON oil spill.  Thus, because it is indisputable that the federal government validly conferred authority upon O'Brien's and NRC during the response and that neither O'Brien's nor NRC exceeded that authority, O'Brien's and NRC should also be granted summary judgment because they are entitled to derivative discretionary function immunity under the FTCA.

### III.  ALTERNATIVELY, THE CLAIMS AGAINST O'BRIEN'S AND NRC IN THE B3 BUNDLE MASTER COMPLAINT ARE PREEMPTED

Although the Court need not reach this issue to grant O'Brien's and NRC summary judgment, the remaining claims in the B3 Bundle Master Complaint are also subject to dismissal in accordance with the doctrine of implied conflict preemption under the unique circumstances of this case.  As explained in the Joint Memorandum filed by the Clean-Up Responder Defendants, the claims asserted against O'Brien's and NRC in the B3 Bundle Master Complaint

conflict with the comprehensive federal response scheme set forth in the CWA, OPA, and the NCP because O'Brien's and NRC were compelled by federal law to obey the daily directives issued by the FOSC, the FOSCRs, and/or other federal officials in responding to the DEEPWATER HORIZON spill—the only spill ever to be designated a Spill of National Significance. Accordingly, O'Brien's and NRC are entitled to summary judgment because the remaining claims in the B3 Bundle Master Complaint are barred by the doctrine of implied conflict preemption.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Joint Memorandum filed by the Clean-Up Responder Defendants, O'Brien's and NRC respectfully request that they be granted summary judgment such that the remaining claims against them in the B3 Bundle Master Complaint be dismissed with prejudice.

Dated: May 18, 2012

        Respectfully submitted,

        /s/ Michael J. Lyle
        Michael J. Lyle (DC #475078, IL #6199227)
        Eric C. Lyttle (DC Bar #482856)
        WEIL, GOTSHAL & MANGES LLP
        1300 Eye Street, NW, Suite 900
        Washington, D.C. 20005
        Telephone: (202) 682-7157
        Facsimile: (202) 857-0940

        Theodore E. Tsekerides (NY #2609642)
        Jeremy T. Grabill (NY #4501755)
        Sylvia E. Simson (NY #4803342)
        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York  10153
        Telephone: (212) 310-8218
        Facsimile: (212) 310-8007

        Patrick E. O'Keefe (LA Bar #10186)
        Philip S. Brooks, Jr. (LA Bar #21501)
        MONTGOMERY, BARNETT, BROWN, REED,
            HAMMOND & MINTZ, LLP
        3300 Energy Centre
        1100 Poydras Street
        New Orleans, LA 70163-3300
        Telephone: (504) 585-3200
        Facsimile: (504) 585-7688

        *Attorneys for O'Brien's Response Management Inc.*
        *and National Response Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in Support of O'Brien's Response Management Inc. and National Response Corporation's Motion for Summary Judgment on Derivative Immunity and Preemption Grounds has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of May, 2012.

/s/ Michael J. Lyle
Michael J. Lyle