**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  OIL SPILL by the OIL RIG                 :    MDL NO. 2179
           "DEEPWATER HORIZON" in the        :
           GULF OF MEXICO, on                      :
           APRIL 20, 2010                              :
                                        :    SECTION: J
                                          :
THIS DOCUMENT RELATES TO:              :
                                          :
*ALL CASES IN PLEADING BUNDLE*        :
*SECTION III.B(3)*                               :    JUDGE BARBIER
                                          :    MAG. JUDGE SHUSHAN
                                          :

. . . . . . . . . . . . . . . . . . . . . . . .  :  . . . . . . . . . . . . . . . . . . . . . .

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF**
**O'BRIEN'S RESPONSE MANAGEMENT INC. AND NATIONAL RESPONSE**
**CORPORATION'S MOTION FOR SUMMARY JUDGMENT ON**
**<u>DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS</u>**

Pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1, O'Brien's Response Management Inc. ("O'Brien's") and National Response Corporation ("NRC") respectfully submit the following Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment on Derivative Immunity and Preemption Grounds.

1.    O'Brien's is largely a shore-based organization that provides emergency preparedness and response management services to its clients in a variety of industries, including the oil and energy industries.  *See* Ex. 1 – Declaration of K. Tim Perkins in Support of O'Brien's Motion for Summary Judgment on Derivative Immunity and Preemption Grounds (hereinafter "Perkins Decl.") at ¶ 3.

2.    NRC is a classified oil spill removal organization pursuant to the United States Coast Guard's Oil Spill Removal Organization program and maintains certain mandatory equipment (such as containment booms and other oil-skimming equipment) and trained personnel to operate that equipment.  *See* Ex. 2 – Declaration of Steven Candito in Support of NRC's Motion for Summary Judgment on Derivative Immunity and Preemption Grounds (hereinafter "Candito Decl.") at ¶ 3.

3.    In the hours immediately following the explosion on the DEEPWATER HORIZON on April 20, 2010, both O'Brien's and NRC were mobilized to assist with the unfolding disaster. *See* Ex. 1 – Perkins Decl. at ¶ 4; Ex. 2 – Candito Decl. at ¶ 4.

4.    Throughout the federal government's unprecedented response to this Spill of National Significance, O'Brien's, NRC, and the companies' employees were subject to the ultimate authority and direction of the federal government within the Incident Command System ("ICS"), the command and control organizational structure and management process used by the United

1

States Department of Homeland Security to execute the oil spill response efforts.  *See* Ex. 1 – Perkins Decl. at ¶¶ 5, 14; Ex. 2 – Candito Decl. at ¶¶ 6, 14.

5.    During the course of the response, O'Brien's employees filled various positions at the Unified Area Command ("UAC") headquarters and at the five Incident Command Posts ("ICPs") established by the United States Coast Guard.  *See* Ex. 1 – Perkins Decl. at ¶ 5.

6.    Unlike various other Clean-Up Responder Defendants, O'Brien's did not provide any physical response resources—such as vessels, boom, skimming equipment, aircraft, or dispersant chemicals—during the response.  *See* Ex. 1 – Perkins Decl. at ¶ 6.

7.    O'Brien's employees participated in the clean-up operations (including the aerial dispersant and *in situ* burning operations) in accordance with their positions within the ICS.  *See* Ex. 1 – Perkins Decl. at ¶¶ 7, 10.

8.    In all of these positions, O'Brien's and its employees acted under the leadership and at the direction of the FOSC (the federal official designated to direct the response to the DEEPWATER HORIZON oil spill), the FOSC's representatives ("FOSCRs"), and/or other federal officials.  *See* Ex. 1 – Perkins Decl. at ¶¶ 5, 14.

9.    At no time during the DEEPWATER HORIZON response was O'Brien's involved with any sub-sea dispersant operations.  *See* Ex. 1 – Perkins Decl. at ¶ 8.

10.   At all times during the DEEPWATER HORIZON response, O'Brien's and its employees complied with all governmental directives and authorizations relating to their functions and operations and did not exceed those directives and authorizations.  *See* Ex. 1 – Perkins Decl. at ¶ 15.

11.   NRC was called upon to mobilize its equipment and personnel to assist with various aspects of the DEEPWATER HORIZON response efforts, as directed by the UAC.  *See* Ex. 2 – Candito Decl. at ¶ 5.

12.   NRC equipment and personnel were involved with the skimming, booming, onshore clean-up, vessel decontamination, and dispersant operations conducted out of certain of the ICPs. *See* Ex. 2 – Candito Decl. at ¶ 5.

13.   At no time during the DEEPWATER HORIZON response was NRC involved with any sub-sea dispersant operations or *in situ* burning operations.  *See* Ex. 2 – Candito Decl. at ¶¶ 10, 11.

14.   Several NRC employees also filled various positions within the ICS and provided support to the FOSCRs and other officials occupying positions in the incident command structure.  *See* Ex. 2 – Candito Decl. at ¶ 6.

15.   In all of these positions, NRC and its employees acted under the leadership and at the direction of the FOSC, the FOSCRs, and/or other federal officials.  *See* Ex. 2 – Candito Decl. at ¶¶ 5, 6, 14.

16.   At all times during the DEEPWATER HORIZON response, NRC and its employees complied with all governmental directives and authorizations relating to their functions and operations and did not exceed those directives and authorizations.  *See* Ex. 2 – Candito Decl. at ¶ 15.

Dated: May 18, 2012

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle (DC #475078, IL #6199227)
Eric C. Lyttle (DC Bar #482856)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940

Theodore E. Tsekerides (NY #2609642)
Jeremy T. Grabill (NY #4501755)
Sylvia E. Simson (NY #4803342)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

Patrick E. O'Keefe (LA Bar #10186)
Philip S. Brooks, Jr. (LA Bar #21501)
MONTGOMERY, BARNETT, BROWN, REED,
    HAMMOND & MINTZ, LLP
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688

*Attorneys for O'Brien's Response Management Inc.
and National Response Corporation*

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the above and foregoing Statement of Undisputed Material Facts in Support of O'Brien's Response Management Inc. and National Response Corporation's Motion for Summary Judgment on Derivative Immunity and Preemption Grounds has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of May, 2012.

/s/ Michael J. Lyle
Michael J. Lyle