UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## AIRBORNE SUPPORT, INC. AND AIRBORNE SUPPORT INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT ON DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS

Airborne Support, Inc. and Airborne Support International, Inc. (sometimes collectively referred to herein as "Airborne Support" or "Defendants") respectfully move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and seek dismissal, with prejudice, of all remaining claims which have been asserted against these Defendants in the Plaintiffs' First Amended Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 1812) (hereinafter the "B3 Bundle Master Complaint").[1]

On April 20, 2010, an explosion and fire on board the mobile offshore drilling unit *DEEPWATER HORIZON* in the Gulf of Mexico resulted in an oil spill that President of the United States described as "the worst environmental disaster America has ever faced." Airborne Support did not cause or contribute in any way to the April 20, 2010 explosion, fire and/or

---

[1] As set forth in the Joint Memorandum filed by the Clean-Up Responder Defendants, following the Court's ruling on the motions to dismiss filed by certain of the Clean-Up Responder Defendants, only two causes of action in the B3 Bundle Master Complaint remain against Airborne Support: (i) Negligence (Third Claim for Relief - ¶¶ 240-49) and (ii) Gross Negligence (Fourth Claim for Relief - ¶¶ 250-57). See, Amended Order and Reasons issued October 4, 2011 (MDL-2179 Rec. Doc. No. 4209).

resulting oil spill. These Defendants had nothing whatsoever to do with the operations of the *DEEPWATER HORIZON* or the Macondo 252 well. Indeed, no one alleges that these Defendants played any role in causing the blowout, the fire, the sinking of the *DEEPWATER HORIZON* and/or the resulting flow of oil from the Macondo 252 well. Additionally, Airborne Support had no involvement with efforts to cap the well. Rather, Airborne Support is now being sued for responding to this national environmental disaster as part of the federally mandated and controlled clean-up effort in the days, weeks, and months following the spill.[2]

As set forth in the attached Memorandum in Support, as well as the Joint Memorandum filed by the Clean-Up Responder Defendants, all of which are adopted and incorporated herein by reference pursuant to Rule 10 of the Federal Rules of Civil Procedure, because Airborne Support's spill response activities were authorized, directed, and ultimately controlled by the federal government pursuant to the Clean Water Act ("CWA") and the National Contingency Plan ("NCP"), Airborne Support is entitled to derivative federal immunity for such activities. In sum, the CWA provides absolute immunity to the federal government in connection with oil spill response efforts and, to protect the government's discretionary authority over this area of significant federal interest, Airborne Support must share in such immunity. Accordingly, Airborne Support respectfully submits that summary judgment should be granted, dismissing all Plaintiffs' claims against these Defendants with prejudice.

---

[2] As set forth in the attached Memorandum in Support, Airborne Support International, Inc. had no involvement in any operations conducted during the *DEEPWATER HORIZON* oil spill response, and there is no evidence to support any cause of action or theory of liability against this Defendant. While Airborne Support International, Inc. is entitled to summary judgment on this basis alone, to the extent any of the *DEEPWATER HORIZON* response activities conducted by Airborne Support, Inc. may be attributable to Airborne Support International, Inc., which is specifically denied, Airborne Support International, Inc. is entitled to summary judgment based on the same immunities and protections which bar Airborne Support, Inc.'s liability for such activities.

Alternatively, summary judgment in favor of these Defendants is warranted because Airborne Support has derivative discretionary function immunity under the Federal Tort Claims Act and because the claims against Airborne Support are barred by the doctrine of implied conflict preemption.

WHEREFORE, Defendants, Airborne Support, Inc. and Airborne Support International, Inc., pray for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, dismissing, with prejudice, all remaining claims which have been asserted in the Plaintiffs' First Amended Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 1812) against Airborne Support, Inc. and Airborne Support International, Inc.

Dated: May 18, 2012

Respectfully submitted,

LABORDE & NEUNER

By:  /s/ Ben L. Mayeaux
FRANK X. NEUNER, JR. - #7674 ("TC")
(FNeuner@ln-law.com)
BEN L. MAYEAUX - #19042
(BMayeaux@ln-law.com)
JED M. MESTAYER - #29345
(JMestayer@ln-law.com)
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana  70503
Phone:  (337) 237-7000
Facsimile:  (337) 233-9450

*Attorneys for Defendants, Airborne Support, Inc. and Airborne Support International, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Airborne Support, Inc. and Airborne Support International, Inc.'s Motion for Summary Judgment on Derivative Immunity and Preemption Grounds has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of May, 2012.

/s/ Ben L. Mayeaux
COUNSEL
