UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**DYNAMIC AVIATION GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT ON DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS**

Dynamic Aviation Group, Inc. (hereinafter referred to as "Dynamic") respectfully moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure seeking dismissal with prejudice of all remaining claims that have been asserted against it in the First Amended Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 1812) (hereinafter the "B3 Bundle Master Complaint").[1]

On April 20, 2010, an explosion on board the DEEPWATER HORIZON in the Gulf of Mexico resulted in an oil spill that President Barack Obama described as "the worst environmental disaster America has ever faced." Dynamic played no role whatsoever in the cause of the initial explosion or the resulting oil spill. Indeed, Dynamic had nothing to do with the construction or operations of the DEEPWATER HORIZON, and no party alleges that Dynamic played any role in causing the blowout, the fire, the sinking of the rig, or the resulting

---

[1] As set forth in the Joint Memorandum filed by the Clean-Up Responder Defendants, following the Court's ruling on the motions to dismiss filed by certain of the Clean-Up Responder Defendants, only two causes of action in the B3 Bundle Master Complaint remain against Dynamic: (i) Negligence (Third Claim for Relief - ¶¶ 240-49) and (ii) Gross Negligence (Fourth Claim for Relief - ¶¶ 250-57).

oil spill. Further, no party has alleged that Dynamic was involved with any efforts to cap the well. Rather, Dynamic played a small role in responding to this environmental disaster as part of the federally mandated and controlled clean-up effort. Now Dynamic is being sued in the B3 Bundle Master Complaint for its role in the complex clean-up effort that the federal government orchestrated in the days, weeks, and months after the spill.

For the reasons set forth in the attached Memorandum in Support, as well as the Joint Memorandum filed by the Clean-Up Responder Defendants[2], because the federal government authorized, directed, and ultimately controlled the actions of Dynamic alleged in the B3 Bundle Master Complaint pursuant to the Clean Water Act ("CWA") and the National Contingency Plan, Dynamic has derivative federal immunity for such activities. In short, the CWA provides absolute immunity to the federal government in connection with oil spill response efforts and, to protect the government's discretionary authority over this area of significant federal interest, Dynamic must share in such immunity. Consequently, this Court should grant the instant motion and dismiss all claims in the B3 Bundle Master Complaint alleged against Dynamic with prejudice.

Alternatively, Dynamic is also entitled to summary judgment, because Dynamic has discretionary function immunity under the Federal Tort Claims Act and because the claims against Dynamic in the B3 Bundle Master Complaint are barred by the doctrine of implied conflict preemption.

WHEREFORE, Dynamic Aviation Group, Inc. prays for the dismissal of all remaining claims in the B3 Bundle Master Complaint alleged against it, with prejudice.

---

[2] Rec. Doc. 6535-2

Respectfully submitted,

/s/ *Leo R. McAloon, III*
Leo R. McAloon , III (NO. 19044)
Email Address: lmcaloon@glllaw.com
Michael D. Cangelosi (NO. 30427)
Email Address: mcangelosi@glllaw.com
Gieger, Laborde & Laperouse, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
*Attorneys for Dynamic Aviation Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on all counsel of record by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of May, 2012.

/s/ Leo R. McAloon, III