UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | JUDGE BARBIER MAG. JUDGE SHUSHAN |

**LYNDEN, INC.'S STATEMENT OF UNCONTESTED FACTS
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Now into Court, through undersigned counsel, comes defendant Lynden, Inc. to: (1) adopt the Joint Statement of Undisputed Material Facts in Support of Clean-Up Responder Defendants' Motions for Summary Judgment on Derivative Immunity and Preemption Grounds; and (2) supplement that Joint Statement with the following specific facts as to defendant Lynden, Inc.

1.  Lynden Air Cargo, LLC is an Alaska company that is a wholly-owned subsidiary of Lynden, Inc., a Washington State Corporation with its principal place of business in Seattle, Washington.

2.  Lynden Air Cargo, LLC and Lynden, Inc. are distinct and corporate formalities are strictly observed and maintained.

3.  Lynden, Inc. did not participate in the oil spill clean-up response.

4.  Lynden Air Cargo, LLC provides air cargo transportation services and is a standby oil spill response provider. Lynden Air Cargo, LLC maintains a fleet of L-382G

Hercules aircraft and trained personnel.

5. Five days after the explosion on the DEEPWATER HORIZON, Lynden Air Cargo, LLC was contacted and asked if it could assist in the unfolding clean-up efforts.

6. Thereafter, BP contracted with Lynden Air Cargo, LLC and Lynden Air Cargo, LLC mobilized an L-382G Hercules aircraft to assist with the response effort.

7. On or about June 2, 2010, Lynden Air Cargo, LLC mobilized one additional L-382G Hercules aircraft to assist with the oil spill response effort. Both of these aircraft were equipped with ADDS packs which are the tanks that hold the dispersant and the spray wands and associated equipment.

8. Throughout the DEEPWATER HORIZON response efforts, Lynden Air Cargo, LLC served as a contractor to BP, but was subject to the ultimate authority and direction of the federal government, as described below.

9. Lynden Air Cargo, LLC was called upon to mobilize its aircraft and personnel to assist with the response as directed by the Unified Area Command. In so doing, Lynden Air Cargo, LLC's aircraft and personnel assisted with the application of oil dispersants to the surface of the water in the Gulf of Mexico, all as authorized and directed by the federal government.

10. During the DEEPWATER HORIZON response, the Dispersant Group in the Operations Section at the Incident Command Post in Houma, Louisiana managed all aerial dispersant operations.

11. The Dispersant Group at Incident Command Post in Houma ran its operations out of two airports – the NASA Stennis Space Center in Mississippi and the

Houma-Terrebonne Airport in Houma, Louisiana. Each airport had a liaison to the Dispersant Group at Incident Command Post in Houma, such that the Incident Command Post was privy to all of the details of the operations going on at the two airports.

12. Operations at both airports had separate spray aircraft and spotter aircraft, such that a spotter aircraft accompanied all dispersant spray aircraft to ensure no boats or platforms were located in the planned dispersant deployment area.

13. Lynden Air Cargo, LLC personnel participated in the aerial dispersant operations conducted out of the NASA Stennis Space Center.

14. Government approval was necessary for all aerial dispersant operations and such authorization came exclusively from the Federal On-Scene Coordinator. Instructions with regard to where, when, and how to apply dispersants were provided by the federal government. At all times, federal government agencies, including United States Coast Guard Special Monitoring of Applied Response Technologies ("SMART") teams, monitored the aerial dispersant operations to ensure the operations were conducted safely.

15. At no time during the DEEPWATER HORIZON response was Lynden Air Cargo, LLC involved with any sub-sea dispersant operations.

16. At no time during the DEEPWATER HORIZON response was Lynden Air Cargo, LLC involved with any *in situ* burning operations.

17. During the DEEPWATER HORIZON response Lynden Air Cargo, LLC Inc. was not involved with any skimming of oil operations.

18. During the DEEPWATER HORIZON response Lynden Air Cargo, LLC was not involved with any beach clean-up efforts.

19. During the DEEPWATER HORIZON response Lynden Air Cargo, LLC was not involved with decontaminating vessels.

20. At all times, Lynden Air Cargo, LLC employees participating in the DEEPWATER HORIZON response efforts followed the instructions relayed in the Incident Action Plans, which contained detailed instructions concerning the authorized response activities that were to occur each day.

21. At all times, Lynden Air Cargo, LLC employees participating in the DEEPWATER HORIZON spill response efforts were subject to the ultimate authority and direction of the Federal On-Scene Coordinator, the Federal On-Scene Coordinator representatives, and/or other federal officials.

22. At all times during the DEEPWATER HORIZON response, Lynden Air Cargo, LLC employees complied with all governmental directives and authorizations relating to their functions and operations and never exceeded those directives and authorizations.

Respectfully submitted,

s/*Kevin R. Tully*

**KEVIN R. TULLY - BAR #1627**
**H. CARTER MARSHALL - BAR #28136**
**CHRISTOVICH & KEARNEY, LLP**
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Attorneys for Lynden, Inc.

5

**CERTIFICATE**

I hereby certify that the above and foregoing Statement of Uncontested Facts in Support of Lynden, Inc.'s Motion for Summary Judgment on Derivative Immunity and Preemption Grounds has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 18th day of May 2012.

                                                        s/*Kevin R. Tully*
                                                        KEVIN R. TULLY
                                                         H. CARTER MARSHALL