UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| ALL CASES IN PLEADING BUNDLE SECTION III.B(3) | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## DECLARATION PURSUANT TO 28 U.S.C. §1746

Pursuant to 28 U.S.C. §1746, I, Judy McKenzie, make the following declaration and were I to be called to testify as a witness I would testify as follows:

1. My name is Judy McKenzie. I am the President of Lynden Air Cargo, LLC, and have served in that capacity since before the April 20, 2010, explosion and fire on the DEEPWATER HORIZON mobile offshore drilling unit and throughout the oil spill response and clean-up efforts that ensued.

2. I submit this Declaration in support of Lynden Inc.'s Motion for Summary Judgment on Derivative Immunity and Preemption Grounds. The facts set forth herein are based on my personal knowledge and/or the books and records of Lynden Air Cargo, LLC.

3. Lynden Air Cargo, LLC is an Alaska company that is a wholly-owned subsidiary of Lynden, Inc.

4. Lynden Air Cargo, LLC provides air cargo transportation services and is a

EXHIBIT A

standby oil spill response provider. Lynden Air Cargo, LLC maintains a fleet of L-382G Hercules aircraft and trained personnel.

5. Five days after the explosion on the DEEPWATER HORIZON, Lynden Air Cargo, LLC was contacted and asked if it could assist in the unfolding clean-up efforts.

6. Thereafter, BP contracted with Lynden Air Cargo, LLC and Lynden Air Cargo, LLC mobilized an L-382G Hercules aircraft to assist with the response effort. On or about June 2, 2010, Lynden Air Cargo, LLC mobilized one additional L-382G Hercules aircraft to assist with the oil spill response effort. Both of these aircraft were equipped with ADDS packs which are the tanks that hold the dispersant and the spray wands and associated equipment.

7. Throughout the DEEPWATER HORIZON response efforts, Lynden Air Cargo, LLC served as a contractor to BP, but was subject to the ultimate authority and direction of the federal government, as described below. Lynden Air Cargo, LLC was called upon to mobilize its aircraft and personnel to assist with the response as directed by the Unified Area Command. In so doing, Lynden Air Cargo, LLC's aircraft and personnel assisted with the application of oil dispersants to the surface of the water in the Gulf of Mexico, all as authorized and directed by the federal government.

8. During the DEEPWATER HORIZON response, all aerial dispersant operations were managed by the Dispersant Group in the Operations Section at the Incident Command Post in Houma, Louisiana. The Dispersant Group at Incident Command Post in Houma ran its operations out of two airports—the NASA Stennis Space Center in Mississippi and the Houma-Terrebonne Airport in Houma, Louisiana.

Each airport had a liaison to the Dispersant Group at Incident Command Post in Houma, such that the Incident Command Post was privy to all of the details of the operations going on at the two airports. Operations at both airports had separate spray aircraft and spotter aircraft, such that all dispersant spray aircraft were accompanied by a spotter aircraft to ensure no boats or platforms were located in the planned dispersant deployment area.

9. Lynden Air Cargo, LLC personnel participated in the aerial dispersant operations conducted out of the NASA Stennis Space Center.

10. Government approval was necessary for all aerial dispersant operations and such authorization came exclusively from the Federal On-Scene Coordinator. Instructions with regard to where, when, and how to apply dispersants were provided by the federal government. At all times, federal government agencies, including United States Coast Guard Special Monitoring of Applied Response Technologies ("SMART") teams, monitored the aerial dispersant operations to ensure the operations were conducted safely.

11. At no time during the DEEPWATER HORIZON response was Lynden Air Cargo, LLC involved with any sub-sea dispersant operations.

12. At no time during the DEEPWATER HORIZON response was Lynden Air Cargo, LLC involved with any *in situ* burning operations.

13. During the DEEPWATER HORIZON response Lynden Air Cargo, LLC Inc. was not involved with any skimming of oil operations.

14. During the DEEPWATER HORIZON response Lynden Air Cargo, LLC was not involved with any beach clean-up efforts.

15. During the DEEPWATER HORIZON response Lynden Air Cargo, LLC was not involved with decontaminating vessels.

16. At all times, Lynden Air Cargo, LLC employees participating in the DEEPWATER HORIZON response efforts followed the instructions relayed in the Incident Action Plans, which contained detailed instructions concerning the authorized response activities that were to occur each day.

17. At all times, Lynden Air Cargo, LLC employees participating in the DEEPWATER HORIZON spill response efforts were subject to the ultimate authority and direction of the Federal On-Scene Coordinator, the Federal On-Scene Coordinator representatives, and/or other federal officials.

18. At all times during the DEEPWATER HORIZON response, Lynden Air Cargo, LLC employees complied with all governmental directives and authorizations relating to their functions and operations and never exceeded those directives and authorizations.

I declare under the penalties of perjury under the laws of the United States of America that the statements made in this declaration are true and correct.

EXECUTED on the 16th day of May 2012.

_____
JUDY MCKENZIE