IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * | MDL NO. 2179 |
| | | SECTION: J |
| THIS DOCUMENT RELATES TO | * * * | JUDGE BARBIER |
| 10-4536 | * * * * | MAGISTRATE JUDGE SHUSHAN |

*****************************************************************************

**BP'S RESPONSE TO UNITED STATES' UNOPPOSED MOTION FOR ENTRY OF
CONSENT DECREE**

BP does not oppose the proposed settlement between the United States and MOEX as requested by the United States' Unopposed Motion for Entry of Consent Decree.  [*See* Rec. Doc. 6436 ("the Motion").]

To the contrary, BP supports the entry of settlements that are fair, reasonable, and serve to simplify this extraordinarily complex multi-district litigation.  BP specifically agrees with the United States that "[p]ublic policy strongly encourages the settlement of cases."  U.S. Mem. in Supp. at 9, quoting *Ho v. Martin Marietta Corp.*, 845 F.2d 545, 547 n.2 (5th Cir. 1988).

BP nonetheless submits this short response to comment on statements that appear in the Motion.  In the course of supporting the proposed settlement of Clean Water Act ("CWA") civil penalty claims against MOEX, the Motion makes certain inaccurate assertions about how the Clean Water Act penalty provisions operate and certain references to the United States' unsettled civil penalty claim against BP.  Accordingly, BP respectfully requests that the Court limit its consideration of the Motion to the only question properly before the Court at this time —

namely, an evaluation and approval decision regarding the proposed settlement between the
United States and MOEX.

Most importantly, the Motion makes legally inaccurate assertions about how Clean Water
Act penalties work, and some of these assertions may well be in dispute once the United States'
penalty claim against BP becomes ripe for adjudication.  Consider the following:

- The United States asserts: "The CWA imposes a penalty based on the number of
  barrels of oil discharged."  *Id.* at 14.  But this statement, strictly speaking, is not
  accurate.  In fact, it is the *maximum* penalty that is based on the quantity of oil
  discharged.  The penalty actually imposed is to be determined by the Court based on
  an exercise of its discretion.

- The United States suggests that the Court, in exercising its discretion to assess a
  penalty, should start at the statutory maximum and make downward adjustments from
  there.  *See id.* at 9.  But such an approach would not be appropriate.  Rather, in setting
  a penalty for this case, the Court should consider all penalty factors and select an
  appropriate penalty in the range between zero and the statutory maximum.  This
  approach was recently used by Judge Haik in the *CITGO* CWA oil spill enforcement
  case in the Western District of Louisiana.  *United States v. Citgo Petroleum Corp.,*
  No. 08-893 (W.D. La. Sept. 29, 2011).

- The United States asserts that certain facts would weigh in favor of a larger penalty,
  including that "MOEX stood to make substantial profits if Macondo has been a
  success."  *Id.*  In fact, however, the potential amount of future profit that might have
  been realized is not one of the eight Clean Water Act penalty factors.  Accordingly,
  this consideration is not relevant to an assessment of CWA penalties.

Finally, the Motion asserts that the "MOEX Consent Decree should not be seen as a template for potential settlement with BP, Anadarko, or Transocean," while indicating the United States' intention "to seek vastly higher penalties from those other defendants."  U.S. Mem. at 2. In this context, the United States points to ways in which MOEX's involvement was (in its view) relevantly different from that of other defendants, including BP, such as with respect to MOEX's "direct operational control of daily activities."  *Id.* at 14.

While BP (of course) takes no position regarding the United States' own litigation intentions as to penalty amounts it may seek from BP, Transocean, and Anadarko, the appropriateness of an award of "vastly higher penalties" against any or all of the remaining defendants is a question for this Court and for another day.  When that day arrives, BP will be prepared to point to significant mitigating considerations that fall within the statutorily enumerated factors and are present in BP's case but not MOEX's, such as that BP, unlike any other defendant, has worked closely with the federal and state governments and committed tens of billions of dollars to mitigating the effects of the spill through a wide range of activities, ranging from oil spill response to natural resource restoration to payments of claims for compensation.

With the above understandings, and recognizing that issues regarding the United States' penalty claims against BP are not now before the Court, BP does not oppose the proposed settlement between the United States and MOEX.

Date: May 25, 2012                        Respectfully submitted,


                                        /s/ Don K. Haycraft

| | |
|---|---|
| Robert R. Gasaway | Don K. Haycraft (Bar #14361) |
| Jeffrey Bossert Clark | R. Keith Jarrett (Bar #16984) |
| Kirkland & Ellis LLP | Liskow & Lewis |
| 655 Fifteenth Street, NW | 701 Poydras Street, Suite 5000 |
| Washington, D.C.  20005 | New Orleans, Louisiana 70139-5099 |
| Telephone: (202) 879-5000 | Telephone: (504) 581-7979 |
| Facsimile: (202) 879-5200 | Facsimile: (504) 556-4108 |
| | |
| Joel M. Gross | and |
| Allison B. Rumsey | |
| Arnold & Porter LLP | Richard C. Godfrey, P.C. |
| 555 12th Street Northwest | J. Andrew Langan, P.C. |
| Washington, D.C. 20004-1206 | Kirkland & Ellis LLP |
| Telephone: (202) 942-5000 | 300 North LaSalle Street |
| Facsimile: (202) 942-5999 | Chicago, IL 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | |
| | Robert C. "Mike" Brock |
| | Covington & Burling LLP |
| | 1201 Pennsylvania Avenue, NW |
| | Washington, DC 20004-2401 |
| | Telephone: (202) 662-6000 |
| | Facsimile: (202) 662-6291 |

*Attorneys for BP Exploration & Production Inc. and BP America Production Company*

4

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice 25th day of May, 2012.

    /s/ Don K. Haycraft    
Don K. Haycraft
