UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG DEEPWATER HORIZON in the GULF OF MEXICO, on APRIL 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| This Document Applies to: *All Cases* | * | MAG. JUDGE SHUSHAN |
| (Including No. 10-2771) | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SECOND AMENDED PRETRIAL ORDER NO. 41**

**[CASE MANAGEMENT ORDER NO. 4]**

In order to continue to organize and manage this complex litigation as efficiently as possible, and upon consideration of the briefs filed by certain parties regarding this matter, and in light of the filings, on April 18, 2012, of proposed settlements between BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") and certain plaintiffs ("the proposed BP-PSC Settlements," *see* Rec. Docs. 6266, 6267), and after consultations with Liaison Counsel, Coordinating Counsel for the States, and Coordinating Counsel for the Interests of the United States, and consideration of the observations provided during those consultations, the Court adopts this Case Management Order No. 4 with respect to the scope and structure of the Trial of Liability, Limitation, Exoneration, and Fault ("Trial") scheduled to re-commence on January 14, 2013, following the Court's completion of its consideration of whether or not to grant final approval of the proposed BP-PSC Settlements.

I.    **TRIAL STRUCTURE**

The Trial will address fault issues that have not previously been disposed of or resolved by settlement, summary judgment, or stipulation and that may properly be tried to the Bench without a jury, including the negligence, gross negligence, or other bases of liability of the various defendants with respect to the issues, including limitation of liability.  The Trial will be conducted in at least two phases. Each phase will be comprised of the presentation of evidence and consideration of attendant legal questions pertaining to specific issues that will be the focus of that phase as described below. The focus of the phases of Trial will be as follows:

**Phase One ["Incident" Phase]** of the Trial will address issues arising out of the conduct of various parties allegedly relevant to the loss of well control at the Macondo Well, the ensuing fire and explosion on the MODU DEEPWATER HORIZON on April 20, 2010, and the sinking of the MODU DEEPWATER HORIZON on April 22, 2010, and the initiation of the release of oil from the Macondo Well or DEEPWATER HORIZON during those time periods (collectively, the "Incident").  Phase One may include issues asserted in or relevant to counterclaims, cross-claims, third-party claims, and/or comparative fault defenses, as appropriate, to the extent such claims have not previously been dismissed or resolved by settlement, summary judgment, or stipulation.[1]

**Phase Two ["Source Control" and "Quantification" Phase]** of the Trial will address Source Control and Quantification of Discharge issues. "Source Control" issues shall consist of issues pertaining to the conduct or omissions of BP, Transocean, or other relevant parties regarding stopping the release of hydrocarbons stemming from the Incident from April 22, 2010

---

[1] Anadarko Petroleum Corporation, and Anadarko E&P Company LP (together "Anadarko") and the United States previously stipulated, and the Court Ordered, that Anadarko shall not participate in the Phase One Trial. The said stipulation and Order shall remain in effect for purposes of this Phase One Trial herein.

through approximately September 19, 2010 (including the alleged failure by BP and Transocean to prepare for a blow-out and spill prior to April 20, 2010). "Quantification of Discharge" issues shall consist of issues pertaining to the amount of oil actually released into the Gulf of Mexico as a result of the Incident from the time when these releases began until the Macondo Well was capped on approximately July 15, 2010 and then permanently cemented shut on approximately September 19, 2010.  Phase Two may include issues asserted in or relevant to counterclaims, cross-claims, third party claims, and/or comparative fault defenses, as appropriate.

**Subsequent Proceedings and Issues.** To the extent triable issues pertaining to any parties remain unresolved by Phase One, Phase Two, settlements, motion practice, or stipulation, such trials will be established pursuant to further Order of the Court following further consultation with the parties.

**II.    ORDER OF PROCEEDINGS IN THE TRIAL**

The order of trial in Phase One will be as follows:

**First**, the Claimants, through the Plaintiffs' Steering Committee ("PSC"), the United States (through its Court Appointed Coordinating Counsel and its representatives), and the States (through the Court Appointed Coordinating Counsel for State Interests and their representatives), shall adduce factual and expert evidence in support of those parties' claims against all defendants that have not been dismissed or resolved by settlement, summary judgment, or stipulation.

