**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

May 29, 2012

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

Re: <u>MDL No. 2179 — Challenge to 21 of the 119 United States' Deliberative Process Privilege Claims</u>

Dear Judge Shushan:

As you know, the United States recently submitted a letter paring back its assertion of deliberative process privilege over documents on BP's Challenge List of March 23, 2012, BP's Second Challenge List of April 13, 2012, and BP's list of documents that may have been inadvertently produced of March 29, 2012.  Of the over 13,000 claims of deliberative process privilege initially asserted, the United States has now abandoned all but 119 of these privilege claims.

As to the 119 documents for which it continues to assert a privilege, the United States has submitted declarations by agency personnel claiming the privilege and containing descriptions of the material withheld and the reasons for the agency's purported need to maintain secrecy.  BP now respectfully requests that the Court review a comparatively small subset of just 21 of these 119 documents (those contained in the attached Roster of Documents (Attachment A)).

As to these 21 documents, BP respectfully requests that the Court determine whether — especially given that this litigation has been initiated by the United States — the United States should be permitted to continue to shield these documents from discovery.  In conducting its review, BP respectfully requests that the Court keep in mind the following principles.

***First and most importantly***, even if information in the withheld documents is determined to be "deliberative" and otherwise subject to a claim of deliberative process privilege, the United States' assertion of such a deliberative process privilege can be outweighed by BP's need for discovery of the documents, particularly where (as here) the United States itself has initiated a lawsuit and put the issues over which it claims a deliberative process privilege in play.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2012
Page 2

The deliberative process privilege is not absolute. It is, rather, a qualified privilege that can be overcome by a sufficient showing of need. *See In re Subpoena Served Upon the Comptroller of the Currency*, 967 F.2d 630, 634 (D.C. Cir. 1992). In each case, and with respect to each document, therefore, this Court must weigh the benefit of government secrecy against the parties' need for discovery. *See In re Franklin Nat'l Bank Sec. Litig.*, 478 F. Supp. 577, 582, 586 (E.D.N.Y. 1979).

In assessing the United States' interest in secrecy against litigants' need for discovery, courts have identified various factors, which include: (1) the importance of the United States' role in the litigation; (2) "[t]he importance of the documents to the defense and their relevance"; (3) the seriousness of the litigation; (4) "[t]he availability of information on the same issue from a different source"; and (5) the possibility of future timidity by government employees. *See Federal Sav. & Loan Ins. Corp. v. Schoenberger*, No. 89–2756, 1990 WL 130641 at *5 (E.D. La. Aug. 30, 1990) (citing cases). BP respectfully submits that review of the 21 documents appearing on BP's Document Roster is important to ensure that the United States has not improperly withheld materials that would violate fundamental fairness and BP's need for discovery in this litigation.

As BP has previously explained, all five factors listed above cut strongly in favor of discovery in this instance. The 21 documents at issue here are described in a declaration from the Department of Energy as relating to "the issuance of Guidance and Directives to BP" and "the commencement or termination of specific response actions." The DOE declaration further describes these documents as related to various Source Control procedures such as "appropriate spill containment measures," "continuation of the well shut-in test," and "plans for drilling the relief well."

Even these succinct descriptions make clear that these documents are directly relevant to the United States' involvement with BP in capping the flow of oil from the *Deepwater Horizon* and to any United States' claim that BP's contribution to this joint effort should increase (rather than decrease) any civil penalty that might be assessed against BP. Further, these documents are of the same type as the previously withheld documents that the United States released on May 15. *See, e.g.,* DSE001-000507 ("Email re Draft BP Directive"), DSE002-006718 ("Email re Draft language for the New Directive").

Against this backdrop, the 21 documents are plainly relevant and very important to BP's defense; and it is clear that this litigation is a serious one; that any unique information on these issues cannot be obtained from other sources; and that any possible risk of timidity in future instances by government decisionmakers — based on the very slight differences between those

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2012
Page 3

documents that were withheld and those that were disclosed — is overwhelmed by BP's need for discovery (factors 2 through 5 in the above-stated test).

Equally significant, it is critical that these documents are being sought solely for purposes of *defending* litigation that the United States itself has brought against BP (factor 1 in the above-stated test). The role of the United States as plaintiff is a highly significant factor favoring disclosure of all 21 documents. This is, after all, not the usual deliberative process case where a party challenges a government action or seeks documents under the Freedom of Information Act, and the United States tries to prevent its decisional process from being swept into the prying eyes of the public under circumstances it played no role in bringing about.

