UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

ORDER

[Regarding BP's Challenges to 21 Deliberative Process Privilege Claims by U.S. (Rec. doc. 6594)]

Introduction

The U.S. contends that some documents are protected from disclosure by the Deliberative Process Privilege ("DPP"). Initially it identified more than 100,000 documents as subject to the privilege. After an extensive review, it now contends that there are 119 documents relevant to Phase One or Phase Two which are protected by the DPP.[1] The U.S. has provided declarations to support the privilege claims, including a declaration from Gregory H. Woods, the General Counsel of the United States Department of Energy ("DOE"). See Rec. doc. 6622 (hereafter the "Woods Declaration"). On May 29, 2012, BP challenged 21 of the 119 DPP claims. Rec. doc. 6594. All of the documents challenged by BP are referred to in the Woods Declaration. The U.S. submitted an opposition. Rec. doc. 6618. BP submitted a reply. Rec. doc. 6649. The Court has reviewed the documents *in camera*.

BP challenges DPP claims which the Woods Declaration places into two broad categories.

---

[1] The Court thanks the U.S. and BP for their extremely hard work and professional conduct in resolving all but 21 of the DPP challenges. The parties' efforts and cooperation are only partially demonstrated by the prior scheduling orders and briefs concerning DPP claims. See: March 29, 2012 brief from BP (Rec. doc. 6148); March 30, 2012 order (Rec. doc. 6151); April 11, 2012 brief from the U.S. (Rec. doc. 6212); April 12, 2012 order (Rec. doc. 6228); and May 22, 2012 order (Rec. doc. 6568).

The first concerns deliberations on policy matters relating to the issuance of guidelines and directives to BP. See Woods Declaration-Part B at 5-6. Within this broad category there are four subgroups. The second concerns deliberations on policies relating to the commencement or termination of specific response actions; for example the static kill. Within this broad category there are five subgroups. Id.-Part C at 7-8. The documents are listed in the attached appendix.

## Analysis

BP argues that: (1) the assertion by the U.S. of the DPP can be outweighed by BP's need for discovery of the documents; (2) the purpose of the DPP will not be frustrated by disclosure of documents consisting solely of factual material or purely factual material contained within deliberative memoranda; and (3) the burden is on the U.S. to establish that the documents are deliberative rather than merely factual or observational and that purely factual materials have been properly carved out and disclosed through an appropriate use of redactions. Rec. doc. 6594. The Court's review demonstrates that the emails either do not contain factual material or, where there is factual material, it cannot be separated from the discussion. None of the emails contain discrete "facts" which can be redacted and separated from the deliberations.

The primary question then is whether BP's need for discovery of the documents outweighs the deliberative process interest of the U.S. BP contends that, based on the information provided in the privilege logs and the Woods Declaration, the documents are directly relevant to the involvement of the U.S. with BP in capping the flow of oil from the Deepwater Horizon and to any claim by the U.S. that BP's contribution to this joint effort should increase (rather than decrease) any civil penalty that might be assessed against BP. BP urges that "based on the very slight difference

between those documents that were withheld and those that were disclosed. . .," any risk to the decision making process for the U.S. is overwhelmed by BP's need for the documents. Rec. doc. 6594 at 2-3. The Woods Declaration responds that:

> [D]isclosure of the documents would chill the open and candid discussion of internal opinions, ideas and strategies concerning development of policy during situations such as the Deepwater Horizon oil spill and would hinder DOE's ability to participate in open discussion of matters of concern with decision makers both internally and with other federal agencies, including EOP.

Rec. doc. 6618 at 2.

BP argues that it seeks the documents to defend the claims brought by the U.S. against it and urges application of a restricted use of the DPP in such circumstances. The U.S. responds that: (1) the National Contingency Plan requires that it oversee the response to the spill; (2) the general public demanded that the U.S. step in after BP's initial efforts to stop the spill were unsuccessful; and (3) the U.S. is required by law to assert the public interest through the Clean Water Act and Oil Pollution Act. Rec. doc. 6618 at 4.

The deliberative process is a qualified privilege which is not absolute. The Court must weigh the benefit of government secrecy against the need for free and open discovery. See In re Subpoena Served Upon the Comptroller of the Currency, 967 F.2d 630, 634 (D.C. Cir. 1992); and In re Franklin National Bank Securities Litigation, 478 F.Supp. 577, 582 (E.D.N.Y. 1979).

The Court has not ignored BP's need to defend itself where a qualified privilege was asserted.[2] In this instance and after careful review of the emails, BP's need for the documents does not outweigh the interest of the U.S. in protecting the deliberative process for the very limited

---

[2] See April 20, 2012 Order regarding BP's Subpoena for Woods Hole's "Analysis Documents." After weighing the relevant factors, it was determined that the Analysis Documents must be produced for the period up through the publication of the March 10, 2011 FRTG Assessment. Rec. doc. 6304 at 11.

number of documents at issue.  This conclusion is not altered by the role of the U.S. in the response to the spill as well as its role as a plaintiff against BP.  BP's challenges to all 21 documents will be denied.  Accordingly,

IT IS ORDERED that: (1) BP's Challenges to 21 Deliberative Process Privilege Claims by U.S. (Rec. doc. 6594) are DENIED; and (2) the deadline for an appeal of this order is **Friday, June 15, 2012.**

New Orleans, Louisiana, this 11th day of June, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**