Case 2:10-md-02179-CJB-DPC   Document 6653   Filed 06/08/12   Page 1 of 3
Case MDL No. 2179   Document 1077   Filed 06/08/12   Page 1 of 3



UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                              MDL No. 2179

## TRANSFER ORDER

**Before the Panel:**[*]  Pursuant to Panel Rule 7.1, plaintiffs in the three actions listed on Schedule A move to vacate our order conditionally transferring the actions to MDL No. 2179. Responding BP entities[1] and Airborne Support International, Inc. (ASI) oppose the motion.

In their motion to vacate, plaintiffs argue, *inter alia*, that (1) transfer is unwarranted because their primary cause of action is for recovery under OPA; (2) they have not sued certain defendants in the MDL; (3) they would not benefit from the discovery taken in the MDL, because most of the evidence can be found in public records located outside the transferee district; and (4) transfer would deprive them of their constitutional rights to due process and equal protection. These arguments are unavailing. OPA claims have been in this MDL from the outset, and, in our initial order of centralization, we specifically rejected arguments that such claims should not be included in the centralized proceedings. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1354 (J.P.M.L. 2010) ("[W]e do not find any strong reasons for separate treatment of claims brought under the OPA. In our judgment, carving out the OPA claims would only complicate matters . . . ."). The fact that plaintiffs have not sued certain MDL defendants does not warrant vacatur. *See In re Navistar 6.0 L Diesel Engine Prods. Liab. Litig.*, 777 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011) ("[C]entralization does not require a complete identity of parties."). The suggestion that plaintiffs would not benefit from the extensive discovery taken in the MDL[2] is not credible. Finally, plaintiffs' contention that transfer would deprive them of their constitutional rights to due process and equal protection is unsupported by any authority. To

---

[*]   Judge Kathryn H. Vratil took no part in the decision of this matter.

[1]   BP America Production Company, BP p.l.c., BP Exploration & Production Inc., BP America Inc. and BP Products North America Inc.

[2]   *See* Preliminary Approval Order [As to the Proposed Economic and Property Damages Class Action Settlement], at 3 ("In the 20 months that have passed since the JPML's centralization order, the parties have engaged in extensive discovery and motion practice, including taking 311 depositions [conducted on two continents], producing approximately 90 million pages of documents, and exchanging more than 80 expert reports on an intense and demanding schedule.") (E.D. La. May 2, 2012) (docket no. 6418).

the extent that the contention is grounded in dissatisfaction with the proposed partial settlement reached in the MDL, plaintiffs are under no obligation to participate in that settlement.

After considering all argument of counsel, we find that these three actions involve common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the action to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, these actions arise from the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig, and the oil spill resulting therefrom. See 731 F. Supp. 2d at 1353.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

W. Royal Furgeson, Jr.          Barbara S. Jones
Paul J. Barbadoro               Marjorie O. Rendell
Charles R. Breyer

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010                               MDL No. 2179

## SCHEDULE A

EDLA
SEC J/1

<u>Southern District of Florida</u>

| | |
|---|---|
| Bayhaven Enterprises, LLC, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 4:12-10017 | 12-1483 |
| 121 Duval Company, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 4:12-10018 | 12-1484 |
| Joseph Yerkes, et al. v. BP Exploration & Production, Inc., et al., C.A. No. 4:12-10019 | 12-1485 |