**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | **MDL NO. 02179** |
| "DEEPWATER HORIZON" in the GULF | : | |
| OF MEXICO, on APRIL 20, 2010 | : | |
| | : | **SECTION:  J** |
| This Document Relates to 2:12-cv-01045 | : | |
| | : | **JUDGE BARBIER** |
| | : | **MAG. JUDGE SHUSHAN** |

.. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. .. ..

**DEFENDANT O'BRIEN'S RESPONSE MANAGEMENT INC.'s**
**ANSWERS AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant O'Brien's Response Management Inc. ("Defendant" or "O'Brien's") files this

Answer and Defenses to Plaintiff Dennis Prejean's ("Plaintiff" or "Prejean") Original Complaint

("Complaint"), and would respectfully show as follows:

SUMMARY

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in the first sentence of paragraph 1 of the Complaint.  With respect to the second

sentence of paragraph 1, admits the "O'Brien's responded to the Deepwater Horizon oil spill" in

April 2010, and denies knowledge or information sufficient to form a belief as to the truth of the

remainder of that sentence.  Denies the allegations in the third, fourth, fifth and sixth sentences in

paragraph 1 of the Complaint.  Denies the allegations in the seventh sentence, except admits that

Plaintiff brings a purported collective action against Defendant.  To the extent paragraph 1 of the

Complaint calls for a conclusion of law, no response is required.

JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaints calls for conclusions of law, for which no response

is required.  To the extent that Paragraph 2 contains any factual allegations, Defendant denies

each and every such allegation.

1

3.      Denies all the allegations in paragraph 3 of the Complaint, except admits that O'Brien's engaged individuals who provided service in connection with the Deepwater Horizon spill, in Hopedale (Louisiana), Grand Isle (Louisiana), and Port Fourchon (Louisiana).  To the extent paragraph 3 of the Complaint calls for a conclusion of law, no response is required.

4.      Denies the allegations in the first sentence in paragraph 4 of the Complaint, except admits that O'Brien's employed Plaintiff from January 1, 2011 to March 29, 2011. Denies the allegations in the second sentence in paragraph 4 of the Complaint, except admits that O'Brien's classified Plaintiff as an independent contractor and paid him a daily rate until January 1, 2011.  Denies the allegations in the third sentence in paragraph 4 of the Complaint, except admits that O'Brien's reclassified some individuals who provided services on the Deepwater Horizon spill response, including Plaintiff, to temporary employee status in January of 2011. Denies the allegations in the fourth sentence in paragraph 4 of the Complaint.  Admits that a written consent purported to be from Plaintiff is attached to the Complaint.  To the extent paragraph 4 of the Complaint calls for a conclusion of law, no response is required.

5.      Paragraph 5 of the Complaints calls for conclusions of law, for which no response is required.  To the extent that paragraph 5 contains any factual allegations, Defendant denies each and every such allegation, except admits that O'Brien's employed Plaintiff from January 1, 2011 to March 29, 2011, that O'Brien's had revenues in excess of $500,000.00 for each year within the limitations period, and admits that Defendant's registered agent is National Registered Agents, Inc., 1011 N. Causeway Blvd., Ste. 3, Mandeville, Louisiana, 70471.

### THE FACTS

6.      Denies the allegations in paragraph 6 of the Complaint, except admits that Plaintiff provided service in Venice, Louisiana.

7.      Admits the allegations in paragraph 7 of the Complaint, except denies that Plaintiff was "hired" by O'Brien's when he signed a Teaming Agreement.

8.      Denies the allegations in paragraph 8 of the Complaint.

9.      Denies the allegations in paragraph 9 of the Complaint.

10.     Denies the allegations in the first sentence in paragraph 10 of the Complaint. Denies the allegations in the second sentence in paragraph 10 of the Complaint, but admits that O'Brien's retained copies of certain time sheets and pay records.

11.     Denies the allegations in paragraph 9 of the Complaint, except admits that O'Brien's typically paid Plaintiff approximately $500.00 for each day he provided services prior to January 1, 2011.

12.     Admits, upon information and belief, the allegations in paragraph 12 of the Complaint.

13.     Denies the allegations in paragraph 13 of the Complaint, but admits that Plaintiff provided services in the general areas noted in the Complaint, except denies knowledge or information sufficient to form a belief as to whether Plaintiff provided any service related to "beach cleanup."

14.     Denies that the allegations in paragraph 14 of the Complaint are a complete recitation of the services performed by Plaintiff.

15.     Denies the allegations in paragraph 15 of the Complaint.

16.     Denies the allegations in the first sentence of paragraph 16 of the Complaint, but admits that the Teaming Agreement signed by Plaintiff has the language indicated in the Complaint.  Admits the allegations in the second sentence of paragraph 16 of the Complaint.

17.     Denies the allegations in paragraph 17 of the Complaint, except admits that from January 1, 2011 to March 29, 2011, certain of O'Brien's payroll and employment policies would have been applicable to Plaintiff.

18.     Denies the allegations in paragraph 18 of the Complaint, except admits that from January 1, 2011 to March 29, 2011, certain of O'Brien's employment policies would have been applicable to Plaintiff.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences of paragraph 19 of the Complaint.  Denies the allegations in the fourth sentence of paragraph 19 of the Complaint.

20.     Denies the allegations in paragraph 20 of the Complaint.

### COLLECTIVE ACTION ALLEGATIONS

21.     Repeats and reiterates every response to paragraphs 1 to 20 of the Complaint as if each were set forth verbatim herein.

