UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>    "Deepwater Horizon" in the Gulf<br>    of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

<u>ORDER</u>

[Working Group Conference on Friday, June 8, 2012]

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

<u>**BOP & Capping Stack**</u>.

On Tuesday, June 5, BP submitted a proposed protocol for laser scanning and measuring with the profilometer. BP reported that it was ready to proceed with the work on Thursday, June 14. The deadline for any objections to the protocol was noon on Monday, June 11. No objections were received by the deadline. BP is authorized to proceed with scanning and measuring. Depending on the results of this work, BP reported that there may be a second round of work.

There were no objections to BP's allocation of the statement from Captain Englebert for May. The parties were asked to place their portions in line for payment.

On June 11, Transocean sent BP a letter on the spare parts. It will be on the June 15 agenda.

<u>**PHASE ONE "CLEAN-UP"**</u>

1. **<u>Halliburton Computer</u>**.

Halliburton reported that the modeling would be completed on June 8.

**2.      Documents produced to the PSC**.

On July 6, the PSC will report on issues concerning the Phase One documents it recently received.

## PHASE TWO

**1.      Phase Two Stipulations.**

   A.      Original Phase Two Stipulations.

After the conference, the Court met with the parties on the issues remaining with these stipulations.

   B.      Transocean's "Person-in-Charge" Stipulations.

During the week the Court conferred with Transocean on its proposed stipulations and requested that it work with the U.S. on them. Anadarko and BP reported that they had issues with the stipulations. No date was set for further work on these stipulations.

   C.      PSC's Spill Preparation Stipulations.

BP reported it had issues with the stipulations. After the conference on June 15, the Court will meet with the PSC, BP and other interested parties on these stipulations.

**2.      BP's Challenges to Deliberative Process Privilege Claims.**

On June 11, the Court denied BP's challenge to the 21 deliberative process privilege ("DPP") claims by the U.S. Rec. doc. 6650. The deadline for the U.S. to complete Steps A and B is **Monday, July 2.** Rec. doc. 6604 at 3. The U.S., BP and the Court are to confer on a schedule for the completion of Steps C, D and E which will be on the agenda for June 15.

BP will send the Court and the U.S. a list of documents which it believes are identical to or substantially similar to the 21 DPP documents. The U.S. expressed its intent to exercise its right to

2

clawback the documents.

3.      **Schedule I Briefing on Challenges to Privilege Log Entries.**

Schedule I applies to privilege logs served before May 1, 2012. BP reported that with regard to challenges to entries on its privilege logs, it has communicated with the U.S., Transocean and Halliburton. On June 8, it would submit consolidated spreadsheets with approximately 11,000 challenges made by these three parties. There will be further meet-and-confers during the week of June 11 to narrow the issues to be briefed on June 16.

The remaining dates for Schedule I are:

**06/16/12**    The challenging parties will file any briefing on the privilege claims remaining in dispute, along with lists of representative documents for *in camera* review.

**06/26/12**    The parties shall submit responses to the June 16, 2012 filings along with *in camera* submission of the selected documents identified by the challenger(s) in the June 16, 2012 filings.

**07/02/12**    The parties shall submit replies in support of the June 16, 2012 filings. The Court will rule as promptly as possible. After the Court rules, a schedule will be set for BP and the U.S. to complete the extrapolation and verification process. The target for completion will be on or about July 20, 2012.

4.      **Schedule II Briefing on Challenges to Privilege Log Entries**.

This applies to privilege logs served on or after May 1, 2012. Under the current order (Rec. doc. 6510), **Monday, June 11, 2012**, is the deadline for the MDL parties to serve any challenges related to Phase Two issues. The parties are discussing modifications to the Schedule II briefing schedule to be circulated before June 15.

**Friday, June 22**, is the deadline for the parties to complete production of documents and service of privilege logs, except for documents produced in the re-collection from DOE custodians and QA/QC review.  This deadline will be used in the proposed revision for Schedule II briefing.

5.      **Document Production by the U.S. and BP.**

The Court reported progress on the completion of document production by the U.S. and BP. A telephone conference with the U.S. and BP was set for Tuesday, June 12.

