IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| Plaisance, *et al.*, individually and on behalf of the putative Medical Benefits Settlement Class,<br><br>Plaintiffs,<br><br>v.<br><br>BP Exploration & Production Inc., *et al.*,<br><br>Defendants. | * * * * * * * * * * * * | NO. 12-CV-968<br><br>SECTION: J<br><br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF
JOINT MOTION FOR ENTRY OF QUALIFIED PROTECTIVE ORDER**

*June 13, 2012
Counsel Listed on Signature Page*

The Medical Benefits Settlement Class Representatives,[1] on behalf of themselves and the members of the Medical Benefits Settlement Class, by and through Lead Class Counsel and Medical Benefits Class Counsel, and Defendants BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") respectfully submit this Memorandum in Support of their Joint Motion for Entry of a Qualified Protective Order.

On May 2, 2012, this Court preliminarily certified the Medical Benefits Settlement Class for settlement purposes, granted preliminary approval of the Medical Benefits Class Action Settlement Agreement, as amended ("Medical Settlement Agreement" or "Agreement"), and preliminarily appointed Garretson Firm Resolution Group, Inc. d/b/a Garretson Resolution Group as Claims Administrator to implement and administer the Agreement. (Rec. Doc. 6419). The Claims Administrator's responsibilities[2] in implementing and administering the Medical Settlement include processing all claims for compensation for Specified Physical Conditions, determining eligibility for participation in the Periodic Medical Consultation Program, administering the Back-End Litigation Option process, and implementing a mechanism for the identification and resolution of liens, claims, or rights of subrogation, indemnity, reimbursement conditional or other payments, or interests of any type. *See* Medical Settlement Agreement, § XXI.A.8.

As part of its responsibilities, the Claims Administrator is required to undertake to obtain

---

[1] Terms with initial capital letters used in this Joint Motion have the meanings ascribed to the fully capitalized rendering of such terms in the Medical Settlement Agreement, as amended, unless otherwise defined or set off by quotation marks herein.

[2] As set forth in the Medical Benefits Class Action Settlement Agreement, the Claims Administrator shall perform lien identification and resolution functions, which includes the following duties and functions: (1) the authority to act on behalf of the Medical Benefits Class Action Members; (2) the authority to receive and release identifiable health information; and (3) the authority to resolve any potential recovery claim associated with the Medical Benefits Class Action.

2

a written agreement from the Centers for Medicare & Medicaid Services (CMS), the agency within the Department of Health and Human Services responsible for the administration of the Medicare Program and the Medicaid Program, prior to the Effective Date that accomplishes the following:

> (a) Establishes repayment amounts or lien cap amounts per Specified Physical Condition and/or an aggregated repayment amount or lien cap amount for all or certain Specified Physical Conditions, for Medical Benefits Settlement Class Members who are or were beneficiaries of the Medicare Program, or, alternatively, otherwise sets forth a conditional payment resolution process. Such amounts or process(es) shall be acknowledged by CMS to be payment in full and full and final satisfaction of all of the Medicare Program's interests with respect to recovery of any conditional payments and payments with regard to medical items, services, and/or prescription drugs furnished to any Medical Benefits Settlement Class Member in connection with Released Claims. With regard to the lien cap amount, if applicable, CMS must recognize in writing its agreement that the final repayment amount, once determined by the Claims Administrator and CMS, shall under no circumstance exceed the lien cap amount;
>
> (b) establishes reporting processes recognized by CMS as satisfying the reporting obligations, if any, of all Released Parties and Medical Benefits Settlement Class Members under the MSP Laws; and
>
> (c) confirms that nothing in this Medical Benefits Settlement creates ongoing responsibility by any Released Party, Medical Benefits Class Counsel, or the Claims Administrator for providing medical items, services, and/or prescription drugs to Medical Benefits Settlement Class Members or other persons under the MSP Laws.

*Id*. at §§ XXIX.A.1(a) - (c). The Claims Administrator's success in negotiating such an agreement is integral to the implementation of the Medical Settlement Agreement, as BP has the right to terminate the Medical Settlement Agreement if the Claims Administrator cannot secure the necessary written agreement with CMS. *Id.* at XXIX.B.

The Medical Settlement Agreement also requires the Claims Administrator to review and evaluate claims submitted to it so that upon the Effective Date, the Claims Administrator can promptly begin distributing settlement benefits to qualifying class members. *Id*. at § XXI.A.8.g. Before it is permitted to pay any compensation to a qualifying class member, however, the

3

Claims Administrator must identify, negotiate, and satisfy all amount(s) owed to any Governmental Payer,[3] Medicare Part C and/or Part D Program sponsor, and/or Other Payer/Provider (collectively, "Payers") by that class member for medical items, services, and/or prescription drugs paid on his or her behalf.  *Id*. at §§ XXIX.A.3 - XXIX.A.5; *see also* § XXIX.E.  In addition, if any employer, attorney, insurer and/or any other entity claims any rights such as liens, assignments, rights of subrogation, encumbrances, garnishments, security interests, or any other legally perfected right with respect to a class member's compensation, other than rights for medical items, services, and/or prescription drugs asserted by Payers, the Claims Administrator must hold in escrow any compensation owed pending the Claims Administrator's determination of the rights to such compensation.  *Id.* at XXIX.N.  Accordingly, the Claims Administrator must proceed promptly with its duties regarding liens and other such interests to ensure that qualifying class members receive payment as quickly as possible after the Effective Date.

