UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010, | MDL NO. 2179 |
| | Case No. 2:11-CV-03180 |
| THANH HAI, INC.; TONY NGUYEN; KHANG VAN DANG, and the more than 700 persons named herein, | SECTION:  J |
| | Judge Barbier |
| Plaintiffs, | Magistrate Judge Shushan |
| vs. | |
| BP AMERICA PRODUCTION COMPANY; BP EXPLORATION AND PRODUCTION, INC.; ANADARKO PETROLEUM CORPORATION; MOEX OFFSHORE 2007, LLC; MOEX USA CORPORATION; MITSUI OIL EXPLORATION CO., LTD.; TRANSOCEAN HOLDINGS LLC; TRITON ASSET LEASING GMBH; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN LTD.; CAMERON INTERNATIONAL CORPORATION F/K/A COOPER-CAMERON CORPORATION; HALLIBURTON ENERGY SERVICES, INC.; M-I, LLC, WEATHERFORD U.S. L.P., | |
| Defendants. | |

_____

**COMPLAINT FOR INTERVENTION**
_____

NOW INTO COURT, comes Stephen S. Kreller of The Kreller Law Firm, Gerard M. Nolting, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels, LLP (formerly Faegre & Benson, LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA



1

(hereinafter referred to collectively as "Intervening Attorneys"), intervenors herein, who respectfully aver the following:

1.

Defendants-in-Intervention are as follows:

(a) Raymond S. Vath (GCCF Claim No. 1133907), a person of the full age of majority and currently residing in Jefferson Parish, Louisiana.  Val Patrick Exnicios currently represents Mr. Vath in these proceedings.

(b) Rebecca Winkler Vath (GCCF Claim No. 3406518), a person of the full age of majority and currently residing in Jefferson Parish, Louisiana.  Val Patrick Exnicios currently represents Mrs. Vath in these proceedings.

(c) Brian Jacob Winkler (GCCF Claim No. 1094302), a person of the full age of majority and currently residing in Jefferson Parish, Louisiana.  Val Patrick Exnicios currently represents Mr. Winkler in these proceedings.

2.

On March 16, 2011, Raymond S. Vath and Rebecca Winkler Vath retained Intervening Attorneys to represent them in their claims with the Gulf Coast Claims Facility at a cost included contingency fee of 18 percent.  On December 6, 2011, Raymond S. Vath and Rebecca Winkler Vath retained Intervening Attorneys to represent them in the multi-district litigation at a cost included contingency fee of 25 percent.  The fee arrangement with Mr. Vath and Mrs. Vath would remain at 25 percent even if they elected to opt-out of participation in the Seafood Compensation Program.

3.

On March 21, 2011, Brian Winkler retained Intervening Attorneys to represent him in their claims with the Gulf Coast Claims Facility at a cost included contingency fee of 18 percent. On December 6, 2011, Brian Winkler retained Intervening Attorneys to represent him in the multi-district litigation at a cost included contingency fee of 25 percent. The fee arrangement with Mr. Winkler would remain at 25 percent even if he elected to opt-out of participation in the Seafood Compensation Program.

4.

Intervening Attorneys actively and aggressively pursued for Mr. Vath, Mrs. Vath, and Mr. Winkler their GCCF claims through Ken Feinberg and their MDL claims through litigation for more than a year.

5.

Intervening Attorneys had numerous client interviews and meetings with Mr. Vath, Mrs. Vath, and/or Mr. Winkler to fully investigate and document their claims.

6.

Intervening Attorneys collected and analyzed all necessary business records related to their claims.

7.

Intervening Attorneys hired and paid marine biologists tens of thousands of dollars to obtain, test, and document multiple samples of their oyster reefs on May 24, 2011 and May 25, 2011.

8.

Intervening Attorneys' team of oyster and marine biologists extensively analyzed the density and mortality of oysters on the Vath leases.

9.

Intervening Attorneys dedicated a team of attorneys to work with Mr. Vath, Mrs. Vath, and Mr. Winkler. These attorneys personally investigated, documented, and handled their claims and have corresponded with these clients on an ongoing basis.

10.

Intervening Attorneys met with Ken Feinberg and GCCF multiple times in Washington, D.C. to negotiate with GCCF on their behalf. This included a meeting in which we flew oyster and marine biologists to Washington, D.C. to present their findings to Mr. Feinberg and GCCF. The efforts of Intervening Attorneys resulted in significant revisions to GCCF's methodologies for oyster leases, including recognition of property interest of Mr. Vath, Mrs. Vath, and Mr. Winkler in their leases.

11.

Intervening Attorneys filmed and produced a video that included Mr. Vath for presentation to GCCF and BP's counsel.

