UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * | MDL NO. 2179 SECTION: J JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| THIS DOCUMENT RELATES TO ALL ACTIONS | * * * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF BP'S OBJECTIONS
TO AND APPEAL FROM MAGISTRATE JUDGE'S
ORDER REGARDING BP'S CHALLENGES TO 21 DELIBERATIVE
PROCESS PRIVILEGE CLAIMS BY U.S. [REC. DOC. 6650]**

On May 29, 2012, BP Exploration & Production Inc. ("BP") filed a challenge to 21 of the 119 deliberative process privilege claims asserted by the United States. *See* Rec. Doc. 6594. BP contended that the United States was bound to produce the documents at issue because BP's need for the documents outweighed the United States' interest in protecting the deliberative process, particularly in light of the documents' apparent relevance and the United States' status as the plaintiff in this litigation. *See id.* at 1-3. BP also contended that the United States bore the burden of establishing that withheld documents are deliberative, rather than merely factual or observational; that the United States was required to produce factual documents that did not come within the scope of the privilege; and that the United States was required to disclose through an appropriate use of redactions any factual materials intermixed with deliberative materials in a single document. *See id.* at 3-4. BP therefore requested that the Court review these documents *in camera* and order their production. The United States filed an opposition brief, in which it claimed that its interest in protecting the deliberative process outweighed BP's

interest in production of the documents and that, because "the substance of the factual information contained in these privileged communications has been produced in numerous forms to BP," "requiring redaction here would be, in essence, a meaningless exercise." Rec. Doc. 6618, at 2 n.1; *see also* Rec. Doc. 6622 (declaration setting forth basis for deliberative process privilege assertions). BP filed a reply memorandum in support of its challenge. Rec. Doc. 6649.

On June 11, 2012, Magistrate Judge Shushan issued an order denying BP's challenge, concluding that BP's need for the documents did not outweigh the interests of the United States in protecting the deliberative process and that any factual materials could not be separated and redacted. Rec. Doc. 6650.

BP respectfully disagrees with Judge Shushan's conclusion. The deliberative process privilege is "severely restricted" where, as here, the United States seeks "affirmative judicial relief." *United States v. Ernstoff*, 183 F.R.D. 148, 153 (D.N.J. 1998). Under this standard, any interest that the United States has in protecting the deliberative process is outweighed by BP's interest in full and fair discovery of what appear to be highly relevant documents.

BP has already explained in detailed briefing before Judge Shushan why it needs the withheld documents and why the deliberative process privilege does not apply. *See* Rec. Doc. 6594 (BP's challenge); Rec. Doc. 6649 (BP's reply in support of challenge); *see also* Rec. Doc. 6148 (BP's initial brief setting forth legal principles regarding the deliberative process privilege). For its part, the United States has also filed a brief describing its position on these issues. *See* Rec. Doc. 6618 (United States' memorandum in opposition to BP's challenge); Rec. Doc. 6622 (declaration setting forth basis for deliberative process privilege assertions).

In light of the briefing that took place before Judge Shushan, BP respectfully incorporates by reference its memoranda relating to the deliberative process privilege. *See* Rec. Docs. 6649,

6594, 6148.  BP is amenable to having the Court decide this appeal on the record and briefing compiled before Judge Shushan.  Of course, should the Court request further briefing or argument on this issue, BP would be happy to present the same in a manner, and at a time, of the Court's convenience.

Dated:  June 15, 2012                                          Respectfully submitted,

/s/ Don K. Haycraft

| | |
|---|---|
| Robert C. "Mike" Brock | Don K. Haycraft (Bar #14361) |
| Covington & Burling LLP | R. Keith Jarrett (Bar #16984) |
| 1201 Pennsylvania Avenue, NW | Liskow & Lewis |
| Washington, DC 20004-2401 | 701 Poydras Street, Suite 5000 |
| | New Orleans, Louisiana 70139-5099 |
| | Telephone:  504-581-7979 |
| | Facsimile:  504-556-4108 |
| Robert R. Gasaway | |
| Jeffrey Bossert Clark | Richard C. Godfrey, P.C. |
| Aditya Bamzai | J. Andrew Langan, P.C. |
| Kirkland & Ellis LLP | Kirkland & Ellis LLP |
| 655 Fifteenth Street, NW | 300 North LaSalle Street |
| Washington, DC 20005 | Chicago, IL 60654 |
| Telephone:  202-879-5000 | Telephone:  312-862-2000 |
| Facsimile:  202-879-5200 | Facsimile:  312-862-2200 |

***Attorneys for BP Exploration & Production Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of June, 2012.

/s/ Don K. Haycraft
Don K. Haycraft