UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, ON | * | SECTION: J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| | * | |
| (REF: C.A. 10-8888; CLAIM OF TRITON | * | MAGISTRATE JUDGE SHUSHAN |
| DIVING SERVICES, LLC) | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION FOR STATUS CONFERENCE AND EXPEDITED TRIAL DATE**

NOW INTO COURT comes Claimant Triton Diving Services, LLC ("Triton"), and respectfully requests that the Court schedule a Status Conference in the above-captioned matter to request and expedited trial setting.

Triton is a Louisiana-based shallow water diving company. The company was founded in 1999, and it offers a wide range of diving services in inland waters and shallow waters of the Gulf of Mexico up to a depth of 300 feet. Triton performs projects principally for major and independent oil, pipeline and construction companies to meet their specific subsea needs. Its shallow water offshore direct services include barge support, drilling rig support, handjetting, inspections (platforms, docks, vessel hulls), platform inspections, oil and gas field maintenance and repair, pipeline construction and repair, pipeline burial, pipeline plug and abandonment, platform removal, plug and abandonment support, site clearances, underwater burning, underwater video, riser installations, sub-sea installations and tension leg platform support. At times pertinent, Triton owned six dive support vessels.

On April 20, 2010, the demand for Triton's shallow water services was significantly impeded when the J/U DEEPWATER HORIZON exploded and the Macondo well blew out. As

1

a result of the spill, utilization of Triton's fleet named above declined. The oil spill directly hindered demand for Triton's shallow water services. Triton experienced numerous lost days of work due to the presence of oil and the resultant slowdown in the industry.

Triton's revenues are a function of the rates it charges for its (i) dive support vessels and vessel crew, (ii) dive personnel, (iii) diving equipment, and (iv) fees earned on subcontracted services and sales of materials and consumables. Because of the oil spill, Triton has determined a loss of approximately $30 million in profits from May 2010 through September 2011.

Triton submitted its initial claim for emergency advance payment to the Gulf Coast Claims Facility ("GCCF") on November 22, 2010. That claim was denied for insufficient information on December 10, 2010. Triton then submitted an interim claim to GCCF on March 15, 2011. That claim was denied on April 21, 2011 on the grounds that the claim was "moratoria related" and that such claims were not within the scope of the GCCF. Another claim was made on June 27, 2012, but this claim was also denied on July 2, 2011, again on the grounds that it was moratorium related. Triton appealed this decision on July 13, 2011, but GCCF determined that Triton's claim was ineligible for an appeal on July 27, 2011. An additional claim was submitted on October 4, 2011 with additional supporting documentation submitted on November 16, 2011. This claim was denied on March 16, 2012, again because GCCF determined that it was moratorium-related. To date, Triton has received no money for its losses sustained as a result of the oil spill.

On April 19, 2011, Triton filed the Court-approved short form joinder in the referenced limitation action.

On May 3, 2012, Plaintiffs Steering Committee and BP entered into an Amended Settlement Agreement purporting to settle various claims arising out of the spill, including

claims for economic losses. This Amended Settlement Agreement, however, specifically excluded any "moratoria-related" claims from its scope. Triton is further participating in the Deepwater Horizon Claims Center process for making claims for economic losses, yet it expects continuing confusion on what is a moratorium claim and whether such claims fall under the scope of economic damages recoverable under the Oil Pollution Act.

Accordingly, Triton requests that this Court convene a status conference for the purposes of entering a scheduling order and setting trial on an expedited basis. Triton's claims present a bellwether claim that will provide answers to these overarching issues regarding the recoverability of economic losses.

## CERTIFICATE OF NON-SUPPORT

In accord with Pretrial Order No. 11, undersigned counsel certifies that it contacted the Plaintiffs Steering Committee and advised of its intent to file this motion. Plaintiffs Liaison Counsel responded that the PSC did not support the filing of this motion.

                                           Respectfully submitted,

/s/ Peter L. Hilbert, Jr.
JAMES M. GARNER (# 19589)
PETER L. HILBERT, JR. (#6875)
KEVIN M. MCGLONE (#28145)
**Sher Garner Cahill Richter Klein & Hilbert, L.L.C.**
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
COUNSEL FOR TRITON DIVING SERVICES, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2012, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ *Peter L. Hilbert, Jr.*
PETER L. HILBERT, JR.