IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>*All Cases in Pleading Bundle B3* | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**PLAINTIFFS' LOCAL RULE 56.2 RESPONSE TO DEFENDANTS' STATEMENTS OF FACT WITH RESPECT TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ON DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.2, Plaintiffs respectfully submit this Counter-Statement of Facts in Support of the plaintiffs' Omnibus Memorandum in Opposition to Defendants' Motions for Summary Judgment on Derivative Immunity and Preemption Grounds filed by filed by Defendants O'Brien's Response Management, Inc. ("O'Brien's") and National Response Corporation ("NRC") [Doc. 6536-2], Tiger Rentals, Ltd. and the Modern Group, Ltd. ("Tiger Rentals") [Doc. 6538-2], Airborne Support International, Inc. ("Airborne") [Doc. 6546-2], Marine Spill Response Corporation ("MSRC") [Doc. 6547-3], Dynamic Aviation Group, Inc. ("Dynamic") [Doc. 6551-3], Lynden, Inc. ("Lynden") [Doc. 6553-1], International Air Response, Inc. ("International Air") [Doc. 6557-1], and DRC Emergency Services, LLC ("DRC") [Doc. 6559-3] (collectively, "Clean-Up Responder Defendants"), and Defendant Nalco Company ("Nalco") [Doc. 6541-2].

As a general matter, however, Plaintiffs proffer a general objection to the finding of any fact at this stage in the proceedings. For reason set forth in more detail in Plaintiffs' Memorandum in Opposition to Defendants' Motions for Summary Judgment, Plaintiffs have not been afforded a complete discovery.

Plaintiffs nonetheless respond to Defendants' Local Rule 56.1 statements as follows:

**I.   PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO CLEAN-UP RESPONDER DEFENDANTS' JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS[1]**

1.—3.   Uncontested.

4.   Plaintiffs contest any portion of this Paragraph that relies upon Joint SUMF Exhibit 3. That report is hearsay and contains double hearsay and is not admissible pursuant to Rule 801 and 805.

---

[1] For ease of reference, Plaintiffs hereinafter refer to Clean-Up Responder Defendants' Joint Statement of Undisputed Facts as "Joint SUMF."

2

13.     For the reason set forth in Plaintiffs' Memorandum in Opposition to Defendants' Motions for Summary Judgment, Plaintiffs object to any point of fact based upon a joint stipulation entered with the Federal Government. Such stipulations are inequitable in light of the limited discovery, and the inability of Plaintiffs to test the veracity of the stipulations by deposing government witnesses. *See In re Durability Inc. v. Sovereign Life Ins. Co. of Cal.*, 212 F.3d 551 (10th Cir. 2000).

14.—18.  Uncontested.

19.—25.  *See* Response to ¶ 13.

26.     Uncontested.

27.     Contested to the extent Defendants are asserting that the FOSC did, in fact, approve of every action. There is evidence to the contrary. *See* Ex. 1 – National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, *Decision-Making Within the Unified Command*, Staff Working Paper No. 2, at 12 (Jan. 11, 2011) (explaining that many government officers reported to BP personnel). BP personnel exercised a broad range of decision-making authority, both by design and in practice. *See* Ex. 2 – Excerpts from the Deposition Transcript of Bob Pfannstiel, December 2, 2011, at 86:3-4 (hereinafter "Pfannstiel Dep."); Ex. 3 – Excerpts from the Rule 30(b)(6) Deposition Transcript of Edmond Thompson, December 12-13, 2011, at 100:22-101:8 (hereinafter "Thompson 30(b)(6) Dep.").

28.—29.  *See* Response to ¶ 13.

30.—34.  Uncontested.

35.     *See* Response to ¶ 13.

36.—39.  Uncontested.

40. *See* Response to ¶ 13.

41.—45. Uncontested.

46. *See* Response to ¶ 4.

47.—49. *See* Response to ¶ 13.

50.—51. Uncontested.

52.—54. *See* Response to ¶ 13. Furthermore, to the extent Defendants are asserting, as a matter of fact, that Incident Action Plans were produced and signed each day of the response, they are referring to facts unavailable to Plaintiffs and Plaintiffs object pursuant to Federal Rule of 56(d) and request the opportunity to discover facts relevant to Defendants' assertions. In addition, Plaintiffs further object to the admission of Incident Action Reports at summary judgment under Federal Rule of Evidence 801 and 901.

