UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | : | MDL NO.  2179 |
| "Deepwater Horizon" in the Gulf | : | |
| of Mexico, on April 20, 2010 | : | SECTION:   J |
| | : | |
| This Document Relates to: All Cases | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**UNITED STATES' OPPOSITION TO
BP'S OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S
ORDER REGARDING BP'S CHALLENGES T0 21 DELIBERATIVE PROCESS
PRIVILEGE CLAIMS BY THE UNITED STATES (REC. DOC. 6650)**

The United States has produced more than fifteen million documents – compared to a total number of 2.5 million from all other parties combined.  Of those fifteen million documents, the United States continues to assert privilege over less than 100,000 documents, or less than .6%.[1]  BP, meanwhile has asserted that of the 1,078,217 documents it has produced, 21,961 documents or 2% are privileged.

When BP challenged more than 13,000 of the United States' deliberative process privilege claims, the United States, under the strict guidance and timeframe established by the Magistrate Judge, reduced its Phase II privilege claims to 119 documents. BP challenged the assertion of deliberative process as to twenty-one of those documents and the Magistrate Judge upheld the United States' assertion of privileges as all twenty-one.  This narrow application of the deliberative process privilege – made after an *in camera* review of each of the documents – appropriately strikes the balance between BP's purported need for the documents and the established principle that "the 'government, no less than the citizen, needs open but protected

---

[1] At the direction of the Magistrate Judge, the United States is currently reviewing every assertion of deliberative process and identifying those over which the United States no longer asserts the privilege and those that are not relevant to Phase II.  When the review is complete, the United States anticipates a substantial reduction in the total number of privileged documents and a proportionally greater reduction in the number of Phase II deliberative process privilege assertions.

channels for the kind of plain talk that is essential to the quality of its functioning.'" *In re Franklin*, 478 F. Supp. 577, 581 (E.D. N.Y. 1979) (quoting *Carl Zeiss Sitfung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 325 (D.D.C. 1966), *aff'd* 384 F.2d 979 (D.C. Cir. 1967)).

BP's appeal does not demonstrate that the Magistrate Judge's ruling was "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a); *Graham v. Mukasey*, 247 F.R.D. 205, 207 (D.D.C. 2008) ("the magistrate judge's decision is entitled to great deference," and will not be disturbed "unless found to be 'clearly erroneous or contrary to law.' " (quoting *Neuder v. Battelle Pacific Northwest Nat. Lab.,* 194 F.R.D. 289, 292 (D.D.C.2000)). To the contrary, the briefing below and the Magistrate Judge's ruling demonstrate that her ruling is squarely consistent with the case law providing that the United States is entitled to protect the deliberations of its employees when necessary to ensure proper decisions are made.

BP's single argument in its appeal is that, because the United States is a plaintiff in this action, the "deliberative process privilege is 'severely restricted.'" BP Brief at 2 (quoting *United States v. Ernstoff*, 183 F.R.D. 148, 153 (D.N.J. 1998)). On its face, the assertion of privilege over twenty one documents out of 13,000 is a "severely restricted" application of the deliberative process privilege, even more so when compared to the fifteen million total documents produced. Moreover, as the United States' brief before Magistrate Judge Shushan explained, the fact that the government brings suit does preclude the use of the deliberative process privilege. *See, e.g., United States v. Hooker Chems. & Plastics Corp.*, 114 F.R.D. 100, 102 (W.D.N.Y. 1987) ("[T]he state does not waive its right to withhold privileged deliberative documents simply because it is a plaintiff in a given action."). Those cases that advocated a restricted use of the privilege did so in circumstances very different than those here.

BP asserts that it has explained in detail why it requires these few documents (BP Brief at

2), but as the United States demonstrated before Magistrate Judge Shushan, BP made no effort to explain its need beyond asserting that the documents are "relevant to the United States' involvement with capping the flow of oil." *Id.* at 2. A vague assertion that the documents are relevant, without more, is not the kind of showing necessary to overcome any qualified privilege.

Magistrate Judge Shushan correctly upheld the United States' assertion of privilege, finding that the United States had properly withheld "deliberations on policy matters relating to the issuance of guidelines and directives to BP . . . . [and] deliberations on policies relating to the commencement or termination of specific response actions; for example the static kill." Rec. Doc. 6650 at 2. The Magistrate reviewed each of the challenged documents *in camera* and determined these documents did not contain discrete facts that could be separated from the deliberations and that given the "very limited number of documents at issue" and the nature of those documents, BP had not established a basis for overcoming the deliberative process privilege.

The Magistrate Judge's conclusions are well-supported by the law, which holds that the United States plays a unique and important role that requires a "protected zone" to allow individuals to make full and frank recommendations to senior managers so that the best and most informed decisions are made. If an advisor knows that in less than two years his or her frank advice to senior managers in the midst of a national emergency will be released, he or she will hesitate to provide such opinions in future crises, particularly where the urgency of the situation requires reliance on email and other forms of recorded communication. For all these reasons and the reasons set forth in the United States' brief before Magistrate Judge Shushan (Rec. Doc. 6618), the United States respectfully requests that this Court overrule BP's objection and sustain Magistrate Judge Shushan's ruling.

Dated:  June 19, 2012                                          Respectfully submitted,

| | |
|---|---|
| BRIAN HAUCK | IGNACIA S. MORENO |
| Deputy Assistant Attorney General | Assistant Attorney General |
| Civil Division | Environment & Natural Resources Division |
| | |
| PETER F. FROST | SARAH HIMMELHOCH |
| Director, Torts Branch, Civil Division | NANCY FLICKINGER |
| Aviation & Admiralty Litigation | JAMES NICOLL |
| STEPHEN G. FLYNN | Senior Attorneys |
| Assistant Director | |
| MICHELLE T. DELEMARRE | DEANNA CHANG |
| SHARON K. SHUTLER | SCOTT CERNICH |
| JILL DAHLMANN ROSA | A. NATHANIEL CHAKERES |
| JESSICA SULLIVAN | JUDY HARVEY |
| JESSICA L. MCCLELLAN | MATT LEOPOLD |
| MALINDA LAWRENCE | GORDON YOUNG |
| DAVID J. PFEFFER | JEFFREY PRIETO |
| ROBIN HANGER | ABIGAIL ANDRE |
| LAURA MAYBERRY | Trial Attorneys |
| BRIENA STRIPPOLI | |
| Trial Attorneys | |
| U.S. Department of Justice | |
| Torts Branch, Civil Division | |
| PO Box 14271 | /s/ Sarah D. Himmelhoch |
| Washington, DC 20044 | STEVEN O'ROURKE |
| (202) 616-4100 | Senior Attorney |
| (202) 616-4002 fax | Sarah D. Himmelhoch |
| | Senior Litigation Counsel for E-Discovery |
| R. MICHAEL UNDERHILL, T.A. | U.S. Department of Justice |
| Attorney in Charge, West Coast Office | Environmental Enforcement Section |
| Torts Branch, Civil Division | PO Box 7611 |
| 7-5395 Federal Bldg., Box 36028 | Washington, DC 20044 |
| 450 Golden Gate Ave. | (202) 514-2779 |
| San Francisco, CA 94102-3463 | steve.o'rourke@usdoj.gov |
| (415) 436-6648 | |
| (415) 436-6632 fax | |
| mike.underhill@usdoj.gov | |

JAMES LETTEN
United States Attorney

SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras St., Suite B-210
New Orleans, LA 70130

Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

      I hereby certify that, today, the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Dated:  June 19, 2012                /s/  Sarah D. Himmelhoch
                                              United States Department of Justice