# EXHIBIT 1

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
in the Gulf of Mexico, On April 20, 2010

MDL No. 2179

SECTION: J

Judge Barbier
Mag. Judge Shushan

This Document Relates to:
*Joshua Kritzer, et al. v. Transocean, Ltd., et al.* S.D. Texas C.A. 4:10-1854

## <u>Plaintiff Rhonda Burkeen's Motion for Remand to Transferor Court</u>

The Panel should remand this case to the Transferor court because common discovery and pretrial proceedings are complete.

**I.**

## <u>Facts</u>

Aaron "Dale" Burkeen worked for Transocean for 10 years.  He was happily married to Rhonda Burkeen and they had a son together.  Dale also helped raise his daughter from a prior relationship.  April 20, 2010 would have been Rhonda and Dale's eighth wedding anniversary.  Tragically, he was killed in the *Deepwater Horizon* explosion that day.  Rhonda and Dale's children can take some comfort knowing that Dale died a hero.  After the first explosion, instead of evacuating, Dale stayed to cradle the crane so it would not pose a danger to his fellow crew members as they rushed to the rig's life boats.  After securing the crane, he tried to escape the flames via a staircase in an attempt to escape the rig.  Unfortunately, the second blast went off.  It blew Burkeen from the staircase to the floor.

As a result of this tragedy, Rhonda filed a Jones Act wrongful death suit on behalf of herself and her and Dale's children.  She filed the case in Texas state court against BP, Cameron, Transocean, and Halliburton.  Cameron improperly removed her case to federal

court.  Burkeen filed her first Motion to Remand the case to state court in May 2010.[1]  The Panel transferred her case to MDL-2179 before the federal court in Texas ruled on the motion.[2]  Ex. A (JPML transfer order).  The Transferee court separated each type of claim pending in MDL-2179 into "bundles."  Ex. B (Pretrial Order #11 at pg. 2).  Bundle A encompasses "all personal injury and wrongful death claims resulting directly from the events of April 20, 2010."  *Id.*  Burkeen's case falls into this category.

The Transferee court also decided to try cases that were transferred to MDL-2179. Ex. C (Pretrial Order #41).  The trial was designed to be wide-ranging and was supposed to address "all allocation of fault issues . . . including the negligence, gross negligence, or other bases of liability of, and the proportion of liability allocable to, the various defendants . . ." *Id*.  The first trial phase was scheduled to begin on February 27, 2012.  *Id.*  Phase One was to "address issues arising out of the conduct of various parties . . . relevant to the loss of well control at the Macondo Well [and] the ensuing fire and explosion on the MODU DEEPWATER HORIZON on April 20, 2010 . . ."  *Id.*  In short, Phase One would concentrate on which parties were responsible for the damages sustained by victims of the actual explosion (like the Burkeen family) and allocate fault to each responsible party.[3] Discovery and pretrial proceedings concluded and the Court issued guidelines to the media who wanted to report on the trial proceedings.  Ex. D; *See also* Ex. E at n. 2.  The day before trial was scheduled to begin, the Court *sua sponte* ordered a one week continuance.  Ex. F. The continuance was not granted because more discovery was needed or because the case

---

[1] Burkeen has filed two additional motions to remand to state court since her case was transferred to MDL-2179, but they have not been ruled on.
[2] The Transferor Judge was the Honorable Sim Lake.  The case was pending in the Southern District of Texas.  The style of the case was *Joshua Kritzer, et al v. Transocean, Ltd., et al*, C.A. 4:10-CV-01854.
[3] The remaining trial phases were to address the subsequent oil spill and would have no effect on Bundle A cases like Burkeen's.  *Id.*

was not ready for trial.  Instead, it was granted because the PSC and BP were on the verge of entering into a putative class action settlement and the Court wanted to give the parties more time to negotiate.  *Id*.  The putative class action settlement does not include Bundle A claims like Burkeen's

Since pretrial proceedings are complete, Burkeen requested that the Transferee court file a suggestion of remand with the Panel.  Ex. G.  The Transferee court did not rule on Burkeen's motion.  As a result, Burkeen now asks the Panel to remand her case pursuant to Panel Rule 10.3.  An affidavit in compliance with this Rule is attached as Exhibit H.  Burkeen asks the Panel to remand her case because an MDL court only has authority to preside over pretrial proceedings.  It has no authority to actually try cases that are transferred to it.  When pretrial proceedings are concluded, the case must be transferred to the Transferor court.  Here, it is clear that pretrial proceedings are concluded for Bundle A claims like Burkeen's.  Consequently, the Panel should grant Burkeen's motion and remand her case to the Transferor court.

## II.

### The Court Should Grant Burkeen's Motion

Burkeen's case was transferred to MDL-2179 pursuant to 28 U.S.C. § 1407 for "coordinated or consolidated **pretrial proceedings**."  Ex. A; *See also* 28 U.S.C. § 1407(a).  Section 1407 "imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings.'"  *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1988); *In re Vioxx Products Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) ("[I]t is clear that the court cannot try these cases, but rather must remand them to the transferor forum when pretrial discovery is complete.").

Here, there can be no dispute that pretrial proceedings are complete.  The Transferee court intended to try all issues related to liability on Bundle A claims more than three months ago.  "Pretrial" proceedings are obviously complete when the actual trial is ready to begin. Moreover, Phase One discovery has been complete for some time.  *See* Ex. E. Consequently, the Panel should remand this case.[4]

**III.**

**Conclusion**

The Panel should grant Burkeen's motion.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt B. Arnold*

_____
Kurt B. Arnold
Texas State Bar No. 24036150
karnold@arnolditkin.com
Jason A. Itkin
Texas State Bar No. 24032461
jitkin@arnolditkin.com
Cory D. Itkin
Texas State Bar No. 24050808
catkin@arnolditkin.com
1401 McKinney St., Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**COUNSEL FOR PLAINTIFF,
RHONDA BURKEEN**

---

[4] If the Panel grants Burkeen's motion, it will not result in a flood of other litigants seeking remand.  There are only approximately 6 Bundle A claims that are still pending in MDL-2179.  The vast majority of MDL-2179 claims fall outside of Bundle A.  Pretrial proceedings for *those* cases are not yet complete (and the nearly all of them will be disposed of in the putative class action settlement that the Transferee court is evaluating).  Consequently, granting this motion will have little, if any, effect on the Transferee court's ability to manage MDL-2179.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 12, 2012, the above and foregoing ***Plaintiff Rhonda Burkeen's Motion for Remand to Transferor Court*** has been electronically filed through the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Kurt B. Arnold*

Kurt B. Arnold

# EXHIBIT "A"

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010**                    MDL No. 2179

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in the three actions listed on Schedule A have moved, pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] to vacate the respective portions of our orders conditionally transferring the actions (*Kritzer*, *M.P. Cheng*, and *Pappas Restaurant*) to the Eastern District of Louisiana for inclusion in MDL No. 2179. Responding defendants BP plc, BP America Inc., Cameron International Group, Halliburton Energy Services, Inc., and Sperry-Sun Drilling Services, Inc., submitted responses in opposition to all three motions. Defendants Transocean Offshore Drilling, Inc., Transocean Deepwater, Inc., and Triton Leasing GmbH submitted a response in opposition to the *Kritzer* plaintiffs' motion.

After considering all argument, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 2179 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is warranted for the reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, ___ F.Supp.2d ___, 2010 WL 3166434, at *2 (J.P.M.L. Aug. 10, 2010).

In opposing transfer, plaintiffs argue, *inter alia*, that their claims will require some unique discovery (*e.g.*, with respect to damages), and that transfer should not take place, if at all, until the Southern District of Texas court has ruled on the pending motions for remand to state court in *Kritzer* and *M.P. Cheng*.[2] We do not find these arguments persuasive. Although these actions may present one or more non-common issues, that is true of most, if not all, of the actions already in MDL No. 2179. Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *See In re Denture Cream Prods. Liab. Litig.*, 624 F.Supp.2d 1379, 1381 (J.P.M.L. 2009). The *Kritzer* and *M.P. Cheng* plaintiffs can present their

---

[1]     Amended Panel Rules became effective on October 4, 2010.

