

A Professional Corporation

DALLAS HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax

GodwinRonquillo.com

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:      214.939.4412
DIRECT FAX:       214.939.4803
DGodwin@GodwinRonquillo.com

June 16, 2012

**VIA EMAIL: Sally_Shushan@laed.uscourts.gov**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

> Re:    *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on
> April 20, 2010,* MDL-No. 2179 – HESI's Challenges to BP's Phase Two, Schedule
> I Privilege Logs

Dear Judge Shushan:

Per the Court's May 11, 2012 Order Regarding Completion of Phase Two Document
Production for the U.S. and BP, Rec. Doc. 6510 (the "Order"), and all related Orders, Halliburton
Energy Services, Inc. ("HESI") diligently reviewed BP's Schedule I Privilege Logs to ascertain
its limited set of challenges.  HESI challenged 3,427 unique documents withheld by BP under a
claim of attorney-client privilege and/or work product.  HESI is pleased to inform the Court that
HESI and BP have made significant progress in resolving these challenges.

On June 8, 2012,[1] BP informed the parties that 2,768 of its privilege entries, 451 of which
HESI challenged, will be removed from BP's privilege logs and that 71 other entries should be
modified with redactions.  In specific response to HESI's challenges, BP:

- agreed to produce approximately 451 documents;
- maintained its attorney-client and work-product privilege claims on
  approximately 1036 entries;
- tentatively determined that 1712 entries relate to other phases of this litigation;

---

[1] BP adjusted its June 8 report on June 15, 2012.

GODWIN RONQUILLO PC

The Honorable Sally Shushan
United States Magistrate Judge
June 16, 2012
Page 2

- identified 19 entries as requiring edits;
- identified two entries as already corrected;
- identified 203 entries as beyond the January 31, 2011 Phase Two discovery cut-off; and
- identified four entries as non-responsive.

On June 12, 2012, HESI and BP had a follow-up Meet and Confer to discuss HESI's remaining challenges – which were less than a third of HESI's original challenges based on BP's responses.  During that call, BP's attorneys represented that they very carefully reviewed BP's privilege logs in response to the parties' challenges, including various levels of quality control to decide what documents should be withheld.  Erring on the side of producing, BP's attorneys represented that they worked diligently to "call balls and strikes," assuring that all withheld documents are in fact entitled to privilege protection.

After the June 12, 2012 call, HESI provided BP with spreadsheets identifying the entries associated with three categories that HESI and BP discussed during the call, one of which related to BP's former testifying expert, Fred Sabins.  On June 15, 2012, BP responded to HESI's inquiry and agreed to produce the documents associated with Fred Sabins.  Based on BP's June 12 assurances and BP's June 15 response, HESI focuses its remaining questions on entries for which HESI cannot confirm an attorney-client communication or work-product protection.  Specifically, HESI narrows its challenges to two types of privilege entries:

- communications to "MC252_Email_Retention" and

- BP manuals.

To minimize the Court's burden relating to the parties' challenges to BP's privilege logs, HESI adopts the legal authority regarding attorney-client privilege and work-product protection in the United States' June 16, 2012 letter to the Court challenging BP's Privilege Claims,[2] and herein focuses only on the two types of entries referenced above.

## A.    MC252_Email_Retention Documents

Many of BP privilege log entries reflect communications to or from a group called "MC252_Email_Retention," and do not identify an attorney in the communication.  Of those, HESI included 13 entries in its original challenges to BP.  HESI's overall review of BP's document production for "MC252_Email_Retention," revealed that BP produced over 10,000 documents to or from this email address.  Not knowing the quantity or identity of the members of this group, or the identity of the person(s) who received email at this address, HESI requested additional information regarding the basis of the group's privilege protection.  *See Muro v.*

---

[2]  HESI does not adopt the United States' waiver claims.

GODWIN RONQUILLO PC

The Honorable Sally Shushan
United States Magistrate Judge
June 16, 2012
Page 3


*Target Corp.*, 243 F.R.D. 301, 307-308 (N.D. Ill. 2007) (noting that where many emails on defendant's privilege log were distributed among at least ten employees and several messages were distributed to unidentified distribution lists, the distribution to such large numbers of persons does not suggest confidentiality, and no privilege can be maintained for communications that were shared with a group of unidentified persons).  There does not appear to be a valid basis for BP to withhold some communications with this email address.  BP simply stated in its June 15 response that "this is not a distribution list."  With no indication of how many people were included in the communication, whether there was an attorney involved, or how these documents were distinguished from the over 10,000 other "MC252_Email_Retention" communications previously produced, HESI continues to challenge these entries.

### B.        BP Manuals

Originally, BP asserted privilege over at least 259 manuals without an attorney listed and without any indication of a valid basis for attorney-client or work-product protection.  Based on the information provided in the entries, HESI questioned the validity of BP's privilege assertions for manuals.  For example, one entry withheld for attorney-client privilege lists twenty people in the recipients' column, most of whom are BP engineers, and fails to list an attorney or describe the document as containing legal advice.[3]  *See Wiseman Oil Co. v. TIG Ins. Co.*, No. 011-1011, 2012 U.S. Dist. LEXIS 71140 (W.D. Pa. May 22, 2012) (holding that defendant's manuals do not contain privileged legal advice and are more of a blueprint for the managers as to how to do their jobs, and therefore should be produced); *See also, Safeco Ins. Co. of Am. v. M.E.S., Inc.*, No. 09-CV-3312, 2011 U.S. Dist. LEXIS 140700 (E.D.N.Y. Dec. 6, 2011) (finding that plaintiff's manuals were not protected by the attorney-client privilege or work-product doctrine and must be produced).  On June 8, in response to all parties' challenges, BP released many of these entries.  In BP's June 15 response, specifically to HESI, BP agreed to produce two more manuals.  However, rather than explain the privilege on the remaining ten Phase Two manuals, BP opted to simply change the characterization of the documents from "Manuals/SOPs" to "Report."  This re-characterization does not support BP's privilege claim and HESI continues to challenge these entries.

HESI received emails from BP regarding these challenges yesterday afternoon and evening, is currently analyzing this information, and reserves its right to make further challenges. HESI will continue to discuss its challenges with BP; however, to preserve these challenges, HESI submits this letter and four entries on Exhibit A (BP's Sixty-Sixth Privilege Log, Entry Numbers 1486 and 527, and BP's Sixty-Eighth Privilege Log, Entry Numbers 1389 and 1650). Based on any rulings made by the Court regarding these exemplar BP privilege claims, HESI requests that BP extrapolate those rulings to similar entries reflecting withheld documents on BP's privilege logs, as required by the June 4, 2012 Order.  (Rec. Doc. 6615).

---

[3] Exhibit A, BP's Sixty-Sixth Privilege Log, Entry No. 1486.  Exhibit A includes the challenges submitted to the Court by Transocean, HESI and Louisiana.

**GODWIN RONQUILLO PC**

The Honorable Sally Shushan
United States Magistrate Judge
June 16, 2012
Page 4


HESI looks forward to a successful resolution of these issues and appreciates the Court's attention.

Respectfully yours,

Donald E. Godwin

DEG:ab