**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

June 16, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:    MDL 2179 — Schedule 1 Challenges to the United States' Privilege Logs

Dear Judge Shushan:

BP and Transocean submit this joint initial brief and list of representative documents as their Schedule 1 challenges to the United States' privilege logs served before May 1, 2012.

BP and Transocean join in all of the arguments made below and challenges submitted with this brief — except with respect to the United States' assertion of the so-called "Promise of Confidentiality" Privilege, which only Transocean challenges.  That challenge is addressed in a separate letter brief.

## I.    Challenged Entries and the Meet-and-Confer Process

The following provides a brief overview of the various challenges brought against the United States' privilege logs in Schedule 1.

***Attorney-Client Privilege and Work-Product Doctrine***.  BP and Transocean have challenged various entries on the United States' privilege logs asserting the attorney-client privilege, the work-product doctrine, or both.

On May 21, 2012, BP served 54 challenges to entries on the United States' privilege logs claiming the attorney-client privilege or work-product doctrine.  On May 23, 2012, Transocean challenged, in several different groups, a total of 336 (82 + 47 + 190 + 17) entries asserting the attorney-client privilege or work-product doctrine — often in addition to the deliberative process privilege.

---

Chicago      Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 16, 2012
Page 2

BP and Transocean also challenged entries on the United States' logs for reasons related to the form of the entry, and regardless of the privileged claimed. For example, both parties challenged entries that contained communications with third parties.

The United States has responded to these challenges and agreed to release many of these entries. BP and Transocean appreciate the United States' effort in this regard. Nonetheless, certain United States log entries remain in dispute, as further discussed below.

***"Promise of Confidentiality" Privilege***. Transocean challenged 314 entries on the United States' privilege logs asserting something the United States has termed the "promise of confidentiality" privilege. The United States claims this so-called privilege protects documents that were provided to the Oil Spill Commission under a promise of confidentiality.

The United States agreed to release 64 of the challenged entries, but continues to assert the privilege over 236 (211 + 25) entries — with the rest either to be produced in a redacted form, not subject to challenge at this time, erroneously logged, or duplicates of other entries.

That challenge is addressed in a separate letter brief filed by Transocean.

***Challenges unrelated to the privileged claimed***. BP and Transocean challenged entries on the United States' logs for reasons unrelated to privilege claimed. For example, both parties challenged entries that contained communications with certain third parties that may be too distantly related to the United States for the relevant privilege to apply. BP also challenged entries where the privileged claimed was either missing or appeared to be a typographical error.

The United States responded to these individual challenges, but even with the United States' many corrections some open questions remain.

***Deliberative Process Privilege***. As the Court knows, the United States' assertions of the deliberative process privilege have thus far been a focus of significant attention. BP and Transocean both challenged the remaining deliberative process privilege entries appearing on the United States' logs as part of this "Schedule 1" challenge process.

Since then, the Court has clarified that the United States should continue to review, through a separate process, the entries on its logs that relate to Phase 2 and assert the deliberative process privilege. (Dkt. No. 6604.) On May 15, the United States agreed to release 6,403 of the 6,521 logged documents that it determined were unique, relevant to Phase 2, and previously withheld only by an assertion of the deliberative process privilege.

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
June 16, 2012
Page 3

Under the Court's order, by July 2, 2012, the United States will complete its review of the thousands of remaining entries on its logs asserting the deliberative process privilege. (*See* Dkt. No. 6664, at 2.) The parties encourage the United States to continue its efforts to review, and reconsider where appropriate, any entries asserting the deliberative process privilege. We look forward to the results of those continued efforts once they become available.

*Zantaz Privilege Logs*. Additionally, BP challenged entries on the privilege log corresponding to the United States' production of documents from its Zantaz server. Because this log mostly contains entries related to Phase 1 issues, BP and the United States agreed to de-prioritize any briefing of disagreements related to these privilege log entries. By agreement, the United States has until July 31, 2012, to provide an initial response to challenges of both deliberative process privilege and other assertions of privilege appearing on its Zantaz privilege logs.

II.   **Challenges to the United States' Privilege Logs**

Against this backdrop, the Schedule 1 challenges brought here are targeted at several narrow categories of entries for which only a small challenge sample is necessary. We have intentionally kept our representative samples targeted to minimize the burden on the Court, and to allow the parties to leverage the Court's rulings in the extrapolation and verification process.

   A.   **Attorney-Client and Work-Product Entries**

The parties request the Court review *in camera* the documents corresponding to the attached list of nine entries on the United States' privilege log. These entries assert the attorney-client privilege or work-product doctrine. Although the entries vary in their subject matter and their likely defects, a description of certain categories of challenged log entries may be helpful to the Court.

The United States has claimed work-product protection for documents reflecting communications and work of certain members of the FRTG Plume Calculation Team. It is ironic that the United States should assert these claims for documents that were produced by some of the very same people whom the United States, simultaneously, maintains were FRTG "volunteers" who cannot be asked to testify through Rule 45 subpoenas directed to their respective universities. The United States should not be permitted, on the one hand, to marry itself to members of the FRTG Plume Calculation Team in order to claim privilege over their work, and then on the other, to divorce itself from these "third party volunteers" in order to maintain that BP is precluded from seeking their testimony.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 16, 2012
Page 4


The following examples illustrate the overly aggressive efforts of the United States to shield documents produced by, or relating to the work of, FRTG members:

- The United States is claiming work-product protection for emails involving a number of scientists serving on the FRTG Plume Calculation Team. The documents at issue are described as "Email re PNAs Format for Papers." *See, e.g.*, NOA023-001598. Although disclosure of attorney work-product to third parties does not waive the protection, *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989), it seems unlikely that communications regarding the format for work to be published in the *Proceedings of the National Academy of Sciences* (PNAS) — a public journal — could possibly implicate "documents or tangible things that are prepared in anticipation of litigation," Fed. R. Civ. P. 26(b)(3)(A).

- The United States also has withheld under the work-product doctrine an email request to FRTG Plume Calculation Team member Steven Wereley. This email is dated June 16, 2010, and its subject is described as "In Light of Your Popularity." The email, reportedly, constitutes a "request from DOJ counsel made in confidence in preparation for anticipated litigation" to Professor Wereley. *See* N8P004-000176. Here again, this document's timing and context suggest that it relates to flow rate work done for purposes of informing spill-response decisions and/or producing the public flow rate estimates published by FRTG. As such, it appears unlikely that the email properly falls within the work-product doctrine.

An additional example of a document that the United States has withheld under the work-product protection concerns a draft of a *PNAS* submission:

- The withheld email is described as "Email re PNAS Image Velocimetry Draft." *See* NPT086-000104. In view of this description, this entry appears to relate to a draft of work to be submitted for publication in the *Proceedings of the National Academy of Sciences*. Although the United States is correct that the publication of a report does not waive the attorney work-product protection for work underlying and leading up to the report, *In re Vioxx Products Liability Litig.*, 2007 WL 854251, at *5 (E.D. La. Mar. 6, 2007), the description of this entry suggests the work was not "prepared in anticipation of litigation" and therefore does not satisfy the definition of work-product in the first instance, *see* Fed. R. Civ. P. 26(b)(3)(A). Once again, timing and context suggest the withheld email relates to flow-rate work done for purposes of producing public flow-rate estimates published by FRTG that fall outside the work-product protection.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 16, 2012
Page 5

     **C.**    **The United States' Logging Practices**

As the Court knows PTO 14 does not require post-incident emails involving attorneys to be listed on privilege logs. (PTO 14, at ¶ 2.) The United States appears to have taken this one step further and may not be logging emails from attorneys that are then *forwarded* to non-attorneys.

BP and Transocean believe the Court's guidance may be necessary. In response to BP's challenge to entry HCG156-000005, withheld under an assertion of the attorney-client privilege, the United States responded, "This document was err[]oneously included on the US Privilege Logs. It does not require a log entry because it is forwarding an email from an attorney (Heather Kennealy) and constitutes post-April 20, 2010 attorney-client communication." (The full entry, with the United States' response, is included with BP's attorney-client and work-product challenge list.)

PTO 14 still requires parties to log post-incident emails between non-attorneys that merely forward attorney communication. All email chains appropriately withheld or redacted should be included on a privilege log — unless an attorney communication is the most recent email in the chain.

BP and Transocean request an *in camera* inspection of HCG156-000005, and the Court's instruction to the United States to include on its privilege logs all emails except those where a post-incident attorney communication is the most recent email in the chain.

                                     \*     \*     \*

BP and Transocean respectfully request an *in camera* inspection of the documents corresponding to the attached privilege log entries. We also respectfully request that the Court order the United States to produce, or produce with redactions, all non-privileged emails and extrapolate across its privilege logs any ruling requiring such production.

                                                                      Sincerely,

                                                                      Robert R. Gasaway

Attachment

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
June 16, 2012
Page 6


cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Robin L. Hanger
Scott M. Cernich
A. Nathaniel Chakeres
Bethany Engel
Thomas Benson
Joel M. Gross
Allison B. Rumsey
Plaintiffs' Liaison Counsel
Defense Liaison Counsel (dsc2179@liskow.com)