CAUSE NO. 2012-22995

| | | |
|---|---|---|
| DAVID HOGAN and PATRICIA FAJKUS-HOGAN | § § § | IN DISTRICT COURT OF |
| v. | § § | HARRIS COUNTY, TEXAS |
| BRITISH PETROLEUM EXPLORATION & PRODUCTION, INC., ET AL. | § § § | 295th JUDICIAL DISTRICT |

## NOTICE OF REMOVAL OF STATE COURT ACTION

TO:   Plaintiffs, by and through their attorneys of record, Craig Lewis and John J. Brothers, The Lewis Law Firm, 2905 Sackett Street, Houston, Texas 77098.

You are hereby notified that on the 25th day of May, 2012, a Notice of Removal of Civil Action, a true and correct copy of which is attached hereto, was filed in the United States District Court for the Southern District of Texas, Houston Division. The Notice of Removal was filed in reference to Cause No. 2012-22995, *David Hogan and Patricia Fajkus-Hogan vs. British Petroleum Exploration & Production Inc., et al.*; In the 295th Judicial District, Harris County, Texas.

DATED this the 25th of May, 2012.

**EXHIBIT B**

HOU:3220803.1

Respectfully submitted,

ANDREWS KURTH LLP

By: *Thomas W. Taylor*
Thomas W. Taylor
State Bar No. 19723875
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 FAX
ttaylor@andrewskurth.com

J. Andrew Langan, P.C.
Texas Bar No. 24066576
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Phone: 312.862.2000
Fax: 312.862.2200
andrew.langan@kirkland.com

ATTORNEYS FOR DEFENDANTS
BP EXPLORATION & PRODUCTION INC., BP AMERICA INC., BP AMERICA PRODUCTION COMPANY AND BP PRODUCTS NORTH AMERICA INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to counsel of record pursuant to the Texas Rules of Civil Procedure on this 25th day of May, 2012.

Craig Lewis
John J. Brothers
THE LEWIS LAW FIRM
2905 Sackett Street
Houston, TX 77098

Donald E. Godwin
Bruce W. Bowman, Jr.
Jenny L. Martinez
Floyd Hartley, Jr.
GODWIN RONQUILLO PC
1201 Elm Street, Suite 1700
Dallas, TX 75270-2041

R. Alan York
Jerry C. von Sternberg
GODWIN RONQUILLO PC
1331 Lamar, Suite 1665
Houston, TX 77010

Thomas J. Heiden
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606

Susan Noe-Wilson
Deborah T. Busby
SPENCER CRAIN CUBBAGE HEALY & MCNAMARA
1177 West Loop South, Suite 1300
Houston, TX 77027

W. Sean O'Neil
W. SEAN O'NEIL, ATTORNEY AT LAW
2000 S. Dairy Ashford St., Suite 3400
Houston, TX 77077

_Michelle P. Scheffler_
Michelle P. Scheffler

HOU:3220803.1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID HOGAN and PATRICIA, FAJKUS-HOGAN,<br><br>vs.<br><br>BRITISH PETROLEUM EXPLORATION & PRODUCTION INC.; BP AMERICA INC.; BP AMERICA PRODUCTION COMPANY; BP PRODUCTS NORTH AMERICA INC; BP plc; HALLIBURTON ENERGY SERVICES, INC.; TRANSOCEAN, LTD.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN HOLDINGS, LLC; NALCO COMPANY; SPECIALTY OFFSHORE, INC.; CONOCOPHILLIPS; XPLORE OIL & GAS, L.L.C.; STUYVESANT DREDGING COMPANY; STUYVESANT DREDGING, INC. | § § § § § § § § § § § § § § § § § § § § § | C.A. No. 4:12-cv-1608<br><br>On removal from the 295th District Court of Harris County, Texas Case No. 2012-22995<br><br>JURY DEMANDED |

## BP'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS

Pursuant to 28 U.S.C. §§ 1331, 1441, 1446 and 43 U.S.C. § 1349, Defendants BP Exploration & Production Inc. (incorrectly identified as British Petroleum Exploration & Production, Inc.), BP America Inc., BP America Production Company, and BP Products North America Inc. (collectively "BP") hereby give notice and remove this case to the United States District Court for the Southern District of Texas, Houston Division.

BP represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

**Background and Procedural Requirements.**

1. BP is a named defendant in the matter styled "*David Hogan and Patricia Fajkus-Hogan v. British Petroleum Exploration & Production, Inc.; BP America, Inc.; BP America Production Company; BP Products North America, Inc.; BP plc; Halliburton Energy Services, Inc.; Transocean, Ltd.; Transocean Offshore Deepwater Drilling, Inc.; Transocean Deepwater, Inc.; Transocean Holdings, LLC; Nalco Company; Specialty Offshore, Inc.; ConocoPhillips; Xplore Oil & Gas, L.L.C.; Stuyvesant Dredging Company; Stuyvesant Dredging, Inc.*," pending in the District Court of Harris County, Texas, 295th Judicial District, and bearing the case number 2012-22995 (the "State Court Action").

2. Plaintiffs commenced the State Court Action by filing their Original Petition in the District Court of Harris County, Texas, 295th Judicial District, on April 19, 2012.

3. BP was served with process on April 26, 2012.

4. This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b), as computed pursuant to Fed. R. Civ. P. 6(a).

5. Pursuant to 28 U.S.C. § 1446(a), BP attaches hereto as Exhibit A a copy of all process, pleadings and orders served on BP in the State Court Action.

**Original Federal Jurisdiction Exists Over the Original Petition Pursuant to OCSLA and the Federal Question Statute.**

6. Plaintiffs' Original Petition states that Plaintiff David Hogan suffered injuries from "diving into waters contaminated by the oil spill which was proximately caused by the acts and omissions of one or more of the Defendants." Pet. ¶ 5. The oil spill in question

2

is the April 20, 2010 blowout that destroyed the *Deepwater Horizon*. *Id.* at ¶ 22. Plaintiffs state that "BP leased the *Deepwater Horizon* to drill exploratory wells at the Macondo prospect site." *Id.* at ¶ 27. To that end, Plaintiffs aver that Transocean "provided operational support for drilling-related activities," *id.* at ¶ 24, and Halliburton "was in charge of cementing the well," *id.* at ¶ 25.

7. Plaintiffs allege a variety of negligent acts by BP in connection with the drilling operations at the Macondo well. For example, they assert negligence and gross negligence in "the manner in which the *Deepwater Horizon* well was drilled," "the design and cementing of the *Deepwater Horizon* well," "failure to adequately or properly supervise their crews," and "failure to take reasonable and necessary efforts and precautions to prevent the disaster which ultimately occurred on the *Deepwater Horizon*." *Id.* at ¶ 67. Plaintiffs assert that each of these alleged acts of negligence in the drilling operations was a "proximate and/or contributing cause of . . . Plaintiffs' resulting injuries and damages." *Id.*

8. According to Plaintiffs, "[a]fter the disaster, BP began implementing a disaster response plan to prevent oil from escaping the blown-out well, to manually contain the oil, and to disperse oil in the water using chemical dispersants . . . ." *Id.* at ¶ 37. As part of its response to the failed drilling operation, "BP began surface, sub-sea, and aerial application of Corexit dispersants manufactured by Defendant NALCO . . . ." *Id.* at ¶ 43.

9. Concerning Plaintiffs' exposure injuries, the Original Petition states that "David Hogan dove into waters that were contaminated with both the crude oil and the Corexit dispersants." *Id.* at ¶ 57. According to Plaintiffs, BP and NALCO were negligent in

3

HOU:3221080.1

"willfully misrepresenting that the Corexit dispersants were safe for human health." *Id.* at ¶ 72.

10. <u>OCSLA Jurisdiction</u>: This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.* OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

11. OCSLA defines "minerals" to include "oil, gas, sulphur, geopressured-geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including . . . any drilling." 43 U.S.C. § 1331(k).

12. The State Court Action "aris[es] out of" and "in connection with" a drilling operation on the outer Continental Shelf ("OCS"). Plaintiffs admit as much when they recognize that "BP leased the *Deepwater Horizon* **to drill exploratory wells** at the Macondo prospect site," Pet. ¶ 27 (emphasis added), and allege injuries resulting from negligence in the "the manner in which the *Deepwater Horizon* well was drilled," *id.* at ¶ 67.

13. Even on the subject of dispersants, Plaintiffs allege negligence in "the choice and use of dispersants that were used **in connection with** the oil spill." *Id.* at ¶ 73 (emphasis added).

14. As a result, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A).

4

15. <u>Federal Question Jurisdiction</u>: This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, OCSLA, 43 U.S.C. § 1331, and because claims involving federal enclaves like the Outer Continental Shelf by their nature arise under federal law. Federal-question claims ordinarily are subject to the well-pleaded complaint rule, but cases involving federal enclaves and matters falling within OCSLA jurisdiction are not subject to the well-pleaded complaint rule because they unavoidably involve federal and not state law, regardless of whether a plaintiff invokes federal law on the face of the complaint.

16. OCSLA not only provides that federal courts have original jurisdiction over all cases arising out of Shelf operations, but it also directly specifies that federal law governs as a substantive matter. *See* 28 U.S.C. § 1333(a)(1). Hence, federal question jurisdiction under 28 U.S.C. § 1331 inherently and unavoidably exists over claims that arise out of Shelf conduct without regard to claims made by plaintiffs that a source of law other than federal law, such as state law controls.

17. Plaintiffs' claims "arise under" federal law for purposes of removal under 28 U.S.C. § 1441(c)(1) because OCSLA establishes a federal enclave on the OCS. Claims arising out of conduct within federal enclaves necessarily arise under federal law.

**The Presence of Jones Act Claims Against Other Defendants Does Not Affect Removal.**

18. Under a prior version of 28 U.S.C. § 1441(c), the Fifth Circuit held that Jones Act claims filed in state court are not removable "unless the Jones Act claim is joined with a separate and independent claim that is within our federal question jurisdiction." *Hopkins v. Dolphin Titan Int'l Inc.*, 976 F.2d 924, 926 (5th Cir. 1992) (interpreting an earlier version of § 1441(c), which required a "separate and independent claim or cause of action").

However, as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Congress amended the removal statute, effective January 6, 2012.

19. The current version of 28 U.S.C. § 1441(c) provides:

> **(1)** If a civil action includes--
>
>> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

20. Deleting the "separate and independent" language was no accident. Congress's intent was "to make changes to better serve the purpose for which the statute was originally designed, namely to provide a Federal forum for the resolution of Federal claims that fall within the original jurisdiction of the Federal courts." H.R. Rep. No. 112-10, at 12 (2011). The legislative history expressly eschews the "separate and independent" requirement and describes the prior removal provision as "useless." *Id.* (quotation omitted).

21. In order not to encroach upon state courts' jurisdiction, Congress provided for mandatory remand of joined claims that belong in state court (*e.g.*, properly and not fraudulently pleaded Jones Act claims). 28 U.S.C. § 1441(c)(2). Correspondingly, a properly joined Jones Act employer need not consent to removal, as it will soon return to state court. Only § 1441(c)(1)(A) defendants need consent.

22. Plaintiffs allege that "David Hogan was employed by Specialty Offshore and/or was acting as a 'borrowed' employee of ConocoPhillips, Xplore Oil & Gas, and Stuyvesant." Pet. ¶ 65. Based on this assertion, BP is not required to gather the consents of the Defendants facing Jones Act claims, and it has not done so. This Court may sever and remand the claims against any Jones Act defendants it holds to have been properly and not fraudulently joined as a *sua sponte* matter.

**Venue and Removal Under 28 U.S.C. §§ 1441(a) and (b).**

23. Venue is proper in this Court pursuant to 28 U.S.C. § 1446(a), as the United States District Court for the Southern District of Texas, Houston Division is located in the district and division in which the State Court Action was pending.

24. Finally, this matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Southern District of Texas has original subject matter jurisdiction under 43 U.S.C. § 1349 and 28 U.S.C. § 1331.

**Effectuation of Removal.**

25. BP hereby removes this action to the United States District Court for the Southern District of Texas, Houston Division.

26. By filing this Notice of Removal, BP expressly consents to the removal.

27. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers, including the Original Petition on file in the record of the State Court Action which are within the possession, custody and control of BP are attached as Exhibit A.

28. The allegations of this Notice were true at the time the Original Petition was filed and remain true as of the date of filing of this Notice of Removal.

7

29. Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, will be promptly filed with the District Court of Harris County, Texas, 295th Judicial District.

WHEREFORE, BP hereby removes this action to the United States District Court for the Southern District of Texas, Houston Division.

Dated May 25, 2012

Of Counsel:
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
richard.godfrey@kirkland.com
andrew.langan@kirkland.com

Jeffrey Bossert Clark
and BP AMERICA INC.
KIRKLAND & ELLIS LLP
655 Fifteenth Street NW
Washington, DC 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200
jeffrey.clark@kirkland.com

Respectfully submitted

*/s/ Thomas W. Taylor*
Thomas W. Taylor
Texas Bar No. 19723875
ANDREWS KURTH LLP
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Facsimile: (713) 220-4285
ttaylor@andrewskurth.com

ATTORNEY-IN-CHARGE FOR
DEFENDANTS BP EXPLORATION &
PRODUCTION, INC., BP AMERICA INC.,
BP AMERICA PRODUCTION COMPANY,
AND BP PRODUCTS NORTH AMERICA,
INC.

HOU:3221080.1

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the above and foregoing instrument has been served by electronic CM/ECF filing, on this 25th day of May, 2012, as follows

>Craig Lewis
>John J. Brothers
>The Lewis Law Firm
>2905 Sackett Street
>Houston, TX 77098
>
>Donald E. Godwin
>Bruce W. Bowman, Jr.
>Jenny L. Martinez
>Floyd Hartley, Jr.
>Godwin Ronquillo PC
>1201 Elm Street, Suite 1700
>Dallas, TX 75270-2041
>
>R. Alan York
>Jerry C. von Sternberg
>Godwin Ronquillo PC
>1331 Lamar, Suite 1665
>Houston, TX 77010
>
>Thomas J. Heiden
>Latham & Watkins LLP
>233 South Wacker Drive, Suite 5800
>Chicago, IL 60606

/s/ *Thomas W. Taylor*
Thomas W. Taylorr

HOU:3221080:1