UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the GULF OF | § | |
| MEXICO, on APRIL 20, 2010 | § | SECTION: J |
| | § | |
| This document relates to: 12-1486 | § | |
| *David Hogan, et. al. v. BP Exploration* | § | JUDGE BARBIER |
| *& Production, Inc., et. al.* | § | MAG. JUDGE SHUSHAN |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND

NOW INTO COURT, through undersigned counsel, come David Hogan and Patricia Fajkus-Hogan (hereinafter referred to as "Plaintiffs") and file Plaintiffs' Memorandum in Support of their Motion to Remand this matter back to the state court from which it was removed by Defendants, BP Exploration and Production, Inc., BP America Inc., BP American Production Company, and BP Products North America Inc. (collectively referred to as "BP").

### I.
### SUMMARY OF THE ARGUMENT

BP's removal of this case to federal court is an egregious abuse of the Federal Rules of Civil Procedure and is patently frivolous given well-established precedent and this Court's prior rulings. The Plaintiffs' general maritime and Jones Act claims do not give rise to federal question jurisdiction, and therefore, BP's failure to obtain all defendants consent to removal renders the removal procedurally defective. Furthermore, even if BP had obtained the necessary consents, this Court has previously ruled that, where as here, there are properly joined Defendants who are citizens of the state in which the action was originally brought, §1441(b) does not allow maritime claims to be removed to federal court even if the Court has both OCSLA and admiralty jurisdiction. Therefore, BP's removal of this case to federal court was improper, and this case should be remanded back to the 295th Judicial District of Harris County, Texas.

## II.
## FACTS

The unique facts of this case are set forth in detail in the Plaintiffs' Original Petition. (**Exhibit A**; *Plaintiffs' Original Petition*). From June through November of 2010, David Hogan performed a number of commercial dives from vessels in the navigable waters of the Gulf of Mexico that had been contaminated by the *Deepwater Horizon* disaster and the ill-fated clean-up attempts. Mr. Hogan was performing this work pursuant to contracts in which Specialty Offshore agreed to provide divers like Mr. Hogan to Conoco Phillips, Xplore Oil and the Stuyvesant Defendants. When Mr. Hogan made his first dive in early June 2010, he was concerned because of the appearance of the water and how deep the oil had sunk. As a result, Mr. Hogan contacted a ConocoPhillips Supervisor who provided him with a BP hotline. Mr. Hogan called this hotline and within an hour a BP "health and safety man" was transported via helicopter to the platform where the BP "health and safety man" assured Mr. Hogan that there was nothing harmful or hazardous in the water and haz-mat gear was unnecessary. Even worse, this "health and safety man" made Mr. Hogan feel as though his concerns were foolish. Over the next several months, Mr. Hogan and his dive team would continue to dive in similar conditions. Following these dives, Mr. Hogan's began to develop significant medical problems. In November of 2011 Mr. Hogan was diagnosed with neurotoxicity "related to the chronic and cumulative exposure to chemicals and heavy metals associated with the Gulf oil spill and dispersant." To date, two of Mr. Hogan's dive team members have committed suicide, and Mr. Hogan's health has deteriorated to the point that a man who climbed Mt. Ranier in May of 2010 is now a paraplegic who is going blind and suffering from a number of cognitive disabilities.

2

Following the discovery of the connection between his health and the *Deepwater Horizon* disaster, Mr. Hogan and his wife filed suit in the 295th Judicial District of Harris County on April 19, 2012. Their claims were filed against BP, Halliburton, Transocean, Nalco, and Mr. Hogan's "employers," Specialty Offshore, ConocoPhillips, Xplore Oil & Gas and Stuyvesant. Within the Petition the Plaintiffs specifically plead that "the case is maintained under the Jones Act (46 U.S.C. §§ 30104, et. seq.) and/or under the general maritime law of the United States. *Id.* at ¶2. The Plaintiffs also specifically plead that the claim is being filed pursuant to the "Savings to Suitors" clause. *Id.* at ¶3. In addition, detailed facts were pled pertaining to the propriety of the application of general maritime laws and/or the Jones Act. On May 25, 2012, BP filed a notice of removal alleging that removal was proper pursuant to OCSLA and the Federal Question Statute.

## III.
## ARGUMENTS AND AUTHORITIES

Generally, a defendant may remove a civil action filed in state court if a federal court would have original jurisdiction over the action. *See* 28 U.S.C. §1441. Once a motion to remand has been filed, the burden is on the defendant to prove, by a preponderance of the evidence, that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Walmart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Any ambiguities must be construed against removal because the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 359 (5th Cir. 2000); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This includes ambiguities in substantive law which also must be resolved in the plaintiffs' favor. *Holmes v. Atlantic Sounding Co., Inc.*, 437 F.3d 441, 445 (5th Cir. 2005). As will be shown, BP's removal of this case was procedurally and substantively defective.

3

A.   **Federal Question Jurisdiction Does not Exist.**

BP asserts federal question jurisdiction under 28 U.S.C. §1331 in its notice of removal. However, as this Court has previously recognized, the well-pleaded complaint rule prevents removal on this basis.

The well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The rule governs whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 and is based on the theory that the plaintiff is "the master of her complaint." *Medina v. Ramsey Steel, Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001) (citing Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995). As such, "[a] determination that a cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina*, 238, F.3d at 680.

When the well-pleaded complaint rule is applied to the Plaintiffs' Original Petition it is clear that the Plaintiffs have only pled two types of claims, claims under general maritime law and claims under the Jones Act. The Supreme Court has consistently held that claims made pursuant to general maritime law are not a matter of federal question jurisdiction. Recently, the Supreme Court reiterated this principle in *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2000) when the Court stated the following:

> We have previously refused to hold that admiralty claims, such as a limitation claim, fall within the scope of federal question jurisdiction out of concern that saving to suitors actions in state court would be removed to federal court and undermine the claimants's choice of forum. We explained that to define admiralty jurisdiction as federal question jurisdiction would be a "destructive oversimplification of the highly intricate interplay of the States and the National Government in their regulation of maritime commerce.

4

*Citing Romero v. International Terminal Operating, Co.,* 358 U.S. 354, 371-372 (1959); *See also Atascadero State Hosp. v. Scanlon,* 473 U.S. 234 (1985) (superceded by statute on other grounds)(Distinguishing between federal question and admiralty jurisdiction in explaining "the subject-matter heads of jurisdiction include federal questions ("all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made") and admiralty ("all Cases of admiralty and maritime Jurisdiction")). This Court recognized the same principle in ruling on the State of Louisiana's Motion to Remand and acknowledged that the well-pleaded complaint rule prevented removal on the basis of 28 U.S.C. §1331 when the same removal arguments were made. (Rec. Doc 470 at 10); *In re Oil Spill by the Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010,* 747 F.Supp.2d 704 (E.D. La. 2010). However, even if the well-pleaded complaint rule was ignored, this Court has also already ruled that maritime law governs these cases because "where OCSLA and general maritime law could both apply, the case is to be governed by maritime law." *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.,* 87 F.3d 150, 154 (5th Cir. 1996). Therefore, there should be no question that removal on the basis of 28 U.S.C. §1331 is improper and federal question jurisdiction does not exist.

**B.    BP's Failure to Obtain Consent From All Defendants is a Fatal Procedural Defect**

BP admits that at the time of removal it did not obtain consent for removal from Specialty Offshore, Inc., ConocoPhillips, Xplore Oil & Gas, L.L.C., Stuyvesant Dredging Company, and Stuyvesant Dredging, Inc. (**Exhibit B**, BP's Notice of Removal, ¶22). Although the record reflects that each of these Defendants were properly served before BP filed its Notice of Removal, BP argues obtaining these Defendants' consent to removal was unnecessary because of the recent amendments to 28 U.S.C. §1441(c). However, BP's reliance on §1441(c) is misplaced because this statue is

5

inapplicable to this case since the Plaintiffs have not pled any claims conferring federal question jurisdiction.

The Fifth Circuit has interpreted the removal procedures of 28 U.S.C. 1446(a) and (b) to require that all properly served defendants join in a notice of removal. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Getty Oil Corp. v. Ins. Co. Of N. Am*, 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). However, as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2001, Congress amended 28 U.S.C. §1441(c) which now provides the following:

(1) If a civil action includes–

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join or consent to the removal under paragraph (1).

As a result, Defendants are not required to obtain consent from certain co-defendants in lawsuits governed by §1441(c). However, by its very terms, §1441(c) only applies to lawsuits that involve one or more claims that constitute a federal question (§1331) *and* one or more claims that are either not within the jurisdiction of the district court or are nonremovable. For all of the reasons pointed out above, the Plaintiffs have not pled any claims involving a federal question. Therefore, §1441(c) is inapplicable and the general rule requiring that all defendants give written consent before a case is removed applies. BP's failure to obtain written consent from all defendants renders its removal

procedurally defective, and the Court should remand the case. However, even if BP had obtained written consent, the removal of this case from state court was still improper.

C.     **OCSLA Does Not Provide a Basis for Removal**

BP also argued that removal of this case was proper pursuant to the jurisdictional grant of OCSLA. Although the Plaintiffs would respectfully submit in the first instance that OCSLA does not apply under the facts and circumstances of this particular case, the Plaintiffs recognize the Court's prior rulings on similar issues. However, as this Court has also previously ruled, even if OCSLA does apply, it does not provide removal jurisdiction in this case where the underlying claims are governed by maritime law and the Plaintiffs have sued local defendants.

Consistent with an overwhelming majority of district courts, this Court has previously held that 43 U.S.C. § 1349 (OCSLA's grant of *original* jurisdiction) does not provide removal jurisdiction when: (1) the underlying claim is governed by maritime law; and (2) one of the defendants is a citizen of the state where the case was filed. (**Exhibit C** at 9-10). As this Court held:

> It is therefore true that unless a defendant is not a citizen of the state in which the action is brought, § 1441(b) does not allow maritime claims to be removed to federal court. This is true even if the court has both OCSLA and admiralty jurisdiction...

*Id. See also Nase v. Teco Energy*, 347 F. Supp.2d 313, 318-20 (E.D. La. 2004) ("the court finds that removal under OCSLA is not proper when maritime law governs the plaintiff's claim and one of the defendants is from the state of the suit." (Citing 11 different cases); *Bulen v. Hall-Houston Oil Co.*, 953 F. Supp. 141, 144 (E.D. La. 1997); *Newman v. Superior Well Services*, 1997 WL 208980 at *3 (E.D. La April 28, 1997); *Walsh v. Seagull Energy Corp.*, 836 F. Supp. 411, 417-18 (S.D. Tex. 1993); *Fogleman v. Tidewater Barges, Inc.*, 747 F. Supp. 348, 354-56 (E.D. La 1990). BP does not dispute the Plaintiffs' allegations that one or more defendants, including BP, are residents of the

7

State of Texas. Therefore, the question is whether or not the Plaintiffs' claims are governed by admiralty law.

The Fifth Circuit has stated that "[t]he law is clear that when a tort occurs on navigable water on the OCS, as opposed to, for example, a stationary platform,...maritime law applies to the ensuing tort action by that worker against third parties." *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009)(en banc); *Coats v. Penrod Drilling Corp.*, 61 F.3d 1113, 119 (5th Cir. 1995) (en banc); *Parks v. Dowell Division of Dow Chemical Corp.*, 712 F.2d 154, 157 (5th Cir. 1983) In *Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 545 (1995), the Supreme Court held that with admiralty jurisdiction comes the "application of substantive admiralty law" and that a court has admiralty jurisdiction over a tort when: (1) "the tort occurred on navigable water"; (2) the incident has "a potentially disruptive impact on maritime commerce"; and (3) the general character of the incident bears a "substantial relationship to traditional maritime activity. All of the torts alleged in the Plaintiffs' Original Petition occurred on navigable water. Likewise there is no question that the offshore explosion, resulting spill, and clean-up efforts caused a disruption of maritime commerce, and all of the Defendants' activities bore a substantial relationship to maritime activity. As such, maritime law applies.

Just as this Court held that the claims contained within the B1 and B3 master complaints fell within the Court's admiralty jurisdiction and were governed by general maritime law, so too are the Plaintiffs' claims. (Rec. Docs. 3830; 4159). *In re Oil Spill by the Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 2011 WL 3805746 (Aug. 26, 2011 E.D. La.); *In re Oil Spill by the Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 808 F. Supp. 2d 943 (Sept. 30, 2011 E.D. La.). Therefore, OSCLA's grant of removal jurisdiction does not permit removal of this case

which is an additional reason why it should be remanded back to state court.

**D.     The Plaintiffs' Jones Act Claims Are not Removable.**

In this case, Plaintiffs allege that David Hogan was "injured while acting as a seaman" and was "employed by Specialty Offshore and/or was acting as a 'borrowed' employee of ConocoPhillips, Xplore Oil & Gas, and Stuyvesant." (Exhibit A at ¶65).

"It is axiomatic that Jones Act suits may not be removed from state court." *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). No one has alleged that Mr. Hogan's Jones Act claims against Specialty Offshore, Xplore Oil & Gas, or Stuyvesant were fraudulently pled. Therefore, it should be undisputed that these claims were improperly removed from state court and they would have to be remanded even if removal was otherwise proper, which it is not.

## IV.
## CONCLUSION

Because BP's removal of this case was procedurally defective and substantively improper, the Court should grant Plaintiffs' motion and remand this case to the 295th Judicial District of Harris County, Texas.

Respectfully submitted,

**THE LEWIS LAW FIRM**

/s/ John J. Brothers

---

James Craig Lewis
Trial Attorney
Federal Bar ID 3452
John J. Brothers
Federal Bar ID 1096186
2905 Sackett Street
Houston, Texas 77098
Telephone: (713) 222-8080
Facsimile:  (713) 238-7888

9

clewisfirm@gmail.com
johnb@llf7.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on all counsel via certified mail, return receipt requested and by electronically uploading same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179 on June 22, 2012.

/s/ John J. Brothers

John J. Brothers