UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

[Regarding the Objections of the U.S. to BP's Inclusion of Six Non-Parties to be Deposed in Phase Two (Rec. doc. 6721)]

BP seeks the Rule 30(b)(6) depositions of six entities that worked with the Flow Rate Technical Group ("FRTG"). It reports that three of them were responsible for the FRTG's work related to modeling most-likely and worst-case scenarios. They are Kelkar and Associates, R.G. Hughes and Associates, and Gemini Solutions. It reports that the other three entities were identified by the U.S. as contributing key research and researchers to the FRTG's Plume Team. They are the University of California at San Diego (including the work of Juan Lasheras), the University of California, Santa Barbara (including the work of Ira Leifer), and Purdue University (including the work of Steve Wereley).

The U.S. contends that: (1) BP's request to add these depositions is untimely; (2) it is attempting to use the Rule 30(b)(6) notice to obtain the personal knowledge of an individual deponent; (3) the Rule 30(b)(6) deposition notices of these entities are duplicative and unnecessary; and (4) if BP is permitted to proceed, the professors who responded to the crisis will be punished for making themselves available in a time of need. BP responds that: (1) the U.S. lacks standing to bring the objections; (2) the request for the depositions is timely; (3) the subpoenas for the depositions are properly directed to the named entities; (4) the testimony sought is not duplicative;

and (5) the subpoenas are properly directed to the entities with knowledge.

In the context of the MDL proceeding, the U.S. possesses standing to make the objection.

For the reasons presented by BP, the request to add the depositions is timely. There is one timeliness issue which is of concern to the Court. BP cites unsuccessful efforts to secure documents without subpoenas from these entities.[1] **If issues arise with non-party document production, the issues must be brought to the attention of the Court as promptly as possible**.

The arguments concerning the use of the Rule 30(b)(6) depositions to obtain personal knowledge of the individual professors named in the notices and the allegation that the notices are duplicative of the notice served on the U.S. are related. The U.S. and BP are not scheduled to identify their designees until July 13, so it is not known who the U.S. will produce to testify on a particular topic. Unlike Phase One, the plan for Phase Two has been to complete document production and proceed with Rule 30(b)(6) depositions before considering whether there is good cause to depose an individual.[2] If the individual's testimony is duplicative of the testimony procured through the Rule 30(b)(6) notice, there will not be good cause for the deposition of the individual. BP contends that:

> Because of the centrality of these entities' participation and contribution to the United States' own official work, discovery from both the United States *and* these entities is necessary. Discovery from either the United States alone or the six entities alone would leave holes in the factual record.

Rec. doc. 68– at 6 (emphasis in original). While this conclusion, if established, is sufficient to

---

[1] BP reports the following production: (1) 298 documents from Purdue; (2) 266 documents from U.C. Santa Barbara; (3) 87 documents from Hughes; (4) 23 documents from Kelkar; (5) 3 documents from Gemini; and (6) no documents U.C. San Diego.

[2] This was prompted by the experience of the parties and the Court in Phase One and the large number of Phase Two witnesses. On May 6, 2012, BP identified 160 persons as potential source control deponents and 251 person as potential quantification track deponents.

demonstrate good cause, BP has not sustained its burden. BP may be able to demonstrate good cause after it takes the deposition of the United States and reviews the documents from the entities.

IT IS ORDERED as follows:

1. The objections of the United States to the depositions of the six entities identified herein (Rec. doc. 6721) are sustained. This is without prejudice to the right of BP to re-urge its request for the depositions at the appropriate time.

2. BP shall proceed as promptly as possible to subpoena relevant documents from the six entities.

New Orleans, Louisiana, this 27th day of June, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**