UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| In Re: | Oil Spill by the Oil Rig | ] | MDL No. 2179 |
| | "Deepwater Horizon" in the | ] | |
| | Gulf of Mexico, on April 20, 2010 | ] | SECTION: J |
| | | ] | |
| | | ] | Judge Barbier |
| This Document Relates to: 2:12-cv-1045-CJB-JCW | ] | | Mag. Judge Wilkinson |
| | ] | | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
CERTAIN AFFIRMATIVE DEFENSES UNDER RULE 12(f)**

**1.   SUMMARY.**

Plaintiff Dennis Prejean (Prejean) brought this collective action against O'Brien's

Response Management, Inc. (O'Brien's) for failing to pay him and similarly situated employees

overtime pay under the Fair Labor Standards Act (FLSA).  O'Brien's raised twenty-three

affirmative defenses in its Answer.  *See* Doc. 6663 at pp. 5-9.  However, O'Brien's failed to

plead *any* facts to support its affirmative defenses.  Further, some of O'Brien's affirmative

defenses are insufficient as a matter of law.  Because O'Brien's affirmative defenses do not meet

the applicable pleading standards, Prejean moves to strike under FRCP 12(f).

**2.   THE PLEADING STANDARDS.**

"An affirmative defense is subject to the same pleading requirements as is the

complaint."  *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  "A Defendant must

'plead an affirmative defense with enough specificity or factual particularity to give the plaintiff

'fair notice' of the defense that is being advanced."  *Rogers v. McDorman*, 521 F.3d 381, 385

(5th Cir. 2008) (quoting *Woodfield*, 193 F.3d at 362).  This requires pleading enough facts for the

affirmative defense to meet *Twombly's* "plausibility" standard.  *See, e.g., Tracy ex rel. v. NVR,*

**Exhibit 1**

*Inc.*, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009) (collecting cases);[1]  Thus, the standard

for striking an affirmative defense is the "mirror image" of the standard for dismissal for failure

to state a claim.  *See, e.g., Desperado Motor Racing & Motorcycles, Inc. v. Robinson*, 2010 WL

2757523, at *2 (S.D. Tex. July 13, 2010); *Doe v. Roman Catholic Diocese of Galveston-*

*Houston*, 2006 WL 2413721, at *2 (S.D.Tex. Aug 18, 2006) (citing cases).

In determining whether a pleading is sufficient, "all facts pleaded … must be taken as

true." *Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000).  However, "the tenet that a

court must accept as true all of the allegations contained in a [pleading] is inapplicable to legal

conclusions." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  It is the *factual* allegations that

matter; mere labels and conclusions, or a formulaic recitation of the elements, are insufficient.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  An affirmative defense "must be

dismissed for failure to state a claim if the [defendant] fails to plead 'enough facts to state a

claim to relief that is plausible on its face.'"  *Crumbley v. Gannon*, 2008 WL 2894828, at *2

(S.D. Tex. July 22, 2008) (*quoting Twombly*, 550 U.S. at 570).

An affirmative defense must also be legally sufficient.  *Kaiser Aluminium & Chemical*

*Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 459

U.S. 1105 (1983).  A defense is insufficient as a matter of law if the defendant's allegations –

even if true - would not constitute an affirmative defense.  *E.E.O.C. v. First Nat'l Bank of*

---

[1]      *Burns v. Dodeka, LLC*, 2010 WL 1903987, at *1 (N.D.Tex. May 11, 2010) (affirmative defenses must meet *Twombly*'s standard); *Sun Microsystems, Inc. v. Versata Enter., Inc.,* 630 F.Supp.2d 395, 404 (D.Del.2009) (same); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc*., 531 F.Supp.2d 620, 622 (S.D.N.Y.2008) (same); *Greenheck Fan Corp. v. Loren Cook Co*., 2008 WL 4443805, *1-2, report and recommendation adopted by 2008 WL 4756484 (W.D.Wis.2008) (same); *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'ns, Inc.,* 2008 WL 4391396, *1-2 (W.D.Tex.2008) (same); *United States v. Quadrini,* 2007 WL 4303213, *4-6 (E.D.Mich.2007) (same); *Home Mgmt. Solutions, Inc., v. Prescient, Inc.,* 2007 WL 2412834, *3 (S.D.Fla.2007) (same); *see also Dawes-Ordonez v. Forman,* 2009 WL 3273898, at *2 (S.D.Fla. Oct. 9, 2009) (same); *In re Mission Bay Ski & Bike, Inc.,* 2009 WL 2913438, *6 (Bkrtcy. N.D. Ill, Sep. 9, 2009) (same); *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *1 (S.D.Fla. July 31, 2009) (same);  *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, 2008 WL 2600016, at *2 (N.D.Tex. July 1, 2008) (same); *Safeco Ins. Co. of Am. v. O'Hara Corp.,* 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (same); *Holtzman v. B/E Aerospace, Inc.,* 2008 WL 2225668, at *2 (S.D.Fla. May 29, 2008) (same).

*Jackson*, 614 F. 2d 1004, 1008 (5th Cir. 1980).  "Where the defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim."  *Federal Deposit Ins. Corp. v. Eckert Seamans Cherin & Mellott*, 754 F.Supp. 22, 23 (E.D.N.Y.1990) (emphasis added).

**3.      SEVERAL OF O'BRIEN'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN.**

**A.      O'Brien's 'Good Faith' and 'Reliance on an Administrative Ruling' Defenses Contain No Factual Support.**

In its fourth and sixth and twelfth affirmative defenses, O'Brien's suggests its actions were undertaken in good faith and with reasonable grounds for believing the conduct did not violate the FLSA.  *See* Doc. 6663 at pp. 5-6, 7.  However, this is simply a recitation of the elements of a "good faith" defense under the FLSA.  *See, e.g.,* 29 U.S.C. § 260 (employer may avoid liquidated damages by showing it acted "in good faith and [with] reasonable grounds for believing that [its] act or omission was not a violation" of the FLSA); *Singer v. City of Waco, Texas,* 324 F.3d 813, 823 (5th Cir. 2003).  O'Brien's further alleges in its twelfth affirmative defense that its actions were "in conformity with and in reliance on written interpretationss of the FLSA promulgated by the Secretary of Labor, and Defendant therefore has a complete defense[.]"  *See* Doc. 6663 at p. 7.  This is another repeat of the statute, specifically Section 259 of the FLSA.  *See* 29 U.S.C. § 259.  Such "[t]hreadbare recitals of the elements of [an affirmative defense], supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S.Ct. at 1949 *quoting Twombly,* 550 U.S. at 555.

Even if O'Brien's were to have a valid defense based on good faith or reliance on an administrative ruling, it must know "the bases for [its] affirmative defenses that [it] relied on a regulation, order, ruling, approval, or interpretation of the Wage and Hour Division and that [it] acted in good faith."  *Tran v. Thai,* 2010 WL 723633, at *2 (S.D.Tex. March 1, 2010) (striking

defenses based on good faith and reliance on an administrative ruling in an FLSA case).

Nonetheless, O'Brien's does not identify any efforts it undertook to ascertain the FLSA's

requirements. *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 468 (5th Cir.1979) (good

faith requires an investigation into the FLSA's requirements). Nor does O'Brien's state how it

interpreted the FLSA, why its interpretation is reasonable or identify any administrative ruling

upon which it relied. *Singer,* 324 F.3d at 823. In sum, O'Brien's conclusory assertions of "good

faith" and "reliance on an admintrative ruling" are insufficient to make these defenses plausible.

*Tran,* 2010 WL 723633, at *2; *Iqbal,* 129 S.Ct. at 1949 (2009) (*quoting Twombly,* 550 U.S. at

555). O'Brien's must provide some factual basis for its defenses based on alleged "good faith"

and "reliance on an administrative ruling."

      **B.    Bald Assertions Like "Accord and Satisfaction" and "Waiver" Are Insufficient.**

      Simply naming "broad affirmative defenses" such as "accord and satisfaction," and

"waiver and/or release" etc. do not satisfy the requirements of Rule 8. *See, e.g.*, *Woodfield*, 193

F.3d at 362. "This method of pleading defenses is unacceptable and indeed was unacceptable

well before *Iqbal* and *Twombly*." *In re Mission Bay Ski & Bike, Inc.*, 2009 WL 2913438, at *6

(Bkrtcy.N.D.Ill. Sept. 9, 2009). Nonetheless, O'Brien's Answer is littered with factually

unsupported, bald assertions as summarized in the chart below:

| Name of Defense: | Number: |
| --- | --- |
| Unclean Hands | Thirteenth |
| Estoppel | Fourteenth |
| Ratification / Consent | Fifteenth |
| Waiver, Discharge, Abandonment | Sixteenth |
| Credit / Setoff | Seventeenth |

Uncompensable Time                    Eighteenth

Payments by Third Parties            Twenty-first

*See* Doc. 6663 at pp. 7-8.  Because none of these "affirmative defenses" contain *any* factual basis whatsoever, they do not provide Prejean with the fair notice required by Rule 8.

Defendants' failure to plead any facts supporting their "waiver," "discharge," "abandonment," "estoppel," "ratification" and "consent" defenses are particularly telling because these defenses are generally inapplicable to FLSA claims.  *See, e.g., Barrentine v. Arkansas-Best Freight System, Inc*., 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived"); *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 706 (FLSA does not permit employee to waive statutory wages and liquidated damages); *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *3 (S.D.Fla. July 31, 2009) (noting the "doctrines of waiver, estoppel, laches, and accord and satisfaction, however, are generally not applicable to FLSA claims" and striking those defenses) (citing cases).  Without any factual assertions suggesting how or why Plaintiffs' FLSA claims are barred, O'Brien's affirmative defenses fail to state a "plausible claim for relief."  Therefore, O'Brien's must provide some factual support for their affirmative defenses (or remove them).

**C.     O'Brien's Reservation of Rights Defense Is Insufficient.**

For a defense to be viable, it must "respond to the allegations of the complaint" and raise facts that would, if true, "vitiate plaintiff's claims."  *Ayers v. Consol. Constr. Servs. of SW Florida, Inc.,* 2007 WL 4181910, at *2 (M.D.Fla. Nov. 26, 2007) (striking reservation of right to demand attorney's fees).  Defenses must also be set forth in the pleadings. Fed. R. Civ. P. 8.  O'Brien's asserts, as an affirmative defense, that it "reserves the right to raise and assert such additional defenses once such additonal defenses have been ascertained." Doc. 6663 at p. 9.

O'Brien's reservation of rights clause is "insufficient as a matter of law" because it fails to respond to any of Prejean's claims or raise facts that negate them. *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr. Inc.*, 2008 WL 5157683 (N.D. Fla. Dec. 9, 2008). Accordingly, O'Brien's twenty-third affirmative defense to reserve the right to assert more defenses should be stricken.

4.      CONCLUSION.

        O'Brien's is required to plead in accordance with the standards set by the Supreme Court and the Fifth Circuit.  Because it failed to do so, O'Brien's first, forurth, sixth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, twenty-first, twenty-second and twenty-third affirmative defenses should be stricken.

                                        Respectfully submitted,

                                        BRUCKNER BURCH PLLC

                                                **/S/ David I. Moulton**
                                        By: _____
                                                David I. Moulton
                                                *Attorney-in-Charge for Plaintiffs*
                                                Texas Bar No. 24051093
                                                S.D. Tex. No. 608063
                                        8 Greenway Plaza, Suite 1500
                                        Houston, Texas 77002
                                        (713) 877-8788 - Telephone
                                        (713) 877-8065 - Facsimile
                                        dmoulton@brucknerburch.com

                         CERTIFICATE OF SERVICE

        I hereby certify that the above and foregoing Plaintiff's Memorandum in Support of Plaintiff's Motion to Strike Certain Affirmative Defenses Under Rule 12(f) has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF

System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of July, 2012.

**/s/ David I. Moulton**

_____

David I. Moulton