UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | JUDGE BARBIER MAG. JUDGE SHUSHAN |

## REPLY MEMORANDUM

**MAY IT PLEASE THE COURT:**

Tiger Rentals, Ltd., The Modern Group, Ltd. and The Modern Group, GP-SUB, Inc. (all hereinafter collectively referred to as Tiger Rentals) hereby submit this reply memorandum in support of Tiger Rentals' Motion for Summary Judgment.

Tiger Rentals hereby adopts the Joint Reply Memorandum submitted by the Clean-Up Responder Defendants which joint reply memorandum clearly makes the point that Clean-Up Responder Defendants, including Tiger Rentals, have derivative immunity and/or that the B3 claims against the Clean-Up Responder Defendants are impliedly preempted. There is just no doubt that the United States was in charge of the Clean-Up of the BP Oil Spill and there is no evidence that Tiger Rentals did anything other than what it was hired to do in connection with the Clean-Up.

In addition to derivative immunity and implied preemption, Tiger Rentals is plainly entitled to summary judgment based on the evidence before the court.

In support of its motion for summary judgment, Tiger Rentals submitted the attached

affidavit of Dan LeBlanc. The affidavit of Dan Leblanc sets forth what Tiger Rentals did in connection with the clean up of the BP Oil Spill and Dan LeBlanc sets forth that Tiger Rentals did what it was contracted to do in connection with the clean up and did not exceed or do something different than what it was contracted to do.

The opposition of the Plaintiffs to the motion for summary judgment of Tiger Rentals does not refute or even call into question the affidavit of Dan LeBlanc. No affidavit or deposition testimony or other evidence cast any doubt on the fact that Tiger Rentals acted properly and in accordance with what it was hired to do.

In addition to the affidavit of Dan LeBlanc, Tiger Rentals submitted a Statement of Material Facts as to Which There is No Genuine Issue to be Tried. See exhibit A attached hereto. Plaintiffs submitted a counter-statement of facts in response to Tiger Rentals' joint statement of undisputed material facts and Plaintiffs did not contest facts 1-9 and 11 and only contested facts 10 and 12. See exhibit B.

The Plaintiffs' contest of fact 10 is convoluted and makes reference to various responses. See exhibits C, D, E and F. In response to fact 10, plaintiffs say: "See Response to Joint SUMF 55." The Response to Joint SUMF 55 is attached hereto as exhibits C and D and exhibits C and D make no reference to Tiger Rentals.

Further, in response to fact 10, plaintiffs say: "See response to O'Brien's and NRC's SUMF 16." That response is attached as exhibit E and, once again, does not mention Tiger Rentals.

Finally, the response to fact 10 references Response to Joint SUMF 97 which is attached as exhibit F. Once again, exhibit F makes no mention of Tiger Rentals.

Once one navigates through the references set forth in exhibits C thru F, one still comes

up empty handed with regard to any genuine issue of material fact that would prevent a granting of the motion for summary judgment submitted by Tiger Rentals.

With regard to summary judgment, it is clear that: "If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. See Celotex, 477 U.S. 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial." See Hewitt v. American Pollution Control Corp., Civil Action No. 11-2051-J-5, May 31, 2012, copy of which is attached hereto as exhibit G.

Here, Tiger Rentals, thru the affidavit of Dan LeBlanc and the Statement of Uncontested Facts, has set forth what Tiger Rentals did in the clean up and the fact that it did precisely what it was hired to do and did it properly. The most Plaintiffs have done in their opposition to refute the affidavit of Dan LeBlanc and the Tiger Rentals' Statement of Uncontested Facts is to assert that maybe, someday, discovery might show that Tiger Rentals did something improperly. This is not enough to defeat Tiger Rentals Motion for Summary Judgment and, indeed, Tiger Rentals acted properly in all respects and did exactly what it was hired to do and is thus entitled to summary judgment on the merits as well as because it is immune and the claims against it are preempted.

Respectfully submitted,

/s/ John E. Galloway
John E. Galloway (#5892)
jgalloway@gjtbs.com
Cherrell R. Simms (#28227)
csimms@gjtbs.com

OF COUNSEL:

**GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH**
701 POYDRAS STREET, SUITE 4040
New Orleans, Louisiana 70139
Telephone: (504) 525-6802
Facsimile: (504) 525-2456

*Attorneys for Tiger Rentals, Ltd., The Modern Group, Ltd., and The Modern Group, GP-SUB, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of July 2012.

/s/ John E. Galloway
John E. Galloway