40.        *See* Response to ¶ 13.

41.—45.    Uncontested.

46.        *See* Response to ¶ 4.

47.—49.    *See* Response to ¶ 13.

50.—51.    Uncontested.

52.—54.    *See* Response to ¶ 13. Furthermore, to the extent Defendants are asserting, as a matter of fact, that Incident Action Plans were produced and signed each day of the response, they are referring to facts unavailable to Plaintiffs and Plaintiffs object pursuant to Federal Rule of 56(d) and request the opportunity to discover facts relevant to Defendants' assertions. In addition, Plaintiffs further object to the admission of Incident Action Reports at summary judgment under Federal Rule of Evidence 801 and 901.

55.        *See* Response to ¶ 13. Furthermore, Plaintiffs contest the assertion that the United States authorized and/or directed all spill response activities. The record is replete with response actions that contravene government regulations and operating protocol and there is no evidence that the government authorized conduct that contravened its own protocol. For example:

•     Multiple individuals who were on or near the shoreline were sprayed with chemical dispersant from planes flying overhead. *See* Declarations of Dwayne Hawkins-Lodge, dated June 8, 2012 ("Hawkins Decl."); Declaration of Warren Jones, dated June 12, 2012 ("Jones Decl."); and Declaration of Terry Joe Carter, dated June 12, 2012 ("Carter Decl."). Government protocol prohibited the application of dispersant within three miles of the shoreline. *See* Joint SUMF ¶¶ 9-11.



- Two individuals testified that dispersant planes were flying night missions. *See* Affidavit of Ronnie Anderson, dated May 29, 2011 ("Anderson Aff."); Affidavit of John M. Wunstell, Jr., dated May 29, 2011 ("Wunstell Aff."). Government protocol prohibited spraying dispersant outside of daylight hours. *See* Joint SUMF ¶¶ 9-11.

- One individual testified that a dispersant plane applied dispersant over top an in-situ burn site while he was working. *See* Anderson Aff. *See* MSRC Local Rule 56.1 Statement of Facts ¶ 22.]

56.      *See* Response to ¶ 13.

57.—61.    Uncontested.

62.      *See* Response to ¶ 13.

63.      Contested. The document upon which Defendants rely does not support the assertion contained in Paragraph 63. It is, rather, a map whose significance is unclear from the face of the document. Plaintiffs further objected pursuant to Federal Rule of Evidence 801 and 901.

64.      Uncontested.

65.      *See* Response to ¶ 13.

66.      Contested. The document Defendants rely upon for this assertion is hearsay and, possibly double hearsay. Plaintiffs object under Rule 801, Rule 805, and Rule 901.

67.—68.    *See* Response to ¶ 13.

69.      *See* Response to ¶ 4.

70.—71.    Uncontested.

72.      *See* Response to ¶ 13.

73.      Uncontested.