13. For the reason set forth in Plaintiffs' Memorandum in Opposition to Defendants' Motions for Summary Judgment, Plaintiffs object to any point of fact based upon a joint stipulation entered with the Federal Government. Such stipulations are inequitable in light of the limited discovery, and the inability of Plaintiffs to test the veracity of the stipulations by deposing government witnesses. *See In re Durability Inc. v. Sovereign Life Ins. Co. of Cal.*, 212 F.3d 551 (10th Cir. 2000).

14.—18. Uncontested.

19.—25. *See* Response to ¶ 13.

26. Uncontested.

27. Contested to the extent Defendants are asserting that the FOSC did, in fact, approve of every action. There is evidence to the contrary. *See* Ex. 1 – National Commission on the BP Deepwater Horizon Oil Spill and Offshore Drilling, *Decision-Making Within the Unified Command*, Staff Working Paper No. 2, at 12 (Jan. 11, 2011) (explaining that many government officers reported to BP personnel). BP personnel exercised a broad range of decision-making authority, both by design and in practice. *See* Ex. 2 – Excerpts from the Deposition Transcript of Bob Pfannstiel, December 2, 2011, at 86:3-4 (hereinafter "Pfannstiel Dep."); Ex. 3 – Excerpts from the Rule 30(b)(6) Deposition Transcript of Edmond Thompson, December 12-13, 2011, at 100:22-101:8 (hereinafter "Thompson 30(b)(6) Dep.").

28.—29. *See* Response to ¶ 13.

30.—34. Uncontested.

35. *See* Response to ¶ 13.

36.—39. Uncontested.


EXHIBIT D