1.—3.   Uncontested.

4.   Uncontested. However, Plaintiffs note that there is evidence that O'Brien's exceeded the government's authority. An O'Brien's employee administered safety training for VoO participants in and around Houma that did not comport with OSHA standards. *See* Response to Joint SUMF ¶ 91, *supra*. Furthermore, at least one clean-up worker testified that due to a shortage, an O'Brien's supervisor ordered workers to clean oil without any of the required personal protective equipment. *See* Declaration of Victor Carias, dated June 11, 2012 ("Carias Decl.").

5.—7.   Uncontested.

8.   Uncontested only as a general statement regarding the structure of the spill response.

9.   Uncontested.

10.   Contested. *See* Response to Joint SUMF ¶¶ 55, 91, *supra*; *see* Response to O'Brien's SUMF ¶ 4.

11.—14.   Uncontested.

15.   Uncontested only as a general statement regarding the structure of the spill response.

16.   Contested. *See* Response to Joint SUMF ¶¶ 55. Furthermore, by its own admission, NRC was involved in vessel decontamination, an area that was plagued with coordination problems. VoO participants were told their vessels were clean when they visibly were not. Ex. 11 – Excerpts of Deposition Transcript of Hoi Nguyen, October 6, 2011, at 68:13-69:16. BP's Branch Director of Logistics for the Mobile ICP acknowledged that vessels were not decontaminated promptly. *See* Ex. 12 – Excerpts of


EXHIBIT E