fact that at least some deployment sites were given no guidance on how to train or monitor workers for safety. *See* Ex. 5 – Excerpts from the Deposition Transcript of Edmond Thompson in his Individual Capacity, December 13, 2011, at 80:19-87:13.

92.—96.   Uncontested.

97.   Uncontested. Plaintiffs, however, note that calling respirators "the protection of last resort" does not mean their use was not recommended for specific projects. *See* Ex. 8 – On-Shore PPE Matrix for Gulf Operations, promulgated by OSHA (requiring respirators under certain conditions). Multiple clean-up workers testified that they were never provided respirators, notwithstanding the presence of oil or gasoline-like odors in the air. *See, e.g.*, Declaration of Kirk Edwards, dated June 12, 2012 ("Edwards Decl."); Declaration of William Gill, dated June 9, 2012 ("Gill Decl."); Declaration of Brandon Scott, dated June 8, 2012 ("Scott Decl."). Furthermore, Ronnie Anderson and John Wunstell were both stationed at an in-situ burn site near the still-flowing Macondo well; neither were given any protective masks or respirators. *See* Anderson Aff; Wunstell Aff. Wunstell became so sick from the fumes and smoke that he was airlifted to West Jefferson Medical Center for emergency treatment. *See* Wunstell Aff.

98.—103.   Uncontested.

104.—07.   *See* Response ¶ 4.

108.   Contested. Plaintiffs object under Federal Rule of Evidence 801 to Suttles' reference to "phrases" and things that he heard while staffing Unified Command.

109.   Uncontested.

110.   *See* Response ¶ 4.

II.   **PLAINTIFFS' LOCAL RULE 56.2 COUNTER-STATEMENT OF FACTS IN RESPONSE TO O'BRIEN'S AND NRC'S JOINT STATEMENT OF UNDISPUTED OF MATERIAL FACTS**


EXHIBIT F