UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | JUDGE BARBIER |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | MAG. JUDGE SHUSHAN |

**LYNDEN, INC.'S REPLY MEMORANDUM IN SUPPORT OF LYNDEN, INC.'S MOTION FOR SUMMARY JUDGMENT ON DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS**

Lynden, Inc., joined with the other so-named Clean-Up Responder Defendants to move for summary judgment. [R. 6535.] In addition to joining with the other moving defendants, Lynden, Inc., filed a short separate motion for summary judgment and a memorandum in support [R. 6553]. Responding, plaintiffs filed an "Omnibus Memorandum in Opposition to Defendants' Motions for Summary Judgment on Derivative Immunity and Preemption Grounds" [R. 6691-2] in which starting at page 42 plaintiffs advance arguments unique to Lynden, Inc. Lynden, Inc. has joined in co-defendants' Joint Reply, but submits this short separate reply memorandum to address the specific arguments plaintiffs direct toward Lynden, Inc.

As set forth below, this Court should grant Lynden, Inc., summary judgment, deny plaintiffs' request for an extension of time within which to take jurisdictional discovery of Lynden, Inc., and deny plaintiffs' request to amend the B3 Complaint to add Lynden Air Cargo, LLC as a party defendant.

1

I.  PLAINTIFFS HAVE LONG-KNOWN LYNDEN, INC. WAS NOT A RESPONDER DEFENDANT AND THEY IGNORED THE OPPORTUNITY THIS COURT GRANTED THEM TO CORRECT THEIR ERROR

In their Original B3 Bundle Master Complaint [R. 881], plaintiffs sued Lynden, Inc., not Lynden Air Cargo, LLC:

> Defendant Lynden, Inc. is a Washington Corporation with its principal place of business in Seattle, Washington, which at all times was doing business in the State of Louisiana by virtue of its 100 percent ownership interest in Lynden Air Cargo, LLC, an Alaska limited liability company with its principal place of business in Seattle, Washington, which at all pertinent times was doing business in the State of Louisiana (collectively, "Lynden"). Lynden participated in the post-explosion Oil Spill remediation and response efforts.

*See* Master Complaint (B3 Bundle), ¶ 57.

Lynden, Inc.'s correspondence to plaintiffs and its earlier-filed Motion to Dismiss for Lack of Personal Jurisdiction [R. 1399], establish that Lynden, Inc. did not participate in the BP oil spill clean-up as a responder or as anything else. Instead, Lynden, Inc. told plaintiffs that a subsidiary of Lynden, Inc. – Lynden Air Cargo, LLC – "participated in spill response operations and provided planes and crews used to spray dispersants." *See* Mem. [R. 1399-1, p. 2.] Rather than substitute Lynden Air Cargo, LLC for Lynden, Inc. and serve Lynden Air Cargo, LLC, plaintiff made a mere stylistic change to their allegation against Lynden, Inc. in their "First Amended Master Complaint."

Considering various defendants' earlier motions for summary judgment and/or motions to dismiss (including Lynden, Inc.'s motion to dismiss), this Court entered an "Order and Reasons [As to Motions to Dismiss the B3 Master Complaint]" on September 30, 2011, as amended October 4, 2011 [R. 4159.][1]  As to Lynden, Inc.'s motion to dismiss, this Court said:

---

[1] This Court's Order is reported in WESTLAW as *In re Oil Spill by the Oil Rig "Deepwater Horizon,"* 2011 WL 4575696.

> The Court defers ruling on Lynden, Inc.'s Rule 12(b)(2) Motion; Plaintiffs may engage in limited jurisdictional discovery pursuant to Pretrial Order 11, para. IV(B)(Rec. Doc. 569) . . . .

*See* "Order and Reasons," p. 24, ¶ 10 [R. 4159]; 2011 WL 4575696, * 12.

Plaintiffs acknowledge "they never conducted such discovery" as the Court had allowed, *see* Plf. Mem., p. 43 [R. 6691-2], notwithstanding the specific time deadlines imposed by Pretrial Order 11 and by other orders this Court and Magistrate Judge Shushan issued – *usually after consultation with plaintiffs' and defendants' respective counsel*.

Plaintiffs excuse their failure to conduct limited discovery and their disregard of Court-imposed deadlines by explaining they "made the strategic decision in February 2012 to dismiss Lynden, Inc. from this case without prejudice," *id*., but which motion defendants opposed and this Court denied. Plaintiffs' unconvincing argument fails to explain why plaintiffs did not direct jurisdictional discovery to Lynden, Inc. between this Court's September 2011 Order and February 2012 when plaintiffs made their "strategic decision" to move to dismiss Lynden, Inc. and other defendants without prejudice. Regardless, because their supposed strategy did not work, plaintiffs ask this Court to extend the time by which they can conduct limited jurisdictional discovery or ask this Court for leave to amend to add Lynden Air Cargo, LLC as a party defendant. Both requests should be denied.

A.   *The time to take jurisdictional discovery is long past and would be pointless*

The time for taking the limited jurisdictional discovery this Court permitted is not only long past but would be a waste of time. Lynden, Inc. has now twice briefed the law and the facts – with supporting exhibits and sworn Declarations – to demonstrate defendant Lynden, Inc. and non-defendant Lynden Air Cargo, LLC are *not* alter egos of each other and are *not* operated as a "single business enterprise." These same pleadings, sworn Declarations and exhibits also establish beyond peradventure that Lynden, Inc. did not respond to or participate in any post-BP

oil spill clean-up or remediation efforts.

Lynden, Inc. abided by this Court's orders and deadlines; plaintiffs did not. To unravel those orders and deadlines to excuse plaintiffs from their purposeful failure to abide would be unfair to Lynden, Inc. which, at this juncture, is entitled to an Order, dismissing it from this litigation.

### B. Leave to Amend to add Lynden Air Cargo, LLC should be denied

Plaintiffs alternatively ask this Court to grant them leave to amend the B3 Master Complaint to add Lynden Air Cargo, LLC as a new defendant. Plaintiffs' request to add Lynden Air Cargo, LLC should be denied because plaintiffs have not argued or shown the "good cause" required under F.R.Civ.P. 16 which now governs motions to amend.

In arguing for leave to amend, plaintiffs cite *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962). But plaintiffs' reliance upon *Foman* is misplaced. *Foman* addressed the standard governing motions for leave to amend under F.R.Civ.P. 15(a), specifically noting leave should "be freely given when justice so requires" under Rule 15. But plaintiffs' request for leave is not governed by the liberal standard of Rule 15, but instead is governed by the standard of Rule 16.

Once this Court entered scheduling orders to control this litigation, the liberal policy favoring amendments of pleadings under Rule 15 no longer apply. Subsequent amendments are not allowed without a request first to modify the scheduling orders and at that point any modification must be based upon a showing of "good cause" pursuant to Rule 16. *Henry's Marine Service, Inc. v. Fireman's Fund Ins. Co.*, 193 Fed.Appx. 267, 275 (5th Cir. 2006); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). After the expiration of the pleading deadline, the "more liberal standard of Rule 15(a) appl[ies]" only if the movant demonstrates good cause for the modification of the schedule. *Id*. Owing to "the

importance of the pre-trial order in achieving efficacy and expeditiousness upon trial in the district court, appellate courts are hesitant to interfere with the court's discretion in creating, enforcing, and modifying such orders." *See also O'Connell v. Hyatt Hotels of Puerto Rico*, 357 F.3d 152, 154-55 (1st Cir. 2004)("good cause" standard of Rule 16(b) is "more stringent" than standard of Rule 15(a); bad faith and unfair prejudice considerations of Rule 15 may still be considered, but Rule 16 emphasizes evaluating a party's diligence in seeking the amendment); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004)(". . . once a scheduling order is in place, the liberal default rule [Rule 15] is replaced by the more demanding 'good cause' standard of Fed.R.Civ.P. 16(b)"); *Peresypa v. Jimmy Peak Mountain Resort, Inc.*, 653 F.Supp.2d 131, 135 (D. Mass. 2009)(same); *In re Graphics Processing Units Antitrust Litigation*, 540 F.2d 1085 (N.D.Cal. 2007). Nothing plaintiffs offer in their "Omnibus Memorandum" suffices as "good cause" to amend this Court's numerous scheduling orders and deadlines and to add, belatedly, Lynden Air Cargo, LLC as a defendant in this two year-old complex litigation.[2]

Furthermore, to permit plaintiffs at this very late date to add Lynden Air Cargo, LLC as a party defendant would severely prejudice Lynden Air Cargo, LLC and upend this Court's work in managing this complex litigation. Lynden Air Cargo, LLC has not been sued or served in this litigation; participated in this litigation; has not gathered, let alone produced any documents; and has not been privy to or participated in any discovery, depositions, hearings, conferences or meetings with the Court. Allowing plaintiffs to add Lynden Air Cargo, LLC to this litigation

---

[2] Even if the more liberal standard of Rule 15 governed plaintiffs' request, this Court would be justified in denying plaintiffs' request for leave to amend. In deciding whether to grant leave to amend under F.R.Civ.P. 15, the Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *See, e.g., In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir.1993).

now would – insofar as Lynden Air Cargo, LLC is concerned – restart discovery and require the Court to redo many scheduling deadlines anew.

Plaintiffs knew all along they had not sued Lynden Air Cargo, LLC, which company Lynden, Inc. identified as one that had "participated in spill response operations and provided planes and crews used to spray dispersants." Plaintiffs ignored Lynden, Inc., ignored this Court's deadlines, and do not show "good cause" under Rule 16, a necessary showing before plaintiffs can add a new party defendant, Lynden Air Cargo, LLC, to this litigation. Instead, to allow plaintiffs to make Lynden Air Cargo, LLC a defendant would be extremely prejudicial to both Lynden Air Cargo, LLC and to this Court's efficient management of this complicated, multiparty, and complex case.[3]

## II.   CONCLUSION

In sum, Lynden, Inc. asks this Court to deny plaintiffs' request to extend long-expired deadlines within which to take limited jurisdictional discovery and to deny plaintiffs' request to add Lynden Air Cargo, LLC as a new party defendant. Additionally, for the reasons set forth here, in Lynden, Inc's separate motion to dismiss, and for the reasons contained in the Joint

---

[3] While Lynden, Inc. urges the Court to reject plaintiffs' request, if the Court were to permit plaintiff to modify this Court's scheduling orders and to amend the Master B3 Complaint to add Lynden Air Cargo, LLC as a new party defendant in place of Lynden, Inc., then Lynden, Inc. asks this Court to require plaintiffs to reimburse Lynden, Inc. the fees and costs it expended in this litigation where – from the outset – Lynden, Inc. told plaintiffs it did not respond or participate in any post BP oil spill clean up efforts. This Court enjoys the discretion to condition amendment of the pleadings upon plaintiffs' reimbursing Lynden, Inc. such costs and expenses. *See, e.g., General Signal Corporation v. MCI Telecommunications Corporation*, 66 F.3d 1500, 1514 (9th Cir. 1995)(court may impose costs as a condition of granting leave to amend to compensation the opposing party for additional costs incurred because the original pleading was faulty); *Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 275 (9th Cir. 1965); *see also Local 783, Allied Industrial Workers of America v. General Electric Co.*, 471 F.2d 751, 756 (6th Cir.)(costs may be imposed as condition of leave to amend to avoid prejudice to the opposing party), *cert. denied*, 414 U.S. 822, 94 S.Ct. 120 (1973); *Cemar, Inc. v. Nissan Motor Corp.*, 678 F.Supp. 1091, 1106 (D.Del.1988); *Etablissements Neyrpic v. Elmer C. Gardner, Inc.*, 175 F.Supp. 335, 358 (S.D. Tex. 1959).

Memorandum and the Joint Reply Memorandum the Clean-Up Responder Defendants submitted, Lynden, Inc. respectfully requests this Court to grant Lynden, Inc. summary judgment and dismiss plaintiffs' claims against it with prejudice.

Respectfully submitted,

s/*Kevin R. Tully*

**KEVIN R. TULLY - BAR #1627**
**H. CARTER MARSHALL - BAR #28136**
**CHRISTOVICH & KEARNEY, LLP**
Suite 2300
Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130-6078
Telephone: (504) 561-5700
Attorneys for Lynden, Inc.

# CERTIFICATE

I hereby certify that the above and foregoing Reply Memorandum in Support of Lynden, Inc.'s Motion for Summary Judgment on Derivative Immunity and Preemption Grounds has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of July 2012.

s/*Kevin R. Tully*
KEVIN R. TULLY
H. CARTER MARSHALL