**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| THIS DOCUMENT RELATES TO: | |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | JUDGE BARBIER |
| | MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . .   . . . . . . . . . . . . . . . . . . . . . .

**O'BRIEN'S RESPONSE MANAGEMENT INC. AND NATIONAL
RESPONSE CORPORATION'S REPLY MEMORANDUM IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT
ON DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS**

O'Brien's Response Management Inc. ("O'Brien's") and National Response Corporation ("NRC") respectfully submit this Reply Memorandum in further support of their Motion for Summary Judgment on Derivative Immunity and Preemption Grounds (Rec. Doc. 6536) to supplement the Joint Reply Memorandum submitted by the Clean-Up Responder Defendants (which is hereby incorporated in its entirety by reference). As further explained below, the Plaintiffs' Steering Committee ("PSC") has failed to raise a genuine issue of fact material to O'Brien's and NRC's motion. Accordingly, O'Brien's and NRC request that the Court grant their motion and dismiss all remaining claims against them with prejudice.

## ARGUMENT

As set forth in the Joint Reply Memorandum filed by the Clean-Up Responder Defendants, the PSC has failed to raise any genuine issues of fact material to the issues of derivative immunity and implied preemption vis-à-vis any Clean-Up Responder Defendant, including O'Brien's and NRC. Indeed, the PSC has not put forward any competent evidence to dispute the evidence and stipulations jointly submitted by the Clean-Up Responder Defendants that demonstrate that the United States authorized and directed all of the Clean-Up Responder Defendants' actions, including those of O'Brien's and NRC, during the DEEPWATER HORIZON response operations and that no Clean-Up Responder Defendant violated any instruction or directive from the United States.

Moreover, in their Response to Defendants' Statements of Fact ("PSC RDSF") (Rec. Doc. 6696-1), the PSC does not dispute the overwhelming majority of the facts set forth in O'Brien's and NRC's individual Statement of Undisputed Material Facts ("O'Brien's/NRC SUMF") (Rec. Doc. 6536-2). Accordingly, because the PSC has not controverted the following material facts, they are deemed admitted pursuant to Local Civil Rule 56.2:

- O'Brien's is largely a shore-based organization that provides emergency preparedness and response management services to its clients in a variety of industries, including the oil and energy industries. O'Brien's/NRC SUMF ¶ 1.

- NRC is a classified oil spill removal organization pursuant to the United States Coast Guard's Oil Spill Removal Organization program and maintains certain mandatory equipment (such as containment booms and other oil-skimming equipment) and trained personnel to operate that equipment. O'Brien's/NRC SUMF ¶ 2.

- In the hours immediately following the explosion on the DEEPWATER HORIZON on April 20, 2010, both O'Brien's and NRC were mobilized to assist with the unfolding disaster. O'Brien's/NRC SUMF ¶ 3.

- Throughout the federal government's unprecedented response to this Spill of National Significance, O'Brien's, NRC, and the companies' employees were subject to the ultimate authority and direction of the federal government within the Incident Command System ("ICS"), the command and control organizational structure and management process used by the United States Department of Homeland Security to execute the oil spill response efforts. O'Brien's/NRC SUMF ¶ 4.

- During the course of the response, O'Brien's employees filled various positions at the Unified Area Command ("UAC") headquarters and at the five Incident Command Posts ("ICPs") established by the United States Coast Guard. O'Brien's/NRC SUMF ¶ 5.

- Unlike various other Clean-Up Responder Defendants, O'Brien's did not provide any physical response resources—such as vessels, boom, skimming equipment, aircraft, or dispersant chemicals—during the response. O'Brien's/NRC SUMF ¶ 6.

- O'Brien's employees participated in the clean-up operations (including the aerial dispersant and *in situ* burning operations) in accordance with their positions within the ICS. O'Brien's/NRC SUMF ¶ 7.

- In all of these positions, O'Brien's and its employees acted under the leadership and at the direction of the FOSC (the federal official designated to direct the response to the DEEPWATER HORIZON oil spill), the FOSC's representatives ("FOSCRs"), and/or other federal officials. O'Brien's/NRC SUMF ¶ 8.

- At no time during the DEEPWATER HORIZON response was O'Brien's involved with any sub-sea dispersant operations. O'Brien's/NRC SUMF ¶ 9.

- NRC was called upon to mobilize its equipment and personnel to assist with various aspects of the DEEPWATER HORIZON response efforts, as directed by the UAC. O'Brien's/NRC SUMF ¶ 11.

- NRC equipment and personnel were involved with the skimming, booming, onshore clean-up, vessel decontamination, and dispersant operations conducted out of certain of the ICPs.  O'Brien's/NRC SUMF ¶ 12.

- At no time during the DEEPWATER HORIZON response was NRC involved with any sub-sea dispersant operations or *in situ* burning operations.  O'Brien's/NRC SUMF ¶ 13.

- Several NRC employees also filled various positions within the ICS and provided support to the FOSCRs and other officials occupying positions in the incident command structure.  O'Brien's/NRC SUMF ¶ 14.

- In all of these positions, NRC and its employees acted under the leadership and at the direction of the FOSC, the FOSCRs, and/or other federal officials.   O'Brien's/NRC SUMF ¶ 15.

The only facts set forth by O'Brien's and NRC that the PSC does attempt to contest are that O'Brien's, NRC, and their employees "complied with all governmental directives and authorizations relating their functions and operations and did not exceed those directives and authorizations."  *See* O'Brien's/NRC SUMF ¶¶ 10, 16; PSC RDSF at pg. 8 (¶¶ 10, 16).   In addition, although the PSC responds to the above bulleted list of facts by saying "uncontested," the PSC attempts to supplement several of their "uncontested" responses presumably in an effort to create issues of fact.  *See* PSC RDSF at p. 8 (¶¶ 4, 8, 15).   All such efforts by the PSC to dispute such facts have been separately addressed in the Joint Reply, however, which O'Brien's and NRC incorporate by reference.   In short, none of the PSC's purported "facts" dispute the dispositive facts that the United States authorized and directed all of O'Brien's and NRC's actions during the DEEPWATER HORIZON response operations and neither O'Brien's nor NRC violated any instruction or directive from the federal government.  Accordingly, because the PSC fails to raise a genuine issue of material fact regarding O'Brien's and NRC's entitlement to derivative immunity and a finding of implied preemption, O'Brien's and NRC respectfully request that the Court grant their motion for summary judgment and dismiss all remaining claims against them with prejudice.

Dated: July 6, 2012

Respectfully submitted,

/s/ Michael J. Lyle
Michael J. Lyle (DC #475078, IL #6199227)
Eric C. Lyttle (DC Bar #482856)
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 682-7157
Facsimile: (202) 857-0940

Theodore E. Tsekerides (NY #2609642)
Jeremy T. Grabill (NY #4501755)
Sylvia E. Simson (NY #4803342)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York  10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

Patrick E. O'Keefe (LA Bar #10186)
Philip S. Brooks, Jr. (LA Bar #21501)
MONTGOMERY, BARNETT, BROWN, REED,
     HAMMOND & MINTZ, LLP
3300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3300
Telephone: (504) 585-3200
Facsimile: (504) 585-7688

*Attorneys for O'Brien's Response Management Inc.
and National Response Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing O'Brien's Response Management Inc. and National Response Corporation's Reply Memorandum in Support of Their Motion for Summary Judgment on Derivative Immunity and Preemption Grounds has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of July, 2012.

/s/ Michael J. Lyle
Michael J. Lyle