**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| IN RE:   OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : : : : : : : | MDL NO. 2179 |
| THIS DOCUMENT RELATES TO: | : : : | SECTION: J |
| *ALL CASES IN PLEADING BUNDLE SECTION III.B(3)* | : : : : | JUDGE BARBIER MAG. JUDGE SHUSHAN |

. . . . . . . . . . . . . . . . . . . . . . . . . . .   .   . . . . . . . . . . . . . . . . . . . . .

**MEMORANDUM IN REPLY TO PLAINTIFF STEERING COMMITTEE'S OMNIBUS
MEMORANDUM IN OPPOSITION AND IN SUPPORT OF DYNAMIC AVIATION
GROUP, INC.'S MOTION FOR SUMMARY JUDGMENT
<u>ON DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS</u>**

MAY IT PLEASE THE COURT:

Dynamic Aviation Group, Inc. ("Dynamic") respectfully submits this Reply Memorandum in Support of its Motion for Summary Judgment on Derivative Immunity and Preemption Grounds, and in reply to the Plaintiff Steering Committee's Omnibus Memorandum in Opposition to the Motion for Summary Judgment previously filed by Dynamic. This reply is also intended to supplement the Clean-up Responder Defendants' Joint Reply Memorandum in Support of their Individual Motions for Summary Judgment, which is hereby incorporated by reference in its entirety. Dynamic prays for a dismissal with prejudice of all remaining claims that have been asserted against it in the First Amended Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 1812) (hereinafter the "B3 Bundle Master Complaint").[1]

---

[1]  As set forth in the Joint Memorandum filed by the Clean-Up Responder Defendants, following the Court's ruling on the motions to dismiss filed by certain of the Clean-Up Responder Defendants, only two causes of action in the B3 Bundle Master Complaint remain against Dynamic:  (i) Negligence (Third Claim for Relief - ¶¶ 240-49) and (ii) Gross Negligence (Fourth Claim for Relief - ¶¶ 250-57).

Dynamic now renews its derivative immunity and implied preemption arguments, and will briefly point out to the Court how none of Dynamic's arguments have been refuted by the Plaintiffs Steering Committee (PSC).  As has been previously set forth, the indisputable (and undisputed) facts presented by Dynamic and the other Clean-Up Responder Defendants demonstrate that the federal government was in charge of the response to the DEEPWATER HORIZON oil spill, that the federal government validly conferred authority upon Dynamic to conduct response operations, and that Dynamic never exceeded the scope of that authority during their efforts to assist with the response.  As a result, Dynamic is entitled to derivative immunity under the Clean Water Act ("CWA") and/or the Federal Tort Claims Act ("FTCA").  Alternatively, the claims in the B3 Bundle Master Complaint against Dynamic are barred by the doctrine of implied conflict preemption.

## <u>LAW</u>

## I.   **DYNAMIC HAS DERIVATIVE CLEAN WATER ACT IMMUNITY**

The Responder Defendant and the United States, pursuant to Court Order, did engage in discovery directed to the issues presented in Dynamic's motion.[2]  Because the "limited B3 discovery" has confirmed that Dynamic performed the actions that are the subject of the B3 Bundle Master Complaint pursuant to the authorization, direction, and ultimate control of the federal government, Dynamic must share in the federal government's broad immunity for such actions under the CWA.[3]  Plaintiffs have not and will not be able to demonstrate that Dynamic was acting pursuant the authority and direction of any entity other than the federal government.

---

[2] Unlike the PSC, which chose not to participate in that discovery process.

[3] *See* 33 U.S.C. § 1321(j)(8) ("The United States Government is not liable for any damages arising from its actions or omissions relating to any response plan required by this section.").

2

Indeed, the CWA provides absolute immunity to the federal government in connection with oil spill response efforts and, to protect the unique federal interests over this area of significant national concern, Dynamic must share in such immunity.  Consequently, this Court should grant summary judgment to Dynamic and dismiss all of the remaining claims against Dynamic in the B3 Bundle Master Complaint, with prejudice.

Private entities such as Dynamic are entitled to derivative federal immunity when they perform work pursuant to the authorization and direction of the federal government, and the acts of which Plaintiffs and the PSC complain fall within the scope of those government directives.[4] As explained in the Joint Memorandum filed by the Clean-Up Responder Defendants, there can be no doubt that the federal government was exercising legitimate authority in directing the response to the DEEPWATER HORIZON oil spill.  And as set forth above, throughout the federal government's unprecedented response to this Spill of National Significance, Dynamic and its employees were subject to the ultimate authority and direction of the federal government within the ICS and did not exceed or disobey the government's directives at any time.  Thus, Dynamic is entitled to share derivatively in the federal government's absolute immunity under the CWA and should be granted summary judgment.

## II.     ALTERNATIVELY, DYNAMIC HAS DERIVATIVE DISCRETIONARY FUNCTION IMMUNITY UNDER THE FEDERAL TORT CLAIMS ACT

For essentially the same reasons, though the Court need not reach the issue, Dynamic is also entitled to derivative discretionary function immunity under the Federal Tort Claims

---

[4] *See Yearsley v. W.A. Ross Construction,* 309 U.S. 18, 20-21 (1940); *Ackerson v. Bean Dredging, LLC,* 589 F.3d 196, 206-07 (5th Cir. 2009).

Act ("FTCA").[5]  As explained in the Joint Memorandum filed by the Clean-Up Responders, the general principles of *Yearsley* govern the issue of private entities' entitlement to derivative discretionary function immunity.[6]  Moreover, as further explained in the Joint Memorandum filed by the Clean-Up Responder Defendants, there can be no doubt that the federal government would enjoy discretionary function immunity for its actions in responding to the DEEPWATER HORIZON oil spill.  Thus, because it is indisputable that the federal government validly conferred authority upon Dynamic during the response, and because it is undisputed that Dynamic never exceeded that authority, Dynamic should also be granted summary judgment because it is entitled to derivative discretionary function immunity under the FTCA.

### III.   ALTERNATIVELY, THE CLAIMS AGAINST DYNAMIC IN THE B3 BUNDLE MASTER COMPLAINT ARE PREEMPTED

Although the Court need not reach this issue to grant Dynamic's motion for summary judgment, the remaining claims in the B3 Bundle Master Complaint are also subject to dismissal in accordance with the doctrine of implied conflict preemption under the unique circumstances of this case.  As explained in the Joint Memorandum submitted by the Clean-Up Responder Defendants, the claims asserted against Dynamic in the B3 Bundle Master Complaint conflict with the comprehensive federal response scheme set forth in the CWA, OPA, and the NCP, because Dynamic was compelled by federal law to obey the daily directives issued by the FOSC and/or the FOSC's representative(s) in responding to the DEEPWATER HORIZON spill

---

[5]  *See* 28 U.S.C. § 2680(a) (barring claims against the federal government "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused"); *Hix v. United States Army Corp of Engineers,* 155 Fed. App'x 121, 125 (5th Cir. 2005) (recognizing that discretionary function immunity "also extends to contractors who work to implement programs as agents of the federal government").

[6]  *See Chesney v. Tennessee Valley Authority,* 782 F. Supp. 2d 570, 581-82 (E.D. Tenn. 2011).

4

the only spill ever to be designated a Spill of National Significance.  Accordingly, Dynamic is entitled to summary judgment and such claims should be dismissed pursuant to the doctrine of implied conflict preemption.

## **ARGUMENT**

Dynamic will not bore the Court or any reader with yet another recitation of the factual background, of which the Court is well aware, but rather will proceed directly to its argument.  In support of its Motion for Summary Judgment (Rec. Doc. 6551), Dynamic presented the un-contradicted affidavit of John Giberson, Dynamic's Base Manager at the Stennis Airport. Giberson's affidavit (Rec. Doc. 6551-2), along with the Joint Stipulations reached with the United States of America, conclusively established what Dynamic was contracted to do in connection with the response, and what Dynamic did in connection with the response. Giberson's affidavit and the United States' stipulations also established that Dynamic did not exceed the authority it was granted by the United States through the Unified Command, and that Dynamic did what it was instructed to do during the response.  Because the material facts contained in Giberson's affidavit were not controverted by the PSC, they are deemed admitted pursuant to Local Rule 56.2.  Dynamic is therefore entitled to the protections afforded by  the principle of derivative immunity, and the remaining claims against Dynamic should be dismissed, with prejudice.  In order to defeat Dynamic's Motion the PSC was required to present evidence that Dynamic did, or failed to do, something that caused Dynamic to exceed the authority granted to it by the Unified Command.  In the PSC's 53 page brief, in addition to hundreds of pages of attachments, the PSC failed to refute even one allegation set forth in Giberson's affidavit.  In fact, except for its listing of the parties, the PSC failed to even mention Dynamic by name in all of its briefing.  The PSC certainly did not present any contrary evidence

to establish that Dynamic was not entitled to derivative immunity.  The 13 affidavits and declarations submitted in support of the PSC's Omnibus Opposition Memorandum (some of which are more than 18 months old, and yet were never produced despite having been requested in written discovery) do not mention Dynamic or any Dynamic employee by name, do not identify any Dynamic aircraft, and do not allege any act or omission by anyone acting on Dynamic's behalf.  In fact the PSC has admitted that it does not have such evidence.  Instead the PSC tells the Court that it made a "strategic" decision to ignore all of the deadlines previously established by the Court for conducting discovery designed to reveal such information, if it existed.  The PSC now tells the Court that it needs more time to conduct such discovery.

Dynamic respectfully submits that it is time for Dynamic's participation in this prolonged investigation to end.  Plaintiffs' lawsuit and unsubstantiated claims have already had a chilling effect on the likelihood of entities being willing to respond to the next Spill of National Significance, or even minor spills.  Entities such as the Responder Defendants will be less likely to respond to such catastrophies knowing that, even when they follow the specific instructions given to them by the Unified Command or some other government agency, they will be subject to unjustly being dragged into protracted litigation for years.  The DEEPWATER HORIZON incident occurred more than two years ago.  Dynamic's activities in response to the incident ended nearly two years ago.  The PSC filed the B(3) Bundle Master Complaint on December 15, 2010, more than 18 months ago.  If the PSC had evidence that Dynamic violated the directives issued to it by the United States and/or the Unified Command it had more than sufficient time to bring forth that evidence.  It has failed to do so and now seeks even more time to develop such evidence.  If the PSC had even attempted to develop such information, a request for additional time might be appropriate.  However the PSC did not make any such attempts and therefore a

grant of additional time is not appropriate.  Dynamic opposes any such request, and suggests to the Court that the PSC's "strategic" decision to ignore the deadlines should not be justification for granting the PSC additional time to develop evidence.

## CONCLUSION

For the foregoing reasons, as well as those set forth in the Joint Memorandum submitted by the Clean-Up Responder Defendants, Dynamic's Motion for Summary Judgment and in the Clean-up Responder Defendants Joint Reply Memorandum in Support of their individual Motions for Summary Judgment, Dynamic respectfully requests that its Motion for Summary Judgment be granted, thereby dismissing the remaining claims against Dynamic in the B3 Bundle Master Complaint, with prejudice.

Respectfully submitted,

/s/ Leo R. McAloon, III
Leo R. McAloon , III (NO. 19044)
Email Address: lmcaloon@glllaw.com
Michael D. Cangelosi (NO. 30427)
Email Address: mcangelosi@glllaw.com
Gieger, Laborde & Laperouse, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139-4800
Telephone:  (504) 561-0400
Facsimile:  (504) 561-1011
*Attorneys for Dynamic Aviation Group, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing has been served on all counsel of record by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of July, 2012.

/s/ Leo R. McAloon, III