UNITED STATES DISTRICT OF COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL § | | MDL No. 2179 |
| RIG "DEEPWATER HORIZON" § | | |
| IN THE GULF OF MEXICO, § | | SECTION: J |
| ON APRIL 20, 2010 § | | |
| § | | JUDGE BARBIER |
| § | | MAG. JUDGE SHUSHAN |

THIS DOCUMENT RELATES TO ALL CASES
IN PLEADING BUNDLE B3

## STATEMENT OF INTEREST OF THE UNITED STATES
## IN REPLY TO THE PSC'S OMNIBUS OPPOSITION [DOC. # 6691-2]
## TO THE B3 SUMMARY JUDGMENT MOTIONS

The United States is not a named party with respect to the claims raised in the Bundle B3 Master Complaint. Nonetheless, because the B3 Defendants have raised several defenses (preemption and derivative immunity) that may turn on facts known to the United States, the Court previously ordered limited discovery of the United States in order to enable summary judgment motions to be filed in a timely fashion. (Docket #5000). The United States complied in full with this order. Nalco and the Responder Defendants sought to enter into stipulations with the United States. The United States undertook significant efforts to review the documentary evidence available and canvass the relevant witnesses to assemble stipulations that were eventually served on the other parties. The United States has also responded to a large number of Requests for Admission served by BP and other parties that relate to dispersant use. (Attachment A). The limited B3 discovery order also allowed all parties, not just defendants, to request documents and/or depositions, but no parties served document requests or deposition notices on the United States during that time window. Thus, the PSC had the opportunity to

1

contest the stipulations with written discovery or deposition requests during the limited discovery period, but did not do so.

In its Omnibus Response [Doc. 6691-2] to the various B3 Summary Judgment Motions, the PSC now states that it needs additional discovery from the United States. The United States opposes this notion. The two principal issues[1] upon which the PSC expresses a need for additional discovery are: whether dispersant applications were in fact "approved" by the United States, and whether applications were, in fact, limited to the conditions set forth in those approvals.[2]

As for whether specific dispersant applications were approved by the Federal On-Scene Coordinator ("FOSC"), the United States has now admitted as much multiple times, both in the stipulations and in response to multiple sets of RFAs. The relevant approval letters have long since been produced, and the relevant Incident Action Plans have been produced as well. Between the documentary evidence and the multiple admissions of the United States, there is simply no need to depose the individuals involved in this process. To the extent the Court disagrees, the United States has already agreed to produce a Phase 2 30(b)(6) witness to testify about two topics related to dispersants, and the United States suggests that, if further questions

---

[1] The PSC also requests, for the first time, a deposition of a "knowledgeable OSHA employee" to testify about whether OSHA performed a site-specific task hazard analysis for persons on boats at burn sites. Counsel for the United States has made inquiry with OSHA on this issue, and based on the information available, no such analysis appears to have been performed by OSHA.

[2] The United States takes no position on the merits of the Summary Judgment motions, and thus does not comment on whether both, or either, of these issues is in fact dispositive of any legal questions before the Court.

are necessary regarding whether the Federal On-Scene Coordinator actually approved of dispersant use, the PSC may ask those questions of that witness.[3]

The second issue upon which the PSC seeks discovery is whether the dispersants were, in every instance, applied in accordance with the FOSC approvals. Given the quantity of dispersant applications and the wide variety of locations where dispersants were applied, the potential number of witnesses could be staggering. Moreover, the affidavits the PSC has obtained alleging dispersant applications near ships, near shore, and at night already serve to create a factual dispute on this issue, such that additional discovery from the United States would not assist the Court in resolving the case at the Summary Judgment stage (although the United States expresses no opinion on whether these facts are material to the resolution of the Summary Judgment motions).

This request to reject further discovery on dispersants is fully consistent with CMO #4, May 30, 2012 (docket # 6592), in which the Court entirely eliminated the previously-scheduled Phase 3 ("Containment," including dispersants). However, in the event the Court decides that the PSC should obtain additional discovery from the United States on these issues, the United States respectfully requests that this discovery be postponed until after the Phase 1 and Phase 2 trials. This requested timeline is consistent with the Court's prior orders. *See* Amended CMO #3, September 21, 2011 (docket # 4083) (Phase 3 to follow Phases 1 and 2). As the Court is well aware, the United States has faced unprecedented discovery demands in this case, and has

---

[3] The United States 30(b)(6) notice is appended as Attachment B, and topics 29 and 97 relate to dispersants. To be clear, the United States does not consent to the addition of more topics to its Phase 2 30(b)(6) notice, and notes that its stipulations and RFA responses represent the answers that a 30(b)(6) witness would give if asked the same questions. The United States does, however, anticipate producing at least one witness with personal knowledge of the dispersant approval process, and suggests that the PSC may obtain the discovery it seeks from that person.

devoted all available resources to complying with this Court's discovery orders in order to keep the Phase 1 and Phase 2 trials on track to go forward in the first part of 2013. The United States will be defending numerous Phase 2 witnesses beginning in September – its Phase 2 30(b)(6) notice contains 104 separate topics, far more than the notice for any other party. (Attachment B). As set forth above, the United States complied in full with the earlier limited discovery order related to the B3 claims. Despite being a third party with no direct stake in the outcome of the B3 claims, the United States undertook serious efforts to develop a comprehensive list of stipulations to provide the parties and the Court with the most complete picture possible of the dispersant approval process. The United States was never served with any document requests or deposition notices during the time period allowed by the limited discovery order. At this late point, the United States would be unfairly burdened if, as a third party to these claims, it were forced to produce additional deponents to testify on B3 issues while simultaneously attempting to complete Phase 2 discovery within the timeframe desired by the Court.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

IGNACIA S. MORENO　　　　　　　　　　　BRIAN HAUCK
Assistant Attorney General　　　　　　　　　 Deputy Assistant Attorney General
Environment & Natural Resources Division　　Civil Division

JAMES NICOLL　　　　　　　　　　　　　　PETER F. FROST
　Senior Counsel　　　　　　　　　　　　　　Director, Torts Branch, Civil Division
NANCY FLICKINGER　　　　　　　　　　　Admiralty and Aviation
　Senior Attorney　　　　　　　　　　　　　　STEPHEN G. FLYNN
SARAH HIMMELHOCH　　　　　　　　　　Assistant Director
　Senior Attorney　　　　　　　　　　　　　　MICHELLE DELEMARRE
DEANNA CHANG　　　　　　　　　　　　　SHARON SHUTLER
SCOTT CERNICH　　　　　　　　　　　　　JESSICA SULLIVAN
A. NATHANIEL CHAKERES　　　　　　　　JESSICA MCCLELLAN
RACHEL HANKEY　　　　　　　　　　　　JILL DAHLMAN ROSA
ABIGAIL ANDRE　　　　　　　　　　　　　DAVID PFEFFER
JUDY HARVEY　　　　　　　　　　　　　　MALINDA LAWRENCE

4

| | |
|---|---|
| MATT LEOPOLD<br>JEFFREY PRIETO<br>TOM BENSON<br>GORDON YOUNG<br>BETHANY ENGEL<br>Trial Attorneys | ROBIN HANGAR<br>LAURA MAYBERRY<br>BRIENA STRIPPOLI<br>Trial Attorneys<br>Torts Branch, Civil Division<br>P.O. Box 14271<br>Washington, D.C. 20044-4271<br>Telephone: 202-616-4000<br>Facsimile: 202-616-4002 |
| /s/ Steven O'Rourke<br>STEVEN O'ROURKE<br>Senior Attorney<br>Environmental Enforcement Section<br>U.S. Department of Justice<br>P.O. Box 7611<br>Washington, D.C. 20044<br>Telephone: 202-514-2779<br>Facsimile: 202-514-2583<br>E-mail: steve.o'rourke@usdoj.gov | /s/ R. Michael Underhill<br>R. MICHAEL UNDERHILL, T.A.<br>Attorney in Charge, West Coast Office<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>7-5395 Federal Bldg., Box 36028<br>450 Golden Gate Avenue<br>San Francisco, CA 94102-3463<br>Telephone: 415-436-6648<br>Facsimile: 415-436-6632<br>E-mail: mike.underhill@usdoj.gov |

JIM LETTEN
United States Attorney
SHARON D. SMITH
Assistant United States Attorney
Eastern District of Louisiana
Hale Boggs Federal Building
500 Poydras Street, Ste. B-210
New Orleans, LA 70130
Attorneys for the UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

     I hereby certify that, today, the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Dated: July 6, 2012July 6, 2012                            /s/ Steven O'Rourke
                                                               United States Department of Justice