UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * | MDL NO. 2179 CIVIL ACTION NO. 2:10-CV-02771 |
| IN RE: THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * | JUDGE BARBIER SECTION J MAGISTRATE JUDGE SHUSHAN MAG. DIV. 1 |
| THIS DOCUMENT RELATES TO: All Cases in Pleading Bundle Section III.B(3) | * * * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### DRC EMERGENCY SERVICES, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS

Defendant, DRC Emergency Services, LLC ("DRC"), provides this reply memorandum in further support of its motion for partial summary judgment on derivative immunity and preemption grounds.[1] The joint reply memorandum filed by the clean-up/responder defendants amply demonstrates that the plaintiffs have not created a genuine issue of material fact that DRC failed to comply with the federal government's directives during the response to the Deepwater Horizon oil spill. DRC provides this brief memorandum to address a few additional points regarding the declaration submitted by plaintiff Roy Mackie. As noted in the joint memorandum, Mackie's declaration is the only one submitted by the plaintiffs that mentions DRC.

---

[1] Rec. Doc. 6559.

**I.   Mackie's contract with DRC provides that BP was responsible for ensuring that Mackie had PPE necessary to comply with governmental directives.**

Mackie was a vessel owner from Plaquemines Parish.  On August 3, 2010, he entered into a Master Vessel Charter Agreement ("MVCA") with DRC to perform certain oil spill-response services.[2]  Article 2(A) of Mackie's MVCA provides that **BP** was responsible for ensuring that Mackie had the PPE required by the HORIZON Response Program ("HRP") implemented by OSHA and the U.S. Coast Guard:

> As of May 10, 2010, **BP** will ensure that all VESSEL crews engaged in oil spill response activities . . . receive all necessary protective equipment for such activities as per the HRP.[3]

This language is located on the first page of Mackie's MVCA.  Therefore, even if Mackie sometimes could not obtain the PPE required by federal government directives and regulations (which, as discussed below, his declaration does not establish), that is insufficient to raise a genuine issue of material fact as to whether DRC complied with federal government directives and regulations regarding the outfitting of spill-response workers with PPE.  The MVCA clearly provides that BP was responsible for ensuring that Mackie received the PPE required by the HRP.[4]

---

[2]   A copy of the DRC-Mackie MVCA is Exhibit 1 to the attached declaration of Mark Stafford (Attachment A).

[3]   Emphasis added.

[4]   MVCA, Article 2(A).  Admittedly, the PPE for which BP was responsible was provided through DRC.  *See* Exhibit B of the MVCA.  But BP still remained responsible for ensuring that the HRP-approved PPE was provided under Article 2(A).  Plaintiffs may argue that the statement in Exhibit B that "PPEs will be provided by [DRC]" makes DRC responsible for ensuring Mackie received the necessary PPE.  But that construction would conflict with the provision in Article 2(A) quoted above.  When there is a conflict between the MVCA's articles and exhibits, the contract provides that the articles take precedence.  *See* Article 25 ("In the event of any conflict or inconsistency between the various parts of this CHARTER, the Articles will take precedence over all other parts of this CHARTER, including any Exhibits, Attachments and Addenda, unless specifically stated otherwise.").

**II.     Mackie's inconsistent declaration does not establish that the necessary PPE was unavailable.**

Aside from the fact that Mackie acknowledged in his contract that BP was required to ensure that he had the necessary PPE, his declaration establishes only that PPE was sometimes *inconvenient to obtain*, not that it was unavailable. He states that in order to find the "full gear," he simply "had to walk the beach to different supply stations" to get the equipment.[5] Contrary to the plaintiffs' assertions, this falls far short of raising a genuine issue of material fact regarding DRC's compliance with federal government directives and regulations regarding the outfitting of spill-response workers with PPE.

**III.    Conclusion**

For the reasons set forth herein, as well as all of the reasons set forth in the joint memorandum filed by the cleanup/responder defendants, there is no genuine issue of material fact with regard to whether DRC complied with the federal government's directives and regulations during the Deepwater Horizon oil spill response. The plaintiffs' only declaration that even mentions DRC is from someone who (i) acknowledged in his MVCA that BP was responsible for ensuring that he had the necessary PPE, and (ii) establishes only that the PPE required by federal directives and regulations was sometimes inconvenient to obtain. DRC's motion for partial summary judgment should be granted.

---

[5]   Declaration of Roy Mackie (Rec. Doc. 6696-25), at ¶ 4.

Respectfully submitted,

/s/ Harold J. Flanagan
Harold J. Flanagan (Bar No. 24091)
Stephen M. Pesce (Bar No. 29380)
Sean P. Brady (Bar No. 30410)
Andy Dupre (Bar No. 32437)
**FLANAGAN PARTNERS LLP**
201 St. Charles Avenue, Suite 2405
New Orleans, Louisiana 70170
Telephone:  504-569-0235
Facsimile:  504-592-0251
hflanagan@flanaganpartners.com
spesce@flanaganpartners.com
sbrady@flanaganpartners.com
adupre@flanaganpartners.com

*Attorneys for DRC Emergency Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that he foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of July, 2012.

/s/ Harold J. Flanagan