UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES IN PLEADING BUNDLE SECTION III.B(3) | MDL NO. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br>MAG. JUDGE SHUSHAN |

**REPLY MEMORANDUM IN SUPPORT OF AIRBORNE SUPPORT, INC. AND AIRBORNE SUPPORT INTERNATIONAL, INC.'S MOTION FOR SUMMARY JUDGMENT ON DERIVATIVE IMMUNITY AND PREEMPTION GROUNDS**

Airborne Support, Inc. and Airborne Support International, Inc. (sometimes collectively referred to herein as "Airborne Support" or "Defendants") respectfully submit this Reply Memorandum in Support of their Motion for Summary Judgment on Derivative Immunity and Preemption Grounds to supplement the Joint Reply Memorandum submitted by the Clean-Up Responder Defendants[1] (Rec. Doc. 6844-2) which is adopted and incorporated herein by reference pursuant to Rule 10 of the Federal Rules of Civil Procedure.

The Omnibus Memorandum in Opposition by the Plaintiffs' Steering Committee ("PSC") (Rec. Doc. 6696) (hereinafter "PSC Opp.") fails to offer any evidence with respect to Airborne Support.[2] In its Motion for Summary Judgment, Airborne Support showed that it was directed by federal authority to conduct aerial dispersant and spotter flights in connection with the spill

---

[1] Marine Spill Response Corporation, Airborne Support, Inc., Airborne Support International, Inc., Lynden Incorporated, Dynamic Aviation Group, Inc., International Air Response, Inc., Lane Aviation, Inc., National Response Corporation, O'Brien's Response Management Inc., Tiger Rentals, Ltd., The Modern Group GP-SUB, Inc., The Modern Group, Ltd., and DRC Emergency Services, LLC.

[2] The PSC Opp. is the only opposition filed in response to Airborne Support's Motion for Summary Judgment.

- 1 -

response and that it did not exceed this authority. With the PSC Opp., the PSC submitted anecdotal declarations they contend show that some responders may have failed to comply with some federal directives with respect to certain activities. But, the PSC offered no evidence specific to Airborne Support and certainly no evidence that Airborne Support failed to comply with any federal directive or exceeded its duly conferred governmental authority. Consequently, the PSC has failed to establish the presence of a genuine factual dispute with respect to Airborne Support and Airborne Support is entitled to summary dismissal as a matter of law.

The PSC argues that additional discovery might uncover evidence that may show some responders exceeded governmental directives. However, the PSC cannot defeat a motion for summary judgment merely by claiming "some metaphysical doubt" as to the material facts. *Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 294-95 (5th Cir. 2007), citing, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "[T]he mere existence of some alleged factual dispute between parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012); *Jones v. State Farm Fire & Cas. Co.*, 677 F. Supp. 2d 923, 926 (E.D. La. 2009) (Feldman, J.) ("The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.").

Because the PSC has failed to raise a genuine issue of fact material to Airborne Support's derivative immunity and implied preemption arguments, the Court should grant Airborne Support's motions and dismiss all remaining claims which have been asserted against these

- 3 -

Defendants in the Plaintiffs' First Amended Master Complaint in Accordance with PTO No. 11 Section III.B(3) (Rec. Doc. 1812) (hereinafter the "B3 Bundle Master Complaint") with prejudice.

        Respectfully submitted,
        LABORDE & NEUNER

By:    /s/ Ben L. Mayeaux
       FRANK X. NEUNER, JR. - #7674 ("TC")
       (FNeuner@ln-law.com)
       BEN L. MAYEAUX - #19042
       (BMayeaux@ln-law.com)
       JED M. MESTAYER - #29345
       (JMestayer@ln-law.com)
       One Petroleum Center, Suite 200
       1001 West Pinhook Road
       Lafayette, Louisiana 70503
       Phone: (337) 237-7000
       Facsimile: (337) 233-9450

*Attorneys for Defendants, Airborne Support, Inc. and Airborne Support International, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Reply Memorandum in Support of Airborne Support, Inc. and Airborne Support International, Inc.'s Motion for Summary Judgment on Derivative Immunity and Preemption Grounds has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 6th day of July, 2012.

/s/ Ben L. Mayeaux
COUNSEL