

DONALD E. GODWIN, SHAREHOLDER
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:     214.939.4412
DIRECT FAX:     214.939.4803
DGodwin@GodwinRonquillo.com

DALLAS  HOUSTON

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332  Fax

GodwinRonquillo.com

July 2, 2012

**VIA EMAIL: Sally_Shushan@laed.uscourts.gov**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

    Re:    *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010,* MDL-No. 2179 – HESI's Challenges to BP's Phase Two, Schedule I Privilege Logs

Dear Judge Shushan:

    Pursuant to the Court's June 19, 2012 Order regarding Amended Schedule for Completion of Phase Two Production, Rec. Doc. No. 6707 (the "Order"), Halliburton Energy Services, Inc. ("HESI") replies to BP's Response Brief dated June 26, 2012 discussing BP's Schedule I privilege logs (the "Response"). In its Response, BP withdrew 45% of the entries identified by HESI and Transocean. The remaining entries related to HESI's "sample" challenges are (1) two communications to a group called "MC252_Email_Retention" and (2) one manual.[1]

    In its Response to HESI's challenges, BP argues that because "MC252_Email_Retention" is not a "distribution list," the documents associated with these entries are protected by privilege. With respect to the manuals, BP claims that they are actually "reports" protected by privilege. BP's Response fails to address the issue: whether the manual and communications to "MC252_Email_Retention" were confidential communications between attorney and client for

---

[1] BP released one sample manual and maintained privilege on the other three sample entries. *See* Exhibit A, BP's Sixty-Sixth Privilege Log, Entry Numbers 1486, and BP's Sixty-Eighth Privilege Log, Entry Numbers 1389 and 1650.

**GODWIN RONQUILLO PC**

The Honorable Sally Shushan
United States Magistrate Judge
July 2, 2012
Page 2

the purpose of seeking legal advice.  None of the three remaining sample entries cite attorneys and all are dated April 26, 2010, only six days after the Incident.  HESI is unable to ascertain whether the documents associated with these entries reflect attorney communications, or whether the documents solely reflect underlying facts.  *Stiward v. United States*, 2007 U.S. Dist. LEXIS 62772, 8 (E.D. La. Aug. 24, 2007) ("'[p]re-existing facts that underlie the client's confidential communications, whether oral or written, are not privileged simply because the client disclosed them to an attorney for the purpose of obtaining legal services.'") (Wilkinson, JC) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)).  BP has not demonstrated actual communications with counsel or that the sample documents contain more than merely pre-existing underlying facts.

BP also asserts work-product protection over the two sample communications with "MC252_Email_Retention."  The Response described this email address as a retention address set up as a mechanism to preserve communications for litigation.  It is not clear whether communications with this retention list include purely factual information about the case for preservation, or whether they indeed reflect the intangible mental impressions, conclusions, opinions or legal theories of counsel.  "The work-product doctrine provides protection only for documents and tangible things and for the intangible mental impressions, conclusions, opinions or legal theories of counsel, not for facts that a party may have learned, even if they were learned from work-product documents that are not themselves discoverable."  *Id*. at 6 (citing *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947)).  BP failed to demonstrate that these sample privilege entries actually reflect intangible mental impressions, conclusions, opinions or legal theories of counsel.

In light of BP's deficient privilege claims, HESI respectfully requests that the Court review whether these three sample privilege log entries properly reflect documents which resulted from attorney communications, or if the sample entries were prepared at the direction of counsel.  HESI requests that BP extrapolate any rulings made by the Court regarding these challenges to similar entries reflecting withheld documents, as required by the June 4, 2012 Order.  (Rec. Doc. 6615).

Respectfully yours,

*Donald E. Godwin*

Donald E. Godwin

DEG:ab

1944825 v1-24010/0002 PLEADINGS