**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 2, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

Re:   MDL No. 2179 — BP's Schedule 1 Challenges to the United States' Non-Deliberative Process Privilege Claims

Dear Judge Shushan:

BP submits this brief reply to the United States' June 26, 2012 response to BP's targeted June 16, 2012 Schedule 1 challenges to the United States' privilege logs.

The United States begins its response by discussing the volume of documents it has produced thus far.  Although BP appreciates this discussion, we should all remember that the United States and BP continue to discuss a number of significant United States document production issues — many of which involve questions going to the quality and completeness of these productions.  Those separate conversations, as the Court well knows, are ongoing.  The United States' preambular statements should be viewed against this backdrop.

Regarding the targeted group of nine documents challenged by BP, BP finds that it has substantial common ground with the United States' legal views regarding the scope of the work-product doctrine.  Specifically, BP agrees with the United States — and we have not suggested otherwise — that the communication of work product to third-parties working at a party's attorney's direction does *not* waive an otherwise applicable attorney work-product protection.  (US Resp., at 2.)  BP also agrees with the United States that evidence establishing that attorneys broadly directed non-attorneys to treat a set of communications as confidential plays a role in determining whether documents and communications are entitled to work-product protection.  (US Resp., at 3.)

BP's challenges involve eight entries on United States' privilege logs that claim work-product protection for documents involving the Flow Rate Technical Group.  These eight entries appear from the United States' logs to be related to topics such as "PNAs Format for Papers."

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 2, 2012
Page 2

But because the FRTG's work as a whole was *not* undertaken in preparation for litigation, BP requests that the Court review this comparatively small set of documents to ensure that FRTG work is not being incorrectly withheld as litigation work-product. If the Court determines that these particular emails do, in fact, reflect FRTG involvement in litigation preparation, then BP agrees the documents should be entitled to work-product protection.

Note, however, that a determination that the FRTG was indeed involved in litigation preparation would cast further doubt on the United States' efforts to shield from discovery non-United States-employee FRTG members due to supposed "chilling effects."

In any event, regarding the eight FRTG documents and the one unlogged document, BP agrees that an *in camera* inspection of these few documents should be sufficient to resolve BP's targeted Schedule 1 challenges to the United States' privilege logs.

Sincerely,

Robert R. Gasaway

cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Scott M. Cernich
A. Nathaniel Chakeres
Bethany Engel
Thomas A. Benson
Joel M. Gross
Allison B. Rumsey
Plaintiffs' Liaison Counsel
Defense Liaison Counsel (dsc2179@liskow.com)