

SUTHERLAND ASBILL & BRENNAN LLP

1001 Fannin, Suite 3700

Houston, Texas 77002

713.470.6100  Fax 713.654.1301

www.sutherland.com

**DAVID A. BAAY** DIRECT LINE: 713.470.6112
E-mail:david.baay@sutherland.com

July 2, 2012

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

    Re:    **MDL No. 2179 – Schedule 1 Challenges to the United States "Confidentiality Promise" Privilege**

Dear Judge Shushan:

    Pursuant to this Court's orders of May 11, 2012 (Rec. Doc. 6510) and May 21, 2012 (Rec. Doc. 6561),  Transocean submits this reply to the United States' response brief regarding Transocean's schedule 1 challenges to the United States confidentiality promise privilege.

    The United States asks this court – for the first time – to extend the *Machin* privilege into a broad accident-investigation privilege.  In doing so, the United States ignores almost 50 years of *Machin* jurisprudence.  Indeed, federal courts have repeatedly held that that a broader "accident investigation privilege" does not exist because *Machin* applies only to military air crash safety investigations.  *UtahAmerican Energy, Inc. v. Dep't of Labor*, 700 F. Supp. 2d 99, 110 (D.D.C. 2010) (investigation of a mine collapse not privileged); *see also Nickerson v. United States*, No 95 C 7395, 1996 WL 5633465 (N.D. Ill. Oct. 1, 1996) (medical investigation not privileged).

    The *Machin* privilege is limited to military air crash safety investigations for two reasons.  First, military investigations necessarily concern national security.  Second, military safety investigations cannot later form the basis for government prosecution.  As described in Transocean's June 16, 2012 brief, military policy prevents use of the safety investigation for any purpose other than intra-military accident prevention.  The safety investigation may not form the basis for legal or administrative action.  Nor is it available to military officials or lawyers defending the United States.  The military conducts a separate, non-privileged investigation for those purposes.

    The uniqueness of military safety investigations is recognized in the holding of *Machin* itself:

> [W]hen disclosure of investigative reports obtained in large part through promises of confidentiality would hamper the efficient operation of an important Government program and perhaps even, as the Secretary here claims, **impair the**

The Honorable Sally Shushan
July 2, 2012
Page 2

> **national security** by weakening a branch of the military, the reports should be considered privileged.  **Especially is that so when they are sought in connection with a litigation to which the Government is not a party[.]**

*Machin v. Zuckert*, 316 F.2d 336, 339 (D.C. Cir. 1963) (emphasis added).[1]  This sentiment is echoed in *Cooper*, the case that forms the basis of the United States' response brief.  In *Cooper*, the Fifth Circuit described the military investigation process before indicating that use of a safety investigation outside the "limited and proper use of . . . accident prevention purposes" would waive *Machin* protection.  *See Cooper v. Dep't of Navy*, 558 F.2d 274, 275-78 (5th Cir. 1977).

The three district court opinions the United States cites do not support its attempt to create a broad government investigation privilege.  Two of those three cases involved investigations that raise national security or law enforcement concerns similar to those at issue in the military air crash context.  *Amnesty Int'l USA v. CIA*, 728 F. Supp. 2d 479 (S.D.N.Y. 2010) (CIA interrogation techniques); *Peck v. United States*, 88 F.R.D. 65 (S.D.N.Y. 1980) (Conduct of an FBI informant).  The third case, *Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F. Supp. 708, 710 (E.D. Pa 1968), might be read to support a broader *Machin* privilege where a plaintiff seeks discovery from a non-party government investigator.  But that opinion provides little support to the United States position for two reasons.  First, the views expressed in that 1968 opinion have not taken hold in the courts in the more than forty years since it came down.  Moreover, Transocean is not a plaintiff seeking discovery from a non-party.  The United States is a party to this suit seeking affirmative relief.

It is also telling that the United States was not the plaintiff in *Amnesty* or *Peck*.[2]  The reports in those cases – like military safety investigations – were only used for internal assessments.  The government did not use privileged reports to later seek affirmative relief.  Indeed, district courts in the Fifth Circuit have held that doing so would break privilege.  Governmental privileges such as the *Machin* privilege cannot be invoked where the United States has brought suit because "it would be unconscionable" to permit the government to prosecute a civil suit and then "deprive the defendant of matters which might be material to its defense."  *United States v. San Antonio Portland Cement Co.*, 33 F.R.D. 513, 515 (W.D. Tex. 1963).

---

[1] In its reply brief, the United States conveniently omits the last, bolded sentence.

[2] In its reply brief, the United States does not cite a single case applying the *Machin* privilege in which the government was plaintiff:  *Cooper v. Dept. of Navy*, 558 F.2d 274 (5th Cir. 1977) (Government as defendant in FOIA action); *Merrill v. Fed. Open Market Committee of Fed. Reserve Sys.*, 565 F.2d 778 (D.C. Cir. 1977) (*Machin* protection denied where government was defendant in FOIA action); *Gen. Services Admin. v. Benson*, 415 F.2d 878 (9th Cir. 1969) (*Machin* protection denied where government was defendant); *Machin v. Zuckert*, 316 F.2d 336 (D.C. Cir. 1963) (Government as subpoenaed nonparty); *Amnesty Int'l USA v. CIA*, 728 F. Supp. 2d 479 (S.D.N.Y. 2005) (Government as defendant in FOIA action); *Peck v. United States*, 88 F.R.D. 65 (D.C.N.Y. 1980) (Government as defendant); *Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F. Supp. 708 (D.C. Pa. 1968) (Government as subpoenaed nonparty).

Here, the Oil Spill Commission was charged with determining the causes of the Macondo oil spill, improving the country's ability to respond to oil spills, and recommending offshore energy production reform. The investigation was not limited to accident prevention, did not concern national security, and thus was not protected by the *Machin* privilege. Even if the investigation was initially privileged, protection was waived once the United States brought affirmative claims against Transocean and others.

The United States' argument that this Court addressed the issue of whether the United States waived the confidentiality promise privilege when it held with respect to the deliberative process privilege that BP's need for the documents did not outweigh the interest of the United States in protecting the deliberative process is incorrect. The *Machin* and deliberative process privileges are not identical. The deliberative process privilege protects the decision-making process of the executive branch and certain courts have allowed it to be asserted where the government acts as plaintiff. The *Machin* privilege protects witness statements made to investigators and no court has held that it applies when the government seeks affirmative relief.

Second, the United States overstates the effect overturning its confidentiality promise privilege claims will have on future investigations. To be clear, Transocean is not asking that the documents be released to the public. Rather, Transocean asks that the documents be produced with a "confidential" or "highly confidential" designation as outlined in Pretrial Order No. 13.[3] Because the Oil Spill Commission's investigation is material to Transocean's defense, and the effect of releasing the documents is minimal, this Court's deliberative process privilege ruling should not apply to the United States confidentiality promise privilege.

The United States' claim that the withheld materials contain minimal unique information is not also a defense to production. Discovery is proper regarding any non-privileged matter relevant to a party's claims or defenses. Fed. R. Civ. Pro. 26(b)(1). Here, the United States admits the challenged documents contain relevant and unique information. Therefore, the fact that the United States believes most – but not all – of the information contained in the documents may be otherwise available is a non-starter.

Finally, it is not clear that all of the challenged documents even relate to interviews conducted as part of the Oil Spill Commission's investigation. For example, document OSE051-025009 is described as interview notes but is dated March 9, 2011. The Oil Spill Commission issued its report on January 1, 2011. It is curious that an interview conducted more than two months after the release of the Oil Spill Commission's report would be privileged as part of the Oil Spill Commission's investigation. As with its other privilege designations in this case, the United States has been overly broad in claiming the confidentiality promise privilege.

---

[3] The challenged documents are all summaries and notes of interviews conducted with United States' employees. It is difficult to conceive of how sharing these documents with the Department of Justice, which has already occurred, would not have created the same risk of a chilling effect that the United States now contends.

The Honorable Sally Shushan
July 2, 2012
Page 4

	Transocean respectfully requests that this Court inspect *in camera* the designated documents in its June 16, 2012 brief to determine whether the confidentiality promise privilege applies to the Oil Spill Commission's investigation, and if it does, whether the United States has waived its protection.

					Sincerely,

					 /s/  *David Baay*
					David Baay