**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:   OIL SPILL by the OIL RIG      :   MDL NO. 2179
        "DEEPWATER HORIZON" in the  :
        GULF OF MEXICO, on          :
        APRIL 20, 2010            :   SECTION: J
                                         :

THIS DOCUMENT RELATES TO:   :
ALL ACTIONS                  :   JUDGE BARBIER
                                       :   MAG. JUDGE SHUSHAN

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**LIAISON COUNSEL MEMORANDUM**
**PROVIDING REPORT FOR 7/13/12 STATUS CONFERENCE**

Liaison Counsel submit this report for the status conference on July 13, 2012.

**1.  Pre-Trial Orders:**

    Since the last status report for the conference on January 19, 2012, the Court has entered Second Amended Pretrial Order No. 41 (Case Management Order No. 4) (regarding the Trial of Liability, Limitation, Exoneration, and Fault scheduled to commence on January 14, 2013), PTO No. 48 (amending PTO No. 26 to appoint Louisiana Attorney General James D. "Buddy" Caldwell as Co-Coordinating Counsel for the State Interests), and PTO No. 49 (Establishing Special Docket for Filing Objections to the Proposed Settlements).

    On June 29, 2012, the Court also entered an Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and

Property Damages Settlement Agreement (Rec. Doc. 6822).

**2.  Status of the JPML Proceedings:**

Since the parties submitted the last status report on January 16, 2012, the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") has issued fifteen new Conditional Transfer Orders conditionally transferring 44 additional cases to this Court.  To date, a total of fifty-seven CTOs have been issued.   As of July 10, 2012, there are approximately 733 total cases that have been transferred to MDL 2179.  (More than 118,000 short form joinders have been filed in MDL 2179.)   As a result of dismissals, currently about 614 cases are active before the Court.  Of the active cases, 344 have been transferred by the JPML, while many others were originally filed in this District.  The following issues have been decided by the Panel since the parties submitted the last status report:

- One objection was filed regarding CTO-35.  On February 7, 2012, the Panel denied the motion to vacate and transferred the action to MDL 2179.

-  One objection was filed regarding CTO-37.  On February 3, 2012, the Panel issued an order vacating CTO-37 and declining to transfer the action, a subpoena enforcement action filed against Transocean by the United States, to MDL 2179.

- One objection was filed regarding CTO-38.  On February 3, 2012, the Panel denied the motion to vacate and transferred the action to MDL 2179.

- One objection was filed regarding CTO-40. On April 16, 2012, the Panel denied the motion to vacate and transferred the action to MDL 2179.

- Three objections were filed regarding CTO-42.  Objections were later withdrawn as to

two cases, and the order became final as to those two cases on February 2, 2012. The order was vacated as to the third case upon its dismissal in the Northern District of Florida.

- Three objections were filed regarding CTO-46. On June 8, 2012, the Panel denied the motion to vacate CTO-46 and transferred the actions to MDL 2179.

 The following issues remain undecided:

- BP filed a motion to transfer an action by plaintiff Elton Johnson from the Southern District of Texas to MDL 2179 as a potential tag-along action. Plaintiff Johnson's complaint alleges breach of a settlement agreement relating to his personal injury claims. Briefing is complete, but it is unlikely the motion to vacate will be decided prior to the Panel's next hearing, which is scheduled for July 26, 2012.

- BP filed a motion to transfer an action by plaintiff Joseph Kaminski from the Middle District of Florida to MDL 2179 as a potential tag-along action. Plaintiff Kaminski alleges that he provided BP with his idea for an insertion pipe to assist in the efforts to cap the Macondo well but was not properly compensated. Briefing is complete, but it is unlikely the motion to vacate will be decided prior to the Panel's July 26, 2012 hearing.

- Plaintiff Rhonda Burkeen filed a motion asking the JPML to remand her claims in the Pleading Bundle A case *Kritzer*, *et al*. *v. Transocean, Ltd., et al.*, 2:10-cv-04427-CJB-SS, to the Southern District of Texas. Defendants filed opposition briefs on July 5, 2012.

- Two objections were filed regarding CTO-49. Briefing is complete, but it is unlikely the

motion to vacate will be decided prior to the Panel's July 26, 2012 hearing. [1]

**3.  <u>Status of State-Filed Lawsuits</u>:**

At least forty-seven Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (three cases); Mobile County, Alabama (one case); Jefferson Parish, Louisiana (two cases); Lafayette Parish, Louisiana (one case); Lafourche Parish, Louisiana (four cases); Orleans Parish, Louisiana (three cases); Plaquemines Parish, Louisiana (seven cases); Terrebonne Parish, Louisiana (three cases); St. Bernard Parish, Louisiana (one case); Hillsborough County, Florida (one case); Leon County, Florida (seven cases); 36th District Court, State of Michigan (two cases); Harrison County, Mississippi (two cases); Jackson County, Mississippi (two cases) Harris County, Texas (four cases); Galveston County, Texas (two cases); and Orange County, Texas (two cases).  These cases include:

- Twenty-one personal injury suits, including (1) one suit brought by a plaintiff alleging injuries sustained in the April 20, 2010 incident and (2) twenty suits brought by oil spill response workers;

- Nineteen lawsuits alleging loss of commercial revenues or personal income and/or diminished real property value as a result of the oil spill;

- Three suits alleging primarily the breach of sale, lease, or services agreements related to the spill response efforts;

- Two breach of contract suits by the owners/operators of vessels participating in the Vessels of Opportunity oil spill response program;

---

1       Attached is a chart showing the status of the Conditional Transfer Orders.

- One *pro se* suit alleging that BP was negligent in failing to implement plaintiff's process for re-oxygenation of Gulf waters in the region of the oil spill; and

- One suit alleging real property damage resulting from oil spill response staging operations conducted on plaintiff's property.

Four state court personal injury cases related to MDL 2179 in which Texas courts had previously set trial dates in the first half of 2012 have now settled and have been dismissed (or are in process of being dismissed).  Those cases are:

- *Eldridge, Christopher v. BP p.l.c., et al.*, No. 63537 (Galveston County, Tex.) (case alleging personal injury to an oil spill response worker);

- *Hebert, James v. BP p.l.c., et al.*, 2010-38791, (Harris County, Tex.) (case alleging personal injury to an oil spill response worker);

- *Young, Robert v. BP Exploration and Production, Inc., et al*., No. 2010-73622 (Harris County, Tex.) (removed on March 30, 2012 to the Southern District of Texas as Case No. 4:12-cv-00989 and dismissed on May 14, 2012 pursuant to settlement) (case brought by an employee of Art Catering alleging injuries sustained in April 20, 2010 incident); and

- *Young, Dewone, et al. v. Ranger Offshore, Inc., et al.*, No. 63165 (Galveston County, Tex.) (case alleging personal injury to an oil spill response worker; settled and in process of being dismissed).

One Texas state court personal injury action currently has a trial date set for this year: *McCormick, Donald v. Alford Safety Services Inc. d/b/a Falck Alford Safety Services, et al.*, 2011-02141 (Harris County, Tex.) (December 23, 2012 trial date in case alleging personal injury to an oil spill response worker).

Motion practice, written discovery, document production, and fact witness depositions have been proceeding in some state court cases.  BP is working with Magistrate Judge Shushan to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court.

In addition to the forty-seven cases discussed above, there are shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in state courts in Louisiana, Texas (consolidated litigation), and Alaska (consolidated litigation).  The Louisiana and Texas actions are stayed, and defendants will seek their dismissal pursuant to Judge Ellison's decision dismissing the shareholder derivative actions in MDL 2185.  On June 5, 2012, the Alaska court dismissed the action pursuant to Judge Ellison's decision; plaintiffs appealed that decision on July 2, 2012.  There is now one additional action related to the Deepwater Horizon incident currently pending in state court in Texas that seeks to recover for losses related to BP stock options.  The court heard argument on BP's motion to dismiss the stock options case on June 29, 2012, and supplemental briefing on that motion is currently underway.

**4.  Status of MDL-2185:**

- Securities Litigation.  On February 13, 2012, Judge Ellison dismissed all of the claims of the ordinary shareholders, dismissed the claims of the lead class of holders of BP American Depositary Shares against most of the individual defendants while holding that a subset of the claims against two individual defendants and the corporate defendants could proceed, and dismissed all of the claims of a smaller purported subclass with leave to replead.  Plaintiffs filed a second amended consolidated complaint on April 2, 2012, which defendants moved to dismiss on May 2.  As of June 8, the motion is fully briefed.

Six additional related securities actions have been filed since mid-April 2012.  Four of these actions were filed in the Southern District of Texas and transferred to Judge Ellison as part of MDL 2185, and amended complaints in those actions are due between mid-August and early September.  On June 19, 2012, the JPML transferred to MDL 2185 two additional related securities actions from the Northern District of Ohio and the District of Oregon.  The parties are currently briefing remand motions in those two cases, with responsive pleadings in each case due thirty days following a decision on remand.

- Derivative Litigation.  On September 15, 2011, Judge Ellison granted BP's motion to dismiss plaintiffs' consolidated amended complaint on *forum non conveniens* grounds, holding that the courts of England are the appropriate forum for the litigation.  On October 3, 2011, the defendants filed with the court a stipulation to the jurisdiction of the English courts.  In January 2012, one of the plaintiffs filed a notice of appeal of the final judgment dismissing the cases.  Plaintiffs filed their opening brief on appeal on May 8, 2012.  Defendants' brief on appeal was filed on July 9, and plaintiffs' reply brief is due July 23.

- ERISA Litigation.  On March 30, 2012, Judge Ellison granted BP's motion to dismiss plaintiffs' consolidated amended complaint.  Plaintiffs have filed a motion for leave to file an amended complaint, which is fully briefed as of May 18, 2012.

- Dividend Class Action.  On September 20, 2011, BP p.l.c. moved to dismiss this putative class action, brought on behalf of holders of BP American Depositary Shares based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater

Horizon explosion and oil spill.  On July 5, 2012, the court granted BP's motion to dismiss on the grounds that it lacks personal jurisdiction over BP p.l.c.

- <u>Discovery Coordination</u>.  In the securities and ERISA cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice.  MDL 2185 plaintiffs attended MDL 2179 Phase 1 depositions pursuant to this Court's PTOs 17 and 27 and have received copies of certain expert reports submitted in MDL 2179.  In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.

## 5.  <u>Written and Deposition Discovery</u>:

Extensive written discovery, document production, and depositions have occurred so far. The parties have produced over 100 million pages of documents, and more than 310 Phase 1 depositions have been taken, with more than 7400 documents marked as deposition exhibits. The PSC, the United States, the petitioners-in-intervention, and the Rule 14(c) defendants have provided Phase 1 expert reports and more than 30 rebuttal expert reports.  Phase One discovery is now closed with the exception of a few "Phase 1 Clean-up" items recognized by Magistrate Judge Shushan.

The parties continue to work on scheduling Phase Two depositions and discovery, including completion of Rule 30(b)(6) deposition notices as the first wave of Phase 2 deposition discovery, as well as potential stipulations as to basic facts.  The parties continue to meet with Magistrate Judge Shushan on many Fridays to address pending discovery issues.

**6.  Insurance Coverage Case Management:**

On March 1, 2012, this Court issued a Rule 54(b) Partial Final Judgment (Rec. Doc. 5938) in respect to its ruling on the scope of BP's pollution-related coverage rights under the policies at issue in the two insurance coverage declaratory judgment actions (Case Nos. 11-274 and 11-275).  BP has filed a notice of appeal from the Court's judgment to the United States Court of Appeals for the Fifth Circuit.  Briefing on that appeal is underway.

In June 2011, the First Excess Layer Insurers filed two interpleader actions (Case Nos. 11-1439 and 11-1440) to seek guidance from the Court in regard to their obligations to cover claims made against BP, Transocean, Anadarko, and MOEX by or on behalf of rig workers (*i.e.*, Transocean employees and contractors who were aboard the Deepwater Horizon at the time of the Incident).  In December 2011, with the active involvement and assistance of Magistrate Judge Shushan, the parties to the interpleaders reached a confidential agreement to resolve these two cases.  These matters have been fully briefed and are pending before Magistrate Judge Shushan.

**7.  Status of BOP Testing:**

Captain Englebert, as Special Master, continues to control and preserve the BOP and other Deepwater Horizon materials stored in secure storage on the "dock" and in the "evidence yard" at Michoud.  In June, Captain Englebert "opened" some of the BOP's sealed ram cavities to inspect the BOP's condition and oversaw efforts by Universal Corrosion to perform routine maintenance and upkeep on the BOP's preservative.   The materials stored at Michoud, including the BOP, remain available to MDL 2179 parties for testing and examination with the permission of the Special Master and the Court.  BP's lease for the "dock" and the "evidence yard" at

Michoud expires at the end of the fiscal year (September 30), several months before the scheduled start of the Phase 1 Trial.  BP has begun conversations with NASA about what would be required to extend the Michoud lease for another year.  Preliminarily, NASA has said that the "dock" and the "evidence yard" should be available for another year on the present terms.

During May and June 2012, BP and DOJ have examined various items stored at Michoud including the Capping Stack, drill pipe and casing, and the BOP.  Where BP's examinations extended beyond simple photography or measurement, BP has sought approval for test protocols from Judge Shushan.  BP performed additional laser scans of BOP components, obtained surface texture measurements from various sections of pipe and casing, and performed photography of the BSR and CSR cavities in the BOP.  Halliburton, Transocean, and DOJ participated with BP in visual inspection of the BOP.  BP expects to perform additional testing on BOP components in July.

8.  **Status of PSC Settlements with BP:**

Notice.  Following the Court's preliminary approval of the Economic Loss and Property Damages and Medical Benefits settlements on May 2, dissemination of notice to both classes began.  Dissemination of the class notice through both individual mailing, publication, and broadcast media will be substantially complete by mid-July, as set forth in the Court-approved Notice Plan.

The Economic Loss and Property Damages Settlement.  Pursuant to earlier Orders of the Court, the Transition Process completed operations on June 3.  Offers made in the Transition

Process continue to be paid after June 3 where timely accepted.     As of July 4, the Transition Process had paid approximately $400 million to claimants.

On June 4, the Court Supervised Settlement Program opened and began to accept settlement claims.  The central offices of the Deepwater Horizon Claims Center are in New Orleans, and there are eighteen Claimants Assistance Centers throughout the Gulf States.  On June 5, Claims Administrator Patrick Juneau filed the final report documenting the transfer of claims, claims-related information, files, and data from the Gulf Coast Claims Facility and the transition process.  (Rec. Doc. 6619.)

The Medical Benefits Settlement.  The Medical Benefits Settlement Claims Administrator is also accepting claims and responding to any questions from class members.  In addition, the first monetary distributions to the Gulf Region Health Outreach Projects have been made pursuant to the Medical Benefits Settlement.

Upcoming Deadlines.  The parties will file their opening briefs in support of final approval of the settlements on August 13, 2012.  Objections to the settlements must be filed with the Court by August 31, 2012, and class members have until October 1, 2012, to elect to opt out of the settlements.  On November 8, 2012, the Court will hold a Fairness Hearing to determine whether to grant final approval to these settlements.

**9.  Potential Consideration of Motions to Remand:**

A number of remand motions have been filed in MDL 2179 member cases.  These motions have been continued without date pursuant to Pre-Trial Order No. 15 (Rec. Doc. 676).  At Friday's conference, the Plaintiffs' Steering Committee intends to discuss potential consideration of remand motions filed in personal injury actions and in one action, *Knotty Girl*

*Fishing LLC v. Worley Catastrophe Services LLC, et al*., Case No. 2:11-cv-00649-CJB-SS, that presents a challenge to the GCCF release executed by plaintiffs in that case.  It is BP's position that briefing and resolution of remand motions are premature pending the Phase 1 trial.

**10.  <u>Claims Not Resolved by Settlement, Summary Judgment, or Stipulation</u>:**

As ordered by the Court, (Rec. Doc. 6657), on July 11 certain defendants including BP submitted renewed motions to dismiss challenging the legal viability of certain claims not resolved by settlement, summary judgment, or stipulation.  These claims include (1) Pure Stigma Claims (claims by or on behalf of owners, lessors, and lessees of real property that they have suffered damages resulting from the taint of their property caused by the oil spill, although no oil or other contaminant physically touched the property); (2) BP Dealer Claims (claims by or on behalf of entities marketing BP-branded fuels that they have suffered damages, including loss of business, income, and profits, as a result of the loss of value to the "BP" brand or name); and (3) Recreation Claims (claims by or on behalf of recreational fishermen, recreational divers, beachgoers, recreational boaters, etc., that they have suffered damages that include loss of enjoyment of life from the inability to use portions of the Gulf of Mexico for recreation and amusement purposes).  Briefing on these motions is scheduled to be completed prior to the September 14, 2012 status conference.

Targeted discovery is commencing this month regarding the claims by three States of the Republic of Mexico (Tamaulipas, Quintana Roo, and Veracruz) on the legal issue of whether the Mexican States have a justiciable claim.  No briefing schedule has yet been set for motions on the Mexican States' claims, but the Court has scheduled oral argument (if argument is granted) for November 29, 2012.

The Plaintiffs' Steering Committee has proposed potential "test cases" to refine the issues and provide guidance with respect to (1) "Moratorium" claims; (2) challenges to GCCF Releases; and (3) local government claims, as well as (4) an expedited mediation program to attempt to resolve the remaining claims of workers who were injured or killed on April 20, 2010. These proposals are still under consideration by the Court.

**11.  <u>Motions Set for Oral Argument</u>:**

The Court has stated that it will hear oral argument on the following motions at this status conference:  (1) Liberty Insurance Underwriters, Inc.'s Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) (Rec. Doc. 6531) (Reference: 12-311), and (2) Motions for Summary Judgment in the B3 Pleading Bundle by Nalco and the Clean-Up Defendants (Rec. Docs. 6545 (Joint Memorandum), 6536 (O'Brien's/NRC), 6538 (Modern Group), 6541 (Nalco; *see also* 5531), 6546 (Airborne Support), 6547 (MSRC), 6551 (Dynamic), 6553 (Lynden), 6557 (Int'l Air Response, Inc.), 6559 (DRC), 6597 (Lane Aviation)) (Reference: Pleading Bundle B3).

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 10th day of July, 2012.


            /s/ Don K. Haycraft
            Don K. Haycraft