# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig       MDL NO. 2179
     "Deepwater Horizon" in the Gulf
     of Mexico, on April 20, 2010       **SECTION J**

Applies to: *All Cases*       **JUDGE BARBIER**
      **MAGISTRATE JUDGE SHUSHAN**

## ORDER

### [Schedule for Challenging Whether 1) Privileged Documents Relate to Phase II, 2) Documents Are Irrelevant or 3) Improperly Redacted]

Pursuant to prior orders, the parties have provided privilege logs for documents withheld from document productions on the basis of various privileges. These logs have identified documents as either irrelevant/non-responsive or as relevant to Phase I, Phase II, or later phases of the litigation.[1] The only privilege challenges ripe for resolution at this time are challenges to privilege claims related to Phase II. In addition, some parties have redacted documents for reasons other than privilege and the parties desire a schedule to resolve any disputes related to such redactions.

The following schedule governs the procedure for a party to challenge whether a particular document identified as related to Phase I or later phases is actually related to Phase II and to challenge any redactions made for reasons other than privilege are appropriate. If a document is determined during this procedure to be related to Phase II, the privilege claim can be challenged during this Phase. If a document is confirmed as related to a later phase, the privilege claim and all challenges related to that claim are preserved until the relevant phase of litigation.

---

[1] The parties have used varying terms to identify documents on their privilege logs that are not related to Phase II. For instance, BP has referred to these documents as related to "other phases," while the United States has referred to these documents as related to "later phases." For purposes of this Order, the phrase "later phases" refers to phases other than Phase I and Phase II.

**Schedule:** This schedule applies to all documents identified as related to phases other than Phase I or Phase II on privilege logs served on or before July 9, 2012 and any documents produced on or before July 9, 2012 that have been redacted for reasons other than privilege:

| | |
|---|---|
| **07/23/12** | Any party wishing to challenge ("the challenging party") the designation of a document as later phases, irrelevant, or improper redaction will serve a list of such challenges and any desired explanation of the challenge to the party making the privilege assertion ("the asserting party"). |
| **07/30/12** | The asserting party shall provide a written response to the challenge. |
| **07/30/12-08/06/12** | The challenging and asserting parties shall meet and confer regarding the challenges. |
| **08/06/12** | The challenging party shall submit a letter brief on any remaining disputed documents and identify no more than 15 documents as exemplars for submission in camera.  Parties challenging the same asserting party's claims shall file a joint identification of no more than 10 documents. |
| **08/10/12** | The asserting party shall file a responsive brief and submit the disputed documents *in camera* for the Court's review. |
| **08/14/12** | The challenging party may file a reply brief. |

Within 15 days of the Court's order on the challenge the asserting party shall extrapolate that ruling to the remaining documents identified as later phases, irrelevant, or redacted for reasons other than privilege.

The parties shall meet and confer regarding any privilege challenges to documents determined by the Court to be related to Phase II or that are identified as Phase II documents during the extrapolation phase.  Any briefing required to resolve such challenges will be subject

to a further order of this Court.

Because of the re-collection of documents from United States DOE custodians and the parties' continuing QA/QC efforts, additional privilege logs may be served. A procedure to resolve challenges to those privilege logs served after July 9, 2012 shall be set once such logs are served.

The deadline for the appeal of this order is **Thursday, July 12, 2012. Its effect will not be stayed unless ordered by Judge Barbier.**

New Orleans, Louisiana, this 10th day of July, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**