UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | CIVIL ACTION NO. 2:10-MD-02179 |
| | | SECTION: J |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE BARBIER |
| | | MAG. JUDGE SHUSHAN |

Applies to: All cases in B3 Pleading Bundle
*********************************************************************

## PLAINTIFF MALCOLM COCO'S MEMORANDUM IN SUPPORT HIS MOTION TO PARTICIPATE IN ORAL ARGUMENT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Malcolm Alphonse Coco, to request that his counsel be permitted to participate in the oral argument currently tentatively set for this Friday, July 13, but only in regard to Plaintiff, Coco's, Opposition to NALCO's Motion For Summary Judgment (and not in regard to the other Clean-Up Defendants numerous Motions For Summary Judgment).

This motion pertains to Coco's Opposition (#6705; June 18, 2012) to NALCO's Motion for Summary Judgment (#6541; May 18, 2012), and the other pleadings that were tentatively scheduled for oral argument for this Friday, July 13 in this Court's July 3, 2012 Order (#6837)

## 1. BACKGROUND:

On June 18, 2012, the NALCO Defendants, who made the dispersant Corexit that is central to the thousands of medical claims at issue in this litigation, filed a Motion For Summary Judgment to dismiss the claims against it. This was brought about because

1

although the PSC had previously agreed to NALCO's dismissal without prejudice, despite the strenuous objections of this Plaintiff[1], that previous attempt to dismiss NALCO was denied by this Court, resulting in this current situation, in which NALCO is itself now trying to get itself dismissed with prejudice.

(The other "Clean-Up Defendants" also simultaneously filed similar Motions, but *Plaintiff Coco's Oppositions have always concerned only NALCO* among all the Cleanup Defendants.)

On June 18, both Plaintiff Coco and the PSC filed Oppositions, but only Plaintiff Coco's exclusively concerns the Corexit.

On July 3, this court issued its Order (#8637) stating:

> IT IS ORDERED the Motions For Summary Judgment in the B3 Pleading Bundle, relative to preemption and/or derivative immunity issues are tentatively set for oral argument on Friday July 13, 2012, immediately following the Status Conference at 9:30 CDT.

## 2. FACTS:

Based upon recent communications with this Court's chambers, undersigned counsel is of the understanding that he will not be allowed to participate in the oral argument because the Oppositions filed by him and by the PSC are supposedly so similar that it would be redundant to hear from both. Undersigned counsel submits this is incorrect: not only are the two Oppositions NOT similar, but they concern mutually exclusive issues. The PSC's Opposition centers on the clean-up *services* provided by numerous subcontractors after the spill, whereas Plaintiff Coco's Opposition involves

---

[1] On April 5, 2012, this Plaintiff, in reaction to the PSC's attempt to dismiss NALCO from this litigation, filed his first – *and, at that time, the only* - opposition to NALCO's dismissal: "Plaintiffs Opposition to the Proposed Dismissal *With* Prejudice of the Claims Against the NALCO Entities and the Clean-Up Defendants Asserted in B-3 Master Complaint". (Doc #6184)

exclusively the *product* Corexit.

First, the PSC's necessarily lengthy "Omnibus Memorandum in Opposition" focuses almost exclusively on the statutory framework of the National Contingency Plan, how it was in fact haphazardly (at best) effected by BP and, then opposes the nine Motions For Summary Judgment of each of Clean-Up Defendants who provided their *services* (as opposed to NALCO, which provided a *product*, i.e., the dispersant those Defendants applied) ((1) Obrien/NRC; (2) Modern Group; (3) Airborne Support; (4) MSRC; (5) Dynamic; (6) Lynden; (7) International Air Response; (8) DRC; and (9) Lane Aviation). Coco's Opposition does not involve that issue or any of those Defendants.

Second, the PSC's Opposition does not involve the issues most central to the NALCO's liability and possible dismissal, namely:

    (1) the means by which NALCO got Corexit pre-approved with the EPA as a dispersant permitted to be used to clean up the spill;

    (2) whether NALCO fully and honestly complied with the requirements for such pre-approval;

    (3) the history of the owners of NALCO having previously submitted fraudulent documents to the federal government in regard to their clean-up of Gulf spills;

    (4) NALCO's failure to even allege in its Motion that it followed all the requirements necessary for pre-approval; and

    (5) whether NALCO failed to keep EPA updated on information regarding Corexit, as required by law in order to stay on EPA's "preapproval list".

Finally, and perhaps most critical is the fact that only undersigned counsel's argument has recognized and brought this Court's attention to the substantial issue that NALCO may have grossly underinformed - and even misinformed - EPA about the dangers of the most toxic component of Corexit, *butoxyethanol*. This issue is not in the

PSC's argument. Not only is undersigned's counsel the only one to bring attention to this, but only his argument concerns (and even details, for comparison with what NALCO may or may not have actually informed EPA) Corexit's Material Safety Data Sheets' disclosures regarding Corexit's composition; hazards identification; first aid measures; handling and storage; exposure control; personal protection; and toxicological information.[2]

### 3. CONCLUSION:

The PSC's Oppposition primarily concerns the *services* provided by those Clean-Up Defendants subcontracted by BP after the spill under the framework of the National Contingency Plan. In contrast, Plaintiff Coco's Opposition concerns exclusively (1) the *product* Corexit (2) the pre-approval NALCO allegedly obtained from the EPA and (3) the toxic indgredient *butoxyethanol*. Therefore, it is respectfully submitted that undersigned counsel should be permitted to participate in the oral argument, but limited to only the NALCO's Motion for Summary Judgment.

As a final matter, it is suggested Oral Argument on these matters be continued and reset for a date after this Friday, July 13, for which it is currently set. This is because this Court's April 16, 2012 Order (#6247), which scheduled various matters regarding this issue, states: "any Reply by NALCO is due by July 13, 2012". It is respectfully submitted that unless the Court clarifies and confirm that this means that NALCO's

---

[2] The importance of what NALCO knew about its Corexit and may have told *and not told* EPA in order to obtain its preapproval has most recently been highlighted by the very recent report of the Government Accounting Office - "OIL DISPERSANTS – Additional Research Needed, Particularly on Subsurface and Arctic Applications", which itself discusses the questionable use of Corexit after the Gulf spill. The GAO's Report, dated "May 2012", was released on June 29, 2012 according the *Baton Rouge Advocate*, where the news of its release first appeared. The Report is available at: http://www.gao.gov/products/GAO-12-585

4

Reply must be filed no later than July 12, then NALCO will have two unfair advantages: first, it will be able to complete and submit its brief after oral argument, and, second, those arguing against NALCO will not have the opportunity to read NALCO's reply brief in preparation for oral argument.

Respectfully submitted,

/s/ Daniel E. Becnel, Jr.
Daniel E. Becnel, Jr. (2926)
BECNEL LAW FIRM, LLC
106 W. SEVENTH ST.
P.O. DRAWER H
RESERVE, LA 70084
(985) 536-1186
dbecnel@becnellaw.com
Attorney for Plaintiff in:
*Malcolm Alphonse Coco v BP, NALCO et al.*
(10-cv-946)

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 11th day of July, 2012.

/s/ Daniel E. Becnel, Jr.