UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | § § § § § | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| This Filing Relates to:<br>ALL CASES<br>(Including Civil Action No. 12-970) | § § § | MAG. JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF HALLIBURTON ENERGY SERVICES, INC.'S MOTION FOR CLARIFICATION OF THE JUNE 29, 2012 COURT ORDER REGARDING THE CONFIDENTIALITY OF CLAIMS INFORMATION OF THE DEEPWATER HORIZON ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT**

**TO THE HONORABLE CARL J. BARBIER:**

In response to the Court's June 29, 2012 Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement (the "Order") (Rec. Doc. 6822), Halliburton Energy Services, Inc. ("HESI") files this Memorandum in support of its Motion for Clarification (the "Motion"), and would respectfully state as follows:

### I.   INTRODUCTION

On June 29, 2012, at the request of Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator), the Court entered the Order.[1]  The Order concerns access to Claims Information, which is defined as "all . . . GCCF, Transition Process and Economic and Property Damages Settlement Agreement claim files and claims-related materials and data." Order at ¶2.  Specifically, the Order renders all Claims

---
[1] HESI has not been able to locate Mr. Juneau's request within the record of this Litigation.

1

Information confidential and prohibits its disclosure except as permitted by the Order. The Order modifies and amends Pre-Trial Order No. 13 ("PTO 13"), which has governed confidentiality issues in this Litigation. (Rec. Doc. 641). HESI requests that the Court clarify that the Order does not limit or burden HESI's access to Claims Information and that all parties to the Litigation will continue to enjoy equal acess to relevant information.

## II.   ARGUMENT AND AUTHORITIES

Pursuant to the Order, only the Court, Class Counsel, the BP Parties, and the Claims Administrator are to have unrestricted access to Claims Information. Order at ¶¶5-8. The Order is silent as to HESI and other parties to the Litigation. Concerning "third parties," presumably including HESI, the Order sets forth the terms by which such parties may obtain access to Claims Information, as well as the proper scope of use of such information—but only through a cumbersome and unduly burdensome subpoena process. *Id.* at ¶11. In this regard, Paragraph 11 requires the Claims Administrator to notify claimants of the request, permits the claimants to object to production of Claims Information, and makes the requesting party responsible for reimbursing the Claims Administrator for "the reasonable costs of responding to Legal Process, including time spent in responding to the request, researching and producing the information and any testimony required." *Id*. BP and Class Counsel, rather, appear to have instant access to the Claims Information.

The Order "modifies, amends and supersedes" PTO 13, which has governed confidentiality issues in this Litigation. *Id.* at ¶3. PTO 13 contained no restriction limiting HESI's access to confidential information. However, the modifications of the Order appear to place an unnecessary, and unequal, burden upon, and would hinder HESI's efforts to gather Claims Information, which is very important in order for HESI to: (i) fully evaluate the merits

2

and fairness of the proposed Economic and Property Damages Settlement Agreement; (ii) conduct a meaningful analysis of how and why claims are paid under the Settlement Agreement, given that these payments presumably form the basis for a contribution claim or the baseline for any exemplary damages claims against HESI,[2] and (iii) properly prepare its defenses against any contribution or direct damage claims forthcoming in this Litigation.[3]  Accordingly, HESI seeks clarification of the Court's Order to ensure that the proposed subpoena procedures do not limit HESI's access to Claims Information and that HESI and other parties to this Litigation continue to have the same access rights to information and documents as do Class Counsel and the BP Parties.

Further, pursuant to Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); *see also Harrisonville Tel. Co. v. Ill. Commerce Comm'n,* 472 F. Supp. 2d 1071, 1077 (S.D. Ill. 2006) (stating that the purpose of the provisions of Rule 26 governing protective orders is to facilitate discovery by shielding from disclosure confidential business information such as trade secrets, thereby encouraging parties apprehensive about the disclosure to cooperate in discovery).  While the Court is generally entitled to enter a Protective Order under Rule 26(c), HESI respectfully submits that there is no good cause to restrict HESI from

---

[2] *See* Exhibit 21, §§ 1.1.3, 1.1.3.4 - 1.1.3.6 of the Deepwater Horizon Economic and Property Damages Settlement Agreement, conditionally assigning the BP Parties' claims against HESI to the Economic Class upon the Court's approval of the Settlement Agreement.  (Rec. Doc. 6276 - 39).

[3] In general, a party may obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  As Judge Wilkinson noted, non-settling defendants have a right to access confidential settlement information where those defendants have asserted the potential relevance of settlement materials. *See Cleveland Constr., Inc. v. Whitehouse Hotel L.P.,* No. 01-2666, 2004 U.S. Dist. LEXIS 3058, at *3-4 (E.D. La. Feb. 25, 2004).  Here, the Claims Information is properly discoverable in the Litigation because this information could serve as the basis for an individual claimant's potential claims against HESI or for contribution claims.

access to Claims Information. To the contrary, this information is essential to HESI because the Claims Information will likely serve as the basis for claims against it.

### III.   CONCLUSION

HESI requests this Court to clarify its Order with regard to HESI's access to Claims Information. HESI also prays for all other relief, legal and equitable, to which it is justly entitled.

Respectfully Submitted,

**GODWIN RONQUILLO PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
dgodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
bbowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
jmartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
fhartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
ghill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
JvonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

5

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Memorandum in support of the Motion for Clarification has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 11th day of July, 2012.

/s/ Donald E. Godwin
Donald E. Godwin

1947556 v3-24010/0002 PLEADINGS