**UNITED STATES DISTRICT OF COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | § § § | MDL NO. 2179 |
| | | SECTION:  J |
| APPLIES TO: | § | JUDGE BARBIER |
| BUNDLE B1 CASES | § § | MAGISTRATE SHUSHAN |

## MEMORANDUM IN SUPPORT OF DEFENDANTS HALLIBURTON ENERGY SERVICES, INC., TRANSOCEAN, AND M-I L.L.C.'S MOTION TO DISMISS RECREATION CLAIMS INCLUDED IN PLAINTIFFS' FIRST AMENDED BUNDLE B1 MASTER COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION AND PROCEDURAL HISTORY ..................................................................1

STATEMENT OF FACTS.............................................................................................................2

SUMMARY OF ARGUMENT .....................................................................................................3

ARGUMENT AND AUTHORITY ...............................................................................................5

    I.      Plaintiffs' Claims, if Any, Arise Under the Court's Admiralty Jurisdiction. ...........5

    II.     OPA Provides The Exclusive Remedy For Plaintiffs' Claims, if Any....................5

    III.    Because They do not Allege Physical Damage to a Proprietary Interest, Plaintiffs'
           Claims Against Defendants are Barred by the Economic Loss Rule......................9

    IV.    Plaintiffs Cannot Recover Punitive Damages from Defendants. .........................10

    V.     Conclusion ............................................................................................................11

# TABLE OF AUTHORITIES

CASES

*Akron Corp. v. M/T Cantigny*,
   706 F.2d 151 (5th Cir. 1983) .................................................................................................10

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009)...................................................................................1, 9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................................1, 9

*Brown v. S. Fla. Fishing Extreme, Inc.*,
   No. 08-CV-20678, 2008 U.S. Dist. Lexis 49452 (S.D. Fla. June 27, 2008).............................4

*Byrne v. Nezhat*,
   261 F.3d 1075 (11th Cir. 2001) ...............................................................................................11

*Clausen v. M/V New Carissa*,
   171 F. Supp. 2d. 1127 (D. Or. 2001) .......................................................................................11

*Gabarick v. Laurin Mar. (Am.) Inc.*,
   623 F. Supp. 2d 741 (E.D. La. 2009)..................................................................................3, 8-9

*Gatlin Oil Co. v. United States*,
   169 F.3d 207 (4th Cir. 1999) .....................................................................................................6

*In re Jahre Spray II K/S*,
   1996 U.S. Dist. LEXIS 11594 (D. N.J. Aug. 5, 1996).............................................................6

*Johnson v. Colonial Pipeline Co.*,
   830 F. Supp. 309 (E.D. Va. 1993) ............................................................................................6

*Kingston Shipping Co. v. Roberts*,
   667 F.2d 34 (11th Cir. 1983) .............................................................................................9-10

*Levy v. Ohl*,
   477 F.3d 988 (8th Cir. 2007) .....................................................................................................4

*Lum v. Bank of Am.*,
   361 F.3d 217 (3d Cir. 2004)......................................................................................................4

*Nat'l Shipping Co. of Saudi Arabia v. Moran Mid-Atl. Corp.*,
   924 F. Supp. 1436 (E.D. Va. 1996) ...........................................................................................6

*Reserve Mooring, Inc. v. Am. Commercial Barge Line, LLC*,
   251 F.3d 1069 (5th Cir. 2001) ...................................................................................................9

*Robins Dry Dock & Repair Co. v. Flint,*
   275 U.S. 303 (1927) ................................................................................. 9-10

*S. Port Marine, LLC v. Gulf Oil Ltd. P'ship,*
   234 F.3d 58 (1st Cir. 2000) ................................................................. 6, 8, 11

*State of Louisiana v. M/V Testbank,*
   752 F.2d 1019 (5th Cir. 1985) .........................................................................9

*Sulzer Carbomedics v. Or. Cardio-Devices, Inc.,*
   257 F.3d 449 (5th Cir. 2001) ........................................................................11

*In re Taira Lynn Marine Ltd. No. 5, LLC,*
   444 F.3d 371 (5th Cir. 2006) ...........................................................................9

*Tanguis v. M/V Westchester,*
   153 F. Supp. 2d 859 (E.D. La. 2001) ..............................................................6

*Universal Express, Inc. v. SEC,*
   177 F. App'x 52 (11th Cir. 2006) ...................................................................4

## STATUTES

33 U.S.C. §§ 2701 ...............................................................................................4

33 U.S.C. § 2702 .............................................................................................3, 8

33 U.S.C. § 2704(b) ............................................................................................4

33 U.S.C. § 2709 ................................................................................................8

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ................................................*Passim*

Defendants Halliburton Energy Services, Inc. ("HESI"), Transocean,[1] and M-I L.L.C., ("M-I"), (hereinafter collectively "Defendants"), file this memorandum in support of their motion asking the Court to dismiss all Recreation Claims, as defined in the Court's June 12, 2012 Order (Dkt. No. 6657), asserted against Defendants in Plaintiffs' First Amended Bundle B1 Master Complaint (and other underlying complaints and short form joinders) pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

## INTRODUCTION AND PROCEDURAL HISTORY

On February 9, 2011, the Plaintiffs Steering Committee filed its First Amended Bundle B1 Master Complaint (the "Master Complaint").  (Dkt. No. 1128 [10-2179]).  The Master Complaint includes claims brought by plaintiffs who use the Gulf of Mexico for recreation and amusement purposes (the "Plaintiffs" or the "Recreation Claimants") within its coverage. (Master Complaint ¶¶ 158, 209(e)).

On August 26, 2011, this Court issued its Order and Reasons in response to the Defendants' Motions to Dismiss the Bundle B1 Master Complaint ("Order and Reasons"). (Dkt. No. 3830).  In its Order and Reasons, the Court concluded that "[t]his case falls within the Court's admiralty jurisdiction" and that "with admiralty jurisdiction comes the 'application of substantive admiralty law.'"  (Order and Reasons at 8 (quoting *Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 545 (1995))).  The Court further concluded that "state law is inapplicable to this case[.]"  (Order and Reasons at 18).  Based upon the foregoing, Plaintiffs have no state law claims against HESI, Transocean, or M-I

---

[1] "Transocean" includes defendants Transocean Offshore Deepwater Drilling, Inc. and Transocean Deepwater, Inc., ("Transocean").  The Complaint also identified Transocean Ltd. as a defendant.  Transocean Ltd. filed a motion challenging personal jurisdiction and, therefore, does not join in the present motion.

[2] Defendants expressly reserve their rights to assert "any other defense that may be specific or unique to any particular plaintiff" pursuant to Pre-Trial Order No. 25, ¶ 15, including the right to challenge the adequacy of the claims under the principles set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

This Court's Order and Reasons also recognized that before the enactment of the Oil Pollution Act of 1990, 33 U.S.C. §§ 2701, *et seq.* ("OPA"), claimants such as Plaintiffs, who alleged economic loss claims without alleging physical injury to their property or other proprietary interest, "would not have had a viable cause of action and would be precluded from any recovery by virtue of *Robins Dry Dock.*" (Order and Reasons at 24-25). Moreover, the Court noted that "[u]nder OPA, a claimant is required to first present a claim to the Responsible Party." (Order and Reasons at 25). Finally, the Court ruled that:

> [g]eneral maritime law claims that do not allege physical damage to a proprietary interest are dismissed under the *Robins Dry Dock* rule, unless the claim falls into the commercial fisherman exception. OPA claims for economic loss need not allege physical damage to a proprietary interest.

(Order and Reasons at 38).

Thereafter, on June 12, 2012, the Court ordered Defendants to "file any motions and briefs regarding the legal viability (under OPA or any other legal theory) of the . . . Recreation Claims . . . no later than July 11, 2012." (Dkt. No. 6657 at 2). Defendants file this brief and the accompanying Motion in response to the Court's request and move to dismiss the Recreation Claimants' claims.

## STATEMENT OF FACTS

According to the allegations in the Master Complaint, Defendant BP was the holder of a lease granted by the Minerals Management Service authorizing the exploration, development and production of oil in Mississippi Canyon Block 252 in the Gulf of Mexico. (Master Complaint ¶ 272). BP conducted activities at this site on the *Deepwater Horizon*, a "dynamically-positioned semi-submersible deepwater drilling vessel" built for and owned by Defendant Transocean and leased to Defendant BP for the purpose of drilling exploratory wells. (*Id.* ¶¶ 286-87). Plaintiffs

allege that HESI was responsible for the provision of technical advice about the design, modeling, placement, and testing of the cement that was used in the Macondo well.  (*Id.* ¶ 226).[3]

On April 20, 2010, there was an explosion on board the *Deepwater Horizon* during well completion efforts.  (*Id.* ¶ 258).  Subsequently, the *Deepwater Horizon* sank into the Gulf of Mexico, releasing crude oil from the floor of the Gulf.  (*Id.*).  Plaintiffs allege that certain claimants have suffered "damages including, *inter alia*, loss of deposits for vacation rentals, loss of enjoyment of life from the inability to use the Gulf of Mexico for recreation and amusement purposes." (*Id.* ¶¶ 158, 209 (e)).

## SUMMARY OF ARGUMENT

Consistent with the Court's August 26, 2011 Order and Reasons (Dkt. No. 3830), Plaintiffs have no state law causes of action as "state law is inapplicable to this case[.]"  (Order and Reasons at 18).  Further, OPA provides the only federal remedy, if any, for the solely economic damages that Plaintiffs allege.[4]  (*See* Order and Reasons at 24-25).  As the exclusive federal remedial scheme for such damages, OPA specifically preempts or displaces[5] maritime tort claims seeking damages caused by oil spills.

---

[3] Plaintiffs also allege that Sperry was responsible for providing mudlogging personnel on the rig and those personnel were partially responsible for monitoring the well.  (Master Complaint ¶ 227).  To the extent Plaintiffs assert claims against Sperry in the Master Complaint, HESI expressly adopts the arguments set forth herein as being applicable to Sperry in addition to HESI.

[4] BP and other aligned OPA Responsible Parties are filing a separate brief addressing the bases for dismissal of Plaintiffs' Recreation Claims under OPA.  Nothing in Defendants' Motion or Brief should be read as supporting the existence of a Recreation Claim under OPA.

[5] The doctrine of "preemption" generally pertains to the effect of federal law on state law, where there are concerns associated with federalism and balancing states' rights.  However, the discussion herein regarding OPA's effect on federal common law (*i.e.*, maritime law) pertains to the effect of a federal statute on a body of federal law, not state law.  In such instances, the federal statute more accurately "displaces" the federal common law, and there are no corresponding federalism issues.  Nevertheless, in discussing OPA's effect on federal maritime law, certain courts have referred to this issue as one of "preemption," and other courts seem to use "preemption" and "displacement" interchangeably.  *See, e.g., Gabarick v. Laurin Mar. (Am.) Inc.,* 623 F. Supp. 2d 741, 750-51 (E.D. La. 2009) (holding that "all [general maritime law] claims that are recoverable under OPA, specifically those covered damages enumerated in 33 U.S.C. § 2702, are preempted by OPA").  To avoid confusion with supporting case law, Defendants' discussion of OPA asserts that the statute "preempts or displaces" federal maritime law.

Importantly, OPA only allows for claims to be asserted against a "responsible party," as that term is defined by OPA.[6]   (*See* Order and Reasons at 25).  The Coast Guard has designated BP and certain other defendants as "responsible parties" under OPA.[7]  Because neither HESI nor M-I is an OPA "responsible party," Plaintiffs' claims should be dismissed.

While Transocean was duly noted a "responsible party" by the Coast Guard, this Court has held that Transocean is a responsible party under OPA only with respect to the discharge from the vessel on or above the surface.  *See* Dkt. No. 5809.  Transocean is not a "responsible party" with respect to the subsurface discharge of oil from the Macondo well.  *Id*.  The Court held that since the *Deepwater Horizon* was being used as "an offshore facility . . . then the responsible party is the lessee (the responsible party for an offshore facility)."  *Id*. at 6-7.  The Court held that "[T]herefore, with respect to the subsurface discharge, BP and Anadarko are [the]

---

[6] 33 U.S.C. §§ 2701(32) (defining "responsible party" of "vessels" and "offshore facilities") and 2702 (describing the liability of "responsible parties").  For limitation of liability purposes, under OPA, a MODU such as the *Deepwater Horizon* may be treated as a "vessel" or an "offshore facility" depending on the nature of an oil spill and/or the extent of damages caused by a spill.  *See* 33 U.S.C. § 2704(b).  To the extent the *Deepwater Horizon* is treated as a "vessel," OPA defines a "responsible party" as "any person owning, operating, or demise chartering the vessel."  *Id.* § 2701(32)(A).  To the extent the *Deepwater Horizon* is treated as an "offshore facility," OPA defines a "responsible party," in relevant part, as "the lessee or permittee of the area in which the facility is located[.]"  *Id.* § 2701(32)(C).  Regardless of the limitation of liability treatment afforded the *Deepwater Horizon* under the Act, HESI and M-I were third-party contractors on the vessel and, therefore, satisfy neither definition of a "responsible party."

[7] In the days following the *Deepwater Horizon* incident, the Coast Guard designated BP as an OPA responsible party.  *See* http://www.uscg.mil/foia/docs/DWH/2094.pdf (including the Coast Guard's correspondence to BP, designating it as a responsible party under OPA and BP's acknowledgment of that designation); *see also* Rec. Doc. 5809, in which this Court held that Transocean is not a responsible party for the subsurface discharge from the Macondo well;  Gulf;  OIL   SPILL   COST   AND   REIMBURSEMENT   FACT   SHEET, http://www.restorethegulf.gov/release/2011/01/11/oil-spill-cost-and-reimbursement-fact-sheet (noting that Anadarko and MOEX have also been designated as responsible parties).  Copies of these documents are attached as Exhibit A. *See also Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004) (internal citations omitted) (noting that in deciding a motion to dismiss, courts may consider matters of public record).

Moreover, courts may consider facts not specifically alleged in the complaint when considering a 12(b)(6) motion.  *See Universal Express, Inc. v. SEC*, 177 F. App'x 52, 53-54 (11th Cir. 2006); *Brown v. S. Fla. Fishing Extreme, Inc.,* No. 08-CV-20678, 2008 U.S. Dist. Lexis 49452, at * 3-4 (S.D. Fla. June 27, 2008); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) ("materials that are part of a public record or do not contradict the complaint may be considered by a court in deciding a Rule 12(b)(6) motion").

Responsible Parties," and Transocean is not.  *Id.* at 8.  Consequently, Plaintiffs' OPA claim against Transocean for subsurface discharge of crude oil should be dismissed.[8]

Even assuming Plaintiffs' general maritime law claims against Defendants are not preempted by OPA, such claims require dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs seek exclusively economic damages without alleging physical injury to a proprietary interest.  Such claims are barred by the "economic loss rule" established under both federal maritime and state law.

Therefore, Defendants request that this Court dismiss all Recreation Claims asserted against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ARGUMENT AND AUTHORITY

### I.  PLAINTIFFS' CLAIMS, IF ANY, ARISE UNDER THE COURT'S ADMIRALTY JURISDICTION.

As this Court held in its Order and Reasons, "[t]his case falls within the Court's admiralty jurisdiction" and "[w]ith admiralty jurisdiction comes the 'application of substantive admiralty law.'"  (Order and Reasons at 8 (quoting *Grubart, Inc.,* 513 U.S. at 545)).  The Court further concluded that "state law is inapplicable to this case[.]"   (Order and Reasons at 18).  Accordingly, admiralty law, not state law, governs Plaintiffs' claims and Plaintiffs' state law claims should be dismissed.

### II.  OPA PROVIDES THE EXCLUSIVE REMEDY FOR PLAINTIFFS' CLAIMS, IF ANY.

Because Plaintiffs seek oil spill-related damages of the type potentially recoverable under OPA, OPA is the exclusive remedy for the types of damages alleged, to the extent any remedy is

---

[8] For purposes of this Brief, neither HESI nor M-I takes a position regarding whether Transocean is an OPA responsible party or regarding the distinction between surface versus sub-surface release.

available.[9]  *See S. Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 234 F.3d 58, 65-66 (1st Cir. 2000) (citations omitted) (noting that Congress has established a "comprehensive" scheme that outlines with particularity the types of damages recoverable under OPA and that this is a "strong indication that Congress intended the OPA to be the sole federal law applicable in this area of maritime pollution").

Congress enacted OPA in the wake of the *Exxon Valdez* oil spill to provide a prompt, federally-coordinated response to oil spills in the navigable waters of the United States and to compensate innocent victims.  *Gatlin Oil Co. v. United States*, 169 F.3d 207, 209 (4th Cir. 1999). OPA provides a comprehensive statutory framework for parties injured by oil spills in navigable waters to make claims to a designated responsible party for recovery of costs and damages.  *See* 33 U.S.C. §§ 2701, *et seq.*  OPA "represents Congress's attempt to provide a comprehensive framework in the area of marine oil pollution."  *Tanguis v. M/V Westchester*, 153 F. Supp. 2d 859, 867 (E.D. La. 2001) (citations omitted).  Its purpose is "to promote settlement and avoid litigation."  *Johnson v. Colonial Pipeline Co.*, 830 F. Supp. 309, 310 (E.D. Va. 1993).

Plaintiffs seek relief for the types of damages Congress made potentially recoverable under OPA.  *See S. Port Marine*, 234 F.3d at 65-66; *see also In re Jahre Spray II K/S*, 1996 U.S. Dist. LEXIS 11594, at * 11-12 (D. N.J. Aug. 5, 1996) (noting that in the wake of the *Exxon Valdez* incident, OPA was developed as a comprehensive statutory scheme that would deal with all compensation issues surrounding an oil spill, including liability levels for the respective responsible parties); *Nat'l Shipping Co. of Saudi Arabia v. Moran Mid-Atl. Corp.*, 924 F. Supp. 1436, 1447 (E.D. Va. 1996) ("OPA clearly preempts maritime law as to recovery of cleanup

---

[9]  Defendants recognize that this Court has previously determined that OPA does not fully preempt any claim brought under general maritime law.  Defendants respectfully disagree with that determination and this preemption argument is included as a preservation measure.

expenses and the cost of compensating injured persons.").  Specifically, under OPA, injured parties may recover a broad range of damage categories from a responsible party, including:

Natural resources

> Damages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage, which shall be recoverable by a United States trustee, a State trustee, an Indian tribe trustee, or a foreign trustee.

Real or personal property

> Damages for injury to, or economic losses resulting from destruction of, real or personal property, which shall be recoverable by a claimant who owns or leases that property.

Subsistence use

> Damages for loss of subsistence use of natural resources, which shall be recoverable by any claimant who so uses natural resources which have been injured, destroyed, or lost, without regard to the ownership or management of the resources.

Revenues

> Damages equal to the net loss of taxes, royalties, rents, fees, or net profit shares due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by the Government of the United States, a State, or a political subdivision thereof.

Profits and earning capacity

> Damages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant.

Public services

> Damages for net costs of providing increased or additional public services during or after removal activities, including protection from fire, safety, or health hazards, caused by a discharge of oil, which shall be recoverable by a State, or a political subdivision of a State.

33 U.S.C. § 2702(b)(2).

Regarding the preemptive effect of OPA, "all [general maritime law] claims that are recoverable under OPA, specifically those covered damages enumerated in 33 U.S.C. § 2702, are preempted by OPA." *Gabarick v. Laurin Mar. (Am.) Inc.*, 623 F. Supp. 2d 741, 750-51 (E.D. La. 2009) ("This Court finds that an evaluation of the *Oswego* factors indicates that OPA preempts general maritime law claims that are recoverable under OPA."). Consequently, any attempt by Plaintiffs to recover oil spill-related damages addressed by OPA under common law negligence theories must fail. Plaintiffs contend that "as a direct and proximate result of Petitioners' negligence, [Plaintiffs] have suffered damages including "loss of deposits for vacation rentals, loss of enjoyment of life from the inability to use the Gulf of Mexico for recreation and amusement purposes." (Master Complaint ¶ 158).

Plaintiffs' alleged damages are encompassed by, though not necessarily recoverable under, OPA Section 2702(b). Because "Congress intended OPA to be the exclusive federal law governing oil spills," *S. Port Marine*, 234 F.3d at 65-66, Plaintiffs' claims against Defendants for recovery of oil spill-related damages fail as a matter of law, requiring dismissal under Federal Rule of Civil Procedure 12(b)(6). Instead, Plaintiffs' sole remedy under OPA, if any exists, lies only against the designated OPA responsible party or parties. 33 U.S.C. § 2702(a).

Recourse against the responsible party or parties is the sole remedy for those injured by an oil release. Recovery, if any, against non-responsible third parties is limited to an action for contribution by the responsible party or parties, *not direct claims against non-responsible third parties by those alleging injury resulting from an oil release*. *See* 33 U.S.C. § 2709. As the Court in *Gabarick* explained:

> In light of Congress's intent to minimize piecemeal lawsuits and the mandatory language of OPA discussed earlier, it appears that Claimants should pursue claims covered under OPA only against the responsible party and in accordance with the procedures established by OPA.  Then, the responsible party can take action to recover against third parties.

623 F. Supp. 2d at 750.  Plaintiffs, therefore, can only state viable OPA claims against the designated responsible party or parties, and only in compliance with OPA's mandatory prerequisites.  Because HESI, Transocean[10] and M-I are not OPA responsible parties, the Court should dismiss all claims against Defendants with prejudice because Plaintiffs have failed to state a proper claim.[11]

## III. BECAUSE THEY DO NOT ALLEGE PHYSICAL DAMAGE TO A PROPRIETARY INTEREST, PLAINTIFFS' CLAIMS AGAINST DEFENDANTS ARE BARRED BY THE ECONOMIC LOSS RULE.

Assuming, *arguendo,* that Plaintiffs' claims against Defendants are not otherwise preempted or displaced by OPA, such claims would nonetheless fail under the economic loss rule because they seek recovery for economic losses absent physical injury to a proprietary interest.  *See Robins Dry Dock & Repair Co. v. Flint,* 275 U.S. 303, 309 (1927).  "It is unmistakable that the law . . . does not allow recovery of purely economic claims absent physical injury to a proprietary interest in a maritime negligence suit."  *In re Taira Lynn Marine Ltd. No. 5, LLC*, 444 F.3d 371, 377 (5th Cir. 2006); *see also Reserve Mooring, Inc. v. Am. Commercial Barge Line, LLC*, 251 F.3d 1069, 1072 (5th Cir. 2001) ("[P]hysical injury to a proprietary interest is a prerequisite to recovery of economic damages in cases of unintentional maritime tort."); *State of Louisiana v. M/V Testbank*, 752 F.2d 1019, 1022 (5th Cir. 1985); *Kingston*

---

[10] *See supra* note 8.

[11] By this Motion, Defendants do not waive their rights to move to dismiss any of the underlying complaints for their failure to comply with the *Twombly/Iqbal* pleading standard, which requires that the "complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

*Shipping Co. v. Roberts,* 667 F.2d 34 (11th Cir. 1983).  The rule's purpose is to prevent limitless liability for negligence and the filing of lawsuits of a highly speculative nature.  *Akron Corp. v. M/T Cantigny*, 706 F.2d 151, 153 (5th Cir. 1983).

In the Master Complaint, Plaintiffs allege damages in the form of "loss of deposits for vacation rentals, loss of enjoyment of life from the inability to use the Gulf of Mexico for recreation and amusement purposes."  (Master Complaint ¶ 158).[12]  Significantly, Plaintiffs do not allege that they suffered any physical damage to a proprietary interest, rendering their claims for purely economic losses precisely the kinds of speculative claims that the economic loss rule was created to preclude.  *See Akron Corp.,* 706 F.2d at 153.  Accordingly, because Plaintiffs do not allege and cannot demonstrate physical damage to a proprietary interest, their claims against Defendants should be dismissed.  *See also* Order and Reasons at 24-25 (ruling that claimants who allege economic loss claims without alleging physical injury to their property or other proprietary interest "would not have had a viable cause of action and would be precluded from any recovery by virtue of *Robins Dry Dock*.").

In sum, Plaintiffs' alleged damages are purely economic in nature.  As Justice Holmes succinctly expressed in *Robins Dry Dock,* "[t]he law does not spread its protection so far."  275 U.S. at 309.  In the absence of any allegation of physical injury to a proprietary interest, this Court should dismiss Plaintiffs' claims against HESI, Transocean, and M-I.

## IV.   PLAINTIFFS CANNOT RECOVER PUNITIVE DAMAGES FROM DEFENDANTS.

In addition to the other damage claims discussed *supra*, Plaintiffs seek punitive damages. (Master Complaint ¶¶ 562, 707, 731, 748-770).  As a matter of law, Plaintiffs cannot recover

---

[12] *See also* Dkt. No. 6657 at 2 (defining "Recreation Claims" as "claims by or on behalf of recreational fishermen, recreational divers, beachgoers, recreational boaters, etc., that they have suffered that include loss of enjoyment of life from the inability to use portions of the Gulf of Mexico for recreation and amusement purposes").

punitive damages. Punitive damages are not a separate cause of action. *Sulzer Carbomedics v. Or. Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1087 (11th Cir. 2001) (noting that plaintiff's claim for punitive damages was not a separate cause of action). Instead, such claims "must relate to some separate cause of action which permits recovery of punitive damages." *S. Port Marine, LLC,* 234 F.3d at 64.

As established, Plaintiffs have no state law claims, OPA provides Plaintiffs' exclusive potential remedy here, and Plaintiffs cannot bring an OPA claim against Defendants. Further, OPA does not permit the recovery of punitive damages. *S. Port Marine*, 234 F.3d at 65-66. The statute's comprehensive list of recoverable damages is exclusive as "Congress intended OPA to be the sole federal law applicable in this area of maritime pollution." *Id.* at 65. Thus, as a matter of law, Plaintiffs cannot recover punitive damages, even if their claims are construed as maritime tort claims. *See Clausen v. M/V New Carissa*, 171 F. Supp. 2d. 1127, 1133 (D. Or. 2001) (holding that OPA precludes recovery of punitive damages under any general maritime law theory for which OPA could provide relief). Moreover, even if this Court determines that OPA does not preempt or displace maritime law as to non-responsible parties, the economic loss rule requires dismissal of Plaintiffs' claims for economic damages. Thus, in the absence of any viable underlying claims against Defendants, Plaintiffs are precluded from recovery of punitive damages. Therefore, this Court should dismiss Plaintiffs' claim for punitive damages against HESI, Transocean, and M-I.

## V.     CONCLUSION

Plaintiffs have failed to plead viable claims against HESI, Transocean, and M-I as a matter of law. Therefore, pursuant to Rule 12(b)(6), the Court should dismiss Plaintiffs' claims against Defendants in their entirety.

Dated: July 11, 2012

Respectfully submitted,

**GODWIN RONQUILLO PC**

**By:**  /s/  *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
FHartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
GHill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No.  20618150
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No.  24032277
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES, INC.**

Respectfully submitted,

By: ___/s/ Steven L. Roberts_____
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas,
No. 00784125)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas  77002
Telephone:  (713) 470-6100
Facsimile:  (713) 654-1301
E-:mail:  steven.roberts@sutherland.com,
Rachel.clingman@sutherland.com

-and-

By: ___/s/ Edwin G. Preis, Jr._____
Edward G. Preis, Jr. (Louisiana, No. 10703)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana  70501
Telephone:  (337) 237-6062
Facsimile:  (337) 237-9129

601 Poydras Street, Suite 1700
New Orleans, Louisiana  70130
Telephone:  (504) 581-6062
Facsimile:  (504) 522-9129
Email:  egp@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Razyor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas  77002
Telephone:  (713) 224-9380
Facsimile:  (713) 225-9945
Email:  john.elsley@roystonlaw.com

**ATTORNEYS    FOR    DEFENDANTS
TRANSOCEAN              OFFSHORE
DEEPWATER  DRILLING,  INC.,  AND
TRANSOCEAN DEEPWATER, INC.**

By: ___/s/ Kerry J. Miller_____
Kerry J. Miller (Louisiana, No. 24562)
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana  70163
Telephone:  (504) 599-8169
Facsimile:  (504) 599-8154
Email:  kmiller@frilot.com

-and-

By: ___/s/ Brad D. Brian_____
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071
Telephone:  (213) 683-9100
Facsimile:  (213) 683-5180, (213) 683-4018
Email:  brad.brian@mto.com,
allen.katz@mto.com

**ATTORNEYS    FOR    DEFENDANTS
TRANSOCEAN              OFFSHORE
DEEPWATER  DRILLING,  INC.,  AND
TRANSOCEAN DEEPWATER, INC.**

Respectfully submitted,

**OF COUNSEL:**
MORGAN, LEWIS & BOCKIUS LLP

MORGAN, LEWIS & BOCKIUS LLP

Derek E. Leon
dleon@morganlewis.com
Texas Bar No. 24002463
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  (305) 415-3000
Facsimile:  (305) 415-3001

By: /s/ Hugh E. Tanner
     Hugh E. Tanner
     htanner@morganlewis.com
     Texas Bar No. 19637400
     1000 Louisiana, Suite 4000
     Houston, Texas  77002
     Telephone:  (713) 890-5000
     Facsimile:  (713) 890-5001

Denise Scofield
dscofield@morganlewis.com
Texas Bar No. 00784934
1000 Louisiana, Suite 4000
Houston, Texas  77002
Telephone:  (713) 890-5000
Facsimile:  (713) 890-5001

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

**ATTORNEYS FOR DEFENDANT
M-I L.L.C.**

14

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of Defendants' Motion to Dismiss Recreation Claims Included in Plaintiffs' First Amended Bundle B1 Master Complaint has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 11th day of July, 2012.

/s/ Donald E. Godwin
Donald E. Godwin