IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | *<br>*<br>*<br>*<br>* | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | *<br>* | Judge Barbier |
| *All cases* | *<br>* | Magistrate Judge Shushan |

**BRIEF OF DEFENDANT CAMERON TO CONFIRM
<u>DISMISSAL OF "BP DEALER CLAIMS"</u>**

As ordered by the Court (Doc. 6657, ¶ 2), Cameron International Corporation ("Cameron") respectfully submits this brief to address "BP Dealer Claims."  In its order resolving the motions to dismiss the B1 claims (Doc. 3830), this Court has already dismissed all such "BP Dealer Claims" asserted against Cameron in the First Amended B1 Master Complaint (Doc. 1128; the "B1 Master Complaint").  Cameron respectfully submits that after briefing on these and similar claims, the Court should reaffirm dismissal of all the "BP Dealer Claims" asserted against Cameron in this proceeding.

**1. The "BP Dealer Claims" Against Cameron Have Already Been Dismissed.**

The "BP Dealer Claims" are those claims "by or on behalf of entities marketing BAP-branded fuels" alleging "that they have suffered damages, including loss of business, income, and profits, as a result of the loss of value to the "BP" brand or name."  Doc. 6657 ¶ 2.

Cameron moved to dismiss these claims as part of its motion to dismiss all the claims in the B1 Master Complaint.  Doc. 1395.  This Court resolved Cameron's motion along with all such similar motions in its ruling on the B1 motions to dismiss in Document 3830, published at 808 F. Supp.2d 943.

1098911v1

The B1 Master Complaint did not assert a claim against Cameron under the Oil Pollution Act of 1990 ("OPA"), because Cameron is concededly not a "responsible party" made directly liable to claimants under OPA.  *See* 33 U.S.C. § 2702(a).  In this context it is clear that this Court's B1 dismissal order dismissed all the "BP Dealer Claims" in the Master Complaint that *were* asserted against Cameron in the B1 Master Complaint.

"All claims brought under state law are dismissed."  808 F. Supp.2d at 968.  In addition to dismissing state law claims as such, this Court also held that "state law may not be adopted as surrogate federal law under" the Outer Continental Shelf Lands Act ("OCSLA"), U.S.C. § 1333(a)(2)(A).  808 F. Supp. 2d at 953.

Ruling that maritime law claims against Cameron and others who are not OPA "responsible parties" were not displaced by OCSLA or OPA, the Court nevertheless held that "[g]eneral maritime law claims that do not allege physical damage to a proprietary interest are dismissed under the *Robins Dry Dock* rule, unless the claim falls into the commercial fisherman exception."  808 F. Supp.2d at 968-69.  By definition, the "BP Dealer Claims" do not allege such physical injury and are subject to the *Robins Dry Dock* rule.  By the terms of the B1 Order, therefore, this Court dismissed the "BP Dealer Claims" against Cameron under federal law.

## 2. Preservation of Cameron's Legal Positions

As the Court is aware, Cameron's dismissal arguments did not rely on maritime law.  By recounting how the Court has dismissed the "BP Dealer Claims" against it, Cameron does not alter its position on applicable law.

As Cameron contended in its B1 dismissal brief, Doc. 1395-1, Cameron continues to submit that the oil spill claims are governed by OCSLA (Doc. 1395-1, pp. 1, 6-13); that OCSLA preempts the application of state law as such (Doc. 1395-1, pp. 1-2, 21-24); that

OCSLA and OPA together displace general maritime law (Doc. 1395-1, pp. 13-21); and that state law may not be adopted as surrogate federal law under OCSLA for direct oil spill claims because under the terms of 43 U.S.C. § 1333(a)(2)(A), adjacent state law (the law of Louisiana) would be "inconsistent with" OPA as the applicable "other federal law" (Doc. 1395-1, pp. 3-5, 25-29).

**3. Conclusion**

In the end, the proper choice of applicable federal law does not matter. Cameron's legal positions lead to the same result as the Court's B1 dismissal order. Doc. 1395-1. All the "BP Dealer Claims" fail to state a claim against Cameron as a matter of any applicable state or federal law – OCSLA, OPA, or maritime law. Cameron therefore respectfully requests that the Court acknowledge and reaffirm that it has dismissed all "BP Dealer Claims" against Cameron.

Respectfully submitted,

| | |
|---|---|
| David J. Beck, T.A. | */s/ Phillip A. Wittmann* |
| dbeck@brsfirm.com | Phillip A. Wittmann, 13625 |
| Joe W. Redden, Jr. | pwittman@stonepigman.com |
| jredden@brsfirm.com | Carmelite M. Bertaut, 3054 |
| David W. Jones | cbertaut@stonepigman.com |
| djones@brsfirm.com | Jared Davidson, 32419 |
| Geoffrey Gannaway | jdavidson@stonepigman.com |
| ggannaway@brsfirm.com | |
| | |
| BECK, REDDEN & SECREST, L.L.P. | STONE PIGMAN WALTHER WITTMANN L.L.C. |
| One Houston Center | 546 Carondelet Street |
| 1221 Mckinney, Suite 4500 | New Orleans, Louisiana  70130 |
| Houston, TX  77010-2010 | 504-581-3200 |
| 713-951-3700 | 504-581-3361 (fax) |
| 713-951-3720 (fax) | |
| | **ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION** |

1098911v1

**CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th day of July, 2012.

                                                   */s/ Phillip A. Wittmann*

1098911v1