UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig            MDL NO. 2179
"Deepwater Horizon" in the Gulf
of Mexico, on April 20, 2010              SECTION J

Applies to: *All Cases*                    JUDGE BARBIER
                                           MAGISTRATE JUDGE SHUSHAN

### ORDER

[Regarding Schedule 1 Challenges by BP and Transocean to
United States' Privilege Logs (Rec. doc. 6719)]

On June 16, 2011, BP and Transocean submitted a joint challenge to 9 entries on the United States privilege logs. Rec. doc. 6719. The U.S. asserted either the attorney-client privilege or work-product protection for these entries.[1]

**Document No. 1** (N8P004-000176-80).

The U.S. contends that the entire document is protected from disclosure. The basis for the privilege entry ("work-product protection") is "[i]nternal communication discussing request from DOJ counsel made in confidence in preparation for anticipated litigation." It is an email string beginning on June 16, 2010 and ending on July 31, 2010. It pertains to communications among Marcia McNutt, Steve Wereley (a Purdue professor), and Lori Caramanian, Counselor to Assistant Secretary, Water and Science, Department of Interior. Document no. 1 is protected from disclosure as work-product.

**Document No. 2** (N8P004-000181-82).

The U.S. contends that the entire document is protected from disclosure. The basis for the privilege entry ("work-product protection") is "[i]nternal communication discussing request from

---

[1] BP and Transocean raised issues with 9 entries in their June 16 letter brief. The ninth entry concerned HCG156-000005, a July 25, 2011 email from Heather Kennealy. BP and Transocean questioned the logging practices of the U.S. Rec. doc. 6719 at 5. The U.S. responded with a satisfactory explanation. Rec. doc. 6807 at 3. There are only 8 privilege log entries remaining at issue.

DOJ counsel made in confidence in preparation for anticipated litigation." It is an email string beginning and ending on June 16, 2010. The emails are identical to the first three emails on N8P004-000176-80 (Document No. 1). Document no. 2 is protected from disclosure as work-product.

**Document No. 3** (NOA023-001598-01).

The U.S. contends that a portion of the document is protected from disclosure. The basis for the privilege entry ("work-product protection") is "[i]nternal communication discussing request from DOJ counsel made in confidence in preparation for anticipated litigation." It is an email string beginning with December 15 and ending on December 18, 2010 concerning a lawyer's request for a category of information. Document no. 3 is protected from disclosure as work-product.

**Document No. 4** (NOA023-001606-10).

This is the same email string as Document no. 3 (NOA023-001598-01) with one addition. Document no. 4 is protected from disclosure as work-product.

**Document No. 5** (NOA023-001616-20).

This is the same email string as Document no. 3 (NOA023-001598-01) with two additions. Document no. 5 is protected from disclosure as work-product.

**Document No. 6** (NPT086-000085).

This is a compressed version of Document no. 3 (NOA023-001598-01). Document no. 6 is protected from disclosure as work-product.

**Document No. 7** (NPT086-000087).

This is a compressed version of Document No. 4 (NOA023-001606-10). Document no. 7 is protected from disclosure as work-product.

**Document No. 8** (NPT086-000104).

The U.S. contends that two portions of the entire document are protected from disclosure. The basis for the privilege entry ("attorney-client privilege" and "work-product protection") is "[i]nternal communication discussing request from DOJ counsel made in confidence in preparation for anticipated litigation." This is compressed string of email. The string begins with a January 21, 2011 email from Bill Lehr at NOAA to the Plume Team members transmitting a draft summary paper on flow rate.

The first portion of the document (in chronological order) for which the U.S. seeks protection from disclosure concerns a statement on what a DOJ lawyer is doing with experts for the U.S. The statement is protected from disclosure as work-product.

The second portion of the document (in chronological order) for which the U.S. seeks protection from disclosure concerns the writer's understanding of his relationship to the U.S. The statement is not protected from disclosure.

IT IS ORDERED that: (1) the challenges by BP and Transocean to the Schedule 1 privilege assertions by the United States (Rec. doc. 6719) are sustained and overruled as provided herein; and (2) **the deadline for appealing this order is Friday, July 20, 2012.**

New Orleans, Louisiana, this 13th day of July, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**