UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>    "Deepwater Horizon" in the Gulf<br>    of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

**[Regarding Challenges to U.S. Confidentiality Promise Privilege (Rec. doc. 6689)]**

Transocean challenges the assertion by the United States of the "confidentiality promise" for 21 documents relating to Phase Two. Rec. doc. 6689.[1] The U.S. responded and Transocean replied. Rec. docs. 6809 and 6865. By agreement among the parties, 10 of the documents were submitted for *in camera* review. Rec. doc. 6809. The U.S. states that:

> On May 21, 2010, the President signed an executive order creating the Oil Spill Commission ("OSC") and directing it to examine the relevant facts and circumstances concerning the root causes of the Deepwater Horizon oil disaster. The President ordered the OSC to issue a report within six months of its first meeting. The OSC did not have subpoena power, and it relied on the cooperation of individuals involved in the accident and the aftermath. In conducting some of its interviews, the OSC promised witnesses confidentiality in exchange for their frank statements. Transocean challenges 22 such documents related to Phase 2. The challenged documents are generally interview notes or summaries for witnesses to whom the OSC promised confidentiality.

Rec. doc. 6809 at 1 (citations and quotations marks omitted). The report is available online. The Government is not arguing that the report is protected from disclosure. The privilege log provides limited information concerning the documents.[2]

---

[1] The U.S. indicates that 22 documents fit Transocean's criteria. Rec. doc. 6809.

[2] For example, the first entry provides the following: (1) Author - National Commission on the BP/Deepwater Horizon Oil Spill; (2) Description - Notes of Interview with a USCG Employee; and (3) Basis - Information provided to the Commission on assurance of confidentiality. The U.S. designated some of the

The *in camera* review demonstrates that the information contained in the 10 documents is relevant to the claims and defenses of the parties. The U.S. contends that because the information was obtained based on promises of confidentiality, it is privileged and protected from disclosure. It relies on Machin v. Zuckert, 316 F.2d 336 (D.C. Cir. 1963). Following a crash of an Air Force bomber, the Air Force prepared an Aircraft Accident Investigation Report ("AAIR"). The goal of the investigation was to reduce accidents involving Air Force planes and personnel.

> Lacking the power to compel testimony, the investigators encourage frank and full cooperation by means of promises that witnesses' testimony will be used solely for the purposes of flight safety and will not be revealed to persons outside the Air Force.

Id. at 339. The lone survivor of the plane crash sued the manufacturer of the propeller assembly and subpoenaed the AAIR. The D. C. Circuit affirmed the decision to quash the subpoena because: (1) disclosure of the documents would hamper the efficient operation of an important Government program; (2) the documents were sought in litigation to which the Government was not a party; and (3) the Air Force sought to cooperate with the plaintiff.[3]  Id. at 339. The Court held:

> Insofar, therefore, as the subpoena sought to obtain testimony of private parties who participated in the investigation, we agree with the District Court that such information in the hands of the Government is privileged. The privilege extends to any conclusions that might be based in any fashion on such privileged information.

Id. at 339. The plaintiff sought the entirety of the report, but the Court concluded that:

> [C]ertain portions of the report could be revealed without in any way jeopardizing the future success of Air Force accident investigations. We refer to the factual

---

documents as protected by the deliberative process privilege as well as assurances of confidentiality. Transocean requests that the Court resolve the confidentiality promise privilege claim. If this privilege claim is resolved against the U.S., Transocean reports that the deliberative process privilege claim will be resolved in accord with the prior order applicable to such a claim. Rec. doc. 6650.

[3] The cooperation included: (1) a brief review of the report but no copy; (2) a list of witnesses who testified; and (3) production of a summary of the report. 316 F.2d at 337.

>  findings of Air Force mechanics who examined the wreckage.  Their investigations and reports would not be inhibited by knowledge that their conclusions might be made available for use in future litigation, and their findings may well be of utmost relevance to the litigation now pending between appellant and United Aircraft.

Id. at 340 (citations and footnotes omitted).  If the Air Force mechanics expressed any opinions or conclusions about possible defects in the propellers, the Court did not "consider that such expressions would come within the privileges enunciated in our opinion."  Id. at 341.

In Cooper v. Department of Navy, 558 F.2d 274 (5th Cir. 1977), the family of a person killed in a Marine Corps helicopter crash sued the Department of Navy for disclosure of the investigation report.  The Fifth Circuit stated that "in the circumstances of an aircraft accident investigation, assurances of confidentiality may be especially needed to obtain full disclosures."  Id. at 277.  It declined to distinguish between disclosures of private and service personnel as was done in Machin.  Id. at 278.

Transocean argues that the Machin privilege is limited to air crash safety investigations.  It relies on UtahAmerican Energy, Inc. v. U.S. Department of Labor, 700 F.Supp.2d 99 (D.C. 2010), which involved accidents at a Utah mine where six miners and three rescuers were killed.  The Mining Safety & Health Administration ("MSHA") conducted an investigation.  The Department of Labor ("DOL") established an Independent Review Team ("IRT") to investigate the adequacy of the MSHA investigation.  The plaintiff sought records compiled in the course of the IRT investigation.  The DOL sought to protect 12 interview transcripts under Exemption 5 of the Freedom of Information Act ("FOIA") (5 U.S.C. § 552(b)(5)).  The exemption applies to information that would otherwise be subject to a privilege claim and protected from production in the context of civil discovery. 700 F.Supp.2d at 109.  The DOL argued that the interviews were not discoverable under the Machin privilege.  The court rejected the argument because:  (1) the Machin

3

privilege was characterized by the Supreme Court as protecting confidential statements made to Government air crash safety investigators;[4] (2) there is no reference to a broad accident investigation privilege in Machin; (3) the authorities relied upon by the DOL were of questionable persuasiveness; (4) FOIA exemptions must be narrowly construed; and (5) the DOL failed to meet its substantial burden to justify withholding the information. 700 F.Supp.2d at 109.

In Nickerson v. United States, No. 95 C 7395, 1996 WL 563465 (N.D. Ill. 1991), the plaintiff alleged that a doctor, who was employed by the Government committed malpractice. The plaintiff sought the Government's report of the internal investigation. The Government contended that witness statements arising out of the investigation were protected from disclosure by the Machin privilege. The court responded that, "[b]ecause the instant case does not involve confidential statements made to air crash safety investigators, the Machin privilege simply does not apply here." Id. at *3. Instead, the court considered the issue under Exemption 5 of the FOIA.

In Amnesty International USA v. C.I.A., 728 F.Supp.2d 479 (S.D.N.Y. 2010), the Court refused to limit the Machin privilege to protection for confidential statements in air crash safety investigations. Id. at 529. The parties have not cited any Fifth Circuit authority on the issue. The Court finds that the Machin privilege may be applicable to non-air crash accident investigations.

Transocean argues that: (1) the Machin privilege is not absolute; (2) it should not be applied where the Government seeks affirmative relief; and (3) the U.S. waived the privilege when it made the OSC report public.

---

[4] See Dep't of Justice v. Julian, 486 U.S. 1, 20, 108 S.Ct. 1606, 100 L.Ed.2d 1(1988). The decision is concerned, in part, with the applicability of Exemption 5 of FOIA to presentence reports. There was no mention of the Machin privilege in the majority opinion. The dissenting opinion described the Machin privilege as protecting confidential statements made to government air crash safety investigations. 108 S.Ct. at 1617. There was no discussion in the dissenting opinion about the applicability of the Machin privilege to other accident investigations.

Transocean relies on U.S. v. San Antonio Portland Cement Company, 33 F.R.D. 513 (W.D. Tex. 1963), in which the Government sued the taxpayer. The Government was required to produce the Internal Revenue Service documents that the taxpayer contended were necessary to determine the basis for the Government's claim that a refund was erroneously paid. The court found that because the Government was prosecuting the case, it should not be permitted to deny the documents to the taxpayer. It distinguished Machin, in which the Government was not a party. Id. at 515, n.5.

The U.S. responds that, in the June 11, 2012 order regarding BP's challenges to deliberative process privilege claims by the U.S., the Court ruled that the presence of the U.S. as a plaintiff in the MDL does not affect the balancing required to evaluate whether the U.S. is required to produce documents where it asserts a qualified privilege. Rec. doc. 6650. In the context of the deliberative process privilege claims, the Court said it "must weigh the benefit of government agency secrecy against the need for free and open discovery." Rec. doc. 6650 at 3. The Court determined, after review of the emails, that "BP's need for the documents does not outweigh the interest of the U.S. in protecting the deliberative process for the very limited number of documents at issue." Id. at 3-4. The construction placed by the U.S. on the June 11 order is too broad.

The role of the U.S. as a plaintiff in the MDL is determinative of whether the U.S. may employ the Machin privilege to protect disclosure of the interview notes. The U.S. has not cited any decisions employing the Machin privilege in cases where the Government was the plaintiff. Because the U.S. is a plaintiff, its concerns that production of the interview notes will have a chilling effect in future investigations is not determinative of whether the Machin privilege may be employed to prevent disclosure of the interview notes. The public disclosure of the OCS report also weighs against the application of the Machin privilege.

IT IS ORDERED that: (1) Transocean's challenges to the assertion by the United States of the "Confidentiality Promise" privilege over 21 documents (Rec. doc. 6689) are sustained and the documents must be produced; and (2) the **deadline for appealing this order is Friday, July 20, 2012**.

New Orleans, Louisiana, this 13th day of July, 2012.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**