UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DuWAYNE MASON** | * | NO. 2:11-cv-00826(J)(1), c/w MDL No. 2179 |
| **VERSUS** | * | **JUDGE CARL BARBIER** |
| **SEACOR MARINE, LLC** | * | **MAGISTRATE JUDGE SALLY SHUSHAN** |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF MOTION TO SEVER CLAIM FROM "DEEPWATER HORIZON MDL" AND TO SET SCHEDULING CONFERENCE

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, DuWayne Mason, and submits the following memorandum in support of the foregoing Motion to Sever and to Set Scheduling Conference.

**MAY IT PLEASE THE COURT:**

DuWayne Mason served as chief engineer aboard the M/V SEACOR VANGUARD, one of the first responder vessels which came upon the scene of the Deepwater Horizon explosion and rig fire. Positioned downwind from the massive fire on the rig, the M/V SEACOR VANGUARD pumped water on the burning rig for almost forty-eight hours before

the rig collapsed and sank into the ocean. During the vast majority of the time that the M/V SEACOR VANGUARD was assisting in efforts to extinguish the fire, DuWayne Mason was in the relatively confined space of the engine room on the vessel and was exposed to massive amounts of noxious chemicals and fumes from the rig fire.

As a result of the foregoing, DuWayne Mason has suffered severe and irreparable lung damage. DuWayne Mason nonetheless continued working until approximately thirty days ago when he was ordered by his treating pulmonologist to permanently cease working as an engineer or in any other capacity on vessels. Up until the time that his doctor instructed him to cease working, DuWayne Mason employed Herculean efforts to retain his job, reporting to work his last several hitches wearing a respirator to facilitate the function of his damaged lungs.

Because of the filing of the absurd claims by the "Robin" plaintiffs against the first responder vessels, the owners of those vessels, including Seacor, reacted by filing limitation actions, significantly, Civil Action 10:3895, was filed by the owners and operators of the M/V SEACOR VANGUARD. The filing of that claim placed the onus upon DuWayne Mason to file, reluctantly, a claim in the limitation. Simultaneously, out of an abundance of caution, DuWayne Mason went ahead and filed the instant civil action.

Because the Vanguard Limitation matter (Civil Action No. 10:3895) was linked to the Deepwater Horizon MDL (Civil Action No. 2:10-MD-02179-CJB-SS), and because of the

filing of his claim in the Vanguard Limitation, the rules of this Honorable Court required the linkage of this case to the MDL.

On November 22, 2011, this Honorable Court issued an order dismissing with prejudice all claims filed in connection with the Vanguard Limitation (10:3895; R.Doc. 61). That order, at paragraph 3, recognized the unique nature of the DuWayne Mason claim and reserved the DuWayne Mason claim as the only claim not dismissed within the context of the Vanguard Limitation.

Although no documents to this effect have yet been filed, DuWayne Mason hereby stipulates that the value of his claim cannot possibly exceed the valuation of the M/V SEACOR VANGUARD.

Reference to the complaint filed in this maritime action reflects that the only named defendants are the owners and operators of the M/V SEACOR VANGUARD. Significantly, no claims have been filed against any of those who may have been involved in causing the Deepwater Horizon disaster. DuWayne Mason hereby certifies that he has filed no claim in connection with the BP oil spill nor have any claims been submitted in connection with the Deepwater Horizon medical benefits class action settlement agreement.

Undersigned counsel has thoroughly investigated the nature of the medical benefits class action settlement agreement and is satisfied that an adequate remedy is not available for his client within the ambit of that settlement. Undersigned counsel's investigation has

been confirmed through detailed discussions with members of the Plaintiffs' Steering Committee handling the MDL. For its part, Seacor, through counsel, has advised Mr. Mason that Seacor insists that DuWayne Mason first pursue his remedies against BP and others involved in the initial rig disaster. There is no statute, case law nor any order from this Honorable Court that requires such action on DuWayne Mason's part. It is hornbook law that joint and several liability exists under maritime law. As is his privilege, DuWayne Mason has elected to pursue his remedy against his employer based upon the allegations of negligence and unseaworthiness enumerated within the complaint filed in this case. Should Seacor wish to pursue any rights it may have against those responsible for the blow-out/fire, it can do so within the context of the MDL or elsewhere.

With the loss of his highly-compensated position as chief engineer, plaintiff and his family are facing immediate economic catastrophe from the loss of his livelihood. Therefore, it is imperative to the well-being of this seaman, a ward of this Honorable Court, that his case should be handled on an expedited basis and not be held captive by the existence of the MDL. Plaintiff's claim was tenuously connected to the MDL only by virtue of the meritless "Robin" claims, which have all been dismissed with prejudice. This case now stands alone

and, as such, should be separated from the MDL and promptly placed upon the Court's trial docket.

| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
|---|---|
| I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via e-mail (or, if required by the Clerk, by placing same in the U.S. Mail, postage pre-paid) this 16th day of July, 2012.<br><br>/s/Scott E. Silbert | SILBERT & GARON, L.L.P.<br><br>/s/Scott E. Silbert<br>SCOTT E. SILBERT (12068)<br>909 Poydras Street, Suite 2130<br>New Orleans, LA 70112<br>Telephone: 504-581-6200<br>Telecopier: 504-584-5270<br>scott@silbertgaron.com |