# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig | : | MDL NO.  2179 |
| "Deepwater Horizon" in the Gulf | : | |
| of Mexico, on April 20, 2010 | : | SECTION:  J |
| | : | |
| This Document Relates to: All Cases | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |

. .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . .   . . . . .

### PRE-TRIAL ORDER NO. 50:  AMENDING PRE-TRIAL ORDER 13 TO GOVERN THE PRODUCTION OF CERTAIN UNCLASSIFIED BUT CONTROLLED INFORMATION BY THE UNITED STATES

WHEREAS, the discovery phase of this litigation may require production of certain relevant controlled unclassified information to the MDL Parties;

WHEREAS, the discovery phase of this litigation may also result in the inadvertent disclosure of certain categories of controlled unclassified information that is not relevant to discovery requests in this litigation to the MDL Parties;

WHEREAS, various published Federal regulations, Orders, and guidance govern the possession, use, viewing, disclosure, and transfer of such unclassified information in a non-litigation setting, but do not set forth specific instructions for implementing those various Federal directives in the conduct of litigation;

WHEREAS, the United States has filed an unopposed motion for a Protective Order Governing Certain Controlled Unclassified Information in this Action,

IT IS HEREBY ORDERED, pursuant to Federal Rule of Civil Procedure 26(c) and the general supervisory authority of the Court, and for good cause having been shown, THAT:

### DEFINITIONS

The following definitions apply to this Protective Order:

1. Except where otherwise expressly defined in this Protective Order, all terms used herein shall have the same meaning and definition as those in the Pretrial Order 13.

2. "Applied Technology" shall mean, for purposes of this Order, unclassified information established by DOE's Office of Nuclear Energy, Science and Technology (NE) to preserve the foreign trade value of certain NE-funded progress and topical reports containing engineering, development, design, construction, and operation information pertaining to particular programs. Such designation is indicated through contractual requirements or in the task orders under which such information is developed. Foreign party release may require DOE approval pursuant to 10 C.F.R. Part 810, and/or may be subject to Section 127 of the Atomic Energy Act.

3. "Controlled Unclassified Information" or "CUI" shall mean any documents, data, or electronically stored information that contains, describes or refers to any Applied Technology, Export Controlled Information, Official Use Only Information, Unclassified Naval Nuclear Propulsion Information, or Unclassified Controlled Nuclear Information as those categories are defined in this Order. Without limiting the scope of these categories, Controlled Unclassified Information includes drafts, notes of counsel and expert witnesses, and similar writings containing Controlled Unclassified Information.

4. "DOE" shall mean the United States Department of Energy, which includes the National Nuclear Security Administration.

5. "DOE Recollection" shall mean production of documents from the DOE custodians identified in the Court's June 5, 2012 Order Regarding Completion of Phase Two Document Production for the U.S. (Docket # 6617), plus DOE Secretary Steven Chu.

6. "Export Controlled Information" or "ECI" shall mean, for purposes of this Order, unclassified technical information whose export is subject to export control and whose

unrestricted public dissemination could help proliferants or potential adversaries of the United States.  See 10 C.F.R. Part 810; 22 C.F.R §§ 120-130.

7.  "Naval Nuclear Propulsion Information" or "NNPI" shall mean, for purposes of this Order, unclassified information concerning the design, arrangement, development, manufacture, testing, operation, administration, training, maintenance, and repair of the propulsion plants of naval nuclear-powered ships and prototypes, including the associated shipboard and shore-based nuclear support facilities.  See OPNAV Instruction N9210.3.  For purposes of this Order only, NNPI does not include classified information.

8.  "Official Use Only Information" or "OUO Information" is United States government information that may be exempt from public release under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and has the potential to damage governmental, commercial, or private interests if disseminated.  For purposes of this Order, OUO Information includes information to which FOIA disclosure obligations do not apply because, under FOIA Exemption 2, the information relates solely to the internal personnel rules and practices of an agency or, under FOIA Exemption 3, the information is specifically exempted from disclosure by statute.  See 5 U.S.C. § 552(b)(2), (3).  For purposes of this Order, OUO Information does not include NNPI or Unclassified Controlled Nuclear Information.

9.  "Unclassified Controlled Nuclear Information" or "UCNI" shall mean, for the purposes of this Order, certain unclassified Government information concerning:  (a) the design of production facilities or utilization facilities; (b) security measures (including security plans, procedures and equipment) for the physical protection of (i)production or utilization facilities, (ii) nuclear material contained in such facilities, or (iii)  nuclear material in transit; or (c) the design, manufacture, or utilization of any atomic weapon or component if the design, manufacture, or

utilization of such weapon or component was contained in any information declassified or removed from the Restricted Data category by the Secretary (or the head of the predecessor agency of the Department of Energy pursuant to 42 U.S.C. § 2162) and later determined to be UCNI. See 42 U.S.C. § 2168; 10 C.F.R. Part 1017.

## GENERAL PROVISIONS

10. Except as otherwise stated in this Order, the United States shall produce, in response to a valid discovery request, otherwise discoverable information in its possession, custody, or control that may contain Controlled Unclassified Information in accordance with Pretrial Order 13. Receiving Parties shall handle such information in accordance with Pretrial Order 13, including but not limited to the requirements of Paragraph 6 therein. Documents produced in connection with the DOE Recollection shall be designated MAY CONTAIN CUI – SEE PTO #50, to the extent required by the Court's July 13, 2012 Order Regarding the Protocol for Production of Documents from the United States' DOE Re-Collection.

11. The United States will make good faith efforts to segregate any documents containing Controlled Unclassified Information prior to production of documents to any MDL Parties. If a document containing Controlled Unclassified Information is relevant to the litigation, the United States will notify the MDL Parties in writing of the existence of such document(s), including the title, date, author(s) and recipient(s) of such document(s). If a Party believes it may wish to use such documents in the litigation, the United States will provide copies of such documents to that Party, which shall be maintained only on servers or other electronic media located in the United States and shall be viewed and used only by United States-citizen attorneys to the extent necessary to meet and confer with the United States regarding the use of such document in the litigation. If the parties cannot agree regarding use of such documents in

litigation, the parties shall seek resolution from the Court; any document containing CUI submitted to the Court for review will be filed under seal.

12. Upon receipt of documents or data produced in connection with the DOE Recollection and marked with the legend MAY CONTAIN CUI – SEE PTO #50 that were not identified by the United States as containing CUI pursuant to its good faith review set forth in Paragraph 11, the Receiving Party shall initially maintain those documents and data only on servers physically located in the United States and shall provide access to the documents and data only to United States citizens. After the Receiving Party has completed a good faith review of those documents and data and concluded, to the best of the Receiving Party's knowledge, either that (a) none contain CUI or that (b) it has segregated and notified the United States of any document(s) it believes contains Controlled Unclassified Information in accordance with Paragraph 13, the Receiving Party may then permit normal access, in accordance with Pretrial Orders 13 and 14, to all documents not specifically segregated pursuant to Paragraphs 11 or 12(b).

13. In the event a Receiving Party, in the course of its good faith review pursuant to Paragraph 12 or otherwise, reasonably believes that document(s) in its possession contain Controlled Unclassified Information, it shall promptly notify the MDL Parties about such documents, sequester all copies of such document(s), refrain from further copying or distribution of the subject material, and comply with any reasonable instructions provided by the United States regarding proper handling of the material. Should the Parties dispute the reasonableness or applicability of the instructions, Receiving Parties shall comply with such instructions unless or until otherwise ordered by the Court.

    a. If the Receiving Party believes the document(s) is relevant to this litigation, it shall limit the viewing and use of such document(s) only to United States-citizen

attorneys to the extent necessary to meet and confer with the United States regarding the use of such document in the litigation. If the parties cannot agree regarding use of such documents in litigation, the parties shall seek resolution from the Court; any document containing CUI submitted to the Court for review will be filed under seal.

    b.    If the Receiving Party believes the document(s) is not relevant to this litigation, it shall (i) promptly return and/or destroy all copies of the subject material in its possession in accordance with any instructions provided by the United States pursuant to this Paragraph 13, and (ii) take reasonable steps to ensure all copies of the subject material distributed to other counsel or non-parties is returned and/or destroyed in accordance with this Paragraph. Electronic versions of any such documents shall be removed from all systems by reasonable technological means which ensure the information cannot be recovered. Should the United States contend that additional steps are legally required, the Parties shall meet and confer regarding such steps and, if the Parties are unable to reach agreement, raise the issue with the Court for resolution.

    14.    In the event that the United States claims that it inadvertently produced Controlled Unclassified Information, it shall promptly notify all Parties to whom such material was produced or disclosed of the United States' intent to protect such material. Upon receiving a notice from the United States pursuant to this Paragraph, the Receiving Party shall immediately sequester all copies of the document(s), refrain from further copying or distribution of the subject material, except as provided in subparagraph (a), and comply with any reasonable instructions provided by the United States regarding proper handling of the material. In the event the Parties dispute the

reasonableness or applicability of the instructions, Receiving Parties shall comply with such instructions unless or until otherwise ordered by the Court.

    a.    If the United States believes that the document(s) containing Controlled Unclassified Information is relevant to this litigation, it will so notify all Parties to whom such material was produced or disclosed and shall meet and confer with the Parties regarding use of the document(s).  During the meet and confer process, the Parties shall limit the viewing and use of such document(s) only to United States-citizen attorneys to the extent necessary to meet and confer with the Parties to the litigation.  If the Parties cannot agree regarding use of such documents in litigation, the parties shall seek resolution from the Court; any document containing CUI submitted to the Court for review will be filed under seal.

    b.    If the United States believes that the document(s) containing Controlled Unclassified Information is not relevant to this litigation, it will so notify all Parties to whom such material was produced or disclosed.  If a Receiving Party wishes to challenge the United States' relevancy determination, the Parties shall meet and confer in accordance with subparagraph (a).

15.    If the Receiving Party does not intend to challenge the United States' relevancy determination pursuant to Paragraph 14(b), or if the Parties agree or the Court orders that a document is not relevant or will not be used in the litigation pursuant to Paragraph 14(a), consistent with the Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall, in addition to the requirements of Paragraph 14, (i) return and/or destroy all copies of the subject materials in its possession in accordance with any instructions provided by the United States pursuant to Paragraph 14, and (ii) take reasonable steps to ensure all copies of the subject material

distributed to other counsel or non-parties is returned and/or destroyed in accordance with this Paragraph. Electronic versions of any such documents shall be removed from all systems by reasonable technological means which ensure the information cannot be recovered. Should the United States contend that additional steps are legally required, the Parties shall meet and confer regarding such steps and, if they Parties are unable to reach agreement, raise the issue with the Court for resolution.

16.     Where an inadvertently produced document containing Controlled Unclassified Information was originally produced in electronic format on media containing production materials that are not subject to any exemption from production, the United States shall promptly provide replacement production media to the Receiving Party.

17.     The inadvertent disclosure of Controlled Unclassified Information by the United States in this Action shall not result in a waiver of any restrictions on the use of Controlled Unclassified Information or for any other materials containing the same or similar subject matter. Nothing in this Protective Order changes, modifies, or diminishes any requirements imposed on an individual to protect CUI pursuant to applicable laws, regulations, or DOE directives. Nothing in this Protective Order shall be read to enhance or negate any argument that any such laws, regulations, or DOE directives apply to any particular document. Notwithstanding any federal statute or regulation, no agency, officer, employee or attorney of any Party shall be subject to any civil or criminal penalty or sanction relating to the disclosure or use of Controlled Unclassified Information, provided that such disclosure or use is made pursuant to the terms of Pretrial Order 13 and this Order, other than this paragraph.

18.     Nothing in this Order or in Pretrial Order 13 shall be construed to compel the United States to produce information that, under law or agreement, it is prohibited from

producing, including, *inter alia*, information protected from compelled disclosure by a Certificate of Confidentiality or an Assurance of Confidentiality issued pursuant to the Public Health Service Act, 42 U.S.C. §§ 241(d), 242m(d), and/or CIPSEA; confidential substance abuse information protected by 42 U.S.C. §§ 290aa(n) or 290dd-2; visa application material protected by 8 U.S.C. § 1202(f); information subject to the confidentiality provision of section 12(c) of the Export Administration Act of 1979, as amended (50 U.S.C. app 2411(c)); or information protected by Federal Rule of Criminal Procedure 6(e). Nothing in this Protective Order shall be read to enhance or negate any argument that any such laws, provisions, or regulations apply to any particular document.

New Orleans, Louisiana this 13th day of July, 2012.

_____
THE HONORABLE CARL J. BARBIER
U.S. DISTRICT COURT JUDGE