```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

******************************************************************


IN RE:  OIL SPILL BY THE               Docket No. MDL-2179
OIL RIG DEEPWATER HORIZON              New Orleans, Louisiana
IN THE GULF OF MEXICO ON               Thursday, May 3, 2012
APRIL 20, 2010
CIVIL


******************************************************************

        TRANSCRIPT OF DISCOVERY STATUS CONFERENCE PROCEEDINGS
            HEARD BEFORE THE HONORABLE SALLY SHUSHAN
                  UNITED STATES MAGISTRATE JUDGE


APPEARANCES:

FOR THE PLAINTIFFS:            DOMENGEAUX, WRIGHT, ROY & EDWARDS
                               BY:  JAMES P. ROY, ESQ.
                               P. O. BOX 3668
                               556 Jefferson St.
                               Lafayette, LA 70502-3668


                               HERMAN, HERMAN, KATZ & COTLAR, LLP
                               BY:  STEPHEN J. HERMAN, ESQ.
                               820 O'Keefe Avenue
                               New Orleans, LA 70113


                               LEVIN PAPANTONIO THOMAS MITCHELL
                               RAFFERTY & PROCTOR
                               BY:  BRIAN H. BARR, ESQ.
                               316 South Baylen Street, Suite 600
                               Pensacola, FL 32502


                               WILLIAMSON & RUSNAK
                               BY:  JIMMY WILLIAMSON, ESQ.
                               4310 Yoakum Blvd.
                               Houston, TX 77006
```

```
 1                                      IRPINO LAW FIRM
 2                                      BY:  ANTHONY IRPINO, ESQ.
                                        2216 Magazine St.
 3                                      New Orleans, LA 70130

 4
     FOR THE STATE OF LOUISIANA:        KANNER & WHITELEY
 5                                      BY:  DOUGLAS R. KRAUS, ESQ.
                                        701 CAMP STREET
 6                                      NEW ORLEANS, LA 70130

 7
     FOR THE STATE INTERESTS:           ATTORNEY GENERAL OF ALABAMA
 8                                      BY:LUTHER STRANGE, ATTORNEY GENERAL
                                             COREY L. MAZE, ESQ.
 9                                      500 Dexter Ave.
                                        Montgomery, AB 36130
10

11   FOR THE UNITED STATES
     DEPARTMENT OF JUSTICE:             U.S. DEPARTMENT OF JUSTICE
12                                      TORTS BRANCH, CIVIL DIVISION
                                        BY:  R. MICHAEL UNDERHILL, ESQ.
13                                           SARAH D. HIMMELHOCH, ESQ.
                                        450 Golden Gate Ave.
14                                      7th Floor, Room 5395
                                        San Francisco, CA 94102
15

16                                      U.S. DEPARTMENT OF JUSTICE
                                        ENVIRONMENTAL ENFORCEMENT SECTION
17                                      BY:  STEVEN O'ROURKE, ESQ.
                                             SCOTT CERNICH, ESQ.
18                                           ABIGAIL ANDRE, ESQ.
                                             STEVE FLYNN, ESQ.
19                                           RACHEL HAUHEY, ESQ.
                                        P.O. Box 7611
20                                      Washington, DC 20044

21

22

23

24

25
```

```
 1   FOR BP AMERICA INC., BP
     AMERICA PRODUCTION COMPANY,
 2   BP COMPANY NORTH AMERICA,
     INC., BP CORPORATION NORTH
 3   AMERICA, INC., BP EXPLORATION &
     PRODUCTION INC., BP HOLDINGS
 4   NORTH AMERICA LIMITED, BP
     PRODUCTS NORTH AMERICA INC.:    LISKOW & LEWIS
 5                                   BY:  DON K. HAYCRAFT, ESQ.
                                     One Shell Square, Suite 5000
 6                                   701 Poydras St.
                                     New Orleans, LA 70139
 7

 8                                   KIRKLAND & ELLIS
                                     BY:  MARK J. NOMELLINI, ESQ.
 9                                        RYAN S. BABIUCH, ESQ.
                                     300 N. LaSalle
10                                   Chicago, IL 60654

11
                                     KIRKLAND & ELLIS
12                                   BY:  ROBERT R. GASAWAY, ESQ.
                                          MICHAEL A. PETRINO, ESQ.
13                                        JOSEPH A. EISERT, ESQ.
                                     655 Fifteenth St., N.W.
14                                   Washington, D.C. 20005

15
     FOR HALLIBURTON
16   ENERGY SERVICES, INC.:          GODWIN RONQUILLO
                                     BY:  DONALD E. GODWIN, ESQ.
17                                        JENNY L. MARTINEZ, ESQ.
                                          STEFANIE K. MAJOR, ESQ.
18                                        BRUCE W. BOWMAN, JR., ESQ.
                                          SEAN W. FLEMING, ESQ.
19                                        LAUREN L. MITCHELL, ESQ.
                                     Renaissance Tower
20                                   1201 Elm Street, Suite 1700
                                     Dallas, TX 75270
21

22                                   GODWIN RONQUILLO
                                     BY:  R. ALAN YORK, ESQ.
23                                        GWEN E. RICHARD, ESQ.
                                     4 Houston Center
24                                   1331 Lamar, Suite 1665
                                     Houston, TX 77010
25
```

```
 1   FOR CAMERON INTERNATIONAL
     CORPORATION:                      STONE PIGMAN WALTHER WITTMANN
 2                                     BY:   CARMELITE M. BERTAUT, ESQ.
                                       546 Carondelet Street
 3                                     New Orleans, LA 70130

 4
                                       BECK REDDEN & SECREST
 5                                     BY:   DAVID JONES, ESQ.
                                             GEOFF GANNAWAY, ESQ.
 6                                     One Houston Center
                                       1221 McKinney Street, Suite 4500
 7                                     Houston, TX 77010-2010

 8
     FOR ANADARKO PETROLEUM
 9   CORPORATION, ANADARKO E&P
     COMPANY, LP:                      KUCHLER POLK SCHELL WEINER &
10                                     RICHESON
                                       BY:   SARAH E. IIAMS, ESQ.
11                                     1615 Poydras Street, Suite 1300
                                       New Orleans, LA 70112
12

13                                     BINGHAM McCUTCHEN
                                       BY:   WARREN A. FITCH, ESQ.
14                                     2020 K Street, N.W.
                                       Washington, D.C. 20006
15

16   FOR M-I, LLC:                     MORGAN LEWIS
                                       BY:   DENISE SCOFIELD, ESQ.
17                                     1000 Louisiana St., Suite 4000
                                       Houston, TX 77002-5006
18

19   FOR TRANSOCEAN HOLDINGS, LLC,
     TRANSOCEAN OFFSHORE DEEPWATER
20   DRILLING INC., AND TRANSOCEAN
     DEEPWATER
21   INC.:                             FRILOT
                                       BY:   KERRY J. MILLER, ESQ.
22                                     ENERGY CENTRE, 36TH FLOOR
                                       1100 POYDRAS STREET
23                                     NEW ORLEANS, LA 70163

24

25
```

```
 1                                      SUTHERLAND
                                        BY:  DAVID A. BAAY, ESQ.
 2                                      1001 Fannin St., Suite 3700
                                        Houston, TX 77002-6760
 3

 4                                      MUNGER, TOLLES & OLSON
                                        BY:  GRANT A. DAVIS-DENNY, ESQ.
 5                                      355 South Grand Avenue, 35th Floor
                                        Los Angeles, CA 90071-1560
 6

 7   FOR PLAQUEMINES:                   MARTZELL & BICKFORD
                                        BY:  SCOTT R. BICKFORD, ESQ.
 8                                      338 Lafayette St.
                                        New Orleans, LA 70130
 9

10   FOR NALCO COMPANY:                 LATHAM & WATKINS
                                        BY:  THOMAS J. HEIDEN, ESQ.
11                                      233 South Wacker Drive, Suite 5800
                                        Chicago, IL 60606
12

13
     OFFICIAL COURT REPORTER:           Karen A. Ibos, CCR, RPR, CRR
14                                      500 Poydras Street, Room HB-406
                                        New Orleans, LA 70130
15                                      (504) 589-7776

16

17
          Proceedings recorded by mechanical stenography, transcript
18   produced by computer.

19

20

21

22

23

24

25
```

```
 1                        P R O C E E D I N G S
 2                        (THURSDAY, MAY 3, 2012)
 3                     (DISCOVERY STATUS CONFERENCE)
 4
 5       (OPEN COURT.)
 6             THE COURT:  Phone participants, can you hear us?
 7             MS. HIMMELHOCH:  Yes, your Honor.
 8             THE COURT:  Okay.  Hey, Sarah.
 9             MS. HIMMELHOCH:  Hey.
10             THE COURT:  All right, guys.  Sorry to keep you waiting.
11   Let's get rolling, I know you have other places to be.
12             Let's see.  We circulated this week Captain Englebert's
13   report for April along with her invoice.  BP is going to make a
14   proposed allocation and circulate it to everybody.  So if you all
15   would go ahead and process that.
16             Next up was the report from Captain Englebert relative to
17   the Haliburton computer.  She is not hopeful that the disks are
18   going to yield any useful information, and so I spoke to her
19   yesterday and she has the next step kind of formulated for you all
20   to talk about.
21             What she is suggesting is that Haliburton move forward
22   with providing and certifying the data that was used in 2010,
23   Haliburton would provide access to and certify the correct version
24   of the program that was used in 2010, then she is suggesting that
25   the vendor you guys are currently working with would run the actual
```

1    model.  So once the model is run, Haliburton and its witness would
2    certify the output.
3         You don't need to make a decision on that today, Don, but
4    come on up.
5         MR. GODWIN:  Thank you, your Honor.
6         THE COURT:  That's her proposal of how to proceed from
7    here.
8         MR. GODWIN:  Thank you, your Honor.  Don Godwin for
9    Haliburton.  Good morning, Judge.
10        THE COURT:  Good morning, Don.
11        MR. GODWIN:  Rob Gasaway and I spoke a few moments ago,
12   your Honor, and in keeping with Rob's normal way of handling
13   things, was very cooperative.  And we did agree that today I'll
14   submit a letter, later today -- I've got a draft of it together, I
15   wanted to get through this morning -- this afternoon I am going to
16   send a letter to you outlining Haliburton's position regarding what
17   it will do and what it does not believe it cannot do and stating
18   those parameters, if you will.
19        And frankly, much of what Captain Englebert has suggested
20   is in keeping with what we're proposing.
21        THE COURT:  Good.
22        MR. GODWIN:  And so I told Rob that I would send that
23   letter today, I would copy him on it, of course, and then he and I
24   will then meet and confer, along with others in his shop and mine,
25   in hopes of coming to a resolution without having to involve you in

1  it.  And then we can hopefully report back next Friday, or before
2  if we reach an agreement; and if not, take it up next Friday.
3           But based upon what Captain Englehardt is suggesting, I
4  think we're going to be able to reach an agreement on it in terms
5  of providing the inputs and the data and then having someone
6  testify -- or excuse me, not testify, but certify to the best of
7  his or her ability based upon two years ago what he did in terms of
8  the modelling and be able to certify to that, and then provide it
9  and provide whatever assistance we can in allowing a third party to
10 be the one to actually doing the modelling.
11          But I think we can get this worked out, Judge.
12          THE COURT:  Good.  That's great news.  Thank you, Don, I
13 appreciate it.
14          MR. GODWIN:  You're welcome.
15          THE COURT:  Let's see.  While we're on Phase One, I kind
16 of want to do our little cleanup on that.  Judge Barbier has told
17 you about the equipment, if you all want to remove it, that's fine.
18 If you want to keep it in your offices, that's up to you, whatever
19 you all want to do.
20          I next wanted to talk about the deposition exhibits.
21          THE LAW CLERK:  Excuse me, your Honor, does that also
22 apply to inData removing its equipment?
23          THE COURT:  Yes, I guess it would.  Yeah.  InData will
24 probably go ahead and remove its equipment as well.  Thanks, Mike.
25          We have the issue to cleanup, Haliburton and Cameron have

1  reported that the cure process for Phase One exhibits has not been
2  cleaned up.  Alan, do you want to report on that and figure out
3  what the group wants to do about getting that done?
4            MR. YORK:  Good morning, your Honor, Alan York for
5  Haliburton.
6            I've had some conversations with Jordan with inData, and
7  I think that there is -- there's two levels of issues.  We know
8  that there is an issue with documents that are labeled with the
9  TREX numbers don't necessarily match up to what other people think
10 should have been the document, there's different pages, page
11 numbers, things like that, so there are issues across the databases
12 with the documents.
13           I don't think anyone has a feel for exactly how large the
14 issue is at this point, and so one suggestion might be that a first
15 step would be to get perhaps a representative or at most two from
16 the parties who would be most affected in the room with Jordan and
17 all sit down and try to figure out what the scope of the problem
18 is.  And then perhaps have Jordan suggest and inData suggest
19 resolutions that they think would be most efficient to try to
20 resolve the problem.
21           The whole goal being now that we have, as Judge Barbier
22 said, Phase One in the can, when we get to the trial in January we
23 would like to get to a situation where no one has any questions
24 about when you pull up TREX 37, everybody knows that that's the
25 same TREX 37 they have.

1        THE COURT:  And I guess my question, Alan, is how big is
2   the problem and how expensive is the problem?
3        MR. YORK:  Both issues near and dear to my heart as well,
4   your Honor.
5        THE COURT:  Exactly.  And is this just cleanup from the
6   parties' designations or is this also contributed to by inData?
7        MR. YORK:  I will give you my best understanding of what
8   happened.  I think that because we had Gaudet Kaiser doing the
9   first big group of depositions and you had a document database from
10  them, and if you'll remember when they were no longer doing the
11  depositions there were difficulties in accessing their database to
12  get those documents.  And so there was a transfer issue I think
13  between those documents and there.
14       And then you lay on top of that the period of time where
15  we had eight and nine depositions going in a single day.
16       THE COURT:  Looks like we're going there again, by the
17  way.
18       MR. YORK:  I don't think that the finger can be pointed
19  in any particular direction.
20       THE COURT:  I was just hoping that maybe we could get a
21  discount from inData.
22       MR. YORK:  I will be happy to talk to Jordan about that.
23       THE COURT:  Why don't you see what he can do for us on
24  the cure situation since he will be coming back in in January, and
25  we would like to be ready to roll.

1            MR. YORK:  Yes, we would.
2            THE COURT:  Okay.  So I'll just wait to hear back from
3   you on that.
4            MR. YORK:  Can I get a feel for who would want to be at
5   such a meeting?
6            THE COURT:  Well, as I understood it looking back at our
7   notes, I understood that Haliburton and Cameron were involved and
8   that Transocean had some interest in the issue.  Is that a fair
9   statement?
10           MR. MILLER:  Some.
11           THE COURT:  Some, that means depending on how much it
12  costs; is that right?
13           MR. MILLER:  Yeah, I think so.
14           THE COURT:  If anybody else wants to participate, please
15  let Alan know, and you can coordinate a conference call with
16  Jordan.
17           MR. YORK:  Thank you, Judge.
18           THE COURT:  Thank you.  I appreciate it, Alan.
19           Okay.  I think that takes care of Phase One issues.
20           On the Woods Hole document production, we're continuing
21  to make progress on that.  We've got unfortunately for us
22  cross-motions for reconsideration of my last ruling, that will be
23  briefed on Monday and we will take it up sometime next week.  We do
24  know that the contract deliverables have been produced to BP, and
25  that's about all we have, we're continuing to work on other Woods

1  Hole issues.
2          I do think that we are making progress on U.S. and BP
3  production of documents.  You saw that we got out an order this
4  week on asserting challenges to both the U.S. and BP's privilege
5  logs as it relates to quantification documents.  We may have to
6  modify the order a little bit, but the dates for everybody else
7  won't change.  So if you all look at those privilege logs and want
8  to make a challenge, the dates are out there for you.
9          I don't think that there will be too many people who are
10 going to be involved in this, but we thought we would give
11 everybody an opportunity to participate.
12         Okay.  Now, the United States, this is for the 30(b)(6)
13 notice of the deposition of BP, we've been back and forth on
14 quantification topics and how the 30(b)(6) notice will be affected
15 by that.  I guess that's still in a state of flux based on our
16 discussions this morning.  Does anybody want to talk about that or
17 should we just pass that until we have more clarification on that
18 issue?
19         MR. GASAWAY:  Your Honor, Rob Gasaway for BP.  I think
20 we're making progress behind the scenes in addressing what I would
21 call the non-mega issues, which just has to do with wording,
22 overbreadth, those sorts of issues.  We have a letter, we got a
23 letter back from the United States, we responded to that.  We were
24 looking to meet with them this week, but I don't think it was
25 convenient, so now we're looking to meet with them early next week.

1          But I do think that the next big step would be this issue
2    that we see coming up in so many different contexts, whether we're
3    talking about third party 30(b)(6) or BP's 30(b)(6) or privilege
4    log challenge, it seems to be like this source control versus
5    quantification discussion keeps recurring.
6          THE COURT:  It overrides everything we're getting ready
7    to do, so we're going to need to make a decision fairly quickly.
8          MR. CERNICH:  Scott Cernich for the United States.  We're
9    working on the schedule provided by the court of May 7th having a
10   three-page brief on the 30(b)(6) deposition notices for the third
11   parties and we have BP's proposals on marking those up.
12         Our responses to those will be different going along the
13   same lines that we talked about this definition of quantification
14   versus source control.  With that issue still in play, do you still
15   want those briefs on Monday with our thoughts on those topics?
16         THE COURT:  I think we better, Scott, just to get a feel
17   for what the scope of the disagreement is.  That will help us, I
18   think that will help Judge Barbier and me make a decision on
19   whether we're going to go Phase One, Phase Two - quantification, or
20   Phase Two - quantification and source control.
21         MR. CERNICH:  Okay.  Then we will submit that on Monday
22   then.
23         THE COURT:  That would be good, thank you.  All right.
24         Next up on the list was the Anadarko deposition.
25   Anything to report on that, Tony?

1             MR. FITCH:  Judge, Tony Fitch for Anadarko.
2             No, there isn't, we're just basically the tail on that
3    dog with one or two other little ticks maybe.
4             THE COURT:  Right, you're in a holding pattern.  I tell
5    you what, when you're ready to talk to us about that, why don't you
6    let me know.
7             MR. FITCH:  It will be sometime this decade.
8             THE COURT:  This decade, well, let's make it this year.
9             MR. FITCH:  Fair enough, your Honor.
10            THE COURT:  Okay.  Thank you.
11            Same with I assume Weatherford, is that correct, guys?
12   Okay.
13            And then we've got the Rule 30(b)(6) notices for the
14   depositions of non-parties, that again is affected by our
15   discussion of quantification and source control.
16            Okay.  Does anyone have anything else we need to cover
17   this morning?
18            I am going to attach to our order a continuing conference
19   schedule, and I would like you all to look at the May 25th Friday,
20   which is the Friday before Memorial Day and whether you want the
21   day off or not.
22            MR. FITCH:  I think that answers itself.
23            THE COURT:  Well, you know, or do you want the Friday
24   after?  It's up to you guys, you get one Friday off.
25            And the same with June 29th or July 6th.

```
 1                MR. MAZE:  Yes.
 2                THE COURT:  I know yes, but which one?
 3                MR. MAZE:  The last one in June.
 4                THE COURT:  Oh, Corey, do you have a reason for that?
 5                MR. MAZE:  Well, we don't have to talk about that, Judge.
 6                THE COURT:  Okay, Corey.  Well, you've expressed your
 7   opinion, you would like Friday, June 29th off?
 8                MR. MAZE:  I would take it off regardless.  But, yes,
 9   that would be nice.
10                THE COURT:  That would be good, that would be your
11   preference.  And then please make note that we have decided that
12   all Saturdays are e-mail free.
13                MR. UNDERHILL:  Can I put Mr. Maze on the spot?
14                THE COURT:  Yes.
15                MR. UNDERHILL:  Now that we have a firm trial date, does
16   this mean he can set a wedding date with his fiancee?
17                THE COURT:  I don't think he is commenting on that until
18   he pops the question.
19                MR. GODWIN:  Or makes it public.
20                THE COURT:  Or makes it public.
21                MR. UNDERHILL:  You realize this was the most important
22   issue to Corey and Alabama was getting a firm trial date so that he
23   can set a wedding date?
24                THE COURT:  I think he better speak to his fiancee about
25   that now that he has a firm trial date.
```

1    MR. UNDERHILL:  Can we take a vote?
2    THE COURT:  I assume it's before January the 14th.
3    MR. MAZE:  It will be much sooner than that.
4    THE COURT:  Good, Corey.
5    Anything else, guys, that we need to talk about today?
6    MR. FITCH:  Judge, Tony Fitch, Anadarko.
7    I didn't want to raise this at the earlier conference,
8  but I do on behalf of Anadarko want to respectively point out to
9  you and Judge Barbier that as you are discussing the various
10 structuring and definitional issues that since Anadarko is not in
11 the Phase One trial as presently structured that that does need to
12 be taken into account when you consider these other issues.  I
13 mean, if you start introducing other issues, you're going to pull
14 another party or two back in.
15   THE COURT:  Well, I think that at least it's my
16 impression that Judge Barbier was very clear that Phase One is in
17 the can, and so you're not going to be brought back in to any Phase
18 One issues because Phase One is closed; but for the small cleanup
19 matters that we have, which is the document cleanup issues, we've
20 got a witness we've got to figure out what we're going to do with
21 him.  And other than that, Tony, we really are finished with Phase
22 One.
23   MR. FITCH:  Well, I certainly think --
24   THE COURT:  You show up on January 14th --
25   MR. FITCH:  We're not planning to showing up.

1          THE COURT:  No, you don't show up on January 14th, excuse
2    me.  You're right.
3          MR. FITCH:  I will tell you where I am going to show up
4    on January 14th.
5          THE COURT:  Where will you be on January 14th?
6          MR. FITCH:  I'll let you know.
7          MR. MILLER:  Your Honor, is there a tentative plan, at
8    what conference that we start discussing Phase Two depositions like
9    we used to do with the calendar; and also at what point will we get
10   into the meat of what we identified this morning, and that is the
11   quantification and source control issues, as Mike Underhill
12   mentioned the overlap of those issues and how we do discovery.
13         THE COURT:  I think we're going to start talking about
14   the overlap issue next week and try to figure out what we're going
15   to do about that.
16         Deposition scheduling, I've still got on my radar, but I
17   want to get the document production and the privilege challenges
18   done ASAP so that we can move forward to schedule depositions.
19         MR. MILLER:  What about source control privilege
20   challenges, that's an issue, too.  It's also an overlap issue.
21         THE COURT:  It is an issue.  It's an overlap and it's a
22   privilege issue challenge, and so we're going to start talking
23   about that next week.
24         MR. GODWIN:  Judge, just to clarify.  Is the witness
25   you're talking about Mr. Don Vidrine?

```
1                THE COURT:  It is.
2                MR. GODWIN:  Thank you.  Thank you.
3                THE COURT:  That's the only witness that I think we have
4     remaining to talk about, isn't it?
5                MR. GODWIN:  That's the only one I am aware of, your
6     Honor.  I just wanted to make certain.
7                MR. MILLER:  That issue is pending before the Fifth
8     Circuit.
9                THE COURT:  That's right.  So we have that to cleanup
10    depending on the what the Fifth Circuit says, we've got the
11    document cleanup to do, and I can't think of anything else we need
12    to do for Phase One.  So our sole focus is just going to be Phase
13    Two from now on.
14               Okay.  What else?  Anything you've got, Mr. Strange?
15               MR. STRANGE:  Not a thing, Judge, just glad to be here.
16               THE COURT:  Okay.  All right, guys, well, good.
17    Everybody have a great weekend and we will see you next week.
18           (WHEREUPON, THE PROCEEDINGS WERE CONCLUDED.)
19
20                             *  *  *  *  *
21
22
23
24
25
```

REPORTER'S CERTIFICATE

I, Karen A. Ibos, CCR, Official Court Reporter, United States District Court, Eastern District of Louisiana, do hereby certify that the foregoing is a true and correct transcript, to the best of my ability and understanding, from the record of the proceedings in the above-entitled and numbered matter.

*Karen A. Ibos*

Karen A. Ibos, CCR, RPR, CRR
Official Court Reporter