# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 12, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:     MDL 2179 — Schedule 2 Challenges to the United States' Privilege Logs

Dear Judge Shushan:

BP respectfully submits this initial brief and list of documents as a *conditional* challenge to the United States' privilege logs served between May 1, 2012, and May 31, 2012; that is, the United States logs subject to Schedule 2 privilege challenges.

Because of the *conditional* nature of BP's present challenge, and especially in view of the heavy demands on the Court of other privilege challenges now pending before it, we want to be clear that we do *not* believe that any *in camera* document inspections, or other adjudicatory determinations, are needed at this time.

Nonetheless, this *conditional* challenge serves as a reservation of BP's rights in the event that the United States should prevail in establishing the counterintuitive proposition that a public disclosure of one document always waives privilege protection over work-product contained in other, "underlying" documents, no matter the contents of the publicly disclosed document or the way in which the document was, or will be, used.  BP strongly opposes this counterintuitive proposition in related briefing now before this Court.

## I.     Challenged Entries and the United States' Response

The following provides a brief overview of the current status of the various challenges BP brought against the United States' privilege logs falling within Schedule 2.  (No other parties brought Schedule 2 challenges to the relevant United States' logs.) As the Court will appreciate, the meet-and-confer process, coupled with the modest scope of BP's initial challenges, has gone

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 12, 2012
Page 2

far toward resolving the disputes over the United States' Schedule 2 logs without the Court's participation.

On June 22, 2012, BP served Schedule 2 challenges to the United States' privilege logs. In this submission, BP described the relevant universe of entries subject to Schedule 2 challenges as those from United States privilege logs 42 through 45 asserting a privilege other than solely the deliberative process privilege *and* Attachments 9 and 10 to the United States' May 15, 2012 submission on the deliberative process privilege, which provided lists of documents for which the United States asserted a privilege other than the deliberative process privilege.

Of these entries, BP brought targeted challenges to some 200 entries asserting the attorney-client privilege or work-product protection.  BP also requested that the United States review 107 entries that appeared (at least according to BP's reading of the text appearing in the privilege log's "Basis" column) to assert the deliberative process privilege, but did not contain "DP" as a relevant entry in the "Privileges" column.

The United States provided written responses on July 6, 2012.  Of the 200 attorney-client and work-product challenges, the United States:

- Asserted no change to seven of the challenged entries,
- Revised the privilege log entry for 30 entries,
- Produced or agreed to produce 22 documents in their entirety,
- Produced or agreed to produce 114 documents with redactions,
- Reported that no log is required for 26 documents, and
- Reported that one document is outside the Phase 2 discovery date range.

Regarding the 107 documents that appeared to BP to assert the deliberative process privilege without any corresponding notation, the United States:

- Asserted no change for three entries,
- Revised 43 entries (adding 10 deliberative process privilege assertions),
- Produced or agreed to produce 25 documents in their entirety,
- Produced or agreed to produce 17 documents with redactions,
- Reported that four documents are irrelevant,
- Reported that no log is required for 14 documents, and

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 12, 2012
Page 3

- Reported that one document is outside the Phase 2 discovery date range.

## II.    *Conditional* Challenge to the United States' Privilege Logs

Given the significant progress made by BP and the United States through the Schedule 2 meet-and-confer process, BP brings only one limited and conditional challenge at this time.

Specifically, BP *conditionally* challenges the United States' assertion of the work-product protection for communications and documents underlying various public communications and other documents made public by the United States — such as the FRTG report, the public Sandia Report authored chiefly by Arthur Ratzel, various National Incident Command (NIC) directives to BP, and other public documents and pronouncements.

The Court is by now familiar with both BP's and the United States' view of the work-product doctrine and the requirements for finding waiver.  In particular, the Court is well aware that the United States is claiming — quite erroneously, in BP's view — that the public disclosure of one document *always* waives privilege protection over work-product contained in other documents "underlying" the disclosed document.

Indeed, this counterintuitive proposition — that the release of one document, even when not done by the party, *always* waives work-product protection over other, "underlying" documents — is a cornerstone of the United States' overreaching argument that BP waived otherwise validly established attorney work-product protection in the preparation of materials submitted to Admiral Allen and in the attorney-directed work "underlying" a flow rate paper BP submitted to the Presidential Commission in October 2010.  (Dkt. No. 6718, at 8-9.)

BP's June 26, 2010 response brief explains that in advancing this counterintuitive proposition the United States has stretched privilege waiver doctrines far beyond their proper limits.  (Dkt. No. 6810, at 15-20.)

Accordingly, by bringing this *conditional* challenge, BP respectfully requests that, should the Court accept the United States' unduly expansive view of privilege waiver doctrines, the United States itself be required to produce work-product "underlying" any document, communication, or report eventually made public on the theory that the "door swings both ways" in this multidistrict litigation.

In addition, to clarify the scope of BP's *conditional* request, we attach a list of United States Schedule 2 entries asserting work-product protection for what appear to be work "underlying" public documents or communications.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 12, 2012
Page 4


Again, BP does *not* believe that work "underlying" or related to a document always becomes subject to disclosure simply because the document was eventually made public. Instead, BP merely requests that any ruling from the Court on waiver of attorney work-product should apply equally to the United States.

*        *        *

Given the *conditional* nature of BP's present challenge, and the heavy demands on the Court of other privilege challenges, BP would be clear that we do *not* believe an *in camera* inspection of any documents is needed at this time.

We do ask, however, that in the  event that the United States should prevail on its arguments regarding waiver of attorney work-product — and in the event that the United States should then refuse to abide by the logical consequences of its own victory — BP be permitted (at this later point) to return and ask that, since the United States' argument is categorical in nature, the United States be required to extrapolate its own waiver principles across all Phase 2 entries on its own privilege logs.

Only at this later time, and under those circumstances, would BP seek an *in camera* inspection of, and privilege determinations regarding, the documents listed on the attachment to this letter.

Sincerely,

Robert R. Gasaway

Attachment

cc (via electronic mail):

R. Michael Underhill
Steven O'Rourke
Sarah D. Himmelhoch
Robin L. Hanger
Scott M. Cernich

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 12, 2012
Page 5


A. Nathaniel Chakeres
Bethany Engel
Thomas Benson
Joel M. Gross
Allison B. Rumsey
Plaintiffs' Liaison Counsel
Defense Liaison Counsel (dsc2179@liskow.com)