IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig  "Deepwater Horizon" in the  Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179  SECTION: J |
| Applies to: *All Cases* | * * * | JUDGE BARBIER  MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT NALCO COMPANY'S RESPONSE TO PLAINTIFF
MALCOLM COCO'S MOTION TO SUPPLEMENT HIS MEMORANDUM
<u>IN OPPOSITION TO NALCO'S MOTION FOR SUMMARY JUDGMENT</u>**

In his Motion to Supplement his Opposition to Nalco's Motion for Summary Judgment, (Rec. Doc. 6903), Plaintiff Malcolm Coco re-asserts his baseless claim that Nalco withheld information from the United States Environmental Protection Agency ("USEPA") regarding the components of Corexit EC9527A prior to USEPA's decision to list Corexit EC9527A (the dispersant product used during the first few weeks of the Spill) on the National Contingency Plan ("NCP") Product Schedule.  Plaintiff Coco's claims fail for several reasons.

*First*, any claim for failure to provide information to the USEPA is preempted as it directly conflicts with the Clean Water Act/NCP pervasive federal scheme requiring the President's delegates to determine what information to seek for listing of a dispersant product on the NCP Product Schedule and to enforce such requirements.  Plaintiff Coco does not once mention preemption in his opposition to Nalco's summary judgment motion or in his motion to supplement his opposition.  *Second*, even if not preempted the undisputed material facts demonstrate that Plaintiff Coco's claim is false.  The United States has admitted that prior to

listing Corexit EC9527A on the NCP Product Schedule, the United States required submission of its components as specified in 40 C.F.R. § 300.915(a)(10)-(11).  As set forth in Nalco's reply brief in support of its motion for summary judgment, Plaintiff Coco points to ***no*** evidence that USEPA listed Corexit EC9527A on the NCP Product Schedule without receiving and reviewing the information required under the NCP.  (Nalco's Reply Mem. at 13-15 (Rec. Doc. 6861.))[1]

***Third,*** Plaintiff Coco's motion highlights warnings about exposure to 2-butoxyethanol and worker safety precautions from Nalco's own Material Safety Data Sheet.  Thus, his filing only underscores the ample information that Nalco made publicly available about precautions to be used in when applying Corexit EC9527A.  The notion that Nalco concealed these published risks is utter nonsense.  ***Fourth***, Plaintiff Coco also points to the December 18, 1995 revised listing date for Corexit EC9527A and speculates that there may be undisclosed changes to EC9527A.  Such baseless speculation does not raise a genuine issue of material fact to defeat summary judgment.

***Finally,*** Plaintiff Coco's supplemental motion makes clear why a stay of Nalco's motion for summary judgment pending completion of the BP-PSC settlement is unnecessary.  Plaintiff Coco's counsel claims to represent plaintiffs who intend to opt out of the BP-PSC settlement.  As demonstrated by Plaintiff Coco's filings, however, any claims such plaintiffs may wish to pursue against Nalco focus only on Nalco's products and present no issues unique to any particular

---

[1]  Under this Court's order setting forth limited discovery on Defendants' preemption and derivative immunity arguments, (Rec. Doc. 5000), Plaintiffs had ample opportunity to conduct discovery on these issues.  Nalco worked diligently to abide by the Court's schedule, producing over 27,000 pages of documents and producing a Rule 30(b)(6) witness.  Plaintiff Coco failed to even attempt to take the discovery he now claims to need to create genuine fact issues.  His failure does not justify re-opening discovery on these issues when the record is closed and Nalco's summary judgment motion is fully brief and pending before the Court.

plaintiff. All such claims against Nalco – no matter who the plaintiff – are preempted as a matter of law for all of the reasons set forth in support of Nalco's motion for summary judgment.

For all of these reasons, Nalco Company respectfully requests that the Court deny Plaintiff Coco's motion.

Dated: July 18, 2012　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: /s/ Thomas J. Heiden
　　　　　　　　　　　　　　　　　　　　Thomas J. Heiden (IL # 6281563)
　　　　　　　　　　　　　　　　　　　　(thomas.heiden@lw.com)
　　　　　　　　　　　　　　　　　　　　Mary Rose Alexander (IL # 6205313)
　　　　　　　　　　　　　　　　　　　　(mary.rose.alexander@lw.com)
　　　　　　　　　　　　　　　　　　　　LATHAM & WATKINS LLP
　　　　　　　　　　　　　　　　　　　　233 South Wacker Dr.
　　　　　　　　　　　　　　　　　　　　Suite 5800
　　　　　　　　　　　　　　　　　　　　Chicago, IL 60606-6401
　　　　　　　　　　　　　　　　　　　　Phone: (312) 876-7700
　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 993-9767

　　　　　　　　　　　　　　　　　　　　*Attorneys for Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company*

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing DEFENDANT NALCO COMPANY'S RESPONSE TO PLAINTIFF MALCOLM COCO'S MOTION TO SUPPLEMENT HIS MEMORANDUM IN OPPOSITION TO NALCO'S MOTION FOR SUMMARY JUDGMENT has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 18th day of July, 2012.

/s/ Thomas J. Heiden
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr.
Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company*