**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| KONG DUONG, NUOI HAN, RAN VAN TRAN | * | |
| DAVID VAN, TAM VU, BAO HUNG, MY T. | * | MDL 2179 |
| TRAN, LUONG XUAN PAHM, KANDY TRAN | * | |
| NHAN NGUYEN, TRUYEN TRAN, HUONG LE | * | |
| QUAN TRAN, HIEP AN CAO, THUAN VAN LE | * | |
| CUC VAN HUYNH, NUOI VAN PHAM, TOM | * | JUDGE BARBIER |
| CONG HUYNH, KHANH HUYNH, TINH | * | |
| NGUYEN, HUY VO, KENT VO, LAN DO, DAI | * | SECTION J |
| LE, KHANH NGUYEN, ANH LY, KINH | * | |
| NGUYEN, DAN DO, LOC VAN NGUYEN, JULIE | * | MAGISTRATE JUDGE |
| THANH NGUYEN, KONG DUONG, THAI TRAN | * | WILKINSON |
| SINH PHAM, SAK DAKARITH, CHAMROEUN | * | |
| DUONG, LIM SENG, CHAMREOEUN KANG, | * | MAG DIV. 2 |
| SIENG SUONG, DRANSON PHAM, DONG | * | |
| NGUYEN, BICH BUI & SU NGUYEN | * | |
| | * | |
| VS. | * | |
| | * | |
| BP AMERICA PRODUCTION COMPANY, BP | * | |
| EXPLORATION AND PRODUCTION, INC., | * | |
| DRC EMERGENCY SERVICES, LLC, & DANOS | * | |
| AND CUROLE MARINE CONTRACTORS, LLC | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## PLAINTIFF'S REQUEST TO CERTIFY JULY 11, 2012 ORDER STAYING CASE FOR INTERLOCUTORY APPEAL

Pursuant to FED. R. APP. P. 5(a) and 28 U.S.C. § 1292(b), Plaintiffs respectfully move this Court to certify for interlocutory review of its July 11, 2012 Order Staying Case pending implementation of the Economic Damages Settlement Agreement. These issues involve controlling questions of law, are the subject of substantial difference of opinion, and are of material importance to the advancement of this litigation. Plaintiffs also request that the Court amend its July 10, 2012 Order to state the necessary conditions for interlocutory review under 28 U.S.C. § 1292(b) have been met.

For these reasons, which are detailed in the accompanying memorandum of points and authorities, Plaintiffs respectfully request that this Court certify its July 11, 2012 Order for interlocutory review, and that the Court amend its July 11, 2012 Order to state that the necessary conditions for interlocutory review have been met.

RESPECTFULLY SUBMITTED:

s:\Ryan Beasley
Ryan E. Beasley, Esq.
Bar No: 28492
2439 Manhattan Blvd., Suite 302
Harvey, LA 70058
T: 504-367-5001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KONG DUONG, NUOI HAN, RAN VAN TRAN | * | |
| DAVID VAN, TAM VU, BAO HUNG, MY T. | * | MDL 2179 |
| TRAN, LUONG XUAN PAHM, KANDY TRAN | * | |
| NHAN NGUYEN, TRUYEN TRAN, HUONG LE | * | |
| QUAN TRAN, HIEP AN CAO, THUAN VAN LE | * | |
| CUC VAN HUYNH, NUOI VAN PHAM, TOM | * | JUDGE BARBIER |
| CONG HUYNH, KHANH HUYNH, TINH | * | |
| NGUYEN, HUY VO, KENT VO, LAN DO, DAI | * | SECTION J |
| LE, KHANH NGUYEN, ANH LY, KINH | * | |
| NGUYEN, DAN DO, LOC VAN NGUYEN, JULIE | * | MAGISTRATE JUDGE |
| THANH NGUYEN, KONG DUONG, THAI TRAN | * | WILKINSON |
| SINH PHAM, SAK DAKARITH, CHAMROEUN | * | |
| DUONG, LIM SENG, CHAMREOEUN KANG, | * | MAG DIV. 2 |
| SIENG SUONG, DRANSON PHAM, DONG | * | |
| NGUYEN, BICH BUI & SU NGUYEN | * | |
| | * | |
| VS. | * | |
| | * | |
| BP AMERICA PRODUCTION COMPANY, BP | * | |
| EXPLORATION AND PRODUCTION, INC., | * | |
| DRC EMERGENCY SERVICES, LLC, & DANOS | * | |
| AND CUROLE MARINE CONTRACTORS, LLC | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b)

Pursuant to FED. R. APP. P. 5(a) and 28 U.S.C. § 1292(b), Plaintiffs submit this memorandum of points and authorities in support of their motion for certification of the Court's Order Staying Case of July 12, 2012 ("Order Staying Case"), and for the Court to amend its Order Staying Case to state that the necessary conditions for interlocutory review under 28 U.S.C. § 1292(b) have been met. As detailed below, the Order Staying Case meets the criteria for certification for interlocutory review pursuant to § 1292(b), and as a result, the Court should certify the following issues for interlocutory review:

1. What is the standard for staying proceeding in cases where there is an ongoing parallel settlement process?

2. Can a settlement releases claim that the parties negotiating that settlement did not addressed, considered, or knew about at the time of negotiation?

3. Whether staying proceeding violates Plaintiff's right to Due Process of law?

4. What are the public policies underlying the Civil Rights Act of 1866 and does it favor an expedient and open adjudication of such cases?

## BACKGROUND

On April 20, 2010, an explosion on the oil vessel *Deepwater Horizon* in the Gulf of Mexico caused the most devastating, unprecedented environmental disaster in the history of the United States.  The explosion caused oil to gush out from the Macondo Well into the Gulf of Mexico destroying marine and coastal environments and created economic hardships to hundreds of thousands of people along the Gulf Coast.  To contain

and clean up the spill, BP initiated the Vessel of Opportunity (V.o.O.) Program through which commercial fishermen and others were contracted to assist in the clean up.  On October 19, 2010, this Court entered its Case Management Order No. 1, wherein it directed a Master Complaint to be filed on behalf of the thousands of individuals who were victims of the oil spill seeking damages for physical injuries, costs of future medical screening and monitoring, the implementation of a medical screening and monitoring program and/or property damage resulting from clean-up efforts after the explosion.  Subsequently, a First Amended Master Complaint was filed further alleging and clarifying the acts of negligence of BP in causing the explosion on the *Deepwater Horizon* and the subsequent oil spill.  Nowhere in the Master Complaint and the First Amended Master Complaint is the issue of race discrimination was alleged.  After the Vessel of Opportunity term ended on November 26, 2010, individuals who contracted to work in the program filed suit against BP and its contractors alleging a breach of contract under terms the Master Vessel Charter Agreement.  The Court then ordered that the suits in connection with the V.o.O. Program to be consolidated and resolved under the Multidistrict Litigation by the Plaintiff Steering Committee.  A preliminary settlement was reached between BP and the Plaintiffs' Steering Committee for economic and property damage claims in connection with the oil spill on, or about March of 2012.  This lawsuit was then filed independently of the MDL in the US District Court for the Eastern District of Louisiana alleging race discrimination against BP and its contractors in the implementation of the V.o.O. Program.  The Defendants then filed this Motion to Stay Proceedings, which the District Court granted on July 11, 2012.  This Motion for Interlocutory Review ensues.

## ARGUMENT

A district court shall certify an order to the court of appeals for interlocutory review under 28 U.S.C. § 1292(b) when the district judge believes that the order involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b) (2007). In determining whether certification is appropriate, the district court must consider: (1) whether the order involves a controlling question of law; (2) whether substantial contrary authority or other grounds for a difference of opinion exist; and (3) whether an immediate appeal would materially advance the disposition of the litigation. *Garner v. Wolfinbarger,* 430 F.2d 1093, 1096-97 (5th Cir. 1970).

### (I) THE APPEAL PRESENTS CONTROLLING ISSUES OF LAW

The Fifth Circuit has observes a distinction between "a 'controlling question of law' as opposed to a question of fact or matter for the discretion of the trial court." *Garner v. Wolfinbarger,* 430 F.2d 1093, 1096-97 (5th Cir. 1970); *see also Clark-Dietz & Assocs.-Engr's v. Basic Constr. Co.,* 702 F.2d 67, 69 (5th Cir. 1983).

**Issue 1**: The issue of what standard the district court should use in deciding whether to stay a case where there is an ongoing parallel settlement process is a question of law because a standard would limit the Court's discretion. Plaintiffs question whether it was proper for the Court to grant stay under these circumstances; Plaintiffs question whether the standard the Court used, or not used, to stay proceeding is legally correct.

The issue obviously controls in this case because it directly addresses how and when this Court can issue an order staying case.

**Issue 2**: The issue of can a settlement releases claim that the parties negotiating that settlement did not addressed, considered, or knew about at the time of negotiation is a question of law because it will serve to guide future settlement disputes. Plaintiffs are again raising a question regarding what standard can a court use to make a judgment. Plaintiffs are arguing that there should be legal limits to the amount and scope of claims a settlement agreement can cover.  Whether this is true and by what standards should Courts use to limit settlement agreement is a question of law. The Court of Appeals would only determine what this standard and not whether the District Court properly apply this standard to the facts.

It is controlling here because the Defendant's argument for stay rest on the idea that the releases from the Economic Settlement Agreement apply to Plaintiff's civil rights claim.

**Issue 3**: The issue of Due Process of law is a question because it involves a Constitutional issue dispositive to this Order Staying Case.  It is controlling because Plaintiffs are arguing that they are entitled to an expeditious resolution of their claim and that staying proceeding would violate this right.

**Issue 4**: The issue of what are the public policies underlying the Civil Rights Act of 1866 is a question of law because it is question regarding the interpretation of a Federal statute.  Courts must consider public policy when scrutinizing class settlements that have private/public concerns. *Brooklyn Sav. Bank v. O'Neill*, 324 U.S. 697, 706-707

(1945) (finding that private waivers of FLSA would "thwart the legislative policy [FLSA] was designed to effectuate"); *United States v. City of Alexandria*, 614 F.2d 1358, 1362 (5th Cir. 1980) (noting judicial duty to ensure class action settlement agreements are neither illegal nor contrary to public policy). Plaintiffs, here, is asking the Court of Appeals to determine what those policies are, a question on the interpretation of law, and not whether the Court properly apply the policy consideration.

The question of law here is whether and what public is controlling here because it is a factor in deciding whether a motion to stay is proper.

## THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERING OPINIONS

**Issue 1**: The issue of what standard the district court should use in deciding whether to stay a case where there is an ongoing parallel settlement process satisfies section 1292(b)'s requirement that there be substantial ground for a difference in opinion on the issue raised. The Fifth Circuit has not addressed this question. Plaintiffs are proposing a 'substantial similar' test. Other courts have used this test to stayed proceedings where there are other ongoing proceedings on a similar issue. It is logical to use this standard here because there is an ongoing proceeding on a similar. The only difference is that the proceeding here has reached settlement.

The Defendants does not offer their own standard. Defendants simply reject Plaintiff's standard. In fact, some of the cases Defendants cited alluded to the 'substantial similar' standard. What is clear is that a standard is necessary. Otherwise, broad settlement agreement can cause delay to litigation that has little or no similarity to the settlement. Whether or not the Defendant is correct, an appeal would create a

standard to guide the District Courts.

**Issue 2**: The issue of can a settlement releases claim that the parties negotiating that settlement did not addressed, considered, or knew about at the time of negotiation satisfies section 1292(b)'s requirement that there be substantial ground for a difference in opinion on the issue raised. There are limits to the scope of settlement agreements. See *National Super Spuds*, 660 F.2d at 18 ("If a judgment after trial cannot extinguish claims not asserted in the class action complaint, a judgment approving a settlement in such an action should not be able to do so either."). However, Defendants are essentially arguing that there is no limit. They are arguing that their settlement agreement can release all and any claims at and around the time of or, in any way, is related to the settlement's original cause of action. Plaintiffs is arguing that settlement agreement cannot release claims that the parties negotiating that agreement had no knowledge of, did not considered, and did not, in any way, represent. The difference between the two views is large, but it illustrates the point that the law is not clear on the matter and, therefore, substantial ground for disagreement exists.

**Issue 3:** The Defendants argue that if Plaintiffs sign the Settlement Agreement's release, which seeks to cover "all claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident", Plaintiffs cannot pursue their claims under the Civil Rights Act of 1866, which bars racially discriminative practices in hiring and contracting. The Plaintiffs argued that if this Honorable Court were to accept the Defendants' argument, then a question arises as to whether the Plaintiffs in this proceeding were afforded the due process of law required by the U.S. Constitution. The notion that the individual litigant possesses a constitutional right to his

day in court before his rights may be judicially altered has long served as a guide for the shaping of modern procedure. The concept "due process of law" has been understood as "[a]n orderly proceeding wherein a person is served with notice, actual or constructive, and has an opportunity to be heard and to enforce and protect his rights before a court having power to hear and determine the case." *Kazubowshi v. Kazubowski,* 45 Ill.2d 405, 259, N.E.2d 282 290; *Black's Law Dictionary,* 6th Edition, 500. As mentioned above, the issue in this proceeding was not considered or even known about by the parties that negotiated the MDL Settlement Agreement. The facts and law in this case differ greatly from the MDL and V.o.O claims, which are economic losses stemming from the Defendants' negligence, recklessness, or breach of contract. The issue of race discrimination surrounding this lawsuit has not been heard by this Honorable Court, the facts have not been presented, and an agreement has not been discussed. The question of whether staying proceedings constitutes a violation of due process is an issue of law that must be decided by the Appellate Court. The Plaintiffs obviously argue that the Defendant's overly broad construction of the Settlement Agreement is unreasonable, unsubstantiated by legal precedence, and violates due process of law guaranteed by the US Constitution.

**Issue 4:** The issue of what are the public policies underlying the Civil Rights Act of 1866 satisfies section 1292(b)'s requirement that there be substantial ground for a difference in opinion on the issue raised. Congress enacted the Civil Rights Act of 1866 to redress the badges and incidents of slavery. *Jones v. Alfred H. Mayer Co*., 392 U.S. 409 (1968). The Plaintiffs is arguing that "[t]he Act's intent is not only to punish race discriminatory practices in hiring and contracting, but also to bring such practices into the

public sphere." (see Plaintiff's Response). Plaintiffs argue that the Court should consider this underlying policy when the Court construes the settlement agreement and when the Court considers the Order Staying Case. However, Defendants counter by stating that the Civil Rights of 1866 that "Plaintiffs provide no citation for the contention that the Act is intended to *punish* violators." (see Defendant's Reply). Plaintiff is unsure what the Defendants is contending in regard to the purpose of the Civil Rights Act of 1866. If the Act was not intended to punish violators, then why did Congress give private citizens the right to sue for damages under the Act? In either case, the issue of punishing violators is not salient. The Plaintiffs is only contending that the Act's policy of redressing badges and incidents of slavery necessitates an open, honest, and expeditious rendering of claims of racial discrimination and that staying this case is counter to that policy. However, there is a valid disagreement on whether this is a public policy underlining the Civil Rights Act of 1866.

## AN IMMEDIATE APPEAL FROM THE ORDER WILL MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

Finally, in determining whether to certify an interlocutory appeal, a court considers whether an immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, an immediate appeal will satisfy this statutory factor. The Court has stay this case until the completion of the Economic Damages Settlement Agreement. If the Court of Appeal finds that the stay is improper, this case will continue expeditiously. If not, then there is the potential that this case will terminate, if all the Plaintiffs opt to sign on to the Economic Damages Settlement Agreement, and/or this case will no longer qualify as a class action, if a significant number of Plaintiffs opt to sign on to the Economic Damages Settlement Agreement.

Both Plaintiffs and Defendants agree on the consequences of the Order Staying Case.

## **CONCLUSION**

The criteria for an interlocutory appeal under 28 U.S.C. § 1292(b) are satisfied. The Plaintiffs request, therefore, that the Court certify an interlocutory appeal from the July 11, 2012 Order Staying Case. The Commission also requests that the Court effectuate the appeal by amending the July 11, 2012 Order Staying Case to add the necessary findings.

RESPECTFULLY SUBMITTED:

s:\Ryan Beasley
Ryan E. Beasley, Esq.
Bar No: 28492
2439 Manhattan Blvd., Suite 302
Harvey, LA 70058
T: 504-367-5001