UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010, | MDL NO. 2179 |
| | Case No. 2:11-CV-03180 |
| THANH HAI, INC.; TONY NGUYEN; KHANG VAN DANG, and the more than 700 persons named herein, | SECTION:  J |
| | Judge Barbier |
| Plaintiffs, | Magistrate Judge Shushan |
| vs. | |
| BP AMERICA PRODUCTION COMPANY; BP EXPLORATION AND PRODUCTION, INC.; ANADARKO PETROLEUM CORPORATION; MOEX OFFSHORE 2007, LLC; MOEX USA CORPORATION; MITSUI OIL EXPLORATION CO., LTD.; TRANSOCEAN HOLDINGS LLC; TRITON ASSET LEASING GMBH; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN LTD.; CAMERON INTERNATIONAL CORPORATION F/K/A COOPER-CAMERON CORPORATION; HALLIBURTON ENERGY SERVICES, INC.; M-I, LLC, WEATHERFORD U.S. L.P., | |
| Defendants. | |

_____

**COMPLAINT FOR INTERVENTION**
_____

NOW INTO COURT, comes Stephen S. Kreller of The Kreller Law Firm, Gerard M. Nolting, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA

(hereinafter referred to collectively as "Intervening Attorneys"), intervenors herein, who respectfully aver the following:

1.

Defendants-in-Intervention are Ngot T. Nguyen, an individual residing in Jackson County, Mississippi, and Ngot Nguyen, LLC (GCCF Claim No. 1146421), a Mississippi limited liability company managed by Ngot T. Nguyen (hereinafter referred to collectively as "Ngot Nguyen").

2.

On October 26, 2011 Ngot Nguyen retained Intervening Attorneys with respect to claims for payment from the Gulf Coast Claims Facility at a cost-included contingency fee of 18 percent. On December 16, 2011, Ngot Nguyen retained Intervening Attorneys with respect to litigation relating to the Deepwater Horizon oil spill at a cost-included contingency fee of 25 percent. Under the December 16, 2011 agreement, the fee would remain at 25 percent even if Ngot Nguyen elected to opt out of participation in the Seafood Compensation Program.

3.

Intervening Attorneys actively and aggressively pursued Ngot Nguyen's GCCF claims through Mr. Ken Feinberg and also aggressively pursued Ngot Nguyen's claims in the multi-district litigation (MDL).

4.

Intervening Attorneys dedicated a team of attorneys to work with Ngot Nguyen on these claims. The attorneys personally investigated, documented, and handled Ngot Nguyen's claims and have corresponded with Ngot Nguyen on an ongoing basis.

Intervening Attorneys had client interviews and meetings with Ngot Nguyen to fully investigate and document the GCCF and MDL claims.

5.

Intervening Attorneys collected and analyzed all necessary business records related to Ngot Nguyen's claims.

6.

Intervening attorneys also paid to maintain a permanent staff of translators to assist Vietnamese-American clients like Ngot Nguyen.

7.

Intervening Attorneys hired experts, including National Resource Consultants, whose marine biologists testified in the Exxon Valdez litigation and have assessed biological and market damages caused by multiple oil spills.  Intervening Attorneys also hired Corky Perret, a forty-year veteran of the Mississippi Department of Marine Resources and an expert on Gulf fisheries.  The expert team prepared multiple reports presenting damage models designed to compensate shrimpers fishing businesses, like Ngot Nguyen, for the full range of biological and market impacts caused by the oil spills.  The damage models quantified ongoing and likely future damages through the use of risk multipliers.

8.

Intervening Attorneys met with Mr. Feinberg and GCCF multiple times in Washington, D.C. to negotiate with GCCF on behalf of Ngot Nguyen.  This included a meeting in which Intervening Attorneys flew experts to Washington, D.C. to present their findings, including their expert reports and damage models, to Mr. Feinberg and GCCF.

9.

The efforts of Intervening Attorneys resulted in significant revisions to GCCF's methodology for compensating shrimp fishers. As a direct result of this effort, Ngot Nguyen received a larger offer from GCCF.

10.

Intervening Attorneys prepared fully documented and detailed claims to submit to GCCF for Ngot Nguyen. Those claims included extensive analysis of Ngot Nguyen's catch records and lost revenues caused by the oil spill, and were supported by expert reports paid for by Intervening Attorneys. Intervening Attorneys also responded to a deficiency letter from GCCF on behalf of Ngot Nguyen and requested that GCCF process Ngot Nguyen's claim.

11.

In conjunction with their experts, Intervening Attorneys developed damage methodologies for shrimpers including the use of damage multipliers. These methodologies and concepts have been incorporated into the Seafood Compensation Program and are integral to the compensation that Ngot Nguyen will receive under the program's shrimp formulas.

12.

Intervening Attorneys represent Ngot Nguyen in the *In Re Deepwater Horizon* litigation on a direct action basis. Ngot Nguyen is a named plaintiff in an OPA 90 complaint filed on December 28, 2011, and Intervening Attorneys are counsel of record for Ngot Nguyen in that litigation. See *Thanh Hai, Inc., et al. v. BP American Production Company, et al.*, U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-03180.

13.

The GCCF claims and supporting documentation Intervening Attorneys submitted for Ngot Nguyen are now being used by the Seafood Compensation Program to compensate Ngot Nguyen.

14.

Intervening Attorneys extensively participated in settlement negotiations with the Plaintiffs' Steering Committee and BP regarding compensation for shrimpers. The efforts of Intervening Attorneys were directly responsible for doubling the amounts that Ngot Nguyen will receive under the Seafood Compensation Program.

15.

Additionally, Intervening Attorneys extensively participated in mediations with Special Master John W. Perry, Jr. and Dan J. Balhoff regarding the formulas and compensation available under the Seafood Compensation Program.

16.

Since filing of the settlement agreement, Intervening Attorneys have documented Ngot Nguyen's claims to ensure collection of all information necessary to obtain compensation under the Seafood Compensation Program. Intervening Attorneys also calculated Ngot Nguyen's claims under the settlement.

17.

Intervening Attorneys scheduled a meeting with Ngot Nguyen on June 19, 2012 to review the settlement terms and explain the amount of money that Ngot Nguyen would receive under the settlement.

18.

Subsequently, on or about June 19, 2012 and following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Ngot Nguyen came to Intervening Attorneys' offices in Mississippi on the date scheduled to review the settlement terms, and provided a member of Intervening Attorneys' staff with a termination letter instead.  *See* Letter from Ngot Thi Nguyen dated June 19, 2012, attached hereto as Exhibit A.

19.

The Court has now granted preliminary approval of the settlement and Seafood Compensation Program, including compensation formulas for Ngot Nguyen.  Intervening Attorneys have done everything necessary to obtain settlements for Ngot Nguyen.  At this point, the only thing left to be done on Ngot Nguyen's behalf is to fill out online forms with the information Intervening Attorneys have collected, generated, and reviewed with their client.

20.

Defendants in Intervention, Ngot T. Nguyen and Ngot Nguyen, LLC (GCCF Claim No. 1146421), are indebted unto Intervening Attorneys for the costs that Intervening Attorneys have expended on their behalf; they are also indebted unto Intervening Attorneys for legal fees for the prosecution of their claims and for any other fees as directed by this Honorable Court.

21.

Intervening Attorneys maintain they have been wrongfully discharged by Ngot T. Nguyen and Ngot Nguyen, LLC and maintain that Intervening Attorneys performed services on their behalves that aided them in the prosecution of their claims.

**WHEREFORE**, Intervenors, Stephen S. Kreller of The Kreller Law Firm, Gerard M. Nolting, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, pray that a copy of this Complaint for Intervention be served upon Defendants in Intervention herein; that they be duly cited to appear and answer same and that, after all legal delays and due proceedings had, there be judgment herein in favor of Intervenors, Stephen S. Kreller of The Kreller Law Firm, Gerard M. Nolting, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, for all costs incurred by Intervenors in connection with the legal services rendered on behalf Ngot Nguyen and for legal fees incurred by Intervenors' representation of Defendants-in-Intervention, for the contingency fee as stated in the retainer agreement with Intervenors, which represents a reasonable value of Intervening Attorneys' services, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for any other fees as directed by the court, and for all general and equitable relief.

RESPECTFULLY SUBMITTED:

BY:  /s/ *Stephen S. Kreller*_____
THE KRELLER LAW FIRM

 Stephen S. Kreller (LA # 28440)
 757 St. Charles Avenue, Suite 301
 New Orleans, LA  70130
 Telephone:  504-484-3488
 Facsimile:  888-294-6091
 Email:  ssk@krellerlaw.com

FAEGRE BAKER DANIELS LLP

 Gerard M. Nolting (admitted pro hac vice)
 William L. Roberts (admitted pro hac vice)
 Craig S. Coleman (admitted pro hac vice)
 2200 Wells Fargo Center
 90 South Seventh Street
 Minneapolis, MN  55402
 Telephone:  612-766-7000
 Facsimile:  612-766-1600

LANGSTON & LOTT, P.A.

 Duncan Lott (admitted pro hac vice)
 Casey L. Lott (admitted pro hac vice)
 100 South Main Street
 Booneville, MS  38829
 Telephone:  662-728-9733
 Facsimile:  662-728-1992

 **ATTORNEYS FOR PLAINTIFFS IN INTERVENTION**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Complaint for Intervention has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 25th day of July, 2012.

                                                                   /s/ Stephen S. Kreller

fb.us.8819568.01