UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

**[Regarding Share File and SharePoint Site Information]**

BP and the PSC have engaged in ongoing discussions concerning their "amicable disagreement" regarding share file sites and SharePoint sites. Specifically, the discussion commenced when the United States requested information regarding the "Macondo Tactical Response SharePoint" hereafter the "Macondo SharePoint." The United States complained that BP failed to provide information necessary for it to understand the Macondo SharePoint and evaluate BP's claim of privilege over documents that may have been posted on that site. In response, BP requested that the United States identify all share file and SharePoint sites from which the United States has produced documents so that it could make a similar analysis. The United States replied that the Sandia National Lab's SharePoint was the Government's version of the Macondo SharePoint. It offered to produce analogous information from the Sandia SharePoint file, but not other information about other share file sites.[1]

Finally, BP raises the issue that the United States originally indicated it wanted the Macondo SharePoint information in order to evaluate the propriety of privilege claims, but that it now appears

---

[1] BP responded that it was aware of at least 28 U.S. share file sites, many of which appeared to be litigation created document processing sites where the documents produced from those sites bear filepath metadata from the processing site rather than from the original source as per PTO #16. The undersigned has not seen a response from the U.S. to the metadata issue raised by BP as to the possible share file sites. It is presumed that this is part of the larger metadata discussion the parties are engaged in.

it is using the information to assess who used non-privileged documents from the site. BP requests that the United States provide a list of Phase Two file share sites from which it has produced Phase Two data, similar to that provided by BP in its letter of April 27 (listing 17 file share sites including the Macondo SharePoint site).

In its last response, the U.S. reaffirmed that its interest in BP's Macondo SharePoint is limited to that one site and limited to possible privilege issues it might present. It urges, however, that BP's provision of information to it concerning all of its file share sites does not create an obligation for the U.S. to do likewise for all network share files, intranets, extranets, and websites. The United States further argues that it has:

> . . .consulted with each of the agencies participating in Phase 2 discovery and determined that no other agency used a system that tracked and logged posting and access to documents to hold documents related to Source Control or Quantification with similar logs that can be exported. Thus, to the extent the Sandia Site was able, the United States has provided the same information it has requested from BP. . . regarding its one analog to BP's site. What the United States refuses to do (absent, obviously, a court order), is to engage in an effort to identify every single network share space, document management system, or internet portal that may have at one time or another hosted some documents relative to Phase 2.

It appears that the U.S. has produced to BP as much of the information requested regarding the Sandia SharePoint as was available. As to other share file sites, without a record that could show access to documents, logged postings, etc. it appears that the burden of identifying all such sites outweighs any potential benefit to BP. In addition, provision of such information was not part of the parties' protocol for production of documents. Thus, the request by BP is denied.

The denial is without prejudice to BP's right to re-urge, upon a showing of good cause, that a particular document or documents should be traced to a file share site or that, alternatively, the metadata from such a site bars identification of the original source data and therefore the situation should be corrected.

**Any appeal of this order must be filed with Judge Barbier by noon on Thursday, August 2, 2012.**

New Orleans, Louisiana, this 25th day of July, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**