UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | : | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | : | |
| GULF OF MEXICO, on | : | SECTION:  J |
| APRIL 20, 2010 | : | JUDGE BARBIER |
| | : | MAG. JUDGE SHUSHAN |
| **THIS DOCUMENT RELATES** | : | |
| **TO 10-cv-4239** | : | JURY TRIAL DEMANDED |
| | : | |

. .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .  . .

## ANSWER OF DEFENDANT CAMERON TO FIRST AMENDED
## COMPLAINT OF THE MEXICAN STATE OF VERACRUZ

Cameron International Corporation ("Cameron") respectfully files this answer in response to the First Amended Complaint filed by Plaintiff the Mexican State of Veracruz ("Complaint"; Doc. 3 in 10-cv-4239), as follows:

### Jury Demand

Cameron joins Plaintiff the Mexican State of Veracruz ("Plaintiff") in demanding trial by jury of all issues in these proceedings so triable.

### Reservation of Right to Amend

Discovery is ongoing.   Cameron therefore reserves its right to amend this pleading.

## Responding to Allegations in the Complaint

Subject to the affirmative factual allegations made by Cameron in support of its claims for affirmative relief in prior pleadings [Doc. 412 in 10-2771 ¶¶ 29-87; the "Cameron Allegations"],[1] which are hereby incorporated by reference pursuant to FED. R. CIV. P. 10(c), Cameron responds as follows to the numbered allegations in the Complaint. Any factual allegation of the Complaint that is not admitted in the following paragraphs of this section or in the Cameron Allegations is denied.

1.      Cameron admits that Plaintiff is a constituent State of the Republic of Mexico, that it is bordered on the east by the Gulf of Mexico, and that its northern border is shared with the State of Texas. Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 1.

2.      Cameron admits that Plaintiff has a coastline on the Gulf of Mexico. Cameron otherwise lacks knowledge or information sufficient to form a belief about the remaining allegations in the first three sentences of paragraph 2. The final sentence of paragraph 2 describes Plaintiff's lawsuit and requires no response.

3.      Cameron admits that for a period of time in 2010, the *Deepwater Horizon* mobile offshore drilling unit was used to drill for oil on the Macondo oil lease on the Outer Continental Shelf in the Gulf of Mexico approximately 47 miles off the coast of Louisiana, the closest U.S. state. Cameron admits that on April 20, 2010, there were explosions on the unit and

---

[1]      Pursuant to settlement, Cameron's claims for affirmative relief against parties other than the BP Defendants have all been assigned to BP Exploration & Production, Inc., and Cameron has released all claims for affirmative relief against the BP Defendants. Cameron references its prior allegations merely as a convenience for responding to the Complaint's allegations and in no way means to contravene any term of its settlement with BPXP.

that there were fires on the rig thereafter.  Cameron admits that on April 22, 2010, the unit sank into the Gulf, and the marine riser connecting the unit to the well came apart.  Cameron admits that after the break in the riser pipe, oil was discharged from the broken pipe and from the wellhead into the Gulf of Mexico at the OCS seabed.  Cameron avers that the equipment that it had sold to Transocean in 2001 operated as intended.  Cameron otherwise lacks knowledge or information sufficient to form a belief about the allegations in the first four sentences in paragraph 3.  Cameron denies the allegations in the last sentence of paragraph 3.

4.      Cameron admits that oil was discharged into the Gulf at the OCS seabed for approximately 87 days, but otherwise lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 4.  Cameron denies the allegations in the second sentence of paragraph 4.  Cameron admits that oil discharged from the Macondo well into the Gulf at the OCS seabed was driven by Gulf currents to make contact with U.S. Gulf beaches, but otherwise lacks knowledge or information sufficient to form a belief about the allegations in the third sentence of paragraph 4.  Cameron denies the allegations in the last sentence of paragraph 4.

5.      Cameron denies the allegations in paragraph 5.

6.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in the first sentence of paragraph 6.  Cameron denies the allegations in the second sentence of paragraph 6.

7.      Cameron admits the allegations in the first two sentences of paragraph 7.  Cameron lacks knowledge or information sufficient to form a belief about the allegations in the last two sentences of paragraph 7.

3

8.      Cameron denies the allegations in paragraph 8.

9.      Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 9.

10.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 10.

11.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 11.

12.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 12.

13.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 13.

14.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 14.

15.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 15.

16.     Cameron admits that BPXP held a federal lease permitting drilling for oil on the Macondo prospect on the OCS in the Gulf.  Except as alleged in the Cameron allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 16.

17.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 17.

4

18.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 18.

19.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 19.

20.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 20.

21.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 21.

22.     Cameron admits that some Transocean entity owned the unit and that a Transocean entity and a BP entity entered a Drilling Contract with respect to the unit, and the operations under the Drilling Contract led to the spill at the well, but Cameron otherwise lacks knowledge or information sufficient to form a belief about the allegations in paragraph 22.

23.     Except as stated in the preceding response to paragraph 22, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 23.

24.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 24.

25.     Cameron admits the allegations in the first three sentences of paragraph 25.  Cameron denies the allegations in the last two sentences of paragraph 25.

26.     In response to paragraph 26, Cameron repeats its responses to paragraphs 1 through 25.

27.     Cameron denies the allegations in paragraph 27.

28.     Cameron admits the allegations in paragraph 28.

5

29.     Cameron denies the allegations in paragraph 29.

30.     In response to the first sentence of paragraph 30, Cameron repeats its responses to paragraphs 1 through 29.  Cameron admits that venue was proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b) as it existed on the date of filing, but denies the remaining allegations in paragraph 30.

31.     Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 31, but avers that, even if true, those allegations would not be relevant to proper venue over the case under the U.S. Judicial Code.

32.     In response to the first sentence of paragraph 32, Cameron repeats its responses to paragraphs 1 through 31.  The second sentence of paragraph 32 states a convention and requires no response.

33.     Cameron admits that the *Deepwater Horizon* was a dynamically positioned mobile offshore semisubmersible drilling unit.  Cameron admits that a predecessor to Transocean had a role in designing the unit.  Cameron denies that it ever owned, manned, possessed, managed, controlled, chartered or operated the unit.  Cameron otherwise lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 33.

34.     Cameron admits that on April 20, 2010, the unit was attempting to complete abandonment operations to permit the unit to be removed from the Macondo well. Cameron admits that the abandonment process entailed cement work.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 34.

35.     Cameron admits that a BOP was attached to the wellhead, but denies the remaining allegations in paragraph 35.

36.     Cameron avers that the allegations in the first sentence of paragraph 36 are based on a false supposition, because the BOP on the wellhead was operational on April 20, 2010, and in fact had been successfully activated to close the well.  Cameron denies that Plaintiff suffered losses as alleged in paragraph 36.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 36.

37.     Cameron denies the allegations in paragraph 37.

38.     To the extent that the allegations in paragraph 38 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 38.

39.     Cameron denies the allegations in paragraph 39.

40.     Cameron denies the allegations in paragraph 40.

41.     Cameron denies the allegations in paragraph 41.

42.     Except for the allegations concerning the conduct of Transocean and Halliburton in the Cameron Allegations, Cameron denies the allegations in paragraph 42.

43.     To the extent that the allegations in paragraph 43 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 43.

7

44.     To the extent that the allegations in paragraph 44 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 44.

45.     To the extent that the allegations in paragraph 45 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 45.

46.     Cameron denies the allegations in paragraph 46.

47.     To the extent that the allegations in paragraph 47 include Cameron as one of the "Defendants," Cameron denies those allegations.  Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 47.

48.     Cameron denies the allegations in paragraph 48.

49.     In response to paragraph 49, Cameron repeats its responses to paragraphs 1-48.

50.     To the extent that the allegations in paragraph 50 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in the first sentence of paragraph 50.  Cameron denies the remaining allegations in paragraph 50.

51.     To the extent that the allegations in paragraph 51 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron

8

Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 51.

52.     Cameron denies the allegations in the first sentence of paragraph 52.  To the extent that the remaining allegations in paragraph 52 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 52.

53.     To the extent that the allegations in paragraph 53 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 53.

54.     To the extent that the allegations in paragraph 54 include Cameron as one of the "Defendants," Cameron denies those allegations.  Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 54, except that Cameron specifically denies that the doctrine of *res ipsa loquitur* can be applied to Cameron.

55.     Cameron denies the allegations in paragraph 55.

56.     In response to paragraph 56, Cameron repeats its responses to paragraphs 1-55.

57.     Cameron denies the allegations in paragraph 57.

58.     Cameron denies the allegations in paragraph 58.

59.     To the extent that the allegations in paragraph 59 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 59.

60.     To the extent that the allegations in paragraph 60 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the allegations in paragraph 60.

61.     Cameron denies the allegations in paragraph 61.

62.     Cameron denies the allegations in paragraph 62.

63-67.  Because the Third Claim for Relief has been dismissed (Doc. 4845), the allegations in paragraphs 63-67 require no response.

68-73.  Because the Fourth Claim for Relief has been dismissed, the allegations in paragraphs 68-73 require no response.

74-77.  Because the Fifth Claim for Relief has been dismissed, the allegations in paragraphs 74-77 require no response.

78-83.  Because the Sixth Claim for Relief has been dismissed, the allegations in paragraphs 78-83 require no response.

84.     To the extent that the allegations in paragraph 84 include Cameron as one of the "Defendants," Cameron denies those allegations.   Except as alleged in the Cameron Allegations, Cameron lacks knowledge or information sufficient to form a belief about the

allegations in the first sentence of paragraph 84.  Cameron denies the remaining allegations in paragraph 84.

## Failure to State a Claim

85.     Pursuant to FED. R. CIV. P. 44.1, Cameron hereby gives written notice that it "intends to raise an issue about a foreign country's law," and, in particular, states that under the constitution and law of Mexico, Plaintiff has no standing to sue Cameron for damage to coastal waters or natural resources.

86.     Even beyond the correct dismissal of claims in Doc. 4845, the Complaint does not state a valid claim upon which relief may be granted against Cameron for the following reasons:

a.   The Oil Pollution Act of 1990, 33 U.S.C. § 2701 *et seq*. ("OPA"), provides comprehensive remedies for oil spill costs and damages, including sections providing for the potential liability of Cameron to parties other than Plaintiff, and therefore displaces and preempts all the claims against Cameron asserted in the Complaint.

b.   The Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1333(a), which the Complaint concedes is applicable (¶ 28), preempts recovery against Cameron under admiralty law.

c.   In addition, recovery of any relief against Cameron under the law of the OCSLA "adjacent state," here Louisiana, is barred for the reasons stated in the following section.

1100440v1

87.     The Complaint fails to state a claim upon which relief can be granted against Cameron for the following reasons:

a.   Under OCSLA, which the Complaint concedes is applicable to the claims in this case (¶ 28), any claim for relief that is not encompassed or preempted by OPA is governed exclusively by the law of the "adjacent state," here Louisiana, but only so long as the surrogate state law is not "inconsistent with" federal law.  43 U.S.C. § 1333(a).  OCSLA therefore expressly preempts the application of general maritime law.

b.   The claims against Cameron in the Complaint are altogether barred by OCSLA because they are inconsistent with the comprehensive remedial scheme of OPA.

c.   To the extent the claims of the Complaint are applicable and not barred by OPA or OCSLA, the Louisiana Oil Spill Prevention and Response Act ("LOSPRA") would be the exclusive Louisiana law governing those claims.  La. R.S. § 2491(A).

d.   The Complaint fails to state a claim upon which relief can be granted against Cameron under LOSPRA because the Complaint affirmatively alleges facts demonstrating that Cameron is not a "responsible party" under LOSPRA inasmuch as persons who provide assistance in response to a threatened discharge of oil are excluded from that definition.  La. R.S. § 2454(22)(c).

12

e.   If LOSPRA is not applicable to the claims against Cameron in the Complaint, and if the Louisiana Products Liability Act ("LPLA") is not altogether preempted by OPA or OCSLA, the LPLA would be the exclusive Louisiana law governing those claims.  La. R.S. § 2800.52.

f.   The Complaint fails to state a claim upon which relief can be granted against Cameron under the LPLA because it contains no allegations that any injury was proximately caused by an identified characteristic of a Cameron product that made the product unreasonably dangerous within the meaning of the Louisiana Act.   La. R.S. § 9:2800.54(A).

g.   The Complaint fails to state a claim upon which relief can be granted against Cameron because it contains no allegation stating any element of any theory of liability permitted by the LPLA.  La. R.S. §§ 9:2800.54(B), 9:2800.55-58.

h.   In particular, the Complaint fails to state a claim upon which punitive damages can be awarded because neither LOSPRA nor the LPLA permit the recovery of punitive damages.

i.   Cameron is immune from recovery under the Complaint allegedly based on Cameron's actions or advice concerning the response to the oil spill by the terms of 33 U.S.C. § 1321(c)(4)(A) and/or 42 U.S.C. § 4158.

1100440v1

j.   Cameron is immune from all claims in the Complaint arising from Cameron's actions or advice concerning the response to the oil spill by the terms of La. R.S. § 30:2466(B).

k.   In the alternative, the Complaint fails to state a claim upon which relief could be granted against Cameron as product manufacturer under general maritime law for essentially the reasons stated in subsections f. and g. above.

## Affirmative Defenses – Louisiana Oil Spill Prevention and Response Act

88.   Cameron states that the claims against Cameron in the Complaint are barred by LOSPRA, which, to the extent it is applicable, establishes the exclusive basis for liability under Louisiana law for oil spill claims, La. R.S. § 30:2491(A).

89.   Cameron (a) states that it is not a "responsible party" within the meaning of LOSPRA § 2454(22), and (b) in the alternative, pleads all of the limitations and defenses set forth in LOSPRA, *id.* §§ 2451-96.

90.   While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Complaint is barred to the extent that it is based on an underlying claim of a private party that did not suffer injury to or destruction of property as described in La. R.S. § 30:2454(5)(b).

91.   While denying that it is a "responsible party" within the meaning of LOSPRA § 2454(22)(c) or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Complaint is barred under LOSPRA because all such claims against

14

Cameron are based on its provision of assistance "in response to a threatened discharge of oil by another person" within the meaning of subsection 2454(22)(c).  La. R.S. § 30:2454(22)(c).

92.     While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that recovery against Cameron under the Complaint is barred by LOSPRA because of the misconduct and negligence of third parties within the meaning of La. R.S. § 30:2481(4).

93.     While denying that it is a "responsible party" within the meaning of LOSPRA or otherwise liable under LOSPRA, Cameron states that LOSPRA would limit the liability of Cameron under the Complaint in any event.  La. R.S. § 30:2479.

### Affirmative Defenses – Louisiana Products Liability Act

94.     To the extent that the claims of the Complaint are not displaced by OPA and/or OCSLA and/or are not subject to LOSPRA, the claims of the Complaint are barred by the LPLA, which establishes the exclusive theories of liability for product manufacturers, and Cameron respectfully pleads all of the limitations and defenses set forth in the LPLA.  La. R.S. § 9:2800.51 *et seq.*

95.     Any alleged injurious event allegedly caused by a Cameron product resulted from use of the product that was not reasonably anticipated, La. R.S. § 9:2800.53(7), and any alleged defect in a Cameron product at the time of the alleged injurious event was the result of changes to, or in, the product or its operation because the product did not receive reasonable care and/or maintenance by its owners or users, La. R.S. § 9:2800.53(8)(c).

96.     Any alleged defect in a Cameron product at the time of the alleged injurious event either did not exist at the time the product left the control of Cameron or did not

15

1100440v1

result from a reasonably anticipated alteration or modification of the product. La. R.S. § 9:2800.54(C).

97.     Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the products were not dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product, with the knowledge within the relevant community of the product's characteristics. La. R.S. § 9:2800.57(B)(1).

98.     Cameron had no legal duty to provide any additional warning about its products in use at the time of the alleged injurious event because the users and handlers of the products already knew or reasonably should have known of any alleged dangerously injurious characteristic of the product. La. R.S. § 9:2800.57(B)(2).

99.     Cameron's products met any express warranty applicable to those products. *See* La. R.S. § 9:2800.58.

100.    Any express warranty applicable to Cameron's products in use at the time of the alleged injurious event had expired years before that time. *See* La. R.S. § 9:2800.58.

101.    At the time the alleged products left Cameron's control, Cameron (a) did not know and, in light of then-existing reasonably available scientific and technical knowledge, could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic; (b) Cameron did not know and, in light of then-existing reasonably available scientific and technological knowledge, could not have known of any alternative design that any Claimant may identify; or (c) any alternative design that any Claimant

16

may identify was not feasible in light of then-existing reasonably available scientific and technological knowledge or then-existing economic practicality.  La. R.S. § 9:2800.59(A).

102.    At the time the alleged products left Cameron's control, Cameron did not know and, in light of then-existing reasonably available scientific and technical knowledge, could not have known of the design characteristic that supposedly caused any alleged damage or the alleged danger of that characteristic. La. R.S. § 9:2800.59(B).

### Affirmative Defense – Contractor Immunity Under Louisiana Law

103.    To the extent any alleged defect in a Cameron product is the result of Cameron's construction of that product in accordance with its customer's (i.e., Transocean's) specifications, Cameron is immune from liability for that defect.  La. R.S. § 9:2771.

### Limitation on Liability – OPA

104.    While denying that it is liable under the Complaint, Cameron states that its potential liability for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2)(B).

### Immunity from Liability – Federal Response Authority

105.    While denying that it is liable under the Complaint, Cameron states that it is immune from liability for certain actions and advice under the Clean Water Act,  33 U.S.C. §§ 1321(c)(4)(A), (j)(8), and derivatively under the Stafford Act, 42 U.S.C. § 5148.

1100440v1

## Alternative Affirmative Defenses – General Maritime Law

106.    While maintaining and without waiving its position that, as conceded in the Complaint (¶28), OCSLA makes Louisiana law applicable to any claims in this action as surrogate and exclusive federal law, Cameron asserts in the alternative, as a protective matter, the affirmative defenses stated in paragraphs 93-102 above.

107.    No Cameron product in use at the time of the alleged injurious incident departed from its intended design at the time it left the control of Cameron.

108.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the reasonably foreseeable risks of harm posed by the product could not have been reduced or avoided by the adoption of a reasonable alternative design.

109.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, there were no feasible alternative designs of the product known by or reasonably available to Cameron that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

110.    In light of reasonably available scientific or technical knowledge or information at the time any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron could not have known of any feasible alternative design that would have reduced or avoided the reasonably foreseeable risks of harm posed by the product.

111.    At the time that any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, the Cameron warnings and instructions

concerning that product were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

112.   No Cameron product in use at the time of the alleged injurious incident was dangerous to an extent beyond that which would have been contemplated by the ordinary user or handler of the product.

113.   After any Cameron product in use at the time of the alleged injurious incident left the control of Cameron, Cameron issued warnings and instructions concerning the product that were adequate to reduce or avoid the reasonably foreseeable dangers of the product.

114.   At the time of the injurious incident, the users of any Cameron product in use at the time of the alleged injurious incident knew or should have known of the dangers associated with that use.

115.   At the time and place of the alleged injurious incident, any failure of a Cameron product to function as intended was caused solely by either the failure of owners, users and/or handlers of the product to take reasonable care of and/or properly maintain the product and/or its constituent parts or an alteration or modification of the product that could not have been reasonably foreseen by Cameron.

116.   The methods, standards, and techniques used by Cameron to design, manufacture, and label or provide instructions for or warnings about any Cameron product designed, manufactured, or labeled by Cameron that was in use at the time of the alleged injurious incident complied and were in conformity with the generally recognized state of the art at the time the products were designed, manufactured, or labeled by Cameron.

19

### Affirmative Defenses – Sole or Superseding/Intervening Causation

117.    Any injury sustained by Plaintiff was caused in whole by the lack of due care and fault of others for whom Cameron had no responsibility or control.

118.    Any injury sustained by Plaintiff was caused in whole by intervening or superseding events, factors, occurrences or conditions which were not caused by Cameron and for which Cameron is not liable.

### Affirmative Defense – Reduction of Recovery Based on Fault of Others

119.    Under any applicable law, recovery by Plaintiff for any damages proximately caused by any product characteristic for which Cameron may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.  *See* LA. CIV. CODE art. 2323.

### Affirmative Defense – Payment and/or Release

120.    To the extent that Plaintiff has received payment from another party or a collateral source and/or released claims against Cameron, Cameron is entitled to be relieved of any liability in this action to the extent of any such payment or release.

### Affirmative Defenses – Damage Recovery

121.    Plaintiff is not entitled to double recovery of its provable damages.

122.    Plaintiff is not entitled to recover damages to the extent that it failed to take reasonable action in mitigation of those damages.

## Affirmative Defense – Economic Loss Doctrine

123.    Recovery against Cameron is barred by the economic loss doctrine.

## Demand for Judgment

WHEREFORE, Cameron International Corporation ("Cameron") demands judgment as follows:

1.  That Plaintiff take nothing by its Complaint;

2.  That Cameron recover from Plaintiff its costs of court in this action; and

3.  That Cameron recover such other and further relief from Plaintiff to which it may show itself entitled.

Respectfully Submitted,

David J. Beck, T.A.
   dbeck@brsfirm.com
Joe W. Redden, Jr.
   jredden@brsfirm.com
David W. Jones
   djones@brsfirm.com
Geoffrey Gannaway
   ggannaway@brsfirm.com

BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 Mckinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

/s/ Phillip A. Wittmann
Phillip A. Wittmann, 13625
   pwittman@stonepigman.com
Carmelite M. Bertaut, 3054
   cbertaut@stonepigman.com
Jared Davidson, 32419
   jdavidson@stonepigman.com

STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

*Attorneys for Defendant Cameron International Corporation*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Answer of Defendant Cameron to First Amended Complaint of the Mexican State of Veracruz has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 27th day of July, 2012.

        /s/ Phillip A. Wittmann
        Phillip A. Wittmann

1100440v1