

U.S. Department of Justice
Environmental Enforcement Section
Environment & Natural Resources Division

---

*P.O. Box 7611*
*601 D Street NW*
*Washington, DC 20044-7611*

*Telephone (202) 616-6537*

**VIA E-MAIL**

July 18, 2012

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

Robert R. Gasaway, Esq.
Kirkland & Ellis LLP
655 Fifteenth Street, NW
Washington, DC 20009

RE: <u>The Court's July 13, 2012 Order Regarding Schedule I Challenges to BP's Privilege Logs</u>

Dear Judge Shushan and Rob,

This letter serves as a response to BP's letter dated July 17, 2012, raising issues regarding the Court's ruling on the Schedule I challenges to BP's privilege logs.  Quite simply, BP is mischaracterizing the clear import of the ruling and raises issues that it neglected to raise in its 19-page brief responding to the challenges.  The parties met and conferred on this issue this morning, and remain at an impasse.  Therefore, we believe this issue is ripe for a ruling from the Court.

**1.  The Court Meant What It Said When It Ordered BP to Produce Documents that Were Improperly Withheld As Privileged**

In its July 17, 2012 letter, BP stated that "for certain documents, the Court's ruling addresses one privilege, but perhaps not another."  This is, generally speaking, incorrect.  For all (or nearly all) of the documents on the challenge list, the Court examined each document for each privilege BP asserted.  For documents over which BP asserted multiple privileges, where the Court found that

1

neither privilege applied, the Court ordered the documents produced in no uncertain terms.[1] Where the Court found that one privilege applied but the other did not, the Court was also clear in that regard.[2]

BP has raised one example where it claims the Court did not consider one of the privileges it asserted: Document No. 28, where the Court stated in the Order that "BP does not argue that the document is protected by the attorney-client privilege." On BP's privilege logs, this document is listed as protected by the attorney-client privilege. The United States does not have access to BP's in camera submissions regarding these documents, so the United States cannot comment on whether BP met its burden to prove the privilege applied. Nonetheless, based on the language in the Order, it is possible that in this one instance, the Court overlooked BP's assertion of the attorney-client privilege and ruled solely on work product. This appears to be an isolated issue related to this one document; the United States has not identified any other instances where the Court stated that BP did not assert a privilege claim over a certain document where an entry in BP's privilege logs suggests otherwise.

## 2. BP's Interpretation of the Challenge Process Would Render the Process Into an Idle Academic Exercise

When the United States submitted its Schedule I challenges, it requested in camera review of 81 representative documents, and split those documents into two groups – 35 Attorney Client Privilege challenge exemplars, and 46 Work Product challenge exemplars. The United States did this after receiving confirmation from the Court that it could submit up to 50 representative documents per privilege. BP, in its 19-page response brief, never raised the argument that the United States had submitted too many documents for review. (Even if BP had made that argument, it was mooted by BP's concession that 35 of the in camera documents were not privileged, putting the total number of in camera submissions below 50). Nor did BP make the strained argument it is making now – that representative documents on the challenge list could only be reviewed for <u>one</u> privilege, even if the documents were withheld on the grounds of more than one privilege.

The United States did not challenge documents on BP's privilege logs for the purpose of obtaining advisory opinions on whether documents are protected by one privilege or two. It did so to discover relevant evidence contained in documents that BP improperly withheld as privileged. Because the overwhelming majority of BP's privilege logs assert multiple privileges over each document, only having one privilege challenge per document would turn the process

---

[1] For Document Nos. 2, 3, 4, 5, 6, 8, 10, 12, 14, 19, 23, 24, 31, 37, 47, 48, 49, 50, 51, 53, and 54, BP asserted multiple privileges, and the Court ruled that the no privilege applied. For all of these documents except Document Nos. 31, 37, 47, 51, and 54, the Court explicitly addressed both privileges.

[2] For Document Nos. 1, 13, 15, 16, 20, and 22, the Court explicitly ruled that one privilege applied and the other did not, and thus did not order production of the documents.

into an idle academic exercise that would do nothing to actually move the case forward towards trial.

The United States identified a group of representative documents from which the Court would be able to provide guidance that could be extrapolated to the remaining documents on BP's privilege logs.  For those documents on the in-camera challenge list, the United States expected (and the Court actually performed) a review of whether, based on the submissions of the parties, each document was protected by either privilege.  As the United States' brief stated, "This list is a sampling as per the Court's order and is not intended to limit in any way the scope of the United States' challenges to BP's privilege claims."  In other words, while the Attorney-Client and Work Product challenge lists were selected to be exemplars for the challenges to those privileges, there was no intention that the Court would limit its review to one privilege or the other.  As the Order makes clear, it did not do so.

For these reasons, the United States respectfully requests that the Court affirm that those documents that were ordered produced must, in fact, be produced, with the possible exception of Document 28, which may be an appropriate subject for re-review.  The United States also requests that the Court require BP to extrapolate its ruling to the remaining documents on BP's privilege log by July 27.

Respectfully submitted,

/s/ A. Nathaniel Chakeres
A Nathaniel Chakeres
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
P.O. Box 7611
601 D Street NW
Washington, DC 20044
aristide.chakeres@usdoj.gov

CC:

Mike O'Keefe
Andrew Langan
Mark Nomellini
Joseph Eisert
Allan Pixton
Joseph Russell
Michael Petrino
Joel Gross
Allison Rumsey
Liaison Counsel