**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

J. Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 1, 2012

**VIA E-MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana  70130
Email:  Sally_Shushan@laed.uscourts.gov

Re:  In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179 -- Claims by Mexican States

Dear Judge Shushan:

We write to bring to the Court's prompt attention a major issue that has arisen regarding the Court's directive that the parties engage in "targeted' discovery to be completed by August 24.  The massive discovery served last week by the three Mexican States (attached as Ex. 1) is anything but "targeted," and goes far beyond the limited issues regarding injury currently under consideration by the Court.  Responses to the discovery cannot possibly be completed by August 24 under the Court's schedule.  Although we would prefer to try to resolve this dispute without Court intervention, efforts earlier this week during a meet-and-confer process with the Mexican States quickly revealed a fundamental disconnect as to what the parties understand by "targeted" discovery.  We therefore seek the Court's intervention now.

On July 26, the three Mexican States served on BP, Transocean, Halliburton, and Cameron discovery requests consisting of 85 Requests for Production ("RFPs"), 59 Interrogatories, and 138 Requests for Admission ("RFAs").  (Ex. 1.)  This discovery goes far beyond the Court's order that discovery be targeted "solely to the briefing of the legal issue of whether the Mexican States have a justiciable claim," (Order (Rec. Doc. 6702) at 2), and that "[d]iscovery into other issues (such as damages) is not the focus of this discovery."  (*Id.*; *see also* Order (Rec. Doc. at 6657) (calling for "limited, targeted discovery").)  Furthermore, not only is the discovery overbroad, it also violates the 25-interrogatory limit in the Federal Rules of Civil Procedure.  By comparison, defendants served a combined set of written discovery that included only 22 RFPs, 8 Interrogatories, and 2 RFAs.  (Ex. 2.)  The Mexican States' non-compliance is described in greater detail in the July 30 letter defendants sent to the Mexican States in an attempt to resolve the issue.  (*See* Ex. 3, 7/30/2012 Letter.)

The Honorable Sally Shushan
August 1, 2012
Page 2

In that letter, defendants asked the Mexican States to withdraw and re-serve their discovery requests in a manner that complies with the Court's directive that discovery be "targeted." (Ex. 3.) In response, the Mexican States denied that their discovery is outside the parameters defined by the Court, pointing out, for example, that each of the three States is entitled to 25 interrogatories. (Ex. 4.) As the Court knows, in MDL 2179 the Court has routinely enforced limits on interrogatories and applied such limits in group to parties with similar interests, such as in the insurance interpleader actions cited in defendants' letter (Ex. 2), rejecting the Mexican States' interpretation that "every party" may serve 25 interrogatories each. As there are many BP entities named in these cases, and indeed hundreds or even tens of thousands of plaintiffs (counting those filing SFJs), any other result -- and the result argued by the Mexican States -- would lead to absurd results.

Apart from limits on interrogatories, the fact remains that the Mexican States' written discovery requests go well beyond the limited scope of "targeted" discovery contemplated by the Court. Defendants accordingly requested that the Mexican States start over and re-serve modified discovery in order to attempt to keep the August 24 completion date in place. In response, the States offered to withdraw a total of three of the 138 RFAs served -- Nos. 92, 93, and 125 -- but insisted that "[a]ll of the examples you cite are directly aimed at the scope, nature, and degree of the damages Defendants have caused and will continue to cause to the proprietary interests of the Mexican States." (Ex. 3.) Their response is inaccurate and confirms that the States' goal in these proceedings is to engage in broad discovery rather than the limited and targeted discovery ordered by the Court. The States' response also ignores the Court's prior order that "[d]iscovery into other issues (such as damages) is not the focus of this discovery." Accordingly, Defendants respectfully ask the Court to set a call this week or, failing that, add this matter to the agenda for the parties' call with the Court on August 7 in order to resolve this issue so that the aggressive discovery schedule set by the Court, which contemplates "complete" answers by August 24, may remain on track. Defendants also request the Court issue an order that the defendants need not respond to the discovery requests served by the Mexican States on July 26.

Thank you for the Court's consideration

Respectfully submitted,

*[signature]*

J. Andrew Langan, P.C.

The Honorable Sally Shushan
August 1, 2012
Page 3

cc:     Enrique G. Serna
        David Beck
        B.D. Daniel
        Geoff Gannaway
        Alan York
        Jenny Martinez
        Gavin Hill
        Bruce Bowman
        Kerry Miller
        Amber Shushan
        Steve Herman
        Jim Roy
        Scott Summy
        Brian Barr