# Exhibit 2



45578083

Jul 26 2012
6:14PM

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE OIL SPILL by the OIL RIG | : **MDL No. 2179** |
| "DEEPWATER HORIZON" in the | : |
| GULF OF MEXICO, on APRIL 20, 2010 | : |
| | : **SECTION: J** |
| THIS DOCUMENT RELATES TO: | : |
| *10-4239* | : **JUDGE BARBIER** |
| *10-4240* | : |
| *10-4241* | : **MAGISTRATE JUDGE SHUSHAN** |
| | : |

---

**DEFENDANTS' TARGETED DISCOVERY REQUESTS TO THE**
**MEXICAN STATES OF QUINTANA ROO, TAMAULIPAS, AND VERACRUZ**

Pursuant to Federal Rules of Civil Procedure 26, 33 and 34, and the Court's June 18, 2012 Order [Regarding Discovery Deadlines] (Rec. Doc. No. 6702), Defendants BP Exploration & Production Inc., Transocean Holding LLC, Transocean Deepwater Inc., Triton Asset Leasing GmbH, Halliburton Energy Services, Inc., and Cameron International Corporation propound the following targeted requests for production of documents, interrogatories, and requests for admission to the Mexican States of Quintana Roo, Tamaulipas, and Veracruz, to be responded to by August 24, 2012. Defendants request that all documents and electronically stored information responsive to the following discovery requests be produced pursuant to Pre-Trial Order No. 16 and the agreement of the parties relating to document productions.

**DEFINITIONS AND INSTRUCTIONS**

1.     "You," "your," and "yours," whether or not capitalized, shall mean as follows:

        (a)     With respect to this Targeted Set of Discovery Requests as served on the State of Quintana Roo (Case No. 2:10-cv-04241), "you," "your," or "yours" shall mean the Mexican State of Quintana Roo, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents, or assigns of these departments, agencies,

and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(b)     With respect to this Targeted Set of Discovery Requests as served on the State of Tamaulipas (Case No. 2:10-cv-04240), "you," "your," or "yours" shall mean the Mexican State of Tamaulipas, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents, or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

(c)     With respect to this Targeted Set of Discovery Requests as served on the State of Veracruz (Case No. 2:10-cv-04239), "you," "your," or "yours" shall mean the Mexican State of Veracruz, including its subdivisions, departments, agencies, and instrumentalities, any employees, agents, or assigns of these departments, agencies, and instrumentalities, and any person who possesses information or documents within the custody and control of these departments, agencies, and instrumentalities.

2.     "Person," whether or not capitalized, shall mean an individual as well as any entity including any proprietorship, partnership, corporation, firm, committee, government agency or subdivision or consultant, or any other organization.

3.     "United States" shall mean the United States of America, including its departments, agencies, and instrumentalities, and any employees, agents or assigns of these departments, agencies, and instrumentalities.

4.     "BP" shall mean BP Exploration & Production Inc. and all of its affiliates and subsidiaries.

2

5.      "Communication" shall mean any transmission of information by one or more persons to one or more persons by any means including, without limitation, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mail, computer linkups, written memoranda, and face-to-face conversations; "communication" includes all documents and electronically stored information ("ESI") containing, summarizing, or memorializing any communication.

6.      "Document" or "documents" shall have the full meaning ascribed to it by Federal Rule of Civil Procedure 34(a), including ESI, and includes the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including but not limited to all writings; records; contracts; agreements; communications (intra or inter-company); correspondence; memoranda; letters; facsimiles; electronic mail (e-mail); minutes, recordings, transcripts, and summaries of meetings, or recordings of meetings, speeches, presentations, conversations, or telephone calls (whether recorded in writing, mechanically, or electronically); handwritten and typewritten notes of any kind; statements; reports; voice recordings; desk calendars; diaries; logs; drafts; studies; analyses; schedules; forecasts; surveys; invoices; receipts; computer data; computer printouts; financial statements; balance sheets; profit and loss statements; statements of earnings; statements of net worth; credit reports; statements of operations; audit reports; financial summaries; statements of lists of assets; work papers; pictures; photographs; drawings; computer cards; tapes; discs; printouts and records of all types; instruction manuals; policy manuals and statements; books; pamphlets; cancelled checks; check stubs; and every other device or medium by which information or intelligence of any type is transmitted, recorded, or preserved, or from which intelligence or information can be perceived.

7.      "Fingerprinting" shall mean a method that identifies sources of oil and allows spills to be traced to their source.

8.      "Identify," whether or not capitalized, when used with respect to: (a) an individual, shall mean to provide the individual's full name, job title, and employer during the period referred to, and current or last-known address and telephone number and business address and telephone number; (b) any entity other than an individual, shall mean to provide the entity's full name and current or last-known address (designating which); and (c) a document, shall mean to provide the date, title, subject matter, author(s), recipient(s), and Bates number(s).

9.      "Including" or "includes," whether or not capitalized, shall mean "including but not limited to" or "including without limitation."

10.     "Relating to" or "related to," whether or not capitalized, when referring to any given subject matter, shall mean any document that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, mentions, alludes to, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified.

11.     "Complaint" shall mean the complaint pending in the United States District Court for the Eastern District of Louisiana filed by you or on your behalf.

12.     *"Deepwater Horizon* Incident" or "Incident" means the events leading to (i) the loss of life and injuries on the Transocean *Deepwater Horizon* rig on or about April 20, 2010, and (ii) the eventual sinking of the rig on April 22, 2010, including the blowout, explosions, and fire.

13.     The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14.     Unless otherwise specified, with respect to this targeted discovery, respond to all requests for production by searching for documents created on or after April 20, 2010.

15.     All documents are to be produced in accordance with Pre-Trial Order No. 16.

16.     Produce all documents in the order in which they appear in your files.  Documents that, in their original condition, are stapled, clipped, or otherwise fastened together shall be produced in this same condition.

17.     Produce all documents within your possession, custody, or control including all documents in the possession, custody, or control of any government employee, agent, representative, consultant, attorney, accountant, advisors, or other persons directly or indirectly connected with you or subject to your control, any government department, agency or any other government subdivision.

18.     If any responsive document has been lost, destroyed, removed from, or is no longer in your possession, custody, or control for any reason, please identify the document, its last known location, and the circumstances surrounding its loss, destruction, or removal.

19.     If you contend that any responsive document is protected from disclosure pursuant to any privilege or work-product doctrine, please specifically set forth the privilege being asserted and any factual or legal basis for its assertion.  Also set forth the date and title of the document, its subject matter generally, its author(s) and recipient(s), and its Bates number(s).

20.     Each paragraph is to be construed independently and not by or with reference to any other paragraph for purposes of limiting the scope of any particular request.

21.     If no documents responsive to a particular request exist, or if such documents exist but are not in your possession, custody, or control, then your response to that request shall so state.

22.     Pursuant to the Federal Rules of Civil Procedure, these requests are continuing and you must revise or supplement your responses and production whenever new or additional responsive information becomes known.

## REQUESTS FOR PRODUCTION

1.      All documents exchanged between and communications between you and any employee, staff member or other person working for, with or on behalf of the United States government referring or relating to the movement or potential movement of both surface or sub-surface oil and/or dispersants following the *Deepwater Horizon* Incident and/or the alleged presence of oil in Mexican waters and/or your territorial boundaries originating from the Incident.

2.      All documents exchanged between and communications between you and any official or entity of the federal government of Mexico referring or relating to the movement or potential movement of both surface and sub-surface oil and/or dispersants following the *Deepwater Horizon* Incident and/or the alleged presence of oil in Mexican waters and/or your territorial boundaries originating from the Incident.

3.      All documents exchanged between and communications between you and any member of the media or press or any person or entity affiliated with any media publication, including, but not limited to, any reporter, investigator, journalist, author, or publisher, referring or relating to the movement or potential movement of both surface and sub-surface oil and/or dispersants following the *Deepwater Horizon* Incident and/or the alleged presence of oil in Mexican waters and/or your territorial boundaries originating from the Incident.

4.      All documents related to any releases after April 20, 2010, of oil into Mexican territorial waters leading into the Gulf of Mexico or any releases into Mexican waters and/or

your territorial boundaries or by any Mexican state-owned entity, including but not limited to PEMEX.

5.     All documents exchanged between and communications between you and any other party in MDL No. 2179, referring or relating to the movement or potential movement of both surface or sub-surface oil and/or dispersants following the *Deepwater Horizon* Incident and/or the alleged presence of oil in Mexican waters and/or your territorial boundaries originating from the Incident.

6.     All documents relating to any baseline [pre-Incident] status information regarding animal (and plant) species composition, species distribution and movements, populations size, population trends, productivity (hatching success, breeding success), juvenile and adult survivorship (natural mortality), for all marine life, including turtles, cetaceans, marine organisms (phytoplankton, zooplankton), benthic organisms, pelagic organisms, marine mammals, seabirds, all fish species (fish counts, 'reef check', including commercial, non-commercial and recreational fish species), habitat conditions, species composition, species diversity, species abundance, and associated habitats including, but not limited to sea grasses, mangrove, coral reefs and marine habitats (including standardized monitoring schemes such as 'Reef Check', 'Atlantic and Gulf Rapid Reef Assessment' [AGRRA], 'Caribbean Coastal Marine Productivity Program' [CARICOMP], and the Mesoamerican barrier Reef System – Synoptic Monitoring Program [MBRS SMP] schemes), sandy beaches, rocky shorelines, intertidal, near-shore, sea-bottom substrate/sediment, and all habitats, including open water, allegedly exposed to Macondo well oil within Mexican waters and/or your territorial boundaries for the period January 1, 2006, through and including June 1, 2012.

7.     All documents concerning or relating to sampling of environmental (including water, water column, sediment, air, and shoreline) media and/or wildlife conducted or planned within the Mexican waters and/or your territorial boundaries, including but not limited to data collected, resulting reports, analysis plans, work plans, and quality assurance plans.

8.     All documents related to public presentations, interviews, and publications made by you or any response workers employed by you in relation to response activities undertaken in response to the *Deepwater Horizon* Incident.

9.     All documents related to any oil fingerprinting or identification methods used to analyze tar balls and other oil residues collected in Mexican waters and/or your territorial boundaries, including but not limited to data, work plans, procedures, chain of custody, sampling and analysis plans, and quality assurance plans associated with these fingerprinting methods.

10.     All oil trajectory forecasts, including but not limited to any forecasts developed by or on behalf of you or other Mexican governmental organizations.

11.     All documents related to historic, chronic or acute oiling incidents in Mexican waters and/or your territorial boundaries, including releases from point-source and non-point-sources, and the release of other hazardous chemicals and pollutants between January 1, 2006, through and including June 1, 2012.

12.     All documents related to oil trajectory models employed to forecast, hindcast, simulate or mathematically model an oil trajectory pathway related to any oiling incidents disclosed in response to Request No. 10 herein, including, but not limited to, all model formulae, inputs, data assumptions, Global Information System (GIS) layers, decay functions, temperature-depth assumptions or obtained data, data sources, extrapolation or interpolation methods, model iterations, simulation exercise results, statistical confidence limits, sensitivity analyses,

8

uncertainty assumptions and considerations, and all documents used to inform the scientific basis upon which your oil trajectory modeling is based.

13.     Documents describing the interaction between you and other Mexican government entities, Mexican private entities, Mexican State-owned entities, BP, US federal or US state agencies, or United States private entities relating to activities undertaken in response to the *Deepwater Horizon* Incident, the location of oil, the potential for movement of oil, and similar issues.

14.     All documents related to any investigation conducted by you, performed on your behalf, or reviewed or relied on by you into alleged physical damage caused to your proprietary interests in your Complaint including, but not limited to, alleged damage to waters, estuaries, seabed, marine life, wildlife, plants, beaches, shorelines, coastlines, marshlands, and any other natural and economic resources.[1]  This includes, but is not limited to:

> (a)     All documents related to toxicity thresholds, exposure time, dose-response information, toxicological effects levels, toxicity models, toxicity model assumptions and data inputs, toxicity mortality thresholds, immunotoxicological models and analyses, exposure assumptions, laboratory test results, biochemistry results, animal necropsy procedures and findings, veterinarian reports, chemical analyses, tests or observations.

> (b)     All documents related to stochastic, statistical, or deterministic  models and their assumptions, input values, uncertainty analyses related to a food-web analysis, resilience assumptions, including a conceptual-site model, the strength of food-web interactions and associations, and qualitative analysis, and computer simulations, ecological impact models, fate and exposure models or analyses, and population models

---

[1]  Defendants do not concede that the Mexican States have legally cognizable proprietary interests in any or all of these types of resources.

for marine life to include but not limited to, turtles, phytoplankton, zooplankton, corals, all fish species, seabirds, cetaceans, marine mammals, and pelagic and coastal life forms within Mexican waters and/or your territorial boundaries.

15.      All documents related to any claims of physical damage to your putative proprietary interests that are not alleged in your Complaint but that you intend to allege in the current proceedings including, but not limited to, alleged damage to waters, estuaries, seabed, marine life, wildlife, plants, beaches, shorelines, coastlines, marshlands, and any other natural and economic resources.[2]  This includes, but is not limited to:

(a)      All documents related to toxicity thresholds, exposure time, dose-response information, toxicological effects levels, toxicity models, toxicity model assumptions and data inputs, toxicity mortality thresholds, immunotoxicological models and analyses, exposure assumptions, laboratory test results, biochemistry results, animal necropsy procedures and findings, veterinarian reports, chemical analyses, tests or observations.

(b)      All documents related to stochastic, statistical, or deterministic  models and their assumptions, input values, uncertainty analyses related to a food-web analysis, resilience assumptions, including a conceptual-site model, the strength of food-web interactions and associations, and qualitative analysis, and computer simulations, ecological impact models, fate and exposure models or analyses, and population models for marine life to include but not limited to, turtles, phytoplankton, zooplankton, corals, all fish species, seabirds, cetaceans, marine mammals, and pelagic and coastal life forms within Mexican waters and/or your territorial boundaries.

16.      All documents exchanged between and communications between you and the

---

[2] Defendants do not concede that the Mexican States have legally cognizable proprietary interests in any or all of these types of resources.

National Autonomous University of Mexico, the Metropolitan Autonomous University, the National Polytechnic Institute, the Center for Research and Advanced Studies of the National Polytechnic Institute, the State Autonomous University of Tamaulipas and/or the Mexican Institute of Ecology referring or relating to the movement or potential movement of oil following the *Deepwater Horizon* Incident and/or the alleged presence of oil in Mexican waters and/or your territorial boundaries originating from the *Deepwater Horizon* Incident.

       17.     All documents disclosed or referenced in your Rule 26 initial disclosures.

       18.     All documents that you may use or seek to introduce into evidence or as exhibits in any proceeding, hearing, or deposition related to this targeted discovery.

       19.     All documents that relate to any expert testimony or opinions, or have been considered by any expert witness that may testify on your behalf in any proceeding, hearing, or deposition related to this targeted discovery.

       20.     All documents which relate to the anticipated testimony of any person that you may call as a witness in any proceeding, hearing, or deposition related to this targeted discovery.

       21.     All documents identified in your responses to the Interrogatories below.

       22.     All documents that you consulted in responding to the Interrogatories below and/or that provide support for your responses to the Interrogatories.

## **INTERROGATORIES**

The Defendants previously served discovery requests, including interrogatories on the Mexican States.  The Mexican States adopted the responses of the PSC as their responses, as permitted by this Court's orders.  Given the current targeted discovery, the Defendants renew those previous discovery requests to the extent that they relate to the targeted discovery, and ask the Mexican States to amend their responses to that prior discovery as appropriate.

1.     Identify with specificity the proprietary interests that you allege were physically damaged due to the *Deepwater Horizon* Incident and how and when such alleged damage occurred.

2.     Describe how decisions regarding sampling of environmental media and wildlife were made, including but not limited to how and why decisions were made to begin and cease any sampling; how and why decisions were made to conduct or not conduct sampling in any particular location; how and why decisions on which wildlife types to sample were made; who was involved in the decisions concerning sampling; whether any pre-*Deepwater Horizon* Incident sampling strategies were used; and whether any procedures or protocols regarding sampling were drafted, developed, and/or implemented.

3.     Describe any oil fingerprinting or identification methods used to analyze tar balls and other oil residues collected in Mexican waters and/or your territorial boundaries and provide work plans, procedures, sampling and analysis plans, quality assurance plans, etc. associated with these fingerprinting methods.

4.     Describe the extent and nature of any interaction between you and other Mexican government entities, Mexican private entities, BP, United States federal or state agencies, or United States private entities concerning the location of *Deepwater Horizon*-related oil, potential for movement of oil, and similar issues.

5.     Identify any provision of the Mexican Constitution or of any statute, regulation, rule, or similar text that you contend supports the conclusion that you have a proprietary interest in any waters or natural resources touched by oil from the *Deepwater Horizon* Incident, and provide an accurate translation of same as well as an accurate translation of article 27 of the Mexican Constitution.

6.      Identify and describe any definitions of the terms "Mexican waters" and "territorial boundaries" that you have relied upon to respond to the Defendants' Targeted Discovery Requests including identification of all legal authority contributing to such definitions.

7.      Describe any oil fingerprinting or identification methods supporting the conclusion that any of the oil observed in the Mexican waters and/or your territorial boundaries includes naturally occurring crude oil and/or crude oil from oil spills not originating from the *Deepwater Horizon* Incident.

8.      If you deny any of the following Requests for Admission, please identify the facts and opinions upon which you relied in providing such answer.

## REQUESTS FOR ADMISSION

1.      Admit that without fingerprinting or other similar testing method, it is not possible to identify whether or not any particular oil observed in Mexican waters and/or your territorial boundaries originated from the *Deepwater Horizon* Incident.

2.      Admit that any oil observed in the Mexican waters and/or your territorial boundaries post-April 20, 2010, may include naturally occurring crude oil and/or crude oil not originating from the *Deepwater Horizon* Incident.

Dated:  July 26, 2012

Respectfully submitted,

/s/ J. Andrew Langan, P.C.
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Catherine L. Fitzpatrick
Elizabeth A. Larsen
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

and

Don K. Haycraft (Bar # 14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

*ATTORNEYS FOR BP EXPLORATION &
PRODUCTION INC.*

**GODWIN RONQUILLO PC**

By: _/s/  Donald E. Godwin_
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
FHartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
GHill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332

and

R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No. 24032277
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

***ATTORNEYS FOR HALLIBURTON ENERGY
SERVICES, INC.***

15

/s/ David J. Beck, T.A.
     dbeck@brsfirm.com
Joe W. Redden, Jr.
     jredden@brsfirm.com
David W. Jones
     djones@brsfirm.com
Geoffrey Gannaway
     ggannaway@brsfirm.com
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney, Suite 4500
Houston, TX  77010-2010
713-951-3700
713-951-3720 (fax)

and

Phillip A. Wittmann, 13625
     pwittman@stonepigman.com
Carmelite M. Bertaut, 3054
     cbertaut@stonepigman.com
STONE PIGMAN WALTHER WITTMANN L.L.C.
546 Carondelet Street
New Orleans, Louisiana  70130
504-581-3200
504-581-3361 (fax)

**ATTORNEYS FOR CAMERON INTERNATIONAL CORPORATION**

16

By:   /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile: (713) 654-1301
Email: steven.roberts@sutherland.com
rachel.clingman@sutherland.com

By:   /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana 70163
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com

and

By:   /s/ Edwin G. Preis, Jr.
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
-and-
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com, rjh@preisroy.com

Of Counsel:
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com, allen.katz@mto.com

***ATTORNEYS FOR TRITON ASSET LEASING GmbH, TRANSOCEAN HOLDINGS LLC, TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC. AND TRANSOCEAN DEEPWATER INC.***

17

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, which will send a notice in accordance with the procedures established in MDL 2179, on this 26th day of July, 2012.


/s/ Don. K. Haycraft