# Exhibit 3

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| J. Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

July 30, 2012

**VIA E-MAIL**

Enrique G. Serna, Esq.
20985 IH 10 West
Serna Building
San Antonio, Texas 78257

Re:   In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179 -- Claims by the Mexican States

Dear Enrique:

I am writing regarding the discovery requests served on BP, Transocean, Halliburton, and Cameron by the Mexican States on July 26.  The Court ordered that this discovery be targeted "solely to the briefing of the legal issue of whether the Mexican states have a justiciable claim." (Order (Rec. Doc. 6702) at 2.)  The Court also directed that "[d]iscovery into other issues (such as damages) is not the focus of this discovery."  (*Id.*; *see also* Order (Rec. Doc. at 6657) (calling for "limited, targeted discovery).)

BP would like to meet and confer with you regarding your discovery requests served on July 26 as soon as possible.  In our view, these requests go far beyond the limited, targeted discovery ordered by the Court.  The Mexican States' discovery requests to BP, Transocean, Halliburton, and Cameron include 85 Requests for Production ("RFPs"), 59 Interrogatories, and 138 Requests for Admission ("RFAs").  On its face, such voluminous discovery is not "targeted."

The States' discovery is also excessive (and not "targeted") when the following facts are considered:

- The Mexican States served 59 interrogatories even though the Federal Rules of Civil Procedure permit only 25.  Indeed, the PSC was allowed just 50 interrogatories per defendant for *all Phase 1 discovery* in this case.  (PTO 11 (Rec. Doc. 569) at 10.)  The Court did not grant permission for the Mexican States to serve more than 25 interrogatories.
- When the Court authorized similarly limited discovery in two MDL 2179 insurance actions, it allowed each side (*i.e.*, TO and the insurers on one side; BP, Anadarko, and

Enrique G. Serna, Esq.
July 30, 2012
Page 2

- MOEX on the other) only 35 interrogatories, 25 RFPs, and 25 RFAs. (Rec. Doc. 2593.)
- In this case, defendants have served appropriately limited discovery on the Mexican States. All four Defendants served a combined set of written discovery that included only 22 RFPs, 8 Interrogatories, and 2 RFAs.
- BP has already responded to 818 RFPs, 331 interrogatories, and 475 RFAs in MDL 2179. Many of the States' non-targeted and overly broad discovery requests are duplicative of this previous discovery. Should the Mexican States' claims survive the upcoming motion practice, they may be able to use that previous discovery under the Federal Rules. Thus, many of the Mexican States' discovery requests are not only inappropriate now given the limited scope of the current discovery, they are likely inappropriate at any time given the broad discovery already conducted in MDL 2179.

By any measure, the discovery served by the Mexican States on what was supposed to be targeted issues far exceeds what is reasonable or what the Court contemplated.

In addition, listed below are some examples of requests to BP and the other defendants from the Mexican States that do not comply with the Order that discovery be targeted and should not focus on damages (or liability or any other issues unrelated to whether the Mexican States can show any physical injury to their proprietary interests):

- Interrogatory No. 50: Describe in detail the optimal environmental conditions for the use of oil dispersants such as Corexit or Corexit formulations in the Gulf of Mexico's waters in terms of water temperature, availability of sunlight, depth, and any other applicable factor.
- Interrogatory No. 51: Describe and state the total quantity of Corexit and/or Corexit formulation dispersants used in the Gulf of Mexico as a result of the Deepwater Horizon oil spill. Also, provide the amount of Corexit and/or Corexit formulations applied directly on the riser pipe, wellhead, or water column at the depths of approximately 1100 meters to 1300 meters.
- Interrogatory No. 52: Describe the manner and means by which you attempted to control the dosage of Corexit or Corexit formulations dispersants applied to the riser pipe, well head, or water column in deep waters of the Gulf of Mexico between April 20, 2010 and July 15, 2010.
- Interrogatory No. 57: Describe and state the exact volume of seawater that was contaminated by the combined effects of the oil spill and the use of dispersants.
- Interrogatory No. 58: Identify any and all officials, representatives, or politicians in the Republic of Mexico that you have contacted regarding the potential litigation of the Republic of Mexico against British Petroleum and other Defendants after April 20, 2010.

Enrique G. Serna, Esq.
July 30, 2012
Page 3

- Request for Production No. 21:  Please produce any documents relating to any calculations or estimates of the amount of oil spilled in the Gulf of Mexico.
- Request for Production No. 24:  Please produce any documents relating to the budget for any economic damages, costs, losses, expenses, or injuries resulting from the incident, including any economic or physical damages, costs, losses, expenses, or injuries suffered or to be suffered by Mexican State governments, and wildlife and any steps taken by you to mitigate any such damages, costs, losses, expenses, or injuries through advertising or other means.
- Request for Production No. 27: Please produce copies of any assessments of damages associated with the oil spill, including injuries to coastal areas in the State of Tamaulipas, the State of Veracruz, the State of Quintana Roo, and/or any part of the Republic of Mexico.
- Request for Production No. 36:  Please produce any documents or communications regarding the potential economic impact to tourism along the coast of Mexico, as a result of the oil spill.
- Request for Admission No. 1:  Please admit or deny that the name of the body of water in which the Macondo Well was drilled, *i.e.*, "The Gulf of Mexico" suggests, indicates, or otherwise connotes that there are Mexican interests and/or rights in and to the gulf.
- Request for Admission No. 2:  Please admit or deny that the name of the body of water in which the Macondo Well was drilled, *i.e.*, "The Gulf of Mexico" suggests, indicates, or otherwise connotes that the Republic of Mexico borders or is adjacent to the gulf.
- Request for Admission No. 7:  Please admit or deny former BP, P.L.C. Chief Executive Officer, Tony Hayward, was quoted in substance saying on or about May 14, 2010, "The Gulf of Mexico is a very big ocean. The amount of volume or oil and dispersant we are putting into it is tiny in relation to the total water volume."
- Request for Admission No. 42:  Please admit or deny the incident was proximately caused by your gross negligence.
- Request for Admission No. 43:  Please admit or deny the incident was proximately caused by your willful misconduct.
- Request for Admission No. 92:  Please admit or deny you had publicly acknowledged you would pay "all legitimate claims" related to the incident.
- Request for Admission No. 93:  Please admit or deny you have yet to fully define "legitimate claim."
- Request for Admissions No.121:  Admit or deny that despite the fact that you believe that Macondo 252 oil did not reach the shorelines of South Padre Island, Texas, you granted the state of Texas 100 million dollars as a result of an initial restoration campaign.

Enrique G. Serna, Esq.
July 30, 2012
Page 4

- Request for Admissions No. 125: Admit or deny that the April 20, 2010 Deepwater Horizon accident is the most catastrophic oil spill in the history of the world.

These are merely the most egregious examples of discovery requests that go well beyond the limited scope of the "targeted" discovery contemplated by the Court. Many other discovery requests are also overly broad, go the merits of the Mexican States' claims, or are otherwise objectionable.

Given the Mexican States' failure to properly limit their discovery, we ask that the States withdraw their current discovery requests and promptly re-serve discovery that complies with the Court's orders and the Federal Rules, in order that the aggressive discovery schedule set by the Court, which contemplates "complete" answers by August 24, may remain on track. If the Mexican States do not do so, we will promptly seek relief from the Court. BP has also conferred with counsel for the other defendants, Transocean, Halliburton, and Cameron, who have authorized me to say that they share our concerns and join in our request that you withdraw and re-serve the Mexican States' discovery requests in a manner that complies with the Court's directive that discovery be "targeted."

Sincerely,

J. Andrew Langan, P.C.

cc: David Beck
B.D. Daniel
Geoff Gannaway
Alan York
Jenny Martinez
Gavin Hill
Bruce Bowman
Kerry Miller
Amber Shushan
Steve Herman
Jim Roy
Scott Summy
Brian Barr