# Exhibit 4



July 31, 2012

**713- 951-6263**
**VIA E-MAIL**
Mr. Geoff Gannaway
Mr. David Beck
Beck, Redden & Secrest LLP
1221 McKinney Street
Suite 4500
Houston, Texas 77010
CAMERON

**202-383-0846**
**VIA E-MAIL**
Mr. Sean O' Brien
Other Respectful Counsel
Sutherland
1275 Pennsylvania Ave., NW
Washington, D.C. 20004
TRANSOCEAN

**713-595-8301**
**VIA E-MAIL**
Mrs. Carolyn Raines
Mr. Donald Goodwin
Godwin Ronquillo PC
1201 Elm, Suite 1700
Dallas, Texas 75270
HALLIBURTON

**312-862-2024**
**VIA E-MAIL**
Mrs. Catherine Fitzpatrick
Mr. Andrew Langan
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
BP



RE: **MDL-2179; CASES – 10-4239, 10-4240, 10-4241 – MEXICAN STATES OF VERACRUZ, TAMAULIPAS AND QUINTANA ROO, REPUBLIC OF MEXICO.**

Dear Counsel:

We are in receipt of your letter expressing your reasons why you do not want to respond to Plaintiffs' discovery requests. Without incurring any delay in our deadlines or time frames, we are open to discussions regarding the issues you perceive, and we look forward to such discussions at your earliest convenience. In anticipation of those discussions, I thought it might be useful to share our perspectives in advance of such discussion.

First, let me assure you and the other co-Defendants that we made every effort to "target" our discovery requests and focus the inquiries on the issues before the Court at this time. We sincerely believe we succeeded in narrowing the scope of our discovery requests accordingly. In this regard, we note, parenthetically, that Judge Barbier's June 12, 2012 order used the term "legal viability" rather than "justiciable" in defining the parameters of this stage of the proceedings. We do acknowledge that U.S. Magistrate Shusan's June 18, 2012 used the term "justiciable," which is the term you have adopted. We only note the distinction "for the record" in case that becomes an issue later.

With respect to the number of interrogatories, perhaps you have failed to consider that the "Mexican States" are three separate plaintiffs who originally filed three separate lawsuits. As you note, typically the Federal Rules allow twenty-five interrogatories. Accordingly, Tamaulipas, Quintana Roo, and Veracruz would have been allowed twenty-five interrogatories *each*. For purposes of streamlining discovery and facilitating your responses, we combined the discovery requests in one document, resulting in fifty-nine interrogatories. This number is well below the seventy-five interrogatories to which Plaintiffs would otherwise be entitled. We believe that the number of discovery requests is quite appropriate and reasonable given the separate nature of the Plaintiffs herein. Further, although all of these states were damaged and continue to be damaged by your clients' actions and omissions, the Plaintiffs are entitled to address different areas of interest that may be specific to each of them.

You contend that the Mexican States' discovery requests are duplicative of your earlier responses to the PSC. We respectfully disagree, but we are, nevertheless, willing to discuss your views in this regard, along with other issues. To our knowledge, not much, if anything has been provided by Defendants to the PSC concerning "fate and transport" and, particularly, the movement of the oil spill and other contaminants into Mexican waters and shores. In fact, as an explanation for the dearth of disclosures by Defendants, one or more



defense counsel at our preliminary hearings with U.S. Magistrate Shushan, stated that his/her client generally had not been previously focused on the factual issues concerning the Mexican States. Therefore, it appears somewhat curious that you claim the discovery and/or required responses would be duplicative when counsel has also asserted they have not given attention to the issues previously. If you believe you have already produced responsive information to the PSC, please identify the discovery requests you believe are duplicative so we can discuss this issue. Parenthetically, I note that if the discovery requests are truly duplicative, it should not be a difficult matter for you to merely send us another copy of such responses/information.

We have reviewed the examples of Plaintiffs' discovery requests that you contend exemplify the purported "non-targeted" nature of the discovery. All of the examples you cite are directly aimed at the scope, nature, and degree of the damages Defendants have caused and will continue to cause to the proprietary interests of the Mexican States.

In short, we sincerely believe that all of our discovery requests are well within the parameters defined by the Court and that the concerns you raised are merely a transparent veil to avoid discovery establishing the widespread destruction caused by the Oil Spill. Nevertheless, in the spirit of accommodating you, Plaintiffs are willing to withdraw Requests for Admission Nos. 92, 93, and 125. If this unilateral gesture on our part does not fully allay your concerns, we trust that it will demonstrate our open-minded and good faith approach to further discussions.

Please let me know when it would be convenient to further discuss these matters.

Sincerely,

*Enrique G. Serna*

Enrique G. Serna