

SUTHERLAND ASBILL & BRENNAN LLP
First City Tower
1001 Fannin, Suite 3700
Houston, TX 77002-6760
713.470.6100  Fax 713.654.1301
www.sutherland.com

STEVEN L. ROBERTS
DIRECT LINE: 713.470.6192
E-mail: steven.roberts@sutherland.com

July 30, 2012

VIA E-MAIL

The Honorable Sally Shushan
United States Magistrate Judge
500 Poydras Street, Room B345
New Orleans, Louisiana 70130
E-Mail: Sally_Shushan@laed.uscourts.gov

  Re: MDL 2179 - Halliburton and Louisiana Requests for Settlement Discovery

Dear Judge Shushan:

  Transocean submits this letter brief to set forth its position.

  The Court's determination of whether the proposed settlement is fair, reasonable and adequate should not require any determination by the Court of the procedural or substantive viability of the assignment of any claims by BP to the settlement class or the purported retention by the settlement class of any claims, including punitive damage claims, against Transocean or Halliburton. Likewise, the Court's determination of whether the proposed settlement is fair, reasonable and adequate should not require any determination by the Court of the procedural or substantive merits of, or defenses to, any claims against Transocean or Halliburton. Put simply, the Court does not need to place any "value" on any claims against Transocean or Halliburton in order to determine whether the settlement is fair, reasonable and adequate.

  Transocean accepts the assurances by BP and the PSC -- and the Court should confirm -- that nothing in any ruling by the Court on the proposed settlement will constitute a ruling on any procedural or substantive issue affecting any non-settling party's rights. *See, e.g.*, July 25, 2012 letter from James Roy and Stephen Herman at 2 ("the class settlement will not affect any substantive legal rights of non-settling parties"); *Id.* at 3 ("Halliburton's substantive defenses … are not in any way altered by the proposed settlements"); July 25, 2012 letter from Richard

Godfrey at 1 ("Halliburton['s] ... legal rights are not affected by the settlements."); *Id.* at 2 ("Halliburton['s] ... legal rights have not been affected ...."); *Id.* at 3 ("Halliburton will be free to challenge its liability at such point as some litigant seeks to prove its liability.").

Transocean agrees with Halliburton that there are significant issues presented by the settlement agreement's purported "assignments" to the settlement class and purported "retention" of claims (including punitive damage claims) by the settlement class. Some of these issues were identified by Halliburton in its opposition to preliminary approval of the settlement. (Dkt. No. 6350). Now is not the time, however, for these issues to be addressed or decided. We are confident the Court will provide Transocean and Halliburton an adequate opportunity for briefing those issues if the BP/PSC settlement is approved.

Specifically with respect to the request for class discovery, it bears emphasis that there is no motion pending before the Court to certify a class for purposes of pursuing any claims against Transocean or Halliburton. The only pending class certification motion pertains to a settlement class. If and when any class is sought to be certified under Rule 23 for purposes of pursuing any claims against Transocean, Transocean reserves the right to oppose such certification and to seek to conduct appropriate discovery with respect to such class certification motion -- including without limitation deposition discovery of persons seeking designation as adequate class representatives.

Very truly yours

Steven L. Roberts

SLR/gms