UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 SECTION "J" |
| Applies to: *12-968 and 12-970* | * * * | JUDGE BARBIER MAGISTRATE SHUSHAN |

**ORDER**
[regarding Halliburton's and Louisiana's requests for settlement discovery]

Halliburton Energy Services, Inc. ("Halliburton") and the State of Louisiana ("Louisiana") request permission to conduct discovery with respect to and in advance of the November 8, 2012 final fairness hearing on the two proposed class settlements, including deposing class representatives and experts. (*See* Tr. of 7/27/12 Working Group Conf. pp. 15-25, Rec. Doc. 6992). Relatedly, Halliburton also filed a Motion for Clarification of the Court's Order of June 29, 2012 (Rec. Doc. 6822), wherein it requested that the Order does not limit or burden Halliburton's access to claims information. (Rec. Doc. 6884). BP and the Plaintiffs' Steering Committee ("PSC") objected that Halliburton and Louisiana do not have standing to object to the settlement and therefore their requests for discovery are improper. The parties submitted letter briefs on this and related issues. (*See* Rec. Docs. 7032 (PSC), 7033 (BP), 7035 (Louisiana), 7036 (Halliburton), 7037 (BP)). The Transocean entities also submitted a letter brief . (Rec. Doc. 7034).

In the context of class settlements, non-settling parties generally have no standing to challenge the proposed settlement. *Transamerican Refining Corp. v. Dravo Corp.*, 952 F.2d 898, 900 (5th Cir. 1992); *Agretti v. ANR Freight Sys.*, 982 F.2d 242, 246 (7th Cir. 1992); *see also In re Vioxx Prods. Liab. Litig.*, 388 F. App'x 391, 395 (5th Cir. 2010). An exception to this general rule

may apply if the settlement agreement strips non-settling parties of rights to contribution or indemnity, or in some other manner results in "plain legal prejudice" to a non-settling party. *Agretti*, 982 F.2d at 246047.

For reasons expressed by BP, the PSC, and the Transocean entities, the proposed settlements will in no way affect any procedural or substantive rights of Halliburton or Louisiana.

Accordingly,

IT IS ORDERED that Halliburton's and Louisiana's discovery requests, including the requests to depose class representatives and experts, are DENIED.

IT IS FURTHER ORDERED that Halliburton's Motion (Rec. Doc. 6884) for Clarification of the Court's June 29, 2012 Order is DENIED.

New Orleans, Louisiana, this 3rd day of August, 2012.

_____
United States District Judge