FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

2012 AUG -3 PM 3: 58

LORETTA G. WHYTE
CLERK

| | | | EDLA SEC J/1 |
|---|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | | | |
| William Kibby v. BP Products North America Inc., et al. S.D. Texas, C.A. No. 3:12-00102 | ) ) | | 12-2003 |
| Sergio Valdivieso v. Southern Cat, Inc., et al. S.D. Texas, C.A. No. 4:12-01018 | ) ) | MDL No. 2179 | 12-2004 |

**TRANSFER ORDER**

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in these two actions move to vacate our order conditionally transferring the actions to MDL No. 2179. Responding BP entities[1] oppose the motion, as do defendants Subsea 7 (US), Inc., and Total Safety U.S., Inc., with respect to the *Kibby* action.

In their motion to vacate, plaintiffs argue, *inter alia*, that issues concerning their employers' alleged failure to provide maintenance and cure form the crux of their actions, and render the actions distinct from those in the MDL. A review of plaintiffs' complaints, however, does not support this argument. Furthermore, in this docket, we have previously transferred other actions to the MDL where the plaintiffs therein opposed transfer for similar reasons. *E.g.*, Transfer Order (J.P.M.L. Oct. 6, 2011) (doc. no. 821) (transferring eight personal injury and wrongful death actions to the MDL, despite plaintiffs' arguments that their maintenance and cure claims did not belong in the centralized proceedings).

Plaintiffs also argue that their actions were improperly removed from Texas state court, and, assuming they are remanded, plaintiffs would be entitled to an expedited trial setting. We have no authority, however, to decide the jurisdictional issue or issues that plaintiffs' actions present. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case . . . ."). Moreover, if federal jurisdiction does exist, then the fact that plaintiffs might be entitled to an expedited trial setting if their actions were in state court is irrelevant.

Plaintiffs also suggest, in the alternative, that the Panel should separate and remand their Jones Act and maritime-related claims to the Southern District of Texas court. We reject the suggestion. First, plaintiffs' claims are too intertwined for separation and remand to be practicable. Second, adopting the suggestion would again require us to assess the merits of plaintiffs' jurisdictional

---

[1] BP America Production Company, BP p.l.c., BP Exploration & Production Inc., BP America Inc. and BP Products North America Inc.

- 2 -

arguments, as plaintiffs contend that the separated and remanded claims would be subject to immediate remand to state court under 28 U.S.C. § 1441(c)(2).

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the actions to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Like the already-centralized actions, these actions arise from the explosion and fire that destroyed the Deepwater Horizon offshore drilling rig, and the oil spill resulting therefrom. *See In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1353 (J.P.M.L. 2010).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |