UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

**ORDER**

**[Regarding Extrapolation of DPP Entries]**

On June 11, 2012, an order was issued regarding BP's challenges to 21 deliberative process privilege ("DPP") claims by the U.S. Rec. doc. 6650. The U.S. submitted a report on the completion of the extrapolation for the remaining DPP claims. The Court randomly selected 3 documents from a Phase One list and 27 documents from a Phase Two list for verification of the extrapolation process. Rec. doc. 6873. After the selection of these documents, the U.S. determined that 7 of the Phase Two documents should be released and were produced to BP.[1]

On July 20, 2012, the U.S. submitted 3 Phase One documents and 20 Phase Two documents (the "Verification Documents") for *in camera* inspection. The U.S. re-designated 1 document as a later phase document,[2] and it was not considered in this verification process. 19 documents remained for consideration from the Phase Two list.

---

[1] The documents selected for verification were identified by the numbers on the lists. Rec. doc. 6873. The numbers for the documents released to BP are:

| | | |
|---|---|---|
| 468 | 1,540 | 1,967 |
| 1,116 | 1,854 | 2,283 |
| 1,344 | | |

[2] The document was identified as 129 on the verification order. Rec. doc. 6873. It bears Bates no. EET 173-016461-62.

The U.S. submitted the declaration of Gregory Woods, General Counsel of the United States Department of Energy ("Woods Declaration"), in support of its DPP claims to the 21 challenges. Rec. doc. 6622.

> BP challenges DPP claims which the Woods Declaration places into two broad categories. The first concerns deliberations on policy matters relating to the issuance of guidelines and directives to BP. See Woods Declaration-Part B at 5-6. Within this broad category there are four subgroups. The second concerns deliberations on policies relating to the commencement or termination of specific response actions; for example the static kill.

Rec. doc. 6650 at 1. The Court first determined whether a Verification Document fell within those broad categories. If it did not, it determined whether the Verification Document was deliberative. If it is not within the Woods Declaration categories and it is not deliberative, then the U.S. is required to produce it.

For the 21 challenges, the Court determined that:

> [T]he emails either do not contain factual material or, where there is factual material, it cannot be separated from the discussion. None of the emails contain discrete "facts" which can be redacted and separated from the deliberations.

Rec. doc. 6650 at 2. For each Verification Document a determination was made as to whether it contained facts and, if so, whether they could be separated from the deliberations.

The final consideration was whether BP's need for the Verification Document outweighed the DPP assertion. The analysis for each Verification Document follows.

**Phase One**

<u>Document no. 1</u>.    IES008-078055-57        29[3]

The document contains July 16, 2010 emails. It is within the categories in the Woods

---

[3] The first number was assigned for purposes of this order. The second number is the Bates number found on the document. The third number is from the verification order (Rec. doc. 6873) as confirmed by an exemplar list supplied by the U.S.

Declaration. The document contains facts, but they cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce it.

<u>Document no. 2</u>.     ZAN037-005889          153

The document contains emails dated May 3. While the document is not within the Woods Declaration categories, it is deliberative. It does not contain facts. The U.S. is not required to produce it.

<u>Document no. 3</u>.     ZAN062-120694[4]          211

The document contains an email dated April 20, 2010. While the document is not within the Woods Declaration categories, it is deliberative. It does not contain facts. The U.S. is not required to produce it.

**Phase Two**

<u>Document no. 1</u>.     DSE001-008661-62          15

The document contains emails dated August 20, 2010. The document is within the Woods Declaration categories. To the extent there are any facts, they cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce it.

<u>Document no. 2</u>.     EPE107-013554-55          175

The document contains emails dated May 18, 2010. While the document is not within the Woods Declaration categories, it is deliberative. It does not contain facts. The U.S. is not required to produce the document.

---

[4] This document also was produced with Bates No. ZAN062-113144.

3

Document no. 3.     EPE108-007757-60         222

The document contains emails dated May 25 and 26, 2010. The document is within the Woods Declaration categories. It contains facts, but they cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce the document.

Document no. 4.     EPE111-010624-27         307

The document contains emails dated September 17 and 20, 2010. While the document is not within the Woods Declaration categories, it is deliberative. It contains relevant factual information which cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce the document.

Document no. 5.     HCG205-001795-97         500

The document contains emails dated January 6, 2011. While the document is not within the Woods Declaration categories, it is deliberative. Although it contains some factual information, it does not contain discrete facts which can be separated from the deliberation. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce the document.

Document no. 6.     HCG205-010135-37         560

The document contains emails dated October 19 and 21, 2010. While the document is not within the Woods Declaration categories, it is deliberative. It contains relevant factual information which cannot be separated from the deliberation. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce it.

Document no. 7.     HCG205-016318           645

The document is dated August 4, 2010. The document is not within the categories of the Woods Declaration. It is not deliberative. The U.S. is required to produce the document.

Document no. 8.     HCG327-012151-74        754

The document is dated July 26, 2010. The document is within the Woods Declaration categories. Where there is factual information, it cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce the document.

Document no. 9.     HCG333-009475-76        870

The document contains emails dated June 26 and 27, 2010. The document is within the Woods Declaration categories. Where there is factual information, it cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce the document.

Document no. 10.    HCG335-009687-90        913

The document contains emails dated June 11, 2010. The document is within the Woods Declaration categories. Where there is factual information, it cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce the document.

Document no. 11.    HSE012-022424-27[5]     1,008

The document contains emails dated August 13 and 14, 2010. The document is within the Woods Declaration categories. It does not contain facts. The U.S. is not required to produce the

---

[5] The subject matter of Document no. 11 is substantially the same as Document no. 13.

document.

<u>Document no. 12</u>.     N1A010-009574          1,249

The document contains an email dated May 15, 2010. While the document is not within the Woods Declaration categories, it is deliberative. Where there is factual information, it cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce the document.

<u>Document no. 13</u>.     N1A026-006370-71       1,307

The document contains emails dated August 13 and 14, 2010. The document is within the Woods Declaration categories. It does not contain facts. The U.S. is not required to produce the document.

<u>Document no. 14</u>.     N1E002-027990-91       1,446

The document contains emails dated May 12, 2010. The document is within the categories described in the Woods Declaration. It does not contain facts. The U.S. is not required to produce the document.

<u>Document no. 15</u>.     N1Q024-0000832-34      1,675

The document contains a December 1, 2010 email. The document is within the Woods Declaration categories. It does not contain facts. The U.S. is not required to produce the document.

<u>Document no. 16</u>.     N2G012-00385-86        1,769

The document is an undated memorandum. While the document is not within the Woods Declaration categories, it is deliberative. Where there is factual information, it cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce the document.

Document no. 17.    N2Q018-003363-68         1,821

The document contains emails dated November 12, 16 and 22, 2010. The document is within the Woods Declaration categories. It does not contain facts. The U.S. is not required to produce the document.

Document no. 18.    N8U006-002252-56         2,044

The document is a draft with edits. The document is within the Woods Declaration categories. It contains relevant factual information which cannot be separated from the discussion. The assertion by the U.S. of the DPP is outweighed by BP's need for discovery of the document. The U.S. is required to produce the document.

Document no. 19.    S2J003-001102-04         2,191

The document contains email dated May 12 and 13, 2010. The document is within the Woods Declaration categories. Where there is factual information, it cannot be separated from the discussion. The DPP assertion outweighs BP's need for the discovery of the document. The U.S. is not required to produce the document.

## CONCLUSION

The deadline for an appeal of this order is noon on **Monday, August 13, 2012.** If a party appeals, the order is stayed until there is a ruling by Judge Barbier. If this order is modified or reversed on appeal, a new scheduling order will be issued. If there is no appeal or if it is not modified or reversed by Judge Barbier, the parties shall proceed as follows:

1. No further action is required for the Phase One documents over which the U.S. continues to assert DPP claims.

2. **Within seven (7) calendar days of this order becoming final**, the U.S. shall produce Phase Two document nos. 7 and 18 as provided herein.

3. BP and the U.S. shall meet and confer to propose a date for the completion of the production of any other Phase Two DPP documents to be produced as a result of this order.

4. The U.S. is not required to provide any further declarations regarding DPP.

5. In its July 20, 2012 submission, the U.S. reported that it continued to assert DPP claims over 2,303 Phase Two documents. With the production of any other documents to be produced as a result of this order, the U.S. shall update its list of Phase Two documents over which it continues to assert DPP claims. At that time the verification process for the DPP claims shall be deemed complete.

New Orleans, Louisiana, this 7 day of August, 2012.

                                                **SALLY SHUSHAN**
                                                **United States Magistrate Judge**