# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

July 26, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

      Re:    MDL 2179 — United States' Schedule 3 Challenges to BP Privilege Logs

Dear Judge Shushan:

This letter responds to seven of the eight privilege challenges asserted by the United States as part of the United States' Schedule 3 challenges to BP's privilege logs.

**Background**

The Court's June 19, 2012 Order governs privilege challenges and includes a timeline for asserting and responding to challenges made as part of a "Schedule 3." (Dkt. No. 6707, at 3-4.)

On June 29, 2012, per the Court's June 19 Order, the United States asserted "US Schedule III Challenges to BP Privilege Claims" via letter to BP. On July 19, 2012, per the same Order, the United States filed a letter brief with the Court requesting the Court's *in camera* inspection of eight specified documents, again referring to "United States' Schedule III Challenges to BP Privilege Claims." (S. Cernich Ltr to Court (July 19, 2012).) Now, BP respectfully submits this response to the United States' challenges as to seven of these eight documents.

(Note that, via a July 26, 2012 email, Sarah Himmelhoch proposed what BP understands to be a potential "Schedule 4" set of privilege challenge dates. This proposal is under discussion, and it has not yet been adopted. This letter thus solely addresses the United States' Schedule 3 privilege challenges, which are the only currently outstanding United States challenges to BP's claims of privilege that remain to be briefed.)

Chicago    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 26, 2012
Page 2

**The Court's Rulings On Schedule 1 Saidi Documents**

In its July 13, 2012 Schedule 1 Order, this Court ordered BP to produce four documents (Document Nos. 7, 8, 12, and 19) from Ms. Farah Saidi's laptop computer.

The Court ordered the production of these four documents notwithstanding the Court's rulings (i) that BP's Flow Rate Team was an attorney-directed project that began on July 18, 2010, and (ii) that BP's Flow Rate Team was part of an "attorney-client privileged investigation" entitled to work-product protection.  (Dkt. No 6904, at 14.)

The Court ordered production of the four documents from Ms. Saidi's computer because it determined that BP had not carried its burden of proving that these four documents, Document Nos. 7, 8, 12, and 19, were part of BP's larger, privileged effort recognized elsewhere in the Court's July 13 rulings.

- As to Document No. 19, the Court ruled that "BP has not made a sufficient demonstration that Document [19] is part of the work-product of the Flow Rate Team."  *Id.* at 15.

- As to Document Nos. 7 and 8, the Court ruled that "BP has not carried its burden" of showing that these documents were part of the Flow Rate Effort.  *Id.* at 19, 21.

- As to Document No. 12, the Court ruled that "BP has not presented anything that demonstrates Document 12 was prepared for the Flow Rate Team as opposed to some other purpose."  *Id.* at 15.  For Document No. 12, the Court also ruled:  "It is factual information."  *Id.* at 14.

In light of these rulings, BP will produce all four documents — Document Nos. 7, 8, 12, and 19 — in accordance with the Court's Order.

Now, however, the United States' Schedule 3 privilege challenges question BP's assertion of privilege over eight different documents that were also found on Ms. Saidi's laptop computer.  With respect to these eight United States challenges to new documents, challenges made by the United States as part of Schedule 3, BP will produce one document (PRIV-BP-HZN-2179MDL00025228).  This document is being produced because it was not created under privilege, and was not updated or changed as part of the work of the Flow Rate Team recognized by the Court's July 13 privilege rulings.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 26, 2012
Page 3

For the remaining seven documents (Document Nos. 58-64), BP herewith seeks to carry its burden of establishing that these documents were in fact part of the work of the privileged Flow Rate Team that this Court has already recognized.

### PRIV-BP-HZN-2179MDL00025228

BP will produce PRIV-BP-HZN-2179MDL00025228. The document labeled PRIV-BP-HZN-2179MDL00025228 is a file that Farah Saidi received by email from Mr. Yun Wang, a BP colleague, on September 28, 2010. The database comprising this document was used to generate a fluid properties table. Because the database transmitted in this email from Mr. Wang to Ms. Saidi was not created under privilege, and was not updated or changed for the work of the Flow Rate Team, BP will produce it.

### Documents Nos. 58-64 Contain Modeling And Analysis Done By Ms. Saidi As Part Of The Privileged Flow Rate Effort

On the other hand, the other seven documents now being challenged by the United States clearly are privileged and therefore are being withheld pending this Court's *in camera* inspection.

As background for the *in camera* inspection of these documents, it is important that the Court recall that Ms. Saidi was a member of BP's privileged Flow Rate Team, as is readily seen from BP's *in camera* submissions dated June 26, 2012. Ms. Saidi worked on the Flow Rate Team with (among others) Trevor Hill, BP Engineering Technical Authority, Flow Assurance, Tim Lockett, BP Flow Assurance Engineer, Bob Merrill, Senior Advisor, BP Reservoir Management, Andy Hill, BP Marine Geohazards Technical Authority, and Tom Knox, BP Flagship Manager, EPT-Inherently Reliable Facilities, Exploration and Production Technology. The Flow Rate Team's work consisted of, *inter alia*, computer modeling related to a historical analysis of flow from the *Deepwater Horizon* ("Flow Rate Effort").

Ms. Saidi's work on the Flow Rate Effort was typically directed by Mr. Steve Palmer, an attorney with BP's legal department, and Mr. Trevor Hill. The results of Ms. Saidi's analyses typically were provided to Mr. Hill, Mr. Palmer, and Ms. Allison Rumsey. Ms. Rumsey is an attorney at Arnold & Porter LLP, who assisted in directing, and collaborating with, the Flow Rate Team's work.

Ms. Saidi's work on the Flow Rate Effort consisted primarily of seeking to make estimations of flow rate using available data (including pressure and temperature data) and

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 26, 2012
Page 4

planning for potential experimental validations.  She performed these privileged analyses based on her qualifications as a flow assurance engineer.

When Ms. Saidi became part of this privileged Flow Rate Effort, she was informed that her work was being performed at the request of BP attorney Jack Lynch, as well as at the request of Mr. Palmer.  Mr. Palmer informed Ms. Saidi that the product of her work for the Flow Rate Team (emails, documents, and notes) was to be labeled privileged and confidential, and was not to be discussed with anyone not working on the Flow Rate Effort.

Document Nos. 58-64[1] all contain flow rate modeling work performed by Ms. Saidi in connection with the privilege Flow Rate Team's activities performed at the request of BP attorneys Lynch and Palmer.  In particular, Ms. Saidi's PIPESIM modeling files (Document Nos. 58-64) reflect analysis that Ms. Saidi performed as part of the privileged Flow Rate Effort. These files, and their creation as part of Ms. Saidi's privileged work, are further described in Ms. Saidi's *in camera* declaration.

BP would be pleased to answer any questions the Court may have regarding this submission.

Sincerely,

Robert R. Gasaway

Attachments

---

[1] PRIV-BP-HZN-2179MDL00025191 (Doc. No. 58, referred to in Farah Saidi's declaration as "a"),
PRIV-BP-HZN-2179MDL00025215 (Doc. No. 59, referred to in Farah Saidi's declaration as "b"),
PRIV-BP-HZN-2179MDL00025219 (Doc. No. 60, referred to in Farah Saidi's declaration as "c"),
PRIV-BP-HZN-2179MDL00025192 (Doc. No. 61, referred to in Farah Saidi's declaration as "d"),
PRIV-BP-HZN-2179MDL00025221 (Doc. No. 62, referred to in Farah Saidi's declaration as "e"),
PRIV-BP-HZN-2179MDL00025223 (Doc. No. 63, referred to in Farah Saidi's declaration as "f"),
PRIV-BP-HZN-2179MDL00025222 (Doc. No. 64, referred to in Farah Saidi's declaration as "g").

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
July 26, 2012
Page 5


cc (via electronic mail):

Scott M. Cernich
Sarah D. Himmelhoch
R. Michael Underhill
Steven O'Rourke
Robin L. Hanger
Thomas A. Benson
Bethany Engel
A. Nathaniel Chakeres
Abigail Andre
Joel M. Gross
Allison B. Rumsey
Plaintiffs' Liaison Counsel
Defense Liaison Counsel (dsc2179@liskow.com)