

**U.S. Department of Justice**

Environment and Natural Resource Division

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-0056*
*Scott.Cernich@usdoj.gov*

August 2, 2012

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

  Re: MDL 2179: United States' Schedule III Challenges to BP Privilege Claims

Dear Judge Shushan:

  This letter replies to BP's July 26, 2012 response to the United States' Schedule III privilege challenges ("BP's July 26, 2012 Letter").[1] For the reasons explained below, the Court should consider BP's privilege claims with a healthy dose of skepticism. In summary:

1. The PIPESIM models in question are not communications made for the primary purpose of obtaining or seeking legal advice and thus cannot be protected by the attorney-client privilege. BP has failed to demonstrate, or even contend, that these models, files from BP flow engineer Farah Saidi's laptop, were sent to or received from an attorney. BP cannot establish the attorney-client privilege by simply peppering its letter with attorney names.

2. Given this Court's ruling that "[p]re-July 18, 2010 analysis documents relating to flow rate are discoverable," the Court must carefully scrutinize the dates of the challenged documents in determining whether they are protected by the work-product doctrine. Order Regarding *In Camera* Inspection of BP's Claimed Privilege in Schedule I (July 13, 2012) (Rec. doc. 6904) ("Schedule I Privilege Order") at 13. As demonstrated below, the dates in BP's privilege logs are suspect. BP incorrectly dated at least three out of 10 of the documents initially challenged by the United States in Schedule III, including PRIV-BP-HZN-2179MDL00025228, the document that BP released in response to the United States' July 19, 2012 Schedule III letter brief. *See* BP's July 26, 2012 Letter at 3.

3. Even if the Court is convinced that BP's dates are correct, the Court must determine whether each document was, in fact, part of BP's privileged "Flow Rate Effort." As BP notes in its

---

[1] The United States incorporates its prior briefing on Schedule I challenges to BP's privilege logs. *See* Rec. docs. 6718, 6867, 7006, and 7010.

July 26, 2012 Letter, in the Schedule I Privilege Order, the Court ruled that BP failed to demonstrate that four particular documents from Farah Saidi's computer were part of that effort. *See id*. at 14-15, 19, 21. The Court should undertake an identical inquiry here, recognizing that, in response to the Parties' Schedule I privilege challenges, BP decided that numerous *post*-July 18, 2010 PIPESIM files from Farah Saidi's computer were not privileged. BP must carry its burden to distinguish between Saidi's work-product and non-work-product documents.

**Background**

Pursuant to the Court's schedule, by letter to BP dated June 29, 2012, the United States challenged BP's attorney-client privilege and work-product protection claims over 10 documents from BP's Schedule III privilege logs. *See* Attachment A, United States June 29, 2012 Letter to BP. All of those documents listed Farah Saidi as "From/Author." The United States requested additional information from BP regarding two particular privilege log entries. One entry (PRIV-BP-HZN-2179MDL00025227) was misdated "12/6/2012," and the other entry (PRIV-BP-HZN-2179MDL00025198), dated "11/9/2010," appeared to contain incorrect "From/Author" information.

### BP Incorrectly Dated its Privilege Log Entries

By letter dated July 9, 2012, BP informed the United States that BP's 77th Privilege Log was incorrect as to the dates of both documents in question. *See* Attachment B, BP's July 9, 2012 Letter. BP informed the United States that the BP privilege log entry dated 12/6/2012 was "actually dated June 13, 2005" and the BP privilege log entry dated 11/9/2010 was "actually dated February 20, 2004." *See id*. BP maintained its privilege claims over the remaining eight documents.[2] BP refused to inform the United States whether it was maintaining its privilege claims over the misdated documents claiming that they were irrelevant – effectively taking them off the table for Schedule III privilege challenges. *See* Attachment C, July 16-20, 2012 Email Correspondence between the U.S. and BP. On July 19, 2012, the United States submitted its letter brief to the Court regarding Schedule III challenges to BP's privilege claims. The United States' letter addressed the remaining eight documents that BP maintained were privileged. On July 26, 2012, BP submitted a letter in response, along with seven of the documents for *in camera* inspection and yet another unsolicited secret ex parte *in camera* submission in support of its privilege claims.[3] BP also informed the Court that it had decided that one of the eight documents, PRIV-BP-HZN-2179MDL00025228, was not, in fact privileged. Based on BP's description of that document, the "database comprising" the document also appears to have been misdated.[4] *See* BP's July 26, 2012 Letter at 3.

---

[2] BP's letter also stated that "no new arguments are necessary regarding these challenges."

[3] In addition to the ex parte *in camera* submission, in the July 26, 2012 letter, BP counsel makes a variety of representations without citation regarding alleged facts surrounding the creation of the documents in question. The United States has no way of knowing whether these "facts" are contained in the *in camera* Saidi declaration. The Court cannot rely on the unsworn statements of BP counsel in ruling on BP's privilege claims. Such statements are not evidence. If BP wanted the Court to rely on such information, BP should have submitted additional declarations or affidavits.

[4] It seems that BP used the date Saidi received the email rather than the date the document was created.

**Discussion**

BP maintains that the remaining seven documents submitted for *in camera* consideration by the Court in camera are privileged. On its privilege log, BP claims that the documents are protected by both the attorney-client privilege and work product doctrine. The United States challenges both claims for each of the seven documents in question.

### The PIPESIM Models In Question are Not Protected by the Attorney-Client Privilege

While BP's July 26, 2012 Letter argues that the seven documents in question are part of BP's privileged "Flow Rate Effort," BP fails to carry its burden of proof that the documents are protected by the attorney-client privilege. None of the documents are communications made for the primary purpose of obtaining or seeking legal advice. BP describes them as "PIPESIM modeling files" from Farah Saidi's laptop. While BP's letter drops names of a variety of lawyers alleged to have been involved in the privileged effort, BP does not contend that any of the modeling files at issue were, in fact, communications with any of those attorneys and does not otherwise explain how the attorney-client privilege applies.

### The Court Must Carefully Scrutinize BP's Work Product Claims

The only protection even *potentially* available to BP for these seven documents is the work-product doctrine. As BP points out in its July 26, 2012 Letter, the Court already ordered production of four documents from Farah Saidi's computer because BP failed to carry its burden to prove that those documents were part of BP's privileged "Flow Rate Effort" – Doc. No. 7 ("PIPESIM Project" dated Sept. 22, 2010); Doc. No. 8 ("PIPESIM Project" dated Sept. 28, 2010); Doc. No. 12 ("July 15 test choke rate" document dated July 26, 2010); and Doc. No. 19 ("P loss in the choke line" Excel spreadsheet dated July 26, 2010). *See* Schedule I Privilege Order at 14-15, 19, 21. The Court should consider BP's work-product claims over these seven Schedule III documents with skepticism for two reasons:

*First*, this Court ruled: "Pre-July 18, 2010 analysis documents relating to flow rate are discoverable." Schedule I Privilege Order at 13. Accordingly, correct document dates are critical to the Court's analysis. As demonstrated above, BP clearly has difficulty providing the correct dates for the documents on its privilege logs. BP correctly dated only seven of 10 of the Schedule III documents initially challenged by the United States. Therefore, in reviewing the seven documents now at issue, the Court must carefully consider whether the documents are pre- or post-July 18, 2010 documents.

*Second*, Farah Saidi created numerous non-privileged PIPESIM models as part of BP's response to the Macondo blowout. After considering the United States' Schedule I privilege challenges, BP determined that at least eight PIPESIM files with dates ranging from July 14 through December 7, 2010 were not privileged. *See* Attachment D, BP's June 8, 2012 Letter regarding its "Superseding Response" to the Parties Schedule I Privilege Challenges and Attachment E, Spreadsheet listing PIPESIM files released by BP in response to Schedule I

privilege challenges.[5] In short, just because a PIPESIM modeling file from Farah Saidi's laptop is dated post-July 18, 2012 it cannot be presumed to be work product of the "Flow Rate Effort." Even if the PIPESIM models in question are *accurately* dated after July 18, 2010, the Court must nonetheless determine whether each file is, in fact, work-product that was part of BP's Flow Rate Effort, or whether BP failed to carry its burden as with Document Nos. 7, 8, 12, and 19. *See* Schedule I Privilege Order.

                                              Respectfully submitted,

                                              /s/ Scott M. Cernich
                                              Scott M. Cernich

cc:       Liaison & Coordinating Counsel
           Robert Gasaway

---

[5] Attachment E includes a spreadsheet distributed by BP on June 8, 2012 listing documents that BP released in response to the Parties' Schedule I privilege challenges ("Spreadsheet #1" referenced in BP's June 8, 2012 Letter). Based on BP's subsequent production of previously privileged documents, the United States identified PIPESIM files that BP previously claimed were privileged and limited the spreadsheet to those documents. The United States has added an additional column to BP's spreadsheet with the filepath for each document as produced by BP. The ".pst," ".plt," and ".sum" file extensions are all PIPESIM file extensions. *See* Schlumberger's PIPESIM Suite User Guide at p. 25
(http://www.google.com/url?sa=t&rct=j&q=&esrc=s&frm=1&source=web&cd=1&ved=0CFQQFjAA&url=http%3A%2F%2Fwww.fanarco.net%2Fbooks%2Fproduction%2Fpipesim_user_guide.pdf&ei=8PsaUPeROuby0gHJzoHwBQ&usg=AFQjCNF8BghVEOtelsXSJh1Zvjzuujh18Q).