

**U.S. Department of Justice**

Environment and Natural Resource Division

---

*P.O. Box 7611*
*Washington, DC*
*202-305-2775*
*Abigail.Andre@usdoj.gov*

August 6, 2012

**BY ELECTRONIC MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

      Re:    MDL 2179: United States' Privilege Challenges to Documents on BP's Macondo Tactical Response SharePoint Site

Dear Judge Shushan,

      BP's very recent agreement to release some SharePoint documents does not resolve the issue at hand.

      BP attempts to reframe this issue to focus on the United States' document management system, but that is not the purpose of this briefing.[1] The issue before the Court is whether BP protected its own documents from disclosure to an adversary. BP did not.

      BP's arguments do not change the fact that a majority of Circuits have found that voluntarily granting a third party access to documents destroys attorney client privilege in the first instance and/or results in waiver of attorney client privilege and work product protection. Whether these documents were stored electronically or read by Halliburton is irrelevant. When attorney client privilege and work product protection is at issue, it is the *actions of the privilege holders*—and the intent those actions suggest—that determine the validity of a privilege claim.

      BP complains that it would be unfair to order the release of documents stored in the Macondo Response SharePoint, but BP knowingly and *voluntarily* granted Halliburton, BP's adversary, *unfettered* access to the site's documents. BP failed to password protect anything on the site. BP presents no evidence that Halliburton agreed to limit its use of the site. While BP may attempt to show Halliburton did not view the documents themselves, BP certainly cannot establish that Halliburton did not view the documents' titles, many of which

---

[1] For the reasons outlined in the United States' July 3 Letter to the Court regarding BP Privilege Claims, (Rec. Doc. 6867, at 5), the United States renews its objections to BP's submission of declarations under seal. BP Response to United States' July 26 Letter, at 8.

unquestionably provide the "gist" of the documents' contents.[2] In short, BP has failed to establish—and certainly did not take proper precautions to protect—any privileges or protections it now seeks to claim over these documents. The United States respectfully requests that they all be released.

**BP had no Reasonable Expectation of Confidentiality over Documents on the SharePoint.**

A reasonable expectation of confidentiality over communications is requisite for the establishment of attorney client privilege. *See, e.g.*, *U.S. v. Melvin*, 650 F.2d 641, 645 (5th Cir. 1981). In the current action, this Court addressed what constitutes a reasonable expectation of confidentiality. Rec. Doc. 1777. In determining that Brian Morel did not have a reasonable expectation of privacy over personal email sent from his bp.com address, this Court held that "[i]t is not objectively reasonable for an employee to have an expectation of privacy where the employers' policies clearly demonstrate that: (1) the employee's electronic communications are not private; (2) they may be monitored and accessed by the employer; and (3) they are subject to production by a subpoena." Likewise, in this instance, it is not objectively reasonable for BP employees to expect confidentiality over documents stored in a SharePoint when: (1) they were posted on a site created to facilitate collaboration among many parties, including Halliburton, during BP's response to the Macondo blowout; and (2) Halliburton had unlimited access to documents on the site.

The entirety of BP's argument in response to the United States' July 26 Brief is that there was a reasonable expectation of confidentiality over the site's documents because "Halliburton would have neither the time nor inclination" to access SharePoint documents. BP's Response at 8. This is woefully insufficient to establish that BP employees reasonably believed documents on Macondo Response SharePoint were confidential.

**BP has Waived Privilege Because BP Failed to take Precautions Necessary to Protect the Documents from Disclosure to Halliburton and Other Third Parties.**

BP would have this Court rule that the waiver of attorney client privilege over documents in the Macondo Response SharePoint hangs on Halliburton's actions, but the majority of courts—including courts in the Fifth Circuit—disagree with this argument. *See, e.g.*, *U.S. v. Betinsky*, No. 88-198, 1988 WL 97673 (E.D. Pa. Sept. 20, 1988), *aff'd*, 877 F.2d 58 (3d Cir. 1989); *U.S. v. McMahon*, 151 F.3d 1031 (4th Cir. 1998) (unpublished); *In re Royce Homes, L.P.*, 449 B.R. 709, 739 (S.D. Tex. 2011); *Apex Mun. Fund v. N-Group Securities*, 841 F. Supp. 1423, 1432–33 (S.D. Tex. 1993). The maintenance of privilege is dependent on the actions of the privilege holders, and in this case BP did *nothing* to protect the documents on the Macondo Response SharePoint from Halliburton and other third parties. As a result, attorney client privilege has been waived. The fact that the documents were stored in an electronic SharePoint instead of a file cabinet does not change this fact.

While *Horowitz*,(482 F.2d at 81), may not directly address waiver for electronic documents, it unquestionably supports such waiver: "Like the client in *Horowitz*, who put the

---

[2] The "gist" rule BP applies has not been adopted by the Fifth Circuit, and is scarcely cited outside the D.C. District Court. The vast majority of courts focus on the actions of the privilege holders, not third parties, when determining whether privilege has been waived.

documents in a position where someone outside the privilege could view them, attorneys who use Internet-based communication technologies without encryption risk loss of the privilege. As Judge Friendly stated, 'It is not asking too much to insist that if a client wishes to preserve the privilege under such circumstances, he must take some affirmative action to preserve confidentiality.'" Rand, Joseph W., *What Would Learned Hand Do?: Adapting to Technological Change and Protecting the Attorney Client Privilege on the Internet*, 416 (Brooklyn L. Rev.) (Summer/Fall 2000) (citing *Horowitz*, 482 F.2d at 82).

Disclosure to third parties results in waiver regardless of whether the documents are stored in hard copy or electronically. For example, in *Goldstein v. Colborne Acquisition Co.*, a party sold computers housing privileged emails to a third party. The court held that the attorney-client privilege over the emails was waived *even though* the emails "were never looked at or accessible…because they still ha[d] password protection over them." No. 10-6861, 2012 WL 1969369, at *6 (N.D. Ill. June 1, 2011); *see also Hanson v. First Nat'l Bank*, No. 5:10–0906, 2011 WL 5201430, at *5–6 (S.D. W. Va. Oct. 31, 2011). Therefore, third party use of disclosed documents is immaterial to waiver. When there is consent to disclosure, waiver occurs because the parties holding the privilege have agreed to the documents' release. "If the client deposited his communications in the public library, the privilege would be waived, *even though no one ever read them....*" *Goldstein*, 2012 WL 1969369, at *6 (quoting Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure, § 5507, 580 n. 126 (1st ed. 1986)) (emphasis added).

The United States does not, as BP suggests, ask this Court to make new law. Whether in paper or online, it is the voluntary release of allegedly privileged documents to third parties—and not what that third party does with them—that waives the attorney client privilege. Every document on the Macondo Response SharePoint was voluntarily released to Halliburton without any precautions taken to protect attorney client privilege. Based on settled principles of law, they should now be produced.

For the same reasons, because BP shared alleged work product documents with its adversary, BP has waived its work product claims over SharePoint documents. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947); *see also* Restatement (Third) of the Law Governing Lawyers ch. 3, topic 5, tit. C, introductory note (2004) ("The rules governing waiver and exception applicable to work-product material generally parallel those for the attorney-client privilege."). [3]

All documents stored in the Macondo Response SharePoint should be produced.

> Respectfully submitted,
>
> */s/ Abigail E. André*
> Abigail E. André

cc:   Liaison & Coordinating Counsel; Robert Gasaway

---

[3] In BP's Response, it states that it reserves its right to respond to the United States' "not work product in the first place" argument until the Court indicates that it should do so. The United States objects. BP had its opportunity to respond to the United States' alternative work product arguments in its Response, and failure to do so should waive BP's right to raise such arguments in the future.