IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re:  Oil Spill by the Oil Rig  "Deepwater Horizon" in the  Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179  SECTION: J |
| Applies to: *All Cases* | * * * | JUDGE BARBIER  MAGISTRATE SHUSHAN |
| * * * * * * * * * * * * * * * * * | * | |

**DEFENDANT NALCO COMPANY'S RESPONSE TO
PLAINTIFF MALCOLM COCO'S AUGUST 1, 2012 MOTIONS
TO SUPPLEMENT HIS MEMORANDUM IN OPPOSITION
TO NALCO'S MOTION FOR SUMMARY JUDGMENT**

On August 1, 2012, Plaintiff Malcolm Coco ("Plaintiff Coco") filed two motions to supplement his opposition to Nalco's Motion for Summary Judgment. (Rec. Doc. 7020, 7023.) As in his July 13, 2012 Motion to Supplement his Opposition to Nalco's Motion for Summary Judgment, (Rec. Doc. 6903), Plaintiff Coco again asserts his baseless claim that Nalco withheld information from the United States Environmental Protection Agency ("USEPA") regarding Corexit EC9500A and EC9527A prior to USEPA's decision to list those products on the National Contingency Plan ("NCP") Product Schedule. For the foregoing reasons, Nalco respectfully requests that the Court deny Plaintiff Coco's motions.

In his first August 1 filing, Plaintiff Coco cites a news article describing a "new study" that purports to suggest oil and dispersants will have a long-term adverse effect on the commercial fishing industry in the Gulf of Mexico. (Rec. Doc. 7020-1.) As an initial matter, the B3 Master Complaint does not include claims for economic losses so this article is irrelevant. (First Amended Master Compl. In Accordance With PTO No. 11 [Case Management Order No.

1] Section III.B(3) ["B3 Bundle"] at 3 n.1 ("The only purely economic losses or damages claimed herein are contractual damages which may be owed by BP and/or a Clean-Up Defendant under a VoO or other similar Charter Agreement or other contract, relating to the plaintiff's vessel charter or clean-up efforts.") (Rec. Doc. 1805-1); Amended Order and Reasons [As To Motions To Dismiss The B3 Master Complaint] at 5 (Oct. 4, 2011) (noting the B1 Master Complaint concerns claims for economic losses and the B3 Master Complaint concerns personal injury claims) (Rec. Doc. 4209.))  Further, Nalco could not possibly have concealed from USEPA in 2010 the results of a study published two years later.

In his second August 1 motion, Plaintiff Coco asserts that Nalco has not proved it complied with the NCP.  But, as set forth in Nalco's summary judgment briefing and its opposition to Plaintiff Coco's July 13 motion, the undisputed material facts demonstrate that Plaintiff Coco's claim is false.  (Nalco's Reply Mem. at 13-15 (Rec. Doc. 6861); Def. Nalco Company's Resp. To Plf. Malcom Coco's Mot. To Supplement His Mem. In Opp. To Nalco's Mot. for Summ. J. at 1-2 (Rec. Doc. 6929.))  The United States has admitted that prior to listing Corexit EC9500A and EC9527A on the NCP Product Schedule, the United States required submission of their components as specified in 40 C.F.R. § 300.915(a)(10)-(11).  Plaintiff Coco points to *no* evidence that USEPA listed either product on the NCP Product Schedule without receiving and reviewing the information required under the NCP.  (Nalco's Reply Mem. at 13-15 (Rec. Doc. 6861.))[1]

---

[1] Under this Court's order setting forth limited discovery on Defendants' preemption and derivative immunity arguments, (Rec. Doc. 5000), Plaintiffs had ample opportunity to conduct discovery on these issues.  Nalco worked diligently to abide by the Court's schedule, producing over 27,000 pages of documents and producing a Rule 30(b)(6) witness.  Plaintiff Coco failed to even attempt to take the discovery he now claims to need to create genuine fact issues.  His failure does not justify re-opening discovery on these issues when the record is closed and Nalco's summary judgment motion is fully brief and pending before the Court.

Plaintiff Coco's repeated filing of supplemental motions illustrates why a decision on Nalco's motion for summary judgment is necessary prior to completion of the BP-PSC settlements. Plaintiff Coco's counsel claims to represent plaintiffs who intend to opt out of the BP-PSC settlements. As demonstrated by Plaintiff Coco's filings, the Court will need to rule on Nalco's motion even if the BP-PSC settlements are approved.

For all of these reasons, Nalco Company respectfully requests that the Court deny Plaintiff Coco's motions.

Dated: August 8, 2012    Respectfully submitted,

By: /s/ Thomas J. Heiden
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr.
Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company*

**CERTIFICATE OF SERVICE**

     I hereby certify that the above and foregoing DEFENDANT NALCO COMPANY'S RESPONSE TO PLAINTIFF MALCOLM COCO'S AUGUST 1, 2012 MOTIONS TO SUPPLEMENT HIS MEMORANDUM IN OPPOSITION TO NALCO'S MOTION FOR SUMMARY JUDGMENT has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, on this 8th day of August, 2012.

/s/ Thomas J. Heiden
Thomas J. Heiden (IL # 6281563)
(thomas.heiden@lw.com)
Mary Rose Alexander (IL # 6205313)
(mary.rose.alexander@lw.com)
LATHAM & WATKINS LLP
233 South Wacker Dr.
Suite 5800
Chicago, IL 60606-6401
Phone: (312) 876-7700
Facsimile: (312) 993-9767

*Attorneys for Nalco Company, Nalco Holdings LLC, Nalco Finance Holdings LLC and Nalco Holding Company*