UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>*B1 Master Complaint* | MDL No. 2179<br><br>SECTION: J<br><br>HON. CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS "RECREATION CLAIMS"

Plaintiffs respectfully oppose BP's Motion to Dismiss [Rec. Doc. 6894-1] insofar as it is inconsistent with the prior Orders of this Court.[1]

In May 2012, the parties moved for, and this Court granted preliminary approval of the Economic and Property Damages Class Action Settlement arising out of the *Deepwater Horizon* explosion, oil spill, and subsequent cleanup efforts. [Rec. Doc. 6418]  Following this, the Court ordered the parties to brief those claims that fall outside the scope of the Settlement, including Amended B1 Master Complaint "recreation claims," the subject of BP's instant Motion. [Rec. Doc. 6657]

BP moves to dismiss "recreation" claims that this Court has already dismissed in a prior Order.  B1 ORDER [Rec. Doc. 3830].  In so doing, however, BP characterizes the recreation claims too broadly, proposing to extend the Court's prior Order to a more expansive set of

---

[1] *See also,* Halliburton, Transocean and M1 Motion [Doc 6889-1] and Cameron Joinder.

1050978.1

differing factual scenarios based on conjecture, thereby briefing more than those claims called for in the Court's Order setting this briefing schedule. [Rec. Doc. 6657] At the pleading stage, BP's Motion goes one step too far.

This Court's prior Order dismissing recreation claims was narrowly tailored, in keeping with Fifth Circuit precedent, to address claims for economic loss, under maritime law, where the claimant has not suffered injury to real or personal property. *Id.* BP now reaches farther by moving to dismiss the claims of Plaintiffs who suffered actual economic loss as a consequence of the oil spill as well — Plaintiffs such as those who lost deposits on temporary housing or leisure activities due to the spill. Although BP treats them as "recreation" claims, purportedly outside the scope of the Economic and Property Damages Settlement, these claims are differently situated from those previously dismissed by this Court; indeed, they are compensable under the Oil Pollution Act.

Section 2702(b)(2)(E) of OPA provides for private claimants to recover "[d]amages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, *which shall be recoverable by any claimant*" (emphasis added). Importantly, the regulations interpreting this Section clearly state that the damaged property need not be owned by the claimant. 33 CFR 136.231 ("The claimant need not be the owner of the damaged property or resources to recover for lost profits or income"). *See also, e.g., Ballard Shipping Co. v. Beach Shellfish*, 32 F.3d 623, 631 (1st Cir. 1994) (recognizing claimants can recover under OPA for economic loss due to damage of property owned by others); *Sekco Energy v. M/V Margaret Chouest*, 820 F.Supp. 1008, 1015 (E.D. La. 1993) (same; denying Motion to Dismiss because allegations of economic loss are sufficient at the pleading stage); *Dunham-Price Group, LLC v. Citgo Petroleum Corp.*, 2010

U.S. Dist. LEXIS 31901, 4-8 (W.D. La. Mar. 31, 2010) (same).[2] Indeed, as acknowledged by this Court, this provision was intended by Congress to broaden the categories of claimants and types of recovery available beyond those previously available under the *Robins Dry Dock* rule.

OPA's legislative history provides additional support for Plaintiffs' position. For example, OPA "provides for compensation to individuals and entities which suffer economic damage due to a spill." H.R. Rep. No. 101-241, pt. 1: Committee on Public Works and Transportation, at 29 (Sept. 13, 1989). *See also* H.R. Rep. No. 101-242, pt. 2: Committee on Merchant Marine and Fisheries, at 34 (Sept. 18, 1989) ("It will guarantee that those suffering economic loss as the result of an oil spill from a vessel or facility will be quickly and fairly compensated for the loss, whether or not the spiller accepts liability or admits negligence in connection with the discharge of oil"); S. Rep. No. 101-94: Committee on Environment and Public Works, at 12 (July 28, 1989) ("These provisions are intended to provide compensation for a wide range of injuries and are not so narrowly focused as to prevent victims of an oil spill from receiving reasonable compensation").

Here, BP is unquestionably liable under OPA to those who suffered monetary loss as a result of the oil spill. But by calling some of Plaintiffs' "recreation" claims "loss of deposit" claims, BP attempts to summarize the differing factual scenarios of the numerous Plaintiffs who have filed short form joinders in this case. Such efforts underline the impropriety of a dismissal at the pleading stage. Only through development of the factual circumstances underlying Plaintiffs' claims can the Court determine whether they fit within the ambit of OPA's economic loss provisions. For example, recreational fishermen who sell their catch can clearly recover

---

[2] Even the Fifth Circuit's opinion in *Taira Lynn* indicated that claimants can recover under OPA for economic loss due to damage of property owned by others. *See Taira Lynn Marine Ltd. No. 5, LLC v. Jays Seafood, Inc.*, 444 F.3d 371, 382-383 (5th Cir. 2006).
- 3 -

1050978.1


U.S. Dist. LEXIS 31901, 4-8 (W.D. La. Mar. 31, 2010) (same).[2] Indeed, as acknowledged by this Court, this provision was intended by Congress to broaden the categories of claimants and types of recovery available beyond those previously available under the *Robins Dry Dock* rule.

OPA's legislative history provides additional support for Plaintiffs' position. For example, OPA "provides for compensation to individuals and entities which suffer economic damage due to a spill." H.R. Rep. No. 101-241, pt. 1: Committee on Public Works and Transportation, at 29 (Sept. 13, 1989). *See also* H.R. Rep. No. 101-242, pt. 2: Committee on Merchant Marine and Fisheries, at 34 (Sept. 18, 1989) ("It will guarantee that those suffering economic loss as the result of an oil spill from a vessel or facility will be quickly and fairly compensated for the loss, whether or not the spiller accepts liability or admits negligence in connection with the discharge of oil"); S. Rep. No. 101-94: Committee on Environment and Public Works, at 12 (July 28, 1989) ("These provisions are intended to provide compensation for a wide range of injuries and are not so narrowly focused as to prevent victims of an oil spill from receiving reasonable compensation").

Here, BP is unquestionably liable under OPA to those who suffered monetary loss as a result of the oil spill. But by calling some of Plaintiffs' "recreation" claims "loss of deposit" claims, BP attempts to summarize the differing factual scenarios of the numerous Plaintiffs who have filed short form joinders in this case. Such efforts underline the impropriety of a dismissal at the pleading stage. Only through development of the factual circumstances underlying Plaintiffs' claims can the Court determine whether they fit within the ambit of OPA's economic loss provisions. For example, recreational fishermen who sell their catch can clearly recover

---

[2] Even the Fifth Circuit's opinion in *Taira Lynn* indicated that claimants can recover under OPA for economic loss due to damage of property owned by others. *See Taira Lynn Marine Ltd. No. 5, LLC v. Jays Seafood, Inc.*, 444 F.3d 371, 382-383 (5th Cir. 2006).

under OPA.  Indeed, recreational fishermen who engage in commercial fishing can recover under the Economic and Property Damages Settlement.  But BP's Motion would foreclose their rights, should they be excluded from the Settlement for other reasons, or opt out of it, by grouping them in with other recreational claims that may not be compensable.

In particular, BP argues that deposits related to recreational activities cannot fit under OPA's "profits and earning capacity" provision.  In this, BP presents a factual argument, not a legal one; construing the facts alleged in a light most favorable to Plaintiffs, BP's factual arguments must fail because Plaintiffs' claims stretch beyond those facts that BP has selected and itself construed.  Indeed, BP cites cases where the issue of OPA's applicability were decided at the *summary judgment* stage; BP cites no case for the proposition that such a wide variety of claims should be dismissed at the pleading stage.  It may be that certain of Plaintiffs' claims will not be compensable under OPA as BP contends; but for others, a blanket ruling such as the one BP proposes will improperly foreclose their rights under OPA to pursue claims for economic loss.

Strangely, in their Motion, BP also engages in extensive analysis of "subsistence use" claims; there is no allegation that recreation claims are compensable under OPA's subsistence claims provision.  Importantly, BP concedes that subsistence claims are, in fact, compensable under OPA Section 2702(b)(2)(C).  But these claims are distinct from recreation claims, and not properly the subject of this Motion.  Insofar as BP argues that recreation claims are not subsistence claims, Plaintiffs agree; this Motion does not relate to, nor should the Court's Order address subsistence claims.

Plaintiffs submit that this Court should reiterate its prior ruling dismissing economic loss claims brought under federal maritime law, as well as ruling that economic loss claims are not

- 4 -

compensable under OPA insofar as they do not allege loss of profits or earning capacity. But Plaintiffs also request that the Court reject BP's invitation to expand that ruling to claims the facts of which are still being developed, including claims for profit loss, reduced earnings capacity, and subsistence claims resulting from the oil spill, all of which are addressed by and compensable pursuant to the Oil Pollution Act.

This <u>10th</u> day of <u>August</u>, <u>2012</u>.

Respectfully submitted,

| | |
|---|---|
| <u>     /s/ Stephen J. Herman     </u><br>Stephen J. Herman, La. Bar No. 23129<br>HERMAN HERMAN & KATZ LLC<br>820 O'Keefe Avenue<br>New Orleans, Louisiana 70113<br>Telephone: (504) 581-4892<br>Fax No. (504) 569-6024<br>E-Mail: sherman@hhkc.com<br>*Plaintiffs' Liaison Counsel* | <u>     /s/ James Parkerson Roy     </u><br>James Parkerson Roy, La. Bar No. 11511<br>DOMENGEAUX WRIGHT ROY<br> & EDWARDS LLC<br>556 Jefferson Street, Suite 500<br>Lafayette, Louisiana 70501<br>Telephone: (337) 233-3033<br>Fax No. (337) 233-2796<br>E-Mail: jimr@wrightroy.com<br>*Plaintiffs' Liaison Counsel* |

1050978.1

## PLAINTIFFS' STEERING COMMITTEE

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Telefax: (843) 216-9290
E-Mail: jrice@motleyrice.com

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
Office: (985) 876-7595
Telefax: (985) 876-7594
E-Mail: duke@williamslawgroup.org

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

1050978.1

- 7 -

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA & TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER, HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

1050978.1

- 8 -

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the above and foregoing will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 10th day of August, 2012.

/s/   Stephen J. Herman and James Parkerson Roy

1050978.1