UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES CUTLER,<br>            Plaintiff<br><br>v.<br><br>BP,<br>            Defendant. | CIVIL ACTION NO. 12-2019<br><br>SECTION: J<br><br>MAGISTRATE DIV: 1<br><br>JUDGE: CARL J. BARBIER<br><br>MAGISTRATE JUDGE: SALLY SHUSHAN |

**MEMORANDUM IN SUPPORT OF
DEFENDANT BP AMERICA INC.'S MOTION TO DISMISS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant, BP America Inc. ("BP America"), incorrectly named in Plaintiff's Complaint as "BP," submits this memorandum in support of its motion to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1]

Plaintiff filed this *pro se* Complaint seeking "compensation under the whistle blower statute" for "coming up with the 'Cutler Process'" and allegedly "pointing out" that BP failed to use the Cutler Process as part of the relief efforts related to the *Deepwater Horizon*. Compl., Doc. No. 1-1, at p. 4. Plaintiff does not identify to whom he allegedly "blew the whistle" or any retaliation against him by any BP entity. Plaintiff also fails to allege that he was or is an employee of any BP entity, and admits that he "was unable to submit the 'Cutler Process' [to BP] because he couldn't get online or to a phone." *Id.* at p. 9. Nonetheless, Plaintiff claims an entitlement to damages and injunctive relief under a whistleblower theory because BP allegedly failed to discover and then use his Cutler Process.

---

[1] Although Plaintiff never properly served BP America or any BP entity with his Complaint, BP America elects not to seek dismissal for insufficient service under Federal Rule of Civil Procedure 12(b)(5).

Because Plaintiff fails to allege multiple elements of his whistleblower cause of action, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## I.  ARGUMENT

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Although Plaintiff does not identify the "Whistle Blower" statute under which he asserts his claim, a commonality among so-called whistleblower statutes is that they seek to prevent discrimination by employers against employees who report their employer's illegal activity. *See, e.g., Hale v. Touro Infirmary*, 886 So. 2d 1210, 1214 (La. App. 4th Cir. 2004) (the Louisiana "Whistleblower Statute [La. Rev. Stat. § 23:967] provides protection to employees against reprisal from employers for reporting or refusing to participate in illegal work practices"); *Washington v. Weaver*, 2008 WL 4948612, at *2 (5th Cir. 2008) ("the Whistleblower Protection Act [5 U.S.C. § 2303(b)] only applies to claims by federal civil servants against their governmental employers"); *Passaic Valley Sewerage Comm'rs v. Dep't of Labor*, 992 F.2d 474, 478 (3d Cir. 1993) ("'[W]histle-blower' provisions are intended to promote a working environment in which employees are relatively free from the debilitating threat of employment reprisals for publicly asserting company violations of statutes protecting the environment, such as the Clean Water Act and nuclear safety statutes.").

Plaintiff does not allege even the fundamental elements of a whistleblower claim. First, Plaintiff does not allege that he was ever an employee of any BP entity, much less that he was an employee at any time since the *Deepwater Horizon* incident on April 20, 2010. Second, Plaintiff does not allege that he ever "blew the whistle" by reporting allegedly illegal activities to anyone,

2

and in fact concedes that he never even submitted his "Cutler Process" idea to any BP entity. Compl., Doc. No. 1-1, at p. 9. And third, Plaintiff does not allege that any BP entity discriminated or retaliated against him in any way. Without factual allegations to support his claim under any whistleblower statute, Plaintiff's Complaint should be dismissed under Rule 12(b)(6). *See Gaudet v. City of Kenner*, 12-cv-86, 2012 WL 1995295, at *4-6 (E.D. La. June 4, 2012) (dismissing Plaintiff's claim under Louisiana Whistleblower Statute).

## II. CONCLUSION

For the foregoing reasons, Defendant, BP America Inc., respectfully submits that Plaintiff has failed to state a claim upon which relief can be granted and that his claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

/s/ Shannon S. Holtzman
Shannon S. Holtzman, T.A. (La. # 19933)
Devin C. Reid (La. # 32645)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA 70139
Telephone: 504-581-7979
Fax: 504-556-4108
ssholtzman@liskow.com

J. Andrew Langan, P.C.
Paul D. Collier
Matthew V. Topic
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: 312-862-2000
Fax: 312-862-2200

*Attorneys for Defendant, BP America Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 13, 2012, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing to the plaintiff by United States Postal Service.

/s/ Shannon S. Holtzman

1171680_1