UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

**[Regarding January 20, 2012 Order on BP's Motion for Spoliation Sanctions (R.D. 5307)]**

In response to BP's motion for spoliation sanctions, Halliburton argued that adverse findings were not warranted because: (1) in the event the Displace 3D Modeling (the "Modeling") could not be located, it would "make its software available"; (2) the inputs used by Mark Savery for this Modeling "consisted exclusively of data from the OptiCem modeling, which has already been provided to BP"; and (3) "BP can use this software, and add the requisite inputs, to determine for itself 'what this proprietary modeling would have shown.'" Rec. doc. 4961 at 20. It also argued that the Modeling was of limited relevance because it cannot model foam cement as accurately as the models created in OptiCem. Id.

On January 20, 2012, it was ordered that:

1. Halliburton shall produce the computer to Captain Englebert. Halliburton and BP shall meet-and-confer on the terms of a protocol for this examination, including agreement on who will conduct the forensic testing, which shall be subject to Captain Englebert's approval. The costs of the examination shall be shared equally by Halliburton and BP.

2. Halliburton and BP shall meet-and-confer on whether the modeling can be replicated.

3. BP's rights to seek further relief are reserved.

Rec. doc. 5307 at 3.

The forensic testing was conducted, but the Modeling could not be retrieved from the Halliburton computer. Under the supervision of Captain Englebert, the parties and the vendor, Elysium worked to complete the remaining requirements of the order.

BP requests an order excluding evidence of the replication work. Halliburton reports that it has no intention of making use of such evidence. No other party has objected to the exclusion of such evidence and therefore BP's request will be granted.

The final issue raised by BP concerns the costs incurred in complying with the January 20, 2012 order. BP requests that the order be modified so that Halliburton is required to bear all of the costs of forensic examination and the replication work. After reviewing the briefs leading up to the January 20 order and considering the recent arguments by the parties, the Court finds that the January 20 order should be modified. Halliburton will be required to bear all of the costs of the examination and the replication work.

IT IS ORDERED that: (1) evidence of the replication work is inadmissable at the trial of the action; (2) Halliburton shall bear all of the costs of the examination and the replication work; and (3) the deadline for appeal of this order is **Thursday, August 23, 2012.**

New Orleans, Louisiana, this 16th day of August, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**