UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | ] ] ] ] | MDL No. 2179 SECTION: J |
| This Document Relates to: 2:12-cv-1045-CJB-JCW 2:12-cv-1533-CJB-SS 2:12-cv-1716-CJB-SS | ] ] ] ] ] | Judge Barbier Mag. Judge Wilkinson (No. 1045) Mag. Judge Shushan (Nos. 1533, 1716) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO SEVER**

**1.  SUMMARY.**

Forty former employees ("Plaintiffs") of O'Brien's Response Management, Inc., Vision One LLC and ITransit Response LLC ("Defendants") brought three collective actions on behalf of themselves and others similarly situated to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.[1] These cases (the "O'Brien's Overtime" cases) should be severed from the MDL because, unlike Rule 23 actions, the FLSA limitations period continues to run until the date an employee files a consent form. Thus, Pretrial Orders (PTOs) 1 and 15, which indefinitely stay O'Brien's response to *Prejean's* conditional certification motion (Doc. 6930) , and Defendants' Answers to the *Himmerite* and *Singleton* Complaints, harm putative plaintiffs because their claims continue to deteriorate. Further, the O'Brien's Overtime cases and the MDL cases are so unrelated that consolidation results in unnessary delays and expense.

---

[1] *See Prejean v. O'Brien's Response Mgmt., Inc.*, No. 2:12-cv-1045 (E.D. La.) (28 plaintiffs); *Himmerite, et al. v. O'Brien's Response Mgmt., Inc. et al.*, No. 2:12-cv-1533 (E.D. La.) (5 plaintiffs); *Singleton v. O'Brien's Response Mgmt., Inc., et al.*, No. 2:12-cv-1716 (E.D. La.) (7 plaintiffs).

2.     **MDL PRETRIAL ORDER NOS. 1 AND 15 PREJUDICE POTENTIAL CLASS MEMBERS, WHOSE CLAIMS ARE NOT TOLLED UNDER THE FLSA.**

An employee alleging violations of the FLSA may bring an action on behalf of all "other similarly situated employees." 29 U.S.C. § 216(b). Thus, "Congress has stated its policy that [FLSA] plaintiffs should have the opportunity to proceed collectively." *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Such collective actions are favored under the law because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and provide plaintiffs with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche*, 493 U.S. at 170. Moreover, the Supreme Court further recognized that "[t]he broad remedial goal of the [FLSA] should be enforced to the full extent of its terms." *Id.* at 173. However, the benefits of efficient resolution of FLSA collective actions and effectuating the broad remedial goals of the FLSA "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. at 170.

Timely notice is of paramount importance in FLSA cases because, unlike class actions under Rule 23, the statute of limitations is not tolled for nonparticipants merely by the filing of the action. In collective actions under the FLSA, the statute of limitations is not tolled until the date on which an opt-in plaintiff's written consent is filed with the court. *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F. Supp. 2d 793, 803 (E.D. La. 2007) (citing 29 U.S.C. § 255(b); *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).

For employees denied overtime pay, every day that passes without opting into the case is a day's worth of overtime pay that is lost forever. Plaintiffs filed their motion for conditional certification in *Prejean* on July 19, 2012. *See* Doc. 6930. However, the Court continued

*Prejean's* Motion and Defendant's response indefinitely pursuant to PTO 15. *See* Exhibit 1. Similarly, O'Brien's claims its answers to the *Himmerite* and *Singleton* Complaints are continued indefinitely per PTO 1. These continuances prejudice potential class members because many claims will be eroded or eliminated altogether. This hardly comports with the broad remedial purposes of the FLSA. Accordingly, Plaintiffs request the Court sever the O'Brien's Overtime cases from the MDL and enter an order requiring responses/answers to *Prejean's* Motion for Conditional Certification (Doc. 6930) and the *Himmerite* and *Singleton* Complaints.

**3.    THE O'BRIEN'S OVERTIME CASES AND THE OTHER MDL CASES ARE NOT RELATED.**

The O'Brien's Overtime cases should be severed from the other MDL cases because their differences outweigh any shared characteristics. The other cases in the MDL docket differ in almost every respect from this case, including the nature of the allegations and the theory of relief. The other cases in the MDL arise out of the explosion of the Deepwater Horizon well and subsequent oil spill and generally allege causes of action for negligence. In contrast, the O'Brien's Overtime cases do not challenge any aspect of actual operation of the Macondo well or seek damages as a result of the Deepwater Horizon explosion or spill. Instead, these cases seek to recover unpaid overtime wages that O'Brien's, a cleanup contractor, and recruiters ITransit and Vision One failed to pay their employees. The key issue – whether Plaintiffs were employed by Defendants – has nothing to do with who is at fault for the explosion and spill or any mishandling of the cleanup. Thus, the predominant questions in the MDL cases regarding the standard of care, negligence, causation of damages, and the amount and nature of damages, have no bearing on whether Defendants employed Plaintiffs or the amount of Plaintiffs' damages.

In addition to factual and legal differences, the O'Brien's Overtime cases differ procedurally from the other MDL cases. Many of the MDL cases are putative class actions under Rule 23, which employs a different standard than the "two-step" conditional certification process under the FLSA. *See, e.g., Kuperman v. ICF Inter.,* 2008 WL 4809167, *4-5 (E.D. La. Nov. 3, 2008). Courts, including the Fifth Circuit, have have held the FLSA's opt-in procedure is fundamentally irreconcilable with Rule 23's opt-out procedure. *Rousell v. Brinker Int'l*, 2011 WL 4067171 (5th Cir. Sept. 14, 2011); *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975); *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 199 (3rd Cir. 2011); *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1247 (11th Cir. 2003); *King v. General Elec. Co.*, 960 F.2d 617, 621 (7th Cir. 1992); *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 535 (8th Cir. 1975).

Because the factual, legal, and procedural issues in this case and those of the other MDL cases do not overlap, there is nothing to be gained by consolidation, even for pre-trial purposes. The present action is no more related to the other MDL case than two similar FLSA collective actions this Court severed *sua sponte* because they were not "sufficiently related to the MDL." Exhibit 2, Order severing *Altier v. Worley Catastrophe Response, LLC, et al.*, No. 11-241; *Brewer et al. v. BP p.l.c., et al.*, No. 11-401. Consolidation of this case with the MDL will not aid the efficient resolution of this matter because it causes unnecessary delays, burdens Plaintiffs with additional attorney's fee payments to attorneys who are not working on issues relevant to this case, and causes Plaintiffs to pay costs for discovery applicable to other MDL cases that will provide no benefit here. *See, e.g.*, Doc. 5022. Accordingly, Plaintiffs request the Court sever this case from the MDL.

**4.    SEVERANCE FURTHERS THE UNDERLYING POLICIES OF RULE 42(A) AND THE JPML'S TRANSFER ORDER.**

Continued consolidation of the O'Brien's Overtime cases with the MDL cases would be inconsistent with the standards for consolidation under Rule 42(a), which authorizes consolidation to "avoid unnecessary cost or delay." *See PC Healthcare Enters., Inc. v. Ariz. Hosp. and Healthcare Ass'n.*, No. 05-1793-PHX-MHM, 2007 WL 2990138, at *1 (D. Ariz. Oct. 11, 2007) ("Consolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party."). The O'Brien's Overtime cases, although they involve spill cleanup employees, are procedurally, legally and factually distinct from the other MDL cases. Thus, the parties and counsel in these cases are unnecessarily subject to undue delay, burden, and cost from centralized MDL procedures – including automatic, indefinite stays of class certification response dates and dates to respond to pleadings.

The effects of consolidation of the O'Brien's Overtime cases with the MDL do not meet underlying rationale for centralization, which is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings, including rulings on class certification . . . and conserve the resources of the parties, their counsel, and the judiciary," Transfer Order, In re: Oil Spill, No. 10-2179, at 3, Doc. 1 (E.D. La.). The O'Brien's Overtime cases do not present a risk of "inconsistent pretrial rulings" because there are unlikely to be any pretrial or summary judgment rulings about whether Plaintiffs were employed by O'Brien's or can proceed collectively that have any bearing on other cases in the MDL. Further, because this case requires unique discovery, there is likewise no justification to saddle Plaintiffs with a *pro rata* share of costs for discovery procedures related to, *e.g.*, document depositories; the recovery of underwater evidence; and the like. Severing the O'Brien's Overtime cases would be the most "just and efficient" result. 28 U.S.C. § 1407(a).

**5.     TO PREVENT FURTHER DELAY, A MAGISTRATE JUDGE CAN RULE ON PREJEAN'S MOTION FOR CONDITIONAL CERTIFICATION.**

The decision to grant conditional certification and authorize notice "is a non-dispositive matter of the sort typically referred to magistrate judges." *Patton v. Thomson Corp.*, 364 F.Supp.2d 263, 265-66 (E.D.N.Y. 2005).[2]  A motion for conditional certification is a case management procedure. *Hoffman-La Roche Inc.*, 493 U.S. at 174.  It involves only a decision as to whether the members of the proposed class are similarly situated enough to permit the discovery of their identity and sending them a notice alerting them of their right to opt in to the class under 29 U.S.C. § 216(b).  *Patton*, 364 F.2d at 265-66.  Thus, a motion for conditional certification "is not a dispositive motion [because] potential class members are only bound by the decision if they affirmatively opt-in."  *See* Exhibit 3, *Levine v. Nationsbank, N.A.*, Case No. 98-6306-CIV-DIMITROULEAS, slip op. at 3 (S.D. Fla. Sept. 2, 1998).  After sufficient discovery, the district court will determine whether those employees who have chosen to opt in are similarly situated enough to maintain a collective action at trial. *Id.* at 266.  In contrast, the certification of a class under Rule 23 directly impacts the rights of the absent class members since they have effectively "joined" the class through the operation of a rule of civil procedure, rather than by their own action.  Thus, because substantive rights are not affected by conditional certification under the FLSA, additional protection warranted through *de novo* review by the district judge, as required in a Rule 23 class, is not required.  Accordingly, a magistrate judge can rule on *Prejean's* Motion for Conditional Certification (Doc. 6930).

---

[2] *See, e.g., Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264 (D.Minn. 1991)(applying "clearly erroneous" standard to Magistrate's decision to permit notice to potential class members).

**6.     CONCLUSION.**

The MDL's procedures are unfairly prejudicial to potential class members in the O'Brien's Overtime cases because they delay the notification to potential class members that is necessary to preserve their claims. Further, the O'Brien's Overtime cases have little in common with the MDL cases. Consolidation will not aid the just and efficient resolution of these cases and add unnecessary delays, burden and expense. Accordingly, Plaintiffs request the Court sever the O'Brien's Overtime cases from the MDL.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: __/S/ David I. Moulton__
David I. Moulton
*Attorney-in-Charge for Plaintiffs*
Texas Bar No. 24051093
S.D. Tex. No. 608063
8 Greenway Plaza, Suite 1500
Houston, Texas 77002
(713) 877-8788 - Telephone
(713) 877-8065 - Facsimile
dmoulton@brucknerburch.com