UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-6306-CIV-DIMITROULEAS

BEVERLY LEVINE, et al.,
on behalf of themselves and all
others similarly situated,

Magistrate Judge Bandstra

Plaintiffs,

vs.

NATIONSBANK, N.A.,
a national association,

Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon the following: Plaintiffs' Motion to Allow Notification to Potential Class Members [DE 3], Defendant's Motion to Strike Affidavits and Evidence filed with Plaintiff's Reply Memorandum [DE 26], Defendant's Motion for Reconsideration of Magistrate's Order dated June 5, 1998 [DE 32], Defendant's Motion to Set Aside and Objections to Magistrate's Order Dated June 5, 1998 [DE 35], and Defendant's Request for Hearing on the above stated motion [DE 34].

### Procedural History

Plaintiffs' second amended complaint asserts a claim for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §216, ("FLSA") for employees who were employed as Consumer Bankers II, III or IV for defendant Nationsbank during a certain period. Plaintiffs filed a motion to allow notification to potential class members under the "opt-in" class action provision allowed under Section 216(b). Defendant filed a responsive memorandum on May 11, 1998, and plaintiffs filed a reply memorandum and accompanying affidavits and evidence on May 21, 1998. On May 28, 1998, the motion was referred by the Honorable Judge Shelby

Exhibit 3

Highsmith to Magistrate Judge Ted E. Bandstra. On June 4, 1998, defendant filed its motion to strike the affidavits and evidence accompanying plaintiffs' reply memorandum. Magistrate Judge Bandstra signed an order on June 5, 1998, to allow notification to potential class members. On June 15, 1998, defendant filed a motion for reconsideration, followed on June 22, 1998, by a motion to set aside and/or objections to Magistrate Judge Bandstra's order. From July 8 through August 26, 1998, an additional 14 individuals filed notices to become a party to this action, in addition to the 11 plaintiffs already named in the second amended complaint.

## Defendant's Motion to Strike

The evidence at issue consists of sworn deposition testimony from defendant's personnel specialists (from a different case), a matrix from defendant containing the responsibilities of Consumer Bankers I, II, III and IV, and affidavits from the plaintiffs describing their duties, duration and location of their positions with Nationsbank. Defendant argues such evidence accompanying plaintiffs' reply memorandum to defendant's response to plaintiffs' motion to allow class notification must be stricken, as it should have been presented with plaintiffs' original motion. Plaintiff responds that the evidence was merely in rebuttal to defendant's responsive memorandum, and does not present a surprise as the evidence supports the allegations in the complaint and original motion.

While the Court would have preferred if plaintiffs had filed their evidence before defendant filed its opposition memorandum, the evidence itself presents no surprise or prejudice to defendant. The evidence does reply to defendant's opposition memorandum, and does not raise any new issues not presented in the complaint or plaintiff's original motion. The sworn deposition testimony of defendant's own personnel specialists (albeit from a different court case) in particular goes a long way towards showing the necessary reasonable basis for establishment

2

at this notification stage of the similarly situated nature of Consumer Bankers. Furthermore, in response to defendant's argument that Magistrate Bandstra may not have considered defendant's motion to strike, the court notes that plaintiff's evidence was filed May 21, 1998, and even accounting for mailing over the Memorial Day weekend, Nationsbank waited over a week to file its motion to strike. Therefore, the court will invoke its discretion to include consideration of the evidence in its decision regarding class certification, and deny defendant's motion to strike.

### Defendant's Motion for Reconsideration

Although typically a motion for reconsideration is ruled upon by the judge who issued the ruling sought to be reconsidered, in the interest of judicial efficiency and in light of the defendant's filing of objections, this court, rather than Magistrate Judge Bandstra, will rule upon this motion. After a *de novo* review, and pursuant to the following discussion affirming Magistrate Judge Bandstra's order, the court denies defendant's motion for reconsideration.

### Defendant's Motion to Set Aside and Objections to Magistrate's Order Dated June 5, 1998

At the outset, the Court considers defendant's motion as an appeal of a non-dispositive matter under 28 U.S.C. §636(b)(1)(A) and Rule 4(a)(1) of the Magistrate Judge Rules, United States District Court for the Southern District of Florida Local Rules. Under the FLSA, Section 216(b) class notification is not a dispositive motion, as potential class members are only bound by the decision in the case if they affirmatively opt-in. Thus, it was appropriate for the Magistrate Judge to enter an order granting plaintiff's motion to allow class notification. Reconsideration of an order under 28 U.S.C. §636(b)(1)(A) is warranted when an order is "clearly erroneous or contrary to law." The Court finds that Magistrate Bandstra's Order of June 5, 1998 to not be clearly erroneous or contrary to law following the reasoning of Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir. 1991).

3

However, in the alternative, if the Magistrate's order is deemed akin to an order to "permit the maintenance of a class action," and thus the Magistrate Judge was precluded from entering such an order under 28 U.S.C. §636(b)(1)(A), the Court has conducted its own *de novo* review of the court file and all motions in this case.

### A. Notification of Putative Class Members

Plaintiffs seek an order of this court allowing notification of potential class members under Section 216(b) of the FLSA. It is settled in the Eleventh Circuit that a district court has the authority under the FLSA to issue an order requiring notice to similarly situated persons. See Dybach v. State of Florida Dep't of Corrections, 942 F.2d 1562 (11th Cir.1991) (noting a split in the circuits and "concluding that the 'broad remedial purpose of the Act' is best served if the district court is deemed to have the power to give such notice to other potential members of the plaintiff class to 'opt-in' if they so desire and by the district court's exercise of that power under appropriate conditions.") (citations omitted). Before determining whether to exercise such power, however, Dybach instructs the district court that it "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Id. at 1567-1568. If the district court concludes that there are such other employees, the court then has the discretion to establish the specific procedures to be followed with respect to such possible opting-in. Id. at 1568.

Turning to the first step of the Dybach test, it is clear that there are other similarly situated employees who desire to opt-in. As of today, there are about 25 plaintiffs who have been added to this action. In addition, defendant does not argue this prong of the Dybach test. Thus, the court is satisfied that there are other Consumer Bankers II, III, or IV who desire to opt-

4

in to this case.

As to the second step of Dybach, the issue before the court is whether Consumer Bankers II, III, and IV are similarly situated with respect to their job requirements and with regard to their pay provisions for purposes of allowing notification to potential class members were due overtime or were exempt under the FLSA. The Plaintiffs have presented sufficient evidence to satisfy the Court that Nationsbank's corporate personnel department treated all Consumer Bankers II, III and IV the same as far as their job requirements and pay requirements. The court notes that the Eleventh Circuit has held that while plaintiffs bear the burden of demonstrating a "resonable basis" for a class-wide action, the burden "is not heavy." Grayson v. K Mart Corporation, 79 F.3d 1086, 1097 (11th Cir. 1996). While individual differences will certainly exist as to the hours, duration and location worked by individual plaintiffs, those differences go to the issue of damages, not job requirements and pay requirements. Therefore, the Court will issue an order allowing notification of potential class members, to be issued separately.[1]

## Conclusion

The Court is satisfied, pursuant to Dybach, that there are other Consumer Banker employees of the defendant who desire to opt-in and who are similarly situated with respect to their job requirements and with regard to their pay provisions. This determination should not be interpreted as a ruling on the merits of plaintiff's case, but merely on plaintiff's burden necessary to allow notification of potential class members. Accordingly, it is

---

[1] The Court notes that the parties have not discussed any geographic limitations on the potential class members to be notified, i.e., limited to Consumer Banker II, III, IV employees within the the Southern District of Florida or the state of Florida, as opposed to nationwide notification. Given the evidence presented, the Court sees no need to arbitrarily place a geographic limit on potential class members to be notified.

5

**ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Strike Affidavits and Evidence filed with Plaintiff's Reply Memorandum [DE 26] is hereby **DENIED**;

2. Defendant's Motion for Reconsideration of Magistrate's Order dated June 5, 1998 [DE 32] is hereby **DENIED**;

3. Defendant's Motion to Set Aside and Objections to Magistrate's Order Dated June 5, 1998 [DE # 35] is hereby **DENIED**;

4. Defendant's Request for Hearing on Defendant's Motion to Set Aside and Objections to Magistrate's Order [DE 34] is hereby **DENIED AS MOOT**;

5. Plaintiffs' Motion to Allow Notification to Potential Class Members [DE 3] is hereby **GRANTED** per the attached order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of September, 1998.

WILLIAM P. DIMITROULEAS
United States District Judge

copies to:
Magistrate Judge Bandstra
Daniel R. Levine, Esq.
Gary K. Harris, Esq.
Michael T. Burke, Esq.
Richard F. Kane, Esq.

6