IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
|  | Section: "J" |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | Judge:  Carl J. Barbier |
|  | Magistrate:  Sally Shushan |
| **This Document Relates To:** 2:10-CV-02771 Record Doc. No. 326 |  |

**NOTICE OF OBJECTION TO ENROLLMENT/SUBSTITUTION OF COUNSEL AND REQUEST FOR HEARING**

**NOW INTO COURT,** through undersigned counsel, come Mark E. Peneguy, Edward Wisner Peneguy, Jr., Wendell H. Cook, Jr., and Michael J. Peneguy who respectfully represent as follows:

1.

Movers are among the various beneficiaries of the Edward Wisner Donation (the Donation") which owns substantial real property in Jefferson, Lafourche, and St. John the Baptist

1

Parishes.  The named plaintiffs, as the descendents of Edward Wisner, each stand as beneficiaries in their own right.  The other beneficiaries of the Donation are the City of New Orleans, Tulane University, Charity Hospital (Medical Center of Louisiana at New Orleans aka Interim LSU Public Hospital) and The Salvation Army.

2.

Movers respectfully notify the Court of their objection to Motion to Enroll as counsel of Record for the Edward Wisner Donation, which motion is expected to filed in this matter by a "joint venture" of attorney who also currently represent the City of New Orleans in connection with the City's own claims.

3.

The Secretary Treasurer of the Edward Wisner Donation Advisory Committee, Ms. Cathy Norman has sought an opinion from the Louisiana State Bar Association Ethics Advisory Service regarding the issues implicated by the proposed representation by new counsel. (Exhibit "A".) On June 29, 2012, Mr. Barefield of the Committee responded to the inquiry of the Donation and gave his opinion that pursuant to Rule 1.7 of the Louisiana Rules of Professional Conduct, proposed new counsel for the Donation have a potential concurrent conflict of interest, as counsels' responsibilities to the City may compete with the interests of the Donation and its beneficiaries. According to Mr. Barefield, Rule 1.7 requires that counsel obtain an informed waiver of the conflict, in writing, from each affected beneficiary. (Opinion of Barefield, Exhibit "B".)

4.

Movers have sought an opportunity to present evidence regarding the perceived conflict in a contradictory hearing, contested motion, or other manner deemed appropriate by this Honorable Court in order that their concerns regarding a potential conflict of interest may be properly addressed. However, although the joint venture attorneys claim to be acting on behalf of the Donation, and although they sought to obtain a copy of the Donation's legal file, they did not take any action to actually enroll as counsel for the Donation in this proceeding.

5.

On August 15, 2012 plaintiffs filed a petition for temporary restraining order in the 24th Judicial District Court in order to prevent the transfer of the Donation's legal file to the joint venture attorneys until such time as the proposed new attorneys filed a motion to enroll as counsel of record such that this Court would have an opportunity to consider the potential conflict of interest issues. In response to that filing counsel representing the joint venture, Mr. Soren Gisleson, represented to Judge John Molaisson, Jr. of the 24th JDC that the joint venture would be filing a formal motion to enroll in this proceeding no later than the close of business Friday, August 17, 2012. Mr. Gisleson further advised that he would notify this Court of the movers opposition to the motion, but that the matter would not be noticed for a contradictory hearing. Based upon that representation movers withdrew their request for a TRO.

6.

Mr. Gisleson was and is aware that undersigned counsel for movers would be leaving for annual vacation on the evening of August 16, 2012, returning to New Orleans on August 27, 2012 and that a filing of the Motion to Enroll on August 17 will place movers in a position where they would not be able to immediately respond.

7.

In light of the foregoing movers respectfully request that they and their counsel be granted until at least September 4, 2012 to file their opposition pleadings with this Court. Alternatively, movers request that this matter be set as a contested matter, to be briefed and heard according to a schedule established by the Court.

WHEREFORE, movers respectfully request that they be granted until at least September 4, 2012 to file their opposition pleadings to the Motion to Enroll. Alternatively, movers request that this matter be set as a contested matter, to be briefed and heard according to a schedule established by the Court.

Respectfully Submitted,
BOOTH & BOOTH
A Professional Law Corporation

/s/ Vincent J. Booth
Vincent J. Booth (#18565)
138 North Cortez Street
New Orleans, Louisiana 70119
Telephone: (504) 482-5292
Facsimile: (800) 469-2185
Email: vbooth@boothandbooth.com
Attorney for Mark E. Peneguy,
Edward Wisner Peneguy, Jr.,
Wendell H. Cook, Jr., and
Michael J. Peneguy

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Notice of Objection to Enrollment /Substitution of Counsel and Request for Hearing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12 as soon as possible, and that foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of August, 2012 and have electronically mailed it to Soren Gisleson.

/s/ Vincent J. Booth
vbooth@boothandbooth.com