Fwd: Ethics Inquiry

From: Cathy Norman Penland <sheapen@aol.com>
To: wisnerdonation <wisnerdonation@Aol.com>
Subject: Fwd: Ethics Inquiry
Date: Fri, Jun 29, 2012 11:59 am

Sent from my iPhone

Begin forwarded message:

From: Eric Barefield <ebarefield@lsba.org>
Date: June 29, 101 R.O.C. 11:28:33 AM CDT
To: "sheapen@aol.com" <sheapen@aol.com>
Subject: Ethics Inquiry

Dear Ms. Norman:

Thank you for your inquiry. Please be advised that the following comments are provided to you in keeping with the standard *Statement of Purpose and Policy* of the LSBA's Ethics Advisory Service—i.e., this is purely informal advice, non-binding on anyone and pertaining only to your own prospective conduct under the facts as you have related them. This informal opinion is not intended to suggest or imply anything regarding the conduct of any other lawyer nor any conduct of yours that is already completed and/or is still on-going. Additionally, please be aware that Ethics Advisory Service policies do not permit us to provide advice or opinions on matters of substantive law outside the limited scope of legal ethics.

Rule 1.3 of the Louisiana Rules of Professional Conduct provides:

> *A lawyer shall act with reasonable diligence and promptness in representing a client.*

Rule 1.4 of the Louisiana Rules of Professional Conduct provides:

> *...(a) A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules; (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests for information; and (5) consult with the client about any relevant limitation on the*

EXHIBIT B

Fwd: Ethics Inquiry

> *lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law. (b) The lawyer shall give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued. (c) A lawyer who provides any form of financial assistance to a client during the course of a representation shall, prior to providing such financial assistance, inform the client in writing of the terms and conditions under which such financial assistance is made, including but not limited to, repayment obligations, the imposition and rate of interest or other charges, and the scope and limitations imposed upon lawyers providing financial assistance as set forth in Rule 1.8(e).*

Rule 1.7 of the Louisiana Rules of Professional Conduct provides:

> *....(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer. (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;(2) the representation is not prohibited by law; (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and (4) each affected client gives informed consent, confirmed in writing.*

Rule 1.13 of the Louisiana Rules of Professional Conduct provides:

> ...(a) A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents. (b) If a lawyer for an organization knows that an officer, employee or other person associated with the organization is engaged in action, intends to act or refuses to act in a matter related to the representation that is a violation of a legal obligation to the organization, or a violation of law that reasonably might be imputed to the organization, and that is likely to result in substantial injury to the organization, then the lawyer shall proceed as is reasonably necessary in the best interest of the organization. Unless the lawyer reasonably believes that it is not necessary in the best interest of the organization to do so, the lawyer shall refer the matter to

higher authority in the organization, including, if warranted by the circumstances to the highest authority that can act on behalf of an organization as determined by applicable law. (c) Except as provided in paragraph (d), if (1) despite the lawyer's efforts in accordance with paragraph (b) the highest authority that can act on behalf of the organization insists upon or fails to address in a timely and appropriate manner an action, or a refusal to act, that is clearly a violation of law, and (2) the lawyer reasonably believes that the violation is reasonably certain to result in substantial injury to the organization, then the lawyer may reveal information relating to the representation whether or not Rule 1.6 permits such disclosure, but only if and to the extent the lawyer reasonably believes necessary to prevent substantial injury to the organization. (d) Paragraph (c) shall not apply with respect to information relating to a lawyer's representation of an organization to investigate an alleged violation of law, or to defend the organization or an officer, employee or other constituent associated with the organization against a claim arising out of an alleged violation of law. (e) A lawyer who reasonably believes that he or she has been discharged because of the lawyer's actions taken pursuant to paragraphs (b) or (c), or who withdraws under circumstances that require or permit the lawyer to take action under either of those paragraphs, shall proceed as the lawyer reasonably believes necessary to assure that the organization's highest authority is informed of the lawyer's discharge or withdrawal. (f) In dealing with an organization's directors, officers, employees, members, shareholders or other constituents, a lawyer shall explain the identity of the client when the lawyer knows or reasonably should know that the organization's interests are adverse to those of the constituents with whom the lawyer is dealing. (g) A lawyer representing an organization may also represent any of its directors, officers, employees, members, shareholders or other constituents, subject to the provisions of Rule 1.7. If the organization's consent to the dual representation is required by Rule 1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented, or by the shareholders.

You have submitted a query involving a "land trust" with a tort claim where the trustee wants to bring in co-counsel. You have basically asked three questions. Is there a conflict? Can it be waived? And lastly, how must the waiver be confected in this situation. In part, your inquiry not only seeks an ethics opinion but also answers to substantive legal questions. The Ethics Advisory Service is not permitted to provide legal advice or opinions on areas of substantive law outside the limited scope of legal ethics. Nevertheless, in an effort to offer some guidance, we would first refer you to a careful reading of Rules 1.7, and 1.13 of the Louisiana Rules of Professional Conduct.

Conflicts are based on the specific facts and particular circumstances of each situation. We believe, under Rule 1.7, counsel for the trustee may have a potential concurrent conflict of interest, as his or her responsibilities to the city/trustee may compete with the interests of the trust and its beneficiaries. Additionally, you may have a situation where the lawyer for the city's other clients and beneficiaries of the land trust have different

Fwd: Ethics Inquiry

interests or ideas as to how to proceed or handle the case. This of course depends on the specific facts.

Nevertheless, the Louisiana Rules of Professional Conduct do not absolutely prohibit the lawyer from the city from the proposed representation of the trust if the concurrent conflicts can be resolved under all of the requirements of Rule 1.7(b) and no other Rules are triggered. Rule 1.7(b) allows representation where there is a concurrent conflict of interest so long as a lawyer reasonably believes that he or she will be able to provide competent and diligent representation to each affected client, the representation is neither prohibited by law nor does it involve the assertion of a claim by one client against another client, and each affected client gives informed consent, confirmed in writing. Please be advised though, that the consent could still later be withdrawn, thereby, resulting in the need for all affected clients to get new counsel.

Exactly how the consent has to be obtained and whether or not it needs to be unanimous and/or from all beneficiaries depends on substantive law and how the land trust/donation was set up, including any governing and/or operating documents. Rule 1.3 would require a lawyer to act with diligence and research those issues.

Based on the limited account of the facts presented, we believe there is a concurrent conflict of interest present and, although Rule 1.7(b) may allow what the trustee has proposed, we believe you should be mindful of the risks and fully explain to all involved persons the potential for problems in this situation. Prudence may suggest that you consider the benefits against the potential risk and the option to avoid the conflict altogether by not using the lawyer for the city or, if needed, finding another, completely different, distinct lawyer to serve as co-counsel for the trust and its beneficiaries.

Sincerely,

**Eric K. Barefield**

Ethics Counsel

Louisiana State Bar Association

601 St. Charles Avenue

New Orleans, LA 70130

EBarefield@lsba.org