UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179<br><br>SECTION: J |
| This Document Relates to: No. 12-01922 | Judge Barbier<br>Mag. Judge Shushan |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

Plaintiffs, Slabic Oysters, L.L.C., Dordi Slabic, and Misho's Quality Oysters, L.L.C. submit this memorandum in support of their motion to remand this case to the 25th Judicial District Court for the Parish of Plaquemines.

### Introduction

The Plaintiffs filed this State court action against the Defendants, alleging the breach of a state law contract to transfer an interest in certain Louisiana oyster leases. Both Defendants are residents and domicilaries of Louisiana, and two of the three Plaintiffs are also residents and domicilaries of Louisiana; the absence of diversity jurisdiction is therefore established.

The Defendants have instead removed the action on the grounds that the outcome of the case may impact the identity of the party entitled to share in the proceeds of the BP

economic damages/settlement program. The Defendants allege that the lawsuit is an attempt to usurp or interfere with the court-appointed Administrator's resolution of the Defendants' BP claims.

The short answer is that the lawsuit seeks to adjudicate state law property claims based on state law contracts. The ultimate outcome may impact the property rights of the Plaintiffs and Defendants, including but not limited to the right to receive proceeds from the BP claims settlement program, but this does not convert the lawsuit issues into federal questions. Were that the case, every state law claim that potentially impacted the disposition of the BP claims settlement program proceeds would be converted into a federal question. This would include disputes among buyers and sellers of businesses; disputes among buyers and sellers of real property; disputes among heirs arising under Louisiana succession law; and disputes among Louisiana debtors and creditors or banks and borrowers over entitlement to such proceeds, among many others.

## Argument

**1. Federal question removal jurisdiction is strictly construed.**

The burden of demonstrating that a federal question exists is on the Defendants, and the strict construction of federal removal jurisdiction requires that any doubt must be resolved in favor of remand.[1]

---

[1] Gutierrez v. Flores, 543 F 3d 248 (5th Circuit 2008).

The mere presence of a federal issue does not create federal question jurisdiction. Even when a substantial federal question is necessary to the resolution of a state law claim, this is not itself sufficient to permit the exercise of federal jurisdiction.[2]

**2. There is no substantial issue of federal law here.**

The BP settlement fund consists of private money deposited by private litigants. The fact that the federal district court is involved in the administration of the funds does not convert them into federal funds, nor turn the issue into a federal question.[3]

For a state law claim to be removed under federal question jurisdiction, there must be a contested federal issue; that issue must be substantial; and the exercise of federal jurisdiction must also be consistent with "the sound division of labor between state and federal courts governing Section 1331's application".[4] Even when all of those factors are

---

[2] Singh v. Duane Morris, L.L.P., 538 F 3d 334, 338 (5th Circuit 2000). See also MSOF Corp v. Exxon Corp 295 F 3d 485, 491-2 (5th Circuit 2002) (holding that there was no removal jurisdiction where "the vindication of these Plaintiffs' rights does not turn on resolution of a federal question."). Similarly, here there is no construction of federal law required to determine the validity or invalidity of the Plaintiffs' claims.

[3] There is a distinction in removal cases between those in which the payment of federal funds hinges on the outcome of the state law dispute, and cases where only private litigant funds are at issue, even though the claims relate to a federal program. The latter do not create federal removal jurisdiction. Landry v. State Farm Fire and Casualty Co., 428 F.Supp.2d 531, 535 (E.D. La. 2006) (remanding state law claims against insurance company and agent writing policies for National Flood Insurance Program).

[4] Grable and Sons Metal Products, Inc. v. Darue Engineering and Manufacturing, 545 U.S. 308 (2005).

present, federal courts should not exercise jurisdiction if it would disturb the "balance of federal and state judicial responsibilities".[5]

In this case, no federal law need be applied to resolve the outcome of the state law contract issues presented in the petition.  The resolution of the breach of contract claims does not "necessarily turn on some construction of federal law" sufficient to support "arising under" jurisdiction.  Bernhard v. Whitney National Bank, 523 F.3d 546, 551 (5th Cir. 2008).

**3. This case will not "undermine" the BP settlement program, and the existence of that program does not create federal removal jurisdiction.**

The outcome of this action will impact only the litigants. Its resolution will not reduce the BP settlement fund, nor impact or interfere with any other class members' claims.  The Plaintiffs are seeking to preserve the status quo where that fund is concerned, pending the resolution of their claims. They are not attempting to assert claims against BP or any other settling party that would undermine or collaterally attack the settlement agreement.

It is important to note that even if the Plaintiffs' state court claims <u>are</u> characterized (or mischaracterized) as an impermissible collateral attack on the administration of the BP settlement program, that would still not support federal <u>removal</u> jurisdiction.  Because federal removal jurisdiction is a creature of statute and is strictly construed and confined within the precise jurisdictional language of the authorizing

---

[5]   Id. at 314.

statute, the Court is required to remand even state law claims that are in clear violation of a federal class action settlement court's orders.[6]

The Defendants' assertion of supplemental jurisdiction is also unavailing. Supplemental or ancillary jurisdiction is not original jurisdiction, and therefore "cannot confer removal rights." [7] Cases involving an impact on "the timely and successful implementation of [a] settlement agreement" are not subject to removal because "although the federal court had retained jurisdiction over the settlement, the assertion of ancillary jurisdiction was to no avail since there was no original federal jurisdiction over the state suit".[8]

## Conclusion

There is no serious question of federal law here, and none which affects the merits of the dispute. The federal "issue"—the timing of a potential settlement payment and the party designated to receive it—is collateral and ancillary to the state law merits, and dependent on the resolution of those merits; not the other way around. Because there is

---

[6] Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32-4 (2002). There, the plaintiff filed a Louisiana state court action despite the fact that the claims appeared to be clearly barred by the *res judicata* effect of an earlier federal class action settlement in Alabama. The Supreme Court nonetheless held that although the defendant may have had other remedies, removal of the case to federal court was not one of them.

[7] Chisesi v. Chisesi, 2010 WL 1462268 (E.D. La. 4/8/10), p. 3.

[8] Hornung v. City of Oakland, 2006 WL 279337, at pp. 2-3 (N.D. Calif. 2006). See also Kirkland v. Rolle, 2011 WL 5044200 (S.D. NY 2011) (remanding case where removing defendant alleged that the case threatened the "orderly process of [litigation] pending in federal court").

no federal removal jurisdiction, the Court should remand the case and award fees and expenses to Plaintiffs to the extent provided by law.

                            Respectfully submitted,

                            JAMES F. GASQUET, III, Bar #26294
                            LAW OFFICE OF JAMES F. GASQUET, III
                            A LIMITED LIABILITY COMPANY
                            129 Chancellor Drive
                            Belle Chasse, Louisiana   70037
                            Telephone:   504-394-5584
                            Facsimile:   504-394-5166
                            Email:       jgasquet3@bellsouth.net

                    By:   /s/James F. Gasquet, III
                           James F. Gasquet, III

## Certificate of Service

     I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of August, 2012.


                            /s/James F. Gasquet, III
                            James F. Gasquet, III


X:\Docs\4136.04 (Slavick v. Bigunac)\PLDGS\MEMO IN SUPPORT OF MTN TO REMAND.doc