IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL No. 2179 |
| | * | Section: J |
| Applies to: All Cases | * * | Honorable Carl Barbier |
| | * | Magistrate Judge Shushan |

-------------------------------------------------------------------------------------------------------------

**MOTION FOR ENLARGEMENT OF TIME TO FILE OBJECTIONS
TO DEEPWATER HORIZON SETTLEMENT AGREEMENT TO
SEPTEMBER 7, 2012**

**NOW INTO COURT** come Plaintiffs Prashiela Enterprises, LLC; Satya, Inc.; Impact Properties II LLC; JJB Inc.; Radhey, Inc.; Shanta, LLC; JMKVN LLC; Anjani Hospitality, LLC; Sweta Inc.; OVS Investment Inc.; Sree Inc.; MPJR Inc.; Pine Inn Inc.; Shivani, Inc.; Dhruv, LLC; Shri Sairang Inc.; Mahalaxmi Enterprises Inc.,[1] and Unnamed Objectors 1-700, (herein thereafter "Plaintiffs") through undersigned counsel (hereinafter "Farrell & Patel" or "Firm"), who submit this Motion For Enlargement Of Time To File Objections to Deepwater Horizon Settlement Agreement to September 7, 2012.  In support, Plaintiffs set forth the following reasons as follows:

1.	The Court ordered that all objections to the Deepwater Horizon Economic and Property Damages Settlement be filed with the Court by August 31, 2012.[2]

2.	Farrell & Patel has worked consistently and diligently to prepare and file objections with the Court by this deadline.

---

[1] Plaintiffs filed Short Form Joinders thereby subjecting themselves to the jurisdiction of the Court and constituting undersigned counsel's Notice of Appearance on behalf of Wesley J. Farrell and Farrell & Patel.
[2] Preliminary Approval Order (Doc. No. 6418, 5/02/12)

1

3. However, the creation of the Objections and necessary exchange of documents and information with clients and co-counsel in pursuit of this objective have been substantially interrupted due to Hurricane Isaac (hereafter sometimes "Storm") and its impact.

4. On Monday, August 27, 2012, the Court announced that electronic filing would cease, the Court and Clerk's Office would be closed, and deadlines would be suspended until the Court reopened. Ex. A. The reopening was scheduled for Thursday, August 30, 2012.[3] On August 29, 2012, the Court announced it would remain closed until Friday, August 31, 2012.

5. On Monday, August 27, 2012, this Firm through co-counsel attempted to file a substantively similar motion, by hand, with the Clerk's office. Ex. B. That motion was rejected for lack of an original signature which could not be provided as the Firm's personnel in Florida were preparing to evacuate for the Storm.

6. As a result of Hurricane Isaac, general states of emergency have been declared and orders to evacuate along the Florida, Alabama, Mississippi and Louisiana coasts have been issued.

7. On August 27, 2012, Tropical Storm Isaac caused power outages, leaving 62,000 without power across southern Florida,[4] flooding, and other poor conditions, which disrupted the operations of this Firm's Miami, Florida offices.

8. The Firm's New Orleans, Louisiana offices were forced to close August 28, 29, and 30, 2012 in the wake of Hurricane Isaac's landfall in southeast Louisiana.

9. Southeast Louisiana, including the greater New Orleans area, has experienced widespread damage, flooding, and power outages that could take a week to restore.[5]

---

[3] General Order, 8/27/12. http://www.laed.uscourts.gov/ORDERClosureTropStormIsaac.pdf
[4] http://www.miamiherald.com/2012/08/27/2970134/more-than-60000-without-power.html
[5] http://www.wwltv.com/news/Entery-CEO-Bill-Mole-of-Hurricane-Isaac-New-Orleans-167867165.html

10. In Louisiana, major streets, highways, and thoroughfares, including Interstate 10, are impassable and are threatened to be closed for weeks.[6]

11. The Storm created multiple obstacles to the effective exchange of information and documents with certain Objectors in the wake of the storm.

12. The Storm not only disrupted the Firms' operations, but also impeded the ability of the Firm to effectively communicate and exchange information with the Objectors regarding their Declarations and Objections.

13. Isaac has wrought havoc upon the Gulf of Mexico states; hereby interfering with the proper and final preparation and execution of necessary documents and pleadings by the Firm.

14. Consequently, proper logistics imposed on objectors and cooperation with co-counsel in these states has been difficult if not impossible before the August 31, 2012 deadline.

## STATEMENT OF THE LAW

An order by the Court suspending deadlines constitutes a temporary halt to its running after which it will continue to run. *Mankowski v. United States,* 148 F.2d 143, 145 (5th Cir. 1945) ("Suspend means to interrupt, ... to discontinue temporarily but with expectation or purpose of resumption."); *Failla v. Dynasty Distribs., Inc.,* No. Civ.A. 06–16, 2006 WL 860969, at *4 n. 5 (E.D. La. Mar. 24, 2006); *LeBreton v. Rabito,* 714 So.2d 1226 (La. 1998). After termination of the suspension, the schedule may not be changed except for good cause shown. *Carroll v. Gusman*, No. Civ. A. 06–9031, 2009 WL 2949997, at 4 (E.D. La. Sept. 10, 2009) (Court held that Plaintiff's Complaint seeking damages under federal and state law arising from

---

[6] http://www.wdsu.com/weather/hurricanes/I-10-closed-as-water-rises-at-LaPlace/-/12848220/16409558/-/9h5hho/-/index.html

3

the conditions of his confinement at the time Hurricane Katrina struck New Orleans was entitled to suspension of the one-year deadline as ordered by the Court).

Under Federal Rule of Civil Procedure 6(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." At the same time, the Federal Rules provide that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." F.R.C.P. 6(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." *Alton Crain v. Texas Can*!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); *see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 2005 U.S.App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.").

The Fifth Circuit looks to four factors in considering whether the movant has established "good cause": (1) the explanation for the failure to comply with the deadlines; (2) the importance of the requested extension; (3) potential prejudice in allowing the extensions; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Nunez v. United States Postal Serv.*, 298 Fed. Appx. 316, 2008 WL 4726247, at *2 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline).

### ARGUMENT

Each of the four factors weighs heavily in favor of granting the Objectors' request for a moderate enlargement of time. First, as set forth above, notwithstanding counsel's diligence, factors beyond the control of counsel, namely Hurricane Isaac, have impeded the ability to

complete important tasks associated with the objections. The breadth of the Storm, which impacted four states and required evacuations in New Orleans, was such that the Firm's reasonable protections could not overcome issues such as lack of power, lack of internet service, failing cell phone service, and inability to communicate with clients.

Second, the requested extension is of great importance because the multi-billion dollar Settlement Agreement, if approved, will forever foreclose and otherwise determine the rights of hundreds of the Firm's clients who are unnamed class members. The modest extension serves the interests of the Objectors by allowing them to finalize and submit their Objections to this important issue, and the interests of the Court, by facilitating a full and fair airing of the issues important to its determination of whether or not to approve of the Settlement, the putative class, and the attorneys' fees. Objectors' counsel has been diligent in their efforts to adequately prepare and file objections and corresponding declarations for Objectors with the Court by the August 31, 2012 deadline.

Third, in light of the fact that the fairness hearing is scheduled for November, a modest four (4) day extension to September 7, 2012 (Labor Day is of course a holiday), would create no risk of prejudice to any of the parties involved. As the Court was itself closed for three days, and electronic filing was ceased for an additional half day, thereby suspending all deadlines during this time period, a modest extension would seem to be equitable, and certainly unprejudicial.

Lastly, for the same reasons here discussed, it is within this Court's power and discretion to allow a modest extension until September 7, 2012. In light of the obstacles encountered by the undersigned counsel's Firm, the closure of the Court and clerk's office, and the absence of prejudice to any party, Plaintiffs' respectfully request that his motion be granted.

## **CONCLUSION**

**WHEREFORE**, the premises considered, the undersigned respectfully prays for an order extending the time to file and submit objections until and including Friday, September 7, 2012. If this motion cannot be ruled upon for the above or any other reason the undersigned requests that the Court enter an appropriate order Nunc Pro Tunc granting the prayed for relief.

Respectfully submitted, this 31st day of August, 2012.

_/s/_____
**Wesley J. Farrell**, FL Bar No. 71785
**Sarah Spigener,** La Bar No. 31975
FARRELL & PATEL, ATTORNEYS AT LAW
1425 Brickell Ave., Suite 58C
Miami, FL 33178
Phone: (305) 798-4177
Fax:1-800-946-6711
Plaintiffs' Counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 31, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Sarah E.  Spigener, Esq.