IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL No. 2179 |
| | * | Section: J |
| Applies to: All Cases | * * | Honorable Carl Barbier |
| | * * | Magistrate Judge Shushan |

-------------------------------------------------------------------------------------------------------------------

**EMERGENCY EX PARTE MOTION FOR ENLARGEMENT OF TIME TO FILE OBJECTIONS AND SUPPORTING DOCUMENTS TO DEEPWATER HORIZON SETTLEMENT AGREEMENT AT LEAST UNTIL AND INCLUDING SEPTEMBER 7, 2012**

**NOW INTO COURT** come Proposed Objectors MRI, LLC and Dauphin Island Property Owners Association, (herein thereafter "Objectors") through their undersigned counsel, and submit their Emergency Ex Parte Motion For Enlargement Of Time To File Objections and Supporting Documents to Deepwater Horizon Settlement Agreement At Least Until and Including September 7, 2012. In support and as grounds therefore, Objectors attach hereto and incorporate by reference herein a memorandum which is Exhibit "B" and state as follows:

1. On Tuesday, August 27, 2012, the undersigned counsel of record attempted to file the Ex Parte Motion to Enlarge/Extend Time to File Objections (see Exhibit A which is attached hereto and incorporated by reference herein), at approximately 4:30 p.m. before the closing of the clerk's office and under emergency and rushed conditions associated with then Tropical Storm Isaac. The clerk's office was open but the electronic filing system was, upon information and belief, shut down. Although this motion bore a proper electronic signature, the clerk would not accept the pleading because it lacked an original signature.

**EMERGENCY EX PARTE MOTION FOR ENLARGEMENT OF TIME**

2.      As anticipated in Exhibit A, Tropical Storm Isaac evolved into a hurricane impacting vast areas of coastal Louisiana, Mississippi, Alabama, and Florida.  These objectors and their counsel operate in or around coastal Alabama, specifically but not limited to barrier Dauphin Island, Mobile Bay and Gulf Shores.

3.      As anticipated, weather related issues such as power outages, flooding, and other poor conditions disrupted travel, office functions, and mail/private express service thereby interfering with the proper and final preparation of execution necessary documents and pleadings.  These problems persist.

4.      As of the drafting of this Motion, the undersigned has been informed by official Court notice that it "intends" to remain closed through Thursday, August 30, 2012 and hopes to reopen Friday August 31, 2012, the current due date for objections and supporting documents.  The undersigned has received no notice as to when the electronic filing system will be reopened but is monitoring the same and intends to file this Motion as soon as it is so informed.

5.      The undersigned is informed thru communication with various co-counsel that at least one liaison class counsel has indicated that in discussions with the Court he anticipates that the current deadline will be extended for at least a like period of Court and electronic filing system closings.  In fact, liaison counsel has further opined that he does not believe a one week extension is unreasonable.  Of course, that time is uncertain and dependent upon the reopening of the same. Assuming this communication is correct and the Court enters an appropriate order the undersigned understands the new deadline to be AT LEAST until and including Tuesday, September 4, 2012 (Monday being a Federal holiday).

6.  Notwithstanding paragraph 5, the undersigned submits that given the unknowable and unpredictable post hurricane conditions, logistical issues make more practical an extension until and including Friday, September 7, 2012.

7.  Objections play a valuable role in the overall process of ensuring that class action settlements are fair, reasonable and adequate. No party can claim serious prejudice by, under the current circumstances, not extending the subject deadline. In fact, it is respectfully submitted that failure to do so potentially prejudices millions of absent class members from at least four Gulf Coast states.

8.  Under Federal Rule of Civil Procedure 6 and principles of equity the Court can extend deadlines for good cause shown.

**WHEREFORE**, the premises considered, the undersigned respectfully prays for an order extending the time to file and submit objections and supporting documents until and including Friday, September 7, 2012 (or in the event of like or similar motions filed by other objectors, the latest date granted by the Court). If this motion cannot be ruled upon before the current due date for the above or any other reason the undersigned requests that the Court enter an appropriate order Nunc Pro Tunc granting the prayed for relief consistent with Federal Rule of Civil Procedure 6 and equity.

This <u>31th </u>day of <u>August, 2012</u>.


Respectfully submitted,


_/s/_____
**Frederick T. Kuykendall, III**
AL Bar No. ASB4462A59F
Federal Bar No.: KUYF4462
KUYKENDALL & ASSOCIATES, LLC
2013 1st Avenue North, Suite 450
Birmingham, AL 35203
Phone: (205) 453-0060
Fax: (205) 453-0042
Plaintiffs' Counsel

CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Emergency Ex Parte Motion for Enlargement of Time to File Objections and Documents to Deepwater Horizon Settlement Agreement Until and Including September 7, 2012.  Has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31th day of August, 2012.


_/s/_____
**Frederick T. Kuykendall, III**
AL Bar No. ASB4462A59F
Federal Bar No.: KUYF4462
KUYKENDALL & ASSOCIATES, LLC
2013 1st Avenue North, Suite 450
Birmingham, AL 35203
Phone: (205) 453-0060
Fax: (205) 453-0042
Plaintiffs' Counsel

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Settlement of the Economic and Property Damages Classes Oil Spill Litigation related to the "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010**  **Actions in B1 Pleading Bundle, and 12-970,** *Bon Secour Fisheries, Inc. et al. v. BP Exploration & Production Inc., et al.* **(REF:  10-7777)** | **MDL No. 2179**  **DOCKET NO: 12-968**  **JUDGE BARBIER MAGISTRATE SHUSHAN**  **OMNIBUS OBJECTION TO DEEPWATER HORIZON SETTLEMENT AGREEMENT** |

### *EX PARTE* MOTION TO ENLARGE/EXTEND TIME TO FILE OBJECTIONS

NOW INTO COURT, comes the undersigned counsel of record for MRI, LLC and Dauphin Island Property Owners Association (herein after "proposed objectors") and says as follows:

1.  Final decisions and proper preparation of objections and other supporting documents contemplated by various Court orders have been substantially interrupted by due to a variety of issues surrounding now Tropical Storm Isaac and estimated soon to be Hurricane Isaac (hereafter "Storm"). These include, but are not limited to:

A. Certain Alabama coastal objectors' and counsel's unanticipated emergency preparation for the storm has prevented and will most likely interfere with the proper

1

and final preparation and execution of necessary documents and pleadings before the August 31, 2012, deadline,

B. Notice that various Court filing systems have been "shut down," the Court itself is, upon information and belief, to be closed and general states of emergency and orders to evacuate have been issued from the Florida, Alabama, Mississippi and Louisiana Coast have issued thus making proper logistics imposed on objectors difficult if not impossible before the August 31, 2012 deadline;

C. Counsel has received, after consultation/inquiry with Class/Liaison Counsel that he does not think such a request unreasonable and further that such a request would not be denied;

D. With the fairness hearing set months away, there can be no serious argument that the requested enlargement/extension is prejudicial to any party.
E. F.R.P.C 6 (b) clearly allows the Court to extend the deadline for good cause.

Wherefore, the premises considered and good cause shown, the undersigned respectfully prays for an order extending the time to file and submit objections until and including, Friday, September 7, 2012.  If this motion cannot be ruled upon for the above or any other reason the undersigned requests that the Court enter an appropriate order *Nunc Pro Tunc* granting the prayed for relief.

Respectfully submitted,

/s/  Frederick T. Kuykendall, III
Frederick T. Kuykendall, III
ASBN 4462A59F
Kuykendall & Associates, LLC
2013 1st Avenue North, Ste 450
Birmingham, AL 35203
Telephone: (205) 453-0060
Fax: (205) 453-0042
ftkuykendall@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2012, the foregoing document was hand filed with the Clerk of Court.

/s/ Frederick T. Kuykendall, III
Frederick T. Kuykendall, III

**EXHIBIT B**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010** | * * * * | **MDL No. 2179** |
| | * | **Section: J** |
| **Applies to: All Cases** | * | |
| | * | **Honorable Carl Barbier** |
| | * | |
| | * | **Magistrate Judge Shushan** |

---

**MEMORANDUM IN SUPPORT OF EMERGENCY EX PARTE MOTION FOR ENLARGEMENT OF TIME TO FILE OBJECTIONS AND DOCUMENTS TO DEEPWATER HORIZON SETTLEMENT AGREEMENT UNTIL AND INCLUDING SEPTEMBER 7, 2012**

**NOW INTO COURT** come Proposed Objectors MRI, LLC and Dauphin Island Property Owners Association, (herein thereafter "Objectors") through undersigned counsel and submit this Memorandum in Support of Emergency Ex Parte Motion for Enlargement of Time to File Objections and Documents to Deepwater Horizon Settlement Agreement Until and Including September 7, 2012.  In support, Plaintiffs set forth the following reasons as follows:

1. The Court ordered that all objections to the Deepwater Horizon Economic and Property Damages Settlement be filed with the Court by August 31, 2012.[1]

2. Kuykendall & Associates, L.L.C. has worked consistently and diligently to prepare and file objections with the Court by this deadline.

---

[1] Preliminary Approval Order (Doc. No. 6418, 5/02/12)

3.     However, the creation of the Objections and exchange of documents and necessary exchange of documents and information with clients and co-counsel in pursuit of this objective have been substantially interrupted by due to Hurricane Isaac (hereafter sometimes "Storm") and its impact.

4.     On Monday, August 27, 2012, the Court announced that electronic filing would cease, the Court and Clerk's Office would be closed, and deadlines would be suspended until the Court reopened. The reopening was scheduled for Thursday, August 30, 2012.[2] On August 29, 2012, the Court announced it would remain closed until Friday, August 31, 2012.

5.     On Monday, August 27, 2012, this Firm through co-counsel attempted to file a substantively similar motion, by hand, with the Clerk's office. Ex. A. That motion was rejected for lack of an original signature which could not be provided as the Firm's personnel in Florida were preparing to evacuate for the Storm.

6.     As a result of Hurricane Isaac, general states of emergency have been declared and orders to evacuate along the Florida, Alabama, Mississippi and Louisiana coasts have been issued.

7.     On August 27, 2012, Tropical Storm Isaac caused power outages, flooding, and other poor conditions, which disrupted the operations of this Firm's Fairhope, Alabama offices. The Storm created multiple obstacles to the effective exchange of information and documents with certain Objectors in the wake of the storm.

8.     The Storm not only disrupted the Firms' operations, but also impeded the ability of the Firm to effectively communicate and exchange information with the Objectors regarding their Declarations and Objections.

---

[2] General Order, 8/27/12. http://www.laed.uscourts.gov/ORDERClosureTropStormIsaac.pdf

9. Isaac has wrought havoc upon the Gulf of Mexico states; hereby interfering with the proper and final preparation and execution of necessary documents and pleadings by the Firm.

10. Consequently, proper logistics imposed on objectors and cooperation with co-counsel in these states has been difficult if not impossible before the August 31, 2012 deadline.

## **STATEMENT OF THE LAW**

Under Federal Rule of Civil Procedure 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." At the same time, the Federal Rules provide that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." F.R.C.P. 6(b).

 "The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." *Alton Crain v. Texas Can!*, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); *see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 2005 U.S.App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.").

The Fifth Circuit looks to four factors in considering whether the movant has established "good cause": (1) the explanation for the failure to comply with the deadlines; (2) the importance of the requested extension; (3) potential prejudice in allowing the extensions; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Nunez v. United States Postal Serv.*, 298 Fed. Appx. 316, 2008 WL 4726247, at *2 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline).

## ARGUMENT

Each of the four factors weighs heavily in favor of granting the Objectors' request for a moderate enlargement of time. First, as set forth above, notwithstanding counsel's diligence, factors beyond the control of counsel, namely Hurricane Isaac, have impeded the ability to complete important tasks associated with the objections. The breadth of the Storm, which impacted four states and required evacuations in New Orleans, was such that the Firm's reasonable protections could not overcome issues such as lack of power, lack of internet service, failing cell phone service, and inability to communicate with clients.

Second, the requested extension is of great importance because the multi-billion dollar Settlement Agreement, if approved, will forever foreclose and otherwise determine the rights of hundreds of the Firm's clients who are unnamed class members. The modest extension serves the interests of the Objectors by allowing them to finalize and submit their Objections to this important issue, and the interests of the Court, by facilitating a full and fair airing of the issues important to its determination of whether or not to approve of the Settlement, the putative class, and the attorneys' fees. Objectors' counsel has been diligent in their efforts to adequately prepare and file objections and corresponding declarations for Objectors with the Court by the August 31, 2012 deadline.

Third, in light of the fact that the fairness hearing is scheduled for November, the modest extension prayed for herein (with Labor Day being a Federal holiday) would create no risk of prejudice to any of the parties involved. As the Court was itself closed for three days, and electronic filing was ceased for an additional half day, a modest extension is equitable, within the rules and create no prejudice.

Lastly, for the same reasons here discussed, it is within this Court's power and discretion to allow a modest extension until September 7, 2012. In light of the obstacles encountered by the undersigned counsel's Firm, the closure of the Court and clerk's office, and the absence of prejudice to any party, Objectors respectfully request that his motion be granted.

## CONCLUSION

**WHEREFORE**, the premises considered, the undersigned respectfully prays for an order extending the time to file and submit objections and supporting documents until and including Friday, September 7, 2012 (or in the event of like or similar motions filed by other objectors, the latest date granted by the Court). If this motion cannot be ruled upon before the current due date for the above or any other reason the undersigned requests that the Court enter an appropriate order Nunc Pro Tunc granting the prayed for relief consistent with Federal Rule of Civil Procedure 6 and equity

This 31th day of August, 2012.

Respectfully submitted,

_/s/_____
**Frederick T. Kuykendall, III**
AL Bar No. ASB4462A59F
Federal Bar No.: KUYF4462
KUYKENDALL & ASSOCIATES, LLC
2013 1st Avenue North, Suite 450
Birmingham, AL 35203
Phone: (205) 453-0060
Fax: (205) 453-0042
Plaintiffs' Counsel