UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG     MDL No.: 2179
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO ON APRIL 20, 2010     Section "J"

    Judge Barbier

This Document Pertains to
2:12-cv-009888     Magistrate Judge Shushan
2:12-cv-01295-CJB-SS
2:12-cv-02155
2:10-md-02179-CJB-SS
2:12-cv-02048
Unfiled Medical Benefits Class Members
Unfiled Economic and Property Damages
Class Members

## MEMORANDUM IN SUPPORT OF EMERGENCY EX PARTE MOTION FOR ENLARGEMENT OF TIME TO FILE OBJECTIONS AND DOCUMENTS TO DEEPWATER HORIZON SETTLEMENT AGREEMENT UNTIL AND INCLUDING SEPTEMBER 7, 2012

NOW INTO COURT come Economic and Property Damages Class Members and Medical Benefits Class Members listed in Exhibit "1" (herein thereafter "Plaintiffs") through undersigned counsel, who submit this Motion For Enlargement Of Time To File Objections to Deepwater Horizon Settlement Agreement to September 7, 2012. In support, Plaintiffs set forth the following reasons as follows:

1. The Court ordered that all objections to the Deepwater Horizon Economic and Property Damages Settlement be filed with the Court by August 31, 2012.[1]

---

[1] Preliminary Approval Order (Doc. No. 6418, 5/02/12)

2. SMITH STAG, L.L.C. has worked consistently and diligently to prepare and file objections with the Court by this deadline.

3. However, the creation of the Objections and exchange of documents and necessary exchange of documents and information with clients and co-counsel in pursuit of this objective have been substantially interrupted by due to Hurricane Isaac (hereafter sometimes "Storm") and its impact.

4. On Monday, August 27, 2012, the Court announced that electronic filing would cease, the Court and Clerk's Office would be closed, and deadlines would be suspended until the Court reopened. The reopening was scheduled for Thursday, August 30, 2012.[2] On August 29, 2012, the Court announced it would remain closed until Friday, August 31, 2012.

5. As a result of Hurricane Isaac, general states of emergency have been declared and orders to evacuate along the Florida, Alabama, Mississippi and Louisiana coasts have been issued.

6. On August 27, 2012, Tropical Storm Isaac caused power outages, flooding, and other poor conditions, which disrupted the operations of this Firm's Fairhope, Alabama offices. The Storm created multiple obstacles to the effective exchange of information and documents with certain Objectors in the wake of the storm.

7. The Storm not only disrupted the Firms' operations, but also impeded the ability of the Firm to effectively communicate and exchange information with the Objectors regarding their Declarations and Objections.

---

[2] General Order, 8/27/12. http://www.laed.uscourts.gov/ORDERClosureTropStormIsaac.pdf

8. Isaac has wrought havoc upon the Gulf of Mexico states; hereby interfering with the proper and final preparation and execution of necessary documents and pleadings by the Firm.

9. Consequently, proper logistics imposed on objectors and cooperation with co-counsel in these states has been difficult if not impossible before the August 31, 2012 deadline.

## STATEMENT OF THE LAW

Under Federal Rule of Civil Procedure 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." At the same time, the Federal Rules provide that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." F.R.C.P. 6(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." *Alton Crain v. Texas Can!*, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); *see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 2005 U.S.App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.").

The Fifth Circuit looks to four factors in considering whether the movant has established "good cause": (1) the explanation for the failure to comply with the deadlines; (2) the importance of the requested extension; (3) potential prejudice in allowing the extensions; and (4) the availability of a continuance to cure such prejudice. *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Nunez v. United States Postal Serv.*, 298 Fed. Appx. 316, 2008 WL 4726247, at *2 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline).

3

## ARGUMENT

Each of the four factors weighs heavily in favor of granting the Objectors' request for a moderate enlargement of time. First, as set forth above, notwithstanding counsel's diligence, factors beyond the control of counsel, namely Hurricane Isaac, have impeded the ability to complete important tasks associated with the objections. The breadth of the Storm, which impacted four states and required evacuations in New Orleans, was such that the Firm's reasonable protections could not overcome issues such as lack of power, lack of internet service, failing cell phone service, and inability to communicate with clients.

Second, the requested extension is of great importance because the multi-billion dollar Settlement Agreement, if approved, will forever foreclose and otherwise determine the rights of hundreds of the Firm's clients who are unnamed class members. The modest extension serves the interests of the Objectors by allowing them to finalize and submit their Objections to this important issue, and the interests of the Court, by facilitating a full and fair airing of the issues important to its determination of whether or not to approve of the Settlement, the putative class, and the attorneys' fees. Objectors' counsel has been diligent in their efforts to adequately prepare and file objections and corresponding declarations for Objectors with the Court by the August 31, 2012 deadline.

Third, in light of the fact that the fairness hearing is scheduled for November, a modest four (4) day extension to September 7, 2012 (Labor Day is of course a holiday), would create no risk of prejudice to any of the parties involved. As the Court was itself closed for three days, and electronic filing was ceased for an additional half day, a modest extension would seem to be equitable, and certainly unprejudicial.

Lastly, for the same reasons here discussed, it is within this Court's power and discretion to allow a modest extension until September 7, 2012. In light of the obstacles encountered by the undersigned counsel's Firm, the closure of the Court and clerk's office, and the absence of prejudice to any party, Objectors respectfully request that his motion be granted.

## CONCLUSION

**WHEREFORE**, the premises considered, the undersigned respectfully prays for an order extending the time to file and submit objections and supporting documents until and including Friday, September 7, 2012 (or in the event of like or similar motions filed by other objectors, the latest date granted by the Court). If this motion cannot be ruled upon before the current due date for the above or any other reason the undersigned requests that the Court enter an appropriate order Nunc Pro Tunc granting the prayed for relief consistent with Federal Rule of Civil Procedure 6 and equity

This 31st day of August, 2012.

        Respectfully submitted.

        SMITH STAG, LLC

        By: /s/ Stuart H. Smith

        Stuart H. Smith, Esquire
        ssmith@smithstag.com
        SMITH STAG, L.L.C.
        One Canal Place, Suite 2850
        365 Canal Street
        New Orleans, Louisiana 70130
        (504) 593-9600 telephone
        (504) 593-9601 facsimile

        and

        Robert J. McKee, Esquire
        Florida Bar Number: 972614

rmckee@krupnicklaw.com
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida 33301-3426
954-763-8181 telephone
954-763-8292 facsimile

*Attorneys for Economic and Property Damages Class Members and Medical Benefits Class Members*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum in Support of Emergency ex Parte Motion for Enlargement of Time to File Objections and Documents to Deepwater Horizon Settlement Agreement until and Including September 7, 2012, has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31st day of August 2012.

SMITH STAG, LLC

By: /s/ Stuart H. Smith

Stuart H. Smith, Esquire
ssmith@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana 70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

and

Robert J. McKee, Esquire
Florida Bar Number: 972614
rmckee@krupnicklaw.com
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida 33301-3426
954-763-8181 telephone
954-763-8292 facsimile

Attorneys for Economic and Property Damages Class Members and Medical Benefits Class Members