**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In Re: | * | **MDL NO. 2179** |
| **Oil Spill by the Oil Rig "Deepwater Horizon"** | * | |
| **in the Gulf of Mexico, on April 20, 2010** | * | |
| | * | **SECTION J** |
| | * | |
| **This document relates to all actions.** | * | |
| | * | **HONORABLE CARL J.** |
| | * | **BARBIER** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | **SHUSHAN** |

---

**OBJECTION TO PROPOSED SEAFOOD COMPENSATION PLAN**
**EXHIBIT 4(D), PROOF OF HOMEPORT IN GULF COAST AREA**
**OR PROOF SHRIMP LANDED IN GULF COAST AREA**
**AS DEFINED IN EXHIBIT 22.**

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE CARL J. BARBIER:

COME NOW, **(1) Snodgrass Brothers, Inc.** (GCCF Claimant Number 3346519,

Deepwater Horizon Settlement Program Claimant Number 100055645); **(2) La Reta, Inc.**

(GCCF Claimant Number 3346127, Deepwater Horizon Settlement Program Claimant Number

100055646); **(3) Emigdio Cruz** (GCCF Claimant Number 3401314, Deepwater Horizon

Settlement Program Claimant Number 100055643); and **(4) Those Similarly Situated**,

Claimants herein, and file this, their **OBJECTION TO PROPOSED SEAFOOD**

**COMPENSATION PLAN EXHIBIT 4(D), PROOF OF HOMEPORT IN GULF COAST AREA**

**OR PROOF SHRIMP LANDED IN GULF COAST AREA AS DEFINED IN EXHIBIT 22**.

## STATEMENT OF ADDRESS
## AND WRITTEN PROOF OF CLASS MEMBER

1.      **Snodgrass Brothers, Inc.** (GCCF Claimant Number 3346519, Deepwater Horizon Settlement Program Claimant Number 100055645); **(2) La Reta, Inc.** (GCCF Claimant Number 3346127, Deepwater Horizon Settlement Program Claimant Number 100055646); **(3) Emigdio Cruz** (GCCF Claimant Number 3401314, Deepwater Horizon Settlement Program Claimant Number 100055643); and **(4) Those Similarly Situated** are all direct short form participants in this litigation.   They are also participants in both the Gulf Coast Claims Facility (GCCF) and the Deepwater Horizon Settlement Program.   On file with the Administrator are all the required documents required to make a claim and are referenced herein as if fully attached.   If Counsel or this Honorable Court requires, these documents could be made an attachment to this objection and are referenced herein as if they were attached to demonstrate Claimants' eligibility to object as defined in 8.3.1 of the Amended Proposed Settlement Agreement.

## STATEMENT OF OBJECTION

2.      The above LISTED CLAIMANTS (ECONOMIC CLASS MEMBERS) and THOSE SIMILARLY SITUATED are all freezer vessels, owners or captains who fished in specified waters but whose homeport is Cameron County, Texas, a port in the Gulf Coast area, but outside the listed counties in the Gulf Coast Area Zone as defined by the Settlement Agreement Exhibit 22.   See, EXHIBIT 22.

3.      These vessels and over 50 others, (the majority of which have been paid under the Gulf Coast Claims Facility Administrator for these same types of loss) are

vessels that all shrimped in affected specified gulf waters and, in particular, the areas that were closed during the spill.   They have all suffered economic loss proven established under the Settlement Agreement guidelines.   The vessels fished and continue to fish in specified waters and waters adjacent to economic zones, as they are currently defined, exclusively during the time Texas season is closed and at other times during the year.

4.     The evidence that their catches come from specified gulf waters is overwhelming and undisputable.   For example, the Texas shrimping season in Year 2009 began on May 15, 2009 and extended nine miles out to sea and was matched by a federal authority closing extending out 200 miles.   See, attached Texas Parks and Wildlife news release.

5.     Accordingly, the shrimp caught by the ECONOMIC CLASS MEMBERS objecting herein and THOSE SIMILARLY SITUATED *during the Texas closure* by definition all came from affected waters, as Texas waters were closed.   Further Claimants' historical data from this timeframe demonstrates losses caused by the spill when compared with documents from the same timeframe but during other seasons.   These voluminous documents are attached to each Claimant's claim files with the Administrator and could be provided to the Court, if necessary.

6.     These freezer boats suffered a direct loss with causal connection to the spill just like those freezer boats from other Texas Ports in the gulf coast area like Galveston County.   It should make no difference what Texas county they are home ported in (Cameron County, Texas) or in what county they landed shrimp (Cameron County, Texas) because, just like the Galveston boats (which are within the

definition), all Texas waters out to 200 miles are closed so all shrimp caught during this time had to have come from affected waters.

7.      Further, fish catch data from the Department of Commerce, filed with these claims and in the possession of the Administrator, demonstrates historically where these vessels have caught shrimp.   The data confirms that their catch was in the gulf-specified waters year in and year out for this timeframe.

8.      Despite this and the name, "Gulf Coast Area," the Settlement Agreement definitions in EXHIBIT 4(D) and EXHIBIT 22 cut out Cameron County, Texas altogether. This is in direct contradiction to the practice of the Gulf Coast Claims Facility who paid the majority of similarly situated in port their losses as a result of the spill.   There are over 50 boats home ported in the Brownsville shrimp basin in Cameron County, Texas; to cut out the remaining claimants after having paid the majority of the fleet their losses is inequitable.

9.      Lastly, this homeport requirement as written is absolute.   This is inequitable when compared with the settlement for ECONOMIC LOSS BUSINESS CLAIMANTS who do not meet the Zone ABCD Requirement.   Those MEMBERS lose the presumption of causation but can still participate if they meet the causation tests set out in the Settlement Agreement.   See, EXHIBIT 6(III).   For example, a "Zone A" retailer in seafood distribution participates as long as Seventy-five Percent (75%) of the seafood comes from affected waters even if they are in Cameron County, Texas.

10.     An example of the inequity would be as follows:   Under the settlement as written, one of my client's vessels home ported in Cameron County, Texas could catch One Hundred Percent (100%) shrimp from affected waters and sell to a retailer in

Cameron County.   This could thereby make the retailer become a "Zone A" retailer and therefore, eligible to participate (i.e., due to where the shrimp was caught).   Yet the boat that sold the shrimp and had the same losses, would not fit the settlement definition of Gulf Coast area homeport and, therefore, not be allowed to participate.   This is unfair and a flaw in the agreement.

## **PRAYER**

11.    WHEREFORE, PREMISES CONSIDERED, Claimants **(1) Snodgrass Brothers, Inc.** (GCCF Claimant Number 3346519, Deepwater Horizon Settlement Program Claimant Number 100055645); **(2) La Reta, Inc.** (GCCF Claimant Number 3346127, Deepwater Horizon Settlement Program Claimant Number 100055646); and **(3) Emigdio Cruz** (GCCF Claimant Number 3401314, Deepwater Horizon Settlement Program Claimant Number 100055643); and **(4) Those Similarly Situated** pray this Honorable Court allow Cameron County, Texas home-ported vessels that fish for shrimp caught in affected waters to participate in the settlement to the extent they meet the other requirements of the settlement scheme.

Respectfully submitted,

**COUNSEL FOR CLAIMANTS,**
**Snodgrass Brothers, Inc.;**
**La Reta, Inc.;**
**Emigdio Cruz**
**and Those Similarly Situated:**

**LAW OFFICE OF CARY M TOLAND PC**
855 East Harrison Street
Brownsville, Texas 78520
Telephone:   (956) 544-4607
Fax:   (956) 541-2117
E-Mail Address:   cary@carytolandlaw.com


by:____/s/Cary M. Toland_____
          Cary M. Toland, Attorney-in-charge
          State Bar of Texas No. 00785112
          Federal I.D. No. 17558


## CERTIFICATE OF ELECTRONIC SERVICE

I certify that true and correct copies of **OBJECTION TO PROPOSED SEAFOOD COMPENSATION PLAN EXHIBIT 4(D), PROOF OF HOMEPORT IN GULF COAST AREA OR PROOF SHRIMP LANDED IN GULF COST AREA AS DEFINED IN EXHIBIT 22** were electronically served on August 31, 2012 to all those listed as receiving electronic service.


/s/Cary M. Toland_____
Cary M. Toland