UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL No.:  2179<br><br>Section "J"<br><br>Judge Barbier |
| This Document Relates to:  2:12-cv-01483<br>2:12-cv-01484<br>2:12-cv-01485<br>SD FL   4:12-cv-10070 and<br>Unfiled Medical Benefits Class Members and Unfiled Economic and Property Damages Class Members | Magistrate Judge Shushan |

**MEMORANDUM IN SUPPORT OF
EX PARTE MOTION FOR ENLARGEMENT OF TIME TO
FILE OBJECTIONS TO DEEPWATER HORIZON SETTLEMENT AGREEMENTS
UNTIL AND INCLUDING SEPTEMBER 7, 2012**

NOW INTO COURT come the Economic and Property Damages Class Members and Medical Benefits Class Members listed in Exhibit "1" (hereinafter Plaintiffs/Class Members/Objectors), by and through undersigned counsel (hereinafter "Firm"), who submit this Ex Parte Motion for Enlargement of Time to File Objections to Deepwater Horizon Settlement Agreements to September 7, 2012.  In support, Plaintiffs/Class Members/Objectors set forth the following reasons:

1. The Court ordered that all objections to the Deepwater Horizon Economic and Property Damages Class Action Settlement and the Medical Benefits Class Action

Settlement be filed with the Court by August 31, 2012.  (Preliminary Approval Orders, doc nos. 6418 and 6419.)

      2.      The undersigned have worked consistently and diligently to prepare and file Objections with the Court by this deadline.

      3.      However, the creation of the Objections, as well as the necessary exchange of supporting documents and information with clients have been substantially interrupted due to a variety of issues surrounding Hurricane Isaac and its impact.

      4.      Consequently, the havoc wrought by Hurricane Isaac has imposed certain logistics and has made it difficult if not impossible to comply with the Court's August 31, 2012, deadline.

      5.      Under Federal Rule of Civil Procedure 6(b), a court can extend a deadline for good cause.  The aforementioned weather conditions and disruptions constitute good cause.  With the Fairness Hearing set months away, there can be no serious argument that an enlargement is prejudicial.

## STATEMENT OF THE LAW

Under Federal Rule of Civil Procedure 16(b), "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  At the same time, the Federal Rules provide that "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."  F.R.C.P. 6(b).

"The 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." *Alton Crain v. Texas Can!*, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); *see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 2005 U.S.App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment.").

The Fifth Circuit looks to four factors in considering whether the movant has established "good cause:"   (1) the explanation for the failure to comply with the deadlines; (2) the importance of the requested extension; (3) potential prejudice in allowing the extensions; and (4) the availability of a continuance to cure such prejudice.  *S & W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003);  *Nunez v. United States Postal Serv.*, 298 Fed. Appx. 316, 2008 WL 4726247, at *2 (5th Cir. 2008) (district court did not abuse discretion in denying leave to designate experts beyond the scheduling order deadline).

**ARGUMENT**

Each of the four factors weighs heavily in favor of granting the request for a moderate enlargement of time.  First, as set forth above, notwithstanding counsel's diligence, factors beyond the control of counsel, namely Hurricane Isaac, have impeded the ability to complete important tasks associated with the objections.  The breadth of the hurricane, which impacted four states and required evacuations in New Orleans, was such that the reasonable protections could not overcome issues such as lack of power, lack of internet service, failing cell phone service, and inability to communicate with clients.

Second, the requested extension is of great importance because the multi-billion dollar Settlement Agreements, if approved, will forever foreclose and otherwise determine the rights of hundreds of the Firm's clients who are unnamed class members.  The modest extension serves the interests of the Objectors by allowing them to finalize and submit their Objections to this important issue, and the interests of the Court, by facilitating a full and fair airing of the issues important to its determination of whether or not to approve the Settlements, the putative class, and the attorneys' fees.  Objectors' counsel has been diligent in their efforts to adequately prepare and file objections and corresponding declarations for Objectors with the Court by the August 31, 2012 deadline.

Third, in light of the fact that the Fairness Hearing is scheduled for November, a modest four-day extension to September 7, 2012 (Labor Day is of course a holiday), would create no risk of prejudice to any of the parties involved.  As the Court was itself closed for three days, and electronic filing was ceased for an additional half day, a modest extension would seem to be equitable, and certainly unprejudicial.

Lastly, for the same reasons here discussed, it is within this Court's power and discretion to allow a modest extension until September 7, 2012.  In light of the obstacles encountered by the undersigned counsel's Firm, the closure of the Court and Clerk's office, and the absence of prejudice to any party, Objectors respectfully request that his motion be granted.

## CONCLUSION

WHEREFORE, the premises considered, the undersigned respectfully prays for an order extending the time to file and submit objections and supporting documents until and including Friday, September 7, 2012 (or in the event of like or similar motions filed by other objectors, the latest date granted by the Court).  If this motion cannot be ruled upon before the current due date for the above or any other reason, the undersigned requests that the Court enter an appropriate order *nunc pro tunc* granting the prayed-for relief consistent with  Federal Rule of Civil Procedure 6 and equity.

DATED on this 31st day of August 2012.

Respectfully submitted.


      KRUPNICK, CAMPBELL, MALONE,
      BUSER, SLAMA, HANCOCK,
      LIBERMAN & McKEE, P.A.


      By:  /s/    Robert J. McKee

      Robert J. McKee, Esquire
      Florida Bar Number:  972614
      rmckee@krupnicklaw.com
      12 Southeast Seventh Street, Suite 801
      Fort Lauderdale, Florida  33301-3426
      954-763-8181 telephone
      954-763-8292 facsimile

      and

                                      Stuart H. Smith, Esquire
ssmith@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana  70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

*Attorneys for Economic and Property Damages Class Members and Medical Benefits Class Members*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Memorandum in Support of Ex Parte Motion for Enlargement of Time to File Objections to Deepwater Horizon Settlement Agreements to September 7, 2012, has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 31st day of August 2012.

KRUPNICK, CAMPBELL, MALONE,
BUSER, SLAMA, HANCOCK,
LIBERMAN & McKEE, P.A.

By: /s/   Robert J. McKee

Robert J. McKee, Esquire
Florida Bar Number:  972614
rmckee@krupnicklaw.com
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida  33301-3426
954-763-8181 telephone
954-763-8292 facsimile

and

Stuart H. Smith, Esquire
ssmith@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana  70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

*Attorneys for Economic and Property Damages Class Members and Medical Benefits Class Members*