UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Pleading Relates To ALL ACTIONS | MDL No. 2179<br>SECTION: J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

### THE STATE OF ALABAMA'S RESPONSE TO BP'S MEMO IN SUPPORT OF FINAL APPROVAL

The State of Alabama is not a party to the proposed Economic and Property Damages Settlement or the Medical Benefits Settlement. We therefore do not comment upon their fairness or object to their final approval.

The State of Alabama is, however, a Plaintiff in MDL 2179 with outstanding claims against BP. We therefore have a great interest in BP's one-sided commentary on the factual and legal issues that we intend to try against BP at the January 14, 2013 trial and how this Court responds to BP's arguments in its fairness ruling.

Alabama files this response for two reasons. First, in the interests of the non-settling Plaintiffs, we respectfully ask this Court not to include any factual findings, and to minimize any commentary on the factual evidence, regarding BP's liability to the Plaintiffs for compensatory and/or punitive damages. Second, we expressly reserve our right to rebut BP's factual and legal commentary at the appropriate time(s).

1

## BP'S LIABILITY: A ONE-SIDED STORY

1. *The Reed Factors*:  We appreciate the Court's duty to weigh the "probability of plaintiffs' success on the merits" and their "range of possible recovery" as part of its fairness inquiry, *Reed v. Gen. Motors Corp.*, 703 F.2d 170 (5th Cir. 1983), and thus the settling parties' ability to comment on these factors.  What we do not appreciate is BP's manipulation of these *Reed* factors, which favor minimizing the Plaintiffs' case, to try its case in motion papers to which BP claims that the non-settling Plaintiffs cannot object.

Citing these *Reed* factors, BP claims that "[a]t any Limitation and Liability Trial, the record evidence—based upon the extensive pre-trial discovery and expert reports—would establish the following," Doc. 7114-1 at 57, and then tells its 18-page tale, backed by cherry-picked depo cuts and caselaw.  *Id.* at 57-76.  Class counsel understandably offers none of the overwhelming evidence against BP to balance the story.  *See* Doc. 7101-2 (Plaintiffs' memorandum in support).

As a Plaintiff in the pending Limitation and Liability Trial, Alabama rejects BP's version of what the law and facts "would establish."  *Id.*  BP is flat wrong on many things, perhaps none more so than its assertion that "at any trial, BP would establish that its conduct did not constitute gross negligence or willful misconduct."  *Id.* at 63.

2. *BP's Punitive Conduct*:  We submit that the Phase One evidence, as outlined in the United States' response to BP's Memo, will definitively prove that BP acted with gross negligence and/or with willful misconduct leading up to the blowout.  We do not duplicate the United States' outline here.

We do note, however, that BP ignores the Plaintiffs' Phase Two punitive claims, for which discovery is still ongoing. The Collective Plaintiffs intend to prove that, due to gross negligence, BP was wholly unprepared to respond to the known risks of a subsea blowout.[1] We also intend to prove that BP represented to the federal government and the public that the flow rate was 5,000 bpd, while having knowledge that the flow rate was *significantly* higher. At the same time, BP proceeded with the "top kill" method, even though BP knew that (a) a top kill risked well integrity and thus further delay or permanent damage, (b) a top kill would be unsuccessful at 15,000 bpd or greater, and (c) the flow rate was far greater than 15,000 bpd.[2] We intend to prove that BP's ordering of the risky top kill, which BP knew was predestined to fail, amounted to willful misconduct that delayed the capping of the well by several weeks—weeks in which an additional 1+ million barrels of oil unnecessarily entered the Gulf.

3. That said, our goal is not to have the Court to agree with our vision of the case, at least not at this time. In a fairness ruling, the Court cannot choose either side's opinion of what the law or evidence would establish. *See Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981) (internal citation omitted) ("[c]ourts judge the fairness of a proposed compromise by weighing the plaintiff's likelihood of success on the merits

---

[1] BP has admitted that it spent $0 researching, testing, designing, building, or planning any of these source control methods for a subsea deepwater blowout before April 20, 2010: 2-ram capping stack, 3-ram capping stack, BOP-on-BOP, cofferdam, top hat, top kill, junk shot, and riser insertion tube tool. *See* BP Parties' Responses and Objections to Plaintiffs' Requests for Admission to the BP Defendants, served on Aug. 21, 2012.

[2] In fact, we intend to prove that the contractors performing the Top Kill told BP that the flow rate was at least 30,000 bpd, and BP approved the use of the 30,000 bpd assumption in preparing for the top kill. BP still ordered the Top Kill to proceed—without telling its contractors that the task had no chance of success above 15,000 bpd, thereby risking the contractors' lives and the well's integrity with zero benefit.

against the amount and form of the relief offered in the settlement, [t]hey do not decide the merits of the case or resolve unsettled legal questions").

Instead, we believe that the Court can follow *Reed's* commands while minimizing its commentary on the factual case against BP based on its fiduciary role.  As BP correctly notes, the Court's fiduciary duty here is to the class, *see* Doc. 7114-1 at 56, and the Court judges the likelihood of success and potential recovery to ensure that the class is not receiving *too little* in relation to the strength of its case against BP.  (Receiving too much, of course, is not against the class' interest.)

Commenting on the factual strength of the Plaintiffs' compensatory case against BP is unnecessary here, as the settlement requires BP to pay individual class members the entirety of their provable damages.  No class Plaintiff could try this case and get more than 100% of his or her actual damages from BP, regardless of how weak or strong BP's defenses are.  This fact alone renders it unnecessary for the Court to comment on any of BP's factual and legal arguments regarding its co-defendants' conduct, superseding causes, and/or divisible liability.  *See id.* at 57-63.

As for punitive damages, there are ways to comply with *Reed* while minimizing commentary on the factual evidence, and certainly without adopting or favorably reciting BP's version of the facts.  For starters, while we agree with this Court's ruling, BP notes that the viability of punitive damage claims under maritime law is an issue of first impression in this circuit, and that issue is subject to appellate review.  *See* Doc. 7114-1 at 67-68.   While we do not comment on their magnitude, BP rightly notes that the

settlement includes "RTP payments" that serve as a "surrogate" for punitive damages, among other things. *Id.* at 68; *see also* Doc. 6276-33 (RTP chart).

All cases in which factual allegations must be proved to a heightened standard such as "gross negligence" or "willful misconduct" involve a risk of failing to meet that standard. The risk is heightened when the Court of Appeals has not definitively ruled whether the class' punitive damage claim is viable, even if gross negligence or willful misconduct is proved. As a result, the Court need not favorably recount BP's factual defense to establish that the class' receipt of RTP's as a surrogate for punitive damages is fair and reasonable. The Court's factual commentary should come only after the non-settling Plaintiffs have presented their case at the January 14, 2013 trial.

### RESERVATION OF RIGHTS

By filing this response, or by omitting any particular subject from this response, or by not objecting to the settlement, Alabama does not waive its right to object to or otherwise oppose any statement or argument made by BP in any document related to the proposed settlements.

BP contends that States have no standing to object to the settlements because States are not a party to the settlements. *See* July 25, 2012 Letter from Richard C. Godfrey to Judge Shushan at 4-6. We hold BP to that position, which should prevent BP from asserting that the failure to respond to any arguments BP makes during the settlement process equals waiver or abandonment, or that any statement or ruling made by this Court regarding the settlement becomes law of the case and/or binds Alabama.

5

## CONCLUSION

In the interests of the non-settling Plaintiffs, Alabama respectfully requests this Court not to include any factual findings, and to minimize any commentary on the factual evidence, regarding BP's liability to the putative class for compensatory and/or punitive damages. Alabama also reserves its right to oppose any factual or legal arguments made by BP in relation to the proposed settlements at the appropriate time.

Respectfully Submitted,

LUTHER J. STRANGE
 *Attorney General*

/s/ Corey L. Maze                    .
COREY L. MAZE
 *Special Deputy Attorney General*

WINFIELD J. SINCLAIR
 *Assistant Attorney General*

Office of the Attorney General
501 Washington Avenue
Montgomery, AL 36130

Phone:  (334) 242-7300
Fax:    (334) 242-4891

Email: lstrange@ago.state.al.us
        cmaze@ago.state.al.us

Attorneys for the State of Alabama

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on **August 31, 2012**.

       /s/ Corey L. Maze       .
       COREY L. MAZE
       *Special Deputy Attorney General, State of Alabama*