

SUTHERLAND ASBILL & BRENNAN LLP
1001 Fannin, Suite 3700
Houston, Texas 77002
713.470.6100  Fax 713.654.1301
www.sutherland.com

August 7, 2012

**VIA ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
U.S. District Court for the Eastern
District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

      Re:    MDL 2179:  Allocation of Deposition Time

Dear Judge Shushan:

      Attached is Transocean's response to the PSC's proposal for allocating time among the parties for Phase II depositions.  The PSC proposes that Transocean be allocated 25-30 minutes per deposition, while the PSC—having announced at a recent Working Group Conference that it did not require further Phase II discovery—would receive as much as 215 minutes.  Transocean objects to the PSC proposal and offers its own proposal for time allocation.

      The PSC's allocation scheme presupposes that Transocean is aligned with the PSC, the United States, and/or BP with respect to Phase II issues.  Thus, for BP quantification deponents, the PSC allocates a full 285 minutes to the United States, but just 25 minutes to Transocean; for BP source control deponents, the PSC receives 215 minutes but only gives 30 minutes to Transocean; and for United States quantification deponents, BP receives 285 minutes while Transocean only has 25 minutes.

      The PSC's premise is incorrect—Transocean's interests with respect to Phase II differ from and are adverse to those of the PSC, the United States, and BP.  Due to the proposed settlement between the PSC and BP, the PSC may have an interest in minimizing BP's liability with respect to source control decision making.  Likewise, the PSC has no interest in attributing fault to the United States.  In stark contrast, Transocean intends to explore in deposition whether BP and/or the United States made source control decisions that lengthened the period during which oil flowed from Macondo.

      Transocean's interests in Phase II depositions also differ from those of the United States.  Transocean intends to show that it was excluded from source control decision-making, a fact relevant to Transocean's relative fault, to the issue of whether it was an "operator" of the well for purposes of Clean Water Act civil penalties, and to the amount of such penalties.  Moreover, it will pursue evidence that the United States' own decisions and lack of oversight of BP with respect to source control contributed to the length of time oil flowed from the well.  In each of these respects, the United States' interests are directly adverse to those of Transocean.

18885328.1

The Honorable Sally Shushan
August 7, 2012
Page 2

  Finally, Transocean and BP's interests squarely conflict with respect to source control and quantification issues. Transocean has an interest in obtaining evidence that BP made negligent source control decisions and, relatedly, understated or failed to disclose the flow rate at a time that BP and the United States were adopting source control options that depended on the flow rates being lower than BP's internally calculated flow rate estimates. BP plainly has no interest in such evidence being uncovered.

  In sum, Transocean cannot depend upon the PSC, the United States, or BP to protect its interests during Phase II depositions. We look forward to discussing these proposed allocations with Your Honor and the other parties at this week's status conference.

            Sincerely,

            */s/ David A. Baay*


            David A. Baay

18885328.1