

SCOTT C. BARNES
AMANDA S. BARR
BRIAN H. BARR
M. ROBERT BLANCHARD
BRANDON L. BOGLE
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
MEREDITH R. DURHAM
    (LICENSED ONLY IN LA)
RACHAEL R. GILMER
JAMES L. KAUFFMAN

KIMBERLY R. LAMBERT
FREDRIC G. LEVIN
MARTIN H. LEVIN
ROBERT M. LOEHR
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
K. LEA MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN

MIKE PAPANTONIO
CHRISTOPHER G. PAULOS
ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
AARON L. WATSON

OF COUNSEL:
ROBERT F. KENNEDY, JR.
  (LICENSED ONLY IN NEW YORK)

BEN W. GORDON, JR.
GERALD A. McGILL

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

August 9, 2012

**VIA ELECTRONIC MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Lousiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

Re:     MDL 2179 Time Allocations for 30(b)(6) Depositions

Judge Shushan:

Since the time of the PSC's original proposal on the allocation of time for depositions, multiple proposals have issued from various parties.  The good news is that other than the proposal from BP, most of the proposals are consistent in approach.  For the non-BP parties, Transocean's proposal was the only proposal that requested significantly more time than what was originally proposed by the PSC (as revised by the proposal from the State of Louisiana).  Still, Transocean's proposal at least recognizes the interests of the parties in Phase 2.  Even better news is that the PSC, the States and the United States are in agreement as to the appropriate allocation of time between the Plaintiffs.  This agreed allocation was submitted to the Court by the State of Louisiana and is consistent with the fact that the Plaintiffs in this trial have the burden of proof and, as such, should be allocated the majority of the time for these depositions.

While the PSC appreciates that BP would prefer the PSC be allocated minimal time in the Phase 2 depositions, the United States, the States and the PSC have already agreed to the distribution of time as sent to the Court by the States.  The United States has expressed a limited interest in the Source Control depositions compared to the PSC and the States.  Thus, BP's allocation of the majority of source control deposition time to the United States makes little sense.  BP's proposal implies that BP and the United States are the only parties with any real interest in Phase 2.   Such an implication is clearly not correct.

From the perspective of the PSC, perhaps the better solution is to allow the Plaintiffs collectively a set amount of time with the final proposal from the States serving as the default allocation for the Plaintiffs' portion.  The PSC believes that a blanket allocation of time for the Plaintiffs collectively would work.  The remaining time not allocated to the

Plaintiffs could then be allocated to the Defendants. The remainder of the time can then be apportioned to the various defendants. This would be consistent with the United States suggestion that to the extent BP, Transocean, Halliburton, Cameron or any other defendant requests more time that time should be taken from either another Defendant or the "Other" allocation for depositions. However, BP should not be put in the position of deciding which Plaintiffs are allowed to ask questions – particularly given that the Plaintiffs have already agreed amongst themselves to a time allocation.

The Plaintiffs collectively should be allocated the following time (the following are for a one-day deposition and would double for a two-day): 1) BP Quantification – 335 minutes; 2) BP Source Control – 345 minutes; 3) BP Hybrid – 330 minutes; 4) US Quantification – 105 minutes (with 30 minutes to US); 5) US Source Control – 275 minutes (with 30 minutes to US); 6) US Hybrid – 220 minutes (with 30 minutes to US); 7) Other Defendant Quantification – 295 minutes; 8) Other Defendant Source Control – 255 minutes; 9) Third Party Quantification – 220 minutes; 10) Third Party Source Control – 230 minutes. The PSC is fully confident that it can work cooperatively with the United States and the States to allocate this time amongst all Plaintiffs given that we have previously agreed to the allocation as proposed by the PSC and revised by the States.

As far as the order of questioning, the PSC believes that Plaintiffs should go first and last for most depositions. For quantification depositions, the PSC would support the United States as the party in the primary position. For source control depositions, the PSC believes the PSC should be in the primary position but would certainly allow the States to serve in this position on a cooperative basis. The only exception to this rule would be the depositions of United States quantification witnesses. Given BP's unique interest in these depositions, the PSC would be amendable to the proposition that BP be allowed to go first and last in the depositions of United States quantification witnesses.

The PSC is agreeable to the structure of identification of affiliated witnesses as proposed by BP but believe that such witnesses should fall under the time proposals as submitted by the Plaintiffs and reflected in the most recent letter from the State of Louisiana.

We thank you for your consideration.

Respectfully,

Brian H. Barr