

SCOTT C. BARNES
AMANDA S. BARR
BRIAN H. BARR
M. ROBERT BLANCHARD
BRANDON L. BOGLE
WESLEY A. BOWDEN
VIRGINIA M. BUCHANAN
WILLIAM F. CASH III
MEREDITH R. DURHAM
   (LICENSED ONLY IN LA)
RACHAEL R. GILMER
JAMES L. KAUFFMAN

KIMBERLY R. LAMBERT
FREDRIC G. LEVIN
MARTIN H. LEVIN
ROBERT M. LOEHR
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS, JR.
CLAY MITCHELL
R. LARRY MORRIS
K. LEA MORRIS
PETER J. MOUGEY
DANIEL A. NIGH
TIMOTHY M. O'BRIEN

MIKE PAPANTONIO
CHRISTOPHER G. PAULOS
ROBERT E. PRICE
MARK J. PROCTOR
TROY A. RAFFERTY
MATTHEW D. SCHULTZ
W. CAMERON STEPHENSON
LEO A. THOMAS
BRETT VIGODSKY
AARON L. WATSON

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

BEN W. GORDON, JR.
GERALD A. McGILL

LEFFERTS L. MABIE, JR. (1925-1996)
D.L. MIDDLEBROOKS (1926-1997)
DAVID H. LEVIN (1928-2002)
STANLEY B. LEVIN (1938-2009)

August 16, 2012

**VIA ELECTRONIC MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Lousiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

Re:     MDL 2179 Phase 2 Time Allocations – Request for Reconsideration

Judge Shushan:

The PSC sends this letter with the agreement of and on behalf of the PSC, the State of Alabama and the State of Louisiana.  The PSC, Alabama and Louisiana request reconsideration of the time allotted to the PSC and the States for both Source Control and Hybrid United States Witnesses.  The PSC and the States requested a collective 245 minutes for a one day deposition of the Source Control witnesses and 190 minutes on the Hybrid witnesses.  The PSC and the States requested less time on Hybrid witnesses because of a recognition of BP's interests in quantification topics.  In exchange, the PSC and the States proposal included significantly more time for BP for Hybrid witnesses.  The Court allocated to the PSC/States a total of 85 minutes for US Source Control and 95 minutes for hybrids.  Unfortunately, the PSC and the States do not believe the time allocated is representative of our respective interest in these issues and the burden of proof of each party.

The PSC and the States understand BP's desire for significant time with hybrid and source control US witnesses.  However, BP's need for time has much less to do with discovery than it does with establishing a trial record for the Court.  BP led the response effort – including the source control efforts.  BP was in meetings and discussions with the United States as to the appropriate steps to take and, in the PSC's and the State's view, led these meetings and discussions.  In short, BP is already aware of the interactions between the United States, BP and any other parties as BP was an active participant in the interactions.  Neither the Plaintiffs nor the States were participants in these meetings or discussions.  For this reason alone, the PSC and the States should be given more time to conduct such discovery to determine the true role of the United States in the response effort and how the responsibilities for the response plans were actually allocated in the

view of both BP and the United States.  These are vital issues to issues pertaining to the response itself and the preparation for such a response.  In addition and as previously raised by the States, there are many US Phase 2 Hybrid and Source Control witnesses that the States will require additional time to examine pertaining to their post-Phase 2 response efforts.  For all of these reasons, the PSC and the States should be given, at the least, the same time as BP to develop the trial record in the form of deposition testimony.

      The PSC continues to believe that it has the majority of the proof it requires on Phase 2 issues as it pertains to BP.  Yet, this belief needs to be placed into the proper context.  This statement was made based upon the evidence in the current record.  To the extent, BP, or any other party, attempts to alter the record with, in essence, trial testimony, the PSC has the right and obligation to respond. Further, this record has to be presented to the Court and will be done largely through deposition testimony.   In addition, while it should be noted that the PSC is assisting the States, the States have not made such a statement.  To the contrary, both the States consistently and diligently pressed for Phase 2 source control discovery.

      Given that BP is clearly knowledgeable of the actions of the United States in the response on Source Control issues, BP's primary purpose for requesting significant time in the view of the PSC and the States is to attempt to establish in a trial record that the United States' actions somehow absolve BP from responsibility for the length of time the Macondo well was allowed to flow.  The PSC and the States have the same interest in developing the trial record, but, further, carry the burden of proof.  These depositions will be designated and presented to the Court.  It is not equitable to the States or the PSC to allow BP as much time as has been allotted without giving the States and the PSC equal opportunity to establish the same testimony.

      We thank you for your consideration.

              Respectfully,

              Brian H. Barr