# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 13, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA  70130

        Re:    MDL No. 2179 — BP's Schedule IV Challenges to the United States' Privilege Logs

Dear Judge Shushan:

BP respectfully submits this initial brief and list of documents as its challenges to privileges asserted by the United States in connection with United States privilege logs served between June 22, 2012 and July 31, 2012; that is, the United States' logs subject to Schedule IV privilege challenges.

## BACKGROUND

On August 6, 2012, BP served Schedule IV challenges to 50 documents on the United States' Schedule IV privilege logs. The United States asserted the deliberative process privilege over all 50 challenged privilege log entries, and it asserted the attorney-client privilege over three of the 50 challenged entries.

At the working group conference on August 10, 2012, and in subsequent follow-up communications, the United States stood on all of its existing claims of privilege for the Schedule IV documents challenged by BP. (S. Himmelhoch Ltr to R. Gasaway (Aug. 10, 2012).)

Accordingly, BP submits its Schedule IV challenges to the Court (Exhibit A).  As you will see, to economize on briefing and the effort required by the Court, BP focuses in this submission on three documents over which the United States asserts the attorney-client privilege.

---

Chicago     Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 13, 2012
Page 2

### ANALYSIS

BP challenges the United States' assertion of the attorney-client privilege over three emails, and BP reserves its rights with respect to the United States' assertions of the deliberative process privilege.

**Attorney-Client Privilege**. The United States claims that each of the three emails at issue is protected by the attorney-client privilege because they reflect a communication with counsel for the purposes of obtaining legal advice.

But it appears to BP that, out of the many recipients of these email messages, only one recipient is listed by the United States as an attorney.

BP therefore respectfully asks the Court to determine whether these emails are protected by the attorney-client privilege because they are being sent "for the purpose of seeking, obtaining, or providing legal assistance to the client." Order, July 13, 2012 (Rec. Doc. 6904). Specifically, BP seeks *in camera* inspection of, and attorney-client privilege determinations regarding, the documents listed on Exhibit A to this letter.

With respect to these three documents, BP is challenging only the attorney-client privilege, as opposed to the deliberative process privilege, at the present time.

**Deliberative Process Privilege**. With respect to the deliberative process privilege, BP believes the operative principles for de-privileging United States documents have been established by the United States' withdrawal on April 11, 2012, of its deliberative process privilege claims with respect to all 100 of the first 100 documents challenged by BP (Rec. Doc. 6212); by the United States' subsequent de-privileging of approximately 36,060 documents (out of a total of approximately 37,175 Phase 2-related documents) over which deliberative process privilege had initially been claimed by the United States; and by the Court's Orders of June 11 and August 7, 2012, (Rec. Docs. 6650, 6873).

Against this backdrop, and in light of the many other issues requiring the attention of the Court and parties, BP does not request further examination of deliberative process privilege at this time. BP reserves the right to challenge the United States' assertion of the deliberative process privilege over Schedule IV documents, or future schedules, as appropriate.

BP recognizes that, if it is successful in its challenges to attorney-client privilege as to these three documents, the three documents will not be produced, given that the deliberative process privilege continues to be asserted by the United States. Accordingly, BP hereby notifies

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 13, 2012
Page 3

the Court pursuant to the Court's recent request for clarity with respect to the scope of which privileges are and are not subject to challenge for specific documents.

\* \* \* \* \*

As the Court is aware, BP continues to seek to minimize the effort required of the Court and United States counsel in connection with privilege challenges. Accordingly, BP requests at this time *in camera* inspection of only three documents withheld under claims (inter alia) of the attorney-client privilege in connection with BP's Schedule IV privilege challenges.

Sincerely,

Robert R. Gasaway

Attachment

cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey

# EXHIBIT A

| First Bates | Last Bates | Document Date | Privileges | Phase | Author | Recipients | Attorney | Description | Basis | Family | Redacted | Log |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| HSE012-019676 | HSE012-019680 | 20100718 | AC; DP | P2 | Allen, Thad W. ADM, DHS | Chu, Steven, DOE; Gautier, Peter W. CAPT, DHS; O'Connor, Rod, DOE; Neffenger, Peter V. RDML, DHS; Cook, Kevin S. RADM, DHS; Nash, Roy A. RDML, DHS; Zichal, Heather R., EOP; Hunter, Tom, DOE; Hubble, Solange O., DHS; Nauta, David, DHS; Zukunft, Paul RADM, DHS; Bowman, Russell E. LCDR, DHS; Lederer, Calvin, DHS | Lederer, Calvin, DHS | Interagency email chain discussing proposed NIC directive to BP | Internal pre-decisional and deliberative discussion of proposed directive to BP related to response actions and communication with counsel for purposes of obtaining legal advice | HSE012-019676-HSE012-019680 | N/A | Log 46 |
| HSE012-019682 | HSE012-019683 | 20100718 | AC; DP | P2 | Allen, Thad, DHS | Gautier, Peter W. CAPT, DHS; O'Connor, Rod, DOE; Chu, Steven, DOE; Neffenger, Peter V. RDML, DHS; Cook, Kevin S. RADM, DHS; Nash, Roy A. RDML, DHS; Zichal, Heather R., EOP; Hunter, Tom, DOE; Hubble, Solange O., DHS; Nauta, David, DHS; Zukunft, Paul RADM, DHS; Bowman, Russell E. LCDR, DHS; Lederer, Calvin, DHS | Lederer, Calvin, DHS | Email re Revised Proposed Text for NIC Order to BP | Internal pre-decisional and deliberative discussion of proposed directive to BP related to response actions and communication with counsel for purposes of obtaining legal advice | HSE012-019682-HSE012-019683 | N/A | Log 46 |
| HSE012-037553 | HSE012-037578 | 20100928 | AC; DP | P2 | Hubble, Solange O., DHS | Allen, Thad W. ADM, DHS; Arguin, Wayne CDR, DHS; Pond, Robert, DHS; Greene, Lawrence CDR, DHS; Emerick, Thomas CDR, DHS; Grawe, William, DHS; Sturm, Francis, DHS; Neffenger, Peter RADM, DHS; Zukunft, Paul RADM, DHS; Nash, Roy RADM, DHS; Landry, Mary RADM, DHS; Watson, James RADM, DHS; Salerno, Brian RADM, DHS; Novotny, Jeffrey CAPT, DHS; Kiefer, Kevin CAPT, DHS; Kayyem, Juliette, DHS; Bennett, Craig, DHS; Rhinehart, Kerstin CDR, DHS; Poulin, Steven CAPT, DHS; Laferriere, Roger CAPT, DHS; Gautier, Peter CAPT, DHS; Rooke, Connie M. CDR, DHS; McCleary, Stephen CAPT, DHS; Lederer, Calvin, DHS | Lederer, Calvin, DHS | Draft National Incident Commander's ReportÂ | Internal pre-decisional and deliberative discussion of policy issues related to policy changes for future oil spill response actions and communication with counsel for purposes of obtaining legal review and advice | HSE012-037552-HSE012-037580 | N/A | Log 46 |