# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 13, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:   MDL 2179 — BP's Extrapolation of the Court's Privilege Rulings

Dear Judge Shushan and Counsel:

As discussed at the two most recent Working Group Conferences, please find attached a spreadsheet listing challenged BP privilege log entries over which BP continues to assert privilege. *See* Attachment 1. For purposes of clarity, additional lists resulting from BP's extrapolation are also included with this letter and are described below.

**Sample and Verification Process**

From the list of challenged Phase 2 entries still on BP's privilege log, the Court should select a sample of 30 entries for *in camera* review — just as the Court, not BP, selected 30 entries from the United States' list of deliberative process privilege entries for review and verification.

The parties agreed on a process involving *in camera* review of a Court-selected quality-control sampling of privilege log entries after the Court initially proposed such a procedure — and the United States' advocated for it — at the June 15, 2012 Working Group Conference. (Hr'g Tr. at 15:14-20 (June 15, 2012).)

As we understood it, the thinking behind using a Court-selected sampling for purposes of the verification step of the privilege challenge process is that a Court-selected sampling best ensures efficient quality-control across all documents that may be of interest to all parties — as opposed to allowing additional challenges to documents by the challenging parties (here, the United States, Halliburton, and Transocean) and perhaps other parties as well.

**KIRKLAND & ELLIS LLP**

The Honorable Sally Shushan
August 13, 2012
Page 2

To depart from that model would require the Court to allocate picks among the challenging parties (here, the United States, Halliburton, and Transocean) and perhaps other parties and would transform the process from a fairly straight-forward and efficient verification process into something closer to a second round of privilege challenges.

At this late stage, it is probably better for everyone to simply get on with it; have the Court pick and analyze sample documents (without any parties knowing which documents they are); and then announce the results — as it did with the United States deliberative process privileges.

The United States' new position announced Friday would produce an asymmetrical review and verification process. (Having one or more parties — not the Court — select entries for verification would thus contravene the oft-stated rule that the "door swings both ways" in this multi-district litigation.)

If Court should nonetheless prefer to revise its approach at the mid-point, BP would request, in fairness, that it also be allowed to select a sample of equivalent size from the United States' list of deliberative process privilege entries for the Court's further review and verification.

**Result of BP's Extrapolation for Sampling**

As described in BP's letter of August 6, BP has agreed to release, and has now produced, approximately 4,600 documents as a result of the over 11,000 challenges brought to its privilege logs to date. As that letter and its attachments clearly indicated, the lists reflect BP's responses to challenges during meet-and-confer periods and its extrapolation of the Court's July 13 and July 30 privilege rulings. (Dkt. Nos. 6904, 7012.) The letter and attachments together describe the disposition of all challenges to BP's privilege logs issued up through June 22, 2012.

(Note that the United States has requested additional information about the August 6 lists, and BP will respond to that request tomorrow.)

With this letter, BP provides the following lists reflecting the results of BP's extrapolation of the Court's July 13 and July 30 privilege rulings. (Dkt. Nos. 6904, 7012.)

1.  The first attachment is a combined list of all challenged BP privilege log entries related to Phase 2 over which BP continues to assert privilege. As you will see, this list has 3,932 entries. This is the list from which the Court should select a sampling of 30 documents for

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 13, 2012
Page 3

its verifying *in camera* review. (This list was assembled from documents over which BP still claims privilege on its August 6 spreadsheets numbered #1, #6, and #7.)

  2. The second attachment is a list of 492 challenged entries that BP has recently determined relate to other Phases of this litigation. Just as the United States stated in its July 20, 2012 letter regarding its deliberative process privilege extrapolation, BP noticed during this latest review that reviewers applied an overinclusive understanding of issues related to Phase 2. Upon review, the entries listed on this spreadsheet have been re-classified as Phase 1 or Later Phases. The United States' previous challenges to entries designated as Phase 1 or Later Phases addressed a prior list of 1,675 entries, and after a productive meet-and-confer period, the United States agreed not to proceed with any further challenges to any of these entries. The United States has not, however, had an opportunity to address these 492 entries that have been more recently determined to relate to Phase 1 or Later Phases.

  3. The third attachment is a list of 13 challenged entries that BP has newly determined to be not relevant to this litigation. The United States' previous challenges to entries designated as non-relevant addressed a prior list of 135 entries, and after a productive meet-and-confer period, the United States agreed not to proceed with any further challenges to any of these entries. The United States has not, however, had an opportunity to address these 13 entries that have been more recently classified as non-relevant.

  4. The fourth attachment is a list of challenged entries that are outside the date range for Phase 2 discovery. The United States provided a similar list of entries with its July 2, 2012 extrapolation, and BP does the same here.

       \*  \*  \*

  BP looks forward to providing the documents the Court selects for extrapolation and addressing any questions the Court may have.

            Sincerely,

            Robert R. Gasaway

Attachments

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 13, 2012
Page 4

cc (via electronic mail):

United States' MDL Counsel List
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey