# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 20, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

Re:     MDL 2179 — Court's Sampling and Verification

Dear Judge Shushan:

BP will submit tomorrow morning, via separate hand delivery to your chambers, the 30 documents the Court selected for an *in camera* privilege review in its August 14, 2012 Order (Dkt. No. 7119).  These documents are being submitted together with materials supporting BP's claims of privilege, as described at last Friday's Working Group Conference.  We respectfully bring to the Court's and parties' attention the following aspects of this submission.

**Supporting Material**

The hand-delivered materials will include privileged declarations for the Court's *in camera* reference from BP employees Bob Merrill, Tim Lockett, and Donna Ward (an attorney in the BP Legal Department).  Additionally, BP is submitting privileged declarations from Joel Blanchet, Stuart Drake, and Mark Nomellini — three attorneys with Kirkland & Ellis LLP retained by BP to provide legal representation in this and related matters.

As BP and other parties have in the past, we ask the Court to consider these materials as part of its evaluation of claims of, and challenges to, privilege assertions.  *See, e.g.*, R. Lazarus Confidential Mem. (submitted in camera on June 26, 2012 by the United States to support United States deliberative process privilege claims); D. Baay Decl. (submitted in camera on July 26, 2012 by Transocean to support Transocean privilege claims).

In this regard, you will recall my statement at last Friday's Working Group Conference that BP intends to submit an additional declaration that we were not able to secure in time for

Chicago       Hong Kong       London       Los Angeles       Munich       New York       Palo Alto       San Francisco       Shanghai

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 20, 2012
Page 2

submission today because the anticipated declarant's personal counsel is at trial in an unrelated matter.  We believe that this anticipated declaration will also aid the Court's consideration of the selected documents, and we greatly appreciate the Court's understanding in this regard.

The documents we expect this anticipated declaration to address are indicated below with an asterisk.

| | | |
|---|---|---|
| 22 | *1,316 | *2,616 |
| 136 | 1,481 | 2,707 |
| 265 | 1,550 | *2,897 |
| *589 | 1,673 | *2,978 |
| 753 | 1,802 | *3,172 |
| 809 | 1,961 | *3,224 |
| 983 | *2,192 | *3,381 |
| *1,089 | *2,285 | 3,490 |
| *1,163 | 2,336 | 3,558 |
| 1,265 | *2,583 | *3,683 |

### United States' Letter of August 17, 2012

We note that, by letter transmitted last Friday, August 17, 2012, the United States claims that the United States has challenged BP's assertions of the attorney-client privilege and work-product protection (as applicable) for all 30 of these documents.  (S. Cernich Ltr to Court (Aug. 17, 2012, at 1).)

Although BP has noted in the past instances where the United States' memory has proved faulty as regards the nature and scope of United States' challenges to BP privilege claims, BP does not dispute the statement that the United States challenged all claims of privilege for these 30 documents.

Additionally, however, BP notes that the United States' August 17 letter constitutes, in essence, an unlabeled motion for reconsideration of the Court's decision to reject the United States' request that it be allowed to select — as opposed to the Court selecting — the 30 documents to be reviewed.  (Dkt. No. 7119.)  BP will fully respond to this reconsideration aspect of the United States' August 17 letter on Thursday, August 23, 2012.  But, we note here that should the United States' motion for reconsideration be granted, BP would request, in fairness,

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
August 20, 2012
Page 3

that it also be allowed to select a sample from the United States' list of deliberative process privilege entries for the Court's further review and verification.

### BP's Document and Privilege Log Submission

BP submits with this letter a privilege log of 30 entries reflecting the 30 documents selected by the Court for review and indicating which privileges are being claimed (and challenged) for each document.

As the Court will see from this log, BP has decided that it will no longer assert privilege over six documents selected by the Court for review: Nos. 193, 265, 983, 1265, 1961, and 3490. (The United States' similar submission of selected deliberative process privilege documents on July 20, 2012, similarly stated that the United States would no longer maintain its privilege assertion over seven documents the Court had originally chosen for review, and it stated that one Court-selected document was incorrectly identified as related to Phase 2 issues.)

BP will promptly produce these six documents.

Sincerely,

Robert R. Gasaway

Attachment

cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey