Maison Grand Caillou ☐
Corporate Office Park
435 Corporate Drive, Suite 101
Houma, LA 70360 - 2498
TEL (985) 876-7595
FAX (985) 876-7594

# WILLIAMS LAW GROUP LLC
## ATTORNEYS AT LAW



☐ 909 Poydras Street, Suite 1625
New Orleans, LA 70112

duke@williamslawgroup.org
chris@williamslawgroup.org
TOLL-FREE (888) 878-7595

1 August 2012

***Via Hand Delivery***

**Hon. Sally Shushan**
**Mr. Michael O'Keefe**
U.S. District Court
500 Poydras Street
New Orleans, LA 70130

Dear Judge and Mike:

    In advance of this Friday's status conference, we write on behalf of the PSC to further address issues relating to the PSC's request to supplement its trial Exhibit List and to depose/re-depose four (4) Transocean Phase One witnesses. Our initial request was sent to Transocean on July 11, 2012, and their response was received by the PSC on July 20, 2012. Copies of both letters were sent to the Court, however, additional copies are provided herewith for your ready reference. Also enclosed is a representative analysis of ten (10) of the exhibits which the PSC has requested and to which Transocean has objected on various grounds. We will be prepared, of course, to discuss the other exhibits as well if the Court wishes, but given the usual number of other topics to be considered by the Court at the weekly status conference, we thought that offering a truncated representative list for discussion would help advance resolution of these issues without occupying a large chunk of time at the conference.

    Also, we wish to note that we have had and continue to have cordial and productive conversations with Carter Williams of the Sutherland Firm regarding this matter, and hope to be in a position to advise the Court on Friday morning that many of the issues in dispute have been resolved.

    By way of overview, the PSC wishes to briefly make the following general points:

- The PSC, after many hundreds of hours of review, deliberation and discussion, selected a total of thirty-seven (37) documents that were late produced that it wishes to add to its

witness list.[1] It is important to note that the spreadsheet attached as Exhibit B to our original letter does not represent the universe of relevant documents that were produced late by Transocean. Rather, they represent only a very small sub-set of particularly substantive and relevant documents that have been culled from thousands of the late produced documents.

- Transocean suggests that many of the late produced documents present "no new substantive information." It is also argued that many of the late produced documents are not relevant. The PSC strongly disagrees on both counts and respectfully suggests that arguments regarding what is or is not substantive and/or relevant is self-serving, and actually makes the case that the PSC requires the additional depositions it has requested. These documents can only fairly be put into context with respect to questions of what is substantive and/or relevant by taking the depositions of the party(ies) to the document.

- With regard to documents that were late produced and are at least facially relevant, the PSC should have an opportunity to include them in its witness list with a stipulation as to authenticity, admissibility and de-classification of confidentiality. Failing that, it should at least have the opportunity to avail itself of an acceptable form of process (i.e. depositions) to establish the foundation for their use at trial;

- Transocean also claims that some of the documents that were produced which the PSC wishes to add were apparently produced even though they were not really responsive to any previous request by the PSC. The PSC suggests that these documents clearly fall within the "fairly read" ambit of its previous requests. But in any event, it cannot be denied that Transocean, after due consideration, produced the documents. The PSC has carefully reviewed them and made a reasoned determination as to their relevancy. Transocean cannot close the door it opened by simply arguing that what they produced is not responsive or relevant.

- The claims against Transocean include a claim for punitive damages under the General Maritime Law of the United States. A searching evidentiary inquiry of company history with respect to prior serious incidents, corporate response to those incidents, corporate philosophy regarding safety and maintenance, profit and cost driven safety decisions, etc., are all relevant to a punitive damage claim. All of these inquiries require a fair and honest examination that is not restricted geographically or temporally.

---

[1] After further review, the PSC concedes that three (3) of the documents it originally listed at Exhibit B of its July 11, 2012 letter were identical copies of documents which had been produced in earlier timely productions by Transocean.

With kindest regards, we remain as always,

Respectfully yours,

*[signature]*

Conrad S.P. Williams III
*For and on behalf of Plaintiffs' Liaison Counsel
And the PSC- MDL-2179*

**Enclosure:** Representative Analysis

**CC:**   Carter L. Williams
          Defense Liaison
          Federal & State Interests Coordinators