

**U.S. Department of Justice**

Environment and Natural Resource Division

---

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-0056*
*Scott.Cernich@usdoj.gov*

August 17, 2012

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, Louisiana 70130

      Re:    MDL 2179: Order Regarding Verification of Extrapolation of Privilege Claims by BP (Rec. doc. 7119)

Dear Judge Shushan:

      This letter relates to the Court's August 14, 2012 Order Regarding Verification of Extrapolation of Privilege Claims by BP (Rec. doc. 7119) ("BP Extrapolation Order").  As the Court has told the Parties, and as noted by BP, it is the "Court's main goal to get these issues 'right.'"  July 22, 2012 BP Letter to the Court (Rec. doc. 7011).  Verification of BP's extrapolation is, without a doubt, a critical step in getting the privilege issues right, and the United States respectfully requests the Court consider the following when doing so.

      ***First***, the Court's Order requires BP to provide a privilege log listing the 30 documents produced for *in camera* inspection and to "specify what privileges are being claimed and challenged for each document."  BP Extrapolation Order at 2.  To ensure the Court has no questions on this issue – the United States has challenged *all* privileges claimed for *all* of the documents.

      ***Second***, the United States respectfully requests that the Court give further consideration to the sampling chosen for *in camera* inspection.  It appears that the Court chose random documents from throughout BP's August 13, 2012 log of 3,932 privileged entries.  While such a random selection may have been appropriate in other situations (*e.g.*, the United States' deliberate process privilege ("DPP") extrapolation where dates generally were irrelevant), the United States submits that a more nuanced approach to the selection is appropriate here where dates are critical to the analysis.

      The Court's privilege analysis, at the urging of both BP and the United States, has focused on dates.  BP and the Court both have focused on July 18, 2010 – the date this Court held that BP's "Flow Rate Team" came into existence.  *See* Order Regarding *In Camera*

Inspection of BP's Claimed Privilege in Schedule I (July 13, 2012) (Rec. doc. 6904) ("Schedule I Privilege Order") at 6, 12-14.  The Court also held that: (1) there "are no Flow Rate Team documents for the period when the well was flowing" (July 15, 2010 and before), *id*. at 6, and (2) "Pre-July 18, 2010 analysis documents relating to flow rate are discoverable." *Id*. at 13.

The Court's sampling of 30 documents, however, includes only six documents that pre-date July 18, 2010.  Given that BP vigorously argued, and the Court accepted, that BP's Flow Rate Team work commenced on July 18, 2010, the United States submits that the Court should review additional pre-July 18, 2010 documents.  A few documents in particular demonstrate that BP may not have fully incorporated this Court's privilege rulings in the extrapolation:

- BP Entry No. 3701 (PRIV-BP-HZN-2179MDL00023881) is a "Spreadsheet" authored by BP flow engineer Farah Saidi and dated July 15, 2010.

- BP Entry No. 3871 (PRIV-BP-HZN-2179MDL00024552) is a "Spreadsheet" authored by BP reservoir engineer Robert Merrill and dated July 17, 2010.

- BP Entry Nos. 1453 (PRIV-BP-HZN-2179MDL00016971) and 2827 (PRIV-BP-HZN-2179MDL00021000) are "Reports" authored by BP flow engineer Tim Lockett and dated June 18, 2010.

BP claims only work-product protection over each of these documents.  The documents, however, are not part of the work-product of the Flow Rate Team as the Flow Rate Team did not even exist when these documents were created.  *See* Schedule I Privilege Order at 6, 12-15.  Based on BP's descriptions, the documents appear to be factual information.  *See id*. at 14-15.  To the extent these are analysis documents relating to flow rate, they are discoverable.  *See id*. at 13.  Accordingly, the Court should review these documents and other pre-July 18, 2010 entries to ensure that BP gets it "right" when extrapolating from this Court's privilege rulings.

*Finally*, the United States requests that BP extrapolate the Court's privilege rulings to all of its Phase 2 privilege log entries – not just the entries on the list of "challenged" documents.  Pursuant to this Court's orders and at BP's request, the United States extrapolated the Court's Deliberative Process rulings across all of its Phase 2 log entries.  *See* Order Regarding Deliberative Process Privilege (May 31, 2012) (Rec. doc. 6604); June 14, 2012 letter from R. Gasaway to S. Himmelhoch re: The United States' Deliberative Process Privilege Review (Attachment A to this letter).  BP attempts to distinguish the DPP extrapolation process by contending that it challenged all DPP entries on the basis that they lacked declarations.  This argument is without merit.  The United States, too, challenged the sufficiency of each of BP's privilege log entries, because the entries lacked sufficient detail for the United States to determine if any of them were privileged.  After the Court declined to require BP to supplement its privilege logs, the United States challenged a large number of BP privilege log entries that appeared relevant to Phase 2 based on the limited information available in the log entries.  Even though BP characterized the United States challenges as "blunderbuss," BP ultimately released thousands of challenged documents, and the United States' challenge list provided a useful basis for focusing the privilege challenge process.  However, now that the extrapolation process has begun, there is no legitimate reason for BP not to extrapolate across all of its privilege logs, just as the United States has done with respect to its DPP log entries.

2

The United States appreciates the Court's consideration in this matter.

                                                                Respectfully submitted,

                                                                /s/ Scott M. Cernich
                                                                Scott M. Cernich

cc:    Liaison & Coordinating Counsel
         Robert Gasaway

# Attachment A

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

June 14, 2012

**By Electronic Mail**

Sarah D. Himmelhoch
Environment & Natural Resources Division
U.S. Department of Justice
RFK Main Building
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Re:   The United States' Deliberative Process Privilege Review

Dear Sarah:

This letter addresses several miscellaneous issues regarding the United States' efforts to review its current privilege log entries asserting the deliberative process privilege.

*First*, the Court's Working Group Order from yesterday confirms our conversation from Tuesday that the United States has until July 2 to finish the review of the deliberative process privilege entries on its privilege logs per steps A and B of the Court's May 31 Order.  (Dkt. Nos. 6664, at 2; 6604, at 3.)

Today's Order states that the United States, BP, and the Court will confer on a schedule for the United States to complete steps C-E in the May 31 Order.  (*See* Dkt. No. 6604, at 2-3 (describing steps C-E).)

The United States should not require any additional time to complete Step C.  This step involves the United States' adjusting its current review process in light of the Court's ruling on the 21 documents that were subject to recent briefing.  In light of the Court's ruling, we believe that the United States' timetable for review should not require an extension beyond July 2, 2012.  Please let us know if you disagree.

Step D — producing samples to the Court — should occur the same week steps A-C are completed; specifically by Friday, July 6, 2012.

After the Court has reviewed those samples in Step D, the United States should incorporate any guidance the Court might provide within 7 days.  This seems an appropriate

Chicago      Hong Kong      London      Los Angeles      Munich      New York      Palo Alto      San Francisco      Shanghai

## KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch
June 14, 2012
Page 2

amount of time because, with the United States' May 15 submission as a guide, there should not be very many documents at issue.

The United States should then provide any declarations (Step E) for documents the United States still intends to withhold 14 days after applying any Court guidance.

***Second***, we have reviewed the United States' May 15 submission, and we cannot locate in the United States' production 257 documents from the list of 6,403 released documents previously withheld under the deliberative process privilege. We have included the Beginning Bates numbers for these documents in an attached Excel spreadsheet. *See* Attachment 1. Please let us know if the United States has, in fact, produced these documents.

***Finally***, we also noticed that the United States, in Attachments 9 and 10 to its May 15 submission, changed the sole privilege designation of 93 documents from "DP" to another privilege — AC, WP, or both. *See* Attachment 2. BP objects to the United States' changes to the extent they are used to protect documents originally withheld under the deliberative process privilege. As the United States continues its review of the many Phase 2 entries asserting the deliberative process privilege, BP requests that the United States avoid substituting in new privileges to protect documents that it determines were originally, but mistakenly, withheld under a claim of deliberative process privilege.

          Sincerely,

          Robert R. Gasaway

Attachments

cc (via electronic mail):

| | |
|---|---|
| R. Michael Underhill | Tom Benson |
| Steven O'Rourke | Joel M. Gross |
| Scott M. Cernich | Allison B. Rumsey |
| A. Nathaniel Chakeres | Plaintiffs' Liaison Counsel |
| Bethany Engel | Defense Liaison Counsel (dsc2179@liskow.com) |