

**DALLAS** HOUSTON PLANO
Plano office by Appointment Only

*Attorneys and Counselors*

Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, Texas 75270-2041
214.939.4400
800.662.8393
214.760.7332 Fax

**GodwinRonquillo.com**

DONALD E. GODWIN
BOARD CERTIFIED - CIVIL TRIAL LAW -
TEXAS BOARD OF LEGAL SPECIALIZATION
DIRECT DIAL:       214.939.4412
DIRECT FAX:        214.939.4803
DGodwin@GodwinRonquillo.com

August 29, 2012

Magistrate Judge Sally Shushan
U.S. District Court
Eastern District of Louisiana
500 Poydras Street
Room B345
New Orleans, LA  70130

>Re:   *In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*; MDL No. 2179, United States District Court, Eastern District of Louisiana

Dear Judge Shushan:

While recognizing that Halliburton has not requested any time be taken from BP, BP nonetheless objects to Halliburton's Request for Reconsideration of Phase Two Deposition Time Allocations.  *See* August 27, 2012 Letter From Rob Gasaway at p. 4 ("BP Response Letter"). While the basis for BP's objection is unclear, the premises upon which it is based are incorrect.

First, BP's Response Letter ignores the fact that while Halliburton does not believe it has Phase Two liability, the PSC has made a public record of its position that Halliburton is a target of Phase Two liability.  *See* Halliburton's August 22, 2012 Letter Requesting Reconsideration of Time Allocations ("Halliburton's Reconsideration Request").  BP claims that it is entitled to significant deposition time because it is a Phase Two target defendant (*See* BP Response Letter at pp. 2-3), yet seeks to deprive Halliburton of the same right to defend itself against asserted claims.

Second, BP also misstates Halliburton's position regarding the impact of BP's and Transocean's contribution and indemnity claims relating to fines and penalties sought in the DOJ action.  Halliburton is not seeking additional time to conduct discovery relating to the indemnity itself.  Instead, as Halliburton's Reconsideration Request makes clear, the existence of the indemnity actions potentially expose Halliburton to liability resting squarely on Phase Two issues.  In light of this potential liability, it makes little sense for BP to argue that when it comes to BP, liability exposure should result in significant deposition time, but when it comes to other

August 29, 2012
Page 2

parties, the same rule should not apply.  As BP has often and repeatedly said, the door should swing both ways.

  Again, Halliburton believes that BP has little, if any, interest in Halliburton's Reconsideration Request.  Nonetheless, because BP's Response Letter misstates or ignores Halliburton's actual position, Halliburton offers this reply to clarify the record.

            Respectfully submitted,

            Donald E. Godwin

DEG:fmh