

**CARTER L. WILLIAMS**
DIRECT LINE: 713.470.6126
E-mail: carter.williams@sutherland.com

July 20, 2012

VIA EMAIL
Stephen J. Herman, Esq.                         James Parkeson Roy, Esq.
Herman Herman Katz & Cotlar                     Domengeaux, Wright, Roy & Edwards LLC
820 O'Keefe Avenue                              556 Jefferson Street, Suite 500
New Orleans, LA  70113-1116                     Lafayette, LA  70501

      Re:    *In re:* Deepwater Horizon, MDL No. 2179

Dear Messrs. Herman and Roy:

      I write in response to your July 11, 2012 letter to my colleagues Kerry Miller and Brad Brian. Out of the 656,248 documents produced by Transocean, your letter asserts that the PSC was deprived of the use of 63 documents (the unique document total after excluding duplicates listed on both Exhibits A and B), or roughly 0.009%, in pre-trial depositions and was precluded from identifying these documents as trial exhibits. As demonstrated below, the assertion that these documents contain new information that would necessitate additional depositions or amendment of the PSC's trial exhibit list is disingenuous.

      As you are aware, Transocean has produced 11,617,828 pages in 156 production volumes in this matter in response to hundreds of document requests from the PSC, Anadarko, MOEX, Halliburton, the United States, and BP. Production volume 1 (TRS001) shipped on October 15, 2010, and the most recent Phase II production, volume 156 (TRS156), shipped on May 29, 2012. In the intervening 20 months, Transocean produced documents at an average rate of 7.8 productions and 32,812 documents (580,891 pages) per month, or roughly 4102 documents (72,611 pages) every 3.5 days. Significantly, our records indicate that Transocean has not only produced a greater volume of pages than any party other than the United States, but has, in fact, produced more pages than all parties other than the United States combined:

| Producing Party | Pages |
|---|---|
| United States | 92,158,260 |
| Transocean | 11,617,828 |
| BP | 7,788,050 |
| Cameron | 579,049 |
| Halliburton | 1,427,664 |
| Anadarko | 294,067 |
| MOEX | 452,813 |



July 20, 2012
Page 2 of 11

A.   **No Document on Exhibit A Supports the PSC's Request for Additional Depositions.**

No document listed on Exhibit A supports a request to depose Bob Long or re-depose Steven Newman, Larry McMahan, or Adrian Rose for at least one of the following reasons: (1) the document was timely produced prior to the date reflected in Exhibit A or presents no new substantive information; (2) the document was withheld subject to timely and appropriate objections that the PSC never challenged; or (3) the document is relevant, if at all, only to Phase II issues.

**(1)   Documents Produced Prior to the Date Reflected in Exhibit A or Otherwise Presenting No New Substantive Information.** The PSC either missed or ignored a number of documents produced prior to the date reflected in Exhibit A. For example, the PSC identifies a September 28, 2009 email authored by Steven Newman (TRN-MDL-03999531) as having been produced on January 12, 2012. *Seven email chains* including Mr. Newman's email were produced on September 20, 2011, the requisite 10 days prior to Mr. Newman's September 30, 2011 deposition.[1] Similarly, Plaintiff's Exhibit A identifies TRN-MDL-01279373, a September 24, 2009 email from Barry Braniff to Larry McMahan, as having been produced on January 20, 2012. This document was in fact produced on June 17, 2011, twelve days before Mr. McMahan's June 29-30 deposition. The June 17, 2011 production also includes the attachment to Mr. Braniff's email, a 37-page draft report entitled "Key Lessons Learned from the *Deepwater Expedition* Well Control Event" (beginning bates TRN-MDL-01279374). Another copy of the draft report, which relates to a well in the Bay of Bengal, India, was produced on October 14, 2011 (beginning bates TRN-MDL-02966524).

The PSC is correct that TRN-MDL-04403087 and TRN-MDL-04742161, September 24, 2009 emails between David Foster and Barry Braniff, were produced on January 20, 2012. However, as the below screenshots of these emails reflect, neither message contains any text. Moreover, *neither message was sent to Larry McMahan*:

| From: | Foster, David.E (Houston) |
|---|---|
| Sent: | Thursday, September 24, 2009 9:54 PM |
| To: | Braniff, Barry (Houston) |
| Attachments: | DWE WCE from Dave.doc |

Well Construction Manager
Well Operations Group
Tel. +001 (713) 232-7105
Transocean - Houston Office
Greenway Plaza - Room 1139
David.Foster@deepwater.com

---

[1] *See* TRN-MDL-02757109, TRN-MDL-02757113, TRN-MDL-02757117, TRN-MDL-02757121, TRN-MDL-02757125, TRN-MDL-02757129, and TRN-MDL-02757133. The only new information contained in TRN-MDL-03999531 is a September 28, 2009 email from Larry McMahan to his assistant, Reyna Allen, in which Mr. McMahan requests that Ms. Allen print Mr. Newman's email. That print request does not in any way support Plaintiffs' claims against Transocean or the PSC's request for 8-hour depositions of Mr. Newman and McMahan.

> From: [illegible]
> Sent: Thursday, September 24, 2009 [illegible] PM
> To: [illegible]
> Subject: DWE WCE
> Attachments: DWE WCE.doc

Because he was not copied on these messages, Mr. McMahan also did not receive the attachments (produced with beginning bates TRN-MDL-04403087 and TRN-MDL-04742161, respectively), which are earlier versions of the *Deepwater Expedition* Well Control Event report that Mr. McMahan did receive (beginning bates TRN-MDL-01279374), and which was produced on June 17, 2011. Notwithstanding that the PSC did receive the version of the report given to Mr. McMahan twelve days prior to McMahan's deposition, PSC attorneys did not ask him a single question about it in the 300 minutes of deposition time that they had or roughly 240 minutes that they used. There is no reason for the PSC to now be given another 300 minutes to question Mr. McMahan about earlier versions of this report, which there is no evidence that he received.[2]

The substantive portions of several other documents referenced by the PSC were produced long before the dates provided in Exhibit A. For example, Exhibit A includes TRN-MDL-06079201, a July 29, 2008 email in which Mr. McMahan forwards a copy of Transocean's Health and Safety Manual to new hire David Buck advising that a "true leader knows this document front to back [and] fully understands how to assess risk and prevent unplanned events and injuries." Although, Mr. McMahan's email was produced on February 15, 2012, the email has no separate relevance to MDL 2179 than its attachment, Transocean's 428-page Health and Safety Policies and Procedures Manual (revised January 14, 2008), which was previously produced on September 2, 2011 (beginning bates TRN-MDL-02409220) and September 20, 2011 (beginning bates TRN-MDL-02736412). The 470-page January 8, 2009 revision of this manual was produced on April 15, 2011 (beginning bates TRN-MDL-02912040). Tellingly, Exhibit A includes no reference to these prior productions.

Exhibit A also identifies ten documents related to the Lloyd's Register review of Transocean's safety culture produced on January 12, 2010. Of these ten documents, four are email chains that merely request comments on drafts of the announcement of the Lloyd's review (beginning bates TRN-MDL-04335663, TRN-MDL-04335669, TRN-MDL-04335704, TRN-MDL-04335711) and four are the attached draft announcements (beginning bates TRN-MDL-04335665, TRN-MDL-04335708, TRN-MDL-04335713, TRN-MDL-04335670). The email chains are non-substantive and each of the draft announcements is nearly identical to the final announcement, which was initially produced *twice* on September 1, 2011 (with beginning bates TRN-MDL-02361427 and TRN-MDL-02380852). The initiation of the Lloyd's review was also detailed in the Fall 2009 edition of Transocean's *Beacon Magazine,* which was designated as an

---

[2] In addition to the fact that none of these documents was in Mr. McMahan's custodial file or presents any new information, Transocean properly withheld these documents per its objections to PSC Request no. 73, as discussed further below.

exhibit to the October 27, 2011 deposition of Barry Braniff, and is TREX-5777 **on the PSC's Trial Exhibit List.**

Neither of the remaining two Lloyd's documents identified on Exhibit A contains any new information that could support the PSC's request for additional depositions. TRN-MDL-04335057 is a discussion between Nick Jackson of Lloyd's and Adrian Rose of Transocean of the logistics of Mr. Jackson's travel to Houston. The majority of TRN-MDL-04012244 is identical to the final announcement of the Lloyd's review produced on September 1, 2011. The only new information presented is in an email forward of the announcement from Randy Atwood to Larry McMahan, in which Atwood expresses his hope that someone from operations would be involved in the review "so some common sense can also be mixed in the recipe." In response, McMahan explains that the review "is an independent look at how we operate as a company, system, training, communication, execution. From there it will be presented to us to decide where we are missing the target on safe operations. I will be part of the team along with Adrian Rose, Steven Newman, Rob, Arnaud and others. Not to worry, I have no fear of bringing common sense to the table." Neither McMahan's description of the Lloyd's review or the composition of the Transocean team presents any new information that would justify another deposition—both are described in the Bob Long/Steven Newman announcement (TRN-MDL-02361427, TRN-MDL-02380852) as well as in the *Beacon Magazine* article on the PSC's trial exhibit list (TREX-5777) and other documents (*see, e.g.*, TRN-MDL-02757109).

Exhibit A also includes TRN-MDL-04336005, a post-incident (July 24-25, 2010) email discussion about gas detection on the *Deepwater Horizon* involving Dan Farr, Larry McMahan, Pharr Smith, Robert Tiano, Bill Sannan, and John MacDonald. The substantive portions of this email discussion were produced *14 times* in July and August 2011 (*see* TRN-INV-02509276, TRN-INV-02514812, TRN-INV-02536897, TRN-INV-02547475, TRN-INV-02553715, TRN-INV-01834885, TRN-INV-01839958, TRN-INV-02640151, TRN-INV-01153911, TRN-MDL-01159449, TRN-MDL-01712430, TRN-INV-02842451, TRN-INV-02808341, and TRN-INV-01853348) and appear in TREX-04955 (on BP and HESI's Exhibit Lists).

**(2) Documents Withheld Subject to Timely and Appropriate Objections that the PSC Never Challenged.** The PSC also questions the production date of TRN-MDL-07721310, a September 15, 2009 email from Dan Farr to Guy Cantwell, Steven Newman, and Arnaud Bobillier forwarding a *Forbes India* article about a *Dhirubhai Deepwater KG1* BOP release that occurred in India. This document was withheld subject to Transocean's properly asserted and unchallenged objections to the PSC request for documents related to "all well control events which have occurred on any MODU owned or operated by you during the period 2000 through the present day" (Request no. 73). The request contained no geographic limitation and requested documents over a ten-year period and Transocean timely objected to it as, *inter alia*, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Transocean agreed only to produce responsive documents related to Gulf of Mexico well control events in the one-year period preceding the Macondo incident. The PSC never challenged Transocean's objections. Accordingly, documents related to well control events in India and elsewhere outside of the Gulf of Mexico were withheld.

Another example is TRN-MDL-05467036, an April 9, 2010 email exchange between Shell and Transocean regarding *Arctic 1* operations in Brazil. TRN-MDL-07721310 and TRN-MDL-05467036 were inadvertently produced, and their inadvertent production has in no way prejudiced Plaintiffs.

The PSC also questions the production date of TRN-MDL-06230341, a July 25, 2009 email chain regarding the *Transocean Marianas* and the Kodiak well. This document was withheld subject to Transocean's properly asserted and unchallenged objections to the PSC request for documents related to the *Marianas* BOP between 2000 and 2010 (Request no. 26). Transocean timely objected to this request as, *inter alia*, overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and further objected "on the grounds that the *Marianas* BOP was not on the Macondo well at the time of the incident and therefore the scope of the Request is not properly limited to relevant subject matter. Respondents also object on the grounds that it requests the disclosure of documents that are not relevant." Again, the PSC never challenged Transocean's objections. Accordingly, documents related to the *Marianas* BOP were withheld. TRN-MDL-06230341 was inadvertently produced and its inadvertent production has in no way prejudiced the Plaintiffs.

**(3)  Phase II Documents.** Exhibit A identifies TRN-MDL-05757944 and TRN-MDL-05758177 as having been produced on January 31, 2012. These documents, which include Larry McMahan's handwritten notes from his post-incident role as a Transocean representative to the Unified Area Command, are relevant, if at all, to Phase II issues.

**(4)  Documents Not Responsive to any PSC Request, Not Discovered Through Negotiated Search Parameters and/or Not Relevant to MDL 2179.** Finally, Exhibit A identifies five documents that are not responsive to any PSC document request and/or were not discovered through the search parameters negotiated with the PSC. Whatever scant relevance these documents may have to MDL 2179, they do not justify deposing Bob Long or re-deposing Steven Newman, Larry McMahan, or Adrian Rose.

TRN-MDL-05880590, a January 20, 2008 email exchange between Bill Sannan, Rob Saltiel, Paul King, and Mac Polhamus, has little if any probative value. It, along with TRN-MDL-05880591, an attached AMU Safety Vision presentation dated January 14, 2008, relates to a meeting in Mumbai to review Transocean's 2007 occupational safety performance (e.g, dropped objects and hand and finger injuries). Neither document discusses well control and only TRN-MDL-05880591 references the *Deepwater Horizon* (once) in a chart reflecting that the rig had one recordable injury in 2007. Perhaps more importantly, there is no evidence that any of the PSC's requested deponents/re-deponents ever received these documents.

Although Larry McMahan and Adrian Rose were cc recipients of TRN-MDL-06099840, a February 12, 2008 email from Pharr Smith to various recipients produced on February 15, 2012, the email merely attaches minutes for Transocean's February 2008 E&TS HSE meeting and PowerPoint presentations of statistics for dropped objects and hand or finger injuries. The only reference to the *Deepwater Horizon* in the attachments is to a January 17, 2008 first aid case

involving a left hand injury to a third-party (*see* TRN-MDL-06099877). That same injury is referenced in TRN-MDL-02364967, produced on September 1, 2011.

Finally, Exhibit A identifies two documents that reflect Transocean's vigilance in proactively seeking to achieve its safety vision of "Operations conducted in an incident-free environment – all the time, everywhere." In TRN-MDL-03999571, an October 21, 2009 email to Adrian Rose, Sherry Richard, and Rob Saltiel, Larry McMahan suggests that Transocean consider a consulting relationship with CheckSix as another means of enhancing safety and operations performance. In TRN-MDL-05762567, a September 15, 2009 email exchange with Steven Newman, Mr. McMahan offers encouragement and suggestions on how they can strengthen Transocean's culture. Mr. Newman responds with appreciation for Mr. McMahan's commitment and passion and agrees, "[w]e will make a difference." Although these documents were produced on January 6, and February 3, 2012, respectively, we are not aware of a PSC document request to which they are responsive and they were not located through any of the search parameters negotiated with the PSC. Nevertheless, in an abundance of caution and in accordance with Rule 26, we produced these documents upon their discovery. This supplementation has in no way prejudiced Plaintiffs.

**B.     No Document on Exhibit B Supports the PSC's Requests to Amend its Exhibit List or for a Stipulation of Admissibility**

Many documents listed on Exhibit B are repeated from the PSC's Exhibit A.[3] As detailed above, these documents were not "late-produced" nor do they "contain evidence highly relevant to the issues to be tried." Transocean does not stipulate to their admissibility or agree that the PSC should be permitted to add them to its trial exhibit list. Similarly, none of the remaining documents listed on Exhibit B justifies amendment of the PSC's exhibit list or a stipulation of admissibility because: (1) the document is relevant, if at all, to Phase II issues; (2) the document was timely produced prior to the date reflected in Exhibit B or otherwise presents no new information; (3) the document was withheld subject to timely and appropriate objections that the PSC never challenged; and/or (4) the document is not responsive to any PSC request and/or not relevant to MDL 2179.

**(1)     Phase II Documents.** Exhibit B identifies TRN-MDL-08048841, TRN-MDL-07822891, and TRN-MDL-07230768[4] as having been produced on May 7, 2012, April 20, 2012,

---

[3] Such documents include the following: TRN-MDL-07721310, TRN-MDL-06079201, TRN-MDL-05757944, TRN-MDL-05758177, TRN-MDL-05467036, TRN-MDL-01279373, TRN-MDL-04403087, TRN-MDL-04742161, TRN-MDL-03999531, TRN-MDL-04336005, TRN-MDL-03999571, TRN-MDL-04012244, TRN-MDL-04335057, TRN-MDL-04335669, TRN-MDL-04335670, TRN-MDL-04335704, TRN-MDL-04335708, TRN-MDL-04335663, TRN-MDL-04335665, TRN-MDL-04335711, TRN-MDL-04335713.

[4] Exhibit B actually references TRN-MDL-0730768, which is not a bates number used by Transocean. We assume you mean TRN-MDL-07230768, which is a May 10, 2010 email from Eddy Redd to Larry McMahan and Paul Tranter.

and March 2, 2012, respectively. It is obvious from the face of these documents, which are email discussions regarding the BOP configurations of the *Development Driller II*, *Development Driller III*, and *Discoverer Enterprise* (rigs involved in post-incident Macondo source control efforts) that each is a Phase II document.

**(2)    Documents Produced Prior to the Date Reflected in Exhibit B or Otherwise Presenting No New Substantive Information.** Exhibit B identifies TRN-MDL-05940661, James Kent's working copy of a spreadsheet tracking action items related to the 2008 *Deepwater Horizon* Marine Assurance Audit, as having been produced on February 3, 2012. An exact duplicate of this document was in fact produced on June 10, 2011, with beginning bates TRN-MDL-01007265. Similarly, Exhibit B identifies TRN-MDL-04937152, an email chain initiating with an email from Bill Sannan to various recipients regarding "Hand and Finger Injuries," as having been produced on January 20, 2012. Although the PSC is correct with respect to this exact version of the chain, Sannan's email and a response from *Deepwater Horizon* rig manager Paul Johnson was produced on July 18, 2011 as TRN-MDL-01856806.

The substantive portions of several other documents questioned by the PSC were not only produced long before the dates provided in Exhibit B, but also *already appear on the PSC's trial exhibit list* or the exhibit lists of other parties. For example, TRN-MDL-06419253 is an email from Steve Hand to Mark Monroe forwarding the "BP-TO Performance Review 2009" dated April 12, 2010, which Hand received from Martin Varco at BP. This 36-page PowerPoint presentation was also produced by BP (beginning bates BP-HZN-2179MDL00320091) and is **on the PSC's exhibit list** as TREX-21704. Transocean produced the email from Mr. Varco to Mr. Hand (TRN-MDL-01142871) and the attached presentations (beginning bates TRN-MDL-01142873 and TRN-MDL-01142897) on June 17, 2011, in an email chain forwarded from Hand to Larry McMahan. The only new information in TRN-MDL-06419253 is that Hand also forwarded the presentations to Mark Monroe in the following non-substantive message:

| From: | Hand, Steve (Houston) |
|---|---|
| Sent: | Tuesday, April 06, 2010 11:23 PM |
| To: | Monroe, Mark (Houston) |
| Subject: | FW: REVIEW: Pre-read pack and Final Slide deck |
| Attachments: | TOI_Performance_Review_April_2010_Pre-read_Pack_Final.ZIP; TOI_Performance_Review_April_2010_Presentation_Pack_Draft (Ex).ppt |

Mark,

Presentations as discussed.

The Zipped file is purely pre-read

The other file (draft) is the slides to drive the agenda and will be presented at the meeting

Let me know if you have any questions

Regards

*Steve Hand* u #
Director of Performance and Operations
Tel: +1 713 232 7555
Cell: +1 832 790 5922

There is no reason why the PSC needs to add TRN-MDL-06419253 to its trial exhibit list.

Exhibit B also identifies TRN-MDL-05978381, an email chain involving Daun Winslow, Ian Little (BP), Jake Skelton (BP), and John Keeton, and attached slides entitled "2009 *Deepwater Horizon* downtime and planning summary" (TRN-MDL-05978384, TRN-MDL-06438684), as having been produced on February 10, 2012. The substantive portions of these documents were produced in other documents in 2011, including TRN-MDL-00542925, TRN-MDL-00542929, TRN-MDL-00542932, TRN-MDL-00542937, TRN-MDL-00542941, TRN-MDL-00542988, TRN-MDL-00542993, TRN-MDL-00542999 (each of which was produced on April 9, 2011), TRN-INV-02021025, produced on July 20, 2011, and TRN-MDL-03408959, produced on November 30, 2011. Similarly, the substantive portions of TRN-MDL-07669373, an email string between Owen McWhorter and James Kent, were produced on June 8, 2011 (TRN-MDL-00892678) and June 10, 2011 (TRN-MDL-01023867).

TRN-MDL-04349943 is a June 14, 2010 email chain discussing the close out by various rigs of the issues raised in Transocean Alert 114 (HQS-HSE-AL-114-Verification of Ability to Respond to an Emergency). This specific email discussing actions taken by *other* rigs in response to an alert issued after the Macondo incident was produced on January 12, 2012, but Alert 114 itself was produced on July 28, 2011 (beginning bates TRN-INV-02494856), used in John MacDonald's deposition, and is **TREX 5469** on HESI's trial exhibit list.

TRN-MDL-06153690 is a July 11, 2008 email discussion involving Bill Sannan, Chris Ness, Rob Saltiel, Steve Newman, John Boone, Mike Wright, Mac Polhamus, Jerry Canducci, Larry McMahan, regarding a "Safety Stand-Up Meeting," and TRN-MDL-06153695 includes the minutes of that meeting. Although these documents were produced on February 15, 2012, the PowerPoint presentation from the meeting was produced on March 17, 2011 with beginning bates number TRN-MDL-00406153. This document appears on BP's trial exhibit list as **TREX-47930**. This presentation presents the substantive information in the documents that the PSC complains about and the PSC should not need cumulative evidence of this meeting that has no relevance to MDL 2179.

Although the PSC is correct that TRN-MDL-04943120, a July 2009 presentation to the Board of Directors was produced on January 20, 2012, seven previously produced presentations contain substantially similar (and more recent) information regarding Transocean's overall performance (*see* TRN-MDL-01143303, produced on June 17, 2011; TRN-MDL-02143480, produced on August 8, 2011; TRN-MDL-01085739, produced on June 16, 2011; TRN-MDL-00603228, produced on April 15, 2011; TRN-MDL-01097647, produced on June 16, 2011; TRN-MDL-01097690, produced on June 16, 2011; and TRN-MDL-01097738, produced on June 16, 2011.

Exhibit B also identifies a number of documents related to Transocean's subsea maintenance philosophy, including the following: an August 7, 2006 email from Daun Winslow to Kenneth Brown, Grant Howard, John Keeton, and Ken Reed re "Subsea Maintenance" (TRN-MDL-06236997); two December 8, 2009 emails from Simon Watson to Paul Tranter, Arnaud

Bobillier, and Deepak Munganahalli (TRN-MDL-05205787 and TRN-MDL-05127686) attaching slides for a Sub Sea Reliability meeting in Mumbai (beginning bates TRN-MDL-05205787); a February 15, 2010 email from Buddy Trahan to Kevin Weiss, James Kent, Jason Brown, Jason Callahan, Leon Tracy, Scott Smith (TRN-MDL-05845491) attaching slides from a January 2010 Operations Managers Asset meeting (beginning bates TRN-MDL-05845492); and a March 2, 2010 email discussion between Gene Nelms, James Bjornestad, Gary Leach, Lawrence Holman, Steve Hand, Barry Braniff, Rob Turlak, Lawrence Wright, Brad Rodger regarding accumulator testing procedures (TRN-MDL-06451432). Transocean's subsea maintenance philosophy has been featured prominently in this case, and the above-referenced documents do not contain new or different information than that reflected in various documents produced long ago, including TRN-MDL-00405768 and TRN-MDL-00427057, both produced on March 17, 2011, TRN-MDL-00589019 and TRN-MDL-00600260, both produced on April 9, 2011, and TRN-MDL-01164267, TRN-MDL-01181037, TRN-MDL-01181047, TRN-MDL-01181058, TRN-MDL-01181061, TRN-MDL-01181089 (each of which was produced on June 17, 2011).

**(3) Documents Withheld Subject to Timely and Appropriate Objections that the PSC Never Challenged.** Exhibit B identifies TRN-MDL-03998938, a PowerPoint presentation related to the Lloyd's safety review of Transocean's *North Sea Region*, as having been produced on January 12, 2012. Transocean timely and appropriately objected to the production of this document in our response to Plaintiffs' Document Request no. 77:

> In addition to the General Objections set forth above, Respondents object to this Request on the grounds that it is overly broad, vague, ambiguous, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and General Objections, Respondents have already produced non-privileged responsive documents, including the Lloyd's Register EMEA Transocean North America Division Summary Report dated July 2, 2010 (TRN-MDL-00119531-TRN-MDL-001199723). *In the event that additional non-privileged and responsive documents related to the North American Division report are located, Respondents will supplement their response. Reports about Transocean divisions other than the North American Division, and documents related to such reports, are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this proceeding.*

Transocean's objection was never challenged. TRN-MDL-03998938 was inadvertently produced, and its inadvertent production has in no way prejudiced the Plaintiffs.

The PSC also includes on Exhibit B ten documents related to 2004 well control events outside the Gulf of Mexico. Nine of these documents relate to an event on the *Jim Cunningham*, which occurred while that rig was operating in Egypt (TRN-MDL-06172983, TRN-MDL-06172986, TRN-MDL-06172977, TRN-MDL-06172980, TRN-MDL-06172995, TRN-MDL-06172998, TRN-MDL-06172989, TRN-MDL-06172992, and TRN-MDL-06172977) and one

document relates to an event on the *S714* that apparently occurred while the rig was operating in the North Sea (TRN-MDL-04711201). These documents are beyond the proper scope of requests (and subject to proper objections) both on geographic grounds (outside the Gulf of Mexico) and temporal grounds (older than 2009). These documents were inadvertently produced and their inadvertent production has in no way prejudiced the Plaintiffs. In fact, the PSC's trial Exhibit list already includes a 26-page PowerPoint presentation entitled "Jim Cunningham Loss of Well Control and Emergency Response" (TREX-07134). There is no reason for the PSC to now be permitted to add cumulative documents that have no relevance to the 2010 Macondo blowout.

**(4)** **Documents Not Responsive to any PSC Request, Not Discovered Through Negotiated Search Parameters and/or Not Relevant to MDL 2179.** Finally, Exhibit B identifies five documents that are not responsive to any PSC document request and/or were not discovered through the search parameters negotiated with the PSC. Whatever scant relevance these documents may have to MDL 2179, they do not justify amending the PSC's trial exhibit list or a stipulation of admissibility.

TRN-MDL-06570746, a May 8, 2005 email from Marc Cleaver to David Mullen, Ron Allen, and Simon Watson discussing the reduction of downtime due to unplanned operational events, precedes the Macondo incident by nearly five years and has no relevance to MDL 2179. Similarly, Exhibit B lists two documents discussing Transocean's THINK and TSTP processes, neither of which discusses well control. TRN-MDL-06416911 is a May 31, 2008 email from Jimmy Moore to Chris Knight discussing employee understanding of the THINK and TSTP processes. TRN-MDL-05877809 is a June 19, 2009 email discussion between Arnaud Bobillier to Jimmy Moore and Walter Cabucio (cc: Rob Saltiel and Adrian Rose) regarding Transocean's robust process for distributing lessons learned. We are not aware of a PSC document request to which these documents are responsive and they were not located through any of the search parameters negotiated with the PSC. Nevertheless, in an abundance of caution and in line with our Rule 26 duty to supplement, we produced these documents upon their discovery. This supplementation has in no way prejudiced the Plaintiffs and the PSC's trial exhibit list contains numerous documents regarding the issues addressed in these documents.

Finally, we are not aware of a PSC document request served on *Transocean* to which TRN-MDL-05476582, a September 26, 2006 email from Stuart Aspden (in Mumbai) to Arnaud Bobiller with the subject "BP texas city refinery incident speech," or the attached transcript of an April 24, 2006 speech by BP's John Mogford (beginning bates TRN-MDL-05476583) are responsive. These documents relate to BP's 2005 Texas City disaster about which the PSC has already designated numerous exhibits.

Please feel free to call me with any questions.

Sincerely,

Carter L. Williams

July 20, 2012
Page 11 of 11

cc:     Magistrate Shushan
        MDL 2179 Liaison Counsel
        Federal & State Interests Coordinators
        Brad Brian, Esq.
        Rachel Clingman, Esq.
        Allen Katz, Esq.
        Kerry Miller, Esq.
        Steve Roberts, Esq.