**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** | **MDL NO. 2179** |
|     **"Deepwater Horizon" in the Gulf** | |
|     **of Mexico, on April 20, 2010** | **SECTION J** |
| **Applies to:** *All Cases* | **JUDGE BARBIER** |
| | **MAGISTRATE JUDGE SHUSHAN** |

**ORDER**

**[Regarding the PSC's Request for New Phase One Transocean Depositions]**

On July 11, 2011, the PSC contended that Transocean did not produce documents relevant to the punitive/privity claims until after January 12, 2012. It sought the depositions of four Transocean employees and the amendment of the exhibit list for Phase One. Rec. doc. 7234. Transocean responded. Rec. doc. 7260. The PSC and Transocean met-and-conferred and submitted further letters on the issues. Rec. docs. 7254 and 7242.

Initially the PSC identified 63 documents to be added to the exhibit list. Rec. docs. 7234 (Exhibit B) and 7260 (at page one). On August 10, it submitted 10 documents which it described as representative of the 37 documents which it wanted to add to its exhibit list. Rec. doc. 7254. At the Working Group Conference on August 17, 2012, counsel for Transocean reported that:

> I want to just say what we were willing to do is consent to amendment of the exhibit list for all 50 of their documents. We are willing to de-designate confidentiality. We are willing to stipulate to authenticity. We don't see any reason at this point to agree that they are admissible.

Rec. doc. 7175 at 13. In conformity with the scope of Transocean's consent, the PSC is permitted to amend the exhibit list. The admissibility of the additional documents will be resolved by District Judge Barbier.

The PSC seeks the depositions of Bob Long, Steve Newman and Adrian Rose. Rec. doc.

7234.  It does not require the deposition of McMahan because he will appear live at the trial.  Rec.

doc. 7175 at 9.

The PSC must present good cause to re-depose Long, Rose and Newman.  It contends that:

(1) the 10 representative documents demonstrate the need for the depositions; and (2) the documents

should have been produced in the normal course of Phase One production or as custodial file

production for Long, Rose, Newman and McMahan.  Transocean responds that: (1) seven of the

documents (nos. 1, 2, 3 and 7-10) were not responsive to any PSC document request; (2) two of the

documents (nos. 4 and 6) do not present new substantive information; and (3) document no. 5 relates

to Phase Two.

**Document No. 1**.

TRN-MDL-06099840 with attachment TRN-MDL-06099850 includes a PowerPoint slide.

The inference from the slide is that the statement in it either was authored or approved by Bob Long.

Transocean argues that the statement that "people don't just die on our rigs - we kill them" must be

read in context.  The slide clearly refers to dropped tools.  It has nothing to do with well blow-outs

or precursors to a well blow-out, like a kick.  The PSC will not be prejudiced by not being permitted

to examine Bob Long on this document.  It has not demonstrated good cause.

**Document No. 2**.

TRN-MDL-05880590 with attachment TRN-MDL-05880591 is part of a slide presentation.

The author is Bob Long.[1]  Transocean's letter of July 20 at page 5 states that TRN-MDL-05880590

is an email exchange.  The email and the attachment (TRN-MDL-05880591) relate to a meeting in

---

[1]  The presentation by the PSC creates some confusion.  The index refers to these two pages.
Following Tab 2, however, are TRN-MDL-05880591 and TRN-MDL-05880594.  The latter page is the one
of interest to the PSC.

Mumbai to review Transocean's 2007 occupational safety performance; for example dropped objects and hand and finger injuries.  Rec. doc. 7260.  Based on the representation by Transocean as to the purpose of the Mumbai meeting and for the reasons described for Document No. 1, the PSC will not be prejudiced if it is not permitted to examine Long on Document No. 2.

**Document No. 3**.

TRN-MDL-06416911-064169112 is an email exchange between Jimmy Moore and Chris Knight which is specific to the Deepwater Horizon.  Transocean responds by referring to a Lloyd's Register safety audit completed on March 14, 2010 (TREX-00932 on the PSC exhibit list).  It urges that the Lloyd's audit confirms that the Deepwater Horizon crew understood the safety policies and in particular the THINK plan and the START processes.

There is some prejudice to the PSC in not having seen this document previously.  It is not clear what the PSC gains by additional questioning of Long, Rose and Newman, as they were not copied on the exchange.  The PSC does not state who it would question about the document.  If its intent is to question McMahan, then the request for a deposition is moot as McMahan will testify at trial.

**Document No. 4**.

TRN-MDL-04937152-53 is an email exchange.  While it starts out concerned with injuries to hands and fingers, the discussion shifts to a DWH test of the BOP.  There is prejudice to the PSC in not having seen this document previously.  It should be able to question someone about it.

**Document No. 5**.

TRN-MDL-005757944 and TRN-MDL-005758177 is part of a Day-Timer.  The author is

Larry McMahan.[2]  The issue concerns the page for January 9.  The PSC contends that it reveals items concerning the DWH which McMahan was working on before the blowout.  Transocean responds that this is a mistake, because the references in the right hand column refer to the Congressional inquiry after the blow-out.

McMahan will testify live, so this issue can be resolved when he testifies. There is no need to consider this document in terms of the request for the depositions of Long, Rose and Newman.

**Document No. 6**.

These emails relate to Transocean's launch of an evaluation of the safety culture.  Long, Newman and Rose are authors and/or copied on some of these.  Transocean contends that the final announcement was produced and used in the PSC's examination.  Document No. 6 includes:

TRN-MDL-04335663 with attachment 04334665

TRN-MDL-04335669 with attachment 04335670

TRN-MDL-04335704 with attachment 04335708

TRN-MDL-04335711 with attachment 04335713

TRN-MDL-04335057

There is prejudice to the PSC.  If Transocean produced the final announcement, it should have produced the drafts and email exchanges pertaining to the final announcement.

**Document No. 7**.

TRN-MDL-05762567 is an email exchange between McMahan and Steve Newman.  The

---

[2] There is confusion in the PSC presentation.  Following Tab No. 5 are the cover page of a calendar (TRN-MDL-005757944), the first page for January 2010 (TRN-MDL-005757945) indicating it is McMahan's calendar, and the page for January 9, 2010 (TRN-MDL-005757956).  Also behind Tab No. 5 are the cover page for July through December 10 (TRN-MDL-005758177) and the page for July 18, 2010 (TRN-MDL-005758205).

key email is authored by McMahan.  He will testify live at the trial.  A deposition is not needed for this document.

**Document No. 8**.

TRN-MDL-06570746 with attachment TRN-MDL-06570798-06570813 contains an email from Marc Cleaver to David Mullen, dated May 8, 2005.  Long, Rose, Newman and McMahan are not copied on the document.  The focus of the PowerPoint presentation is downtime throughout Transocean.  It is not limited to the DWH.

The PSC will not be prejudiced by not being permitted to examine someone on this document.  It has not demonstrated good cause.

**Document No. 9**.

TRN-MDL-05467036 is an email exchange concerning conditions on a rig, the Arctic-1, working in Brazil.  With some limited exceptions, discovery has been confined to the GOM.  The PSC will not be prejudiced by not being permitted to examine someone on this document.  It has not demonstrated good cause.

**Document No. 10**.

TRN-MDL-05877809 is an email dated June 19,2009, concerned with a man overboard incident in the Caspian Sea.  This is like Document No. 9 in that it concerns an incident outside the GOM.  The PSC will not be prejudiced by not being permitted to examine someone on this document.  It has not demonstrated good cause.

**CONCLUSION**

There is prejudice to the PSC with respect to Document Nos. 4 and 6.  There is also some prejudice to the PSC with Document No. 3.  Transocean shall produce Steve Newman for an

examination on these documents.  The PSC may examine Newman on Document No. 7 with the exchange between McMahan and Newman.  It may also examine Newman on other of the 37 documents which the parties believe are at issue as a result of extrapolation of the holdings of this order to the remaining documents.

The deposition will be limited to 240 minutes.  The PSC is allocated 150 minutes.  There is no need for examination by the States or the U.S.  The defendants other than Transocean shall allocate 60 minutes among themselves.  Transocean shall have 30 minutes at the conclusion of the examination.

The parties may not amend expert reports to refer to these documents.  District Judge Barbier will resolve whether an expert may refer to any of the documents or Newman's additional deposition testimony.

**The deadline for an appeal of this order is Monday, September 10, 2012.**

New Orleans, Louisiana, this 4th day of September, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**