UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding Verification of Extrapolation of BP's Schedule I Privilege Claims]

On July 13, 2012, there was ruling on challenges by the U.S., Louisiana, Transocean and Halliburton to BP's assertions of privilege on documents identified on Schedule I privilege logs. Rec. doc. 6904. On July 20, 2012, BP's request for reconsideration was granted as to certain documents. Rec. doc. 7012. On August 8, 2012, there was a ruling on challenges by the U.S. to BP's Schedule III privilege logs. Rec. doc. 7067. Those orders were not appealed.

BP completed the process of extrapolating the July 13 and 20 rulings to documents subject to privilege claims. On August 13, 2013, it submitted a log with 3,932 entries over which it continued to assert privilege claims. Rec. doc. 7243. On August 14, 2012, the Court randomly identified 30 documents from this log for verification of the extrapolation process. Rec. doc. 7119. On August 20, 2012, BP submitted the 30 documents with declarations for *in camera* review.[1]

---

[1] BP submitted declarations from three of its employees, Bob Merrill, Tim Lockett, and Donna Ward. Ms. Ward is an attorney in the BP law department. It submitted declarations from three attorneys with Kirkland & Ellis LLP, Joel Blanchet, Stuart Drake, and Mark Nomellini. On September 3, 2012, a declaration from Farah Saidi was submitted. These declarations and the additional documents submitted by BP will be filed under seal with access limited to District Judge Barbier, the undersigned and their staff.

The 30 documents were numbered 65 through 94. On June 26, 2012, BP submitted for *in camera* inspection its response to Schedule 1 privilege challenges. These documents were numbered 1 through 57. On July 26, it submitted for *in camera* inspection its response to Schedule 3 privilege challenges. These documents were numbered 58 through 64.

**A.     BP No Longer Asserts Privilege Over Nos. 66, 67, 71, 74, 80 and 92.**

BP reports that it will not assert privilege over six documents, so it will not be necessary to consider whether they are protected from disclosure. The six documents with the numbers from the August 13 privilege log in parenthesis are:

| No. 66 (136) | No. 71 (983) | No. 80 (1,961) |
| No. 67 (265) | No. 74 (1,265) | No. 92 (3,558) |

**B.     Flow Rate Team Documents Nos. 68, 72, 73, 84-89, 91 and 94.**

These eleven documents are dated from July 26, 2010 through January 20, 2011; after the initial meeting of BP's attorney-directed Flow Rate Team. Rec. doc. 6904 at 6. BP contends that they are entitled to work-product protection. The Court's *in camera* review demonstrates that they are protected from disclosure as part of the work-product of the Flow Rate Team. BP has carried its burden of proof with respect to these documents.

| No. 68 (589) | No. 85 (2,616) | No. 89 (3,172) |
| No. 72 (1,089) | No. 86 (2,707) | No. 91 (3,381) |
| No. 73 (1,163) | No. 87 (2,897) | No. 94 (3,683) |
| No. 84 (2,583) | No. 88 (2,978) | |

**C.     Other Flow Rate Team Documents Nos. 75-79, 81-83 and 90.**

These nine documents are dated from September 16, 2010 through January 30, 2011. BP contends that they are entitled to work-product protection. The Court's *in camera* review demonstrates that they are protected from disclosure as part of the work-product of the Flow Rate Team. BP has carried its burden of proof with respect to these documents.

| No. 75 (1,316) | No. 78 (1,673) | No. 82 (2,285) |
| No. 76 (1,418) | No. 79 (1,802) | No. 83 (2,336) |

        No. 77 (1,550)        No. 81 (2,192)        No. 90 (3,224).

**D.**    <u>**No. 65 (22)**</u>.

The July 30, 2012 order determined that document nos. 26, 28, 30, 45, 46, 51 and 54 were protected from disclosure by the attorney-client privilege. Based on this ruling, Document No. 65 is protected by the attorney-client privilege.

**E.**    <u>**No. 69 (753)**</u>.

BP contends that it is protected by the attorney-client privilege and, in the alternative, the work-product doctrine. It is protected by the attorney-client privilege.

**F.**    <u>**No. 70 (809)**</u>.

This document is similar to Document Nos. 51 and 54 which were determined to be protected by the attorney-client privilege in the July 30 reconsideration order (Rec. doc. 7012). It is protected by the attorney-client privilege.

**G.**    <u>**No. 93 (3,558)**</u>.

This document is somewhat similar to Document No. 70. It is protected by the attorney-client privilege.

**Any appeal of this order must be filed by close of business on Monday, September 10, 2012.**

New Orleans, Louisiana, this 4th day of September, 2012.

                              **SALLY SHUSHAN**
                              **United States Magistrate Judge**