## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re: Oil Spill by the Oil Rig** | **MDL NO. 2179** |
| **"Deepwater Horizon" in the Gulf** | |
| **of Mexico, on April 20, 2010** | **SECTION J** |
| | |
| **Applies to:** *All Cases* | **JUDGE BARBIER** |
| | **MAGISTRATE JUDGE SHUSHAN** |

<u>**ORDER**</u>

**[REGARDING THE USE BY THE DEEPWATER HORIZON ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT CLAIMS ADMINISTRATOR OF LOUISIANA FISHERIES DATA]**

**CONSIDERING** the request by Patrick A. Juneau, the Claims Administrator of the Economic and Property Damages Settlement (the "Claims Administrator") for entry of an Order in aid of implementation of the Court Supervised Settlement Program, pursuant to this Court's continuing and exclusive jurisdiction under Section 18.1 of the Economic and Property Damages Settlement Agreement and Paragraph 37 of the May 2, 2012 Preliminary Approval Order (Rec. doc. 6418), and being fully apprised:

IT IS HEREBY ORDERED:

1. *Defined Terms.* All undefined terms used in this Order shall have the same meanings given to such terms in the Economic and Property Damages Settlement Agreement (as amended on May 2, 2012) ("Settlement Agreement").

2. *LDWF Fisheries Dependent Data.* On May 18, 2012, this Court entered an Order (Rec. doc. 6550) (the "LDWF Order") allowing the Claims Administrator and his staff and vendors access to annual finfish and shellfish species landings data from 1999 through present (or most current Trip Ticket database information) as well as vessel information, including registration number and vessel size (the "Louisiana Fisheries Data"), taken from data maintained by the Louisiana Department of Wildlife and Fisheries ("LDWF"), for the purpose of implementing and administering the Settlement Agreement.

3. *The Purpose of this Order.* This Order further specifies the manner in which the Claims Administrator may use the Louisiana Fisheries Data in compliance with the

LDWF Order and modifies, amends and supercedes the LDWF Order to the extent provided herein.

4. *Nature of this Order.* This order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. §552a(b)(11); the Magnuson-Stevens Act, 16 U.S.C. § 1881a(b)(1)(D); the Health Insurance Portability and Affordability Act of 1996 ("HIPAA") implementing regulations, 45 C.F.R. §164.512(a), (e)(1)(I); the Drivers Privacy Protection Act, governing vessel registration information, 18 U.S.C. § 2721 et seq.; and pursuant to applicable Louisiana law, including the Database Security Breach Notification Law, La. R.S. 51:3071 et seq., and the Fishing and Fish Industry Licensing law, La. R.S. 56:301 et seq., as well as implementing regulations, LAC 76:I.321.

5. *Confidentiality of Louisiana Fisheries Data.* All Louisiana Fisheries Data shall be kept treated as confidential Claims Information subject to the Court's Order Regarding the Confidentiality of Claims Information of the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement (Rec. doc. 6822) (the "Claims Information Confidentiality Order"), subject to the additional provisions of this Order.

6. *Certifications Required of Certain Recipients of Louisiana Fisheries Data.* Before disclosing any Louisiana Fisheries Data pursuant to Paragraphs 7, 9, 10 or 11 of the Claims Information Confidentiality Order, the Claims Administrator shall require the potential recipient to execute and submit to the Claims Administrator a signed Certification substantially in the form of Appendix B to the Claims Information Confidentiality Order, rather than the Certification appearing in Appendix A to the LDWF Order. The Claims Administrator shall maintain copies of the Certifications and a log of all recipients who have executed such a Certification and shall provide the Louisiana Attorney General's office and LDWF with a copy of the log and any executed Certification upon written request.

7. *Access by a Claimant and Provision of Claims Information to Recipients Authorized by the Claimant.* A claimant and claimant's counsel (and any person expressly authorized by the claimant in writing substantially in the form of Appendix A to the Confidentiality Order) shall have access to the claimant's Louisiana Fisheries Data at such time and in such manner as granted at the discretion of the Claims Administrator as provided in the Settlement Agreement and any Order of this Court.[1] By the filing of any Claim Form under the Settlement Agreement, a claimant is deemed to have waived all privileges and grants of confidentiality, statutory or otherwise, related to the Louisiana Fisheries Data in the possession of the Claims

---

[1] Prior to releasing personal Trip Ticket data, the Settlement Claims Administrator shall first ensure the receipt of sufficient documentation, including verification of the identity of the requesting fisherman through government issued photo identification or other sufficient proof of identity.

Administrator and to have authorized access to such data by the claimant's counsel of record with the Claims Administrator.

8.    *Exclusive Retained Jurisdiction.*   This Court retains continuing and exclusive jurisdiction over the interpretation, implementation and enforcement of this Order.

New Orleans, Louisiana, this 5th day of September, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**