UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 <br><br> THIS DOCUMENT RELATES TO: <br><br> 10-3896 AND 11-826 | CIVIL ACTION <br><br> MDL NUMBER:  2179 <br><br> SECTION "J" <br><br> JUDGE BARBIER <br> MAGISTRATE SHUSHAN |

**SEACOR'S MEMORANDUM IN OPPOSITION TO
DUWAYNE MASON'S MOTION TO SEVER**

Seacor Holdings, Inc., Seacor Offshore LLC, and Seacor Marine LLC (collectively, "Seacor") respectfully oppose DuWayne Mason's ("Plaintiff" or "Mason") Motion to Sever and to Set Scheduling Conference (Rec. Doc. 6909).[1]  Because Mason's claims against Seacor fall squarely within several of the "pleading bundles" that the Court has established in this multidistrict litigation, his motion to sever is nothing more than an effort to make an end-run around the Court's management of this complex litigation and should be denied.

From the outset of the litigation and as recently as the Court's last status conference of July 13, 2012, the Court has made it clear that it will not put the case in a procedural posture in

---

[1] Pursuant to the Court's August 21, 2012 Order, Seacor's opposition to the motion is to be filed by September 5, 2012.  (Rec. Doc. 7155)

which the underlying factual dispute about liability and causation has to be tried more than once. The reason for this decision by the Court is obvious – to avoid the incredible drain on the resources of the Court and the parties which would result from multiple trials involving identical issues. To proceed otherwise would completely undermine the basic rationale of the rules on multi-district litigation and of common sense.

The relief Mason requests in his motion to sever, though, would result in precisely the kind of fragmented and duplicative process that the Court has determined to avoid. This is true even though, as plaintiff says, he has technically made no claim against BP or any other party that could potentially be liable to him, choosing instead to proceed only against Seacor as his employer. While certainly true, this ignores the fact Seacor would necessarily have to implead others who may have caused the DEEPWATER HORIZON disaster if Seacor were compelled to defend itself in a proceeding that raises the very same issues as those common to the B3 and B4 pleading bundles.

In fact, and although it is not clear from the face of Mason's motion, Mason has filed two separate and distinct claims against Seacor in this multidistrict litigation. First, Mason has filed a claim in the M/V SEACOR VANGUARD limitation action (Civil Action No. 10-3896) alleging that he suffered personal injuries as a result of "…exposure to chemicals, smoke, heat, and other noxious by-products of the rig fire" during his employment on the VANGUARD in the hours immediately following the explosion and fire on the DEEPWATER HORIZON. *See* MDL 2179, Rec. Doc. 1941. Although this claim was not subject to Seacor's motion to dismiss the bulk of the B4 claims, it nevertheless falls within the B4 pleading bundle and was specifically referenced in this Court's judgment in the VANGUARD limitation action. *See* Civil Action No. 10-3896,

Rec. Doc. 61. Second, Mason has filed a separate lawsuit against Seacor that repeats his B4 allegations but also includes allegations that fall within the B3 pleading bundle, namely that Mason was "engaged in collecting the oil and dispersant" in the three to four months following the spill and allegedly suffered personal injuries as a result of his exposure to "crude oil, chemical components of the crude oil, chemical dispersant and other noxious by-products of the . . . . oil spill." *See* Civil Action No. 11-826, Rec. Doc. 1 at ¶¶ 5, 6 (attached for the Court's convenience). Mason's motion to sever fails to mention his B3 claims. Pursuant to Paragraph 8 of Pre-Trial Order No. 25 (Rec. Doc. 983), Mason's B3 claims are currently stayed. Thus, contrary to Mason's assertion that his claims are "tenuously connected to the MDL", the facts as pled by Mason himself confirm that his claims are inextricably intertwined with the MDL.[2]

Putting aside which bundle(s) Mason's claims may fall within, if the Court were to grant Mason's motion to sever, similar claimants (whether B3, B4 or otherwise) would no doubt come forward – as some indeed did at the most recent Court conference – seeking individualized consideration of their claims as well, and the Court's thus-far successful efforts to manage in an organized fashion the multitude of claims in this multidistrict litigation would unravel. Plaintiff's complaint of hardship resulting from delay is no different than what any other claimant could allege, and some have already alleged, but the Court has rejected. Further, although plaintiff disclaims it as a possible source of prompt relief, his claims appear to fall squarely within the proposed class settlement of the B3 personal injury claims. If time truly is of the essence to him, there is no reason why plaintiff cannot explore a prompt and full

---

[2] In addition, to the extent that Mason's motion can be interpreted to seek severance of only his B4 claims, his motion should still be denied for all of the reasons stated herein and also because he cannot "split" his B3 and B4 claims, given that he alleges his losses apparently stem from both claims combined.

consideration of his claims in that context.  In fact, the prompt resolution of claims such as this is one of the major factors mitigating in favor of the proposed settlement.  That is, of course, Mason's choice, but, in any event, his individual considerations cannot trump the broader considerations of the MDL proceeding.

For all of these reasons, Mason's motion to sever should be denied.

Respectfully submitted,

/s/ *Gary A. Hemphill*
Gary A. Hemphill, T.A. (#6768)
Hugh Ramsay Straub (#12525)
**PHELPS DUNBAR LLP**
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130

Michael J. Lyle (DC Bar #475078, IL Bar #6199227)
**WEIL, GOTSHAL & MANGES LLP**
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Telephone:  (202) 682-7157
Facsimile:  (202) 857-0940

Theodore E. Tsekerides (NY Bar #2609642)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8218
Facsimile: (212) 310-8007

ATTORNEYS FOR SEACOR HOLDINGS, INC., SEACOR OFFSHORE, LLC, AND SEACOR MARINE LLC

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Seacor's Response to DuWayne Mason's Motion to Sever has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 5th day of September, 2012.

　　　　　　　　　　　　　　　　　　　/s/ Gary A. Hemphill
　　　　　　　　　　　　　　　　　　　GARY A. HEMPHILL
　　　　　　　　　　　　　　　　　　　HUGH RAMSAY STRAUB