UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig<br>"Deepwater Horizon" in the Gulf<br>of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding Deliberative Process Privilege Claims]

Schedules I through V were established for privilege logs served during various intervals.[1] The briefing established for these schedules is not applicable to Deliberative Process Privilege ("DPP") entries on such logs. See Rec. doc. 6707 at notes 3, 4 and 5. Because of the volume of DPP entries, BP's challenges to those entries proceeded on a separate track.[2] From at least April 12, 2012, the U.S., BP and the Court worked with DPP entries related to quantification documents. Rec. docs. 6228, 6510 at 3, 6568, and 6604. On June 11, 2012, an order was issued overruling BP's

---

[1] Schedule I applies to privilege logs served before May 1, 2012. Rec. doc. 6510 at 4. The U.S. served Privilege Log Nos. 1 through 41 before May 1.

Schedule II applies to privilege logs served from May 1 through May 31. Rec. doc. 6510 at 5 and Rec. doc. 6707 at 2. The U.S. served Privilege Log Nos. 42 through 45 from May 1 through May 31.

Schedule III applies to privilege logs served by the U.S. and BP from June 1 through June 22 and privilege logs served by all other MDL parties by June 22. Rec. doc. 6707 at 3. The U.S. did not serve any privilege logs during Schedule III.

Schedule IV applies to privilege logs served by the U.S. and BP from June 23 and through July 31. Rec. doc. 7107 at 4. The U.S. served Privilege Log Nos. 46 through 52 during Schedule IV.

Schedule V applies to privilege logs served by the U.S. and BP from August 1 through August 17. Rec. doc. 7218 at 4. The U.S. served Privilege Logs Nos. 53 through 57 during Schedule V.

The U.S. served Privilege Log No. 58 on August 21 and Privilege Log No. 59 on August 31.

[2] On March 7, 2012, BP reported that on 24 U.S. privilege logs there were almost 82,000 entries for documents withheld exclusively on the basis of DPP. Rec. doc. 6228 at 1.

challenge to 21 DPP claims by the U.S.  Rec. doc. 6650.  The U.S. was ordered to produce 30 documents for *in camera* review for verification of the extrapolation of the June 11 order. Rec. doc. 6873.  The U.S. produced 7 of the 30 to BP and submitted 23 for *in camera* review.  The Court determined that 21 were subject to the DPP and 2 were not subject to the DPP.  Rec. doc. 6056.

The May 31 order regarding DPP claims effectively divided DPP claims or assertions into three groups.  The first group concerned the DPP claims which were the subject of the process leading to BP's challenge to the 21 DPP claims.  Rec. doc. 6604.  The second group concerned the remaining DPP claims on privilege logs served by May 31.  The third group concerned privilege logs served after May 31.  Id. at 3.  The order described the five steps to be completed by the U.S. "for DPP entries on <u>all</u> privilege logs." Id. at 2 (emphasis in original).  The five steps were:

    A.    Identify the Phase Three or later phase documents where the DPP was asserted and which do not have to be produced in Phase Two.

    B.    Review remaining DPP entries and produce the documents for which the DPP designation was withdrawn.

    C.    Extrapolate the ruling on BP's May 29 challenge to the 21 documents to all remaining DPP entries after the completion of Steps A and B.

    D.    Produce further samples of documents the U.S. contends that it is not required to produce as a result of the Court's ruling on BP's May 29 challenge so that the Court can determine that the U.S. properly extrapolated the ruling to DPP entries remaining after the completion of Steps A and B.

    E.    Where necessary, the U.S. shall provide additional declarations.

Rec. doc. 6604 at 2-3.  For privilege logs served after May 31, 2012, the U.S. was to complete Steps

A and B within 20 days of the service of the privilege logs. The U.S., BP and the Court were to confer on a schedule for the completion Steps C, D and E. Id. at 3.

For privilege logs served after May 31, the order did not address the effect of a verification ruling on Step C. Because the verification order found that 2 documents were not subject to the DPP (Rec. doc. 7056), the ruling on BP's May 29 challenge to the 21 documents was modified and Step C must be modified accordingly. Thus, for privilege logs served after May 31, the U.S. will:

> C. Extrapolate the ruling on BP's May 29 challenge to the 21 documents (Rec. doc. 6650), as modified by the verification order (Rec. doc. 7056), to all remaining DPP entries after the completion of Steps A and B.

BP and the U.S. submitted further communications on the DPP claims, including BP's letter of August 6 (Rec. doc. 7245), BP's letter of August 13 (Rec. doc. 7246), the U.S.' letter of August 17 (Rec. doc. 7250) and BP's letter of August 23 (Rec. doc. 7241).

**A.   DPP Entries on Privilege Log Nos. 1-45.**

The Court is satisfied with the extrapolation of its rulings to the DPP entries on these logs. There is no need to consider further challenges to these entries.

**B.   DPP Entries on Privilege Log Nos. 46-57.**

The last of these privilege logs was served on August 15, 2012. Pursuant to the May 31 order, the U.S. was required to complete Steps A and B within 20 days of the service of the logs or by September 4. The U.S. reports that the Court's rulings were extrapolated to the DPP entries on these logs. By **Wednesday, September 12, 2012**, the U.S. shall provide a list of the DPP entries on these logs, so samples can be selected and a determination made as to whether the U.S. properly extrapolated the rulings to the DPP entries on these logs. In addition to the randomly selected

documents, the U.S. shall produce for *in camera* inspection: (1) the 3 DPP entries which BP contends remain subject to challenge; and (2) the 5 DPP entries re-designated as Phase Two.

C.      **DPP Entries on Privilege Log Nos. 58 and 59.**

Pursuant to the May 31 order, the U.S. is required to complete Steps A and B for these two logs by September 20, 2012. By no later than **Wednesday, September 26, 2012**[3], the U.S. shall provide a listing of the DPP entries, so samples can be selected and a determination made as to whether the U.S. properly extrapolated the rulings to the DPP entries on these logs.

D.      **DPP Entries on Privilege Logs Served After August 31.**

For privilege logs served after August 31, the U.S. shall: (1) complete Steps A and B within the 20 day deadline provided in the May 31 order; (2) **within five(5) days of the completion of Steps A and B,** the U.S. shall submit a list of the DPP entries on these logs; and (3) the Court will select a certain number of the entries for verification.

The deadline for appeal of this order is the close of business on **Wednesday, September 12, 2012**.

New Orleans, Louisiana, this 6th day of September, 2012.

SALLY SHUSHAN
United States Magistrate Judge

---

[3] If any of these steps can be accomplished sooner, that would be helpful.