UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| | * | MAG. JUDGE SUSHAN |
| **THIS DOCUMENT APPLIES TO:** | * | |
| No. 12-00311 | * | **JURY TRIAL DEMANDED** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## LIBERTY INSURANCE UNDERWRITERS, INC.'S
## AFFIRMATIVE DEFENSES AND ANSWER TO FIRST AMENDED COMPLAINT

Liberty Insurance Underwriters, Inc. (hereinafter referred to as "Liberty" or "Defendant") files this Answer and Affirmative Defenses to the First Amended Complaint of Cameron International Corporation (Doc. 6287) (the "Amended Complaint"). In support of this Answer, Liberty would respectfully show the Court as follows:

### A.      ADMISSIONS AND DENIALS

1.      Defendant admits in part that this action relates to various lawsuits arising from the Gulf of Mexico oil spill, but Defendant denies that it disregarded any obligation under its contract of insurance to Cameron International Corporation ("Cameron") as stated in Paragraph 1 of the Amended Complaint.

2.      Defendant admits in part that Cameron reached a settlement with BP for $250 million. Defendant further admits in part that Cameron sought indemnity for the settlement from its insurers and that Liberty has not indemnified Cameron**.** Defendant denies all remaining allegations contained in Paragraph 2 of the Amended Complaint.

3.      Defendant admits in part that this action is based upon allegations of breach of contract and that Plaintiff seeks a declaratory judgment as stated in Paragraph 3 of the Amended Complaint.  Defendant denies that it breached the insurance contract or acted in bad faith and further denies that Plaintiff is entitled to any declaratory relief.  Defendant denies all other allegations in Paragraph 3 of the Amended Complaint.

4.      Defendant admits the facts stated in Paragraph 4 of the Amended Complaint.

5.      Defendant admits that it is a corporation organized under laws of the State of Illinois.   Liberty Insurance Underwriters Inc.'s principal place of business is Boston, Massachusetts.  Liberty Insurance Underwriters Inc. trades under the name Liberty International Underwriters and Liberty Insurance Underwriters is not a legal entity, it is a marketing trade name for an internal division.  Defendant denies all remaining allegations in Paragraph 5 of the Amended Complaint.

6.      In response to Paragraph 6 of the Amended Complaint, Defendant admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based upon diversity jurisdiction as Plaintiff is a citizen of Delaware and Texas and Defendant is a citizen of Massachusetts and Illinois and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Defendant waives any objection to venue, but denies that a substantial part of the events giving rise to Plaintiff's claims occurred in the District as stated in Paragraph 7 of the Amended Complaint.

8.      Defendant admits the facts stated in Paragraph 8 of the Amended Complaint.

9.      Defendant admits the facts stated in Paragraph 9 of the Amended Complaint.

10.     Defendant is unable to quantify precisely how Cameron is "like most responsible companies," but generally admits the facts otherwise stated in Paragraph 10 of the Amended Complaint.

11.     Defendant admits in part that Cameron purchased insurance from Liberty and that Liberty has a website as stated in Paragraph 11 of the Amended Complaint.  The remaining allegations in Paragraph 11 are denied.

12.     Defendant admits that Liberty issued to Cameron an excess insurance policy, Policy No. LQ1-B71-198583-046, which had effective dates of July 1, 2009 to July 1, 2010 (the "Policy").  In respect to the terms, conditions, limitations, and exclusions of the Policy, the Policy speaks for itself.  Defendant admits that Cameron carried insurance with Liberty since July of 2006 as stated in Paragraph 12 of the Amended Complaint.  Defendant denies that the conditions required for attachment are properly stated by Plaintiff in Paragraph 12 of the Amended Complaint as the "other insurance" provision also made the Liberty policy excess to "any type of self-insurance, indemnification or other mechanism by which an Insured arranges for funding of legal liabilities."

13.     Defendant admits that Liberty issued Policy No. LQ1-B71-198583-046 to Cameron.  In respect to the terms, conditions, limitations, and exclusions of the Policy, the Policy speaks for itself.  Defendant admits that the Policy Limits of the Liberty Policy are $50 million subject to the terms, conditions, and limitations of the Policy.  Because Plaintiff has only partially stated the terms and conditions of the policy and has omitted other essential terms and conditions, Defendant denies the remaining allegations as stated in Paragraph 13 of the Amended Complaint.

14.     Defendant admits that Liberty issued Policy No. LQ1-B71-198583-046 to Cameron.  In respect to the terms, conditions, limitations, and exclusions of the Policy, the Policy speaks for itself.  Defendant admits that Liberty Mutual, Illinois National Insurance Company, ACE American Insurance Company and XL Insurance Company Limited are below Liberty in the insurance tower.  Because Plaintiff has only partially stated the terms of the policy and has omitted other essential terms and conditions, Defendant denies the remaining allegations stated in Paragraph 14 of the Amended Complaint.

15.     Defendant denies the allegations stated in Paragraph 15 of the Amended Complaint.

16.     Defendant admits in part that Cameron purchased insurance from other carriers as stated in Paragraph 16 of the Amended Complaint.  Defendant cannot admit at this time that Plaintiff's generalized allegations and incorrect conclusions of law about the interplay of the various insurance policies is accurate and as such denies the same.

17.     Defendant admits the facts stated in Paragraph 17 of the Amended Complaint.

18.     Defendant admits the facts stated in Paragraph 18 of the Amended Complaint.

19.     Defendant admits the facts stated in Paragraph 19 of the Amended Complaint.

20.     Defendant admits the facts stated in Paragraph 20 of the Amended Complaint.

21.     Defendant admits the facts stated in Paragraph 21 of the Amended Complaint.

22.     Defendant admits that lawsuits against Cameron and others relating to the BP oil spill have been consolidated in the Oil Spill MDL pending before Judge Barbier as stated in Paragraph 22 of the Amended Complaint.  Defendant admits that various plaintiffs in the MDL seek various damages, *inter alia*, damages for lost revenue, wrongful death, environmental

damages, personal and property damages.  The pleadings in the various lawsuits are the best evidence of the lawsuits' allegations.

23.     Pursuant to FRCP 8(b)(5), Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 23 of the Amended Complaint.

24.     Pursuant to FRCP 8(b)(5), Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations as stated in Paragraph 24 of the Amended Complaint.

25.     Defendant admits the Liberty excess policy was a part of the tower of insurance as stated in Paragraph 25 of the Amended Complaint.   Pursuant to FRCP 8(b)(5), Defendant lacks knowledge or information sufficient to form a belief about Cameron's thought process and expectations in purchasing the various insurance policies which comprise the tower.   Defendant denies the remaining allegations stated in Paragraph 25 of the Amended Complaint.

26.     Defendant denies in part the allegations stated in Paragraph 26 of the Amended Complaint, but admits that Cameron gave notice of the claim on or about April 28, 2010.

27.     Defendant denies the facts stated in Paragraph 27 of the Amended Complaint.

28.     Defendant denies in part the allegations stated in Paragraph 28 of the Amended Complaint but admits that Cameron did provide Liberty with some information and documents.

29.     Defendant admits the facts stated in Paragraph 29 of the Amended Complaint.

30.     Defendant denies in part the allegations stated in Paragraph 30 of the Amended Complaint but admits that Cameron provided some documents to Liberty.

31.     Defendant denies in part the allegations stated in Paragraph 31 of the Amended Complaint but admits that Cameron had some discussions with Liberty about the settlement process.

32.     Pursuant to FRCP 8(b)(5), Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning what Cameron believed as stated in Paragraph 32 of Plaintiff's Amended Complaint.   The remaining allegations contained in Paragraph 32 of the Amended Complaint are denied.

33.     Defendant admits in part that the Terms and Conditions of the two equipment purchase orders ("T&C") and the written Master Service Agreement between Cameron and Transocean ("MSA") contain indemnification provisions by which Transocean was to indemnify Cameron.  Defendant further admits in part that Transocean disputed its obligation to indemnify Cameron, but denies all remaining allegations stated in Paragraph 33 of the Amended Complaint.

34.     Defendant denies that the indemnity provisions cited from the T&C are accurately stated in Paragraph 34 of the Amended Complaint.  The contract itself (the T&C) is the best evidence with respect to the true contents of the agreement entered between Cameron and Transocean.

35.     Defendant admits that the indemnity provision cited in Paragraph 35 of the Amended Complaint is accurately stated, but further states that the contract itself (the MSA) is the best evidence with respect to the true contents of the agreement entered between Cameron and Transocean.

36.     Defendant admits that Cameron sought enforcement of its rights to indemnity in the Oil Spill MDL as stated by Plaintiff in Paragraph 36 of the Amended Complaint.  Defendant admits in part that Transocean agreed to honor its knock-for-knock indemnity obligation.

Pursuant to FRCP 8(b)(5), Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations as stated in Paragraph 36 of the Amended Complaint.

37.     Defendant admits in part that Transocean denied that it had a direct duty to indemnify Cameron for pollution and related claims.  Defendant further admits in part that the issue of indemnities was being litigated in the MDL.  Defendant denies the remaining allegations as stated in Paragraph 37 of the Amended Complaint.

38.     Defendant denies Cameron had no indemnity available from Transocean at the time of its settlement with BP.  Rather, Cameron unilaterally extinguished the existing and viable indemnity available to it under its contract with Transocean without the approval and over the objections of Liberty.  Defendant denies the remaining allegations as stated in Paragraph 38 of the Amended Complaint.  In addition, Defendant denies that it denied coverage, denied coverage in bad faith and violated its contractual obligations to Cameron as alleged in bold and underlined text on page 11 of the Amended Complaint.

39.     Defendant admits in part that Cameron negotiated a settlement with BP with respect to the Deepwater Horizon incident.  Defendant is unable to admit or deny the accuracy of Cameron's speculative statements quantifying its potential exposure to liability.   Defendant denies the remaining allegations as stated in Paragraph 39 of the Amended Complaint.

40.     Defendant admits in part that Cameron sought funding for the Cameron – BP settlement from its insurers.  Defendant further admits in part that Cameron and Liberty exchanged some information during the litigation and settlement process.  Defendant denies that it breached any obligation owed to Cameron and denies the remaining allegations as stated in Paragraph 40 of the Amended Complaint.

41.     The allegations stated in Paragraph 41 of the Amended Complaint are denied.

42.     Defendant admits in part that the Cameron-BP settlement involved Cameron waiving its contractual right to indemnity and Cameron waiving Liberty's right to subrogation over Liberty's objection.  Defendant further admits that there was a very real possibility that BP would be responsible to Transocean for a judgment obtained by Cameron or to Cameron's insurers and that Transocean was entitled to look to BP under indemnification provisions in the contracts between the parties, and denies the remaining allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendant admits in part that Liberty objected to Cameron's waiver of its right to indemnification from Transocean and Cameron's impairment of Liberty's subrogation rights, but Defendant denies the remaining allegations stated in Paragraph 43 of the Amended Complaint.

44.     Defendant admits the facts stated in Paragraph 44 of the Amended Complaint.

45.     Defendant admits in part that oral arguments on the parties' cross motions for summary judgment on their indemnification claims was set for December 16, 2011.  The remaining allegations stated in Paragraph 45 of the Amended Complaint are denied.

46.     Defendant admits in part BP and Cameron settled for $250 million and that BP conditioned settlement on Cameron's waiver of indemnifications rights against Transocean and Cameron's insurers' waiver of subrogation rights.  The remaining allegations stated in Paragraph 46 of the Amended Complaint are denied.

47.     Defendant admits in part that Liberty objected to the non-monetary terms of the settlement.  The remaining allegations stated in Paragraph 47 of the Amended Complaint are denied.

48.     Defendant admits in part that Liberty objected to the non-monetary terms of the settlement.   The remaining allegations stated in Paragraph 48 of the Amended Complaint are denied.

49.     Defendant admits that Liberty advised Cameron that the Liberty Policy does not attach to the Cameron-BP settlement until the amount and extent of indemnities owed Cameron are determined as stated in the "other insurance" provision of the insurance policy.   Defendant denies the remaining allegations stated in Paragraph 49 of the Amended Complaint.

50.     Defendant denies that the "other insurance" provision of the policy is irrelevant to the Policy's attachment point as stated in Paragraph 50 of the Amended Complaint.

51.     Defendant denies the allegations stated in Paragraph 51 of the Amended Complaint but admits in part that BP made the release of existing indemnities a condition of settlement with Cameron and that the claims for indemnification between the various parties to the Oil Spill MDL were being litigated.

52.     Defendant denies the allegations stated in Paragraph 52 of the Amended Complaint.

53.     Defendant denies the allegations stated in Paragraph 53 of the Amended Complaint.

54.     Defendant admits in part that indemnities are commonplace in the oil and gas industry.   Defendant denies that the Other Insurance Condition is an "exclusionary clause", but rather a policy Condition.   Defendant denies that the Other Insurance Condition is ambiguous. Defendant denies the remaining allegations stated in Paragraph 54 of the Amended Complaint.

55.     Defendant denies the allegations stated in Paragraph 55 of the Amended Complaint.

56.     Defendant denies the allegations stated in Paragraph 56 of the Amended Complaint.

57.     Defendant denies the allegations stated in Paragraph 57 of the Amended Complaint.

58.     Defendant admits in part that Cameron and BP settled and that Cameron paid $50 million.  Defendant denies that it acted in bad faith as alleged in Paragraph 58 of the Amended Complaint.  Defendant denies the remaining allegations stated in Paragraph 58 of the Amended Complaint.

59.     Defendant admits that Cameron and its insurers have paid BP $250 million. Defendant admits that Liberty has not contributed to the Cameron-BP settlement because the excess policy's attachment point has not been determined and Cameron extinguished Liberty's subrogation rights and Cameron's indemnification rights against Transocean.  Defendant denies the remaining allegations stated in Paragraph 59 of the Amended Complaint.

60.     Defendant denies the allegations stated in Paragraph 60 of the Amended Complaint.

61.     Defendant admits in part to receipt of Cameron's Insurance Code demand letter dated January 31, 2012, but denies that the demand was a valid demand as Liberty has not breached the contract, nor committed bad faith as alleged in Paragraph 61 of the Amended Complaint.  Defendant further admits that it rejected that demand letter as Liberty has not breached the contract, nor committed bad faith.

62.     Defendant repeats and reincorporates by reference its admissions and denials as stated in Paragraphs 1 through 61 above.

63.     Defendant admits the allegations stated in Paragraph 63 of the Amended Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Defendant repeats and reincorporates by reference its admissions and denials as stated in Paragraphs 1 through 66 above.

68.     Defendant denies the allegations contained in Paragraph 68 of the Amended Complaint.

69.     As stated, Defendant denies the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Defendant admits the allegations stated in Paragraph 70 of the Amended Complaint.

71.     Defendant admits the facts stated in Paragraph 71 of the Amended Complaint.

72.     Defendant denies the allegations stated in Paragraph 72 of the Amended Complaint.

73.     Defendant repeats and reincorporates by reference its admissions and denials as stated in Paragraphs 1 through 72 above.

74.     Defendant denies the allegations stated in Paragraph 74 of the Amended Complaint.

75.     Defendant denies the allegations stated in Paragraph 75 of the Amended Complaint.

76.     Defendant admits the allegations stated in Paragraph 76 of the Amended Complaint.

77.     Defendant admits the allegations stated in Paragraph 77 of the Amended Complaint.

78.     Defendant admits the allegations stated in Paragraph 78 of the Amended Complaint.

79.     Defendant denies the allegations stated in Paragraph 79 of the Amended Complaint.

80.     Defendant repeats and reincorporates by reference its admissions and denials as stated in Paragraphs 1 through 79 above.

81.     No response is required to any cause of action of alleged violations of Louisiana Rev. Stat. 22:1892 based upon dismissal by this Court (Order, Doc. 7129).  To the extent a response is required to Paragraph 81 of the Amended Complaint, Defendant denies that it received "satisfactory proof of loss" as required under Louisiana Rev. Stat. 22:1892.

82.     No response is required to any cause of action of alleged violations of La. Rev. Stat. 22:1892 based upon dismissal by this Court (Order, Doc. 7129).  To the extent a response is required to Paragraph 82 of the Amended Complaint, Defendant denies that it received "satisfactory proof of loss" as required under La. Rev. Stat. 22:1892.

83.     No response is required to any cause of action of alleged violations of La. Rev. Stat. 22:1892 based upon dismissal by this Court (Order, Doc. 7129).  To the extent a response is required, Defendant denies the allegations stated in Paragraph 83 of the Amended Complaint.

Plaintiff has failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c).

84.     No response is required to any cause of action of alleged violations of La. Rev. Stat. 22:1892 based upon dismissal by this Court (Order, Doc. 7129).  To the extent a response is required, Defendant denies the allegations stated in Paragraph 84 of the Amended Complaint.

85.     Defendant repeats and reincorporates by reference its admissions and denials as stated in Paragraphs 1 through 84 above.

86.     Defendant denies the allegations stated in Paragraph 86 (a)-(e) of the Amended Complaint.  Plaintiff has failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

87.     Defendant denies the allegations stated in Paragraph 87 of the Amended Complaint.

88.     Defendant denies the allegations stated in Paragraph 88 of the Amended Complaint.

89.     Defendant repeats and reincorporates by reference its admissions and denials as stated in Paragraphs 1 through 88 above.

90.     Defendant denies the allegations stated in Paragraph 90 of the Amended Complaint.

91.     Defendant admits the allegations stated in Paragraph 91 of the Amended Complaint.

92.     Defendant admits in part that it has not agreed to pay defense costs as stated in Paragraph 92 of the Amended Complaint, but denies that it has violated Chapter 542 of the

Texas Insurance Code.  Plaintiff has failed to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(c).

93.     Defendant denies the allegations stated in Paragraph 93 of the Amended Complaint.

94.     Defendant denies that Plaintiff is entitled in whole or in part to any relief enumerated in Subparagraphs A-K of Plaintiff's "DEMAND FOR RELIEF."   In respect to Subparagraph E, the Court has dismissed Cameron's claims under Louisiana RS 22:1892 (Order, Doc. 7129).

## B.     AFFIRMATIVE DEFENSES

95.     In addition to and without waiving the foregoing, Defendant herein repeats and incorporates Paragraphs 1 through 94 above of its answer and denials as though fully recited verbatim herein and asserts the following affirmative defenses as authorized by Fed. R. Civ. P. 8(c).

### First Affirmative Defense:
### Failure to State a Claim-Bad Faith

96.     Defendant affirmatively pleads that Plaintiff has failed to state a claim for which relief may be granted for a cause of action for bad faith under Chapter 541 of the Texas Insurance Code.  Fed. R. Civ. P. 12(b)(6); *and see Maryland Insurance Co. v. Head Indus. Coatings and Servs., Inc.*, 938 S.W.2d 27, 28 (Tex. 1996, reh'g. overruled).  Liberty has not "denied" Cameron's claim.  Liberty has simply stated that in accordance with policy terms, the Cameron excess policy has not attached to the Cameron-BP settlement.  Because the Liberty policy has not attached to the Cameron-BP Settlement, Liberty has not "delayed payment."  Until the amount of indemnity is determined, "liability is [not] reasonably clear." Moreover, Texas

does not recognize a claim for the breach of the duty of good faith and fair dealing for an insurer's failure to settle liability claims by a third-party against its insured.[1]

### Second Affirmative Defense
### Bona Fide Controversy

97.    As to all of Plaintiff's extra-contractual claims of violations of the Texas Insurance Code and all other extra-contractual claims, Defendant would show that a bona fide controversy existed and continues to exist concerning Plaintiff's entitlement to insurance benefits.  Evidence that shows only a bona fide coverage dispute between the parties is not enough to establish liability for bad faith.[2]

### Third Affirmative Defense
### Failure to State a Claim under Chapter 542 of the Texas Insurance Code

98.    Plaintiff has failed to state a claim upon which relief may be granted for an alleged violation of Section 542 of the Texas Insurance Code because Section 542 applies to first-party insurance claims.[3]  Cameron's claim is a third-party claim and as such dismissal of this claim is appropriate.

---

[1]    *Texas Farmers Insurance Company v. Soriano*, 881 S.W.2d 312, 317 (Tex.1994).

[2]    *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998); *State Farm Lloyds v. Nicolau,* 951 S.W.2d 444, 448 (Tex. 1997); *Spicewood Summit,* 287 S.W.3d at 468; *Ruttinger,* 265 S.W.3d at 661.

[3]    Tex. Ins. Code §542.051(2); *Evanston Ins. Co. v. ATOFINA Pets., Inc.,* 256 S.W.3d 660, 674 (Tex. 2008); *Lamar Homes, Inc. v. Mid-Continent Cas. Co.,* 242 S.W.3d 1, 16 (Tex. 2007); *State Farm Life Ins. Co. v. Martinez,* 216 S.W.3d 799, 802 (Tex. 2007); *Northern Cty. Mut. Ins. Co. v. Davalos, 140 S.W.3d 685, 690 (Tex. 2004).*

### Fourth Affirmative Defense
### <u>Policy Defenses</u>

99.     Plaintiff's claims are excluded or limited by applicable policy terms, conditions, and exclusions contained in the Policy, which are adopted herein as if fully plead *in extenso*. Relevant policy provisions include without limitation the following::

Excess Insurance Policy

Policy Number:        LQ1-B71-198583-046

Item 1:        Named Insured:
               CAMERON INTERNATIONAL CORPORATION

Item 2:        POLICY PERIOD
               July 1, 2009 to July 1, 2010

               *****

Item 4:        LIMITS OF LIABILITY
               Our liability under this policy will not exceed the following limit:   100.00% percent of "loss" excess of the Underlying Insurance stated in Item 5 of the Declarations, but for no greater than:
               $50,000,000.00 – Each Occurrence
               $50,000,000.00 –Aggregate Limit (where applicable)

Item 5:        SCHEDULE OF UNDERLYING INSURANCE
               <u>First Underlying Insurance Policy</u>
               Insurer: Illinois National Insurance Company        Applicable Limit(s)
               Policy Number: 27471353                             $25,000,000.00 Each Occurrence
               Policy Period: 7/1/2009 to 7/1/2010                 $25,000,000.00 Aggregate Limit
                                                                        (where applicable)


               Other Underlying Insurance-
               <u>(Excess of First Underlying Insurance Policy)</u>
               Insurer:  Various Companies                         Applicable Limits(s)
               Policy Number: As per on file with company          $75,000,000.00 Each Occurrence
               Policy Period: 7/1/2009 to 7/1/2010                 $75,000,000.00 Aggregate Limit
                                                                        (where applicable)

INSURING AGREEMENTS

I.   COVERAGE

We will pay on behalf of the Insured "loss" that results from an occurrence during the "policy period."  We will pay "loss" in excess of the Underlying Insurance shown in Item 5. of the Declarations, but only up to an amount not exceeding our Limits of Liability shown in Item 4. of the Declarations.  Except for any definitions, terms, conditions and exclusions of this policy, the coverage provided by this policy is subject to the terms and conditions of the First Underlying Insurance Policy, as shown in Item 5. of the Declarations.

*****

II.   LIMITS OF LIABILITY

*****

B.   The Limits of Liability of this policy will apply as follows:

1.   This policy applies only in excess of the Underlying Insurance shown in Item 5. of the Declarations.

2.   The aggregate limit shown in Item 4. of the Declarations is the most we will pay for all "loss" that is subject to an aggregate limit provided by the First Underlying Insurance Policy. . .

3.   Subject to Paragraph B.2. above, the occurrence limit shown in Item 4. of the Declarations is the most we will pay for all "loss arising out of any one occurrence to which this policy applies.

4.   Subject to Paragraphs B.2 and B.3 above, if the limits of liability of the Underlying Insurance shown in Item 5. of the Declarations are reduced or exhausted solely by payment of "loss," such insurance provided by this policy will apply in excess of the reduced Underlying Insurance or, if all such coverage is exhausted, will apply as underlying insurance subject to the same terms, conditions, definitions and exclusions of the First Underlying Insurance Policy, except for any definitions, terms, conditions and exclusion of this policy.

III.   DEFENSE

A.   We will not be required to assume charge of the investigation of any claim or defense of any suit against you.

B.   We will have the right, but not the duty, to be associated with you or your underlying insurer or both in the investigation of any claim or defense of any suit which in our

opinion may create liability on us for "loss" under this policy.  If we exercise such right, we will do so at our expense.

C.   If the limits of liability of the Underlying Insurance shown in Item 5. of the Declarations are exhausted solely  by payment of "loss", we shall have the right but not the duty to investigate and settle any claim or assume the defense of any suit which, in our opinion, may give rise to a "loss" under this policy.  Such investigation or defense shall be at our own expense.   We may, however, withdraw from the defense of such suit and tender the continued defense to you if our applicable Limits of Liability shown in Item 4. of the Declarations are exhausted by payment of "loss."


IV.    DEFINITIONS

"Loss" means those sums which you are legally obligated to pay as damages, after making proper deductions for all recoveries and salvage, which damages are covered by the First Underlying Insurance Policy.

*****

V.    CONDITIONS

    E.    Notice of Occurrence:

*****

        3.    You and any other involved Insured must:

*****

            c)    cooperate with us in the investigation, settlement or defense of the claim of suit; and

            d)    assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the Insured because of injury or damage to which this insurance may also apply.

        4.    The Insureds will not, except at their own cost, voluntarily make a payment, assume any obligation or incur any expense . . . without our consent.

*****

    F.    Other Insurance

If other insurance applies to a "loss" that is also covered by this policy, this policy will apply excess of such other insurance.  Nothing herein will be construed to make this

policy subject to the definitions, terms, conditions and exclusions of such other insurance. However, this provision will not apply if the other insurance is specifically written to be excess of this policy.

Other insurance includes any type of self-insurance, indemnification or other mechanism by which an Insured arranges for funding of legal liabilities.

H.      When "Loss" is Payable

Coverage under this policy will not apply unless and until you or the insurer(s) of the Underlying Insurance shown in Item 5. of the Declarations has paid or is obligated to pay the full amount of such Limits of Liability.

When the amount of "loss" has finally been determined, we will promptly pay on your behalf the amount of "loss" covered under this policy.


*****

VI.      CONDITIONS [FIRST UNDERLYING POLICY]

O.      Transfer of Rights of Recovery

1.  If any Insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us.  The Insured must do nothing after loss to impair these rights and must help us enforce them.

100.     "Loss" is not payable under the Policy and the Policy has not attached because all underlying policy limits have not been exhausted, the full amount of indemnification flowing to Cameron has not been determined and therefore the amount of "loss" has not been determined, and because Cameron extinguished Liberty's rights to recover under the indemnity agreement. Liberty does not waive any Policy provision and reserves the right to add additional Policy defenses as discovery in this action continues.

**Fifth Affirmative Defense**

101.     Cameron and its insurance broker Marsh are highly sophisticated parties with equal bargaining power to Liberty.  Accordingly, the ContraPreferentem Rule is inapplicable here in construing the Policy.

**Sixth Affirmative Defense**
**No Attachment**

102.    Defendant asserts that its indemnity obligation, if any, has not attached because all underlying insurance limits have not been fully exhausted and because the indemnity which may be available to fund Cameron's legal liabilities has not been determined and has been waived by the Plaintiff.

**Seventh Affirmative Defense**
**Plaintiff's Cause of Action for Breach of Contract is Premature**

103.    Plaintiff's cause of action for breach of contract is premature since Liberty's indemnity obligation has not attached at this time.

**Eighth Affirmative Defense**
**Damage Limitation**

104.    Plaintiff's damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy.

**Ninth Affirmative Defense**
**No Duty To Defend And No Obligation To Pay Defense Costs**

105.    By the clear terms of the Policy, the Policy expressly negates any duty to defend. While the Policy gives Liberty the right to "associate" in the defense, it specifically negates any "obligation" to do so.  Moreover, the Policy does not obligate Liberty to reimburse for defense costs.

**Tenth Affirmative Defense**
**Attorney Fees and Costs Incurred In This Suit Are Not Recoverable**

106.    Plaintiff has failed to state a claim which entitles it to recovery of attorney fees and costs incurred in prosecuting of this suit.

**Eleventh Affirmative Defense**
**Failure to Satisfy Conditions Precedent**

107.    Defendant denies that all conditions precedent to suit have been met or have occurred.  In particular, Defendant denies that Liberty's indemnity obligation has attached until all underlying insurance limits have been fully exhausted and until all indemnity obligations have been determined.  Liberty further reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, exclusions, limitations, or conditions of the Policy that may become apparent during Defendant's ongoing investigation and discovery.

**Twelfth Affirmative Defense**
**Impairment of Subrogation Rights**

108.    Plaintiff is precluded from recovery under the policy because it extinguished Liberty's valuable subrogation rights and its valuable indemnification rights against Transocean, thereby prejudicing Liberty.

WHEREFORE, Defendant Liberty Insurance Underwriters Inc. prays that upon final trial and hearing hereof, Plaintiff takes nothing and that Liberty recover its costs, fees, and expenses, and for such other further relief to it they may show itself justly entitled, both at law and in equity.

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso, 2814
Celeste, Coco-Ewing, 25002
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, Louisiana  70112
504-589-9700 (Telephone)
504-589-9701 (Facsimile)

and

Christopher W. Martin, Federal I.D. 13515
Gary L. Pate. Federal I.D. 29713
Martin, DISIERE, JEFFERSON
 & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
713-632-1700 (Telephone)
713-222-0101 (Facsimile)

Counsel for Liberty Insurance
 Underwriters, Inc.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that the above and foregoing Motion to Dismiss has been served

on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance

with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the

Court of the United States District Court for the Eastern District of Louisiana by using the

CM/ECF System, which will send a notice of electronic filing in accordance with the procedures

established in MDL 2179, on this 6th day of September, 2012.

*/s/ Judy Y. Barrasso*