IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | ) ) ) ) MDL No. 2179 |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | ) ) Section: J ) ) Judge:  Barbier ) ) Magistrate:  Shushan |
| This Document Relates To: All Cases, 12-970 (Bon Secour Fisheries, Inc., et al. v. BP Exploration & Production., et al.) | ) ) ) ) ) |

**ANSWER TO AMENDED CLASS ACTION COMPLAINT
FOR PRIVATE ECONOMIC LOSSES AND PROPERTY DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Gulf Organized Fishermen in Solidarity & Hope ("GO FISH") who Answers the Amended Class Action Complaint For Private Economic Losses And Property Damages [Rec. Doc. 6412] as follows:

1.

Except to the extent specifically addressed in the paragraphs below, GO FISH lacks sufficient knowledge or information sufficient to form a belief about the truth of every allegation contained in the Amended Class Action Complaint For Private Economic Losses And Property Damages [Rec. Doc. 6412].

**JURISDICTION AND VENUE**

2.

Paragraph 27 is admitted.

3.

Paragraph 28 is admitted as to certain claimants, notably commercial fishermen, oiled property owners, and vessel owners who signed charter agreements in the Vessel of Opportunity Program.

4.

Paragraph 29 is admitted.

5.

Paragraph 31 is admitted.

6.

Paragraph 309 is denied. The law applicable to those in the Seafood Compensation Program is not the same as that applicable to onshore businesses and workers.

7.

Paragraph 310 is denied. The factual bases outlined in Paragraph 310 are common and relevant to the claims of those in the Seafood Compensation Program, but not to the majority of class members whose claims are governed solely by the Oil Pollution Act.

8.

Paragraph 311 is denied. The factual questions outlined in Paragraph 311 are common and relevant to the claims of those in the Seafood Compensation Program, but not to the majority of class members whose claims are governed solely by the Oil Pollution Act.

9.

Paragraph 312 is denied. The factual question of punitive liability are common and relevant to the claims of those in the Seafood Compensation Program, but not to the majority of class members whose claims are governed solely by the Oil Pollution Act.

10.

Paragraph 313 is denied. The claims of the onshore class members are not typical of the claims of those in the Seafood Compensation Program.

11.

Paragraph 314 is denied. The Seafood Compensation Program is separated out in the proposed settlement agreement as a fixed fund. Formulas for allocating that fund differ drastically depending on the species fished and the property right held, and conversely do not differ based on severity of impact. Every benefit bestowed on one participant is necessarily taken from another participant. The participants bound by each of the distribution methodologies did not have separate representation in the process that created the methodologies. The shrimpers and oyster leaseholder who are the named Seafood Compensation Program class members do not adequately represent the variety of Seafood Compensation Program claimants.

12.

Paragraph 315 is denied. The common issues of law and fact alleged are irrelevant to most of the class.

13.

Paragraph 316 is denied. Many issues of law common to those in the Seafood Compensation Program are distinct from those common to onshore claimants. Within the Seafood Compensation Program, the issues of law common to the oyster leaseholders and IFQ permit holders are distinct from those of the commercial fisherman claimants. The issues of law common to oiled property claimants are distinct from those of other onshore claimants. The issues of law common to the Vessels of Opportunity maritime contract claims are distinct from those of the remaining claims.

14.

Paragraph 317 is admitted in part and denied in part. It is admitted that the class action procedural vehicle is superior for the resolution of significantly similar claims. It is denied that the only alternative is certification of the proposed single, disparately-treated class or repetitive individual litigation.

15.

Paragraph 318 is admitted in part and denied in part. Appropriate class action treatment will conserve judicial resources, but the proposed class does not promote fair and consistent resolution of these claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Intervenor GO FISH, on behalf of its member organizations and commercial fishermen, prays for judgment as follows:

(a) Amending the class definition to create a separate class for those claimants participating in the Seafood Compensation Program;

(b) Amending the class definition to create subclasses within the Seafood Compensation Program class of sufficient particularity to ensure due process in the distribution of the Seafood Compensation Program Settlement Fund;

(c) Appointing counsel to specially represent the interests of each of the subclasses within the Seafood Compensation Program class;

(d) Creating a procedure and appointing a special master to receive evidence, hear argument, and make findings of fact regarding the competing claims of the

subclasses, which findings are to be used in determining the second distribution of the Seafood Compensation Program Settlement Fund;

(e) Decreeing such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.

Respectfully Submitted:

| /s/ Joel Waltzer | /s/ Robert Wiygul | /s/ Clay Garside |
|---|---|---|
| Joel Waltzer (LA #19268) | Robert Wiygul (LA #17411) | Clay Garside (LA Bar # 29873) |
| 3715 Westbank Expwy, Ste. 13 | 1011 Iberville Drive | 14399 Chef Menteur Hwy, Ste D |
| Harvey, LA 70058 | Ocean Springs, MS 39564 | New Orleans, LA 70129 |
| Office: (504) 340-6300 | Office: (228) 872-1125 | Office: (504) 254-4400 |
| Fax: (504) 340-6330 | Fax: (228) 872-1128 | Fax: (504) 254-1112 |
| joel@waltzerlaw.com | robert@waltzerlaw.com | clay@waltzerlaw.com |

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing motion has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in
MDL 2179, on this 7th day of September, 2012.

/s/ Robert Wiygul