UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, ON | * | SECTION: J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| | * | |
| (REF: ALL CASES) | * | MAGISTRATE JUDGE SHUSHAN |
| * * * * * * * * * * * * * * * * * * * * * * * * *  * | * | |

**RESPONSE OF BENTON COMPLETION SERVICES, INC. TO THE BP
DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR FINAL
APPROVAL OF *DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES
SETTLEMENT [RECORD DOC. NO. 7114]**

Now into court, through undersigned counsel, comes Benton Completion Services, Inc.

("Benton") to respond to the BP Defendants' Memorandum in Support of Motion for Final

Approval of *Deepwater Horizon* Economic and Property Damages Settlement.   Pursuant to Rule

10(c) of the Federal Rules of Civil Procedure, Benton incorporates as if copied herein *in extenso*

and *in globo*, the similar response memorandum filed by the United States of America on August

31, 2012 [Record Doc. No. 7229] and any similar memoranda by other responders not

inconsistent thereto.

In particular Benton, a oilfield services company excluded from membership in the class,

joins in the USA's concern that BP's factual statements addressing issues such as its lack of

gross negligence or that the other defendants' actions were a superseding cause of the oil spill

should not be considered as binding on entities that are not party to the proposed settlement

agreement.   As the USA persuasively argues in its response memorandum, at the fairness

hearing, "[d]efinitive statements on the merits are to be avioided as a settlement may fail and the

case may come to trial."   USA Memo. at p. 4 (citing *Managing Class Action Litigation:  A*

*Pocket Guide for Judges* (2d ed.), Federal Judicial Center (2009) at 11.  Moreover, the court "should avoid findings on the underlying facts relevant to the claim and instead consider or estimate a range of possible outcomes, along with some estimation of the probabilities of each." *Id.* at 4-5 (citing *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002)).

For these reasons and those set forth in the USA's memorandum, Benton respectfully requests that this Court avoid any fact finding or taking of live testimony related to the merits of the claims not part of the settlement agreement, including, but not limited to, issues regarding BP's gross negligence or willful misconduct or the potential fault of other parties.

Respectfully submitted,

/s/ James M. Garner_____
JAMES M. GARNER (# 19589)
MARTHA Y. CURTIS (#20446)
KEVIN M. MCGLONE (#28145)
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone:  (504) 299-2100
Facsimile:  (504) 299-2300

--- And ---

 /s/ John V. Baus, Jr.
JOHN V. BAUS, JR.
John V. Baus, Jr. PLC
301 St. Charles Avenue, Third Floor
New Orleans, LA 70130
Telephone:  (504) 239-8080
COUNSEL FOR BENTON COMPLETION SERVICES, INC.

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on September 7, 2012, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

<u>/s/ James M. Garner</u>
JAMES M. GARNER