UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG | * | MDL No. 2179 |
| "DEEPWATER HORIZON" IN THE | * | |
| GULF OF MEXICO, ON | * | SECTION: J |
| APRIL 20, 2010 | * | |
| | * | JUDGE BARBIER |
| | * | |
| (REF: ALL CASES) | * | MAGISTRATE JUDGE SHUSHAN |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**RESPONSE OF FIRST BANK AND TRUST AND FIRST TRUST CORPORATION TO THE BP DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF *DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES SETTLEMENT [RECORD DOC. NO. 7114]**

Now into court, through undersigned counsel, come First Bank and Trust and First Trust Corporation (collectively, "First Bank") to respond to the BP Defendants' Memorandum in Support of Motion for Final Approval of *Deepwater Horizon* Economic and Property Damages Settlement.    Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, First Bank incorporates as if copied herein *in extenso* and *in globo*, the similar response memorandum filed by the United States of America on August 31, 2012 [Record Doc. No. 7229] and any similar memoranda by other responders not inconsistent thereto.

In particular First Bank, a financial institution excluded from membership in the class, joins in the USA's concern that BP's factual statements addressing issues such as its lack of gross negligence or that the other defendants' actions were a superseding cause of the oil spill should not be considered as binding on entities that are not party to the proposed settlement agreement.    As the USA persuasively argues in its response memorandum, at the fairness hearing, "[d]efinitive statements on the merits are to be avoided as a settlement may fail and the case may come to trial."   USA Memo. at p. 4 (citing *Managing Class Action Litigation: A*

1

*Pocket Guide for Judges* (2d ed.), Federal Judicial Center (2009) at 11.  Moreover, the court "should avoid findings on the underlying facts relevant to the claim and instead consider or estimate a range of possible outcomes, along with some estimation of the probabilities of each." *Id.* at 4-5 (citing *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277 (7th Cir. 2002)).

For these reasons and those set forth in the USA's memorandum, First Bank respectfully requests that this Court avoid any fact finding or taking of live testimony related to the merits of the claims not part of the settlement agreement, including, but not limited to, issues regarding BP's gross negligence or willful misconduct or the potential fault of other parties.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER (# 19589)
MARTHA Y. CURTIS (#20446)
KEVIN M. MCGLONE (#28145)
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone:  (504) 299-2100
Facsimile:  (504) 299-2300
COUNSEL FOR FIRST BANK AND TRUST AND
FIRST TRUST CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2012, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ James M. Garner
JAMES M. GARNER