

SUTHERLAND ASBILL & BRENNAN LLP
First City Tower
1001 Fannin, Suite 3700
Houston, TX 77002-6760
713.470.6100 Fax 713.654.1301
www.sutherland.com

AMBER B. SHUSHAN
DIRECT LINE: 713.470.6153
E-mail: amber.shushan@sutherland.com

August 31, 2012

*VIA E-MAIL*

Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

Re: *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179* -- Claims by Mexican States

Dear Judge Shushan:

    We write to bring your attention to several immediate issues affecting the status of the "targeted" discovery underway in the actions brought by the Mexican states of Veracruz, Quintana Roo, and Tamaulipas per the Court's Order of June 18, 2012. (Rec. doc. 6702). Yesterday, on August 30, 2012, the parties participated in a teleconference to discuss plaintiffs' document production deficiencies. During the teleconference, several issues were discussed raising concern regarding the path forward for this "targeted" discovery process. Additionally, defendants have more general concerns that, even with the limitations imposed by the Court, the discovery currently underway will still far exceed the scope of what was originally contemplated by the Court. We therefore request that the Court set a call as soon as possible to consider the issues set forth herein and whether certain modifications of the discovery schedule will help focus the parties' efforts and put the discovery back on a more manageable track.

    First, fact witness depositions are delayed because defendants are hampered in their preparation efforts, and plaintiffs' witnesses are unavailable until September 19, 2012. Defense efforts are hindered because plaintiffs have not yet produced documents compliant with Pretrial Order No. 16. (Doc. No. 686). To date, defendants are unable to determine whether plaintiffs have produced documents requested by defendants, including the numerous documents listed in plaintiffs' initial disclosures. (*See* Ex. 1 (August 28, 2012 letter regarding production deficiencies and requesting a conference)).

    Plaintiffs' most recent production is comprised of over 5,000 individual .tiff images. Unfortunately, analysis of the material as produced would require a herculean effort. The material was not accompanied by load files delineating document boundaries or identifying the production data. Thus, the 261 photographs within the production are unidentifiable. They have

no captions, dates, or locations. Additionally, the documents were disorganized, with Bates numbers failing to correspond sequentially with page numbered materials. The materials appear to have been shuffled before Bates numbers were applied. Moreover, many pages were poorly scanned and numerous documents appear incomplete. Further, over 75% of the material is in Spanish.

During the parties' August 30th teleconference, Mr. Serna assured defendants that they will receive a production compliant with Pretrial Order No. 16 no later than Saturday, September 1, 2012. Unfortunately, this "corrective" production will be too little, too late for defendants to assess the sufficiency of plaintiffs' production and adequately prepare for depositions to begin in early September.

Mr. Serna also informed defendants during the teleconference that plaintiffs' fact witnesses (who remain unidentified) are unable to begin depositions until September 19, 2012 due to the upcoming Mexican national holiday, and the Mexican states' preparations for upcoming "state of the union" addresses. He requested that defendants consent to a fifteen day extension of all the remaining deadlines set forth in the Court's Order of June 18, 2012. (Rec. doc. 6702). Although defendants do not oppose plaintiffs' request for an extension, defendants fear that this will not be the only extension required. Until defendants analyze plaintiffs' "corrective" production, and plaintiffs narrow their list of fact and expert witnesses as requested by the defendants and the Court, defendants are unable to assess how much additional time might be necessary for fact discovery.

Moreover, more time might also be needed for expert discovery. To date, plaintiffs have not identified their experts by name or specialty. Nevertheless, plaintiffs' written discovery responses reveal that expert discovery during this "targeted" discovery process will overlap with issues reserved for Phase 2 and 3 of MDL 2179. For example, issues of quantification, impact of dispersants, and chemical fingerprinting of source oil are raised by plaintiffs' discovery responses. (Ex. 2). These issues are scientifically and technically complex requiring several experts to address. Until defendants receive plaintiffs' expert reports, defendants will not know whether additional time is necessary to analyze the science allegedly supporting plaintiffs' claims. Nevertheless, defendants want to bring these issues to the Court's attention now.

Finally, the parties are unable to agree on a location for plaintiffs' witnesses' depositions. Because plaintiffs brought suit in the United States, and the action is pending in New Orleans, plaintiffs should present their witnesses for deposition in New Orleans.

According to Mr. Serna, plaintiffs' witness depositions should be taken in Mexico, or by videoconference, due to the fact that the majority of plaintiffs' witnesses cannot travel to the United States. Mr. Serna reported that plaintiffs selected nine fact witnesses to support their claims, seven of whom allegedly cannot travel to the United States. Additionally, plaintiffs selected six experts, one of whom allegedly cannot travel abroad. Of note, Mr. Serna reported that the individuals at issue have not attempted to obtain the necessary passports/visas required for U.S. travel because of the inconvenience and time required to obtain such documents.

Judge Shushan
August 31, 2012
Page 3

Defendants' counsel should not be required to travel to Mexico, particularly in light of reports of the recent violence there, or to be hampered in their cross-examination efforts by videoconference. Plaintiffs brought suit in the United States and cannot now claim that their witnesses do not wish to be inconvenienced by obtaining the necessary paperwork to travel there.

In light of the foregoing, defendants respectfully ask the Court to set a call to discuss these and other issues that defendants submit may require additional modifications of the discovery schedule.

                                              Sincerely,

                                              */s/ Amber B. Shushan*

                                              Amber B. Shushan

cc:      Enrique G. Serna
            Steven Roberts
            Carter Williams
            Kerry Miller
            David Beck
            B.D. Daniel
            Geoff Gannaway
            Alan York
            Jenny Martinez
            Gavin Hill
            Bruce Bowman
            Andrew Langan
            Catherine Fitzpatrick
            Beth Larsen
            Steve Herman
            Jim Roy
            Scott Summy
            Brian Barr