IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179 SECTION J |
| This document relates to all actions. | * * * * * * | JUDGE CARL J. BARBIER MAGISTRATE JUDGE SHUSHAN |
| Bon Secour Fisheries, Inc., *et al.*, individually and on behalf of themselves and all others similarly situated, | * * * * | CIVIL ACTION NO. 12-970 SECTION J |
| Plaintiffs, | * * | JUDGE CARL J. BARBIER |
| v. | * * | MAGISTRATE JUDGE SHUSHAN |
| BP Exploration & Production Inc., *et al.*, Defendants. | * * * | |
| Kip Plaisance, *et al.*, individually and on behalf of the Medical Benefits Settlement Class, | * * * * | CIVIL ACTION NO. 12-968 SECTION J |
| Plaintiffs, | * * | JUDGE CARL J. BARBIER |
| v. | * * | MAGISTRATE JUDGE SHUSHAN |
| BP Exploration & Production Inc., *et al.*, Defendants. | * * * * | |

ORDER REGARDING PROCEDURES
FOR NOVEMBER 8 FAIRNESS HEARING

On May 2, 2012, the Court granted preliminary approval to the *Deepwater Horizon* Economic and Property Damages Settlement Agreement and the *Deepwater Horizon* Medical

Benefits Class Action Settlement Agreement.  *See* Rec. Doc. 6418; Rec. Doc. 6419.  The Court's preliminary approval orders scheduled final fairness hearings with respect to both settlement agreements for November 8, 2012, at 8:30 a.m. CST.  *See* Rec. Doc. 6418 at 32; Rec. Doc. 6419 at 19.

The Court has now reviewed the motions for final approval filed by both the BP Defendants and Class Counsel.  *See* Rec. Doc. 7104; Rec. Doc. 7112; Rec. Doc. 7114; Rec. Doc. 7116.  The Court has also reviewed the objections that have been filed to date, as well as various requests to appear at the hearing.  Having reviewed these filings, as well as the applicable law, the Court hereby sets forth its plans and expectations for the conduct of the final fairness hearing scheduled for November 8, 2012, at 8:30 a.m. CST.

## I.     Allocation of Time

The final fairness hearing with respect to both settlements will commence at 8:30 a.m. CST on November 8, 2012, in **Courtroom C501** of the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana, 70130.

### A.     Economic and Property Damages Settlement Agreement

The Court intends to begin the hearing with consideration of the motions for final approval of the Economic and Property Damages Settlement Agreement.  Time shall be allocated as follows:

| | |
|---|---|
| Presentation by Class Counsel: | 30 minutes. |
| Presentation by BP Defendants: | 30 minutes. |
| Presentation by Objectors: | TBD. |
| Response by Class Counsel: | 15 minutes. |
| Response by BP Defendants: | 15 minutes. |

### B. Medical Benefits Class Action Settlement Agreement

The Court will address the motions for final approval of the Medical Benefits Class Action Settlement Agreement following the presentations regarding the Economic Loss and Property Damages Settlement Agreement. Time shall be allocated as follows:

| | |
|---|---|
| Presentation by Class Counsel: | 20 minutes. |
| Presentation by BP Defendants: | 20 minutes. |
| Presentation by Objectors: | TBD |
| Response by Class Counsel: | 10 minutes. |
| Response by BP Defendants: | 10 minutes. |

## II. Conduct of the Hearing

At the hearing, with respect to both settlements, the following rules shall apply:

1. Given the voluminous evidence that has been filed into the record in support of the Economic and Property Damages Settlement Agreement and the Medical Benefits Class Action Settlement Agreement, the Court does not intend to receive live testimony at the fairness hearing and does not plan to hear from any live witnesses. Rather, the Court intends to entertain arguments from counsel, and for such argument to rely upon documents in the record, including affidavits and declarations. *See, e.g.*, *Dell*, 669 F.3d at 642 ("Historically, courts have commonly relied on affidavits, declarations, arguments made by counsel, and other materials in the record without also requiring live testimony.") (quoting *UAW v. Gen. Motors Corp.*, 235 F.R.D. 383, 387 (E.D. Mich. 2006), *aff'd* 497 F.3d 615 (6th Cir. 2007)).

2. The notice programs approved by the Court with respect to both the Economic and Property Damages Settlement Agreement and the Medical Benefits Class Action Settlement Agreement stated that only class member objectors who specifically requested permission to speak at the fairness hearing would be considered by the Court for the opportunity to speak. *See* Rec. Doc. 6266-2 at 132; Rec. Doc. 6267-2 at 125. Under the Court's preliminary approval

orders, the deadline for such objections to be filed was August 31, 2012.  *See* Rec. Doc. 6418 at 39; Rec. Doc. 6419 at 24.  The deadline objection was extended to September 7 in the wake of Hurricane Isaac.  Rec. Doc. 7225.  It is the Court's intention that absent good cause shown, only class members who have complied with these requirements will be allowed to address the Court.  *See, e.g.*, *In re Wachovia Corp. Pick-a-Payment Mortg. Mktg. & Sales Practices Litig.*, No. 09-2015, 2010 WL 5559767, at *6 (N.D. Cal. Dec. 16, 2010); *Bernal v. Am. Money Ctrs., Inc.*, No. 05-1327, 2008 WL 410658, at *2 (E.D. Wis. Feb. 12, 2008); *In re Royal Ahold N.V. Secs. & ERISA Litig.*, No. 103-MD-01539, 2006 WL 132080, at *8 (D. Md. Jan. 9, 2006).

   3. The Court does not intend to entertain duplicative or cumulative objections or objections that have been adequately expressed in written filings, except potentially in brief, supplemental oral presentations.  *See, e.g.*, *Cannupp v. Liberty Behavioral Health Corp.*, 417 F. App'x 843 (11th Cir. 2001) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)); *Manual for Complex Litigation, Fourth* § 21.634 ("Time limits on the arguments of objectors are appropriate, as is refusal to hear the same objections more than once.").  Depending on the number of class member objectors who wish to be heard, the Court presently intends to limit oral presentations by individual objectors (or their counsel, as applicable) to not more than 3 minutes each.  The Court reserves the right to limit presentations by any objector on the grounds of being duplicative, cumulative, or because the objection was adequately covered in written submissions.  The Court presently intends to issue a supplemental order prior to the hearing designating objectors to be heard; for example, the Court may appoint representative counsel to cover similar objections at the hearing.

   4. While any member of the public may attend, only parties with standing shall be permitted to speak or participate in the fairness hearing.  *See* Rec. Doc. 7038.  For example,

plaintiffs who are not part of the class (including class members who have opted out in accordance with the requirements of the agreement, the class notice, and the Court's orders) may not participate in the fairness hearing.

ORDERED this 11th day of September, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE