UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DuWAYNE MASON** | * | **NO. 2:11-cv-00826(J)(1), c/w MDL No. 2179** |
| | * | |
| **VERSUS** | * | **JUDGE CARL BARBIER** |
| | * | |
| **SEACOR MARINE, LLC** | * | **MAGISTRATE JUDGE SALLY SHUSHAN** |
| | * | |
| *   *   *   *   *   *   *   *   *   * | * | |

### DUWAYNE MASON'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SEVER CLAIM (R.DOC. 6909)

In its opposition, Seacor takes the position that Mason is similarly situated as other claimants in this case. Nothing can be further than the truth. The Court specifically recognized the unique status of Dwayne Mason in its order dismissing the claims of the "Robin" plaintiffs. In fact, DuWayne Mason is the only personal injury plaintiff who has made a claim against operators of the first responder vessels who came to the scene of the Deepwater Horizon rig fire and who suffered respiratory injury as a result of fighting the fire.

Seacor also takes the position that the claims of DuWayne Mason need to proceed along with all other claims because Seacor itself will need to file third-party claims against those responsible for causing the blowout and rig fire on the Deepwater Horizon drilling vessel. For the reasons stated below, Seacor's desire to pursue a recovery action should not effect the progress of DuWayne Mason's claims.

In the first instance, DuWayne Mason claims that he sustained respiratory injury as a result of Seacor's failure to provide him with adequate respiratory equipment. Seacor and Seacor alone had the responsibility to provide for the safety of DuWayne Mason and provide him with adequate respiratory protection. Seacor did not provide assistance in saving lives on the Deepwater Horizon structure and, instead, was present to merely preserve property. Before it undertook this very noble task, it had the responsibility to make certain that it was not subjecting its crewmen employees to the risk of injuries of the type suffered by DuWayne Mason.

Seacor provides no authority for the proposition that either it or Mason has any cause of action against those responsible for the blowout or the rig fire.[1]

Even if Seacor does have some cause of action or right of action against BP, Transocean, Halliburton, et al., Seacor can pursue that claim through the MDL. DuWayne Mason, a ward of this Honorable Court, should not have to put his life on hold for many years as Seacor and its underwriters seek their theoretical rights of recovery against those who had no duty to provide respiratory protective equipment to DuWayne Mason, in the first place.[2] Seacor's argument that Mason's claims should await the outcome of the MDL process fly in the face of the joint and several liability principles which are inherent in Maritime law.

---

[1]     Certainly, firefighters and the fire departments who employ them have no right to recover damages from a negligent building owner when a firefighter is injured fighting a fire.

[2]     DuWayne Mason is a ward of the admiralty as was reaffirmed by the U.S. Supreme Court in its decision in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009).

The unique nature of this case and DuWayne Mason's unique status warrant the severance from the MDL and he respectfully requests that this Honorable Court accommodate same.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record via e-mail (or, if required by the Clerk, by placing same in the U.S. Mail, postage pre-paid) this 11th day of September, 2012.

/s/Scott E. Silbert

Respectfully submitted,

SILBERT & GARON, L.L.P.

/s/Scott E. Silbert
SCOTT E. SILBERT (12068)
909 Poydras Street, Suite 2130
New Orleans, LA 70112
Telephone: 504-581-6200
Telecopier: 504-584-5270
scott@silbertgaron.com