## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig                    MDL NO. 2179
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010         SECTION J

This document relates to:                          JUDGE BARBIER
*STATE OF VERACRUZ, REPUBLIC*                       MAGISTRATE JUDGE SHUSHAN
*OF MEXICO v. BP, PLC, NO. 10-4239;*
*STATE OF TAMAULIPAS, REPUBLIC*
*OF MEXICO v. BP, PLC, NO. 10-4240;*
*STATE OF QUINTANA ROO, REPUBLIC*
*OF MEXICO v. BP, PLC, NO. 10-4241*

## ORDER

### [Modification of Pending Discovery Schedule
### and Consideration of Summary Judgment Motions]

A telephone status conference was held in these matters on September 6, 2012.  At that conference, counsel for BP asserted that the ongoing discovery regarding the fate and transport of the oil from the Macondo well need not be conducted because BP believes there is a purely legal issue that can be decided by the Court.[1]  He explained that BP does not believe that the three Mexican States, Veracruz, Tamaulipas, and Quintana Roo, have individual proprietary interests as a matter of Mexican law.

Counsel for the Mexican States disagreed with counsel for BP on the issue of Mexican law.  In addition, he asserted that the entire claim by the Mexican States should be deferred until a later Phase of this proceeding and not brought up by way of motion as currently scheduled.  Alternatively,

_____

[1] The discovery is being conducted pursuant to the undersigned's scheduling order entered on June 18, 2012 (Rec. doc. 6702).

he argued that both the proprietary interest and the fate and transport issues should be brought up as previously scheduled.[2]

In the interest of judicial economy, and considering the scope and magnitude of the ongoing discovery regarding the fate and transport of the oil emanating from the Deepwater Horizon, discovery of the fate and transport issue will be suspended pending further order.  Instead, the parties are to proceed as follows:

1. **On or before October 3, 2012**, the Mexican States and BP (and any other defendants aligned with BP on the proprietary interest issue) shall exchange translated portions of all treatises, laws, statutes or other legal authorities which they contend are applicable to whether or not the three states have a proprietary interest in the claims asserted.[3]

2. **By October 26, 2012**, the plaintiffs and BP (and any other interested defendants jointly with BP) shall serve no more than 3 expert reports specifically targeted to whether the Mexican States have a proprietary interest in the causes of action asserted.

3. **On November 12, 2012**, the expert deposition period shall commence and shall be completed **by November 30, 2012**.  All depositions are contemplated to be taken in New Orleans, Louisiana.

4. **By January 4, 2013**, the parties shall file cross-motions for summary judgment targeted solely at the issue of whether the Mexican States have a proprietary interest in the matters asserted in their complaints.

6. **By January 18, 2013**, the parties shall file opposition memoranda.

---

[2] Counsel for the Mexican States has requested that counsel for the other parties consent to a 15 day extension of all remaining deadlines set forth in the Court's scheduling order.

[3] Only the provisions upon which a party intends to rely need be translated.

7.    Any replies shall be filed **no later than January 23, 2013** at which time the cross-motions will be under advisement.

New Orleans, Louisiana, this 11th day of September, 2012.

**SALLY SHUSHAN**
**U.S. MAGISTRATE JUDGE**