UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>This Document Relates to:<br>**Actions in B1 Pleading Bundle, and 12-970,** *Bon Secour Fisheries, Inc. et al. v. BP Exploration & Production Inc., et al.* **(REF: 10-7777)** | **MDL No. 2179**<br><br>**SECTION J**<br><br>**JUDGE BARBIER**<br>**MAGISTRATE SHUSHAN**<br><br>**NOTICE OF MOTION AND EXPEDITED MOTION TO CONDUCT DISCOVERY** |

### 795 OBJECTORS' NOTICE OF MOTION AND CONSOLIDATED EXPEDITED MOTION FOR LEAVE TO TAKE DISCOVERY REGARDING EVIDENCE PRODUCED AUGUST 13, 2012

**NOW INTO COURT** come Plaintiffs Prashiela Enterprises, LLC; Satya, Inc.; Impact Properties II, LLC; JJB Inc.; Radhey, Inc.; JMKVN, LLC; Anjani Hospitality, LLC; Sweta, Inc.; OVS Investment, Inc.; Sree, Inc.; MPJR, Inc.; Pine Inn, Inc.; Shivani, Inc.; Dhruv, LLC; Shri Sairang, Inc.; Mahalaxmi Enterprises, Inc.; Ashi Hotels, LLC; Gopal Govind Enterprises, LLC; Shanta, LLC; SSM Hospitality, LLC; the Seven-hundred-and-seventy-five (775) Objectors identified in the spreadsheet attached as **Exhibits A and B** in the *Consolidated Objections Of 795 Unnamed Class Members To Deepwater Horizon Settlement Agreement And Memorandum In Support Thereof*, [2-10-cv-07777-CJB-SS; D.E. 198-1, 198-2, 198-3], and through undersigned counsel respectfully move this Court to Order, at once, that they be granted limited and focused discovery on the critical information pertaining to the fairness of the Deepwater

1

Horizon Settlement Agreement and the putative class, which was only put into the record on August 13, 2012, and respectfully state as follows:[1]

## I. BACKGROUND

1. The deadline to opt out of the Settlement was extended, by this Court, from October 1, 2012 to November 1, 2012.

2. The deadline for objections to the Settlement Agreement was set for August 31, 2012 and later extended until September 7, 2012.

3. There has been no discovery of documents or information pertaining to class certification or the propriety or fairness of the proposed Settlement Agreement.

4. On or about August 13, 2012, Class Counsel, as well as BP, filed with the Court, voluminous information in the nature of expert testimony and reports that purport to substantiate the fairness of the settlement and the propriety of the putative class.

5. For example, amongst these documents is testimony from Donald J. Landry, who asserts numerous conclusions purporting to explain and justify the shape and constitution of the Economic Loss Zones, and their relationship to the tourism industry in the Gulf of Mexico.

6. Much of the underlying evidence, which is purported to support the opinions, conclusions, and statements of fact contained in the papers filed on or about August 13th has not been published or otherwise made available to the general public.

7. Furthermore, at no point prior to August 13th, have any documents or other information disclosed between BP and Class Counsel related to the propriety of the Settlement or the putative class been shared with undersigned counsel.

---

[1] Objectors request expedited consideration of this motion and respectfully request to be heard briefly on this motion at the September 14, 2012 Status Conference.

2

8. The Deepwater Horizon Settlement seeks "compensatory damages, punitive damages, other damages and declaratory relief on behalf of [Plaintiffs] and the Economic Class Members," and as a result, "all such claims, damages and theories of liability, unless expressly reserved," will be extinguished, discharged and released by the terms of the settlement.[2]

9. For economic loss and property damage claimants such as the Objectors, the Settlement Agreement divides claimants into Economic Loss Zones and creates complex methodologies purporting to determine a) whether or not the claimant suffered losses due to or a result of the Oil Spill, b) the amount of said losses, and c) compensation for future losses.

10. To the best of undersigned counsels' knowledge, neither BP nor Class Counsel has provided any of the underlying data or evidence upon which the claims of their experts are based.

11. Farrell & Patel sent a written request to Class Counsel soliciting information related to the expert testimony and reports they had produced a few weeks earlier. As of the filing of this motion, Class Counsel has not responded to this request.

12. In addition to the Objectors identified herein, undersigned counsel represents thousands of businesses and individuals who are or may be subject to the terms of the settlement.

13. It is impossible for the Objectors and those similarly situated claimants whom the undersigned counsel represents to meaningfully evaluate the terms of the Settlement, their alternatives to Settlement, such as opting-out, or the fairness of the process according to which the Settlement was created or will be approved, or the propriety of this information presented to the court by BP and Class Counsel on August 13th, without expedited access to some limited discovery.

---

[2] Deepwater Horizon Economic and Property Damages Settlement as Amended (Rec. Doc. 6276-1).

14. There is an absence of critical information related to the putative class and the fairness of the proposed settlement. Objectors need this information to perform a meaningful evaluation of the settlement and their rights related thereto.

15. For example, as noted in the *Consolidated Objections*, there is a question as to whether and what extent BP et. al., relied upon crucial and confidential financial information that the Objectors turned over to the Gulf Coast Claim Facility, in BP's formulation of strategy against the unnamed Objectors. Objectors did not give permission for BP to use and rely upon Objectors' own confidential information against them in this regard.

16. Similarly, it is as of yet unclear what the total value of the Settlement Agreement is, how many hotels are subject to its terms, what BP's expected liability under the Settlement Amounts to, and other terms necessary to evaluate the propriety of attorneys' fees or the adequacy of the Settlement.

17. Further, though the deadline to opt out was extended, this extension does not provide an adequate amount of time to evaluate the multitude of information that Class Counsel and BP set forth on August 13, 2012.

Thus, in consideration of the previously mentioned and forgoing reasons, Objectors respectfully request that this court grant undersigned counsel focused and limited discovery into certain topics and issued raised in the filings made by BP and Class Counsel on August 13, 2012.

## II. STATEMENT OF THE LAW

The District Court has discretion as to whether or not to grant Objectors to a Class Action Settlement leave to take additional discovery. *See, e.g.*, *In re Domestic Air Transp. Antitrust Litig.,* 144 F.R.D. 421, 424 (N.D. Ga. 1992). The criteria relevant to the Court's decision whether to permit objectors to conduct discovery are "the nature and amount of previous

discovery, reasonable basis for the evidentiary requests, and number and interests of objectors." *Id.* at 424; *quoting* Newberg § 11.56 at 476 (2d ed. 1985).

### III.   ARGUMENT

The Objectors are entitled to a limited amount of discovery, within the discretion of the Court. *See In re Cmty. Bank of N. Va.,* 418 F.3d 277, 316 (3d Cir. 2005); *Greenfield v. Villager Indus., Inc.,* 483 F.2d 824, 833 (3d Cir. 1973) (noting that "an objector at a [fairness] hearing is entitled to an opportunity to develop a record in support of his contentions by means of cross-examination"); *Freebird, Inc. v. Cimarex Energy Co.,* 46 Kan. App. 2d 631, 264 P.3d 500, 506 (2011) (noting that because the time given to file objections is usually short, "the objector may need to secure evidence through independent discovery and presentation of witnesses at the settlement hearing").

Notwithstanding the nature and substantial amount of the discovery already undertaken, the record is devoid of evidence related to the putative class and the fairness of the proposed settlement itself. In light, for example, of the clearly arbitrary and capricious nature of the Economic Loss Zones as constituted, the Objectors are entitled to some discovery that supports their objections as filed. In light of the fundamental intra-class conflict created between Zone A and B members who negotiated onerous terms for proving causation that they themselves are not subject to, and Zones C and D members who are largely excluded based upon the Named Representatives' negotiations of these very requirements, Objectors are warranted and entitled in seeking some limited discovery. This information is necessary to allow the Objectors to make a meaningful and informed decision about the merits of the Settlement and their alternatives to accepting it. Discovery, thus far, has only addressed the issue of liability. Further, the previous discovery requests were not specific to this issue presented before the Court – the propriety of

the purported experts and experts' reports presented by BP and Class Counsel on August 13, 2012.

Objectors' request to undertake limited discovery of BP and Class Counsel's experts and experts' reports is reasonable. As previously stated, on or about, August 13, 2012, BP and Class Counsel submitted extensive memoranda, as well as dozens of sworn statements in support of their Joint Motion to certify this case and to get final approval of the settlement in the matter. These affidavits and declarations include testimony by both the purported class representatives and numerous expert witnesses retained either on behalf of the BP defendants or the Deepwater Horizon settlement program. Since this evidence has been submitted in support of the Settlement, Objectors rightly seek to test the evidence to assure that it is reliable, credible, and admissible. Undersigned counsel believes that some of the expert evidence which has been submitted in connection with the sought after approval will not satisfy *Daubert* requirements for admissible evidence. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). For example, many of the declarations contain conclusory allegations without supporting information.

This is not a case like *City of Detroit v. Grinnell Corp.*, 356 F. Supp. 1380 (S.D.N.Y. 1972) (objector's request for discovery denied where answers could be found in record of proceedings), in which the rationale and bases for the terms of the settlement could be found within the factual record. As previously stated, BP and Class Counsel did not provide the information and data that the purported experts relied upon in submitting their declarations and expert reports. This information is uniquely and exclusively within the control of BP and Class Counsel.

Lastly, the interests of the Objectors here are strong. The Objectors seeking this motion are 795 in number. Objectors are but a small representation of the thousands of similarly situated claimants that undersigned counsel represents. Further, Objectors represent claimants in the hospitality industry. The hospitality industry and their efforts to promote tourism are at the heart of the damage that this oil spill caused to the Gulf of Mexico, and accordingly, are one of the most important groups that should be addressed by the Settlement Agreement.

## IV.     CONCLUSION

For the foregoing reasons, Objectors have an absolute right to know that the proposed class action settlement is in their best interest, is reasonable and fair, and complies with all applicable and appropriate laws. In order to determine whether or not to accept the terms of the settlement agreement and/or opt out of the litigation; as well as to make a determination whether to participate in the Fairness Hearing, these Objectors need formal Discovery regarding the significant and voluminous evidence recently filed into the record of this matter in support of this landmark and extraordinary settlement agreement.

Objectors are faced with reviewing the truthfulness and reliability of the statements made in the Memorandums in support of the settlement filed by BP and Class Counsel. All of the documents evidencing the foundation of the expert opinions and conclusions have not been published to Objectors or the general public. Objectors are entitled to review, in advance, all documentary and other evidence which BP and Class Counsel contend supports the opinions, conclusions and factual assertions contained within the evidence submitted in this matter.

Objectors respectfully request to be heard briefly on this motion at the September 14, 2012 Status Conference.

Respectfully Submitted,

/s/  Wesley J. Farrell, Esq.

Wesley J. Farrell, Esq.
FLBN 71783
Farrell & Patel,
The Four Seasons Tower
1425 Brickell Ave., Suite 58C
Miami, FL  33131
Office: 305-798-4177
Fax: 1-800-946-6711

/s/  Sarah E. Spigener, Esq.

Sarah E. Spigener, Esq.
LABN 31975
Farrell & Patel,
1515 Poydras St., Suite 1400
New Orleans, LA 70112
Office: 504-233-8585
Fax: 504-264-5953

/s/ Terry A. C. Gray, Esq.

Terry A. C. Gray, Esq.
DC Bar No: 470579
Farrell & Patel,
1776 I Street, NW Suite 900
Washington, D.C. 20006
Office: 202.670.9757
(pending admission *pro hac vice*)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 11, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Sarah E.  Spigener, Esq.