IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE" OIL SPILL by the OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, on April 20, 2010 | § § § § | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO: | § § | JUDGE BARBIER |
| 4:12-cv-01989 | § § | MAG. JUDGE SHUSHAN |

## PLAINTIFF'S MOTION TO REMAND

Peggy Kemp, Individually and in Her Capacity as the Surviving Natural Mother of Roy Wyatt Kemp, Deceased, through undersigned counsel, refiles her Motion to Remand. For the reasons set forth below, and as more fully explained in the Memorandum filed contemporaneously herewith, Kemp refiles that remand is appropriate because:

- Kemp has not made any claims arising under the Outer Continental Shelf Lands Act ("OCSLA") or any other federal law that falls within the parameters of 28 U.S.C. § 1331.[1]

- Kemp's claims are governed by the Jones Act and general maritime law and are, therefore, not removable.[2]

- Even if OCSLA applies (which it does not), OCSLA exempts vessels such as the *Deepwater Horizon* from its parameters.[4]

Peggy Kemp respectfully requests that the Court remand this case to the 334th Judicial District of Harris, County, Texas and for all other relief the Court deems appropriate.

---

[1] Kemp's Original Petition and Request for Disclosure is attached as Exhibit 1, pgs. 3-7, to Plaintiff's Memorandum in Support of their Motion to Remand filed contemporaneously herewith.

[2] See *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79 (1959) (discussing non-removability of "savings to suitors" claims on the grounds that, because maritime claims do not arise under the laws or Constitution of the United States they do not present federal questions).

[4] *Walsh v. Seagull Energy Corp.*, 836 F. Supp. 411, 418 (S.D. Tex. 1993) ("In sum, despite the potential and probably intended breadth of the application of federal law under OCSLA to oilfield operations on the shelf, in practice the courts have read *Rodrigue* [*v. Aetna Cas. & Sur. Co.*, 395 U.S. 352, 363–69 (1969)] to almost strictly limit its operation as to personal injuries to accidents taking place on fixed platforms."); *Grand Isle Shipyard Inc. v. Seacor Marine, LLC*, 589 F.3d 778, 781 (5th Cir. 2009).

1

Respectfully submitted,

**STEVENSON & MURRAY**

By: ___/s/ John W. Stevenson, Jr.___
**JOHN W. STEVENSON, JR.**
Attorney-In-Charge
E-Mail: jstevenson@johnstevensonlaw.com
Texas Bar No. 19196050
Southern District of Texas No. 3992
**JOHN C. SCHWAMBACH, JR.**
E-Mail: jschwambach@johnstevensonlaw.com
Texas Bar No. 17858450
Southern District of Texas No. 22904
Weslayan Tower, Suite 750
24 Greenway Plaza
Houston, Texas 77046-2416
(713) 622-3223
(713) 622-3224 (fax)

Counsel for Peggy Kemp, Individually and as
Surviving Natural Mother of Roy Wyatt Kemp,
Deceased

2

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that the above and foregoing Plaintiff's Motion to Remand has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 11th day of September, 2012.

/s/ John W. Stevenson, Jr.
**JOHN W. STEVENSON, JR.**

3