FILED
Chris Daniel
District Clerk
APR 19 2012
Time: ___
By ___ Harris County, Texas
Deputy

2012-22898

CAUSE NO. _____

| | | |
|---|---|---|
| PEGGY KEMP, INDIVIDUALLY, AND IN HER CAPACITY AS THE SURVIVING NATURAL MOTHER OF ROY WYATT KEMP, DECEASED | § § § § § | IN THE DISTRICT COURT OF |
| V. | § § § | HARRIS COUNTY, TEXAS |
| BP EXPLORATION AND PRODUCTION, INC., BP, PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., AND HALLIBURTON ENERGY SERVICES, INC. | § § § § § § | 334 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION and REQUEST FOR DISCLOSURE

COMES NOW, PEGGY KEMP, INDIVIDUALLY, AND IN HER CAPACITY AS THE SURVIVING NATURAL MOTHER OF ROY WYATT KEMP, DECEASED, Plaintiff, and files this Original Petition complaining of BP EXPLORATION AND PRODUCTION, INC., BP, PLC, BP AMERICA, INC., BP PRODUCTS NORTH AMERICA, INC., AND HALLIBURTON ENERGY SERVICES, INC., hereinafter called Defendants, and for cause of action would show unto the Court the following:

### I.

Pursuant to Rules 190.1 and 190.4 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff intends to conduct discovery under Level 3.

### II.

Defendant BP EXPLORATION AND PRODUCTION, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, C. T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.


EXHIBIT 1

-1-

Defendant BP, PLC is a foreign corporation duly licensed to do business in the State of Texas and is doing business in the State.

Defendant BP AMERICA, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, C. T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

Defendant BP PRODUCTS NORTH AMERICA, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, Prentice Hall Corp. System, 211 E. 7th St., Suite 620, Austin, Texas 78701-3218.

Defendant HALLIBURTON ENERGY SERVICES, INC. is a foreign corporation with its principal place of business in Texas and may be served with process through its registered agent for service, C.T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

## III.

Venue in this case is proper in Harris County, Texas because Defendants, BP EXPLORATION AND PRODUCTION, INC. and HALLIBURTON ENERGY SERVICES, INC., have their principal places of business in Harris County, Texas.

Furthermore, venue is proper under Section 15.005 of the Civil Practice & Remedies Code because there are two or more parties joined as Defendants, and this cause of action is a joint and indivisible cause. The causes of action arise out of the same transaction, occurrence, or series of transactions or occurrences. The causes of action are so intimately connected as to justify the joinder of these Defendants in the suit and are so intimately connected that they need to be joined to avoid a multiplicity of suits.

Additionally, Plaintiff specifically invokes her rights under Tex. Civ. Prac. & Rem. Code § 71.031, which is commonly known as the "open forum" provision, and chooses to maintain this action in the state district courts of Texas.

### IV.

It has become necessary to bring this suit by reason of the serious injury and death of Roy Wyatt Kemp on or about April 20, 2010. At the time of the injury and subsequent death of Roy Wyatt Kemp, he was aboard the MODU, *Deepwater Horizon*. Roy Wyatt Kemp's injuries and resulting death occurred while he was working in the course and scope of his employment as a crew member of the MODU, *Deepwater Horizon*. Accordingly, Roy Wyatt Kemp was a seaman employed by the operator of the *Deepwater Horizon* and/or BP Exploration and Production, Inc. This suit is, therefore, instituted under and controlled by the terms and provisions of Title 46, United States Code Annotated, Section 30104 and following, commonly referred to as the "Jones Act," incorporating the Federal Employers' Liability Act, and general maritime law.

Plaintiff would show that nothing Roy Wyatt Kemp, Deceased, did or failed to do on the occasion in question caused or in any way contributed to cause his injury and subsequent death. To the contrary, the occurrence in which Roy Wyatt Kemp, Deceased, was injured and subsequently died was proximately caused by the negligence, as that term is understood in law, by Defendants, their agents, servants, and employees, who were acting in the course and scope of their employment for the Defendants at all times material to this action.

## V.

The BP Defendants were negligent and grossly negligent in the following particulars:

1) failing to provide a safe place to work;

2) rushing the drilling operation to save money;

3) use of improper well control services;

4) utilizing improper material to control the pressure in the well;

5) failing to use the proper weight and type of drilling mud to control the pressure in the well and prevent a blowout and explosion;

6) continuing drilling operations once they knew or should have known that a blowout would occur;

7) failing to heed warnings from other contractors of the dangers involved with use of the well control materials that BP chose to use in the critical hours before the blowout;

8) misinterpreting the results of the negative pressure test;

9) participation in improper cement design, testing, quality assurance and risk assessment; and

10) other acts of negligence.

Halliburton Energy Services, Inc. was negligent and grossly negligent in the following particulars:

1) failing to design an appropriate cement plan for the well;

2) failing to properly execute and confirm a successful cement job;

3) failing to critically and properly assess problems with foam stability contamination and fluid loss potential prior to the job;

4) failing to fully test the cement slurry prior to execution of the job; and

5) other acts of negligence.

-4-

## VI.

Defendants owed to Roy Wyatt Kemp, Deceased, a duty to furnish him a safe place to work and a seaworthy vessel, and as applied to Roy Wyatt Kemp, Deceased, Defendants failed in those respects and such unseaworthiness of the MODU, *Deepwater Horizon*, caused and resulted in the death of Roy Wyatt Kemp and damages sustained by Plaintiff. These conditions were brought about and caused by Defendants. The conditions created by the negligent and grossly negligent conduct set forth in paragraph V rendered the vessel unseaworthy, and those allegations are incorporated by reference herein as if set forth verbatim. The negligent and grossly negligent conduct of Defendants were not isolated acts and omissions, but were pervasive and repeated frequently during the drilling of the well and, as such, resulted in an improper method of operation. Plaintiff alleges further that Defendants engaged in improper and unreasonably dangerous methods of operation in drilling the well, and their conduct created conditions that rendered the MODU, *Deepwater Horizon*, unseaworthy and resulted in the injuries and subsequent death of Roy Wyatt Kemp.

## VII.

Plaintiff would show that the above-described incident was proximately caused by the aforementioned negligence and gross negligence of Defendants. Defendants breached their legal duties and such breach caused the death of Roy Wyatt Kemp and damages to Plaintiff.

Plaintiff would show that Defendants were negligent through acts and omissions, jointly and severally, by and through agents, servants, and/or employees, acting in the course and scope of their respective employments, individually and/or collectively.

## VIII.

Peggy Kemp is the surviving natural mother of Roy Wyatt Kemp, Deceased. By reason of negligence and gross negligence of the named Defendants, and the unseaworthiness of the MODU, *Deepwater Horizon*, the companionship, assistance, support, services, nurture, guidance, counsel, society, love, affection, solace and comfort which Roy Wyatt Kemp, Deceased, would have made to his mother, Peggy Kemp, have been forever swept away.

As a direct and proximate result of the negligence of Defendants, Plaintiff, Peggy Kemp has suffered serious damages resulting from the death of her son, Roy Wyatt Kemp, in both the past and in the future, including loss of household services, loss of consortium, loss of economic support, and loss of inheritance.

All these losses were proximately caused by Defendants. These being elements recognized by law as being proper elements of damages, this suit is maintained for the recovery of the just and reasonable damages flowing to Plaintiffs by reason of the loss of these elements. Plaintiff has suffered and will continue to suffer grief and mental anguish as a result of the death of her son, Roy Wyatt Kemp, and will continue to suffer grief and mental anguish as a result of the death of her son. These being elements recognized by law as proper elements of damages, this suit is likewise maintained for the recovery of just and reasonable damages by reason of the loss of these elements because of the negligence and gross negligence of the Defendants and the unseaworthiness of the MODU, *Deepwater Horizon*.

## IX.

Plaintiff incorporates by reference the allegations in paragraph V and VI above as if set forth verbatim herein. These allegations demonstrate that Defendants acted with conscious disregard and

indifference to the rights, welfare and safety of the men aboard the *Deepwater Horizon*, including Roy Wyatt Kemp, Deceased. As a result, Plaintiff is entitled to punitive damages in an amount to be assessed by the trier of fact.

## X.

Plaintiff would additionally say and show that she is entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of their damages herein and Plaintiff here and now sues specifically for recovery of pre-judgment and post-judgment interest as provided by law.

## XI.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, all Defendants are hereby requested to disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a-l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff, PEGGY KEMP, INDIVIDUALLY AND IN HER CAPACITY AS THE SURVIVING NATURAL MOTHER OF ROY WYATT KEMP, DECEASED, prays that Defendants be cited to appear and answer herein, that upon final trial and hearing hereof Plaintiff recover her damages in accordance with the evidence, that she recover costs of Court herein, that she recover interest to which she is entitled under law, and that she be granted such other and further relief, general and special, legal and equitable, to which she may show herself justly entitled.

Respectfully submitted,

**STEVENSON & MURRAY**

By: _____

**JOHN W. STEVENSON, JR.**
Texas Bar No.19196050
Weslayan Tower, Suite 750
24 Greenway Plaza
Houston, Texas  77046-2416
(713) 622-3223
(713) 622-3224 (fax)


**KELLY & TOWNSEND, LLC**


By:  */s/ Taylor Townsend*
**TAYLOR TOWNSEND**
Louisiana State Bar. No. 20021
137 Saint Dennis St.
Natchitoches, LA.  71457
(318) 352-2353
(318) 352-8918 (fax)

**ATTORNEYS FOR PLAINTIFF**

STATE OF TEXAS
COUNTY OF HARRIS

I, Chris Daniel, District Clerk of Harris County, Texas, certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this

CHRIS DANIEL, DISTRICT CLERK
HARRIS COUNTY, TEXAS

_____ Deputy