# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUSIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG DEEPWATER HORIZON IN THE GULF OF MEXICO, ON APRIL 20, 2010 | MDL No. 2179 |
| IN RE THE COMPLAINT AND PETITION OF TRITON ASSET LEASING GmbH, ET AL., IN A CAUSE OF EXONERATION FROM OR LIMITATION OF LIABILITY | Section: J<br><br>Judge Barbier<br><br>Magistrate Shushan |
| **This Document Relates To:**<br>2:10-CV-02179 | |

## MEMORANDUM IN SUPPORT OF GO FISH'S MOTION FOR SCHEDULING ORDER TO CONDUCT LIMITED DISCOVERY

Intervenor Gulf Organized Fishermen in Solidarity & Hope ("GO FISH") filed objections challenging the fairness of the settlement and the certification of the class. While GO FISH hopes the parties will agree to a concurrent process to reform the proposed Seafood Compensation Program ("SCP"), given the timing of the certification hearing, limited discovery is needed now to address the evidence recently submitted by proponents and the objections raised by GO FISH and others. Pre-certification discovery is the subject of this motion.

GO FISH raised substantive concerns regarding the fairness of the proposed Seafood Compensation Program ("SCP") both in terms of parity amongst seafood industry participants, and the adequacy of the SCP's protection against past loss and future risk. GO FISH demonstrated that benefits allocated from the limited fund SCP are distributed heavily in favor of property damage claimants (591% of present value of all future income) at the expense of revenue-based fisher claims (10 - 20% of present value of all future income), particularly those of finfishers, crabbers and deckhands. These concerns are substantial; limited discovery is required to assure a full inquiry into the SCP's fairness.

GO FISH also demonstrated that some claims contained in the supporting affidavits were not true. For instance, GO FISH proved beyond doubt that fishermen will not receive five times their industry's annual revenue, as stated in a number of affidavits. GO FISH's evidence also calls into question the the parties' contention that the Gulf is recovering and that the risk to fishermen is low, e.g. that the proposed compensation adequately protects fishermen over the long term. When the affidavits do not provide sufficient, reliable information, GO FISH asserts precertification discovery is appropriate and necessary. See, Manual for Complex Litigation, Fourth, p. 255.

To date, GO FISH has tried but failed to gain underlying information from the PSC and BP that would allow a full analysis of what the SCP settlement proposal will provide to the different components of the fishing community and the risk faced by the community, both seaside and shoreside. As stated in GO FISH's objection, the number and value of fishing claims released through the GCCF, the number and value of oyster leaseholder property claims made on leases issued by private entities/waterbottom owners, and the number and value of interim payments made under OPA90 all profoundly impact the fairness of the allocation and the adequacy of the capped SCP fund. See, 1 Newberg on Class Actions § 3:75 (5th ed.) ("courts have found that class counsel cannot adequately represent two sets of claimants if, in limited fund situations, the recovery of one set will cut directly into those of another."). Without this information (and without real DHECC offers to consider) fishermen are unable to reasonably ascertain what the SCP will provide to them, a problem that itself has problematic legal consequences. GO FISH should be allowed to discover information regarding these variables.

What's more, GO FISH has raised class concerns regarding adequacy of representation. While several of the affidavits of the proposed class representatives do state the individuals have filed claims in the Seafood Compensation Program, the affidavits do not establish that the proposed plaintiffs are full-time commercial fishermen (versus an IFQ or oyster lease holder), that they are eligible for

compensation, in what fishery they work, where they fish and in what capacity they work on the vessel.[1] Intervenors should be able to explore whether the class representatives selected by the parties will adequately protect their interests should the class be certified.[2] As the failure to have adequate representation in the negotiation process is a root cause for GO FISH's disquiet as to the fairness of the SCP, GO FISH would like to issue discovery to corroborate same.

Discovery is felt necessary to assure the appropriateness of proceeding as a class. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996) ("[g]oing beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues"). GO FISH seeks the ability to conduct limited discovery to fill these needs, similar to that allowed in the VoO mediation process. Specifically, GO FISH seeks discovery of non-public information that informs the use, distributional fairness and adequacy of the capped SCP Fund, the adequacy of the DHECC claims process, and the adequacy of representation for purposes of class certification, concerns more fully briefed in GO FISH's objection.

> Respectfully Submitted:
>
> /s/ Joel Waltzer
> Joel Waltzer (LA #19268)
> 3715 Westbank Expwy, Ste 13
> Harvey, LA  70058
> Office:  (504) 340-6300
> Fax:      (504) 340-6330
> joel@waltzerlaw.com
>   *counsel for Intervenors*

---

[1] The only partial exception is Jerry Kee.
[2] At least two GO FISH members were placed on the initial class Complaint. They were later withdrawn from the Amended Complaint when they did not agree with the fairness of the proposed SCP, one voluntarily (crabber Phuong Nguyen), and one without consent (multiple species fisher Maurice Phillips).

**CERTIFICATE OF SERVICE**

      I certify that this motion has been served on All Counsel via Lexis Nexis File & Serve in accord with Pretrial Order No. 12 and via the CM/ECF with the Clerk of Court, U.S. Eastern District Court of La., in accored with the procedures established in MDL 2179, on this 11'th day of September, 2012.

                                                         /s/ Joel Waltzer