UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION J |
| *This Document Relates To:* | THE HONORABLE CARL J. BARBIER |
| Knotty Girl Fishing L.L.C. v. Worley Catastrophe Services LLC and BP Exploration and Production Inc., 11-cv-00649 | MAGISTRATE JUDGE SHUSHAN |

### THE PLAINTIFF KNOTTY GIRL FISHING, L.L.C.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO LIFT STAY TO FILE MOTION TO REMAND

MAY IT PLEASE THE COURT:

The Plaintiff Knotty Girl Fishing, L.L.C., through the undersigned counsel of record, submits this memorandum in support of its motion to lift stay, and respectfully requests this Honorable Court grant its motion to lift the stay of the Plaintiff's action and permit the Plaintiff to file its motion to remand this action to state court.

The Plaintiff initiated this action against Worley Catastrophe Services, LLC ("Worley") and BP Exploration & Production, Inc. ("BP") in state court on February 14, 2011. (R. Doc. 1-2, No. 11-649). The Defendants removed the Plaintiff's case from state court on March 23, 2011. (R. Doc. 1, No. 11-649). The case was assigned to this Court on March 24, 2011, as part of the MDL proceedings consolidating all actions filed against BP following the *Deepwater Horizon* explosion. Following the assignment of the Plaintiff's case to this Court, the Plaintiff's claims became subject to this Court's Pre-Trial Orders in the MDL proceedings, including PTO 25 (R. Doc. 7-3) which stayed this action. The Plaintiff now seeks to lift that stay and to file a motion to remand to state court.

1

The Defendants' removal is based upon a claim of federal question jurisdiction under 28 U.S.C. § 1331.[1] In particular, the Defendants assert federal question jurisdiction exists because the Plaintiff's claims relate to the Defendant BP's activities on the Outer Continental Shelf, and thus, jurisdiction exists pursuant to 43 U.S.C. § 1331, *et seq.* (OCSLA). The Plaintiffs staunchly disagree with the Defendants' position. (R. Doc. 1, No. 11-649). The Plaintiff's action is a request for declaratory judgment under state law. (R. Doc. 1-2, No. 11-649); *and see* La. Code Civ. Proc. art 1871, *et seq.*

Generally speaking, the Plaintiff alleges it executed a Release and Covent Not to Sue BP at the direction and guidance of Worley. (R. Doc. 1-2, No. 11-649). Essentially, the Plaintiff's action is based upon fraud and deceit in the procurement of the Plaintiff's execution of the Release and Covent Not to Sue BP. There is simply nothing in the Plaintiff's action which supports the Defendants' baseless claim of federal jurisdiction. Thus, the Court should lift the stay in the Plaintiff's case, and permit the Plaintiff's to file a motion to remand this action to state court.

Additionally, lifting the stay in this action and remand is appropriate under the current posture of the MDL proceedings. The stay of proceedings remains in place in the MDL because of the pending settlement between certain claimants and BP; however, the Plaintiff Knotty Girl Fishing, LLC is not included in the scope of that settlement. Pursuant to Section 2.2.6 of the Economic Damages Settlement Agreement entered in this matter (R. Doc. 6430), the Plaintiff's claims are excluded from the proposed settlement before this Court. The Plaintiff's claims relate solely to alleged fraud, deceit and misrepresentation by BP and Worley in obtaining the Plaintiff's execution of the Release and Covent Not to Sue BP.

---

[1] The Defendant Worley's principal place of business is the State of Louisiana, and hence, diversity jurisdiction pursuant 23 U.S.C. § 1332 is lacking.

The Plaintiff respectfully suggests it is entitled to pursue its claim under state law, and that it is clearly appropriate to permit the Plaintiff to file a motion to remand its case. The Plaintiff believes it can demonstrate to this Court that subject matter jurisdiction is lacking under both 28 U.S.C. §§ 1331 and 1332. As such, this Court should remand the Plaintiff's action to state court and allow the Plaintiff's to pursue their excluded state law claims against the Defendants BP and Worley. The Plaintiff's claims are highly individualized claims for vices of consent which are appropriately litigated outside the scope of these MDL proceedings.

Moreover, given the exclusion of the Plaintiff's claims from the proposed BP settlement, there is no material prejudice to the Defendants by lifting the stay of this action and permitting the Plaintiff to file a motion to remand. Conversely, the exclusion of the Plaintiff's claims means that the Plaintiff's case remains stayed and the Plaintiff remains unable to prosecute its claims, even though there is no justification for maintaining the stay of the Plaintiff's case in light of the Defendant BP's decision to exclude such claims from the proposed settlement. The Defendant BP has an unjust advantage in the continued stay of the Plaintiff's case, while the Plaintiff continues to suffer a corresponding loss. The only way to ensure a proper balance between the parties' rights and interests is to lift the current stay of the Plaintiff's case and to permit the Plaintiff to file a motion to remand its case to state court.

Accordingly the Plaintiff respectfully requests the Court lift the stay as to Plaintiff's action and permit the Plaintiff to file a motion to remand its action to state court for lack of subject matter jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request this Honorable Court grant its motion to lift stay, and that the Court permit the Plaintiff to file its motion to remand this action to state court.

Respectfully submitted,

 */s/ John B. Edwards*
John B. Edwards (La Bar No. 26274)
EDWARDS & ASSOCIATES LAW FIRM, LLC
208 East Oak Street
P.O. Box 974
Amite, LA 70422
Telephone: (985) 747-1088
Facsimile: (985) 747-1086
Email: john@edwardslaw.org

AND

 */s/ Frank C. Deudenhefer, Jr.*
Frank C. Dudenhefer, Jr. (La Bar No. 5117)
THE DUDENHEFER LAW FIRM, LLC
601 Poydras Street, Suite 2655
New Orleans, LA 70130
Telephone: (504) 525-2553
Facsimile: (504) 523-2508
Email: fcdlaw@aol.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 12, 2012, I electronically filed the foregoing Memorandum in Support of the Plaintiff's Motion to Lift Stay with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 */s/ Frank C. Deudenhefer, Jr.*
Frank C. Dudenhefer, Jr. (La Bar No. 5117)