UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| Civil Action No. 12-970 | : : | MAGISTRATE JUDGE SHUSHAN |

## EMERGENCY MOTION TO CHALLENGE CLASS ACTION SETTLEMENT FOR APALACHICOLA BAY SEAFOOD WORKERS

This Emergency Motion to Challenge Class Action Settlement for Apalachicola Bay Seafood Workers is submitted pursuant to the "Preliminary Approval Order [As to the Proposed Economic and Property Damages Class Action Settlement]" [Rec. Doc. 6418], at ¶ 38, page 39 (those wishing to object to any aspect of the Agreement must file a written statement of the objection(s) with the Court" by August 31, 2012), through undersigned counsel representing approximately 10% of all Florida business claims.

This emergency motion is part of the Rule 23 Fairness Hearing, and is submitted in order to challenge certain requirements and operations of the Class Action Settlement in this case as inequitable, irrational, in violation of the Oil Pollution Act, and in violation of the due process of law and basic principles of justice. This motion is beyond the August 31, 2012 time requirements to submit such a motion as the facts and circumstances as well as the application of the Deepwater Horizon Economic Claims Center ("DHECC") settlement standards at issue were not known or finalized until September 11, 2012. Thus, this motion could not have been filed prior to this time.

Yesterday, September 11, 2012, undersigned counsel first became apprised that Seafood Workers in Apalachicola Bay, including oyster workers, do not have oyster leases, but have

1

quotas and seasons for oystering. The Apalachicola Bay is managed by the State of Florida and the Bay's use is common to the Seafood Workers in Apalachicola Bay. Thus, there are no oyster leases. As a consequence, they are essentially excluded from the Class Action Settlement.

Moreover, since the State of Florida manages the Apalachicola Bay, and there was a threat to the environmental integrity of the Bay as well as a need for seafood from the Bay, the State opened the Apalachicola Bay for unlimited harvesting of oysters in 2010. As a result, these Seafood Workers actually had an increase in income in 2010, even though the dispersants and BP Oil came into the Bay through the three access points of Bob Sykes Cut, and the East and West Bay passes, and the BP Oil Spill degradation of the Bay began in 2010.

The consequence of the BP Oil Spill, the dispersants and BP Oil coming into the Bay, and the State of Florida's opening of the Apalachicola Bay for unlimited harvesting in response to the BP Oil Spill, has led to a drastic collapse of all bottom marine seafood (including oysters, crabs, bait fish, mullet, grouper, and more) in Apalachicola Bay, which was led to a September 4, 2012 declaration of local state emergency, and a request by Florida Governor Rick Scott for a federal declaration. This tracks the same destruction of sea life in Alaska's Prince Williams Sound after the Exxon Valdes environmental disaster.

The current damages methodology found in the Class Action Settlement and its application by the DHECC does not address the unique dynamics of Apalachicola Bay Seafood Workers and the fact that there are no oyster leases for these Seafood Workers, and the fact that the harm to the Seafood Workers was masked until 2012.

From the law, facts and evidence provided it is clear that the requirements of oyster leases must be modified to be consistent with the dynamics of the Apalachicola Bay and its Seafood Workers. It is also clear that the damages models must include the damages and loss of

income in 2012 due to the unlimited harvesting in 2010 and the impact of toxins from the BP Oil Spill on the Bay since 2010.

WHEREFORE for the foregoing reasons it is respectfully requested that the settlement standards for Seafood Workers in Apalachicola Bay, Florida, with claims before the DHECC be modified to permit recovery for oyster and Seafood Workers that do not have leases, and to permit Seafood Workers to use their 2012 losses and not their 2010 income to demonstrate their damages from the BP Oil Spill, which BP Oil Spill created a temporary increase in income in 2010 in response to the BP Oil Spill, unlimited harvesting, and masked the impact form the toxins in the Bay and its bottom, which led to the collapse of the bottom marine life in Apalachicola Bay.

Respectfully submitted on this 12th Day of September, 2012,

/s/ Tim Howard

| | |
|---|---|
| Scott Carrothers, Esq. | Tim Howard, Esq., Ph.D. |
| 3010 South County Rd., Hwy 395 | Howard & Associates, P.A. |
| Santa Rosa Beach, FL 32459 | Florida Bar No.: 0655325 |
| (850) 766-1471 (o) | 8511 Bull Headley Road, Suite 405 |
| scarrotherslaw@gmail.com | Tallahassee, FL 32312 |
| | (850) 298-4455 (o) |
| | tim@howardjustice.com |
| | |
| Douglas S. Lyons, Esq. | Samuel T. Adams, Esq. |
| Lyons & Farrar, P.A. | Attorney at Law |
| 325 North Calhoun Street | 460 Grace Avenue |
| Tallahassee, FL 32301 | Panama City, FL 32402 |
| (850) 222-8811(o) | (850) 785-3469 (o) |
| doug.lyons@lyonsandfarrar.com | tom@samueltadams.com |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing EMERGENCY MOTION TO CHALLENGE CLASS ACTION SETTLEMENT FOR APALACHICOLA BAY SEAFOOD WORKERS has been served on all counsel by electronically uploading the same to

Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th Day of September, 2012.

/s/ *Tim Howard*

Tim Howard, Esq., Ph.D., Attorney