UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO: | : : | JUDGE BARBIER |
| Civil Action No. 12-970 | : : | MAGISTRATE JUDGE SHUSHAN |

**EMERGENCY MOTION TO CORRECT AND CLARIFY CLASS ACTION SETTLEMENT BUSINESS LICENSURE REQUIREMENTS, WHEN LICENSES DO NOT EXIST**

This Emergency Motion to Correct and Clarify Class Action Settlement Business Licensure Requirements, When Licenses Do Not Exist is submitted pursuant to the "Preliminary Approval Order [As to the Proposed Economic and Property Damages Class Action Settlement]" [Rec. Doc. 6418], at ¶ 38, page 39 (those wishing to object to any aspect of the Agreement must file a written statement of the objection(s) with the Court" by August 31, 2012), through undersigned counsel representing approximately 10% of all Florida business claims.

This emergency motion is part of the Rule 23 Fairness Hearing, and is submitted in order to challenge certain requirements and operations of the Class Action Settlement in this case as inequitable, irrational, in violation of the Oil Pollution Act, and in violation of the due process of law and basic principles of justice. This motion is beyond the August 31, 2012 time requirements to submit such a motion as the facts and circumstances as well as the application of the Deepwater Horizon Economic Claims Center ("DHECC") settlement standards at issue were not known or finalized until September 11, 2012. Thus, this motion could not have been filed prior to this time.

1

Yesterday, September 11, 2012, undersigned counsel first became apprised that many businesses in the unincorporated parts of counties, such as Bay and Franklin, where neither license nor county tax applies, will not be permitted to complete their settlement claim before the Deepwater Horizon Economic Claims Center due to its inflexibly irrational licensure requirement.  When there are no licenses available it impossible to comply with the DHECC settlement's absolute requirement to provide an occupational license or county tax payments. Elected county officials have provided written verification of the lack of county licenses and the sheer impossibility of providing such licenses. Sample letter found in footnote below.[1]

These same businesses have provided 2007-2011 state sales and use tax ID, 2007-2011 state sales and use tax receipts, 2007-2011 federal tax returns, and 2007-2011 profit and loss statements, and state corporate filings and corporate certifications, yet their claims are not able to be completed by the DHECC.

---

[1]
                                    **PEGGY C. BRANNON**
                        **TAX COLLECTOR, BAY COUNTY**
                              **850 West 11th Street**
                        **PANAMA CITY, FLORIDA 32401**

| | |
|---|---|
| PHONE:  (850) 248-8501 | **CERTIFIED FLORIDA COLLECTOR** |
| FAX:  (850) 248-8540 | **POST OFFICE BOX 2285** |
| | **PANAMA CITY, FLORIDA  32402** |

September 10, 2012

To Whom It May Concern:

      This is in regards to your request for information on occupational license for Bay County.  As of September, 1984, Bay County Commissioners voted to cancel the issuance of occupational licenses for business located in the county.

      If you have any questions, please let us know.

Sincerely,

*Peggy Brannon*

Peggy Brannon
Tax Collector

PB/jpc

Here are three quick examples of the impossibility of complying with the current standards, despite having every other *indicia* verifying company operations, federal taxes, sales and use tax, Florida corporate status, etc.:

DHECC # 100011164   Duke Marine
DHECC # 100011118   AJ Specialties
DHECC # 100011089   SGI Photos

From the law, facts and evidence provided it is clear that the requirements of licensure must be modified to be consistent with reasonable standards and documentation verifying substantive business operations, without requiring non-existent licenses.

WHEREFORE for the foregoing reasons it is respectfully requested that the settlement licensure standards for business economic loss claims before the DHECC be modified to permit other documents that verify the substantive activities and operations of the business without having to produce licenses that do not exist.

Respectfully submitted on this 12th Day of September, 2012,

/s/ *Tim Howard*

Scott Carrothers, Esq.
3010 South County Rd., Hwy 395
Santa Rosa Beach, FL 32459
(850) 766-1471 (o)
scarrotherslaw@gmail.com

Tim Howard, Esq., Ph.D.
Howard & Associates, P.A.
Florida Bar No.: 0655325
8511 Bull Headley Road, Suite 405
Tallahassee, FL 32312
(850) 298-4455 (o)
tim@howardjustice.com

Douglas S. Lyons, Esq.
Lyons & Farrar, P.A.
325 North Calhoun Street
Tallahassee, FL 32301
(850) 222-8811(o)
doug.lyons@lyonsandfarrar.com

Samuel T. Adams, Esq.
Attorney at Law
460 Grace Avenue
Panama City, FL 32402
(850) 785-3469 (o)
tom@samueltadams.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing EMERGENCY MOTION TO CORRECT AND CLARIFY CLASS ACTION SETTLEMENT BUSINESS LICENSURE REQUIREMENTS, WHEN LICENSES DO NOT EXIST has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 12th Day of September, 2012.

/s/ *Tim Howard*
Tim Howard, Esq., Ph.D., Attorney