UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | * | MDL NO. 2179 |
| RIG "DEEPWATER HORIZON" | * | |
| IN THE GULF OF MEXICO, ON | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE BARBIER |
| TO: ACTIONS IN B1 | * | MAGISTRATE SHUSHAN |
| PLEADING BUNDLE, AND | * | |
| 12-970, BON SECOUR | * | NOTICE OF MOTION AND |
| FISHERIES, INC., ET AL V. | * | EXPEDITED MOTION TO CONDUCT |
| BP EXPLORATION & | * | DISCOVERY |
| PRODUCTION, INC., ET AL | * | |
| (REF: 10-7777) | * | |

**WOLF BAY, LLC NOTICE OF MOTION AND INCORPORATED
MEMORANDUM FOR CONSOLIDATED
EXPEDITED MOTION FOR LEAVE TO TAKE DISCOVERY
REGARDING EVIDENCE PRODUCED AUGUST 13, 2012**

NOW INTO COURT, comes Plaintiff, WOLF BAY, LLC through its representative member, Heath Rushing, and through undersigned counsel respectfully moves this Court to Order, at once, that they be granted limited and focused discovery on the critical information pertaining to the fairness of the Deepwater Horizon Settlement Agreement and the putative class, which was only put into the record on August 13, 2012, and respectfully states, as follows:[1]

### I.   BACKGROUND

1.  The deadline to opt out of the Settlement was extended, by this Court, from October 1, 2012 to November 1, 2012.

2.  The deadline for objections to the Settlement Agreement was set for August 31, 2012 and later extended until September 7, 2012.

---

[1] Objector requests expedited consideration of this motion and respectfully request to be heard briefly on this motion at the September 14, 2012 Status Conference.

3.       There has been no discovery of documents or information pertaining to class certification or the propriety or fairness of the proposed Settlement Agreement.

4.       Objector is the owner of a large tract of designated wetlands in Alabama who experienced oil intrusion onto the shoreline and marshes of their property.  Those properties have been excluded from the wetland property claims zone, as has all similar properties in the States of Mississippi, Alabama, and Florida.

5.       BP and the PSC have jointly submitted several expert declarations which have opined as to the fairness, reasonableness, and adequacy of the Proposed Settlement of Wetland Property Claims in the State of Louisiana.  None of those experts have commented on the exclusion of wetland properties in the States of Mississippi, Alabama, and Florida.  No other scientific reports, literature, nor expert opinions have been produced in support of this portion of the settlement.

6.       Much of the underlying evidence, which is purported to support the opinions, conclusions, and statements of fact contained in the papers filed on or about August 13th has not been published or otherwise made available to the general public.

7.       Furthermore, at no point prior to August 13th, have any documents or other information disclosed between BP and Class Counsel related to the propriety of the Settlement or the putative class been shared with undersigned counsel.

8.       The Deepwater Horizon Settlement seeks "compensatory damages, punitive damages, other damages and declaratory relief on behalf of [Plaintiffs] and the Economic and Property Class Members," and as a result, "all such claims, damages and

theories of liability, unless expressly reserved," will be extinguished, discharged and released by the terms of the settlement.[2]

10. To the best of undersigned counsel's knowledge, neither BP nor Class Counsel has provided any of the underlying data or evidence upon which the claims of their experts are based.

11. Written requests to Class Counsel soliciting information related to the expert testimony and reports they had produced a few weeks earlier have been requested. As of the filing of this motion, Class Counsel has not responded to this request.

12. By Order of this Court (Record Document 7366 Filed September 11, 2012), pursuant to request for limited discovery by certain objectors, the Court has ordered that the PSC and BP respond to this request by Friday, September 14, 2012.

13. It is impossible for the Objectors and those similarly situated wetland property claimants whom the undersigned counsel represents to meaningfully evaluate the terms of the Settlement, their alternatives to Settlement, such as opting-out, or the fairness of the process according to which the Settlement was created or will be approved, or the propriety of this information presented to the court by BP and Class Counsel on August 13th, without expedited access to some limited discovery.

14. There is an absence of critical information related to the putative class and the fairness of the proposed settlement. Objectors need this information to perform a meaningful evaluation of the settlement and their rights related thereto.

---

[2] Deepwater Horizon Economic and Property Damages Settlement as Amended (Record Document 6276-1)

15. Further, though the deadline to opt out was extended, this extension does not provide an adequate amount of time to evaluate the multitude of information that Class Counsel and BP set forth on August 13, 2012.

Thus, in consideration of the previously mentioned and foregoing reasons, Objectors respectfully request that this court grant undersigned counsel focused and limited discovery into certain topics and issues raised in the filings made by BP and Class Counsel on August 13, 2012.

## II. STATEMENT OF THE LAW

The District Court has discretion as to whether or not to grant Objectors to Class Action Settlement leave to take additional discovery. *See, e.g., In re Domestic Air Transp. Antitrust Litig.,* 144 F.R.D. 421, 424 (N.D. Ga. 1992). The criteria relevant to the Court's decision whether to permit objectors to conduct discovery are the "the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors." *Id.* at 424; *quoting* Newberg §11.56 at 476 (2d ed. 1985). See *Scadelletti v. Deban*, 265 F.3d 195 (4th Cir. 2001), Manual for Complex Litigation, Fourth Edition, §21.643, 2009.

## III. ARGUMENT

The Objectors are entitled to a limited amount of discovery, within the discretion of the Court. *See In re Cmty. Bank of N. Va.,* 418 F.3d 277, 316 (3d Cir. 2005); *Greenfield v. Villager Indus., Inc.*, 483 F.2d 824, 833 (3d Cir. 1973) (noting that "an objector at a [fairness] hearing is entitled to an opportunity to develop a record in support of his contentions by means of cross-examination"); *Freebird, Inc. v. Cimarex Energy Co.,* 46 Kan. App. 2d 631, 264 P.3d 500, 506 (2011) (noting that because the time given

to file objections is usually short, "the objector may need to secure evidence through independent discovery and presentation of witnesses at the settlement hearing").

This Court has the discretion to allow this limited discovery to aid in the adjudication of the fairness, reasonableness, and adequacy of the proposed settlement. See *Scadelletti v. Deban*, 265 F.3d 195 (4th Cir. 2001), Manual for Complex Litigation, Fourth Edition, §21.643, 2009.

This information is necessary to allow the Objectors to make a meaningful and informed decision about the merits of the Settlement and their alternatives to accepting it. Discovery, thus far, has only addressed the issue of liability. Further, the previous discovery requests were not specific to this issue presented before the Court - the propriety of the purported experts and experts' reports presented by BP and Class Counsel on August 13, 2012.

Objectors' request to undertake limited discovery of BP and Class Counsel's experts and experts' reports is reasonable. As previously stated, on or about, August 13, 2012, and BP and Class Counsel submitted extensive memoranda as well as dozens of sworn statements in support of their Joint Motion to certify this case and to get final approval of the settlement in the matter. These affidavits and declaration include testimony by both the purported class representatives and numerous expert witnesses retained either on behalf of the BP defendants or the Deepwater Horizon settlement program. Since this evidence has been submitted in support of the Settlement, Objectors rightly seek to test the evidence to assure that it is reliable, credible, and admissible Undersigned counsel believes that some of the expert evidence which has been submitted in connection with the sought after approval will not satisfy *Daubert* requirements for

5

admissible evidence. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). For example, many of the declarations contain conclusory allegations without supporting information.

This is not the case like *City of Detroit v. Grinnel Corp.*, 356 F.Supp. 1380 (S.D.N.Y. 1972) (objector's request for discovery denied where answers could be found in record of proceedings), in which the rationale and bases for the terms of the settlement could be found within the factual record. As previously stated, BP and Class Counsel did not provide the information and data that the purported experts relied upon in submitting their declarations and expert reports. This information is uniquely and exclusively within the control of BP and Class Counsel

## IV. CONCLUSION

For the foregoing reasons, Objectors have an absolute right to know that the proposed class action settlement is in their best interest, in reasonable and fair, and complies with all applicable and appropriate laws. In order to determine whether or not to accept the terms of the settlement agreement and/or opt out of the litigation; as well as to make a determination whether to participate in the Fairness Hearing, these Objectors need formal Discovery regarding the significant and voluminous evidence recently filed into the record o this matter in support of this landmark and extraordinary settlement agreement.

Objectors are faced with reviewing the truthfulness and reliability of the statements made in the Memorandums in support of the settlement filed by BP and Class Counsel. All of the documents which evidence the foundation of the expert opinions and conclusions have not been published to Objectors or the general public. Objectors are

entitled to review, in advance, all documentary and other evidence which BP and Class Counsel contend supports the opinions, conclusions and factual assertions contained within the evidence submitted in this matter.

Objectors respectfully request to be heard briefly on this motion at the September 14, 2012 Status Conference.

> THE PENTON LAW FIRM
> 209 HOPPEN PLACE
> BOGALUSA, LOUISIANA  70427
> PHONE       :     (985) 732-5651
> FAX         :     (985) 735-5579
> E-MAIL      :     fedcourtmail@rgplaw.com
>
>
> s/Ronnie G. Penton
> Ronnie G. Penton (#10462)
> Trial Counsel for Claimant, Wolf Bay LLC

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing pleading was accomplished through the Notice of Electronic Filing for parties and counsel who are Filing Users and that service was accomplished on any party or counsel who is not a Filing User in accordance with the Federal Rules and Local Rules of this Honorable Court on this date.

September 13, 2012.

> s/Ronnie G. Penton
> Ronnie G. Penton