UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>*All Cases*<br>              (Including No. 10-2771) | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER<br><br>MAGISTRATE SHUSHAN |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRANSOCEAN'S OBJECTIONS TO AND MOTION TO REVIEW MAGISTRATE JUDGE SHUSHAN'S ORDER REGARDING THE PSC'S REQUEST FOR NEW PHASE ONE DEPOSITIONS**

The Plaintiffs' Steering Committee (PSC) submits this Memorandum in accordance with this Court's September 11, 2012 Order [Rec. Doc. 7372] requiring the PSC to respond to Transocean's Objections to and Motion to Review Magistrate Judge Shushan's Order Regarding the PSC's Request for New Phase One Depositions.  For the reasons set forth below, the Court should deny Transocean's motion:

**I.     Background**

On July 11, 2012, the PSC informed counsel for Transocean that it "repeatedly and consistently [has] discovered Transocean documents that should have been produced in advance of trial" but were instead produced on or after January 12, 2012—the deadline for filing trial exhibit lists. [Rec. Doc. 7232 at 1.]  The PSC explained that these late-produced documents were relevant to its case against Transocean and, to rectify the untimeliness of the production, sought concurrence in a request to depose or re-depose four Transocean witnesses, amend the trial exhibit list, and stipulate to admissibility of

the late-produced documents. [*Id.* at 1-2.]  Transocean refused to concur in the request and the parties thereafter engaged in several weeks of meet and confer sessions.[1]

Ultimately, the dispute proceeded to Magistrate Judge Shushan for resolution.  On August 10, the PSC submitted ten documents representative of a larger universe of thirty-seven late-produced documents that it sought to include on the trial exhibit list.[2]  Transocean consented to amendment of the exhibit list, but refused to stipulate to the admissibility of such exhibits, and continued to oppose the request for additional Phase One depositions.  On September 4, Judge Shushan ruled that (1) the PSC was prejudiced by the untimely production of four of the ten representative documents; (2) Transocean must produce Chief Executive Officer Steve Newman ("Newman") for an examination regarding these documents; and (3) the PSC may also depose Newman on "other of the 37 documents which the parties believe are at issue as a result of extrapolation of the holdings of this order to the remaining documents." [Rec. Doc. 7268 at 6.]  Transocean objected to the Magistrate Judge's Order on September 10, 2012. [Rec. Doc. 7352.]  Transocean's objections are without merit and should be rejected.

## II.     Argument

A party wishing to object to a non-dispositive order of the magistrate judge faces a steep hurdle.  Indeed, pursuant to Federal Rule of Civil Procedure 72(a), the district court must not set aside a magistrate judge's non-dispositive order unless it contains "clear error" or conclusions that are "contrary to law." Fed. R. Civ. P. 72(a).  A finding is

---

[1] The parties exchanged four letters setting forth their respective positions. [*See* Rec. Docs. 7234, 7242, 7254, and 7260.]  Magistrate Judge Shushan's Order of September 4, 2012 also sets forth the factual background in more detail. [*See* Rec. Doc. 7268.]

[2] The thirty-seven documents proffered for inclusion were but a small fraction of relevant documents culled from thousands produced late by Transocean.

clearly erroneous only where the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 262 (5th Cir. 2011) (internal quotations omitted). A ruling is contrary to law "if the magistrate judge has misinterpreted or misapplied the applicable law." *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008); *see also Catskill Dev., LLC v. Park Place Entm't*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (same). In light of this exacting standard, Professors Wright and Miller have observed that a motion to alter a magistrate judge's non-dispositive order is "extremely difficult to justify." 12 Charles A. Wright et al., Federal Practice and Procedure § 3069 (2d ed. 1997); *see also Garcia v. Benjamin Group Enter., Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011) (explaining that review of a magistrate judge's discovery order is "highly deferential").

The issue here is whether Judge Shushan's Order requiring a second deposition of Steve Newman is clearly erroneous or contrary to law. This Court ruled, in Pretrial Order 17, that "no witness should be deposed more than once in this proceeding unless . . . [there is] a showing of good cause by the party seeking the second deposition." [Rec. Doc. 740 at 9.] The Court continued: "good cause could be, by way of example, the production of highly relevant documents after the deposition." [*Id.*] Judge Shushan applied the "good cause" standard when resolving the parties' dispute. [*See* Rec. Doc. 7268 at 2 (stating that "the PSC must present good cause to re-depose . . . Newman").] Furthermore, Judge Shushan narrowly tailored the deposition to the subject matter contained in late-produced documents and limited the time allotted for the deposition to 240 minutes. [*Id.*] To set aside Judge Shushan's Order, Transocean must therefore show

3

that her "good cause" determination was clearly erroneous or contrary to law. The motion clearly fails to satisfy this heavy burden.

Judge Shushan examined each of the ten late-produced representative documents and concluded that Document Numbers 3, 4, 6, and 7 were relevant, and that their untimely production prejudiced the PSC.[3] This determination is not clearly erroneous. Document 3 is an email exchange between Transocean's senior HSE advisor and another employee. The exchange suggests that personnel onboard the *Deepwater Horizon* generally misunderstood companywide safety processes implemented to prevent well control issues. Transocean does not dispute the relevance of this email exchange, but speculates that because Newman was not copied on the emails, "he presumably knows nothing." [Rec. Doc. 7352-1 at 6.] As Chief Executive Officer, such an assertion seems dubious given that the safety processes were implemented throughout the company; even if true, however, Newman's lack of awareness is itself highly relevant.[4] The PSC should be permitted to inquire whether Newman knew, as the email exchange suggests, that his company's safety "systems [were] being watered down to suit individual departments," or that "the checks and balances needed by the onboard management are not robust

---

[3] This Memorandum refers to Document Numbers 1 through 10, which are described in detail in Judge Shushan's September 4, 2012 Order. [*See* Rec. Doc. 7268.] Documents 3, 4, 6, and 7 are also attached for the Court's review.

[4] Elsewhere in its Memorandum, Transocean asserts that Newman "has never seen" this document. No factual support is provided for this assertion and the PSC respectfully suggests that the deposition will quickly resolve what, if any, knowledge Newman possesses concerning this and other documents deemed relevant by Judge Shushan's Order.

4

enough." Indeed, Newman's awareness—or lack thereof—of such "fleetwide" lapses goes to the heart of Transocean's liability.[5]

Document 4 is another email exchange, this one among Transocean employees just two months before the Macondo well blowout. Part of the discussion, as Judge Shushan observed, centers upon a *Deepwater Horizon* test of the blowout preventer. [*See* Rec. Doc. 7268 at 3.] In particular, Jess Richards states that during a test of the lower annular, Transocean "blew up their 22" casing." She then remarks, "I'm sure we will find some way to blame it on the cementer." More than one correspondent on the exchange states directly that the company's performance is inadequate. This email exchange is highly relevant to Transocean's systemic process safety failures. Again, Transocean seemingly acknowledges the document's relevance, and it accordingly questions only whether Newman is knowledgeable about the document's content. But the PSC has a right to ask. Newman's potential lack of knowledge, given the seriousness of the statements, is relevant in its own right.

Document 6 is a series of emails relating to Transocean's "First News Bulletin," an October 2009 companywide communication authored by Newman. The Bulletin informed employees that Lloyd's Register would soon begin "an evaluation of our current safety policies and procedures, and our safety culture." [TRN-MDL-02380852.[6]]

---

[5] What is more, because Transocean will not stipulate to the admissibility of Document 3, the PSC is entitled to an opportunity to lay the foundation necessary to admit the document in evidence. After all, this Court has ruled that "there is no categorical rule that emails originating from or received by employees of a producing defendant are admissible under the business records exception," [Rec. Doc. 5143 at 6], and has set forth several foundational prerequisites to admission of a defendant's email communications, [*id.*].

[6] For ease of reference, the PSC attaches the "First News Bulletin" for the Court's review.

5

The emails comprising Document 6 discuss revisions to drafts of the "First News Bulletin." Transocean dismisses the suggested revisions as "largely non-substantive and duplicative." [Rec. Doc. 7352-1 at 7.] Judge Shushan disagreed. In one email, a Transocean employee recommends that the Bulletin refrain from describing the safety review as "exhaustive" because "this is going to turn our people off." The same email suggests altering the Bulletin's title so that employees do not receive "the impression that we are looking at a major overhaul of our systems policies" and thereby "read this and conclude they need to gird for another big change initiative." Both revisions were implemented. The email exchange also suggests revisions to de-emphasize recent fatalities aboard Tranoscean's rigs. Simply put, the revisions offer potential insight into the manner in which Transocean personnel conceptualized company safety culture and sought to minimize the appearance of corrective oversight. Thus, although Newman was questioned about the Bulletin during his deposition, the PSC was unable to explore the significance of the revisions and to pose questions regarding internal company deliberations. The attitude of personnel toward oversight of its systemic safety failings is highly relevant to Transocean's Phase One liability and, potentially, the case for gross negligence.

Transocean does not contend that Document 7 is irrelevant. Such an argument would strain credulity. The document is an email exchange between Newman and another Transocean employee, Larry McMahan. In it, McMahan expresses disappointment with the company's safety culture and leadership; states that he does "not expect any significant change" in companywide safety culture; and urges a "war" on the company's "attitude toward change." The correspondence suggests pervasive, systemic

6

lapses where process safety is concerned. Moreover, Newman was the email's sole recipient; the PSC was denied the right to cross-examine him using this document and, as Judge Shushan recognized, that denial resulted in prejudice.

Because the late-produced Document 7 is so clearly relevant, Transocean instead argues that it was not responsive to any PSC document requests. This argument fails for two reasons. First, at the very least, the email was responsive to the PSC's omnibus request for production; after all, it speaks directly to persistent companywide process safety lapses. Moreover, the document—an email written only to Newman—should have been part of Newman's custodial file. Judge Shushan implicitly agreed with the PSC by rejecting Transocean's argument. Her ruling is not clearly erroneous under the deferential standard set forth in Rule 72(a).

The more important point, however, is that Transocean has now produced the document notwithstanding whether it was responsive to a formal document request. In other words, the cat is out of the bag and Transocean cannot now unring the bell. Rather, Transocean produced the highly relevant document after Newman's deposition and the PSC took time to carefully review it. Under Pretrial Order 17, "good cause" may be shown simply by "the production of highly relevant documents after the deposition." [Rec. Doc. 740 at 9.] Here, a highly relevant document was, as a matter of fact, produced after Newman's deposition. Transocean's attempt to parse document requests simply has no place in the Court's good cause inquiry.[7, 8] Judge Shushan recognized as much and correctly applied the standard set forth by the Court.

---

[7] Thus, *Lowery v. Noble Drilling Corp.*, Civ. A. 96-3968, 1997 WL 675328 (E.D. La. Oct. 29, 1997), cited in Transocean's Memorandum [Rec. Doc. 7352-1 at 8], is inapposite. *Lowery* resolved a motion for a second deposition under Rules 30(a)(2)(B)

7

Finally, Transocean argues that a second deposition of Newman will be cumulative because the PSC already had the opportunity to cross-examine him on the issues in question. This is beside the point; the PSC lacked the highly relevant, untimely produced documents necessary to inquire into the above-described issues. In addition, Judge Shushan's Order is not limited to Documents 3, 4, 6, and 7. The PSC sought to add 37 total documents to the trial exhibit list and the Order permits cross examination using any of the 37 documents that fits the criteria identified in Judge Shushan's written reasons. Thus, Newman will be deposed on more than the four documents discussed in Transocean's motion. Further, Transocean does not object to this specific aspect of the Order and, accordingly, it cannot be clearly erroneous or contrary to law.

For the foregoing reasons, Transocean's Objections to and Motion to Review Magistrate Judge Shushan's Order Regarding the PSC's Request for New Phase One Depositions should be denied.

---

and 26(b)(2). It did not analyze the motion under the good cause standard set forth in Pretrial Order 17. That standard is on its face more flexible than that set forth in Rule 26(b)(2). Indeed, this Court's good cause standard implicitly envisions that due to the size and volume of the document productions, there may be good reasons to permit a second deposition even where a full discovery period has been permitted. Further, the Pretrial Order leaves the good cause determination to the magistrate's discretion, and Judge Shushan applied this flexible standard to resolve the parties' dispute. Her application of the good cause standard, which comports with the example set forth in Pretrial Order 17, is not contrary to law.

[8] A similar argument applies to Document 3, which Transocean also claims was not responsive to any request for production and not responsive to any of the search terms negotiated by the parties.

This <u>14th</u> day of <u>September</u>, <u>2012.</u>

Respectfully submitted,

| | |
|---|---|
| /s/   Stephen J. Herman | /s/ James Parkerson Roy |
| **Stephen J. Herman**, La. Bar No. 23129 | **James Parkerson Roy**, La. Bar No.11511 |
| **HERMAN HERMAN & KATZ LLC** | **DOMENGEAUX WRIGHT ROY** |
| 820 O'Keefe Avenue | **& Edwards LLC** |
| New Orleans, Louisiana 70113 | 556 Jefferson Street, Suite 500 |
| Telephone: (504) 581-4892 | Lafayette, Louisiana 70501 |
| Fax. No. (504) 569-6024 | Telephone: (337) 233-3033 |
| Email: sherman@hhklawfirm.com | Fax No. (337) 233-2796 |
| *Plaintiffs Liaison Counsel* | E-Mail: jimr@wrightroy.com |
| | *Plaintiffs Liaison Counsel* |

**PLAINTIFFS' STEERING COMMITTEE**

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER & IMPREVENTO
Towne Pavilion Center II
600 22nd Street, Suite 402
Virginia Beach, Virginia 23451
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com


Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com


Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street

9

275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com


Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.


Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400

Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com


Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, Louisiana 70360
Office: (985) 876-7595

| | |
|---|---|
| Telefax: (305) 476-7444 | Fax No. (985) 876-7594 |
| E-Mail: ervin@colson.com | E-Mail: duke@williamslawgroup.org |

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office: (843) 216-9159
Fax No. (843) 216-9290
E-Mail: jrice@motleyrice.com

### CERTIFICATE OF SERVICE

We hereby certify that the above and foregoing Memorandum will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, this 14th day of September, 2012.

    /s/ Stephen J. Herman and James Parkerson Roy