UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| Applies to: *All Cases* | * | MAG. JUDGE SHUSHAN |

## TRANSOCEAN'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER

On August 28, 2012, the PSC served Transocean with 188 Requests for Admissions and an Interrogatory requesting the identification of all facts, all witnesses, and all documents that support each unqualified admission (collectively, the "PSC's requests"). The PSC's requests, which ostensibly relate to allegedly late produced Phase I documents, were served more than one year after the deadline for Phase I written discovery and are therefore untimely. The PSC's requests are also improper and unduly burdensome.

**I.     BACKGROUND**

In its initial Pre-Trial Order in MDL 2179, the Court made clear that "[p]ending…further orders of this Court, **no further discovery shall be initiated**." [Rec. Doc. 2 ¶ 8 (emphasis added)]. Since that time, the Court has addressed the deadlines for Phase I written discovery requests on at least the following occasions:

- On January 27, 2011 in PTO 27, establishing July 31, 2011 as the deadline for completion of all Phase I written discovery and explaining that "[t]his deadline

includes the filing of motions to compel in sufficient time to allow disposition of the motion on or before that date." [Rec. Doc. 1075 at 1, 1 n.2].

- On June 27, 2011 in the Order following the June 24, 2011 Working Group Conference, explaining that with limited exception, "[a]ll written discovery for Phase One is to be complete by July 1, 2011." [Rec. Doc. 3062 at ¶ 19].[1]

- On July 11, 2011 in the Order following the July 8, 2011 Working Group Conference, which again made clear that the deadline for written discovery, defined as "interrogatories, requests for production (RFPs) and requests for admissions (RFAs)" had expired. [Rec. Doc. 3238 at 1-2 and n.2].

- On July 12, 2011 in a Memorandum to Liaison and Coordinating Counsel, stating that "[t]he deadline for responding to permitted written discovery has expired" and providing in bold, "**No party may serve any party with any further Phase One RFPs, interrogatories or RFAs without leave of Court.**"  [Ex. A at 1-2 (emphasis original)].

- On July 18, 2011 in the Order following the Working Group Conference on July 15, 2011, reiterating that no party may serve any further Phase One written discovery, including interrogatories and requests for admission, without leave of Court. [Rec. Doc. 3354 at 2].

This Court has also addressed the authenticity and admissibility of the allegedly late produced Transocean documents. On July 11, 2012, the PSC requested that Transocean consent to amendment of the PSC's Phase I trial exhibit list and agree to stipulate to authenticity and

---

[1] None of the exceptions provided by the Court include the PSC's RFAs.

admissibility of the documents that are the subject of its Requests for Admission. [Rec. Doc. 7234]. Transocean agreed to stipulate to authenticity, but objected to admissibility. [Rec. Doc. 7260]. On September 4, 2012, Judge Shushan issued an Order allowing amendment of the PSC's trial exhibit list in conformity with Transocean's consent, but reserving the issue of admissibility for Judge Barbier: "The admissibility of the additional documents will be resolved by District Judge Barbier." [Rec. Doc. 7268 at 1]. The September 4, 2012 Order also recognized that the scope of discovery in this matter has generally been limited to the Gulf of Mexico: "With some limited exceptions, discovery has been confined to the GOM." *Id.* at 5.

## II.  ARGUMENT

This Court may issue a protective order under Rule 26(c) "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of good cause. FED. R. CIV. P. 26(c). The untimely service, improper nature, and undue burden of the PSC's requests provide good cause for the entry of the attached Order.

### A.  PSC's Requests Are Untimely and Were Served Without Leave of the Court

The PSC's requests are untimely as the deadline for completion of all Phase I written discovery was July 31, 2011. [PTO 27, Rec. Doc. 1075 at 1, 1 n.2]. The Court has reiterated this deadline on a number of occasions [*see, e.g.*, Rec. Doc. 3062 at ¶ 19; Ex. A at 1-2; Rec. Doc. 3354 at 2], and has specifically stated that this deadline included "requests for admissions (RFAs)." [Rec. Doc. 3238 at 1-2 and n.2]. The PSC neither sought nor obtained leave of the Court to serve additional written discovery requests (let alone, nearly 200 RFAs).[2] Accordingly,

---

[2] The PSC statement, during the August 17, 2012 hearing, that "[w]e are prepared if we have to, and we probably will, to send out requests for admissions on Monday" [Ex. B at 11:14-16] does not rise to the level of requesting leave to file untimely discovery requests.

3

the PSC's requests are untimely and were served without Court permission, and this Court should order that Transocean is relieved from responding.

Allegedly late-produced Transocean documents do not justify the PSC's untimely discovery requests. This Court already cured any prejudice that could have arisen from the production. Transocean consented to amendment of the PSC's Phase I trial exhibit list and stipulated the authenticity of the documents. In light of these actions by Transocean, there is no need for the PSC to be permitted another round of written discovery. The allegedly late production should not become an excuse for the PSC to reopen Phase I written discovery.

### B. The PSC's Requests Are Unduly Burdensome

In addition to being untimely, the sheer volume of Plaintiffs' discovery requests – 188 separate RFAs, together with Plaintiffs' demand that for every unqualified admission Transocean must: "(a) identify with particularity all facts that support your qualified admission or denial of each such Request for Admission; (b) identify all witnesses with knowledge of any facts that support your qualified admission or denial of each such Request for Admission; and (c) identify all documents that support your qualified admission or denial of each such Request for Admission" – renders the PSC's requests oppressive and burdensome. *See, e.g.*, *Robinson v. Stanley*, No. 06 C 5158, 2009 WL 3233909 (N.D. Ill. Oct. 8, 2009) ("Courts routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable, and oppressive.") (citing *Joseph v. Connecticut Department of Children and Families*, 225 F.R.D. 400, 403 (D. Conn. 2005)). The PSC's interrogatory further runs afoul of the Federal Rules because it improperly asks Transocean to identify facts, witnesses, and documents related to all of the requests for admissions in one interrogatory. *See, e.g.*, *Morris v.*

*Hickison*, 2009 WL 1657467, at *3 (E.D. Cal. June 12, 2009) ("It is improper to ask a defendant to explain his responses to an entire set of requests for admission in one interrogatory.").

### C. The Majority of the PSC's Requests Are Improper

Even if the PSC had made these requests more than a year ago or sought leave to make untimely requests, the majority would still be improper because they seek to confirm the content of documents that Transocean has already stipulated the authenticity of or relate to documents outside the proper scope of discovery.

#### (1) Requests that Seek to Confirm the Content of Documents

More than 70 of the PSC's requests ask Transocean to confirm portions of text, such as the author, recipients, and subject line of emails, or quotations from the documents. *See* RFAs 7, 9-13, 15, 17, 29-35, 46, 47, 49, 51, 59, 60, 62, 64, 66-70, 76-103, 110, 111, 113, 133, 143-44, 146-49, 157, 161, 169, 173, 176, 183. Examples of these requests include:

- RFA 10: "Admit that Larry McMahan and Adrian Rose were cc recipients of TRN-MDL-06099840, a February 12, 2008 email from Pharr Smith to various recipients."

- RFA 33: "Admit that in response to Rob Saltiel's January 17, 2008 email, Bill Sannan sent Saltiel the AMU Safety Presentation 08 that Sannan presented in the meeting in Mumbai on January 14, 2008."

- RFA 46: "Admit that the Transocean document with the Bates stamps TRN-MDL-06416911 through TRN-MDL-06416912 is an e-mail exchange with the subject matter: 'Using the Management System.'"

- RFA 67: "Admit that on February 10, 2010 at 8:50 a.m., Jess Richards responded to Scott McKaig's February 10, 2010 (8:42 a.m.) email, stating, 'Chris Ness is probably sitting in a coffee shop, reading the news paper, and tossing around whether he plays golf today or just takes a nap. In spite of how difficult this decision process may be, I'm sure he is feeling pretty good right now' (TRN-MDL-04937152)."

- RFA 133: "Admit that in his September 11, 2009 email to Steven Newman, Larry McMahan expressed his concern that if field division leadership did not have the

5

passion to fight in favor of an 'attitude towards change', Transocean would fail in its efforts to implement change (TRN-MDL-05762567)."

- RFA 148: "Admit under the section entitled 'Observations', the Transocean document entitled 'Reducing Unplanned Operational Events' states as follows: 'Rig Teams Often Driven to Defer Maintenance to reach Budget Objectives" (TRN-MDL-06570810).'
- RFAs 173: "Admit that in his March 31, 2010 email to Arnaud Bobillier and Guilherme Coelho, Martin Vos provided the Brazil Shell Well Delivery Manager's opinion that it was obvious that the number of issues they were dealing with were 'extraordinary and will require extraordinary interventions' (TRN-MDL-05467037)."
- RFA 183: "Admit that the Transocean documents with the Bates stamps TRN-MDL-05877808 through TRN-MDL-05877809 are two emails with the subject matter: 'How to keep the learnings of previous alerts?' (TRN-MDL-06153690)."

Because Transocean has agreed to stipulate to the authenticity of these documents [Rec. Doc. 7268 at 1], there is no additional benefit to be gained from answering these RFAs about specific portions of the documents. Requests of this nature are "unreasonably cumulative" and "duplicative" under Rule 26(b)(1). *See, e.g.*, *Van Wagenen v. Consolidated Rail Corp.*, 170 F.R.D. 86, 87 (N.D.N.Y. 1997) (denying motion to compel answers to requests for admission seeking to confirm genuineness of quotes from documents whose authenticity had already been admitted). Moreover, because these requests do not seek to establish "the truth of any matters" that are not already established by documents that have been stipulated to be authentic, they serve no purpose but to annoy, oppress, and burden Transocean.

Similarly, although requests that Transocean admit that various documents are "a true and accurate copy of the Transocean document" (*see* RFAs 1, 23, 39, 52, 71, 72, 104, 122, 136, 151, and 177) might have been proper if timely served, Transocean has already agreed to stipulate to the authenticity of the documents in question. Accordingly, these too are cumulative and burdensome.

### (2) Requests that Relate to Documents Outside the Proper Scope of Discovery

6

The PSC includes numerous requests related to documents beyond the proper scope of Phase I discovery. For example, 26 requests relate to TRN-MDL-05467036, an email exchange concerning conditions on a rig, the *Arctic-1*, working in Brazil. This Court reviewed this document in connection with the PSC's request to take additional Phase I depositions and stated that "With some limited exceptions, discovery has been confined to the GOM. The PSC will not be prejudiced by not being permitted to examine someone on this document." [Rec. Doc. 7268 at 5]. The PSC should likewise be barred from serving requests for admission related to this document. The same is true of TRN-MDL-05877809, an email dated June 19, 2009, which concerns a man overboard incident in the Caspian Sea, the subject of another 12 PSC requests. As the Court has already determined, that document "is like [TRN-MDL-05467036] in that it concerns an incident outside the GOM." *Id.*

The PSC also includes 27 consecutive RFAs asking Transocean to verify that various quoted entries were made in Transocean employee Larry McMahan's post-incident Day-Timer (*see* RFAs 76-102). This document was timely produced in Phase II, and the PSC cannot argue late production as justification for additional discovery requests.[3]

## III. CONCLUSION

For the foregoing reasons, Transocean seeks an Order protecting it from answering the PSC's untimely, improper, and unduly burdensome requests.

Respectfully submitted this 14th day of September, 2012,

---

[3] The deadline for Phase II written discovery has also passed. [Rec. Doc. 3840 at 6 (emphasizing, in August 29, 2011 Order regarding the August 26, 2011 Working Group Conference, "the need to serve written Phase Two Discovery in September, so that Phase Two oral and written discovery will be more orderly than Phase One.")].

By: /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas,
No. 00784125)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas  77002
Telephone:  (713) 470-6100
Facsimile:  (713) 654-1301
Email:  steven.roberts@sutherland.com,
Rachel.clingman@sutherland.com

By: /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana  70163
Telephone:  (504) 599-8169
Facsimile:  (504) 599-8154
Email:  kmiller@frilot.com

-and-

-and-

By: /s/ Edwin G. Preis, Jr.
Edward G. Preis, Jr. (Louisiana, No. 10703)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana  70501
Telephone:  (337) 237-6062
Facsimile:  (337) 237-9129

601 Poydras Street, Suite 1700
New Orleans, Louisiana  70130
Telephone:  (504) 581-6062
Facsimile:  (504) 522-9129
Email:  egp@preisroy.com

By: /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071
Telephone:  (213) 683-9100
Facsimile:  (213) 683-5180, (213) 683-4018
Email:  brad.brian@mto.com,
allen.katz@moto.com

**Of Counsel:**
John M. Elsley (Texas, No. 0591950
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas  77002
Telephone:  (713) 224-9380
Facsimile:  (713) 225-9945
Email:  john.elsley@roystonlaw.com

**ATTORNEYS FOR DEFENDANTS
TRANSOCEAN OFFSHORE
DEEPWATER DRILLING INC.,
TRANSOCEAN DEEPWATER INC.,
TRITON ASSET LEASING GmbH, AND
TRANSOCEAN HOLDINGS LLC**

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on September 14, 2012, Carter Williams, counsel for Transocean conferred in good faith with Anthony Irpino, counsel for the PSC, in an effort to resolve this dispute, pursuant to Rule 26(c)(1).

      /s/ Kerry J. Miller_____
      Kerry J. Miller

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice

      /s/ Kerry J. Miller_____
      Kerry J. Miller