UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Working Group Conference on Friday, September 14, 2012]

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

### PHASE ONE PREPARATION

Those parties that want war room space in the Courthouse for the Phase One trial were asked to email their requests.

The following is a partial list of matters required for the Phase One Trial. The parties are asked to consider these and propose any additions to the list. They are also to consider how best to organize the preparation for the Phase One Trial. This will be discussed at the September 21 conference.

1. Fact and expert witness lists.

2. Trial subpoenas.

3. Advance notice and order of witnesses.

4. Exhibit lists.

5. Trade secret information.

6. Demonstratives.

7 Video clips.

8. BOP parts at the trial.

9. Trial space assignments for each party.

10. Auxiliary courtrooms.

11. Live feeds.

12. Equipment required by the parties, Courtroom Connect, inData and Worldwide Reporting.

13. Dry run before the trial.

14. Courthouse security and access arrangements coordinated with U.S. Marshal.

15. Appearance of trial counsel for each party.

16. List of attendees for the trial from each party.

17. Seating chart.

## PHASE TWO

### Equipment Stored at Michoud

**1. Inspection of BOP, Capping Stack and Equipment**.

Captain Engelbert urges that anyone with any interest in inspecting the evidence should do so now. It will be available for inspection through **Friday, October 5.** Good cause will be required for inspection of the equipment and material after **October 5**.

Under Captain Engelbert's supervision, a class of Coast Guard officers will be permitted to inspect the BOP, Capping Stack and other equipment at Michoud during the week of September 17 as part of their safety training.

Under Captain Engelbert's supervision, BP will open bags and buckets to photograph and weigh potential material for study. BP will submit a protocol for sampling and destructive testing of the materials.

BP submitted its protocol for the handheld laser scanner. This work will be done during the week of September 24.

2. **Deadline for BOP Testing**.

**October 31, 2012** will be the deadline for testing all equipment and material stored at Michoud. All data related to testing will be provided on a rolling basis and no later than **November 21, 2012.**

## Phase Two Document Production

1. **DPP Entries on Privilege Log Nos. 46-57.**

The U.S. is to produce 5 documents for *in camera* inspection by **September 20, 2012.** Rec. doc. 7396. A ruling was issued on the 8 DPP entries. Rec. doc. 7400.

2. **DPP Entries on Privilege Log Nos. 58 and 59.**

By no later than **Wednesday, September 26, 2012**, the U.S. shall provide a listing of the DPP entries, so samples can be selected and a determination made as to whether the U.S. has properly extrapolated the rulings to the DPP entries on these logs. Rec. doc. 7294 at 4.

3. **DPP Entries on Privilege Logs Served After August 31.**

For privilege logs served after August 31, the U.S. shall proceed as provided in the September 6, 2012 order (Rec. doc. 7294 at 4).

**4.     Schedule V.**

BP and the U.S. submitted letter briefs regarding the Schedule V challenges. A ruling will be issued as promptly as possible.

**5.     Custodial File Production.**

There is a 21 day deadline in advance of a deposition for custodial file production and privilege logs. The U.S. reported that it was not going to request that additional search terms be run on Charlie Holt. The U.S. reported ongoing discussions with BP regarding production for certain modeling quantification-related depositions.

**6.     Third Party Production.**

A conference call is scheduled for Monday, September 17, with counsel for Professor Leifer at U. C. Santa Barbara regarding production of documents. The U.S. reported that it would oppose any request for a continuance of the Possolo deposition.

**7.     U.S. Document Production.**

   a. Coast Guard Laptops and Loose Media - The U.S. completed the production of the final non-privileged data from the loose media and non-standard Coast Guard laptops on August 24. All required privilege logs were produced on August 15. This will be removed from the agenda for September 21.

   b. Third Party FRTG Subpoenas - The U.S. will submit *in camera* the documents which it has withheld as work-product.

   c. Coast Guard Custodial Metadata - The U.S. and BP reported that they are working on the remaining issues concerning the metadata.

**Phase Two Fact Depositions**

1. **Length of Depositions and Allocation and Sequence of Examination Time**.

    The order for clarification of the sequence of examination was issued with the presenting party in the second to last position and the first questioning party having the right to reserve time to go last. Rec. doc. 7394. This will not be on the agenda for September 21.

2. **Unscheduled Fact Depositions**.

    Cameron produced its documents. Dates have not been set for the depositions of Cameron and Stress Engineering. The U.S. is waiting to hear from Wild Well Control on discovery issues raised by it and Halliburton. A date has not been set for the deposition of Wild Well Control. The U.S. reports that it is not seeking the deposition of Worldwide Oilfield Machine.

3. **Other Deposition Matters**.

    The request by Woods Hole for payment of costs and attorneys' fees is pending.

    The cooperation of Anadarko and Cameron in ceding time during the Woods Hole deposition is appreciated.

    The U.S. is working on resolving the issue raised by BP on the schedule conflict between the Guthrie and Griffiths depositions.

    The U.S. raised a question about the length of quantification and hybrid BP depositions. BP reported that it will work with the U.S. on the resolution of this issue.

4. **Scheduled Fact Depositions**.

    The status of the scheduling of Rule 30(b)(6) Depositions is as set forth below.

|  | **Designee** | **Length** | **Location** | **Date** |
|---|---|---|---|---|
| Week - September 17-21 | | | | |
| **U.S.** | Mark Sogge | Two Days | N.O. | Sept. 18-19 |
| **BP** | Graham Vinson | Two Days | N.O. | Sept. 18-19 |
| **Anadarko** | Allan O'Donnell | One Day | N.O. | September 19 |
| **Halliburton** | S. LeBlanc | One day | N.O. | September 20 |
| **Weatherford** | | One day | N.O. | September 20 |
| Week - September 24-28 | | | | |
| **U.S.** | Admiral Allen | Two days | N.O. | Sept. 24 and 25 |
| **U.S.** | A. Possolo | Two days | N.O. | Sept. 26 and 27 |
| **BP** | Simon Bishop | Two days | N.O. | Sept. 27 and 28 |
| Week - October 1-5 | | | | |
| **U.S.** | Mark Miller | Two days | N.O. | Oct. 1 and 2 |
| **Add Energy** | | One Day | N.O. | October 3 |
| **U.S.** | Charlie Henry | Two days | N.O. | Oct. 3 and 4 |
| **Statoil** | | One Day | N.O. | October 4 |
| **BP** | Bryan Ritchie | One Day | N.O. | October 4 |
| Week - October 8-12 | | | | |
| **Oceaneering** | | One Day | N.O. | October 10 |
| **U.S.** | Lars Herbst | Two days | N.O. | Oct. 10 and 11 |
| **U.S.** | Admiral Cook | Two days | N.O. | Oct. 10 and 11 |
| **BP** | Tom Knox | Two days | N.O. | Oct. 11 and 12 |

6

Week - October 15-19

| | | | | |
|---|---|---|---|---|
| **BP** | Adam Ballard | Two days | N.O. | Oct. 16 and 17. |
| **BP** | Greg Rohloff | Two days | N.O. | Oct. 17 and 18 |
| **U.S.** | Art Ratzell | Two days | N.O. | Oct. 17 and 18 |

Week - October 22-26

| | | | | |
|---|---|---|---|---|
| **U.S.** | Admiral Landry | Two days | N.O. | Oct. 22 and 23 |
| **BP** | Yun Wang | One Day | N.O. | October 24 |
| **U.S.** | Marcia McNutt | Two days | N.O. | Oct. 24 and 25 |
| **BP** | Trevor Smith | Two days | N.O. | Oct. 25 and 26 |

Week - October 29 - November 2

| | | | | |
|---|---|---|---|---|
| **U.S.** | Tom Hunter | Two days | N.O. | Oct. 30 and 31 |
| **U.S.** | Don McClay | Two days | N.O. | Oct. 30-Nov. 1 |
| **Intertek Group** | | One Day | N.O. | November 1 |
| **Anadarko** | Robert Quitzau | One Day | N.O. | November 1 |
| **DNV** | | One Day | N.O. | November 1 |

Week - November 5-9

| | | | | |
|---|---|---|---|---|
| **Transocean** | Rob Turlak | Two Days | N.O. | Nov 5-6 |
| **BP** | Hugh Banon | One day | N.O. | November 6 |
| **BP** | John Hughes | One day | N.O. | November 7 |
| **BP** | Marvin Miller | One day | N.O. | November 8 |

Week - November 12-16

| | | | | |
|---|---|---|---|---|
| **BP** | Kevin Devers | Two days | N.O. | Nov. 12-13 |

7

| | | | | |
|---|---|---|---|---|
| **BP** | Tanner Gansert | Two days | N.O. | Nov. 12-13 |
| **BP** | Earnest Bush | One day | N.O. | November 14 |
| **U.S.** | Stewart Griffiths | Two days | N.O. | Nov. 14-15 |
| **BP Institute** | | Two days | U.K. | Nov. 14-15 |
| U.S | ____ Guthrie | Two days | N.O. | Nov. 15-16 |

Week - November 19-23

| | | | | |
|---|---|---|---|---|
| **BP** | Ellen Williams | One day | N.O. | November 19 |

Week - November 26-30

| | | | | |
|---|---|---|---|---|
| **Schlumberger** | Bud Decoste | One Day | N.O. | November 27 |
| BP | Charlie Holt | Two days | N.O. | Nov. 28-29 |

## Phase Two Trial Preparation Timeline

A draft schedule for the remainder of Phase Two, including designation of remaining fact witnesses and expert discovery, was released on September 13. The Court described the thinking behind the schedule.

BP submitted a letter with its reservations about the draft schedule. The U.S. and Transocean asked for additional time to consider the BP letter.

The U.S. expressed concern about whether there is enough time to incorporate all of the fact testimony into the reports of its experts. It also views the deadline for reply expert reports as too short.

Transocean is concerned about the 5 witnesses for each side. It contends that its interests are adverse to BP's interests.

The U.S. contends that the parties should not be required to pick witnesses they want to depose before they know who the other parties are going to call. It proposes that the parties should be required to exchange lists of who they intend to call to support their claims or defenses and from those lists the parties can decide who they want to depose. The U.S. does not want to pick its 5 witnesses and later find out that BP has listed witnesses for trial which were not known to the U.S.

BP noted that any party will want to depose a trial witness who was a not Rule 30(b)(6) witness or who was not an additional fact deposition witness and, as a practical matter, there is a need to address the question of the identification of witnesses at an earlier stage rather than on the eve of trial.

The Court asked the parties to consider a requirement for a good faith may-call witness list.[1]

The PSC requested that the U.S. confer with it on the selection of the 5 witnesses to be deposed after the Rule 30(b)(6) depositions. It asked that each <u>party</u> rather than each "side" be permitted to identify additional fact depositions.

The PSC raised the issue of the admissibility of exhibits. It contends that if it cannot obtain stipulations on the admissibility of the exhibits, then it will be necessary to examine many more than 5 additional fact witnesses to obtain the testimony necessary to overcome objections to the admissibility of the exhibits.

---

[1] For Phase One, the parties were required to submit a final witness list. They were to indicate in good faith those witnesses who would be called in the absence of reasonable notice to opposing counsel to the contrary. Rec. doc. 4966 at 8-9. They were permitted to list one person as a may call witness. Rec. doc. 5272. On January 20, 2012 the parties submitted Phase One witness lists. See for example lists from Anadarko and Cameron (Rec. docs. 5303 and 5309).

## Louisiana's Request for Discovery

On September 11, 2012, Louisiana submitted a request for discovery on certain 2010 economic losses under OPA. The issue was addressed by District Judge Barbier in the conference with liaison counsel on Friday, September 14. The request for the discovery is denied. It is claim splitting and it is inconsistent with the schedule for the preparation and trial of Phase One and Phase Two.

## CONFERENCE SCHEDULE

| | |
|---|---|
| 9/21/12 | WGC meeting at 9:30 a.m. |
| 9/28/12 | WGC meeting at 9:30 a.m. |
| 10/5/12 | WGC meeting at 9:30 a.m. |
| 10/12/12 | WGC meeting at 9:30 a.m. |
| 10/19/12 | Status Conference at 9:30 a.m. |
| | WGC meeting to follow |
| 10/26/12 | WGC meeting at 9:30 a.m. |
| 11/2/12 | WGC meeting at 9:30 a.m. |
| 11/9/12 | WGC meeting at 9:30 a.m. |
| 11/16/12 | Status Conference at 9:30 a.m. |
| | WGC meeting to follow |
| 11/30/12 | WGC meeting at 9:30 a.m. |
| 12/7/12 | WGC meeting at 9:30 a.m. |
| 12/14/12 | WGC meeting at 9:30 a.m. |

12/28/12	WGC meeting at 9:30 a.m.

**All Saturdays are email free days.**

New Orleans, Louisiana, this 17th day of September, 2012.

_____
**SALLY SHUSHAN**
**U.S. MAGISTRATE JUDGE**