# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

September 7, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

        Re:    MDL No. 2179 — BP's Schedule V and Zantaz Challenges to the United States' Privilege Logs

Dear Judge Shushan:

      BP respectfully submits this initial brief and list of documents for *in camera* review as its Schedule V challenges to privileges asserted by the United States in connection with United States privilege logs served between August 1, 2012 and August 15 (United States' privilege logs 53-57). (*See* Attachment 1.) Additionally, after careful review and consideration of the United States United States' 41st (Zantaz) privilege log, BP has also determined, in the interest of judicial economy, not to submit for *in camera* review any entries from this privilege log.

      For the requests for *in camera* review, BP challenges all privileges currently asserted and any additional privileges the United States decides to assert in response to this brief.

      In this submission, BP requests that the Court make just two substantive privilege determinations — from among the 821 entries on the United States' Schedule V logs and 6,491 entries on the United States' 41st (Zantaz) privilege log. Where practical, BP brought targeted challenges to these entries, and BP appreciates the United States' efforts in the meet-and-confer process to release certain challenged documents and also to provide helpful responses where the United States maintained the privilege. Although BP believes that non-privileged documents likely remain on the United States' logs that could have been — but are not being — challenged, BP recognizes the need to move efficiently through these privilege challenge schedules. Accordingly, BP respectfully requests the Court make only two substantive privilege rulings, as further described below.

Chicago     Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 7, 2012
Page 2


I.  **Schedule V Challenges**

   A.  **Attorney-Client Privilege and Work-Product Protection Challenges**

On August 26, 2012, BP served challenges to 17 entries listed on the United States' Schedule V privilege logs that assert the attorney-client privilege, work-product protection, or both. The United States responded by stating that two entries were "improperly processed versions of documents already released," that one entry was beyond the agreed date range for Phase 2 discovery, and that the United States maintains its privilege assertions over the remaining 14 documents.

Of those 14 documents, BP requests an *in camera* review of the following documents.

***Email re Instructions on responding to DWH flow estimates*** (SNL042-000310, SNL151-002173, SNL151-002913, and SNL160-014398.)

BP challenges four documents, which appear to be closely related or perhaps duplicates. Three of these apparent duplicates have been withheld by the United States solely on assertions of the work-product protection; as to the other document, the United States asserts both the work-product protection and the attorney-client privilege.

The United States has redacted a portion of text on these four challenged documents. To the extent the redacted text is the same in all four documents, the Court need only inspect one of the unredacted versions of this document. Any ruling on that one document will logically apply to all four.

BP obviously cannot inspect the redacted text, but it is worth underscoring that, unless these redactions reveal actual work product or attorney advice, the redacted text is not privileged.

For example, the Court's July 13 Order regarding BP's *in camera* submission ruled that the fact of a privileged communication with an attorney is not privileged, *id.* at 31 (Doc. No. 10), nor is the fact of a meeting regarding analysis that is otherwise protected by the work-product doctrine, *id.* at 16, 19 (Doc. Nos. 13 and 42). Also not privileged are instructions by non-attorneys that a document will be reviewed by attorneys, *id.* at 32 (Doc. No. 37), nor statements that a document should be reviewed by attorneys, *id.* at 30 (Doc. No. 6). Further, the Court has ruled not privileged statements that an extension on a subpoena response will be necessary. *See id.* at 31 (Doc. No. 31).

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 7, 2012
Page 3

In light of the principles reflected in these and other of the Court's privilege rulings, BP believes it is unlikely that the redacted text reflects attorney advice or actual work performed for a litigation purpose.

*Email re BP Items* (SNL151-001534).  The United States has asserted both the work product protection and the attorney-client privilege for two redactions on this page.

These two redactions, given the surrounding text, seem unlikely to contain attorney work product related to litigation preparation or to reflect privileged attorney-client communications.

Again, BP obviously cannot inspect the redacted text, but for the reasons stated above, and in light of other privilege rulings from this Court, BP believes it is likely that the redacted text is not privileged.

### B.   Deliberative Process Privilege Entries on Schedule V Logs

In light of the Court's Order from yesterday regarding post-May 31 deliberative process privilege claims, (Dkt. No. 7294), no further action from the Court is necessary at this time regarding deliberative process privilege entries on the United States' Schedule V privilege logs.

By way of background, BP's August 26, 2012 letter also provided the United States with an 82-entry subset of entries served on Schedule V logs that assert solely the deliberative process privilege.  As that letter explained, BP was not "challenging" these entries in that BP expected to submit briefing and request *in camera* review of these documents.  (*See* Attachment 2, R. Gasaway Ltr. to S. Himmelhoch (Aug. 26, 2012), at 3-4.)  BP merely spotlighted this subset of entries and requested the United States continue its extrapolation over them, subject to reasonable verification.

In response, the United States agreed to produce 21 of these 82 documents completely and to produce three of these 82 documents with redactions — despite the United States' statement by email on September 3 that the Court's rulings were fully applied as the United States' privilege logs were generated.

Yesterday's detailed Order precisely addresses BP's request that the United States continue extrapolating, subject to reasonable Court verification.  Accordingly, no immediate action from the Court is necessary on these entries.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 7, 2012
Page 4

### II.     Zantaz Privilege Log

#### A.     Background

On May 21, 2012, as part of the Schedule I challenge process, BP challenged entries appearing on the United States' privilege log corresponding to its Zantaz production (Log 41). BP and the United States subsequently agreed that any United States response to these challenges could be postponed because many of the entries relate to Phase 1 issues. Both parties then agreed to address these Zantaz challenges in the current Schedule V briefing process. (Dkt. No. 7218, at 1-2 (Aug. 31, 2012 Working Group Order).)

(Although the Zantaz log contains entries designated as related to Phase 1, the Court's May 11, 2012 Order, (Dkt. No. 6510, at n. 1), explained that Phase 1 entries served after April 20, 2012, were still subject to challenge. Log 41 was served on April 31, 2012.)

Log 41 contains 6,491 entries. Of these, BP challenged 456 specific attorney-client privilege and/or work-product protection entries and all 3,472 deliberative process privilege entries.

In response, the United States provided BP with a list of entries for which the United States maintained its privilege claims. This list contained 211 entries asserting the attorney-client privilege or work-product protection and only 111 entries asserting the deliberative process privilege. (Four of these entries overlapped — asserting both the deliberative process privilege and at least one of the attorney-client privilege or work-product protection.)

#### B.     Attorney-Client Privilege and Work-Product Protection Challenges

After reviewing the relevant 211 entries, BP has compiled a list of privilege assertions that are likely deficient. But BP is conscious of the need to preserve judicial resources, especially as we enter a busy deposition period, and has therefore given additional scrutiny to the likely relevance of the potentially deficient entries. In light of these factors, BP has determined not to submit for *in camera* review any of the 211 entries from the United States' Zantaz log.

#### C.     Deliberative Process Privilege Challenges

BP appreciates the United States' efforts thus far to pare back its assertion of the discretionary deliberative process privilege for these Zantaz documents. As stated, BP challenged 3,472 Zantaz entries asserting the deliberative process privilege and of those challenges, only 111 entries now remain. Of these 111 entries, only two entries have been categorized as related to Phase 1 and only one entry as related to Phase 2.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 7, 2012
Page 5

Regarding these three entries, and in light of the Court's Order from yesterday regarding the deliberative process privilege, BP believes the appropriate next step would be to include these three entries in the round of extrapolation and verification described in Paragraph C of the Court's Order. (Dkt. No. 7294, at 4.)

In other words, the United States should extrapolate the Court's rulings to any Phase 1 or Phase 2 Zantaz entries asserting the deliberative process privilege. Any remaining entries would be included with the list of deliberative process privilege entries provided to the Court on or before September 26, 2012, together with the relevant entries from United States privilege logs 58 and 59. *See id.*

BP requests that, as part of the United States' extrapolation for these Zantaz entries, the United States also consider whether to re-categorize any of the 108 entries currently labeled as Later Phases — Step A of the Court's Order. *See id.* at 2. For example, the following entries would appear to be relevant to Phase 1 issues.

| Begin Bates | Date | Description |
|---|---|---|
| ZAN037-067722 | April 28, 2010 | Email re Transocean BOP Stacks |
| ZAN037-050608 | April 30, 2010 | Draft document titled Issuing a Demand that Lessees Certify Full Conformance regarding Rig/BOP Modification and Well-Cementing |
| ZAN037-058871 | May 2, 2010 | Email re Deepwater Horizon Well at Mississippi Canyon 252 |
| ZAN037-080155 | April 29, 2010 | Email re Quick Draft of NTL to Address ROV/Hot Stab and Cementing Issues |
| ZAN037-018232, ZAN037-077022 | April 26, 2010 | Email re SLG and NRT Notes and Action Items |

In the interests of judicial economy, BP is not requesting that the Court review these items *in camera* to confirm they are appropriately designated, nor is BP officially challenging the Later Phases designation on these documents.

Instead, BP merely requests the United States', as part of its extrapolation, consider the relevance of these and other of the Zantaz deliberative process privilege documents to issues relevant to Phase 1 and Phase 2 of this litigation before submitting to the Court the appropriate list of entries for sampling and verification.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 7, 2012
Page 6

                                                  Respectfully Submitted,

                                                  Robert R. Gasaway

Attachments

cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey

# Attachment 1

## BP's Requests for *in Camera* Review from the United States' Schedule V Privilege Logs

| First | Last | DocDate | Privileges | Phase | Author | Recipients | Attorney | Description | Basis | Family | Redacted | Log |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SNL042-000310 | SNL042-000310 | 20100917 | WP | P2 | Tatro, Marjorie, DOE | Dykhuizen, Ronald, DOE; Morrow, Charles, DOE; Tieszen, Sheldon, DOE; Griffiths, Stewart, DOE; Pilch, Martin, DOE; Dimos, Duane B., DOE; Sorenson, Ken, DOE; Watkins, Randy, DOE; Borns, David, DOE; Ratzel, Arthur, DOE; Blankenship, Douglas, DOE; Nicolary, Nancy, DOE | Department of Justice | Email re Instructions on responding to inquiries on DWH Flow Estimates | Internal communication discussing work being performed at request of counsel in anticipation of litigation | SNL042-000310-SNL042-000310 | SNL042-000310 | Log 56 |
| SNL151-002173 | SNL151-002173 | 20100920 | WP | P2 Qua | Griffiths, Stewart, DOE | Ratzel, Arthur, DOE | Department of Justice | Email re Instructions on responding to inquiries on DWH flow estimates | Internal communication discussing work being performed at request of counsel in anticipation of | SNL151-002173-SNL151-002173 | SNL151-002173 | Log 56 |
| SNL151-002913 | SNL151-002913 | 20100917 | AC, WP | P2 | Tatro, Marjorie, DOE | Dykhuizen, Ronald, DOE; Morrow, Charles, DOE; Tieszen, Sheldon, DOE; Griffiths, Stewart, DOE; Pilch, Martin, DOE; Dimos, Duane B., DOE; Sorenson, Ken, DOE; Watkins, Randy, DOE; Borns, David, DOE; Ratzel, Arthur, DOE; Blankenship, Douglas, DOE; Nicolary, Nancy, DOE | Department of Energy | Email re Instructions on responding to inquiries on DWH flow estimates | Internal communication discussing advice of counsel given in anticipation of litigation | SNL151-002913-SNL151-002913 | SNL151-002913 | Log 56 |
| SNL160-014398 | SNL160-014399 | 20100917 | WP | P2 | Tatro, Marjorie, DOE | Dykhuizen, Ronald, DOE; Morrow, Charles, DOE; Tieszen, Sheldon, DOE; Griffiths, Stewart, DOE; Pilch, Martin, DOE; Dimos, Duane B., DOE; Sorenson, Ken, DOE; Watkins, Randy, DOE; Borns, David, DOE; Ratzel, Arthur, DOE; Blankenship, Douglas, DOE; Nicolary, Nancy, DOE | Department of Justice | Email re Instructions on responding to inquiries on DWH flow estimates | Internal communication discussing work being performed at request of counsel in anticipation of litigation | SNL160-014398-SNL160-014399 | SNL160-014398 | Log 56 |
| SNL151-001534 | SNL151-001535 | 20100916 | AC, WP | P2 | Dimos, Duane B., DOE | Tatro, Marjorie, DOE | Ratzel, Arthur, DOE | Email re BP Items | Internal discussion of communication with counsel for purposes of obtaining legal advice in anticipation of | SNL151-001534-SNL151-001535 | SNL151-001534 | Log 56 |

# Attachment 2

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

August 26, 2012

**By Electronic Mail**

Sarah D. Himmelhoch
Environment & Natural Resources Division
U.S. Department of Justice
RFK Main Building
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530

Re:   MDL 2179 — BP's Schedule 5 Challenges

Dear Sarah:

With this letter, BP brings its Schedule 5 challenges to the United States' privilege logs served on or after July 31, 2012, and on or before August 15, 2012 (Logs 53-57). (*See* Attachment 1.) Since August 15, 2012, the United States has issued one additional privilege log — Privilege Log 58, issued on August 21, 2012. BP has determined that it will not challenge any entries on this log.

Also attached is a listing of a subset of the deliberative process privilege entries that appear on these five logs that reflects those entries for which BP has decided to preserve deliberative process privilege challenges. BP requests that the United States extend its extrapolation of deliberative process privilege rulings to these entries. (*See* Attachment 2.)

**Schedule 5 Challenges**

BP challenges the entries in Attachment 1 as part of the Schedule 5 challenge process. These 17 entries all reflect assertions of the attorney-client privilege, the work-product doctrine, or both. As the United States requested in its Schedule 4 response, BP provides detailed explanations below for the bases of its challenges.

BP challenges all 17 documents with respect to all privileges asserted. Citing one document in the context of one argument does not make other arguments inapplicable. The failure to specify below one of the 17 documents listed on Attachment 1 has no bearing on whether BP has challenged the document and which privileges are challenged.

Chicago    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai

KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch
August 26, 2012
Page 2

*Work product and the primary purpose test*. The United States has claimed the work-product protection for entries that do not appear to have as their primary purpose to aid in future litigation. (*See* S. Cernich Ltr. to Court (June 16, 2012), at 4; Dkt. No. 6904, at 8.)

- DSE029-002857, DSE029-002870, SNL151-001801, SNL151-002443. Directives are intended to be provided publicly to, in this case, BP as part of the response effort — not for use in litigation. Drafts of these directives are therefore not work product.

- HCG214-009675. These are "draft talking points." Talking points do not have a primary litigation purpose, as the Court held in its July 13 Order, and therefore are unlikely to be work product. (*See* Dkt. No. 6904, at 29-30 (ruling that the draft talking points in BP's Document No. 49 are not protected by the work-product doctrine.)

- SNL042-000310, SNL151-002173, SNL151-002913, SNL160-014398. These entries are described as "instructions on responding to inquiries on DWH flow estimates." The redacted text is clearly brief and likely does not reflect an actual request from or directed by attorneys (or their designees) for a litigation purpose. Further, the fact of potential future inquiries for a litigation purpose is not privileged.

*Entry text*. The following entries are challenged, among other reasons, because the format of the entry suggests the underlying document may not be privileged.

- *Vague entries*. SNL156-005484, SNL156-005486, SNL156-006340. These entries are all undated assertions of work-product protection from the "Department of Energy" with no recipient specified. "Department of Justice" is listed as the attorney. Given the vague nature of these entries, these seem unlikely to be privileged.

- SNL151-001534. The scientist, Art Ratzel, is listed as the attorney.

*Attorney-client privilege*. Only documents that either request or reflect attorney advice merit the attorney-client privilege. (*See* S. Cernich Ltr. to Court (June 16, 2012), at 3; Dkt. No. 6904, at 3, 6.) These documents seem unlikely to meet this standard.

- DSE027-002653, DSE027-002657. One author is writing to many recipients with what is described as proposed text for a NIC Order. An attorney is not copied on

**KIRKLAND & ELLIS LLP**

Sarah D. Himmelhoch
August 26, 2012
Page 3

      this email containing many recipients; otherwise, the document would not be logged. Unless the document clearly reflects counsel's advice, then the document is not privileged. Alternatively, this document should be produced with redactions of any attorney comments that might appear "down the email chain."

- SNL151-001801, SNL151-002443. Art Ratzel, a non-attorney, has emailed other non-attorneys requesting their review of a draft directive. These communications are unlikely to be attorney-client privileged.

The following documents have many recipients and one attorney listed. Because the document was logged, an attorney is not copied on the "top" email. Due to the number of recipients and the apparent minimal participation by attorneys, the following entries seem unlikely to be privileged.

- LAL317-000018, LAL317-000022. George Guthrie is reaching out to many people allegedly with an information request. Given the broadcasted nature of this email, it is unlikely to reflect legal advice received from the Department of Justice.

- HCG214-009675. The author of the document is the unspecified "DHS," the recipients are similarly collective, "JIT," and the attorney is "DHS." The vague nature of this document makes it unlikely to reflect attorney advice. Further, "Draft Talking Points" are unlikely to have as their "primary purpose" the preparation for anticipated litigation and therefore are unlikely to be work-product protected.

**Deliberative Process Privilege**

Attachment 2 to this letter contains a subset of the deliberative process privilege entries served on the United States' Schedule 5 logs (after July 31, 2012). BP is not "challenging" these entries in that it expects to submit some of these to the Court for *in camera* review in conjunction with Schedule 5 briefing.

Instead, BP simply requests that the United States continue its extrapolation over these newly served entries. These entries, together with other entries described in my August 23 letter, will also be subject to a reasonable verification process, per the Court's May 31 Order, (Dkt No. 6604, at 3), to be established through a discussion with the Court, the United States, and BP.

## KIRKLAND & ELLIS LLP

Sarah D. Himmelhoch
August 26, 2012
Page 4

  BP agrees with the United States that "the number of deliberative process claims has fallen dramatically." (Hr'g Tr. 23:16-18 (Aug. 10, 2012).). And many of the post-May 31 claims do appear to be "pieces of the chains of e-mails that have already been upheld" by the Court's June 11 Order, (Dkt. No. 6650). (Hr'g Tr. 23:18-21.) BP has highlighted the entries in Attachment 2 for the United States because they do not appear, from the recipients, descriptions, and dates provided, to be parts of these chains of emails.

  Some of these documents also do not appear to "fall in the same category of deliberative process documents." *Id.* at 23:20-21. Although the contours of this "category" have not been expressly defined for BP, the United States has released many previously withheld documents related to draft source control procedures, and the, also undefined, criteria that merited the release of those documents should likely apply to these documents as well.

  BP looks forward to a discussion with the United States and the Court about an appropriate verification procedure for the United States' post-May 31 deliberative process privilege claims. Until then, BP requests the United States continue its extrapolation over the entries in Attachment 2.

            Sincerely,

            */s/ Robert R. Gasaway*

            Robert R. Gasaway

Attachments

cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey