

**U.S. Department of Justice**

Environment and Natural Resource Division

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-5261*
*Thomas.Benson@usdoj.gov*

September 12, 2012

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
 Eastern District of Louisiana
Hale Boggs Federal Building
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

      Re:    MDL No. 2179 — BP's Schedule V and Zantaz Challenges to the United States' Privilege Logs

Dear Judge Shushan:

      BP challenges five documents from the United States' privilege logs 53-57 and no documents from the United States' Zantaz privilege log. September 7, 2012, R. Gasaway Letter to Judge Shushan. The United States stands by the privilege assertions on the documents challenged by BP, and provides those documents to the Court for *in camera* review. The United States maintains that each is protected by the attorney client privilege and the work product doctrine.

      Each of the documents BP challenges has been produced in redacted form to protect attorney client and work product material.[1] Each is an email coming in mid-September 2010 – two months after the well was shut-in and after the formation of BP's Flow Rate Team as an

---

[1] Four of the challenged documents are iterations of the same message. BP correctly surmises that the redacted language is the same in each, and we agree with BP that the Court only need review one of the iterations; your decision on that one iteration will apply to the remaining three. The United States asserts work product and attorney client for each of these related documents. (We concede that on our log we neglected to assert attorney client for three of the four iterations. We will correct our log after the Court's ruling.).

1

attorney work product effort. Doc. # 6904. The redacted portions of the emails describe actions taken by Department of Justice counsel as part of the work performed in anticipation of this litigation, and how lab personnel should respond to the DOJ activities, including the need for legal advice from counsel regarding such activities. Disclosing these internal communications would reveal attorney work product: an element of the strategic thinking of DOJ counsel. In addition, as the Court will see in your review, the redacted language has no relevance to any of the factual issues in this litigation; there is no harm to BP in upholding the privilege assertions here.

For these reasons, the United States asks that the Court affirm the challenged privilege assertions.

Turning to BP's discussion of the United States' Zantaz privilege assertions, BP opts not to challenge *any* of the remaining privilege assertions in the Zantaz privilege log. Instead, BP asks the United States to include certain items from the Zantaz log in future extrapolation and verification. As BP has previously argued, however, the verification process only applies to documents that have been *challenged*. August 23, 2012, R. Gasaway letter to Judge Shushan. The Court agreed with BP's argument on that score. Doc. # 7267. September 7, 2012 was BP's deadline for asserting any challenges. Since BP decided not to press the challenge on any of the Zantaz documents, it cannot use the verification process as a backdoor to challenge the assertions it chose not to assert.[2] As a practical matter, to allow BP to do so prolongs the privilege challenge process while preventing the United States from providing any defense of its assertions.

                                                Respectfully submitted,

                                                s/ *Thomas A. Benson*
                                                Thomas A. Benson

cc:     Liaison & Coordinating Counsel (without attachments)

---

[2] BP's letter also identifies six documents that it asserts may have been properly mischaracterized as later phases. One of the documents (ZAN037-058871) was actually designated Phase 1, contrary to BP's letter. We reviewed the remainder and found them properly designed later phases. Having reviewed these documents before producing the original Zantaz log in April 2012, and again before serving the re review log in July 2012, the United States has completed all steps required by the Court with respect to the Zantaz log.