**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

September 14, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

Re:   MDL No. 2179 — BP's Schedule V and Zantaz Challenges to the United States' Privilege Logs

Dear Judge Shushan:

BP respectfully submits this brief reply to the United States' September 12, 2012 response to BP's September 7, 2012 initial brief regarding its Schedule V and Zantaz challenges to the United States' privilege logs.

**Schedule V Challenges**

BP has located in the United States' production what we believe to be unredacted versions of both challenged documents. (These apparent duplicates or near duplicates have been produced at SNL106-003229 and SNL110-021007.)

Now that BP can examine what we believe to be the text that the United States had intended to withhold, it appears to us that these documents do not, as the United States claims, reveal any work product. (*See* United States Ltr., at 2.) Instead, it appears that they reveal merely the fact of past and the potential for future conversations about work product. Nor does the conversation among non-lawyers in SNL151-001534 about the need for legal advice constitute a privileged request for such advice. *See id.*

BP reaches these conclusions simply by trying in good faith to apply to these documents this Court's prior rulings regarding BP documents. Should the Court rule these two United States documents at issue are, in fact, privileged, BP will of course accept that guidance and adjust its own privilege assessments accordingly. That said, two principles drawn from this Court's prior privilege rulings counsel against finding that the redacted text at issue here is privileged.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 14, 2012
Page 2

*Fact of communications*

The Court has previously ruled that "[t]he fact that there was a privileged communication with a [] lawyer is not protected from disclosure under the attorney-client privilege or work-product doctrine." (*See* Dkt. No. 6904, at 31 (July 13, 2012) (discussing privileged status of Document No. 10).)

Moreover, the particular information at issue in the Court's ruling on Document No. 10, the document the ruling addresses, is just as sensitive, if not more so, than the information in both of the documents that we believe are at issue here — that a news story had been discussed with Jack Lynch, BP America's General Counsel, and that a press release would be issued in response.

Similarly, the Court has also previously ruled that "a report on the existence of an attorney client relationship" is not privileged in the context of a document that reflects a request for review of a patent for possible infringement — clearly a sensitive topic. (*See id.* at 33 (discussing privileged status of Document No. 53).) And in the context of privileged work product, the Court has previously ruled that "the fact that there was a meeting with a lawyer and the availability of Hill to work on the flow rate issue … is not protected from disclosure." (*See id.* at 16 (discussing privileged status of Document No. 13).)

In light of these prior rulings, the statements we believe are being withheld by the United States — both of which merely describe the fact of a privileged communication without revealing any attorney advice or litigation strategy — are not themselves privileged.

*Preparing to seek legal advice*

Under the Court's prior rulings, a discussion among non-lawyers discussing the need for legal input is not privileged. Specifically, the Court has previously ruled that "an instruction that a draft should be run past lawyers" is not privileged. (*See* Dkt. No. 6904, at 30 (discussing privileged status of Document No. 6).) The Court has also ruled non-privileged statements in an internal employee-employee email that a non-lawyer is going to contact lawyers to address confidentiality issues implicated by hiring contractors during the response. (*See id.*, at 32 (discussing privileged status of Document No. 47).)

The statements among non-attorneys that it appears to us have been withheld in SNL151-001534, merely describe the potential need to seek legal advice. Under the prior rulings cited above these statements are not themselves privileged requests for legal advice; hence, SNL151-001534 should be produced without redactions.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 14, 2012
Page 3

On a final note, the United States' parting argument regarding these documents — that the privilege assertion should be upheld because "there is no harm to BP in upholding the privilege assertions here" — is a *non sequitur*. (United States Ltr., at 2.) As the Court knows, the question at hand goes solely to whether the documents are privileged or not and not to the United States' estimates of their relevance or irrelevance.

### Zantaz Challenges

The United States' position on DPP entries still on its Zantaz privilege log appears to overlook some relevant history.

As BP explained in its initial brief, BP *challenged* 3,472 deliberative process privilege entries on the United States' Zantaz privilege log on May 21, 2012. The United States responded to those challenges on July 18 by declaring that, of those 3,472 challenges, only 111 would still be withheld. Against this backdrop, BP is not now asserting a "backdoor" challenge to these 111 entries; BP already challenged each one of the 111 entries back on May 21.

BP had thought that this was the United States' understanding as well — that BP already challenged the Zantaz deliberative process privilege entries and that all that remained was to resolve those challenges through briefing and the Court's *in camera* review. Specifically, the United States explained to this Court on the record, "We've done [] what we consider meet and confer on the privilege log issues with respect to Zantaz. We got a list from BP of their challenges, we responded … so I think at this matter it's a matter of a briefing schedule." (S. Himmelhoch, Hr'g Tr. 14:18-22 (Aug. 10, 2012).)

Rather than consume judicial resources by submitting some of these 111 entries for *in camera* review, accompanied by further substantive briefing, BP simply requested that the United States include these 111 previously challenged entries in the Court's established process for sampling and verifying the United States' claims of deliberative process privilege not otherwise subject to the Court's review. This course of action appears especially appropriate in light of the Court's September 4, 2012 Order requiring sampling and review of the United States' post-May 31, 2012, claims of the deliberative process privilege. (Dkt. No. 7294.)

The Zantaz entries, like the United States' other post-May 31 deliberative process privilege entries, have not yet been sampled, or reviewed by the Court, or otherwise verified. Rather than requesting *in camera* review, BP had thought that its proposal to include Zantaz deliberative process privilege entries in the current extrapolation and review structure was and should be an uncontroversial request.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 14, 2012
Page 4

      Along these lines, BP simply requested the United States apply any relevant extrapolation principles to these Zantaz documents. BP further suggested that the United States may wish to reconsider some Phase categorizations for some of the documents, but did not believe these potential miscategorizations worthy of consuming the Court's and Parties' time and resources.

      Accordingly, BP requests the Court include the challenged deliberative process privilege entries from the United States' Zantaz log in the current process for verifying the United States' DPP claims.

      BP respectfully suggests this list of entries should be provided to the Court on September 26, together with the entries from United States Privilege Logs 58 and 59, but BP is more than willing to discuss appropriate timing.

Respectfully Submitted,

Robert R. Gasaway

cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey