

**U.S. Department of Justice**

Environment and Natural Resource Division

---

*P.O. Box 7611*
*Washington, DC 20044*
*202-514-5261*
*Thomas.Benson@usdoj.gov*

September 16, 2012

**BY ELECTRONIC MAIL**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
 Eastern District of Louisiana
Hale Boggs Federal Building
United States Courthouse
500 Poydras Street
New Orleans, LA 70130

>     Re:    MDL No. 2179 — BP's Schedule V and Zantaz Challenges to the United States'
>            Privilege Logs

Dear Judge Shushan,

      We would like to offer a brief response to BP's September 14 reply letter brief in support of its Schedule V challenge to the United States' privilege log. This response is warranted because BP's reply brief takes the extraordinary step of relying on inadvertently produced iterations of the documents in question to analyze the very language that we claimed privilege on.

      Between filing its original challenge and its reply, BP located inadvertently produced versions of the documents at issue, and now offers a new argument based on the redacted language.  As an initial matter, BP has not followed the requirements of PTO 14.  Rather than "immediately . . . cease any further review . . . and notify" the United States, BP used the inadvertently produced material in a brief before the Court without notice to the United States.

      Putting aside the violation of PTO 14, BP's use of the redacted language is an entirely new argument that the United States had no opportunity to respond to in our September 12 brief. BP should not be allowed to use inadvertently produced material in violation of PTO 14, and it certainly should not be allowed to use such material in a reply brief – preventing the United States from responding to its characterization of the redacted text.

Turning to the merits of BP's reply brief, the company's new argument fails for the following reasons.

First, contrary to BP's reply brief, the unredacted text confirms that these messages were properly redacted. The redacted portions of the documents at issue reveal that DOJ attorneys were interested in working with particular employees at the Sandia National Laboratory for testifying and/or consulting expert work. In one case, the email specifies one particular individual. In the other email, the author addresses 12 individuals and notes that some have already been contacted by DOJ. Both of these emails thus reveal attorney strategy in deciding which government employees to seek out for litigation work. In addition, by knowing the names of the employees, BP can deduce, based on those employees' areas of expertise, the areas deemed important by DOJ attorneys.

BP's effort to analogize these emails to messages relating to a press release falls flat. The issuing of a press release is inherently a public act, not a litigation act. The communications at issue here relate to the inherently confidential and litigation-specific act of retaining potential experts. Similarly, the documents at issue here are not analogous to a document mentioning Trevor Hill, as BP claims in its brief. BP had already made public that Trevor Hill was part of its privileged Flow Rate Team; disclosing that fact did not reveal any attorney work product. By contrast, the individuals listed in the emails here have not been identified as part of the United States' expert work, and so revealing their identities does reveal attorney work product.

Finally, BP has not and cannot show that the information is relevant to any issues in the case. Who DOJ has contacted about potential expert work provides no insight into how the well could have been shut in or the flow from the well. However, the disclosure of attorney work product does harm the United States, because it sheds light on our otherwise confidential litigation work product.

Notwithstanding BP's new arguments based on the redacted text, the documents at issue are properly considered privileged. In addition, BP should not be allowed to profit from its tactical use of inadvertently produced material. BP's Schedule V challenge should be denied.

Respectfully submitted,

s/ *Thomas A. Benson*
Thomas A. Benson


cc:    Liaison & Coordinating Counsel (without attachments)