# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C.  20005

Robert R. Gasaway
To Call Writer Directly:                                      (202) 879-5000                                      Facsimile:
(202) 879-5175                                                                                               (202) 879-5200
robert.gasaway@kirkland.com                          www.kirkland.com

September 17, 2012

**<u>By Electronic Mail</u>**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA  70130

      Re:    MDL No. 2179 — BP's Schedule V and Zantaz Challenges to the United
             States' Privilege Logs

Dear Judge Shushan:

In its sur-reply filed on Sunday September 16, the United States asserts incorrectly that, by using "inadvertently produced material in a brief before the Court," BP engaged in a "violation of PTO 14."

The United States' argument is inconsistent with PTO 14.  PTO 14, Paragraph 7 states:

      7.  Upon such notice, and consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party, if it intends to challenge the designation of the document(s), shall immediately sequester all copies of the document(s), pending Court resolution of the challenge and *shall view and use the document(s) at issue only to the extent necessary to challenge the privilege claim.*  The document(s) that the Receiving Party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.  (Emphasis added.)

BP has followed PTO 14 by viewing the document "only to the extent necessary to challenge the privilege claim."  BP has also sequestered the document pending resolution of the Court's challenge.  And because the United States has already submitted these documents to the Court under seal for an *in camera* review, as part of the ongoing challenge process, there are no further actions necessary under PTO 14.

To the extent the United States claims the inadvertently produced text of these emails were revealed, BP's brief did not divulge the redacted text.  BP instead provided the Bates numbers of the potentially inadvertently produced documents so the United States could inspect

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 17, 2012
Page 2


the documents for itself — just as BP would in any letter to the United States and other parties regarding a potential inadvertent production.  Further, the general arguments in BP's brief were gleaned from rulings on BP's own documents and certainly did not reveal any privileged information.

In summary, the United States' claim that BP has engaged in a "violation of PTO 14" is inconsistent with the plain text of PTO 14.

Additionally, it would appear the United States also objects to the fact that the Court was notified of this situation simultaneously with the notification of the United States.  But this has been BP's frequent practice, especially where relevant documents already are subject to privilege controversies.  Now for at least the third time, BP has informed the United States and the Court simultaneously of potential inadvertent productions, in accordance with our understandings of the requirements of PTO 14.  (March 30, 2012 R. Gasaway Ltr to Court (regarding potential duplicates to 64 out of 100 DPP challenges); June 14, 2012 R. Gasaway Ltr to Court and S. Himmelhoch (regarding potential duplicates to 21 of 119 DPP documents).)

By contrast, BP's practice has often been different in situations where the documents at issue are not already under challenge.  In those instances, our general practice has been first to inform the United States and other parties (but not to simultaneously inform the Court) of the situation involving potentially inadvertently produced material.  (*See, e.g.*, March 29, 2012 A. Pixton Ltr to S. Himmelhoch (attaching a list of 1,389 potentially inadvertently produced documents); Nov. 23, 2011 P. Bartoszek Ltr to S. Himmelhoch.)

Of course, the above description of BP's current practices are generalizations, not hard-and-fast rules.  (For example, of the 1,389 documents in Allan Pixton's March 29 letter, it appears 12 documents overlapped with my letter to the Court of March 30, 2012.)  These practices have developed based on our own common sense of how the Court might wish to see these matters handled in various contexts.  BP is therefore open to refining what have been our practices up to now.  Please let us know if the Court would like to discuss BP's past practices or change them going forward.

Respectfully submitted,

Robert R. Gasaway

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 17, 2012
Page 3


cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey