IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO. 2179  SECTION J |
| Applies to:  *All Cases* | * * * * * | JUDGE CARL J. BARBIER  MAGISTRATE JUDGE SALLY SHUSHAN |

## ORDER

### [Regarding Commercial Fishing Licenses]

After consultation with and at the request of Patrick A. Juneau, the Claims Administrator of the *Deepwater Horizon* Court Supervised Settlement Program ("Settlement Program"), for entry of an Order in aid of implementation of the Settlement Program pursuant to this Court's continuing and exclusive jurisdiction under Sections 4.4.7 and 18.1 of the Economic and Property Damages Settlement Agreement As Amended On May 2, 2012 ("Settlement Agreement") as preliminarily approved by the Court on May 2, 2012, and being fully apprised, **IT IS HEREBY ORDERED** as follows:

1. Class Counsel and Defendants BP Exploration & Production Inc. and BP America Production Company ("BP") have entered into the Settlement Agreement.  Class Counsel and BP hereby consent and stipulate to this Order.

2. The Settlement Program is subject to this Court's jurisdiction.  Settlement Agreement Section 4.4.7 provides that "[t]he Settlement Program and its Claims procedures shall be subject to the ongoing supervision of the Court[,]" and Section 18.1 provides that "the Court shall retain continuing and exclusive jurisdiction over the Parties and their Counsel for purpose of enforcing, implementing an interpreting this [Settlement] Agreement[.]"

3. Claimants filing claims with the Settlement Program attest as follows: "By submitting this Claim Form, I consent to the use and disclosure by the Claims Administrator and those assisting the Claims Administrator of any information about me they believe necessary and/or helpful to process my claim for compensation and any payment resulting from that claim."

4. Pursuant to the Settlement Agreement, required documents for processing a claimant's claim may include commercial fishing licenses required to operate the claimant's business or required for the claimant's employment.

5. Pursuant to Section 4.4.7 of the Settlement Agreement, the Court has explored with the Claims Administrator, Class Counsel and BP procedures to enhance the efficiency of the Claims process. Allowing the Settlement Program to directly obtain a claimant's required commercial fishing licenses from licensing authorities will enhance efficiency.

6. Accordingly, all licensing authorities are hereby directed and authorized to provide to the Settlement Program information or documentation regarding a claimant's fishing license(s) and/or permit(s), including a copy of any such license(s) and/or permit(s) and/or confirmation regarding whether or not a claimant held a commercial fishing license during the year or years identified by the Settlement Program. All information provided to the Settlement Program shall be maintained as Confidential Claims Information by the Settlement Program pursuant to this Court's Order of June 29, 2012. Rec. doc. 6822.

New Orleans, Louisiana, this 18th day of September, 2012.

_____
CARL J. BARBIER
United States District Judge