UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

ORDER

[Regarding BP's Schedule V and Zantaz Challenges to U.S. Privilege Logs (Rec. doc. 7427)]

BP and the U.S. submitted letter briefs on BP's Schedule V and Zantaz challenges to U.S. privilege logs. Rec. docs. 7427 (September 7 BP letter), 7428 (September 12 U.S. letter), 7429 (September 14 BP letter), 7430 (September 16 U.S. letter), and 7431 (September 17 BP letter).

**I.      Schedule V Challenges**.

   A.      Attorney-Client Privilege and Work-Product Protection Challenges.

BP challenged the following attorney-client/work-product entries on the Schedule V logs: SNL042-000310; SNL151-002173; SNL151-002913; SNL160-14398; and SNL151-001534. Rec. doc. 7427 at 2. The U.S. submitted the documents for *in camera* review. The documents were submitted to BP with the language at issue redacted. The U.S. also inadvertently produced unredacted versions of the documents.[1]

The Court finds that the redacted language in SNL042-000310, SNL151-002173, SNL151-002913 and SNL160-14398 is not protected from disclosure. There are two redactions in SNL151-001534. The first redaction is not protected from disclosure. The portions of the second redaction

---

[1] The U.S. raised the issue of whether BP violated PTO 14 (Rec. doc. 655). Rec. doc. 7430. BP defended its compliance with PTO 14. Rec. doc. 7431. The Court does not find a violation of PTO 14. The parties have demonstrated careful adherence to the letter and the spirit of PTO 14.

identifying the person contacted by the Department of Justice are protected from disclosure. The remaining part of the second redaction is not protected.[2]

In reaching this conclusion, the Court reviewed the two rulings of July 13, 2012 on the *in camera* inspection of privilege assertions by BP and the U.S. for Schedule I. Rec. docs. 6904 and 6905. The rulings on the U.S. attorney-client/work-product assertions for Schedule V are consistent with the July 13 rulings regarding such assertions by the U.S. for Schedule I.

In support of its challenge to the five Schedule V assertions, BP referred to the July 13 ruling on its assertions on 6 documents where the Court found that the language at issue was not protected from disclosure.[3] The Court erred with respect to the first redaction in Document No. 37 where, in the first redaction, Trevor Hill reports that he will check with legal on whether it is appropriate to make certain comments. Rec. doc. 6904 at 31-32. This is protected from disclosure as reflecting a request for legal advice. To that extent, the July 13 order (Rec. doc. 6904) is modified.

      B.      <u>DPP Entries on Schedule V Logs</u>.

BP reports that no action is required on DPP entries on the Schedule V privilege logs.

**II.**      <u>**Zantaz Privilege Log**</u>.

      A.      <u>Attorney-Client and Work-Product Challenges</u>.

BP has not submitted any of the Zantaz privilege log attorney-client/work-product entries for *in camera* review.

      B.      <u>DPP Challenges</u>.

BP raises two issues: (1) extrapolation; and (2) categorization. With regard to the first issue,

---

[2] The remaining part begins, "I feel uncomfortable . . . ." and it concludes "only respond to the requests of Sandia management."

[3] BP cited Document Nos. 6, 10, 13, 31, 37 and 42 in Rec. doc. 6904.

it reports that: (1) after the challenge process, 111 DPP entries, including 4 overlapping attorney-client/work-product entries, remain; and (2) only 2 of them are categorized as Phase One and only 1 of them is categorized as Phase Two.  BP contends the U.S. should extrapolate the Court's DPP rulings to any Phase One or Two Zantaz DPP entries.

As to the second issue, the U.S. categorized 108 of the 111 DPP entries as related to later phases.  BP requests that the U.S. reconsider whether this is correct.  It cites 5 entries which it contends appear to be relevant to Phase One.  Under BP's proposal, this "reconsideration" would occur before the U.S. submits the appropriate lists of entries for sampling and verification. Rec. doc. 7427 at 4-5.

The U.S. responds that since BP did not press the challenge to any Zantaz documents by the September 7, 2012 deadline, it cannot use the verification process to challenge assertions that it chose not to assert.  Rec. doc. 7428 at 2.

The parties shall proceed as follows:

1. By **Wednesday, September 26**, the U.S. shall remove the 4 DPP entries which overlap with the attorney-client/work-product entries and submit a list of the remaining 107 entries.  The list shall identify: (a) the 2 entries categorized as Phase One; (b) the 1 entry categorized as Phase Two; and (c) the 5 entries identified by BP as possibly not properly categorized (Rec. doc. 7427 at 5).

2. The Court will select a sample from the 107 entries for *in camera* submission in addition to the 5 entries identified as possibly not properly categorized.

3. The Court will examine these documents for two issues: (a) whether the U.S. properly asserted the DPP to these documents; and (b) whether any of them should

be categorized as Phase One or Phase Two. The U.S. will not be required to submit declarations to support the DPP entries. Neither the U.S. nor BP shall submit briefs. Depending on the results of the Court's review, the U.S. <u>may</u> be required to extrapolate the decision to the remaining entries on the list of 107 entries.

New Orleans, Louisiana, this 20th day of September, 2012.

                                              **SALLY SHUSHAN**
                                              **United States Magistrate Judge**