UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL | * | MDL NO. 2179 |
| RIG "DEEPWATER HORIZON" | * | |
| IN THE GULF OF MEXICO, ON | * | SECTION J |
| APRIL 20, 2010 | * | |
| | * | |
| THIS DOCUMENT RELATES | * | JUDGE BARBIER |
| TO:  ACTIONS IN B1 | * | MAGISTRATE SHUSHAN |
| PLEADING BUNDLE, AND | * | |
| 12-970, BON SECOUR | * | |
| FISHERIES, INC., ET AL V. | * | |
| BP EXPLORATION & | * | |
| PRODUCTION, INC., ET AL | * | |
| (REF: 10-7777) | * | |

## WOLF BAY REPLY RESPONSE TO BP'S PARTIES RESPONSE AND OPPOSITION TO CERTAIN OBJECTORS' DISCOVERY REQUESTS

NOW INTO COURT, comes Plaintiff/Objector, Wolf Bay, LLC, through undersigned counsel and responds to BP's "OPPOSITION TO CERTAIN OBJECTORS' DISCOVERY REQUESTS", as follows:

**I.**

**OBJECTORS PLAY AN IMPORTANT ROLE IN THE COURT'S EVALUATION OF THE PROPOSED SETTLEMENT TERMS**

Contrary to BP's assertions that Wolf Bay is not objecting "to aid the Court's inquiry into the settlement's fairness, but seek solely to undermine the proposed compensation," this statement is unfounded, unfair, and fundamentally inconsistent with the role of objectors in a class action settlement.[1]  It is well established in the body

---
[1] BP Parties Response and Opposition to Certain Objector's Discovery Requests Rec. Doc. 7411, Page 18

1

ofclass action law that "objectors can provide important information regarding the fairness, adequacy, and reasonableness of settlements. Objectors can also play a beneficial role in opening a proposed settlement to scrutiny and identifying areas that need improvement."[2]

"Courts recognize that class actions bind parties who are not central participants in their own litigation and thus raise due process concerns."[3]

## II.

### THE COURT, NOT BP, IS THE GATEKEEPER OF THE MERITS OF AN OBJECTION

It is solely the role of the Judge to determine whether an objection to the proposed settlement is motivated by an objector's improper purpose or is filed to "win significant improvements in the class settlement."[4]

In the currently proposed settlement, the Court is charged with the responsibility to determine whether or not an objection is a meritorious objection for consideration by the court[5] within the Wetland Real Property Damage Claims is "dissimilar treatment to persons with similar claims".

---

[2] See Manual for Complex Litigation, Fourth Edition §21.643, 2009.

[3] *"The Role of Opt-Outs and Objectors in Class Action Litigation: Theoretical and Empirical Issues"*, Vanderbilt Law Review, Vol. 57:5:1529

[4] *See In Re: Domestic Air Transp. Antitrust Litigation,* 148 F.R.D. (N.D.GA 1993)

[5] See, e.g., *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 630-31 (3d Cir. 1996) (company class settlement's treatment of various types of present and future claims), aff. sub nom. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997).

### III.

### WETLAND OWERNS IN THE STATES OF ALABAMA, MISSISSIPPI, AND FLORIDA ARE SIMILARLY-SITUATED WITH WETLAND CLAIMS IN THE STATE OF LOUISIANA

Wolf Bay, LLC is the owner of a large parcel of designated wetlands in Baldwin County, Alabama on Wolf Bay. This property was subjected to actual oil contamination due to the blowout of the Maconda Well and sustained physical and economic injury and damages, not unlike the wetland properties in the State of Louisiana. Their valuable, delicate ecosystems in all Gulf Coast states are nearly identical.

### IV.

### THE ECONOMIC AND PROPERTY DAMAGE SETLTEMENT EXCLUDES OBJECTOR'S WETLAND PROPERTY, AS WELL AS ALL OTHER PUTATIVE CLASS MEMBERS THAT OWN WETLAND PROPERTIES IN MISSISSIPPI, ALABAMA, AND FLORIDA

The Settlement Agreement at page 1/31 (Exhibit 12A), provides a compensation framework for Louisiana wetland properties, but excludes those same wetland properties in Mississippi, Alabama, and Florida, although these states do enjoy settlement benefits for all other compensation frameworks in the economic loss zone across the Gulf Coast. The Agreement is silent as to the rationale underlying this exclusion.[6]

---

[6] Preliminary Approval Order dated May 2, 2012 (Rec. Doc. 6418).

## V.

**EXPERT DECLARATIONS SUPPORTING THIS SETTLEMENT ARE SILENT AS TO THE ISSUE OF EXCLUSION OF WETLAND CLAIMS IN MISSISSIPPI, ALABAMA, AND FLORIDA**

On August 13, 2012, one hundred three (103) days after preliminary approval of this settlement and eighteen (18) days before the objection deadline of August 31, 2012, BP filed numerous expert declarations supporting the fairness, reasonableness, and adequacy of the settlement, in general, and the Louisiana Wetlands Real Property Damage Compensation framework, specifically.

Nowhere in fact investigation and expert opinions contained in the declarations was there an analysis or rationale for exclusion of wetland claims in states other than Louisiana.[7]

## VI.

**THERE IS NOT A SCINTILLA OF EVIDENCE IN THE PUBLIC RECORD SCIENTIFICALLY SUPPORTING THE EXCLUSION OF WETLAND CLAIMS IN MISSISSIPI, ALABAMA, AND FLORIDA**

There is no evidence supporting the fairness, reasonableness, and adequacy of excluding wetland claims in states other than Louisiana. Despite "extensive discovery and motion practice, including taking 311 depositions, producing 90 million pages of documents, and exchanging more than 80 expert reports..." (Rec. Doc. 6418 at 3; Rec. Doc. 6419 at 3), as well as numerous government and public investigations, BP has not provided the disclosure of documents or information which would support disparately treating class members wishing to make wetland claims in states other than Louisiana.

---

[7]  BP Motion in Support of Final Approval

## VII.

## FAIRNESS REQUIRES A COMPARATIVE ANALYSIS OF CLASS MEMBER TREATMENT AMONG EACH OTHER AND WITH SIMILAR INDIVIDUALS WITH SIMILAR CLAIMS WHO ARE NOT IN THE CLASS

Wetland owners, all along the Gulf Coast have similarly-situated properties geographically, similar ecosystems, similar land and water utilization, and have sustained similar injury and damage. It is fundamentally unfair to exclude putative class members in some Gulf Coast states without a proper factual, scientific, and legal record. The effect of this exclusion is the creation of an intra-class conflict that has not been mitigated by information, disclosure, nor procedural sub-classes.[8]

## VIII.

## REASONABLENESS REQUIRES THAT THE SETTLEMENT BE RESPONSIVE TO THE CLASS ALLEGATIONS AND CLAIMS

A finding of reasonableness cannot be reached for class members who have wetland claims in Mississippi, Alabama, and Florida, as the benefits provided to Louisiana wetland real property owners has not been offered to wetland real property owners in those states. Disparate treatment of similarly-situated class members are not favored.[9]

---

[8] See Manual for Complex Litigation, Fourth Edition §21.643, 2009.

[9] See Manual for Complex Litigation, Fourth Edition §21.643, 2009.

5

IX.

**ADEQUACY OF REPRESENTATION IS REQUIRED FOR CERTIFICATION**

"A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 654 U.S. ___, 131 S.Ct. 2541, No. 10-277, Slip Op. 8 (2011). The Court must determine that the selected class representatives "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4).

In this case, a Louisiana class representative making wetland claims within the State of Louisiana cannot adequately represent, nor protect, the interests of similarly-situated class members in the other Gulf Coast states. This, too, creates an intra-class conflict which requires correction, modification, or denial of certification.

X.

**INTRA-CLASS CONFLICTS AMONG GULF COAST WETLAND REAL PROPERTY OWNERS INVOLVES MILLIONS OF DOLLARS DIFFERENCE IN COMPENSATION**

This conflict within the class creates a huge economic differential among similarly-situated class members. It is well settled law that similarly-situated class members must be treated similarly. . *Amichen Products, Inc. v. Windam*, 521 U.S. 591, 117 S.Ct. 2231 (1997). One cannot confer class benefits on claims in one state while denying recovery for similar claims with similar damages in others

## XI.

## THE LAW

"The Court must be exacting and thorough in analyzing whether the settlement is in the best interest of class members." *Manual for Complex Litigation, Fourth Edition*; Turner v. Murphy Oil USA, Inc., 472 F.Supp. 830 (E.D.La. 2007). The role of the court in examining a settlement for fairness and adequacy has been described as being a "fiduciary" duty. *Grove v. Principal Mutual Life Insurance Co.*, 200 F.R.D. 434 (S.D. Iowa 2001).

The Court is required to determine whether the settlement class should be certified under Rule 23(a) and (b), as well as whether the settlement is fair, reasonable, and adequate.

The District Court has discretion as to whether or not to grant objectors to class action settlement leave to take additional discovery. *See, e.g., In re Domestic Air Transp. Antitrust Litig.,* 144 F.R.D. 421, 424 (N.D. Ga. 1992). The criteria relevant to the Court's decision whether to permit objectors to conduct discovery are the "the nature and amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors." *Id.* at 424; *quoting* Newberg §11.56 at 476 (2d ed. 1985). See *Scadelletti v. Deban*, 265 F.3d 195 (4th Cir. 2001), Manual for Complex Litigation, Fourth Edition, §21.643, 2009.

"The Court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement."[10]

---

[10]  *In Re: Ford Motor Co. Bronco II Products Liability Litigation*, 1994 WL 593998 (Oct. 28, 1994).

7

## XII.

## ARGUMENT

Wolf Bay has a right to request the opportunity to conduct limited discovery related to the fairness, reasonableness, and adequacy of the proposed settlement as it relates to the exclusion of wetland property owner claims in states other than Louisiana.

To file "dozens of expert declarations" a mere 18 days before an objection deadline and 103 days after preliminary approval is unfair. This objector has a right to discover whether the exclusion of its claim is fair and reasonable.

BP casually represents that this objector can simply opt-out and all will work out. Opting out of a class settlement of this magnitude is a huge burden and is only an action of last resort. The fair and proper vehicle here is for the Court to determine if the objection, as plead, warrants limited discovery that may aid in its certification and approval decisions.

It is argued that the following discovery is necessary:  (1) Deposition of the wetlands class representative to determine whether there is adequacy of representation.; (2) Depositions of the expert witness(es) designated by BP who is best suited to support the exclusion of wetland claims in states other than Louisiana;  and (3) Production of documents which evidence support of this claims exclusion.

"The court, in its discretion, may limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement." *Newberg on Class Actions §11:57 (3th ed.).*

Wolf Bay is prepared to work cooperatively with the parties to conduct this discovery on an expedited basis so as not to obstruct the progress of the settlement and has communicated that to counsel for BP.

```
                    THE PENTON LAW FIRM
                    209 HOPPEN PLACE
                    BOGALUSA, LOUISIANA  70427
                    PHONE    :    (985) 732-5651
                    FAX      :    (985) 735-5579
                    E-MAIL   :    fedcourtmail@rgplaw.com
```

s/Ronnie G. Penton
Ronnie G. Penton (#10462)
Trial Counsel for Claimant, Wolf Bay, LLC

## CERTIFICATE OF SERVICE

I hereby certify that service of the above and foregoing pleading was accomplished through the Notice of Electronic Filing for parties and counsel who are Filing Users and that service was accomplished on any party or counsel who is not a Filing User in accordance with the Federal Rules and Local Rules of this Honorable Court on this date.

September 20, 2012.

s/Ronnie G. Penton
Ronnie G. Penton