UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KNOTTY GIRL FISHING L.L.C. | CIVIL ACTION NO. _____ |
| VS. | JUDGE _____ |
| WORLEY CATASTROPHE SERVICES LLC AND BP EXPLORATION AND PRODUCTION INC. | MAGISTRATE JUDGE _____ |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## NOTICE OF REMOVAL OF CIVIL ACTION

**TO THE DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

Pursuant to 28 U.S.C. §§ 1441 and 1446, petitioner BP Exploration and Production Inc. ("BP"), Defendant in the captioned matter, hereby gives notice and removes this case to the United States District Court for the Eastern District of Louisiana.

BP respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal":

1.

BP Exploration & Production Inc. is a Delaware corporation with its principal place of business in Houston, Texas.

2.

BP is a named defendant in the matter styled "Knotty Girl Fishing L.L.C. v. Worley Catastrophe Services, LLC, et al.," which bears Docket No. 2011-0000508 and is now pending in the Twenty-First Judicial District Court, for the Parish of Tangipahoa, State of Louisiana (the

"State Court Action"). The Petition (the "Petition") in the State Court Action is attached as Exhibit 1 to this Notice of Removal. The sole plaintiff in the Petition is Knotty Girl Fishing L.L.C. ("Knotty Girl").

3.

BP has been served with a First Amended Supplemental and Restated Petition for Declaratory Judgment (the "Amended Petition"), which seeks the same relief as sought in the Petition except that in addition to the original it adds two party plaintiffs, James Ray Peterson as the sole member of Knotty Girl Fishing, L.L.C., and Tonya N. Peterson as his spouse (the "Petersons"). The Amended Petition is attached as Exhibit 2 to this Notice of Removal.

4.

The named Defendants in the State Court Action are BP and Worley Catastrophe Services LLC.

5.

BP first received notice of the State Court Action when it received service thereof on February 22, 2011.

6.

This notice of removal is filed within thirty (30) days after service of the State Court Action on BP or any defendant, in accordance with 28 U.S.C. §§ 1441 and 1446.

7.

In the State Court Action, the Plaintiffs advance a number of claims relating to a Release and Covenant Not to Sue (the "Release"), by which Plaintiff settled claims against BP.

8.

Specifically, Knotty Girl entered a Release by which it agreed that it was "waiving and releasing all claims that [it] may have against BP or any other party . . . in connection with the

-2-

April 20, 2010 blowout of the Macondo Well, the sinking of Transocean's Deepwater Horizon drilling rig, and the subsequent oil Spill in the Gulf of Mexico (the 'Incident')." Petition, Exhibit "A." The Petersons consented to and executed the Release.

9.

The Plaintiff identifies its underlying damages claims (that is, those settled by the Release) as stemming from the accident of "April 20, 2010," in which "an oil and gas platform located in the Gulf of Mexico off the Louisiana coast exploded and capsized." Petition ¶ 8.

10.

The Plaintiff contends that "[a]s a result of this explosion, the platform, commonly referred to as the Deepwater Horizon, spewed millions of gallons of crude oil into the Gulf of Mexico . . . ." Petition ¶ 9.

11.

Plaintiff contends that waterways were closed and that as "a direct and proximate result," it suffered "direct, substantial economic losses." Petition ¶ 11.

12.

Plaintiffs contend that they entered the Release after making contact with the Gulf Coast Claims Facility "for the purpose of resolving its claim arising out of the BP catastrophic oil discharge" (the "Claims"). Petition ¶ 13.

13.

The Deepwater Horizon Incident occurred in the Gulf of Mexico on April 20, 2010. Declaration of Kemper Howe ¶ 7, attached as Exhibit 3 to this Notice of Removal.

14.

The Minerals Management Services (MMS) Lease number for the site of the Incident is MMS Mineral Lease OCS-G 32306 (the "Lease"). Howe Declaration ¶ 8.

15.

The Exhibit "A" to the Petition refers to the "Macondo Well."

16.

The Incident occurred at the Macondo Well, which is located on the Lease. Howe Declaration ¶ 9.

17.

The Lease is situated wholly on submerged lands. Howe Declaration ¶ 10.

18.

The submerged lands covered by the Lease lie seaward and outside of the area of lands beneath navigable waters. Howe Declaration ¶ 11.

19.

The Lease covers submerged lands of which the subsoil and seabed appertain to the United States and are subject to its jurisdiction and control by virtue of those submerged lands being more than three miles from the coast of any state, including Louisiana. Howe Declaration ¶ 12.

20.

The Lease is situated wholly on submerged lands that are located on the Outer Continental Shelf. Howe Declaration ¶ 13.

21.

The Incident arises out of an operation conducted on the Outer Continental Shelf which involves the exploration, drilling, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf or which involves rights to such minerals. Howe Declaration ¶ 14.

22.

The Release resolves the Claims arising from the Incident and is, therefore, a contract that determines rights stemming from operations on the Outer Continental Shelf.

23.

The Petition seeks to invalidate the Release, with the Plaintiff seeking declarations that the Release was improperly procured and restricts Knotty Girl's rights in impermissible ways.

24

In addition, Knotty Girl seeks a declaration of its "rights as a Louisiana commercial fishing venture to operate upon the maritime waters of the State of Louisiana." Petition ¶ 42. BP reserves its rights to assert any applicable removal jurisdiction ground or doctrine with respect to that claim.

25.

This case is removable to this Court under the jurisdictional grant of the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1331, *et seq.* OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and

seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1).

26.

OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured geothermal and associated resources." 43 U.S.C. § 1331(q). "Exploration" is the "process of searching for minerals, including ... (2) any drilling;" "development" includes "those activities which take place following discovery of minerals in paying quantities, including geophysical activity, drilling, platform construction, and operation of all onshore support facilities, and which are for the purpose of ultimately producing the minerals discovered." 43 U.S.C. 1331(k), (l).

27.

The State Court Action arises out of, and has a connection with, operations by the BP Petitioner that were conducted on the outer Continental Shelf within the meaning of 43 U.S.C. § 1331(a) and § 1301(a). These operations "involve[d] exploration, development, or the production of minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals." 43 U.S.C. § 1349(b)(1). Accordingly, this Court has subject matter jurisdiction under 43 U.S.C. § 1349(b)(1)(A). This Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted arise under a federal statute, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.* and because claims involving federal enclaves like the Outer Continental Shelf inherently arise under federal law.

28.

This matter is removable under 28 U.S.C. § 1441, in that it is a civil action over which the United States District Court for the Eastern District of Louisiana has original subject matter jurisdiction under 43 U.S.C. § 1349 and 28 U.S.C. § 1331.

29.

BP hereby removes this matter to the United States District Court for the Eastern District of Louisiana.

30.

BP and all properly named and served defendants expressly consent to this removal.

31.

This matter may be removed without regard to the citizenship or residence of the parties in accordance with 28 U.S.C. § 1441(b).

32.

Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers, including the original petition, on file in the record of the State Court Action that are within the possession, custody and control of Defendant are attached.

33.

The allegations of this Notice were true at the time the State Court Action was commenced and remain true as of the date of filing of this Notice of Removal.

34.

Undersigned counsel certifies that a copy of this Notice of Removal will be served upon the Plaintiff by and through its attorney of record as of the date of filing the Notice of Removal.

35.

Undersigned counsel certifies that a notice of filing removal, along with a copy of this Notice of Removal, is being filed with the Clerk of Court for the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

WHEREFORE, Petitioner BP Exploration and Production Inc. prays that the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, proceed no further with the State Court Action, and that said action be removed from said court to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

s/Paul Matthew Jones

| | |
|---|---|
| Donald R. Abaunza (Bar #2273) | Paul Matthew Jones (Bar #19641) |
| R. Keith Jarrett (Bar #16984) | April L. Rolen-Ogden (Bar #30698) |
| Don K. Haycraft (Bar #14361) | Stuart T. Welch (Bar #31359) |
| Jonathan A. Hunter (Bar #18619) | **LISKOW & LEWIS** |
| Mark D. Latham (Bar #19673) | 822 Harding Street |
| Robert E. Holden (Bar #6935) | Lafayette, LA 70503 |
| **LISKOW & LEWIS** | Telephone: (337) 232-7424 |
| 701 Poydras Street, Suite 5000 | Facsimile: (337) 267-2399 |
| New Orleans, LA 70139-5099 | |
| Telephone: (504) 581-7979 | *Attorneys for BP Exploration and Production Inc.* |
| Facsimile: (504) 556-4108 | |

| | |
|---|---|
| | Richard C. Godfrey, P.C. |
| Jeffrey Bossert Clark | J. Andrew Langan, P.C. |
| Aditya Bamzai | **KIRKLAND & ELLIS LLP** |
| **KIRKLAND & ELLIS LLP** | 300 North LaSalle Street |
| 655 Fifteenth Street, N.W. | Chicago, IL 60654 |
| Washington, DC 20005 | Telephone: (312) 862-2000 |
| Telephone: (202) 879-5960 | Facsimile: (312) 862-2200 |
| Facsimile: (202) 879-5200 | |
| | *Of Counsel* |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing **NOTICE OF REMOVAL** has been served upon all counsel of record by placing same in the United States mail, properly addressed and postage prepaid, this 23rd day of March, 2011.

s/Paul Matthew Jones

-8-