UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" In the GULF OF MEXICO on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION: J |
| | * | JUDGE BARBIER |
| Applies to: *All Cases* | * | MAG. JUDGE SHUSHAN |

**TRANSOCEAN'S REPLY MEMORANDUM IN SUPPORT
OF ITS MOTION FOR PROTECTIVE ORDER**

Any doubt that the PSC's 188 Requests for Admissions and Interrogatory are untimely has been erased by the clear and emphatic statement in the Court's September 18, 2012 Order: **"The Court advises counsel and the parties that it does not intend to permit discovery to be further reopened with respect to Phase I issues."** [Rec. Doc. 7437 at 2 (emphasis original)]. In addition to yet again declaring Phase I discovery closed, the Court's September 18 Order mooted the PSC's requests related to documents 3, 4, 6, and 7 by affirming Magistrate Judge Shushan's Order that permits the PSC to depose Steven Newman on these documents. [Rec. Doc. 7268 at 6]. The September 18 Order also affirmed Judge Shushan's finding of a lack of prejudice and/or good cause for additional depositions with respect to documents 1, 2, 5, 8, 9, and 10. There is no reason for the Court to further reopen Phase I discovery to allow the PSC's voluminous requests related to these documents that the Court has already determined do not warrant further depositions, have not caused prejudice, and/or are outside the scope of permissible discovery.

The PSC's Opposition to Transocean's Motion for Protective Order advances two primary arguments for why the Court should permit its untimely and otherwise improper

1

requests: (1) the PSC "had no choice but to serve the RFAs when it did" based on the alleged late production of documents 1-10; and (2) "the PSC has no other means by which to satisfy the Court's evidentiary requirements" with respect to these documents. [Rec. Doc. 7465 at 1, 6]. The first argument fails because the PSC had a choice—it could have served timely requests for the documents it is now so interested in.[1]  The second argument fails because the January 11, 2012 Order on which it is based neither contemplated nor permitted the use of discovery requests to resolve admissibility issues.

## II. The Court Should Grant Transocean's Motion for Protective Order from the PSC's Untimely and Improper RFAs.

### A. Requests Related to Documents 3, 4, 6, and 7 are Moot and/or Unnecessary and Cumulative in Light of Newman's Deposition.

The Court's September 18 Order affirmed the portion of Judge Shushan's September 4 Order that allows the PSC to depose Steven Newman with respect to documents 3, 4, 6, and 7. Accordingly, the PSC requests related to these documents are moot and/or unnecessary and cumulative—the PSC can attempt to develop the admissibility of these documents through its examination of Mr. Newman.

### B. Requests Related to Document 5 are Moot and/or Unnecessary and Cumulative as McMahan Will Testify at Trial.

Judge Shushan considered Document 5 in connection with the PSC's request for additional Phase I depositions and determined that no additional depositions were necessary with respect to this document because the author, Larry McMahan, will testify at trial. [*Id.* at 3-4].

---

[1] Despite repeated requests from Transocean, the PSC cannot identify any discovery request or search parameters to which it believes the allegedly late produced documents were responsive. A document cannot be produced "late" if it was never requested to be produced in the first instance.

2

Although the PSC has withdrawn the majority of its requests related to Document 5, the following requests remain:

> 73. Admit that the entries in Larry McMahan's Day-Timer for the period from July through December 2010 (TRN-MDL-05758177 through TRN-MDL-05758409) were made by Larry McMahan.
>
> 74. Admit that the entries in Larry McMahan's Day-Timer with the Bates stamps TRN-MDL-05758177 through TRN-MDL-05758409 were made by Larry McMahan while he was employed by Transocean.
>
> 75. Admit Larry McMahan's Day-Timer for the period from July through December 2010 (TRN-MDL-05758177 through TRN-MDL-05758409) was kept in the course of a regular business activity of Transocean.
>
> 103. Admit that the entries in Larry McMahan's Day-Timer for December 15, 2010 (TRN-MDL-05758390), were notes from a Subsea meeting that took place on December 15, 2010.

Setting aside that Document 5 is a timely produced Phase II document, the PSC's requests related to this document are unnecessary—the PSC can attempt to develop the admissibility of this document through its examination of Mr. McMahan at trial.

    **C.**    **There is No Good Cause to Reopen Discovery for Requests Related to Documents 1, 2, 8, 9, and 10 as the Court Has Determined That These Documents Do Not Warrant Further Depositions, Have Not Caused Prejudice, and/or Are Outside the Scope of Permissible Discovery.**

Judge Shushan examined Documents 1, 2, 8, 9, and 10 in connection with the PSC's request for additional Phase I depositions and determined that there was no prejudice to the PSC in not being able to depose a witness on these documents and/or that the PSC had not demonstrated good cause for additional depositions. In relevant part, Judge Shushan found:

- **Document No. 1:** TRN-MDL-06099840 with attachment TRN-MDL-06099850 includes a PowerPoint slide. The inference from that slide is that the statement in it either was authored or approved by Bob Long. Transocean argues that the statement that "people don't just die on our rigs - we kill them" must be read in context. *The slide clearly refers to dropped tools. It has nothing to do with well blow-outs or precursors to a well blow-out, like a kick. The PSC will not be*

3

>    *prejudiced by not being permitted to examine Bob Long on this document. It has not demonstrated good cause.* [Rec. Doc. 7628 at 2 (emphasis added)].

- **Document No. 2:** TRN-MDL-05880590 with attachment TRN-MDL-05880591 is part of a slide presentation. The author is Bob Long. *The email and the attachment (TRN-MDL-05880591) relate to a meeting in Mumbai to review Transocean's 2007 occupational safety performance*; for example dropped objects and hand and finger injuries. Based on the representation by Transocean as to the purpose of the Mumbai meeting and for the reasons described for Document No. 1, *the PSC will not be prejudiced if it is not permitted to examine Long on Document No. 2.* [*Id.* at 2-3 (emphasis added)].

- **Document 8:** TRN-MDL-06570746 with attachment TRN-MDL-06570798-06570813 contains an email from Marc Cleaver to David Mullen, dated May 8, 2005. Long, Rose, Newman and McMahan are not copied on the document. *The focus of the PowerPoint presentation is downtime throughout Transocean. It is not limited to the DWH. The PSC will not be prejudiced by not being permitted to examine someone on this document. It has not demonstrated good cause.* [*Id.* at 5 (emphasis added)].

- **Document No. 9:** TRN-MDL-05467036 is an email exchange concerning conditions on a rig, the Arctic-1, working in Brazil. *With some limited exceptions, discovery has been confined to the GOM. The PSC will not be prejudiced by not being permitted to examine someone on this document. It has not demonstrated good cause.* [*Id.* at 5 (emphasis added)].

- **Document No. 10:** TRN-MDL-05877809 is an email dated June 19, 2009, concerned with a man overboard incident in the Caspian Sea. *This is like Document No. 9 in that it concerns an incident outside the GOM. The PSC will not be prejudiced by not being permitted to examine someone on this document. It has not demonstrated good cause.* [*Id.* at 5 (emphasis added)].

Although Judge Shushan did not determine the admissibility of these documents, she did determine that: (1) none of these documents implicate the need for further depositions; (2) the timing of their production has not caused prejudice; and/or (3) the documents are outside the scope of permissible discovery.[2]  Given these rulings, the PSC cannot provide any legitimate reason for the Court to allow the PSC to further reopen Phase I discovery with voluminous

---

[2] *See* Rec. Doc. 7268 at 5 (recognizing that "[w]ith some limited exceptions, discovery has been confined to the GOM").

4

requests related to these documents. Moreover, Judge Shushan's Order reserved the issue of admissibility for Judge Barbier (not for untimely RFAs): "The admissibility of the additional documents will be resolved by District Judge Barbier." [Rec. Doc. 7268 at 1].

### D. The PSC's Arguments in Support of Its Untimely Requests Lack Merit.

#### 1. The PSC Could Have Asked for These Documents When Phase I Discovery Was Open.

The PSC's argument that it "had no choice but to serve the RFAs when it did" based on the alleged late production of documents 1-10 ignores that the PSC had ample opportunity to serve any document requests it wished on Transocean. The PSC complains that "each of the ten representative documents is relevant to Transocean's systemic process safety lapses leading up to the April 20, 2010 *Deepwater Horizon*" [Rec. Doc. 7465 at 6-7], yet not one of the hundreds of document requests the PSC served on Transocean requested documents related to alleged lapses in Transocean's process safety. In two letters [Rec. Docs 7260 and 7242] and in the August 17, 2012 Working Group Conference, Transocean pointed out that documents 1, 2, 8, 9, and 10 are not responsive to any PSC document request and/or were not discovered through any search parameters negotiated with the PSC. To this day, the PSC has not demonstrated that the documents are responsive to any PSC request.

#### 2. The Court's January 11, 2012 Order Regarding Admissibility of Email Did Not Contemplate or Permit Additional Discovery.

The PSC's argument that its requests should be permitted because it "has no other means by which to satisfy the Court's evidentiary requirements" fails because the January 11, 2012 Order on which it is based makes no reference to the use of RFAs or any other discovery devices to resolve admissibility issues. Rather, that Order called on the parties to meet and confer in a good faith effort to reach agreement about the admissibility of email and email strings and raise

5

any remaining issues with the Court. [Rec. Doc. 5143 at 12]. Had the Court preferred, or even permitted, the parties to serve RFAs for this purpose, it would have so indicated in this Order, which was issued nearly six months after the close of Phase I discovery. The Court did not.

### III.  CONCLUSION

For the foregoing reasons and the reasons set forth in Transocean's opening memorandum, Transocean respectfully requests an Order protecting it from answering the PSC's untimely, improper, and unduly burdensome requests.

Respectfully submitted,

By:  /s/ Steven L. Roberts
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas  77002
Telephone:  (713) 470-6100
Facsimile:  (713) 654-1301
Email:  steven.roberts@sutherland.com,
Rachel.clingman@sutherland.com

By:  /s/ Kerry J. Miller
Kerry J. Miller (Louisiana, No. 24562)
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana  70163
Telephone:  (504) 599-8169
Facsimile:  (504) 599-8154
Email:  kmiller@frilot.com

-and-

-and-

By:  /s/ Edwin G. Preis, Jr.
Edward G. Preis, Jr. (Louisiana, No. 10703)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana  70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129

601 Poydras Street, Suite 1700
New Orleans, Louisiana  70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email:  egp@preisroy.com

By:  /s/ Brad D. Brian
Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 54933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Facsimile:  (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com,
allen.katz@moto.com

**Of Counsel:**
John M. Elsley (Texas, No. 0591950
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas  77002
Telephone:  (713) 224-9380
Facsimile:  (713) 225-9945
Email:  john.elsley@roystonlaw.com

**ATTORNEYS FOR DEFENDANTS TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC., TRANSOCEAN DEEPWATER INC., TRITON ASSET LEASING GmbH, AND TRANSOCEAN HOLDINGS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2012, I electronically filed the foregoing with the Court's CM/ECF system and service on all counsel of record by using the LexisNexis File & Serve, in accordance with Pretrial Order No. 12 which will send a notice of filing to all counsel accepting electronic notice

  /s/ Kerry J. Miller_____
    Kerry J. Miller