UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

[Regarding Transocean's Motion for Protective Order (Rec. doc. 7412)]

On August 28, 2012, the PSC served 188 requests for admission ("RFAs") and one interrogatory on Transocean. Rec. doc. 7465 (Exhibit A). The RFAs concern 10 documents. The PSC contends that Transocean did not produce these and other documents until after January 12, 2012. It sought the depositions of 4 Transocean employees and the amendment of the exhibit list for Phase I. Rec. doc. 7234. On August 10, it submitted the 10 documents which it described as representative of the 37 documents to be added to its exhibit list. It was permitted to amend the exhibit list. The issue of the admissibility of the documents was reserved to District Judge Barbier. Rec. doc. 7268 at 1.

The Court found that the PSC was prejudiced by the late production of Document Nos. 3, 4 and 6. Transocean was required to produce Steve Newman for a deposition on these 3 documents. He may be examined on Document No. 7 and other of the 37 documents at issue as result of the Court's ruling. The undersigned found there was no prejudice to the PSC regarding Document Nos. 1, 2, 8, 9 and 10. Larry McMahan will testify at the trial of Phase One, and therefore the PSC does not have to depose him on Document Nos. 5 and 7 which were authored by him. Rec. doc. 7268.

Transocean appealed this order. After reducing the examination time for the Newman

deposition, District Judge Barbier affirmed the order.  He admonished that:

> **The Court advises counsel and the parties that it does not intend to permit discovery to be further reopened with respect to Phase I issues.**

Rec. doc. 7437 (emphasis in original).

The PSC withdrew the RFAs directed toward the authenticity questions.  Rec. doc. 7465 at 4.  Inasmuch as the PSC was not prejudiced by the late production of Document Nos. 1, 2, 8, 9 and 10, there is no need for RFAs directed to those documents.  This is particularly true for Document Nos. 9 and 10 which are concerned with events outside of the Gulf of Mexico.  To permit RFAs on these documents is contrary to Judge Barbier's limitation on further Phase I discovery.

The PSC urges that the RFAs are necessary for the foundation to admit the documents into evidence.  Rec. doc. 7465 at 4.  They are not required for this purpose because the PSC will be able to examine Newman on 3 of the documents and McMahan will be available at the trial to testify on the remaining 2 documents and any other extrapolated documents from the original set of 37.

IT IS ORDERED that Transocean's motion for a protective order (Rec. doc. 7412) is GRANTED.

New Orleans, Louisiana, this 28th day of September, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**

2