UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | ] ] ] ] | MDL No. 2179 SECTION: J |
| This Document Relates to: 2:12-cv-1045-CJB-JCW 2:12-cv-1533-CJB-SS 2:12-cv-1716-CJB-SS | ] ] ] ] ] | Judge Barbier Mag. Judge Wilkinson (No. 1045) Mag. Judge Shushan (Nos. 1533, 1716) |

### MEMORANDUM IN SUPPORT OF
### PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

**1.   SUMMARY.**

In these three cases brought under the Fair Labor Standards Act ("FLSA"), forty former employees ("Plaintiffs") of O'Brien's Response Management, Inc., Vision One LLC and ITransit Response LLC ("Defendants") seek to recover unpaid overtime wages and other damages on behalf of themselves and others similarly situated.[1]  However, Pre-Trial Orders ("PTOs") 1 and 15 effectively stay Plaintiffs' efforts to notify potential class members.  The ensuing delay benefits Defendants at the expense of potential class members because the limitations period is not tolled until they file a consent form.  O'Brien's further delays notice by requiring a Court order to produce routine FLSA discovery that facilitates notice.  Any motion to obtain such an order would be stayed under PTO 15.  The stays, and O'Brien's conduct, prevent the "accurate and timely" notice the Supreme Court requires in FLSA cases.  Because it is inequitable to enforce the statute of limitations against potential class members who are not receiving timely notice through no fault of their own, Plaintiffs request equitable tolling.

---

[1] *See Prejean v. O'Brien's Response Mgmt., Inc.*, No. 2:12-cv-1045 (E.D. La.) (28 plaintiffs); *Himmerite, et al. v. O'Brien's Response Mgmt., Inc. et al.*, No. 2:12-cv-1533 (E.D. La.) (5 plaintiffs); *Singleton v. O'Brien's Response Mgmt., Inc., et al.*, No. 2:12-cv-1716 (E.D. La.) (7 plaintiffs).

2.     **Procedural History.**

Prejean moved for conditional certification and notice to potential class members. *See* Doc. 6930. O'Brien's response to that motion, as well as its Answers to the *Himmerite* and *Singleton* Complaints are stayed per Pre-Trial Orders ("PTOs") 1 and 15. Plaintiffs moved to sever all three cases from the MDL, in part, to receive relief from PTOs 1 and 15, which would allow Plaintiffs to proceed with their efforts to notify class members. *See* Doc. 7131, Plaintiffs' Motion to Sever. But Plaintiffs' Motion to Sever is also stayed per PTO 15. PTOs 1 and 15, which indefinitely stay motions and pleadings, harm putative plaintiffs because their claims continue to wither under the FLSA's statute of limitations, which is not tolled until they file a consent form. Plaintiffs now move for equitable tolling to cure prejudice to the class members caused by PTOs 1 and 15 as well as O'Brien's efforts to use the stays to delay the timely filing of consent forms.

3.     **EQUITABLE TOLLING IS REQUIRED TO ACHIEVE "EVEN BALANCE" WITH THE STAY.**

The Court has an inherent power to control its own docket, including the power to stay proceedings. *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). How to best manage the Court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55. Thus, courts are required to weigh the prejudice and hardship inflicted on the parties and to consider judicial efficiency to stay a case. *See, e.g., Cajun Offshore Charters, LLC v. BP Products North America, Inc.*, 2010 WL 2160292, at *1 (E.D. La. May 25, 2010) (granting stay pending MDL Panel's decision to consolidate). Further, "stay orders will be reversed when they are found to be immoderate or of an indefinite duration." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 544-46 (5th Cir. 1983) (reversing district court's

2

decision to stay proceedings pending co-defendant's bankruptcy because bankruptcy proceedings were "manifestly indefinite" and passage of time prejudiced plaintiffs).

Prejean's motion for conditional certification and notice to potential class members (Doc. 6930), Plaintiffs' motion to sever (Doc. 7131) and O'Brien's responses, are currently stayed under PTO 15. O'Brien's responses to the *Himmerite* and *Singleton* Complaints are similarly stayed under PTO 1. These stay orders, apart from being indefinite, prejudice potential class members because their claims are not tolled. Accordingly, the *Landis* "even balance" standard "requires granting Plaintiffs' request for equitable tolling of the statute of limitations to preserve the claims of putative collective action members." *Adams v. Tyson Foods, Inc.*, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007) (tolling the statute of limitations for absent FLSA class members while case stayed pending a decision by the MDL transfer panel); *see also Castle v. Wells Fargo Financial, Inc.*, No. C 06-4347 SI, 2007 WL 1105118, at *1 (N.D. Cal. 2007) (tolling statute of limitations where court stayed the case pending a decision by the California Supreme Court); *Wedgeworth*, 706 F.2d, 544-46 (stay reversed, in part, because "realities of the hardship of a stay on plaintiffs").

**4.     EQUITABLE TOLLING IS NECESSARY TO CURE "UNTIMELY" NOTICE.**

    **A.     Equitable Tolling Protects Plaintiffs Harmed By Circumstances Beyond Their Control.**

A Court can apply equitable tolling to extend the statute of limitations when strict enforcement would be too harsh. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Equitable tolling "does not lend itself to bright-line rules." *Id.* Rather, it is "a discretionary doctrine that turns on the facts and circumstances of a particular case." *Id.*; *see also Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998) (equitable tolling "determined on a case-by-case basis" and is reviewed for abuse of discretion). Equitable tolling is proper in extraordinary

circumstances in which aggrieved persons are unable to assert their rights.  *See Felder v. Johnson,* 204 F.3d 168, 174 (5th Cir. 2000); *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999) ("Equitable tolling applies principally where the plaintiff ... is prevented in some extraordinary way from asserting his rights.") (quoting *Rashidi v. Am. President Lines,* 96 F.3d 124, 128 (5th Cir.1996)).

Courts have identified several types of situations when plaintiffs should be protected by equitable tolling.  All involve circumstances beyond plaintiffs' control which prevent them from pursuing their claim in a timely manner, such as a delay in ruling on motions to notify class members.  *See, e.g.*, *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 2007 WL 707475, at *8 (citing *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 1004 (9th Cir.2006)) (tolling available where delay caused by "factors independent of the plaintiff"); *Stoll v. Runyon,* 165 F.3d 1238, 1242 (9th Cir. 1999) ("extraordinary circumstances beyond the plaintiff's control"); *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (citing *Iavorski v. United States I.N.S.,* 232 F.3d 124, 129 (2d Cir. 2000)).

### B.     Delays Preventing *Timely* Notice Require Equitable Tolling.

Congress gave FLSA plaintiffs the right to proceed collectively because collective actions "lower individual costs to vindicate rights by the pooling of resources" and promote judicial efficiency.  *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  However, these benefits depend upon employees  "receiving accurate and <u>timely</u> notice" so that they can "make informed decisions about whether to participate." *Id.* (emphasis added).

Because *Sperling* requires "accurate and timely notice, " courts often toll the limitations period to cure prejudice to potential class members caused by a delay in ruling on a motion for notice to the class.  *See, e.g., Sperling v. Hoffmann-La Roche Inc.*, 118 F.R.D. 392, 410-11

(D.N.J. 1988) (equitable tolling due to delay of district court in ruling on motion to notify class members), *aff'd in part*, *appeal dismissed in part*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989); *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331, at *6 (E.D. Wash. July 27, 1981) (equitable tolling applied during period ruling on motion for notice was pending); *Myers v. Copper Cellar Corp.*, 3 Wage & Hour Cas. 2d 1081, 1996 WL 766505, at *3 (E.D. Tenn. Sept. 27, 1996) (court tolled statute of limitations due to delay in ruling on motion for notice); *Owens v. Bethlehem Mines Corp.,* 630 F.Supp. 309, 312–13 (S.D.W.Va.1986) (plaintiffs' claims tolled due to court's delayed ruling on a motion for conditional certification); *Lee*, 236 F.R.D. at 200 (tolling granted where court had ordered parties to put their collective action motion "on hold" pending resolution of summary judgment motion, which thus delayed ruling on notice); *Beauperthuy,* 2007 WL 707475, at*8 (delay in issuing notice due to arbitration and coordination of multiple suits made equitable tolling appropriate); *Partlow v. Jewish Orphans' Home of Southern California, Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981) *abrogated on other grounds by Hoffmann-La Roche Inc.*, 493 U.S. at 165 (approving equitable tolling in order to obtain valid consents where original consents were struck as invalid); *see also, Faison v. Texas EZPawn, L.P.,* 2007 WL 1481047, at *1 (S.D.Tex. May 21, 2007) (equitably tolling opt-in employees' claims after decertification decision that would have resumed the statute of limitations through no fault of plaintiffs); *Johnson v. Big Lots Stores, Inc.,* No. 04–3201 (E.D.La. July 24, 2008) (same); *Smith v. Heartland Automotive Servs., Inc.,* 404 F.Supp.2d 1144, 1155 n.9 (D.Minn. 2005) (same).   PTOs 1 and 15 delay the required "accurate and timely notice" that potential class members need to receive the benefits Congress intended.  Accordingly, the Court should equitably toll the statute of limitations for potential class members for the duration of the stays under PTOs 1 and 15.

### C. O'Brien's Abuses the Court's Stay to Delay Timely Filing of Consents.

Courts apply equitable tolling in cases involving "either defendants inducing delayed filings or faultless plaintiffs." *Adams,* 242 F.R.D. at 542-43 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)). Thus, courts apply equitable tolling when a defendant refuses to produce contact information for potential class members prior to ruling on a motion for conditional certification because the refusal effectively delays the filing of consents to join a collective action. *Id.* at 43 (tolling granted because defendant refused to provide names and addresses to plaintiffs prior to court ruling on motion to notify potential class members); *Boldozier v. American Family Mutual Insurance Co.,* 375 F. Supp. 2d 1089, 1092-93 (D. Colo. July 8, 2005).

Prejean is diligently seeking to discover the identity of potential class members. *See, e.g.,* O'Brien's Responses to Prejean's First Set of Discovery (attached as Exhibit 1), at p. 6; Doc. 6930, Plaintiffs' Motion for Notice. But O'Brien's refuses to provide this information. *See* Exhibit 1, at pp. 11-12. O'Brien's won't even produce ordinary payroll records for Prejean and the *Prejean* opt-in plaintiffs until a "Confidentiality Stipulation covering the production of documents has been executed by the parties, and 'so ordered' by the Court." *Id.* O'Brien's refusal to cooperate without the Court's intervention is prejudicial because Plaintiffs could use the discovery to support conditional certification and notify class members. Because any motions to secure such an order regarding production of documents would be stayed under PTO 15, O'Brien's actions further delay class members from timely filing their notices of consent. *See Adams*, 242 F.R.D. at 542-43; *Boldozier*, 375 F.Supp.2d at 1092-93. Potential plaintiffs should not be prejudiced by O'Brien's abuse of the discovery process. Accordingly, the Court

should apply equitable tolling to cure the prejudice inflicted on potential class members through no fault of their own.

### D. Tolling Does Not Prejudice O'Brien's.

The final requirement for application of equitable tolling is that the defendant had notice of the plaintiffs' claims, and thus is not prejudiced by the application of tolling. *Owens,* 630 F. Supp. at 313; *Partlow*, 645 F.2d at 761. Where, as here, Plaintiffs' original complaints alleged class-wide claims, there can be no dispute that O'Brien's has been on notice of Plaintiffs' claims, just as defendants were in *Owens*, *Partlow*, and the other cases discussed above in which equitable tolling was granted.

### 5. THE CLASS MEMBERS' CLAIMS ARE DISAPPEARING DUE TO THE PASSAGE OF TIME.

The FLSA affords workers the right to sue collectively on behalf of themselves and others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). Unlike a Rule 23 action, the limitations period in a FLSA collective action does not relate back to the filing of the complaint. Instead, "in a FLSA collective action, the statute of limitations for a named plaintiff runs from the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 916-17 (5th Cir. 2008) (citing *Atkins v. Gen. Motors Corp.,* 701 F.2d 1124, 1130 n. 5 (5th Cir. 1983)). "A separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed." *See Hodgson v. Behrens Drug Co.,* 475 F.2d 1041, 1050 (5th Cir.1973) (quotation marks omitted).

The FLSA's statute of limitations depends on whether a particular violation is "willful." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (citing 29 U.S.C. § 255(a)). A willful violation is subject to a three-year statute of limitations, and non-willful violations are subject to a two-year statute of limitations. *Id.* An employer commits a willful violation of the FLSA when it "knew or showed reckless disregard for … whether its conduct was prohibited by the [FLSA]." *Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

The statue of limitations is a concern in the cases at bar because the plaintiffs and potential class members were employed by O'Brien's shortly after April 20, 2010, the date of the Deepwater Horizon oil spill. O'Brien's reclassified plaintiffs and potential class members as employees and begain paying overtime around January 1, 2011. The Court's stay, and O'Brien's efforts to delay timely filing of consents, prejudice potential class members because with each passing week, the class members' nine-month recovery "window" slips further into the three-year period, which requires willfulness. The potential class members' window of opportunity will entirely disappear by January 1, 2014.

The cases at bar are distinguishable from *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 804 (E.D. La. 2007) where the court denied a request for equitable tolling (without prejudice) as premature because neither the two or three-year statute of limitations had expired. In contrast, consent forms filed in the cases at bar are beyond the normal two-year statute of limitations. Potential plaintiffs should not be saddled with the additional burden of proving willfulness to prevail on their claims due to a delay that is not their fault. Accordingly, the Court should equitably toll the statute of limitatons during the pendency of the Court's stay.

**6. CONCLUSION.**

Equitable tolling is particularly appropriate in this case. Potential opt-ins stand to forfeit their claims through no fault of their own during the pendency of the stays caused by PTOs 1 and 15. Workers whose FLSA rights were violated by O'Brien's are also unable to receive timely notice because because O'Brien's refuses to provide routine discovery that would facilitate notice. Thus, potential opt-in plaintiffs are, and continue to be, substantially prejudiced unless the Court tolls the statute of limitations for the period of the stays until notice isssues.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/S/ David I. Moulton**
_____
David I. Moulton
*Attorney-in-Charge for Plaintiffs*
Texas Bar No. 24051093
S.D. Tex. No. 608063
8 Greenway Plaza, Suite 1500
Houston, Texas 77002
(713) 877-8788 - Telephone
(713) 877-8065 - Facsimile
dmoulton@brucknerburch.com

9