# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois  60654

| | | |
|---|---|---|
| Andrew Langan, P.C.<br>To Call Writer Directly:<br>(312) 862-2064<br>andrew.langan@kirkland.com | (312) 862-2000<br><br>www.kirkland.com | Facsimile:<br>(312) 862-2200 |

October 1, 2012

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana  70130

Re:   MDL 2179 -- BP's Master Answer to the Amended B3 Master Complaint

Dear Judge Shushan:

BP would like to raise one open housekeeping matter with Your Honor regarding the timing for the filing of answers to the Amended B3 Master Complaint (Rec. Doc. 1812).  As explained below, pursuant to the Court's orders, no answer to that complaint is presently due.  BP, however, seeks the Court's leave to file its master answer to that complaint on or before October 26, 2012.

By way of background, on September 30, 2011, Judge Barbier issued his Order and Reasons as to defendants' motions to dismiss the PSC's Amended B3 Master Complaint.  (Rec. Doc. 4159 (as amended Oct. 4, 2011, Rec. Doc. 4209).)  Following Judge Barbier's Order, the Court extended the deadline for defendants to file answers to the operative B3 Master Complaint, stating that "[t]he September 9, 2011 order (Rec. doc. 3972) provides that the deadline for master answers to the B3 Amended Master Complaint is thirty days from the Court's ruling on the motions to dismiss. **This deadline is extended until thirty days after the PSC files its second amended B3 complaint.**"  Order for the Working Group Conference on Friday, October 14, 2011 at 6 (Rec. Doc. 4329, attached hereto as Attachment 1).

On February 16, 2012, the PSC filed its Motion for Leave to Amend Master Complaint, seeking leave to file its proposed Second Amended B3 Master Complaint (Rec. Doc. 5718).  On April 16, 2012, however, following briefing on the PSC's motion, the Court denied the PSC's motion to amend (Rec. Doc. 6247, attached hereto as Attachment 2).

Hong Kong     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 1, 2012
Page 2


  Because (pursuant to the Court's ruling) no Second Amended B3 Master Complaint has been filed, BP seeks the Court's leave to file its answer to the Amended B3 Master Complaint. BP is prepared to file its answer by October 26, 2012.

  Thank you for the Court's consideration.


              Respectfully submitted,


              **/s/ Andrew Langan**


              J. Andrew Langan, P.C.


JAL/cs


cc:  Defendants' Liaison Counsel
    Plaintiffs' Liaison Counsel
    Mike Underhill
    Corey Maze
    Douglas R. Kraus

# ATTACHMENT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig
  "Deepwater Horizon" in the Gulf
  of Mexico, on April 20, 2010

Applies to: *All Cases*

MDL NO. 2179

SECTION J

JUDGE BARBIER
MAGISTRATE JUDGE SHUSHAN

ORDER

[Working Group[1] Conference on Friday, October 14, 2011]

**NOTE TO CELL PHONE PARTICIPANTS:** Please do not put your phone on hold during the conference as it causes an annoying beeping sound for everyone else. If you cannot participate for part of the conference, put your phone on mute. Likewise for those who type during the conference.

This order reflects the action taken by the Working Group Conference on Friday, October 14, 2011.

1. **Preservation of BOP.**

On October 19, 2011 at 9:00 a.m., there will be a video inspection of the capping stack. Captain Englebert is in charge of the arrangements.

BP reported that the laser scan of the equipment located at the warehouse in Houston is complete. Requests for the scan should be sent to David Grassmick at Kirkland & Ellis.

2. **ROV at Well Site**.

Transocean reported that the video was going out by Fedex. There being nothing further to report on the ROV launch, it will be removed from the agenda.

---

[1] The discovery "Working Group" shall be comprised of: one or two representatives of the PSC; one representative from each of the defendants; and coordinating counsel for the United States and coordinating counsel for the States. (Rec. Doc. 1099).

3. **Completion of Document Production by the U.S.**

An order will be entered concerning deadlines for the completion of document production by the U.S.

4. **Completion of Document Production by State of La.**

A meeting with counsel for the State and BP was set for after the Working Group Conference.

5. **Phase Two Discovery**.

Phase Two Depositions will begin on **Tuesday, January 17, 2011.**

By **Thursday, October 20, 2011**, the first group of Rule 30(b)(6) notices shall be exchanged among the parties. Further groups will be exchanged on each succeeding Thursday until complete.

There was agreement that certain contractors for BP could be added to the Rule 30(b)(6) list as separate entities. BP stated that it may need to make additions to its Rule 30(b)(6) list.

Anadarko and BP served written discovery on the U.S. The U.S. has until **December 13, 2011** to respond.

BP reported that Phase Two written discovery was served on it and it is working on responses.

The PSC served responses to some of the written discovery served on it. The States have until **Thursday, October 20, 2011**, to either adopt the PSC's responses or provide their own responses.

6. **BP Clawback Claim**

On October 2, 2011, the PSC presented a letter regarding BP's clawback of a document. BP submitted its response on October 15, 2011. A ruling will be issued.

7. **Transocean Document Production**.

Transocean reported that: (1) section seven of the Operations Integrity Case was never drafted; and (2) all remaining sections were produced. As to the Well Specific Operating Guidelines, the best information is that they were posted on the rig floor and the bridge and lost with the rig. Transocean did an exhaustive search of its files and cannot locate the documents.

BP seeks leave to serve a request for admission on the issue and Transocean objects. The Court suggested that there are several ways to handle the issue, but it did not require immediate attention.

8. **Phase One Fact Depositions**.

Sanders, Sarah                                   October 18

Halliburton confirmed that the deposition will proceed as scheduled.

Chemali, Roland                                  November 3

The date is confirmed.

Garrison, Greg                                   November 4

Garrison is a member of the JIT. The U.S. will follow the procedures which were employed with DNV regarding instructions not to answer questions relating to deliberations or communications with the JIT and its supporting agency personnel.

Powell, Heather                                  November 17 (tentative)

BP will try to secure her deposition for before November 14.

Sweatman, Ronald

BP and Halliburton are working on a date.

3

Coronado, Richard

Cameron and BP are working on a date. The deposition shall be scheduled before November 14, 2011, the start of Phase One expert depositions.

Vidrine, Don

Transocean will report on whether Vidrine will be able to answer the written questions.

Lt. Houck

The U.S. is working on the document production issues. The deposition will be rescheduled.

Viator, Michael

Halliburton's request for an hour and a half deposition in Don Godwin's Houston office was granted. The parties are to confer on the available dates (October 27 and 31 and November 1 and 2).

McKay, Lamar

BP is not required to modify the search terms for the custodial file production for McKay. The right of the States to seek a further deposition of McKay as well as the right of BP to object to such a request are reserved.[2]

**9.     Deposition Designations Track.**

There was discussion regarding: (a) the Hayward test bundle; (b) a processing error with the Group One designations; (c) errors created by the use of both the original and amended versions of the deposition transcripts (identified with the Guillot deposition); (d) quality control at inData; (e) the designation of colloquy and objections; and (f) exhibits with multiple documents.

---

[2] There is agreement that Natural Resource Damages ("NRD") is not part of Phase Three and its place in the trial of the MDL has not been set.

Anadarko will send out a list of those transcripts which have been amended.

Going forward the parties shall eliminate colloquy and objections from their designations.

The requirement that the parties submit cross designations and highlighted exhibits for Group One on October 14, 2011 (Rec. doc. 4217) is suspended. The requirement for all non-presenting parties to deliver affirmative designations for Group Two remains in place. If the parties require additional time to purge these Group Two designations of colloquy and objections, it is granted.

There will be a conference call at approximately twelve noon on **Monday, October 17, 2011** with Jordan Ray to discuss the issues with the designations.

10. **Written discovery of Phase One Experts**.

The order submitted by BP will be entered.

BP reported that there is a privilege issue between the U.S. and BP and they are working on its resolution.

11. **Phase One Expert Depositions.**

It was clarified that a party need not designate as an expert a representative or employee of another party who has been deposed where the party believes that the representative is providing opinion testimony.

12. **Exhibits - Authenticity Objections and the Three Hundred Exhibits.**

The Court described the relationship between the resolution of the objections to the three hundred exhibits and the deadline of January 23, 2012 for motions *in limine* and all final pretrial motions.

Transocean reported on its progress with the PSC in narrowing the objections to the group of 300.

The PSC proposed addressing different issues raised by objections to the three hundred exhibits. BP was in basic agreement with the PSC's approach. It suggested that the parties come back with a short list of the *in globo* issues.

The PSC's list included: (a) alleged subsequent remedial measures; (b) documents admissible as to one defendant but to which another defendant objects that it is hearsay; (c) public records/government reports; (d) alleged FRE 702 issues such as the Bly interview notes; (e) email strings; (f) prior safety incidents; and (g) MBI testimony and reports. The PSC will have to supplement the letters with the exhibits because of some technical issues.

Transocean reported on an authenticity issue created by the effort to separate a deposition exhibit which is comprised of multiple documents. The PSC agreed to take on responsibility for all exhibits with multiple documents. If there is an issue about how the PSC presents a particular exhibit with multiple documents, the parties will confer.

13. **Clean-Up Responder Defendants.**

On October 5, 2011, there was a telephone discovery conference with counsel for the Clean-Up Responder Defendants, Nalco, the U.S. and the PSC. A further telephone discovery conference is set for **October 20, 2011.** The parties are working on a joint discovery order.

The September 9, 2011 order (Rec. doc. 3972) provides that the deadline for master answers to the B3 Amended Master Complaint is thirty days from the Court's ruling on the motions to dismiss. **This deadline is extended until thirty days after the PSC files its second amended B3 complaint.**

The September 9, 2011 order also provided that response briefs to motions to dismiss a cross-claim in the Limitation Action or in U.S. v. BP (10-4536) were due on October 11, 2011. **This**

**deadline was extended to October 17, 2011. The deadline for reply briefs was extended from November 1 to November 7, 2011.**

14. **Trial Schedule.**

Judge Barbier is aware of the Final Four being held on Monday and Tuesday, April 2 and 3. Friday, April 6, is Good Friday.

15. **BP's Motion to Compel Halliburton to Provide Investigation Materials.**

Halliburton and BP reported they are working on the remaining issues.

BP noted a possible issue with documents which Halliburton withheld as protected from disclosure but has since determined are not protected. Halliburton contended that the original objections were made in good faith. No action is required at this time.

16. **Completion of Phase One written discovery**.

The PSC reported that it is working with Cameron on ESI issues, but no action is required.

17. **Conference Schedule.**

| | |
|---|---|
| Friday, October 21, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, October 28, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 4, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, November 11, 2011 | No conference set. |
| Friday, November 18, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, November 25, 2011 | No conference set. |
| Friday, December 2, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, December 9, 2011 at 9:30 a.m. | WGC followed by meeting of LCC. |

| | |
|---|---|
| Friday, December 16, 2011 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, December 23, 2011 | <u>No conference set</u>. |
| Friday, December 30, 2011 | <u>No conference set</u>. |
| Friday, January 6, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 13, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |
| Friday, January 20, 2012 | After Judge Barbier's status conference - WGC followed by meeting of LCC. |
| Friday, January 27, 2012 at 9:30 a.m. | WGC followed by meeting of LCC. |

New Orleans, Louisiana, this 18th day of October, 2011.

                                              **SALLY SHUSHAN**
                                              **United States Magistrate Judge**

# ATTACHMENT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
|    "Deepwater Horizon" in the Gulf | * | |
|    of Mexico, on April 20, 2010 | * | SECTION J |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| *B3 Pleading Bundle* | * | |
| | * | MAGISTRATE SHUSHAN |

### ORDER

**[Regarding the Nalco Entities' Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" (Rec. Doc. 5531) and the Plaintiffs Steering Committee's Motion for Leave to Amend Master Complaint (Rec. Doc. 5718)]**

On March 29, 2012, this Court ordered that any party asserting a good faith basis to oppose the dismissal *with* prejudice of the claims in the B3 Master Complaint against the Nalco entities and/or the Clean-Up Defendants shall submit a short statement expressing its opposition by April 9, 2012. (Rec. Doc. 6143).[1] The March 29th Order was responsive to the following filings:

1. the Nalco entities' Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" (Rec. Doc. 5531), wherein Nalco re-urged its preemption argument;[2]

2. the Plaintiffs Steering Committee's ("PSC") Motion for Leave to Amend Master Complaint (Rec. Doc. 5718), wherein the PSC sought to dismiss, *without* prejudice, the claims against Nalco and the Clean-Up Defendants and "proceed solely and directly against BP (and the other Drilling Defendants)"; and

3. the Nalco entities', Clean-Up Defendants', and BP's responses to the PSC's Motion for Leave, wherein they argued the PSC's Motion for Leave should only be granted if dismissal is *with* prejudice (Rec. Docs. 5828, 5871, 5846).

---

[1] The March 29th Order was amended on April 4th, 2012, to add Clean Tank LLC to the list of "Clean-Up Defendants." (Rec. Doc. 6185).

[2] The Court previously considered this argument in the Order and Reasons as to the Motions to Dismiss the B3 Master Complaint (Rec. Docs. 4159, 4209), but concluded it could not succeed on a Rule 12 Motion, given the legal standard and the allegations in the B3 Master Complaint. However, Nalco was not prejudiced from re-asserting its argument at a later time.

The Court has since received multiple statements expressing opposition to the dismissal with prejudice of Nalco and/or the Clean-Up Defendants.[3] In light of these statements, the Court will deny the request for dismissal with prejudice contained in Item #3, above. However, the Court will also deny the PSC's Motion for Leave to Amend, Item #2.

Turning to Item #1, because Nalco's Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" presents matters outside the pleadings, the Court will treat the Motion as one for summary judgment. *See* Fed. R. Civ. Proc. 12(d). The Court will also reschedule briefing on this Motion to coincide with the present schedule for the Clean-Up Defendants' anticipated Motions. (*See* Rec. Doc. 5000). Accordingly,

**IT IS ORDERED** that, pursuant to Fed. R. Civ. Proc. 12(d), **NOTICE** be and is hereby given that Nalco's Renewed Motion to Dismiss First Amended Master Complaint "B3 Bundle" (Rec. Doc. 5531) shall be treated as a Motion for Summary Judgment under Rule 56. Mover Nalco may submit any additional materials in support of its Motion by May 18, 2012. Any opposition to Nalco's Motion shall be filed by June 18, 2012. Any reply by Nalco is due by July 13, 2012. The other deadlines in Magistrate Judge Shushan's Scheduling Order (Rec. Doc. 5000) are unchanged.

**IT IS FURTHER ORDERED** that the PSC's Motion for Leave to Amend Master Complaint (Rec. Doc. 5718) is **DENIED**.

**IT IS FURTHER ORDERED** that the requests for dismissal with prejudice contained in the response briefs to the PSC's Motion for Leave to Amend Master Complaint (Rec. Docs. 5828, 5871, 5846) are **DENIED.**

---

[3] Some statements were electronically filed in the Court's Record (Rec. Docs. 6184, 6188, 6192, 6193, 6198); others were sent directly to chambers.

New Orleans, Louisiana, this 16th day of April, 2012.

_____
United States District Judge