UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | MDL No.: 2179 <br><br> Section "J" <br><br> Judge Barbier |
| This Document Pertains to <br> 2:12-cv-00988-CJB-SS <br> 2:12-cv-01295-CJB-SS <br> 2:12-cv-02048-CJB-SS <br> 2:12-cv-02155-CJB-SS <br> 2:12-cv-00381-CJB-SS <br> 2:12-cv-02338 <br> 2:10-md-02179-CJB-SS <br> Unfiled Economic and Property Damages Class Members <br> Unfiled Medical Benefits Class Members | Magistrate Judge Shushan |

**MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION AND RELIEF FROM JUDGMENT AND RENEWED MOTION FOR LIMITED DISCOVERY**

May It Please the Court:

In this Court's order dated September 25, 2012, the court dismissed undersigned counsel's request for limited discovery in this matter based upon perceived procedural errors. The Court denied the requested limited discovery because no "written discovery" was attached to undersigned's reply to the filings of BP and Class Counsel as this Court required in its order dated September 11, 2012. (REC. DOC. 7480 and 7366). Undersigned counsel would suggest that his failure to attach to his reply proposed form written discovery should be considered excusable and subject to reconsideration.

Plaintiffs respectfully move for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) of the Federal Rules of Civil Procedure provides that "A motion to

alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The Fifth Circuit has stated that in exercising its discretion under Rule 59(e), the court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts. *In Re FEMA Trailer Formaldehyde Products Liability Litigation*, MDL No. 07-1873, 2011 WL 5593121 (E.D. La. Nov. 17, 2011), citing *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). Plaintiffs respectfully suggest that granting Plaintiffs' motion for reconsideration in this case would balance the competing interests of finality and just decisions, as granting Plaintiffs' motion for reconsideration would allow Plaintiffs' request for discovery to be decided on the merits.

Additionally, Plaintiffs respectfully move for relief from this Court's September 25 ruling pursuant to Rule 60 (b)(1) of the Federal Rules of Civil Procedure. In pertinent part, Rule 60 (b)(1) provides as follows:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;..."

See Federal of Civil Procedure 60 (b)(1). Counsel for Plaintiffs respectfully suggests that the failure to attach requests for production of documents and interrogatories to the September 17 correspondence sent to the Court was excusable neglect under Rule 60(b)(1).

This Court granted the plaintiffs motion for reconsideration under the 'excusable neglect' basis provided in Rule 60(b)(1) in *In Re FEMA Trailer Formaldehyde Products Liability Litigation*, 2011 WL 5593121, *7. In reaching this decision, this Court stated that

this "determination is at bottom an equitable one, taking account all relevant circumstances surrounding the party's omission, including the danger of prejudice to the non-movant, the length of the delay and the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at *6. Additionally, this Court considered the following factors articulated by the Fifth Circuit: (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of the defendant's conduct. *Id.,* citing *Rogers v. Hartsford Life & Accident Ins. Co.*, 167 F.3d 933, 938-39). This Court further stated as follows: "...the culpability of counsel on both sides is negligible. Each of them acted in good faith. In litigation as large and complex as this, with thousands of member cases, oversights are bound to occur. It is important here that the length of the delay and its potential impact on the judicial proceedings are very slight. Moreover, the prejudice to the plaintiffs is negligible. The only consequence to them of granting relief...is that their motions for new trial will now be heard on their merits, with an opposing party being given the opportunity to be heard." *Id.*

The circumstances in this case are similar to those in *In Re FEMA Trailer Formaldehyde Products Liability Litigation*, 2011 WL 5593121. This motion relates to large, complex litigation with many parties and oversights are bound to occur. And, granting relief from judgment in the instant case would adhere to the equitable considerations raised in *In Re FEMA Trailer Formaldehyde Products Liability Litigation*, 2011 WL 5593121. For example, the length of delay presented by granting relief from the September 25th judgment and allowing Plaintiffs to re-urge their request to open limited discovery with the interrogatories and requests for production of documents submitted in

3

support and the impact of that relief would be very slight. And, the only consequence to those opposing the relief is that Plaintiffs' motion would be considered on its merits.

In connection herewith undersigned counsel attaches hereto proposed written discovery of a limited nature and which would be appropriate in the instant situation. See, attached exhibit A. In connection with this motion the following is offered:

1) Undersigned Counsel's letter of September 5, 2012 to class counsel and counsel for BP lays out the limited areas of inquiry which plaintiffs seek in this matter. See REC.DOC. 7353 attached as Exhibit B. Some of this requested discovery was not in a written form but related to oral testimony. Plaintiff specifically requested the following: a) depositions of the class representatives; b) depositions of the experts and/or fact witnesses; and c) such depositions of BP and class counsel which are reasonably calculated to lead to the discovery of admissible evidence relating to settlement issues. As these requests did not relate in any way to "written discovery" they should not have been dismissed on purely procedural grounds. Furthermore, in light of the numerous objections related to the adequacy of representation issue the class representatives claim files must be produced and their depositions scheduled.

2) Specific requests for production of documents were identified by counsel for objectors in the "Prasheila" case. (REC. DOC. 7438). These requests were timely in light of the Court's order and undersigned counsel would adopt these and request that the identical information as requested therein be produced.

3) Undersigned counsel simply did not understand that this Honorable Court expected formal discovery pleadings to be produced in connection with his

4

reply letter. In this case, this Honorable Court found with respect to the original discovery requests propounded by letter to BP and Class Counsel that, "five days, including a weekend, is the amount of time Mr. Smith allowed the parties to consider and respond to his lengthy request." The Court found this amount of time to be insufficient and in its order dated September 11, 2012, gave Class Counsel and BP an additional week to respond. The response filed by BP was voluminous, and consisted of 29 pages and additional exhibits. (REC.DOC.7411). Class counsel's response was 10 pages in length. These papers were required to be filed by 5:00 PM on Friday, September 14, 2012. Undersigned counsel had until noon on Monday, September 17, 2012 to file a response, which is less than 72 hours to respond to the significant documents filed by the opposition. The 72 hours also included a weekend. Suffice it to say that undersigned counsel believed that he was in full compliance with the Court's Orders and that the limited requested discovery he sought was sufficiently laid out in his papers filed with the Court.

### Conclusion

Undersigned counsel therefore asks this Honorable Court to recognize that the request for oral discovery, including the depositions of the class representatives and the experts retained by the settling parties, was related to the taking of oral testimony and not "written discovery". Therefore these requests should not have been dismissed on procedural grounds. Undersigned also requests this Honorable Court to reconsider its ruling, and allow such oral discovery as the Court deems fit and/or issue a ruling denying such requests on the merits. Finally, it is requested that this Honorable Court reconsider its ruling that undersigned

counsel's failure to provide proposed written discovery waived his right to seek same in connection with this matter, and that undersigned counsel be allowed to file the attached written discovery and/or the Court should deny such requests on the merits.

DATED on this 2nd day of October 2012.

        Respectfully submitted,

        SMITH STAG, LLC

        By: /s/ Stuart H. Smith

        Stuart H. Smith, Esquire
        ssmith@smithstag.com
        SMITH STAG, L.L.C.
        One Canal Place, Suite 2850
        365 Canal Street
        New Orleans, Louisiana 70130
        (504) 593-9600 telephone
        (504) 593-9601 facsimile

        *Attorney for Economic and Property Damages and Medical Benefits Class Members*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Memorandum has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with Pretrial Order No. 49 established in MDL 2179, on this 2nd day of October 2012.

SMITH STAG, LLC

By: /s/ Stuart H. Smith

Stuart H. Smith, Esquire
ssmith@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana 70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

*Attorney for Economic and Property Damages and Medical Benefits Class Members*