UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: OIL SPILL BY THE OIL RIG
"DEEPWATER HORIZON" IN THE
GULF OF MEXICO ON APRIL 20, 2010

MDL No.: 2179

Section "J"

Judge Barbier

This Document Relates to:
2:12-cv-00988-CJB-SS
2:12-cv-01295-CJB-SS
2:12-cv-02048-CJB-SS
2:12-cv-0038-CJB-SS
2:12-cv-02155-CJB-SS
Unfiled Economic and Property Damages
Class Members
Unfiled Medical Benefits Class Members

Magistrate Judge Shushan

## OBJECTORS' FIRST SET OF INTERROGATORIES

COME NOW the Law Offices of SMITH STAG, L.L.C. who herewith propound the

following Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

1. "Objectors" is defined to include Plaintiffs in the following cases: 2:12-cv-00988-CJB-SS; 2:12-cv-01295-CJB-SS, 2:12-cv-02048-CJB-SS; 2:12-cv-02155-CJB-SS; 2:12-cv-00381-CJB-SS; 2:12-cv-02338 as well as any other objectors represented by undersigned counsel subsequently added thereto.

2. "CLASS COUNSEL", "You" or "your" means Brian H. Barr, Jeffrey A Breit, Elizabeth J. Cabraser, Philip F. Cossich, Jr., Robert T. Cunningham, Philip F. Cossich, Jr., Robert T. Cunningham, Alphonso Michael Espy, Calvin C. Fayard, Jr., Robin L. Greenwald, Ervin A. Gonzalez, Stephen J. Herman, Rhon E. Jones, Matthew E. Lundy, Michael C. Palmintier, Joseph D. Rice, James Parkerson Roy, Paul M. Sterbcow, Scott Summy, Mikal C. Watts, Conrad S. P. "Duke" Williams their agents, designees, attorneys, and any person or entity currently or formerly acting or purporting to act on their collective or respective behalf.

3. "Plaintiffs' Steering Committee" or "PSC" means Brian H. Barr, Jeffrey A Breit, Elizabeth J. Cabraser, Philip F. Cossich, Jr., Robert T. Cunningham, Philip F. Cossich, Jr., Robert T. Cunningham, Alphonso Michael Espy, Calvin C. Fayard, Jr., Robin L. Greenwald, Ervin A.

1



Gonzalez, Stephen J. Herman, Rhon E. Jones, Matthew E. Lundy, Michael C. Palmintier, Joseph D. Rice, James Parkerson Roy, Paul M. Sterbcow, Scott Summy, Mikal C. Watts, Conrad S. P. "Duke" Williams, their agents, designees, attorneys, and any person or entity currently or formerly acting or purporting to act on their collective or respective behalf.

4. "Liaison Counsel" means James Parkerson Roy and Stephen J. Herman their agents, designees, attorneys, and any person or entity currently or formerly acting or purporting to act on their collective or respective behalf.

5. The term "copies" of a document include, but are not limited to, duplicates or counterparts of an original produced from the same impression or process as the original by carbon or other chemical or substance or process; negative and positive films and prints of an original or copy and reproductions and facsimiles of an original or copy, whether or not the same size, produced by photographic, micro photographic, photo static, xerographic, electronic, computerized or mechanized process, or by any other process, and enlargements and reductions thereof.

6. The word "document" shall include all things which come within the definition of a "document" under Fed.R.Civ.P. 34, whether completed or not, and whether a draft or not. Without limitation, the word "document" shall include the following items, whether printed, microfilmed, electronically recorded in sound or in pictures, stored in computer memory or in a computer database, or reproduced by any process, or written or produced by hand or typed; all tangible things form which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intra office communications, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, financial schedules, financial or other forecasts, statistical statements, policy statements, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or natural records or representations of any image files (regardless of format), data bases, calendar and scheduling information, computer system activity logs, and all file fragments and backup files from back-up tapes or otherwise containing any information or electronic data.

    a. Every non-identical copy of a "document" is a separate "document" and must be produced in response to this request. All requested "documents" include any and all attachments and enclosures and any file folder in which the "document" was located.

    b. The term "all documents" means all documents of the class requested and includes all documents in your immediate possession and control and/or all documents that can be obtained from persons, entities, or departments subject to your direction and control.

2

7. The "Settlement" means the Deepwater Horizon Economic and Property Damages Settlement Agreement, as Amended on May 2, 2012, and as preliminarily approved by the Court on May 2, 2012.

8. The term "Person" means and includes any natural person, corporation, partnership, association, firm or any other private organization, governmental agency or entity, and includes the plural.

9. The terms "refer" or "relate" means in whole or in part constituting, embodying, reflecting, identifying, stating, referring to, evidencing, commenting on, discussions, describing, mentioning, or in any way being relevant to that given subject.

10. Whenever appropriate, the singular form of a word should be interpreted in the plural and "and" as well as "or" should be construed disjunctively or conjunctively as necessary to bring within the scope of any request any information that might otherwise be construed outside the scope.

11. The present tense of a verb should be interpreted to include the past tense unless otherwise specified.

12. All terms not otherwise defined should be understood in accord with their ordinary meaning as used in common parlance or as used in Plaintiffs' franchise agreements. For example "system fee" "royalty fee" etc., shall be afforded the same meaning as set forth in Plaintiffs' franchise agreements.

13. Unless otherwise specified, the relevant time period for these inquiries is April 20, 2010 through the present.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify each expert witness which you have retained in this matter including those which were retained in anticipation of litigation. For each expert identified please provide the following information:

a. Was any information generated are provided to you by this expert utilized by you in connection with the purported settlement in this matter?

b. What is the expert's field of expertise?

3

    c. What opinions does the expert possess which are related in any way to the purported class action settlement in this case?

    d. Identify any and all documents or other evidence reviewed and/or relied upon by the expert in connection with their opinions and conclusions in this matter.

    e. A list is required by the Federal Rules of Civil Procedure of prior cases and testimony on which the expert worked.

    f. For each fact witnesses which you may call in connection with the class action certification and/or fairness hearing in this matter please identify the substance of the facts which you will seek to elicit from this witness at the hearing on this matter.

**INTERROGATORY NO. 2:**

Please identify the documents associated with the claims made by the class representatives.

**INTERROGATORY NO. 3:**

    Please identify the individuals responsible for negotiating the purported class action settlement in this matter and/or responsible for obtaining client approval of the settlement. For each such individual please identify the following:

    a. The dates of any and all meetings with class representatives

    b. The dates of any and all meetings with non-PSC members who represent putative class members in this matter.

    c. The date of all meetings with the defendant to discuss settlement of this matter including the issues addressed.

    d. All documents related to issues a.-c. above.

**INTERROGATORY NO. 4:**

Were representatives of the defendant permitted to attend interviews and/or discussions with class representatives about this matter prior to their being designated class representatives in this matter and/or after their designation? If the answer is yes please identify the date of each and every interview, event of any and all potential class reps in this matter wherein the settling defendant was allowed to participate.

**INTERROGATORY NO. 5:**

Please explain the scientific or other basis upon which you rely for the delineation and demarcation of the economic loss zones associated with the purported class action settlement.

**INTERROGATORY NO. 6:**

Please identify any and all economic modeling, algorithms, or other scientific evidence upon which you relied in connection with the purported class action settlement in this matter.

**INTERROGATORY NO. 7:**

Please identify all instances of the PSC's and/or their representatives' solicitation of input from attorneys who are not members of the PSC but who represent members of the putative class of any category. For each such solicitation of input please identify the non-PSC members and the information communicated to you by them.

**INTERROGATORY NO. 8:**

Please state the scientific or economic basis for the election and association of each of the risk transfer premiums for the economic loss zones. Did the PSC solicit input about the terms of the settlement from represented and/or non-represented putative class members prior to entering into the settlement? If the answer is yes please identify the following:

    a. Claimant type such as hotel owners, real property owners, real estate developers, oil and gas service companies, VOO claimants, commercial fisherman, seafood processors,

sports fisherman and/or other claim types which are putative members of the economic loss and property damage subclass

b. Identify the substance of the conversation and the information received by you from the purported class member during these consultations.

**INTERROGATORY NO. 9:**

Please identify the scientific or other basis for the PSC member support for the settlements presumption that economic recovery for certain economic zone members including hotel class members began on January 1, 2011 or that the effects of the oil spill ceased to cause injury to the economic class members and or hotels on December 31, 2010 note

**INTERROGATORY NO. 10:**

Did any member of the PSC or their associates or agents have conversations with any accountants or vendors about the terms of the settlement prior to April 18, 2012? If the answer is yes please identify the following:

a. Identify the date each such conversation and the parties thereto

b. Please provide the substance of the information relating to such accountant and/or vendor

**INTERROGATORY NO. 11:**

Please identify any and all scientific testing or other data which was used in the determination or delineation of the economic and property damage claim zones.

**INTERROGATORY NO. 12:**

Please identify the exact scientific or other basis of your public statements that "all claimants would be paid greater benefits" under the proposed settlement than the formula applied by the GCCF for each claim type.

**INTERROGATORY NO. 13:**

Please identify each and every exhibit which you may seek to introduce into evidence in connection with the class certification and/or fairness hearing in this matter.

**INTERROGATORY NO. 14:**

Please identify each and every instances wherein the PSC and/or class counsel have had performed on their behalf any and all scientific testing associated with the environmental fate and consequences of the Deep Water Horizon oil spill. For Each such instance identify:

a. The date of the scientific testing and/or investigation

b. The members of the PSC responsible for overseeing the testing and/or investigation

c. The identity name and address of the individual performing the scientific testing and/or investigation

d. The identification of the scientific costs associated with such testing or investigation.

e. All attorney time associated with the investigation of scientific testing.

**INTERROGATORY NO. 15:**

Were scientific testing and/or scientific investigation done by you to identify and validate the zones of contamination qualifying for coastal real property claims? If the answer is yes please identify the individuals responsible for such work.

DATED on this 2nd day of October 2012.

Respectfully submitted.

SMITH STAG, L.L.C.

By: /s/   Stuart H. Smith

Stuart H. Smith, Esquire
ssmith@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana  70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

***Attorneys for Economic and Property
Damages Class Members and Medical Benefits
Class Members***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with Pretrial Order No. 49 established in MDL 2179, on this 2nd day of October 2012.

SMITH STAG, LLC

By: /s/ Stuart H. Smith

Stuart H. Smith, Esquire
ssmith@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana 70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

*Attorney for Economic and Property Damages and Medical Benefits Class Members*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Settlement of the Economic and Property Damages Classes Oil Spill Litigation related to the "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | **MDL No. 2179**<br><br>**DOCKET NO: 12-968**<br><br>**JUDGE BARBIER**<br>**MAGISTRATE SHUSHAN** |

## OBJECTORS' FIRST SET OF REQUESTS FOR PRODUCTION

Objectors, by and through their undersigned counsel, hereby submits pursuant to Fed.R.Civ.P. 34, that CLASS COUNSEL, Brian H. Barr, Jeffrey A Breit, Elizabeth J. Cabraser, Philip F. Cossich, Jr., Robert T. Cunningham, Philip F. Cossich, Jr., Robert T. Cunningham, Alphonso Michael Espy, Calvin C. Fayard, Jr., Robin L. Greenwald, Ervin A. Gonzalez, Stephen J. Herman, Rhon E. Jones, Matthew E. Lundy, Michael C. Palmintier, Joseph D. Rice, James Parkerson Roy, Paul M. Sterbcow, Scott Summy, Mikal C. Watts, Conrad S. P. "Duke" Williams, collectively hereinafter, "("CLASS COUNSEL"), produce the following documents at the offices of the undersigned Plaintiff's counsel within the time required.

### DEFINITIONS

1. "Objectors" is defined to include Plaintiffs in the following cases: 2:12-cv-00988-CJB-SS; 2:12-cv-01295-CJB-SS, 2:12-cv-02048-CJB-SS; 2:12-cv-02155-CJB-SS; 2:12-cv-00381-CJB-SS; 2:12-cv-02338 as well as any other objectors represented by undersigned counsel subsequently added thereto.

2. "CLASS COUNSEL", "You" or "your" means Brian H. Barr, Jeffrey A Breit, Elizabeth J. Cabraser, Philip F. Cossich, Jr., Robert T. Cunningham, Philip F. Cossich, Jr., Robert T. Cunningham, Alphonso Michael Espy, Calvin C. Fayard, Jr., Robin L. Greenwald, Ervin A. Gonzalez, Stephen J. Herman, Rhon E. Jones, Matthew E. Lundy, Michael C. Palmintier, Joseph D. Rice, James Parkerson Roy, Paul M. Sterbcow, Scott Summy, Mikal C. Watts, Conrad S. P. "Duke" Williams their agents, designees, attorneys, and any person or entity currently or formerly acting or purporting to act on their collective or respective behalf.

3. "Plaintiffs' Steering Committee" or "PSC" means Brian H. Barr, Jeffrey A Breit, Elizabeth J. Cabraser, Philip F. Cossich, Jr., Robert T. Cunningham, Philip F. Cossich, Jr., Robert T.

1

Cunningham, Alphonso Michael Espy, Calvin C. Fayard, Jr., Robin L. Greenwald, Ervin A. Gonzalez, Stephen J. Herman, Rhon E. Jones, Matthew E. Lundy, Michael C. Palmintier, Joseph D. Rice, James Parkerson Roy, Paul M. Sterbcow, Scott Summy, Mikal C. Watts, Conrad S. P. "Duke" Williams, their agents, designees, attorneys, and any person or entity currently or formerly acting or purporting to act on their collective or respective behalf.

4. "Liaison Counsel" means James Parkerson Roy and Stephen J. Herman their agents, designees, attorneys, and any person or entity currently or formerly acting or purporting to act on their collective or respective behalf.

5. The term "copies" of a document include, but are not limited to, duplicates or counterparts of an original produced from the same impression or process as the original by carbon or other chemical or substance or process; negative and positive films and prints of an original or copy and reproductions and facsimiles of an original or copy, whether or not the same size, produced by photographic, micro photographic, photo static, xerographic, electronic, computerized or mechanized process, or by any other process, and enlargements and reductions thereof.

6. The word "document" shall include all things which come within the definition of a "document" under Fed.R.Civ.P. 34, whether completed or not, and whether a draft or not. Without limitation, the word "document" shall include the following items, whether printed, microfilmed, electronically recorded in sound or in pictures, stored in computer memory or in a computer database, or reproduced by any process, or written or produced by hand or typed; all tangible things form which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intra office communications, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, financial schedules, financial or other forecasts, statistical statements, policy statements, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or natural records or representations of any image files (regardless of format), data bases, calendar and scheduling information, computer system activity logs, and all file fragments and backup files from back-up tapes or otherwise containing any information or electronic data.

   a. Every non-identical copy of a "document" is a separate "document" and must be produced in response to this request. All requested "documents" include any and all attachments and enclosures and any file folder in which the "document" was located.

   b. The term "all documents" means all documents of the class requested and includes all documents in your immediate possession and control and/or all documents that can be obtained from persons, entities, or departments subject to your direction and control.

2

7. The "Settlement" means the Deepwater Horizon Economic and Property Damages Settlement Agreement, as Amended on May 2, 2012, and as preliminarily approved by the Court on May 2, 2012.

8. The term "Person" means and includes any natural person, corporation, partnership, association, firm or any other private organization, governmental agency or entity, and includes the plural.

9. The terms "refer" or "relate" means in whole or in part constituting, embodying, reflecting, identifying, stating, referring to, evidencing, commenting on, discussions, describing, mentioning, or in any way being relevant to that given subject.

10. Whenever appropriate, the singular form of a word should be interpreted in the plural and "and" as well as "or" should be construed disjunctively or conjunctively as necessary to bring within the scope of any request any information that might otherwise be construed outside the scope.

11. The present tense of a verb should be interpreted to include the past tense unless otherwise specified.

12. All terms not otherwise defined should be understood in accord with their ordinary meaning as used in common parlance or as used in Plaintiffs' franchise agreements. For example "system fee" "royalty fee" etc., shall be afforded the same meaning as set forth in Plaintiffs' franchise agreements.

13. Unless otherwise specified, the relevant time period for these inquiries is April 20, 2010 through the present.

## **INSTUCTIONS FOR DOCUMENT REQUEST**

You are to produce and permit the inspection and copying or photocopying of the following designated documents, and other tangible things, to the extent that no claim or privilege is made for such documents at the New Orleans, Louisiana offices of Objectors' counsel or such other place as the parties shall mutually agree.

1. The response and production of documents shall include all documents within your possession, custody, or control. Documents in the "possession, custody, or control" means all documents held, stored or maintained by you or documents to which you have the legal or practical ability to obtain or access and which are stored, held, or maintained by any other person. The word document also includes information contained in any electronic media or files such as email's, voice recordings, index's of electronic documents, etc. where a paper copy exists, we will seek all documents in their electronic form along with information about those

3

documents contained on the media. We also will seek paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist. Our discovery requests will ask for certain data on the hard disks, floppy disks and backup media used in your client's computers, some of which data are not readily available to an ordinary computer user, such as "deleted" files and "file fragments." .

2. If any documents requested have been lost or destroyed, you shall submit in lieu of such documents a written statement (a) describing in detail the nature of the documents and its contents; (b) identifying the persons who prepared or authorized the document, and if applicable the person to whom the document was sent; (c) specifying the date on which the document was prepared or transmitted or both; (d) specifying if possible the date on which the document was lost or destroyed and if destroyed the condition or reason for such destruction and the person or persons requesting or performing the destruction.

3. If any requested documents are withheld on the basis of a claimed privilege, please list the following for each item claimed to be privilege:

(a) a brief description of the nature and contents of the matter claimed to be privileged.

(b) the name, occupation and capacity of the individual from whom the privileged matter emanated;

(c) the name, occupation and capacity of the individual to whom the allegedly privileged matter was directed;

(d) the name, occupation and capacity of each person or entity that received, reviewed, or has seen a copy of the privileged matter, together with a description of the method by which such person or entity received the material;

(e) the date the item bears;

(f) the privilege claimed; and

(g) the present custodian of the item.

4. All documents to be produced shall be produced either (a) in their original form that they are maintained in the ordinary course of business or (b) in producing the requested documents, you may organize, label and identify the documents produced according to the

number or numbers or the request herein to which they relate.

5. Copies of the documents which are responsive to more than one request need not be produced more than once if the specific requests to which each relates are clearly designated.

6. Except as otherwise stated, each request calls for all documents within the scope of the request regardless of when the document(s) was prepared.

7. Each of the following requests is to be construed independently and not limited by reference to any other request.

## DOCUMENT REQUESTS

1. Any index or indices that identify documents and other information (including deposition transcripts, expert reports, etc.) that you or any member of the PSC or any other attorney relied upon in negotiating the terms of the Settlement for the Economic and Property Damages subclass.

2. All documents that explain the economic, geographic, or other bases upon which each of the Economic Loss Zones was drawn.

3. All documents that refer or relate to the economic modeling or algorithms the Settlement employs for members of the Economic Loss and Property Damage subclass to determine whether "causation" has been satisfied or to calculate the amount of loss for any claimant.

4. All documents that reflect your or any member of the PSC's solicitation of input from attorneys who are not members of the PSC but who represent members of the Economic Loss and Property Damage subclass of Settlement about the proposed terms of the Settlement prior to February 26, 2012.

5. All documents that reflect your or any member of the PSC's solicitation of input from attorneys who are not members of the PSC but who represent members of the medical payment subclass of Settlement about the proposed terms of the Settlement prior to February 26, 2012, including the following claimant types: hotel owners, real property owners, real estate developers, oil and gas service companies, business owners, VOO claimants, commercial fisherman and/or seafood processors, sports fisherman, and/or

other claim types which are sought to be members of the Economic Loss and Property Damage subclass.

6. Any and all documents that reflect the economic bases for the election and association of each of the Risk Transfer Premiums for the Economic Loss Zones. All documents that reflect your or any PSC members' communication with attorneys representing members of the Economic Loss and Property Damage subclass informing them of the evidence available to them on the issue of causation, or how to access it.

7. All documents that form the basis for your or any PSC members' support for the Settlement's presumption that economic recovery began on January 1, 2011 or that the effects of the Oil Spill ceased to cause injury on December 31, 2010.

8. All documents that reflect any communication you or any PSC member had with any accountant or vendor about the terms of the Settlement prior to April 18, 2012, including but not limited to communications about the location of Economic Loss Zones, the algorithms or formula for determining "causation" under the Settlement, the methodology for calculating loss, or the Risk Transfer Premiums, or the documentation required to be submitted in order to pursue a claim with the Court Supervised Settlement Program.

9. All documents that reflect or relate to negotiations with BP in the determination or delineation of the economic and property damage claim zones.

10. All documents which reflect scientific testing or other data which was used in the determination or delineation of the economic and property damage claim zones.

11. All documents which establish or relate to your public statements that "all claimants will be paid greater benefits" under the proposed settlement than the formula applied by the GCCF for each claim type.

12. All documents evidencing press releases or other public statements by you or any PSC member or class counsel regarding the adequacy of the proposed settlement.

13. All documents which may be introduced in connection with the class certification hearing and/or fairness hearing.

14. All documents which have been submitted and/or are required to be submitted to participate in this settlement by any and all proposed class representatives including said class representatives claim file.

15. All electronic files and/or word processing files, including prior drafts, "deleted" files and file fragments, containing information about or related in any way to the class action settlement, the attorneys fee settlement and the negotiations surrounding them.

16. All e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) sent or received by or to any persons involved with the negotiations surrounding the proposed settlement by and between the PSC/Class Counsel among themselves or with BP.

17. All documents and/or electronic data created by application programs which process financial, accounting or billing information, including but not limited to all electronic data files, including prior drafts, "deleted" files and file fragments, containing information about or related to the time and expenses associated with the prosecution of this matter and which you content justify the settlement fee

18. All Documents reviewed and relied upon and/or generated by any expert witness retained by you.

19. All other e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) containing information about or related to:

    a) development of economic loss zones;
    b) development of economic loss zone grids;
    c) development of the medical payment grid;
    d) development of evidentiary requirements for compensation of all class members
    e) the amount of attorney's fees to be recovered under the settlement
    f) scientific or other data which relates to any issue involved with the settlement and the negotiation of the settlement

20. All documents evidencing expenditures of time or money by you and/or any other PSC member or class counsel in investigating the environmental fate and consequences of the Deep Water Horizon oil spill both before and after the effective date of the settlement.

21. All documents evidencing work conducted by you, and/or any other PSC member or class counsel, or your behalf to study, determine, or document the environmental fate and consequences of the Deep Water Horizon oil spill both before and after the effective date of the settlement.

22. Documents evidencing your identification and validation of the zones of contamination qualifying for Coastal Real Property Claims Zone A-1, A-2, B-1, B-2

7

23. Documents evidencing your validation of the zones of contamination qualifying for Zone "A" and/or zone "B" of the Wetlands Real Property Claims Zone; including but not limited to your independent validation of and due diligence associated with the following determinations used in connection with the property damage class settlement., and your investigation of the appropriateness of the inclusion of properties in Zone "B"

    a) Shoreline Cleanup and Assessment Technique (SCAT) determinations used in connection with the property damage class settlement.
    b) ("NRD Rapid Assessment"
    c) ("NRD Pre-assessment").
    d) (" NRD CWVA")

24. All documents which you contend justify the attorneys' fee being paid in connection with the settlement.

25. All documents evidencing your consultation, if any, with the following types of experts before agreeing to the settlement in this matter:

    a) Toxicology
    b) Real Estate appraisal
    c) Loan or financial institution underwriting
    d) Chemistry
    e) Air dispersion specialist
    f) Marine Toxicology
    g) Industrial Hygiene
    h) Environmental Toxicology
    i) Psychology
    j) Psychiatry
    k) Sociology
    l) Marine Biology
    m) Neurology
    n) Pulmonologist
    o) Nephrology
    p) Immunology
    q) Endocrinology
    r) Dermatology
    s) Ophthalmology
    t) Hepatologist

    u) Gastroenterology

Dated this 2nd day of October, 2012.

                                  Respectfully submitted.

                                  SMITH STAG, LLC

                                By: /s/   Stuart H. Smith

                                Stuart H. Smith, Esquire
                                ssmith@smithstag.com
                                SMITH STAG, L.L.C.
                                One Canal Place, Suite 2850
                                365 Canal Street
                                New Orleans, Louisiana  70130
                                (504) 593-9600 telephone
                                (504) 593-9601 facsimile

                                *Attorney for Economic and Property Damages and*
                                *Medical Benefits Class Members*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing Requests for Production have been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, in accordance with Pretrial Order No. 49 established in MDL 2179, on this 2nd day of October 2012.

SMITH STAG, LLC

By: /s/  Stuart H. Smith

Stuart H. Smith, Esquire
ssmith@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana  70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

*Attorney for Economic and Property Damages and Medical Benefits Class Members*