IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In RE:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * | MDL NO. 2179 |
| | * | SECTION J |
| | * | HONORABLE CARL J. BARBIER |
| This document relates to: Preliminary Approval Order (Document 6418) | * | MAGISTRATE JUDGE SHUSHAN |
| | * | |

## REPORT
## OF THE GUARDIAN AD LITEM FOR THE ECONOMIC AND PROPERTY DAMAGES SETTLEMENT CLASS MEMBERS WHO ARE MINORS, LACK CAPACITY, OR ARE INCOMPETENT

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

THIS INITIAL REPORT is submitted pursuant to order of this Honorable Court dated May 2, 2012, (Doc 6418) providing that "prior to the Fairness Hearing, the Guardian Ad Litem shall by **October 8, 2012**, report to the Parties and make a recommendation to this Court as to the

1

fairness of the Economic Loss and Property Damages Settlement Agreement with respect to those class members who are minors, lack capacity, or are incompetent."

**Scope of the Appointment and this Initial Report.** Undersigned was appointed by this Honorable Court as Guardian Ad Litem for the Economic and Property Damages Settlement Class Members who are minors, lack capacity, or are incompetent in accordance with Section 31 of the Economic and Property Damages Settlement Agreement (Docs.6430-1, pp.88-89 and 6418, pp. 35-36).

The scope of the duties of the Guardian Ad Litem are set forth and clarified in the above-referenced Orders/Documents and are briefly summarized here in the most presently relevant part:

>   1. "The Guardian Ad Litem shall work with the Claims Administrator to identify those persons in need of representation before the Court to promote the interests of judicial efficiency through application of federal procedural law, taking into account any relevant state laws that impact distribution to such Minor Class Members and Incompetent Class Members, to ensure the rights of those persons are fully exercised under the terms of this Agreement (Doc. 6430-1, para. 31.4);
>
>   2. "…[T]he Guardian Ad Litem shall inquire of existing minor or incompetent claimants that the Guardian Ad Litem learns of whether they have any claims falling into any Category covered by and not excluded from the Settlement Agreement" (Doc. 6418, para.26); however, [w]here a Minor

> Class Member or Incompetent Class Member is also legally represented in accordance with the law of [his/her] domicile…the Guardian Ad Litem shall have no standing or power on behalf of such Minor Class Member or Incompetent Class Member" ( Doc. 6430-1, para. 31.5)
>
> 3. [T]he Guardian Ad Litem "shall report to the Parties and make a recommendation to this Court as to the fairness of the Economic Loss and Property Damages Settlement Agreement with respect to those class members who are minors, lack capacity, or are incompetent (Doc.6418, para. 27).

While the subject of this Report is limited to the fairness issues described in paragraph 3 above, the matters addressed in paragraphs 1 and 2 are indirectly relevant to the fairness assessment. It is expressly recognized and acknowledged that the duties described in paragraphs 1 and 2 survive this Report and therefore they are briefly addressed at this time to the extent they are deemed relevant to the fairness recommendation. The duties set forth in paragraphs 1 and 2 (as well as others required by law and appointment) require a continuous evaluation as the administration process continues based upon actual experience, and such has been discussed and initially implemented by those involved in that administration process.

That claims administration process includes: (1) the Claims Administrator identifying a minor claimant from the registration form and from date of birth; (2) then confirming the age of minor claimants; (3) if there is indication in the registration form that the claimant is incompetent, the Claims Administrator will consider the claimant an Incompetent Claimant. The Claims Administrator will notify the Guardian Ad Litem of any minor or incompetent claimant not

represented. In addition, where there is representation the Claims Administrator will require sufficient documentation to support such. Detailed "Procedures For Processing Claims Filed on Behalf of Minor and Incompetent Claimants" have been adopted by the Claims Administrator. The Procedures are published on the public website under the "Alerts" tab http://www.deepwaterhorizoneconomicsettlement.com/docs/DHECCAlert-DeceasedMinorandIncompetentClaimantProcedures.pdf). In addition, this Court entered an order Approving Procedures for the Processing by the Claims Administrator of the Deepwater Horizon Economic and Property Damages Settlement Agreement of Claims on Behalf of Deceased, Minor and Incompetent Claimants (Doc 7462).

**Actions Taken Prior to This Report.** The following non-exclusive actions were taken prior to making a recommendation as to the fairness of the Economic Loss and Property Damages Settlement:

1. Review of Court Orders
2. Review of websites related to notice, nature of the proposed settlement, and method of filing claims.
3. Attendance at a seminar addressing the manner and specifics of presenting claims
4. Meetings and discussions with the claims administrator and support personnel, including participation in developing the administrative process considering the Guardian Ad Litem role.
5. Review of Objections and Opt Out documents filed
6. Review of the Claims Administrator's Status Report No. 1

7. Review of BP's Motion and Memorandum for Final Approval Economic and Property Damages Settlement

8. Review of Co-Lead Class Counsel as Property Damage Class Representatives Motion and Memorandum in Support of Final Class Settlement Approval

9. Review of Federal law related to Rule 23, Federal Rules of Civil Procedure and case law thereunder.

The above actions, review and considerations were focused on the roles of the Guardian Ad Litem to attempt to assess their relationships and relevance to claims of Settlement Class Members who are minors, lack capacity, or are incompetent and their effect, if any, upon settlement class action fairness considerations.

## RECOMMENDATION OF THE GUARDIAN AD LITEM FOR THE ECONOMIC AND PROPERTY DAMAGES SETTLEMENT CLASS

It is not believed to be necessary or appropriate to burden this Court and this record with a full review of the considerations under Rule 23 and case law of the Proposed Economic and Property Damages Class Action Settlement. Most of those issues have no peculiar or unique substantive (as opposed to procedural) impact upon the group for whom the Guardian Ad Litem is appointed. The fairness, reasonableness and adequacy of the economic and property damages settlement for minors and incompetents from a substantive perspective are not distinct from those of the general class. This Court has presented a comprehensive and commendable evaluation of the complex and unique circumstances presented in its Preliminary Approval Order (Doc. 6418). After

independent extensive review of that Order, the Guardian Ad Litem has no basis for disagreement, but rather concludes that the findings and conclusions of the preliminary approval fully support a similar final determination.  The Guardian Ad Litem has reviewed BP's Motion and Memorandum for Final Approval Economic and Property Damages Settlement (Docs. 7112 and 7114) and Plaintiffs' Memorandum in Support of Final Approval of Economic and Property Damages Class Settlement (Doc. 7101-2).  That review has led Guardian Ad Litem to conclude that the proposed class settlement is also fair, reasonable and adequate from the perspective of the settlement class members represented by the Guardian Ad Litem, as further explained below. See generally, 7B Wright and Miller, Federal Practice & Procedure (Civil), Sec. 1791.1 (3d ed.).

The role of the Guardian Ad Litem for Economic and Property Damages Settlement Class Members who are minors, lack capacity, or are incompetent (GAL Represented Group) for purposes of this Report is believed primarily to assess whether *from the distinct perspective of minors and those lacking capacity or are incompetent* the proposed settlement is fair within the meaning of the appointing order and Rule 23 of the Federal Rules of Civil Procedure.  In addressing that role, in the interest of efficiency and clarity, and not unduly burdening the record, the Preliminary Approval Order (Doc. 6418) of this Honorable Court is used as the foundation for evaluation.  It is incorporated by reference for this Report. To the extent the roles of Guardian Ad Litem are independently material to such findings and conclusions, they are briefly addressed here.

General.

Particularly significant to the GAL Represented Group in the "Litigation Background" is the recognition that in the proposed settlement(with exceptions not relevant here): first, "BP will pay all administrative costs of the Settlement Program (including Guardian Ad Litem expenses), the cost of providing notice to the class, and reimburse claimants for accounting services required for filing their claims" (p. 7, parens. added); and second, "...BP has agreed to pay any award for common benefit and/or Rule 23(h) attorneys' fees, as determined by the Court, up to $600 million (p. 10).

These provisions assure that the GAL Represented Group are protected beyond that usually required by Rule 23 and case law, in that their economic interests are not diminished (or conflicted) by administrative expenses or attorneys' fees. This enhances and supports the fairness of the proposed class settlement from the perspective of the GAL Represented Group.

While not necessarily required by law under the circumstances of this case, the appointment of a guardian ad litem to protect such interests, (as well as others), has been suggested as a "reform" of the existing Rule 23 requirements. See, "The Plaintiffs' Attorney's Role in Class Action and Derivative Litigation: Economic Analysis and Recommendations for Reform", 58 U.Chi. L. Rev. 1 (1991), and discussion at note 139. The proposed settlement before this Honorable Court (and the Court's preliminary approval) has addressed those concerns, including costs. Thus, the procedure the court has established for assessing class settlement fairness to minors and incompetents is believed to be enhanced beyond that strictly required of the Federal Rules and case law, but in conformity with critical commentators and the best interests of the class.

## Rule 23 Analysis.

***Rule 23(a) and (b) Criteria for Class Certification.*** Rule 23(a)(4) presents the issue particularly relevant to the GAL Represented Group by requiring that "the respective parties will fully and adequately protect the interests of the class". The Court has fully addressed that issue in its preliminary approval, and the Guardian Ad Litem, based upon extensive review of the record, has found no basis to question the conclusion. In addition and significantly, the appointment of a Guardian Ad Litem, while distinct from counsel's representation role, adds protections beyond that required of the Rule and enhances fair representation and the ultimate fairness determination.

***Rule 23(b)(3).*** There appear to be no strictly 23(b)(3) issue which uniquely affect the GAL Represented Group. As the Court has noted, the "superiority" requirement is not necessarily applicable in a settlement situation. However, a review of the claims and settlement process from the perspective of the GAL Represented Group in light of the 23(b)(3) predicate requirement (assuming litigation) "…that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy…," is believed to be informative for this Report relative to fairness. The settlement and claims procedure is *transparent* and *objective*, minimizing the role of advocacy skills and litigation resources. It is claimant-friendly and some would say generous in aspects such as Risk Transferred Premiums, which provides an intangible enhancement to the claims which through litigation would be expensive and problematic to address, particularly to an unrepresented minor or incompetent. Similarly situated claimants will be treated similarly without the impact of advocacy skills or resources. Thus, as a practical

matter, rather than a strictly legal one, the claims and settlement approach presented in the proposed settlement is superior to traditional litigation and particularly "fair, reasonable and adequate" to minors and incompetents. This Court's conclusion that "a settlement that provides a comprehensive, court-supervised and internally consistent mechanism for compensating plaintiffs is superior to many thousands of separate determinations of damages" (Doc 6418, p. 29) is particularly supportive of the fairness of the proposed class action settlement from the perspective of the Guardian ad Litem for minors and incompetents.

***Rule 23(c)(2)(B) and (e) Notice Requirements.*** The notice requirements, as the Court has stated, are fully addressed and met. The Court has noted that it must direct notice "in a reasonable manner to all class members who would be bound by the [settlement] proposal." The appointment of a Guardian Ad Litem, while not its primary purpose, enhances meeting the already substantial notice giving mechanisms.

Notice will also be enhanced through the administrative claims process when there are indications in non-minor, non-incompetent claims that indicate that there are minors or incompetents who have related claims that are not filed and are apparent from related filed claims. Appropriate actions to have the minors or incompetents represented will be taken during the claims administration process. Again, the role of the Guardian ad Litem in connection with the claims administration process should enhance notice beyond that strictly required by law. See generally, 7AA Wright & Miller, Federal Practice & Procedure (Civil), Sec. 1788 (3d ed.);. 6A Wright & Miller, Federal Practice & Procedure (Civil), Sec. 1570 (3d ed.)

IN LIGHT OF THE REVIEW AND INVESTIGATION INDICATED ABOVE, THE GUARDIAN AD LITEM RESPECTFULLY RECOMMENDS to this Honorable Court that the proposed class action settlement, insofar as it affects the Economic Loss and Property Damages Settlement Agreement with respect to those class members who are minors, lack capacity, or are incompetent, in accordance with law and practically, is fair, reasonable and adequate.

Respectfully submitted,

*/s/ P. Raymond Lamonica*

P. Raymond Lamonica, Guardian Ad Litem
for the Economic Loss and Property
Damages Settlement Class Members who
are minors, lack capacity or are incompetent
Louisiana Bar No. 07944

Mailing address: 6434 Pikes Lane, Baton Rouge, LA 70808.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading will be served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing will be electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 3d day of October, 2012.

*/s/ PR Lamonica*