IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL No. 2179 |
|  | Section:  J |
| This document relates to: | Honorable Carl J. Barbier |
| All Actions, Including: | Magistrate Judge Shushan |
| Case No. 11-CV-3180 and 11-CV-2766, |  |

**REPLY MEMORANDUM IN RESPONSE TO STATE OF LOUISIANA'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE MEMORANDUM IN EXCESS OF TEN-PAGE LIMIT**

_____

On October 1, 2012, the undersigned filed a Motion for Leave to File a Memorandum in Excess of the Ten Page Limit in Response to Oppositions By State of Louisiana *et al*. to the Motion for Final Approval of Economic and Property Damages Class Settlement, together with a supporting Memorandum.  On October 4, 2012, the State of Louisiana ("Louisiana" or "State") filed an Opposition to plaintiffs' motion. This Reply Memorandum responds to the State's filing.

The State premises its Opposition on a simple misstatement of fact. In the second paragraph of its Opposition, the State writes: "Movers are class members; they are not named plaintiffs or class representatives in the class action." This is incorrect. Movers are, in fact, named plaintiffs in the *Deepwater Horizon* litigation as well as members of

the settlement class. They are the plaintiffs in *Thanh Hai, Inc., et al. v. BP American Production Company, et al.*, U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-03180 (OPA90 Complaint), and *Hong Van Truong, et al. v. BP American Production Company, et al.*, U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-02766 (Vessels of Opportunity Complaint). As such, they are entitled to participate in the proceedings relating to this Court's consideration of the proposed *Deepwater Horizon* Economic and Property Damages Settlement as set forth in this Court's Preliminary Approval Order dated May 2, 2012.

In fact, these plaintiffs' motion is merely to expand the number of pages in their Memorandum in Response to Oppositions By State of Louisiana *et al.* from 10 to 25 pages. Yet the goal of Louisiana's response is apparently to try to deny the *Thanh Hai* and *Hong Van Truong* plaintiffs any opportunity to be heard at all, no matter how valuable their input may be to the Court in assessing the fairness and adequacy of the proposed settlement. As noted, Louisiana's position is based on a misunderstanding of the *Thanh Hai* and *Hong Van Truong* plaintiffs' status in the *Deepwater Horizon* litigation.

The State goes on to argue that "Movers seek to enter duplicative evidence into the record." This contradicts the position that the State took in its Opposition to the proposed settlement. In its Opposition at pages 9-10, the State wrote:

> The only evidence offered by BP or the PSC relating to damages, both economic and environmental, consist of one-sided declarations from BP-hired witnesses. Without any unbiased information regarding the actual losses and the potential for future harm suffered by plaintiffs, it is

>impossible to evaluate the strength of their claims to determine whether the settlement is fair or reasonable.

So Louisiana first tells the Court that there is <u>no evidence</u> of plaintiffs' actual losses and the potential for future harm, other than that offered by BP. Then, when the *Thanh Hai* and *Hong Van Truong* plaintiffs offer to supply precisely the evidence that Louisiana asserted was lacking to support the settlement (see our Memorandum in Support of Motion at p. 2), the State objects that such evidence would be "duplicative." The State cannot have it both ways.

These plaintiffs' Response to Louisiana's Opposition to the settlement will be of great value to the Court because it will respond directly to Louisiana's criticisms of the settlement, beginning with the State's assertion that there is "[no] unbiased information regarding the actual losses and the potential for future harm suffered by plaintiffs." In fact, the *Thanh Hai* and *Hong Van Truong* plaintiffs are uniquely positioned to rebut that claim, because they played a leading role in developing damages models on behalf of shrimpers and other Seafood Compensation Plaintiffs.

These plaintiffs and their counsel worked closely with highly qualified expert witnesses to develop damages models supported by extensive data and analysis.  These models and supporting evidence were communicated to the Plaintiffs' Steering Committee, BP's counsel and court-appointed neutrals John Perry and Dan Balhoff. These damages models provided crucial support for key elements of the Economic and Property Damages Class Settlement. These experts included Jeffrey June (30 years experience analyzing impacts of oil spills on fisheries), William S. "Corky" Perret (Gulf

Coast fisheries research and management), Scott Porter (oyster biologist), Dr. Heather Reed (PhD finfish biologist), and Robert Mosher (Gulf Coast fisheries finance and accounting).

As will be detailed more fully in plaintiffs' forthcoming Response to the State's Opposition to the settlement, the work done by these experts supplied precisely the "unbiased information regarding the actual losses and the potential for future harm suffered by plaintiffs" that the State claims is missing to support the proposed settlement.

Further, in its Opposition to the proposed settlement at pages 18-19, Louisiana criticized the Seafood Compensation Cap and said it is "surprising that the PSC agreed to it." The *Thanh Hai* and *Hong Van Truong* plaintiffs' Response will respond directly to this criticism by explaining that, far from being prejudicial to seafood compensation claimants, the so-called "cap"—which can more accurately be characterized as a guarantee—is consistent with the efforts of plaintiffs' damages experts to assure that seafood compensation claimants will be adequately and fairly compensated not only for their losses incurred to date, but also for potential future losses.

In addition, in its Opposition at pages 21-25, Louisiana criticized the Risk Transfer Premiums that are one aspect of the proposed settlement. Louisiana asserts that the Risk Transfer Premiums are "convoluted" and benefit only BP, "by passing…risk onto the victims, who can least afford to bear it." Once again, the *Thanh Hai* and *Hong Van Truong* plaintiffs' Response will directly rebut these unfounded assertions by the State. These plaintiffs' Response will show that the Risk Transfer Premiums evolved out of work done by plaintiffs' experts, in particular Mr. Jeffrey June. Mr. June has studied past

oil spills and has scientifically analyzed the long-term business and biological risks that can flow from such spills. Applying historical data to the unique circumstances of the *Deepwater Horizon* spill, Mr. June quantified the risk of future damages to various fisheries (shrimp, oysters, etc.) and expressed that risk as a multiplier of past damages. Thus, as these plaintiffs' Response to the State's Opposition will show in detail, the Risk Transfer Premium is based in part on the work of plaintiffs' experts and does provide protection to members of the plaintiff class against the risk of future damages.

Thus, the State's Opposition is based on a series of factually incorrect assertions about the proposed settlement. Now, when these plaintiffs request adequate space to rebut its assertions, the State seeks to muzzle plaintiffs with the claim that their information is merely "duplicative," "collateral" and "a waste of the Court's time." On the contrary, these plaintiffs' Response to the State's Opposition will directly rebut the State's criticisms and will be of great value to the Court in evaluating the fairness and adequacy of the proposed class action settlement.

Finally, Louisiana suggests that "[g]ranting plaintiffs' Motion for Leave would be contrary to the Court's prior rulings," specifically the Court's denial of certain objectors' requests for additional discovery on the terms of the settlement. This argument can be disposed of quickly. There is no analogy between the present motion and those requests for additional discovery and, on the part of GO FISH, a motion to intervene. The *Thanh Hai* and *Hong Van Truong* plaintiffs are not seeking to intervene; they are already parties to the *Deepwater Horizon* litigation. Nor do they seek additional discovery. They merely intend to respond to false claims that the State has made against the adequacy of the

-5-

Economic and Property Damages Class Settlement, by submitting the same sorts of legal arguments and factual materials that the Objectors themselves, as well as BP and the PSC, have filed with the Court. Plaintiffs' participation entails no delay and will not complicate or deviate from the schedule for motion practice that the Court set out in its Order of May 2, 2012.

The *Thanh Hai* and *Hong Van Truong* plaintiffs are, they believe, the largest group of direct action plaintiffs in the *Deepwater Horizon* litigation. They have a strong interest in the Court's approval of what they consider to be a fair and adequate settlement (subject, of course, to the right to opt out). Thus far, the undersigned, working closely with the *Deepwater Horizon* Claims Facility, have submitted a total of 2,894 claims on behalf of the *Thanh Hai* and *Hong Van Truong* plaintiffs, of which 1,530 are for Seafood Compensation. These plaintiffs are deeply interested in the proposed settlement and have valuable information to contribute to the Court's review and evaluation of that proposed settlement. They therefore request the Court's permission to submit a brief of up to 25 pages in response to the State's Opposition to the proposed Economic and Property Damages Class Settlement.

                Respectfully submitted:

                By: */s/Stephen S. Kreller*_____
                THE KRELLER LAW FIRM
                Stephen Skelly Kreller (LA 28440)
                757 St. Charles Avenue, Suite 301
                New Orleans, Louisiana 70130
                T: (504) 484-3488
                F: (888) 294-6091
                E: ssk@krellerlaw.com

-7-

FAEGRE BAKER DANIELS, LLP
Gerard M. Nolting (admitted pro hac vice)
William L. Roberts (admitted pro hac vice)
Craig S. Coleman (admitted pro hac vice)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
T: (612) 766-7000
F: (612) 766-1600
E: gerry.nolting@faegrebd.com
E: william.roberts@faegrebd.com
E: craig.coleman@faegrebd.com

LANGSTON & LOTT, PA
Duncan Lott (admitted pro hac vice)
Casey L. Lott (admitted pro hac vice)
100 South Main Street
Booneville, MS 38829
T: (662) 728-9733
F: (662) 728-1992
E: clott@langstonlott.com

*Attorneys for Thanh Hai, Inc, et al. and Hong Van Truong, et al. Plaintiffs*

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and forgoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 1st day of October, 2012.

                                             */s/Stephen S. Kreller*_____
                                             Stephen S. Kreller

fb.us.9243563.01