## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010 | ) ) ) ) ) ) | MDL 2179<br><br>JUDGE BARBIER<br><br>SECTION "J" |
| This Document Relates To:<br>    Knotty Girl Fishing, L.L.C.  v.<br>    Worley Catastrophe Services, LLC<br>    And BP Exploration & Production,<br>    Inc., No. 11-0649 | ) ) ) ) ) ) | MAGISTRATE JUDGE SHUSHAN<br>MAG. DIV. 1 |

### BP'S  EX PARTE MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY

NOW INTO COURT, through undersigned counsel, comes BP Exploration and Production Inc., which respectfully moves this Honorable Court for leave to file the attached Supplemental Authority in Opposition to Plaintiff's Motion to Lift Stay.

Judge Ellison prominently cited and agreed with this Court's October 2010 ruling concerning the existence of Outer Continental Shelf jurisdiction in connection with *Deepwater Horizon* cases.  Plaintiff maintains that it should be allowed to immediately litigate the existence of jurisdiction over this case on the premise that if the Court delved into the Plaintiff's argument for a remand, it would quickly agree with Plaintiff's position and send this case back to state court.  The attached decision negates any such premise. Judge Ellison concluded that even state law securities claims were sufficiently related to the *Deepwater Horizon* Incident to fall within OCSLA jurisdiction and be removable.  The asserted economic duress claim here made in

connection with a release signed by the Plaintiff in the Gulf Coast Claims Facility process while seeking a recovery for tort claims for economic losses allegedly traceable to the oil spill is *even more closely connected* to that event than the securities cases Judge Ellison held removable.

BP stands by all of the reasons it gave in its opposition brief as to why lifting the stays should be denied here, but the attached decision underscores that adjudicating a remand motion is unlikely to produce an exit from this litigation for the Plaintiff. Indeed, even a summary disposition to find the presence of original and removal jurisdiction is fully warranted.

WHEREFORE, BP Defendants pray that this Court grant this Motion for Leave to File a Supplemental Authority in Opposition to Plaintiff's Motion to Lift Stay.

Date:  October 5, 2012                                   Respectfully submitted,

/s/ Don K. Haycraft
Don Haycraft (Bar #14361)
LISKOW & LEWIS
701 Poydras St., Suite 5000
New Orleans, LA 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
dkhaycraft@liskow.com

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois  60654
Telephone: (312) 862-2000

Jeffrey B. Clark
Dominic E. Draye
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

*Attorneys for BP Exploration and Production Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice in accordance with the procedures established in MDL 2179, on this 5th day of October, 2012.

/s/Don Haycraft