**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | |
| In Re: Oil Spill by the Oil Rig "Deepwater | * | **MDL NO. 2179** |
| Horizon" in the Gulf of Mexico, on April | * | |
| 20, 2010 | * | **SECTION J** |
| | * | |
| | * | **HONORABLE CARL J. BARBIER** |
| | * | |
| | * | **MAGISTRATE JUDGE SHUSHAN** |
| This document relates to: *All Cases* | * | |
| | * | |

## MOTION FOR LEAVE TO INTERVENE

NOW INTO COURT, come Full Scope Services, LLC ("Full Scope"), a corporation organized in the State of Georgia, who request that this Honorable Court grant leave to file a Complaint in Intervention under Federal Rule of Civil Procedure 24.  Full Scope moves to intervene into all cases of this consolidated multidistrict litigation for the purpose of protecting their rights and interests related to certain Claims upon the Settlement Fund, as explained more fully in the attached memorandum in support, and hereby represent as follows:

I.

Full Scope was retained under contract by Law Firms, Consulting Firms and Individual Claimants to provide assessment and evaluation services to claimants filing claims in the Gulf Coast Claims Fund ("GCCF"), Deepwater Horizon Court-Supervised Settlement Program ("Settlement Program"), or other related legal claims.  The Claimants upon whose settlements and pending actions Full Scope now intervenes are listed in Exhibit A, incorporated fully herein.

1

II.

Full Scope has fulfilled their obligations under the terms of the contracts with the Firms and Individual Claimants with extreme diligence.

III.

The Firms and Individual Claimants are obligated under the Terms of their contracts to pay Full Scope certain amounts promptly upon receipt of any settlement monies paid to Claimants for their claims.

IV.

Despite Full Scope's efforts to enforce the terms of the Contract, Full Scope has been unable to secure payment from Claimants and Firms.

V.

Full Scope has an interest in the property that is the subject of the Claimants' settlement claims—specifically, settlement funds to be paid to Claimants.  If payment of settlement funds is made directly to the Claimants, Full Scope will be materially prejudiced.

VI.

Full Scope files their Complaint For Intervention at this time because determinations of payments are presently being made under the Settlement Program, and Full Scope will be prejudiced if payments are made to Claimants prior to resolution of this intervention.

VII.

Pursuant to Local Rule 7.6, undersigned counsel requested consent by all parties to this motion for leave to intervene, through their liaison counsels.  Plaintiffs Liaison Counsel Stephen J. Herman does not object to this Motion.  Undersigned counsel has been unable to obtain the consent of Defense Liaison Counsel.

WHEREFORE, proposed intervenor Full Scope Services, LLC prays that this Court grant their Motion for Leave to Intervene and allow Full Scope's Complaint for Intervention to be filed and that:

a.      Claimants (named in Exhibit "A") be duly cited and served with a copy of the attached complaint in intervention;

b.      The Deepwater Horizon Court-Supervised Settlement Program be duly cited and served, through its Claims Administrator Patrick A. Juneau, with a copy of the complaint in intervention;

c.      That payment to Claimants be withheld pending resolution of this intervention; and

d.      After due proceedings had, there be judgment rendered herein in favor of intervenor Full Scope Services, LLC for all costs, expenses and for the cost of these proceedings.

Respectfully submitted,


/s/ Joseph M. Bruno
Joseph M. Bruno (#3604)
Daniel A. Meyer (#33278)
BRUNO & BRUNO, LLP
855 Baronne Street
New Orleans, LA 70115
Telephone: (504)-525-1335
Facsimile: (504)-581-1493
Email: jbruno@brunobrunolaw.com

## **CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served on all counsel of record via this Court's CM/ECF service, this October 9, 2012.

/s/ Joseph M. Bruno
JOSEPH M. BRUNO