UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>This Document Relates to:<br><br>*All Cases, 12-970* | MDL No. 2179<br><br>SECTION J<br><br>JUDGE BARBIER<br>MAGISTRATE SHUSHAN<br><br>**MEMORANDUM IN SUPPORT OF 795 OBJECTORS' OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION** |

**NOW INTO COURT** come Plaintiffs Prashiela Enterprises, LLC; Satya, Inc.; Impact Properties II, LLC; JJB Inc.; Radhey, Inc.; JMKVN, LLC; Anjani Hospitality, LLC; Sweta, Inc.; OVS Investment, Inc.; Sree, Inc.; MPJR, Inc.; Pine Inn, Inc.; Shivani, Inc.; Dhruv, LLC; Shri Sairang, Inc.; Mahalaxmi Enterprises, Inc.; Ashi Hotels, LLC; Gopal Govind Enterprises, LLC; Shanta, LLC; SSM Hospitality, LLC; the Seven-hundred-and-seventy-five (775) Objectors identified in the spreadsheet attached as Exhibits A and B to the *Consolidated Objections Of 795 Unnamed Class Members To Deepwater Horizon Settlement Agreement And Memorandum In Support Thereof*, [2-10-cv-07777-CJB-SS; D.E. 198-1, 198-2, 198-3], and pursuant to Rule 72 of the Federal Rules of Civil Procedure, through undersigned counsel OBJECTS to the Magistrate's Order denying their request for limited discovery pertaining to the fairness of the Deepwater Horizon Settlement Agreement and the putative class.

**I.      LEGAL STANDARD**

This appeal is governed by Fed.R.Civ.P. 72(a), which provides that the court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or

1

contrary to law." *Id*. " 'The 'clearly erroneous' standard applies to the factual components of the magistrate judge's decision." ' *Lahr v. Fulbright & Jaworski, L.L.P.*, 164 F.R.D. 204, 208 (N.D.Tex.1996) (Fitzwater, J.) (internal citations omitted).

The legal conclusions of the magistrate judge are reviewable de novo, and the district judge "reverses if the magistrate judge erred in some respect in her legal conclusions." *Id*. "[T]he abuse of discretion standard governs review of 'that vast area of ... choice that remains to the [magistrate judge] who has properly applied the law to fact findings that are not clearly erroneous." ' *Id.* (quoting Smith, 154 F.R.D. at 665) (alteration and ellipsis in original).

## II.   FACTUAL BACKGROUND

1. The 795 Objectors filed their Motion with the Court on September 11, 2012.

2. On September 11, 2012, Magistrate Judge Shushan ordered that BP and Class Counsel filed responses to a request for discovery lodged by a separate and unrelated objector, and set a briefing schedule for that filing.  Rec. Doc. 7366.

3. On September 12, 2012, undersigned counsel contacted Magistrate Judge Shushan and Class Counsel by letter requesting discovery of issues raised by the filing of certain expert reports on August 13, 2012.  Rec. Doc. 7393.

4. No response was received from Class Counsel or the Court.

5. On September 17, 2012, undersigned counsel, by letter, respectfully requested leave of the court to file a Reply in response to BP and Class Counsel's objections, as the 795 Objectors had received no response from the Magistrate Judge.  This request was not addressed by the Court.  Rec. Doc. 7422.

6.      On September 25, 2012, Magistrate Judge Shushan denied four separate requests for written discovery, including Objectors' request, finding that the request was not made in compliance with the Court's Order.  Rec. Doc. 7480.

## ARGUMENT

### A.     795 Objectors' Request for Discovery Are Timely

The Magistrate Judge concluded that the Objectors' requests for discovery were not timely since the Settlement Agreement was filed on April 18, 2012.  However, the 795 Objectors' request for discovery is based upon and targeted towards expert reports that BP and Class Counsel entered into the record only on August 13, 2012.  The specific statements, methodologies, and expert level claims regarding the terms of the Settlement Agreement did not exist in record fashion prior to August 13, 2012.  Thus, the 795 Objectors' Motion for Leave to take Limited Discovery, filed on September 11, 2012 – following correspondence requesting information from Class Counsel was timely.  The Magistrate Judge's ruling should be reversed under either a clear error or abuse of discretion standard.

### B.     The Requests are Not Overly Broad and the Court May Narrow the Discovery Sought.

The Magistrate Judge ruled that the 795 Objectors' discovery requests were overlybroad because discovery could not be completed before the November 8 fairness hearing.  The Objectors' respectfully submit that adopting such a standard would be unreasonable.  The Court should not refuse a legitimate and well founded request for discovery based upon the date currently set for the fairness hearing.  Indeed, the basis for the request for the discovery is that neither the District Court, nor the Objectors, nor their Attorneys have sufficient information in preparation for the fairness hearing.  Moreover, parties would be incentivized to withhold filing expert reports until a date too close to the fairness hearing to permit sufficient inquiry.

Second, the Objectors' requests are not overlybroad in relation to the expert reports submitted by BP and Class Counsel on August 13, 2012. The Objectors' sought discovery on topics no broader than the areas and specific points of evidence filed and lodged in the expert reports. To the extent that BP submits an expert to provide his opinion as to why the Economic Loss Zones are fair, the Objectors are entitled to discover the bases for that opinion. Here this would amount to the bases upon which the Economic Loss Zones were drawn. Moreover, the Court has the power and discretion to circumscribe the discovery that was sought to terms and parameters it believes appropriate. Indeed, the Objectors made known their willingness to accept more narrowly tailored discovery in its Motion for Leave to file a Reply to Class Counsel and BP's Opposition.

    **C.**    **The Finding that the Requests are Unnecessary Should be Reversed as an Abuse of Discretion.**

Objectors' respectfully submit that the Magistrate's conclusion that the discovery sought is unnecessary should be reversed. The Court has before it both a Settlement <u>and</u> a putative class action. The two are inextricably intertwined and the Objectors' request for discovery goes not only towards the "fairness" of the Settlement Agreement, but also towards the propriety of the putative class (which Objectors maintain fails to satisfy the requirements of the Federal Rules of Civil Procedure due to intra-class conflicts as set forth in *Consolidated Objections Of 795 Unnamed Class Members To Deepwater Horizon Settlement Agreement And Memorandum In Support Thereof*, 2-10-cv-07777-CJB-SS; D.E. 198-1, 198-2, 198-3).

The expert testimony submitted only on August 13, 2012 purports to provide the legal and factual foundation upon which the putative class will be certified and the Settlement Agreement entered. It is inappropriate to certify a class for settlement based upon expert testimony where there has been no examination of the reliability of the expert testimony offered

4

in support of certification.  *See e.g.*, *Behrend v. Comcast Corp.*, 655 F.3d 182, 200 (3d Cir. 2011), ***certiorari granted***, *Comcast Corp. v. Behrend*, NO. 11-864, 11A534, 2012 WL 113090, (U.S. Jun 25, 2012).

Here, there has been no scrutiny of fundamental claims and assertions which go directly not only to the fairness of the Settlement but also towards the propriety of class certification. Absent the limited discovery Objectors' seek, no one will have any ability to evaluate whether the frameworks established for compensation are fair or the compensation permitted is reasonable.

### III.   CONCLUSION

For these reasons, Objectors respectfully take objection to the Magistrate Judge's ruling denying its request for discovery.  Objectors request that the Court enter an Order permitting the requested discovery and that this Court vacate the Magistrate Judge's Order and permit written discovery related to the Settlement Agreement and the Putative Class Action.

Dated this 9th day of October, 2012.

                                        Respectfully Submitted,

                                        <u>/s/  Wesley J. Farrell, Esq.</u>

                                        Wesley J. Farrell, Esq.

                                        FLBN 71783
Farrell & Patel,
The Four Seasons Tower
1425 Brickell Ave., Suite 58C
Miami, FL  33131
Office: 305-798-4177
Fax: 1-800-946-6711

Sarah E. Spigener, Esq.
LABN 31975
Farrell & Patel,
1515 Poydras St., Suite 1400
New Orleans, LA 70112
Office: 504-233-8585
Fax: 504-264-5953

Terry A. C. Gray, Esq.
DC Bar No: 470579
Farrell & Patel,
1776 I Street, NW Suite 900
Washington, D.C. 20006
Office: 202.670.9757

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

.

/s/  Sarah E. Spigener, Esq.