UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | * * * * | MDL NO. 2179 |
| | * | SECTION J |
| Relates to: *All Cases* | * * | JUDGE BARBIER |
| | * | MAGISTRATE JUDGE SHUSHAN |

******************************************

### MEMORANDUM IN SUPPORT OF JOINT MOTION TO CLARIFY CURRENT HOLD-BACK ORDER CONCERNING REFUND OF TRANSITION PAYMENTS

Class Counsel and the BP Defendants respectfully request that the Court further clarify, in certain respects explained below, its January 18, 2012 Order (Rec. Doc. 5274), as amended on May 3, 2012 (Rec. Doc. 6428) (collectively, the "Current Hold-Back Order").[1]

A.   **BACKGROUND**

The May 3, 2012 Order makes clear that the Court-Supervised Settlement Program[2] will ***not operate using hold-backs***. By contrast, the March 8, 2012 Transition Order (Rec. Doc. 5988) and the January 18, 2012 Order effectively establish that (i) hold-back payments occurring as of or prior to 11:59 p.m. on February 26, 2012 will remain in the MDL 2179 Reserve Account ("Account"); and (ii) hold-back payments reached entirely outside of the Court-Supervised

---

[1]   The Court's original hold-back order was issued on December 28, 2011, and amended on January 4, 2012. *See* Order and Reasons dated December 28, 2011 (Rec. Doc. 5022), *as amended by* Order dated January 4, 2012 (Rec. Doc. 5064). Both of those prior Orders were amended and ***superseded*** by the January 18, 2012 Order (Rec. Doc. 5274).

[2]   Both the Economic and Property Damages Class Action Settlement (Rec. Doc. 6418) and the Medical Benefits Class Action Settlement (Rec. Doc. 6419) have been preliminarily approved.

Settlement Program *will continue to operate using a 6% hold-back*.[3]

The effect of the existing hold-back Orders necessarily means that hold-backs will continue to be applied to two categories of plaintiffs: (1) those who settled their claims as of or before 11:59 p.m. on February 26, 2012; and (2) those who settle their claims in the future but who choose to *opt out* of the Settlements or are simply *non-class members*. Hold-back amounts for these two types of claimants will continue to be kept in the MDL 2179 Reserve Account ("Account").

### B. RELIEF SOUGHT

In the wake of the May 3, 2012 Order, several issues still remain to be clarified. These issues relate to the "transition payments" made as part of the Transition Process after the Settlements were reached but before the Court Supervised Settlement Program commenced. *First*, the Court should clarify that all of the claimants who choose to remain as economic class members and who had received 60% transition payments (minus 6% hold-backs) will be entitled to a refund of those hold-backs from the Account. *Second*, the Court should clarify that such refunds will be treated as "transition payments" within the meaning of the Economic and Property Damages Class Action Settlement. *Finally*, the Court should authorize the Claims Administrator to work with Magistrate Judge Shushan on the administration of the amended Order and delegate to Magistrate Judge Shushan the ability to make all necessary and appropriate logistical arrangements that will allow the Claims Administrator to administer the payment of refunds from the Account.[4] Similarly, the January 18, 2012 Order directed Phil Garrett, CPA, to

---

[3] Claims brought by the States of Alabama and Louisiana are treated differently and subject to a 4% hold-back, with certain exceptions. *See* Order (Jan. 18, 2012). But the settlement of claims advanced by those States is not relevant to this Motion and so is not further discussed.

[4] Class Counsel and BP have discussed this proposal with Claims Administrator Juneau and can represent that he is willing to oversee the payment of refunds.

track holdback information and prepare periodic reports thereon. The Claims Administrator should be authorized to work with Mr. Garrett as well.

A form of Proposed Order accompanies this Motion. Further explanation concerning these requests and the relief requested in the Proposed Order is set out below.

### C.     REASONS TO GRANT THE REQUESTED RELIEF

The existing Orders are not explicit about the treatment of the 6% hold-back payments that BP initially withheld from the "transition payments" made to those who opted for a 60% payment on a Gulf Coast Claims Facility ("GCCF") offer. *See Deepwater Horizon* Economic and Property Damages Settlement Agreement, Rec. Doc. 6276-1 at ¶¶ 4.2.3.1, 4.2.3.2.[5] Class Counsel and BP request that the Claims Administrator of the Economic and Property Damages Class Action Settlement be permitted to refund the claimants of this type these hold-back payments, if they choose to remain in the class. Before the Claims Administrator is authorized to make such refunds, however, Class Counsel and BP desire to ensure that the reimbursements qualify as "transition payments" under the Transition Process within the meaning of the Economic Loss and Property Damages Class Action Settlement Agreement.

The relief sought here also concerns clarification of how to classify any hold-back amounts refunded to the relevant group of GCCF claimants. Because the funds were initially withheld from payments under the Transition Process (sometimes referred to as "transition payments"), the same characterization should apply to any refunds of these amounts. *See*, *e.g.*, *Deepwater Horizon* Economic and Property Damages Settlement Agreement, Rec. Doc. 6276-1

---

[5]   Claimants following this course can choose, if they enter the Court-Supervised Settlement Program (i.e., they choose not to opt out of the settlement class), to take either (a) the remaining 40% of their GCCF settlement offer; or (b) the difference between (i) the award offer made to them by the Court-Supervised Settlement Program and (ii) the 60% payment they have already received. *Id.*

at ¶¶ 4.2.5, 4.2.7, 38.130 (provisions referencing "transition payments"). This is inherent in the very concept of "holding back," since such a concept means that the money in question would otherwise have been paid out to the claimant and therefore clearly would have constituted transition payments under the Economic and Property Damages Settlement Agreement.

## CONCLUSION

Class Counsel and the BP Defendants respectfully request that the Court enter the Proposed Order (or an equivalent) to clarify the Current Hold-Back Order to provide that any refunds of 6% hold-back amounts BP makes to GCCF claimants who had opted for 60% transition payments and remain in the proposed economic settlement class will be treated as "transition payments" within the meaning of the Economic Loss and Property Damages Class Action Settlement Agreement. Additionally, the Claims Administrator, working with Magistrate Judge Shushan and Phil Garrett, CPA, should be granted the authority to draw the refunds from Account and direct them to the appropriate claimants.

Date: October 9, 2012                                     Respectfully submitted,

__/s/ Stephen J. Herman_____     ___/s/ James Parkerson Roy_____

Stephen J. Herman, La. Bar No. 23129            James Parkerson Roy, La. Bar No. 11511
HERMAN HERMAN KATZ & COTLAR       DOMENGEAUX WRIGHT ROY &
LLP                                                              EDWARDS LLC
820 O'Keefe Avenue                                    556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113                     Lafayette, Louisiana 70501
Telephone: (504) 581-4892                           Telephone: (337) 233-3033
Fax No. (504) 569-6024                                Fax No. (337) 233-2796

Interim Class Counsel/                                  Interim Class Counsel/
Plaintiffs Liaison Counsel                              Plaintiffs Liaison Counsel
MDL 2179                                                     MDL 2179

*PLAINTIFFS' STEERING COMMITTEE*
*And PROPOSED CLASS COUNSEL*
_____

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office:  (843) 216-9159
Telefax: (843) 216-9290


Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office:  (757) 670-3888
Telefax: (757) 670-3895

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
Office:  (985) 876-7595
Telefax: (985) 876-7594

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGÉ
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW & ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172

Mikal C. Watts (PSC)
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501

| | |
|---|---|
| Robert C. "Mike" Brock<br>Covington & Burling LLP<br>1201 Pennsylvania Avenue, NW<br>Washington, DC 20004-2401<br>Telephone:  (202) 662-5985 | /s/ Don K. Haycraft<br>Don K. Haycraft (Bar #14361)<br>R. Keith Jarrett (Bar #16984)<br>Liskow & Lewis<br>701 Poydras Street, Suite 5000<br>New Orleans, Louisiana  70139-5099<br>Telephone:  (504) 581-7979<br>Facsimile:  (504) 556-4108<br><br>Richard C. Godfrey, P.C.<br>J. Andrew Langan, P.C.<br>Wendy Bloom<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br><br>Jeffrey Bossert Clark<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 879-5000<br>Facsimile: (202) 879-5200 |

*Attorneys for BP Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 9th day of October 2012.

/s/ Don K. Haycraft
Don K. Haycraft