UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010, | MDL NO. 2179 |
| | This document relates to: |
| | Case No. 2:11-CV-03180 |
| THANH HAI, INC.; TONY NGUYEN; KHANG VAN DANG, and the more than 700 persons named herein, | -and- |
| | Case No. 2:11-CV-02766 |
| | |
| Plaintiffs, | SECTION:  J |
| vs. | |
| | Judge Barbier |
| | Magistrate Judge Shushan |
| BP AMERICA PRODUCTION COMPANY; BP EXPLORATION AND PRODUCTION, INC.; ANADARKO PETROLEUM CORPORATION; MOEX OFFSHORE 2007, LLC; MOEX USA CORPORATION; MITSUI OIL EXPLORATION CO., LTD.; TRANSOCEAN HOLDINGS LLC; TRITON ASSET LEASING GMBH; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN LTD.; CAMERON INTERNATIONAL CORPORATION F/K/A COOPER-CAMERON CORPORATION; HALLIBURTON ENERGY SERVICES, INC.; M-I, LLC, WEATHERFORD U.S. L.P., | |
| | |
| Defendants. | |

_____

**COMPLAINT FOR INTERVENTION**
_____


NOW INTO COURT, comes Stephen S. Kreller of The Kreller Law Firm, Gerard M.

Nolting, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly

Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA



(hereinafter referred to collectively as "Intervening Attorneys"), intervenors herein, who respectfully aver the following:

1.

Defendants-in-Intervention are Malcolm J. Assevado (DWH ClaimantID: 100000685), an individual residing in St. Bernard Parish, in the State of Louisiana, and Southern Foods Cajun Cuisine, Inc. (DWH ClaimantID: 100000527), a Louisiana corporation managed by Malcolm J. Assevado (hereinafter referred to collectively as "Malcolm Assevado").

2.

On April 6, 2011 Malcolm Assevado retained Intervening Attorneys with respect to claims for payment from the Gulf Coast Claims Facility at a cost-included contingency fee of 18 percent.  On July 29, 2011, Malcolm Assevado retained Intervening Attorneys to pursue claims for payment he was due under the Vessels of Opportunity (VoO) program, also at a cost-included contingency fee of 18 percent. On December 6, 2011, Malcolm Assevado retained Intervening Attorneys with respect to litigation relating to the Deepwater Horizon oil spill at a cost-included contingency fee of 25 percent.  Under the December 6, 2011 agreement, the fee would remain at 25 percent even if Malcolm Assevado elected to opt out of participation in the Seafood Compensation Program.

3.

Intervening Attorneys actively and aggressively pursued Malcolm Assevado's GCCF claims through Mr. Ken Feinberg and also aggressively pursued Malcolm Assevado's claims in the multi-district litigation (MDL).

4.

Intervening Attorneys dedicated a team of attorneys to work with Malcolm Assevado on these claims.   The attorneys personally investigated, documented, and handled Malcolm Assevado's claims and have corresponded with him on an ongoing basis. Intervening Attorneys had client interviews and meetings with Malcolm Assevado to fully investigate and document the GCCF and MDL claims.

5.

Intervening Attorneys hired and paid marine biologists tens of thousands of dollars to obtain, test, and document multiple samples of Malcolm Assevado's oyster reefs on or about May 3, 2011.

6.

Intervening Attorneys collected and analyzed all necessary business records related to Malcolm Assevado's claims.

7.

Intervening Attorneys hired experts, including National Resource Consultants, whose marine biologists testified in the Exxon Valdez litigation and have assessed biological and market damages caused by multiple oil spills.  Intervening Attorneys also hired Corky Perret, a forty-year veteran of the Mississippi Department of Marine Resources and an expert on Gulf fisheries.  The expert team prepared multiple reports presenting damage models designed to compensate commercial fishing businesses, like Malcolm Assevado, for the full range of biological and market impacts caused by the oil spills.  The damage models quantified ongoing and likely future damages through the use of risk multipliers.

3

8.

Intervening Attorneys met with Mr. Feinberg and GCCF multiple times in Washington, D.C. to negotiate with GCCF on behalf of Malcolm Assevado. This included a meeting in which Intervening Attorneys flew experts to Washington, D.C. to present their findings, including their expert reports and damage models, to Mr. Feinberg and GCCF.

9.

Intervening Attorneys prepared fully documented and detailed claims to GCCF for Malcolm Assevado. Those claims included extensive analysis of Malcolm Assevado's leaseholds and lost revenues caused by the oil spill, and were supported by expert reports including reports from one of the leading experts from the Exxon Valdez litigation and two oyster biologists. Intervening Attorneys paid for these experts and the reports.

10.

In conjunction with our experts, Intervening Attorneys developed damage methodologies for oyster leaseholders including the use of damage multipliers and reimbursement for property damage. These methodologies and concepts have been incorporated into the Seafood Compensation Program and are integral to the compensation that Malcolm Assevado will receive under the Settlement Agreement's oyster leasehold formulas.

11.

Intervening Attorneys represent Malcolm Assevado in the In Re Deepwater Horizon litigation on a direct action basis. Malcolm Assevado is a named plaintiff in a Vessels of Opportunity complaint filed on November 8, 2011, and we are counsel of record for him in that litigation. See Hong Van Truong, et al. v. BP American Production Company, et al.,

U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-02766.  Malcolm Assevado is

a named plaintiffs in an OPA 90 complaint filed on December 28, 2011, and we are counsel

of record for them in that litigation.  See Thanh Hai, Inc., et al. v. BP American Production

Company, et al., U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-03180.

12.

The GCCF claims and supporting documentation Intervening Attorney submitted for

Malcolm  Assevado  are  now  being  used  by  the  Seafood  Compensation  Program  to

compensate Malcolm Assevado.

13.

Intervening Attorneys extensively participated in settlement negotiations with the

Plaintiffs'  Steering  Committee  (PSC)  and  BP  regarding  compensation  for  oyster

leaseholders.  The efforts of Intervening Attorneys were directly responsible for doubling

the  amounts  that  Malcolm  Assevado  will  receive  through  the  Seafood  Compensation

Program.

14.

Additionally,  Intervening  Attorneys  extensively  participated  in  mediations  with

Special  Master  John  W.  Perry,  Jr.  and  Dan  J.  Balhoff  regarding  the  formulas  and

compensation available under the Seafood Compensation Program.

15.

Prior to and following the filing of the settlement agreement, Intervening Attorneys

have documented the claims of Malcolm Assevado to ensure collection of all information

necessary to obtain compensation under the Seafood Compensation Program.  Intervening

Attorneys calculated their claims under the settlement.

16.

In addition to meetings with our oyster-leasehold clients, Intervening Attorneys personally met with Malcolm Assevado to review the settlement terms with him and explain how much money he will receive under the settlement.

17.

Following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Malcolm Assevado sent correspondence to Intervening Attorneys stating his desire to dismiss their services without cause.

18.

The Court has now granted preliminary approval of the settlement and Seafood Compensation Program, including the compensation formulas through which Malcolm Assevado will seek payment.  Intervening Attorneys have done everything necessary to obtain settlements for Malcolm Assevado.  At this point, the only thing left to be done on behalf of Malcolm Assevado is filling out online forms with the information Intervening Attorneys have collected, generated, and reviewed with Malcolm Assevado.

19.

Defendant-in-Intervention, Malcolm Assevado is indebted unto Intervening Attorneys for the costs that Intervening Attorneys have expended on his behalf; he is also indebted unto Intervening Attorneys for legal fees for the prosecution of his claims, for the full amount of any legal fees obtained by any other attorneys pursuant to La. R.S. 37:218 and for any other fees as directed by this Honorable Court.

20.

Intervening Attorneys maintain they have been wrongfully discharged by Malcolm Assevado and maintain that Intervening Attorneys performed services on Malcolm Assevado's behalf which aided him in the prosecution of his claims.

**WHEREFORE**, Intervenors, Stephen S. Kreller of The Kreller Law Firm, Gerard M. Nolting, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, pray that a copy of this Complaint for Intervention be served upon Defendants in Intervention herein; that they be duly cited to appear and answer same and that, after all legal delays and due proceedings had, there be judgment herein in favor of Intervenors, Stephen S. Kreller of The Kreller Law Firm, Gerard M. Nolting, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, for all costs incurred by Intervenors in connection with the legal services rendered on behalf of Malcolm J. Assevado and Southern Foods Cajun Cuisine, Inc., and for legal fees incurred by Intervenors' representation of Defendants-in-Intervention, for the contingency fee as stated in the retainer agreement with Intervenors, which represents a reasonable value of Intervening Attorneys' services, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for any other fees as directed by the court, and for all general and equitable relief.

Dated: October 4, 2012

RESPECTFULLY SUBMITTED:

BY: */s/ Stephen S. Kreller*
THE KRELLER LAW FIRM

> Stephen S. Kreller (LA # 28440)
> 757 St. Charles Avenue, Suite 301
> New Orleans, LA  70130
> Telephone:  504-484-3488
> Facsimile:  888-294-6091
> Email:  ssk@krellerlaw.com

FAEGRE BAKER DANIELS LLP

> Gerard M. Nolting (admitted pro hac vice)
> William L. Roberts (admitted pro hac vice)
> Craig S. Coleman (admitted pro hac vice)
> 2200 Wells Fargo Center
> 90 South Seventh Street
> Minneapolis, MN  55402
> Telephone:  612-766-7000
> Facsimile:  612-766-1600

LANGSTON & LOTT, P.A.

> Duncan Lott (admitted pro hac vice)
> Casey L. Lott (admitted pro hac vice)
> 100 South Main Street
> Booneville, MS  38829
> Telephone:  662-728-9733
> Facsimile:  662-728-1992

> **ATTORNEYS FOR PLAINTIFFS IN
> INTERVENTION**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Complaint for Intervention has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 4th day of October, 2012.

*/s/ Stephen S. Kreller*