UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010

| | |
|---|---|
| Joshua Kritzer, et al. v. Transocean, Ltd., et al., ) | |
|     E.D. Louisiana, C.A. No. 2:10-4427 ) | MDL No. 2179 |
|     (S.D. Texas C.A. No. 4:10-1854) ) | |

## ORDER DENYING REMAND

**Before the Panel**: Pursuant to Rule 10.3, plaintiff Rhonda Burkeen moves for an order remanding this action (*Kritzer*) to the Southern District of Texas. Responding defendants oppose the motion.[1]

In arguing in support of remand, plaintiff contends, *inter alia*, that all pretrial proceedings with respect to *Kritzer* are complete. We are not persuaded by this argument. Plaintiff's motion for remand to state court remains pending, as does a Rule 12 motion filed by defendant Cameron International Corporation (Cameron). According to defendants, pretrial proceedings with respect to damages issues also are yet to be conducted.

We further note that plaintiff's wrongful death claims are part of the MDL not only by virtue of Section 1407 transfer of *Kritzer* to the MDL but also as a result of the claim-in-limitation that plaintiff filed in the limitation of liability action that was commenced by Transocean in the Southern District of Texas but subsequently transferred to the Eastern District of Louisiana for all purposes. Indeed, defendant Cameron argues, without contradiction, that under the injunction in place in the limitation proceeding, plaintiff cannot proceed in the transferor court (unless the injunction were lifted), even if the action were remanded. As both the limitation judge and the transferee judge, the Honorable Carl J. Barbier, is in the best position to assess the merits of Cameron's argument. We observe that even if no injunction were in place, remand at this juncture would appear likely to result in duplicative proceedings in two courts.

Finally, the record shows that Judge Barbier has not issued a suggestion of remand as to *Kritzer*. As Panel Rule 10.3(a) states, we are "reluctant to order remand absent the suggestion of the transferee judge." A party moving for remand without such a suggestion "bears a strong burden of persuasion." *In re Air Crash Disaster in Ionian Sea on Sept. 8, 1974*, 438 F. Supp. 932, 934 (J.P.M.L. 1977). We conclude that plaintiff has not met that burden here.

---

[1] Responding defendants are BP Exploration & Production Inc., BP Products North America Inc., BP Corporation North America Inc., Halliburton Energy Services, Inc., Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Drilling Inc., Transocean Deepwater Inc., and Cameron International Corporation.

- 2 -

IT IS THEREFORE ORDERED that the motion for Section 1407 remand of this action is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |