IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179 |
| | * | SECTION J |
| | * | |
| This document relates to all actions. | * * | |
| | * * | Honorable CARL J. BARBIER |
| | * * | |
| | * * | Magistrate Judge SHUSHAN |

| | | |
|---|---|---|
| Bon Secour Fisheries, Inc., *et al.*, individually and on behalf of themselves and all others similarly situated, | * * * | Civil Action No. 12-970 |
| | * * | SECTION J |
| Plaintiffs, | * * | |
| v. | * * | Honorable CARL J. BARBIER |
| | * * | |
| BP Exploration & Production Inc.; BP America Production Company; BP p.l.c., | * * * | Magistrate Judge SHUSHAN |
| Defendants. | * | |

**BP DEFENDANTS' MEMORANDUM IN OPPOSITION TO
GO FISH'S AND PRASHIELA'S OBJECTIONS TO MAGISTRATE JUDGE
<u>SHUSHAN'S ORDER DENYING INTERVENTION AND DISCOVERY</u>**

*COUNSEL FOR SUBMITTING PARTIES ARE LISTED AT END OF MEMORANDUM*

# **TABLE OF CONTENTS**

                                                 **Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT.........................................................................................................................1

I.      The Denial Of Both GO FISH's Intervention Motion And Prashiela's Discovery Request May Be Overturned Only If Clearly Erroneous Or Contrary To Law...................1

II.     Denying GO FISH Intervention Was Not Clearly Erroneous Or Contrary To Law. ..........2

        A.      GO FISH Failed To Satisfy The Standard For Intervention Under Rule 24. ..........2

              1.      GO FISH Did Not File A Timely Motion......................................................2

              2.      GO FISH Did Not Satisfy The Standard For Intervention Of Right. ..........3

              3.      GO FISH Did Not Satisfy The Standard For Permissive Intervention. .......................................................................................................5

        B.      GO FISH Lacks Standing. ........................................................................................6

              1.      GO FISH's Members Lack Standing To Sue In Their Own Right..............6

              2.      The Claim Asserted And The Relief Requested Require The Participation Of Individual Members In The Lawsuit. ..............................7

              3.      GO FISH's Own Alleged Interests Do Not Give Rise To Standing.............8

III.    Denying Prashiela Discovery Was Not Clearly Erroneous Or Contrary To Law. ..............8

        A.      Prashiela's Requests Were Untimely......................................................................8

        B.      Prashiela's Requests Were Overbroad...................................................................9

        C.      Prashiela's Requests Were Unnecessary. ............................................................10

CONCLUSION...................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*Altier v. Worley Catastrophe Response*,
   Nos. 11-241, 11-242, 2012 WL 161824 (E.D. La. Jan. 18, 2012) ...................................... 1, 3, 5

*Association of American Physicians & Surgeons, Inc. v. Texas Med. Bd.*,
   627 F.3d 547 (5th Cir. 2010) ................................................................................................ 8

*Behrend v. Comcast Corp.*,
   655 F.3d 182 (3d Cir. 2011) ................................................................................................ 10

*Bok v. Ackerman*,
   309 F. Supp. 710 (E.D. Pa. 1970) ........................................................................................ 9

*Brown v. Thompson*,
   430 F.2d 1214 (5th Cir. 1970) ............................................................................................. 2

*Bush v. Viterna*,
   740 F.2d 350 (5th Cir. 1983) ............................................................................................... 5

*Califano v. Yamasaki*,
   442 U.S. 682 (1979) ............................................................................................................ 5

*Coalition to Defend Affirmative Action, Integration, & Immigration Rights & Fight
   For Equality By Any Means Necessary (BAMN) v. Granholm*,
   240 F.R.D. 368 (E.D. Mich. 2006) ...................................................................................... 3

*Doe v. Glickman*,
   256 F.3d 371 (5th Cir. 2001) ............................................................................................... 5

*Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*,
   346 F.3d 552 (5th Cir. 2003) ............................................................................................... 3

*Friedman v. FDIC*,
   No. 93-0277,1994 WL 118357 (E.D. La. Mar. 29, 1994) ................................................... 3

*Geier v. Alexander*,
   801 F.2d 799 (6th Cir. 1986) ............................................................................................... 9

*Havens Realty Corp. v. Coleman,*
   455 U.S. 363 (1982) ............................................................................................................ 8

*Hunt v. Washington State Apple Adver. Comm'n*,
   432 U.S. 333 (1977) ......................................................................................................... 6, 8

*In re Corrugated Container Antitrust Litig.*,
   643 F.2d 195 (5th Cir. 1981)............................................................................................... 10

*In re Gen. Tire & Rubber Co. Sec. Litig.*,
   726 F.2d 1075 (6th Cir. 1984)............................................................................................. 10

*Kneeland v. NCAA*,
   806 F.2d 1285 (5th Cir. 1987)........................................................................................... 3, 6

*NAACP v. New York*,
   413 U.S. 345 (1973)............................................................................................................. 3

*Phillips v. Greben*,
   No. 04-5590, 2006 WL 3069475 (D.N.J. Oct. 27, 2006)..................................................... 2

*R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*,
   584 F.3d 1 (1st Cir. 2009) .................................................................................................... 3

*Saldano v. Roach*,
   363 F.3d 545 (5th Cir. 2004)................................................................................................ 5

*Sherman v. Harrah's New Orleans Casino*,
   No. 06-2379, 2008 WL 3914970 (E.D. La. Aug. 20, 2008) ................................................ 2

*Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*,
   546 F.3d 196 (2d Cir. 2008)............................................................................................... 10

*Unger v. Amedisys Inc.*,
   401 F.3d 316 (5th Cir. 2005).............................................................................................. 10

*Union Asset Mgmt. Holding A.G. v. Dell, Inc.*,
   669 F.3d 632 (5th Cir. 2012).............................................................................................. 10

*United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*,
   517 U.S. 544 (1996) ............................................................................................................ 7

*United States v. U.S. Gypsum Co.*,
   333 U.S. 364 (1948)............................................................................................................. 2

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) ........................................................................................................ 5

*WFK & Assocs., LLC v. Tangipahoa Parish*,
   No. 06-6684, 2007 WL 1537633 (E.D. La. May 23, 2007)................................................. 1

*Yelton v. PHI, Inc.*,
   --- F.R.D. ---, No. 09-3144, 2012 WL 2838421 (E.D. La. July 10, 2012)........................... 2

**STATUTES**

28 U.S.C. § 636(b)(1)(A) .................................................................................................. 1

**RULES**

EDLA Rule 72.1(A) .......................................................................................................... 1

Fed. R. Civ. P. 1 ................................................................................................................ 7

Fed. R. Civ. P. 23 ............................................................................................................ 10

Fed. R. Civ. P. 24 .............................................................................................................. 7

Fed. R. Civ. P. 24(a) ......................................................................................................... 2

Fed. R. Civ. P. 24(a)(1) ..................................................................................................... 4

Fed. R. Civ. P. 24(a)(2) .................................................................................................. 3, 7

Fed. R. Civ. P. 24(b) ......................................................................................................... 6

Fed. R. Civ. P. 24(b)(1) .................................................................................................. 2, 6

Fed. R. Civ. P. 24(b)(3) ..................................................................................................... 2

Fed. R. Civ. P. 72(a) ......................................................................................................... 1

Fed. R. Civ. P. 72(b) ......................................................................................................... 1

**OTHER AUTHORITIES**

Brief for Appellant,
  *Comcast Corp. v. Behrend*, No. 11-864 (S. Ct. Aug. 17, 2012) ................................ 10

**INTRODUCTION**

On September 25, 2012, Magistrate Judge Shushan entered an order that, *inter alia*, (1) denied GO FISH's motion to intervene as a defendant in the civil action *Bon Secour Fisheries, Inc. v. BP Exploration & Production Inc.*, No. 12-970 (E.D. La.), *see* Rec. Doc. 7314; and (2) denied a wide-ranging discovery request by Prashiela Enterprises, LLC, on behalf of itself and allegedly 795 other objectors (collectively, "Prashiela").  *See* Rec. Doc. 7480.  Both GO FISH and Prashiela have appealed the September 25 order to this Court.  *See* Rec. Doc. 7602; Rec. Doc. 7612.  Because neither objector has demonstrated that the order was clearly erroneous or contrary to law, the Court should overrule these objections.[1]

**ARGUMENT**

**I.    The Denial Of Both GO FISH's Intervention Motion And Prashiela's Discovery Request May Be Overturned Only If Clearly Erroneous Or Contrary To Law.**

A district court may overturn a magistrate judge's pre-trial ruling if the ruling is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Prashiela recognizes that this deferential standard applies to Judge Shushan's order denying discovery, *see* Rec. Doc. 7612-1 at 1-2, but GO FISH contends that Judge Shushan's order denying intervention was a "dispositive" order entitled to *de novo* review under Rule 72(b).  *See* Rec. Doc. 7602-1 at 1 n.1, 10.  Because an intervention motion is a classic pre-trial matter, GO FISH is mistaken.  *See, e.g.*, EDLA Rule 72.1(A); *Altier v. Worley Catastrophe Response*, Nos. 11-241, 11-242, 2012 WL 161824, at *6 (E.D. La. Jan. 18, 2012); *WFK & Assocs., LLC v. Tangipahoa Parish*, No. 06-6684, 2007 WL 1537633, at *1 (E.D. La. May 23, 2007).[2]  As a

---

[1] On October 10, 2012, the Court directed BP to respond to GO FISH's objections by October 15, 2012.  *See* Rec. Doc. 7614.  Because they object to the same order and present related issues, BP also responds to Prashiela here.

[2] For example, the Sierra Club's timely intervention motion into the U.S. case was handled and denied by Magistrate Judge Shushan, and her order was affirmed by this Court.  *See* Rec. Docs. 1115, 1132, 1314, 3450, 3474, and 5059.

1

result, the "decision must be affirmed unless 'on the entire evidence [the court] is left with a ***definite and firm conviction that a mistake has been committed***.'" *Yelton v. PHI, Inc.*, --- F.R.D. ---, No. 09-3144, 2012 WL 2838421, at *1 (E.D. La. July 10, 2012) (alteration in original) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364 (1948)). Barring "unusual and exceptional" circumstances, a magistrate judge's handling of a pre-trial dispute should be upheld. *See Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970).[3]

## II. Denying GO FISH Intervention Was Not Clearly Erroneous Or Contrary To Law.

GO FISH's motion to intervene was properly denied because it was not timely and did not otherwise satisfy Rule 24, and also because GO FISH lacks standing.[4]

### A. GO FISH Failed To Satisfy The Standard For Intervention Under Rule 24.

#### 1. GO FISH Did Not File A Timely Motion.

Whether a party seeks intervention of right or permissive intervention, it must file a timely motion. *See* Fed. R. Civ. P. 24(a) (requiring a "timely motion"); Fed. R. Civ. P. 24(b)(1) (same). A request for permissive intervention is held to an even higher standard, as the Court must determine whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

GO FISH's intervention motion — filed September 7, 2012 — was egregiously untimely.

---

[3] Affording deference to a magistrate judge's determinations is especially appropriate in proceedings such as these, where Judge Shushan has taken a direct and hands-on approach to managing the discovery process and has developed a strong knowledge of the facts and legal issues. *See, e.g.*, *Sherman v. Harrah's New Orleans Casino*, No. 06-2379, 2008 WL 3914970, at *3 (E.D. La. Aug. 20, 2008); *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *7 (D.N.J. Oct. 27, 2006).

[4] GO FISH insinuates that there was something improper in Judge Shushan's ruling on GO FISH's intervention motion before the motion was formally set for opposition and reply briefing. *See* Rec. Doc. 7602-1 at 1. Yet Judge Shushan recognized that the motion had not been so set, Rec. Doc. 7480 at 7 n.4, and obviously ruled upon the motion nonetheless in light of GO FISH's effective concession that the standing issues that BP raised in connection with GO FISH's discovery request applied to its intervention motion as well. *See* Rec. Doc. 7449 at 7 ("All of BP's arguments [as to GO FISH's lack of standing to take discovery] are addressed in GO FISH's application for intervention in this matter and those arguments need not be repeated here.") (citation omitted).

The amended *Bon Secour* complaint into which GO FISH sought to intervene is substantially similar to the Master B1 Complaint filed on December 15, **<u>2010</u>**, *see* Rec. Doc. 879. If GO FISH believed that its participation was necessary to protect the interests of commercial fisherman, it should have sought to intervene in December 2010, when the PSC (who would later become Class Counsel) first announced its intent to represent commercial fishermen. *See* Rec. Doc. 879 ¶ 26(a). And even if the Court were persuaded that GO FISH's need to intervene did not arise until the settlement was reached, intervention was not sought until nearly five months later.

GO FISH now persists in trying to disrupt a settlement less than a month before the fairness hearing and only a week before briefing as to the fairness of the settlement will be complete. Granting GO FISH's intervention motion would therefore "unduly delay or prejudice the adjudication of the original parties' rights." To allow GO FISH, "who failed to move to intervene earlier despite their knowledge of their purported interest in this litigation, to sidetrack this process and attempt to negotiate new terms when the settlement is nearly complete would be highly prejudicial to the parties by prolonging the lawsuit, increasing its cost and risking the annulment of a complex settlement agreement." *Altier*, 2012 WL 161824, at *9. GO FISH's lack of diligence was inexcusable, and intervention was properly denied for this reason alone.[5]

### 2.     GO FISH Did Not Satisfy The Standard For Intervention Of Right.

Rule 24(a)(2) permits intervention of right where a party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the

---

[5] *Id.* at *8-9 (finding a three-month delay inexcusable); *see also, e.g.*, *NAACP v. New York*, 413 U.S. 345, 367 (1973) (three months); *R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 8-9 (1st Cir. 2009) (two and a half months); *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 561 (5th Cir. 2003) (two and half months); *Kneeland v. NCAA*, 806 F.2d 1285, 1289 (5th Cir. 1987) (four months); *Coalition to Defend Affirmative Action, Integration, & Immigration Rights & Fight For Equality By Any Means Necessary (BAMN) v. Granholm*, 240 F.R.D. 368, 374 (E.D. Mich. 2006) (over one month); *Friedman v. FDIC*, No. 93-0277, 1994 WL 118357, at *1 (E.D. La. Mar. 29, 1994) (one year).

action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).[6]

### a. GO FISH Has No Interest Relating To The Subject Of The Action.

In seeking intervention, GO FISH contended that its members are "class members with a concrete interest in the fairness of the Proposed Settlement." Rec. Doc. 7314-1 at 5-6. But to begin with, GO FISH's members are not class members. Rather, GO FISH is a coalition of other organizations that are the ones with individual and business members. *See* Rec. Doc. 7480 at 7.

More significantly, even if GO FISH were able to represent the interests of the members of its member organizations under a sort of transitive-property argument not recognized in the law, GO FISH concedes that those individuals and businesses are members of the Economic and Property Damages Class that the Court has preliminarily and conditionally certified. Rec. Doc. 7314-1 at 6. As such, they as individuals are ***already parties to this action***. What GO FISH really is seeking is to insert itself as an organization into the action to represent a group of individuals and businesses that are already parties — in effect, to supplant Class Counsel. That itself is inappropriate enough, but GO FISH's approach becomes particularly untenable when it is understood that GO FISH wishes to intervene as a ***defendant*** (not as a plaintiff). Rec. Doc. 7314-3 (GO FISH's proposed ***answer*** to *Bon Secour* complaint, contending class is not certifiable). How GO FISH will represent these individuals and businesses while appearing on the opposite side of the litigation from them is anyone's guess.

While class actions represent "'an exception to the usual rule that litigation is conducted

---

[6] Rule 24(a)(1) also authorizes intervention where a party "is given an unconditional right to intervene by a federal statute," but GO FISH has never contended any such statute applies here or even exists. And as far as BP can determine, no such statute accords GO FISH any such right.

by and on behalf of the individual named parties only,'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (quotation omitted), no principle allows a trade group to declare itself the representative of alleged tort victims seeking damages, especially ones ***already present*** in a case. Rather, an interest supporting intervention must be "'direct, substantial, [and] legally protectable.'" *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (quoting *Doe v. Glickman*, 256 F.3d 371, 379 (5th Cir. 2001)) (alteration in original). GO FISH has no such interest of its own.

### b. Existing Parties Adequately Represent The Interests That GO FISH Seeks To Advance.

Intervention of right is unavailable where "existing parties adequately represent" the intervenor's interest. *See* Fed. R. Civ. P. 24(a)(2). In this case, the class is "represented by able counsel who have proven themselves competent, professionally responsible and capable of advising plaintiffs fully regarding the terms of the settlement agreement." *Altier*, 2012 WL 161824, at *12; *see also* Rec. Doc. 6418 at 28 (class counsel are "qualified" and "competent"). Because "tactical differences do not make inadequate the representation of those whose interests are identical," *Bush v. Viterna*, 740 F.2d 350, 358 (5th Cir. 1984), GO FISH's disagreement with Class Counsel about the fairness of the settlement does not authorize intervention. *See Altier*, 2012 WL 161824, at *12. Moreover, the individuals and businesses whom GO FISH seeks to represent — who are class members — may speak up on their own behalf. They may appear and object, or they may opt-out. That they predominantly have not done so, however, calls into question GO FISH's assertion that its interests are aligned with those of the class members.

### 3. GO FISH Did Not Satisfy The Standard For Permissive Intervention.

Rule 24(b)(2) authorizes permissive intervention if the movant "has a claim or defense

that shares with the main action a common question of law or fact."[7]  But GO FISH has no claims or defenses; only the members of its member organizations do.  Moreover, in considering a permissive intervention motion, the court may look to whether the intervenor's interests are represented by other parties, and whether intervention would delay the proceedings or prejudice the existing parties to the litigation.  *See Kneeland*, 806 F.2d at 1289.  But here, as discussed, both factors counsel against intervention.  Finally, even where all requirements are satisfied, whether to grant permissive intervention remains entirely within the Court's discretion.  *See id*.  Given this discretion, Judge Shushan's order was not clearly erroneous or contrary to law.

### B. GO FISH Lacks Standing.

Intervention also was properly denied for lack of standing.  As GO FISH recognizes, "'an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.'"  *Ass'n of Cmty. Orgs. for Reform Now v. Fowler*, 178 F.3d 350, 365 (5th Cir. 1999) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)).  GO FISH flunks two of these requirements.

#### 1. GO FISH's Members Lack Standing To Sue In Their Own Right.

GO FISH has not established that its members would have standing to sue in their own right.  GO FISH has never argued — and has certainly never demonstrated — that standing passed from individuals and businesses harmed by the spill, to GO FISH's member organizations, and then, to GO FISH.  While GO FISH has alluded to its "board members" who

---

[7] Rule 24(b)(1) also authorizes intervention where a party "is given a conditional right to intervene by a federal statute," but GO FISH has never contended that such a statute applies here or even exists.

guide the organization in a practical sense, they are not "members of the organization" in the sense that they are represented by GO FISH.  *See supra* Part II.A.2.a.  Rather, GO FISH represents its member organizations with the assistance of those board members.[8]

### 2. The Claim Asserted And The Relief Requested Require The Participation Of Individual Members In The Lawsuit.

Regardless of GO FISH's form, the most salient point is that no organization may represent its members in a suit for money damages.  *See United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 546 (1996).  In this regard, it is important to focus on the precise relief GO FISH seeks — to intervene into the *Bon Secour* civil action.  While GO FISH might wish to intervene into the "settlement," the law does not recognize such amorphous and narrowed intervention.  Rather, Rule 24 permits intervention into ***civil actions***.  *See* Fed. R. Civ. P. 1, 24(a)(2), 24(b)(2)  And the civil "action" into which GO FISH has sought to intervene is a damages action asserting claims under general maritime law and OPA.  *See* Rec. Doc. 6412 at 136 (demanding "economic and compensatory damages" and "punitive damages").

GO FISH argues that it seeks only "a legal ruling amending the class definition and establishing procedural due process." Rec. Doc. 7602-1 at 2.  But this argument falls flat; that GO FISH is asking for a Court order changing how damages are distributed does not change the fact that the relief requested by class members is damages.  The case thus bears no resemblance to *Association of American Physicians & Surgeons, Inc. v. Texas Med. Bd.*, 627 F.3d 547, 551

---

[8] GO FISH also suggests that Judge Shushan failed to consider the fact that these board members wished to intervene in their own right. Rec. Doc. 7602-1 at 7.  Putting aside the fact that these board members appear to already be members of the class and thus parties to the action, GO FISH essentially concedes that "in the press of time counsel failed to properly list the individuals in the prayer for relief."  *Id.* at 7 n.5.  It was surely not clear error for Judge Shushan to fail to order a form of relief that GO FISH never actually requested.

(5th Cir. 2010), where the plaintiff association sought only "declaratory and injunctive relief."[9]

### 3. GO FISH's Own Alleged Interests Do Not Give Rise To Standing.

Although it does not repeat the point in its objections, GO FISH contended that it "has its own identifiable injury in that it has devoted its time and resources to attempting to understand and improve the [Seafood Compensation Program]." Rec. Doc. 7314-1 at 6. But while an organization may have standing when its activities are "perceptibly impaired" because its resources are diverted to fighting a challenged practice, *see Havens Realty Corp. v. Coleman,* 455 U.S. 363, 379 (1982), GO FISH was formed in the aftermath of the spill to advocate commercial fishermen's interests. Doing so is its *raison d'être,* not a distraction. Moreover, GO FISH's argument would eviscerate *Hunt* and its progeny, as any organization lacking standing could claim to spend money and time to improve a class settlement. That argument *sub silentio* overrules the Supreme Court and the Fifth Circuit's standing decisions.

## III. Denying Prashiela Discovery Was Not Clearly Erroneous Or Contrary To Law.

Judge Shushan correctly determined that Prashiela's discovery requests should be denied because they were untimely, overbroad, and unnecessary.

### A. Prashiela's Requests Were Untimely.

Prashiela did not ask the Court to authorize discovery until September 11, 2012 — nearly five months since the settlement was filed into the record, *see* Rec. Doc. 6276, more than four months since the Court preliminarily approved the settlement, *see* Rec. Doc. 6418, and almost a month since BP and Class Counsel filed "voluminous evidence," Rec. Doc. 7358 at 3, in support of final approval. In response, Prashiela offers only its own say-so that its filing was timely.

---

[9] GO FISH also contends that the *Hunt* test "is a prudential consideration for the courts, not a constitutional requirement." Rec. Doc. 7602-1 at 3. Regardless of its provenance, *Hunt* is binding precedent. "Prudential" doctrines are not synonymous with unfettered application of judicial discretion in violation of precedent.

Such an assertion fails to demonstrate that Judge Shushan's ruling was "clearly erroneous" or "contrary to law." In fact, if Prashiela had legitimate discovery requests, it should have served them in late April, or certainly by May, not five months later, with the Fairness Hearing approaching and when there is insufficient time to engage in the requested discovery.

### B. Prashiela's Requests Were Overbroad.

In requesting discovery, Prashiela demanded twelve categories of exceptionally broad information. *See* Rec. Doc. 7411-1. Judge Shushan appropriately concluded that — even if she had authorized discovery nearly three weeks ago — the discovery "could not be completed before the November 8 fairness hearing." Rec. Doc. 7480 at 5. Prashiela now contends that it is "unreasonable" to "refuse a legitimate and well founded request for discovery based upon the date currently set for the fairness hearing." Rec. Doc. 7612-1 at 3. But a "clearly erroneous" standard does not permit Prashiela to overturn any discovery ruling it dislikes. Moreover, the law is clear that a discovery request should be denied when it is so broad and so late that it cannot be completed prior to the fairness hearing. *See, e.g.*, *Bok v. Ackerman*, 309 F. Supp. 710, 715 (E.D. Pa. 1970) (objecting counsel lacked "that diligence of purpose which I would require at the eleventh hour plus to hold up a multimillion dollar settlement, arrived at only after arduous and painful arms-length negotiation"); *see also Geier v. Alexander*, 801 F.2d 799, 809 (6th Cir. 1986) ("Although the parties reaching the settlement have the obligation to support their conclusion to the satisfaction of the District Court, once they have done so, they are not under any recurring obligation to take up their burden again and again *ad infinitum* unless the objectors have made a clear and specific showing that vital material was ignored by the District Court.").

Second, Prashiela contends that its requests are "no broader than the areas and specific points of evidence filed and lodged in the expert reports" submitted by BP and Class Counsel. Rec. Doc. 7612-1 at 4. Yet objectors are not entitled to discovery of every point that the parties

9

make in support of settlement; evaluation of a settlement agreement is not a trial on the merits. *See, e.g.*, *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 641 (5th Cir. 2012). Rather, discovery must be required to support an objection made by a class member with standing and when the record is inadequate. *See In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n.6 (6th Cir. 1984). And discovery of settlement negotiations is even more improper, as it requires a threshold showing of collusion that has not been made here. *See, e.g., In re Corrugated Container Antitrust Litig.*, 643 F.2d 195, 210 n.23 (5th Cir. 1981).

### C. Prashiela's Requests Were Unnecessary.

Finally, Prashiela contends that Judge Shushan erred in concluding that the discovery was unnecessary, as it wished to take discovery regarding the "reliability of the expert testimony offered in support of class certification." Rec. Doc. 7612-1 at 4-5.[10] But like a Court's determination that a settlement agreement is fair, a court's determination that a class is properly certifiable should not devolve into a trial on the merits. *See, e.g.*, *Unger v. Amedisys Inc.*, 401 F.3d 316, 321 (5th Cir. 2005). District courts thus have "ample discretion to limit discovery and the extent of the hearing on Rule 23 issues." *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 204 (2d Cir. 2008) (quotation omitted). Judge Shushan's exercise of this "ample discretion" was not clearly erroneous or contrary to law.

### CONCLUSION

The objections submitted by GO FISH and Prashiela should be overruled. Judge Shushan made no error, much less a clear one. Her order of September 25, 2012, should be affirmed.

---

[10] At no point prior to September 25 did Prashiela submit a non-overbroad discovery request, targeted at expert testimony submitted in support of class certification, supported by *Behrend v. Comcast Corp.*, 655 F.3d 182, 200 (3d Cir. 2011), *cert. granted* (June 25, 2012). Moreover, the case is distinguishable because its holding is antitrust-specific and did not involve a settlement class. *See* Appellant's Br., 2012 WL 3613365, at *12 (Aug. 17, 2012).

October 15, 2012                    Respectfully submitted,

James J. Neath                       /s/ Richard C. Godfrey, P.C
Mark Holstein                       Richard C. Godfrey, P.C.
BP AMERICA INC.
501 Westlake Park Boulevard         J. Andrew Langan, P.C.
Houston, TX  77079                  Wendy L. Bloom
Telephone:  (281) 366-2000          Andrew B. Bloomer, P.C.
Telefax:  (312) 862-2200            Timothy A. Duffy, P.C.
                                    R. Chris Heck
Daniel A. Cantor                    Christopher J. Esbrook
Andrew T. Karron                    Catherine L. Fitzpatrick
Ellen K. Reisman                    KIRKLAND & ELLIS LLP
Matthew J. Douglas                  300 North LaSalle Street
ARNOLD & PORTER LLP                 Chicago, IL 60654
555 Twelfth Street, NW              Telephone:  (312) 862-2000
Washington, DC 20004                Telefax:  (312) 862-2200
Telephone:  (202) 942-5000
Telefax:  (202) 942-5999            Jeffrey Bossert Clark
                                    Steven A. Myers
Jeffrey Lennard                     KIRKLAND & ELLIS LLP
Keith Moskowitz                     655 Fifteenth Street, N.W.
SNR DENTON                          Washington, D.C. 20005
233 South Wacker Drive              Telephone:  (202) 879-5000
Suite 7800                          Telefax:  (202) 879-5200
Chicago, IL  60606
Telephone:  (312) 876-8000           /s/ Don K. Haycraft
Telefax:  (312) 876-7934            Don K. Haycraft (Bar #14361)
                                    R. Keith Jarrett (Bar #16984)
***OF COUNSEL***                    LISKOW & LEWIS
                                    701 Poydras Street, Suite 5000
                                    New Orleans, Louisiana 70139
                                    Telephone:  (504) 581-7979
                                    Telefax:  (504) 556-4108

                                    Robert C. "Mike" Brock
                                    COVINGTON & BURLING LLP
                                    1201 Pennsylvania Avenue, NW
                                    Washington, DC 20004
                                    Telephone:  (202) 662-5985
                                    Telefax:  (202) 662-6291


***ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY***

**CERTIFICATE OF SERVICE**

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 15th day of October 2012.

      /s/ Don K. Haycraft  
      Don K. Haycraft