UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>2:12-cv-1045-CJB-JCW<br>2:12-cv-1533-CJB-SS<br>2:12-cv-1716-CJB-SS | MDL No. 2179<br><br>SECTION: J<br><br>Judge Barbier<br>Mag. Judge Wilkinson<br>Mag. Judge Shushan |

**DEFENDANT O'BRIEN'S RESPONSE MANAGEMENT INC.'S MOTION TO RECONSIDER THE COURT'S OCTOBER 10, 2012 ORDER GRANTING PLAINTIFFS' MOTION FOR EQUITABLE TOLLING**

Defendant O'Brien's Response Management Inc. ("O'Brien's") respectfully moves this Court for reconsideration of its October 10, 2012 Order (Dkt. No. 7617)[1] granting Plaintiffs' Motion For Equitable Tolling (Dkt. No. 7518) (filed September 28, 2012) ("Plaintiffs' Motion"). Plaintiffs have objected to the relief sought in this motion.

**BACKGROUND**

On October 1, 2012, the Court continued Plaintiffs' Motion "until further notice" and instructed counsel that "[n]o responses to the motions are due until two weeks before the hearing date set by the Court." (Dkt No. 7521.)

On October 10, 2012, without providing O'Brien's any prior notice or opportunity to respond, the Court granted Plaintiffs' Motion, tolling the statute of limitations in the *Prejean*

---

[1] All references to docket filings, unless indicated otherwise, are to the docket in *In re Oil Spill*, MDL No. 2179-CJB-JCW-SS (E.D. La.).

action[2] from July 18, 2012, "until notice issues or the Court otherwise orders," and tolling the statute of limitations in *Himmerite* and *Singleton*[3] from the dates the complaints in those actions were filed "until notice issues or the Court otherwise orders." (Dkt No. 7617).

## APPLICABLE LEGAL STANDARD

The Federal Rules of Civil Procedure provide that any party may file a motion to alter or amend a judgment within 28 business days after its entry. Fed. R. Civ. P. 59(e).[4] Under Rule 59, a district court enjoys considerable discretion in granting or denying such a motion. *Crappell v. Boh Bros. Constr. Co.*, Nos. 06-1315, 06-1994, 2006 WL 3772229, at *2 (E.D. La. Dec. 19, 2006).

## O'BRIEN'S WAS MANIFESTLY AND UNJUSTLY INJURED BECAUSE IT WAS NOT PROVIDED WITH AN OPPORTUNITY TO RESPOND TO PLAINTIFFS' MOTION

The question to be decided in this motion is whether the Court should reconsider its ruling granting Plaintiffs' Motion to prevent "manifest errors of law or facts." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).[5] In a motion for reconsideration, the district court is tasked with striking a proper balance between "(1) the need to bring litigation to

---

[2] *Prejean v. O'Brien's Response Management Inc.*, No. 12-cv-1045 (E.D. La.), consolidated in *In re Oil Spill*, MDL No. 2179-CJB-JCW-SS (E.D. La.).

[3] *Himmerite v. O'Brien's Response Management Inc.*, No. 12-cv-1533 (E.D. La.) & *Singleton v. O'Brien's Response Management Inc.*, No. 12-cv-1716 (E.D. La.) consolidated in *In re Oil Spill*, MDL No. 2179-CJB-JCW-SS (E.D. La.).

[4] Immediately after the Court issued this order granting Plaintiffs' Motion, O'Brien's counsel contacted the Court's clerk by telephone, informing the Clerk that O'Brien's had not had a chance to put in an opposition to Plaintiffs' Motion. In response, the Clerk directed O'Brien's to file a motion for reconsideration of the Court's order, to which he suggested that O'Brien's attach its brief in opposition to Plaintiffs' Motion. Accordingly, O'Brien's is concurrently filing its Memorandum of Law in Opposition to Plaintiffs' Motion for Equitable Tolling.

[5] A Court may grant a Rule 59 motion for reconsideration or to alter or amend the judgment when: (1) an intervening change in the controlling law has occurred, (2) evidence not previously available becomes available, or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *Crappell v. Boh Bros. Constr. Co.*, 2006 WL 3772229, at *2.

an end; and (2) the need to render just decisions on the basis of all the facts." *Id*. at 479.  Here, this Court's decision to toll the statute of limitations was rendered without a full exposition of the relevant facts and law.  O'Brien's was manifestly and unjustly injured because the ruling was rendered based on Plaintiffs' account of the facts and law, and O'Brien's was not provided with an opportunity to respond to Plaintiffs' Motion.  Case law is clear that motions for reconsideration are granted, where, as here, a party has not had an opportunity to respond.  *See, e.g.*, *Valles v. Frazier*, No. SA-08-CA-501-XR, 2009 WL 4639679, at *1 (W.D. Tex. Nov. 30, 2009) (granting motion for reconsideration "to prevent manifest injustice to a party who . . . had no opportunity to respond"); *Gresham v. City of Atlanta*, No. 10-CV-1301-RWS, 2012 WL 1600439, at *3 (N.D. Ga. May 7, 2012) (granting motion for reconsideration because plaintiff "had no opportunity to respond to Defendants' objections to the Report and Recommendation"); *Hollowell v. Kaiser Aluminum & Chem. Corp.*, No. Civ. A. 04-0010, 2004 WL 1171235, at *3 (E.D. La. May 25, 2004) (vacating judgment dismissing action where plaintiffs did not have actual notice of defendant's motion for summary judgment and thus could not respond).

## CONCLUSION

Based on the foregoing, this Court should reconsider its October 10, 2012 Order on Plaintiffs' Motion, and refuse to toll the statute of limitations, or provide the alternative relief as requested in O'Brien's Response Management Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion for Equitable Tolling.

Respectfully submitted, this 17th day of October, 2012.

        */s/Keith M. Pyburn, Jr.*
KEITH M. PYBURN, JR.
Louisiana Bar No. 10914
LARRY SOROHAN
Louisiana Bar No. 26120

**FISHER & PHILLIPS LLP**
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: kpyburn@laborlawyers.com
        lsorohan@laborlawyers.com

JEFFREY S. KLEIN
ALLAN DINKOFF
JONATHAN SOKOTCH
ARYEH ZUBER

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: jeffrey.klein@weil.com
       allan.dinkoff@weil.com
       jonathan.sokotch@weil.com
       aryeh.zuber@weil.com

**Attorneys for Defendant O'Brien's Response Management Inc.**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Defendant O'Brien's Response Management Inc.'s Motion for Reconsideration has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of October, 2012.

                                        */s/Keith M. Pyburn, Jr.*
                                        KEITH M. PYBURN, JR.