UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010<br><br>This Document Relates to:<br><br>2:12-cv-1045-CJB-JCW<br>2:12-cv-1533-CJB-SS<br>2:12-cv-1716-CJB-SS | MDL No. 2179<br><br><br>SECTION: J<br><br><br>Judge Barbier<br>Mag. Judge Wilkinson<br>Mag. Judge Shushan |

**DEFENDANT O'BRIEN'S RESPONSE MANAGEMENT INC.'s
MEMORANDUM OF LAW IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR EQUITABLE TOLLING</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................1

PROCEDURAL BACKGROUND..........................................................................................2

ARGUMENT ...........................................................................................................................3

I.      Binding and Persuasive Authority From This Circuit Prohibits Tolling During Consideration of a Conditional Certification Motion .........................................................3

II.     Plaintiffs Provide None of the Required Showing of "Rare and Exceptional" Circumstances to Justify Tolling Here...................................................................................6

III.    Plaintiffs' Cases Allegedly Supporting Tolling Are Completely Inapposite and Outside the Fifth Circuit ....................................................................................................6

IV.    Contrary to Plaintiffs' Misrepresentations the Fifth Circuit Does Not Apply the *Landis* "Even Balance" Factors to Equitable Tolling..........................................................7

V.     Equitable Tolling is Only Granted Where Plaintiffs Diligently Pursue Their Claims, And Plaintiffs Here Have Not Diligently Pursued Their Claims .........................9

VI.    Plaintiffs Cannot Blame Their Delay and Inability to Timely File Consents On O'Brien's...........................................................................................................................10

VII.   Defendants Will Be Prejudiced By Equitable Tolling.....................................................13

VIII.  In the Alternative, Equitable Tolling Should be Granted Only From Plaintiffs' Motion for Tolling Through the Court's Ruling on Conditional Certification.................14

CONCLUSION.......................................................................................................................15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*Adams v. Inter-Con Sec. Sys., Inc.*,
   242 F.R.D. 530 (N.D. Ca. 2007) .................................................................................11, 12, 14

*Adams v. Tyson Foods*,
   No. 07-cv-4019, 2007 WL 1539325 (W.D. Ark. May 25, 2007) ........................................8, 14

*Atkins v. Gen. Motors Corp.*,
   701 F.2d 1124 (5th Cir. 1983) ...............................................................................................4

*Baldozier v. Am. Family Mutual Ins. Co.*,
   375 F. Supp. 2d 1089 (D. Co. 2005) ....................................................................................12

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
   No. 06-0715 SC, 2007 WL 707475 (N.D. Cal. Mar. 6, 2007) ...............................................10

*Cajun Offshore Charters, L.L.C. v. BP, PLC*,
   No. 10-1341, 2010 WL 2160292 (E.D. La. May 25, 2010) .....................................................7

*Caldwell v. Dretke*,
   429 F.3d 521 (5th Cir. 2005) .................................................................................................5

*Castillo v. Hernandez*,
   No. EP-10-cv-247-KC, 2010 WL 4595811 (W.D. Tex. Nov. 4, 2010) ...................................9

*Castle v. Wells Fargo Fin., Inc.*,
   No. C 06-4347 SI, 2007 WL 1105118 (N.D. Ca. 2007) ..........................................................8

*Davis v. Johnson*,
   158 F.3d 806 (5th Cir. 1998) .................................................................................................5

*Faison v. Tex. EZPawn, L.P.*,
   No. G-07-067, 2007 WL 1481047 (S.D. Tex. May 21, 2007) ................................................7

*Grayson v. K Mart Corp.*,
   79 F.3d 1086 (11th Cir. 1996) .........................................................................................4, 13

*Hasken v. City of Louisville*,
   234 F. Supp. 2d 688 (W.D. Ky. 2002) ..................................................................................13

*Himmerite v. O'Brien's Response Management Inc.*,
   No. 12-cv-1533 (E.D. La.) .................................................................................1, 2, 3, 9, 14

ii

Page(s)

*Hoffmann-La Roche v. Sperling,*
    493 U.S. 165 (1989)...................................................................................................11

*In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.,*
    No. 03 MD 1529 (LMM), 2005 WL 1278544 (S.D.N.Y. May 31, 2005)...............................6

*Irwin v. Dep't of Veterans Affairs,*
    498 U.S. 89 (1990)...................................................................................................4, 5

*Johnson v. Big Lots Stores, Inc.,*
    No. 04–cv-03201 (E.D. La. July 24, 2008)..............................................................7

*LaChapelle v. Owens-Illinois, Inc.,*
    513 F.2d 286 (5th Cir. 1975) .........................................................................3, 13

*LaFleur v. Dollar Tree Stores, Inc.,*
    No. 12-cv-00363, 2012 WL 4739534 (E.D. Va. Oct. 2, 2012)...................................5, 6, 8, 10

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .......................................................................7, 8

*Lee v. ABC Carpet & Home,*
    236 F.R.D. 193 (S.D.N.Y. 2006) ...............................................................................10

*Madrigal v. Green Giant Co.,*
    No. C-78-157, 1981 WL 2331 (E.D. Wash. July 27, 1981) ....................................6

*McKnight v. D. Houston, Inc.,*
    756 F. Supp. 2d 794 (S.D. Tex. 2010) ...................................................................4

*Montelongo v. Housing Authority of the City of El Paso,*
    No. EP-09-cv-388-KC, 2010 WL 3239235 (W.D. Tex. Aug. 13, 2010).............................3, 9

*Myers v. Copper Cellar Corp.,*
    No. 95-cv-541, 1996 WL 766505 (E.D. Tenn. Sept. 27, 1996)................................6

*Noble v. Serco, Inc.,*
    No. 08-76-DCR, 2009 WL 3254143 (E.D. Ky. Oct. 7, 2009)................................4, 6

*Owens v. Bethlehem Mines Corp.,*
    630 F. Supp. 309 (S.D.W.Va. 1986)...................................................................7, 13

*Pace v. DiGuglielmo,*
    544 U.S. 408 (2005)...............................................................................................5

*Pacheco v. Rice,*
    966 F.2d 904 (5th Cir. 1992) ...............................................................................5, 9

iii

Page(s)

*Partlow v. Jewish Orphans' Home of S. Cal., Inc.*,
645 F.2d 757 (9th Cir. 1981) ........................................................................8, 12, 13

*Prejean v. O'Brien's Response Management Inc.*,
No. 12-cv-1045 (E.D. La.) ............................................................................1, 2, 3, 10, 11

*Quintanilla v. A & R Demolition, Inc.*,
No. H-04-1965, 2006 WL 1663739 (S.D. Tex. June 13, 2006)...................................4

*Sims v. Housing Authority of the City of El Paso*,
No. EP–10–CV–109–KC, 2010 WL 3221790 (W.D. Tex. Aug. 13, 2010) ............................4

*Singleton v. O'Brien's Response Management Inc.*,
No. 12-cv-1716 (E.D. La.) ............................................................1, 2, 3, 8, 9, 14

*Smith v. BNSF R. Co.*,
246 F.R.D. 652 (D. Kan. 2007)........................................................................13

*Smith v. Heartland Auto. Servs., Inc.*,
404 F. Supp. 2d 1144 (D. Minn. 2005)..............................................................7

*Sperling v. Hoffman-La Roche, Inc.*,
118 F.R.D. 392 (D.N.J. 1988) ......................................................................6

*Stoll v. Runyon*,
165 F.3d 1238 (9th Cir. 1999) ....................................................................10

*Teemac v. Henderson*,
298 F.3d 452 (5th Cir. 2002) ......................................................................5

*Vogt v. Tex. Instruments Inc.*,
No. 05-CV-2244, 2006 WL 4660133 (N.D. Tex. Aug. 8, 2006)...........................11

*Wedgeworth v. Fibreboard Corp.*,
706 F.2d 541 (5th Cir. 1983) ......................................................................7, 8

*Wickware v. Thaler*,
404 F. App'x 856 (5th Cir. 2010)..................................................................9

**STATUTES**

29 U.S.C. § 216(b) ........................................................................................11, 13

29 U.S.C. § 256..............................................................................................3, 4, 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 ........................................................................................3

Defendant O'Brien's Response Management Inc. ("O'Brien's") respectfully submits this Memorandum of Law in Opposition to Plaintiffs' Motion for Equitable Tolling (Dkt. No. 7518)[1] ("Plaintiffs' Motion" or "Pl. Mot.").

## PRELIMINARY STATEMENT

After neglecting their claims for years, Plaintiffs now run up against the Fair Labor Standards Act's ("FLSA") two-year statute of limitations.  Plaintiffs attempt to blame the passage of the statute of limitations period on the operation of several pre-trial orders in the MDL and on O'Brien's manner of responding to Plaintiff's First Set of Discovery Requests.  But it is Plaintiffs' own delay that has placed them in this predicament.  Plaintiffs filed their complaints in the *Prejean*, *Himmerite* and *Singleton* cases[2]—each a putative FLSA collective action relating to work on the Deepwater Horizon ("DPH") spill clean-up—more than two years after the DPH spill.  The Plaintiff in the *Prejean* action, then waited nearly three months after the filing of his complaint to file a motion for conditional certification, and then served his first set of discovery requests more than one month after that.  Plaintiffs have yet to file motions for conditional certification or serve discovery requests in the *Himmerite* or *Singleton* actions.

Under the clear case law of this Circuit, Plaintiffs that delay in filing an FLSA collective action lawsuit or that fail to diligently pursue their claims—as Plaintiffs fail here—cannot be afforded the extraordinary relief of tolling, which is very rarely granted in this Circuit.  The relief that Plaintiffs requested and that this Court ordered on October 10, 2012 (the "Tolling

---

[1] All references to docket filings, unless indicated otherwise, are to the docket in *In re Oil Spill*, MDL No. 2179-CJB-JCW-SS (E.D. La.).

[2] *Prejean v. O'Brien's Response Management Inc.*, No. 12-cv-1045 (E.D. La.) ("Prejean"); *Himmerite v. O'Brien's Response Management Inc.*, No. 12-cv-1533 (E.D. La.) ("Himmerite"); *Singleton v. O'Brien's Response Management Inc.*, No. 12-cv-1716 (E.D. La.) ("Singleton"), all consolidated in *In re Oil Spill*, MDL No. 2179-CJB-JCW-SS (E.D. La.).

Order") (Dkt. No. 7617)[3] is unprecedented and unwarranted, and causes substantial prejudice to O'Brien's because, among other reasons, it subjects O'Brien's to a longer statute of limitations period than provided under the FLSA for collective actions, treating O'Brien's more like a defendant of a Rule 23 opt-out class, and exposing O'Brien's to increased liability and exposure. For these reasons, O'Brien's respectfully requests that the Court deny the relief requested by Plaintiffs.  Alternatively, the Court should toll only from the date Plaintiffs requested tolling (September 28, 2012) through the dates the Court rules on their respective motions for conditional certification.

## PROCEDURAL BACKGROUND

On April 24, 2012, *more than two years after the Deepwater Horizon spill on April 20, 2010*, Plaintiff Dennis Prejean filed an FLSA collective action lawsuit against O'Brien's relating to work on the Deepwater Horizon oil spill clean-up.  *Prejean v. O'Brien's Response Management Inc.*, No. 12-cv-1045 (E.D. La.) (Dkt. No. 1) (*Prejean* Compl., April 24, 2012).  On June 15, 2012 and June 29, 2012—two years and two months after the Deepwater Horizon spill—the same Plaintiffs' counsel filed another two FLSA collective action lawsuits against O'Brien's and other defendants, also regarding work conducted on the Deepwater Horizon oil spill response.  *Singleton v. O'Brien's Response Management Inc.*, 12-cv-1716 (E.D. La.) (Dkt. No. 1); *Himmerite v. O'Brien's Response Management Inc.*, 12-cv-1533 (E.D. La.) (Dkt. No. 1). All three actions were consolidated and transferred to MDL No. 2179, and are now before this Court.

---

[3] On October 10, 2012, without providing O'Brien's any prior notice or opportunity to respond, the Court granted Plaintiffs' Motion, tolling the statute of limitations in the *Prejean* action from July 18, 2012, "until notice issues or the Court otherwise orders," and tolling the statute of limitations in *Himmerite* and *Singleton* from the dates the complaints in those actions were filed "until notice issues or the Court otherwise orders." (*See* Dkt Nos. 7521, 7617).  O'Brien's is concurrently filing a Motion to Reconsider the Court's Order.

2

Plaintiffs' counsel has been in frequent communication with the putative class members in these actions, and has, to date, obtained consents from nearly forty spill response workers to join the actions.  Pl. Mot. at 1.  Despite having access to relevant information from these opt-ins, Plaintiffs' counsel waited until July 18, 2012—almost three months after filing the *Prejean* complaint, and almost two years and three months after the Deepwater Horizon oil spill—to file his motion for conditional certification in the *Prejean* action.  (Dkt. No. 6930).  Plaintiffs still have not filed motions for conditional certification in the *Himmerite* or *Singleton* actions.

Plaintiffs' counsel in the *Prejean* action waited yet another month after filing for conditional certification, until August 24, 2012, before serving a first set of discovery requests on O'Brien's in the *Prejean* action—to which O'Brien's served timely responses on September 24, 2012—and has yet to file any discovery requests in the *Himmerite* or *Singleton* actions.  Only after waiting yet *another* month, did Plaintiffs finally file the instant motion for equitable tolling on September 28, 2012, asking the Court to toll the two-year (three-year, if willful) statute of limitations in the *Prejean* action all the way back from July 18, 2012, the date Plaintiffs filed for conditional certification, and in the *Himmerite* and *Singleton* actions all the way back from June 15 and 29, 2012, respectively, the dates the complaints were first filed.

## ARGUMENT

### I.     Binding and Persuasive Authority From This Circuit Prohibits Tolling During Consideration of a Conditional Certification Motion

In FLSA collective actions the action commences from the date that an opt-in plaintiff files his or her written "consent to join" form with the court.  29 U.S.C. § 256(b).  In sharp contrast to Rule 23 actions, where the limitations period is tolled from the filing of the complaint, the Fifth Circuit has been very explicit that FLSA collective actions are not, and should not be, similarly tolled.  *See LaChapelle v. Owens-Illinois, Inc.,* 513 F.2d 286, 288-89 (5th Cir. 1975)

3

(Rule 23 and FLSA § 216(b) actions are "mutually exclusive and irreconcilable," and "it is crystal clear that [the FLSA] precludes pure Rule 23 class actions in FLSA suits."); *Montelongo v. Housing Authority of the City of El Paso*, No. EP-09-cv-388-KC, 2010 WL 3239235, at *2 (W.D. Tex., Aug. 13, 2010) ("Courts have observed that there was specific legislative intent that ordinary FLSA opt-in plaintiffs *not* have their filing dates relate back to the date of the original complaint for statute of limitations purposes."); *McKnight v. D. Houston, Inc.,* 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010) (the Fifth Circuit has adopted a "strict view of the FLSA's limitations provision, stating that limitations run from the opt-in date and a court could not 'alter the express terms of the statute.'").

Further, courts in the Fifth Circuit will not toll the limitations period while a motion for conditional certification is pending.  *See e.g., McKnight v. D. Houston, Inc.,* 756 F. Supp. 2d 794, 808 (S.D. Tex. 2010) (refusing to toll the limitations period through the court's ruling on conditional certification) (citing *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983) ("Congress did not provide for tolling while a court considers whether to certify a case as a collective action under the FLSA.")); *Sims v. Housing Authority of the City of El Paso*, No. EP–10–CV–109–KC, 2010 WL 3221790, at *2-3 (W.D. Tex. Aug. 13, 2010) (declining to grant equitable tolling from original filing through date the court ruled on conditional certification); *Quintanilla v. A & R Demolition, Inc.*, No. H-04-1965, 2006 WL 1663739, at *1-3 (S.D. Tex. June 13, 2006).[4]

---

[4]Congress contemplated a gap between the time an FLSA collective action complaint is filed and the time that each opt-in plaintiff tolls the statute of limitations by filing a written consent form. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) ("Congress expressed the concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filing of the original complaint"); *Noble v. Serco, Inc.*, No. 08-76-DCR, 2009 WL 3254143, at *3 (E.D. Ky. Oct. 7, 2009) ("The text of FLSA demonstrates that Congress chose to provide an opt-in mechanism

This strict view on the FLSA limitations provision is consistent with the U.S. Supreme Court and the Fifth Circuit's attitude toward equitable tolling generally. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable [tolling] relief only sparingly . . . where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (denying equitable tolling where employee claimed his inability to speak fluent English prevented him from understanding instructions concerning a deadline, explaining that equitable tolling applies only in "rare and exceptional circumstances."); *Caldwell v. Dretke*, 429 F.3d 521, 530 n.23 (5th Cir. 2005) (denying equitable tolling of 1-year limitation to file for habeas relief, where defendant missed deadline by three days, finding there were "no exceptional circumstances" to excuse delay); *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992); *cf. Davis v. Johnson*, 158 F.3d 806, 811-812 (5th Cir. 1998) (granting an extension to the one-year limitations period for the filing of federal habeas claims by a prisoner on death row whose trial lasted only one day and who claimed ineffective assistance of counsel).

---

which necessarily involves some lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff files his or her consent form."); *LaFleur v. Dollar Tree Stores, Inc.*, No. 12-cv-00363, 2012 WL 4739534, at *6 (E.D. Va. Oct. 2, 2012) ("Congress knew when it enacted 29 U.S.C. § 256 that time would lapse between the filing of the collective action complaint by the named plaintiff and the filing of written consents by the opt-in plaintiffs, yet it chose not to provide for tolling of the limitations period.").

US_ACTIVE:\44114271\9\73293.0059

In the face of these realities, Plaintiffs offer a series of arguments that purportedly justify tolling here. None are persuasive. Instead, each relies on a misstatement of the law, a mischaracterization of the background to this action, or both.

## II.    Plaintiffs Provide None of the Required Showing of "Rare and Exceptional" Circumstances to Justify Tolling Here

Contrary to Plaintiffs' assertions, this Court's continuance of Plaintiffs' motion for conditional certification does not entitle Plaintiffs to this "rare and exceptional" remedy, and indeed, courts across all jurisdictions have declined to award equitable tolling even where motions or proceedings are stayed. *See, e.g.*, *Noble*, 2009 WL 3254143, at *4 (denying equitable tolling despite having *stayed* the litigation); *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, No. 03 MD 1529, 2005 WL 1278544, at *18 (S.D.N.Y. May 31, 2005) (denying equitable tolling even where the action "was subject to the necessary stays and delay that often accompany multi-district litigation ultimately consolidated by the MDL Panel" because "[s]uch delays [did] not warrant application of the equitable tolling doctrine under the 'extraordinary circumstances' theory"); *see also LaFleur,* 2012 WL 4739534, at *7 ("a less than three month delay on a series of complex motions does not constitute extraordinary circumstances").[5]

## III.   Plaintiffs' Cases Allegedly Supporting Tolling Are Completely Inapposite and Outside the Fifth Circuit

Plaintiffs do not cite a single Fifth Circuit case properly supporting their assertion that courts "often toll the limitations period" during a "delay in ruling on a motion for notice," prior

---

[5]Indeed, even the stay here was foreseeable. Plaintiffs' wage-and-hour claim arises from clean-up associated with the Deepwater Horizon oil spill, an event of national significance. Plaintiffs and their counsel reasonably could have recognized that legal issues arising out of the incident would be consolidated and should have foreseen the delay. *See, e.g.*, *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.*, 2005 WL 1278544, at *18. That they waited until virtually the last possible moment to file their claims, already outside the two year statute of limitations, is entirely their fault.

US_ACTIVE:\44114271\9\73293.0059

to ruling on class certification, and in any event, each of the cases they cite are completely inapposite to the instant action.  *See* Pl. Mot. at 4-5 (citing *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 410-11 (D.N.J. 1988)) (*not* granting plaintiffs' motion for equitable tolling, and only recognizing "a facially compelling case for equitable tolling" because briefing had taken **19 months**); *Madrigal v. Green Giant Co.*, No. C-78-157, 1981 WL 2331, at *6 (E.D. Wash. July 27, 1981) (denying conditional certification and tolling limitations for the **30-month** period the motion was under advisement); *Myers v. Copper Cellar Corp.*, No. 95-cv-541, 1996 WL 766505, at *3 (E.D. Tenn. Sept. 27, 1996) (tolling the **12-month** period as sanctions for delaying for over four months to provide contact information for putative class); *Owens v. Bethlehem Mines Corp.,* 630 F. Supp. 309, 312–13 (S.D.W. Va. 1986) (tolling the **17-month** period while the motion for conditional certification was pending because of the "unique facts of this case")).  Plaintiffs cite only three cases from within the Fifth Circuit, and in all, the courts granted tolling only after the putative collective actions were **decertified**, in order to allow Plaintiffs to re-plead their claims as individual actions (and in two of the actions, defendants did not even oppose tolling the limitations).  *See Faison v. Tex. EZPawn, L.P.*, No. G-07-067, 2007 WL 1481047, at *1 (S.D. Tex. May 21, 2007); *Johnson v. Big Lots Stores, Inc.*, No. 04-cv-03201 (E.D. La) (Dkt. No. 409); *Smith v. Heartland Auto. Servs., Inc.,* 404 F. Supp. 2d 1144, 1155 n.9 (D. Minn. 2005).  Of course, here, by contrast, the Court has not yet denied certification of a class.

## IV.        Contrary to Plaintiffs' Misrepresentations the Fifth Circuit Does **Not** Apply the *Landis* "Even Balance" Factors to Equitable Tolling

Plaintiffs recognize that they cannot possibly convince the Court to award tolling under the Fifth Circuit's "rare and exceptional" standard (*see supra* Section I), so instead they manufacture a novel standard never before used in the Fifth Circuit.  Plaintiffs advocate applying "even balance" factors from the U.S. Supreme Court's decision *Landis v. N. Am. Co.*, 299 U.S.

7

248, 254 (1936), *see* Pl. Mot. at 2, where the Supreme Court instructed courts to "weigh

competing interests and maintain an even balance" when deciding whether to **stay a case.**

*See Wedgeworth v. Fibreboard Corp*., 706 F.2d 541, 545 (5th Cir. 1983) ("**stay orders** will be

reversed when they are found to be immoderate or of an indefinite duration.") (emphasis added)**;**

*Cajun Offshore Charters, L.L.C. v. BP, PCL*, No. 10-1341, 2010 WL 2160292, at *1 (E.D. La.

May 25, 2010).  But of course the Fifth Circuit has *never* applied the "even balance" factors to

determine whether to invoke equitable tolling, and has certainly never applied these factors to

determine whether tolling is appropriate where a motion has foreseeably been continued (*see*

*supra*, fn. 4).[6]  As described *supra* in Section I, the Supreme Court and the Fifth Circuit both

---

[6]*Wedgeworth*, the one case from within the Fifth Circuit that Plaintiffs misleadingly cite, has absolutely nothing to do with tolling and is completely irrelevant to Plaintiffs' assertion here that the *Landis* factors should apply to tolling.  See Pl. Mot. at 3 (citing *Wedgeworth*, 706 F.2d at 544-546 (applying the *Landis* "even balance" factors to determine that Section 362(a) of the Bankruptcy Code—providing an automatic stay of any judicial proceeding against a debtor— "does not operate as an automatic stay of claims against the [debtor's] co-defendants.")).  The other two cases Plaintiffs cite are outside the Fifth Circuit, and in any event are completely inapposite.  *See* Pl. Mot. at 3 (citing *Adams v. Tyson Foods*, No. 07-cv-4019, 2007 WL 1539325, at *1 (W.D. Ark. May 25, 2007) (tolling limitations where defendants, not the Court, moved for a stay of the proceedings) (*see also LaFleur*, 2012 WL 4739534, at *5 (distinguishing *Adams* on further grounds)); *Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2007 WL 1105118, at *1 (N.D. Cal. Apr. 10, 2007) (court stayed entire proceeding, not just a motion, pending a decision by the California Supreme Court in another matter)).  Indeed, the *Wells Fargo* court itself recognized that the facts in *Wells Fargo* are entirely distinguishable from a case where—as here—Plaintiffs are at fault.  *See* 2007 WL 1105118, at *1 (comparing the factual pattern in *Wells Fargo* to *Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 760-61 (9th Cir. 1981), where equitable tolling was proper because plaintiffs were "without fault").  Here, in contrast to *Adams* and *Wells Fargo*, Plaintiffs' motion for conditional certification is still pending in court, Plaintiffs are still able to provide (and indeed *have* provided) notice to prospective plaintiffs, and *Plaintiffs* are at fault for waiting until the last possible moment to bring their claims.

Furthermore, the cases Plaintiffs cite actually support O'Brien's request here for alternative relief.  In *Adams*, the court tolled the limitations only "from the filing date of [defendant's] Motion to Stay Proceedings . . . until the date the stay is lifted," 2007 WL 1539325, at *2 (emphasis added), and did not continue to toll the limitations all the way through notice, as Plaintiffs request here.  Similarly, in *Wells Fargo*, the court agreed to toll the limitations period from the "date of the hearing on plaintiffs' original motion for [conditional] certification . . . until

US_ACTIVE:\44114271\9\73293.0059

instruct that equitable tolling be granted only in "rare and exceptional circumstances."  The legislature structured the FLSA's statute of limitations so that limitations would run even while motions are pending or stayed, and explicitly chose to treat FLSA actions differently from Rule 23.  Tolling here would be against legislative intent and Fifth Circuit precedent.

## V.    Equitable Tolling is <u>Only</u> Granted Where Plaintiffs Diligently Pursue Their Claims, And Plaintiffs Here Have <u>Not</u> Diligently Pursued Their Claims

Under Fifth Circuit precedent, "[e]quitable tolling is appropriate" only in the rare instance "when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim."  *Pacheco,* 966 F.2d at 906-907; *see also Castillo v. Hernandez*, No. EP-10-CV-247-KC, 2010 WL 4595811, at *7-8 (W.D. Tex. Nov. 4, 2010) (denying equitable tolling because plaintiffs had not adequately shown that they "diligently pursued their rights," and noting that "Defendants' willful conduct *and a diminution in the value of [plaintiffs'] claim*" "hardly qualif[ies]" as exceptional circumstances because these factors exist in many FLSA actions) (emphasis added).

Here, Plaintiffs seek the extraordinary relief of equitable tolling but provide <u>no</u> explanation for their long delay (from April 20, 2010 through April 24, 2012) to first file a complaint; their two month delay (from April 24, 2012 through June 15 and June 29, 2012) to file an additional two actions; their three month delay (from April 24, 2012 through July 18, 2012) to file for conditional certification; and their delay for yet *another* month (July 18, 2012 through August 24, 2012) to first serve upon O'Brien's discovery requesting contact information for potential plaintiffs.  Nor do Plaintiffs offer <u>any</u> explanation for their

---

<u>the stay is lifted</u>." 2007 WL 1105118, at *1 n.2, *2 (emphasis added).  Here, Plaintiffs ask that the limitations period be tolled far longer—from the *filing* of conditional certification (and in the cases of *Himmerite* and *Singleton*, from the complaint) until notice issues.  *See* Proposed Order (Dkt. No. 7518).

failure to ever move for conditional certification in *Himmerite* and *Singleton*.  Considering Plaintiffs' delay, the extraordinary relief of equitable tolling must be denied.  *See, e.g.*, *Montelongo*, 2010 WL 3239235, at *3 (refusing to grant equitable tolling where plaintiffs' procrastination resulted in a "long and unexplained delay"); *see also Wickware v. Thaler,* 404 F. App'x 856, 861 (5th Cir. 2010) ("we have repeatedly emphasized that equitable tolling is not available to those who sleep on their rights").

The very cases cited by Plaintiffs, all of course outside the Fifth Circuit, demonstrate just how extraordinary the remedy of equitable tolling is and how dissimilar the facts here are from the cases where equitable tolling is granted.  *See* Pl. Mot. at 4 (citing *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2007 WL 707475, at *8 (N.D. Cal. Mar. 6, 2007) (tolling only where withholding such relief causes discrepancies between similarly-situated plaintiffs due to factors not relevant here) (*see also LaFleur,* 2012 WL 4739534, at *5 (distinguishing *Beauperthuy* on precisely these grounds)); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) (tolling limitations <u>only</u> because plaintiff was "repeated[ly] sexual[ly] abuse[d], rape[d] and assault[ed]" by her employer, causing her to become "completely psychiatrically disabled during the relevant limitation period"); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (tolling <u>only</u> "because of the unique procedural posture of the case")).

## VI.   Plaintiffs Cannot Blame Their Delay and Inability to Timely File Consents On O'Brien's

Without any basis in fact, Plaintiffs contend that O'Brien's, and not the Plaintiffs, has delayed the timely filing of opt-in consents because of how O'Brien's responded to Plaintiff's First Set of Discovery (in the *Prejean* action).  *See* Pl. Mot. at 6.  The plain facts show otherwise. Plaintiff Dennis Prejean served his First Set of Discovery on O'Brien's on August 24, 2012, four months after the action was filed and two months after the initial pre-trial conference.  No

explanation is offered for this delay.  O'Brien's served its responses promptly, within the 30 days

provided under the Federal Rules of Civil Procedure, seeking no extension despite the broad

putative class and far reaching nature of the requests.  *See* O'Brien's Responses and Objections

to Plaintiffs' First Set of Discovery (filed as Ex. 1 to Plaintiffs' Motion) (hereinafter "O'Brien's

Discovery Responses").

Because Plaintiff had requested (and O'Brien's intends to provide) personal and

confidential information belonging to O'Brien's and its present and former workers, O'Brien's

requested a standard confidentiality agreement before producing documents or information in

response to certain of the requests, and promptly provided Plaintiffs' counsel a draft agreement

several days after serving its discovery responses.  But while Plaintiffs' counsel complains about

the purportedly onerous terms of this confidentiality agreement in Plaintiffs' Motion, having

received the agreement, he has not attempted to revise, negotiate, or provide O'Brien's counsel

any comments on the agreement, undermining his assertion that Plaintiff is "diligently seeking to

discover the identity of potential class members."  Pl. Mot. at 6. [7]

Nor is any of the information *properly* sought in Plaintiff's tardy document request

relevant to notice or the statute of limitations.  O'Brien's has properly objected to Plaintiff's

request for contact information of class members because "[u]nder 29 U.S.C. § 216(b), defendant

is only required to provide potential plaintiffs' contact information *after* conditional certification

of the collective class."  *Adams*, 242 F.R.D. at 543 (citing *Hoffmann-La Roche v. Sperling*, 493

U.S. 165, 170 (1989)) (emphasis added). [8]

---

[7] Indeed, it is *Plaintiffs* who have denied O'Brien's discovery:  On August 22, 2012, Plaintiffs
served O'Brien's with objections to O'Brien's 30(b)(2) document requests and refused to
provide *any* information, despite the requests' obvious relevance to the case.

[8] Even if O'Brien's were to provide Plaintiffs the contact information of potential class members,
communications with prospective plaintiffs would be regulated by the Court pursuant to its

11

Plaintiffs assert that they are unable to "discover the identity of potential class members" and "notify class members" because O'Brien's "won't even produce ordinary payroll records for Prejean and the *Prejean* opt-in plaintiffs until a Confidentiality Stipulation . . . has been executed by the parties, and so-ordered by the Court."  However, this argument is completely misplaced. Plaintiffs have not, and cannot, show how payroll records of the *named* plaintiff and the *opt-ins* will enable Plaintiffs to identify the *other* members of the class.[9]

The cases Plaintiffs cite are actually to their detriment or completely inapposite to Fifth Circuit law.  *See* Pl. Mot. at 6 (citing *Adams,* 242 F.R.D. at 543 (focusing on 9th Circuit precedent,[10] and explicitly noting that tolling was granted only because of the presence of *both* "defendants['] induc[ed] delay [and] faultless plaintiffs.") (emphasis added);[11] *Baldozier v. Am. Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1093 (D. Co. 2005).

When viewed in light of the proper precedent, and actual background to this action, none of the "justifications" for tolling submitted by Plaintiffs supports such a rare and extraordinary order.  Rather, binding law and a review of the prejudicial effects on Defendants requires Plaintiffs' motion be denied.

---

"managerial responsibility."  *Vogt v. Tex. Instruments Inc.*, No. 05-CV-2244, 2006 WL 4660133, at *2 (N.D. Tex. Aug. 8, 2006) (citing *Hoffmann-La Roche*, 493 U.S. at 171).

[9]In fact, Plaintiffs (who Plaintiffs allege were treated as independent contractors) should already have access to the invoices they used to bill O'Brien's for their work; any relevant information they would use from the payroll records would be included in the invoices.

[10]The court's holding in *Adams* explicitly relies on *Partlow*, 645 F.2d at 760-61, which is itself "not interpreted with uniform scope by district courts," and Plaintiffs do not provide indication that the Fifth Circuit has adopted the reasoning in *Partlow*.

[11]*Adams* actually supports O'Brien's.  In *Adams*, the court tolled the limitations from when defendants' responses to discovery were due—here, September 24th—through defendants' production of discovery.  *Adams*, 242 F.R.D. at 543.  As such, if the Court agrees to toll the limitations premised on *Adams*, it should only toll beginning on September 24, 2012 through whenever O'Brien's provides contact information for the putative class.

US_ACTIVE:\44114271\9\73293.0059

## VII.    Defendants <u>Will</u> Be Prejudiced By Equitable Tolling

O'Brien's is substantially prejudiced by the tolling proposed by the Plaintiffs—as

ordered, without modification by this Court—because, among other reasons, that tolling:

- unfairly penalizes O'Brien's—a good actor, which has caused no delay—by increasing

  its litigation costs and exposure, for delays caused entirely by the Plaintiffs' late filing

  and lack of diligence in pursuing their claims;[12]

- subjects O'Brien's to statute of limitations treatment as if plaintiffs had filed an FRCP 23

  opt-out class action, removing protections afforded employers subject to FLSA cases that

  congress intended in passing the Portal-to-Portal act;[13]

The cases Plaintiffs cite in support of their contention that O'Brien's would not be

prejudiced by tolling are utterly distinguishable.[14]   See Pl. Mot. at 7 (citing *Owens*, 630 F. Supp.

---

[12]*See Hasken v. City of Louisville*, 234 F. Supp. 2d 688, 696 (W.D. Ky. 2002) ("Congress enacted a statute of limitations to place a limit on employers' unanticipated contingent liability. . . . If the statute of limitations was tolled in this case, the [defendant] would face liability for many years of unpaid overtime because the plaintiff failed to bring this claim at an earlier date. This would result in significant <u>prejudice</u> to the [defendant]."(emphasis added)); *see also Smith v. BNSF R. Co.*, 246 F.R.D. 652, 655 (D. Kan. 2007) ("[T]olling the statute of limitations would prejudice defendants because it would expose them to claims that accrued more than ten years ago.").

[13]*LaChapelle,* 513 F.2d at 288-89 (Rule 23 and FLSA § 216(b) actions are "mutually exclusive and irreconcilable," and "it is crystal clear that [the FLSA] precludes pure Rule 23 class actions in FLSA suits."); *Grayson*, 79 F.3d at 1107 ("There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b).").

[14]Plaintiffs try to argue that tolling should be granted so that the plaintiffs will not have to establish a "willful" violation to obtain access to the three-year, rather than two-year, limitations period. Pl. Mot. at 8. This argument, however, would apply to justify tolling in every collective action. In essence, Plaintiffs ask the court to use tolling as a means to constructively establish willfulness and relieve them of their statutory burden to do so. Again, any difficulty in meeting the limitations period is Plaintiffs' own fault for waiting more than two years to file their actions, and then waiting even longer to file a motion for conditional certification. At the time Plaintiffs filed for conditional certification in July 2012, the two year period had already run for at least three of the nine months of Plaintiffs' claims, and thus Plaintiffs would have had to establish willfulness even absent any purported delay by the Court or O'Brien's.

US_ACTIVE:\44114271\9\73293.0059

at 313 (granting tolling for purposes of adding only two plaintiffs with whom defendants were already familiar); *Partlow*, 645 F.2d at 761 (tolling to allow consents of plaintiffs who had already filed improper consents because defendant "was notified of the claims of the consenting employees within the statutory period by the filing of the improper consents.")).

**VIII.   In the Alternative, Equitable Tolling Should be Granted Only From Plaintiffs' Motion for Tolling Through the Court's Ruling on Conditional Certification.**

Even if this Court were to veer sharply from Fifth Circuit precedent and toll the limitations period, it should do so only in direct proportion to Plaintiffs' alleged harm and in accord with the *extra-jurisdictional* cases Plaintiffs cite.  Plaintiffs have cited no cases supporting tolling the limitations from the *filing* of conditional certification (or the complaint, in the cases of *Himmerite* and *Singleton*) all the way through *actual notice* to the putative class. Awarding Plaintiffs the full relief they request—as the Court here has—punishes O'Brien's for no reason whatsoever, and puts O'Brien's on the hook for more damages than it would suffer even if there had been no delay in the proceedings whatsoever.  Even the most liberal reading of any of the *extra-jurisdictional* cases Plaintiffs cite would allow for equitable tolling only from the filing of the motion for *tolling* through the Court's ruling on the motion for conditional certification.  *See supra* fn. 5 (citing *Adams,* 2007 WL 1539325, at *2) and fn.10 (citing *Adams*, 242 F.R.D. at 543).  Thus, even if finding completely in Plaintiffs' favor, the Court's tolling should be only from the date Plaintiffs moved for equitable tolling (September 28, 2012) (and in the cases of *Himmerite* and *Singleton*, from whenever they move for conditional certification) through the Court's rulings on conditional certification.

US_ACTIVE:\44114271\9\73293.0059

## CONCLUSION

For the foregoing reasons, O'Brien's respectfully requests that the Court deny Plaintiffs'

Motion in its entirety, or, in the alternative, grant Plaintiffs' Motion only to the extent described

above (*supra* Section VIII).

Respectfully submitted, this 17th day of October, 2012.


/s/Keith M. Pyburn, Jr.
KEITH M. PYBURN, JR.
Louisiana Bar No. 10914
LARRY SOROHAN
Louisiana Bar No. 26120

**FISHER & PHILLIPS LLP**
201 St. Charles Avenue, Suite 3710
New Orleans, Louisiana  70170
Telephone:  (504) 522-3303
Facsimile:  (504) 529-3850
Email: kpyburn@laborlawyers.com
          lsorohan@laborlawyers.com

JEFFREY S. KLEIN
ALLAN DINKOFF
JONATHAN SOKOTCH
ARYEH ZUBER

**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email:  jeffrey.klein@weil.com
          allan.dinkoff@weil.com
          jonathan.sokotch@weil.com
          aryeh.zuber@weil.com

**Attorneys for Defendant O'Brien's
Response Management Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant O'Brien's Response Management Inc.'s Opposition to Plaintiffs' Motion for Equitable Tolling has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 17th day of October, 2012.

*/s/Keith M. Pyburn, Jr.*
KEITH M. PYBURN, JR.