

| | | | |
|---|---|---|---|
| SCOTT C. BARNES | KIMBERLY R. LAMBERT | MIKE PAPANTONIO | OF COUNSEL: |
| AMANDA S. BARR | FREDRIC G. LEVIN | CHRISTOPHER G. PAULOS | ROBERT F. KENNEDY, JR. |
| BRIAN H. BARR | MARTIN H. LEVIN | ROBERT E. PRICE | (LICENSED ONLY IN NEW YORK) |
| M. ROBERT BLANCHARD | ROBERT M. LOEHR | MARK J. PROCTOR | |
| BRANDON L. BOGLE | NEIL E. McWILLIAMS, JR. | TROY A. RAFFERTY | BEN W. GORDON, JR. |
| WESLEY A. BOWDEN | Wm. JEMISON MIMS, JR. | MATTHEW D. SCHULTZ | GERALD A. McGILL |
| VIRGINIA M. BUCHANAN | CLAY MITCHELL | W. CAMERON STEPHENSON | LEFFERTS L. MABIE, JR. (1925-1996) |
| WILLIAM F. CASH III | R. LARRY MORRIS | LEO A. THOMAS | D.L. MIDDLEBROOKS (1926-1997) |
| MEREDITH R. DURHAM | K. LEA MORRIS | BRETT VIGODSKY | DAVID H. LEVIN (1928-2002) |
| (LICENSED ONLY IN LA) | PETER J. MOUGEY | AARON L. WATSON | STANLEY B. LEVIN (1938-2009) |
| RACHAEL R. GILMER | DANIEL A. NIGH | | |
| JAMES L. KAUFFMAN | TIMOTHY M. O'BRIEN | | |

October 17, 2012

**VIA ELECTRONIC MAIL**
The Honorable Sally Shushan
United States District Court
Eastern District of Lousiana
500 Poydras Street, Room B-345
New Orleans, Louisiana  70130

      Re:     Deposition of Dr. Marcia McNutt

Judge Shushan:

      The PSC requests Dr. McNutt be categorized as a hybrid witness for purposes of time allocations in her upcoming deposition.  Dr. McNutt is currently scheduled to be deposed on October 24 & 25 and is categorized as a quantification witness.  Dr. McNutt was designated as a quantification witness due to the fact that all of the 30(b)(6) topics for which she was designated by the United States are quantification topics.  However, in the course of the depositions taken thus far and the review of documents in preparation for Dr. McNutt's deposition, it is apparent that she played a significant part in the efforts to control the source.

      The PSC requested that the parties agree to re-designate Dr. McNutt as a hybrid witness on Tuesday, October 16.  Every party other than BP has stated no objection.  BP objects to the re-categorization but has, thus far, offered no reason for its objection.  The United States has taken no position other than to inform the parties it will only prepare Dr. McNutt to testify on the quantification topics – a reasonable position to take.

      The parties are operating under the "one deposition" rule and are required to ask Dr. McNutt about her personal knowledge as well as her 30(b)(6) topics.  At the time Dr. McNutt was categorized as a quantification witness, we did not have the knowledge of her role in the source control efforts.  As such, the reality of Dr. McNutt's actual role in the response should be recognized, and she should be categorized as a hybrid witness

      Under the current Orders of the Court, the "Plaintiffs" (PSC/States in the case of United States witnesses) are allocated 70 minutes total for a quantification witness.  BP is allocated 600 minutes total (a total of 10 hours).  Given the extent of Dr. McNutt's personal knowledge, 70 minutes is not sufficient time for the Plaintiffs to examine Dr. McNutt.  Designating Dr. McNutt as a hybrid witness will cure this prejudice.  As a hybrid witness, BP will still be allocated 430 minutes (7 hours and 10 minutes).  This is ample time for BP to

examine this witness. Meanwhile the Plaintiffs will be allocated 250 minutes. Such an allocation is much more representative of the interests of the parties given the state of Dr. McNutt's personal knowledge.

We attach to this letter a representative sample of three documents evidencing Dr. McNutt's source control activities. Exhibit A is a document entitled, "Marcia McNutt meeting at DOI, 9 AM, 21 October." OSE020-021797 – 021808. In response to the very first question on the document asking "How did you become involved with the response efforts?" Dr. McNutt is attributed as stating (in the first paragraph), "I think this is what triggered in the secretary's mind that I was the person who should be down in Houston, **looking over BP's shoulder on the various well intervention** things they were doing because I was the person who had worked in oceanography, had done ocean engineering, had experience with complex undersea engineering tasks and interventions." OSE020-021797 (emphasis added). The document goes on to detail Dr. McNutt's role in the cofferdam, top kill, top kill post mortem, capping stack and well integrity test.

Exhibit B is an email attaching a submission from Dr. McNutt to Sea Technology. IGS723-000236 – 238. The actual submission states:

> Secretary Salazar asked me to be his representative at the BP command center in Houston for the duration of the crisis to oversee a team of federal scientists and engineers working on well intervention. **Our job was to contain the oil and kill the well**. I worked alongside accomplished engineers and scientists from the DOE labs who focused on **understanding the status of, and prospects for intervention** in, the various engineered systems in the deep sea, such as the blow-out preventer, the riser, the well pipes and liners, while the USGS experts provided the interface to the surrounding environment within which these systems operated.

IGS723-000237 (emphasis added).

Finally, Exhibit C is an email with an attachment with Q&As on OCS Policy and MMS Regulations. IGS606-026269. In response to Question 15, the following statement is made:

> BP and industry partners have a team of experts from across the private sector working around the clock in Houston with one responsibility: discover alternative solutions to permanently stop this leak. **DOI Secretary Ken Salazar dispatched Director of the U.S. Geological Service Marcia McNutt to oversee this process**. They will continue to work tirelessly to provide BP with alternative ideas and will not rest until the job is done.

IGS606-026275 (emphasis added).

These three documents are simply a sample of the level of involvement of Dr. McNutt. After reviewing these statements, it cannot be denied that Dr. McNutt played a substantial role in the source control efforts. BP's objection to the re-categorization of this

witness is based more on the gamesmanship of reducing the time allocated to Plaintiffs than the reality of Dr. McNutt's role.  BP cannot credibly argue that Dr. McNutt had little to no involvement in the source control effort.

    Given Dr. McNutt's role and her personal knowledge on these issues, fairness demands that she be properly categorized as a hybrid witness.  We thank you for your time and consideration.

    Respectfully,

    Brian H. Barr