# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

655 Fifteenth Street, N.W.
Washington, D.C. 20005

Robert R. Gasaway
To Call Writer Directly:
(202) 879-5175
robert.gasaway@kirkland.com

(202) 879-5000

www.kirkland.com

Facsimile:
(202) 879-5200

October 18, 2012

**By Electronic Mail**

The Honorable Sally Shushan
United States District Court
Room B345
500 Poydras Street
New Orleans, LA 70130

Re: PSC's Request to Re-Categorize Dr. McNutt as a Hybrid Witness

Dear Judge Shushan:

BP writes to respond to Brian Barr's letter from yesterday, October 17, 2012, which requests that Dr. Marcia McNutt be recognized as a Hybrid witness as opposed to a Quantification witness.

As an initial matter, there should be a presumption in favor of the current, settled witness categorizations. Time allocations for deposition questioning are determined by these categorizations, so parties always have incentives to try to change them. Re-categorizing any one witness has a potential to open the floodgates to further disputes over the categorizations of other witnesses. Should the parties divert down this path, BP has at least one witness for which it too would seek a new categorization. BP would like to avoid re-opening this larger issue, however, and asks the Court to maintain a presumption in favor of the current witness categorizations, which have been largely settled for two months.

More particularly, contrary to the PSC's request that Dr. Marcia McNutt be treated as a "Hybrid" witness, it is difficult for us to think of a more easily recognizable instance of a Quantification witness. Please consider the following.

**(1)** Dr. McNutt's role in this case is as head of the Flow Rate Technical Group — an entity that, as Admiral Allen has testified, was established for the express purpose of coming up with a single set of flow rate estimates.

**(2)** Dr. McNutt has been designated by the United States for testimony on all or part of seven Rule 30(b)(6) topics, and all of these topics are Quantification-related. For example, Dr. McNutt will testify on Topic 49: "Your efforts (including all communications, modeling,

Chicago    Hong Kong    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai

## KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 18, 2012
Page 2

calculations and analysis of any kind) relating to all attempts to quantify the release of hydrocarbons from the MC252 well after April 20, 2010, whether or not those efforts resulted in a finalized or public estimate." In contrast to Dr. McNutt, the witnesses categorized as Hybrid witnesses have all been designated to testify on 30(b)(6) topics that concern, among other things, Source Control. (*See* Aug. 16, 2012 B. Barr Ltr.)

**(3)** The United States has made clear that it will take the position at Dr. McNutt's deposition that she speaks for the United States solely on Quantification-related issues and not on issues relating to Source Control.

**(4)** The voluminous number of Quantification documents in Dr. McNutt's custodial production confirms that she has properly been set as a two-day Quantification witness. The full Quantification time allotments will almost surely be needed to cover this large set of Quantification documents.

Of course, as the United States has noted, the parties remain free to ask Dr. McNutt about non-Quantification-related topics, including Source Control topics. But this reality does not mean that the PSC (through Brian himself) was not correct in originally suggesting that Dr. McNutt should be treated as a Quantification witness. (*See* Aug. 16, 2012 B. Barr Ltr.)

* * * * *

BP has taken the lead on addressing the United States' Quantification case, and Dr. McNutt has been designated to testify on, and has significant personal knowledge related to, integral parts of that case. As we know from Phase 2 experience, Quantification and Source Control issues often overlap. But that does not mean that BP's questioning time for a pivotal Quantification witness who has been designated solely on Quantification topics should be reduced by almost three hours (170 minutes) — just because the witness may also have personal knowledge of Source Control facts.

We would be pleased to discuss this issue with the Court and parties at tomorrow's Working Group Conference.

Respectfully submitted,

*/s/ Robert R. Gasaway*

Robert R. Gasaway

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
October 18, 2012
Page 3

cc (via electronic mail):

United States' MDL Counsel
Plaintiffs' Liaison Counsel
Defense Liaison Counsel
Joel M. Gross
Allison B. Rumsey