UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010<br><br>This Document Relates to:<br><br>All Cases<br>Including 10-02248 | MDL No.:  2179<br><br>Section "J"<br><br>Judge Barbier<br><br>Magistrate Judge Shushan |

**OBJECTION TO JOINT MOTION TO CLARIFY CURRENT HOLD-BACK ORDER CONCERNING REFUND OF TRANSITION PAYMENTS**

COME NOW, by and through undersigned counsel, opt-out Plaintiffs, Torrey Barlow, et. al., and excluded-claim Plaintiffs, Valerie Millender, et. al., who object to the Joint Motion to Clarify Current Hold-Back Order Concerning Refund of Transition Payments.  The Plaintiffs hereby give notice of their formal objection to the above-mentioned motion dated October 9, 2012.

Plaintiffs hereby adopt the objections filed by Daniel Becnel on behalf of his Plaintiffs.  In addition, Plaintiffs submit the following arguments.

The original holdback order related to settlement payments that occurred before the Medical Benefits and Economic and Property Damage Class Settlements.  The Plaintiffs' Steering Committee is being more than generously compensated for its efforts.  The District Court, in its Preliminary Approval Order As to the Proposed Medical Benefits Class Action Settlement, recognized that "BP will pay all costs associated with the proposed settlement.  BP has also agreed to pay class counsel's fees, expenses,

and costs, equivalent to 6% of the value of benefits actually provided to class members, provided that this amount combined with the similar amount awarded under the Economic and Property Damages Settlement does not exceed $600 million." (May 2, 2012, Doc 6419, P.7-8).  This compensation of the PSC will be in addition to the compensation the PSC members will receive from their individual clients' recoveries.  Individuals who choose to opt out of the settlement classes are refusing to participate in the process negotiated by the PSC.  It would frustrate the entire purpose of allowing individuals to opt out of class settlements when the lawyers who negotiated the settlements are paid regardless of whether or not the individuals choose to participate in the settlements.  Further, it is inequitable for the PSC to also receive fees for Plaintiffs not within the settlements, since the proposed settlement agreement already provides compensation for all of the PSC's fees, expenses and costs.

Exhibit 27 to the Deepwater Horizon Economic and Property Damages Settlement Agreement and Exhibit 19 to the Deepwater Horizon Medical Benefits Class Settlement provide as follows:

> The Common Benefit Fee and Costs Award shall cover any and all common benefit and/or Rule 23(h) attorneys' fees, costs and expenses that may be claimed against BP or any of the Released Parties by or on behalf of the Economic Class or the Medical Class, or any member thereof, or their current or former counsel, including attorneys' fees and cost pursuant to Fed. R. Civ. P. 23(h), Pretrial Order No. 9, and the Court's Order and Reasons As To The Motion to Establish Account And Reserve For Litigation Expenses, Rec. Doc. 5022, and amendments

thereto, including Rec. Doc. 5064 and 5274 (collectively, the "Holdback Order").

It is clear from this provision of the settlement agreement that class counsel is being fully compensated for "any and all" common benefit fees and costs that could be claimed under Fed. R. Civ. P. 23(h) or the Holdback Order. There is no notice to potential opt outs that additional fees for class counsel would be assessed against them. Should the Court allow such additional fees, the class settlement notices would be defective as to the individuals who chose to opt-out. The individuals that chose to opt out and who are not covered by the settlements have an absolute right to choose counsel. The joint motion at issue seeks to destroy that right. The right to opt out is also destroyed when oppressive financial conditions are imposed when the right is exercised.

Also, the original order discussed payments to claimants through the Gulf Coast Claims Facility (hereinafter "GCCF"). The District Court's order credited the PSC with applying pressure to the GCCF to increase transparency and improve the handling of claims. (December 28, 2011, Doc 5022 p. 4). That work provides no benefit, however, to Plaintiffs who must pursue their own litigation. Accordingly, Plaintiffs who opt-out of the settlements, and Plaintiffs excluded from the settlements, have not been conferred a benefit from the PSC's efforts to improve the GCCF's filing process.

Individual Plaintiffs pursuing actions against BP outside of the settlements are not benefited by the PSC's work to achieve the settlements. It would be an injustice for the PSC to receive fees from these Plaintiffs. This is particularly true where, as here, the PSC has expended its time and efforts to obtain settlements that either specifically

exclude these Plaintiffs, or have been rejected by these Plaintiffs as providing inadequate compensation.

Dated: October 19, 2012

Respectfully submitted.

/s/ Paul A. Dominick
Paul A. Dominick, Fed. ID No. 577
NEXSEN PRUET, LLC
205 King Street, Suite 400 (29401)
P.O. Box 486
Charleston, SC  29402
Phone:  (843) 577-9440
Fax:  (843) 720-1777

And

Douglas M. Schmidt, Fed. ID No. 11789
335 City Park Ave
New Orleans La 70119
504-482-5711
504-482-5755 fax

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 19, 2012, I electronically filed the foregoing instrument with the Clerk of the Court by using the CM/ECF system, and provided notice by and through Lexis Nexis to all counsel of record.

      Signed this 19th day of October, 2012 at Charleston, South Carolina.

      /s/ Paul A. Dominick
      Paul A. Dominick, Fed. ID No. 577
      NEXSEN PRUET, LLC
      205 King Street, Suite 400 (29401)
      P.O. Box 486
      Charleston, SC  29402
      Phone:  (843) 577-9440
      Fax:  (843) 720-1777