UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | MDL NO.: 2179 |
| | * | SECTION:   J |
| This Document Pertains to | * | |
| 2:12-cv-009888 | * | |
| 2:12-cv-01295-CJB-SS | * | |
| 2:12-cv-02155 | * | |
| 2:10-md-02179-CJB-SS | * | |
| 2:12-cv-02048 | * | |
| 2:12-cv-01483 | * | |
| 2:12-cv-01484 | * | |
| 2:12-cv-02194 and | * | |
| Unfiled Economic and Property Damages | * | |
| Class Members | * | JUDGE CARL J. BARBIER |
| | * | |
| | * | MAGISTRATE JUDGE SHUSHAN |
| ****************************************** | * | |

## OBJECTION TO JOINT MOTION TO CLARIFY CURRENT HOLD-BACK ORDER CONCERNING REFUND OF TRANSITION PAYMENTS

**NOW INTO COURT,** through undersigned counsel, come Plaintiffs in the civil actions 2:12-cv-009888;  2:12-cv-01295-CJB-SS;  2:12-cv-02155;  2:10-md-02179-CJB-SS;  2:12-cv-02048; 2:12-cv-01483; 2:12-cv-01484; 2:12-cv-02194 and objectors in [Rec. Doc.167]   and [Rec. Doc.189]  who object to the Joint Motion to Clarify Current Hold-Back Order Concerning Refund of Transition Payments [Rec. Doc.7613] as set forth below.

Plaintiffs respectfully suggest that Claimants, if they opt-out of the Deepwater Horizon Economic and Property Damages Settlement (hereinafter "settlement") and settle their case on their own, or if the claimant is not covered by the settlement, then those claimants should not be assessed a common benefit fee and cost because they have not received a benefit from the PSC.

While, MDL courts have consistently cited the common fund doctrine as a basis for assessing common benefit fees in favor of attorneys who render legal services beneficial to all MDL plaintiffs. E.g., *648 In re Genetically Modified Rice Litig., MDL No. 06–1811, 2010 WL 716190, at *4 (E.D.Mo. Feb. 24, 2010) (relying on common fund doctrine as an alternate basis to inherent managerial authority and concluding that "[b]oth sources of authority provide the same result"); In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig., MDL No. 05–1708, 2008 WL 682174, at *4 (D.Minn. Mar. 7, 2008); accord In re Zyprexa, 594 F.3d at 128–30 (Kaplan, J., concurring), the fund is usually established to pay for work done by a PSC that benefitted the class of people making a recovery.

In this case there are three separate classes of claimants: 1. Claimants who participate in the settlement, 2. Claimants who Opt-Out of the settlement, and 3. Claimants excluded from the settlement's class definition. Counsel agrees that this court could assess the first group of claimants a common benefit fee. However, group 2 and 3 have not received a benefit from the PSC.

Group 2 has decided that the settlement did not benefit them or was not in their best interest and elected to opt-out of the settlement, therefore; these claimants have not received a benefit from the PSC. Group 2 must file an opt-out and either on their own or via their own attorney, file a presentment to the Defendants and negotiate their own settlement individually, if one is to be had. Additionally, the PSC has not shown any ability to prove undersigned counsel's opt-out client cases. The PSC has not disclosed to these opt-out claimants any evidence they have undertaken to obtain relevant proximate cause proofs.  Lacking such proof, a compelled payment of hold-back funds to the PSC lawyers in relation to cases in which trials or settlements will occur because claimants' counsel of choice did perform such evidence gathering effort and

2

expense is tantamount to compelling payment to lawyers who have failed to meet the standard of care in representing each of these clients.  Until the PSC complies with applicable state bar rules regarding communication and exercise of due care in proof gathering to prevail on the subject claimants, hold-back of claimant money is contrary to the Rules of Ehtics and acts as an exercise to wrongfully take claimant property.   Arguably, it amounts to tortious interference with claimants' contracts with their counsel of choice.    Group 3 is not even covered by the settlement and could not participate even if it chooses to do so. Group 3 has not received any benefit from the PSC as the PSC specifically agreed to exclude them from this settlement.

The main question presented for Groups 2 and 3 is have they received a benefit from the PSC outside of the settlement. The answer to this question is no.  Further, it is understood that all pretrial matters have been completed and that BP and the PSC have agreed to a fee deal which compensates the PSC for the pretrial work.  Any additional fee for our client opt-out cases would amount to a charge for services already rendered and paid.  Further, our opt-out clients seek to be remanded to their damage trial venues and seek no representation from the PSC for further matters which have no bearing on their damage trials.  Claimants seek damage trials in their chosen filing forum which are actually being delayed by the PSC.

If one looks at the history of this litigation and the Oil Prevention Act (OPA), the liability of BP was established prior to a PSC being created by this Honorable Court. If liability was already established then the only benefit to be gotten from the PSC was a way to determine damage awards. Here to, this was done prior to the PSC being created via the GCCF. After the GCCF had been settling cases for about a year, the PSC announced it had entered into a settlement. This settlement only benefits people who are part of the settlement class definition and elect to participate in the settlement.

3

In most MDLs, the PSC will produce a trial package, conduct Bell-Weather trials, hold informational meeting for attorney's and claimants, produce copies of expert reports, give extensive updates on the litigation to non-PSC attorneys. Inthis case, none of those benefits have occurred. The PSC has held a several meeting around the country to explain the settlement they reached with BP, but this only benefits the people who choose to participate in that settlement and the settlement has a provision for the Defendant to pay the common benefit fee to the PSC.

In this litigation, the PSC, has failed to hold informational meeting with the group they represent and are obligated to protect to inform these classes of people if Defendants are going to be dismissed or if the PSC believes pursuing certain defendants is not in the best interest of the MDL so claimants can decide if this wish to pursue these claims on their own. One such example of this is the defendant, NALCO. The public learned of the PSC's intention to dismiss NALCO from the bundled suits, not by the PSC telling us or giving fair warning, but by being served with a document where the PSC agreed to a dismissal without prejudice that this Court then converted to a Motion for Summary Judgment to determine if the dismissal should be with prejudice. At the hearing on this issue, the PSC admitted that they had not taken any depositions or conducted any discovery related to the issue of Corexit and the potential harm it could have caused the workers and beach-goers after it was distributed in historical proportions throughout the gulf coast. Anyone making or intending to make a claim against Nalco for their personal injuries is actually hindered instead of benefitted by the PSC's inaction on this subject.

If one looks at the history of MDLs from MDLs such as MDL NO. 330, IN RE SWINE FLU IMMUNIZATION PRODUCTS LIABILITY LITIGATION, MDL NO. 926 IN RE BREAST IMPLANT PRODUCTS LIABILITY LITIGATION, MDL NO. 1014, IN RE ORTHOPEDIC BONE SCREW PRODUCTS LIABILITY LITIGATION, MDL NO. 1038, IN

RE NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION, MDL NO. 1148 IN RE LATEX GLOVES PRODUCTS LIABILITY LITIGATION, MDL NO. 1203 IN RE DIET DRUGS (PHENTERMINE/FENFLURAMINE/ DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION, MDL NO. 1348 IN RE REZULIN PRODUCTS LIABILITY LITIGATION, MDL NO. 1355 IN RE PROPULSID PRODUCTS LIABILITY LITIGATION, MDL NO. 1401 IN RE SULZER ORTHOPEDICS INC. HIP PROSTHESIS AND KNEE PROSTHESIS PRODUCTS LIABILITY LITIGATION, MDL NO. 1407 IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, MDL NO. 1657 IN RE VIOXX PRODUCTS LIABILITY LITIGATION, MDL NO. 1699 IN RE BEXTRA AND CELEBREX LITIGATION, MDL NO. 1708 IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION, and MDL NO. 1873 IN RE FEMA TRAILER FORMALDEHYDE LITIGATION; the PSCs from these litigations also produced and shared with claimants, discovery packets, trial packages, and other work-product concerning the litigation so that claimants and their attorneys were up to date on the status of the litigation and strategies that were being implemented for the prosecution of the case. Due to these common benefits produced by the PSCs in the above referenced litigations, those PSCs were awarded a common benefit fee. The main difference is in this litigation, if you have or intend to opt-out of the settlement or were excluded by the settlement class definition, the Deepwater Horizon PSC has not taken actions or produced and shared a work product that is beneficial to those types of claimants.

WHEREFORE, Plaintiffs pray that this Honorable Court will clarify its order so that claimants who are not part of this class settlement and settle their cases on their own, will not be beholden to a common benefit hold-back.

Respectfully submitted.


SMITH STAG, L.L.C.

By: /s/   Stuart H. Smith

Stuart H. Smith, Esquire
ssmith@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana  70130
(504) 593-9600 telephone
(504) 593-9601 facsimile


and

Robert J. McKee, Esquire
Florida Bar Number:  972614
rmckee@krupnicklaw.com
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida  33301-3426
954-763-8181 telephone
954-763-8292 facsimile


*Attorneys for Economic and Property Settlement
Class Members*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objection to Joint Motion to Clarify Current Hold-Back Order Concerning Refund of Transition Payments has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 19th day of October, 2012.

/s/   Stuart H. Smith_____