UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | ) ) ) ) ) | MDL NO: 2179 SECTION: J |
| Relates to: 2:10-cv-07777-CJB-SS | ) ) ) ) | Judge Barbier Mag. Judge Shushan |

**MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION OF TIME ALLOTTED FOR OBJECTORS' COUNSEL AT FAIRNESS HEARING**

COMES NOW, the Objectors, Reynaldo Abreu, et. al., by and through undersigned counsel, and Pursuant to Fed. R. Civ. P. 23, and hereby files this Memorandum in support of Objectors' Motion to clarify the time for which Objectors' counsel will be allowed to present its argument at the Fairness Hearing for the proposed Medical Benefits Class Action Settlement, and in support would state as follows:

Before approving any class actions settlement, the court must hold a hearing and find that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)(C). Review of a proposed settlement generally proceeds in two stages: a hearing of preliminary approval, followed by a fairness hearing. *See True v. American Honda Motor Co.*, 749 F. Supp. 2d 1052 (C.D. Cal. 2010). Approval of a settlement is within the sound discretion of the trial court.

The proposed Medical Benefits Class Action Settlement Agreement was entered into on May 2, 2012. In a Court Order filed September 11, 2012, the Court stated: "the Court presently intends to limit oral presentations by individual objectors (or their counsel, as applicable) to not more than 3 minutes each." Rec. Doc. 7358 at 4. Objectors request the Court to clarify this statement as

1

applied here, because it could arguably be interpreted in one of two ways.  First, the Court could grant each individual objector three minutes to present his or her argument at the Fairness Hearing, with counsel for groups of objectors increasing or multiplying its time based on the number of objectors represented.  Second, the Court may intend to limit counsel for groups of objectors to three minutes to present the entirety of the arguments on behalf of the groups they represent.  Here, Objectors are composed of thirty-six (36) clean-up workers. If each was granted three minutes to present an argument, this would total one hour and forty-eight minutes.  Objectors' counsel understands that this would be unreasonable.  However, and for the reasons that follow, three minutes is vastly insufficient for Objectors' counsel to present its argument at the Fairness Hearing.  As a result, Objectors' counsel requests that the Court allow them twenty (20) minutes to speak at the Fairness Hearing for the proposed Medical Benefits Class Action Settlement.

     Objectors are composed of indigent Hispanic workers who were employed in the clean-up of the Gulf of Mexico after the BP Oil Spill.  From what can be gathered in the documents submitted to the Court, counsel for Objectors represents that greatest number of class members in this action, and this number continues to grow.  Although individual Objectors are all named parties to the same Objection, it does not necessarily follow that one Objector could sufficiently argue on behalf of the group of Objectors.  The fact that Objectors are united by the unfairness of the proposed settlement agreement does not mean that individual members of this group do not have different reasons and underlying their objections that are based on their individual injuries, backgrounds, and experiences.  Objectors' counsel intends to present the scope of the Objectors' arguments against the proposed settlement agreement.  Thus, it would be erroneous to believe that the Objectors as a whole should be limited to three minutes on the theory that they are not presenting different arguments.  Even if

the Court does ultimately believe Objectors' arguments are similar, the sheer number of the Objectors, the number of objections raised, and the complexity of the arguments supporting these objections can only lead the Court to the conclusion that Objectors' counsel cannot adequately present Objectors' arguments within three minutes.

The interests, contentions, and arguments of the Objectors is likely reflective of many, if not most, of the settlement class, which is composed of at least 100,000 workers. Both the Objectors and the members of the settlement class are poor, indigent workers who likely lack the intellectual or financial resources necessary to press objections. As fiduciary for the class, it is the Court's responsibility to act as guardian for class members who lack intellectual or financial resources necessary to press objections. *See Guisti-Bravo v. U.S. Veterans Admin.*, 853 Supp. 34 (D.P.R. 1993). By distributing these arguments made by Objectors who are similarly-situated to the absent class-members, the Court will be protecting these absent class members, who have not been afforded the tools to pursue an objection on their own.

According to this Court's order, "the Court does not intend to entertain duplicative or cumulative objections that have been adequately expressed in written filings, except potentially in brief, supplemental oral presentations." Rec. Doc. 7358 at 4. From what can be gathered by other class members' objections to the proposed Medical Benefits Class Action Settlement, Objectors have the most exhaustive and sophisticated objections on the record. These objections are supported by novel arguments that may or may not have been considered by the Plaintiffs' Steering Committee when it agreed to the initial settlement. Objectors' arguments are not peripheral, but cut to the heart of the settlement agreement itself. Objectors contend that their written objections necessitate a complimentary oral presentation, as the written objections may not, on their own, adequately express

the scope of the objections to be made to the fairness of the settlement agreement. Not only has new evidence been discovered, but Objectors feel that they should have the opportunity to answer any concerns or problems the Court may have with their written objections.

Objectors note that, in comparison to that of the proposed Economic and Property Damages Class Action Settlement Agreement, there were not nearly as many objections made to the proposed Medical Benefits Class Action Settlement Agreement. As a result, extending time for Objectors to the proposed Medical Benefits Class Action Settlement Agreement will not produce a hardship to the timeliness of the proceedings. Further, Objectors' ability to sufficiently express their objections to the proposed medical settlement should not be abrogated or limited by the amount of objections made to a separate proposed settlement agreement.

WHEREFORE, the Objectors respectfully request that this Court grant the Objectors twenty (20) minutes to present their arguments at the Fairness Hearing for the proposed Medical Benefits Class Action Settlement, and any additional relief this Court deems just and proper.

Respectfully Submitted,

Jeremy D. Friedman, Esq.
The Downs Law Group, PA
3250 Mary Street, Suite 307
Coconut Grove, FL 33133
(305) 444-8226
Attorney for Claimants

  /s/ Jeremy Friedman
Jeremy D. Friedman
Florida Bar # 134643

Marx Sterbcow, Esq.                Jason Melancon, Esq.
The Sterbcow Law Group             Melancon & Rimes
1734 Prytania St                   8706 Jefferson Hwy, Ste A
New Orleans, LA 70130              Baton Rouge, LA 70809
(504) 723-2184                     (225) 303-0455
Louisiana Bar #                    Louisiana Bar #

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Notice of Appearance has been electronically filed with Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send notice of electronic filing to all parties of record on or about the date as set forth above.

I HEREBY CERTIFY that the above was sent via U.S. Mail to: Medical Lead Class Counsel: James Parkerson Roy, Esq., Attention: Deepwater Horizon Medical Benefits Settlement, Domegeaux Wright Roy & Edwards, 556 Jefferson St., Suite 500, Post Office Box 3668, Lafayette, LA 70501; Stephen J. Herman, Esq., Attention: Deepwater Horizon Medical Benefits Settlement, Herman Herman Katz & Cotlar LLP, 820 O'Keefe Avenue, New Orleans, LA 70113; Defendants' Counsel: Richard C. Godfrey, P.C. Attention: Deepwater Horizon Medical Benefits Settlement Kirkland & Ellis, LLP, 300 North LaSalle St. Chicago Il., 60654 as of the date as set forth above.