IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * * | MDL NO. 2179<br><br>SECTION J<br><br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| Bon Secour Fisheries, Inc., et al., individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BP Exploration & Production Inc.; BP America Production Company; BP p.l.c.,<br><br>Defendants. | * * * * * * * * * * * * * * * | Civil Action No. 12-970<br><br>SECTION: J<br><br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**JOINT SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF ECONOMIC AND PROPERTY DAMAGES SETTLEMENT NOTICE PLAN**

I, CAMERON R. AZARI, ESQ., hereby declare and state as follows:

1. My name is Cameron R. Azari, Esq. I am over the age of twenty-one, and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am a nationally-recognized expert in the field of legal notice and I have served as a media expert in dozens of federal and state cases involving class action notice plans.

3. I am the Director of Legal Notice for Hilsoft Notifications, a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans. I previously submitted three declarations in this matter (*Declaration of Cameron R. Azari, Esq. on Economic and Property Damages Settlement Notices and Notice Plan,* dated April 17, 2012 (Docket Entry 6266, Exhibit 1), *Supplemental Declaration of Cameron R. Azari, Esq. on Revised Economic and Property Damages Settlement Notices,* dated May 1, 2012 (Docket Entry 6414, Ex. B) and *Joint Declaration of Cameron R. Azari, Esq. on Implementation and Adequacy of Economic and Property Damages Settlement Notice Plan,* dated August 13, 2012 (Docket Entry 7110-1, Ex. A).)

4. The facts in this Declaration are based on what I personally know, as well as information generated and provided to me in the ordinary course of business by my colleagues at Hilsoft Notifications as well as Garden City Group, Inc. ("GCG"), the Court-appointed Settlement Administrator for the Economic and Property Damages Settlement.

*Overview*

5. This Declaration will report on the events related to notice that have occurred since the submission of my *Joint Declaration of Cameron R. Azari, Esq. on Implementation and Adequacy of Economic and Property Damages Settlement Notice*

*Plan* of August 13, 2012 ("*Declaration on Implementation*") as well as respond to objections received that have commented on the notice effort.

6. As previously reported, the Economic and Property Damages Notice Program, as implemented, reached an estimated 95% of adults aged 18+ in the identified DMAs[1] covering the Gulf Coast Areas an average of 10.3 times each, and an estimated 83% of all U.S. adults aged 18+ an average of 4.0 times each.[2] Nothing has occurred since my most recent Declaration to change my assessment of the impressive performance of the Notice Program. The Notice Program surpassed other notice programs we have designed, that have been court-approved, and that we have implemented for purposes of settlement. The Notice Program was the best notice practicable under the circumstances of this case, conforming to all aspects of Federal Rule of Civil Procedure 23.

### *Supplement to CAFA Notice*

7. On August 27, 2012, at the direction of counsel for BP, Hilsoft Notifications sent by certified mail a notice packet to supplement previously-provided CAFA notice to 57 federal and state officials, including the Attorney General of the United States, the Attorneys General of each of the 50 states and the District of Columbia and the Attorneys General of the U.S. territories of Puerto Rico, the Northern Mariana Islands, American

---

[1] DMA or "Designated Market Area" is a term used by Nielsen Media Research to identify an exclusive geographic area of counties/parishes in which the home market television stations hold a dominance of total hours viewed. There are 210 DMAs in the U.S.

[2] Reach is defined as the percentage of a class exposed to notice, net of any duplication among people who may have been exposed more than once. Notice exposure is defined as the opportunity to see a notice. The average frequency of notice exposure is the average number of times that those reached by a notice would be exposed to the notice.

Samoa, the Virgin Islands and Guam[3]. A list of these officials and the date that each notice was mailed is included as Attachment 1.

8.  The Supplemental CAFA notice packet included a cover letter that provided updated information about the Economic and Property Damages Settlement Agreement (including the extended Opt-Out Deadline of November 1, 2012) and reminded recipients of the website address for the Public Access to Court Electronic Records (PACER) system, where court filings regarding the Settlement and MDL 2179 could be accessed. The cover letter was accompanied by a CD that included:

- The Amended Economic and Property Damages Settlement Agreement (with all exhibits), filed with the Court on May 3, 2012,
- The Seafood Program Opt-Out Terms, previously filed by the parties under seal,
- Other written judicial opinions relating to the Economic and Property Damages Settlement that were filed in MDL 2179 since the filing of the settlement agreement, between April 19, 2012 and August 24, 2012, as well as the Order Extending the Exclusion (Opt-Out) Deadlines for the *Deepwater Horizon* Economic and Property Damages Settlement Agreement and the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, issued August 27, 2012;
- The parties' motions seeking final approval of the Economic & Property Damages Settlement, with exhibits and supporting papers;
- Individual complaints that have been consolidated (or were in the process of being consolidated) into MDL 2179 since the filing of the settlement agreement; and
- Copies of any final judgment or notice of dismissal entered in MDL 2179 since the filing of the settlement agreement.

A sample of the cover letter to the Supplemental CAFA notice packet is included as Attachment 2.

---

[3] On April 26, 2012, within the 10-day period required by the federal Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715, Hilsoft Notifications sent the initial CAFA notice packet by certified mail to the same 57 federal and state officials.

*Individual Notice Update*

9. During the month of August, updated tax mapping data became available that identified additional parcels of land that were potentially eligible for Coastal Property Damage claims under the Economic and Property Damages Settlement. The boundaries of these parcels could not be physically identified by the 2010 tax mapping data used to identify potential Economic and Property Damages Settlement Class Members with likely Coastal Property Damage claims because the 2010 tax mapping data had not been updated yet by the counties. However, with the availability of the 2012 data, the boundaries of these parcels became ascertainable and additional Economic and Property Damages Settlement Class Members were identified.

10. Additionally, the analysis of 2010 property data used to determine eligibility during settlement negotiations initially resulted in the exclusion of any parcel where county transaction data indicated the parcel was leased. Based on updated county transaction data and research, the parties agreed that property sales relating to property on long-term land leases from the government should qualify under the Real Property Sales Damage claims category, because these properties trade like fee-simple properties.

11. The names and address of these newly-identified likely Economic and Property Damages Settlement Class Members were provided to GCG. As received, the list included 1,614 individual names and addresses. GCG compared this list to the list of names and addresses that were previously sent an individual Notice Packet between May 14, 2012 and June 30, 2012. 92 duplicate records were identified and removed from the

JOINT SUPPLEMENTAL DECLARATION OF CAMERON R. AZARI, ESQ. ON IMPLEMENTATION AND ADEQUACY OF ECONOMIC AND PROPERTY DAMAGES SETTLEMENT NOTICE PLAN

5

dataset. On September 5, 2012, GCG mailed an individual Notice Packet to the remaining 1,522 names and addresses.

12. Additionally, for all potential Economic and Property Damages Settlement Class Members, GCG has also continued the process of re-mailing any Notice Packets to addresses that were corrected through the USPS or found via additional public record research. Notice Packets also continue to be mailed by GCG to anyone who requests one.

### *Informational Settlement Website Updates*

13. Since the filing of my *Declaration on Implementation* on August 13, 2012 several updates have been made to the www.DeepwaterHorizonSettlements.com informational website to reflect Orders issued by the Court. They are as follows:

- On August 28, 2012, to conform to the Court's August 27, 2012 Order extending the Opt-Out deadline from October 1, 2012 to November 1, 2012, the deadline was changed throughout the informational website in all three languages, including edits in the appropriate sections of the Detailed Notice PDF files posted on the website. The link to the Detailed Notice PDF file was changed to read, "Detailed Notice (updated August 28, 2012)." GCG was also immediately made aware of the extended deadline and asked to make the appropriate edits to the Economic and Property Damages Settlement claims administration website.

- On August 29, 2012, the Seafood Program Opt-Out Terms document was added as a PDF file to the list of Exhibits to the Amended Settlement Agreement. The document was also provided to GCG for posting on the Economic and Property Damages Settlement claims administration website.

- On August 31, 2012, to conform to the Court's Order issued that day extending the Objection deadline to September 7, 2012, the deadline was changed throughout the informational website in all three languages, including edits in the appropriate sections of the Detailed Notice PDF files posted on the website. Also, prominently on the website homepage a sentence was added reading, "August 31, 2012 Update: Objection

deadlines have been extended to September 7, 2012 by Order of the Court." The sentence linked to a PDF file of the Court's Order extending the deadline. The document was also provided to GCG for posting on the Economic and Property Damages Settlement claims administration website.

14. Hilsoft will continue to update the informational notice website as ordered by the Court and/or directed by the parties. The informational notice website will thus advise Class Members, on an ongoing and timely basis, of important dates, events, information, and proceedings that relate to settlement approval, implementation, enforcement, administration, and claims.

### *No Substantial Objections to Notice*

15. I and my staff have reviewed all of the objections that were filed to the Economic and Property Damages Settlement. Very few objections mention the Notice Plan, and of those that do, it is significant that none relates to the manner that notice was delivered to the Settlement Class. Moreover, none of the objections purporting to raise notice issues was accompanied by an expert declaration or other support. Three objections questioned (in passing) whether CAFA notice was delivered as required under the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715. Two objections addressed the plain language sufficiency of the Notices and their content in general. In both of these instances, the notice issues raised were either inaccurate or irrelevant from the standpoint of effective communication with Settlement Class Members.

16. The following three objections questioned whether CAFA notice was delivered:

- Obj. Dec. 123, *Objections Regarding Proposed Economic and Property Damages Settlement Agreement* ("Kirby Objection") (Docket Entry 123);

- Obj. Dec. 230, *Objection to Economic Damages Settlement, Notice of Appearance, and Intent to Appear at Fairness Hearing* ("Saunders Objection") (Docket Entry 230); and

- Obj. Dec. 234, *Objections of Samir Petro & Reness Petro, and Notice of Appearance and Intent to Appear at Fairness Hearing* ("Petro Objection") (Docket Entry 234).

17. Each of these objections includes very little detail on the concerns expressed about whether BP complied with the requirements of CAFA. The Kirby Objection is the most substantive and states on page 39, "Objectors have been unable to determine whether Defendants have complied with the Class Action Fairness Act of 2005." Kirby Objection, at 39. And later, "Since many beachfront properties are owned by residents from throughout the United States, the statute likely required notice of the Settlement to all state Attorneys General. Unless there is proof that BP complied with that requirement, the court may not enter a final judgment." *Id.* The Saunders and Petro Objections are much briefer. Both identically state with no elaboration, "BP may not have fully complied with the CAFA notice requirements." Saunders Objection, at 3; Petro Objection, at 5.

18. As reported in my *Declaration on Implementation* in paragraphs 17 and 18, CAFA notice was properly sent in compliance with Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715 by Hilsoft Notifications to 57 federal and state officials, including the Attorney General of the United States, the Attorneys General of each of the 50 states and the District of Columbia and the Attorneys General of the U.S. territories of Puerto Rico, the Northern Mariana Islands, American Samoa, the Virgin Islands and Guam.

19. Two objections were received questioning the content of the Notices:

- Obj. Dec. 118, *Cobb Real Estate, Inc.; G. & A. Cobb Family Limited Partnership; L & M Investments, Ltd.; Mad, Ltd.; Mex-Co, Ltd.; Robert C. Mistrot; and Missroe, L.L.C.'S Objections to Class Action Settlement* ("Cobb Objection") (Docket Entry 118); and

- Obj. Dec. 122, *Plaintiffs Represented by Brent Coon & Associates Motion in Opposition and Objections to the Economic Class Settlement* ("BCA Objection") (Docket Entry 212).

20. The Cobb Objection argues that the Notice fails to explain the reasons for the locations of the Zones, stating without citation or authority that, "When a settlement treats class members differently and makes distinctions among them, the notice to the class should provide an explanation therefor." Cobb Objection, at 6. The Cobb Objection then almost immediately cites the *Manual for Complex Litigation* for the unrelated proposition that the notice must "explain the procedures for allocating and distributing settlement funds, and, if the settlement provides different kinds of relief for different categories of class members, clearly set forth those variations." *Manual for Complex Litigation* §21.312 (4th ed. 2011). The notices, and specifically the Detailed Notice, thoroughly do just that. The eight claim categories (Seafood Compensation, Economic Damage, Loss of Subsistence, Vessel Physical Damage, Vessel of Opportunity Charter Payment, Coastal Real Property Damage, Wetlands Real Property Damage and Real Property Sales Damage) are explained in detail in a table format showing the eligibility requirements and potential benefits associated with each category. The Zones are described in full with illustrative maps of the Zones included with all mailed Detailed Notices. Class Members are directed to the website and the toll-free line for additional information, including a "Check Your Zone" interactive mapping tool on the Economic

and Property Damages Settlement claims administration website that helps Class Members assess whether they are included in one of the defined Zones. The different benefits for different categories of class members offered by the Economic and Property Damages Settlement are clearly set forth by the notices. The Cobb Objection is expressing displeasure with the Zones created by the Settlement as if this is an issue related to notice. It is not.

21. The BCA Objection asserts two general objections to the content of the notices but fails to provide any supporting authority or expert declaration. First, it asserts that, "the Class fails to meet Rule 23 requirements concerning the content of the notices." BCA Objection, at 10. Under this heading the BCA Objection points to a math error in the section describing settlement benefits related to Coastal Real Property Damages that was included in some early mailed versions of the Detailed Notice. In my *Declaration on Implementation* (paragraph 23) I described the identification and correction of this error. Second, the BCA Objection asserts that the notices do not contain "sufficient information to make an informed decision," BCA Objection, at 11, arguing that the settlement is "extremely complicated" and "understanding the value of the submitted claim for most types of claim types requires a high-level understanding of math." BCA Objection, at 11-12. The BCA Objection later asserts in a heading that, "The Notice is not Written in Clear Concise and Easily Understood Language." The BCA objectors offer no examples of notice text that they contend was not drafted clearly enough, nor is any specific assertion made that the BCA Objectors had difficulty understanding any portion of the Notices.

22. Many class action settlements are complex, but the mere complexity of a class action settlement does not render the notice about such a settlement defective. Rule 23's plain language requirement does not command that all settlements be so simple that they can be explained in the notices as quickly and easily as the simplest and smallest class settlements can be explained. As articulated by the Committee Notes on the 2003 Amendment to Rule 23 that added a plain language requirement, "The direction that class-certification notice be couched in plain, easily understood language is a reminder of the need to work unremittingly at the difficult task of communicating with class members." To provide additional assistance to Class Members of the Economic and Property Damages Settlement, telephone agents have been available to speak with Class Members who call the Claims Administrator's toll-free number during regular business hours. In addition, Notice information has been posted on the Claims Administrator's website in a "frequently asked questions" (or FAQ) format which has been updated on an ongoing basis to answer Class Members' questions.

23. The Court has already reviewed the notice contents for the Economic and Property Damages Settlement and found that the notice "clearly and concisely states in plain, easily understood language" the information required by Rule 23. Rec. Doc. 6418 at 37. In its Preliminary Approval Order of May 2, 2012, the Court found that the Notice "satisf[ied] the requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and (e)(1) and due process." Rec. Doc. 6418 at 37.

24. Additionally, it bears mention that the PSC's notice expert, Shannon R. Wheatman, Ph.D., who was herself involved in the drafting of the very class action notice

standards that the objectors cite, participated in drafting and reviewing the notice content and submitted a declaration opining that the notice is "consistent with the plain language goals, recommendations, and requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure, the FJC's *Manual for Complex Litigation, 4th*, and the FJC's *Notice Checklist and Plain Language Guide*." Rec. Doc. 6266-4 at ¶ 13.  Indeed, the FJC guides were consulted and followed in the design and preparation of the Notice content.

25. With respect to the Economic and Property Damages Settlement, never before in my experience has so much effort from all parties been expended on making the notices clear and accurate.  The Notices were painstakingly crafted with input from the PSC, PSC's notice expert, Counsel for BP and Magistrate Judge Shushan.  The Summary Publication Notices were translated into multiple languages for publication and all notices were translated into Spanish and Vietnamese (including entire translated versions of the notice website into each language).  Every effort was made to draft and present the Economic and Property Damages Settlement notices in as clear and concise a format as was possible, while maintaining accuracy and ensuring all necessary content was included.  In my opinion, the BCA Objection is without merit.

*Conclusion*

26. As stated in my *Declaration on Implementation*, in my opinion, the Economic and Property Damages Settlement Notice Program was the best notice practicable under the circumstances of this case, conformed to all aspects of Federal Rule of Civil Procedure 23, and comported with the guidance for effective notice articulated in

the *Manual for Complex Litigation*, 4th. The continuing efforts to deliver notice to the Class support that conclusion.

I declare under penalty of perjury that the foregoing is a true and correct statement of my opinions and analysis.

                                                                             *[signature]*

                                                                                   Cameron R. Azari, Esq.

Dated: October 21, 2012

© 2012 Hilsoft Notifications

# Attachment 1

*Deepwater Horizon Oil Spill Settlement* — Attorneys General Mailing List — October 22, 2012

| First Name | MI | Last Name | Title | Address1 | Address2 | Address3 | City | ST | Zip Code | Shipped Date |
|---|---|---|---|---|---|---|---|---|---|---|
| Michael | | Geraghty | Attorney General | Office of the Attorney General | 123 4th Street | 6th Floor | Juneau | AK | 99801 | August 27, 2012 |
| Luther | | Strange | Attorney General | Office of the Attorney General | 501 Washington Avenue | | Montgomery | AL | 36130 | August 27, 2012 |
| Dustin | | McDaniel | Attorney General | Office of the Attorney General | 200 Tower Building | 323 Center St., Suite 200 | Little Rock | AR | 72201-2610 | August 27, 2012 |
| Tom | | Horne | Attorney General | Office of the Attorney General | Department of Law | 1275 W. Washington St. | Phoenix | AZ | 85007 | August 27, 2012 |
| CAFA | | Coordinator | Office of The Attorney General | Consumer Law Section | 110 West "A" Street | Suite 1100 | San Diego | CA | 92186-5266 | August 27, 2012 |
| John | | Suthers | Attorney General | Office of the Attorney General | 1525 Sherman St. 5th Floor | | Denver | CO | 80203 | August 27, 2012 |
| George | | Jepsen | Attorney General | Office of the Attorney General | 55 Elm Street | | Hartford | CT | 06141 | August 27, 2012 |
| Irvin | | Nathan | Attorney General | Office of the Attorney General | John A. Wilson Building | 441 4th Street NW | Washington | DC | 20001 | August 27, 2012 |
| Joseph | R. | Biden III | Attorney General | Office of the Attorney General | Carvel State Office Building | 820 North French St. | Wilmington | DE | 19801 | August 27, 2012 |
| Pam | | Bondi | Attorney General | Deepwater Horizon Oil Spill Settlement | State of Florida | The Capitol, PL 01 | Tallahassee | FL | 32399-1050 | August 27, 2012 |
| Sam | | Olens | Attorney General | Office of the Attorney General | 40 Capitol Square, SW | | Atlanta | GA | 30334-1300 | August 27, 2012 |
| David | | Louie | Attorney General | Office of the Attorney General | 425 Queen Street | | Honolulu | HI | 96813 | August 27, 2012 |
| Thomas | J. | Miller | Attorney General | Iowa Attorney General | Hoover Office Building, 2nd Floor | 1305 E. Walnut Street | Des Moines | IA | 50319 | August 27, 2012 |
| Lawrence | G. | Wasden | Attorney General | Statehouse | Office of the Attorney General | 700 W. Jefferson Street | Boise | ID | 83720 | August 27, 2012 |
| Lisa | | Madigan | Attorney General | Office of the Attorney General | James R. Thompson Center | 100 W. Randolph St. ,13th Floor | Chicago | IL | 60601 | August 27, 2012 |
| Greg | | Zoeller | Attorney General | Office of the Indiana Attorney General | Indiana Government Center South, 5th Floor | 302 West Washington Street | Indianapolis | IN | 46204 | August 27, 2012 |
| Derek | | Schmidt | Attorney General | Office of the Attorney General | 120 S. W. 10th Street, 2nd Floor | | Topeka | KS | 66612-1597 | August 27, 2012 |
| Jack | | Conway | Attorney General | Office of the Attorney General | State Capitol, Suite 118 | 700 Capitol Avenue | Frankfort | KY | 40601-3449 | August 27, 2012 |
| James | D. | Caldwell | Attorney General | Department of Justice | 1885 North 3rd St. 6th Floor | | Baton Rouge | LA | 70802 | August 27, 2012 |
| Martha | | Coakley | Attorney General | Office of the Attorney General | McCormack Buliding | One Ashburton Place | Boston | MA | 02108-1698 | August 27, 2012 |
| Douglas | F. | Gansler | Attorney General | Office of the Attorney General | 200 Saint Paul Place | | Baltimore | MD | 21202-2202 | August 27, 2012 |
| William | J. | Schneider | Attorney General | Office of the Attorney General | | 6 State House Station | Augusta | ME | 04333 | August 27, 2012 |
| Bill | | Schuette | Attorney General | Office of the Attorney General | | 525 West Ottawa Street | Lansing | MI | 48909 | August 27, 2012 |
| Lori | | Swanson | Attorney General | Office of the Attorney General | State Capitol | Suite 102 | St. Paul | MN | 55155 | August 27, 2012 |
| Chris | | Koster | Attorney General | Office of the Attorney General | Supreme Court Building | 207 W. High Street | Jefferson City | MO | 65101 | August 27, 2012 |
| Jim | | Hood | Attorney General | Department of Justice | Walter Sillers Building | 550 High Street, Suite 1200 | Jackson | MS | 39201 | August 27, 2012 |
| Steven | | Bullock | Attorney General | Office of the Attorney General | Montana Department of Justice | 215 N. Sanders Street, 3rd Floor | Helena | MT | 59620-1401 | August 27, 2012 |
| Roy | | Cooper | Attorney General | Office of the Attorney General | Department of Justice | 9001 Mail Service Center | Raleigh | NC | 27699 | August 27, 2012 |
| Wayne | | Stenehjem | Attorney General | Office of the Attorney General | State Capitol | 600 E. Boulevard Avenue, Dept 125 | Bismarck | ND | 58505-0040 | August 27, 2012 |
| Jon | | Bruning | Attorney General | Office of the Attorney General | State Capitol | 2115 State Capitol | Lincoln | NE | 68509 | August 27, 2012 |
| Michael | | Delaney | Attorney General | Office of the Attorney General | State House Annex | 33 Capitol St. | Concord | NH | 03301-6397 | August 27, 2012 |
| Jeffrey | S. | Chiesa | Attorney General | Richard J. Hughes Justice Complex | 25 W. Market Street | | Trenton | NJ | 08625 | August 27, 2012 |
| Gary | | King | Attorney General | Office of the Attorney General | 408 Galisteo Street | Villagra Building | Santa Fe | NM | 87501 | August 27, 2012 |
| Catherine | Cortez | Masto | Attorney General | Office of the Attorney General | Old Supreme Court Building | 100 N. Carson Street | Carson City | NV | 89701 | August 27, 2012 |
| Eric | | Schneiderman | Attorney General | Department of Law | The Capitol, 2nd Floor | | Albany | NY | 12224-0341 | August 27, 2012 |
| Mike | | Dewine | Attorney General | Office of the Attorney General | State Office Tower | 30 E. Broad Street, 17th Floor | Columbus | OH | 43266-0410 | August 27, 2012 |
| Scott | | Pruitt | Attorney General | Office of the Attorney General | 313 NE 21st Street | | Oklahoma City | OK | 73105 | August 27, 2012 |
| Ellen | F. | Rosenblum | Attorney General | Office of the Attorney General | Justice Building | 1162 Court St., NE | Salem | OR | 97301 | August 27, 2012 |
| Linda | L. | Kelly | Appointed Attorney General | Office of the Attorney General | 1600 Strawberry Square | 16th Floor | Harrisburg | PA | 17120 | August 27, 2012 |
| Peter | | Kilmartin | Attorney General | Office of the Attorney General | 150 South Main Street | | Providence | RI | 02903 | August 27, 2012 |
| Alan | | Wilson | Attorney General | Rembert C. Dennis Office Bldg. | Rembert C. Dennis Office Building | 1000 Assembly Street, Rm 519 | Columbia | SC | 29201 | August 27, 2012 |
| Marty | J. | Jackley | Attorney General | Office of the Attorney General | 1302 East Highway 14, Suite 1 | | Pierre | SD | 57501-8501 | August 27, 2012 |
| Robert | E. | Cooper, Jr. | Attorney General | Office of the Attorney General | 425 5th Avenue North | | Nashville | TN | 37243 | August 27, 2012 |
| Greg | | Abbott | Attorney General | Office of the Attorney General | 300 W. 15th Street | | Austin | TX | 78701 | August 27, 2012 |
| Mark | L. | Shurtleff | Attorney General | Office of the Attorney General | State Capitol, Room 236 | | Salt Lake City | UT | 84114-0810 | August 27, 2012 |
| Ken | | Cuccinelli | Attorney General | Office of the Attorney General | 900 E. Main Street | | Richmond | VA | 23219 | August 27, 2012 |
| William | H. | Sorrell | Attorney General | Office of the Attorney General | 109 State Street | | Montpelier | VT | 05609-1001 | August 27, 2012 |
| Robert | | McKenna | Attorney General | Office of the Attorney General | 1125 Washington Street, SE | | Olympia | WA | 98504 | August 27, 2012 |
| J.B. | | Van Hollen | Attorney General | Office of the Attorney General | 114 East State Capitol | | Madison | WI | 53707-7857 | August 27, 2012 |
| Darrell | V. | McGraw Jr. | Attorney General | Office of the Attorney General | 1900 Kanawha Blvd., E. | Room 26E | Charleston | WV | 25305-9924 | August 27, 2012 |
| Greg | | Phillips | Attorney General | Office of the Attorney General | 123 Capitol Building | 200 West 24th Street | Cheyenne | WY | 82002 | August 27, 2012 |
| Eric | H. | Holder, Jr. | Federal Attorney General | US Department of Justice | 950 Pennsylvania Avenue, NW | | Washington | D.C. | 20530-0001 | August 27, 2012 |
| Fepulea'i | A. | Ripley, Jr. | Attorney General | American Samoa Gov't Exec Office Building | Utulei, Territory of American Samoa | | Pago Pago | AS | 96799 | August 27, 2012 |
| Lenny | | Rapadas | Attorney General | | 287 West O'Brien Drive | | Hagatna | Guam | 96910 | August 27, 2012 |
| Edward | T. | Buckingham | Attorney General | Administration Building | P.O. Box 10007 | | Saipan | MP | 96950-8907 | August 27, 2012 |
| Guillermo | | Somoza-Colombani | Attorney General | | GPO Box 902192 | | San Juan | PR | 00902-0192 | August 27, 2012 |
| Vincent | | Frazer | Attorney General | Department of Justice | G.E.R.S. Complex | 488-50C Kronprinsdens Gade | St. Thomas | VI | 802 | August 27, 2012 |

# Attachment 2

**Notice Administrator for U.S. District Court**

Eric H. Holder, Jr.
Attorney General of the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


On or about April 26, 2012, Notice of a proposed class-action settlement -- the "Economic & Property Damages Settlement" -- was provided to you as required by the Class Action Fairness Act ("CAFA Notice").  *See* 28 U.S.C. § 1715(b).  As a courtesy, we are providing you with the following additional information and materials related to the proposed Economic & Property Damages Settlement that have become available since the CAFA Notice was sent:

- **Case:**  *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179-CJB-SS.

- **Court:**  The United States District Court for the Eastern District of Louisiana (Honorable Carl J. Barbier).

- **Defendants:**  Defendants BP Exploration & Production Inc. and BP America Production Company (together, "BP") are parties to the proposed settlement.

- **Judicial Hearings Scheduled:**  The proposed Economic & Property Damages Settlement was preliminarily approved by the Court on May 2, 2012.  A hearing on the request to certify the Settlement Class and to give final approval to the settlement has been scheduled by the Court for Wednesday, November 8, 2012, at the U.S. District Court, 500 Poydras Street, New Orleans, Louisiana, 70130.  At the time of the hearing, these matters may be continued without further notice.

- **Change to Opt-Out Deadline:**  Please be advised that by Order of the Court, and as reflected on the settlement website (www.deepwaterhorizonsettlements.com), the deadline for class members to exclude themselves ("opt out") of the Economic & Property Damages Settlement has been extended to **November 1, 2012**.  No other deadlines have changed.  However, the settlement website (www.deepwaterhorizonsettlements.com) and the Public Access to Court Electronic Records ("PACER") system (http://www.pacer.gov/) should be regularly consulted for further updates regarding the settlement.

- **Documents Enclosed:**  As a supplement to the materials previously provided to you, copies of the following documents are provided as a courtesy on the enclosed CD-ROM disk in Adobe Acrobat PDF format.

    o Amended Economic & Property Damages Settlement Agreement (with all exhibits), filed with the Court on May 3, 2012;

- o The Seafood Program Opt-Out Terms, as referenced in ¶ 38.132 of the settlement agreement and previously filed under seal;

- o Other written judicial opinions relating to the Economic & Property Damages Settlement that were filed in MDL 2179 since the filing of the settlement agreement on April 19, 2012, through August 24, 2012, as well as the Order Extending the Exclusion (Opt-Out) Deadlines for the *Deepwater Horizon* Economic and Property Damages Settlement Agreement and the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, issued August 27, 2012;

- o The parties' motions seeking final approval of the Economic & Property Damages Settlement, with exhibits and supporting papers;

- o Individual complaints that have been consolidated (or are in the process of being consolidated) into MDL 2179 since the filing of the settlement agreement on April 19, 2012, through August 24, 2012; and

- o Copies of any final judgment or notice of dismissal entered in MDL 2179 since the filing of the settlement agreement on April 19, 2012, through August 24, 2012.

To the extent you are interested in learning about materials related to this settlement that may be filed in the future, the Public Access to Court Electronic Records ("PACER") system (http://www.pacer.gov/) includes access to all public pleadings and orders in MDL 2179, including any pleadings or orders that are filed. Information is also available on the settlement website (http://www.deepwaterhorizonsettlements.com). If you have any questions, please contact Richard C. Godfrey, P.C. (richard.godfrey@kirkland.com), with a cc to Joel A. Blanchet (joel.blanchet@kirkland.com) and Sandra L. Musumeci (sandra.musumeci@kirkland.com).