# LISKOW&LEWIS
A Professional Law Corporation

| | | |
|---|---|---|
| One Shell Square | 822 Harding Street | First City Tower |
| 701 Poydras Street, Suite 5000 | Post Office Box 52008 | 1001 Fannin Street, Suite 1800 |
| New Orleans, LA 70139 | Lafayette, LA 70505 | Houston, TX 77002 |
| (504) 581-7979 Main | (337) 232-7424 Main | (713) 651-2900 Main |
| (504) 556-4108 Fax | (337) 267-2399 Fax | (713) 651-2908 Fax |

www.Liskow.com

August 3, 2010                    **Don K. Haycraft**        **Direct: (504) 556-4128**
                                                              dkhaycraft@liskow.com


Steve Herman
Herman Herman Katz & Cotlar
820 O'Keefe Avenue
New Orleans, LA  70113


Re:   DEEPWATER HORIZON
      Our File No.:  10451.84

Dear Steve:

I was copied on your emails of July 19 and August 2, 2010, to Messrs. Feinberg and Rozen. You suggest to them that the GCCF should not employ an offset or credit for income received by participants in the Vessels of Opportunity program against claims of lost income by the participants in this program.

In this regard, you claim that an offset would be inconsistent with a position BP's attorney (Skipper Chennault) espoused in a letter to Jim Klick dated May 3, 2010. In this letter, Skipper stated that, "Lastly, we confirm that BP will not offset payments to vessel owners or other volunteers against claims they might have."

Of course, the GCCF will apply its own independent judgment to such questions, but on behalf of BP I need to clarify the record on this particular matter.

The sentence that you cite for your proposition in this May 3 letter is unclear. Read in context with Jim's letter, Skipper may have been responding to Jim's concern about environmental and health risks these participants might encounter.  In addition, BP said repeatedly during this time frame that it was not currently offsetting interim payments by payments made in the VOO program. However, BP did not commit to the position you articulate.  To the extent that Skipper's communication was less than clear, we regret that any miscommunication occurred.



LISKOW&LEWIS                                                                    Page 2

August 2, 2010

In any event, BP did not then or now take the position that claimants, including VOO participants, do not have a duty under the law, including the Oil Pollution Act, to attempt to mitigate damages. Earnings from other sources that reduce or offset the losses may be considered in any "truing up" of a final resolution.

Sincerely,

Don K. Haycraft

DKH/apf

cc:   Kenneth Feinberg
      Michael Rozen
      Jim Roy