**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | : MDL NO. 2179<br>:<br>:<br>:<br>: SECTION: J<br>:<br>:<br>: |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | : JUDGE BARBIER<br>: MAG. JUDGE SHUSHAN<br>: |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**LIAISON COUNSEL MEMORANDUM**

**PROVIDING STATUS REPORT FOR 10/26/12 STATUS CONFERENCE**

Liaison Counsel submit this report for the status conference on October 26, 2012.

1. **Pre-Trial Orders:**

Since the last status report was filed on September 11, 2012, the Court has entered the following orders:

- On September 11, 2012, the Court entered an Order regarding procedures for the November 8 Final Fairness Hearing (Rec. Doc. 7358).

- On September 11, 2012, the Court also entered an Order approving a procedure to process third party claims against claimant recoveries in the Economic and Property Damages Settlement (Rec. Doc. 7359).

- On September 18, 2012, the Court entered three Orders regarding procedures for the Claims Administrator of the Deepwater Horizon Court Supervised Settlement Program to obtain the following information directly from authorities: (1) commercial fishing licenses (Rec. Doc. 7439); (2) vessel registration information (Rec. Doc. 7440); and (3) trip tickets, dealer reports, and/or their equivalents (Rec. Doc. 7441).

- On September 24, 2012, the Court issued an Order approving a procedure for the processing by the Claims Administrator of the Economic and Property Damages Settlement of claims on behalf of deceased, minor, and incompetent claimants (Rec. Doc. 7462). On October 17, 2012, the Court issued a similar order for the processing by the Claims Administrator of the Medical Benefits Class Action Settlement of claims on behalf of deceased, minor, and incompetent claimants (Rec. Doc. 7672).

- On October 1, 2012, the Court entered an Order rescheduling the upcoming Status Conference from October 19, 2012 at 9:30 a.m. C.D.T. to October 26, 2012 at 9:00 a.m. C.D.T. (Rec. Doc. 7522).

- On October 1, 2012, the Court entered an Order granting motions to dismiss the "Pure Stigma Claims," "BP Dealer Claims," and "Recreation Claims" (Rec. Doc. 7526).

- On October 16, 2012, the Court entered an Order Concerning the Refund of Transition Payments providing for refunds of 6% hold-back amounts from payments made to Gulf Coast Claims Facility claimants who had opted for 60% payments and who remain in the economic settlement class (Rec. Doc. 7660).

2.  <u>Status of the JPML Proceedings</u>:

Since the parties submitted the last status report on September 11, 2012, the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") has issued one new Conditional Transfer Order conditionally transferring one additional case to this Court.  To date, a total of sixty-four CTOs have been issued.   As of October 23, 2012, there are approximately 756 total cases that have been consolidated with MDL 2179.  (More than 119,000 short-form joinders have been filed in MDL 2179.)   As a result of dismissals, currently about 634 cases are active before the Court.  Of the active cases, 353 have been transferred by the JPML, while many others were originally filed in this District.

Since the parties submitted the last status report, the Panel denied plaintiff Rhonda Burkeen's motion asking the JPML to remand her claims in the Pleading Bundle A case *Kritzer, et al. v. Transocean, Ltd., et al.*, 2:10-cv-04427-CJB-SS, to the Southern District of Texas.  One objection was filed regarding CTO-62 and remains undecided by the Panel, but it is scheduled to be heard at the Panel's November 29, 2012 hearing session.[1]

3.  <u>Status of State-Filed Lawsuits</u>:

At least forty-two Deepwater Horizon-related lawsuits are now pending in various state courts, including Baldwin County, Alabama (three cases); Mobile County, Alabama (two cases); Jefferson Parish, Louisiana (two cases); Lafayette Parish, Louisiana (one case); Lafourche Parish, Louisiana (five cases); Orleans Parish, Louisiana (two cases); Plaquemines Parish, Louisiana (six cases); Terrebonne Parish, Louisiana (three cases); St. Bernard Parish, Louisiana (one case); Leon County, Florida (seven cases); Harrison County, Mississippi (two cases);

---

[1]     Attached is a chart showing the status of the Conditional Transfer Orders.

Jackson County, Mississippi (one case); Harris County, Texas (four cases); Galveston County, Texas (one case); and Orange County, Texas (two cases).  These cases include:

- Twenty-two personal injury suits, including (1) one suit brought by a plaintiff alleging injuries sustained in the April 20, 2010 incident and (2) twenty-one suits brought by oil spill response workers;

- Ten lawsuits alleging loss of commercial revenues, personal income, and/or diminished real property value as a result of the oil spill;

- Six suits alleging primarily the breach of sale, lease, or services agreements related to the spill response efforts;

- One breach of contract suit by the owner/operator of a vessel participating in the Vessels of Opportunity oil spill response program;

- Three suits alleging real property damage resulting from oil spill response staging operations conducted on or near plaintiffs' properties.

Motion practice, written discovery, document production, and fact witness depositions have been proceeding in some state court cases.  BP is working with Magistrate Judge Shushan to encourage coordination of any such state court discovery with discovery in MDL 2179 and with this Court.

In addition to the forty-two cases discussed above, there are shareholder derivative lawsuits related to the Deepwater Horizon incident currently pending in state courts in Louisiana, Texas (consolidated litigation), and Alaska.  The Louisiana and Texas actions are stayed, and defendants will seek their dismissal pursuant to Judge Ellison's decision dismissing the shareholder derivative actions in MDL 2185.  Plaintiffs in the Alaska action have appealed the

Alaska court's dismissal of their action pursuant to Judge Ellison's decision in the related federal court derivative cases, but that appeal has been stayed, and plaintiffs' counsel has indicated that their clients likely will agree to withdraw the appeal.

**4.** <u>**Status of MDL-2185**</u>:

<u>Securities Litigation</u>.   Defendants' motion to dismiss the federal securities plaintiffs' second amended consolidated complaint in *In re BP p.l.c. Securities Litigation*, the consolidated class action, is fully briefed and will be set for hearing.   In addition to this consolidated class action, there are several later-filed, related securities actions brought by individual shareholders that have been transferred or assigned to Judge Ellison as part of MDL 2185.   These actions brought by individual shareholders include:

- Two consolidated actions brought by purchasers of BP American Depositary Shares and/or ordinary shares.  Motions to dismiss those actions are due in November.

- Two actions filed in Ohio and Oregon state courts by BP ordinary share purchasers. After removal and transfer to MDL 2185, plaintiffs in these two cases filed motions to remand, which Judge Ellison denied on October 3, 2012.  Motions to dismiss those actions are due in November.

- Three actions filed in the District Court of Harris County, Texas, by BP ordinary share purchasers.  Defendants removed these cases to the United States District Court for the Southern District of Texas, and plaintiffs in each action will file amended complaints on October 31, 2012, December 6, 2012, and January 9, 2013.

- One action filed on October 11, 2012 in the United States District Court for the Southern

District of Texas by BP ordinary share purchasers.   The parties are conferring regarding an agreed pleading and motion schedule.

<u>Derivative Litigation</u>.   The parties have fully briefed plaintiffs' appeal to the United States Court of Appeals for the Fifth Circuit of the final judgment dismissing the shareholder derivative cases on *forum non conveniens* grounds.   Oral argument has tentatively been scheduled for the week of December 3, 2012.

<u>ERISA Litigation</u>.   On September 4, 2012, Judge Ellison entered a final judgment dismissing the ERISA case with prejudice.  On September 25, plaintiffs filed a notice of appeal.

<u>Dividend Class Action</u>.   On July 5, 2012, the court granted BP's motion to dismiss this putative class action, brought on behalf of holders of BP American Depositary Shares based on BP's decision not to pay a dividend in June 2010 in the aftermath of the Deepwater Horizon explosion and oil spill, for lack of personal jurisdiction over BP p.l.c.   On August 10, plaintiff filed an amended complaint, which BP moved to dismiss on October 9.  Briefing on BP's motion is scheduled to be completed by mid-December.

<u>Discovery Coordination</u>.   In the securities and ERISA cases now in MDL 2185, plaintiffs' counsel have entered into stipulations with BP for access to BP's MDL 2179 document production pending resolution of whether any of the MDL 2185 claims will survive Rule 12 motion practice.  MDL 2185 plaintiffs attended MDL 2179 Phase 1 depositions pursuant to this Court's PTOs 17 and 27 and have received copies of certain expert reports submitted in MDL 2179.  In some cases, BP has agreed to make certain BP deponents available for extra time to allow questioning by MDL 2185 counsel.  Pursuant to this Court's Order of September 4,

2012 (Rec. Doc. 7277), MDL 2185 plaintiffs will attend MDL 2179 Phase 2 depositions and receive copies of certain Phase 2 expert reports on the same terms as specified in this Court's pre-trial orders for Phase 1 depositions and expert reports.

**5.  Written and Deposition Discovery:**

Extensive written discovery, document production, and depositions have occurred so far. In total, the parties have now produced approximately 18 million documents comprising over 116 million pages.

In the course of Phase One discovery, more than 310 depositions were taken, with more than 7400 documents marked as deposition exhibits.  The PSC, the United States, the petitioners-in-intervention, and the Rule 14(c) defendants provided more than eighty Phase One expert reports and more than 30 rebuttal expert reports.  Phase One discovery is now closed, with Phase One activity now focused on preparations for the January 14, 2013 Trial.

Phase Two discovery is underway.  The parties have largely completed Phase Two document productions and, with the assistance of Magistrate Judge Shushan, are in the final phases of resolving outstanding privilege issues related to these productions.  Phase Two Rule 30(b)(6) fact depositions commenced in late August, and, under the current schedule, the parties will have completed 53 Phase Two Rule 30(b)(6) depositions by November 30.

On October 9, Magistrate Judge Shushan issued a Phase Two Trial Preparation Timeline (Rec. Doc. 7603) setting deadlines for the completion of discovery and the disclosure of witness and exhibit lists in preparation for the projected commencement of the Phase Two Trial on June 17, 2013.  Under that schedule, the parties will complete other Phase Two fact depositions by

January 25, 2013.  Additionally, Phase Two expert reports (including rebuttal expert reports) will be exchanged in February and March, and expert depositions will be taken between April 8 and May 3, 2013.

The parties continue to meet with Magistrate Judge Shushan on many Fridays to address these and other pending discovery issues.

6. **Insurance Coverage Case Management**:

On March 1, 2012, this Court issued a Rule 54(b) Partial Final Judgment (Rec. Doc. 5938) in respect to its ruling on the scope of BP's pollution-related coverage rights under the policies at issue in the two insurance coverage declaratory judgment actions (Case Nos. 11-274 and 11-275).  BP has filed a notice of appeal from the Court's judgment to the United States Court of Appeals for the Fifth Circuit.  Briefing on that appeal is complete, and oral argument has been tentatively scheduled for the week of December 3, 2012.

In June 2011, the First Excess Layer Insurers filed two interpleader actions (Case Nos. 11-1439 and 11-1440) to seek guidance from the Court in regard to their obligations to cover claims made against BP, Transocean, Anadarko, and MOEX by or on behalf of rig workers (*i.e.*, Transocean employees and contractors who were aboard the Deepwater Horizon at the time of the Incident).  In December 2011, with the active involvement and assistance of Magistrate Judge Shushan, the parties to the interpleaders reached a confidential agreement to resolve these two cases.  On September 4, 2012, and again on October 10, 2012, on the joint motion of the First Excess Layer Insurers, BP, and Transocean, Magistrate Judge Shushan issued orders authorizing interim payments to be made to Transocean and BP (Rec. Docs. 7262 and 7621).

On July 31, 2012, the insurers comprising the second excess layer of Transocean's

insurance program filed an interpleader action in this Court (Case No. 12-1978), modeled closely on the First Excess Layer Insurers' interpleaders, to address their policies.  The time for BP and Transocean to file their answers to the complaint has been extended while the parties continue to discuss with each other and Judge Shushan how best to proceed with that action.

**7.  <u>Status of PSC Settlements with BP</u>:**

<u>Parties' Replies in Support of Final Approval of the Settlements.</u>  On October 22, 2012, Class Counsel and BP filed their reply briefs in support of final approval of the Economic and Property Damages Settlement and the Medical Benefits Settlement, and Class Counsel filed reply briefs in support of certification of the two classes for settlement purposes only.  (Rec. Docs. 7727, 7728, 7731, 7732.)

<u>Reports by Guardians ad Litem and Orders Related to Class Members who are Minors, Lack Capacity, or are Incompetent.</u>  The Guardians for both settlements filed reports on the fairness of the settlements to class members who are minors, lack capacity, or are incompetent. (Rec. Docs. 7536 (economic), 7587 (medical).)  Both Guardians found the settlements were fair to such class members and recommended the final approval of the settlements.  The Court also entered two orders related to the processing of claims on behalf of class members who are minors, lack capacity, or are incompetent.  (Rec. Docs. 7536 (economic), 7672 (medical).)

<u>Orders Related to Discovery.</u>  A few objecting parties have filed requests for discovery related to the settlements.  Magistrate Judge Shushan has entered orders denying such discovery. (Rec. Doc. 7480 (economic), 7600 (medical).)  Two of the objecting parties have appealed Judge Shushan's discovery ruling related to the Economic and Property Damages Settlement to Judge Barbier.  (Rec. Docs. 7602, 7612).   Another group of objectors sought reconsideration of Judge

Shushan's ruling related to the Medical Benefits Settlement. (Rec. Doc. 7651.)

Upcoming Deadlines. The deadline by which class members must request to be excluded (opt out) from the settlements is November 1, 2012. (Rec. Doc. 7176.) On November 8, 2012, the Court will hold a Fairness Hearing to determine whether to grant final approval to these settlements. The Court had previously entered an Order Regarding Procedures for that hearing on September 11, 2012. (Rec. Doc. 7358.)

## 8. Claims Not Resolved by Settlement, Summary Judgment, or Stipulation:

Following the Status Conference on September 14, 2012, the Court heard argument on defendants' motions to dismiss the "Pure Stigma Claims," "BP Dealer Claims," and "Recreation Claims." On October 1, 2012, the Court granted defendants' motions.

Magistrate Judge Shushan continues to manage targeted discovery regarding the claims brought by three States of the Republic of Mexico and has issued a number of orders regarding the scope of this discovery (Rec. Docs. 6702, 7027, 7068). On September 11, 2012, "[i]n the interest of judicial economy, and considering the scope and magnitude of the ongoing discovery regarding the fate and transport of the oil emanating from the Deepwater Horizon," Judge Shushan suspended discovery on the fate and transport issues. (Rec. Doc. 7367.) Instead, the parties will exchange expert reports and conduct expert depositions targeted to the legal question of whether the Mexican States have a proprietary interest in the matters asserted in their complaints. In early January 2013, the parties will file cross motions for summary judgment on that issue, which could dispose of all or part of the Mexican States' claims against BP.

## 9. Motions Set for Oral Argument:

The Court has not scheduled any motions for oral argument at this status conference.

If the Court has any questions, all parties will be prepared to address them at Friday's conference.

Respectfully submitted,


/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

and

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Kirkland & Ellis LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Robert R. Gasaway
Jeffrey B. Clark
Kirkland & Ellis LLP
655 Fifteenth Street, N.W.
Washington, D.C.  20005-5793
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

Robert C. "Mike" Brock
Covington & Burling LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
Telephone: (202) 662-5985

Attorneys for BP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of October, 2012.


　　　　　　　/s/ Don K. Haycraft　　　　　　
　　　　　　　　Don K. Haycraft