

U.S. Department of Justice
Environmental Enforcement Section
Environment & Natural Resources Division

*P.O. Box 7611*
*601 D Street NW*
*Washington, DC 20044-7611*                                                                 *Telephone (202) 616-6537*

**VIA E-MAIL**

October 19, 2012

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the Eastern District of Louisiana
500 Poydras Street
New Orleans, LA 70130

RE: BP's Renewed Request for Depositions of Third Party Contractors

Dear Judge Shushan,

I write in response to BP's renewed request to depose three Flow Rate Technical Group members. For the reasons set forth below, BP's requests should be denied or, at the very least, deferred.

The Court has previously clearly indicated that BP could not depose additional FRTG members until it made a showing of need following the relevant United States 30(b)(6) depositions. Therefore, to the extent BP is seeking information regarding work Professor Kelkar actually performed (as opposed to work with which he had no involvement), its request is premature, as is its request to depose Professors Wereley and Leifer. As shown by Attachment A, BP was fully aware prior to the Possolo deposition that the scope of Dr. Possolo's 30(b)(6) deposition covered only the uncertainty analysis that NIST performed, and not the uncertainty analysis carried out by the relevant Teams or Team members of the FRTG. (See Attachment A). Its assertion that Dr. Possolo was the "most relevant" 30(b)(6) designee to testify about Leifer and Wereley's work is disingenuous at best. The relevant United States witnesses for the Plume Team and the Reservoir Modeling Teams have not yet been deposed. The Court, therefore, should not abandon its prior ruling that BP's request for additional depositions of FRTG members is premature.

More fundamentally, the entire premise behind the Court's emphasis on 30(b)(6) depositions in Phase 2 discovery is to enable the parties to obtain the information necessary for their claims and defenses without chasing every rainbow and looking under every log for witnesses to depose. The United States would surely be able to obtain better information regarding BP calculations

1

from the employees who actually performed them, rather than through BP's 30(b)(6) witnesses. To take but one example, BP's 30(b)(6) witness on the geological and geophysical characteristics of the Macondo reservoir, Bryan Ritchie, was unable to testify as to one of those characteristics – aquifer connectivity – because he was unfamiliar with the "dynamic" analysis that would have informed BP's understanding of this characteristic.  If BP is able to obtain additional depositions on the mere showing that the individual performing some analysis might more fully explain his or her methodology than would the pertinent 30(b)(6) witness, then the United States requests an equal opportunity to depose the actual individual witnesses who performed the relevant reservoir- and flow-related analyses for BP.

BP's request for the deposition of Professor Mohan Kelkar, a member of the Flow Rate Technical Group (FRTG)'s Reservoir Modeling Team, is premised upon BP's interest in a statement in one of Professor Kelkar's e-mails regarding the official government estimate announced on August 2, 2010.  The e-mail string attached to BP's letter brief shows unequivocally that Professor Kelkar was not involved in any way in the development of that estimate.  BP, for its part, has requested Professor Kelkar's deposition so that it can question him about his opinion regarding this estimate.

This is a patently obvious attempt to obtain expert opinion testimony from Professor Kelkar. Rule 45 expressly disapproves of this use of the subpoena power, and permits Courts to quash subpoenas on this basis alone.  Fed. R. Civ. P. 45(c)(3)(B)(ii).  More generally, Rule 30(b)(6) depositions are intended to elicit facts and information in the possession of a party; they are not intended to elicit expert opinions.  The proper vehicle for such expert testimony is, of course, through Rule 26 expert depositions.  Because the request for the Kelkar deposition is an improper attempt to obtain expert testimony outside of the procedures set forth in Rule 26, the request should be denied.


Respectfully submitted,


A Nathaniel Chakeres
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
P.O. Box 7611
601 D Street NW
Washington, DC 20044
aristide.chakeres@usdoj.gov

CC: Liaison Counsel

Attachment: E-mail string dated September 17-18, 2012, between Rob Gasaway, Karen DeSantis, and Nat Chakeres RE: Rule 30(b)(6) Topics and Designees // Request for Clarification