## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on    April 20, 2010 | * * * * * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br><br>Honorable CARL J. BARBIER<br><br>Magistrate Judge SHUSHAN |
| Plaisance, *et al.*, individually and on behalf of the Medical Benefits Settlement Class,<br><br>     Plaintiffs,<br><br>v.<br><br>BP Exploration & Production Inc., *et al.*,<br><br>     Defendants. | * * * * * * * * * * * * * | NO. 12-CV-968<br><br>SECTION: J<br><br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**PLAINTIFFS' AND BP'S JOINT RESPONSE IN OPPOSITION TO OBJECTORS'
MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING REQUEST TO PRODUCE**

Before the Court is a Motion For Reconsideration of the Court's Order Denying Objectors' Request to Produce ("Motion for Reconsideration" or "Motion", Rec. Doc. 7651), filed by objectors represented by The Sterbcow Law Group, the Downs Law Group, PA, and Melancon & Rimes (the "Sterbcow Objectors").  Plaintiffs and BP respectfully submit this Joint Response in Opposition to the Sterbcow Objectors' Motion:

I.      INTRODUCTION

Having failed in their original request for discovery, the Sterbcow Objectors now ask the Court to reconsider its decision, yet they neglect to address the standard for reconsideration, and they do not provide new evidence or identify an error of law or fact for which the Court should revisit its ruling.  The Court should deny their Motion for this reason alone.  Even if the Sterbcow Objectors' Motion were appropriate—and it is not—the Court should deny it on the same grounds stated in its September 25, 2012 Order ("September 25 Order", Rec. Doc. 7480): the objectors have no right to the discovery they seek, and their discovery requests are untimely, overbroad, and unnecessary to the Court's consideration of the fairness, reasonableness, or adequacy of the Medical Benefits Class Action Settlement Agreement ("MSA").

The Sterbcow Objectors claim that their proposed discovery is necessary to learn how many people are in BP's Medical Encounters Database ("MED"), and how many of these individuals complained of the medical conditions listed in the Specified Physical Conditions Matrix ("Matrix").  Yet this Court has already stated that information relating to the claimed injuries of all class members does not support individual class members' objections or enable them to decide whether to opt out.  Setting this point aside, the information demanded by the objectors is already available to them, and the Court, in the case record.  And, the Claims Administrator has already provided (or will provide) individual MED records to each Sterbcow Objector who made an appropriate request under the MSA — they are entitled to nothing more.

For all these reasons, discussed in detail below, the Court should deny the Sterbcow Objectors' Motion for Reconsideration.

II.     ANALYSIS

A.      **The Sterbcow Objectors Have Failed To Identify, Address, Or Meet The Standard For Reconsideration.**

Although the Federal Rules of Civil Procedure ("Rules") do not formally recognize a motion to reconsider, the Fifth Circuit treats motions to reconsider as either motions to alter or amend judgment pursuant to Rule 59(e) or motions for relief from judgment pursuant to Rule 60, depending on when the motion is filed. *See Fontenot v. Axxis Drilling, Inc.*, 2011 WL 121895 at \*1-2 (E.D. La. Jan. 13, 2011)(citing *Pryor v. United States Postal Serv.*, 769 F.2d 281, 285 (5th Cir. 1985), and *Lavespere v. Niagra Machine & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990) (reversed on other grounds)). The present Motion fails to set forth the standard for reconsideration and provides no facts or argument tied to any legal standard that might support a motion for reconsideration under either Rule 59(e) or 60, or any other standard.  Instead, the Sterbcow Objectors simply challenge the correctness of the Court's October 9, 2012 Order ("October 9 Order", Rec. Doc. 7600) denying their discovery requests.

Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Co., Ltd.*, 50 F.Supp.2d 619, 621 (E.D. Tex. 1999) (citing *Lupo v. Wyeth-Ayerst Laboratories*, 4 F.Supp.2d 642, 643 (E.D. Tex. 1997), and *Waltman v. Intl. Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (internal marks omitted); s*ee also Resolution Trust Corporation v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (motions for reconsideration are not "the proper vehicle for rehashing old arguments"). The Sterbcow Objectors have failed to explain what new evidence they provide or to identify the error of law or fact that they contend the Court made in its October 9 Order.  The Court should deny their Motion.

**B.**     **The Sterbcow Objectors Have No Right To The Discovery They Seek And Their Requests Are Untimely, Overbroad, And Unnecessary To The Court's Consideration Of The MSA.**

The Sterbcow Objectors demand the following discovery: (1) a "Redacted list of all claimants listed in the [MED]"; (2) "Any and all documentation that demonstrates the total number of Claimants in the [MED] who complained of any conditions listed in the [Matrix]"; and (3) "Any and all documentation that demonstrates the total number of claimants contained in the [MED]." Motion at 1. Their Motion fails for the same reasons the Court stated in its September 25 Order: the Sterbcow Objectors have no right to the discovery they seek, and their discovery requests are untimely, overbroad, and unnecessary to the Court's consideration of the fairness, reasonableness, or adequacy of the MSA.

1.     <u>The Sterbcow Objectors have no absolute right to discovery</u>.

In determining whether to permit similar discovery requests, this Court has stated that there is no "absolute right" to conduct discovery simply because a person is a class member; instead the fundamental question is whether the Court has "sufficient facts before it to intelligently consider the proposed settlement." *See* September 25 Order at 4, 5 (citing *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1084 n.6 (6th Cir. 1984), and *In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, 1994 WL 593998 at *3 (E.D. La. Oct. 28, 1994)). The Court's task is to "consider the record that appears before it to determine if, on the basis of that record, it may make the findings necessary to [. . .] determine that the settlement agreement is fair, reasonable, and adequate under Rule 23." *Id.* at 4. Where significant documentation has already been produced and testimony taken, as in this litigation, "independent discovery should generally not be allowed." *Id.* at 5.

2.       The discovery requests are untimely.

As the Court noted in its September 25 Order, the terms of the MSA were filed on April 18, 2012, and BP and the Plaintiffs' Steering Committee filed "voluminous evidence" into the record in support of final approval months ago.  *See* September 25 Order at 4.  The Sterbcow Objectors concede that they knew the "full terms" of the MSA as far back as June 27, 2012 (s*ee* Motion at 5), yet they waited months to seek discovery.  They also waited months to submit Data Disclosure Forms to the Claims Administrator seeking information regarding each Sterbcow Objector's personal records contained in the MED.  *See* MSA Section XXI.B.3 (authorizing the Claims Administrator to disclose MED records to any person who submits a completed "Data Disclosure Form").  The Sterbcow Objectors have not been diligent or timely either in their discovery requests or in requesting from the Claims Administrator the MED records available to each of them.

The Sterbcow Objectors attempt to excuse their dilatory conduct with misleading allegations.  After noting that the Claims Administrator advised the Sterbcow Objectors that they could each individually submit MED disclosure requests, the objectors contend that, "Counsel then had each client submit the requisite paperwork."  Motion at 5.  In fact, the Claims Administrator had received Data Disclosure Forms from only 26 of the 74 persons listed as the Sterbcow Objectors as of the date they filed their Motion (including 5 received that day).  Declaration of Matthew L. Garretson ("Garretson Decl.") ¶ 7, attached as Exhibit A).  On October 22, 2012, the Claims Administrator received MED disclosure requests from 6 additional Sterbcow Objectors.  The Sterbcow Objectors who submitted appropriate requests to the Claims

Administrator before October 22, 2012 have already been sent or have been notified that they will receive the appropriate MED records.[1]  *Id.*

The Sterbcow Objectors' allegations do not address, much less explain, why they waited months to bring their discovery requests, or why only 32 of the 74 Sterbcow Objectors have requested the MED records potentially available to them under the MSA.  The Sterbcow Objectors also fail to acknowledge that they did not submit data disclosure forms for more than half of these objectors.  If they do, the Claims Administrator will, as it does for all potential claimants, timely respond to such requests.

3.    The discovery requests are overbroad and unnecessary.

Although the MSA allows class members access to information related to their *own* records contained in the MED (discussed *supra*), the Sterbcow Objectors' requests are overbroad because they seek information regarding thousands of *other* class members.[2]  The Objectors have not demonstrated any right to such information and, as the Court ruled in its September 25 Order, this type of discovery is unnecessary because it is not relevant to the Court's review:

---

[1] The Claims Administrator has already responded to 26 requests, and is in process of responding to the remaining requests.  The Claims Administrator will have responded to all but one request within the 10-day time period specified in Section XXI.B.3.b of the MSA (one supplemental response was sent within 11 days of receiving the request).  Garretson Decl. ¶ 7.

Note also that the MSA requires that all information and records relating to a settlement class member obtained by the Claims Administrator (this includes records from BP's MED and other databases) be treated as protected health information subject to HIPAA and applicable privacy laws.  *See* MSA Section VI.E.1-2.  To ensure that HIPAA and privacy concerns are addressed, the Claims Administrator's responses to the Sterbcow Objectors' disclosure requests include the underlying MED records only to those individuals who provided the appropriate data points confirming a match in the BP databases.  Garretson Decl. ¶¶ 6, 8-9.

[2] It is noteworthy that another objector to the settlement expressed concern that his medical files might not be protected from the public if he participates in the medical settlement.  (Docket 10-cv-7777, Rec. Doc. 182).   The parties were well aware of the importance of protecting individuals' privacy, and made provisions in the settlement to ensure that no one but the claimant himself or herself would receive records from the MED or other data provided by BP to the Claims Administrator.  *See* MSA Sec. XXI.B.3 (requiring the Claims Administrator to maintain the data provided by BP from the MED and other BP databases as confidential).

> The settlement compensates each and every class member according to frameworks that are transparent and which were filed nearly five months ago. Any class member seeking to determine his compensation may simply read the settlement agreements and determine how his circumstances fit into the frameworks. There is no reason that any objector needs to know the estimated size of the class, because the settlement is uncapped for the majority of claimants [. . . .] The Court may determine that the settlement agreement is fair, reasonable, and adequate without this information.

September 25 Order at 6.

Not only is the Sterbcow Objectors' proposed discovery irrelevant to their claims, it is unnecessary because BP has already largely provided the information they seek. Their argument that "the Court must have some knowledge of the facts surrounding the [MED]" (Motion at 9), ignores the record in this case. BP, in its August 13, 2012 Motion for Final Approval of the Medical Benefits Class Action Settlement ("Motion for Final Approval", Rec. Doc. 7112), submitted a declaration from Dr. Jessica Herzstein that addresses the Sterbcow Objectors' demand for information regarding the total number of individuals in the MED, and whether their conditions are listed in the Matrix. *See* Motion for Final Approval at Ex. F ¶ 16 (Declaration of Dr. Jessica Herzstein). As the declaration of Dr. Herzstein states, the MED database includes entries for approximately 20,000 visits made to medic stations by approximately 13,000 individuals. *Id.*; *see also* BP's Reply Memorandum in Support of its Motion for Final Approval of the Medical Benefits Class Action Settlement at Ex. 3 ¶ 6 (Supplemental Declaration of David R. Dutton, Ph.D.). In addition, "approximately 70% of these individuals reported conditions that are reflected on Table 1, Table 3, or Level A4 of the Matrix." Motion for Final Approval at Ex. F ¶ 16 (Declaration of Dr. Jessica Herzstein) (noting also that the conditions and symptoms reported by the remaining 30% consist of trauma, musculoskeletal problems, routine care, pre-

existing medical conditions, and other events generally unrelated to exposure to oil, dispersants, or heat).

      **C.**      **The Sterbcow Objectors Are Plainly Wrong Regarding The Level Of Proof Required To Recover Settlement Benefits.**

The Sterbcow Objectors' assertion that "many" or a "majority" of medical class members with acute or chronic conditions cannot recover under the MSA unless they have records found in the MED is simply incorrect. *See* Motion at 5 (claiming that "despite many of [counsels'] clients having the conditions complained of in the [Matrix], many could not recover unless they were found to be in the [MED]"); *id.* at 8 ("If there aren't a substantial number of claimants contained in [the MED], an overwhelming majority of claimants with either acute or chronic conditions will be unable to recover in any meaningful way"); *id.* at 8, 9 (claiming that if the number of claimants in the MED is insignificant, "then this settlement basically forecloses any real recovery for the Objectors" and "it is no exaggeration to state that tens of thousands of clean-up workers will recover virtually nothing").

Class members (including Clean-Up Workers) can indeed recover meaningful settlement benefits for both acute and chronic conditions, without a requirement that they be found in the MED. For example:

- Class members can recover at the A1 level (acute conditions) without having medical records or being listed in the MED. *See* Matrix at 1.

- Class members can recover at the A2 level (acute conditions) without being listed in the MED if they have medical records. *Id.*

- Class members who are Clean-Up Workers can recover at the A3 or A4 levels (acute conditions) without being listed in the MED; recovery can be established by relevant information in another BP database and/or other records reflecting transport to a medical facility immediately after performing response activities. *Id.* at 2, 3.

- Class members can recover at the B1 level (chronic conditions) without being listed in the MED; recovery can be established either by medical records alone or

by medical records and relevant information in another BP database and/or other records reflecting transport to a medical facility immediately after performing response activities. *Id.* at 4-5.

## III.   CONCLUSION

The Sterbcow Objectors have provided no reason for the Court to reconsider its discovery ruling. They have failed to address or satisfy the legal standard for reconsideration, and they have failed to diligently examine the record, which already largely contains the information they seek. Their proposed discovery is overbroad, untimely, and this Court has already determined that it is unnecessary to assist the Court in determining whether the pending settlement is fair, reasonable, or adequate.  For all of the foregoing reasons, the Sterbcow Objectors' Motion for Reconsideration should be denied.

October 23, 2012                                        Respectfully submitted,


/s/ Stephen J. Herman                              /s/ James Parkerson Roy
Stephen J. Herman, La. Bar No. 23129         James Parkerson Roy, La. Bar No. 11511
HERMAN HERMAN KATZ & COTLAR         DOMENGEAUX WRIGHT ROY &
LLP                                                            EDWARDS LLC
820 O'Keefe Avenue                                  556 Jefferson Street, Suite 500
New Orleans, Louisiana 70113                    Lafayette, Louisiana 70501
Telephone: (504) 581-4892                         Telephone: (337) 233-3033
Fax No. (504) 569-6024                             Fax No. (337) 233-2796
E-Mail: sherman@hhkc.com                        E-Mail: jimr@wrightroy.com

*Lead Class Counsel and Medical Benefits*      *Lead Class Counsel and Medical Benefits Class*
*Class Counsel*                                          *Counsel*

## MEDICAL BENEFITS CLASS COUNSEL

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Office:  (843) 216-9159
Telefax: (843) 216-9290
E-Mail:  jrice@motleyrice.com

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office:  (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office:  (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Office:  (415) 956-1000
Telefax: (415) 956-1008
E-Mail:  ecabraser@lchb.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA 70360
Office:  (985) 876-7595
Telefax: (985) 876-7594
E-Mail:  duke@williamslawgroup.org

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY  10003
Office:  (212) 558-5802
Telefax: (212) 344-5461
E-Mail:  rgreenwald@weitzlux.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office:  (334) 269-2343
Telefax: (334) 954-7555
E-Mail:  rhon.jones@beasleyallen.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU & SOUTH,
LLP
501 Broad Street
Lake Charles, LA  70601
Office:  (337) 439-0707
Telefax: (337) 439-1029
E-Mail:  mlundy@lundylawllp.com

10

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA &
TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Office: (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL 33134
Office: (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW &
ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX 78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

James J. Neath
Mark Holstein
BP AMERICA INC.
501 Westlake Park Boulevard
Houston, TX  77079
Telephone:  (281) 366-2000
Telefax:  (312) 862-2200


Ellen K. Reisman
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, CA 90017-5844

Ethan P. Greene
Amy L. Rohe
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

*Of Counsel*

/s/ Richard C. Godfrey, P.C.
Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Andrew B. Bloomer, P.C.
Elizabeth A. Larsen
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654

/s/ Don K. Haycraft
Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone:  (504) 581-7979
Telefax:  (504) 556-4108

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  (202) 662-5985
Telefax:  (202) 662-6291


*ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.*
*AND BP AMERICA PRODUCTION COMPANY*

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 23rd day of October, 2012.

/s/ Don K. Haycraft
Don K. Haycraft
