# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle Street
Chicago, Illinois 60654

Andrew Langan, P.C.
To Call Writer Directly:
(312) 862-2064
andrew.langan@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

September 11, 2012

**Via E-mail**

The Honorable Sally Shushan
United States Magistrate Judge
United States District Court for the
Eastern District of Louisiana
500 Poydras Street, Room B345
New Orleans, Louisiana 70130

Re: MDL 2179 -- State of Louisiana OPA Claims

Dear Judge Shushan:

This letter is in response to Allan Kanner's September 11 letter about a supposed "discovery impasse" between BP and the State of Louisiana. There is no court order allowing the discovery that Louisiana seeks. Because there is no discovery properly pending, there is no "impasse."

Mr. Kanner's letter relies on an incorrect premise: According to the State's counsel, on July 13 in chambers, "the Court agreed to allow limited discovery regarding the State of Louisiana's 2010 Economic Losses under OPA." **Not so.** This claimed action by the Court in fact did not occur, and each of the BP representatives present in chambers on July 13 agrees that Judge Barbier stated he would <u>consider</u> allowing such discovery. However, since July 13, Judge Barbier has never entered any order allowing such discovery, and the minute order from the July 13 status (Rec. Doc. 6911) makes no reference to allowing discovery involving the State of Louisiana's OPA claims to proceed. If discovery were going to be allowed by Judge Barbier, surely there would be an order to that effect, and there is none (and the State cites none).

To the contrary, in its initial Pre-Trial Order in MDL 2179, the Court made clear that "[p]ending . . . further orders of this Court, **no further discovery shall be initiated**." PTO 1, ¶ 8 (Rec. Doc. 2) (emphasis added). Since that time, the Court has reaffirmed that general stay of discovery by expressly authorizing discovery only on particular matters, such as Phase 1 discovery on casualty and spill liability and limitation issues. *See* PTO 11, at 7-11 (Rec. Doc. 569). Thus, it is clear from the record that had the Court intended to allow for the discovery sought by Mr. Kanner, it would have authorized it expressly. Yet the Court has issued no order providing for such discovery.



Hong Kong   London   Los Angeles   Munich   New York   Palo Alto   San Francisco   Shanghai   Washington, D.C.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 11, 2012
Page 2

      The lack of such an order is not surprising, because commencing the discovery sought by the State would frustrate the case management plan the Court has adopted in this litigation. Since the beginning of MDL 2179, the Court's top priority has been resolution of the basic issues of allocation of fault, including issues of negligence and gross negligence, in admiralty and without a jury, as the most efficient and expeditious case management scheme. This priority was recently confirmed in PTO 41 (as amended) (Rec. Doc. 6592). In accordance with that priority, in 2011 the Court tabled any potential OPA test trials and related discovery because they would be "counter-productive to the parties' ongoing efforts to prepare for the . . . Limitation Trial." March 25, 2011 Status Conference Order (Rec. Doc. 1761).

      Given the Court's long-standing case management plan, there is no reason for the Court to alter course to commence discovery on the State's OPA damages claims, in effect leapfrogging them ahead of the Limitation trial, including the remaining, unsettled personal injury and wrongful death claims arising from the April 20, 2010 casualty. In these circumstances, BP appropriately informed Mr. Kanner's office that the States' request for a special discovery schedule on part of its OPA claims had not been permitted by the Court.

      In addition, the State's proposal that it take discovery that is limited to alleged losses from 2010 only is unworkable. The State's claims under OPA seek recovery not only for alleged damages sustained in 2010, but for *all* its alleged OPA damages. Moreover, loss of revenue claims represent the major portion of the OPA claims made by the State, and (as discussed in BP's May 15 submission to Judge Barbier) such damages under OPA are equal to the ***net loss*** of taxes, royalties, rents, fees, or net profit shares. As a result of OPA's explicit focus on the "net loss" of revenue, Louisiana cannot limit analysis to alleged losses in 2010 and not consider the subsequent state revenue gains in 2011, 2012, and beyond that result from the increased tax revenue generated by the very substantial payments made by BP through GCCF and the MDL settlement facility. Accordingly, it would serve no purpose to seek discovery at this time on this incomplete portion of the State's alleged damage period.

      BP has already detailed in its May 15 submission to Judge Barbier all the other reasons why an effort to litigate only part of Louisiana's OPA claims at this time makes no sense, would be inefficient, and would be improper under the law. (BP can provide this Court a copy of its May 15 in camera submission to Judge Barbier if requested.) In addition, the parties are already well into extensive Phase 2 discovery and are gearing up for the reset Phase 1 reset trial in January 2013. Further, BP is also preparing for the November 8 final fairness hearings on the two PSC settlements. In these circumstances, Louisiana's request for special treatment in the form of discovery on part of its quantum claims is not appropriate.

# KIRKLAND & ELLIS LLP

The Honorable Sally Shushan
September 11, 2012
Page 3

      Thank you for the Court's consideration.

                              Respectfully submitted,

                              /s/ Andrew Langan

                              J. Andrew Langan, P.C.

JAL/cs

cc:      Defendants' Liaison Counsel
           Plaintiffs' Liaison Counsel
           States' Coordinating Counsel
           Mike Underhill