

Geir Robinson
Vice President of Claims
Gulf Coast Restoration Organization

BP America, Inc.
P.O. Box 3092
Houston, Texas 77253-3092

December 13, 2011

Mr. Michael Liu
c/o City of Gulfport
P.O. Box 1780
Gulfport, MS 39502-1780

Re: Claim No. 17-170234-02-4; Claim for Loss of Revenue and "Community Damages"

Dear Mr. Liu:

We appreciate the opportunity to have met with you and other representatives from the City of Gulfport on November 15, 2011, to discuss Gulfport's claim arising out of the Deepwater Horizon Incident. As you know, the City of Gulfport has filed a claim for net loss of gaming tax revenues, property tax revenues, and sales tax revenues allegedly associated with the Deepwater Horizon Incident and resulting oil spill, as well as a claim for "Community Damages." The City of Gulfport's claim is for $11,792,846.00 and has been assigned Claim No. 17-170234-02-4.

Gulfport's claim is governed by the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2702. Specifically, the portions of the claim related to tax revenues are for "the net loss of taxes . . . due to the injury, destruction, or loss of real property, personal property, or natural resources. . . ." pursuant to Section 2702(b)(2)(D). The term "net" refers to an offset due for payments made or other activities of BP that decreased expenses or increased revenue to a government entity during the spill response or remediation. The net could come from advances given to States or local governments, revenues from purchase or lease of equipment and materials during the response, increased spending by individuals and businesses who have received spill related claims payments, the payment of budgeted salaries of



government employees as response costs, or other sources of decreased expenses or increased revenue.

## Sales Tax

There are several aspects of the methodology employed by the City of Gulfport to calculate purported sales tax losses totaling $3,439,875.00 with which BP disagrees. First, since this claim is for lost government revenues, the City's actual collections data must be used rather than relying on data from the GCCF reporting payments to businesses across the State of Mississippi. The GCCF is a separate entity from BP and makes its own determinations regarding loss calculations for individuals and businesses. Moreover, no attempt has been made to differentiate between Emergency Advance Payments, Quick Pay Payments, Interim Loss Payments, and Full and Final Payments. Second, the City's loss calculation attempts to derive sales tax losses for the City from statewide gross revenue losses for businesses based on GCCF payments to businesses across the State. The City's loss calculation inaccurately assumes all GCCF payments to Mississippi businesses have been paid to municipalities located along the Gulf Coast of Mississippi. Therefore, it is inappropriate and inaccurate to attempt to derive the City's sales tax losses from GCCF payment data.

Finally, the City of Gulfport has claimed sales tax losses for the years 2010-2019. OPA contemplates payment for actual damages suffered by a government entity as a result of an oil spill. Attempts to project prospective future losses related to the spill are purely speculative and therefore not recoverable under OPA because no actual damage has been incurred at the time of claim presentment.

BP has utilized a 2010 Interim Methodology to calculate revenue losses for numerous Gulf Coast Government Entities. That methodology, applied in a principled manner across the Gulf Coast, has yielded calculated losses and resulting payments to government entities from Louisiana to Florida on numerous occasions. However, applying the same 2010 Interim Methodology to the sales tax collection data available for the City of Gulfport results in no calculated net loss for the City of Gulfport with respect to sales tax revenues for the year 2010.

Pursuant to OPA, claimants bear the burden of providing all evidence, information, and documentation deemed necessary by the responsible party to support their claims. In order to substantiate a net loss of tax revenue, an entity must demonstrate there was in fact a loss using the entity's actual collections data and that the loss was caused by damage to property or natural resources resulting from the spill. Based upon a review of the claim, we have determined that the City of Gulfport has failed to substantiate that it suffered OPA

compensable sales tax revenue losses as a result of the Deepwater Horizon Incident and resulting oil spill. Therefore, we are denying the portion of the City of Gulfport's claim that relates to sales tax revenues.

### Gaming Tax

In order to be recoverable as damages under OPA, purported revenue losses must be caused by damage to property or natural resources resulting from the spill. Gaming does not involve a natural resource or the right to use a natural resource; therefore, it is questionable whether revenue losses related to gaming taxes satisfy OPA's causation requirement.

Putting the causation question aside for the moment, we disagree with the loss calculation methodology employed by the City of Gulfport to calculate a purported loss of $715,373.00. First, the City of Gulfport does not have standing to claim losses related to Harrison County's collection of the Municipal/County Fee since the City is not the levying authority for the tax/fee. Second, the claim purports to extrapolate losses in gaming tax revenues from budget and collection data for the Island View Casino. As with sales tax revenues discussed above or with any other revenue stream, the City's actual collections data must be used rather than relying on budget and collection data from a third-party private entity. Third, the City of Gulfport's loss calculation only uses select months during the impacted period. In order to properly assess the net impact of the spill, all months during the impacted period must be considered.

Finally, the City of Gulfport has claimed gaming tax losses for the years 2010-2020. OPA contemplates payment for actual damages suffered by a government entity as a result of an oil spill. Attempts to project prospective future losses related to the spill are purely speculative and therefore not recoverable under OPA. Applying BP's 2010 Interim Methodology to the gaming tax collection data available for the City of Gulfport, we have determined that the City of Gulfport has not suffered any net loss in gaming tax revenue for the year 2010.

Based upon a review of the claim, we have determined that the City of Gulfport has failed to substantiate that it suffered OPA compensable gaming tax revenue losses as a result of the Deepwater Horizon Incident and resulting oil spill. Therefore, we are denying the portion of the City of Gulfport's claim that relates to gaming tax revenues.

### Property Tax

In order to substantiate a claim for property tax losses, a claimant must demonstrate that there has been a reduction in assessed values and associated

tax collections *and* that the reduction is sufficiently related to, or proximately caused by, damage to property or natural resources resulting from the Deepwater Horizon Incident. Alleged causation from the spill must be distinguished from other economic factors causing reductions in property values across the region and the nation. The claimant must articulate the specific bases relied upon by tax assessors for making any downward assessments, including the specific appraisal methodologies employed.

The City of Gulfport's claim for alleged property tax losses in the amount of $1,536,228.00 includes alleged losses associated with taxes levied by the Gulfport School District. The school district would be the proper party to bring claims related to property tax losses, if any, associated with taxes levied by the school district; therefore, any resolution involving taxes levied by the school district would require a written agreement from the school district as the levying authority. More importantly, the claims materials submitted by the City of Gulfport to BP state that there has not been, nor will there be any loss of property value due to the oil spill through 2012. Any attempt to project prospective future property tax losses related to the spill through 2020 are purely speculative and therefore not recoverable under OPA.

Based upon a review of the City's claim, we have determined that the City of Gulfport has failed to substantiate that it suffered OPA compensable property tax revenue losses as a result of the Deepwater Horizon Incident and resulting oil spill. Therefore, we are denying the portion of the City of Gulfport's claim that relates to property tax revenues.

### "Community Damages"

The City of Gulfport has requested $6,101,370.00 for alleged damages to the Gulfport community, referred to as "Community Damages." OPA specifically enumerates the categories of damages available to claimants, and OPA does not provide for claims by government entities for "Community Damages." OPA recognizes the public interest in natural resources and the potential impact resulting from an oil spill; however, claims addressing the public interest, sometimes referred to as human uses, fall under the natural resources damage provisions ("NRD") of OPA and the natural resource damages assessment ("NRDA") process. *See* 33 U.S.C. §2702(b)(2)(A). NRD and NRDA claims are reserved to the designated trustees of the United States Government, the States, recognized Indian Tribes, and certain foreign governments. OPA gives these trustees responsibility for restoring injured natural resources. For Mississippi, the designated trustee is the Executive Director of the Mississippi Department of Environmental Quality, Trudy D. Fisher. Government entities such as the City of Gulfport do not have standing to present NRD or NRDA claims under OPA.

Nor are "Community Damages" recoverable under any alternative theories of recovery through state tort law or common law. Judge Barbier's August 26, 2011 and December 9, 2011 rulings in the MDL 2179 litigation hold that causes of action related to the Deepwater Horizon Incident are limited to those provided under OPA and maritime law. *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, – F.Supp.2d –, 2011 U.S. Dist. LEXIS 96091 (E.D. La. - Aug. 26, 2011); *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, – F.Supp.2d –, 2011 U.S. Dist. LEXIS 142037 (E.D. La. Dec. 9, 2011).

Based upon a review of the claim, we have determined that the City of Gulfport's claim for "Community Damages" is not compensable under the terms of OPA, specifically Section 2702(b). Therefore, we are denying the portion of the City of Gulfport's claim that relates to "Community Damages."

We appreciate having had the opportunity to meet with you on November 15, 2011, to discuss these issues. Please contact the adjuster for the State of Mississippi, Steven Kemp, at 1-877-710-4064, if you have any questions.

Sincerely,

Geir Robinson
Vice President of Claims,
BP Gulf Coast Restoration Organization


Cc:  The Honorable George Schloegel
     The Honorable Ricky Dombrowski
     The Honorable Rusty Walker
     The Honorable R. Lee Flowers
     Dr. John R. Kelly
     Mr. Jeff Bruni