# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: 2:10-cv-07777 | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

[Regarding Motion for Reconsideration On Discovery on Medical Benefits
Class Action Settlement Agreement (Rec. doc. 7651)]

On September 25, 2012, requests by some objectors for discovery regarding the economic class action settlement agreement were denied. Rec. doc. 7480. A request for reconsideration of the September 25 order was denied. Rec. doc. 7535. There were requests for review of the September 25 order. Rec. docs. 7602 and 7612. The District Judge has not ruled on these requests for review.

The PSC and BP were served with a request to produce from the objectors, Reynaldo Abreu, et al ("Abreu Objectors"), documentation relating to the medical benefits class action settlement agreement ("MSA"). For the reasons cited in the September 25 order, it was ordered that the Abreu Objectors could not proceed with their discovery. Rec. doc. 7600. They filed a motion for reconsideration. Rec. doc. 7651. The PSC and BP filed a joint opposition. Rec. doc. 7740.

The Abreu Objectors agree that there is no "absolute right" to conduct discovery or present evidence simply because a person is a class member. In re Domestic Air Transp. Antitrust Litig., 144 F.R.D. 421, 424 (N.D. Ga. 1992). In evaluating settlements for approval, the fundamental question is whether the Court has sufficient facts before it to approve or disapprove the settlement. In re Gen. Tire & Rubber Co. Sec. Litig., 726 F.2d 1075, 1084 n.6 (6th Cir. 1984). The Court has

broad discretion to permit or deny objector discovery requests. Cotton v. Hinton, 559 F.2d 1326, 1333 (5th Cir. 1977). Rec. doc. 7651 (Memorandum at 4).

The Abreu Objectors argue that, unlike the objectors described in the September 25 order, their request for discovery is timely. They acknowledge that as of June 27, 2012, they had knowledge of the MSA. They contend that: (1) their counsel submitted the paperwork required to learn if they were included in the Medical Encounters Database ("MED"); (2) the response from the Claims Administrator contained no information regarding the database; and (3) the Administrator reported that this was the only information which would be provided. Id. at 5.

The PSC and BP respond that the Administrator received MED disclosure requests from only 32 of the 75 Abreu Objectors. Those who submitted requests before October 22 were sent or were notified that they will receive the appropriate MED records. Rec. doc. 7740 at 5-6.

The discovery requests of the Abreu Objectors are not timely because: (1) they had knowledge of the MSA since July 27, 2012; and (2) requests for MED records were submitted on behalf of less than half of the Abreu Objectors.

The Abreu Objectors seek: (1) a redacted list of all people contained in the MED; (2) documents demonstrating the total number of people in the MED; and (3) documents demonstrating the total number of people in the MED that complained of conditions explicated in the Specified Physical Conditions Matrix. They contend that these requests are narrowly tailored and not overbroad. They also urge that the requested information is necessary to permit the District Judge to know whether sufficient recovery will be made available to many of members of the class. Rec. doc. 7651 (Memorandum at 6-8).

The PSC and BP respond that the discovery requests are overbroad because they seek

2

information regarding thousands of other class members. They demonstrate that the information is unnecessary because in its motion for final approval, BP has submitted a declaration with information regarding the total number of individuals in the MED and whether their conditions are listed in the Matrix.[1] Rec. doc. 7740 at 6-7.

Finally, as a predicate for their discovery, the Abreu Objectors argue that if the numbers contained in the MED are insignificant, then the Abreu Objectors as well as other claimants with either acute or chronic conditions will recover virtually nothing. Rec. doc. 7651 (Memorandum at 8-9). The PSC and BP, however, demonstrate that class members, including Clean-Up Workers, can recover meaningful settlement benefits for both acute and chronic conditions without a requirement that they be found in the MED. For example, class members with acute conditions can recover at the A1 level of the Matrix without having medical records or being listed in the MED. Rec. doc. 7740 at 8.

The predicate for the discovery sought by the Abreu Objectors fails. In addition, the requests are overbroad and unnecessary.

IT IS ORDERED that motion of the Abreu Objectors for reconsideration of the Court's order denying their request for production (Rec. doc. 7651) is DENIED.

**An appeal of this order must be filed by noon on Monday, October 29, 2012.**

New Orleans, Louisiana, this 25th day of October, 2012.

                                        **SALLY SHUSHAN**
                                        **United States Magistrate Judge**

---

[1] See Declaration of Dr. Jessica Herzstein. Rec. doc. 7112 (Exhibit F at para. 16, pp. 7-8).