# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig        MDL NO. 2179
     "Deepwater Horizon" in the Gulf
     of Mexico, on April 20, 2010        SECTION J

Applies to: 11-1159        JUDGE BARBIER
                            MAGISTRATE JUDGE SHUSHAN

## ORDER

**[BP's Request for Subpoenas to U.S. Contractors (Rec. doc. 7739)]**

BP sought the Rule 30(b)(6) depositions of six entities that worked with the Flow Rate Technical Group: (1) Kelkar and Associates ("Kelkar"); (2) R.G. Hughes and Associates; (3) Gemini Solutions; (4) University of California at San Diego, including the work of Juan Lasheras; (5) the University of California, Santa Barbara ("UCSB"), including the work of Ira Leifer; and (6) Purdue University ("Purdue"), including the work of Steve Wereley. The U.S. responded that the requests were not timely, BP was attempting to use Rule 30(b)(6) to obtain personal knowledge, and the notices were duplicative.

The Court stated that "[u]nlike Phase One, the plan for Phase Two has been to complete document production and proceed with Rule 30(b)(6) depositions before considering whether there is good cause to depose an individual." Rec. doc. 6808 at 2. On June 27, 2012, the Court ruled that BP had not sustained its burden to demonstrate good cause to take the depositions of the six entities. The door was left open to permit BP to make a further effort after it took the Rule 30(b)(6) deposition of the U.S. and reviewed the documents from the six entities. Rec. doc. 6808.

On October 18, 2012, BP renewed its request to take the Rule 30(b)(6) depositions of three of the six entities: Kelkar; UCSB; and Purdue. It reports that Kelkar questioned the U.S. public

estimates of flow rate and BP is unable to pinpoint the basis for these statements through the documents or the depositions of the U.S.  It cites the analysis of Purdue Professor Wereley in which he assigns a general uncertainty to his conclusions regarding flow rate.  It urges that questions concerning this statement are not resolved by Purdue's documents or the depositions of U.S. representatives.   BP contends that the U.S. representatives were unable to answer questions concerning statements made by Professor Leifer at UCSB.  Rec. doc. 7739.

The U.S. responds that: (1) the relevant U.S. witnesses have not been deposed; (2) if the test is whether "better" information is available from a person other than the U.S. representative designated to testify, the U.S. should be permitted to obtain "better" information from BP witnesses; and (3) BP is attempting to obtain expert testimony contrary to Fed. R. Civ. P. 45(c)(3)(B)(ii).  Rec. doc. 7738.

The U.S. contends that with testimony of the witnesses to be produced by it by November 1, BP will be provided with sufficient information to render its request for the depositions of these three entities duplicative.  BP replies that with the November 30 deadline for Rule 30(b) depositions, there is insufficient time to wait until November 2 to seek leave to depose the three entities.  Rec. doc. 7737.  The deadline, for all fact depositions is January 25, 2013.

In June BP argued that:

Because of the centrality of these entities' participation and contribution to the United States' own official work, discovery from both the United States *and* these entities is necessary.  Discovery from either the United States alone or the six entities alone would leave holes in the factual record.

Rec. doc. 6799 at 6 (emphasis in original).  The U.S. should be given the opportunity to demonstrate that the alleged holes in the factual record were filled with testimony from its representatives.

BP is granted leave to serve notices of the depositions of Kelkar, UCSB and Purdue and to

negotiate issues concerning the form of the notices with those entities and the U.S.  It is granted leave to schedule the depositions to take place **no earlier than November 27 and no later than January 25, 2013.**

By **Monday, November 5**, BP shall submit a letter brief identifying the non-duplicative information required from the three entities.  By **Monday, November 12**, the U.S. shall respond. By **Wednesday, November 14**, BP shall reply.  The Court will rule by November 15.

New Orleans, Louisiana, this 26th day of October, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**