UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010,<br><br>THANH HAI, INC.; TONY NGUYEN; KHANG VAN DANG, and the more than 700 persons named herein,<br><br>                    Plaintiffs,<br>vs.<br><br>BP AMERICA PRODUCTION COMPANY; BP EXPLORATION AND PRODUCTION, INC.; ANADARKO PETROLEUM CORPORATION; MOEX OFFSHORE 2007, LLC; MOEX USA CORPORATION; MITSUI OIL EXPLORATION CO., LTD.; TRANSOCEAN HOLDINGS LLC; TRITON ASSET LEASING GMBH; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN LTD.; CAMERON INTERNATIONAL CORPORATION F/K/A COOPER-CAMERON CORPORATION; HALLIBURTON ENERGY SERVICES, INC.; M-I, LLC, WEATHERFORD U.S. L.P.,<br><br>                    Defendants. | MDL NO. 2179<br><br>This document relates to:<br>Case No. 2:11-CV-03180<br>-and-<br>Case No. 2:11-CV-02766<br><br>SECTION:  J<br><br>Judge Barbier<br>Magistrate Judge Shushan |

_____

**COMPLAINT FOR INTERVENTION**
_____

NOW INTO COURT, comes Stephen S. Kreller of The Kreller Law Firm, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA (hereinafter referred to

1



collectively as "Intervening Attorneys"), intervenors herein, who respectfully aver the following:

1.

Defendants-in-Intervention are Mederic R. Meyer Jr. (DWH ClaimantID 100049042), an individual residing in the city of Slidell in St. Tammany Parish, and four Louisiana corporations managed and directed by him under the names M.R. Meyer LTD (DWH ClaimantID 100000339), M.R. Meyer LTD II (DWH ClaimantID 100000314), M.R. Meyer LTD III (DWH ClaimantID 100000337) and M.R. Meyer LTD IV (DWH ClaimantID 100000313). Also named as Defendants-in-Intervention herein are Mederic Meyer Sr. (DWH ClaimantID 100050626), Jodi Meyer Bolgiano, Alicia R. Tanguis and William J. Tanguis III (DWH ClaimantID 100049042) all individuals residing in St. Bernard Parish, all of whom hold oyster leases in conjunction with Mederic R. Meyer Jr., (hereinafter collectively referred to as the "Meyer Defendants").

2.

Defendants-in-Intervention hold over 1,255 acres of oyster leases within Louisiana state waters, subdivided as follows: Mederic Meyer Jr. (735 acres); Alicia R. Tanguis (211 acres); William J. Tanguis III (194 acres); Mederic Meyer Sr. (13 acres); Jodi Meyer Bolgiano (102 acres).

3.

All Defendants-in-Intervention hold said leases for the principal benefit of Mederic R. Meyer, Jr.

4.

On or about April 26, 2011, the Meyer Defendants retained Intervening Attorneys with respect to claims for payment from the Gulf Coast Claims Facility at a cost-included contingency fee of 18 percent.  On or about July 20, 2011, Mederic R. Meyer Jr., individually, retained the Intervening Attorneys to pursue claims for payment he was due under the Vessels of Opportunity (VoO) program, at a cost-included contingency fee of 18 percent. On or about December 12, 2011 the remaining Meyer Defendants retained Intervening Attorneys to pursue claims for payment under the Vessels of Opportunity (VoO) program, also at a cost-included contingency fee of 18 percent. On or about December 13, 2011, the Meyer Defendants retained Intervening Attorneys with respect to litigation relating to the Deepwater Horizon oil spill at a cost-included contingency fee of 25 percent.  Under the agreement, the fee would remain at 25 percent even if the client elected to opt out of participation in the Seafood Compensation Program.

5.

Intervening Attorneys actively and aggressively pursued the Meyer Defendants' GCCF claims through Mr. Ken Feinberg and also aggressively pursued their claims in the multi-district litigation (MDL).

6.

Intervening Attorneys dedicated a team of attorneys to work with the Meyer Defendants on these claims.  The attorneys personally investigated, documented, and handled their claims and have corresponded with them on an ongoing basis.  Intervening Attorneys had client interviews and meetings with the Meyer Defendants to fully investigate and document the GCCF and MDL claims.

7.

Intervening Attorneys hired and paid marine biologists tens of thousands of dollars to obtain, test, and document multiple samples of the Meyer Defendants' oyster reefs.

8.

Intervening Attorneys collected and analyzed all necessary business records related to the Meyer Defendants' claims.

9.

Intervening Attorneys hired experts, including National Resource Consultants, whose marine biologists testified in the Exxon Valdez litigation and have assessed biological and market damages caused by multiple oil spills.  Intervening Attorneys also hired Corky Perret, a forty-year veteran of the Mississippi Department of Marine Resources and an expert on Gulf fisheries.  The expert team prepared multiple reports presenting damage models designed to compensate commercial fishing businesses, like the Meyer Defendants, for the full range of biological and market impacts caused by the oil spills.  The damage models quantified ongoing and likely future damages through the use of risk multipliers.

10.

Intervening Attorneys met with Mr. Feinberg and GCCF multiple times in Washington, D.C. to negotiate with GCCF on behalf of the Meyer Defendants.  This included a meeting in which Intervening Attorneys flew experts to Washington, D.C. to present their findings, including their expert reports and damage models, to Mr. Feinberg and GCCF.

11.

Intervening Attorneys prepared fully documented and detailed claims to GCCF for the Meyer Defendants. Those claims included extensive analysis of the Meyer Defendants' leaseholds and lost revenues caused by the oil spill, and were supported by expert reports including reports from one of the leading experts from the Exxon Valdez litigation and two oyster biologists. Intervening Attorneys paid for these experts and the reports.

12.

In conjunction with our experts, Intervening Attorneys developed damage methodologies for oyster leaseholders including the use of damage multipliers and reimbursement for property damage. These methodologies and concepts have been incorporated into the Seafood Compensation Program and are integral to the compensation that the Meyer Defendants will receive under the Settlement Agreement's oyster leasehold formulas.

13.

Intervening Attorneys represent the Meyer Defendants in the *In Re Deepwater Horizon* litigation on a direct action basis. The Meyer Defendants are named plaintiffs in a Vessels of Opportunity complaint filed on November 8, 2011, and Intervening Attorneys are counsel of record for the Meyer Defendants in that litigation. See *Hong Van Truong, et al. v. BP American Production Company, et al.*, U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-02766. The Meyer Defendants are named plaintiffs in an OPA 90 complaint filed on December 28, 2011, and Intervening Attorneys are counsel of record for the Meyer Defendants in that litigation. See *Thanh Hai, Inc., et al. v. BP American Production Company, et al.*, U.S.D.C. for the Eastern District of Louisiana, Case No. 2:11-cv-03180.

14.

The GCCF claims and supporting documentation Intervening Attorney submitted for the Meyer Defendants are now being used by the Seafood Compensation Program to compensate the Meyer Defendants.

15.

Intervening Attorneys extensively participated in settlement negotiations with the Plaintiffs' Steering Committee (PSC) and BP regarding compensation for oyster leaseholders. The efforts of Intervening Attorneys were directly responsible for doubling the amounts that the Meyer Defendants will receive through the Seafood Compensation Program.

16.

Additionally, Intervening Attorneys extensively participated in mediations with Special Master John W. Perry, Jr. and Dan J. Balhoff regarding the formulas and compensation available under the Seafood Compensation Program.

17.

Prior to and following the filing of the settlement agreement, Intervening Attorneys have documented the claims of the Meyer Defendants to ensure collection of all information necessary to obtain compensation under the Seafood Compensation Program. Intervening Attorneys calculated their claims under the settlement.

18.

Following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, the Meyer Defendants sent

correspondence to Intervening Attorneys stating their desire to dismiss their services without cause.

19.

The Court has now granted preliminary approval of the settlement and Seafood Compensation Program, including the compensation formulas through which the Meyer Defendants will seek payment. Intervening Attorneys have done everything necessary to obtain settlements for the Meyer Defendants. At this point, the only thing left to be done on behalf of the Meyer Defendants is filling out online forms with the information Intervening Attorneys have collected, generated, and reviewed with the Meyer Defendants.

20.

Defendants-in-Intervention, the Meyer Defendants, are indebted unto Intervening Attorneys for the costs that Intervening Attorneys have expended on their behalf; they are also indebted unto Intervening Attorneys for legal fees for the prosecution of their claims, for the full amount of any legal fees obtained by any other attorneys pursuant to La. R.S. 37:218 and for any other fees as directed by this Honorable Court.

21.

Intervening Attorneys maintain they have been wrongfully discharged by the Meyer Defendants and maintain that Intervening Attorneys performed services on the Meyer Defendants' behalf which aided them in the prosecution of their claims.

**WHEREFORE**, Intervenors, Stephen S. Kreller of The Kreller Law Firm, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, pray that a copy of this Complaint for Intervention be served upon Defendants in Intervention herein; that they be

duly cited to appear and answer same and that, after all legal delays and due proceedings had, there be judgment herein in favor of Intervenors, Stephen S. Kreller of The Kreller Law Firm, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, for all costs incurred by Intervenors in connection with the legal services rendered on behalf of the Meyer Defendants, and for legal fees incurred by Intervenors' representation of Defendants-in-Intervention, for the contingency fee as stated in the retainer agreement with Intervenors, which represents a reasonable value of Intervening Attorneys' services, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for any other fees as directed by the court, and for all general and equitable relief.

Dated: October 26, 2012

        RESPECTFULLY SUBMITTED:

        BY:  /s/ Stephen S. Kreller
        THE KRELLER LAW FIRM

            Stephen S. Kreller (LA # 28440)
            757 St. Charles Avenue, Suite 301
            New Orleans, LA  70130
            Telephone:  504-484-3488
            Facsimile:  888-294-6091
            Email:  ssk@krellerlaw.com

        FAEGRE BAKER DANIELS LLP

            William L. Roberts (admitted pro hac vice)
            Craig S. Coleman (admitted pro hac vice)
            2200 Wells Fargo Center
            90 South Seventh Street
            Minneapolis, MN  55402
            Telephone:  612-766-7000
            Facsimile:  612-766-1600

        LANGSTON & LOTT, P.A.

                Duncan Lott (admitted pro hac vice)
                Casey L. Lott (admitted pro hac vice)
                100 South Main Street
                Booneville, MS  38829
                Telephone:  662-728-9733
                Facsimile:  662-728-1992

                **ATTORNEYS FOR PLAINTIFFS IN INTERVENTION**

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Complaint for Intervention has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 26th day of October, 2012.

                                              */s/ Stephen S. Kreller*