

701 Camp Street ■ New Orleans, Louisiana 70130 ■ (504) 524-5777 ■ Fax (504) 524-5763

October 25, 2012

Via Email: Sally_Shushan@laed.uscourts.gov
Magistrate Judge Sally Shushan
United States District Court
Eastern District of Louisiana
500 Poydras Street, Room B-345
New Orleans, LA 70130

      RE:    In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, MDL No. 2179 – Louisiana Requesting Discovery and Trial Setting on Certain 2010 Economic Loss Claims Under OPA

Dear Judge Shushan:

      Mr. Langan is incorrect. The September 17 Working Group Order responds to the State's September 11, 2012 letter to your Honor requesting assistance in the face of different interpretations of Judge Barbier's statements made in the context of the Liaison Counsel meetings. No legal decision was briefed in or requested by that letter.[1] The State's current Motion, filed Oct. 24, 2012 [Rec. Doc. 7744], is Louisiana's first formal pleading in the record of these proceedings, for a trial setting for certain 2010 economic losses and associated discovery. Though the State had previously made an oral and *in camera* request, the denial of which the State acknowledges in its Motion [Rec. Doc. 7744, at 3], no formal pleading has been filed previously, and thus no order addressing or denying the same.

      Mr. Langan's September 11 response to the State was emphatic that the District Court's prior Pretrial Order staying discovery was still in effect: "There is no court order allowing the discovery that Louisiana seeks." [Rec. Doc. 7378]. At the Liaison Conference on September 14, 2012, Louisiana clarified to Judge Barbier and BP that Louisiana was requesting a change in the status quo. As set forth in the Motion, [Rec. Doc. 7744, at 1], Louisiana is requesting a change in Pretrial Order 15; additionally the State acknowledges that the current Orders (namely Pretrial Order No. 8) preclude the State from initiating discovery. Mr. Langan also noted that although

---

[1] Mr. Langan's September 11, 2012 response did not even include the term "claims splitting".

"Judge Barbier stated he would consider allowing such discovery," he had not entered an order addressing the request.

It is BP that seeks to revisit the Court's prior rulings regarding not only the propriety of but also the necessity for allowing interim claims. Your Honor previously indicated that the matter of a 2010 Economic Loss Trial was not among the "weeds" proposed by the parties for resolution, but was a matter the District Court would handle. Trey Phillips, Louisiana's First Assistant Attorney General, confirmed this fact with your Honor. As BP has acknowledged, the allowance of trial and discovery under the requested circumstances would alter some exiting Pretrial Orders.

During various Liaison Counsel Conferences, Judge Barbier indicated that the substantive decision on whether to alter the Pretrial Orders to allow Louisiana to proceed with these claims was his Honor's. In fact, Judge Barbier held that new, additional, claims need not be presented relative to ongoing losses, thus rejecting BP's argument that the State's recovery is subject to a "net loss" determination.

> Although the States ultimately must present each claim to the Responsible Party in order to recover damages for that claim, the Court will not require the States to repeatedly amend their Complaints to specifically state the circumstances of each presentment. Doing so would be a distraction to parties already under significant strains, and likely disruptive to this proceeding given the role the States play.

Order and Reasons [As to the Motions to Dismiss the Complaints of the States of Alabama and Louisiana, Part of Pleading Bundle "C"] (11/14/11) [Rec. Doc. 4578, at 23-24].

Judge Barbier's ruling on this issue was correct and is consistent with what BP was implementing in practice—paying incurred governmental claims. Under the paradigm currently espoused by BP, no governmental claim would ever be paid. For example, if Jefferson Parish were to build a monument to the victims of the BP Oil Spill (like St. Bernard's Katrina Memorial), and tourists began to visit and purchase souvenirs, on which State and Parish sales taxes are paid. Under BP's analysis, as long as such off setting benefits may come in, the State and Parish may not sue under the theory that a "net loss" must take into account every potential impact upon a claim. Judge Barbier's ruling on BP and other Defendants' motions to dismiss is both a practical and superior approach, indicating that the State need not wait to sue for billions in losses. More important, there is no case law suggesting that BP is entitled to any off-set or

credit for future tax revenues against past spill damages. Nothing in your Honor's Discovery Working Group Order changes the substantive law of the case as articulated by Judge Barbier. BP has no basis for trying to trump or undo a valid district court ruling under such circumstances. Accordingly, the State of Louisiana asserts that the instant request should be permitted to proceed.

                                                Sincerely,

                                                KANNER & WHITELEY, L.L.C.

                                                By: /s/: Allan Kanner
                                                       Allan Kanner

AK/kbc
cc:  Liaison, Coordinating and Steering Committee Counsel