UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEVE KOLIAN, ET AL
    Plaintiff

VERSUS

BP EXPLORATION & PRODUCTION, INC.,
ET AL
    Defendant

) In re: Oil Spill by the Oil Rig
) "Deepwater Horizon" in the
) Gulf of Mexico, on April 20, 2010
) MDL 2179
) Civil Action No. 2:12-cv-02338-CJB-SS
)

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT,
FALCK ALFORD TO THE PLAINTIFFS' COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes defendant, Falck Alford
Holding Company, Inc. (hereinafter, "Falck"), who in answer to the Complaint for Damages
filed on behalf of the above-captioned plaintiffs, avers as follows:

**FIRST DEFENSE**

Plaintiffs' Complaint fails to state a cause of action for which relief may be granted
against Falck.

**SECOND DEFENSE**

And now further answering the specific allegations of the Complaint for Damages, Falck
avers as follows:

**PARTIES**

**PLAINTIFFS:**

1.-12.

Falck denies the allegations contained in Paragraphs 1-12 for lack of information sufficient to justify a belief therein.

**DEFENDANTS:**

1.-24.

Falck denies the allegations contained in Paragraphs 1-24 of the Complaint for Damages for lack of information sufficient to justify a belief therein.

25.

The allegations contained in Paragraph 25 of the Complaint for Damages are denied. Falck admits that it is a domestic corporation which is authorized to do business in the state of Louisiana but otherwise denies the allegations contained in Paragraph 25 of the Complaint.

26.-39.

The allegations contained in Paragraphs 26-39 of the Complaint for Damages make no allegation against and consequently require no response from this defendant. To the extent a response is deemed necessary, the allegations contained therein are denied.

**JURISDICTION AND VENUE**

1.

The allegations contained in Paragraph 1 of the Complaint for Damages relating to the present jurisdiction and venue are denied.

2

2.

The allegations contained in Paragraph 2 of the Complaint for Damages recite legal conclusions which require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied.

3.

The allegations contained in Paragraph 3 of the Complaint for Damages recite legal conclusions which require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied.

4.

The allegations contained in Paragraph 4 of the Complaint for Damages recite legal conclusions which require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied.

5.

The allegations contained in Paragraph 5 of the Complaint for Damages recite legal conclusions which require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied.

## FACTUAL ALLEGATIONS

1.-26.

The allegations contained in Paragraphs 1-26 of the Complaint for Damages relating to the plaintiffs' factual allegations, make no allegation against and consequently require no response from Falck.  To the extent a response is deemed necessary, the allegations contained

3

therein are denied insofar as they are intended or may be construed to pertain to this defendant, and are otherwise denied for lack of information sufficient to justify a belief therein.

### Uncontrolled Discharge of Oil Into The Gulf and Environmental Implications

#### 1.-46.

The allegations of Paragraphs 1-46 of the Complaint for Damages relating to alleged uncontrolled discharges of oil into the Gulf of Mexico, make no allegation against and consequently require no response from this defendant.   To the extent a response is deemed necessary, Falck denies said allegations to the extent they are intended or may be construed to pertain to this defendant, and otherwise denies the allegations for lack of information sufficient to justify a belief therein.

### FACTUAL ALLEGATIONS OF RESIDENTS, SCIENTIFIC DIVERS AND RECREATIONAL TOURISTS INJURED BY THE OIL SPILL

#### Plaintiffs, David Landrieu and Kimberly Flair, Facts

#### 1.-4.

The allegations contained in Paragraphs 1-4 of the Complaint for Damages, relating to plaintiffs David Landrieu and Kimberly Flair, make no allegation against and consequently require no response from this defendant.   To the extent that any response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

### Steve Kolian and Michael Boatright, Facts

#### 1.-8.

The allegations contained in Paragraphs 1-8 of the Complaint for Damages, relating to plaintiffs Steve Kolian and Michael Boatright, make no allegation against and consequently require no response from this defendant. To the extent that any response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck, and are otherwise denied for lack of information sufficient to justify a belief therein.

### Charles Taylor, Facts

#### 1.-2.

The allegations contained in Paragraphs 1-2 of the Complaint for Damages, relating to plaintiff Charles Taylor, make no allegation against and consequently require no response from this defendant. To the extent that any response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

### FACTUAL ALLEGATIONS OF CLEAN-UP AND RESPONSE WORKERS

#### 1.

The allegations contained in Paragraph 1 of the Complaint for Damages, pertaining to the claims of alleged clean-up and response workers, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

o

2.

The allegations contained in Paragraph 2 of the Complaint for Damages are denied.

3.

The allegations contained in Paragraph 3 of the Complaint for Damages are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint for Damages are denied.

5.

The allegations contained in Paragraph 5 of the Complaint for Damages are denied.

**Factual Allegations of Christopher Green**

1.-3.

The allegations relating to plaintiff, Christopher Green, make no claim against and consequently require no response from this defendant.  To the extent any response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck, and are otherwise denied for lack of information sufficient to justify a belief therein.

**Factual Allegations of Gregory Turner**

1.

The allegations relating to plaintiff, Gregory Turner, make no claim against and consequently require no response from this defendant.  To the extent any response is deemed

necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck, and are otherwise denied for lack of information sufficient to justify a belief therein.

### Factual Allegations of Dan Hatcher

1.

The allegations contained in Paragraph 1 of the Complaint for Damages relating to the claims of plaintiff, Dan Hatcher, are denied insofar as they are intended or may be construed to pertain to Falck, and are otherwise denied for lack of information sufficient to justify a belief therein.

### Factual Allegations of Richard and Janice Danos

1.

The allegations contained in Paragraph 1 of the Complaint for Damages related to the claims of plaintiffs, Richard and Janice Danos, make no allegation against and consequently require no response from this defendant. To the extent a response is deemed necessary, Falck denies the allegations contained therein.

### Factual Allegations of James Morgan

1.

The allegations contained in Paragraph 1 of the Complaint for Damages related to the claims of plaintiff, James Morgan, make no allegation against and consequently require no response from this defendant. To the extent a response is deemed necessary, Falck denies the allegations contained therein.

### Factual Allegations of Ronald Shearon, Jr. and Patricia Maria Rye

1.

The allegations contained in Paragraph 1 of the Complaint for Damages related to the claims of plaintiffs, Ronald Shearon, Jr. and Patricia Maria Rye, make no allegation against and consequently require no response from this defendant.   To the extent a response is deemed necessary, Falck denies the allegations contained therein.

### Factual Allegations of David Hackney

1.

The allegations contained in Paragraph 1 of the Complaint for Damages related to the claims of plaintiff, David Hackney, make no allegation against and consequently require no response from this defendant.   To the extent a response is deemed necessary, Falck denies the allegations contained therein.

### CLAIMS FOR RELIEF

### COUNT I

### Negligence Under General Maritime Law

1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

2.

The allegations contained in Paragraph 2 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, recite legal conclusions which require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, recite legal conclusions which require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, recite legal conclusions which require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, recite legal conclusions which require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, including all subparts thereto, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, make no allegation against and consequently require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein, including all subparts thereto, are denied for lack of information sufficient to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, make no allegation against and

consequently require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein recite legal conclusions which are denied for lack of information sufficient to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, recite legal conclusions which require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Complaint for Damages, regarding alleged claims of negligence falling under general maritime law, recite legal conclusions which require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

**COUNT II**

**Gross Negligence Under General Maritime Law**

1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

2.

The allegations contained in Paragraph 2 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, recite legal conclusions which require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, recite legal conclusions which require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

12.

The allegations contained in Paragraph Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, make no allegation against and consequently require no response from this defendant. To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

17.

The allegations contained in Paragraph 17 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, make no allegation against and consequently require no response from this defendant. To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, make no allegation against and consequently require no response from this defendant. To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

19.

The allegations contained in Paragraph 19 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

20.

The allegations contained in Paragraph 20 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied.

21.

The allegations contained in Paragraph 21 of the Complaint for Damages, regarding plaintiffs' claims of alleged gross negligence under general maritime law, are denied.

## COUNT III

## Negligence Per Se Under General Maritime Law, State and Federal Law

1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' claims of alleged negligence *per se* under general maritime law, state and federal law, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

2.

The allegations contained in Paragraph 2 of the Complaint for Damages, regarding plaintiffs' claims of alleged negligence *per se* under general maritime law, state and federal law,

make no allegations against and consequently require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint for Damages, regarding plaintiffs' claims of alleged negligence *per se* under general maritime law, state and federal law, make no allegations against and consequently require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein, including all subparts thereto, are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint for Damages, regarding plaintiffs' claims of alleged negligence *per se* under general maritime law, state and federal law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Complaint for Damages, regarding plaintiffs' claims of alleged negligence *per se* under general maritime law, state and federal law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Complaint for Damages, regarding plaintiffs' claims of alleged negligence *per se* under general maritime law, state and federal law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

7.

The allegations contained in Paragraph 7 of the Complaint for Damages, regarding plaintiffs' claims of alleged negligence *per se* under general maritime law, state and federal law, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

**Claims Under The Oil Pollution Act As to BP Defendants**

**(Economic Loss)**

**COUNT IV**

1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' claims asserted under the the Oil Pollution Act, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

2.-10.

The allegations contained in Paragraphs 2-10 of the Complaint for Damages, regarding plaintiffs' claims asserted under the the Oil Pollution Act, make no allegations against and

consequently require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck, and are otherwise denied for lack of information sufficient to justify a belief therein.

## COUNT V

### Claims Under Louisiana Nuisance Law

1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' claims alleging nuisance under Louisiana state law, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

2.-8.

The allegations contained in Paragraph 2-8 of the Complaint for Damages, regarding plaintiffs' claims alleging nuisance under Louisiana state law, make no allegations against and consequently require no response from this defendant.   To the extent a response is deemed necessary, the allegations contained therein are denied.

## COUNT VI

### Loss of Consortium Claims Under Louisiana Law

1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' claims alleging loss of consortium under Louisiana state law, Falck renews,

reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

Plaintiffs have asserted no cause of action for loss of consortium against this defendant and consequently no response is required. To the extent a response is deemed necessary, the allegations contained therein are denied.

## COUNT VII

### Suits in Admiralty Claims

#### 1.-2.

Paragraphs 1-2 of the Complaint for Damages regarding plaintiffs' Suits in Admiralty Claims make no allegation against and consequently require no response from this defendant. To the extent a response is deemed necessary, the allegations contained therein are denied.

## COUNT VII

### Jones Act Claims

#### 1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' claims asserted under the Jones Act, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

#### 2.

The allegations contained in Paragraph 2 of the Complaint for Damages, regarding plaintiffs' claims asserted under the Jones Act, are denied insofar as they are intended or may be

construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint for Damages, regarding plaintiffs' claims asserted under the Jones Act, are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Complaint for Damages, regarding plaintiffs' claims asserted under the Jones Act, are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

5.

Paragraph 5 of the Complaint for Damages, regarding plaintiffs' claims asserted under the Jones Act, makes no allegations against and consequently requires no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied for lack of information sufficient to justify a belief therein.

## **COUNT VIII**

### **Unseaworthiness Claims**

1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' claims for alleged unseaworthiness, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

2.

The allegations contained in Paragraph 2 of the Complaint for Damages, regarding plaintiffs' claims for alleged unseaworthiness, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

3.

The allegations contained in Paragraph 3 of the Complaint for Damages, regarding plaintiffs' claims for alleged unseaworthiness, are denied insofar as they are intended or may be construed to pertain to this defendant and are otherwise denied for lack of information sufficient to justify a belief therein.

## COUNT IX

### Negligence, Gross Negligence and/or Failure to Warn Under

### Louisiana, Mississippi and Texas Law

1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' claims for alleged negligence, gross negligence and/or failure to warn under

Louisiana, Mississippi and Texas law, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

2.-16.

The allegations contained in Paragraphs 2-16 of the Complaint for Damages, regarding plaintiffs' claims for alleged negligence, gross negligence and/or failure to warn under Louisiana, Mississippi and Texas law, make no allegation against and consequently require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

## COUNT IX

### Plaintiffs', Kolian's and Boatright's, Breach of Contract Claims Under General Maritime And Louisiana Law and Alternative Claims of Justifiable Reliance Against the BP Defendants and NOAA

The allegations contained in the unnumbered paragraphs of plaintiffs' Complaint identified as Count IX relating to Breach of Contract Claims against the BP Defendants and NOAA make no allegations against and consequently require no response from this defendant. To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck, and are otherwise denied for lack of information sufficient to justify a belief therein.

## COUNT X

## Plaintiffs', Kolian's and Boatright's, Claims of Fraudulent Misrepresentation Against BP Defendants and NOAA

### 1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, relating to plaintiffs' claims of fraudulent misrepresentation against BP defendants and NOAA, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

### 2.-5.

The allegations contained in Paragraphs 2-5 of Count X of the Complaint for Damages, relating to plaintiffs' claims of fraudulent misrepresentation against the BP d efendants and NOAA, make no allegation against and consequently require no response from this defendant. To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck, and are otherwise denied for lack of information sufficient to justify a belief therein.

## COUNT XII

## Battery

### 1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' alleged claims of battery, Falck renews, reavers and incorporates all prior

responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

2.-6.

The allegations contained in Paragraphs 2-6 of Count XII of the Complaint for Damages, regarding plaintiffs' alleged claims of battery, make no allegation against and consequently require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

<strong><u>COUNT XIII</u></strong>

<strong><u>Strict Liability under General Maritime Law for Design Defect against Nalco</u></strong>

1.

In response to the allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' claims of Strict Liability under General Maritime Law for Design Defect against Nalco, Falck renews, reavers and incorporates all prior responses to the foregoing allegations of the Complaint for Damages as if reproduced *in extenso* herein.

2.-18.

The allegations contained in Paragraphs 2-18 of Count XIII of the Complaint for Damages, regarding plaintiffs' claims of Strict Liability under General Maritime Law for Design Defect against Nalco, make no allegation against and consequently require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are

26

denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

## COUNT XIV

### Punitive Damages

#### 1.-26.

Paragraphs 1-26 of Count XIV of the Complaint for Damages, regarding plaintiffs' alleged claims for punitive damages, make no allegation against and consequently require no response from this defendant.  To the extent a response is deemed necessary, the allegations contained therein are denied insofar as they are intended or may be construed to pertain to Falck and are otherwise denied for lack of information sufficient to justify a belief therein.

## DAMAGES

#### 1.

The allegations contained in Paragraph 1 of the Complaint for Damages, regarding plaintiffs' alleged damages, including all subparts thereto, are denied.

#### 2.

In response to the allegations contained in the unnumbered paragraph following paragraph 1 of the Complaint for Damages, regarding plaintiffs' alleged damages, Falck denies that it is liable to these plaintiffs for any of the injuries and/or damages complained of herein and consequently denies that any judgment may property be rendered against it as a consequence of these proceedings.  Accordingly, Falck denies the allegations contained in plaintiffs' prayer for relief.

## THIRD DEFENSE

And now further answering, Falck avers as follows:

Falck specifically denies that plaintiffs have sustained any injury or damage, as alleged in their Complaint; however, should it be found that the plaintiffs were injured or sustained damages under the circumstances outlined in their Complaint, which is specifically denied, Falck avers that such injuries and/or damages are the result of the negligence and/or fault of parties for whom Falck has neither responsibility nor control. Accordingly, plaintiffs' recovery against Falck should be precluded or reduced by the fault of such third parties.

## FOURTH DEFENSE

Plaintiffs' claims against Falck are barred, in whole or in part, to the extent the plaintiffs have failed to mitigate, minimize, avoid or abate any damages allegedly sustained, if any, and recovery against this defendant must be reduced in accordance with the amount of such damages that may have otherwise been prevented, avoided or minimized.

## FIFTH DEFENSE

Plaintiff has failed to state a cause of action for punitive damages against this defendant.

## SIXTH DEFENSE

Defendant reserves the right to amend and/or supplement its Answer to plaintiffs' Complaint for Damages and to bring such other claim, including but not limited to counter claims, cross claims and/or third party claims, or raise any additional defenses as it may deem appropriate, as additional facts become known.

## SEVENTH DEFENSE

Defendant avers that plaintiffs sustained no damage as the result of any breach of legal duty owed to the plaintiffs by defendant or for which plaintiffs may recover any amounts whatsoever therefrom.

## EIGHTH DEFENSE

Plaintiffs' claims against Falck are barred, in whole or in part, due to the operation of liberative prescription.

## NINTH DEFENSE

Plaintiffs' claims against Falck are barred, in whole or in part, to the extent that the asserted claims herein are improperly joined, and as such, should be dismissed.

## TENTH DEFENSE

Plaintiffs' claims against Falck are barred, in whole or in part, to the extent that plaintiffs do not qualify as Jones Act seamen.

## ELEVENTH DEFENSE

Plaintiffs' claims against Falck are barred, in whole or in part, to the extent that plaintiffs did not serve aboard a vessel or fleet of vessels operating in the navigable waters of the United States.

## TWELFTH DEFENSE

Plaintiffs' claims against Falck are barred, in whole or in part, to the extent that Falck is immune from such claims as an employer of the plaintiffs.

### THIRTEENTH DEFENSE

Plaintiffs' claims against Falck are barred, in whole or in part, to the extent the claimed exposure took place at a point in time when plaintiff was a borrowed employee of a third-party for whom Falck had no control, oversight or responsibility.

### FOURTHEENTH DEFENSE

In the alternative, plaintiffs' claims against Falck are barred, in whole or in part, due to the exclusivity provisions of the Longshore and Harbor Worker's Compensation Act.

### FIFTEENTH DEFENSE

In the alternative, plaintiffs' claims against Falck are barred, in whole or in part, due to the exclusivity provisions of the Workman's Compensation Statutes of the state of Louisiana.

### SIXTEENTH DEFENSE

Plaintiffs' claims against Falck are barred, in whole or in part, to the extent that the injuries complained of if any were the result of superseding or intervening acts for which Falck is not responsible.

### SEVENTEENTH DEFENSE

To the extent plaintiffs have claimed seaman status under the Jones Act, or otherwise seek entitlement to maintenance and cure plaintiffs have neither requested such benefits nor submitted any documentation or records substantiating their claims to such benefits sufficient to allow Falck to evaluate such claims.

## EIGHTEENTH DEFENSE

In the alternative, if Falck is found to be a Jones Act employer, which is denied, Falck is entitled to and hereby asserts its right to a set off and credit for all amounts received by plaintiffs in settlement of any of the claims asserted herein.

## NINTEENTH DEFENSE

Any allegation of the Petition for Damages not specifically and expressly admitted is hereby denied.

## TWENTYTH DEFENSE

Defendant is entitled to and prays for a jury trial on all issues so triable.

**WHEREFORE**, defendant, Falck Alford Holdings, Inc., prays that its Answer and affirmative defenses be deemed good and sufficient and that, after due proceedings are had, including trial by jury, a judgment be rendered herein in its favor and against the above-captioned plaintiffs, dismissing plaintiffs' claims at their respective costs, and for all other relief, whether in law or in equity, to which this defendant may be entitled by virtue of these proceedings.

Respectfully submitted;

s/Jason D. Bone

Paul J. Politz (#19741)
Jason D. Bone (#28315)
TAYLOR, WELLONS, POLITZ & DUHE, APLC
1515 Poydras Street, Suite 1900
New Orleans, LA 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899
COUNSEL   FOR   FALCK   ALFORD
HOLDINGS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record in this matter via the electronic filing system. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 29th day of October, 2012

s/Jason D. Bone

TAYLOR, WELLONS, POLITZ & DUHE, APLC