**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| | * | |
| In Re: Spill by the Oil Rig "Deepwater | * | **MDL NO. 2179** |
| Horizon" in the Gulf of Mexico, on April | * | |
| 20, 2010 | * | **SECTION: J** |
| | * | |
| This document relates to: 2:11-cv-01159 | * | |
| | * | **JUDGE: CARL J. BARBIER** |
| | * | |
| | * | **MAG: SALLY SHUSHAN** |

**************************************

<u>**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**</u>

Willis & Buckley, APC ("Willis & Buckley"), through Jennifer N. Willis, respectfully moves

this Honorable Court for leave to file a Complaint of Intervention in the above captioned action

pursuant to Federal Rules of Civil Procedure Rule 24(a)(2).

Intervenor claims an interest in and is entitled to the proceeds of any settlement or judgment

in the captioned matter in preference to other creditors. Willis & Buckley was retained by plaintiff,

and defendant in intervention, Percy J. Vegas, to file suit against BP Americal Production Company

and Danos and Curole Staffing, LLC for breach of contract in the Vessels of Opportunity program

for the clean up of the Deep Water Horizon oil spill. (See Retainer Contract attached as Exhibit 1).

The contract provides for a 40% contingency fee and reimbursement of costs expended on his behalf.

1

(See Exhibit 1). On April 20, 2011, Willis & Buckley filed *"Norman Bouisse, Harvey Cheramie, Jr., Jerry Parria, Chad Rogers, Sr. Curtis Silver, Jr., Curtis Silver, Sr., Percy Vegas, and Terry Vegas v. BP America Production Company and Danos and Curole Staffing, LLC*, Civil District Court for the Parish of Orleans No. 2011-4255, Division G-11". This case was removed to Federal Court and subsequently made part of the captioned multi-district litigation. On October 23, 2012, Mr. Vegas terminated representation with Willis & Buckley. (See Termination Letter attached as Exhibit 2).

"It is well-settled that to intervene of right each of the four requirements of the rule must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Keith v. St. George Packing Company, Inc.*, 806 F.2d 525, (U.S. 5th Cir. 1986); quoting *New Orleans Public Serv., Inc. V. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir.) (en banc) quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978), cert. Denied 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed. 2d 360 (1984). This Court and the Fifth Circuit held that "an intervention of right exists for an attorney who has a contingency fee contract with a client" since "the firm [has] an interest in the subject of the action and is so situated that the action's final disposition may as a practical matter impair or impede its interest." *State Farm Fire and Casualty Company v. Black & Decker*, 2003 WL 22966373(E.D. La.); quoting *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1995).

Willis & Buckley's Complaint in Intervention is timely as a final determination of this matter

2

has not yet been had.  Willis & Buckley has an interest relating to the subject of the action in that they were retained under a contingency fee to perform legal services for defendant in intervention and did so until receiving a notice of termination.  Willis & Buckley cannot protect their interest in the subject of the action without intervening.  Willis & Buckley's interest is not represented at all by the existing parties to the suit, which is why it must seek this Court's permission to intervene.  Moreover, the filing of plaintiff in intervention's Complaint of Intervention will not delay the progress of this matter.

Accordingly, Willis & Buckley requests that it be allowed to file its Complaint of Intervention in this matter.

Respectfully submitted,

OF COUNSEL:

/s/ Jennifer N. Willis
JENNIFER N. WILLIS (#14877)
Willis & Buckley, APC
3723 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-6301
Facsimile: (504) 488-6302
jenniferwblaw@bellsouth.net

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 30, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF and Lexis/Nexis File and Serve systems which will send notice of electronic filing to all counsel of record.

/s/ Jennifer N. Willis

3