# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig               MDL NO. 2179
    "Deepwater Horizon" in the Gulf
    of Mexico, on April 20, 2010          SECTION J

Applies to: *All Cases*                       JUDGE BARBIER
                                        MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding Louisiana's Motion Requesting Discovery and Trial Setting on Certain of the State of Louisiana's 2010 Economic Loss Claims Under OPA (Rec. doc. 7744)]**

On October 24, 2012, the State of Louisiana filed a motion requesting "targeted" discovery and a trial setting on a certain "subset" of its 2010 economic loss claims under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701, *et seq*. The motion will be treated as a motion for reconsideration of the undersigned's order of September 17, 2012 denying Louisiana's request for discovery on such claims. Rec. doc. 7426 at 10.

On September 11, 2012, Louisiana requested the Court's assistance in resolving a disagreement regarding its request for discovery in connection with its 2010 OPA economic loss claims. Rec. doc. 7371. It contended that at the July 13, 2012 Liaison Conference, District Judge Barbier "agreed to allow limited discovery regarding" such claims. Rec. doc. 7371 at 1. BP disagreed with Louisiana's account of the July 13, 2012 conference. It argued that: (1) there was a general stay of discovery except for discovery authorized on Phase One and Phase Two issues; (2) Louisiana's discovery would frustrate the case management plan; and (3) because OPA damages are limited to the net loss of taxes, Louisiana cannot limit its claim to 2010 and not consider revenue gains in 2011, 2012 and beyond that result from increased tax revenues generated by BP's payments made through Gulf Coast Claims Facility and the Court supervised MDL settlement. Rec. doc.

7378.  The issue was addressed by Judge Barbier in the conference with liaison counsel on Friday, September 14.  The order for the working group conference on September 14, 2012 provided that "[t]he request [by Louisiana] for the discovery is denied.  It is claim splitting and it is inconsistent with the schedule for the preparation and trial of Phase One and Phase Two."  Rec. doc. 7426 at 10. Louisiana did not appeal the order.

After filing its October 24, 2012 motion for discovery and a trial setting, Louisiana argued that it was its first pleading seeking this relief.  Rec. doc. 7761 at 1.  It contended that Judge Barbier's November 14, 2011 order and reasons on the motions to dismiss the complaints of Alabama and Louisiana rejected BP's argument that Louisiana's recovery is subject to a "net loss" determination.  Rec. doc. 7761 at 2.  BP responded.  Rec. doc. 7762.

## Presentment

The defendants sought to dismiss the First Amended Complaints filed by Alabama and Louisiana.  They argued that the States failed to sufficiently allege compliance with OPA's "presentment" requirement.  Judge Barbier found that the States must present their OPA claims to a Responsible Party before proceeding in Court.  Rec. doc. 4578 at 21.  The issue of whether the States had sufficiently alleged presentment was considered.

> As stated in the B1 Order, a judge handling an MDL often must employ special procedures and case management tools in order to have the MDL operate in an orderly and efficient manner.  The Court is conscious of the burdens the MDL has placed on counsel for all parties. Although the States ultimately must present each claim to the Responsible Party in order to recover damages for that claim, the Court will not require the States to repeatedly amend their Complaints to specifically state the circumstances of each presentment.  Doing so would be a distraction to parties already under significant strains, and likely disruptive to this proceeding given the role the States play.  Furthermore, given that presentment is not itself a cause of action, but a fact to be alleged to a cause of action, as well as the Court's finding that presentment is not a jurisdictional requirement, the Court is not convinced that OPA requires the parties to allege such specifics in their Complaints.  Accordingly, the

Court finds the States have sufficiently alleged presentment under OPA.

Rec. doc. 4578 at 23-24.

Judge Barbier did not rule on the issue of whether Louisiana's recovery is subject to a "net loss" determination. That issue arises from OPA's provision that a responsible party is liable for:

> Damages equal to the net loss of taxes, royalties, rents, fees, or net profit shares due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by the Government of the United States, a State, or a political subdivision thereof.

33 U.S.C. § 2702(b)(2)(D). BP contends that because of the "net loss" provision, any determination of Louisiana's economic losses must incorporate the revenues generated for Louisiana by BP's expenditures relating to the spill. In the portion of Judge Barbier's November 14, 2011 order and reasons on presentment, there is no reference to Section 2702(b)(2)(D). Louisiana's contention that this issue was resolved in its favor is without merit. That issue remains for another day.

## Case Management Order No. 4

Pretrial Order No. 11 limited discovery to:

> [T]he activities and events leading up to and including April 20, 2010 Macondo well incident and resulting explosion, fire and loss of the rig. Discovery will also include discovery of issues relating to the cause or causes and extent of the associated oil spill, and the cause or causes of damages alleged to have resulted therefrom.

Rec. doc. 569 at 8-9. Second Amended Pretrial Order No. 41 provides that the trial "will address fault issues that have not previously been disposed of or resolved. . . ." Rec. doc. 6592 at 2.

The trial of Phase One (the Incident Phase) is set for February 25, 2012. It will address issues arising out of the conduct of various parties allegedly relevant to the loss of well control at the well, the ensuing fire and explosion on Deepwater Horizon on April 20, 2010, the sinking of the vessel, and the initiation of the release of oil from the well or the vessel during these time periods.

Id.

The trial of Phase Two (Source Control and Quantification Phase) is tentatively set for June 17, 2013. As to source control, the issues shall pertain to the conduct or omissions of BP, Transocean, or other relevant parties regarding stopping the release of hydrocarbons stemming from the incident from April 22, 2010 through approximately September 19, 2010 (including the alleged failure by BP and Transocean to prepare for a blow-out and spill prior to April 20, 2010). As to quantification, the issues shall pertain to the amount of oil actually released into the Gulf of Mexico as a result of the incident from the time releases began until the well was permanently cemented shut on September 19, 2010. Id. at 2-3.

A Fairness Hearing is set for November 8, 2012 on whether final approval will be granted to the proposed Economic and Property Damages Settlement and the proposed Medical Benefits Settlement. In addition to all matters required for the Fairness Hearing, Judge Barbier and the Court are actively engaged in directing the parties' preparations for the trial of Phase One and Two. This includes issues remaining for Phase One, completion of fact and expert discovery for Phase Two and motion practice associated with the trial of Phase One and Two. When Phase One is being tried, the undersigned will be working with the parties on expert discovery for Phase Two. In these circumstances, it will be difficult for Judge Barbier and the undersigned to attempt to stretch limited judicial resources to supervise discovery concerning Louisiana's economic claims.

## Conclusion

The Second Amended Pretrial Order No. 41 provides that:

> To the extent triable issues pertaining to any parties remain unresolved by Phase One, Phase Two, settlements, motion practice, or stipulation, such trials will be established pursuant to further Order of the Court following further consultation with the parties.

Rec. doc. 6592 at 3. Louisiana's request for discovery and a trial setting on its economic loss claims under OPA falls under this provision. The undersigned understands Louisiana's desire to move forward on its economic claims and is anxious to move forward on those claims as well as those asserted by Alabama. It is noted that if there is a settlement or other disposition of the claims of the U.S. and the States relating to Phase Two, there would be considerable time for discovery and trial of the States' economic loss claims.[1]

IT IS ORDERED that: (1) Louisiana's motion requesting discovery and a trial setting on certain of its 2010 economic loss claims under OPA (Rec. doc. 7744) is DEEMED a motion to reconsider the undersigned's order of September 17, 2012 (Rec. doc. 7426 at 10); and (2) Louisiana's motion for reconsideration (Rec. doc. 7744) is DENIED WITHOUT PREJUDICE to re-urge the motion should circumstances change as mentioned above.

New Orleans, Louisiana, this 2nd day of November, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**

---

[1] Any discovery schedule will include all of the States' claims and not "certain claims" as urged by Louisiana.

5