UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * | CIVIL ACTION 10-7777 <br><br> MDL No. 2179 <br><br> SECTION J <br><br> HONORABLE CARL J. BARBIER <br><br> MAGISTRATE JUDGE SHUSHAN |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE LATE OBJECTION TO PROPOSED ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT, AS AMENDED AND PRELIMINARILY APPROVED BY THE COURT**

MAY IT PLEASE THE COURT:

Terrance M. Shelley, respectfully objects to Proposed Economic and Property Damages Settlement Agreement, as Amended and Preliminarily Approved by the Court. Mr. Shelley objects to the proposed Class Action Settlement due to its treatment of private oyster lease claims.

Mr. Shelley resides at 605 East First Street in Belle Chasse, Louisiana. His telephone number is (504) 564-0004. He is a member of the putative Economic and Property Damage Class by virtue of certain state and private oyster leases held in his name. Mr. Shelley has filed a claim with the Deepwater Horizon Economic Claims Center and has been assigned claimant number xxxxxx224. Mr. Shelley objects to the proposed Class Action Settlement's treatment of private oyster leases as the proposed settlement's requirement of a state lease number essentially results in no private leases being included in the settlement.

The Proposed Agreement (Doc. 6340-22) states, on page 28 of 96, that:

1

5.  To establish eligibility to participate in the Oyster Compensation Plan, an Oyster Leaseholder Claimant must provide:

A.  Valid oyster lease entered into by Claimant that establishes, as of April 20, 2010, the Claimant as the lessee of the oyster leasehold, or a copy of the actual title for the leasehold. Claimants are required to provide documentation that their leasehold interest is in good standing, such as proof of renewal.

**B.  Information sufficient to ascertain the geographic boundaries of the oyster leasehold, including the oyster lease ID number.**

C.

(Doc. 6340-22, p. 28, attached Hereto as Exhibit "A," emphasis added). This provision was recently interpreted by the Deepwater Horizon Economic Claim Center as follows:

> **180. What is the scope of the Seafood Compensation Program with respect to Oyster Leaseholders? Are "private leases" included in the settlement class and Compensation Program?**
>
> The Class is defined to include all Oyster Leaseholders, whether the lease establishes the Claimant as the lessee of an oyster leasehold for which the state is the lessor ("state-issued lease") or the lessee of an oyster leasehold for which a private landowner is the lessor ("private lease"). However, while private leases are included in the Settlement Class, certain private leases may not be eligible to receive payment under the Seafood Compensation Program, and thus those oyster leaseholders will have their associated Oyster Leaseholder Interest claims in connection with such private leases Expressly Reserved.
>
> **To be eligible for compensation under the Seafood Compensation Program, a Oyster Leaseholder Claimants seeking recovery for oyster leaseholds in Louisiana, Florida, Mississippi, and Texas must be the lessee of an oyster lease (whether "state-issued" or "private") for which the State has issued an oyster lease ID number.** In Alabama, where the state does not issue oyster lease ID numbers for oyster leases, then Claimants who are lessees of oyster leases (whether "state-issued" or "private") are eligible for compensation from the Seafood Compensation Program.
>
> Thus, if a claiming Oyster Leaseholder seeks compensation for a lease in Louisiana, Florida, Mississippi or Texas that did not have a State-issued lease oyster ID number for the year 2010, then the Claimant remains in the Class and may be eligible for

2

>compensation under other aspects of the Seafood Compensation Program, (e.g., Oyster Harvester Lost Income Compensation, compensation under a different Seafood Compensation Program category such as the Shrimp Compensation Plan or Finfish Compensation Plan, or Oyster Leaseholder Interest claims for oyster leases in Louisiana, Florida, Mississippi or Texas that do have a State-issued lease ID number); **however, that Claimant's Oyster Leaseholder Interest claims and Oyster Leaseholder Lost Income claims arising out of any Louisiana, Florida, Mississippi or Texas oyster lease without a State-issued lease ID number are Expressly Reserved Claims under the Settlement Agreement,** such that they are neither compensated in nor released by the Economic Loss and Property Damages Settlement or the Individual Release.
>
>(Last updated October 17, 2012)

(Exhibit "B", from the BP Deepwater Horizon Economic Claims Center Website, November 2, 2012, emphasis added).

Mr. Shelley is the lessee of oyster beds from multiple sources, including the State of Louisiana and private landowners. (Mr. Shelley's private leases are attached as Exhibits "C" through "H". The lease attached as Exhibit "H" is held jointly by Terrance Shelley with his son, Shane, but is managed by Mr. Shelley, who objects on his behalf and behalf of his son). These leaseholds are frequently contiguous to each other, such that the impacts from the BP oil spill on state leaseholds was identical to that on the private property leased by Mr. Shelley.

Mr. Shelley's private leases contain surveys/maps delineating the boundaries of the leases and the acreage leased and, where necessary, Mr. Shelley has hired a licensed surveyor to calculate the acreage and develop plats sufficient to meet the requirement of the Proposed Settlement. (*See* Exhibit "H-1.1" "H-1.2" and "H-1.3"). **The problem for Mr. Shelley and others similarly situated is in the requirement for a state issued lease number because the State of Louisiana does not issue lease numbers for private leases.**

Thus, contiguous parcels will be treated differently depending on whether a state lease number has been issued (which only occurs for state leases) or not. Mr. Shelley suggests that the Class Action settlement should include claims for private oyster leaseholds on the same terms as those currently offered for leases issued by the State of Louisiana and possessing a state lease number. Otherwise, creating a standard which cannot be met (the requirement of a state lease number where no such number has ever been issued) places Mr. Shelley and others similarly situated in a disadvantageous position compared to those state leaseholders who are contiguous to Mr. Shelley's leased oyster beds.

WHEREFORE, Terrance M. Shelly prays that this Honorable Court will Order Modification of the Proposed Economic and Property Damages Settlement Agreement, as Amended and Preliminarily Approved by the Court, to provide for identical treatment of oyster beds leased from the State of Louisiana for which state lease numbers have been issued and for those oyster beds leased from private owners for whom boundaries can be identified either through the lease documentation itself or by a surveyor.

    Respectfully Submitted,

    SCHEUERMANN & JONES, LLC

    /s/Joshua L. Rubenstein
    _____
    Lawrence Blake Jones (7495)
    Joshua L. Rubenstein (25229)
    701 Poydras Street, Suite 4100
    New Orleans, Louisiana  70139
    Telephone: (504) 525-4361
    Telecopier: (504) 525-4380

    ATTORNEYS FOR TERRANCE M. SHELLEY

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this  2nd  day of November, 2012, served a copy of the foregoing pleading on counsel for all parties to this proceeding through PACER, Telecopier, or by mailing the same by United States mail, properly addressed, and first class postage prepaid.

/s/ Joshua L. Rubenstein