IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2012 | ) ) ) ) | MDL NO. 2179<br><br>SECTION J |
| Relates to Claims in the "B1" Bundle | ) ) ) ) ) ) ) | HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAM |
| _____ | ) | _____ |

MOTION FOR RECONSIDERATION OF ORDER REGARDING
OBJECTORS' PRESENTATIONS AT THE NOVEMBER 8 FAIRNESS
HEARING

Class Members,

DCA, LLC, Debtor in Possession d/b/a
BILLY'S TARPON TURTLE RESTAURANT
AND MARINA
1513 Lake Tarpon Ave
Tarpon Springs, Florida 34689

THE BREW GARDEN, LLC
904 North McMullen Booth Road
Clearwater, Florida 33759

by and through undersigned counsel, on behalf of there own claims and on behalf of the Tampa Bay region in general move this Honorable Court reconsider the order filed November 1, 2012 (Doc. 7819) and would show that:

    1.    Objectors timely filed and served an objection and also filed and served a request to speak at the Fairness Hearing.

    2.    The Order regarding objectors' presentations at the November

8, 2012 Fairness Hearing has chosen Stuart Smith of New Orleans, Louisiana to present all Economic Loss Zone Issues. (Rec. Doc. 7819 p.2)

3.  Objectors' claims were based on the assertion that no one involved in the settlement negotiations was from Tampa Bay, or the entire peninsular Florida, and therefore the boundary lines drawn were arbitrary, capricious, and unfair.  Objectors further suggested to the Court that the Tampa Bay region inclusive of Sarasota, should be a subclass, or do to the nature of its economy be rezoned or a separate zone if zones must exist.

4.  The Court has not appointed anyone to speak for Tampa Bay and the issues unique to peninsular Florida regarding the fairness of the settlement.

5.  Based on the undersigned counsel's reading of the Order Regarding Procedures for November 8 Fairness Hearing (Doc. 7358), counsel made travel arrangements to appear, from Florida, and speak, albeit for only three minutes, at the Fairness Hearing.

6.  Only on November 1, 2012, seven days before the Fairness hearing was to take place this Court issued the order designating speakers and no voice from the Tampa Bay part of Florida was to be heard.

7.  <u>Conclusion</u>:   There is no one addressing the Court on regarding fairness issues unique to peninsular Florida. [For instance, Safety Harbor, Oldsmar, and Rocky Point are the only places on salt water put into Zone D on the entire Gulf Coast between Texas and Key West.]  Therefore, objectors request the Court reconsider the November 1, 2012, Order [Doc. 7819] and permit the undersigned counsel to speak for three minutes on behalf of class members in the Tampa Bay region.

I HEREBY CERTIFY that a copy of the foregoing has been furnished

to James Parkerson Roy, Esq., Domengeaux Wright Roy & Edwards, P.O. Box 3668, Lafayette, LA 70501, Stephen J. Herman, Esq., Herman Herman Katz & Cotlar LLP, 820 O'Keefe Avenue, New Orleans, LA 70113, and Richard C. Godfrey, P.C., Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, IL 60654, by U.S. Mail, this _6th_ day of November, 2012.

*S/ George J.F. Werner* .
George J.F. Werner, Esq.
1602 East 3rd Avenue
Ybor City, Florida 33605
(888)899-0205 telephone & fax
GLFW.law@gmail.com
Fla. Bar No.:  0450499