UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | * * * * * * | MDL No. 2179<br><br>SECTION: J<br><br>JUDGE BARBIER |
| (REF: ALL CASES; 12-1483;12-1484; 12-1485; 12-2194; 12-9888; 12-1295; 12-2155;12-2048; UNFILED MEDICAL BENEFITS CLASS MEMBERS; UNFILED ECONOMIC AND PROPERTY DAMAGES CLASS MEMBERS) | * * * * * * | MAGISTRATE JUDGE SHUSHAN |

**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EXPERT REPORTS SUBMITTED IN FAVOR OF MOTIONS FOR FINAL APPROVAL OF ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AND MEDICAL BENEFITS CLASS ACTION SETTLEMENT**

**MAY IT PLEASE THE COURT:**

Now into court, through undersigned counsel, come Adrian Kornman, Michael Crowder, the Dauphin Island Property Owners Association, GO FISH, Clint Guidry, Donald Dardar, and Byron Encalad, and the plaintiffs in Civil Action Numbers 12-1483, 12-1484, 12-1485, 12-2194, 12-9888, 12-1295, 12-2155, 12-2048, all unfiled medical benefits class members, and all unfiled economic and property damages class members (collectively, "Movants"), who respectfully submit this memorandum in support of their motion *in limine* to exclude expert reports submitted in favor of motions for final approval of Economic and Property Damages Settlement and the Medical Benefits Class Action Settlement filed by the Plaintiffs' Steering Committee ("PSC") and the BP Defendants. Neither the PSC nor the BP Defendants make any effort to establish the admissibility of the expert reports they have submitted in favor of their request that this Court certify a settlement class for certain economic and property damages claims in these proceedings.

1

As set forth below, this Court is required under Supreme Court precedent and Rule 702 of the Federal Rules of Civil Procedure to serve as a gatekeeper regarding the admissibility of expert testimony. This Court should not blindly accept the admissibility of the expert reports but should require that the proponents of those reports, the PSC and the BP Defendants in this case, to establish that the experts' opinions are admissible. The motions for approval of the economic and property damages settlement and the medical benefits class action fail to do meet this burden, particularly in light of the lack of discovery, and this Court should not consider the expert opinions submitted in favor of approval of the settlement.

In support of their motions for approval of the economic and property damages settlement, the PSC and the BP Defendants have offered numerous expert affidavits attesting to the fairness and reasonableness of the settlement agreement. Neither the PSC nor the BP Defendants have offered any evidence that these expert opinions are admissible under Rule 702 of the Federal Rules of Evidence or the Supreme Court's opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). It is their burden to show that the expert opinions are reliable and admissible. *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002).

The admissibility of expert testimony in a class certification proceeding was addressed by the United States Seventh Circuit Court of Appeals in *American Honda Motor Co. v. Allen*, 600 F.3d 813 (7th Cir. 2010). The *American Honda* court framed the issue before it as "whether the district court must conclusively rule on the admissibility of an expert opinion prior to class certification in this case because that opinion is essential to the certification decision." *Id.* at 815. The court answered that question in the affirmative:

> We hold that when an expert's report or testimony is critical to class certification as it is here . . . a district court must conclusively rule on any challenge to the expert's qualifications or submissions prior to ruling on a class certification motion. That is, the district court must perform a full *Daubert* analysis before

2

> certifying the class if the situation warrants. . . . The court must also resolve any challenge to the reliability of information provide by an expert if that information is relevant to establishing any of the Rule 23 requirements for class certification.

*Id.* at 815-16.

The Eleventh Circuit Court of Appeals followed the Seventh Circuit's lead in *Sher v. Raytheon Co.*, 419 Fed. Appx. 887 (11th Cir. 2011). The *Sher* court adopted the *American Honda* court's ruling and found that the district court in that case had erred "by not sufficiently evaluating and weighing conflicting expert testimony on class certification." *Id.* at 890. The court observed that "a district court must make the necessary factual and legal inquiries and decide all relevant contested issues prior to certification." *Id.* at 891.

Similarly, in *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011), the Ninth Circuit Court of Appeals approved of a district court's use of a *Daubert* analysis to determine whether class certification was appropriate. *See id.* at 982. The United States Supreme Court has even suggested that a *Daubert* analysis is appropriate at the class certification stage in *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2553-54 (2011) (expressing doubt as to the district court's decision not to apply a *Daubert* analysis at the class certification stage of proceedings). Further, the Court has recently heard oral arguments directly addressing the issue of whether a *Daubert* analysis is required in class certification proceedings. *See Comcast Corp. v. Behrend*, __ S.Ct. __ 2012 WL 113090 (June 25, 2011) (granting petition for certiorari limited to the issue of "[whether a district court may certify a class action without resolving whether the plaintiff class has introduced admissible evidence, including expert testimony, to show that the case is susceptible to awarding damages on a class-wide basis.").

The Eighth Circuit Court of Appeals, in *In re Zurn Pex Plumbing Products Liability Litigation*, 644 F.3d 604 (8th Cir. 2011), declined to adopt the holding in *American Honda*, but it

3

did recognize the importance of a *Daubert* inquiry at the class certification stage. The court observed that the district court should conduct "a focused *Daubert* analysis which scrutinized the reliability of the expert testimony in light of the criteria for class certification and the current state of the evidence." *Id.* at 614.

This Court should join the Seventh, Eighth, Ninth, and Eleventh Circuit Courts of Appeals in recognizing that some form of *Daubert* review is required in support of expert opinions submitted in favor of class certification. The motions to support approval of the settlement class in this case fail to demonstrate that the expert reports pass muster under Rule 702 and *Daubert*. This Court should not approve any settlement agreement that fails to meet these criteria.

Accordingly, for the foregoing reasons, Movants herein respectfully request that this Court grant their motion *in limine* and order that the PSC and BP Defendants demonstrate that their expert opinions submitted in support of the motions for final approval of the economic and property damages settlement and the medical benefits settlement pass the rigorous requirements set forth in *Daubert* and Rule 702.

Respectfully submitted,

/s/ James M. Garner
JAMES M. GARNER (# 19589)
MARTHA Y. CURTIS (#20446)
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112-1033
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
COUNSEL FOR ADRIAN KORNMAN

s/ Frederick T. Kuykendall, III
FREDERICK T. KUYKENDALL, III
AL Bar No. ASB4462A59F
Federal Bar No.: KUYF4462

Kuykendall & Associates, L.L.C.
2013 1st Avenue North, Suite 450
Birmingham, Alabama 35203
Phone: (205) 453-0060
Fax: (205) 453-0042
COUNSEL FOR DAUPHIN ISLAND PROPERTY OWNERS ASSOCIATION


/s/ Robert J. McKee
Robert J. McKee (Florida Bar # 0972614)
rmckee@krupnicklaw.com
KRUPNICK CAMPBELL MALONE BUSER SLAMA HANCOCK LIBERMAN & MCKEE, P.A.
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida 33301-3426
954-763-8181 telephone
954-763-8292 facsimile
COUNSEL FOR MICHAEL CROWDER AND ALL PLAINTIFFS IN CIVIL ACTION NUMBERS 12-1483, 12-1484, 12-1485, AND 12-2194


/s/ Stuart H. Smith
Stuart H. Smith, Esquire (17805)
SMITH STAG, LLC
ssmith@smithstag.com
65 Canal Street, Suite 2850
New Orleans, LA  70130
504-593-9600 telephone
504-593-9601 facsimile
COUNSEL FOR ALL PLAINTIFFS IN CIVIL ACTION NUMBERS 12-1483; 12-1484; 12-485; AND 12-2194


/s/ Joel Waltzer
JOEL WALTZER (LA #19268)
3715 Westbank Expwy, Ste 13
Harvey, LA  70058
Office:  (504) 340-6300
Fax:      (504) 340-6330
joel@waltzerlaw.com
COUNSEL FOR OBJECTORS GO FISH, CLINT GUIDRY, DONALD DARDAR AND BYRON ENCALAD

5

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2012, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ James M. Garner
JAMES M. GARNER