UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010 | MDL No. 2179<br><br>SECTION J |
| This Document Relates to:<br>2:12-cv-01483; 2:12-cv-01484; 2:12-cv-01485; 2:12-cv-02194; 2:12-cv-009888; 2:12-cv-01295; 2:12-cv-02155; 2:10-md-02179; 2:12-cv-02048; 12-2338; Unfiled Economic and Property Damages Class Members; and Unfiled Medical Benefits Class Members | JUDGE BARBIER<br>MAGISTRATE SHUSHAN |

## OBJECTION TO COURTS ORDER REGARDING OBJECTORS' PRESENTATIONS

**NOW INTO COURT**, come the undersigned counsel of record for various Objectors and hereby object to the limitations, process, procedures, and manner designated by the Court in its order dated November 1, 2012. [Rec. Doc. 7819]. As grounds therefore the undersigned say:

### I. STATEMENT OF FACTS

1. On September 11, 2012, the Court issued an order regarding the procedures that would govern the Fairness Hearing [Rec. Doc. 7358]. This Order stated that the Court "presently intends to limit oral presentations by [court-selected] individual objectors (or their counsel, as applicable) to not more than three minutes each." *Id.* at 4.

2. The Court issued an Order on November 1, 2012 [Rec. Doc. 7819] regarding Objectors' presentations at the November 8, 2012 Fairness Hearing which designated representative counsel to appear and present certain issues and

1

objections subject to a time limitation. Slightly more time, from five to ten minutes, was allowed for the presentation by a total of six Objectors.

## II. ARGUMENT

**The Court's Order Denies Absent Class Members Due Process of Law**

The methods and the procedures the Court implemented for the presentation of objections denies Objectors due process of law. The Court, by the selection of counsel to argue objections, the limitation and selection of certain issues to be argued, and the implementation of extreme time limitations is a process that is wholly unfair and irrational in this unprecedented order in an unprecedented case.

The Court contends and thus reserved the right to limit presentations by any objector on the grounds of being "duplicative, cumulative, or because the objection was adequately covered in written submissions." [Rec. Doc. 7358]. The Court cites to *Cannupp v. Liberty Behavioral Health Corp.*, 417 F. App'x 843 (11th Cir. 2001) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)) as the basis for its right to limit presentations. *Cannupp*, heard by the eleventh Circuit Court of Appeals, does not effectively resolve this issue. In that case, twenty-one objections were filed by thirty-seven of the Class Members. *Id.* at 844. *Cannupp* cannot compare to this matter before the Court. The Oil Spill, which occurred on April 2010, was one of the largest natural disasters in history which injured hundreds of thousands of parties, many of whom have indicated due process concerns of the highest degree.

The issue before the Court, on November 8, 2012, during the Fairness Hearing, will be whether to grant the certification of a settlement class and to grant final approval of the Settlement Agreement. The very purpose of the hearing is "fairness," and to conduct the hearing in the manner ordered is unreasonable and not fair. It is inconceivable that the Objectors'

concerns, through the procedures implemented by this Court, will be adequately represented before this Court and on the record.

### III. CONCLUSION

By limiting the scope of objections and implementing time limitations on the objections to be heard, this Court has violated the Objectors' right to due process. Objectors, for the aforementioned reasons, respectfully request the time limitations be extended and that the procedures be implemented by the Court to allow Objectors sufficient time to argue and address their objections.

The Court-selected speakers in support of the Objectors are merely representative of Objectors within the speaker's subject, and no speaker can waive any rights of any individuals. Each speaker reserves his own clients' rights, and any inadvertent omission of any one objection should not be construed as an opinion by the speaker that the objection is invalid. Five days notice is inadequate to learn the entire range of objections by all Objectors, and more time and opportunity to respond on behalf of all Members within the subjects of the objection in sur-reply to BP and Class Counsel should be granted.

The speakers on behalf of Objectors object to a lack of discovery and meaningful opportunity to develop *Daubert* challenges for exclusion of proponents' evidence, including the reams of new supplemental affidavits placed in the record on October 24, 2012. The failure to allow discovery, given Objectors' knowledge that the facts contained in the record are not correct, and given that our government has placed the Court on notice that the facts are not correct, and the failure to provide an adequate opportunity to consider and brief the new evidence challenges Objectors' fundamental due process rights.

Therefore, Objectors' through the undersigned counsel, respectfully request that the Court reconsider its Order regarding Objectors' Presentations at the November 8, 2012 Fairness Hearing

and thus allow these Objectors their undersigned counsel the opportunity to voice their objections and concerns before this Court. Objectors request that the Court allot thirty minutes to each presenter.

Dated this 7th day of November, 2012.

Respectfully Submitted,

SMITH STAG, L.L.C.

By: /s/   Stuart H. Smith

Stuart H. Smith, Esquire
ssmith@smithstag.com
SMITH STAG, L.L.C.
One Canal Place, Suite 2850
365 Canal Street
New Orleans, Louisiana  70130
(504) 593-9600 telephone
(504) 593-9601 facsimile

KRUPNICK CAMPBELL MALONE
BUSER SLAMA HANCOCK LIBERMAN
& MCKEE, P.A.

By: /s/ Robert J. McKee

Robert J. McKee, FLBN 0972614
rmckee@krupnicklaw.com
12 Southeast Seventh Street, Suite 801
Fort Lauderdale, Florida 33301-3426
954-763-8181 telephone
954-763-8292 facsimile

/s/  Frederick T. Kuykendall, III

ASBN 4462A59F
Federal Bar No. KUYF4462
Kuykendall & Associates, LLC
2012 1st Avenue North, Suite 450
Birmingham, AL 35203
Phone: (205) 453-0060
Fax: (205) 453-0042

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing Objection has been served on All Counsel by electronically uploading the same to LexisNexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 7th day of November 2012.

/s/   Stuart H. Smith