

November 7, 2012

**Via EMAIL**
Honorable Sally Shushan
United States Magistrate Judge
Eastern District of Louisiana
500 Poydras Street
Room B-345
New Orleans, LA 70130

RE:   *In re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010, MDL No. 2179—Claims by Mexican States of Tamaulipas, Veracruz and Quintana Roo.*

Dear Judge Shushan:

Without any tenable support for their positions, Defendants seek to avoid having the depositions of their experts taken. The Mexican States strongly oppose Defendants' efforts to deprive Plaintiffs of the rights afforded to them under the Federal Rules of Civil Procedure and your order of September 11, 2012.

Certainly, the depositions of experts have always been contemplated in this proceeding, as well as other phases of this litigation. Moreover, there is no legal, precedential, or reasonable basis for depriving Plaintiffs of the procedural and substantive due process to which Plaintiffs are entitled simply because this is an MDL proceeding and Defendants want to hide their experts and their erroneous opinions from the scrutiny of deposition cross-examination.

Defendants' articulated excuse for not wanting to have their experts deposed, in essence, is their self-serving and wholly unsupported statement that "very little can be achieved by these depositions." Plaintiffs submit that Defendants' articulated perspective is not only factually and legally unfounded, but also an unprecedented basis for denying Plaintiffs the right to depose the experts. No doubt, Defendants' true and unstated motive is to shield their experts from the scrutiny that would undeniably underscore the deficiencies of their experts' opinions and their experts' qualifications on the issues at hand. Without "tipping off" the many weaknesses and deficiencies permeating the Defendants' expert opinions, Plaintiffs submit that depositions are necessary to further explore, expose, and develop the inconsistencies, deficiencies, and gaps in Defendants' experts' opinions and qualifications.

In an effort to reach agreement herein without troubling the Court, Plaintiffs offered various reasonable suggestions to expedite and facilitate the contemplated depositions—all of which are listed below:



- Plaintiffs offered to agree that the depositions would take place in New Orleans during the last week of November, 2012.

- Plaintiffs agreed to conduct the depositions on a "track" basis, *i.e.,* two at a time, so that they could proceed expeditiously.

- Plaintiffs offered to participate in efforts to arrive at a mutually agreeable translator.

In short, Defendants, at any cost, seek to thwart discovery regarding the basis, rationales, deficiencies, and shortcomings of the opinions, as well as the experience and other qualifications, of Defendants' experts upon which they will undoubtedly attempt to rely. To deny Plaintiffs the opportunity to conduct the depositions would severely prejudice Plaintiffs herein, as well as constitute a flagrant evisceration of the Federal Rules of Civil Procedure and your September 11, 2012 previous order. Accordingly, Plaintiffs respectfully request that this Honorable Court deny Defendants' efforts to shield their experts from having their depositions taken.

Sincerely,

*Enrique G. Serna*

Enrique G. Serna