UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| Applies to: *All Cases* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

### ORDER

**[Regarding Phase Two Exhibit Lists and Evidentiary Objections]**

This Order sets forth procedures the parties will use in preparing Phase Two exhibit lists and resolving evidentiary objections to Phase Two documents that the parties wish to use at trial.

**Good Faith Phase Two Trial Exhibit List - First Installment**

1) <u>Service of Good Faith Phase Two Trial Exhibit List - First Installment</u>: The parties shall serve by December 19, 2012 a good-faith list of 30(b)(6) deposition exhibits they intend to use at trial, as well as a good-faith list of other documents not used in 30(b)(6) depositions they wish to use at trial (the "Good Faith Phase Two Trial Exhibit List - First Installment").

2) <u>Objections to Good Faith Phase Two Trial Exhibit List - First Installment</u>: The parties shall have 21 days from the date of service of the Good Faith Phase Two Trial Exhibit List - First Installment to raise authenticity and other objections to documents included on the list by other parties. Objections shall be served on counsel for the parties involved in Phase Two.

3) <u>Meet And Confer Regarding Good Faith Phase Two Trial Exhibit List - First Installment</u>: The parties shall meet and confer in good faith regarding any admissibility and/or

evidentiary objections to documents on the Good Faith Phase Two Trial Exhibit List - First Installment, within seven days of service of the objections.

4) <u>Option To Seek Rulings As To Sample Documents On Phase Two Exhibit List - First Installment.</u>  Each party may select a reasonable number of sample documents that they may seek to have admitted into evidence in the Phase Two trial and as to which objections remain, and shall serve any such list upon the parties within 3 days of the close of the initial seven-day meet and confer period.  The parties and the Court will revisit the issue of what number of documents constitutes a "reasonable number" once the parties have had the opportunity to meet and confer about objections.  Upon receiving any such list, the objecting parties shall have an additional 3 days to withdraw their objections as to those documents.  If such objections are not withdrawn, the party potentially seeking to admit the document(s) may file a motion with the Court addressing the admissibility of a reasonable number of such documents; any such motion shall be filed within 21 days of the initial receipt of the objections as to a particular document.  No party is required to file such a motion in order to admit any document into evidence; rather, this process is intended to provide the parties with the option to accelerate the process for resolving objections as to certain documents and to obtain guidance for extrapolation purposes.  This step will not be a "rolling" process, but instead a one time submission by any party choosing to participate in this first installment.

5) <u>Responses and Replies</u>:  Any party opposing admission of any sample documents must file any response within ten days.  Any party may argue that it is premature to rule on a particular document in view of expected future discovery, or may argue that a ruling should be without prejudice to future discovery.  The moving party must file any reply within seven days of the response.

6) <u>Rulings by the Court</u>. As decisions are made by the Court with respect to sample documents, the parties shall extrapolate the Court's rulings to the remaining documents subject to outstanding objections. The parties should also take into consideration the rulings on evidentiary issues that the Court issued in Phase I, including Rec. Nos. 5109, 5143, 5448, 5492, 5495, 5496, 5498, 5499, 5551, 5560, 5572, 5576, 5603, 5612, 5615, 5616, 5618 5634, 5635, 5682, 5720, 5810, 5833, 5834, 5835, 5836 and 5902. As set forth in the Court's January 11, 2012 ruling on email strings, it is the parties' responsibility to confer to work out stipulations as to email admissibility and to then point out any remaining specific issues to the Court; neither Judge Barbier nor Magistrate Judge Shushan will do this work for the parties.

**Good Faith Phase Two Trial Exhibit List - Second Installment**

7) <u>Service of Good Faith Phase Two Trial Exhibit List - Second Installment</u>: The parties shall have 21 days from the last date of Phase Two fact depositions to serve a good-faith list of Phase Two fact deposition exhibits that they intend to use at trial, as well as a good-faith list of other documents not used in fact depositions that they wish to use at trial that were not included on the Good Faith Phase Two Trial Exhibit List - First Installment (the "Good Faith Phase Two Trial Exhibit List - Second Installment").

8) <u>Objections to Good Faith Phase Two Trial Exhibit List - Second Installment</u>: The parties shall have 21 days from the date of service of the Good Faith Phase Two Trial Exhibit List - Second Installment to raise authenticity and other objections to documents included on that list. Objections shall be served on counsel for the parties involved in Phase Two.

9) <u>Meet And Confer Regarding Good Faith Phase Two Trial Exhibit List - First Installment</u>: The parties shall meet and confer in good faith regarding any admissibility and/or

evidentiary objections to documents included on the Good Faith Phase Two Trial Exhibit List - First Installment, within 7 days of service of the objections.

10) <u>Option To Seek Rulings As To Sample Documents On Phase Two Exhibit List - Second Installment.</u>  Each party may select a reasonable number of sample documents that they may seek to have admitted into evidence in the Phase Two trial and as to which objections remain, and shall serve any such list upon the parties within 3 days of the close of the initial seven-day meet and confer period.  The parties and the Court will revisit the issue of what number of documents constitutes a "reasonable number" once the parties have had the opportunity to meet and confer about objections.  Upon receiving any such list, the objecting parties shall have an additional 3 days to withdraw their objections as to those documents.  If such objections are not withdrawn, the party potentially seeking to admit the document(s) may file a motion with the Court addressing the admissibility of a reasonable number of such documents; any such motion shall be filed within 21 days of the initial receipt of the objections as to a particular document.  No party is required to file such a motion in order to admit any document into evidence; rather, this process is intended to provide the parties with the option to accelerate the process for resolving objections as to certain documents and to obtain guidance for extrapolation purposes.[1]

11) <u>Responses and Replies</u>:  Any party opposing admission of any sample documents must file any response within ten days.  The moving party must file any reply within seven days of the response.

---

[1] Again, this installment is not a "rolling" process.

12) <u>Rulings by the Court</u>.  As decisions are made by the Court with respect to sample documents, the parties shall extrapolate the Court's rulings to the remaining documents subject to outstanding objections.

### Expert Documents

13) <u>Expert Documents</u>.  The parties will meet and confer regarding the exhibit list process for expert documents.

**The deadline for any appeal of this order is the close of business on Monday, November 19, 2012.  The effect of this Order will not be suspended pending appeal except by order of Judge Barbier.**

New Orleans, Louisiana, this 14th day of November, 2012.

_____
**SALLY SHUSHAN**
**United States Magistrate Judge**