UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010<br><br>This document relates to:<br>Case No. 2:11-CV-02766 | MDL NO. 2179<br><br>SECTION: J<br><br>Honorable Carl J. Barbier<br><br>Magistrate Judge Shushan |

## COMPLAINT IN INTERVENTION

### INTRODUCTION

1. Plaintiffs-in-intervention are attorneys ("Intervening Attorneys") who were terminated without compensation by their clients ("Defendants-in-Intervention") after a settlement was reached in the *Deepwater Horizon* oil spill lawsuit.

2. Defendants-in-Intervention retained Intervening Attorneys to represent them in the *Deepwater Horizon* oil spill matter and signed written contingent fee agreements (CFA). On behalf of Defendants-in-Intervention, Intervening Attorneys prepared and filed Gulf Coast Claims Facility (GCCF) claims, commissioned expert reports, filed direct actions in the Multi-District Litigation (MDL) in Case Number 2:11-CV-02766, negotiated with the Plaintiffs' Steering Committee (PSC) and BP for settlement, and calculated and documented the claims of Defendants-in-Intervention under the settlement agreement, among other legal work. When only administrative tasks related to obtaining payment from the *Deepwater Horizon* Claims Center remained to be completed, Defendants-in-Intervention dismissed Intervening Attorneys without cause.

1

EXHIBIT A

## **THE PARTIES**

3. Plaintiffs-in-Intervention: Stephen S. Kreller of The Kreller Law Firm, William L. Roberts and Craig S. Coleman of Faegre Baker Daniels, LLP (formerly Faegre & Benson, LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA (referred to collectively as "Intervening Attorneys").

4. Defendants-in-intervention are all United States citizens of the full age of majority and include the following individuals and entities (referred to collectively as "Defendants-in-Intervention"):

    a. Quynh Dang (DWH ClaimantID 100021735);

    b. Nhan Nguyen (GCCF Claim No. 1025537);

    c. Trong Van Phan (DWH ClaimantID 100014152);

    d. Stanley K. Cuquet (DWH ClaimantID 100014987);

    e. Castaway Charters (DWH ClaimantID 100014987);

    f. Shane Keenan (DWH ClaimantID 100033828);

    g. Jordan Bradford Sr. (DWH ClaimantID 100089235);

    h. Jordan Bradford Jr. (DWH ClaimantID Unknown);

    i. Nikola Zarak (DWH ClaimantID 100016124);

    j. Diane Zarak (DWH ClaimantID 100016124);

    k. Amalia, LLC (DWH ClaimantID 100016124);

    l. Atlantis, LLC (DWH ClaimantID 100016124);

    m. William James Bradley (DWH ClaimantID 100016590);

    n. Le Van Dong (DWH ClaimantID 100058183);

    o. Lance Ryan (DWH ClaimantID 100005977);

      p.  Brandt LaFrance (DWH ClaimantID Unknown);

      q.  Brandt's Oysters, Inc. (DWH ClaimantID Unknown).

## JURISDICTION AND VENUE

5.    This claim is being filed pursuant to Rule 24(c) of the Federal Rules of Civil Procedure.

6.    This Court has jurisdiction of this matter pursuant to Article III of the Constitution of the United States and 28 U.S.C. § 1367(a). Because the Court has jurisdiction over the underlying MDL, it has supplemental jurisdiction over these related attorney compensation claims.

7.    The underlying MDL is venued in the Eastern District of Louisiana. Thus, venue of this action in this District is also proper.

## FACTUAL BACKGROUND

**A. Legal Services Provided**

8.    Intervening Attorneys provided the legal services described in this section to all Defendants-in-Intervention unless specifically noted otherwise.

9.    Intervening Attorneys actively and aggressively pursued Defendants-in-Intervention GCCF claims through Mr. Ken Feinberg and also aggressively pursued their claims in the MDL.

10.    Intervening Attorneys dedicated a team of attorneys to work with Defendants-in-Intervention on these claims. The attorneys personally investigated, documented, and handled their claims and have corresponded with them on an ongoing basis. Intervening Attorneys had client interviews and meetings with Defendants-in-Intervention to fully investigate and document their Vessels of Opportunity program claims.

11. Intervening Attorneys collected and analyzed all necessary business records related to Defendants-in-Intervention claims.

12. Intervening Attorneys prepared fully documented and detailed claims and negotiated, albeit unsuccessfully with the GCCF for compensation of Vessels of Opportunity claims.

13. Intervening Attorneys represented Defendants-in-Intervention in the *In Re Deepwater Horizon* litigation on a direct action basis.

14. Intervening Attorneys extensively participated in settlement negotiations with the PSC and BP regarding compensation for Vessels of Opportunity claims.

15. Additionally, Intervening Attorneys extensively participated in mediations with Special Master John W. Perry, Jr. and Dan J. Balhoff regarding the formulas and compensation available under the Vessels of Opportunity program.

16. Since filing of the settlement agreement, Intervening Attorneys have documented the claims of Defendants-in-Intervention to ensure collection of all information necessary to obtain compensation under the Vessels of Opportunity Program. Intervening Attorneys calculated their claims under the settlement.

17. In addition to group meetings with clients, Intervening Attorneys consulted with Defendants-in-Intervention individually to review the settlement terms and explain how much money they will receive under the settlement.

18. On May 2, 2012, the Court granted preliminary approval of the settlement, including the Vessels of Opportunity programs. (Rec. Doc. No. 6418.) Between May 21, 2012 and November 14, 2012, Defendants-in-Intervention notified Intervening Attorneys of their desire to dismiss the attorneys without cause.

19.  Intervening Attorneys have done everything necessary to obtain settlements for Defendants-in-Intervention. At this point, the only thing left to be done on behalf of some of these former clients is to fill out online forms with the information Intervening Attorneys have collected, generated, and reviewed.

**B. Representation Agreements with Defendants-in-Intervention**

20.  On March 7, 2011, Quynh Dang retained Intervening Attorneys to pursue his claims relating to the Vessels of Opportunity program at a cost included contingency fee of 18 percent. On March 28, 2012, Mr. Dang retained Intervening Attorneys to represent him in the multi-district litigation at a cost included contingency fee of 18 percent. The fee arrangement with Mr. Dang would remain at 18 percent even if he elected to opt-out of the settlement program. On or about July 10, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received notification from Mr. Dang that he was terminating representation by the attorneys.

21.  On March 7, 2011, Nhan Nguyen retained Intervening Attorneys to pursue his claims relating to the Vessels of Opportunity program at a cost included contingency fee of 18 percent. On May 9, 2012, Mr. Nguyen retained Intervening Attorneys to represent him in the multi-district litigation at a cost included contingency fee of 18 percent. The fee arrangement with Mr. Nguyen would remain at 18 percent even if he elected to opt-out of the settlement program. On or about May 25, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received notification from Mr. Nguyen that he was terminating representation by the attorneys.

22. On March 8, 2011, Trong Van Phan retained Intervening Attorneys to pursue his claims relating to the Vessels of Opportunity program at a cost included contingency fee of 18 percent. On July 12, 2011, Mr. Phan retained Intervening Attorneys to represent him in the multi-district litigation at a cost included contingency fee of 18 percent. The fee arrangement with Mr. Phan would remain at 18 percent even if he elected to opt-out of the settlement program. On or about August 14, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received notification from Mr. Phan that he was terminating representation by the attorneys.

23. On August 30, 2011, Stanley K. Cuquet d/b/a Castaway Charters retained Intervening Attorneys to pursue his claims relating to the Vessels of Opportunity program at a cost included contingency fee of 18 percent. The fee arrangement with Mr. Cuquet would remain at 18 percent even if he elected to opt-out of the settlement program. On or about November 14, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received notification from Mr. Cuquet that he was terminating representation by the attorneys.

24. On October 18, 2011, Shane Keenan retained Intervening Attorneys to represent his Vessels of Opportunity program claims in the multi-district litigation at a cost included contingency fee of 18 percent. The fee arrangement with Mr. Keenan would remain at 18 percent even if he elected to opt-out of the settlement program. On or about July 13, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received notification that Mr. Keenan was terminating representation by the attorneys.

25. On October 24, 2011, Jordan Bradford Sr. and Jordan Bradford Jr. retained Intervening Attorneys to represent their Vessels of Opportunity program claims in the multi-district litigation at a cost included contingency fee of 18 percent. The fee arrangement with the Bradfords would remain at 18 percent even if they elected to opt-out of the settlement program. On or about June 14, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received notification from the Bradfords that they were terminating representation by the attorneys.

26. On December 5, 2011, Nikola and Diane Zarak d/b/a Amalia, LLC and Atlantis, LLC retained Intervening Attorneys to represent their Vessels of Opportunity program claims in the multi-district litigation at a cost included contingency fee of 25 percent. The fee arrangement with the Zaraks would remain at 25 percent even if they elected to opt-out of the settlement program. On or about October 22, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received notification from the Zaraks that they were terminating representation by the attorneys.

27. On December 14, 2011, William James Bradley retained Intervening Attorneys to represent his Vessels of Opportunity program claims in the multi-district litigation at a cost included contingency fee of 25 percent. The fee arrangement with Mr. Bradley would remain at 25 percent even if he elected to opt-out of the settlement program. On or about June 7, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received a letter dated June 1, 2012 from Mr. Bradley stating that he was terminating representation by the attorneys.

28. On January 4, 2012, Le Van Dong retained Intervening Attorneys to represent his Vessels of Opportunity program claims in the multi-district litigation at a cost included contingency fee of 25 percent. The fee arrangement with Mr. Dong would remain at 25 percent even if he elected to opt-out of the settlement program. On or about May 21, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received an undated letter from Mr. Dong stating that he was terminating representation by the attorneys.

29. On April 9, 2012, Lance Ryan retained Intervening Attorneys to represent his Vessels of Opportunity program claims in the multi-district litigation at a cost included contingency fee of 25 percent. The fee arrangement with Mr. Ryan would remain at 25 percent even if he elected to opt-out of the settlement program. Intervening Attorneys did not file a direct action in the MDL on behalf of Mr. Ryan, but they did prepare and file his claim with the *Deepwater Horizon* Claims Center. On or about August 23, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, Intervening Attorneys received notification that Mr. Ryan was terminating representation by the attorneys.

30. On July 8, 2011, Brandt LaFrance and Brandt's Oysters, Inc. retained Intervening Attorneys to represent their Vessels of Opportunity program claims in the multi-district litigation at a cost included contingency fee of 18 percent. The fee arrangement with Mr. LaFrance and Brandt's Oysters, Inc. would remain at 18 percent even if they elected to opt-out of the settlement program. On or about June 9, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court,

Intervening Attorneys received a letter dated May 31, 2012 stating that Mr. LaFrance and Brandt's Oysters, Inc. was terminating representation by the attorneys.

## COUNT I
## BREACH OF CONTRACT

31. Intervening Attorneys incorporate all preceding paragraphs as if fully set forth herein.

32. Defendants-in-Intervention and Intervening Attorneys entered into written CFAs. By the terms of those contracts, Defendants-in-Intervention were obligated to pay Intervening Attorneys a percentage of any amount recovered by Defendants-in-Intervention.

33. At all relevant times, Intervening Attorneys complied with the terms of the CFAs and have fully and substantially performed their contractual obligations.

34. Defendants-in-Intervention have failed to pay Intervening Attorneys the contracted for contingent fee for legal services rendered. Nor have Intervening Attorneys collected any fees directly from the *Deepwater Horizon* Claims Center.

35. Defendants-in-Intervention have breached their contracts with Intervening Attorneys.

36. As a result of Defendants-in-Intervention's breach of the CFAs, Intervening Attorneys have suffered damages.

## COUNT II
## QUANTUM MERUIT OR EQUITABLE RELIEF

37. Intervening Attorneys incorporate all preceding paragraphs as if fully set forth herein.

9

38. Defendants-in-Intervention and Intervening Attorneys had a written contract for legal services. There was an express understanding between Defendants-in-Intervention and Intervening Attorneys that payment of a fee was dependent upon and would come from any recovery for Defendants-in-Intervention.

39. Intervening Attorneys performed copious amounts of valuable legal work on behalf of Defendants-in-Intervention, as explained in paragraphs 8-19 *supra*, resulting in a settlement.

40. In an attempt to avoid paying Intervening Attorneys' fee, Defendants-in-Intervention terminated Intervening Attorneys after the settlement was reached and all work, other than minor administrative tasks, was complete. Any further work on Defendants-in-Intervention's claims must rely on the information collected and work already performed by Intervening Attorneys.

41. Defendants-in-Intervention were provided timely notice by letter of Intervening Attorneys claims.

42. Intervening Attorneys have suffered damages and are entitled to recover the full 25 percent provided for in their contingency fee agreements, which is the reasonable value of the services rendered.

**WHEREFORE**, Intervening Attorneys, Stephen S. Kreller of The Kreller Law Firm, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, pray that a copy of this Complaint in Intervention be served upon Defendants-in-Intervention herein; that they be duly cited to appear and answer the same and that, after all legal delays and due proceedings had, there be judgment herein in favor of Intervening Attorneys, Stephen S. Kreller of The Kreller

Law Firm, William L. Roberts, and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA, for all costs incurred by Intervening Attorneys in connection with the legal services rendered on behalf of the Defendants-in-Intervention, and for legal fees incurred by Intervening Attorneys in representing Defendants-in-Intervention, for the contingency fee as stated in the retainer agreement with Intervening Attorneys, which represents a reasonable value of Intervening Attorneys' services, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for any other fees as directed by the court, and for all general and equitable relief.

Dated: November 15, 2012

RESPECTFULLY SUBMITTED:

BY:  /s/ *Stephen S. Kreller*

THE KRELLER LAW FIRM

Stephen S. Kreller (LA # 28440)
757 St. Charles Avenue, Suite 301
New Orleans, LA  70130
Telephone:  504-484-3488
Facsimile:  504-294-6091
Email:  ssk@krellerlaw.com

FAEGRE BAKER DANIELS, LLP

William L. Roberts (admitted pro hac vice)
Craig S. Coleman (admitted pro hac vice )
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
Telephone:  612-766-7000
Facsimile:  612-766-1600

LANGSTON & LOTT, P.A.

Duncan Lott (admitted pro hac vice)

Casey L. Lott (admitted pro hac vice)
100 South Main Street
Booneville, MS  38829
Telephone:  662-728-9733
Facsimile:  662-728-1992

**ATTORNEYS FOR PLAINTIFFS IN INTERVENTION**