**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | MASTER DOCKET |
|  | * | NO. 10-MD-2179 |
|  | * |  |
| "DEEPWATER HORIZON" in the | * |  |
| GULF OF MEXICO, on | * |  |
| APRIL 20, 2010 | * |  |

**THIS DOCUMENT RELATES TO NO. 11-02549**

| | | |
|---|---|---|
| JOSEPH BELLANDE IV | * | CIVIL ACTION NO: 11-02549 |
|  | * |  |
| VERSUS | * | SECTION: "J" |
|  | * |  |
| UNITED STATES MARITIME | * |  |
| SERVICE, INC, BP AMERICA | * | DIVISION: "1" |
| PRODUCTION COMPANY and | * |  |
| BP EXPLORATION & PRODUCTION INC. | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**UNITED STATES MARITIME SERVICES, INC.'S
CROSS-CLAIM AGAINST BP EXPLORATION & PRODUCTION INC.
& BP AMERICA PRODUCTION COMPANY**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, United States Maritime Services, Inc. ("USMS"), and cross-claims against co-defendants, BP Exploration & Production Inc. ("BP Exploration") and BP America Production Co. ("BP America") as follows:

1.

On February 7, 2007, United States Environmental Services, LLC ("USES") entered into a Master Service Contract with BP America, Contract No. BPM-07-00450 ("MSC"), in which USES and its affiliate companies agreed to provide various spill response services for BP

America. This MSC was amended multiple times. In addition, it was extended through Bridging Agreement HOU-WL4-3604.

2.

According to the specific terms of the MSC, an "affiliate" is:

> a current or future Person directly or indirectly controlling, controlled by, or under common control with such company. "Control" for this purpose shall, in the case of a corporation with outstanding voting stock, require the direct or indirect ownership of or power to vote with respect to outstanding shares of a corporation's capital stock constituting fifty percent (50%) or more of the votes of any class of such corporation's outstanding voting stock, and with respect to any Person other than a corporation, the possession, directly or indirectly, of the power to direct or cause the direction of such person's management or policies.

*See* 2.01 Master Service Contract No. BPM-07-00450.

3.

The Contractor Group "shall mean the following Persons individually and collectively: Contractor and its Affiliates, its subcontractors and their Affiliates, and the officers, directors, shareholders, employees, agents, and representatives of all of those entities. Contractor Group does not include any Person who is a member of Company Group." *See* 2.09 Master Service Contract No. BPM-07-00450.

4.

As the MSC states, an affiliate "is a current . . . Person [USMS] . . . under common control with such company [USES]. 'Control' for this purpose shall, in the case of a corporation with outstanding voting stock, require the direct or indirect ownership of or power to vote with respect to outstanding shares of a corporation's capital stock constituting fifty percent (50%) or more of the votes of any class of such corporation's outstanding voting stock . . . ." Both USES

and USMS are one hundred (100) percent owned by the same company—USES Corp. a Delaware corporation. As such over 50% of both companies stock is under common ownership. Therefore, under the explicit terms of the MSC, USMS is an affiliate of USES.

5.

The MSC provides defense and indemnity to USES and its affiliate companies.

6.

Specifically, the MSC provides that "defend" or "defense":

> shall include the obligation to pay reasonable attorneys' fees, court costs, expert fees, and other reasonable costs incurred by the Indemnitor or the Indemnitee as a result of defending against a Claim/Loss as required by this Contract, or, at the election and cost of the obligor, the obligation to select and engage competent attorneys and experts to defend against a Claim/Loss as required by this Contract . . . .

*See* 14.01.05 Master Service Contract No. BPM-07-00450.

7.

In January 2010, this MSC was extended to include BP Exploration. *See* Amendment No. 1 to Master Service Contract No. BPM-07-00450.

8.

Made defendants by virtue of this Cross-Claim is BP Exploration and BP America who hired USMS under the MSC to administer the Vessels of Opportunity ("VoO") Program in St. Bernard Parish after the Deepwater Horizon incident. Specifically, BP America through BP Exploration engaged USMS to document, provide safety monitoring and pay fishing vessels and crew, as directed by BP BP America through BP Exploration, and to "work under the direction and control of BP," in providing services directly to BPAmerica, for BP America's oil spill response. USMS had no control over the work and services provided by these vessels.

3

9.

USMS was made a defendant herein by Joseph Bellande, IV. USMS denies any liability in connection with the above-captioned matter and once the present stay is lifted USMS intends to file an Answer with all of its Affirmative Defenses and denials.

10.

Presently, the underlying civil action upon which this Cross-Claim is based has been stayed indefinitely. USMS intends to file a Motion to Lift the Stay so that the Court may rule upon the defense and indemnity issues present between BP and USMS.

11.

In the event it is determined that Bellande has valid claims in the above-captioned matter, which is denied, USMS avers that BP Exploration and BP America are liable to USMS for all or part of the claims asserted in the action brought by Bellande because the MSC under which all work was conducted provided defense and indemnity to USMS for the alleged claims in this action.

12.

To that end, USMS re-asserts all allegations contained in its Complaint for Declaratory Judgment filed on September 14, 2012 in this Court with docket number 12-cv-2279 which are adopted and pled and prays for defense and indemnity as if incorporated by reference herein, *in extenso*.

**WHEREFORE** defendant United States Maritime Services, Inc. prays for judgment to be rendered in its favor against cross-claim defendants BP Exploration & Production Inc. and BP

America Production Co. together with legal interest, attorney fees, all costs of these proceedings, and such other and further relief to which United States Maritime Services, Inc. may be entitled by law or equity.

Respectfully submitted:

/s/ Allen J. Krouse, III
Allen J. Krouse, III  (#14426)
Andrew S. de Klerk (#1045)
Brandon K. Thibodeaux (#32725)
FRILOT, L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8000
Facsimile: (504) 599-8145
akrouse@frilot.com
adeklerk@frilot.com
bthibodeaux@frilot.com

ATTORNEYS FOR UNITED STATES
MARITIME SERVICES, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing Cross-Claim has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of September, 2012.

*s/ Allen J. Krouse, III*

5