**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | * | **MASTER DOCKET** |
| | * | **NO. 10-MD-2179** |
| | * | |
| **"DEEPWATER HORIZON" in the** | * | |
| **GULF OF MEXICO, on** | * | |
| **APRIL 20, 2010** | * | |

**THIS DOCUMENT RELATES TO NO. 11-02501**

| | | |
|---|---|---|
| DWAYNE J. BECKNEL | * | **CIVIL ACTION NO: 11-02501** |
| | * | |
| VERSUS | * | **SECTION: "G"** |
| | * | |
| UNITED STATES MARITIME | * | |
| SERVICE, INC AND | * | **DIVISION: "2"** |
| ST. BERNARD PARISH | * | |
| GOVERNMENT | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

## THIRD-PARTY COMPLAINT AND RULE 14(C) TENDER

    **COMES NOW**, Defendant, United States Maritime Services, Inc. ("USMS"), appearing

through undersigned counsel, and for its Third-Party Complaint and Rule 14(c) Tender against

Third-Party Defendants, BP America Production Co. ("BP America") and BP Exploration and

Production Inc. ("BP Exploration"), respectfully avers, as follows:

I.

At all material times, United States Maritime Services, Inc., was and is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business in New Orleans, Louisiana.

II.

At all material times, United States Environmental Services, LLC, ("USES") was and is a limited liability company organized and existing under the laws of the State of Louisiana with its principal place of business in New Orleans, Louisiana.

III.

At all material times, both USES and USMS are one hundred (100) percent owned by USES Corp. which was and is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New Orleans, Louisiana.

IV.

At all material times, BP America Production Co., was and is a corporation organized under the laws of the State of Delaware, having its principal place of business at 501 Westlake Park Boulevard, Houston, Texas 77079. BP America Production Co. is subject to the jurisdiction and venue of this Court, and service can be made upon its registered agent, CT Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

V.

At all material times, BP Exploration and Production Inc. was and is a corporation organized under the State of Delaware, having its principal place of business at 501 Westlake Park Boulevard, Houston, Texas 77079. BP Exploration is subject to the jurisdiction and venue of this Court and service can be made upon its registered agent for service of process, CT Coporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, LA 70808.

- 2 -

## VI.

On February 7, 2007, USES entered into a Master Service Contract with BP America, Contract No. BPM-07-00450 ("MSC"), in which USES and its affiliate companies agreed to provide various spill response services for BP America. This MSC was amended multiple times. In addition, it was extended through Bridging Agreement HOU-WL4-3604.

## VI.

According to the specific terms of the MSC, an "affiliate" is:

> a current or future Person directly or indirectly controlling, controlled by, or under common control with such company. "Control" for this purpose shall, in the case of a corporation with outstanding voting stock, require the direct or indirect ownership of or power to vote with respect to outstanding shares of a corporation's capital stock constituting fifty percent (50%) or more of the votes of any class of such corporation's outstanding voting stock, and with respect to any Person other than a corporation, the possession, directly or indirectly, of the power to direct or cause the direction of such person's management or policies.

*See* 2.01 Master Service Contract No. BPM-07-00450.

## VII.

The Contractor Group "shall mean the following Persons individually and collectively: Contractor and its Affiliates, its subcontractors and their Affiliates, and the officers, directors, shareholders, employees, agents, and representatives of all of those entities. Contractor Group does not include any Person who is a member of Company Group." *See* 2.09 Master Service Contract No. BPM-07-00450.

## VIII.

As the MSC states, an affiliate "is a current . . . Person [USMS] . . . under common control with such company [USES]. 'Control' for this purpose shall, in the case of a corporation with outstanding voting stock, require the direct or indirect ownership of or power to vote with

respect to outstanding shares of a corporation's capital stock constituting fifty percent (50%) or more of the votes of any class of such corporation's outstanding voting stock . . . ." Both USES and USMS are one hundred (100) percent owned by the same company—USES Corp. As such over 50% of both companies stock is under common ownership. Therefore, under the explicit terms of the MSC, USMS is an affiliate of USES.

## IX.

The MSC provides defense and indemnity to USES and its affiliate companies, which includes USMS.

## X.

Specifically, the MSC provides that "defend" or "defense":

> shall include the obligation to pay reasonable attorneys' fees, court costs, expert fees, and other reasonable costs incurred by the Indemnitor or the Indemnitee as a result of defending against a Claim/Loss as required by this Contract, or, at the election and cost of the obligor, the obligation to select and engage competent attorneys and experts to defend against a Claim/Loss as required by this Contract . . . .

*See* 14.01.05 Master Service Contract No. BPM-07-00450.

## XI.

In January 2010, this MSC was extended to include BP Exploration. *See* Amendment No. 1 to Master Service Contract No. BPM-07-00450.

## XII.

BP America through BP Exploration, hired USES and USMS to assist in its response to the Deepwater Horizon incident through the MSC. In this particular instance, BP America through BP Exploration hired USMS to administer the Vessels of Opportunity ("VoO") Program

in St. Bernard Parish after the Deepwater Horizon incident.  Specifically, BP America through BP Exploration engaged USMS to document, provide safety monitoring and pay fishing vessels and crew, as directed by BP America through BP Exploration, and to "work under the direction and control of BP," in providing services directly to BP America, for BP America's oil spill response.   USMS had no control over the work and services provided by these vessels.

XIII.

USMS was made a defendant herein by Dwayne J. Becknel ("Becknel").  Becknel alleges that it is entitled to unpaid charter hire for its spill response services.  USMS denies any liability in connection with the above-captioned matter and once the present stay is lifted USMS intends to file an Answer with all of its Affirmative Defenses and denials.

XIV.

In the event it is determined that Becknel has valid claims in the above-captioned matter, which is denied, USMS avers that BP America and/or BP Exploration are liable to USMS for all or part of the claim asserted in the action brought by Becknel because the MSC under which all work was conducted provided defense and indemnity to USMS for the alleged claims in this action.

XV.

USMS contends that Becknel has suffered no damages and is entitled to no additional charter hire.  However, if the Court were to find otherwise, USMS argues that any damages to Becknel were not caused or contributed to in any way by the fault of USMS or of any person for whose acts USMS are legally responsible, on the contrary were caused or occasioned by the fault, negligent and grossly negligent acts or omissions of Third-Party Defendants.

XVI.

- 5 -

Defendant, as Third-Party Plaintiff, tenders its defense of any claim made in the above-captioned proceedings to Third-Party Defendants, and further maintains that indemnification, contribution and/or recovery over is in order against Third-Party Defendants.

## XVII.

Defendant, as Third-Party Plaintiff, tenders Third-Party Defendants to the Plaintiff herein as original defendants pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.

## XVII.

Presently, the underlying civil action upon which this Third Party Complaint is based has been stayed indefinitely. USMS intends to file a Motion to Lift the Stay so the Court may rule upon the defense and indemnity issues present between BP and USMS.

## XVIII.

All and singular, the premises of this petition are true on information and belief and within the Admiralty and Maritime jurisdiction of this Court.

**WHEREFORE,** United States Maritime Services, Inc. prays:

(1)     That, after due proceedings are had, this Court adjudge that United States Maritime Services, Inc. is not liable for any loss, injury, expense or damage or claim whatsoever in consequence of the aforementioned claims;

(2)     That, after due proceedings are had, BP America Production Co. and BP Exploration and Production Inc. be cited to appear and answer all matters aforesaid as Third-Party Defendants liable for defense and indemnity to United States Maritime Services, Inc. as well as direct Defendant to the Plaintiffs pursuant to Rule 14(c) of the Federal Rules of Civil Procedure;

(3)     That, after due proceedings are had, BP America Production Co. and BP
        Exploration and Production Inc. be ordered to reimburse United States Maritime
        Services, Inc. for reasonable attorneys' fees, costs and interest incurred in
        defending the underlying action;

(4)     That judgment be rendered against BP America Production Co. and BP
        Exploration and Production Inc. for any damages incurred by either the Plaintiffs
        or the Third-Party Plaintiff; and

(5)     That this Court grant such other and further relief, as justice and equity require.

                                Respectfully submitted,

                                /s/ Allen J. Krouse, III_____
                                Allen J. Krouse, III  (#14426)
                                Andrew S. de Klerk (#1045)
                                Brandon K. Thibodeaux (#32725)
                                FRILOT, L.L.C.
                                1100 Poydras Street, Suite 3700
                                New Orleans, LA 70163
                                Telephone: (504) 599-8000
                                Facsimile: (504) 599-8145
                                akrouse@frilot.com
                                adeklerk@frilot.com
                                bthibodeaux@frilot.com

                                ATTORNEYS FOR UNITED STATES
                                MARITIME SERVICES, INC.

**PLEASE ISSUE SUMMONS FOR:**

1. BP America Production Co.
   Through registered agent for service:
   CT Corporation System
   5615 Corporate Boulevard
   Suite 400B
   Baton Rouge, Louisiana 70808

2. BP Exploration and Production Inc.
   Through registered agent for service:
   CT Corporation System
   5615 Corporate Boulevard
   Suite 400B
   Baton Rouge, Louisiana 70808

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the above and foregoing Third Party Complaint and 14(c) Tender has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 28th day of September, 2012.

<u>*s/ Allen J. Krouse, III*</u>