## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL No. 2179 |
| "DEEPWATER HORIZON" in the | § | |
| GULF OF MEXICO, | § | SECTION:  J |
| on APRIL 20, 2010, | § | |
| | § | JUDGE BARBIER |
| **Applies to:** | § | |
| | § | MAG. JUDGE SHUSHAN |
| *All Cases in Pleading Bundle B3;* | § | |
| No. 10-2771 | § | |

_____

### HALLIBURTON ENERGY SERVICES, INC.'S ANSWER TO FIRST AMENDED MASTER COMPLAINT IN ACCORDANCE WITH PTO NO. 11 [CASE MANAGEMENT ORDER NO. 1] SECTION III.B(3) ["B3 BUNDLE"]

Defendant Halliburton Energy Services, Inc. ("HESI") files this Answer to the First Amended Master Complaint[1] in Accordance with PTO No. 11 [Case Management Order No. 1] Section III.B(3) ["B3 Bundle"] ("B3 Master Complaint") and respectfully shows this Court as follows:[2]

### ANSWER

Under the Federal Rules of Civil Procedure, HESI is not required to deny and/or respond to the various headings, subheadings and introduction[3] in the B3 Master Complaint.  However, to

_____

[1] On February 26, 2012, the Plaintiffs' Steering Committee, on behalf of the Bundle B3 Plaintiffs, filed a Motion for Leave to Amend the B3 Master Complaint ("Plaintiffs' Motion for Leave"). (Dkt. No. 5718). Thereafter, on April 16, 2012, this Court denied Plaintiffs' Motion for Leave.  (Dkt. No. 6247).  Thus, Plaintiffs' First Amended Master Complaint remains the "live" pleading.

[2] To the extent the B3 Master Complaint asserts any claims against Sperry Drilling Services, ("Sperry"), a HESI product services line, HESI denies that Sperry is a separate entity for purposes of allocation of liability.  However, to the extent a response is necessary, each of HESI's answers, responses, and denials to the allegations set forth in the First Amended B3 Master Complaint, including HESI's affirmative defenses, are also asserted on behalf of Sperry.

[3] To the extent the allegations set forth in the Introduction draw any legal conclusions, no response is required.  Moreover, any Orders entered by the Judicial Panel on Multi-District Litigation or this Court speak for themselves.

the extent a response is required, HESI denies each and every allegation set forth in any heading, subheading, and introduction in the B3 Master Complaint.

For answer to each and every allegation of Plaintiffs, HESI responds as follows:

1.      HESI admits that on April 20, 2010 a blowout, explosion and fire occurred on the *Deepwater Horizon* in the Gulf of Mexico and after burning for two days, the vessel sank.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 1.

2.      HESI admits that as the *Deepwater Horizon* sank into the Gulf of Mexico, the long riser pipe connecting the vessel to the wellhead on the seafloor bent and broke, allowing oil to escape the well.  HESI further admits that an emergency valve installed on the wellhead failed to seal the wellhead, allowing oil to escape the Macondo well into the water of the Gulf of Mexico.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 2.

3.      HESI admits that oil escaped the Macondo wellhead and broken riser, bubbling to the surface of the waters of the Gulf of Mexico and forming a slick of oil and subsurface plumes; the oil slick was visible and spread many square miles, spreading with the winds and currents toward the coasts of the Gulf States.  HESI denies that any of its actions or omissions caused or contributed to cause the harm complained of by Plaintiffs.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 3.

4.      HESI admits that following the blowout, explosion and fire onboard the *Deepwater Horizon* (hereinafter "the Incident"), BP implemented a program to respond to and contain the oil spill from the Macondo well.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 4.

1757980 v4-24010/0002 PLEADINGS

5.      HESI admits that following the blowout, explosion, and fire onboard the *Deepwater Horizon*, chemical dispersants were used in the response efforts.  HESI denies that it played any role in the decision to utilize chemical dispersants in the response efforts.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 5.

6.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 6.  HESI denies that it used chemical dispersants or that it played a role in the decision to utilize chemical dispersants in the response efforts.

7.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 7.  HESI denies that it used chemical dispersants or that it played a role in the decision to utilize chemical dispersants in the response efforts.

8.      HESI admits that many Plaintiffs assisted in the clean-up and response efforts following the blowout, explosion, and fire onboard the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 8.

9.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 9.

10.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 10.

11.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11.

12.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 12.

13.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 13.  The B3 Master Complaint, and the allegations contained within, speaks for itself.  To the extent the allegations contained within Paragraph 13 draw any legal conclusions, no response is required.

14.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14.  The allegations and claims set forth in the individual and class action complaints speak for themselves.  HESI denies that any of its acts or omissions caused or contributed to cause the harm complained of by Plaintiffs.

15.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 15.  To the extent the allegations set forth in Paragraph 15 draw any legal conclusions, no response is required.

16.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 16.  To the extent the allegations set forth in Paragraph 16 draw any legal conclusions, no response is required.  HESI denies that any of its actions caused or contributed to the harm complained of by Plaintiffs.  Federal Rule of Civil Procedure 23 speaks for itself.

17.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 17.  To the extent the allegations set forth in Paragraph 17 draw any legal conclusions, no response is required.

18.    Paragraph 18 is an incorporating paragraph, thus no response is required.  PTO No. 25 speaks for itself.  To the extent a response is required to the incorporation of the allegations contained within the Amended Master Complaint for the B1 Pleading Bundle (Dkt.

No. 1128), HESI incorporates herein, as if set out in full, its answers, responses, and affirmative defenses to Plaintiffs' Amended Master Complaint (Dkt. No. 4118) and any amendment thereto.

19.      HESI is without sufficient knowledge or information to form a belief as to truth of the allegations set forth in Paragraph 19.  HESI denies that any of its actions caused or contributed to cause the harm complained of by Plaintiffs.  Federal Rule of Civil Procedure 23 speaks for itself.

20.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 20.  To the extent the allegations set forth in Paragraph 20 draw any legal conclusions, no response is required.

21.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 21 and subparts (a)-(e).

22.      HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22.

23.      HESI admits that BP Exploration is the holder of a lease granted by the former Minerals Management Service allowing it to perform oil exploration, drilling, and production-related operations in Mississippi Canyon Block 252, a location known as the Macondo prospect.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23.  To the extent the remaining allegations set forth in Paragraph 23 draw any legal conclusions, no response is required.

24.      HESI admits the allegations set forth in Paragraph 24.

25.      HESI admits that BP Exploration was designated as a "responsible party" by the U.S. Coast Guard pursuant to the Oil Pollution Act of 1990, 33 U.S.C. § 2714.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations

set forth in Paragraph 25.  To the extent the allegations set forth in Paragraph 25 draw any legal conclusions, no response is required.

26.     HESI admits that BP America entered into a drilling contract with Transocean Ltd. related to the *Deepwater Horizon*.  The terms of the drilling contract entered by Transocean Ltd. and BP America speak for themselves.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 26. To the extent the allegations set forth in Paragraph 26 draw any legal conclusions, no response is required.

27.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27.  To the extent the allegations set forth in Paragraph 27 draw any legal conclusions, no response is required.

28.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 28.  To the extent the allegations set forth in Paragraph 28 draw any legal conclusions, no response is required.

29.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29.  Any statement by BP p.l.c. regarding it being the leading producer of oil and natural gas in the United States and the largest investor in U.S. energy development speaks for itself.

30.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30.  To the extent the allegations set forth in Paragraph 30 draw any legal conclusions, no response is required.  13 La. Stat. § 3201 (B) and Federal Rule of Civil Procedure 4 (k)(1)(A) speak for themselves.

1757980 v4-24010/0002 PLEADINGS

31.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 31.  To the extent the allegations set forth in Paragraph 31 draw any legal conclusions, no response is required.  Federal Rule of Civil Procedure 4 (k)(2) speaks for itself.

32.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 32.  To the extent the allegations set forth in Paragraph 32 draw any legal conclusions, no response is required.  13 La. Stat. § 3201 (B) and Federal Rule of Civil Procedure 4 (k)(1)(A) speak for themselves.

33.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 33.  To the extent the allegations set forth in Paragraph 33 draw any legal conclusions, no response is required.  BP p.l.c.'s Annual Report for 2009, and any statements contained therein, speak for themselves.

34.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34.  To the extent the allegations set forth in Paragraph 34 draw any legal conclusions, no response is required.

35.     To the extent Paragraph 35 serves as an identifying paragraph, no response is required.  Otherwise, HESI admits that BP was the lease holder for the Macondo site and BP was responsible for assessing the geology of the site, engineering the well design, obtaining regulatory approvals for well operations, and retaining and overseeing the contractors working on various aspects of the well and drilling operations.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 35. To the extent the allegations set forth in Paragraph 35 draw any legal conclusions, no response is required.

36.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36.  To the extent the allegations set forth in Paragraph 36 draw any legal conclusions, no response is required.

37.     HESI admits that Transocean Offshore Deepwater Drilling, Inc. is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vic*e, and/or operator of the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 37.  To the extent the allegations set forth in Paragraph 37 draw any legal conclusions, no response is required.

38.     HESI admits that Transocean Deepwater, Inc. is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 38.  To the extent the allegations set forth in Paragraph 38 draw any legal conclusions, no response is required.

39.     HESI admits that Transocean Holdings, LLC is affiliated with Transocean Ltd. and is an owner, managing owner, owner *pro hac vice*, and/or operator of the *Deepwater Horizon*.  HESI further admits that the U.S. Coast Guard named Transocean Holdings as a "Responsible Party" under the Oil Pollution Act. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 39. To the extent the allegations set forth in Paragraph 39 draw any legal conclusions, no response is required.

40.     HESI admits that Triton Asset Leasing GmbH is affiliated with Transocean Ltd. and was an owner, managing owner, owner *pro hac vice*, and/or operator of the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of

the remaining allegations set forth in Paragraph 40.  To the extent the allegations set forth in Paragraph 40 draw any legal conclusions, no response is required.

41.     To the extent Paragraph 41 serves as an identifying paragraph, no response is required.  Otherwise, HESI admits that Transocean provided the *Deepwater Horizon* and the personnel to operate the vessel; that, subject to BP's inspection and approval, at all times relevant to this litigation Transocean was responsible for maintaining the well control equipment, including the blowout preventer and its control systems; and that Transocean provided operational support for drilling related activities for the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 41.  To the extent the allegations set forth in Paragraph 41 draw any legal conclusions, no response is required.

42.     HESI admits that Anadarko Petroleum Corporation Co. ("Anadarko") is an oil and gas exploration and production company and, at one point during the development of the Macondo well, Anadarko was a party to the Macondo Prospect Offshore Deepwater Operating Agreement ("Operating Agreement") and it held a 2.5% interest in the lease at the Macondo site. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 42.  To the extent the allegations set forth in Paragraph 42 draw any legal conclusions, no response is required.

43.     HESI admits that Anadarko E&P Company LP ("Anadarko E&P") is an oil and gas exploration and production company and, at one point during the development of the Macondo well, Anadarko E&P was a party to the Operating Agreement and it held a 22.5% interest in the lease at the Macondo site.  HESI is without sufficient knowledge or information to

form a belief as to the truth of the remaining allegations set forth in Paragraph 43.  To the extent the allegations set forth in Paragraph 43 draw any legal conclusions, no response is required.

44.     HESI admits that MOEX Offshore 2007 LLC ("MOEX Offshore") was a party to the Operating Agreement and it held a 10% interest in the lease at the Macondo site.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 44.  To the extent the allegations set forth in Paragraph 44 draw any legal conclusions, no response is required.

45.     HESI admits that MOEX USA Corporation ("MOEX USA") is a named defendant herein.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 45.  To the extent the allegations set forth in Paragraph 45 draw any legal conclusions, no response is required.

46.     HESI admits that Mitsui Oil Exploration Co., Ltd. ("MOECO") is a named defendant herein.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 46.  To the extent the allegations set forth in Paragraph 46 draw any legal conclusions, no response is required.

47.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 47.  To the extent the allegations set forth in Paragraph 47 draw any legal conclusions, no response is required.

48.     HESI admits that MOECO is engaged in the business of exploration, development, production and sales of crude oil, natural gas and other mineral resources.  HESI further admits that Mitsui & Co., Ltd. ("Mitsui") is a publicly traded company and is traded on the NASDAQ Global Select Market.  HESI is without sufficient knowledge or information to

form a belief as to the truth of the remaining allegations set forth in Paragraph 48.  Mitsui & Co., Ltd.'s financial statements, and their contents, speak for themselves.

49.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 49.  Any statements by MOECO identifying its subsidiaries and/or affiliates speak for themselves.

50.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 50.

51.     HESI admits that MOEX Offshore acquired a 10% interest in the lease at the Macondo site.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 51.

52.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52.  Any statements or reports by MOECO regarding its business activities speak for themselves.

53.     HESI admits that MOEX Offshore acquired a 10% interest in the lease at the Macondo site.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 53.  Any statements or announcements made by MOECO speak for themselves.

54.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54.  To the extent the allegations set forth in Paragraph 54 draw any legal conclusions, no response is required.

55.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 55.  The Lease Exchange Agreement speaks for itself.

- 11 -

56.     HESI admits the allegations set forth in Paragraph 56.

57.     HESI is without sufficient knowledge or information to form a belief as to truth of the allegations set forth in Paragraph 57.  To the extent the allegations set forth in Paragraph 57 draw any legal conclusions, no response is required.  Any listings by the Texas Secretary of State regarding MOECO speak for themselves.

58.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 58.  To the extent the allegations set forth in Paragraph 58 draw any legal conclusions, no response is required.  Any statements by Mr. Naoki Ishii or by Mitsui speak for themselves.

59.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 59.  To the extent the allegations set forth in Paragraph 59 draw any legal conclusions, no response is required.

60.     HESI admits that HESI has been tendered by Transocean to the Plaintiffs pursuant to Rule 14 (c) and HESI further admits that, at the direction of BP, HESI conducted cementing activities onboard the *Deepwater Horizon*.  HESI denies that it caused or contributed to Incident or any of the damages complained of by Plaintiffs.  To the extent the allegations set forth in Paragraph 60 draw any legal conclusions, no response is required.  To the extent the allegations set forth in Paragraph 60 serve as an identifying paragraph, no response is required.

61.     HESI denies that it is jointly, severally, or solidarily liable in this action under principles of maritime and/or applicable State or Federal law.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 61.  To the extent the allegations set forth Paragraph 61 draw any legal conclusions, no response is required.

- 12 -

62.     HESI admits that Marine Spill Response Corporation ("MSRC") participated in the post-explosion oil spill remediation and response efforts.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 62.  To the extent the allegations set forth in Paragraph 62 draw any legal conclusions, no response is required.

63.     HESI admits that Airborne Support, Inc. ("Airborne") participated in the post-explosion oil spill remediation and response efforts.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 63. To the extent the allegations set forth in Paragraph 63 draw any legal conclusions, no response is required.

64.     HESI admits that Airborne Support International, Inc. ("Airborne International") participated in the post-explosion oil spill remediation and response efforts.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 64.  To the extent the allegations set forth in Paragraph 64 draw any legal conclusions, no response is required.

65.     HESI admits that Lynden, Inc. ("Lynden") participated in the post-explosion oil spill remediation and response efforts.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 65.  To the extent the allegations set forth in Paragraph 65 draw any legal conclusions, no response is required.

66.     HESI admits that Dynamic Aviation Group, Inc. ("Dynamic") participated in the post-explosion oil spill remediation and response efforts.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph

- 13 -

66. To the extent the allegations set forth in Paragraph 66 draw any legal conclusions, no response is required.

67. HESI admits that International Air Response, Inc. ("IAR") participated in the post-explosion oil spill remediation and response efforts. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 67. To the extent the allegations set forth in Paragraph 67 draw any legal conclusions, no response is required.

68. HESI admits that Lane Aviation ("Lane") participated in the post-explosion oil spill remediation and response efforts. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 68. To the extent the allegations set forth in Paragraph 68 draw any legal conclusions, no response is required.

69. HESI admits that National Response Corporation ("NRC") participated in the post-explosion oil spill remediation and response efforts. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 69. To the extent the allegations set forth in Paragraph 69 draw any legal conclusions, no response is required.

70. HESI admits that O'Brien Response Management, Inc. ("O'Brien") participated in the post-explosion oil spill remediation and response efforts. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 70. To the extent the allegations set forth in Paragraph 70 draw any legal conclusions, no response is required.

71. HESI admits that The Modern Group, Ltd. ("Modern Group") and/or Tiger Rentals, Ltd. participated in the post-explosion oil spill remediation and response efforts. HESI

is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 71.  To the extent the allegations set forth in Paragraph 71 draw any legal conclusions, no response is required.

72.     HESI admits that DRC Emergency Services, LLC ("DRC") participated in the post-explosion oil spill remediation and response efforts.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 72.  To the extent the allegations set forth in Paragraph 72 draw any legal conclusions, no response is required.

73.     Paragraph 73 serves as an identifying paragraph, thus no response is required.

74.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 74.  To the extent the allegations set forth in Paragraph 74 draw any legal conclusions, no response is required.

75.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 75.

76.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 76.  To the extent the allegations set forth in Paragraph 76 serve as an identifying paragraph, no response is required.

77.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 77.  To the extent the allegations set forth in Paragraph 77 serve as an identifying paragraph, no response is required.

78.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 78.  To the extent the allegations set forth in Paragraph 78 serve as an identifying paragraph, no response is required.

79.     HESI denies that it is jointly, severally, or solidarily liable in this action under principles of maritime and/or applicable State or Federal law.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 79.  To the extent the allegations set forth in Paragraph 79 draw any legal conclusions, no response is required.

80.     By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.   Further, the jurisdictional allegations set forth in Paragraph 80 draw legal conclusions to which no response is required.

81.     By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.   Further, the jurisdictional allegations set forth in Paragraph 81 draw legal conclusions to which no response is required.

82.     By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.   Further, the jurisdictional allegations set forth in Paragraph 82 draw legal conclusions to which no response is required.

83.     By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.   Further, the jurisdictional allegations set forth in Paragraph 83 draw legal conclusions to which no response is required.

84.     By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.

85.     HESI admits that venue for the B3 Master Complaint is proper this district.  28 U.S.C. §1391, 28 U.S.C. § 1407, this Court's Pre-Trial Order No. 20, and the Transfer Order issued by the JPML speak for themselves.

86.    HESI admits that the *Deepwater Horizon* was an ultra-deepwater dynamic positioned semi-submersible vessel that was leased to BP at the time of the Incident.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 86.

87.    HESI admits that BP leased the *Deepwater Horizon* and at the time of the Incident, used the *Deepwater Horizon* to drill an exploratory well at the Macondo prospect site in Mississippi Canyon Block 252, a location on the Outer Continental Shelf, off the coast of Louisiana.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 87.

88.    HESI admits that on April 20, 2010, after cementing work was completed, a loss of well control, explosion and fire occurred on the *Deepwater Horizon*.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 88.  To the extent a response is required to the incorporation of the allegations contained within the Amended Master Complaint for the B1 Pleading Bundle (Dkt. No. 1128), HESI incorporates herein, as if set out in full, its answers, responses, and affirmative defenses to Plaintiffs' Amended Master Complaint (Dkt. No.  4118) and any amendment thereto.

89.    HESI admits that an explosion and fire occurred on the *Deepwater Horizon*; eleven people died and others onboard the vessel were injured.  HESI further admits that the vessel burned for two days until it sank.  HESI denies that any of its actions caused or contributed to the Incident or the alleged damages complained of by Plaintiffs.

90.    HESI admits that the *Deepwater Horizon* had been connected to the wellhead on the Macondo well by a riser and as the vessel sank, the riser was pulled down with the vessel bending and ultimately breaking the pipe, allowing oil to escape the riser and Macondo well.

HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 90.

91.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 91.

92.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 92.

93.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 93.  Any internal BP document regarding its analysis of the rate of oil spillage from the Macondo well speaks for itself.

94.     HESI admits that after the April 22, 2010 sinking of the *Deepwater Horizon*, oil escaped the Macondo well, resulting in an oil slick that affected several Gulf states.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 94.

95.     HESI admits that after the Incident, a large oil slick formed on the surface of the Gulf of Mexico and underwater plumes of oil also formed in the waters of the Gulf of Mexico. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 95.

96.     HESI admits that oil affected the coasts of certain Gulf States requiring clean up. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 96.

97.     HESI admits that oil escaped the Macondo well into the waters of the Gulf of Mexico for approximately 86 days.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 97.

98.     HESI admits that on July 15, 2010, the Macondo well was capped.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 98.

99.     HESI admits that allegations set forth in Paragraph 99.  OPA, 33 U.S.C. § 2702, speaks for itself.

100.    HESI admits that the Coast Guard implements many aspects of OPA including designating responsible parties, defined under the Act, and responding to and coordinating any response to the oil spill.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 100.

101.    HESI admits that after the Incident, the Coast Guard designated BP Exploration, Anadarko E&P, Anadarko, MOEX and Transocean Holdings as "responsible parties" under OPA.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 101.  To the extent the allegations set forth in Paragraph 101 draw any legal conclusions, no response is required.

102.    HESI admits that following the incident, BP began implementing a response plan to prevent oil from escaping the Macondo well, to contain the oil and to disperse the oil.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 102.

103.    HESI admits that Vessels of Opportunity ("VoO") were used during the post-incident, clean-up efforts.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 103.

104.    HESI admits that post-incident, during the clean-up and response efforts, commercial and charter fishing vessels were used in the clean-up and response efforts to tow and

deploy booms, to support in situ burning efforts, to recover oil and tar balls, and in skimming operations.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 104.

105.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 105.  HESI denies that it entered into any such agreements with Plaintiffs.

106.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 106.  The Charter Agreements speak for themselves.

107.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 107.  The Charter or Letter Agreements speak for themselves.

108.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 108.  Any statements or representations by BP, whether in the press, in court proceedings, on its website or otherwise, speak for themselves.

109.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 109.  To the extent the allegations set forth in Paragraph 109 draw any legal conclusions, no response is required.

110.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 110.  The Charter Agreements speak for themselves.

111.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 111.

1757980 v4-24010/0002 PLEADINGS

112.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 112.  HESI denies that it entered into any such agreements with Plaintiffs.

113.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 113.  To the extent the allegations set forth in Paragraph 113 draw any legal conclusions, no response is required.

114.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 114.  Any instructions by BP to the VoO vessel owners speak for themselves.

115.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 115.  To the extent the allegations set forth in Paragraph 115 draw any legal conclusions, no response is required.

116.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 116.

117.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 117.

118.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 118.  HESI denies that it entered into any such agreements with Plaintiffs and further denies that it owed payment to any VoO vessel owners.

119.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 119.

120.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 120.

121.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 121.

122.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 122.

123.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 123.

124.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 124.

125.    HESI admits that following the incident, dispersants were applied to oil slicks and sheens on the surface of the Gulf of Mexico.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 125.

126.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 126.  The terms of the United States Oil Spill National Contingency Plan speaks for itself.

127.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 127.  The material safety data sheet for Corexit 9500 speaks for itself.

128.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 128.  The material safety data sheet for Corexit EC9527A speaks for itself.

129.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 129.

130.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 130.  Any directive by the EPA Administrator speaks for itself.

131.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 131.

132.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 132.

133.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 133.  Any directives by the EPA to BP speak for themselves.

134.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 134.

135.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 135.  Any Aerial Dispersants Operations—Houma Status Report speaks for itself.  HESI denies any involvement with the decision to use and/or the use of dispersants, including Corexit 9500 and Corexit 9527.

136.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 136.  Any Aerial Dispersants Operations—Houma Status Report speaks for itself.

137.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 137.

138.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 138.

139.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 139.

140.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 140.

141.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 141.

142.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 142.

143.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 143.  HESI denies any involvement in the decision to use and/or the use of dispersants.

144.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 144.

145.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 145.

146.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 146.  The material safety data sheet for PES51 speaks for itself.

147.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 147.  The material safety data sheet for OMI-500 speaks for itself.

148.    HESI admits that VoO vessels were used as part of the "Vessel of Opportunity" program to dispatch and lay boom to absorb oil and to tow and/or haul oil saturated booms,

- 24 -

among other activities.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 148.

149.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 149.

150.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 150.  HESI denies that it prevented Plaintiffs from using respirators or masks.

151.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 151.  HESI denies any involvement in the decisions to use and/or the use of dispersants.

152.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 152.  HESI denies that it owes Plaintiffs any duty to warn regarding the use of chemical dispersants.

153.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 153.

154.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 154.

155.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 155.

156.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 156.  HESI denies that it prevented Plaintiffs from using respirators or masks.

157.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 157.  HESI denies that any of its actions caused or contributed to the Incident or the damages complained of by Plaintiffs.

158.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 158.  HESI denies that any of its acts or omissions caused or contributed to cause the harm complained of by Plaintiffs.

159.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 159.

160.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 160.  HESI denies that any of its actions caused or contributed to the Incident or the damages complained of by Plaintiffs.

161.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 161.

162.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 162.

163.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 163.  Any presentation made to the June 2010 Institute of Medicine of the National Academies, entitled "Assessing the Human Effects of the Gulf of Mexico Oil Spill: An Institute of Medicine Workshop" speaks for itself.

164.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 164.

165.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 165.  Any statements, affirmations, or information provided by the Agency for Toxic Substances and Disease Registry speak for themselves.

166.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 166.  A 2007 CDC review of benzene, and any information contained within, speaks for itself.

167.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 167.  Any testimony by Dr. Lisa Kaplowitz speaks for itself.

168.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 168.  HESI denies any involvement in the decision to use and/or the use of chemical dispersants.

169.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 169.  HESI denies any involvement in the decision to use and/or the use of chemical dispersants.

170.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 170.  The material safety data sheet for Corexit 9500 speaks for itself.

171.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 171.  The material safety data sheet for Corexit EC9527A speaks for itself.

172.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 172.  New Jersey's EGE Hazardous Substance Right to Know Fact Sheet speaks for itself.

173.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 173.  HESI denies any involvement in the decision to use and/or the use of chemical dispersants, including Corexit products.

174.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 174.  Any information or report provided by the Hazardous Substances Data Bank or the American Medical Association's Council on Drugs speak for themselves.

175.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 175.  The CDC's profile for kerosene speaks for itself.

176.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 176.  Any statement or report by the Agency for Toxic Substances and Disease Registry regarding propylene glycol speaks for itself.

177.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 177.  Any statement or report by the Agency for Toxic Substances and Disease Registry or the U.S. Department of Health and Human Services regarding dioxane speaks for itself.

178.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 178.  The material safety data sheet for PES51 speaks for itself.

- 28 -

179.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 179.  The material safety data sheet for OMI-500 speaks for itself.

180.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 180.

181.    The allegations set forth in Paragraph 181 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 181.  To the extent the allegations set forth in Paragraph 181 draw any legal conclusions, no response is required.

182.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 182.  To the extent the allegations set forth in Paragraph 182 draw any legal conclusions, no response is required.

183.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 183.  To the extent the allegations set forth in Paragraph 183 draw any legal conclusions, no response is required.

184.    The allegations set forth in Paragraph 184 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 184.  To the extent the allegations set forth in Paragraph 184 draw any legal conclusions, no response is required.

185.    The allegations set forth in Paragraph 185 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 185.  To the extent the allegations set forth in Paragraph 185 draw any legal conclusions, no response is required.

186.    HESI admits that OSHA promulgates regulations to protect worker safety in certain contexts, including hazardous waste activities and emergency responses.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 186.

187.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 187.

188.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 188.

189.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 189.  HESI denies that it was aware of risks fishing vessels would face and further denies that it ignored worker safety concerns.

190.    HESI admits that it is aware that crude oil contains chemicals that may be hazardous to human health, to the environment, and to ecosystems.  The remaining allegations set forth in Paragraph 190 (a)-(d) are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 190 (a)-(d).  To the extent the allegations set forth in Paragraph 190 (a)-(d) draw any legal conclusions, no response is required.

191.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 191.  To the extent the allegations set forth in Paragraph 191 draw any legal conclusions, no response is required.  HESI denies that any of its actions caused or contributed to the Incident or the damages complained of by Plaintiffs.

192.    The allegations set forth in Paragraph 192 (a)-(e) are denied as written as to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the

- 30 -

remaining allegations set forth in Paragraph 192 (a)-(e).  To the extent the allegations set forth in Paragraph 192 draw any legal conclusions, no response is required.

193.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 193.  To the extent the allegations set forth in Paragraph 193 draw any legal conclusions, no response is required.  HESI denies that any of its acts or omissions caused or contributed to cause the harm and/or damages complained of by Plaintiffs.

194.    HESI denies that it should be obligated to provide environmental, water supply, food supply and air monitoring to Plaintiffs.  HESI further denies that Plaintiffs are entitled to injunctive and equitable relief from HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 194.

195.    HESI denies that it should be ordered to create, fund, and support a medical monitoring program for Plaintiffs.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 195.  To the extent the allegation set forth in Paragraph 195 draw any legal conclusions, no response is required.

196.    HESI denies that any of its acts or omissions caused or contributed to cause the harm and/or damages complained of by Plaintiffs.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 196.  To the extent the allegations set forth in Paragraph 196 draw any legal conclusions, no response is required.

197.    HESI denies that Plaintiffs are entitled to compensation for property damage, contractual damages, loss of profits and/or earning capacity, damage to or loss of use of their vessels, and/or other economic losses under OPA, their Charter Agreements, general maritime

law, and/or otherwise, from HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 197.  HESI denies that any of its actions caused or contributed to the Incident or the damages complained of by Plaintiffs.

198.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 198.  To the extent the allegations set forth in Paragraph 198 draw any legal conclusions, no response is required.  Federal Rule of Civil Procedure 23 speaks for itself.

199.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 199.   To the extent Paragraph 199 serves as an identifying paragraph, no response is required.

200.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 200 (a)-(c).  To the extent Paragraphs 200 (a)-(c) serve as identifying paragraphs, no response is required.

201.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 201.  To the extent Paragraph 201 serves as an identifying paragraph, no response is required.

202.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 202.  To the extent the allegations set forth in Paragraph 202 draw any legal conclusions, no response is required.

203.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 203.  To the extent the allegations set forth in Paragraph 203 draw any legal conclusions, no response is required.

204.   HESI denies that it committed any misconduct that resulted in injury to any members of the proposed Class.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 204.  To the extent the allegations set forth in Paragraph 204 draw any legal conclusions, no response is required.

205.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 205.  To the extent the allegations set forth in Paragraph 205 draw any legal conclusions, no response is required.

206.   HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 206.  To the extent the allegations set forth in Paragraph 206 draw any legal conclusions, no response is required.

207.   HESI denies that it subjected Plaintiffs to any unlawful conduct.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 207.  To the extent the allegations set forth in Paragraph 207 draw any legal conclusions, no response is required.

208.   HESI denies: that it was involved in the decision to use and/or the use of dispersants and/or hazardous chemicals; that it acted recklessly, willfully, and/or wantonly; that its actions and/or omissions were consciously and/or deliberately unreasonable; that its actions display gross negligence, reckless indifference, willfulness and/or wantonness; that it should be held liable for costs of future medical screening and monitoring; that it was obligated to warn against harm relative to the use of chemical dispersants; and that it was negligent in any manner or committed battery.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 208 (a)-(j).  To the extent the allegations set forth in Paragraph 208 (a)-(j) draw any legal conclusions, no response is required.

209.    HESI denies that Plaintiffs and members of the Class have suffered and/or will continue to suffer harm as a result of its actions and conduct.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 209.   To the extent the allegations set forth in Paragraph 209 draw any legal conclusions, no response is required.

210.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 210.  To the extent the allegations set forth in Paragraph 210 draw any legal conclusions, no response is required.

211.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 211.  To the extent the allegations set forth in Paragraph 211 draw any legal conclusions, no response is required.

212.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 212.  To the extent the allegations set forth in Paragraph 212 draw any legal conclusions, no response is required.  Federal Rule of Civil Procedure 23 speaks for itself.

213.    HESI denies that has acted or refused to act in any manner that has harmed the proposed Class and Subclasses.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 213.  To the extent the allegations set forth in Paragraph 213 draw any legal conclusions, no response is required.

214.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 214.  To the extent the allegations set forth in Paragraph 214 draw any legal conclusions, no response is required.

215.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 215.   To the extent the allegations set forth in Paragraph 215 draw any legal conclusions, no response is required.

216.    Paragraph 216 is an incorporating paragraph, thus no response is required.   PTO No. 25 speaks for itself.   To the extent a response is required to the incorporation of the allegations contained within the Amended Master Complaint for the B1 Pleading Bundle (Dkt. No. 1128), HESI incorporates herein, as if set out in full, its answers, responses, and affirmative defenses to Plaintiffs' Amended Master Complaint (Dkt. No.  4118) and any amendment thereto.

217.    HESI admits that, at the direction of BP, HESI conducted cementing and certain logging activities onboard the *Deepwater Horizon* in the Gulf of Mexico.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 217.

218.    The allegations set forth in Paragraph 218 are denied as written as to HESI.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 218.   To the extent the allegations set forth in Paragraph 218 draw any legal conclusions, no response is required.

219.    HESI admits that on April 20, 2010, Anadarko, Anadarko E&P and MOEX Offshore had access to Halliburton/Sperry Sun INSITE real time data feeds from the *Deepwater Horizon*.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 219.   To the extent the allegations set forth in Paragraph 219 draw any legal conclusions, no response is required.

220.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 220.   Paragraph 220 purports to incorporate

- 35 -

paragraphs 266-270 in the B1 First Amended Master Complaint.  To the extent a response is required to the incorporation of the allegations contained within the Amended Master Complaint for the B1 Pleading Bundle (Dkt. No. 1128), HESI incorporates herein, as if set out in full, its answers and responses to paragraphs 266-270 in Plaintiffs' B1 First Amended Master Complaint (Dkt. No.  4118) and any amendment thereto.  The Operating Agreement and Lease Exchange Agreement speaks for itself.  To the extent the allegations set forth in Paragraph 220 draw any legal conclusions, no response is required.

221.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 221.  Paragraph 221 purports to incorporate paragraphs 222-235 in the B1 First Amended Master Complaint.  To the extent a response is required to the incorporation of the allegations contained within the Amended Master Complaint for the B1 Pleading Bundle (Dkt. No. 1128), HESI incorporates herein, as if set out in full, its answers and responses to paragraphs 222-235 in Plaintiffs' B1 First Amended Master Complaint (Dkt. No.  4118) and any amendment thereto.  To the extent the allegations set forth in Paragraph 220 draw any legal conclusions, no response is required.

222.    The allegations set forth in Paragraph 222 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 222.  To the extent the allegations set forth in Paragraph 222 draw any legal conclusions, no response is required.  HESI denies the applicability of state law.

223.    Paragraph 223 is an incorporating paragraph, thus no response is required.

224.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 224.  To the extent the allegations set forth in Paragraph 224 draw any legal conclusions, no response is required.

225.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 225. The Master Vessel Charter Agreement speaks for itself.

226.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 226. The Master Vessel Charter Agreement speaks for itself.

227.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 227. The Master Vessel Charter Agreement, any subsequent letter agreement, stipulation, or court order, or any statements made by BP in the press, in court proceedings, on its website, or otherwise, speak for themselves. To the extent the allegations set forth in Paragraph 227 draw any legal conclusions, no response is required.

228.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 228.

229.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 229.

230.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 230.

231.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 231. To the extent the allegations set forth in Paragraph 231 draw any legal conclusions, no response is required.

232.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 232. To the extent the allegations set forth in Paragraph 232 draw any legal conclusions, no response is required.

233.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 233.

234.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 234.  To the extent the allegations set forth in Paragraph 234 draw any legal conclusions, no response is required.

235.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 235.  To the extent the allegations set forth in Paragraph 235 draw any legal conclusions, no response is required.  HESI denies any involvement in the decision to use and/or the use of chemical dispersants.

236.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 236.

237.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 237.  To the extent the allegations set forth in Paragraph 237 draw any legal conclusions, no response is required.

238.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 238.  To the extent the allegations set forth in Paragraph 238 draw any legal conclusions, no response is required.

239.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 239.  To the extent the allegations set forth in Paragraph 239 draw any legal conclusions, no response is required.

240.     Paragraph 240 is an incorporating paragraph, thus no response is required.

241.     The allegations set forth in Paragraph 241 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations set forth in Paragraph 241.  To the extent the allegations set forth in Paragraph 241 draw any legal conclusions, no response is required.

242.    HESI admits that it is aware that crude oil contains chemicals that may be hazardous to human health, to the environment and to ecosystems.  The remaining allegations set forth in Paragraph 242 (a)-(d) are denied as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 242 (a)-(d).    To the extent the allegations set forth in Paragraph 240 (a)-(d) draw any legal conclusions, no response is required.

243.    The allegations set forth in Paragraph 243 (a)-(e) are denied as written as to HESI. HESI denies that it owed Plaintiffs any duty and/or  that it breached any duty owed to Plaintiffs. HESI further denies that it was involved in the decision to use and/or the use of chemical dispersants.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 243 (a)-(e).  To the extent the allegations set forth in Paragraph 243 (a)-(e) draw any legal conclusions, no response is required.

244.    The allegations set forth in Paragraph 244 (a)-(e) are denied as written as to HESI. HESI denies that it owed Plaintiffs any duty and/or  that it breached any duty owed to Plaintiffs. HESI further denies that it was involved in the decision to use and/or the use of chemical dispersants.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 244 (a)-(e).  To the extent the allegations set forth in Paragraphs 244 (a)-(e) draw any legal conclusions, no response is required.

245.    HESI denies that it owed Plaintiffs any duty and/or that it breached any duty owed to Plaintiffs.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 245.  To the extent the allegations set forth in

Paragraph 245 draw any legal conclusions, no response is required.  HESI denies that it owed Plaintiffs any duty and/or  that it breached any duty owed to Plaintiffs.

246.    HESI denies that it owed Plaintiffs any duty and/or that it breached any duty owed to Plaintiffs.  HESI further denies that its actions or inactions posed an unreasonable risk of harm to Plaintiffs.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 246.  To the extent the allegations set forth in Paragraph 246 draw any legal conclusions, no response is required.

247.    HESI denies that it is liable in ordinary negligence to Plaintiffs.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 247.  To the extent the allegations set forth in Paragraph 247 draw any legal conclusions, no response is required.

248.    HESI denies that any of its acts or omissions caused or contributed to cause the harm and/or damages complained of by Plaintiffs.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 248.  To the extent the allegations set forth in Paragraph 248 draw any legal conclusions, no response is required.

249.    HESI denies that it breached any duties owed to Plaintiffs.  HESI further denies that any of its actions or omissions caused or contributed to cause Plaintiffs' alleged damages.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 249.  To the extent the allegations set forth in Paragraph 249 draw any legal conclusions, no response is required.

250.    Paragraph 250 is an incorporating paragraph, thus no response is required.

251.    The allegations set forth in Paragraph 251 are denied as written as to HESI.  HESI further denies the applicability of state law.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 251.  To the extent the allegations set forth in Paragraph 251 draw any legal conclusions, no response is required.

252.    The allegations set forth in Paragraph 252 are denied as written as to HESI. HESI further denies the applicability of state law.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 252.  To the extent the allegations set forth in Paragraph 252 draw any legal conclusions, no response is required.

253.    The allegations set forth in Paragraph 253 are denied as written as to HESI.  HESI further denies any involvement in the decision to use and/or the use of chemical dispersants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 253.   To the extent the allegations set forth in Paragraph 253 draw any legal conclusions, no response is required.

254.    The allegations set forth in Paragraph 254 are denied as written as to HESI.  HESI specifically denies that its conduct was willful, wanton or reckless. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 254.   To the extent the allegations set forth in Paragraph 254 draw any legal conclusions, no response is required.

255.    The allegations set forth in Paragraph 255 are denied as written as to HESI and HESI specifically denies that its conduct was wanton or reckless.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in

Paragraph 255.   To the extent the allegations set forth in Paragraph 255 draw any legal conclusions, no response is required.

256.   The allegations set forth in Paragraph 256 are denied as written as to HESI and HESI specifically denies that its conduct was wanton or reckless.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 256.   To the extent the allegations set forth in Paragraph 256 draw any legal conclusions, no response is required.

257.   HESI denies that its conduct was wanton or reckless.   HESI further denies that Plaintiffs are entitled to punitive damages from it.   HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 257.   To the extent the allegations set forth in Paragraph 257 draw any legal conclusions, no response is required.

258.   Paragraph 258 is an incorporating paragraph, thus no response is required.

259.   Paragraphs 259-263  purport to allege claims for *negligence per se*.   Pursuant to this Court's Order and Reasons (Dkt. No. 4209), the Court dismissed Plaintiffs' *negligence per se* claim.   Thus, no response is required to Paragraphs 259-263.   To the extent a response is required, HESI denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 259-263 as to other parties.

264.   Paragraph 264 is an incorporating paragraph, thus no response is required.

265.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 265.  To the extent the allegations set forth in Paragraph 265 draw any legal conclusions, no response is required.

266.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 266.  To the extent the allegations set forth in Paragraph 266 draw any legal conclusions, no response is required.

267.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 267.  To the extent the allegations set forth in Paragraph 267 draw any legal conclusions, no response is required.

268.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 268.

269.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 269.  To the extent the allegations set forth in Paragraph 269 draw any legal conclusions, no response is required.

270.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 270.  To the extent the allegations set forth in Paragraph 270 draw any legal conclusions, no response is required.

271.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 271.

272.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 272.  To the extent the allegations set forth in Paragraph 272 draw any legal conclusions, no response is required.

- 43 -

273.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 273.  To the extent the allegations set forth in Paragraph 273 draw any legal conclusions, no response is required.

274.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 274.  To the extent the allegations set forth in Paragraph 274 draw any legal conclusions, no response is required.

275.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 275.  To the extent the allegations set forth in Paragraph 275 draw any legal conclusions, no response is required.

276.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 276.  To the extent the allegations set forth in Paragraph 276 draw any legal conclusions, no response is required.

277.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 277.  To the extent the allegations set forth in Paragraph 277 draw any legal conclusions, no response is required.

278.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 278.  To the extent the allegations set forth in Paragraph 278 draw any legal conclusions, no response is required.

279.    By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.

280.    Paragraph 280 is an incorporating paragraph, thus no response is required.

281.    Paragraphs 281-292  purport to allege a claim for nuisance.  Pursuant to this Court's Order and Reasons (Dkt. No. 4209), the Court dismissed Plaintiffs' nuisance claims.

- 44 -

Thus, no response is required to Paragraphs 281-292.  To the extent a response is required, HESI denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 281-292 as to other parties.

293.    Paragraph 293 is an incorporating paragraph, thus no response is required.

294.    Paragraphs 294-298  purport to allege a claim for battery.  Pursuant to this Court's Order and Reasons (Dkt. No. 4209), the Court dismissed Plaintiffs' battery claims.  Thus, no response is required to Paragraphs 294-298.  To the extent a response is required, HESI denies that it is liable to Plaintiffs in any respect and denies that it caused or contributed to cause any damages to Plaintiffs; however, HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 294-298 as to other parties.

299.    Paragraph 299 is an incorporating paragraph, thus no response is required.

300.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 300.  HESI specifically denies that it caused or contributed to cause any damages to Plaintiffs.  To the extent the allegations set forth in Paragraph 300 draw any legal conclusions, no response is required.

301.    HESI is without sufficient knowledge or information to form a belief as to truth of the allegations set forth in Paragraph 301.  To the extent the allegations set forth in Paragraph 301 draw any legal conclusions, no response is required.

302.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 302.   To the extent the allegations set forth in Paragraph 302 draw any legal conclusions, no response is required.

303.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 303.

304.     The allegations set forth in Paragraph 304 are denied as written as to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 304.   To the extent the allegations set forth in Paragraph 304 draw any legal conclusions, no response is required.

305.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 305.

306.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 306.

307.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 307.   To the extent the allegations set forth in Paragraph 307 draw any legal conclusions, no response is required.

308.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 308.

309.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 309.   To the extent the allegations set forth in Paragraph 309 draw any legal conclusions, no response is required.

310.     Paragraph 310 is an incorporating paragraph, thus no response is required.

311.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 311.  To the extent the allegations set forth in Paragraph 311 draw any legal conclusions, no response is required.

312.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 312.  To the extent the allegations set forth in Paragraph 312 draw any legal conclusions, no response is required.

313.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 313.  To the extent the allegations set forth in Paragraph 313 draw any legal conclusions, no response is required.

314.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 314.

315.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 315.  To the extent the allegations set forth in Paragraph 315 draw any legal conclusions, no response is required.

316.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 316.  To the extent the allegations set forth in Paragraph 316 draw any legal conclusions, no response is required.

317.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 317.  To the extent the allegations set forth in Paragraph 317 draw any legal conclusions, no response is required.

318.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 318.  To the extent the allegations set forth in Paragraph 318 draw any legal conclusions, no response is required.

319.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 319.  To the extent the allegations set forth in Paragraph 319 draw any legal conclusions, no response is required.

320.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 320.  To the extent the allegations set forth in Paragraph 320 draw any legal conclusions, no response is required.

321.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 321.  To the extent the allegations set forth in Paragraph 321 draw any legal conclusions, no response is required.

322.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 322.  To the extent the allegations set forth in Paragraph 322 draw any legal conclusions, no response is required.

323.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 323.  To the extent the allegations set forth in Paragraph 323 draw any legal conclusions, no response is required.

324.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 324.  To the extent the allegations set forth in Paragraph 324 draw any legal conclusions, no response is required.

325.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 325.  To the extent the allegations set forth in Paragraph 325 draw any legal conclusions, no response is required.

326.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 326.  To the extent the allegations set forth in Paragraph 326 draw any legal conclusions, no response is required.

327.     By virtue of this Court's Orders and Reasons (Dkt. Nos. 3830, 4845), no response is required.

328.     The allegations set forth in Paragraph 328 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 328.  To the extent the allegations set forth in Paragraph 328 draw any legal conclusions, no response is required.

329.     The allegations set forth in Paragraph 329 are denied as written as to HESI.  HESI further denies that HESI engaged in reckless, willful, or wanton conduct or conduct in flagrant disregard for the safety and health of the public and the environment and that Plaintiffs are entitled to an award of punitive damages against HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 329.  To the extent the allegations set forth in Paragraph 329 draw any legal conclusions, no response is required.

330.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 330.  To the extent the allegations set forth in Paragraph 330 draw any legal conclusions, no response is required.

331.     HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 331.  To the extent the allegations set forth in Paragraph 331 draw any legal conclusions, no response is required.

- 49 -

332.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 332.  To the extent the allegations set forth in Paragraph 332 draw any legal conclusions, no response is required.

333.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 333.  To the extent the allegations set forth in Paragraph 333 draw any legal conclusions, no response is required.

334.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 334.  To the extent the allegations set forth in Paragraph 334 draw any legal conclusions, no response is required.

335.    The allegations set forth in Paragraph 335 are denied as written as to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 335.  To the extent the allegations set forth in Paragraph 335 draw any legal conclusions, no response is required.

336.    HESI denies that it used an inappropriate cement mixture for the type of rock formation surrounding the well or that HESI failed to appropriately test it.  The remaining allegations set forth in Paragraph 336 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 336.  To the extent the allegations set forth in Paragraph 336 draw any legal conclusions, no response is required.

337.    The allegations set forth in Paragraph 337 are denied as written as to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 337.  To the extent the allegations set forth in Paragraph 337 draw any legal conclusions, no response is required.

- 50 -

338.    The allegations set forth in Paragraph 338 are denied as written as to HESI.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 338.  To the extent the allegations set forth in Paragraph 338 draw any legal conclusions, no response is required.

339.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 339.  To the extent the allegations set forth in Paragraph 339 draw any legal conclusions, no response is required.

340.    The allegations set forth in Paragraph 340 are denied as written as to HESI.  HESI further denies that it ignored and/or misinterpreted abnormal, "red flag" pressure test results. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 340.  To the extent the allegations set forth in Paragraph 340 draw any legal conclusions, no response is required.

341.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 341.  To the extent the allegations set forth in Paragraph 341 draw any legal conclusions, no response is required.

342.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 342.  To the extent the allegations set forth in Paragraph 342 draw any legal conclusions, no response is required.

343.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 343.  To the extent the allegations set forth in Paragraph 343 draw any legal conclusions, no response is required.

344.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 344.  To the extent the allegations set forth in Paragraph 344 draw any legal conclusions, no response is required.

345.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 345.  To the extent the allegations set forth in Paragraph 345 draw any legal conclusions, no response is required.

346.    HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 346.  To the extent the allegations set forth in Paragraph 346 draw any legal conclusions, no response is required.

347.    The allegations set forth in Paragraph 347 (a)-(j) are denied as written as to HESI. HESI is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 347 (a)-(j).  To the extent the allegations set forth in Paragraph 347 (a)-(j) draw any legal conclusions, no response is required.

348.    HESI denies any involvement in the decision to use and/or the use of chemical dispersants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 348.  To the extent the allegations set forth in Paragraph 348 draw any legal conclusions, no response is required.

349.    HESI denies any involvement in the decision to use and/or the use of chemical dispersants.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 349.  To the extent the allegations set forth in Paragraph 349 draw any legal conclusions, no response is required.

350.    The allegations set forth in Paragraph 350 are denied as written as to HESI.  HESI further denies any involvement in the decision to use and/or the use of chemical dispersants.

HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 350. To the extent the allegations set forth in Paragraph 350 draw any legal conclusions, no response is required.

351. HESI denies any involvement in the decision to use and/or the use of chemical dispersants. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 351. To the extent the allegations set forth in Paragraph 351 draw any legal conclusions, no response is required.

352. The allegations set forth in Paragraph 352 are denied as written as to HESI. HESI further denies that its conduct warrants the imposition of punitive damages. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 352. To the extent the allegations set forth in Paragraph 352 draw any legal conclusions, no response is required.

353. HESI denies that Plaintiffs are entitled to an award of punitive damages against it. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 353. To the extent the allegations set forth in Paragraph 353 draw any legal conclusions, no response is required.

354. HESI denies the applicability of state law. HESI further denies that Plaintiffs are entitled to an award of punitive damages against it. HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 354. To the extent the allegations set forth in Paragraph 354 draw any legal conclusions, no response is required.

355. Paragraph 355 is an incorporating paragraph, thus no response is required. PTO No. 25 speaks for itself. To the extent a response is required to the incorporation of the

allegations contained within the Amended Master Complaint for the B1 Pleading Bundle (Dkt. No. 1128), HESI incorporates herein, as if set out in full, its answers, responses, and affirmative defenses to Plaintiffs' Amended Master Complaint (Dkt. No. 4118) and any amendment thereto.

356.    HESI denies that Plaintiffs are entitled to any compensation from it.  HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 356.  To the extent the allegations set forth in Paragraph 356 draw any legal conclusions, no response is required.

The allegations set forth in the prayer for relief are denied as written as to HESI; however HESI is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in the prayer.  To the extent the allegations set forth in the prayer for relief draw legal conclusions, no response is required.  HESI would also direct Plaintiffs to this Court's Orders and Reasons (Dkt. Nos. 3830, 4209) wherein the Court determined that state law is inapplicable and dismissed all state law nuisance, and battery claims.

## AFFIRMATIVE DEFENSES

WHEREFORE, HESI respectfully requests that the Court dismiss Plaintiffs'  B3 Master Complaint in this proceeding because:

### FIRST AFFIRMATIVE DEFENSE

HESI asserts the defenses of set off, recoupment, payment and release, and further asserts that it is entitled to a credit for any and all monies paid by third-party defendants, cross-defendants, co-defendants, a collateral source, and/or that Plaintiffs receive from any source as compensation for alleged losses.

## SECOND AFFIRMATIVE DEFENSE

The damages referred to in Plaintiffs' B3 Master Complaint were not caused or contributed to in any way by HESI, its alleged servants, employees, agents, or anyone for whom HESI is legally responsible.

## THIRD AFFIRMATIVE DEFENSE

The incident and resulting alleged damages that are the subject of Plaintiffs' claims were caused in whole or in part by the sole or comparative fault, negligence, breach of contract, breach of warranty, statutory and/or regulatory violations, and other actions of other persons or entities for whom HESI is not legally responsible and over which HESI had no control.  Under any applicable law, recovery by any claimant for any damages proximately caused by any alleged conduct for which HESI may be held liable is to be reduced and/or allocated to reflect the contributory fault of others.

## FOURTH AFFIRMATIVE DEFENSE

The actions of others for whom HESI is not legally responsible and over which HESI had no control are the superseding, supervening, and/or intervening causes of Plaintiffs' alleged damages, and, therefore, Plaintiffs may not recover from HESI as a matter of law, and all such claims are barred in whole or in part by superseding and intervening causation.

## FIFTH AFFIRMATIVE DEFENSE

HESI did not owe any duty or warranty, either express or implied, to Plaintiffs and did not breach any such duty.

1757980 v4-24010/0002 PLEADINGS

## SIXTH AFFIRMATIVE DEFENSE

At all material times, HESI acted with due diligence and reasonable care and did not breach any duty owed to Plaintiffs.  HESI is not liable under maritime law or OPA.[4]

## SEVENTH AFFIRMATIVE DEFENSE

HESI pleads the negligence, superseding negligence and/or breach of duty of the Transocean Entities, and third parties, and the unseaworthiness of the *Deepwater Horizon* as the proximate cause of the blowout, explosions, fire and oil spill.

## EIGHTH AFFIRMATIVE DEFENSE

While denying that it is liable for any claim relating to oil spill recovery, HESI states that its potential liability with respect to such claims for oil spill recovery is limited by OPA.  33 U.S.C. § 2702(d)(2).  In addition, to the extent Plaintiffs and/or Claimants have not complied with OPA's mandatory presentment requirements, such claims are barred.

## NINTH AFFIRMATIVE DEFENSE

OPA displaces and/or preempts Plaintiffs' economic damage claims with respect to their oil spill damages or otherwise.  HESI is not a Responsible Party as that term is defined in OPA; OPA limits or eliminates Plaintiffs' alleged right to recover for certain economic loss claims; OPA does not provide for or allow the recovery of punitive or exemplary damages, and OPA does not provide for or allow the imposition of joint and several liability.

## TENTH AFFIRMATIVE DEFENSE

Although this Court has ruled that state law is inapplicable to the instant litigation, to the extent that any state's "mini-OPA" statutory scheme is found applicable, HESI's liability is

---

[4] It appears that Plaintiffs' B3 Master Complaint intends to segregate out OPA claims.  Nonetheless, due to continued references to OPA in the B3 Master Complaint and due to Plaintiffs' incorporation of Bundle B1 allegations into the B3 Master Complaint, HESI alleges its OPA defenses herein to the extent any OPA claim is asserted in the B3 Master Complaint.

limited thereby, and HESI asserts any and all defenses available to it under such mini-OPA statutory scheme.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead, and cannot satisfy, conditions precedent to recovery.

## TWELFTH AFFIRMATIVE DEFENSE

With respect to claims for purely economic losses and/or claims lacking a physical injury to a proprietary interest, recovery against HESI is barred in whole or in part pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303 (1927), and by the economic loss doctrine.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the damages sought are too speculative and/or remote, Plaintiffs may not recover on their claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

The injuries and resulting damages alleged to have been suffered by the Plaintiffs were not foreseeable as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not reasonably mitigated their damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any affirmative defenses pleaded by the other defendants and not pleaded by HESI are incorporated herein to the extent such defenses do not conflict with HESI's affirmative defenses.

## SEVENTEENTH AFFIRMATIVE DEFENSE

HESI asserts any other defenses which it may be entitled to under Fed. R. Civ. P. 8(c).

## EIGHTEENTH AFFIRMATIVE DEFENSE

By the terms of the Economic and Property Damages Settlement Agreement and the Medical Benefits Class Action Settlement Agreement, (collectively, the "Settlement

1757980 v4-24010/0002 PLEADINGS

Agreements"), between BP and the Plaintiffs, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages.  Having been fully compensated, settling Plaintiffs are estopped from seeking additional compensatory damages against HESI.

### NINETEENTH AFFIRMATIVE DEFENSE

By the terms of the Settlement Agreements, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages.  Having been fully compensated, settling Plaintiffs have waived any claim against HESI for additional compensatory damages.

### TWENTIETH AFFIRMATIVE DEFENSE

By the terms of the Settlement Agreements, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages.  Having been fully compensated, settling Plaintiffs have effectively released HESI from any claim for additional compensatory damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

By the terms of the Settlement Agreements, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages.  In the absence of any claim for compensatory damages, Plaintiffs have no basis for an award of punitive damages against HESI, and any such award would be improper.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

By the terms of the Settlement Agreements, BP purports to assign to settling Plaintiffs certain claims against HESI.  Any such assignment is void, unenforceable, and of no effect based upon the provisions of the contract between BP and HESI governing performance of work in the Gulf of Mexico, generally, and work performed on the Macondo well, specifically.

- 58 -

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent settling Plaintiffs purport to assert claims by way of assignment from BP, which purported assignment is invalid, HESI is entitled to indemnity from BP for any such claims.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent settling Plaintiffs purport to assert claims by way of assignment from BP, which purported assignment is invalid, BP has previously released those claims against HESI, thus negating any purported assignment of such claims.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

By the terms of the Settlement Agreements, BP purports to assign to settling Plaintiffs punitive and exemplary damages.  As a matter of law, any such assignment is void, unenforceable, and of no effect.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Settlement Agreements fail to fully release all non-settling Defendants, including HESI.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against HESI.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

No contribution claim can be maintained without strict compliance with the presentment requirement of the OPA.  Any waiver of such presentment by BP is voluntary and without the consent of HESI.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against HESI.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

No contribution claim can be maintained where BP waived proof of causation for individual claims underlying the contribution claim.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against HESI.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Settlement Agreements toll the statutes of limitation.  BP's voluntary agreement to toll the statute of limitations as to claims against BP will improperly increase the amount of contribution ultimately sought from HESI.  No contribution claim can be maintained for any portion of the claim that is attributable to BP's waiver of the statute of limitations.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against HESI.

## THIRTIETH AFFIRMATIVE DEFENSE

No contribution claim can be maintained for any amount resulting from BP's failure to mitigate damages.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against HESI.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

No contribution claim can be maintained for any amount above the appropriate cap under OPA.  Any waiver of such cap by BP is voluntary and without the consent of HESI.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against HESI.

1757980 v4-24010/0002 PLEADINGS

## THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent BP agrees by the terms of the Settlement Agreements to make any payment beyond its legal obligation, such payment is voluntary, and HESI is not liable to BP and/or the settling plaintiffs for contribution based on any such payment. Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against HESI.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

To the extent any payment made by BP pursuant to the terms of the Settlement Agreements is determined to be unreasonable, HESI is not liable to BP and/or settling Plaintiffs for contribution based on any such payment. Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against HESI.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

By the terms of the Settlement Agreements, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages. Further, HESI is entitled to indemnification from BP for compensatory damage claims, and settling Plaintiffs are precluded from collecting any compensatory damage claims against HESI in light of BP's indemnity obligations. As a result of these proposed settlement terms, settling Plaintiffs have no contribution claims against HESI. In addition, to the extent BP purports to assign to settling Plaintiffs any contribution claim for punitive damages paid by BP, such assignment is void.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

In the absence of a proper assignment, settling Plaintiffs lack standing to assert claims based upon a purported assignment from BP.

1757980 v4-24010/0002 PLEADINGS

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

The terms of the Settlement Agreements prevent the determination or calculation of actual compensatory damages paid to the settling Plaintiffs, individually or collectively.  Lack of a verifiable compensatory basis renders calculation of contribution claims and/or alleged exemplary and punitive damages impossible.  Accordingly, amounts paid pursuant to the Settlement Agreements cannot serve as the basis for any claims for contribution or exemplary and punitive damages against HESI.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Neither BP nor the settling Plaintiffs are entitled to contribution for any punitive damages paid by BP to settling Plaintiffs.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The Settlement Agreements will improperly align the interests of BP and the settling Plaintiffs in any subsequent trial on liability in this Court.  The Settlement Agreements will incentivize settling Plaintiffs to change their strategic posture to minimize any determination of BP's share of liability and argue for a greater share of liability by other Defendants, including HESI, and will prevent a true arms length adversarial trial.  Accordingly, the Settlement Agreements will encourage a determination of liability by the defending parties based upon a collusive alliance between BP and the settling Plaintiffs rather than the factual merits of the dispute.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The Settlement Agreements purport to assign certain claims from BP to the settling Plaintiffs as a class.  Because no class has been certified to pursue the claims against HESI, and because no class can be certified in a Limitation Action, settling Plaintiffs lack standing or any

other basis to collectively assert claims against HESI in any trial conducted in the Limitation Action.

## FORTIETH AFFIRMATIVE DEFENSE

While no award of punitive damages is proper against HESI, any such award must nonetheless satisfy all applicable standards for propriety and amount of the award.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Because HESI is not a party to the Settlement Agreements, the Settlement Agreements in no way affect HESI's procedural or substantive rights, and may not be used in any way to HESI's prejudice.

## FORTY-SECOND AFFIRMATIVE DEFENSE

HESI reserves the right to amend its answer and other affirmative defenses as discovery proceeds and as more specific allegations are asserted against it.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

HESI would assert any combination of the foregoing first through forty-third affirmative defenses.

## CROSS-CLAIMS

HESI incorporates by reference its Original Cross-Claims, filed in MDL 2179 and applicable to No. 10-2771 (Dkt. No. 2086); HESI's First Amended Cross-Claims filed in No. 10-2771 (Dkt. No. 445) and applicable to all cases in MDL 2179; and HESI's Answer to Petitioner's Complaint and Petition for Exoneration from or Limitation of Liability and Original Claim in

Limitation (Cross Claim) Against Petitioners, filed in No. 10-2771 and applicable to all cases in MDL 2179 (Dkt. No. 422).[5]

### JURY DEMAND

Defendant Halliburton Energy Services, Inc., respectfully demands trial by jury of all issues triable of right by a jury in this case pursuant to Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE PREMISES CONSIDERED, Halliburton Energy Services, Inc. prays that its Answer to Plaintiff First Amended Master Complaint In Accordance With PTO No. 11 [CMO No. 1] Section III.B(3) ["B3 Bundle"] be deemed good and sufficient; that after due proceedings, there be judgment denying Plaintiffs' claims, with all costs to be borne by Plaintiffs; and for such other relief to which HESI may show itself to be justly entitled.

Dated:  November 16, 2012.

---

[5] HESI acknowledges the Court's prior rulings and orders addressing claims and cross-claims in this proceeding, and by its incorporation of its previously filed cross-claims, does not intend to assert any new claims requiring responses by any parties.  Rather, HESI incorporates these claims in this Answer solely to preserve their original assertion.

1757980 v4-24010/0002 PLEADINGS

Respectfully submitted,

**GODWIN RONQUILLO PC**

**By:**  /s/  *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
FHartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No.  00796756
GHill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No.  20618150
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No.  24032277
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  713.595.8300
Facsimile:  713.425.7594

**ATTORNEYS FOR DEFENDANT
HALLIBURTON ENERGY SERVICES,
INC.**

- 65 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Answer to the First Amended Master Complaint In Accordance with PTO No. 11 [CMO No. 1] Section III.B(3) ["B3 Bundle"] has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 16th day of November, 2012.

/s/ Donald E. Godwin
Donald E. Godwin