# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL-2179 |
| "DEEPWATER HORIZON" | § | |
| in the GULF OF MEXICO, on | § | |
| APRIL 20, 2010 | § | SECTION "J" |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STATE OF LOUISIANA'S MEMORANDUM IN SUPPORT OF ITS OBJECTIONS TO AND APPEAL FROM MAGISTRATE JUDGE'S ORDER DENYING LOUISIANA'S REQUEST FOR DISCOVERY AND A TRIAL SETTING [REC. DOC. 7835]

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who respectfully requests that this Court reverse the Magistrate Judge's Order denying Louisiana's Motion requesting discovery and a trial setting on its 2010 economic loss claims under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 *et seq.* [Rec. Doc. 7835].[1]   The State's recent request for discovery and trial setting that was the subject of the Magistrate's ruling followed a number of requests and briefing by the State of Louisiana to this Court regarding the substantial financial losses incurred in 2010 alone by the State and BP's continued refusal to reimburse the State for these losses after presentment.   Under the current case management structure, the State is left with no legal recourse to remedy this recalcitrance and

---

[1] The State reserves all objections raised in its prior filings, including whether the Magistrate Judge lacked authority to render a decision on the State's Motion.

thus continues to suffer from the lack of funds which would, absent the *Deepwater Horizon* oil spill, otherwise be available to the State.[2]

The Magistrate's Order was clearly erroneous and contrary to law.[3]  In her Order, the Magistrate ruled, in part, that the Court simply does not have time to deal with the State's claims, because the Court is instead focusing on Transocean's Limitation proceedings and the settlement of a portion of private-plaintiff claims through a massive class action settlement. [Rec. Doc. 7835, at 4].[4]  While the Magistrate's statement of the Court's burden is not exaggerated, it is no reason to relegate the State's significant claims to the backburner.

The State has not asked for special treatment; rather, it has requested prompt adjudication of its properly presented and substantial OPA claims (upon which BP has refused to act) in the manner directed by Congress.  Indeed, as the State has described to the Court in previous filings, the financial burdens created and exacerbated by the *Deepwater Horizon* oil spill are substantial and are exactly the types of losses OPA was expressly designed to remedy so that governments would not suffer the economic consequences resulting from disasters, such as those which Louisiana has and continues to face.  The State has sought nothing more than a timely opportunity to recover some of Louisiana's substantial economic losses; losses that have in fact occurred, have been presented to an admitted Responsible Party and have been ignored. Allowing BP to further harm the State's financial condition by placing these claims on indefinite

---

[2] The State's claims include those for lost income, such as sales tax and other revenues, which would have, but for the *Deepwater Horizon* oil spill, flowed into the Treasury of the State of Louisiana to be used for State programs, projects and other obligations.  These funds are desperately needed at this time to help avert further budget cuts and adverse effects resulting from deficiencies created by the spill.  OPA's provisions provide for the recovery of the types losses at issue in order to make the State whole and attempt to return it to the financial position it was in prior to the *Deepwater Horizon* disaster.

[3] A district court may set aside an order of a magistrate judge that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

[4] The Magistrate Judge's Order also addresses the issue of whether Louisiana's recovery is subject to a "net loss" determination.  Because the Magistrate denied Louisiana's request for discovery and a trial date, any such statements should be treated as *dicta*.  The State will engage in resolving this issue when and if it reaches a stage in the proceedings where the issue can be fully briefed.

hold is contrary to the policies underlying the passage of OPA and rewards an already recalcitrant Defendant.

By allowing the State to finally litigate a portion of its claims for economic losses resulting from the 2010 *Deepwater Horizon* oil spill, this Court would achieve the congressional purpose of OPA and help to cure the injustices the State continues to endure by the Responsible Party's repeated failure to pay, even in part, the State's interim economic loss claim that was presented more than eight months ago.

## I.    Background

On October 24, 2012, the State filed a Motion requesting discovery and a trial setting on certain of its claims for 2010 economic losses.  [Rec. Doc. 7744].  The Court referred this motion to Magistrate Judge Shushan, and on November 2, 2012, the Magistrate Judge denied the Motion without full briefing by the parties.  [Rec. Doc. 7835].  The State now objects to the Magistrate's Order pursuant to Rule 72 of the Federal Rules of Civil Procedure and requests that this Court reverse the Magistrate's decision.

## II.   Argument

### a.  Louisiana's Claims for 2010 Economic Losses are Ripe for Judicial Review.

Under OPA, a claimant must first present a claim for damages to a Responsible Party.  33 U.S.C.  §2713(a).  If the Responsible Party fails to settle the presented claim within ninety days, a claimant may commence an action against the Responsible Party.  *Id.* §2713(c).  OPA's claims procedure advances Congress' goal to provide for the quick recovery of losses following an oil spill.  This underlying goal, is reflected in the creation of the National Pollution Fund Center, which Congress developed as another means for oil spill victims to receive prompt compensation:

> The Fund is to provide compensation for damage claims fully and promptly. While the Fund must require some evidence of loss and the establishment of a causal connection with oil pollution, it should not routinely contest or delay the settlement of damage claims. . . .    [L]itigation or lengthy adjudicatory proceedings over liability, defenses, or the propriety of claims should be reserved for subrogation actions against dischargers.

S. REP. 101-94 at 10, *as reported in* 1990 U.S.C.C.A.N. 722, 732.  Further, OPA specifically provides for the State's recovery of interim, incurred damages. *Id.* §2705(a).

The Magistrate Judge's Order states that Louisiana's claim for 2010 economic damages is "claims splitting," presumably based on BP's erroneous argument on the merits of the case that "because OPA damages are limited to the net loss of taxes, Louisiana cannot limit its claim to 2010 and not consider revenue gains in 2011, 2012 and beyond that result from increased tax revenue generated by BP's payments made through the Gulf Coast Claims Facility and the Court-supervised MDL settlement."[5]  Beside the fact that the Magistrate lacked authority to rule on the merits of the State's claim in this context, that position flies in the face of OPA's clear intent to allow interim claims.

The State of Louisiana formally presented certain of its OPA claims for 2010 economic losses to BP on February 24, 2012.  More than ninety days have passed since that presentment and BP has not yet settled the State's claims. Therefore, the State is entitled to commence an action against BP to recover these damages, which it has done.  Pursuant to the Court's blanket stay contained in Pretrial Order 15, Louisiana may not proceed, which is why the State asked this Court in April of 2012, to allow it to advance this claim.  Delaying the State's opportunity to recover current losses is contrary to the Congressional intent expressed in OPA to allow the swift recovery of interim claims as they occur.

---

[5] [Rec. Doc. 7835, at 1].  As previously noted, BP has taken the position that it will not pay future claims.  *See* Louisiana's Memorandum in Support of Motion Requesting Discovery and Trial Setting (10/24/12) [Rec. Doc. 7744-1, at 3 n.4].

Throughout these proceedings, the Court's top priority has been the resolution of issues related to Transocean's Limitation of Liability and allocation of fault. BP's strict liability for the losses, economic and otherwise, suffered by the State was resolved when BP stipulated that it is a Responsible Party under OPA and BP waived statutory limits to liability.[6]   The State's claims are ready to proceed to trial to determine simply how much BP owes. This quantification of damages issue can be quickly resolved before the Court or another judge of the Eastern District without expending extensive resources.

> **b. Without Considering Alternatives to the Current Case Management Plan, the Magistrate Judge Concluded that the Court Could Not Manage an Additional Trial on its Docket.**

Louisiana recognizes the enormity of this MDL and the difficulty of the task before the Court. However, the State's proposed plan for discovery and trial is workable and does not have to frustrate the preparation or trial of Phase One and Phase Two. As explained above, a trial on the State's economic loss claims would not involve onerous proceedings, because BP has already stipulated to liability. Further, the majority of the documentation related to the State's claims is either publicly available or was previously provided to BP at the time of presentment, so intensive discovery is not required.

There are also alternative solutions to the problem of addressing the State's claims which were not considered. "In unusual situations, the demands of complex litigation may be great enough to justify relieving the assigned judge from some or all other case assignments for a period of time or giving the judge assistance on aspects of the litigation from other judges." MANUAL FOR COMPLEX LITIGATION (Fourth) §10.12 (2005). "[I]n the course of consolidated or coordinated pretrial proceedings, severable claims or cases may appear that could be assigned to

---

[6] Ex Parte Agreed Motion Re: Applicability of Limit of Liability Under Oil Pollution Act of 1990 to BP Exploration and Production, Inc. (And its Affiliates) (12/23/10) [Rec. Doc. 922].

5

other judges." *Id.* §10.122.  Louisiana's economic loss claim should be tried promptly in the Eastern District.

The State's initial complaint in this matter was originally filed in the Eastern District and transferred to this Court as a related case, as opposed to a case being transferred from another district court by the Judicial Panel on Multidistrict Litigation.    *See* 9/15/10 Order in #10-cv-3059 (transferring to Judge Carl Barbier) re: *State of Louisiana vs. Triton Asset Leasing GmBH, Transocean Holding LLC, Transocean Offshore Deepwater Drilling Inc., and Transocean Deepwater Inc.*  Thus, under the Local Rules, this Court or the Chief Judge could reassign the State's economic loss claims for trial before another Section of the Eastern District.[7]  Such assignment would relieve certain of the pressures felt by this Court and also allow the State to proceed with this extremely important claim.  Additionally, this Court has previously used the help of other magistrate judges to resolve discrete issues in this MDL;[8] at the very least, this Court could appoint another magistrate judge to handle discovery issues in the State's case in order to have the case ready for trial and another district judge for trial. Such an assignment would relieve some of the pressures suffered by this Court.  The issues raised in the State's case against BP do not duplicate or overlap with any issues being tried in the Limitation action.[9]  The discovery related to the State's claims will be available, if relevant, to future phases in this MDL.

---

[7] E.D.La. R. 3.1.1 (2011).  *See also* MANUAL FOR COMPLEX LITIGATION (Fourth) §10.123 ("All pending related cases or cases that may later be filed in the same court, whether or not in the same division, should be assigned at least initially to the same judge."); *id.*  ("Other factors, however, may suggest that the cases be handled by different judges.").

[8] For example, this Court reassigned and referred Case No. 12-814, which was consolidated in this MDL and originally assigned to Magistrate Judge Shushan, to Magistrate Judge Wilkinson for purposes of pretrial case management.  [Rec. Doc. 6203].

[9] Louisiana has asserted that a trial on the State's economic losses could serve as a useful test case for various OPA-related issues; however, none of the OPA-related issues to be decided in such a test case are before the Court in the Limitation action.  Indeed, as BP has pointed out, "Judge Barbier's schedule requires that the Limitation Action trial and other major issues of fault and liability be decided before the amount of damages." Letter from Andrew Langan, Counsel for BP, to Magistrate Judge Sally Shushan (Oct. 26, 2012) [Rec. Doc. 7762, at 3].  For purposes of OPA economic loss claims, liability has already been decided: BP is both strictly liable under OPA and has stipulated to liability.

**c.  The Court's Decision Denies Louisiana the Right to Promptly Proceed with its Presented Claims.**

Denying the State an opportunity to timely advance its claims for these substantial economic loss denies the State of its right to prepare its own case and advance its own claims, a right that both this Court and the Fifth Circuit Court of Appeals have recognized.  *See* Hearing Tr., 11:18-12:6 (1/28/11) [Rec. Doc. 1101] ("Each state that files a claim in this litigation has a right to its own representation and to advance its own claims."); *In re State of Louisiana*, 5th Cir., No. 11-30178 (Apr. 11, 2011).  The matter of a firm trial date is crucial to Louisiana and has been raised repeatedly by the State.[10]  Without a timely and firm trial date on these economic claims, the State continues to suffer a significant detriment.

BP has effectively leveraged its private class action settlements into a second general stay of all other proceedings.  As a result of BP's settlement with the PSC, the Phase One ("Incident") liability trial was delayed for over one year, thereby delaying all subsequent proceedings by at year as well.   The only way to alter this dynamic is to provide the State of Louisiana with the opportunity to timely proceed with its claims, including granting the State discovery, as well as an early trial date, with respect to some of its claims for interim economic losses.   Continued delays with no legal alternatives only serve to benefit BP at the State's expense.

Contrary to BP's statement that "[w]hat Louisiana seeks is to cut to the front of the line, ahead of the many individuals, private businesses, and other government entities that also want their claims resolved promptly,"[11] Louisiana does not seek preferential treatment.  Rather, Louisiana seeks to be placed on equal footing to the other parties in this litigation.  The focus of the Court and the parties over the past two years has been Transocean's Limitation proceedings

---

[10] Rec. Docs. 248, 2669, 7371, 7744.
[11] Letter from Andrew Langan, Counsel for BP, to Magistrate Judge Sally Shushan (Oct. 26, 2012) [Rec. Doc. 7762, at 3].

and private party claims.  Unnecessary delay of all claims is contrary to the interests of justice; thus, the Court should make every effort to advance claims that are ripe for litigation and will not impose an undue burden on the Limitation action.

While BP initially honored its obligations to pay interim claims to the State as they were incurred, BP has now completely stopped paying claims for economic losses, although it acknowledges that the State has such damages that have yet to be resolved.   BP's refusal to pay legitimate claims is derived from knowing that it has not yet been held accountable for the extensive damages caused to the States, and, pursuant to the Court's case management plan, will not have to for years to come.  To end BP's resistance and move the parties closer to a resolution of the State's claims, this Court should "facilitate negotiations by removing obstacles to compromise and . . . help overcome the intransigence or militance of clients."  MANUAL FOR COMPLEX LITIGATION (Fourth) §13.11.  Helpful measures to encourage settlement include "targeted discovery at information needed for settlement, and promptly decided motions whose resolution will lay the groundwork for settlement."  *Id.* §13.12; *see also id.* ("[P]arties may be unwilling or unable to settle until they have conducted some discovery. . . . A better approach may be to target early discovery at information needed for settlement negotiations.").  The Magistrate Judge's ruling that the State may not litigate its interim claims until it finishes suffering (which for Louisiana could be decades) is contrary to the interests of justice as well as the intent of OPA.

## III.    CONCLUSION

For the foregoing reasons, the State respectfully requests that this Court reverse the decision of the Magistrate Judge and grant Louisiana discovery and a trial setting on the State's claims for 2010 economic losses under OPA.

Alternatively, should the Court find that the State's request stretches limited judicial resources, the State asks the Court to request that the Chief Judge appoint another judge to handle the State's economic loss claims under OPA, or at the very least, appoint another magistrate judge to handle the discovery issues related to such claims.

Dated this 16th day of November, 2012.

Respectfully submitted,

| | |
|---|---|
| JAMES D. "BUDDY" CALDWELL<br>LOUISIANA ATTORNEY GENERAL | KANNER & WHITELEY, LLC |
| | /s/ Allan Kanner |
| James Trey Phillips | Allan Kanner |
| First Assistant Attorney General | Elizabeth B. Petersen |
| Megan K. Terrell | David A. Pote |
| Assistant Attorney General | Douglas R. Kraus |
| Section Chief –Environmental | Allison M. Shipp |
| State of Louisiana | 701 Camp Street |
| P.O. Box 94005 | New Orleans, LA 70130 |
| Baton Rouge, LA 70804-9005 | Telephone: (504) 524-5777 |
| Telephone: (225) 326-6708 | **Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |
| HENRY DART,<br>ATTORNEYS AT LAW P.C. | USRY, WEEKS, &<br>MATTHEWS, APLC |
| /s/ Henry T. Dart | /s/ T. Allen Usry |
| Henry T. Dart | T. Allen Usry |
| Grady J. Flattmann | 1615 Poydras St. |
| 510 N. Jefferson St. | Suite 12 |
| Covington, LA 70433 | New Orleans, LA 70112 |
| Telephone: (985) 809-8093 | Telephone: (504) 592-4641 |
| **Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** | **Special Counsel for Plaintiff**<br>**Attorney General, State of Louisiana** |

SHOWS, CALI, BERTHELOT &
WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

MARTEN LAW, PLLC

/s/ Bradley M. Marten
Bradley M. Marten
Linda R. Larson
1191 Second Avenue
Suite 2200
Seattle, WA 98101
(206) 292-2600
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Memorandum in Support of State of Louisiana's Memorandum in Support of Objections to and Appeal from Magistrate Judge's Order Denying Louisiana's Request for Discovery and a Trial Setting [Rec. Doc. 7835] has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 16th  day of November,  2012.

Kanner & Whiteley, L.L.C.


 _/s/ Allan Kanner_____
 Allan Kanner
 a.kanner@kanner-law.com