## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the Oil Rig | * | MDL NO. 2179 |
| "DEEPWATER HORIZON: in the | * | |
| GULF OF MEXICO, on April 20, 2010 | * | |
| | * | SECTION: "J" |
| | * | |
| | * | JUDGE BARBIER |
| | * | |
| THIS DOCUMENT RELATES TO: | * | |
| Civil Action No. 10-2771 | * | MAG. JUDGE SHUSHAN |

*******************************************

### ANSWER TO FIRST AMENDED MASTER COMPLAINT IN ACCORDANCE
### WITH PTO NO. 11 [CASE MANAGEMENT ORDER NO. 1]
### SECTION III.B(3) ["B3 BUNDLE"]

Defendants Transocean Offshore Deepwater Drilling, Inc. ;("TODDI"), Transocean Deepwater Inc. ("TDI"), Transocean Holdings, LLC ("TH") and Triton Asset Leasing GmbH ("Triton") (collectively the "Transocean Defendants")[1] respond to Plaintiffs' First Amended Master Complaint ("Complaint") for post-incident personal injuries, medical monitoring, and/or property damage resulting from clean-up efforts, upon information and belief as follows.[2]

For each and every allegation of the Complaint, the Transocean Defendants respond as follows. When a paragraph in the Complaint contains multiple subparts; the response of the Transocean Defendants to the paragraph applies to all subparts unless otherwise expressly stated.

---

[1]  Transocean Ltd. has filed a motion challenging personal jurisdiction and, therefore, is not answering this Complaint.

[2]  The Transocean Defendants have filed a Petition for Exoneration From or Limitation of Liability in the proceeding *In Re The Complaint and Petition of Triton Asset Leasing GmbH, et al,* Case No. 4:10-cv-01721, in the United States District Court for the Southern District of Texas (which was transferred and consolidated with MDL No. 2179 in the United States District Court for the Eastern District of Louisiana), under the Shipowners' Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* On June 14, 2010, United States District Judge Keith P. Ellison entered his Second Amended Order, directing Claimants to file and make proof of claims, directing the issuance of monition, and restraining prosecution of claims in any jurisdiction against Petitioners other than the limitation action. Transocean Defendants hereby serve notice upon the B3 Bundle Plaintiffs that the filing of the First Amended Master Complaint ["B3 Bundle"] against the Transocean Defendants violates the terms of Judge Ellison's Injunction/Restraining Order, and all such claims against the Transocean Defendants filed outside of the limitation action are enjoined, stayed, and restrained until the hearing and termination of the limitation proceedings.

## ANSWER

The Introduction section of Plaintiffs' Complaint includes four (4) unnumbered paragraphs.  With respect to the first unnumbered Introduction paragraph, the Transocean Defendants admit that on April 20, 2010, an explosion occurred on board the *Deepwater Horizon* in the Gulf of Mexico, and that, subsequent to the explosion, oil leaked from the Macondo well. To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in this paragraph are true and, therefore, deny all aspects and implications of the allegations in this paragraph.

With respect to the second unnumbered Introduction paragraph and footnote 1 within that paragraph, the Transocean Defendants deny that Plaintiffs are entitled to recover damages from the Transocean Defendants for personal injuries, medical monitoring, or other injuries resulting from clean-up efforts after the explosion at issue.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in this paragraph are true and, therefore, deny all aspects and implications of the allegations in this paragraph.  The paragraph also contains statements of law, which do not require a response by the Transocean Defendants; this paragraph is denied.

Regarding the third unnumbered Introduction paragraph, the allegations set forth therein contain statements of law and do not require a response by the Transocean Defendants; this paragraph is denied.

Regarding the fourth unnumbered Introduction paragraph, the Transocean Defendants deny that the Plaintiffs are entitled to recover from the Transocean Defendants actual, compensatory, and/or punitive damages.  The remaining allegations set forth in the fourth

unnumbered Introduction paragraph contain a statement of law and do not require a response by the Transocean Defendants; this paragraph is denied.

1.     The Transocean Defendants admit that on April 20, 2010 an explosion and fire occurred aboard the *Deepwater Horizon* while located in the Gulf of Mexico, and that the *Deepwater Horizon* subsequently sank on April 22, 2010.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 1 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 1.

2.     The Transocean Defendants admit that oil leaked from the subject well.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 2 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 2.

3.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 3 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 3.

4.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 4 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 4.

5.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 5 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 5.

6.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 6 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 6.

7.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 7 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 7.

8.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 8 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 8.

9.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 9 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 9.

10.     Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 10 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 10.

11.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 11 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 11.

12.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 12 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 12.

13.     The allegation set forth in Paragraph 13 contains a statement of law and does not require a response by the Transocean Defendants; this paragraph is denied.

14. The allegation set forth in Paragraph 14 contains a statement of law and does not require a response by the Transocean Defendants; this paragraph is denied.

15. The allegation set forth in Paragraph 15 contains a statement of law and does not require a response by the Transocean Defendants; this paragraph is denied.

16. Denied as to the Transocean Defendants. With regard to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 16 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 16. The remaining allegations set forth in Paragraph 16 contain statements of law and do not require a response by the Transocean Defendants; this paragraph is denied.

17. The allegations set forth in Paragraph 17 do not require a response by the Transocean Defendants; this paragraph is denied.

18. Paragraph 18 is a statement that Plaintiffs incorporate each and every factual allegation contained within the Amended B1 Master Complaint in accordance with Paragraph 18 of PTO No. 25. With respect to these allegations, the Transocean Defendants have responded to each of the factual allegations pleaded in the Amended Master Complaint for the B1 Pleading Bundle and incorporate those responses as necessary and, accordingly, no further response is required to the allegations contained in Paragraph 18.

19. Denied as to the Transocean Defendants. With regard to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 19 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 19. The remaining allegations set

forth in Paragraph 19 contain statements of law and do not require a response by the Transocean Defendants; this paragraph is denied.

20.     The allegation set forth in Paragraph 20 contains a statement of law and does not require a response by the Transocean Defendants; this paragraph is denied.

21.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 21 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 21 (and its subparts).

22.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 22 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 22.

23.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 23 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 23.

24.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 24 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 24.

25.     The Transocean Defendants admit that the U.S. Coast Guard named BP and others as responsible parties ("RP") under the Oil Pollution Act ("OPA").  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 25 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 25.

26.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 26 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 26.

27.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 27 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 27.

28.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 28 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 28.

29.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 29 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 29.

30.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 30 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 30.

31.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 31 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 31.

32.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 32 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 32.

33.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 33 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 33.

34.     The allegations set forth in Paragraph 34 contain a statement of law and do not require a response by the Transocean Defendants; this paragraph is denied.

35.     Admitted as to the Transocean Defendants.

36.     Transocean Ltd. has filed a motion challenging personal jurisdiction and, therefore, is not answering this Complaint.

37.     The Transocean Defendants admit that TODDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are the managing owners, *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, the allegations in this paragraph are denied.

38.     The Transocean Defendants admit that TDI is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  To the extent not expressly admitted, the allegations in this paragraph are denied.

39.     The Transocean Defendants admit that TH is a Delaware corporation with its principal place of business in Houston, Texas.  The Transocean Defendants admit that one or more of them are the managing owners, owners *pro hac vice*, and/or operators of the *Deepwater Horizon*.  The Transocean Defendants further admit that on April 28, 2010, the U.S. Coast Guard named TH as a Responsible Party ("RP") under the Oil Pollution Act ("OPA") for the release of diesel fuel emanating from the *Deepwater Horizon* on the surface of the water (not for discharges from the well).  TH is a wholly owned subsidiary of TODDI, and was a party to the

drilling contract.  To the extent not expressly admitted, the allegations in this paragraph are denied.

40.     The Transocean Defendants admit that Triton is a Swiss corporation with its principal place of business in Zug, Switzerland.  The Transocean Defendants admit that one or more of the Transocean Defendants is the managing owner, owners *pro hac vice*, and/or operator of the *Deepwater Horizon*.   To the extent not expressly admitted, the allegations in this paragraph are denied.

41.     The Transocean Defendants admit that one or more of them provided the *Deepwater Horizon* and, along with other entities and/or defendants, personnel for the rig pursuant to a drilling contract with BP.  The Transocean Defendants admit that one or more of them provided drilling services at the direction of and subject to inspection and approval of BP. To the extent not expressly admitted, all aspects and implications of the allegations in Paragraph 53 are denied.

42.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 42 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 42.

43.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 43 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 43.

44.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 44 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 44.

45.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 45 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 45.

46.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 46 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 46.

47.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 47 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 47.

48.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 48 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 48.

49.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 49 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 49.

50.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 50 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 50.

51.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 51 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 51.

52.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 52 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 52.

53.      The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 53 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 53.

54.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 54 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 54.

55.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 55 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 55.

56.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 56 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 56.

57.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 57 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 57.  The paragraph also contains a statement of law, which does not require a response by the Transocean Defendants; this paragraph is denied.

58.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 58 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 58.  Additionally, the allegations set

forth in Paragraph 58 contain a statement of law, which does not require a response by the Transocean Defendants; this paragraph is denied.

59.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 59 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 59.  Additionally, the allegations set forth in Paragraph 59 contain a statement of law, which does not require a response by the Transocean Defendants; this paragraph is denied.

60.     Denied as to the Transocean Defendants.   With regard to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 60 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 60.  Additionally, the allegations set forth in Paragraph 60 contain a statement of law, which does not require a response by the Transocean Defendants; this paragraph is denied.

61.     Denied as to the Transocean Defendants.   With regard to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 61 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 61.  Additionally, the allegations set forth in Paragraph 61 contain a statement of law, which does not require a response by the Transocean Defendants; this paragraph is denied.

62.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 62 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 62.

63.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 63 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 63.

64.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 64 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 64.

65.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 65 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 65.

66.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 66 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 66.

67.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 67 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 67.

68.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 68 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 68.

69.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 69 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 69.

70.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 70 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 70.

71.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 71 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 71.

72.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 72 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 72.

73.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 73 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 73.

74.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 74 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 74.

75.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 75 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 75.

76.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 76 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 76.

77.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 77 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 77.

78.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 78 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 78.

79.     Denied as to the Transocean Defendants.   With regard to the remaining defendants and assertions, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 79 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 79.  Additionally, the allegations set forth in Paragraph 79 contain a statement of law, which does not require a response by the Transocean Defendants; this paragraph is denied.

80.     The Transocean Defendants admit that jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."  To the extent not expressly admitted, the allegations in this paragraph are denied.

81.     The Transocean Defendants admit that the cited statute can give rise to federal jurisdiction.  To the extent not expressly admitted, all aspects and implications of the allegations in this paragraph are denied.

82.     The Transocean Defendants admit that the cited statute can give rise to federal jurisdiction.  To the extent not expressly admitted, all aspects and implications of the allegations in this paragraph are denied.

83.     The Transocean Defendants admit that the cited statute can give rise to federal jurisdiction.  To the extent not expressly admitted, all aspects and implications of the allegations in this paragraph are denied.

84.     Admitted as to the Transocean Defendants.

85.     The assertions contained in Paragraph 85 contain statements of law, which do not require a response from the Transocean Defendants, but out of an abundance of caution are denied.  The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 85 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 85.

86.     The Transocean Defendants admit that the *Deepwater Horizon* was a dynamically-positioned semi-submersible MODU that was put into service in 2001.  The Transocean Defendants further admit that an amendment to the drilling contract was intended to extend the duration of the charter through September 2013.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 86 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 86.

87.     The Transocean Defendants admit that the Macondo well is located in Mississippi Canyon Block 252 on the Outer Continental Shelf ("OCS") off the coast of Louisiana.  The Transocean Defendants also admit that BP chartered the *Deepwater Horizon*.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the remaining assertions set forth in Paragraph 87 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 87.

88.     The Transocean Defendants admit that on April 20, 3010, the Macondo well blew out and an explosion and fire occurred on the *Deepwater Horizon*.  Paragraph 88 also references the Amended Master Complaint for Pleading Bundle B1.  The Transocean Defendants have responded to each of the factual allegations pleaded in the Amended Master Complaint for the B1 Pleading Bundle and incorporate those responses as necessary and, accordingly, no further response is required to the allegations contained in Paragraph 88.  To the extent not expressly admitted, the allegations in this paragraph are denied.

89.     The Transocean Defendants admit that on April 20, 2010, eleven vessel workers lost their lives.  The Transocean Defendants further admit that on or about April 22, 2010, the *Deepwater Horizon* sank.  To the extent no expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 89 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 89.

90.     The Transocean Defendants admit that the *Deepwater Horizon* sank on or about April 22, 2010.  The Transocean Defendants deny all other aspects and implications of the allegations in Paragraph 90.

91.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 91 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 91.

92.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 92 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 92.

93.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 93 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 93.

94.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 94 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 94.

95.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 95 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 95.

96.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 96 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 96.

97.    The Transocean Defendants admit that oil leaked from the Macondo well into the Gulf of Mexico.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 97 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 97.

98.    The Transocean Defendants admit that flow from the well stopped on or about July 15, 2010.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 98 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 98.

99.     The allegation set forth in Paragraph 99 contains a statement of law and does not require a response by the Transocean Defendants, but out of an abundance of caution this paragraph is denied.

100.    The allegations set forth in Paragraph 100 do not require a response from the Transocean Defendants; this paragraph is denied.

101.    The Transocean Defendants admit that the U.S. Coast Guard named TH as an RP under the OPA for the release of diesel fuel emanating from the *Deepwater Horizon* on the surface of the water.  The Transocean Defendants deny that they are RPs under the OPA for any underwater discharges of oil from the Macondo well.  The Transocean Defendants also admit that BP Exploration & Production, Inc. and others were designated as RPs for the discharges from the well.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 101 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 101.

102.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 102 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 102.

103.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 103 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 103.

104.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 104 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 104.

105.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 105 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 105.

106.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 106 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 106.

107.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 107 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 107.

108.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 108 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 108.

109.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 109 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 109.

110.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 110 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 110.

111.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 111 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 111.

112.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 112 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 112.

113.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 113 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 113.

114.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 114 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 114.

115.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 115 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 115.

116.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 116 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 116.

117.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 117 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 117.

118.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 118 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 118.

119.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 119 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 119.

120.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 120 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 120.

121.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 121 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 121.

122.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 122 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 122.

123.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 123 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 123.

124.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 124 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 124.

125.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 125 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 125.

126.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 126 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 126.

127.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 127 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 127.

128.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 128 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 128.

129.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 129 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 129.

130.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 130 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 130.

131.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 131 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 131.

132.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 132 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 132.

133.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 133 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 133.

134.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 134 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 134.

135.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 135 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 135.

136.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 136 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 136.

137.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 137 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 137.

138.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 138 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 138.

139.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 139 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 139.

140.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 140 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 140.

141.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 141 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 141.

142.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 142 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 142.

143.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 143 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 143.

144.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 144 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 144.

145.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 145 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 145.

146.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 146 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 146.

147.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 147 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 147.

148.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 148 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 148.

149.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 149 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 149.

150.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 150 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 150.

151.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 151 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 151.

152.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 152 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 152.

153.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 153 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 153.

154.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 154 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 154.

155.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 155 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 155.

156.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 156 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 156.

157.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 157 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 157.

158.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 158 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 158.

159.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 159 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 159.

160.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 160 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 160.

161.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 161 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 161.

162.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 162 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 162.

163.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 163 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 163.

164.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 164 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 164.

165.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 165 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 165.

166.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 166 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 166.

167.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 167 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 167.

168.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 168 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 168.

169.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 169 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 169.

170.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 170 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 170.

171.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 171 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 171.

172.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 172 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 172.

173.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 173 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 173.

174.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 174 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 174.

175.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 175 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 175.

176.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 176 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 176.

177.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 177 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 177.

178.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 178 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 178.

179.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 179 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 179.

180.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 180 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 180.

181.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 181.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 181 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 181.

182.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 182.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 182 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 182.

183.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 183.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 183 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 183.

184.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 184.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 184 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 184.

185.    The Transocean Defendants deny all aspects and implication of the allegations in Paragraph 185.  As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 185 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 185.

186.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 186 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 186.

187.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 187 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 187.

188.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 188 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 188.

189.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 189 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 189.

190.     The Transocean Defendants deny all aspects and implication of the allegations in Paragraph 190 (and its subparts).   As to the remaining allegations and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 190 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 190 (and its subparts).

191.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 191 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 191.

192.     The Transocean Defendants deny all aspects and implication of the allegations in Paragraph 192 (and its subparts).   As to the remaining allegations and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 192 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 192 (and its subparts).

193.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 193 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 193.

194.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 194 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 194.

195.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 195 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 195.

196.     The Transocean Defendants deny all aspects and implication of the allegations in Paragraph 196.  As to the remaining allegations and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 196 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 196.

197.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 197 and footnote 2 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 197.

198.     The Transocean Defendants admit only that Plaintiffs seek certification of a class action.  To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 198 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 198.

199.     The Transocean Defendants admit only that Plaintiffs seek certification of a class and three subclasses.  To the extent not expressly admitted, the Transocean Defendants are

without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 199 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 199.

200.    The Transocean Defendants admit only that Plaintiffs seek certification of a class and three subclasses.   To the extent not expressly admitted, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 200 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 200 (and its subparts).

201.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 201 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 201.

202.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 202 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 202.

203.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 203 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 203.

204.    The Transocean Defendants deny misconduct.   With regard to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 204 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 204.

205.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 205 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 205.

206.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 206 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 206.

207.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 207 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 207.

208.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 208 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 208 (and its subparts.

209.    The Transocean Defendants deny unlawful and wrongful conduct.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 209 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 209.

210.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 210 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 210.

211.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 211 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 211.

212.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 212 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 212.

213.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 213 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 213.

214.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 214 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 214.

215.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 215 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 215.

216.    Paragraph 216 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.  The Transocean Defendants have responded to each of the proceeding paragraphs and incorporate those responses as necessary and, accordingly, no further response is required to the allegations contained in Paragraph 216. Paragraph 216 is also a statement that Plaintiffs reallege each and every factual allegation contained within the Amended B1 Master Complaint in accordance with Paragraph 18 of PTO No. 25.  With respect to these allegations, the Transocean Defendants have responded to each of the factual allegations pleaded in the Amended Master Complaint for the B1 Pleading Bundle and incorporate those responses as necessary and, accordingly, no further response is required to the allegations contained in Paragraph 216.

217.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 217.  As to the remaining allegations and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 217 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 217.

218.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 218.  As to the remaining allegations and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 218 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 218.

219.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 219 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 219.

220.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 220 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 220.

221.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 221 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 221.

222.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 222.  As to the remaining allegations and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set

forth in Paragraph 222 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 222.

223.     Paragraph 223 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly no further response is required to the allegations contained in Paragraph 223.

224.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 224 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 224.

225.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 225 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 225.

226.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 226 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 226.

227.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 227 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 227.

228.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 228 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 228.

229.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 229 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 229.

230.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 230 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 230.

231.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 231 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 231.

232.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 232 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 232.

233.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 233 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 233.

234.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 234 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 234.

235.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 235 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 235.

236.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 236 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 236.

237.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 237 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 237.

238.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 238 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 238.

239.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 239 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 239.

240.     Paragraph 240 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly, no further response is required to the allegations contained in Paragraph 240.

241.     The Transocean Defendants deny that they failed to exercise reasonable care in the operation, maintenance, handling, design, implementation and execution of the relief and recovery measures.  With respect to the remaining assertions and defendants, the Transocean Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this Paragraph 241 and deny these allegations for lack of sufficient information or knowledge.

242.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 242 (and its subparts).  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 242 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 242 (and its subparts).

243.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 243 (and its subparts).  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 243 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 243 (and its subparts).

244.     The Transocean Defendants deny that they breached any duty or duties by the conduct identified in Paragraph 244 (and its subparts).  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 244 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 244 (and its subparts).

245.     The Transocean Defendants deny breach of duty or duties.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 245 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 245.

246.     The Transocean Defendants deny breach of duty or duties.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient

knowledge or information to form a belief as to whether the assertions set forth in Paragraph 246 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 246.

247.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 247.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 247 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 247.

248.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 248.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 248 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 248.

249.    The Transocean Defendants deny breach of duties.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 249 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 249.

250.    Paragraph 250 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly, no further response is required to the allegations contained in Paragraph 250.

251.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 251.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the

assertions set forth in Paragraph 251 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 251.

252.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 252.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 252 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 252.

253.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 253.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 253 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 253.

254.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 254.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 254 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 254.

255.     The Transocean Defendants deny wanton or reckless conduct.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 255 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 255.

256.     The Transocean Defendants deny wanton or reckless acts.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient

knowledge or information to form a belief as to whether the assertions set forth in Paragraph 256 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 256.

257.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 257.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 257 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 257.

258.    Paragraph 258 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly, no further response is required to the allegations contained in Paragraph 258.

259.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 259.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 259 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 259.

260.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 260.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 260 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 260.

261.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 261.  With respect to the remaining assertions and defendants, the Transocean

Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 261 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 261.

262.    The Transocean Defendants deny grossly negligent, reckless, willful, and/or wanton actions or inactions.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 262 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 262.

263.    The Transocean Defendants specifically deny violations of statutory and/or regulatory standards.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 263 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 263.

264.    Paragraph 264 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly, no further response is required to the allegations contained in Paragraph 264.

265.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 265 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 265.

266.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 266 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 266.

267.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 267 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 267.

268.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 268 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 268.

269.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 269 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 269.

270.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 270 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 270.

271.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 271 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 271.

272.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 272 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 272.

273.     The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 273 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 273.

274.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 274 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 274.

275.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 275 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 275.

276.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 276 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 276.

277.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 277 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 277.

278.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 278 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 278.

279.    The allegation set forth in Paragraph 279 is not directed at the Transocean Defendants and does not require a response by the Transocean Defendants; this paragraph is denied.

280.    Paragraph 280 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly, no further response is required to the allegations contained in Paragraph 280.

281.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 281 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 281.

282.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 282 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 282.

283.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 283 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 283.

284.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 284 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 284.

285.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 285 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 285.

286.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 286 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 286.

287.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 287.

288.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 288.

289.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 289.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 289 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 289.

290.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 290.

291.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 291.

292.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 292.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 292 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 292.

293.    Paragraph 293 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.   The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly, no further response is required to the allegations contained in Paragraph 293.

294.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 294.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 294 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 294.

295.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 295.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 295 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 295.

296.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 296.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 296 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 296.

297.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 297.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 297 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 297.

298.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 298.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 298 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 298.

299.     Paragraph 299 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.   The Transocean Defendants have

responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly, no further response is required to the allegations contained in Paragraph 299.

300.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 300.

301.    The Transocean Defendants admit only that Plaintiffs are seeking injunctive or equitable relief from the Transocean Defendants, but deny entitlement to such relief from the Transocean Defendants.    With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 301 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 301.

302.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 302 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 302.

303.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 303 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 303.

304.    The Transocean Defendants deny negligence or tortious conduct.    As to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 304 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 304.

305.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 305 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 305.

306.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 306 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 306.

307.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 307 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 307.

308.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 308 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 308.

309.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 309 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 309.

310.    Paragraph 310 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly, no further response is required to the allegations contained in Paragraph 310.

311.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 311 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 311.

312.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 312 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 312.

313.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 313 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 313.

314.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 314 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 314.

315.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 315 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 315.

316.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 316 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 316.

317.    The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 317.   With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 317 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 317.

318.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 318 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 318.

319.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 319 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 319.

320.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 320 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 320.

321.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 321 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 321.

322.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 322 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 322.

323.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 323 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 323.

324.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 324 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 324.

325.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 325 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 325.

326.    The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 326 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 326.

327.   The allegation set forth in Paragraph 327 is not directed at the Transocean Defendants and does not require a response by the Transocean Defendants; this paragraph is denied.

328.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 328.

329.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 329.

330.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 330.

331.   The allegations contained in Paragraph 331 do not pertain to Transocean and therefore do not require a response by the Transocean Defendants.

332.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 332.

333.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 333.

334.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 334.

335.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 335.

336.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 336.

337.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 337.

338.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 338.

339.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 339.

340.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 340.

341.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 341.

342.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 342.

343.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 343.

344.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 344.

345.     The allegations contained in Paragraph 345 do not pertain to Transocean and therefore do not require a response.

346.     The allegations contained in Paragraph 346 do not pertain to Transocean and therefore do not require a response.

347.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 347 (and its subparts).  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 347 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 347 (and its subparts).

348.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 348 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 348.

349.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 349 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 349.

350.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 350 (and its subparts).  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 350 (and its subparts) are true and, therefore, deny all aspects and implications of the allegations in Paragraph 350 (and its subparts).

351.   The Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 351 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 351.

352.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 352.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 352 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 352.

353.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 353.

354.   The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 354.

355.     Paragraph 355 is a statement that Plaintiffs reallege each and every allegation set forth in the preceding paragraphs as if fully stated here.  The Transocean Defendants have responded to each of the preceding paragraphs and incorporate those responses as appropriate, and accordingly, no further response is required to the allegations contained in Paragraph 355.  Paragraph 355 is also a statement that Plaintiffs reallege each and every factual allegation contained within the Amended B1 Master Complaint in accordance with Paragraph 18 of PTO No. 25.  With respect to these allegations, the Transocean Defendants have responded to each of the factual allegations pleaded in the Amended Master Complaint for the B1 Pleading Bundle and incorporate those responses as necessary and, accordingly, no further response is required to the allegations contained in Paragraph 355.

356.     The Transocean Defendants deny all aspects and implications of the allegations in Paragraph 356.  With respect to the remaining assertions and defendants, the Transocean Defendants are without sufficient knowledge or information to form a belief as to whether the assertions set forth in Paragraph 356 are true and, therefore, deny all aspects and implications of the allegations in Paragraph 356.

## GENERAL DENIAL

The Transocean Defendants deny all allegations of the First Amended Complaint not specifically admitted herein, including but not limited to those set forth in all unnumbered paragraphs and/or sub-headings.

## AFFIRMATIVE DEFENSES

1.     The Transocean Defendants set forth their affirmative defenses which apply to all claims unless otherwise noted.  By setting forth these affirmative defenses, the Transocean

Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs.

### Personal Jurisdiction

2.     This Court lacks personal jurisdiction over the Transocean Defendants.

### Standing

3.     Plaintiffs lack standing because they have not alleged nor can they prove an actual or threatened injury caused by the Transocean Defendants' conduct and redressable by this Court.

### Proper Parties/Joinder

4.     Plaintiffs are not the proper parties to assert any claims for natural resource damages.

5.     Plaintiffs have failed to join an indispensable party (or parties) under Rule 19, Federal Rules of Civil Procedure.

### Ripeness

6.     Plaintiffs' claims for relief are not ripe.

### Failure to State a Claim

7.     Plaintiffs have failed to state a claim upon which relief can be granted.

8.     Plaintiffs have failed to plead, much less satisfy, conditions precedent to recovery.

9.     Plaintiffs' claims are barred to the extent that the Plaintiffs seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

### Shipowners' Limitation of Liability Act

10.     The Transocean Defendants assert all rights and defenses available under the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*  As a separate and complete

defense to some or all of Plaintiffs' claims, the Transocean Defendants aver that the subject incident was occasioned without the privity or knowledge of the Transocean Defendants; and that the amount of damages alleged in the First Amended Complaint greatly exceed the amount of value of the interest of the Transocean Defendants in the mobile offshore drilling unit ("MODU") *Deepwater Horizon* and her freight then pending, and Transocean Defendant accordingly invoke the benefits of the provisions of the revised statute of the United States of America and acts amendatory thereof and supplement thereto, specifically 46 U.S.C. § 30501 *et seq.*, in the limitation of liability of shipowners, under which provision Plaintiffs are not entitled to recover damages in a sum in excess of the value of Transocean Defendants' interest in said vessel and her pending freight at the conclusion of the voyage during which the subject incident occurred.  The pleading of limitation of liability is not made as an admission of liability, but is made subject to the full denial set forth above in this pleading of any and all liability.

11.    Certain of Plaintiffs' claims are enjoined, stayed and restrained until the hearing and termination of the Limitation of Liability proceedings pursuant to the Limitation Court's Order dated June 14, 2010, and the Shipowners' Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*

## Oil Pollution Act

12.    The Transocean Defendants assert all defenses available under the Oil Pollution Act ("OPA"), 33 U.S.C. § 2701 *et seq.*, including, without limitation:

(a)    Plaintiffs have failed to make presentment of some or all of its claims as required under OPA.

(b)    Plaintiffs have no right of action against one or more of the Transocean Defendants to the extent any of them is not a responsible party as defined under OPA.

60

(c)     OPA eliminates or limits Plaintiffs' alleged rights of recovery for certain economic loss claims.

(d)     OPA does not provide for or allow a determination of joint and several liability, but requires an apportionment of fault.

### Maritime and State Law Claims

13.     The Transocean Defendants assert all defenses to any maritime and state law claims including, without limitation:

(a)     The Transocean Defendants assert preemption to the extent that federal common law, including maritime law, is displaced by the Outer Continental Shelf Land Act, 43 U.S.C. § 1331 *et seq.* or the Oil Pollution Act, 33 U.S.C. § 2701 *et seq.*

(b)     The Transocean Defendants assert that, under the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.*, the Court must apply federal law, including the Oil Pollution Act and/or maritime law, to the exclusion of the law of the adjacent State.

(c)     The Transocean Defendants assert that Plaintiffs' claims for purely economic losses, and any declaration or injunction pertaining to such claims, are barred absent physical injury to a proprietary interest, pursuant to *Robins Dry Dock & Repair Co. v. Flint*, 271 U.S. 303, 309 (1927) or similar precedent in Texas, Louisiana, Mississippi, Alabama, Florida, and/or other States.

(d)     The Transocean Defendants assert that under Florida law liability is limited by F.S. § 376.12(s).  The Transocean Defendants are not responsible parties under F.S. § 376.12(7).

**Causation**

14.     Plaintiffs complain of harm not caused or contributed to in any manner by the Transocean Defendants, their alleged servants, employees, agents, or anyone for whom the Transocean Defendants are responsible.  The incident and resulting harm that are the subject of the First Amended Complaint were caused by the fault, negligence, breach of contract, breach of warranty, statutory and regulatory violations of other persons, entities, or sovereigns for whom the Transocean Defendants are not legally responsible.

15.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs resulted from a superseding or intervening cause for which the Transocean Defendants are not responsible.

16.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not proximately caused by any acts and/or omissions of the Transocean Defendants.

17.     The injuries and resulting damages alleged to have been sustained by the Plaintiffs were not foreseeable as a matter of law.

**Damages**

18.     Plaintiffs may not recover on the claims pleaded in the First Amended Complaint because the damages sought are too speculative and remote.

19.     Plaintiffs have not reasonably mitigated their damages.

20.     The Transocean Defendants are entitled to set off, should any damages be awarded against them, in the amount recovered by Plaintiffs with respect to the same alleged injuries.  The Transocean Defendants assert payment and release to the extent that any Plaintiffs' alleged injuries have been or will be fully redressed under the Oil Pollution Act or other

applicable statute or rule.  The Transocean Defendants are also entitled to have any damages that may be awarded to Plaintiffs reduced by the value of any benefit or payment to Plaintiffs from any collateral source.

21.    Punitive damages are not recoverable against the Transocean Defendants as a matter of law.

22.    The Transocean Defendants deny that any of them have engaged in conduct that would support an award of punitive damages.

23.    Any award of punitive damages against the Transocean Defendants would be in violation of the Constitutional safeguards provided to the Transocean Defendants under the Constitution of the United States, and under state constitutions or statutory regimes, if applicable. The imposition of punitive damages would violate Transocean Defendants' rights to (1) protective against excessive fines under the Eighth Amendment to the Constitution of the United States (and state constitutions or statutory regimes, if applicable) and (2) due process and equal protection of the law under the Fifth and Fourteenth Amendments of the United States Constitution (and state constitutions or statutory regimes, if applicable) in that: (a) the issue of punitive damages would be submitted to a jury without any adequate standards for determination, (b) the jury would be required to decide issues of law rather than issues of fact, (c) there is no adequate review of a jury determination of punitive damages, (d) punitive damages can be imposed jointly without regard to the responsibility of the individual defendants, (e) penalties can be imposed without the increased burden of proof and other protections required by criminal laws, (f) evidence is submitted to the jury on issues of liability that should be limited to the issues of punitive damages only, and (g) the amount of punitive damages are determined in part by the financial status of the defendant.

**Equitable Relief**

24.     Plaintiffs' claims for equitable relief are barred because of improper claim splitting and/or because equitable relief is not available under any of the alleged causes of action, Plaintiffs have an adequate remedy at law, the hardship that would be imposed on the Transocean Defendants by the relief is greatly disproportionate to any hardship that the Plaintiffs might suffer in its absence, because the Court lacks any sufficiently certain, non-speculative basis for fashioning such relief, and/or because the alleged conduct of the Transocean Defendants was undertaken in good faith for a valid business purpose.

**Class Actions**

25.     A class action claim cannot be maintained in the context of an action under the Shipowners' Limitation of Liability Act.  In such an action, each claimant must assert their claim individually.

26.     The Transocean Defendants assert all defenses to Plaintiffs' allegation that a class action under Rule 23, Federal Rules of Civil Procedure, is appropriate in this matter, including, but not limited to, lack of numerosity, commonality, typicality, and inability of the representative party or parties to fairly and adequately protect the interests of the purported class.

**Affirmative Defenses Under the Settlement Agreements**

27.     By the terms of the Economic and Property Damages Settlement Agreements and the Medical Benefits Class Action Settlement Agreement (together, the "Settlement Agreements"), between BP and the Plaintiffs, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages.  Having been fully compensated, settling Plaintiffs are estopped from seeking additional compensatory damages against the Transocean Defendants.

28.     By the terms of the Settlement Agreements, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages.   Having been fully compensated, settling Plaintiffs have waived any claim against the Transocean Defendants for additional compensatory damages.

29.     By the terms of the Settlement Agreements, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages.   Having been fully compensated, settling Plaintiffs have effectively released the Transocean Defendants from any claim for additional compensatory damages.

30.     By the terms of the Settlement Agreements, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages.   In the absence of any claim for compensatory damages, Plaintiffs have no basis for an award of punitive damages against the Transocean Defendants, and any such award is barred.

31.     By the terms of the Settlement Agreements, settling Plaintiffs expressly agree that they have been fully compensated for any compensatory damages.   By the terms of the Settlement Agreements, BP purports to assign to settling Plaintiffs certain claims against the Transocean Defendants, including punitive damage claims.   Therefore, the Settlement Agreements purport to split claims for punitive damages from claims for compensatory damages, which is not permitted, which is void, unenforceable, and of no effect.

32.     By the terms of the Settlement Agreements, BP purports to assign to settling Plaintiffs certain claims against the Transocean Defendants.   Any such assignment is void, unenforceable, and of no effect based upon the provisions of the Drilling Contract dated December 9, 1998, and all amendments thereto, related to the *Deepwater Horizon*.

33.     To the extent settling Plaintiffs purport to assert claims by way of assignment from BP, which purported assignment is invalid, the Transocean Defendants are entitled to indemnity from BP for any such claims.

34.     To the extent settling Plaintiffs purport to assert claims by way of assignment from BP, which purported assignment is invalid, BP has previously released those claims against the Transocean Defendants, thus negating any purported assignment of such claims.

35.     By the terms of the Settlement Agreements, BP purports to assign to settling Plaintiffs punitive and exemplary damages.  As a matter of law, any such assignment is void, unenforceable, and of no effect.

36.     The Settlement Agreements fail to fully release all non-settling Defendants, including the Transocean Defendants.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against the Transocean Defendants.

37.     No contribution claims can be maintained without strict compliance with the presentment requirements of the OPA.  Any waiver of such presentment by BP is voluntary and without the Transocean Defendants' consent.  Accordingly, to the extent that settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against the Transocean Defendants.

38.     No contribution claim can be maintained where BP waived proof of causation for individual claims underlying the contribution claims.  Accordingly, to the extent settling Plaintiffs seek to assert any claims based upon the purported assignment of BP's contribution rights, no such claims can be asserted against the Transocean Defendants.

39.     The Settling Agreements attempt to toll the statutes of limitation.  BP's voluntary agreement to toll the statutes of limitation as to claims against BP may improperly increase the amount of contribution ultimately sought from the Transocean Defendants.  No contribution claims can be maintained for any portion of the claim that is attributable to BP's waiver of the statute of limitations without the Transocean Defendants' consent.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon purported assignment of BP's contribution rights, no such claim can be asserted against the Transocean Defendants.

40.     The Settlement Agreements attempt to toll the statutes of limitation and other deadlines applicable to claims against the Transocean Defendants, including the deadline for filing claims against the Transocean Defendants as set forth in the Court's Monition Order in the Limitation of Liability Action.  BP's voluntary agreement to toll any such deadlines against the Transocean Defendants may improperly increase the amount of contribution otherwise sought from the Transocean Defendants.  No contribution claims can be maintained for any portion of the claim that is attributable to BP's waiver of the statutes of limitation and/or Monition Order deadlines without the Transocean Defendants' consent and the Court's consent.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon purported assignment of BP's contribution rights, no such claim can be asserted against the Transocean Defendants.

41.     No contribution claim can be maintained for any amount resulting from BP's failure to mitigate damages.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon a purported assignment of BP's contribution rights, no such claim can be asserted against the Transocean Defendants.

42.     No contribution claim can be maintained for any amount above the appropriate cap under OPA.  Any waiver of such cap by BP is voluntary and without the Transocean

Defendants' consent.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of the Transocean Defendants' contribution rights, no such claim can be asserted against the Transocean Defendants.

43.     No contribution claim can be maintained for any amount above the appropriate amount for which Transocean is entitled to limit its liability under the Shipowners' Limitation of Liability Act.  Accordingly, to the extent settling Plaintiffs seek to assert any claims based upon the purported assignment of BP's contribution rights, no such claims can be asserted against the Transocean Defendants for any amount above the Transocean Defendants' limit of liability under the Shipowners' Limitation of Liability Act.

44.     To the extent that BP agrees by the terms of the Settlement Agreements to make any payment beyond its legal obligation, such payment is voluntary, and the Transocean Defendants are not liable to BP and/or the settling Plaintiffs for contribution based on any such payment.  Accordingly, to the extent settling Plaintiffs seek to assert any claims based upon the purported assignment of BP's contribution rights, no such claim can be asserted against the Transocean Defendants.

45.     To the extent any payment made by BP pursuant to the terms of the Settlement Agreements is determined to be unreasonable, the Transocean Defendants are not liable to BP and/or settling Plaintiffs for contribution based on any such payment.  Accordingly, to the extent settling Plaintiffs seek to assert any claim based upon the purported assignment of BP's contribution rights, no such claim can be asserted against the Transocean Defendants.

46.     By the terms of the Settlement Agreements, settling Plaintiffs expressly agree that they have been fully compensated for all compensatory damages.  Further, the Transocean Defendants are entitled to indemnification from BP for compensatory damage claims, and

settling Plaintiffs are precluded from collecting any compensatory damage claims against the Transocean Defendants in light of BP's indemnity obligations. As a result of these proposed settlement terms, settling Plaintiffs have no contribution claims against the Transocean Defendants. In addition, to the extent BP purports to assign to settling Plaintiffs any contribution claim for punitive damages paid by BP, such assignment is void.

47. In the absence of a proper assignment, the settling Plaintiffs lack standing to assert claims based upon a purported assignment from BP.

48. The terms of the Settlement Agreements prevent the determination or calculation of actual compensatory damages paid to the settling Plaintiffs, individually or collectively. Lack of a verifiable compensatory basis renders calculation of contribution claims and/or alleged exemplary and punitive damages impossible. Accordingly, amounts paid pursuant to the Settlement Agreements cannot serve as the basis for any claims for contribution or exemplary and punitive damages against the Transocean Defendants.

49. Neither BP nor the settling Plaintiffs are entitled to contribution for any punitive damages paid by BP to settling Plaintiffs.

50. The Settlement Agreements will improperly align the interests of BP and the settling Plaintiffs in any subsequent trial and liability in this Court. The Settlement Agreements will incentivize settling Plaintiffs to change their strategic posture to minimize any determination of BP's share of liability and argue for a greater share of liability by other Defendants, including the Transocean Defendants, and will permit a true arms length adversarial trial. Accordingly, the Settlement Agreements will encourage a determination of liability by the defending parties based upon a collusive alliance between BP and the settling Plaintiffs rather than the factual merits of the dispute.

51.     The Settlement Agreements purport to assign certain claims from BP to the settling Plaintiffs as a class.  Because no class has been certified to pursue the claims against the Transocean Defendants, and because no class can be certified in a Shipowners' Limitation of Liability Action, settling Plaintiffs lack standing or any other basis to collectively assert claims against the Transocean Defendants and any trial conducted in the Limitation Action.

52.     No award of punitive damages is proper against the Transocean Defendants, any such award must nevertheless satisfy all applicable standards for propriety and amount of the award.

53.     Because the Transocean Defendants are not parties to the Settlement Agreements, the Settlement Agreements in no way affect the Transocean Defendants' procedural or substantive rights, and may not be used in any way to the Transocean Defendants' prejudice.

### Adoption of Affirmative Defenses and Reservation to Amend Answer

54.     Any affirmative defenses pleaded by the other defendants and not pleaded by the Transocean Defendants are incorporated herein to the extent such defenses do not conflict with the Transocean Defendants' affirmative defenses.

55.     The Transocean Defendants reserve the right to amend their Answer, Rule 12(b) defenses and other defenses, and to assert cross-claims and third-party claims, as appropriate.

WHEREFORE, the Transocean Defendants pray that their defenses be deemed good and sufficient; that after due proceedings are had there be judgment in favor of the Transocean Defendants, dismissing all claims asserted by Plaintiffs, with prejudice, at Plaintiffs' cost; and for any and all other just and equitable relief deemed appropriate.

Respectfully submitted,

By:_____/s/ Steven L. Roberts_____
Steven L. Roberts (Texas, No. 17019300)
Rachel Giesber Clingman (Texas, No. 00784125)
Sutherland Asbill & Brennan LLP
1001 Fannin Street, Suite 3700
Houston, Texas 77002
Telephone: (713) 470-6100
Facsimile:  (713) 354-1301
Email: steven.roberts@sutherland.com,
rachel.clingman@sutherland.com

By:_____/s/ Kerry J. Miller_____
Kerry J. Miller (Louisiana, No. 24562)
Frilot, L.L.C.
1100 Poydras Street, Suite 3700
Telephone: (504) 599-8169
Facsimile: (504) 599-8154
Email: kmiller@frilot.com
-and-

By:_____/s/ Edwin G. Preis, Jr._____
Edwin G. Preis, Jr. (Louisiana, No. 10703)
Preis & Roy PLC
102 Versailles Boulevard, Suite 400
Lafayette, Louisiana 70501
Telephone: (337) 237-6062
Facsimile: (337) 237-9129
-and-

601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Telephone: (504) 581-6062
Facsimile: (504) 522-9129
Email: egp@preisroy.com

Of Counsel:

John M. Elsley (Texas, No. 0591950)
Royston, Rayzor, Vickery & Williams LLP
711 Louisiana Street, Suite 500
Houston, Texas 77002
Telephone: (713) 224-8380
Facsimile: (713) 225-9945
Email: john.elsley@roystonlaw.com

Brad D. Brian (California, No. 79001)
Allen M. Katz (California, No. 054933)
Munger Tolles & Olson LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone: (213) 683-9100
Facsimile: (213) 683-5180, (213) 683-4018
Email: brad.brian@mto.com,
Email: allen.katz@mto.com

***Counsel for Triton Asset Leasing GmbH.,
Transocean Holdings LLC, Transocean Offshore
Deepwater Drilling Inc. and Transocean
Deepwater Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 17th day of October, 2012, I electronically

transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for

filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/  Kerry J. Miller