UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179<br><br>SECTION J |
| This document relates to:<br>*STATE OF VERACRUZ, REPUBLIC OF MEXICO v. BP, PLC, NO. 10-4239;*<br>*STATE OF TAMAULIPAS, REPUBLIC OF MEXICO v. BP, PLC, NO. 10-4240;*<br>*STATE OF QUINTANA ROO, REPUBLIC OF MEXICO v. BP, PLC, NO. 10-4241* | JUDGE BARBIER<br>MAGISTRATE JUDGE SHUSHAN |

## ORDER

### [Depositions on Mexican Law]

On September 11, 2012, the order for the discovery schedule and consideration of summary judgment motions was modified. Rec. doc. 7367. Pursuant to that order, the Mexican States and the defendants, BP, Halliburton and Transocean, exchanged expert reports and translated portions of the legal authorities they contend are applicable to whether the three states have proprietary interest in the claims asserted.

The September 11, 2012 order provided for the depositions of the experts during the latter half of November. The defendants contend that the depositions are unnecessary. Rec. doc. 7873. The Mexican States respond that the defendants are attempting to shield their experts from the scrutiny of cross-examination that would demonstrate the deficiencies in their opinions. Rec. doc. 7873.

Pursuant to Fed. R. Civ. P. 44.1, "[t]he court's determination (of foreign law) must be treated as a ruling on a question of law." Id.

> Prior to the adoption of Rule 44.1, foreign law was regarded as a fact and the party claiming that foreign law was applicable was required to prove it by competent

evidence. This proof commonly took the form of the examination and cross-examination of expert witnesses on the law of the foreign country . . . .

9A Wright and Miller, Federal Practice and Procedure §2443 at 338 (3rd ed. 2008). Rule 44.1 permits the Court to consider any relevant material or source on foreign law, including testimony. Id.

The Court has before it the written testimony from the six experts on Mexican law. Their testimony was reviewed by the undersigned. As noted by the defendants they are comprehensive and focus on the single issue of whether the Mexican States before the Court have individual proprietary interests in the causes of action asserted as a matter of Mexican law. Oral testimony in addition to the written testimony is not required. Any deficiencies in the written testimony of the experts can be brought to the attention of the Court in briefs.

The requirement that the parties produce their experts for depositions is vacated. The parties shall submit cross motions for summary judgment as provided in the September 11, 2012 order.

**Any appeal from this order shall be submitted by Tuesday, November 27, 2012.**

New Orleans, Louisiana, this __19th__ day of November, 2012.

                                                  **SALLY SHUSHAN**
                                                  **U.S. MAGISTRATE JUDGE**