IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * * * * * * | MDL NO. 2179<br><br>SECTION: J<br><br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |
| Plaisance, *et al.*, individually and on behalf of the Medical Benefits Settlement Class,<br><br>Plaintiffs,<br><br>v.<br><br>BP Exploration & Production Inc., *et al.*,<br><br>Defendants. | * * * * * * * * * * * * | NO. 12-CV-968<br><br>SECTION: J<br><br><br>HONORABLE CARL J. BARBIER<br><br>MAGISTRATE JUDGE SHUSHAN |

**[PROPOSED] FINAL ORDER AND JUDGMENT**
**CONCERNING MEDICAL BENEFITS CLASS ACTION SETTLEMENT**

Based on the Court's Findings of Fact and Conclusions of Law in Support of Final Approval of the *Deepwater Horizon* Medical Benefits Class Action Settlement, which are adopted and incorporated within this Final Order and Judgment as if fully set forth herein, the Court ORDERS as follows:[1]

---

[1] Terms with initial capital letters used in this Order shall have the meanings ascribed to the fully capitalized rendering of such terms in the Medical Benefits Class Action Settlement Agreement. For example, the term Medical Benefits Settlement Class in this Order means the MEDICAL BENEFITS SETTLEMENT CLASS as defined in the Medical Benefits Class Action Settlement Agreement. "Trustee" and "Directed Trustee" shall have the meanings ascribed to such terms in the Medical Settlement Trust.

1. The Court approves the Medical Benefits Class Action Settlement Agreement, originally filed with this Court on April 18, 2012 (Rec. Doc. 6273), and filed, as amended on May 1, 2012, on May 3, 2012 (Rec. Doc. 6427), in its entirety pursuant to Fed. R. Civ. P. 23(e) as being fair, reasonable, and adequate.

2. The Court finally certifies, for settlement purposes only, the Medical Benefits Settlement Class under Federal Rule of Civil Procedure Rule 23(b)(3). The Medical Benefits Settlement Class is defined as follows:

All Natural Persons who resided in the United States as of April 16, 2012, and who:

(a) Worked as Clean-Up Workers at any time between April 20, 2010, and April 16, 2012;

(b) Resided in Zone A for some time on each of at least sixty days between April 20, 2010, and September 30, 2010 ("Zone A Resident"), and developed one or more Specified Physical Conditions between April 20, 2010, and September 30, 2010; or

(c) Resided in Zone B for some time on each of at least sixty days between April 20, 2010, and December 31, 2010 ("Zone B Resident").[2]

Excluded from the Medical Benefits Settlement Class are the following:

(a) Any Medical Benefits Settlement Class Member who timely and properly elect[ed] to be excluded from the Medical Benefits Settlement Class ("Opt Outs") [under the procedures set forth in Paragraph 29 of the Preliminary Approval Order, as amended by the Court's Order extending the opt-out deadline to November 1, 2012 (Rec. Doc. 7176)];

(b) Any person employed by BP Entities at any time between April 20, 2010, and April 16, 2012;

(c) The Court, including any sitting judges on the United States District Court for the Eastern District of Louisiana and their law clerks serving on or after April 20, 2010 through April 16, 2012;

(d) Any person who was on the *Deepwater Horizon* on April 20, 2010;

---

[2] Zone A includes specified beachfront areas and Zone B includes specified wetlands areas. Both Zones are clearly and objectively described in the Medical Benefits Class Action Settlement Agreement.

2

(e) Any person who has previously asserted and released his or her claims against BP relating to any illnesses or injuries allegedly suffered as a result of exposure to oil, other hydrocarbons, or other substances released from the MC252 Well and/or the *Deepwater Horizon* and its appurtenances, and/or dispersants or decontaminants used in connection with the Response Activities, including those persons who have provided final releases to the GCCF in exchange for payment from the GCCF for such illnesses or injuries; and

(f) Any person who is a Zone A Resident or Zone B Resident, but not a Clean-Up Worker, and who worked in one or more of the following capacities for a cumulative duration of at least five years prior to April 20, 2010:

   (i) Cleaning or reconditioning of the tanks or holds of barges, tankers or lighters, tanker trucks, tanker rail cars, or any other tank (stationary or mobile) used to hold hydrocarbons or petrochemicals;

   (ii) Storage, handling, or cleaning of naturally occurring radioactive materials ("NORMs"), including radionuclides;

   (iii) Storage, transportation, distribution, or dispensing of gasoline, diesel, jet fuel, kerosene, motor fuels, or other hydrocarbon-based fuels at any bulk storage facility (not including gas stations or gas station convenience stores), bulk plant, or bulk terminal facility that stores hydrocarbons or petrochemicals;

   (iv) Loading or unloading bulk crude oil or petroleum hydrocarbons onto or from trucks, ships, barges, or other vessels; or

   (v) Tar distillation.

3. The Court finds that the Medical Benefits Settlement Class Notice and the Medical Benefits Settlement Class Notice Plan, as implemented by the Medical Benefits Settlement Class Notice Agent, satisfied and continue to satisfy the requirements of Fed. R. Civ. P. 23(c)(2)(B), Fed. R. Civ. P. 23(e), and Due Process, and that they constituted the best notice practicable under the circumstances.

4. The Court finds that the Guardian Ad Litem, Justice Jack C. Watson (ret.) performed his responsibilities as set out in the Medical Benefits Class Action Settlement

Agreement, including making a recommendation to the Court as to the fairness of the Medical Benefits Class Action Settlement Agreement to those Medical Benefits Settlement Class Members who are minors, lack capacity, or are incompetent, on October 4, 2012. (Rec. Doc. 7587.) The Court has considered this recommendation and finds that the Medical Benefits Class Action Settlement Agreement is fair with respect to its treatment of Medical Benefits Settlement Class Members who are minors, lack capacity, or are incompetent.

5. The Court confirms the appointment of the following as Medical Benefits Class Representatives: Kip Plaisance, Jason Perkins, Thelma Camille Warren, Christian Pizani, Max Plaisance, Benjamin Judah Barbee, Cornelius Divinity, Janice Brown, Carlton Caster, George Baker, and Duffy Hall.

6. The Court confirms the appointment of Stephen J. Herman and James Parkerson Roy as Medical Benefits Class Counsel and Lead Class Counsel, and confirms the appointment of the following additional attorneys as Medical Benefits Class Counsel:

| | |
|---|---|
| Brian H. Barr | Rhon E. Jones |
| Jeffery A. Breit | Matthew E. Lundy |
| Elizabeth J. Cabraser | Michael C. Palmintier |
| Philip F. Cossich, Jr. | Joseph F. Rice |
| Robert T. Cunningham | Paul M. Sterbcow |
| Alphonso Michael Espy | Scott Summy |
| Calvin C. Fayard, Jr. | Mikal C. Watts |
| Robin L. Greenwald | Conrad S. P. Williams |
| Ervin A. Gonzalez | |

7. The Court confirms the appointment of Garretson Resolution Group as Claims Administrator.

8. The Court confirms that the Medical Settlement Trust fulfills the requirements for a qualified settlement fund under section 468B(d)(2) of the Internal Revenue Code and Treasury Regulation § 1.468B–1.

4

9. The Court confirms the appointment of Matthew L. Garretson as Trustee and J.P. Morgan Trust Company of Delaware as Directed Trustee of the Medical Settlement Trust.

10. As noted in paragraphs 21-22, *infra*, the Court retains continuing and exclusive jurisdiction to interpret, implement, administer and enforce the Medical Benefits Class Action Settlement Agreement, in accordance with its terms, and to implement and complete the claims administration and distribution process, in accordance with the Medical Benefits Class Action Settlement Agreement, for the benefit of the Medical Benefits Settlement Class. The Court does this for the purpose of satisfying the requirements of *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994), concerning the obligation of a Court entering a settlement agreement to speak clearly when it wishes to retain jurisdiction.

11. The Court permanently bars and enjoins each Medical Benefits Settlement Class Member from commencing, asserting, and/or prosecuting any and all Released Claims against any Released Party.

12. The Court dismisses the Medical Class Action Complaint with prejudice and without further costs, including claims for interest, penalties, costs and attorneys' fees, pursuant to Federal Rule of Civil Procedure 41(a)(2). The proper terms of this dismissal include the retention of jurisdiction contained in paragraphs 21-22, *infra*, and this is included for purposes of compliance with the Supreme Court's *Kokkonen* decision.

13. The Court orders the dismissal of all Released Claims pending in the Court with prejudice and without further costs, including claims for interest, penalties, costs, and attorneys' fees, pursuant to Federal Rule of Civil Procedure 41(a)(2). The proper terms of this dismissal include the retention of jurisdiction contained in paragraphs 21-22, *infra*, and this is included for purposes of compliance with the Supreme Court's *Kokkonen* decision.

14. The Court orders all Medical Benefits Settlement Class Members with Released Claims pending in any federal or state court, forum, or tribunal other than the Court to dismiss such Released Claims with prejudice and without further costs, including claims for interest, penalties, costs, and attorneys' fees, pursuant to Federal Rule of Civil Procedure 41(a)(2).

15. The Court orders the dismissal of all Related Claims pending in the Court with prejudice and without further costs, including claims for interest, penalties, costs, and attorneys' fees, pursuant to Federal Rule of Civil Procedure 41(a)(2). The proper terms of this dismissal include the retention of jurisdiction contained in paragraphs 21-22, *infra*, and this is included for purposes of compliance with the Supreme Court's *Kokkonen* decision.

16. The Court orders all Medical Benefits Settlement Class Members with Related Claims pending in any federal or state court, forum, or tribunal other than the Court to dismiss such Related Claims with prejudice and without further costs, including claims for interest, penalties, costs, and attorneys' fees, pursuant to Federal Rule of Civil Procedure 41(a)(2).

17. The Court finds that the Release set forth in Section XVI of the Medical Benefits Class Action Settlement Agreement is valid and enforceable and is the product of intense and detailed negotiations between the parties in light of prior experience by the Parties in *Deepwater Horizon*-related litigation in this Court and other courts.

18. The Court finds that to the extent this Medical Benefits Class Action Settlement results in the splitting of the claim of any Medical Benefits Settlement Class Member, that such result has been agreed to by the Parties, and that any remaining claim of a Medical Benefits Settlement Class Member not settled by this Medical Benefits Class Action Settlement is expressly reserved.

19. The Court acknowledges that the Medical Benefits Class Representatives and Medical Benefits Settlement Class Members agree and acknowledge that the Settlement Benefits, in addition to constituting consideration from the Released Parties, also constitute full, complete, and total satisfaction of all of their Compensatory Damages against the Transocean Parties and the Halliburton Parties.

20. The Court orders that all Medical Benefits Settlement Class Members comply with the Other Protections provisions of Section XVII of the Medical Benefits Class Action Settlement Agreement.

21. The Court expressly adopts and incorporates the terms of the Medical Benefits Class Action Settlement Agreement into this Order as if fully set forth herein such that a future action involving an alleged breach of the Medical Benefits Class Action Settlement Agreement or a dispute concerning the interpretation, implementation, administration, or enforcement of the terms of the Medical Benefits Class Action Settlement Agreement will implicate this Final Approval Order and fall within this Court's ancillary jurisdiction to enforce its own orders.

22. In addition, the Court retains continuing and exclusive jurisdiction over the Parties, the Medical Benefits Settlement Class Members and this Medical Benefits Class Action Settlement Agreement, to interpret, implement, administer and enforce the Medical Benefits Class Action Settlement Agreement in accordance with its terms.

23. The Court also retains continuing jurisdiction over the Trustee, the Directed Trustee, and the Medical Settlement Trust, as well as over the "qualified settlement fund," as defined in Section 468B(d)(2) of the Internal Revenue Code of 1986, as amended, and Treasury Regulation Section 1.468B–1, created under the Medical Benefits Class Action Settlement Agreement.

24. The Court has considered and framed this Order in light of Federal Rule of Civil Procedure 65(d). The incorporation of the terms of the Medical Benefits Class Action Settlement Agreement into this Order are for the purpose of approving and establishing the remedies available to Medical Benefits Settlement Class Members. Those remedies are optional and not mandatory for Medical Benefits Settlement Class Members (and the Medical Benefit Class Action Settlement Agreement also restrains no actions by Medical Benefits Settlement Class Members). Hence, this Order fully complies with Federal Rule of Civil Procedure 65(d)(1)(C).

**IT IS SO ORDERED.**

New Orleans, Louisiana, this _____ day of _____, 2012.

_____
United States District Judge