# FISHMAN HAYGOOD PHELPS
## WALMSLEY WILLIS & SWANSON, L.L.P.

201 ST. CHARLES AVENUE
46TH FLOOR
NEW ORLEANS, LOUISIANA 70170-4600
(504) 586-5252
FAX (504) 586-5250

LORETTA G. MINCE
PARTNER
(504) 586-5273 DIRECT
LMINCE@FISHMANHAYGOOD.COM

November 15, 2012

File No. 2271-03

*VIA* **EMAIL:** Sally_Shushan@laed.uscourts.gov

The Honorable Sally Shushan
United State Magistrate Judge
United States Courthouse, Room B-345
Eastern District of Louisiana 70130
500 Poydras Street
New Orleans, La. 70130

Re:     *In Re: Oil Spill by the Oil Rig "Deepwater Horizon"*
*in the Gulf of Mexico on April 20, 2012*
USDC, Eastern District of Louisiana, MDL No. 2179 "J"
Wild Well Deposition Duration and Scheduling

Dear Judge Shushan:

I write in response to Mr. O'Rourke's letter of November 15, 2012 regarding the Department of Justice's request to re-depose Wild Well.

Mr. O'Rourke's letter is factually inaccurate.   **Wild Well completed its entire production of 53,511 documents on July 8, 2011.**  The chart set below details the bates ranges and dates of Wild Well's production.

| Prod # | Begdoc | Enddoc | Date |
|---|---|---|---|
| 1 | WW-MDL-00000001 | WW-MDL-00002438 | 4/28/2011 |
| 2 | WW-MDL-00002439 | WW-MDL-00006040 | 5/6/2011 |
| 3 | WW-MDL-00006041 | WW-MDL-00015565 | 5/13/2011 |
| 4 | WW-MDL-00015566 | WW-MDL-00021792 | 5/20/2011 |
| 5 | WW-MDL-00021793 | WW-MDL-00032345 | 5/27/2011 |
| 6 | WW-MDL-00032346 | WW-MDL-00046841 | 6/3/2011 |
| 7 | WW-MDL-00046842 | WW-MDL-00073282 | 6/10/2011 |
| 8 | WW-MDL-00073283 | WW-MDL-00101524 | 6/17/2011 |
| 9 | WW-MDL-00101525 | WW-MDL-00119157 | 6/24/2011 |
| 10 | WW-MDL-00119158 | WW-MDL-00139497 | 7/1/2011 |
| 11 | WW-MDL-00139498 | WW-MDL-00143152 | 7/8/2011 |

Thus, Mr. O'Rourke is simply wrong when he states that Wild Well's document production was made after the prior deposition.   In addition, Wild Well completed its production on July 8, 2011, and it was not until July 3, 2012 (a year later) that Wild Well was informed that there were

512950v.1

technical issues with the production. Upon being so informed, Wild Well worked diligently to correct them.

With respect to the request to depose Wild Well a second time, when Wild Well was initially contacted about providing a representative for a second Rule 30(b)(6) deposition, I responded that Wild Well was unwilling to do so, and that the Federal Rules do not require it to do so. My letter to Tony Fitch outlining Wild Well's position is attached hereto. Subsequently, Jimmy Williamson of the PSC was assigned the role of trying to negotiate a resolution of Wild Well's objection. That negotiation resulted in an agreement under which Wild Well would produce a witness for one day of additional testimony in exchange for an agreement that no further documents or testimony would be sought from Wild Well or its employees. The Court was previously informed of that agreement. Now, in clear violation of the agreement, the Department of Justice seeks to require Wild Well for a second deposition lasting two-days. Wild Well responds that we already have an agreement on this point, and that if we do not (as the DOJ appears to contend), Wild Well reverts to its prior position that it is not required under the Federal Rules to appear for a second deposition in the same litigation, and that the litigants have made no showing that good cause exists for requiring a second deposition particularly given that the topics specified in the latest notice were covered extensively in the prior deposition.

If your Honor wishes to discuss this matter further at an upcoming conference, please let me know, and I will arrange to attend.

Respectfully,

Loretta G. Mince

LGM/ccm
cc:    Steven O'Rourke

2

512950v.1