

**U.S. Department of Justice**

Environment and Natural Resources Division

90-5-1-1-10026

*Steven O'Rourke*
*Environmental Enforcement Section*　　　　　　　　　　　　　*Telephone (202) 514-2779*
*U.S. Mail: P.O. Box 7611, Washington, DC 20044-7611*　　　*Facsimile (202) 514-2583*
*Overnight Mail:  601 D Street N.W., Washington, DC, 20004*
*E-mail: steve.o'rourke@usdoj.gov*

November 15, 2012

<u>*Via E-Mail*</u>
Honorable Sally Shushan
United States Magistrate Judge
United States Courthouse, Room B-345
Eastern District of Louisiana
500 Poydras Street, New Orleans, LA. 70130
E-Mail:  Sally_Shushan@laed.uscourts.gov

　　　　Re:　　MDL 2179:  Wild Well Deposition Duration and Scheduling.

Dear Judge Shushan:

　　　　The United States requests that the Rule 30(b)(6) deposition of the Wild Well Control, Inc. (WWC) be set for two days during the period December 3 through December 6, 2012.

　　　　*Duration of Deposition*.  During the November 9, 2012 Working Group Conference, the United States requested two days for the WWC deposition.  The United States was instructed to review the WWC document production.  *See* "Order re: Working Group Conference on Friday November 9, 2012," [Doc. 7883].  Based on that review, the United States requests two days.

　　　　We understand that Transocean, Louisiana, and Alabama all support this request.  WWC and the PSC oppose.

　　　　It is certainly true that the Phase One deposition of Mr. Pat Campbell of WWC took place on July 12 and 13, 2011.  Unfortunately, the United States (and some other parties) did not receive about 80% of the WWC documents until July 13, 2012, a year after the Phase One deposition, and technical issues were not resolved and production fully completed until the end of September, 2012.  No one is at fault for these document production issues, and WWC was cooperative in addressing these issues.  But it remains a fact that the United States and other parties simply did not have the documents.

　　　　The history of the document production is as follows.  WWC produced its 11 volumes of documents to the PSC by July of 2011, who undertook to produce them to the other parties.  However, the United States did not receive 6 of 11 volumes of the WWC production, and did not

1

even know that the production – as received by the United States -- was incomplete.  In preparation for Phase Two, attorneys at the Justice Department came to realize that there were missing documents in the production, and eventually determined that the United States had never received many documents.  The United States went back to the PSC and eventually to WWC to address these issues, and the six volumes were supplied to the United States in July 2012, a year after the Phase One deposition.  The documents that had never been seen by the United States amounted to about 43,152 of WWC documents.  Thereafter, it immediately became apparent that there were significant issues with that production, including missing custodian fields, inaccurate page counts, missing OCR, missing images, and similar problems.  In addition, many of the documents that WWC produced to the PSC in May and June, 2011, during Phase I fact discovery, had similar production issues.  Corrections for these technical issues were provided but the issues took until the end of September, 2012 to correct.  In addition, WWC did not complete its production of approximately 800 emails of Mr. Pat Campbell, its initial designee and a key witness, until the final week of October, 2012.

In other words, of the total production of 53,511 WWC documents, the United States was not in a position to use about 80% of the documents during the July 2011 deposition, and indeed only obtained the complete, PTO 16 compliant set at the end of October 2012.  We believe that other parties were in the same situation.  Given the volume and technical nature of the recently-produced documents and their relevance to Phase II, the parties should be permitted two days to question the WWC designee regarding the documents and emails that were unavailable to them during the Phase I deposition.

We anticipate that WWC will point to the Phase I deposition of Mr. Pat Campbell to argue that a one-day deposition should suffice.  But, WWC was involved in virtually all aspects of the response action and received, from both BP and its other contractors, extensive proprietary data regarding the well and modeling of various flow scenarios in order to carry out the response activities.  WWC also believe that performed its own flow estimates.  Its activities are highly relevant to quantification of the discharge.

*United States was not Party to any Prior Agreement.*   Finally, we acknowledge that Mr. Williamson of the PSC proposed a one day deposition for Wild Well at the July 20, 2012 WGC. *Transcript of WGC*, July 20, 2012, at 74.  During that WGC, Mr. Williamson announced,

> The tentative agreement we had announced earlier in court here a few weeks ago was they wouldn't produce any more documents, we would re-issue them the notice, they would designate a representative, and we all agreed *no one would depose more people with Wild Well*. I announced that a few weeks ago. It was fine. Mr. Cernich wanted to make sure we got Mr. Campbell's e-mails. Ms. Mince has agreed to that.

Id. (emphasis added).[1]  Of course at that time, the United States did not object to the limitation to one witness.  We did not however, agree to one day, and due to technical difficulties and late production we were not in a position to insist on a two-day deposition.  The Court in fact initially

---

[1] Earlier, the PSC had discussed WWC's request:  "Her request, of course, is that they not be subject to any more 30(b)(6) after this one and that we try to agree upon the name of the person." *Transcript of WGC*, June 15, 2012, at 36.   No mention of a one-day limit was made.

2

scheduled a single day (August 24, 2012) for the WWC deposition, s*ee*, "Order re: Working Group Conference on Friday, August 3, 2012 WGC Order [Doc. 7055], but within a week the PSC suggested postponing the deposition pending resolution of technical issues. *Transcript of WGC,* August 10, 2012 at 40. Now that the production issues are resolved, review of the documents reveals that two days of deposition is warranted.

     *Date of Deposition.* On November 1, 2012, counsel for the United States proposed that the WWC 30(b)(6) deposition be held during the period December 3 through December 6, 2012 but WWC has yet to confirm its designee's availability. We request that the WWC deposition be scheduled for any two days during that time.

                        Respectfully submitted,

                        /s/ Steve O'Rourke
                        Steven O'Rourke

cc: Mike O'Keefe, Law Clerk to Magistrate Judge Shushan
    PSC Liaison Counsel
    States Coordinating Counsel
    Defense Liaison Counsel