UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010<br><br>This document relates to:<br>Case No. 2:11-CV-03180 and<br>Case No. 2:11-CV-02766 | MDL NO. 2179<br><br>SECTION: J<br><br>Honorable Carl J. Barbier<br><br>Magistrate Judge Shushan |

_____

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION**
_____

I. **INTRODUCTION**

Stephen S. Kreller of The Kreller Law Firm, William L. Roberts and Craig S. Coleman of Faegre Baker Daniels, LLP (formerly Faegre & Benson, LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA (hereinafter referred to collectively as "Intervening Attorneys") were retained by and represented clients who terminated Intervening Attorneys after a settlement was reached. Intervening Attorneys' former clients are in violation of the contingency fee agreements they signed and in violation of the equitable principle of quantum meruit that governs attorney's liens in Louisiana and many other states. The Court should grant leave to intervene in accordance with Federal Rule of Civil Procedure 24(a)(2) in order to ensure just compensation for Intervening Attorneys who provided a substantial benefit to their clients.

II. **BACKGROUND**

The following individuals or business entities are referred to collectively hereinafter as "Defendants in Intervention":

1

1. <u>Richard Johnson</u> (DWH ClaimantID 100021751);

2. <u>Melonie Johnson</u> (DWH ClaimantID 100021745);

3. <u>Can Cong Nguyen</u> (GCCF Claim No. 3164011; DWH ClaimantID 100000928);

4. <u>Chi Nguyen d/b/a Carmel's Seafood</u> (DWH ClaimantID 100001242);

5. <u>Michael Gollott</u> (DWH ClaimantID 100000540, name misspelled as "Gollot, Michael" in Compl. Ex. A in case 2:11-cv-02766);

6. <u>Charles Huber d/b/a Tasha Lou, LLC</u> (DWH ClaimantID 100000247);

7. <u>Kim Le</u> (GCCF Claim No. 1057761);

8. <u>Rickey (R.J.) Frickey d/b/a Neversatisfied, LLC</u> (DWH ClaimantID 100000657, name misspelled as "Frickey, Ricky" in Compl. Ex. A in case 2:11-cv-02766 Compl.);

9. <u>Nhat (Van) Le</u> (DWH ClaimantID 100000467 and/or 100000324, name misspelled as "Nhat, Vam Le" in Compl. Ex. A in case 2:11-cv-02766);

10. <u>Hon Van Truong</u> (DWH ClaimantID 100000956, name misspelled as "Hong Truong" in Compl. in case 2:11-cv-03180);

11. <u>Bobby Tank Sr.</u> (DWH ClaimantID 100000273); and

12. <u>Luom Nguyen</u> (DWH ClaimantID 100000678).

Defendants in Intervention retained Intervening Attorneys in 2011 to represent their claims to the Gulf Coast Claims Facility, to pursue their claims under the Vessels of Opportunity Program, and to represent them in the *Deepwater Horizon* multi-district litigation (MDL). (Coleman Aff. at Ex. B.)

On behalf of Defendants-in-Intervention, Intervening Attorneys prepared and filed Gulf Coast Claims Facility (GCCF) claims, commissioned expert reports, filed direct actions in the

MDL in both Case Number 2:11-CV-03180 and Case Number 2:11-CV-02766, negotiated with the Plaintiffs' Steering Committee (PSC) and BP for settlement, and calculated and documented the claims of Defendants-in-Intervention under the settlement agreement, among other legal work. Intervening Attorneys fully describe the work performed for the Defendants-in-Intervention in the attached Complaint in Intervention, attached as Exhibit A. When only administrative tasks related to obtaining payment from the *Deepwater Horizon* Claims Center remained to be completed, Defendants-in-Intervention dismissed Intervening Attorneys without cause.

### III. ARGUMENT

Intervening Attorneys' motion should be granted under Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) provides that the court should permit anyone to intervene who meets three requirements. Fed. R. Civ. P. 24(a)(2). Intervention under this portion of the Rule requires "(1) the assertion of interest in the subject of the action, (2) a possibility that the disposition of the action may as a practical matter impede protection of the interest, and (3) inadequacy of representation of the interest by existing parties." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970), *certiorari denied* 400 U.S. 878.

Intervening Attorneys must have a "direct, substantial, legally protectable interest in the proceedings." *Id.* Here, Intervening Attorneys have a sufficient interest in a portion of the settlement funds to be awarded to Defendants-in-Intervention. *C.f. Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970), *certiorari denied* 400 U.S. 878 (finding that a government tax lien asserted against funds before the court in multiple party litigation, was an "interest" in property within the meaning of the intervention rule). Intervening Attorneys' interest is legally cognizable under the principles of contract law and equity which require payment of attorneys

when valuable legal services are provided. *See Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986) (holding that an attorney with a contingent fee contract who was discharged by his client had an absolute right to intervene in the client's later suit to recover on the same cause of action).

The settlement fund from which Intervening Attorneys seek payment is under the exclusive control of this Court. After the settlement funds are distributed to Defendants-in-Intervention, Intervening Attorneys will have few, if any, practical options for recovering their fees. They could pursue actions in the state courts of the various Gulf Coast states. But this would result in inconsistent results, delays in payment of the claimants based on various state court dockets, and cumbersome inefficient proceedings as several state court judges toil to understand the intricacies of the *Deepwater Horizon* litigation and settlement. In *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970), clients dismissed their attorneys, who were working on a contingent fee basis, after the attorneys had filed suit and worked on the claim. The court granted the attorneys motion to intervene for practical reasons because it was not reasonable to require the terminated attorneys to initiate a subsequent action to collect the fees generated in the existing litigation. *Id.*

Finally, neither Defendants-in-Intervention nor the Defendants in the MDL have any interest in protecting the rights of Intervening Attorneys and will not represent Intervening Attorneys' rights at all, let alone adequately. Thus, Intervening Attorneys request leave to intervene in the MDL as a matter of right.

The Court has jurisdiction over this matter and is the most appropriate court to settle this dispute. Because the Court has jurisdiction over the underlying MDL, it has supplemental jurisdiction over these related attorney compensation claims. 28 U.S.C. § 1367(a); *see also*

4

*Broughten v. Voss*, 634 F.2d 880, 883 (5th Cir. 1981) ("the court may assume jurisdiction over a claim based on a charging lien over the proceeds of the lawsuit"); *Clark v. Kick*, 79 F. Supp. 2d 747, 749-50 (S.D. Tex. 2000) ("[O]nce this Court's jurisdiction has been properly invoked to settle the controversy in the original action . . . the court has the power to settle fee disputes arising out of that original action . . . All the Circuit Courts of Appeal which have considered this question appear to agree on this point."). An action in intervention is the proper method to adjudicate the validity and amount of compensation due Intervening Attorneys.

Lastly, Intervening Attorneys' motion is timely as required by Rule 24. None of the Defendants-in-Intervention had received payment from the *Deepwater Horizon* Claims Center at the time of this filing.

## IV. CONCLUSION

In order to ensure the rights of Intervening Attorneys are protected, the Court should allow them leave to file a Complaint in Intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2).

Dated: November 20, 2012                    RESPECTFULLY SUBMITTED:


                                                        BY:  /s/ *Stephen S. Kreller*

THE KRELLER LAW FIRM
Stephen S. Kreller (LA # 28440)
757 St. Charles Avenue, Suite 301
New Orleans, LA  70130
Telephone:  504-484-3488
Facsimile:  504-294-6091
Email:  ssk@krellerlaw.com

FAEGRE BAKER DANIELS, LLP
William L. Roberts (admitted pro hac vice)
Craig S. Coleman (admitted pro hac vice )
2200 Wells Fargo Center

5

90 South Seventh Street
Minneapolis, MN  55402
Telephone:  612-766-7000
Facsimile:  612-766-1600

LANGSTON & LOTT, P.A.
Duncan Lott (admitted pro hac vice)
Casey L. Lott (admitted pro hac vice)
100 South Main Street
Booneville, MS  38829
Telephone:  662-728-9733
Facsimile:  662-728-1992

**ATTORNEYS FOR PLAINTIFFS IN INTERVENTION**