# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, | * * * | MDL No. 2179 |
| | * | Section: J |
| This Pleading applies to: | * * | Judge Barbier |
| | * | |
| *MDL 2179 B1 Amended Master Complaint And All Cases In Pleading Bundle B1* | * * * | Magistrate Judge Shushan |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## BP'S OPPOSITION TO *SELLNO* PLAINTIFFS' MOTION FOR NEW TRIAL, MOTION TO ALTER OR AMEND JUDGMENT, AND MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL OF JUDGMENT DISMISSING "PURE STIGMA CLAIMS" AND "RECREATION CLAIMS"

Richard C. Godfrey, P.C.
J. Andrew Langan, P.C.
Wendy L. Bloom
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
Telephone:  312-862-2000
Facsimile:  312-862-2200

Christopher Landau, P.C.
Jeffrey Bossert Clark
Aditya Bamzai
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W.
Washington, DC  20005
Telephone:  202-879-5000
Facsimile:  202-879-5200

Don K. Haycraft (Bar #14361)
R. Keith Jarrett (Bar #16984)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, LA  70139-5099
Telephone:  504-581-7979
Facsimile:  504-556-4108

Robert C. "Mike" Brock
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC  20004-2401
Telephone:  202-662-5985
Facsimile:  202-662-6291

*Attorneys for BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*

November 20, 2012

# TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ..............................................................1

BACKGROUND ......................................................................................................................2

ARGUMENT ...........................................................................................................................3

I.      This Court Should Deny The *Sellno* Plaintiffs' Request For
        Reconsideration.................................................................................................................3

        A.      This Court Did Not Make A "Manifest Error" By Holding That
                The *Sellno* Plaintiffs Failed To Allege Facts Sufficient To
                Establish Intentional Conduct. ...............................................................................4

                1.      Waiver.......................................................................................................5

                2.      Merits .......................................................................................................6

        B.      This Court Did Not Make A "Manifest Error" By Holding That
                *Robins Dry Dock* Remains Good Law.................................................................10

        C.      This Court Did Not Make A "Manifest Error" By Holding That
                OPA Forecloses Pure Stigma Claims For "Loss Of Profits" Where
                No Loss Has Been Realized...................................................................................11

II.     This Court Should Deny The *Sellno* Plaintiffs' Request For An Immediate
        Appeal. ............................................................................................................................12

        A.      The *Sellno* Plaintiffs' Motion For Entry Of A Partial Final
                Judgment Under Rule 54(b) Lacks Merit. ............................................................12

        B.      The *Sellno* Plaintiffs' Motion For Certification Of An Interlocutory
                Appeal Under 28 U.S.C. § 1292(b) Lacks Merit. .................................................14

CONCLUSION......................................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amoco Transport Co. v. S/S MASON LYKES,*
  768 F.2d 659 (5th Cir. 1985) ........................................................................................ 6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ................................................................................................... 7, 9

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ....................................................................................................... 9

*Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.,*
  170 F.3d 536 (5th Cir. 1999) ....................................................................................... 12

*Catalyst Old River Hydroelectric Ltd. v. Ingram Barge Co.,*
  639 F.3d 207 (5th Cir. 2011) ....................................................................................... 10

*Clark–Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.,*
  702 F.2d 67 (5th Cir. 1983) ......................................................................................... 15

*Conley v. Gibson,*
  355 U.S. 41 (1957) ......................................................................................................... 9

*Curtiss-Wright Corp. v. General Elec. Co.,*
  446 U.S. 1 (1980) .................................................................................................... 12, 14

*CXY Energy, Inc. v. Jurisch,*
  Civ. A. No. 91-1705, 1992 WL 211649 (E.D. La. Aug. 17, 1992) ............................... 9

*Dick Meyers Towing Serv., Inc. v. United States,*
  577 F.2d 1023 (5th Cir. 1978) (*per curiam*) ............................................................... 9

*Energy Transport Servs. v. Marine Expediting Co.,*
  1979 A.M.C. 1399 (E.D. La. 1978) ............................................................................... 9

*Getty Refining & Mktg. Co. v. MT FADI B,*
  766 F.2d 829 (3d Cir. 1985) .......................................................................................... 8

*In re Complaint of Pride Offshore, Inc.,*
  766 F. Supp. 2d 797 (S.D. Tex. 2011) .......................................................................... 9

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico,*
  808 F. Supp. 2d 943 (E.D. La. 2011) ............................................................................ 2

*In re Tug OCEAN PRINCE,*
  584 F.2d 1151 (2d Cir. 1978) ........................................................................................ 8

*Jasmin v. Dumas,*
  726 F.2d 242 (5th Cir. 1984) ....................................................................................... 12

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,*
  130 S. Ct. 1605 (2010) ................................................................................................... 8

*Kaiser Aluminum & Chem. Corp. v. Marshland Dredging Co.*,
   455 F.2d 957 (5th Cir. 1972) ................................................................................... 9

*Kawaauhau v. Geiger*,
   523 U.S. 57 (1998) ................................................................................................... 7

*Louisiana v. M/V Testbank*,
   752 F.2d 1019 (5th Cir. 1985) (*en banc*) ............................................................. 10

*Mathiesen v. M/V Obelix*,
   817 F.2d 345 (5th Cir. 1987) ................................................................................. 10

*Medellin v. Dretke*,
   371 F.3d 270 (5th Cir. 2004) ................................................................................. 10

*Nautilus Marine, Inc. v. Niemela*,
   170 F.3d 1195 (9th Cir. 1999) ................................................................................. 9

*Patin v. Allied Signal, Inc.*,
   77 F.3d 782 (5th Cir. 1996) ..................................................................................... 4

*Piazza's Seafood World, LLC v. Odom*,
   448 F.3d 744 (5th Cir. 2006) ................................................................................... 3

*Property One, Inc. v. USAgencies, L.L.C.*,
   830 F. Supp. 2d 170 (M.D. La. 2011) ................................................................. 15

*PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*,
   81 F.3d 1412 (5th Cir. 1996) ........................................................................... 12, 13

*Robin v. United States*,
   No. 04-2230, 2006 WL 2547984 (E.D. La. Aug. 30, 2006),
   *aff'd*, 233 F. App'x 350 (5th Cir. 2007) ................................................................ 4

*Robins Dry Dock & Repair Co. v. Flint*,
   275 U.S. 303 (1927) .......................................................... 1, 2, 4, 5, 6, 7, 8, 9, 10, 15

*Rosenzweig v. Azurix Corp.*,
   332 F.3d 854 (5th Cir. 2003) ............................................................................... 4, 6

*Sears, Roebuck & Co. v. Mackey*,
   351 U.S. 427 (1956) ........................................................................................... 12, 14

*Simon v. United States*,
   891 F.2d 1154 (5th Cir. 1990) ................................................................................. 6

*Templet v. HydroChem, Inc.*,
   367 F.3d 473 (5th Cir. 2004) ................................................................................... 4

*The Conqueror*,
   166 U.S. 110 (1897) ............................................................................................... 15

*Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*,
   460 U.S. 533 (1983) ............................................................................................... 10

*United States v. Decay*,
  639 F. Supp. 2d 686 (E.D. La. 2009),
  *aff'd in relevant part*, 620 F.3d 534 (5th Cir. 2010) ................................................. 6

*United States v. Louisiana Generating LLC*,
  Civ.A. No. 09-100-JJB, 2012 WL 4588437 (M.D. La. Oct. 2, 2012)...................................... 15

*Water Quality Ins. Syndicate v. United States*,
  522 F. Supp. 2d 220 (D.D.C. 2007) ....................................................................... 8

*Wiltz v. Bayer CropScience, Ltd.*,
  645 F.3d 690 (5th Cir. 2011)........................................................................... 10

**Statutes and Rules**

28 U.S.C. § 1292(b) ............................................................................... 1, 12, 14, 15

33 U.S.C. § 2701 ........................................................................................... 1

33 U.S.C. § 2702(b)(2)(E) ................................................................................ 11

33 U.S.C. § 2716(f)(1)(C) ................................................................................. 8

Fed. R. Civ. P. 12(b)(6)................................................................................... 5

Fed. R. Civ. P. 54(b) ....................................................................... 1, 2, 12, 13, 14

Fed. R. Civ. P. 59(a) .................................................................................. 3, 4

Fed. R. Civ. P. 59(e) .................................................................................. 3, 4

Fed. R. Civ. P. 8 .......................................................................................... 9

Fed. R. Civ. P. 8(a)(2).................................................................................... 9

**Other Authorities**

Prosser, W. & Keeton, W.,
  *The Law of Torts* (5th ed. 1984) ....................................................................... 7

**INTRODUCTION AND SUMMARY OF ARGUMENT**

BP Exploration & Production Inc., BP America Production Company, and BP p.l.c. (collectively BP) respectfully oppose the *Sellno* plaintiffs' "Motion for New Trial, Motion to Alter or Amend Judgment, and Motion for Certification of Interlocutory Appeal of Judgment Dismissing 'Pure Stigma Claims' and 'Recreation Claims.'"  Rec. Doc. 7770-1 (Mot.).  Despite that cumbersome caption, the motion seeks two basic forms of relief: (1) reconsideration of this Court's order of October 1, 2012, granting various motions to dismiss, or (2) an immediate appeal of that order to the Fifth Circuit.  Neither form of relief is warranted.

As a threshold matter, the *Sellno* plaintiffs do not identify a "manifest error of law or fact" justifying reconsideration.  To the contrary, each of their three merits arguments fails as a matter of law.  Their argument that they have pleaded a series of negligent or reckless acts that, in combination, would allow them to avoid the rule of *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303 (1927), was not previously raised in this proceeding, and in any event conflicts with settled law.  Their argument that this Court should "overturn" *Robins Dry Dock*, a venerable Supreme Court precedent repeatedly applied by the Fifth Circuit, is equally unavailing.  And their argument that the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2701, *et seq.*, allows any and all claims for "actual harm" notwithstanding the contrary text of the statute is also meritless.

In addition, the *Sellno* plaintiffs do not justify an immediate appeal to the Fifth Circuit, under either Rule 54(b) of the Federal Rules of Civil Procedure or 28 U.S.C. § 1292(b).  Rule 54(b) applies only where a court has rendered a final judgment at least as to some claims by some parties.  Here, the predicates for application of that Rule are missing because this Court has not applied the October 1 order to resolve any specific claims by any specific parties, and the *Sellno* plaintiffs do not even purport to identify which specific claims by which specific plaintiffs

are eligible for Rule 54(b) certification.  Nor have the *Sellno* plaintiffs identified any basis for this Court to certify its October 1 order for interlocutory appeal, because, among other things, they have identified no "controlling question of law as to which there is substantial ground for difference of opinion"—as noted above, their merits arguments fly in the face of well-settled law properly applied by this Court.  At the end of the day, judicial efficiency would not be served in this sprawling proceeding by allowing individual plaintiffs to pursue a crazy-quilt of piecemeal appeals to the Fifth Circuit.  Accordingly, this Court should deny the motion.

## BACKGROUND

After cases arising out of the *Deepwater Horizon* oil spill were consolidated in this multidistrict litigation (MDL) proceeding, the Court created various pleading bundles to manage and streamline the numerous claims asserted, including the "B1 Bundle," which encompasses non-governmental claims for economic loss and property damage.  *See* Pretrial Order 11, Rec. Doc. 569.  The Plaintiffs' Steering Committee (PSC) filed a Master B1 Complaint (Rec. Doc. 879) and an Amended Master B1 Complaint (Rec. Doc. 1128) asserting claims under OPA, general maritime law, and state law.

On August 26, 2011, this Court issued an Order and Reasons addressing various motions to dismiss the Amended B1 Master Complaint.  *See In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, 808 F. Supp. 2d 943 (E.D. La. 2011), Rec. Doc. 3830 ("B1 Order").  In relevant part, this Court held in that Order that state law in this area is entirely preempted by federal maritime law, *see id.* at 8-18; 808 F. Supp. 2d at 951-58, and that traditional limitations on maritime claims, such as the *Robins Dry Dock* rule, preclude certain claims under federal maritime law, *id.* at 25-27; 808 F. Supp. 2d at 962.

On May 2, 2012, the Court preliminarily approved a proposed class-action settlement regarding certain claims by private parties for economic loss and property damage resulting from the *Deepwater Horizon* oil spill. *See* Rec. Doc. 6418. The Court thereafter directed the parties to file motions addressing three types of claims beyond the scope of the proposed settlement— "Pure Stigma Claims," "Recreation Claims," and "BP Dealer Claims" (Rec. Doc. 6657)—and the parties, including BP and the *Sellno* plaintiffs, filed briefs addressing these claims.

On October 1, 2012, this Court granted BP's motions to dismiss the Pure Stigma and Recreation Claims (as well as the BP Dealer Claims, which are not relevant to the present motion). Rec. Doc. 7526 (10/1/12 Order). In that order, the Court held that such claims were not viable under (1) state law, (2) maritime law, or (3) OPA. At the same time, the Court declined to "delve into the Short-Form Joinders, the Sellno plaintiffs' complaint, or any other complaints to specifically determine" which specific claims by which specific parties were subject to dismissal in light of the October 1 order. *Id.* at 12, 25-26.

## ARGUMENT

### I. This Court Should Deny The *Sellno* Plaintiffs' Request For Reconsideration.

As a threshold matter, the *Sellno* plaintiffs invoke the wrong provision of the Federal Rules of Civil Procedure, and thus the wrong legal standard, in seeking reconsideration of the October 1 order. In particular, the *Sellno* plaintiffs erroneously request a "new trial" under Rule 59(*a*) rather than reconsideration under Rule 59(*e*). Because there has been no "trial" at all, plaintiffs by definition cannot pursue a "new" trial, and their motion is properly analyzed as a plain-vanilla motion for reconsideration. *See, e.g.*, *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006) ("The district court correctly characterized and analyzed the … Rule 59(a) motion for new trial as a Rule 59(e) motion to reconsider entry of summary

3

judgment."); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("The … reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment."); *Robin v. United States*, No. 04-2230, 2006 WL 2547984, at *1 (E.D. La. Aug. 30, 2006) ("Rule 59(a) makes clear that a motion for new trial is appropriate when the case has been tried to a jury or to the court.  This case was resolved through a motion to dismiss."), *aff'd*, 233 F. App'x 350 (5th Cir. 2007).

Viewed through the lens of Rule 59(e), the *Sellno* plaintiffs' burden is a heavy one: "Reconsideration of a judgment after its entry is an ***extraordinary remedy*** that should be used sparingly."  *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (emphasis added). A motion under Rule 59(e) "must clearly establish either a ***manifest error of law or fact*** or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (emphasis added; internal quotation omitted).  None of the three merits arguments in the *Sellno* plaintiffs' motion for reconsideration remotely meets that demanding standard.  Each of those arguments is addressed in turn below.

### A.   This Court Did Not Make A "Manifest Error" By Holding That The *Sellno* Plaintiffs Failed To Allege Facts Sufficient To Establish Intentional Conduct.

The *Sellno* plaintiffs first argue that, for purposes of determining whether the *Robins Dry Dock* rule precludes claims under federal maritime law, "a series of reckless acts—each of which may not be deemed intentional by itself—can give rise to an inference or finding of intentional tortious conduct," and that their complaint alleged such a series of acts.  Mot. 6-11.  That argument fails for two simple reasons: (1) it was never raised in the *Sellno* plaintiffs' opposition

to the motions to dismiss and thus provides no basis for reconsideration, and (2) in any event, it fails on the merits.  Each of these points is discussed in turn below.

### 1.    Waiver

The *Sellno* plaintiffs' current argument that "a series of reckless acts—each of which may not be deemed intentional by itself—can give rise to an inference or finding of intentional tortious conduct," Mot. 7, is a new one.  The *Sellno* plaintiffs made no such argument in their brief in opposition to the motions to dismiss.  *See* Rec. Doc. 7099.  Rather, in that brief, the *Sellno* plaintiffs argued only that "[p]laintiffs who alleged **intentional** conduct are not precluded from recovery by *Robins Dry Dock*," and that their "allegations that the defendants are liable for **intentional** tortious conduct are sufficient to defeat the Rule 12(b)(6) motions."  *See id.* at 10, 11 (emphasis added; capitalization modified).  The *Sellno* plaintiffs never took that argument a step further to contend, as they do now, that allegations of a "series" of unintentional acts may rise to the level of intentional misconduct for purposes of the *Robins Dry Dock* rule.  The clear line they drew in their brief was between intentional and non-intentional conduct, not between isolated non-intentional acts and a "series" of such acts.  Not surprisingly, thus, the *Sellno* plaintiffs' brief in opposition to the motions to dismiss did not cite any of the cases on which they now rely in support of their new argument that a "series" of non-intentional acts can come within an exception to the *Robins Dry Dock* rule.[1]

---

[1] Tellingly, the *Sellno* plaintiffs do not, and cannot, contend that they previously raised this argument or cited any of the cases on which they now rely.  Instead, they complain that "the Court did not consider the line of jurisprudence **cited in this litigation** which stands for the proposition that a series of reckless acts—each of which may not be deemed intentional by itself—can give rise to an inference or finding of intentional tortious conduct."  Mot. 7 (emphasis added).  Needless to say, whether **another** party made an **analogous** argument in a different context has no bearing on whether **the Sellno plaintiffs** properly raised this argument.

It is axiomatic that a motion for reconsideration "'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig*, 332 F.3d at 863-64 (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *United States v. Decay*, 639 F. Supp. 2d 686, 693 (E.D. La. 2009) ("[T]his Court may properly decline to consider new arguments or new evidence on reconsideration where those arguments were available to the movant prior to the order."), *aff'd in relevant part*, 620 F.3d 534 (5th Cir. 2010). That point is particularly compelling in a sprawling case like this one: if litigants were free to develop and advance new arguments after this Court had already resolved an issue, the litigation would never end. Because the *Sellno* plaintiffs do not, and cannot, contend that they could ***not*** have made their new argument in their brief in opposition to the motions to dismiss, the new argument provides no basis for reconsideration of the October 1 order.

###### 2.    Merits

At any rate, the *Sellno* plaintiffs' new argument that "a series of reckless acts—each of which may not be deemed intentional by itself—can give rise to an inference or finding of intentional tortious conduct" in the context of *Robins Dry Dock*, Mot. 7, fails as a matter of law. The cases on which the *Sellno* plaintiffs base that argument do not involve the *Robins Dry Dock* rule, and indeed that argument would completely undermine the purpose of that rule.

The point of that rule, as the Supreme Court explained in *Robins Dry Dock* itself, is to limit liability from maritime torts: while the law protects those who suffer physical injury from such torts, the law does not "spread its protection so far" as to encompass third parties who suffer economic losses as a result of such physical injury. 275 U.S. at 308-09; *see also Amoco Transport Co. v. S/S MASON LYKES*, 768 F.2d 659, 668 (5th Cir. 1985) ("The spectre of runaway recovery lies at the heart of the *Robins Dry Dock* rubric."). As the Fifth Circuit has

explained, "'while physical harm generally has limited effects, a chain reaction occurs when economic harm is done and may produce an unending sequence of financial effects best dealt with by insurance, or by contract, or by other business planning devices.'"  *Id.* (quoting W. Prosser & W. Keeton*, The Law of Torts* § 129, p. 1001 (5th ed. 1984)).

By its terms, the *Robins Dry Dock* rule is limited to "unintended injuries inflicted upon the vessel by [tortfeasors] who know nothing" about the economic impact of their tort on specific third parties.  275 U.S. at 308; *see also id.* at 308-09 (noting that "intentionally to bring about a breach of contract may give rise to a cause of action").  This Court acknowledged that limitation in the October 1 order.  *See* 10/1/12 Order at 5.  As the Court explained, however, the limitation has no bearing here, because neither the B1 Master Complaint nor the *Sellno* Complaint "plausibly allege facts that would take the Pure Stigma Claims outside the *Robins Dry Dock* rule."  *Id.* at 6; *see also id.* at 24-25 (same with respect to the Recreation Claims).  In particular, as this Court explained, "'[i]ntentional torts generally require that the actor intend the **consequences** of an act, not simply the **act** itself.'"  10/1/12 Order at 5 (emphasis added; quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62 (1998)).  Thus, "although the Sellno Plaintiffs repeatedly refer to Defendants' 'intentional acts,' they do not allege facts that would lead to the reasonable inference that the Defendants intended either the oil spill or the purported diminution in property value."  *Id.* at 6 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The *Sellno* plaintiffs now challenge that ruling on the ground that "a series of reckless acts—each of which may not be deemed intentional by itself—can give rise to an inference or finding of intentional tortious conduct" in the context of *Robins Dry Dock*.  Mot. 7.  Tellingly, however, they fail to cite a **single** case that has accepted that argument in this context.  Rather, they rely on cases from **other** areas of the law.  Thus, the case on which they primarily rely,

*Water Quality Ins. Syndicate v. United States*, 522 F. Supp. 2d 220, 228-29 (D.D.C. 2007), involved the entirely different question whether the term "willful misconduct" in a provision of OPA, 33 U.S.C. § 2716(f)(1)(C), is limited to intentional conduct.  That case, and the case on which it in turn relied, *In re Tug OCEAN PRINCE*, 584 F.2d 1151, 1163-64 (2d Cir. 1978), simply concluded that the statutory term "willful misconduct" is not limited to intentional wrongdoing, but may encompass reckless behavior.  Such cases in no way suggest that the *Robins Dry Dock* exception for intentional misconduct encompasses all willful behavior.  *See also* Mot. 8-9 (citing nine other cases interpreting the term "willful"); *see generally Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1613 (2010) (noting "the care we have traditionally taken to construe such words" as "willful" and "intentional" in "their particular statutory context").[2]

Thus, the *Sellno* plaintiffs' attempt to expand the *Robins Dry Dock* exception to encompass not only "intentional" but also "willful" misconduct fails as a matter of law.  The *Sellno* plaintiffs provide no reason to think that, in this context, "intentional" means anything other than intentional.  To the contrary, cases applying the *Robins Dry Dock* rule establish that the exception to the rule for intentional misconduct requires a showing of intentional misconduct. *See, e.g.*, *Getty Refining & Mktg. Co. v. MT FADI B*, 766 F.2d 829, 831-33 (3d Cir. 1985); *Dick*

_____

[2] The *Sellno* Plaintiffs thus miss the point by citing a dictionary definition noting that "willful" conduct can include "intentional" conduct.  *See* Mot. 11 n.2.  "Willful" is a broad term that can encompass both intentional and non-intentional conduct.  "Intentional," in contrast, is a narrower term that by definition does ***not*** encompass non-intentional conduct.  The fact that "willful" can encompass "intentional," in other words, does not mean that "willful" and "intentional" mean the same thing, or that "intentional" invariably encompasses "willful."  And the *Sellno* Plaintiffs' further assertion that "[n]one of the defendants have [*sic*] disputed that the allegations of willful misconduct are to be construed as intentional conduct," *id.*, comes with ill grace, since (as noted above) the *Sellno* Plaintiffs never even ***argued*** before this reconsideration motion that "intentional" conduct in the *Robins Dry Dock* context should be construed to encompass all "willful" conduct.

*Meyers Towing Serv., Inc. v. United States*, 577 F.2d 1023, 1025 (5th Cir. 1978) (*per curiam*); *Kaiser Aluminum & Chem. Corp. v. Marshland Dredging Co.*, 455 F.2d 957, 958 (5th Cir. 1972) (*per curiam*).  Indeed, the case law establishes that intentional misconduct **alone** is not enough to fall within the exception; rather, the exception applies only where defendant engages in intentional misconduct intending to cause the resulting economic losses.  *See, e.g.*, *Robins Dry Dock*, 275 U.S. at 308-09; *Nautilus Marine, Inc. v. Niemela*, 170 F.3d 1195, 1197 (9th Cir. 1999); *In re Complaint of Pride Offshore, Inc.*, 766 F. Supp. 2d 797, 802 (S.D. Tex. 2011); *CXY Energy, Inc. v. Jurisch*, Civ. A. No. 91-1705, 1992 WL 211649, at *2 (E.D. La. Aug. 17, 1992); *Energy Transport Servs. v. Marine Expediting Co.*, 1979 A.M.C. 1399, 1402 (E.D. La. 1978).

On a related note, the *Sellno* plaintiffs err by arguing that this Court misapplied the "notice pleading standard" of Rule 8(a)(2) of the Federal Rules of Civil Procedure, which, they contend, requires them merely to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Mot. 6 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  This argument ignores recent case law clarifying the Rule 8 pleading standard, and limiting the *Conley* case on which the *Sellno* plaintiffs rely.  *See Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Under *Iqbal* and *Twombly*—which this Court correctly applied in the October 1 order—"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible on its face**.'"  *Iqbal*, 556 U.S. at 678 (emphasis added; quoting *Twombly*, 550 U.S. at 570).  Claims seeking damages for economic losses under general maritime law are not "plausible on their face" in the absence of facts allowing the court to draw a reasonable inference that the *Robins Dry Dock* rule does not apply. Because the *Sellno* plaintiffs pleaded no such facts in their complaint, the notice-pleading standard of Rule 8 gets them nowhere.

Because "intentional" does not mean "willful" in this context, and this Court correctly concluded that the *Sellno* plaintiffs had not alleged facts to create a reasonable inference that defendants intended either the oil spill or the any economic losses resulting therefrom, the Court properly applied *Robins Dry Dock* to dismiss the *Sellno* plaintiffs' claims alleging such economic losses.

### B. This Court Did Not Make A "Manifest Error" By Holding That *Robins Dry Dock* Remains Good Law.

The *Sellno* plaintiffs next argue that this Court should "overturn *Robins Dry Dock* and hold that all economic damages are recoverable regardless of whether property damage has occurred." Mot. 16. Although they criticize the *Robins Dry Dock* rule as "an antiquated doctrine from a very different time," *id.* at 12 (capitalization modified), that criticism is directed to the wrong forum. It is well-established, after all, that "only th[e Supreme] Court may overrule one of its precedents." *Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) (*per curiam*); *see also Medellin v. Dretke*, 371 F.3d 270, 280 (5th Cir. 2004) ("Only the Supreme Court may overrule a Supreme Court decision. ... We are bound to follow the precedent until taught otherwise by the Supreme Court."). The *Sellno* plaintiffs' assertion that "the jurisprudence has not kept pace" with the changing times, Mot. 12, provides no basis for this Court to disregard this bedrock principle, or to "overturn" a Supreme Court precedent that—as this Court has observed—"[t]he Fifth Circuit has continuously reaffirmed," B1 Order, at 19; 808 F. Supp. 2d at 958 (citing *Wiltz v. Bayer CropScience, Ltd.*, 645 F.3d 690 (5th Cir. 2011); *Catalyst Old River Hydroelectric Ltd. v. Ingram Barge Co.*, 639 F.3d 207 (5th Cir. 2011); *Mathiesen v. M/V Obelix*, 817 F.2d 345, 346-47 (5th Cir. 1987); *Louisiana v. M/V Testbank*, 752 F.2d 1019 (5th Cir. 1985) (*en banc*)). Accordingly, this Court did not commit a "manifest error of law or fact" by applying, rather than "overturn[ing]," *Robins Dry Dock*.

**C.** **This Court Did Not Make A "Manifest Error" By Holding That OPA Forecloses Pure Stigma Claims For "Loss Of Profits" Where No Loss Has Been Realized.**

The *Sellno* plaintiffs finally argue that this Court committed "manifest error" by dismissing the Pure Stigma Claims under OPA. *See* Mot. 16-19. According to the *Sellno* plaintiffs, certain Pure Stigma plaintiffs have incurred "actual harm" as a result of the "stigma" suffered by their properties, because they either (1) were unable to sell those properties, or (2) were unable to secure a loan collateralized by those properties. *See id.* at 17. The simple answer to that argument is that OPA does not purport to authorize compensation for any and all "actual harm." To the contrary, consistent with OPA's imposition of ***strict*** but ***limited*** liability, the sole provision upon which the *Sellno* plaintiffs rely authorizes compensation ***only*** for "loss of profits" or "impairment of earning capacity." 33 U.S.C. § 2702(b)(2)(E). A person alleging that he or she could not sell or borrow against property has not suffered either lost "profits" or "impairment of earning capacity." Rather, as this Court explained, "[b]efore real property is sold, there can be no 'profits' to be lost" and "unrealized diminution of property value usually is not an 'impairment [of] earning capacity.'" 10/1/12 Order at 9.

The *Sellno* plaintiffs offer no authority to the contrary, nor do they attempt to tie their arguments to the language of the statute. For that reason, they can show no manifest error of law with respect to the Pure Stigma Claims. (Although the *Sellno* Plaintiffs make a passing reference that the Court should revise the Order to clarify that "'Recreational Claims' are not dismissed," Mot. 19, they provide no argumentation to support that assertion. This Court should therefore reject out of hand the effort to disturb its holding as to Recreation Claims.)

**II.     This Court Should Deny The *Sellno* Plaintiffs' Request For An Immediate Appeal.**

As an alternative to reconsideration, the *Sellno* plaintiffs ask this Court to allow them to pursue an immediate appeal to the Fifth Circuit, via either (1) the entry of a partial final judgment under Rule 54(b), or (2) certification of an interlocutory appeal from the October 1 order under 28 U.S.C. § 1292(b).  Neither request has merit; each is considered in turn below.

**A.     The *Sellno* Plaintiffs' Motion For Entry Of A Partial Final Judgment Under Rule 54(b) Lacks Merit.**

The *Sellno* plaintiffs first ask this Court to enter a partial final judgment under Rule 54(b).  *See* Mot. 20-21.  Under that provision, "[w]hen an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  Given the strong judicial policy against piecemeal appeals, however, that provision is to be used "sparingly and deliberately," and "not to be granted routinely."  *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984) (*per curiam*); *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956).  Thus, the entry of a partial final judgment under Rule 54(b) is warranted "only when there exists *some danger of hardship or injustice* through delay which would be alleviated by immediate appeal; *it should not be entered routinely as a courtesy to counsel*."  *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (emphasis added); *see also Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 540 (5th Cir. 1999).

Here, the predicates for the entry of a partial final judgment under Rule 54(b) do not even exist.  That provision requires, first and foremost, a ***final*** disposition of a particular claim by a particular party.  *See, e.g.*, *Sears*, 351 U.S. at 436; *Curtiss-Wright*, 446 U.S. at 8; *PYCA*, 81 F.3d

at 1421.  There has been no such disposition in this case.  To the contrary, this Court specifically *declined* to apply the general legal principles set forth in the October 1 order to any specific claims by any specific parties.  *See* 10/1/12 Order at 12, 25-26 (declining to "delve into the Short-Form Joinders, the Sellno Plaintiffs' complaint, or any other complaints to specifically determine" which specific claims by which specific parties were subject to dismissal).  Nor have the *Sellno* plaintiffs even suggested which claims by which of their members they believe are subject to dismissal under the October 1 order: although they assert that "[t]he Judgment"—by which they apparently mean the October 1 order—"adjudicates some claims of some plaintiffs," Mot. 20, they tellingly do not specify *which* claims of *which* plaintiffs.  As things now stand, there has been no "final" disposition of *any* claim by *any* of the *Sellno* plaintiffs, and there is thus no basis for the entry of a partial final judgment under Rule 54(b).

The *Sellno* plaintiffs nonetheless complain that, absent entry of a partial final judgment, "it will undoubtedly take many years (or even decades) before the final resolution of all claims of all parties."  Mot. 21.  Given the efficiency with which this Court has been handling this litigation, that complaint seems vastly overblown.  But, in any event, the *Sellno* plaintiffs' desire for an immediate appeal is insufficient, in itself, to justify entry of partial final judgments on some of the claims of some of their members, unless this Court is willing to change the rules of the road and to begin applying its interlocutory legal rulings to specific claims by specific parties and entering hundreds (if not thousands) of partial final judgments—thereby swamping the Fifth Circuit with piecemeal appeals.  As things currently stand, the *Sellno* plaintiffs are not situated any differently than any other parties in this MDL proceeding, who must litigate their claims in the orderly fashion established by this Court.  There is certainly no unfairness in requiring the *Sellno* plaintiffs to abide by the same rules that apply to everyone else.

To the contrary, what would be unfair and inefficient would be to allow the *Sellno* plaintiffs to move to the front of the line.  Indeed, there are a variety of legal issues that are legally and logically antecedent to the issues raised by the *Sellno* plaintiffs, such as this Court's ruling that OPA does not displace maritime law in this area.  *See* BP Mot. to Dismiss B1 Bundle (Rec. Doc. 1440-1), at 13-17.  As this Court is well aware, BP has sought certification of an interlocutory appeal on that issue under 28 U.S.C. § 1292(b).  *See* Rec. Doc. 4291.  It would make little sense for the Fifth Circuit to consider whether the *Sellno* plaintiffs may assert Pure Stigma Claims and Recreation Claims under maritime law without, at the same time, addressing the antecedent question whether the *Sellno* plaintiffs have any maritime claims at all.  Indeed, it is telling that the PSC has not filed a brief in support of the *Sellno* plaintiffs' motion—evidently because it is not in the plaintiffs' overall interest to appeal the Court's October 1 order at this time.  *See* Rec. Doc. 7095, at 2 (PSC brief agreeing with BP that "OPA provides the **only** potential cause of action" for the Pure Stigma Claims, because "[t]his Court has dismissed state-law claims (as 'preempted by maritime law') as well as general maritime law claims 'that do not allege physical damage to a proprietary interest'") (emphasis added).  Because it is not "'in the interest of sound judicial administration'" for this Court to enter a partial final judgment under Rule 54(b) at this time, *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears*, 351 U.S. at 437), this Court should deny the *Sellno* plaintiffs' request for an entry of partial final judgment.

**B.     The *Sellno* Plaintiffs' Motion For Certification Of An Interlocutory Appeal Under 28 U.S.C. § 1292(b) Lacks Merit.**

In the alternative, the *Sellno* plaintiffs ask this Court to certify the October 1 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  *See* Mot. 22-24.  Under that provision, a district court may certify that a non-final order "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the

order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b). The *Sellno* plaintiffs cannot satisfy these requirements here.

*First*, the *Sellno* plaintiffs argue that the October 1 order presents five supposedly open questions of law: (1) "[t]he Court's application of the *Robins Dry Dock* rule," (2) "[t]he Court's application of … *The Conqueror* case," 166 U.S. 110 (1897), (3) "whether CERCLA abrogates the *Robins Dry Dock* rule," (4) "whether the commercial fishermen's exception should be expanded to include waterfront property owners and boat owners," and (5) "whether state law should apply to the claims in this litigation."  Mot. 22-23.  The *Sellno* plaintiffs, however, provide no support for their contention that there is a "substantial ground for difference of opinion" on any of these questions.  To the contrary, as explained above, the *Sellno* plaintiffs' contention that *Robins Dry Dock* does not apply here, or should be overruled, is meritless.  And with respect to issues (2) through (5) of their list of issues for certification, the *Sellno* plaintiffs fail even to set forth a minimal explanation for why they believe that there is any difference of opinion at all.  Their failure to make any argument certainly casts no doubt on this Court's resolution of those issues in the October 1 order.

At bottom, as the *Sellno* plaintiffs candidly acknowledge in their motion, they are seeking to challenge "principles [that] have been undisturbed for decades."  Mot. 2.  Their "[d]isagreement with the district court's ruling" applying these settled principles to the facts of this case "is insufficient to establish a substantial ground for a difference of opinion."  *United States v. Louisiana Generating LLC*, Civ.A. No. 09-100-JJB, 2012 WL 4588437, at *2 (M.D. La. Oct. 2, 2012); *see also Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983); *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 182-83 (M.D. La. 2011).

**Second**, the *Sellno* plaintiffs cannot show that immediate appeal from the order will materially advance the ultimate termination of the litigation.  They argue that, without an immediate appeal, they may be required to "wait" to "raise these issues with the appellate courts."  Mot. 23.  Such delay, however, is no reason to certify an interlocutory appeal.  Instead, it simply puts the *Sellno* plaintiffs in the same position as other parties to this litigation.  Indeed, as noted above, certifying their questions presented for interlocutory appeal without at the same time certifying other issues at stake in this MDL (such as whether OPA displaces maritime law entirely) would lead to an inefficient resolution of the claims in this litigation.

The request for certification under § 1292(b) should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny the *Sellno* plaintiffs' "Motion for New Trial, Motion to Alter or Amend Judgment, and Motion for Certification of Interlocutory Appeal of Judgment Dismissing 'Pure Stigma Claims' and 'Recreation Claims.'"

November 20, 2012                              Respectfully submitted,


Richard C. Godfrey, P.C.                      */s/ Don K. Haycraft*
J. Andrew Langan, P.C.                        Don K. Haycraft (Bar #14361)
Wendy L. Bloom                               R. Keith Jarrett (Bar #16984)
KIRKLAND & ELLIS LLP                          LISKOW & LEWIS
300 North LaSalle Street                      701 Poydras Street, Suite 5000
Chicago, IL 60654                             New Orleans, Louisiana 70139-5099
Telephone:  312-862-2000                      Telephone:  504-581-7979
Facsimile:  312-862-2200                      Facsimile:  504-556-4108

Christopher Landau, P.C.
Jeffrey Bossert Clark                         Robert C. "Mike" Brock
Aditya Bamzai                                 COVINGTON & BURLING LLP
KIRKLAND & ELLIS LLP                          1201 Pennsylvania Avenue, NW
655 Fifteenth Street, N.W.                    Washington, DC 20004-2401
Washington, D.C. 20005                        Telephone:  202-662-5985
Telephone:  202-879-5000                      Facsimile:  202-662-6291
Facsimile:  202-879-5200


*Attorneys for BP Exploration & Production Inc., BP America Production Company, and BP p.l.c.*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 20th day of November 2012.

*/s/ Don K. Haycraft*
Don K. Haycraft