UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010 | MDL NO. 2179 |
| | SECTION: J |
| This document relates to: Case No. 2:11-CV-03180 | Honorable Carl J. Barbier |
| | Magistrate Judge Shushan |

_____

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE COMPLAINT IN INTERVENTION**
_____

I.    INTRODUCTION

Stephen S. Kreller of The Kreller Law Firm, William L. Roberts and Craig S. Coleman of Faegre Baker Daniels, LLP (formerly Faegre & Benson, LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA (hereinafter referred to collectively as "Intervening Attorneys") were retained by and represented Henry and Linda Martin and several entities owned by the Martins, and the Martins terminated Intervening Attorneys after a settlement was reached. Intervening Attorneys' former clients are in violation of the contingency fee agreements they signed and in violation of the equitable principle of quantum meruit that governs attorney's liens in Louisiana and many other states. The Court should grant leave to intervene in accordance with Federal Rule of Civil Procedure 24(a)(2) in order to ensure just compensation for Intervening Attorneys who provided a substantial benefit to their clients.

II.   BACKGROUND

1

dms.us.51122682.01

2

Henry Martin (DWH ClaimantID: 100001069), Linda Martin (DWH ClaimantID: 100057014), Jamie Jo, LLC (DWH ClaimantID: 100001217), Hank a Doodle, LLC (DWH ClaimantID: 100025899), H&L Martin, LLC a/k/a Four Sons, LLC (DWH ClaimantID: 100001068), Linda and Henry, LLC d/b/a Gulf Island Seafood (DWH ClaimantID: 100025919), and Stephanie Lynn, LLC (DWH ClaimantID: 100001355) (hereinafter collectively the "Martins") retained Intervening Attorneys on March 30, 2011 to represent their claims to the Gulf Coast Claims Facility and on or about December 14, 2011 to represent them in the *Deepwater Horizon* multi-district litigation (MDL). (Coleman Aff., Ex. B.)

On behalf of the Martins, Intervening Attorneys prepared and filed Gulf Coast Claims Facility (GCCF) claims, commissioned expert reports, filed direct actions in the MDL in Case Number 2:11-CV-03180, negotiated with the Plaintiffs' Steering Committee (PSC) and BP for settlement, and calculated and documented the Martins' claims under the settlement agreement, among other legal work. Intervening Attorneys fully describe the work performed for the Martins in the Complaint in Intervention, attached as Exhibit A. When only administrative tasks related to obtaining payment from the *Deepwater Horizon* Claims Center remained to be completed, the Martins dismissed Intervening Attorneys without cause.

### III.     ARGUMENT

Intervening Attorneys' motion should be granted under Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) provides that the court should permit anyone to intervene who meets three requirements. Fed. R. Civ. P. 24(a)(2). Intervention under this portion of the Rule requires "(1) the assertion of interest in the subject of the action, (2) a possibility that the disposition of the action may as a practical matter impede protection of the interest, and (3) inadequacy of

representation of the interest by existing parties." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970), *certiorari denied* 400 U.S. 878.

Intervening Attorneys must have a "direct, substantial, legally protectable interest in the proceedings." *Id.* Here, Intervening Attorneys have a sufficient interest in a portion of the settlement funds to be awarded to the Martins. *C.f. Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970), *certiorari denied* 400 U.S. 878 (finding that a government tax lien asserted against funds before the court in multiple party litigation, was an "interest" in property within the meaning of the intervention rule). Intervening Attorneys' interest is legally cognizable under the principles of contract law and equity which require payment of attorneys when valuable legal services are provided. *See Keith v. St. George Packing Co.*, 806 F.2d 525, 526 (5th Cir. 1986) (holding that an attorney with a contingent fee contract who was discharged by his client had an absolute right to intervene in the client's later suit to recover on the same cause of action).

The settlement fund from which Intervening Attorneys seek payment is under the exclusive control of this Court. After the settlement funds are distributed to the Martins, Intervening Attorneys will have few, if any, practical options for recovering their fees. They could pursue actions in the state court of Louisiana. But this would result in a cumbersome inefficient proceeding as the state court judge toils to familiarize himself or herself with the intricacies of the *Deepwater Horizon* litigation and settlement. In *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir. 1970), clients dismissed their attorneys, who were working on a contingent fee basis, after the attorneys had filed suit and worked on the claim. The court granted the attorneys motion to intervene for practical reasons because it was not reasonable to require the terminated attorneys to initiate a subsequent action to collect the fees generated in the existing litigation. *Id.*

Finally, neither the Martins nor the Defendants in the MDL have any interest in protecting the rights of Intervening Attorneys and will not represent Intervening Attorneys' rights at all, let alone adequately. Thus, Intervening Attorneys request leave to intervene in the MDL as a matter of right.

The Court has jurisdiction over this matter and is the most appropriate court to settle this dispute. Because the Court has jurisdiction over the underlying MDL, it has supplemental jurisdiction over these related attorney compensation claims. 28 U.S.C. § 1367(a); *see also Broughten v. Voss*, 634 F.2d 880, 883 (5th Cir. 1981) ("the court may assume jurisdiction over a claim based on a charging lien over the proceeds of the lawsuit"); *Clark v. Kick*, 79 F. Supp. 2d 747, 749-50 (S.D. Tex. 2000) ("[O]nce this Court's jurisdiction has been properly invoked to settle the controversy in the original action . . . the court has the power to settle fee disputes arising out of that original action . . . All the Circuit Courts of Appeal which have considered this question appear to agree on this point."). An action in intervention is the proper method to adjudicate the validity and amount of compensation due Intervening Attorneys.

Lastly, Intervening Attorneys' motion is timely as required by Rule 24. None of the Martins had received payment from the *Deepwater Horizon* Claims Center at the time of this filing.

### IV. CONCLUSION

In order to ensure the rights of Intervening Attorneys are protected, the Court should allow them leave to file a Complaint in Intervention as a matter of right under Federal Rule of Civil Procedure 24(a)(2).

dms.us.51122682.01

Dated: November 20, 2012                     RESPECTFULLY SUBMITTED:


                                                      BY:  /s/ *Stephen S. Kreller*

THE KRELLER LAW FIRM
Stephen S. Kreller (LA # 28440)
757 St. Charles Avenue, Suite 301
New Orleans, LA  70130
Telephone:  504-484-3488
Facsimile:  504-294-6091
Email:  ssk@krellerlaw.com

FAEGRE BAKER DANIELS, LLP
William L. Roberts (admitted pro hac vice)
Craig S. Coleman (admitted pro hac vice )
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
Telephone:  612-766-7000
Facsimile:  612-766-1600

LANGSTON & LOTT, P.A.
Duncan Lott (admitted pro hac vice)
Casey L. Lott (admitted pro hac vice)
100 South Main Street
Booneville, MS  38829
Telephone:  662-728-9733
Facsimile:  662-728-1992

**ATTORNEYS FOR PLAINTIFFS IN INTERVENTION**

5