UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re:  Oil Spill by the Oil Rig *Deepwater Horizon* in the Gulf of Mexico, on April 20, 2010<br><br>This document relates to:<br>Case No. 2:11-CV-03180 | MDL NO. 2179<br><br>SECTION: J<br><br>Honorable Carl J. Barbier<br><br>Magistrate Judge Shushan |

## COMPLAINT IN INTERVENTION

### INTRODUCTION

1. Plaintiffs-in-intervention are attorneys who were terminated without compensation by their clients, the defendants-in-intervention, after a settlement was reached in the *Deepwater Horizon* oil spill lawsuit.

2. Defendants-in-intervention retained Plaintiffs-in-intervention to represent them in the *Deepwater Horizon* oil spill matter and signed written contingent fee agreements. On behalf of Defendants-in-intervention, Plaintiffs-in-intervention prepared and filed GCCF claims, commissioned expert reports, filed direct actions in the Multi-District Litigation (MDL) based on seafood claims, negotiated with the Plaintiffs' Steering Committee (PSC) and BP for settlement, and calculated and documented the claims of Defendants-in-intervention under the settlement agreement, among other legal work. When only administrative tasks related to obtaining payment from the *Deepwater Horizon* Claims Center remained to be completed, Defendants-in-intervention dismissed Intervening Attorneys without cause.

1

EXHIBIT A

## THE PARTIES

3. Plaintiffs-in-intervention include attorneys Stephen S. Kreller of The Kreller Law Firm, William L. Roberts and Craig S. Coleman of Faegre Baker Daniels, LLP (formerly Faegre & Benson, LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA (hereinafter referred to collectively as "Intervening Attorneys").

4. Defendants-in-intervention include Henry Martin (DWH ClaimantID: 100001069) and Linda Martin (DWH ClaimantID: 100057014) who are husband and wife residing in Violet, Louisiana, and five corporations managed and directed by the Martins under the names Jamie Jo, LLC (DWH ClaimantID: 100001217), Hank-A-Doodle, LLC (DWH ClaimantID: 100025899), H&L Martin, LLC a/k/a Four Sons, LLC (DWH ClaimantID: 100001068), Linda and Henry, LLC d/b/a Gulf Island Seafood (DWH ClaimantID: 100025919), and Stephanie Lynn, LLC (DWH ClaimantID: 100001355) (hereinafter referred to collectively as "the Martins"). The Martins are all citizens of the United States.

## JURISDICTION AND VENUE

5. This claim is being filed pursuant to Rule 24(c) of the Federal Rules of Civil Procedure.

6. This Court has jurisdiction of this matter pursuant to Article III of the Constitution of the United States and 28 U.S.C. § 1367(a). Because the Court has jurisdiction over the underlying MDL, it has supplemental jurisdiction over these related attorney compensation claims.

7. The underlying MDL is venued in the Eastern District of Louisiana. Thus, venue of this action in this District is also proper.

## FACTUAL BACKGROUND

### A. Legal Services Provided

8. Intervening Attorneys actively and aggressively pursued the Martins' GCCF claims through Mr. Ken Feinberg and also aggressively pursued their claims in the MDL.

9. Intervening Attorneys dedicated a team of attorneys to work with the Martins on these claims. The attorneys personally investigated, documented, and handled their claims and have corresponded with them on an ongoing basis. Intervening Attorneys had client interviews and meetings with the Martins to fully investigate and document their GCCF claims, and MDL seafood claims.

10. Intervening Attorneys collected and analyzed all necessary business records related to the Martins' claims.

11. Intervening Attorneys hired and paid marine biologists tens of thousands of dollars to obtain, test, and document samples of the Martins' oyster reefs.

12. Intervening Attorneys hired experts, including National Resource Consultants, whose marine biologists testified in the Exxon Valdez litigation and have assessed biological and market damages caused by multiple oil spills. Intervening Attorneys also hired Corky Perret, a forty-year veteran of the Mississippi Department of Marine Resources and an expert on Gulf fisheries. The expert team prepared multiple reports presenting damage models designed to compensate commercial fishing businesses, like those of the Martins, for the full range of biological and market impacts caused by the oil spills. The damage models quantified ongoing and likely future damages through the use of risk multipliers. Intervening Attorneys paid for these experts and the reports.

13. Intervening Attorneys met with Mr. Feinberg and GCCF multiple times in Washington, D.C. to negotiate with GCCF on behalf of the Martins. This included a meeting in which Intervening Attorneys flew experts to Washington, D.C. to present their findings, including their expert reports and damage models, to Mr. Feinberg and GCCF. The efforts of Intervening Attorneys resulted in significant revisions to GCCF's methodologies for seafood related claims.

14. Intervening Attorneys prepared fully documented and detailed claims to GCCF for the Martins. Those claims included extensive analysis of biological damages and lost revenues caused by the oil spill, and were supported by expert reports including reports from one of the leading experts from the Exxon Valdez litigation. Intervening Attorneys paid for these experts and the reports.

15. In conjunction with the hired experts, Intervening Attorneys developed damage methodologies including the use of damage multipliers and reimbursement for property damage. These methodologies and concepts have been incorporated into the Seafood Compensation Program and are integral to the compensation that the Martins will receive under the Settlement Agreement's formulas.

16. Intervening Attorneys represented the Martins in the *In Re Deepwater Horizon* litigation on a direct action basis.

17. The GCCF claims and supporting documentation Intervening Attorney submitted for the Martins are now being used by the Seafood Compensation Program to calculate their compensation.

18. Intervening Attorneys extensively participated in settlement negotiations with the PSC and BP regarding compensation for seafood related claims.

4

19. Additionally, Intervening Attorneys extensively participated in mediations with Special Master John W. Perry, Jr. and Dan J. Balhoff regarding the formulas and compensation available under the Seafood Compensation Program.

20. Since filing of the settlement agreement, Intervening Attorneys have documented the claims of the Martins to ensure collection of all information necessary to obtain compensation under the Seafood Compensation Program. Intervening Attorneys calculated their claims under the settlement.

21. In addition to group meetings with our clients, Intervening Attorneys consulted with the Martins individually to review the settlement terms and explain how much money they will receive under the settlement.

22. On June 20, 2012, following the Preliminary Approval Order of the Economic and Property Damages Settlement (Rec. Doc. No. 6418) of this Honorable Court, the Martins notified Intervening Attorneys of their desire to dismiss the attorneys without cause.

23. The Court has granted preliminary approval of the settlement, including the Seafood Compensation Program. Intervening Attorneys have done everything necessary to obtain settlements for the Martins.  At this point, the only thing left to be done on behalf of the Martins is filling out online forms with the information Intervening Attorneys have collected, generated, and reviewed.

**B. Representation Agreements with Defendants-in-Intervention**

24. On March 30, 2011, the Martins each signed agreements retaining Intervening Attorneys to represent them in their claims with the Gulf Coast Claims Facility at a cost included contingency fee of 18 percent.

25. On September 19, 2011, Henry Martin signed an agreement retaining Intervening Attorneys to represent him in his Vessels of Opportunity claim at a cost included contingency fee of 18 percent.

26. On December 6 and on December 14, 2011, Henry Martin signed amendments to his original agreement retaining Intervening Attorneys to represent him in the *Deepwater Horizon* litigation against BP and other responsible parties at a cost included contingency fee of 25 percent. The fee arrangement with Henry Martin would remain at 25 percent even if he elected to opt-out of participation in the Economic and Property Damage Settlement, including the Seafood Compensation Program.

27. On December 14, 2011, Linda Martin, Jamie Jo, LLC, Hank-A-Doodle, LLC, H&L Martin, LLC a/k/a Four Sons, LLC, Linda and Henry, LLC d/b/a Gulf Island Seafood, and Stephanie Lynn, LLC retained Intervening Attorneys to represent them in the *Deepwater Horizon* litigation against BP and other responsible parties at a cost included contingency fee of 25 percent. The fee arrangement with the Martins would remain at 25 percent even if they elected to opt-out of participation in the Economic and Property Damage Settlement, including the Seafood Compensation Program.

28. The Martins each sent Intervening Attorneys a letter dated June 20, 2012 dismissing them without cause.

## COUNT I
## BREACH OF CONTRACT

29. Intervening Attorneys incorporate all preceding paragraphs as if fully set forth herein.

30. The Martins and Intervening Attorneys entered into written Contingent Fee Agreements (CFA). By the terms of those contracts, the Martins were obligated to pay Intervening Attorneys a percentage of any amount recovered by the Martins.

31. At all relevant times, Intervening Attorneys complied with the terms of the CFAs and have fully and substantially performed their contractual obligations.

32. The Martins have failed to pay Intervening Attorneys the contracted for contingent fee for legal services rendered. Nor have Intervening Attorneys collected any fees directly from the *Deepwater Horizon* Claims Center.

33. The Martins have breached their contracts with Intervening Attorneys.

34. As a result of the Martins' breach of the CFAs, Intervening Attorneys have suffered damages.

## COUNT II
## QUANTUM MERUIT OR EQUITABLE RELIEF

35. Intervening Attorneys incorporate all preceding paragraphs as if fully set forth herein.

36. The Martins and Intervening Attorneys had a written contract for legal services. There was an express understanding between the Martins and Intervening Attorneys that payment of a fee was dependent upon and would come from any recovery for the Martins.

37. Intervening Attorneys performed copious amounts of valuable legal work on behalf of the Martins, as explained in paragraphs 8-23 *supra*, resulting in a settlement.

38. In an attempt to avoid paying Intervening Attorneys' fee, the Martins terminated Intervening Attorneys after the settlement was reached and all work, other than minor

administrative tasks, was complete. Any further work on the Martins' claims must rely on the information collected and work already performed by Intervening Attorneys.

39. The Martins were provided timely notice by letter of Intervening Attorneys claims.

40. Intervening Attorneys have suffered damages and are entitled to recover the full 25 percent provided for in their contingency fee agreement, which is the reasonable value of the services rendered.

**WHEREFORE**, Intervening Attorneys, Stephen S. Kreller of The Kreller Law Firm, William L. Roberts and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA pray that a copy of this Complaint in Intervention be served upon the Martins herein; that they be duly cited to appear and answer the same and that, after all legal delays and due proceedings had, there be judgment herein in favor of Intervening Attorneys, Stephen S. Kreller of The Kreller Law Firm, William L. Roberts and Craig S. Coleman of Faegre Baker Daniels LLP (formerly Faegre & Benson LLP), and Duncan Lott and Casey L. Lott of Langston & Lott, PA for all costs incurred by Intervening Attorneys in connection with the legal services rendered on behalf of the Martins, and for legal fees incurred by Intervening Attorneys in representing the Martins, for the contingency fee as stated in the retainer agreement with Intervening Attorneys, which represents a reasonable value of Intervening Attorneys' services, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for any other fees as directed by the court, and for all general and equitable relief.

Dated: November 20, 2012.   RESPECTFULLY SUBMITTED:

BY:  /s/ *Stephen S. Kreller*

THE KRELLER LAW FIRM

Stephen S. Kreller (LA # 28440)
757 St. Charles Avenue, Suite 301
New Orleans, LA  70130
Telephone:  504-484-3488
Facsimile:  504-294-6091
Email:  ssk@krellerlaw.com

FAEGRE BAKER DANIELS, LLP

William L. Roberts (admitted pro hac vice)
Craig S. Coleman (admitted pro hac vice )
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
Telephone:  612-766-7000
Facsimile:  612-766-1600

LANGSTON & LOTT, P.A.

Duncan Lott (admitted pro hac vice)
Casey L. Lott (admitted pro hac vice)
100 South Main Street
Booneville, MS  38829
Telephone:  662-728-9733
Facsimile:  662-728-1992

**ATTORNEYS FOR PLAINTIFFS IN INTERVENTION**