IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179<br><br>SECTION J |
| This document relates to: | * * | Judge Barbier |
| *B1 Pleading Bundle and 11-925, 10-2771* | * * | Magistrate Judge Shushan |

**BRIEF OF DEFENDANT CAMERON OPPOSING
THE SELLNO PLAINTIFFS' ALTERNATIVE MOTIONS
FOR RECONSIDERATION OR IMMEDIATE APPEAL OF
<u>ORDER DISMISSING STIGMA AND RECREATION CLAIMS</u>**

Cameron International Corporation ("Cameron") respectfully submits this brief in opposition to the Sellno Plaintiffs' Motion for New Trial, Motion to Alter or Amend Judgment, and Motion for Certification of Interlocutory Appeal of Judgment Dismissing "Pure Stigma Claims" and "Recreation Claims," Doc. 7770 ("Sellno Plaintiffs' Motion").

1.    The Sellno Plaintiffs' Motion should be denied in all respects.  As explained in the ensuing paragraphs: (a) the Sellno Plaintiffs present no valid basis for this Court to revise its Order and Reasons [As to the Motions to Dismiss the Pure Stigma, BP Dealer, and Recreation Claims] properly applying the Supreme Court's decisions in *Robins Dry Dock, Twombley*, and *Iqbal,* Doc. 7526 ("*Robins Dry Dock* Order"); (b) there is no valid basis for entry of final judgment under Rule 54(b) because there are ample reasons for postponing any appeal until the Court's makes fact findings and enters judgment based on the record developed at the limitations trial; and (c) there is no valid basis for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) because there is ***not*** a "substantial ground for difference of opinion" concerning the controlling questions of law underlying this Court's *Robins Dry Dock* Order.

1

2.     The Sellno Plaintiffs' supporting brief, Doc. 7770-1, offers three supposed reasons for revising the *Robins Dry Dock* Order.  The Sellno Plaintiffs (a) dispute the conclusion that the pleadings do not adequately allege the commission of an intentional tort under the pleading standards established by the Supreme Court in *Twombley* and *Iqbal*; (b) question the Court's reliance on *Robins Dry Dock*; and (c) dispute the Court's application of the Oil Pollution Act ("OPA").  *See* Doc. 7770-1 at 1-2.  Because Cameron is not liable to the Sellno Plaintiffs under OPA, only the first two arguments are pertinent to claims against Cameron.

3.     Nowhere in their argument concerning the adequacy of the pleadings do the Sellno Plaintiffs address any allegation concerning Cameron.  Doc. 7770-1 at 6-12.  According to the specific factual allegations (as opposed to conclusory legal conclusions) in the pleadings, Cameron sold equipment to Transocean in 2001 to assist Transocean in preventing blowouts of oil wells drilled by the *Deepwater Horizon*.  Doc. 1128 ¶¶ 230, 282.  There is no allegation that Cameron committed an intentional tort in providing this equipment, much less that Cameron intended to injure the Sellno Plaintiffs.  Indeed, any such allegation would be entirely implausible within the meaning of *Twombley* and *Iqbal*.  Accordingly, it is beyond question that *Robins Dry Dock* applies with full force to support dismissal of the "pure stigma" and "recreation" claims against Cameron under maritime or any other applicable law.

4.     The Sellno Plaintiffs have every right to preserve an argument to the Supreme Court that the Supreme Court itself should reconsider its holding in *Robins Dry Dock*.[1]  As this Court has acknowledged, however, an unbroken string of Fifth Circuit decisions currently require application of that holding to the claims in this case.  *Robins Dry Dock* Order at 5-7, 25.

---

[1] *But see Barber Lines A/S v. M/V Donau Maru*, 764 F.2d 50, 56-57 (1st Cir. 1985) (Breyer, Circuit Judge) (rejecting the reasoning of the Fifth Circuit's dissenting minority in *Testbank* and applying *Robins Dry Dock* on the ground that the decision and its progeny are "reasonably consistent" and "supported by plausible considerations of tort policy").

5. Entry of a final judgment on less than all claims requires the Court to determine "expressly" that "there is no just reason for delay" in allowing an appeal from that judgment. FED. R. CIV. P. 54(b). In this case, however, there is just reason for delay that forecloses any such determination. The limitations trial is scheduled to commence on February 25, 2013. In relatively short order, therefore, the Sellno plaintiffs, as well as any other claimants in the limitations action affected by this Court's *Robins Dry Dock* Order, could take an appeal from any judgment entered on the basis of the factual record developed at the limitations trial. By contrast, an immediate appeal from dismissal on the pleadings – or at least significant aspects of such an appeal – might well be mooted by this Court's fact findings based on the limitation trial record, making such an appeal on purely legal grounds a potential waste of party and judicial resources. Cameron respectfully submits, therefore, that the Court should not make the required Rule 54(b) determination, and thus should deny entry of final judgment pursuant to that Rule.

6. An immediate appeal can be certified under 28 U.S.C. § 1292(b) only if the *Robins Dry Dock* Order "involves a controlling question of law as to which there is substantial ground for difference of opinion." There is clearly no substantial ground for difference of opinion concerning this Court's faithful application of the *Robins Dry Dock* rule in its *Robins Dry Dock* Order. This Court should therefore deny certification under section 1292(b).

1110069v1

While preserving its legal positions (Doc. 6922 at 2-3), Cameron respectfully requests that this Court deny all of the Sellno Plaintiffs' motions.

Respectfully submitted,

/s/ Phillip A. Wittmann

| | |
|---|---|
| David J. Beck, T.A.  | Phillip A. Wittmann, 13625 |
|   *dbeck@brsfirm.com* |   *pwittmann@stonepigman.com* |
| Joe W. Redden, Jr. | Carmelite M. Bertaut, 3054 |
|   *jredden@brsfirm.com* |   *cbertaut@stonepigman.com* |
| David W. Jones | Jared Davidson, 32419 |
|   *djones@brsfirm.com* |   *jdavidson@stonepigman.com* |
| Geoffrey Gannaway | STONE PIGMAN WALTHER WITTMANN |
|   *ggannaway@brsfirm.com* |   WITTMANN L.L.C. |
| BECK, REDDEN & SECREST, L.L.P. | 546 Carondelet Street |
| One Houston Center | New Orleans, Louisiana  70130 |
| 1221 McKinney St., Suite 4500 | Phone:  (504) 581-3200 |
| Houston, TX 77010 | Fax: (504) 581-3361 |
| Phone: (713) 951-3700 | |
| Fax: (713) 951-3720 | |

*Attorneys for Cameron International Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing document has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of November, 2012.

/s/ Phillip A. Wittmann

1110069v1