# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

In re: Oil Spill by the Oil Rig         MDL NO. 2179
      "Deepwater Horizon" in the Gulf
      of Mexico, on April 20, 2010        SECTION J

Applies to: 2:10-cv-07777            JUDGE BARBIER
                               MAGISTRATE JUDGE SHUSHAN

## ORDER

**[Regarding Woods Hole's Request for Fees and Costs (Rec. doc. 7947)]**

On April 20, 2012, Woods Hole Oceanographic Institution ("Woods Hole") was ordered to produce certain documents to BP.  Rec. doc. 6304.  On May 8, 2012, BP was ordered to pay the reasonable costs incurred by Woods Hole in complying with the subpoena.  Rec. doc. 6463.  On July 30, 2012, Woods Hole submitted a letter with its statement of the fees and costs it contends were reasonably incurred by it in complying with the BP subpoena.  Rec. doc. 7947. [1] On November 5, 2012, it supplemented its request with invoices from two third-party vendors.  Rec. doc. 7948.

Woods Hole excluded from its request the fees and costs incurred by it in contesting the subpoena.  The remaining fees and costs incurred by Woods Hole relate to the response to the subpoena. They include three elements:  (1) attorneys' fees incurred by Woods Hole's counsel; (2) costs incurred by its counsel, including invoices from third-party vendors; and (3) reimbursement for time spent by Woods Hole personnel in responding to the document request.  These may be summarized as follows:

---

[1] There were telephone conferences where the fee request was discussed.  BP disputed the reasonableness of the fee request.  It did not submit a formal opposition.

| | |
|---|---|
| Attorneys' Fees | $214,410.60 |
| Costs | 18,641.56 |
| Woods Hole Personnel | <u>141,979.55</u> |
| Total | $375,031.71 |

1.   **Attorneys' Fees**.

The most appropriate way to consider Woods Hole's request for fees and costs is pursuant to the "lodestar" analysis. The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate. Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933, 1939-40 (1983). The district court must eliminate excessive or duplicative time. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993); see Hensley, 103 S. Ct. at 1939-40.

Because of the manner in which Woods Hole's request is presented, the hourly rates will be considered first. Woods Hole reports that the hourly rates sought by it reflect a professional discount that its outside counsel granted to it. The hourly rates for the attorneys' ranged from $275.00 per hour to $925.00 per hour. The Court has limited experience with rates for firms in Boston, Washington and New York, but based on this experience, the rates are reasonable.[2]

Shepard Remis is a partner (10.9 hours at $925.00 for $10,082.50). After his initial presence at a Woods Hole meeting with two other attorneys from his firm on January 7, 2012, much of his activity was associated with monitoring the activity of others.[3]  Remis' time is duplicative and, in

---

[2] In Greater New Orleans Fair Housing Action Center, et al v. St. Bernard Parish, CA 06-7185-HGB-SS ("GNO v. St. Bernard")(Rec. Doc. 991 at 12-13), the Court accepted the 2008 and 2009 rates for a Washington, D.C. firm whose rates ranged from $415.00 to $625.00 for attorneys.

[3] For example, on February 13, 2012, he recorded 0.6 hour for "attention to status of review of document review and interaction with Coast Guard and BP."

the exercise of billing judgment, it should have been written off.[4]

Dahlia Fetouh is a partner (15.1 hours at $725.00 for $10,947.50) who took the lead in court in responding to the subpoena.  There is no reason for an adjustment to Fetouh's time.

Christopher Land is a senior attorney in the litigation department (89.2 hours at $520.00 for $46,384.00).  David McCrary is an associate in the litigation department (152.9 hours at $400.00 for $61,160.00).  Stephanie Leahy is department attorney (118.50 hours at $330.00 for $39,105.00). The time records for these attorneys demonstrate that some of their activity was duplicative.  For example on May 10, 2012 there are the following entries:

| | | |
|---|---|---|
| Land | 0.3 hours | Emails re production, second review of documents, etc. |
| McCrary | 7.5 hours | Oversee document review, QC check, etc. |
| Leahy | 8.1 hours | Second line review of documents, etc. |
| Briggs | 0.8 hours | Teleconference on emails from additional custodians. |

Some of the time for Land, McCrary and Leahy on May 10, 2010 should have written down as duplicative.  The total time sought for Land, McGrary and Leahy will be reduced by $40,000.00.

The time entries indicate that Michelle Briggs was brought in for issues concerning electronically stored information. Her firm's website describes her as an e-discovery attorney.  She had 19.9 hours at $450.00 for a total of $8,955.00. Arthur Dentremont (16.2 hours at $275.00 for $4,455.00) was used for work on issues concerning electronically stored information.  There is no indication of an issue with the time incurred by Briggs or Dentremont.

There were six contract attorneys who were billed at $135.00 per hour for document review.

---

[4]  Billing judgment refers to the usual practice of law firms writing off unproductive, excessive, or redundant hours.  Walker v. U.S. Dept. of Housing and Urban Development, 99 F.3d 761, 769 (5th Cir. 1996).

The six contract attorneys spent 423.30 hours performing document review.  Their hourly rate is reduced to $100.00 per hour for 423.30 hours or a total of $42,330.00.

The reasonable attorneys fees may be summarized as follows:

| | | | |
|---|---|---|---|
| Fetouh, D. | 15.1 | 725.00 | 10,947.50 |
| Briggs, M. | 19.9 | 450.00 | 8,955.00 |
| Dentremont, A. | 16.2 | 275.00 | 4,455.00 |
| Contract Attorneys[5] | 423.30 | 100.00 | 42,330.00 |
| Land, C. | 89.2 | 520.00 | 46,384.00 |
| Leahy, S. | 118.5 | 330.00 | 39,105.00 |
| McGrary, D. | 152.9 | 400.00 | 61,160.00 |
| Less Reduction for Land, Leahy and McGrary | | | (40,000.00) |
| Total | | | $173,336.50 |

## 2.    Costs.

In other fee requests, the Court has determined that certain expenses should be considered as part of the attorneys' overhead and not recoverable.  GNO v. St. Bernard, Rec. doc. 381 at 40.  The charges sought by Woods Hole's outside counsel for document printing, scanning, postage, duplicating charges, taxi service, meals, and toll calls are not recoverable.  The charges for express delivery are recoverable.  The charges from the third-party vendors are recoverable.

The reasonable costs may be summarized as follows:

5/31/12 Vestigant - Extracting Documents    1,738.13

---

[5] Beaverson, A. (71.8 hours); Collari, R. (105.1 hours); Levy, C. (28.6 hours); Mormondo, T. (29.1 hours); Nelson, L. (70.4); and Schuler, I. (118.3).  Total - 423.30 hours.

| | |
|---|---|
| 6/5/12 Vendor - Extracting Documents | 2,896.88 |
| 6/11/12 Target - Data Conversion | 848.93 |
| 7/26/12 Vendor - Extracting Documents | 7,236.80 |
| Express Delivery | <u>151.00</u> |
| Total Costs | 12,871.74 |

3.    **<u>Woods Hole Personnel</u>**.

Woods Hole seeks to recover for the time spent by nine of its employees who worked on the document production.  In the circumstances of this MDL, Woods Hole will be permitted to recover for time spent by its employees in responding to the subpoena.  Woods Hole did not present time records for these employees, so it is not possible to make the same analysis as was applied to the records for Woods Hole's counsel.  Woods Hole included minor amounts for four employees: (1) Bowen - 6.0 hours; (2) Barton - 3.0 hours; (3) Kleindist - 1.0 hour; and (4) Silva - 1.0 hour.  In the exercise of billing judgment, these should have been eliminated.  The time sought for the remaining five timekeepers will not be reduced or eliminated.

The hourly rate for these five timekeepers ranges between 16.25 and 77.26 per hour.  No guidance was presented to the Court on the reasonableness of these rates, but they will be accepted. Woods Hole applied a multiplier of 3.04 to account for overhead rates.  Again no guidance was presented to the Court on the reasonableness of the multiplier.  The Court's informal inquiries indicate a multiplier is appropriate and this one is reasonable.  The amounts sought by Woods Hole for the remaining five timekeepers are set out below.  These are the reasonable fees for the Woods Hole personnel.

| | |
|---|---|
| Camilli | 66,329.58 |

| | | |
|---|---|---|
| Carmichael | 1,976.00 | |
| Fenwick | 4,647.55 | |
| Reddy | 56,967.17 | |
| Yoerger | <u>10,334.30</u> | |
| Total | 140,254.60 | |

**4.   Conclusion.**

The reasonable attorneys' fees and cost for Woods Hole to respond to BP's subpoena are summarized as follows:

| | |
|---|---|
| Attorneys' Fees | $173,336.50 |
| Costs | 12,871.74 |
| Woods Hole Personnel | <u>140,254.60</u> |
| Total | $326,462.84 |

IT IS ORDERED that: (1) the request of Woods Hole for attorneys' fees and costs (Rec. doc. 7947) is GRANTED in PART and DENIED in PART as provided herein; (2) **within fourteen (14) calendar days of the entry of this order**, BP shall pay Woods Hole $305,412.55; and (3) the deadline for an appeal of this order is **Monday, December 3, 2012.**

New Orleans, Louisiana, this <u> 21st </u> day of November, 2012.

**SALLY SHUSHAN**
**United States Magistrate Judge**