## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * | **MDL NO. 2179** |
| | * | **SECTION J** |
| **This document relates to all actions.** | * * * | |
| | * * | **Honorable CARL J. BARBIER** |
| | * * | **Magistrate Judge SHUSHAN** |
| | * | |

| | | |
|---|---|---|
| Plaisance, *et al.*, individually and on behalf of the Medical Benefits Settlement Class, | * * * | **Civil Action No. 12-968** |
| | * | **SECTION J** |
| Plaintiffs, | * * * | |
| v. | * * | **Honorable CARL J. BARBIER** |
| | * * | **Magistrate Judge SHUSHAN** |
| BP Exploration & Production Inc.; BP America Production Company; BP p.l.c., | * * * | |
| Defendants. | * | |

## CLASS COUNSEL AND BP'S JOINT REPORT ON OBJECTIONS TO AND OPT-OUTS FROM THE *DEEPWATER HORIZON* MEDICAL BENEFITS CLASS ACTION SETTLEMENT, AS AMENDED ON MAY 1, 2012

*COUNSEL FOR THE SUBMITTING PARTIES ARE LISTED AT END OF THIS DOCUMENT*

Pursuant to the Court's Order of November 9, 2012 (Rec. Doc. 7878), BP Exploration & Production Inc. and BP America Production Company (collectively, "BP") and Class Counsel (together the "Parties") submit this joint report analyzing the objections and opt-outs made in connection with the Medical Benefits Class Action Settlement, as Amended on May 1, 2012 ("Medical Settlement Agreement" or "Medical Settlement") (Rec. Doc. 6427-1).

## INTRODUCTION

Only a tiny percentage of potential Medical Benefits Settlement Class Members have objected to, or requested to opt out of, the Medical Settlement. For both objectors and opt-outs, the overwhelming majority are represented by a small number of attorneys, some of whom have simultaneously counseled their clients that the Settlement is unfair, opted other clients out, and filed claims under the Settlement for clients who purportedly object and those who do not. In contrast, the vast majority (90%) of the more than 4,546 Class Members who have filed claims are <u>not</u> represented by counsel[1] -- indicating that opposition to the Settlement appears lawyer-driven. Further, even as to the small number of objections and opt-outs, many are procedurally and/or substantively invalid.[2]

This evidence strongly demonstrates that the Class as a whole supports the Settlement and concurs with the Parties and leading experts in class action law that the Medical Benefits Settlement is fair, reasonable, and adequate.

---

[1] *See* Supplemental Declaration of Matthew Garretson, November 19, 2012, Rec. Doc. 7944-1, ¶ 4.

[2] None of the remaining objections warrant disapproval of the Settlement for the reasons discussed at the November 8, 2012 Fairness Hearing, in the Parties' submissions in support of Final Approval (Rec. Docs. 7112, 7113, 7116, 7728, 7730, 7732), and in the Parties' joint Proposed Findings of Fact and Conclusions of Law (Rec. Doc. 7946).

## OBJECTIONS

Only 20 purported objections to Final Approval of the Medical Settlement were filed.[3] These were filed on behalf of 150 purported objectors—less than one tenth of one percent of the potential class of 200,000.   *See* Exhibit 1.   Ninety-one percent (137) of the objectors are purportedly represented by a small number of law firms:

- 74 -- the Sterbcow Law Group, Melancon & Rimes, and the Downs Law Group (Docket 10-7777, Rec. Doc. 92);

- 45 -- Smith Stag LLC. and Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman & McKee PA (Docket 10-7777, Rec. Docs. 185 and 202);

- 10 -- Frank D'Amico, Jr., APLC and Lindsay & Andrews, PA (Docket 10-7777, Rec. Doc. 158);

- 4 -- the Law Offices of Darrell Palmer, PC (Docket 10-7777, Rec. Doc. 124, duplicate copy at Rec. Doc. 213);

- 2 -- Becnel Law Firm LLC (Docket 10-7777, Rec. Doc. 180)[4]; and

- 2 -- Nexsen Pruet, LLC and Douglas Schmidt, APLC (Rec. Doc. 208).

The evidence does not demonstrate these objections are the product of a thorough investigation of the fairness of the proposed Settlement for each individual objector.   Some law firms that filed these mass objections have told the Court that -- while simultaneously urging the Court to reject the proposed Settlement on behalf of some clients -- they are submitting claims for benefits under the Medical Settlement for some of these same objectors and for other non-

---

[3] This total does not count multiple or duplicate filings by the same objectors.

[4] Malcolm Coco, one of the two objectors represented by the Becnel Law Firm, also filed an objection to preliminary approval of the Settlement.   (Rec. Doc. 6318.)   The Court overruled this objection at the preliminary approval stage.   (Preliminary Approval Order, Rec. Doc. 6419 at 14.)   Mr. Coco subsequently opted out of the Medical Settlement.   (November 19, 2012 Garretson Supp. Decl. ¶ 3, Ex. A).

objecting clients.  (*See* Declaration of Matthew Garretson, October 22, 2012, Rec. Doc. 7730-3, ¶ 9(b); *see also* 11/8/12 Hearing Tr. 227:1-6 (Darrell Palmer) and 230:24-231:15 (Robert McKee).)  The Settlement cannot be fair, reasonable, and adequate for some clients, yet not so for others.  Such disparate positions by individual law firms invite an inquiry by this Court whether such objections can be said to have been made in "good faith."

The Parties submit, however, that these facts raise the question of a potential conflict of interest, and provide a basis on which the Court could question or possibly reject the objections filed by the mass-objector counsel and other attorneys who are playing both sides of the motion pending before the Court.[5]

Many other objections fail for lack of standing.  More than one of every three purported objectors lack standing to object:

- Forty-six objectors,[6] who are listed on Exhibit 2, submitted opt-out requests in accordance with the terms of the Medical Settlement Agreement.[7]  *See* November 19, 2012 Garretson Supp. Decl. ¶ 3, Ex. A.

---

[5] *Compare In re Corn Derivatives Antitrust Litig.*, 748 F.2d 157, 162 (3rd Cir. 1984) (disqualifying counsel from representing an objector after withdrawing representation from a party that agreed to the class settlement) *with* Memorandum and Pretrial Order No. 1417, *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation*, No. 1203, Civ. A. 99–20593, 2000 WL 1342491 at *2 (E.D. Pa. Sept. 1, 2000) (denying motion to disqualify certain objectors' counsel for representing objectors and non-opted out class members because mere failure to opt out does not mean they are "necessarily . . . proponents of the settlement").  *See also* Order Disqualifying Bailey Pinney Firm, *Moreno v. Autozone, Inc.*, 2007 WL 4287517, at *3-4 (N.D. Cal. Dec. 6 2017) (finding that the simultaneous representation of settlement objectors and settlement claimants constituted a disqualifiable conflict of interest); NEWBERG ON CLASS ACTIONS § 15:25 (4th ed.) (while not necessarily a conflict, class counsel may be excluded in the case of simultaneous representation of opt-outs for "a showing of actual prejudice to either class members or individual parties"); *see also* ABA Section on Litig., Ethical Guidelines for Settlement Negotiations at 30 (Aug. 2002), *available at* http://www.americanbar.org ("An attorney also should not continue to represent different groups of class members if the interests of members of one group become adverse to the interests of members of another.  An attorney cannot represent and be an advocate for subclasses with opposing interests, and may not be able to represent class members supporting a settlement while also representing individuals who are objecting to it.").

[6] On September 7, 2012, Smith Stag, LLC and Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman & McKee, P.A. filed objections purportedly on behalf of 45 individuals.  (*See* Rec. Docs. 185 and 202.)  The opt-out requests submitted to the Medical Claims Administrator demonstrate that Smith Stag LLC had received signed opt-out requests from 9 of the 45 individuals (Patricia D. Boyles, Jorey T. Danos, Danny V. Hatcher, Frank M. Howell, Rachel R. Maneen, Chris A. Martin, James L. Morgan, Ronald F. Shearon, Jr., and Jeff R. Vaughan) <u>prior</u> to filing objections purportedly on their behalf.  (*See* Garretson Supp. Decl. ¶ 3, Ex. A.)

- Nine other objectors, who are listed on Exhibit 3, do not appear to be Class Members and thus lack standing.[8]   *See* November 19, 2012 Garretson Supp. Decl. ¶ 3, Ex. A.

Halliburton, as a non-settling defendant and non-Class Member, lacks standing to object.[9]  As this Court has held, non-Class Members and non-settling parties do not have standing to object to a class settlement.  (*See* Rec. Doc. 6418 at 16-17 ("Generally, non-class members do not have standing to object to a class settlement.  Significantly, claims excluded from the proposed settlement are unaffected and preserved."); Rec. Doc. 7038 at 1-2 (concluding that the proposed Settlements "will in no way affect any procedural or substantive rights of Halliburton")); *see also*, *e.g.*, *Transamerican Refining Corp. v. Dravo Corp.*, 952 F.2d 898, 900 (5th Cir. 1992) (holding that non-settling defendants lack standing); *Agretti v. ANR Freight Sys.*, 982 F.2d 242, 246 (7th Cir. 1992) ("We agree with the district court that [non-settling defendant] does not have standing to object to the settlement, either in district court or on appellate review of the settlement."); *In re Vioxx Prods. Liab. Litig.*, 388 F. App'x 391, 395 (5th Cir. 2010) ("This court has recognized that, in the context of class settlements, non-settling parties generally have no standing to challenge the settlement.").

---

[7] *See, e.g.*, *Price v. Housing Auth. of New Orleans*, No. 07-9741, 2008 WL 4449971, at *1 (E.D. La. 2008) ("Although he was one of the original class representatives in the lawsuit, he "opted out" of the settlement and had no standing to object to its terms."); *Mayfield v. Barr*, 985 F.2d 1090, 1093 (D.C. Cir. 1993) (finding that class members who opted out lacked standing because by opting out, they "escaped the binding effect of the class settlement"); NEWBERG ON CLASS ACTIONS § 13:69 (4th ed.) ("Named plaintiffs who opt out of a settlement have no standing to object to the settlement.").

[8] *See also Feder v. Elec. Data Sys. Corp.*, 248 F. App'x 579, 580 (5th Cir. 2007) (per curiam) ("Because Urbanik did not prove his membership in the class, he lacks standing to object."); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("Beginning from the unassailable premise that settlements are to be encouraged, it follows that to routinely allow non-class members to inject their concerns via objection at the settlement stage would tend to frustrate this goal."); NEWBERG ON CLASS ACTIONS § 11:55 (4th ed.) ("[A]s a general rule only class members have standing to object to a proposed settlement.").

[9] Halliburton also filed an objection to preliminary approval of the Settlement. (Rec. Doc. 6350)  The Court overruled this objection at the preliminary approval stage.  (Preliminary Approval Order, Rec. Doc. 6419 at 14.)

The State of Louisiana, which like Halliburton is not a Class Member and thus has no standing to object,[10] filed an "amicus" brief opposing certification of the Medical Class, but has neither sought nor been granted leave to make any such filing. The Court previously ruled that "the proposed settlements will in no way affect any procedural or substantive rights of . . . Louisiana" thus it has no standing or basis to object. (Rec. Doc. 7038 at 2.)

Additionally, two purported objectors failed to meet the procedural requirements for submitting proper objections to the Medical Settlement. Ms. Stella Chagares's objection was postmarked on October 5, 2012 (*See* Docket 10-7777, Rec. Doc. 250 at 7), and Mr. Gerald Porter's objection was postmarked to BP's counsel on September 13, 2012 (undocketed). Thus, both failed timely to submit their objections -- even after the Court extended the deadline for submissions by a week, to September 7, 2012, in light of Hurricane Isaac (Rec. Doc. 7225). These objections are procedurally invalid and should therefore be overruled.

Finally, as discussed in the Parties' opening and reply briefs filed in support of their motion for Final Settlement Approval (Rec. Docs. 7112, 7116, 7728, 7732), at the November 8, 2012 Fairness Hearing, and in the Parties' joint Proposed Findings of Fact and Conclusions of Law (Rec. Doc. 7946), no objection to the Medical Settlement presented any viable argument for rejecting the Settlement. Notwithstanding the procedural, conflict, and other problems discussed above, the Parties' briefs and Proposed

---

[10] *See*, *e.g.*, *Iowa ex rel. Miller v. Block*, 771 F.2d 347, 353 (8th Cir. 1985) (no standing where State claimed that "agriculture production will suffer, which will dislocate agriculturally-based industries, forcing unemployment up and state tax revenues down"); *People ex rel. Hartigan v. Cheney*, 726 F. Supp. 219, 225 (C.D. Ill. 1989) ("Assuming, arguendo, that these injuries will occur, the harm will fall on the taxpayers and citizens of Illinois and not on the state qua state.").

Findings of Fact and Conclusions of Law have thoroughly addressed the substance of all the objections filed with the Court, whether or not the purported objector had standing and/or submitted a timely objection.

### OPT-OUTS

As of November 20, 2012, the Claims Administrator for the Medical Benefits Class Action Settlement has received a total of 1,748 requests to opt-out of the Medical Settlement -- less than one percent of the 200,000 potential Settlement Class Members.   (Declaration of Matthew Garretson, November 21, 2012, Rec. Doc. 7989-1, ¶ 2.)   As with the objections to the Settlement, the vast majority of purported opt-out requests (1490, or 83%) were submitted by individuals represented by counsel.   Likewise, most of these purported requests for exclusion were the product of "mass" filings by a few law firms.   Specifically, eleven law firms accounted for 91% of the requests submitted by represented Class Members:

- 1,040 requests -- Nexsen Pruet, LLC and/or Douglas M. Schmidt, APLC
- 91 requests -- Smith Stag, LLC and/or Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman & McKee, PA
- 51 requests -- David B. Pilger, PLLC
- 41 requests -- Braddock Law Firm, PLLC
- 41 requests -- Milam & Milam LLC
- 40 requests -- Brent Coon & Associates
- 37 requests -- Frank D'Amico, Jr., APLC and/or Lindsay & Andrews, PA
- 25 requests -- the Buzbee Law Firm

These numbers raise the same serious concerns as the objections—namely, whether these mass, attorney-driven opt-outs were submitted after a careful consideration of each client's potential claims.   For example, the law firm Milam & Milam, LLC apparently sent a form letter to all of its potential settlement clients providing a global recommendation that for all individuals who are healthy and have health insurance, "you **NEED TO** opt out."   (Exhibit 4 (emphasis in original).)   There is no indication that these clients, nor the more than 1,000 individuals

represented by Nexsen Pruet, or any of the other mass attorney opt-outs, had an understanding or received individual counsel of their rights under the Medical Benefits Settlement before they "chose" to opt out of it.

All of the opt-out requests have been reviewed by the Claims Administrator and the Parties for validity. Many of them (102) failed to comply with the requirements of the Preliminary Approval Order and the Medical Settlement Agreement, while seven others were submitted on behalf of individuals who are excluded from the Medical Settlement Class. Accordingly, such requests to opt out are not valid, for one or more of the following reasons:

- **Requests were unsigned, signed only by attorney, or signed using a Power of Attorney (68 requests)**

In order to help ensure that Class Members would only be excluded from the Settlement Class with their express, written consent, the Court specifically required opt-out requests to be signed by the Class Member wishing to be excluded from the Settlement Class (or, where the Class Member is a minor, incapacitated or incompetent, or is deceased, by the Class Member's Authorized Representative). (*See* Preliminary Approval Order, Rec. Doc. 6419 ¶ 29; Medical Settlement Agreement § XI.E.) Opt-out requests signed by an attorney are not valid.[11] (*Id.*) The

---

[11] *See, e.g., Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 355 (6th Cir. 2009) ("Given the real risk that the attorney-signed opt-out forms did not reflect the wishes of class members, the district court appropriately exercised its power by requiring individually signed opt-out forms (and rejecting the attorney-signed forms)."); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2012 WL 92498, at * 15 (E.D. La. Jan. 10, 2012) (Fallon, J.) ("The opt-out notice must be signed by the individual Class Member."); *In re Zurn Pex Plumbing Prods. Liab. Litig.*, No. 08-MDL 1958, 2012 WL 5055810, at *9 (D. Minn. Oct. 18, 2012) (requiring *both* claimants and counsel (where individual counsel existed) to sign the opt-out form: "The completed letter or opt-out form must be signed by the potential Settlement Class member having a legal interest in the property being opted out, even if represented by counsel. If the Settlement Class member has entered into a written or oral agreement to be represented by counsel, the opt-out form must also be signed by the attorney."); *De Leon v. Bank of Am., N.A. (USA)*, 2012 WL 2568142, at *20 (M.D. Fla. Apr. 20, 2012) ("Exclusion requests must . . . be personally signed by the member of the Settlement Class who seeks to opt out . . . ."); *Olson v. Citibank (N.Y.)*, 2012 WL 1231787, at *2 (D. Minn. Apr. 12, 2012) ("For a Class Member's Opt–Out to be valid, it must . . . be signed by all borrowers on the Account . . . ."); *Turner v. Storm8, LLC*, 2010 WL 3037275, at * 2 (N.D. Cal. July 30, 2010) ("The Request to Opt Out must be signed by the Settlement Class Member . . . ."); *Russell v. United States*, 2010 WL 1691634, at *3 (N.D. Cal. Apr. 23, 2010) ("To opt out of the pending *Briggs* settlement, a class member had to have sent a letter to class counsel requesting exclusion from the settlement, (2) the letter had to have been signed by the class member . . . ."); *In re Ready-Mixed Concrete Antitrust Litig.*, 2007 WL 3334787, at *3 (S.D. Ind. Nov. 8, 2007) ("A request for exclusion from the Class

Claims Administrator received 59 requests that were signed by counsel attempting to act on behalf of purported Class Members.  (*See* November 21, 2012 Garretson Decl. ¶ 4(a), Ex. C.) Five requests contain no signatures at all.  (*See id.* at ¶ 4(d), Ex. F.)  Four requests were signed not by the purported Class Member or an Authorized Representative, but instead by individuals signing on behalf of a purported Class Member pursuant to a Power of Attorney.  (*Id.* at ¶ 4(e), Ex. G.)  These 68 purported opt-outs are invalid.

- **Requests were submitted to opt out of the wrong Settlement** (23 requests)

Two law firms, Brent Coon & Associates and the Buzbee Law Firm, submitted to the Medical Settlement Claims Administrator copies of 23 clients' requests to opt-out from the Economic and Property Damages Settlement.  (*See id.* at ¶ 4(b), Ex. B.)  These requests do not reference the Medical Settlement, let alone state the intention of the individual who signed them to opt-out of the Medical Settlement Class.  The lawyers' cover letters, which claim that these individuals want to opt-out of the Medical Settlement Class, do not meet this Court's requirement that the purported Class Member express an intent to opt-out of the Medical Settlement Class.  (*See* Preliminary Approval Order, Rec. Doc. 6419 ¶ 29; Medical Settlement Agreement § XI.E.)  Examples of such requests are attached hereto at Exhibit 5.  These 23 opt-

---

must . . .  be signed by the person or on behalf of the entity requesting exclusion . . . ."); *In re Dow Corning Corp.*, 2007 WL 1028644, at *2 (E.D. Mich. Mar. 31, 2007) ("The Settlement Facility sent Mr. Novak a letter dated January 11, 2005 stating, '[t]he election to opt-out was not signed by the Claimant as required by Annex A Settlement Facility Fund Distribution Agreement . . . .'  The plain and ordinary meaning of the word 'must' as set forth in Annex A of the Plan requiring Claimants to affirmatively elect to litigate and to sign the Participation Form is unambiguous.  As noted above, the word 'must' means the requirement is mandatory and is not discretionary . . . .  The Settlement Facility's determination in a January 11, 2005 letter to Mr. Novak that Ms. Novak's Claim would remain in the Settlement Program was not in error."); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553 (W.D. Wash. 2004) ("Each Class Member wishing to exercise an Opt–Out Right must submit a written letter, signed by the Class Member . . . ."); *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 2003 WL 23162343, at *1 (E.D. Pa. Dec. 3, 2003) ("This opt-out right must be exercised individually, and a class member must personally sign the notice, not the class member's attorney."); *In re Sulzer Hip Prosthesis & Knee Prosthesis Liab. Litig.*, 2002 WL 31472781, at *21 (N.D. Ohio June 19, 2002) ("Each Class Member wishing to exercise an Opt–Out Right must submit a written letter, signed by the Class Member . . . ."); *Georgine v. Amchem Prods, Inc.*, 160 F.R.D. 478, 501 n.43 (E.D. Pa. 1995) ("I have concluded on two prior occasions that it is improper for counsel to file an opt-out form on behalf of their present or future clients.").

out requests are invalid and provide further evidence that the documents filed do not reflect the actual intent of the individuals on whose behalf they were filed.

- **<u>Requests were submitted after the extended deadline to opt out</u>** (10 requests)

Ten purported opt-out requests were postmarked after the November 1, 2012 deadline set by the Court.  (*See* November 21, 2012 Garretson Decl. ¶ 4(c), Ex. E.)  They are thus invalid. *Silvercreek Mgmt. Inc. v. Bank of America Sec. LLC*, 543 F.3d 469, 471 (5th Cir. 2008) (district court did not have to extend opt-out date to accommodate party who had missed it); *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liability*, 92 Fed. Appx. 890, 895 (3rd Cir. 2004) (district court was correct to enjoin litigating a settled claim because "the fact remains that [plaintiff] failed to file the initial opt-out form by the March 30, 2000 deadline").

- **<u>Other invalid opt-outs</u>** (9 requests)

Opt-out requests were submitted on behalf of seven individuals who are excluded from the Medical Settlement Class, including one person who was employed by BP during the relevant time period, two persons who were on board the *Deepwater Horizon* on April 20, 2010, and four children who were born in 2011 or 2012.  (*See* November 21, 2012 Garretson Decl. ¶ 5, Ex. I.)

Attorney Bruce Vandyke submitted an opt-out request on behalf of Trisha Anshaw.  The request contained a signed statement requesting to opt out, but no identifying information whatsoever, as required by the Preliminary Approval Order and the Medical Settlement Agreement.  (*See* Preliminary Approval Order, Rec. Doc. 6419, ¶ 29; Medical Settlement Agreement § XI.E.)  Accordingly, the Claims Administrator and the Parties have no way to discern the identity of this purported opt-out, and it is invalid.  While literally hundreds of additional opt-out requests did not include the proper identification or were missing other

required information under the terms of the Medical Settlement Agreement, the Parties agreed to count these requests as valid so long as there was some information sufficient to identify the purported Class Member.  Ms. Anshaw's request contained no such information.

The Claims Administrator has received one revocation of an opt-out request.  (*See* November 21, 2012 Garretson Decl. ¶ 6, Ex. J.)  However, the number of revocations is expected to increase as additional revocations are received before the extended deadline of December 15, 2012 for revocations without BP's consent.  (*See* Rec. Doc. 7928.)

Accounting for the invalid opt-outs above, as of November 20, 2012, the Claims Administrator has received opt-out requests that substantially meet the Class Notice and Court's requirements for requesting exclusion from the Settlement Class for 1,638 potential Class Members.  The Claims Administrator has not made a final determination which of these 1,638 individuals are Class Members.  However, this figure likely overstates the number of Class Members who submitted opt-outs, as many of these individuals may not be Class Members.[12]

## Conclusion

There are very few objections to, and opt-outs from, the Medical Settlement.  None of the objections is valid and many of the opt-outs are procedurally improper and raise serious questions as to their legitimacy.  The small number and insubstantial quality of both the objections and opt-outs are strong evidence that the Medical Settlement is fair, reasonable, and adequate.  The Parties respectfully request that the Court grant Final Approval of the Medical Settlement.

---

[12] Thirty of the 1,638 opt-out requests were submitted by individuals who indicated in their opt-out request, or in an objection filed with the Court, that they are not Class Members.  (*See* November 21, 2012 Garretson Decl. ¶ 8, Ex. K.)

November 21, 2012                          Respectfully submitted,


                                           */s/ Richard C. Godfrey, P.C.*
James J. Neath                             Richard C. Godfrey, P.C.
Mark Holstein                              J. Andrew Langan, P.C.
BP AMERICA INC.                            Andrew B. Bloomer, P.C.
501 Westlake Park Boulevard                Elizabeth A. Larsen
Houston, TX  77079                         Catherine Fitzpatrick
Telephone:  (281) 366-2000                 KIRKLAND & ELLIS LLP
Telefax:  (312) 862-2200                   300 North LaSalle Street
                                           Chicago, IL  60654
Ellen K. Reisman
ARNOLD & PORTER LLP                        */s/ Don K. Haycraft*              .
777 South Figueroa Street                  Don K. Haycraft (Bar #14361)
Los Angeles, CA 90017-5844                 R. Keith Jarrett (Bar #16984)
                                           LISKOW & LEWIS
James P. Joseph                            701 Poydras Street, Suite 5000
Ethan P. Greene                            New Orleans, Louisiana 70139
ARNOLD & PORTER LLP                        Telephone:  (504) 581-7979
555 Twelfth Street, NW                     Telefax:  (504) 556-4108
Washington, DC 20004-1206
                                           Robert C. "Mike" Brock
*Of Counsel*                               COVINGTON & BURLING LLP
                                           1201 Pennsylvania Avenue, NW
                                           Washington, DC 20004
                                           Telephone:  (202) 662-5985
                                           Telefax:  (202) 662-6291


**ATTORNEYS FOR BP EXPLORATION & PRODUCTION INC.
AND BP AMERICA PRODUCTION COMPANY**

Stephen J. Herman, La. Bar No. 23129
HERMAN HERMAN & KATZ LLC
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024
E-Mail: sherman@hhklawfirm.com


*Co-Lead Class Counsel*

James Parkerson Roy, La. Bar No. 11511
DOMENGEAUX WRIGHT ROY &
EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No. (337) 233-2796
E-Mail: jimr@wrightroy.com


*Co-Lead Class Counsel*

### PLAINTIFFS' STEERING COMMITTEE
### AND MEDICAL BENEFITS CLASS COUNSEL

Brian H. Barr
LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER & PROCTOR, PA
316 South Baylen St., Suite 600
Pensacola, FL 32502-5996
Office: (850) 435-7045
Telefax: (850) 436-6187
E-Mail: bbarr@levinlaw.com

Robin L. Greenwald
WEITZ & LUXENBERG, PC
700 Broadway
New York, NY 10003
Office: (212) 558-5802
Telefax: (212) 344-5461
E-Mail: rgreenwald@weitzlux.com

Jeffrey A. Breit
BREIT DRESCHER IMPREVENTO &
WALKER, P.C.
999 Waterside Drive, Suite 1000
Norfolk, VA 23510
Office: (757) 670-3888
Telefax: (757) 670-3895
E-Mail: jbreit@bdbmail.com

Rhon E. Jones
BEASLEY, ALLEN, CROW, METHVIN,
PORTIS & MILES, P. C.
218 Commerce St., P.O. Box 4160
Montgomery, AL 36104
Office: (334) 269-2343
Telefax: (334) 954-7555
E-Mail: rhon.jones@beasleyallen.com

Elizabeth J. Cabraser
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Office: (415) 956-1000
Telefax: (415) 956-1008
E-Mail: ecabraser@lchb.com

Matthew E. Lundy
LUNDY, LUNDY, SOILEAU
& SOUTH, LLP
501 Broad Street
Lake Charles, LA 70601
Office: (337) 439-0707
Telefax: (337) 439-1029
E-Mail: mlundy@lundylawllp.com

Philip F. Cossich, Jr.
COSSICH, SUMICH, PARSIOLA
& TAYLOR
8397 Highway 23, Suite 100
Belle Chasse, LA  70037
Office:  (504) 394-9000
Telefax: (504) 394-9110
E-Mail:  pcossich@cossichlaw.com

Robert T. Cunningham
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P. O. Box 66705
Mobile, AL  36660
Office:  (251) 471-6191
Telefax: (251) 479-1031
E-Mail:  rtc@cunninghambounds.com

Alphonso Michael "Mike" Espy
MORGAN & MORGAN, P.A.
188 East Capitol Street, Suite 777
Jackson, MS  39201
Office:  (601) 949-3388
Telefax: (601) 949-3399
E-Mail:  mike@mikespy.com

Calvin C. Fayard, Jr.
FAYARD & HONEYCUTT
519 Florida Avenue, SW
Denham Springs, LA  70726
Office:  (225) 664-4193
Telefax: (225) 664-6925
E-Mail:  calvinfayard@fayardlaw.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
Office:  (843) 216-9159
Telefax: (843) 216-9290
E-Mail:  **jrice@motleyrice.com**

Michael C. Palmintier
deGRAVELLES, PALMINTIER,
HOLTHAUS & FRUGE'
618 Main Street
Baton Rouge, LA  70801-1910
Office:  (225) 344-3735
Telefax: (225) 344-0522
E-Mail:  mpalmintier@dphf-law.com

Paul M. Sterbcow
LEWIS, KULLMAN, STERBCOW
& ABRAMSON
601 Poydras Street, Suite 2615
New Orleans, LA  70130
Office:  (504) 588-1500
Telefax:  (504) 588-1514
E-Mail:  sterbcow@lksalaw.com

Scott Summy
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX  75219
Office:  (214) 521-3605
Telefax: (214) 599-1172
E-Mail:  ssummy@baronbudd.com

Mikal C. Watts
WATTS GUERRA CRAFT, LLP
Four Dominion Drive, Building 3, Suite 100
San Antonio, TX  78257
Office: (210) 447-0500
Telefax: (210) 447-0501
E-Mail:  mcwatts@wgclawfirm.com

Conrad S.P. "Duke" Williams
WILLIAMS LAW GROUP
435 Corporate Drive, Suite 101
Maison Grand Caillou
Houma, LA  70360
Office:  (985) 876-7595
Telefax: (985) 876-7594
E-Mail:  **duke@williamslawgroup.org**

Ervin A. Gonzalez
COLSON HICKS EIDSON
255 Alhambra Circle, Penthouse
Coral Gables, FL  33134
Office:  (305) 476-7400
Telefax: (305) 476-7444
E-Mail:  ervin@colson.com

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 21st day of November, 2012.

/s/ Don K. Haycraft<br>Don K. Haycraft