# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG "DEEPWATER HORIZON" in the GULF OF MEXICO, on APRIL 20, 2010<br><br>Relates to: *All Cases* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | MDL No. 2179<br><br>SECTION:  J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

**HESI'S REPLY MEMORANDUM IN SUPPORT OF ITS
AMENDED MOTION FOR ADVERSE INFERENCES BASED
ON ASSERTIONS OF THE FIFTH AMENDMENT**

Defendant, Halliburton Energy Services, Inc. ("HESI") files this Reply Memorandum in Support of its Amended Motion for Adverse Inferences Based on Assertions of the Fifth Amendment. (Rec. Docs. 7644 and 7644-1). The responsive briefs addressed in this reply were filed by BP (Rec. Docs. 7879 and 7879-1–7879-9) and Transocean ("TO") (Rec. Docs. 7844 and 7844-1).

**I.     The Parties Generally Agree on the Applicable Legal Standards**

HESI, BP, and TO (the "Parties") generally agree on the applicable legal standards that govern the Court's analysis regarding the application of adverse inferences based on witnesses' assertions of the Fifth Amendment. Notably, they all concur that the propriety of an adverse inference is analyzed on a case-by-case basis.[1]

---

[1] HESI: Rec. Doc. 7848, pp. 2-3 ("Adverse inferences must be analyzed on a case-by-case basis."); BP: Rec. Doc. 7879, p. 3 ("The Court is required to evaluate the proposed inferences on a case-by-case basis."); TO: Rec. Doc. 7844, pp. 2, 6 (Adverse inferences "may be drawn only on a question-by-question basis.").

Additionally, the Parties emphasize throughout their briefing that adverse inferences must be supported by corroborating evidence.[2] The parties also show that adverse inferences must be rejected if they fail to comply with the Federal Rules of Evidence.[3] Critically, an adverse inference is not warranted if the witness lacks personal knowledge of the subject matter addressed by the requested inference or if a proper foundation is otherwise absent.[4]

The Parties also agree that the four factors set forth in *LiButti v. United States*, 107 F.3d 110 (2d Cir. 1997), are applicable to the Court's case-by-case examination.[5] Indeed, both HESI and BP apply the *LiButti* factors to explain why it would be improper to apply adverse inferences

---

[2] HESI: Rec. Docs. 7644-1, pp. 2-3 and 7848, pp. 3-4, 5-8 ("Parties must proffer probative, corroborating, and independent evidence to support an adverse inference."); BP: Rec. Doc. 7879, pp. 4, 9-10 ("There must be independent evidence to support the negative inference beyond the invocation of the privilege."); TO: Rec. Doc. 7844, pp. 3-4 ("The Court should not draw adverse inferences in the absence of corroborating evidence.").

[3] HESI: Rec. Doc. 7848, pp. 4-5, 10 ("Federal Rules of Evidence must apply with equal force to an adverse inference"); BP: Rec. Doc. 7879, p. 7 ("Adverse inferences are only admissible if they 'comply with the Federal Rules of Evidence.'") (citation omitted); TO: Rec. Doc. 7844, p. 6 ("The finder of fact must still determine whether the inference is permissible under the rules of evidence.").

[4] HESI: Rec. Doc. 7848, pp. 4, 8-10 ("Adverse inference can only be derived from a witness who invokes the Fifth Amendment and has personal knowledge concerning the subject matter of the requested adverse inference."); BP: Rec. Doc. 7879., p. 7 ("No adverse inferences may be drawn from an invocation of the Fifth Amendment where the witness has no personal knowledge or otherwise lacks a proper foundation to answer."); TO: Rec. Doc. 7844, pp. 6-8 ("'Any adverse inference drawn from [a witness's] testimonial silence requires finding that [the witness] had personal knowledge of the subject about which he refuses to testify;'" also objecting generally to foundation issues) (citation omitted).

[5] HESI: Rec. Doc. 7848, pp. 10-11 (applying the *LiButti* factors); BP: Rec. Doc. 7879, pp. 10-13 (same); TO: Rec. Doc. 7844, pp. 4-5 (same).

against them based on the Fifth Amendment assertions of non-employee deponents, particularly given the adversarial nature of the relationships among HESI, BP, and TO in this litigation.[6]

## II. The Court Should Defer Ruling on Adverse Inferences

HESI respectfully urges the Court to defer ruling on the propriety of specific adverse inferences until after it has an opportunity to receive and review the Phase One trial evidence. The Court will receive a significant volume of evidence during the Phase One trial. Thus, deferring a ruling on adverse inferences would be the most efficient and effective use of the Court's time. Once the trial evidence is received, the Court will be in a much better position to accurately weigh whether sufficient corroborating evidence exists for the adverse inferences sought by the parties. Indeed, the responses filed by HESI, BP and TO (Rec. Docs. 7844, 7848, and 7879) demonstrate that, in most instances, a dispute exists in the evidence for the requested adverse inferences.[7] By deferring ruling, the Court will be in a better position to weigh the evidence received at trial and resolve such discrepancies. In fact, the Court may find it helpful for the parties to submit additional briefing on the appropriateness of the requested inferences in light of the evidence admitted at trial.

---

[6] HESI: Rec. Doc. 7848, pp. 10-11 (adverse inferences are not warranted against HESI based on the Fifth Amendment assertion of BP employee); BP: Rec. Doc. 7879, pp. 10-13 (adverse inferences are not warranted against BP based on Fifth Amendment assertions of HESI and TO employees).

However, HESI disputes both BP's and TO's contentions that the *LiButti* factors counsel against the application of adverse inferences based on their *own employees'* assertions of the Fifth Amendment. (BP: Rec. Doc. 7879, pp. 13-14; TO: Rec. Doc. 7844, pp. 4-5). Courts have repeatedly concluded that adverse inferences may be applied to a party in connection with the Fifth Amendment invocations of the party's former and/or current non-party employees. *See Kontos v. Kontos*, 968 F.Supp. 400, 406-407 (S.D. Ind. 1997) (discussing cases).

[7] Although the parties generally dispute the corroborating evidence for adverse inferences sought against them, exceptions do exist. For example, HESI seeks an inference that it was BP's responsibility to interpret the negative test (Rec. Doc. 7644-1, p. 8), and BP acknowledges that "both Transocean and BP personnel were involved in setting up and conducting the negative pressure test and concluded that it was successful" (BP: Rec. Doc. 7879, pp. 28-29 (citing evidence in support)).

### III. Because Hafle and Harrell Are Unavailable to Testify, the Court May Consider Their Prior Testimony

An additional reason to defer ruling on adverse inferences is to enable the Court to first determine the admissibility of testimony before the Joint Investigation Team ("JIT") for witnesses who invoked their Fifth Amendment rights. Two of the Fifth Amendment witnesses for whom HESI seeks adverse inferences previously gave testimony before the JIT in 2010 (Hafle and Harrell). The general rule concerning Coast Guard hearing transcripts (such as the BP Oil Spill JIT panel) is that they "are hearsay and are admissible as a former testimony exception only if the witness is 'unavailable.'" *In re Armatur, S.A.*, 710 F. Supp. 390, 402 (D. Puerto Rico 1988). Hafle and Harrell are unavailable to testify because they asserted their Fifth Amendment rights in response to questioning at their depositions. *See United States v. Dixon*, 132 F.3d 192, 198 n. 8 (5th Cir. 1997) (defendant who "refused to testify on the basis of the Fifth Amendment . . . became 'unavailable' within the definition of Federal Rule of Evidence 804(a)"). Therefore their former testimony can serve as corroborating evidence for adverse inferences.

TO and BP object to the use of JIT testimony as corroborating evidence (Rec. Docs. 7844, p. 11 and 7879-1, p. 24), noting that the Court previously ruled that such testimony was inadmissible. *See* Order [Regarding Motions *in Limine* to Exclude Evidence of the Joint Investigation Report and Testimony] (Rec. Doc. 5448) ("Order"). However, this Order (as well as the parties' underlying briefing) was primarily focused on the admissibility of the JIT Report itself. Neither the Court nor the parties have addressed whether the JIT testimony for unavailable Fifth Amendment witnesses may be considered in connection with the adverse inferences sought by HESI.

The Fifth Circuit has concluded that if a witness invokes the Fifth Amendment, the witness is "unavailable" to testify within the meaning of the Federal Rules of Evidence. *See Dixon*, 132 F.3d at 198 n. 8 (noting that because the defendant "refused to testify on the basis of the Fifth Amendment, she became 'unavailable' within the definition of Federal Rule of Evidence 804(a)"). And if a witness is unavailable to testify, Rule 804(b)(1) states that (provided certain criteria are met) previous testimony will be admissible:

> (b) Hearsay exceptions.
>
> The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) *Former testimony*. Testimony that:
>
> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who has – or, in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Fed. R. Evid. 804(b)(1).

If a witness is unavailable, Coast Guard hearing transcripts–such as those from the BP Oil Spill JIT panel–"are hearsay and are admissible as a former testimony exception. . . ." *Armatur*, 710 F. Supp. at 402. Courts have little difficulty in admitting such testimony in subsequent proceedings if the witness is shown to be unavailable to testify. *See id.* at 403 ("It would be wasteful folly not to use testimony whose content is indisputable because of some general objection to the reliability of the entire hearing testimony."); *see also Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179 (3d Cir. 1978) (holding that previous Coast Guard testimony

satisfied Rule 804 requirements because the witness was unavailable and because a predecessor in interest had an opportunity and similar motive to develop the testimony).[8]

Because Harrell and Hafle testified before the JIT panel and subsequently declared themselves "unavailable" to testify due to their Fifth Amendment invocations, the Court should consider their JIT testimony for the adverse inferences HESI requests.

### IV.     Invocations of the Fifth Amendment Privilege by Current and/or Former Employees May Be Adopted As a Vicarious Statement of the Defendant Employer for Purposes of Imputing Adverse Inferences

HESI also disputes TO's contention that inferences against TO are improper if they are adverse to TO, but not adverse to the witness who invoked their Fifth Amendment privilege. (Rec. Doc. 7844, pp. 8-9).[9]  Notably, TO does not cite any authority in support of this proposition.  In fact, courts have recognized that "claims of [Fifth Amendment] privilege made while an employee is still working for a defendant can be adopted as a vicarious statement of the

---

[8] *But see In re the Complaint of Paducah Towing Co.*, 692 F.2d 412, 419 (6th Cir. 1982) (holding that prior testimony at Coast Guard hearing was inadmissible under Rule 804 because the Coast Guard officer was not a lawyer and did not properly cross examine the witness which, therefore, did not provide "even minimal assurance of reliability.").  *Paducah* is not instructive in this case, however, because each party was represented by counsel at the JIT hearing.  Moreover, as each witness was subjected to multiple questions by multiple parties, the witnesses were all fully examined.

[9] BP seems to suggest a similar argument, claiming that "the Court should refuse to impose adverse inferences in situations where the question posed was not likely to inculpate the witness." (BP: Rec. Doc. 7879, pp. 6-7).  However, the authorities cited by BP do not support the rejection of an adverse inference against BP given the factual dissimilarities of the cited opinions to this case.  *See Hoffman v. United States*, 341 U.S. 479, 486-87 (1951) (in this criminal proceeding, the Supreme Court concluded the defendant was not in contempt for refusing to answer questions before a grand jury because he had a "reasonable concern" that answering might furnish "links in a chain of facts imperiling petitioner with conviction of a federal crime"); *United States v. RedHead*, 194 Fed. Appx. 234 (5th Cir. 2006) (addressing whether the Fifth Amendment precluded defendant from producing documents in response to a summons in the context of a proceeding to determine assets, not to establish liability; the court held the Fifth Amendment did not prevent disclosure of documents given the context in which they were sought and because they pertained to asset holdings); *Steinbrecher v. Commissioner of Internal Revenue*, 712 F.2d 195, 196-98 (5th Cir. 1983) (appellants stated on IRS Forms 1040 that they objected to answering questions regarding income on the grounds of the Fourth and Fifth Amendments; they continued to assert the Fifth Amendment in response to requests for records or books).

defendant employer if the question that triggered the claim related to the employee's work." *Kontos*, 968 F. Supp. at 406 (discussing *Brink's Inc. v. City of New York*, 717 F.2d 700 (2d Cir. 1983)). Additionally, "the fact that the invoker of a privilege no longer is an employee of the defendant does not make his refusal to testify any less a vicarious admission of his former employer." *Kontos*, 968 F. Supp. at 406.

## V. Conclusion

For the reasons stated herein, HESI respectfully urges the Court to defer ruling on the propriety of specific adverse inferences until it has received and reviewed the Phase One trial evidence. In the event the Court does not defer ruling, HESI submits that it provided adequate corroborating evidence to support the inferences it seeks against TO and BP, and that for the reasons stated herein and in its opening motion and memorandum, this Court should grant HESI's requested adverse inferences against BP and TO.

Respectfully submitted,

**GODWIN LEWIS PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
DGodwin@GodwinRonquillo.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
BBowman@GodwinRonquillo.com
Jenny L. Martinez
State Bar No. 24013109
JMartinez@GodwinRonquillo.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
FHartley@GodwinRonquillo.com
Gavin E. Hill
State Bar No. 00796756
GHill@GodwinRonquillo.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone: (214) 939-4400
Facsimile: (214) 760-7332
and
R. Alan York
State Bar No. 22167500
AYork@GodwinRonquillo.com
Jerry C. von Sternberg
State Bar No. 20618150
JVonSternberg@GodwinRonquillo.com
Misty Hataway-Coné
State Bar No. 24032277
MCone@GodwinRonquillo.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone: 713.595.8300
Facsimile: 713.425.7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

# CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing HESI's Reply Memorandum in Support of its Amended Motion for Adverse Inferences Based on Assertions of the Fifth Amendment has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 21st day of November, 2012.

/s/ Donald E. Godwin
Donald E. Godwin