Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re:  Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | * * * * * | MDL NO. 2179 |
| | | SECTION J |
| This document relates to all actions. | * * * * | |
| | * * * | Honorable CARL J. BARBIER |
| | * | Magistrate Judge SHUSHAN |

| | | |
|---|---|---|
| Bon Secour Fisheries, Inc., et al., individually and on behalf of themselves and all others similarly situated, | * * * * * | Civil Action No. 12-970 |
| | | SECTION J |
| Plaintiffs, | * * * | |
| v. | * * * | Honorable CARL J. BARBIER |
| | * | Magistrate Judge SHUSHAN |
| BP Exploration & Production Inc.; BP America Production Company; BP p.l.c., | * * * | |
| Defendants. | * | |

## <u>DECLARATION OF JENNIFER M. KEOUGH</u>

I, Jennifer M. Keough, hereby declare and state as follows:

1.    I am over the age of 21 years and a resident of the State of Washington. Unless otherwise stated, I have personal knowledge of the facts set forth herein, including through a review of the materials described herein and, if called to do so, could testify truthfully thereto.

2.      I am Chief Operating Officer for The Garden City Group, Inc. ("GCG"). GCG is a Claims Administration Vendor in the Deepwater Horizon Economic and Property Damages Settlement Court Supervised Settlement Program ("Settlement Program"). GCG is responsible for reviewing and processing requests for exclusion ("opt out requests") from the Economic and Property Damages Settlement Class ("Settlement Class") and other correspondence submitted to the Settlement Program Exclusions Department. I am responsible for overseeing this opt out processing work.

3.      As of November 15, 2012, the Settlement Program's Exclusions Department has received a total of 25,866 submissions.

4.      2,117 of these submissions were duplicate submissions concerning the same potential class member, and thus did not represent any additional opt out request. These submissions were either repetitive, intended to clarify intent, or submitted to correct deficiencies in an original opt out request. After removing these duplicate submissions from the total, the Exclusions Department received correspondence from 23,749 unique individuals and/or entities. A complete list of the non-duplicative submissions is attached as Exhibit O.

5.      GCG reviews each piece of correspondence sent to the Exclusions Department to determine whether it meets the requirements of the Class Notice and the Court's May 2, 2012 Preliminary Approval Order ("Preliminary Approval Order") (Docket Entry 6418) for requesting exclusion from the Settlement Class. Nearly half of the 23,749 individuals and entities who submitted correspondence to the Exclusions Department did not comply with one or more of these requirements as discussed below and therefore did not submit valid opt out requests.

6.      First, several submissions did not contain express requests for exclusion from the Settlement Class. Some correspondence appeared to be addressed to the Exclusions

Department by mistake because these submissions contained requests for claims assistance or concerned other issues.   Other correspondence did not contain a clear statement requesting exclusion.   For all such correspondence processed prior to the November 1, 2012 opt out deadline, GCG followed up by sending letters and making phone calls to such individuals or entities to notify them what was required to clarify their intent or correct any deficiency if their intent had been to opt out.  As of November 15, 2012, 126 of the 23,749 individuals and/or entities who submitted correspondence to the Exclusions Department sent a submission that did not expressly request exclusion from the Settlement. A complete list of the individuals whose submissions did not request exclusion is attached as Exhibit Q.   Accordingly, these submissions are not valid requests to opt out of the Settlement Class.

7.      Second, the Court required opt out requests to be signed by the party wishing to be excluded from the Settlement Class.   Under the terms of the Deepwater Horizon Economic and Property Damages Settlement ("Settlement"), as Amended on May 2, 2012 (Docket Entry 6430), opt out requests signed only by an attorney for the party seeking exclusion are not valid.  9,460 requests submitted to the Exclusions Department are invalid because these submissions were not signed by the individual or entity purportedly requesting exclusion from the Settlement Class.   A complete list of opt out requests lacking proper signatures is attached as Exhibit P.

8.      The vast majority of the submissions lacking valid signatures, 9,296, were signed by attorneys purporting to act on behalf of the potential Class Members.  Four law firms accounted for 9,179 of these purported opt out requests signed only by attorneys.  For example, Brent Coon & Associates submitted 7,925 requests containing the stamped signature of Brent Coon, without any signature of the person or entity purportedly seeking exclusion from the Settlement Class.  Because these opt out requests lack the signature of

the potential Class Member, these submissions are invalid.

9.    Third, requests from 83 individuals and entities are untimely and therefore invalid.  79 of these 83 requests were postmarked after the November 1, 2012 opt out deadline.  Another 4 included no or an illegible postmark but, by agreement of the parties, are presumed to have been postmarked after November 1, 2012 because they were not received until after November 6, 2012.  Where a submission did not contain a legible postmark but was received by November 6, 2012, it was deemed to be timely.  A complete list of the late opt out submissions is attached as Exhibit R.

10.    Fourth, some opt out requests are invalid because they were made by individuals or entities who have previously released their claims against BP.  GCG searched Gulf Coast Claims Facility ("GCCF") and Settlement Program databases using available identifying information (Tax ID, GCCF Claimant ID, or Settlement Program Claimant ID) for potential class members to determine whether the purported opt out had previously signed a release in either program.  At least 1,552 submissions are not valid opt out requests because these submissions were made by individuals and/or entities that had already executed GCCF and/or Settlement Program releases.  A complete list of the individuals and entities that signed GCCF and/or Settlement Program releases is attached as Exhibit S.

11.    Lastly, as of November 15, 2012, 321 valid revocations of opt out requests have been received.  Some of these revocations are directed at revoking opt out requests that were procedurally invalid upon receipt.  A complete list of the procedurally valid revocations is attached as Exhibit T.  It is likely that the Settlement Program Exclusions Department will receive additional opt out revocation requests before the newly extended deadline of December 15, 2012.  Exhibits N and T to this Declaration will be amended accordingly.

12.     In sum, as of November 15, 2012, the Settlement Program has received a total of 13,123 opt out requests from potential Economic and Property Damages Class Members that meet the Class Notice and Preliminary Approval Order requirements for requesting exclusion from the Settlement Class.   A complete list of the valid opt out requests submitted by potential Class Members is attached hereto as Exhibit N.

13.     In many cases, it is not possible to determine based on the information submitted in connection with an opt out request whether the individual or entity is, in fact, a member of the Settlement Class either because of a prior release or some other reason. Thus, an unknown portion of the total number of opt out requests listed in Exhibit N may have been submitted by parties that are not members of the Settlement Class.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  November 21, 2012

Jennifer M. Keough