# Exhibit 3

**Scanlon, Chris**
___

| | |
|---|---|
| From: | Brent Coon [brent@bcoonlaw.com] |
| Sent: | Monday, August 06, 2012 7:08 AM |
| To: | Langan, Andrew |
| Cc: | Daniel.Cantor@aporter.com |
| Subject: | RE: BP class opt outs |

Andy, glad to see you are already on the BP treadmill this morning. No doubt everyone is going to be ready for some time off when this case is finally concluded.

We are aware of the opt out requirements contained in the proposal. As a member of various work group committees for the PSC I was briefed on the proposal and have attended the public briefings as well and read the contents. I checked with the administrators regarding this requirement and was referred to Dan for further comment. I have also brought this issue to the attention of Steve, Jim and Joe Rice.

The requirement of individual signature by a client represented by counsel is onerous. The requirement that it be original signature and not an electronic signature is onerous. I believe that it frustrates freedom of choice and was so designed. As you know, most courts recognize electronic signatures and most courts accept signatures of attorneys on behalf of clients, no different than in Rule 11 agreements which I am sure you are familiar with. It is likely to be overturned at some point if the parties do not further address it anyway, which will add yet another layer of frustration and confusion, new notices to class members, etc. etc.

I have been involved in many prior MDLs and class claims processes and the rigid requirements here for clients to make personal elections on a putative class settlement before the court even improves it is precedential, before we even talk about the fact that many of settlement conditions and methodologies leave most clients with a great deal of uncertainty as to what their claims are even worth in the class. Our firm represents over 15,000 clients through a broad consortium of law firms. I also know several other firms who collectively represent over 50,000 clients so far and most are likely to oppose the class for a myriad of reasons, including the forced decision making pressed on clients to accept settlement terms without being told at the time of the decision what the settlement amount would be. It will frustrate the intentions of the parties and the court to have a mass exodus of claims, and there are solutions. The PSC represents a small share of the actual client stakeholders in this litigation, which dilutes the volume of participatory firms to the class. While the class terms are generally favorable to some cases, it is hard to recommend a client roll with the class without any numbers on the table and waive their right to a trial and settlement on solid terms.

I don't believe the court or anyone else wants to be inundated with individual hand signed opt out forms. If the class can turn out offers swiftly enough much of this could probably be avoided but I know that we turned in over 1000 cases in the first month and only got offers on a few VoO cases so far which are very easy to calculate. Extending the opt out period to some point after the fairness hearing, which is the typical process, would also help alleviate some of these concerns if the additional time gives Juneau's team time to get some offers out. We are about to enter the process

1

of obtaining these forms regardless but will still go forward with uniform opt out notices prior to the deadline on most cases with no offer on the table by the October deadline. Hopefully there will be an extension of time granted to delay this process for various practical reasons but that decision is obviously out of the control of my clients.

**From:** Langan, Andrew [mailto:alangan@kirkland.com]
**Sent:** Monday, August 06, 2012 6:29 AM
**To:** Brent Coon
**Cc:** Daniel.Cantor@aporter.com
**Subject:** FW: BP class opt outs

Dear Brent:

The issues you raise in your August 1 note to Dan Cantor regarding opt outs are covered by specific provisions of the Settlement Agreement. As you know, Section 8.2.1 reflects negotiated agreement between BP and Class Counsel that a valid class member must submit a written request with a handwritten signature signed by the Natural Person or Entity seeking to be excluded, and such request must be postmarked by October 1st (or a later date ordered by the Court in its Preliminary Approval Order). Section 8.2.1 is very clear that electronic signatures are not permitted but attorneys may submit the written opt out request as long as it is signed by the Natural Person or Entity seeking to be excluded. #23 of the Class Notice reiterates these requirements and instructs class members in this opt out procedure agreed to by the parties and approved by the Court.

These requirements are reasonable and necessary. Moreover, class members and potential claimants have been on notice of these requirements for several weeks now. Notice of these requirements was sent to potential claimants in June, included in advertised notices across the country, and has been posted on the claims administration website. The Court in its Preliminary Approval Order confirmed the October 1st deadline (See paragraph 39). As a result, the requirements cannot be changed now.

Regards,

Andy Langan

**J. Andrew Langan, P.C.**

**KIRKLAND & ELLIS LLP**

300 North LaSalle Street Chicago, IL 60654

Tel. +1-312-862-2064  Fax +1-312-862-2200

andrew.langan@kirkland.com

**From:** Brent Coon [mailto:brent@bcoonlaw.com]
**Sent:** Wednesday, August 01, 2012 9:52 AM
**To:** Cantor, Daniel A.
**Cc:** Jerri Stewart; Eric Newell
**Subject:** BP class opt outs

Dan, I was steered your way by the class reps on the subject of opt outs.

We have about 15,000 cases. We are qualifying a number of them for the two class proposals. We are going to have a large number of opt outs for various reasons which are too numerous count here, but include making sure that those with tangential to receive full benefit from the present plans (like shrimpers not in any proper zone but have a few trip tickets in proper zones and would be "discounted" to a nominal value).  Anyway, we have several issues here that I am addresses separately with Steve and Jim as well:

1.      Attorneys should be able to opt a client out without a separate signature from the client. Can this be achieved?

2.      If no, why cant client signatures be in electronic format? Courts accept them routinely. The burden and additional paper trail seems unnecessary.

3.      Can the opt out period be extended to some point after class certification. I have never been involved in a class where the client had to opt out even before the trial court ruled it was fair. This is more like a 524G bankruptcy plan than a class.

Your thoughts are appreciated.

U.S. Treasury Circular 230 Notice

Any U.S. federal tax advice included in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding U.S. federal tax-related penalties or (ii) promoting, marketing or recommending to another party any tax-related matter addressed herein.

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

---
For more information about Arnold & Porter LLP, click here :
http://www.arnoldporter.com


************************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
************************************************************