# Exhibit 4



215 Orleans Street • Beaumont, TX 77701 • 409.835.2666 • 409.835-1912 Facsimile

October 31, 2012

DEEPWATER HORIZON COURT-SUPERVISED
    SETTLEMENT PROGRAM
EXCLUSIONS DEPARTMENT
P O BOX 222
HAMMOND LA 70404-0222

RE:   IN RE:  OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO ON APRIL 20, 2010; MDL 2179
      OPT OUT FORMS – BRENT COON & ASSOCIATES

To Whom It May Concern:

Enclosed with this letter is a list, supported by individual supplemental case documentation regarding various claimants opt out requests associated to the BP Deepwater Horizon Oil Spill.

This information is provided directly to your attention to comport with the mandates of the MDL 2179 Consolidation proceeding pending in New Orleans and in compliance with the notice requirements set out in the proposed settlement classes pending before Judge Barbier, which are scheduled for hearing November 8, 2012.

In remitting this documentation and opt out notifications, neither the law firm of Brent Coon & Associates, nor any of our many affiliated firms, nor any individual clients, are waiving any further claims or rights they may have under the class proposals or their various rights as provided by state or federal statute or any governing common law principles.  Claimants also reserve all rights which may be restated, reinstated or modified by future orders of the MDL court of the various courts of appeal in this process.

Specifically, these claimants and affiliated law firms have filed objections to the proposed settlements on numerous grounds, many of them dealing with the deliberately onerous requirements in order to opt out of any of the pending settlement class proposals. In complying with the present mandates regarding notice of election,

Page -2-

claimants are specifically reserving all rights they would have to withdraw such elections in the future or otherwise alter their decision as future events unfold. In fact, all of the claimants on this list, through counsel, have previously invited BP to extend and reserve such elections to a future date in order to help facilitate compromise of some of these claims through the nebulous class proposals, such invitations to date remaining conspicuously silent. Consequently, with these deadlines now approaching, the claimants herein are without further option.

Claimants also specifically reserve their rights to protest, object and appeal any decision which mandates additional terms or interpretations to notice or inadequacy in any part or manner to the notices contained herein or rights made available now or at future times in the MDL or other proceedings associated to the claims brought as a result of any losses associated to this oil spill. Claimants and counsel would point out that in spite of many requests, the proponents to the class settlements refused to provide a standardized form for opt outs. Claimants believe this may have been done with premeditated efforts to later challenge the content or substance of such notices, particularly in light of the fact that standardized and exemplar forms were made and provided for dozens of other compliance issues associated with the class proposals, all exclusively dealing with making the submission process easier, but not in electing out of the process. To the extent any of the proponents of the classes would later use any purported deficiencies in these notices, claimants would maintain that the proponents waived such contentions by a deliberate failure to create standardized forms.

Claimants further object to the requirement that election notices must be remitted to this office in original hand written form, and that the forms must be properly postmarked, and those claims must be filled only in this remote outpost of the proceedings. Claimants reserve all objections to manner of notice and requirements that any such notices be in original signature format. Claimants and counsel specifically maintain that almost all courts in the country, notably Federal Courts, accept electronic filings. In fact, they are mandated in these very proceedings. To mandate individual signature has been premeditatedly designed to stifle objection to such conscious elections and make the election process more difficult for claimants. Further, claimants and counsel object to the proposition that signatures of representatives, including counsel, may not effectuate a valid alternative to individual signature. Again, almost all courts, both state and federal, recognize attorney signatures in lieu of individual claimant signatures. In fact, under most circumstances, only the attorney representing the claimant may file anything associated with a court proceeding, and even then only when the attorney is compliant with local, state, federal and other appropriate bar rules, including previously granted rights to practice in each such court.

Claimants and Counsel maintain that refusing to accept retained counsel notice of claimant election to opt out of any of the pending class settlement proposals was done to again deliberately make the election process more difficult for individual

Page -3-

claimants. Many claimants are difficult to reach, for a myriad of reasons, and requiring counsel to cultivate an individual claimant signed original notice of election is onerous and unnecessary. Claimants have been involved in this litigation in many circumstances for over two years now. Many were forced to move due to the impact of the spill on various economies of the Gulf Coast region and have been displaced to the point where regular communication between counsel and claimant is strained. Many others lost almost all forms of regular contact from lack of employment. Many already were in somewhat transient positions in life due to the nature of their employment in coastal activities which were seasonal in nature and/or intermittent in their duration. Many claimants have been historically engaged in business activities which took them away from their homes for weeks and even months at a time, further compromising and compounding attorney/client communications. Some claimants still do not have any mailing address to send information for them to sign and return, including the forms required in these proceedings. For these and many other reasons the mandate that each claimant sign an election form is an untenable and unfair protocol which takes further advantage of a large portion of the already socially and economically disadvantaged workforce of the gulf coast region.

Our firm is working very hard to ensure that all claimants are fairly treated for their losses and will continue to cooperate with any processing which help resolve claims, including continued efforts to submit and resolve some subsets of claimants which are more clearly identified in the present proposals as those who would be treated fairly under the present protocols.

By way of further supplementation, clarification and/or revision, some of your claimants may amend their final decisions to opt back in to the class process based on future developments. Likewise, some will exercise "last minute" decisions to opt out of the process, and counsel will supplement and/or amend the lists accordingly.

Please note also that some associated counsel are remitting opt out forms on behalf of various claimants directly, and some recently retained claimants have already, or timely will, remit independent opt out requests to this facility. BCA will make best efforts to later provide a more thorough and updated list of all such claimants in each of these categories.

If you have any questions, please do not hesitate to call.

Sincerely,

Brent W. Coon

BWC/df
Enclosures (Four banker's boxes)
List only to carbon copied

Page -4-

CC:    Stephan J. Herman
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, LA 70113

James Parkerson Roy
Domengeaux Wright Roy & Edwards LLC
556 Jefferson Street
Lafayette, LA 70501

Mr. J. Andrew Langan
Kirkland & Ellis, LLP
300 North LaSalle
Chicago, IL 60654

Mr. Don K. Haycraft
Liskow & Lewis
701 Poydras Street
Suite 5000
New Orleans, LA 70139

Patrick Juneau
Claims Administrator
DeepWater Horizon Claims Center
P O Box 1439
Hammond, LA 70404

All JV Counsel via electronic mail