# Exhibit 5

# Scanlon, Chris

| | |
|---|---|
| **From:** | Brent Coon [Brent@bcoonlaw.com] |
| **Sent:** | Monday, November 05, 2012 10:57 AM |
| **To:** | Steve Herman |
| **Cc:** | Jim Roy (jimr@wrightroy.com); Godfrey, Richard C.; Langan, Andrew; jrice@motleyrice.com; Eric |
| **Subject:** | RE: BP Oil |

Three years from now many class members will realize they were sucked into a deal with unkept promises and at least those who weren't will have saved their tort remedy. I heard all of this in Amchem 15 years ago. Amchem at least had a plausible argument that proving liability of 20-100 defendants in every single case made it unwieldy. After Amchem was busted I tried hundreds of asbestos cases in groups and settled many thousands more...and that was dealing with liability and exposure on cases, which took up 75% of the time.  It was hard work but manageable.
These are simple damage trials. Congress created OPA to make it simple. BP is responsible. Simple. Let a claimant put on whatever proof he or she has and move on. The class is now the arbitrary gatekeeper of these issues and if you had been dealing directly with it every day for the last 5 months like I have you all would better appreciate what is going on in the trenches. It is ugly and unfair...but it could be fixed.
Back out provisions, less stringent requirements, oral testimony, etc.
 Most could be knocked out in less than a day of evidence even when you had to make full records. Likewise, for those still sitting in the tort system, (most in this MDL Court), entertaining the motions to remand would allow many of the remaining cases to be resolved in other courts of appropriate jurisdiction without his Honor having to slave over every single one of them. He has rowed a laboring oar for a long time now and will hopefully let people go home next spring to resolve their remaining differences in their chosen forums.

Don't get me wrong. I agree that this class proposal is good for some clients, even without any changes. Even now we have encouraged some clients to stay the course, but only where we have a high degree of confidence that they can get through all the red tape. Fixing some basic issues within the proposal would resolve the majority of the others. How can a lawyer recommend a client stay in the class is there is so much uncertainty about how it functions and what, at the end of the day, is going to specifically be required to meet the proof, particularly since it is literally "all or nothing"? I haven't talked to a single competing law firm or accounting firm dealing with these issues who hasn't shared every single one of these same issues.  Why does the PSC chose to ignore them?  You guys all know these problems are out there, and they are the sleeping giant in this settlement. When the dust settles and it is recognized that these were all concerns on the front end there will be many more questions about why more was not done on the front end to fix things to make it a more equitable and transparent process. All the hard work will be hanging under a cloud of suspicion. Does BP want yet another PR nightmare when so many people fall through these cracks?  Apparently so. Short sighted thinking on their part, which has been their history and why they keep being getting in trouble. I for one can at least say I told you so....again.


I think I better understand your core question for this week. Does BCA represent anyone in the class who didn't opt out and previously joined in the objections, and, if so, who are they.
The answer is yes and has two components. First, we have people who have chosen to stay in the class, some with, and some without, our recommendations.  That group I presume retains standing.
Second, there are several thousand of our clients who did not file an individual hand signed original opt out form. I understand the present court orders are to ignore any of them that were not filed in original and hand signed format. If that is the case, then I have all of those still in the objector status. That list was also provided to you all last week and I can send it again. Meantime, I will start culling our caseload to more specifically identify those in the first category, still in the class with no opt out filed individually or by our firm.

Steve, I have tried very hard to work with the PSC team throughout this process. We volunteered for any and all committee assignments. We were part of the Feinberg/Rosen advisory team. We served on the later breakout groups of

1

VoO and oystermen committees. I have tried to work directly with you all and with Pat Juneau on the myriad of problem areas we were identifying in the claims process, and to also come to the table with solutions, rather than just complaining.

I know you all have marching orders and I have mine, which today are unfortunately inconsistent with one another. I hope that at some point, sooner rather than later, we can all get back on the same page.

---

**From:** Steve Herman [mailto:SHERMAN@hhklawfirm.com]
**Sent:** Monday, November 05, 2012 9:39 AM
**To:** Brent Coon
**Cc:** Jim Roy (jimr@wrightroy.com); Godfrey, Richard (Kirkland & Ellis); Langan, Andrew; jrice@motleyrice.com; Eric
**Subject:** BP Oil

Three years from now, your clients will either have relief, or they will still be sitting around waiting for you to try their cases. Personally, I don't have a crystal ball, but I suspect that people who participate in the Settlement Program will be a lot happier than people who have opted out. Of course, that's ultimately a matter between you and your clients. All I care about is what objections I am supposed to respond to on Thursday. You have represented to the Court that thousands and thousands of clients whom you purport to represent have Objections to the Settlement; you have also represented to the Court that thousands and thousands of clients whom you purport to represent have now decided to Opt Out. If those are the same thousands of people, it would seem like they no longer have any standing to object. So I will assume that the Objection you filed is now moot. If I am wrong, tell me what specific people or businesses whom you contend are Class Members and have standing are objecting. Thanks.

---

**From:** Brent Coon [mailto:Brent@bcoonlaw.com]
**Sent:** Monday, November 05, 2012 9:10 AM
**To:** Steve Herman
**Cc:** Jim Roy (jimr@wrightroy.com); Godfrey, Richard (Kirkland & Ellis); Langan, Andrew; jrice@motleyrice.com; Eric
**Subject:** RE: BP Oil

Sorry about that. Maybe I wasn't clear in the first email. We sent a long list of opt outs to you all last week. They pretty much match the list of objectors. We will have a more refined list back to you all tomorrow after we "opt back in" some folks today and cross reference lists filed by our partners last week.

Not sure what else you are looking for today but am happy to continue to work with whomever you guys need to assign on all the particulars as I know everyone is getting ready for the hearing this week.
Again, I think you guys just need to be much more aware of how many problems Juneau's people are having in trying to understand what they are supposed to do, how to apply the various guidelines, and how to do so in a fair, flexible and expedient manner. I am not knocking defense firms and accountants per se, but there is a mindset that is stereotypical of the folks who are now in charge of the review process that runs contra to the stated goals of the fund. Over-analyzing everything results in gridlock…or worse.  Until all of this is much improved, the PSC should not be recommending this continued course of action and at the least should support a postponement of the hearing and a reinstatement of a submission process even for those who had to opt out to give Juneau more time to try and fix all of these patently broken parts of the present proposal. Tens of thousands of present and future claimants are going to be ripped off if you don't. If BP means one word of the propaganda it has saturated the airwaves with over the last two and half years they will support such an action. There should be no rush to judgment when there is no other sense of urgency. The OPA mandate alone extends all of the claims issues through next Spring and we have experimented with this present

proposal long enough to know that they clearly need more time and the proposals need more refinement. Absent that, and under the circumstances, anything else would appear to be a cram down.


**From:** Steve Herman [mailto:SHERMAN@hhklawfirm.com]
**Sent:** Monday, November 05, 2012 7:39 AM
**To:** Brent Coon
**Cc:** Jim Roy (jimr@wrightroy.com); Godfrey, Richard (Kirkland & Ellis); Langan, Andrew; jrice@motleyrice.com; Diane Findley
**Subject:** BP Oil

I am just trying to find out who, of anyone, is objecting to the settlement. Seems like you should be able to tell us that. Thanks.

On Nov 5, 2012, at 6:47 AM, "Brent Coon" <Brent@bcoonlaw.com> wrote:

> Steve, most of those on our 11,000 plus clients on the objector list have opted out. Close to half on individually signed and filed forms and the rest over our firm signature. We network with several dozen affiliated firms, some of which also filed their client forms directly to the exclusion center so we are trying to compare the various lists and get something close to an actual final number that doesn't have redundancy and that they are all accounted for.
> We are also still opting a few back in before the deadline for various reasons so we are continuing to deal with moving targets on final numbers. Likewise, I am sure that some of our objectors and others who have filed formal exclusionary notices would ultimately be deemed ineligible for class treatment but the better part of valor has been to include them as well, again due to some uncertainly about whether there are some arguments to be had that some component of their loss was tied to a class eligible consideration and they are now found to it.
>
> Those lists were provided to you all last Wednesday through Friday. We will provide more corrected lists after exercises the final "opt in" process today and a response to the reply briefs submitted by the PSC and BP.
> Long story short, we are encouraging most of our PI cases to stick with the medical class and most of our economic cases to opt out. Again, the big problem with the economic settlement is that there are too many moving parts and too many requirements to qualify large numbers of cases and we have seen a shocking number of errors with the class adjusters in how they are handling business, finding deficiencies where none exist, requiring documents that aren't required, making offers which fall far short of the proper maximum values, not accepting affidavits to fill gaps in the paperwork in direct contravention to the proposal language, and appeals by BP on issues which we are sometimes unable to controvert or clear up without being able to engage in some degree of formal discovery.....pretty much all the same complaints that torpedoed the GCCF. It's not the product that is the problem, it is the process.
>
>
> **From:** Steve Herman [mailto:SHERMAN@hhklawfirm.com]
> **Sent:** Saturday, November 03, 2012 9:49 AM
> **To:** Brent Coon; Diane Findley
> **Cc:** Jim Roy (jimr@wrightroy.com); 'Godfrey, Richard (Kirkland & Ellis)'; 'Langan, Andrew'
> **Subject:** BP Oil
>
> Brent,

3

Without getting into the validity of your opt out submissions, is it your intention that all of the "clients" identified as "objectors" in No.10-7777 Doc. 122 opt out of the Settlement Class?

If not, can you please identify those specific people or businesses whom you contend have standing as Class Members and have expressed a desire and intention to object to the Settlement.

Thanks.

Stephen J. Herman, Esq.
Herman Herman & Katz LLP
Office (direct): (504) 680-0554
E-Mail: sherman@hhklawfirm.com
Visit: www.gravierhouse.com

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.

CONFIDENTIAL ATTORNEY WORK PRODUCT
This e-mail message contains confidential, privileged information intended
solely for the addressee.  Please do not read, copy, or disseminate it unless
you are the addressee.  If you have received it in error, please call us
(collect) immediately at (504) 581-4892 and ask to speak with the message
sender.  Also, we would appreciate your forwarding the message back to us and
deleting it from your system.  Thank you.