# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:  Oil Spill by the Oil Rig<br><br>*Deepwater Horizon* in the Gulf<br>of Mexico, on April 20, 2010<br><br>**This document applies to:**<br>*All Cases* | **MDL No. 2179**<br><br>**SECTION: J**<br><br>**JUDGE BARBIER**<br>**MAGISTRATE SHUSHAN** |
| **Bon Secour Fisheries, Inc., et al,** individually and on behalf of themselves and all others similarly situated,<br><br>      **Plaintiffs,**<br><br>v.<br><br>**BP Exploration & Production Inc.; BP American Production Company; BP p.l.c.,**<br><br>      **Defendants.** | **Civil Action No. 12-970**<br><br>**SECTION J**<br><br>**JUDGE BARBIER**<br>**MAGISTRATE SHUSHAN** |

**TRANSOCEAN'S OBJECTIONS TO CLASS COUNSEL'S AND BP DEFENDANTS' JOINT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF FINAL APPROVAL OF *DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT AS AMENDED ON MAY 2, 2012**

**TO THE HONORABLE CARL J. BARBIER:**

Transocean Offshore Deepwater Drilling Inc., Transocean Holdings LLC, Transocean Deepwater Inc. and Triton Asset Leasing GmbH (collectively "Transocean"), by and through their undersigned counsel, respectfully submit these Objections to Class Counsel's and BP Defendant's Joint Proposed Findings of Fact and Conclusions of Law

in Support of Final Approval of *Deepwater Horizon* Economic and Property Damages Settlement Agreement as Amended on May 2, 2012 (Rec. Doc. 7945) (collectively, "Transocean's Objections"), and respectfully request the Court to consider the following:

**I.**    **This Court Should Not Issue Any Finding Of Fact Or Conclusion Of Law That Could Affect The Procedural or Substantive Legal Rights of Transocean Or Any Other Non-Settling Party**

Throughout the proceedings involving the Economic And Property Damages Settlement Agreement as Amended on May 2, 2012 (the "Settlement Agreement," Rec. Doc. 6430), the non-settling parties have proceeded on the assumption and with assurances from both BP and the PSC that the Settlement Agreement will not affect any non-settling party's rights. Numerous statements in the letter briefs filed with the Court reflect this understanding:

- "[T]he class settlement will not affect any substantive legal rights of non-settling parties." July 25, 2012 letter from James Roy and Stephen Herman (Rec. Doc. 7032), at 2.

- "Halliburton's substantive defenses . . . are not in any way altered by the proposed settlements." *Id.* at 3.

- "Halliburton['s] . . . legal rights are not affected by the settlements." July 25, 2012 letter from Richard Godfrey (Rec. Doc. 7033), at 1.

- "Halliburton['s] . . . legal rights have not been affected . . . ." *Id.* at 2.

- "Halliburton will be free to challenge its liability at such point as some litigant seeks to prove its liability." *Id.* at 3.

- "Transocean accepts the assurances by BP and the PSC – and the Court should confirm – that nothing in any ruling by the Court on the proposed

2

settlement will constitute a ruling on any procedural or substantive issues affecting any non-settling party's rights." Aug. 3, 2012 letter from Steven L. Roberts (Rec. Doc. 7034), at 1.

- With respect to "significant issues presented by the settlement agreement's purported 'assignments' to the settlement class and purported 'retention' of claims (including punitive damages claims) by the settlement class . . . [w]e are confident the Court will provide Transocean and Halliburton an adequate opportunity for briefing those issues if the BP/PSC settlement is approved." *Id.* at 2.

In its August 3, 2012, Order denying Halliburton's and Louisiana's requests for settlement discovery, this Court confirmed that "the proposed settlement will in no way affect any procedural or substantive rights of Halliburton or Louisiana." (Rec. Doc. 7038, at 2.) At the recent fairness hearing, this Court again pointed out that it did not need to consider objections by nonsettling parties "because their legal rights are not affected." (*See* Sett't Hr'g Tr. 18, Nov. 8, 2012.)

Transocean continues to take no position on whether this Court should approve the proposed settlement, but Transocean respectfully requests that this Court reject any proposed finding of fact or conclusion of law that could affect the procedural or substantive rights of Transocean or any other non-settling party.[1]

---

[1] As this Court has already recognized, a settlement agreement that "in some manner results in 'plain legal prejudice' to a non-settling party" gives that party standing to object. Order dated Aug. 3, 2012 (Rec. Doc. 7038), at 2 (quoting *Agretti v. ANR Freight Sys.*, 928 F.2d 242, 246 (7th Cir. 1992)). Plain legal prejudice occurs when a partial settlement deprives a non-settling party of a substantive right. *In re Enron Corp.*, No. MDL-1446, 2008 WL 2566867, at *3 (S.D. Tex. June 24, 2008) (citing *In Re Beef Indus. Litig.*, 607 F.2d 167, 172 (5th Cir. 1979)).

## II.     Specific Objections

### A.     Objection to Proposed Finding of Fact #102

Transocean objects to Proposed Finding of Fact #102, which reads as follows:

"102.   The Settlement Agreement assigns certain of BP's spill-related claims against Transocean and Halliburton to the class.   *See* Settlement Agreement ¶ 11; Rec. Doc. 6418 at 6-7.   The class may pursue these claims for additional compensation on top of the Settlement's full compensatory payments augmented by RTPs [Risk Transfer Premiums]. Instead of creating waves of follow-on litigation, the assignment to the class as a whole will make any follow-on litigation more self-contained and manageable.   *See* Coffee Decl. ¶¶ 59, 62.F; Klonoff Decl. ¶ 65."

Any such finding is premature and could improperly affect Transocean's procedural and substantive rights.   Transocean plans to file a motion challenging the ability of the settlement class to pursue any of the assigned claims on the grounds, among others, that (1) the class will be certified for purposes of settlement only (as stated in Proposed Conclusion of Law #316[2]); (2) the class could not properly be certified to

---

[2] Proposed Finding of Fact #102's statement that "The class may pursue [the assigned] claims for additional compensation on top of the Settlement's full compensatory payments augmented by RTPs" incorrectly suggests a finding by this Court that the class can pursue the additional claims.   Such a finding has not been requested and is unnecessary to settlement approval.   The proposed language is also inconsistent with Proposed Conclusion of Law #316, which reads: "For the reasons discussed below, the Economic and Property Damages Class … may be certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), *for purposes of settlement only.   The Court expresses no opinion with respect to whether the Settlement Class, or any other class, could be certified for any other purpose.*"   (Emphasis added.)

pursue claims under Rule 23; and (3) in any event, class claims are not permitted in a Limitation of Liability action.  Transocean will also argue that the assignment of BP's claims is invalid and unenforceable on numerous legal and equitable grounds.

Transocean therefore requests the Court to substitute Proposed Finding of Fact #102 with the following:

"102.   The Settlement Agreement contains provisions regarding assignment of certain of BP's spill-related claims against Transocean and Halliburton to the class.  *See* Settlement Agreement ¶ 11; Ex. 21 to Settlement Agreement (Rec. Doc. 6430-21), ¶¶ 1.1.3, 1.1.3.4, 1.1.3.5. This Court makes no finding with respect to the validity or enforceability of these provisions."

**B.**     **Objection to Proposed Finding of Fact #101 and Proposed Conclusions of Law # 394 and # 518**

Transocean objects to the portion of Proposed Finding of Fact #101 set forth **in bold** below:

"101.   The Settlement Agreement satisfied (i) all compensatory and property damage claims by class members arising out of the oil spill, **including the share of damages caused by Transocean and Halliburton;** and (ii) all such claims against BP, including claims seeking both compensatory or exemplary relief.  *See* Settlement Agreement ¶ 4.4.10.3; Rec. Doc. 7114-1 at 15-16; Rec. Doc. 6418 at 6 n.12. **Significantly, it does so even though (i) every investigative body to consider the Deepwater Horizon incident has concluded that Transocean and Halliburton share responsibility for the incident;** and

(ii) the Parties were prepared to put on significant evidence to this effect at trial. *See infra* ¶¶ 517-521. **This is a remarkably beneficial result for the class members."** (Emphasis added.)

Transocean objects to the portion of Proposed Conclusions of Law #394, #395, and #518 set forth **in bold** below:

"394. All of the key factual questions in this litigation are common among members of the class. These categories of questions include **BP's share of liability compared to other defendants including Transocean and Halliburton,** the facts of defendants' conduct in designing the well, and the facts of BP's conduct in seeking to control and contain the spill. At a bare minimum, each of these categories subsumes the more specific fact questions that are likewise common across the class:

\* \* \*

**395.   Moreover, not all the factual questions must be relevant to BP's liability.   To determine the proper allocation among defendants of the class's damages, the following common factual questions would be highly relevant:**

**(i) Whether Halliburton used improper cement slurry,** *see* **Coffee Supp. Decl. ¶ 9(F)(1);**

**(ii) Whether Transocean employees failed to take appropriate actions both to anticipate and respond to the blowout,** *see* **Coffee Supp. Decl. ¶ 9(F)(2); and**

**(iii) Whether Transocean failed to properly maintain the**

blowout preventer, resulting in its failure to seal the well, *see* Coffee Supp. Decl. ¶ 9(F)(3)."

"518.  **Nevertheless, every investigative body to consider the Deepwater Horizon spill to date has concluded that the event was a multi-party, multi-causal event.**  The parties were prepared to present evidence at trial which BP contends would have established that (i) Transocean had primary responsibility for the safety of drilling operations; (ii) Transocean failed to maintain the blowout preventer ("BOP"); (iii) Transocean failed to properly monitor drilling; (iv) Halliburton designed and pumped an unstable cement slurry; (v) Halliburton's Sperry Sun division, the "second set of eyes," also failed to note the drilling anomaly; (vi) Transocean's confusing command structure meant there was a delay in activating the Emergency Disconnect System; and (vii) Transocean's crew failed to use diverters to shift hydrocarbons overboard."  (Emphasis added.)

As drafted, the above finding and conclusions could affect Transocean's substantial legal rights.  There is no evidence in the record as to what other investigative bodies found or did not find, and no reasonable basis for this Court to conclude as a matter of law what the Parties would have put into evidence.  Whether Transocean caused a share of the damages is a disputed fact.  No basis currently exists for a finding of fact to that effect.  The findings and conclusions challenged above are also unnecessary to a determination under Rule 23(e) as to the fairness, reasonableness, and adequacy of the settlement.

Transocean therefore requests the Court to substitute Proposed Finding of Fact #101 and Proposed Conclusions of Law #394 and #518 with the following and delete Proposed Conclusion of Law #395:

"101.   The Settlement Agreement satisfied (i) all compensatory and property damage claims by class members arising out of the oil spill, including claims for damages caused by Transocean and Halliburton; and (ii) all such claims against BP, including claims seeking both compensatory and exemplary relief.  *See* Settlement Agreement ¶ 4.4.10.3; Rec. Doc. 7114-1 at 15-16; Rec. Doc. 6418 at 6 n.12.  BP contends that it could have put on significant evidence to support a finding that Transocean and Halliburton share responsibility for the incident.  *See infra* ¶¶ 517-521.  Payment of all compensatory and property damage claims and claims against BP for exemplary damages is a significant benefit for class members."

"394.   All of the key factual questions in this litigation are common among members of the class.  These categories of questions include **BP's share of liability compared to other defendants including Transocean and Halliburton,** the facts of defendants' conduct in designing the well, and the facts of BP's conduct in seeking to control and contain the spill.  At a bare minimum, each of these categories subsumes the more specific fact questions that are likewise common across the class:

* * *"

"518.   The Parties were prepared to present evidence at trial which

BP contends would have established that (i) Transocean had primary responsibility for the safety of drilling operations; (ii) Transocean failed to maintain the blowout preventer ("BOP"); (iii) Transocean failed to properly monitor drilling; (iv) Halliburton designed and pumped an unstable cement slurry; (v) Halliburton's Sperry Sun division, the "second set of eyes," also failed to note the drilling anomaly; (vi) Transocean's confusing command structure meant there was a delay in activating the Emergency Disconnect System; and (vii) Transocean's crew failed to use diverters to shift hydrocarbons overboard."

### C.     Objection to Proposed Finding of Fact #280

Transocean objects to Proposed Finding of Fact #280, regarding expert declarations, to the extent the Court's finding of credibility could extend beyond the Settlement Agreement and affect Transocean's legal rights.  The expert declarations are numerous and address a wide range of factual issues, and the Court has not yet accepted any of their conclusions as they relate to parties not involved in the Settlement Agreement.  Transocean proposes that the language set forth in bold below be added to this Proposed Finding to prevent any prejudice:

"280.  In the Findings of Fact above and the Conclusions of Law that follow, the Court refers at numerous points to the testimony of various experts submitted by means of declaration  Where the expert declarations refer to the substantive terms of the Settlement Agreement (including Exhibits thereto) or to other facts buttressed by attachments, the Court finds the relevant facts to constitute admissible fact testimony and where

the experts offer opinions, the Court finds them admissible and credits

them to the extent that these opinions are cited either in the Findings of

Fact sections above or in the Conclusions of Law sections below, or both.

**The Court makes no finding as to whether the facts or opinions set**

**forth in the expert declarations are admissible or credible for any**

**purpose other than in connection with the Court's approval of the**

**Settlement Agreement."**

## CONCLUSION

For the reasons set forth above, this Court should sustain Transocean's Objections

and revise the Proposed Findings of Fact and Conclusions of Law as requested herein.

DATED: November 26, 2012                         Respectfully submitted,

By:   s/ Brad D. Brian                           By:   s/ Steven L. Roberts
Brad D. Brian                                    Steven L. Roberts
Michael R. Doyen                                 Rachel Giesber Clingman
Daniel B. Levin                                  SUTHERLAND ASBILL & BRENNAN LLP
Susan E. Nash                                    1001 Fannin Street, Suite 3700
MUNGER TOLLES & OLSON LLP                         Houston, Texas 77002
355 So. Grand Avenue, 35th Floor                 Tel:  (713) 470-6100
Los Angeles, CA 90071                            Fax:  (713) 354-1301
Tel:  (213) 683-9100                             Email:  steven.roberts@sutherland.com,
Fax:  (213) 683-5180                                       rachel.clingman@sutherland.com
Email:  brad.brian@mto.com
          michael.doyen@mto.com                  By:   s/ Kerry J. Miller
          daniel.levin@mto.com                   Kerry J. Miller
          susan.nash@mto.com                     FRILOT, LLC
                                                 110 Poydras St., Suite 3700
                                                 New Orleans, LA 70163
By:   s/  Edwin G. Preis                         Tel:  (504) 599-8194
Edwin G. Preis, Jr.                              Fax:  (504) 599-8154
PREIS & ROY PLC                                  Email: kmiller@frilot.com
Versailles Blvd., Suite 400
Lafayette, LA 70501                              John M. Elsley
(337) 237-6062                                   ROYSTON, RAYZOR, VICKERY & WILLIAMS
    and                                          LLP
601 Poydras Street, Suite 1700                   711 Louisiana Street, Suite 500
New Orleans, LA 70130

(504) 581-6062                                    Houston, TX 77002
                                                  (713) 224-8380

*Counsel for Defendants Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean Holdings LLC, and Triton Asset Leasing GmbH.*

## CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on this 26th day of November, 2012, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ELF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ELF registrants.

                                  /s/  Kerry J. Miller