UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in Gulf of Mexico, on April 20, 2012 | * * * * * * * * | MDL NO.    2179 |
| | | NUMBER: 2:10-md-02179 |
| | | 2:12-cv-02338 (Kolian) |
| | | SECTION: |
| | | JUDGE BARBIER |
| | | MAGISTRATE SHUSHAN |

*********************************************

PLAINTIFFS:
STEVE KOLIAN, DAVID LANDRIEU,
KIM FLAIR LANDRIEU, MICHAEL
BOATRIGHT, CHARLES TAYLOR,
CHRISTOPHER GREEN, GREGORY TURNER,
DANIEL HATCHER, RICHARD AND JANICE
DANOS, JAMES MORGAN, RONALD SHEARON,
PATRICIA RYE, AND DAVID HACKNEY

VERSUS

DEFENDANTS:
BP EXPLORATION & PRODUCTION INC., BP
AMERICAN PRODUCTION COMPANY, BP
P.L.C., TRANSOCEAN LTD., TRANSOCEAN
OFFSHORE DEEPWATER DRILLING,
TRANSOCEAN DEEPWATER, INC.,
TRANSOECEAN HOLDINGS, LLC, TRITON
ASSET LEASING GMBH, HALLIBURTON
ENERGY SERVICES, INC., M-I, LLC,
CAMERON INTERNATIONAL CORPORATION
WEATERHFORD U.S.L.P, ANADARKO E&P
COMPANY LP, MOEX OFFSHORE 2007 LLC,
MOEX USA CORPORATION, MISUI OIL
EXPLORATION CO., LTD., NALCO COMPANY,
NALCO HOLDINGS, LLC, NALCO FINANCE
HOLDINGS, LLC, AIRBORNE SUPPORT, INC.
AIRBORNE SUPPORT INTERNATIONAL, INC.,
ASHLAND SERVICES, L.L.C., FALCK ALFORD,
SHAMROCK MANAGEMENT, L.L.C., TEAM
LABOR FORCE L.L.C., ES&H, INC., HEPACO,
INC., T&M BOAT RENTALS, L.L.C., COASTAL

CATERING, L.L.C., NATIONAL OCEANIC ANED
ATMOSPHERIC ADMINISTRATION,
SUPERIOR LABOR SERVICES, INC., ADRIATIC
MARINE, LLC, JULES MELANCON, INC., USA
SERVICES, INC., DANOS AND CUROLE
STAFFING, LLC

### ANSWER TO COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes HEPACO, Inc., made

defendant herein, which in response to the Complaint for Damages of Dan Hatcher filed in this

action respectfully avers as follows:

### FIRST DEFENSE

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant, HEPACO, Inc., avers

that the plaintiff's , Dan Hatcher, Complaint for Damages must be dismissed on the grounds that

it fails to state a claim for which may be granted.

### SECOND DEFENSE

1.

The allegations contained in Paragraphs 1 through 12 in the section entitled "PARTIES"

do not require an answer of this defendant.

2.

The allegations contained in Paragraphs 1 through 28 and 30 through 39 of the section

entitled "DEFENDANTS" do not require an answer of this defendant. The allegations contained

in Paragraph 29 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraphs 1 through 5 of the section entitled

"JURISDICTION AND VENUE" do not require an answer of this defendant; however, to the

extent that an answer is deemed necessary, defendant denies that this Honorable Court has

2

jurisdiction and that Dan Hatcher's exclusive remedy is pursuant to the appropriate workers' compensation statute.

4.

The allegations contained in Paragraphs 1(a) and (b) of the section entitled "FACTUAL ALLEGATIONS" are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraphs 1 through 26 of the section entitled "THE BLOWOUT" are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraphs 1 through 46 of the section entitled "UNCONTROLLED DISCHARGE OF OIL INTO THE GULF AND ENVIRONMENTAL IMPLICATIONS" are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraphs 1 through 3 of the section entitled "FACTUAL ALLEGATIONS OF RESIDENTS, SCIENTIFIC DIVERS AND RECREATIONAL TOURISTS INJURED BY THE OIL SPILL – PLAINTIFFS DAVID LANDRIEU AND KIMBERLY FLAIR FACTS" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraphs 1 through 8 of the section entitled "STEVE KOLIAN AND MICHAEL BOATRIGHT FACTS" do not require and answer of this defendant;

however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraphs 1 through 2 of the section entitled "CHARLES TAYLOR FACTS" do not require and answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraphs 1 through 5 of the section entitled "FACTUAL ALLEGATIONS OF CLEAN-UP AND RESPONSE WORKERS" are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraphs 1 through 3 of the section entitled "FACTUAL ALLEGATIONS OF CHRISTOPHER GREEN FACTS" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 1 of the section entitled "FACTUAL ALLEGATIONS OF GREGORY TURNER" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 1 of the section entitled "FACTUAL ALLEGATIONS OF DAN HATCHER" are denied.

14.

The allegations contained in Paragraph 1 of the section entitled "FACTUAL ALLEGATIONS OF RICHARD AND JANICE DANOS" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 1 of the section entitled "FACTUAL ALLEGATIONS OF JAMES MORGAN" do not require an answer of this defendant; however, to the extent an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 1 of the section entitled "FACTUAL ALLEGATIONS OF RONALD SHEARON, JR. AND PATRICIA MARIA RYE" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

17.

The allegations contained in the section entitled "FACTUAL ALLEGATIONS OF DAVID HACKNEY" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF COUNT I NEGLIGENCE UNDER GENERAL MARITIME LAW" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant reasserts and reavers each prior answer as if set forth herein in their entirety.

19.

The allegations contained in Paragraph 2 of the section entitled "CLAIMS FOR RELIEF COUNT I NEGLIGENCE UNDER GENERAL MARITIME LAW" do not require an answer of this defendant; however, should an answer be deemed necessary, as concerns the allegations of Dan Hatcher, defendant avers that Dan Hatcher's exclusive remedy against Defendant, HEPACO, Inc., is pursuant to the relevant workers' compensation statute.

20.

The allegations contained in Paragraphs 3 through 10, including all subparts, of the section entitled "CLAIMS FOR RELIEF COUNT I NEGLIGENCE UNDER GENERAL MARITIME LAW" are denied.

21.

The allegations contained in Paragraph 1 of the section entitled "CLAIMS FOR RELIEF COUNT II GROSS NEGLIGENCE UNDER GENERAL MARITIME LAW" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant reasserts and reavers each of its prior answers as if set forth herein in their entirety.

22.

The allegations contained in Paragraphs 2 through 21 of the section entitled "COUNT II GROSS NEGLIGENCE UNDER GENERAL MARITIME LAW" are denied.

23.

The allegations contained in Paragraph 1 of the section entitled "COUNT III NEGLIGENCE PER SE UNDER GENERAL MARITIME LAW, STATE AND FEDERAL LAW" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant reasserts and reavers each of its prior answers as if set forth herein in their entirety.

24.

The allegations contained in Paragraphs 2 through 7, including all subparts thereto, of the section entitled "COUNT III NEGLIGENCE PER SE UNDER GENERAL MARITIME LAW, STATE AND FEDERAL LAW" are denied.

25.

The allegations contained in Paragraphs 1 through 10 of the section entitled "CLAIMS UNDER THE OIL POLLUTION ACT AS TO BP DEFENDANTS COUNT IV" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify belief therein.

26.

The allegations contained in Paragraph 1 of the section entitled "COUNT V CLAIMS UNDER LOUISIANA NUISANCE LAW" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant reasserts and reavers each of its prior answers as if set forth herein in their entirety.

27.

The allegations contained in Paragraphs 2 through 8 of the section entitled "COUNT V CLAIMS UNDER LOUISIANA NUISANCE LAW" are denied.

28.

The allegations contained in Paragraph 1 of the section entitled "COUNT VI LOSS OF CONSORTIUM CLAIMS UNDER LOUISIANA LAW" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

29.

The allegations contained in Paragraphs 1 through 2 (misnumbered 22) of the section entitled "COUNT VII SUITS IN ADMIRALTY CLAIMS" do not require an answer of this defendant.

30.

The allegations contained in Paragraph 1 of the section entitled "COUNT VII JONES ACT CLAIMS" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant reasserts and reavers each of its prior answers as if set forth herein in their entirety.

31.

The allegations contained in Paragraph 2 of the section entitled "COUNT VII JONES ACT CLAIMS" as concerns Plaintiff, Dan Hatcher, do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant HEPACO, Inc., denies same and affirmatively asserts that Plaintiff, Dan Hatcher, is limited to the exclusively remedy provided by the applicable workers' compensation statute. The remaining allegations contained in this paragraph do not require an answer of this defendant.

32.

The allegations contained in Paragraph 3 of the section entitled "COUNT VII JONES ACT CLAIMS" as concerns Plaintiff, Dan Hatcher, are denied. The remaining allegations contained in this paragraph do not require an answer of this defendant.

33.

The allegations contained in Paragraph 4 of the section entitled "COUNT VII JONES ACT CLAIMS" as concerns the Jones Act allegations are denied. With a regard to the alternative argument regarding application of the Longshore and Harbor Workers' Compensation Act, defendant HEPACO, Inc., asserts that this Honorable Court lacks subject matter jurisdiction to adjudicate the compensability of any claim brought pursuant to the above-referenced statute.

34.

The allegations contained in Paragraph 5 of the section entitled "COUNT VII JONES ACT CLAIMS" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

35.

The allegations contained in Paragraph 1 of the section entitled "COUNT VIII UNSEAWORTHINESS CLAIMS" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant reasserts and reavers each of its prior answers as if set forth herein in their entirety.

36.

The allegations contained in Paragraphs 2 through 3 of the section entitled "COUNT VIII UNSEAWORTHINESS CLAIMS" are denied.

37.

The allegations contained in Paragraph 1 of the section entitled "COUNT IX NEGLIGENCE, GROSS NEGLIGENCE AND/OR FAILURE TO WARN UNDER LOUISIANA, MISSISSIPPI AND TEXAS LAW" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant reasserts and reavers each of its prior answers as if set forth herein in their entirety.

38.

The allegations contained in Paragraphs 2 through 16 of the section entitled "COUNT IX NEGLIGENCE, GROSS NEGLIGENCE AND/OR FAILURE TO WARN UNDER LOUISIANA, MISSISSIPPI AND TEXAS LAW" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief therein.

39.

The allegations contained in the section entitled "COUNT IX PLAINTIFFS', KOLIAN'S AND BOATRIGHT'S, BREACH OF CONTRACT CLAIMS UNDER GENERAL MARITIME AND LOUISIANA LAW AND ALTERNATIVE CLAIMS OF JUSTIFIABLE RELAINCE AGAINST THE BP DEFENDANTS AND NOAA" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief herein.

40.

The allegations contained in Paragraph 1 of the section entitled "COUNT X PLAINTIFFS', KOLIAN'S AND BOATRIGHT'S, CLAIMS OF FRAUDULENT MISREPRESENTATION AGAINST BP DEFENDANTS AND NOAA" do not require an

answer of this defendant; however, to the extent that an answer is deemed necessary, defendant reasserts and reavers each of its prior answers as if set forth herein in their entirety.

41.

The allegations contained in Paragraphs 2 through 5 of the section entitled "COUNT X PLAINTIFFS', KOLIAN'S AND BOATRIGHT'S, CLAIMS OF FRAUDULENT MISREPRESENTATION AGAINST BP DEFENDANTS AND NOAA" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief herein.

42.

The allegations contained in Paragraph 1 of the section entitled "COUNT XII BATTERY" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant reasserts and reavers each of its prior answers as if set forth herein in their entirety.

43.

The allegations contained in Paragraphs 2 through 6 of the section entitled "COUNT XII BATTERY" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary, defendant denies same for lack of sufficient information to justify a belief herein.

44.

The allegations contained in Paragraph 1 of the section entitled "COUNT XIII STRICT LIABILITY UNDER GENERAL MARITIME LAW FOR DESIGN DEFECT AGAINST NALCO" do not require an answer of this defendant; however, to the extent that an answer is

deemed necessary, defendant reasserts and reavers each of its prior answers as if set forth herein in their entirety.

45.

The allegations contained in Paragraphs 2 through 18 of the section entitled "COUNT XIII STRICT LIABILITY UNDER GENERAL MARITIME LAW FOR DESIGN DEFECT AGAINST NALCO" do not require an answer of this defendant; however, to the extent that an answer is deemed necessary defendant denies same for lack of sufficient information to justify a belief herein.

46.

The allegations contained in Paragraphs 1 through 26 of the section entitled "COUNT XIV PUNITIVE DAMAGES" are denied.

47.

The allegations contained in Paragraph 1 of the section entitled "DAMAGES" are denied.

48.

The allegations contained in the prayer for relief do not require an answer of this defendant; however, to the extent that an answer is deemed necessary defendant denies same.

49.

Defendant, HEPACO, Inc., pleads for proof in all the particulars.

**THIRD DEFENSE**

As an affirmative defense, Defendant, HEPACO, Inc., avers that Plaintiff, Dan Hatcher's, exclusively remedy against defendant is pursuant to the relevant workers' compensation statute.

## FOURTH DEFENSE

As an affirmative defense, Defendant, HEPACO, Inc., avers that Plaintiff, Dan Hatcher, has failed to mitigate his damages.

## FIFTH DEFENSE

As an affirmative defense, Defendant, HEPACO, Inc., avers that it is not the responsible employer, as Plaintiff, Dan Hatcher, was the borrowed employee of another company.

## SIXTH DEFENSE

As an affirmative defense, Defendant, HEPACO, Inc., avers that Plaintiff's, Dan Hatcher, accident and/or injuries, if any, were caused or contributed to by his own fault and negligence in the particulars of which will be shown in the trial of this action, which negligence is hereby pled in bar to or diminution of any recovery herein.

## SEVENTH DEFENSE

As an affirmative defense, Defendant, HEPACO, Inc., avers that Plaintiff's, Dan Hatcher, accident and/or injuries, if any, were caused and/or contributed to by the fault, neglect, and/or want of care of others for whom this defendant is not legally responsible, which fault, neglect, and/or want of care is specially pled in bar, diminution, or mitigation of any recovery herein by Plaintiff, Dan Hatcher.

## EIGHTH DEFENSE

As an affirmative defense, Defendant, HEPACO, Inc., avers that Plaintiff's, Dan Hatcher, accident and injuries, if any, were the result of hazards and risks incident to his employment, which risks and/or hazards were voluntarily undertaken and assumed by the Plaintiff, Dan Hatcher.

**WHEREFORE,** Defendant, HEPACO, Inc., prays that this Answer be deemed good and sufficient, and that after due proceedings had, there be judgment in its favor, dismissing the Complaint for Damages, at Plaintiff's, Dan Hatcher, cost and for all general and equitable relief.

Respectfully submitted,

JUGE, NAPOLITANO, GUILBEAU, RULI, & FRIEMAN

BY:          _____

JEFFREY I. MANDEL (20935)
E-mail: jmandel@wcdefense.com
ELIZABETH LYNN FINCH (34542)
E-mail: lfinch@wcdefense.com
3320 West Esplanade Avenue North
Metairie, Louisiana 70002
Telephone:  (504) 831-7270
Facsimile:  (504) 831-7284

Attorneys for Defendant, HEPACO, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

_____

JEFFREY I. MANDEL (20935)