UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE:  OIL SPILL by the OIL RIG | * | MDL NO. 2179 |
| "DEEPWATER HORIZON" in the | * | |
| GULF OF MEXICO, on APRIL 20, 2010 | * | CIVIL ACTION NO. 2:10-MD-02179 |
| | | SECTION:  J |
| | * | |
| THIS DOCUMENT RELATES TO: | * | JUDGE BARBIER |
| | | MAG. JUDGE SHUSHAN |

Applies to: All cases in B3 Pleading Bundle
**********************************************************************

## PLAINTIFF MALCOLM COCO'S SUPPLEMENTAL MEMORANDUM TO HIS MEMORANDUM IN OPOSITION TO NALCO'S MOTION FOR SUMMARY JUDGMENT

Plaintiff's counsel has had to proceed in this litigation without the ability to propound any discovery to NALCO, or any other Defendant, having had to depend on the discovery undertaken by the PSC.  In light of the size and budget of the PSC and its being able to bill his own clients for their attorney fees, he assumed they would diligently pursue discovery.  This would have included obtaining from, at the very minimum, the documents at issue in this matter, namely NALCO's filings with EPA when it applied for approval of Corexit.[1]

As it turns out, the PSC never bothered to request even these most basic and critical documents. Further, because it has ignored this critical issue in its Opposition, it apparently did not even take the time or effort to obtain these documents on its own and outside of formal Document Requests to NALCO.

Therefore, although undersigned counsel was prohibited from issuing discovery to NALCO, he looked for relevant documents on his own.

---

[1] This Memorandum is to supplement Plaintiff Coco's Memorandum in Opposition (#6705; filed June 18, 2012) to NALCO's Motion For Summary Judgment (#6541; filed May 18, 2012)

1

Yesterda,y he discovered on the EPA's website "EPA "Technical Product Bulletin #D-1", pertaining to Corexit EC9527A (the version of Corexit with the highly toxic *butoxyethanol*). It is attached as Exhibit "1".

Bulletin D-1 appears to contain information provided by NALCO to EPA under 40 CFR Sec 300.915 to get its Corexit approved.  A cursory review of it reveals three striking matters:

First, when it lists *butoxyethanol*, it does not mention <u>anything</u> about the kidney and liver damage dangers of butoxyethanol/Corexit 9527 (as detailed in NALCO's MSDS for it [which is attached the Coco's Opposition as Exhibit "B".])

Second, the health warning section is abysmal. Presumably this is because, in its desire to get Corexit approved, NALCO did not furnish EPA with information on the health hazards of butoxyethanol/ Corexit 9527[2]:

**IV. SPECIAL HANDLING AND WORKER PRECAUTIONS FOR    STORAGE AND FIELD APPLICATION:**

1. Flammability:  COREXIT® EC9527A is not classified as flammable by either DOT or IMO regulations.

2. Ventilation: Avoid prolonged breathing of vapors. Use with ventilation equal to unobstructed outdoors in moderate breeze.

3. Skin and eye contact; protective clothing; treatment in case of contact: Avoid eye contact. In case of eye contact, immediately flush eyes with large amounts of water for at least 15 minutes. Get prompt medical attention. Avoid contact with skin and clothing. In case of skin contact, immediately flush with     large amounts of water, and soap if available.

---

[2] As it should be recalled, after initially approving the use of Corexit 9527 to disperse the spill, the EPA banned its use after a few days (and switched to Corexit 9500, which did not have *butoxyethanol*). Presumably, had the EPA previously been told by NALCO of  the full health hazards of the *butoxyethanol,* EPA would not have even approved it initially.

Remove contaminated clothing, including shoes, after flushing has begun. If irritation persists, seek medical attention. For open systems where contact is likely, wear long sleeve shirt, chemical resistant gloves, and chemical protective goggles. …

Third, at the top it says: "Original Listing Date: March 10, 1978; Revised Listing Date: December 18, 1995". So, presumably, there was a revision to EC9527A. Under Sec. 300.915(d) (as noted in Plaintiff's Opposition), NALCO is required to inform EPA of all changes to Corexit. But NALCO does not even allege in its MSJ that it has met this requirement. This begs the question of how many other times NALCO made changes to Corexit and whether it so advised EPA. This is yet another example of how NALCO has woefully insufficient information to entitle it to be granted its Motion For Summary Judgment.

**CONCLUSION:**

This technical bulletin if further evidence that NALCO never provided EPA with crucial health information about butoxyethanol/Corexit 9527 and, therefore, its arguments and "Uncontested Facts" to the contrary are dubious at best.

Respectfully submitted,

*/s/ Daniel E. Becnel, Jr.*
Daniel E. Becnel, Jr. (2926)
BECNEL LAW FIRM, LLC
106 W. SEVENTH ST.
P.O. DRAWER H
RESERVE, LA 70084
(985) 536-1186
dbecnel@becnellaw.com
Attorney for Plaintiff in:

<u>Malcolm Alphonse Coco v BP, NALCO et al</u>.
*(*11-cv-946)

CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 13th day of July, 2012.

<u>/s/ Daniel E. Becnel, Jr.</u>