UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON" IN THE GULF OF MEXICO, ON APRIL 20, 2010 | : : : : | MDL NO. 2179 SECTION J |
| THIS DOCUMENT RELATES TO ALL CASES | : : : : | JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |
| BON SECOUR FISHERIES, INC., ET AL. INDIVIDUALLY AND ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS, v. BP EXPLORATION & PRODUCTION INC.; BP AMERICA PRODUCTION COMPANY; BP P.L.C, DEFENDANTS. | : : : : : : : : : : : : : : | CIVIL ACTION 12-970 SECTION J JUDGE BARBIER MAGISTRATE JUDGE SHUSHAN |

**LIMITED OBJECTIONS OF THE UNITED STATES OF AMERICA IN RESPONSE TO THE BP DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF FINAL APPROVAL OF *DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT, AS AMENDED [REC. DOC. 7945, AS SUPPLEMENTED BY REC. DOCS. 8023 AND 8009]**

**PRELIMINARY STATEMENT**

The United States files these objections to the proposed findings of fact and conclusions of law filed by the BP Parties and others. [Rec. Doc. 7945, as Supplemented and/or Substituted by Rec. Docs. 8023 and 8009.] In filing these objections, the United States nevertheless wishes to state clearly, once again, that it does *not* take a position as to the proposed settlement.[1]

Instead, the United States respectfully requests that the proposed findings and conclusions be modified in order to clarify that they will have no effect on, and will cause no prejudice to, the claims and rights of the United States and various states or, indeed, upon any of the non-settling local governmental and private plaintiff parties. We believe that our request is fully in accord with the Court's previous rulings and intentions, given that the Court already has observed that the rights of non-settling parties will not be affected by the proposed settlement. [*See, e.g.*, Fairness Hearing Transcript at p. 18.]

We note that Transocean has expressed similar prophylactic concerns and has proposed certain simple substitutions and clarifications that we believe will address, with minor modifications, the United States' concerns as well. [Transocean's Objections, Rec. Doc. 8003.] Transocean's and the United States' proposed modifications are set out below in Subsection B.

//

---

[1] As the Court noted from the bench at the class action fairness hearing held on November 8, 2012, some entities may have construed the United States' August 2012 filing [Rec. Doc. 7291-1] as an opposition to the merits of the proposed class action settlement – despite the express language in the United States' filing that it took *no* position. If the United States were to oppose the merits of the proposed settlement, then or now, its papers clearly would state that position. The United States' August filing did *not* take that position then, nor does the United States do so now.

**DISCUSSION**

A.   **The Reasons for These Limited Objections**.

The United States' over-riding concern is that findings and conclusions rendered in the context of the class settlement proceedings not cause prejudice to any non-settling plaintiffs. The United States previously noted that findings and conclusions submitted in the context of the proposed settlement, at least to the extent BP or others might seek to apply them to the claims and rights of non-settling parties outside the settlement classes, would not clear the hurdle of the summary judgment standards of Fed. R. Civ. P. 56.[2] [*See,* Rec. Doc. 7291-1 at pp. 2-3, and fn. 2.]

Wholly aside from Rule 56 standards, findings and conclusions generated as a result of the class action approval process could not, as a matter of law under the circumstances here, be used as claim or issue preclusion weapons against non-settling parties. Nevertheless, to diminish even the possibility of skirmishes in this or any other court that potentially could be generated as a result of any subsequent attempts to mis-apply or stretch findings and conclusions that may ultimately be issued by the Court, we respectfully suggest the following measures – measures, we note, that are consistent with previous representations to the Court and the parties by BP that no claims and/or rights of any non-settling plaintiff shall be affected or prejudiced by the proposed settlement.

B.   **The Requested Changes.**

Based upon the foregoing principles, the United States requests that the Court substitute the

---

[2] *See, e.g., Daniels v. City of Arlington Tex,*, 246 F.3d 500, 502 (5th Cir. 2001) ("A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. [Footnote, citing Fed.R.Civ.P. 56(c).] An issue is material if its resolution could affect the outcome of the action. [Footnote omitted.] In deciding whether a fact issue has been created, the court must view the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party. [Footnote omitted.]" *See also*, this Court's Order on the United States' Motion for Summary Judgment. [Rec. Doc. 5809, pp. 3-4.]

findings and conclusions suggested by Transocean and the United States, as follows:

> 1. **Transocean's Proposed Finding of Fact No. 101**

The United States agrees with Transocean's proposed revision.[3]

> 2. **Transocean's Proposed Finding of Fact No. 102**

The United States takes no position.

> 3. **Transocean's Proposed Finding of Fact No. 280**

The United States agrees with Transocean's proposed revision.[4]

//

---

[3] The United States takes this position because it adheres to the integrity of the Court's previous rulings on motions *in limine* filed by BP, among others, concerning the inadmissibility of the findings and conclusions of certain government investigative bodies, some of which issued reports that are subject to statutory preclusions regarding their use as evidence in civil trials. BP's proposed finding is inconsistent with the Court's Orders and is even inconsistent with BP's own positions taken in the motions it filed.

[4] In addition to Rule 56 standards and the rules of claim and issue preclusion discussed above, the United States notes that a party such as BP has the burden of establishing both (a) the qualifications of proffered experts (including experts concerning Natural Resource Damages) *and (*b) the admissibility of all proffered and disputed expert opinions and methodologies. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592, fn. 10 (1993), *remanded*, 43 F.3d 1311, 1316 (9th Cir. 1995) (*Daubert II*), and *Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987). As explained in *Daubert II,* 43 F.3d at 1319:

> As noted above, plaintiffs rely entirely on the experts' unadorned assertions that the methodology they employed comports with standard scientific procedures. In support of these assertions, plaintiffs offer only the trial and deposition testimony of these experts in other cases. While these materials indicate that plaintiffs' experts have relied on animal studies, chemical structure analyses and epidemiological data, they neither explain the methodology the experts followed to reach their conclusions nor point to any external source to validate that methodology. We've been presented with only the experts' qualifications, their conclusions and their assurances of reliability. Under *Daubert*, that's not enough.

We believe that Transocean's proposed Finding of Fact No. 280 resolves *Daubert* concerns in the limited context of the proposed class action settlement. On the one hand, it allows the settling parties to demonstrate the existence of disputed, complex issues that provided the settling parties the incentive to resolve their disputes without resort to the risks of trial. On the other hand, it and other modifications to BP's proposed Findings and Conclusions also preserve the United States' and all non-settling parties' *Daubert* and other challenges to BP's proffered experts and their opinions, said challenges being fully reserved and protected.

### 4. Transocean's Proposed Conclusion of Law Nos. 394 and 395

The United States agrees with Transocean's proposed revision of Conclusion of Law No. 394 and the elimination of Conclusion of Law No. 395.

### 5. Transocean's Proposed Conclusion of Law No. 518

The United States agrees with Transocean's proposed revision. See also, footnote three above.

### 6. United States's Proposed Conclusion of Law No. 517

BP's proposed Conclusion of Law No. 517 reads as follows:

> 517. The Court reinforces that the Limitation and Liability Trial is currently scheduled for February 25, 2013, *see* Rec. Doc. 7810, and that nothing in these Findings of Fact and Conclusions of Law concerning the Settlement Agreement prejudges or has the effect of prejudging any issue in that upcoming trial (or any other trial) as to non-class member plaintiffs, BP, or any other defendant.

The United States requests that the paragraph be changed as follows to reflect, reinforce, and clarify the fact that the proposed settlement will not affect or prejudice claims and rights of non-settling parties.

> 517. The Court reinforces that the Limitation and Liability Trial is currently scheduled for February 25, 2013, *see* Rec. Doc. 7810, and that nothing in these Findings of Fact and Conclusions of Law concerning the Settlement Agreement prejudges or has the effect of prejudging any issue in that upcoming Phase One trial (or any other trial or any other MDL Phase) as to non-class member plaintiffs, governmental plaintiffs, BP, or any other defendant, and, further, that no legal claims or rights of any non-class member plaintiffs or governmental parties will be affected or prejudiced by the proposed settlement.

### 7. United States' Proposed Clarification of Conclusion of Law Nos. 682 - 689

BP's proposed Conclusion of Law Nos. 682 through 689 include various representations about the future risks to aquatic animals. The United States requests that the following footnote be

added to BP's proposed Conclusion of Law No. 682, as follows:

> Any findings in this sub-section (g)(I) ("Objections Based On Future Risks Lack Merit") are subject to Conclusion of Law No. 528, including its caveat stating that the Court is summarizing the evidence presented by BP and not making findings of its own, and that nothing in those paragraphs should be taken to prejudge the merits of any non-settled claims between BP and any party.[5]

### 8. United States's Proposed Conclusion of Law No. 730

BP's proposed Conclusion of Law No. 730 reads as follows (emphasis added):

> 730. Certain parties who lack standing have made submissions that, while not challenging the fairness of the Settlement, *quibble* with certain statements made in BP's memorandum supporting final approval. *See* Obj. Doc. 164 (Monroe County); Obj. Doc. 211 (Alabama); Obj. Doc. 215 (United States); Obj. Doc. 216 (City of St. Pete Beach and City of Treasure Island); Obj. Doc. 218 (Mobile County, Alabama); *see also* Obj. Doc. 187 (adopting United States filing); Obj. Doc. 219 (same); Obj. Doc. 220 (same); Obj. Doc. 221 (same); Obj. Doc. 222 (same).

The United States respectfully suggests that BP's proposed Conclusion of Law No. 730 be changed as follows and, in particular, that the word "quibble" be deleted. We respect the fact that BP espouses its own view of the facts, but also believe that BP should respect and honor the fact that others – and not least the families of the men killed aboard the *Deepwater Horizon*, as well as private and government plaintiffs impacted by the BP Gulf Oil Spill – challenge that view. Whatever those non-BP viewpoints might be, they and the families and parties who sincerely hold them should not be demeaned or cheapened by use of the term "quibble." We therefore propose:

> 730. Certain parties who lack standing have made submissions that, while not

---

[5] For context here, BP's proposed CoL No. 528 states: "A further obstacle to the class if this case were to proceed through adversarial litigation is the evidence BP has presented that the Gulf is undergoing a robust recovery. This evidence, if credited, would weaken any claim that class members are entitled to compensation for future injury. The Court notes that in paragraphs 529-538, 541-550, and 552-579, *infra*, it is summarizing the evidence presented by BP, not making findings of its own. Furthermore, nothing in those paragraphs should be taken to prejudge the merits of any non-settled claims between BP and any party."

challenging the fairness of the Settlement, dispute certain statements, representations, and evidence made in BP's memorandum and submissions supporting final approval. *See* Obj. Doc. 164 (Monroe County); Obj. Doc. 211 (Alabama); Obj. Doc. 215 (United States); Obj. Doc. 216 (City of St. Pete Beach and City of Treasure Island); Obj. Doc. 218 (Mobile County, Alabama); *see also* Obj. Doc. 187 (adopting United States filing); Obj. Doc. 219 (same); Obj. Doc. 220 (same); Obj. Doc. 221 (same); Obj. Doc. 222 (same).

## **CONCLUSION**

For the reasons discussed above, the United States requests that the Court modify the proposed Findings of Fact and Conclusions of Law as requested herein.

Dated: November 28, 2012.                                   Respectfully submitted,

| | |
|---|---|
| IGNACIA S. MORENO | BRIAN HAUCK |
| Assistant Attorney General | Deputy Assistant Attorney General |
| Environment & Natural Resources Div. | Civil Division |
| JAMES NICOLL | PETER F. FROST |
|   Senior Counsel | Director, Torts Branch, Civil Division |
| NANCY FLICKINGER | Admiralty and Aviation |
|   Senior Attorney | STEPHEN G. FLYNN |
| SARAH HIMMELHOCH | Assistant Director |
|   Senior Attorney | MICHELLE DELEMARRE |
| DEANNA CHANG | SHARON SHUTLER |
| SCOTT CERNICH | JESSICA SULLIVAN |
| A. NATHANIEL CHAKERES | JESSICA MCCLELLAN |
| RACHEL HANKEY | JILL DAHLMAN ROSA |
| ABIGAIL ANDRE | MALINDA LAWRENCE |
| JUDY HARVEY | ROBIN HANGAR |
| BETHANY ENGEL | LAURA MAYBERRY |
| JEFFREY PRIETO | BRIENA STRIPPOLI |
| TOM BENSON | Trial Attorneys |
| GORDON YOUNG | Torts Branch, Civil Division |
| BETHANY ENGEL | |
| Trial Attorneys | |

//
//
//
//

/s/ Steven O'Rourke  
STEVEN O'ROURKE  
Senior Attorney  
Environmental Enforcement Section  
U.S. Department of Justice  
P.O. Box 7611  
Washington, D.C. 20044  
Telephone: 202-514-2779  
E-mail: steve.o'rourke@usdoj.gov  

/s/ R. Michael Underhill  
R. MICHAEL UNDERHILL, T.A.  
Attorney in Charge, West Coast Office  
Torts Branch, Civil Division  
U.S. Department of Justice  
7-5395 Federal Bldg., Box 36028  
450 Golden Gate Avenue  
San Francisco, CA 94102-3463  
E-mail: mike.underhill@usdoj.gov  

JIM LETTEN  
United States Attorney  
SHARON D. SMITH  
Assistant United States Attorney  
Hale Boggs Federal Building  
500 Poydras Street, Ste. B-210  
New Orleans, LA 70130  

Attorneys for the UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

      I hereby certify that, today, the above and foregoing document has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179.

Dated: November 28, 2012.                                     /s/ R. Michael Underhill
                                                                             United States Department of Justice