UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: OIL SPILL by the OIL RIG § <br> "DEEPWATER HORIZON" in the § <br> GULF OF MEXICO, § <br> on APRIL 20, 2010 § <br> § <br> This Filing Relates to: § <br> ALL CASES § <br> (Including Civil Action No. § <br> 12-970) | MDL No. 2179 <br><br> SECTION: J <br><br> JUDGE BARBIER <br><br> MAG. JUDGE SHUSHAN |

HALLIBURTON ENERGY SERVICES, INC.'S OBJECTIONS TO
CLASS COUNSEL'S AND BP DEFENDANTS' JOINT PROPOSED FINDINGS
OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF FINAL APPROVAL
OF THE *DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES
SETTLEMENT AGREEMENT AS AMENDED ON MAY 2, 2012

TO THE HONORABLE CARL J. BARBIER:

Defendant Halliburton Energy Services, Inc. ("HESI") respectfully files its Objections to Class Counsel's and BP Defendants' Joint Proposed Findings of Fact and Conclusions of Law in Support of Final Approval of *Deepwater Horizon* Economic and Property Damages Settlement Agreement as Amended on May 2, 2012 (the "Proposed Findings and Conclusions") (Rec. Doc. 7945), and respectfully requests the Court to consider the following:[1]

I.   **HESI adopts and incorporates previously filed objections.**

   A.   *HESI incorporates its Objections filed on August 31, 2012.*

On August 31, 2012, in response to the Plaintiffs' Memorandum in Support of Final Approval of Economic and Property Class Settlement (Rec. Doc. 7104) and BP Defendants' Motion for Final Approval of *Deepwater Horizon* Economic and Property

---

[1] HESI presents these objections only with regard to the proposed findings of fact and conclusions of law submitted by Class Counsel and BP Defendants. HESI reserves its right to object to any findings of fact and conclusions of law ultimately issued by this Court related to the Settlement Agreement.

- 1 -

Damages Settlement Agreement as Amended on May 2, 2012 (Rec. Doc. 7114), HESI filed its Objections to the Economic and Property Damages Agreement (Cause No. 10-7777, Rec. Doc. 91), along with the Declaration of Marc Vellrath, Ph.D., CFA.  Those objections and declaration are fully incorporated herein for all purposes.

### B.     *HESI joins and adopts Transocean's Objections.*

HESI further joins and adopts Transocean's Objections to Class Counsel's and BP Defendants' Joint Proposed Findings of Fact and Conclusions of Law in Support of Final Approval of *Deepwater Horizon* Economic and Property Damages Settlement Agreement as Amended on May 2, 2012 (Rec. Doc. 8003), including Transocean's statement and position that this Court should not issue any findings of fact or conclusions of law that could affect the procedural or substantive legal rights of any non-settling defendants.  As a non-settling defendant, the objections to the proposed findings of fact and conclusions of law raised by Transocean are equally applicable to HESI.  Specifically, HESI joins and adopts Transocean's objections and statements regarding paragraphs 101, 102, 280, and 518, without modification.  HESI joins Transocean's objections regarding paragraph 394, but further suggests changing the language bolded in Transocean's objection ("BP's share of liability compared to other defendants including Transocean and Halliburton") to "BP's share of liability compared to claims of liability against other defendants including Transocean and Halliburton."  HESI also suggests deleting subparagraph (iv) of paragraph 394 as an unfounded statement that HESI's "proposed cement mixture was unstable."  This Court has not heard any evidence related to the merits of this claim and should refrain from making any statements that presume instability.  Likewise, HESI joins Transocean's objections to paragraph 395, and, in the event the paragraph is not

- 2 -

deleted, further requests that subparagraph (i) regarding HESI's alleged use of an "improper cement slurry" be deleted because this Court has not considered the merits regarding this claim.

**II.    HESI objects to statements regarding its standing to object.**

HESI objects to each and every conclusion of law regarding its standing to object to the Settlement Agreement as a non-settling defendant. (Rec. Doc. 7945, ¶¶ 205, 590, 597, 658, 681, and p. 144, n. 35). Moreover, HESI objects to the foundation statements proposed by Class Counsel and BP Defendants regarding the law of standing by a non-settling defendant because these paragraphs fail to set forth a proper recitation of the applicable law. (*Id.* at ¶¶ 590, 597). Indeed, the statement set forth in paragraph 590 ("In the context of class settlements, non-settling parties have no standing to challenge the proposed settlement") is inconsistent with the statement set forth in paragraph 597 ("Non-settling defendants who will suffer 'plain legal prejudice' as a result of a settlement have sometimes been held to have standing to challenge the settlement."). As set forth in HESI's objections, where the rights of a non-settling party are substantially prejudiced by the settlement ("plain legal prejudice" is also used), the non-settling defendant has standing to object; in this regard, plain legal prejudice occurs when a partial settlement deprives a non-settling party of a substantive right. *Newby v. Enron Corp. (In re Enron Corp. Sec.)*, MDL Docket No. 1446, Civil Action No. H-01-3624, 2008 U.S. Dist. LEXIS 48516, at *31-33 (S.D. Tex. June 24, 2008) (citing *In re: Beef Industry Antitrust Litig.*, 607 F.2d 167, 172 (5th Cir. 1979)); *see also Schmerling v. Acromed Corp. (In re Orthopedic Bone Screw Prods. Liab. Litig.)*, MDL Docket No. 1014, Civil Action No. 96-2749, Civil Action No. 97-381, 1997 U.S. Dist. LEXIS 4165, at *16-17 (E.D. Pa.

Mar. 26, 1997).  If the Court elects to include statements on the law of standing, such statements should be internally consistent and accurately reflect the law.

### III. To the extent any of HESI's objections are mentioned, these statements should be accurate.

HESI objects to the statements related to HESI's actual objections in the Proposed Findings and Conclusions as inaccurate.  This is particularly so with regard to Class Counsel's and BP Defendants' paraphrase of the opinions set forth in the Declaration of Marc Vellrath.  (Rec. Doc. 7945, ¶¶ 205, 658-59, 681).  Vellrath does not state that the Settlement Agreement is "too generous" or "overly generous."  Rather, Vellrath states that the payments under the Settlement Agreement are not founded in the actual damage realized by Class Members in support of HESI's position that it cannot be held liable under any theory of voluntary payments made by BP.  Indeed, the idea that payments under the Settlement Agreement, particularly with inclusion of the Risk Transfer Premium, are greater than damages that would likely be realized in actual litigation is a theme that is acknowledged by Class Counsel and BP throughout their pleadings in support of the Settlement Agreement.  *See, e.g.,* Doc. 7104, p. 28, ¶ 65 ("I am advised by class counsel that the $2.3 billion allocated by the settlement is well beyond what is required to pay full compensation to class members."); Doc. 7114, pp. 14-15 (explaining that the Settlement Agreement includes "generous Risk Transfer Premiums that could not be obtained through adversarial litigation").  Accordingly, HESI objects to the inaccurate characterization of Vellrath's opinion as standing for the proposition that the Settlement Agreement is "too generous."  If this Court elects to approve the Settlement Agreement, it should either remove the reference or fully articulate Vellrath's opinion that payments

under the Settlement Agreement are voluntary payments not substantially related to actual injury or damages suffered by Class Members.

### IV.     HESI objects to statements that assignment of BP's claims to Class Members is valid.

HESI objects to paragraph 470 to the extent that it states that the assignment of "BP's claims against Halliburton and Transocean to the class" is a "significant benefit." The legal validity and resulting benefit of such claims is questionable, as set forth in HESI's Objections (Cause No. 10-7777, Rec. Doc. 91, pp. 15-19).  Accordingly, to the extent the Proposed Findings and Conclusions presume validity of any assignment of claims, such statements should be deleted from any findings of fact and conclusion of law ultimately issued by the Court.

### Conclusion

For the foregoing reasons, HESI requests that if this Court does issue final approval of the Settlement Agreement and adopts the Proposed Findings and Conclusions, this Court should modify its findings of fact and conclusions of law as requested above.

Respectfully submitted,

**GODWIN LEWIS PC**

**By:** /s/ *Donald E. Godwin*
Donald E. Godwin
*Attorney-in-charge*
State Bar No. 08056500
Don.Godwin@GodwinLewis.com
Bruce W. Bowman, Jr.
State Bar No. 02752000
Bruce.Bowman@GodwinLewis.com
Jenny L. Martinez
State Bar No. 24013109
Jenny.Martinez@GodwinLewis.com
Floyd R. Hartley, Jr.
State Bar No. 00798242
Floyd.Hartley@GodwinLewis.com
Gavin E. Hill
State Bar No.  00796756
Gavin.Hill@GodwinLewis.com
Renaissance Tower
1201 Elm, Suite 1700
Dallas, Texas 75270-2041
Telephone:  (214) 939-4400
Facsimile:   (214) 760-7332
And
R. Alan York
State Bar No. 22167500
Alan.York@GodwinLewis.com
Jerry C. von Sternberg
State Bar No.  20618150
Jerry.vonSternberg@GodwinLewis.com
Misty Hataway-Coné
State Bar No.  24032277
Misty.Cone@GodwinLewis.com
1331 Lamar, Suite 1665
Houston, Texas 77010
Telephone:  (713) 595-8300
Facsimile:   (713) 425-7594

**ATTORNEYS FOR DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

## CERTIFICATE OF SERVICE

      I hereby certify that the above and foregoing Halliburton Energy Services, Inc.'s Objections to Class Counsel's and BP Defendants' Joint Proposed Findings of Fact and Conclusions of Law in Support of Final Approval of *Deepwater Horizon* Economic and Property Damages Settlement Agreement as Amended on May 2, 2012, has been served on all counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of the Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedure established in MDL 2179, on this 28th day of November, 2012.

                                            /s/ Donald E. Godwin
                                            Donald E. Godwin