# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In re: Oil Spill by the Oil Rig | * | MDL No. 2179 |
| "Deepwater Horizon" in the Gulf | * | |
| of Mexico, on April 20, 2010 | * | SECTION "J" |
| | * | |
| Applies to: | * | JUDGE BARBIER |
| *All Cases* | * | |
| | * | MAGISTRATE SHUSHAN |

## ORDER

Before the Court is (Rec. Doc. 7352) Transocean's Objections to and Motion to Review

Magistrate Judge Shushan's Order (Rec. Doc. 7268) Regarding the PSC's Request for New Phase

One Depositions, and the PSC's opposition to same (Rec. Doc. 7406). The Magistrate Judge's

Order stated, in pertinent part:

> There is prejudice to the PSC with respect to Document Nos. 4 and 6. There is also some prejudice to the PSC with Document No. 3. Transocean shall produce Steve Newman for an examination on these documents. The PSC may examine Newman on Document No. 7 with the exchange between McMahan and Newman. It may also examine Newman on other of the 37 documents which the parties believe are at issue as a result of extrapolation of the holdings of this order to the remaining documents.

> The deposition will be limited to 240 minutes. The PSC is allocated 150 minutes. There is no need for examination by the States or the U.S. The defendants other than Transocean shall allocate 60 minutes among themselves. Transocean shall have 30 minutes at the conclusion of the examination.

> The parties may not amend expert reports to refer to these documents. District Judge Barbier will resolve whether an expert may refer to any of the documents or Newman's additional deposition testimony.

(Rec. Doc. 7268 at 5-6).

Having considered counsels' memoranda, the record, and the applicable law, the Court finds

that the Magistrate Judge's decision to permit a second deposition of Mr. Newman was not clearly

erroneous or contrary to law under Fed. R. Civ. P.72(a).   However, in light of the burdens that a deposition may impose on senior corporate executives and their businesses, [1] and given that this is the second time Mr. Newman will be deposed, the Court finds the Magistrate Judge's Order requires modification, *to wit*:

The deposition of Steve Newman shall be limited to 120 minutes, rather than 240 minutes. The PSC is allocated 60 minutes. The defendant s other than Transocean shall allocate 30 minutes among themselves.   Transocean shall have 30 minutes at the conclusion of the examination. Furthermore, the deposition shall be conducted by video, unless Mr. Newman prefers to travel to New Orleans for a live deposition. In all other respects, the Magistrate Judge's Order is unchanged and affirmed. Accordingly,

IT IS ORDERED that the Magistrate Judge's Order (Rec. Doc. 7268) is AFFIRMED AS AMENDED.

**The Court advises counsel and the parties that it does not intend to permit discovery to be further reopened with respect to Phase I issues.**

New Orleans, Louisiana, this 18th day of September, 2012.

United States Dis     Judge

---

[1] *See, e.g., Wertheim Schroder & Co., Inc. v. Avon Prods., Inc.*, No. 91 Civ. 2287, 1995WL 6259, at *2 (S.D.N.Y. Jan. 9, 1995) ("permitting unfettered discovery of corporate executives would threaten disruption of their businesses and could serve as a potent tool for harassment in litigation." (quotation and citation omitted)).