## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: OIL SPILL by the OIL RIG | § | MDL-2179 |
| "DEEPWATER HORIZON" | § | |
| in the GULF OF MEXICO, on | § | |
| APRIL 20, 2010 | § | SECTION "J" |
| | § | |
| THIS DOCUMENT RELATES TO: | § | JUDGE BARBIER |
| | § | MAG. JUDGE SHUSHAN |
| *10-cv-3059 and 11-cv-0516* | § | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### STATE OF LOUISIANA'S OBJECTIONS TO CLASS COUNSEL'S AND BP DEFENDANTS' JOINT PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF FINAL APPROVAL OF *DEEPWATER HORIZON* ECONOMIC AND PROPERTY DAMAGES SETTLEMENT AGREEMENT AS AMENDED ON MAY 2, 2012 [REC. DOC. 7945]

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, the State of Louisiana through James D. "Buddy" Caldwell, Louisiana Attorney General ("Louisiana" or "State"), who hereby opposes Class Counsel's and BP Defendants' Joint Proposed Findings of Fact and Conclusions of Law in Support of Final Approval of *Deepwater Horizon* Economic and Property Damages Settlement Agreement as Amended on May 2, 2012 [Rec. Doc. 7945] ("Proposed Findings of Fact and Conclusions of Law").

### I.   BACKGROUND

The State of Louisiana previously advised the Court of its concerns over and disagreement with a number of conclusory statements regarding the ecological and economic recovery of the Gulf made by the BP Defendants (collectively "BP"), and not contradicted by Class Counsel, in filings supporting the final approval of the proposed Settlement.  [Rec. Doc. 7345] (objecting to Rec. Doc. 7114).  Such statements, if adopted by the Court, could have an

extensive impact on the State and other parties' ongoing economic and damage claims.[1]  The BP

Defendants argued that Louisiana's concerns were without merit:

> Louisiana seeks discovery as to the "long-term impact of the oil spill." Louisiana Letter, at 7.  Apparently, Louisiana imagines that the Fairness Hearing is a wide-ranging hearing at which the Court would reach final determinations as to the extent to which the Gulf has recovered and is recovering.  Putting aside both (1) the fact that Louisiana and its natural resource trustees have ample information about the health of its wetlands and waters, and (2) the extensive information on this topic in the public domain, **authority counsels that the Court should "not determine contested issues of fact that underlie the dispute."** *United States v. Oregon*, **913 F.2d 576, 582 (9th Cir. 1990);** *accord Officers for Justice v. Civil Service Comm'n of S.F.*, **688 F.2d 615, 625 (9th Cir. 1982).**  While BP and the PSC disagree about the extent to which the Gulf is recovering, the goal now is not to resolve this disagreement. Rather, the point is that in the face of disagreement on nearly every significant issue, BP and the PSC reached a settlement that they agree represents a reasonable resolution of the dispute.

Ltr. from Richard Godfrey, Counsel for BP, to Magistrate Judge Sally Shushan in Response to

Requests of Halliburton and Louisiana for Depositions of Class Representatives and Settlement

Experts (Aug. 3, 2012) [Rec. Doc. 7037] (emphasis added).  The PSC responded that Louisiana's

concerns were "absurd" and that "the Louisiana AG naively disregards that Plaintiffs will face

the *litigation risk* posed by BP's evidence on scientific, environmental and economic issues,

even though there will certainly be contrary evidence available to them."  Plaintiffs' Reply Brief

in Response to Objections and in Further Support of Final Approval of Economic and Property

Damages Class Settlement [Rec. Doc. 7727] (emphasis in original).  Despite the fact that the BP

Defendants represented to the Court that no ultimate factual determinations would be made in

connection with the final approval, only a few months later, the PSC (which continues to

represent a number of plaintiffs even if the proposed settlements are approved) and BP jointly

---

[1] In addition, the State requested leave to take discovery regarding the positions asserted in the parties' preliminary approval papers.  The State's request was denied.  [Rec. Doc. 7038].

proposed findings of fact on those very issues, economic and ecological recovery in the Gulf and associated damages, that were the basis of the State's concerns.

This Court has assured the State that "the proposed settlement will in no way affect any procedural or substantive rights of . . . Louisiana." [Rec. Doc. 7038, at 2]. Adoption of a number of the jointly proposed findings of fact would do just that. Louisiana respectfully requests that this Court remain committed to this assurance and reject any proposed finding of fact or conclusion of law that could affect the procedural or substantive rights of the State or other plaintiff parties going forward.

## II. SPECIFIC OBJECTIONS TO PROPOSED FINDINGS

Initially, the State objects to this Court's adoption or approval of any finding of fact or conclusion of law supporting the assertion that the Gulf is undergoing a "robust recovery." *See* Proposed Findings of Fact and Conclusions of Law ¶¶ 528- 579. Second, the State objects to this Court's adoption or approval of any findings or conclusions related to future risks to the ecological health of the Gulf, *id.* ¶¶ 682-689, as well as the future risks of re-oiling. *Id.* ¶724.

The above findings and conclusions would adversely affect the procedural and substantive rights of the State. There is no reasonable basis for the Court to make any findings and conclusions related to the current or future ecological health of the Gulf. No party in this MDL has conducted formal discovery of ecological issues, and thus, any proposed findings on those issues are without adequate factual support.[2] Further, the expert opinions on which BP basis its assertions have not been subjected to scrutiny under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which is required in class certification

---

[2] The ecological and economic health of the Gulf Coast has not been the subject of either factual or expert proceedings in this matter as of yet. "To this point, there has been absolutely no discovery related to the question of damages." Letter from Plaintiffs' Liaison Counsel to Magistrate Judge Shushan (date July 25, 2012) [Rec. Doc. 7032].

and final settlement approval context.  Because such findings and conclusions may impact the rights of Louisiana as well as other plaintiffs in these proceedings, and because Louisiana has not been provided an adequate opportunity to contest such assertions, the Court should reject any proposed findings or conclusions regarding the recovery of the Gulf and the risk of future damages.

## III.    CONCLUSION

For the reasons set forth above, this Court should sustain the State's Objections and reject any proposed finding of fact or conclusion of law that could affect the procedural or substantive right of the State.

Dated this 30th day of November, 2012.

Respectfully submitted,

JAMES D. "BUDDY" CALDWELL          KANNER & WHITELEY, LLC
LOUISIANA ATTORNEY GENERAL
                                   /s/ Allan Kanner
James Trey Phillips                Allan Kanner
First Assistant Attorney General   Elizabeth B. Petersen
Megan K. Terrell                   David A. Pote
Assistant Attorney General         Douglas R. Kraus
Section Chief –Environmental       Allison M. Shipp
State of Louisiana                 701 Camp Street
P.O. Box 94005                     New Orleans, LA 70130
Baton Rouge, LA 70804-9005         Telephone: (504) 524-5777
Telephone: (225) 326-6708          **Special Counsel for Plaintiff**
                                   **Attorney General, State of Louisiana**

HENRY DART,                        USRY, WEEKS, &
ATTORNEYS AT LAW P.C.              MATTHEWS, APLC

/s/ Henry T. Dart                  /s/ T. Allen Usry
Henry T. Dart                      T. Allen Usry
Grady J. Flattmann                 1615 Poydras St.
510 N. Jefferson St.               Suite 12
Covington, LA 70433                New Orleans, LA 70112

Telephone: (985) 809-8093
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

SHOWS, CALI, BERTHELOT &
WALSH, LLP

/s/ E. Wade Shows
E. Wade Shows
628 St. Louis Street
Baton Rouge, LA 70802
Telephone: (225) 346-1461
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

Telephone: (504) 592-4641
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

MARTEN LAW, PLLC

/s/ Bradley M. Marten
Bradley M. Marten
Linda R. Larson
1191 Second Avenue
Suite 2200
Seattle, WA 98101
(206) 292-2600
**Special Counsel for Plaintiff**
**Attorney General, State of Louisiana**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Objections to Class Counsel's and BP Defendants' Joint Proposed Findings of Fact and Conclusions of Law in Support of Final Approval of *Deepwater Horizon* Economic and Property Damages Settlement Agreement as Amended on May 2, 2012 [Rec. Doc. 7945] has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL 2179, on this 30th  day of November, 2012.

Kanner & Whiteley, L.L.C.

 /s/ Allan Kanner_____
 Allan Kanner
 a.kanner@kanner-law.com