**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

IN RE:  OIL SPILL by the OIL RIG      MDL NO. 2179
       "DEEPWATER HORIZON" in the
       GULF OF MEXICO, on
       APRIL 20, 2010      SECTION: J

THIS DOCUMENT RELATES TO:      JUDGE BARBIER
       12-02248      MAG.  JUDGE SHUSHAN

_____

**ANSWER**
_____

       **NOW COMES, Lawson Environmental Service, L.L.C.,** through undersigned

counsel, who respectfully responds to plaintiff's Complaint as follows:

## FIRST DEFENSE

       The plaintiff's claims fail to state a cause of action upon which relief may be

granted.

## SECOND DEFENSE

       The Court lacks jurisdiction over this matter and/or venue is improper.

## THIRD DEFENSE

       Plaintiff's cause of action has prescribed or otherwise been time barred.

1.

       The allegations of Paragraph 1 do not call for an answer by this defendant,

however, out of an abundance of caution, the allegations are denied.

2.

The allegations of Paragraph 2 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

3.

The allegations of Paragraph 3 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

4.

The allegations of Paragraph 4 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

5.

The allegations of Paragraph 5 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

6.

The allegations of Paragraph 6 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

7.

The allegations of Paragraph 7 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

8.

The allegations of Paragraph 8 are admitted.

9.

The allegations of Paragraph 9 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

10.

The allegations of Paragraph10 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

11.

The allegations of Paragraph 11 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

12.

The allegations of Paragraph 12 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

13.

The allegations of Paragraph 13 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

14

The allegations of Paragraph 14 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

15.

The allegations of Paragraph 15 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

16.

The allegations of Paragraph16 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

17.

The allegations of Paragraph 17 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

18.

The allegations of Paragraph 18 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

19.

The allegations of Paragraph 19 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

20.

The allegations of Paragraph 20 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

.

21.

The allegations of Paragraph 21 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

22.

The allegations of Paragraph 22 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

23.

The allegations of Paragraph 23 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

24.

The allegations of Paragraph 24 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

25.

The allegations of Paragraph 25 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied..

26.

The allegations of Paragraph 26 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

27.

The allegations of Paragraph 27 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

28.

The allegations of Paragraph 28 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

29.

The allegations of Paragraph 29 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

30.

The allegations of Paragraph 30 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

31.

The allegations of Paragraph 31 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

32.

The allegations of Paragraph 32 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

33.

The allegations of Paragraph 33 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

34.

The allegations of Paragraph 34 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

35.

The allegations of Paragraph 35 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

36.

The allegations of Paragraph 36 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

37.

The allegations of Paragraph 37 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

38.

The allegations of Paragraph 38 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

39.

The allegations of Paragraph 39 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

40.

The allegations of Paragraph 40 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

41.

The allegations of Paragraph 41 are denied.

42.

The allegations of Paragraph 42 are denied.

43.

The allegations of Paragraph 43 are denied.

44.

The allegations of Paragraph 44 are denied.

45.

The allegations of Paragraph 45 are denied.

46.

The allegations of Paragraph 46 are denied.

47.

The allegations of Paragraph 47 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

48.

The allegations of Paragraph 48 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

49.

The allegations of Paragraph 49 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

50.

The allegations of Paragraph 50 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

51.

The allegations of Paragraph 51 are denied.

52.

The allegations of Paragraph 52 are denied.

53.

The allegations of Paragraph 53 are denied.

54.

The allegations of Paragraph 54 are denied.

55.

The allegations of Paragraph 55 are denied.

56.

The allegations of Paragraph 56 are denied.

57.

The allegations of Paragraph 57 are denied.

58.

The allegations of Paragraph 58 are denied.

59.

The allegations of Paragraph 59 are denied.

60.

The allegations of Paragraph 60 are denied.

61.

The allegations of Paragraph 61 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

62.

The allegations of Paragraph 62 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

63.

The allegations of Paragraph 63 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

64.

The allegations of Paragraph 64 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

65.

The allegations of Paragraph 65 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

66.

The allegations of Paragraph 66 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

67.

The allegations of Paragraph 67 are denied.

68.

The allegations of Paragraph 68 are denied.

69.

The allegations of Paragraph 69 are denied.

70.

The allegations of Paragraph 70 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

71.

The allegations of Paragraph 71 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

72.

The allegations of Paragraph 72 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

73.

The allegations of Paragraph 73 are denied.

74.

The allegations of Paragraph 74 are denied.

75.

The allegations of Paragraph 75 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

76.

The allegations of Paragraph 76 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

77.

The allegations of Paragraph 77 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

78.

The allegations of Paragraph 78 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

79.

The allegations of Paragraph 79 do not call for an answer by this defendant, however, out of an abundance of caution, the allegations are denied.

80.

All other allegations not heretofore specifically admitted are denied.

**AND NOW FURTHER ANSWERING, Lawson Environmental Service, L.L.C.** avers:

## FOURTH DEFENSE

The claims of plaintiff were caused by a third party for whom Lawson Environmental Services, L.L.C. is not responsible, and the said third party negligence and/or fault is pled herein as a complete bar to plaintiff's actions and alternatively in mitigation of the damages thereof under the general maritime law and under the Louisiana Civil Code Article 2324, if applicable.

## FIFTH DEFENSE

Defendant, Lawson, denies that it owes any maritime obligations whatsoever to the plaintiff, and further denies that any of the maritime obligations that it may have owed to the plaintiff, were breached by any of the defendant's employees or by anyone for whom the defendant is responsible, and the defendant further denies that any other obligations which may be owed by the defendant to the plaintiff were so breached, but in the event that this Court should find that any maritime and/or other obligations were so breached, which it at all times expressly denied, then and in that event, defendant avers

that the plaintiff's own negligence contributed to his injury and the same is herein pled as a complete bar to his actions, or in the alternative, in mitigation of damages thereof.

## SIXTH DEFENSE

Defendant, Lawson, is not the Plaintiff's employer under the Jones Act.

## SEVENTH DEFENSE

Lawson avers that if Plaintiff is entitled to recover from Lawson, which is specifically denied, Plaintiff's recovery is barred and/or reduced in proportion to the degrees or percentages of fault attributable to Plaintiff, and/or any co-defendant or third-party defendant herein and/or any other person or entity to whom a percentage of fault is attributed.

## EIGHTH DEFENSE

Plaintiff's demands are barred by Plaintiff's failure to mitigate, minimize, or abate his damages.

## NINTH DEFENSE

At all relevant times, Lawson complied with all applicable laws, regulations, and standards.

## TENTH DEFENSE

To the extent that Lawson is found liable to Plaintiff for any damages, Lawson may be entitled to contractual indemnity or contribution from other parties and/or entities.

## ELEVENTH DEFENSE

Lawson was not the charterer of the M/V Odyssea Atlas.

## TWELFTH DEFENSE

The damages alleged by Plaintiff were caused or contributed to by the fault, negligence, want of due care, breach of contract, express or implied, of other persons or corporations for whom/which Lawson is not responsible.

## THIRTEENTH DEFENSE

Lawson alleges that the injuries or damages complained of by Plaintiff, which injuries or damages are specifically denied, were proximately caused by some other incident or incidents, or some other tortfeasor or tortfeasors.

## FOURTEENTH DEFENSE

The hazard or occurrence sued upon were open, obvious and well known to Plaintiff.

## FIFTEENTH DEFENSE

Plaintiff's damages, if any, were caused by a voluntary assumption of a known risk by Plaintiff.

## SIXTEENTH DEFENSE

Lawson reserves its right to raise all affirmative defenses that may be revealed as a result of discovery and further reserves the right to adopt the affirmative defenses raised by all other defendants.

**WHEREFORE, Lawson Environmental Service, L.L.C.** prays that this Answer be deemed good and sufficient and after all due proceedings are had there be

Judgment rendered in favor of **Lawson Environmental Service, L.L.C.** and against

plaintiff, dismissing plaintiff's claims against it with prejudice, at its costs.  **Lawson**

**Environmental Service, L.L.C.** further prays for any and all general and equitable relief.


RESPECTFULLY SUBMITTED,

DUVAL, FUNDERBURK, SUNDBERY,
    LOVELL & WATKINS


  */s/Kathryn Richard*
**KATHRYN W. RICHARD (# 26486)**
**101 Wilson Avenue**
**P.O. Box 3017**
**Houma, Louisiana  70361-3017**
**Telephone:  (985) 876-6410**
**Fax:  (985) 851-1490**
**Counsel for Lawson Environmental**
    **Service, L.L.C.**


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the above and foregoing *Answer to Complaint and Affirmative Defenses* was electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Douglas M. Schmidt            Dglasschmdt@yahoo.com
    Paul A. Dominick                PDominick@nexsenpruet.com


this 4th day of December, 2012.

*/s/ Kathryn W. Richard*_____
**KATHRYN W. RICHARD**