

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

IN RE: OIL SPILL BY THE OIL RIG "DEEPWATER HORIZON"
IN THE GULF OF MEXICO, ON APRIL 20, 2010
David T. Knight, et al. v. BP PLC, et al.,
M.D. Florida, C.A. No. 8:12-01774 ) MDL No. 2179

**TRANSFER ORDER**

12-2897
SECT. J MAG. 1

**Before the Panel:** Pursuant to Panel Rule 7.1, plaintiffs in this action (*Knight*) move to vacate our order conditionally transferring the action to MDL No. 2179. Responding defendants BP p.l.c., BP America, Inc., BP Products North America Inc., BP America Production Company, and BP Exploration & Production Inc. (collectively BP) oppose the motion.

In their motion to vacate, the *Knight* plaintiffs argue, *inter alia*, that (1) they have sued only BP and no other defendants in the MDL; (2) their claims require application of Florida law; (3) the MDL is too advanced for them to benefit from inclusion therein; and (4) they have opted out of the partial settlement tentatively reached in the MDL. We find these arguments unpersuasive. First, the fact that plaintiffs have not sued certain MDL defendants does not warrant vacatur. *See In re Navistar 6.0L Diesel Engine Prods. Liab. Litig.*, 777 F. Supp. 2d 1347, 1348 (J.P.M.L. 2011) ("[C]entralization does not require a complete identity of parties."). Second, there are dozens of actions already in the MDL containing Florida law claims. Third, the suggestion that plaintiffs will not benefit from the enormous amount of discovery taken in the MDL is simply not plausible.[1] Fourth, notwithstanding plaintiffs' decision to opt out of the settlement, transfer will facilitate their access to that discovery, as well as ensure that pretrial proceedings in their action do not duplicate activity that has already taken place in the MDL. Furthermore, transfer likely will facilitate the transferee court's ability to address the claims of opt-out plaintiffs in an efficient and uniform manner.

After considering all argument of counsel, we find that *Knight* involves common questions of fact with actions in this litigation previously centralized in the MDL, and that transfer of the action to the Eastern District of Louisiana for inclusion in the centralized proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The action unquestionably shares factual issues with those already in the MDL. *See Knight* Compl.

---

[1] *See* Prelim. Approval Order [As to the Proposed Economic and Property Damages Class Action Settlement], at 3 ("In the 20 months that have passed since the JPML's centralization order, the parties have engaged in extensive discovery and motion practice, including taking 311 depositions, producing approximately 90 million pages of documents, and exchanging more than 80 expert reports on an intense and demanding schedule.") (E.D. La. May 2, 2012) (docket no. 6418).

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

- 2 -

¶ 10 (describing the action as "aris[ing] from the blow-out of the oil well that BP was drilling in the Gulf of Mexico with the drilling platform known as Deepwater Horizon").

    IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Louisiana, and, with the consent of that court, assigned to the Honorable Carl J. Barbier for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |