UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | OIL SPILL by the OIL RIG    * | MDL No. 2179 |
| | "DEEPWATER HORIZON: in the   * | SECTION J |
| | GULF OF MEXICO, on APRIL 20, 2010 * | |
| | * | |
| THIS DOCUMENT RELATES: | * | JUDGE BARBIER |
| | * | MAG. JUDGE SHUSHAN |
| IN RE: TRITON ASSET LEASING GmbH | * | |
| Case No.   2:10-cv-02771-CJB-SS | * | |
| | * | |
| USDC DOCKET NO. 7604 | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR INTERVENTION

NOW INTO COURT comes J. Patrick Connick and the Law Office of J. Patrick Connick, L.L.C. (hereinafter referred to collectively as "Intervening Attorney"), intervener herein, who respectfully avers the following:

1.

Defendants-in-Intervention are **Immaculate Conception School and The Roman Catholic Church for the Archdiocese of New Orleans (hereinafter referred to collectively as "ICS")**.

2.

Intervening Attorney is a lifelong member of Immaculate Conception Parish located in Marrero, Louisiana. Sometime in mid-August, 2012, Sister Maria Columbo, FMA, Director of Development for the Salesian Sisters of St. John Bosco, in Marrero, Louisiana (along with Salesian Sister Helen Godin, FMA) approached Intervening Attorney requesting assistance in filing a claim for damages as they relate to the BP/Deepwater Horizon oil spill for their schools.


EXHIBIT A

3.

After an initial meeting held at Immaculate Conception School, Intervening Attorney agreed to evaluate, coordinate and present any eligible claim on behalf of ICS. At all relevant times herein, Intervening Attorney worked with Sister Helen Godin, FMA, Sister Maria Columbo, FMA, and officials with the Roman Catholic Church for the Archdiocese of New Orleans towards this end.

4.

On information and belief, since August 2012, representatives of The Roman Catholic Church for the Archdiocese of New Orleans (hereinafter sometimes "the Archdiocese"), specifically the Associate Superintendent of Schools for the Archdiocese of New Orleans, were made aware of ICS's potential BP claim and Intervening Attorney's involvement in evaluating and coordinating such claim. Moreover, it is believed that the Archdiocese representatives actively assisted ICS and Intervening Attorney to gather some data and information required by the BP Claims Administrator to evaluate ICS's claim.

5.

Some of the information Intervening Attorney received from ICS and the Archdiocese included ICS's corporate structure documents, ICS's certificates of school accreditations, information regarding bankruptcy filings or lack thereof, ICS's enrollment data from 2007 thru 2011, ICS's financial data from 2007 thru 2011, as well as other records and documents.

6.

In September 2012, Intervening Attorney retained a Certified Public Accountant to analyze the historical financial data ICS and the Archdiocese had provided his office. The CPA was charged with the task of determining if ICS's financial data met one or more of the various tests that would allow recovery under the BP settlement.

7.

Then on or about October 1, 2012, Intervening Attorney was advised by Sister Maria Columbo, FMA, that the Archdiocese of New Orleans had retained the Couhig Partners, LLC to "evaluate, coordinate and present eligible (BP) claims on behalf of each entity of the Archdiocese", but because Intervening Attorney already had all necessary documents was in the process of evaluating ICS's claim and because he was "ahead of the curve", Intervening Attorney was instructed and authorized to continue his representation of ICS in this matter.

8.

On or about October 9, 2012, Intervening Attorney was contacted by the CPA he retained and was advised that based upon ICS's financial data and the methodology allowed in the BP settlement agreement, it appeared preliminary that ICS may have a substantial claim. The CPA stated that before releasing his trend analysis report, it was his intent to have a second CPA examine the data to confirm his initial findings, but in any event, a claim should be filed with the Court to protect ICS's interest. This information was relayed to Sister Maria Columbo, FMA who described the news from the CPA as a "blessing".

9.

On or about October 9, 2012, after determining that ICS may have a substantial and viable BP claim, Intervening Attorney filed its claim on behalf of ICS, in "IN RE: OIL SPILL by Deepwater Horizon" a "DIRECT FILING SHORT FORM" and was assigned USDC Docket No. 7604 by the Court. Later, Intervening Attorney submitted ICS's claim along with the necessary forms, documentation, and financial data with the BP Deepwater Horizon claim's administrator for settlement evaluation.

10.

On October 11, 2012, Salesian Sister Helen Godin, FMA, principal of ICS, appeared at Intervening Attorney's Office and signed a contingency agreement which Intervening Attorney would be entitled to a contingency fee of 10 percent (10%) of any recovery obtained from the BP Deepwater Horizon litigation plus expenses incurred. (Exhibit "B").

11.

Then on or about October, 15, 2011, after confirming his preliminary numbers, the CPA forwarded his trend analysis report (which supported a conclusion that ICS did in fact have a valid claim) to Intervening Attorney. This data was forwarded to Salesian Sister Maria Columbo, FMA, and to the Associate Superintendent of Schools for the Archdiocese of New Orleans who also received a copy of the contingency fee contract signed by Sister Helen Godin, FMA.

12.

Then on about November 7, 2012, Intervening Attorney received a call from the Associate Superintendent of Schools for the Archdiocese advising that because Intervening Attorney's representation of ICS, he was told other Archdiocese BP claims may be in jeopardy, therefore

Couhig Partners, LLC may have to take over representation of ICS in this matter. This call was followed up with a second call from the Associate Superintendent several days later advising Intervening Attorney that he would be allowed to pursue the claim he had filed on behalf of ICS (USDC Docket No. 7392) but not ICS (USDC Docket No. 7604).

13.

Then on or about Friday, November 16, 2012, after several phone conversations with Rob Couhig of Couhig Partners, LLC, Intervening Attorney was officially notified that his firm was being discharged from the representation of ICS. Specifically, Intervening Attorney received an email from John L. Eckholdt, Chief Financial Officer for the Archdiocese of New Orleans alleging that the Salesian Sisters did not have authority to retain Intervening Attorney's services and therefore his files and work product concerning ICS were to be transferred immediately to Couhig Partners, LLC.

14.

Mr. Eckholdt further instructed that a motion to substitute counsel was to be filed in both cases by Intervening Attorney with the Court and the BP Claims Administrator.

15.

Intervening Attorney promptly complied with Mr. Eckholdt's November 16, 2012 request.

16.

Defendant-in-Intervention, ICS is indebted unto Intervening Attorney for the costs that Intervening Attorney has expended on its behalf, is also indebted unto Intervening Attorney for legal fees for the prosecution of its claims pursuant to its contract, quantum merit or otherwise, for

the full amount of his legal fees obtained by any other attorneys pursuant to La. R.S. 37:218 and for any other fees and costs directed by this Honorable Court.

17.

That at all times herein, Intervening Attorney and his firm dedicated time, financial resources, and effort and actively, aggressively and in good faith, pursued and protected ICS's interest in the multi-district litigation (MDL) which concerned the BP deep water Horizon Oil Spill.

18.

Intervening Attorney maintains that prior to being replaced by Couhig Partners, LLC, Intervening Attorney performed services on ICS's behalf which aided ICS in the prosecution of its claims and which will benefit Couhig Partners, LLC.

WHEREFORE, Intervenor, J. Patrick Connick and the Law Office of J. Patrick Connick, L.L.C., pray that a copy of this Complaint for Intervention be served upon Defendants in Intervention herein; that they be duly cited to appear and answer same and that, after all legal delays and due proceedings had, there be judgment herein in favor of Intervenor, J. Patrick Connick and the Law Office of J. Patrick Connick, L.L.C., for all costs incurred by Intervenor in connection with the legal services rendered on behalf of ICS and for legal fees incurred by Intervenor's representation of Defendants-in-Intervention, for the Ten Percent (10%) contingency fee plus expenses incurred as stated in the retainer agreement with Intervenor, which represents a reasonable value of Intervening Attorney's services, and/or fees earned or from quantum merit or

otherwise, together with legal interest thereon from date of judicial demand until paid, for all costs of these proceedings and for any other fees as directed by the court, and for all general and equitable relief.

Dated: December 7, 2012

Respectfully submitted,

/s/ J. Patrick Connick
J. Patrick Connick, Bar No. 22219
Law Office of J. Patrick Connick, LLC
5201 Westbank Expressway, Suite 100
Marrero, LA 70072
Telephone: (504) 347-4535
Facsimile: (504) 347-4526
**ATTORNEY FOR PLAINTIFFS IN INTERVENTION**

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2012, I electronically filed the foregoing document with the Clerk of Court for the United States District Court of the Eastern District of Louisiana via the CM/ECF System, and provided notice by and through LexisNexis to all counsel of record.

/s/ J. Patrick Connick