UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico on April 20, 2010 | § § § § | MDL NO. 2179 |
| | | SECTION: J |
| This Document Relates to: | § § | JUDGE BARBIER |
| Malcolm Coco (11-946) | § | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER

MAY IT PLEASE THE COURT:

Plaintiff, Malcolm Coco, asks this Honorable Court to reconsider its granting of defendant, Nalco's, Motion for Summary Judgment for the reasons set forth below:

On November 28, 2012, this Honorable Court granted the defendant, Nalco's, Motion for Summary Judgment finding the Clean Water Act and the National Contingency Plan preempted the claims brought in the B3 Master Complaint against Nalco.

In addition, the Court held that defendant's stipulations were admissible due to the Plaintiff Steering Committee's (PSC) decision not to conduct discovery regarding Nalco and the facts surrounding their chemical, Corexit, being placed on the National Contingency Plan's schedule.

Neither plaintiff, Malcolm Coco, nor his counsel knew of the PSC's decision not to conduct discovery. If undersigned counsel had been of informed of this

prejudicial decision and of the PSC's strategy to ask for a dismissal without prejudice, plaintiff would have sought permission from the Court for leave to conduct discovery of their own. Mr. Coco specifically did not file a short-form complaint because he did not want to be lumped into a group that was not represented by an attorney of his choosing. Mr. Coco filed a complaint on his behalf and that of others similarly situated against Nalco and others for the injuries he suffered while working as a clean-up worker.

This PSC did not inform Plaintiff's counsel of their decision regarding trial strategy or decisions that may adversely affect his clients. There have been no meetings held by the PSC to discuss or to inform non-PSC members of updates to this litigation or how matters are proceeding. This has the effect of denying this Plaintiff and others similarly situated of their due process rights. While the court was correct that a party suspends discovery at his own risk, neither Plaintiff, Malcolm Coco, nor his counsel decided to suspend discovery. Undersigned Counsel was even informed by Liaison Counsel, Steve Herman, that no common benefit work would be assigned to him. (See Exhibit A)

In a complex case, such as this one, with multiple defendants that may have committed multiple different acts of negligence, discovery of what each party did to contribute to the creation of these claims is paramount.

40 C.F.R. §300.910(e) states: "Sinking agents shall not be authorized for application to oil discharges. If discovery would have been conducted, questions could have been asked regarding the nature of the chemical, Corexit, such as:

2

1. Did Nalco know Corexit would cause the oil to sink in violation of 40 C.F.R. §300.910 (e) and if Nalco did know, was this information conveyed to the proper authorities?
2. Did Nalco know Corexit would sink the oil to the bottom of the Gulf of Mexico?
3. Did the Incident Commander know of this information and if the Incident Commander would have known this at the time, would this information have changed his mind to use Corexit?

We do not have the answers to any of these questions.

Plaintiff, Malcolm Coco, has not argued that Nalco should be placed under a higher standard than what the federal law requires but that Nalco should be expected to follow the procedures as set forth in the federal rules and regulations in 40 C.F.R. 300 et. seq.

In an article published September 12, 2012 by ABC News, it reports that there are miles of oil sitting at the bottom of the Gulf of Mexico. (See Exhibit B) The article cites Professor Samantha Joye of the Department of Marine Sciences at the University of Georgia as stating, "We're finding it [oil] everywhere that we've looked. The oil is not gone, it's in places where nobody has looked for it." This place is namely on the ocean floor. The question is how did it get there? Did the Corexit sink it? Another article published on August 28, 2012 on the Huffington Post, quotes Garret Graves, Chairman of Louisiana's Coastal Protection and

Restoration Authority as stating, "up to a million barrels of oil are estimated to remain in the Gulf of Mexico. (See Exhibit C)

Plaintiff asks that this Honorable Court reverse its decision to grant Nalco's Motion to Summary Judgment and grant him leave of court to conduct discovery regarding Corexit and its development and placement on the National Product Schedule. After said discovery is complete, the Court could allow Nalco to re-file its Motion for Summary Judgment.

Date: December 7, 2012  Respectfully submitted,

/s/ *Daniel E. Becnel, Jr.*
Daniel E. Becnel, Jr. (2926)
BECNEL LAW FIRM, LLC
106 W. SEVENTH ST.
P.O. DRAWER H
RESERVE, LA 70084

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been served on All Counsel by electronically uploading the same to Lexis Nexis File & Serve in accordance with Pretrial Order No. 12, and that the foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana by using the CM/ECF System, which will send a notice of electronic filing in accordance with the procedures established in MDL2179, on this 7th day of December, 2012.

/s/ Daniel E. Becnel, Jr.
Daniel E. Becnel, Jr.