# Attachment D

| | | |
|---|---|---|
| 12:12PM | 1 | allowed. |
| 12:12PM | 2 | What I would suggest, if they get two and a half |
| 12:12PM | 3 | hours, which is half of what they normally get, it would be a |
| 12:12PM | 4 | free scope deposition, so we just avoid the bickering and the |
| 12:12PM | 5 | objections about this is in the scope of the Judge's order, this |
| 12:12PM | 6 | is not. They get two and a half hours, let them ask their |
| 12:12PM | 7 | questions. |
| 12:12PM | 8 | THE COURT: They get two hours. |
| 12:12PM | 9 | MR. UNDERHILL: If they are lousy questions, so be it. |
| 12:12PM | 10 | MR. STERBCOW: I'll take two and a half. |
| 12:12PM | 11 | THE COURT: Two. |
| 12:12PM | 12 | MR. STERBCOW: That's fine. |
| 12:12PM | 13 | THE COURT: Andy, any objection to that? I mean, it |
| 12:12PM | 14 | seems to me it's all going to be related to the investigation. |
| 12:12PM | 15 | MR. LANGAN: As long as we have some definition around |
| 12:12PM | 16 | this in time and everything. |
| 12:12PM | 17 | THE COURT: How about related to the investigation; can |
| 12:12PM | 18 | we live with that? |
| 12:12PM | 19 | MR. STERBCOW: Well, I don't know what else I could ask |
| 12:12PM | 20 | him, frankly. That's what he did. |
| 12:12PM | 21 | THE COURT: That's right. |
| 12:13PM | 22 | MR. STERBCOW: Right. |
| 12:13PM | 23 | MR. LANGAN: Thank you. |
| 12:13PM | 24 | THE COURT: Next up, Dr. Kris Ravi. |
| 12:13PM | 25 | MR. GODWIN: Yes, Your Honor. Judge, Don Godwin for |

|    |    |    |
|---|---|---|
| 12:13PM | 1 | Halliburton. |
| 12:13PM | 2 | Andy and I have talked about it. We're continuing |
| 12:13PM | 3 | to discuss it and decided that we're going to take it up, I don't |
| 12:13PM | 4 | think next week, Andy may not be here, but the following week, if |
| 12:13PM | 5 | that works with his schedule. |
| 12:13PM | 6 | MR. LANGAN: Mr. Godwin is essentially correct. What I, |
| 12:13PM | 7 | at his request, said, if we were going to argue the motion today, |
| 12:13PM | 8 | I would be happy to continue it. If you were going to tell us |
| 12:13PM | 9 | what you thought, we would love to hear it. |
| 12:13PM | 10 | MR. GODWIN: Right. |
| 12:13PM | 11 | THE COURT: Oh, okay. Well, I'll tell you what I think |
| 12:13PM | 12 | and see what you guys think. |
| 12:13PM | 13 | MR. LANGAN: We don't need to argue it today, and I |
| 12:13PM | 14 | promised Mr. Godwin we wouldn't. |
| 12:13PM | 15 | THE COURT: No. I think that's fair. I mean, I think I |
| 12:13PM | 16 | understand the issue, and I'll tell you what I think. |
| 12:13PM | 17 | What I think is that, Don, you make some good |
| 12:14PM | 18 | points, but that Dr. Ravi was in-house expert prior to the event. |
| 12:14PM | 19 | He, I kind of liken to some of the BP witnesses who have been |
| 12:14PM | 20 | deposed over health and safety issues in the Gulf of Mexico, |
| 12:14PM | 21 | process safety issues in the Gulf of Mexico. He's got a broader |
| 12:14PM | 22 | knowledge than just him acting as an expert in this case. |
| 12:14PM | 23 | Now, we could cover those broader issues in his |
| 12:14PM | 24 | deposition as an expert. I guess, Andy, my question to you is do |
| 12:14PM | 25 | you believe you need him for the broader issues in order to |

```
12:15PM  1   prepare for expert reports?
12:15PM  2            MR. LANGAN:  It would be helpful, perhaps not essential.
12:15PM  3            THE COURT:  So what I think I would like to reach
12:15PM  4   agreement on is taking Dr. Ravi as a slurry expert in-house,
12:15PM  5   meaning not with any particular expertise on this event, but his
12:15PM  6   expertise at Halliburton.
12:15PM  7            Limit the questioning, Andy, to conditions that are
12:15PM  8   like the conditions of the Macondo well, that is, deep water,
12:15PM  9   that is, high pressure.  I don't want you to go to the
12:15PM 10   Caspian Sea, if you catch my drift.
12:15PM 11            MR. LANGAN:  I do.
12:15PM 12            MR. STERBCOW:  We tried that.
12:16PM 13            THE COURT:  Yes, you tried that.
12:16PM 14            I'm also wondering whether you want just slurry
12:16PM 15   testimony or whether you want to go beyond that.  Do you think
12:16PM 16   you want to talk to Don about that?
12:16PM 17            MR. LANGAN:  We could -- I could engage Mr. Godwin on
12:16PM 18   that.
12:16PM 19            MR. GODWIN:  We can talk about that, Judge.
12:16PM 20            THE COURT:  But, Don, that's how I kind of evaluated it
12:16PM 21   is that he's got this broad expertise on behalf of Halliburton
12:16PM 22   that is like the BP people who are in charge of health and
12:16PM 23   safety.  They may not have been involved specifically with the
12:16PM 24   Macondo well, but they were involved in health and safety for the
12:16PM 25   company.
```

12:16PM 1       MR. GODWIN:  Wouldn't he be -- Judge, just thinking out
12:16PM 2  loud here on this, we have not designated Dr. Ravi as a
12:16PM 3  testifying expert.
12:16PM 4       THE COURT:  I understand.
12:16PM 5       MR. GODWIN:  If we had, then I could see him being asked
12:17PM 6  his opinions about all of those matters that he has expertise in.
12:17PM 7            As a consulting expert, which we've designated him
12:17PM 8  as, and he was engaged almost immediately after the incident by
12:17PM 9  the legal department for that purpose, it seems to me that -- I
12:17PM 10 know there was one other witness where there was a consulting
12:17PM 11 expert that somebody wanted from BP.  My understanding BP's
12:17PM 12 position there was, well, why don't we let the witness talk about
12:17PM 13 factual things related to his knowledge prior to the event, and
12:17PM 14 then not get into the other until a later date, and that's what I
12:17PM 15 understand was done or will be done.
12:17PM 16      THE COURT:  That's what I'm thinking about here.
12:17PM 17      MR. GODWIN:  But it sounds like you're allowing them to
12:17PM 18 ask Dr. Ravi about his opinion regarding various things, as
12:17PM 19 opposed to factual knowledge of things that would cover the area
12:17PM 20 that he worked in.
12:18PM 21      THE COURT:  Well, it's a fine line, but I kind of look
12:18PM 22 at it as what do you believe in your capacity with Halliburton is
12:18PM 23 the best practice.  Is that opinion, or is that fact?
12:18PM 24      MR. GODWIN:  Wouldn't that be -- it seems to me, if they
12:18PM 25 start in on that, it's going to be an opinion.  If they were

Case 2:10-md-02179-CJB-SS Document 3325 Filed 07/15/11 Page 67 of 122
Case 2:10-md-02179-CJB-SS Document 8077-4 Filed 12/07/12 Page 6 of 6

67

```
12:18PM   1   asking him what did Halliburton do, what did you do, what are you
12:18PM   2   aware Halliburton did, what policies, procedures, what do they
12:18PM   3   have with respect to testing, what was the protocol regarding
12:18PM   4   notifying the customer and those things, those are factual
12:18PM   5   questions that I think he could speak to, even though he was not
12:18PM   6   involved in Macondo.
12:18PM   7               But, in terms of asking his opinion about what do
12:18PM   8   you think is the best practice or whatever, I wouldn't want to
12:18PM   9   get off into opinion testimony until we, in fact, decide that
12:18PM  10   he's going to be a testifying expert because, as a fact witness,
12:18PM  11   he would be talking about things that he has knowledge of, either
12:19PM  12   firsthand or through hearsay, and I wouldn't have an issue with
12:19PM  13   that.
12:19PM  14            THE COURT:  Totally agree with that, and he would not be
12:19PM  15   questioned with regard to anything he did post-retention.
12:19PM  16            MR. GODWIN:  Okay.
12:19PM  17            THE COURT:  No, I think that if you designate him as a
12:19PM  18   testifying expert, that's when his deposition will be taken.
12:19PM  19   Okay.
12:19PM  20               Why don't you talk to Andy and see if you all can
12:19PM  21   agree on the scope, as you're defining it; and, if not, you can
12:19PM  22   bring it back to me.
12:19PM  23            MR. GODWIN:  We'll do that, Judge.  I think we can work
12:19PM  24   it out.
12:19PM  25            THE COURT:  I do, too.
```