**EXHIBIT "A"**
**ORDER EXCERPTS**

1) **EXPERT WITNESS**

- **Withdrawn Opinions**

    "1. If a retaining party withdraws an expert and that expert is not listed on the retaining party's final witness list, neither the retaining party nor any other party may call that expert to testify at trial or introduce that expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of an expert called by the party who withdraws the expert.

    2. If a retaining party lists an expert on its final witness list, but does not call that expert at trial, no other party may call that expert to testify at trial or introduce that expert's opinions, report or deposition or any part thereof into evidence for any purpose including cross-examination of an expert called by the party who withdraws the expert.

    3. If a retaining party lists an expert on its final witness list, but withdraws portions of the expert's opinions before the expert testifies, other parties may use that expert's prior opinions that were withdrawn or amended subject to any Daubert rulings and the Federal Rules of Evidence."

    *(February 2, 2012 WGC Order, Rec. Doc #5560)*

2) **TRIAL SUBPOENAS**

    "If subpoenas are issued for any additional persons to appear at trial, the party issuing the subpoena shall report that information to all parties and the Court.

    If a party intends to release a witness who was served with a subpoena, it must notify all parties prior to reporting to the witness so other parties have the opportunity to determine whether they want that witness to appear at trial.

    If a party contends that the service of a subpoena is defective for any reason, it must notify the Court and all counsel within seven (7) calendar days of the purported service of the subpoena."

*(February 10, 2012 WGC Order, Rec. Doc. 5719.)*

3) **ADVANCE NOTICE AND ORDER OF WITNESSES**

- **Phase One Witnesses Who Will Testify Live at Trial.** "The parties raised the issue of may call and will call fact witnesses. There was agreement that if a witness is listed as a will call witness, the parties may require production of such a witness at the trial." *(January 6, 2012 WGC Order, Rec. Doc. 5128)*

- **Phase One Fact Witnesses**. "Each party may list one person as a may call witness. The party is not required to produce that person at the trial. The witness lists may be amended for good cause*." (January 13, 2012 WGC Order, Rec. Doc. 5272)*

- **Order of Presentation of Evidence & Opening Statements** – See February 6, 2012 Order allocating time and setting the presentation order for opening statements. *(Rec. Doc. 5595)*

    The order of opening statements as well as the order of presentation of evidence and the allocation of time for opening statements will be as follows:

    |              | Allocation  |
    |--------------|-------------|
    | PSC          | 75 minutes  |
    | U.S.         | 45 minutes  |
    | States       | 20 minutes  |
    | Transocean   | 60 minutes  |
    | Halliburton  | 60 minutes  |
    | BP           | 90 minutes  |
    | Cameron      | 10 minutes  |
    | Anadarko     | 10 minutes  |
    | MOEX         | 10 minutes  |
    | M-I Swaco    | 10 minutes  |
    | Weatherford  | 10 minutes  |
    | **Total**    | **400 minutes** |

- **Order of Witnesses**. "The U.S., the PSC, and the States agreed to try their cases cooperatively. An expert for the U.S. may be called before a PSC expert. The Court will confirm these arrangements with Judge Barbier." *(February 10, 2012 WGC Order, Rec. Doc. 5719)*

- **Advance Notice of Witnesses**.  "Judge Barbier requires advance notice of the witnesses to be called. The PSC reported that during the first week it will call Bea, McKay and Bly along with short deposition clips. The PSC shall provide written notice of those deposition witnesses by February 20.

    The issue was raised as to whether the PSC could provide an in camera projection to Judge Barbier of its order of witnesses. BP objected to the lack of transparency in such a procedure. The Court requested that the PSC provide it with an in camera notice of who it will call during the week of March 5. The Court will consider BP's objection to the in camera notice and determine whether the March 5 week list should be presented to Judge Barbier.

    In the absence of further orders, on Wednesday, March 1, at noon, the PSC shall notify all parties by email of who will be called during the week of March 5. The PSC shall make the list known in open court before the start of the lunch recess so that the information is available to the general public." *(February 17, 2012 WGC Order, Rec. Doc. 5895)*

- **Advance Notice of Trial Witnesses from Each Presenting Party.**  "We will have our regular marshalling conference on Thursday, but we will go ahead and move up the [trial witness] projections for the next week to noon on Wednesday." *(February 17, 2012 WGC Transcript at 22:8-11).*

- **Records Custodian**.  "Subpoenas for records custodians were issued. Although it is not necessary for the custodians to be present throughout the trial of Phase One, they are not released from the subpoenas. Objections on jurisdiction and other grounds are reserved. If a party objects to a subpoena for a records custodian, it shall provide the Court with a short letter on the objection." *(February 10, 2012 WGC Order, Doc #5719)*

- "**Records Custodian**. There was agreement that records custodians will not be required to appear until the end of Phase One."  *(February 17, 2012 WGC Order, Rec. Doc 5895)*

4)     **EXHIBIT LISTS (Exhibits)**

- **"Exhibit Marshaling** – At the end of the day each Thursday during the trial, there will be a marshaling meeting for the introduction of the exhibits used during that week." *(Jan 27, 2012 WGC Order, Doc #5476)*

- **Deposition Designations, Exhibits and Expert Reports:**

    **Effect of *In Limine* Ruling**. "In connection with BP's request for advance notice of a party's intention to offer a large group of documents, there was discussion concerning the effect of Judge Barbier's ruling (Rec. doc. 5634) on BP's motion *in limine* to preclude introduction of evidence regarding instances of prior alleged improper conduct unrelated to the incident. BP provided the PSC with a list of the depositions it contends should not be introduced as a result of the ruling. The Court asked BP and the PSC to meet-and-confer to attempt to agree on what should come out of the depositions and the exhibits as a result of Judge Barbier's ruling." (February 17, 2012 WGC Order, Rec. Doc. 5895)

    "There was discussion about the procedures at the marshaling conference on the first and subsequent Thursdays of the trial.  On the first Thursday, the plaintiffs will proffer the depositions of all the fact witnesses who will testify in their case-in-chief by deposition. Accordingly, all deposition designations by all parties for those witnesses, including all exhibits for the designations, will be proffered at the close of the day on Thursday, March 1.  These will be proffered through inData as described above.  The proffer shall include the deposition designations and exhibits referred to in the designations to present to Judge Barbier's case manager with a hard copy of the list of depositions and exhibits. This will remain in the custody of the Clerk as part of the record of the case.

    It is anticipated that inData and the parties will be maintaining a daily record of the exhibits used with the live witnesses.  At each weekly marshaling conference, the parties and inData shall review inData's list, agree on any corrections and present a hard copy of the list to the case manager.  The exhibits will not be physically tendered to the case manager. At the conclusion of Phase One, inData shall tender to the case manager a digital record of the exhibits used with the live witnesses which will go into the custody of the Clerk in the same manner as the copies of the deposition designations.

At each marshaling session, the plaintiffs (followed by the defendants) shall present, in digital form, the reports of the experts and the exhibits for each expert expected to testify during the next week." *(February 3, 2012 WGC Order, Rec. Doc. 5609)*

- **Objections**:

"A.   <u>Objections in deposition designations</u>:   Objections to exhibits used in deposition designations may be resolved during Judge Barbier's review of the depositions and may be resolved in conjunction with the preparation of findings and conclusions. Some may be excluded. Objections which Judge Barbier does not resolve means the exhibits will be admitted into evidence with the deposition excerpt.

B.   <u>Objections to exhibits proffered at trial</u>:   The parties will keep track of the exhibits used during the trial. Objections to the exhibits will be resolved during the trial.

C.   <u>Exhibits which are not admitted</u>:   Exhibits which are not admitted during the live part of the trial and not designated in depositions will not be admitted into evidence." *(February 10, 2012 WGC Order, Rec. Doc. 5719)*

- **Reliance:**

"The Court began with the statement that reliance exhibits would not come into evidence en masse. If during the course of an expert's direct or cross-examination an exhibit is used, then that exhibit is offered into evidence. If a reliance exhibit is not used, it is not offered into evidence.

The PSC described all of the exhibits listed by an expert as "consideration materials."  Within that universe of documents are "reliance exhibits." These are the exhibits referred to in the body of the expert's report. The PSC agrees that any consideration materials (other than the reliance exhibits) which are not used in the examination of the expert are not considered offered into evidence. It contends that, because of Judge Barbier's intention to by-pass direct examination with introduction of the expert's report, it should be permitted to offer those exhibits which would have been discussed by the expert during a full direct examination.

>BP questioned the point of offering all reliance exhibits into evidence. Transocean argued that they should not be offered into evidence.
>
>The Court will review the issue with Judge Barbier."
>*(February 10, 2012 WGC Order, Rec. Doc. 5719)*

- **Pending Exhibit Issues:**

>"Halliburton reported that there is an issue with some TREX numbered documents that do not match up to what others believe should be the documents because page numbers and pages are different. Halliburton will confer with inData to attempt to determine the size of the problem and what will be required to resolve it. Anyone else who wants to participate in the conference with inData will contact Halliburton." *(May 3, 2012 WGC Order, Rec. Doc. 6456)*
>
>"Halliburton reported that on the resolution of issues regarding the Phase One Trial Exhibit List, it will communicate with each party to discuss the apparent issues to determine the basis of the issue and any possible resolution. It will then go to inData to develop the most comprehensive and cost-effective solution." *(May 11, 2012 WGC Order, Rec. Doc. 6517)*

5)     **TRADE SECRET INFORMATION**

- **Confidential Information at Trial.**  "The emphasis at the trial will be on the public disclosure of all information.  The parties have listed more than 20,000 exhibits. If there are any exhibits which will cause serious competitive harm to a party or to a competitor of a party, the parties shall bring such exhibits to the attention of the Court by Wednesday, February 8**.**  The Court expects that these exhibits will be very few in number.  The Court will examine them *in camera* to determine whether they should not be disclosed to the public if they are used during the trial.   All other exhibits which are proffered at the trial on Phase One will be disclosed to the public. All deposition designations proffered at the trial will be disclosed to the public, except for testimony directly concerning a document which the Court determines will cause serious competitive harm to a party or to a competitor." *(January 27, 2012 WGC Order, Rec. Doc. 5476)*

- "The deadline for submission of any exhibits which a party contends will cause serious competitive harm is February 8. The deadline for submission of any deposition designations which a party contends will cause serious competitive harm is February 15." *(Feb. 7, 2012 Order Regarding Modification of February 7, 2012 Working Group Order, Rec. Doc. 5611)*

- "The U.S. raised an issue about the scope of the parties' requests for trade secret treatment for deposition designations. The Court responded that: (1) it does not anticipate many requests; (2) the depositions will not be unbundled; and (3) it is anticipated that inData will be able to go into the deposition bundles and take a page or two out of the public record." *(February 10, 2012 WGC Order, Rec. Doc 5719)*

- **Trade Secret Information at the Trial**. "The discussion focused on the manuals which Transocean contends should be accorded trade secret status. The Court stressed that the entire manuals were not going to be admitted into evidence. Discreet pages from the Transocean manuals were used in the depositions. Transocean does not object to these pages becoming part of the public record. It does object to the entire manuals becoming part of the public record.  inData shall remove the link to the entire manual from the deposition bundles. This will resolve the trade secret issues for the pages from the manuals found in the deposition designations.

    Transocean identified some deposition testimony which it contends should be protected as trade secrets. The parties were asked to meet-and-confer on this deposition testimony.

    The Court asked the parties to review the proposed trade secret exhibits to determine what parts they intended to use with live witnesses. If these parts do not raise the trade secret issue, then there is no issue to be resolved.

    There was agreement that personal information for witnesses (address, phone number, etc.) would be redacted.

    A telephone conference was set for Wednesday, March 22, 2012, at 1:30 p.m. to follow-up with the parties on the trade secret issues. The dial information and security code will remain the same from the prior telephone conference.

>Once agreement is reached on what will be redacted from the deposition bundles, it will be the responsibility of the party requesting the redaction to communicate to inData exactly what information is to be redacted.
>
>The trade secret requests from Anadarko, Cameron, Halliburton, BP and the U.S. were reviewed." *(February 17, 2012 WGC Order, Rec. Doc. 5895)*

**6)    DEMONSTRATIVES**

- **Demonstrative Exhibits**. "The party who originates a demonstrative retains the exclusive use of the demonstrative until the party uses it in its case-in-chief. Thereafter any party may use the demonstrative. Electronic demonstratives shall be exchanged electronically. Photographs and descriptions shall be exchanged on any other demonstratives. Such demonstratives shall be made available for physical inspection if any party requests it." *(January 13, 2012 WGC Order, Rec. Doc. 5272)*

- **Demonstrative Aids.** "A simple opening statement outline, excerpts from an exhibit or a written transcript of a deposition, or single video clip of a deposition are not demonstratives. A "montage" of video excerpts from depositions is a demonstrative." *(February 10, 2012 WGC Order, Rec. Doc #5719)*

  "During the trial and with good cause the parties may present additional demonstratives or propose changes to the previously exchanged demonstratives with seven (7) calendar days notice to all parties." *(Feb 10, 2012 WGC Order, Doc #5719)*

- **Resolution of Objections**.  "The parties shall meet and confer and "cure" any legitimate objections prior to a demonstrative's use at trial. A party shall circulate a proposed revision attempting to cure the objection no later than one week before using the demonstrative in Court.  Parties shall have 48 hours to review the "cured" exhibit and meet and confer with the sponsoring party and, absent agreement, renew its objection, which will then be brought to the Court for resolution before its use before Judge Barbier."  *(February 10, 2012 WGC Order, Rec. Doc. 5719)*

**7)    VIDEO CLIPS**

- **Video Clips**. "The PSC reported that it will offer short video clips from depositions during the first week. BP and others argued that because of Fed. R. Evid. 106

> (Remainder of or Related Written or Recorded Statements), the defendants should receive advance notice of the clips to determine whether anything should be added to them so that clips were rendered "fair and complete." BP contends that it is not attempting to use the procedure present new matter. The Court will reserve ruling on the issue of additions to the clips. The parties are required to provide seven (7) calendar days of notice of the video clips that will be used." *(February 17, 2012 WGC Order, Rec. Doc. 5895)*

8) **BOP PARTS AT TRIAL.** "BP reported that, while it is not committed to bringing the rams or annulars into the courtroom, it wants to maintain its option to request that they be brought in. The Court suggested that the rams and other large items could be inspected at Michoud rather than in the courtroom. The PSC requested notice of any request for inspection of large items so it could designate additional equipment for inspection. Captain Englebert requested at least five (5) working days notice of any request for heavy equipment to be brought to the courtroom or inspected at Michoud. For small items, the parties shall provide notice to Captain Englebert so that she will be able to resolve any chain of custody issues." *(February 17, 2012 WGC Order, Rec. Doc. 5895)*

9) **TRIAL SPACE ASSIGNMENTS FOR EACH PARTY**

- Any questions/issues concerning office space. The contact with GSA is Ken Livingston - kenneth.livingston@gsa.gov; (504) 589-6094, x-109. *(January 18, 2012 WGC Order, Rec. Doc. 5272)*

- Seating and table arrangements. Two additional trial tables will be brought in to accommodate counsel. Only trial counsel and necessary support staff will be allowed inside the rail. Designated seats behind the rail will be reserved for the press. Seating for the press and public will be on a first-come basis. (The courthouse opens at 7:00 a.m.) *(February 3, 2012 PreTrial Conference Minute Entry, Rec. Doc. 5583)*

10) **AUXILIARY COURTROOMS**

- See February 16, 2012 Order Regarding Access to Trial by Press & Public. *(Rec. Doc. 5732)*

11) **LIVE FEEDS**

- See February 16, 2012 Order Regarding Access to Trial by Press & Public. *(Rec. Doc. 5732)*

- Live feeds of the real time transcripts are not permitted outside of the courthouse. *(February 17, 2012 WGC Order, Rec. Doc. 5895)*

12) **EQUIPMENT FOR PARTIES, COURTROOM CONNECT, INDATA AND WORLDWIDE REPORTING**

13) **DRY RUN BEFORE TRIAL.** "The dry run is set for Thursday and Friday, February 16 and 17, starting at 8:30 a.m. This will be a full dry run with use of exhibits, parties' technical people, and coordination with court reporters. At that time the parties will be able to arrange with the Court for printers, files and other items they will need in the courtroom during the trial. Lawyers are not expected to participate in the dry run." *(February 3, 2012 WGC Order, Rec. Doc. 5609)*

14) **COURTHOUSE SECURITY & ACCESS ARRANGEMENTS COORDINATED WITH U.S. MARSHAL**

- "The parties may communicate with Marie Firmin (marie_firmin@laed.uscourts.gov and 589-7621) and GSA Ken Livingston (kenneth.livingston@gsa.gov; (504) 589-6094, x-109) for access to their designated spaces." *(February 3, 2012 WGC Order, Doc #5609)*

- See February 16, 2012 Order Regarding Access to Trial by Press & Public. *(Rec. Doc 5732)*

- See February 17, 2012 Detailed Memo from Judge Shushan to Counsel.

15) **APPEARANCE OF TRIAL COUNSEL FOR EACH PARTY**

- At Magistrate Judge Shushan's request, the parties circulated a list of their Phase One Trial Teams on February 17, 2012.

16) **LIST OF ATTENDEES FOR TRIAL FROM EACH PARTY**

- "The parties were asked to provide a list of the trial attorneys who will make appearances on the first day of the trial. This information will be used by the courtroom deputy." *(February 17, 2012 WGC Order, Rec. Doc. 5895)*

- See February 17, 2012 Memo from Judge Shushan to Counsel.

17) **SEATING CHART**

- "Since the conference, the parties agreed on the courtroom seating and the agreement was approved by Judge Barbier." *(February 17, 2012 WGC Order, Doc #5895)*

- See final seating chart approved by Judge Shushan on Feb 22, 2012.