**Second**, Transocean shall present factual and expert evidence on its exoneration, limitation, and liability defenses, as well as any counter- and cross-claims and third party claims against any third party 14(c)

3

defendants that have not been resolved by settlement, summary judgment, or stipulation.

**Third**, the third-party defendants shall present their factual and expert evidence in support of their defenses to plaintiffs' claims and any other defendants' counter- and cross-claims and third party claims against them, and in support of any counter- and cross-claims and third party claims against other defendants that have not been dismissed or resolved by settlement, summary judgment, or stipulation.  The Court encourages third-party defendants to confer and reach agreement as to their sequence of presentation, failing which, the Court will enter an order regarding same.

**Fourth**, the Claimants, the United States, and the States shall present their rebuttal evidence.

Phase One of the Trial will commence on **January 14, 2013**.

The order of trial in Phase Two will be as follows:

**First,** the Claimants, through the PSC, United States through its Coordinating Counsel and its representatives, and the States, through their Coordinating Counsel and their representatives, shall adduce factual and expert evidence in support of those parties' Source Control and/or Quantification claims against BP, Transocean, or other relevant parties to the extent such Quantification and/or Source Control claims have not been dismissed or resolved by settlement, summary judgment, or stipulation.

> **Second,** the relevant defendants shall present their factual and expert evidence in support of their defenses to plaintiffs' Quantification and/or Source Control claims. The Court encourages the defendants to confer and reach agreement as to their sequence of presentation, failing which, the Court will enter an order regarding same.
>
> **Third,** the Claimants, United States and the States shall present their rebuttal evidence.

The record will be held open between Phases of the Trial unless the Court determines it is appropriate to deem the record closed on the issues in a particular Phase because the record has been sufficiently developed to permit final rulings on those issues.

All parties shall present evidence relevant to a particular Phase during that Phase and should not expect they will be permitted to fill evidentiary gaps in one Phase by presentation of evidence in a subsequent Phase; provided, however, that there may be circumstances in which it is appropriate to present evidence in one phase that is relevant to another phase — such as, but not limited to, where the evidence is relevant to more than one phase or where efficiency is best served by permitting evidence to be admitted in more than one phase.

### III.  FINAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court anticipates that it will direct the parties to submit proposed findings of fact and conclusions of law promptly after the conclusion of each Phase of the Trial and final proposed findings of fact and conclusions of law regarding all evidence and legal issues in the liability portion(s) of the Trial promptly after the conclusion of Phase Two of the Trial.

At the end of each Phase of the Trial and after consideration of the parties' submissions, the Court may decide to issue partial Findings of Fact and Conclusions of Law for that Phase if it

deems the record adequately developed. If the Court does not find it appropriate to enter Findings of Fact and Conclusions of Law with respect to any issues tried until the conclusion of all Trial Phases, the Court may defer issuing its Findings of Fact and Conclusions of Law until the conclusion of all phases of the liability and limitation trial.

## IV.     PRETRIAL PROCEEDINGS

Discovery and other pretrial proceedings for Phase Two[2] will continue to be conducted in accordance with the provisions of CMO No. 1 (Rec. Doc. 569), CMO No. 2 (Rec. Doc.1506), CMO No. 3 (Rec. Doc. 4083), and other applicable Pretrial Orders, as the provisions of those Orders may be applied or modified by future orders of the Court and in conferences conducted by the undersigned or by Magistrate Judge Shushan. After consulting with Plaintiffs' Liaison Counsel, Coordinating Counsel for the States, Coordinating Counsel for the United States Interests, and Defendants' Liaison Counsel, the Court will enter additional Pretrial Orders regarding the scope and schedule for discovery and other pretrial proceedings with respect to the Trial.

The Trial will stand in recess for approximately two to three weeks between Phase One and Phase Two of the Trial, or for such time as the Court deems appropriate.

---

[2] Phase One discovery is closed with a few exceptions recognized by Magistrate Judge Shushan. Any further Phase One discovery will be conducted only with her permission and supervision.

## V. SUPPLEMENTATION OF AND AMENDMENTS TO THIS ORDER

The provisions of this Order are provisional and may be supplemented or modified either sua sponte or on motion by any party as may become necessary.

New Orleans, Louisiana, this 30th day of May, 2012.

                                                      CARL J. BARBIER
                                           UNITED STATES DISTRICT JUDGE