Quite to the contrary, it is the United States that has brought this case, seeking large monetary penalties against BP. In cases such as this one where the United States plays such an active role "courts have severely restricted the use of the privilege by government agencies that are seeking affirmative judicial relief." *United States v. Ernstoff*, 183 F.R.D. 148, 153 (D.N.J. 1998). That is because "'[w]hen the government seeks affirmative relief, it is fundamentally unfair to allow it to evade discovery of materials that a private plaintiff would have to turn over.'" *Id*. (quoting *FDIC v. Hatziyannis*, 180 F.R.D. 292, 293 (D. Md. 1998)); *see also EEOC v. California Psychiatric Transitions*, 258 F.R.D. 391, 398 (E.D. Cal. 2009) (same); *EEOC v. Citizens Bank & Trust Co.*, 117 F.R.D. 366 (D. Md. 1987) (same); *McMillan v. United States (In re APCO Liquidating Trust)*, 420 B.R. 648, 654-655 (Bankr. M.D. La. 2009) (same); *EEOC v. Greater Metroplex Interiors, Inc.*, No. 3-08-CV-1362-P, 2009 WL 412934 at *2 (N.D. Tex. Feb. 17, 2009) (Kaplan, M.J.) (same).

***Second***, as the Fifth Circuit has stated, the purpose of the deliberative process privilege "would not be frustrated by disclosure of those memoranda consisting solely of factual material or of purely factual material contained within deliberative memoranda and separable from its context. Thus, the courts have uniformly held that such purely factual information is not protected by the privilege." *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882 (5th Cir. 1982). It is well-settled, therefore, that, under the deliberative process privilege as opposed to other privileges and protections, "factual information generally must be disclosed." *Id.* (citing *EPA v. Mink*, 410 U.S. 73, 87-91 (1973)); *see also National Ass'n of Home Builders v. Norton*, 309 F.3d 26, 39 (D.C. Cir. 2002) (same).

***Finally***, it is equally well-established that the United States bears the burden of establishing that withheld documents are deliberative, rather than merely factual or observational, and that purely factual materials have been properly carved out and disclosed through an appropriate use of redactions in those instances where factual and deliberative materials are intermixed in the same documents. *See, e.g.*, *Coastal States Gas Corp. v. Dep't of*

KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2012
Page 4

*Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980) ("the agency has the burden of establishing what deliberative process is involved, and the role played by the documents in issue in the course of that process"); *see, e.g.*, *Missouri Coalition for Env't Found. v. U.S. Army Corps of Eng'rs*, 542 F.3d 1204, 1212 (8th Cir. 2008) ("The agency has the burden to show that the exempt portions of the documents are not segregable from the non-exempt material.").

In these respects the deliberative process privilege is materially different from assertions of attorney-client privilege and work-product protection, which afford much greater protection to selections of, and efforts to create or accumulate, factual information.  By contrast, under the deliberative process privilege, "a report does not become a part of the deliberative process merely because it contains only those facts which the person making the report thinks material." *Playboy Enters. v. Dep't of Justice*, 677 F.2d 931, 935 (D.C. Cir. 1982) (rejecting invocation of privilege where "the only mission of the task force was to investigate the facts surrounding certain events") (internal quotations omitted).

In sum, to the extent a particular document contains both deliberative and factual material, the United States bears the burden of showing the impossibility of extricating the unprotected factual portions of the document from those other portions that may rightly be withheld.  Where assertions of a deliberative process privilege are concerned, purely factual materials should be extricated and disclosed through use of appropriate redactions.

\*   \*   \*   \*

BP respectfully requests that the Court review the 21 documents listed on BP's attached Roster of Documents and determine whether in light of the fact that it is the United States that has initiated this litigation, fundamental fairness and BP's discovery needs outweigh any purported interests in keeping secret what look to be 21 highly significant documents.  In addition, the Court should also determine whether any of these 21 documents include factual information that should be disclosed — through the use of appropriate redactions or otherwise.

Sincerely,

Robert R. Gasaway

Attachment

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
May 29, 2012
Page 5


cc (via electronic mail):

Michael O'Keefe
R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Robin L. Hanger
Bethany Engel
J. Andrew Langan, P.C.
Joel M. Gross
Allison B. Rumsey
Anne P. Davis
Plaintiffs Liaison Counsel
Defense Liaison Counsel