22.     Denies the allegations in paragraph 22 of the Complaint.

23.     Denies the allegations in paragraph 23 of the Complaint.

### CAUSE OF ACTION

24.     Repeats and reiterates every response to paragraphs 1 to 23 of the Complaint as if each were set forth verbatim herein.

25.     Denies the allegations in paragraph 25 of the Complaint.

26.     Denies the allegations in paragraph 26 of the Complaint.

27.     Denies the allegations in paragraph 27 of the Complaint.

28.     Denies the allegations in paragraph 28 of the Complaint.

### JURY DEMAND

29.     Admits that Plaintiff purports to demand a trial by jury.

**PRAYER FOR RELIEF**

Defendant denies Plaintiff and/or collective action members are entitled to the relief requested in their Prayer for Relief.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's and putative collective action members' cause of action fails to state facts sufficient to constitute a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

O'Brien's is not a proper Defendant because it did not employ Plaintiff, prior to January 1, 2011, or any putative collective action members, as that term is defined by the Fair Labor Standards Act ("FLSA"), is not a "joint employer" under the FLSA, and otherwise was not responsible for the employment actions or practices of which Plaintiff complains.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims of any Plaintiff or any putative collective action members who have failed to satisfy the requirements of 29 U.S.C. § 216(b).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's and putative collective action members' claims for liquidated damages are barred because Defendant acted in good faith, non-willfully, and with reasonable grounds for believing that its conduct under the FLSA was lawful.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Defendant states that assuming, *arguendo,* that Plaintiff and/or putative collective action members are entitled to any additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or putative collective action members.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Any act or omission on the part of Defendant giving rise to this action was in good faith and Defendant had reasonable grounds for believing that any such act or omission was not a violation of the FLSA.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff and/or putative collective action members were employees under the FLSA, then they were exempt from the FLSA overtime pay provisions under the "administrative exemption" of the FLSA.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

If Plaintiff and/or putative collective action members were employees under the FLSA, then they were exempt from the FLSA overtime pay provisions under the "highly compensated employees" exemption of the FLSA.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If Plaintiff and/or putative collective action members were employees under the FLSA, then they were exempt from the FLSA overtime pay provisions under the "executive exemption" of the FLSA.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative collective action members' claims are barred to the extent not filed within the applicable statute of limitations, including under 29 U.S.C. § 255(a).

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative collective action members' claims for damages beyond the two-year statute of limitations are barred in that Defendant did not act willfully.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Defendant's actions, as complained of in the Complaint, were taken in good faith, and in conformity with and in reliance on written interpretations of the FLSA promulgated by the Secretary of Labor, and Defendant therefore has a complete defense to Plaintiff's and the putative collective action members' claims, pursuant to § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative collective action members' claims are barred based on the grounds of the doctrine of unclean hands.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative collective action members' claims are barred in whole or in part because Plaintiff and the putative collective action members are estopped by their own conduct to claims and right to damages or other monetary relief from Defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative collective action members are barred by their ratification of and/or consent to the actions allegedly undertaken.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and putative collective action members' claims are barred in whole or in part because such claims have been waived, discharged, or abandoned.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant states that assuming, *arguendo,* Plaintiff and/or putative collective action members are entitled to any overtime, Defendant is entitled to a credit for or setoff against amounts overpaid to Plaintiff and/or putative collective action members in the course of their

employment.  This credit or setoff includes, but is not limited to, amounts erroneously overpaid to Plaintiff and/or the putative collective action members.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

Some or all of the time that Plaintiff and putative collective action members claim to have worked is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

This action cannot proceed as a collective action pursuant to the FLSA because, among other reasons, Plaintiff and the purported collective action members are not similarly situated with respect to their claims against Defendant herein.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

In the event that a collective action should be certified in this matter, Defendant incorporates by reference and re-alleges all of their affirmative defenses to Plaintiff's individual claims in response to Plaintiff's claims on behalf of the collective action and each collective action member.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

Any payments made by any third party entity to Plaintiff and/or putative collective action members with respect to services rendered on the Deepwater Horizon oil spill may be applied to any overtime compensation which may be determined to be owed.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

The method of service by Plaintiff of the summons and complaint on Defendant was insufficient.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes, and on such basis, alleges that it may have additional defenses available, which are not now fully known and of which they are not now aware. Defendant reserves the right to raise and assert such additional defenses once such additional defenses have been ascertained.

### PRAYER

**WHEREFORE**, Defendant respectfully requests that Plaintiff take nothing by this suit and demands judgment dismissing the Complaint on all causes of action, together with attorneys' fees and the costs and disbursements of this action, and such further relief, general or special, at law or in equity, to which Defendant may show itself justly entitled.

Dated: June 13, 2012

Respectfully submitted,

/s/Keith M. Pyburn, Jr.
KEITH M. PYBURN, JR
Louisiana Bar No. 10914
LARRY SOROHAN
Louisiana Bar No. 26120

FISHER & PHILLIPS LLP
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana  70170
Telephone:  (504) 522-3303
Facsimile:  (504) 529-3850
Email:  kpyburn@laborlawyers.com
            lsorohan@laborlawyers.com

JEFFREY S. KLEIN (pro hac vice forthcoming)
ALLAN DINKOFF (pro hac vice forthcoming)
JONATHAN SOKOTCH (pro hac vice forthcoming)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  jeffrey.klein@weil.com
            allan.dinkoff@weil.com
            jonathan.sokotch@weil.com

**Attorneys for Defendant O'Brien's
Response Management Inc.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Defendant O'Brien's Response Management Inc.'s Answers and Defenses to Plaintiff's Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of June, 2012.

*/s/Keith M. Pyburn, Jr.*
KEITH M. PYBURN, JR.