6.      **Rule 30(b)(6) notice for the deposition of BP.**

As to **Topic 2** (source control methods considered but not used by BP), there is agreement on the language by the U.S. and BP.  Halliburton raised an issue about this language.  The language agreed to by the U.S. and BP is accepted by the Court.  It shall be used for the notice.

There was discussion by the U.S. and BP concerning **Topic 5** (physical or chemical properties of sampled hydrocarbons).  The U.S. reported that: (1) the fluid properties listed by BP may relate to how the fluids behave in a well or in a reservoir; (2) BP wants to limit the examination to these specific properties; (3) these are probably not the only properties that ever bear on how a fluid flows through a well pipe; (4) the U.S. does not know whether the fluid properties listed by BP are all the properties analyzed by BP; (5) it wants to ask BP what properties it analyzed; (6) if BP analyzed properties other than the listed properties, it wants to question BP about those other properties; (7) if BP studied other properties which it considered relevant to how the fluid was behaving, the U.S. does not want to limit itself to the listed properties; (8) for Phase Two the interest of the U.S. is with the fluid while it is in the reservoir, the well bore, the capping stack and other devices connected to the BOP; (9) once the fluid is out in the ocean, it becomes a "Phase Three" issue; and (10) for Phase Two, the U.S. is not interested in material pulled from the ocean or found

on a beach.

BP responded that: (1) the explanation by the U.S. was helpful; (2) it is concerned about hundreds of thousands of samples of oil taken from the water and land; (3) the properties of the fluid in the reservoir before it was released into the ocean are discrete issues; (4) BP wants to limit this to the analysis of the hydrocarbon fluids in the reservoir and any analysis that it did of those fluids; (5) as the fluids go through the wellbore into the BOP, the temperatures and pressures change; (6) if the inquiry is the pressure loss or gain as the fluid moves from the reservoir into the wellbore and into the BOP, there is a tremendous increase in the magnitude of information sought by Topic no. 5; (7) it will provide testimony on the PENCOR reports and other lab reports;  and (8) it does not want the topic to include what it thinks the fluid pressure was at the exit from the capping stack or the BOP as the focus would not be on fluids but on equipment.

The U.S. agreed that Topic no. 5 should not include BP's actual analysis of the fluid temperatures or pressures in the capping stack or BOP.  The U.S. understands that: (1) the PENCOR analysis was done on reservoir samples taken before the blowout; (2) fluids which were collected through the top hat and BOP were analyzed by BP; (3) the analysis on those collected fluids was compared to the PENCOR analysis; and (4) in terms of the BOP and top hat, the U.S. needs to inquire into the differences between the properties found in the collected samples and the PENCOR analysis.

BP and the U.S. shall work to narrow their differences on **Topic 5** and report on June 15.

The Court agreed that the parties shall have more time to work on the issues with **Topic 9** (BP input into particular flow rate estimates).  They shall report on **Topic 9** on June 15.

**Topic nos. 1-3, 11 and 13** are collectively referred to as "Cost Topics."  BP proposes that:

(1) it prepare interrogatories to be answered by it which are nearly identical to the Cost Topics; (2) it will circulate the interrogatories to the parties before the next conference; (3) any issues with the form of the interrogatories shall be resolved at the next conference; and (4) it shall respond to the interrogatories by August 15 (sixty days).

The other parties contend that BP should be required to designate representatives to testify on the Cost Topics. Louisiana urges that the information sought in the Cost Topics is relevant to penalty damages because it is concerned with what could have been done and when. The PSC is receptive to the interrogatories, but requests that the delay for responding be reduced and that it be permitted to serve requests for admission regarding the money spent by BP on preparation for a blowout prior to April 20.

BP shall convert the Costs Topics into interrogatories. The deadline for responding will be August 1 (forty-five days). Provided that the PSC exercises restraint, it is authorized to serve the request for admissions. A follow-up deposition on the Cost Topics is neither prohibited nor guaranteed. Based on the parties' issues with BP's interrogatory responses, the Court will determine whether a follow-up deposition is required.

The issue between Halliburton and BP concerning **Topic 23** concerns Halliburton's request for the addition of language on the M57 sand. BP opposes the request. There was discussion concerning Halliburton's request. The parties shall submit short letter briefs with Halliburton submitting the initial brief, followed by an opposition from BP, and a reply from Halliburton. BP and Halliburton shall confer and present a proposed schedule for the letter briefs.

7.  **Rule 30(b)(6) Depositions for Phase Two.**

BP is working with the U.S. on an agreed schedule for the resolution of the objections by the

U.S. to BP's addition of reservoir team contractors to the Rule 30(b)(6) Depositions for Phase Two. There were no other reports on the Rule 30(b)(6) depositions.

**8.      Scheduling depositions**.

The parties shall begin contacting the parties to be noticed, pursuant to Rule 30(b)(6), and secure dates for depositions beginning in August and September. If these parties are not willing to come to New Orleans, the parties will have to consider their travel plans. The U.S. reported that the BP Institute for Multiphase Flow is requesting a deposition in the United Kingdom.

## CONFERENCE SCHEDULE

| | |
|---|---|
| Friday, June 15, 2012 at 9:30 a.m. | WGC meeting |
| Friday, June 22, 2012 at 9:30 a.m. | WGC meeting |
| Friday, June 29, 2012 | **No Conference** (Fourth of July weekend) |
| Friday, July 6, 2012 at 9:30 a.m. | WGC meeting |
| Friday, July 13, 2012 at 9:30 a.m. | Status Conference with Judge Barbier<br>WGC meeting to follow |
| Friday, July 20, 2012 at 9:30 a.m. | WGC meeting |
| Friday, July 27, 2012 at 9:30 a.m. | WGC meeting |
| Friday, August 3, 2012 at 9:30 a.m. | WGC meeting |
| Friday, August 10, 2012 at 9:30 a.m. | WGC meeting |
| Friday, August 17, 2012 at 9:30 a.m. | Status Conference with Judge Barbier<br>WGC meeting to follow |
| Friday, August 24, 2012 at 9:30 a.m. | WGC meeting |
| Friday, August 31, 2012 at 9:30 a.m. | WGC meeting |
| Friday, September 7, 2012 at 9:30 a.m. | WGC meeting |

| | |
|---|---|
| Friday, September 14, 2012 at 9:30 a.m. | Status Conference with Judge Barbier<br>WGC meeting to follow |
| Friday, September 21, 2012 at 9:30 a.m. | WGC meeting |
| Friday, September 28, 2012 at 9:30 a.m. | WGC meeting |
| Friday, October 5, 2012 at 9:30 a.m. | WGC meeting |
| Friday, October 12, 2012 at 9:30 a.m. | WGC meeting |
| Friday, October 19, 2012 at 9:30 a.m. | Status Conference with Judge Barbier<br>WGC meeting to follow |
| Friday, October 26, 2012 at 9:30 a.m. | WGC meeting |
| Friday, November 2, 2012 at 9:30 a.m. | WGC meeting |
| Friday, November 9, 2012 at 9:30 a.m. | WGC meeting |
| Friday, November 16, 2012 at 9:30 a.m. | Status Conference with Judge Barbier<br>WGC meeting to follow |
| Friday, November 23, 2012 | **No Conference** (Thanksgiving) |
| Friday, November 30, 2012 at 9:30 a.m. | WGC meeting |
| Friday, December 7, 2012 at 9:30 a.m. | WGC meeting |
| Friday, December 14, 2012 at 9:30 a.m. | WGC meeting |
| Tuesday, December 18, 2012 at 8:30 a.m. | Final Pretrial Conference with Judge Barbier |
| Friday, December 21, 2012 | **No Conference** (Christmas) |
| Friday, December 28, 2012 at 9:30 a.m. | WGC meeting |

**All Saturdays are email free days.**

New Orleans, Louisiana, this 13th day of June, 2012.

_____
**SALLY SHUSHAN**
**U.S. MAGISTRATE JUDGE**