In order to fulfill its reporting and lien identification and satisfaction duties, the Claims Administrator must transmit and obtain certain information, including Protected Health Information, regarding claimants.[4]  During its ongoing discussions with the Claims Administrator regarding the written agreement referenced in Section XXIX.A.1 of the Medical

---

[3] Governmental Payers means "any federal, state, or other governmental body, agency, department, plan, program, or entity that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs…."  Medical Settlement Agreement, § II.II.  These include CMS, the Medicare Secondary Payer Department, and the Medicaid programs of each state and territory and of the District of Columbia  (each a "Medicaid Agency").

[4] Every Medical Benefits Settlement Class Member submitting a Proof of Claim Form or Notice of Intent to Sue agrees to authorize the Claims Administrator to transmit information to fulfill reporting requirements to Governmental Payers.  *Id.* at §§ XXI.C.6.iii and XXI.I.11.2.  Likewise, a class member who submits a Proof of Claim Form authorizes the Claims Administrator to negotiate and satisfy any amount(s) owed to Payers by that individual for medical items, services, and/or prescription drugs paid on his or her behalf.  *Id.* at §§ XXI.C.6.iv and XXI.C.6.v.

4

Settlement Agreement, CMS has indicated to the Claims Administrator that the Court enter an order specifically authorizing the Claims Administrator to transmit information regarding claimants to CMS in a single list, in lieu of the Claims Administrator separately transmitting information and HIPAA authorizations on a claimant-by-claimant basis. The Claims Administrator has also informed the Parties that such an order will be integral to efficiently identifying and resolving claims by Payers other than CMS. It would also be consistent with the Claims Administrator's duties and responsibilities, as set forth under Sections VI-VIII, XXI and XXIX of the Medical Settlement Agreement, and would increase the Claims Administrator's ability to successfully obtain the written agreement with CMS referenced above.

## CONCLUSION

Accordingly, the parties jointly request that this Court enter an order, substantially similar to the proposed order attached, permitting the Claims Administrator to disclose to and receive from Payers lists of claimants and Protected Health Information according to the terms of the Medical Settlement Agreement and authorizes the Claims Administrator, in its performance of its lien identification and resolution functions, to take such actions on behalf of the Medical Benefits Settlement Class Members to resolve any potential liens or recovery claims associated with the respective Payers.

June 13, 2012                                                                  Respectfully submitted,


*/s/ Stephen J. Herman*                                   */s/ James Parkerson Roy*
Stephen J. Herman, La. Bar No. 23129        James Parkerson Roy, La. Bar No. 11511
HERMAN HERMAN KATZ & COTLAR       DOMENGEAUX WRIGHT ROY &
LLP                                                                      EDWARDS LLC
820 O'Keefe Avenue                                       556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113                      Lafayette, Louisiana 70501

5

| | |
|---|---|
| Telephone: (504) 581-4892<br>Fax No. (504) 569-6024<br>E-Mail: sherman@hhkc.com | Telephone: (337) 233-3033<br>Fax No. (337) 233-2796<br>E-Mail: jimr@wrightroy.com |
| *Lead Class Counsel and Medical Benefits Class Counsel* | *Lead Class Counsel and Medical Benefits Class Counsel* |

## MEDICAL BENEFITS CLASS COUNSEL

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office:  (843) 216-9159
Telefax: (843) 216-9290
E-Mail:  jrice@motleyrice.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
Office:  (985) 876-7595
Telefax: (985) 876-7594
E-Mail:  duke@williamslawgroup.org

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA 70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

| | |
|---|---|
| | /s/ Don K. Haycraft |
| James J. Neath | Don K. Haycraft (Bar #14361) |
| Mark Holstein | R. Keith Jarrett (Bar #16984) |
| BP AMERICA INC. | LISKOW & LEWIS |
| 501 Westlake Park Boulevard | 701 Poydras Street, Suite 5000 |
| Houston, TX  77079 | New Orleans, Louisiana 70139 |
| Telephone:  (281) 366-2000 | Telephone:  (504) 581-7979 |
| Telefax:  (312) 862-2200 | Telefax:  (504) 556-4108 |
| | |
| Ellen K. Reisman | Richard C. Godfrey, P.C. |
| ARNOLD & PORTER LLP | J. Andrew Langan, P.C. |
| 777 South Figueroa Street | Andrew B. Bloomer, P.C. |
| Los Angeles, CA 90017-5844 | Elizabeth A. Larsen |
| | KIRKLAND & ELLIS LLP |
| Ethan P. Greene | 300 North LaSalle Street |
| Amy L. Rohe | Chicago, IL  60654 |
| ARNOLD & PORTER LLP | |
| 555 Twelfth Street, NW | |
| Washington, DC 20004-1206 | Robert C. "Mike" Brock |
| | COVINGTON & BURLING LLP |
| *Of Counsel* | 1201 Pennsylvania Avenue, NW |
| | Washington, DC 20004 |
| | Telephone:  (202) 662-5985 |
| | Telefax:  (202) 662-6291 |

*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of June, 2012.

/s/ Don K. Haycraft
Don K. Haycraft