12.

Intervening Attorneys prepared fully documented and detailed claims to GCCF for Mr. Vath, Mrs. Vath, and Mr. Winkler. Those claims included extensive analysis of the Vath leaseholds and lost revenues caused by the oil spill, and were supported by expert reports including reports from one of the leading experts from the Exxon Valdez litigation and two oyster biologists. Intervening Attorneys paid for these experts and the reports.

13.

In conjunction with our experts, Intervening Attorneys developed damage methodologies for oyster leaseholders including the use of damage multipliers and reimbursement for property damage. These methodologies and concepts have been incorporated into the Seafood Compensation Program and are integral to the compensation that Mr. Vath, Mrs. Vath, and Mr. Winkler will receive under the oyster leasehold formulas.

14.

Intervening Attorneys represent Mr. Vath, Mrs. Vath, and Mr. Winkler in the *In Re Deepwater Horizon* litigation on a direct action basis. Mr. Vath is a named plaintiff in a Vessels of Opportunity complaint filed on November 8, 2011, and we are counsel of record for him in that litigation. See *Hong Van Truong, et al. v. BP American Production Company, et al.*, U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-02766. Mr. Vath, Mrs. Vath, and Mr. Winkler are named plaintiffs in an OPA 90 complaint filed on December 28, 2011, and we are counsel of record for them in that litigation. See *Thanh Hai, Inc., et al. v. BP American Production Company, et al.*, U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-03180.

15.

The GCCF claims and supporting documentation Intervening Attorney submitted for Mr. Vath, Mrs. Vath, and Mr. Winkler are now being used by the Seafood Compensation Program to compensate Mr. Vath, Mrs. Vath, and Mr. Winkler.

16.

Intervening Attorneys extensively participated in settlement negotiations with the PSC and BP regarding compensation for oyster leaseholders. The efforts of Intervening

Attorneys were directly responsible for doubling the amounts that Mr. Vath, Mrs. Vath, and Mr. Winkler will receive through the Seafood Compensation Program.

17.

Additionally, Intervening Attorneys extensively participated in mediations with Special Master John W. Perry, Jr. and Dan J. Balhoff regarding the formulas and compensation available under the Seafood Compensation Program.

18.

Since filing of the settlement agreement, Intervening Attorneys have documented the claims of Mr. Vath, Mrs. Vath, and Mr. Winkler to ensure collection of all information necessary to obtain compensation under the Seafood Compensation Program. Intervening Attorneys calculated their claims under the settlement.

19.

In addition to meetings with our oyster-leasehold clients, Intervening Attorneys personally met with Mr. Vath, Mrs. Vath, and Mr. Winkler on May 11, 2012 to review the settlement terms with them and explain how much money they will receive under the settlement.

20.

On May 11, 2012, Mr. Vath requested that Intervening Attorneys obtain copies of his oyster leases from the Louisiana Department of Wildlife and Fisheries. And, Intervening Attorneys spent hundreds of dollars to comply with his request.

21.

Following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Mr. and Mrs. Vath and Mr. Winkler

retained a new attorney, Val Patrick Exnicios, and through their newly retained counsel, forwarded correspondence to Attorneys stating their desire to dismiss their services without cause.

22.

The Court has now granted preliminary approval of the settlement and Seafood Compensation Program, including compensation formulas for Mr. Vath, Mrs. Vath, and Mr. Winkler. Intervening Attorneys have done everything necessary to obtain settlements for Mr. and Mrs. Vath, and Mr. Winkler. At this point, the only thing left to be done on behalf of these clients is filling out online forms with the information Intervening Attorneys have collected, generated, and reviewed with Mr. and Mrs. Vath, and Mr. Winkler.

23.

Defendants-in-Intervention, Raymond S. Vath (GCCF Claim No. 1133907), Rebecca Winkler Vath (GCCF Claim No. 3406518), and Brian Jacob Winkler (GCCF Claim No. 1094302), are indebted unto Intervening Attorneys for the costs that Intervening Attorneys have expended on their behalf; they are also indebted unto Intervening Attorneys for legal fees for the prosecution of their claims, for the full amount of any legal fees obtained by any other attorneys pursuant to La. R.S. 37:218 and for any other fees as directed by this Honorable Court.

24.

Intervening Attorneys maintain they have been wrongfully discharged by Mr. and Mrs. Vath, and Mr. Winkler and maintain that Intervening Attorneys performed services on their behalves which aided them in the prosecution of their claims. See May 24, 2012 correspondence from undersigned to Val Patrick Exnicios, attached hereto as Exhibit A.

**WHEREFORE**, Intervenors, Stephen S. Kreller of The Kreller Law Firm and Gerard M. Nolting, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels, LLP (formerly Faegre & Benson, LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, pray that a copy of this Complaint for Intervention be served upon Defendants-in-Intervention herein; that they be duly cited to appear and answer same and that, after all legal delays and due proceedings had, there be judgment herein in favor of Intervenors, Stephen S. Kreller of The Kreller Law Firm and Gerard M. Nolting, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels, LLP (formerly Faegre & Benson, LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, for all costs incurred by Intervenors in connection with the legal services rendered on behalf of Mr. and Mrs. Vath, and Mr. Winkler, and for legal fees incurred by Intervenors' representation of Defendants-in-Intervention, for the contingency fee as stated in the retainer agreement with Intervenors, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for any other fees as directed by the court, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

BY: */s/ Stephen S. Kreller*

THE KRELLER LAW FIRM

> Stephen S. Kreller (LA # 28440)
> 757 St. Charles Avenue, Suite 301
> New Orleans, LA  70130
> Telephone:  504-484-3488
> Facsimile:  504-294-6091
> Email:  ssk@krellerlaw.com

FAEGRE BAKER DANIELS, LLP

    Gerard M. Nolting (admitted pro hac vice)
    William L. Roberts (admitted pro hac vice)
    Craig S. Coleman (admitted pro hac vice )
    2200 Wells Fargo Center
    90 South Seventh Street
    Minneapolis, MN  55402
    Telephone:  612-766-7000
    Facsimile:  612-766-1600

LANGSTON & LOTT, P.A.

    Duncan Lott (admitted pro hac vice)
    Casey L. Lott (admitted pro hac vice)
    100 South Main Street
    Booneville, MS  38829
    Telephone:  662-728-9733
    Facsimile:  662-728-1992

    **ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Complaint for Intervention has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of June, 2012.

                                                               _/s/ Stephen S. Kreller_



Stephen S. Kreller
ssk@krellerlaw.com

May 24, 2012

Via Email: vpexnicios@exnicioslaw.com
Via Facsimile: (504) 410-9937
Mr. Val Patrick Exnicious, Esq.
Liska, Exnicios & Nungesser
1515 Poydras Street, Suite 1400
New Orleans, LA 70112

Re: <u>Raymond S. Vath, Rebecca Vath, and Brian Winkler</u>

Dear Mr. Exnicious:

I am responding to your May 23, 2012 correspondence regarding Raymond S. Vath, Rebecca Winkler Vath, and Brian Winkler. Mr. Vath, Mrs. Vath, and Mr. Winkler have each signed contracts retaining my firm, The Kreller Law Firm, and my co-counsel, Faegre Baker Daniels, LLP, for all claims relating to the *Deepwater Horizon* disaster.

Our firms have fully performed those contracts, having assiduously worked to obtain a settlement for these clients. Mr. Vath, Mrs. Vath, and Mr. Winkler have no cause for terminating our representation immediately prior to obtaining payment under the settlement we helped to negotiate on their behalf. Under Louisiana law and our contracts with Mr. Vath, Mrs. Vath, and Mr. Winkler, we are entitled to liens in the full amount of the fee specified in those contracts. And, we will pursue all available legal remedies to perfect a lien and to obtain all fees owed by Mr. Vath, Mrs. Vath, and Mr. Winkler to our firms.

We will provide client files to you as you requested. You should be aware that our extraordinary efforts to represent these clients have been extensive, and include every effort necessary to obtain a settlement on their behalf. These efforts include, but are not limited to, the following:

- Mr. Vath, Mrs. Vath, and Mr. Winkler retained our firms to represent them in their claims with the Gulf Coast Claims Facility on March 16, 2011 and March 21, 2011, respectively, on a cost included contingency fee of 18 percent. Mr. Vath, Mrs. Vath, and Mr. Winkler retained our firms to represent them in the MDL on December 6, 2011 on a cost included contingency fee of 25 percent. And, our fee arrangement with Mr. Vath, Mrs. Vath, and Mr. Winkler would remain at 25 percent even if they elected to opt-out of participation in the Seafood Compensation Program.
- We have actively and aggressively pursued for Mr. Vath, Mrs. Vath, and Mr. Winkler their GCCF claims through Ken Feinberg and their MDL claims through litigation for more than a year.


EXHIBIT A

4224 Canal Street / New Orleans, LA 70119 / 504.484.3488
800.488.3053 / Fax: 888.294.6091 / www.krellerlaw.com

Licensed in Alabama, Georgia, Louisiana and New York

Mr. Val Patrick Exnicious, Esq.
May 24, 2012
Page 2 of 3

- We have had numerous client interviews and meetings with Mr. Vath, Mrs. Vath, and/or Mr. Winkler to fully investigate and document their claims.
- We have collected and analyzed all necessary business records related to their claims.
- We hired and paid marine biologists tens of thousands of dollars to obtain, test, and document multiple samples of their oyster reefs on May 24, 2011 and May 25, 2011.
- Our team of oyster and marine biologists extensively analyzed the density and mortality of oysters on the Vath leases.
- We dedicated a team of attorneys to work with Mr. Vath, Mrs. Vath, and Mr. Winkler. These attorneys personally investigated, documented, and handled their claims and have corresponded with these clients on an ongoing basis.
- We met with Ken Feinberg and GCCF multiple times in Washington, D.C. to negotiate with GCCF on their behalf. This included a meeting in which we flew oyster and marine biologists to Washington, D.C. to present their findings to Mr. Feinberg and GCCF. Our efforts resulted in significant revisions to GCCF's methodologies for oyster leases, including recognition of property interest of Mr. Vath, Mrs. Vath, and Mr. Winkler in their leases.
- We filmed and produced a video that included Mr. Vath for presentation to GCCF and BP's counsel.
- We prepared fully documented and detailed claims to GCCF for Mr. Vath, Mrs. Vath, and Mr. Winkler. Those claims included extensive analysis of the Vath leaseholds and lost revenues caused by the oil spill, and were supported by expert reports including reports from one of the leading experts from the Exxon Valdez litigation and two oyster biologists. Our firms paid for these experts and the reports.
- In conjunction with our experts, our firms developed damage methodologies for oyster leaseholders including the use of damage multipliers and reimbursement for property damage. These methodologies and concepts have been incorporated into the Seafood Compensation Program and are integral to the compensation that Mr. Vath, Mrs. Vath, and Mr. Winkler will receive under the oyster leasehold formulas.
- We represent Mr. Vath, Mrs. Vath, and Mr. Winkler in the *In Re Deepwater Horizon* litigation on a direct action basis. Mr. Vath is a named plaintiff in a Vessels of Opportunity complaint filed on November 8, 2011, and we are counsel of record for him in that litigation. See Hong Van Truong, et al. v. BP American Production Company, et al., U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-02766. Mr. Vath, Mrs. Vath, and Mr. Winkler are named plaintiffs in an OPA 90 complaint filed on December 28, 2011, and we are counsel of record for them in that litigation. See Thanh Hai, Inc., et al. v. BP American Production Company, et al., U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-03180.
- The GCCF claims and supporting documentation we submitted for Mr. Vath, Mrs. Vath, and Mr. Winkler are now being used by the Seafood Compensation Program to compensate Mr. Vath, Mrs. Vath, and Mr. Winkler.
- We extensively participated in settlement negotiations with the PSC and BP regarding compensation for oyster leaseholders. Our efforts were directly

- responsible for doubling the amounts that Mr. Vath, Mrs. Vath, and Mr. Winkler will receive through the Seafood Compensation Program.
- Additionally, our firms extensively participated in mediations with Special Master John W. Perry, Jr. and Dan J. Balhoff regarding the formulas and compensation available under the Seafood Compensation Program.
- Since filing of the settlement agreement, we have documented the claims of Mr. Vath, Mrs. Vath, and Mr. Winkler to ensure collection of all information necessary to obtain compensation under the Seafood Compensation Program. Our attorneys calculated their claims under the settlement.
- In addition to meetings with our oyster-leasehold clients, we personally met with Mr. Vath, Mrs. Vath, and Mr. Winkler on May 11, 2012 to review the settlement terms with them and explain how much money they will receive under the settlement.
- On May 11, 2012, Mr. Vath requested that we obtain copies of his oyster leases from the Louisiana Department of Wildlife and Fisheries. And, we spent hundreds of dollars to comply with this request.

The Court has now granted preliminary approval of the settlement and Seafood Compensation Program, including compensation formulas for Mr. Vath, Mrs. Vath, and Mr. Winkler. Our firms have done everything necessary to obtain settlements for these clients. At this point, the only thing left to be done on behalf of these clients is filling out online forms with the information we have collected, generated, and reviewed with these clients.

We trust that you were not aware of the extraordinary investments of time and costs we have made on behalf of Mr. Vath, Mrs. Vath, and Mr. Winkler. In light of our efforts and active representation of these clients through settlement, we have no doubt that the Court will find our 25% percent contingent fee agreement reasonable under all applicable laws and will conclude that we are entitled to the full amount of that fee.

With kindest regards, I am

Very truly yours,

Stephen S. Kreller

cc: Gerard M. Nolting, Esq.
William L. Roberts, Esq.
Craig S. Coleman, Esq.
Jonathan W. Dettmann, Esq.