55. *See* Response to ¶ 13. Furthermore, Plaintiffs contest the assertion that the United States authorized and/or directed all spill response activities. The record is replete with response actions that contravene government regulations and operating protocol and there is no evidence that the government authorized conduct that contravened its own protocol. For example:

- Multiple individuals who were on or near the shoreline were sprayed with chemical dispersant from planes flying overhead. *See* Declarations of Dwayne Hawkins-Lodge, dated June 8, 2012 ("Hawkins Decl."); Declaration of Warren Jones, dated June 12, 2012 ("Jones Decl."); and Declaration of Terry Joe Carter, dated June 12, 2012 ("Carter Decl."). Government protocol prohibited the application of dispersant within three miles of the shoreline. *See* Joint SUMF ¶¶ 9-11.

- Two individuals testified that dispersant planes were flying night missions. *See* Affidavit of Ronnie Anderson, dated May 29, 2011 ("Anderson Aff."); Affidavit of John M. Wunstell, Jr., dated May 29, 2011 ("Wunstell Aff."). Government protocol prohibited spraying dispersant outside of daylight hours. *See* Joint SUMF ¶¶ 9-11.
- One individual testified that a dispersant plane applied dispersant over top an in-situ burn site while he was working. *See* Anderson Aff. *See* MSRC Local Rule 56.1 Statement of Facts ¶ 22.]

56. *See* Response to ¶ 13.

57.—61. Uncontested.

62. *See* Response to ¶ 13.

63. Contested. The document upon which Defendants rely does not support the assertion contained in Paragraph 63. It is, rather, a map whose significance is unclear from the face of the document. Plaintiffs further objected pursuant to Federal Rule of Evidence 801 and 901.

64. Uncontested.

65. *See* Response to ¶ 13.

66. Contested. The document Defendants rely upon for this assertion is hearsay and, possibly double hearsay. Plaintiffs object under Rule 801, Rule 805, and Rule 901.

67.—68. *See* Response to ¶ 13.

69. *See* Response to ¶ 4.

70.—71. Uncontested.

72. *See* Response to ¶ 13.

73. Uncontested.

74.	Contested. *See* Response to ¶ 13. In addition, *see* Response to ¶ 55.

75.	Uncontested.

76.	*See* Response to ¶ 13. Further, the transcript is hearsay and inadmissible pursuant to Rule 801.

77.	*See* Response to ¶ 13.

78.—80.	Uncontested.

81.	*See* Response to ¶ 4.

82.	*See* Response to ¶ 13.

83.—90.

91.	Uncontested. Plaintiffs further state that although OSHA was involved in the response, contractors in the field designed their own training programs, unsupervised by OSHA. *See* Ex. 3, Thompson 30(b)(6) Dep. at 46:17-47:3 (describing program implemented by O'Brien's without OSHA input). OSHA identified training programs that were inadequate and forced contractors to make changes. *See id.* at 94:8-12, 148:5-11. As late as June 2010, OSHA observed that contractors were providing inadequate safety training for the projects they were preparing clean-up workers to undertake; OSHA required contractors to double the time workers spent in training and to focus on additional safety areas. *See* Ex. 10 – E-mail Correspondence chain dated June 10, 2010 (BP-HZN-2179VOO00105940 throug BP-HZN-2179VOO00105941). Finally, multiple individuals testified that safety training was either not administered or that deployment site operators failed to adhere to the safety protocols set forth during those sessions. *See, e.g.*, Declaration of Rendell Jackson, dated June 9, 2012 ("Jackson Decl."); Declaration of John Lide, dated June 7, 2012 ("Lide Decl."). This is perhaps unsurprising given the

fact that at least some deployment sites were given no guidance on how to train or monitor workers for safety.  *See* Ex. 5 – Excerpts from the Deposition Transcript of Edmond Thompson in his Individual Capacity, December 13, 2011, at 80:19-87:13.

92.—96.   Uncontested.

97.   Uncontested.  Plaintiffs, however, note that calling respirators "the protection of last resort" does not mean their use was not recommended for specific projects.  *See* Ex. 8 – On-Shore PPE Matrix for Gulf Operations, promulgated by OSHA (requiring respirators under certain conditions).  Multiple clean-up workers testified that they were never provided respirators, notwithstanding the presence of oil or gasoline-like odors in the air.  *See, e.g.*, Declaration of Kirk Edwards, dated June 12, 2012 ("Edwards Decl."); Declaration of William Gill, dated June 9, 2012 ("Gill Decl."); Declaration of Brandon Scott, dated June 8, 2012 ("Scott Decl.").  Furthermore, Ronnie Anderson and John Wunstell were both stationed at an in-situ burn site near the still-flowing Macondo well; neither were given any protective masks or respirators.  *See* Anderson Aff; Wunstell Aff.  Wunstell became so sick from the fumes and smoke that he was airlifted to West Jefferson Medical Center for emergency treatment.  *See* Wunstell Aff.

98.—103.   Uncontested.

104.—07.   *See* Response ¶ 4.

108.   Contested.  Plaintiffs object under Federal Rule of Evidence 801 to Suttles' reference to "phrases" and things that he heard while staffing Unified Command.

109.   Uncontested.

110.   *See* Response ¶ 4.

**II.   PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO O'BRIEN'S AND NRC'S JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS**

1.—3.   Uncontested.

4.   Uncontested. However, Plaintiffs note that there is evidence that O'Brien's exceeded the government's authority. An O'Brien's employee administered safety training for VoO participants in and around Houma that did not comport with OSHA standards. *See* Response to Joint SUMF ¶ 91, *supra*. Furthermore, at least one clean-up worker testified that due to a shortage, an O'Brien's supervisor ordered workers to clean oil without any of the required personal protective equipment. *See* Declaration of Victor Carias, dated June 11, 2012 ("Carias Decl.").

5.—7.   Uncontested.

8.   Uncontested only as a general statement regarding the structure of the spill response.

9.   Uncontested.

10.   Contested. *See* Response to Joint SUMF ¶¶ 55, 91, *supra*; *see* Response to O'Brien's SUMF ¶ 4.

11.—14.   Uncontested.

15.   Uncontested only as a general statement regarding the structure of the spill response.

16.   Contested. *See* Response to Joint SUMF ¶¶ 55. Furthermore, by its own admission, NRC was involved in vessel decontamination, an area that was plagued with coordination problems. VoO participants were told their vessels were clean when they visibly were not. Ex. 11 – Excerpts of Deposition Transcript of Hoi Nguyen, October 6, 2011, at 68:13-69:16. BP's Branch Director of Logistics for the Mobile ICP acknowledged that vessels were not decontaminated promptly. *See* Ex. 12 – Excerpts of

Deposition Transcript of Matthew Kissinger, November 14, 2011, at 244:9-22. Finally, Operations Summaries from as late as mid-June continued to note that decontamination "remains a problem at every location" in Florida. *See* Ex. 13 – E-mail Correspondence of June 18, 2010 (BP-HZN-VOO00106074 through BP-HZN-VOO00106082).

III. **PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO TIGER RENTALS JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS**

1.—9.   Uncontested.

10.   Contested. *See* Response to Joint SUMF ¶ 55, *supra*; Response to O'Brien's and NRC's SUMF ¶ 16, *supra*. Furthermore, to the extent Tiger Rentals was involved with the procurement of personal protective equipment, the record shows that shortages in such equipment caused workers to go without, at the risk of chemical exposure. In addition to a shortage of respirators, *see* Response to Joint SUMF ¶ 97, workers handling boom were not given personal protective equipment, *see* Scott Decl., and, in fact, were told there was no need for rubbers gloves or hazmat suits, *see* Lide Decl. Two individuals cleaning oil testified that equipment was distributed on a first-come, first serve basis. *See* Declaration of Terrance Carroll, dated June 9, 2012 ("Carroll Decl."); Lide Decl.

11.   Uncontested.

12.   Contested. Tiger Rentals provide no evidentiary support for this assertion rendering it impossible for Plaintiffs to respond with any specificity.

IV. **PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO AIRBORNE'S JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS**

1.—18.   Uncontested.

19.     Uncontested only as a general statement regarding the structure of the spill response.

20.—26.     Uncontested.

27.—28.     Contested. *See* Response to Joint SUMF ¶ 55, *supra*. Further, the record is incomplete.

29.     Uncontested.

30.     Contested. *See* Response to Joint SUMF ¶ 55, *supra*.

31.—33.     Contested. *See* Response to Joint SUMF ¶ 55, *supra*. Further, the record is incomplete.

V.  **PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO MSRC'S JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS**

1.—20.     Uncontested.

21.—22.     It is uncontested that no such missions were authorized. It is contested that no such missions were conducted. *See* Response to Joint SUMF ¶ 55, *supra*.

23.—24.     Uncontested.

25.     It is uncontested that no such missions were authorized. It is contested that no such missions were conducted. *See* Response to Joint SUMF ¶ 55, *supra*.

26.—32.     Uncontested.

33.     It is contested that MSRC implemented appropriate guidelines for use of personal protective equipment. *See* Response to Joint SUMF ¶ 97, *supra*; Response to Tiger Rentals' SUMF ¶ 10, *supra*.

34.     Uncontested only as a general statement regarding the structure of the spill response.

VI. **PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO LYNDEN'S JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS**

1.—2.   Plaintiffs are unable to contest these assertions because they have not conducted jurisdictional discovery. Plaintiffs respectfully request permission to conduct such discovery.

3.—13.   Uncontested.

14.   Contested. Lynden cites to no record support to establish the source of its assertions, rendering it difficult for Plaintiffs to respond.

15.—20.   Uncontested.

21.   Contested. *See* Response to Joint SUMF ¶ 55, *supra*.

22.   Uncontested only as a general statement regarding the structure of the spill response.

23.   Contested. *See* Response to Joint SUMF ¶ 55, *supra*.

VII. **PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO INTERNATIONAL AIR'S JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS**

1.—13.   Uncontested.

14.—15.   Contested. *See* Response to Joint SUMF ¶ 55, *supra*.

16.—20.   Uncontested.

21.—22.   Contested. *See* Response to Joint SUMF ¶ 55, *supra*.

23.   Uncontested only as a general statement regarding the structure of the spill response.

24.   Contested. *See* Response to Joint SUMF ¶ 55, *supra*.

VIII. **PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO DRC'S JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS**

1.—7.   Uncontested.

8.      Contested. *See* Response to Joint SUMF ¶¶ 91, 97, *supra*; Response to Tiger Rentals' SUMF ¶ 10. Furthermore, one clean-up worker testified that DRC routinely failed to provide protective equipment when he was cleaning oil from the beach. *See* Declaration of Roy Mackie, dated June 9, 2012 ("Mackie Decl."). DRC supervisors told this individual that if he did not like, "don't come back [to work.]" *Id.*

IX.  **PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO NALCO'S JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS**

1.—7.     Uncontested.

8.        *See* Response to Joint SUMF ¶ 13, *supra*.

9.—26.    *See* Response to Joint SUMF ¶ 13, *supra*.

27.       *See* Response to Joint SUMF ¶ 13, *supra*. Plaintiffs further contest the assertion that the United States "authorized" all spill activities. *See, e.g., See* Response to Joint SUMF ¶ 55.

28.—29.   *See* Response to Joint SUMF ¶ 13, *supra*.

30.—33.   Uncontested.

34.—35.   *See* Response to Joint SUMF ¶ 13.

36.—39.   Uncontested.

40.       *See* Response to Joint SUMF ¶ 13.

41.—45.   Uncontested.

46.       Contested. *See, e.g., See* Response to Joint SUMF ¶ 55, *supra*. Plaintiffs contest whether the government "authorized" the application of dispersant described in ¶ 55 above. Nalco has come forth with no evidence that it did.

47.—57.   Uncontested.

58—61.   Contested.  Plaintiffs object to consideration of this e-mail pursuant to Federal Rule of Evidence 801.

62.—63.   *See* Response to Joint SUMF ¶ 13.

64.—65.   Contested.  *See* Response to Joint SUMF ¶ 55, *supra*.

66.   Uncontested.

67.   *See* Response to Joint SUMF ¶ 13.

68.—71.   Plaintiffs object to consideration of the correspondence in these Paragraphs pursuant to Federal Rule of Evidence 801.

72.   Uncontested.

73.   *See* Response to Joint SUMF ¶ 13.

74.   Contested.  The document supporting Nalco's alleged assertion does not state what Nalco purports it to state.

75.   Uncontested that Plaintiffs stated this sentence.


This 18th day of June, 2012.


Respectfully Submitted,


|     */s/ Stephen J. Herman*     |     */s/ James Parkerson Roy*     |
|---|---|
| Stephen J. Herman, La. Bar No. 23129 | James Parkerson Roy, La. Bar No. 11511 |
| HERMAN HERMAN & KATZ LLC | DOMENGEAUX  WRIGHT  ROY  & EDWARDS LLC |
| 820 O'Keefe Avenue | |
| New Orleans, Louisiana 70113 | 556 Jefferson Street, Suite 500 |
| Telephone: (504) 581-4892 | Lafayette, Louisiana 70501 |
| Fax No. (504) 569-6024 | Telephone: (337) 233-3033 |
| E-Mail: sherman@hhklawfirm.com | Fax No. (337) 233-2796 |
| | E-Mail: jimr@wrightroy.com |
| *Co-Liaison Counsel* | *Co-Liaison Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office:  (843) 216-9159
Telefax: (843) 216-9290
E-Mail:  jrice@motleyrice.com

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
Office:  (985) 876-7595
Telefax: (985) 876-7594
E-Mail:  duke@williamslawgroup.org

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

**CERTIFICATE OF SERVICE**

      We Hereby Certify that the above and foregoing Response to Statements of Fact has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of June, 2012.

                                            s/  James Parkerson Roy and Stephen J. Herman