[2]     Remand was denied in *Pappas Restaurant*.

-2-

remand motions to the transferee judge. *See, e.g.*, *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil          David R. Hansen
W. Royal Furgeson, Jr.     Frank C. Damrell, Jr.
Barbara S. Jones           Paul J. Barbadoro

**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"**
**IN THE GULF OF MEXICO, ON APRIL 20, 2010**                    MDL No. 2179


## SCHEDULE A


<u>Southern District of Texas</u>

Joshua Kritzer, et al. v. Transocean, Ltd., et al., C.A. No. 4:10-1854
M.P. Cheng, LLC, et al. v. BP Co. North America, Inc., et al., C.A. No. 4:10-2717
Pappas Restaurant, Inc. v. Transocean, Ltd., et al., C.A. No. 3:10-303

# EXHIBIT "B"

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | | |
|---|---|---|---|
| In re: | **Oil Spill by the Oil Rig** | * | **MDL No. 2179** |
| | **"Deepwater Horizon" in the Gulf** | * | |
| | **of Mexico, on April 20, 2010** | * | **SECTION: J** |
| | | * | |
| | **Applies to:** *All Cases.* | * | **JUDGE BARBIER** |
| | | * | **MAGISTRATE SHUSHAN** |

* * * * * * * * * * * *

**PRETRIAL ORDER NO. 11**

**[CASE MANAGEMENT ORDER NO. 1]**

Considering the need for organization of this complex litigation, the submissions and suggestions of counsel in connection with the initial Status Conference held on September 16, 2010, conferences held with Liaison Counsel on September 29, 2010 and October 14, 2010, the Status Conference held on October 15, 2010, and the *Manual for Complex Litigation, Fourth*, Sections 22.6, 22.61, 22.62, and 22.63, the Court adopts the following Case Management Order No. 1. It is hereby **ORDERED** as follows:

I.     **APPLICABILITY OF ORDER**

This Order shall govern all cases (1) transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of August 10, 2010; (2) any tag-along actions

subsequently transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel; and (3) all related cases originally filed in this Court or transferred or removed to this Court. This Order does not supersede prior Pretrial Orders issued in this proceeding, which shall remain in effect except to the extent inconsistent with the provisions herein.

## II.    FILING OF CASE MANAGEMENT ORDER NO. 1

This Order shall apply to all cases removed to, or transferred to, this Court and cases presently and subsequently filed in this Court that are within the subject matter of this MDL and shall be deemed filed in each of these matters.

## III.    PLEADING BUNDLES

This proceeding is hereby separated into the following Pleading Bundles for purposes for the filing of complaints, answers and any Rule 12 motions. The Pleading Bundles set forth in this Order are provisional and may be modified on the Court's own motion or for good cause shown by any party.

A.    **Personal Injury and Death**. Includes all personal injury and wrongful death claims resulting directly from the events of April 20, 2010. Such cases will be pled individually and shall not be included in any other Pleading Bundles or Master Complaints.

**B.** **Private Individuals and Business Loss Claims.** These Pleading Bundles will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

**B1.** **Non-Governmental Economic Loss and Property Damages**. This Pleading Bundle will include, *inter alia*, the following types of current and anticipated claims: (i) *Robins Dry Dock* claims; (ii) OPA claims; and (iii) state law claims, which will be set forth, for administrative purposes, in one or more administrative Master Complaints.

**B2.** **RICO Claims.** In light of determinations as may be made by the MDL Panel regarding the transfer and/or coordination of pending RICO actions, Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and with the Court by December 15, 2010, regarding the consolidation and/or coordination of RICO pleadings.

**B3.** **Post-Explosion Clean-Up Claims.** This Pleading Bundle will include all claims related to post-explosion clean-up efforts and will be pled separately and uniformly in a Master Complaint, and such claims shall not be included in any other Pleading Bundles or Master Complaints.

**B4.** **Post-Explosion Emergency Responder Claims.** This Pleading Bundle will include all claims against the alleged owners and/or operators of rescue vessels that answered the Deepwater Horizon distress call and

Page 3

responded to the emergency after the explosion. Plaintiffs Liaison Counsel shall confer with counsel for the plaintiffs in any such actions, in order to determine whether such claims should be pursued further, by existing complaint(s), amended complaint(s), an administrative Master Complaint, or Consolidated Complaint.

**C.    Public Damage Claims.**  These claims brought by governmental entities for, *inter alia*, loss of resources, loss of tax revenues, response costs and civil penalties shall not be included in any other Pleading Bundles or Master Complaints; however, counsel representing governmental entities shall meet and confer among themselves and with Plaintiffs' Liaison Counsel to discuss the desirability of a Master Complaint for governmental claims.  Plaintiffs' Liaison Counsel shall thereafter discuss the desirability of a Master Complaint with Defense Liaison Counsel and report to the Court prior to the November 2010 Status Conference.

**D.    Injunctive and Regulatory Claims.** These claims brought by private parties challenging regulatory action or authority and/or seeking injunctive relief will each be pled pursuant to Master Complaints as delineated below, and will include the following types of claims:

**D1.    Claims Against Private Parties.** These claims will be pled separately and uniformly in a Master Complaint.

Page 4

      **D2.**   **Claims Against the Government or any Government Official or Agency.** These claims will be pled separately and uniformly in a Master Complaint.

**E.**   **Designation of Subsequently-Added Cases.** All cases subsequently added to this proceeding as a tag-along action or by removal or transfer to or original filing with this Court shall be assigned to a Pleading Bundle, as necessary or appropriate, in accordance with the above.

## IV.   <u>TIMING FOR FILING OF PLEADING</u>

**A.**   **Filing of Complaints.** Master Complaints, as designated above, shall be filed by December 15, 2010. In existing cases for Pleading Bundles not subject to the filing of a Master Complaint, amended complaints, if any, must be filed by December 15, 2010, (or otherwise for good cause shown).

**B.**   **Defendants' Responses.** Defendants' shall each file responses to the Master Complaints in Pleading Bundles B and D, and to the complaints or amended complaints in Pleading Bundles A and C not previously answered, by January 18, 2011. If a Defendant files a motion under Rule 12(b) or 12(c) to a complaint or Master Complaint within Pleading Bundles B, C or D, no Answer need be filed by that Defendant until thirty (30) days after the Court has ruled on such motion. With respect to actions in Pleading Bundle A, an Answer to each complaint or amended complaint shall be filed by each named Defendant on or before March

18, 2011, regardless of whether any motions to dismiss are brought pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) or 12(c), with the exception that no answer will be due by a defendant asserting a Rule 12(b)(2) motion prior to resolution of such motion.

Prior to the briefing and hearing of any Rule 12(b)(2) motions, the parties will be permitted to engage in discovery related to jurisdiction over any Defendant that has raised a jurisdictional challenge.

Memoranda in Opposition to any Rule 12(b)(1), 12(b)(6) or 12(c) motions shall be filed by February 18, 2011. Reply Briefs shall be filed by March 18, 2011. The Court will set oral argument on such motions as soon thereafter as the Court deems appropriate.

Any third-party complaints or cross-claims by Defendants named in the Pleading Bundle A actions must also be filed by March 18, 2011.

**C.      RICO Pleadings.**  Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and with the Court by December 15, 2010, regarding the deadlines for the filing of any RICO pleadings and responses thereto.  No responsive pleading to any complaint alleging RICO claims shall be required pending further order of the Court.

**D.      Claims in Transocean's Limitation Action**.  In the Transocean Limitation, Docket No 10-2771, which was transferred from the Southern District of Texas

by order of that Court dated August 16, 2010, all claims were ordered to be filed within said limitation, on or before November 15, 2010. Said Orders of the Southern District of Texas Court are hereby amended to extend said claims (monition) date to April 20, 2011.

Transocean's Rule 14(c) claims asserted in connection with the Limitation shall be asserted on or before February 18, 2011.

Answer to Transocean's Rule 14(c) claims shall be filed on or before March 18, 2011, together with any cross-claims or other third-party complaints asserted by the Rule 14(c) Defendants in connection with the Limitation. Any answer or other responsive pleading to cross-claims or third-party complaints by Rule 14(c) Defendants in the Limitation shall be filed on or before April 20, 2011.

All claims in the Limitation action are to be filed in member case 10-2771 as per the Court's August 24, 2010 Order.

## V. DISCOVERY

A. **Plaintiffs' Initial Omnibus Requests**. Based on the Court's having granted Plaintiffs' motion to lift stay for purposes of serving initial discovery [Doc 509], Plaintiffs are deemed to have served an initial set of Omnibus Requests for Production and/or Interrogatories on All Defendants [Doc 510-1] on October 15, 2010.

Page 7

The Defendants' responses shall be due on or before November 15, 2010.

On or before December 1, 2010, Defendants shall provide a description of all sources of electronic data which may have potentially relevant information, but which Defendants do not intend to search on the basis that such data is alleged to be not reasonably accessible due to undue burden or cost, (in accordance with Rule 26(b)(2)(B)).

On or before December 31, 2010, Defendants shall provide privilege logs with respect to any documents withheld on the basis of attorney-client privilege or work product.

**B.    Phase I Discovery.**

    **1.    Jurisdiction.** In the event that any named Defendant challenges jurisdiction by motion pursuant to Rule 12(b)(2), discovery limited to jurisdictional issues versus any moving Defendant shall proceed expeditiously thereafter. With respect to any defendant objecting to personal jurisdiction, the discovery obligations set forth herein will be imposed in the event that personal jurisdiction is established, to commence expeditiously upon order of the Court.

    **2.    Casualty and Spill Liability, Limitation and Related Issues.** Discovery will be focused on the activities and events leading up to and including April 20, 2010 Macondo well incident and resulting explosion, fire and

loss of the rig.  Discovery will also include discovery of issues relating to the cause or causes and extent of the associated oil spill, and the cause or causes of damages alleged to have resulted therefrom.

3.      **Environmental Samples (and Related Issues**).  In addition to the requests in Plaintiffs' Initial Omnibus Discovery Requests, the parties anticipate that additional discovery relating to environmental sampling will be initially in the form of third-party *subpoenas* and/or FOIA requests directed primarily to U.S. and State Agencies.  Such discovery may commence immediately.  The parties shall also meet and confer with one another and, to the extent appropriate, with third parties, regarding the preservation and/or testing of physical samples which have been collected and maintained, as well as broader first-party discovery regarding the environmental impacts of the spill. Such first-party (and/or third-party) discovery may also extend to general proximate cause issues relating to the extent and effects of the spill.

4.      **Information Systems and Management Information Systems**.  Should Defendants object to any discovery requests propounded to them based upon claims of undue burden or that responsive information is not reasonably accessible, Plaintiffs may immediately thereafter commence discovery regarding such claims.

C.    **Plaintiffs' Initial Disclosures**.  Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and present to the Court an agreed (to the extent possible) one-page Plaintiff Profile Form ("PPF") to be provided by counsel for Plaintiffs who have filed suit in the MDL on the later of (a) November 15, 2010, or (b) sixty days from the date of Removal or the filing of the Plaintiff's Complaint.

Plaintiffs' Liaison Counsel may confer with BP Liaison counsel and the Administrators of the Gulf Coast Claims Facility ("GCCF") regarding the feasibility and/or desirability of making relevant information and/or documentation submitted by Plaintiffs who have filed actions in the MDL to the GCCF available to Defendants, (subject to appropriate confidentiality and privacy considerations), in order to complete the PPF and/or to facilitate other additional discovery as may be required over the course of the litigation.

D.    **Written Discovery Requests**.  Written discovery requests, and responses thereto, shall be made in accordance with the Federal Rules of Civil Procedure, except that the parties will be allowed to propound up to fifty (50) Interrogatories to each Defendant without leave of Court.

In addition to the Initial Omnibus Requests, Plaintiffs may serve initial written discovery requests related to the Casualty, Spill and Limitations issues on or before November 1, 2010.  Defendants may also serve written discovery requests

relating to Phase I Discovery issues on one another.

Defendants shall serve their responses to Plaintiffs' and/or Defendants' initial written discovery requests by December 1, 2010.

**E.** **Fact Depositions Regarding Casualty, Spill, Limitation and Related Issues.**

Fact depositions regarding blow-out, spill, limitation and related issues may commence on or after January 18, 2011.

## VI. <u>TEST CASES</u>

**A.** **OPA.** By January 18, 2011, Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and the Court regarding the potential identification of one or more cases brought against BP as the designated "responsible party" under the Oil Pollution Act of 1990 to serve as test cases for liability and damage issues. To the extent there is disagreement between Plaintiffs and the BP Defendants regarding the prevailing law and procedure applicable to the timing and scope of such OPA test cases, Plaintiffs' Liaison Counsel shall submit a single memorandum and Counsel for BP shall submit a single memorandum setting forth each side's position. The Court shall, if and as appropriate, issue a separate Scheduling Order for the discovery and trial of such test cases, with the Court having indicated its intent to schedule one or more OPA test cases for trial by June 2011.

     **B.**     **Personal Injury / Wrongful Death and *Robins Dry Dock* Test Cases Associated with the February 2012 Limitation/Liability and Test Case Trial.**

By May 2, 2011, the Plaintiffs Steering Committee shall identify one or more personal injury / wrongful death test cases designated for bench trial under Rule 9(h) and one or more *Robins Dry Dock* test cases designated for bench trial under Rule 9(h) for the February 2012 trial of liability, limitation, exoneration and fault allocation, as well as a phase two trial in July of 2012 on the questions of damages and punitive damages, if available.  Discovery with respect to the test cases will commence immediately thereafter, subject to a separate Scheduling Order.

## VII.   STAY OF CLASS ACTION MOTION PRACTICE AND DEADLINES

Local Rule 23.1 and Federal Rule 23 motion practice and discovery on class certification issues is hereby stayed for all cases until further order of this Court. Defendants resrve the right to seek a schedule for consideration of class certification motions should the Master Complaints in any pleading bundles assert class certification claims.

## VIII.   CLARIFICATION OF PRESERVATION REQUIREMENTS

Section 14 of PTO No. 1 is clarified to expressly compel the BP Defendants to ensure the preservation of any and all documents, electronic data, and other information provided to, or generated within, the Gulf Coast Claims Facility ("GCCF"), and the predecessor BP claims apparatus.

## IX.   ANTICIPATED ADDITIONAL PRE-TRIAL ORDERS

The parties shall meet to confer in good faith to negotiate the following joint and stipulated, to the extent possible, pre-trial orders: (i) Order Relating to the Treatment of Confidential Materials, (ii) Order Relating to the Treatment of Privileged Materials; (iii) Deposition Protocol, (iv) Document Production Protocol, (v) E-Discovery Protocol, and (vi) Protocol for the Service of Pleadings and Discovery, whether *via* Lexis-Nexis File & Serve or otherwise.  Such proposed orders shall be filed with the Court on or before November 1, 2010.

In addition, the parties shall meet and confer regarding the desirability and feasibility of an order facilitating the direct filing of actions into the MDL.

Pre-Trial Order No. 9 governs the submission of time and expenses by attorneys who may seek to make an application for common-benefit reimbursement and/or awards.

## X.   FILING OF PLEADINGS

All motions, requests for discovery or other pre-trial proceedings with respect to plaintiffs shall be initiated by and/or coordinated through the Plaintiff Steering Committee ("PSC"), to be filed by and through Plaintiffs' Liaison Counsel.  If the PSC does not support the motion, discovery or other requested proceeding, then the moving or requesting plaintiff shall be permitted to file such motion or request, but shall include a certificate of non-support.

## XI.   TIMELINE

For ease of reference, the deadlines contained herein are summarized in the Timeline

Page 13

attached as Exhibit "A" hereto.

## XII.    SUPPLEMENTATION AND AMENDMENTS TO THIS ORDER

This Order may be amended by Order of the Court in the interests of justice and/or in the event that Congress legislates or directs amendments regarding any issue (including, but not limited to, the availability of an exoneration/limitation defense) that affects any portion of the Deepwater Horizon litigation.

Further, the provisions of this Order are provisional and may be modified on the in the interests of justice, expedience or judicial economy on Court's own motion or motion by the parties for good cause shown.

New Orleans, Louisiana this  19th  day of October, 2010.


**CARL J. BARBIER**
**UNITED STATES DISTRICT JUDGE**

Page 14

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig Deepwater    * MDL No. 2179
Horizon in the Gulf * of Mexico, on April 20,    *
2010    * SECTION: J
   *
Applies to: *All Cases*.    * JUDGE BARBIER
   *
   * MAGISTRATE SHUSHAN

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>TIMELINE</u>

## Case Management Order No. 1

## Exhibit "A"

| DATE | DEADLINE / EVENT |
|---|---|
| | Meet & Confer regarding Pre-Trial Orders (confidentiality, privilege, deposition protocol, document production protocol and e-discovery protocol, direct filing, etc) |
| | Meet & Confer regarding One-Page Plaintiff Profile Form (PPF) which may be submitted by Counsel in lieu of Rule 26(a) Disclosures. Plaintiff and Defense Liaison Counsel may confer with GCCF Administrators Regarding Feasibility of Providing PPF Information |
| 11-1-2010 | Submit Proposed PTOs |
| 11-1-2010 | Plaintiffs' Initial Written Phase I Discovery including discovery relating to casualty and/or ensuing spill, as well as environmental sampling and testing, personal jurisdiction, MIS/IT/IS, and general proximate cause issues relating to OPA cases. Defendants may serve written discovery upon other defendants relating to casualty and/or ensuing spill after this date. |
| 11-1-2010 | MIS 30(b)(6) Depositions May Begin (as necessary) |
| 11-15-2010 | Defendants Responses to Plaintiffs' Initial Omnibus Discovery Requests on All Defendants |
| 11-15-2010 | Counsel for Plaintiffs with Suits Filed Serve One-Page PPF in Lieu of Initial Disclosures<br>(Or 60 Days After Filing or Removal, whichever is Later) |
| 12-1-2010 | Defendants' Responses to Initial Written Discovery Served, Identification of the Sources of E-Data Not Produced Due to Alleged "Inaccessibility" or other Undue Burden or Cost, but Which May Include Evidence Relevant to these MDL Proceedings. |
| 12-15-2010 | File Master Complaints (Bundles B1, B3 and D) |
| 12-15-2010 | Status Conference relating to RICO cases and potential Master Complaint for RICO cases |
| 12-31-2010 | Defendants' Privilege Logs served on Plaintiffs |
| 1-18-2011 | Rule 12 Motions or Answers to Complaints (Bundles B, C and D) [1] |
| 1-18-2011 | Answers or Rule 12(b)(2) Motions (if any); Answers and Rule 12(b)(6) Motions |

---

[1] Any jurisdictional discovery arising from Rule 12(b)(2) motions that may be filed will be expeditiously dealt with by the parties through Liaison Counsel.

(if any) (Bundle A)

| | |
|---|---|
| 1-18-2011 | Status conference, preceded by meet and confers to discuss identification of OPA Test Cases vs. BP and to discuss scheduling order/trial of same; in advance of such status conference, Defense Liaison will furnish a single memorandum and Plaintiffs Liaison shall furnish a single memorandum discussing their view of what the procedure and law would be for such OPA test cases. |
| 1-18-2011 | Fact Discovery Depositions on Casualty and/or Ensuing Spill Commence |
| 2-18-2011 | Oppositions to Rule 12 Motions to Dismiss |
| 2-18-2011 | Transocean Rule 14(c) Tenders or Claims in the Limitation |
| 3-18-2011 | Answer, Cross-Claims and Third-Party Complaints by 14(c) Defendants in the Limitation and/or Defendants in the Bundle A Cases |
| 3-18-2011 | Reply Briefs in Support of Motions to Dismiss |
| 4-20-2011 | Deadline for answers and responsive pleadings to cross-claims and third-party actions by Rule 14(c) Defendants in the Limitation Action and Defendants in the Bundle A Cases |
| 4-20-2011 | Monition Date (re Limitation) (including deadline for BP to file claim in Limitation and/or other cross-claim and/or third-party complaint seeking any subrogation, contribution and/or indemnity under OPA, per contract, or other applicable law) |
| 5-2-2011 | Identify one or more PI/Wrongful Death Limitation action cases and *Robins Dry Dock* cases filed in EDLA and designated for Bench trial under Rule 9(h) for February 2012 Trial of Liability, Limitation, Exoneration and Fault allocation, and July 2012 trial of Damages. |
| 8-15-2011 | Expert Reports served by Limitation action parties with burden of proof on negligence and unseaworthiness |
| 9-15-2011 | Expert Reports from Vessel Owner / Petitioner in Limitation |
| 10-17-2011 | All February 2012 Trial Defendants, 14(c) Defendants, and/or Third-Party Defendants to serve expert reports |
| 11-15-2011 | Rebuttal Expert Reports for the February 2012 Trial |

11-16-2011    Depositions of All Experts for February 2012 Trial
thru 1-15-2012

2-1-2012      *Daubert* Motions for February 2012 Trial (if any)

2-1-2012      Pre-Trial Stipulation, including Witness and Exhibit Lists, and Other Pre-Trial
              Motions for February 27, 2012 Trial

2-3-2012      Final Pre-Trial Conference for February 27, 2012 Trial

2-27-2012     Trial of Liability, Limitation, Exoneration and Fault Allocation

              Additional  Discovery, Expert Discovery, and Motion Practice Relating to July
              2012 Trial, as needed, and/or to be established under separate Scheduling Order

7-16-2012     Trial of  Damages for selected Limitation / Test Case PI/Death and *Robins Dry
              Dock* Claimants, Entitlement to Punitive Damages,[2] and Amount of Punitive
              Damages, if available.

---

[2]Plaintiffs Liaison Counsel shall confer with Defense Liaison Counsel and the Court to determine whether the issue of
entitlement to punitive damages should be included within the February 2012 trial.

EXHIBIT "C"

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUSIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG DEEPWATER HORIZON in the GULF OF MEXICO, on APRIL 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION:  J |
| | * | JUDGE BARBIER |
| This Document Applies to All Cases | * | MAG. JUDGE SHUSHAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED PRETRIAL ORDER NO. 41

## [CASE MANAGEMENT ORDER NO. 3]

In order to continue to organize and manage this complex litigation as efficiently as possible, upon consideration of the briefs filed by certain parties regarding this matter, and after consultations with Liaison Counsel, Coordinating Counsel for the States, and Coordinating Counsel for the Interests of the United States and consideration of the observations provided during those consultations, the Court adopts this Case Management Order No. 3 with respect to the scope and structure of the Trial of Liability, Limitation, Exoneration, and Fault Allocation ( "Trial" ) that is scheduled to commence, as previously ordered in CMO No. 1 and CMO No. 2, on February 27, 2012.

## I.    TRIAL STRUCTURE

The Trial will address all allocation of fault issues that may properly be tried to the Bench without a jury, including the negligence, gross negligence, or other bases of liability of, and the proportion of liability allocable to, the various defendants, third parties, and non- parties with respect to the issues, including limitation of liability. The Trial will be conducted in at least three phases. Each phase will be comprised of the presentation of evidence and consideration of

attendant legal questions pertaining to specific issues that will be the focus of that phase as described below. The focus of the phases of Trial will be as follows:

**Phase One ["Incident" Phase]** of the Trial will address issues arising out of the conduct of various parties, third parties, and non-parties allegedly relevant to the loss of well control at the Macondo Well, the ensuing fire and explosion on the MODU DEEPWATER HORIZON on April 20, 2010, and the sinking of the MODU DEEPWATER HORIZON on April 22,2010, and the initiation of the release of oil from the Macondo Well or DEEPWATER HORIZON during those time periods (collectively, the "Incident"). Phase One will include issues asserted in or relevant to counterclaims, cross-claims, third-party claims, and/or comparative fault defenses as appropriate.

**Phase Two ["Source Control" Phase]** of the Trial will address Source Control and Quantification of Discharge issues. "Source Control" issues shall consist of issues pertaining to the conduct of various parties, third parties, and non-parties regarding stopping the release of hydrocarbons stemming from the Incident from April 22, 2010 through approximately September 19, 2010. "Quantification of Discharge" issues shall consist of issues pertaining to the amount of oil actually released into the Gulf of Mexico as a result of the Incident from the time when these releases began until the Macondo Well was capped on approximately July 15, 2010 and then permanently cemented shut on approximately September 19, 2010. Phase Two will include issues asserted in or relevant to counterclaims, cross-claims, third party claims, and/or comparative fault defenses, as appropriate.

**Phase Three ["Containment" Phase]** of the Trial will address issues pertaining to the efforts by various parties, third parties, and non-parties aimed at containing oil discharged as a result of the Incident by, for example, controlled burning, application of dispersants, use of

booms, skimming, etc. Phase Three of the trial will also address issues pertaining to the migration paths and end locations of oil released as a result of the Incident as carried by wind, currents, and other natural forces and as affected by efforts to contain or direct this migration.

Phase Three will include issues asserted in or relevant to counterclaims, cross-claims, third party claims, and/or comparative fault defenses, as appropriate.

## II. ORDER OF PROCEEDINGS IN THE TRIAL

**The order of trial in Phase One** will be as follows:

**First**, the Claimants, through the Plaintiffs' Steering Committee ("PSC"), the United States (through its Court Appointed Coordinating Counsel and its representatives), and the States (through the Court Appointed Coordinating Counsel for State Interests and his representatives), shall adduce factual and expert evidence in support of those parties' claims against all defendants.

**Second**, Transocean shall present factual and expert evidence on its exoneration, limitation, and liability defenses, as well as its counter- and cross- claims and third party claims against any third party 14(c) defendants.

**Third**, the third-party defendants shall present their factual and expert evidence in support of their defenses to plaintiffs' claims and any other defendants' counter- and cross-claims and third party claims against them, and in support of their counter- and cross-claims and third party claims against other defendants. The Court encourages third-party defendants to confer and reach agreement as to their sequence of presentation, failing which, the Court will enter an order regarding same.

**Fourth**, the PSC, the United States, and the States shall present their rebuttal

evidence.

The Court will enter orders at a later date regarding the sequence of proceedings for Phase Two and Phase Three of the Trial. The record will be held open between Phases of the Trial unless the Court determines it is appropriate to deem the record closed on the issues in a particular Phase because the record has been sufficiently developed to permit final rulings on those issues.

All parties shall present evidence relevant to a particular Phase during that Phase and should not expect they will be permitted to fill evidentiary gaps in one Phase by presentation of evidence in a subsequent Phase; provided, however, that there may be circumstances in which it is appropriate to present evidence in one phase that is relevant to another phase -- such as, but not limited to, where the evidence is relevant to more than one phase or where efficiency is best served by permitting evidence to be admitted in more than one phase.

## III.    FINAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court anticipates that it will direct the parties to submit proposed findings of fact and conclusions of law promptly after the conclusion of each Phase of the Trial and final proposed findings of fact and conclusions of law regarding all evidence and legal issues in the liability portion(s) of the Trial promptly after the conclusion of Phase Three of the Trial.

At the end of each Phase of the Trial and after consideration of the parties' submissions, the Court may decide to issue partial Findings of Fact and Conclusions of Law for that Phase if it deems the record adequately developed.   If the Court does not find it appropriate to enter Findings of Fact and Conclusions of Law with respect to any issues tried until the conclusion of all Trial Phases, the Court may defer issuing its Findings of Fact and Conclusions of Law until the conclusion of all phases of the liability and limitation trial.

## IV.    PRETRIAL PROCEEDINGS

Discovery and other pretrial proceedings for Phase One will continue to be conducted in accordance with the provisions of CMO No. 1 (Rec. Doc. 569), CMO No. 2 (Rec. Doc.1506), and other applicable Pretrial Orders, as the provisions of those Orders may be applied or modified by future orders of the Court and in conferences conducted by the undersigned or by Magistrate Judge Shushan.

After consulting with Plaintiffs' Liaison Counsel, Coordinating Counsel for the State Interests, Coordinating Counsel for the United States, and Defendants' Liaison Counsel, the Court will enter additional Pretrial Orders regarding the scope and schedule for discovery and other pretrial proceedings with respect to Phase Two and Phase Three of the Trial. Subject to further consideration and specification, the Court anticipates that discovery and other pretrial proceedings for Phase Two of the Trial and possibly for Phase Three of the Trial will likely need to be conducted concurrently with pretrial proceedings for and the conduct of Phase One of the Trial, and that discovery and other pretrial proceedings for Phase Three of the Trial will likely need to be conducted concurrently with pretrial proceedings for and the conduct of Phase Two of the trial.

The Trial will stand in recess between Phase One and Phase Two of the Trial and between Phase Two and Phase Three of the Trial. The Court will determine during Phase One of the Trial the length of the recess before commencement of Phase Two of the Trial, and will determine during Phase Two of the Trial the length of the recess before commencement of Phase Three of the Trial. The Court expects that discovery for Phases Two and Three of the Trial will be largely completed in advance of those Phases and therefore expects that the recesses will not be used primarily for discovery for Phases Two and Three.

## V.    SUPPLEMENTATION OF AND AMENDMENTS TO THIS ORDER

The provisions of this Order are provisional and may be supplemented or modified either sua sponte or on motion by any party as may become necessary.

New Orleans, Louisiana, this 21st day of September, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

EXHIBIT "D"

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig        **MDL NO. 2179**
       "Deepwater Horizon" in the Gulf
       of Mexico, on April 20, 2010        **SECTION J**

Applies to: *All Cases*        **JUDGE BARBIER**
       **MAGISTRATE JUDGE SHUSHAN**

## ORDER

### [Regarding Access to Trial by Press and Public]

In connection with the trial of Phase One commencing on February 27, 2012, and supplementing and clarifying the order entered on February 7, 2012 (rec. doc. 5613):

1.     The first and second rows on the right side of the courtroom (as you enter) will be reserved for press seating. All other press will have to be in one of the overflow courtrooms. Access to reserved press seating and all other seating in Judge Barbier's courtroom is on a first come basis. The courthouse opens at 7:00 a.m.

2.     There is not a daily pass system for the press to gain access to the courthouse. A valid press credential/I.D. will allow the press to access the courtroom's limited seating. Standing in the back of the courtroom will not be allowed.

3.     Overflow courtrooms are available for the press and public in the courthouse building, Room C-316, and in the Hale Boggs Federal Building, Room B-309. Live audio feed and evidence presentation screens will be available in these rooms.

4.     The press may access the internet through their own means. They may also subscribe to the wireless connection provided by Courtroom Connect: Sumit Chatterjee, 650-814-5776, sumit@courtroomconnect.com.

5.     The press may have access to a "real time" transcript by making arrangements with Courtroom Connect and with the court reporters through Betty DiMarco, 504-589-7721,

betty_dimarco@laed.uscourts.gov.   Use of real time transcripts will be allowed only after the user files with the Court an acknowledgment that: 1) the transcript will not be transmitted or distributed in any form, written or electronic, outside of the Court; and 2) the real time transcript is not the official or final court transcript and therefore may not be relied upon as such.

6.     The press may subscribe to daily final certified transcripts by contacting Ms. DiMarco. Final transcripts are the official record and may be transmitted and distributed outside of the Court.

7.     **The broadcast or recording of any portion of the trial (by video, audio, real time transcript or otherwise) is strictly prohibited.  Violation of this prohibition will result in sanctions.**

8.     Trial will take place regularly Monday through Thursday from 8:00 a.m. until 6:00 p.m. If Monday is a federal holiday, trial will proceed Tuesday through Friday.  The week before Easter trial will proceed Wednesday and Thursday, April 4 and 5.

9.     The press and public may bring cell phones into the courtroom under the following conditions:

    a.     They are placed on silent mode;

    b.     The user steps into the hall to speak.

10.    Use of laptops, i-Pads, etc. is allowed under the following conditions:

    a.     Silence;

    b.     Not disruptive or distracting.

11.  Deposition transcripts of witnesses who will not be appearing in person at trial will be proffered for the record.   Portions of video depositions may be proffered for the record if played at trial.

12.  The Court will have the parties arrange to have depositions, expert reports and exhibits made available to the press and public on a weekly basis.

New Orleans, Louisiana this 16th day of February, 2012.

_____
United States District Judge

EXHIBIT "E"

LEXISNEXIS® FILE & SERVE
44538211
E-SERVICE
May 30 2012
2:43PM

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG DEEPWATER HORIZON in the GULF OF MEXICO, on APRIL 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| **This Document Applies to:** *All Cases* | * | MAG. JUDGE SHUSHAN |
| (Including No. 10-2771) | | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SECOND AMENDED PRETRIAL ORDER NO. 41

## [CASE MANAGEMENT ORDER NO. 4]

In order to continue to organize and manage this complex litigation as efficiently as possible, and upon consideration of the briefs filed by certain parties regarding this matter, and in light of the filings, on April 18, 2012, of proposed settlements between BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") and certain plaintiffs ("the proposed BP-PSC Settlements," *see* Rec. Docs. 6266, 6267), and after consultations with Liaison Counsel, Coordinating Counsel for the States, and Coordinating Counsel for the Interests of the United States, and consideration of the observations provided during those consultations, the Court adopts this Case Management Order No. 4 with respect to the scope and structure of the Trial of Liability, Limitation, Exoneration, and Fault ("Trial") scheduled to re-commence on January 14, 2013, following the Court's completion of its consideration of whether or not to grant final approval of the proposed BP-PSC Settlements.

## I.    TRIAL STRUCTURE

The Trial will address fault issues that have not previously been disposed of or resolved by settlement, summary judgment, or stipulation and that may properly be tried to the Bench without a jury, including the negligence, gross negligence, or other bases of liability of the various defendants with respect to the issues, including limitation of liability.  The Trial will be conducted in at least two phases. Each phase will be comprised of the presentation of evidence and consideration of attendant legal questions pertaining to specific issues that will be the focus of that phase as described below. The focus of the phases of Trial will be as follows:

**Phase One ["Incident" Phase]** of the Trial will address issues arising out of the conduct of various parties allegedly relevant to the loss of well control at the Macondo Well, the ensuing fire and explosion on the MODU DEEPWATER HORIZON on April 20, 2010, and the sinking of the MODU DEEPWATER HORIZON on April 22, 2010, and the initiation of the release of oil from the Macondo Well or DEEPWATER HORIZON during those time periods (collectively, the "Incident").   Phase One may include issues asserted in or relevant to counterclaims, cross-claims, third-party claims, and/or comparative fault defenses, as appropriate, to the extent such claims have not previously been dismissed or resolved by settlement, summary judgment, or stipulation.[1]

**Phase Two ["Source Control" and "Quantification" Phase]** of the Trial will address Source Control and Quantification of Discharge issues. "Source Control" issues shall consist of issues pertaining to the conduct or omissions of BP, Transocean, or other relevant parties regarding stopping the release of hydrocarbons stemming from the Incident from April 22, 2010

---

[1] Anadarko Petroleum Corporation, and Anadarko E&P Company LP (together "Anadarko") and the United States previously stipulated, and the Court Ordered, that Anadarko shall not participate in the Phase One Trial. The said stipulation and Order shall remain in effect for purposes of this Phase One Trial herein.

through approximately September 19, 2010 (including the alleged failure by BP and Transocean
to prepare for a blow-out and spill prior to April 20, 2010). "Quantification of Discharge" issues
shall consist of issues pertaining to the amount of oil actually released into the Gulf of Mexico as
a result of the Incident from the time when these releases began until the Macondo Well was
capped on approximately July 15, 2010 and then permanently cemented shut on approximately
September 19, 2010. Phase Two may include issues asserted in or relevant to counterclaims,
cross-claims, third party claims, and/or comparative fault defenses, as appropriate.

**Subsequent Proceedings and Issues.** To the extent triable issues pertaining to any parties
remain unresolved by Phase One, Phase Two, settlements, motion practice, or stipulation, such trials
will be established pursuant to further Order of the Court following further consultation with the
parties.

## II. ORDER OF PROCEEDINGS IN THE TRIAL

The order of trial in Phase One will be as follows:

**First**, the Claimants, through the Plaintiffs' Steering Committee ("PSC"),
the United States (through its Court Appointed Coordinating Counsel and
its representatives), and the States (through the Court Appointed
Coordinating Counsel for State Interests and their representatives), shall
adduce factual and expert evidence in support of those parties' claims
against all defendants that have not been dismissed or resolved by
settlement, summary judgment, or stipulation.

**Second**, Transocean shall present factual and expert evidence on its
exoneration, limitation, and liability defenses, as well as any counter- and
cross-claims and third party claims against any third party 14(c)

3

defendants that have not been resolved by settlement, summary judgment, or stipulation.

**Third**, the third-party defendants shall present their factual and expert evidence in support of their defenses to plaintiffs' claims and any other defendants' counter- and cross-claims and third party claims against them, and in support of any counter- and cross-claims and third party claims against other defendants that have not been dismissed or resolved by settlement, summary judgment, or stipulation. The Court encourages third-party defendants to confer and reach agreement as to their sequence of presentation, failing which, the Court will enter an order regarding same.

**Fourth**, the Claimants, the United States, and the States shall present their rebuttal evidence.

Phase One of the Trial will commence on **January 14, 2013**.

The order of trial in Phase Two will be as follows:

**First,** the Claimants, through the PSC, United States through its Coordinating Counsel and its representatives, and the States, through their Coordinating Counsel and their representatives, shall adduce factual and expert evidence in support of those parties' Source Control and/or Quantification claims against BP, Transocean, or other relevant parties to the extent such Quantification and/or Source Control claims have not been dismissed or resolved by settlement, summary judgment, or stipulation.

**Second,** the relevant defendants shall present their factual and expert evidence in support of their defenses to plaintiffs' Quantification and/or Source Control claims. The Court encourages the defendants to confer and reach agreement as to their sequence of presentation, failing which, the Court will enter an order regarding same.

**Third,** the Claimants, United States and the States shall present their rebuttal evidence.

The record will be held open between Phases of the Trial unless the Court determines it is appropriate to deem the record closed on the issues in a particular Phase because the record has been sufficiently developed to permit final rulings on those issues.

All parties shall present evidence relevant to a particular Phase during that Phase and should not expect they will be permitted to fill evidentiary gaps in one Phase by presentation of evidence in a subsequent Phase; provided, however, that there may be circumstances in which it is appropriate to present evidence in one phase that is relevant to another phase — such as, but not limited to, where the evidence is relevant to more than one phase or where efficiency is best served by permitting evidence to be admitted in more than one phase.

## III.    FINAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court anticipates that it will direct the parties to submit proposed findings of fact and conclusions of law promptly after the conclusion of each Phase of the Trial and final proposed findings of fact and conclusions of law regarding all evidence and legal issues in the liability portion(s) of the Trial promptly after the conclusion of Phase Two of the Trial.

At the end of each Phase of the Trial and after consideration of the parties' submissions, the Court may decide to issue partial Findings of Fact and Conclusions of Law for that Phase if it

5

deems the record adequately developed. If the Court does not find it appropriate to enter Findings of Fact and Conclusions of Law with respect to any issues tried until the conclusion of all Trial Phases, the Court may defer issuing its Findings of Fact and Conclusions of Law until the conclusion of all phases of the liability and limitation trial.

## IV.    PRETRIAL PROCEEDINGS

Discovery and other pretrial proceedings for Phase Two[2] will continue to be conducted in accordance with the provisions of CMO No. 1 (Rec. Doc. 569), CMO No. 2 (Rec. Doc.1506), CMO No. 3 (Rec. Doc. 4083), and other applicable Pretrial Orders, as the provisions of those Orders may be applied or modified by future orders of the Court and in conferences conducted by the undersigned or by Magistrate Judge Shushan. After consulting with Plaintiffs' Liaison Counsel, Coordinating Counsel for the States, Coordinating Counsel for the United States Interests, and Defendants' Liaison Counsel, the Court will enter additional Pretrial Orders regarding the scope and schedule for discovery and other pretrial proceedings with respect to the Trial.

The Trial will stand in recess for approximately two to three weeks between Phase One and Phase Two of the Trial, or for such time as the Court deems appropriate.

---

[2]    Phase One discovery is closed with a few exceptions recognized by Magistrate Judge Shushan. Any further Phase One discovery will be conducted only with her permission and supervision.

## V. SUPPLEMENTATION OF AND AMENDMENTS TO THIS ORDER

The provisions of this Order are provisional and may be supplemented or modified either

sua sponte or on motion by any party as may become necessary.


New Orleans, Louisiana, this 30th day of May, 2012.

_____

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE

EXHIBIT "F"

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | **MDL No. 2179** |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | **SECTION J** |
| | * | |
| **Applies to:** | * | **JUDGE BARBIER** |
| *All cases* | * | |
| | * | **MAGISTRATE SHUSHAN** |

## ORDER

For reasons of judicial efficiency and to allow the parties to make further progress in their

settlement discussions, the Court, on its own motion, issues the following Order:

**IT IS ORDERED** that Phase I of the trial scheduled to commence February 27, 2012, is

**ADJOURNED** until Monday, March 5, 2012 at 8:00 a.m.

New Orleans, Louisiana, this 26th day of February, 2012.

_____
United States District Judge

EXHIBIT "G"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | ' ' ' ' | MDL NO. 2179 SECTION: J |
| This document relates to: *Joshua Kritzer, et al v. Transocean, Ltd., et al* (No. 2:10-cv-04427) | ' ' ' | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## Plaintiff Rhonda Burkeen's Motion for Suggestion of Remand to Transferor Court

Subject to her motions to remand to state court, Plaintiff Rhonda Burkeen respectfully moves this Honorable Court to file a suggestion of remand to the Judicial Panel on Multidistrict Litigation ("JPML") so her case can be transferred back to the Transferor Court.[1]    Rhonda Burkeen is the widow of Aaron "Dale" Burkeen and the personal representative of his estate.   Dale was the crane operator killed in the April 20, 2010 explosion.   She filed her case in Texas state court where it was wrongfully removed to federal court by Cameron on the basis of OCSLA.   Burkeen timely filed a motion to remand. Before the motion was ruled on, the JPML transferred the case to MDL-2179 for consolidated pretrial proceedings.   Her case is classified as a Bundle A case.   Now that pretrial proceedings are complete, the Court should file a suggestion of remand with the JPML.   For the reasons more fully explained in the accompanying memorandum, the Court should grant Burkeen's motion.

---

[1]The Transferor Judge was the Honorable Sim Lake.  The case was pending in the Southern District of Texas.  The style of the case was *Joshua Kritzer, et al v. Transocean, Ltd., et al*, C.A. 4:10-CV-01854.

**Conclusion**

Burkeen requests that the Court grant her motion.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory D. Itkin*

_____
Kurt B. Arnold, Texas Bar No. 24036150
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
Michael E. Pierce, Texas Bar No. 24039117
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
pskrabanek@arnolditkin.com
mpierce@arnolditkin.com

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on April 24, 2012.

*/s/ Cory D. Itkin*

_____
Cory D. Itkin

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | ' | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | ' | |
| GULF OF MEXICO, on APRIL 20, 2010 | ' | SECTION: J |
| | ' | |
| | ' | |
| This document relates to: | ' | |
| *Joshua Kritzer, et al v. Transocean, Ltd., et al* | ' | |
| (No. 2:10-cv-04427) | ' | JUDGE BARBIER |
| | ' | MAG. JUDGE SHUSHAN |

## Plaintiff Rhonda Burkeen's Memorandum in Support of Plaintiff's Motion for Suggestion of Remand to Transferor Court

The Court should file a suggestion of remand with the JPML because pretrial proceedings are complete.

## I.

## Facts

Aaron "Dale" Burkeen worked for Transocean for 10 years. He was happily married to Rhonda Burkeen and they had a son together. Dale also helped raise his daughter from a prior relationship. April 20, 2010 would have been Rhonda and Dale's eighth wedding anniversary. Tragically, he was killed in the *Deepwater Horizon* explosion that day. Rhonda and Dale's children can take some comfort knowing that Dale died a hero. After the first explosion, instead of evacuating, Dale stayed to cradle the crane so it would not pose a danger to his fellow crew members as they rushed to the rig's life boats. After securing the crane, he tried to escape the flames via a staircase in an attempt to escape the rig. Unfortunately, the second blast went off. It blew Burkeen from the staircase to the floor.

As a result of this tragedy, Rhonda filed a Jones Act wrongful death suit on behalf of herself and her and Dale's children. She filed the case in Texas state court against BP, Cameron, Transocean, and Halliburton. All of these defendants are Texas citizens. Cameron removed her case to federal court on the basis of OCSLA jurisdiction. Burkeen filed her first Motion to Remand the case to state court in May 2010. [1] However, in November 2010, the JPML transferred her case to MDL-2179 before the federal court in Texas ruled on the motion.[2] Ex. A (JPML transfer order). This Court separated each type of claim pending in MDL-2179 into "bundles." Pretrial Order #11 (Dkt. #569). Burkeen's case falls into Bundle A. *Id*. The Court also decided to try cases that were transferred to MDL-2179. Pretrial Order #41 (Dkt. # 4083). The trial was designed to be wide-ranging and was supposed to address "all allocation of fault issues . . . including the negligence, gross negligence, or other bases of liability of, and the proportion of liability allocable to, the various defendants . . ." *Id*. The first trial phase was scheduled to begin on February 27, 2012. *Id*. Phase One was to "address issues arising out of the conduct of various parties . . . relevant to the loss of well control at the Macondo Well [and] the ensuing fire and explosion on the MODU DEEPWATER HORIZON on April 20, 2010 . . ." *Id*. In short, Phase One would concentrate on which parties were responsible for the damages sustained by victims of the actual explosion (like the Burkeen family) and allocate fault to each responsible party.[3] Discovery and pretrial proceedings concluded and the Court issued guidelines to the media who wanted to report on the trial proceedings. Dkt. #5732. The day before trial was

---

[1] Burkeen has filed two additional motions to remand to state court since her case was transferred to MDL-2179.
[2] The Transferor Judge was the Honorable Sim Lake. The case was pending in the Southern District of Texas. The style of the case was *Joshua Kritzer, et al v. Transocean, Ltd., et al*, C.A. 4:10-CV-01854.
[3] The remaining trial phases were to address the subsequent oil spill and would have no effect on Bundle A cases like Burkeen's. *Id*.

scheduled to begin, the Court *sua sponte* ordered a one week continuance. Dkt. #5887. The continuance was not granted because more discovery was needed or because the case was not ready for trial. Instead, it was granted because the PSC and BP were on the verge of entering into a putative class action settlement (which would not encompass Burkeen's claim) and the Court wanted to give the parties more time to negotiate. *Id.*

Against this background, Burkeen requests that the Court file a suggestion of remand with the JPML. An MDL court only has authority to preside over pretrial proceedings. It has no authority to actually try cases that are transferred to it. When pretrial proceedings are concluded, the case must be transferred case to the Transferor Court. Here, it is clear that pretrial proceedings are concluded for Bundle A claims like Burkeen's. All that is left to do is try those cases. This cannot be done in an MDL court. Consequently, the Court should file a suggestion of remand with the JPML.

## II.

### <u>The Court Should Grant Burkeen's Motion</u>

Burkeen's case was transferred to MDL-2179 pursuant to 28 U.S.C. § 1407 for "coordinated or consolidated **pretrial proceedings**." Ex. A; *See also* 28 U.S.C. § 1407(a). Section 1407 "imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings.'" *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1988); *In re Vioxx Products Liab. Litig.*, 478 F. Supp. 2d 897, 903 (E.D. La. 2007) ("[I]t is clear that the court cannot try these cases, but rather must remand them to the transferor forum when pretrial discovery is complete."). Before asking the JPML to remand a case, it is customary to seek a suggestion of remand from the Transferee Court.

Here, there can be no dispute that pretrial proceedings are complete. The Court intended to try all issues related to liability on Bundle A claims nearly 2 months ago. "Pretrial" proceedings are obviously complete when the actual trial is ready to begin. Consequently, the Court should file a suggestion of remand with the JPML.

## III.

### Conclusion

The Court should file a suggestion of remand with the JPML.

Respectfully Submitted,

**ARNOLD & ITKIN LLP**

*/s/ Cory D. Itkin*

_____
Kurt B. Arnold, Texas Bar No. 24036150
Jason A. Itkin, Texas Bar No. 24032461
Cory D. Itkin, Texas Bar No. 24050808
M. Paul Skrabanek, Texas Bar No. 24063005
Michael E. Pierce, Texas Bar No. 24039117
1401 McKinney Street, Suite 2550
Houston, Texas 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
karnold@arnolditkin.com
jitkin@arnolditkin.com
citkin@arnolditkin.com
pskrabanek@arnolditkin.com
mpierce@arnolditkin.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on April 24, 2012.

*/s/ Cory D. Itkin*

_____

Cory D. Itkin

EXHIBIT "A"

CLERK'S OFFICE
A TRUE COPY

Dec 01 2010

Stephanie Hall

Deputy Clerk, U.S. District Court
Eastern District of Louisiana
New Orleans, LA

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

2010 NOV 30  AM 10: 19

LORETTA G. WHYTE
CLERK

**IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"**
**IN THE GULF OF MEXICO, ON APRIL 20, 2010**          MDL No. 2179

**TRANSFER ORDER**

**Before the entire Panel**: Plaintiffs in the three actions listed on Schedule A have moved, pursuant to former Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001),[1] to vacate the respective portions of our orders conditionally transferring the actions (*Kritzer, M.P. Cheng,* and *Pappas Restaurant*) to the Eastern District of Louisiana for inclusion in MDL No. 2179. Responding defendants BP plc, BP America Inc., Cameron International Group, Halliburton Energy Services, Inc., and Sperry-Sun Drilling Services, Inc., submitted responses in opposition to all three motions. Defendants Transocean Offshore Drilling, Inc., Transocean Deepwater, Inc., and Triton Leasing GmbH submitted a response in opposition to the *Kritzer* plaintiffs' motion.

After considering all argument, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 2179 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is warranted for the reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Louisiana was an appropriate Section 1407 forum for actions sharing factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and ensuing oil spill, and the role, if any, that each defendant played in that incident. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010,* ___ F.Supp.2d ___, 2010 WL 3166434, at *2 (J.P.M.L. Aug. 10, 2010).

In opposing transfer, plaintiffs argue, *inter alia,* that their claims will require some unique discovery (*e.g.,* with respect to damages), and that transfer should not take place, if at all, until the Southern District of Texas court has ruled on the pending motions for remand to state court in *Kritzer* and *M.P. Cheng.*[2] We do not find these arguments persuasive. Although these actions may present one or more non-common issues, that is true of most, if not all, of the actions already in MDL No. 2179. Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to centralization. *See In re Denture Cream Prods. Liab. Litig.,* 624 F.Supp.2d 1379, 1381 (J.P.M.L. 2009). The *Kritzer* and *M.P. Cheng* plaintiffs can present their

---

[1]  Amended Panel Rules became effective on October 4, 2010.

[2]  Remand was denied in *Pappas Restaurant.*

___ Fee ___
___ Process ___
_X_ Dktd ___
___ CtRmDep ___
___ Doc. No. ___

-2-

remand motions to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                     David R. Hansen
W. Royal Furgeson, Jr.          Frank C. Damrell, Jr.
Barbara S. Jones                    Paul J. Barbadoro

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010      MDL No. 2179

## SCHEDULE A

EDLA
SEC.J/1

Southern District of Texas

| | |
|---|---|
| Joshua Kritzer, et al. v. Transocean, Ltd., et al., C.A. No. 4:10-1854 | 10-4427 |
| M.P. Cheng, LLC, et al. v. BP Co. North America, Inc., et al., C.A. No. 4:10-2717 | 10-4428 |
| Pappas Restaurant, Inc. v. Transocean, Ltd., et al., C.A. No. 3:10-303 | 10-4429 |

# EXHIBIT "H"

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In Re: Oil Spill by the Oil Rig "Deepwater Horizon"
in the Gulf of Mexico, On April 20, 2010

MDL No. 2179

SECTION: J

Judge Barbier
Mag. Judge Shushan

This Document Relates to:
*Joshua Kritzer, et al. v. Transocean, Ltd., et al.* S.D. Texas C.A. 4:10-1854

### <u>AFFIDAVIT OF CORY ITKIN</u>

Cory Itkin, after first being duly sworn upon his oath, makes this affidavit and states the following:

1.     My name is Cory Itkin.  I am over the age of twenty-one (21) years, am competent to testify to the matters stated herein, have personal knowledge of the facts and statements in this affidavit, and each of the facts and statements is true and correct.

2.     I am one of the lawyers representing Rhonda Burkeen, the Estate of Dale Burkeen, and Dale Burkeen's children.

3.     Burkeen has requested a suggestion of remand from the Transferee court. The Transferee court has not responded.

4.     The parties have completed common discovery and other pretrial proceedings for Bundle A (personal injury and wrongful death) claims.

5.     The parties have complied with all Transferee court orders.

FURTHER, AFFIANT SAITH NOT.

_____
Cory Itkin

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, by Cory Itkin, on this 12 day of June 2012, to certify which witness my official hand and seal of office.

_Kristina L McDonald_
Notary Public in and for the State of Texas

KRISTINA LYNN MCDONALD
Notary Public, State of Texas
My Commission Expires
October 30, 2014

10/30/2014
My Commission Expires: